**EXHIBIT 29**

RECEIVED

OCT 1 5 2009

1   MELINDA HAAG (State Bar No. 132612)
    mhaag@orrick.com
2   ANNETTE L. HURST (State Bar No. 148738)
    ahurst@orrick.com
3   WARRINGTON S. PARKER III (State Bar No. 148003)
    wparker@orrick.com
4   ORRICK, HERRINGTON & SUTCLIFFE LLP
    The Orrick Building
5   405 Howard Street
    San Francisco, CA  94105-2669
6   Telephone:  +1-415-773-5700
    Facsimile:   +1-415-773-5759
7
    WILLIAM A. MOLINSKI (State Bar No. 145186)
8   wmolinski@orrick.com
    ORRICK, HERRINGTON & SUTCLIFFE LLP
9   777 South Figueroa Street, Suite 3200
    Los Angeles, CA  90017
10  Telephone:  +1-213-629-2020
    Facsimile:   +1-213-612-2499
11
    Attorneys for MGA Parties
12

13              UNITED STATES DISTRICT COURT

14             CENTRAL DISTRICT OF CALIFORNIA

15                    SOUTHERN DIVISION

16  ┌─────────────────────────────┬──────────────────────────────
    │ CARTER BRYANT, an individual, │ Case No.  CV 04-09049 DOC (RNBx)
17  │                               │
    │        Plaintiff,             │ Consolidated with:
18  │                               │ Case No. CV 04-9059
    │        v.                     │ Case No. CV 05-2727
19  │                               │
    │ MATTEL, INC., a Delaware      │ **ISAAC LARIAN'S RESPONSE TO**
20  │ corporation,                  │ **MATTEL, INC.'S REQUEST FOR**
    │                               │ **ADMISSION TO ISAAC LARIAN**
21  │        Defendant.             │ **RELATED TO ASSERTION OF**
    │                               │ **PRIVILEGE TO WITHHOLD NON-**
22  │                               │ **PRIVILEGED LARIAN EMAIL**
    │                               │ **COMMUNICATIONS THAT ARE**
23  │ AND CONSOLIDATED ACTIONS      │ **THE SUBJECT TO THE COURT'S**
    │                               │ **ORDER TO SHOW CAUSE DATED**
24  │                               │ **AUGUST 31, 2009**
    └─────────────────────────────┴──────────────────────────────
25

26  PROPOUNDING PARTY:     Mattel, Inc.

27  RESPONDING PARTY:      Isaac Larian

28  SET NO.:               One (Phase 2)

                    LARIAN'S RESPONSE TO MATTEL'S RFA TO LARIAN RELATED
                    TO ASSERTION OF PRIVILEGE TO WITHHOLD NON-
                    PRIVILEGED LARIAN EMAIL COMMUNICATIONS, CV 04-
                    9049 DOC (RNBx)

10|13

EXHIBIT   29
PAGE      451

1       Pursuant to Federal Rules of Civil Procedure, Rules 26 and 36, Isaac Larian

2  answers or otherwise objects to the Requests for Admission propounded by

3  Plaintiff Mattel, Inc. herein as follows, with information known to him and within

4  his possession, custody, or control at the present time.  Mr. Larian expressly

5  reserves the right to supplement each of the following Responses where necessary.

6                              **GENERAL OBJECTIONS**

7       Mr. Larian incorporates the following general objections into his specific

8  objections and responses to each and every request.  The assertion of same, similar,

9  or additional objections to the individual requests does not waive any of Mr.

10  Larian's general objections as set forth below:

11      Mr. Larian objects to the request insofar as it seeks disclosure of information

12  that is protected by the attorney-client privilege and/or work product doctrine.

13      Mr. Larian objects to the request to the extent it seeks information not

14  relevant to the claims or defenses of any party to this action and not reasonably

15  calculated to lead to the discovery of admissible evidence.

16      Mr. Larian objects to the request to the extent it is unduly burdensome and

17  oppressive.

18      In responding, Mr. Larian has not and will not comply with any instructions

19  or definitions that seek to impose requirements in addition to those imposed by the

20  Federal Rules of Civil Procedure or any applicable local rule.

21      Mr. Larian reserves the right to object on any ground at any time to such

22  other and supplemental discovery requests as Mattel may propound involving or

23  relating to the same subject matter(s) of the request.

24      Mr. Larian objects to the definitions and instructions to the extent such

25  definitions and instructions purport to enlarge, expand, or alter in any way the plain

26  meaning and scope of any specific term or specific requests on the grounds that

27  such enlargement, expansion or alteration renders such a term or request vague,

28  ambiguous, unintelligible, overly broad, unduly burdensome, uncertain or otherwise

LARIAN'S RESPONSE TO MATTEL'S RFA TO LARIAN RELATED
TO ASSERTION OF PRIVILEGE TO WITHHOLD NON-
PRIVILEGED LARIAN EMAIL COMMUNICATIONS, CV 04-

EXHIBIT __29__
PAGE __452__

1    open to interpretation.

2         These general objections shall be deemed incorporated into each specific

3    response below as if they were fully set forth below. Nevertheless, without waiver

4    of, without prejudice to, and expressly hereby reserving all of the foregoing general

5    objections, Mr. Larian submits the following responses.

6                                    **RESPONSES**

7    **REQUEST FOR ADMISSION NO. 1:**

8         Admit that the document attached hereto as Exhibit 1 is a true and correct

9    copy of an email exchange in which YOU were involved on or about October 23,

10   2002.

11   **RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

12        Mr. Larian objects to the phrase "involved" as vague and ambiguous.  Mr.

13   Larian objects to the request insofar as it seeks disclosure of information that is

14   protected by the attorney-client privilege and/or work product doctrine.  Mr. Larian

15   objects to the request to the extent it seeks information not relevant to the claims or

16   defenses of any party to this action and not reasonably calculated to lead to the

17   discovery of admissible evidence.  Mr. Larian objects to the request to the extent it

18   is unduly burdensome and oppressive.  In responding, Mr. Larian has not and will

19   not comply with any instructions or definitions that seek to impose requirements in

20   addition to those imposed by the Federal Rules of Civil Procedure or any applicable

21   local rule.  Mr. Larian reserves the right to object on any ground at any time to such

22   other and supplemental discovery requests as Mattel may propound involving or

23   relating to the same subject matter(s) of the request.  Mr. Larian objects to the

24   definitions and instructions to the extent such definitions and instructions purport to

25   enlarge, expand, or alter in any way the plain meaning and scope of any specific

26   term or specific requests on the grounds that such enlargement, expansion or

27   alteration renders such a term or request vague, ambiguous, unintelligible, overly

28   broad, unduly burdensome, uncertain or otherwise open to interpretation.

- 2 -

EXHIBIT __29__
PAGE __453__

1    Subject to and without waiving these objections, privileges and doctrines,

2  Mr. Larian responds as follows:

3    Admit.

4  **REQUEST FOR ADMISSION NO. 2:**

5    Admit that YOU had been compelled by Court Order prior to May 27, 2008

6  to produce to Mattel in this litigation the document attached hereto as Exhibit 1.

7  **RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

8    Mr. Larian objects to the request on the grounds that it is vague in failing to

9  specify any Court Order that Mattel contends applies and on the ground that it calls

10  for a legal conclusion.  Mr. Larian further objects to the request on the ground that

11  it seeks disclosure of information that is protected by the attorney-client privilege

12  and/or work product doctrine in that facts or conclusions regarding the applicability

13  of a "Court Order" to a particular document result from privileged and work

14  product communications with counsel.  Mr. Larian objects to the request to the

15  extent it seeks information not relevant to the claims or defenses of any party to this

16  action and not reasonably calculated to lead to the discovery of admissible

17  evidence.  Mr. Larian objects to the request to the extent it is unduly burdensome

18  and oppressive.  In responding, Mr. Larian has not and will not comply with any

19  instructions or definitions that seek to impose requirements in addition to those

20  imposed by the Federal Rules of Civil Procedure or any applicable local rule.  Mr.

21  Larian reserves the right to object on any ground at any time to such other and

22  supplemental discovery requests as Mattel may propound involving or relating to

23  the same subject matter(s) of the request.  Mr. Larian objects to the definitions and

24  instructions to the extent such definitions and instructions purport to enlarge,

25  expand, or alter in any way the plain meaning and scope of any specific term or

26  specific requests on the grounds that such enlargement, expansion or alteration

27  renders such a term or request vague, ambiguous, unintelligible, overly broad,

28  unduly burdensome, uncertain or otherwise open to interpretation.

- 3 -

LARIAN'S RESPONSE TO MATTEL'S RFA TO LARIAN RELATED
TO ASSERTION OF PRIVILEGE TO WITHHOLD NON-
PRIVILEGED LARIAN EMAIL COMMUNICATIONS, CV 04-

EXHIBIT __29__
PAGE __454__

**REQUEST FOR ADMISSION NO. 3:**

Admit that YOU knew, prior to May 27, 2008, that YOU had been compelled by Court Order to produce to Mattel in this litigation the document attached hereto as Exhibit 1.

**RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

Mr. Larian objects to the request on the grounds that it is vague in failing to specify any Court Order that Mattel contends applies and on the ground that it calls for a legal conclusion. Mr. Larian further objects to the request on the ground that it seeks disclosure of information that is protected by the attorney-client privilege and/or work product doctrine in that facts or conclusions regarding the applicability of a "Court Order" to a particular document result from privileged and work product communications with counsel. Mr. Larian objects to the request to the extent it seeks information not relevant to the claims or defenses of any party to this action and not reasonably calculated to lead to the discovery of admissible evidence. Mr. Larian objects to the request to the extent it is unduly burdensome and oppressive. In responding, Mr. Larian has not and will not comply with any instructions or definitions that seek to impose requirements in addition to those imposed by the Federal Rules of Civil Procedure or any applicable local rule. Mr. Larian reserves the right to object on any ground at any time to such other and supplemental discovery requests as Mattel may propound involving or relating to the same subject matter(s) of the request. Mr. Larian objects to the definitions and instructions to the extent such definitions and instructions purport to enlarge, expand, or alter in any way the plain meaning and scope of any specific term or specific requests on the grounds that such enlargement, expansion or alteration renders such a term or request vague, ambiguous, unintelligible, overly broad, unduly burdensome, uncertain or otherwise open to interpretation.

- 4 -

LARIAN'S RESPONSE TO MATTEL'S RFA TO LARIAN RELATED TO ASSERTION OF PRIVILEGE TO WITHHOLD NON-PRIVILEGED LARIAN EMAIL COMMUNICATIONS, CV 04-

EXHIBIT ___29___

PAGE ___455___

1    **REQUEST FOR ADMISSION NO. 4:**

2       Admit that MGA knew the document attached hereto as Exhibit 1 was not

3    produced to Mattel prior to the commencement of the Phase 1 trial in this matter.

4    **RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

5       Mr. Larian objects to the request as it seeks disclosure of information that is

6    protected by the attorney-client privilege and/or work product doctrine in that the

7    knowledge possessed by Mr. Larian regarding the production of Exhibit 1 to the

8    request results from communications with counsel.  Mr. Larian objects to the

9    request to the extent it seeks information not relevant to the claims or defenses of

10    any party to this action and not reasonably calculated to lead to the discovery of

11    admissible evidence.  Mr. Larian objects to the request to the extent it is unduly

12    burdensome and oppressive.  In responding, Mr. Larian has not and will not comply

13    with any instructions or definitions that seek to impose requirements in addition to

14    those imposed by the Federal Rules of Civil Procedure or any applicable local rule.

15    Mr. Larian reserves the right to object on any ground at any time to such other and

16    supplemental discovery requests as Mattel may propound involving or relating to

17    the same subject matter(s) of the request.  Mr. Larian objects to the definitions and

18    instructions to the extent such definitions and instructions purport to enlarge,

19    expand, or alter in any way the plain meaning and scope of any specific term or

20    specific requests on the grounds that such enlargement, expansion or alteration

21    renders such a term or request vague, ambiguous, unintelligible, overly broad,

22    unduly burdensome, uncertain or otherwise open to interpretation.

23    **REQUEST FOR ADMISSION NO. 5:**

24       Admit that MGA knew, at the time of the commencement of the Phase 1 trial

25    in this matter, that the document attached hereto as Exhibit 1 was relevant to issues

26    to be tried by the jury in the Phase 1 trial.

27    **RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

28       Mr. Larian objects to the request as it seeks disclosure of information that is

LARIAN'S RESPONSE TO MATTEL'S RFA TO LARIAN RELATED
TO ASSERTION OF PRIVILEGE TO WITHHOLD NON-
PRIVILEGED LARIAN EMAIL COMMUNICATIONS, CV 04-

EXHIBIT _29_
PAGE _456_

1   protected by the attorney-client privilege and/or work product doctrine in that the

2   knowledge Mr. Larian possesses regarding the issues in Phase 1 and the relevancy

3   of Exhibit 1 to the request are the result of communications between Mr. Larian and

4   his counsel. Mr. Larian additionally objects to this request on the grounds that it

5   calls for a legal conclusion. Mr. Larian objects to the request to the extent it seeks

6   information not relevant to the claims or defenses of any party to this action and not

7   reasonably calculated to lead to the discovery of admissible evidence. Mr. Larian

8   objects to the request to the extent it is unduly burdensome and oppressive. In

9   responding, Mr. Larian has not and will not comply with any instructions or

10   definitions that seek to impose requirements in addition to those imposed by the

11   Federal Rules of Civil Procedure or any applicable local rule. Mr. Larian reserves

12   the right to object on any ground at any time to such other and supplemental

13   discovery requests as Mattel may propound involving or relating to the same

14   subject matter(s) of the request. Mr. Larian objects to the definitions and

15   instructions to the extent such definitions and instructions purport to enlarge,

16   expand, or alter in any way the plain meaning and scope of any specific term or

17   specific requests on the grounds that such enlargement, expansion or alteration

18   renders such a term or request vague, ambiguous, unintelligible, overly broad,

19   unduly burdensome, uncertain or otherwise open to interpretation.

20   **REQUEST FOR ADMISSION NO. 6:**

21      Admit that the document attached hereto as Exhibit 1 was withheld by YOU

22   from production in this litigation to Mattel on attorney-client privilege grounds

23   until August 21, 2009.

24   **RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

25      Mr. Larian objects to the request as vague and ambiguous in its use of the

26   phrase "the document withheld by YOU from production in this litigation to

27   Mattel" because "the document" contains a series of emails certain of which were

28   marked as trial exhibits and therefore, Mr. Larian assumes that "the document"

LARIAN'S RESPONSE TO MATTEL'S RFA TO LARIAN RELATED
TO ASSERTION OF PRIVILEGE TO WITHHOLD NON-
PRIVILEGED LARIAN EMAIL COMMUNICATIONS, CV 04-

EXHIBIT   29
PAGE   457

1    means any portions of the email that were not marked as a trial exhibit. As such,

2    Mr. Larian objects to the request as it seeks disclosure of information that is

3    protected by the attorney-client privilege and/or work product doctrine in that the

4    knowledge Mr. Larian possesses regarding the production of Exhibit 1 to the

5    request results from communications with counsel. Mr. Larian objects to the

6    request to the extent it seeks information not relevant to the claims or defenses of

7    any party to this action and not reasonably calculated to lead to the discovery of

8    admissible evidence. Mr. Larian objects to the request to the extent it is unduly

9    burdensome and oppressive. In responding, Mr. Larian has not and will not comply

10    with any instructions or definitions that seek to impose requirements in addition to

11    those imposed by the Federal Rules of Civil Procedure or any applicable local rule.

12    Mr. Larian reserves the right to object on any ground at any time to such other and

13    supplemental discovery requests as Mattel may propound involving or relating to

14    the same subject matter(s) of the request. Mr. Larian objects to the definitions and

15    instructions to the extent such definitions and instructions purport to enlarge,

16    expand, or alter in any way the plain meaning and scope of any specific term or

17    specific requests on the grounds that such enlargement, expansion or alteration

18    renders such a term or request vague, ambiguous, unintelligible, overly broad,

19    unduly burdensome, uncertain or otherwise open to interpretation.

20    **REQUEST FOR ADMISSION NO. 7:**

21       Admit that the document attached hereto as Exhibit 1 was withheld by YOU

22    from production in this litigation to Mattel on work product grounds until August

23    21, 2009.

24    **RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

25       Mr. Larian objects to the request as vague and ambiguous in its use of the

26    phrase "the document withheld by YOU from production in this litigation to

27    Mattel" because "the document" contains a series of emails certain of which were

28    marked as trial exhibits and, therefore, Mr. Larian assumes that "the document"

LARIAN'S RESPONSE TO MATTEL'S RFA TO LARIAN RELATED
TO ASSERTION OF PRIVILEGE TO WITHHOLD NON-
PRIVILEGED LARIAN EMAIL COMMUNICATIONS, CV 04-


EXHIBIT 29
PAGE 458

1    means any portions of the email that were not marked as a trial exhibit. As such,

2    Mr. Larian objects to the request as it seeks disclosure of information that is

3    protected by the attorney-client privilege and/or work product doctrine in that the

4    knowledge Mr. Larian possesses regarding the production of Exhibit 1 to the

5    request results from communications with counsel. Mr. Larian objects to the

6    request to the extent it seeks information not relevant to the claims or defenses of

7    any party to this action and not reasonably calculated to lead to the discovery of

8    admissible evidence. Mr. Larian objects to the request to the extent it is unduly

9    burdensome and oppressive. In responding, Mr. Larian has not and will not comply

10    with any instructions or definitions that seek to impose requirements in addition to

11    those imposed by the Federal Rules of Civil Procedure or any applicable local rule.

12    Mr. Larian reserves the right to object on any ground at any time to such other and

13    supplemental discovery requests as Mattel may propound involving or relating to

14    the same subject matter(s) of the request. Mr. Larian objects to the definitions and

15    instructions to the extent such definitions and instructions purport to enlarge,

16    expand, or alter in any way the plain meaning and scope of any specific term or

17    specific requests on the grounds that such enlargement, expansion or alteration

18    renders such a term or request vague, ambiguous, unintelligible, overly broad,

19    unduly burdensome, uncertain or otherwise open to interpretation.

20    **REQUEST FOR ADMISSION NO. 8:**

21       Admit that the document attached hereto as Exhibit 1 is protected by

22    attorney-client privilege.

23    **RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

24       Mr. Larian objects to the request as vague and ambiguous in its use of the

25    phrase "the document" because "the document" contains a series of emails certain

26    of which were marked as trial exhibits and, therefore, Mr. Larian assumes that "the

27    document" means any portions of the email that were not marked as a trial exhibit.

28    As such, Mr. Larian objects to the request as it seeks disclosure of information that

- 8 -

LARIAN'S RESPONSE TO MATTEL'S RFA TO LARIAN RELATED
TO ASSERTION OF PRIVILEGE TO WITHHOLD NON-
PRIVILEGED LARIAN EMAIL COMMUNICATIONS, CV 04-



EXHIBIT   29

PAGE   459

1   is protected by the attorney-client privilege and/or work product doctrine in that Mr.

2   Larian's knowledge concerning the scope and nature of the attorney-client privilege

3   as applied to Exhibit 1 to the request has been gained by and through

4   communications with his counsel. Mr. Larian additionally objects to this request on

5   the grounds that it calls for a legal conclusion. Mr. Larian objects to the request to

6   the extent it seeks information not relevant to the claims or defenses of any party to

7   this action and not reasonably calculated to lead to the discovery of admissible

8   evidence. Mr. Larian objects to the request to the extent it is unduly burdensome

9   and oppressive. In responding, Mr. Larian has not and will not comply with any

10  instructions or definitions that seek to impose requirements in addition to those

11  imposed by the Federal Rules of Civil Procedure or any applicable local rule. Mr.

12  Larian reserves the right to object on any ground at any time to such other and

13  supplemental discovery requests as Mattel may propound involving or relating to

14  the same subject matter(s) of the request. Mr. Larian objects to the definitions and

15  instructions to the extent such definitions and instructions purport to enlarge,

16  expand, or alter in any way the plain meaning and scope of any specific term or

17  specific requests on the grounds that such enlargement, expansion or alteration

18  renders such a term or request vague, ambiguous, unintelligible, overly broad,

19  unduly burdensome, uncertain or otherwise open to interpretation.

20  **REQUEST FOR ADMISSION NO. 9:**

21      Admit that the document attached hereto as Exhibit 1 is protected by the

22  work product doctrine.

23  **RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

24      Mr. Larian objects to the request as vague and ambiguous in its use of the

25  phrase "the document" because "the document" contains a series of emails certain

26  of which were marked as trial exhibits and, therefore, Mr. Larian assumes that "the

27  document" means any portions of the email that were not marked as a trial exhibit.

28  As such, Mr. Larian objects to the request as it seeks disclosure of information that

LARIAN'S RESPONSE TO MATTEL'S RFA TO LARIAN RELATED
TO ASSERTION OF PRIVILEGE TO WITHHOLD NON-
PRIVILEGED LARIAN EMAIL COMMUNICATIONS, CV 04-


EXHIBIT ___29___
PAGE ___460___

1   is protected by the attorney-client privilege and/or work product doctrine in that Mr.

2   Larian's knowledge concerning the scope and nature of the work product doctrine

3   as applied to Exhibit 1 to the request has been gained by and through

4   communications with his counsel. Mr. Larian additionally objects to this request on

5   the grounds that it calls for a legal conclusion. Mr. Larian objects to the request to

6   the extent it seeks information not relevant to the claims or defenses of any party to

7   this action and not reasonably calculated to lead to the discovery of admissible

8   evidence. Mr. Larian objects to the request to the extent it is unduly burdensome

9   and oppressive. In responding, Mr. Larian has not and will not comply with any

10  instructions or definitions that seek to impose requirements in addition to those

11  imposed by the Federal Rules of Civil Procedure or any applicable local rule. Mr.

12  Larian reserves the right to object on any ground at any time to such other and

13  supplemental discovery requests as Mattel may propound involving or relating to

14  the same subject matter(s) of the request. Mr. Larian objects to the definitions and

15  instructions to the extent such definitions and instructions purport to enlarge,

16  expand, or alter in any way the plain meaning and scope of any specific term or

17  specific requests on the grounds that such enlargement, expansion or alteration

18  renders such a term or request vague, ambiguous, unintelligible, overly broad,

19  unduly burdensome, uncertain or otherwise open to interpretation.

20  **REQUEST FOR ADMISSION NO. 10:**

21      Admit that the document attached hereto as Exhibit 1 is not protected by

22  attorney-client privilege.

23  **RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

24      Mr. Larian objects to the request as vague and ambiguous in its use of the

25  phrase "the document" because "the document" contains a series of emails certain

26  of which were marked as trial exhibits and, therefore, Mr. Larian assumes that "the

27  document" means any portions of the email that were not marked as a trial exhibit.

28  As such, Mr. Larian objects to the request as it seeks disclosure of information that

- 10 -     LARIAN'S RESPONSE TO MATTEL'S RFA TO LARIAN RELATED
TO ASSERTION OF PRIVILEGE TO WITHHOLD NON-
PRIVILEGED LARIAN EMAIL COMMUNICATIONS, CV 04-
~~~~ ~~~ ~~~~~



EXHIBIT   29
PAGE   461

1   is protected by the attorney-client privilege and/or work product doctrine in that Mr.

2   Larian's knowledge concerning the scope and nature of the attorney-client privilege

3   as applied to Exhibit 1 to the request has been gained by and through

4   communications with his counsel.  Mr. Larian additionally objects to this request on

5   the grounds that it calls for a legal conclusion.  Mr. Larian objects to the request to

6   the extent it seeks information not relevant to the claims or defenses of any party to

7   this action and not reasonably calculated to lead to the discovery of admissible

8   evidence.  Mr. Larian objects to the request to the extent it is unduly burdensome

9   and oppressive.  In responding, Mr. Larian has not and will not comply with any

10  instructions or definitions that seek to impose requirements in addition to those

11  imposed by the Federal Rules of Civil Procedure or any applicable local rule.  Mr.

12  Larian reserves the right to object on any ground at any time to such other and

13  supplemental discovery requests as Mattel may propound involving or relating to

14  the same subject matter(s) of the request.  Mr. Larian objects to the definitions and

15  instructions to the extent such definitions and instructions purport to enlarge,

16  expand, or alter in any way the plain meaning and scope of any specific term or

17  specific requests on the grounds that such enlargement, expansion or alteration

18  renders such a term or request vague, ambiguous, unintelligible, overly broad,

19  unduly burdensome, uncertain or otherwise open to interpretation.

20  **REQUEST FOR ADMISSION NO. 11:**

21        Admit that the doctrine attached hereto as Exhibit 1 is not protected by the

22  work product doctrine.

23  **RESPONSE TO REQUEST FOR ADMISSION NO. 11:**

24        Mr. Larian objects to the request as vague and ambiguous in its use of the

25  phrase "the document" because "the document" contains a series of emails certain

26  of which were marked as trial exhibits and, therefore, Mr. Larian assumes that "the

27  document" means any portions of the email that were not marked as a trial exhibit.

28  As such, Mr. Larian objects to the request as it seeks disclosure of information that

- 11 -

LARIAN'S RESPONSE TO MATTEL'S RFA TO LARIAN RELATED
TO ASSERTION OF PRIVILEGE TO WITHHOLD NON-
PRIVILEGED LARIAN EMAIL COMMUNICATIONS, CV 04-



EXHIBIT ___29___

PAGE ___462___

1   is protected by the attorney-client privilege and/or work product doctrine in that Mr.

2   Larian's knowledge concerning the scope and nature of the work product doctrine

3   as applied to Exhibit 1 to the request has been gained by and through

4   communications with his counsel.  Mr. Larian additionally objects to this request on

5   the grounds that it calls for a legal conclusion.  Mr. Larian objects to the request to

6   the extent it seeks information not relevant to the claims or defenses of any party to

7   this action and not reasonably calculated to lead to the discovery of admissible

8   evidence.  Mr. Larian objects to the request to the extent it is unduly burdensome

9   and oppressive.  In responding, Mr. Larian has not and will not comply with any

10   instructions or definitions that seek to impose requirements in addition to those

11   imposed by the Federal Rules of Civil Procedure or any applicable local rule.  Mr.

12   Larian reserves the right to object on any ground at any time to such other and

13   supplemental discovery requests as Mattel may propound involving or relating to

14   the same subject matter(s) of the request.  Mr. Larian objects to the definitions and

15   instructions to the extent such definitions and instructions purport to enlarge,

16   expand, or alter in any way the plain meaning and scope of any specific term or

17   specific requests on the grounds that such enlargement, expansion or alteration

18   renders such a term or request vague, ambiguous, unintelligible, overly broad,

19   unduly burdensome, uncertain or otherwise open to interpretation.

20   **REQUEST FOR ADMISSION NO. 12:**

21       Admit that the document attached hereto as Exhibit 1 never was protected by

22   attorney-client privilege.

23   **RESPONSE TO REQUEST FOR ADMISSION NO. 12:**

24       Mr. Larian objects to the request as vague and ambiguous in its use of the

25   phrase "the document" because "the document" contains a series of emails certain

26   of which were marked as trial exhibits and, therefore, Mr. Larian assumes that "the

27   document" means any portions of the email that were not marked as a trial exhibit.

28   As such, Mr. Larian objects to the request as it seeks disclosure of information that

LARIAN'S RESPONSE TO MATTEL'S RFA TO LARIAN RELATED
TO ASSERTION OF PRIVILEGE TO WITHHOLD NON-
PRIVILEGED LARIAN EMAIL COMMUNICATIONS, CV 04-



EXHIBIT   29
PAGE   463

1   is protected by the attorney-client privilege and/or work product doctrine in that Mr.

2   Larian's knowledge concerning the scope and nature of the attorney-client privilege

3   as applied to Exhibit 1 to the request has been gained by and through

4   communications with his counsel. Mr. Larian additionally objects to this request on

5   the grounds that it calls for a legal conclusion. Mr. Larian objects to the request to

6   the extent it seeks information not relevant to the claims or defenses of any party to

7   this action and not reasonably calculated to lead to the discovery of admissible

8   evidence. Mr. Larian objects to the request to the extent it is unduly burdensome

9   and oppressive. In responding, Mr. Larian has not and will not comply with any

10  instructions or definitions that seek to impose requirements in addition to those

11  imposed by the Federal Rules of Civil Procedure or any applicable local rule. Mr.

12  Larian reserves the right to object on any ground at any time to such other and

13  supplemental discovery requests as Mattel may propound involving or relating to

14  the same subject matter(s) of the request. Mr. Larian objects to the definitions and

15  instructions to the extent such definitions and instructions purport to enlarge,

16  expand, or alter in any way the plain meaning and scope of any specific term or

17  specific requests on the grounds that such enlargement, expansion or alteration

18  renders such a term or request vague, ambiguous, unintelligible, overly broad,

19  unduly burdensome, uncertain or otherwise open to interpretation.

20  **REQUEST FOR ADMISSION NO. 13:**

21      Admit that the document attached hereto as Exhibit 1 was never protected by

22  the work product doctrine.

23  **RESPONSE TO REQUEST FOR ADMISSION NO. 13:**

24      Mr. Larian objects to the request as vague and ambiguous in its use of the

25  phrase "the document" because "the document" contains a series of emails certain

26  of which were marked as trial exhibits and, therefore, Mr. Larian assumes that "the

27  document" means any portions of the email that were not marked as a trial exhibit.

28  As such, Mr. Larian objects to the request as it seeks disclosure of information that

LARIAN'S RESPONSE TO MATTEL'S RFA TO LARIAN RELATED
TO ASSERTION OF PRIVILEGE TO WITHHOLD NON-
PRIVILEGED LARIAN EMAIL COMMUNICATIONS, CV 04-



EXHIBIT 29
PAGE 464

1   is protected by the attorney-client privilege and/or work product doctrine in that Mr.

2   Larian's knowledge concerning the scope and nature of the work product doctrine

3   as applied to Exhibit 1 to the request has been gained by and through

4   communications with his counsel.  Mr. Larian additionally objects to this request on

5   the grounds that it calls for a legal conclusion.  Mr. Larian objects to the request to

6   the extent it seeks information not relevant to the claims or defenses of any party to

7   this action and not reasonably calculated to lead to the discovery of admissible

8   evidence.  Mr. Larian objects to the request to the extent it is unduly burdensome

9   and oppressive.  In responding, Mr. Larian has not and will not comply with any

10  instructions or definitions that seek to impose requirements in addition to those

11  imposed by the Federal Rules of Civil Procedure or any applicable local rule.  Mr.

12  Larian reserves the right to object on any ground at any time to such other and

13  supplemental discovery requests as Mattel may propound involving or relating to

14  the same subject matter(s) of the request.  Mr. Larian objects to the definitions and

15  instructions to the extent such definitions and instructions purport to enlarge,

16  expand, or alter in any way the plain meaning and scope of any specific term or

17  specific requests on the grounds that such enlargement, expansion or alteration

18  renders such a term or request vague, ambiguous, unintelligible, overly broad,

19  unduly burdensome, uncertain or otherwise open to interpretation.

20  **REQUEST FOR ADMISSION NO. 14:**

21      Admit that YOU knew the document attached hereto as Exhibit 1 never was

22  protected by attorney-client privilege.

23  **RESPONSE TO REQUEST FOR ADMISSION NO. 14:**

24      Mr. Larian objects to the request as vague and ambiguous in its use of the

25  phrase "the document" because "the document" contains a series of emails certain

26  of which were marked as trial exhibits and, therefore, Mr. Larian assumes that "the

27  document" means any portions of the email that were not marked as a trial exhibit.

28  As such, Mr. Larian objects to the request as it seeks disclosure of information that

LARIAN'S RESPONSE TO MATTEL'S RFA TO LARIAN RELATED
TO ASSERTION OF PRIVILEGE TO WITHHOLD NON-
PRIVILEGED LARIAN EMAIL COMMUNICATIONS, CV 04-



EXHIBIT 22
PAGE 465

1  is protected by the attorney-client privilege and/or work product doctrine in that Mr.

2  Larian's knowledge concerning the scope and nature of the attorney-client privilege

3  as applied to Exhibit 1 to the request has been gained by and through

4  communications with his counsel.  Mr. Larian additionally objects to this request on

5  the grounds that it calls for a legal conclusion.  Mr. Larian objects to the request to

6  the extent it seeks information not relevant to the claims or defenses of any party to

7  this action and not reasonably calculated to lead to the discovery of admissible

8  evidence.  Mr. Larian objects to the request to the extent it is unduly burdensome

9  and oppressive.  In responding, Mr. Larian has not and will not comply with any

10  instructions or definitions that seek to impose requirements in addition to those

11  imposed by the Federal Rules of Civil Procedure or any applicable local rule.  Mr.

12  Larian reserves the right to object on any ground at any time to such other and

13  supplemental discovery requests as Mattel may propound involving or relating to

14  the same subject matter(s) of the request.  Mr. Larian objects to the definitions and

15  instructions to the extent such definitions and instructions purport to enlarge,

16  expand, or alter in any way the plain meaning and scope of any specific term or

17  specific requests on the grounds that such enlargement, expansion or alteration

18  renders such a term or request vague, ambiguous, unintelligible, overly broad,

19  unduly burdensome, uncertain or otherwise open to interpretation.

20  **REQUEST FOR ADMISSION NO. 15:**

21     Admit that YOU knew the document attached hereto as Exhibit 1 never was

22  protected by the work product doctrine.

23  **RESPONSE TO REQUEST FOR ADMISSION NO. 15:**

24     Mr. Larian objects to the request as vague and ambiguous in its use of the

25  phrase "the document" because "the document" contains a series of emails certain

26  of which were marked as trial exhibits and, therefore, Mr. Larian assumes that "the

27  document" means any portions of the email that were not marked as a trial exhibit.

28  As such, Mr. Larian objects to the request as it seeks disclosure of information that

- 15 -



EXHIBIT   29
PAGE   466

1 is protected by the attorney-client privilege and/or work product doctrine in that Mr.

2 Larian's knowledge concerning the scope and nature of the work product doctrine

3 as applied to Exhibit 1 to the request has been gained by and through

4 communications with his counsel.  Mr. Larian additionally objects to this request on

5 the grounds that it calls for a legal conclusion.  Mr. Larian objects to the request to

6 the extent it seeks information not relevant to the claims or defenses of any party to

7 this action and not reasonably calculated to lead to the discovery of admissible

8 evidence.  Mr. Larian objects to the request to the extent it is unduly burdensome

9 and oppressive.  In responding, Mr. Larian has not and will not comply with any

10 instructions or definitions that seek to impose requirements in addition to those

11 imposed by the Federal Rules of Civil Procedure or any applicable local rule.  Mr.

12 Larian reserves the right to object on any ground at any time to such other and

13 supplemental discovery requests as Mattel may propound involving or relating to

14 the same subject matter(s) of the request.  Mr. Larian objects to the definitions and

15 instructions to the extent such definitions and instructions purport to enlarge,

16 expand, or alter in any way the plain meaning and scope of any specific term or

17 specific requests on the grounds that such enlargement, expansion or alteration

18 renders such a term or request vague, ambiguous, unintelligible, overly broad,

19 unduly burdensome, uncertain or otherwise open to interpretation.

20 **REQUEST FOR ADMISSION NO. 16:**

21  Admit that there was no basis for withholding from production in this

22 litigation the document attached hereto as Exhibit 1 on grounds of attorney-client

23 privilege.

24 **RESPONSE TO REQUEST FOR ADMISSION NO. 16:**

25  Mr. Larian objects to the request as vague and ambiguous in its use of the

26 phrase "the document" because "the document" contains a series of emails certain

27 of which were marked as trial exhibits and, therefore, Mr. Larian assumes that "the

28 document" means any portions of the email that were not marked as a trial exhibit.

LARIAN'S RESPONSE TO MATTEL'S RFA TO LARIAN RELATED
TO ASSERTION OF PRIVILEGE TO WITHHOLD NON-
PRIVILEGED LARIAN EMAIL COMMUNICATIONS, CV 04-



EXHIBIT 29
PAGE 467

1   As such, Mr. Larian objects to the request as it seeks disclosure of information that

2   is protected by the attorney-client privilege and/or work product doctrine in that Mr.

3   Larian's knowledge concerning the scope and nature of the attorney-client privilege

4   as applied to Exhibit 1 to the request has been gained by and through

5   communications with his counsel. Mr. Larian additionally objects to this request on

6   the grounds that it calls for a legal conclusion. Mr. Larian objects to the request to

7   the extent it seeks information not relevant to the claims or defenses of any party to

8   this action and not reasonably calculated to lead to the discovery of admissible

9   evidence. Mr. Larian objects to the request to the extent it is unduly burdensome

10  and oppressive. In responding, Mr. Larian has not and will not comply with any

11  instructions or definitions that seek to impose requirements in addition to those

12  imposed by the Federal Rules of Civil Procedure or any applicable local rule. Mr.

13  Larian reserves the right to object on any ground at any time to such other and

14  supplemental discovery requests as Mattel may propound involving or relating to

15  the same subject matter(s) of the request. Mr. Larian objects to the definitions and

16  instructions to the extent such definitions and instructions purport to enlarge,

17  expand, or alter in any way the plain meaning and scope of any specific term or

18  specific requests on the grounds that such enlargement, expansion or alteration

19  renders such a term or request vague, ambiguous, unintelligible, overly broad,

20  unduly burdensome, uncertain or otherwise open to interpretation.

21  **REQUEST FOR ADMISSION NO. 17:**

22      Admit that there was no basis for withholding from production in this

23  litigation the document attached hereto as Exhibit 1 on grounds of the work product

24  doctrine.

25  **RESPONSE TO REQUEST FOR ADMISSION NO. 17:**

26      Mr. Larian objects to the request as vague and ambiguous in its use of the

27  phrase "the document" because "the document" contains a series of emails certain

28  of which were marked as trial exhibits and, therefore, Mr. Larian assumes that "the

- 17 -

EXHIBIT ___39___
PAGE ___468___

1  document" means any portions of the email that were not marked as a trial exhibit.

2  As such, Mr. Larian objects to the request as it seeks disclosure of information that

3  is protected by the attorney-client privilege and/or work product doctrine in that Mr.

4  Larian's knowledge concerning the scope and nature of the work product doctrine

5  as applied to Exhibit 1 to the request has been gained by and through

6  communications with his counsel. Mr. Larian additionally objects to this request on

7  the grounds that it calls for a legal conclusion. Mr. Larian objects to the request to

8  the extent it seeks information not relevant to the claims or defenses of any party to

9  this action and not reasonably calculated to lead to the discovery of admissible

10  evidence. Mr. Larian objects to the request to the extent it is unduly burdensome

11  and oppressive. In responding, Mr. Larian has not and will not comply with any

12  instructions or definitions that seek to impose requirements in addition to those

13  imposed by the Federal Rules of Civil Procedure or any applicable local rule. Mr.

14  Larian reserves the right to object on any ground at any time to such other and

15  supplemental discovery requests as Mattel may propound involving or relating to

16  the same subject matter(s) of the request. Mr. Larian objects to the definitions and

17  instructions to the extent such definitions and instructions purport to enlarge,

18  expand, or alter in any way the plain meaning and scope of any specific term or

19  specific requests on the grounds that such enlargement, expansion or alteration

20  renders such a term or request vague, ambiguous, unintelligible, overly broad,

21  unduly burdensome, uncertain or otherwise open to interpretation.

22  **REQUEST FOR ADMISSION NO. 18:**

23      Admit that the portion of the document attached hereto as Exhibit 1

24  containing the email exchange between YOU and Victoria O'Connor reflects legal

25  advice.

26  **RESPONSE TO REQUEST FOR ADMISSION NO. 18:**

27      Mr. Larian objects to the request as vague and ambiguous in its use of the

28  phrase "the portion of the document attached hereto as Exhibit 1 containing the

- 18 -



EXHIBIT __29__
PAGE __469__

1   email exchange between YOU and Victoria O'Connor reflects legal advice" in that

2   there are three email exchanges between Mr. Larian and Victoria O'Connor and this

3   request does not specify which of the three exchanges to which it refers. Mr. Larian

4   objects to the request as it seeks disclosure of information that is protected by the

5   attorney-client privilege and/or work product doctrine. Mr. Larian additionally

6   objects to this request on the grounds that it calls for a legal conclusion. Mr. Larian

7   objects to the request to the extent it seeks information not relevant to the claims or

8   defenses of any party to this action and not reasonably calculated to lead to the

9   discovery of admissible evidence. Mr. Larian objects to the request to the extent it

10  is unduly burdensome and oppressive. In responding, Mr. Larian has not and will

11  not comply with any instructions or definitions that seek to impose requirements in

12  addition to those imposed by the Federal Rules of Civil Procedure or any applicable

13  local rule. Mr. Larian reserves the right to object on any ground at any time to such

14  other and supplemental discovery requests as Mattel may propound involving or

15  relating to the same subject matter(s) of the request. Mr. Larian objects to the

16  definitions and instructions to the extent such definitions and instructions purport to

17  enlarge, expand, or alter in any way the plain meaning and scope of any specific

18  term or specific requests on the grounds that such enlargement, expansion or

19  alteration renders such a term or request vague, ambiguous, unintelligible, overly

20  broad, unduly burdensome, uncertain or otherwise open to interpretation.

21  **REQUEST FOR ADMISSION NO. 19:**

22      Admit that the portion of the document attached hereto as Exhibit 1

23  containing the email exchange between YOU and Victoria O'Connor did not reflect

24  legal advice.

25  **RESPONSE TO REQUEST FOR ADMISSION NO. 19:**

26      Mr. Larian objects to the request as vague and ambiguous in its use of the

27  phrase "the portion of the document attached hereto as Exhibit 1 containing the

28  email exchange between YOU and Victoria O'Connor did not reflect legal advice"

- 19 -

LARIAN'S RESPONSE TO MATTEL'S RFA TO LARIAN RELATED
TO ASSERTION OF PRIVILEGE TO WITHHOLD NON-
PRIVILEGED LARIAN EMAIL COMMUNICATIONS, CV 04-



EXHIBIT ___29___
PAGE ___470___

1  in that there are three email exchanges between Mr. Larian and Victoria O'Connor

2  and this request does not specify which of the three exchanges to which it refers.

3  Mr. Larian objects to the request as it seeks disclosure of information that is

4  protected by the attorney-client privilege and/or work product doctrine. Mr. Larian

5  additionally objects to this request on the grounds that it calls for a legal

6  conclusion. Mr. Larian objects to the request to the extent it seeks information not

7  relevant to the claims or defenses of any party to this action and not reasonably

8  calculated to lead to the discovery of admissible evidence. Mr. Larian objects to

9  the request to the extent it is unduly burdensome and oppressive. In responding,

10  Mr. Larian has not and will not comply with any instructions or definitions that

11  seek to impose requirements in addition to those imposed by the Federal Rules of

12  Civil Procedure or any applicable local rule. Mr. Larian reserves the right to object

13  on any ground at any time to such other and supplemental discovery requests as

14  Mattel may propound involving or relating to the same subject matter(s) of the

15  request. Mr. Larian objects to the definitions and instructions to the extent such

16  definitions and instructions purport to enlarge, expand, or alter in any way the plain

17  meaning and scope of any specific term or specific requests on the grounds that

18  such enlargement, expansion or alteration renders such a term or request vague,

19  ambiguous, unintelligible, overly broad, unduly burdensome, uncertain or otherwise

20  open to interpretation.

21  **REQUEST FOR ADMISSION NO. 20:**

22      Admit that YOU believed, prior to May 27, 2008, that the portion of the

23  document attached hereto as Exhibit 1 containing the email exchange between

24  YOU and Victoria O'Connor reflects legal advice.

25  **RESPONSE TO REQUEST FOR ADMISSION NO. 20:**

26      Mr. Larian objects to the request as vague and ambiguous in its use of the

27  phrase "the portion of the document attached hereto as Exhibit 1 containing the

28  email exchange between YOU and Victoria O'Connor reflects legal advice" in that

LARIAN'S RESPONSE TO MATTEL'S RFA TO LARIAN RELATED
TO ASSERTION OF PRIVILEGE TO WITHHOLD NON-
PRIVILEGED LARIAN EMAIL COMMUNICATIONS, CV 04-



EXHIBIT 29
PAGE 471

1    there are three email exchanges between Mr. Larian and Victoria O'Connor and this

2    request does not specify which of the three exchanges to which it refers.  Mr. Larian

3    objects to the request as it seeks disclosure of information that is protected by the

4    attorney-client privilege and/or work product doctrine.  Mr. Larian additionally

5    objects to this request on the grounds that it calls for a legal conclusion.  Mr. Larian

6    objects to the request to the extent it seeks information not relevant to the claims or

7    defenses of any party to this action and not reasonably calculated to lead to the

8    discovery of admissible evidence.  Mr. Larian objects to the request to the extent it

9    is unduly burdensome and oppressive.  In responding, Mr. Larian has not and will

10   not comply with any instructions or definitions that seek to impose requirements in

11   addition to those imposed by the Federal Rules of Civil Procedure or any applicable

12   local rule.  Mr. Larian reserves the right to object on any ground at any time to such

13   other and supplemental discovery requests as Mattel may propound involving or

14   relating to the same subject matter(s) of the request.  Mr. Larian objects to the

15   definitions and instructions to the extent such definitions and instructions purport to

16   enlarge, expand, or alter in any way the plain meaning and scope of any specific

17   term or specific requests on the grounds that such enlargement, expansion or

18   alteration renders such a term or request vague, ambiguous, unintelligible, overly

19   broad, unduly burdensome, uncertain or otherwise open to interpretation.

20   **REQUEST FOR ADMISSION NO. 21:**

21         Admit that YOU believed, prior to May 27, 2008, that the portion of the

22   document attached hereto as Exhibit 1 containing the email exchange between

23   YOU and Victoria O'Connor did not reflect legal advice.

24   **RESPONSE TO REQUEST FOR ADMISSION NO. 21:**

25         Mr. Larian objects to the request as vague and ambiguous in its use of the

26   phrase "the portion of the document attached hereto as Exhibit 1 containing the

27   email exchange between YOU and Victoria O'Connor did not reflect legal advice"

28   in that there are three email exchanges between Mr. Larian and Victoria O'Connor

LARIAN'S RESPONSE TO MATTEL'S RFA TO LARIAN RELATED
TO ASSERTION OF PRIVILEGE TO WITHHOLD NON-
PRIVILEGED LARIAN EMAIL COMMUNICATIONS, CV 04-



EXHIBIT ___29___
PAGE ___472___

1　and this request does not specify which of the three exchanges to which it refers.

2　Mr. Larian objects to the request as it seeks disclosure of information that is

3　protected by the attorney-client privilege and/or work product doctrine. Mr. Larian

4　additionally objects to this request on the grounds that it calls for a legal

5　conclusion. Mr. Larian objects to the request to the extent it seeks information not

6　relevant to the claims or defenses of any party to this action and not reasonably

7　calculated to lead to the discovery of admissible evidence. Mr. Larian objects to

8　the request to the extent it is unduly burdensome and oppressive. In responding,

9　Mr. Larian has not and will not comply with any instructions or definitions that

10　seek to impose requirements in addition to those imposed by the Federal Rules of

11　Civil Procedure or any applicable local rule. Mr. Larian reserves the right to object

12　on any ground at any time to such other and supplemental discovery requests as

13　Mattel may propound involving or relating to the same subject matter(s) of the

14　request. Mr. Larian objects to the definitions and instructions to the extent such

15　definitions and instructions purport to enlarge, expand, or alter in any way the plain

16　meaning and scope of any specific term or specific requests on the grounds that

17　such enlargement, expansion or alteration renders such a term or request vague,

18　ambiguous, unintelligible, overly broad, unduly burdensome, uncertain or otherwise

19　open to interpretation.

20　**REQUEST FOR ADMISSION NO. 22:**

21　　　Admit that YOU have never believed that the portion of the document

22　attached as Exhibit 1 containing the email exchange between YOU and Victoria

23　O'Connor reflects legal advice.

24　**RESPONSE TO REQUEST FOR ADMISSION NO. 22:**

25　　　Mr. Larian objects to the request as vague and ambiguous in its use of the

26　phrase "the portion of the document attached hereto as Exhibit 1 containing the

27　email exchange between YOU and Victoria O'Connor reflects legal advice" in that

28　there are three email exchanges between Mr. Larian and Victoria O'Connor and this

- 22 -

LARIAN'S RESPONSE TO MATTEL'S RFA TO LARIAN RELATED
TO ASSERTION OF PRIVILEGE TO WITHHOLD NON-
PRIVILEGED LARIAN EMAIL COMMUNICATIONS, CV 04-



EXHIBIT ___29___
PAGE ___473___

1  request does not specify which of the three exchanges to which it refers.  Mr. Larian

2  objects to the request as it seeks disclosure of information that is protected by the

3  attorney-client privilege and/or work product doctrine.  Mr. Larian additionally

4  objects to this request on the grounds that it calls for a legal conclusion.  Mr. Larian

5  objects to the request to the extent it seeks information not relevant to the claims or

6  defenses of any party to this action and not reasonably calculated to lead to the

7  discovery of admissible evidence.  Mr. Larian objects to the request to the extent it

8  is unduly burdensome and oppressive.  In responding, Mr. Larian has not and will

9  not comply with any instructions or definitions that seek to impose requirements in

10  addition to those imposed by the Federal Rules of Civil Procedure or any applicable

11  local rule.  Mr. Larian reserves the right to object on any ground at any time to such

12  other and supplemental discovery requests as Mattel may propound involving or

13  relating to the same subject matter(s) of the request.  Mr. Larian objects to the

14  definitions and instructions to the extent such definitions and instructions purport to

15  enlarge, expand, or alter in any way the plain meaning and scope of any specific

16  term or specific requests on the grounds that such enlargement, expansion or

17  alteration renders such a term or request vague, ambiguous, unintelligible, overly

18  broad, unduly burdensome, uncertain or otherwise open to interpretation.

19  **REQUEST FOR ADMISSION NO. 23:**

20      Admit that YOU knew that the portion of the document attached hereto as

21  Exhibit 1 containing the email exchange between YOU and Victoria O'Connor did

22  not reflect legal advice.

23  **RESPONSE TO REQUEST FOR ADMISSION NO. 23:**

24      Mr. Larian objects to the request as vague and ambiguous in its use of the

25  phrase "the portion of the document attached hereto as Exhibit 1 containing the

26  email exchange between YOU and Victoria O'Connor did not reflect legal advice"

27  in that there are three email exchanges between Mr. Larian and Victoria O'Connor

28  and this request does not specify which of the three exchanges to which it refers.

- 23 -

LARIAN'S RESPONSE TO MATTEL'S RFA TO LARIAN RELATED
TO ASSERTION OF PRIVILEGE TO WITHHOLD NON-
PRIVILEGED LARIAN EMAIL COMMUNICATIONS, CV 04-


EXHIBIT 29
PAGE 474

1   Mr. Larian objects to the request as it seeks disclosure of information that is

2   protected by the attorney-client privilege and/or work product doctrine. Mr. Larian

3   additionally objects to this request on the grounds that it calls for a legal

4   conclusion. Mr. Larian objects to the request to the extent it seeks information not

5   relevant to the claims or defenses of any party to this action and not reasonably

6   calculated to lead to the discovery of admissible evidence. Mr. Larian objects to

7   the request to the extent it is unduly burdensome and oppressive. In responding,

8   Mr. Larian has not and will not comply with any instructions or definitions that

9   seek to impose requirements in addition to those imposed by the Federal Rules of

10  Civil Procedure or any applicable local rule. Mr. Larian reserves the right to object

11  on any ground at any time to such other and supplemental discovery requests as

12  Mattel may propound involving or relating to the same subject matter(s) of the

13  request. Mr. Larian objects to the definitions and instructions to the extent such

14  definitions and instructions purport to enlarge, expand, or alter in any way the plain

15  meaning and scope of any specific term or specific requests on the grounds that

16  such enlargement, expansion or alteration renders such a term or request vague,

17  ambiguous, unintelligible, overly broad, unduly burdensome, uncertain or otherwise

18  open to interpretation.

19  **REQUEST FOR ADMISSION NO. 24:**

20      Admit that YOU stated, prior to August 21, 2009, that the portion of the

21  document attached hereto as Exhibit 1 containing the email exchange between

22  YOU and Victoria O'Connor reflects legal advice.

23  **RESPONSE TO REQUEST FOR ADMISSION NO. 24:**

24      Mr. Larian objects to this request on the grounds that the word "stated" is

25  vague and ambiguous. Mr. Larian objects to the request as it seeks disclosure of

26  information that is protected by the attorney-client privilege and/or work product

27  doctrine. Mr. Larian objects to the request to the extent it seeks information not

28  relevant to the claims or defenses of any party to this action and not reasonably

- 24 -



EXHIBIT   29
PAGE   475

1    calculated to lead to the discovery of admissible evidence.  Mr. Larian objects to

2    the request to the extent it is unduly burdensome and oppressive.  In responding,

3    Mr. Larian has not and will not comply with any instructions or definitions that

4    seek to impose requirements in addition to those imposed by the Federal Rules of

5    Civil Procedure or any applicable local rule.  Mr. Larian reserves the right to object

6    on any ground at any time to such other and supplemental discovery requests as

7    Mattel may propound involving or relating to the same subject matter(s) of the

8    request.  Mr. Larian objects to the definitions and instructions to the extent such

9    definitions and instructions purport to enlarge, expand, or alter in any way the plain

10    meaning and scope of any specific term or specific requests on the grounds that

11    such enlargement, expansion or alteration renders such a term or request vague,

12    ambiguous, unintelligible, overly broad, unduly burdensome, uncertain or otherwise

13    open to interpretation.

14    **REQUEST FOR ADMISSION NO. 25:**

15        Admit that YOU stated, prior to August 21, 2009, that the portion of the

16    document attached hereto as Exhibit 1 containing the email exchange between

17    YOU and Victoria O'Connor did not reflect legal advice.

18    **RESPONSE TO REQUEST FOR ADMISSION NO. 25:**

19        Mr. Larian objects to this request on the grounds that the word "stated" is

20    vague and ambiguous.  Mr. Larian objects to the request as it seeks disclosure of

21    information that is protected by the attorney-client privilege and/or work product

22    doctrine.  Mr. Larian objects to the request to the extent it seeks information not

23    relevant to the claims or defenses of any party to this action and not reasonably

24    calculated to lead to the discovery of admissible evidence.  Mr. Larian objects to

25    the request to the extent it is unduly burdensome and oppressive.  In responding,

26    Mr. Larian has not and will not comply with any instructions or definitions that

27    seek to impose requirements in addition to those imposed by the Federal Rules of

28    Civil Procedure or any applicable local rule.  Mr. Larian reserves the right to object

LARIAN'S RESPONSE TO MATTEL'S RFA TO LARIAN RELATED
TO ASSERTION OF PRIVILEGE TO WITHHOLD NON-
PRIVILEGED LARIAN EMAIL COMMUNICATIONS, CV 04-



EXHIBIT  29
PAGE  476

1  on any ground at any time to such other and supplemental discovery requests as

2  Mattel may propound involving or relating to the same subject matter(s) of the

3  request. Mr. Larian objects to the definitions and instructions to the extent such

4  definitions and instructions purport to enlarge, expand, or alter in any way the plain

5  meaning and scope of any specific term or specific requests on the grounds that

6  such enlargement, expansion or alteration renders such a term or request vague,

7  ambiguous, unintelligible, overly broad, unduly burdensome, uncertain or otherwise

8  open to interpretation.

9  **REQUEST FOR ADMISSION NO. 26:**

10      Admit that the document attached hereto as Exhibit 1 was not listed on any

11  MGA privilege log prior to MGA's REVISED JANUARY 23, 2008 PRIVILEGE

12  LOG.

13  **RESPONSE TO REQUEST FOR ADMISSION NO. 26:**

14      Mr. Larian objects to the request as it seeks disclosure of information that is

15  protected by the attorney-client privilege and/or work product doctrine in that the

16  basis for Mr. Larian's knowledge is communications with his counsel. Mr. Larian

17  objects to the request to the extent it seeks information not relevant to the claims or

18  defenses of any party to this action and not reasonably calculated to lead to the

19  discovery of admissible evidence. Mr. Larian objects to the request to the extent it

20  is unduly burdensome and oppressive. In responding, Mr. Larian has not and will

21  not comply with any instructions or definitions that seek to impose requirements in

22  addition to those imposed by the Federal Rules of Civil Procedure or any applicable

23  local rule. Mr. Larian reserves the right to object on any ground at any time to such

24  other and supplemental discovery requests as Mattel may propound involving or

25  relating to the same subject matter(s) of the request. Mr. Larian objects to the

26  definitions and instructions to the extent such definitions and instructions purport to

27  enlarge, expand, or alter in any way the plain meaning and scope of any specific

28  term or specific requests on the grounds that such enlargement, expansion or

LARIAN'S RESPONSE TO MATTEL'S RFA TO LARIAN RELATED
TO ASSERTION OF PRIVILEGE TO WITHHOLD NON-
PRIVILEGED LARIAN EMAIL COMMUNICATIONS, CV 04-

EXHIBIT ___29___

PAGE ___477___

1  alteration renders such a term or request vague, ambiguous, unintelligible, overly

2  broad, unduly burdensome, uncertain or otherwise open to interpretation.

3  **REQUEST FOR ADMISSION NO. 27:**

4      Admit that the document attached hereto as Exhibit 1 was listed on a MGA

5  privilege log prior to MGA'S REVISED JANUARY 23, 2008 PRIVILEGE LOG.

6  **RESPONSE TO REQUEST FOR ADMISSION NO. 27:**

7      Mr. Larian objects to the request as it seeks disclosure of information that is

8  protected by the attorney-client privilege and/or work product doctrine in that the

9  basis for Mr. Larian's knowledge is communications with his counsel. Mr. Larian

10  objects to the request to the extent it seeks information not relevant to the claims or

11  defenses of any party to this action and not reasonably calculated to lead to the

12  discovery of admissible evidence. Mr. Larian objects to the request to the extent it

13  is unduly burdensome and oppressive. In responding, Mr. Larian has not and will

14  not comply with any instructions or definitions that seek to impose requirements in

15  addition to those imposed by the Federal Rules of Civil Procedure or any applicable

16  local rule. Mr. Larian reserves the right to object on any ground at any time to such

17  other and supplemental discovery requests as Mattel may propound involving or

18  relating to the same subject matter(s) of the request. Mr. Larian objects to the

19  definitions and instructions to the extent such definitions and instructions purport to

20  enlarge, expand, or alter in any way the plain meaning and scope of any specific

21  term or specific requests on the grounds that such enlargement, expansion or

22  alteration renders such a term or request vague, ambiguous, unintelligible, overly

23  broad, unduly burdensome, uncertain or otherwise open to interpretation.

24  **REQUEST FOR ADMISSION NO. 28:**

25      Admit that the document attached hereto as Exhibit 1 was listed on MGA'S

26  REVISED JANUARY 23, 2008 PRIVILEGE LOG because MGA knew prior to

27  that time that MGA had been compelled by Court Order to produce the documents

28  attached hereto as Exhibit 1.

LARIAN'S RESPONSE TO MATTEL'S RFA TO LARIAN RELATED
TO ASSERTION OF PRIVILEGE TO WITHHOLD NON-
PRIVILEGED LARIAN EMAIL COMMUNICATIONS, CV 04-



EXHIBIT    29
PAGE       478

1  **RESPONSE TO REQUEST FOR ADMISSION NO. 28:**

2      Mr. Larian objects to the request on the grounds that it is vague in failing to

3  specify any Court Order that Mattel contends applies and on the ground that it calls

4  for a legal conclusion.  Mr. Larian objects to the request as it seeks disclosure of

5  information that is protected by the attorney-client privilege and/or work product

6  doctrine in that the basis for Mr. Larian's knowledge is communications with his

7  counsel.  Mr. Larian objects to the request to the extent it seeks information not

8  relevant to the claims or defenses of any party to this action and not reasonably

9  calculated to lead to the discovery of admissible evidence.  Mr. Larian objects to

10  the request to the extent it is unduly burdensome and oppressive.  In responding,

11  Mr. Larian has not and will not comply with any instructions or definitions that

12  seek to impose requirements in addition to those imposed by the Federal Rules of

13  Civil Procedure or any applicable local rule.  Mr. Larian reserves the right to object

14  on any ground at any time to such other and supplemental discovery requests as

15  Mattel may propound involving or relating to the same subject matter(s) of the

16  request.  Mr. Larian objects to the definitions and instructions to the extent such

17  definitions and instructions purport to enlarge, expand, or alter in any way the plain

18  meaning and scope of any specific term or specific requests on the grounds that

19  such enlargement, expansion or alteration renders such a term or request vague,

20  ambiguous, unintelligible, overly broad, unduly burdensome, uncertain or otherwise

21  open to interpretation.  Finally, Mr. Larian objects to this request as compound in

22  that it combines three requests, *see* Request Nos. 2, 3 and Request No. 27.

23  **REQUEST FOR ADMISSION NO. 29:**

24      Admit that the document attached hereto as Exhibit 1 was listed as Entry No.

25  381 on MGA'S REVISED JANUARY 23, 2008 PRIVILEGE LOG.

26  **RESPONSE TO REQUEST FOR ADMISSION NO. 29:**

27      Mr. Larian objects to the request as it seeks disclosure of information that is

28  protected by the attorney-client privilege and/or work product doctrine in that the

LARIAN'S RESPONSE TO MATTEL'S RFA TO LARIAN RELATED
TO ASSERTION OF PRIVILEGE TO WITHHOLD NON-
PRIVILEGED LARIAN EMAIL COMMUNICATIONS, CV 04-


EXHIBIT  29
PAGE  479

1    basis for Mr. Larian's knowledge is communications with his counsel. Mr. Larian

2    objects to the request to the extent it seeks information not relevant to the claims or

3    defenses of any party to this action and not reasonably calculated to lead to the

4    discovery of admissible evidence. Mr. Larian objects to the request to the extent it

5    is unduly burdensome and oppressive. In responding, Mr. Larian has not and will

6    not comply with any instructions or definitions that seek to impose requirements in

7    addition to those imposed by the Federal Rules of Civil Procedure or any applicable

8    local rule. Mr. Larian reserves the right to object on any ground at any time to such

9    other and supplemental discovery requests as Mattel may propound involving or

10   relating to the same subject matter(s) of the request. Mr. Larian objects to the

11   definitions and instructions to the extent such definitions and instructions purport to

12   enlarge, expand, or alter in any way the plain meaning and scope of any specific

13   term or specific requests on the grounds that such enlargement, expansion or

14   alteration renders such a term or request vague, ambiguous, unintelligible, overly

15   broad, unduly burdensome, uncertain or otherwise open to interpretation.

16   **REQUEST FOR ADMISSION NO. 30:**

17        Admit that the document corresponding to Entry No. 557 on MGA'S [sic]

18   MGA'S REVISED JANUARY 23, 2008 PRIVILEGE LOG is a duplicate of the

19   document attached hereto as Exhibit 1.

20   **RESPONSE TO REQUEST FOR ADMISSION NO. 30:**

21        Mr. Larian objects to the request as it seeks disclosure of information that is

22   protected by the attorney-client privilege and/or work product doctrine in that the

23   basis for Mr. Larian's knowledge is communications with his counsel. Mr. Larian

24   objects to the request to the extent it seeks information not relevant to the claims or

25   defenses of any party to this action and not reasonably calculated to lead to the

26   discovery of admissible evidence. Mr. Larian objects to the request to the extent it

27   is unduly burdensome and oppressive. In responding, Mr. Larian has not and will

28   not comply with any instructions or definitions that seek to impose requirements in

- 29 -


EXHIBIT 29
PAGE 480

1      addition to those imposed by the Federal Rules of Civil Procedure or any applicable

2      local rule. Mr. Larian reserves the right to object on any ground at any time to such

3      other and supplemental discovery requests as Mattel may propound involving or

4      relating to the same subject matter(s) of the request. Mr. Larian objects to the

5      definitions and instructions to the extent such definitions and instructions purport to

6      enlarge, expand, or alter in any way the plain meaning and scope of any specific

7      term or specific requests on the grounds that such enlargement, expansion or

8      alteration renders such a term or request vague, ambiguous, unintelligible, overly

9      broad, unduly burdensome, uncertain or otherwise open to interpretation.

10     **REQUEST FOR ADMISSION NO. 31:**

11        Admit that the document corresponding to Entry No. 557 on MGA's

12     REVISED JANUARY 23, 2008 PRIVILEGE LOG is not a duplicate of the

13     document attached hereto as Exhibit 1.

14     **RESPONSE TO REQUEST FOR ADMISSION NO. 31:**

15        Mr. Larian objects to the request as it seeks disclosure of information that is

16     protected by the attorney-client privilege and/or work product doctrine in that the

17     basis for Mr. Larian's knowledge is communications with his counsel. Mr. Larian

18     objects to the request to the extent it seeks information not relevant to the claims or

19     defenses of any party to this action and not reasonably calculated to lead to the

20     discovery of admissible evidence. Mr. Larian objects to the request to the extent it

21     is unduly burdensome and oppressive. In responding, Mr. Larian has not and will

22     not comply with any instructions or definitions that seek to impose requirements in

23     addition to those imposed by the Federal Rules of Civil Procedure or any applicable

24     local rule. Mr. Larian reserves the right to object on any ground at any time to such

25     other and supplemental discovery requests as Mattel may propound involving or

26     relating to the same subject matter(s) of the request. Mr. Larian objects to the

27     definitions and instructions to the extent such definitions and instructions purport to

28     enlarge, expand, or alter in any way the plain meaning and scope of any specific

LARIAN'S RESPONSE TO MATTEL'S RFA TO LARIAN RELATED
TO ASSERTION OF PRIVILEGE TO WITHHOLD NON-
PRIVILEGED LARIAN EMAIL COMMUNICATIONS, CV 04-



EXHIBIT 29

PAGE 481

1   term or specific requests on the grounds that such enlargement, expansion or

2   alteration renders such a term or request vague, ambiguous, unintelligible, overly

3   broad, unduly burdensome, uncertain or otherwise open to interpretation.

4   **REQUEST FOR ADMISSION NO. 32:**

5       Admit that the document corresponding to Entry No. 557 on MGA'S

6   REVISED JANUARY 23, 2008 PRIVILEGE LOG is a further communication

7   related to the subject or subjects of the document attached hereto as Exhibit 1.

8   **RESPONSE TO REQUEST FOR ADMISSION NO. 32:**

9       Mr. Larian objects on the grounds that the phrase "further communication

10  related to the subject or subjects of the document attached hereto as Exhibit 1" is

11  vague and ambiguous. Mr. Larian objects to the request as it seeks disclosure of

12  information that is protected by the attorney-client privilege and/or work product

13  doctrine in that the basis for Mr. Larian's knowledge is communications with his

14  counsel. Mr. Larian objects to the request to the extent it seeks information not

15  relevant to the claims or defenses of any party to this action and not reasonably

16  calculated to lead to the discovery of admissible evidence. Mr. Larian objects to

17  the request to the extent it is unduly burdensome and oppressive. In responding,

18  Mr. Larian has not and will not comply with any instructions or definitions that

19  seek to impose requirements in addition to those imposed by the Federal Rules of

20  Civil Procedure or any applicable local rule. Mr. Larian reserves the right to object

21  on any ground at any time to such other and supplemental discovery requests as

22  Mattel may propound involving or relating to the same subject matter(s) of the

23  request. Mr. Larian objects to the definitions and instructions to the extent such

24  definitions and instructions purport to enlarge, expand, or alter in any way the plain

25  meaning and scope of any specific term or specific requests on the grounds that

26  such enlargement, expansion or alteration renders such a term or request vague,

27  ambiguous, unintelligible, overly broad, unduly burdensome, uncertain or otherwise

28  open to interpretation.

- 31 -



EXHIBIT 29

PAGE 482

1  **REQUEST FOR ADMISSION NO. 33:**

2      Admit that the document corresponding to Entry No. 557 on MGA'S

3  REVISED JANUARY 23, 2008 PRIVILEGE LOG is not a further communication

4  related to the subject or subjects of the document attached hereto as Exhibit 1.

5  **RESPONSE TO REQUEST FOR ADMISSION NO. 33:**

6      Mr. Larianr objects on the grounds that the phrase "further communication

7  related to the subject or subjects of the document attached hereto as Exhibit 1" is

8  vague and ambiguous.  Mr. Larian objects to the request as it seeks disclosure of

9  information that is protected by the attorney-client privilege and/or work product

10  doctrine in that the basis for Mr. Larian's knowledge is communications with his

11  counsel.  Mr. Larian objects to the request to the extent it seeks information not

12  relevant to the claims or defenses of any party to this action and not reasonably

13  calculated to lead to the discovery of admissible evidence.  Mr. Larian objects to

14  the request to the extent it is unduly burdensome and oppressive.  In responding,

15  Mr. Larian has not and will not comply with any instructions or definitions that

16  seek to impose requirements in addition to those imposed by the Federal Rules of

17  Civil Procedure or any applicable local rule.  Mr. Larian reserves the right to object

18  on any ground at any time to such other and supplemental discovery requests as

19  Mattel may propound involving or relating to the same subject matter(s) of the

20  request.  Mr. Larian objects to the definitions and instructions to the extent such

21  definitions and instructions purport to enlarge, expand, or alter in any way the plain

22  meaning and scope of any specific term or specific requests on the grounds that

23  such enlargement, expansion or alteration renders such a term or request vague,

24  ambiguous, unintelligible, overly broad, unduly burdensome, uncertain or otherwise

25  open to interpretation.

26  **REQUEST FOR ADMISSION NO. 34:**

27      Admit that the document corresponding to Entry No. 557 on MGA'S

28  REVISED JANUARY 23, 2008 PRIVILEGE LOG has been withheld by YOU

- 32 -

LARIAN'S RESPONSE TO MATTEL'S RFA TO LARIAN RELATED
TO ASSERTION OF PRIVILEGE TO WITHHOLD NON-
PRIVILEGED LARIAN EMAIL COMMUNICATIONS, CV 04-


EXHIBIT 29
PAGE 483

1   from production in this litigation on Mattel on attorney-client privilege grounds.

2   **RESPONSE TO REQUEST FOR ADMISSION NO. 34:**

3        Mr. Larian objects to the request as vague and ambiguous in its use of the

4   phrase "the document" because "the document" contains a series of emails certain

5   of which were marked as trial exhibits and, therefore, Mr. Larian assumes that "the

6   document" means any portions of the email that were not marked as a trial exhibit.

7   As such, Mr. Larian objects to the request as it seeks disclosure of information that

8   is protected by the attorney-client privilege and/or work product doctrine in that the

9   basis for Mr. Larian's knowledge is communications with his counsel.  Mr. Larian

10  additionally objects to this request on the grounds that it calls for a legal

11  conclusion.  Mr. Larian objects to the request to the extent it seeks information not

12  relevant to the claims or defenses of any party to this action and not reasonably

13  calculated to lead to the discovery of admissible evidence.  Mr. Larian objects to

14  the request to the extent it is unduly burdensome and oppressive.  In responding,

15  Mr. Larian has not and will not comply with any instructions or definitions that

16  seek to impose requirements in addition to those imposed by the Federal Rules of

17  Civil Procedure or any applicable local rule.  Mr. Larian reserves the right to object

18  on any ground at any time to such other and supplemental discovery requests as

19  Mattel may propound involving or relating to the same subject matter(s) of the

20  request.  Mr. Larian objects to the definitions and instructions to the extent such

21  definitions and instructions purport to enlarge, expand, or alter in any way the plain

22  meaning and scope of any specific term or specific requests on the grounds that

23  such enlargement, expansion or alteration renders such a term or request vague,

24  ambiguous, unintelligible, overly broad, unduly burdensome, uncertain or otherwise

25  open to interpretation. Mr. Larian objects to the request as vague and ambiguous in

26  its use of the phrase "withheld by YOU from production in this litigation to

27  Mattel."

28

- 33 -

LARIAN'S RESPONSE TO MATTEL'S RFA TO LARIAN RELATED
TO ASSERTION OF PRIVILEGE TO WITHHOLD NON-
PRIVILEGED LARIAN EMAIL COMMUNICATIONS, CV 04-



EXHIBIT 29
PAGE 484

1   **REQUEST FOR ADMISSION NO. 35:**

2       Admit that the document corresponding to Entry No. 557 on MGA'S

3   REVISED JANUARY 23, 2008 PRIVILEGE LOG has been withheld by YOU

4   from production in this litigation on Mattel on work product grounds.

5   **RESPONSE TO REQUEST FOR ADMISSION NO. 35:**

6       Mr. Larian objects to the request as vague and ambiguous in its use of the

7   phrase "the document" because "the document" contains a series of emails certain

8   of which were marked as trial exhibits and, therefore, Mr. Larian assumes that "the

9   document" means any portions of the email that were not marked as a trial exhibit.

10   As such, Mr. Larian objects to the request as it seeks disclosure of information that

11   is protected by the attorney-client privilege and/or work product doctrine in that the

12   basis for Mr. Larian's knowledge is communications with his counsel. Mr. Larian

13   additionally objects to this request on the grounds that it calls for a legal

14   conclusion. Mr. Larian objects to the request to the extent it seeks information not

15   relevant to the claims or defenses of any party to this action and not reasonably

16   calculated to lead to the discovery of admissible evidence. Mr. Larian objects to

17   the request to the extent it is unduly burdensome and oppressive. In responding,

18   Mr. Larian has not and will not comply with any instructions or definitions that

19   seek to impose requirements in addition to those imposed by the Federal Rules of

20   Civil Procedure or any applicable local rule. Mr. Larian reserves the right to object

21   on any ground at any time to such other and supplemental discovery requests as

22   Mattel may propound involving or relating to the same subject matter(s) of the

23   request. Mr. Larian objects to the definitions and instructions to the extent such

24   definitions and instructions purport to enlarge, expand, or alter in any way the plain

25   meaning and scope of any specific term or specific requests on the grounds that

26   such enlargement, expansion or alteration renders such a term or request vague,

27   ambiguous, unintelligible, overly broad, unduly burdensome, uncertain or otherwise

28   open to interpretation. Mr. Larian objects to the request as vague and ambiguous in

LARIAN'S RESPONSE TO MATTEL'S RFA TO LARIAN RELATED
TO ASSERTION OF PRIVILEGE TO WITHHOLD NON-
PRIVILEGED LARIAN EMAIL COMMUNICATIONS, CV 04-



EXHIBIT _29_
PAGE _485_

1    its use of the phrase "withheld by YOU from production in this litigation to

2    Mattel."

3    **REQUEST FOR ADMISSION NO. 36:**

4        Admit that the document corresponding to Entry No. 557 on MGA'S

5    REVISED JANUARY 23, 2008 PRIVILEGE LOG is protected by attorney-client

6    privilege.

7    **RESPONSE TO REQUEST FOR ADMISSION NO. 36:**

8        Mr. Larian objects to the request as vague and ambiguous in its use of the

9    phrase "the document" because "the document" contains a series of emails certain

10   of which were marked as trial exhibits and, therefore, Mr. Larian assumes that "the

11   document" means any portions of the email that were not marked as a trial exhibit.

12   As such, Mr. Larian objects to the request as it seeks disclosure of information that

13   is protected by the attorney-client privilege and/or work product doctrine in that Mr.

14   Larian's knowledge concerning the scope and nature of the attorney-client privilege

15   as applied to Exhibit 1 to the request has been gained by and through

16   communications with his counsel. Mr. Larian additionally objects to this request on

17   the grounds that it calls for a legal conclusion. Mr. Larian objects to the request to

18   the extent it seeks information not relevant to the claims or defenses of any party to

19   this action and not reasonably calculated to lead to the discovery of admissible

20   evidence. Mr. Larian objects to the request to the extent it is unduly burdensome

21   and oppressive. In responding, Mr. Larian has not and will not comply with any

22   instructions or definitions that seek to impose requirements in addition to those

23   imposed by the Federal Rules of Civil Procedure or any applicable local rule. Mr.

24   Larian reserves the right to object on any ground at any time to such other and

25   supplemental discovery requests as Mattel may propound involving or relating to

26   the same subject matter(s) of the request. Mr. Larian objects to the definitions and

27   instructions to the extent such definitions and instructions purport to enlarge,

28   expand, or alter in any way the plain meaning and scope of any specific term or

LARIAN'S RESPONSE TO MATTEL'S RFA TO LARIAN RELATED
TO ASSERTION OF PRIVILEGE TO WITHHOLD NON-
PRIVILEGED LARIAN EMAIL COMMUNICATIONS, CV 04-



EXHIBIT 29
PAGE 486

1    specific requests on the grounds that such enlargement, expansion or alteration

2    renders such a term or request vague, ambiguous, unintelligible, overly broad,

3    unduly burdensome, uncertain or otherwise open to interpretation.

4    **REQUEST FOR ADMISSION NO. 37:**

5        Admit that the document corresponding to Entry No. 557 on MGA'S

6    REVISED JANUARY 23, 2008 PRIVILEGE LOG is protected by the work

7    product doctrine.

8    **RESPONSE TO REQUEST FOR ADMISSION NO. 37:**

9        Mr. Larian objects to the request as vague and ambiguous in its use of the

10   phrase "the document" because "the document" contains a series of emails certain

11   of which were marked as trial exhibits and, therefore, Mr. Larian assumes that "the

12   document" means any portions of the email that were not marked as a trial exhibit.

13   As such, Mr. Larian objects to the request as it seeks disclosure of information that

14   is protected by the attorney-client privilege and/or work product doctrine in that Mr.

15   Larian's knowledge concerning the scope and nature of the work product doctrine

16   as applied to Exhibit 1 to the request has been gained by and through

17   communications with his counsel. Mr. Larian additionally objects to this request on

18   the grounds that it calls for a legal conclusion. Mr. Larian objects to the request to

19   the extent it seeks information not relevant to the claims or defenses of any party to

20   this action and not reasonably calculated to lead to the discovery of admissible

21   evidence. Mr. Larian objects to the request to the extent it is unduly burdensome

22   and oppressive. In responding, Mr. Larian has not and will not comply with any

23   instructions or definitions that seek to impose requirements in addition to those

24   imposed by the Federal Rules of Civil Procedure or any applicable local rule. Mr.

25   Larian reserves the right to object on any ground at any time to such other and

26   supplemental discovery requests as Mattel may propound involving or relating to

27   the same subject matter(s) of the request. Mr. Larian objects to the definitions and

28   instructions to the extent such definitions and instructions purport to enlarge,

LARIAN'S RESPONSE TO MATTEL'S RFA TO LARIAN RELATED
TO ASSERTION OF PRIVILEGE TO WITHHOLD NON-
PRIVILEGED LARIAN EMAIL COMMUNICATIONS, CV 04-



EXHIBIT ___29___
PAGE ___487___

1  expand, or alter in any way the plain meaning and scope of any specific term or

2  specific requests on the grounds that such enlargement, expansion or alteration

3  renders such a term or request vague, ambiguous, unintelligible, overly broad,

4  unduly burdensome, uncertain or otherwise open to interpretation.

5  **REQUEST FOR ADMISSION NO. 38:**

6       Admit that the document corresponding to Entry No. 557 on MGA'S

7  REVISED JANUARY 23, 2008 PRIVILEGE LOG is not protected by attorney-

8  client privilege.

9  **RESPONSE TO REQUEST FOR ADMISSION NO. 38:**

10      Mr. Larian objects to the request as vague and ambiguous in its use of the

11  phrase "the document" because "the document" contains a series of emails certain

12  of which were marked as trial exhibits and, therefore, Mr. Larian assumes that "the

13  document" means any portions of the email that were not marked as a trial exhibit.

14  As such, Mr. Larian objects to the request as it seeks disclosure of information that

15  is protected by the attorney-client privilege and/or work product doctrine in that Mr.

16  Larian's knowledge concerning the scope and nature of the attorney-client privilege

17  as applied to Exhibit 1 to the request has been gained by and through

18  communications with his counsel. Mr. Larian additionally objects to this request on

19  the grounds that it calls for a legal conclusion. Mr. Larian objects to the request to

20  the extent it seeks information not relevant to the claims or defenses of any party to

21  this action and not reasonably calculated to lead to the discovery of admissible

22  evidence. Mr. Larian objects to the request to the extent it is unduly burdensome

23  and oppressive. In responding, Mr. Larian has not and will not comply with any

24  instructions or definitions that seek to impose requirements in addition to those

25  imposed by the Federal Rules of Civil Procedure or any applicable local rule. Mr.

26  Larian reserves the right to object on any ground at any time to such other and

27  supplemental discovery requests as Mattel may propound involving or relating to

28  the same subject matter(s) of the request. Mr. Larian objects to the definitions and

- 37 -

LARIAN'S RESPONSE TO MATTEL'S RFA TO LARIAN RELATED
TO ASSERTION OF PRIVILEGE TO WITHHOLD NON-
PRIVILEGED LARIAN EMAIL COMMUNICATIONS, CV 04-



EXHIBIT 29
PAGE 488

1  instructions to the extent such definitions and instructions purport to enlarge,

2  expand, or alter in any way the plain meaning and scope of any specific term or

3  specific requests on the grounds that such enlargement, expansion or alteration

4  renders such a term or request vague, ambiguous, unintelligible, overly broad,

5  unduly burdensome, uncertain or otherwise open to interpretation.

6  **REQUEST FOR ADMISSION NO. 39:**

7       Admit that the document corresponding to Entry No. 557 on MGA'S

8  REVISED JANUARY 23, 2008 PRIVILEGE LOG is not protected by the work

9  product doctrine.

10  **RESPONSE TO REQUEST FOR ADMISSION NO. 39:**

11      Mr. Larian objects to the request as vague and ambiguous in its use of the

12  phrase "the document" because "the document" contains a series of emails certain

13  of which were marked as trial exhibits and, therefore, Mr. Larian assumes that "the

14  document" means any portions of the email that were not marked as a trial exhibit.

15  As such, Mr. Larian objects to the request as it seeks disclosure of information that

16  is protected by the attorney-client privilege and/or work product doctrine in that Mr.

17  Larian's knowledge concerning the scope and nature of the work product doctrine

18  as applied to Exhibit 1 to the request has been gained by and through

19  communications with his counsel. Mr. Larian additionally objects to this request on

20  the grounds that it calls for a legal conclusion. Mr. Larian objects to the request to

21  the extent it seeks information not relevant to the claims or defenses of any party to

22  this action and not reasonably calculated to lead to the discovery of admissible

23  evidence. Mr. Larian objects to the request to the extent it is unduly burdensome

24  and oppressive. In responding, Mr. Larian has not and will not comply with any

25  instructions or definitions that seek to impose requirements in addition to those

26  imposed by the Federal Rules of Civil Procedure or any applicable local rule. Mr.

27  Larian reserves the right to object on any ground at any time to such other and

28  supplemental discovery requests as Mattel may propound involving or relating to

<div align="center">- 38 -</div>

LARIAN'S RESPONSE TO MATTEL'S RFA TO LARIAN RELATED
TO ASSERTION OF PRIVILEGE TO WITHHOLD NON-
PRIVILEGED LARIAN EMAIL COMMUNICATIONS, CV 04-



EXHIBIT   29
PAGE   489

1   the same subject matter(s) of the request.  Mr. Larian objects to the definitions and

2   instructions to the extent such definitions and instructions purport to enlarge,

3   expand, or alter in any way the plain meaning and scope of any specific term or

4   specific requests on the grounds that such enlargement, expansion or alteration

5   renders such a term or request vague, ambiguous, unintelligible, overly broad,

6   unduly burdensome, uncertain or otherwise open to interpretation.

7   **REQUEST FOR ADMISSION NO. 40:**

8       Admit that the document corresponding to Entry No. 557 on MGA'S

9   REVISED JANUARY 23, 2008 PRIVILEGE LOG never was protected by

10   attorney-client privilege.

11   **RESPONSE TO REQUEST FOR ADMISSION NO. 40:**

12       Mr. Larian objects to the request as vague and ambiguous in its use of the

13   phrase "the document" because "the document" contains a series of emails certain

14   of which were marked as trial exhibits and, therefore, Mr. Larian assumes that "the

15   document" means any portions of the email that were not marked as a trial exhibit.

16   As such, Mr. Larian objects to the request as it seeks disclosure of information that

17   is protected by the attorney-client privilege and/or work product doctrine in that Mr.

18   Larian's knowledge concerning the scope and nature of the attorney-client privilege

19   as applied to Exhibit 1 to the request has been gained by and through

20   communications with his counsel.  Mr. Larian additionally objects to this request on

21   the grounds that it calls for a legal conclusion.  Mr. Larian objects to the request to

22   the extent it seeks information not relevant to the claims or defenses of any party to

23   this action and not reasonably calculated to lead to the discovery of admissible

24   evidence.  Mr. Larian objects to the request to the extent it is unduly burdensome

25   and oppressive.  In responding, Mr. Larian has not and will not comply with any

26   instructions or definitions that seek to impose requirements in addition to those

27   imposed by the Federal Rules of Civil Procedure or any applicable local rule.  Mr.

28   Larian reserves the right to object on any ground at any time to such other and

LARIAN'S RESPONSE TO MATTEL'S RFA TO LARIAN RELATED
TO ASSERTION OF PRIVILEGE TO WITHHOLD NON-
PRIVILEGED LARIAN EMAIL COMMUNICATIONS, CV 04-

EXHIBIT _29_
PAGE _490_

1   supplemental discovery requests as Mattel may propound involving or relating to

2   the same subject matter(s) of the request.  Mr. Larian objects to the definitions and

3   instructions to the extent such definitions and instructions purport to enlarge,

4   expand, or alter in any way the plain meaning and scope of any specific term or

5   specific requests on the grounds that such enlargement, expansion or alteration

6   renders such a term or request vague, ambiguous, unintelligible, overly broad,

7   unduly burdensome, uncertain or otherwise open to interpretation.

8   **REQUEST FOR ADMISSION NO. 41:**

9        Admit that the document corresponding to Entry No. 557 on MGA'S

10  REVISED JANUARY 23, 2008 PRIVILEGE LOG never was protected by the

11  work product doctrine.

12  **RESPONSE TO REQUEST FOR ADMISSION NO. 41:**

13        Mr. Larian objects to the request as vague and ambiguous in its use of the

14  phrase "the document" because "the document" contains a series of emails certain

15  of which were marked as trial exhibits and, therefore, Mr. Larian assumes that "the

16  document" means any portions of the email that were not marked as a trial exhibit.

17  As such, Mr. Larian objects to the request as it seeks disclosure of information that

18  is protected by the attorney-client privilege and/or work product doctrine in that Mr.

19  Larian's knowledge concerning the scope and nature of the work product doctrine

20  as applied to Exhibit 1 to the request has been gained by and through

21  communications with his counsel.  Mr. Larian additionally objects to this request on

22  the grounds that it calls for a legal conclusion.  Mr. Larian objects to the request to

23  the extent it seeks information not relevant to the claims or defenses of any party to

24  this action and not reasonably calculated to lead to the discovery of admissible

25  evidence.  Mr. Larian objects to the request to the extent it is unduly burdensome

26  and oppressive.  In responding, Mr. Larian has not and will not comply with any

27  instructions or definitions that seek to impose requirements in addition to those

28  imposed by the Federal Rules of Civil Procedure or any applicable local rule.  Mr.

- 40 -



EXHIBIT   29
PAGE   491

1   Larian reserves the right to object on any ground at any time to such other and

2   supplemental discovery requests as Mattel may propound involving or relating to

3   the same subject matter(s) of the request.  Mr. Larian objects to the definitions and

4   instructions to the extent such definitions and instructions purport to enlarge,

5   expand, or alter in any way the plain meaning and scope of any specific term or

6   specific requests on the grounds that such enlargement, expansion or alteration

7   renders such a term or request vague, ambiguous, unintelligible, overly broad,

8   unduly burdensome, uncertain or otherwise open to interpretation

9   **REQUEST FOR ADMISSION NO. 42:**

10       Admit that MGA has produced all other versions of the exchange reflected in

11   the document attached hereto as Exhibit 1.

12   **RESPONSE TO REQUEST FOR ADMISSION NO. 42:**

13       Mr. Larian objects to the phrase "all other versions of the exchange reflected

14   in the document" as vague and ambiguous.Mr. Larian objects to the request insofar

15   as it seeks disclosure of information that is protected by the attorney-client privilege

16   and/or work product doctrine.  Mr. Larian objects to the request to the extent it

17   seeks information not relevant to the claims or defenses of any party to this action

18   and not reasonably calculated to lead to the discovery of admissible evidence.  Mr.

19   Larian objects to the request to the extent it is unduly burdensome and oppressive.

20   In responding, Mr. Larian has not and will not comply with any instructions or

21   definitions that seek to impose requirements in addition to those imposed by the

22   Federal Rules of Civil Procedure or any applicable local rule.  Mr. Larian reserves

23   the right to object on any ground at any time to such other and supplemental

24   discovery requests as Mattel may propound involving or relating to the same

25   subject matter(s) of the request.  Mr. Larian objects to the definitions and

26   instructions to the extent such definitions and instructions purport to enlarge,

27   expand, or alter in any way the plain meaning and scope of any specific term or

28   specific requests on the grounds that such enlargement, expansion or alteration

- 41 -

LARIAN'S RESPONSE TO MATTEL'S RFA TO LARIAN RELATED
TO ASSERTION OF PRIVILEGE TO WITHHOLD NON-
PRIVILEGED LARIAN EMAIL COMMUNICATIONS, CV 04-



EXHIBIT  29
PAGE  492

1   renders such a term or request vague, ambiguous, unintelligible, overly broad,

2   unduly burdensome, uncertain or otherwise open to interpretation.      Subject to

3   and without waiving these objections, privileges and doctrines, Mr. Larian responds

4   as follows:

5       Mr. Larian admits that it has conducted a good faith diligent search and

6   reasonable inquiry for documents responsive to Mattel's discovery requests,

7   including documents that contain the emails reflected in Exhibit 1, and has provided

8   those documents to counsel for MGA and Mr. Larian.

9   **REQUEST FOR ADMISSION NO. 43:**

10      Admit that MGA has not produced to Mattel all other versions of the

11  exchange reflected in the document attached hereto as Exhibit 1.

12  **RESPONSE TO REQUEST FOR ADMISSION NO. 43:**

13      Mr. Larian additionally objects to the phrase "all other versions of the

14  exchange reflected in the document" as vague and ambiguous. Mr. Larian objects

15  to the request insofar as it seeks disclosure of information that is protected by the

16  attorney-client privilege and/or work product doctrine. Mr. Larian objects to the

17  request to the extent it seeks information not relevant to the claims or defenses of

18  any party to this action and not reasonably calculated to lead to the discovery of

19  admissible evidence. Mr. Larian objects to the request to the extent it is unduly

20  burdensome and oppressive. In responding, Mr. Larian has not and will not comply

21  with any instructions or definitions that seek to impose requirements in addition to

22  those imposed by the Federal Rules of Civil Procedure or any applicable local rule.

23  Mr. Larian reserves the right to object on any ground at any time to such other and

24  supplemental discovery requests as Mattel may propound involving or relating to

25  the same subject matter(s) of the request. Mr. Larian objects to the definitions and

26  instructions to the extent such definitions and instructions purport to enlarge,

27  expand, or alter in any way the plain meaning and scope of any specific term or

28  specific requests on the grounds that such enlargement, expansion or alteration

- 42 -

LARIAN'S RESPONSE TO MATTEL'S RFA TO LARIAN RELATED
TO ASSERTION OF PRIVILEGE TO WITHHOLD NON-
PRIVILEGED LARIAN EMAIL COMMUNICATIONS, CV 04-


EXHIBIT  29
PAGE  4937

1   renders such a term or request vague, ambiguous, unintelligible, overly broad,

2   unduly burdensome, uncertain or otherwise open to interpretation.      Subject to

3   and without waiving these objections, privileges and doctrines, Mr. Larian responds

4   as follows:

5       Mr. Larian admits that it has conducted a good faith diligent search and

6   reasonable inquiry for documents responsive to Mattel's discovery requests,

7   including documents that contain the emails reflected in Exhibit 1, and has provided

8   those documents to counsel for MGA and Mr. Larian.

9   **REQUEST FOR ADMISSION NO. 44:**

10      Admit that there are additional communications to or from Isaac Larian that

11  are part of the email chain attached hereto as Exhibit 1.

12  **RESPONSE TO REQUEST FOR ADMISSION NO. 44:**

13      Mr. Larian objects to the phrase "additional communications to or from Isaac

14  Larian that are part of the email chain" as vague and ambiguous.  Mr. Larian

15  objects to the request insofar as it seeks disclosure of information that is protected

16  by the attorney-client privilege and/or work product doctrine.  Mr. Larian objects to

17  the request to the extent it seeks information not relevant to the claims or defenses

18  of any party to this action and not reasonably calculated to lead to the discovery of

19  admissible evidence.  Mr. Larian objects to the request to the extent it is unduly

20  burdensome and oppressive.  In responding, Mr. Larian has not and will not comply

21  with any instructions or definitions that seek to impose requirements in addition to

22  those imposed by the Federal Rules of Civil Procedure or any applicable local rule.

23  Mr. Larian reserves the right to object on any ground at any time to such other and

24  supplemental discovery requests as Mattel may propound involving or relating to

25  the same subject matter(s) of the request.  Mr. Larian objects to the definitions and

26  instructions to the extent such definitions and instructions purport to enlarge,

27  expand, or alter in any way the plain meaning and scope of any specific term or

28  specific requests on the grounds that such enlargement, expansion or alteration

- 43 -


EXHIBIT
PAGE

1   renders such a term or request vague, ambiguous, unintelligible, overly broad,

2   unduly burdensome, uncertain or otherwise open to interpretation.

3       Subject to and without waiving these objections, privileges and doctrines,

4   Mr. Larian responds as follows:

5       Mr. Larian admits that it has conducted a good faith diligent search and

6   reasonable inquiry for documents responsive to Mattel's discovery requests,

7   including documents that contain the emails reflected in Exhibit 1, and has provided

8   those documents to counsel for MGA and Mr. Larian.

9   **REQUEST FOR ADMISSION NO. 45:**

10      Admit that there are no additional communications to or from Isaac Larian

11   that are part of the email chain attached hereto as Exhibit 1.

12   **RESPONSE TO REQUEST FOR ADMISSION NO. 45:**

13      Mr. Larian objects to the phrase "additional communications to or from Isaac

14   Larian that are part of the email chain" as vague and ambiguous. Mr. Larian

15   objects to the request insofar as it seeks disclosure of information that is protected

16   by the attorney-client privilege and/or work product doctrine. Mr. Larian objects to

17   the request to the extent it seeks information not relevant to the claims or defenses

18   of any party to this action and not reasonably calculated to lead to the discovery of

19   admissible evidence. Mr. Larian objects to the request to the extent it is unduly

20   burdensome and oppressive. In responding, Mr. Larian has not and will not comply

21   with any instructions or definitions that seek to impose requirements in addition to

22   those imposed by the Federal Rules of Civil Procedure or any applicable local rule.

23   Mr. Larian reserves the right to object on any ground at any time to such other and

24   supplemental discovery requests as Mattel may propound involving or relating to

25   the same subject matter(s) of the request. Mr. Larian objects to the definitions and

26   instructions to the extent such definitions and instructions purport to enlarge,

27   expand, or alter in any way the plain meaning and scope of any specific term or

28   specific requests on the grounds that such enlargement, expansion or alteration

LARIAN'S RESPONSE TO MATTEL'S RFA TO LARIAN RELATED
TO ASSERTION OF PRIVILEGE TO WITHHOLD NON-
PRIVILEGED LARIAN EMAIL COMMUNICATIONS, CV 04-



EXHIBIT 4   29
PAGE 495

1  renders such a term or request vague, ambiguous, unintelligible, overly broad,

2  unduly burdensome, uncertain or otherwise open to interpretation.

3       Subject to and without waiving these objections, privileges and doctrines,

4  Mr. Larian responds as follows:

5       Mr. Larian admits that it has conducted a good faith diligent search and

6  reasonable inquiry for documents responsive to Mattel's discovery requests,

7  including documents that contain the emails reflected in Exhibit 1, and has provided

8  those documents to counsel for MGA and Mr. Larian.

9

10

11  Dated: October 13, 2009                    ORRICK, HERRINGTON & SUTCLIFFE LLP

12

13                                   By: _____

14                                        Warrington S. Parker III
                                         Attorneys for MGA ENTERTAINMENT, INC.,
15                                        MGA ENTERTAINMENT HK, LTD., MGA de
                                         MEXICO, S.R.L. de C.V., and ISAAC LARIAN

16

17

18

19

20

21

22

23

24

25

26

27

28

LARIAN'S RESPONSE TO MATTEL'S RFA TO LARIAN RELATED
TO ASSERTION OF PRIVILEGE TO WITHHOLD NON-
PRIVILEGED LARIAN EMAIL COMMUNICATIONS, CV 04-

EXHIBIT ___
PAGE ___

**EXHIBIT 30**



# ORRICK

ORRICK, HERRINGTON & SUTCLIFFE LLP
4 PARK PLAZA
SUITE 1600
IRVINE, CALIFORNIA  92614-2558

tel  +1-949-567-6700
fax  949-567 6710

WWW.ORRICK.COM

August 21, 2009

Cynthia A. Lock
(949) 852-7753
clock@orrick.com

*BY MESSENGER*

B. Dylan Proctor
Quinn Emanuel
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017

Re:   <u>MGA Entertainment, Inc. v. Mattel</u>

Dear Dylan:

Enclosed is MGA's production of documents not submitted for *in camera* review, Bates Range MGA2 0069701 – MGA2 0070614.

## Mattel's Appendix A

Jan. 15 Log Entry Nos. 32, 33, 41 and 44.

Jan. 30 Log Entry Nos. 5, 40, 294, 295, 296, 297, 298, 299 and 300.

Oct. Log Entry Nos. 8, 1941, 2724, 2728, 2732 and 2802.

Rev. Aug. Log Entry No. 990.

Rev. Jan. 23 Log Entry Nos. 115, 209, 232, 233, 267, 381, 536, 548, 592, 593, 594, 595, 596, 609, 610, 611, 613, 672, 1172, 1173, 1178, 1179, 1277, 1301, 1399, 1418, 1424, 1474, 1635, 1706, 1721, 1731, 1732, 1775, 1779, 1783, 1899, 2025, 2039, 2042 and 2043.

Rev. Jan. 28 Log Entry Nos. 28, 36, 37, 38, 42, 43, 61, 97, 98, 99, 113 and 219.

## Mattel's Appendix B

Jan. 30 Log Entry Nos. 126, 218, 225 and 226.

Rev. Jan. 23 Log Entry No. 1476.

Rev. Jan. 28 Log Entry No. 214.

EXHIBIT __30__
PAGE __497__



**ORRICK**

B. Dylan Proctor
August 21, 2009
Page 2

**Mattel's Appendix C**

Oct. Log Entry Nos. 3, 1046, 1047, 1466 and 1761.

**Mattel's Appendix D**

Rev. Jan. 23 Log Entry Nos. 1480 and 1648.

**Mattel's Appendix E**

Jan. 15 Log Entry No. 188.

Rev. Jan. 23 Log Entry Nos. 118, 670, 1087, 1096, 1099, 1103, 2031 and 2090.

Very truly yours,

Cynthia A. Lock

cc:    Annette L. Hurst
       Jason D. Russell

EXHIBIT  30
PAGE  498



EXHIBIT ___30___
PAGE ___499___



EXHIBIT 30
PAGE 500

**EXHIBIT 31**

**CONFORMED COPY**

Hon. Edward A. Infante (Ret.)
JAMS
Two Embarcadero Center
Suite 1500
San Francisco, California 94111
Telephone:    (415) 774-2611
Facsimile:    (415) 982-5287

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>          Plaintiff,<br><br>     v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>          Defendant.<br><br>CONSOLIDATED WITH<br>MATTEL, INC. v. BRYANT and<br>MGA ENTERTAINMENT, INC. v. MATTEL, INC. | CASE NO. C 04-09049 SGL (RNBx)<br>JAMS Reference No. 1100049530<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-2727<br><br>**ORDER GRANTING MATTEL'S MOTION TO COMPEL MGA TO ANSWER REQUESTS FOR ADMISSION** |

## I. INTRODUCTION

On May 25, 2007, Mattel filed a "Motion To Compel MGA To Answer Requests For Admission And To Compel Amended Answers Or Order Requests Admitted And For Monetary Sanctions." On June 5, 2007, MGA filed an opposition, and on June 12, 2007, Mattel filed a reply. Thereafter the motion was deferred pending the resolution of MGA's motion to dismiss

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

1

EXHIBIT _31_

PAGE _____ 501

1   and completion of the meet and confer process. <u>See</u> Order Deferring Mattel's Motion to Compel

2   MGA to Answer Requests for Admission.  On June 27, 2007, Judge Larson entered an order

3   denying MGA's motion to dismiss Mattel's trade secret claims, and on August 9, 2007, Mattel

4   submitted an updated Statement of Rule 37-1 Compliance.  Also on August 9, 2007, the parties

5   submitted a joint statement indicating that they were able to resolve substantially all of the issues

6   raised in Mattel's motion.  As a result of the parties' meet and confer efforts, only the following

7   requests for admission remain in dispute:  Nos. 186-190, 192, 193, 199, 200, 206, 207, 213, 214,

8   222-224, 226, 228, 230, 232, 234, 236, 238 and 240 of Mattel's Third Set of Requests for

9   Admission.  Mattel also continues to seek monetary sanctions with respect to the requests for

10  admission identified above.

11          For the reasons set forth below, Mattel's motion to compel is granted and the motion for

12  sanctions is denied.

13                                  II. BACKGROUND

14          On February 28, 2007, Mattel propounded its Third Set of Requests for Admission

15  to MGA (the "Requests for Admission").  Among other things, the requests for admission ask

16  MGA to admit that certain copyrighted works are derivative of other Bratz works and that certain

17  copyrighted works are "substantially similar" to other Bratz works (Nos. 192, 193, 199, 200, 206,

18  207, 213, 214, 222-224, 226, 228, 230, 232, 234, 236, 238, and 240).[1]  Other requests ask MGA

19  to admit certain facts pertaining to statements MGA made to the press about MGA's and Mattel's

20  labor practices (Nos. 186-190).  The National Labor Committee issued a report titled "Made in

21  China:  The Sweatshop Behind the Bratz" documenting "sweatshop" conditions and labor abuses

22  at the Hua Tai 4K factory in China where Bratz dolls are manufactured.  According to Mattel,

23  MGA stated in a press release that "it is not familiar with the company named in the report," that

24  "MGA uses first rate factories in the orient to make its goods," and that "[t]he same factories

25  make products for the world's biggest toy manufacturers including Mattel."  Associated Press

---

26      [1] Hereinafter, these requests are collectively referred to as the "requests for admission regarding copyright
registrations."

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

2

EXHIBIT 31
502
PAGE _____

article dated December 22, 2006, Kidman Decl., Ex. 21. Mattel's requests for admission ask MGA to admit that the Hua Tai 4k factory is one of the factories used by MGA to manufacture Bratz dolls (No. 186), that MGA made the above-reference statements to the media (Nos. 187-188), that as of the date of those statements, the Hua Tai 4K factory did not manufacture products for Mattel (No. 189), and that MGA knew the Hua Tai 4K factory did not manufacture products for Mattel (No. 190).

On March 30, 2007, MGA served its Responses objecting to the requests for admission regarding copyright registrations on the grounds that they called for "a legal conclusion" and "the disclosure of attorney-client privileged information or information protected from disclosure by the work-product doctrine, joint defense or common interests privilege or other privilege." Kidman Decl., Ex. 11. As for the remainder of the requests for admission at issue (Nos. 186-190), MGA objected that the requests were "vague and ambiguous" and sought information that was not relevant to any claim or defense in the suit. The instant motion ensued.

With respect to the requests for admission regarding copyright registrations, Mattel contends that Rule 36, Fed.R.Civ.P., authorizes requests that call for a legal conclusion so long as the legal conclusion relates to the facts of the case. Mattel contends that it has sued MGA for copyright infringement, and therefore the requests for admission regarding copyright registrations clearly relate to the facts of the case. Further, Mattel contends that MGA's privilege and work product objections are without merit. Mattel argues that a party cannot avoid answering requests for admission that involve the application of law to fact by claiming that it needs to confer with counsel in order to do so. Mattel contends that to hold otherwise would effectively gut the provision of Rule 36 authorizing such requests.

As to the remaining requests for admission, Mattel contends that they seek admissions that are clearly relevant to its claim that MGA has engaged in unfair competition by, among other things, "repeatedly issu[ing] false and misleading press releases" about Mattel. Mattel's Counterclaim, ¶¶81 and 165, Kidman Decl., Ex. 7. Mattel also contends that the requests for admission seek information relevant to Mattel's defenses to MGA's unfair competition claims and causation of alleged damages on those claims. For example, Mattel contends that the requests

1   for admission could show that any decline in sales, lost profits or loss of goodwill and reputation

2   MGA seeks to attribute to Mattel's conduct was caused or contributed to the public's negative

3   reaction to MGA's alleged "sweatshop" labor practices.

4       In opposition, MGA stands by its objections that the requests for admission regarding

5   copyright registrations are improper because they call for a legal conclusion and require the

6   disclosure of information protected by the attorney-client privilege and work product doctrine.

7   MGA reasons that any knowledge it could have regarding whether copyright works are

8   "derivative" or "substantially similar" to other works must necessarily come from the opinions of

9   its counsel.

10      MGA contends that the remaining requests regarding its comments to the press are

11  irrelevant to any claim or defense. MGA points out that Mattel's counterclaims do not mention

12  any comments regarding the Hua Tai 4K factory or MGA's or Mattel's labor practices. Rather,

13  Mattel's counterclaims are based upon alleged comments by Isaac Larian regarding Mattel's

14  MyScene My Bling Bling dolls with real gems. Furthermore, MGA contends that the Request

15  Nos. 186-190 cannot support any defense against MGA's unfair competition claims because those

16  claims were filed well before the alleged press statements were made.

                        III. DISCUSSION

17      Rule 36 of the Federal Rules of Civil Procedure governs requests for admission and

18  provides, in pertinent part, that "[a] party may serve upon any other party a written request for the

19  admission, for purposes of the pending action only, of the truth of any matters within the scope of

20  Rule 26(b)(1) set forth in the request that relate to statements or opinions of fact or of the

21  application of law to fact, including the genuineness of any documents described in the request."

22  Fed.R.Civ.P. 36(a). Further, "[a] party who considers that a matter of which an admission has

23  been requested presents a genuine issue for trial may not, on that ground alone, object to the

24  request; the party may, subject to the provisions of Rule 37(c), deny the matter or set forth reasons

25  why the party cannot admit or deny it." Id.

26      "Rule 36 serves two vital purposes, both of which are designed to reduce trial time.

27  Admissions are sought, first to facilitate proof with respect to issues that cannot be eliminated

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

4

EXHIBIT  31
PAGE _____  504

1   from the case, and secondly, to narrow the issues by eliminating those that can be."  The Advisory

2   Committee Notes to the 1970 Amendment to Rule 36; see also Asea, Inc. v. Southern Pac.

3   Transp. Co., 669 F.2d 1242, 1245 (9th Cir. 1981) ("The purpose of Rule 36(a) is to expedite trial

4   by establishing certain material facts as true and thus narrowing the range of issues for trial.").

5       The Advisory Committee Notes to the 1970 Amendment to Rule 36 provide the following

6   additional guidance:

7          As revised, the subdivision provides that a request may be made to admit
       any matters within the scope of Rule 26(b) that relate to statements or opinions of
8       fact or of the application of law to fact.  It thereby eliminates the requirement that
       the matters be "of fact."  This change resolves conflicts in the court decisions as
9       to whether a request to admit matters of "opinion" and matters involving "mixed
       law and fact" is proper under the rule. . . .

10                          *     *     *

11          Not only is it difficult as a practical matter to separate "fact" from
       "opinion," see 4 *Moore's Federal Practice* ¶36.04 (2d ed. 1966); cf. 2A Barron &
12       Holtzoff, *Federal Practice and Procedure* 317 (Wright ed. 1961), but an
       admission on a matter of opinion may facilitate proof or narrow the issues or both.
13       An admission of a matter involving the application of law to fact may, in a given
       case, even more clearly narrow the issues.  For example, an admission that an
14       employee acted in the scope of his employment may remove a major issue from
       the trial.  In *McSparran v Hanigan,* [225 F. Supp. 628 (E.D. Pa. 1963)], plaintiff
15       admitted that "the premises on which said accident occurred, were occupied or
       under the control" of one of the defendants, 225 F.Supp. at 636.  This admission,
16       involving law as well as fact, removed one of the issues from the lawsuit and
       thereby reduced the proof required at trial.  The amended provision does not
17       authorize requests for admissions of law unrelated to the facts of the case.

18   1970 Advisory Committee Notes to Rule 36, Fed.R.Civ.P.

19          Requests For Admission re Copyright Registrations (Nos. 192, 193, 199,

20          200, 206, 207, 213, 214, 222-224, 226, 228, 230, 232, 234, 236, 238, and 240)

21       Mattel's requests for admission regarding copyright registrations are written in essentially

22   the same format.  For example, Request No. 192 asks MGA to "[a]dmit that the work registered

23   as VA 1-090-287 is a derivative of the work registered as VA 1-218-487."  Kidman Decl., Ex. 11.

24   Request No. 193 asks MGA to "[a]dmit that the work registered as VA 1-090-287 is substantially

25   similar to the work registered as VA 1-218-487."  Id.

26       Rule 36 plainly states that requests for admission may "relate to statements or opinions of

27   fact or the application of law to fact."  Mattel's requests for admission fall within this permissible

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)                                                                          5

EXHIBIT   31
                                        505
PAGE _____

category.  Courts have required parties to answer requests for admission similar to Mattel's requests.  For example, in McSparran, supra, the plaintiff admitted that "the premises on which said accident occurred, were occupied or under the control" of one of the defendants.  In Marchand v. Mercy Med. Ctr., 22 F.3d 933, 937 (9th Cir. 1994), the Ninth Circuit found that a request to admit that defendant's care and treatment of plaintiff failed to comply with the "applicable standards of care" was permissible.  In First Options of Chicago, Inc. v. Wallenstein, 1996 WL 729816 (E.D. Pa. 1996), the court ordered defendants to answer requests to admit that they "owed a fiduciary duty" to certain creditors to preserve corporate assets.  Id. at *3.  In Treister v. PNC Bank, 2007 WL 521935 (S.D. Fla. 2007), the court found that a request for defendant to admit that it was not required to provide plaintiffs with copies of cancelled checks drawn on their accounts "clearly calls for an application of law to fact."  Id. at *2.

Despite the stated purpose of the 1970 amendments to Rule 36  to "resolve conflicts in the court decisions as to whether a request to admit matters of 'opinion' and matters involving 'mixed law and fact' is proper under the rule, there apparently continues to exist a split of authority.  MGA cites to several cases for the proposition that a request for admission calling for legal conclusion is improper.  See e.g., Playboy Enterprises, Inc. v. Welles, 60 F.Supp.2d 1050 (S.D. Cal. 1999) (defendant allowed to object to requests asking her to admit she was a public figure and admit that a contract provision required her to obtain permission from plaintiff before using "Playmate of the Year" because the requests asked for a conclusion of law); Tulip Computers Int'l. B.V. v. Dell Computer Corp., 210 F.R.D. 100, 108 (D. Del. 2002) ("Moreover, requests that seek legal conclusions are not allowed under Rule 36."); Border Collie Rescue, Inc. v. Ryan, 418 F.Supp.2d 1330, n. 12 (M.D. Fla. 2006) (requests asking defendant to admit that he defamed plaintiffs and "knowingly and maliciously published false statements of fact" concerning plaintiffs deemed improper); Tuvalu v. Woodford, 2006 WL 3201096, at *7 (E.D. Cal. 2006) ("[R]equests for admission should not be used . . . to demand that the other party admit the truth of a legal conclusion, even if the conclusion is attached to operative facts. . ." ) (quotations omitted); and Fuentes v. Knowles, 2007 WL 1946619, at *2 (E.D. Cal. 2007) (requests asking defendant to admit that prisoners should be provided access to medical care, that defendant should

1  not delay access to care, and that defendant was aware of his responsibilities under certain

2  caselaw and statute were held improper as seeking "interpretations of law which is outside the

3  scope of defendant's knowledge" and legal conclusions). None of these cases are binding

4  authority, however. Furthermore, without knowing all of the factual circumstances that led to the

5  decisions in each of the cases cited above, it appears that most of them are inconsistent with the

6  plain language of Rule 36 and the guidelines set forth in the Advisory Committee Notes. See e.g.,

7  Playboy Enterprises, Inc., supra; Tulip, supra, Border Collie Rescue, Inc., supra. Rule 36

8  expressly allows requests for admission relating to "the application of law to fact." Fed.R.Civ.P.

9  36(a). Furthermore, the Advisory Committee Notes provide two examples of such requests: an

10  admission that an employee acted in the scope of his employment; and an admission that the

11  premises on which an accident occurred were occupied or under the control of a defendant. The

12  Advisory Committee Notes make it clear that these types of requests calling for legal conclusions

13  are permissible, and in doing so, distinguish the requests that call for admissions of law unrelated

  to the facts of the case, which are not authorized.

14      Mattel's requests for admission regarding copyright registrations do not ask for pure

15  conclusions of law unrelated to the facts of the case, and MGA does not contend otherwise. Each

16  of Mattel's requests relates to the copyrighted works allegedly owned by MGA. Furthermore,

17  these requests are clearly designed to help narrow the issues for trial, which is a major purpose of

18  Rule 36. See 1970 Advisory Committee Notes to Rule 36, Fed.R.Civ.P. Therefore, MGA's

19  "legal conclusion" objection is overruled.

20      MGA's privilege and work product objections are also without merit. The fact that MGA

21  may need to consult with counsel to respond to the requests does not make the response

22  privileged. To hold otherwise would effectively gut the provision of Rule 36 authorizing requests

23  that call for the application of law to fact. See also Convergent Business Systems, Inc. v.

24  Diamond Reporting, Inc., 1989 WL 92038, at *1 (E.D.N.Y. 1988) ("Seeking the facts and

25  documents which support a particular allegation in a complaint violates neither the attorney-client

26  or work product privileges.").

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

7

1    Mattel's motion is granted as to the requests for admission regarding copyright

2  registrations.

3

4    <u>Requests for Admission re MGA's Alleged Statements To The Press (Nos. 186-190)</u>

5    The requests for admission regarding MGA's alleged statements to the press seek relevant

6  information within the scope of Rule 26(b)(1), Fed.R.Civ.P. In its counterclaims, Mattel alleges

7  that MGA made false statements about Mattel's MyScene My Bling Bling products. Mattel

8  further alleges that "[s]uch conduct is not an isolated incident. MGA and Larian, in an effort to

9  gain an unfair advantage, repeatedly issued false and misleading press releases." Mattel's

   Counterclaims, ¶81, Kidman Decl. Ex. 7. Request Nos. 186-190 are directly relevant to MGA
10
   and Larian's allegedly ongoing conduct. These requests for admission are also relevant to support
11
   Mattel's defense against MGA's unfair competition claim. Mattel intends to show that the public
12
   report regarding MGA's alleged "sweatshop" labor practices may have caused or contributed to
13
   the decline in sales, profits, and dilution of goodwill and reputation allegedly caused by Mattel's
14
   anticompetitive conduct.
15
     Therefore, MGA's objection based upon relevancy is overruled and MGA is ordered to
16
   admit or deny Request Nos. 186-190 consistent with Rule 36(a), Fed.R.Civ.P.
17
                              IV. CONCLUSION
18
     For the reasons set forth above, Mattel's motion to compel is granted. MGA shall provide
19
   responses to the requests for admission no later than August 30, 2007. Mattel's motion for
20
   sanctions is denied.
21
     Pursuant to Paragraph 6 of the Stipulation and Order for Appointment of a Discovery
22
   Master, Mattel shall file this Order with the Clerk of Court forthwith.
23

24  Dated:  August 20, 2007

25

26                                    HON. EDWARD A. INFANTE (Ret.)
                                      Discovery Master
27

28
    Bryant v. Mattel, Inc.,                                              8
    CV-04-09049 SGL (RNBx)

                                              EXHIBIT _3/_
                                                      508
                                              PAGE _____

**EXHIBIT 32**

## CONFORMED COPY

FILED

2007 AUG 21 PM 2:00

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
EASTERN DIVISION

BY:

1    Hon. Edward A. Infante (Ret.)
     JAMS
2    Two Embarcadero Center
     Suite 1500
3    San Francisco, California 94111
     Telephone:    (415) 774-2611
4    Facsimile:     (415) 982-5287

5

6

7                  UNITED STATES DISTRICT COURT

8                CENTRAL DISTRICT OF CALIFORNIA

9                       EASTERN DIVISION

10

11   CARTER BRYANT, an individual,       CASE NO. C 04-09049 SGL (RNBx)
                                 JAMS Reference No.1100049530
12         Plaintiff,

13       v.                          Consolidated with
                                 Case No. CV 04-09059
14   MATTEL, INC., a Delaware corporation,   Case No. CV 05-2727

15         Defendant.             **ORDER GRANTING MATTEL'S**
                                 **MOTION TO COMPEL CARTER**
16                                  **BRYANT TO ANSWER REQUESTS**
                                 **FOR ADMISSION OR TO ORDER**
17                                  **REQUESTS ADMITTED; DENYING**
                                 **REQUEST FOR MONETARY**
18                                  **SANCTIONS**

19   CONSOLIDATED WITH
      MATTEL, INC. v. BRYANT and
20   MGA ENTERTAINMENT, INC. v. MATTEL,
      INC.

21

22

23                           I. INTRODUCTION

24        On June 26, 2007, Mattel, Inc. ("Mattel") submitted a "Motion to Compel Carter Bryant

25 To Answer Requests For Admission Or To Order Requests Admitted And For Monetary

26 Sanctions." More specifically, Mattel seeks an order compelling Carter Bryant ("Bryant") to

27 answer Request Nos. 33, 34, 100, 106, 112, 118, 126, 127, 129, 131, 133, 135, 137, 139, 141 and

28

EXHIBIT __32__

PAGE ___509___

1   143 in Mattel's Third Set of Requests for Admission or an order that such Requests are deemed

2   admitted. Mattel also seeks $3,500 in sanctions. On July 3, 2007, Bryant submitted an opposition

3   brief, and on July 9, 2007, Mattel submitted a reply brief. The matter was heard on August 13,

4   2007. Having considered the motion papers and the comments of counsel at the hearing, Mattel's

5   motion to compel Bryant to answer requests for admission is granted and the request for sanctions

6   is denied.

## II. BACKGROUND

In February of 2007, Mattel served its Third Set of Requests for Admission to Bryant (the "Requests"). Among other things, the Requests seek information regarding: (a) the timing of meetings between Bryant and MGA regarding Bratz, work performed by Bryant on Bratz, designs created by Bryant for Bratz and payments made to Bryant by MGA for Bratz; (b) the contract between MGA and Bryant whereby Bryant purported to assign all of his rights, title and interest in Bratz to MGA; and (c) whether specific Bratz works subject to copyright registrations are derivative of other specific Bratz works.

In March of 2007, Bryant served his responses. In response to some of the requests asking Bryant to admit that certain works were derivative of other Bratz works[1], Bryant asserted numerous objections, including that they "call[ed] for the disclosure of information subject to the attorney-client privilege, the work product doctrine and other applicable privileges" and "call[ed] for a legal conclusion." See Bryant's Responses to Request Nos. 100, 106, 112, 118, 126, 127, 129, 131, 133, 135, 137, 139, 141 and 143, Kidman Decl., Ex. 2. Bryant also responded that "the information known or readily obtainable" by Bryant was "insufficient" to enable him to admit or deny the requests.

Bryant also objected and refused to answer two requests for admission regarding the validity and enforceability of his contract with MGA on the grounds that the requests called for a "legal conclusion" and "the disclosure of information subject to the attorney-client privilege, the

---

[1]  Hereinafter, these requests are collectively referred to as the "requests for admission regarding derivative works."

1   work product doctrine, and other applicable privileges."  <u>See</u> Bryant's Responses to Request Nos.

2   33 and 34, Kidman Decl., Ex. 2.

3          After meeting and conferring, Bryant agreed to provide supplemental responses to the

4   requests for admission regarding derivative works.  Bryant, however, persisted in his objection to

5   the two requests regarding his contract with MGA on "legal conclusion" and privilege grounds.

6          Bryant served supplemental and amended responses on May 29, June 11, and June 29,

7   2007.  With respect to the requests for admission regarding derivative works, Bryant's responses

8   consisted of objections on the grounds that the requests called for a legal conclusion and "for the

9   disclosure of information subject to the attorney-client privilege, the work product doctrine, and

10  other applicable privileges."  <u>See</u> Bryant's Responses to Request Nos. 100, 106, 112, 118, 126,

11  127, 129, 131, 133, 135, 137, 139, 141 and 143, Kidman Decl., Ex. 6.

12         Mattel contends that MGA's objections and refusal to answer have no merit.  More

13  specifically, Mattel contends that Rule 36, Fed.R.Civ.P., provides that requests for admission may

14  relate to the application of law to fact and the ultimate issues in the case.  Mattel contends that

15  only requests to admit pure conclusions of law unrelated to the facts of the case are objectionable,

16  and that none of its requests for admission even remotely ask for pure questions of law.  Further,

17  Mattel contends that Bryant's objection that the requests call for privileged information and work

18  product is without merit.  Mattel argues that a party cannot avoid answering requests for

19  admission that involve the application of law to fact by claiming that it needs to confer with

20  counsel in order to do so.  Mattel contends that to hold otherwise would effectively gut the

21  provision of Rule 36 authorizing such requests.

22         Bryant contends that Mattel's requests for admission improperly call for ultimate legal

23  conclusions, relying primarily upon <u>Playboy Enterprises, Inc. v. Welles</u>, 60 F.Supp.2d 1050, 1057

24  (S.D. Cal. 1999).  Bryant also contends that the requests for admission are improper because they

25  seek information covered by the attorney-client privilege or joint defense privilege or the work

26  product doctrine.  Bryant asserts that any legal opinion he may have of whether a work is

27  derivative of another inevitably will seek the legal opinions of, and communications from, his

28  counsel.

III. DISCUSSION

Rule 36 of the Federal Rules of Civil Procedure governs requests for admission and provides, in pertinent part, that "[a] party may serve upon any other party a written request for the admission, for purposes of the pending action only, of the truth of any matters within the scope of Rule 26(b)(1) set forth in the request that relate to statements or opinions of fact or of the application of law to fact, including the genuineness of any documents described in the request." Fed.R.Civ.P. 36(a). Further, "[a] party who considers that a matter of which an admission has been requested presents a genuine issue for trial may not, on that ground alone, object to the request; the party may, subject to the provisions of Rule 37(c), deny the matter or set forth reasons why the party cannot admit or deny it." Id.

The Advisory Committee Notes to the 1970 Amendment to Rule 36 provide the following additional guidance:

> As revised, the subdivision provides that a request may be made to admit any matters within the scope of Rule 26(b) that relate to statements or opinions of fact or of the application of law to fact. It thereby eliminates the requirement that the matters be "of fact." This change resolves conflicts in the court decisions as to whether a request to admit matters of "opinion" and matters involving "mixed law and fact" is proper under the rule. . . .

> \*   \*   \*

> Not only is it difficult as a practical matter to separate "fact" from "opinion," see 4 *Moore's Federal Practice* ¶36.04 (2d ed. 1966); cf. 2A Barron & Holtzoff, *Federal Practice and Procedure* 317 (Wright ed. 1961), but an admission on a matter of opinion may facilitate proof or narrow the issues or both. An admission of a matter involving the application of law to fact may, in a given case, even more clearly narrow the issues. For example, an admission that an employee acted in the scope of his employment may remove a major issue from the trial. In *McSparran v Hanigan*, [225 F. Supp. 628 (E.D. Pa. 1963)], plaintiff admitted that "the premises on which said accident occurred, were occupied or under the control" of one of the defendants, 225 F.Supp. at 636. This admission, involving law as well as fact, removed one of the issues from the lawsuit and thereby reduced the proof required at trial. The amended provision does not authorize requests for admissions of law unrelated to the facts of the case.

1970 Advisory Committee Notes to Rule 36, Fed.R.Civ.P.

Nos. 100, 106, 112, 118, 126-127, 129, 131, 133, 135, 137, 139, 141, 143 re Derivative Works

Mattel's requests for admission regarding derivative works all follow the same format. For example, Request for Admission No. 100 asks Bryant to "[a]dmit that the work registered as

EXHIBIT **32**

PAGE **512**

1    V A 1-090-287 is a derivative of the work registered as V A 1-218-487.  Kidman Decl., Ex. 1, p.

2    21.

3            Rule 36 plainly states that requests for admission may "relate to statements or opinions of

4    fact or the application of law to fact."  Mattel's requests for admission regarding derivative works

5    fall within this permissible category.  Courts have required parties to answer requests for

6    admission similar to Mattel's requests.  For example, in McSparran, supra, the plaintiff admitted

7    that "the premises on which said accident occurred, were occupied or under the control" of one of

8    the defendants.  In Marchand v. Mercy Med. Ctr., 22 F.3d 933, 937 (9th Cir. 1994), the Ninth

9    Circuit found that a request to admit that defendant's care and treatment of plaintiff failed to

10   comply with the "applicable standards of care" was permissible.  In First Options of Chicago, Inc.

11   v. Wallenstein, 1996 WL 729816 (E.D. Pa. 1996), the court ordered defendants to answer

12   requests to admit that they "owed a fiduciary duty" to certain creditors to preserve corporate

13   assets.  Id. at *3.  In Treister v. PNC Bank, 2007 WL 521935 (S.D. Fla. 2007), the court found

14   that a request for defendant to admit that it was not required to provide plaintiffs with copies of

15   cancelled checks drawn on their accounts "clearly calls for an application of law to fact."  Id. at

     *2.

16           The cases relied upon by Bryant do not dictate a contrary result.  Bryant cites to Playboy

17   Enterprises, Inc. v. Welles, 60 F.Supp.2d 1050, 1057 (S.D. Cal. 1999), where the court held that a

18   defendant could properly object and refuse to answer a request to (1) admit that she was a public

19   figure as defined in a Supreme Court case, and (2) admit that a specific contract provision

20   required her to obtain permission from Playboy Enterprises before using the designation

21   "Playmate of the Year."  The holding, however, is debatable.  One of the claims in the suit was

22   for defamation, which has different elements depending upon whether the party asserting

23   defamation is a public or non-public figure.  Furthermore, whether a party is a public figure or

24   non-public figure could be reasonably characterized as a mixed question of fact and law.  The

25   second request for an admission could also be reasonably characterized as a mixed question of

26   fact and law.  "A party's *understanding* of the *meaning* or intent of a document is a statement of

27   fact.  Thus, where the meaning of a document is at issue in the case, an RFA may seek the

28

EXHIBIT  32
PAGE  513

1  admission or denial of the responding party's understanding of the *meaning or intent* of the

2  contract." See 11 Schwarzer, Tashima & Wagstaffe, <u>Cal. Prac. Guide: Fed. Civ.Pro. Before</u>

3  <u>Trial</u>, 11:2010 (The Rutter Group 2006) (emphasis in the original), citing <u>Booth Oil Site Admin.</u>

4  <u>Group v. Safety-Kleen Corp.</u>, 194 F.R.D. 76, 80 (W.D. NY 2000). In any event, the <u>Playboy</u>

5  decision is not binding precedent.

6       Bryant also cites to <u>Google, Inc. v. Am. Blind & Wallpaper Factory, Inc.</u>, No. C03-4340,

7  2006 WL 3290402, at *2 (N.D. Cal. 2006). In <u>Google</u>, the court concluded that a request

8  compelling defendant to admit that "under certain described circumstances no 'use' of American

9  Blind's trademarks would occur within the meaning of Lanham Act" was an impermissible

10  request for a conclusion of law, and therefore, defendant need not admit or deny, but could simply

11  respond with objections. It is unclear, however, what the "certain described circumstances" might

12  have been in <u>Google</u>. If the "certain described circumstances" to which the court referred were

13  purely hypothetical, then the <u>Google</u> decision is consistent with the admonition in the 1970

14  Advisory Committee Notes that Rule 36 "does not authorize requests for admission of law

   unrelated to the facts of the case."

15       Another case relied upon by Bryant, <u>Disability Rights Council of Greater Washington v.</u>

16  <u>Washington Metropolitan Area Transit Authority</u>, 234 F.R.D. 1, 3, (D. D.C. 2006), involved

17  purely legal conclusions, and therefore is distinguishable. The last case relied upon by Bryant,

18  <u>Photon, Inc. v. Harris Intertype, Inc.</u>, 28 F.R.D. 327, 328 (D. Mass. 1961), was issued well before

19  the 1970 amendments to Rule 36, and therefore is unreliable.

20       In sum, Mattel's requests for admission regarding derivative works are consistent with the

21  plain language of Rule 36 and several cases holding that requests for admission calling for

22  application of law to facts are permissible. See <u>e.g.</u>, <u>Marchand</u>, <u>supra</u>; <u>First Options of Chicago,</u>

23  <u>Inc.</u>, <u>supra</u>; and <u>Treister</u>, <u>supra</u>. Therefore, Bryant's "legal conclusion" objection is overruled.

24       Bryant's privilege and work product objections are also without merit. The fact that

25  Bryant may need to consult with counsel to respond to the requests does not make the response

26  privileged. To hold otherwise would effectively gut the provision of Rule 36 authorizing requests

27  that call for the application of law to fact. See also <u>Convergent Business Systems, Inc. v.</u>

28

1  Diamond Reporting, Inc., 1989 WL 92038, at *1 (E.D.N.Y. 1988) ("Seeking the facts and

2  documents which support a particular allegation in a complaint violates neither the attorney-client

3  or work product privileges.").

4        Mattel's motion is granted as to the requests for admission regarding derivative works.

5  Nos. 33 and 34 re Contract Between Bryant and MGA

6        Request No. 33 asks Bryant to "[a]dmit that YOU do not contest that the contract between

7  MGA and YOU attached as Exhibits 30 is valid." Request No. 34 similarly asks Bryant to

8  "[a]dmit that YOU do not contest that the contract between MGA and YOU attached as Exhibit

9  30 is enforceable."

      These two requests for admission do not call for pure legal conclusions. Rather they are

10 akin to contention interrogatories that are routinely asked and answered. Therefore, Bryant's

11 objections to the requests are overruled and Bryant is ordered to admit or deny Request Nos. 33

12 and 34 consistent with Rule 36(a), Fed.R.Civ.P.

13                        IV. CONCLUSION

14       For the reasons set forth above, Mattel's motion to compel Bryant to answer requests for

15 admission is granted. Bryant shall admit or deny the requests in accordance with Rule 36(a),

16 Fed.R.Civ.P., no later than August 30, 2007. The request for sanctions is denied.

17       Pursuant to Paragraph 6 of the Stipulation and Order for Appointment of a Discovery

18 Master, Mattel shall file this Order with the Clerk of Court forthwith.

19

20 Dated: August 20 , 2007

21                           HON. EDWARD A. INFANTE (Ret.)

22                             Discovery Master

23

24

25

26

27

28

                                  7

EXHIBIT 32
PAGE 515

## PROOF OF SERVICE BY E-MAIL

I, Sandra Chan, not a party to the within action, hereby declare that on August 20,

2007, I served the attached ORDER GRANTING MATTEL'S MOTION TO COMPEL

CARTER BRYANT TO ANSWER REQUESTS FOR ADMISSION OR TO ORDER

REQUESTS ADMITTED; DENYING REQUEST FOR MONETARY SANCTIONS in the

within action by e-mail addressed as follows:

| | | |
|---|---|---|
| John W. Keker, Esq. | Keker & Van Nest | jkeker@kvn.com |
| Michael H. Page, Esq. | Keker & Van Nest | mhp@kvn.com |
| Christa Anderson, Esq. | Keker & Van Nest | cma@kvn.com |
| John E. Trinidad, Esq. | Keker & Van Nest | jtrinidad@kvn.com |
| John Quinn Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | johnquinn@quinnemanuel.com |
| Michael Zeller Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | michaelzeller@quinnemanuel.com |
| Jon Corey Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | joncorey@quinnemanuel.com |
| Duane Lyons Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | duanelyons@quinnemanuel.com |
| Timothy Alger Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | timalger@quinnemanuel.com |
| Dominic Surprenant Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | DominicSurprenant@QuinnEmanuel.com |
| B. Dylan Proctor Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | dylanproctor@quinnemanuel.com |
| Shane McKenzie Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | shanemckenzie@quinnemanuel.com |
| Bridget Hauler Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | bridgethauler@quinnemanuel.com |
| Tamar Buchakjian Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | tamarbuchakjian@quinnemanuel.com |
| Juan Pablo Alban, Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | juanpabloalban@quinnemanuel.com |
| Dale Cendali Esq. | O'Melveny & Myers LLP | dcendali@omm.com |
| Diana Torres Esq. | O'Melveny & Myers LLP | dtorres@omm.com |
| James Jenal Esq. | O'Melveny & Myers LLP | jjenal@omm.com |
| Alicia Meyer Esq. | O'Melveny & Myers LLP | ameyer@omm.com |
| Jennifer Glad Esq. | O'Melveny & Myers LLP | jglad@omm.com |
| David Hurwitz, Esq. | O'Melveny & Myers LLP | dhurwitz@omm.com |
| Johanna Schmitt Esq. | O'Melveny & Myers LLP | jschmitt@omm.com |
| Michael C. Keats, Esq. | O'Melveny & Myers LLP | mkeats@omm.com |
| Kendall Burr, Esq. | O'Melveny & Myers LLP | kburr@omm.com |
| Melanie Bradley, Esq. | O'Melveny & Myers LLP | mbradley@omm.com |
| Marvin Putnam, Jr., Esq. | O'Melveny & Myers LLP | mputnam@omm.com |
| William Charron, Esq. | O'Melveny & Myers LLP | wcharron@omm.com |
| Patricia Glaser Esq. | Christensen, Glaser, Fink, Jacobs, Weil & Shapiro, LLP | pglaser@chrisglase.com |

I declare under penalty of perjury under the laws of the Untied States of America that

the above is true and correct.

Executed on August 20, 2007, at San Francisco, California.

_____
Sandra Chan

EXHIBIT 32
PAGE 516

**EXHIBIT 33**

**CERTIFIED COPY**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

CARTER BRYANT, AN INDIVIDUAL,            )
                                          )
              PLAINTIFF,                   )
                                          )
      V.                                   ) CASE NO. CV04-9049 SGL (RNBX)
                                          ) [CONSOLIDATED WITH
                                          ) CASE NO. 04-9059 AND
                                          ) CASE NO. 05-2727]
                                          )
MATTEL, INC., A DELAWARE, A               )
CORPORATION,                              )
                                          )
              DEFENDANT.                   )
—————————————————————————————            )

# TELEPHONIC TRANSCRIPT OF PROCEEDINGS

# MARCH 10, 2008



REPORTED BY:
ANGELA DUPRE
CSR NO. 7804
JOB NO. 08AD016

COURT REPORTERS
515 S. Flower Street
Suite 3600
Los Angeles, California 90071
Office: (213) 955-0070
Fax: (213) 955-0077

EXHIBIT 33
PAGE 517

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

CARTER BRYANT, AN INDIVIDUAL, )
)
            PLAINTIFF,          )
)
    VS.                         ) CASE NO.
)
MATTEL, INC., A DELAWARE        ) CV 04-9049 SGL (RNBX)
CORPORATION,                    ) [CONSOLIDATED WITH
                                ) CASE NO. 04-9059 AND
            DEFENDANT.          ) CASE NO. 05-2727]
)
_____)
)
AND CONSOLIDATED ACTION(S).     )
_____)


TELEPHONIC TRANSCRIPT OF
PROCEEDINGS, TAKEN BEFORE HON.
EDWARD A. INFANTE, AT 865 SOUTH
FIGUEROA STREET, THIRD FLOOR, LOS
ANGELES, CALIFORNIA, COMMENCING
AT 8:32 A.M., MONDAY, MARCH 10,
2008, BEFORE ANGELA DUPRE, CSR 7804.


2

EXHIBIT 33
PAGE 518

```
 1    APPEARANCES OF COUNSEL:
 2
      FOR CARTER BRYANT:
 3
          KEKER & VAN NEST, LLP
 4        BY:   MATTHEW M. WERDEGAR, ESQ.
                MICHAEL H. PAGE, ESQ.
 5        710 SANSOME STREET
          SAN FRANCISCO, CALIFORNIA 94111
 6        (415) 391-5400
          (TELEPHONICALLY)
 7
 8    FOR MATTEL, INC.:
 9        QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
          BY:   TIMOTHY L. ALGER, ESQ.
10              JON D. COREY, ESQ.
                HARRY A. OLIVAR, JR., ESQ.
11              B. DYLAN PROCTOR, ESQ.
                DAVID W. QUINTO, ESQ.
12        865 SOUTH FIGUEROA STREET
          TENTH FLOOR
13        LOS ANGELES, CALIFORNIA 90017-2543
          (213) 443-3000
14
15    FOR MGA ENTERTAINMENT, INC.:
16        SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
          BY:   RAOUL D. KENNEDY, ESQ.
17              JOSE R. ALLEN, ESQ.
                THOMAS J. NOLAN, ESQ.
18              RICHARD J. ZUROMSKI, JR., ESQ.
                PAUL M. ECKLES, ESQ. (NEW YORK OFFICE)
19              MATTHEW E. SLOAN, ESQ. (LOS ANGELES OFFICE)
          FOUR EMBARCADERO CENTER
20        SUITE 3800
          SAN FRANCISCO, CALIFORNIA 94111
21        (415) 984-6400
          (TELEPHONICALLY)
22
23    ALSO PRESENT:
24        HON. EDWARD A. INFANTE (TELEPHONICALLY)
25
```

3

EXHIBIT ___33___
PAGE ___519___

```
 1              LOS ANGELES, CALIFORNIA; MONDAY

 2                    MARCH 10, 2008

 3                     8:32 A.M.

 4

 5      JUDGE INFANTE:  WOULD YOU ENTER YOUR APPEARANCES,

 6   PLEASE.

 7          FIRST MATTEL.

 8      MR. COREY:  SURE.

 9          JON COREY, TIM ALGER, HARRY OLIVAR, DAVID

10   QUINTO, AND DYLAN PROCTOR, ON BEHALF OF MATTEL.

11          GOOD MORNING, YOUR HONOR.

12      JUDGE INFANTE:  MORNING.

13          MGA, PLEASE.

14      MR. KENNEDY:  GOOD MORNING, YOUR HONOR.

15          RAOUL KENNEDY, JOSE ALLEN, RICHARD

16   ZUROMSKI, PAUL ECKLES, AND TOM NOLAN, ON BEHALF OF

17   MGA.

18      MR. WERDEGAR:  GOOD MORNING, YOUR HONOR.

19          MATT WERDEGAR AND MIKE PAGE, ON BEHALF OF

20   CARTER BRYANT.

21      JUDGE INFANTE:  OKAY.  IS THERE A COURT

22   REPORTER ON BOARD?

23      MR. COREY:  YES, THERE IS, YOUR HONOR.

24      JUDGE INFANTE:  OKAY.  WE HAVE A HEARING ON

25   SEVERAL MOTIONS.  I HAVE YOUR JOINT REPORT
```

4

EXHIBIT __33__
PAGE __520__

1          MR. OLIVAR:  A BRIEF REPLY, YOUR HONOR.  HARRY

2     OLIVAR.

3          THIS MOTION IS IN NO WAY ABOUT LISTING

4     ATTACHMENTS SEPARATELY OR OTHERWISE.  ALL THREE OF

5     THESE MOTIONS HAVE BEEN ABOUT A CONSISTENT PATTERN

6     LISTING ON THE LOGS WHERE DOCUMENTS ARE LISTED THAT

7     EITHER SEEM -- APPEAR FROM THE DESCRIPTION NOT TO

8     BE PRIVILEGED OR TO CONTAIN NONPRIVILEGED

9     INFORMATION, AND UNDER YOUR HONOR'S ORDERS AND

10    UNDER THE LAW, WE'RE ENTITLED TO GET.

11          AND WE KEEP HEARING THINGS LIKE, WE NEED

12    TO MOVE OFF THESE LOGS, WE NEED TO MOVE FORWARD, IN

13    A SITUATION WHERE BOTH SIDES CAN SEE THAT THERE ARE

14    HUNDREDS OF DOCUMENTS LISTED ON THESE VERY

15    LATE=PRODUCED LOGS THAT SIMPLY AREN'T PRIVILEGED.

16          AND WHAT WE'RE ASKING YOUR HONOR TO DO IS

17    PUT AN ORDER IN PLACE THAT GETS MGA PRODUCING THESE

18    THINGS THAT AREN'T PRIVILEGED WITH SOME COMPULSION;

19    NOT THAT WE'RE WORKING ON IT AND IT'S GOING TO BE

20    VOLUNTARY IS INSUFFICIENT FOR OUR PURPOSES.  WE

21    WOULD LIKE AN ORDER THAT SAYS THAT THEY ARE

22    REQUIRED TO PRODUCE THE DOCUMENTS WE'VE ASKED FOR

23    IN THE THREE CATEGORIES.

24          AND WITH THAT, YOUR HONOR, I'LL SUBMIT.

25          JUDGE INFANTE:  OKAY.  ONE MOMENT.

84

EXHIBIT   33
PAGE _____  521

1       I FEEL THAT MATTEL HAS A LOT OF GOOD

2   POINTS HERE.  THERE ARE DOCUMENTS THAT LOOK LIKE

3   THEY'RE NOT PRIVILEGED.  I'M NOT QUITE SURE WHAT

4   THE BEST REMEDY IS.  I OBVIOUSLY DON'T HAVE TIME

5   FOR A MASSIVE IN CAMERA REVIEW.

6       I DO THINK THAT THE LOGS THAT HAVE JUST

7   BEEN PRODUCED THAT SUPERSEDE THE EARLIER LOGS

8   PRODUCED BY FORMER COUNSEL, MEAN THAT THOSE FORMER

9   LOGS SHOULD BE IGNORED AT THIS POINT, THE AMENDED

10  LOGS SHOULD BE WHAT'S FOCUSED UPON.

11      MATTEL'S MOTION IS WELL-TAKEN, BUT I'M

12  NOT QUITE SURE WHAT TO DO ABOUT IT.  I THINK THE

13  PARTIES SHOULD CONTINUE TO MEET AND CONFER.

14      YOU INDICATED YOU HAD MORE LOGS TO

15  PRODUCE IN THE NEXT FEW DAYS, IF I HEARD YOU

16  CORRECTLY, MR. ALLEN.

17    MR. ALLEN:  THAT IS CORRECT, YOUR HONOR.  WE

18  EXPECT BY THE END OF THIS WEEK, WE WILL BE THROUGH

19  WITH PRODUCING ALL OF THE REVISED AUGUST AND

20  SEPTEMBER LOGS.

21    MR. OLIVAR:  YOUR HONOR, WE WOULD ASK THAT AN

22  ORDER BE PUT IN PLACE THAT SETS FORTH THE BASIC

23  PRINCIPLES THAT WE HAVE BEEN ARGUING WITH MGA

24  ABOUT, THAT -- AND IT'S NOT CLEAR AT ALL FROM THEIR

25  PAPERS THAT THERE IS AN AGREEMENT THAT THEY'LL

85

EXHIBIT 3 3
PAGE 5 2 2

1    COMPLY WITH THE LAW UNDER THESE PRINCIPLES.

2         FIRST, THAT NONPRIVILEGED INFORMATION

3    WILL BE PRODUCED, IN DOCUMENTS THAT ARE MIXED, THAT

4    PRIVILEGED INFORMATION WILL BE REDACTED; SECOND,

5    THAT FACTUAL INFORMATION REGARDING TRADEMARKS AND

6    FIRST DATES OF USE WILL BE PRODUCED; AND, THIRD, A

7    FINDING THAT THEY HAVE NOT MADE A SUFFICIENT

8    SHOWING THAT THERE IS A COMMON INTEREST PRIVILEGE

9    WITH THEIR LICENSEES, BECAUSE THERE'S NO IDENTICAL

10   LEGAL INTEREST INVOLVED.

11        WE BELIEVE THAT AN ORDER SUCH AS THAT IS

12   NECESSARY TO MOVE THE PROCESS ALONG AND PUT AN END

13   TO THE DISPUTES ABOUT THESE DOCUMENTS THAT ARE

14   CLAIMED TO BE PRIVILEGED THAT WE BELIEVE ARE NOT.

15        JUDGE INFANTE:   I AGREE WITH MATTEL'S POSITION.

16   THE STATEMENT YOU JUST MADE IS SHARED BY ME.

17        BUT I THINK IT'S PREMATURE TO ISSUE AN

18   ORDER.  I'M GIVING YOU THE GUIDANCE THAT YOU JUST

19   ASKED FOR.  AND I THINK THE PARTIES NEED TO MEET

20   AND CONFER.

21        YOUR FIRST POINT IS THAT THE DOCUMENTS

22   SHOULD NOT BE WITHHELD AS TOTALLY PRIVILEGED, WHERE

23   PORTIONS OF IT ARE UNPRIVILEGED, AND PORTIONS OF IT

24   ARE PRIVILEGED.  YOU NEED TO GET INTO A REDACTION.

25        I ALSO SHARE YOUR VIEWS WITH RESPECT TO

86

EXHIBIT __33__
PAGE __523__

1   THE COMMON INTEREST CLAIM.  I -- I DON'T SEE A

2   BASIS FOR IT.  OF COURSE, I HAVEN'T SEEN THE

3   DOCUMENTS THEMSELVES, BUT I THINK THERE NEEDS TO BE

4   FURTHER PRODUCTION OF AMENDED LOGS.  I THINK THERE

5   NEEDS TO BE A VERY SERIOUS MEET AND CONFER.  I

6   THINK MATTEL'S POINTS ARE WELL-TAKEN, BUT I'M NOT

7   GOING TO ISSUE AN ORDER AT THIS MOMENT.

8        MR. OLIVAR:  WELL, THANK YOU FOR THE GUIDANCE,

9   YOUR HONOR.  WE'LL ATTEMPT TO ARRANGE A MEET AND

10  CONFER EXPEDITIOUSLY.  AND IF WE NEED TO GET BACK

11  BEFORE YOUR HONOR, WE'LL TRY TO GET BACK AS SOON AS

12  POSSIBLE.

13       JUDGE INFANTE:  THAT'S THE BEST I CAN DO AT

14  THIS POINT.  BUT I DO AGREE WITH MATTEL ON MOST OF

15  ITS ARGUMENTS.

16       MR. OLIVAR:  THANK YOU, YOUR HONOR.

17       JUDGE INFANTE:  ALL RIGHT.  DOES THAT TAKE CARE

18  OF 9, 10, AND 11?

19       MR. KENNEDY:  FROM OUR PERSPECTIVE, IT DOES,

20  YOUR HONOR.

21       JUDGE INFANTE:  OKAY.  I THINK THAT COMPLETES

22  OUR LIST FOR TODAY.

23            THERE WERE SEVERAL OTHER MOTIONS THAT YOU

24  LISTED IN YOUR JOINT REPORT WHERE MEET AND CONFER

25  EFFORTS HAVE NOT BEEN COMPLETED.

87

EXHIBIT  33
PAGE  524

1   STATE OF CALIFORNIA    )

                         )   SS.

2   COUNTY OF LOS ANGELES   )

3

4         I,    ANGELA DUPRE  , CERTIFIED

5   SHORTHAND REPORTER, CERTIFICATE NUMBER 7804, FOR

6   THE STATE OF CALIFORNIA, HEREBY CERTIFY:

7         THE PROCEEDINGS WERE RECORDED

8   STENOGRAPHICALLY BY ME AND WERE TRANSCRIBED TO THE

9   BEST OF MY ABILITY;

10        THE FOREGOING TRANSCRIPT IS A TRUE AND

11   CORRECT TRANSCRIPT OF MY SHORTHAND NOTES SO TAKEN;

12        I FURTHER CERTIFY THAT I AM NEITHER

13   COUNSEL FOR NOR RELATED TO ANY PARTY TO SAID ACTION

14   NOR IN ANY WAY INTERESTED IN THE OUTCOME THEREOF.

15        IN WITNESS WHEREOF, I HAVE HEREUNTO

16   SUBSCRIBED MY NAME THIS _17th_ DAY OF

17   _March_____, 2008.

18

19

20

21

22

23

24

25

                                                90

EXHIBIT 33
PAGE 526

EXHIBIT FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

EXHIBIT FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

**EXHIBIT 36**

**From:** Parker, Warrington [mailto:wparker@orrick.com]
**Sent:** Thursday, October 22, 2009 10:14 AM
**To:** Scott Watson
**Subject:** MGA/Mattel

Scott--

To follow up on the RFA responses, as of today, the MGA Parties are not willing to provide different responses. Our main concern remains that responding to these RFAs intrudes on the attorney-client privilege and work product doctrine. I am taking yet one more look at this over the weekend. If you feel that you have to file a motion to compel before Monday morning, then I cannot stop you from doing that, of course.



ORRICK

**WARRINGTON S. PARKER III**
*Attorney*

**ORRICK, HERRINGTON & SUTCLIFFE LLP**
THE ORRICK BUILDING
405 HOWARD STREET
SAN FRANCISCO, CA 94105

*tel* 415 773 5740
*fax* 415 773 5759
*mobile* 415 994 7584
wparker@orrick.com

www.orrick.com

"EMF <orrick.com>" made the following annotations.

1

EXHIBIT _36_
PAGE _537_

```
------------------------------------------------------------------------
========================================================
```

IRS Circular 230 disclosure:
To ensure compliance with requirements imposed by the IRS,
we inform you that any tax advice contained in this
communication, unless expressly stated otherwise, was not
intended or written to be used, and cannot be used, for
the purpose of (i) avoiding tax-related penalties under
the Internal Revenue Code or (ii) promoting, marketing or
recommending to another party any tax-related matter(s)
addressed herein.

```
========================================================
```

NOTICE TO RECIPIENT:  THIS E-MAIL IS  MEANT FOR ONLY THE
INTENDED RECIPIENT OF THE TRANSMISSION, AND MAY BE A
COMMUNICATION PRIVILEGED BY LAW.   IF YOU RECEIVED THIS E-
MAIL IN ERROR, ANY REVIEW, USE, DISSEMINATION,
DISTRIBUTION, OR COPYING OF THIS E-MAIL IS STRICTLY
PROHIBITED.   PLEASE NOTIFY US IMMEDIATELY OF THE ERROR BY
RETURN E-MAIL AND PLEASE DELETE THIS MESSAGE FROM YOUR
SYSTEM. THANK YOU IN ADVANCE FOR YOUR COOPERATION.

For more information about Orrick, please visit
http://www.orrick.com/

```
========================================================
========================================================================
```

EXHIBIT _36_

PAGE _____ 5 3 8

2

**EXHIBIT 37**

1   Robert C. O'Brien (SBN 154372)
    ARENT FOX LLP
2   555 West Fifth Street, 48th Floor
    Los Angeles, CA 90013-1065
3   Telephone: 213.629.7400
    Facsimile:  213.629.7401
4   obrien.robert@arentfox.com

5   Discovery Master

6

7

8                UNITED STATES DISTRICT COURT

9                CENTRAL DISTRICT OF CALIFORNIA

10                     EASTERN DIVISION

11  CARTER BRYANT, an individual,        Case No.  CV 04-09049 SGL (RNBx)

12           Plaintiff,

13        v.                              Consolidated with
                                          Case No. CV 04-09059
14  MATTEL, INC., a Delaware             Case No. CV 05-2727
    corporation,
15                                        **PHASE 2 DISCOVERY MATTER**
             Defendant.
16                                        **ORDER NO. 17, REGARDING:**

17                                        **(1)  THE MGA PARTIES' MOTION
                                          FOR A PROTECTIVE ORDER
18                                        STAYING DISCOVERY ON
                                          TRADE DRESS CLAIMS;**
19

20                                        **(2)  MOTION OF MATTEL, INC. TO
                                          ENFORCE PRIOR COURT ORDER
21                                        AND TO COMPEL RESPONSES TO
                                          INTERROGATORIES; and**
22

23  ─────────────────────────────
24  CONSOLIDATED WITH                     **(3)  *EX PARTE* APPLICATION
    MATTEL, INC. v. BRYANT and            FILED BY MATTEL, INC. FOR AN**
25  MGA ENTERTAINMENT, INC. v.            **ORDER TO SHOW CAUSE RE:
    MATTEL, INC.**                        MGA ENTERTAINMENT, INC.'S
26                                        FAILURE TO COMPLY WITH
                                          COURT ORDER**
27

28

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES
                                          ORDER NO. 17
                             [Case No. CV 04-09049 SGL (RNBx)]

EXHIBIT    37
PAGE       539

1    This Order sets forth the Discovery Master's ruling on the following

2    discovery matters:  (1) the motion for a protective order staying discovery on trade

3    dress claims filed by MGA Entertainment, Inc., MGA Entertainment (HK) Limited,

4    MGAE De Mexico, S.R.L. De C.V. and Isaac Larian (the "MGA Parties")

5    ("Protective Order Motion") [Docket No. 4921]; (2) the motion filed by Mattel, Inc.

6    ("Mattel") to enforce a prior order compelling MGA Entertainment, Inc. ("MGA")

7    to answer Interrogatory Nos. 43 and 44, and compelling responses to Supplemental

8    Interrogatory Nos. 51 – 55 and 64 ("Motion To Compel") ("[Docket No. 4987]; and

9    (3) the *ex parte* application filed by Mattel for an order to show cause regarding

10    MGA's failure to comply with a prior court order ("Application") [Docket No.

11    4997] (collectively, the "Motions").

12    The Motions came on regularly for hearing before the Discovery Master on

13    April 14, 2009.  All interested parties were represented by counsel and afforded the

14    opportunity to present oral argument on the Motions.  The Discovery Master,

15    having considered the papers filed in support of and in opposition to the Motions,

16    and having heard oral argument, rules as set forth below.

17    **I.    THE TRADE DRESS DISCOVERY AT ISSUE**

18    All of the Motions concern discovery related to MGA's trade dress claims.

19    **A.    Interrogatory Nos. 43 And 44**

20    On October 23, 2007, Mattel served its Amended Fourth Set of

21    Interrogatories on MGA, including Interrogatory Nos. 43 and 44.  (Declaration of

22    Scott L. Watson in Support of the Motion To Compel ("Watson Decl."), Ex. 1 at

23    pp. 7 – 8).  These interrogatories ask MGA to identify, for each design, product

24    and packaging that MGA contends Mattel copied, the date of conception and the

25    date it was first fixed in a tangible medium:

26    • Interrogatory No. 43: "For each concept, design, product, product

27    packaging or other matter that YOU contend MATTEL copied or

28    infringed, including but not limited to those identified in MGA's

EXHIBIT ___37___

PAGE ___540___

1  Responses To Mattel, Inc.'s First Set Of Interrogatories Re Claims Of

2  Unfair Competition, Response To Interrogatory No. 2 (and any

3  Supplemental Responses to such Interrogatory), state the date that each

4  such concept, design, product, product packaging or other matter was

5  conceived, and IDENTIFY, all PERSONS with knowledge of, and all

6  DOCUMENTS that REFER OR RELATE TO, the foregoing." (*Id.*,

7  Ex. 1 at p. 7).

8  • Interrogatory No. 44: "For each concept, design, product, product

9  packaging or other matter that YOU contend MATTEL copied or

10  infringed, including but not limited to those identified in MGA's

11  Responses To Mattel, Inc.'s First Set Of Interrogatories Re Claims Of

12  Unfair Competition, Response To Interrogatory No. 2 (and any

13  Supplemental Responses to such Interrogatory), state the date that each

14  such concept, design, product, product packaging or other matter was

15  first fixed in any tangible medium of expression (if ever), and

16  IDENTIFY, all PERSONS with knowledge of, and all DOCUMENTS

17  that REFER OR RELATE TO, the foregoing." (*Id.*, Ex. 1 at pp. 7 and

18  8).

19  MGA responded to Interrogatory Nos. 43 and 44 with only objections on

20 November 15, 2007. (*Id.*, Ex. 2 at pp. 10 – 13). On November 30, 2007, MGA

21 supplemented its responses to both interrogatories. (*Id.*, Ex. 3 at pp. 12 – 19). On

22 December 20, 2007, Mattel moved to compel further responses to the

23 interrogatories. (*Id.*, Ex. 4). The MGA Parties filed their opposition to Mattel's

24 motion to compel on December 31, 2007. (*Id.*, Ex. 5). On January 7 and 28, 2008,

25 MGA served its second and third set of supplemental responses to Interrogatory

26 Nos. 43 and 44. (*Id.*, Ex. 6 at pp. 20 – 26 and Ex. 7 at pp. 28 – 33).

27  On February 4, 2008, the Court stayed all Phase 2 discovery. (Order dated

28 February 4, 2008, p. 3). On February 15, 2008, the prior discovery master granted

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 2 -

ORDER NO. 17
[Case No. CV 04-09049 SGL (RNBx)]

EXHIBIT __37__
PAGE __541__

1    Mattel's motion to compel, finding that the "requested information is relevant to

2    Mattel's defense against the MGA [P]arties' claims that their products have been

3    copied or infringed by certain Mattel products." (Watson Decl., Ex. 8 at pp. 11 –

4    12). The prior discovery master further ruled that the supplement responses

5    provided by MGA were deficient, reasoning as follows:

6               Although the MGA [P]arties served supplemental

7               responses after filing their opposition brief, the

8               supplemental responses do not include the requested

9               information. The MGA [P]arties have [also] failed to

10              establish that the interrogatories are unduly burdensome.

11   (*Id.*, Ex. 8 at p. 12). The prior discovery master then ordered MGA to

12   supplement its responses "no later than February 26, 2008." (*Id.*, Ex. 8

13   at p. 22).

14          On March 3, 2008, seven days after the deadline specified in the prior

15   discovery master's order, MGA supplemented its responses to Interrogatory Nos.

16   43 and 44 for a fourth time, objecting that the discovery in question related to

17   Phase 2 and was therefore stayed pursuant to the stay imposed by the Court on

18   Phase 2 discovery on February 4, 2008. (*Id.*, Ex. 9 at pp. 7 – 16). On April 22,

19   2008, the prior discovery master granted the MGA Parties' motion for clarification

20   concerning his February 15, 2008 ruling, stating that "the MGA Parties' obligation

21   to supplement their responses to Interrogatory Nos. . . . 43 and 44 . . . [is] hereby

22   stayed until further order of the district court lifting the stay on Phase 2 discovery."

23   (*Id.*, Ex 10 at p. 3).

24          **B.    Supplemental Interrogatory Nos. 51 – 55 And 64**

25          On January 9, 2008, Mattel served Supplemental Interrogatory Nos. 51 – 55

26   and 64 on MGA. (*Id.*, Ex 11 at p. 12 – 14 and 16). These interrogatories seek

27   information regarding MGA's allegations that Mattel copied, infringed or diluted

28   MGA's products:

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 3 -

ORDER NO. 17
[Case No. CV 04-09049 SGL (RNBx)]

EXHIBIT _37_
PAGE _542_

1   • Supplemental Interrogatory No. 51: "For each concept, design,

2   product, product packaging or other matter that YOU contend

3   MATTEL has copied, infringed, or diluted, including but not limited to

4   those identified in MGA's Responses to Mattel, Inc.'s First Set of

5   Interrogatories Re Claims of Unfair Competition, Response To

6   Interrogatory No. 2 (and any Supplemental Responses to such

7   Interrogatory), describe, fully and separately, each and every concept,

8   design, product, product packaging or other matter of or by MATTEL

9   that YOU contend is a copy of, infringes or dilutes YOUR alleged

10   concept(s), design(s), product(s), product packaging or other matter.

11   Your answer should describe the Mattel concept, design, product,

12   product packaging or other matter with specificity and in detail

13   (including without limitation by product name, product number, SKU,

14   or bar code number), and specify those elements or attributes of

15   YOUR claimed concept, design, product, product packaging or other

16   matter that YOU contend were copied, infringed or diluted by

17   MATTEL." (*Id.*, Ex. 11 at pp. 12 – 13).

18   • Supplemental Interrogatory No. 52: "For each trade dress that YOU

19   contend MATTEL copied, infringed, or diluted, separately IDENTIFY

20   each product sold by YOU or YOUR licensees that incorporates such

21   trade dress and, for each such product, separately state (a) the number

22   of units, by year, of each such product sold by YOU or YOUR

23   licensees; (b) revenue received by YOU from such SALES of each

24   such product; (c) all costs YOU have incurred in connection with each

25   product; including but not limited to YOUR cost of good sold, and (D)

26   YOUR gross and net worth from each such product." (*Id.*, Ex. 11 at p.

27   13).

28

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 4 -

ORDER NO. 17
[Case No. CV 04-09049 SGL (RNBx)]

EXHIBIT __37__
PAGE __543__

1        • Supplemental Interrogatory No. 53: "For each MATTEL concept,

2         design, product, product packaging or other matter that YOU contend

3         is likely to cause confusion, to cause mistake, or to deceive as to

4         affiliation, connection, or association, or as to origin, sponsorship, or

5         approval, separately state all facts that support YOUR contention of

6         such, including but not limited to all facts that support YOUR

7         contention, if YOU so contend, that any of the SLEEKCRAFT

8         FACTORS weighs against MATTEL, and IDENTIFY all PERSONS

9         with knowledge of such facts, and all DOCUMENTS that REFER OR

10       RELATE TO such facts." (*Id.*).

11      • Supplemental Interrogatory No. 54: "For each concept, design,

12       product, product packaging or other matter that YOU contend

13       MATTEL copied, infringed or diluted, state all facts that support

14       YOUR contention, if YOU so contend, that such copying or

15       infringement was intentional or willful, and IDENTIFY all PERSONS

16       with knowledge of such facts, and all DOCUMENTS that REFER OR

17       RELATE TO such facts." (*Id.*).

18      • Supplemental Interrogatory No. 55: "State all facts which support the

19       allegation in Paragraph 120 of YOUR COMPLAINT that MATTEL

20       has "caused and continues to cause blurring and dilution of the

21       distinctive look of MGA's products and trade dress," and IDENTIFY

22       all PERSONS with knowledge of such facts, and all DOCUMENTS

23       that REFER OR RELATE TO such facts." (*Id.*, Ex. 11 at p. 14).

24      • Supplemental Interrogatory No. 64: "To the extent YOU have not

25       previously disclosed such information in a prior interrogatory response

26       YOU provided to Mattel, state all facts which support YOUR claims

27       against Mattel in THIS ACTION, and IDENTIFY all PERSONS with

28       knowledge of such facts, and all DOCUMENTS that REFER OR

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 5 -

ORDER NO. 17
[Case No. CV 04-09049 SGL (RNBx)]

EXHIBIT ___37___
PAGE ___544___

1          RELATE TO such facts." (*Id.*, Ex. 11 at p. 16).

2          MGA responded to Supplemental Interrogatory Nos. 51 – 55 and 64 on

3     February 8, 2008, objecting that the discovery related to Phase 2 issues and was

4     therefore stayed.  (*Id.*, Ex. 12 at pp. 15 – 19 and 34 – 35).

5          **C.     The Court Lifts The Stay On Phase 2 Discovery**

6          On January 6, 2009, the Court vacated the stay on Phase 2 discovery.

7     (Watson Decl., Ex. 13 at p. 2).  Mattel's counsel subsequently wrote to counsel for

8     MGA on January 20, 2009 to ask when MGA planned to serve the required

9     responses to Interrogatory Nos. 43 and 44, which the prior discovery master had

10    previously ordered answered.  (*Id.*, Ex. 14).

11         Mattel's counsel also wrote to MGA on January 28, 2009, requesting that the

12    parties meet and confer on Supplemental Interrogatory Nos. 51 – 55 and 64.  (*Id.*,

13    Ex. 15 at pp. 2 – 3).  Counsel for the parties then spoke on February 6, 2009

14    regarding Mattel's eight trade dress interrogatories.  (*Id.*, ¶ 18 and Ex. 18 at p. 1).

15    During the conference, MGA stated, that it would provide responses to

16    Interrogatory Nos. 43 and 44, and Supplemental Interrogatory Nos. 51 – 55 and 64,

17    "not later than 30 days after the Court decides the trade dress summary judgment

18    motion which Mattel has indicated it will be bringing." (*Id.*, Ex. 18 at p. 1).

19         On February 18, 2009, the parties met and conferred regarding Mattel's

20    contemplated summary judgment motion concerning MGA's trade dress claims and

21    again discussed the responses to the eight trade dress interrogatories at issue. (*Id.*,

22    Ex. 23 at p. 1).  The next day, MGA informed Mattel that it would not agree to

23    provide further responses to the interrogatories.  (*Id.*).  Rather, MGA said that it

24    planned to request a protective order to stay its obligation to respond and that it

25    would only provide responses:  (1) if their planned protective order was denied; or

26    (2) if the protective order is granted, 21 days after the Court decides Mattel's

27    summary judgment motion, to the extent any trade dress claims remain after that

28    decision. (*Id.*).

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 6 -

ORDER NO. 17
[Case No. CV 04-09049 SGL (RNBx)]

EXHIBIT ___37___
PAGE _____

1    On February 26, 2009, the MGA Parties filed the Protective Order Motion.
2  Eight days later, Mattel filed its Motion To Compel.  Mattel filed the Application
3  on March 10, 2009.

## II.   THE MGA PARTIES' MOTION FOR A PROTECTIVE ORDER

5    The Discovery Master first addresses the MGA Parties' Protective Order
6  Motion.

### A.   The Relief Sought By The MGA Parties

8    The MGA Parties "seek a stay to defer responding to eight specific
9  interrogatories relating to MGA's trade dress claims until 21 days after the Court
10  rules on Mattel's [contemplated] summary judgment motion." (Motion for a
11  Protective Order, p. 5). "The MGA Parties also seek a stay of all discovery relating
12  to MGA's trade dress claims for the same period." (*Id.*).

### B.   Mattel's Opposition

14    Mattel opposes the Protective Order Motion on five grounds.  First, Mattel
15  argues that the motion is inconsistent with the Court's January 6, 2009 order lifting
16  the stay on Phase 2 discovery. (Opposition, pp. 12 – 13).  Second, Mattel argues
17  that any request to stay discovery is not properly directed to the Discovery Master.
18  (*Id.*, p. 13).  Third, Mattel argues that the request for a stay lacks merit, since "it is
19  commonplace for a party to bring dispositive motions prior to trial . . ." (*Id.*, pp. 13
20  – 14).  Fourth, Mattel argues that the request for a stay is unworkable since the
21  trade dress claims "are intertwined with Mattel's Phase 2 claims." (*Id.*, pp. 13 –
22  15).  Finally, Mattel argues that the stay would unduly prejudice it and that there is
23  no corresponding undue burden placed on the MGA Parties. (*Id.*, pp. 16 – 20).

### C.   Legal Standard

25    In general, parties may obtain discovery regarding any matter, not privileged,
26  that is relevant to the claim or defense of any party. (Fed. Rule Civ. P. 26(b)(1)).
27  The motion brought by the MGA Parties to stay discovery is made pursuant to
28  Federal Rule of Civil Procedure 26(c), which governs motions for protective orders.

EXHIBIT ___37___
PAGE ___545___

1    Rule 26(c) provides that a protective order may be issued "for good cause" and "to

2    protect a party or person from annoyance, embarrassment, oppression, or undue

3    burden or expense." (Fed. Rule Civ. P. 26(c)).

4        A district court is afforded considerable discretion in deciding whether to

5    issue a protective order that stays discovery. (See, e.g., Wang v. Hsu, 919 F.2d 130,

6    130 (10th Cir. 1990). While it is within a district court's discretion to stay

7    discovery pending the outcome of a dispositive motion, (see Monreal v. Potter, 367

8    F.3d 1224, 1238 (10th Cir. 2004), such stays are not routinely granted, (see, e.g.,

9    TSM Associates, LLC v. Tractor Supply Co., 2008 WL 2404818, at *1 (N.D.Okla.

10   June 11, 2008) ["Unless some compelling reason is presented, in the usual case

11   discovery is not stayed as Defendant requests."]; Kutilek v. Gannon, 132 F.R.D.

12   296, 297-98 (D.Kan. 1990) ["The general policy in this district is not to stay

13   discovery even though dispositive motions are pending."]).

14       The underlying principle in determining whether to grant or deny a stay is

15   that "[t]he right to proceed in court should not be denied except under the most

16   extreme circumstances." (Commodity Futures Trading Com'n v. Chilcott Portfolio

17   Management, Inc., 713 F.2d 1477, 1484 (10th Cir. 1983). In other words, stays of

18   the normal proceedings of a court should be the exception rather than the rule.

19       Nonetheless, a stay may be appropriate if "resolution of a preliminary motion

20   may dispose of the entire action," (Nankivil v. Lockheed Martin Corp., 216 F.R.D.

21   689, 692 (M.D.Fla. 2003)), "where the case is likely to be finally concluded as a

22   result of the ruling thereon; where the facts sought through uncompleted discovery

23   would not affect the resolution of the motion, or where discovery on all issues of

24   the broad complaint would be wasteful and burdensome," (Kutilek, 132 F.R.D. at

25   298).

26       In deciding whether to stay discovery pending the resolution of a dispositive

27   motion, federal courts in California conduct the following inquiry: (1) Is the

28   pending motion "potentially dispositive of the entire case, or at least dispositive on

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 8 -

ORDER NO. 17
[Case No. CV 04-09049 SGL (RNBx)]

EXHIBIT 37
PAGE 546

1  the issue at which discovery is directed," and, if so (2) can the pending dispositive

2  motion be decided "absent additional discovery." (*Qwest Communications Corp. v.*

3  *Herakles, LLC*, 2007 WL 2288299, *2 (E.D.Cal. August 8, 2007)).  If the court

4  answers both questions in the affirmative, it may then analyze other factors,

5  including the likelihood that the dispositive motion will be granted, (*id.*), and/or

6  "(1) plaintiff's interests in proceeding expeditiously with the civil action and the

7  potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the

8  convenience to the court; (4) the interests of persons not parties to the civil

9  litigation; and (5) the public interest." (*Schmaltz v. Smithkline Beecham Corp.*,

10  2008 WL 3845260, *1 (D.Colo. Aug.15, 2008)).

11  **D.     Analysis**

12        The MGA Parties' primary argument in favor of the requested stay is that, in

13  the event Mattel's contemplated motion for summary judgment is granted, "the

14  Trade Dress Interrogatories may prove unnecessary or may be substantially

15  narrowed." (Protective Order Motion, p. 13; *see also id.* at pp. 1, 2, and 11 – 15).

16  The MGA Parties reason that "[i]t is particularly appropriate to stay discovery when

17  a dispositive motion, such as a summary judgment motion, 'would obviate the need

18  for discovery.'" (*Id.*, p. 11 (citation omitted)).

19        The Discovery Master finds this rationale unpersuasive for the following

20  reasons.

21              **1.     The Discovery Master Does Not Have the Power To Issue**

22                      **The Requested Stay**

23        First, the Discovery Master does not have authority to render a ruling that

24  could directly override the Court's scheduling order and delay the Phase 2 trial.

25  While the Discovery Master has been appointed to resolve "any and all . . .

26  discovery disputes in this case,"[1] and may issue orders that indirectly impact the

---

[1] *See* Order appointing the prior discovery master dated December 6, 2006 ("Discovery Master Order) and the Order appointing the current Discovery Master dated January 6, 2009.

EXHIBIT 37
PAGE 547

1   scheduling order (e.g., resolving motions to compel, motions to quash, etc.),[2] there

2   is nothing in the order appointing the Discovery Master that authorizes him to

3   override the scheduling order directly.[3]  Indeed, the power to control scheduling in

4   this matter is vested with the Court, as evidenced by the scheduling order issued by

5   it on February, 11, 2009.[4]  (Order dated February 11, 2009, p. 2).  Because the

6   Court, not the Discovery Master, established the applicable discovery cut-off and

7   trial dates for Phase 2, (*id.*), the Discovery Master cannot issue a stay that overrides

8   that order.

9                **2.      The Court Previously Indicated That the Parties Should**

10                          **Proceed With Phase 2 Discovery.**

11          Second, the Court advised the Discovery Master on February 11, 2009 that

12   "[t]here is no stay on discovery.  Period."  (Reporter's Transcript of Proceedings,

13   February 11, 2009, p. 97:15).  It further instructed the Discovery Master "in no

14   uncertain terms, that there is no stay on *any* discovery related to this case at all,"

15   (*id.*, p. 97:9–10 [emphasis added]), and "there is nothing from this Court which is

16   precluding *any* discovery that is properly sought for the trial that is scheduled," (*id.*,

17   p. 101:22:24 [emphasis added]).  While these statements admittedly arose in the

18   context of the lifting of the stay on Phase 2 discovery, the Discovery Master

19   nevertheless believes that they are instructive of the Court's view that any request

20

---

21   [2] *See* Order dated February 4, 2008, p. 3 (stating that "[t]he fact that the Discovery Master's
22   ruling might impact upon the Court's scheduling order does not relieve the parties of following
     this procedure.")

23   [3] That the stay requested by the MGA Parties could force the Court to alter its scheduling order is
24   clear, because the requested stay is of an indefinite duration.  Although the MGA Parties request a
     stay until 21 days after the Court rules on Mattel's contemplated summary judgment motion,
25   (Protective Order Motion, p. 5), no such motion is pending before the Court.  Nor is there a
26   hearing date on the yet-to-be-filed motion, let alone an indication as to when the Court might be
     able to issue a ruling disposing of it.

27   [4] The Court issued its Phase 2 scheduling order more than one month after the appointment of the
28   current Discovery Master.

- 10 -

ORDER NO. 17
[Case No. CV 04-09049 SGL (RNBx)]

EXHIBIT  37
PAGE  548

1    to the Discovery Master for a stay of Phase 2 discovery should be rejected absent

2    extraordinary circumstances not present here.

3         **3.    There Is No Dispositive Motion Pending**

4         Third, the MGA Parties have failed to demonstrate that a stay is warranted,

5    because no dispositive motion is pending before the Court.  The MGA Parties

6    concede in their moving papers and again in their Reply that Mattel has merely

7    represented that it will file a summary judgment motion at some point in the future.

8    (Protective Order Motion, p. 4; Reply, p. 4).  In the absence of a *pending*

9    dispositive motion, there is no basis for granting the requested stay.[5]

10        **4.    Mattel's Contemplated Summary Judgment Motion Will**

11              **Not Dispose Of MGA's Trade Dress Claims**

12        Even assuming a dispositive motion had been filed with the Court, the MGA

13

14   [5] The cases cited by the MGA Parties to support its request for a stay are inapposite.  In each case,
     the party seeking the discovery stay was the party who had brought the pending dispositive

15   motion. (*See In re Netflix Antitrust Litig.*, 506 F.Supp.2d 308, 321 (N.D. Cal. 2007) [Defendant
     who filed a motion to dismiss and requested a stay of discovery was ordered to disclose some

16   documents upon partial lifting of stay by the Ninth Circuit.]; *Orchid v. Biosciences, Inc. v. St.*
     *Louis University*, 198 F.R.D. 670, 671 – 672 (S.D. Cal. 2001) [Defendant, who had moved to

17   dismiss for lack of personal jurisdiction, sought protective order denying all discovery or,
     alternatively, limiting the discovery to jurisdictional issues]; *Landry v. Air Pilots Ass'n Intern.*

18   *AFL-CIO*, 901 F.2d 404, 435 – 436 (5th Cir. 1990) [Defendant, who had brought motion for
     summary judgment, properly sought and obtained a protective order staying discovery

19   propounded on it by plaintiffs.]); *Little v. City of Seattle*, 863 F.2d 681 (9th Cir. 1988) [Stay on
     discovery upheld in favor of party who raised immunity issue via a summary judgment motion];

20   *Coastal States Gas Corp. v. Dep't of Energy*, 84 F.R.D. 278, 282 (D.C.Del., 1979) [Defendant
     who filed motion to dismiss for lack of ripeness sought a stay of discovery].  By comparison, the

21   MGA Parties are not arguing that a stay is appropriate due to a dispositive motion that they intend
     to bring or that the contemplated motion will defeat their trade dress claims.  On the contrary, the

22   MGA Parties are arguing that a stay should be imposed until Mattel's contemplated summary
     judgment motion, which the MGA Parties believe should be denied, is resolved.

23        Further, the five cases cited by the MGA Parties all involved situations where a dispositive
     motion had already been filed with the Court. (*Id.*)

24        Finally, most of the cases relied upon by the MGA Parties were at a relatively nascent stage.
     Indeed, the dispositive motion was typically a motion to dismiss. (*See, e.g., In re Netflix Litig.*,

25   506 F.Supp.2d at 321; *Orchid*, 198 F.R.D. at 671 – 672; *Coastal States Gas Corp.*, 84 F.R.D. at
     282;).  In contrast, a trial has already been held in this matter and the lawsuit has been pending for

26   several years.

27

28

EXHIBIT  37
PAGE  549

1    Parties have not demonstrated that "[t]he pending motion [is] potentially dispositive

2    of the entire case, or at least dispositive on the issue at which discovery is directed."

3    (*Qwest Communications Corp.*, 2007 WL 2288299, *2). Mattel's contemplated

4    summary judgment motion will not dispose of MGA's trade dress claims because it

5    is undisputed that MGA's trade dress claims "concern products and other matters

6    that will not be the subject of Mattel's contemplated motion." (Opposition, p. 15;

7    *see also* Reply p. 11 n.6).

8         The MGA Parties nevertheless argue in their Reply that "it would make far

9    more sense for MGA to compile responsive information once the summary

10   judgment motion is decided and the full scope of the trade dress claims is settled."

11   (Reply, p. 11 n. 6). Phrased differently, the MGA Parties argue not that the

12   summary judgment motion may moot all of the requested discovery, but only that,

13   if granted, it would narrow the scope of the trade dress discovery. Because

14   discovery will inevitably be required on certain portions of MGA's trade dress

15   claims, this is not a situation where the contemplated motion is potentially

16   dispositive of the issue at which the discovery is directed. Accordingly, the stay

17   requested by the MGA Parties can be denied for that reason alone.

18        **5.    Other Factors Also Weigh Against Issuing The Requested**

19              **Stay**

20        Finally, many, if not all, of the other factors a court may consider in deciding

21   whether a stay is appropriate pending the resolution of a dispositive motion weigh

22   in favor of denying the requested stay.

23        **a.    The Merits Of The Dispositive Motion**

24        As explained in *Qwest Communications Corp.*, 2007 WL 2288299, *2, one

25   of the additional factors a court may consider is whether the merits of the pending

26   dispositive motion make it likely that the motion will be granted. Although the

27   Discovery Master cannot perform such an analysis here (because no dispositive

28   motion is pending), I note that the MGA Parties stated in their moving papers that

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 12 -

ORDER NO. 17
[Case No. CV 04-09049 SGL (RNBx)]

EXHIBIT 37
PAGE 550

1    Mattel's contemplated summary judgment "arguments are not well-taken . . ."

2    (Protective Order Motion, p. 13).  In light of this statement, the MGA Parties are

3    precluded from arguing that it is likely Mattel's motion will be granted in order to

4    justify their request for a stay.  Accordingly, the Discover Master finds that – based

5    on the record presented – this factor weighs against issuing the requested stay.[6]

6    **b.    Prejudice To Mattel**

7    Imposing a stay on MGA's trade dress claims could also prejudice Mattel by

8    delaying the ultimate resolution of the matter and increasing litigation costs.  As

9    explained above, the stay requested by the MGA Parties is of an indefinite duration

10   and could delay the trial or, alternatively, force Mattel to expedite discovery efforts

11   after the stay is lifted.  Moreover, Mattel could be forced to depose the same

12   witnesses multiple times in Phase 2 (once for those issues not related to MGA's

13   trade dress claims and later with respect to those trade dress issues that remain

14   following the disposition of Mattel's contemplated summary judgment motion).

15   For these reasons, this factor weighs against staying the trade dress discovery.

16   **c.    The MGA Parties Have Not Demonstrated They Will**

17   **Suffer Any Undue Burden**

18   While the MGA Parties claim that it will "be extremely difficult, time-

19   consuming and costly" to respond to the eight trade dress interrogatories at issue,

20   (Protective Order Motion, p. 14), as noted above, some trade dress discovery will

21   have to be taken regardless of the outcome of Mattel's anticipated summary

22   judgment motion.  Further, while it is possible that Mattel's contemplated summary

23   judgment motion, if granted, could simplify the issues for trial and reduce the costs

24   imposed on the MGA Parties, it is also possible that the resolution of the motion

25   will not have any bearing on the scope of the discovery needed in this case.

26   Regardless, a party is always burdened with costs when it voluntarily chooses to

27   _____

[6] Of course, the Discovery Master is in no way deciding the merits of Mattel's contemplated

28   summary judgment motion.

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 13 -

ORDER NO. 17
[Case No. CV 04-09049 SGL (RNBx)]

EXHIBIT    37
PAGE      551

1   pursue a claim, whether the case ultimately is dismissed, summary judgment is

2   granted, the case is settled, or a trial occurs.  If the MGA Parties wish to avoid these

3   costs in connection with MGA's trade dress claims, MGA can always dismiss them.

4   Because any hardship that MGA might face is one of its own making, any burden

5   imposed on it in having to respond to the discovery is justified.  Accordingly, this

6   factor weighs against issuing the requested stay.

7       **d.**  **The Interests Of The Judiciary And The General**

8          **Public**

9     The Court, using funds supplied by the general public, has already expended

10   a great deal of effort and resources in this matter, including conducting a lengthy

11   trial in Phase 1.  The Court further issued a scheduling order that established a

12   specific trial date and discovery cut-off for Phase 2.  Consequently, the general

13   interests of controlling the court's docket and the fair and speedy administration of

14   justice weigh heavily in favor of denying the requested stay.

15    **E.**  **Summary Of Ruling Regarding The Protective Order Motion**

16     For all of the foregoing reasons, the MGA Parties have failed to meet their

17   burden of demonstrating that good cause exists for issuance of a protective order

18   staying their obligation to respond to the subject discovery.

19   **III.** **MATTEL'S MOTION TO COMPEL**

20     Having denied the Protective Order Motion, the Discovery Master now turns

21   to Mattel's Motion To Compel.

22    **A.**  **Interrogatory Nos. 43 and 44**

23      **1.**  **Orders Issued By The Prior Discovery Master**

24     As explained in Section I.A., above, this is not the first time that Mattel has

25   moved to compel responses to Interrogatory Nos. 43 and 44.  The prior discovery

26   master ordered MGA to supplement its responses to these interrogatories as part of

27   his February 15, 2008 order ("February 15, 2008 Order").  (Watson Decl., Ex. 8 at

28   pp. 11 – 12).  Seven days after the deadline specified in the February 15, 2008

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 14 -

ORDER NO. 17
[Case No. CV 04-09049 SGL (RNBx)]

EXHIBIT __37__
PAGE __552__

1  Order for supplementing its responses to Interrogatory Nos. 43 and 44, MGA

2  served objections stating that the discovery in question related to Phase 2 and had

3  been stayed pursuant to a February 4, 2008 order from the Court. (*Id.*, Ex. 9 at pp.

4  7 – 16). After having been advised of the stay imposed by the Court on

5  February 4, 2008, the prior discovery master clarified his February 15, 2008 Order

6  on April 22, 2008 ("April 22, 2008 Order"), ruling that "[t]he MGA Parties

7  obligation to supplement their responses . . . [was] stayed until further order of the

8  district court lifting the stay on Phase 2 discovery." (*Id.*, Ex. 10 at p. 3).

9             **2.      The Relief Sought By Mattel**

10          Because MGA failed to supplement its response to Interrogatory Nos. 43 and

11  44 after the Court lifted the stay on Phase 2 discovery on January 6, 2009, Mattel

12  requests that the Discovery Master enforce the February 15, 2008 Order and require

13  MGA to supplement its responses. (Motion To Compel, pp. 9 – 10).

14             **3.      MGA's Opposition**

15          In its Opposition, MGA relies on two grounds for refusing to provide

16  responses to Interrogatory Nos. 43 and 44. First, MGA argues that it is not in

17  violation of the prior discovery master's February 15, 2008 Order because that

18  order was subsequently stayed by the April 22, 2008 Order, which "did not include

19  any specific date, or time period, after the Phase 2 stay was lifted within which

20  MGA had to provide supplemental responses." (Opposition, p. 10; *see also id.*, pp.

21  9 and 11). Second, MGA argues that it has not refused to answer Interrogatory

22  Nos. 43 and 44 but rather simply moved for a protective order and noted that it will

23  either provide further responses following the denial of that motion or, in the event

24  the motion is granted, after the Court decides Mattel's contemplated summary

25  judgment motion. (*Id.*, pp. 11 – 12).

26          The Discovery Master does not find either of these arguments persuasive.

27             **a.      The April 22, 2008 Order**

28          While MGA is correct that the prior discovery master temporarily stayed the

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 15 -

ORDER NO. 17
[Case No. CV 04-09049 SGL (RNBx)]

EXHIBIT 37
PAGE 553

1    enforcement of his February 15, 2008 Order in his April 22, 2008 Order, its

2    argument that it does not have any obligation to supplement the responses to

3    Interrogatory Nos. 43 and 44 because the April 22, 2008 Order did not specify a

4    time within which MGA had to provide responses is not supported by the record.

5         As soon as the stay on Phase 2 discovery was lifted, MGA's obligation to

6    supplement its responses to Interrogatory Nos. 43 and 44 pursuant to the

7    February 15, 2008 Order returned.  Indeed, the plain language of the prior

8    discovery master's April 22, 2008 Order states that the "MGA Parties obligation to

9    supplement their responses . . . are hereby stayed **until further order of the**

10   **district court lifting the stay on Phase 2 discovery.**" (Watson Decl., Ex. 10 at p.

11   3 (emphasis added)).  Because the Court lifted the stay on Phase 2 discovery on

12   January 6, 2009, the April 22, 2008 Order has not been a shield to the enforcement

13   of the prior discovery master's February 15, 2008 Order since the lifting of the stay.

14        Further, MGA had, at most, eleven days following the lifting of the stay on

15   Phase 2 discovery to supplement its responses to Interrogatory Nos. 43 and 44.

16   (Watson Decl., Ex. 8 at pp. 11 – 12 and 22).  The prior discovery master's February

17   15, 2008 Order required MGA to provide its supplemental responses within eleven

18   days of the order (i.e., on February 26, 2008).  (*Id.*, Ex. 8 at p. 22).  Giving MGA

19   the benefit of the doubt and assuming that all eleven of those days remained at the

20   time the stay was lifted on January 6, 2009, MGA had until January 19, 2009 to

21   provide its responses to Mattel (i.e., 11 days under the February 15, 2008 Order,

22   plus 2 additional days because January 17, 2009 falls on a Saturday).  Because

23   more than three months have passed without a response, MGA has not complied

24   with the terms of the prior discovery master's February 15, 2008 Order.

25               **b.    MGA's Offer To Produce The Supplemental**

26                     **Responses Following The Disposition Of The**

27                     **Protective Order Motion**

28        The contention that MGA somehow remedied its failure to supplement its

EXHIBIT 37
PAGE 554

1    responses to Interrogatory Nos. 43 and 44 by offering to provide further responses

2    following the ruling on the Protective Order Motion is likewise unavailing. (*Id.*,

3    pp. 11 – 12). MGA cites no legal authority, and the Discovery Master has found

4    none, supporting the proposition that a party may refuse to respond to an

5    interrogatory after it has been ordered to do so by subsequently filing a motion for a

6    protective order. Nor would such a rule be logical, as it would permit the party

7    ordered to respond to thereby nullify the effect of the court order. Regardless, the

8    Discovery Master denied the Protective Order Motion and finds that it cannot be

9    used as a basis for failing to comply with the February 15, 2008 Order.

10            **4.     Conclusion**

11           For all of the foregoing reasons, MGA must promptly provide full and

12   complete responses to Interrogatory Nos. 43 and 44.

13       **B.     Mattel's Request For Sanctions Regarding Interrogatory Nos. 43**

14               **And 44**

15           In its Motion To Compel, Mattel also requests that the Discovery Master

16   sanction MGA in the amount of $4,515 for failing to comply with the prior

17   discovery master's February 15, 2008 Order. (Motion To Compel, pp. 10 – 11). In

18   response, MGA argues that the Motion To Compel is "entirely unnecessary," since

19   "there is no dispute about whether MGA will respond to Interrogatories 43 and 44,

20   only when, and MGA had already brought the 'when' question to the Discovery

21   Master one week before Mattel filed the instant motion to compel" as part of its

22   Protective Order Motion. (Opposition, p. 13). However, the fact that one party has

23   moved for a protective order does not prevent the party opposing that motion from

24   subsequently filing a motion to enforce a prior court order, particularly where the

25   latter motion requests that the Discovery Master compel MGA to provide responses

26   to the interrogatories at issue "without further delay," (Motion To Compel, p. 10),

27   while the motion for a protective order indicates that MGA will respond to the

28   interrogatories, at the earliest, "within 21 days after" the denial of the Protective

Arent Fox LLP
Attorneys at Law
Los Angeles

- 17 -

ORDER NO. 17
[Case No. CV 04-09049 SGL (RNBx)]

EXHIBIT 37
PAGE 555

1    Order Motion, (Protective Order Motion, p. 10).

2         MGA next argues that sanctions should be denied because its Protective

3    Order Motion is supported by numerous cases, (Opposition, pp. 13 – 14), and that

4    "it would be a perversion of every conceivable notion of economy and efficiency,

5    not to mention fairness . . . if a motion to compel could be used to sanction a party

6    for exercising its legal right to seek a protective order." (Id., p. 14). But these

7    arguments are not persuasive for the same reasons discussed in Section II and

8    Section III.A.3.b., above, namely that the Protective Order Motion is not

9    meritorious and MGA has not cited any legal authority supporting the proposition

10   that a party may refuse to respond to an interrogatory after it has been ordered to do

11   so by subsequently filing a motion for a protective order.

12        Finally, MGA argues that it "has not appealed, challenged or otherwise

13   refused to obey" the prior discovery master's order, (id.), but merely requested that

14   the "Discovery Master temporarily defer the time to respond . . . based upon the

15   new, intervening circumstances that arose between the issuance of that order and

16   the lifting of the discovery stay," (id., p. 15). However, this is just another way of

17   saying that MGA refused to supplement its responses as required by the prior

18   discovery master due to its mistaken belief that the Protective Order Motion

19   obviated the need to comply with the February 15, 2008 Order. Because that

20   argument has already been rejected, MGA has failed to show that it had substantial

21   justification for opposing the enforcement of the February 15, 2008 Order.

22   Accordingly, the Discovery Master sanctions MGA in the amount of $4,515.[7]

23        **C.    Supplemental Interrogatory Nos. 51 – 55 And 64**

24             **1.    The Relief Sought By Mattel**

25        Mattel next requests that the Discovery Master overrule MGA's objections

26   and compel it to provide full and complete responses to Supplemental Interrogatory

27   _____

[7] Having determined that MGA lacked substantial justification for failing to comply with the

28   February 15, 2008 Order, the Discovery Master denies MGA's request for sanctions.

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 18 -                                    ORDER NO. 17
                              [Case No. CV 04-09049 SGL (RNBx)]

EXHIBIT  37
PAGE  556

1   Nos. 51 – 55 and 64. (Motion To Compel, pp. 12 – 21).

2          **2.    MGA's Opposition**

3       In its Opposition, MGA initially argues that Mattel failed to meet and confer

4   in good faith. (Opposition, pp. 16 – 18). It further argues that even if Mattel did

5   meet and confer sufficiently, its other objections to the interrogatories (i.e., that

6   they (1) contain overbroad definitions, (2) are compound, (3) are duplicative of

7   other interrogatories, (4) improperly seek expert witness information, privileged

8   information, and information better known to Mattel, and/or (5) impose an undue

9   burden) are meritorious and should be sustained. (*Id.*, pp. 18 – 26).

10          **a.    Purported Failure To Meet And Confer**

11       Because it could dispose of the outstanding discovery issues related to

12   Supplemental Interrogatory Nos. 51 – 55 and 64, the Discovery Master first

13   addresses MGA's argument that Mattel failed to meet and confer in good faith prior

14   to filing its motion.

15       MGA argues that Mattel did not meet and confer in good faith because its

16   "meet and confer letter concerning these interrogatories is utterly devoid of any

17   reference whatsoever to the putative impropriety of the objections it now challenges

18   . . ." (Opposition, p. 17). However, MGA admits that the parties did meet and

19   confer about certain issues regarding these interrogatories. (*Id.*, p. 18 ["While the

20   parties did meet and confer about the timing of MGA's response to Interrogatory

21   Nos. 51 – 55 and 64 . . ." (emphasis omitted)]). The record further reflects Mattel

22   sent a meet and confer letter and had multiple phone calls with MGA's counsel

23   about these specific interrogatories. (Watson Decl., ¶ 18 and Exs. 15, 17 and 19).[8]

24   In fact, a letter dated January 28, 2008 specifically asks MGA to let Mattel know

25   "[i]f MGA or Larian intends to limit their responses [to the Supplemental

26

27   [8] The Discovery Master overrules MGA's evidentiary objections to Paragraph 18 of the Watson

28   Decl. because the statements are based on Mr. Watson's personal knowledge, are not vague and
      ambiguous, do not constitute hearsay, and are not argumentative.

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 19 -

ORDER NO. 17
[Case No. CV 04-09049 SGL (RNBx)]

EXHIBIT  37
PAGE  557

1   Interrogatories] based on . . . any other objections . . ." (Watson Decl., Ex. 15).

2   Under such circumstances, the Discovery Master finds that Mattel satisfied Rule

3   37's "good faith" meet and confer requirement.

**b.   Definitional Objections**

5         MGA's first substantive argument in opposition to Supplemental

6   Interrogatory Nos. 51 – 55 and 64 is that Supplemental Interrogatory No. 52 is

7   ambiguous because of the manner in which the term "SALES" is defined.

8   (Opposition p. 19). MGA likewise asserts that Supplemental Interrogatory Nos. 51

9   – 55 are ambiguous because of the definition used for the term "MATTEL." (*Id.*,

10  pp. 19 – 20). However, MGA has not cited any legal authority in support of its

11  position.

12        Moreover, MGA did not set forth the grounds for its objections "with

13  specificity," at the time it objected to the interrogatories, as required by Federal

14  Rule of Civil Procedure 33(b)(4). To the contrary, it merely "incorporate[d]

15  General Objection Nos. 14 – 15 (regarding Definitions), including without

16  limitation its objection to the definition of the term 'MATTEL" for Supplemental

17  Interrogatory Nos. 51 – 55, (Separate Statement, pp. 4 – 8), as well as the term

18  "SALES" with respect to Supplemental Interrogatory No. 52 (*id.*, pp. 5 – 6). This

19  incorporation by reference of a list of general objections is insufficient to preserve

20  an objection. (*Convertino v. U.S. Dept. of Justice*, 565 F.Supp.2d 10, 12 – 13

21  (D.D.C. 2008); *ACMA USA, Inc. v. Surefil, LLC*, 2008 WL 2714422, *2 (E.D.Va.

22  July 7, 2008); *Grider v. Keystone Health Plan Central, Inc.*, 2007 WL 2874423, *5

23  - *6 (E.D.Pa. September 27, 2007); *see also* Fed. R. Civ. Proc. 33(b)(4)).

24        Regardless, the Discovery Master is not persuaded that MGA is unable to

25  understand the terms MATTEL and SALES. Accordingly, the definitional

26  objections are overruled. MGA must answer the interrogatories.[9]

---

[9] The prior discovery master repeatedly required MGA to respond to discovery that used these
definitions, including Interrogatory Nos. 43 and 44. (Watson Decl., Exs. 1 and 8).

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 20 -

ORDER NO. 17
[Case No. CV 04-09049 SGL (RNBx)]

EXHIBIT __558__
PAGE _____

1    **c.    Expert Witness Objection**

2    With respect to Supplemental Interrogatory Nos. 51 and 53, MGA asserts

3    that it "has simply interposed an objection that preserves [its] right to rely on expert

4    testimony." (Opposition, p. 21). Since that is the full extent of MGA's expert

5    witness objection, the Discovery Master agrees that the objection, as limited by

6    MGA, is valid. What MGA cannot do is assert that this objection permits it to

7    withhold information that is now available to it. Accordingly, the objection is

8    sustained to the extent that MGA's interrogatory response merely includes a

9    reservation of rights to supplement the response during expert discovery.

10    **d.    Objection That The Information Is Better Known By**

11    **Mattel**

12    Regarding Supplemental Interrogatory No. 51, MGA asserts that the request

13    for it to identify Mattel products by stock keeping number or bar code number is

14    objectionable because that information is better known to Mattel. (*Id.*, p. 21).

15    However, MGA cannot withhold information on the ground that Mattel knows

16    which people have knowledge of Mattel's purported copying of MGA's intellectual

17    property. Mattel is entitled to discover the information MGA possesses and the

18    factual bases of its trade dress claims.

19    As for MGA's claim that Supplemental Interrogatory No. 54 improperly asks

20    it to identify all persons with knowledge of certain facts even though it does not

21    know everyone who may possess such information, (*id.*, pp. 21 – 22), it is

22    incumbent upon MGA to provide the information that is within its custody,

23    possession or control. In fact, MGA concedes that it will provide "whatever

24    information it has." (*Id.*, p. 22).

25    **e.    Compound Objection**

26    MGA next asserts that Supplemental Interrogatory Nos. 51 – 53 are

27    impermissibly compound. (Opposition, pp. 22 – 23). This contention is

28    unavailing. The questions in each interrogatory refer to one common theme and a

EXHIBIT    37
PAGE    559

1   common group, and count as a single interrogatory. (*See Swackhammer v. Sprint*

2   *Corp. PCS*, 225 F.R.D. 658, 644 (D.Kan. 2004) ["[A]n interrogatory containing

3   subparts directed at eliciting details concerning a 'common theme' should generally

4   be considered a single question"]). Accordingly, the objection is overruled.

### f.   Duplicative Objection

6        MGA's sixth argument is that Supplemental Interrogatory Nos. 51 and 52 are

7   duplicative of other interrogatories Mattel propounded previously. (Opposition, pp.

8   23 – 24). But MGA has failed to demonstrate that this is the case. As an initial

9   matter, MGA does not explain why Supplemental Interrogatory No. 51 is

10  duplicative of other interrogatories. Rather, it simply states that Mattel "does not

11  take issue with MGA's duplication objection," (*id.*, p 23), even though Mattel

12  addressed that issue in footnote 81 of its Motion to Compel, (Motion To Compel, p.

13  19 ["MGA further objects that Interrogatory No. 51 is duplicative of Interrogatory

14  No. 6 . . . No. 49 . . . .Although Interrogatory Nos. 6 and 49 also address the facts

15  regarding MGA's trade dress claims, MGA has yet to identify each of the Mattel

16  products it contends copied, infringed, or diluted MGA's products by SKU number,

17  as requested by Interrogatory 51."]). Because it has not analyzed Interrogatory No.

18  51, MGA's objection to that interrogatory is overruled.

19        MGA's claim that Supplemental Interrogatory No. 52 is duplicative of

20  Interrogatory No. 45 is also unpersuasive. Supplemental Interrogatory No. 52 seeks

21  MGA profit, costs and revenue associated with each trade dress MGA contends

22  Mattel copied, infringed or diluted, (Separate Statement, p. 5), whereas

23  Interrogatory No. 45 asks MGA to identify each Bratz product that MGA sold and

24  to identify the profits, costs and revenue associated with each such product.

25  The questions are therefore not the same.[10] Accordingly, the objections are

---

[10] If the interrogatories were the same as previous interrogatories it answered, MGA should be able to respond to the latest interrogatories by cutting and pasting its responses to the prior interrogatories. However, as discussed below, MGA alleges that responding to Supplemental Interrogatory Nos. 51 and 52 will be overly burdensome, thereby implying that the questions are not identical in scope. (Opposition, p. 25).

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 22 -

EXHIBIT   27

PAGE   560

1  overruled.

2          **g.    Undue Burden Objection**

3      MGA next objects that Supplemental Interrogatory Nos. 51 – 53 and 64 are

4  unduly burdensome.

5      However, MGA has not provided any evidence in connection with its Motion

6  To Compel to support its claim of burden. (*See Jackson*, 173 F.R.D. at 528-9 ["The

7  party claiming that a discovery request is unduly burdensome must allege specific

8  facts which indicate the nature and extent of the burden, usually by affidavit or

9  other reliable evidence."]). Further, MGA cannot complain that the interrogatories

10  are unduly burdensome when Mattel merely seeks information regarding the extent

11  of MGA's trade dress claims. If MGA contends Mattel infringed numerous

12  products, Mattel has the right to discover the scope of the alleged claims.

13  Accordingly, the objections are overruled.

14          **h.    Privilege Objection**

15      Regarding Supplemental Interrogatory Nos. 52, 53, 55 and 64, MGA argues

16  that it asserted a privilege objection merely to "preserve [its] ability to protect,

17  privileged documents and information . . . . [and to make] clear that it was not

18  waiving the attorney-client privilege . . . ." (Opposition, p. 25). Since that is the

19  full extent of MGA's privilege objection, the Discovery Master agrees that

20  objection as so limited is valid. Accordingly, the objection is sustained on that

21  limited ground.

22        **3.    Conclusion**

23      For all of the foregoing reasons, MGA must promptly provide full and

24  complete responses to Supplemental Interrogatory Nos. 51 – 55 and 64, except as

25  limited above.

26  **D.    Summary Of Ruling Regarding The Motion To Compel**

27      Mattel's Motion To Compel is granted, except as limited above. Mattel's

28

EXHIBIT  37
PAGE  561

1   request for sanctions in connection with Interrogatory Nos. 43 and 44 is also

2   granted.

3   **IV.    MATTEL'S *EX PARTE* APPLICATION**

4        Several days after Mattel filed its Motion to Compel on March 6, 2009,

5   Mattel filed its Application for issuance of an order to show cause regarding

6   contempt.  The Application addresses Interrogatory Nos. 43 and 44 (the

7   "Interrogatories") and is based on the same facts summarized above with respect to

8   the Motion to Compel and Protective Order Motion.  However, unlike the Motion

9   to Compel, Mattel filed its Application with the Court, arguing that the Discovery

10  Master is not authorized to issue contempt sanctions.  By order dated March 12,

11  2009, the Court referred the Application to the Discovery Master, who was

12  instructed to review it in the first instance and recommend a disposition to the

13  Court.  (Order dated March 12, 2009, p. 1).

14       **A.    Basis For The Application**

15            **1.    Circumstances Warranting *Ex Parte* Relief.**

16       In the introductory section of its Application preceding the Memorandum of

17  Points and Authorities, Mattel sets forth the following grounds for *ex parte* relief:

18            [F]or two months, MGA failed and refused to produce Phase 2

19            discovery, including such discovery that was previously ordered.

20            MGA also has a history of flouting Court Orders, but remains

21            undeterred by prior warnings and prior awards of sanctions.

22            Absent prompt intervention by this Court, MGA will continue to

23            block even ordered Phase 2 discovery.  Furthermore, MGA's

24            conduct is a direct challenge to the authority of the court and the

25            Discovery Master, and additional delay would inappropriately

26            reward MGA for its refusals to comply with the [prior discovery

27            master's February 15, 2008] Order.

28  (Application, p. i).

EXHIBIT  37
PAGE  562

1    In its Reply, Mattel offers the following as a further justification for bringing
2    the matter on an *ex parte* basis:

3    MGA has repeatedly employed the procedural tactic of refusing
4    to comply with discovery requests and forcing Mattel to return to
5    court for multiple successive orders and sanctions compelling
6    discovery.  In so doing, MGA effectively halts the discovery
7    process and deprives Mattel of crucial information to which it is
8    entitled. … Requiring Mattel to repeat the process of filing a
9    regularly noticed motion would unduly reward MGA for its
10   refusal to comply with the [February 15, 2008] Order and
11   enhance MGA's ability to perpetually deprive Mattel of crucial
12   time in which to conduct discovery.

13   (Reply, pp. 3-4).

14         **2.    Circumstances Warranting Issuance Of An Order To Show**
15               **Cause**

16   In its Application, Mattel argues that, although MGA has improperly refused
17   to respond to all of the discovery referenced in the Motion to Compel (including the
18   Interrogatories), that refusal is, in essence, an "aggravated offense" with respect to
19   the Interrogatories, because MGA had already been ordered to provide responses to
20   those Interrogatories pursuant to the prior discovery master's February 15, 2008
21   Order.  Mattel therefore argues that MGA's failure to provide responses to the
22   Interrogatories should be singled out for special treatment as contempt of the Court.

23         **3.    Relief Sought**

24   MGA seeks issuance of an order to show cause that MGA is in contempt, a
25   finding of contempt, and the following monetary relief:

26   • An award of coercive sanctions against MGA in the amount of $5,000
27     for each day that MGA fails to produce full and complete responses to
28     Interrogatories Nos. 43 and 44 as mandated by the Order, and, in the

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 25 -

ORDER NO. 17
[Case No. CV 04-09049 SGL (RNBx)]

EXHIBIT 37
PAGE 563

1     event that MGA does not comply within five days of the Court's

2     Order, the amount of coercive sanctions should be increased to

3     $10,000 per day (with all such per diem fine amounts being paid to the

4     Court); and

5     • An award of monetary sanctions against MGA in the amount of

6     $7,000, which represents a portion of the costs incurred by Mattel in

7     bringing the Application.

8     (Application, pp. i - ii).

9     **B.**     **Discussion**

10     **1.**     ***Ex Parte* Relief Is Not Justified**

11     As MGA notes, the Court's standing order indicates that *ex parte*

12     applications are "solely for extraordinary relief." This directive was underscored

13     by the Court's Discovery Master Order, which requires that a party applying for *ex*

14     *parte* relief must show that "good cause" exists for hearing any dispute "on

15     shortened time" and that it will "be prejudiced absent prompt resolution" of the

16     issue. (Discovery Master Order, pp. 4 – 5).

17     This standard is not satisfied here. Mattel does not adequately demonstrate

18     that it will be prejudiced if the underlying motion is heard according to regularly

19     noticed motion procedures. The discovery cut-off is still eight months in the future

20     (December 11, 2009), and trial is more than a year away. In its Reply, Mattel

21     argues that it would be unfair to require Mattel to seek relief by means of a

22     regularly noticed motion, given the relevant history:

23     Mattel *already* followed this course of action and already

24     obtained an Order that MGA produce amended interrogatory

25     responses. MGA refuses to obey that [February 15, 2008] Order.

26     Requiring Mattel to repeat the process of filing a regularly

27     noticed motion would unduly reward MGA for its refusal to

28     comply with the [February 15, 2008] Order and enhance MGA's

EXHIBIT  37
PAGE  564

1           ability to perpetually deprive Mattel of crucial time in which to

2           conduct discovery.

3    (Reply, p. 4, emphasis in original).

4         Mattel's frustration is understandable; Mattel has already been through this

5    process twice (counting the pending motion to compel) with respect to the identical

6    interrogatories which are the subject of the Application. However, Mattel's

7    assertion that it should be allowed to dispense with a noticed motion ignores one

8    important point: the Application seeks relief which both parties acknowledge is

9    entirely different in character than an award of ordinary monetary sanctions for

10   discovery abuses. Unlike its motions to compel, the Application seeks a finding

11   that MGA has deliberately disobeyed a Court order and should be punished by an

12   award of coercive sanctions until it complies with the order. This is the first time

13   Mattel has sought such relief, and MGA has never previously been provided the

14   opportunity to oppose the requested relief in connection with a regularly noticed

15   motion. Thus, while Mattel's above quoted argument might have some application

16   if Mattel were seeking ordinary discovery sanctions on an *ex parte* basis, it does not

17   justify Mattel in seeking contempt sanctions for the first time on an *ex parte* basis.

18        Moreover, the chronology of events tends to negate the assertion that Mattel

19   is suffering immediate and irreparable prejudice from the delay occasioned by

20   MGA's failure to respond to the Interrogatories. MGA has refused to respond to

21   the Interrogatories since the Court lifted the stay on Phase 2 discovery on January 6,

22   2009. Nevertheless Mattel did not file its Application until two months later, after

23   MGA filed the Protective Order Motion and after Mattel filed its Motion to Compel

24   MGA to respond to the outstanding trade dress discovery, including providing

25   responses to the Interrogatories. The timing of these events undermines Mattel's

26   argument that expedited relief is necessary.

27        In the absence of some exigency, the Discovery Master believes that the

28   severity and punitive character of contempt sanctions warrant affording the parties

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 27 -

ORDER NO. 17
[Case No. CV 04-09049 SGL (RNBx)]

EXHIBIT 37
PAGE 565

1    the time and opportunity to present their arguments in the context of a regularly

2    noticed motion. Consequently Mattel was not justified in seeking relief on an *ex*

3    *parte* basis. Nevertheless, because Mattel could simply re-file the Application as a

4    regularly noticed motion and because the Discovery Master is not inclined to

5    recommend that the Court grant the relief Mattel seeks at this time, I address the

6    substantive issues raised by the Application below.

### 2.   MGA's Alleged Disobedience Of The Prior Order

#### a.   Legal Standard

9    As the Ninth Circuit has observed:

> Courts are invested with inherent powers that are 'governed not
> by rule or statute but by the control necessarily vested in courts to
> manage their own affairs so as to achieve the orderly and
> expeditious disposition of cases.'

14   (*Unigard Security Ins. Co. v. Lakewood Engineering & Manufacturing Corp.*, 982

15   F.2d 363,368 (9th Cir. 1992) (citations omitted)). When a party fails to comply

16   with a court order, that party commits civil contempt. (*General Signal Corp. v.*

17   *Donallco, Inc.*, 787 F.2d 1376, 1376 (9th Cir. 1986)). Additionally, Federal Rule of

18   Civil Procedure 37(b)(2)(A) authorizes a court to treat the failure to obey a

19   discovery order as contempt.

20   The Ninth Circuit has further observed that "courts have strictly adhered to

21   the principle that the power to punish for contempt is limited to '(t)he least possible

22   power adequate to the end proposed.'" (*In re Gustafson*, 619 F.2d 1354, 1361 (9th

23   Cir. 1980) (citations omitted)).

24   Mattel acknowledges that it must meet an exacting standard in order to

25   prevail on its Application. Specifically, the party seeking imposition of civil

26   contempt sanctions must demonstrate "by *clear and convincing evidence* that the

27   contemnors violated a *specific and definite* order of the court." (*United States v.*

28   *Rose*, 437 F.Supp.2d 1166, 1170 (S.D. Cal. 2006) *quoting FTC v. Affordable Media*

EXHIBIT 37
PAGE 566

1   *LLC*, 179, F.3d 1228, 1239 (9th Cir. 1990) (emphasis added)). Further, any doubts

2   as to whether the requirements for civil contempt have been met in a particular case

3   must be resolved in favor of the party accused of civil contempt. (*In re Chief*

4   *Executive Officers Clubs, Inc.*, 359 B.R. 527, 535 (S.D.N.Y. 2007)).

5         In accordance with this standard, contempt sanctions will not be imposed

6   unless the language of the order allegedly violated is clear and unambiguous.

7   (*Vertex Distrib., Inc. v. Falcon Foam Plastics, Inc.*, 689 F.2d 885, 892 (9th Cir.

8   1982) (affirming district court's denial of applications to hold defendants in

9   contempt for violating terms of consent judgment where, among other things,

10  certain "language of the judgment was ambiguous"); *Sunbeam Corp. v. Black &*

11  *Decker (U.S.) Inc.*, 151 F.R.D. 11, 15 (D.R.I. 1993) (denying motion for contempt

12  and for sanctions where the discovery at issue was open to interpretation: "Any

13  ambiguities or uncertainties in the court order must be read in a light favorable to

14  the person charged with contempt. ... Contempt power should not be used where

15  there is uncertainty"); *Redman v. U.S.*, 77 F.2d 126, 127 (9th Cir. 1935) ("[T]he

16  power of the court to punish for contempt should be used with caution and

17  deliberation.")).

18                    **b.      Application To The Facts**

19        Mattel argues that MGA violated the February 15, 2008 Order, and that it

20  continued to do so for two months before the prior discovery master stayed MGA's

21  obligation to respond to the Interrogatories on April 22, 2008. (Application, p. 13).

22  That assertion is not accurate. In granting MGA's motion for clarification of the

23  February 15, 2008 Order, the prior discovery master in essence retroactively found

24  that MGA should not have been ordered to immediately provide supplemental

25  responses because the Interrogatories involved Phase 2 issues and were therefore

26  subject to the Court's February 4, 2008 stay order – a stay imposed 11 days before

27  the February 15, 2008 Order.

28        When the stay was lifted, on January 6, 2009, the Court did not set a new

EXHIBIT __37__
PAGE __667__

1  deadline for MGA to provide supplemental responses in compliance with the

2  February 15, 2008 Order, nor did Mattel request that either the Court or the current

3  Discovery Master do so.  However, one month after the stay was lifted, Mattel did

4  meet and confer with MGA in an attempt to obtain responses.  At that time, MGA

5  took the position that it would provide responses to the Interrogatories "not later

6  than 30 days after the Court decides the trade dress summary judgment motion

7  which Mattel has indicated it will be bringing." (Ex. 16 to Watson Decl. in support

8  of Application).  Three weeks later, MGA filed the Protective Order Motion

9  seeking a stay of its obligation to respond to the Interrogatories.

10        As set forth above, the Discovery Master finds that, in pursuing this course of

11  conduct instead of responding to the Interrogatories and other discovery that is the

12  subject of Mattel's Motion to Compel, MGA acted without substantial justification

13  and therefore grants Mattel's Motion To Compel and also awards sanctions against

14  MGA.  The question raised by the Application is whether MGA should *also* be

15  ordered to appear and show cause why it should not be held in contempt and subject

16  to further sanctions for failing to comply with the February 15, 2008 Order.

17        Since Mattel, as the moving party, has the burden of demonstrating by clear

18  and convincing evidence that MGA has committed civil contempt and should be

19  punished, Mattel must, in the first instance, identify the existence of a "specific and

20  definite" provision of the February 15, 2008 Order which MGA has violated.

21  (*Rose*, 437 F.Supp.2d at 1170).  In an attempt to meet this burden Mattel argues:

22             The Discovery Master's [February 15, 2008] Order directed

23             MGA to provide full, complete and updated responses to

24             Interrogatories Nos. 43 and 44 within eleven days.  MGA did not

25             comply with that Order and refused to do so for two months

26             before the Discovery Master stayed MGA's obligation to respond

27             while the Court's Phase 2 stay was in place.

28  (Application, p. 13).  However, as indicated above, MGA's failure to provide the

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 30 -

ORDER NO. 17
[Case No. CV 04-09049 SGL (RNBx)]



EXHIBIT 37
PAGE

1   responses specified in the February 15, 2008 Order cannot reasonably be viewed to

2   be a violation of that order during the period of February 15, 2008 to April 22, 2008

3   because the prior discovery master himself retracted the portion of his ruling

4   requiring MGA to comply in response to MGA's motion for clarification. In other

5   words, the prior discovery master found, in effect, that MGA had *properly* withheld

6   supplemental responses on the ground that the subject Interrogatories sought Phase

7   2 discovery, which had been stayed by the Court nearly two weeks *before* the prior

8   discovery master issued the February 15, 2008 Order. Given the prior discovery

9   master's April 22, 2008 ruling granting MGA's motion for clarification, MGA can

10   hardly be deemed to have been in violation of the February 15, 2008 Order while

11   the Court's stay of Phase 2 discovery was in place. A party who believes a ruling is

12   in error has the right to seek clarification or reconsideration, and doing so is not

13   equivalent to willfully disobeying the court.

14       Mattel also argues that MGA "resumed" its violation of the February 15,

15   2008 Order by failing to comply once the Court lifted the Phase 2 discovery stay on

16   January 6, 2009. While the Discovery Master does not agree that any violation

17   resumed on January 6, 2009, as set forth above, I do agree that MGA should have

18   promptly complied with the February 15, 2008 Order once the stay was lifted by

19   serving supplemental responses within 11 days of the lifting of the stay. *Lucero v.*

20   *Martinez,* 2006 WL 1304945 at *2 (D.N.M. Mar. 11, 2006) (party waived all

21   objections to interrogatories served before a stay was issued by failing to respond

22   within 30 days of the stay's expiration); *Donovan v. Mazzola,* 716 F.2d 1226, 1240

23   (9th Cir. 1983) ("Absent a stay, 'all orders and judgments of courts must be

24   complied with promptly.'").

25       However, today's ruling that MGA should have promptly provided responses

26   to the Interrogatories upon the stay being lifted by the Court is not equivalent to a

27   finding that MGA deliberately violated a "specific and definite" provision in the

28   February 15, 2008 Order. That order arguably does not contemplate the situation

EXHIBIT 37
PAGE 369

1   which ensued after the order was issued, namely, the prior discovery master's

2   decision to suspend MGA's obligation to respond to the Interrogatories without

3   setting a new deadline to run from the lifting of the stay.

4        While it is reasonable to conclude, as the Discovery Master has done, that the

5   same 11-day deadline imposed by the February 15, 2008 Order would apply once

6   the stay was lifted, an inference, however reasonable, is not the same thing as an

7   express obligation imposed by Court order. (*U.S. v. Saccoccia*, 433 F.3d 19, 29-30

8   (1st Cir. 2005) [government did not carry its burden on civil contempt claim of

9   proving that acceptance of attorney fees by defense attorneys, post-verdict, fell

10   within list of activities expressly forbidden by earlier protective order]; *Independent*

11   *Living Aids, Inc. v. Maxi-Aids, Inc.*, 349 F.Supp.2d 509, 516 (E.D.N.Y. 2004) [the

12   defendant's supposed "understanding," based on oral comments by the Court that

13   he was being ordered to request that search engines discontinue using infringing

14   phrase, was not the same as express provision of injunction and could not serve as

15   basis for civil contempt]). Further, as noted above, any doubts regarding

16   disobedience of a court order are to be resolved in favor of the party charged with

17   contempt. Accordingly, the Discovery Master declines, under the applicable case

18   law and on the record presented, to find that MGA deliberately disobeyed the

19   Court, thereby meriting sanctions for civil contempt. The Discovery Master also

20   declines to recommend that the Court issue the requested order to show cause.

21        However, as set forth in the Disposition section below, the Discovery

22   Master's ruling today *does* contain an express deadline by which MGA must

23   respond fully and without objection to the Interrogatories (as well as the other

24   discovery that is the subject of Mattel's Motion to Compel). If MGA fails to

25   comply with the express, definite deadline imposed by this Order, the Discovery

26   Master reserves the right to recommend that the Court impose appropriate sanctions

27   from the date of MGA's non-compliance should Mattel renew its request for an

28   order to show cause regarding contempt by filing a noticed motion.

EXHIBIT __27__

PAGE __570__

## V.   DISPOSITION

   A.    MGA's Protective Order Motion is **DENIED**.

   B.    Mattel's Motion To Compel is **GRANTED**, except as limited above. MGA's responses to Interrogatory Nos. 43 and 44 shall be served within ten (10) days of this Order, subject to any applicable confidentiality designations available under the Protective Order.  MGA's responses to Supplemental Interrogatories Nos. 51 – 55 and 64 shall be served within thirty (30) days of this Order, subject to any applicable confidentiality designations available under the Protective Order.

   C.    Mattel's request for sanctions against MGA in connection with its Motion To Compel is **GRANTED**.  MGA shall pay $4515 to Mattel within ten (10) days of this Order.

   D.    MGA's request for sanctions in connection with Mattel's Motion To Compel is **DENIED**.

   E.    Mattel's Application for issuance of an order to show cause regarding contempt is **DENIED,** without prejudice to any noticed motion for an order to show cause regarding contempt that Mattel may deem appropriate in the event that MGA fails to comply with any provision of the present Order.

Dated:  April 14, 2009

                          By:   /s/ Robert C. O'Brien
                              ROBERT C. O'BRIEN
                              Discovery Master

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 33 -

ORDER NO. 17
[Case No. CV 04-09049 SGL (RNBx)]

EXHIBIT 37
PAGE 571