# EXHIBIT 38

RECEIVED

OCT 1 5 2009

1   MELINDA HAAG (State Bar No. 132612)
    mhaag@orrick.com
2   ANNETTE L. HURST (State Bar No. 148738)
    ahurst@orrick.com
3   WARRINGTON S. PARKER III (State Bar No. 148003)
    wparker@orrick.com
4   ORRICK, HERRINGTON & SUTCLIFFE LLP
    The Orrick Building
5   405 Howard Street
    San Francisco, CA 94105-2669
6   Telephone: +1-415-773-5700
    Facsimile: +1-415-773-5759
7
    WILLIAM A. MOLINSKI (State Bar No. 145186)
8   wmolinski@orrick.com
    ORRICK, HERRINGTON & SUTCLIFFE LLP
9   777 South Figueroa Street, Suite 3200
    Los Angeles, CA 90017
10  Telephone: +1-213-629-2020
    Facsimile: +1-213-612-2499
11
    Attorneys for MGA Parties
12

13                 UNITED STATES DISTRICT COURT

14              CENTRAL DISTRICT OF CALIFORNIA

15                      SOUTHERN DIVISION

16  | CARTER BRYANT, an individual,   | Case No. CV 04-09049 DOC (RNBx) |
17  |                                  |                                 |
    | Plaintiff,                       | Consolidated with:              |
18  |                                  | Case No. CV 04-9059             |
    | v.                               | Case No. CV 05-2727             |
19  |                                  |                                 |
    | MATTEL, INC., a Delaware         | **ISAAC LARIAN'S RESPONSE TO** |
20  | corporation,                     | **MATTEL, INC.'S REQUEST FOR**  |
    |                                  | **ADMISSION TO ISAAC LARIAN**   |
21  | Defendant.                       | **RELATED TO ASSERTION OF**     |
    |                                  | **PRIVILEGE TO WITHHOLD NON-**  |
22  |                                  | **PRIVILEGED LARIAN EMAIL**     |
    | AND CONSOLIDATED ACTIONS         | **COMMUNICATIONS THAT ARE**     |
23  |                                  | **THE SUBJECT TO THE COURT'S**  |
    |                                  | **ORDER TO SHOW CAUSE DATED**   |
24  |                                  | **AUGUST 31, 2009**             |

25

26  PROPOUNDING PARTY:    Mattel, Inc.

27  RESPONDING PARTY:     Isaac Larian

28  SET NO.:              One (Phase 2)

LARIAN'S RESPONSE TO MATTEL'S RFA TO LARIAN RELATED
TO ASSERTION OF PRIVILEGE TO WITHHOLD NON-
PRIVILEGED LARIAN EMAIL COMMUNICATIONS, CV 04-
9049 DOC (RNBx)

1    Pursuant to Federal Rules of Civil Procedure, Rules 26 and 36, Isaac Larian
2    answers or otherwise objects to the Requests for Admission propounded by
3    Plaintiff Mattel, Inc. herein as follows, with information known to him and within
4    his possession, custody, or control at the present time.  Mr. Larian expressly
5    reserves the right to supplement each of the following Responses where necessary.

6                              **GENERAL OBJECTIONS**

7    Mr. Larian incorporates the following general objections into his specific
8    objections and responses to each and every request.  The assertion of same, similar,
9    or additional objections to the individual requests does not waive any of Mr.
10   Larian's general objections as set forth below:

11   Mr. Larian objects to the request insofar as it seeks disclosure of information
12   that is protected by the attorney-client privilege and/or work product doctrine.

13   Mr. Larian objects to the request to the extent it seeks information not
14   relevant to the claims or defenses of any party to this action and not reasonably
15   calculated to lead to the discovery of admissible evidence.

16   Mr. Larian objects to the request to the extent it is unduly burdensome and
17   oppressive.

18   In responding, Mr. Larian has not and will not comply with any instructions
19   or definitions that seek to impose requirements in addition to those imposed by the
20   Federal Rules of Civil Procedure or any applicable local rule.

21   Mr. Larian reserves the right to object on any ground at any time to such
22   other and supplemental discovery requests as Mattel may propound involving or
23   relating to the same subject matter(s) of the request.

24   Mr. Larian objects to the definitions and instructions to the extent such
25   definitions and instructions purport to enlarge, expand, or alter in any way the plain
26   meaning and scope of any specific term or specific requests on the grounds that
27   such enlargement, expansion or alteration renders such a term or request vague,
28   ambiguous, unintelligible, overly broad, unduly burdensome, uncertain or otherwise

- 1 -

LARIAN'S RESPONSE TO MATTEL'S RFA TO LARIAN RELATED
TO ASSERTION OF PRIVILEGE TO WITHHOLD NON-
PRIVILEGED LARIAN EMAIL COMMUNICATIONS, CV 04-

EXHIBIT _38_

PAGE _573_

1  open to interpretation.

2       These general objections shall be deemed incorporated into each specific

3  response below as if they were fully set forth below. Nevertheless, without waiver

4  of, without prejudice to, and expressly hereby reserving all of the foregoing general

5  objections, Mr. Larian submits the following responses.

6  **RESPONSES**

7  **REQUEST FOR ADMISSION NO. 1:**

8       Admit that the document attached hereto as Exhibit 1 is a true and correct

9  copy of an email exchange in which YOU were involved on or about October 23,

10  2002.

11  **RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

12       Mr. Larian objects to the phrase "involved" as vague and ambiguous. Mr.

13  Larian objects to the request insofar as it seeks disclosure of information that is

14  protected by the attorney-client privilege and/or work product doctrine. Mr. Larian

15  objects to the request to the extent it seeks information not relevant to the claims or

16  defenses of any party to this action and not reasonably calculated to lead to the

17  discovery of admissible evidence. Mr. Larian objects to the request to the extent it

18  is unduly burdensome and oppressive. In responding, Mr. Larian has not and will

19  not comply with any instructions or definitions that seek to impose requirements in

20  addition to those imposed by the Federal Rules of Civil Procedure or any applicable

21  local rule. Mr. Larian reserves the right to object on any ground at any time to such

22  other and supplemental discovery requests as Mattel may propound involving or

23  relating to the same subject matter(s) of the request. Mr. Larian objects to the

24  definitions and instructions to the extent such definitions and instructions purport to

25  enlarge, expand, or alter in any way the plain meaning and scope of any specific

26  term or specific requests on the grounds that such enlargement, expansion or

27  alteration renders such a term or request vague, ambiguous, unintelligible, overly

28  broad, unduly burdensome, uncertain or otherwise open to interpretation.

- 2 -

LARIAN'S RESPONSE TO MATTEL'S RFA TO LARIAN RELATED<br>TO ASSERTION OF PRIVILEGE TO WITHHOLD NON-<br>PRIVILEGED LARIAN EMAIL COMMUNICATIONS. CV 04-

EXHIBIT _38_

PAGE   574

1    Subject to and without waiving these objections, privileges and doctrines,
2    Mr. Larian responds as follows:
3        Admit.
4    **REQUEST FOR ADMISSION NO. 2:**
5        Admit that YOU had been compelled by Court Order prior to May 27, 2008
6    to produce to Mattel in this litigation the document attached hereto as Exhibit 1.
7    **RESPONSE TO REQUEST FOR ADMISSION NO. 2:**
8        Mr. Larian objects to the request on the grounds that it is vague in failing to
9    specify any Court Order that Mattel contends applies and on the ground that it calls
10   for a legal conclusion. Mr. Larian further objects to the request on the ground that
11   it seeks disclosure of information that is protected by the attorney-client privilege
12   and/or work product doctrine in that facts or conclusions regarding the applicability
13   of a "Court Order" to a particular document result from privileged and work
14   product communications with counsel. Mr. Larian objects to the request to the
15   extent it seeks information not relevant to the claims or defenses of any party to this
16   action and not reasonably calculated to lead to the discovery of admissible
17   evidence. Mr. Larian objects to the request to the extent it is unduly burdensome
18   and oppressive. In responding, Mr. Larian has not and will not comply with any
19   instructions or definitions that seek to impose requirements in addition to those
20   imposed by the Federal Rules of Civil Procedure or any applicable local rule. Mr.
21   Larian reserves the right to object on any ground at any time to such other and
22   supplemental discovery requests as Mattel may propound involving or relating to
23   the same subject matter(s) of the request. Mr. Larian objects to the definitions and
24   instructions to the extent such definitions and instructions purport to enlarge,
25   expand, or alter in any way the plain meaning and scope of any specific term or
26   specific requests on the grounds that such enlargement, expansion or alteration
27   renders such a term or request vague, ambiguous, unintelligible, overly broad,
28   unduly burdensome, uncertain or otherwise open to interpretation.

- 3 -

LARIAN'S RESPONSE TO MATTEL'S RFA TO LARIAN RELATED
TO ASSERTION OF PRIVILEGE TO WITHHOLD NON-
PRIVILEGED LARIAN EMAIL COMMUNICATIONS, CV 04-

EXHIBIT _38_
PAGE 575

1   **REQUEST FOR ADMISSION NO. 3:**

2       Admit that YOU knew, prior to May 27, 2008, that YOU had been compelled

3   by Court Order to produce to Mattel in this litigation the document attached hereto

4   as Exhibit 1.

5   **RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

6       Mr. Larian objects to the request on the grounds that it is vague in failing to

7   specify any Court Order that Mattel contends applies and on the ground that it calls

8   for a legal conclusion. Mr. Larian further objects to the request on the ground that

9   it seeks disclosure of information that is protected by the attorney-client privilege

10  and/or work product doctrine in that facts or conclusions regarding the applicability

11  of a "Court Order" to a particular document result from privileged and work

12  product communications with counsel. Mr. Larian objects to the request to the

13  extent it seeks information not relevant to the claims or defenses of any party to this

14  action and not reasonably calculated to lead to the discovery of admissible

15  evidence. Mr. Larian objects to the request to the extent it is unduly burdensome

16  and oppressive. In responding, Mr. Larian has not and will not comply with any

17  instructions or definitions that seek to impose requirements in addition to those

18  imposed by the Federal Rules of Civil Procedure or any applicable local rule. Mr.

19  Larian reserves the right to object on any ground at any time to such other and

20  supplemental discovery requests as Mattel may propound involving or relating to

21  the same subject matter(s) of the request. Mr. Larian objects to the definitions and

22  instructions to the extent such definitions and instructions purport to enlarge,

23  expand, or alter in any way the plain meaning and scope of any specific term or

24  specific requests on the grounds that such enlargement, expansion or alteration

25  renders such a term or request vague, ambiguous, unintelligible, overly broad,

26  unduly burdensome, uncertain or otherwise open to interpretation.

27

28

- 4 -

LARIAN'S RESPONSE TO MATTEL'S RFA TO LARIAN RELATED
TO ASSERTION OF PRIVILEGE TO WITHHOLD NON-
PRIVILEGED LARIAN EMAIL COMMUNICATIONS, CV 04-
~~~~ ~~~ ~~~~~

EXHIBIT _38_

PAGE___576_

1 | **REQUEST FOR ADMISSION NO. 4:**

2 |     Admit that MGA knew the document attached hereto as Exhibit 1 was not

3 | produced to Mattel prior to the commencement of the Phase 1 trial in this matter.

4 | **RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

5 |     Mr. Larian objects to the request as it seeks disclosure of information that is

6 | protected by the attorney-client privilege and/or work product doctrine in that the

7 | knowledge possessed by Mr. Larian regarding the production of Exhibit 1 to the

8 | request results from communications with counsel.  Mr. Larian objects to the

9 | request to the extent it seeks information not relevant to the claims or defenses of

10 | any party to this action and not reasonably calculated to lead to the discovery of

11 | admissible evidence.  Mr. Larian objects to the request to the extent it is unduly

12 | burdensome and oppressive.  In responding, Mr. Larian has not and will not comply

13 | with any instructions or definitions that seek to impose requirements in addition to

14 | those imposed by the Federal Rules of Civil Procedure or any applicable local rule.

15 | Mr. Larian reserves the right to object on any ground at any time to such other and

16 | supplemental discovery requests as Mattel may propound involving or relating to

17 | the same subject matter(s) of the request.  Mr. Larian objects to the definitions and

18 | instructions to the extent such definitions and instructions purport to enlarge,

19 | expand, or alter in any way the plain meaning and scope of any specific term or

20 | specific requests on the grounds that such enlargement, expansion or alteration

21 | renders such a term or request vague, ambiguous, unintelligible, overly broad,

22 | unduly burdensome, uncertain or otherwise open to interpretation.

23 | **REQUEST FOR ADMISSION NO. 5:**

24 |     Admit that MGA knew, at the time of the commencement of the Phase 1 trial

25 | in this matter, that the document attached hereto as Exhibit 1 was relevant to issues

26 | to be tried by the jury in the Phase 1 trial.

27 | **RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

28 |     Mr. Larian objects to the request as it seeks disclosure of information that is

LARIAN'S RESPONSE TO MATTEL'S RFA TO LARIAN RELATED
TO ASSERTION OF PRIVILEGE TO WITHHOLD NON-
PRIVILEGED LARIAN EMAIL COMMUNICATIONS, CV 04-

EXHIBIT _38_

PAGE _577_

1    protected by the attorney-client privilege and/or work product doctrine in that the

2    knowledge Mr. Larian possesses regarding the issues in Phase 1 and the relevancy

3    of Exhibit 1 to the request are the result of communications between Mr. Larian and

4    his counsel. Mr. Larian additionally objects to this request on the grounds that it

5    calls for a legal conclusion. Mr. Larian objects to the request to the extent it seeks

6    information not relevant to the claims or defenses of any party to this action and not

7    reasonably calculated to lead to the discovery of admissible evidence. Mr. Larian

8    objects to the request to the extent it is unduly burdensome and oppressive. In

9    responding, Mr. Larian has not and will not comply with any instructions or

10   definitions that seek to impose requirements in addition to those imposed by the

11   Federal Rules of Civil Procedure or any applicable local rule. Mr. Larian reserves

12   the right to object on any ground at any time to such other and supplemental

13   discovery requests as Mattel may propound involving or relating to the same

14   subject matter(s) of the request. Mr. Larian objects to the definitions and

15   instructions to the extent such definitions and instructions purport to enlarge,

16   expand, or alter in any way the plain meaning and scope of any specific term or

17   specific requests on the grounds that such enlargement, expansion or alteration

18   renders such a term or request vague, ambiguous, unintelligible, overly broad,

19   unduly burdensome, uncertain or otherwise open to interpretation.

20   **REQUEST FOR ADMISSION NO. 6:**

21         Admit that the document attached hereto as Exhibit 1 was withheld by YOU

22   from production in this litigation to Mattel on attorney-client privilege grounds

23   until August 21, 2009.

24   **RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

25         Mr. Larian objects to the request as vague and ambiguous in its use of the

26   phrase "the document withheld by YOU from production in this litigation to

27   Mattel" because "the document" contains a series of emails certain of which were

28   marked as trial exhibits and therefore, Mr. Larian assumes that "the document"

- 6 -

EXHIBIT 38

PAGE 578

1   means any portions of the email that were not marked as a trial exhibit.  As such,

2   Mr. Larian objects to the request as it seeks disclosure of information that is

3   protected by the attorney-client privilege and/or work product doctrine in that the

4   knowledge Mr. Larian possesses regarding the production of Exhibit 1 to the

5   request results from communications with counsel.  Mr. Larian objects to the

6   request to the extent it seeks information not relevant to the claims or defenses of

7   any party to this action and not reasonably calculated to lead to the discovery of

8   admissible evidence.  Mr. Larian objects to the request to the extent it is unduly

9   burdensome and oppressive.  In responding, Mr. Larian has not and will not comply

10  with any instructions or definitions that seek to impose requirements in addition to

11  those imposed by the Federal Rules of Civil Procedure or any applicable local rule.

12  Mr. Larian reserves the right to object on any ground at any time to such other and

13  supplemental discovery requests as Mattel may propound involving or relating to

14  the same subject matter(s) of the request.  Mr. Larian objects to the definitions and

15  instructions to the extent such definitions and instructions purport to enlarge,

16  expand, or alter in any way the plain meaning and scope of any specific term or

17  specific requests on the grounds that such enlargement, expansion or alteration

18  renders such a term or request vague, ambiguous, unintelligible, overly broad,

19  unduly burdensome, uncertain or otherwise open to interpretation.

20  **REQUEST FOR ADMISSION NO. 7:**

21       Admit that the document attached hereto as Exhibit 1 was withheld by YOU

22  from production in this litigation to Mattel on work product grounds until August

23  21, 2009.

24  **RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

25       Mr. Larian objects to the request as vague and ambiguous in its use of the

26  phrase "the document withheld by YOU from production in this litigation to

27  Mattel" because "the document" contains a series of emails certain of which were

28  marked as trial exhibits and, therefore, Mr. Larian assumes that "the document"

- 7 -

EXHIBIT 38

PAGE 579

1   means any portions of the email that were not marked as a trial exhibit.  As such,

2   Mr. Larian objects to the request as it seeks disclosure of information that is

3   protected by the attorney-client privilege and/or work product doctrine in that the

4   knowledge Mr. Larian possesses regarding the production of Exhibit 1 to the

5   request results from communications with counsel.  Mr. Larian objects to the

6   request to the extent it seeks information not relevant to the claims or defenses of

7   any party to this action and not reasonably calculated to lead to the discovery of

8   admissible evidence.  Mr. Larian objects to the request to the extent it is unduly

9   burdensome and oppressive.  In responding, Mr. Larian has not and will not comply

10  with any instructions or definitions that seek to impose requirements in addition to

11  those imposed by the Federal Rules of Civil Procedure or any applicable local rule.

12  Mr. Larian reserves the right to object on any ground at any time to such other and

13  supplemental discovery requests as Mattel may propound involving or relating to

14  the same subject matter(s) of the request.  Mr. Larian objects to the definitions and

15  instructions to the extent such definitions and instructions purport to enlarge,

16  expand, or alter in any way the plain meaning and scope of any specific term or

17  specific requests on the grounds that such enlargement, expansion or alteration

18  renders such a term or request vague, ambiguous, unintelligible, overly broad,

19  unduly burdensome, uncertain or otherwise open to interpretation.

20  **REQUEST FOR ADMISSION NO. 8:**

21        Admit that the document attached hereto as Exhibit 1 is protected by

22  attorney-client privilege.

23  **RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

24        Mr. Larian objects to the request as vague and ambiguous in its use of the

25  phrase "the document" because "the document" contains a series of emails certain

26  of which were marked as trial exhibits and, therefore, Mr. Larian assumes that "the

27  document" means any portions of the email that were not marked as a trial exhibit.

28  As such, Mr. Larian objects to the request as it seeks disclosure of information that

- 8 -

LARIAN'S RESPONSE TO MATTEL'S RFA TO LARIAN RELATED
TO ASSERTION OF PRIVILEGE TO WITHHOLD NON-
PRIVILEGED LARIAN EMAIL COMMUNICATIONS. CV 04-

EXHIBIT 38

PAGE 580

1   is protected by the attorney-client privilege and/or work product doctrine in that Mr.

2   Larian's knowledge concerning the scope and nature of the attorney-client privilege

3   as applied to Exhibit 1 to the request has been gained by and through

4   communications with his counsel. Mr. Larian additionally objects to this request on

5   the grounds that it calls for a legal conclusion. Mr. Larian objects to the request to

6   the extent it seeks information not relevant to the claims or defenses of any party to

7   this action and not reasonably calculated to lead to the discovery of admissible

8   evidence. Mr. Larian objects to the request to the extent it is unduly burdensome

9   and oppressive. In responding, Mr. Larian has not and will not comply with any

10   instructions or definitions that seek to impose requirements in addition to those

11   imposed by the Federal Rules of Civil Procedure or any applicable local rule. Mr.

12   Larian reserves the right to object on any ground at any time to such other and

13   supplemental discovery requests as Mattel may propound involving or relating to

14   the same subject matter(s) of the request. Mr. Larian objects to the definitions and

15   instructions to the extent such definitions and instructions purport to enlarge,

16   expand, or alter in any way the plain meaning and scope of any specific term or

17   specific requests on the grounds that such enlargement, expansion or alteration

18   renders such a term or request vague, ambiguous, unintelligible, overly broad,

19   unduly burdensome, uncertain or otherwise open to interpretation.

20   **REQUEST FOR ADMISSION NO. 9:**

21        Admit that the document attached hereto as Exhibit 1 is protected by the

22   work product doctrine.

23   **RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

24        Mr. Larian objects to the request as vague and ambiguous in its use of the

25   phrase "the document" because "the document" contains a series of emails certain

26   of which were marked as trial exhibits and, therefore, Mr. Larian assumes that "the

27   document" means any portions of the email that were not marked as a trial exhibit.

28   As such, Mr. Larian objects to the request as it seeks disclosure of information that

- 9 -

EXHIBIT _38_

PAGE _581_

1   is protected by the attorney-client privilege and/or work product doctrine in that Mr.

2   Larian's knowledge concerning the scope and nature of the work product doctrine

3   as applied to Exhibit 1 to the request has been gained by and through

4   communications with his counsel.  Mr. Larian additionally objects to this request on

5   the grounds that it calls for a legal conclusion.  Mr. Larian objects to the request to

6   the extent it seeks information not relevant to the claims or defenses of any party to

7   this action and not reasonably calculated to lead to the discovery of admissible

8   evidence.  Mr. Larian objects to the request to the extent it is unduly burdensome

9   and oppressive.  In responding, Mr. Larian has not and will not comply with any

10  instructions or definitions that seek to impose requirements in addition to those

11  imposed by the Federal Rules of Civil Procedure or any applicable local rule.  Mr.

12  Larian reserves the right to object on any ground at any time to such other and

13  supplemental discovery requests as Mattel may propound involving or relating to

14  the same subject matter(s) of the request.  Mr. Larian objects to the definitions and

15  instructions to the extent such definitions and instructions purport to enlarge,

16  expand, or alter in any way the plain meaning and scope of any specific term or

17  specific requests on the grounds that such enlargement, expansion or alteration

18  renders such a term or request vague, ambiguous, unintelligible, overly broad,

19  unduly burdensome, uncertain or otherwise open to interpretation.

20  **REQUEST FOR ADMISSION NO. 10:**

21       Admit that the document attached hereto as Exhibit 1 is not protected by

22  attorney-client privilege.

23  **RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

24       Mr. Larian objects to the request as vague and ambiguous in its use of the

25  phrase "the document" because "the document" contains a series of emails certain

26  of which were marked as trial exhibits and, therefore, Mr. Larian assumes that "the

27  document" means any portions of the email that were not marked as a trial exhibit.

28  As such, Mr. Larian objects to the request as it seeks disclosure of information that

- 10 -

EXHIBIT _38_

PAGE _582_

1    is protected by the attorney-client privilege and/or work product doctrine in that Mr.

2    Larian's knowledge concerning the scope and nature of the attorney-client privilege

3    as applied to Exhibit 1 to the request has been gained by and through

4    communications with his counsel. Mr. Larian additionally objects to this request on

5    the grounds that it calls for a legal conclusion. Mr. Larian objects to the request to

6    the extent it seeks information not relevant to the claims or defenses of any party to

7    this action and not reasonably calculated to lead to the discovery of admissible

8    evidence. Mr. Larian objects to the request to the extent it is unduly burdensome

9    and oppressive. In responding, Mr. Larian has not and will not comply with any

10   instructions or definitions that seek to impose requirements in addition to those

11   imposed by the Federal Rules of Civil Procedure or any applicable local rule. Mr.

12   Larian reserves the right to object on any ground at any time to such other and

13   supplemental discovery requests as Mattel may propound involving or relating to

14   the same subject matter(s) of the request. Mr. Larian objects to the definitions and

15   instructions to the extent such definitions and instructions purport to enlarge,

16   expand, or alter in any way the plain meaning and scope of any specific term or

17   specific requests on the grounds that such enlargement, expansion or alteration

18   renders such a term or request vague, ambiguous, unintelligible, overly broad,

19   unduly burdensome, uncertain or otherwise open to interpretation.

20   **REQUEST FOR ADMISSION NO. 11:**

21        Admit that the doctrine attached hereto as Exhibit 1 is not protected by the

22   work product doctrine.

23   **RESPONSE TO REQUEST FOR ADMISSION NO. 11:**

24        Mr. Larian objects to the request as vague and ambiguous in its use of the

25   phrase "the document" because "the document" contains a series of emails certain

26   of which were marked as trial exhibits and, therefore, Mr. Larian assumes that "the

27   document" means any portions of the email that were not marked as a trial exhibit.

28   As such, Mr. Larian objects to the request as it seeks disclosure of information that

LARIAN'S RESPONSE TO MATTEL'S RFA TO LARIAN RELATED
TO ASSERTION OF PRIVILEGE TO WITHHOLD NON-
PRIVILEGED LARIAN EMAIL COMMUNICATIONS, CV 04-

EXHIBIT 38

PAGE 583

1   is protected by the attorney-client privilege and/or work product doctrine in that Mr.

2   Larian's knowledge concerning the scope and nature of the work product doctrine

3   as applied to Exhibit 1 to the request has been gained by and through

4   communications with his counsel. Mr. Larian additionally objects to this request on

5   the grounds that it calls for a legal conclusion. Mr. Larian objects to the request to

6   the extent it seeks information not relevant to the claims or defenses of any party to

7   this action and not reasonably calculated to lead to the discovery of admissible

8   evidence. Mr. Larian objects to the request to the extent it is unduly burdensome

9   and oppressive. In responding, Mr. Larian has not and will not comply with any

10  instructions or definitions that seek to impose requirements in addition to those

11  imposed by the Federal Rules of Civil Procedure or any applicable local rule. Mr.

12  Larian reserves the right to object on any ground at any time to such other and

13  supplemental discovery requests as Mattel may propound involving or relating to

14  the same subject matter(s) of the request. Mr. Larian objects to the definitions and

15  instructions to the extent such definitions and instructions purport to enlarge,

16  expand, or alter in any way the plain meaning and scope of any specific term or

17  specific requests on the grounds that such enlargement, expansion or alteration

18  renders such a term or request vague, ambiguous, unintelligible, overly broad,

19  unduly burdensome, uncertain or otherwise open to interpretation.

20  **REQUEST FOR ADMISSION NO. 12:**

21       Admit that the document attached hereto as Exhibit 1 never was protected by

22  attorney-client privilege.

23  **RESPONSE TO REQUEST FOR ADMISSION NO. 12:**

24       Mr. Larian objects to the request as vague and ambiguous in its use of the

25  phrase "the document" because "the document" contains a series of emails certain

26  of which were marked as trial exhibits and, therefore, Mr. Larian assumes that "the

27  document" means any portions of the email that were not marked as a trial exhibit.

28  As such, Mr. Larian objects to the request as it seeks disclosure of information that

- 12 -

EXHIBIT  38

PAGE _____  584

1    is protected by the attorney-client privilege and/or work product doctrine in that Mr.

2    Larian's knowledge concerning the scope and nature of the attorney-client privilege

3    as applied to Exhibit 1 to the request has been gained by and through

4    communications with his counsel. Mr. Larian additionally objects to this request on

5    the grounds that it calls for a legal conclusion. Mr. Larian objects to the request to

6    the extent it seeks information not relevant to the claims or defenses of any party to

7    this action and not reasonably calculated to lead to the discovery of admissible

8    evidence. Mr. Larian objects to the request to the extent it is unduly burdensome

9    and oppressive. In responding, Mr. Larian has not and will not comply with any

10    instructions or definitions that seek to impose requirements in addition to those

11    imposed by the Federal Rules of Civil Procedure or any applicable local rule. Mr.

12    Larian reserves the right to object on any ground at any time to such other and

13    supplemental discovery requests as Mattel may propound involving or relating to

14    the same subject matter(s) of the request. Mr. Larian objects to the definitions and

15    instructions to the extent such definitions and instructions purport to enlarge,

16    expand, or alter in any way the plain meaning and scope of any specific term or

17    specific requests on the grounds that such enlargement, expansion or alteration

18    renders such a term or request vague, ambiguous, unintelligible, overly broad,

19    unduly burdensome, uncertain or otherwise open to interpretation.

20    **REQUEST FOR ADMISSION NO. 13:**

21        Admit that the document attached hereto as Exhibit 1 was never protected by

22    the work product doctrine.

23    **RESPONSE TO REQUEST FOR ADMISSION NO. 13:**

24        Mr. Larian objects to the request as vague and ambiguous in its use of the

25    phrase "the document" because "the document" contains a series of emails certain

26    of which were marked as trial exhibits and, therefore, Mr. Larian assumes that "the

27    document" means any portions of the email that were not marked as a trial exhibit.

28    As such, Mr. Larian objects to the request as it seeks disclosure of information that

- 13 -

EXHIBIT __38__

PAGE __585__

1    is protected by the attorney-client privilege and/or work product doctrine in that Mr.

.2   Larian's knowledge concerning the scope and nature of the work product doctrine

3    as applied to Exhibit 1 to the request has been gained by and through

4    communications with his counsel.  Mr. Larian additionally objects to this request on

5    the grounds that it calls for a legal conclusion.  Mr. Larian objects to the request to

6    the extent it seeks information not relevant to the claims or defenses of any party to

7    this action and not reasonably calculated to lead to the discovery of admissible

8    evidence.  Mr. Larian objects to the request to the extent it is unduly burdensome

9    and oppressive.  In responding, Mr. Larian has not and will not comply with any

10   instructions or definitions that seek to impose requirements in addition to those

11   imposed by the Federal Rules of Civil Procedure or any applicable local rule.  Mr.

12   Larian reserves the right to object on any ground at any time to such other and

13   supplemental discovery requests as Mattel may propound involving or relating to

14   the same subject matter(s) of the request.  Mr. Larian objects to the definitions and

15   instructions to the extent such definitions and instructions purport to enlarge,

16   expand, or alter in any way the plain meaning and scope of any specific term or

17   specific requests on the grounds that such enlargement, expansion or alteration

18   renders such a term or request vague, ambiguous, unintelligible, overly broad,

19   unduly burdensome, uncertain or otherwise open to interpretation.

20   **REQUEST FOR ADMISSION NO. 14:**

21        Admit that YOU knew the document attached hereto as Exhibit 1 never was

22   protected by attorney-client privilege.

23   **RESPONSE TO REQUEST FOR ADMISSION NO. 14:**

24        Mr. Larian objects to the request as vague and ambiguous in its use of the

25   phrase "the document" because "the document" contains a series of emails certain

26   of which were marked as trial exhibits and, therefore, Mr. Larian assumes that "the

27   document" means any portions of the email that were not marked as a trial exhibit.

28   As such, Mr. Larian objects to the request as it seeks disclosure of information that

- 14 -

EXHIBIT _38_

PAGE _586_

1  is protected by the attorney-client privilege and/or work product doctrine in that Mr.

2  Larian's knowledge concerning the scope and nature of the attorney-client privilege

3  as applied to Exhibit 1 to the request has been gained by and through

4  communications with his counsel. Mr. Larian additionally objects to this request on

5  the grounds that it calls for a legal conclusion. Mr. Larian objects to the request to

6  the extent it seeks information not relevant to the claims or defenses of any party to

7  this action and not reasonably calculated to lead to the discovery of admissible

8  evidence. Mr. Larian objects to the request to the extent it is unduly burdensome

9  and oppressive. In responding, Mr. Larian has not and will not comply with any

10  instructions or definitions that seek to impose requirements in addition to those

11  imposed by the Federal Rules of Civil Procedure or any applicable local rule. Mr.

12  Larian reserves the right to object on any ground at any time to such other and

13  supplemental discovery requests as Mattel may propound involving or relating to

14  the same subject matter(s) of the request. Mr. Larian objects to the definitions and

15  instructions to the extent such definitions and instructions purport to enlarge,

16  expand, or alter in any way the plain meaning and scope of any specific term or

17  specific requests on the grounds that such enlargement, expansion or alteration

18  renders such a term or request vague, ambiguous, unintelligible, overly broad,

19  unduly burdensome, uncertain or otherwise open to interpretation.

20  **REQUEST FOR ADMISSION NO. 15:**

21        Admit that YOU knew the document attached hereto as Exhibit 1 never was

22  protected by the work product doctrine.

23  **RESPONSE TO REQUEST FOR ADMISSION NO. 15:**

24        Mr. Larian objects to the request as vague and ambiguous in its use of the

25  phrase "the document" because "the document" contains a series of emails certain

26  of which were marked as trial exhibits and, therefore, Mr. Larian assumes that "the

27  document" means any portions of the email that were not marked as a trial exhibit.

28  As such, Mr. Larian objects to the request as it seeks disclosure of information that

- 15 -

LARIAN'S RESPONSE TO MATTEL'S RFA TO LARIAN RELATED
TO ASSERTION OF PRIVILEGE TO WITHHOLD NON-
PRIVILEGED LARIAN EMAIL COMMUNICATIONS, CV 04-

EXHIBIT __38__

PAGE ____587____

1    is protected by the attorney-client privilege and/or work product doctrine in that Mr.

2    Larian's knowledge concerning the scope and nature of the work product doctrine

3    as applied to Exhibit 1 to the request has been gained by and through

4    communications with his counsel. Mr. Larian additionally objects to this request on

5    the grounds that it calls for a legal conclusion. Mr. Larian objects to the request to

6    the extent it seeks information not relevant to the claims or defenses of any party to

7    this action and not reasonably calculated to lead to the discovery of admissible

8    evidence. Mr. Larian objects to the request to the extent it is unduly burdensome

9    and oppressive. In responding, Mr. Larian has not and will not comply with any

10    instructions or definitions that seek to impose requirements in addition to those

11    imposed by the Federal Rules of Civil Procedure or any applicable local rule. Mr.

12    Larian reserves the right to object on any ground at any time to such other and

13    supplemental discovery requests as Mattel may propound involving or relating to

14    the same subject matter(s) of the request. Mr. Larian objects to the definitions and

15    instructions to the extent such definitions and instructions purport to enlarge,

16    expand, or alter in any way the plain meaning and scope of any specific term or

17    specific requests on the grounds that such enlargement, expansion or alteration

18    renders such a term or request vague, ambiguous, unintelligible, overly broad,

19    unduly burdensome, uncertain or otherwise open to interpretation.

20    **REQUEST FOR ADMISSION NO. 16:**

21       Admit that there was no basis for withholding from production in this

22    litigation the document attached hereto as Exhibit 1 on grounds of attorney-client

23    privilege.

24    **RESPONSE TO REQUEST FOR ADMISSION NO. 16:**

25       Mr. Larian objects to the request as vague and ambiguous in its use of the

26    phrase "the document" because "the document" contains a series of emails certain

27    of which were marked as trial exhibits and, therefore, Mr. Larian assumes that "the

28    document" means any portions of the email that were not marked as a trial exhibit.

LARIAN'S RESPONSE TO MATTEL'S RFA TO LARIAN RELATED
TO ASSERTION OF PRIVILEGE TO WITHHOLD NON-
PRIVILEGED LARIAN EMAIL COMMUNICATIONS, CV 04-

EXHIBIT _38_

PAGE_____ 588

1   As such, Mr. Larian objects to the request as it seeks disclosure of information that
2   is protected by the attorney-client privilege and/or work product doctrine in that Mr.
3   Larian's knowledge concerning the scope and nature of the attorney-client privilege
4   as applied to Exhibit 1 to the request has been gained by and through
5   communications with his counsel. Mr. Larian additionally objects to this request on
6   the grounds that it calls for a legal conclusion. Mr. Larian objects to the request to
7   the extent it seeks information not relevant to the claims or defenses of any party to
8   this action and not reasonably calculated to lead to the discovery of admissible
9   evidence. Mr. Larian objects to the request to the extent it is unduly burdensome
10  and oppressive. In responding, Mr. Larian has not and will not comply with any
11  instructions or definitions that seek to impose requirements in addition to those
12  imposed by the Federal Rules of Civil Procedure or any applicable local rule. Mr.
13  Larian reserves the right to object on any ground at any time to such other and
14  supplemental discovery requests as Mattel may propound involving or relating to
15  the same subject matter(s) of the request. Mr. Larian objects to the definitions and
16  instructions to the extent such definitions and instructions purport to enlarge,
17  expand, or alter in any way the plain meaning and scope of any specific term or
18  specific requests on the grounds that such enlargement, expansion or alteration
19  renders such a term or request vague, ambiguous, unintelligible, overly broad,
20  unduly burdensome, uncertain or otherwise open to interpretation.

21  **REQUEST FOR ADMISSION NO. 17:**

22       Admit that there was no basis for withholding from production in this
23  litigation the document attached hereto as Exhibit 1 on grounds of the work product
24  doctrine.

25  **RESPONSE TO REQUEST FOR ADMISSION NO. 17:**

26       Mr. Larian objects to the request as vague and ambiguous in its use of the
27  phrase "the document" because "the document" contains a series of emails certain
28  of which were marked as trial exhibits and, therefore, Mr. Larian assumes that "the

- 17 -

EXHIBIT _38_

PAGE _589_

1  document" means any portions of the email that were not marked as a trial exhibit.

2  As such, Mr. Larian objects to the request as it seeks disclosure of information that

3  is protected by the attorney-client privilege and/or work product doctrine in that Mr.

4  Larian's knowledge concerning the scope and nature of the work product doctrine

5  as applied to Exhibit 1 to the request has been gained by and through

6  communications with his counsel. Mr. Larian additionally objects to this request on

7  the grounds that it calls for a legal conclusion. Mr. Larian objects to the request to

8  the extent it seeks information not relevant to the claims or defenses of any party to

9  this action and not reasonably calculated to lead to the discovery of admissible

10  evidence. Mr. Larian objects to the request to the extent it is unduly burdensome

11  and oppressive. In responding, Mr. Larian has not and will not comply with any

12  instructions or definitions that seek to impose requirements in addition to those

13  imposed by the Federal Rules of Civil Procedure or any applicable local rule. Mr.

14  Larian reserves the right to object on any ground at any time to such other and

15  supplemental discovery requests as Mattel may propound involving or relating to

16  the same subject matter(s) of the request. Mr. Larian objects to the definitions and

17  instructions to the extent such definitions and instructions purport to enlarge,

18  expand, or alter in any way the plain meaning and scope of any specific term or

19  specific requests on the grounds that such enlargement, expansion or alteration

20  renders such a term or request vague, ambiguous, unintelligible, overly broad,

21  unduly burdensome, uncertain or otherwise open to interpretation.

22  **REQUEST FOR ADMISSION NO. 18:**

23      Admit that the portion of the document attached hereto as Exhibit 1

24  containing the email exchange between YOU and Victoria O'Connor reflects legal

25  advice.

26  **RESPONSE TO REQUEST FOR ADMISSION NO. 18:**

27      Mr. Larian objects to the request as vague and ambiguous in its use of the

28  phrase "the portion of the document attached hereto as Exhibit 1 containing the

LARIAN'S RESPONSE TO MATTEL'S RFA TO LARIAN RELATED
TO ASSERTION OF PRIVILEGE TO WITHHOLD NON-
PRIVILEGED LARIAN EMAIL COMMUNICATIONS, CV 04-

EXHIBIT *38*

PAGE 590

1   email exchange between YOU and Victoria O'Connor reflects legal advice" in that
2   there are three email exchanges between Mr. Larian and Victoria O'Connor and this
3   request does not specify which of the three exchanges to which it refers.  Mr. Larian
4   objects to the request as it seeks disclosure of information that is protected by the
5   attorney-client privilege and/or work product doctrine.  Mr. Larian additionally
6   objects to this request on the grounds that it calls for a legal conclusion.  Mr. Larian
7   objects to the request to the extent it seeks information not relevant to the claims or
8   defenses of any party to this action and not reasonably calculated to lead to the
9   discovery of admissible evidence.  Mr. Larian objects to the request to the extent it
10  is unduly burdensome and oppressive.  In responding, Mr. Larian has not and will
11  not comply with any instructions or definitions that seek to impose requirements in
12  addition to those imposed by the Federal Rules of Civil Procedure or any applicable
13  local rule.  Mr. Larian reserves the right to object on any ground at any time to such
14  other and supplemental discovery requests as Mattel may propound involving or
15  relating to the same subject matter(s) of the request.  Mr. Larian objects to the
16  definitions and instructions to the extent such definitions and instructions purport to
17  enlarge, expand, or alter in any way the plain meaning and scope of any specific
18  term or specific requests on the grounds that such enlargement, expansion or
19  alteration renders such a term or request vague, ambiguous, unintelligible, overly
20  broad, unduly burdensome, uncertain or otherwise open to interpretation.

21  **REQUEST FOR ADMISSION NO. 19:**

22      Admit that the portion of the document attached hereto as Exhibit 1
23  containing the email exchange between YOU and Victoria O'Connor did not reflect
24  legal advice.

25  **RESPONSE TO REQUEST FOR ADMISSION NO. 19:**

26      Mr. Larian objects to the request as vague and ambiguous in its use of the
27  phrase "the portion of the document attached hereto as Exhibit 1 containing the
28  email exchange between YOU and Victoria O'Connor did not reflect legal advice"

- 19 -

EXHIBIT _38_

PAGE ____ 591

1   in that there are three email exchanges between Mr. Larian and Victoria O'Connor

2   and this request does not specify which of the three exchanges to which it refers.

3   Mr. Larian objects to the request as it seeks disclosure of information that is

4   protected by the attorney-client privilege and/or work product doctrine.  Mr. Larian

5   additionally objects to this request on the grounds that it calls for a legal

6   conclusion.  Mr. Larian objects to the request to the extent it seeks information not

7   relevant to the claims or defenses of any party to this action and not reasonably

8   calculated to lead to the discovery of admissible evidence.  Mr. Larian objects to

9   the request to the extent it is unduly burdensome and oppressive.  In responding,

10   Mr. Larian has not and will not comply with any instructions or definitions that

11   seek to impose requirements in addition to those imposed by the Federal Rules of

12   Civil Procedure or any applicable local rule.  Mr. Larian reserves the right to object

13   on any ground at any time to such other and supplemental discovery requests as

14   Mattel may propound involving or relating to the same subject matter(s) of the

15   request.  Mr. Larian objects to the definitions and instructions to the extent such

16   definitions and instructions purport to enlarge, expand, or alter in any way the plain

17   meaning and scope of any specific term or specific requests on the grounds that

18   such enlargement, expansion or alteration renders such a term or request vague,

19   ambiguous, unintelligible, overly broad, unduly burdensome, uncertain or otherwise

20   open to interpretation.

21   **REQUEST FOR ADMISSION NO. 20:**

22        Admit that YOU believed, prior to May 27, 2008, that the portion of the

23   document attached hereto as Exhibit 1 containing the email exchange between

24   YOU and Victoria O'Connor reflects legal advice.

25   **RESPONSE TO REQUEST FOR ADMISSION NO. 20:**

26        Mr. Larian objects to the request as vague and ambiguous in its use of the

27   phrase "the portion of the document attached hereto as Exhibit 1 containing the

28   email exchange between YOU and Victoria O'Connor reflects legal advice" in that

- 20 -

LARIAN'S RESPONSE TO MATTEL'S RFA TO LARIAN RELATED
TO ASSERTION OF PRIVILEGE TO WITHHOLD NON-
PRIVILEGED LARIAN EMAIL COMMUNICATIONS. CV 04-

EXHIBIT __38__

PAGE __592__

1   there are three email exchanges between Mr. Larian and Victoria O'Connor and this
2   request does not specify which of the three exchanges to which it refers.  Mr. Larian
3   objects to the request as it seeks disclosure of information that is protected by the
4   attorney-client privilege and/or work product doctrine.  Mr. Larian additionally
5   objects to this request on the grounds that it calls for a legal conclusion.  Mr. Larian
6   objects to the request to the extent it seeks information not relevant to the claims or
7   defenses of any party to this action and not reasonably calculated to lead to the
8   discovery of admissible evidence.  Mr. Larian objects to the request to the extent it
9   is unduly burdensome and oppressive.  In responding, Mr. Larian has not and will
10  not comply with any instructions or definitions that seek to impose requirements in
11  addition to those imposed by the Federal Rules of Civil Procedure or any applicable
12  local rule.  Mr. Larian reserves the right to object on any ground at any time to such
13  other and supplemental discovery requests as Mattel may propound involving or
14  relating to the same subject matter(s) of the request.  Mr. Larian objects to the
15  definitions and instructions to the extent such definitions and instructions purport to
16  enlarge, expand, or alter in any way the plain meaning and scope of any specific
17  term or specific requests on the grounds that such enlargement, expansion or
18  alteration renders such a term or request vague, ambiguous, unintelligible, overly
19  broad, unduly burdensome, uncertain or otherwise open to interpretation.

20  **REQUEST FOR ADMISSION NO. 21:**

21      Admit that YOU believed, prior to May 27, 2008, that the portion of the
22  document attached hereto as Exhibit 1 containing the email exchange between
23  YOU and Victoria O'Connor did not reflect legal advice.

24  **RESPONSE TO REQUEST FOR ADMISSION NO. 21:**

25      Mr. Larian objects to the request as vague and ambiguous in its use of the
26  phrase "the portion of the document attached hereto as Exhibit 1 containing the
27  email exchange between YOU and Victoria O'Connor did not reflect legal advice"
28  in that there are three email exchanges between Mr. Larian and Victoria O'Connor

- 21 -

LARIAN'S RESPONSE TO MATTEL'S RFA TO LARIAN RELATED
TO ASSERTION OF PRIVILEGE TO WITHHOLD NON-
PRIVILEGED LARIAN EMAIL COMMUNICATIONS. CV 04-
~~~~ ~~~ ~~~~~~



EXHIBIT 38

PAGE 593

1   and this request does not specify which of the three exchanges to which it refers.
2   Mr. Larian objects to the request as it seeks disclosure of information that is
3   protected by the attorney-client privilege and/or work product doctrine. Mr. Larian
4   additionally objects to this request on the grounds that it calls for a legal
5   conclusion. Mr. Larian objects to the request to the extent it seeks information not
6   relevant to the claims or defenses of any party to this action and not reasonably
7   calculated to lead to the discovery of admissible evidence. Mr. Larian objects to
8   the request to the extent it is unduly burdensome and oppressive. In responding,
9   Mr. Larian has not and will not comply with any instructions or definitions that
10  seek to impose requirements in addition to those imposed by the Federal Rules of
11  Civil Procedure or any applicable local rule. Mr. Larian reserves the right to object
12  on any ground at any time to such other and supplemental discovery requests as
13  Mattel may propound involving or relating to the same subject matter(s) of the
14  request. Mr. Larian objects to the definitions and instructions to the extent such
15  definitions and instructions purport to enlarge, expand, or alter in any way the plain
16  meaning and scope of any specific term or specific requests on the grounds that
17  such enlargement, expansion or alteration renders such a term or request vague,
18  ambiguous, unintelligible, overly broad, unduly burdensome, uncertain or otherwise
19  open to interpretation.
20  **REQUEST FOR ADMISSION NO. 22:**
21      Admit that YOU have never believed that the portion of the document
22  attached as Exhibit 1 containing the email exchange between YOU and Victoria
23  O'Connor reflects legal advice.
24  **RESPONSE TO REQUEST FOR ADMISSION NO. 22:**
25      Mr. Larian objects to the request as vague and ambiguous in its use of the
26  phrase "the portion of the document attached hereto as Exhibit 1 containing the
27  email exchange between YOU and Victoria O'Connor reflects legal advice" in that
28  there are three email exchanges between Mr. Larian and Victoria O'Connor and this

- 22 -

EXHIBIT 38

PAGE 594

1    request does not specify which of the three exchanges to which it refers. Mr. Larian

2    objects to the request as it seeks disclosure of information that is protected by the

3    attorney-client privilege and/or work product doctrine. Mr. Larian additionally

4    objects to this request on the grounds that it calls for a legal conclusion. Mr. Larian

5    objects to the request to the extent it seeks information not relevant to the claims or

6    defenses of any party to this action and not reasonably calculated to lead to the

7    discovery of admissible evidence. Mr. Larian objects to the request to the extent it

8    is unduly burdensome and oppressive. In responding, Mr. Larian has not and will

9    not comply with any instructions or definitions that seek to impose requirements in

10    addition to those imposed by the Federal Rules of Civil Procedure or any applicable

11    local rule. Mr. Larian reserves the right to object on any ground at any time to such

12    other and supplemental discovery requests as Mattel may propound involving or

13    relating to the same subject matter(s) of the request. Mr. Larian objects to the

14    definitions and instructions to the extent such definitions and instructions purport to

15    enlarge, expand, or alter in any way the plain meaning and scope of any specific

16    term or specific requests on the grounds that such enlargement, expansion or

17    alteration renders such a term or request vague, ambiguous, unintelligible, overly

18    broad, unduly burdensome, uncertain or otherwise open to interpretation.

19    **REQUEST FOR ADMISSION NO. 23:**

20        Admit that YOU knew that the portion of the document attached hereto as

21    Exhibit 1 containing the email exchange between YOU and Victoria O'Connor did

22    not reflect legal advice.

23    **RESPONSE TO REQUEST FOR ADMISSION NO. 23:**

24        Mr. Larian objects to the request as vague and ambiguous in its use of the

25    phrase "the portion of the document attached hereto as Exhibit 1 containing the

26    email exchange between YOU and Victoria O'Connor did not reflect legal advice"

27    in that there are three email exchanges between Mr. Larian and Victoria O'Connor

28    and this request does not specify which of the three exchanges to which it refers.

LARIAN'S RESPONSE TO MATTEL'S RFA TO LARIAN RELATED
TO ASSERTION OF PRIVILEGE TO WITHHOLD NON-
PRIVILEGED LARIAN EMAIL COMMUNICATIONS, CV 04-

EXHIBIT *38*

1  Mr. Larian objects to the request as it seeks disclosure of information that is
2  protected by the attorney-client privilege and/or work product doctrine. Mr. Larian
3  additionally objects to this request on the grounds that it calls for a legal
4  conclusion. Mr. Larian objects to the request to the extent it seeks information not
5  relevant to the claims or defenses of any party to this action and not reasonably
6  calculated to lead to the discovery of admissible evidence. Mr. Larian objects to
7  the request to the extent it is unduly burdensome and oppressive. In responding,
8  Mr. Larian has not and will not comply with any instructions or definitions that
9  seek to impose requirements in addition to those imposed by the Federal Rules of
10 Civil Procedure or any applicable local rule. Mr. Larian reserves the right to object
11 on any ground at any time to such other and supplemental discovery requests as
12 Mattel may propound involving or relating to the same subject matter(s) of the
13 request. Mr. Larian objects to the definitions and instructions to the extent such
14 definitions and instructions purport to enlarge, expand, or alter in any way the plain
15 meaning and scope of any specific term or specific requests on the grounds that
16 such enlargement, expansion or alteration renders such a term or request vague,
17 ambiguous, unintelligible, overly broad, unduly burdensome, uncertain or otherwise
18 open to interpretation.
19 **REQUEST FOR ADMISSION NO. 24:**
20     Admit that YOU stated, prior to August 21, 2009, that the portion of the
21 document attached hereto as Exhibit 1 containing the email exchange between
22 YOU and Victoria O'Connor reflects legal advice.
23 **RESPONSE TO REQUEST FOR ADMISSION NO. 24:**
24     Mr. Larian objects to this request on the grounds that the word "stated" is
25 vague and ambiguous. Mr. Larian objects to the request as it seeks disclosure of
26 information that is protected by the attorney-client privilege and/or work product
27 doctrine. Mr. Larian objects to the request to the extent it seeks information not
28 relevant to the claims or defenses of any party to this action and not reasonably

- 24 -

LARIAN'S RESPONSE TO MATTEL'S RFA TO LARIAN RELATED
TO ASSERTION OF PRIVILEGE TO WITHHOLD NON-
PRIVILEGED LARIAN EMAIL COMMUNICATIONS, CV 04-

EXHIBIT 38

PAGE 596

1    calculated to lead to the discovery of admissible evidence. Mr. Larian objects to

2    the request to the extent it is unduly burdensome and oppressive. In responding,

3    Mr. Larian has not and will not comply with any instructions or definitions that

4    seek to impose requirements in addition to those imposed by the Federal Rules of

5    Civil Procedure or any applicable local rule. Mr. Larian reserves the right to object

6    on any ground at any time to such other and supplemental discovery requests as

7    Mattel may propound involving or relating to the same subject matter(s) of the

8    request. Mr. Larian objects to the definitions and instructions to the extent such

9    definitions and instructions purport to enlarge, expand, or alter in any way the plain

10   meaning and scope of any specific term or specific requests on the grounds that

11   such enlargement, expansion or alteration renders such a term or request vague,

12   ambiguous, unintelligible, overly broad, unduly burdensome, uncertain or otherwise

13   open to interpretation.

14   **REQUEST FOR ADMISSION NO. 25:**

15        Admit that YOU stated, prior to August 21, 2009, that the portion of the

16   document attached hereto as Exhibit 1 containing the email exchange between

17   YOU and Victoria O'Connor did not reflect legal advice.

18   **RESPONSE TO REQUEST FOR ADMISSION NO. 25:**

19        Mr. Larian objects to this request on the grounds that the word "stated" is

20   vague and ambiguous. Mr. Larian objects to the request as it seeks disclosure of

21   information that is protected by the attorney-client privilege and/or work product

22   doctrine. Mr. Larian objects to the request to the extent it seeks information not

23   relevant to the claims or defenses of any party to this action and not reasonably

24   calculated to lead to the discovery of admissible evidence. Mr. Larian objects to

25   the request to the extent it is unduly burdensome and oppressive. In responding,

26   Mr. Larian has not and will not comply with any instructions or definitions that

27   seek to impose requirements in addition to those imposed by the Federal Rules of

28   Civil Procedure or any applicable local rule. Mr. Larian reserves the right to object

- 25 -

LARIAN'S RESPONSE TO MATTEL'S RFA TO LARIAN RELATED
TO ASSERTION OF PRIVILEGE TO WITHHOLD NON-
PRIVILEGED LARIAN EMAIL COMMUNICATIONS, CV 04-

EXHIBIT 38

PAGE 597

1   on any ground at any time to such other and supplemental discovery requests as

2   Mattel may propound involving or relating to the same subject matter(s) of the

3   request. Mr. Larian objects to the definitions and instructions to the extent such

4   definitions and instructions purport to enlarge, expand, or alter in any way the plain

5   meaning and scope of any specific term or specific requests on the grounds that

6   such enlargement, expansion or alteration renders such a term or request vague,

7   ambiguous, unintelligible, overly broad, unduly burdensome, uncertain or otherwise

8   open to interpretation.

9   **REQUEST FOR ADMISSION NO. 26:**

10      Admit that the document attached hereto as Exhibit 1 was not listed on any

11   MGA privilege log prior to MGA's REVISED JANUARY 23, 2008 PRIVILEGE

12   LOG.

13   **RESPONSE TO REQUEST FOR ADMISSION NO. 26:**

14      Mr. Larian objects to the request as it seeks disclosure of information that is

15   protected by the attorney-client privilege and/or work product doctrine in that the

16   basis for Mr. Larian's knowledge is communications with his counsel. Mr. Larian

17   objects to the request to the extent it seeks information not relevant to the claims or

18   defenses of any party to this action and not reasonably calculated to lead to the

19   discovery of admissible evidence. Mr. Larian objects to the request to the extent it

20   is unduly burdensome and oppressive. In responding, Mr. Larian has not and will

21   not comply with any instructions or definitions that seek to impose requirements in

22   addition to those imposed by the Federal Rules of Civil Procedure or any applicable

23   local rule. Mr. Larian reserves the right to object on any ground at any time to such

24   other and supplemental discovery requests as Mattel may propound involving or

25   relating to the same subject matter(s) of the request. Mr. Larian objects to the

26   definitions and instructions to the extent such definitions and instructions purport to

27   enlarge, expand, or alter in any way the plain meaning and scope of any specific

28   term or specific requests on the grounds that such enlargement, expansion or

LARIAN'S RESPONSE TO MATTEL'S RFA TO LARIAN RELATED
TO ASSERTION OF PRIVILEGE TO WITHHOLD NON-
PRIVILEGED LARIAN EMAIL COMMUNICATIONS, CV 04-

EXHIBIT _38_

PAGE    598

1    alteration renders such a term or request vague, ambiguous, unintelligible, overly

2    broad, unduly burdensome, uncertain or otherwise open to interpretation.

3    **REQUEST FOR ADMISSION NO. 27:**

4        Admit that the document attached hereto as Exhibit 1 was listed on a MGA

5    privilege log prior to MGA'S REVISED JANUARY 23, 2008 PRIVILEGE LOG.

6    **RESPONSE TO REQUEST FOR ADMISSION NO. 27:**

7        Mr. Larian objects to the request as it seeks disclosure of information that is

8    protected by the attorney-client privilege and/or work product doctrine in that the

9    basis for Mr. Larian's knowledge is communications with his counsel. Mr. Larian

10   objects to the request to the extent it seeks information not relevant to the claims or

11   defenses of any party to this action and not reasonably calculated to lead to the

12   discovery of admissible evidence. Mr. Larian objects to the request to the extent it

13   is unduly burdensome and oppressive. In responding, Mr. Larian has not and will

14   not comply with any instructions or definitions that seek to impose requirements in

15   addition to those imposed by the Federal Rules of Civil Procedure or any applicable

16   local rule. Mr. Larian reserves the right to object on any ground at any time to such

17   other and supplemental discovery requests as Mattel may propound involving or

18   relating to the same subject matter(s) of the request. Mr. Larian objects to the

19   definitions and instructions to the extent such definitions and instructions purport to

20   enlarge, expand, or alter in any way the plain meaning and scope of any specific

21   term or specific requests on the grounds that such enlargement, expansion or

22   alteration renders such a term or request vague, ambiguous, unintelligible, overly

23   broad, unduly burdensome, uncertain or otherwise open to interpretation.

24   **REQUEST FOR ADMISSION NO. 28:**

25       Admit that the document attached hereto as Exhibit 1 was listed on MGA'S

26   REVISED JANUARY 23, 2008 PRIVILEGE LOG because MGA knew prior to

27   that time that MGA had been compelled by Court Order to produce the documents

28   attached hereto as Exhibit 1.

- 27 -

LARIAN'S RESPONSE TO MATTEL'S RFA TO LARIAN RELATED
TO ASSERTION OF PRIVILEGE TO WITHHOLD NON-
PRIVILEGED LARIAN EMAIL COMMUNICATIONS, CV 04-

EXHIBIT _38_

PAGE _599_

**RESPONSE TO REQUEST FOR ADMISSION NO. 28:**

Mr. Larian objects to the request on the grounds that it is vague in failing to specify any Court Order that Mattel contends applies and on the ground that it calls for a legal conclusion. Mr. Larian objects to the request as it seeks disclosure of information that is protected by the attorney-client privilege and/or work product doctrine in that the basis for Mr. Larian's knowledge is communications with his counsel. Mr. Larian objects to the request to the extent it seeks information not relevant to the claims or defenses of any party to this action and not reasonably calculated to lead to the discovery of admissible evidence. Mr. Larian objects to the request to the extent it is unduly burdensome and oppressive. In responding, Mr. Larian has not and will not comply with any instructions or definitions that seek to impose requirements in addition to those imposed by the Federal Rules of Civil Procedure or any applicable local rule. Mr. Larian reserves the right to object on any ground at any time to such other and supplemental discovery requests as Mattel may propound involving or relating to the same subject matter(s) of the request. Mr. Larian objects to the definitions and instructions to the extent such definitions and instructions purport to enlarge, expand, or alter in any way the plain meaning and scope of any specific term or specific requests on the grounds that such enlargement, expansion or alteration renders such a term or request vague, ambiguous, unintelligible, overly broad, unduly burdensome, uncertain or otherwise open to interpretation. Finally, Mr. Larian objects to this request as compound in that it combines three requests, *see* Request Nos. 2, 3 and Request No. 27.

**REQUEST FOR ADMISSION NO. 29:**

Admit that the document attached hereto as Exhibit 1 was listed as Entry No. 381 on MGA'S REVISED JANUARY 23, 2008 PRIVILEGE LOG.

**RESPONSE TO REQUEST FOR ADMISSION NO. 29:**

Mr. Larian objects to the request as it seeks disclosure of information that is protected by the attorney-client privilege and/or work product doctrine in that the

- 28 -

EXHIBIT _38_

PAGE _600_

1   basis for Mr. Larian's knowledge is communications with his counsel. Mr. Larian

2   objects to the request to the extent it seeks information not relevant to the claims or

3   defenses of any party to this action and not reasonably calculated to lead to the

4   discovery of admissible evidence. Mr. Larian objects to the request to the extent it

5   is unduly burdensome and oppressive. In responding, Mr. Larian has not and will

6   not comply with any instructions or definitions that seek to impose requirements in

7   addition to those imposed by the Federal Rules of Civil Procedure or any applicable

8   local rule. Mr. Larian reserves the right to object on any ground at any time to such·

9   other and supplemental discovery requests as Mattel may propound involving or

10  relating to the same subject matter(s) of the request. Mr. Larian objects to the

11  definitions and instructions to the extent such definitions and instructions purport to

12  enlarge, expand, or alter in any way the plain meaning and scope of any specific

13  term or specific requests on the grounds that such enlargement, expansion or

14  alteration renders such a term or request vague, ambiguous, unintelligible, overly

15  broad, unduly burdensome, uncertain or otherwise open to interpretation.

16  **REQUEST FOR ADMISSION NO. 30:**

17       Admit that the document corresponding to Entry No. 557 on MGA'S [sic]

18  MGA'S REVISED JANUARY 23, 2008 PRIVILEGE LOG is a duplicate of the

19  document attached hereto as Exhibit 1.

20  **RESPONSE TO REQUEST FOR ADMISSION NO. 30:**

21       Mr. Larian objects to the request as it seeks disclosure of information that is

22  protected by the attorney-client privilege and/or work product doctrine in that the

23  basis for Mr. Larian's knowledge is communications with his counsel. Mr. Larian

24  objects to the request to the extent it seeks information not relevant to the claims or

25  defenses of any party to this action and not reasonably calculated to lead to the

26  discovery of admissible evidence. Mr. Larian objects to the request to the extent it

27  is unduly burdensome and oppressive. In responding, Mr. Larian has not and will

28  not comply with any instructions or definitions that seek to impose requirements in

- 29 -

EXHIBIT 38
PAGE 601

1    addition to those imposed by the Federal Rules of Civil Procedure or any applicable

2    local rule.  Mr. Larian reserves the right to object on any ground at any time to such

3    other and supplemental discovery requests as Mattel may propound involving or

4    relating to the same subject matter(s) of the request.  Mr. Larian objects to the

5    definitions and instructions to the extent such definitions and instructions purport to

6    enlarge, expand, or alter in any way the plain meaning and scope of any specific

7    term or specific requests on the grounds that such enlargement, expansion or

8    alteration renders such a term or request vague, ambiguous, unintelligible, overly

9    broad, unduly burdensome, uncertain or otherwise open to interpretation.

10   **REQUEST FOR ADMISSION NO. 31:**

11   Admit that the document corresponding to Entry No. 557 on MGA's

12   REVISED JANUARY 23, 2008 PRIVILEGE LOG is not a duplicate of the

13   document attached hereto as Exhibit 1.

14   **RESPONSE TO REQUEST FOR ADMISSION NO. 31:**

15   Mr. Larian objects to the request as it seeks disclosure of information that is

16   protected by the attorney-client privilege and/or work product doctrine in that the

17   basis for Mr. Larian's knowledge is communications with his counsel.  Mr. Larian

18   objects to the request to the extent it seeks information not relevant to the claims or

19   defenses of any party to this action and not reasonably calculated to lead to the

20   discovery of admissible evidence.  Mr. Larian objects to the request to the extent it

21   is unduly burdensome and oppressive.  In responding, Mr. Larian has not and will

22   not comply with any instructions or definitions that seek to impose requirements in

23   addition to those imposed by the Federal Rules of Civil Procedure or any applicable

24   local rule.  Mr. Larian reserves the right to object on any ground at any time to such

25   other and supplemental discovery requests as Mattel may propound involving or

26   relating to the same subject matter(s) of the request.  Mr. Larian objects to the

27   definitions and instructions to the extent such definitions and instructions purport to

28   enlarge, expand, or alter in any way the plain meaning and scope of any specific

LARIAN'S RESPONSE TO MATTEL'S RFA TO LARIAN RELATED
TO ASSERTION OF PRIVILEGE TO WITHHOLD NON-
PRIVILEGED LARIAN EMAIL COMMUNICATIONS, CV 04-

EXHIBIT _38_

PAGE  **602**

1   term or specific requests on the grounds that such enlargement, expansion or

2   alteration renders such a term or request vague, ambiguous, unintelligible, overly

3   broad, unduly burdensome, uncertain or otherwise open to interpretation.

4   **REQUEST FOR ADMISSION NO. 32:**

5       Admit that the document corresponding to Entry No. 557 on MGA'S

6   REVISED JANUARY 23, 2008 PRIVILEGE LOG is a further communication

7   related to the subject or subjects of the document attached hereto as Exhibit 1.

8   **RESPONSE TO REQUEST FOR ADMISSION NO. 32:**

9       Mr. Larian objects on the grounds that the phrase "further communication

10  related to the subject or subjects of the document attached hereto as Exhibit 1" is

11  vague and ambiguous. Mr. Larian objects to the request as it seeks disclosure of

12  information that is protected by the attorney-client privilege and/or work product

13  doctrine in that the basis for Mr. Larian's knowledge is communications with his

14  counsel. Mr. Larian objects to the request to the extent it seeks information not

15  relevant to the claims or defenses of any party to this action and not reasonably

16  calculated to lead to the discovery of admissible evidence. Mr. Larian objects to

17  the request to the extent it is unduly burdensome and oppressive. In responding,

18  Mr. Larian has not and will not comply with any instructions or definitions that

19  seek to impose requirements in addition to those imposed by the Federal Rules of

20  Civil Procedure or any applicable local rule. Mr. Larian reserves the right to object

21  on any ground at any time to such other and supplemental discovery requests as

22  Mattel may propound involving or relating to the same subject matter(s) of the

23  request. Mr. Larian objects to the definitions and instructions to the extent such

24  definitions and instructions purport to enlarge, expand, or alter in any way the plain

25  meaning and scope of any specific term or specific requests on the grounds that

26  such enlargement, expansion or alteration renders such a term or request vague,

27  ambiguous, unintelligible, overly broad, unduly burdensome, uncertain or otherwise

28  open to interpretation.

- 31 -

LARIAN'S RESPONSE TO MATTEL'S RFA TO LARIAN RELATED
TO ASSERTION OF PRIVILEGE TO WITHHOLD NON-
PRIVILEGED LARIAN EMAIL COMMUNICATIONS, CV 04-



EXHIBIT _38_

PAGE _603_

1  **REQUEST FOR ADMISSION NO. 33:**

2       Admit that the document corresponding to Entry No. 557 on MGA'S

3  REVISED JANUARY 23, 2008 PRIVILEGE LOG is not a further communication

4  related to the subject or subjects of the document attached hereto as Exhibit 1.

5  **RESPONSE TO REQUEST FOR ADMISSION NO. 33:**

6       Mr. Larianr objects on the grounds that the phrase "further communication

7  related to the subject or subjects of the document attached hereto as Exhibit 1" is

8  vague and ambiguous.  Mr. Larian objects to the request as it seeks disclosure of

9  information that is protected by the attorney-client privilege and/or work product

10  doctrine in that the basis for Mr. Larian's knowledge is communications with his

11  counsel.  Mr. Larian objects to the request to the extent it seeks information not

12  relevant to the claims or defenses of any party to this action and not reasonably

13  calculated to lead to the discovery of admissible evidence.  Mr. Larian objects to

14  the request to the extent it is unduly burdensome and oppressive.  In responding,

15  Mr. Larian has not and will not comply with any instructions or definitions that

16  seek to impose requirements in addition to those imposed by the Federal Rules of

17  Civil Procedure or any applicable local rule.  Mr. Larian reserves the right to object

18  on any ground at any time to such other and supplemental discovery requests as

19  Mattel may propound involving or relating to the same subject matter(s) of the

20  request.  Mr. Larian objects to the definitions and instructions to the extent such

21  definitions and instructions purport to enlarge, expand, or alter in any way the plain

22  meaning and scope of any specific term or specific requests on the grounds that

23  such enlargement, expansion or alteration renders such a term or request vague,

24  ambiguous, unintelligible, overly broad, unduly burdensome, uncertain or otherwise

25  open to interpretation.

26  **REQUEST FOR ADMISSION NO. 34:**

27       Admit that the document corresponding to Entry No. 557 on MGA'S

28  REVISED JANUARY 23, 2008 PRIVILEGE LOG has been withheld by YOU

- 32 -

EXHIBIT _38_

PAGE_ 604

1    from production in this litigation on Mattel on attorney-client privilege grounds.

2    **RESPONSE TO REQUEST FOR ADMISSION NO. 34:**

3        Mr. Larian objects to the request as vague and ambiguous in its use of the

4    phrase "the document" because "the document" contains a series of emails certain

5    of which were marked as trial exhibits and, therefore, Mr. Larian assumes that "the

6    document" means any portions of the email that were not marked as a trial exhibit.

7    As such, Mr. Larian objects to the request as it seeks disclosure of information that

8    is protected by the attorney-client privilege and/or work product doctrine in that the

9    basis for Mr. Larian's knowledge is communications with his counsel. Mr. Larian

10   additionally objects to this request on the grounds that it calls for a legal

11   conclusion. Mr. Larian objects to the request to the extent it seeks information not

12   relevant to the claims or defenses of any party to this action and not reasonably

13   calculated to lead to the discovery of admissible evidence. Mr. Larian objects to

14   the request to the extent it is unduly burdensome and oppressive. In responding,

15   Mr. Larian has not and will not comply with any instructions or definitions that

16   seek to impose requirements in addition to those imposed by the Federal Rules of

17   Civil Procedure or any applicable local rule. Mr. Larian reserves the right to object

18   on any ground at any time to such other and supplemental discovery requests as

19   Mattel may propound involving or relating to the same subject matter(s) of the

20   request. Mr. Larian objects to the definitions and instructions to the extent such

21   definitions and instructions purport to enlarge, expand, or alter in any way the plain

22   meaning and scope of any specific term or specific requests on the grounds that

23   such enlargement, expansion or alteration renders such a term or request vague,

24   ambiguous, unintelligible, overly broad, unduly burdensome, uncertain or otherwise

25   open to interpretation. Mr. Larian objects to the request as vague and ambiguous in

26   its use of the phrase "withheld by YOU from production in this litigation to

27   Mattel."

28

- 33 -

LARIAN'S RESPONSE TO MATTEL'S RFA TO LARIAN RELATED
TO ASSERTION OF PRIVILEGE TO WITHHOLD NON-
PRIVILEGED LARIAN EMAIL COMMUNICATIONS, CV 04-



EXHIBIT *38*

PAGE **605**

1   **REQUEST FOR ADMISSION NO. 35:**

2       Admit that the document corresponding to Entry No. 557 on MGA'S

3   REVISED JANUARY 23, 2008 PRIVILEGE LOG has been withheld by YOU

4   from production in this litigation on Mattel on work product grounds.

5   **RESPONSE TO REQUEST FOR ADMISSION NO. 35:**

6       Mr. Larian objects to the request as vague and ambiguous in its use of the

7   phrase "the document" because "the document" contains a series of emails certain

8   of which were marked as trial exhibits and, therefore, Mr. Larian assumes that "the

9   document" means any portions of the email that were not marked as a trial exhibit.

10  As such, Mr. Larian objects to the request as it seeks disclosure of information that

11  is protected by the attorney-client privilege and/or work product doctrine in that the

12  basis for Mr. Larian's knowledge is communications with his counsel. Mr. Larian

13  additionally objects to this request on the grounds that it calls for a legal

14  conclusion. Mr. Larian objects to the request to the extent it seeks information not

15  relevant to the claims or defenses of any party to this action and not reasonably

16  calculated to lead to the discovery of admissible evidence. Mr. Larian objects to

17  the request to the extent it is unduly burdensome and oppressive. In responding,

18  Mr. Larian has not and will not comply with any instructions or definitions that

19  seek to impose requirements in addition to those imposed by the Federal Rules of

20  Civil Procedure or any applicable local rule. Mr. Larian reserves the right to object

21  on any ground at any time to such other and supplemental discovery requests as

22  Mattel may propound involving or relating to the same subject matter(s) of the

23  request. Mr. Larian objects to the definitions and instructions to the extent such

24  definitions and instructions purport to enlarge, expand, or alter in any way the plain

25  meaning and scope of any specific term or specific requests on the grounds that

26  such enlargement, expansion or alteration renders such a term or request vague,

27  ambiguous, unintelligible, overly broad, unduly burdensome, uncertain or otherwise

28  open to interpretation. Mr. Larian objects to the request as vague and ambiguous in

- 34 -

LARIAN'S RESPONSE TO MATTEL'S RFA TO LARIAN RELATED
TO ASSERTION OF PRIVILEGE TO WITHHOLD NON-
PRIVILEGED LARIAN EMAIL COMMUNICATIONS, CV 04-

EXHIBIT _38_

PAGE _606_

1    its use of the phrase "withheld by YOU from production in this litigation to

2    Mattel."

3    **REQUEST FOR ADMISSION NO. 36:**

4        Admit that the document corresponding to Entry No. 557 on MGA'S

5    REVISED JANUARY 23, 2008 PRIVILEGE LOG is protected by attorney-client

6    privilege.

7    **RESPONSE TO REQUEST FOR ADMISSION NO. 36:**

8        Mr. Larian objects to the request as vague and ambiguous in its use of the

9    phrase "the document" because "the document" contains a series of emails certain

10   of which were marked as trial exhibits and, therefore, Mr. Larian assumes that "the

11   document" means any portions of the email that were not marked as a trial exhibit.

12   As such, Mr. Larian objects to the request as it seeks disclosure of information that

13   is protected by the attorney-client privilege and/or work product doctrine in that Mr.

14   Larian's knowledge concerning the scope and nature of the attorney-client privilege

15   as applied to Exhibit 1 to the request has been gained by and through

16   communications with his counsel. Mr. Larian additionally objects to this request on

17   the grounds that it calls for a legal conclusion. Mr. Larian objects to the request to

18   the extent it seeks information not relevant to the claims or defenses of any party to

19   this action and not reasonably calculated to lead to the discovery of admissible

20   evidence. Mr. Larian objects to the request to the extent it is unduly burdensome

21   and oppressive. In responding, Mr. Larian has not and will not comply with any

22   instructions or definitions that seek to impose requirements in addition to those

23   imposed by the Federal Rules of Civil Procedure or any applicable local rule. Mr.

24   Larian reserves the right to object on any ground at any time to such other and

25   supplemental discovery requests as Mattel may propound involving or relating to

26   the same subject matter(s) of the request. Mr. Larian objects to the definitions and

27   instructions to the extent such definitions and instructions purport to enlarge,

28   expand, or alter in any way the plain meaning and scope of any specific term or

LARIAN'S RESPONSE TO MATTEL'S RFA TO LARIAN RELATED
TO ASSERTION OF PRIVILEGE TO WITHHOLD NON-
PRIVILEGED LARIAN EMAIL COMMUNICATIONS, CV 04-

EXHIBIT _38_

PAGE ___607___

1   specific requests on the grounds that such enlargement, expansion or alteration

2   renders such a term or request vague, ambiguous, unintelligible, overly broad,

3   unduly burdensome, uncertain or otherwise open to interpretation.

4   **REQUEST FOR ADMISSION NO. 37:**

5       Admit that the document corresponding to Entry No. 557 on MGA'S

6   REVISED JANUARY 23, 2008 PRIVILEGE LOG is protected by the work

7   product doctrine.

8.   **RESPONSE TO REQUEST FOR ADMISSION NO. 37:**

9       Mr. Larian objects to the request as vague and ambiguous in its use of the

10   phrase "the document" because "the document" contains a series of emails certain

11   of which were marked as trial exhibits and, therefore, Mr. Larian assumes that "the

12   document" means any portions of the email that were not marked as a trial exhibit.

13   As such, Mr. Larian objects to the request as it seeks disclosure of information that

14   is protected by the attorney-client privilege and/or work product doctrine in that Mr.

15   Larian's knowledge concerning the scope and nature of the work product doctrine

16   as applied to Exhibit 1 to the request has been gained by and through

17   communications with his counsel. Mr. Larian additionally objects to this request on

18   the grounds that it calls for a legal conclusion. Mr. Larian objects to the request to

19   the extent it seeks information not relevant to the claims or defenses of any party to

20   this action and not reasonably calculated to lead to the discovery of admissible

21   evidence. Mr. Larian objects to the request to the extent it is unduly burdensome

22   and oppressive. In responding, Mr. Larian has not and will not comply with any

23   instructions or definitions that seek to impose requirements in addition to those

24   imposed by the Federal Rules of Civil Procedure or any applicable local rule. Mr.

25   Larian reserves the right to object on any ground at any time to such other and

26   supplemental discovery requests as Mattel may propound involving or relating to

27   the same subject matter(s) of the request. Mr. Larian objects to the definitions and

28   instructions to the extent such definitions and instructions purport to enlarge,

- 36 -

EXHIBIT **38**

**608**

PAGE _____

1   expand, or alter in any way the plain meaning and scope of any specific term or
2   specific requests on the grounds that such enlargement, expansion or alteration
3   renders such a term or request vague, ambiguous, unintelligible, overly broad,
4   unduly burdensome, uncertain or otherwise open to interpretation.

5   **REQUEST FOR ADMISSION NO. 38:**

6       Admit that the document corresponding to Entry No. 557 on MGA'S
7   REVISED JANUARY 23, 2008 PRIVILEGE LOG is not protected by attorney-
8   client privilege.

9   **RESPONSE TO REQUEST FOR ADMISSION NO. 38:**

10      Mr. Larian objects to the request as vague and ambiguous in its use of the
11  phrase "the document" because "the document" contains a series of emails certain
12  of which were marked as trial exhibits and, therefore, Mr. Larian assumes that "the
13  document" means any portions of the email that were not marked as a trial exhibit.
14  As such, Mr. Larian objects to the request as it seeks disclosure of information that
15  is protected by the attorney-client privilege and/or work product doctrine in that Mr.
16  Larian's knowledge concerning the scope and nature of the attorney-client privilege
17  as applied to Exhibit 1 to the request has been gained by and through
18  communications with his counsel. Mr. Larian additionally objects to this request on
19  the grounds that it calls for a legal conclusion. Mr. Larian objects to the request to
20  the extent it seeks information not relevant to the claims or defenses of any party to
21  this action and not reasonably calculated to lead to the discovery of admissible
22  evidence. Mr. Larian objects to the request to the extent it is unduly burdensome
23  and oppressive. In responding, Mr. Larian has not and will not comply with any
24  instructions or definitions that seek to impose requirements in addition to those
25  imposed by the Federal Rules of Civil Procedure or any applicable local rule. Mr.
26  Larian reserves the right to object on any ground at any time to such other and
27  supplemental discovery requests as Mattel may propound involving or relating to
28  the same subject matter(s) of the request. Mr. Larian objects to the definitions and

LARIAN'S RESPONSE TO MATTEL'S RFA TO LARIAN RELATED
TO ASSERTION OF PRIVILEGE TO WITHHOLD NON-
PRIVILEGED LARIAN EMAIL COMMUNICATIONS, CV 04-

EXHIBIT *38*

PAGE _____ 609

1  instructions to the extent such definitions and instructions purport to enlarge,

2  expand, or alter in any way the plain meaning and scope of any specific term or

3  specific requests on the grounds that such enlargement, expansion or alteration

4  renders such a term or request vague, ambiguous, unintelligible, overly broad,

5  unduly burdensome, uncertain or otherwise open to interpretation.

6  **REQUEST FOR ADMISSION NO. 39:**

7        Admit that the document corresponding to Entry No. 557 on MGA'S

8  REVISED JANUARY 23, 2008 PRIVILEGE LOG is not protected by the work

9  product doctrine.

10  **RESPONSE TO REQUEST FOR ADMISSION NO. 39:**

11       Mr. Larian objects to the request as vague and ambiguous in its use of the

12  phrase "the document" because "the document" contains a series of emails certain

13  of which were marked as trial exhibits and, therefore, Mr. Larian assumes that "the

14  document" means any portions of the email that were not marked as a trial exhibit.

15  As such, Mr. Larian objects to the request as it seeks disclosure of information that

16  is protected by the attorney-client privilege and/or work product doctrine in that Mr.

17  Larian's knowledge concerning the scope and nature of the work product doctrine

18  as applied to Exhibit 1 to the request has been gained by and through

19  communications with his counsel. Mr. Larian additionally objects to this request on

20  the grounds that it calls for a legal conclusion. Mr. Larian objects to the request to

21  the extent it seeks information not relevant to the claims or defenses of any party to

22  this action and not reasonably calculated to lead to the discovery of admissible

23  evidence. Mr. Larian objects to the request to the extent it is unduly burdensome

24  and oppressive. In responding, Mr. Larian has not and will not comply with any

25  instructions or definitions that seek to impose requirements in addition to those

26  imposed by the Federal Rules of Civil Procedure or any applicable local rule. Mr.

27  Larian reserves the right to object on any ground at any time to such other and

28  supplemental discovery requests as Mattel may propound involving or relating to

- 38 -

EXHIBIT _38_

PAGE _610_

1   the same subject matter(s) of the request.  Mr. Larian objects to the definitions and

2   instructions to the extent such definitions and instructions purport to enlarge,

3   expand, or alter in any way the plain meaning and scope of any specific term or

4   specific requests on the grounds that such enlargement, expansion or alteration

5   renders such a term or request vague, ambiguous, unintelligible, overly broad,

6   unduly burdensome, uncertain or otherwise open to interpretation.

7   **REQUEST FOR ADMISSION NO. 40:**

8        Admit that the document corresponding to Entry No. 557 on MGA'S

9   REVISED JANUARY 23, 2008 PRIVILEGE LOG never was protected by

10  attorney-client privilege.

11  **RESPONSE TO REQUEST FOR ADMISSION NO. 40:**

12       Mr. Larian objects to the request as vague and ambiguous in its use of the

13  phrase "the document" because "the document" contains a series of emails certain

14  of which were marked as trial exhibits and, therefore, Mr. Larian assumes that "the

15  document" means any portions of the email that were not marked as a trial exhibit.

16  As such, Mr. Larian objects to the request as it seeks disclosure of information that

17  is protected by the attorney-client privilege and/or work product doctrine in that Mr.

18  Larian's knowledge concerning the scope and nature of the attorney-client privilege

19  as applied to Exhibit 1 to the request has been gained by and through

20  communications with his counsel.  Mr. Larian additionally objects to this request on

21  the grounds that it calls for a legal conclusion.  Mr. Larian objects to the request to

22  the extent it seeks information not relevant to the claims or defenses of any party to

23  this action and not reasonably calculated to lead to the discovery of admissible

24  evidence.  Mr. Larian objects to the request to the extent it is unduly burdensome

25  and oppressive.  In responding, Mr. Larian has not and will not comply with any

26  instructions or definitions that seek to impose requirements in addition to those

27  imposed by the Federal Rules of Civil Procedure or any applicable local rule.  Mr.

28  Larian reserves the right to object on any ground at any time to such other and

- 39 -

LARIAN'S RESPONSE TO MATTEL'S RFA TO LARIAN RELATED
TO ASSERTION OF PRIVILEGE TO WITHHOLD NON-
PRIVILEGED LARIAN EMAIL COMMUNICATIONS, CV 04-

EXHIBIT _38_

PAGE _611_

1  supplemental discovery requests as Mattel may propound involving or relating to

2  the same subject matter(s) of the request. Mr. Larian objects to the definitions and

3  instructions to the extent such definitions and instructions purport to enlarge,

4  expand, or alter in any way the plain meaning and scope of any specific term or

5  specific requests on the grounds that such enlargement, expansion or alteration

6  renders such a term or request vague, ambiguous, unintelligible, overly broad,

7  unduly burdensome, uncertain or otherwise open to interpretation.

8  **REQUEST FOR ADMISSION NO. 41:**

9       Admit that the document corresponding to Entry No. 557 on MGA'S

10  REVISED JANUARY 23, 2008 PRIVILEGE LOG never was protected by the

11  work product doctrine.

12  **RESPONSE TO REQUEST FOR ADMISSION NO. 41:**

13       Mr. Larian objects to the request as vague and ambiguous in its use of the

14  phrase "the document" because "the document" contains a series of emails certain

15  of which were marked as trial exhibits and, therefore, Mr. Larian assumes that "the

16  document" means any portions of the email that were not marked as a trial exhibit.

17  As such, Mr. Larian objects to the request as it seeks disclosure of information that

18  is protected by the attorney-client privilege and/or work product doctrine in that Mr.

19  Larian's knowledge concerning the scope and nature of the work product doctrine

20  as applied to Exhibit 1 to the request has been gained by and through

21  communications with his counsel. Mr. Larian additionally objects to this request on

22  the grounds that it calls for a legal conclusion. Mr. Larian objects to the request to

23  the extent it seeks information not relevant to the claims or defenses of any party to

24  this action and not reasonably calculated to lead to the discovery of admissible

25  evidence. Mr. Larian objects to the request to the extent it is unduly burdensome

26  and oppressive. In responding, Mr. Larian has not and will not comply with any

27  instructions or definitions that seek to impose requirements in addition to those

28  imposed by the Federal Rules of Civil Procedure or any applicable local rule. Mr.

- 40 -

LARIAN'S RESPONSE TO MATTEL'S RFA TO LARIAN RELATED
TO ASSERTION OF PRIVILEGE TO WITHHOLD NON-
PRIVILEGED LARIAN EMAIL COMMUNICATIONS, CV 04-

EXHIBIT _38_

PAGE _612_

1   Larian reserves the right to object on any ground at any time to such other and

2   supplemental discovery requests as Mattel may propound involving or relating to

3   the same subject matter(s) of the request.  Mr. Larian objects to the definitions and

4   instructions to the extent such definitions and instructions purport to enlarge,

5   expand, or alter in any way the plain meaning and scope of any specific term or

6   specific requests on the grounds that such enlargement, expansion or alteration

7   renders such a term or request vague, ambiguous, unintelligible, overly broad,

8   unduly burdensome, uncertain or otherwise open to interpretation

9   **REQUEST FOR ADMISSION NO. 42:**

10        Admit that MGA has produced all other versions of the exchange reflected in

11   the document attached hereto as Exhibit 1.

12   **RESPONSE TO REQUEST FOR ADMISSION NO. 42:**

13        Mr. Larian objects to the phrase "all other versions of the exchange reflected

14   in the document" as vague and ambiguous.Mr. Larian objects to the request insofar

15   as it seeks disclosure of information that is protected by the attorney-client privilege

16   and/or work product doctrine.  Mr. Larian objects to the request to the extent it

17   seeks information not relevant to the claims or defenses of any party to this action

18   and not reasonably calculated to lead to the discovery of admissible evidence.  Mr.

19   Larian objects to the request to the extent it is unduly burdensome and oppressive.

20   In responding, Mr. Larian has not and will not comply with any instructions or

21   definitions that seek to impose requirements in addition to those imposed by the

22   Federal Rules of Civil Procedure or any applicable local rule.  Mr. Larian reserves

23   the right to object on any ground at any time to such other and supplemental

24   discovery requests as Mattel may propound involving or relating to the same

25   subject matter(s) of the request. Mr. Larian objects to the definitions and

26   instructions to the extent such definitions and instructions purport to enlarge,

27   expand, or alter in any way the plain meaning and scope of any specific term or

28   specific requests on the grounds that such enlargement, expansion or alteration

LARIAN'S RESPONSE TO MATTEL'S RFA TO LARIAN RELATED
TO ASSERTION OF PRIVILEGE TO WITHHOLD NON-
PRIVILEGED LARIAN EMAIL COMMUNICATIONS, CV 04-

EXHIBIT _38_

6 1 3

PAGE _____

1  renders such a term or request vague, ambiguous, unintelligible, overly broad,

2  unduly burdensome, uncertain or otherwise open to interpretation.    Subject to

3  and without waiving these objections, privileges and doctrines, Mr. Larian responds

4  as follows:

5      Mr. Larian admits that it has conducted a good faith diligent search and

6  reasonable inquiry for documents responsive to Mattel's discovery requests,

7  including documents that contain the emails reflected in Exhibit 1, and has provided

8  those documents to counsel for MGA and Mr. Larian.

9  **REQUEST FOR ADMISSION NO. 43:**

10     Admit that MGA has not produced to Mattel all other versions of the

11  exchange reflected in the document attached hereto as Exhibit 1.

12  **RESPONSE TO REQUEST FOR ADMISSION NO. 43:**

13     Mr. Larian additionally objects to the phrase "all other versions of the

14  exchange reflected in the document" as vague and ambiguous.  Mr. Larian objects

15  to the request insofar as it seeks disclosure of information that is protected by the

16  attorney-client privilege and/or work product doctrine.  Mr. Larian objects to the

17  request to the extent it seeks information not relevant to the claims or defenses of

18  any party to this action and not reasonably calculated to lead to the discovery of

19  admissible evidence.  Mr. Larian objects to the request to the extent it is unduly

20  burdensome and oppressive.  In responding, Mr. Larian has not and will not comply

21  with any instructions or definitions that seek to impose requirements in addition to

22  those imposed by the Federal Rules of Civil Procedure or any applicable local rule.

23  Mr. Larian reserves the right to object on any ground at any time to such other and

24  supplemental discovery requests as Mattel may propound involving or relating to

25  the same subject matter(s) of the request.  Mr. Larian objects to the definitions and

26  instructions to the extent such definitions and instructions purport to enlarge,

27  expand, or alter in any way the plain meaning and scope of any specific term or

28  specific requests on the grounds that such enlargement, expansion or alteration

- 42 -      LARIAN'S RESPONSE TO MATTEL'S RFA TO LARIAN RELATED
TO ASSERTION OF PRIVILEGE TO WITHHOLD NON-
PRIVILEGED LARIAN EMAIL COMMUNICATIONS. CV 04-

EXHIBIT _38_

PAGE ___ 6 1 4

1    renders such a term or request vague, ambiguous, unintelligible, overly broad,

2    unduly burdensome, uncertain or otherwise open to interpretation.      Subject to

3    and without waiving these objections, privileges and doctrines, Mr. Larian responds

4    as follows:

5         Mr. Larian admits that it has conducted a good faith diligent search and

6    reasonable inquiry for documents responsive to Mattel's discovery requests,

7    including documents that contain the emails reflected in Exhibit 1, and has provided

8    those documents to counsel for MGA and Mr. Larian.

9    **REQUEST FOR ADMISSION NO. 44:**

10        Admit that there are additional communications to or from Isaac Larian that

11   are part of the email chain attached hereto as Exhibit 1.

12   **RESPONSE TO REQUEST FOR ADMISSION NO. 44:**

13        Mr. Larian objects to the phrase "additional communications to or from Isaac

14   Larian that are part of the email chain" as vague and ambiguous. Mr. Larian

15   objects to the request insofar as it seeks disclosure of information that is protected

16   by the attorney-client privilege and/or work product doctrine. Mr. Larian objects to

17   the request to the extent it seeks information not relevant to the claims or defenses

18   of any party to this action and not reasonably calculated to lead to the discovery of

19   admissible evidence. Mr. Larian objects to the request to the extent it is unduly

20   burdensome and oppressive. In responding, Mr. Larian has not and will not comply

21   with any instructions or definitions that seek to impose requirements in addition to

22   those imposed by the Federal Rules of Civil Procedure or any applicable local rule.

23   Mr. Larian reserves the right to object on any ground at any time to such other and

24   supplemental discovery requests as Mattel may propound involving or relating to

25   the same subject matter(s) of the request. Mr. Larian objects to the definitions and

26   instructions to the extent such definitions and instructions purport to enlarge,

27   expand, or alter in any way the plain meaning and scope of any specific term or

28   specific requests on the grounds that such enlargement, expansion or alteration

- 43 -

LARIAN'S RESPONSE TO MATTEL'S RFA TO LARIAN RELATED TO ASSERTION OF PRIVILEGE TO WITHHOLD NON-PRIVILEGED LARIAN EMAIL COMMUNICATIONS, CV 04-

EXHIBIT _38_

PAGE _815_

1   renders such a term or request vague, ambiguous, unintelligible, overly broad,

2   unduly burdensome, uncertain or otherwise open to interpretation.

3       Subject to and without waiving these objections, privileges and doctrines,

4   Mr. Larian responds as follows:

5       Mr. Larian admits that it has conducted a good faith diligent search and

6   reasonable inquiry for documents responsive to Mattel's discovery requests,

7   including documents that contain the emails reflected in Exhibit 1, and has provided

8   those documents to counsel for MGA and Mr. Larian.

9   **REQUEST FOR ADMISSION NO. 45:**

10      Admit that there are no additional communications to or from Isaac Larian

11  that are part of the email chain attached hereto as Exhibit 1.

12  **RESPONSE TO REQUEST FOR ADMISSION NO. 45:**

13      Mr. Larian objects to the phrase "additional communications to or from Isaac

14  Larian that are part of the email chain" as vague and ambiguous. Mr. Larian

15  objects to the request insofar as it seeks disclosure of information that is protected

16  by the attorney-client privilege and/or work product doctrine. Mr. Larian objects to

17  the request to the extent it seeks information not relevant to the claims or defenses

18  of any party to this action and not reasonably calculated to lead to the discovery of

19  admissible evidence. Mr. Larian objects to the request to the extent it is unduly

20  burdensome and oppressive. In responding, Mr. Larian has not and will not comply

21  with any instructions or definitions that seek to impose requirements in addition to

22  those imposed by the Federal Rules of Civil Procedure or any applicable local rule.

23  Mr. Larian reserves the right to object on any ground at any time to such other and

24  supplemental discovery requests as Mattel may propound involving or relating to

25  the same subject matter(s) of the request. Mr. Larian objects to the definitions and

26  instructions to the extent such definitions and instructions purport to enlarge,

27  expand, or alter in any way the plain meaning and scope of any specific term or

28  specific requests on the grounds that such enlargement, expansion or alteration

- 44 -

LARIAN'S RESPONSE TO MATTEL'S RFA TO LARIAN RELATED
TO ASSERTION OF PRIVILEGE TO WITHHOLD NON-
PRIVILEGED LARIAN EMAIL COMMUNICATIONS, CV 04-

EXHIBIT _**38**_

PAGE _**616**_

1  renders such a term or request vague, ambiguous, unintelligible, overly broad,

2  unduly burdensome, uncertain or otherwise open to interpretation.

3      Subject to and without waiving these objections, privileges and doctrines,

4  Mr. Larian responds as follows:

5      Mr. Larian admits that it has conducted a good faith diligent search and

6  reasonable inquiry for documents responsive to Mattel's discovery requests,

7  including documents that contain the emails reflected in Exhibit 1, and has provided

8  those documents to counsel for MGA and Mr. Larian.

9

10

11  Dated: October 13, 2009          ORRICK, HERRINGTON & SUTCLIFFE LLP

12

13                                  By: _____
                                         Warrington S. Parker III
14                                  Attorneys for MGA ENTERTAINMENT, INC.,
                                    MGA ENTERTAINMENT HK, LTD., MGA de
15                                  MEXICO, S.R.L. de C.V., and ISAAC LARIAN

16

17

18

19

20

21

22

23

24

25

26

27

28

- 45 -

EXHIBIT 38

PAGE 617

**EXHIBIT 39**

RECEIVED

OCT 1 5 2009

1  MELINDA HAAG (State Bar No. 132612)
   mhaag@orrick.com
2  ANNETTE L. HURST (State Bar No. 148738)
   ahurst@orrick.com
3  WARRINGTON S. PARKER III (State Bar No. 148003)
   wparker@orrick.com
4  ORRICK, HERRINGTON & SUTCLIFFE LLP
   The Orrick Building
5  405 Howard Street
   San Francisco, CA  94105-2669
6  Telephone:  +1-415-773-5700
   Facsimile:  +1-415-773-5759
7
   WILLIAM A. MOLINSKI (State Bar No. 145186)
8  wmolinski@orrick.com
   ORRICK, HERRINGTON & SUTCLIFFE LLP
9  777 South Figueroa Street, Suite 3200
   Los Angeles, CA  90017
10 Telephone:  +1-213-629-2020
   Facsimile:  +1-213-612-2499
11
   Attorneys for MGA Parties
12

13              UNITED STATES DISTRICT COURT

14              CENTRAL DISTRICT OF CALIFORNIA

15                    SOUTHERN DIVISION

16 | CARTER BRYANT, an individual, | Case No.  CV 04-09049 DOC (RNBx)
17 |            Plaintiff,          | Consolidated with:
18 |        v.                      | Case No. CV 04-9059
   |                                | Case No. CV 05-2727
19 | MATTEL, INC., a Delaware       | **MGA'S RESPONSE TO MATTEL,**
20 | corporation,                   | **INC.'S REQUEST FOR ADMISSION**
   |                                | **TO MGA RELATED TO MGA'S**
21 |            Defendant.          | **ASSERTION OF PRIVILEGE TO**
   |                                | **WITHHOLD NON-PRIVILEGED**
22 |                                | **LARIAN EMAIL**
   | AND CONSOLIDATED ACTIONS       | **COMMUNICATIONS THAT ARE**
23 |                                | **THE SUBJECT TO THE COURT'S**
   |                                | **ORDER TO SHOW CAUSE DATED**
24 |                                | **AUGUST 31, 2009**

25

26 PROPOUNDING PARTY:    Mattel, Inc.

27 RESPONDING PARTY:     MGA Entertainment, Inc.

28 SET NO.:              One (Phase 2)

MGA'S RESPONSE TO RFAS RELATED TO ASSERTION OF
PRIVILEGE TO WITHHOLD NON-PRIVILEGED LARIAN EMAIL
COMMUNICATIONS, CV 04-9049 DOC (RNBx)

10\13

EXHIBIT ___39___
PAGE ___618___

1    Pursuant to Federal Rules of Civil Procedure, Rules 26 and 36, MGA

2    Entertainment, Inc. ("MGA") answers or otherwise objects to the Requests for

3    Admission propounded by Plaintiff Mattel, Inc. herein as follows, with information

4    known to it and within its possession, custody, or control at the present time.  MGA

5    expressly reserves the right to supplement each of the following Responses where

6    necessary.

7                          **GENERAL OBJECTIONS**

8    MGA incorporates the following general objections into its specific

9    objections and responses to each and every request.  The assertion of same, similar,

10   or additional objections to the individual requests does not waive any of MGA's

11   general objections as set forth below:

12   MGA objects to the request insofar as it seeks disclosure of information that

13   is protected by the attorney-client privilege and/or work product doctrine.

14   MGA objects to the request to the extent it seeks information not relevant to

15   the claims or defenses of any party to this action and not reasonably calculated to

16   lead to the discovery of admissible evidence.

17   MGA objects to the request to the extent it is unduly burdensome and

18   oppressive.

19   In responding, MGA has not and will not comply with any instructions or

20   definitions that seek to impose requirements in addition to those imposed by the

21   Federal Rules of Civil Procedure or any applicable local rule.

22   MGA reserves the right to object on any ground at any time to such other and

23   supplemental discovery requests as Mattel may propound involving or relating to

24   the same subject matter(s) of the request.

25   MGA objects to the definitions and instructions to the extent such definitions

26   and instructions purport to enlarge, expand, or alter in any way the plain meaning

27   and scope of any specific term or specific requests on the grounds that such

28   enlargement, expansion or alteration renders such a term or request vague,

- 1 -    MGA'S RESPONSE TO RFAS RELATED TO ASSERTION OF
PRIVILEGE TO WITHHOLD NON-PRIVILEGED LARIAN EMAIL
COMMUNICATIONS, CV 04-9049 DOC (RNBx)

EXHIBIT   **39**

PAGE _____ 6̶1̶9̶

1   ambiguous, unintelligible, overly broad, unduly burdensome, uncertain or otherwise
2   open to interpretation.

3          These general objections shall be deemed incorporated into each specific
4   response below as if they were fully set forth below. Nevertheless, without waiver
5   of, without prejudice to, and expressly hereby reserving all of the foregoing general
6   objections, MGA submits the following responses.

**RESPONSES**

7
8   **REQUEST FOR ADMISSION NO. 1:**

9          Admit that MGA did not produce to Mattel the document attached hereto as
10  Exhibit 1 prior to May 27, 2008.

11  **RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

12         MGA objects to the request as it seeks disclosure of information that is
13  protected by the attorney-client privilege and/or work product doctrine in that the
14  knowledge possessed by MGA regarding the production of Exhibit 1 to the request
15  results from communications with counsel.  MGA objects to the request to the
16  extent it seeks information not relevant to the claims or defenses of any party to this
17  action and not reasonably calculated to lead to the discovery of admissible
18  evidence.  MGA objects to the request to the extent it is unduly burdensome and
19  oppressive.  In responding, MGA has not and will not comply with any instructions
20  or definitions that seek to impose requirements in addition to those imposed by the
21  Federal Rules of Civil Procedure or any applicable local rule.  MGA reserves the
22  right to object on any ground at any time to such other and supplemental discovery
23  requests as Mattel may propound involving or relating to the same subject matter(s)
24  of the request.  MGA objects to the definitions and instructions to the extent such
25  definitions and instructions purport to enlarge, expand, or alter in any way the plain
26  meaning and scope of any specific term or specific requests on the grounds that
27  such enlargement, expansion or alteration renders such a term or request vague,
28  ambiguous, unintelligible, overly broad, unduly burdensome, uncertain or otherwise

MGA'S RESPONSE TO RFAS RELATED TO ASSERTION OF
PRIVILEGE TO WITHHOLD NON-PRIVILEGED LARIAN EMAIL
COMMUNICATIONS. CV 04-9049 DOC (RNBx)

EXHIBIT _**39**_
PAGE _**620**_

1   open to interpretation.

2   **REQUEST FOR ADMISSION NO. 2:**

3      Admit that MGA has been compelled by Court Order prior to May 27, 2008

4   to produce to Mattel in this litigation the document attached hereto as Exhibit 1.

5   **RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

6      MGA objects to the request on the grounds that it is vague in failing to

7   specify any Court Order that Mattel contends applies and on the ground that it calls

8   for a legal conclusion.  MGA further objects to the request on the ground that it

9   seeks disclosure of information that is protected by the attorney-client privilege

10   and/or work product doctrine in that facts or conclusions regarding the applicability

11   of a "Court Order" to a particular document result from privileged and work

12   product communications with counsel.  MGA objects to the request to the extent it

13   seeks information not relevant to the claims or defenses of any party to this action

14   and not reasonably calculated to lead to the discovery of admissible evidence.

15   MGA objects to the request to the extent it is unduly burdensome and oppressive.

16   In responding, MGA has not and will not comply with any instructions or

17   definitions that seek to impose requirements in addition to those imposed by the

18   Federal Rules of Civil Procedure or any applicable local rule.  MGA reserves the

19   right to object on any ground at any time to such other and supplemental discovery

20   requests as Mattel may propound involving or relating to the same subject matter(s)

21   of the request.  MGA objects to the definitions and instructions to the extent such

22   definitions and instructions purport to enlarge, expand, or alter in any way the plain

23   meaning and scope of any specific term or specific requests on the grounds that

24   such enlargement, expansion or alteration renders such a term or request vague,

25   ambiguous, unintelligible, overly broad, unduly burdensome, uncertain or otherwise

26   open to interpretation.

27   **REQUEST FOR ADMISSION NO. 3:**

28      Admit that MGA knew, prior to May 27, 2008, that MGA had been

MGA'S RESPONSE TO RFAS RELATED TO ASSERTION OF
PRIVILEGE TO WITHHOLD NON-PRIVILEGED LARIAN EMAIL
COMMUNICATIONS, CV 04-9049 DOC (RNBX)

EXHIBIT ___39___
PAGE ___621___

1   compelled by Court Order to produce to Mattel in this litigation the document

2   attached hereto as Exhibit 1.

3   **RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

4          MGA objects to the request on the grounds that it is vague in failing to

5   specify any Court Order that Mattel contends applies and on the ground that it calls

6   for a legal conclusion.  MGA further objects to the request on the ground that it

7   seeks disclosure of information that is protected by the attorney-client privilege

8   and/or work product doctrine in that facts or conclusions regarding the applicability

9   of a "Court Order" to a particular document result from privileged and work

10  product communications with counsel. MGA objects to the request to the extent it

11  seeks information not relevant to the claims or defenses of any party to this action

12  and not reasonably calculated to lead to the discovery of admissible evidence.

13  MGA objects to the request to the extent it is unduly burdensome and oppressive.

14  In responding, MGA has not and will not comply with any instructions or

15  definitions that seek to impose requirements in addition to those imposed by the

16  Federal Rules of Civil Procedure or any applicable local rule.  MGA reserves the

17  right to object on any ground at any time to such other and supplemental discovery

18  requests as Mattel may propound involving or relating to the same subject matter(s)

19  of the request.  MGA objects to the definitions and instructions to the extent such

20  definitions and instructions purport to enlarge, expand, or alter in any way the plain

21  meaning and scope of any specific term or specific requests on the grounds that

22  such enlargement, expansion or alteration renders such a term or request vague,

23  ambiguous, unintelligible, overly broad, unduly burdensome, uncertain or otherwise

24  open to interpretation.

25  **REQUEST FOR ADMISSION NO. 4:**

26         Admit that MGA knew the document attached hereto as Exhibit 1 was not

27  produced to Mattel prior to the commencement of the Phase 1 trial in this matter.

28

MGA'S RESPONSE TO RFAS RELATED TO ASSERTION OF
PRIVILEGE TO WITHHOLD NON-PRIVILEGED LARIAN EMAIL
COMMUNICATIONS, CV 04-9049 DOC (RNBx)

EXHIBIT __39__

PAGE __622__

1   **RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

2     MGA objects to the request as it seeks disclosure of information that is

3   protected by the attorney-client privilege and/or work product doctrine in that the

4   knowledge possessed by MGA regarding the production of Exhibit 1 to the request

5   results from communications with counsel. MGA objects to the request to the

6   extent it seeks information not relevant to the claims or defenses of any party to this

7   action and not reasonably calculated to lead to the discovery of admissible

8   evidence. MGA objects to the request to the extent it is unduly burdensome and

9   oppressive. In responding, MGA has not and will not comply with any instructions

10   or definitions that seek to impose requirements in addition to those imposed by the

11   Federal Rules of Civil Procedure or any applicable local rule. MGA reserves the

12   right to object on any ground at any time to such other and supplemental discovery

13   requests as Mattel may propound involving or relating to the same subject matter(s)

14   of the request. MGA objects to the definitions and instructions to the extent such

15   definitions and instructions purport to enlarge, expand, or alter in any way the plain

16   meaning and scope of any specific term or specific requests on the grounds that

17   such enlargement, expansion or alteration renders such a term or request vague,

18   ambiguous, unintelligible, overly broad, unduly burdensome, uncertain or otherwise

19   open to interpretation.

20   **REQUEST FOR ADMISSION NO. 5:**

21     Admit that MGA knew, at the time of the commencement of the Phase 1 trial

22   in this matter, that the document attached hereto as Exhibit 1 was relevant to issues

23   to be tried by the jury in the Phase 1 trial.

24   **RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

25     MGA objects to the request as it seeks disclosure of information that is

26   protected by the attorney-client privilege and/or work product doctrine in that the

27   basis for MGA's knowledge regarding the issues in Phase 1 and the relevancy of

28   Exhibit 1 to the request are the result of communications between MGA and its

MGA'S RESPONSE TO RFAS RELATED TO ASSERTION OF
PRIVILEGE TO WITHHOLD NON-PRIVILEGED LARIAN EMAIL
COMMUNICATIONS. CV 04-9049 DOC (RNBx)

EXHIBIT __39__
PAGE __623__

1  counsel.  MGA additionally objects to this request on the grounds that it calls for a
2  legal conclusion.  MGA objects to the request to the extent it seeks information not
3  relevant to the claims or defenses of any party to this action and not reasonably
4  calculated to lead to the discovery of admissible evidence.  MGA objects to the
5  request to the extent it is unduly burdensome and oppressive.  In responding, MGA
6  has not and will not comply with any instructions or definitions that seek to impose
.7  requirements in addition to those imposed by the Federal Rules of Civil Procedure
8  or any applicable local rule.  MGA reserves the right to object on any ground at any
9  time to such other and supplemental discovery requests as Mattel may propound
10  involving or relating to the same subject matter(s) of the request.  MGA objects to
11  the definitions and instructions to the extent such definitions and instructions
12  purport to enlarge, expand, or alter in any way the plain meaning and scope of any
13  specific term or specific requests on the grounds that such enlargement, expansion
14  or alteration renders such a term or request vague, ambiguous, unintelligible, overly
15  broad, unduly burdensome, uncertain or otherwise open to interpretation.
16  **REQUEST FOR ADMISSION NO. 6:**
17      Admit that the document attached hereto as Exhibit 1 was withheld by MGA
18  from production in this litigation to Mattel on attorney-client privilege grounds
19  until August 21, 2009.
20  **RESPONSE TO REQUEST FOR ADMISSION NO. 6:**
21      MGA objects to the request as vague and ambiguous in its use of the phrase
22  "withheld by MGA from production in this litigation to Mattel."  MGA objects to
23  the request as vague and ambiguous in its use of the phrase "the document" because
24  "the document" contains a series of emails certain of which were marked as trial
25  exhibits and, therefore, MGA assumes that "the document" means any portions of
26  the email that were not marked as a trial exhibit.  As such, MGA objects to the
27  request as it seeks disclosure of information that is protected by the attorney-client
28  privilege and/or work product doctrine in that any information regarding the

- 6 -

MGA'S RESPONSE TO RFAS RELATED TO ASSERTION OF
PRIVILEGE TO WITHHOLD NON-PRIVILEGED LARIAN EMAIL
COMMUNICATIONS. CV 04-9049 DOC (RNBx)

EXHIBIT __39__
PAGE __624__

1   production of Exhibit 1 would be the result of communications with counsel. MGA

2   objects to the request to the extent it seeks information not relevant to the claims or

3   defenses of any party to this action and not reasonably calculated to lead to the

4   discovery of admissible evidence. MGA objects to the request to the extent it is

5   unduly burdensome and oppressive. In responding, MGA has not and will not

6   comply with any instructions or definitions that seek to impose requirements in

7   addition to those imposed by the Federal Rules of Civil Procedure or any applicable

8   local rule. MGA reserves the right to object on any ground at any time to such

9   other and supplemental discovery requests as Mattel may propound involving or

10   relating to the same subject matter(s) of the request. MGA objects to the definitions

11   and instructions to the extent such definitions and instructions purport to enlarge,

12   expand, or alter in any way the plain meaning and scope of any specific term or

13   specific requests on the grounds that such enlargement, expansion or alteration

14   renders such a term or request vague, ambiguous, unintelligible, overly broad,

15   unduly burdensome, uncertain or otherwise open to interpretation.

16   **REQUEST FOR ADMISSION NO. 7:**

17       Admit that the document attached hereto as Exhibit 1 was withheld by MGA

18   from production in this litigation to Mattel on work product grounds until August

19   21, 2009.

20   **RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

21       MGA objects to the request as vague and ambiguous in its use of the phrase

22   "withheld by MGA from production in this litigation to Mattel." MGA objects to

23   the request as vague and ambiguous in its use of the phrase "the document" because

24   "the document" contains a series of emails certain of which were marked as trial

25   exhibits and, therefore, MGA assumes that "the document" means any portions of

26   the email that were not marked as a trial exhibit. As such, MGA objects to the

27   request as it seeks disclosure of information that is protected by the attorney-client

28   privilege and/or work product doctrine in that any information regarding the

EXHIBIT __39__
PAGE __625__

1   production of Exhibit 1 to the request would be the result of communications with

2   counsel. MGA objects to the request to the extent it seeks information not relevant

3   to the claims or defenses of any party to this action and not reasonably calculated to

4   lead to the discovery of admissible evidence. MGA objects to the request to the

5   extent it is unduly burdensome and oppressive. In responding, MGA has not and

6   will not comply with any instructions or definitions that seek to impose

7   requirements in addition to those imposed by the Federal Rules of Civil Procedure

8   or any applicable local rule. MGA reserves the right to object on any ground at any

9   time to such other and supplemental discovery requests as Mattel may propound

10  involving or relating to the same subject matter(s) of the request. MGA objects to

11  the definitions and instructions to the extent such definitions and instructions

12  purport to enlarge, expand, or alter in any way the plain meaning and scope of any

13  specific term or specific requests on the grounds that such enlargement, expansion

14  or alteration renders such a term or request vague, ambiguous, unintelligible, overly

15  broad, unduly burdensome, uncertain or otherwise open to interpretation.

16  **REQUEST FOR ADMISSION NO. 8:**

17       Admit that the document attached hereto as Exhibit 1 is protected by

18  attorney-client privilege.

19  **RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

20       MGA objects to the request as vague and ambiguous in its use of the phrase

21  "the document" because "the document" contains a series of emails certain of

22  which were marked as trial exhibits and, therefore, MGA assumes that "the

23  document" means any portions of the email that were not marked as a trial exhibit.

24  As such, MGA objects to the request as it seeks disclosure of information that is

25  protected by the attorney-client privilege and/or work product doctrine in that

26  MGA's knowledge concerning the scope and nature of the attorney-client privilege

27  as applied to Exhibit 1 to the request has been gained by and through

28  communications with its counsel. MGA additionally objects to this request on the

- 8 -

MGA'S RESPONSE TO RFAS RELATED TO ASSERTION OF
PRIVILEGE TO WITHHOLD NON-PRIVILEGED LARIAN EMAIL
COMMUNICATIONS. CV 04-9049 DOC (RNBX)

EXHIBIT __39__
PAGE __626__

1   grounds that it calls for a legal conclusion.  MGA objects to the request to the

2   extent it seeks information not relevant to the claims or defenses of any party to this

3   action and not reasonably calculated to lead to the discovery of admissible

4   evidence.  MGA objects to the request to the extent it is unduly burdensome and

5   oppressive.  In responding, MGA has not and will not comply with any instructions

6   or definitions that seek to impose requirements in addition to those imposed by the

7   Federal Rules of Civil Procedure or any applicable local rule.  MGA reserves the

8   right to object on any ground at any time to such other and supplemental discovery

9   requests as Mattel may propound involving or relating to the same subject matter(s)

10   of the request.  MGA objects to the definitions and instructions to the extent such

11   definitions and instructions purport to enlarge, expand, or alter in any way the plain

12   meaning and scope of any specific term or specific requests on the grounds that

13   such enlargement, expansion or alteration renders such a term or request vague,

14   ambiguous, unintelligible, overly broad, unduly burdensome, uncertain or otherwise

15   open to interpretation.

16   **REQUEST FOR ADMISSION NO. 9:**

17       Admit that the document attached hereto as Exhibit 1 is protected by the

18   work product doctrine.

19   **RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

20       MGA objects to the request as vague and ambiguous in its use of the phrase

21   "the document" because "the document" contains a series of emails certain of

22   which were marked as trial exhibits and, therefore, MGA assumes that "the

23   document" means any portions of the email that were not marked as a trial exhibit.

24   As such, MGA objects to the request as it seeks disclosure of information that is

25   protected by the attorney-client privilege and/or work product doctrine in that

26   MGA's knowledge concerning the scope and nature of the work product doctrine as

27   applied to Exhibit 1 to the request has been gained by and through communications

28   with its counsel.  MGA additionally objects to this request on the grounds that it

MGA'S RESPONSE TO RFAS RELATED TO ASSERTION OF
PRIVILEGE TO WITHHOLD NON-PRIVILEGED LARIAN EMAIL
COMMUNICATIONS, CV 04-9049 DOC (RNBx)

EXHIBIT __39__
PAGE __627__

1  calls for a legal conclusion. MGA objects to the request to the extent it seeks
2  information not relevant to the claims or defenses of any party to this action and not
3  reasonably calculated to lead to the discovery of admissible evidence. MGA
4  objects to the request to the extent it is unduly burdensome and oppressive. In
5  responding, MGA has not and will not comply with any instructions or definitions
6  that seek to impose requirements in addition to those imposed by the Federal Rules
7  of Civil Procedure or any applicable local rule. MGA reserves the right to object
8  on any ground at any time to such other and supplemental discovery requests as
9  Mattel may propound involving or relating to the same subject matter(s) of the
10  request. MGA objects to the definitions and instructions to the extent such
11  definitions and instructions purport to enlarge, expand, or alter in any way the plain
12  meaning and scope of any specific term or specific requests on the grounds that
13  such enlargement, expansion or alteration renders such a term or request vague,
14  ambiguous, unintelligible, overly broad, unduly burdensome, uncertain or otherwise
15  open to interpretation.

16  **REQUEST FOR ADMISSION NO. 10:**

17    Admit that the document attached hereto as Exhibit 1 is not protected by
18  attorney-client privilege.

19  **RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

20    MGA objects to the request as vague and ambiguous in its use of the phrase
21  "the document" because "the document" contains a series of emails certain of
22  which were marked as trial exhibits and, therefore, MGA assumes that "the
23  document" means any portions of the email that were not marked as a trial exhibit.
24  As such, MGA objects to the request as it seeks disclosure of information that is
25  protected by the attorney-client privilege and/or work product doctrine in that
26  MGA's knowledge concerning the scope and nature of the attorney-client privilege
27  as applied to Exhibit 1 to the request has been gained by and through
28  communications with its counsel. MGA additionally objects to this request on the

- 10 -

MGA'S RESPONSE TO RFAS RELATED TO ASSERTION OF
PRIVILEGE TO WITHHOLD NON-PRIVILEGED LARIAN EMAIL
COMMUNICATIONS, CV 04-9049 DOC (RNBX)

EXHIBIT _39_
PAGE ____ 628

1    grounds that it calls for a legal conclusion.  MGA objects to the request to the

2    extent it seeks information not relevant to the claims or defenses of any party to this

3    action and not reasonably calculated to lead to the discovery of admissible

4    evidence.  MGA objects to the request to the extent it is unduly burdensome and

5    oppressive.  In responding, MGA has not and will not comply with any instructions

6    or definitions that seek to impose requirements in addition to those imposed by the

7    Federal Rules of Civil Procedure or any applicable local rule.  MGA reserves the

8    right to object on any ground at any time to such other and supplemental discovery

9    requests as Mattel may propound involving or relating to the same subject matter(s)

10   of the request.  MGA objects to the definitions and instructions to the extent such

11   definitions and instructions purport to enlarge, expand, or alter in any way the plain

12   meaning and scope of any specific term or specific requests on the grounds that

13   such enlargement, expansion or alteration renders such a term or request vague,

14   ambiguous, unintelligible, overly broad, unduly burdensome, uncertain or otherwise

15   open to interpretation.

16   **REQUEST FOR ADMISSION NO. 11:**

17        Admit that the document attached hereto as Exhibit 1 is not protected by

18   work product doctrine.

19   **RESPONSE TO REQUEST FOR ADMISSION NO. 11:**

20        MGA objects to the request as vague and ambiguous in its use of the phrase

21   "the document" because "the document" contains a series of emails certain of

22   which were marked as trial exhibits and, therefore, MGA assumes that "the

23   document" means any portions of the email that were not marked as a trial exhibit.

24   As such, MGA objects to the request as it seeks disclosure of information that is

25   protected by the attorney-client privilege and/or work product doctrine in that

26   MGA's knowledge concerning the scope and nature of the work product doctrine as

27   applied to Exhibit 1 to the request has been gained by and through communications

28   with its counsel.  MGA additionally objects to this request on the grounds that it

MGA'S RESPONSE TO RFAS RELATED TO ASSERTION OF
PRIVILEGE TO WITHHOLD NON-PRIVILEGED LARIAN EMAIL
COMMUNICATIONS, CV 04-9049 DOC (RNBx)



EXHIBIT __39__

PAGE __629__

1   calls for a legal conclusion.  MGA objects to the request to the extent it seeks

2   information not relevant to the claims or defenses of any party to this action and not

3   reasonably calculated to lead to the discovery of admissible evidence.  MGA

4   objects to the request to the extent it is unduly burdensome and oppressive.  In

5   responding, MGA has not and will not comply with any instructions or definitions

6   that seek to impose requirements in addition to those imposed by the Federal Rules

7   of Civil Procedure or any applicable local rule.  MGA reserves the right to object

8   on any ground at any time to such other and supplemental discovery requests as

9   Mattel may propound involving or relating to the same subject matter(s) of the

10  request.  MGA objects to the definitions and instructions to the extent such

11  definitions and instructions purport to enlarge, expand, or alter in any way the plain

12  meaning and scope of any specific term or specific requests on the grounds that

13  such enlargement, expansion or alteration renders such a term or request vague,

14  ambiguous, unintelligible, overly broad, unduly burdensome, uncertain or otherwise

15  open to interpretation.

16  **REQUEST FOR ADMISSION NO. 12:**

17       Admit that the document attached hereto as Exhibit 1 never was protected by

18  attorney-client privilege.

19  **RESPONSE TO REQUEST FOR ADMISSION NO. 12:**

20       MGA objects to the request as vague and ambiguous in its use of the phrase

21  "the document" because "the document" contains a series of emails certain of

22  which were marked as trial exhibits and, therefore, MGA assumes that "the

23  document" means any portions of the email that were not marked as a trial exhibit.

24  As such, MGA objects to the request as it seeks disclosure of information that is

25  protected by the attorney-client privilege and/or work product doctrine in that

26  MGA's knowledge concerning the scope and nature of the attorney-client privilege

27  as applied to Exhibit 1 to the request has been gained by and through

28  communications with its counsel.  MGA additionally objects to this request on the

- 12 -

MGA'S RESPONSE TO RFAS RELATED TO ASSERTION OF
PRIVILEGE TO WITHHOLD NON-PRIVILEGED LARIAN EMAIL
COMMUNICATIONS, CV 04-9049 DOC (RNBx)

EXHIBIT __39__
PAGE __630__

1   grounds that it calls for a legal conclusion.  MGA objects to the request to the

2   extent it seeks information not relevant to the claims or defenses of any party to this

3   action and not reasonably calculated to lead to the discovery of admissible

4   evidence.  MGA objects to the request to the extent it is unduly burdensome and

5   oppressive.  In responding, MGA has not and will not comply with any instructions

6   or definitions that seek to impose requirements in addition to those imposed by the

7   Federal Rules of Civil Procedure or any applicable local rule.  MGA reserves the

8   right to object on any ground at any time to such other and supplemental discovery

9   requests as Mattel may propound involving or relating to the same subject matter(s)

10  of the request.  MGA objects to the definitions and instructions to the extent such

11  definitions and instructions purport to enlarge, expand, or alter in any way the plain

12  meaning and scope of any specific term or specific requests on the grounds that

13  such enlargement, expansion or alteration renders such a term or request vague,

14  ambiguous, unintelligible, overly broad, unduly burdensome, uncertain or otherwise

15  open to interpretation.

16  **REQUEST FOR ADMISSION NO. 13:**

17       Admit that the document attached hereto as Exhibit 1 never was protected by

18  work product doctrine.

19  **RESPONSE TO REQUEST FOR ADMISSION NO. 13:**

20       MGA objects to the request as vague and ambiguous in its use of the phrase

21  "the document" because "the document" contains a series of emails certain of

22  which were marked as trial exhibits and, therefore, MGA assumes that "the

23  document" means any portions of the email that were not marked as a trial exhibit.

24  As such, MGA objects to the request as it seeks disclosure of information that is

25  protected by the attorney-client privilege and/or work product doctrine in that

26  MGA's knowledge concerning the scope and nature of the work product doctrine as

27  applied to Exhibit 1 to the request has been gained by and through communications

28  with its counsel.  MGA additionally objects to this request on the grounds that it

MGA'S RESPONSE TO RFAS RELATED TO ASSERTION OF
PRIVILEGE TO WITHHOLD NON-PRIVILEGED LARIAN EMAIL
COMMUNICATIONS. CV 04-9049 DOC (RNBx)

EXHIBIT __39__
PAGE __631__

1  calls for a legal conclusion.  MGA objects to the request to the extent it seeks
2  information not relevant to the claims or defenses of any party to this action and not
3  reasonably calculated to lead to the discovery of admissible evidence.  MGA
4  objects to the request to the extent it is unduly burdensome and oppressive.  In
5  responding, MGA has not and will not comply with any instructions or definitions
6  that seek to impose requirements in addition to those imposed by the Federal Rules
7  of Civil Procedure or any applicable local rule.  MGA reserves the right to object
8  on any ground at any time to such other and supplemental discovery requests as
9  Mattel may propound involving or relating to the same subject matter(s) of the
10  request.  MGA objects to the definitions and instructions to the extent such
11  definitions and instructions purport to enlarge, expand, or alter in any way the plain
12  meaning and scope of any specific term or specific requests on the grounds that
13  such enlargement, expansion or alteration renders such a term or request vague,
14  ambiguous, unintelligible, overly broad, unduly burdensome, uncertain or otherwise
15  open to interpretation.
16  **REQUEST FOR ADMISSION NO. 14:**
17      Admit that MGA knew the document attached hereto as Exhibit 1 never was
18  protected by attorney-client privilege.
19  **RESPONSE TO REQUEST FOR ADMISSION NO. 14:**
20      MGA objects to the request as vague and ambiguous in its use of the phrase
21  "the document" because "the document" contains a series of emails certain of
22  which were marked as trial exhibits and, therefore, MGA assumes that "the
23  document" means any portions of the email that were not marked as a trial exhibit.
24  As such, MGA objects to the request as it seeks disclosure of information that is
25  protected by the attorney-client privilege and/or work product doctrine in that
26  MGA's knowledge concerning the scope and nature of the attorney-client privilege
27  as applied to Exhibit 1 to the request has been gained by and through
28  communications with its counsel.  MGA additionally objects to this request on the

MGA'S RESPONSE TO RFAS RELATED TO ASSERTION OF
PRIVILEGE TO WITHHOLD NON-PRIVILEGED LARIAN EMAIL
COMMUNICATIONS, CV 04-9049 DOC (RNBX)

EXHIBIT __39__
PAGE __632__

1   grounds that it calls for a legal conclusion.  MGA objects to the request to the

2   extent it seeks information not relevant to the claims or defenses of any party to this

3   action and not reasonably calculated to lead to the discovery of admissible

4   evidence.  MGA objects to the request to the extent it is unduly burdensome and

5   oppressive.  In responding, MGA has not and will not comply with any instructions

6   or definitions that seek to impose requirements in addition to those imposed by the

7   Federal Rules of Civil Procedure or any applicable local rule.  MGA reserves the

8   right to object on any ground at any time to such other and supplemental discovery

9   requests as Mattel may propound involving or relating to the same subject matter(s)

10  of the request.  MGA objects to the definitions and instructions to the extent such

11  definitions and instructions purport to enlarge, expand, or alter in any way the plain

12  meaning and scope of any specific term or specific requests on the grounds that

13  such enlargement, expansion or alteration renders such a term or request vague,

14  ambiguous, unintelligible, overly broad, unduly burdensome, uncertain or otherwise

15  open to interpretation.

16  **REQUEST FOR ADMISSION NO. 15:**

17      Admit that MGA knew the document attached hereto as Exhibit 1 never was

18  protected by the work product doctrine.

19  **RESPONSE TO REQUEST FOR ADMISSION NO. 15:**

20      MGA objects to the request as vague and ambiguous in its use of the phrase

21  "the document" because "the document" contains a series of emails certain of

22  which were marked as trial exhibits and, therefore, MGA assumes that "the

23  document" means any portions of the email that were not marked as a trial exhibit.

24  As such, MGA objects to the request as it seeks disclosure of information that is

25  protected by the attorney-client privilege and/or work product doctrine in that

26  MGA's knowledge concerning the scope and nature of the work product doctrine as

27  applied to Exhibit 1 to the request has been gained by and through communications

28  with its counsel.  MGA additionally objects to this request on the grounds that it

- 15 -

EXHIBIT _39_
PAGE _633_

1    calls for a legal conclusion. MGA objects to the request to the extent it seeks

2    information not relevant to the claims or defenses of any party to this action and not

3    reasonably calculated to lead to the discovery of admissible evidence. MGA

4    objects to the request to the extent it is unduly burdensome and oppressive. In

5    responding, MGA has not and will not comply with any instructions or definitions

6    that seek to impose requirements in addition to those imposed by the Federal Rules

7    of Civil Procedure or any applicable local rule. MGA reserves the right to object

8    on any ground at any time to such other and supplemental discovery requests as

9    Mattel may propound involving or relating to the same subject matter(s) of the

10   request. MGA objects to the definitions and instructions to the extent such

11   definitions and instructions purport to enlarge, expand, or alter in any way the plain

12   meaning and scope of any specific term or specific requests on the grounds that

13   such enlargement, expansion or alteration renders such a term or request vague,

14   ambiguous, unintelligible, overly broad, unduly burdensome, uncertain or otherwise

15   open to interpretation.

16   **REQUEST FOR ADMISSION NO. 16:**

17        Admit that there was no basis for withholding from production in this

18   litigation the document attached hereto as Exhibit 1 on grounds of attorney-client

19   privilege.

20   **RESPONSE TO REQUEST FOR ADMISSION NO. 16:**

21        MGA objects to the request as vague and ambiguous in its use of the phrase

22   "the document" because "the document" contains a series of emails certain of

23   which were marked as trial exhibits and, therefore, MGA assumes that "the

24   document" means any portions of the email that were not marked as a trial exhibit.

25   As such, MGA objects to the request as it seeks disclosure of information that is

26   protected by the attorney-client privilege and/or work product doctrine in that

27   MGA's knowledge concerning the scope and nature of the attorney-client privilege

28   as applied to Exhibit 1 to the request has been gained by and through

- 16 -

MGA'S RESPONSE TO RFAS RELATED TO ASSERTION OF
PRIVILEGE TO WITHHOLD NON-PRIVILEGED LARIAN EMAIL
COMMUNICATIONS. CV 04-9049 DOC (RNBx)



EXHIBIT __39__
PAGE __634__

1  communications with its counsel. MGA additionally objects to this request on the
2  grounds that it calls for a legal conclusion. MGA objects to the request to the
3  extent it seeks information not relevant to the claims or defenses of any party to this
4  action and not reasonably calculated to lead to the discovery of admissible
5  evidence. MGA objects to the request to the extent it is unduly burdensome and
6  oppressive. In responding, MGA has not and will not comply with any instructions
7  or definitions that seek to impose requirements in addition to those imposed by the
8  Federal Rules of Civil Procedure or any applicable local rule. MGA reserves the
9  right to object on any ground at any time to such other and supplemental discovery
10 requests as Mattel may propound involving or relating to the same subject matter(s)
11 of the request. MGA objects to the definitions and instructions to the extent such
12 definitions and instructions purport to enlarge, expand, or alter in any way the plain
13 meaning and scope of any specific term or specific requests on the grounds that
14 such enlargement, expansion or alteration renders such a term or request vague,
15 ambiguous, unintelligible, overly broad, unduly burdensome, uncertain or otherwise
16 open to interpretation.

17 **REQUEST FOR ADMISSION NO. 17:**

18      Admit that there was no basis for withholding from production in this
19 litigation the document attached hereto as Exhibit 1 on grounds of the work product
20 doctrine.

21 **RESPONSE TO REQUEST FOR ADMISSION NO. 17:**

22      MGA objects to the request as vague and ambiguous in its use of the phrase
23 "the document" because "the document" contains a series of emails certain of
24 which were marked as trial exhibits and, therefore, MGA assumes that "the
25 document" means any portions of the email that were not marked as a trial exhibit.
26 As such, MGA objects to the request as it seeks disclosure of information that is
27 protected by the attorney-client privilege and/or work product doctrine in that
28 MGA's knowledge concerning the scope and nature of the work product doctrine as

- 17 -



EXHIBIT ___39___
PAGE ___635___

1   applied to Exhibit 1 to the request has been gained by and through communications

2   with its counsel.  MGA additionally objects to this request on the grounds that it

3   calls for a legal conclusion.  MGA objects to the request to the extent it seeks

4   information not relevant to the claims or defenses of any party to this action and not

5   reasonably calculated to lead to the discovery of admissible evidence.  MGA

6   objects to the request to the extent it is unduly burdensome and oppressive.  In

7   responding, MGA has not and will not comply with any instructions or definitions

8   that seek to impose requirements in addition to those imposed by the Federal Rules

9   of Civil Procedure or any applicable local rule.  MGA reserves the right to object

10  on any ground at any time to such other and supplemental discovery requests as

11  Mattel may propound involving or relating to the same subject matter(s) of the

12  request.  MGA objects to the definitions and instructions to the extent such

13  definitions and instructions purport to enlarge, expand, or alter in any way the plain

14  meaning and scope of any specific term or specific requests on the grounds that

15  such enlargement, expansion or alteration renders such a term or request vague,

16  ambiguous, unintelligible, overly broad, unduly burdensome, uncertain or otherwise

17  open to interpretation.

18  **REQUEST FOR ADMISSION NO. 18:**

19       Admit that the portion of the document attached hereto as Exhibit 1

20  containing the email exchange between Isaac Larian and Victoria O'Connor reflects

21  legal advice.

22  **RESPONSE TO REQUEST FOR ADMISSION NO. 18:**

23       MGA objects to the request as vague and ambiguous in its use of the phrase

24  "the portion of the document attached hereto as Exhibit 1 containing the email

25  exchange between Isaac Larian and Victoria O'Connor reflects legal advice" in that

26  there are three email exchanges between Mr. Larian and Victoria O'Connor and this

27  request does not specify which of the three exchanges to which it refers.  MGA

28  objects to the request as it seeks disclosure of information that is protected by the

- 18 -

MGA'S RESPONSE TO RFAS RELATED TO ASSERTION OF
PRIVILEGE TO WITHHOLD NON-PRIVILEGED LARIAN EMAIL
COMMUNICATIONS, CV 04-9049 DOC (RNBx)

EXHIBIT __39__
PAGE __636__

1    attorney-client privilege and/or work product doctrine.  MGA additionally objects

2    to this request on the grounds that it calls for a legal conclusion.  MGA objects to

3    the request to the extent it seeks information not relevant to the claims or defenses

4    of any party to this action and not reasonably calculated to lead to the discovery of

5    admissible evidence.  MGA objects to the request to the extent it is unduly

6    burdensome and oppressive.  In responding, MGA has not and will not comply with

7    any instructions or definitions that seek to impose requirements in addition to those

8    imposed by the Federal Rules of Civil Procedure or any applicable local rule.

9    MGA reserves the right to object on any ground at any time to such other and

10   supplemental discovery requests as Mattel may propound involving or relating to

11   the same subject matter(s) of the request.  MGA objects to the definitions and

12   instructions to the extent such definitions and instructions purport to enlarge,

13   expand, or alter in any way the plain meaning and scope of any specific term or

14   specific requests on the grounds that such enlargement, expansion or alteration

15   renders such a term or request vague, ambiguous, unintelligible, overly broad,

16   unduly burdensome, uncertain or otherwise open to interpretation.

17   **REQUEST FOR ADMISSION NO. 19:**

18       Admit that the portion of the document attached hereto as Exhibit 1

19   containing the email exchange between Isaac Larian and Victoria O'Connor does

20   not reflect legal advice.

21   **RESPONSE TO REQUEST FOR ADMISSION NO. 19:**

22       MGA objects to the request as vague and ambiguous in its use of the phrase

23   "the portion of the document attached hereto as Exhibit 1 containing the email

24   exchange between Isaac Larian and Victoria O'Connor does not reflect legal

25   advice" in that there are three email exchanges between Mr. Larian and Victoria

26   O'Connor and this request does not specify which of the three exchanges to which

27   it refers.  MGA objects to the request as it seeks disclosure of information that is

28   protected by the attorney-client privilege and/or work product doctrine.  MGA

- 19 -



EXHIBIT __39__
PAGE __637__

1   additionally objects to this request on the grounds that it calls for a legal
2   conclusion.  MGA objects to the request to the extent it seeks information not
3   relevant to the claims or defenses of any party to this action and not reasonably
4   calculated to lead to the discovery of admissible evidence.  MGA objects to the
5   request to the extent it is unduly burdensome and oppressive.  In responding, MGA
6   has not and will not comply with any instructions or definitions that seek to impose
7   requirements in addition to those imposed by the Federal Rules of Civil Procedure
8   or any applicable local rule.  MGA reserves the right to object on any ground at any
9   time to such other and supplemental discovery requests as Mattel may propound
10  involving or relating to the same subject matter(s) of the request.  MGA objects to
11  the definitions and instructions to the extent such definitions and instructions
12  purport to enlarge, expand, or alter in any way the plain meaning and scope of any
13  specific term or specific requests on the grounds that such enlargement, expansion
14  or alteration renders such a term or request vague, ambiguous, unintelligible, overly
15  broad, unduly burdensome, uncertain or otherwise open to interpretation.

16  **REQUEST FOR ADMISSION NO. 20:**

17      Admit that MGA knew that the portion of the document attached hereto as
18  Exhibit 1 containing the email exchange between Isaac Larian and Victoria
19  O'Connor did not reflect legal advice.

20  **RESPONSE TO REQUEST FOR ADMISSION NO. 20:**

21      MGA objects to the request as vague and ambiguous in its use of the phrase
22  "the portion of the document attached hereto as Exhibit 1 containing the email
23  exchange between Isaac Larian and Victoria O'Connor did not reflect legal advice"
24  in that there are three email exchanges between Mr. Larian and Victoria O'Connor
25  and this request does not specify which of the three exchanges to which it refers.
26  MGA objects to the request as it seeks disclosure of information that is protected by
27  the attorney-client privilege and/or work product doctrine.  MGA additionally
28  objects to this request on the grounds that it calls for a legal conclusion.  MGA

- 20 -



EXHIBIT 39
PAGE _____

1   objects to the request to the extent it seeks information not relevant to the claims or
2   defenses of any party to this action and not reasonably calculated to lead to the
3   discovery of admissible evidence.  MGA objects to the request to the extent it is
4   unduly burdensome and oppressive.  In responding, MGA has not and will not
5   comply with any instructions or definitions that seek to impose requirements in
6   addition to those imposed by the Federal Rules of Civil Procedure or any applicable
7   local rule.  MGA reserves the right to object on any ground at any time to such
8   other and supplemental discovery requests as Mattel may propound involving or
9   relating to the same subject matter(s) of the request.  MGA objects to the definitions
10  and instructions to the extent such definitions and instructions purport to enlarge,
11  expand, or alter in any way the plain meaning and scope of any specific term or
12  specific requests on the grounds that such enlargement, expansion or alteration
13  renders such a term or request vague, ambiguous, unintelligible, overly broad,
14  unduly burdensome, uncertain or otherwise open to interpretation.

15  **REQUEST FOR ADMISSION NO. 21:**

16       Admit that MGA stated, prior to August 21, 2009, that the portion of the
17  document attached hereto as Exhibit 1 containing the email exchange between Isaac
18  Larian and Victoria O'Connor reflects legal advice.

19  **RESPONSE TO REQUEST FOR ADMISSION NO. 21:**

20       MGA objects to this request on the grounds that the word "stated" is vague
21  and ambiguous.  MGA objects to the request as it seeks disclosure of information
22  that is protected by the attorney-client privilege and/or work product doctrine.
23  MGA objects to the request to the extent it seeks information not relevant to the
24  claims or defenses of any party to this action and not reasonably calculated to lead
25  to the discovery of admissible evidence.  MGA objects to the request to the extent it
26  is unduly burdensome and oppressive.  In responding, MGA has not and will not
27  comply with any instructions or definitions that seek to impose requirements in
28  addition to those imposed by the Federal Rules of Civil Procedure or any applicable

- 21 -

MGA'S RESPONSE TO RFAS RELATED TO ASSERTION OF
PRIVILEGE TO WITHHOLD NON-PRIVILEGED LARIAN EMAIL
COMMUNICATIONS, CV 04-9049 DOC (RNBx)



EXHIBIT __39__
PAGE __639__

1  local rule. MGA reserves the right to object on any ground at any time to such

2  other and supplemental discovery requests as Mattel may propound involving or

3  relating to the same subject matter(s) of the request. MGA objects to the definitions

4  and instructions to the extent such definitions and instructions purport to enlarge,

5  expand, or alter in any way the plain meaning and scope of any specific term or

6  specific requests on the grounds that such enlargement, expansion or alteration

7  renders such a term or request vague, ambiguous, unintelligible, overly broad,

8  unduly burdensome, uncertain or otherwise open to interpretation.

9  **REQUEST FOR ADMISSION NO. 22:**

10       Admit that MGA stated, prior to August 21, 2009, that the portion of the

11  document attached hereto as Exhibit 1 containing the email exchange between Isaac

12  Larian and Victoria O'Connor did not reflect legal advice.

13  **RESPONSE TO REQUEST FOR ADMISSION NO. 22:**

14       MGA objects to this request on the grounds that the word "stated" is vague

15  and ambiguous. MGA objects to the request as it seeks disclosure of information

16  that is protected by the attorney-client privilege and/or work product doctrine.

17  MGA objects to the request to the extent it seeks information not relevant to the

18  claims or defenses of any party to this action and not reasonably calculated to lead

19  to the discovery of admissible evidence. MGA objects to the request to the extent it

20  is unduly burdensome and oppressive. In responding, MGA has not and will not

21  comply with any instructions or definitions that seek to impose requirements in

22  addition to those imposed by the Federal Rules of Civil Procedure or any applicable

23  local rule. MGA reserves the right to object on any ground at any time to such

24  other and supplemental discovery requests as Mattel may propound involving or

25  relating to the same subject matter(s) of the request. MGA objects to the definitions

26  and instructions to the extent such definitions and instructions purport to enlarge,

27  expand, or alter in any way the plain meaning and scope of any specific term or

28  specific requests on the grounds that such enlargement, expansion or alteration

MGA'S RESPONSE TO RFAS RELATED TO ASSERTION OF
PRIVILEGE TO WITHHOLD NON-PRIVILEGED LARIAN EMAIL
COMMUNICATIONS, CV 04-9049 DOC (RNBx)

EXHIBIT __39__
PAGE ____640____

1    renders such a term or request vague, ambiguous, unintelligible, overly broad,

2    unduly burdensome, uncertain or otherwise open to interpretation.

3    **REQUEST FOR ADMISSION NO. 23:**

4         Admit that the document attached hereto as Exhibit 1 was listed as Entry No.

5    381 on MGA'S REVISED JANUARY 23, 2008 PRIVILEGE LOG.

6    **RESPONSE TO REQUEST FOR ADMISSION NO. 23:**

7         MGA objects to the request as it seeks disclosure of information that is

8    protected by the attorney-client privilege and/or work product doctrine in that the

9    basis for MGA's knowledge is communications with its counsel.  MGA objects to

10   the request to the extent it seeks information not relevant to the claims or defenses

11   of any party to this action and not reasonably calculated to lead to the discovery of

12   admissible evidence.  MGA objects to the request to the extent it is unduly

13   burdensome and oppressive.  In responding, Mr. Larian has not and will not comply

14   with any instructions or definitions that seek to impose requirements in addition to

15   those imposed by the Federal Rules of Civil Procedure or any applicable local rule.

16   MGA reserves the right to object on any ground at any time to such other and

17   supplemental discovery requests as Mattel may propound involving or relating to

18   the same subject matter(s) of the request.  MGA objects to the definitions and

19   instructions to the extent such definitions and instructions purport to enlarge,

20   expand, or alter in any way the plain meaning and scope of any specific term or

21   specific requests on the grounds that such enlargement, expansion or alteration

22   renders such a term or request vague, ambiguous, unintelligible, overly broad,

23   unduly burdensome, uncertain or otherwise open to interpretation.

24   **REQUEST FOR ADMISSION NO. 24:**

25        Admit that the document attached hereto as Exhibit 1 was not listed on any

26   MGA privilege log prior to MGA'S REVISED JANUARY 23, 2008 PRIVILEGE

27   LOG.

28

MGA'S RESPONSE TO RFAS RELATED TO ASSERTION OF
PRIVILEGE TO WITHHOLD NON-PRIVILEGED LARIAN EMAIL
COMMUNICATIONS, CV 04-9049 DOC (RNBx)


EXHIBIT  39
PAGE  641

1    **RESPONSE TO REQUEST FOR ADMISSION NO. 24:**

2          MGA objects to the request as it seeks disclosure of information that is

3    protected by the attorney-client privilege and/or work product doctrine in that the

4    basis for MGA's knowledge is communications with its counsel. MGA objects to

5    the request to the extent it seeks information not relevant to the claims or defenses

6    of any party to this action and not reasonably calculated to lead to the discovery of

7    admissible evidence. MGA objects to the request to the extent it is unduly

8    burdensome and oppressive. In responding, MGA has not and will not comply with

9    any instructions or definitions that seek to impose requirements in addition to those

10   imposed by the Federal Rules of Civil Procedure or any applicable local rule.

11   MGA reserves the right to object on any ground at any time to such other and

12   supplemental discovery requests as Mattel may propound involving or relating to

13   the same subject matter(s) of the request. MGA objects to the definitions and

14   instructions to the extent such definitions and instructions purport to enlarge,

15   expand, or alter in any way the plain meaning and scope of any specific term or

16   specific requests on the grounds that such enlargement, expansion or alteration

17   renders such a term or request vague, ambiguous, unintelligible, overly broad,

18   unduly burdensome, uncertain or otherwise open to interpretation.

19   **REQUEST FOR ADMISSION NO. 25:**

20         Admit that the document attached hereto as Exhibit 1 was listed on a MGA

21   privilege log prior to MGA'S REVISED JANUARY 23, 2008 PRIVILEGE LOG.

22   **RESPONSE TO REQUEST FOR ADMISSION NO. 25:**

23         MGA objects to the request as it seeks disclosure of information that is

24   protected by the attorney-client privilege and/or work product doctrine in that the

25   basis for MGA's knowledge is communications with its counsel. MGA objects to

26   the request to the extent it seeks information not relevant to the claims or defenses

27   of any party to this action and not reasonably calculated to lead to the discovery of

28   admissible evidence. MGA objects to the request to the extent it is unduly

- 24 -

MGA'S RESPONSE TO RFAS RELATED TO ASSERTION OF
PRIVILEGE TO WITHHOLD NON-PRIVILEGED LARIAN EMAIL
COMMUNICATIONS, CV 04-9049 DOC (RNBX)

EXHIBIT __39__
PAGE ___642___

1   burdensome and oppressive.  In responding, MGA has not and will not comply with
2   any instructions or definitions that seek to impose requirements in addition to those
3   imposed by the Federal Rules of Civil Procedure or any applicable local rule.
4   MGA reserves the right to object on any ground at any time to such other and
5   supplemental discovery requests as Mattel may propound involving or relating to
6   the same subject matter(s) of the request.  MGA objects to the definitions and
7   instructions to the extent such definitions and instructions purport to enlarge,
8   expand, or alter in any way the plain meaning and scope of any specific term or
9   specific requests on the grounds that such enlargement, expansion or alteration
10  renders such a term or request vague, ambiguous, unintelligible, overly broad,
11  unduly burdensome, uncertain or otherwise open to interpretation.

12  **REQUEST FOR ADMISSION NO. 26:**

13      Admit that the document attached hereto as Exhibit 1 was listed on MGA'S
14  REVISED JANUARY 23, 2008 PRIVILEGE LOG because MGA knew prior to
15  that time that MGA had been compelled by Court Order to produce the document
16  attached hereto as Exhibit 1.

17  **RESPONSE TO REQUEST FOR ADMISSION NO. 26:**

18      MGA objects to the request on the grounds that it is vague in failing to
19  specify any Court Order that Mattel contends applies and on the ground that it calls
20  for a legal conclusion.  MGA objects to the request as it seeks disclosure of
21  information that is protected by the attorney-client privilege and/or work product
22  doctrine in that the basis for MGA's knowledge is communications with his
23  counsel.  MGA objects to the request to the extent it seeks information not relevant
24  to the claims or defenses of any party to this action and not reasonably calculated to
25  lead to the discovery of admissible evidence.  MGA objects to the request to the
26  extent it is unduly burdensome and oppressive.  In responding, MGA has not and
27  will not comply with any instructions or definitions that seek to impose
28  requirements in addition to those imposed by the Federal Rules of Civil Procedure

MGA'S RESPONSE TO RFAS RELATED TO ASSERTION OF
PRIVILEGE TO WITHHOLD NON-PRIVILEGED LARIAN EMAIL
COMMUNICATIONS, CV 04-9049 DOC (RNBx)

EXHIBIT  *39*

PAGE  643

1    or any applicable local rule.  MGA reserves the right to object on any ground at any

2    time to such other and supplemental discovery requests as Mattel may propound

3    involving or relating to the same subject matter(s) of the request.  MGA objects to

4    the definitions and instructions to the extent such definitions and instructions

5    purport to enlarge, expand, or alter in any way the plain meaning and scope of any

6    specific term or specific requests on the grounds that such enlargement, expansion

7    or alteration renders such a term or request vague, ambiguous, unintelligible, overly

8    broad, unduly burdensome, uncertain or otherwise open to interpretation.  Finally,

9    MGA objects to this request as compound in that it combines three requests, *see*

10   Request Nos. 2, 3 and Request No. 23.

11   **REQUEST FOR ADMISSION NO. 27:**

12        Admit that the document corresponding to Entry No. 557 on MGA's [sic]

13   MGA'S REVISED JANUARY 23 2008 PRIVILEGE LOG is a duplicate of the

14   document attached hereto as Exhibit 1.

15   **RESPONSE TO REQUEST FOR ADMISSION NO. 27:**

16        MGA objects to the request as it seeks disclosure of information that is

17   protected by the attorney-client privilege and/or work product doctrine in that the

18   basis for MGA's knowledge is communications with its counsel.  MGA objects to

19   the request to the extent it seeks information not relevant to the claims or defenses

20   of any party to this action and not reasonably calculated to lead to the discovery of

21   admissible evidence.  MGA objects to the request to the extent it is unduly

22   burdensome and oppressive.  In responding, MGA has not and will not comply with

23   any instructions or definitions that seek to impose requirements in addition to those

24   imposed by the Federal Rules of Civil Procedure or any applicable local rule.

25   MGA reserves the right to object on any ground at any time to such other and

26   supplemental discovery requests as Mattel may propound involving or relating to

27   the same subject matter(s) of the request.  MGA objects to the definitions and

28   instructions to the extent such definitions and instructions purport to enlarge,

MGA'S RESPONSE TO RFAS RELATED TO ASSERTION OF
PRIVILEGE TO WITHHOLD NON-PRIVILEGED LARIAN EMAIL
COMMUNICATIONS, CV 04-9049 DOC (RNBx)

EXHIBIT _39_
PAGE _644_

1  expand, or alter in any way the plain meaning and scope of any specific term or

2  specific requests on the grounds that such enlargement, expansion or alteration

3  renders such a term or request vague, ambiguous, unintelligible, overly broad,

4  unduly burdensome, uncertain or otherwise open to interpretation.

5  **REQUEST FOR ADMISSION NO. 28:**

6      Admit that the document corresponding to Entry No. 557 on MGA's

7  REVISED JANUARY 23, 2008 PRIVILEGE LOG is not a duplicate of the

8  document attached hereto as Exhibit 1.

9  **RESPONSE TO REQUEST FOR ADMISSION NO. 28:**

10      MGA objects to the request as it seeks disclosure of information that is

11  protected by the attorney-client privilege and/or work product doctrine in that the

12  basis for MGA's knowledge is communications with its counsel. MGA objects to

13  the request to the extent it seeks information not relevant to the claims or defenses

14  of any party to this action and not reasonably calculated to lead to the discovery of

15  admissible evidence. MGA objects to the request to the extent it is unduly

16  burdensome and oppressive. In responding, MGA has not and will not comply with

17  any instructions or definitions that seek to impose requirements in addition to those

18  imposed by the Federal Rules of Civil Procedure or any applicable local rule.

19  MGA reserves the right to object on any ground at any time to such other and

20  supplemental discovery requests as Mattel may propound involving or relating to

21  the same subject matter(s) of the request. MGA objects to the definitions and

22  instructions to the extent such definitions and instructions purport to enlarge,

23  expand, or alter in any way the plain meaning and scope of any specific term or

24  specific requests on the grounds that such enlargement, expansion or alteration

25  renders such a term or request vague, ambiguous, unintelligible, overly broad,

26  unduly burdensome, uncertain or otherwise open to interpretation.

27  **REQUEST FOR ADMISSION NO. 29:**

28      Admit that the document corresponding to Entry No. 557 on MGA'S

MGA'S RESPONSE TO RFAS RELATED TO ASSERTION OF
PRIVILEGE TO WITHHOLD NON-PRIVILEGED LARIAN EMAIL
COMMUNICATIONS, CV 04-9049 DOC (RNBx)

EXHIBIT __39__
PAGE __645__

1  REVISED JANUARY 23, 2008 PRIVILEGE LOG is a further communication
2  related to the subject or subjects of the document attached hereto as Exhibit 1.
3  **RESPONSE TO REQUEST FOR ADMISSION NO. 29:**

4      MGA objects on the grounds that the phrase "further communication related
5  to the subject or subjects of the document attached hereto as Exhibit 1" is vague and
6  ambiguous.  MGA objects to the request as it seeks disclosure of information that is
7  protected by the attorney-client privilege and/or work product doctrine in that the
8  basis for MGA's knowledge is communications with its counsel.  MGA objects to
9  the request to the extent it seeks information not relevant to the claims or defenses
10  of any party to this action and not reasonably calculated to lead to the discovery of
11  admissible evidence.  MGA objects to the request to the extent it is unduly
12  burdensome and oppressive.  In responding, MGA has not and will not comply with
13  any instructions or definitions that seek to impose requirements in addition to those
14  imposed by the Federal Rules of Civil Procedure or any applicable local rule.
15  MGA reserves the right to object on any ground at any time to such other and
16  supplemental discovery requests as Mattel may propound involving or relating to
17  the same subject matter(s) of the request.  MGA objects to the definitions and
18  instructions to the extent such definitions and instructions purport to enlarge,
19  expand, or alter in any way the plain meaning and scope of any specific term or
20  specific requests on the grounds that such enlargement, expansion or alteration
21  renders such a term or request vague, ambiguous, unintelligible, overly broad,
22  unduly burdensome, uncertain or otherwise open to interpretation.
23  **REQUEST FOR ADMISSION NO. 30:**
24      Admit that the document corresponding to Entry No. 557 on MGA's
25  REVISED JANUARY 23, 2008 PRIVILEGE LOG is not a further communication
26  related to the subject or subjects of the document attached hereto as Exhibit 1.
27  **RESPONSE TO REQUEST FOR ADMISSION NO. 30:**
28      MGA further objects on the grounds that the phrase "further communication

- 28 -


EXHIBIT _39_
PAGE _~~646~~_

1  related to the subject or subjects of the document attached hereto as Exhibit 1" is

2  vague and ambiguous.  MGA objects to the request as it seeks disclosure of

3  information that is protected by the attorney-client privilege and/or work product

4  doctrine in that the basis for MGA's knowledge is communications with its

5  counsel.  MGA objects to the request to the extent it seeks information not relevant

6  to the claims or defenses of any party to this action and not reasonably calculated to

7  lead to the discovery of admissible evidence.  MGA objects to the request to the

8  extent it is unduly burdensome and oppressive.  In responding, MGA has not and

9  will not comply with any instructions or definitions that seek to impose

10  requirements in addition to those imposed by the Federal Rules of Civil Procedure

11  or any applicable local rule.  MGA reserves the right to object on any ground at any

12  time to such other and supplemental discovery requests as Mattel may propound

13  involving or relating to the same subject matter(s) of the request.  MGA objects to

14  the definitions and instructions to the extent such definitions and instructions

15  purport to enlarge, expand, or alter in any way the plain meaning and scope of any

16  specific term or specific requests on the grounds that such enlargement, expansion

17  or alteration renders such a term or request vague, ambiguous, unintelligible, overly

18  broad, unduly burdensome, uncertain or otherwise open to interpretation.

19  **REQUEST FOR ADMISSION NO. 31:**

20      Admit that the document corresponding to Entry No. 557 on MGA's

21  REVISED JANUARY 23, 2008 PRIVILEGE LOG has been withheld by MGA

22  from production in this litigation to Mattel on attorney-client privilege grounds.

23  **RESPONSE TO REQUEST FOR ADMISSION NO. 31:**

24      MGA objects to the request as vague and ambiguous in its use of the phrase

25  "the document" because "the document" contains a series of emails certain of

26  which were marked as trial exhibits and, therefore, MGA assumes that "the

27  document" means any portions of the email that were not marked as a trial exhibit.

28  As such, MGA objects to the request as it seeks disclosure of information that is

- 29 -

MGA'S RESPONSE TO RFAS RELATED TO ASSERTION OF
PRIVILEGE TO WITHHOLD NON-PRIVILEGED LARIAN EMAIL
COMMUNICATIONS, CV 04-9049 DOC (RNBx)

EXHIBIT __39__
PAGE __647__

1  protected by the attorney-client privilege and/or work product doctrine in that the

2  basis for MGA's knowledge is communications with its counsel. MGA

3  additionally objects to this request on the grounds that it calls for a legal

4  conclusion. MGA objects to the request to the extent it seeks information not

5  relevant to the claims or defenses of any party to this action and not reasonably

6  calculated to lead to the discovery of admissible evidence. MGA objects to the

7  request to the extent it is unduly burdensome and oppressive. In responding, MGA

8  has not and will not comply with any instructions or definitions that seek to impose

9  requirements in addition to those imposed by the Federal Rules of Civil Procedure

10  or any applicable local rule. MGA reserves the right to object on any ground at any

11  time to such other and supplemental discovery requests as Mattel may propound

12  involving or relating to the same subject matter(s) of the request. MGA objects to

13  the definitions and instructions to the extent such definitions and instructions

14  purport to enlarge, expand, or alter in any way the plain meaning and scope of any

15  specific term or specific requests on the grounds that such enlargement, expansion

16  or alteration renders such a term or request vague, ambiguous, unintelligible, overly

17  broad, unduly burdensome, uncertain or otherwise open to interpretation. MGA

18  objects to the request as vague and ambiguous in its use of the phrase "withheld by

19  MGA from production in this litigation to Mattel."

20  **REQUEST FOR ADMISSION NO. 32:**

21       Admit that the document corresponding to Entry No. 557 on MGA'S

22  REVISED JANUARY 23, 2008 PRIVILEGE LOG has been withheld by MGA

23  from production in this litigation to Mattel on work product grounds.

24  **RESPONSE TO REQUEST FOR ADMISSION NO. 32:**

25       MGA objects to the request as vague and ambiguous in its use of the phrase

26  "the document" because "the document" contains a series of emails certain of

27  which were marked as trial exhibits and, therefore, MGA assumes that "the

28  document" means any portions of the email that were not marked as a trial exhibit.

- 30 -

EXHIBIT _39_
PAGE _648_

1    As such, MGA objects to the request as it seeks disclosure of information that is
2    protected by the attorney-client privilege and/or work product doctrine in that the
3    basis for MGA's knowledge is communications with its counsel. MGA
4    additionally objects to this request on the grounds that it calls for a legal
5    conclusion. MGA objects to the request to the extent it seeks information not
6    relevant to the claims or defenses of any party to this action and not reasonably
7    calculated to lead to the discovery of admissible evidence. MGA objects to the
8    request to the extent it is unduly burdensome and oppressive. In responding, MGA
9    has not and will not comply with any instructions or definitions that seek to impose
10   requirements in addition to those imposed by the Federal Rules of Civil Procedure
11   or any applicable local rule. MGA reserves the right to object on any ground at any
12   time to such other and supplemental discovery requests as Mattel may propound
13   involving or relating to the same subject matter(s) of the request. MGA objects to
14   the definitions and instructions to the extent such definitions and instructions
15   purport to enlarge, expand, or alter in any way the plain meaning and scope of any
16   specific term or specific requests on the grounds that such enlargement, expansion
17   or alteration renders such a term or request vague, ambiguous, unintelligible, overly
18   broad, unduly burdensome, uncertain or otherwise open to interpretation. MGA
19   objects to the request as vague and ambiguous in its use of the phrase "withheld by
20   MGA from production in this litigation to Mattel."

21   **REQUEST FOR ADMISSION NO. 33:**

22       Admit that the document corresponding to Entry No. 557 on MGA'S
23   REVISED JANUARY 23, 2008 PRIVILEGE LOG is protected by attorney-client
24   privilege.

25   **RESPONSE TO REQUEST FOR ADMISSION NO. 33:**

26       MGA objects to the request as vague and ambiguous in its use of the phrase
27   "the document" because "the document" contains a series of emails certain of
28   which were marked as trial exhibits and, therefore, MGA assumes that "the

MGA'S RESPONSE TO RFAS RELATED TO ASSERTION OF
PRIVILEGE TO WITHHOLD NON-PRIVILEGED LARIAN EMAIL
COMMUNICATIONS, CV 04-9049 DOC (RNBx)



EXHIBIT  39

PAGE  649

1  document" means any portions of the email that were not marked as a trial exhibit.

2  As such, MGA objects to the request as it seeks disclosure of information that is

3  protected by the attorney-client privilege and/or work product doctrine in that

4  MGA's knowledge concerning the scope and nature of the attorney-client privilege

5  as applied to Exhibit 1 to the request has been gained by and through

6  communications with its counsel.  MGA additionally objects to this request on the

7  grounds that it calls for a legal conclusion.  MGA objects to the request to the

8  extent it seeks information not relevant to the claims or defenses of any party to this

9  action and not reasonably calculated to lead to the discovery of admissible

10  evidence.  MGA objects to the request to the extent it is unduly burdensome and

11  oppressive.  In responding, MGA has not and will not comply with any instructions

12  or definitions that seek to impose requirements in addition to those imposed by the

13  Federal Rules of Civil Procedure or any applicable local rule.  MGA reserves the

14  right to object on any ground at any time to such other and supplemental discovery

15  requests as Mattel may propound involving or relating to the same subject matter(s)

16  of the request.  MGA objects to the definitions and instructions to the extent such

17  definitions and instructions purport to enlarge, expand, or alter in any way the plain

18  meaning and scope of any specific term or specific requests on the grounds that

19  such enlargement, expansion or alteration renders such a term or request vague,

20  ambiguous, unintelligible, overly broad, unduly burdensome, uncertain or otherwise

21  open to interpretation.

22  **REQUEST FOR ADMISSION NO. 34:**

23       Admit that the document corresponding to Entry No. 557 on MGA'S

24  REVISED JANUARY 23, 2008 PRIVILEGE LOG is protected by the work

25  product doctrine.

26  **RESPONSE TO REQUEST FOR ADMISSION NO. 34:**

27       MGA objects to the request as vague and ambiguous in its use of the phrase

- 32 -

EXHIBIT 39
PAGE 650

1    "the document" because "the document" contains a series of emails certain of

2    which were marked as trial exhibits and, therefore, MGA assumes that "the

3    document" means any portions of the email that were not marked as a trial exhibit.

4    As such, MGA objects to the request as it seeks disclosure of information that is

5    protected by the attorney-client privilege and/or work product doctrine in that

6    MGA's knowledge concerning the scope and nature of the work product doctrine as

7    applied to Exhibit 1 to the request has been gained by and through communications

8    with its counsel.  MGA additionally objects to this request on the grounds that it

9    calls for a legal conclusion.  MGA objects to the request to the extent it seeks

10    information not relevant to the claims or defenses of any party to this action and not

11    reasonably calculated to lead to the discovery of admissible evidence.  MGA

12    objects to the request to the extent it is unduly burdensome and oppressive.  In

13    responding, MGA has not and will not comply with any instructions or definitions

14    that seek to impose requirements in addition to those imposed by the Federal Rules

15    of Civil Procedure or any applicable local rule.  MGA reserves the right to object

16    on any ground at any time to such other and supplemental discovery requests as

17    Mattel may propound involving or relating to the same subject matter(s) of the

18    request.  MGA objects to the definitions and instructions to the extent such

19    definitions and instructions purport to enlarge, expand, or alter in any way the plain

20    meaning and scope of any specific term or specific requests on the grounds that

21    such enlargement, expansion or alteration renders such a term or request vague,

22    ambiguous, unintelligible, overly broad, unduly burdensome, uncertain or otherwise

23    open to interpretation.

24    **REQUEST FOR ADMISSION NO. 35:**

25       Admit that the document corresponding to Entry No. 557 on MGA'S

26    REVISED JANUARY 23, 2008 PRIVILEGE LOG is not protected by attorney-

27    client privilege.

28

- 33 -

MGA'S RESPONSE TO RFAS RELATED TO ASSERTION OF<br>PRIVILEGE TO WITHHOLD NON-PRIVILEGED LARIAN EMAIL<br>COMMUNICATIONS, CV 04-9049 DOC (RNBx)

EXHIBIT _39_

PAGE _651_

**RESPONSE TO REQUEST FOR ADMISSION NO. 35:**

MGA objects to the request as vague and ambiguous in its use of the phrase "the document" because "the document" contains a series of emails certain of which were marked as trial exhibits and, therefore, MGA assumes that "the document" means any portions of the email that were not marked as a trial exhibit. As such, MGA objects to the request as it seeks disclosure of information that is protected by the attorney-client privilege and/or work product doctrine in that MGA's knowledge concerning the scope and nature of the attorney-client privilege as applied to Exhibit 1 to the request has been gained by and through communications with its counsel. MGA additionally objects to this request on the grounds that it calls for a legal conclusion. MGA objects to the request to the extent it seeks information not relevant to the claims or defenses of any party to this action and not reasonably calculated to lead to the discovery of admissible evidence. MGA objects to the request to the extent it is unduly burdensome and oppressive. In responding, MGA has not and will not comply with any instructions or definitions that seek to impose requirements in addition to those imposed by the Federal Rules of Civil Procedure or any applicable local rule. MGA reserves the right to object on any ground at any time to such other and supplemental discovery requests as Mattel may propound involving or relating to the same subject matter(s) of the request. MGA objects to the definitions and instructions to the extent such definitions and instructions purport to enlarge, expand, or alter in any way the plain meaning and scope of any specific term or specific requests on the grounds that such enlargement, expansion or alteration renders such a term or request vague, ambiguous, unintelligible, overly broad, unduly burdensome, uncertain or otherwise open to interpretation.

**REQUEST FOR ADMISSION NO. 36:**

Admit that the document corresponding to Entry No. 557 on MGA's REVISED JANUARY 23, 2008 PRIVILEGE LOG is not protected by the work

MGA'S RESPONSE TO RFAS RELATED TO ASSERTION OF
PRIVILEGE TO WITHHOLD NON-PRIVILEGED LARIAN EMAIL
COMMUNICATIONS, CV 04-9049 DOC (RNBx)

EXHIBIT _39_

PAGE _652_

1  product doctrine.

2  **RESPONSE TO REQUEST FOR ADMISSION NO. 36:**

3       MGA objects to the request as vague and ambiguous in its use of the phrase

4  "the document" because "the document" contains a series of emails certain of

5  which were marked as trial exhibits and, therefore, MGA assumes that "the

6  document" means any portions of the email that were not marked as a trial exhibit.

7  As such, MGA objects to the request as it seeks disclosure of information that is

8  protected by the attorney-client privilege and/or work product doctrine in that

9  MGA's knowledge concerning the scope and nature of the work product doctrine as

10  applied to Exhibit 1 to the request has been gained by and through communications

11  with its counsel.  MGA additionally objects to this request on the grounds that it

12  calls for a legal conclusion.  MGA objects to the request to the extent it seeks

13  information not relevant to the claims or defenses of any party to this action and not

14  reasonably calculated to lead to the discovery of admissible evidence.  MGA

15  objects to the request to the extent it is unduly burdensome and oppressive.  In

16  responding, MGA has not and will not comply with any instructions or definitions

17  that seek to impose requirements in addition to those imposed by the Federal Rules

18  of Civil Procedure or any applicable local rule.  MGA reserves the right to object

19  on any ground at any time to such other and supplemental discovery requests as

20  Mattel may propound involving or relating to the same subject matter(s) of the

21  request.  MGA objects to the definitions and instructions to the extent such

22  definitions and instructions purport to enlarge, expand, or alter in any way the plain

23  meaning and scope of any specific term or specific requests on the grounds that

24  such enlargement, expansion or alteration renders such a term or request vague,

25  ambiguous, unintelligible, overly broad, unduly burdensome, uncertain or otherwise

26  open to interpretation.

27  **REQUEST FOR ADMISSION NO. 37:**

28       Admit that the document corresponding to Entry No. 557 on MGA'S

MGA'S RESPONSE TO RFAS RELATED TO ASSERTION OF
PRIVILEGE TO WITHHOLD NON-PRIVILEGED LARIAN EMAIL
COMMUNICATIONS, CV 04-9049 DOC (RNBx)

EXHIBIT  39
PAGE  653

1   REVISED JANUARY 23, 2008 PRIVILEGE LOG never was protected by

2   attorney-client privilege.

3   **RESPONSE TO REQUEST FOR ADMISSION NO. 37:**

4         MGA objects to the request as vague and ambiguous in its use of the phrase

5   "the document" because "the document" contains a series of emails certain of

6   which were marked as trial exhibits and, therefore, MGA assumes that "the

7   document" means any portions of the email that were not marked as a trial exhibit.

8   As such, MGA objects to the request as it seeks disclosure of information that is

9   protected by the attorney-client privilege and/or work product doctrine in that

10  MGA's knowledge concerning the scope and nature of the attorney-client privilege

11  as applied to Exhibit 1 to the request has been gained by and through

12  communications with its counsel. MGA additionally objects to this request on the

13  grounds that it calls for a legal conclusion. MGA objects to the request to the

14  extent it seeks information not relevant to the claims or defenses of any party to this

15  action and not reasonably calculated to lead to the discovery of admissible

16  evidence. MGA objects to the request to the extent it is unduly burdensome and

17  oppressive. In responding, MGA has not and will not comply with any instructions

18  or definitions that seek to impose requirements in addition to those imposed by the

19  Federal Rules of Civil Procedure or any applicable local rule. MGA reserves the

20  right to object on any ground at any time to such other and supplemental discovery

21  requests as Mattel may propound involving or relating to the same subject matter(s)

22  of the request. MGA objects to the definitions and instructions to the extent such

23  definitions and instructions purport to enlarge, expand, or alter in any way the plain

24  meaning and scope of any specific term or specific requests on the grounds that

25  such enlargement, expansion or alteration renders such a term or request vague,

26  ambiguous, unintelligible, overly broad, unduly burdensome, uncertain or otherwise

27  open to interpretation.

28

- 36 -

MGA'S RESPONSE TO RFAS RELATED TO ASSERTION OF
PRIVILEGE TO WITHHOLD NON-PRIVILEGED LARIAN EMAIL
COMMUNICATIONS, CV 04-9049 DOC (RNBx)

EXHIBIT _39_
PAGE ___654___

1    **REQUEST FOR ADMISSION NO. 38:**

2        Admit that the document corresponding to Entry No. 557 on MGA'S

3    REVISED JANUARY 23, 2008 PRIVILEGE LOG never was protected by the

4    work product doctrine.

5    **RESPONSE TO REQUEST FOR ADMISSION NO. 38:**

6        MGA objects to the request as vague and ambiguous in its use of the phrase

7    "the document" because "the document" contains a series of emails certain of

8    which were marked as trial exhibits and, therefore, MGA assumes that "the

9    document" means any portions of the email that were not marked as a trial exhibit.

10    As such, MGA objects to the request as it seeks disclosure of information that is

11    protected by the attorney-client privilege and/or work product doctrine in that

12    MGA's knowledge concerning the scope and nature of the work product doctrine as

13    applied to Exhibit 1 to the request has been gained by and through communications

14    with its counsel.  MGA additionally objects to this request on the grounds that it

15    calls for a legal conclusion.  MGA objects to the request to the extent it seeks

16    information not relevant to the claims or defenses of any party to this action and not

17    reasonably calculated to lead to the discovery of admissible evidence.  MGA

18    objects to the request to the extent it is unduly burdensome and oppressive.  In

19    responding, MGA has not and will not comply with any instructions or definitions

20    that seek to impose requirements in addition to those imposed by the Federal Rules

21    of Civil Procedure or any applicable local rule.  MGA reserves the right to object

22    on any ground at any time to such other and supplemental discovery requests as

23    Mattel may propound involving or relating to the same subject matter(s) of the

24    request.  MGA objects to the definitions and instructions to the extent such

25    definitions and instructions purport to enlarge, expand, or alter in any way the plain

26    meaning and scope of any specific term or specific requests on the grounds that

27    such enlargement, expansion or alteration renders such a term or request vague,

28    ambiguous, unintelligible, overly broad, unduly burdensome, uncertain or otherwise

MGA'S RESPONSE TO RFAS RELATED TO ASSERTION OF
PRIVILEGE TO WITHHOLD NON-PRIVILEGED LARIAN EMAIL
COMMUNICATIONS, CV 04-9049 DOC (RNBx)

EXHIBIT __39__
PAGE __655__

1   open to interpretation.

2   **REQUEST FOR ADMISSION NO. 39:**

3      Admit that MGA has produced all other versions of the exchange reflected in

4   the document attached hereto as Exhibit 1.

5   **RESPONSE TO REQUEST FOR ADMISSION NO. 39:**

6      MGA objects to the phrase "all other versions of the exchange reflected in

7   the document" as vague and ambiguous. MGA objects to the request insofar as it

8   seeks disclosure of information that is protected by the attorney-client privilege

9   and/or work product doctrine. MGA objects to the request to the extent it seeks

10   information not relevant to the claims or defenses of any party to this action and not

11   reasonably calculated to lead to the discovery of admissible evidence. MGA

12   objects to the request to the extent it is unduly burdensome and oppressive. In

13   responding, MGA has not and will not comply with any instructions or definitions

14   that seek to impose requirements in addition to those imposed by the Federal Rules

15   of Civil Procedure or any applicable local rule. MGA reserves the right to object

16   on any ground at any time to such other and supplemental discovery requests as

17   Mattel may propound involving or relating to the same subject matter(s) of the

18   request. MGA objects to the definitions and instructions to the extent such

19   definitions and instructions purport to enlarge, expand, or alter in any way the plain

20   meaning and scope of any specific term or specific requests on the grounds that

21   such enlargement, expansion or alteration renders such a term or request vague,

22   ambiguous, unintelligible, overly broad, unduly burdensome, uncertain or otherwise

23   open to interpretation.

24      Subject to and without waiving these objections, privileges and doctrines,

25   MGA responds as follows:

26      MGA admits that it has conducted a good faith diligent search and reasonable

27   inquiry for documents responsive to Mattel's discovery requests, including

28   documents that contain the emails reflected in Exhibit 1, and has provided those

- 38 -

MGA'S RESPONSE TO RFAS RELATED TO ASSERTION OF
PRIVILEGE TO WITHHOLD NON-PRIVILEGED LARIAN EMAIL
COMMUNICATIONS, CV 04-9049 DOC (RNBx)

EXHIBIT 39

PAGE 656

1    documents to counsel for MGA and Mr. Larian.

2    **REQUEST FOR ADMISSION NO. 40:**

3        Admit that MGA has not produced to Mattel all other versions of the

4    exchange reflected in the document attached hereto as Exhibit 1.

5    **RESPONSE TO REQUEST FOR ADMISSION NO. 40:**

6        MGA objects to the phrase "all other versions of the exchange reflected in

7    the document" as vague and ambiguous.  MGA objects to the request insofar as it

8    seeks disclosure of information that is protected by the attorney-client privilege

9    and/or work product doctrine.  MGA objects to the request to the extent it seeks

10   information not relevant to the claims or defenses of any party to this action and not

11   reasonably calculated to lead to the discovery of admissible evidence.  MGA

12   objects to the request to the extent it is unduly burdensome and oppressive.  In

13   responding, MGA has not and will not comply with any instructions or definitions

14   that seek to impose requirements in addition to those imposed by the Federal Rules

15   of Civil Procedure or any applicable local rule.  MGA reserves the right to object

16   on any ground at any time to such other and supplemental discovery requests as

17   Mattel may propound involving or relating to the same subject matter(s) of the

18   request.  MGA objects to the definitions and instructions to the extent such

19   definitions and instructions purport to enlarge, expand, or alter in any way the plain

20   meaning and scope of any specific term or specific requests on the grounds that

21   such enlargement, expansion or alteration renders such a term or request vague,

22   ambiguous, unintelligible, overly broad, unduly burdensome, uncertain or otherwise

23   open to interpretation.

24       Subject to and without waiving these objections, privileges and doctrines,

25   MGA responds as follows:

26       MGA admits that it has conducted a good faith diligent search and reasonable

27   inquiry for documents responsive to Mattel's discovery requests, including

28   documents that contain the emails reflected in Exhibit 1, and has provided those

- 39 -

MGA'S RESPONSE TO RFAS RELATED TO ASSERTION OF
PRIVILEGE TO WITHHOLD NON-PRIVILEGED LARIAN EMAIL
COMMUNICATIONS, CV 04-9049 DOC (RNBX)

EXHIBIT __39__
PAGE __657__

1    documents to counsel for MGA and Mr. Larian.

2    **REQUEST FOR ADMISSION NO. 41:**

3         Admit that there are additional communications to or from Isaac Larian that

4    are part of the email chain attached hereto as Exhibit 1.

5    **RESPONSE TO REQUEST FOR ADMISSION NO. 41:**

6         MGA objects to the phrase "additional communications to or from Isaac

7    Larian that are part of the email chain" as vague and ambiguous. MGA objects to

8    the request insofar as it seeks disclosure of information that is protected by the

9    attorney-client privilege and/or work product doctrine. MGA objects to the request

10   to the extent it seeks information not relevant to the claims or defenses of any party

11   to this action and not reasonably calculated to lead to the discovery of admissible

12   evidence. MGA objects to the request to the extent it is unduly burdensome and

13   oppressive. In responding, MGA has not and will not comply with any instructions

14   or definitions that seek to impose requirements in addition to those imposed by the

15   Federal Rules of Civil Procedure or any applicable local rule. MGA reserves the

16   right to object on any ground at any time to such other and supplemental discovery

17   requests as Mattel may propound involving or relating to the same subject matter(s)

18   of the request. MGA objects to the definitions and instructions to the extent such

19   definitions and instructions purport to enlarge, expand, or alter in any way the plain

20   meaning and scope of any specific term or specific requests on the grounds that

21   such enlargement, expansion or alteration renders such a term or request vague,

22   ambiguous, unintelligible, overly broad, unduly burdensome, uncertain or otherwise

23   open to interpretation.

24        Subject to and without waiving these objections, privileges and doctrines,

25   MGA responds as follows:

26        MGA admits that it has conducted a good faith diligent search and reasonable

27   inquiry for documents responsive to Mattel's discovery requests, including

28   documents that contain the emails reflected in Exhibit 1, and has provided those

- 40 -          MGA'S RESPONSE TO RFAS RELATED TO ASSERTION OF
                PRIVILEGE TO WITHHOLD NON-PRIVILEGED LARIAN EMAIL
                COMMUNICATIONS, CV 04-9049 DOC (RNBx)

EXHIBIT __39__

PAGE ___658___

1    documents to counsel for MGA and Mr. Larian.

2    **REQUEST FOR ADMISSION NO. 42:**

3          Admit that there are no additional communications to or from Isaac Larian

4    that are part of the email chain attached hereto as Exhibit 1.

5    **RESPONSE TO REQUEST FOR ADMISSION NO. 42:**

6          MGA objects to the phrase "additional communications to or from Isaac

7    Larian that are part of the email chain" as vague and ambiguous.MGA objects to

8    the request insofar as it seeks disclosure of information that is protected by the

9    attorney-client privilege and/or work product doctrine.  MGA objects to the request

10   to the extent it seeks information not relevant to the claims or defenses of any party

11   to this action and not reasonably calculated to lead to the discovery of admissible

12   evidence.  MGA objects to the request to the extent it is unduly burdensome and

13   oppressive.  In responding, MGA has not and will not comply with any instructions

14   or definitions that seek to impose requirements in addition to those imposed by the

15   Federal Rules of Civil Procedure or any applicable local rule.  MGA reserves the

16   right to object on any ground at any time to such other and supplemental discovery

17   requests as Mattel may propound involving or relating to the same subject matter(s)

18   of the request.  MGA objects to the definitions and instructions to the extent such

19   definitions and instructions purport to enlarge, expand, or alter in any way the plain

20   meaning and scope of any specific term or specific requests on the grounds that

21   such enlargement, expansion or alteration renders such a term or request vague,

22   ambiguous, unintelligible, overly broad, unduly burdensome, uncertain or otherwise

23   open to interpretation.

24         Subject to and without waiving these objections, privileges and doctrines,

25   MGA responds as follows:

26         MGA admits that it has conducted a good faith diligent search and reasonable

27   inquiry for documents responsive to Mattel's discovery requests, including

28   documents that contain the emails reflected in Exhibit 1, and has provided those

- 41 -

MGA'S RESPONSE TO RFAS RELATED TO ASSERTION OF
PRIVILEGE TO WITHHOLD NON-PRIVILEGED LARIAN EMAIL
COMMUNICATIONS, CV 04-9049 DOC (RNBx)

EXHIBIT  39
PAGE        659

1 │ documents to counsel for MGA and Mr. Larian.

2

3 │ Dated:      October 13, 2009            ORRICK, HERRINGTON & SUTCLIFFE LLP

4

5 │                                         By: _____

6 │                                                  Warrington S. Parker III
   │                                         Attorneys for MGA ENTERTAINMENT, INC.,
7 │                                         MGA ENTERTAINMENT HK, LTD., MGA de
   │                                         MEXICO, S.R.L. de C.V., and ISAAC LARIAN

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MGA'S RESPONSE TO RFAS RELATED TO ASSERTION OF
PRIVILEGE TO WITHHOLD NON-PRIVILEGED LARIAN EMAIL
COMMUNICATIONS, CV 04-9049 DOC (RNBx)

EXHIBIT 39
PAGE 660

OCT 1 5 2009

# PROOF OF SERVICE

I, James Calderon, declare:

I am more than eighteen years old and not a party to this action.  My business address is Orrick, Herrington & Sutcliffe LLP, 405 Howard Street, San Francisco, CA 94105.

On October 13, 2009, I served the following document:

**MGA'S RESPONSE TO MATTEL, INC.'S REQUEST FOR ADMISSION TO MGA RELATED TO MGA'S ASSERTION OF PRIVILEGE TO WITHHOLD NON-PRIVILEGED LARIAN EMAIL COMMUNICATIONS THAT ARE THE SUBJECT TO THE COURT'S ORDER TO SHOW CAUSE DATED AUGUST 31, 2009**

**ISAAC LARIAN'S RESPONSE TO MATTEL, INC.'S REQUEST FOR ADMISSION TO ISAAC LARIAN RELATED TO ASSERTION OF PRIVILEGE TO WITHHOLD NON-PRIVILEGED LARIAN EMAIL COMMUNICATIONS THAT ARE THE SUBJECT TO THE COURT'S ORDER TO SHOW CAUSE DATED AUGUST 31, 2009**

☒   By placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

☐   By depositing a true and correct copy of the document(s) listed above with Fed Ex in Los Angeles, California, enclosed in a sealed envelope.

☐   (by Electronic Mail), I caused such documents to be transmitted by electronic mal to the offices of the addressee.

## SEE ATTACHED SERVICE LIST

I am employed in the county from which the mailing occurred.  On the date indicated above, I placed the sealed envelope(s) for collection and mailing at this firm's office business address indicated above.  I am readily familiar with this firm's practice for the collection and processing of correspondence for mailing with the United States Postal Service.  Under that practice, the firm's correspondence would be deposited with the United States Postal Service on this same date with postage thereon fully prepaid in the ordinary course of business.

- 1 -

EXHIBIT __39__
PAGE __661__

1    I declare under penalty of perjury that the foregoing is true and correct.

2    Executed on October 13, 2009, at Los Angeles, California.

3

4

5    _____

6    James Calderon

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 2 -

EXHIBIT __39__
PAGE __662__

1

## PHASE 2 DISCOVERY SERVICE LIST

2

Counsel for Mattel. Inc.

3
Michael T. Zeller, Esq.
michaelzeller@quinnemanuel.com
4
Brett D. Proctor
5
dylanproctor@quinnemanuel.com
QUINN EMANUÉL URQUHART OLIVER & HEDGES, LLP
6
865 South Figueroa Street, 10th Floor
7
Los Angeles, CA 90017-2543
Telephone: (213) 443-3000
8
Facsimile: (213) 443-3100

9

Counsel for Carlos Gustavo Machado Gomez
10
Mark E. Overland, Esq.
11
moverland@scheperkim.com
Alexander H. Cote, Esq.
12
acote@scheperkim.com
13
SCHEPER KIM & OVERLAND LLP
601 W. 5th Street, 12th Floor
14
Los Angeles, CA 90017
15
Telephone: (213) 613-4655
Facsimile:  (213) 613-4656
16

17
Additional Counsel:
Jason D. Russell, Esq.
18
jason.russell@skadden.com
19
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand Ave., Suite 3400
20
Los Angeles, CA 90071-3144
21
Telephone:  (213) 687-5000
Facsimile:  (213) 687-5600
22

23

24

25

26

27

28

EXHIBIT __39__
PAGE __66__