1 | QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
2 | John B. Quinn (Bar No. 090378)
   | (johnquinn@quinnemanuel.com)
   | Michael T. Zeller (Bar No. 196417)
3 | (michaelzeller@quinnemanuel.com)
   | Jon D. Corey (Bar No. 185066)
4 | (joncorey@quinnemanuel.com)
   | 865 South Figueroa Street, 10th Floor
5 | Los Angeles, California  90017-2543
   | Telephone:  (213) 443-3000
6 | Facsimile:  (213) 443-3100

7 | Attorneys for Mattel, Inc.

8 | UNITED STATES DISTRICT COURT

9 | CENTRAL DISTRICT OF CALIFORNIA

10 | SOUTHERN DIVISION

11 | MATTEL, INC., a Delaware corporation,

12 | Plaintiff,

13 | vs.

14 |

15 | MGA ENTERTAINMENT, INC., a California corporation, et al.,

16 | Defendant.

17 | AND CONSOLIDATED ACTIONS

18 |

CASE NO. CV 04-9049 DOC (RNBx)
Consolidated with
Case Nos. CV 04-09059 & CV 05-2727

**DISCOVERY MATTER**
**[To Be Heard by Discovery Master Robert C. O'Brien Pursuant]**

SEPARATE STATEMENT IN SUPPORT OF MATTEL, INC.'S MOTION FOR AN ORDER ENFORCING DISCOVERY MASTER ORDER NO. 66 AND COMPELLING MGA AND LARIAN TO RESPOND TO REQUESTS FOR ADMISSION

**PUBLIC REDACTED VERSION**

## SEPARATE STATEMENT

Mattel, Inc. respectfully submits this Separate Statement in Support of its Motion for an Order Enforcing Discovery Master Order No. 66 and Compelling MGA and Larian to Respond to Requests for Admission.  For the Discovery Master's convenience, this Separate Statement includes Mattel's responses to both MGA and Larian's ("the MGA Parties") general objections, which are identical, in Section I.  Mattel separately addresses each Request for Admission to MGA (in Section II) and to Larian (in Section III).

## I.   RESPONSES TO MGA AND LARIAN'S GENERAL OBJECTIONS

The MGA Parties' General Relevance Objection.  The MGA Parties object generally to all requests on the ground that they seek "information not relevant to the claims or defenses of any party in this action and not reasonably calculated to lead to the discovery of admissible evidence." █████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████  In addition, the Court expressly ruled that the issues surrounding the Larian-O'Connor email remain open for discovery and adjudication going forward.  See September 22, 2009 Order at 1-2.[2]  Among other things, the Requests are directly relevant to whether Larian committed perjury in his Phase 1 trial testimony.  They are also relevant to the decision to withhold the Larian-O'Connor email, which constitutes the RICO

---

[1]   Declaration of Scott L. Watson, filed concurrently ("Watson Decl."), Ex. 1.

1  predicate of obstruction of justice.  See United States v. Lench, 806 F.2d 1443, 1445

2  (9th Cir. 1986) (that defendant "failed to provide the information requested and

3  lied" about it "is all that is necessary to obstruct justice").

4          The MGA Parties' General Privilege Objection.  The MGA Parties also

5  object generally to every Request on privilege and work product grounds.  As

6  discussed below with respect to each Request, the Requests do not implicate the

7  privilege or work product.  It is black letter law that "questions related to the

8  existence of attorney-client communications" are not protected by the privilege.

9  Markwest Hydrocarbon, Inc. v. Liberty Mutual Ins. Co., 2007 WL 1106105, at *4

10 (D. Colo. April 12, 2007); see also New Jersey v. Sprint Corp., 2009 WL 1917412,

11 at *18 (D. Kan. July 2, 2009) ("Questions regarding the existence, extent, or waiver

12 of an attorney-client privilege or work-product immunity are not themselves

13 privileged or protected");  B.F.G. of Illinois, Inc. v. Ameritech Corp., 2001 WL

14 1414468, at *4 (N.D. Ill. Nov. 13, 2001) ("plaintiffs' counsel's proper questions

15 regarding foundational facts going to the assertion of privilege were improperly

16 objected to and the witness instructed not to answer");  Malletier v. Dooney &

17 Bourke, Inc., 2006 WL 3851150, at *1 (S.D.N.Y. Dec. 18, 2006) (declarations

18 submitted to support claim of privilege were improperly redacted because "plaintiff

19 has effectively eliminated from the declarations much of the basic information that

20 would be required to appear on a privilege log, together with the foundational facts

21 that its adversary would be entitled to discover in order to test a privilege claim.").

22 Moreover, the Requests appropriately seek the knowledge of both the MGA Parties

23 and their counsel.  A recipient of requests for admission is required to respond

24 informed by the knowledge of its counsel.  Christian v. Janed Enterprises, Inc., 2009

25 WL 1796074, at *2 (M.D. Ga. June 23, 2009) (party required to answer requests for

26

27  [2]  Watson Decl., Ex. 42.

28

admission with knowledge in possession of the party and its counsel); <u>Hise v Lockwood Grader Corp.</u>, 153 F Supp 276, 278 (D. Neb. 1957) (plaintiff required to respond to requests for admission with facts only in the possession of counsel).  The Discovery Master has similarly held that "[t]he fact that [a party] may need to consult with counsel to respond to the requests does not make the response privileged."[3]

The MGA Parties' General Burden Objection.  The MGA Parties' "general" burden objection is frivolous.  See <u>A. Farber and Partners, Inc. v. Garber</u>, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections").  The MGA Parties provide no basis – either in "general" objections or with respect to any individual request – for the burden objections, as required.  <u>See</u> Discovery Master Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity);[4] <u>Jackson v. Montgomery Ward & Co., Inc.</u>, 173 F.R.D. 524, 528-29 (D. Nev. 1997) (party claiming a discovery request is "unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence"); <u>Horsewood v. Kids "R" Us</u>, 1998 WL 526589, at *4 (D. Kan. Aug. 13, 1998) ("Mere assertions by plaintiff of harassment and intimidation provide no evidence of undue burden."); <u>Bible v. Rio Props., Inc.</u>, 246 F.R.D. 614, 618 (C.D. Cal. 2007) ("Contrary to defendant's assertion, the party who resists discovery has the burden to show discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections."); Discovery Master Order No. 46, dated August 14, 2009, at 33 ("[T]he party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature

---

[3]  Discovery Master Order, dated August 21, 2007, at 6, Watson Decl., Ex. 33.

1    and extent of the burden, usually by affidavit or other reliable evidence.") (citing

2    Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997)).

3         The MGA Parties' General Objection to Instructions and Definitions.

4    Lastly, the MGA Parties object generally to "any instructions or definitions that seek

5    to impose requirements in addition to those imposed by the Federal Rules of Civil

6    Procedure or any applicable local rule."  Mattel's RFAs did not include instructions,

7    so the MGA Parties' boilerplate objection on that ground is frivolous.  Nor do the

8    MGA Parties specify which, if any, of the four definitions in Mattel's requests is

9    improper, much less provide any basis for the objection.  Mattel's definitions are

10   proper and the MGA Parties' boilerplate objection should be overruled.

11       In any event, all of the MGA Parties' boilerplate general objections are

12   improper because they fail to specify the basis for the objection.  See Discovery

13   Master Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated

14   with specificity); Bible v. Rio Props., Inc., 246 F.R.D. 614, 618 (C.D. Cal. 2007)

15   ("Contrary to defendant's assertion, the party who resists discovery has the burden to

16   show discovery should not be allowed, and has the burden of clarifying, explaining,

17   and supporting its objections.")

18

19   **II.**  **RESPONSES TO MGA'S INDIVIDUAL OBJECTIONS**

20

21   REQUEST FOR ADMISSION NO. 1:

22       Admit that MGA did not produce to Mattel the document attached

23   hereto as Exhibit 1 prior to May 27, 2008.

24

25

26   _____

27   [4] Watson Decl., Ex. 37.

28

1  RESPONSE TO REQUEST FOR ADMISSION NO. 1:

2          MGA objects to the request as it seeks disclosure of information that is

3  protected by the attorney-client privilege and/or work product doctrine in that the

4  knowledge possessed by MGA regarding the production of Exhibit 1 to the request

5  results from communications with counsel.   MGA objects to the request to the

6  extent it seeks information not relevant to the claims or defenses of any party to this

7  action and not reasonably calculated to lead to the discovery of admissible evidence.

8  MGA objects to the request to the extent it is unduly burdensome and oppressive.  In

9  responding, MGA has not and will not comply with any instructions or definitions

10 that seek to impose requirements in addition to those imposed by the Federal Rules

11 of Civil Procedure or any applicable local rule.  MGA reserves the right to object on

12 any ground at any time to such other and supplemental discovery requests as Mattel

13 may propound involving or relating to the same subject matter(s) of the request.

14 MGA objects to the definitions and instructions to the extent such definitions and

15 instructions purport to enlarge, expand, or alter in any way the plain meaning and

16 scope of any specific term or specific requests on the grounds that such enlargement,

17 expansion or alteration renders such a term or request vague, ambiguous,

18 unintelligible, overly broad, unduly burdensome, uncertain or otherwise open to

19 interpretation.

20

21 REASON WHY FURTHER RESPONSE TO REQUEST FOR ADMISSION NO. 1

22 SHOULD BE COMPELLED:

23 ███████████████████████████████████████████

24 ███████████████████████████████████████████

25 ███████████████████████████████████████████

26

27   [5]  Watson Decl., Ex. 1.

28

1 ████████████████████████████████████████████

2 ████████████████████████████████████████████

3 In addition, the Court expressly ruled that the issues surrounding the Larian-

4 O'Connor email remain open for discovery and adjudication going forward. <u>See</u>

5 September 22, 2009 Order at 1-2.[6]  Among other things, this Request is directly

6 relevant to whether Larian committed perjury in his Phase 1 trial testimony.  It is

7 also relevant to the decision to withhold the email, which constitutes the RICO

8 predicate of obstruction of justice. <u>See</u> <u>United States v. Lench</u>, 806 F.2d 1443, 1445

9 (9th Cir. 1986) (that defendant "failed to provide the information requested and

10 lied" about it "is all that is necessary to obstruct justice").

11        Even had it not been already overruled, MGA's privilege objection is

12 baseless.  This Request simply asks MGA to admit that it did not produce to Mattel

13 the document prior to May 27, 2008.  The question clearly does not implicate the

14 privilege or work product.  It is black letter law that "questions related to the

15 existence of attorney-client communications" are not protected by the privilege.

16 <u>Markwest Hydrocarbon, Inc. v. Liberty Mutual Ins. Co.</u>, 2007 WL 1106105, at *4

17 (D. Colo. April 12, 2007); <u>see</u> <u>also</u> <u>New Jersey v. Sprint Corp.</u>, 2009 WL 1917412,

18 at *18 (D. Kan. July 2, 2009) ("Questions regarding the existence, extent, or waiver

19 of an attorney-client privilege or work-product immunity are not themselves

20 privileged or protected"); <u>B.F.G. of Illinois, Inc. v. Ameritech Corp.</u>, 2001 WL

21 1414468, at *4 (N.D. Ill. Nov. 13, 2001) ("plaintiffs' counsel's proper questions

22 regarding foundational facts going to the assertion of privilege were improperly

23 objected to and the witness instructed not to answer"); <u>Malletier v. Dooney &</u>

24 <u>Bourke, Inc.</u>, 2006 WL 3851150, at *1 (S.D.N.Y. Dec. 18, 2006) (declarations

25 submitted to support claim of privilege were improperly redacted because "plaintiff

26

27    [6]   Watson Decl., Ex. 42.

28

1   has effectively eliminated from the declarations much of the basic information that
2   would be required to appear on a privilege log, together with the foundational facts
3   that its adversary would be entitled to discover in order to test a privilege claim.").

4          Moreover, the Request appropriately seeks the knowledge of both the
5   MGA Parties and their counsel. A recipient of requests for admission is required to
6   respond informed by the knowledge of its counsel. Christian v. Janed Enterprises,
7   Inc., 2009 WL 1796074, at *2 (M.D. Ga. June 23, 2009) (party required to answer
8   requests for admission with knowledge in possession of the party and its counsel);
9   Hise v Lockwood Grader Corp., 153 F Supp 276, 278 (D. Neb. 1957) (plaintiff
10  required to respond to requests for admission with facts only in the possession of
11  counsel). The Discovery Master has similarly held that "[t]he fact that [a party] may
12  need to consult with counsel to respond to the requests does not make the response
13  privileged."[7]

14         MGA's objection as to burden and oppression is frivolous. See A.
15  Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general
16  or boilerplate objections such as 'overly burdensome and harassing' are improper –
17  especially when a party fails to submit any evidentiary declarations supporting such
18  objections"). There is no conceivable burden in admitting a fact MGA has already
19  conceded on the record; and indeed, MGA provides no basis for the burden
20  objection, as required. See Discovery Master Order No. 17, dated April 14, 2009, at
21  20 (overruling objections not stated with specificity);[8] Jackson v. Montgomery
22  Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) (party claiming a
23  discovery request is "unduly burdensome must allege specific facts which indicate
24  the nature and extent of the burden, usually by affidavit or other reliable evidence");
25  Horsewood v. Kids "R" Us, 1998 WL 526589, at *4 (D. Kan. Aug. 13, 1998)

26

27   [7]   Discovery Master Order, dated August 20, 2007, at 6, Watson Decl., Ex. 32.
28

1   ("Mere assertions by plaintiff of harassment and intimidation provide no evidence of

2   undue burden."); <u>Bible v. Rio Props., Inc.</u>, 246 F.R.D. 614, 618 (C.D. Cal. 2007)

3   ("Contrary to defendant's assertion, the party who resists discovery has the burden to

4   show discovery should not be allowed, and has the burden of clarifying, explaining,

5   and supporting its objections."); Discovery Master Order No. 46, dated August 14,

6   2009, at 33 ("[T]he party claiming that a discovery request is unduly burdensome

7   must allege specific facts which indicate the nature and extent of the burden, usually

8   by affidavit or other reliable evidence.") (citing <u>Jackson v. Montgomery Ward &</u>

9   <u>Co., Inc.</u>, 173 F.R.D. 524, 528-29 (D. Nev. 1997)).

10         MGA has already conceded the fact sought by this Request. ███

11   ███████████████████████████████████████████

12   ███████████████████████████████████████████

13   ███████████████████████████████████████████

14   ███████████████████████████████████████████

15   ██████████████████████. Notably, although MGA conceded these

16   facts at the September 22, 2009 hearing, Mattel is nonetheless entitled to receive

17   admissions as to these facts.  Admissions, unlike pleadings or other evidentiary

18   statements, are "binding upon the party making them.  They may not be

19   controverted at trial or on appeal.  Indeed, they are 'not evidence at all but rather

20   have the effect of withdrawing a fact from contention.'" <u>Keller v. Untied States</u>, 58

21   F.3d 1194, 1198 n.8 (7th Cir. 1995) (quoting Michael H. Graham, Federal Practice

22   and Procedure: Evidence § 6726).

23         Lastly, MGA objects to "any instructions or definitions that seek to

24   impose requirements in addition to those imposed by the Federal Rules of Civil

25   Procedure or any applicable local rule."  Mattel's RFAs did not include instructions,

26

27   [8]   Watson Decl., Ex. 37.

28

1  so MGA's boilerplate objection on that ground is frivolous.  Nor does MGA specify

2  which, if any, of the four definitions in Mattel's requests is improper, much less

3  provide any basis for the objection.  Mattel's definitions are proper and MGA's

4  boilerplate objection should be overruled.

5

6  REQUEST FOR ADMISSION NO. 2:

7       Admit that MGA has been compelled by Court Order prior to May 27,

8  2008 to produce to Mattel in this litigation the document attached hereto as

9  Exhibit 1.

10

11  RESPONSE TO REQUEST FOR ADMISSION NO. 2:

12       MGA objects to the request on the grounds that it is vague in failing to

13  specify any Court Order that Mattel contends applies and on the ground that it calls

14  for a legal conclusion.  MGA further objects to the request on the ground that it

15  seeks disclosure of information that is protected by the attorney-client privilege

16  and/or work product doctrine in that facts or conclusions regarding the applicability

17  of a "Court Order" to a particular document result from privileged and work product

18  communications with counsel.  MGA objects to the request to the extent it seeks

19  information not relevant to the claims or defenses of any party to this action and not

20  reasonably calculated to lead to the discovery of admissible evidence.  MGA objects

21  to the request to the extent it is unduly burdensome and oppressive.  In responding,

22  MGA has not and will not comply with any instructions or definitions that seek to

23  impose requirements in addition to those imposed by the Federal Rules of Civil

24  Procedure or any applicable local rule.  MGA reserves the right to object on any

25  ground at any time to such other and supplemental discovery requests as Mattel may

26

27       [9]  Sealed Hearing Tr. at 4:19-24; 8:17-9:11; 11:14-22, Watson Decl., Ex. 27.

28

1    propound involving or relating to the same subject matter(s) of the request. MGA

2    objects to the definitions and instructions to the extent such definitions and

3    instructions purport to enlarge, expand, or alter in any way the plain meaning and

4    scope of any specific term or specific requests on the grounds that such enlargement,

5    expansion or alteration renders such a term or request vague, ambiguous,

6    unintelligible, overly broad, unduly burdensome, uncertain or otherwise open to

7    interpretation.

8

9    <u>REASON WHY FURTHER RESPONSE TO REQUEST FOR ADMISSION NO. 2</u>

10    <u>SHOULD BE COMPELLED:</u>

11

12

13

14

15

16    In addition, the Court expressly ruled that the issues surrounding the Larian-

17    O'Connor email remain open for discovery and adjudication going forward. <u>See</u>

18    September 22, 2009 Order at 1-2.[11]  Among other things, this Request is directly

19    relevant to whether Larian committed perjury in his Phase 1 trial testimony. It is

20    also relevant to the decision to withhold the email, which constitutes the RICO

21    predicate of obstruction of justice. <u>See</u> <u>United States v. Lench</u>, 806 F.2d 1443, 1445

22    (9th Cir. 1986) (that defendant "failed to provide the information requested and

23    lied" about it "is all that is necessary to obstruct justice").

24         MGA's "vagueness" objection is disingenuous. MGA knows full well

25    the document is responsive to previously compelled requests. MGA produced an

26

27    [10]  Watson Decl., Ex. 1.

28

1  incomplete version of the Larian-O'Connor email and logged it on its privilege log.
2  Moreover, MGA's current counsel produced the full Larian-O'Connor email as a
3  document it believed had previously been improperly withheld on privilege grounds.
4  MGA cannot now pretend to be unaware that the document is responsive to
5  previously-compelled requests from Mattel. The Request appropriately seeks the
6  knowledge of both the MGA Parties and their counsel. A recipient of requests for
7  admission is required to respond informed by the knowledge of its counsel.
8  Christian v. Janed Enterprises, Inc., 2009 WL 1796074, at *2 (M.D. Ga. June 23,
9  2009) (party required to answer requests for admission with knowledge in
10  possession of the party and its counsel); Hise v Lockwood Grader Corp., 153 F Supp
11  276, 278 (D. Neb. 1957) (plaintiff required to respond to requests for admission with
12  facts only in the possession of counsel).

13       MGA"s "legal conclusion" objection fares no better.   The prior
14  Discovery Master repeatedly overruled the exact same "legal conclusion" objections
15  MGA asserts here. In compelling Bryant to respond to RFAs related to his opinions
16  about the enforceability of his employment contract with Mattel and the copyrights
17  related to Bratz, the Discovery Master overruled Bryant's privilege and "legal
18  conclusion" objections and ruled that "requests for admission calling for application
19  of law to facts are permissible" and that "[t]he fact that Bryant may need to consult
20  with counsel to respond to the requests does not make the response privileged."[12]
21  Similarly, the Discovery Master compelled MGA to respond to RFAs seeking
22  information about MGA's copyright registrations and the accuracy of MGA's
23  statements to the press, emphasizing that "requests calling for legal conclusions are
24  permissible" so long as they are related to the facts of the case.[13]   The Discovery

25  _____

26  [11]  Watson Decl., Ex. 42.
27  [12]  Discovery Master Order, dated August 20, 2007, at 6, Watson Decl., Ex. 32.
   [13]  Discovery Master Order, dated August 21, 2007, at 7, Watson Decl., Ex. 31.
28

1  Master also reiterated that it is immaterial that MGA may need to consult with

2  counsel to answer the RFAs because "[t]o hold otherwise would effectively gut the

3  provisions of Rule 36 authorizing requests that call for the application of law to

4  fact." Id.

5          Even had it not been already overruled, MGA's privilege objection is

6  baseless.  This Request simply asks MGA to admit that it had been compelled to

7  produce to Mattel the Larian-O'Connor email prior to May 27, 2008.  The question

8  clearly does not implicate the privilege or work product.  It is black letter law that

9  "questions related to the existence of attorney-client communications" are not

10 protected by the privilege.  Markwest Hydrocarbon, Inc. v. Liberty Mutual Ins. Co.,

11 2007 WL 1106105, at *4 (D. Colo. April 12, 2007); see also New Jersey v. Sprint

12 Corp., 2009 WL 1917412, at *18 (D. Kan. July 2, 2009) ("Questions regarding the

13 existence, extent, or waiver of an attorney-client privilege or work-product

14 immunity are not themselves privileged or protected");  B.F.G. of Illinois, Inc. v.

15 Ameritech Corp., 2001 WL 1414468, at *4 (N.D. Ill. Nov. 13, 2001) ("plaintiffs'

16 counsel's proper questions regarding foundational facts going to the assertion of

17 privilege were improperly objected to and the witness instructed not to answer");

18 Malletier v. Dooney & Bourke, Inc., 2006 WL 3851150, at *1 (S.D.N.Y. Dec. 18,

19 2006) (declarations submitted to support claim of privilege were improperly

20 redacted because "plaintiff has effectively eliminated from the declarations much of

21 the basic information that would be required to appear on a privilege log, together

22 with the foundational facts that its adversary would be entitled to discover in order

23 to test a privilege claim.").

24         MGA's objection as to burden and oppression is frivolous.  See A.

25 Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general

26 or boilerplate objections such as 'overly burdensome and harassing' are improper –

27 especially when a party fails to submit any evidentiary declarations supporting such

28 objections").  There is no conceivable burden in admitting a fact MGA has already

1  conceded on the record; and indeed, MGA provides no basis for the burden

2  objection, as required.  <u>See</u> Discovery Master Order No. 17, dated April 14, 2009, at

3  20 (overruling objections not stated with specificity);[14] <u>Jackson v. Montgomery</u>

4  <u>Ward & Co., Inc.</u>, 173 F.R.D. 524, 528-29 (D. Nev. 1997) (party claiming a

5  discovery request is "unduly burdensome must allege specific facts which indicate

6  the nature and extent of the burden, usually by affidavit or other reliable evidence");

7  <u>Horsewood v. Kids "R" Us</u>, 1998 WL 526589, at *4 (D. Kan. Aug. 13, 1998)

8  ("Mere assertions by plaintiff of harassment and intimidation provide no evidence of

9  undue burden."); <u>Bible v. Rio Props., Inc.</u>, 246 F.R.D. 614, 618 (C.D. Cal. 2007)

10  ("Contrary to defendant's assertion, the party who resists discovery has the burden to

11  show discovery should not be allowed, and has the burden of clarifying, explaining,

12  and supporting its objections."); Discovery Master Order No. 46, dated August 14,

13  2009, at 33 ("[T]he party claiming that a discovery request is unduly burdensome

14  must allege specific facts which indicate the nature and extent of the burden, usually

15  by affidavit or other reliable evidence.") (citing <u>Jackson v. Montgomery Ward &</u>

16  <u>Co., Inc.</u>, 173 F.R.D. 524, 528-29 (D. Nev. 1997)).

17            MGA has already conceded the fact sought by this Request.  ███

18  ███████████████████████████████████████████████

19  ███████████████████████████████████████████████

20  ███████████████████████████████████████████████

21  ███████████████████████████████████████████████

22  ███████████████████████████.  Notably, although MGA conceded these

23  facts at the September 22, 2009 hearing, Mattel is nonetheless entitled to receive

24  admissions as to these facts.  Admissions, unlike pleadings or other evidentiary

25  statements, are "binding upon the party making them.  They may not be

26  ─────────────────────

27  [14]   Watson Decl., Ex. 37.

28

1  controverted at trial or on appeal.  Indeed, they are 'not evidence at all but rather

2  have the effect of withdrawing a fact from contention.'"  <u>Keller v. Untied States</u>, 58

3  F.3d 1194, 1198 n.8 (7th Cir. 1995) (quoting Michael H. Graham, Federal Practice

4  and Procedure: Evidence § 6726).

5          Lastly, MGA objects to "any instructions or definitions that seek to

6  impose requirements in addition to those imposed by the Federal Rules of Civil

7  Procedure or any applicable local rule."  Mattel's RFAs did not include instructions,

8  so MGA's boilerplate objection on that ground makes no sense.  Nor does MGA

9  specify which, if any, of the four definitions in Mattel's requests is improper, much

10  less provide any basis for the objection.  Mattel's definitions are proper and MGA's

11  boilerplate objection should be overruled.

12

13  <u>REQUEST FOR ADMISSION NO. 3</u>:

14          Admit that MGA knew, prior to May 27, 2008, that MGA had been

15  compelled by Court Order to produce to Mattel in this litigation the document

16  attached hereto as Exhibit 1.

17

18  <u>RESPONSE TO REQUEST FOR ADMISSION NO. 3</u>:

19          MGA objects to the request on the grounds that it is vague in failing to

20  specify any Court Order that Mattel contends applies and on the ground that it calls

21  for a legal conclusion.  MGA further objects to the request on the ground that it

22  seeks disclosure of information that is protected by the attorney-client privilege

23  and/or work product doctrine in that facts or conclusions regarding the applicability

24  of a "Court Order" to a particular document result from privileged and work product

25  communications with counsel.  MGA objects to the request to the extent it seeks

26

27  [15]  Sealed Hearing Tr. at 4:19-24; 8:17-9:11; 11:14-22, Watson Decl., Ex. 27.

28

1  information not relevant to the claims or defenses of any party to this action and not

2  reasonably calculated to lead to the discovery of admissible evidence.  MGA objects

3  to the request to the extent it is unduly burdensome and oppressive.  In responding,

4  MGA has not and will not comply with any instructions or definitions that seek to

5  impose requirements in addition to those imposed by the Federal Rules of Civil

6  Procedure or any applicable local rule.  MGA reserves the right to object on any

7  ground at any time to such other and supplemental discovery requests as Mattel may

8  propound involving or relating to the same subject matter(s) of the request.  MGA

9  objects to the definitions and instructions to the extent such definitions and

10  instructions purport to enlarge, expand, or alter in any way the plain meaning and

11  scope of any specific term or specific requests on the grounds that such enlargement,

12  expansion or alteration renders such a term or request vague, ambiguous,

13  unintelligible, overly broad, unduly burdensome, uncertain or otherwise open to

14  interpretation.

15

16  <u>REASON WHY FURTHER RESPONSE TO REQUEST FOR ADMISSION NO. 3</u>

17  <u>SHOULD BE COMPELLED</u>:

18  ████████████████████████████████████

19  ████████████████████████████████████

20  ████████████████████████████████████

21  ████████████████████████████████████

22  ████████████████████████████████████

23  In addition, the Court expressly ruled that the issues surrounding the Larian-

24  O'Connor email remain open for discovery and adjudication going forward.  <u>See</u>

25

26  _____

27  [16]  Watson Decl., Ex. 1.

28

1   September 22, 2009 Order at 1-2.[17]  Among other things, this Request is directly
2   relevant to whether Larian committed perjury in his Phase 1 trial testimony.  It is
3   also relevant to the decision to withhold the email, which constitutes the RICO
4   predicate of obstruction of justice.  See United States v. Lench, 806 F.2d 1443, 1445
5   (9th Cir. 1986) (that defendant "failed to provide the information requested and
6   lied" about it "is all that is necessary to obstruct justice").

7           MGA's "vagueness" objection is disingenuous.  MGA knows full well
8   the document is responsive to previously compelled requests.  MGA produced an
9   incomplete version of the Larian-O'Connor email and logged it on its privilege log.
10  Moreover, MGA's current counsel specifically produced the full Larian-O'Connor
11  email as a document it believed had previously been improperly withheld on
12  privilege grounds.  MGA cannot now pretend to be unaware that the document is
13  responsive to previously-compelled requests from Mattel.   The Request
14  appropriately seeks the knowledge of both the MGA Parties and their counsel.  A
15  recipient of requests for admission is required to respond informed by the
16  knowledge of its counsel.  Christian v. Janed Enterprises, Inc., 2009 WL 1796074,
17  at *2 (M.D. Ga. June 23, 2009) (party required to answer requests for admission
18  with knowledge in possession of the party and its counsel); Hise v Lockwood
19  Grader Corp., 153 F Supp 276, 278 (D. Neb. 1957) (plaintiff required to respond to
20  requests for admission with facts only in the possession of counsel).

21          MGA"s "legal conclusion" objection fares no better.   The prior
22  Discovery Master repeatedly overruled the exact same "legal conclusion" objections
23  MGA asserts here.  In compelling Bryant to respond to RFAs related to his opinions
24  about the enforceability of his employment contract with Mattel and the copyrights
25  related to Bratz, the Discovery Master overruled Bryant's privilege and "legal

26
27      [17]  Watson Decl., Ex. 42.
28

1   conclusion" objections and ruled that "requests for admission calling for application
2   of law to facts are permissible" and that "[t]he fact that Bryant may need to consult
3   with counsel to respond to the requests does not make the response privileged."[18]
4   Similarly, the Discovery Master compelled MGA to respond to RFAs seeking
5   information about MGA's copyright registrations and the accuracy of MGA's
6   statements to the press, emphasizing that "requests calling for legal conclusions are
7   permissible" so long as they are related to the facts of the case.[19]   The Discovery
8   Master also reiterated that it is immaterial that MGA may need to consult with
9   counsel to answer the RFAs because "[t]o hold otherwise would effectively gut the
10  provisions of Rule 36 authorizing requests that call for the application of law to
11  fact." Id.

12          Even had it not been already overruled, MGA's privilege objection is
13  baseless.   This Request simply asks MGA to admit that it knew it had been
14  compelled to produce to Mattel the Larian-O'Connor email prior to May 27, 2008.
15  The question clearly does not implicate the privilege or work product.   It is black
16  letter law that "questions related to the existence of attorney-client communications"
17  are not protected by the privilege.  Markwest Hydrocarbon, Inc. v. Liberty Mutual
18  Ins. Co., 2007 WL 1106105, at *4 (D. Colo. April 12, 2007); see also New Jersey v.
19  Sprint Corp., 2009 WL 1917412, at *18 (D. Kan. July 2, 2009) ("Questions
20  regarding the existence, extent, or waiver of an attorney-client privilege or work-
21  product immunity are not themselves privileged or protected");  B.F.G. of Illinois,
22  Inc. v. Ameritech Corp., 2001 WL 1414468, at *4 (N.D. Ill. Nov. 13, 2001)
23  ("plaintiffs' counsel's proper questions regarding foundational facts going to the
24  assertion of privilege were improperly objected to and the witness instructed not to
25  answer"); Malletier v. Dooney & Bourke, Inc., 2006 WL 3851150, at *1 (S.D.N.Y.

26

27  [18]   Discovery Master Order, dated August 20, 2007, at 6, Watson Decl., Ex. 32.
28

Dec. 18, 2006) (declarations submitted to support claim of privilege were improperly redacted because "plaintiff has effectively eliminated from the declarations much of the basic information that would be required to appear on a privilege log, together with the foundational facts that its adversary would be entitled to discover in order to test a privilege claim.").

MGA has already conceded the fact sought by this Request. ████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████ MGA cannot concede facts to the Court for the purposes of avoiding sanctions, then refuse to admit them for purposes of discovery.  Notably, although MGA conceded these facts at the September 22, 2009 hearing, Mattel is nonetheless entitled to receive admissions as to these facts.  Admissions, unlike pleadings or other evidentiary statements, are "binding upon the party making them.  They may not be controverted at trial or on appeal.  Indeed, they are 'not evidence at all but rather have the effect of withdrawing a fact from contention.'"  Keller v. Untied States, 58 F.3d 1194, 1198 n.8 (7th Cir. 1995) (quoting Michael H. Graham, Federal Practice and Procedure: Evidence § 6726).

MGA's objection as to burden and oppression is frivolous.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections").  There is no conceivable burden in admitting a fact MGA has already conceded on the record; and indeed, MGA provides no basis for the burden objection, as required.  See Discovery Master Order No. 17, dated April 14, 2009, at

---

[19]   Discovery Master Order, dated August 21, 2007, at 7, Watson Decl., Ex. 31.

STATEMENT ISO MATTEL'S MOTION TO COMPEL MGA'S RESPONSE TO RFAS

1  20 (overruling objections not stated with specificity);[21] <u>Jackson v. Montgomery</u>
2  <u>Ward & Co., Inc.</u>, 173 F.R.D. 524, 528-29 (D. Nev. 1997) (party claiming a
3  discovery request is "unduly burdensome must allege specific facts which indicate
4  the nature and extent of the burden, usually by affidavit or other reliable evidence");
5  <u>Horsewood v. Kids "R" Us</u>, 1998 WL 526589, at *4 (D. Kan. Aug. 13, 1998)
6  ("Mere assertions by plaintiff of harassment and intimidation provide no evidence of
7  undue burden."); <u>Bible v. Rio Props., Inc.</u>, 246 F.R.D. 614, 618 (C.D. Cal. 2007)
8  ("Contrary to defendant's assertion, the party who resists discovery has the burden to
9  show discovery should not be allowed, and has the burden of clarifying, explaining,
10 and supporting its objections."); Discovery Master Order No. 46, dated August 14,
11 2009, at 33 ("[T]he party claiming that a discovery request is unduly burdensome
12 must allege specific facts which indicate the nature and extent of the burden, usually
13 by affidavit or other reliable evidence.") (citing <u>Jackson v. Montgomery Ward &</u>
14 <u>Co., Inc.</u>, 173 F.R.D. 524, 528-29 (D. Nev. 1997)).

15         Lastly, MGA objects to "any instructions or definitions that seek to
16 impose requirements in addition to those imposed by the Federal Rules of Civil
17 Procedure or any applicable local rule." Mattel's RFAs did not include instructions,
18 so MGA's boilerplate objection on that ground makes no sense.  Nor does MGA
19 specify which, if any, of the four definitions in Mattel's requests is improper, much
20 less provide any basis for the objection.  Mattel's definitions are proper and MGA's
21 boilerplate objection should be overruled.

22

23 <u>REQUEST FOR ADMISSION NO. 4:</u>

24         Admit that MGA knew the document attached hereto as Exhibit 1 was
25 not produced to Mattel prior to the commencement of the Phase 1 trial in this matter.

26 _____

27 [20]  Sealed Hearing Tr. at 4:19-24; 8:17-9:11; 11:14-22, Watson Decl., Ex. 27.

28

1  RESPONSE TO REQUEST FOR ADMISSION NO. 4:

2         MGA objects to the request as it seeks disclosure of information that is
3  protected by the attorney-client privilege and/or work product doctrine in that the
4  knowledge possessed by MGA regarding the production of Exhibit 1 to the request
5  results from communications with counsel.  MGA objects to the request to the
6  extent it seeks information not relevant to the claims or defenses of any party to this
7  action and not reasonably calculated to lead to the discovery of admissible evidence.
8  MGA objects to the request to the extent it is unduly burdensome and oppressive.  In
9  responding, MGA has not and will not comply with any instructions or definitions
10  that seek to impose requirements in addition to those imposed by the Federal Rules
11  of Civil Procedure or any applicable local rule.  MGA reserves the right to object on
12  any ground at any time to such other and supplemental discovery requests as Mattel
13  may propound involving or relating to the same subject matter(s) of the request.
14  MGA objects to the definitions and instructions to the extent such definitions and
15  instructions purport to enlarge, expand, or alter in any way the plain meaning and
16  scope of any specific term or specific requests on the grounds that such enlargement,
17  expansion or alteration renders such a term or request vague, ambiguous,
18  unintelligible, overly broad, unduly burdensome, uncertain or otherwise open to
19  interpretation.

20

21  REASON WHY FURTHER RESPONSE TO REQUEST FOR ADMISSION NO. 4
22  SHOULD BE COMPELLED:

23   

24      [22]

25   

26

27  [21]  Watson Decl., Ex. 37.

28

1  ████████████████████████████████████████████████████████

2  ████████████████████████████████████████████████  Id.

3  In addition, the Court expressly ruled that the issues surrounding the Larian-

4  O'Connor email remain open for discovery and adjudication going forward.  See

5  September 22, 2009 Order at 1-2.[23]   Among other things, this Request is directly

6  relevant to whether Larian committed perjury in his Phase 1 trial testimony.  It is

7  also relevant to the decision to withhold the email, which constitutes the RICO

8  predicate of obstruction of justice.  See United States v. Lench, 806 F.2d 1443, 1445

9  (9th Cir. 1986) (that defendant "failed to provide the information requested and

10  lied" about it "is all that is necessary to obstruct justice").

11       Even had it not been already overruled, MGA's privilege objection is

12  baseless.  This Request simply asks MGA to admit that it knew it had not produced

13  the Larian-O'Connor email to Mattel prior to May 27, 2008.  The question clearly

14  does not implicate the privilege or work product.   It is black letter law that

15  "questions related to the existence of attorney-client communications" are not

16  protected by the privilege.  Markwest Hydrocarbon, Inc. v. Liberty Mutual Ins. Co.,

17  2007 WL 1106105, at *4 (D. Colo. April 12, 2007); see also New Jersey v. Sprint

18  Corp., 2009 WL 1917412, at *18 (D. Kan. July 2, 2009) ("Questions regarding the

19  existence, extent, or waiver of an attorney-client privilege or work-product

20  immunity are not themselves privileged or protected");  B.F.G. of Illinois, Inc. v.

21  Ameritech Corp., 2001 WL 1414468, at *4 (N.D. Ill. Nov. 13, 2001) ("plaintiffs'

22  counsel's proper questions regarding foundational facts going to the assertion of

23  privilege were improperly objected to and the witness instructed not to answer");

24  Malletier v. Dooney & Bourke, Inc., 2006 WL 3851150, at *1 (S.D.N.Y. Dec. 18,

25  2006) (declarations submitted to support claim of privilege were improperly

26

27   [22]  Watson Decl., Ex. 1.

28

redacted because "plaintiff has effectively eliminated from the declarations much of the basic information that would be required to appear on a privilege log, together with the foundational facts that its adversary would be entitled to discover in order to test a privilege claim.").

The Request appropriately seeks the knowledge of both the MGA Parties and their counsel.   A recipient of requests for admission is required to respond informed by the knowledge of its counsel.  <u>Christian v. Janed Enterprises, Inc.</u>, 2009 WL 1796074, at *2 (M.D. Ga. June 23, 2009) (party required to answer requests for admission with knowledge in possession of the party and its counsel); <u>Hise v Lockwood Grader Corp.</u>, 153 F Supp 276, 278 (D. Neb. 1957) (plaintiff required to respond to requests for admission with facts only in the possession of counsel). The Discovery Master has similarly held that "[t]he fact that [a party] may need to consult with counsel to respond to the requests does not make the response privileged."[24]

Moreover, MGA has already conceded the fact sought by this Request. ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████"[25]  MGA cannot concede facts to the Court for the purposes of avoiding sanctions, then refuse to admit them for purposes of discovery.   MGA has already conceded the fact sought by this Request. ████████████████████████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████

[23]  Watson Decl., Ex. 42.
[24]  Discovery Master Order, dated August 20, 2007, at 6, Watson Decl., Ex. 32.
[25]  Sealed Hearing Tr. at 4:19-24; 8:17-9:11; 11:14-22, Watson Decl., Ex. 27.

00505.07975/3180667.1

1  █████,[26]  MGA cannot concede facts to the Court for the purposes of avoiding

2  sanctions, then refuse to admit them for purposes of discovery. Notably, although

3  MGA conceded these facts at the September 22, 2009 hearing, Mattel is nonetheless

4  entitled to receive admissions as to these facts. Admissions, unlike pleadings or

5  other evidentiary statements, are "binding upon the party making them. They may

6  not be controverted at trial or on appeal. Indeed, they are 'not evidence at all but

7  rather have the effect of withdrawing a fact from contention.'" Keller v. Untied

8  States, 58 F.3d 1194, 1198 n.8 (7th Cir. 1995) (quoting Michael H. Graham, Federal

9  Practice and Procedure: Evidence § 6726).

10  MGA's objection as to burden and oppression is frivolous. See A.

11  Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general

12  or boilerplate objections such as 'overly burdensome and harassing' are improper –

13  especially when a party fails to submit any evidentiary declarations supporting such

14  objections"). There is no conceivable burden in admitting a fact MGA has already

15  conceded on the record; and indeed, MGA provides no basis for the burden

16  objection, as required. See Discovery Master Order No. 17, dated April 14, 2009, at

17  20 (overruling objections not stated with specificity);[27] Jackson v. Montgomery

18  Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) (party claiming a

19  discovery request is "unduly burdensome must allege specific facts which indicate

20  the nature and extent of the burden, usually by affidavit or other reliable evidence");

21  Horsewood v. Kids "R" Us, 1998 WL 526589, at *4 (D. Kan. Aug. 13, 1998)

22  ("Mere assertions by plaintiff of harassment and intimidation provide no evidence of

23  undue burden."); Bible v. Rio Props., Inc., 246 F.R.D. 614, 618 (C.D. Cal. 2007)

24  ("Contrary to defendant's assertion, the party who resists discovery has the burden to

25  show discovery should not be allowed, and has the burden of clarifying, explaining,

26

27  [26]  Sealed Hearing Tr. at 4:19-24; 8:17-9:11; 11:14-22, Watson Decl., Ex. 27.

28

and supporting its objections."); Discovery Master Order No. 46, dated August 14, 2009, at 33 ("[T]he party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence.") (citing <u>Jackson v. Montgomery Ward & Co., Inc.</u>, 173 F.R.D. 524, 528-29 (D. Nev. 1997)).

Lastly, MGA objects to "any instructions or definitions that seek to impose requirements in addition to those imposed by the Federal Rules of Civil Procedure or any applicable local rule." Mattel's RFAs did not include instructions, so MGA's boilerplate objection on that ground makes no sense. Nor does MGA specify which, if any, of the four definitions in Mattel's requests is improper, much less provide any basis for the objection. Mattel's definitions are proper and MGA's boilerplate objection should be overruled.

<u>REQUEST FOR ADMISSION NO. 5</u>:

Admit that MGA knew, at the time of the commencement of the Phase 1 trial in this matter, that the document attached hereto as Exhibit 1 was relevant to issues to be tried by the jury in the Phase 1 trial.

<u>RESPONSE TO REQUEST FOR ADMISSION NO. 5</u>:

MGA objects to the request as it seeks disclosure of information that is protected by the attorney-client privilege and/or work product doctrine in that the basis for MGA's knowledge regarding the issues in Phase 1 and the relevancy of Exhibit 1 to the request are the result of communications between MGA and its counsel. MGA additionally objects to this request on the grounds that it calls for a legal conclusion. MGA objects to the request to the extent it seeks information not

---

[27]   Watson Decl., Ex. 37.

1    relevant to the claims or defenses of any party to this action and not reasonably

2    calculated to lead to the discovery of admissible evidence.  MGA objects to the

3    request to the extent it is unduly burdensome and oppressive.  In responding, MGA

4    has not and will not comply with any instructions or definitions that seek to impose

5    requirements in addition to those imposed by the Federal Rules of Civil Procedure

6    or any applicable local rule.  MGA reserves the right to object on any ground at any

7    time to such other and supplemental discovery requests as Mattel may propound

8    involving or relating to the same subject matter(s) of the request.  MGA objects to

9    the definitions and instructions to the extent such definitions and instructions

10   purport to enlarge, expand, or alter in any way the plain meaning and scope of any

11   specific term or specific requests on the grounds that such enlargement, expansion

12   or alteration renders such a term or request vague, ambiguous, unintelligible, overly

13   broad, unduly burdensome, uncertain or otherwise open to interpretation.

14

15   <u>REASON WHY FURTHER RESPONSE TO REQUEST FOR ADMISSION NO. 5</u>

16   <u>SHOULD BE COMPELLED</u>:

17

18   .[28]

19

20

21   Id.

22   In addition, the Court expressly ruled that the issues surrounding the Larian-

23   O'Connor email remain open for discovery and adjudication going forward.  <u>See</u>

24   September 22, 2009 Order at 1-2.[29]  Among other things, this Request is directly

25   relevant to whether Larian committed perjury in his Phase 1 trial testimony.  It is

26

27   [28]   Watson Decl., Ex. 1.

28

also relevant to the decision to withhold the email, which constitutes the RICO predicate of obstruction of justice. See United States v. Lench, 806 F.2d 1443, 1445 (9th Cir. 1986) (that defendant "failed to provide the information requested and lied" about it "is all that is necessary to obstruct justice").

MGA's "vagueness" objection is disingenuous. MGA knows full well the document is responsive to previously compelled requests. MGA produced an incomplete version of the Larian-O'Connor email and logged it on its privilege log. Moreover, MGA's current counsel specifically produced the full Larian-O'Connor email as a document it believed had previously been improperly withheld on privilege grounds. MGA cannot now pretend to be unaware that the document is responsive to previously-compelled requests from Mattel. The Request appropriately seeks the knowledge of both the MGA Parties and their counsel. A recipient of requests for admission is required to respond informed by the knowledge of its counsel. Christian v. Janed Enterprises, Inc., 2009 WL 1796074, at *2 (M.D. Ga. June 23, 2009) (party required to answer requests for admission with knowledge in possession of the party and its counsel); Hise v Lockwood Grader Corp., 153 F Supp 276, 278 (D. Neb. 1957) (plaintiff required to respond to requests for admission with facts only in the possession of counsel).

MGA"s "legal conclusion" objection fares no better. The prior Discovery Master repeatedly overruled the exact same "legal conclusion" objections MGA asserts here. In compelling Bryant to respond to RFAs related to his opinions about the enforceability of his employment contract with Mattel and the copyrights related to Bratz, the Discovery Master overruled Bryant's privilege and "legal conclusion" objections and ruled that "requests for admission calling for application of law to facts are permissible" and that "[t]he fact that Bryant may need to consult

---

[29]   Watson Decl., Ex. 42.

with counsel to respond to the requests does not make the response privileged."[30] Similarly, the Discovery Master compelled MGA to respond to RFAs seeking information about MGA's copyright registrations and the accuracy of MGA's statements to the press, emphasizing that "requests calling for legal conclusions are permissible" so long as they are related to the facts of the case.[31] The Discovery Master also reiterated that it is immaterial that MGA may need to consult with counsel to answer the RFAs because "[t]o hold otherwise would effectively gut the provisions of Rule 36 authorizing requests that call for the application of law to fact." Id.

Even had it not been already overruled, MGA's privilege objection is baseless. This Request simply asks MGA to admit that it knew the Larian-O'Connor email was relevant to the Phase 1 trial. The question clearly does not implicate the privilege or work product. MGA placed the document on its privilege log in January 2008, a clear indication that MGA believed it was otherwise relevant. It is black letter law that "questions related to the existence of attorney-client communications" are not protected by the privilege. Markwest Hydrocarbon, Inc. v. Liberty Mutual Ins. Co., 2007 WL 1106105, at *4 (D. Colo. April 12, 2007); see also New Jersey v. Sprint Corp., 2009 WL 1917412, at *18 (D. Kan. July 2, 2009) ("Questions regarding the existence, extent, or waiver of an attorney-client privilege or work-product immunity are not themselves privileged or protected"); B.F.G. of Illinois, Inc. v. Ameritech Corp., 2001 WL 1414468, at *4 (N.D. Ill. Nov. 13, 2001) ("plaintiffs' counsel's proper questions regarding foundational facts going to the assertion of privilege were improperly objected to and the witness instructed not to answer"); Malletier v. Dooney & Bourke, Inc., 2006 WL 3851150, at *1 (S.D.N.Y. Dec. 18, 2006) (declarations submitted to support claim of privilege were

---

[30]   Discovery Master Order, dated August 20, 2007, at 6, Watson Decl., Ex. 32.

1   improperly redacted because "plaintiff has effectively eliminated from the
2   declarations much of the basic information that would be required to appear on a
3   privilege log, together with the foundational facts that its adversary would be
4   entitled to discover in order to test a privilege claim.").

5          MGA has already conceded the fact sought by this Request. ███████
6   ███████████████████████████████████████████████████████████████
7   ███████████████████████████████████████████████████████████████
8   ████████████████████████████████████████████████████"[32]   MGA
9   cannot concede facts to the Court for the purposes of avoiding sanctions, then refuse
10  to admit them for purposes of discovery.

11         MGA's objection as to burden and oppression is frivolous.  See A.
12  Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general
13  or boilerplate objections such as 'overly burdensome and harassing' are improper –
14  especially when a party fails to submit any evidentiary declarations supporting such
15  objections").  There is no conceivable burden in admitting a fact MGA has already
16  conceded on the record; and indeed, MGA provides no basis for the burden
17  objection, as required.  See Discovery Master Order No. 17, dated April 14, 2009, at
18  20 (overruling objections not stated with specificity);[33] Jackson v. Montgomery
19  Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) (party claiming a
20  discovery request is "unduly burdensome must allege specific facts which indicate
21  the nature and extent of the burden, usually by affidavit or other reliable evidence");
22  Horsewood v. Kids "R" Us, 1998 WL 526589, at *4 (D. Kan. Aug. 13, 1998)
23  ("Mere assertions by plaintiff of harassment and intimidation provide no evidence of
24  undue burden."); Bible v. Rio Props., Inc., 246 F.R.D. 614, 618 (C.D. Cal. 2007)

25  ───────────────────────
26  [31]  Discovery Master Order, dated August 21, 2007, at 7, Watson Decl., Ex. 31.
27  [32]  Sealed Hearing Tr. at 4:19-24; 8:17-9:11; 11:14-22, Watson Decl., Ex. 27.
     [33]  Watson Decl., Ex. 37.
28

1   ("Contrary to defendant's assertion, the party who resists discovery has the burden to

2   show discovery should not be allowed, and has the burden of clarifying, explaining,

3   and supporting its objections."); Discovery Master Order No. 46, dated August 14,

4   2009, at 33 ("[T]he party claiming that a discovery request is unduly burdensome

5   must allege specific facts which indicate the nature and extent of the burden, usually

6   by affidavit or other reliable evidence.") (citing <u>Jackson v. Montgomery Ward &</u>

7   <u>Co., Inc.</u>, 173 F.R.D. 524, 528-29 (D. Nev. 1997)).

8         Lastly, MGA objects to "any instructions or definitions that seek to

9   impose requirements in addition to those imposed by the Federal Rules of Civil

10   Procedure or any applicable local rule." Mattel's RFAs did not include instructions,

11   so MGA's boilerplate objection on that ground makes no sense. Nor does MGA

12   specify which, if any, of the four definitions in Mattel's requests is improper, much

13   less provide any basis for the objection. Mattel's definitions are proper and MGA's

14   boilerplate objection should be overruled.

15

16   <u>REQUEST FOR ADMISSION NO. 6</u>:

17         Admit that the document attached hereto as Exhibit 1 was withheld by

18   MGA from production in this litigation to Mattel on attorney-client privilege

19   grounds until August 21, 2009.

20

21   <u>RESPONSE TO REQUEST FOR ADMISSION NO. 6</u>:

22         MGA objects to the request as vague and ambiguous in its use of the

23   phrase "withheld by MGA from production in this litigation to Mattel." MGA

24   objects to the request as vague and ambiguous in its use of the phrase "the

25   document" because "the document" contains a series of emails certain of which were

26   marked as trial exhibits and, therefore, MGA assumes that "the document" means

27   any portions of the email that were not marked as a trial exhibit. As such, MGA

28   objects to the request as it seeks disclosure of information that is protected by the

attorney-client privilege and/or work product doctrine in that any information regarding the production of Exhibit 1 would be the result of communications with counsel.  MGA objects to the request to the extent it seeks information not relevant to the claims or defenses of any party to this action and not reasonably calculated to lead to the discovery of admissible evidence.  MGA objects to the request to the extent it is unduly burdensome and oppressive.  In responding, MGA has not and will not comply with any instructions or definitions that seek to impose requirements in addition to those imposed by the Federal Rules of Civil Procedure or any applicable local rule.  MGA reserves the right to object on any ground at any time to such other and supplemental discovery requests as Mattel may propound involving or relating to the same subject matter(s) of the request.  MGA objects to the definitions and instructions to the extent such definitions and instructions purport to enlarge, expand, or alter in any way the plain meaning and scope of any specific term or specific requests on the grounds that such enlargement, expansion or alteration renders such a term or request vague, ambiguous, unintelligible, overly broad, unduly burdensome, uncertain or otherwise open to interpretation.

REASON WHY FURTHER RESPONSE TO REQUEST FOR ADMISSION NO. 6 SHOULD BE COMPELLED:

[34]

Id.

In addition, the Court expressly ruled that the issues surrounding the Larian-

---

[34]  Watson Decl., Ex. 1.

1  O'Connor email remain open for discovery and adjudication going forward. <u>See</u>
2  September 22, 2009 Order at 1-2.[35]   Among other things, this Request is directly
3  relevant to whether Larian committed perjury in his Phase 1 trial testimony.  It is
4  also relevant to the decision to withhold the email, which constitutes the RICO
5  predicate of obstruction of justice.  <u>See</u> <u>United States v. Lench</u>, 806 F.2d 1443, 1445
6  (9th Cir. 1986) (that defendant "failed to provide the information requested and
7  lied" about it "is all that is necessary to obstruct justice").

8         MGA's "vagueness" objection is disingenuous.  MGA knows full well
9  what it means to ask whether the document was "withheld by MGA from production
10 in this litigation to Mattel."  MGA produced an incomplete version of the Larian-
11 O'Connor email and logged it on its privilege log.  Moreover, MGA's current
12 counsel specifically produced the full Larian-O'Connor email as a document it
13 believed had previously been improperly withheld on privilege grounds.  MGA
14 cannot now pretend to be unaware that it withheld this document from production.
15 The Request appropriately seeks the knowledge of both the MGA Parties and their
16 counsel.  A recipient of requests for admission is required to respond informed by
17 the knowledge of its counsel.  <u>Christian v. Janed Enterprises, Inc.</u>, 2009 WL
18 1796074, at *2 (M.D. Ga. June 23, 2009) (party required to answer requests for
19 admission with knowledge in possession of the party and its counsel); <u>Hise v</u>
20 <u>Lockwood Grader Corp.</u>, 153 F Supp 276, 278 (D. Neb. 1957) (plaintiff required to
21 respond to requests for admission with facts only in the possession of counsel).

22        MGA's "legal conclusion" objection fares no better.   The prior
23 Discovery Master repeatedly overruled the exact same "legal conclusion" objections
24 MGA asserts here.  In compelling Bryant to respond to RFAs related to his opinions
25 about the enforceability of his employment contract with Mattel and the copyrights

26

27    [35]   Watson Decl., Ex. 42.

28

1  related to Bratz, the Discovery Master overruled Bryant's privilege and "legal
2  conclusion" objections and ruled that "requests for admission calling for application
3  of law to facts are permissible" and that "[t]he fact that Bryant may need to consult
4  with counsel to respond to the requests does not make the response privileged."[36]
5  Similarly, the Discovery Master compelled MGA to respond to RFAs seeking
6  information about MGA's copyright registrations and the accuracy of MGA's
7  statements to the press, emphasizing that "requests calling for legal conclusions are
8  permissible" so long as they are related to the facts of the case.[37]  The Discovery
9  Master also reiterated that it is immaterial that MGA may need to consult with
10 counsel to answer the RFAs because "[t]o hold otherwise would effectively gut the
11 provisions of Rule 36 authorizing requests that call for the application of law to
12 fact." Id.

13         Even had it not been already overruled, MGA's privilege objection is
14 baseless.  This Request simply asks MGA to admit that it withheld the document on
15 attorney-client privilege grounds.   The question clearly does not implicate the
16 privilege or work product.   It is black letter law that "questions related to the
17 existence of attorney-client communications" are not protected by the privilege.
18 Markwest Hydrocarbon, Inc. v. Liberty Mutual Ins. Co., 2007 WL 1106105, at *4
19 (D. Colo. April 12, 2007); see also New Jersey v. Sprint Corp., 2009 WL 1917412,
20 at *18 (D. Kan. July 2, 2009) ("Questions regarding the existence, extent, or waiver
21 of an attorney-client privilege or work-product immunity are not themselves
22 privileged or protected");  B.F.G. of Illinois, Inc. v. Ameritech Corp., 2001 WL
23 1414468, at *4 (N.D. Ill. Nov. 13, 2001) ("plaintiffs' counsel's proper questions
24 regarding foundational facts going to the assertion of privilege were improperly
25 objected to and the witness instructed not to answer"); Malletier v. Dooney &
26

27 ───────────────
   [36]  Discovery Master Order, dated August 20, 2007, at 6, Watson Decl., Ex. 32.
28

1  Bourke, Inc., 2006 WL 3851150, at *1 (S.D.N.Y. Dec. 18, 2006) (declarations
2  submitted to support claim of privilege were improperly redacted because "plaintiff
3  has effectively eliminated from the declarations much of the basic information that
4  would be required to appear on a privilege log, together with the foundational facts
5  that its adversary would be entitled to discover in order to test a privilege claim.").

6        MGA's objection as to burden and oppression is frivolous.  See A.
7  Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general
8  or boilerplate objections such as 'overly burdensome and harassing' are improper –
9  especially when a party fails to submit any evidentiary declarations supporting such
10  objections").  There is no conceivable burden in admitting a fact MGA has already
11  conceded on the record; and indeed, MGA provides no basis for the burden
12  objection, as required.  See Discovery Master Order No. 17, dated April 14, 2009, at
13  20 (overruling objections not stated with specificity);[38] Jackson v. Montgomery
14  Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) (party claiming a
15  discovery request is "unduly burdensome must allege specific facts which indicate
16  the nature and extent of the burden, usually by affidavit or other reliable evidence");
17  Horsewood v. Kids "R" Us, 1998 WL 526589, at *4 (D. Kan. Aug. 13, 1998)
18  ("Mere assertions by plaintiff of harassment and intimidation provide no evidence of
19  undue burden.");  Bible v. Rio Props., Inc., 246 F.R.D. 614, 618 (C.D. Cal. 2007)
20  ("Contrary to defendant's assertion, the party who resists discovery has the burden to
21  show discovery should not be allowed, and has the burden of clarifying, explaining,
22  and supporting its objections.");  Discovery Master Order No. 46, dated August 14,
23  2009, at 33 ("[T]he party claiming that a discovery request is unduly burdensome
24  must allege specific facts which indicate the nature and extent of the burden, usually

25
26  _____
27  [37]  Discovery Master Order, dated August 21, 2007, at 7, Watson Decl., Ex. 31.
     [38]  Watson Decl., Ex. 37.
28

-33-

1 | by affidavit or other reliable evidence.") (citing <u>Jackson v. Montgomery Ward &</u>
2 | <u>Co., Inc.,</u> 173 F.R.D. 524, 528-29 (D. Nev. 1997)).

3 |    Lastly, MGA objects to "any instructions or definitions that seek to
4 | impose requirements in addition to those imposed by the Federal Rules of Civil
5 | Procedure or any applicable local rule." Mattel's RFAs did not include instructions,
6 | so MGA's boilerplate objection on that ground makes no sense. Nor does MGA
7 | specify which, if any, of the four definitions in Mattel's requests is improper, much
8 | less provide any basis for the objection. Mattel's definitions are proper and MGA's
9 | boilerplate objection should be overruled.

10 |

11 | <u>REQUEST FOR ADMISSION NO. 7:</u>

12 |    Admit that the document attached hereto as Exhibit 1 was withheld by
13 | MGA from production in this litigation to Mattel on work product grounds until
14 | August 21, 2009.

15 |

16 | <u>RESPONSE TO REQUEST FOR ADMISSION NO. 7:</u>

17 |    MGA objects to the request as vague and ambiguous in its use of the
18 | phrase "withheld by MGA from production in this litigation to Mattel." MGA
19 | objects to the request as vague and ambiguous in its use of the phrase "the
20 | document" because "the document" contains a series of emails certain of which were
21 | marked as trial exhibits and, therefore, MGA assumes that "the document" means
22 | any portions of the email that were not marked as a trial exhibit. As such, MGA
23 | objects to the request as it seeks disclosure of information that is protected by the
24 | attorney-client privilege and/or work product doctrine in that any information
25 | regarding the production of Exhibit 1 to the request would be the result of
26 | communications with counsel. MGA objects to the request to the extent it seeks
27 | information not relevant to the claims or defenses of any party to this action and not
28 | reasonably calculated to lead to the discovery of admissible evidence. MGA objects

00505.07975/3180667.1

-34-

1   to the request to the extent it is unduly burdensome and oppressive. In responding,
2   MGA has not and will not comply with any instructions or definitions that seek to
3   impose requirements in addition to those imposed by the Federal Rules of Civil
4   Procedure or any applicable local rule. MGA reserves the right to object on any
5   ground at any time to such other and supplemental discovery requests as Mattel may
6   propound involving or relating to the same subject matter(s) of the request. MGA
7   objects to the definitions and instructions to the extent such definitions and
8   instructions purport to enlarge, expand, or alter in any way the plain meaning and
9   scope of any specific term or specific requests on the grounds that such enlargement,
10  expansion or alteration renders such a term or request vague, ambiguous,
11  unintelligible, overly broad, unduly burdensome, uncertain or otherwise open to
12  interpretation.

13

14  <u>REASON WHY FURTHER RESPONSE TO REQUEST FOR ADMISSION NO. 7</u>
15  <u>SHOULD BE COMPELLED:</u>

16  ███████████████████████████████████████
17  ████████████████████████████████████████████[39]
18  ████████████████████████████████████████████
19  ████████████████████████████████████████████
20  ████████████████████████████████████████  Id.
21  In addition, the Court expressly ruled that the issues surrounding the Larian-
22  O'Connor email remain open for discovery and adjudication going forward. <u>See</u>
23  September 22, 2009 Order at 1-2.[40]  Among other things, this Request is directly
24  relevant to whether Larian committed perjury in his Phase 1 trial testimony. It is
25  also relevant to the decision to withhold the email, which constitutes the RICO

26

27      [39]  Watson Decl., Ex. 1.

28

1   predicate of obstruction of justice.  See United States v. Lench, 806 F.2d 1443, 1445

2   (9th Cir. 1986) (that defendant "failed to provide the information requested and

3   lied" about it "is all that is necessary to obstruct justice").

4           MGA's "vagueness" objection is disingenuous.  MGA knows full well

5   what it means to ask whether the document was "withheld by MGA from production

6   in this litigation to Mattel."  MGA produced an incomplete version of the Larian-

7   O'Connor email and logged it on its privilege log.  Moreover, MGA's current

8   counsel specifically produced the full Larian-O'Connor email as a document it

9   believed had previously been improperly withheld on privilege grounds.  MGA

10  cannot now pretend to be unaware that it withheld this document from production.

11  The Request appropriately seeks the knowledge of both the MGA Parties and their

12  counsel.  A recipient of requests for admission is required to respond informed by

13  the knowledge of its counsel.  Christian v. Janed Enterprises, Inc., 2009 WL

14  1796074, at *2 (M.D. Ga. June 23, 2009) (party required to answer requests for

15  admission with knowledge in possession of the party and its counsel); Hise v

16  Lockwood Grader Corp., 153 F Supp 276, 278 (D. Neb. 1957) (plaintiff required to

17  respond to requests for admission with facts only in the possession of counsel).

18          MGA"s "legal conclusion" objection fares no better.   The prior

19  Discovery Master repeatedly overruled the exact same "legal conclusion" objections

20  MGA asserts here.  In compelling Bryant to respond to RFAs related to his opinions

21  about the enforceability of his employment contract with Mattel and the copyrights

22  related to Bratz, the Discovery Master overruled Bryant's privilege and "legal

23  conclusion" objections and ruled that "requests for admission calling for application

24  of law to facts are permissible" and that "[t]he fact that Bryant may need to consult

25

26

27  [40]   Watson Decl., Ex. 42.

28

1   with counsel to respond to the requests does not make the response privileged."[41]
2   Similarly, the Discovery Master compelled MGA to respond to RFAs seeking
3   information about MGA's copyright registrations and the accuracy of MGA's
4   statements to the press, emphasizing that "requests calling for legal conclusions are
5   permissible" so long as they are related to the facts of the case.[42]   The Discovery
6   Master also reiterated that it is immaterial that MGA may need to consult with
7   counsel to answer the RFAs because "[t]o hold otherwise would effectively gut the
8   provisions of Rule 36 authorizing requests that call for the application of law to
9   fact." Id.

10       Even had it not been already overruled, MGA's privilege objection is
11   baseless. This Request simply asks MGA to admit that it withheld the document on
12   work product grounds.  The question clearly does not implicate the privilege or
13   work product.  MGA produced a privilege log to Mattel and this document was an
14   entry on that privilege log.  It is black letter law that "questions related to the
15   existence of attorney-client communications" are not protected by the privilege.
16   Markwest Hydrocarbon, Inc. v. Liberty Mutual Ins. Co., 2007 WL 1106105, at *4
17   (D. Colo. April 12, 2007); see also New Jersey v. Sprint Corp., 2009 WL 1917412,
18   at *18 (D. Kan. July 2, 2009) ("Questions regarding the existence, extent, or waiver
19   of an attorney-client privilege or work-product immunity are not themselves
20   privileged or protected");  B.F.G. of Illinois, Inc. v. Ameritech Corp., 2001 WL
21   1414468, at *4 (N.D. Ill. Nov. 13, 2001) ("plaintiffs' counsel's proper questions
22   regarding foundational facts going to the assertion of privilege were improperly
23   objected to and the witness instructed not to answer"); Malletier v. Dooney &
24   Bourke, Inc., 2006 WL 3851150, at *1 (S.D.N.Y. Dec. 18, 2006) (declarations
25   submitted to support claim of privilege were improperly redacted because "plaintiff

26

27    [41]   Discovery Master Order, dated August 20, 2007, at 6, Watson Decl., Ex. 32.

28

1 has effectively eliminated from the declarations much of the basic information that

2 would be required to appear on a privilege log, together with the foundational facts

3 that its adversary would be entitled to discover in order to test a privilege claim.").

4          MGA's objection as to burden and oppression is frivolous.  See A.

5 Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general

6 or boilerplate objections such as 'overly burdensome and harassing' are improper –

7 especially when a party fails to submit any evidentiary declarations supporting such

8 objections").  There is no conceivable burden in admitting a fact MGA has already

9 conceded on the record; and indeed, MGA provides no basis for the burden

10 objection, as required.  See Discovery Master Order No. 17, dated April 14, 2009, at

11 20 (overruling objections not stated with specificity);[43] Jackson v. Montgomery

12 Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) (party claiming a

13 discovery request is "unduly burdensome must allege specific facts which indicate

14 the nature and extent of the burden, usually by affidavit or other reliable evidence");

15 Horsewood v. Kids "R" Us, 1998 WL 526589, at *4 (D. Kan. Aug. 13, 1998)

16 ("Mere assertions by plaintiff of harassment and intimidation provide no evidence of

17 undue burden."); Bible v. Rio Props., Inc., 246 F.R.D. 614, 618 (C.D. Cal. 2007)

18 ("Contrary to defendant's assertion, the party who resists discovery has the burden to

19 show discovery should not be allowed, and has the burden of clarifying, explaining,

20 and supporting its objections."); Discovery Master Order No. 46, dated August 14,

21 2009, at 33 ("[T]he party claiming that a discovery request is unduly burdensome

22 must allege specific facts which indicate the nature and extent of the burden, usually

23 by affidavit or other reliable evidence.") (citing Jackson v. Montgomery Ward &

24 Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997)).

25

26 _____

27 [42]   Discovery Master Order, dated August 21, 2007, at 7, Watson Decl., Ex. 31.
    [43]   Watson Decl., Ex. 37.

28

1    Lastly, MGA objects to "any instructions or definitions that seek to
2   impose requirements in addition to those imposed by the Federal Rules of Civil
3   Procedure or any applicable local rule." Mattel's RFAs did not include instructions,
4   so MGA's boilerplate objection on that ground makes no sense. Nor does MGA
5   specify which, if any, of the four definitions in Mattel's requests is improper, much
6   less provide any basis for the objection. Mattel's definitions are proper and MGA's
7   boilerplate objection should be overruled.

8

9   REQUEST FOR ADMISSION NO. 8:

10    Admit that the document attached hereto as Exhibit 1 is protected by
11   attorney-client privilege.

12

13   RESPONSE TO REQUEST FOR ADMISSION NO. 8:

14    MGA objects to the request as vague and ambiguous in its use of the
15   phrase "the document" because "the document" contains a series of emails certain of
16   which were marked as trial exhibits and, therefore, MGA assumes that "the
17   document" means any portions of the email that were not marked as a trial exhibit.
18   As such, MGA objects to the request as it seeks disclosure of information that is
19   protected by the attorney-client privilege and/or work product doctrine in that
20   MGA's knowledge concerning the scope and nature of the attorney-client privilege
21   as applied to Exhibit 1 to the request has been gained by and through
22   communications with its counsel. MGA additionally objects to this request on the
23   grounds that it calls for a legal conclusion. MGA objects to the request to the extent
24   it seeks information not relevant to the claims or defenses of any party to this action
25   and not reasonably calculated to lead to the discovery of admissible evidence. MGA
26   objects to the request to the extent it is unduly burdensome and oppressive. In
27   responding, MGA has not and will not comply with any instructions or definitions
28   that seek to impose requirements in addition to those imposed by the Federal Rules

1   of Civil Procedure or any applicable local rule.  MGA reserves the right to object on
2   any ground at any time to such other and supplemental discovery requests as Mattel
3   may propound involving or relating to the same subject matter(s) of the request.
4   MGA objects to the definitions and instructions to the extent such definitions and
5   instructions purport to enlarge, expand, or alter in any way the plain meaning and
6   scope of any specific term or specific requests on the grounds that such enlargement,
7   expansion or alteration renders such a term or request vague, ambiguous,
8   unintelligible, overly broad, unduly burdensome, uncertain or otherwise open to
9   interpretation.

11  <u>REASON WHY FURTHER RESPONSE TO REQUEST FOR ADMISSION NO. 8</u>
12  <u>SHOULD BE COMPELLED</u>:

14  [redacted].[44]

17  [redacted] Id.
18  In addition, the Court expressly ruled that the issues surrounding the Larian-
19  O'Connor email remain open for discovery and adjudication going forward.  <u>See</u>
20  September 22, 2009 Order at 1-2.[45]  Among other things, this Request is directly
21  relevant to whether Larian committed perjury in his Phase 1 trial testimony.  It is
22  also relevant to the decision to withhold the email, which constitutes the RICO
23  predicate of obstruction of justice.  <u>See</u> <u>United States v. Lench</u>, 806 F.2d 1443, 1445
24  (9th Cir. 1986) (that defendant "failed to provide the information requested and
25  lied" about it "is all that is necessary to obstruct justice").

---

[44]   Watson Decl., Ex. 1.

1   MGA"'s "legal conclusion" objection fares no better.   The prior
2   Discovery Master repeatedly overruled the exact same "legal conclusion" objections
3   MGA asserts here.   In compelling Bryant to respond to RFAs related to his opinions
4   about the enforceability of his employment contract with Mattel and the copyrights
5   related to Bratz, the Discovery Master overruled Bryant's privilege and "legal
6   conclusion" objections and ruled that "requests for admission calling for application
7   of law to facts are permissible" and that "[t]he fact that Bryant may need to consult
8   with counsel to respond to the requests does not make the response privileged."[46]
9   Similarly, the Discovery Master compelled MGA to respond to RFAs seeking
10   information about MGA's copyright registrations and the accuracy of MGA's
11   statements to the press, emphasizing that "requests calling for legal conclusions are
12   permissible" so long as they are related to the facts of the case.[47]   The Discovery
13   Master also reiterated that it is immaterial that MGA may need to consult with
14   counsel to answer the RFAs because "[t]o hold otherwise would effectively gut the
15   provisions of Rule 36 authorizing requests that call for the application of law to
16   fact."   Id.

17   Even had it not been already overruled, MGA's privilege objection is
18   baseless.   This Request simply asks MGA to admit that the document is protected by
19   attorney client privilege.   The question clearly does not implicate the privilege or
20   work product.   MGA placed the document on its privilege log, and Mattel is entitled
21   to know whether MGA actually believes the document to be privileged or not.   It is
22   black letter law that "questions related to the existence of attorney-client
23   communications" are not protected by the privilege.   Markwest Hydrocarbon, Inc. v.
24   Liberty Mutual Ins. Co., 2007 WL 1106105, at *4 (D. Colo. April 12, 2007); see

---

26   [45]   Watson Decl., Ex. 42.
27   [46]   Discovery Master Order, dated August 20, 2007, at 6, Watson Decl., Ex. 32.
     [47]   Discovery Master Order, dated August 21, 2007, at 7, Watson Decl., Ex. 31.

28

also New Jersey v. Sprint Corp., 2009 WL 1917412, at *18 (D. Kan. July 2, 2009) ("Questions regarding the existence, extent, or waiver of an attorney-client privilege or work-product immunity are not themselves privileged or protected"); B.F.G. of Illinois, Inc. v. Ameritech Corp., 2001 WL 1414468, at *4 (N.D. Ill. Nov. 13, 2001) ("plaintiffs' counsel's proper questions regarding foundational facts going to the assertion of privilege were improperly objected to and the witness instructed not to answer"); Malletier v. Dooney & Bourke, Inc., 2006 WL 3851150, at *1 (S.D.N.Y. Dec. 18, 2006) (declarations submitted to support claim of privilege were improperly redacted because "plaintiff has effectively eliminated from the declarations much of the basic information that would be required to appear on a privilege log, together with the foundational facts that its adversary would be entitled to discover in order to test a privilege claim.").

MGA's objection as to burden and oppression is frivolous. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections"). There is no conceivable burden in admitting a fact MGA has already conceded on the record; and indeed, MGA provides no basis for the burden objection, as required. See Discovery Master Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity);[48] Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) (party claiming a discovery request is "unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence"); Horsewood v. Kids "R" Us, 1998 WL 526589, at *4 (D. Kan. Aug. 13, 1998) ("Mere assertions by plaintiff of harassment and intimidation provide no evidence of

---

[48]   Watson Decl., Ex. 37.

1  undue burden."); <u>Bible v. Rio Props., Inc.</u>, 246 F.R.D. 614, 618 (C.D. Cal. 2007)

2  ("Contrary to defendant's assertion, the party who resists discovery has the burden to

3  show discovery should not be allowed, and has the burden of clarifying, explaining,

4  and supporting its objections."); Discovery Master Order No. 46, dated August 14,

5  2009, at 33 ("[T]he party claiming that a discovery request is unduly burdensome

6  must allege specific facts which indicate the nature and extent of the burden, usually

7  by affidavit or other reliable evidence.") (citing <u>Jackson v. Montgomery Ward &</u>

8  <u>Co., Inc.</u>, 173 F.R.D. 524, 528-29 (D. Nev. 1997)).

9          Lastly, MGA objects to "any instructions or definitions that seek to

10  impose requirements in addition to those imposed by the Federal Rules of Civil

11  Procedure or any applicable local rule."  Mattel's RFAs did not include instructions,

12  so MGA's boilerplate objection on that ground makes no sense.  Nor does MGA

13  specify which, if any, of the four definitions in Mattel's requests is improper, much

14  less provide any basis for the objection.  Mattel's definitions are proper and MGA's

15  boilerplate objection should be overruled.

16

17  <u>REQUEST FOR ADMISSION NO. 9</u>:

18          Admit that the document attached hereto as Exhibit 1 is protected by

19  the work product doctrine.

20

21  <u>RESPONSE TO REQUEST FOR ADMISSION NO. 9</u>:

22          MGA objects to the request as vague and ambiguous in its use of the

23  phrase "the document" because "the document" contains a series of emails certain of

24  which were marked as trial exhibits and, therefore, MGA assumes that "the

25  document" means any portions of the email that were not marked as a trial exhibit.

26  As such, MGA objects to the request as it seeks disclosure of information that is

27  protected by the attorney-client privilege and/or work product doctrine in that

28  MGA's knowledge concerning the scope and nature of the work product doctrine as

00505.07975/3180667.1

-43-

1  applied to Exhibit 1 to the request has been gained by and through communications

2  with its counsel.  MGA additionally objects to this request on the grounds that it

3  calls for a legal conclusion.  MGA objects to the request to the extent it seeks

4  information not relevant to the claims or defenses of any party to this action and not

5  reasonably calculated to lead to the discovery of admissible evidence.  MGA objects

6  to the request to the extent it is unduly burdensome and oppressive.  In responding,

7  MGA has not and will not comply with any instructions or definitions that seek to

8  impose requirements in addition to those imposed by the Federal Rules of Civil

9  Procedure or any applicable local rule.  MGA reserves the right to object on any

10  ground at any time to such other and supplemental discovery requests as Mattel may

11  propound involving or relating to the same subject matter(s) of the request.  MGA

12  objects to the definitions and instructions to the extent such definitions and

13  instructions purport to enlarge, expand, or alter in any way the plain meaning and

14  scope of any specific term or specific requests on the grounds that such enlargement,

15  expansion or alteration renders such a term or request vague, ambiguous,

16  unintelligible, overly broad, unduly burdensome, uncertain or otherwise open to

17  interpretation.

18

19  REASON WHY FURTHER RESPONSE TO REQUEST FOR ADMISSION NO. 9

20  SHOULD BE COMPELLED:



[49]

Id.

49  Watson Decl., Ex. 1.

1    In addition, the Court expressly ruled that the issues surrounding the Larian-
2    O'Connor email remain open for discovery and adjudication going forward. <u>See</u>
3    September 22, 2009 Order at 1-2.[50]   Among other things, this Request is directly
4    relevant to whether Larian committed perjury in his Phase 1 trial testimony.  It is
5    also relevant to the decision to withhold the email, which constitutes the RICO
6    predicate of obstruction of justice. <u>See</u> <u>United States v. Lench</u>, 806 F.2d 1443, 1445
7    (9th Cir. 1986) (that defendant "failed to provide the information requested and
8    lied" about it "is all that is necessary to obstruct justice").

9          MGA"s "legal conclusion" objection fares no better.  The prior
10   Discovery Master repeatedly overruled the exact same "legal conclusion" objections
11   MGA asserts here.  In compelling Bryant to respond to RFAs related to his opinions
12   about the enforceability of his employment contract with Mattel and the copyrights
13   related to Bratz, the Discovery Master overruled Bryant's privilege and "legal
14   conclusion" objections and ruled that "requests for admission calling for application
15   of law to facts are permissible" and that "[t]he fact that Bryant may need to consult
16   with counsel to respond to the requests does not make the response privileged."[51]
17   Similarly, the Discovery Master compelled MGA to respond to RFAs seeking
18   information about MGA's copyright registrations and the accuracy of MGA's
19   statements to the press, emphasizing that "requests calling for legal conclusions are
20   permissible" so long as they are related to the facts of the case.[52]   The Discovery
21   Master also reiterated that it is immaterial that MGA may need to consult with
22   counsel to answer the RFAs because "[t]o hold otherwise would effectively gut the
23   provisions of Rule 36 authorizing requests that call for the application of law to
24   fact." <u>Id.</u>

---

26   [50]  Watson Decl., Ex. 42.
27   [51]  Discovery Master Order, dated August 20, 2007, at 6, Watson Decl., Ex. 32.
     [52]  Discovery Master Order, dated August 21, 2007, at 7, Watson Decl., Ex. 31.

1    Even had it not been already overruled, MGA's privilege objection is
2  baseless.  This Request simply asks MGA to admit that the document is protected by
3  the work product doctrine.  The question clearly does not implicate the privilege or
4  work product.  MGA placed the document on its privilege log, and Mattel is entitled
5  to know whether MGA actually believes the document is protected by work product.
6  It is black letter law that "questions related to the existence of attorney-client
7  communications" are not protected by the privilege.  Markwest Hydrocarbon, Inc. v.
8  Liberty Mutual Ins. Co., 2007 WL 1106105, at *4 (D. Colo. April 12, 2007); see
9  also New Jersey v. Sprint Corp., 2009 WL 1917412, at *18 (D. Kan. July 2, 2009)
10  ("Questions regarding the existence, extent, or waiver of an attorney-client privilege
11  or work-product immunity are not themselves privileged or protected"); B.F.G. of
12  Illinois, Inc. v. Ameritech Corp., 2001 WL 1414468, at *4 (N.D. Ill. Nov. 13, 2001)
13  ("plaintiffs' counsel's proper questions regarding foundational facts going to the
14  assertion of privilege were improperly objected to and the witness instructed not to
15  answer"); Malletier v. Dooney & Bourke, Inc., 2006 WL 3851150, at *1 (S.D.N.Y.
16  Dec. 18, 2006) (declarations submitted to support claim of privilege were
17  improperly redacted because "plaintiff has effectively eliminated from the
18  declarations much of the basic information that would be required to appear on a
19  privilege log, together with the foundational facts that its adversary would be
20  entitled to discover in order to test a privilege claim.").

21    MGA's objection as to burden and oppression is frivolous.  See A.
22  Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general
23  or boilerplate objections such as 'overly burdensome and harassing' are improper –
24  especially when a party fails to submit any evidentiary declarations supporting such
25  objections").  There is no conceivable burden in admitting a fact MGA has already
26  conceded on the record; and indeed, MGA provides no basis for the burden
27
28

objection, as required. <u>See</u> Discovery Master Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity);[53] <u>Jackson v. Montgomery Ward & Co., Inc.</u>, 173 F.R.D. 524, 528-29 (D. Nev. 1997) (party claiming a discovery request is "unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence"); <u>Horsewood v. Kids "R" Us</u>, 1998 WL 526589, at *4 (D. Kan. Aug. 13, 1998) ("Mere assertions by plaintiff of harassment and intimidation provide no evidence of undue burden."); <u>Bible v. Rio Props., Inc.</u>, 246 F.R.D. 614, 618 (C.D. Cal. 2007) ("Contrary to defendant's assertion, the party who resists discovery has the burden to show discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections."); Discovery Master Order No. 46, dated August 14, 2009, at 33 ("[T]he party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence.") (citing <u>Jackson v. Montgomery Ward & Co., Inc.</u>, 173 F.R.D. 524, 528-29 (D. Nev. 1997)).

Lastly, MGA objects to "any instructions or definitions that seek to impose requirements in addition to those imposed by the Federal Rules of Civil Procedure or any applicable local rule." Mattel's RFAs did not include instructions, so MGA's boilerplate objection on that ground makes no sense. Nor does MGA specify which, if any, of the four definitions in Mattel's requests is improper, much less provide any basis for the objection. Mattel's definitions are proper and MGA's boilerplate objection should be overruled.

---

[53]   Watson Decl., Ex. 37.

1  REQUEST FOR ADMISSION NO. 10:

2          Admit that the document attached hereto as Exhibit 1 is not protected

3  by attorney-client privilege.

4

5  RESPONSE TO REQUEST FOR ADMISSION NO. 10:

6          MGA objects to the request as vague and ambiguous in its use of the

7  phrase "the document" because "the document" contains a series of emails certain of

8  which were marked as trial exhibits and, therefore, MGA assumes that "the

9  document" means any portions of the email that were not marked as a trial exhibit.

10  As such, MGA objects to the request as it seeks disclosure of information that is

11  protected by the attorney-client privilege and/or work product doctrine in that

12  MGA's knowledge concerning the scope and nature of the attorney-client privilege

13  as applied to Exhibit 1 to the request has been gained by and through

14  communications with its counsel.  MGA additionally objects to this request on the

15  grounds that it calls for a legal conclusion.  MGA objects to the request to the extent

16  it seeks information not relevant to the claims or defenses of any party to this action

17  and not reasonably calculated to lead to the discovery of admissible evidence.  MGA

18  objects to the request to the extent it is unduly burdensome and oppressive.  In

19  responding, MGA has not and will not comply with any instructions or definitions

20  that seek to impose requirements in addition to those imposed by the Federal Rules

21  of Civil Procedure or any applicable local rule.  MGA reserves the right to object on

22  any ground at any time to such other and supplemental discovery requests as Mattel

23  may propound involving or relating to the same subject matter(s) of the request.

24  MGA objects to the definitions and instructions to the extent such definitions and

25  instructions purport to enlarge, expand, or alter in any way the plain meaning and

26  scope of any specific term or specific requests on the grounds that such enlargement,

27  expansion or alteration renders such a term or request vague, ambiguous,

28

1  unintelligible, overly broad, unduly burdensome, uncertain or otherwise open to
2  interpretation.

3

4  REASON WHY FURTHER RESPONSE TO REQUEST FOR ADMISSION NO.
5  10 SHOULD BE COMPELLED:

6  ████████████████████████████████████████████
7  █████████████████████████████████████████████████[54].
8  █████████████████████████████████████████████████
9  █████████████████████████████████████████████████
10 ████████████████████████████████████████  Id.
11 In addition, the Court expressly ruled that the issues surrounding the Larian-
12 O'Connor email remain open for discovery and adjudication going forward.  See
13 September 22, 2009 Order at 1-2.[55]  Among other things, this Request is directly
14 relevant to whether Larian committed perjury in his Phase 1 trial testimony.  It is
15 also relevant to the decision to withhold the email, which constitutes the RICO
16 predicate of obstruction of justice. See United States v. Lench, 806 F.2d 1443, 1445
17 (9th Cir. 1986) (that defendant "failed to provide the information requested and
18 lied" about it "is all that is necessary to obstruct justice").

19        MGA's "legal conclusion" objection fares no better.    The prior
20 Discovery Master repeatedly overruled the exact same "legal conclusion" objections
21 MGA asserts here.  In compelling Bryant to respond to RFAs related to his opinions
22 about the enforceability of his employment contract with Mattel and the copyrights
23 related to Bratz, the Discovery Master overruled Bryant's privilege and "legal
24 conclusion" objections and ruled that "requests for admission calling for application
25 of law to facts are permissible" and that "[t]he fact that Bryant may need to consult

26

27  ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
    [54]  Watson Decl., Ex. 1.
28

1  with counsel to respond to the requests does not make the response privileged."[56]
2  Similarly, the Discovery Master compelled MGA to respond to RFAs seeking
3  information about MGA's copyright registrations and the accuracy of MGA's
4  statements to the press, emphasizing that "requests calling for legal conclusions are
5  permissible" so long as they are related to the facts of the case.[57] The Discovery
6  Master also reiterated that it is immaterial that MGA may need to consult with
7  counsel to answer the RFAs because "[t]o hold otherwise would effectively gut the
8  provisions of Rule 36 authorizing requests that call for the application of law to
9  fact." Id.

10         Even had it not been already overruled, MGA's privilege objection is
11  baseless. This Request simply asks MGA to admit that the document is not
12  protected by the attorney-client privilege. The question clearly does not implicate
13  the privilege or work product. MGA placed the document on its privilege log, and
14  Mattel is entitled to know whether MGA actually believes the document is protected
15  by privilege. It is black letter law that "questions related to the existence of
16  attorney-client communications" are not protected by the privilege. Markwest
17  Hydrocarbon, Inc. v. Liberty Mutual Ins. Co., 2007 WL 1106105, at *4 (D. Colo.
18  April 12, 2007); see also New Jersey v. Sprint Corp., 2009 WL 1917412, at *18 (D.
19  Kan. July 2, 2009) ("Questions regarding the existence, extent, or waiver of an
20  attorney-client privilege or work-product immunity are not themselves privileged or
21  protected"); B.F.G. of Illinois, Inc. v. Ameritech Corp., 2001 WL 1414468, at *4
22  (N.D. Ill. Nov. 13, 2001) ("plaintiffs' counsel's proper questions regarding
23  foundational facts going to the assertion of privilege were improperly objected to
24  and the witness instructed not to answer"); Malletier v. Dooney & Bourke, Inc.,

25  ──────────────

26  [55]  Watson Decl., Ex. 42.
27  [56]  Discovery Master Order, dated August 20, 2007, at 6, Watson Decl., Ex. 32.
       [57]  Discovery Master Order, dated August 21, 2007, at 7, Watson Decl., Ex. 31.
28

2006 WL 3851150, at *1 (S.D.N.Y. Dec. 18, 2006) (declarations submitted to support claim of privilege were improperly redacted because "plaintiff has effectively eliminated from the declarations much of the basic information that would be required to appear on a privilege log, together with the foundational facts that its adversary would be entitled to discover in order to test a privilege claim.").

MGA has already conceded the fact sought by this Request. ███████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████"[58]   MGA cannot concede facts to the Court for the purposes of avoiding sanctions, then refuse to admit them for purposes of discovery.

MGA's objection as to burden and oppression is frivolous.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections").  There is no conceivable burden in admitting a fact MGA has already conceded on the record; and indeed, MGA provides no basis for the burden objection, as required.  See Discovery Master Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity);[59] Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) (party claiming a discovery request is "unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence"); Horsewood v. Kids "R" Us, 1998 WL 526589, at *4 (D. Kan. Aug. 13, 1998) ("Mere assertions by plaintiff of harassment and intimidation provide no evidence of undue burden."); Bible v. Rio Props., Inc., 246 F.R.D. 614, 618 (C.D. Cal. 2007)

---

[58]   Sealed Hearing Tr. at 4:19-24; 8:17-9:11; 11:14-22, Watson Decl., Ex. 27.

1  ("Contrary to defendant's assertion, the party who resists discovery has the burden to
2  show discovery should not be allowed, and has the burden of clarifying, explaining,
3  and supporting its objections."); Discovery Master Order No. 46, dated August 14,
4  2009, at 33 ("[T]he party claiming that a discovery request is unduly burdensome
5  must allege specific facts which indicate the nature and extent of the burden, usually
6  by affidavit or other reliable evidence.") (citing Jackson v. Montgomery Ward &
7  Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997)).

8       Lastly, MGA objects to "any instructions or definitions that seek to
9  impose requirements in addition to those imposed by the Federal Rules of Civil
10 Procedure or any applicable local rule."  Mattel's RFAs did not include instructions,
11 so MGA's boilerplate objection on that ground makes no sense.  Nor does MGA
12 specify which, if any, of the four definitions in Mattel's requests is improper, much
13 less provide any basis for the objection.  Mattel's definitions are proper and MGA's
14 boilerplate objection should be overruled.

15

16 REQUEST FOR ADMISSION NO. 11:

17      Admit that the document attached hereto as Exhibit 1 is not protected
18 by work product doctrine.

19

20 RESPONSE TO REQUEST FOR ADMISSION NO. 11:

21      MGA objects to the request as vague and ambiguous in its use of the
22 phrase "the document" because "the document" contains a series of emails certain of
23 which were marked as trial exhibits and, therefore, MGA assumes that "the
24 document" means any portions of the email that were not marked as a trial exhibit.
25 As such, MGA objects to the request as it seeks disclosure of information that is

26

27      [59]  Watson Decl., Ex. 37.

28

1 | protected by the attorney-client privilege and/or work product doctrine in that

2 | MGA's knowledge concerning the scope and nature of the work product doctrine as

3 | applied to Exhibit 1 to the request has been gained by and through communications

4 | with its counsel.  MGA additionally objects to this request on the grounds that it

5 | calls for a legal conclusion.  MGA objects to the request to the extent it seeks

6 | information not relevant to the claims or defenses of any party to this action and not

7 | reasonably calculated to lead to the discovery of admissible evidence.  MGA objects

8 | to the request to the extent it is unduly burdensome and oppressive.  In responding,

9 | MGA has not and will not comply with any instructions or definitions that seek to

10 | impose requirements in addition to those imposed by the Federal Rules of Civil

11 | Procedure or any applicable local rule.  MGA reserves the right to object on any

12 | ground at any time to such other and supplemental discovery requests as Mattel may

13 | propound involving or relating to the same subject matter(s) of the request.  MGA

14 | objects to the definitions and instructions to the extent such definitions and

15 | instructions purport to enlarge, expand, or alter in any way the plain meaning and

16 | scope of any specific term or specific requests on the grounds that such enlargement,

17 | expansion or alteration renders such a term or request vague, ambiguous,

18 | unintelligible, overly broad, unduly burdensome, uncertain or otherwise open to

19 | interpretation.

21 | <u>REASON WHY FURTHER RESPONSE TO REQUEST FOR ADMISSION NO.</u>

22 | <u>11 SHOULD BE COMPELLED:</u>

[60]

---

[60]  Watson Decl., Ex. 1.

1 ██████████████████████████████████████████

2 ████████████████████████████████████████    Id.

3 In addition, the Court expressly ruled that the issues surrounding the Larian-

4 O'Connor email remain open for discovery and adjudication going forward. See

5 September 22, 2009 Order at 1-2.[61]   Among other things, this Request is directly

6 relevant to whether Larian committed perjury in his Phase 1 trial testimony. It is

7 also relevant to the decision to withhold the email, which constitutes the RICO

8 predicate of obstruction of justice. See United States v. Lench, 806 F.2d 1443, 1445

9 (9th Cir. 1986) (that defendant "failed to provide the information requested and

10 lied" about it "is all that is necessary to obstruct justice").

11            MGA"s "legal conclusion" objection fares no better.   The prior

12 Discovery Master repeatedly overruled the exact same "legal conclusion" objections

13 MGA asserts here. In compelling Bryant to respond to RFAs related to his opinions

14 about the enforceability of his employment contract with Mattel and the copyrights

15 related to Bratz, the Discovery Master overruled Bryant's privilege and "legal

16 conclusion" objections and ruled that "requests for admission calling for application

17 of law to facts are permissible" and that "[t]he fact that Bryant may need to consult

18 with counsel to respond to the requests does not make the response privileged."[62]

19 Similarly, the Discovery Master compelled MGA to respond to RFAs seeking

20 information about MGA's copyright registrations and the accuracy of MGA's

21 statements to the press, emphasizing that "requests calling for legal conclusions are

22 permissible" so long as they are related to the facts of the case.[63]   The Discovery

23 Master also reiterated that it is immaterial that MGA may need to consult with

24 counsel to answer the RFAs because "[t]o hold otherwise would effectively gut the

25 _____

26    [61]  Watson Decl., Ex. 42.

27    [62]  Discovery Master Order, dated August 20, 2007, at 6, Watson Decl., Ex. 32.
       [63]  Discovery Master Order, dated August 21, 2007, at 7, Watson Decl., Ex. 31.

28

00505.07975/3180667.1

1  provisions of Rule 36 authorizing requests that call for the application of law to
2  fact." Id.

3          Even had it not been already overruled, MGA's privilege objection is
4  baseless.   This Request simply asks MGA to admit that the document is not
5  protected by the work product doctrine.  The question clearly does not implicate the
6  privilege or work product.  MGA placed the document on its privilege log, and
7  Mattel is entitled to know whether MGA actually believes the document is protected
8  by work product.  It is black letter law that "questions related to the existence of
9  attorney-client communications" are not protected by the privilege.   Markwest
10 Hydrocarbon, Inc. v. Liberty Mutual Ins. Co., 2007 WL 1106105, at *4 (D. Colo.
11 April 12, 2007); see also New Jersey v. Sprint Corp., 2009 WL 1917412, at *18 (D.
12 Kan. July 2, 2009) ("Questions regarding the existence, extent, or waiver of an
13 attorney-client privilege or work-product immunity are not themselves privileged or
14 protected");  B.F.G. of Illinois, Inc. v. Ameritech Corp., 2001 WL 1414468, at *4
15 (N.D. Ill. Nov. 13, 2001) ("plaintiffs' counsel's proper questions regarding
16 foundational facts going to the assertion of privilege were improperly objected to
17 and the witness instructed not to answer"); Malletier v. Dooney & Bourke, Inc.,
18 2006 WL 3851150, at *1 (S.D.N.Y. Dec. 18, 2006) (declarations submitted to
19 support claim of privilege were improperly redacted because "plaintiff has
20 effectively eliminated from the declarations much of the basic information that
21 would be required to appear on a privilege log, together with the foundational facts
22 that its adversary would be entitled to discover in order to test a privilege claim.").

23          MGA has already conceded the fact sought by this Request.  ███
24 ████████████████████████████████████████████
25 ████████████████████████████████████████████
26
27
28

00505.07975/3180667.1

STATEMENT ISO MATTEL'S MOTION TO COMPEL MGA'S RESPONSE TO RFAS

1   ██████████████████████████████████████████"[64]   MGA

2   cannot concede facts to the Court for the purposes of avoiding sanctions, then refuse

3   to admit them for purposes of discovery.

4            MGA's objection as to burden and oppression is frivolous.   See A.

5   Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general

6   or boilerplate objections such as 'overly burdensome and harassing' are improper –

7   especially when a party fails to submit any evidentiary declarations supporting such

8   objections").  There is no conceivable burden in admitting a fact MGA has already

9   conceded on the record; and indeed, MGA provides no basis for the burden

10  objection, as required. See Discovery Master Order No. 17, dated April 14, 2009, at

11  20 (overruling objections not stated with specificity);[65] Jackson v. Montgomery

12  Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) (party claiming a

13  discovery request is "unduly burdensome must allege specific facts which indicate

14  the nature and extent of the burden, usually by affidavit or other reliable evidence");

15  Horsewood v. Kids "R" Us, 1998 WL 526589, at *4 (D. Kan. Aug. 13, 1998)

16  ("Mere assertions by plaintiff of harassment and intimidation provide no evidence of

17  undue burden."); Bible v. Rio Props., Inc., 246 F.R.D. 614, 618 (C.D. Cal. 2007)

18  ("Contrary to defendant's assertion, the party who resists discovery has the burden to

19  show discovery should not be allowed, and has the burden of clarifying, explaining,

20  and supporting its objections."); Discovery Master Order No. 46, dated August 14,

21  2009, at 33 ("[T]he party claiming that a discovery request is unduly burdensome

22  must allege specific facts which indicate the nature and extent of the burden, usually

23  by affidavit or other reliable evidence.") (citing Jackson v. Montgomery Ward &

24  Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997)).

25

26  _____

27  [64]  Sealed Hearing Tr. at 4:19-24; 8:17-9:11; 11:14-22, Watson Decl., Ex. 27.
    [65]  Watson Decl., Ex. 37.

28

1    Lastly, MGA objects to "any instructions or definitions that seek to
2   impose requirements in addition to those imposed by the Federal Rules of Civil
3   Procedure or any applicable local rule." Mattel's RFAs did not include instructions,
4   so MGA's boilerplate objection on that ground makes no sense. Nor does MGA
5   specify which, if any, of the four definitions in Mattel's requests is improper, much
6   less provide any basis for the objection. Mattel's definitions are proper and MGA's
7   boilerplate objection should be overruled.

8

9   REQUEST FOR ADMISSION NO. 12:

10    Admit that the document attached hereto as Exhibit 1 never was
11   protected by attorney-client privilege.

12

13   RESPONSE TO REQUEST FOR ADMISSION NO. 12:

14    MGA objects to the request as vague and ambiguous in its use of the
15   phrase "the document" because "the document" contains a series of emails certain of
16   which were marked as trial exhibits and, therefore, MGA assumes that "the
17   document" means any portions of the email that were not marked as a trial exhibit.
18   As such, MGA objects to the request as it seeks disclosure of information that is
19   protected by the attorney-client privilege and/or work product doctrine in that
20   MGA's knowledge concerning the scope and nature of the attorney-client privilege
21   as applied to Exhibit 1 to the request has been gained by and through
22   communications with its counsel. MGA additionally objects to this request on the
23   grounds that it calls for a legal conclusion. MGA objects to the request to the extent
24   it seeks information not relevant to the claims or defenses of any party to this action
25   and not reasonably calculated to lead to the discovery of admissible evidence. MGA
26   objects to the request to the extent it is unduly burdensome and oppressive. In
27   responding, MGA has not and will not comply with any instructions or definitions
28   that seek to impose requirements in addition to those imposed by the Federal Rules

1   of Civil Procedure or any applicable local rule.  MGA reserves the right to object on
2   any ground at any time to such other and supplemental discovery requests as Mattel
3   may propound involving or relating to the same subject matter(s) of the request.
4   MGA objects to the definitions and instructions to the extent such definitions and
5   instructions purport to enlarge, expand, or alter in any way the plain meaning and
6   scope of any specific term or specific requests on the grounds that such enlargement,
7   expansion or alteration renders such a term or request vague, ambiguous,
8   unintelligible, overly broad, unduly burdensome, uncertain or otherwise open to
9   interpretation.

11  REASON WHY FURTHER RESPONSE TO REQUEST FOR ADMISSION NO.
12  12 SHOULD BE COMPELLED:

14                                                                                    [66].

17                                                                                    Id.
18  In addition, the Court expressly ruled that the issues surrounding the Larian-
19  O'Connor email remain open for discovery and adjudication going forward.  See
20  September 22, 2009 Order at 1-2.[67]   Among other things, this Request is directly
21  relevant to whether Larian committed perjury in his Phase 1 trial testimony.  It is
22  also relevant to the decision to withhold the email, which constitutes the RICO
23  predicate of obstruction of justice.  See United States v. Lench, 806 F.2d 1443, 1445
24  (9th Cir. 1986) (that defendant "failed to provide the information requested and
25  lied" about it "is all that is necessary to obstruct justice").

---

[66]   Watson Decl., Ex. 1.

-58-

1           MGA"s "legal conclusion" objection fares no better.   The prior
2  Discovery Master repeatedly overruled the exact same "legal conclusion" objections
3  MGA asserts here.  In compelling Bryant to respond to RFAs related to his opinions
4  about the enforceability of his employment contract with Mattel and the copyrights
5  related to Bratz, the Discovery Master overruled Bryant's privilege and "legal
6  conclusion" objections and ruled that "requests for admission calling for application
7  of law to facts are permissible" and that "[t]he fact that Bryant may need to consult
8  with counsel to respond to the requests does not make the response privileged."[68]
9  Similarly, the Discovery Master compelled MGA to respond to RFAs seeking
10  information about MGA's copyright registrations and the accuracy of MGA's
11  statements to the press, emphasizing that "requests calling for legal conclusions are
12  permissible" so long as they are related to the facts of the case.[69]  The Discovery
13  Master also reiterated that it is immaterial that MGA may need to consult with
14  counsel to answer the RFAs because "[t]o hold otherwise would effectively gut the
15  provisions of Rule 36 authorizing requests that call for the application of law to
16  fact."  Id.

17           Even had it not been already overruled, MGA's privilege objection is
18  baseless.  This Request simply asks MGA to admit that the document was never
19  protected by the attorney client privilege.   MGA placed the document on its
20  privilege log; if it did so without believing the document was  protected work
21  product, Mattel is entitled to know that.  On the other hand, if MGA believed then
22  that the document was privileged, that goes directly to crime-fraud and waiver
23  issues, as well as issues regarding Larian's perjury at trial and MGA's obstruction of
24  justice.  It is black letter law that "questions related to the existence of attorney-

---

26  [67]  Watson Decl., Ex. 42.
27  [68]  Discovery Master Order, dated August 20, 2007, at 6, Watson Decl., Ex. 32.
      [69]  Discovery Master Order, dated August 21, 2007, at 7, Watson Decl., Ex. 31.

1  client communications" are not protected by the privilege.  Markwest Hydrocarbon,

2  Inc. v. Liberty Mutual Ins. Co., 2007 WL 1106105, at *4 (D. Colo. April 12, 2007);

3  see also New Jersey v. Sprint Corp., 2009 WL 1917412, at *18 (D. Kan. July 2,

4  2009) ("Questions regarding the existence, extent, or waiver of an attorney-client

5  privilege or work-product immunity are not themselves privileged or protected");

6  B.F.G. of Illinois, Inc. v. Ameritech Corp., 2001 WL 1414468, at *4 (N.D. Ill. Nov.

7  13, 2001) ("plaintiffs' counsel's proper questions regarding foundational facts going

8  to the assertion of privilege were improperly objected to and the witness instructed

9  not to answer");  Malletier v. Dooney & Bourke, Inc., 2006 WL 3851150, at *1

10  (S.D.N.Y. Dec. 18, 2006) (declarations submitted to support claim of privilege were

11  improperly  redacted  because  "plaintiff  has  effectively  eliminated  from  the

12  declarations  much  of  the  basic  information  that  would  be  required  to  appear  on  a

13  privilege  log,  together  with  the  foundational  facts  that  its  adversary  would  be

14  entitled to discover in order to test a privilege claim.").

15         MGA has already conceded the fact sought by this Request.  ██████

16  ████████████████████████████████████████████████

17  ████████████████████████████████████████████████

18  ████████████████████████████████████████████"[70]   MGA

19  cannot concede facts to the Court for the purposes of avoiding sanctions, then refuse

20  to admit them for purposes of discovery.

21         MGA's objection as to burden and oppression is frivolous.  See A.

22  Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general

23  or boilerplate objections such as 'overly burdensome and harassing' are improper –

24  especially when a party fails to submit any evidentiary declarations supporting such

25  objections").  There is no conceivable burden in admitting a fact MGA has already

26

27  [70]   Sealed Hearing Tr. at 4:19-24; 8:17-9:11; 11:14-22, Watson Decl., Ex. 27.

28

00505.07975/3180667.1

1   conceded on the record; and indeed, MGA provides no basis for the burden

2   objection, as required. <u>See</u> Discovery Master Order No. 17, dated April 14, 2009, at

3   20 (overruling objections not stated with specificity);[71] <u>Jackson v. Montgomery</u>

4   <u>Ward & Co., Inc.</u>, 173 F.R.D. 524, 528-29 (D. Nev. 1997) (party claiming a

5   discovery request is "unduly burdensome must allege specific facts which indicate

6   the nature and extent of the burden, usually by affidavit or other reliable evidence");

7   <u>Horsewood v. Kids "R" Us</u>, 1998 WL 526589, at *4 (D. Kan. Aug. 13, 1998)

8   ("Mere assertions by plaintiff of harassment and intimidation provide no evidence of

9   undue burden."); <u>Bible v. Rio Props., Inc.</u>, 246 F.R.D. 614, 618 (C.D. Cal. 2007)

10   ("Contrary to defendant's assertion, the party who resists discovery has the burden to

11   show discovery should not be allowed, and has the burden of clarifying, explaining,

12   and supporting its objections."); Discovery Master Order No. 46, dated August 14,

13   2009, at 33 ("[T]he party claiming that a discovery request is unduly burdensome

14   must allege specific facts which indicate the nature and extent of the burden, usually

15   by affidavit or other reliable evidence.") (citing <u>Jackson v. Montgomery Ward &</u>

16   <u>Co., Inc.</u>, 173 F.R.D. 524, 528-29 (D. Nev. 1997)).

17          Lastly, MGA objects to "any instructions or definitions that seek to

18   impose requirements in addition to those imposed by the Federal Rules of Civil

19   Procedure or any applicable local rule." Mattel's RFAs did not include instructions,

20   so MGA's boilerplate objection on that ground makes no sense. Nor does MGA

21   specify which, if any, of the four definitions in Mattel's requests is improper, much

22   less provide any basis for the objection. Mattel's definitions are proper and MGA's

23   boilerplate objection should be overruled.

24

25

26

—————————————

27   [71]   Watson Decl., Ex. 37.

28

1  REQUEST FOR ADMISSION NO. 13:

2          Admit that the document attached hereto as Exhibit 1 never was

3  protected by work product doctrine.

4

5  RESPONSE TO REQUEST FOR ADMISSION NO. 13:

6          MGA objects to the request as vague and ambiguous in its use of the

7  phrase "the document" because "the document" contains a series of emails certain of

8  which were marked as trial exhibits and, therefore, MGA assumes that "the

9  document" means any portions of the email that were not marked as a trial exhibit.

10  As such, MGA objects to the request as it seeks disclosure of information that is

11  protected by the attorney-client privilege and/or work product doctrine in that

12  MGA's knowledge concerning the scope and nature of the work product doctrine as

13  applied to Exhibit 1 to the request has been gained by and through communications

14  with its counsel.  MGA additionally objects to this request on the grounds that it

15  calls for a legal conclusion.  MGA objects to the request to the extent it seeks

16  information not relevant to the claims or defenses of any party to this action and n

17  reasonably calculated to lead to the discovery of admissible evidence.  MGA objects

18  to the request to the extent it is unduly burdensome and oppressive.  In responding,

19  MGA has not and will not comply with any instructions or definitions that seek to

20  impose requirements in addition to those imposed by the Federal Rule of Civil

21  Procedure or any applicable local rule.  MGA reserves the right to object on any

22  ground at any time to such other and supplemental discovery requests as Mattel may

23  propound involving or relating to the same subject matter(s) of the request.  MGA

24  objects to the definitions and instructions to the extent such definitions and

25  instructions purport to enlarge, expand, or alter in any way the plain meaning and

26  scope of any specific term or specific requests on the grounds that such enlargement,

27  expansion or alteration renders such a term or request vague, ambiguous,

28

00505.07975/3180667.1

STATEMENT ISO MATTEL'S MOTION TO COMPEL MGA'S RESPONSE TO RFAS

1  unintelligible, overly broad, unduly burdensome, uncertain or otherwise open to
2  interpretation.

3

4  <u>REASON WHY FURTHER RESPONSE TO REQUEST FOR ADMISSION NO.</u>
5  <u>13 SHOULD BE COMPELLED</u>:

6  ████████████████████████████████████████████
7  ██████████████████████████████████████████████[72]
8  ██████████████████████████████████████████████
9  ██████████████████████████████████████████████
10 ██████████████████████████████████████████ Id.
11 In addition, the Court expressly ruled that the issues surrounding the Larian-
12 O'Connor email remain open for discovery and adjudication going forward.  <u>See</u>
13 September 22, 2009 Order at 1-2.[73]  Among other things, this Request is directly
14 relevant to whether Larian committed perjury in his Phase 1 trial testimony.  It is
15 also relevant to the decision to withhold the email, which constitutes the RICO
16 predicate of obstruction of justice.  <u>See</u> <u>United States v. Lench</u>, 806 F.2d 1443, 1445
17 (9th Cir. 1986) (that defendant "failed to provide the information requested and
18 lied" about it "is all that is necessary to obstruct justice").

19          MGA"s "legal conclusion" objection fares no better.   The prior
20 Discovery Master repeatedly overruled the exact same "legal conclusion" objections
21 MGA asserts here.  In compelling Bryant to respond to RFAs related to his opinions
22 about the enforceability of his employment contract with Mattel and the copyrights
23 related to Bratz, the Discovery Master overruled Bryant's privilege and "legal
24 conclusion" objections and ruled that "requests for admission calling for application
25 of law to facts are permissible" and that "[t]he fact that Bryant may need to consult

26

27  [72]   Watson Decl., Ex. 1.

28

with counsel to respond to the requests does not make the response privileged."[74] Similarly, the Discovery Master compelled MGA to respond to RFAs seeking information about MGA's copyright registrations and the accuracy of MGA's statements to the press, emphasizing that "requests calling for legal conclusions are permissible" so long as they are related to the facts of the case.[75]   The Discovery Master also reiterated that it is immaterial that MGA may need to consult with counsel to answer the RFAs because "[t]o hold otherwise would effectively gut the provisions of Rule 36 authorizing requests that call for the application of law to fact."  Id.

Even had it not been already overruled, MGA's privilege objection is baseless.  This Request simply asks MGA to admit that the document was never protected by the work product doctrine.  MGA placed the document on its privilege log; if it did so without believing the document was  protected work product, Mattel is entitled to know that.  On the other hand, if MGA believed then that the document was privileged, that goes directly to crime-fraud and waiver issues, as well as issues regarding Larian's perjury at trial and MGA's obstruction of justice.  It is black letter law that "questions related to the existence of attorney-client communications" are not protected by the privilege.  Markwest Hydrocarbon, Inc. v. Liberty Mutual Ins. Co., 2007 WL 1106105, at *4 (D. Colo. April 12, 2007); see also New Jersey v. Sprint Corp., 2009 WL 1917412, at *18 (D. Kan. July 2, 2009) ("Questions regarding the existence, extent, or waiver of an attorney-client privilege or work-product immunity are not themselves privileged or protected"); B.F.G. of Illinois, Inc. v. Ameritech Corp., 2001 WL 1414468, at *4 (N.D. Ill. Nov. 13, 2001) ("plaintiffs' counsel's proper questions regarding foundational facts going to the

---

[73]  Watson Decl., Ex. 42.
[74]  Discovery Master Order, dated August 20, 2007, at 6, Watson Decl., Ex. 32.
[75]  Discovery Master Order, dated August 21, 2007, at 7, Watson Decl., Ex. 31.

1  assertion of privilege were improperly objected to and the witness instructed not to
2  answer"); <u>Malletier v. Dooney & Bourke, Inc.</u>, 2006 WL 3851150, at *1 (S.D.N.Y.
3  Dec. 18, 2006) (declarations submitted to support claim of privilege were
4  improperly redacted because "plaintiff has effectively eliminated from the
5  declarations much of the basic information that would be required to appear on a
6  privilege log, together with the foundational facts that its adversary would be
7  entitled to discover in order to test a privilege claim.").

8          In any case, MGA has already conceded the fact sought by this
9  Request. ███████████████████████████████████████
10 ████████████████████████████████████████████████
11 ████████████████████████████████████████████ ,,76

12 MGA cannot concede facts to the Court for the purposes of avoiding sanctions, then
13 refuse to admit them for purposes of discovery.

14          MGA's objection as to burden and oppression is frivolous.  <u>See A.</u>
15 <u>Farber and Partners, Inc. v. Garber</u>, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general
16 or boilerplate objections such as 'overly burdensome and harassing' are improper –
17 especially when a party fails to submit any evidentiary declarations supporting such
18 objections").  There is no conceivable burden in admitting a fact MGA has already
19 conceded on the record; and indeed, MGA provides no basis for the burden
20 objection, as required. <u>See</u> Discovery Master Order No. 17, dated April 14, 2009, at
21 20 (overruling objections not stated with specificity);[77] <u>Jackson v. Montgomery</u>
22 <u>Ward & Co., Inc.</u>, 173 F.R.D. 524, 528-29 (D. Nev. 1997) (party claiming a
23 discovery request is "unduly burdensome must allege specific facts which indicate
24 the nature and extent of the burden, usually by affidavit or other reliable evidence");
25 <u>Horsewood v. Kids "R" Us</u>, 1998 WL 526589, at *4 (D. Kan. Aug. 13, 1998)

26

27 [76]   Sealed Hearing Tr. at 4:19-24; 8:17-9:11; 11:14-22, Watson Decl., Ex. 27.

28

1  ("Mere assertions by plaintiff of harassment and intimidation provide no evidence of
2  undue burden."); <u>Bible v. Rio Props., Inc.</u>, 246 F.R.D. 614, 618 (C.D. Cal. 2007)
3  ("Contrary to defendant's assertion, the party who resists discovery has the burden to
4  show discovery should not be allowed, and has the burden of clarifying, explaining,
5  and supporting its objections."); Discovery Master Order No. 46, dated August 14,
6  2009, at 33 ("[T]he party claiming that a discovery request is unduly burdensome
7  must allege specific facts which indicate the nature and extent of the burden, usually
8  by affidavit or other reliable evidence.") (citing <u>Jackson v. Montgomery Ward &
9  Co., Inc.</u>, 173 F.R.D. 524, 528-29 (D. Nev. 1997)).

10          Lastly, MGA objects to "any instructions or definitions that seek to
11  impose requirements in addition to those imposed by the Federal Rules of Civil
12  Procedure or any applicable local rule." Mattel's RFAs did not include instructions,
13  so MGA's boilerplate objection on that ground makes no sense. Nor does MGA
14  specify which, if any, of the four definitions in Mattel's requests is improper, much
15  less provide any basis for the objection. Mattel's definitions are proper and MGA's
16  boilerplate objection should be overruled.

17

18  <u>REQUEST FOR ADMISSION NO. 14</u>:

19          Admit that MGA knew the document attached hereto as Exhibit 1 never
20  was protected by attorney-client privilege.

21

22  <u>RESPONSE TO REQUEST FOR ADMISSION NO. 14</u>:

23          MGA objects to the request as vague and ambiguous in its use of the
24  phrase "the document" because "the document" contains a series of emails certain of
25  which were marked as trial exhibits and, therefore, MGA assumes that "the
26

27  [77]  Watson Decl., Ex. 37.
28

1  document" means any portions of the email that were not marked as a trial exhibit

2  As such, MGA objects to the request as it seeks disclosure of information that is

3  protected by the attorney-client privilege and/or work product doctrine in that

4  MGA's knowledge concerning the scope and nature of the attorney-client privilege

5  as applied to Exhibit 1 to the request has been gained by and through

6  communications with its counsel.  MGA additionally objects to this request on the

7  grounds that it calls for a legal conclusion.  MGA objects to the request to the extent

8  it seeks information not relevant to the claims or defenses of any party to this action

9  and not reasonably calculated to lead to the discovery of admissible evidence.  MGA

10  objects to the request to the extent it is unduly burdensome and oppressive.   In

11  responding, MGA has not and will not comply with any instructions or definitions

12  that seek to impose requirements in addition to those imposed by the Federal Rules

13  of Civil Procedure or any applicable local rule.  MGA reserves the right to object on

14  any ground at any time to such other and supplemental discovery requests as Mattel

15  may propound involving or relating to the same subject matter(s) of the request.

16  MGA objects to the definitions and instructions to the extent such definitions and

17  instructions purport to enlarge, expand, or alter in any way the plain meaning and

18  scope of any specific term or specific requests on the grounds that such enlargement,

19  expansion or alteration renders such a term or request vague, ambiguous,

20  unintelligible, overly broad, unduly burdensome, uncertain or otherwise open to

21  interpretation.

22

23

24

25

26

27

28

1 <u>REASON WHY FURTHER RESPONSE TO REQUEST FOR ADMISSION NO.</u>

2 <u>14 SHOULD BE COMPELLED:</u>

3 ████████████████████████████████████████████████████████

4 ██████████████████████████████████████████████████████████[78]

5 ████████████████████████████████████████████████████████████

6 ██████████████████████████████████████████████████████████

7 ████████████████████████████████████████████████████████ Id.

8 In addition, the Court expressly ruled that the issues surrounding the Larian-

9 O'Connor email remain open for discovery and adjudication going forward. <u>See</u>

10 September 22, 2009 Order at 1-2.[79]  Among other things, this Request is directly

11 relevant to whether Larian committed perjury in his Phase 1 trial testimony.  It is

12 also relevant to the decision to withhold the email, which constitutes the RICO

13 predicate of obstruction of justice. <u>See</u> <u>United States v. Lench</u>, 806 F.2d 1443, 1445

14 (9th Cir. 1986) (that defendant "failed to provide the information requested and

15 lied" about it "is all that is necessary to obstruct justice").

16       MGA"s "legal conclusion" objection fares no better.  The prior

17 Discovery Master repeatedly overruled the exact same "legal conclusion" objections

18 MGA asserts here.  In compelling Bryant to respond to RFAs related to his opinions

19 about the enforceability of his employment contract with Mattel and the copyrights

20 related to Bratz, the Discovery Master overruled Bryant's privilege and "legal

21 conclusion" objections and ruled that "requests for admission calling for application

22 of law to facts are permissible" and that "[t]he fact that Bryant may need to consult

23 with counsel to respond to the requests does not make the response privileged."[80]

24 Similarly, the Discovery Master compelled MGA to respond to RFAs seeking

25

26 [78]  Watson Decl., Ex. 1.

27 [79]  Watson Decl., Ex. 42.

[80]  Discovery Master Order, dated August 20, 2007, at 6, Watson Decl., Ex. 32.

28

1  information about MGA's copyright registrations and the accuracy of MGA's

2  statements to the press, emphasizing that "requests calling for legal conclusions are

3  permissible" so long as they are related to the facts of the case.[81]   The Discovery

4  Master also reiterated that it is immaterial that MGA may need to consult with

5  counsel to answer the RFAs because "[t]o hold otherwise would effectively gut the

6  provisions of Rule 36 authorizing requests that call for the application of law to

7  fact." Id.

8          Even had it not been already overruled, MGA's privilege objection is

9  baseless.  This Request simply asks MGA to admit that it knew the document was

10  not protected by attorney-client privilege.   MGA placed the document on its

11  privilege log; if it did so without believing the document was privileged, Mattel is

12  entitled to know that.  On the other hand, if MGA believed then that the document

13  was privileged, that goes directly to crime-fraud and waiver issues, as well as issues

14  regarding Larian's perjury at trial and MGA's obstruction of justice.   It is black

15  letter law that "questions related to the existence of attorney-client communications"

16  are not protected by the privilege.  Markwest Hydrocarbon, Inc. v. Liberty Mutual

17  Ins. Co., 2007 WL 1106105, at *4 (D. Colo. April 12, 2007); see also New Jersey v.

18  Sprint Corp., 2009 WL 1917412, at *18 (D. Kan. July 2, 2009) ("Questions

19  regarding the existence, extent, or waiver of an attorney-client privilege or work-

20  product immunity are not themselves privileged or protected"); B.F.G. of Illinois,

21  Inc. v. Ameritech Corp., 2001 WL 1414468, at *4 (N.D. Ill. Nov. 13, 2001)

22  ("plaintiffs' counsel's proper questions regarding foundational facts going to the

23  assertion of privilege were improperly objected to and the witness instructed not to

24  answer"); Malletier v. Dooney & Bourke, Inc., 2006 WL 3851150, at *1 (S.D.N.Y.

25  Dec. 18, 2006) (declarations submitted to support claim of privilege were

26

27   [81]   Discovery Master Order, dated August 21, 2007, at 7, Watson Decl., Ex. 31.

28

1   improperly redacted because "plaintiff has effectively eliminated from the
2   declarations much of the basic information that would be required to appear on a
3   privilege log, together with the foundational facts that its adversary would be
4   entitled to discover in order to test a privilege claim.").

5   　　　　MGA has already conceded the fact sought by this Request. ████████
6   █████████████████████████████████████████████████████████████
7   █████████████████████████████████████████████████████████████
8   █████████████████████████████████████████████"[82]   MGA also
9   conceded that the communication had been withheld on privilege grounds because
10  O'Connor purportedly was conveying and reminding Larian of legal advice in it.
11  MGA cannot concede facts to the Court for the purposes of avoiding sanctions, then
12  refuse to admit them for purposes of discovery.

13  　　　　MGA's objection as to burden and oppression is frivolous.  See A.
14  Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general
15  or boilerplate objections such as 'overly burdensome and harassing' are improper –
16  especially when a party fails to submit any evidentiary declarations supporting such
17  objections").  There is no conceivable burden in admitting a fact MGA has already
18  conceded on the record; and indeed, MGA provides no basis for the burden
19  objection, as required.  See Discovery Master Order No. 17, dated April 14, 2009, at
20  20 (overruling objections not stated with specificity);[83] Jackson v. Montgomery
21  Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) (party claiming a
22  discovery request is "unduly burdensome must allege specific facts which indicate
23  the nature and extent of the burden, usually by affidavit or other reliable evidence");
24  Horsewood v. Kids "R" Us, 1998 WL 526589, at *4 (D. Kan. Aug. 13, 1998)
25  ("Mere assertions by plaintiff of harassment and intimidation provide no evidence of
26
27  _____
    [82]  Sealed Hearing Tr. at 4:19-24; 8:17-9:11; 11:14-22, Watson Decl., Ex. 27.
28

1 undue burden."); <u>Bible v. Rio Props., Inc.</u>, 246 F.R.D. 614, 618 (C.D. Cal. 2007)
2 ("Contrary to defendant's assertion, the party who resists discovery has the burden to
3 show discovery should not be allowed, and has the burden of clarifying, explaining,
4 and supporting its objections."); Discovery Master Order No. 46, dated August 14,
5 2009, at 33 ("[T]he party claiming that a discovery request is unduly burdensome
6 must allege specific facts which indicate the nature and extent of the burden, usually
7 by affidavit or other reliable evidence.") (citing <u>Jackson v. Montgomery Ward &</u>
8 <u>Co., Inc.</u>, 173 F.R.D. 524, 528-29 (D. Nev. 1997)).

9         Lastly, MGA objects to "any instructions or definitions that seek to
10 impose requirements in addition to those imposed by the Federal Rules of Civil
11 Procedure or any applicable local rule." Mattel's RFAs did not include instructions,
12 so MGA's boilerplate objection on that ground makes no sense. Nor does MGA
13 specify which, if any, of the four definitions in Mattel's requests is improper, much
14 less provide any basis for the objection. Mattel's definitions are proper and MGA's
15 boilerplate objection should be overruled.

16

17 <u>REQUEST FOR ADMISSION NO. 15</u>:

18         Admit that MGA knew the document attached hereto as Exhibit 1 never
19 was protected by the work product doctrine.

20

21 <u>RESPONSE TO REQUEST FOR ADMISSION NO. 15</u>:

22         MGA objects to the request as vague and ambiguous in its use of the
23 phrase "the document" because "the document" contains a series of emails certain of
24 which were marked as trial exhibits and, therefore, MGA assumes that "the
25 document" means any portions of the email that were not marked as a trial exhibit.

26

_____

27 [83]   Watson Decl., Ex. 37.

28

1  As such, MGA objects to the request as it seeks disclosure of information that is
2  protected by the attorney-client privilege and/or work product doctrine in that
3  MGA's knowledge concerning the scope and nature of the work product doctrine as
4  applied to Exhibit 1 to the request has been gained by and through communications
5  with its counsel.  MGA additionally objects to this request on the grounds that it
6  calls for a legal conclusion.  MGA objects to the request to the extent it seeks
7  information not relevant to the claims or defenses of any party to this action and not
8  reasonably calculated to lead to the discovery of admissible evidence.  MGA objects
9  to the request to the extent it is unduly burdensome and oppressive.  In responding,
10 MGA has not and will not comply with any instructions or definitions that seek to
11 impose requirements in addition to those imposed by the Federal Rules of Civil
12 Procedure or any applicable local rule.  MGA reserves the right to object on any
13 ground at any time to such other and supplemental discovery requests as Mattel may
14 propound involving or relating to the same subject matter(s) of the request.  MGA
15 objects to the definitions and instructions to the extent such definitions and
16 instructions purport to enlarge, expand, or alter in any way the plain meaning and
17 scope of any specific term or specific requests on the grounds that such enlargement,
18 expansion or alteration renders such a term or request vague, ambiguous,
19 unintelligible, overly broad, unduly burdensome, uncertain or otherwise open to
20 interpretation.

21

22 REASON WHY FURTHER RESPONSE TO REQUEST FOR ADMISSION NO.
23 15 SHOULD BE COMPELLED:

24

25                                                                      [84]

26

27  [84]  Watson Decl., Ex. 1.

28

1

2

3     ████████████████████████████████████   Id.

4     In addition, the Court expressly ruled that the issues surrounding the Larian-

5     O'Connor email remain open for discovery and adjudication going forward. <u>See</u>

6     September 22, 2009 Order at 1-2.[85]  Among other things, this Request is directly

7     relevant to whether Larian committed perjury in his Phase 1 trial testimony.  It is

8     also relevant to the decision to withhold the email, which constitutes the RICO

9     predicate of obstruction of justice. <u>See</u> <u>United States v. Lench</u>, 806 F.2d 1443, 1445

10    (9th Cir. 1986) (that defendant "failed to provide the information requested and

11    lied" about it "is all that is necessary to obstruct justice").

12              MGA"s "legal conclusion" objection fares no better.  The prior

13    Discovery Master repeatedly overruled the exact same "legal conclusion" objections

14    MGA asserts here.  In compelling Bryant to respond to RFAs related to his opinions

15    about the enforceability of his employment contract with Mattel and the copyrights

16    related to Bratz, the Discovery Master overruled Bryant's privilege and "legal

17    conclusion" objections and ruled that "requests for admission calling for application

18    of law to facts are permissible" and that "[t]he fact that Bryant may need to consult

19    with counsel to respond to the requests does not make the response privileged."[86]

20    Similarly, the Discovery Master compelled MGA to respond to RFAs seeking

21    information about MGA's copyright registrations and the accuracy of MGA's

22    statements to the press, emphasizing that "requests calling for legal conclusions are

23    permissible" so long as they are related to the facts of the case.[87]  The Discovery

24    Master also reiterated that it is immaterial that MGA may need to consult with

25    _____

26    [85]  Watson Decl., Ex. 42.

27    [86]  Discovery Master Order, dated August 20, 2007, at 6, Watson Decl., Ex. 32.
      [87]  Discovery Master Order, dated August 21, 2007, at 7, Watson Decl., Ex. 31.

28

1  counsel to answer the RFAs because "[t]o hold otherwise would effectively gut the

2  provisions of Rule 36 authorizing requests that call for the application of law to

3  fact." Id.

4          Even had it not been already overruled, MGA's privilege objection is

5  baseless.  This Request simply asks MGA to admit that it knew the document was

6  never protected by the work product doctrine.  The question clearly does not

7  implicate the privilege or work product.  MGA placed the document on its privilege

8  log, and Mattel is entitled to know whether MGA knew the document was not

9  protected by work product.  It is black letter law that "questions related to the

10  existence of attorney-client communications" are not protected by the privilege.

11  Markwest Hydrocarbon, Inc. v. Liberty Mutual Ins. Co., 2007 WL 1106105, at *4

12  (D. Colo. April 12, 2007); see also New Jersey v. Sprint Corp., 2009 WL 1917412,

13  at *18 (D. Kan. July 2, 2009) ("Questions regarding the existence, extent, or waiver

14  of an attorney-client privilege or work-product immunity are not themselves

15  privileged or protected");  B.F.G. of Illinois, Inc. v. Ameritech Corp., 2001 WL

16  1414468, at *4 (N.D. Ill. Nov. 13, 2001) ("plaintiffs' counsel's proper questions

17  regarding foundational facts going to the assertion of privilege were improperly

18  objected to and the witness instructed not to answer"); Malletier v. Dooney &

19  Bourke, Inc., 2006 WL 3851150, at *1 (S.D.N.Y. Dec. 18, 2006) (declarations

20  submitted to support claim of privilege were improperly redacted because "plaintiff

21  has effectively eliminated from the declarations much of the basic information that

22  would be required to appear on a privilege log, together with the foundational facts

23  that its adversary would be entitled to discover in order to test a privilege claim.").

24          MGA has already conceded the fact sought by this Request. ███████

25  ████████████████████████████████████████████████████

26  ████████████████████████████████████████████████████

27

28

1 ████████████████████████████████████████████████[88] MGA

2 cannot concede facts to the Court for the purposes of avoiding sanctions, then refuse

3 to admit them for purposes of discovery.

4       MGA's objection as to burden and oppression is frivolous.  See <u>A.</u>

5 <u>Farber and Partners, Inc. v. Garber,</u> 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general

6 or boilerplate objections such as 'overly burdensome and harassing' are improper –

7 especially when a party fails to submit any evidentiary declarations supporting such

8 objections").  There is no conceivable burden in admitting a fact MGA has already

9 conceded on the record; and indeed, MGA provides no basis for the burden

10 objection, as required.  <u>See</u> Discovery Master Order No. 17, dated April 14, 2009, at

11 20 (overruling objections not stated with specificity);[89] <u>Jackson v. Montgomery</u>

12 <u>Ward & Co., Inc.,</u> 173 F.R.D. 524, 528-29 (D. Nev. 1997) (party claiming a

13 discovery request is "unduly burdensome must allege specific facts which indicate

14 the nature and extent of the burden, usually by affidavit or other reliable evidence");

15 <u>Horsewood v. Kids "R" Us,</u> 1998 WL 526589, at *4 (D. Kan. Aug. 13, 1998)

16 ("Mere assertions by plaintiff of harassment and intimidation provide no evidence of

17 undue burden."); <u>Bible v. Rio Props., Inc.,</u> 246 F.R.D. 614, 618 (C.D. Cal. 2007)

18 ("Contrary to defendant's assertion, the party who resists discovery has the burden to

19 show discovery should not be allowed, and has the burden of clarifying, explaining,

20 and supporting its objections."); Discovery Master Order No. 46, dated August 14,

21 2009, at 33 ("[T]he party claiming that a discovery request is unduly burdensome

22 must allege specific facts which indicate the nature and extent of the burden, usually

23 by affidavit or other reliable evidence.") (citing <u>Jackson v. Montgomery Ward &</u>

24 <u>Co., Inc.,</u> 173 F.R.D. 524, 528-29 (D. Nev. 1997)).

25

26

----

[88] Sealed Hearing Tr. at 4:19-24; 8:17-9:11; 11:14-22, Watson Decl., Ex. 27.

[89] Watson Decl., Ex. 37.

1        Lastly, MGA objects to "any instructions or definitions that seek to
2  impose requirements in addition to those imposed by the Federal Rules of Civil
3  Procedure or any applicable local rule."  Mattel's RFAs did not include instructions,
4  so MGA's boilerplate objection on that ground makes no sense.  Nor does MGA
5  specify which, if any, of the four definitions in Mattel's requests is improper, much
6  less provide any basis for the objection.  Mattel's definitions are proper and MGA's
7  boilerplate objection should be overruled.

8

9  <u>REQUEST FOR ADMISSION NO. 16</u>:

10        Admit that there was no basis for withholding from production in this
11  litigation the document attached hereto as Exhibit 1 on grounds of attorney-client
12  privilege.

13

14  <u>RESPONSE TO REQUEST FOR ADMISSION NO. 16</u>:

15        MGA objects to the request as vague and ambiguous in its use of the
16  phrase "the document" because "the document" contains a series of emails certain of
17  which were marked as trial exhibits and, therefore, MGA assumes that "the
18  document" means any portions of the email that were not marked as a trial exhibit.
19  As such, MGA objects to the request as it seeks disclosure of information that is
20  protected by the attorney-client privilege and/or work product doctrine in that
21  MGA's knowledge concerning the scope and nature of the attorney-client privilege
22  as applied to Exhibit 1 to the request has been gained by and through
23  communications with its counsel.  MGA additionally objects to this request on the
24  grounds that it calls for a legal conclusion.  MGA objects to the request to the extent
25  it seeks information not relevant to the claims or defenses of any party to this action
26  and not reasonably calculated to lead to the discovery of admissible evidence.  MGA
27  objects to the request to the extent it is unduly burdensome and oppressive.  In
28  responding, MGA has not and will not comply with any instructions or definitions

1  that seek to impose requirements in addition to those imposed by the Federal Rules
2  of Civil Procedure or any applicable local rule.  MGA reserves the right to object on
3  any ground at any time to such other and supplemental discovery requests as Mattel
4  may propound involving or relating to the same subject matter(s) of the request.
5  MGA objects to the definitions and instructions to the extent such definitions and
6  instructions purport to enlarge, expand, or alter in any way the plain meaning and
7  scope of any specific term or specific requests on the grounds that such enlargement,
8  expansion or alteration renders such a term or request vague, ambiguous,
9  unintelligible, overly broad, unduly burdensome, uncertain or otherwise open to
10  interpretation.

11

12  REASON WHY FURTHER RESPONSE TO REQUEST FOR ADMISSION NO.
13  16 SHOULD BE COMPELLED:

14  ███████████████████████████████████████
15  ███████████████████████████████████████ .[90]
16  ███████████████████████████████████████
17  ███████████████████████████████████████
18  ████████████████████████████████ Id.
19  In addition, the Court expressly ruled that the issues surrounding the Larian-
20  O'Connor email remain open for discovery and adjudication going forward.  See
21  September 22, 2009 Order at 1-2.[91]  Among other things, this Request is directly
22  relevant to whether Larian committed perjury in his Phase 1 trial testimony.  It is
23  also relevant to the decision to withhold the email, which constitutes the RICO
24  predicate of obstruction of justice.  See United States v. Lench, 806 F.2d 1443, 1445

25

26  _____

27  [90] Watson Decl., Ex. 1.
     [91] Watson Decl., Ex. 42.
28

1  (9th Cir. 1986) (that defendant "failed to provide the information requested and
2  lied" about it "is all that is necessary to obstruct justice").

3          MGA"'s "legal conclusion" objection fares no better.   The prior
4  Discovery Master repeatedly overruled the exact same "legal conclusion" objections
5  MGA asserts here.  In compelling Bryant to respond to RFAs related to his opinions
6  about the enforceability of his employment contract with Mattel and the copyrights
7  related to Bratz, the Discovery Master overruled Bryant's privilege and "legal
8  conclusion" objections and ruled that "requests for admission calling for application
9  of law to facts are permissible" and that "[t]he fact that Bryant may need to consult
10 with counsel to respond to the requests does not make the response privileged."[92]
11 Similarly, the Discovery Master compelled MGA to respond to RFAs seeking
12 information about MGA's copyright registrations and the accuracy of MGA's
13 statements to the press, emphasizing that "requests calling for legal conclusions are
14 permissible" so long as they are related to the facts of the case.[93]  The Discovery
15 Master also reiterated that it is immaterial that MGA may need to consult with
16 counsel to answer the RFAs because "[t]o hold otherwise would effectively gut the
17 provisions of Rule 36 authorizing requests that call for the application of law to
18 fact." Id.

19          Even had it not been already overruled, MGA's privilege objection is
20 baseless.  This Request simply asks MGA to admit that there was no basis for
21 withholding the document on attorney-client privilege grounds.  MGA placed the
22 document on its privilege log; if it did so without believing the document was
23 protected by the privilege, Mattel is entitled to know that.  On the other hand, if
24 MGA believed then that the document was privileged, that goes directly to crime-
25 fraud and waiver issues, as well as issues regarding Larian's perjury at trial and
26

27  [92]  Discovery Master Order, dated August 20, 2007, at 6, Watson Decl., Ex. 32.
28

1  MGA's obstruction of justice.  It is black letter law that "questions related to the
2  existence of attorney-client communications" are not protected by the privilege.
3  Markwest Hydrocarbon, Inc. v. Liberty Mutual Ins. Co., 2007 WL 1106105, at *4
4  (D. Colo. April 12, 2007); see also New Jersey v. Sprint Corp., 2009 WL 1917412,
5  at *18 (D. Kan. July 2, 2009) ("Questions regarding the existence, extent, or waiver
6  of an attorney-client privilege or work-product immunity are not themselves
7  privileged or protected"); B.F.G. of Illinois, Inc. v. Ameritech Corp., 2001 WL
8  1414468, at *4 (N.D. Ill. Nov. 13, 2001) ("plaintiffs' counsel's proper questions
9  regarding foundational facts going to the assertion of privilege were improperly
10  objected to and the witness instructed not to answer"); Malletier v. Dooney &
11  Bourke, Inc., 2006 WL 3851150, at *1 (S.D.N.Y. Dec. 18, 2006) (declarations
12  submitted to support claim of privilege were improperly redacted because "plaintiff
13  has effectively eliminated from the declarations much of the basic information that
14  would be required to appear on a privilege log, together with the foundational facts
15  that its adversary would be entitled to discover in order to test a privilege claim.").

16      MGA has already conceded the fact sought by this Request. ████
17  ████████████████████████████████████████████████
18  ████████████████████████████████████████████████
19  ████████████████████████████████████████████████"[94]   MGA
20  cannot concede facts to the Court for the purposes of avoiding sanctions, then refuse
21  to admit them for purposes of discovery.

22      MGA's objection as to burden and oppression is frivolous.  See A.
23  Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general
24  or boilerplate objections such as 'overly burdensome and harassing' are improper –
25  especially when a party fails to submit any evidentiary declarations supporting such

26
27  [93]  Discovery Master Order, dated August 21, 2007, at 7, Watson Decl., Ex. 31.
28

1 objections").  There is no conceivable burden in admitting a fact MGA has already
2 conceded on the record; and indeed, MGA provides no basis for the burden
3 objection, as required.  See Discovery Master Order No. 17, dated April 14, 2009, at
4 20 (overruling objections not stated with specificity);[95] Jackson v. Montgomery
5 Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) (party claiming a
6 discovery request is "unduly burdensome must allege specific facts which indicate
7 the nature and extent of the burden, usually by affidavit or other reliable evidence");
8 Horsewood v. Kids "R" Us, 1998 WL 526589, at *4 (D. Kan. Aug. 13, 1998)
9 ("Mere assertions by plaintiff of harassment and intimidation provide no evidence of
10 undue burden."); Bible v. Rio Props., Inc., 246 F.R.D. 614, 618 (C.D. Cal. 2007)
11 ("Contrary to defendant's assertion, the party who resists discovery has the burden to
12 show discovery should not be allowed, and has the burden of clarifying, explaining,
13 and supporting its objections."); Discovery Master Order No. 46, dated August 14,
14 2009, at 33 ("[T]he party claiming that a discovery request is unduly burdensome
15 must allege specific facts which indicate the nature and extent of the burden, usually
16 by affidavit or other reliable evidence.") (citing Jackson v. Montgomery Ward &
17 Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997)).

18       Lastly, MGA objects to "any instructions or definitions that seek to
19 impose requirements in addition to those imposed by the Federal Rules of Civil
20 Procedure or any applicable local rule."  Mattel's RFAs did not include instructions,
21 so MGA's boilerplate objection on that ground makes no sense.  Nor does MGA
22 specify which, if any, of the four definitions in Mattel's requests is improper, much
23 less provide any basis for the objection.  Mattel's definitions are proper and MGA's
24 boilerplate objection should be overruled.

---

[94] Sealed Hearing Tr. at 4:19-24; 8:17-9:11; 11:14-22, Watson Decl., Ex. 27.
[95] Watson Decl., Ex. 37.

1  REQUEST FOR ADMISSION NO. 17:

2          Admit that there was no basis for withholding from production in this

3  litigation the document attached hereto as Exhibit 1 on grounds of the work product

4  doctrine.

5

6  RESPONSE TO REQUEST FOR ADMISSION NO. 17:

7          MGA objects to the request as vague and ambiguous in its use of the

8  phrase "the document" because "the document" contains a series of emails certain of

9  which were marked as trial exhibits and, therefore, MGA assumes that "the

10 document" means any portions of the email that were not marked as a trial exhibit.

11 As such, MGA objects to the request as it seeks disclosure of information that is

12 protected by the attorney-client privilege and/or work product doctrine in that

13 MGA's knowledge concerning the scope and nature of the work product doctrine as

14 applied to Exhibit 1 to the request has been gained by and through communications

15 with its counsel.  MGA additionally objects to this request on the grounds that it

16 calls for a legal conclusion.  MGA objects to the request to the extent it seeks

17 information not relevant to the claims or defenses of any party to this action and not

18 reasonably calculated to lead to the discovery of admissible evidence.  MGA objects

19 to the request to the extent it is unduly burdensome and oppressive.  In responding,

20 MGA has not and will not comply with any instructions or definitions that seek to

21 impose requirements in addition to those imposed by the Federal Rules of Civil

22 Procedure or any applicable local rule.  MGA reserves the right to object on any

23 ground at any time to such other and supplemental discovery requests as Mattel may

24 propound involving or relating to the same subject matter(s) of the request.  MGA

25 objects to the definitions and instructions to the extent such definitions and

26 instructions purport to enlarge, expand, or alter in any way the plain meaning and

27 scope of any specific term or specific requests on the grounds that such enlargement,

28 expansion or alteration renders such a term or request vague, ambiguous,

1 unintelligible, overly broad, unduly burdensome, uncertain or otherwise open to
2 interpretation.

3

4 REASON WHY FURTHER RESPONSE TO REQUEST FOR ADMISSION NO.
5 17 SHOULD BE COMPELLED:

6 ████████████████████████████████████████████████
7 ████████████████████████████████████████████████[96]
8 ████████████████████████████████████████████████
9 ████████████████████████████████████████████████
10 ██████████████████████████████████ Id.
11 In addition, the Court expressly ruled that the issues surrounding the Larian-
12 O'Connor email remain open for discovery and adjudication going forward. See
13 September 22, 2009 Order at 1-2.[97]  Among other things, this Request is directly
14 relevant to whether Larian committed perjury in his Phase 1 trial testimony.  It is
15 also relevant to the decision to withhold the email, which constitutes the RICO
16 predicate of obstruction of justice. See United States v. Lench, 806 F.2d 1443, 1445
17 (9th Cir. 1986) (that defendant "failed to provide the information requested and
18 lied" about it "is all that is necessary to obstruct justice").

19       MGA"s "legal conclusion" objection fares no better.    The prior
20 Discovery Master repeatedly overruled the exact same "legal conclusion" objections
21 MGA asserts here.  In compelling Bryant to respond to RFAs related to his opinions
22 about the enforceability of his employment contract with Mattel and the copyrights
23 related to Bratz, the Discovery Master overruled Bryant's privilege and "legal
24 conclusion" objections and ruled that "requests for admission calling for application
25 of law to facts are permissible" and that "[t]he fact that Bryant may need to consult

26

27       [96]   Watson Decl., Ex. 1.

28

with counsel to respond to the requests does not make the response privileged."[98] Similarly, the Discovery Master compelled MGA to respond to RFAs seeking information about MGA's copyright registrations and the accuracy of MGA's statements to the press, emphasizing that "requests calling for legal conclusions are permissible" so long as they are related to the facts of the case.[99]   The Discovery Master also reiterated that it is immaterial that MGA may need to consult with counsel to answer the RFAs because "[t]o hold otherwise would effectively gut the provisions of Rule 36 authorizing requests that call for the application of law to fact." Id.

Even had it not been already overruled, MGA's privilege objection is baseless.   This Request simply asks MGA to admit that there was no basis for withholding the document on work product grounds.   MGA placed the document on its privilege log; if it did so without believing the document was  protected by the work product doctrine, Mattel is entitled to know that.   On the other hand, if MGA believed then that the document was privileged, that goes directly to crime-fraud and waiver issues, as well as issues regarding Larian's perjury at trial and MGA's obstruction of justice.   It is black letter law that "questions related to the existence of attorney-client communications" are not protected by the privilege.   Markwest Hydrocarbon, Inc. v. Liberty Mutual Ins. Co., 2007 WL 1106105, at *4 (D. Colo. April 12, 2007); see also New Jersey v. Sprint Corp., 2009 WL 1917412, at *18 (D. Kan. July 2, 2009) ("Questions regarding the existence, extent, or waiver of an attorney-client privilege or work-product immunity are not themselves privileged or protected"); B.F.G. of Illinois, Inc. v. Ameritech Corp., 2001 WL 1414468, at *4 (N.D. Ill. Nov. 13, 2001) ("plaintiffs' counsel's proper questions regarding

---

[97]   Watson Decl., Ex. 42.
[98]   Discovery Master Order, dated August 20, 2007, at 6, Watson Decl., Ex. 32.
[99]   Discovery Master Order, dated August 21, 2007, at 7, Watson Decl., Ex. 31.

1  foundational facts going to the assertion of privilege were improperly objected to

2  and the witness instructed not to answer"); <u>Malletier v. Dooney & Bourke, Inc.</u>,

3  2006 WL 3851150, at *1 (S.D.N.Y. Dec. 18, 2006) (declarations submitted to

4  support claim of privilege were improperly redacted because "plaintiff has

5  effectively eliminated from the declarations much of the basic information that

6  would be required to appear on a privilege log, together with the foundational facts

7  that its adversary would be entitled to discover in order to test a privilege claim.").

8        MGA has already conceded the fact sought by this Request. ████

9  ████████████████████████████████████████████

10  ████████████████████████████████████████████

11  ████████████████████████████████"[100]  MGA

12  cannot concede facts to the Court for the purposes of avoiding sanctions, then refuse

13  to admit them for purposes of discovery.

14        MGA's objection as to burden and oppression is frivolous. <u>See</u> <u>A.</u>

15  <u>Farber and Partners, Inc. v. Garber,</u> 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general

16  or boilerplate objections such as 'overly burdensome and harassing' are improper –

17  especially when a party fails to submit any evidentiary declarations supporting such

18  objections"). There is no conceivable burden in admitting a fact MGA has already

19  conceded on the record; and indeed, MGA provides no basis for the burden

20  objection, as required. <u>See</u> Discovery Master Order No. 17, dated April 14, 2009, at

21  20 (overruling objections not stated with specificity);[101] <u>Jackson v. Montgomery</u>

22  <u>Ward & Co., Inc.,</u> 173 F.R.D. 524, 528-29 (D. Nev. 1997) (party claiming a

23  discovery request is "unduly burdensome must allege specific facts which indicate

24  the nature and extent of the burden, usually by affidavit or other reliable evidence");

25  <u>Horsewood v. Kids "R" Us</u>, 1998 WL 526589, at *4 (D. Kan. Aug. 13, 1998)

26

27     [100]   Sealed Hearing Tr. at 4:19-24; 8:17-9:11; 11:14-22, Watson Decl., Ex. 27.

28

1   ("Mere assertions by plaintiff of harassment and intimidation provide no evidence of
2   undue burden."); <u>Bible v. Rio Props., Inc.</u>, 246 F.R.D. 614, 618 (C.D. Cal. 2007)
3   ("Contrary to defendant's assertion, the party who resists discovery has the burden to
4   show discovery should not be allowed, and has the burden of clarifying, explaining,
5   and supporting its objections."); Discovery Master Order No. 46, dated August 14,
6   2009, at 33 ("[T]he party claiming that a discovery request is unduly burdensome
7   must allege specific facts which indicate the nature and extent of the burden, usually
8   by affidavit or other reliable evidence.") (citing <u>Jackson v. Montgomery Ward &</u>
9   <u>Co., Inc.</u>, 173 F.R.D. 524, 528-29 (D. Nev. 1997)).

10         Lastly, MGA objects to "any instructions or definitions that seek to
11   impose requirements in addition to those imposed by the Federal Rules of Civil
12   Procedure or any applicable local rule."  Mattel's RFAs did not include instructions,
13   so MGA's boilerplate objection on that ground makes no sense.  Nor does MGA
14   specify which, if any, of the four definitions in Mattel's requests is improper, much
15   less provide any basis for the objection.  Mattel's definitions are proper and MGA's
16   boilerplate objection should be overruled.

17

18   <u>REQUEST FOR ADMISSION NO. 18</u>:

19         Admit that the portion of the document attached hereto as Exhibit 1
20   containing the email exchange between Isaac Larian and Victoria O'Connor reflects
21   legal advice.

22

23   <u>RESPONSE TO REQUEST FOR ADMISSION NO. 18</u>:

24         MGA objects to the request as vague and ambiguous in its use of the
25   phrase "the portion of the document attached hereto as Exhibit 1 containing the

26

27   [101]  Watson Decl., Ex. 37.

28

1    email exchange between Isaac Larian and Victoria O'Connor reflects legal advice"
2    in that there are three email exchanges between Mr. Larian and Victoria O'Connor
3    and this request does not specify which of the three exchanges to which it refers.
4    MGA objects to the request as it seeks disclosure of information that is protected by
5    the attorney-client privilege and/or work product doctrine.   MGA additionally
6    objects to this request on the grounds that it calls for a legal conclusion.   MGA
7    objects to the request to the extent it seeks information not relevant to the claims or
8    defenses of any party to this action and not reasonably calculated to lead to the
9    discovery of admissible evidence.   MGA objects to the request to the extent it is
10   unduly burdensome and oppressive.   In responding, MGA has not and will not
11   comply with any instructions or definitions that seek to impose requirements in
12   addition to those imposed by the Federal Rules of Civil Procedure or any applicable
13   local rule.   MGA reserves the right to object on any ground at any time to such other
14   and supplemental discovery requests as Mattel may propound involving or relating
15   to the same subject matter(s) of the request.   MGA objects to the definitions and
16   instructions to the extent such definitions and instructions purport to enlarge,
17   expand, or alter in any way the plain meaning and scope of any specific term or
18   specific requests on the grounds that such enlargement, expansion or alteration
19   renders such a term or request vague, ambiguous, unintelligible, overly broad,
20   unduly burdensome, uncertain or otherwise open to interpretation.

21

22   <u>REASON WHY FURTHER RESPONSE TO REQUEST FOR ADMISSION NO.</u>
23   <u>18 SHOULD BE COMPELLED:</u>

24   ███████████████████████████████████

25   ████████████████████████████████████████████ [102]

26

27   [102]   Watson Decl., Ex. 1.

28

1 ██████████████████████████████████████████

2 ██████████████████████████████████████████

3 ████████████████████████████████  Id.

4 In addition, the Court expressly ruled that the issues surrounding the Larian-

5 O'Connor email remain open for discovery and adjudication going forward.  <u>See</u>

6 September 22, 2009 Order at 1-2.[103]  Among other things, this Request is directly

7 relevant to whether Larian committed perjury in his Phase 1 trial testimony.  It is

8 also relevant to the decision to withhold the email, which constitutes the RICO

9 predicate of obstruction of justice.  <u>See</u> <u>United States v. Lench</u>, 806 F.2d 1443, 1445

10 (9th Cir. 1986) (that defendant "failed to provide the information requested and

11 lied" about it "is all that is necessary to obstruct justice").

12         MGA"s "legal conclusion" objection fares no better.  The prior

13 Discovery Master repeatedly overruled the exact same "legal conclusion" objections

14 MGA asserts here.  In compelling Bryant to respond to RFAs related to his opinions

15 about the enforceability of his employment contract with Mattel and the copyrights

16 related to Bratz, the Discovery Master overruled Bryant's privilege and "legal

17 conclusion" objections and ruled that "requests for admission calling for application

18 of law to facts are permissible" and that "[t]he fact that Bryant may need to consult

19 with counsel to respond to the requests does not make the response privileged."[104]

20 Similarly, the Discovery Master compelled MGA to respond to RFAs seeking

21 information about MGA's copyright registrations and the accuracy of MGA's

22 statements to the press, emphasizing that "requests calling for legal conclusions are

23 permissible" so long as they are related to the facts of the case.[105]  The Discovery

24 Master also reiterated that it is immaterial that MGA may need to consult with

25

---

26 [103]  Watson Decl., Ex. 42.

27 [104]  Discovery Master Order, dated August 20, 2007, at 6, Watson Decl., Ex. 32.
[105]  Discovery Master Order, dated August 21, 2007, at 7, Watson Decl., Ex. 31.

28

counsel to answer the RFAs because "[t]o hold otherwise would effectively gut the provisions of Rule 36 authorizing requests that call for the application of law to fact." Id.

Even had it not been already overruled, MGA's privilege objection is baseless. This Request simply asks MGA to admit that the document reflects legal advice. The question clearly does not implicate the privilege or work product. MGA placed the document on its privilege log, and Mattel is entitled to know whether MGA actually believes the document reflects legal advice. It is black letter law that "questions related to the existence of attorney-client communications" are not protected by the privilege. Markwest Hydrocarbon, Inc. v. Liberty Mutual Ins. Co., 2007 WL 1106105, at *4 (D. Colo. April 12, 2007); see also New Jersey v. Sprint Corp., 2009 WL 1917412, at *18 (D. Kan. July 2, 2009) ("Questions regarding the existence, extent, or waiver of an attorney-client privilege or work-product immunity are not themselves privileged or protected"); B.F.G. of Illinois, Inc. v. Ameritech Corp., 2001 WL 1414468, at *4 (N.D. Ill. Nov. 13, 2001) ("plaintiffs' counsel's proper questions regarding foundational facts going to the assertion of privilege were improperly objected to and the witness instructed not to answer"); Malletier v. Dooney & Bourke, Inc., 2006 WL 3851150, at *1 (S.D.N.Y. Dec. 18, 2006) (declarations submitted to support claim of privilege were improperly redacted because "plaintiff has effectively eliminated from the declarations much of the basic information that would be required to appear on a privilege log, together with the foundational facts that its adversary would be entitled to discover in order to test a privilege claim.").

MGA has already conceded the fact sought by this Request. ███

███████████████████████████████████████████

███████████████████████████████████████████



[106]

[107] MGA cannot concede facts to the Court for the purposes of avoiding sanctions, then refuse to admit them for purposes of discovery.

MGA's objection as to burden and oppression is frivolous. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections"). There is no conceivable burden in admitting a fact MGA has already conceded on the record; and indeed, MGA provides no basis for the burden objection, as required. See Discovery Master Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity);[108] Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) (party claiming a discovery request is "unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence"); Horsewood v. Kids "R" Us, 1998 WL 526589, at *4 (D. Kan. Aug. 13, 1998) ("Mere assertions by plaintiff of harassment and intimidation provide no evidence of undue burden."); Bible v. Rio Props., Inc., 246 F.R.D. 614, 618 (C.D. Cal. 2007)

---

[106]   Sealed Hearing Tr. at 4:19-24; 8:17-9:11; 11:14-22, Watson Decl., Ex. 27.
[107]   September 22, 2009 Sealed Hearing Tr. at 22:22-23:4, Watson Decl., Ex. 27; see also id. at 13:4-10 (THE COURT: "And obviously Victoria O'Conner is not an attorney; the argument is that she was conveying – without getting into the substance of it – that she was conveying legal advice, reminding Mr. Larian of legal advice.");
[108]   Watson Decl., Ex. 37.

1   ("Contrary to defendant's assertion, the party who resists discovery has the burden to
2   show discovery should not be allowed, and has the burden of clarifying, explaining,
3   and supporting its objections."); Discovery Master Order No. 46, dated August 14,
4   2009, at 33 ("[T]he party claiming that a discovery request is unduly burdensome
5   must allege specific facts which indicate the nature and extent of the burden, usually
6   by affidavit or other reliable evidence.") (citing <u>Jackson v. Montgomery Ward &</u>
7   <u>Co., Inc.</u>, 173 F.R.D. 524, 528-29 (D. Nev. 1997)).

8          Lastly, MGA objects to "any instructions or definitions that seek to
9   impose requirements in addition to those imposed by the Federal Rules of Civil
10  Procedure or any applicable local rule."  Mattel's RFAs did not include instructions,
11  so MGA's boilerplate objection on that ground makes no sense.  Nor does MGA
12  specify which, if any, of the four definitions in Mattel's requests is improper, much
13  less provide any basis for the objection.  Mattel's definitions are proper and MGA's
14  boilerplate objection should be overruled.

15

16  <u>REQUEST FOR ADMISSION NO. 19</u>:

17         Admit that the portion of the document attached hereto as Exhibit 1
18  containing the email exchange between Isaac Larian and Victoria O'Connor does not
19  reflect legal advice.

20

21  <u>RESPONSE TO REQUEST FOR ADMISSION NO. 19</u>:

22         MGA objects to the request as vague and ambiguous in its use of the
23  phrase "the portion of the document attached hereto as Exhibit 1 containing the
24  email exchange between Isaac Larian and Victoria O'Connor does not reflect legal
25  advice" in that there are three email exchanges between Mr. Larian and Victoria
26  O'Connor and this request does not specify which of the three exchanges to which it
27  refers.  MGA objects to the request as it seeks disclosure of information that is
28  protected by the attorney-client privilege and/or work product doctrine.  MGA

1 additionally objects to this request on the grounds that it calls for a legal conclusion.
2 MGA objects to the request to the extent it seeks information not relevant to the
3 claims or defenses of any party to this action and not reasonably calculated to lead
4 to the discovery of admissible evidence.  MGA objects to the request to the extent it
5 is unduly burdensome and oppressive.  In responding, MGA has not and will not
6 comply with any instructions or definitions that seek to impose requirements in
7 addition to those imposed by the Federal Rules of Civil Procedure or any applicable
8 local rule.  MGA reserves the right to object on any ground at any time to such other
9 and supplemental discovery requests as Mattel may propound involving or relating
10 to the same subject matter(s) of the request.  MGA objects to the definitions and
11 instructions to the extent such definitions and instructions purport to enlarge,
12 expand, or alter in any way the plain meaning and scope of any specific term or
13 specific requests on the grounds that such enlargement, expansion or alteration
14 renders such a term or request vague, ambiguous, unintelligible, overly broad,
15 unduly burdensome, uncertain or otherwise open to interpretation.

17 <u>REASON WHY FURTHER RESPONSE TO REQUEST FOR ADMISSION NO.</u>
18 <u>19 SHOULD BE COMPELLED</u>:



.[109]

Id.

24 In addition, the Court expressly ruled that the issues surrounding the Larian-
25 O'Connor email remain open for discovery and adjudication going forward.  <u>See</u>

---

27   [109]   Watson Decl., Ex. 1.

September 22, 2009 Order at 1-2.[110]   Among other things, this Request is directly relevant to whether Larian committed perjury in his Phase 1 trial testimony.  It is also relevant to the decision to withhold the email, which constitutes the RICO predicate of obstruction of justice.  See United States v. Lench, 806 F.2d 1443, 1445 (9th Cir. 1986) (that defendant "failed to provide the information requested and lied" about it "is all that is necessary to obstruct justice").

MGA"s "legal conclusion" objection fares no better.   The prior Discovery Master repeatedly overruled the exact same "legal conclusion" objections MGA asserts here.  In compelling Bryant to respond to RFAs related to his opinions about the enforceability of his employment contract with Mattel and the copyrights related to Bratz, the Discovery Master overruled Bryant's privilege and "legal conclusion" objections and ruled that "requests for admission calling for application of law to facts are permissible" and that "[t]he fact that Bryant may need to consult with counsel to respond to the requests does not make the response privileged."[111] Similarly, the Discovery Master compelled MGA to respond to RFAs seeking information about MGA's copyright registrations and the accuracy of MGA's statements to the press, emphasizing that "requests calling for legal conclusions are permissible" so long as they are related to the facts of the case.[112]  The Discovery Master also reiterated that it is immaterial that MGA may need to consult with counsel to answer the RFAs because "[t]o hold otherwise would effectively gut the provisions of Rule 36 authorizing requests that call for the application of law to fact." Id.

Even had it not been already overruled, MGA's privilege objection is baseless.  This Request simply asks MGA to admit that the document does not

---

[110]   Watson Decl., Ex. 42.
[111]   Discovery Master Order, dated August 20, 2007, at 6, Watson Decl., Ex. 32.
[112]   Discovery Master Order, dated August 21, 2007, at 7, Watson Decl., Ex. 31.

reflect legal advice.  The question clearly does not implicate the privilege or work product.  MGA placed the document on its privilege log, and Mattel is entitled to know whether MGA actually believes the document reflects legal advice.  It is black letter law that "questions related to the existence of attorney-client communications" are not protected by the privilege.  Markwest Hydrocarbon, Inc. v. Liberty Mutual Ins. Co., 2007 WL 1106105, at *4 (D. Colo. April 12, 2007); see also New Jersey v. Sprint Corp., 2009 WL 1917412, at *18 (D. Kan. July 2, 2009) ("Questions regarding the existence, extent, or waiver of an attorney-client privilege or work-product immunity are not themselves privileged or protected");  B.F.G. of Illinois, Inc. v. Ameritech Corp., 2001 WL 1414468, at *4 (N.D. Ill. Nov. 13, 2001) ("plaintiffs' counsel's proper questions regarding foundational facts going to the assertion of privilege were improperly objected to and the witness instructed not to answer"); Malletier v. Dooney & Bourke, Inc., 2006 WL 3851150, at *1 (S.D.N.Y. Dec. 18, 2006) (declarations submitted to support claim of privilege were improperly redacted because "plaintiff has effectively eliminated from the declarations much of the basic information that would be required to appear on a privilege log, together with the foundational facts that its adversary would be entitled to discover in order to test a privilege claim.").

MGA has already conceded the fact sought by this Request. ██████

██████████████████████████████████████████████████
██████████████████████████████████████████████████
██████████████████████████████████████████,,113 ██████
██████████████████████████████████████████████████
██████████████████████████████████████████████████
███████████████████████████████████████. ████████████

---

[113]   Sealed Hearing Tr. at 4:19-24; 8:17-9:11; 11:14-22, Watson Decl., Ex. 27.

███████████████████████████████████████████████████

████████████████████████,[114]   MGA cannot concede facts to the Court for the purposes of avoiding sanctions, then refuse to admit them for purposes of discovery.

MGA's objection as to burden and oppression is frivolous.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections").  There is no conceivable burden in admitting a fact MGA has already conceded on the record; and indeed, MGA provides no basis for the burden objection, as required.  See Discovery Master Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity);[115] Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) (party claiming a discovery request is "unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence"); Horsewood v. Kids "R" Us, 1998 WL 526589, at *4 (D. Kan. Aug. 13, 1998) ("Mere assertions by plaintiff of harassment and intimidation provide no evidence of undue burden."); Bible v. Rio Props., Inc., 246 F.R.D. 614, 618 (C.D. Cal. 2007) ("Contrary to defendant's assertion, the party who resists discovery has the burden to show discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections."); Discovery Master Order No. 46, dated August 14, 2009, at 33 ("[T]he party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually

---

[114]   September 22, 2009 Sealed Hearing Tr. at 22:22-23:4, Watson Decl., Ex. 27; see also id. at 13:4-10 (THE COURT: "And obviously Victoria O'Conner is not an attorney; the argument is that she was conveying – without getting into the substance of it – that she was conveying legal advice, reminding Mr. Larian of legal advice.");

[115]   Watson Decl., Ex. 37.

STATEMENT ISO MATTEL'S MOTION TO COMPEL MGA'S RESPONSE TO RFAS

1  by affidavit or other reliable evidence.") (citing <u>Jackson v. Montgomery Ward &</u>
2  <u>Co., Inc.</u>, 173 F.R.D. 524, 528-29 (D. Nev. 1997)).

3         Lastly, MGA objects to "any instructions or definitions that seek to
4  impose requirements in addition to those imposed by the Federal Rules of Civil
5  Procedure or any applicable local rule." Mattel's RFAs did not include instructions,
6  so MGA's boilerplate objection on that ground makes no sense. Nor does MGA
7  specify which, if any, of the four definitions in Mattel's requests is improper, much
8  less provide any basis for the objection. Mattel's definitions are proper and MGA's
9  boilerplate objection should be overruled.

10

11 <u>REQUEST FOR ADMISSION NO. 20</u>:

12        Admit that MGA knew that the portion of the document attached hereto
13 as Exhibit 1 containing the email exchange between Isaac Larian and Victoria
14 O'Connor did not reflect legal advice.

15

16 <u>RESPONSE TO REQUEST FOR ADMISSION NO. 20</u>:

17        MGA objects to the request as vague and ambiguous in its use of the
18 phrase "the portion of the document attached hereto as Exhibit 1 containing the
19 email exchange between Isaac Larian and Victoria O'Connor did not reflect legal
20 advice" in that there are three email exchanges between Mr. Larian and Victoria
21 O'Connor and this request does not specify which of the three exchanges to which it
22 refers. MGA objects to the request as it seeks disclosure of information that is
23 protected by the attorney-client privilege and/or work product doctrine. MGA
24 additionally objects to this request on the grounds that it calls for a legal conclusion.
25 MGA objects to the request to the extent it seeks information not relevant to the
26 claims or defenses of any party to this action and not reasonably calculated to lead
27 to the discovery of admissible evidence. MGA objects to the request to the extent it
28 is unduly burdensome and oppressive. In responding, MGA has not and will not

1  comply with any instructions or definitions that seek to impose requirements in
2  addition to those imposed by the Federal Rules of Civil Procedure or any applicable
3  local rule.  MGA reserves the right to object on any ground at any time to such other
4  and supplemental discovery requests as Mattel may propound involving or relating
5  to the same subject matter(s) of the request.  MGA objects to the definitions and
6  instructions to the extent such definitions and instructions purport to enlarge,
7  expand, or alter in any way the plain meaning and scope of any specific term or
8  specific requests on the grounds that such enlargement, expansion or alteration
9  renders such a term or request vague, ambiguous, unintelligible, overly broad,
10 unduly burdensome, uncertain or otherwise open to interpretation.

11

12 <u>REASON WHY FURTHER RESPONSE TO REQUEST FOR ADMISSION NO.</u>
13 <u>20 SHOULD BE COMPELLED:</u>

14 ███████████████████████████████████████████
15 ██████████████████████████████████████████ [116]
16 ███████████████████████████████████████████
17 ███████████████████████████████████████████
18 ████████████████████████████████████ Id.
19 In addition, the Court expressly ruled that the issues surrounding the Larian-
20 O'Connor email remain open for discovery and adjudication going forward.  <u>See</u>
21 September 22, 2009 Order at 1-2.[117]  Among other things, this Request is directly
22 relevant to whether Larian committed perjury in his Phase 1 trial testimony.  It is
23 also relevant to the decision to withhold the email, which constitutes the RICO
24 predicate of obstruction of justice.  <u>See</u> <u>United States v. Lench</u>, 806 F.2d 1443, 1445

25

26

27 [116]  Watson Decl., Ex. 1.
   [117]  Watson Decl., Ex. 42.

28

1   (9th Cir. 1986) (that defendant "failed to provide the information requested and
2   lied" about it "is all that is necessary to obstruct justice").

3           MGA"s "legal conclusion" objection fares no better.   The prior
4   Discovery Master repeatedly overruled the exact same "legal conclusion" objections
5   MGA asserts here.  In compelling Bryant to respond to RFAs related to his opinions
6   about the enforceability of his employment contract with Mattel and the copyrights
7   related to Bratz, the Discovery Master overruled Bryant's privilege and "legal
8   conclusion" objections and ruled that "requests for admission calling for application
9   of law to facts are permissible" and that "[t]he fact that Bryant may need to consult
10  with counsel to respond to the requests does not make the response privileged."[118]
11  Similarly, the Discovery Master compelled MGA to respond to RFAs seeking
12  information about MGA's copyright registrations and the accuracy of MGA's
13  statements to the press, emphasizing that "requests calling for legal conclusions are
14  permissible" so long as they are related to the facts of the case.[119]  The Discovery
15  Master also reiterated that it is immaterial that MGA may need to consult with
16  counsel to answer the RFAs because "[t]o hold otherwise would effectively gut the
17  provisions of Rule 36 authorizing requests that call for the application of law to
18  fact."  Id.

19          Even had it not been already overruled, MGA's privilege objection is
20  baseless.  This Request simply asks MGA to admit that it knew the document did
21  not reflect legal advice.  The question clearly does not implicate the privilege or
22  work product.   MGA placed the document on its privilege log, and then
23  subsequently disclosed the document to Mattel.  Mattel is entitled to know whether
24  MGA knew the document did not reflect legal advice.  It is black letter law that
25  "questions related to the existence of attorney-client communications" are not

26

27    [118]   Discovery Master Order, dated August 20, 2007, at 6, Watson Decl., Ex. 32.

28

protected by the privilege. <u>Markwest Hydrocarbon, Inc. v. Liberty Mutual Ins. Co.</u>, 2007 WL 1106105, at *4 (D. Colo. April 12, 2007); <u>see also</u> <u>New Jersey v. Sprint Corp.</u>, 2009 WL 1917412, at *18 (D. Kan. July 2, 2009) ("Questions regarding the existence, extent, or waiver of an attorney-client privilege or work-product immunity are not themselves privileged or protected"); <u>B.F.G. of Illinois, Inc. v. Ameritech Corp.</u>, 2001 WL 1414468, at *4 (N.D. Ill. Nov. 13, 2001) ("plaintiffs' counsel's proper questions regarding foundational facts going to the assertion of privilege were improperly objected to and the witness instructed not to answer"); <u>Malletier v. Dooney & Bourke, Inc.</u>, 2006 WL 3851150, at *1 (S.D.N.Y. Dec. 18, 2006) (declarations submitted to support claim of privilege were improperly redacted because "plaintiff has effectively eliminated from the declarations much of the basic information that would be required to appear on a privilege log, together with the foundational facts that its adversary would be entitled to discover in order to test a privilege claim.").

MGA has already conceded the fact sought by this Request.



[119] Discovery Master Order, dated August 21, 2007, at 7, Watson Decl., Ex. 31.
[120] Sealed Hearing Tr. at 4:19-24; 8:17-9:11; 11:14-22, Watson Decl., Ex. 27.

1  ██████████████████████ ,[121] MGA cannot concede facts to the Court for the

2  purposes of avoiding sanctions, then refuse to admit them for purposes of discovery.

3      MGA's objection as to burden and oppression is frivolous. See A.

4  Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general

5  or boilerplate objections such as 'overly burdensome and harassing' are improper –

6  especially when a party fails to submit any evidentiary declarations supporting such

7  objections").  There is no conceivable burden in admitting a fact MGA has already

8  conceded on the record; and indeed, MGA provides no basis for the burden

9  objection, as required. See Discovery Master Order No. 17, dated April 14, 2009, at

10 20 (overruling objections not stated with specificity);[122] Jackson v. Montgomery

11 Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) (party claiming a

12 discovery request is "unduly burdensome must allege specific facts which indicate

13 the nature and extent of the burden, usually by affidavit or other reliable evidence");

14 Horsewood v. Kids "R" Us, 1998 WL 526589, at *4 (D. Kan. Aug. 13, 1998)

15 ("Mere assertions by plaintiff of harassment and intimidation provide no evidence of

16 undue burden."); Bible v. Rio Props., Inc., 246 F.R.D. 614, 618 (C.D. Cal. 2007)

17 ("Contrary to defendant's assertion, the party who resists discovery has the burden to

18 show discovery should not be allowed, and has the burden of clarifying, explaining,

19 and supporting its objections."); Discovery Master Order No. 46, dated August 14,

20 2009, at 33 ("[T]he party claiming that a discovery request is unduly burdensome

21 must allege specific facts which indicate the nature and extent of the burden, usually

22

23

24  [121]  September 22, 2009 Sealed Hearing Tr. at 22:22-23:4, Watson Decl., Ex. 27;

25  see also id. at 13:4-10 (THE COURT: "And obviously Victoria O'Conner is not an

26  attorney; the argument is that she was conveying – without getting into the substance of it – that she was conveying legal advice, reminding Mr. Larian of legal

27  advice.");
    [122]  Watson Decl., Ex. 37.

28

1  by affidavit or other reliable evidence.") (citing <u>Jackson v. Montgomery Ward &</u>
2  <u>Co., Inc.,</u> 173 F.R.D. 524, 528-29 (D. Nev. 1997)).

3       Lastly, MGA objects to "any instructions or definitions that seek to
4  impose requirements in addition to those imposed by the Federal Rules of Civil
5  Procedure or any applicable local rule." Mattel's RFAs did not include instructions,
6  so MGA's boilerplate objection on that ground makes no sense. Nor does MGA
7  specify which, if any, of the four definitions in Mattel's requests is improper, much
8  less provide any basis for the objection. Mattel's definitions are proper and MGA's
9  boilerplate objection should be overruled.

10

11  <u>REQUEST FOR ADMISSION NO. 21</u>:

12       Admit that MGA stated, prior to August 21, 2009, that the portion of
13  the document attached hereto as Exhibit 1 containing the email exchange between
14  Isaac Larian and Victoria O'Connor reflects legal advice.

15

16  <u>RESPONSE TO REQUEST FOR ADMISSION NO. 21</u>:

17       MGA objects to this request on the grounds that the word "stated" is
18  vague and ambiguous. MGA objects to the request as it seeks disclosure of
19  information that is protected by the attorney-client privilege and/or work product
20  doctrine. MGA objects to the request to the extent it seeks information not relevant
21  to the claims or defenses of any party to this action and not reasonably calculated to
22  lead to the discovery of admissible evidence. MGA objects to the request to the
23  extent it is unduly burdensome and oppressive. In responding, MGA has not and
24  will not comply with any instructions or definitions that seek to impose
25  requirements in addition to those imposed by the Federal Rules of Civil Procedure
26  or any applicable local rule. MGA reserves the right to object on any ground at any
27  time to such other and supplemental discovery requests as Mattel may propound
28  involving or relating to the same subject matter(s) of the request. MGA objects to

1    the definitions and instructions to the extent such definitions and instructions

2    purport to enlarge, expand, or alter in any way the plain meaning and scope of any

3    specific term or specific requests on the grounds that such enlargement, expansion

4    or alteration renders such a term or request vague, ambiguous, unintelligible, overly

5    broad, unduly burdensome, uncertain or otherwise open to interpretation.

6

7    <u>REASON WHY FURTHER RESPONSE TO REQUEST FOR ADMISSION NO.</u>

8    <u>21 SHOULD BE COMPELLED:</u>

9    ███████████████████████████████████████

10   ███████████████████████████████████████[123]

11   ███████████████████████████████████████

12   ███████████████████████████████████████

13   ████████████████████████████████ Id.

14   In addition, the Court expressly ruled that the issues surrounding the Larian-

15   O'Connor email remain open for discovery and adjudication going forward. <u>See</u>

16   September 22, 2009 Order at 1-2.[124]   Among other things, this Request is directly

17   relevant to whether Larian committed perjury in his Phase 1 trial testimony.   It is

18   also relevant to the decision to withhold the email, which constitutes the RICO

19   predicate of obstruction of justice. <u>See</u> <u>United States v. Lench,</u> 806 F.2d 1443, 1445

20   (9th Cir. 1986) (that defendant "failed to provide the information requested and

21   lied" about it "is all that is necessary to obstruct justice").

22        MGA's objection that the word "stated" is, in some unstated way,

23   "vague" is specious.   There is nothing vague about asking MGA to admit whether it

24   has stated something or not and MGA provides no basis for so objecting.

25

26

27   [123]   Watson Decl., Ex. 1.

     [124]   Watson Decl., Ex. 42.

28

Even had it not been already overruled, MGA's privilege objection is baseless. This Request simply asks MGA to admit that it stated that the document reflected legal advice. The question clearly does not implicate the privilege or work product. MGA placed the document on its privilege log, which is itself a statement. It is black letter law that "questions related to the existence of attorney-client communications" are not protected by the privilege. Markwest Hydrocarbon, Inc. v. Liberty Mutual Ins. Co., 2007 WL 1106105, at *4 (D. Colo. April 12, 2007); see also New Jersey v. Sprint Corp., 2009 WL 1917412, at *18 (D. Kan. July 2, 2009) ("Questions regarding the existence, extent, or waiver of an attorney-client privilege or work-product immunity are not themselves privileged or protected"); B.F.G. of Illinois, Inc. v. Ameritech Corp., 2001 WL 1414468, at *4 (N.D. Ill. Nov. 13, 2001) ("plaintiffs' counsel's proper questions regarding foundational facts going to the assertion of privilege were improperly objected to and the witness instructed not to answer"); Malletier v. Dooney & Bourke, Inc., 2006 WL 3851150, at *1 (S.D.N.Y. Dec. 18, 2006) (declarations submitted to support claim of privilege were improperly redacted because "plaintiff has effectively eliminated from the declarations much of the basic information that would be required to appear on a privilege log, together with the foundational facts that its adversary would be entitled to discover in order to test a privilege claim.").

MGA has already conceded the fact sought by this Request. ███████

█████████████████████████████████████████

█████████████████████████████████████████

██████████████████████████████████,,125 ████

█████████████████████████████████████████

█████████████████████████████████████████

---

[125] Sealed Hearing Tr. at 4:19-24; 8:17-9:11; 11:14-22, Watson Decl., Ex. 27.

STATEMENT ISO MATTEL'S MOTION TO COMPEL MGA'S RESPONSE TO RFAS

1 ██████████████████████████████████████. ███████████████

2 ███████████████████████████████████████████████████████

3 ████████████████████████," [126]   MGA cannot concede facts to the Court for the

4 purposes of avoiding sanctions, then refuse to admit them for purposes of discovery.

5          MGA's objection as to burden and oppression is frivolous.  See A.

6 Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general

7 or boilerplate objections such as 'overly burdensome and harassing' are improper –

8 especially when a party fails to submit any evidentiary declarations supporting such

9 objections").  There is no conceivable burden in admitting a fact MGA has already

10 conceded on the record; and indeed, MGA provides no basis for the burden

11 objection, as required.  See Discovery Master Order No. 17, dated April 14, 2009, at

12 20 (overruling objections not stated with specificity); [127]   Jackson v. Montgomery

13 Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) (party claiming a

14 discovery request is "unduly burdensome must allege specific facts which indicate

15 the nature and extent of the burden, usually by affidavit or other reliable evidence");

16 Horsewood v. Kids "R" Us, 1998 WL 526589, at *4 (D. Kan. Aug. 13, 1998)

17 ("Mere assertions by plaintiff of harassment and intimidation provide no evidence of

18 undue burden."); Bible v. Rio Props., Inc., 246 F.R.D. 614, 618 (C.D. Cal. 2007)

19 ("Contrary to defendant's assertion, the party who resists discovery has the burden to

20 show discovery should not be allowed, and has the burden of clarifying, explaining,

21 and supporting its objections."); Discovery Master Order No. 46, dated August 14,

22 2009, at 33 ("[T]he party claiming that a discovery request is unduly burdensome

23

24   [126]   September 22, 2009 Sealed Hearing Tr. at 22:22-23:4, Watson Decl., Ex. 27;

25 see also id. at 13:4-10 (THE COURT: "And obviously Victoria O'Conner is not an attorney; the argument is that she was conveying – without getting into the

26 substance of it – that she was conveying legal advice, reminding Mr. Larian of legal advice.");

27   [127]   Watson Decl., Ex. 37.

28

00505.07975/3180667.1

1   must allege specific facts which indicate the nature and extent of the burden, usually

2   by affidavit or other reliable evidence.") (citing <u>Jackson v. Montgomery Ward &</u>

3   <u>Co., Inc.</u>, 173 F.R.D. 524, 528-29 (D. Nev. 1997)).

4           Lastly, MGA objects to "any instructions or definitions that seek to

5   impose requirements in addition to those imposed by the Federal Rules of Civil

6   Procedure or any applicable local rule." Mattel's RFAs did not include instructions,

7   so MGA's boilerplate objection on that ground makes no sense. Nor does MGA

8   specify which, if any, of the four definitions in Mattel's requests is improper, much

9   less provide any basis for the objection. Mattel's definitions are proper and MGA's

10  boilerplate objection should be overruled.

11

12  <u>REQUEST FOR ADMISSION NO. 22</u>:

13          Admit that MGA stated, prior to August 21, 2009, that the portion of

14  the document attached hereto as Exhibit 1 containing the email exchange between

15  Isaac Larian and Victoria O'Connor did not reflect legal advice.

16

17  <u>RESPONSE TO REQUEST FOR ADMISSION NO. 22</u>:

18          MGA objects to this request on the grounds that the word "stated" is

19  vague and ambiguous. MGA objects to the request as it seeks disclosure of

20  information that is protected by the attorney-client privilege and/or work product

21  doctrine. MGA objects to the request to the extent it seeks information not relevant

22  to the claims or defenses of any party to this action and not reasonably calculated to

23  lead to the discovery of admissible evidence. MGA objects to the request to the

24  extent it is unduly burdensome and oppressive. In responding, MGA has not and

25  will not comply with any instructions or definitions that seek to impose

26  requirements in addition to those imposed by the Federal Rules of Civil Procedure

27  or any applicable local rule. MGA reserves the right to object on any ground at any

28  time to such other and supplemental discovery requests as Mattel may propound

1   involving or relating to the same subject matter(s) of the request.  MGA objects to
2   the definitions and instructions to the extent such definitions and instructions
3   purport to enlarge, expand, or alter in any way the plain meaning and scope of any
4   specific term or specific requests on the grounds that such enlargement, expansion
5   or alteration renders such a term or request vague, ambiguous, unintelligible, overly
6   broad, unduly burdensome, uncertain or otherwise open to interpretation.
7
8   REASON WHY FURTHER RESPONSE TO REQUEST FOR ADMISSION NO.
9   22 SHOULD BE COMPELLED:
10  ████████████████████████████████████████████
11  ████████████████████████████████████████████[128]
12  ████████████████████████████████████████████
13  ████████████████████████████████████████████
14  ████████████████████████████████████████████  Id.
15  In addition, the Court expressly ruled that the issues surrounding the Larian-
16  O'Connor email remain open for discovery and adjudication going forward.  See
17  September 22, 2009 Order at 1-2.[129]  Among other things, this Request is directly
18  relevant to whether Larian committed perjury in his Phase 1 trial testimony.  It is
19  also relevant to the decision to withhold the email, which constitutes the RICO
20  predicate of obstruction of justice.  See United States v. Lench, 806 F.2d 1443, 1445
21  (9th Cir. 1986) (that defendant "failed to provide the information requested and
22  lied" about it "is all that is necessary to obstruct justice").
23          MGA's objection that the word "stated" is, in some unstated way,
24  "vague" is specious.  There is nothing vague about asking MGA to admit whether it
25  has stated something or not.
26  _____
27  [128]   Watson Decl., Ex. 1.
28

1           Even had it not been already overruled, MGA's privilege objection is
2   baseless.  This Request simply asks MGA to admit that prior to August 21, 2009, it
3   stated that the document did not reflect legal advice.  The question clearly does not
4   implicate the privilege or work product.  MGA produced the document to Mattel on
5   August 21, 2009, and clearly at some point prior to that concluded the document did
6   not reflect legal advice.  It is black letter law that "questions related to the existence
7   of attorney-client communications" are not protected by the privilege.  <u>Markwest</u>
8   <u>Hydrocarbon, Inc. v. Liberty Mutual Ins. Co.</u>, 2007 WL 1106105, at *4 (D. Colo.
9   April 12, 2007); <u>see also</u> <u>New Jersey v. Sprint Corp.</u>, 2009 WL 1917412, at *18 (D.
10  Kan. July 2, 2009) ("Questions regarding the existence, extent, or waiver of an
11  attorney-client privilege or work-product immunity are not themselves privileged or
12  protected"); <u>B.F.G. of Illinois, Inc. v. Ameritech Corp.</u>, 2001 WL 1414468, at *4
13  (N.D. Ill. Nov. 13, 2001) ("plaintiffs' counsel's proper questions regarding
14  foundational facts going to the assertion of privilege were improperly objected to
15  and the witness instructed not to answer"); <u>Malletier v. Dooney & Bourke, Inc.</u>,
16  2006 WL 3851150, at *1 (S.D.N.Y. Dec. 18, 2006) (declarations submitted to
17  support claim of privilege were improperly redacted because "plaintiff has
18  effectively eliminated from the declarations much of the basic information that
19  would be required to appear on a privilege log, together with the foundational facts
20  that its adversary would be entitled to discover in order to test a privilege claim.").

21          MGA has already conceded the fact sought by this Request. ████

22  ████████████████████████████████████████

23  ████████████████████████████████████████

24  ████████████████████████████████████[,130]   MGA

---

[129]   Watson Decl., Ex. 42.
[130]   Sealed Hearing Tr. at 4:19-24; 8:17-9:11; 11:14-22, Watson Decl., Ex. 27.

STATEMENT ISO MATTEL'S MOTION TO COMPEL MGA'S RESPONSE TO RFAS

00505.07975/3180667.1