1    cannot concede facts to the Court for the purposes of avoiding sanctions, then refuse

2    to admit them for purposes of discovery.

3            MGA's objection as to burden and oppression is frivolous.  See A.

4    Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general

5    or boilerplate objections such as 'overly burdensome and harassing' are improper –

6    especially when a party fails to submit any evidentiary declarations supporting such

7    objections").  There is no conceivable burden in admitting a fact MGA has already

8    conceded on the record; and indeed, MGA provides no basis for the burden

9    objection, as required.  See Discovery Master Order No. 17, dated April 14, 2009, at

10   20 (overruling objections not stated with specificity);[131]  Jackson v. Montgomery

11   Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) (party claiming a

12   discovery request is "unduly burdensome must allege specific facts which indicate

13   the nature and extent of the burden, usually by affidavit or other reliable evidence");

14   Horsewood v. Kids "R" Us, 1998 WL 526589, at *4 (D. Kan. Aug. 13, 1998)

15   ("Mere assertions by plaintiff of harassment and intimidation provide no evidence of

16   undue burden."); Bible v. Rio Props., Inc., 246 F.R.D. 614, 618 (C.D. Cal. 2007)

17   ("Contrary to defendant's assertion, the party who resists discovery has the burden to

18   show discovery should not be allowed, and has the burden of clarifying, explaining,

19   and supporting its objections."); Discovery Master Order No. 46, dated August 14,

20   2009, at 33 ("[T]he party claiming that a discovery request is unduly burdensome

21   must allege specific facts which indicate the nature and extent of the burden, usually

22   by affidavit or other reliable evidence.") (citing Jackson v. Montgomery Ward &

23   Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997)).

24           Lastly, MGA objects to "any instructions or definitions that seek to

25   impose requirements in addition to those imposed by the Federal Rules of Civil

26

27   [131]  Watson Decl., Ex. 37.

28

1  Procedure or any applicable local rule."  Mattel's RFAs did not include instructions,
2  so MGA's boilerplate objection on that ground makes no sense.  Nor does MGA
3  specify which, if any, of the four definitions in Mattel's requests is improper, much
4  less provide any basis for the objection.  Mattel's definitions are proper and MGA's
5  boilerplate objection should be overruled.

6

7  REQUEST FOR ADMISSION NO. 23:

8          Admit that the document attached hereto as Exhibit 1 was listed as
9  Entry No. 381 on MGA'S REVISED JANUARY 23, 2008 PRIVILEGE LOG.

10

11 RESPONSE TO REQUEST FOR ADMISSION NO. 23:

12          MGA objects to the request as it seeks disclosure of information that is
13 protected by the attorney-client privilege and/or work product doctrine in that the
14 basis for MGA's knowledge is communications with its counsel.  MGA objects to
15 the request to the extent it seeks information not relevant to the claims or defenses
16 of any party to this action and not reasonably calculated to lead to the discovery of
17 admissible evidence.   MGA objects to the request to the extent it is unduly
18 burdensome and oppressive.  In responding, Mr. Larian has not and will not comply
19 with any instructions or definitions that seek to impose requirements in addition to
20 those imposed by the Federal Rules of Civil Procedure or any applicable local rule.
21 MGA reserves the right to object on any ground at any time to such other and
22 supplemental discovery requests as Mattel may propound involving or relating to
23 the same subject matter(s) of the request.  MGA objects to the definitions and
24 instructions to the extent such definitions and instructions purport to enlarge,
25 expand, or alter in any way the plain meaning and scope of any specific term or
26 specific requests on the grounds that such enlargement, expansion or alteration
27 renders such a term or request vague, ambiguous, unintelligible, overly broad,
28 unduly burdensome, uncertain or otherwise open to interpretation.

1  <u>REASON WHY FURTHER RESPONSE TO REQUEST FOR ADMISSION NO.</u>
2  <u>23 SHOULD BE COMPELLED:</u>

3  ████████████████████████████████████████

4  ██████████████████████████████████████████ [132]

5  ████████████████████████████████████████████

6  ████████████████████████████████████████████

7  ██████████████████████████████████████████ Id.

8  In addition, the Court expressly ruled that the issues surrounding the Larian-

9  O'Connor email remain open for discovery and adjudication going forward.  <u>See</u>

10 September 22, 2009 Order at 1-2.[133]   Among other things, this Request is directly

11 relevant to whether Larian committed perjury in his Phase 1 trial testimony.  It is

12 also relevant to the decision to withhold the email, which constitutes the RICO

13 predicate of obstruction of justice.  <u>See</u> <u>United States v. Lench</u>, 806 F.2d 1443, 1445

14 (9th Cir. 1986) (that defendant "failed to provide the information requested and

15 lied" about it "is all that is necessary to obstruct justice").

16          Even had it not been already overruled, MGA's privilege objection is

17 baseless.  This Request simply asks MGA to admit that the document was listed as

18 Entry 381 on its privilege log.  The question clearly does not implicate the privilege

19 or work product.  It is black letter law that "questions related to the existence of

20 attorney-client communications" are not protected by the privilege.  <u>Markwest</u>

21 <u>Hydrocarbon, Inc. v. Liberty Mutual Ins. Co.</u>, 2007 WL 1106105, at *4 (D. Colo.

22 April 12, 2007); <u>see also</u> <u>New Jersey v. Sprint Corp.</u>, 2009 WL 1917412, at *18 (D.

23 Kan. July 2, 2009) ("Questions regarding the existence, extent, or waiver of an

24 attorney-client privilege or work-product immunity are not themselves privileged or

25 protected");  <u>B.F.G. of Illinois, Inc. v. Ameritech Corp.</u>, 2001 WL 1414468, at *4

26

27 [132]   Watson Decl., Ex. 1.

28

1    (N.D. Ill. Nov. 13, 2001) ("plaintiffs' counsel's proper questions regarding

2    foundational facts going to the assertion of privilege were improperly objected to

3    and the witness instructed not to answer"); Malletier v. Dooney & Bourke, Inc.,

4    2006 WL 3851150, at *1 (S.D.N.Y. Dec. 18, 2006) (declarations submitted to

5    support claim of privilege were improperly redacted because "plaintiff has

6    effectively eliminated from the declarations much of the basic information that

7    would be required to appear on a privilege log, together with the foundational facts

8    that its adversary would be entitled to discover in order to test a privilege claim.").

9         MGA has already conceded the fact sought by this Request. █████

10 █████████████████████████████████████████

11 ████████████████████████, ██████████████

12 ████████████████████████████████████████

13 ████████████████████,[134] MGA cannot concede facts to the

14    Court for the purposes of avoiding sanctions, then refuse to admit them for purposes

15    of discovery.  Notably, although MGA conceded these facts at the September 22,

16    2009 hearing, Mattel is nonetheless entitled to receive admissions as to these facts.

17    Admissions, unlike pleadings or other evidentiary statements, are "binding upon the

18    party making them.  They may not be controverted at trial or on appeal.  Indeed,

19    they are 'not evidence at all but rather have the effect of withdrawing a fact from

20    contention.'"  Keller v. Untied States, 58 F.3d 1194, 1198 n.8 (7th Cir. 1995)

21    (quoting Michael H. Graham, Federal Practice and Procedure: Evidence § 6726.

22         MGA's objection as to burden and oppression is frivolous.  See A.

23    Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general

24    or boilerplate objections such as 'overly burdensome and harassing' are improper –

25    especially when a party fails to submit any evidentiary declarations supporting such

26

27    [133]   Watson Decl., Ex. 42.

28

objections").  There is no conceivable burden in admitting a fact MGA has already conceded on the record; and indeed, MGA provides no basis for the burden objection, as required.  See Discovery Master Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity);[135] Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) (party claiming a discovery request is "unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence"); Horsewood v. Kids "R" Us, 1998 WL 526589, at *4 (D. Kan. Aug. 13, 1998) ("Mere assertions by plaintiff of harassment and intimidation provide no evidence of undue burden."); Bible v. Rio Props., Inc., 246 F.R.D. 614, 618 (C.D. Cal. 2007) ("Contrary to defendant's assertion, the party who resists discovery has the burden to show discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections."); Discovery Master Order No. 46, dated August 14, 2009, at 33 ("[T]he party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence.") (citing Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997)).

Lastly, MGA objects to "any instructions or definitions that seek to impose requirements in addition to those imposed by the Federal Rules of Civil Procedure or any applicable local rule."  Mattel's RFAs did not include instructions, so MGA's boilerplate objection on that ground makes no sense.  Nor does MGA specify which, if any, of the four definitions in Mattel's requests is improper, much less provide any basis for the objection.  Mattel's definitions are proper and MGA's boilerplate objection should be overruled.

---

[134]  Sealed Hearing Tr. at 4:19-24; 8:17-9:11; 11:14-22, Watson Decl., Ex. 27.
[135]  Watson Decl., Ex. 37.

REQUEST FOR ADMISSION NO. 24:

Admit that the document attached hereto as Exhibit 1 was not listed on any MGA privilege log prior to MGA'S REVISED JANUARY 23, 2008 PRIVILEGE LOG.

RESPONSE TO REQUEST FOR ADMISSION NO. 24:

MGA objects to the request as it seeks disclosure of information that is protected by the attorney-client privilege and/or work product doctrine in that the basis for MGA's knowledge is communications with its counsel. MGA objects to the request to the extent it seeks information not relevant to the claims or defenses of any party to this action and not reasonably calculated to lead to the discovery of admissible evidence. MGA objects to the request to the extent it is unduly burdensome and oppressive. In responding, MGA has not and will not comply with any instructions or definitions that seek to impose requirements in addition to those imposed by the Federal Rules of Civil Procedure or any applicable local rule. MGA reserves the right to object on any ground at any time to such other and supplemental discovery requests as Mattel may propound involving or relating to the same subject matter(s) of the request. MGA objects to the definitions and instructions to the extent such definitions and instructions purport to enlarge, expand, or alter in any way the plain meaning and scope of any specific term or specific requests on the grounds that such enlargement, expansion or alteration renders such a term or request vague, ambiguous, unintelligible, overly broad, unduly burdensome, uncertain or otherwise open to interpretation.

1 | REASON WHY FURTHER RESPONSE TO REQUEST FOR ADMISSION NO.
2 | 24 SHOULD BE COMPELLED:

3 | ████████████████████████████████████████████

4 | ████████████████████████████████████████████ .[136]

5 | ████████████████████████████████████████████

6 | ████████████████████████████████████████████

7 | ████████████████████████████████████████████ Id.

8 | In addition, the Court expressly ruled that the issues surrounding the Larian-

9 | O'Connor email remain open for discovery and adjudication going forward. See

10 | September 22, 2009 Order at 1-2.[137]   Among other things, this Request is directly

11 | relevant to whether Larian committed perjury in his Phase 1 trial testimony.  It is

12 | also relevant to the decision to withhold the email, which constitutes the RICO

13 | predicate of obstruction of justice. See United States v. Lench, 806 F.2d 1443, 1445

14 | (9th Cir. 1986) (that defendant "failed to provide the information requested and

15 | lied" about it "is all that is necessary to obstruct justice").

16 | Even had it not been already overruled, MGA's privilege objection is

17 | baseless.  This Request simply asks MGA to admit that the Larian-O'Connor email

18 | was not on its privilege log prior to January 23, 2008.  The question clearly does not

19 | implicate the privilege or work product.  It is black letter law that "questions related

20 | to the existence of attorney-client communications" are not protected by the

21 | privilege.  Markwest Hydrocarbon, Inc. v. Liberty Mutual Ins. Co., 2007 WL

22 | 1106105, at *4 (D. Colo. April 12, 2007); see also New Jersey v. Sprint Corp., 2009

23 | WL 1917412, at *18 (D. Kan. July 2, 2009) ("Questions regarding the existence,

24 | extent, or waiver of an attorney-client privilege or work-product immunity are not

25 | themselves privileged or protected"); B.F.G. of Illinois, Inc. v. Ameritech Corp.,

26 |

27 | [136]   Watson Decl., Ex. 1.

28 |

1 | 2001 WL 1414468, at *4 (N.D. Ill. Nov. 13, 2001) ("plaintiffs' counsel's proper
2 | questions regarding foundational facts going to the assertion of privilege were
3 | improperly objected to and the witness instructed not to answer"); Malletier v.
4 | Dooney & Bourke, Inc., 2006 WL 3851150, at *1 (S.D.N.Y. Dec. 18, 2006)
5 | (declarations submitted to support claim of privilege were improperly redacted
6 | because "plaintiff has effectively eliminated from the declarations much of the basic
7 | information that would be required to appear on a privilege log, together with the
8 | foundational facts that its adversary would be entitled to discover in order to test a
9 | privilege claim.").

10 | MGA's objection as to burden and oppression is frivolous. See A.
11 | Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general
12 | or boilerplate objections such as 'overly burdensome and harassing' are improper –
13 | especially when a party fails to submit any evidentiary declarations supporting such
14 | objections").  There is no conceivable burden in admitting a fact MGA has already
15 | conceded on the record; and indeed, MGA provides no basis for the burden
16 | objection, as required. See Discovery Master Order No. 17, dated April 14, 2009, at
17 | 20 (overruling objections not stated with specificity);[138] Jackson v. Montgomery
18 | Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) (party claiming a
19 | discovery request is "unduly burdensome must allege specific facts which indicate
20 | the nature and extent of the burden, usually by affidavit or other reliable evidence");
21 | Horsewood v. Kids "R" Us, 1998 WL 526589, at *4 (D. Kan. Aug. 13, 1998)
22 | ("Mere assertions by plaintiff of harassment and intimidation provide no evidence of
23 | undue burden."); Bible v. Rio Props., Inc., 246 F.R.D. 614, 618 (C.D. Cal. 2007)
24 | ("Contrary to defendant's assertion, the party who resists discovery has the burden to
25 | show discovery should not be allowed, and has the burden of clarifying, explaining,

26 |

27 | [137]  Watson Decl., Ex. 42.
28 |

1  and supporting its objections."); Discovery Master Order No. 46, dated August 14,

2  2009, at 33 ("[T]he party claiming that a discovery request is unduly burdensome

3  must allege specific facts which indicate the nature and extent of the burden, usually

4  by affidavit or other reliable evidence.") (citing <u>Jackson v. Montgomery Ward &</u>

5  <u>Co., Inc.</u>, 173 F.R.D. 524, 528-29 (D. Nev. 1997)).

6          Lastly, MGA objects to "any instructions or definitions that seek to

7  impose requirements in addition to those imposed by the Federal Rules of Civil

8  Procedure or any applicable local rule."  Mattel's RFAs did not include instructions,

9  so MGA's boilerplate objection on that ground makes no sense.  Nor does MGA

10  specify which, if any, of the four definitions in Mattel's requests is improper, much

11  less provide any basis for the objection.  Mattel's definitions are proper and MGA's

12  boilerplate objection should be overruled.

13

14  <u>REQUEST FOR ADMISSION NO. 25</u>:

15          Admit that the document attached hereto as Exhibit 1 was listed on a

16  MGA privilege log prior to MGA'S REVISED JANUARY 23, 2008 PRIVILEGE

17  LOG.

18

19  <u>RESPONSE TO REQUEST FOR ADMISSION NO. 25</u>:

20          MGA objects to the request as it seeks disclosure of information that is

21  protected by the attorney-client privilege and/or work product doctrine in that the

22  basis for MGA's knowledge is communications with its counsel.  MGA objects to

23  the request to the extent it seeks information not relevant to the claims or defenses

24  of any party to this action and not reasonably calculated to lead to the discovery of

25  admissible evidence.   MGA objects to the request to the extent it is unduly

26

27  [138]  Watson Decl., Ex. 37.

28

1   burdensome and oppressive.  In responding, MGA has not and will not comply with

2   any instructions or definitions that seek to impose requirements in addition to those

3   imposed by the Federal Rules of Civil Procedure or any applicable local rule.  MGA

4   reserves the right to object on any ground at any time to such other and

5   supplemental discovery requests as Mattel may propound involving or relating to

6   the same subject matter(s) of the request.  MGA objects to the definitions and

7   instructions to the extent such definitions and instructions purport to enlarge,

8   expand, or alter in any way the plain meaning and scope of any specific term or

9   specific requests on the grounds that such enlargement, expansion or alteration

10  renders such a term or request vague, ambiguous, unintelligible, overly broad,

11  unduly burdensome, uncertain or otherwise open to interpretation.

12

13  <u>REASON WHY FURTHER RESPONSE TO REQUEST FOR ADMISSION NO.</u>

14  <u>25 SHOULD BE COMPELLED:</u>

15  ████████████████████████████████████

16  ████████████████████████████████████[139]

17  ████████████████████████████████████

18  ████████████████████████████████████

19  ██████████████████████████████ Id.

20  In addition, the Court expressly ruled that the issues surrounding the Larian-

21  O'Connor email remain open for discovery and adjudication going forward.  <u>See</u>

22  September 22, 2009 Order at 1-2.[140]  Among other things, this Request is directly

23  relevant to whether Larian committed perjury in his Phase 1 trial testimony.  It is

24  also relevant to the decision to withhold the email, which constitutes the RICO

25  predicate of obstruction of justice.  <u>See</u> <u>United States v. Lench</u>, 806 F.2d 1443, 1445

26  _____

27  [139]   Watson Decl., Ex. 1.

28

1 (9th Cir. 1986) (that defendant "failed to provide the information requested and
2 lied" about it "is all that is necessary to obstruct justice").

3      Even had it not been already overruled, MGA's privilege objection is
4 baseless. This Request simply asks MGA to admit that the Larian-O'Connor email
5 was listed on its privilege log prior to January 23, 2008. The question clearly does
6 not implicate the privilege or work product. It is black letter law that "questions
7 related to the existence of attorney-client communications" are not protected by the
8 privilege. Markwest Hydrocarbon, Inc. v. Liberty Mutual Ins. Co., 2007 WL
9 1106105, at *4 (D. Colo. April 12, 2007); see also New Jersey v. Sprint Corp., 2009
10 WL 1917412, at *18 (D. Kan. July 2, 2009) ("Questions regarding the existence,
11 extent, or waiver of an attorney-client privilege or work-product immunity are not
12 themselves privileged or protected"); B.F.G. of Illinois, Inc. v. Ameritech Corp.,
13 2001 WL 1414468, at *4 (N.D. Ill. Nov. 13, 2001) ("plaintiffs' counsel's proper
14 questions regarding foundational facts going to the assertion of privilege were
15 improperly objected to and the witness instructed not to answer"); Malletier v.
16 Dooney & Bourke, Inc., 2006 WL 3851150, at *1 (S.D.N.Y. Dec. 18, 2006)
17 (declarations submitted to support claim of privilege were improperly redacted
18 because "plaintiff has effectively eliminated from the declarations much of the basic
19 information that would be required to appear on a privilege log, together with the
20 foundational facts that its adversary would be entitled to discover in order to test a
21 privilege claim.").

22      MGA has already conceded the fact related to this Request. ███████
23 ████████████████████████████████████████████████████████████
24 ████████████████████████████████, ██████████████████████████
25 ████████████████████████████████████████████████████████████

26
27 [140] Watson Decl., Ex. 42.
28

1  ████████████████████████████████ ,"[141]   MGA cannot concede facts to the
2  Court for the purposes of avoiding sanctions, then refuse to admit them for purposes
3  of discovery.   Notably, although MGA conceded these facts at the September 22,
4  2009 hearing, Mattel is nonetheless entitled to receive admissions as to these facts.
5  Admissions, unlike pleadings or other evidentiary statements, are "binding upon the
6  party making them.   They may not be controverted at trial or on appeal.   Indeed,
7  they are 'not evidence at all but rather have the effect of withdrawing a fact from
8  contention.'"   Keller v. Untied States, 58 F.3d 1194, 1198 n.8 (7th Cir. 1995)
9  (quoting Michael H. Graham, Federal Practice and Procedure: Evidence § 6726.

10      MGA's objection as to burden and oppression is frivolous.   See A.
11  Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general
12  or boilerplate objections such as 'overly burdensome and harassing' are improper –
13  especially when a party fails to submit any evidentiary declarations supporting such
14  objections").   There is no conceivable burden in admitting a fact MGA has already
15  conceded on the record; and indeed, MGA provides no basis for the burden
16  objection, as required.   See Discovery Master Order No. 17, dated April 14, 2009, at
17  20 (overruling objections not stated with specificity);[142]   Jackson v. Montgomery
18  Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) (party claiming a
19  discovery request is "unduly burdensome must allege specific facts which indicate
20  the nature and extent of the burden, usually by affidavit or other reliable evidence");
21  Horsewood v. Kids "R" Us, 1998 WL 526589, at *4 (D. Kan. Aug. 13, 1998)
22  ("Mere assertions by plaintiff of harassment and intimidation provide no evidence of
23  undue burden."); Bible v. Rio Props., Inc., 246 F.R.D. 614, 618 (C.D. Cal. 2007)
24  ("Contrary to defendant's assertion, the party who resists discovery has the burden to
25  show discovery should not be allowed, and has the burden of clarifying, explaining,

---

27  [141]   Sealed Hearing Tr. at 4:19-24; 8:17-9:11; 11:14-22, Watson Decl., Ex. 27.

1  and supporting its objections."); Discovery Master Order No. 46, dated August 14,

2  2009, at 33 ("[T]he party claiming that a discovery request is unduly burdensome

3  must allege specific facts which indicate the nature and extent of the burden, usually

4  by affidavit or other reliable evidence.") (citing <u>Jackson v. Montgomery Ward &</u>

5  <u>Co., Inc.</u>, 173 F.R.D. 524, 528-29 (D. Nev. 1997)).

6         Lastly, MGA objects to "any instructions· or definitions that seek to

7  impose requirements in addition to those imposed by the Federal Rules of Civil

8  Procedure or any applicable local rule."  Mattel's RFAs did not include instructions,

9  so MGA's boilerplate objection on that ground makes no sense.  Nor does MGA

10  specify which, if any, of the four definitions in Mattel's requests is improper, much

11  less provide any basis for the objection.  Mattel's definitions are proper and MGA's

12  boilerplate objection should be overruled.

13

14  <u>REQUEST FOR ADMISSION NO. 26</u>:

15         Admit that the document attached hereto as Exhibit 1 was listed on

16  MGA'S REVISED JANUARY 23, 2008 PRIVILEGE LOG because MGA knew

17  prior to that time that MGA had been compelled by Court Order to produce the

18  document attached hereto as Exhibit 1.

19

20  <u>RESPONSE TO REQUEST FOR ADMISSION NO. 26</u>:

21         MGA objects to the request on the grounds that it is vague in failing to

22  specify any Court Order that Mattel contends applies and on the ground that it calls

23  for a legal conclusion.  MGA objects to the request as it seeks disclosure of

24  information that is protected by the attorney-client privilege and/or work product

25  doctrine in that the basis for MGA's knowledge is communications with his counsel.

26

27    [142]  Watson Decl., Ex. 37.

28

1  MGA objects to the request to the extent it seeks information not relevant to the

2  claims or defenses of any party to this action and not reasonably calculated to lead

3  to the discovery of admissible evidence. MGA objects to the request to the extent it

4  is unduly burdensome and oppressive. In responding, MGA has not and will not

5  comply with any instructions or definitions that seek to impose requirements in

6  addition to those imposed by the Federal Rules of Civil Procedure or any applicable

7  local rule. MGA reserves the right to object on any ground at any time to such other

8  and supplemental discovery requests as Mattel may propound involving or relating

9  to the same subject matter(s) of the request. MGA objects to the definitions and

10 instructions to the extent such definitions and instructions purport to enlarge,

11 expand, or alter in any way the plain meaning and scope of any specific term or

12 specific requests on the grounds that such enlargement, expansion or alteration

13 renders such a term or request vague, ambiguous, unintelligible, overly broad,

14 unduly burdensome, uncertain or otherwise open to interpretation. Finally, MGA

15 objects to this request as compound in that it combines three requests, see Request

16 Nos. 2, 3 and Request No. 23.

17

18 <u>REASON WHY FURTHER RESPONSE TO REQUEST FOR ADMISSION NO.</u>

19 <u>26 SHOULD BE COMPELLED:</u>



21                                                                                    .[143]

24                                                                                    Id.

25 In addition, the Court expressly ruled that the issues surrounding the Larian-

26

27   [143]   Watson Decl., Ex. 1.

28

1  O'Connor email remain open for discovery and adjudication going forward.  See
2  September 22, 2009 Order at 1-2.[144]  Among other things, this Request is directly
3  relevant to whether Larian committed perjury in his Phase 1 trial testimony.  It is
4  also relevant to the decision to withhold the email, which constitutes the RICO
5  predicate of obstruction of justice.  See United States v. Lench, 806 F.2d 1443, 1445
6  (9th Cir. 1986) (that defendant "failed to provide the information requested and
7  lied" about it "is all that is necessary to obstruct justice").

8         MGA's "vagueness" objection is disingenuous.  MGA knows full well
9  the document is responsive to previously compelled requests.  MGA produced an
10  incomplete version of the Larian-O'Connor email and logged it on its privilege log.
11  Moreover, MGA's current counsel specifically produced the full Larian-O'Connor
12  email as a document it believed had previously been improperly withheld on
13  privilege grounds.  MGA cannot now pretend to be unaware that the document is
14  responsive to previously-compelled requests from Mattel.  The Request
15  appropriately seeks the knowledge of both the MGA Parties and their counsel.  A
16  recipient of requests for admission is required to respond informed by the
17  knowledge of its counsel.  Christian v. Janed Enterprises, Inc., 2009 WL 1796074,
18  at *2 (M.D. Ga. June 23, 2009) (party required to answer requests for admission
19  with knowledge in possession of the party and its counsel); Hise v Lockwood
20  Grader Corp., 153 F Supp 276, 278 (D. Neb. 1957) (plaintiff required to respond to
21  requests for admission with facts only in the possession of counsel).

22         MGA"s "legal conclusion" objection fares no better.  The prior
23  Discovery Master repeatedly overruled the exact same "legal conclusion" objections
24  MGA asserts here.  In compelling Bryant to respond to RFAs related to his opinions
25  about the enforceability of his employment contract with Mattel and the copyrights

26

27  [144]  Watson Decl., Ex. 42.

28

00505.07975/3180667.1

-121-

STATEMENT ISO MATTEL'S MOTION TO COMPEL MGA'S RESPONSE TO RFAS

related to Bratz, the Discovery Master overruled Bryant's privilege and "legal conclusion" objections and ruled that "requests for admission calling for application of law to facts are permissible" and that "[t]he fact that Bryant may need to consult with counsel to respond to the requests does not make the response privileged."[145] Similarly, the Discovery Master compelled MGA to respond to RFAs seeking information about MGA's copyright registrations and the accuracy of MGA's statements to the press, emphasizing that "requests calling for legal conclusions are permissible" so long as they are related to the facts of the case.[146]  The Discovery Master also reiterated that it is immaterial that MGA may need to consult with counsel to answer the RFAs because "[t]o hold otherwise would effectively gut the provisions of Rule 36 authorizing requests that call for the application of law to fact." Id.

Even had it not been already overruled, MGA's privilege objection is baseless.   This Request simply asks MGA to admit that it placed the Larian-O'Connor email on its privilege log because it was response to previously compelled Mattel document requests.   The question clearly does not implicate the privilege or work product.   It is black letter law that "questions related to the existence of attorney-client communications" are not protected by the privilege. Markwest Hydrocarbon, Inc. v. Liberty Mutual Ins. Co., 2007 WL 1106105, at *4 (D. Colo. April 12, 2007); see also New Jersey v. Sprint Corp., 2009 WL 1917412, at *18 (D. Kan. July 2, 2009) ("Questions regarding the existence, extent, or waiver of an attorney-client privilege or work-product immunity are not themselves privileged or protected");   B.F.G. of Illinois, Inc. v. Ameritech Corp., 2001 WL 1414468, at *4 (N.D. Ill. Nov. 13, 2001) ("plaintiffs' counsel's proper questions regarding foundational facts going to the assertion of privilege were improperly

---

[145]   Discovery Master Order, dated August 20, 2007, at 6, Watson Decl., Ex. 32.

STATEMENT ISO MATTEL'S MOTION TO COMPEL MGA'S RESPONSE TO RFAS

1  objected to and the witness instructed not to answer"); <u>Malletier v. Dooney &</u>
2  <u>Bourke, Inc.</u>, 2006 WL 3851150, at *1 (S.D.N.Y. Dec. 18, 2006) (declarations
3  submitted to support claim of privilege were improperly redacted because "plaintiff
4  has effectively eliminated from the declarations much of the basic information that
5  would be required to appear on a privilege log, together with the foundational facts
6  that its adversary would be entitled to discover in order to test a privilege claim.").

7    MGA has already conceded the fact sought by this Request. ▮▮▮

8  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

9  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, ▮▮▮▮▮▮▮▮▮▮▮

10 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

11 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮,"[147] ▮▮▮▮▮▮

12 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

13 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

14 ▮▮▮▮▮▮▮▮▮. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

15 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

16 ▮▮▮▮▮▮,"[148]  MGA cannot concede facts to the Court for the purposes of
17 avoiding sanctions, then refuse to admit them for purposes of discovery. Notably,
18 although MGA conceded these facts at the September 22, 2009 hearing, Mattel is
19 nonetheless entitled to receive admissions as to these facts. Admissions, unlike
20 pleadings or other evidentiary statements, are "binding upon the party making them.
21 They may not be controverted at trial or on appeal. Indeed, they are 'not evidence at

22

---

23  [146]  Discovery Master Order, dated August 21, 2007, at 7, Watson Decl., Ex. 31.
24  [147]  Sealed Hearing Tr. at 4:19-24; 8:17-9:11; 11:14-22, Watson Decl., Ex. 27.
25  [148]  September 22, 2009 Sealed Hearing Tr. at 22:22-23:4, Watson Decl., Ex. 27;
    <u>see also</u> <u>id.</u> at 13:4-10 (THE COURT: "And obviously Victoria O'Conner is not an
26  attorney; the argument is that she was conveying – without getting into the
    substance of it – that she was conveying legal advice, reminding Mr. Larian of legal
27  advice.");
28

1    all but rather have the effect of withdrawing a fact from contention.'" <u>Keller v.</u>

2    <u>Untied States</u>, 58 F.3d 1194, 1198 n.8 (7th Cir. 1995) (quoting Michael H. Graham,

3    Federal Practice and Procedure: Evidence § 6726.

4         MGA's objection as to burden and oppression is frivolous. <u>See</u> <u>A.</u>

5    <u>Farber and Partners, Inc. v. Garber</u>, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general

6    or boilerplate objections such as 'overly burdensome and harassing' are improper –

7    especially when a party fails to submit any evidentiary declarations supporting such

8    objections").  There is no conceivable burden in admitting a fact MGA has already

9    conceded on the record; and indeed, MGA provides no basis for the burden

10   objection, as required. <u>See</u> Discovery Master Order No. 17, dated April 14, 2009, at

11   20 (overruling objections not stated with specificity);[149] <u>Jackson v. Montgomery</u>

12   <u>Ward & Co., Inc.</u>, 173 F.R.D. 524, 528-29 (D. Nev. 1997) (party claiming a

13   discovery request is "unduly burdensome must allege specific facts which indicate

14   the nature and extent of the burden, usually by affidavit or other reliable evidence");

15   <u>Horsewood v. Kids "R" Us</u>, 1998 WL 526589, at *4 (D. Kan. Aug. 13, 1998)

16   ("Mere assertions by plaintiff of harassment and intimidation provide no evidence of

17   undue burden."); <u>Bible v. Rio Props., Inc.</u>, 246 F.R.D. 614, 618 (C.D. Cal. 2007)

18   ("Contrary to defendant's assertion, the party who resists discovery has the burden to

19   show discovery should not be allowed, and has the burden of clarifying, explaining,

20   and supporting its objections."); Discovery Master Order No. 46, dated August 14,

21   2009, at 33 ("[T]he party claiming that a discovery request is unduly burdensome

22   must allege specific facts which indicate the nature and extent of the burden, usually

23   by affidavit or other reliable evidence.") (citing <u>Jackson v. Montgomery Ward &</u>

24   <u>Co., Inc.</u>, 173 F.R.D. 524, 528-29 (D. Nev. 1997)).

25

26

27     [149]   Watson Decl., Ex. 37.

28

1       Lastly, MGA objects to "any instructions or definitions that seek to
2   impose requirements in addition to those imposed by the Federal Rules of Civil
3   Procedure or any applicable local rule."  Mattel's RFAs did not include instructions,
4   so MGA's boilerplate objection on that ground makes no sense.  Nor does MGA
5   specify which, if any, of the four definitions in Mattel's requests is improper, much
6   less provide any basis for the objection.  Mattel's definitions are proper and MGA's
7   boilerplate objection should be overruled.

8

9   REQUEST FOR ADMISSION NO. 27:

10       Admit that the document corresponding to Entry No. 557 on MGA's
11   [sic] MGA'S REVISED JANUARY 23 2008 PRIVILEGE LOG is a duplicate of the
12   document attached hereto as Exhibit 1.

13

14   RESPONSE TO REQUEST FOR ADMISSION NO. 27:

15       MGA objects to the request as it seeks disclosure of information that is
16   protected by the attorney-client privilege and/or work product doctrine in that the
17   basis for MGA's knowledge is communications with its counsel.  MGA objects to
18   the request to the extent it seeks information not relevant to the claims or defenses
19   of any party to this action and not reasonably calculated to lead to the discovery of
20   admissible evidence.  MGA objects to the request to the extent it is unduly
21   burdensome and oppressive.  In responding, MGA has not and will not comply with
22   any instructions or definitions that seek to impose requirements in addition to those
23   imposed by the Federal Rules of Civil Procedure or any applicable local rule.  MGA
24   reserves the right to object on any ground at any time to such other and
25   supplemental discovery requests as Mattel may propound involving or relating to
26   the same subject matter(s) of the request.  MGA objects to the definitions and
27   instructions to the extent such definitions and instructions purport to enlarge,
28   expand, or alter in any way the plain meaning and scope of any specific term or

1  specific requests on the grounds that such enlargement, expansion or alteration
2  renders such a term or request vague, ambiguous, unintelligible, overly broad,
3  unduly burdensome, uncertain or otherwise open to interpretation.

4

5  <u>REASON WHY FURTHER RESPONSE TO REQUEST FOR ADMISSION NO.</u>
6  <u>27 SHOULD BE COMPELLED:</u>

7  █████████████████████████████████████████████
8  ████████████████████████████████████████████████ [150]
9  ████████████████████████████████████████████████████
10 ████████████████████████████████████████████████████
11 ████████████████████████████████████████████████ Id.
12 In addition, the Court expressly ruled that the issues surrounding the Larian-
13 O'Connor email remain open for discovery and adjudication going forward. <u>See</u>
14 September 22, 2009 Order at 1-2.[151]   Among other things, this Request is directly
15 relevant to whether Larian committed perjury in his Phase 1 trial testimony.  It is
16 also relevant to the decision to withhold the email, which constitutes the RICO
17 predicate of obstruction of justice. <u>See</u> <u>United States v. Lench</u>, 806 F.2d 1443, 1445
18 (9th Cir. 1986) (that defendant "failed to provide the information requested and
19 lied" about it "is all that is necessary to obstruct justice").

20       The Request appropriately seeks the knowledge of both the MGA
21 Parties and their counsel.  A recipient of requests for admission is required to
22 respond informed by the knowledge of its counsel. <u>Christian v. Janed Enterprises,</u>
23 <u>Inc.,</u> 2009 WL 1796074, at *2 (M.D. Ga. June 23, 2009) (party required to answer
24 requests for admission with knowledge in possession of the party and its counsel);
25 <u>Hise v Lockwood Grader Corp.,</u> 153 F Supp 276, 278 (D. Neb. 1957) (plaintiff

26

27   [150]   Watson Decl., Ex. 1.

28

1  required to respond to requests for admission with facts only in the possession of

2  counsel).

3  Even had it not been already overruled, MGA's privilege objection is

4  baseless.  This Request simply asks MGA to admit that the Larian-O'Connor email

5  is Entry No. 557 from MGA's privilege log.  The question clearly does not implicate

6  the privilege or work product, as MGA has produced the document in question.  It is

7  black letter law that "questions related to the existence of attorney-client

8  communications" are not protected by the privilege.  Markwest Hydrocarbon, Inc. v.

9  Liberty Mutual Ins. Co., 2007 WL 1106105, at *4 (D. Colo. April 12, 2007); see

10  also New Jersey v. Sprint Corp., 2009 WL 1917412, at *18 (D. Kan. July 2, 2009)

11  ("Questions regarding the existence, extent, or waiver of an attorney-client privilege

12  or work-product immunity are not themselves privileged or protected");  B.F.G. of

13  Illinois, Inc. v. Ameritech Corp., 2001 WL 1414468, at *4 (N.D. Ill. Nov. 13, 2001)

14  ("plaintiffs' counsel's proper questions regarding foundational facts going to the

15  assertion of privilege were improperly objected to and the witness instructed not to

16  answer"); Malletier v. Dooney & Bourke, Inc., 2006 WL 3851150, at *1 (S.D.N.Y.

17  Dec. 18, 2006) (declarations submitted to support claim of privilege were

18  improperly redacted because "plaintiff has effectively eliminated from the

19  declarations much of the basic information that would be required to appear on a

20  privilege log, together with the foundational facts that its adversary would be

21  entitled to discover in order to test a privilege claim.").

22  MGA has already conceded the fact sought by this Request.  ▮▮▮▮

23  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

24  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮,▮▮▮▮▮▮▮▮▮▮▮▮

25  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

26

27  [151]  Watson Decl., Ex. 42.

28

1   ██████████████████████████████[,]152 ████████████████

2   ████████████████████████████████████████████████████

3   ████████████████████████████████████████████████████

4   ████████████████████████.████████████████████████

5   ████████████████████████████████████████████████████

6   ██████████[,]153  MGA cannot concede facts to the Court for the purposes of

7 avoiding sanctions, then refuse to admit them for purposes of discovery. Notably,

8 although MGA conceded these facts at the September 22, 2009 hearing, Mattel is

9 nonetheless entitled to receive admissions as to these facts. Admissions, unlike

10 pleadings or other evidentiary statements, are "binding upon the party making them.

11 They may not be controverted at trial or on appeal. Indeed, they are 'not evidence at

12 all but rather have the effect of withdrawing a fact from contention.'" Keller v.

13 Untied States, 58 F.3d 1194, 1198 n.8 (7th Cir. 1995) (quoting Michael H. Graham,

14 Federal Practice and Procedure: Evidence § 6726.

15       MGA's objection as to burden and oppression is frivolous. See A.

16 Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general

17 or boilerplate objections such as 'overly burdensome and harassing' are improper –

18 especially when a party fails to submit any evidentiary declarations supporting such

19 objections"). There is no conceivable burden in admitting a fact MGA has already

20 conceded on the record; and indeed, MGA provides no basis for the burden

21 objection, as required. See Discovery Master Order No. 17, dated April 14, 2009, at

22

23

---

24   [152]  Sealed Hearing Tr. at 4:19-24; 8:17-9:11; 11:14-22, Watson Decl., Ex. 27.

25   [153]  September 22, 2009 Sealed Hearing Tr. at 22:22-23:4, Watson Decl., Ex. 27; see also id. at 13:4-10 (THE COURT: "And obviously Victoria O'Conner is not an

26 attorney; the argument is that she was conveying – without getting into the

27 substance of it – that she was conveying legal advice, reminding Mr. Larian of legal advice.");

28

20 (overruling objections not stated with specificity);[154] <u>Jackson v. Montgomery Ward & Co., Inc.</u>, 173 F.R.D. 524, 528-29 (D. Nev. 1997) (party claiming a discovery request is "unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence"); <u>Horsewood v. Kids "R" Us</u>, 1998 WL 526589, at *4 (D. Kan. Aug. 13, 1998) ("Mere assertions by plaintiff of harassment and intimidation provide no evidence of undue burden."); <u>Bible v. Rio Props., Inc.</u>, 246 F.R.D. 614, 618 (C.D. Cal. 2007) ("Contrary to defendant's assertion, the party who resists discovery has the burden to show discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections."); Discovery Master Order No. 46, dated August 14, 2009, at 33 ("[T]he party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence.") (citing <u>Jackson v. Montgomery Ward & Co., Inc.</u>, 173 F.R.D. 524, 528-29 (D. Nev. 1997)).

Lastly, MGA objects to "any instructions or definitions that seek to impose requirements in addition to those imposed by the Federal Rules of Civil Procedure or any applicable local rule." Mattel's RFAs did not include instructions, so MGA's boilerplate objection on that ground makes no sense. Nor does MGA specify which, if any, of the four definitions in Mattel's requests is improper, much less provide any basis for the objection. Mattel's definitions are proper and MGA's boilerplate objection should be overruled.

---

[154]  Watson Decl., Ex. 37.

STATEMENT ISO MATTEL'S MOTION TO COMPEL MGA'S RESPONSE TO RFAS

1 | REQUEST FOR ADMISSION NO. 28:

2 |         Admit that the document corresponding to Entry No. 557 on MGA's

3 | REVISED JANUARY 23, 2008 PRIVILEGE LOG is not a duplicate of the

4 | document attached hereto as Exhibit 1.

5 |

6 | RESPONSE TO REQUEST FOR ADMISSION NO. 28:

7 |         MGA objects to the request as it seeks disclosure of information that is

8 | protected by the attorney-client privilege and/or work product doctrine in that the

9 | basis for MGA's knowledge is communications with its counsel.  MGA objects to

10 | the request to the extent it seeks information not relevant to the claims or defenses

11 | of any party to this action and not reasonably calculated to lead to the discovery of

12 | admissible evidence.  MGA objects to the request to the extent it is unduly

13 | burdensome and oppressive.  In responding, MGA has not and will not comply with

14 | any instructions or definitions that seek to impose requirements in addition to those

15 | imposed by the Federal Rules of Civil Procedure or any applicable local rule.  MGA

16 | reserves the right to object on any ground at any time to such other and

17 | supplemental discovery requests as Mattel may propound involving or relating to

18 | the same subject matter(s) of the request.  MGA objects to the definitions and

19 | instructions to the extent such definitions and instructions purport to enlarge,

20 | expand, or alter in any way the plain meaning and scope of any specific term or

21 | specific requests on the grounds that such enlargement, expansion or alteration

22 | renders such a term or request vague, ambiguous, unintelligible, overly broad,

23 | unduly burdensome, uncertain or otherwise open to interpretation.

24 |

25 |

26 |

27 |

28 |

1  | REASON WHY FURTHER RESPONSE TO REQUEST FOR ADMISSION NO.

2  | 28 SHOULD BE COMPELLED:

3  | ████████████████████████████████████

4  | ████████████████████████████████████ [155]

5  | ████████████████████████████████████

6  | ████████████████████████████████████

7  | ████████████████████████████████████ Id.

8  In addition, the Court expressly ruled that the issues surrounding the Larian-

9  O'Connor email remain open for discovery and adjudication going forward.  See

10  September 22, 2009 Order at 1-2.[156]  Among other things, this Request is directly

11  relevant to whether Larian committed perjury in his Phase 1 trial testimony.  It is

12  also relevant to the decision to withhold the email, which constitutes the RICO

13  predicate of obstruction of justice.  See United States v. Lench, 806 F.2d 1443, 1445

14  (9th Cir. 1986) (that defendant "failed to provide the information requested and

15  lied" about it "is all that is necessary to obstruct justice").

16  The Request appropriately seeks the knowledge of both the MGA

17  Parties and their counsel.  A recipient of requests for admission is required to

18  respond informed by the knowledge of its counsel.  Christian v. Janed Enterprises,

19  Inc., 2009 WL 1796074, at *2 (M.D. Ga. June 23, 2009) (party required to answer

20  requests for admission with knowledge in possession of the party and its counsel);

21  Hise v Lockwood Grader Corp., 153 F Supp 276, 278 (D. Neb. 1957) (plaintiff

22  required to respond to requests for admission with facts only in the possession of

23  counsel).

24  Even had it not been already overruled, MGA's privilege objection is

25  baseless.  This Request simply asks MGA to admit that the Larian-O'Connor email

26

27  [155]  Watson Decl., Ex. 1.

28

1   is not the same document as is listed in Entry No. 557 to MGA's privilege log.  The

2   question clearly does not implicate the privilege or work product.  It is black letter

3   law that "questions related to the existence of attorney-client communications" are

4   not protected by the privilege.  <u>Markwest Hydrocarbon, Inc. v. Liberty Mutual Ins.</u>

5   <u>Co.</u>, 2007 WL 1106105, at *4 (D. Colo. April 12, 2007); <u>see</u> <u>also</u> <u>New Jersey v.</u>

6   <u>Sprint Corp.</u>, 2009 WL 1917412, at *18 (D. Kan. July 2, 2009) ("Questions

7   regarding the existence, extent, or waiver of an attorney-client privilege or work-

8   product immunity are not themselves privileged or protected"); <u>B.F.G. of Illinois,</u>

9   <u>Inc. v. Ameritech Corp.</u>, 2001 WL 1414468, at *4 (N.D. Ill. Nov. 13, 2001)

10  ("plaintiffs' counsel's proper questions regarding foundational facts going to the

11  assertion of privilege were improperly objected to and the witness instructed not to

12  answer"); <u>Malletier v. Dooney & Bourke, Inc.</u>, 2006 WL 3851150, at *1 (S.D.N.Y.

13  Dec. 18, 2006) (declarations submitted to support claim of privilege were

14  improperly redacted because "plaintiff has effectively eliminated from the

15  declarations much of the basic information that would be required to appear on a

16  privilege log, together with the foundational facts that its adversary would be

17  entitled to discover in order to test a privilege claim.").

18          MGA has already conceded the fact sought by this Request. ▮▮▮



26

27      [156]   Watson Decl., Ex. 42.

28

1    ████████████████████████████████████████████

2    ██████████████[,][158]  MGA cannot concede facts to the Court for the purposes of

3    avoiding sanctions, then refuse to admit them for purposes of discovery.  Notably,

4    although MGA conceded these facts at the September 22, 2009 hearing, Mattel is

5    nonetheless entitled to receive admissions as to these facts.  Admissions, unlike

6    pleadings or other evidentiary statements, are "binding upon the party making them.

7    They may not be controverted at trial or on appeal.  Indeed, they are 'not evidence at

8    all but rather have the effect of withdrawing a fact from contention.'"  Keller v.

9    Untied States, 58 F.3d 1194, 1198 n.8 (7th Cir. 1995) (quoting Michael H. Graham,

10   Federal Practice and Procedure: Evidence § 6726.

11          MGA's objection as to burden and oppression is frivolous.  See A.

12   Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general

13   or boilerplate objections such as 'overly burdensome and harassing' are improper –

14   especially when a party fails to submit any evidentiary declarations supporting such

15   objections").  There is no conceivable burden in admitting a fact MGA has already

16   conceded on the record; and indeed, MGA provides no basis for the burden

17   objection, as required.  See Discovery Master Order No. 17, dated April 14, 2009, at

18   20 (overruling objections not stated with specificity);[159]  Jackson v. Montgomery

19   Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) (party claiming a

20   discovery request is "unduly burdensome must allege specific facts which indicate

21   the nature and extent of the burden, usually by affidavit or other reliable evidence");

22   _____

23   [157]  Sealed Hearing Tr. at 4:19-24; 8:17-9:11; 11:14-22, Watson Decl., Ex. 27.

24   [158]  September 22, 2009 Sealed Hearing Tr. at 22:22-23:4, Watson Decl., Ex. 27;

25   see also id. at 13:4-10 (THE COURT: "And obviously Victoria O'Conner is not an

     attorney; the argument is that she was conveying – without getting into the

26   substance of it – that she was conveying legal advice, reminding Mr. Larian of legal

27   advice.");

     [159]  Watson Decl., Ex. 37.

28

1  Horsewood v. Kids "R" Us, 1998 WL 526589, at *4 (D. Kan. Aug. 13, 1998)
2  ("Mere assertions by plaintiff of harassment and intimidation provide no evidence of
3  undue burden."); Bible v. Rio Props., Inc., 246 F.R.D. 614, 618 (C.D. Cal. 2007)
4  ("Contrary to defendant's assertion, the party who resists discovery has the burden to
5  show discovery should not be allowed, and has the burden of clarifying, explaining,
6  and supporting its objections."); Discovery Master Order No. 46, dated August 14,
7  2009, at 33 ("[T]he party claiming that a discovery request is unduly burdensome
8  must allege specific facts which indicate the nature and extent of the burden, usually
9  by affidavit or other reliable evidence.") (citing Jackson v. Montgomery Ward &
10 Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997)).

11        Lastly, MGA objects to "any instructions or definitions that seek to
12 impose requirements in addition to those imposed by the Federal Rules of Civil
13 Procedure or any applicable local rule." Mattel's RFAs did not include instructions,
14 so MGA's boilerplate objection on that ground makes no sense. Nor does MGA
15 specify which, if any, of the four definitions in Mattel's requests is improper, much
16 less provide any basis for the objection. Mattel's definitions are proper and MGA's
17 boilerplate objection should be overruled.

18

19 REQUEST FOR ADMISSION NO. 29:

20        Admit that the document corresponding to Entry No. 557 on MGA'S
21 REVISED JANUARY 23, 2008 PRIVILEGE LOG is a further communication
22 related to the subject or subjects of the document attached hereto as Exhibit 1.

23

24 RESPONSE TO REQUEST FOR ADMISSION NO. 29:

25        MGA objects on the grounds that the phrase "further communication
26 related to the subject or subjects of the document attached hereto as Exhibit 1" is
27 vague and ambiguous. MGA objects to the request as it seeks disclosure of
28 information that is protected by the attorney-client privilege and/or work product

1   doctrine in that the basis for MGA's knowledge is communications with its counsel.

2   MGA objects to the request to the extent it seeks information not relevant to the

3   claims or defenses of any party to this action and not reasonably calculated to lead

4   to the discovery of admissible evidence. MGA objects to the request to the extent it

5   is unduly burdensome and oppressive. In responding, MGA has not and will not

6   comply with any instructions or definitions that seek to impose requirements in

7   addition to those imposed by the Federal Rules of Civil Procedure or any applicable

8   local rule. MGA reserves the right to object on any ground at any time to such other

9   and supplemental discovery requests as Mattel may propound involving or relating

10   to the same subject matter(s) of the request. MGA objects to the definitions and

11   instructions to the extent such definitions and instructions purport to enlarge,

12   expand, or alter in any way the plain meaning and scope of any specific term or

13   specific requests on the grounds that such enlargement, expansion or alteration

14   renders such a term or request vague, ambiguous, unintelligible, overly broad,

15   unduly burdensome, uncertain or otherwise open to interpretation.

17   <u>REASON WHY FURTHER RESPONSE TO REQUEST FOR ADMISSION NO.</u>

18   <u>29 SHOULD BE COMPELLED:</u>



[160]

Id.

24   In addition, the Court expressly ruled that the issues surrounding the Larian-

25   O'Connor email remain open for discovery and adjudication going forward. <u>See</u>

---

[160]   Watson Decl., Ex. 1.

September 22, 2009 Order at 1-2.[161]   Among other things, this Request is directly relevant to whether Larian committed perjury in his Phase 1 trial testimony.  It is also relevant to the decision to withhold the email, which constitutes the RICO predicate of obstruction of justice.  See United States v. Lench, 806 F.2d 1443, 1445 (9th Cir. 1986) (that defendant "failed to provide the information requested and lied" about it "is all that is necessary to obstruct justice").

The Request appropriately seeks the knowledge of both the MGA Parties and their counsel.  A recipient of requests for admission is required to respond informed by the knowledge of its counsel.  Christian v. Janed Enterprises, Inc., 2009 WL 1796074, at *2 (M.D. Ga. June 23, 2009) (party required to answer requests for admission with knowledge in possession of the party and its counsel); Hise v Lockwood Grader Corp., 153 F Supp 276, 278 (D. Neb. 1957) (plaintiff required to respond to requests for admission with facts only in the possession of counsel).

MGA's objection that the Request is, in some unstated way, "vague and ambiguous" is specious.  There is nothing vague about asking MGA to admit whether one document relates to the same subject matter as another document.

Even had it not been already overruled, MGA's privilege objection is baseless.  This Request simply asks MGA to admit that Entry No. 557 to its privilege log is a further communication concerning the same subject matter as the Larian-O'Connor email.  The question clearly does not implicate the privilege or work product.  It is black letter law that "questions related to the existence of attorney-client communications" are not protected by the privilege.  Markwest Hydrocarbon, Inc. v. Liberty Mutual Ins. Co., 2007 WL 1106105, at *4 (D. Colo. April 12, 2007); see also New Jersey v. Sprint Corp., 2009 WL 1917412, at *18 (D.

---

[161]   Watson Decl., Ex. 42.

Kan. July 2, 2009) ("Questions regarding the existence, extent, or waiver of an attorney-client privilege or work-product immunity are not themselves privileged or protected"); B.F.G. of Illinois, Inc. v. Ameritech Corp., 2001 WL 1414468, at *4 (N.D. Ill. Nov. 13, 2001) ("plaintiffs' counsel's proper questions regarding foundational facts going to the assertion of privilege were improperly objected to and the witness instructed not to answer"); Malletier v. Dooney & Bourke, Inc., 2006 WL 3851150, at *1 (S.D.N.Y. Dec. 18, 2006) (declarations submitted to support claim of privilege were improperly redacted because "plaintiff has effectively eliminated from the declarations much of the basic information that would be required to appear on a privilege log, together with the foundational facts that its adversary would be entitled to discover in order to test a privilege claim.").

MGA's objection as to burden and oppression is frivolous. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections"). There is no conceivable burden in admitting a fact MGA has already conceded on the record; and indeed, MGA provides no basis for the burden objection, as required. See Discovery Master Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity);[162] Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) (party claiming a discovery request is "unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence"); Horsewood v. Kids "R" Us, 1998 WL 526589, at *4 (D. Kan. Aug. 13, 1998) ("Mere assertions by plaintiff of harassment and intimidation provide no evidence of undue burden."); Bible v. Rio Props., Inc., 246 F.R.D. 614, 618 (C.D. Cal. 2007)

---

[162]  Watson Decl., Ex. 37.

1  ("Contrary to defendant's assertion, the party who resists discovery has the burden to

2  show discovery should not be allowed, and has the burden of clarifying, explaining,

3  and supporting its objections."); Discovery Master Order No. 46, dated August 14,

4  2009, at 33 ("[T]he party claiming that a discovery request is unduly burdensome

5  must allege specific facts which indicate the nature and extent of the burden, usually

6  by affidavit or other reliable evidence.") (citing <u>Jackson v. Montgomery Ward &</u>

7  <u>Co., Inc.</u>, 173 F.R.D. 524, 528-29 (D. Nev. 1997)).

8       Lastly, MGA objects to "any instructions or definitions that seek to

9  impose requirements in addition to those imposed by the Federal Rules of Civil

10  Procedure or any applicable local rule."  Mattel's RFAs did not include instructions,

11  so MGA's boilerplate objection on that ground makes no sense.  Nor does MGA

12  specify which, if any, of the four definitions in Mattel's requests is improper, much

13  less provide any basis for the objection.  Mattel's definitions are proper and MGA's

14  boilerplate objection should be overruled.

15

16  <u>REQUEST FOR ADMISSION NO. 30</u>:

17       Admit that the document corresponding to Entry No.  557 on MGA's

18  REVISED JANUARY 23, 2008 PRIVILEGE LOG is not a further communication

19  related to the subject or subjects of the document attached hereto as Exhibit 1.

20

21  <u>RESPONSE TO REQUEST FOR ADMISSION NO. 30</u>:

22       MGA further objects on the grounds that the phrase "further

23  communication related to the subject or subjects of the document attached hereto as

24  Exhibit 1" is vague and ambiguous.  MGA objects to the request as it seeks

25  disclosure of information that is protected by the attorney-client privilege and/or

26  work product doctrine in that the basis for MGA's knowledge is communications

27  with its counsel.  MGA objects to the request to the extent it seeks information not

28  relevant to the claims or defenses of any party to this action and not reasonably

1   calculated to lead to the discovery of admissible evidence.  MGA objects to the
2   request to the extent it is unduly burdensome and oppressive.  In responding, MGA
3   has not and will not comply with any instructions or definitions that seek to impose
4   requirements in addition to those imposed by the Federal Rules of Civil Procedure
5   or any applicable local rule.  MGA reserves the right to object on any ground at any
6   time to such other and supplemental discovery requests as Mattel may propound
7   involving or relating to the same subject matter(s) of the request.  MGA objects to
8   the definitions and instructions to the extent such definitions and instructions
9   purport to enlarge, expand, or alter in any way the plain meaning and scope of any
10  specific term or specific requests on the grounds that such enlargement, expansion
11  or alteration renders such a term or request vague, ambiguous, unintelligible, overly
12  broad, unduly burdensome, uncertain or otherwise open to interpretation.

13

14  <u>REASON WHY FURTHER RESPONSE TO REQUEST FOR ADMISSION NO.</u>
15  <u>30 SHOULD BE COMPELLED:</u>

16  ████████████████████████████████████████████████████████████
17  ██████████████████████████████████████████████████████.[163]
18  ████████████████████████████████████████████████████████████
19  ████████████████████████████████████████████████████████████
20  ██████████████████████████████████████████████████    Id.
21  In addition, the Court expressly ruled that the issues surrounding the Larian-
22  O'Connor email remain open for discovery and adjudication going forward.  <u>See</u>
23  September 22, 2009 Order at 1-2.[164]  Among other things, this Request is directly
24  relevant to whether Larian committed perjury in his Phase 1 trial testimony.  It is
25  also relevant to the decision to withhold the email, which constitutes the RICO

26

27  [163]   Watson Decl., Ex. 1.

28

1  predicate of obstruction of justice.  See United States v. Lench, 806 F.2d 1443, 1445

2  (9th Cir. 1986) (that defendant "failed to provide the information requested and

3  lied" about it "is all that is necessary to obstruct justice").

4          The Request appropriately seeks the knowledge of both the MGA

5  Parties and their counsel.  A recipient of requests for admission is required to

6  respond informed by the knowledge of its counsel.  Christian v. Janed Enterprises,

7  Inc., 2009 WL 1796074, at *2 (M.D. Ga. June 23, 2009) (party required to answer

8  requests for admission with knowledge in possession of the party and its counsel);

9  Hise v Lockwood Grader Corp., 153 F Supp 276, 278 (D. Neb. 1957) (plaintiff

10  required to respond to requests for admission with facts only in the possession of

11  counsel).

12          MGA's objection that the Request is, in some unstated way, "vague and

13  ambiguous" is specious.  There is nothing vague about asking MGA to admit

14  whether one document relates to the same subject matter as another document.

15          Even had it not been already overruled, MGA's privilege objection is

16  baseless.  This Request simply asks MGA to admit Entry No. 557 on its privilege

17  log is not a further communication concerning the same subject matter as the

18  Larian-O'Connor email.  The question clearly does not implicate the privilege or

19  work product.  It is black letter law that "questions related to the existence of

20  attorney-client communications" are not protected by the privilege.  Markwest

21  Hydrocarbon, Inc. v. Liberty Mutual Ins. Co., 2007 WL 1106105, at *4 (D. Colo.

22  April 12, 2007); see also New Jersey v. Sprint Corp., 2009 WL 1917412, at *18 (D.

23  Kan. July 2, 2009) ("Questions regarding the existence, extent, or waiver of an

24  attorney-client privilege or work-product immunity are not themselves privileged or

25  protected");  B.F.G. of Illinois, Inc. v. Ameritech Corp., 2001 WL 1414468, at *4

26

27  [164]  Watson Decl., Ex. 42.

28

1  (N.D. Ill. Nov. 13, 2001) ("plaintiffs' counsel's proper questions regarding
2  foundational facts going to the assertion of privilege were improperly objected to
3  and the witness instructed not to answer"); Malletier v. Dooney & Bourke, Inc.,
4  2006 WL 3851150, at *1 (S.D.N.Y. Dec. 18, 2006) (declarations submitted to
5  support claim of privilege were improperly redacted because "plaintiff has
6  effectively eliminated from the declarations much of the basic information that
7  would be required to appear on a privilege log, together with the foundational facts
8  that its adversary would be entitled to discover in order to test a privilege claim.").

9        MGA's objection as to burden and oppression is frivolous.  See A.
10  Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general
11  or boilerplate objections such as 'overly burdensome and harassing' are improper –
12  especially when a party fails to submit any evidentiary declarations supporting such
13  objections").  There is no conceivable burden in admitting a fact MGA has already
14  conceded on the record; and indeed, MGA provides no basis for the burden
15  objection, as required. See Discovery Master Order No. 17, dated April 14, 2009, at
16  20 (overruling objections not stated with specificity);[165] Jackson v. Montgomery
17  Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) (party claiming a
18  discovery request is "unduly burdensome must allege specific facts which indicate
19  the nature and extent of the burden, usually by affidavit or other reliable evidence");
20  Horsewood v. Kids "R" Us, 1998 WL 526589, at *4 (D. Kan. Aug. 13, 1998)
21  ("Mere assertions by plaintiff of harassment and intimidation provide no evidence of
22  undue burden."); Bible v. Rio Props., Inc., 246 F.R.D. 614, 618 (C.D. Cal. 2007)
23  ("Contrary to defendant's assertion, the party who resists discovery has the burden to
24  show discovery should not be allowed, and has the burden of clarifying, explaining,
25  and supporting its objections."); Discovery Master Order No. 46, dated August 14,
26
27  [165]  Watson Decl., Ex. 37.
28

00505.07975/3180667.1

1  2009, at 33 ("[T]he party claiming that a discovery request is unduly burdensome

2  must allege specific facts which indicate the nature and extent of the burden, usually

3  by affidavit or other reliable evidence.") (citing <u>Jackson v. Montgomery Ward &</u>

4  <u>Co., Inc.</u>, 173 F.R.D. 524, 528-29 (D. Nev. 1997)).

5        Lastly, MGA objects to "any instructions or definitions that seek to

6  impose requirements in addition to those imposed by the Federal Rules of Civil

7  Procedure or any applicable local rule." Mattel's RFAs did not include instructions,

8  so MGA's boilerplate objection on that ground makes no sense. Nor does MGA

9  specify which, if any, of the four definitions in Mattel's requests is improper, much

10  less provide any basis for the objection. Mattel's definitions are proper and MGA's

11  boilerplate objection should be overruled.

12

13  <u>REQUEST FOR ADMISSION NO. 31</u>:

14        Admit that the document corresponding to Entry No. 557 on MGA's

15  REVISED JANUARY 23, 2008 PRIVILEGE LOG has been withheld by MGA

16  from production in this litigation to Mattel on attorney-client privilege grounds.

17

18  <u>RESPONSE TO REQUEST FOR ADMISSION NO. 31</u>:

19        MGA objects to the request as vague and ambiguous in its use of the

20  phrase "the document" because "the document" contains a series of emails certain of

21  which were marked as trial exhibits and, therefore, MGA assumes that "the

22  document" means any portions of the email that were not marked as a trial exhibit.

23  As such, MGA objects to the request as it seeks disclosure of information that is

24  protected by the attorney-client privilege and/or work product doctrine in that the

25  basis for MGA's knowledge is communications with its counsel. MGA additionally

26  objects to this request on the grounds that it calls for a legal conclusion. MGA

27  objects to the request to the extent it seeks information not relevant to the claims or

28  defenses of any party to this action and not reasonably calculated to lead to the

1   discovery of admissible evidence.  MGA objects to the request to the extent it is
2   unduly burdensome and oppressive.  In responding, MGA has not and will not
3   comply with any instructions or definitions that seek to impose requirements in
4   addition to those imposed by the Federal Rules of Civil Procedure or any applicable
5   local rule.  MGA reserves the right to object on any ground at any time to such other
6   and supplemental discovery requests as Mattel may propound involving or relating
7   to the same subject matter(s) of the request.  MGA objects to the definitions and
8   instructions to the extent such definitions and instructions purport to enlarge,
9   expand, or alter in any way the plain meaning and scope of any specific term or
10  specific requests on the grounds that such enlargement, expansion or alteration
11  renders such a term or request vague, ambiguous, unintelligible, overly broad,
12  unduly burdensome, uncertain or otherwise open to interpretation.  MGA objects to
13  the request as vague and ambiguous in its use of the phrase "withheld by MGA from
14  production in this litigation to Mattel."

15

16  REASON WHY FURTHER RESPONSE TO REQUEST FOR ADMISSION NO.
17  31 SHOULD BE COMPELLED:

18  ████████████████████████████████████
19  ██████████████████████████████████████ [166]
20  ██████████████████████████████████████
21  ██████████████████████████████████████
22  ██████████████████████████████████ Id.
23  In addition, the Court expressly ruled that the issues surrounding the Larian-
24  O'Connor email remain open for discovery and adjudication going forward.  See

25

26

27  [166]  Watson Decl., Ex. 1.
28

1    September 22, 2009 Order at 1-2.[167]  Among other things, this Request is directly

2    relevant to whether Larian committed perjury in his Phase 1 trial testimony.  It is

3    also relevant to the decision to withhold the email, which constitutes the RICO

4    predicate of obstruction of justice.  See United States v. Lench, 806 F.2d 1443, 1445

5    (9th Cir. 1986) (that defendant "failed to provide the information requested and

6    lied" about it "is all that is necessary to obstruct justice").

7                    MGA"s "legal conclusion" objection fares no better.    The prior

8    Discovery Master repeatedly overruled the exact same "legal conclusion" objections

9    MGA asserts here.  In compelling Bryant to respond to RFAs related to his opinions

10   about the enforceability of his employment contract with Mattel and the copyrights

11   related to Bratz, the Discovery Master overruled Bryant's privilege and "legal

12   conclusion" objections and ruled that "requests for admission calling for application

13   of law to facts are permissible" and that "[t]he fact that Bryant may need to consult

14   with counsel to respond to the requests does not make the response privileged."[168]

15   Similarly, the Discovery Master compelled MGA to respond to RFAs seeking

16   information about MGA's copyright registrations and the accuracy of MGA's

17   statements to the press, emphasizing that "requests calling for legal conclusions are

18   permissible" so long as they are related to the facts of the case.[169]  The Discovery

19   Master also reiterated that it is immaterial that MGA may need to consult with

20   counsel to answer the RFAs because "[t]o hold otherwise would effectively gut the

21   provisions of Rule 36 authorizing requests that call for the application of law to

22   fact."  Id.

23                    Even had it not been already overruled, MGA's privilege objection is

24   baseless.    This Request simply asks MGA to admit that has withheld from

25

26   [167]  Watson Decl., Ex. 42.

27   [168]  Discovery Master Order, dated August 20, 2007, at 6, Watson Decl., Ex. 32.
     [169]  Discovery Master Order, dated August 21, 2007, at 7, Watson Decl., Ex. 31.

28

00505.07975/3180667.1

-144-

1  production Entry No. 557 on its privilege log on the basis of attorney-client

2  privilege. The question clearly does not implicate the privilege or work product. It

3  is black letter law that "questions related to the existence of attorney-client

4  communications" are not protected by the privilege. Markwest Hydrocarbon, Inc. v.

5  Liberty Mutual Ins. Co., 2007 WL 1106105, at *4 (D. Colo. April 12, 2007); see

6  also New Jersey v. Sprint Corp., 2009 WL 1917412, at *18 (D. Kan. July 2, 2009)

7  ("Questions regarding the existence, extent, or waiver of an attorney-client privilege

8  or work-product immunity are not themselves privileged or protected"); B.F.G. of

9  Illinois, Inc. v. Ameritech Corp., 2001 WL 1414468, at *4 (N.D. Ill. Nov. 13, 2001)

10 ("plaintiffs' counsel's proper questions regarding foundational facts going to the

11 assertion of privilege were improperly objected to and the witness instructed not to

12 answer"); Malletier v. Dooney & Bourke, Inc., 2006 WL 3851150, at *1 (S.D.N.Y.

13 Dec. 18, 2006) (declarations submitted to support claim of privilege were

14 improperly redacted because "plaintiff has effectively eliminated from the

15 declarations much of the basic information that would be required to appear on a

16 privilege log, together with the foundational facts that its adversary would be

17 entitled to discover in order to test a privilege claim.").

18          MGA has already conceded the fact sought by this Request.



_____

[170]  Sealed Hearing Tr. at 4:19-24; 8:17-9:11; 11:14-22, Watson Decl., Ex. 27.

1 ████████████████████████████████████████████

2 ████████████,[171]   MGA cannot concede facts to the Court for the purposes of

3 avoiding sanctions, then refuse to admit them for purposes of discovery.  Notably,

4 although MGA conceded these facts at the September 22, 2009 hearing, Mattel is

5 nonetheless entitled to receive admissions as to these facts.  Admissions, unlike

6 pleadings or other evidentiary statements, are "binding upon the party making them.

7 They may not be controverted at trial or on appeal.  Indeed, they are 'not evidence at

8 all but rather have the effect of withdrawing a fact from contention.'"  Keller v.

9 Untied States, 58 F.3d 1194, 1198 n.8 (7th Cir. 1995) (quoting Michael H. Graham,

10 Federal Practice and Procedure: Evidence § 6726.

11         MGA's objection as to burden and oppression is frivolous.  See A.

12 Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general

13 or boilerplate objections such as 'overly burdensome and harassing' are improper –

14 especially when a party fails to submit any evidentiary declarations supporting such

15 objections").  There is no conceivable burden in admitting a fact MGA has already

16 conceded on the record; and indeed, MGA provides no basis for the burden

17 objection, as required. See Discovery Master Order No. 17, dated April 14, 2009, at

18 20 (overruling objections not stated with specificity);[172] Jackson v. Montgomery

19 Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) (party claiming a

20 discovery request is "unduly burdensome must allege specific facts which indicate

21 the nature and extent of the burden, usually by affidavit or other reliable evidence");

22 Horsewood v. Kids "R" Us, 1998 WL 526589, at *4 (D. Kan. Aug. 13, 1998)

23 _____

24 [171]   September 22, 2009 Sealed Hearing Tr. at 22:22-23:4, Watson Decl., Ex. 27;

25 see also id. at 13:4-10 (THE COURT: "And obviously Victoria O'Conner is not an

26 attorney; the argument is that she was conveying – without getting into the substance of it – that she was conveying legal advice, reminding Mr. Larian of legal

27 advice.");
[172]   Watson Decl., Ex. 37.

28

1  ("Mere assertions by plaintiff of harassment and intimidation provide no evidence of

2  undue burden."); Bible v. Rio Props., Inc., 246 F.R.D. 614, 618 (C.D. Cal. 2007)

3  ("Contrary to defendant's assertion, the party who resists discovery has the burden to

4  show discovery should not be allowed, and has the burden of clarifying, explaining,

5  and supporting its objections."); Discovery Master Order No. 46, dated August 14,

6  2009, at 33 ("[T]he party claiming that a discovery request is unduly burdensome

7  must allege specific facts which indicate the nature and extent of the burden, usually

8  by affidavit or other reliable evidence.") (citing Jackson v. Montgomery Ward &

9  Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997)).

10        Lastly, MGA objects to "any instructions or definitions that seek to

11  impose requirements in addition to those imposed by the Federal Rules of Civil

12  Procedure or any applicable local rule."  Mattel's RFAs did not include instructions,

13  so MGA's boilerplate objection on that ground makes no sense.  Nor does MGA

14  specify which, if any, of the four definitions in Mattel's requests is improper, much

15  less provide any basis for the objection.  Mattel's definitions are proper and MGA's

16  boilerplate objection should be overruled.

17

18  REQUEST FOR ADMISSION NO. 32:

19        Admit that the document corresponding to Entry No.  557 on MGA'S

20  REVISED JANUARY 23, 2008 PRIVILEGE LOG has been withheld by MGA

21  from production in this litigation to Mattel on work product grounds.

22

23  RESPONSE TO REQUEST FOR ADMISSION NO. 32:

24        MGA objects to the request as vague and ambiguous in its use of the

25  phrase "the document" because "the document" contains a series of emails certain of

26  which were marked as trial exhibits and, therefore, MGA assumes that "the .

27  document" means any portions of the email that were not marked as a trial exhibit.

28  As such, MGA objects to the request as it seeks disclosure of information that is

1  protected by the attorney-client privilege and/or work product doctrine in that the

2  basis for MGA's knowledge is communications with its counsel.  MGA additionally

3  objects to this request on the grounds that it calls for a legal conclusion.  MGA

4  objects to the request to the extent it seeks information not relevant to the claims or

5  defenses of any party to this action and not reasonably calculated to lead to the

6  discovery of admissible evidence.  MGA objects to the request to the extent it is

7  unduly burdensome and oppressive.  In responding, MGA has not and will not

8  comply with any instructions or definitions that seek to impose requirements in

9  addition to those imposed by the Federal Rules of Civil Procedure or any applicable

10 local rule.  MGA reserves the right to object on any ground at any time to such other

11 and supplemental discovery requests as Mattel may propound involving or relating

12 to the same subject matter(s) of the request.  MGA objects to the definitions and

13 instructions to the extent such definitions and instructions purport to enlarge,

14 expand, or alter in any way the plain meaning and scope of any specific term or

15 specific requests on the grounds that such enlargement, expansion or alteration

16 renders such a term or request vague, ambiguous, unintelligible, overly broad,

17 unduly burdensome, uncertain or otherwise open to interpretation.  MGA objects to

18 the request as vague and ambiguous in its use of the phrase "withheld by MGA from

19 production in this litigation to Mattel."

21 **REASON WHY FURTHER RESPONSE TO REQUEST FOR ADMISSION NO.**

22 **32 SHOULD BE COMPELLED:**

173

---

173   Watson Decl., Ex. 1.

00505.07975/3180667.1

1  ██████████████████████████████████████████████

2  ████████████████████████████████████████  Id.

3  In addition, the Court expressly ruled that the issues surrounding the Larian-

4  O'Connor email remain open for discovery and adjudication going forward. <u>See</u>

5  September 22, 2009 Order at 1-2.[174]  Among other things, this Request is directly

6  relevant to whether Larian committed perjury in his Phase 1 trial testimony.  It is

7  also relevant to the decision to withhold the email, which constitutes the RICO

8  predicate of obstruction of justice. <u>See</u> <u>United States v. Lench</u>, 806 F.2d 1443, 1445

9  (9th Cir. 1986) (that defendant "failed to provide the information requested and

10  lied" about it "is all that is necessary to obstruct justice").

11         The Request appropriately seeks the knowledge of both the MGA

12  Parties and their counsel.   A recipient of requests for admission is required to

13  respond informed by the knowledge of its counsel. <u>Christian v. Janed Enterprises,</u>

14  <u>Inc.,</u> 2009 WL 1796074, at *2 (M.D. Ga. June 23, 2009) (party required to answer

15  requests for admission with knowledge in possession of the party and its counsel);

16  <u>Hise v Lockwood Grader Corp.,</u> 153 F Supp 276, 278 (D. Neb. 1957) (plaintiff

17  required to respond to requests for admission with facts only in the possession of

18  counsel).

19         MGA"s "legal conclusion" objection fares no better.   The prior

20  Discovery Master repeatedly overruled the exact same "legal conclusion" objections

21  MGA asserts here.  In compelling Bryant to respond to RFAs related to his opinions

22  about the enforceability of his employment contract with Mattel and the copyrights

23  related to Bratz, the Discovery Master overruled Bryant's privilege and "legal

24  conclusion" objections and ruled that "requests for admission calling for application

25  of law to facts are permissible" and that "[t]he fact that Bryant may need to consult

26

27  [174]   Watson Decl., Ex. 42.

28

1  with counsel to respond to the requests does not make the response privileged."[175]
2  Similarly, the Discovery Master compelled MGA to respond to RFAs seeking
3  information about MGA's copyright registrations and the accuracy of MGA's
4  statements to the press, emphasizing that "requests calling for legal conclusions are
5  permissible" so long as they are related to the facts of the case.[176]  The Discovery
6  Master also reiterated that it is immaterial that MGA may need to consult with
7  counsel to answer the RFAs because "[t]o hold otherwise would effectively gut the
8  provisions of Rule 36 authorizing requests that call for the application of law to
9  fact."  Id.

10         Even had it not been already overruled, MGA's privilege objection is
11  baseless.   This Request simply asks MGA to admit that has withheld from
12  production Entry No. 557 on its privilege log on work product grounds.   The
13  question clearly does not implicate the privilege or work product.  It is black letter
14  law that "questions related to the existence of attorney-client communications" are
15  not protected by the privilege.  Markwest Hydrocarbon, Inc. v. Liberty Mutual Ins.
16  Co., 2007 WL 1106105, at *4 (D. Colo. April 12, 2007); see also New Jersey v.
17  Sprint Corp., 2009 WL 1917412, at *18 (D. Kan. July 2, 2009) ("Questions
18  regarding the existence, extent, or waiver of an attorney-client privilege or work-
19  product immunity are not themselves privileged or protected");  B.F.G. of Illinois,
20  Inc. v. Ameritech Corp., 2001 WL 1414468, at *4 (N.D. Ill. Nov. 13, 2001)
21  ("plaintiffs' counsel's proper questions regarding foundational facts going to the
22  assertion of privilege were improperly objected to and the witness instructed not to
23  answer"); Malletier v. Dooney & Bourke, Inc., 2006 WL 3851150, at *1 (S.D.N.Y.
24  Dec. 18, 2006) (declarations submitted to support claim of privilege were
25  improperly redacted because "plaintiff has effectively eliminated from the
26
27  [175]   Discovery Master Order, dated August 20, 2007, at 6, Watson Decl., Ex. 32.
28

1  declarations much of the basic information that would be required to appear on a
2  privilege log, together with the foundational facts that its adversary would be
3  entitled to discover in order to test a privilege claim.").

4          MGA has already conceded the fact sought by this Request. ██████
5  █████████████████████████████████████████████████████████████████
6  █████████████████████████████, ██████████████████████████████████
7  █████████████████████████████████████████████████████████████████
8  ████████████████████████████████████,,177 ███████████████████████
9  █████████████████████████████████████████████████████████████████
10 █████████████████████████████████████████████████████████████████
11 █████████████████████████████. ██████████████████████████████████
12 █████████████████████████████████████████████████████████████████
13 ████████████,,178  MGA cannot concede facts to the Court for the purposes of
14 avoiding sanctions, then refuse to admit them for purposes of discovery.  Notably,
15 although MGA conceded these facts at the September 22, 2009 hearing, Mattel is
16 nonetheless entitled to receive admissions as to these facts.  Admissions, unlike
17 pleadings or other evidentiary statements, are "binding upon the party making them.
18 They may not be controverted at trial or on appeal.  Indeed, they are 'not evidence at
19 all but rather have the effect of withdrawing a fact from contention.'"  Keller v.
20 Untied States, 58 F.3d 1194, 1198 n.8 (7th Cir. 1995) (quoting Michael H. Graham,
21 Federal Practice and Procedure: Evidence § 6726.

---

22

23       176  Discovery Master Order, dated August 21, 2007, at 7, Watson Decl., Ex. 31.
24       177  Sealed Hearing Tr. at 4:19-24; 8:17-9:11; 11:14-22, Watson Decl., Ex. 27.
25       178  September 22, 2009 Sealed Hearing Tr. at 22:22-23:4, Watson Decl., Ex. 27;
   see also id. at 13:4-10 (THE COURT: "And obviously Victoria O'Conner is not an
26 attorney; the argument is that she was conveying – without getting into the
   substance of it – that she was conveying legal advice, reminding Mr. Larian of legal
27 advice.");
28

-151-

1       MGA's objection as to burden and oppression is frivolous.  See <u>A.</u>
2  <u>Farber and Partners, Inc. v. Garber</u>, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general
3  or boilerplate objections such as 'overly burdensome and harassing' are improper –
4  especially when a party fails to submit any evidentiary declarations supporting such
5  objections").  There is no conceivable burden in admitting a fact MGA has already
6  conceded on the record; and indeed, MGA provides no basis for the burden
7  objection, as required. <u>See</u> Discovery Master Order No. 17, dated April 14, 2009, at
8  20 (overruling objections not stated with specificity);[179] <u>Jackson v. Montgomery</u>
9  <u>Ward & Co., Inc.</u>, 173 F.R.D. 524, 528-29 (D. Nev. 1997) (party claiming a
10  discovery request is "unduly burdensome must allege specific facts which indicate
11  the nature and extent of the burden, usually by affidavit or other reliable evidence");
12  <u>Horsewood v. Kids "R" Us</u>, 1998 WL 526589, at *4 (D. Kan. Aug. 13, 1998)
13  ("Mere assertions by plaintiff of harassment and intimidation provide no evidence of
14  undue burden."); <u>Bible v. Rio Props., Inc.</u>, 246 F.R.D. 614, 618 (C.D. Cal. 2007)
15  ("Contrary to defendant's assertion, the party who resists discovery has the burden to
16  show discovery should not be allowed, and has the burden of clarifying, explaining,
17  and supporting its objections."); Discovery Master Order No. 46, dated August 14,
18  2009, at 33 ("[T]he party claiming that a discovery request is unduly burdensome
19  must allege specific facts which indicate the nature and extent of the burden, usually
20  by affidavit or other reliable evidence.") (citing <u>Jackson v. Montgomery Ward &</u>
21  <u>Co., Inc.</u>, 173 F.R.D. 524, 528-29 (D. Nev. 1997)).

22       Lastly, MGA objects to "any instructions or definitions that seek to
23  impose requirements in addition to those imposed by the Federal Rules of Civil
24  Procedure or any applicable local rule."  Mattel's RFAs did not include instructions,
25  so MGA's boilerplate objection on that ground makes no sense.  Nor does MGA

26

27   [179]  Watson Decl., Ex. 37.

28

STATEMENT ISO MATTEL'S MOTION TO COMPEL MGA'S RESPONSE TO RFAS

1  specify which, if any, of the four definitions in Mattel's requests is improper, much
2  less provide any basis for the objection. Mattel's definitions are proper and MGA's
3  boilerplate objection should be overruled.

4

5  REQUEST FOR ADMISSION NO. 33:

6           Admit that the document corresponding to Entry No. 557 on MGA'S
7  REVISED JANUARY 23, 2008 PRIVILEGE LOG is protected by attorney-client
8  privilege.

9

10  RESPONSE TO REQUEST FOR ADMISSION NO. 33:

11          MGA objects to the request as vague and ambiguous in its use of the
12  phrase "the document" because "the document" contains a series of emails certain of
13  which were marked as trial exhibits and, therefore, MGA assumes that "the
14  document" means any portions of the email that were not marked as a trial exhibit.
15  As such, MGA objects to the request as it seeks disclosure of information that is
16  protected by the attorney-client privilege and/or work product doctrine in that
17  MGA's knowledge concerning the scope and nature of the attorney-client privilege
18  as applied to Exhibit 1 to the request has been gained by and through
19  communications with its counsel. MGA additionally objects to this request on the
20  grounds that it calls for a legal conclusion. MGA objects to the request to the extent
21  it seeks information not relevant to the claims or defenses of any party to this action
22  and not reasonably calculated to lead to the discovery of admissible evidence. MGA
23  objects to the request to the extent it is unduly burdensome and oppressive. In
24  responding, MGA has not and will not comply with any instructions or definitions
25  that seek to impose requirements in addition to those imposed by the Federal Rules
26  of Civil Procedure or any applicable local rule. MGA reserves the right to object on
27  any ground at any time to such other and supplemental discovery requests as Mattel
28  may propound involving or relating to the same subject matter(s) of the request.

STATEMENT ISO MATTEL'S MOTION TO COMPEL MGA'S RESPONSE TO RFAS

1  MGA objects to the definitions and instructions to the extent such definitions and

2  instructions purport to enlarge, expand, or alter in any way the plain meaning and

3  scope of any specific term or specific requests on the grounds that such enlargement,

4  expansion or alteration renders such a term or request vague, ambiguous,

5  unintelligible, overly broad, unduly burdensome, uncertain or otherwise open to

6  interpretation.

7

8  REASON WHY FURTHER RESPONSE TO REQUEST FOR ADMISSION NO.

9  33 SHOULD BE COMPELLED:

10  ████████████████████████████████████

11  ████████████████████████████████████████[180].

12  ████████████████████████████████████████

13  ████████████████████████████████████████

14  ██████████████████████████████████████ Id.

15  In addition, the Court expressly ruled that the issues surrounding the Larian-

16  O'Connor email remain open for discovery and adjudication going forward.  See

17  September 22, 2009 Order at 1-2.[181]   Among other things, this Request is directly

18  relevant to whether Larian committed perjury in his Phase 1 trial testimony.  It is

19  also relevant to the decision to withhold the email, which constitutes the RICO

20  predicate of obstruction of justice.  See United States v. Lench, 806 F.2d 1443, 1445

21  (9th Cir. 1986) (that defendant "failed to provide the information requested and

22  lied" about it "is all that is necessary to obstruct justice").

23  MGA's "legal conclusion" objection fares no better.   The prior

24  Discovery Master repeatedly overruled the exact same "legal conclusion" objections

25  MGA asserts here.  In compelling Bryant to respond to RFAs related to his opinions

26

27  [180]   Watson Decl., Ex. 1.

28

1  about the enforceability of his employment contract with Mattel and the copyrights
2  related to Bratz, the Discovery Master overruled Bryant's privilege and "legal
3  conclusion" objections and ruled that "requests for admission calling for application
4  of law to facts are permissible" and that "[t]he fact that Bryant may need to consult
5  with counsel to respond to the requests does not make the response privileged."[182]
6  Similarly, the Discovery Master compelled MGA to respond to RFAs seeking
7  information about MGA's copyright registrations and the accuracy of MGA's
8  statements to the press, emphasizing that "requests calling for legal conclusions are
9  permissible" so long as they are related to the facts of the case.[183]   The Discovery
10  Master also reiterated that it is immaterial that MGA may need to consult with
11  counsel to answer the RFAs because "[t]o hold otherwise would effectively gut the
12  provisions of Rule 36 authorizing requests that call for the application of law to
13  fact." Id.

14          Even had it not been already overruled, MGA's privilege objection is
15  baseless.   This Request simply asks MGA to admit that Entry No. 557 on its
16  privilege log is protected by attorney-client privilege.  The question clearly does not
17  implicate the privilege or work product.  It is black letter law that "questions related
18  to the existence of attorney-client communications" are not protected by the
19  privilege.  Markwest Hydrocarbon, Inc. v. Liberty Mutual Ins. Co., 2007 WL
20  1106105, at *4 (D. Colo. April 12, 2007); see also New Jersey v. Sprint Corp., 2009
21  WL 1917412, at *18 (D. Kan. July 2, 2009) ("Questions regarding the existence,
22  extent, or waiver of an attorney-client privilege or work-product immunity are not
23  themselves privileged or protected"); B.F.G. of Illinois, Inc. v. Ameritech Corp.,
24  2001 WL 1414468, at *4 (N.D. Ill. Nov. 13, 2001) ("plaintiffs' counsel's proper

---

[181]  Watson Decl., Ex. 42.
[182]  Discovery Master Order, dated August 20, 2007, at 6, Watson Decl., Ex. 32.
[183]  Discovery Master Order, dated August 21, 2007, at 7, Watson Decl., Ex. 31.

1  questions regarding foundational facts going to the assertion of privilege were

2  improperly objected to and the witness instructed not to answer"); <u>Malletier v.

3  Dooney & Bourke, Inc.</u>, 2006 WL 3851150, at *1 (S.D.N.Y. Dec. 18, 2006)

4  (declarations submitted to support claim of privilege were improperly redacted

5  because "plaintiff has effectively eliminated from the declarations much of the basic

6  information that would be required to appear on a privilege log, together with the

7  foundational facts that its adversary would be entitled to discover in order to test a

8  privilege claim.").

9           MGA has already conceded the fact sought by this Request. ████

10 ████████████████████████████████████████████████████████████

11 ████████████████████████████,██████████████████████████████

12 ████████████████████████████████████████████████████████████

13 ████████████████████████████,,184██████████████████████████

14 ████████████████████████████████████████████████████████████

15 ████████████████████████████████████████████████████████████

16 ████████████████.███████████████████████████████████████████

17 ████████████████████████████████████████████████████████████

18 ████████,,185  MGA cannot concede facts to the Court for the purposes of

19 avoiding sanctions, then refuse to admit them for purposes of discovery. Notably,

20 although MGA conceded these facts at the September 22, 2009 hearing, Mattel is

21 nonetheless entitled to receive admissions as to these facts. Admissions, unlike

22 pleadings or other evidentiary statements, are "binding upon the party making them.

23 ────────────────────

24  [184]  Sealed Hearing Tr. at 4:19-24; 8:17-9:11; 11:14-22, Watson Decl., Ex. 27.

25  [185]  September 22, 2009 Sealed Hearing Tr. at 22:22-23:4, Watson Decl., Ex. 27;
     <u>see also</u> <u>id.</u> at 13:4-10 (THE COURT: "And obviously Victoria O'Conner is not an

26 attorney; the argument is that she was conveying – without getting into the

27 substance of it – that she was conveying legal advice, reminding Mr. Larian of legal
     advice.");

28

                              -156-

1   They may not be controverted at trial or on appeal. Indeed, they are 'not evidence at

2   all but rather have the effect of withdrawing a fact from contention.'" Keller v.

3   Untied States, 58 F.3d 1194, 1198 n.8 (7th Cir. 1995) (quoting Michael H. Graham,

4   Federal Practice and Procedure: Evidence § 6726.

5          MGA's objection as to burden and oppression is frivolous. See A.

6   Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general

7   or boilerplate objections such as 'overly burdensome and harassing' are improper –

8   especially when a party fails to submit any evidentiary declarations supporting such

9   objections"). There is no conceivable burden in admitting a fact MGA has already

10  conceded on the record; and indeed, MGA provides no basis for the burden

11  objection, as required. See Discovery Master Order No. 17, dated April 14, 2009, at

12  20 (overruling objections not stated with specificity);[186] Jackson v. Montgomery

13  Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) (party claiming a

14  discovery request is "unduly burdensome must allege specific facts which indicate

15  the nature and extent of the burden, usually by affidavit or other reliable evidence");

16  Horsewood v. Kids "R" Us, 1998 WL 526589, at *4 (D. Kan. Aug. 13, 1998)

17  ("Mere assertions by plaintiff of harassment and intimidation provide no evidence of

18  undue burden."); Bible v. Rio Props., Inc., 246 F.R.D. 614, 618 (C.D. Cal. 2007)

19  ("Contrary to defendant's assertion, the party who resists discovery has the burden to

20  show discovery should not be allowed, and has the burden of clarifying, explaining,

21  and supporting its objections."); Discovery Master Order No. 46, dated August 14,

22  2009, at 33 ("[T]he party claiming that a discovery request is unduly burdensome

23  must allege specific facts which indicate the nature and extent of the burden, usually

24  by affidavit or other reliable evidence.") (citing Jackson v. Montgomery Ward &

25  Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997)).

26

27  [186]   Watson Decl., Ex. 37.

28

1    Lastly, MGA objects to "any instructions or definitions that seek to

2  impose requirements in addition to those imposed by the Federal Rules of Civil

3  Procedure or any applicable local rule."  Mattel's RFAs did not include instructions,

4  so MGA's boilerplate objection on that ground makes no sense.  Nor does MGA

5  specify which, if any, of the four definitions in Mattel's requests is improper, much

6  less provide any basis for the objection.  Mattel's definitions are proper and MGA's

7  boilerplate objection should be overruled.

8

9  REQUEST FOR ADMISSION NO. 34:

10    Admit that the document corresponding to Entry No.  557 on MGA'S

11  REVISED JANUARY 23, 2008 PRIVILEGE LOG is protected by the work product

12  doctrine.

13

14  RESPONSE TO REQUEST FOR ADMISSION NO. 34:

15    MGA objects to the request as vague and ambiguous in its use of the

16  phrase "the document" because "the document" contains a series of emails certain of

17  which were marked as trial exhibits and, therefore, MGA assumes that "the

18  document" means any portions of the email that were not marked as a trial exhibit.

19  As such, MGA objects to the request as it seeks disclosure of information that is

20  protected by the attorney-client privilege and/or work product doctrine in that

21  MGA's knowledge concerning the scope and nature of the work product doctrine as

22  applied to Exhibit 1 to the request has been gained by and through communications

23  with its counsel.  MGA additionally objects to this request on the grounds that it

24  calls for a legal conclusion.  MGA objects to the request to the extent it seeks

25  information not relevant to the claims or defenses of any party to this action and not

26  reasonably calculated to lead to the discovery of admissible evidence.  MGA objects

27  to the request to the extent it is unduly burdensome and oppressive.  In responding,

28  MGA has not and will not comply with any instructions or definitions that seek to

1   impose requirements in addition to those imposed by the Federal Rules of Civil

2   Procedure or any applicable local rule.  MGA reserves the right to object on any

3   ground at any time to such other and supplemental discovery requests as Mattel may

4   propound involving or relating to the same subject matter(s) of the request.  MGA

5   objects to the definitions and instructions to the extent such definitions and

6   instructions purport to enlarge, expand, or alter in any way the plain meaning and

7   scope of any specific term or specific requests on the grounds that such enlargement,

8   expansion or alteration renders such a term or request vague, ambiguous,

9   unintelligible, overly broad, unduly burdensome, uncertain or otherwise open to

10  interpretation.

11

12  <u>REASON WHY FURTHER RESPONSE TO REQUEST FOR ADMISSION NO.</u>

13  <u>34 SHOULD BE COMPELLED:</u>

14  ███████████████████████████████████████

15  ████████████████████████████████████████[187]

16  ████████████████████████████████████████

17  ████████████████████████████████████████

18  ██████████████████████████████ Id.

19  In addition, the Court expressly ruled that the issues surrounding the Larian-

20  O'Connor email remain open for discovery and adjudication going forward.  <u>See</u>

21  September 22, 2009 Order at 1-2.[188]  Among other things, this Request is directly

22  relevant to whether Larian committed perjury in his Phase 1 trial testimony.  It is

23  also relevant to the decision to withhold the email, which constitutes the RICO

24  predicate of obstruction of justice.  <u>See</u> <u>United States v. Lench</u>, 806 F.2d 1443, 1445

25

26  _____

27  [187]   Watson Decl., Ex. 1.
    [188]   Watson Decl., Ex. 42.

28

1  (9th Cir. 1986) (that defendant "failed to provide the information requested and
2  lied" about it "is all that is necessary to obstruct justice").

3        The Request appropriately seeks the knowledge of both the MGA
4  Parties and their counsel.  A recipient of requests for admission is required to
5  respond informed by the knowledge of its counsel.  <u>Christian v. Janed Enterprises,</u>
6  <u>Inc.</u>, 2009 WL 1796074, at *2 (M.D. Ga. June 23, 2009) (party required to answer
7  requests for admission with knowledge in possession of the party and its counsel);
8  <u>Hise v Lockwood Grader Corp.</u>, 153 F Supp 276, 278 (D. Neb. 1957) (plaintiff
9  required to respond to requests for admission with facts only in the possession of
10  counsel).

11        MGA"s "legal conclusion" objection fares no better.  The prior
12  Discovery Master repeatedly overruled the exact same "legal conclusion" objections
13  MGA asserts here.  In compelling Bryant to respond to RFAs related to his opinions
14  about the enforceability of his employment contract with Mattel and the copyrights
15  related to Bratz, the Discovery Master overruled Bryant's privilege and "legal
16  conclusion" objections and ruled that "requests for admission calling for application
17  of law to facts are permissible" and that "[t]he fact that Bryant may need to consult
18  with counsel to respond to the requests does not make the response privileged."[189]
19  Similarly, the Discovery Master compelled MGA to respond to RFAs seeking
20  information about MGA's copyright registrations and the accuracy of MGA's
21  statements to the press, emphasizing that "requests calling for legal conclusions are
22  permissible" so long as they are related to the facts of the case.[190]  The Discovery
23  Master also reiterated that it is immaterial that MGA may need to consult with
24  counsel to answer the RFAs because "[t]o hold otherwise would effectively gut the

---

[189]  Discovery Master Order, dated August 20, 2007, at 6, Watson Decl., Ex. 32.
[190]  Discovery Master Order, dated August 21, 2007, at 7, Watson Decl., Ex. 31.

1  provisions of Rule 36 authorizing requests that call for the application of law to

2  fact." Id.

3            Even had it not been already overruled, MGA's privilege objection is

4  baseless.   This Request simply asks MGA to admit that Entry No. 557 on its

5  privilege log is protected by the work product doctrine. The question clearly does

6  not implicate the privilege or work product. It is black letter law that "questions

7  related to the existence of attorney-client communications" are not protected by the

8  privilege.    Markwest Hydrocarbon, Inc. v. Liberty Mutual Ins. Co., 2007 WL

9  1106105, at *4 (D. Colo. April 12, 2007); see also New Jersey v. Sprint Corp., 2009

10  WL 1917412, at *18 (D. Kan. July 2, 2009) ("Questions regarding the existence,

11  extent, or waiver of an attorney-client privilege or work-product immunity are not

12  themselves privileged or protected"); B.F.G. of Illinois, Inc. v. Ameritech Corp.,

13  2001 WL 1414468, at *4 (N.D. Ill. Nov. 13, 2001) ("plaintiffs' counsel's proper

14  questions regarding foundational facts going to the assertion of privilege were

15  improperly objected to and the witness instructed not to answer"); Malletier v.

16  Dooney & Bourke, Inc., 2006 WL 3851150, at *1 (S.D.N.Y. Dec. 18, 2006)

17  (declarations submitted to support claim of privilege were improperly redacted

18  because "plaintiff has effectively eliminated from the declarations much of the basic

19  information that would be required to appear on a privilege log, together with the

20  foundational facts that its adversary would be entitled to discover in order to test a

21  privilege claim.").

22            MGA has already conceded the fact sought by this Request. ████████

23  ████████████████████████████████████████████████

24  ████████████████████████████████, ████████████████

25  ████████████████████████████████████████████████

26

27

28



1    ,,191

6    ,,192   MGA cannot concede facts to the Court for the purposes of
7    avoiding sanctions, then refuse to admit them for purposes of discovery.  Notably,
8    although MGA conceded these facts at the September 22, 2009 hearing, Mattel is
9    nonetheless entitled to receive admissions as to these facts.  Admissions, unlike
10   pleadings or other evidentiary statements, are "binding upon the party making them.
11   They may not be controverted at trial or on appeal.  Indeed, they are 'not evidence at
12   all but rather have the effect of withdrawing a fact from contention.'"  Keller v.
13   Untied States, 58 F.3d 1194, 1198 n.8 (7th Cir. 1995) (quoting Michael H. Graham,
14   Federal Practice and Procedure: Evidence § 6726.

15          MGA's objection as to burden and oppression is frivolous.  See A.
16   Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general
17   or boilerplate objections such as 'overly burdensome and harassing' are improper –
18   especially when a party fails to submit any evidentiary declarations supporting such
19   objections").  There is no conceivable burden in admitting a fact MGA has already
20   conceded on the record; and indeed, MGA provides no basis for the burden
21   objection, as required.  See Discovery Master Order No. 17, dated April 14, 2009, at

23   _____

24   191   Sealed Hearing Tr. at 4:19-24; 8:17-9:11; 11:14-22, Watson Decl., Ex. 27.
25   192   September 22, 2009 Sealed Hearing Tr. at 22:22-23:4, Watson Decl., Ex. 27;
     see also id. at 13:4-10 (THE COURT: "And obviously Victoria O'Conner is not an
26   attorney; the argument is that she was conveying – without getting into the
27   substance of it – that she was conveying legal advice, reminding Mr. Larian of legal
     advice.");

1  20 (overruling objections not stated with specificity);[193] <u>Jackson v. Montgomery</u>

2  <u>Ward & Co., Inc.</u>, 173 F.R.D. 524, 528-29 (D. Nev. 1997) (party claiming a

3  discovery request is "unduly burdensome must allege specific facts which indicate

4  the nature and extent of the burden, usually by affidavit or other reliable evidence");

5  <u>Horsewood v. Kids "R" Us</u>, 1998 WL 526589, at *4 (D. Kan. Aug. 13, 1998)

6  ("Mere assertions by plaintiff of harassment and intimidation provide no evidence of

7  undue burden."); <u>Bible v. Rio Props., Inc.</u>, 246 F.R.D. 614, 618 (C.D. Cal. 2007)

8  ("Contrary to defendant's assertion, the party who resists discovery has the burden to

9  show discovery should not be allowed, and has the burden of clarifying, explaining,

10  and supporting its objections."); Discovery Master Order No. 46, dated August 14,

11  2009, at 33 ("[T]he party claiming that a discovery request is unduly burdensome

12  must allege specific facts which indicate the nature and extent of the burden, usually

13  by affidavit or other reliable evidence.") (citing <u>Jackson v. Montgomery Ward &</u>

14  <u>Co., Inc.</u>, 173 F.R.D. 524, 528-29 (D. Nev. 1997)).

15         Lastly, MGA objects to "any instructions or definitions that seek to

16  impose requirements in addition to those imposed by the Federal Rules of Civil

17  Procedure or any applicable local rule."  Mattel's RFAs did not include instructions,

18  so MGA's boilerplate objection on that ground makes no sense.  Nor does MGA

19  specify which, if any, of the four definitions in Mattel's requests is improper, much

20  less provide any basis for the objection.  Mattel's definitions are proper and MGA's

21  boilerplate objection should be overruled.

22

23

24

25

26

27  [193]  Watson Decl., Ex. 37.

28

1  REQUEST FOR ADMISSION NO. 35:

2          Admit that the document corresponding to Entry No. 557 on MGA'S

3  REVISED JANUARY 23, 2008 PRIVILEGE LOG is not protected by attorney-

4  client privilege.

5

6  RESPONSE TO REQUEST FOR ADMISSION NO. 35:

7          MGA objects to the request as vague and ambiguous in its use of the

8  phrase "the document" because "the document" contains a series of emails certain of

9  which were marked as trial exhibits and, therefore, MGA assumes that "the

10  document" means any portions of the email that were not marked as a trial exhibit.

11  As such, MGA objects to the request as it seeks disclosure of information that is

12  protected by the attorney-client privilege and/or work product doctrine in that

13  MGA's knowledge concerning the scope and nature of the attorney-client privilege

14  as applied to Exhibit 1 to the request has been gained by and through

15  communications with its counsel. MGA additionally objects to this request on the

16  grounds that it calls for a legal conclusion. MGA objects to the request to the extent

17  it seeks information not relevant to the claims or defenses of any party to this action

18  and not reasonably calculated to lead to the discovery of admissible evidence. MGA

19  objects to the request to the extent it is unduly burdensome and oppressive. In

20  responding, MGA has not and will not comply with any instructions or definitions

21  that seek to impose requirements in addition to those imposed by the Federal Rules

22  of Civil Procedure or any applicable local rule. MGA reserves the right to object on

23  any ground at any time to such other and supplemental discovery requests as Mattel

24  may propound involving or relating to the same subject matter(s) of the request.

25  MGA objects to the definitions and instructions to the extent such definitions and

26  instructions purport to enlarge, expand, or alter in any way the plain meaning and

27  scope of any specific term or specific requests on the grounds that such enlargement,

28  expansion or alteration renders such a term or request vague, ambiguous,

1    unintelligible, overly broad, unduly burdensome, uncertain or otherwise open to
2    interpretation.

3

4    REASON WHY FURTHER RESPONSE TO REQUEST FOR ADMISSION NO.
5    35 SHOULD BE COMPELLED:

6    ████████████████████████████████████
7    ████████████████████████████████████ [194]
8    ████████████████████████████████████████
9    ████████████████████████████████████████
10   ████████████████████████████████████ Id.
11   In addition, the Court expressly ruled that the issues surrounding the Larian-
12   O'Connor email remain open for discovery and adjudication going forward.  See
13   September 22, 2009 Order at 1-2.[195]  Among other things, this Request is directly
14   relevant to whether Larian committed perjury in his Phase 1 trial testimony.  It is
15   also relevant to the decision to withhold the email, which constitutes the RICO
16   predicate of obstruction of justice.  See United States v. Lench, 806 F.2d 1443, 1445
17   (9th Cir. 1986) (that defendant "failed to provide the information requested and
18   lied" about it "is all that is necessary to obstruct justice").

19          The Request appropriately seeks the knowledge of both the MGA
20   Parties and their counsel.  A recipient of requests for admission is required to
21   respond informed by the knowledge of its counsel.  Christian v. Janed Enterprises,
22   Inc., 2009 WL 1796074, at *2 (M.D. Ga. June 23, 2009) (party required to answer
23   requests for admission with knowledge in possession of the party and its counsel);
24   Hise v Lockwood Grader Corp., 153 F Supp 276, 278 (D. Neb. 1957) (plaintiff

25

26   _____

27   [194]   Watson Decl., Ex. 1.
     [195]   Watson Decl., Ex. 42.
28

1    required to respond to requests for admission with facts only in the possession of
2    counsel).

3                MGA"s "legal conclusion" objection fares no better.   The prior
4    Discovery Master repeatedly overruled the exact same "legal conclusion" objections
5    MGA asserts here.  In compelling Bryant to respond to RFAs related to his opinions
6    about the enforceability of his employment contract with Mattel and the copyrights
7    related to Bratz, the Discovery Master overruled Bryant's privilege and "legal
8    conclusion" objections and ruled that "requests for admission calling for application
9    of law to facts are permissible" and that "[t]he fact that Bryant may need to consult
10   with counsel to respond to the requests does not make the response privileged."[196]
11   Similarly, the Discovery Master compelled MGA to respond to RFAs seeking
12   information about MGA's copyright registrations and the accuracy of MGA's
13   statements to the press, emphasizing that "requests calling for legal conclusions are
14   permissible" so long as they are related to the facts of the case.[197]  The Discovery
15   Master also reiterated that it is immaterial that MGA may need to consult with
16   counsel to answer the RFAs because "[t]o hold otherwise would effectively gut the
17   provisions of Rule 36 authorizing requests that call for the application of law to
18   fact."  Id.

19                Even had it not been already overruled, MGA's privilege objection is
20   baseless.   This Request simply asks MGA to admit that Entry No. 557 on its
21   privilege log is not protected by the attorney-client privilege.  The question clearly
22   does not implicate the privilege or work product.   It is black letter law that
23   "questions related to the existence of attorney-client communications" are not
24   protected by the privilege.  Markwest Hydrocarbon, Inc. v. Liberty Mutual Ins. Co.,
25   2007 WL 1106105, at *4 (D. Colo. April 12, 2007); see also New Jersey v. Sprint
26
27   ───────────────────────
      [196]   Discovery Master Order, dated August 20, 2007, at 6, Watson Decl., Ex. 32.
28

1   <u>Corp.</u>, 2009 WL 1917412, at *18 (D. Kan. July 2, 2009) ("Questions regarding the

2   existence, extent, or waiver of an attorney-client privilege or work-product

3   immunity are not themselves privileged or protected"); <u>B.F.G. of Illinois, Inc. v.</u>

4   <u>Ameritech Corp.</u>, 2001 WL 1414468, at *4 (N.D. Ill. Nov. 13, 2001) ("plaintiffs'

5   counsel's proper questions regarding foundational facts going to the assertion of

6   privilege were improperly objected to and the witness instructed not to answer");

7   <u>Malletier v. Dooney & Bourke, Inc.</u>, 2006 WL 3851150, at *1 (S.D.N.Y. Dec. 18,

8   2006) (declarations submitted to support claim of privilege were improperly

9   redacted because "plaintiff has effectively eliminated from the declarations much of

10  the basic information that would be required to appear on a privilege log, together

11  with the foundational facts that its adversary would be entitled to discover in order

12  to test a privilege claim.").

13          MGA has already conceded the fact sought by this Request.



22  ,"199  MGA cannot concede facts to the Court for the purposes of

24

25  [197] Discovery Master Order, dated August 21, 2007, at 7, Watson Decl., Ex. 31.
    [198] Sealed Hearing Tr. at 4:19-24; 8:17-9:11; 11:14-22, Watson Decl., Ex. 27.
26  [199] September 22, 2009 Sealed Hearing Tr. at 22:22-23:4, Watson Decl., Ex. 27;
27  <u>see also</u> <u>id.</u> at 13:4-10 (THE COURT: "And obviously Victoria O'Conner is not an attorney; the argument is that she was conveying – without getting into the
28  (footnote continued)

1  avoiding sanctions, then refuse to admit them for purposes of discovery. Notably,

2  although MGA conceded these facts at the September 22, 2009 hearing, Mattel is

3  nonetheless entitled to receive admissions as to these facts. Admissions, unlike

4  pleadings or other evidentiary statements, are "binding upon the party making them.

5  They may not be controverted at trial or on appeal. Indeed, they are 'not evidence at

6  all but rather have the effect of withdrawing a fact from contention.'" Keller v.

7  Untied States, 58 F.3d 1194, 1198 n.8 (7th Cir. 1995) (quoting Michael H. Graham,

8  Federal Practice and Procedure: Evidence § 6726.

9      MGA's objection as to burden and oppression is frivolous. See A.

10 Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general

11 or boilerplate objections such as 'overly burdensome and harassing' are improper –

12 especially when a party fails to submit any evidentiary declarations supporting such

13 objections"). There is no conceivable burden in admitting a fact MGA has already

14 conceded on the record; and indeed, MGA provides no basis for the burden

15 objection, as required. See Discovery Master Order No. 17, dated April 14, 2009, at

16 20 (overruling objections not stated with specificity);[200] Jackson v. Montgomery

17 Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) (party claiming a

18 discovery request is "unduly burdensome must allege specific facts which indicate

19 the nature and extent of the burden, usually by affidavit or other reliable evidence");

20 Horsewood v. Kids "R" Us, 1998 WL 526589, at *4 (D. Kan. Aug. 13, 1998)

21 ("Mere assertions by plaintiff of harassment and intimidation provide no evidence of

22 undue burden."); Bible v. Rio Props., Inc., 246 F.R.D. 614, 618 (C.D. Cal. 2007)

23 ("Contrary to defendant's assertion, the party who resists discovery has the burden to

24 show discovery should not be allowed, and has the burden of clarifying, explaining,

25  _____

26 substance of it – that she was conveying legal advice, reminding Mr. Larian of legal

27 advice.");
   [200]   Watson Decl., Ex. 37.

28

and supporting its objections."); Discovery Master Order No. 46, dated August 14, 2009, at 33 ("[T]he party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence.") (citing Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997)).

Lastly, MGA objects to "any instructions or definitions that seek to impose requirements in addition to those imposed by the Federal Rules of Civil Procedure or any applicable local rule." Mattel's RFAs did not include instructions, so MGA's boilerplate objection on that ground makes no sense. Nor does MGA specify which, if any, of the four definitions in Mattel's requests is improper, much less provide any basis for the objection. Mattel's definitions are proper and MGA's boilerplate objection should be overruled.

REQUEST FOR ADMISSION NO. 36:

Admit that the document corresponding to Entry No. 557 on MGA's REVISED JANUARY 23, 2008 PRIVILEGE LOG is not protected by the work product doctrine.

RESPONSE TO REQUEST FOR ADMISSION NO. 36:

MGA objects to the request as vague and ambiguous in its use of the phrase "the document" because "the document" contains a series of emails certain of which were marked as trial exhibits and, therefore, MGA assumes that "the document" means any portions of the email that were not marked as a trial exhibit. As such, MGA objects to the request as it seeks disclosure of information that is protected by the attorney-client privilege and/or work product doctrine in that MGA's knowledge concerning the scope and nature of the work product doctrine as applied to Exhibit 1 to the request has been gained by and through communications with its counsel. MGA additionally objects to this request on the grounds that it

1   calls for a legal conclusion.   MGA objects to the request to the extent it seeks
2   information not relevant to the claims or defenses of any party to this action and not
3   reasonably calculated to lead to the discovery of admissible evidence.   MGA objects
4   to the request to the extent it is unduly burdensome and oppressive.   In responding,
5   MGA has not and will not comply with any instructions or definitions that seek to
6   impose requirements in addition to those imposed by the Federal Rules of Civil
7   Procedure or any applicable local rule.   MGA reserves the right to object on any
8   ground at any time to such other and supplemental discovery requests as Mattel may
9   propound involving or relating to the same subject matter(s) of the request.   MGA
10   objects to the definitions and instructions to the extent such definitions and
11   instructions purport to enlarge, expand, or alter in any way the plain meaning and
12   scope of any specific term or specific requests on the grounds that such enlargement,
13   expansion or alteration renders such a term or request vague, ambiguous,
14   unintelligible, overly broad, unduly burdensome, uncertain or otherwise open to
15   interpretation.

16

17   <u>REASON WHY FURTHER RESPONSE TO REQUEST FOR ADMISSION NO.</u>
18   <u>36 SHOULD BE COMPELLED:</u>

19   ████████████████████████████████████████████████
20   ████████████████████████████████████████████.[201]
21   ████████████████████████████████████████████████
22   ████████████████████████████████████████████████
23   ████████████████████████████████████████   Id.
24   In addition, the Court expressly ruled that the issues surrounding the Larian-
25   O'Connor email remain open for discovery and adjudication going forward.   <u>See</u>

26

27   [201]   Watson Decl., Ex. 1.
28

1  September 22, 2009 Order at 1-2.[202]  Among other things, this Request is directly

2  relevant to whether Larian committed perjury in his Phase 1 trial testimony.  It is

3  also relevant to the decision to withhold the email, which constitutes the RICO

4  predicate of obstruction of justice.  See United States v. Lench, 806 F.2d 1443, 1445

5  (9th Cir. 1986) (that defendant "failed to provide the information requested and

6  lied" about it "is all that is necessary to obstruct justice").

7          The Request appropriately seeks the knowledge of both the MGA

8  Parties and their counsel.  A recipient of requests for admission is required to

9  respond informed by the knowledge of its counsel.  Christian v. Janed Enterprises,

10  Inc., 2009 WL 1796074, at *2 (M.D. Ga. June 23, 2009) (party required to answer

11  requests for admission with knowledge in possession of the party and its counsel);

12  Hise v Lockwood Grader Corp., 153 F Supp 276, 278 (D. Neb. 1957) (plaintiff

13  required to respond to requests for admission with facts only in the possession of

14  counsel).

15          MGA"s "legal conclusion" objection fares no better.  The prior

16  Discovery Master repeatedly overruled the exact same "legal conclusion" objections

17  MGA asserts here.  In compelling Bryant to respond to RFAs related to his opinions

18  about the enforceability of his employment contract with Mattel and the copyrights

19  related to Bratz, the Discovery Master overruled Bryant's privilege and "legal

20  conclusion" objections and ruled that "requests for admission calling for application

21  of law to facts are permissible" and that "[t]he fact that Bryant may need to consult

22  with counsel to respond to the requests does not make the response privileged."[203]

23  Similarly, the Discovery Master compelled MGA to respond to RFAs seeking

24  information about MGA's copyright registrations and the accuracy of MGA's

25  statements to the press, emphasizing that "requests calling for legal conclusions are

26

27  [202]    Watson Decl., Ex. 42.

28

1  permissible" so long as they are related to the facts of the case.[204]  The Discovery

2  Master also reiterated that it is immaterial that MGA may need to consult with

3  counsel to answer the RFAs because "[t]o hold otherwise would effectively gut the

4  provisions of Rule 36 authorizing requests that call for the application of law to

5  fact." Id.

6          Even had it not been already overruled, MGA's privilege objection is

7  baseless.  This Request simply asks MGA to admit that Entry No. 557 on its

8  privilege log is not protected by the work product doctrine.  The question clearly

9  does not implicate the privilege or work product.  It is black letter law that

10 "questions related to the existence of attorney-client communications" are not

11 protected by the privilege.  Markwest Hydrocarbon, Inc. v. Liberty Mutual Ins. Co.,

12 2007 WL 1106105, at *4 (D. Colo. April 12, 2007); see also New Jersey v. Sprint

13 Corp., 2009 WL 1917412, at *18 (D. Kan. July 2, 2009) ("Questions regarding the

14 existence, extent, or waiver of an attorney-client privilege or work-product

15 immunity are not themselves privileged or protected"); B.F.G. of Illinois, Inc. v.

16 Ameritech Corp., 2001 WL 1414468, at *4 (N.D. Ill. Nov. 13, 2001) ("plaintiffs'

17 counsel's proper questions regarding foundational facts going to the assertion of

18 privilege were improperly objected to and the witness instructed not to answer");

19 Malletier v. Dooney & Bourke, Inc., 2006 WL 3851150, at *1 (S.D.N.Y. Dec. 18,

20 2006) (declarations submitted to support claim of privilege were improperly

21 redacted because "plaintiff has effectively eliminated from the declarations much of

22 the basic information that would be required to appear on a privilege log, together

23 with the foundational facts that its adversary would be entitled to discover in order

24 to test a privilege claim.").

25

26 _____

27 [203]  Discovery Master Order, dated August 20, 2007, at 6, Watson Decl., Ex. 32.

    [204]  Discovery Master Order, dated August 21, 2007, at 7, Watson Decl., Ex. 31.

28

1   MGA has already conceded the fact sought by this Request. 

2

3

4

5   [205]

6

7

8

9

10  [206]   MGA cannot concede facts to the Court for the purposes of

11  avoiding sanctions, then refuse to admit them for purposes of discovery.  Notably,

12  although MGA conceded these facts at the September 22, 2009 hearing, Mattel is

13  nonetheless entitled to receive admissions as to these facts.   Admissions, unlike

14  pleadings or other evidentiary statements, are "binding upon the party making them.

15  They may not be controverted at trial or on appeal.  Indeed, they are 'not evidence at

16  all but rather have the effect of withdrawing a fact from contention.'"   Keller v.

17  Untied States, 58 F.3d 1194, 1198 n.8 (7th Cir. 1995) (quoting Michael H. Graham,

18  Federal Practice and Procedure: Evidence § 6726.

19      MGA's objection as to burden and oppression is frivolous.   See A.

20  Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general

21  or boilerplate objections such as 'overly burdensome and harassing' are improper –

22  especially when a party fails to submit any evidentiary declarations supporting such

23  _____

24      [205]   Sealed Hearing Tr. at 4:19-24; 8:17-9:11; 11:14-22, Watson Decl., Ex. 27.

25      [206]   September 22, 2009 Sealed Hearing Tr. at 22:22-23:4, Watson Decl., Ex. 27;
    see also id. at 13:4-10 (THE COURT: "And obviously Victoria O'Conner is not an

26  attorney; the argument is that she was conveying – without getting into the

27  substance of it – that she was conveying legal advice, reminding Mr. Larian of legal
    advice.");

28

objections").  There is no conceivable burden in admitting a fact MGA has already conceded on the record; and indeed, MGA provides no basis for the burden objection, as required.  See Discovery Master Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity);[207] Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) (party claiming a discovery request is "unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence"); Horsewood v. Kids "R" Us, 1998 WL 526589, at *4 (D. Kan. Aug. 13, 1998) ("Mere assertions by plaintiff of harassment and intimidation provide no evidence of undue burden."); Bible v. Rio Props., Inc., 246 F.R.D. 614, 618 (C.D. Cal. 2007) ("Contrary to defendant's assertion, the party who resists discovery has the burden to show discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections."); Discovery Master Order No. 46, dated August 14, 2009, at 33 ("[T]he party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence.") (citing Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997)).

Lastly, MGA objects to "any instructions or definitions that seek to impose requirements in addition to those imposed by the Federal Rules of Civil Procedure or any applicable local rule."  Mattel's RFAs did not include instructions, so MGA's boilerplate objection on that ground makes no sense.  Nor does MGA specify which, if any, of the four definitions in Mattel's requests is improper, much less provide any basis for the objection.  Mattel's definitions are proper and MGA's boilerplate objection should be overruled.

---

[207]   Watson Decl., Ex. 37.

1 | REQUEST FOR ADMISSION NO. 37:

2 |         Admit that the document corresponding to Entry No. 557 on MGA'S

3 | REVISED JANUARY 23, 2008 PRIVILEGE LOG never was protected by

4 | attorney-client privilege.

5 |

6 | RESPONSE TO REQUEST FOR ADMISSION NO. 37:

7 |         MGA objects to the request as vague and ambiguous in its use of the

8 | phrase "the document" because "the document" contains a series of emails certain of

9 | which were marked as trial exhibits and, therefore, MGA assumes that "the

10 | document" means any portions of the email that were not marked as a trial exhibit.

11 | As such, MGA objects to the request as it seeks disclosure of information that is

12 | protected by the attorney-client privilege and/or work product doctrine in that

13 | MGA's knowledge concerning the scope and nature of the attorney-client privilege

14 | as applied to Exhibit 1 to the request has been gained by and through

15 | communications with its counsel. MGA additionally objects to this request on the

16 | grounds that it calls for a legal conclusion. MGA objects to the request to the extent

17 | it seeks information not relevant to the claims or defenses of any party to this action

18 | and not reasonably calculated to lead to the discovery of admissible evidence. MGA

19 | objects to the request to the extent it is unduly burdensome and oppressive. In

20 | responding, MGA has not and will not comply with any instructions or definitions

21 | that seek to impose requirements in addition to those imposed by the Federal Rules

22 | of Civil Procedure or any applicable local rule. MGA reserves the right to object on

23 | any ground at any time to such other and supplemental discovery requests as Mattel

24 | may propound involving or relating to the same subject matter(s) of the request.

25 | MGA objects to the definitions and instructions to the extent such definitions and

26 | instructions purport to enlarge, expand, or alter in any way the plain meaning and

27 | scope of any specific term or specific requests on the grounds that such enlargement,

28 | expansion or alteration renders such a term or request vague, ambiguous,

1  unintelligible, overly broad, unduly burdensome, uncertain or otherwise open to

2  interpretation.

3

4  <u>REASON WHY FURTHER RESPONSE TO REQUEST FOR ADMISSION NO.</u>

5  <u>37 SHOULD BE COMPELLED:</u>

6

7  [208.]

8

9

10  Id.

11  In addition, the Court expressly ruled that the issues surrounding the Larian-

12  O'Connor email remain open for discovery and adjudication going forward.  <u>See</u>

13  September 22, 2009 Order at 1-2.[209]  Among other things, this Request is directly

14  relevant to whether Larian committed perjury in his Phase 1 trial testimony.  It is

15  also relevant to the decision to withhold the email, which constitutes the RICO

16  predicate of obstruction of justice.  <u>See</u> <u>United States v. Lench</u>, 806 F.2d 1443, 1445

17  (9th Cir. 1986) (that defendant "failed to provide the information requested and

18  lied" about it "is all that is necessary to obstruct justice").

19          The Request appropriately seeks the knowledge of both the MGA

20  Parties and their counsel.  A recipient of requests for admission is required to

21  respond informed by the knowledge of its counsel.  <u>Christian v. Janed Enterprises,</u>

22  <u>Inc.</u>, 2009 WL 1796074, at *2 (M.D. Ga. June 23, 2009) (party required to answer

23  requests for admission with knowledge in possession of the party and its counsel);

24  <u>Hise v Lockwood Grader Corp.</u>, 153 F Supp 276, 278 (D. Neb. 1957) (plaintiff

25

26

27  [208]  Watson Decl., Ex. 1.

28  [209]  Watson Decl., Ex. 42.

1   required to respond to requests for admission with facts only in the possession of
2   counsel).

3           MGA"s "legal conclusion" objection fares no better.   The prior
4   Discovery Master repeatedly overruled the exact same "legal conclusion" objections
5   MGA asserts here.  In compelling Bryant to respond to RFAs related to his opinions
6   about the enforceability of his employment contract with Mattel and the copyrights
7   related to Bratz, the Discovery Master overruled Bryant's privilege and "legal
8   conclusion" objections and ruled that "requests for admission calling for application
9   of law to facts are permissible" and that "[t]he fact that Bryant may need to consult
10  with counsel to respond to the requests does not make the response privileged."[210]
11  Similarly, the Discovery Master compelled MGA to respond to RFAs seeking
12  information about MGA's copyright registrations and the accuracy of MGA's
13  statements to the press, emphasizing that "requests calling for legal conclusions are
14  permissible" so long as they are related to the facts of the case.[211]  The Discovery
15  Master also reiterated that it is immaterial that MGA may need to consult with
16  counsel to answer the RFAs because "[t]o hold otherwise would effectively gut the
17  provisions of Rule 36 authorizing requests that call for the application of law to
18  fact."  Id.

19          Even had it not been already overruled, MGA's privilege objection is
20  baseless.   This Request simply asks MGA to admit that Entry No. 557 on its
21  privilege log never was protected by the attorney-client privilege.  The question
22  clearly does not implicate the privilege or work product.  It is black letter law that
23  "questions related to the existence of attorney-client communications" are not
24  protected by the privilege.  Markwest Hydrocarbon, Inc. v. Liberty Mutual Ins. Co.,
25  2007 WL 1106105, at *4 (D. Colo. April 12, 2007); see also New Jersey v. Sprint

---

[210]  Discovery Master Order, dated August 20, 2007, at 6, Watson Decl., Ex. 32.

1  Corp., 2009 WL 1917412, at *18 (D. Kan. July 2, 2009) ("Questions regarding the

2  existence, extent, or waiver of an attorney-client privilege or work-product

3  immunity are not themselves privileged or protected"); B.F.G. of Illinois, Inc. v.

4  Ameritech Corp., 2001 WL 1414468, at *4 (N.D. Ill. Nov. 13, 2001) ("plaintiffs'

5  counsel's proper questions regarding foundational facts going to the assertion of

6  privilege were improperly objected to and the witness instructed not to answer");

7  Malletier v. Dooney & Bourke, Inc., 2006 WL 3851150, at *1 (S.D.N.Y. Dec. 18,

8  2006) (declarations submitted to support claim of privilege were improperly

9  redacted because "plaintiff has effectively eliminated from the declarations much of

10  the basic information that would be required to appear on a privilege log, together

11  with the foundational facts that its adversary would be entitled to discover in order

12  to test a privilege claim.").

13      MGA has already conceded the fact sought by this Request.



22  ,213  MGA cannot concede facts to the Court for the purposes of

211  Discovery Master Order, dated August 21, 2007, at 7, Watson Decl., Ex. 31.
212  Sealed Hearing Tr. at 4:19-24; 8:17-9:11; 11:14-22, Watson Decl., Ex. 27.
213  September 22, 2009 Sealed Hearing Tr. at 22:22-23:4, Watson Decl., Ex. 27; see also id. at 13:4-10 (THE COURT: "And obviously Victoria O'Conner is not an attorney; the argument is that she was conveying – without getting into the (footnote continued)

-178-

avoiding sanctions, then refuse to admit them for purposes of discovery. Notably, although MGA conceded these facts at the September 22, 2009 hearing, Mattel is nonetheless entitled to receive admissions as to these facts. Admissions, unlike pleadings or other evidentiary statements, are "binding upon the party making them. They may not be controverted at trial or on appeal. Indeed, they are 'not evidence at all but rather have the effect of withdrawing a fact from contention.'" Keller v. Untied States, 58 F.3d 1194, 1198 n.8 (7th Cir. 1995) (quoting Michael H. Graham, Federal Practice and Procedure: Evidence § 6726.

MGA's objection as to burden and oppression is frivolous. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections"). There is no conceivable burden in admitting a fact MGA has already conceded on the record; and indeed, MGA provides no basis for the burden objection, as required. See Discovery Master Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity);[214] Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) (party claiming a discovery request is "unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence"); Horsewood v. Kids "R" Us, 1998 WL 526589, at *4 (D. Kan. Aug. 13, 1998) ("Mere assertions by plaintiff of harassment and intimidation provide no evidence of undue burden."); Bible v. Rio Props., Inc., 246 F.R.D. 614, 618 (C.D. Cal. 2007) ("Contrary to defendant's assertion, the party who resists discovery has the burden to show discovery should not be allowed, and has the burden of clarifying, explaining,

---

substance of it – that she was conveying legal advice, reminding Mr. Larian of legal advice.");

[214] Watson Decl., Ex. 37.

1  and supporting its objections."); Discovery Master Order No. 46, dated August 14,
2  2009, at 33 ("[T]he party claiming that a discovery request is unduly burdensome
3  must allege specific facts which indicate the nature and extent of the burden, usually
4  by affidavit or other reliable evidence.") (citing <u>Jackson v. Montgomery Ward &</u>
5  <u>Co., Inc.</u>, 173 F.R.D. 524, 528-29 (D. Nev. 1997)).

6        Lastly, MGA objects to "any instructions or definitions that seek to
7  impose requirements in addition to those imposed by the Federal Rules of Civil
8  Procedure or any applicable local rule."  Mattel's RFAs did not include instructions,
9  so MGA's boilerplate objection on that ground makes no sense.  Nor does MGA
10  specify which, if any, of the four definitions in Mattel's requests is improper, much
11  less provide any basis for the objection.  Mattel's definitions are proper and MGA's
12  boilerplate objection should be overruled.

13

14  <u>REQUEST FOR ADMISSION NO. 38</u>:

15        Admit that the document corresponding to Entry No.  557 on MGA'S
16  REVISED JANUARY 23, 2008 PRIVILEGE LOG never was protected by the work
17  product doctrine.

18

19  <u>RESPONSE TO REQUEST FOR ADMISSION NO. 38</u>:

20        MGA objects to the request as vague and ambiguous in its use of the.
21  phrase "the document" because "the document" contains a series of emails certain of
22  which were marked as trial exhibits and, therefore, MGA assumes that "the
23  document" means any portions of the email that were not marked as a trial exhibit.
24  As such, MGA objects to the request as it seeks disclosure of information that is
25  protected by the attorney-client privilege and/or work product doctrine in that
26  MGA's knowledge concerning the scope and nature of the work product doctrine as
27  applied to Exhibit 1 to the request has been gained by and through communications
28  with its counsel.  MGA additionally objects to this request on the grounds that it

calls for a legal conclusion.  MGA objects to the request to the extent it seeks information not relevant to the claims or defenses of any party to this action and not reasonably calculated to lead to the discovery of admissible evidence.  MGA objects to the request to the extent it is unduly burdensome and oppressive.  In responding, MGA has not and will not comply with any instructions or definitions that seek to impose requirements in addition to those imposed by the Federal Rules of Civil Procedure or any applicable local rule.  MGA reserves the right to object on any ground at any time to such other and supplemental discovery requests as Mattel may propound involving or relating to the same subject matter(s) of the request.  MGA objects to the definitions and instructions to the extent such definitions and instructions purport to enlarge, expand, or alter in any way the plain meaning and scope of any specific term or specific requests on the grounds that such enlargement, expansion or alteration renders such a term or request vague, ambiguous, unintelligible, overly broad, unduly burdensome, uncertain or otherwise open to interpretation.

REASON WHY FURTHER RESPONSE TO REQUEST FOR ADMISSION NO. 38 SHOULD BE COMPELLED:



[215]

Id.

In addition, the Court expressly ruled that the issues surrounding the Larian-O'Connor email remain open for discovery and adjudication going forward.  See

[215]   Watson Decl., Ex. 1.

September 22, 2009 Order at 1-2.[216]  Among other things, this Request is directly relevant to whether Larian committed perjury in his Phase 1 trial testimony.  It is also relevant to the decision to withhold the email, which constitutes the RICO predicate of obstruction of justice.  See United States v. Lench, 806 F.2d 1443, 1445 (9th Cir. 1986) (that defendant "failed to provide the information requested and lied" about it "is all that is necessary to obstruct justice").

MGA's "legal conclusion" objection fares no better.  The prior Discovery Master repeatedly overruled the exact same "legal conclusion" objections MGA asserts here.  In compelling Bryant to respond to RFAs related to his opinions about the enforceability of his employment contract with Mattel and the copyrights related to Bratz, the Discovery Master overruled Bryant's privilege and "legal conclusion" objections and ruled that "requests for admission calling for application of law to facts are permissible" and that "[t]he fact that Bryant may need to consult with counsel to respond to the requests does not make the response privileged."[217]  Similarly, the Discovery Master compelled MGA to respond to RFAs seeking information about MGA's copyright registrations and the accuracy of MGA's statements to the press, emphasizing that "requests calling for legal conclusions are permissible" so long as they are related to the facts of the case.[218]  The Discovery Master also reiterated that it is immaterial that MGA may need to consult with counsel to answer the RFAs because "[t]o hold otherwise would effectively gut the provisions of Rule 36 authorizing requests that call for the application of law to fact." Id.

Even had it not been already overruled, MGA's privilege objection is baseless.  This Request simply asks MGA to admit that Entry No. 557 on its

---

[216]  Watson Decl., Ex. 42.
[217]  Discovery Master Order, dated August 20, 2007, at 6, Watson Decl., Ex. 32.
[218]  Discovery Master Order, dated August 21, 2007, at 7, Watson Decl., Ex. 31.

-182-

privilege log never was protected by the work product doctrine.  The question clearly does not implicate the privilege or work product.  It is black letter law that "questions related to the existence of attorney-client communications" are not protected by the privilege.  Markwest Hydrocarbon, Inc. v. Liberty Mutual Ins. Co., 2007 WL 1106105, at *4 (D. Colo. April 12, 2007); see also New Jersey v. Sprint Corp., 2009 WL 1917412, at *18 (D. Kan. July 2, 2009) ("Questions regarding the existence, extent, or waiver of an attorney-client privilege or work-product immunity are not themselves privileged or protected");  B.F.G. of Illinois, Inc. v. Ameritech Corp., 2001 WL 1414468, at *4 (N.D. Ill. Nov. 13, 2001) ("plaintiffs' counsel's proper questions regarding foundational facts going to the assertion of privilege were improperly objected to and the witness instructed not to answer"); Malletier v. Dooney & Bourke, Inc., 2006 WL 3851150, at *1 (S.D.N.Y. Dec. 18, 2006) (declarations submitted to support claim of privilege were improperly redacted because "plaintiff has effectively eliminated from the declarations much of the basic information that would be required to appear on a privilege log, together with the foundational facts that its adversary would be entitled to discover in order to test a privilege claim.").

MGA has already conceded the fact sought by this Request.



---

[219] Sealed Hearing Tr. at 4:19-24; 8:17-9:11; 11:14-22, Watson Decl., Ex. 27.

1

2 [redacted],[220]   MGA cannot concede facts to the Court for the purposes of

3 avoiding sanctions, then refuse to admit them for purposes of discovery.  Notably,

4 although MGA conceded these facts at the September 22, 2009 hearing, Mattel is

5 nonetheless entitled to receive admissions as to these facts.  Admissions, unlike

6 pleadings or other evidentiary statements, are "binding upon the party making them.

7 They may not be controverted at trial or on appeal.  Indeed, they are 'not evidence at

8 all but rather have the effect of withdrawing a fact from contention.'"  Keller v.

9 Untied States, 58 F.3d 1194, 1198 n.8 (7th Cir. 1995) (quoting Michael H. Graham,

10 Federal Practice and Procedure: Evidence § 6726.

11      The Request appropriately seeks the knowledge of both the MGA

12 Parties and their counsel.  A recipient of requests for admission is required to

13 respond informed by the knowledge of its counsel.  Christian v. Janed Enterprises,

14 Inc., 2009 WL 1796074, at *2 (M.D. Ga. June 23, 2009) (party required to answer

15 requests for admission with knowledge in possession of the party and its counsel);

16 Hise v Lockwood Grader Corp., 153 F Supp 276, 278 (D. Neb. 1957) (plaintiff

17 required to respond to requests for admission with facts only in the possession of

18 counsel).

19      MGA's objection as to burden and oppression is frivolous.  See A.

20 Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general

21 or boilerplate objections such as 'overly burdensome and harassing' are improper –

22 especially when a party fails to submit any evidentiary declarations supporting such

23 objections").  There is no conceivable burden in admitting a fact MGA has already

24

25

---

26  [220]   September 22, 2009 Sealed Hearing Tr. at 22:22-23:4, Watson Decl., Ex. 27;

27 see also id. at 13:4-10 (THE COURT: "And obviously Victoria O'Conner is not an attorney; the argument is that she was conveying – without getting into the

28 (footnote continued)

conceded on the record; and indeed, MGA provides no basis for the burden objection, as required. <u>See</u> Discovery Master Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity);[221] <u>Jackson v. Montgomery Ward & Co., Inc.</u>, 173 F.R.D. 524, 528-29 (D. Nev. 1997) (party claiming a discovery request is "unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence"); <u>Horsewood v. Kids "R" Us</u>, 1998 WL 526589, at *4 (D. Kan. Aug. 13, 1998) ("Mere assertions by plaintiff of harassment and intimidation provide no evidence of undue burden:"); <u>Bible v. Rio Props., Inc.</u>, 246 F.R.D. 614, 618 (C.D. Cal. 2007) ("Contrary to defendant's assertion, the party who resists discovery has the burden to show discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections."); Discovery Master Order No. 46, dated August 14, 2009, at 33 ("[T]he party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence.") (citing <u>Jackson v. Montgomery Ward & Co., Inc.</u>, 173 F.R.D. 524, 528-29 (D. Nev. 1997)).

Lastly, MGA objects to "any instructions or definitions that seek to impose requirements in addition to those imposed by the Federal Rules of Civil Procedure or any applicable local rule." Mattel's RFAs did not include instructions, so MGA's boilerplate objection on that ground makes no sense. Nor does MGA specify which, if any, of the four definitions in Mattel's requests is improper, much less provide any basis for the objection. Mattel's definitions are proper and MGA's boilerplate objection should be overruled.

---

substance of it – that she was conveying legal advice, reminding Mr. Larian of legal advice.");

[221]   Watson Decl., Ex. 37.

1 REQUEST FOR ADMISSION NO. 39:

2     Admit that MGA has produced all other versions of the exchange

3 reflected in the document attached hereto as Exhibit 1.

4

5 RESPONSE TO REQUEST FOR ADMISSION NO. 39:

6     MGA objects to the phrase "all other versions of the exchange reflected

7 in the document" as vague and ambiguous. MGA objects to the request insofar as it

8 seeks disclosure of information that is protected by the attorney-client privilege

9 and/or work product doctrine. MGA objects to the request to the extent it seeks

10 information not relevant to the claims or defenses of any party to this action and not

11 reasonably calculated to lead to the discovery of admissible evidence. MGA objects

12 to the request to the extent it is unduly burdensome and oppressive. In responding,

13 MGA has not and will not comply with any instructions or definitions that seek to

14 impose requirements in addition to those imposed by the Federal Rules of Civil

15 Procedure or any applicable local rule. MGA reserves the right to object on any

16 ground at any time to such other and supplemental discovery requests as Mattel may

17 propound involving or relating to the same subject matter(s) of the request. MGA

18 objects to the definitions and instructions to the extent such definitions and

19 instructions purport to enlarge, expand, or alter in any way the plain meaning and

20 scope of any specific term or specific requests on the grounds that such enlargement,

21 expansion or alteration renders such a term or request vague, ambiguous,

22 unintelligible, overly broad, unduly burdensome, uncertain or otherwise open to

23 interpretation.

24     Subject to and without waiving these objections, privileges and

25 doctrines, MGA responds as follows:

26     MGA admits that it has conducted a good faith diligent search and

27 reasonable inquiry for documents responsive to Mattel's discovery requests,

28

1  including documents that contain the emails reflected in Exhibit 1, and has provided

2  those documents to counsel for MGA and Mr. Larian.

3

4  <u>REASON WHY FURTHER RESPONSE TO REQUEST FOR ADMISSION NO.</u>

5  <u>39 SHOULD BE COMPELLED:</u>

6  ██████████████████████████████████

7  ████████████████████████████████████████[222]

8  ████████████████████████████████████████

9  ████████████████████████████████████████

10 ██████████████████████████████████  Id.

11 In addition, the Court expressly ruled that the issues surrounding the Larian-

12 O'Connor email remain open for discovery and adjudication going forward. <u>See</u>

13 September 22, 2009 Order at 1-2.[223]   Among other things, this Request is directly

14 relevant to whether Larian committed perjury in his Phase 1 trial testimony.  It is

15 also relevant to the decision to withhold the email, which constitutes the RICO

16 predicate of obstruction of justice. <u>See</u> <u>United States v. Lench</u>, 806 F.2d 1443, 1445

17 (9th Cir. 1986) (that defendant "failed to provide the information requested and

18 lied" about it "is all that is necessary to obstruct justice").

19          MGA's boilerplate "vague and ambiguous" objection is specious.

20 There is nothing vague about asking MGA to admit whether it has produced all

21 versions of the document or not, and MGA points to nothing about which it is

22 purportedly confused.

23          Even had it not been already overruled, MGA's privilege objection is

24 baseless.  This Request simply asks MGA to admit that it has produced all versions

25 of the attached document.  The question clearly does not implicate the privilege or

26

27  [222]  Watson Decl., Ex. 1.

28

-187-

work product.  If MGA is withholding related communications, Mattel is entitled to know.  It is black letter law that "questions related to the existence of attorney-client communications" are not protected by the privilege.  Markwest Hydrocarbon, Inc. v. Liberty Mutual Ins. Co., 2007 WL 1106105, at *4 (D. Colo. April 12, 2007); see also New Jersey v. Sprint Corp., 2009 WL 1917412, at *18 (D. Kan. July 2, 2009) ("Questions regarding the existence, extent, or waiver of an attorney-client privilege or work-product immunity are not themselves privileged or protected"); B.F.G. of Illinois, Inc. v. Ameritech Corp., 2001 WL 1414468, at *4 (N.D. Ill. Nov. 13, 2001) ("plaintiffs' counsel's proper questions regarding foundational facts going to the assertion of privilege were improperly objected to and the witness instructed not to answer"); Malletier v. Dooney & Bourke, Inc., 2006 WL 3851150, at *1 (S.D.N.Y. Dec. 18, 2006) (declarations submitted to support claim of privilege were improperly redacted because "plaintiff has effectively eliminated from the declarations much of the basic information that would be required to appear on a privilege log, together with the foundational facts that its adversary would be entitled to discover in order to test a privilege claim.").

The Request appropriately seeks the knowledge of both the MGA Parties and their counsel.  A recipient of requests for admission is required to respond informed by the knowledge of its counsel.  Christian v. Janed Enterprises, Inc., 2009 WL 1796074, at *2 (M.D. Ga. June 23, 2009) (party required to answer requests for admission with knowledge in possession of the party and its counsel); Hise v Lockwood Grader Corp., 153 F Supp 276, 278 (D. Neb. 1957) (plaintiff required to respond to requests for admission with facts only in the possession of counsel).

---

[223]   Watson Decl., Ex. 42.

1    MGA's objection as to burden and oppression is frivolous.  See A.
2   Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general
3   or boilerplate objections such as 'overly burdensome and harassing' are improper –
4   especially when a party fails to submit any evidentiary declarations supporting such
5   objections").   There is no conceivable burden in admitting it is not withholding
6   additional documents – a fact it is obligated to disclose – and MGA provides no
7   basis for the burden objection, as required.  See Discovery Master Order No. 17,
8   dated April 14, 2009, at 20 (overruling objections not stated with specificity);[224]
9   Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997)
10  (party claiming a discovery request is "unduly burdensome must allege specific facts
11  which indicate the nature and extent of the burden, usually by affidavit or other
12  reliable evidence"); Horsewood v. Kids "R" Us, 1998 WL 526589, at *4 (D. Kan.
13  Aug. 13, 1998) ("Mere assertions by plaintiff of harassment and intimidation
14  provide no evidence of undue burden."); Bible v. Rio Props., Inc., 246 F.R.D. 614,
15  618 (C.D. Cal. 2007) ("Contrary to defendant's assertion, the party who resists
16  discovery has the burden to show discovery should not be allowed, and has the
17  burden of clarifying, explaining, and supporting its objections."); Discovery Master
18  Order No. 46, dated August 14, 2009, at 33 ("[T]he party claiming that a discovery
19  request is unduly burdensome must allege specific facts which indicate the nature
20  and extent of the burden, usually by affidavit or other reliable evidence.") (citing
21  Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997)).

22      Lastly, MGA objects to "any instructions or definitions that seek to
23  impose requirements in addition to those imposed by the Federal Rules of Civil
24  Procedure or any applicable local rule."  Mattel's RFAs did not include instructions,
25  so MGA's boilerplate objection on that ground makes no sense.  Nor does MGA

---

[224]   Watson Decl., Ex. 37.

1   specify which, if any, of the four definitions in Mattel's requests is improper, much
2   less provide any basis for the objection.  Mattel's definitions are proper and MGA's
3   boilerplate objection should be overruled.

4

5   REQUEST FOR ADMISSION NO. 40:

6           Admit that MGA has not produced to Mattel all other versions of the
7   exchange reflected in the document attached hereto as Exhibit 1.

8

9   RESPONSE TO REQUEST FOR ADMISSION NO. 40:

10          MGA objects to the phrase "all other versions of the exchange reflected
11  in the document" as vague and ambiguous.  MGA objects to the request insofar as it
12  seeks disclosure of information that is protected by the attorney-client privilege
13  and/or work product doctrine.  MGA objects to the request to the extent it seeks
14  information not relevant to the claims or defenses of any party to this action and not
15  reasonably calculated to lead to the discovery of admissible evidence.  MGA objects
16  to the request to the extent it is unduly burdensome and oppressive.  In responding,
17  MGA has not and will not comply with any instructions or definitions that seek to
18  impose requirements in addition to those imposed by the Federal Rules of Civil
19  Procedure or any applicable local rule.  MGA reserves the right to object on any
20  ground at any time to such other and supplemental discovery requests as Mattel may
21  propound involving or relating to the same subject matter(s) of the request.  MGA
22  objects to the definitions and instructions to the extent such definitions and
23  instructions purport to enlarge, expand, or alter in any way the plain meaning and
24  scope of any specific term or specific requests on the grounds that such enlargement,
25  expansion or alteration renders such a term or request vague, ambiguous,
26  unintelligible, overly broad, unduly burdensome, uncertain or otherwise open to
27  interpretation.

28

1    Subject to and without waiving these objections, privileges and

2  doctrines, MGA responds as follows:

3    MGA admits that it has conducted a good faith diligent search and

4  reasonable inquiry for documents responsive to Mattel's discovery requests,

5  including documents that contain the emails reflected in Exhibit 1, and has provided

6  those documents to counsel for MGA and Mr. Larian.

7

8  <u>REASON WHY FURTHER RESPONSE TO REQUEST FOR ADMISSION NO.</u>

9  <u>40 SHOULD BE COMPELLED:</u>

10  ███████████████████████████████████████

11  ███████████████████████████████████████[225]

12  ███████████████████████████████████████

13  ███████████████████████████████████████

14  ███████████████████████████████████████ Id.

15  In addition, the Court expressly ruled that the issues surrounding the Larian-

16  O'Connor email remain open for discovery and adjudication going forward. <u>See</u>

17  September 22, 2009 Order at 1-2.[226]  Among other things, this Request is directly

18  relevant to whether Larian committed perjury in his Phase 1 trial testimony.  It is

19  also relevant to the decision to withhold the email, which constitutes the RICO

20  predicate of obstruction of justice. <u>See</u> <u>United States v. Lench</u>, 806 F.2d 1443, 1445

21  (9th Cir. 1986) (that defendant "failed to provide the information requested and

22  lied" about it "is all that is necessary to obstruct justice").

23    MGA's boilerplate "vague and ambiguous" objection is specious.

24  There is nothing vague about asking MGA to admit whether it has produced all

25

26  _____

27  [225] Watson Decl., Ex. 1.

28  [226] Watson Decl., Ex. 42.

STATEMENT ISO MATTEL'S MOTION TO COMPEL MGA'S RESPONSE TO RFAS

1    versions of the document or not, and MGA points to nothing about which it is
2    purportedly confused.

3         Even had it not been already overruled, MGA's privilege objection is
4    baseless. This Request simply asks MGA to admit that it has not produced all other
5    versions of the attached document. The question clearly does not implicate the
6    privilege or work product. It is black letter law that "questions related to the
7    existence of attorney-client communications" are not protected by the privilege.
8    Markwest Hydrocarbon, Inc. v. Liberty Mutual Ins. Co., 2007 WL 1106105, at *4
9    (D. Colo. April 12, 2007); see also New Jersey v. Sprint Corp., 2009 WL 1917412,
10    at *18 (D. Kan. July 2, 2009) ("Questions regarding the existence, extent, or waiver
11    of an attorney-client privilege or work-product immunity are not themselves
12    privileged or protected"); B.F.G. of Illinois, Inc. v. Ameritech Corp., 2001 WL
13    1414468, at *4 (N.D. Ill. Nov. 13, 2001) ("plaintiffs' counsel's proper questions
14    regarding foundational facts going to the assertion of privilege were improperly
15    objected to and the witness instructed not to answer"); Malletier v. Dooney &
16    Bourke, Inc., 2006 WL 3851150, at *1 (S.D.N.Y. Dec. 18, 2006) (declarations
17    submitted to support claim of privilege were improperly redacted because "plaintiff
18    has effectively eliminated from the declarations much of the basic information that
19    would be required to appear on a privilege log, together with the foundational facts
20    that its adversary would be entitled to discover in order to test a privilege claim.").

21         The Request appropriately seeks the knowledge of both the MGA
22    Parties and their counsel. A recipient of requests for admission is required to
23    respond informed by the knowledge of its counsel. Christian v. Janed Enterprises,
24    Inc., 2009 WL 1796074, at *2 (M.D. Ga. June 23, 2009) (party required to answer
25    requests for admission with knowledge in possession of the party and its counsel);
26    Hise v Lockwood Grader Corp., 153 F Supp 276, 278 (D. Neb. 1957) (plaintiff
27    required to respond to requests for admission with facts only in the possession of
28    counsel).

1    MGA's objection as to burden and oppression is frivolous.  See A.

2 Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general

3 or boilerplate objections such as 'overly burdensome and harassing' are improper –

4 especially when a party fails to submit any evidentiary declarations supporting such

5 objections").    There  is  no  conceivable  burden  in  admitting  it  is  withholding

6 additional documents – a fact it is obligated to disclose – and MGA provides no

7 basis for the burden objection, as required.  See Discovery Master Order No. 17,

8 dated April 14, 2009, at 20 (overruling objections not stated with specificity);[227]

9 Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997)

10 (party claiming a discovery request is "unduly burdensome must allege specific facts

11 which indicate the nature and extent of the burden, usually by affidavit or other

12 reliable evidence"); Horsewood v. Kids "R" Us, 1998 WL 526589, at *4 (D. Kan.

13 Aug. 13, 1998) ("Mere assertions by plaintiff of harassment and intimidation

14 provide no evidence of undue burden."); Bible v. Rio Props., Inc., 246 F.R.D. 614,

15 618 (C.D. Cal. 2007) ("Contrary to defendant's assertion, the party who resists

16 discovery has the burden to show discovery should not be allowed, and has the

17 burden of clarifying, explaining, and supporting its objections."); Discovery Master

18 Order No. 46, dated August 14, 2009, at 33 ("[T]he party claiming that a discovery

19 request is unduly burdensome must allege specific facts which indicate the nature

20 and extent of the burden, usually by affidavit or other reliable evidence.") (citing

21 Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997)).

22    Lastly, MGA objects to "any instructions or definitions that seek to

23 impose requirements in addition to those imposed by the Federal Rules of Civil

24 Procedure or any applicable local rule."  Mattel's RFAs did not include instructions,

25 so MGA's boilerplate objection on that ground makes no sense.  Nor does MGA

26

27 [227]  Watson Decl., Ex. 37.

28

1    specify which, if any, of the four definitions in Mattel's requests is improper, much
2    less provide any basis for the objection.  Mattel's definitions are proper and MGA's
3    boilerplate objection should be overruled.

4

5    REQUEST FOR ADMISSION NO. 41:

6            Admit that there are additional communications to or from Isaac Larian
7    that are part of the email chain attached hereto as Exhibit 1.

8

9    RESPONSE TO REQUEST FOR ADMISSION NO. 41:

10           MGA objects to the phrase "additional communications to or from
11   Isaac Larian that are part of the email chain" as vague and ambiguous.  MGA
12   objects to the request insofar as it seeks disclosure of information that is protected
13   by the attorney-client privilege and/or work product doctrine.  MGA objects to the
14   request to the extent it seeks information not relevant to the claims or defenses of
15   any party to this action and not reasonably calculated to lead to the discovery of
16   admissible evidence.  MGA objects to the request to the extent it is unduly
17   burdensome and oppressive.  In responding, MGA has not and will not comply with
18   any instructions or definitions that seek to impose requirements in addition to those
19   imposed by the Federal Rules of Civil Procedure or any applicable local rule.  MGA
20   reserves the right to object on any ground at any time to such other and
21   supplemental discovery requests as Mattel may propound involving or relating to
22   the same subject matter(s) of the request.  MGA objects to the definitions and
23   instructions to the extent such definitions and instructions purport to enlarge,
24   expand, or alter in any way the plain meaning and scope of any specific term or
25   specific requests on the grounds that such enlargement, expansion or alteration
26   renders such a term or request vague, ambiguous, unintelligible, overly broad,
27   unduly burdensome, uncertain or otherwise open to interpretation.

28

00505.07975/3180667.1

1   Subject to and without waiving these objections, privileges and
2   doctrines, MGA responds as follows:

3   MGA admits that it has conducted a good faith diligent search and
4   reasonable inquiry for documents responsive to Mattel's discovery requests,
5   including documents that contain the emails reflected in Exhibit 1, and has provided
6   those documents to counsel for MGA and Mr. Larian.

7

8   REASON WHY FURTHER RESPONSE TO REQUEST FOR ADMISSION NO.
9   41 SHOULD BE COMPELLED:

10

11  .[228]

12

13

14  Id.

15  In addition, the Court expressly ruled that the issues surrounding the Larian-
16  O'Connor email remain open for discovery and adjudication going forward. See
17  September 22, 2009 Order at 1-2.[229]   Among other things, this Request is directly
18  relevant to whether Larian committed perjury in his Phase 1 trial testimony. It is
19  also relevant to the decision to withhold the email, which constitutes the RICO
20  predicate of obstruction of justice. See United States v. Lench, 806 F.2d 1443, 1445
21  (9th Cir. 1986) (that defendant "failed to provide the information requested and
22  lied" about it "is all that is necessary to obstruct justice").

23  MGA's boilerplate "vague and ambiguous" objection is specious.
24  There is nothing vague about asking MGA to admit whether there are additional
25  communications from Isaac Larian that are part of the same email chain as the

26

27  [228]   Watson Decl., Ex. 1.

28

1  attached document, and MGA points to nothing about which it is purportedly

2  confused.

3          Even had it not been already overruled, MGA's privilege objection is

4  baseless.   This Request simply asks MGA to admit that there are additional

5  communications from Isaac Larian that are part of the same email chain as the

6  attached document.  The question clearly does not implicate the privilege or work

7  product.  It is black letter law that "questions related to the existence of attorney-

8  client communications" are not protected by the privilege.  Markwest Hydrocarbon,

9  Inc. v. Liberty Mutual Ins. Co., 2007 WL 1106105, at *4 (D. Colo. April 12, 2007);

10  see also New Jersey v. Sprint Corp., 2009 WL 1917412, at *18 (D. Kan. July 2,

11  2009) ("Questions regarding the existence, extent, or waiver of an attorney-client

12  privilege or work-product immunity are not themselves privileged or protected");

13  B.F.G. of Illinois, Inc. v. Ameritech Corp., 2001 WL 1414468, at *4 (N.D. Ill. Nov.

14  13, 2001) ("plaintiffs' counsel's proper questions regarding foundational facts going

15  to the assertion of privilege were improperly objected to and the witness instructed

16  not to answer"); Malletier v. Dooney & Bourke, Inc., 2006 WL 3851150, at *1

17  (S.D.N.Y. Dec. 18, 2006) (declarations submitted to support claim of privilege were

18  improperly redacted because "plaintiff has effectively eliminated from the

19  declarations much of the basic information that would be required to appear on a

20  privilege log, together with the foundational facts that its adversary would be

21  entitled to discover in order to test a privilege claim.").

22          The Request appropriately seeks the knowledge of both the MGA

23  Parties and their counsel.  A recipient of requests for admission is required to

24  respond informed by the knowledge of its counsel. Christian v. Janed Enterprises,

25  Inc., 2009 WL 1796074, at *2 (M.D. Ga. June 23, 2009) (party required to answer

26

27  [229]   Watson Decl., Ex. 42.

28

1  requests for admission with knowledge in possession of the party and its counsel);

2  Hise v Lockwood Grader Corp., 153 F Supp 276, 278 (D. Neb. 1957) (plaintiff

3  required to respond to requests for admission with facts only in the possession of

4  counsel).

5            MGA's objection as to burden and oppression is frivolous.  See A.

6  Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general

7  or boilerplate objections such as 'overly burdensome and harassing' are improper –

8  especially when a party fails to submit any evidentiary declarations supporting such

9  objections").  There is no conceivable burden in admitting it is withholding

10  additional documents – a fact it is obligated to disclose – and MGA provides no

11  basis for the burden objection, as required.  See Discovery Master Order No. 17,

12  dated April 14, 2009, at 20 (overruling objections not stated with specificity);[230]

13  Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997)

14  (party claiming a discovery request is "unduly burdensome must allege specific facts

15  which indicate the nature and extent of the burden, usually by affidavit or other

16  reliable evidence"); Horsewood v. Kids "R" Us, 1998 WL 526589, at *4 (D. Kan.

17  Aug. 13, 1998) ("Mere assertions by plaintiff of harassment and intimidation

18  provide no evidence of undue burden."); Bible v. Rio Props., Inc., 246 F.R.D. 614,

19  618 (C.D. Cal. 2007) ("Contrary to defendant's assertion, the party who resists

20  discovery has the burden to show discovery should not be allowed, and has the

21  burden of clarifying, explaining, and supporting its objections."); Discovery Master

22  Order No. 46, dated August 14, 2009, at 33 ("[T]he party claiming that a discovery

23  request is unduly burdensome must allege specific facts which indicate the nature

24  and extent of the burden, usually by affidavit or other reliable evidence.") (citing

25  Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997)).

26

27  [230]  Watson Decl., Ex. 37.

28

1    Lastly, MGA objects to "any instructions or definitions that seek to
2    impose requirements in addition to those imposed by the Federal Rules of Civil
3    Procedure or any applicable local rule." Mattel's RFAs did not include instructions,
4    so MGA's boilerplate objection on that ground makes no sense. Nor does MGA
5    specify which, if any, of the four definitions in Mattel's requests is improper, much
6    less provide any basis for the objection. Mattel's definitions are proper and MGA's
7    boilerplate objection should be overruled.

8

9    REQUEST FOR ADMISSION NO. 42:

10    Admit that there are no additional communications to or from Isaac
11    Larian that are part of the email chain attached hereto as Exhibit 1.

12

13    RESPONSE TO REQUEST FOR ADMISSION NO. 42:

14    MGA objects to the phrase "additional communications to or from
15    Isaac Larian that are part of the email chain" as vague and ambiguous. MGA objects
16    to the request insofar as it seeks disclosure of information that is protected by the
17    attorney-client privilege and/or work product doctrine. MGA objects to the request
18    to the extent it seeks information not relevant to the claims or defenses of any party
19    to this action and not reasonably calculated to lead to the discovery of admissible
20    evidence. MGA objects to the request to the extent it is unduly burdensome and
21    oppressive. In responding, MGA has not and will not comply with any instructions
22    or definitions that seek to impose requirements in addition to those imposed by the
23    Federal Rules of Civil Procedure or any applicable local rule. MGA reserves the
24    right to object on any ground at any time to such other and supplemental discovery
25    requests as Mattel may propound involving or relating to the same subject matter(s)
26    of the request. MGA objects to the definitions and instructions to the extent such
27    definitions and instructions purport to enlarge, expand, or alter in any way the plain
28    meaning and scope of any specific term or specific requests on the grounds that such

1  enlargement, expansion or alteration renders such a term or request vague,
2  ambiguous, unintelligible, overly broad, unduly burdensome, uncertain or otherwise
3  open to interpretation.

4        Subject to and without waiving these objections, privileges and
5  doctrines, MGA responds as follows:

6        MGA admits that it has conducted a good faith diligent search and
7  reasonable inquiry for documents responsive to Mattel's discovery requests,
8  including documents that contain the emails reflected in Exhibit 1, and has provided
9  those documents to counsel for MGA and Mr. Larian.

10

11  <u>REASON WHY FURTHER RESPONSE TO REQUEST FOR ADMISSION NO.</u>
12  <u>42 SHOULD BE COMPELLED:</u>

13  ██████████████████████████████████████
14  ███████████████████████████████████████[231]
15  ████████████████████████████████████████
16  ███████████████████████████████████████
17  █████████████████████████████████  Id.
18  In addition, the Court expressly ruled that the issues surrounding the Larian-
19  O'Connor email remain open for discovery and adjudication going forward. <u>See</u>
20  September 22, 2009 Order at 1-2.[232]  Among other things, this Request is directly
21  relevant to whether Larian committed perjury in his Phase 1 trial testimony.  It is
22  also relevant to the decision to withhold the email, which constitutes the RICO
23  predicate of obstruction of justice. <u>See</u> <u>United States v. Lench</u>, 806 F.2d 1443, 1445
24  (9th Cir. 1986) (that defendant "failed to provide the information requested and
25  lied" about it "is all that is necessary to obstruct justice").

26

27  [231]  Watson Decl., Ex. 1.

28

1    MGA's boilerplate "vague and ambiguous" objection is specious.
2 There is nothing vague about asking MGA to admit whether there are additional
3 communications to or from Isaac Larian that are part of the same email chain as the
4 attached Exhibit, and MGA points to nothing about which it is purportedly
5 confused.

6    Even had it not been already overruled, MGA's privilege objection is
7 baseless. This Request simply asks MGA to admit that it had been compelled to
8 produce to Mattel the Larian-O'Connor email prior to May 27, 2008. The question
9 clearly does not implicate the privilege or work product. It is black letter law that
10 "questions related to the existence of attorney-client communications" are not
11 protected by the privilege. Markwest Hydrocarbon, Inc. v. Liberty Mutual Ins. Co.,
12 2007 WL 1106105, at *4 (D. Colo. April 12, 2007); see also New Jersey v. Sprint
13 Corp., 2009 WL 1917412, at *18 (D. Kan. July 2, 2009) ("Questions regarding the
14 existence, extent, or waiver of an attorney-client privilege or work-product
15 immunity are not themselves privileged or protected"); B.F.G. of Illinois, Inc. v.
16 Ameritech Corp., 2001 WL 1414468, at *4 (N.D. Ill. Nov. 13, 2001) ("plaintiffs'
17 counsel's proper questions regarding foundational facts going to the assertion of
18 privilege were improperly objected to and the witness instructed not to answer");
19 Malletier v. Dooney & Bourke, Inc., 2006 WL 3851150, at *1 (S.D.N.Y. Dec. 18,
20 2006) (declarations submitted to support claim of privilege were improperly
21 redacted because "plaintiff has effectively eliminated from the declarations much of
22 the basic information that would be required to appear on a privilege log, together
23 with the foundational facts that its adversary would be entitled to discover in order
24 to test a privilege claim.").

25
26
_____
27   [232]   Watson Decl., Ex. 42.
28

1          The Request appropriately seeks the knowledge of both the MGA

2   Parties and their counsel.   A recipient of requests for admission is required to

3   respond informed by the knowledge of its counsel.   <u>Christian v. Janed Enterprises,</u>

4   <u>Inc.</u>, 2009 WL 1796074, at *2 (M.D. Ga. June 23, 2009) (party required to answer

5   requests for admission with knowledge in possession of the party and its counsel);

6   <u>Hise v Lockwood Grader Corp.</u>, 153 F Supp 276, 278 (D. Neb. 1957) (plaintiff

7   required to respond to requests for admission with facts only in the possession of

8   counsel).

9          MGA's objection as to burden and oppression is frivolous.   <u>See</u> <u>A.</u>

10  <u>Farber and Partners, Inc. v. Garber</u>, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general

11  or boilerplate objections such as 'overly burdensome and harassing' are improper –

12  especially when a party fails to submit any evidentiary declarations supporting such

13  objections").   There is no conceivable burden in admitting it is not withholding

14  additional documents – a fact it is obligated to disclose – and MGA provides no

15  basis for the burden objection, as required.   <u>See</u> Discovery Master Order No. 17,

16  dated April 14, 2009, at 20 (overruling objections not stated with specificity);[233]

17  <u>Jackson v. Montgomery Ward & Co., Inc.</u>, 173 F.R.D. 524, 528-29 (D. Nev. 1997)

18  (party claiming a discovery request is "unduly burdensome must allege specific facts

19  which indicate the nature and extent of the burden, usually by affidavit or other

20  reliable evidence"); <u>Horsewood v. Kids "R" Us</u>, 1998 WL 526589, at *4 (D. Kan.

21  Aug. 13, 1998) ("Mere assertions by plaintiff of harassment and intimidation

22  provide no evidence of undue burden."); <u>Bible v. Rio Props., Inc.</u>, 246 F.R.D. 614,

23  618 (C.D. Cal. 2007) ("Contrary to defendant's assertion, the party who resists

24  discovery has the burden to show discovery should not be allowed, and has the

25  burden of clarifying, explaining, and supporting its objections."); Discovery Master

26

27  [233]   Watson Decl., Ex. 37.

28

1   Order No. 46, dated August 14, 2009, at 33 ("[T]he party claiming that a discovery
2   request is unduly burdensome must allege specific facts which indicate the nature
3   and extent of the burden, usually by affidavit or other reliable evidence.") (citing
4   Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997)).

5        Lastly, MGA objects to "any instructions or definitions that seek to
6   impose requirements in addition to those imposed by the Federal Rules of Civil
7   Procedure or any applicable local rule."  Mattel's RFAs did not include instructions,
8   so MGA's boilerplate objection on that ground makes no sense.  Nor does MGA
9   specify which, if any, of the four definitions in Mattel's requests is improper, much
10  less provide any basis for the objection.  Mattel's definitions are proper and MGA's
11  boilerplate objection should be overruled.

12

13  **III.   RESPONSES TO LARIAN'S INDIVIDUAL OBJECTIONS**

14

15  REQUEST FOR ADMISSION NO. 1:

16        Admit that the document attached hereto as Exhibit 1 is a true and correct
17  copy of an email exchange in which YOU were involved on or about October 23,
18  2002.

19

20  RESPONSE TO REQUEST FOR ADMISSION NO. 1:

21        Mr. Larian objects to the phrase "involved" as vague and ambiguous. Mr.
22  Larian objects to the request insofar as it seeks disclosure of information that is
23  protected by the attorney-client privilege and/or work product doctrine. Mr. Larian
24  objects to the request to the extent it seeks information not relevant to the claims or
25  defenses of any party to this action and not reasonably calculated to lead to the
26  discovery of admissible evidence. Mr. Larian objects to the request to the extent it is
27  unduly burdensome and oppressive. In responding, Mr. Larian has not and will not
28  comply with any instructions or definitions that seek to impose requirements in

1   addition to those imposed by the Federal Rules of Civil Procedure or any applicable

2   local rule. Mr. Larian reserves the right to object on any ground at any time to such

3   other and supplemental discovery requests as Mattel may propound involving or

4   relating to the same subject matter(s) of the request. Mr. Larian objects to the

5   definitions and instructions to the extent such definitions and instructions purport to

6   enlarge, expand, or alter in any way the plain meaning and scope of any specific

7   term or specific requests on the grounds that such enlargement, expansion or

8   alteration renders such a term or request vague, ambiguous, unintelligible, overly

9   broad, unduly burdensome, uncertain or otherwise open to interpretation.

10          Subject to and without waiving these objections, privileges and doctrines, Mr.

11  Larian responds as follows:

12          Admit.

13

14  <u>REASON WHY FURTHER RESPONSE TO REQUEST FOR ADMISSION NO. 1</u>

15  <u>SHOULD BE COMPELLED</u>:

16          It is not clear whether Larian stands on his objections, despite admitting this

17  Request.  To the extent Larian continues to assert his objections, they should be

18  overruled for the following reasons.

19          The Discovery Master has already ruled that Larian must respond to

20  this Request. <u>See</u> Discovery Master Order No. 66, dated September 17, 2009, at

21  7.[234] ██████████████

22  ████████████████████████

23  ████████████████████████

24  Id.  In addition, the Court expressly ruled that the issues surrounding the Larian-

25  O'Connor email remain open for discovery and adjudication going forward.  <u>See</u>

26

27          [234]   Watson Decl., Ex. 1.

28

1   September 22, 2009 Order at 1-2.[235]   Among other things, this Request is directly

2   relevant to whether Larian committed perjury in his Phase 1 trial testimony.  It is

3   also relevant to the decision to withhold the email, which constitutes the RICO

4   predicate of obstruction of justice.  See United States v. Lench, 806 F.2d 1443, 1445

5   (9th Cir. 1986) (that defendant "failed to provide the information requested and

6   lied" about it "is all that is necessary to obstruct justice").

7          Larian's "vagueness" objection is disingenuous.  Larian knows full

8   well what it means to ask if he is "involved" in the email exchange in question.  See

9   Pulsecard, Inc. v. Discover Card Servs., Inc., 168 F.R.D. 295, 310 (D. Kan. 1996)

10  (overruling vague and ambiguous objections because "[r]espondents should exercise

11  reason and common sense to attribute ordinary definitions to terms and phrases

12  utilized in interrogatories.").

13         Even had it not been already overruled, Larian's privilege objection is

14  baseless.  This Request simply asks Larian to admit that he was involved in the

15  Larian-O'Connor email.  B.F.G. of Illinois, Inc. v. Ameritech Corp., 2001 WL

16  1414468, at *4 (N.D. Ill. Nov. 13, 2001) ("plaintiffs' counsel's proper questions

17  regarding foundational facts going to the assertion of privilege were improperly

18  objected to and the witness instructed not to answer").

19         Larian's objection as to burden and oppression is frivolous.  See A.

20  Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general

21  or boilerplate objections such as 'overly burdensome and harassing' are improper –

22  especially when a party fails to submit any evidentiary declarations supporting such

23  objections").  There is no conceivable burden in admitting a fact Larian has already

24  conceded on the record; and indeed, Larian provides no basis for the burden

25  objection, as required.  See Discovery Master Order No. 17, dated April 14, 2009, at

26

27  [235]  Watson Decl., Ex. 42.

28

1  20 (overruling objections not stated with specificity);[236] <u>Jackson v. Montgomery</u>
2  <u>Ward & Co., Inc.</u>, 173 F.R.D. 524, 528-29 (D. Nev. 1997) (party claiming a
3  discovery request is "unduly burdensome must allege specific facts which indicate
4  the nature and extent of the burden, usually by affidavit or other reliable evidence");
5  <u>Horsewood v. Kids "R" Us</u>, 1998 WL 526589, at *4 (D. Kan. Aug. 13, 1998)
6  ("Mere assertions by plaintiff of harassment and intimidation provide no evidence of
7  undue burden."); <u>Bible v. Rio Props., Inc.</u>, 246 F.R.D. 614, 618 (C.D. Cal. 2007)
8  ("Contrary to defendant's assertion, the party who resists discovery has the burden to
9  show discovery should not be allowed, and has the burden of clarifying, explaining,
10  and supporting its objections."); Discovery Master Order No. 46, dated August 14,
11  2009, at 33 ("[T]he party claiming that a discovery request is unduly burdensome
12  must allege specific facts which indicate the nature and extent of the burden, usually
13  by affidavit or other reliable evidence.") (citing <u>Jackson v. Montgomery Ward &</u>
14  <u>Co., Inc.</u>, 173 F.R.D. 524, 528-29 (D. Nev. 1997)).

15       Lastly, Larian objects to "any instructions or definitions that seek to impose
16  requirements in addition to those imposed by the Federal Rules of Civil Procedure
17  or any applicable local rule." Mattel's RFAs did not include instructions, so Larian's
18  boilerplate objection on that ground makes no sense. Nor does Larian specify
19  which, if any, of the four definitions in Mattel's requests is improper, much less
20  provide any basis for the objection. Mattel's definitions are proper and MGA's
21  boilerplate objection should be overruled.

22

23  <u>REQUEST FOR ADMISSION NO. 2:</u>

24       Admit that YOU had been compelled by Court Order prior to May 27, 2008
25  to produce to Mattel in this litigation the document attached hereto as Exhibit 1.

26

27  [236]  Watson Decl., Ex. 37.

28

00505.07975/3180667.1

RESPONSE TO REQUEST FOR ADMISSION NO. 2:

Mr. Larian objects to the request on the grounds that it is vague in failing to specify any Court Order that Mattel contends applies and on the ground that it calls for a legal conclusion. Mr. Larian further objects to the request on the ground that it seeks disclosure of information that is protected by the attorney-client privilege and/or work product doctrine in that facts or conclusions regarding the applicability of a "Court Order" to a particular document result from privileged and work product communications with counsel. Mr. Larian objects to the request to the extent it seeks information not relevant to the claims or defenses of any party to this action and not reasonably calculated to lead to the discovery of admissible evidence. Mr. Larian objects to the request to the extent it is unduly burdensome and oppressive. In responding, Mr. Larian has not and will not comply with any instructions or definitions that seek to impose requirements in addition to those imposed by the Federal Rules of Civil Procedure or any applicable local rule. Mr. Larian reserves the right to object on any ground at any time to such other and supplemental discovery requests as Mattel may propound involving or relating to the same subject matter(s) of the request. Mr. Larian objects to the definitions and instructions to the extent such definitions and instructions purport to enlarge, expand, or alter in any way the plain meaning and scope of any specific term or specific requests on the grounds that such enlargement, expansion or alteration renders such a term or request vague, ambiguous, unintelligible, overly broad, unduly burdensome, uncertain or otherwise open to interpretation.

1  REASON WHY FURTHER RESPONSE TO REQUEST FOR ADMISSION NO. 2
2  SHOULD BE COMPELLED:

3         The Discovery Master has already ruled that Larian must respond to
4  this Request. See Discovery Master Order No. 66, dated September 17, 2009, at
5  7.[237] ██████████████████████████████████████████
6  ██████████████████████████████████████████████████
7  ██████████████████████████████████████████████████
8  Id.  In addition, the Court expressly ruled that the issues surrounding the Larian-
9  O'Connor email remain open for discovery and adjudication going forward.  See
10  September 22, 2009 Order at 1-2.[238]  Among other things, this Request is directly
11  relevant to whether Larian committed perjury in his Phase 1 trial testimony.  It is
12  also relevant to the decision to withhold the email, which constitutes the RICO
13  predicate of obstruction of justice.  See United States v. Lench, 806 F.2d 1443, 1445
14  (9th Cir. 1986) (that defendant "failed to provide the information requested and
15  lied" about it "is all that is necessary to obstruct justice").

16         Larian's "vagueness" objection is disingenuous.  Larian knows full
17  well the document is responsive to previously compelled requests.  See Pulsecard,
18  Inc. v. Discover Card Servs., Inc., 168 F.R.D. 295, 310 (D. Kan. 1996) (overruling
19  vague and ambiguous objections because "[r]espondents should exercise reason and
20  common sense to attribute ordinary definitions to terms and phrases utilized in
21  interrogatories.").  Larian produced an incomplete version of the Larian-O'Connor
22  email and logged it on its privilege log.  Moreover, Larian's current counsel
23  produced the full Larian-O'Connor email as a document it believed had previously
24  been improperly withheld on privilege grounds.  Larian cannot now pretend to be
25  unaware that the document is responsive to previously-compelled requests from
26
27  [237]  Watson Decl., Ex. 1.
28

00505.07975/3180667.1

1   Mattel.   The Request appropriately seeks the knowledge of the MGA Parties,

2   Larian, and their counsel.   A recipient of requests for admission is required to

3   respond informed by the knowledge of its counsel.   Christian v. Janed Enterprises,

4   Inc., 2009 WL 1796074, at *2 (M.D. Ga. June 23, 2009) (party required to answer

5   requests for admission with knowledge in possession of the party and its counsel);

6   Hise v Lockwood Grader Corp., 153 F Supp 276, 278 (D. Neb. 1957) (plaintiff

7   required to respond to requests for admission with facts only in the possession of

8   counsel).

9          Larian's "legal conclusion" objection fares no better.   The prior

10  Discovery Master repeatedly overruled the exact same "legal conclusion" objections

11  Larian asserts here.   In compelling Bryant to respond to RFAs related to his

12  opinions about the enforceability of his employment contract with Mattel and the

13  copyrights related to Bratz, the Discovery Master overruled Bryant's privilege and

14  "legal conclusion" objections and ruled that "requests for admission calling for

15  application of law to facts are permissible" and that "[t]he fact that Bryant may need

16  to consult with counsel to respond to the requests does not make the response

17  privileged."[239]   Similarly, the Discovery Master compelled MGA to respond to

18  RFAs seeking information about MGA's copyright registrations and the accuracy of

19  MGA's statements to the press, emphasizing that "requests calling for legal

20  conclusions are permissible" so long as they are related to the facts of the case.[240]

21  The Discovery Master also reiterated that it is immaterial that MGA may need to

22  consult with counsel to answer the RFAs because "[t]o hold otherwise would

23  effectively gut the provisions of Rule 36 authorizing requests that call for the

24  application of law to fact."   Id.

25  ─────────────────

26  [238]   Watson Decl., Ex. 42.

27  [239]   Discovery Master Order, dated August 20, 2007, at 6, Watson Decl., Ex. 32.
    [240]   Discovery Master Order, dated August 21, 2007, at 7, Watson Decl., Ex. 31.

28

1        Even had it not been already overruled, Larian's privilege objection is
2   baseless.  This Request simply asks Larian to admit that he had been compelled to
3   produce to Mattel the Larian-O'Connor email prior to May 27, 2008.  The question
4   clearly does not implicate the privilege or work product.  It is black letter law that
5   "questions related to the existence of attorney-client communications" are not
6   protected by the privilege.  Markwest Hydrocarbon, Inc. v. Liberty Mutual Ins. Co.,
7   2007 WL 1106105, at *4 (D. Colo. April 12, 2007); see also New Jersey v. Sprint
8   Corp., 2009 WL 1917412, at *18 (D. Kan. July 2, 2009) ("Questions regarding the
9   existence, extent, or waiver of an attorney-client privilege or work-product
10  immunity are not themselves privileged or protected");  B.F.G. of Illinois, Inc. v.
11  Ameritech Corp., 2001 WL 1414468, at *4 (N.D. Ill. Nov. 13, 2001) ("plaintiffs'
12  counsel's proper questions regarding foundational facts going to the assertion of
13  privilege were improperly objected to and the witness instructed not to answer");
14  Malletier v. Dooney & Bourke, Inc., 2006 WL 3851150, at *1 (S.D.N.Y. Dec. 18,
15  2006) (declarations submitted to support claim of privilege were improperly
16  redacted because "plaintiff has effectively eliminated from the declarations much of
17  the basic information that would be required to appear on a privilege log, together
18  with the foundational facts that its adversary would be entitled to discover in order
19  to test a privilege claim.").

20       Larian's objection as to burden and oppression is frivolous.  See A.
21  Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general
22  or boilerplate objections such as 'overly burdensome and harassing' are improper –
23  especially when a party fails to submit any evidentiary declarations supporting such
24  objections").  There is no conceivable burden in admitting a fact Larian has already
25  conceded on the record; and indeed, Larian provides no basis for the burden
26  objection, as required.  See Discovery Master Order No. 17, dated April 14, 2009, at

27

28

STATEMENT ISO MATTEL'S MOTION TO COMPEL MGA'S RESPONSE TO RFAS

1   20 (overruling objections not stated with specificity);[241] <u>Jackson v. Montgomery</u>

2   <u>Ward & Co., Inc.</u>, 173 F.R.D. 524, 528-29 (D. Nev. 1997) (party claiming a

3   discovery request is "unduly burdensome must allege specific facts which indicate

4   the nature and extent of the burden, usually by affidavit or other reliable evidence");

5   <u>Horsewood v. Kids "R" Us</u>, 1998 WL 526589, at *4 (D. Kan. Aug. 13, 1998)

6   ("Mere assertions by plaintiff of harassment and intimidation provide no evidence of

7   undue burden."); <u>Bible v. Rio Props., Inc.</u>, 246 F.R.D. 614, 618 (C.D. Cal. 2007)

8   ("Contrary to defendant's assertion, the party who resists discovery has the burden to

9   show discovery should not be allowed, and has the burden of clarifying, explaining,

10   and supporting its objections."); Discovery Master Order No. 46, dated August 14,

11   2009, at 33 ("[T]he party claiming that a discovery request is unduly burdensome

12   must allege specific facts which indicate the nature and extent of the burden, usually

13   by affidavit or other reliable evidence.") (citing <u>Jackson v. Montgomery Ward &</u>

14   <u>Co., Inc.</u>, 173 F.R.D. 524, 528-29 (D. Nev. 1997)).

15           Larian has already conceded the fact sought by this Request. █████

16   ████████████████████████████████████████████████████████

17   ██████████████████████████████, ███████████████████████

18   ████████████████████████████,"[242] ██████████████

19   ████████████████████████████████████████████████████████

20   ████████████████████████████████████████████████████████

21   █████████████████████████. ███████████████████████

22   ████████████████████████████████████████████████████████

23   ████████████████,"[243] Larian cannot concede facts to the Court for the

---

25   [241]   Watson Decl., Ex. 37.

26   [242]   Sealed Hearing Tr. at 4:19-24; 8:17-9:11; 11:14-22, Watson Decl., Ex. 27.

27   [243]   September 22, 2009 Sealed Hearing Tr. at 22:22-23:4, Watson Decl., Ex. 27; <u>see also</u> <u>id.</u> at 13:4-10 (THE COURT: "And obviously Victoria O'Conner is not an

28   (footnote continued)

STATEMENT ISO MATTEL'S MOTION TO COMPEL MGA'S RESPONSE TO RFAS

1  purposes of avoiding sanctions, then refuse to admit them for purposes of discovery.

2  Notably, although Larian conceded these facts at the September 22, 2009 hearing,

3  Mattel is nonetheless entitled to receive admissions as to these facts. Admissions,

4  unlike pleadings or other evidentiary statements, are "binding upon the party making

5  them. They may not be controverted at trial or on appeal. Indeed, they are 'not

6  evidence at all but rather have the effect of withdrawing a fact from contention.'"

7  Keller v. Untied States, 58 F.3d 1194, 1198 n.8 (7th Cir. 1995) (quoting Michael H.

8  Graham, Federal Practice and Procedure: Evidence § 6726).

9      Lastly, Larian objects to "any instructions or definitions that seek to impose

10  requirements in addition to those imposed by the Federal Rules of Civil Procedure

11  or any applicable local rule." Mattel's RFAs did not include instructions, so Larian's

12  boilerplate objection on that ground makes no sense. Nor does Larian specify

13  which, if any, of the four definitions in Mattel's requests is improper, much less

14  provide any basis for the objection. Mattel's definitions are proper and MGA's

15  boilerplate objection should be overruled.

16

17  REQUEST FOR ADMISSION NO. 3:

18      Admit that YOU knew, prior to May 27, 2008, that YOU had been compelled

19  by Court Order to produce to Mattel in this litigation the document attached hereto

20  as Exhibit 1.

21

22  RESPONSE TO REQUEST FOR ADMISSION NO. 3:

23      Mr. Larian objects to the request on the grounds that it is vague in failing to

24  specify any Court Order that Mattel contends applies and on the ground that it calls

25  _____

26  attorney; the argument is that she was conveying – without getting into the
27  substance of it – that she was conveying legal advice, reminding Mr. Larian of legal
   advice.");

28

for a legal conclusion. Mr. Larian further objects to the request on the ground that it seeks disclosure of information that is protected by the attorney-client privilege and/or work product doctrine in that facts or conclusions regarding the applicability of a "Court Order" to a particular document result from privileged and work product communications with counsel. Mr. Larian objects to the request to the extent it seeks information not relevant to the claims or defenses of any party to this action and not reasonably calculated to lead to the discovery of admissible evidence. Mr. Larian objects to the request to the extent it is unduly burdensome and oppressive. In responding, Mr. Larian has not and will not comply with any instructions or definitions that seek to impose requirements in addition to those imposed by the Federal Rules of Civil Procedure or any applicable local rule. Mr. Larian reserves the right to object on any ground at any time to such other and supplemental discovery requests as Mattel may propound involving or relating to the same subject matter(s) of the request. Mr. Larian objects to the definitions and instructions to the extent such definitions and instructions purport to enlarge, expand, or alter in any way the plain meaning and scope of any specific term or specific requests on the grounds that such enlargement, expansion or alteration renders such a term or request vague, ambiguous, unintelligible, overly broad, unduly burdensome, uncertain or otherwise open to interpretation.

## REASON WHY FURTHER RESPONSE TO REQUEST FOR ADMISSION NO. 3 SHOULD BE COMPELLED:

The Discovery Master has already ruled that Larian must respond to this Request. See Discovery Master Order No. 66, dated September 17, 2009, at 7.[244] ██████████████████████████

---

[244] Watson Decl., Ex. 1.

1 ████████████████████████████████████████████

2 ████████████████████████████████████████████

3 Id.  In addition, the Court expressly ruled that the issues surrounding the Larian-

4 O'Connor email remain open for discovery and adjudication going forward.  <u>See</u>

5 September 22, 2009 Order at 1-2.[245]  Among other things, this Request is directly

6 relevant to whether Larian committed perjury in his Phase 1 trial testimony.  It is

7 also relevant to the decision to withhold the email, which constitutes the RICO

8 predicate of obstruction of justice.  <u>See</u> <u>United States v. Lench</u>, 806 F.2d 1443, 1445

9 (9th Cir. 1986) (that defendant "failed to provide the information requested and

10 lied" about it "is all that is necessary to obstruct justice").

11            Larian's "vagueness" objection is disingenuous.  Larian knows full

12 well the document is responsive to previously compelled requests.  <u>See</u> <u>Pulsecard,</u>

13 <u>Inc. v. Discover Card Servs., Inc.</u>, 168 F.R.D. 295, 310 (D. Kan. 1996) (overruling

14 vague and ambiguous objections because "[r]espondents should exercise reason and

15 common sense to attribute ordinary definitions to terms and phrases utilized in

16 interrogatories.").  Larian produced an incomplete version of the Larian-O'Connor

17 email and logged it on its privilege log.  Moreover, Larian's current counsel

18 specifically produced the full Larian-O'Connor email as a document it believed had

19 previously been improperly withheld on privilege grounds.  Larian cannot now

20 pretend to be unaware that the document is responsive to previously-compelled

21 requests from Mattel.  The Request appropriately seeks the knowledge of the MGA

22 Parties, Larian, and their counsel.  A recipient of requests for admission is required

23 to respond informed by the knowledge of its counsel.  <u>Christian v. Janed</u>

24 <u>Enterprises, Inc.</u>, 2009 WL 1796074, at *2 (M.D. Ga. June 23, 2009) (party required

25 to answer requests for admission with knowledge in possession of the party and its

26

27 [245]  Watson Decl., Ex. 42.

28

00505.07975/3180667.1