1  counsel); <u>Hise v Lockwood Grader Corp.</u>, 153 F Supp 276, 278 (D. Neb. 1957)
2  (plaintiff required to respond to requests for admission with facts only in the
3  possession of counsel).

4       Larian's "legal conclusion" objection fares no better.  The prior
5  Discovery Master repeatedly overruled the exact same "legal conclusion" objections
6  Larian asserts here.  In compelling Bryant to respond to RFAs related to his
7  opinions about the enforceability of his employment contract with Mattel and the
8  copyrights related to Bratz, the Discovery Master overruled Bryant's privilege and
9  "legal conclusion" objections and ruled that "requests for admission calling for
10 application of law to facts are permissible" and that "[t]he fact that Bryant may need
11 to consult with counsel to respond to the requests does not make the response
12 privileged."[246]  Similarly, the Discovery Master compelled MGA to respond to
13 RFAs seeking information about MGA's copyright registrations and the accuracy of
14 MGA's statements to the press, emphasizing that "requests calling for legal
15 conclusions are permissible" so long as they are related to the facts of the case.[247]
16 The Discovery Master also reiterated that it is immaterial that MGA may need to
17 consult with counsel to answer the RFAs because "[t]o hold otherwise would
18 effectively gut the provisions of Rule 36 authorizing requests that call for the
19 application of law to fact." <u>Id.</u>

20      Even had it not been already overruled, Larian's privilege objection is
21 baseless.  This Request simply asks Larian to admit that he knew he had been
22 compelled to produce to Mattel the Larian-O'Connor email prior to May 27, 2008.
23 The question clearly does not implicate the privilege or work product.  It is black
24 letter law that "questions related to the existence of attorney-client communications"
25 are not protected by the privilege.  <u>Markwest Hydrocarbon, Inc. v. Liberty Mutual</u>

---

[246]  Discovery Master Order, dated August 20, 2007, at 6, Watson Decl., Ex. 32.

1  Ins. Co., 2007 WL 1106105, at *4 (D. Colo. April 12, 2007); see also New Jersey v.

2  Sprint Corp., 2009 WL 1917412, at *18 (D. Kan. July 2, 2009) ("Questions

3  regarding the existence, extent, or waiver of an attorney-client privilege or work-

4  product immunity are not themselves privileged or protected"); B.F.G. of Illinois,

5  Inc. v. Ameritech Corp., 2001 WL 1414468, at *4 (N.D. Ill. Nov. 13, 2001)

6  ("plaintiffs' counsel's proper questions regarding foundational facts going to the

7  assertion of privilege were improperly objected to and the witness instructed not to

8  answer"); Malletier v. Dooney & Bourke, Inc., 2006 WL 3851150, at *1 (S.D.N.Y.

9  Dec. 18, 2006) (declarations submitted to support claim of privilege were

10 improperly redacted because "plaintiff has effectively eliminated from the

11 declarations much of the basic information that would be required to appear on a

12 privilege log, together with the foundational facts that its adversary would be

13 entitled to discover in order to test a privilege claim.").

14          Larian has already conceded the fact sought by this Request.



22  [249]   Larian cannot concede facts to the Court for the

[247]  Discovery Master Order, dated August 21, 2007, at 7, Watson Decl., Ex. 31.

[248]  Sealed Hearing Tr. at 4:19-24; 8:17-9:11; 11:14-22, Watson Decl., Ex. 27.

[249]  September 22, 2009 Sealed Hearing Tr. at 22:22-23:4, Watson Decl., Ex. 27; see also id. at 13:4-10 (THE COURT: "And obviously Victoria O'Conner is not an attorney; the argument is that she was conveying – without getting into the (footnote continued)

-215-

1  purposes of avoiding sanctions, then refuse to admit them for purposes of discovery.

2  Notably, although Larian conceded these facts at the September 22, 2009 hearing,

3  Mattel is nonetheless entitled to receive admissions as to these facts.  Admissions,

4  unlike pleadings or other evidentiary statements, are "binding upon the party making

5  them.  They may not be controverted at trial or on appeal.  Indeed, they are 'not

6  evidence at all but rather have the effect of withdrawing a fact from contention.'"

7  Keller v. Untied States, 58 F.3d 1194, 1198 n.8 (7th Cir. 1995) (quoting Michael H.

8  Graham, Federal Practice and Procedure: Evidence § 6726).

9          Larian's objection as to burden and oppression is frivolous.  See A.

10  Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general

11  or boilerplate objections such as 'overly burdensome and harassing' are improper –

12  especially when a party fails to submit any evidentiary declarations supporting such

13  objections").  There is no conceivable burden in admitting a fact Larian has already

14  conceded on the record; and indeed, Larian provides no basis for the burden

15  objection, as required.  See Discovery Master Order No. 17, dated April 14, 2009, at

16  20 (overruling objections not stated with specificity);[250] Jackson v. Montgomery

17  Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) (party claiming a

18  discovery request is "unduly burdensome must allege specific facts which indicate

19  the nature and extent of the burden, usually by affidavit or other reliable evidence");

20  Horsewood v. Kids "R" Us, 1998 WL 526589, at *4 (D. Kan. Aug. 13, 1998)

21  ("Mere assertions by plaintiff of harassment and intimidation provide no evidence of

22  undue burden."); Bible v. Rio Props., Inc., 246 F.R.D. 614, 618 (C.D. Cal. 2007)

23  ("Contrary to defendant's assertion, the party who resists discovery has the burden to

24  show discovery should not be allowed, and has the burden of clarifying, explaining,

25  _____

26  substance of it – that she was conveying legal advice, reminding Mr. Larian of legal

27  advice.");
[250]  Watson Decl., Ex. 37.

28

1   and supporting its objections."); Discovery Master Order No. 46, dated August 14,
2   2009, at 33 ("[T]he party claiming that a discovery request is unduly burdensome
3   must allege specific facts which indicate the nature and extent of the burden, usually
4   by affidavit or other reliable evidence.") (citing <u>Jackson v. Montgomery Ward &</u>
5   <u>Co., Inc.</u>, 173 F.R.D. 524, 528-29 (D. Nev. 1997)).

6          Lastly, Larian objects to "any instructions or definitions that seek to
7   impose requirements in addition to those imposed by the Federal Rules of Civil
8   Procedure or any applicable local rule." Mattel's RFAs did not include instructions,
9   so Larian's boilerplate objection on that ground makes no sense. Nor does Larian
10  specify which, if any, of the four definitions in Mattel's requests is improper, much
11  less provide any basis for the objection. Mattel's definitions are proper and Larian's
12  boilerplate objection should be overruled.

13

14

15  <u>REQUEST FOR ADMISSION NO. 4</u>:

16          Admit that MGA knew the document attached hereto as Exhibit 1 was not
17  produced to Mattel prior to the commencement of the Phase 1 trial in this matter.

18

19  <u>RESPONSE TO REQUEST FOR ADMISSION NO. 4</u>:

20          Mr. Larian objects to the request as it seeks disclosure of information that is
21  protected by the attorney-client privilege and/or work product doctrine in that the
22  knowledge possessed by Mr. Larian regarding the production of Exhibit 1 to the
23  request results from communications with counsel. Mr. Larian objects to the request
24  to the extent it seeks information not relevant to the claims or defenses of any party
25  to this action and not reasonably calculated to lead to the discovery of admissible
26  evidence. Mr. Larian objects to the request to the extent it is unduly burdensome and
27  oppressive. In responding, Mr. Larian has not and will not comply with any
28  instructions or definitions that seek to impose requirements in addition to those

1   imposed by the Federal Rules of Civil Procedure or any applicable local rule. Mr.

2   Larian reserves the right to object on any ground at any time to such other and

3   supplemental discovery requests as Mattel may propound involving or relating to

4   the same subject matter(s) of the request. Mr. Larian objects to the definitions and

5   instructions to the extent such definitions and instructions purport to enlarge,

6   expand, or alter in any way the plain meaning and scope of any specific term or

7   specific requests on the grounds that such enlargement, expansion or alteration

8   renders such a term or request vague, ambiguous, unintelligible, overly broad,

9   unduly burdensome, uncertain or otherwise open to interpretation.

10

11   REASON WHY FURTHER RESPONSE TO REQUEST FOR ADMISSION NO. 4

12   SHOULD BE COMPELLED:

13          The Discovery Master has already ruled that Larian must respond to

14   this Request. See Discovery Master Order No. 66, dated September 17, 2009, at

15   7.[251] ██████████████████████████████████████████

16   ████████████████████████████████████████████████

17   ████████████████████████████████████████████████

18   Id.   In addition, the Court expressly ruled that the issues surrounding the Larian-

19   O'Connor email remain open for discovery and adjudication going forward.  See

20   September 22, 2009 Order at 1-2.[252]   Among other things, this Request is directly

21   relevant to whether Larian committed perjury in his Phase 1 trial testimony.  It is

22   also relevant to the decision to withhold the email, which constitutes the RICO

23   predicate of obstruction of justice. See United States v. Lench, 806 F.2d 1443, 1445

24   (9th Cir. 1986) (that defendant "failed to provide the information requested and

25   lied" about it "is all that is necessary to obstruct justice").

26   _____

27   [251]   Watson Decl., Ex. 1.

28

1    Even had it not been already overruled, Larian's privilege objection is

2 baseless.   This Request simply asks Larian to admit that he knew he had not

3 produced the Larian-O'Connor email to Mattel prior to the commencement of the

4 Phase 1 trial in this matter.   The question clearly does not implicate the privilege or

5 work product.   It is black letter law that "questions related to the existence of

6 attorney-client communications" are not protected by the privilege.   Markwest

7 Hydrocarbon, Inc. v. Liberty Mutual Ins. Co., 2007 WL 1106105, at *4 (D. Colo.

8 April 12, 2007); see also New Jersey v. Sprint Corp., 2009 WL 1917412, at *18 (D.

9 Kan. July 2, 2009) ("Questions regarding the existence, extent, or waiver of an

10 attorney-client privilege or work-product immunity are not themselves privileged or

11 protected");   B.F.G. of Illinois, Inc. v. Ameritech Corp., 2001 WL 1414468, at *4

12 (N.D. Ill. Nov. 13, 2001) ("plaintiffs' counsel's proper questions regarding

13 foundational facts going to the assertion of privilege were improperly objected to

14 and the witness instructed not to answer"); Malletier v. Dooney & Bourke, Inc.,

15 2006 WL 3851150, at *1 (S.D.N.Y. Dec. 18, 2006) (declarations submitted to

16 support claim of privilege were improperly redacted because "plaintiff has

17 effectively eliminated from the declarations much of the basic information that

18 would be required to appear on a privilege log, together with the foundational facts

19 that its adversary would be entitled to discover in order to test a privilege claim.").

20    The Request appropriately seeks the knowledge of the MGA Parties,

21 and their counsel.   A recipient of requests for admission is required to respond

22 informed by the knowledge of its counsel. Christian v. Janed Enterprises, Inc., 2009

23 WL 1796074, at *2 (M.D. Ga. June 23, 2009) (party required to answer requests for

24 admission with knowledge in possession of the party and its counsel); Hise v

25 Lockwood Grader Corp., 153 F Supp 276, 278 (D. Neb. 1957) (plaintiff required to

26

27    [252]   Watson Decl., Ex. 42.

28

1 | respond to requests for admission with facts only in the possession of counsel). The

2 | Discovery Master has similarly held that "[t]he fact that [a party] may need to

3 | consult with counsel to respond to the requests does not make the response

4 | privileged."[253]

5 |     Moreover, Larian has already conceded the fact sought by this Request.

6 | ███████████████████████████████████████████████████████████████

7 | ██████████████████████████████████████, and was among the documents

8 | MGA believes "should have been produced that were not produced."[254]   Larian

9 | cannot concede facts to the Court for the purposes of avoiding sanctions, then refuse

10 | to admit them for purposes of discovery.  Notably, although Larian conceded these

11 | facts at the September 22, 2009 hearing, Mattel is nonetheless entitled to receive

12 | admissions as to these facts.  Admissions, unlike pleadings or other evidentiary

13 | statements, are "binding upon the party making them.  They may not be

14 | controverted at trial or on appeal.  Indeed, they are 'not evidence at all but rather

15 | have the effect of withdrawing a fact from contention.'"  Keller v. Untied States, 58

16 | F.3d 1194, 1198 n.8 (7th Cir. 1995) (quoting Michael H. Graham, Federal Practice

17 | and Procedure: Evidence § 6726).

18 |     Larian's objection as to burden and oppression is frivolous.  See A.

19 | Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general

20 | or boilerplate objections such as 'overly burdensome and harassing' are improper –

21 | especially when a party fails to submit any evidentiary declarations supporting such

22 | objections").  There is no conceivable burden in admitting a fact Larian has already

23 | conceded on the record; and indeed, Larian provides no basis for the burden

24 | objection, as required.  See Discovery Master Order No. 17, dated April 14, 2009, at

25 |

26 | _____

27 | [253]  Discovery Master Order, dated August 20, 2007, at 6, Watson Decl., Ex. 32.
   | [254]  Sealed Hearing Tr. at 4:19-24; 8:17-9:11; 11:14-22, Watson Decl., Ex. 27.

28 |

1  20 (overruling objections not stated with specificity);[255] <u>Jackson v. Montgomery</u>

2  <u>Ward & Co., Inc.</u>, 173 F.R.D. 524, 528-29 (D. Nev. 1997) (party claiming a

3  discovery request is "unduly burdensome must allege specific facts which indicate

4  the nature and extent of the burden, usually by affidavit or other reliable evidence");

5  <u>Horsewood v. Kids "R" Us</u>, 1998 WL 526589, at *4 (D. Kan. Aug. 13, 1998)

6  ("Mere assertions by plaintiff of harassment and intimidation provide no evidence of

7  undue burden."); <u>Bible v. Rio Props., Inc.</u>, 246 F.R.D. 614, 618 (C.D. Cal. 2007)

8  ("Contrary to defendant's assertion, the party who resists discovery has the burden to

9  show discovery should not be allowed, and has the burden of clarifying, explaining,

10 and supporting its objections."); Discovery Master Order No. 46, dated August 14,

11 2009, at 33 ("[T]he party claiming that a discovery request is unduly burdensome

12 must allege specific facts which indicate the nature and extent of the burden, usually

13 by affidavit or other reliable evidence.") (citing <u>Jackson v. Montgomery Ward &</u>

14 <u>Co., Inc.</u>, 173 F.R.D. 524, 528-29 (D. Nev. 1997)).

15      Lastly, Larian objects to "any instructions or definitions that seek to impose

16 requirements in addition to those imposed by the Federal Rules of Civil Procedure

17 or any applicable local rule." Mattel's RFAs did not include instructions, so Larian's

18 boilerplate objection on that ground makes no sense.  Nor does Larian specify

19 which, if any, of the four definitions in Mattel's requests is improper, much less

20 provide any basis for the objection.  Mattel's definitions are proper and Larian's

21 boilerplate objection should be overruled.

22

23

24

25

26

---

27 [255]   Watson Decl., Ex. 37.

28

STATEMENT ISO MATTEL'S MOTION TO COMPEL MGA'S RESPONSE TO RFAS

1  REQUEST FOR ADMISSION NO. 5:

2      Admit that MGA knew, at the time of the commencement of the Phase 1 trial

3  in this matter, that the document attached hereto as Exhibit 1 was relevant to issues

4  to be tried by the jury in the Phase 1 trial.

5

6  RESPONSE TO REQUEST FOR ADMISSION NO. 5:

7      Mr. Larian objects to the request as it seeks disclosure of information that is

8  protected by the attorney-client privilege and/or work product doctrine in that the

9  knowledge Mr. Larian possesses regarding the issues in Phase 1 and the relevancy

10  of Exhibit 1 to the request are the result of communications between Mr. Larian and

11  his counsel. Mr. Larian additionally objects to this request on the grounds that it

12  calls for a legal conclusion. Mr. Larian objects to the request to the extent it seeks

13  information not relevant to the claims or defenses of any party to this action and not

14  reasonably calculated to lead to the discovery of admissible evidence. Mr. Larian

15  objects to the request to the extent it is unduly burdensome and oppressive. In

16  responding, Mr. Larian has not and will not comply with any instructions or

17  definitions that seek to impose requirements in addition to those imposed by the

18  Federal Rules of Civil Procedure or any applicable local rule. Mr. Larian reserves

19  the right to object on any ground at any time to such other and supplemental

20  discovery requests as Mattel may propound involving or relating to the same subject

21  matter(s) of the request. Mr. Larian objects to the definitions and instructions to the

22  extent such definitions and instructions purport to enlarge, expand, or alter in any

23  way the plain meaning and scope of any specific term or specific requests on the

24  grounds that such enlargement, expansion or alteration renders such a term or

25  request vague, ambiguous, unintelligible, overly broad, unduly burdensome,

26  uncertain or otherwise open to interpretation.

27

28

00505.07975/3180667.1

STATEMENT ISO MATTEL'S MOTION TO COMPEL MGA'S RESPONSE TO RFAS

1  REASON WHY FURTHER RESPONSE TO REQUEST FOR ADMISSION NO. 5

2  SHOULD BE COMPELLED:

3       The Discovery Master has already ruled that Larian must respond to this

4  Request. <u>See</u> Discovery Master Order No. 66, dated September 17, 2009, at 7.[256]

5  ████████████████████████████████████████████████████████

6  ████████████████████████████████████████████████████████

7  ███████████████████████████████████████████████ Id.

8  In addition, the Court expressly ruled that the issues surrounding the Larian-

9  O'Connor email remain open for discovery and adjudication going forward. <u>See</u>

10  September 22, 2009 Order at 1-2.[257]   Among other things, this Request is directly

11  relevant to whether Larian committed perjury in his Phase 1 trial testimony. It is

12  also relevant to the decision to withhold the email, which constitutes the RICO

13  predicate of obstruction of justice. <u>See</u> <u>United States v. Lench</u>, 806 F.2d 1443, 1445

14  (9th Cir. 1986) (that defendant "failed to provide the information requested and

15  lied" about it "is all that is necessary to obstruct justice").

16       Larian's "legal conclusion" objection is baseless. The prior Discovery Master

17  repeatedly overruled the exact same "legal conclusion" objections Larian asserts

18  here. In compelling Bryant to respond to RFAs related to his opinions about the

19  enforceability of his employment contract with Mattel and the copyrights related to

20  Bratz, the Discovery Master overruled Bryant's privilege and "legal conclusion"

21  objections and ruled that "requests for admission calling for application of law to

22  facts are permissible" and that "[t]he fact that Bryant may need to consult with

23  counsel to respond to the requests does not make the response privileged."[258]

24  Similarly, the Discovery Master compelled MGA to respond to RFAs seeking

25  _____

26    [256]  Watson Decl., Ex. 1.

27    [257]  Watson Decl., Ex. 42.

  [258]  Discovery Master Order, dated August 20, 2007, at 6, Watson Decl., Ex. 32.

28

1   information about MGA's copyright registrations and the accuracy of MGA's
2   statements to the press, emphasizing that "requests calling for legal conclusions are
3   permissible" so long as they are related to the facts of the case.[259]   The Discovery
4   Master also reiterated that it is immaterial that MGA may need to consult with
5   counsel to answer the RFAs because "[t]o hold otherwise would effectively gut the
6   provisions of Rule 36 authorizing requests that call for the application of law to
7   fact." Id.

8        Even had it not been already overruled, Larian's privilege objection is
9   baseless.  This Request simply asks Larian to admit that he knew at the time of the
10  commencement of the Phase 1 trial in this matter, that the Larian-O'Connor emails
11  was relevant to issues to be tried by the jury in the Phase 1 trial..  The question
12  clearly does not implicate the privilege or work product.  It is black letter law that
13  "questions related to the existence of attorney-client communications" are not
14  protected by the privilege.  Markwest Hydrocarbon, Inc. v. Liberty Mutual Ins. Co.,
15  2007 WL 1106105, at *4 (D. Colo. April 12, 2007); see also New Jersey v. Sprint
16  Corp., 2009 WL 1917412, at *18 (D. Kan. July 2, 2009) ("Questions regarding the
17  existence, extent, or waiver of an attorney-client privilege or work-product
18  immunity are not themselves privileged or protected"); B.F.G. of Illinois, Inc. v.
19  Ameritech Corp., 2001 WL 1414468, at *4 (N.D. Ill. Nov. 13, 2001) ("plaintiffs'
20  counsel's proper questions regarding foundational facts going to the assertion of
21  privilege were improperly objected to and the witness instructed not to answer");
22  Malletier v. Dooney & Bourke, Inc., 2006 WL 3851150, at *1 (S.D.N.Y. Dec. 18,
23  2006) (declarations submitted to support claim of privilege were improperly
24  redacted because "plaintiff has effectively eliminated from the declarations much of
25  the basic information that would be required to appear on a privilege log, together

26

27     [259]   Discovery Master Order, dated August 21, 2007, at 7, Watson Decl., Ex. 31.

28

STATEMENT ISO MATTEL'S MOTION TO COMPEL MGA'S RESPONSE TO RFAS

1  with the foundational facts that its adversary would be entitled to discover in order

2  to test a privilege claim.").

3      Larian has already conceded the fact sought by this Request. ███████

4  ████████████████████████████████████████████████████████████████████████

5  ████████████████████████████████ , ███████████████████████████████

6  ████████████████████████████████████████████.″[260]   Larian

7  cannot concede facts to the Court for the purposes of avoiding sanctions, then refuse

8  to admit them for purposes of discovery.  Notably, although Larian conceded these

9  facts at the September 22, 2009 hearing, Mattel is nonetheless entitled to receive

10 admissions as to these facts.   Admissions, unlike pleadings or other evidentiary

11 statements, are "binding upon the party making them.   They may not be

12 controverted at trial or on appeal.  Indeed, they are 'not evidence at all but rather

13 have the effect of withdrawing a fact from contention.'" Keller v. Untied States, 58

14 F.3d 1194, 1198 n.8 (7th Cir. 1995) (quoting Michael H. Graham, Federal Practice

15 and Procedure: Evidence § 6726).

16     Larian's objection as to burden and oppression is frivolous. See A. Farber and

17 Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or

18 boilerplate objections such as 'overly burdensome and harassing' are improper –

19 especially when a party fails to submit any evidentiary declarations supporting such

20 objections").  There is no conceivable burden in admitting a fact Larian has already

21 conceded on the record; and indeed, Larian provides no basis for the burden

22 objection, as required.  See Discovery Master Order No. 17, dated April 14, 2009, at

23 20 (overruling objections not stated with specificity);[261] Jackson v. Montgomery

24 Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) (party claiming a

25 discovery request is "unduly burdensome must allege specific facts which indicate

26

27    [260]  Sealed Hearing Tr. at 4:19-24; 8:17-9:11; 11:14-22, Watson Decl., Ex. 27.

28

1  the nature and extent of the burden, usually by affidavit or other reliable evidence");
2  Horsewood v. Kids "R" Us, 1998 WL 526589, at *4 (D. Kan. Aug. 13, 1998)
3  ("Mere assertions by plaintiff of harassment and intimidation provide no evidence of
4  undue burden."); Bible v. Rio Props., Inc., 246 F.R.D. 614, 618 (C.D. Cal. 2007)
5  ("Contrary to defendant's assertion, the party who resists discovery has the burden to
6  show discovery should not be allowed, and has the burden of clarifying, explaining,
7  and supporting its objections."); Discovery Master Order No. 46, dated August 14,
8  2009, at 33 ("[T]he party claiming that a discovery request is unduly burdensome
9  must allege specific facts which indicate the nature and extent of the burden, usually
10 by affidavit or other reliable evidence.") (citing Jackson v. Montgomery Ward &
11 Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997)).

12       Lastly, Larian objects to "any instructions or definitions that seek to impose
13 requirements in addition to those imposed by the Federal Rules of Civil Procedure
14 or any applicable local rule."  Mattel's RFAs did not include instructions, so Larian's
15 boilerplate objection on that ground makes no sense.   Nor does Larian specify
16 which, if any, of the four definitions in Mattel's requests is improper, much less
17 provide any basis for the objection.   Mattel's definitions are proper and Larian's
18 boilerplate objection should be overruled.

19

20

21 REQUEST FOR ADMISSION NO. 6:

22       Admit that the document attached hereto as Exhibit 1 was withheld by YOU
23 from production in this litigation to Mattel on attorney-client privilege grounds until
24 August 21, 2009.

25

26

27  [261]   Watson Decl., Ex. 37.

28

RESPONSE TO REQUEST FOR ADMISSION NO. 6:

Mr. Larian objects to the request as vague and ambiguous in its use of the phrase "the document withheld by YOU from production in this litigation to Mattel" because "the document" contains a series of emails certain of which were marked as trial exhibits and therefore, Mr. Larian assumes that "the document" means any portions of the email that were not marked as a trial exhibit. As such, Mr. Larian objects to the request as it seeks disclosure of information that is protected by the attorney-client privilege and/or work product doctrine in that the knowledge Mr. Larian possesses regarding the production of Exhibit 1 to the request results from communications with counsel. Mr. Larian objects to the request to the extent it seeks information not relevant to the claims or defenses of any party to this action and not reasonably calculated to lead to the discovery of admissible evidence. Mr. Larian objects to the request to the extent it is unduly burdensome and oppressive. In responding, Mr. Larian has not and will not comply with any instructions or definitions that seek to impose requirements in addition to those imposed by the Federal Rules of Civil Procedure or any applicable local rule. Mr. Larian reserves the right to object on any ground at any time to such other and supplemental discovery requests as Mattel may propound involving or relating to the same subject matter(s) of the request. Mr. Larian objects to the definitions and instructions to the extent such definitions and instructions purport to enlarge, expand, or alter in any way the plain meaning and scope of any specific term or specific requests on the grounds that such enlargement, expansion or alteration renders such a term or request vague, ambiguous, unintelligible, overly broad, unduly burdensome, uncertain or otherwise open to interpretation.

1  REASON WHY FURTHER RESPONSE TO REQUEST FOR ADMISSION NO. 6

2  SHOULD BE COMPELLED:

3         The Discovery Master has already ruled that Larian must respond to

4  this Request.  See Discovery Master Order No. 66, dated September 17, 2009, at

5  7.[262]  ████████████████████████████████████

6  ████████████████████████████████████████████

7  ████████████████████████████████████████████

8  Id.  In addition, the Court expressly ruled that the issues surrounding the Larian-

9  O'Connor email remain open for discovery and adjudication going forward.  See

10 September 22, 2009 Order at 1-2.[263]  Among other things, this Request is directly

11 relevant to whether Larian committed perjury in his Phase 1 trial testimony.  It is

12 also relevant to the decision to withhold the email, which constitutes the RICO

13 predicate of obstruction of justice.  See United States v. Lench, 806 F.2d 1443, 1445

14 (9th Cir. 1986) (that defendant "failed to provide the information requested and

15 lied" about it "is all that is necessary to obstruct justice").

16        Larian's "vagueness" objection is disingenuous.  Larian knows full

17 well what "the document" means.  See Pulsecard, Inc. v. Discover Card Servs., Inc.,

18 168 F.R.D. 295, 310 (D. Kan. 1996) (overruling vague and ambiguous objections

19 because "[r]espondents should exercise reason and common sense to attribute

20 ordinary definitions to terms and phrases utilized in interrogatories.").  Larian

21 produced an incomplete version of the Larian-O'Connor email and logged it on its

22 privilege log.  Moreover, Larian's current counsel specifically produced the full

23 Larian-O'Connor email as a document it believed had previously been improperly

24 withheld on privilege grounds.  Larian cannot now pretend to be unaware that the

25 document is responsive to previously-compelled requests from Mattel.  The Request

26

27   [262]   Watson Decl., Ex. 1.

28

1 | appropriately seeks the knowledge of the MGA Parties, Larian, and their counsel. A
2 | recipient of requests for admission is required to respond informed by the
3 | knowledge of its counsel.  <u>Christian v. Janed Enterprises, Inc.</u>, 2009 WL 1796074,
4 | at *2 (M.D. Ga. June 23, 2009) (party required to answer requests for admission
5 | with knowledge in possession of the party and its counsel); <u>Hise v Lockwood</u>
6 | <u>Grader Corp.</u>, 153 F Supp 276, 278 (D. Neb. 1957) (plaintiff required to respond to
7 | requests for admission with facts only in the possession of counsel).

8 |       Even had it not been already overruled, Larian's privilege objection is
9 | baseless.  This Request simply asks Larian to admit that he withheld the Larian-
10 | O'Connor email from production in this litigation to Mattel on attorney-client
11 | privilege grounds until August 21, 2009.  The question clearly does not implicate
12 | the privilege or work product.  It is black letter law that "questions related to the
13 | existence of attorney-client communications" are not protected by the privilege.
14 | <u>Markwest Hydrocarbon, Inc. v. Liberty Mutual Ins. Co.</u>, 2007 WL 1106105, at *4
15 | (D. Colo. April 12, 2007); <u>see also</u> <u>New Jersey v. Sprint Corp.</u>, 2009 WL 1917412,
16 | at *18 (D. Kan. July 2, 2009) ("Questions regarding the existence, extent, or waiver
17 | of an attorney-client privilege or work-product immunity are not themselves
18 | privileged or protected"); <u>B.F.G. of Illinois, Inc. v. Ameritech Corp.</u>, 2001 WL
19 | 1414468, at *4 (N.D. Ill. Nov. 13, 2001) ("plaintiffs' counsel's proper questions
20 | regarding foundational facts going to the assertion of privilege were improperly
21 | objected to and the witness instructed not to answer"); <u>Malletier v. Dooney &</u>
22 | <u>Bourke, Inc.</u>, 2006 WL 3851150, at *1 (S.D.N.Y. Dec. 18, 2006) (declarations
23 | submitted to support claim of privilege were improperly redacted because "plaintiff
24 | has effectively eliminated from the declarations much of the basic information that
25 |
26 |
27 | [263]   Watson Decl., Ex. 42.
28 |

1 | would be required to appear on a privilege log, together with the foundational facts
2 | that its adversary would be entitled to discover in order to test a privilege claim.").

3 |     Larian has already conceded the fact sought by this Request. ████

4 | ████████████████████████████████████████████████████

5 | ████████████████████████████████, ████████████████████

6 | ████████████████████████████."[264]  Larian

7 | cannot concede facts to the Court for the purposes of avoiding sanctions, then refuse

8 | to admit them for purposes of discovery.  Notably, although Larian conceded these

9 | facts at the September 22, 2009 hearing, Mattel is nonetheless entitled to receive

10 | admissions as to these facts.  Admissions, unlike pleadings or other evidentiary

11 | statements, are "binding upon the party making them.  They may not be

12 | controverted at trial or on appeal.  Indeed, they are 'not evidence at all but rather

13 | have the effect of withdrawing a fact from contention.'"  Keller v. Untied States, 58

14 | F.3d 1194, 1198 n.8 (7th Cir. 1995) (quoting Michael H. Graham, Federal Practice

15 | and Procedure: Evidence § 6726).

16 |     Larian's objection as to burden and oppression is frivolous.  See A.

17 | Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general

18 | or boilerplate objections such as 'overly burdensome and harassing' are improper –

19 | especially when a party fails to submit any evidentiary declarations supporting such

20 | objections").  There is no conceivable burden in admitting a fact Larian has already

21 | conceded on the record; and indeed, Larian provides no basis for the burden

22 | objection, as required.  See Discovery Master Order No. 17, dated April 14, 2009, at

23 | 20 (overruling objections not stated with specificity);[265]  Jackson v. Montgomery

24 | Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) (party claiming a

25 | discovery request is "unduly burdensome must allege specific facts which indicate

26 |

27 | [264]  Sealed Hearing Tr. at 4:19-24; 8:17-9:11; 11:14-22, Watson Decl., Ex. 27.

28 |

1 the nature and extent of the burden, usually by affidavit or other reliable evidence");

2 Horsewood v. Kids "R" Us, 1998 WL 526589, at *4 (D. Kan. Aug. 13, 1998)

3 ("Mere assertions by plaintiff of harassment and intimidation provide no evidence of

4 undue burden."); Bible v. Rio Props., Inc., 246 F.R.D. 614, 618 (C.D. Cal. 2007)

5 ("Contrary to defendant's assertion, the party who resists discovery has the burden to

6 show discovery should not be allowed, and has the burden of clarifying, explaining,

7 and supporting its objections."); Discovery Master Order No. 46, dated August 14,

8 2009, at 33 ("[T]he party claiming that a discovery request is unduly burdensome

9 must allege specific facts which indicate the nature and extent of the burden, usually

10 by affidavit or other reliable evidence.") (citing Jackson v. Montgomery Ward &

11 Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997)).

12 Lastly, Larian objects to "any instructions or definitions that seek to impose

13 requirements in addition to those imposed by the Federal Rules of Civil Procedure

14 or any applicable local rule." Mattel's RFAs did not include instructions, so Larian's

15 boilerplate objection on that ground makes no sense. Nor does Larian specify

16 which, if any, of the four definitions in Mattel's requests is improper, much less

17 provide any basis for the objection. Mattel's definitions are proper and Larian's

18 boilerplate objection should be overruled.

20 REQUEST FOR ADMISSION NO. 7:

21 Admit that the document attached hereto as Exhibit 1 was withheld by YOU

22 from production in this litigation to Mattel on work product grounds until

23 August 21, 2009.

---

[265] Watson Decl., Ex. 37.

STATEMENT ISO MATTEL'S MOTION TO COMPEL MGA'S RESPONSE TO RFAS

1 | RESPONSE TO REQUEST FOR ADMISSION NO. 7:

2 |       Mr. Larian objects to the request as vague and ambiguous in its use of the

3 | phrase "the document withheld by YOU from production in this litigation to Mattel"

4 | because "the document" contains a series of emails certain of which were marked as

5 | trial exhibits and, therefore, Mr. Larian assumes that "the document" means any

6 | portions of the email that were not marked as a trial exhibit. As such, Mr. Larian

7 | objects to the request as it seeks disclosure of information that is protected by the

8 | attorney-client privilege and/or work product doctrine in that the knowledge Mr.

9 | Larian possesses regarding the production of Exhibit I to the request results from

10 | communications with counsel. Mr. Larian objects to the request to the extent it seeks

11 | information not relevant to the claims or defenses of any party to this action and not

12 | reasonably calculated to lead to the discovery of admissible evidence. Mr. Larian

13 | objects to the request to the extent it is unduly burdensome and oppressive. In

14 | responding, Mr. Larian has not and will not comply with any instructions or

15 | definitions that seek to impose requirements in addition to those imposed by the

16 | Federal Rules of Civil Procedure or any applicable local rule. Mr. Larian reserves

17 | the right to object on any ground at any time to such other and supplemental

18 | discovery requests as Mattel may propound involving or relating to the same subject

19 | matter(s) of the request. Mr. Larian objects to the definitions and instructions to the

20 | extent such definitions and instructions purport to enlarge, expand, or alter in any

21 | way the plain meaning and scope of any specific term or specific requests on the

22 | grounds that such enlargement, expansion or alteration renders such a term or

23 | request vague, ambiguous, unintelligible, overly broad, unduly burdensome,

24 | uncertain or otherwise open to interpretation.

25 |

26 |

27 |

28 |

STATEMENT ISO MATTEL'S MOTION TO COMPEL MGA'S RESPONSE TO RFAS

1 | REASON WHY FURTHER RESPONSE TO REQUEST FOR ADMISSION NO. 7

2 | SHOULD BE COMPELLED:

3 |     The Discovery Master has already ruled that Larian must respond to this

4 | Request. <u>See</u> Discovery Master Order No. 66, dated September 17, 2009, at 7.[266]

5 | ████████████████████████████████████████████████████████

6 | ████████████████████████████████████████████████████████

7 | ██████████████████████████████████████████████ Id.

8 | In addition, the Court expressly ruled that the issues surrounding the Larian-

9 | O'Connor email remain open for discovery and adjudication going forward. <u>See</u>

10 | September 22, 2009 Order at 1-2.[267]   Among other things, this Request is directly

11 | relevant to whether Larian committed perjury in his Phase 1 trial testimony. It is

12 | also relevant to the decision to withhold the email, which constitutes the RICO

13 | predicate of obstruction of justice. <u>See</u> <u>United States v. Lench</u>, 806 F.2d 1443, 1445

14 | (9th Cir. 1986) (that defendant "failed to provide the information requested and

15 | lied" about it "is all that is necessary to obstruct justice").

16 |     Larian's "vagueness" objection is disingenuous. Larian knows full well what

17 | "the document" means. <u>See</u> <u>Pulsecard, Inc. v. Discover Card Servs., Inc.</u>, 168

18 | F.R.D. 295, 310 (D. Kan. 1996) (overruling vague and ambiguous objections

19 | because "[r]espondents should exercise reason and common sense to attribute

20 | ordinary definitions to terms and phrases utilized in interrogatories."). Larian

21 | produced an incomplete version of the Larian-O'Connor email and logged it on its

22 | privilege log. Moreover, Larian's current counsel specifically produced the full

23 | Larian-O'Connor email as a document it believed had previously been improperly

24 | withheld on privilege grounds. Larian cannot now pretend to be unaware of these

25 | facts. The Request appropriately seeks the knowledge of the MGA Parties, Larian,

26 |

27 | [266]   Watson Decl., Ex. 1.

28 |

1    and their counsel.  A recipient of requests for admission is required to respond

2    informed by the knowledge of its counsel.  Christian v. Janed Enterprises, Inc., 2009

3    WL 1796074, at *2 (M.D. Ga. June 23, 2009) (party required to answer requests for

4    admission with knowledge in possession of the party and its counsel); Hise v

5    Lockwood Grader Corp., 153 F Supp 276, 278 (D. Neb. 1957) (plaintiff required to

6    respond to requests for admission with facts only in the possession of counsel).

7            Even had it not been already overruled, Larian's privilege objection is

8    baseless.  This Request simply asks Larian to admit that he had withheld from

9    production to Mattel the Larian-O'Connor email on work product grounds until

10   August 21, 2009.  The question clearly does not implicate the privilege or work

11   product.  It is black letter law that "questions related to the existence of attorney-

12   client communications" are not protected by the privilege.  Markwest Hydrocarbon,

13   Inc. v. Liberty Mutual Ins. Co., 2007 WL 1106105, at *4 (D. Colo. April 12, 2007);

14   see also New Jersey v. Sprint Corp., 2009 WL 1917412, at *18 (D. Kan. July 2,

15   2009) ("Questions regarding the existence, extent, or waiver of an attorney-client

16   privilege or work-product immunity are not themselves privileged or protected");

17   B.F.G. of Illinois, Inc. v. Ameritech Corp., 2001 WL 1414468, at *4 (N.D. Ill. Nov.

18   13, 2001) ("plaintiffs' counsel's proper questions regarding foundational facts going

19   to the assertion of privilege were improperly objected to and the witness instructed

20   not to answer"); Malletier v. Dooney & Bourke, Inc., 2006 WL 3851150, at *1

21   (S.D.N.Y. Dec. 18, 2006) (declarations submitted to support claim of privilege were

22   improperly redacted because "plaintiff has effectively eliminated from the

23   declarations much of the basic information that would be required to appear on a

24   privilege log, together with the foundational facts that its adversary would be

25   entitled to discover in order to test a privilege claim.").

26

27   [267]  Watson Decl., Ex. 42.

28

1   Larian has already conceded the fact sought by this Request. ███████

2   ███████████████████████████████████████████████████████████████

3   ███████████████████████████████, ███████████████████████████

4   ███████████████████████████████████."[268]  Larian

5   cannot concede facts to the Court for the purposes of avoiding sanctions, then refuse

6   to admit them for purposes of discovery.  Notably, although Larian conceded these

7   facts at the September 22, 2009 hearing, Mattel is nonetheless entitled to receive

8   admissions as to these facts.  Admissions, unlike pleadings or other evidentiary

9   statements, are "binding upon the party making them.  They may not be

10   controverted at trial or on appeal.  Indeed, they are 'not evidence at all but rather

11   have the effect of withdrawing a fact from contention.'"  Keller v. Untied States, 58

12   F.3d 1194, 1198 n.8 (7th Cir. 1995) (quoting Michael H. Graham, Federal Practice

13   and Procedure: Evidence § 6726).

14       Larian's objection as to burden and oppression is frivolous.  See A. Farber and

15   Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or

16   boilerplate objections such as 'overly burdensome and harassing' are improper –

17   especially when a party fails to submit any evidentiary declarations supporting such

18   objections").  There is no conceivable burden in admitting a fact Larian has already

19   conceded on the record; and indeed, Larian provides no basis for the burden

20   objection, as required.  See Discovery Master Order No. 17, dated April 14, 2009, at

21   20 (overruling objections not stated with specificity);[269]  Jackson v. Montgomery

22   Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) (party claiming a

23   discovery request is "unduly burdensome must allege specific facts which indicate

24   the nature and extent of the burden, usually by affidavit or other reliable evidence");

25   Horsewood v. Kids "R" Us, 1998 WL 526589, at *4 (D. Kan. Aug. 13, 1998)

26

27   [268]   Sealed Hearing Tr. at 4:19-24; 8:17-9:11; 11:14-22, Watson Decl., Ex. 27.

28

00505.07975/3180667.1

-235-

1   ("Mere assertions by plaintiff of harassment and intimidation provide no evidence of
2   undue burden."); <u>Bible v. Rio Props., Inc.</u>, 246 F.R.D. 614, 618 (C.D. Cal. 2007)
3   ("Contrary to defendant's assertion, the party who resists discovery has the burden to
4   show discovery should not be allowed, and has the burden of clarifying, explaining,
5   and supporting its objections."); Discovery Master Order No. 46, dated August 14,
6   2009, at 33 ("[T]he party claiming that a discovery request is unduly burdensome
7   must allege specific facts which indicate the nature and extent of the burden, usually
8   by affidavit or other reliable evidence.") (citing <u>Jackson v. Montgomery Ward &</u>
9   <u>Co., Inc.</u>, 173 F.R.D. 524, 528-29 (D. Nev. 1997)).

10      Lastly, Larian objects to "any instructions or definitions that seek to impose
11   requirements in addition to those imposed by the Federal Rules of Civil Procedure
12   or any applicable local rule." Mattel's RFAs did not include instructions, so Larian's
13   boilerplate objection on that ground makes no sense.   Nor does Larian specify
14   which, if any, of the four definitions in Mattel's requests is improper, much less
15   provide any basis for the objection.   Mattel's definitions are proper and Larian's
16   boilerplate objection should be overruled.

17

18   <u>REQUEST FOR ADMISSION NO. 8:</u>

19      Admit that the document attached hereto as Exhibit 1 is protected by attorney-
20   client privilege.

21

22   <u>RESPONSE TO REQUEST FOR ADMISSION NO. 8:</u>

23      Mr. Larian objects to the request as vague and ambiguous in its use of the
24   phrase "the document" because "the document" contains a series of emails certain of
25   which were marked as trial exhibits and, therefore, Mr. Larian assumes that "the

26

27   [269]   Watson Decl., Ex. 37.

28

document" means any portions of the email that were not marked as a trial exhibit. As such, Mr. Larian objects to the request as it seeks disclosure of information that is protected by the attorney-client privilege and/or work product doctrine in that Mr. Larian's knowledge concerning the scope and nature of the attorney-client privilege as applied to Exhibit 1 to the request has been gained by and through communications with his counsel. Mr. Larian additionally objects to this request on the grounds that it calls for a legal conclusion. Mr. Larian objects to the request to the extent it seeks information not relevant to the claims or defenses of any party to this action and not reasonably calculated to lead to the discovery of admissible evidence. Mr. Larian objects to the request to the extent it is unduly burdensome and oppressive. In responding, Mr. Larian has not and will not comply with any instructions or definitions that seek to impose requirements in addition to those imposed by the Federal Rules of Civil Procedure or any applicable local rule. Mr. Larian reserves the right to object on any ground at any time to such other and supplemental discovery requests as Mattel may propound involving or relating to the same subject matter(s) of the request. Mr. Larian objects to the definitions and instructions to the extent such definitions and instructions purport to enlarge, expand, or alter in any way the plain meaning and scope of any specific term or specific requests on the grounds that such enlargement, expansion or alteration renders such a term or request vague, ambiguous, unintelligible, overly broad, unduly burdensome, uncertain or otherwise open to interpretation.

REASON WHY FURTHER RESPONSE TO REQUEST FOR ADMISSION NO. 8 SHOULD BE COMPELLED:

The Discovery Master has already ruled that Larian must respond to this Request. See Discovery Master Order No. 66, dated September 17, 2009, at

STATEMENT ISO MATTEL'S MOTION TO COMPEL MGA'S RESPONSE TO RFAS

1    7.[270] ████████████████████████████████████

2    ████████████████████████████████████████

3    ████████████████████████████████████████

4    Id.  In addition, the Court expressly ruled that the issues surrounding the Larian-

5    O'Connor email remain open for discovery and adjudication going forward.  <u>See</u>

6    September 22, 2009 Order at 1-2.[271]  Among other things, this Request is directly

7    relevant to whether Larian committed perjury in his Phase 1 trial testimony.  It is

8    also relevant to the decision to withhold the email, which constitutes the RICO

9    predicate of obstruction of justice.  <u>See</u> <u>United States v. Lench</u>, 806 F.2d 1443, 1445

10    (9th Cir. 1986) (that defendant "failed to provide the information requested and

11    lied" about it "is all that is necessary to obstruct justice").

12          Larian's "vagueness" objection is disingenuous.  Larian knows full

13    well what "the document" means.  <u>See</u> <u>Pulsecard, Inc. v. Discover Card Servs., Inc.</u>,

14    168 F.R.D. 295, 310 (D. Kan. 1996) (overruling vague and ambiguous objections

15    because "[r]espondents should exercise reason and common sense to attribute

16    ordinary definitions to terms and phrases utilized in interrogatories.").  Larian

17    produced an incomplete version of the Larian-O'Connor email and logged it on its

18    privilege log.  Moreover, Larian's current counsel specifically produced the full

19    Larian-O'Connor email as a document it believed had previously been improperly

20    withheld on privilege grounds.  The Request appropriately seeks the knowledge of

21    the MGA Parties, Larian, and their counsel.  A recipient of requests for admission is

22    required to respond informed by the knowledge of its counsel.  <u>Christian v. Janed</u>

23    <u>Enterprises, Inc.</u>, 2009 WL 1796074, at *2 (M.D. Ga. June 23, 2009) (party required

24    to answer requests for admission with knowledge in possession of the party and its

25    counsel); <u>Hise v Lockwood Grader Corp.</u>, 153 F Supp 276, 278 (D. Neb. 1957)

26

27    [270]  Watson Decl., Ex. 1.

28

1  (plaintiff required to respond to requests for admission with facts only in the
2  possession of counsel).

3          Larian's "legal conclusion" objection fares no better.  The prior
4  Discovery Master repeatedly overruled the exact same "legal conclusion" objections
5  Larian asserts here.  In compelling Bryant to respond to RFAs related to his
6  opinions about the enforceability of his employment contract with Mattel and the
7  copyrights related to Bratz, the Discovery Master overruled Bryant's privilege and
8  "legal conclusion" objections and ruled that "requests for admission calling for
9  application of law to facts are permissible" and that "[t]he fact that Bryant may need
10 to consult with counsel to respond to the requests does not make the response
11 privileged."[272]  Similarly, the Discovery Master compelled MGA to respond to
12 RFAs seeking information about MGA's copyright registrations and the accuracy of
13 MGA's statements to the press, emphasizing that "requests calling for legal
14 conclusions are permissible" so long as they are related to the facts of the case.[273]
15 The Discovery Master also reiterated that it is immaterial that MGA may need to
16 consult with counsel to answer the RFAs because "[t]o hold otherwise would
17 effectively gut the provisions of Rule 36 authorizing requests that call for the
18 application of law to fact."  Id.

19         Even had it not been already overruled, Larian's privilege objection is
20 baseless.  This Request simply asks Larian to admit that the Larian-O'Connor email
21 is protected by attorney-client privilege.  The question clearly does not implicate the
22 privilege or work product.  It is black letter law that "questions related to the
23 existence of attorney-client communications" are not protected by the privilege.
24 Markwest Hydrocarbon, Inc. v. Liberty Mutual Ins. Co., 2007 WL 1106105, at *4

25 _____

26   [271]  Watson Decl., Ex. 42.
27   [272]  Discovery Master Order, dated August 20, 2007, at 6, Watson Decl., Ex. 32.
  [273]  Discovery Master Order, dated August 21, 2007, at 7, Watson Decl., Ex. 31.
28

1  (D. Colo. April 12, 2007); see also New Jersey v. Sprint Corp., 2009 WL 1917412,
2  at *18 (D. Kan. July 2, 2009) ("Questions regarding the existence, extent, or waiver
3  of an attorney-client privilege or work-product immunity are not themselves
4  privileged or protected"); B.F.G. of Illinois, Inc. v. Ameritech Corp., 2001 WL
5  1414468, at *4 (N.D. Ill. Nov. 13, 2001) ("plaintiffs' counsel's proper questions
6  regarding foundational facts going to the assertion of privilege were improperly
7  objected to and the witness instructed not to answer"); Malletier v. Dooney &
8  Bourke, Inc., 2006 WL 3851150, at *1 (S.D.N.Y. Dec. 18, 2006) (declarations
9  submitted to support claim of privilege were improperly redacted because "plaintiff
10 has effectively eliminated from the declarations much of the basic information that
11 would be required to appear on a privilege log, together with the foundational facts
12 that its adversary would be entitled to discover in order to test a privilege claim.").

13        Larian has already conceded the fact sought by this Request. ███
14 ██████████████████████████████████████████████
15 ████████████████████████,██████████████████
16 ████████████████████████████."[274]  Larian
17 cannot concede facts to the Court for the purposes of avoiding sanctions, then refuse
18 to admit them for purposes of discovery.  Notably, although Larian conceded these
19 facts at the September 22, 2009 hearing, Mattel is nonetheless entitled to receive
20 admissions as to these facts.  Admissions, unlike pleadings or other evidentiary
21 statements, are "binding upon the party making them.  They may not be
22 controverted at trial or on appeal.  Indeed, they are 'not evidence at all but rather
23 have the effect of withdrawing a fact from contention.'"  Keller v. Untied States, 58
24 F.3d 1194, 1198 n.8 (7th Cir. 1995) (quoting Michael H. Graham, Federal Practice
25 and Procedure: Evidence § 6726).

[274]  Sealed Hearing Tr. at 4:19-24; 8:17-9:11; 11:14-22, Watson Decl., Ex. 27.

1   Larian's objection as to burden and oppression is frivolous.  See <u>A.</u>
2   <u>Farber and Partners, Inc. v. Garber,</u> 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general
3   or boilerplate objections such as 'overly burdensome and harassing' are improper –
4   especially when a party fails to submit any evidentiary declarations supporting such
5   objections").  There is no conceivable burden in admitting a fact Larian has already
6   conceded on the record; and indeed, Larian provides no basis for the burden
7   objection, as required.  See Discovery Master Order No. 17, dated April 14, 2009, at
8   20 (overruling objections not stated with specificity);[275] <u>Jackson v. Montgomery</u>
9   <u>Ward & Co., Inc.,</u> 173 F.R.D. 524, 528-29 (D. Nev. 1997) (party claiming a
10  discovery request is "unduly burdensome must allege specific facts which indicate
11  the nature and extent of the burden, usually by affidavit or other reliable evidence");
12  <u>Horsewood v. Kids "R" Us,</u> 1998 WL 526589, at *4 (D. Kan. Aug. 13, 1998)
13  ("Mere assertions by plaintiff of harassment and intimidation provide no evidence of
14  undue burden."); <u>Bible v. Rio Props., Inc.,</u> 246 F.R.D. 614, 618 (C.D. Cal. 2007)
15  ("Contrary to defendant's assertion, the party who resists discovery has the burden to
16  show discovery should not be allowed, and has the burden of clarifying, explaining,
17  and supporting its objections."); Discovery Master Order No. 46, dated August 14,
18  2009, at 33 ("[T]he party claiming that a discovery request is unduly burdensome
19  must allege specific facts which indicate the nature and extent of the burden, usually
20  by affidavit or other reliable evidence.") (citing <u>Jackson v. Montgomery Ward &</u>
21  <u>Co., Inc.,</u> 173 F.R.D. 524, 528-29 (D. Nev. 1997)).
22      Lastly, Larian objects to "any instructions or definitions that seek to impose
23  requirements in addition to those imposed by the Federal Rules of Civil Procedure
24  or any applicable local rule."  Mattel's RFAs did not include instructions, so Larian's
25  boilerplate objection on that ground makes no sense.  Nor does Larian specify
26
27  [275]  Watson Decl., Ex. 37.
28

1 which, if any, of the four definitions in Mattel's requests is improper, much less

2 provide any basis for the objection.   Mattel's definitions are proper and Larian's

3 boilerplate objection should be overruled.

4

5 REQUEST FOR ADMISSION NO. 9:

6     Admit that the document attached hereto as Exhibit 1 is protected by the work

7 product doctrine.

8

9 RESPONSE TO REQUEST FOR ADMISSION NO. 9:

10     Mr. Larian objects to the request as vague and ambiguous in its use of the

11 phrase "the document" because "the document" contains a series of emails certain of

12 which were marked as trial exhibits and, therefore, Mr. Larian assumes that "the

13 document" means any portions of the email that were not marked as a trial exhibit.

14 As such, Mr. Larian objects to the request as it seeks disclosure of information that

15 is protected by the attorney-client privilege and/or work product doctrine in that Mr.

16 Larian's knowledge concerning the scope and nature of the work product doctrine as

17 applied to Exhibit 1 to the request has been gained by and through communications

18 with his counsel. Mr. Larian additionally objects to this request on the grounds that

19 it calls for a legal conclusion. Mr. Larian objects to the request to the extent it seeks

20 information not relevant to the claims or defenses of any party to this action and not

21 reasonably calculated to lead to the discovery of admissible evidence. Mr. Larian

22 objects to the request to the extent it is unduly burdensome and oppressive. In

23 responding, Mr. Larian has not and will not comply with any instructions or

24 definitions that seek to impose requirements in addition to those imposed by the

25 Federal Rules of Civil Procedure or any applicable local rule. Mr. Larian reserves

26 the right to object on any ground at any time to such other and supplemental

27 discovery requests as Mattel may propound involving or relating to the same subject

28 matter(s) of the request. Mr. Larian objects to the definitions and instructions to the

-242-

STATEMENT ISO MATTEL'S MOTION TO COMPEL MGA'S RESPONSE TO RFAS

1  extent such definitions and instructions purport to enlarge, expand, or alter in any

2  way the plain meaning and scope of any specific term or specific requests on the

3  grounds that such enlargement, expansion or alteration renders such a term or

4  request vague, ambiguous, unintelligible, overly broad, unduly burdensome,

5  uncertain or otherwise open to interpretation.

6

7  REASON WHY FURTHER RESPONSE TO REQUEST FOR ADMISSION NO. 9

8  SHOULD BE COMPELLED:

9        The Discovery Master has already ruled that Larian must respond to

10  this Request.  See Discovery Master Order No. 66, dated September 17, 2009, at

11  7.[276]  ████████████████████████

12  ██████████████████████████████

13  ██████████████████████████████

14  Id.  In addition, the Court expressly ruled that the issues surrounding the Larian-

15  O'Connor email remain open for discovery and adjudication going forward.  See

16  September 22, 2009 Order at 1-2.[277]  Among other things, this Request is directly

17  relevant to whether Larian committed perjury in his Phase 1 trial testimony.  It is

18  also relevant to the decision to withhold the email, which constitutes the RICO

19  predicate of obstruction of justice.  See United States v. Lench, 806 F.2d 1443, 1445

20  (9th Cir. 1986) (that defendant "failed to provide the information requested and

21  lied" about it "is all that is necessary to obstruct justice").

22        Larian's "vagueness" objection is disingenuous.  Larian knows full

23  well what "the document" means.  See Pulsecard, Inc. v. Discover Card Servs., Inc.,

24  168 F.R.D. 295, 310 (D. Kan. 1996) (overruling vague and ambiguous objections

25  because "[r]espondents should exercise reason and common sense to attribute

26

27     [276]  Watson Decl., Ex. 1.

28

1   ordinary definitions to terms and phrases utilized in interrogatories."). Larian
2   produced an incomplete version of the Larian-O'Connor email and logged it on its
3   privilege log. Moreover, Larian's current counsel specifically produced the full
4   Larian-O'Connor email as a document it believed had previously been improperly
5   withheld on privilege grounds. The Request appropriately seeks the knowledge of
6   the MGA Parties, Larian, and their counsel. A recipient of requests for admission is
7   required to respond informed by the knowledge of its counsel. Christian v. Janed
8   Enterprises, Inc., 2009 WL 1796074, at *2 (M.D. Ga. June 23, 2009) (party required
9   to answer requests for admission with knowledge in possession of the party and its
10  counsel); Hise v Lockwood Grader Corp., 153 F Supp 276, 278 (D. Neb. 1957)
11  (plaintiff required to respond to requests for admission with facts only in the
12  possession of counsel).

13          Larian's "legal conclusion" objection fares no better. The prior
14  Discovery Master repeatedly overruled the exact same "legal conclusion" objections
15  Larian asserts here. In compelling Bryant to respond to RFAs related to his
16  opinions about the enforceability of his employment contract with Mattel and the
17  copyrights related to Bratz, the Discovery Master overruled Bryant's privilege and
18  "legal conclusion" objections and ruled that "requests for admission calling for
19  application of law to facts are permissible" and that "[t]he fact that Bryant may need
20  to consult with counsel to respond to the requests does not make the response
21  privileged."[278] Similarly, the Discovery Master compelled MGA to respond to
22  RFAs seeking information about MGA's copyright registrations and the accuracy of
23  MGA's statements to the press, emphasizing that "requests calling for legal
24  conclusions are permissible" so long as they are related to the facts of the case.[279]

25  ─────────────────────────
26  [277]  Watson Decl., Ex. 42.
27  [278]  Discovery Master Order, dated August 20, 2007, at 6, Watson Decl., Ex. 32.
    [279]  Discovery Master Order, dated August 21, 2007, at 7, Watson Decl., Ex. 31.
28

1  The Discovery Master also reiterated that it is immaterial that MGA may need to
2  consult with counsel to answer the RFAs because "[t]o hold otherwise would
3  effectively gut the provisions of Rule 36 authorizing requests that call for the
4  application of law to fact." <u>Id.</u>

5         Even had it not been already overruled, Larian's privilege objection is
6  baseless.  This Request simply asks Larian to admit that the Larian-O'Connor email
7  is protected by the work product doctrine.  The question clearly does not implicate
8  the privilege or work product.  It is black letter law that "questions related to the
9  existence of attorney-client communications" are not protected by the privilege.
10 <u>Markwest Hydrocarbon, Inc. v. Liberty Mutual Ins. Co.</u>, 2007 WL 1106105, at *4
11 (D. Colo. April 12, 2007); <u>see</u> <u>also</u> <u>New Jersey v. Sprint Corp.</u>, 2009 WL 1917412,
12 at *18 (D. Kan. July 2, 2009) ("Questions regarding the existence, extent, or waiver
13 of an attorney-client privilege or work-product immunity are not themselves
14 privileged or protected");  <u>B.F.G. of Illinois, Inc. v. Ameritech Corp.</u>, 2001 WL
15 1414468, at *4 (N.D. Ill. Nov. 13, 2001) ("plaintiffs' counsel's proper questions
16 regarding foundational facts going to the assertion of privilege were improperly
17 objected to and the witness instructed not to answer"); <u>Malletier v. Dooney &</u>
18 <u>Bourke, Inc.</u>, 2006 WL 3851150, at *1 (S.D.N.Y. Dec. 18, 2006) (declarations
19 submitted to support claim of privilege were improperly redacted because "plaintiff
20 has effectively eliminated from the declarations much of the basic information that
21 would be required to appear on a privilege log, together with the foundational facts
22 that its adversary would be entitled to discover in order to test a privilege claim.").

23        Larian has already conceded the fact sought by this Request. ▇▇▇
24 ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
25 ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇, ▇▇▇▇▇▇▇▇▇
26
27
28

1  ███████████████████████████████████."[280]  Larian

2  cannot concede facts to the Court for the purposes of avoiding sanctions, then refuse

3  to admit them for purposes of discovery.  Notably, although Larian conceded these

4  facts at the September 22, 2009 hearing, Mattel is nonetheless entitled to receive

5  admissions as to these facts.  Admissions, unlike pleadings or other evidentiary

6  statements, are "binding upon the party making them.  They may not be

7  controverted at trial or on appeal.  Indeed, they are 'not evidence at all but rather

8  have the effect of withdrawing a fact from contention.'"  Keller v. Untied States, 58

9  F.3d 1194, 1198 n.8 (7th Cir. 1995) (quoting Michael H. Graham, Federal Practice

10  and Procedure: Evidence § 6726).

11        Larian's objection as to burden and oppression is frivolous.  See A.

12  Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general

13  or boilerplate objections such as 'overly burdensome and harassing' are improper –

14  especially when a party fails to submit any evidentiary declarations supporting such

15  objections").  There is no conceivable burden in admitting a fact Larian has already

16  conceded on the record; and indeed, Larian provides no basis for the burden

17  objection, as required.  See Discovery Master Order No. 17, dated April 14, 2009, at

18  20 (overruling objections not stated with specificity);[281] Jackson v. Montgomery

19  Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) (party claiming a

20  discovery request is "unduly burdensome must allege specific facts which indicate

21  the nature and extent of the burden, usually by affidavit or other reliable evidence");

22  Horsewood v. Kids "R" Us, 1998 WL 526589, at *4 (D. Kan. Aug. 13, 1998)

23  ("Mere assertions by plaintiff of harassment and intimidation provide no evidence of

24  undue burden.");  Bible v. Rio Props., Inc., 246 F.R.D. 614, 618 (C.D. Cal. 2007)

25  ("Contrary to defendant's assertion, the party who resists discovery has the burden to

26

27  [280]  Sealed Hearing Tr. at 4:19-24; 8:17-9:11; 11:14-22, Watson Decl., Ex. 27.

28

STATEMENT ISO MATTEL'S MOTION TO COMPEL MGA'S RESPONSE TO RFAS

1 show discovery should not be allowed, and has the burden of clarifying, explaining,
2 and supporting its objections."); Discovery Master Order No. 46, dated August 14,
3 2009, at 33 ("[T]he party claiming that a discovery request is unduly burdensome
4 must allege specific facts which indicate the nature and extent of the burden, usually
5 by affidavit or other reliable evidence.") (citing Jackson v. Montgomery Ward &
6 Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997)).

7        Lastly, Larian objects to "any instructions or definitions that seek to impose
8 requirements in addition to those imposed by the Federal Rules of Civil Procedure
9 or any applicable local rule." Mattel's RFAs did not include instructions, so Larian's
10 boilerplate objection on that ground makes no sense.  Nor does Larian specify
11 which, if any, of the four definitions in Mattel's requests is improper, much less
12 provide any basis for the objection.  Mattel's definitions are proper and Larian's
13 boilerplate objection should be overruled.

14

15 REQUEST FOR ADMISSION NO. 10:

16        Admit that the document attached hereto as Exhibit 1 is not protected by
17 attorney-client privilege.

18

19 RESPONSE TO REQUEST FOR ADMISSION NO. 10:

20        Mr. Larian objects to the request as vague and ambiguous in its use of the
21 phrase "the document" because "the document" contains a series of emails certain of
22 which were marked as trial exhibits and, therefore, Mr. Larian assumes that "the
23 document" means any portions of the email that were not marked as a trial exhibit.
24 As such, Mr. Larian objects to the request as it seeks disclosure of information that
25 is protected by the attorney-client privilege and/or work product doctrine in that Mr.

26

27 [281]  Watson Decl., Ex. 37.

28

1  Larian's knowledge concerning the scope and nature of the attorney-client privilege
2  as applied to Exhibit 1 to the request has been gained by and through
3  communications with his counsel. Mr. Larian additionally objects to this request on
4  the grounds that it calls for a legal conclusion. Mr. Larian objects to the request to
5  the extent it seeks information not relevant to the claims or defenses of any party to
6  this action and not reasonably calculated to lead to the discovery of admissible
7  evidence. Mr. Larian objects to the request to the extent it is unduly burdensome and
8  oppressive. In responding, Mr. Larian has not and will not comply with any
9  instructions or definitions that seek to impose requirements in addition to those
10 imposed by the Federal Rules of Civil Procedure or any applicable local rule. Mr.
11 Larian reserves the right to object on any ground at any time to such other and
12 supplemental discovery requests as Mattel may propound involving or relating to
13 the same subject matter(s) of the request. Mr. Larian objects to the definitions and
14 instructions to the extent such definitions and instructions purport to enlarge,
15 expand, or alter in any way the plain meaning and scope of any specific term or
16 specific requests on the grounds that such enlargement, expansion or alteration
17 renders such a term or request vague, ambiguous, unintelligible, overly broad,
18 unduly burdensome, uncertain or otherwise open to interpretation.
19
20 <u>REASON WHY FURTHER RESPONSE TO REQUEST FOR ADMISSION NO.</u>
21 <u>10 SHOULD BE COMPELLED:</u>
22       The Discovery Master has already ruled that Larian must respond to this
23 Request. <u>See</u> Discovery Master Order No. 66, dated September 17, 2009, at 7.[282]
24 ████████████████████████████████████████
25 ████████████████████████████████████████
26
27 [282]  Watson Decl., Ex. 1.
28

1    ████████████████████████████████████████████  Id.

2    In addition, the Court expressly ruled that the issues surrounding the Larian-

3    O'Connor email remain open for discovery and adjudication going forward.  See

4    September 22, 2009 Order at 1-2.[283]   Among other things, this Request is directly

5    relevant to whether Larian committed perjury in his Phase 1 trial testimony.  It is

6    also relevant to the decision to withhold the email, which constitutes the RICO

7    predicate of obstruction of justice.  See United States v. Lench, 806 F.2d 1443, 1445

8    (9th Cir. 1986) (that defendant "failed to provide the information requested and

9    lied" about it "is all that is necessary to obstruct justice").

10           Larian's "vagueness" objection is disingenuous.  Larian knows full well what

11   "the document" means.  See Pulsecard, Inc. v. Discover Card Servs., Inc., 168

12   F.R.D. 295, 310 (D. Kan. 1996) (overruling vague and ambiguous objections

13   because "[r]espondents should exercise reason and common sense to attribute

14   ordinary definitions to terms and phrases utilized in interrogatories.").   Larian

15   produced an incomplete version of the Larian-O'Connor email and logged it on his

16   privilege log.  Moreover, Larian's current counsel specifically produced the full

17   Larian-O'Connor email as a document it believed had previously been improperly

18   withheld on privilege grounds.  Larian cannot now pretend to be unaware of these

19   facts.  The Request appropriately seeks the knowledge of the MGA Parties, Larian,

20   and their counsel.   A recipient of requests for admission is required to respond

21   informed by the knowledge of its counsel.  Christian v. Janed Enterprises, Inc., 2009

22   WL 1796074, at *2 (M.D. Ga. June 23, 2009) (party required to answer requests for

23   admission with knowledge in possession of the party and its counsel); Hise v

24   Lockwood Grader Corp., 153 F Supp 276, 278 (D. Neb. 1957) (plaintiff required to

25   respond to requests for admission with facts only in the possession of counsel).

26

27   [283]   Watson Decl., Ex. 42.

28

1    Larian's "legal conclusion" objection fares no better.  The prior Discovery
2    Master repeatedly overruled the exact same "legal conclusion" objections Larian
3    asserts here.  In compelling Bryant to respond to RFAs related to his opinions about
4    the enforceability of his employment contract with Mattel and the copyrights related
5    to Bratz, the Discovery Master overruled Bryant's privilege and "legal conclusion"
6    objections and ruled that "requests for admission calling for application of law to
7    facts are permissible" and that "[t]he fact that Bryant may need to consult with
8    counsel to respond to the requests does not make the response privileged."[284]
9    Similarly, the Discovery Master compelled MGA to respond to RFAs seeking
10   information about MGA's copyright registrations and the accuracy of MGA's
11   statements to the press, emphasizing that "requests calling for legal conclusions are
12   permissible" so long as they are related to the facts of the case.[285]  The Discovery
13   Master also reiterated that it is immaterial that MGA may need to consult with
14   counsel to answer the RFAs because "[t]o hold otherwise would effectively gut the
15   provisions of Rule 36 authorizing requests that call for the application of law to
16   fact."  Id.

17   Even had it not been already overruled, Larian's privilege objection is
18   baseless.  This Request simply asks Larian to admit that the Larian-O'Connor email
19   is not protected by attorney-client privilege.  The question clearly does not implicate
20   the privilege or work product.  It is black letter law that "questions related to the
21   existence of attorney-client communications" are not protected by the privilege.
22   Markwest Hydrocarbon, Inc. v. Liberty Mutual Ins. Co., 2007 WL 1106105, at *4
23   (D. Colo. April 12, 2007); see also New Jersey v. Sprint Corp., 2009 WL 1917412,
24   at *18 (D. Kan. July 2, 2009) ("Questions regarding the existence, extent, or waiver
25   of an attorney-client privilege or work-product immunity are not themselves

26

27   [284]  Discovery Master Order, dated August 20, 2007, at 6, Watson Decl., Ex. 32.

28

privileged or protected"); B.F.G. of Illinois, Inc. v. Ameritech Corp., 2001 WL 1414468, at *4 (N.D. Ill. Nov. 13, 2001) ("plaintiffs' counsel's proper questions regarding foundational facts going to the assertion of privilege were improperly objected to and the witness instructed not to answer"); Malletier v. Dooney & Bourke, Inc., 2006 WL 3851150, at *1 (S.D.N.Y. Dec. 18, 2006) (declarations submitted to support claim of privilege were improperly redacted because "plaintiff has effectively eliminated from the declarations much of the basic information that would be required to appear on a privilege log, together with the foundational facts that its adversary would be entitled to discover in order to test a privilege claim.").

Larian has already conceded the fact sought by this Request. [REDACTED] [REDACTED], [REDACTED] [REDACTED]."[286] Larian cannot concede facts to the Court for the purposes of avoiding sanctions, then refuse to admit them for purposes of discovery. Notably, although Larian conceded these facts at the September 22, 2009 hearing, Mattel is nonetheless entitled to receive admissions as to these facts. Admissions, unlike pleadings or other evidentiary statements, are "binding upon the party making them. They may not be controverted at trial or on appeal. Indeed, they are 'not evidence at all but rather have the effect of withdrawing a fact from contention.'" Keller v. Untied States, 58 F.3d 1194, 1198 n.8 (7th Cir. 1995) (quoting Michael H. Graham, Federal Practice and Procedure: Evidence § 6726).

Larian's objection as to burden and oppression is frivolous. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper –

---

[285] Discovery Master Order, dated August 21, 2007, at 7, Watson Decl., Ex. 31.

1  especially when a party fails to submit any evidentiary declarations supporting such
2  objections").  There is no conceivable burden in admitting a fact Larian has already
3  conceded on the record; and indeed, Larian provides no basis for the burden
4  objection, as required.  <u>See</u> Discovery Master Order No. 17, dated April 14, 2009, at
5  20 (overruling objections not stated with specificity);[287] <u>Jackson v. Montgomery</u>
6  <u>Ward & Co., Inc.</u>, 173 F.R.D. 524, 528-29 (D. Nev. 1997) (party claiming a
7  discovery request is "unduly burdensome must allege specific facts which indicate
8  the nature and extent of the burden, usually by affidavit or other reliable evidence");
9  <u>Horsewood v. Kids "R" Us</u>, 1998 WL 526589, at *4 (D. Kan. Aug. 13, 1998)
10  ("Mere assertions by plaintiff of harassment and intimidation provide no evidence of
11  undue burden."); <u>Bible v. Rio Props., Inc.</u>, 246 F.R.D. 614, 618 (C.D. Cal. 2007)
12  ("Contrary to defendant's assertion, the party who resists discovery has the burden to
13  show discovery should not be allowed, and has the burden of clarifying, explaining,
14  and supporting its objections."); Discovery Master Order No. 46, dated August 14,
15  2009, at 33 ("[T]he party claiming that a discovery request is unduly burdensome
16  must allege specific facts which indicate the nature and extent of the burden, usually
17  by affidavit or other reliable evidence.") (citing <u>Jackson v. Montgomery Ward &</u>
18  <u>Co., Inc.</u>, 173 F.R.D. 524, 528-29 (D. Nev. 1997)).

19       Lastly, Larian objects to "any instructions or definitions that seek to impose
20  requirements in addition to those imposed by the Federal Rules of Civil Procedure
21  or any applicable local rule."  Mattel's RFAs did not include instructions, so Larian's
22  boilerplate objection on that ground makes no sense.  Nor does Larian specify
23  which, if any, of the four definitions in Mattel's requests is improper, much less
24  provide any basis for the objection.  Mattel's definitions are proper and Larian's
25  boilerplate objection should be overruled.

26

27  [286]  Sealed Hearing Tr. at 4:19-24; 8:17-9:11; 11:14-22, Watson Decl., Ex. 27.

28

REQUEST FOR ADMISSION NO. 11:

Admit that the doctrine attached hereto as Exhibit I is not protected by the work product doctrine.

RESPONSE TO REQUEST FOR ADMISSION NO. 11:

Mr. Larian objects to the request as vague and ambiguous in its use of the phrase "the document" because "the document" contains a series of emails certain of which were marked as trial exhibits and, therefore, Mr. Larian assumes that "the document" means any portions of the email that were not marked as a trial exhibit. As such, Mr. Larian objects to the request as it seeks disclosure of information that is protected by the attorney-client privilege and/or work product doctrine in that Mr. Larian's knowledge concerning the scope and nature of the work product doctrine as applied to Exhibit 1 to the request has been gained by and through communications with his counsel. Mr. Larian additionally objects to this request on the grounds that it calls for a legal conclusion. Mr. Larian objects to the request to the extent it seeks information not relevant to the claims or defenses of any party to this action and not reasonably calculated to lead to the discovery of admissible evidence. Mr. Larian objects to the request to the extent it is unduly burdensome and oppressive. In responding, Mr. Larian has not and will not comply with any instructions or definitions that seek to impose requirements in addition to those imposed by the Federal Rules of Civil Procedure or any applicable local rule. Mr. Larian reserves the right to object on any ground at any time to such other and supplemental discovery requests as Mattel may propound involving or relating to the same subject matter(s) of the request. Mr. Larian objects to the definitions and instructions to the extent such definitions and instructions purport to enlarge, expand, or alter in any

---

[287]   Watson Decl., Ex. 37.

1 | way the plain meaning and scope of any specific term or specific requests on the
2 | grounds that such enlargement, expansion or alteration renders such a term or
3 | request vague, ambiguous, unintelligible, overly broad, unduly burdensome,
4 | uncertain or otherwise open to interpretation.

5 |

6 | REASON WHY FURTHER RESPONSE TO REQUEST FOR ADMISSION NO.
7 | 11 SHOULD BE COMPELLED:

8 |     The Discovery Master has already ruled that Larian must respond to this
9 | Request.  See Discovery Master Order No. 66, dated September 17, 2009, at 7.[288]

10 | ████████████████████████████████████████████

11 | ████████████████████████████████████████████

12 | ██████████████████████████████████   Id.

13 | In addition, the Court expressly ruled that the issues surrounding the Larian-
14 | O'Connor email remain open for discovery and adjudication going forward.  See
15 | September 22, 2009 Order at 1-2.[289]  Among other things, this Request is directly
16 | relevant to whether Larian committed perjury in his Phase 1 trial testimony.  It is
17 | also relevant to the decision to withhold the email, which constitutes the RICO
18 | predicate of obstruction of justice.  See United States v. Lench, 806 F.2d 1443, 1445
19 | (9th Cir. 1986) (that defendant "failed to provide the information requested and
20 | lied" about it "is all that is necessary to obstruct justice").

21 |     Larian's "vagueness" objection is disingenuous.  Larian knows full well what
22 | "the document" means.  See Pulsecard, Inc. v. Discover Card Servs., Inc., 168
23 | F.R.D. 295, 310 (D. Kan. 1996) (overruling vague and ambiguous objections
24 | because "[r]espondents should exercise reason and common sense to attribute
25 | ordinary definitions to terms and phrases utilized in interrogatories.").  Larian

26 |

27 | [288]   Watson Decl., Ex. 1.

28 |

1 | produced an incomplete version of the Larian-O'Connor email and logged it on his
2 | privilege log.  Moreover, Larian's current counsel specifically produced the full
3 | Larian-O'Connor email as a document it believed had previously been improperly
4 | withheld on privilege grounds.  Larian cannot now pretend to be unaware of these
5 | facts.  The Request appropriately seeks the knowledge of the MGA Parties, Larian,
6 | and their counsel.  A recipient of requests for admission is required to respond
7 | informed by the knowledge of its counsel.  Christian v. Janed Enterprises, Inc., 2009
8 | WL 1796074, at *2 (M.D. Ga. June 23, 2009) (party required to answer requests for
9 | admission with knowledge in possession of the party and its counsel); Hise v
10 | Lockwood Grader Corp., 153 F Supp 276, 278 (D. Neb. 1957) (plaintiff required to
11 | respond to requests for admission with facts only in the possession of counsel).

12 | Larian's "legal conclusion" objection fares no better.  The prior Discovery
13 | Master repeatedly overruled the exact same "legal conclusion" objections Larian
14 | asserts here.  In compelling Bryant to respond to RFAs related to his opinions about
15 | the enforceability of his employment contract with Mattel and the copyrights related
16 | to Bratz, the Discovery Master overruled Bryant's privilege and "legal conclusion"
17 | objections and ruled that "requests for admission calling for application of law to
18 | facts are permissible" and that "[t]he fact that Bryant may need to consult with
19 | counsel to respond to the requests does not make the response privileged."[290]
20 | Similarly, the Discovery Master compelled MGA to respond to RFAs seeking
21 | information about MGA's copyright registrations and the accuracy of MGA's
22 | statements to the press, emphasizing that "requests calling for legal conclusions are
23 | permissible" so long as they are related to the facts of the case.[291]  The Discovery
24 | Master also reiterated that it is immaterial that MGA may need to consult with

25 |

---

26 | [289] Watson Decl., Ex. 42.
27 | [290] Discovery Master Order, dated August 20, 2007, at 6, Watson Decl., Ex. 32.
   | [291] Discovery Master Order, dated August 21, 2007, at 7, Watson Decl., Ex. 31.
28 |

1   counsel to answer the RFAs because "[t]o hold otherwise would effectively gut the
2   provisions of Rule 36 authorizing requests that call for the application of law to
3   fact." Id.

4          Even had it not been already overruled, Larian's privilege objection is
5   baseless.  This Request simply asks Larian to admit that the Larian-O'Connor email
6   is not protected by the work product doctrine.   The question clearly does not
7   implicate the privilege or work product.  It is black letter law that "questions related
8   to the existence of attorney-client communications" are not protected by the
9   privilege.   Markwest Hydrocarbon, Inc. v. Liberty Mutual Ins. Co., 2007 WL
10  1106105, at *4 (D. Colo. April 12, 2007); see also New Jersey v. Sprint Corp., 2009
11  WL 1917412, at *18 (D. Kan. July 2, 2009) ("Questions regarding the existence,
12  extent, or waiver of an attorney-client privilege or work-product immunity are not
13  themselves privileged or protected");   B.F.G. of Illinois, Inc. v. Ameritech Corp.,
14  2001 WL 1414468, at *4 (N.D. Ill. Nov. 13, 2001) ("plaintiffs' counsel's proper
15  questions regarding foundational facts going to the assertion of privilege were
16  improperly objected to and the witness instructed not to answer"); Malletier v.
17  Dooney & Bourke, Inc., 2006 WL 3851150, at *1 (S.D.N.Y. Dec. 18, 2006)
18  (declarations submitted to support claim of privilege were improperly redacted
19  because "plaintiff has effectively eliminated from the declarations much of the basic
20  information that would be required to appear on a privilege log, together with the
21  foundational facts that its adversary would be entitled to discover in order to test a
22  privilege claim.").

23         Larian has already conceded the fact sought by this Request.  ▮▮▮
24  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
25  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, ▮▮▮▮▮▮▮
26
27
28

1      ███████████████████████████████████████."[292]  Larian

2 cannot concede facts to the Court for the purposes of avoiding sanctions, then refuse

3 to admit them for purposes of discovery.  Notably, although Larian conceded these

4 facts at the September 22, 2009 hearing, Mattel is nonetheless entitled to receive

5 admissions as to these facts.  Admissions, unlike pleadings or other evidentiary

6 statements, are "binding upon the party making them.  They may not be

7 controverted at trial or on appeal.  Indeed, they are 'not evidence at all but rather

8 have the effect of withdrawing a fact from contention.'"  Keller v. Untied States, 58

9 F.3d 1194, 1198 n.8 (7th Cir. 1995) (quoting Michael H. Graham, Federal Practice

10 and Procedure: Evidence § 6726).

11      Larian's objection as to burden and oppression is frivolous.  See A. Farber and

12 Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or

13 boilerplate objections such as 'overly burdensome and harassing' are improper –

14 especially when a party fails to submit any evidentiary declarations supporting such

15 objections").  There is no conceivable burden in admitting a fact Larian has already

16 conceded on the record; and indeed, Larian provides no basis for the burden

17 objection, as required.  See Discovery Master Order No. 17, dated April 14, 2009, at

18 20 (overruling objections not stated with specificity);[293]  Jackson v. Montgomery

19 Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) (party claiming a

20 discovery request is "unduly burdensome must allege specific facts which indicate

21 the nature and extent of the burden, usually by affidavit or other reliable evidence");

22 Horsewood v. Kids "R" Us, 1998 WL 526589, at *4 (D. Kan. Aug. 13, 1998)

23 ("Mere assertions by plaintiff of harassment and intimidation provide no evidence of

24 undue burden."); Bible v. Rio Props., Inc., 246 F.R.D. 614, 618 (C.D. Cal. 2007)

25 ("Contrary to defendant's assertion, the party who resists discovery has the burden to

26

27    [292]   Sealed Hearing Tr. at 4:19-24; 8:17-9:11; 11:14-22, Watson Decl., Ex. 27.

28

1   show discovery should not be allowed, and has the burden of clarifying, explaining,
2   and supporting its objections."); Discovery Master Order No. 46, dated August 14,
3   2009, at 33 ("[T]he party claiming that a discovery request is unduly burdensome
4   must allege specific facts which indicate the nature and extent of the burden, usually
5   by affidavit or other reliable evidence.") (citing Jackson v. Montgomery Ward &
6   Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997)).

7       Lastly, Larian objects to "any instructions or definitions that seek to impose
8   requirements in addition to those imposed by the Federal Rules of Civil Procedure
9   or any applicable local rule." Mattel's RFAs did not include instructions, so Larian's
10  boilerplate objection on that ground makes no sense.   Nor does Larian specify
11  which, if any, of the four definitions in Mattel's requests is improper, much less
12  provide any basis for the objection.   Mattel's definitions are proper and Larian's
13  boilerplate objection should be overruled.

14

15  REQUEST FOR ADMISSION NO. 12:

16      Admit that the document attached hereto as Exhibit 1 never was protected by
17  attorney-client privilege.

18

19  RESPONSE TO REQUEST FOR ADMISSION NO. 12:

20      Mr. Larian objects to the request as vague and ambiguous in its use of the
21  phrase "the document" because "the document" contains a series of emails certain of
22  which were marked as trial exhibits and, therefore, Mr. Larian assumes that "the
23  document" means any portions of the email that were not marked as a trial exhibit.
24  As such, Mr. Larian objects to the request as it seeks disclosure of information that
25  is protected by the attorney-client privilege and/or work product doctrine in that

26  _____

27  [293]   Watson Decl., Ex. 37.

28

1  Mr. Larian's knowledge concerning the scope and nature of the attorney-client
2  privilege as applied to Exhibit 1 to the request has been gained by and through
3  communications with his counsel. Mr. Larian additionally objects to this request on
4  the grounds that it calls for a legal conclusion. Mr. Larian objects to the request to
5  the extent it seeks information not relevant to the claims or defenses of any party to
6  this action and not reasonably calculated to lead to the discovery of admissible
7  evidence. Mr. Larian objects to the request to the extent it is unduly burdensome and
8  oppressive. In responding, Mr. Larian has not and will not comply with any
9  instructions or definitions that seek to impose requirements in addition to those
10  imposed by the Federal Rules of Civil Procedure or any applicable local rule.
11  Mr. Larian reserves the right to object on any ground at any time to such other and
12  supplemental discovery requests as Mattel may propound involving or relating to
13  the same subject matter(s) of the request. Mr. Larian objects to the definitions and
14  instructions to the extent such definitions and instructions purport to enlarge,
15  expand, or alter in any way the plain meaning and scope of any specific term or
16  specific requests on the grounds that such enlargement, expansion or alteration
17  renders such a term or request vague, ambiguous, unintelligible, overly broad,
18  unduly burdensome, uncertain or otherwise open to interpretation.
19
20  REASON WHY FURTHER RESPONSE TO REQUEST FOR ADMISSION NO.
21  12 SHOULD BE COMPELLED:
22      The Discovery Master has already ruled that Larian must respond to this
23  Request. See Discovery Master Order No. 66, dated September 17, 2009, at 7.[294]
24
25
26
27  [294]  Watson Decl., Ex. 1.
28

1  ████████████████████████████████████████████  Id.

2  In addition, the Court expressly ruled that the issues surrounding the Larian-

3  O'Connor email remain open for discovery and adjudication going forward. <u>See</u>

4  September 22, 2009 Order at 1-2.[295]  Among other things, this Request is directly

5  relevant to whether Larian committed perjury in his Phase 1 trial testimony.  It is

6  also relevant to the decision to withhold the email, which constitutes the RICO

7  predicate of obstruction of justice. <u>See</u> <u>United States v. Lench</u>, 806 F.2d 1443, 1445

8  (9th Cir. 1986) (that defendant "failed to provide the information requested and

9  lied" about it "is all that is necessary to obstruct justice").

10       Larian's "vagueness" objection is disingenuous.  Larian knows full well what

11  "the document" means.  <u>See</u> <u>Pulsecard, Inc. v. Discover Card Servs., Inc.</u>, 168

12  F.R.D. 295, 310 (D. Kan. 1996) (overruling vague and ambiguous objections

13  because "[r]espondents should exercise reason and common sense to attribute

14  ordinary definitions to terms and phrases utilized in interrogatories.").  Larian

15  produced an incomplete version of the Larian-O'Connor email and logged it on its

16  privilege log.  Moreover, Larian's current counsel specifically produced the full

17  Larian-O'Connor email as a document it believed had previously been improperly

18  withheld on privilege grounds.  Larian cannot now pretend to be unaware of these

19  facts.  The Request appropriately seeks the knowledge of the MGA Parties, Larian,

20  and their counsel.  A recipient of requests for admission is required to respond

21  informed by the knowledge of its counsel. <u>Christian v. Janed Enterprises, Inc.</u>, 2009

22  WL 1796074, at *2 (M.D. Ga. June 23, 2009) (party required to answer requests for

23  admission with knowledge in possession of the party and its counsel); <u>Hise v</u>

24  <u>Lockwood Grader Corp.</u>, 153 F Supp 276, 278 (D. Neb. 1957) (plaintiff required to

25  respond to requests for admission with facts only in the possession of counsel).

26

27  [295]  Watson Decl., Ex. 42.

28

Larian's "legal conclusion" objection fares no better. The prior Discovery Master repeatedly overruled the exact same "legal conclusion" objections Larian asserts here. In compelling Bryant to respond to RFAs related to his opinions about the enforceability of his employment contract with Mattel and the copyrights related to Bratz, the Discovery Master overruled Bryant's privilege and "legal conclusion" objections and ruled that "requests for admission calling for application of law to facts are permissible" and that "[t]he fact that Bryant may need to consult with counsel to respond to the requests does not make the response privileged."[296] Similarly, the Discovery Master compelled MGA to respond to RFAs seeking information about MGA's copyright registrations and the accuracy of MGA's statements to the press, emphasizing that "requests calling for legal conclusions are permissible" so long as they are related to the facts of the case.[297] The Discovery Master also reiterated that it is immaterial that MGA may need to consult with counsel to answer the RFAs because "[t]o hold otherwise would effectively gut the provisions of Rule 36 authorizing requests that call for the application of law to fact." Id.

Even had it not been already overruled, Larian's privilege objection is baseless. This Request simply asks Larian to admit that the Larian-O'Connor email never was protected by attorney-client privilege. The question clearly does not implicate the privilege or work product. It is black letter law that "questions related to the existence of attorney-client communications" are not protected by the privilege. Markwest Hydrocarbon, Inc. v. Liberty Mutual Ins. Co., 2007 WL 1106105, at *4 (D. Colo. April 12, 2007); see also New Jersey v. Sprint Corp., 2009 WL 1917412, at *18 (D. Kan. July 2, 2009) ("Questions regarding the existence, extent, or waiver of an attorney-client privilege or work-product immunity are not

---

[296]   Discovery Master Order, dated August 20, 2007, at 6, Watson Decl., Ex. 32.

STATEMENT ISO MATTEL'S MOTION TO COMPEL MGA'S RESPONSE TO RFAS

00505.07975/3180667.1

1 | themselves privileged or protected"); <u>B.F.G. of Illinois, Inc. v. Ameritech Corp.</u>,
2 | 2001 WL 1414468, at *4 (N.D. Ill. Nov. 13, 2001) ("plaintiffs' counsel's proper
3 | questions regarding foundational facts going to the assertion of privilege were
4 | improperly objected to and the witness instructed not to answer"); <u>Malletier v.
5 | Dooney & Bourke, Inc.</u>, 2006 WL 3851150, at *1 (S.D.N.Y. Dec. 18, 2006)
6 | (declarations submitted to support claim of privilege were improperly redacted
7 | because "plaintiff has effectively eliminated from the declarations much of the basic
8 | information that would be required to appear on a privilege log, together with the
9 | foundational facts that its adversary would be entitled to discover in order to test a
10 | privilege claim.").

11 | Larian has already conceded the fact sought by this Request. ███████
12 | ████████████████████████████████████████████████████
13 | ███████████████████████████, ████████████████████
14 | ██████████████████████████████████."[298]   Larian
15 | cannot concede facts to the Court for the purposes of avoiding sanctions, then refuse
16 | to admit them for purposes of discovery.  Notably, although Larian conceded these
17 | facts at the September 22, 2009 hearing, Mattel is nonetheless entitled to receive
18 | admissions as to these facts.  Admissions, unlike pleadings or other evidentiary
19 | statements, are "binding upon the party making them.  They may not be
20 | controverted at trial or on appeal.  Indeed, they are 'not evidence at all but rather
21 | have the effect of withdrawing a fact from contention.'" <u>Keller v. Untied States</u>, 58
22 | F.3d 1194, 1198 n.8 (7th Cir. 1995) (quoting Michael H. Graham, Federal Practice
23 | and Procedure: Evidence § 6726).

24 | Larian's objection as to burden and oppression is frivolous.  <u>See A. Farber and
25 | Partners, Inc. v. Garber</u>, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or
26 |
27 | ───────────────
   | [297]  Discovery Master Order, dated August 21, 2007, at 7, Watson Decl., Ex. 31.
28 |

1  boilerplate objections such as 'overly burdensome and harassing' are improper –
2  especially when a party fails to submit any evidentiary declarations supporting such
3  objections").  There is no conceivable burden in admitting a fact Larian has already
4  conceded on the record; and indeed, Larian provides no basis for the burden
5  objection, as required.  <u>See</u> Discovery Master Order No. 17, dated April 14, 2009, at
6  20 (overruling objections not stated with specificity);[299] <u>Jackson v. Montgomery</u>
7  <u>Ward & Co., Inc.</u>, 173 F.R.D. 524, 528-29 (D. Nev. 1997) (party claiming a
8  discovery request is "unduly burdensome must allege specific facts which indicate
9  the nature and extent of the burden, usually by affidavit or other reliable evidence");
10  <u>Horsewood v. Kids "R" Us</u>, 1998 WL 526589, at *4 (D. Kan. Aug. 13, 1998)
11  ("Mere assertions by plaintiff of harassment and intimidation provide no evidence of
12  undue burden.");  <u>Bible v. Rio Props., Inc.</u>, 246 F.R.D. 614, 618 (C.D. Cal. 2007)
13  ("Contrary to defendant's assertion, the party who resists discovery has the burden to
14  show discovery should not be allowed, and has the burden of clarifying, explaining,
15  and supporting its objections.");  Discovery Master Order No. 46, dated August 14,
16  2009, at 33 ("[T]he party claiming that a discovery request is unduly burdensome
17  must allege specific facts which indicate the nature and extent of the burden, usually
18  by affidavit or other reliable evidence.") (citing <u>Jackson v. Montgomery Ward &</u>
19  <u>Co., Inc.</u>, 173 F.R.D. 524, 528-29 (D. Nev. 1997)).

20      Lastly, Larian objects to "any instructions or definitions that seek to impose
21  requirements in addition to those imposed by the Federal Rules of Civil Procedure
22  or any applicable local rule."  Mattel's RFAs did not include instructions, so Larian's
23  boilerplate objection on that ground makes no sense.  Nor does Larian specify
24  which, if any, of the four definitions in Mattel's requests is improper, much less

---

[298]  Sealed Hearing Tr. at 4:19-24; 8:17-9:11; 11:14-22, Watson Decl., Ex. 27.
[299]  Watson Decl., Ex. 37.

STATEMENT ISO MATTEL'S MOTION TO COMPEL MGA'S RESPONSE TO RFAS

00505.07975/3180667.1

1  provide any basis for the objection.  Mattel's definitions are proper and Larian's
2  boilerplate objection should be overruled.

3

4  REQUEST FOR ADMISSION NO. 13:

5       Admit that the document attached hereto as Exhibit 1 was never protected by
6  the work product doctrine.

7

8  RESPONSE TO REQUEST FOR ADMISSION NO. 13:

9       Mr. Larian objects to the request as vague and ambiguous in its use of the
10 phrase "the document" because "the document" contains a series of emails certain of
11 which were marked as trial exhibits and, therefore, Mr. Larian assumes that "the
12 document" means any portions of the email that were not marked as a trial exhibit.
13 As such, Mr. Larian objects to the request as it seeks disclosure of information that
14 is protected by the attorney-client privilege and/or work product doctrine in that Mr.
15 Larian's knowledge concerning the scope and nature of the work product doctrine as
16 applied to Exhibit 1 to the request has been gained by and through communications
17 with his counsel. Mr. Larian additionally objects to this request on the grounds that
18 it calls for a legal conclusion. Mr. Larian objects to the request to the extent it seeks
19 information not relevant to the claims or defenses of any party to this action and not
20 reasonably calculated to lead to the discovery of admissible evidence. Mr. Larian
21 objects to the request to the extent it is unduly burdensome and oppressive. In
22 responding, Mr. Larian has not and will not comply with any instructions or
23 definitions that seek to impose requirements in addition to those imposed by the
24 Federal Rules of Civil Procedure or any applicable local rule. Mr. Larian reserves
25 the right to object on any ground at any time to such other and supplemental
26 discovery requests as Mattel may propound involving or relating to the same subject
27 matter(s) of the request. Mr. Larian objects to the definitions and instructions to the
28 extent such definitions and instructions purport to enlarge, expand, or alter in any

1  way the plain meaning and scope of any specific term or specific requests on the

2  grounds that such enlargement, expansion or alteration renders such a term or

3  request vague, ambiguous, unintelligible, overly broad, unduly burdensome,

4  uncertain or otherwise open to interpretation.

5

6  REASON WHY FURTHER RESPONSE TO REQUEST FOR ADMISSION NO.

7  13 SHOULD BE COMPELLED:

8      The Discovery Master has already ruled that Larian must respond to this

9  Request.  See Discovery Master Order No. 66, dated September 17, 2009, at 7.[300]

10  ████████████████████████████████████████████████████████████

11  ████████████████████████████████████████████████████████████

12  ██████████████████████████████████████████████████  Id.

13  In addition, the Court expressly ruled that the issues surrounding the Larian-

14  O'Connor email remain open for discovery and adjudication going forward.  See

15  September 22, 2009 Order at 1-2.[301]  Among other things, this Request is directly

16  relevant to whether Larian committed perjury in his Phase 1 trial testimony.  It is

17  also relevant to the decision to withhold the email, which constitutes the RICO

18  predicate of obstruction of justice.  See United States v. Lench, 806 F.2d 1443, 1445

19  (9th Cir. 1986) (that defendant "failed to provide the information requested and

20  lied" about it "is all that is necessary to obstruct justice").

21      Larian's "vagueness" objection is disingenuous.  Larian knows full well what

22  "the document" means.  See Pulsecard, Inc. v. Discover Card Servs., Inc., 168

23  F.R.D. 295, 310 (D. Kan. 1996) (overruling vague and ambiguous objections

24  because "[r]espondents should exercise reason and common sense to attribute

25  ordinary definitions to terms and phrases utilized in interrogatories.").  Larian

26

27  [300]  Watson Decl., Ex. 1.

28

1   produced an incomplete version of the Larian-O'Connor email and logged it on its

2   privilege log.   Moreover, Larian's current counsel specifically produced the full

3   Larian-O'Connor email as a document it believed had previously been improperly

4   withheld on privilege grounds.   Larian cannot now pretend to be unaware of these

5   facts.   The Request appropriately seeks the knowledge of the MGA Parties, Larian,

6   and their counsel.   A recipient of requests for admission is required to respond

7   informed by the knowledge of its counsel.   Christian v. Janed Enterprises, Inc., 2009

8   WL 1796074, at *2 (M.D. Ga. June 23, 2009) (party required to answer requests for

9   admission with knowledge in possession of the party and its counsel); Hise v

10  Lockwood Grader Corp., 153 F Supp 276, 278 (D. Neb. 1957) (plaintiff required to

11  respond to requests for admission with facts only in the possession of counsel).

12         Larian's "legal conclusion" objection fares no better.   The prior Discovery

13  Master repeatedly overruled the exact same "legal conclusion" objections Larian

14  asserts here.   In compelling Bryant to respond to RFAs related to his opinions about

15  the enforceability of his employment contract with Mattel and the copyrights related

16  to Bratz, the Discovery Master overruled Bryant's privilege and "legal conclusion"

17  objections and ruled that "requests for admission calling for application of law to

18  facts are permissible" and that "[t]he fact that Bryant may need to consult with

19  counsel to respond to the requests does not make the response privileged."[302]

20  Similarly, the Discovery Master compelled MGA to respond to RFAs seeking

21  information about MGA's copyright registrations and the accuracy of MGA's

22  statements to the press, emphasizing that "requests calling for legal conclusions are

23  permissible" so long as they are related to the facts of the case.[303]   The Discovery

24  Master also reiterated that it is immaterial that MGA may need to consult with

25

26  [301]   Watson Decl., Ex. 42.

27  [302]   Discovery Master Order, dated August 20, 2007, at 6, Watson Decl., Ex. 32.
    [303]   Discovery Master Order, dated August 21, 2007, at 7, Watson Decl., Ex. 31.

28

STATEMENT ISO MATTEL'S MOTION TO COMPEL MGA'S RESPONSE TO RFAS

1  counsel to answer the RFAs because "[t]o hold otherwise would effectively gut the
2  provisions of Rule 36 authorizing requests that call for the application of law to
3  fact." Id.

4  　　　Even had it not been already overruled, Larian's privilege objection is
5  baseless.  This Request simply asks Larian to admit that there was no basis for
6  withholding the document on attorney-client privilege grounds.  Larian placed the
7  document on his privilege log; if he did so without believing the document was
8  protected by the privilege, Mattel is entitled to know that.  On the other hand, if
9  Larian believed then that the document was privileged, that goes directly to crime-
10  fraud and waiver issues, as well as issues regarding Larian's perjury at trial and
11  MGA's obstruction of justice.  It is black letter law that "questions related to the
12  existence of attorney-client communications" are not protected by the privilege.
13  Markwest Hydrocarbon, Inc. v. Liberty Mutual Ins. Co., 2007 WL 1106105, at *4
14  (D. Colo. April 12, 2007); see also New Jersey v. Sprint Corp., 2009 WL 1917412,
15  at *18 (D. Kan. July 2, 2009) ("Questions regarding the existence, extent, or waiver
16  of an attorney-client privilege or work-product immunity are not themselves
17  privileged or protected");  B.F.G. of Illinois, Inc. v. Ameritech Corp., 2001 WL
18  1414468, at *4 (N.D. Ill. Nov. 13, 2001) ("plaintiffs' counsel's proper questions
19  regarding foundational facts going to the assertion of privilege were improperly
20  objected to and the witness instructed not to answer"); Malletier v. Dooney &
21  Bourke, Inc., 2006 WL 3851150, at *1 (S.D.N.Y. Dec. 18, 2006) (declarations
22  submitted to support claim of privilege were improperly redacted because "plaintiff
23  has effectively eliminated from the declarations much of the basic information that
24  would be required to appear on a privilege log, together with the foundational facts
25  that its adversary would be entitled to discover in order to test a privilege claim.").

26  　　　Larian has already conceded the fact sought by this Request. █████
27  ████████████████████████████████████████
28  █████████████████████████████, ███████████

00505.07975/3180667.1

1 ███████████████████████████████████████████."[304]   Larian

2 cannot concede facts to the Court for the purposes of avoiding sanctions, then refuse

3 to admit them for purposes of discovery.  Notably, although Larian conceded these

4 facts at the September 22, 2009 hearing, Mattel is nonetheless entitled to receive

5 admissions as to these facts.  Admissions, unlike pleadings or other evidentiary

6 statements, are "binding upon the party making them.  They may not be

7 controverted at trial or on appeal.  Indeed, they are 'not evidence at all but rather

8 have the effect of withdrawing a fact from contention.'"  Keller v. Untied States, 58

9 F.3d 1194, 1198 n.8 (7th Cir. 1995) (quoting Michael H. Graham, Federal Practice

10 and Procedure: Evidence § 6726).

11     Larian's objection as to burden and oppression is frivolous.  See A. Farber and

12 Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or

13 boilerplate objections such as 'overly burdensome and harassing' are improper –

14 especially when a party fails to submit any evidentiary declarations supporting such

15 objections").  There is no conceivable burden in admitting a fact Larian has already

16 conceded on the record; and indeed, Larian provides no basis for the burden

17 objection, as required.  See Discovery Master Order No. 17, dated April 14, 2009, at

18 20 (overruling objections not stated with specificity);[305] Jackson v. Montgomery

19 Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) (party claiming a

20 discovery request is "unduly burdensome must allege specific facts which indicate

21 the nature and extent of the burden, usually by affidavit or other reliable evidence");

22 Horsewood v. Kids "R" Us, 1998 WL 526589, at *4 (D. Kan. Aug. 13, 1998)

23 ("Mere assertions by plaintiff of harassment and intimidation provide no evidence of

24 undue burden."); Bible v. Rio Props., Inc., 246 F.R.D. 614, 618 (C.D. Cal. 2007)

25 ("Contrary to defendant's assertion, the party who resists discovery has the burden to

26

27     [304]  Sealed Hearing Tr. at 4:19-24; 8:17-9:11; 11:14-22, Watson Decl., Ex. 27.

28

1  show discovery should not be allowed, and has the burden of clarifying, explaining,

2  and supporting its objections."); Discovery Master Order No. 46, dated August 14,

3  2009, at 33 ("[T]he party claiming that a discovery request is unduly burdensome

4  must allege specific facts which indicate the nature and extent of the burden, usually

5  by affidavit or other reliable evidence.") (citing <u>Jackson v. Montgomery Ward &</u>

6  <u>Co., Inc.</u>, 173 F.R.D. 524, 528-29 (D. Nev. 1997)).

7       Lastly, Larian objects to "any instructions or definitions that seek to impose

8  requirements in addition to those imposed by the Federal Rules of Civil Procedure

9  or any applicable local rule." Mattel's RFAs did not include instructions, so Larian's

10  boilerplate objection on that ground makes no sense.  Nor does Larian specify

11  which, if any, of the four definitions in Mattel's requests is improper, much less

12  provide any basis for the objection.  Mattel's definitions are proper and Larian's

13  boilerplate objection should be overruled.

14

15  REQUEST FOR ADMISSION NO. 14:

16       Admit that YOU knew the document attached hereto as Exhibit 1 never was

17  protected by attorney-client privilege.

18

19  RESPONSE TO REQUEST FOR ADMISSION NO. 14:

20       Mr. Larian objects to the request as vague and ambiguous in its use of the

21  phrase "the document" because "the document" contains a series of emails certain of

22  which were marked as trial exhibits and, therefore, Mr. Larian assumes that "the

23  document" means any portions of the email that were not marked as a trial exhibit.

24  As such, Mr. Larian objects to the request as it seeks disclosure of information that

25  is protected by the attorney-client privilege and/or work product doctrine in that

26

27  [305]   Watson Decl., Ex. 37.

28

1   Mr. Larian's knowledge concerning the scope and nature of the attorney-client
2   privilege as applied to Exhibit 1 to the request has been gained by and through
3   communications with his counsel. Mr. Larian additionally objects to this request on
4   the grounds that it calls for a legal conclusion. Mr. Larian objects to the request to
5   the extent it seeks information not relevant to the claims or defenses of any party to
6   this action and not reasonably calculated to lead to the discovery of admissible
7   evidence. Mr. Larian objects to the request to the extent it is unduly burdensome and
8   oppressive. In responding, Mr. Larian has not and will not comply with any
9   instructions or definitions that seek to impose requirements in addition to those
10  imposed by the Federal Rules of Civil Procedure or any applicable local rule. Mr.
11  Larian reserves the right to object on any ground at any time to such other and
12  supplemental discovery requests as Mattel may propound involving or relating to
13  the same subject matter(s) of the request. Mr. Larian objects to the definitions and
14  instructions to the extent such definitions and instructions purport to enlarge,
15  expand, or alter in any way the plain meaning and scope of any specific term or
16  specific requests on the grounds that such enlargement, expansion or alteration
17  renders such a term or request vague, ambiguous, unintelligible, overly broad,
18  unduly burdensome, uncertain or otherwise open to interpretation.
19
20  REASON WHY FURTHER RESPONSE TO REQUEST FOR ADMISSION NO.
21  14 SHOULD BE COMPELLED:
22      The Discovery Master has already ruled that Larian must respond to this
23  Request. See Discovery Master Order No. 66, dated September 17, 2009, at 7.[306]
24  ███████████████████████████████████████████████████
25  ███████████████████████████████████████████████████
26
27  [306]  Watson Decl., Ex. 1.
28

1   ████████████████████████████████████████████████ Id.

2   In addition, the Court expressly ruled that the issues surrounding the Larian-

3   O'Connor email remain open for discovery and adjudication going forward. <u>See</u>

4   September 22, 2009 Order at 1-2.[307]   Among other things, this Request is directly

5   relevant to whether Larian committed perjury in his Phase 1 trial testimony.  It is

6   also relevant to the decision to withhold the email, which constitutes the RICO

7   predicate of obstruction of justice. <u>See</u> <u>United States v. Lench</u>, 806 F.2d 1443, 1445

8   (9th Cir. 1986) (that defendant "failed to provide the information requested and

9   lied" about it "is all that is necessary to obstruct justice").

10          Larian's "vagueness" objection is disingenuous.  Larian knows full well what

11  "the document" means.  <u>See</u> <u>Pulsecard, Inc. v. Discover Card Servs., Inc.</u>, 168

12  F.R.D. 295, 310 (D. Kan. 1996) (overruling vague and ambiguous objections

13  because "[r]espondents should exercise reason and common sense to attribute

14  ordinary definitions to terms and phrases utilized in interrogatories.").   Larian

15  produced an incomplete version of the Larian-O'Connor email and logged it on its

16  privilege log.  Moreover, Larian's current counsel specifically produced the full

17  Larian-O'Connor email as a document it believed had previously been improperly

18  withheld on privilege grounds.  Larian cannot now pretend to be unaware of these

19  facts. The Request appropriately seeks the knowledge of the MGA Parties, Larian,

20  and their counsel.  A recipient of requests for admission is required to respond

21  informed by the knowledge of its counsel. <u>Christian v. Janed Enterprises, Inc.</u>, 2009

22  WL 1796074, at *2 (M.D. Ga. June 23, 2009) (party required to answer requests for

23  admission with knowledge in possession of the party and its counsel); <u>Hise v</u>

24  <u>Lockwood Grader Corp.</u>, 153 F Supp 276, 278 (D. Neb. 1957) (plaintiff required to

25  respond to requests for admission with facts only in the possession of counsel).

26

27     [307]   Watson Decl., Ex. 42.

28

1    Larian's "legal conclusion" objection fares no better.  The prior Discovery

2   Master repeatedly overruled the exact same "legal conclusion" objections Larian

3   asserts here.  In compelling Bryant to respond to RFAs related to his opinions about

4   the enforceability of his employment contract with Mattel and the copyrights related

5   to Bratz, the Discovery Master overruled Bryant's privilege and "legal conclusion"

6   objections and ruled that "requests for admission calling for application of law to

7   facts are permissible" and that "[t]he fact that Bryant may need to consult with

8   counsel to respond to the requests does not make the response privileged."[308]

9   Similarly, the Discovery Master compelled MGA to respond to RFAs seeking

10  information about MGA's copyright registrations and the accuracy of MGA's

11  statements to the press, emphasizing that "requests calling for legal conclusions are

12  permissible" so long as they are related to the facts of the case.[309]  The Discovery

13  Master also reiterated that it is immaterial that MGA may need to consult with

14  counsel to answer the RFAs because "[t]o hold otherwise would effectively gut the

15  provisions of Rule 36 authorizing requests that call for the application of law to

16  fact."  Id.

17    Even had it not been already overruled, Larian's privilege objection is

18  baseless.  This Request simply asks Larian to admit that he knew the document was

19  not protected by the attorney-client privilege.  Larian placed the document on his

20  privilege log; if he did so without believing the document was protected by the

21  privilege, Mattel is entitled to know that.  On the other hand, if Larian believed then

22  that the document was privileged, that goes directly to crime-fraud and waiver

23  issues, as well as issues regarding Larian's perjury at trial and MGA's obstruction of

24  justice.  It is black letter law that "questions related to the existence of attorney-

25  client communications" are not protected by the privilege.  Markwest Hydrocarbon,

26

27  [308]   Discovery Master Order, dated August 20, 2007, at 6, Watson Decl., Ex. 32.

28

1  Inc. v. Liberty Mutual Ins. Co., 2007 WL 1106105, at *4 (D. Colo. April 12, 2007);

2  see also New Jersey v. Sprint Corp., 2009 WL 1917412, at *18 (D. Kan. July 2,

3  2009) ("Questions regarding the existence, extent, or waiver of an attorney-client

4  privilege or work-product immunity are not themselves privileged or protected");

5  B.F.G. of Illinois, Inc. v. Ameritech Corp., 2001 WL 1414468, at *4 (N.D. Ill. Nov.

6  13, 2001) ("plaintiffs' counsel's proper questions regarding foundational facts going

7  to the assertion of privilege were improperly objected to and the witness instructed

8  not to answer"); Malletier v. Dooney & Bourke, Inc., 2006 WL 3851150, at *1

9  (S.D.N.Y. Dec. 18, 2006) (declarations submitted to support claim of privilege were

10  improperly redacted because "plaintiff has effectively eliminated from the

11  declarations much of the basic information that would be required to appear on a

12  privilege log, together with the foundational facts that its adversary would be

13  entitled to discover in order to test a privilege claim.").

14       Larian has already conceded the fact sought by this Request. ████████

15  ████████████████████████████████████████████████████████████████

16  ████████████████████████████,  ████████████████████████████████

17  ████████████████████████████████████████████████."[310]  Larian

18  cannot concede facts to the Court for the purposes of avoiding sanctions, then refuse

19  to admit them for purposes of discovery.  Notably, although Larian conceded these

20  facts at the September 22, 2009 hearing, Mattel is nonetheless entitled to receive

21  admissions as to these facts.  Admissions, unlike pleadings or other evidentiary

22  statements, are "binding upon the party making them.  They may not be

23  controverted at trial or on appeal.  Indeed, they are 'not evidence at all but rather

24  have the effect of withdrawing a fact from contention.'"  Keller v. Untied States, 58

25

26

27       [309] Discovery Master Order, dated August 21, 2007, at 7, Watson Decl., Ex. 31.
         [310] Sealed Hearing Tr. at 4:19-24; 8:17-9:11; 11:14-22, Watson Decl., Ex. 27.

28

1  F.3d 1194, 1198 n.8 (7th Cir. 1995) (quoting Michael H. Graham, Federal Practice
2  and Procedure: Evidence § 6726).

3      Larian's objection as to burden and oppression is frivolous. See A. Farber and
4  Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or
5  boilerplate objections such as 'overly burdensome and harassing' are improper –
6  especially when a party fails to submit any evidentiary declarations supporting such
7  objections").  There is no conceivable burden in admitting a fact Larian has already
8  conceded on the record; and indeed, Larian provides no basis for the burden
9  objection, as required. See Discovery Master Order No. 17, dated April 14, 2009, at
10  20 (overruling objections not stated with specificity);[311] Jackson v. Montgomery
11  Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) (party claiming a
12  discovery request is "unduly burdensome must allege specific facts which indicate
13  the nature and extent of the burden, usually by affidavit or other reliable evidence");
14  Horsewood v. Kids "R" Us, 1998 WL 526589, at *4 (D. Kan. Aug. 13, 1998)
15  ("Mere assertions by plaintiff of harassment and intimidation provide no evidence of
16  undue burden."); Bible v. Rio Props., Inc., 246 F.R.D. 614, 618 (C.D. Cal. 2007)
17  ("Contrary to defendant's assertion, the party who resists discovery has the burden to
18  show discovery should not be allowed, and has the burden of clarifying, explaining,
19  and supporting its objections."); Discovery Master Order No. 46, dated August 14,
20  2009, at 33 ("[T]he party claiming that a discovery request is unduly burdensome
21  must allege specific facts which indicate the nature and extent of the burden, usually
22  by affidavit or other reliable evidence.") (citing Jackson v. Montgomery Ward &
23  Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997)).

24      Lastly, Larian objects to "any instructions or definitions that seek to impose
25  requirements in addition to those imposed by the Federal Rules of Civil Procedure
26
27  [311]  Watson Decl., Ex. 37.
28

1    or any applicable local rule." Mattel's RFAs did not include instructions, so Larian's
2    boilerplate objection on that ground makes no sense.   Nor does Larian specify
3    which, if any, of the four definitions in Mattel's requests is improper, much less
4    provide any basis for the objection.   Mattel's definitions are proper and Larian's
5    boilerplate objection should be overruled.

6

7    REQUEST FOR ADMISSION NO. 15:

8         Admit that YOU knew the document attached hereto as Exhibit 1 never was
9    protected by the work product doctrine.

10

11   RESPONSE TO REQUEST FOR ADMISSION NO. 15:

12        Mr. Larian objects to the request as vague and ambiguous in its use of the
13   phrase "the document" because "the document" contains a series of emails certain of
14   which were marked as trial exhibits and, therefore, Mr. Larian assumes that "the
15   document" means any portions of the email that were not marked as a trial exhibit.
16   As such, Mr. Larian objects to the request as it seeks disclosure of information that
17   is protected by the attorney-client privilege and/or work product doctrine in that
18   Mr. Larian's knowledge concerning the scope and nature of the work product
19   doctrine as applied to Exhibit 1 to the request has been gained by and through
20   communications with his counsel. Mr. Larian additionally objects to this request on
21   the grounds that it calls for a legal conclusion. Mr. Larian objects to the request to
22   the extent it seeks information not relevant to the claims or defenses of any party to
23   this action and not reasonably calculated to lead to the discovery of admissible
24   evidence. Mr. Larian objects to the request to the extent it is unduly burdensome and
25   oppressive. In responding, Mr. Larian has not and will not comply with any
26   instructions or definitions that seek to impose requirements in addition to those
27   imposed by the Federal Rules of Civil Procedure or any applicable local rule. Mr.
28   Larian reserves the right to object on any ground at any time to such other and

1  supplemental discovery requests as Mattel may propound involving or relating to
2  the same subject matter(s) of the request. Mr. Larian objects to the definitions and
3  instructions to the extent such definitions and instructions purport to enlarge,
4  expand, or alter in any way the plain meaning and scope of any specific term or
5  specific requests on the grounds that such enlargement, expansion or alteration
6  renders such a term or request vague, ambiguous, unintelligible, overly broad,
7  unduly burdensome, uncertain or otherwise open to interpretation.

8

9  REASON WHY FURTHER RESPONSE TO REQUEST FOR ADMISSION NO.
10 15 SHOULD BE COMPELLED:
11      The Discovery Master has already ruled that Larian must respond to this
12 Request. See Discovery Master Order No. 66, dated September 17, 2009, at 7.[312]
13 ██████████████████████████████████████████████████████
14 ██████████████████████████████████████████████████████
15 ██████████████████████████████████████████████  Id.
16 In addition, the Court expressly ruled that the issues surrounding the Larian-
17 O'Connor email remain open for discovery and adjudication going forward. See
18 September 22, 2009 Order at 1-2.[313]  Among other things, this Request is directly
19 relevant to whether Larian committed perjury in his Phase 1 trial testimony. It is
20 also relevant to the decision to withhold the email, which constitutes the RICO
21 predicate of obstruction of justice. See United States v. Lench, 806 F.2d 1443, 1445
22 (9th Cir. 1986) (that defendant "failed to provide the information requested and
23 lied" about it "is all that is necessary to obstruct justice").
24      Larian's "vagueness" objection is disingenuous. Larian knows full well what
25 "the document" means. See Pulsecard, Inc. v. Discover Card Servs., Inc., 168

26

27  [312]  Watson Decl., Ex. 1.

28

1  F.R.D. 295, 310 (D. Kan. 1996) (overruling vague and ambiguous objections
2  because "[r]espondents should exercise reason and common sense to attribute
3  ordinary definitions to terms and phrases utilized in interrogatories."). Larian
4  produced an incomplete version of the Larian-O'Connor email and logged it on its
5  privilege log. Moreover, Larian's current counsel specifically produced the full
6  Larian-O'Connor email as a document it believed had previously been improperly
7  withheld on privilege grounds. Larian cannot now pretend to be unaware of these
8  facts. The Request appropriately seeks the knowledge of the MGA Parties, Larian,
9  and their counsel. A recipient of requests for admission is required to respond
10  informed by the knowledge of its counsel. Christian v. Janed Enterprises, Inc., 2009
11  WL 1796074, at *2 (M.D. Ga. June 23, 2009) (party required to answer requests for
12  admission with knowledge in possession of the party and its counsel); Hise v
13  Lockwood Grader Corp., 153 F Supp 276, 278 (D. Neb. 1957) (plaintiff required to
14  respond to requests for admission with facts only in the possession of counsel).

15  Larian's "legal conclusion" objection fares no better. The prior Discovery
16  Master repeatedly overruled the exact same "legal conclusion" objections Larian
17  asserts here. In compelling Bryant to respond to RFAs related to his opinions about
18  the enforceability of his employment contract with Mattel and the copyrights related
19  to Bratz, the Discovery Master overruled Bryant's privilege and "legal conclusion"
20  objections and ruled that "requests for admission calling for application of law to
21  facts are permissible" and that "[t]he fact that Bryant may need to consult with
22  counsel to respond to the requests does not make the response privileged."[314]
23  Similarly, the Discovery Master compelled MGA to respond to RFAs seeking
24  information about MGA's copyright registrations and the accuracy of MGA's
25  statements to the press, emphasizing that "requests calling for legal conclusions are
26

27  [313]  Watson Decl., Ex. 42.
28

00505.07975/3180667.1

1  permissible" so long as they are related to the facts of the case.[315]  The Discovery
2  Master also reiterated that it is immaterial that MGA may need to consult with
3  counsel to answer the RFAs because "[t]o hold otherwise would effectively gut the
4  provisions of Rule 36 authorizing requests that call for the application of law to
5  fact." Id.

6      Even had it not been already overruled, Larian's privilege objection is
7  baseless.  This Request simply asks Larian to admit that there was no basis for
8  withholding from production in this litigation the Larian-O'Connor email never was
9  protected by the work product doctrine.  The question clearly does not implicate the
10 privilege or work product.  It is black letter law that "questions related to the
11 existence of attorney-client communications" are not protected by the privilege.
12 Markwest Hydrocarbon, Inc. v. Liberty Mutual Ins. Co., 2007 WL 1106105, at *4
13 (D. Colo. April 12, 2007); see also New Jersey v. Sprint Corp., 2009 WL 1917412,
14 at *18 (D. Kan. July 2, 2009) ("Questions regarding the existence, extent, or waiver
15 of an attorney-client privilege or work-product immunity are not themselves
16 privileged or protected");  B.F.G. of Illinois, Inc. v. Ameritech Corp., 2001 WL
17 1414468, at *4 (N.D. Ill. Nov. 13, 2001) ("plaintiffs' counsel's proper questions
18 regarding foundational facts going to the assertion of privilege were improperly
19 objected to and the witness instructed not to answer"); Malletier v. Dooney &
20 Bourke, Inc., 2006 WL 3851150, at *1 (S.D.N.Y. Dec. 18, 2006) (declarations
21 submitted to support claim of privilege were improperly redacted because "plaintiff
22 has effectively eliminated from the declarations much of the basic information that
23 would be required to appear on a privilege log, together with the foundational facts
24 that its adversary would be entitled to discover in order to test a privilege claim.").

25
26
27   [314]  Discovery Master Order, dated August 20, 2007, at 6, Watson Decl., Ex. 32.
     [315]  Discovery Master Order, dated August 21, 2007, at 7, Watson Decl., Ex. 31.
28

STATEMENT ISO MATTEL'S MOTION TO COMPEL MGA'S RESPONSE TO RFAS

1    Larian has already conceded the fact sought by this Request. █████

2    ████████████████████████████████████████████████████

3    ████████████████████████████, █████████████████████████

4    ████████████████████████████."[316]   Larian

5    cannot concede facts to the Court for the purposes of avoiding sanctions, then refuse

6    to admit them for purposes of discovery. Notably, although Larian conceded these

7    facts at the September 22, 2009 hearing, Mattel is nonetheless entitled to receive

8    admissions as to these facts. Admissions, unlike pleadings or other evidentiary

9    statements, are "binding upon the party making them. They may not be

10   controverted at trial or on appeal. Indeed, they are 'not evidence at all but rather

11   have the effect of withdrawing a fact from contention.'" Keller v. Untied States, 58

12   F.3d 1194, 1198 n.8 (7th Cir. 1995) (quoting Michael H. Graham, Federal Practice

13   and Procedure: Evidence § 6726).

14       Larian's objection as to burden and oppression is frivolous. See A. Farber and

15   Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or

16   boilerplate objections such as 'overly burdensome and harassing' are improper –

17   especially when a party fails to submit any evidentiary declarations supporting such

18   objections"). There is no conceivable burden in admitting a fact Larian has already

19   conceded on the record; and indeed, Larian provides no basis for the burden

20   objection, as required. See Discovery Master Order No. 17, dated April 14, 2009, at

21   20 (overruling objections not stated with specificity);[317] Jackson v. Montgomery

22   Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) (party claiming a

23   discovery request is "unduly burdensome must allege specific facts which indicate

24   the nature and extent of the burden, usually by affidavit or other reliable evidence");

25   Horsewood v. Kids "R" Us, 1998 WL 526589, at *4 (D. Kan. Aug. 13, 1998)

26

27       [316]   Sealed Hearing Tr. at 4:19-24; 8:17-9:11; 11:14-22, Watson Decl., Ex. 27.

28

1  ("Mere assertions by plaintiff of harassment and intimidation provide no evidence of
2  undue burden."); <u>Bible v. Rio Props., Inc.</u>, 246 F.R.D. 614, 618 (C.D. Cal. 2007)
3  ("Contrary to defendant's assertion, the party who resists discovery has the burden to
4  show discovery should not be allowed, and has the burden of clarifying, explaining,
5  and supporting its objections."); Discovery Master Order No. 46, dated August 14,
6  2009, at 33 ("[T]he party claiming that a discovery request is unduly burdensome
7  must allege specific facts which indicate the nature and extent of the burden, usually
8  by affidavit or other reliable evidence.") (citing <u>Jackson v. Montgomery Ward &</u>
9  <u>Co., Inc.</u>, 173 F.R.D. 524, 528-29 (D. Nev. 1997)).

10    Lastly, Larian objects to "any instructions or definitions that seek to impose
11  requirements in addition to those imposed by the Federal Rules of Civil Procedure
12  or any applicable local rule." Mattel's RFAs did not include instructions, so Larian's
13  boilerplate objection on that ground makes no sense. Nor does Larian specify
14  which, if any, of the four definitions in Mattel's requests is improper, much less
15  provide any basis for the objection. Mattel's definitions are proper and Larian's
16  boilerplate objection should be overruled.

17

18  <u>REQUEST FOR ADMISSION NO. 16</u>:

19    Admit that there was no basis for withholding from production in this
20  litigation the document attached hereto as Exhibit 1 on grounds of attorney-client
21  privilege.

22

23  <u>RESPONSE TO REQUEST FOR ADMISSION NO. 16</u>:

24    Mr. Larian objects to the request as vague and ambiguous in its use of the
25  phrase "the document" because "the document" contains a series of emails certain of

26

27  [317]  Watson Decl., Ex. 37.

28

1  which were marked as trial exhibits and, therefore, Mr. Larian assumes that "the
2  document" means any portions of the email that were not marked as a trial exhibit.

3       As such, Mr. Larian objects to the request as it seeks disclosure of
4  information that is protected by the attorney-client privilege and/or work product
5  doctrine in that Mr. Larian's knowledge concerning the scope and nature of the
6  attorney-client privilege as applied to Exhibit 1 to the request has been gained by
7  and through communications with his counsel. Mr. Larian additionally objects to
8  this request on the grounds that it calls for a legal conclusion. Mr. Larian objects to
9  the request to the extent it seeks information not relevant to the claims or defenses
10 of any party to this action and not reasonably calculated to lead to the discovery of
11 admissible evidence. Mr. Larian objects to the request to the extent it is unduly
12 burdensome and oppressive. In responding, Mr. Larian has not and will not comply
13 with any instructions or definitions that seek to impose requirements in addition to
14 those imposed by the Federal Rules of Civil Procedure or any applicable local rule.
15 Mr. Larian reserves the right to object on any ground at any time to such other and
16 supplemental discovery requests as Mattel may propound involving or relating to
17 the same subject matter(s) of the request. Mr. Larian objects to the definitions and
18 instructions to the extent such definitions and instructions purport to enlarge,
19 expand, or alter in any way the plain meaning and scope of any specific term or
20 specific requests on the grounds that such enlargement, expansion or alteration
21 renders such a term or request vague, ambiguous, unintelligible, overly broad,
22 unduly burdensome, uncertain or otherwise open to interpretation.

1  REASON WHY FURTHER RESPONSE TO REQUEST FOR ADMISSION NO.

2  16 SHOULD BE COMPELLED:

3      The Discovery Master has already ruled that Larian must respond to this

4  Request. See Discovery Master Order No. 66, dated September 17, 2009, at 7.[318]

5  ████████████████████████████████████████████████

6  ████████████████████████████████████████████████

7  ███████████████████████████████████████████  Id.

8  In addition, the Court expressly ruled that the issues surrounding the Larian-

9  O'Connor email remain open for discovery and adjudication going forward. See

10  September 22, 2009 Order at 1-2.[319]  Among other things, this Request is directly

11  relevant to whether Larian committed perjury in his Phase 1 trial testimony.  It is

12  also relevant to the decision to withhold the email, which constitutes the RICO

13  predicate of obstruction of justice. See United States v. Lench, 806 F.2d 1443, 1445

14  (9th Cir. 1986) (that defendant "failed to provide the information requested and

15  lied" about it "is all that is necessary to obstruct justice").

16      Larian's "vagueness" objection is disingenuous.  Larian knows full well what

17  "the document" means.  See Pulsecard, Inc. v. Discover Card Servs., Inc., 168

18  F.R.D. 295, 310 (D. Kan. 1996) (overruling vague and ambiguous objections

19  because "[r]espondents should exercise reason and common sense to attribute

20  ordinary definitions to terms and phrases utilized in interrogatories.").  Larian

21  produced an incomplete version of the Larian-O'Connor email and logged it on its

22  privilege log.  Moreover, Larian's current counsel specifically produced the full

23  Larian-O'Connor email as a document it believed had previously been improperly

24  withheld on privilege grounds.  Larian cannot now pretend to be unaware of these

25  facts.  The Request appropriately seeks the knowledge of the MGA Parties, Larian,

[318]  Watson Decl., Ex. 1.

1   and their counsel.   A recipient of requests for admission is required to respond
2   informed by the knowledge of its counsel.   Christian v. Janed Enterprises, Inc., 2009
3   WL 1796074, at *2 (M.D. Ga. June 23, 2009) (party required to answer requests for
4   admission with knowledge in possession of the party and its counsel); Hise v
5   Lockwood Grader Corp., 153 F Supp 276, 278 (D. Neb. 1957) (plaintiff required to
6   respond to requests for admission with facts only in the possession of counsel).

7         Larian's "legal conclusion" objection fares no better.   The prior Discovery
8   Master repeatedly overruled the exact same "legal conclusion" objections Larian
9   asserts here.   In compelling Bryant to respond to RFAs related to his opinions about
10  the enforceability of his employment contract with Mattel and the copyrights related
11  to Bratz, the Discovery Master overruled Bryant's privilege and "legal conclusion"
12  objections and ruled that "requests for admission calling for application of law to
13  facts are permissible" and that "[t]he fact that Bryant may need to consult with
14  counsel to respond to the requests does not make the response privileged."[320]
15  Similarly, the Discovery Master compelled MGA to respond to RFAs seeking
16  information about MGA's copyright registrations and the accuracy of MGA's
17  statements to the press, emphasizing that "requests calling for legal conclusions are
18  permissible" so long as they are related to the facts of the case.[321]   The Discovery
19  Master also reiterated that it is immaterial that MGA may need to consult with
20  counsel to answer the RFAs because "[t]o hold otherwise would effectively gut the
21  provisions of Rule 36 authorizing requests that call for the application of law to
22  fact." Id.

23        Even had it not been already overruled, Larian's privilege objection is
24  baseless.   This Request simply asks Larian to admit that there was no basis for
25

26  [319]   Watson Decl., Ex. 42.
27  [320]   Discovery Master Order, dated August 20, 2007, at 6, Watson Decl., Ex. 32.
    [321]   Discovery Master Order, dated August 21, 2007, at 7, Watson Decl., Ex. 31.
28

1  withholding the document on attorney-client privilege grounds.  Larian placed the

2  document on his privilege log; if he did so without believing the document was

3  protected by the privilege, Mattel is entitled to know that.  On the other hand, if

4  Larian believed then that the document was privileged, that goes directly to crime-

5  fraud and waiver issues, as well as issues regarding Larian's perjury at trial and

6  MGA's obstruction of justice.  It is black letter law that "questions related to the

7  existence of attorney-client communications" are not protected by the privilege.

8  Markwest Hydrocarbon, Inc. v. Liberty Mutual Ins. Co., 2007 WL 1106105, at *4

9  (D. Colo. April 12, 2007); see also New Jersey v. Sprint Corp., 2009 WL 1917412,

10  at *18 (D. Kan. July 2, 2009) ("Questions regarding the existence, extent, or waiver

11  of an attorney-client privilege or work-product immunity are not themselves

12  privileged or protected");  B.F.G. of Illinois, Inc. v. Ameritech Corp., 2001 WL

13  1414468, at *4 (N.D. Ill. Nov. 13, 2001) ("plaintiffs' counsel's proper questions

14  regarding foundational facts going to the assertion of privilege were improperly

15  objected to and the witness instructed not to answer"); Malletier v. Dooney &

16  Bourke, Inc., 2006 WL 3851150, at *1 (S.D.N.Y. Dec. 18, 2006) (declarations

17  submitted to support claim of privilege were improperly redacted because "plaintiff

18  has effectively eliminated from the declarations much of the basic information that

19  would be required to appear on a privilege log, together with the foundational facts

20  that its adversary would be entitled to discover in order to test a privilege claim.").

21       Larian has already conceded the fact sought by this Request.  ████

22  ███████████████████████████████████████████████████████

23  ███████████████████████████,  ██████████████████████████

24  ████████████████████████████████████."[322]  Larian

25  cannot concede facts to the Court for the purposes of avoiding sanctions, then refuse

26

27  [322]  Sealed Hearing Tr. at 4:19-24; 8:17-9:11; 11:14-22, Watson Decl., Ex. 27.

28

STATEMENT ISO MATTEL'S MOTION TO COMPEL MGA'S RESPONSE TO RFAS

1   to admit them for purposes of discovery.  Notably, although Larian conceded these

2   facts at the September 22, 2009 hearing, Mattel is nonetheless entitled to receive

3   admissions as to these facts.   Admissions, unlike pleadings or other evidentiary

4   statements,  are  "binding  upon  the  party  making  them.    They  may  not  be

5   controverted at trial or on appeal.  Indeed, they are 'not evidence at all but rather

6   have the effect of withdrawing a fact from contention.'"  Keller v. Untied States, 58

7   F.3d 1194, 1198 n.8 (7th Cir. 1995) (quoting Michael H. Graham, Federal Practice

8   and Procedure: Evidence § 6726).

9         Larian's objection as to burden and oppression is frivolous.  See A. Farber and

10  Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or

11  boilerplate objections such as 'overly burdensome and harassing' are improper –

12  especially when a party fails to submit any evidentiary declarations supporting such

13  objections").  There is no conceivable burden in admitting a fact Larian has already

14  conceded on the record; and indeed, Larian provides no basis for the burden

15  objection, as required.  See Discovery Master Order No. 17, dated April 14, 2009, at

16  20 (overruling objections not stated with specificity);[323] Jackson v. Montgomery

17  Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) (party claiming a

18  discovery request is "unduly burdensome must allege specific facts which indicate

19  the nature and extent of the burden, usually by affidavit or other reliable evidence");

20  Horsewood v. Kids "R" Us, 1998 WL 526589, at *4 (D. Kan. Aug. 13, 1998)

21  ("Mere assertions by plaintiff of harassment and intimidation provide no evidence of

22  undue burden."); Bible v. Rio Props., Inc., 246 F.R.D. 614, 618 (C.D. Cal. 2007)

23  ("Contrary to defendant's assertion, the party who resists discovery has the burden to

24  show discovery should not be allowed, and has the burden of clarifying, explaining,

25  and supporting its objections."); Discovery Master Order No. 46, dated August 14,

26

27   [323]   Watson Decl., Ex. 37.

28

1  2009, at 33 ("[T]he party claiming that a discovery request is unduly burdensome
2  must allege specific facts which indicate the nature and extent of the burden, usually
3  by affidavit or other reliable evidence.") (citing <u>Jackson v. Montgomery Ward &</u>
4  <u>Co., Inc.</u>, 173 F.R.D. 524, 528-29 (D. Nev. 1997)).

5  Lastly, Larian objects to "any instructions or definitions that seek to impose
6  requirements in addition to those imposed by the Federal Rules of Civil Procedure
7  or any applicable local rule." Mattel's RFAs did not include instructions, so Larian's
8  boilerplate objection on that ground makes no sense. Nor does Larian specify
9  which, if any, of the four definitions in Mattel's requests is improper, much less
10  provide any basis for the objection. Mattel's definitions are proper and Larian's
11  boilerplate objection should be overruled.

12

13  <u>REQUEST FOR ADMISSION NO. 17:</u>

14  Admit that there was no basis for withholding from production in this
15  litigation the document attached hereto as Exhibit 1 on grounds of the work product
16  doctrine.

17

18  <u>RESPONSE TO REQUEST FOR ADMISSION NO. 17:</u>

19  Mr. Larian objects to the request as vague and ambiguous in its use of the
20  phrase "the document" because "the document" contains a series of emails certain of
21  which were marked as trial exhibits and, therefore, Mr. Larian assumes that "the
22  document" means any portions of the email that were not marked as a trial exhibit.
23  As such, Mr. Larian objects to the request as it seeks disclosure of information that
24  is protected by the attorney-client privilege and/or work product doctrine in that Mr.
25  Larian's knowledge concerning the scope and nature of the work product doctrine as
26  applied to Exhibit 1 to the request has been gained by and through communications
27  with his counsel. Mr. Larian additionally objects to this request on the grounds that
28  it calls for a legal conclusion. Mr. Larian objects to the request to the extent it seeks

1  information not relevant to the claims or defenses of any party to this action and not

2  reasonably calculated to lead to the discovery of admissible evidence. Mr. Larian

3  objects to the request to the extent it is unduly burdensome and oppressive. In

4  responding, Mr. Larian has not and will not comply with any instructions or

5  definitions that seek to impose requirements in addition to those imposed by the

6  Federal Rules of Civil Procedure or any applicable local rule. Mr. Larian reserves

7  the right to object on any ground at any time to such other and supplemental

8  discovery requests as Mattel may propound involving or relating to the same subject

9  matter(s) of the request. Mr. Larian objects to the definitions and instructions to the

10  extent such definitions and instructions purport to enlarge, expand, or alter in any

11  way the plain meaning and scope of any specific term or specific requests on the

12  grounds that such enlargement, expansion or alteration renders such a term or

13  request vague, ambiguous, unintelligible, overly broad, unduly burdensome,

14  uncertain or otherwise open to interpretation.

15

16  REASON WHY FURTHER RESPONSE TO REQUEST FOR ADMISSION NO.

17  17 SHOULD BE COMPELLED:

18      The Discovery Master has already ruled that Larian must respond to this

19  Request. See Discovery Master Order No. 66, dated September 17, 2009, at 7.[324]

20  ████████████████████████████████████████████████████

21  ████████████████████████████████████████████████████

22  ████████████████████████████████████████████  Id.

23  In addition, the Court expressly ruled that the issues surrounding the Larian-

24  O'Connor email remain open for discovery and adjudication going forward. See

25

26

27  [324]  Watson Decl., Ex. 1.

28

1  September 22, 2009 Order at 1-2.[325]   Among other things, this Request is directly

2  relevant to whether Larian committed perjury in his Phase 1 trial testimony.  It is

3  also relevant to the decision to withhold the email, which constitutes the RICO

4  predicate of obstruction of justice.  See United States v. Lench, 806 F.2d 1443, 1445

5  (9th Cir. 1986) (that defendant "failed to provide the information requested and

6  lied" about it "is all that is necessary to obstruct justice").

7         Larian's "vagueness" objection is disingenuous.  Larian knows full well what

8  "the document" means.  See Pulsecard, Inc. v. Discover Card Servs., Inc., 168

9  F.R.D. 295, 310 (D. Kan. 1996) (overruling vague and ambiguous objections

10 because "[r]espondents should exercise reason and common sense to attribute

11 ordinary definitions to terms and phrases utilized in interrogatories.").   Larian

12 produced an incomplete version of the Larian-O'Connor email and logged it on its

13 privilege log.  Moreover, Larian's current counsel specifically produced the full

14 Larian-O'Connor email as a document it believed had previously been improperly

15 withheld on privilege grounds.  Larian cannot now pretend to be unaware of these

16 facts.  The Request appropriately seeks the knowledge of the MGA Parties, Larian,

17 and their counsel.  A recipient of requests for admission is required to respond

18 informed by the knowledge of its counsel.  Christian v. Janed Enterprises, Inc., 2009

19 WL 1796074, at *2 (M.D. Ga. June 23, 2009) (party required to answer requests for

20 admission with knowledge in possession of the party and its counsel); Hise v

21 Lockwood Grader Corp., 153 F Supp 276, 278 (D. Neb. 1957) (plaintiff required to

22 respond to requests for admission with facts only in the possession of counsel).

23         Larian's "legal conclusion" objection fares no better.  The prior Discovery

24 Master repeatedly overruled the exact same "legal conclusion" objections Larian

25 asserts here.  In compelling Bryant to respond to RFAs related to his opinions about

26

27 [325]   Watson Decl., Ex. 42.

28

1    the enforceability of his employment contract with Mattel and the copyrights related
2    to Bratz, the Discovery Master overruled Bryant's privilege and "legal conclusion"
3    objections and ruled that "requests for admission calling for application of law to
4    facts are permissible" and that "[t]he fact that Bryant may need to consult with
5    counsel to respond to the requests does not make the response privileged."[326]
6    Similarly, the Discovery Master compelled MGA to respond to RFAs seeking
7    information about MGA's copyright registrations and the accuracy of MGA's
8    statements to the press, emphasizing that "requests calling for legal conclusions are
9    permissible" so long as they are related to the facts of the case.[327]   The Discovery
10   Master also reiterated that it is immaterial that MGA may need to consult with
11   counsel to answer the RFAs because "[t]o hold otherwise would effectively gut the
12   provisions of Rule 36 authorizing requests that call for the application of law to
13   fact."  Id.

14        Even had it not been already overruled, Larian's privilege objection is
15   baseless.  This Request simply asks Larian to admit that there was no basis for
16   withholding the document on work product grounds.  Larian placed the document
17   on his privilege log; if he did so without believing the document was  protected by
18   the work product doctrine, Mattel is entitled to know that.  On the other hand, if
19   Larian believed then that the document was privileged, that goes directly to crime-
20   fraud and waiver issues, as well as issues regarding Larian's perjury at trial and
21   MGA's obstruction of justice.  It is black letter law that "questions related to the
22   existence of attorney-client communications" are not protected by the privilege.
23   Markwest Hydrocarbon, Inc. v. Liberty Mutual Ins. Co., 2007 WL 1106105, at *4
24   (D. Colo. April 12, 2007); see also New Jersey v. Sprint Corp., 2009 WL 1917412,
25   at *18 (D. Kan. July 2, 2009) ("Questions regarding the existence, extent, or waiver
26
27   ───────────────
     [326]   Discovery Master Order, dated August 20, 2007, at 6, Watson Decl., Ex. 32.
28

1  of an attorney-client privilege or work-product immunity are not themselves
2  privileged or protected"); <u>B.F.G. of Illinois, Inc. v. Ameritech Corp.</u>, 2001 WL
3  1414468, at *4 (N.D. Ill. Nov. 13, 2001) ("plaintiffs' counsel's proper questions
4  regarding foundational facts going to the assertion of privilege were improperly
5  objected to and the witness instructed not to answer"); <u>Malletier v. Dooney &
6  Bourke, Inc.</u>, 2006 WL 3851150, at *1 (S.D.N.Y. Dec. 18, 2006) (declarations
7  submitted to support claim of privilege were improperly redacted because "plaintiff
8  has effectively eliminated from the declarations much of the basic information that
9  would be required to appear on a privilege log, together with the foundational facts
10 that its adversary would be entitled to discover in order to test a privilege claim.").

11      Larian has already conceded the fact sought by this Request. ████████
12 ████████████████████████████████████████████████████████████████
13 ████████████████████████████████, ████████████████████████████
14 ████████████████████████████████████████."[328]  Larian
15 cannot concede facts to the Court for the purposes of avoiding sanctions, then refuse
16 to admit them for purposes of discovery.  Notably, although Larian conceded these
17 facts at the September 22, 2009 hearing, Mattel is nonetheless entitled to receive
18 admissions as to these facts.  Admissions, unlike pleadings or other evidentiary
19 statements, are "binding upon the party making them.  They may not be
20 controverted at trial or on appeal.  Indeed, they are 'not evidence at all but rather
21 have the effect of withdrawing a fact from contention.'" <u>Keller v. Untied States</u>, 58
22 F.3d 1194, 1198 n.8 (7th Cir. 1995) (quoting Michael H. Graham, Federal Practice
23 and Procedure: Evidence § 6726).

24      Larian's objection as to burden and oppression is frivolous.  <u>See</u> <u>A. Farber and
25 Partners, Inc. v. Garber</u>, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or

---

27  [327]  Discovery Master Order, dated August 21, 2007, at 7, Watson Decl., Ex. 31.

1   boilerplate objections such as 'overly burdensome and harassing' are improper –

2   especially when a party fails to submit any evidentiary declarations supporting such

3   objections").  There is no conceivable burden in admitting a fact Larian has already

4   conceded on the record; and indeed, Larian provides no basis for the burden

5   objection, as required.  <u>See</u> Discovery Master Order No. 17, dated April 14, 2009, at

6   20 (overruling objections not stated with specificity);[329] <u>Jackson v. Montgomery</u>

7   <u>Ward & Co., Inc.</u>, 173 F.R.D. 524, 528-29 (D. Nev. 1997) (party claiming a

8   discovery request is "unduly burdensome must allege specific facts which indicate

9   the nature and extent of the burden, usually by affidavit or other reliable evidence");

10  <u>Horsewood v. Kids "R" Us</u>, 1998 WL 526589, at *4 (D. Kan. Aug. 13, 1998)

11  ("Mere assertions by plaintiff of harassment and intimidation provide no evidence of

12  undue burden."); <u>Bible v. Rio Props., Inc.</u>, 246 F.R.D. 614, 618 (C.D. Cal. 2007)

13  ("Contrary to defendant's assertion, the party who resists discovery has the burden to

14  show discovery should not be allowed, and has the burden of clarifying, explaining,

15  and supporting its objections."); Discovery Master Order No. 46, dated August 14,

16  2009, at 33 ("[T]he party claiming that a discovery request is unduly burdensome

17  must allege specific facts which indicate the nature and extent of the burden, usually

18  by affidavit or other reliable evidence.") (citing <u>Jackson v. Montgomery Ward &</u>

19  <u>Co., Inc.</u>, 173 F.R.D. 524, 528-29 (D. Nev. 1997)).

20      Lastly, Larian objects to "any instructions or definitions that seek to impose

21  requirements in addition to those imposed by the Federal Rules of Civil Procedure

22  or any applicable local rule."  Mattel's RFAs did not include instructions, so Larian's

23  boilerplate objection on that ground makes no sense.  Nor does Larian specify

24  which, if any, of the four definitions in Mattel's requests is improper, much less

25

26

27  [328]  Sealed Hearing Tr. at 4:19-24; 8:17-9:11; 11:14-22, Watson Decl., Ex. 27.
     [329]  Watson Decl., Ex. 37.

28

1  provide any basis for the objection.  Mattel's definitions are proper and Larian's
2  boilerplate objection should be overruled.

3

4  REQUEST FOR ADMISSION NO. 18:

5      Admit that the portion of the document attached hereto as Exhibit 1
6  containing the email exchange between YOU and Victoria O'Connor reflects legal
7  advice.

8

9  RESPONSE TO REQUEST FOR ADMISSION NO. 18:

10      Mr. Larian objects to the request as vague and ambiguous in its use of the
11  phrase "the portion of the document attached hereto as Exhibit 1 containing the
12  email exchange between YOU and Victoria O'Connor reflects legal advice" in that
13  there are three email exchanges between Mr. Larian and Victoria O'Connor and this
14  request does not specify which of the three exchanges to which it refers. Mr. Larian
15  objects to the request as it seeks disclosure of information that is protected by the
16  attorney-client privilege and/or work product doctrine. Mr. Larian additionally
17  objects to this request on the grounds that it calls for a legal conclusion. Mr. Larian
18  objects to the request to the extent it seeks information not relevant to the claims or
19  defenses of any party to this action and not reasonably calculated to lead to the
20  discovery of admissible evidence. Mr. Larian objects to the request to the extent it is
21  unduly burdensome and oppressive. In responding, Mr. Larian has not and will not
22  comply with any instructions or definitions that seek to impose requirements in
23  addition to those imposed by the Federal Rules of Civil Procedure or any applicable
24  local rule. Mr. Larian reserves the right to object on any ground at any time to such
25  other and supplemental discovery requests as Mattel may propound involving or
26  relating to the same subject matter(s) of the request. Mr. Larian objects to the
27  definitions and instructions to the extent such definitions and instructions purport to
28  enlarge, expand, or alter in any way the plain meaning and scope of any specific

00505.07975/3180667.1

-292-
STATEMENT ISO MATTEL'S MOTION TO COMPEL MGA'S RESPONSE TO RFAS

1  term or specific requests on the grounds that such enlargement, expansion or
2  alteration renders such a term or request vague, ambiguous, unintelligible, overly
3  broad, unduly burdensome, uncertain or otherwise open to interpretation.

4

5  <u>REASON WHY FURTHER RESPONSE TO REQUEST FOR ADMISSION NO.</u>
6  <u>18 SHOULD BE COMPELLED</u>:

7      The Discovery Master has already ruled that Larian must respond to
8  this Request. <u>See</u> Discovery Master Order No. 66, dated September 17, 2009, at
9  7.[330] ██████████████████████████████
10 ██████████████████████████████
11 ██████████████████████████████
12 Id. In addition, the Court expressly ruled that the issues surrounding the Larian-
13 O'Connor email remain open for discovery and adjudication going forward. <u>See</u>
14 September 22, 2009 Order at 1-2.[331]  Among other things, this Request is directly
15 relevant to whether Larian committed perjury in his Phase 1 trial testimony. It is
16 also relevant to the decision to withhold the email, which constitutes the RICO
17 predicate of obstruction of justice. <u>See</u> <u>United States v. Lench</u>, 806 F.2d 1443, 1445
18 (9th Cir. 1986) (that defendant "failed to provide the information requested and
19 lied" about it "is all that is necessary to obstruct justice").

20     Larian's "vagueness" objection is disingenuous. Notably, Larian
21 apparently fully understands what "the portion of the document attached hereto as
22 Exhibit 1 containing the email exchange between YOU and Victoria O'Connor
23 reflects legal advice" means as used other Requests. <u>See</u> Request Nos. 24, 25.
24 Larian knows full well that the Request refers to any portions of the entire email
25 exchange. <u>See</u> <u>Pulsecard, Inc. v. Discover Card Servs., Inc.</u>, 168 F.R.D. 295, 310

26

27 [330]  Watson Decl., Ex. 1.

28

1  (D. Kan. 1996) (overruling vague and ambiguous objections because "[r]espondents
2  should exercise reason and common sense to attribute ordinary definitions to terms
3  and phrases utilized in interrogatories."). Larian produced an incomplete version of
4  the Larian-O'Connor email and logged it on its privilege log. Moreover, Larian's
5  current counsel specifically produced the full Larian-O'Connor email as a document
6  it believed had previously been improperly withheld on privilege grounds. Larian
7  cannot now pretend to be unaware of these facts. The Request appropriately seeks
8  the knowledge of the MGA Parties, Larian, and their counsel. A recipient of
9  requests for admission is required to respond informed by the knowledge of its
10  counsel. Christian v. Janed Enterprises, Inc., 2009 WL 1796074, at *2 (M.D. Ga.
11  June 23, 2009) (party required to answer requests for admission with knowledge in
12  possession of the party and its counsel); Hise v Lockwood Grader Corp., 153 F Supp
13  276, 278 (D. Neb. 1957) (plaintiff required to respond to requests for admission with
14  facts only in the possession of counsel).

15  Larian's "legal conclusion" objection fares no better. The prior
16  Discovery Master repeatedly overruled the exact same "legal conclusion" objections
17  Larian asserts here. In compelling Bryant to respond to RFAs related to his
18  opinions about the enforceability of his employment contract with Mattel and the
19  copyrights related to Bratz, the Discovery Master overruled Bryant's privilege and
20  "legal conclusion" objections and ruled that "requests for admission calling for
21  application of law to facts are permissible" and that "[t]he fact that Bryant may need
22  to consult with counsel to respond to the requests does not make the response
23  privileged."[332] Similarly, the Discovery Master compelled MGA to respond to
24  RFAs seeking information about MGA's copyright registrations and the accuracy of
25  MGA's statements to the press, emphasizing that "requests calling for legal

27  [331]  Watson Decl., Ex. 42.

1    conclusions are permissible" so long as they are related to the facts of the case.[333]
2    The Discovery Master also reiterated that it is immaterial that MGA may need to
3    consult with counsel to answer the RFAs because "[t]o hold otherwise would
4    effectively gut the provisions of Rule 36 authorizing requests that call for the
5    application of law to fact." Id.

6         Even had it not been already overruled, Larian's privilege objection is
7    baseless. This Request simply asks Larian to admit that the document reflects legal
8    advice. The question clearly does not implicate the privilege or work product.
9    Larian placed the document on its privilege log, and Mattel is entitled to know
10   whether MGA actually believes the document reflects legal advice. It is black letter
11   law that "questions related to the existence of attorney-client communications" are
12   not protected by the privilege. Markwest Hydrocarbon, Inc. v. Liberty Mutual Ins.
13   Co., 2007 WL 1106105, at *4 (D. Colo. April 12, 2007); see also New Jersey v.
14   Sprint Corp., 2009 WL 1917412, at *18 (D. Kan. July 2, 2009) ("Questions
15   regarding the existence, extent, or waiver of an attorney-client privilege or work-
16   product immunity are not themselves privileged or protected"); B.F.G. of Illinois,
17   Inc. v. Ameritech Corp., 2001 WL 1414468, at *4 (N.D. Ill. Nov. 13, 2001)
18   ("plaintiffs' counsel's proper questions regarding foundational facts going to the
19   assertion of privilege were improperly objected to and the witness instructed not to
20   answer"); Malletier v. Dooney & Bourke, Inc., 2006 WL 3851150, at *1 (S.D.N.Y.
21   Dec. 18, 2006) (declarations submitted to support claim of privilege were
22   improperly redacted because "plaintiff has effectively eliminated from the
23   declarations much of the basic information that would be required to appear on a
24   privilege log, together with the foundational facts that its adversary would be
25   entitled to discover in order to test a privilege claim.").

26

27   _____

     [332]  Discovery Master Order, dated August 20, 2007, at 6, Watson Decl., Ex. 32.
28

1  Larian has already conceded the fact sought by this Request. ██████



9  ,335  Larian cannot concede facts to the Court for the

10  purposes of avoiding sanctions, then refuse to admit them for purposes of discovery.

11  Notably, although Larian conceded these facts at the September 22, 2009 hearing,

12  Mattel is nonetheless entitled to receive admissions as to these facts.  Admissions,

13  unlike pleadings or other evidentiary statements, are "binding upon the party making

14  them.  They may not be controverted at trial or on appeal.  Indeed, they are 'not

15  evidence at all but rather have the effect of withdrawing a fact from contention.'"

16  Keller v. Untied States, 58 F.3d 1194, 1198 n.8 (7th Cir. 1995) (quoting Michael H.

17  Graham, Federal Practice and Procedure: Evidence § 6726).

18  Larian's objection as to burden and oppression is frivolous.  See A.

19  Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general

20  or boilerplate objections such as 'overly burdensome and harassing' are improper –

21  especially when a party fails to submit any evidentiary declarations supporting such

---

23  333  Discovery Master Order, dated August 21, 2007, at 7, Watson Decl., Ex. 31.
24  334  Sealed Hearing Tr. at 4:19-24; 8:17-9:11; 11:14-22, Watson Decl., Ex. 27.
25  335  September 22, 2009 Sealed Hearing Tr. at 22:22-23:4, Watson Decl., Ex. 27;
26  see also id. at 13:4-10 (THE COURT: "And obviously Victoria O'Conner is not an attorney; the argument is that she was conveying – without getting into the substance of it – that she was conveying legal advice, reminding Mr. Larian of legal advice.");

1    objections"). There is no conceivable burden in admitting a fact Larian has already

2    conceded on the record; and indeed, Larian provides no basis for the burden

3    objection, as required. <u>See</u> Discovery Master Order No. 17, dated April 14, 2009, at

4    20 (overruling objections not stated with specificity);[336] <u>Jackson v. Montgomery</u>

5    <u>Ward & Co., Inc.</u>, 173 F.R.D. 524, 528-29 (D. Nev. 1997) (party claiming a

6    discovery request is "unduly burdensome must allege specific facts which indicate

7    the nature and extent of the burden, usually by affidavit or other reliable evidence");

8    <u>Horsewood v. Kids "R" Us</u>, 1998 WL 526589, at *4 (D. Kan. Aug. 13, 1998)

9    ("Mere assertions by plaintiff of harassment and intimidation provide no evidence of

10   undue burden."); <u>Bible v. Rio Props., Inc.</u>, 246 F.R.D. 614, 618 (C.D. Cal. 2007)

11   ("Contrary to defendant's assertion, the party who resists discovery has the burden to

12   show discovery should not be allowed, and has the burden of clarifying, explaining,

13   and supporting its objections."); Discovery Master Order No. 46, dated August 14,

14   2009, at 33 ("[T]he party claiming that a discovery request is unduly burdensome

15   must allege specific facts which indicate the nature and extent of the burden, usually

16   by affidavit or other reliable evidence.") (citing <u>Jackson v. Montgomery Ward &</u>

17   <u>Co., Inc.</u>, 173 F.R.D. 524, 528-29 (D. Nev. 1997)).

18        Lastly, Larian objects to "any instructions or definitions that seek to impose

19   requirements in addition to those imposed by the Federal Rules of Civil Procedure

20   or any applicable local rule." Mattel's RFAs did not include instructions, so Larian's

21   boilerplate objection on that ground makes no sense. Nor does Larian specify

22   which, if any, of the four definitions in Mattel's requests is improper, much less

23   provide any basis for the objection. Mattel's definitions are proper and Larian's

24   boilerplate objection should be overruled.

25

26   _____

27   [336]   Watson Decl., Ex. 37.

28

1  REQUEST FOR ADMISSION NO. 19:

2      Admit that the portion of the document attached hereto as Exhibit 1

3  containing the email exchange between YOU and Victoria O'Connor did not reflect

4  legal advice.

5

6  RESPONSE TO REQUEST FOR ADMISSION NO. 19:

7      Mr. Larian objects to the request as vague and ambiguous in its use of the

8  phrase "the portion of the document attached hereto as Exhibit 1 containing the

9  email exchange between YOU and Victoria O'Connor did not reflect legal advice"

10  in that there are three email exchanges between Mr. Larian and Victoria O'Connor

11  and this request does not specify which of the three exchanges to which it refers.

12  Mr. Larian objects to the request as it seeks disclosure of information that is

13  protected by the attorney-client privilege and/or work product doctrine. Mr. Larian

14  additionally objects to this request on the grounds that it calls for a legal conclusion.

15  Mr. Larian objects to the request to the extent it seeks information not relevant to the

16  claims or defenses of any party to this action and not reasonably calculated to lead

17  to the discovery of admissible evidence. Mr. Larian objects to the request to the

18  extent it is unduly burdensome and oppressive. In responding, Mr. Larian has not

19  and will not comply with any instructions or definitions that seek to impose

20  requirements in addition to those imposed by the Federal Rules of Civil Procedure

21  or any applicable local rule. Mr. Larian reserves the right to object on any ground at

22  any time to such other and supplemental discovery requests as Mattel may propound

23  involving or relating to the same subject matter(s) of the request. Mr. Larian objects

24  to the definitions and instructions to the extent such definitions and instructions

25  purport to enlarge, expand, or alter in any way the plain meaning and scope of any

26  specific term or specific requests on the grounds that such enlargement, expansion

27  or alteration renders such a term or request vague, ambiguous, unintelligible, overly

28  broad, unduly burdensome, uncertain or otherwise open to interpretation.

1 | REASON WHY FURTHER RESPONSE TO REQUEST FOR ADMISSION NO.
2 | 19 SHOULD BE COMPELLED:

3 |      The Discovery Master has already ruled that Larian must respond to
4 | this Request. See Discovery Master Order No. 66, dated September 17, 2009, at
5 | 7.[337] ███████████████████████████

6 | ███████████████████████████

7 | ███████████████████████████

8 | Id.  In addition, the Court expressly ruled that the issues surrounding the Larian-
9 | O'Connor email remain open for discovery and adjudication going forward.  See
10 | September 22, 2009 Order at 1-2.[338]  Among other things, this Request is directly
11 | relevant to whether Larian committed perjury in his Phase 1 trial testimony.  It is
12 | also relevant to the decision to withhold the email, which constitutes the RICO
13 | predicate of obstruction of justice. See United States v. Lench, 806 F.2d 1443, 1445
14 | (9th Cir. 1986) (that defendant "failed to provide the information requested and
15 | lied" about it "is all that is necessary to obstruct justice").

16 |      Larian's "vagueness" objection is disingenuous.  Notably, Larian
17 | apparently fully understands what "the portion of the document attached hereto as
18 | Exhibit 1 containing the email exchange between YOU and Victoria O'Connor
19 | reflects legal advice" means as used other Requests.  See Request Nos. 24, 25.
20 | Larian knows full well that the Request refers to any portions of the entire email
21 | exchange.  See Pulsecard, Inc. v. Discover Card Servs., Inc., 168 F.R.D. 295, 310
22 | (D. Kan. 1996) (overruling vague and ambiguous objections because "[r]espondents
23 | should exercise reason and common sense to attribute ordinary definitions to terms
24 | and phrases utilized in interrogatories.").  Larian produced an incomplete version of
25 | the Larian-O'Connor email and logged it on its privilege log.  Moreover, Larian's

[337]   Watson Decl., Ex. 1.

1   current counsel specifically produced the full Larian-O'Connor email as a document

2   it believed had previously been improperly withheld on privilege grounds.  Larian

3   cannot now pretend to be unaware of these facts.  The Request appropriately seeks

4   the knowledge of the MGA Parties, Larian, and their counsel.  A recipient of

5   requests for admission is required to respond informed by the knowledge of its

6   counsel.  <u>Christian v. Janed Enterprises, Inc.</u>, 2009 WL 1796074, at *2 (M.D. Ga.

7   June 23, 2009) (party required to answer requests for admission with knowledge in

8   possession of the party and its counsel); <u>Hise v Lockwood Grader Corp.</u>, 153 F Supp

9   276, 278 (D. Neb. 1957) (plaintiff required to respond to requests for admission with

10  facts only in the possession of counsel).

11           Larian's "legal conclusion" objection fares no better.   The prior

12  Discovery Master repeatedly overruled the exact same "legal conclusion" objections

13  Larian asserts here.   In compelling Bryant to respond to RFAs related to his

14  opinions about the enforceability of his employment contract with Mattel and the

15  copyrights related to Bratz, the Discovery Master overruled Bryant's privilege and

16  "legal conclusion" objections and ruled that "requests for admission calling for

17  application of law to facts are permissible" and that "[t]he fact that Bryant may need

18  to consult with counsel to respond to the requests does not make the response

19  privileged."[339]   Similarly, the Discovery Master compelled MGA to respond to

20  RFAs seeking information about MGA's copyright registrations and the accuracy of

21  MGA's statements to the press, emphasizing that "requests calling for legal

22  conclusions are permissible" so long as they are related to the facts of the case.[340]

23  The Discovery Master also reiterated that it is immaterial that MGA may need to

24  consult with counsel to answer the RFAs because "[t]o hold otherwise would

25  _____

26  [338]  Watson Decl., Ex. 42.

27  [339]  Discovery Master Order, dated August 20, 2007, at 6, Watson Decl., Ex. 32.
    [340]  Discovery Master Order, dated August 21, 2007, at 7, Watson Decl., Ex. 31.

28

1  effectively gut the provisions of Rule 36 authorizing requests that call for the
2  application of law to fact." Id.

3          Even had it not been already overruled, Larian's privilege objection is
4  baseless. This Request simply asks Larian to admit that the document did not reflect
5  legal advice. The question clearly does not implicate the privilege or work product.
6  Larian placed the document on its privilege log, and Mattel is entitled to know
7  whether MGA actually believes the document reflects legal advice. It is black letter
8  law that "questions related to the existence of attorney-client communications" are
9  not protected by the privilege. Markwest Hydrocarbon, Inc. v. Liberty Mutual Ins.
10 Co., 2007 WL 1106105, at *4 (D. Colo. April 12, 2007); see also New Jersey v.
11 Sprint Corp., 2009 WL 1917412, at *18 (D. Kan. July 2, 2009) ("Questions
12 regarding the existence, extent, or waiver of an attorney-client privilege or work-
13 product immunity are not themselves privileged or protected"); B.F.G. of Illinois,
14 Inc. v. Ameritech Corp., 2001 WL 1414468, at *4 (N.D. Ill. Nov. 13, 2001)
15 ("plaintiffs' counsel's proper questions regarding foundational facts going to the
16 assertion of privilege were improperly objected to and the witness instructed not to
17 answer"); Malletier v. Dooney & Bourke, Inc., 2006 WL 3851150, at *1 (S.D.N.Y.
18 Dec. 18, 2006) (declarations submitted to support claim of privilege were
19 improperly redacted because "plaintiff has effectively eliminated from the
20 declarations much of the basic information that would be required to appear on a
21 privilege log, together with the foundational facts that its adversary would be
22 entitled to discover in order to test a privilege claim.").

23          Larian has already conceded the fact sought by this Request. ████████
24 ████████████████████████████████████████████████████████████
25 ████████████████████████████████, ████████████████████████████
26
27
28



1   ████████████████████████████████,,341  ███████

2   ██████████████████████████████████████

3   ██████████████████████████████████████

4   █████████████████████████ . ██████████████

5   ██████████████████████████████████████

6   █████████████████,,342   Larian cannot concede facts to the Court for the

7   purposes of avoiding sanctions, then refuse to admit them for purposes of discovery.

8   Notably, although Larian conceded these facts at the September 22, 2009 hearing,

9   Mattel is nonetheless entitled to receive admissions as to these facts.  Admissions,

10  unlike pleadings or other evidentiary statements, are "binding upon the party making

11  them.  They may not be controverted at trial or on appeal.  Indeed, they are 'not

12  evidence at all but rather have the effect of withdrawing a fact from contention.'"

13  Keller v. Untied States, 58 F.3d 1194, 1198 n.8 (7th Cir. 1995) (quoting Michael H.

14  Graham, Federal Practice and Procedure: Evidence § 6726).

15      Larian's objection as to burden and oppression is frivolous.  See A.

16  Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general

17  or boilerplate objections such as 'overly burdensome and harassing' are improper –

18  especially when a party fails to submit any evidentiary declarations supporting such

19  objections").  There is no conceivable burden in admitting a fact Larian has already

20  conceded on the record; and indeed, Larian provides no basis for the burden

21  objection, as required.  See Discovery Master Order No. 17, dated April 14, 2009, at

22

23  _____

24  [341]  Sealed Hearing Tr. at 4:19-24; 8:17-9:11; 11:14-22, Watson Decl., Ex. 27.

25  [342]  September 22, 2009 Sealed Hearing Tr. at 22:22-23:4, Watson Decl., Ex. 27;

26  see also id. at 13:4-10 (THE COURT: "And obviously Victoria O'Conner is not an

27  attorney; the argument is that she was conveying – without getting into the substance of it – that she was conveying legal advice, reminding Mr. Larian of legal

28  advice.");

1   20 (overruling objections not stated with specificity);[343] <u>Jackson v. Montgomery</u>
2   <u>Ward & Co., Inc.</u>, 173 F.R.D. 524, 528-29 (D. Nev. 1997) (party claiming a
3   discovery request is "unduly burdensome must allege specific facts which indicate
4   the nature and extent of the burden, usually by affidavit or other reliable evidence");
5   <u>Horsewood v. Kids "R" Us</u>, 1998 WL 526589, at *4 (D. Kan. Aug. 13, 1998)
6   ("Mere assertions by plaintiff of harassment and intimidation provide no evidence of
7   undue burden."); <u>Bible v. Rio Props., Inc.</u>, 246 F.R.D. 614, 618 (C.D. Cal. 2007)
8   ("Contrary to defendant's assertion, the party who resists discovery has the burden to
9   show discovery should not be allowed, and has the burden of clarifying, explaining,
10  and supporting its objections."); Discovery Master Order No. 46, dated August 14,
11  2009, at 33 ("[T]he party claiming that a discovery request is unduly burdensome
12  must allege specific facts which indicate the nature and extent of the burden, usually
13  by affidavit or other reliable evidence.") (citing <u>Jackson v. Montgomery Ward &</u>
14  <u>Co., Inc.</u>, 173 F.R.D. 524, 528-29 (D. Nev. 1997)).

15      Lastly, Larian objects to "any instructions or definitions that seek to impose
16  requirements in addition to those imposed by the Federal Rules of Civil Procedure
17  or any applicable local rule." Mattel's RFAs did not include instructions, so Larian's
18  boilerplate objection on that ground makes no sense. Nor does Larian specify
19  which, if any, of the four definitions in Mattel's requests is improper, much less
20  provide any basis for the objection. Mattel's definitions are proper and Larian's
21  boilerplate objection should be overruled.

22

23

24

25

26

27  [343]  Watson Decl., Ex. 37.

28

REQUEST FOR ADMISSION NO. 20:

Admit that YOU believed, prior to May 27, 2008, that the portion of the document attached hereto as Exhibit 1 containing the email exchange between YOU and Victoria O'Connor reflects legal advice.

RESPONSE TO REQUEST FOR ADMISSION NO. 20:

Mr. Larian objects to the request as vague and ambiguous in its use of the phrase "the portion of the document attached hereto as Exhibit 1 containing the email exchange between YOU and Victoria O'Connor reflects legal advice" in that there are three email exchanges between Mr. Larian and Victoria O'Connor and this request does not specify which of the three exchanges to which it refers. Mr. Larian objects to the request as it seeks disclosure of information that is protected by the attorney-client privilege and/or work product doctrine. Mr. Larian additionally objects to this request on the grounds that it calls for a legal conclusion. Mr. Larian objects to the request to the extent it seeks information not relevant to the claims or defenses of any party to this action and not reasonably calculated to lead to the discovery of admissible evidence. Mr. Larian objects to the request to the extent it is unduly burdensome and oppressive. In responding, Mr. Larian has not and will not comply with any instructions or definitions that seek to impose requirements in addition to those imposed by the Federal Rules of Civil Procedure or any applicable local rule. Mr. Larian reserves the right to object on any ground at any time to such other and supplemental discovery requests as Mattel may propound involving or relating to the same subject matter(s) of the request. Mr. Larian objects to the definitions and instructions to the extent such definitions and instructions purport to enlarge, expand, or alter in any way the plain meaning and scope of any specific term or specific requests on the grounds that such enlargement, expansion or alteration renders such a term or request vague, ambiguous, unintelligible, overly broad, unduly burdensome, uncertain or otherwise open to interpretation.

REASON WHY FURTHER RESPONSE TO REQUEST FOR ADMISSION NO.
20 SHOULD BE COMPELLED:

The Discovery Master has already ruled that Larian must respond to this Request. See Discovery Master Order No. 66, dated September 17, 2009, at 7.[344]

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

Id. In addition, the Court expressly ruled that the issues surrounding the Larian-O'Connor email remain open for discovery and adjudication going forward. See September 22, 2009 Order at 1-2.[345] Among other things, this Request is directly relevant to whether Larian committed perjury in his Phase 1 trial testimony. It is also relevant to the decision to withhold the email, which constitutes the RICO predicate of obstruction of justice. See United States v. Lench, 806 F.2d 1443, 1445 (9th Cir. 1986) (that defendant "failed to provide the information requested and lied" about it "is all that is necessary to obstruct justice").

Larian's "vagueness" objection is disingenuous. Notably, Larian apparently fully understands what "the portion of the document attached hereto as Exhibit 1 containing the email exchange between YOU and Victoria O'Connor reflects legal advice" means as used other Requests. See Request Nos. 24, 25. Larian knows full well that the Request refers to any portions of the entire email exchange. See Pulsecard, Inc. v. Discover Card Servs., Inc., 168 F.R.D. 295, 310 (D. Kan. 1996) (overruling vague and ambiguous objections because "[r]espondents should exercise reason and common sense to attribute ordinary definitions to terms and phrases utilized in interrogatories."). Larian produced an incomplete version of the Larian-O'Connor email and logged it on its privilege log. Moreover, Larian's

---

[344]   Watson Decl., Ex. 1.

1  current counsel specifically produced the full Larian-O'Connor email as a document
2  it believed had previously been improperly withheld on privilege grounds.  Larian
3  cannot now pretend to be unaware of these facts.  The Request appropriately seeks
4  the knowledge of the MGA Parties, Larian, and their counsel.  A recipient of
5  requests for admission is required to respond informed by the knowledge of its
6  counsel.  Christian v. Janed Enterprises, Inc., 2009 WL 1796074, at *2 (M.D. Ga.
7  June 23, 2009) (party required to answer requests for admission with knowledge in
8  possession of the party and its counsel); Hise v Lockwood Grader Corp., 153 F Supp
9  276, 278 (D. Neb. 1957) (plaintiff required to respond to requests for admission with
10  facts only in the possession of counsel).

11          Larian's "legal conclusion" objection fares no better.  The prior
12  Discovery Master repeatedly overruled the exact same "legal conclusion" objections
13  Larian asserts here.  In compelling Bryant to respond to RFAs related to his
14  opinions about the enforceability of his employment contract with Mattel and the
15  copyrights related to Bratz, the Discovery Master overruled Bryant's privilege and
16  "legal conclusion" objections and ruled that "requests for admission calling for
17  application of law to facts are permissible" and that "[t]he fact that Bryant may need
18  to consult with counsel to respond to the requests does not make the response
19  privileged."[346]  Similarly, the Discovery Master compelled MGA to respond to
20  RFAs seeking information about MGA's copyright registrations and the accuracy of
21  MGA's statements to the press, emphasizing that "requests calling for legal
22  conclusions are permissible" so long as they are related to the facts of the case.[347]
23  The Discovery Master also reiterated that it is immaterial that MGA may need to
24  consult with counsel to answer the RFAs because "[t]o hold otherwise would

25  _____

26  [345]  Watson Decl., Ex. 42.
27  [346]  Discovery Master Order, dated August 20, 2007, at 6, Watson Decl., Ex. 32.
    [347]  Discovery Master Order, dated August 21, 2007, at 7, Watson Decl., Ex. 31.
28

1  effectively gut the provisions of Rule 36 authorizing requests that call for the
2  application of law to fact." Id.

3          Even had it not been already overruled, Larian's privilege objection is
4  baseless.  This Request simply asks Larian to admit that Larian believed, prior to
5  May 27, 2008, that the document reflects legal advice.  The question clearly does
6  not implicate the privilege or work product.  Larian placed the document on its
7  privilege log, and Mattel is entitled to know whether MGA actually believes the
8  document reflects legal advice.  It is black letter law that "questions related to the
9  existence of attorney-client communications" are not protected by the privilege.
10 Markwest Hydrocarbon, Inc. v. Liberty Mutual Ins. Co., 2007 WL 1106105, at *4
11 (D. Colo. April 12, 2007); see also New Jersey v. Sprint Corp., 2009 WL 1917412,
12 at *18 (D. Kan. July 2, 2009) ("Questions regarding the existence, extent, or waiver
13 of an attorney-client privilege or work-product immunity are not themselves
14 privileged or protected");  B.F.G. of Illinois, Inc. v. Ameritech Corp., 2001 WL
15 1414468, at *4 (N.D. Ill. Nov. 13, 2001) ("plaintiffs' counsel's proper questions
16 regarding foundational facts going to the assertion of privilege were improperly
17 objected to and the witness instructed not to answer"); Malletier v. Dooney &
18 Bourke, Inc., 2006 WL 3851150, at *1 (S.D.N.Y. Dec. 18, 2006) (declarations
19 submitted to support claim of privilege were improperly redacted because "plaintiff
20 has effectively eliminated from the declarations much of the basic information that
21 would be required to appear on a privilege log, together with the foundational facts
22 that its adversary would be entitled to discover in order to test a privilege claim.").

23         Larian has already conceded the fact sought by this Request. ███████
24 ████████████████████████████████████████████████████████████
25 █████████████████████████████, ██████████████████████████████
26
27
28



[redacted]"348 [redacted]

[redacted]"349 Larian cannot concede facts to the Court for the purposes of avoiding sanctions, then refuse to admit them for purposes of discovery. Notably, although Larian conceded these facts at the September 22, 2009 hearing, Mattel is nonetheless entitled to receive admissions as to these facts. Admissions, unlike pleadings or other evidentiary statements, are "binding upon the party making them. They may not be controverted at trial or on appeal. Indeed, they are 'not evidence at all but rather have the effect of withdrawing a fact from contention.'" Keller v. Untied States, 58 F.3d 1194, 1198 n.8 (7th Cir. 1995) (quoting Michael H. Graham, Federal Practice and Procedure: Evidence § 6726).

Larian's objection as to burden and oppression is frivolous. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections"). There is no conceivable burden in admitting a fact Larian has already conceded on the record; and indeed, Larian provides no basis for the burden objection, as required. See Discovery Master Order No. 17, dated April 14, 2009, at

---

[348] Sealed Hearing Tr. at 4:19-24; 8:17-9:11; 11:14-22, Watson Decl., Ex. 27.
[349] September 22, 2009 Sealed Hearing Tr. at 22:22-23:4, Watson Decl., Ex. 27; see also id. at 13:4-10 (THE COURT: "And obviously Victoria O'Conner is not an attorney; the argument is that she was conveying – without getting into the substance of it – that she was conveying legal advice, reminding Mr. Larian of legal advice.");

1   20 (overruling objections not stated with specificity);[350] <u>Jackson v. Montgomery</u>

2   <u>Ward & Co., Inc.,</u> 173 F.R.D. 524, 528-29 (D. Nev. 1997) (party claiming a

3   discovery request is "unduly burdensome must allege specific facts which indicate

4   the nature and extent of the burden, usually by affidavit or other reliable evidence");

5   <u>Horsewood v. Kids "R" Us,</u> 1998 WL 526589, at *4 (D. Kan. Aug. 13, 1998)

6   ("Mere assertions by plaintiff of harassment and intimidation provide no evidence of

7   undue burden."); <u>Bible v. Rio Props., Inc.,</u> 246 F.R.D. 614, 618 (C.D. Cal. 2007)

8   ("Contrary to defendant's assertion, the party who resists discovery has the burden to

9   show discovery should not be allowed, and has the burden of clarifying, explaining,

10  and supporting its objections."); Discovery Master Order No. 46, dated August 14,

11  2009, at 33 ("[T]he party claiming that a discovery request is unduly burdensome

12  must allege specific facts which indicate the nature and extent of the burden, usually

13  by affidavit or other reliable evidence.") (citing <u>Jackson v. Montgomery Ward &</u>

14  <u>Co., Inc.,</u> 173 F.R.D. 524, 528-29 (D. Nev. 1997)).

15       Lastly, Larian objects to "any instructions or definitions that seek to impose

16  requirements in addition to those imposed by the Federal Rules of Civil Procedure

17  or any applicable local rule." Mattel's RFAs did not include instructions, so Larian's

18  boilerplate objection on that ground makes no sense. Nor does Larian specify

19  which, if any, of the four definitions in Mattel's requests is improper, much less

20  provide any basis for the objection. Mattel's definitions are proper and Larian's

21  boilerplate objection should be overruled.

22

23

24

25

26

---

27  [350]   Watson Decl., Ex. 37.

28

1  REQUEST FOR ADMISSION NO. 21:

2      Admit that YOU believed, prior to May 27, 2008, that the portion of the

3  document attached hereto as Exhibit 1 containing the email exchange between YOU

4  and Victoria O'Connor did not reflect legal advice.

5

6  RESPONSE TO REQUEST FOR ADMISSION NO. 21:

7      Mr. Larian objects to the request as vague and ambiguous in its use of the

8  phrase "the portion of the document attached hereto as Exhibit 1 containing the

9  email exchange between YOU and Victoria O'Connor did not reflect legal advice"

10  in that there are three email exchanges between Mr. Larian and Victoria O'Connor

11  and this request does not specify which of the three exchanges to which it refers.

12  Mr. Larian objects to the request as it seeks disclosure of information that is

13  protected by the attorney-client privilege and/or work product doctrine. Mr. Larian

14  additionally objects to this request on the grounds that it calls for a legal conclusion.

15  Mr. Larian objects to the request to the extent it seeks information not relevant to the

16  claims or defenses of any party to this action and not reasonably calculated to lead

17  to the discovery of admissible evidence. Mr. Larian objects to the request to the

18  extent it is unduly burdensome and oppressive. In responding, Mr. Larian has not

19  and will not comply with any instructions or definitions that seek to impose

20  requirements in addition to those imposed by the Federal Rules of Civil Procedure

21  or any applicable local rule. Mr. Larian reserves the right to object on any ground at

22  any time to such other and supplemental discovery requests as Mattel may propound

23  involving or relating to the same subject matter(s) of the request. Mr. Larian objects

24  to the definitions and instructions to the extent such definitions and instructions

25  purport to enlarge, expand, or alter in any way the plain meaning and scope of any

26  specific term or specific requests on the grounds that such enlargement, expansion

27  or alteration renders such a term or request vague, ambiguous, unintelligible, overly

28  broad, unduly burdensome, uncertain or otherwise open to interpretation.

1  REASON WHY FURTHER RESPONSE TO REQUEST FOR ADMISSION NO.

2  21 SHOULD BE COMPELLED:

3         The Discovery Master has already ruled that Larian must respond to

4  this Request.  See Discovery Master Order No. 66, dated September 17, 2009, at

5  7.[351]  ███████████████████████████████████████

6  ██████████████████████████████████████████████

7  ██████████████████████████████████████████████

8  Id.  In addition, the Court expressly ruled that the issues surrounding the Larian-

9  O'Connor email remain open for discovery and adjudication going forward.  See

10 September 22, 2009 Order at 1-2.[352]  Among other things, this Request is directly

11 relevant to whether Larian committed perjury in his Phase 1 trial testimony.  It is

12 also relevant to the decision to withhold the email, which constitutes the RICO

13 predicate of obstruction of justice.  See United States v. Lench, 806 F.2d 1443, 1445

14 (9th Cir. 1986) (that defendant "failed to provide the information requested and

15 lied" about it "is all that is necessary to obstruct justice").

16        Larian's "vagueness" objection is disingenuous.  Notably, Larian

17 apparently fully understands what "the portion of the document attached hereto as

18 Exhibit 1 containing the email exchange between YOU and Victoria O'Connor

19 reflects legal advice" means as used other Requests.  See Request Nos. 24, 25.

20 Larian knows full well that the Request refers to any portions of the entire email

21 exchange.  See Pulsecard, Inc. v. Discover Card Servs., Inc., 168 F.R.D. 295, 310

22 (D. Kan. 1996) (overruling vague and ambiguous objections because "[r]espondents

23 should exercise reason and common sense to attribute ordinary definitions to terms

24 and phrases utilized in interrogatories.").  Larian produced an incomplete version of

25 the Larian-O'Connor email and logged it on its privilege log.  Moreover, Larian's

26

27 [351]  Watson Decl., Ex. 1.

28

1  current counsel specifically produced the full Larian-O'Connor email as a document
2  it believed had previously been improperly withheld on privilege grounds.  Larian
3  cannot now pretend to be unaware of these facts.  The Request appropriately seeks
4  the knowledge of the MGA Parties, Larian, and their counsel.  A recipient of
5  requests for admission is required to respond informed by the knowledge of its
6  counsel.  Christian v. Janed Enterprises, Inc., 2009 WL 1796074, at *2 (M.D. Ga.
7  June 23, 2009) (party required to answer requests for admission with knowledge in
8  possession of the party and its counsel); Hise v Lockwood Grader Corp., 153 F Supp
9  276, 278 (D. Neb. 1957) (plaintiff required to respond to requests for admission with
10  facts only in the possession of counsel).

11          Larian's "legal conclusion" objection fares no better.   The prior
12  Discovery Master repeatedly overruled the exact same "legal conclusion" objections
13  Larian asserts here.   In compelling Bryant to respond to RFAs related to his
14  opinions about the enforceability of his employment contract with Mattel and the
15  copyrights related to Bratz, the Discovery Master overruled Bryant's privilege and
16  "legal conclusion" objections and ruled that "requests for admission calling for
17  application of law to facts are permissible" and that "[t]he fact that Bryant may need
18  to consult with counsel to respond to the requests does not make the response
19  privileged."[353]   Similarly, the Discovery Master compelled MGA to respond to
20  RFAs seeking information about MGA's copyright registrations and the accuracy of
21  MGA's statements to the press, emphasizing that "requests calling for legal
22  conclusions are permissible" so long as they are related to the facts of the case.[354]
23  The Discovery Master also reiterated that it is immaterial that MGA may need to
24  consult with counsel to answer the RFAs because "[t]o hold otherwise would
25  _____
26  [352]  Watson Decl., Ex. 42.
27  [353]  Discovery Master Order, dated August 20, 2007, at 6, Watson Decl., Ex. 32.
    [354]  Discovery Master Order, dated August 21, 2007, at 7, Watson Decl., Ex. 31.
28

-312-
STATEMENT ISO MATTEL'S MOTION TO COMPEL MGA'S RESPONSE TO RFAS

1   effectively gut the provisions of Rule 36 authorizing requests that call for the

2   application of law to fact." Id.

3              Even had it not been already overruled, Larian's privilege objection is

4   baseless.  This Request simply asks Larian to admit that Larian believed, prior to

5   May 27, 2008, that the document did not reflect legal advice.  The question clearly

6   does not implicate the privilege or work product.  Larian placed the document on its

7   privilege log, and Mattel is entitled to know whether MGA actually believes the

8   document reflects legal advice.  It is black letter law that "questions related to the

9   existence of attorney-client communications" are not protected by the privilege.

10  Markwest Hydrocarbon, Inc. v. Liberty Mutual Ins. Co., 2007 WL 1106105, at *4

11  (D. Colo. April 12, 2007); see also New Jersey v. Sprint Corp., 2009 WL 1917412,

12  at *18 (D. Kan. July 2, 2009) ("Questions regarding the existence, extent, or waiver

13  of an attorney-client privilege or work-product immunity are not themselves

14  privileged or protected");  B.F.G. of Illinois, Inc. v. Ameritech Corp., 2001 WL

15  1414468, at *4 (N.D. Ill. Nov. 13, 2001) ("plaintiffs' counsel's proper questions

16  regarding foundational facts going to the assertion of privilege were improperly

17  objected to and the witness instructed not to answer"); Malletier v. Dooney &

18  Bourke, Inc., 2006 WL 3851150, at *1 (S.D.N.Y. Dec. 18, 2006) (declarations

19  submitted to support claim of privilege were improperly redacted because "plaintiff

20  has effectively eliminated from the declarations much of the basic information that

21  would be required to appear on a privilege log, together with the foundational facts

22  that its adversary would be entitled to discover in order to test a privilege claim.").

23              Larian has already conceded the fact sought by this Request. ████

24  ████████████████████████████████████████████████

25  ████████████████████████████, ████████████████

26

27

28



1     ▮▮▮▮▮▮▮,"355

6     ▮▮▮▮,"356 Larian cannot concede facts to the Court for the
7 purposes of avoiding sanctions, then refuse to admit them for purposes of discovery.
8 Notably, although Larian conceded these facts at the September 22, 2009 hearing,
9 Mattel is nonetheless entitled to receive admissions as to these facts. Admissions,
10 unlike pleadings or other evidentiary statements, are "binding upon the party making
11 them. They may not be controverted at trial or on appeal. Indeed, they are 'not
12 evidence at all but rather have the effect of withdrawing a fact from contention.'"
13 Keller v. Untied States, 58 F.3d 1194, 1198 n.8 (7th Cir. 1995) (quoting Michael H.
14 Graham, Federal Practice and Procedure: Evidence § 6726).

15       Larian's objection as to burden and oppression is frivolous. See A.
16 Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general
17 or boilerplate objections such as 'overly burdensome and harassing' are improper –
18 especially when a party fails to submit any evidentiary declarations supporting such
19 objections"). There is no conceivable burden in admitting a fact Larian has already
20 conceded on the record; and indeed, Larian provides no basis for the burden
21 objection, as required. See Discovery Master Order No. 17, dated April 14, 2009, at

---

355   Sealed Hearing Tr. at 4:19-24; 8:17-9:11; 11:14-22, Watson Decl., Ex. 27.
356   September 22, 2009 Sealed Hearing Tr. at 22:22-23:4, Watson Decl., Ex. 27; see also id. at 13:4-10 (THE COURT: "And obviously Victoria O'Conner is not an attorney; the argument is that she was conveying – without getting into the substance of it – that she was conveying legal advice, reminding Mr. Larian of legal advice.");

-314-

STATEMENT ISO MATTEL'S MOTION TO COMPEL MGA'S RESPONSE TO RFAS

20 (overruling objections not stated with specificity);[357] <u>Jackson v. Montgomery Ward & Co., Inc.</u>, 173 F.R.D. 524, 528-29 (D. Nev. 1997) (party claiming a discovery request is "unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence"); <u>Horsewood v. Kids "R" Us</u>, 1998 WL 526589, at *4 (D. Kan. Aug. 13, 1998) ("Mere assertions by plaintiff of harassment and intimidation provide no evidence of undue burden."); <u>Bible v. Rio Props., Inc.</u>, 246 F.R.D. 614, 618 (C.D. Cal. 2007) ("Contrary to defendant's assertion, the party who resists discovery has the burden to show discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections."); Discovery Master Order No. 46, dated August 14, 2009, at 33 ("[T]he party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence.") (citing <u>Jackson v. Montgomery Ward & Co., Inc.</u>, 173 F.R.D. 524, 528-29 (D. Nev. 1997)).

Lastly, Larian objects to "any instructions or definitions that seek to impose requirements in addition to those imposed by the Federal Rules of Civil Procedure or any applicable local rule." Mattel's RFAs did not include instructions, so Larian's boilerplate objection on that ground makes no sense. Nor does Larian specify which, if any, of the four definitions in Mattel's requests is improper, much less provide any basis for the objection. Mattel's definitions are proper and Larian's boilerplate objection should be overruled.

---

[357]   Watson Decl., Ex. 37.

STATEMENT ISO MATTEL'S MOTION TO COMPEL MGA'S RESPONSE TO RFAS

REQUEST FOR ADMISSION NO. 22:

Admit that YOU have never believed that the portion of the document attached as Exhibit 1 containing the email exchange between YOU and Victoria O'Connor reflects legal advice.

RESPONSE TO REQUEST FOR ADMISSION NO. 22:

Mr. Larian objects to the request as vague and ambiguous in its use of the phrase "the portion of the document attached hereto as Exhibit 1 containing the email exchange between YOU and Victoria O'Connor reflects legal advice" in that there are three email exchanges between Mr. Larian and Victoria O'Connor and this request does not specify which of the three exchanges to which it refers. Mr. Larian objects to the request as it seeks disclosure of information that is protected by the attorney-client privilege and/or work product doctrine. Mr. Larian additionally objects to this request on the grounds that it calls for a legal conclusion. Mr. Larian objects to the request to the extent it seeks information not relevant to the claims or defenses of any party to this action and not reasonably calculated to lead to the discovery of admissible evidence. Mr. Larian objects to the request to the extent it is unduly burdensome and oppressive. In responding, Mr. Larian has not and will not comply with any instructions or definitions that seek to impose requirements in addition to those imposed by the Federal Rules of Civil Procedure or any applicable local rule. Mr. Larian reserves the right to object on any ground at any time to such other and supplemental discovery requests as Mattel may propound involving or relating to the same subject matter(s) of the request. Mr. Larian objects to the definitions and instructions to the extent such definitions and instructions purport to enlarge, expand, or alter in any way the plain meaning and scope of any specific term or specific requests on the grounds that such enlargement, expansion or alteration renders such a term or request vague, ambiguous, unintelligible, overly broad, unduly burdensome, uncertain or otherwise open to interpretation.

1  REASON WHY FURTHER RESPONSE TO REQUEST FOR ADMISSION NO.

2  22 SHOULD BE COMPELLED:

3         The Discovery Master has already ruled that Larian must respond to

4  this Request.  See Discovery Master Order No. 66, dated September 17, 2009, at

5  7.[358] ███████████████████████████████████████████████

6  ███████████████████████████████████████████████████████

7  ███████████████████████████████████████████████████████

8  Id.  In addition, the Court expressly ruled that the issues surrounding the Larian-

9  O'Connor email remain open for discovery and adjudication going forward.  See

10 September 22, 2009 Order at 1-2.[359]  Among other things, this Request is directly

11 relevant to whether Larian committed perjury in his Phase 1 trial testimony.  It is

12 also relevant to the decision to withhold the email, which constitutes the RICO

13 predicate of obstruction of justice.  See United States v. Lench, 806 F.2d 1443, 1445

14 (9th Cir. 1986) (that defendant "failed to provide the information requested and

15 lied" about it "is all that is necessary to obstruct justice").

16        Larian's "vagueness" objection is disingenuous.   Notably, Larian

17 apparently fully understands what "the portion of the document attached hereto as

18 Exhibit 1 containing the email exchange between YOU and Victoria O'Connor

19 reflects legal advice" means as used other Requests.  See Request Nos. 24, 25.

20 Larian knows full well that the Request refers to any portions of the entire email

21 exchange.  See Pulsecard, Inc. v. Discover Card Servs., Inc., 168 F.R.D. 295, 310

22 (D. Kan. 1996) (overruling vague and ambiguous objections because "[r]espondents

23 should exercise reason and common sense to attribute ordinary definitions to terms

24 and phrases utilized in interrogatories.").  Larian produced an incomplete version of

25 the Larian-O'Connor email and logged it on its privilege log.  Moreover, Larian's

26

27  [358]  Watson Decl., Ex. 1.

28

00505.07975/3180667.1

-317-