1  current counsel specifically produced the full Larian-O'Connor email as a document
2  it believed had previously been improperly withheld on privilege grounds.  Larian
3  cannot now pretend to be unaware of these facts.  The Request appropriately seeks
4  the knowledge of the MGA Parties, Larian, and their counsel.  A recipient of
5  requests for admission is required to respond informed by the knowledge of its
6  counsel.  Christian v. Janed Enterprises, Inc., 2009 WL 1796074, at *2 (M.D. Ga.
7  June 23, 2009) (party required to answer requests for admission with knowledge in
8  possession of the party and its counsel); Hise v Lockwood Grader Corp., 153 F Supp
9  276, 278 (D. Neb. 1957) (plaintiff required to respond to requests for admission with
10  facts only in the possession of counsel).

11  Larian's "legal conclusion" objection fares no better.  The prior
12  Discovery Master repeatedly overruled the exact same "legal conclusion" objections
13  Larian asserts here.  In compelling Bryant to respond to RFAs related to his
14  opinions about the enforceability of his employment contract with Mattel and the
15  copyrights related to Bratz, the Discovery Master overruled Bryant's privilege and
16  "legal conclusion" objections and ruled that "requests for admission calling for
17  application of law to facts are permissible" and that "[t]he fact that Bryant may need
18  to consult with counsel to respond to the requests does not make the response
19  privileged."[360]  Similarly, the Discovery Master compelled MGA to respond to
20  RFAs seeking information about MGA's copyright registrations and the accuracy of
21  MGA's statements to the press, emphasizing that "requests calling for legal
22  conclusions are permissible" so long as they are related to the facts of the case.[361]
23  The Discovery Master also reiterated that it is immaterial that MGA may need to
24  consult with counsel to answer the RFAs because "[t]o hold otherwise would

25  _____

26  [359]  Watson Decl., Ex. 42.
27  [360]  Discovery Master Order, dated August 20, 2007, at 6, Watson Decl., Ex. 32.
   [361]  Discovery Master Order, dated August 21, 2007, at 7, Watson Decl., Ex. 31.
28

1 | effectively gut the provisions of Rule 36 authorizing requests that call for the
2 | application of law to fact." Id.

3 | Even had it not been already overruled, Larian's privilege objection is
4 | baseless.  This Request simply asks Larian to admit that Larian has never believed
5 | that the portion of the document attached as Exhibit 1 reflects legal advice.  The
6 | question clearly does not implicate the privilege or work product.  Larian placed the
7 | document on its privilege log, and Mattel is entitled to know whether MGA actually
8 | believes the document reflects legal advice.  It is black letter law that "questions
9 | related to the existence of attorney-client communications" are not protected by the
10 | privilege.  Markwest Hydrocarbon, Inc. v. Liberty Mutual Ins. Co., 2007 WL
11 | 1106105, at *4 (D. Colo. April 12, 2007); see also New Jersey v. Sprint Corp., 2009
12 | WL 1917412, at *18 (D. Kan. July 2, 2009) ("Questions regarding the existence,
13 | extent, or waiver of an attorney-client privilege or work-product immunity are not
14 | themselves privileged or protected");  B.F.G. of Illinois, Inc. v. Ameritech Corp.,
15 | 2001 WL 1414468, at *4 (N.D. Ill. Nov. 13, 2001) ("plaintiffs' counsel's proper
16 | questions regarding foundational facts going to the assertion of privilege were
17 | improperly objected to and the witness instructed not to answer"); Malletier v.
18 | Dooney & Bourke, Inc., 2006 WL 3851150, at *1 (S.D.N.Y. Dec. 18, 2006)
19 | (declarations submitted to support claim of privilege were improperly redacted
20 | because "plaintiff has effectively eliminated from the declarations much of the basic
21 | information that would be required to appear on a privilege log, together with the
22 | foundational facts that its adversary would be entitled to discover in order to test a
23 | privilege claim.").

24 | Larian has already conceded the fact sought by this Request. ▮▮▮▮
25 | ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
26 | ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, ▮▮▮▮▮▮▮▮▮▮
27 |
28 |



1  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮,"362 ▮▮▮▮▮▮

2  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

3  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

4  ▮▮▮▮▮▮▮▮▮▮▮. ▮▮▮▮▮▮▮▮

5  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

6  ▮▮▮▮▮▮▮▮,"363  Larian cannot concede facts to the Court for the

7  purposes of avoiding sanctions, then refuse to admit them for purposes of discovery.

8  Notably, although Larian conceded these facts at the September 22, 2009 hearing,

9  Mattel is nonetheless entitled to receive admissions as to these facts.  Admissions,

10  unlike pleadings or other evidentiary statements, are "binding upon the party making

11  them.  They may not be controverted at trial or on appeal.  Indeed, they are 'not

12  evidence at all but rather have the effect of withdrawing a fact from contention.'"

13  Keller v. Untied States, 58 F.3d 1194, 1198 n.8 (7th Cir. 1995) (quoting Michael H.

14  Graham, Federal Practice and Procedure: Evidence § 6726).

15        Larian's objection as to burden and oppression is frivolous.  See A.

16  Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general

17  or boilerplate objections such as 'overly burdensome and harassing' are improper –

18  especially when a party fails to submit any evidentiary declarations supporting such

19  objections").  There is no conceivable burden in admitting a fact Larian has already

20  conceded on the record; and indeed, Larian provides no basis for the burden

21  objection, as required.  See Discovery Master Order No. 17, dated April 14, 2009, at

22

23

_____

24  362  Sealed Hearing Tr. at 4:19-24; 8:17-9:11; 11:14-22, Watson Decl., Ex. 27.

25  363  September 22, 2009 Sealed Hearing Tr. at 22:22-23:4, Watson Decl., Ex. 27; see also id. at 13:4-10 (THE COURT: "And obviously Victoria O'Conner is not an

26  attorney; the argument is that she was conveying – without getting into the

27  substance of it – that she was conveying legal advice, reminding Mr. Larian of legal advice.");

28

1  20 (overruling objections not stated with specificity);[364] <u>Jackson v. Montgomery</u>
2  <u>Ward & Co., Inc.</u>, 173 F.R.D. 524, 528-29 (D. Nev. 1997) (party claiming a
3  discovery request is "unduly burdensome must allege specific facts which indicate
4  the nature and extent of the burden, usually by affidavit or other reliable evidence");
5  <u>Horsewood v. Kids "R" Us</u>, 1998 WL 526589, at *4 (D. Kan. Aug. 13, 1998)
6  ("Mere assertions by plaintiff of harassment and intimidation provide no evidence of
7  undue burden."); <u>Bible v. Rio Props., Inc.</u>, 246 F.R.D. 614, 618 (C.D. Cal. 2007)
8  ("Contrary to defendant's assertion, the party who resists discovery has the burden to
9  show discovery should not be allowed, and has the burden of clarifying, explaining,
10  and supporting its objections."); Discovery Master Order No. 46, dated August 14,
11  2009, at 33 ("[T]he party claiming that a discovery request is unduly burdensome
12  must allege specific facts which indicate the nature and extent of the burden, usually
13  by affidavit or other reliable evidence.") (citing <u>Jackson v. Montgomery Ward &</u>
14  <u>Co., Inc.</u>, 173 F.R.D. 524, 528-29 (D. Nev. 1997)).

15        Lastly, Larian objects to "any instructions or definitions that seek to impose
16  requirements in addition to those imposed by the Federal Rules of Civil Procedure
17  or any applicable local rule." Mattel's RFAs did not include instructions, so Larian's
18  boilerplate objection on that ground makes no sense. Nor does Larian specify
19  which, if any, of the four definitions in Mattel's requests is improper, much less
20  provide any basis for the objection. Mattel's definitions are proper and Larian's
21  boilerplate objection should be overruled.

22
23
24
25
26
27  [364]  Watson Decl., Ex. 37.
28

1  REQUEST FOR ADMISSION NO. 23:

2       Admit that YOU knew that the portion of the document attached hereto as

3  Exhibit 1 containing the email exchange between YOU and Victoria O'Connor did

4  not reflect legal advice.

5

6  RESPONSE TO REQUEST FOR ADMISSION NO. 23:

7       Mr. Larian objects to the request as vague and ambiguous in its use of the

8  phrase "the portion of the document attached hereto as Exhibit 1 containing the

9  email exchange between YOU and Victoria O'Connor did not reflect legal advice"

10 in that there are three email exchanges between Mr. Larian and Victoria O'Connor

11 and this request does not specify which of the three exchanges to which it refers.

12      Mr. Larian objects to the request as it seeks disclosure of information that is

13 protected by the attorney-client privilege and/or work product doctrine. Mr. Larian

14 additionally objects to this request on the grounds that it calls for a legal conclusion.

15 Mr. Larian objects to the request to the extent it seeks information not relevant to the

16 claims or defenses of any party to this action and not reasonably calculated to lead

17 to the discovery of admissible evidence. Mr. Larian objects to the request to the

18 extent it is unduly burdensome and oppressive. In responding, Mr. Larian has not

19 and will not comply with any instructions or definitions that seek to impose

20 requirements in addition to those imposed by the Federal Rules of Civil Procedure

21 or any applicable local rule. Mr. Larian reserves the right to object on any ground at

22 any time to such other and supplemental discovery requests as Mattel may propound

23 involving or relating to the same subject matter(s) of the request. Mr. Larian objects

24 to the definitions and instructions to the extent such definitions and instructions

25 purport to enlarge, expand, or alter in any way the plain meaning and scope of any

26 specific term or specific requests on the grounds that such enlargement, expansion

27 or alteration renders such a term or request vague, ambiguous, unintelligible, overly

28 broad, unduly burdensome, uncertain or otherwise open to interpretation.

1 | REASON WHY FURTHER RESPONSE TO REQUEST FOR ADMISSION NO.

2 | 23 SHOULD BE COMPELLED:

3 |         The Discovery Master has already ruled that Larian must respond to

4 | this Request. <u>See</u> Discovery Master Order No. 66, dated September 17, 2009, at

5 | 7.[365] ███████████████████████

6 | █████████████████████████████████

7 | █████████████████████████████████

8 | Id.  In addition, the Court expressly ruled that the issues surrounding the Larian-

9 | O'Connor email remain open for discovery and adjudication going forward.  <u>See</u>

10 | September 22, 2009 Order at 1-2.[366]  Among other things, this Request is directly

11 | relevant to whether Larian committed perjury in his Phase 1 trial testimony.  It is

12 | also relevant to the decision to withhold the email, which constitutes the RICO

13 | predicate of obstruction of justice. <u>See</u> <u>United States v. Lench</u>, 806 F.2d 1443, 1445

14 | (9th Cir. 1986) (that defendant "failed to provide the information requested and

15 | lied" about it "is all that is necessary to obstruct justice").

16 |         Larian's "vagueness" objection is disingenuous.  Larian knows full

17 | well that the Request refers to any portions of the entire email exchange.  <u>See</u>

18 | <u>Pulsecard, Inc. v. Discover Card Servs., Inc.</u>, 168 F.R.D. 295, 310 (D. Kan. 1996)

19 | (overruling vague and ambiguous objections because "[r]espondents should exercise

20 | reason and common sense to attribute ordinary definitions to terms and phrases

21 | utilized in interrogatories.").  Larian produced an incomplete version of the Larian-

22 | O'Connor email and logged it on its privilege log.  Moreover, Larian's current

23 | counsel specifically produced the full Larian-O'Connor email as a document it

24 | believed had previously been improperly withheld on privilege grounds.  Larian

25 | cannot now pretend to be unaware of these facts.  The Request appropriately seeks

26 |

27 | [365]  Watson Decl., Ex. 1.

28 |

1   the knowledge of the MGA Parties, Larian, and their counsel.   A recipient of

2   requests for admission is required to respond informed by the knowledge of its

3   counsel.   Christian v. Janed Enterprises, Inc., 2009 WL 1796074, at *2 (M.D. Ga.

4   June 23, 2009) (party required to answer requests for admission with knowledge in

5   possession of the party and its counsel); Hise v Lockwood Grader Corp., 153 F Supp

6   276, 278 (D. Neb. 1957) (plaintiff required to respond to requests for admission with

7   facts only in the possession of counsel).   Notably, Larian apparently fully

8   understands what "the portion of the document attached hereto as Exhibit 1

9   containing the email exchange between YOU and Victoria O'Connor reflects legal

10  advice" means as used other Requests. See Request Nos. 24, 25.

11          Larian's "legal conclusion" objection fares no better.   The prior

12  Discovery Master repeatedly overruled the exact same "legal conclusion" objections

13  Larian asserts here.   In compelling Bryant to respond to RFAs related to his

14  opinions about the enforceability of his employment contract with Mattel and the

15  copyrights related to Bratz, the Discovery Master overruled Bryant's privilege and

16  "legal conclusion" objections and ruled that "requests for admission calling for

17  application of law to facts are permissible" and that "[t]he fact that Bryant may need

18  to consult with counsel to respond to the requests does not make the response

19  privileged."[367]   Similarly, the Discovery Master compelled MGA to respond to

20  RFAs seeking information about MGA's copyright registrations and the accuracy of

21  MGA's statements to the press, emphasizing that "requests calling for legal

22  conclusions are permissible" so long as they are related to the facts of the case.[368]

23  The Discovery Master also reiterated that it is immaterial that MGA may need to

24  consult with counsel to answer the RFAs because "[t]o hold otherwise would

25  _____

26  [366]  Watson Decl., Ex. 42.

27  [367]  Discovery Master Order, dated August 20, 2007, at 6, Watson Decl., Ex. 32.
    [368]  Discovery Master Order, dated August 21, 2007, at 7, Watson Decl., Ex. 31.

28

1  effectively gut the provisions of Rule 36 authorizing requests that call for the
2  application of law to fact." Id.

3  Even had it not been already overruled, Larian's privilege objection is
4  baseless.   This Request simply asks Larian to admit that Larian knew that the
5  portion of the document attached as Exhibit 1 did not reflect legal advice.   The
6  question clearly does not implicate the privilege or work product.  Larian placed the
7  document on its privilege log, and Mattel is entitled to know whether MGA actually
8  believes the document reflects legal advice.   It is black letter law that "questions
9  related to the existence of attorney-client communications" are not protected by the
10 privilege.   Markwest Hydrocarbon, Inc. v. Liberty Mutual Ins. Co., 2007 WL
11 1106105, at *4 (D. Colo. April 12, 2007); see also New Jersey v. Sprint Corp., 2009
12 WL 1917412, at *18 (D. Kan. July 2, 2009) ("Questions regarding the existence,
13 extent, or waiver of an attorney-client privilege or work-product immunity are not
14 themselves privileged or protected");   B.F.G. of Illinois, Inc. v. Ameritech Corp.,
15 2001 WL 1414468, at *4 (N.D. Ill. Nov. 13, 2001) ("plaintiffs' counsel's proper
16 questions regarding foundational facts going to the assertion of privilege were
17 improperly objected to and the witness instructed not to answer"); Malletier v.
18 Dooney & Bourke, Inc., 2006 WL 3851150, at *1 (S.D.N.Y. Dec. 18, 2006)
19 (declarations submitted to support claim of privilege were improperly redacted
20 because "plaintiff has effectively eliminated from the declarations much of the basic
21 information that would be required to appear on a privilege log, together with the
22 foundational facts that its adversary would be entitled to discover in order to test a
23 privilege claim.").

24 Larian has already conceded the fact sought by this Request. ▮
25 ▮
26 ▮
27
28

00505.07975/3180667.1



,"369

,"370   Larian cannot concede facts to the Court for the purposes of avoiding sanctions, then refuse to admit them for purposes of discovery. Notably, although Larian conceded these facts at the September 22, 2009 hearing, Mattel is nonetheless entitled to receive admissions as to these facts.  Admissions, unlike pleadings or other evidentiary statements, are "binding upon the party making them.  They may not be controverted at trial or on appeal.  Indeed, they are 'not evidence at all but rather have the effect of withdrawing a fact from contention.'" Keller v. Untied States, 58 F.3d 1194, 1198 n.8 (7th Cir. 1995) (quoting Michael H. Graham, Federal Practice and Procedure: Evidence § 6726).

Larian's objection as to burden and oppression is frivolous.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections").  There is no conceivable burden in admitting a fact Larian has already conceded on the record; and indeed, Larian provides no basis for the burden objection, as required.  See Discovery Master Order No. 17, dated April 14, 2009, at

---

369   Sealed Hearing Tr. at 4:19-24; 8:17-9:11; 11:14-22, Watson Decl., Ex. 27.
370   September 22, 2009 Sealed Hearing Tr. at 22:22-23:4, Watson Decl., Ex. 27; see also id. at 13:4-10 (THE COURT: "And obviously Victoria O'Conner is not an attorney; the argument is that she was conveying – without getting into the substance of it – that she was conveying legal advice, reminding Mr. Larian of legal advice.");

1   20 (overruling objections not stated with specificity);[371] <u>Jackson v. Montgomery</u>

2   <u>Ward & Co., Inc.</u>, 173 F.R.D. 524, 528-29 (D. Nev. 1997) (party claiming a

3   discovery request is "unduly burdensome must allege specific facts which indicate

4   the nature and extent of the burden, usually by affidavit or other reliable evidence");

5   <u>Horsewood v. Kids "R" Us</u>, 1998 WL 526589, at *4 (D. Kan. Aug. 13, 1998)

6   ("Mere assertions by plaintiff of harassment and intimidation provide no evidence of

7   undue burden."); <u>Bible v. Rio Props., Inc.</u>, 246 F.R.D. 614, 618 (C.D. Cal. 2007)

8   ("Contrary to defendant's assertion, the party who resists discovery has the burden to

9   show discovery should not be allowed, and has the burden of clarifying, explaining,

10  and supporting its objections."); Discovery Master Order No. 46, dated August 14,

11  2009, at 33 ("[T]he party claiming that a discovery request is unduly burdensome

12  must allege specific facts which indicate the nature and extent of the burden, usually

13  by affidavit or other reliable evidence.") (citing <u>Jackson v. Montgomery Ward &</u>

14  <u>Co., Inc.</u>, 173 F.R.D. 524, 528-29 (D. Nev. 1997)).

15        Lastly, Larian objects to "any instructions or definitions that seek to impose

16  requirements in addition to those imposed by the Federal Rules of Civil Procedure

17  or any applicable local rule." Mattel's RFAs did not include instructions, so Larian's

18  boilerplate objection on that ground makes no sense.  Nor does Larian specify

19  which, if any, of the four definitions in Mattel's requests is improper, much less

20  provide any basis for the objection.  Mattel's definitions are proper and Larian's

21  boilerplate objection should be overruled.

22

23

24

25

26

27  [371]   Watson Decl., Ex. 37.

28

1  REQUEST FOR ADMISSION NO. 24:

2      Admit that YOU stated, prior to August 21, 2009, that the portion of the

3  document attached hereto as Exhibit 1 containing the email exchange between YOU

4  and Victoria O'Connor reflects legal advice.

5

6  RESPONSE TO REQUEST FOR ADMISSION NO. 24:

7      Mr. Larian objects to this request on the grounds that the word "stated" is

8  vague and ambiguous. Mr. Larian objects to the request as it seeks disclosure of

9  information that is protected by the attorney-client privilege and/or work product

10  doctrine. Mr. Larian objects to the request to the extent it seeks information not

11  relevant to the claims or defenses of any party to this action and not reasonably

12  calculated to lead to the discovery of admissible evidence. Mr. Larian objects to the

13  request to the extent it is unduly burdensome and oppressive. In responding,

14  Mr. Larian has not and will not comply with any instructions or definitions that seek

15  to impose requirements in addition to those imposed by the Federal Rules of Civil

16  Procedure or any applicable local rule. Mr. Larian reserves the right to object on any

17  ground at any time to such other and supplemental discovery requests as Mattel may

18  propound involving or relating to the same subject matter(s) of the request. Mr.

19  Larian objects to the definitions and instructions to the extent such definitions and

20  instructions purport to enlarge, expand, or alter in any way the plain meaning and

21  scope of any specific term or specific requests on the grounds that such enlargement,

22  expansion or alteration renders such a term or request vague, ambiguous,

23  unintelligible, overly broad, unduly burdensome, uncertain or otherwise open to

24  interpretation.

25

26

27

28

1  REASON WHY FURTHER RESPONSE TO REQUEST FOR ADMISSION NO.

2  24 SHOULD BE COMPELLED:

3       The Discovery Master has already ruled that Larian must respond to

4  this Request. <u>See</u> Discovery Master Order No. 66, dated September 17, 2009, at

5  7.[372] ███████████████████████████████████

6  █████████████████████████████████████████

7  █████████████████████████████████████████

8  Id.  In addition, the Court expressly ruled that the issues surrounding the Larian-

9  O'Connor email remain open for discovery and adjudication going forward.  <u>See</u>

10  September 22, 2009 Order at 1-2.[373]  Among other things, this Request is directly

11  relevant to whether Larian committed perjury in his Phase 1 trial testimony.  It is

12  also relevant to the decision to withhold the email, which constitutes the RICO

13  predicate of obstruction of justice. <u>See</u> <u>United States v. Lench</u>, 806 F.2d 1443, 1445

14  (9th Cir. 1986) (that defendant "failed to provide the information requested and

15  lied" about it "is all that is necessary to obstruct justice").

16       Larian's objection that the word "stated" is, in some unstated way,

17  "vague" is specious.  There is nothing vague about asking Larian to admit whether it

18  has stated something or not and Larian provides no basis for so objecting.  <u>See</u>

19  <u>Pulsecard, Inc. v. Discover Card Servs., Inc.</u>, 168 F.R.D. 295, 310 (D. Kan. 1996)

20  (overruling vague and ambiguous objections because "[r]espondents should exercise

21  reason and common sense to attribute ordinary definitions to terms and phrases

22  utilized in interrogatories.").  Notably, inconsistent with his purported vagueness

23  objections as to other requests, Larian apparently fully understands what "the

24  portion of the document attached hereto as Exhibit 1 containing the email exchange

25

26

27  [372]  Watson Decl., Ex. 1.

28  [373]  Watson Decl., Ex. 42.

1 | between YOU and Victoria O'Connor reflects legal advice" means as to this
2 | Request.

3 |      Even had it not been already overruled, Larian's privilege objection is
4 | baseless. This Request simply asks Larian to admit that he stated, prior to August
5 | 21, 2009, that the document reflected legal advice. The question clearly does not
6 | implicate the privilege or work product. Larian placed the document on his
7 | privilege log, which is itself a statement. It is black letter law that "questions related
8 | to the existence of attorney-client communications" are not protected by the
9 | privilege. Markwest Hydrocarbon, Inc. v. Liberty Mutual Ins. Co., 2007 WL
10 | 1106105, at *4 (D. Colo. April 12, 2007); see also New Jersey v. Sprint Corp., 2009
11 | WL 1917412, at *18 (D. Kan. July 2, 2009) ("Questions regarding the existence,
12 | extent, or waiver of an attorney-client privilege or work-product immunity are not
13 | themselves privileged or protected"); B.F.G. of Illinois, Inc. v. Ameritech Corp.,
14 | 2001 WL 1414468, at *4 (N.D. Ill. Nov. 13, 2001) ("plaintiffs' counsel's proper
15 | questions regarding foundational facts going to the assertion of privilege were
16 | improperly objected to and the witness instructed not to answer"); Malletier v.
17 | Dooney & Bourke, Inc., 2006 WL 3851150, at *1 (S.D.N.Y. Dec. 18, 2006)
18 | (declarations submitted to support claim of privilege were improperly redacted
19 | because "plaintiff has effectively eliminated from the declarations much of the basic
20 | information that would be required to appear on a privilege log, together with the
21 | foundational facts that its adversary would be entitled to discover in order to test a
22 | privilege claim.").

23 |      Larian has already conceded the fact sought by this Request. ████
24 | ████████████████████████████████████████████████████
25 | ████████████████████████████████████████████████████
26 |
27 |
28 |



1

2

3

4

5

6 [REDACTED][375] MGA cannot concede facts to the Court for the

7 purposes of avoiding sanctions, then refuse to admit them for purposes of discovery.

8         Larian's objection as to burden and oppression is frivolous.  See A.

9 Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general

10 or boilerplate objections such as 'overly burdensome and harassing' are improper –

11 especially when a party fails to submit any evidentiary declarations supporting such

12 objections").  There is no conceivable burden in admitting a fact MGA has already

13 conceded on the record; and indeed, MGA provides no basis for the burden

14 objection, as required.  See Discovery Master Order No. 17, dated April 14, 2009, at

15 20 (overruling objections not stated with specificity);[376] Jackson v. Montgomery

16 Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) (party claiming a

17 discovery request is "unduly burdensome must allege specific facts which indicate

18 the nature and extent of the burden, usually by affidavit or other reliable evidence");

19 Horsewood v. Kids "R" Us, 1998 WL 526589, at *4 (D. Kan. Aug. 13, 1998)

20 ("Mere assertions by plaintiff of harassment and intimidation provide no evidence of

21 undue burden."); Bible v. Rio Props., Inc., 246 F.R.D. 614, 618 (C.D. Cal. 2007)

22

23   [374]  Sealed Hearing Tr. at 4:19-24; 8:17-9:11; 11:14-22, Watson Decl., Ex. 27.

24   [375]  September 22, 2009 Sealed Hearing Tr. at 22:22-23:4, Watson Decl., Ex. 27;

25 see also id. at 13:4-10 (THE COURT: "And obviously Victoria O'Conner is not an attorney; the argument is that she was conveying – without getting into the

26 substance of it – that she was conveying legal advice, reminding Mr. Larian of legal

27 advice.");
  [376]  Watson Decl., Ex. 37.

28

1  ("Contrary to defendant's assertion, the party who resists discovery has the burden to
2  show discovery should not be allowed, and has the burden of clarifying, explaining,
3  and supporting its objections."); Discovery Master Order No. 46, dated August 14,
4  2009, at 33 ("[T]he party claiming that a discovery request is unduly burdensome
5  must allege specific facts which indicate the nature and extent of the burden, usually
6  by affidavit or other reliable evidence.") (citing Jackson v. Montgomery Ward &
7  Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997)).

8      Lastly, Larian objects to "any instructions or definitions that seek to impose
9  requirements in addition to those imposed by the Federal Rules of Civil Procedure
10 or any applicable local rule." Mattel's RFAs did not include instructions, so Larian's
11 boilerplate objection on that ground makes no sense.  Nor does Larian specify
12 which, if any, of the four definitions in Mattel's requests is improper, much less
13 provide any basis for the objection.  Mattel's definitions are proper and Larian's
14 boilerplate objection should be overruled.

15

16 REQUEST FOR ADMISSION NO. 25:

17     Admit that YOU stated, prior to August 21, 2009, that the portion of the
18 document attached hereto as Exhibit 1 containing the email exchange between YOU
19 and Victoria O'Connor did not reflect legal advice.

20

21 RESPONSE TO REQUEST FOR ADMISSION NO. 25:

22     Mr. Larian objects to this request on the grounds that the word "stated" is
23 vague and ambiguous. Mr. Larian objects to the request as it seeks disclosure of
24 information that is protected by the attorney-client privilege and/or work product
25 doctrine. Mr. Larian objects to the request to the extent it seeks information not
26 relevant to the claims or defenses of any party to this action and not reasonably
27 calculated to lead to the discovery of admissible evidence. Mr. Larian objects to the
28 request to the extent it is unduly burdensome and oppressive. In responding, Mr.

1  Larian has not and will not comply with any instructions or definitions that seek to

2  impose requirements in addition to those imposed by the Federal Rules of Civil

3  Procedure or any applicable local rule. Mr. Larian reserves the right to object on any

4  ground at any time to such other and supplemental discovery requests as Mattel may

5  propound involving or relating to the same subject matter(s) of the request. Mr.

6  Larian objects to the definitions and instructions to the extent such definitions and

7  instructions purport to enlarge, expand, or alter in any way the plain meaning and

8  scope of any specific term or specific requests on the grounds that such enlargement,

9  expansion or alteration renders such a term or request vague, ambiguous,

10  unintelligible, overly broad, unduly burdensome, uncertain or otherwise open to

11  interpretation.

12

13  <u>REASON WHY FURTHER RESPONSE TO REQUEST FOR ADMISSION NO.</u>

14  <u>25 SHOULD BE COMPELLED</u>:

15       The Discovery Master has already ruled that Larian must respond to

16  this Request. <u>See</u> Discovery Master Order No. 66, dated September 17, 2009, at

17  7.[377]

18

19

20  <u>Id.</u>  In addition, the Court expressly ruled that the issues surrounding the Larian-

21  O'Connor email remain open for discovery and adjudication going forward.  <u>See</u>

22  September 22, 2009 Order at 1-2.[378]  Among other things, this Request is directly

23  relevant to whether Larian committed perjury in his Phase 1 trial testimony. It is

24  also relevant to the decision to withhold the email, which constitutes the RICO

25  predicate of obstruction of justice. <u>See</u> <u>United States v. Lench</u>, 806 F.2d 1443, 1445

26

27  [377]  Watson Decl., Ex. 1.

28

1 | (9th Cir. 1986) (that defendant "failed to provide the information requested and
2 | lied" about it "is all that is necessary to obstruct justice").

3 |      Larian's objection that the word "stated" is, in some unstated way,
4 | "vague" is specious. There is nothing vague about asking Larian to admit whether it
5 | has stated something or not and Larian provides no basis for so objecting. <u>See</u>
6 | <u>Pulsecard, Inc. v. Discover Card Servs., Inc.</u>, 168 F.R.D. 295, 310 (D. Kan. 1996)
7 | (overruling vague and ambiguous objections because "[r]espondents should exercise
8 | reason and common sense to attribute ordinary definitions to terms and phrases
9 | utilized in interrogatories."). Notably, inconsistent with his purported vagueness
10 | objections as to other requests, Larian apparently fully understands what "the
11 | portion of the document attached hereto as Exhibit 1 containing the email exchange
12 | between YOU and Victoria O'Connor reflects legal advice" means as to this
13 | Request.

14 |      Even had it not been already overruled, Larian's privilege objection is
15 | baseless. This Request simply asks Larian to admit that prior to August 21, 2009, he
16 | stated that the document did not reflect legal advice. The question clearly does not
17 | implicate the privilege or work product. Larian produced the document to Mattel on
18 | August 21, 2009, and clearly at some point prior to that concluded the document did
19 | not reflect legal advice. It is black letter law that "questions related to the existence
20 | of attorney-client communications" are not protected by the privilege. <u>Markwest</u>
21 | <u>Hydrocarbon, Inc. v. Liberty Mutual Ins. Co.</u>, 2007 WL 1106105, at *4 (D. Colo.
22 | April 12, 2007); <u>see also</u> <u>New Jersey v. Sprint Corp.</u>, 2009 WL 1917412, at *18 (D.
23 | Kan. July 2, 2009) ("Questions regarding the existence, extent, or waiver of an
24 | attorney-client privilege or work-product immunity are not themselves privileged or
25 | protected"); <u>B.F.G. of Illinois, Inc. v. Ameritech Corp.</u>, 2001 WL 1414468, at *4

26 |
27 | [378]   Watson Decl., Ex. 42.
28 |

-334-

1   (N.D. Ill. Nov. 13, 2001) ("plaintiffs' counsel's proper questions regarding

2   foundational facts going to the assertion of privilege were improperly objected to

3   and the witness instructed not to answer"); <u>Malletier v. Dooney & Bourke, Inc.,</u>

4   2006 WL 3851150, at *1 (S.D.N.Y. Dec. 18, 2006) (declarations submitted to

5   support claim of privilege were improperly redacted because "plaintiff has

6   effectively eliminated from the declarations much of the basic information that

7   would be required to appear on a privilege log, together with the foundational facts

8   that its adversary would be entitled to discover in order to test a privilege claim.").

9          Larian has already conceded the fact sought by this Request. ███████

10   ████████████████████████████████████████████████████████

11   ████████████████████████████, ███████████████████████

12   █████████████████████████████████████████."[379]  Larian

13   cannot concede facts to the Court for the purposes of avoiding sanctions, then refuse

14   to admit them for purposes of discovery. Notably, although Larian conceded these

15   facts at the September 22, 2009 hearing, Mattel is nonetheless entitled to receive

16   admissions as to these facts. Admissions, unlike pleadings or other evidentiary

17   statements, are "binding upon the party making them. They may not be

18   controverted at trial or on appeal. Indeed, they are 'not evidence at all but rather

19   have the effect of withdrawing a fact from contention.'" <u>Keller v. Untied States</u>, 58

20   F.3d 1194, 1198 n.8 (7th Cir. 1995) (quoting Michael H. Graham, Federal Practice

21   and Procedure: Evidence § 6726).

22          Larian's objection as to burden and oppression is frivolous. <u>See</u> <u>A.</u>

23   <u>Farber and Partners, Inc. v. Garber</u>, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general

24   or boilerplate objections such as 'overly burdensome and harassing' are improper –

25   especially when a party fails to submit any evidentiary declarations supporting such

26

27   [379]  Sealed Hearing Tr. at 4:19-24; 8:17-9:11; 11:14-22, Watson Decl., Ex. 27.

28

1  objections"). There is no conceivable burden in admitting a fact Larian has already
2  conceded on the record; and indeed, Larian provides no basis for the burden
3  objection, as required. See Discovery Master Order No. 17, dated April 14, 2009, at
4  20 (overruling objections not stated with specificity);[380] Jackson v. Montgomery
5  Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) (party claiming a
6  discovery request is "unduly burdensome must allege specific facts which indicate
7  the nature and extent of the burden, usually by affidavit or other reliable evidence");
8  Horsewood v. Kids "R" Us, 1998 WL 526589, at *4 (D. Kan. Aug. 13, 1998)
9  ("Mere assertions by plaintiff of harassment and intimidation provide no evidence of
10  undue burden."); Bible v. Rio Props., Inc., 246 F.R.D. 614, 618 (C.D. Cal. 2007)
11  ("Contrary to defendant's assertion, the party who resists discovery has the burden to
12  show discovery should not be allowed, and has the burden of clarifying, explaining,
13  and supporting its objections."); Discovery Master Order No. 46, dated August 14,
14  2009, at 33 ("[T]he party claiming that a discovery request is unduly burdensome
15  must allege specific facts which indicate the nature and extent of the burden, usually
16  by affidavit or other reliable evidence.") (citing Jackson v. Montgomery Ward &
17  Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997)).

18      Lastly, Larian objects to "any instructions or definitions that seek to impose
19  requirements in addition to those imposed by the Federal Rules of Civil Procedure
20  or any applicable local rule." Mattel's RFAs did not include instructions, so Larian's
21  boilerplate objection on that ground makes no sense. Nor does Larian specify
22  which, if any, of the four definitions in Mattel's requests is improper, much less
23  provide any basis for the objection. Mattel's definitions are proper and Larian's
24  boilerplate objection should be overruled.

[380]  Watson Decl., Ex. 37.

REQUEST FOR ADMISSION NO. 26:

Admit that the document attached hereto as Exhibit 1 was not listed on any MGA privilege log prior to MGA's REVISED JANUARY 23, 2008 PRIVILEGE LOG.

RESPONSE TO REQUEST FOR ADMISSION NO. 26:

Mr. Larian objects to the request as it seeks disclosure of information that is protected by the attorney-client privilege and/or work product doctrine in that the basis for Mr. Larian's knowledge is communications with his counsel. Mr. Larian objects to the request to the extent it seeks information not relevant to the claims or defenses of any party to this action and not reasonably calculated to lead to the discovery of admissible evidence. Mr. Larian objects to the request to the extent it is unduly burdensome and oppressive. In responding, Mr. Larian has not and will not comply with any instructions or definitions that seek to impose requirements in addition to those imposed by the Federal Rules of Civil Procedure or any applicable local rule. Mr. Larian reserves the right to object on any ground at any time to such other and supplemental discovery requests as Mattel may propound involving or relating to the same subject matter(s) of the request. Mr. Larian objects to the definitions and instructions to the extent such definitions and instructions purport to enlarge, expand, or alter in any way the plain meaning and scope of any specific term or specific requests on the grounds that such enlargement, expansion or alteration renders such a term or request vague, ambiguous, unintelligible, overly broad, unduly burdensome, uncertain or otherwise open to interpretation.

REASON WHY FURTHER RESPONSE TO REQUEST FOR ADMISSION NO. 26 SHOULD BE COMPELLED:

The Discovery Master has already ruled that Larian must respond to this Request. See Discovery Master Order No. 66, dated September 17, 2009, at

7.[381] ████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

Id.   In addition, the Court expressly ruled that the issues surrounding the Larian-O'Connor email remain open for discovery and adjudication going forward.  See September 22, 2009 Order at 1-2.[382]  Among other things, this Request is directly relevant to whether Larian committed perjury in his Phase 1 trial testimony.  It is also relevant to the decision to withhold the email, which constitutes the RICO predicate of obstruction of justice.  See United States v. Lench, 806 F.2d 1443, 1445 (9th Cir. 1986) (that defendant "failed to provide the information requested and lied" about it "is all that is necessary to obstruct justice").

Even had it not been already overruled, Larian's privilege objection is baseless.  This Request simply asks Larian to admit that the Larian-O'Connor email was not on his privilege log prior to January 23, 2008.  The question clearly does not implicate the privilege or work product.  It is black letter law that "questions related to the existence of attorney-client communications" are not protected by the privilege.  Markwest Hydrocarbon, Inc. v. Liberty Mutual Ins. Co., 2007 WL 1106105, at *4 (D. Colo. April 12, 2007); see also New Jersey v. Sprint Corp., 2009 WL 1917412, at *18 (D. Kan. July 2, 2009) ("Questions regarding the existence, extent, or waiver of an attorney-client privilege or work-product immunity are not themselves privileged or protected"); B.F.G. of Illinois, Inc. v. Ameritech Corp., 2001 WL 1414468, at *4 (N.D. Ill. Nov. 13, 2001) ("plaintiffs' counsel's proper questions regarding foundational facts going to the assertion of privilege were improperly objected to and the witness instructed not to answer"); Malletier v. Dooney & Bourke, Inc., 2006 WL 3851150, at *1 (S.D.N.Y. Dec. 18, 2006)

---

[381]   Watson Decl., Ex. 1.

1   (declarations submitted to support claim of privilege were improperly redacted

2   because "plaintiff has effectively eliminated from the declarations much of the basic

3   information that would be required to appear on a privilege log, together with the

4   foundational facts that its adversary would be entitled to discover in order to test a

5   privilege claim.").

6          Larian's objection as to burden and oppression is frivolous. See A.

7   Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general

8   or boilerplate objections such as 'overly burdensome and harassing' are improper –

9   especially when a party fails to submit any evidentiary declarations supporting such

10  objections").  There is no conceivable burden in admitting a fact Larian has already

11  conceded on the record; and indeed, Larian provides no basis for the burden

12  objection, as required.  See Discovery Master Order No. 17, dated April 14, 2009, at

13  20 (overruling objections not stated with specificity);[383] Jackson v. Montgomery

14  Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) (party claiming a

15  discovery request is "unduly burdensome must allege specific facts which indicate

16  the nature and extent of the burden, usually by affidavit or other reliable evidence");

17  Horsewood v. Kids "R" Us, 1998 WL 526589, at *4 (D. Kan. Aug. 13, 1998)

18  ("Mere assertions by plaintiff of harassment and intimidation provide no evidence of

19  undue burden."); Bible v. Rio Props., Inc., 246 F.R.D. 614, 618 (C.D. Cal. 2007)

20  ("Contrary to defendant's assertion, the party who resists discovery has the burden to

21  show discovery should not be allowed, and has the burden of clarifying, explaining,

22  and supporting its objections."); Discovery Master Order No. 46, dated August 14,

23  2009, at 33 ("[T]he party claiming that a discovery request is unduly burdensome

24  must allege specific facts which indicate the nature and extent of the burden, usually

25

26  ───────────────

27  [382]  Watson Decl., Ex. 42.
    [383]  Watson Decl., Ex. 37.

28

00505.07975/3180667.1                          -339-
                        STATEMENT ISO MATTEL'S MOTION TO COMPEL MGA'S RESPONSE TO RFAS

1   by affidavit or other reliable evidence.") (citing <u>Jackson v. Montgomery Ward &</u>

2   <u>Co., Inc.,</u> 173 F.R.D. 524, 528-29 (D. Nev. 1997)).

3          Lastly, Larian objects to "any instructions or definitions that seek to

4   impose requirements in addition to those imposed by the Federal Rules of Civil

5   Procedure or any applicable local rule."  Mattel's RFAs did not include instructions,

6   so Larian 's boilerplate objection on that ground makes no sense.  Nor does Larian

7   specify which, if any, of the four definitions in Mattel's requests is improper, much

8   less provide any basis for the objection.  Mattel's definitions are proper and Larian 's

9   boilerplate objection should be overruled.

10

11

12   REQUEST FOR ADMISSION NO. 27:

13          Admit that the document attached hereto as Exhibit 1 was listed on a MGA

14   privilege log prior to MGA'S REVISED JANUARY 23, 2008 PRIVILEGE LOG.

15

16   RESPONSE TO REQUEST FOR ADMISSION NO. 27:

17          Mr. Larian objects to the request as it seeks disclosure of information that is

18   protected by the attorney-client privilege and/or work product doctrine in that the

19   basis for Mr. Larian's knowledge is communications with his counsel. Mr. Larian

20   objects to the request to the extent it seeks information not relevant to the claims or

21   defenses of any party to this action and not reasonably calculated to lead to the

22   discovery of admissible evidence. Mr. Larian objects to the request to the extent it is

23   unduly burdensome and oppressive. In responding, Mr. Larian has not and will not

24   comply with any instructions or definitions that seek to impose requirements in

25   addition to those imposed by the Federal Rules of Civil Procedure or any applicable

26   local rule. Mr. Larian reserves the right to object on any ground at any time to such

27   other and supplemental discovery requests as Mattel may propound involving or

28   relating to the same subject matter(s) of the request. Mr. Larian objects to the

definitions and instructions to the extent such definitions and instructions purport to enlarge, expand, or alter in any way the plain meaning and scope of any specific term or specific requests on the grounds that such enlargement, expansion or alteration renders such a term or request vague, ambiguous, unintelligible, overly broad, unduly burdensome, uncertain or otherwise open to interpretation.

REASON WHY FURTHER RESPONSE TO REQUEST FOR ADMISSION NO. 27 SHOULD BE COMPELLED:

The Discovery Master has already ruled that Larian must respond to this Request. See Discovery Master Order No. 66, dated September 17, 2009, at 7.[384] ██████████████████████████████████ ████████████████████████████████████████████ ████████████████████████████████████████████ Id. In addition, the Court expressly ruled that the issues surrounding the Larian-O'Connor email remain open for discovery and adjudication going forward. See September 22, 2009 Order at 1-2.[385] Among other things, this Request is directly relevant to whether Larian committed perjury in his Phase 1 trial testimony. It is also relevant to the decision to withhold the email, which constitutes the RICO predicate of obstruction of justice. See United States v. Lench, 806 F.2d 1443, 1445 (9th Cir. 1986) (that defendant "failed to provide the information requested and lied" about it "is all that is necessary to obstruct justice").

Even had it not been already overruled, Larian 's privilege objection is baseless. This Request simply asks Larian to admit that the Larian-O'Connor email was listed on an MGA privilege log prior to January 23, 2008. The question clearly does not implicate the privilege or work product. It is black letter law that

---

[384]   Watson Decl., Ex. 1.

1  "questions related to the existence of attorney-client communications" are not
2  protected by the privilege. <u>Markwest Hydrocarbon, Inc. v. Liberty Mutual Ins. Co.</u>,
3  2007 WL 1106105, at *4 (D. Colo. April 12, 2007); <u>see</u> <u>also</u> <u>New Jersey v. Sprint</u>
4  <u>Corp.</u>, 2009 WL 1917412, at *18 (D. Kan. July 2, 2009) ("Questions regarding the
5  existence, extent, or waiver of an attorney-client privilege or work-product
6  immunity are not themselves privileged or protected"); <u>B.F.G. of Illinois, Inc. v.</u>
7  <u>Ameritech Corp.</u>, 2001 WL 1414468, at *4 (N.D. Ill. Nov. 13, 2001) ("plaintiffs'
8  counsel's proper questions regarding foundational facts going to the assertion of
9  privilege were improperly objected to and the witness instructed not to answer");
10 <u>Malletier v. Dooney & Bourke, Inc.</u>, 2006 WL 3851150, at *1 (S.D.N.Y. Dec. 18,
11 2006) (declarations submitted to support claim of privilege were improperly
12 redacted because "plaintiff has effectively eliminated from the declarations much of
13 the basic information that would be required to appear on a privilege log, together
14 with the foundational facts that its adversary would be entitled to discover in order
15 to test a privilege claim.").

16          Larian has already conceded the fact related to this Request. ███████
17 ████████████████████████████████████████████████████████████
18 ████████████████████████████,  ███████████████████████████
19 ████████████████████████████████████████████
20 ███████████████████████[386]  Larian cannot concede facts to the
21 Court for the purposes of avoiding sanctions, then refuse to admit them for purposes
22 of discovery.  Notably, although Larian conceded these facts at the September 22,
23 2009 hearing, Mattel is nonetheless entitled to receive admissions as to these facts.
24 Admissions, unlike pleadings or other evidentiary statements, are "binding upon the
25 party making them.  They may not be controverted at trial or on appeal.  Indeed,
26
27 [385]  Watson Decl., Ex. 42.
28

STATEMENT ISO MATTEL'S MOTION TO COMPEL MGA'S RESPONSE TO RFAS

1  they are 'not evidence at all but rather have the effect of withdrawing a fact from
2  contention.'"   Keller v. Untied States, 58 F.3d 1194, 1198 n.8 (7th Cir. 1995)
3  (quoting Michael H. Graham, Federal Practice and Procedure: Evidence § 6726).

4  Larian 's objection as to burden and oppression is frivolous. See A.
5  Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general
6  or boilerplate objections such as 'overly burdensome and harassing' are improper –
7  especially when a party fails to submit any evidentiary declarations supporting such
8  objections"). There is no conceivable burden in admitting a fact Larian has already
9  conceded on the record; and indeed, Larian provides no basis for the burden
10 objection, as required. See Discovery Master Order No. 17, dated April 14, 2009, at
11 20 (overruling objections not stated with specificity);[387] Jackson v. Montgomery
12 Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) (party claiming a
13 discovery request is "unduly burdensome must allege specific facts which indicate
14 the nature and extent of the burden, usually by affidavit or other reliable evidence");
15 Horsewood v. Kids "R" Us, 1998 WL 526589, at *4 (D. Kan. Aug. 13, 1998)
16 ("Mere assertions by plaintiff of harassment and intimidation provide no evidence of
17 undue burden."); Bible v. Rio Props., Inc., 246 F.R.D. 614, 618 (C.D. Cal. 2007)
18 ("Contrary to defendant's assertion, the party who resists discovery has the burden to
19 show discovery should not be allowed, and has the burden of clarifying, explaining,
20 and supporting its objections."); Discovery Master Order No. 46, dated August 14,
21 2009, at 33 ("[T]he party claiming that a discovery request is unduly burdensome
22 must allege specific facts which indicate the nature and extent of the burden, usually
23 by affidavit or other reliable evidence.") (citing Jackson v. Montgomery Ward &
24 Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997)).

25

26

27  [386]  Sealed Hearing Tr. at 4:19-24; 8:17-9:11; 11:14-22, Watson Decl., Ex. 27.
     [387]  Watson Decl., Ex. 37.
28

1    Lastly, Larian objects to "any instructions or definitions that seek to impose
2    requirements in addition to those imposed by the Federal Rules of Civil Procedure
3    or any applicable local rule."  Mattel's RFAs did not include instructions, so Larian
4    's boilerplate objection on that ground makes no sense.  Nor does Larian specify
5    which, if any, of the four definitions in Mattel's requests is improper, much less
6    provide any basis for the objection.  Mattel's definitions are proper and Larian 's
7    boilerplate objection should be overruled.

8

9    REQUEST FOR ADMISSION NO. 28:

10    Admit that the document attached hereto as Exhibit 1 was listed on MGA'S
11    REVISED JANUARY 23, 2008 PRIVILEGE LOG because MGA knew prior to
12    that time that MGA had been compelled by Court Order to produce the documents
13    attached hereto as Exhibit 1.

14

15

16    RESPONSE TO REQUEST FOR ADMISSION NO. 28:

17    Mr. Larian objects to the request on the grounds that it is vague in failing to
18    specify any Court Order that Mattel contends applies and on the ground that it calls
19    for a legal conclusion. Mr. Larian objects to the request as it seeks disclosure of
20    information that is protected by the attorney-client privilege and/or work product
21    doctrine in that the basis for Mr. Larian's knowledge is communications with his
22    counsel. Mr. Larian objects to the request to the extent it seeks information not
23    relevant to the claims or defenses of any party to this action and not reasonably
24    calculated to lead to the discovery of admissible evidence. Mr. Larian objects to the
25    request to the extent it is unduly burdensome and oppressive. In responding, Mr.
26    Larian has not and will not comply with any instructions or definitions that seek to
27    impose requirements in addition to those imposed by the Federal Rules of Civil
28    Procedure or any applicable local rule. Mr. Larian reserves the right to object on any

00505.07975/3180667.1

-344-

STATEMENT ISO MATTEL'S MOTION TO COMPEL MGA'S RESPONSE TO RFAS

1  ground at any time to such other and supplemental discovery requests as Mattel may
2  propound involving or relating to the same subject matter(s) of the request. Mr.
3  Larian objects to the definitions and instructions to the extent such definitions and
4  instructions purport to enlarge, expand, or alter in any way the plain meaning and
5  scope of any specific term or specific requests on the grounds that such enlargement,
6  expansion or alteration renders such a term or request vague, ambiguous,
7  unintelligible, overly broad, unduly burdensome, uncertain or otherwise open to
8  interpretation. Finally, Mr. Larian objects to this request as compound in that it
9  combines three requests, see Request Nos. 2, 3 and Request No. 27.

10

11  REASON WHY FURTHER RESPONSE TO REQUEST FOR ADMISSION NO.
12  28 SHOULD BE COMPELLED:

13         The Discovery Master has already ruled that Larian must respond to
14  this Request.  See Discovery Master Order No. 66, dated September 17, 2009, at
15  7.[388] ████████████████████████████████████████████████████████
16  ████████████████████████████████████████████████████████████████
17  ████████████████████████████████████████████████████████████████
18  Id.  In addition, the Court expressly ruled that the issues surrounding the Larian-
19  O'Connor email remain open for discovery and adjudication going forward.  See
20  September 22, 2009 Order at 1-2.[389]  Among other things, this Request is directly
21  relevant to whether Larian committed perjury in his Phase 1 trial testimony.  It is
22  also relevant to the decision to withhold the email, which constitutes the RICO
23  predicate of obstruction of justice.  See United States v. Lench, 806 F.2d 1443, 1445
24  (9th Cir. 1986) (that defendant "failed to provide the information requested and
25  lied" about it "is all that is necessary to obstruct justice").

26

27  [388]   Watson Decl., Ex. 1.

28

1            Larian 's "vagueness" objection is disingenuous.  Larian knows full

2    well the document is responsive to previously compelled requests.  Larian produced

3    an incomplete version of the Larian-O'Connor email and logged it on its privilege

4    log.   Moreover, Larian's current counsel specifically produced the full Larian-

5    O'Connor email as a document it believed had previously been improperly withheld

6    on privilege grounds.  Larian cannot now pretend to be unaware that the document

7    is responsive to previously-compelled requests from Mattel.   The Request

8    appropriately seeks the knowledge of both the MGA Parties and their counsel.  A

9    recipient of requests for admission is required to respond informed by the

10   knowledge of its counsel.  <u>Christian v. Janed Enterprises, Inc.</u>, 2009 WL 1796074,

11   at *2 (M.D. Ga. June 23, 2009) (party required to answer requests for admission

12   with knowledge in possession of the party and its counsel); <u>Hise v Lockwood</u>

13   <u>Grader Corp.</u>, 153 F Supp 276, 278 (D. Neb. 1957) (plaintiff required to respond to

14   requests for admission with facts only in the possession of counsel).

15           Larian 's "legal conclusion" objection fares no better.   The prior

16   Discovery Master repeatedly overruled the exact same "legal conclusion" objections

17   MGA asserts here.  In compelling Bryant to respond to RFAs related to his opinions

18   about the enforceability of his employment contract with Mattel and the copyrights

19   related to Bratz, the Discovery Master overruled Bryant's privilege and "legal

20   conclusion" objections and ruled that "requests for admission calling for application

21   of law to facts are permissible" and that "[t]he fact that Bryant may need to consult

22   with counsel to respond to the requests does not make the response privileged."[390]

23   Similarly, the Discovery Master compelled MGA to respond to RFAs seeking

24   information about MGA's copyright registrations and the accuracy of MGA's

25   statements to the press, emphasizing that "requests calling for legal conclusions are

26

27   [389]   Watson Decl., Ex. 42.

28

1  permissible" so long as they are related to the facts of the case.[391]   The Discovery

2  Master also reiterated that it is immaterial that MGA may need to consult with

3  counsel to answer the RFAs because "[t]o hold otherwise would effectively gut the

4  provisions of Rule 36 authorizing requests that call for the application of law to

5  fact." Id.

6          Even had it not been already overruled, Larian 's privilege objection is

7  baseless.   This Request simply asks Larian to admit that it placed the Larian-

8  O'Connor email on its privilege log because it was responsive to previously

9  compelled Mattel document requests.  The question clearly does not implicate the

10  privilege or work product.   It is black letter law that "questions related to the

11  existence of attorney-client communications" are not protected by the privilege.

12  Markwest Hydrocarbon, Inc. v. Liberty Mutual Ins. Co., 2007 WL 1106105, at *4

13  (D. Colo. April 12, 2007); see also New Jersey v. Sprint Corp., 2009 WL 1917412,

14  at *18 (D. Kan. July 2, 2009) ("Questions regarding the existence, extent, or waiver

15  of an attorney-client privilege or work-product immunity are not themselves

16  privileged or protected");   B.F.G. of Illinois, Inc. v. Ameritech Corp., 2001 WL

17  1414468, at *4 (N.D. Ill. Nov. 13, 2001) ("plaintiffs' counsel's proper questions

18  regarding foundational facts going to the assertion of privilege were improperly

19  objected to and the witness instructed not to answer"); Malletier v. Dooney &

20  Bourke, Inc., 2006 WL 3851150, at *1 (S.D.N.Y. Dec. 18, 2006) (declarations

21  submitted to support claim of privilege were improperly redacted because "plaintiff

22  has effectively eliminated from the declarations much of the basic information that

23  would be required to appear on a privilege log, together with the foundational facts

24  that its adversary would be entitled to discover in order to test a privilege claim.").

25

26  —————————————

27  [390]  Discovery Master Order, dated August 20, 2007, at 6, Watson Decl., Ex. 32.

28  [391]  Discovery Master Order, dated August 21, 2007, at 7, Watson Decl., Ex. 31.

1   Larian has already conceded the fact sought by this Request. ███

2   ████████████████████████████████████████████

3   ████████████████████████ , ████████████████

4   ████████████████████████████████████████████

5   ████████████[,]392   Indeed, in responding to the

6   Court's OSC regarding this very issue, █████████████████

7   ████████████████████████████████████████████

8   █████████████████ . ██████████████████████

9   ████████████████████████████████████████████

10  █████████[,]393   MGA cannot concede facts to the Court for the purposes of

11  avoiding sanctions, then refuse to admit them for purposes of discovery.  Notably,

12  although MGA conceded these facts at the September 22, 2009 hearing, Mattel is

13  nonetheless entitled to receive admissions as to these facts.  Admissions, unlike

14  pleadings or other evidentiary statements, are "binding upon the party making them.

15  They may not be controverted at trial or on appeal.  Indeed, they are 'not evidence at

16  all but rather have the effect of withdrawing a fact from contention.'"  Keller v.

17  Untied States, 58 F.3d 1194, 1198 n.8 (7th Cir. 1995) (quoting Michael H. Graham,

18  Federal Practice and Procedure: Evidence § 6726.

19  Larian 's objection as to burden and oppression is frivolous.  See A.

20  Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general

21  or boilerplate objections such as 'overly burdensome and harassing' are improper –

22  especially when a party fails to submit any evidentiary declarations supporting such

23  _____

24  392   Sealed Hearing Tr. at 4:19-24; 8:17-9:11; 11:14-22, Watson Decl., Ex. 27.

25  393   September 22, 2009 Sealed Hearing Tr. at 22:22-23:4, Watson Decl., Ex. 27;
    see also id. at 13:4-10 (THE COURT: "And obviously Victoria O'Conner is not an

26  attorney; the argument is that she was conveying – without getting into the

27  substance of it – that she was conveying legal advice, reminding Mr. Larian of legal
    advice.");

28

objections").  There is no conceivable burden in admitting a fact Larian has already conceded on the record; and indeed, Larian provides no basis for the burden objection, as required.  See Discovery Master Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity);[394] Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) (party claiming a discovery request is "unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence"); Horsewood v. Kids "R" Us, 1998 WL 526589, at *4 (D. Kan. Aug. 13, 1998) ("Mere assertions by plaintiff of harassment and intimidation provide no evidence of undue burden."); Bible v. Rio Props., Inc., 246 F.R.D. 614, 618 (C.D. Cal. 2007) ("Contrary to defendant's assertion, the party who resists discovery has the burden to show discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections."); Discovery Master Order No. 46, dated August 14, 2009, at 33 ("[T]he party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence.") (citing Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997)).

Lastly, Larian objects to "any instructions or definitions that seek to impose requirements in addition to those imposed by the Federal Rules of Civil Procedure or any applicable local rule."  Mattel's RFAs did not include instructions, so Larian's boilerplate objection on that ground makes no sense.  Nor does Larian specify which, if any, of the four definitions in Mattel's requests is improper, much less provide any basis for the objection.  Mattel's definitions are proper and Larian's boilerplate objection should be overruled.

---

[394]   Watson Decl., Ex. 37.

REQUEST FOR ADMISSION NO. 29:

Admit that the document attached hereto as Exhibit 1 was listed as Entry No. 381 on MGA'S REVISED JANUARY 23, 2008 PRIVILEGE LOG.

RESPONSE TO REQUEST FOR ADMISSION NO. 29:

Mr. Larian objects to the request as it seeks disclosure of information that is protected by the attorney-client privilege and/or work product doctrine in that the basis for Mr. Larian's knowledge is communications with his counsel. Mr. Larian objects to the request to the extent it seeks information not relevant to the claims or defenses of any party to this action and not reasonably calculated to lead to the discovery of admissible evidence. Mr. Larian objects to the request to the extent it is unduly burdensome and oppressive. In responding, Mr. Larian has not and will not comply with any instructions or definitions that seek to impose requirements in addition to those imposed by the Federal Rules of Civil Procedure or any applicable local rule. Mr. Larian reserves the right to object on any ground at any time to such other and supplemental discovery requests as Mattel may propound involving or relating to the same subject matter(s) of the request. Mr. Larian objects to the definitions and instructions to the extent such definitions and instructions purport to enlarge, expand, or alter in any way the plain meaning and scope of any specific term or specific requests on the grounds that such enlargement, expansion or alteration renders such a term or request vague, ambiguous, unintelligible, overly broad, unduly burdensome, uncertain or otherwise open to interpretation.

1  REASON WHY FURTHER RESPONSE TO REQUEST FOR ADMISSION NO.
2  29 SHOULD BE COMPELLED:

3              The Discovery Master has already ruled that Larian must respond to
4  this Request. See Discovery Master Order No. 66, dated September 17, 2009, at
5  7.[395] ███████████████████████████████████
6  ███████████████████████████████████████████
7  ███████████████████████████████████████████
8  Id.  In addition, the Court expressly ruled that the issues surrounding the Larian-
9  O'Connor email remain open for discovery and adjudication going forward. See
10 September 22, 2009 Order at 1-2.[396]  Among other things, this Request is directly
11 relevant to whether Larian committed perjury in his Phase 1 trial testimony.  It is
12 also relevant to the decision to withhold the email, which constitutes the RICO
13 predicate of obstruction of justice. See United States v. Lench, 806 F.2d 1443, 1445
14 (9th Cir. 1986) (that defendant "failed to provide the information requested and
15 lied" about it "is all that is necessary to obstruct justice").

16             Even had it not been already overruled, Larian's privilege objection is
17 baseless.  This Request simply asks Larian to admit that the Larian-O'Connor email
18 is Entry No. 381 from MGA's revised January 23, 2008 privilege log.  The question
19 clearly does not implicate the privilege or work product, as MGA has produced the
20 document in question.  It is black letter law that "questions related to the existence
21 of attorney-client communications" are not protected by the privilege.  Markwest
22 Hydrocarbon, Inc. v. Liberty Mutual Ins. Co., 2007 WL 1106105, at *4 (D. Colo.
23 April 12, 2007); see also New Jersey v. Sprint Corp., 2009 WL 1917412, at *18 (D.
24 Kan. July 2, 2009) ("Questions regarding the existence, extent, or waiver of an
25 attorney-client privilege or work-product immunity are not themselves privileged or

26

27    [395]  Watson Decl., Ex. 1.

28

1   protected"); <u>B.F.G. of Illinois, Inc. v. Ameritech Corp.</u>, 2001 WL 1414468, at *4

2   (N.D. Ill. Nov. 13, 2001) ("plaintiffs' counsel's proper questions regarding

3   foundational facts going to the assertion of privilege were improperly objected to

4   and the witness instructed not to answer"); <u>Malletier v. Dooney & Bourke, Inc.</u>,

5   2006 WL 3851150, at *1 (S.D.N.Y. Dec. 18, 2006) (declarations submitted to

6   support claim of privilege were improperly redacted because "plaintiff has

7   effectively eliminated from the declarations much of the basic information that

8   would be required to appear on a privilege log, together with the foundational facts

9   that its adversary would be entitled to discover in order to test a privilege claim.").

10  The Request appropriately seeks the knowledge of both the Larian Parties and their

11  counsel.  A recipient of requests for admission is required to respond informed by

12  the knowledge of its counsel.  <u>Christian v. Janed Enterprises, Inc.</u>, 2009 WL

13  1796074, at *2 (M.D. Ga. June 23, 2009) (party required to answer requests for

14  admission with knowledge in possession of the party and its counsel); <u>Hise v</u>

15  <u>Lockwood Grader Corp.</u>, 153 F Supp 276, 278 (D. Neb. 1957) (plaintiff required to

16  respond to requests for admission with facts only in the possession of counsel).

17          Larian has already conceded the fact sought by this Request.



27  [396]   Watson Decl., Ex. 42.

STATEMENT ISO MATTEL'S MOTION TO COMPEL MGA'S RESPONSE TO RFAS

00505.07975/3180667.1

1     ███████████,"[398]   Larian cannot concede facts to the Court for the purposes of

2 avoiding sanctions, then refuse to admit them for purposes of discovery. Notably,

3 although Larian conceded these facts at the September 22, 2009 hearing, Mattel is

4 nonetheless entitled to receive admissions as to these facts. Admissions, unlike

5 pleadings or other evidentiary statements, are "binding upon the party making them.

6 They may not be controverted at trial or on appeal. Indeed, they are 'not evidence at

7 all but rather have the effect of withdrawing a fact from contention.'" Keller v.

8 Untied States, 58 F.3d 1194, 1198 n.8 (7th Cir. 1995) (quoting Michael H. Graham,

9 Federal Practice and Procedure: Evidence § 6726).

10        Larian's objection as to burden and oppression is frivolous. See A.

11 Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general

12 or boilerplate objections such as 'overly burdensome and harassing' are improper –

13 especially when a party fails to submit any evidentiary declarations supporting such

14 objections"). There is no conceivable burden in admitting a fact Larian has already

15 conceded on the record; and indeed, Larian provides no basis for the burden

16 objection, as required. See Discovery Master Order No. 17, dated April 14, 2009, at

17 20 (overruling objections not stated with specificity);[399] Jackson v. Montgomery

18 Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) (party claiming a

19 discovery request is "unduly burdensome must allege specific facts which indicate

20 the nature and extent of the burden, usually by affidavit or other reliable evidence");

21 Horsewood v. Kids "R" Us, 1998 WL 526589, at *4 (D. Kan. Aug. 13, 1998)

22

23     [397]   Sealed Hearing Tr. at 4:19-24; 8:17-9:11; 11:14-22, Watson Decl., Ex. 27.

24     [398]   September 22, 2009 Sealed Hearing Tr. at 22:22-23:4, Watson Decl., Ex. 27;

25 see also id. at 13:4-10 (THE COURT: "And obviously Victoria O'Conner is not an attorney; the argument is that she was conveying – without getting into the

26 substance of it – that she was conveying legal advice, reminding Mr. Larian of legal

27 advice.");
    [399]   Watson Decl., Ex. 37.

28

00505.07975/3180667.1

STATEMENT ISO MATTEL'S MOTION TO COMPEL MGA'S RESPONSE TO RFAS

("Mere assertions by plaintiff of harassment and intimidation provide no evidence of undue burden."); <u>Bible v. Rio Props., Inc.</u>, 246 F.R.D. 614, 618 (C.D. Cal. 2007) ("Contrary to defendant's assertion, the party who resists discovery has the burden to show discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections."); Discovery Master Order No. 46, dated August 14, 2009, at 33 ("[T]he party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence.") (citing <u>Jackson v. Montgomery Ward & Co., Inc.</u>, 173 F.R.D. 524, 528-29 (D. Nev. 1997)).

Lastly, Larian objects to "any instructions or definitions that seek to impose requirements in addition to those imposed by the Federal Rules of Civil Procedure or any applicable local rule." Mattel's RFAs did not include instructions, so Larian's boilerplate objection on that ground makes no sense. Nor does Larian specify which, if any, of the four definitions in Mattel's requests is improper, much less provide any basis for the objection. Mattel's definitions are proper and Larian's boilerplate objection should be overruled.

<u>REQUEST FOR ADMISSION NO. 30</u>:

Admit that the document corresponding to Entry No. 557 on MGA'S [sic] MGA'S REVISED JANUARY 23, 2008 PRIVILEGE LOG is a duplicate of the document attached hereto as Exhibit 1.

<u>RESPONSE TO REQUEST FOR ADMISSION NO. 30</u>:

Mr. Larian objects to the request as it seeks disclosure of information that is protected by the attorney-client privilege and/or work product doctrine in that the basis for Mr. Larian's knowledge is communications with his counsel. Mr. Larian objects to the request to the extent it seeks information not relevant to the claims or

1  defenses of any party to this action and not reasonably calculated to lead to the
2  discovery of admissible evidence. Mr. Larian objects to the request to the extent it is
3  unduly burdensome and oppressive. In responding, Mr. Larian has not and will not
4  comply with any instructions or definitions that seek to impose requirements in
5  addition to those imposed by the Federal Rules of Civil Procedure or any applicable
6  local rule. Mr. Larian reserves the right to object on any ground at any time to such
7  other and supplemental discovery requests as Mattel may propound involving or
8  relating to the same subject matter(s) of the request. Mr. Larian objects to the
9  definitions and instructions to the extent such definitions and instructions purport to
10 enlarge, expand, or alter in any way the plain meaning and scope of any specific
11 term or specific requests on the grounds that such enlargement, expansion or
12 alteration renders such a term or request vague, ambiguous, unintelligible, overly
13 broad, unduly burdensome, uncertain or otherwise open to interpretation.

14

15 REASON WHY FURTHER RESPONSE TO REQUEST FOR ADMISSION NO.
16 30 SHOULD BE COMPELLED:

17        The Discovery Master has already ruled that Larian must respond to
18 this Request. See Discovery Master Order No. 66, dated September 17, 2009, at
19 7.[400] ████████████████████████████████████████
20 ████████████████████████████████████████████████
21 ████████████████████████████████████████████████
22 Id.  In addition, the Court expressly ruled that the issues surrounding the Larian-
23 O'Connor email remain open for discovery and adjudication going forward. See
24 September 22, 2009 Order at 1-2.[401]  Among other things, this Request is directly
25 relevant to whether Larian committed perjury in his Phase 1 trial testimony. It is

26

27    [400]  Watson Decl., Ex. 1.

28

STATEMENT ISO MATTEL'S MOTION TO COMPEL MGA'S RESPONSE TO RFAS

1 also relevant to the decision to withhold the email, which constitutes the RICO
2 predicate of obstruction of justice. See United States v. Lench, 806 F.2d 1443, 1445
3 (9th Cir. 1986) (that defendant "failed to provide the information requested and
4 lied" about it "is all that is necessary to obstruct justice").

5         Even had it not been already overruled, Larian's privilege objection is
6 baseless. This Request simply asks Larian to admit that the document
7 corresponding to Entry No. 557 on MGA'S [sic] MGA'S REVISED JANUARY 23,
8 2008 PRIVILEGE LOG is a duplicate of the Larian-O'Connor email . The question
9 clearly does not implicate the privilege or work product, as Larian has produced the
10 document in question. It is black letter law that "questions related to the existence
11 of attorney-client communications" are not protected by the privilege. Markwest
12 Hydrocarbon, Inc. v. Liberty Mutual Ins. Co., 2007 WL 1106105, at *4 (D. Colo.
13 April 12, 2007); see also New Jersey v. Sprint Corp., 2009 WL 1917412, at *18 (D.
14 Kan. July 2, 2009) ("Questions regarding the existence, extent, or waiver of an
15 attorney-client privilege or work-product immunity are not themselves privileged or
16 protected"); B.F.G. of Illinois, Inc. v. Ameritech Corp., 2001 WL 1414468, at *4
17 (N.D. Ill. Nov. 13, 2001) ("plaintiffs' counsel's proper questions regarding
18 foundational facts going to the assertion of privilege were improperly objected to
19 and the witness instructed not to answer"); Malletier v. Dooney & Bourke, Inc.,
20 2006 WL 3851150, at *1 (S.D.N.Y. Dec. 18, 2006) (declarations submitted to
21 support claim of privilege were improperly redacted because "plaintiff has
22 effectively eliminated from the declarations much of the basic information that
23 would be required to appear on a privilege log, together with the foundational facts
24 that its adversary would be entitled to discover in order to test a privilege claim.").
25 The Request appropriately seeks the knowledge of both the MGA Parties and their
26
27    [401] Watson Decl., Ex. 42.
28

00505.07975/3180667.1

-356-
STATEMENT ISO MATTEL'S MOTION TO COMPEL MGA'S RESPONSE TO RFAS

1   counsel.  A recipient of requests for admission is required to respond informed by

2   the knowledge of its counsel.  <u>Christian v. Janed Enterprises, Inc.</u>, 2009 WL

3   1796074, at *2 (M.D. Ga. June 23, 2009) (party required to answer requests for

4   admission with knowledge in possession of the party and its counsel); <u>Hise v</u>

5   <u>Lockwood Grader Corp.</u>, 153 F Supp 276, 278 (D. Neb. 1957) (plaintiff required to

6   respond to requests for admission with facts only in the possession of counsel).

7            Larian has already conceded the fact sought by this Request. ████

8   ████████████████████████████████████████████████████████

9   ███████████████████████,████████████████████████████████

10  ████████████████████████████████████████████████████████

11  ████████████████████████████████,,402 ███████████████████

12  ████████████████████████████████████████████████████████

13  ████████████████████████████████████████████████████████

14  ████████████████████████.█████████████████████████████

15  ████████████████████████████████████████████████████████

16  ███████████,,403  MGA cannot concede facts to the Court for the purposes of

17  avoiding sanctions, then refuse to admit them for purposes of discovery.  Notably,

18  although MGA conceded these facts at the September 22, 2009 hearing, Mattel is

19  nonetheless entitled to receive admissions as to these facts.  Admissions, unlike

20  pleadings or other evidentiary statements, are "binding upon the party making them.

21  They may not be controverted at trial or on appeal.  Indeed, they are 'not evidence at

22  all but rather have the effect of withdrawing a fact from contention.'"  <u>Keller v.</u>

23

---

24  [402]  Sealed Hearing Tr. at 4:19-24; 8:17-9:11; 11:14-22, Watson Decl., Ex. 27.
25  [403]  September 22, 2009 Sealed Hearing Tr. at 22:22-23:4, Watson Decl., Ex. 27;
    <u>see also</u> <u>id.</u> at 13:4-10 (THE COURT: "And obviously Victoria O'Conner is not an
26  attorney; the argument is that she was conveying – without getting into the
    substance of it – that she was conveying legal advice, reminding Mr. Larian of legal
27  advice.");

28

1  Untied States, 58 F.3d 1194, 1198 n.8 (7th Cir. 1995) (quoting Michael H. Graham,

2  Federal Practice and Procedure: Evidence § 6726.

3            Larian's objection as to burden and oppression is frivolous.  See A.

4  Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general

5  or boilerplate objections such as 'overly burdensome and harassing' are improper –

6  especially when a party fails to submit any evidentiary declarations supporting such

7  objections").  There is no conceivable burden in admitting a fact Larian has already

8  conceded on the record; and indeed, Larian provides no basis for the burden

9  objection, as required.  See Discovery Master Order No. 17, dated April 14, 2009, at

10 20 (overruling objections not stated with specificity);[404] Jackson v. Montgomery

11 Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) (party claiming a

12 discovery request is "unduly burdensome must allege specific facts which indicate

13 the nature and extent of the burden, usually by affidavit or other reliable evidence");

14 Horsewood v. Kids "R" Us, 1998 WL 526589, at *4 (D. Kan. Aug. 13, 1998)

15 ("Mere assertions by plaintiff of harassment and intimidation provide no evidence of

16 undue burden."); Bible v. Rio Props., Inc., 246 F.R.D. 614, 618 (C.D. Cal. 2007)

17 ("Contrary to defendant's assertion, the party who resists discovery has the burden to

18 show discovery should not be allowed, and has the burden of clarifying, explaining,

19 and supporting its objections."); Discovery Master Order No. 46, dated August 14,

20 2009, at 33 ("[T]he party claiming that a discovery request is unduly burdensome

21 must allege specific facts which indicate the nature and extent of the burden, usually

22 by affidavit or other reliable evidence.") (citing Jackson v. Montgomery Ward &

23 Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997)).

24       Lastly, Larian objects to "any instructions or definitions that seek to impose

25 requirements in addition to those imposed by the Federal Rules of Civil Procedure

26

27  [404]  Watson Decl., Ex. 37.

28

1  or any applicable local rule." Mattel's RFAs did not include instructions, so Larian's

2  boilerplate objection on that ground makes no sense.   Nor does Larian specify

3  which, if any, of the four definitions in Mattel's requests is improper, much less

4  provide any basis for the objection.   Mattel's definitions are proper and Larian's

5  boilerplate objection should be overruled.

6

7  REQUEST FOR ADMISSION NO. 31:

8       Admit that the document corresponding to Entry No. 557 on MGA's

9  REVISED JANUARY 23, 2008 PRIVILEGE LOG is not a duplicate of the

10  document attached hereto as Exhibit 1.

11

12  RESPONSE TO REQUEST FOR ADMISSION NO. 31:

13       Mr. Larian objects to the request as it seeks disclosure of information that is

14  protected by the attorney-client privilege and/or work product doctrine in that the

15  basis for Mr. Larian's knowledge is communications with his counsel. Mr. Larian

16  objects to the request to the extent it seeks information not relevant to the claims or

17  defenses of any party to this action and not reasonably calculated to lead to the

18  discovery of admissible evidence. Mr. Larian objects to the request to the extent it is

19  unduly burdensome and oppressive. In responding, Mr. Larian has not and will not

20  comply with any instructions or definitions that seek to impose requirements in

21  addition to those imposed by the Federal Rules of Civil Procedure or any applicable

22  local rule. Mr. Larian reserves the right to object on any ground at any time to such

23  other and supplemental discovery requests as Mattel may propound involving or

24  relating to the same subject matter(s) of the request. Mr. Larian objects to the

25  definitions and instructions to the extent such definitions and instructions purport to

26  enlarge, expand, or alter in any way the plain meaning and scope of any specific

27  term or specific requests on the grounds that such enlargement, expansion or

28

00505.07975/3180667.1

-359-

STATEMENT ISO MATTEL'S MOTION TO COMPEL MGA'S RESPONSE TO RFAS

1  alteration renders such a term or request vague, ambiguous, unintelligible, overly

2  broad, unduly burdensome, uncertain or otherwise open to interpretation.

3

4  <u>REASON WHY FURTHER RESPONSE TO REQUEST FOR ADMISSION NO.</u>

5  <u>31 SHOULD BE COMPELLED</u>:

6        The Discovery Master has already ruled that Larian must respond to

7  this Request.  <u>See</u> Discovery Master Order No. 66, dated September 17, 2009, at

8  7.[405] ████████████████████████████

9  ████████████████████████████

10 ████████████████████████████

11 Id.  In addition, the Court expressly ruled that the issues surrounding the Larian-

12 O'Connor email remain open for discovery and adjudication going forward.  <u>See</u>

13 September 22, 2009 Order at 1-2.[406]  Among other things, this Request is directly

14 relevant to whether Larian committed perjury in his Phase 1 trial testimony.  It is

15 also relevant to the decision to withhold the email, which constitutes the RICO

16 predicate of obstruction of justice.  <u>See</u> <u>United States v. Lench</u>, 806 F.2d 1443, 1445

17 (9th Cir. 1986) (that defendant "failed to provide the information requested and

18 lied" about it "is all that is necessary to obstruct justice").

19        Even had it not been already overruled, Larian's privilege objection is

20 baseless.  This Request simply asks Larian to admit the document corresponding to

21 Entry No. 557 on MGA's REVISED JANUARY 23, 2008 PRIVILEGE LOG is not

22 a duplicate of the Larian-O'Connor email.  The question clearly does not implicate

23 the privilege or work product.  It is black letter law that "questions related to the

24 existence of attorney-client communications" are not protected by the privilege.

25 <u>Markwest Hydrocarbon, Inc. v. Liberty Mutual Ins. Co.</u>, 2007 WL 1106105, at *4

26

27    [405]  Watson Decl., Ex. 1.

28

1  (D. Colo. April 12, 2007); see also New Jersey v. Sprint Corp., 2009 WL 1917412,

2  at *18 (D. Kan. July 2, 2009) ("Questions regarding the existence, extent, or waiver

3  of an attorney-client privilege or work-product immunity are not themselves

4  privileged or protected"); B.F.G. of Illinois, Inc. v. Ameritech Corp., 2001 WL

5  1414468, at *4 (N.D. Ill. Nov. 13, 2001) ("plaintiffs' counsel's proper questions

6  regarding foundational facts going to the assertion of privilege were improperly

7  objected to and the witness instructed not to answer"); Malletier v. Dooney &

8  Bourke, Inc., 2006 WL 3851150, at *1 (S.D.N.Y. Dec. 18, 2006) (declarations

9  submitted to support claim of privilege were improperly redacted because "plaintiff

10  has effectively eliminated from the declarations much of the basic information that

11  would be required to appear on a privilege log, together with the foundational facts

12  that its adversary would be entitled to discover in order to test a privilege claim.").

13  The Request appropriately seeks the knowledge of both the MGA Parties and their

14  counsel.  A recipient of requests for admission is required to respond informed by

15  the knowledge of its counsel.  Christian v. Janed Enterprises, Inc., 2009 WL

16  1796074, at *2 (M.D. Ga. June 23, 2009) (party required to answer requests for

17  admission with knowledge in possession of the party and its counsel); Hise v

18  Lockwood Grader Corp., 153 F Supp 276, 278 (D. Neb. 1957) (plaintiff required to

19  respond to requests for admission with facts only in the possession of counsel).

20          Larian has already conceded the fact sought by this Request.



21

22

23

24

25

26

27  406  Watson Decl., Ex. 42.

28

-361-

STATEMENT ISO MATTEL'S MOTION TO COMPEL MGA'S RESPONSE TO RFAS

1  ████████████████████████████████████████████

2  ████████████████████████. ████████████████████

3  ████████████████████████████████████████████

4  ██████████.[408]  Larian cannot concede facts to the Court for the purposes of

5  avoiding sanctions, then refuse to admit them for purposes of discovery. Notably,

6  although Larian conceded these facts at the September 22, 2009 hearing, Mattel is

7  nonetheless entitled to receive admissions as to these facts. Admissions, unlike

8  pleadings or other evidentiary statements, are "binding upon the party making them.

9  They may not be controverted at trial or on appeal. Indeed, they are 'not evidence at

10  all but rather have the effect of withdrawing a fact from contention.'" Keller v.

11  Untied States, 58 F.3d 1194, 1198 n.8 (7th Cir. 1995) (quoting Michael H. Graham,

12  Federal Practice and Procedure: Evidence § 6726).

13        Larian 's objection as to burden and oppression is frivolous. See A.

14  Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general

15  or boilerplate objections such as 'overly burdensome and harassing' are improper –

16  especially when a party fails to submit any evidentiary declarations supporting such

17  objections"). There is no conceivable burden in admitting a fact Larian  has already

18  conceded on the record; and indeed, Larian provides no basis for the burden

19  objection, as required. See Discovery Master Order No. 17, dated April 14, 2009, at

20  20 (overruling objections not stated with specificity);[409] Jackson v. Montgomery

21  Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) (party claiming a

---

[407]  Sealed Hearing Tr. at 4:19-24; 8:17-9:11; 11:14-22, Watson Decl., Ex. 27.

[408]  September 22, 2009 Sealed Hearing Tr. at 22:22-23:4, Watson Decl., Ex. 27; see also id. at 13:4-10 (THE COURT: "And obviously Victoria O'Conner is not an attorney; the argument is that she was conveying – without getting into the substance of it – that she was conveying legal advice, reminding Mr. Larian of legal advice.");

[409]  Watson Decl., Ex. 37.

STATEMENT ISO MATTEL'S MOTION TO COMPEL MGA'S RESPONSE TO RFAS

00505.07975/3180667.1

1  discovery request is "unduly burdensome must allege specific facts which indicate
2  the nature and extent of the burden, usually by affidavit or other reliable evidence");
3  Horsewood v. Kids "R" Us, 1998 WL 526589, at *4 (D. Kan. Aug. 13, 1998)
4  ("Mere assertions by plaintiff of harassment and intimidation provide no evidence of
5  undue burden."); Bible v. Rio Props., Inc., 246 F.R.D. 614, 618 (C.D. Cal. 2007)
6  ("Contrary to defendant's assertion, the party who resists discovery has the burden to
7  show discovery should not be allowed, and has the burden of clarifying, explaining,
8  and supporting its objections."); Discovery Master Order No. 46, dated August 14,
9  2009, at 33 ("[T]he party claiming that a discovery request is unduly burdensome
10  must allege specific facts which indicate the nature and extent of the burden, usually
11  by affidavit or other reliable evidence.") (citing Jackson v. Montgomery Ward &
12  Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997)).

13       Lastly, Larian objects to "any instructions or definitions that seek to impose
14  requirements in addition to those imposed by the Federal Rules of Civil Procedure
15  or any applicable local rule."  Mattel's RFAs did not include instructions, so Larian's
16  boilerplate objection on that ground makes no sense.  Nor does Larian specify
17  which, if any, of the four definitions in Mattel's requests is improper, much less
18  provide any basis for the objection.  Mattel's definitions are proper and Larian's
19  boilerplate objection should be overruled.

20

21  REQUEST FOR ADMISSION NO. 32:

22       Admit that the document corresponding to Entry No. 557 on MGA'S
23  REVISED JANUARY 23, 2008 PRIVILEGE LOG is a further communication
24  related to the subject or subjects of the document attached hereto as Exhibit 1.

25

26  RESPONSE TO REQUEST FOR ADMISSION NO. 32:

27       Mr. Larian objects on the grounds that the phrase "further communication
28  related to the subject or subjects of the document attached hereto as Exhibit 1" is

1  vague and ambiguous. Mr. Larian objects to the request as it seeks disclosure of
2  information that is protected by the attorney-client privilege and/or work product
3  doctrine in that the basis for Mr. Larian's knowledge is communications with his
4  counsel. Mr. Larian objects to the request to the extent it seeks information not
5  relevant to the claims or defenses of any party to this action and not reasonably
6  calculated to lead to the discovery of admissible evidence. Mr. Larian objects to the
7  request to the extent it is unduly burdensome and oppressive. In responding, Mr.
8  Larian has not and will not comply with any instructions or definitions that seek to
9  impose requirements in addition to those imposed by the Federal Rules of Civil
10 Procedure or any applicable local rule. Mr. Larian reserves the right to object on any
11 ground at any time to such other and supplemental discovery requests as Mattel may
12 propound involving or relating to the same subject matter(s) of the request. Mr.
13 Larian objects to the definitions and instructions to the extent such definitions and
14 instructions purport to enlarge, expand, or alter in any way the plain meaning and
15 scope of any specific term or specific requests on the grounds that such enlargement,
16 expansion or alteration renders such a term or request vague, ambiguous,
17 unintelligible, overly broad, unduly burdensome, uncertain or otherwise open to
18 interpretation.
19
20 REASON WHY FURTHER RESPONSE TO REQUEST FOR ADMISSION NO.
21 32 SHOULD BE COMPELLED:
22         The Discovery Master has already ruled that Larian must respond to
23 this Request. See Discovery Master Order No. 66, dated September 17, 2009, at
24 7.[410] ████████████████████████
25 ██████████████████████████████████████████
26
27 [410]  Watson Decl., Ex. 1.
28

1 ████████████████████████████████████████████

2 Id.  In addition, the Court expressly ruled that the issues surrounding the Larian-

3 O'Connor email remain open for discovery and adjudication going forward.  See

4 September 22, 2009 Order at 1-2.[411]  Among other things, this Request is directly

5 relevant to whether Larian committed perjury in his Phase 1 trial testimony.  It is

6 also relevant to the decision to withhold the email, which constitutes the RICO

7 predicate of obstruction of justice.  See United States v. Lench, 806 F.2d 1443, 1445

8 (9th Cir. 1986) (that defendant "failed to provide the information requested and

9 lied" about it "is all that is necessary to obstruct justice").

10          The Request appropriately seeks the knowledge of both the MGA

11 Parties and their counsel.  A recipient of requests for admission is required to

12 respond informed by the knowledge of its counsel.  Christian v. Janed Enterprises,

13 Inc., 2009 WL 1796074, at *2 (M.D. Ga. June 23, 2009) (party required to answer

14 requests for admission with knowledge in possession of the party and its counsel);

15 Hise v Lockwood Grader Corp., 153 F Supp 276, 278 (D. Neb. 1957) (plaintiff

16 required to respond to requests for admission with facts only in the possession of

17 counsel).

18          Larian's objection that the Request is, in some unstated way, "vague

19 and ambiguous" is specious.  There is nothing vague about asking Larian to admit

20 whether one document relates to the same subject matter as another document.  See

21 Pulsecard, Inc. v. Discover Card Servs., Inc., 168 F.R.D. 295, 310 (D. Kan. 1996)

22 (overruling vague and ambiguous objections because "[r]espondents should exercise

23 reason and common sense to attribute ordinary definitions to terms and phrases

24 utilized in interrogatories.").  Indeed, Larian has already conceded the fact sought by

25 this Request. ████████████████████████████████████

26

27 [411]   Watson Decl., Ex. 42.

28

STATEMENT ISO MATTEL'S MOTION TO COMPEL MGA'S RESPONSE TO RFAS

1    ████████████████████████████████████, ██████████

2    ████████████████████████████████████████████

3    ████████████████████████████████,,412

4          Even had it not been already overruled, Larian's privilege objection is

5    baseless.  This Request simply asks Larian to admit that Entry No. 557 to its

6    privilege log is a further communication concerning the same subject matter as the

7    Larian-O'Connor email.  The question clearly does not implicate the privilege or

8    work product.  It is black letter law that "questions related to the existence of

9    attorney-client communications" are not protected by the privilege.  <u>Markwest</u>

10   <u>Hydrocarbon, Inc. v. Liberty Mutual Ins. Co.</u>, 2007 WL 1106105, at *4 (D. Colo.

11   April 12, 2007); <u>see also</u> <u>New Jersey v. Sprint Corp.</u>, 2009 WL 1917412, at *18 (D.

12   Kan. July 2, 2009) ("Questions regarding the existence, extent, or waiver of an

13   attorney-client privilege or work-product immunity are not themselves privileged or

14   protected");  <u>B.F.G. of Illinois, Inc. v. Ameritech Corp.</u>, 2001 WL 1414468, at *4

15   (N.D. Ill. Nov. 13, 2001) ("plaintiffs' counsel's proper questions regarding

16   foundational facts going to the assertion of privilege were improperly objected to

17   and the witness instructed not to answer"); <u>Malletier v. Dooney & Bourke, Inc.</u>,

18   2006 WL 3851150, at *1 (S.D.N.Y. Dec. 18, 2006) (declarations submitted to

19   support claim of privilege were improperly redacted because "plaintiff has

20   effectively eliminated from the declarations much of the basic information that

21   would be required to appear on a privilege log, together with the foundational facts

22   that its adversary would be entitled to discover in order to test a privilege claim.").

23         MGA's objection as to burden and oppression is frivolous.  <u>See</u> <u>A.</u>

24   <u>Farber and Partners, Inc. v. Garber</u>, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general

25   or boilerplate objections such as 'overly burdensome and harassing' are improper –

26

27   412  Sealed Hearing Tr. at 4:19-24; 8:17-9:11; 11:14-22, Watson Decl., Ex. 27.

28

especially when a party fails to submit any evidentiary declarations supporting such objections").  There is no conceivable burden in admitting a fact Larian has already conceded on the record; and indeed, Larian provides no basis for the burden objection, as required.  <u>See</u> Discovery Master Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity);[413] <u>Jackson v. Montgomery Ward & Co., Inc.</u>, 173 F.R.D. 524, 528-29 (D. Nev. 1997) (party claiming a discovery request is "unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence"); <u>Horsewood v. Kids "R" Us</u>, 1998 WL 526589, at *4 (D. Kan. Aug. 13, 1998) ("Mere assertions by plaintiff of harassment and intimidation provide no evidence of undue burden."); <u>Bible v. Rio Props., Inc.</u>, 246 F.R.D. 614, 618 (C.D. Cal. 2007) ("Contrary to defendant's assertion, the party who resists discovery has the burden to show discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections."); Discovery Master Order No. 46, dated August 14, 2009, at 33 ("[T]he party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence.") (citing <u>Jackson v. Montgomery Ward & Co., Inc.</u>, 173 F.R.D. 524, 528-29 (D. Nev. 1997)).

Lastly, Larian objects to "any instructions or definitions that seek to impose requirements in addition to those imposed by the Federal Rules of Civil Procedure or any applicable local rule."  Mattel's RFAs did not include instructions, so Larian's boilerplate objection on that ground makes no sense.  Nor does Larian specify which, if any, of the four definitions in Mattel's requests is improper, much less provide any basis for the objection.  Mattel's definitions are proper and Larian's boilerplate objection should be overruled.

---

[413]   Watson Decl., Ex. 37.

1  REQUEST FOR ADMISSION NO. 33:

2      Admit that the document corresponding to Entry No. 557 on MGA'S

3  REVISED JANUARY 23, 2008 PRIVILEGE LOG is not a further communication

4  related to the subject or subjects of the document attached hereto as Exhibit 1.

5

6  RESPONSE TO REQUEST FOR ADMISSION NO. 33:

7      Mr. Larian objects on the grounds that the phrase "further communication

8  related to the subject or subjects of the document attached hereto as Exhibit 1" is

9  vague and ambiguous. Mr. Larian objects to the request as it seeks disclosure of

10  information that is protected by the attorney-client privilege and/or work product

11  doctrine in that the basis for Mr. Larian's knowledge is communications with his

12  counsel. Mr. Larian objects to the request to the extent it seeks information not

13  relevant to the claims or defenses of any party to this action and not reasonably

14  calculated to lead to the discovery of admissible evidence. Mr. Larian objects to the

15  request to the extent it is unduly burdensome and oppressive. In responding, Mr.

16  Larian has not and will not comply with any instructions or definitions that seek to

17  impose requirements in addition to those imposed by the Federal Rules of Civil

18  Procedure or any applicable local rule. Mr. Larian reserves the right to object on any

19  ground at any time to such other and supplemental discovery requests as Mattel may

20  propound involving or relating to the same subject matter(s) of the request. Mr.

21  Larian objects to the definitions and instructions to the extent such definitions and

22  instructions purport to enlarge, expand, or alter in any way the plain meaning and

23  scope of any specific term or specific requests on the grounds that such enlargement,

24  expansion or alteration renders such a term or request vague, ambiguous,

25  unintelligible, overly broad, unduly burdensome, uncertain or otherwise open to

26  interpretation.

27

28

1  REASON WHY FURTHER RESPONSE TO REQUEST FOR ADMISSION NO.

2  33 SHOULD BE COMPELLED:

3            The Discovery Master has already ruled that Larian must respond to

4  this Request.  See Discovery Master Order No. 66, dated September 17, 2009, at

5  7.[414] ███████████████████████████████████████████████

6  ████████████████████████████████████████████████████████

7  ████████████████████████████████████████████████████████

8  Id.  In addition, the Court expressly ruled that the issues surrounding the Larian-

9  O'Connor email remain open for discovery and adjudication going forward.  See

10 September 22, 2009 Order at 1-2.[415]  Among other things, this Request is directly

11 relevant to whether Larian committed perjury in his Phase 1 trial testimony.  It is

12 also relevant to the decision to withhold the email, which constitutes the RICO

13 predicate of obstruction of justice.  See United States v. Lench, 806 F.2d 1443, 1445

14 (9th Cir. 1986) (that defendant "failed to provide the information requested and

15 lied" about it "is all that is necessary to obstruct justice").

16            The Request appropriately seeks the knowledge of both the MGA

17 Parties and their counsel.  A recipient of requests for admission is required to

18 respond informed by the knowledge of its counsel.  Christian v. Janed Enterprises,

19 Inc., 2009 WL 1796074, at *2 (M.D. Ga. June 23, 2009) (party required to answer

20 requests for admission with knowledge in possession of the party and its counsel);

21 Hise v Lockwood Grader Corp., 153 F Supp 276, 278 (D. Neb. 1957) (plaintiff

22 required to respond to requests for admission with facts only in the possession of

23 counsel).

24            Larian's objection that the Request is, in some unstated way, "vague

25 and ambiguous" is specious.  There is nothing vague about asking Larian to admit

26

27  [414]   Watson Decl., Ex. 1.

28

1  whether one document relates to the same subject matter as another document.  See
2  Pulsecard, Inc. v. Discover Card Servs., Inc., 168 F.R.D. 295, 310 (D. Kan. 1996)
3  (overruling vague and ambiguous objections because "[r]espondents should exercise
4  reason and common sense to attribute ordinary definitions to terms and phrases
5  utilized in interrogatories.").  Indeed, Larian has already conceded the fact sought by
6  this Request. ███████████████████████████████████████████
7  ████████████████████████████████████████, ████████████████
8  █████████████████████████████████████████████████████████
9  ████████████████████████████████,416

10        Even had it not been already overruled, MGA's privilege objection is
11  baseless.  This Request simply asks Larian to admit Entry No. 557 on its privilege
12  log is not a further communication concerning the same subject matter as the
13  Larian-O'Connor email.  The question clearly does not implicate the privilege or
14  work product.  It is black letter law that "questions related to the existence of
15  attorney-client communications" are not protected by the privilege.  Markwest
16  Hydrocarbon, Inc. v. Liberty Mutual Ins. Co., 2007 WL 1106105, at *4 (D. Colo.
17  April 12, 2007); see also New Jersey v. Sprint Corp., 2009 WL 1917412, at *18 (D.
18  Kan. July 2, 2009) ("Questions regarding the existence, extent, or waiver of an
19  attorney-client privilege or work-product immunity are not themselves privileged or
20  protected"); B.F.G. of Illinois, Inc. v. Ameritech Corp., 2001 WL 1414468, at *4
21  (N.D. Ill. Nov. 13, 2001) ("plaintiffs' counsel's proper questions regarding
22  foundational facts going to the assertion of privilege were improperly objected to
23  and the witness instructed not to answer"); Malletier v. Dooney & Bourke, Inc.,
24  2006 WL 3851150, at *1 (S.D.N.Y. Dec. 18, 2006) (declarations submitted to
25  support claim of privilege were improperly redacted because "plaintiff has

26
27     415  Watson Decl., Ex. 42.
28

1    effectively eliminated from the declarations much of the basic information that
2    would be required to appear on a privilege log, together with the foundational facts
3    that its adversary would be entitled to discover in order to test a privilege claim.").

4              Larian's objection as to burden and oppression is frivolous.  See A.
5    Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general
6    or boilerplate objections such as 'overly burdensome and harassing' are improper –
7    especially when a party fails to submit any evidentiary declarations supporting such
8    objections").  There is no conceivable burden in admitting a fact Larian has already
9    conceded on the record; and indeed, Larian provides no basis for the burden
10   objection, as required.  See Discovery Master Order No. 17, dated April 14, 2009, at
11   20 (overruling objections not stated with specificity);[417] Jackson v. Montgomery
12   Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) (party claiming a
13   discovery request is "unduly burdensome must allege specific facts which indicate
14   the nature and extent of the burden, usually by affidavit or other reliable evidence");
15   Horsewood v. Kids "R" Us, 1998 WL 526589, at *4 (D. Kan. Aug. 13, 1998)
16   ("Mere assertions by plaintiff of harassment and intimidation provide no evidence of
17   undue burden.");  Bible v. Rio Props., Inc., 246 F.R.D. 614, 618 (C.D. Cal. 2007)
18   ("Contrary to defendant's assertion, the party who resists discovery has the burden to
19   show discovery should not be allowed, and has the burden of clarifying, explaining,
20   and supporting its objections."); Discovery Master Order No. 46, dated August 14,
21   2009, at 33 ("[T]he party claiming that a discovery request is unduly burdensome
22   must allege specific facts which indicate the nature and extent of the burden, usually
23   by affidavit or other reliable evidence.") (citing Jackson v. Montgomery Ward &
24   Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997)).

25

26   _____

27   [416]  Sealed Hearing Tr. at 4:19-24; 8:17-9:11; 11:14-22, Watson Decl., Ex. 27.
     [417]  Watson Decl., Ex. 37.

28

1    Lastly, Larian objects to "any instructions or definitions that seek to
2   impose requirements in addition to those imposed by the Federal Rules of Civil
3   Procedure or any applicable local rule." Mattel's RFAs did not include instructions,
4   so MGA's boilerplate objection on that ground makes no sense. Nor does Larian
5   specify which, if any, of the four definitions in Mattel's requests is improper, much
6   less provide any basis for the objection. Mattel's definitions are proper and Larian's
7   boilerplate objection should be overruled.
8
9
10  REQUEST FOR ADMISSION NO. 34:
11       Admit that the document corresponding to Entry No. 557 on MGA'S
12  REVISED JANUARY 23, 2008 PRIVILEGE LOG has been withheld by YOU from
13  production in this litigation on Mattel on attorney-client privilege grounds.
14
15  RESPONSE TO REQUEST FOR ADMISSION NO. 34:
16       Mr. Larian objects to the request as vague and ambiguous in its use of the
17  phrase "the document" because "the document" contains a series of emails certain of
18  which were marked as trial exhibits and, therefore, Mr. Larian assumes that "the
19  document" means any portions of the email that were not marked as a trial exhibit.
20  As such, Mr. Larian objects to the request as it seeks disclosure of information that
21  is protected by the attorney-client privilege and/or work product doctrine in that the
22  basis for Mr. Larian's knowledge is communications with his counsel. Mr. Larian
23  additionally objects to this request on the grounds that it calls for a legal conclusion.
24  Mr. Larian objects to the request to the extent it seeks information not relevant to the
25  claims or defenses of any party to this action and not reasonably calculated to lead
26  to the discovery of admissible evidence. Mr. Larian objects to the request to the
27  extent it is unduly burdensome and oppressive. In responding, Mr. Larian has not
28  and will not comply with any instructions or definitions that seek to impose

1   requirements in addition to those imposed by the Federal Rules of Civil Procedure

2   or any applicable local rule. Mr. Larian reserves the right to object on any ground at

3   any time to such other and supplemental discovery requests as Mattel may propound

4   involving or relating to the same subject matter(s) of the request. Mr. Larian objects

5   to the definitions and instructions to the extent such definitions and instructions

6   purport to enlarge, expand, or alter in any way the plain meaning and scope of any

7   specific term or specific requests on the grounds that such enlargement, expansion

8   or alteration renders such a term or request vague, ambiguous, unintelligible, overly

9   broad, unduly burdensome, uncertain or otherwise open to interpretation. Mr. Larian

10  objects to the request as vague and ambiguous in its use of the phrase "withheld by

11  YOU from production in this litigation to Mattel."

12

13  REASON WHY FURTHER RESPONSE TO REQUEST FOR ADMISSION NO.

14  34 SHOULD BE COMPELLED:

15          The Discovery Master has already ruled that Larian must respond to

16  this Request. See Discovery Master Order No. 66, dated September 17, 2009, at

17  7.[418]   ████████████████████████████████

18  ████████████████████████████████████████

19  ████████████████████████████████████

20  Id.  In addition, the Court expressly ruled that the issues surrounding the Larian-

21  O'Connor email remain open for discovery and adjudication going forward. See

22  September 22, 2009 Order at 1-2.[419]  Among other things, this Request is directly

23  relevant to whether Larian committed perjury in his Phase 1 trial testimony. It is

24  also relevant to the decision to withhold the email, which constitutes the RICO

25  predicate of obstruction of justice. See United States v. Lench, 806 F.2d 1443, 1445

26  _____

27      [418]  Watson Decl., Ex. 1.

28

STATEMENT ISO MATTEL'S MOTION TO COMPEL MGA'S RESPONSE TO RFAS

1 | (9th Cir. 1986) (that defendant "failed to provide the information requested and
2 | lied" about it "is all that is necessary to obstruct justice").

3 | Larian's "vagueness" objection is disingenuous.  Larian knows full
4 | well what "the document" means.  <u>See Pulsecard, Inc. v. Discover Card Servs., Inc.,</u>
5 | 168 F.R.D. 295, 310 (D. Kan. 1996) (overruling vague and ambiguous objections
6 | because "[r]espondents should exercise reason and common sense to attribute
7 | ordinary definitions to terms and phrases utilized in interrogatories.").  Larian
8 | produced an incomplete version of the Larian-O'Connor email and logged it on its
9 | privilege log.  Moreover, Larian's current counsel specifically produced the full
10 | Larian-O'Connor email as a document it believed had previously been improperly
11 | withheld on privilege grounds.  Larian cannot now pretend to be unaware of these
12 | facts.

13 | The Request appropriately seeks the knowledge of the MGA Parties,
14 | Larian, and their counsel.  A recipient of requests for admission is required to
15 | respond informed by the knowledge of its counsel.  <u>Christian v. Janed Enterprises,</u>
16 | <u>Inc.</u>, 2009 WL 1796074, at *2 (M.D. Ga. June 23, 2009) (party required to answer
17 | requests for admission with knowledge in possession of the party and its counsel);
18 | <u>Hise v Lockwood Grader Corp.</u>, 153 F Supp 276, 278 (D. Neb. 1957) (plaintiff
19 | required to respond to requests for admission with facts only in the possession of
20 | counsel).

21 | Larian's "legal conclusion" objection fares no better.  The prior
22 | Discovery Master repeatedly overruled the exact same "legal conclusion" objections
23 | Larian asserts here.  In compelling Bryant to respond to RFAs related to his
24 | opinions about the enforceability of his employment contract with Mattel and the
25 | copyrights related to Bratz, the Discovery Master overruled Bryant's privilege and
26 |
27 | [419]  Watson Decl., Ex. 42.
28 |

1   "legal conclusion" objections and ruled that "requests for admission calling for

2   application of law to facts are permissible" and that "[t]he fact that Bryant may need

3   to consult with counsel to respond to the requests does not make the response

4   privileged."[420]   Similarly, the Discovery Master compelled MGA to respond to

5   RFAs seeking information about MGA's copyright registrations and the accuracy of

6   MGA's statements to the press, emphasizing that "requests calling for legal

7   conclusions are permissible" so long as they are related to the facts of the case.[421]

8   The Discovery Master also reiterated that it is immaterial that MGA may need to

9   consult with counsel to answer the RFAs because "[t]o hold otherwise would

10  effectively gut the provisions of Rule 36 authorizing requests that call for the

11  application of law to fact." Id.

12          Even had it not been already overruled, Larian's privilege objection is

13  baseless.   This Request simply asks Larian to admit that has withheld from

14  production Entry No. 557 on its privilege log on the basis of attorney-client

15  privilege. The question clearly does not implicate the privilege or work product. It

16  is black letter law that "questions related to the existence of attorney-client

17  communications" are not protected by the privilege. Markwest Hydrocarbon, Inc. v.

18  Liberty Mutual Ins. Co., 2007 WL 1106105, at *4 (D. Colo. April 12, 2007); see

19  also New Jersey v. Sprint Corp., 2009 WL 1917412, at *18 (D. Kan. July 2, 2009)

20  ("Questions regarding the existence, extent, or waiver of an attorney-client privilege

21  or work-product immunity are not themselves privileged or protected"); B.F.G. of

22  Illinois, Inc. v. Ameritech Corp., 2001 WL 1414468, at *4 (N.D. Ill. Nov. 13, 2001)

23  ("plaintiffs' counsel's proper questions regarding foundational facts going to the

24  assertion of privilege were improperly objected to and the witness instructed not to

25  answer"); Malletier v. Dooney & Bourke, Inc., 2006 WL 3851150, at *1 (S.D.N.Y.

26

27  [420]   Discovery Master Order, dated August 20, 2007, at 6, Watson Decl., Ex. 32.

28

Dec. 18, 2006) (declarations submitted to support claim of privilege were improperly redacted because "plaintiff has effectively eliminated from the declarations much of the basic information that would be required to appear on a privilege log, together with the foundational facts that its adversary would be entitled to discover in order to test a privilege claim.").

Larian has already conceded the fact sought by this Request. ███████

████████████████████████████████████████████████████

███████████████████, ████████████████████████████████

████████████████████████████████████████████████████

█████████████████████,,422 ██████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

███████████████████. ████████████████████████████████

████████████████████████████████████████████████████

███████,,423   Larian cannot concede facts to the Court for the purposes of avoiding sanctions, then refuse to admit them for purposes of discovery. Notably, although Larian conceded these facts at the September 22, 2009 hearing, Mattel is nonetheless entitled to receive admissions as to these facts. Admissions, unlike pleadings or other evidentiary statements, are "binding upon the party making them. They may not be controverted at trial or on appeal. Indeed, they are 'not evidence at all but rather have the effect of withdrawing a fact from contention.'" Keller v.

---

421  Discovery Master Order, dated August 21, 2007, at 7, Watson Decl., Ex. 31.
422  Sealed Hearing Tr. at 4:19-24; 8:17-9:11; 11:14-22, Watson Decl., Ex. 27.
423  September 22, 2009 Sealed Hearing Tr. at 22:22-23:4, Watson Decl., Ex. 27; see also id. at 13:4-10 (THE COURT: "And obviously Victoria O'Conner is not an attorney; the argument is that she was conveying – without getting into the substance of it – that she was conveying legal advice, reminding Mr. Larian of legal advice.");

1   Untied States, 58 F.3d 1194, 1198 n.8 (7th Cir. 1995) (quoting Michael H. Graham,

2   Federal Practice and Procedure: Evidence § 6726).

3              .        Larian's objection as to burden and oppression is frivolous.   See A.

4   Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general

5   or boilerplate objections such as 'overly burdensome and harassing' are improper –

6   especially when a party fails to submit any evidentiary declarations supporting such

7   objections").   There is no conceivable burden in admitting a fact Larian has already

8   conceded on the record; and indeed, Larian provides no basis for the burden

9   objection, as required.  See Discovery Master Order No. 17, dated April 14, 2009, at

10  20 (overruling objections not stated with specificity);[424] Jackson v. Montgomery

11  Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) (party claiming a

12  discovery request is "unduly burdensome must allege specific facts which indicate

13  the nature and extent of the burden, usually by affidavit or other reliable evidence");

14  Horsewood v. Kids "R" Us, 1998 WL 526589, at *4 (D. Kan. Aug. 13, 1998)

15  ("Mere assertions by plaintiff of harassment and intimidation provide no evidence of

16  undue burden."); Bible v. Rio Props., Inc., 246 F.R.D. 614, 618 (C.D. Cal. 2007)

17  ("Contrary to defendant's assertion, the party who resists discovery has the burden to

18  show discovery should not be allowed, and has the burden of clarifying, explaining,

19  and supporting its objections."); Discovery Master Order No. 46, dated August 14,

20  2009, at 33 ("[T]he party claiming that a discovery request is unduly burdensome

21  must allege specific facts which indicate the nature and extent of the burden, usually

22  by affidavit or other reliable evidence.") (citing Jackson v. Montgomery Ward &

23  Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997)).

24        Lastly, Larian objects to "any instructions or definitions that seek to impose

25  requirements in addition to those imposed by the Federal Rules of Civil Procedure

26

27  [424]   Watson Decl., Ex. 37.

28

1   or any applicable local rule." Mattel's RFAs did not include instructions, so Larian's
2   boilerplate objection on that ground makes no sense.   Nor does Larian specify
3   which, if any, of the four definitions in Mattel's requests is improper, much less
4   provide any basis for the objection.   Mattel's definitions are proper and Larian's
5   boilerplate objection should be overruled.

6

7   REQUEST FOR ADMISSION NO. 35:

8        Admit that the document corresponding to Entry No. 557 on MGA'S
9   REVISED JANUARY 23, 2008 PRIVILEGE LOG has been withheld by YOU from
10  production in this litigation on Mattel on work product grounds.

11

12  RESPONSE TO REQUEST FOR ADMISSION NO. 35:

13       Mr. Larian objects to the request as vague and ambiguous in its use of the
14  phrase "the document" because "the document" contains a series of emails certain of
15  which were marked as trial exhibits and, therefore, Mr. Larian assumes that "the
16  document" means any portions of the email that were not marked as a trial exhibit.
17  As such, Mr. Larian objects to the request as it seeks disclosure of information that
18  is protected by the attorney-client privilege and/or work product doctrine in that the
19  basis for Mr. Larian's knowledge is communications with his counsel. Mr. Larian
20  additionally objects to this request on the grounds that it calls for a legal conclusion.
21  Mr. Larian objects to the request to the extent it seeks information not relevant to the
22  claims or defenses of any party to this action and not reasonably calculated to lead
23  to the discovery of admissible evidence. Mr. Larian objects to the request to the
24  extent it is unduly burdensome and oppressive. In responding, Mr. Larian has not
25  and will not comply with any instructions or defmitions that seek to impose
26  requirements in addition to those imposed by the Federal Rules of Civil Procedure
27  or any applicable local rule. Mr. Larian reserves the right to object on any ground at
28  any time to such other and supplemental discovery requests as Mattel may propound

involving or relating to the same subject matter(s) of the request. Mr. Larian objects to the definitions and instructions to the extent such definitions and instructions purport to enlarge, expand, or alter in any way the plain. meaning and scope of any specific term or specific requests on the grounds that such enlargement, expansion or alteration renders such a term or request vague, ambiguous, unintelligible, overly broad, unduly burdensome, uncertain or otherwise open to interpretation. Mr. Larian objects to the request as vague and ambiguous in its use of the phrase "withheld by YOU from production in this litigation to Mattel."

REASON WHY FURTHER RESPONSE TO REQUEST FOR ADMISSION NO. 35 SHOULD BE COMPELLED:

The Discovery Master has already ruled that Larian must respond to this Request. See Discovery Master Order No. 66, dated September 17, 2009, at 7.[425]

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

Id. In addition, the Court expressly ruled that the issues surrounding the Larian-O'Connor email remain open for discovery and adjudication going forward. See September 22, 2009 Order at 1-2.[426]  Among other things, this Request is directly relevant to whether Larian committed perjury in his Phase 1 trial testimony.  It is also relevant to the decision to withhold the email, which constitutes the RICO predicate of obstruction of justice. See United States v. Lench, 806 F.2d 1443, 1445 (9th Cir. 1986) (that defendant "failed to provide the information requested and lied" about it "is all that is necessary to obstruct justice").

---

[425]  Watson Decl., Ex. 1.
[426]  Watson Decl., Ex. 42.

1  Larian's "vagueness" objection is disingenuous. Larian knows full
2  well what "the document" means. See Pulsecard, Inc. v. Discover Card Servs., Inc.,
3  168 F.R.D. 295, 310 (D. Kan. 1996) (overruling vague and ambiguous objections
4  because "[r]espondents should exercise reason and common sense to attribute
5  ordinary definitions to terms and phrases utilized in interrogatories."). Larian
6  produced an incomplete version of the Larian-O'Connor email and logged it on its
7  privilege log. Moreover, Larian's current counsel specifically produced the full
8  Larian-O'Connor email as a document it believed had previously been improperly
9  withheld on privilege grounds. Larian cannot now pretend to be unaware of these
10 facts. The Request appropriately seeks the knowledge of the MGA Parties, Larian,
11 and their counsel. A recipient of requests for admission is required to respond
12 informed by the knowledge of its counsel. Christian v. Janed Enterprises, Inc., 2009
13 WL 1796074, at *2 (M.D. Ga. June 23, 2009) (party required to answer requests for
14 admission with knowledge in possession of the party and its counsel); Hise v
15 Lockwood Grader Corp., 153 F Supp 276, 278 (D. Neb. 1957) (plaintiff required to
16 respond to requests for admission with facts only in the possession of counsel).

17 The Request appropriately seeks the knowledge of both the MGA
18 Parties and their counsel. A recipient of requests for admission is required to
19 respond informed by the knowledge of its counsel. Christian v. Janed Enterprises,
20 Inc., 2009 WL 1796074, at *2 (M.D. Ga. June 23, 2009) (party required to answer
21 requests for admission with knowledge in possession of the party and its counsel);
22 Hise v Lockwood Grader Corp., 153 F Supp 276, 278 (D. Neb. 1957) (plaintiff
23 required to respond to requests for admission with facts only in the possession of
24 counsel).

25 Larian's "legal conclusion" objection fares no better. The prior
26 Discovery Master repeatedly overruled the exact same "legal conclusion" objections
27 Larian asserts here. In compelling Bryant to respond to RFAs related to his
28 opinions about the enforceability of his employment contract with Mattel and the

1  copyrights related to Bratz, the Discovery Master overruled Bryant's privilege and
2  "legal conclusion" objections and ruled that "requests for admission calling for
3  application of law to facts are permissible" and that "[t]he fact that Bryant may need
4  to consult with counsel to respond to the requests does not make the response
5  privileged."[427]   Similarly, the Discovery Master compelled MGA to respond to
6  RFAs seeking information about MGA's copyright registrations and the accuracy of
7  MGA's statements to the press, emphasizing that "requests calling for legal
8  conclusions are permissible" so long as they are related to the facts of the case.[428]
9  The Discovery Master also reiterated that it is immaterial that MGA may need to
10 consult with counsel to answer the RFAs because "[t]o hold otherwise would
11 effectively gut the provisions of Rule 36 authorizing requests that call for the
12 application of law to fact." Id.

13              Even had it not been already overruled, Larian's privilege objection is
14 baseless.   This Request simply asks Larian to admit that has withheld from
15 production Entry No. 557 on its privilege log on work product grounds.   The
16 question clearly does not implicate the privilege or work product.   It is black letter
17 law that "questions related to the existence of attorney-client communications" are
18 not protected by the privilege.  Markwest Hydrocarbon, Inc. v. Liberty Mutual Ins.
19 Co., 2007 WL 1106105, at *4 (D. Colo. April 12, 2007); see also New Jersey v.
20 Sprint Corp., 2009 WL 1917412, at *18 (D. Kan. July 2, 2009) ("Questions
21 regarding the existence, extent, or waiver of an attorney-client privilege or work-
22 product immunity are not themselves privileged or protected");  B.F.G. of Illinois,
23 Inc. v. Ameritech Corp., 2001 WL 1414468, at *4 (N.D. Ill. Nov. 13, 2001)
24 ("plaintiffs' counsel's proper questions regarding foundational facts going to the
25 assertion of privilege were improperly objected to and the witness instructed not to
26

27 [427]   Discovery Master Order, dated August 20, 2007, at 6, Watson Decl., Ex. 32.
28

1    answer"); <u>Malletier v. Dooney & Bourke, Inc.</u>, 2006 WL 3851150, at *1 (S.D.N.Y.

2    Dec. 18, 2006) (declarations submitted to support claim of privilege were

3    improperly redacted because "plaintiff has effectively eliminated from the

4    declarations much of the basic information that would be required to appear on a

5    privilege log, together with the foundational facts that its adversary would be

6    entitled to discover in order to test a privilege claim.").

7              Larian has already conceded the fact sought by this Request. ▮▮▮



16   ▮▮▮▮▮,[430]  Larian cannot concede facts to the Court for the purposes of

17   avoiding sanctions, then refuse to admit them for purposes of discovery. Notably,

18   although Larian conceded these facts at the September 22, 2009 hearing, Mattel is

19   nonetheless entitled to receive admissions as to these facts. Admissions, unlike

20   pleadings or other evidentiary statements, are "binding upon the party making them.

21   They may not be controverted at trial or on appeal. Indeed, they are 'not evidence at

22

23        [428]  Discovery Master Order, dated August 21, 2007, at 7, Watson Decl., Ex. 31.
24        [429]  Sealed Hearing Tr. at 4:19-24; 8:17-9:11; 11:14-22, Watson Decl., Ex. 27.
25        [430]  September 22, 2009 Sealed Hearing Tr. at 22:22-23:4, Watson Decl., Ex. 27;
          <u>see also</u> <u>id.</u> at 13:4-10 (THE COURT: "And obviously Victoria O'Conner is not an
26        attorney; the argument is that she was conveying – without getting into the
27        substance of it – that she was conveying legal advice, reminding Mr. Larian of legal
          advice.");
28

1  all but rather have the effect of withdrawing a fact from contention.'" <u>Keller v.</u>
2  <u>Untied States</u>, 58 F.3d 1194, 1198 n.8 (7th Cir. 1995) (quoting Michael H. Graham,
3  Federal Practice and Procedure: Evidence § 6726).

4          Larian's objection as to burden and oppression is frivolous. <u>See</u> <u>A.</u>
5  <u>Farber and Partners, Inc. v. Garber</u>, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general
6  or boilerplate objections such as 'overly burdensome and harassing' are improper –
7  especially when a party fails to submit any evidentiary declarations supporting such
8  objections").  There is no conceivable burden in admitting a fact Larian has already
9  conceded on the record; and indeed, Larian provides no basis for the burden
10  objection, as required. <u>See</u> Discovery Master Order No. 17, dated April 14, 2009, at
11  20 (overruling objections not stated with specificity);[431] <u>Jackson v. Montgomery</u>
12  <u>Ward & Co., Inc.</u>, 173 F.R.D. 524, 528-29 (D. Nev. 1997) (party claiming a
13  discovery request is "unduly burdensome must allege specific facts which indicate
14  the nature and extent of the burden, usually by affidavit or other reliable evidence");
15  <u>Horsewood v. Kids "R" Us</u>, 1998 WL 526589, at *4 (D. Kan. Aug. 13, 1998)
16  ("Mere assertions by plaintiff of harassment and intimidation provide no evidence of
17  undue burden."); <u>Bible v. Rio Props., Inc.</u>, 246 F.R.D. 614, 618 (C.D. Cal. 2007)
18  ("Contrary to defendant's assertion, the party who resists discovery has the burden to
19  show discovery should not be allowed, and has the burden of clarifying, explaining,
20  and supporting its objections."); Discovery Master Order No. 46, dated August 14,
21  2009, at 33 ("[T]he party claiming that a discovery request is unduly burdensome
22  must allege specific facts which indicate the nature and extent of the burden, usually
23  by affidavit or other reliable evidence.") (citing <u>Jackson v. Montgomery Ward &</u>
24  <u>Co., Inc.</u>, 173 F.R.D. 524, 528-29 (D. Nev. 1997)).

25
26
27     [431]  Watson Decl., Ex. 37.
28

-383-

1    Lastly, Larian objects to "any instructions or definitions that seek to impose
2    requirements in addition to those imposed by the Federal Rules of Civil Procedure
3    or any applicable local rule." Mattel's RFAs did not include instructions, so Larian's
4    boilerplate objection on that ground makes no sense.  Nor does Larian specify
5    which, if any, of the four definitions in Mattel's requests is improper, much less
6    provide any basis for the objection.  Mattel's definitions are proper and Larian's
7    boilerplate objection should be overruled.
8
9    REQUEST FOR ADMISSION NO. 36:
10    Admit that the document corresponding to Entry No. 557 on MGA'S
11    REVISED JANUARY 23, 2008 PRIVILEGE LOG is protected by attorney-client
12    privilege.
13
14    RESPONSE TO REQUEST FOR ADMISSION NO. 36:
15    Mr. Larian objects to the request as vague and ambiguous in its use of the
16    phrase "the document" because "the document" contains a series of emails certain of
17    which were marked as trial exhibits and, therefore, Mr. Larian assumes that "the
18    document" means any portions of the email that were not marked as a trial exhibit.
19    As such, Mr. Larian objects to the request as it seeks disclosure of information that
20    is protected by the attorney-client privilege and/or work product doctrine in that Mr.
21    Larian's knowledge concerning the scope and nature of the attorney-client privilege
22    as applied to Exhibit 1 to the request has been gained by and through
23    communications with his counsel. Mr. Larian additionally objects to this request on
24    the grounds that it calls for a legal conclusion. Mr. Larian objects to the request to
25    the extent it seeks information not relevant to the claims or defenses of any party to
26    this action and not reasonably calculated to lead to the discovery of admissible
27    evidence. Mr. Larian objects to the request to the extent it is unduly burdensome and
28    oppressive. In responding, Mr. Larian has not and will not comply with any

00505.07975/3180667.1

1   instructions or definitions that seek to impose requirements in addition to those
2   imposed by the Federal Rules of Civil Procedure or any applicable local rule. Mr.
3   Larian reserves the right to object on any ground at any time to such other and
4   supplemental discovery requests as Mattel may propound involving or relating to
5   the same subject matter(s) of the request. Mr. Larian objects to the definitions and
6   instructions to the extent such definitions and instructions purport to enlarge,
7   expand, or alter in any way the plain meaning and scope of any specific term or
8   specific requests on the grounds that such enlargement, expansion or alteration
9   renders such a term or request vague, ambiguous, unintelligible, overly broad,
10  unduly burdensome, uncertain or otherwise open to interpretation.

11

12  <u>REASON WHY FURTHER RESPONSE TO REQUEST FOR ADMISSION NO.</u>
13  <u>36 SHOULD BE COMPELLED:</u>

14          The Discovery Master has already ruled that Larian must respond to
15  this Request.  <u>See</u> Discovery Master Order No. 66, dated September 17, 2009, at
16  7.[432] ████████████████████████████████████

17  ████████████████████████████████████████

18  ████████████████████████████████████████

19  Id.  In addition, the Court expressly ruled that the issues surrounding the Larian-
20  O'Connor email remain open for discovery and adjudication going forward.  <u>See</u>
21  September 22, 2009 Order at 1-2.[433]  Among other things, this Request is directly
22  relevant to whether Larian committed perjury in his Phase 1 trial testimony.  It is
23  also relevant to the decision to withhold the email, which constitutes the RICO
24  predicate of obstruction of justice.  <u>See United States v. Lench</u>, 806 F.2d 1443, 1445

25

26  ─────────────────

27  [432]  Watson Decl., Ex. 1.
    [433]  Watson Decl., Ex. 42.

28

1 | (9th Cir. 1986) (that defendant "failed to provide the information requested and
2 | lied" about it "is all that is necessary to obstruct justice").

3 |        Larian's "vagueness" objection is disingenuous.   Larian knows full
4 | well what "the document" means.  <u>See</u> <u>Pulsecard, Inc. v. Discover Card Servs., Inc.</u>,
5 | 168 F.R.D. 295, 310 (D. Kan. 1996) (overruling vague and ambiguous objections
6 | because "[r]espondents should exercise reason and common sense to attribute
7 | ordinary definitions to terms and phrases utilized in interrogatories.").   Larian
8 | produced an incomplete version of the Larian-O'Connor email and logged it on its
9 | privilege log.   Moreover, Larian's current counsel specifically produced the full
10 | Larian-O'Connor email as a document it believed had previously been improperly
11 | withheld on privilege grounds.  Larian cannot now pretend to be unaware of these
12 | facts.

13 |        The Request appropriately seeks the knowledge of the MGA Parties,
14 | Larian, and their counsel.   A recipient of requests for admission is required to
15 | respond informed by the knowledge of its counsel.  <u>Christian v. Janed Enterprises,</u>
16 | <u>Inc.</u>, 2009 WL 1796074, at *2 (M.D. Ga. June 23, 2009) (party required to answer
17 | requests for admission with knowledge in possession of the party and its counsel);
18 | <u>Hise v Lockwood Grader Corp.</u>, 153 F Supp 276, 278 (D. Neb. 1957) (plaintiff
19 | required to respond to requests for admission with facts only in the possession of
20 | counsel).

21 |        Larian's "legal conclusion" objection fares no better.   The prior
22 | Discovery Master repeatedly overruled the exact same "legal conclusion" objections
23 | Larian asserts here.   In compelling Bryant to respond to RFAs related to his
24 | opinions about the enforceability of his employment contract with Mattel and the
25 | copyrights related to Bratz, the Discovery Master overruled Bryant's privilege and
26 | "legal conclusion" objections and ruled that "requests for admission calling for
27 | application of law to facts are permissible" and that "[t]he fact that Bryant may need
28 | to consult with counsel to respond to the requests does not make the response

privileged."[434]   Similarly, the Discovery Master compelled MGA to respond to RFAs seeking information about MGA's copyright registrations and the accuracy of MGA's statements to the press, emphasizing that "requests calling for legal conclusions are permissible" so long as they are related to the facts of the case.[435] The Discovery Master also reiterated that it is immaterial that MGA may need to consult with counsel to answer the RFAs because "[t]o hold otherwise would effectively gut the provisions of Rule 36 authorizing requests that call for the application of law to fact." Id.

Even had it not been already overruled, Larian's privilege objection is baseless.   This Request simply asks Larian to admit that Entry No. 557 on its privilege log is protected by attorney-client privilege.  The question clearly does not implicate the privilege or work product.  It is black letter law that "questions related to the existence of attorney-client communications" are not protected by privilege.  Markwest Hydrocarbon, Inc. v. Liberty Mutual Ins. Co., 2007 WL 1106105, at *4 (D. Colo. April 12, 2007); see also New Jersey v. Sprint Corp., 2009 WL 1917412, at *18 (D. Kan. July 2, 2009) ("Questions regarding the existence, extent, or waiver of an attorney-client privilege or work-product immunity are not themselves privileged or protected"); B.F.G. of Illinois, Inc. v. Ameritech Corp., 2001 WL 1414468, at *4 (N.D. Ill. Nov. 13, 2001) ("plaintiffs' counsel's proper questions regarding foundational facts going to the assertion of privilege were improperly objected to and the witness instructed not to answer"); Malletier v. Dooney & Bourke, Inc., 2006 WL 3851150, at *1 (S.D.N.Y. Dec. 18, 2006) (declarations submitted to support claim of privilege were improperly redacted because "plaintiff has effectively eliminated from the declarations much of the basic information that would be required to appear on a privilege log, together with the

---

[434]   Discovery Master Order, dated August 20, 2007, at 6, Watson Decl., Ex. 32.

STATEMENT ISO MATTEL'S MOTION TO COMPEL MGA'S RESPONSE TO RFAS

00505.07975/3180667.1

1  foundational facts that its adversary would be entitled to discover in order to test a
2  privilege claim.").

3          Larian has already conceded the fact sought by this Request. ████

4  ████████████████████████████████████████████████████

5  ██████████████████████████, ████████████████████

6  ████████████████████████████████████████████████████

7  ██████████████████████████,,436 ████████████████

8  ████████████████████████████████████████████████████

9  ████████████████████████████████████████████████████

10 ██████████████████. ████████████████████████████

11 ████████████████████████████████████████████████████

12 ████████,,437  Larian cannot concede facts to the Court for the purposes of

13 avoiding sanctions, then refuse to admit them for purposes of discovery.  Notably,

14 although Larian conceded these facts at the September 22, 2009 hearing, Mattel is

15 nonetheless entitled to receive admissions as to these facts.  Admissions, unlike

16 pleadings or other evidentiary statements, are "binding upon the party making them.

17 They may not be controverted at trial or on appeal.  Indeed, they are 'not evidence at

18 all but rather have the effect of withdrawing a fact from contention.'"  Keller v.

19 Untied States, 58 F.3d 1194, 1198 n.8 (7th Cir. 1995) (quoting Michael H. Graham,

20 Federal Practice and Procedure: Evidence § 6726).

---

23  435  Discovery Master Order, dated August 21, 2007, at 7, Watson Decl., Ex. 31.
24  436  Sealed Hearing Tr. at 4:19-24; 8:17-9:11; 11:14-22, Watson Decl., Ex. 27.
25  437  September 22, 2009 Sealed Hearing Tr. at 22:22-23:4, Watson Decl., Ex. 27;
    see also id. at 13:4-10 (THE COURT: "And obviously Victoria O'Conner is not an
26  attorney; the argument is that she was conveying – without getting into the
    substance of it – that she was conveying legal advice, reminding Mr. Larian of legal
27  advice.");

1    Larian's objection as to burden and oppression is frivolous.  See A. 
2  Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general 
3  or boilerplate objections such as 'overly burdensome and harassing' are improper – 
4  especially when a party fails to submit any evidentiary declarations supporting such 
5  objections").  There is no conceivable burden in admitting a fact Larian has already 
6  conceded on the record; and indeed, Larian provides no basis for the burden 
7  objection, as required.  See Discovery Master Order No. 17, dated April 14, 2009, at 
8  20 (overruling objections not stated with specificity);[438] Jackson v. Montgomery 
9  Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) (party claiming a 
10  discovery request is "unduly burdensome must allege specific facts which indicate 
11  the nature and extent of the burden, usually by affidavit or other reliable evidence"); 
12  Horsewood v. Kids "R" Us, 1998 WL 526589, at *4 (D. Kan. Aug. 13, 1998) 
13  ("Mere assertions by plaintiff of harassment and intimidation provide no evidence of 
14  undue burden."); Bible v. Rio Props., Inc., 246 F.R.D. 614, 618 (C.D. Cal. 2007) 
15  ("Contrary to defendant's assertion, the party who resists discovery has the burden to 
16  show discovery should not be allowed, and has the burden of clarifying, explaining, 
17  and supporting its objections."); Discovery Master Order No. 46, dated August 14, 
18  2009, at 33 ("[T]he party claiming that a discovery request is unduly burdensome 
19  must allege specific facts which indicate the nature and extent of the burden, usually 
20  by affidavit or other reliable evidence.") (citing Jackson v. Montgomery Ward & 
21  Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997)).

22    Lastly, Larian objects to "any instructions or definitions that seek to impose 
23  requirements in addition to those imposed by the Federal Rules of Civil Procedure 
24  or any applicable local rule."  Mattel's RFAs did not include instructions, so Larian's 
25  boilerplate objection on that ground makes no sense.  Nor does Larian specify

26

27    [438]   Watson Decl., Ex. 37.

28

STATEMENT ISO MATTEL'S MOTION TO COMPEL MGA'S RESPONSE TO RFAS

1 | which, if any, of the four definitions in Mattel's requests is improper, much less
2 | provide any basis for the objection.  Mattel's definitions are proper and Larian's
3 | boilerplate objection should be overruled.

4 |

5 | REQUEST FOR ADMISSION NO. 37:

6 | Admit that the document corresponding to Entry No. 557 on MGA'S
7 | REVISED JANUARY 23, 2008 PRIVILEGE LOG is protected by the work product
8 | doctrine.

9 |

10 | RESPONSE TO REQUEST FOR ADMISSION NO. 37:

11 | Mr. Larian objects to the request as vague and ambiguous in its use of the
12 | phrase "the document" because "the document" contains a series of emails certain of
13 | which were marked as trial exhibits and, therefore, Mr. Larian assumes that "the
14 | document" means any portions of the email that were not marked as a trial exhibit.
15 | As such, Mr. Larian objects to the request as it seeks disclosure of information that
16 | is protected by the attorney-client privilege and/or work product doctrine in that Mr.
17 | Larian's knowledge concerning the scope and nature of the work product doctrine as
18 | applied to Exhibit 1 to the request has been gained by and through communications
19 | with his counsel. Mr. Larian additionally objects to this request on the grounds that
20 | it calls for a legal conclusion. Mr. Larian objects to the request to the extent it seeks
21 | information not relevant to the claims or defenses of any party to this action and not
22 | reasonably calculated to lead to the discovery of admissible evidence. Mr. Larian
23 | objects to the request to the extent it is unduly burdensome and oppressive. In
24 | responding, Mr. Larian has not and will not comply with any instructions or
25 | definitions that seek to impose requirements in addition to those imposed by the
26 | Federal Rules of Civil Procedure or any applicable local rule. Mr. Larian reserves
27 | the right to object on any ground at any time to such other and supplemental
28 | discovery requests as Mattel may propound involving or relating to the same subject

00505.07975/3180667.1

STATEMENT ISO MATTEL'S MOTION TO COMPEL MGA'S RESPONSE TO RFAS

1   matter(s) of the request. Mr. Larian objects to the definitions and instructions to the
2   extent such definitions and instructions purport to enlarge, expand, or alter in any
3   way the plain meaning and scope of any specific term or specific requests on the
4   grounds that such enlargement, expansion or alteration renders such a term or
5   request vague, ambiguous, unintelligible, overly broad, unduly burdensome,
6   uncertain or otherwise open to interpretation.

7

8   REASON WHY FURTHER RESPONSE TO REQUEST FOR ADMISSION NO.
9   37 SHOULD BE COMPELLED:

10          The Discovery Master has already ruled that Larian must respond to
11  this Request. See Discovery Master Order No. 66, dated September 17, 2009, at
12  7.[439] ████████████████████████████████████████

13  ████████████████████████████████████████████████

14  ████████████████████████████████████████████████

15  Id.  In addition, the Court expressly ruled that the issues surrounding the Larian-
16  O'Connor email remain open for discovery and adjudication going forward. See
17  September 22, 2009 Order at 1-2.[440]  Among other things, this Request is directly
18  relevant to whether Larian committed perjury in his Phase 1 trial testimony.  It is
19  also relevant to the decision to withhold the email, which constitutes the RICO
20  predicate of obstruction of justice. See United States v. Lench, 806 F.2d 1443, 1445
21  (9th Cir. 1986) (that defendant "failed to provide the information requested and
22  lied" about it "is all that is necessary to obstruct justice").

23          Larian's "vagueness" objection is disingenuous.  Larian knows full
24  well what "the document" means. See Pulsecard, Inc. v. Discover Card Servs., Inc.,
25  168 F.R.D. 295, 310 (D. Kan. 1996) (overruling vague and ambiguous objections

26

27  [439]   Watson Decl., Ex. 1.

28

1   because "[r]espondents should exercise reason and common sense to attribute

2   ordinary definitions to terms and phrases utilized in interrogatories.").   Larian

3   produced an incomplete version of the Larian-O'Connor email and logged it on its

4   privilege log.   Moreover, Larian's current counsel specifically produced the full

5   Larian-O'Connor email as a document it believed had previously been improperly

6   withheld on privilege grounds.  Larian cannot now pretend to be unaware of these

7   facts.

8            The Request appropriately seeks the knowledge of both the MGA

9   Parties and their counsel.   A recipient of requests for admission is required to

10  respond informed by the knowledge of its counsel.  <u>Christian v. Janed Enterprises,</u>

11  <u>Inc.</u>, 2009 WL 1796074, at *2 (M.D. Ga. June 23, 2009) (party required to answer

12  requests for admission with knowledge in possession of the party and its counsel);

13  <u>Hise v Lockwood Grader Corp.</u>, 153 F Supp 276, 278 (D. Neb. 1957) (plaintiff

14  required to respond to requests for admission with facts only in the possession of

15  counsel).

16           Larian's "legal conclusion" objection fares no better.   The prior

17  Discovery Master repeatedly overruled the exact same "legal conclusion" objections

18  Larian asserts here.   In compelling Bryant to respond to RFAs related to his

19  opinions about the enforceability of his employment contract with Mattel and the

20  copyrights related to Bratz, the Discovery Master overruled Bryant's privilege and

21  "legal conclusion" objections and ruled that "requests for admission calling for

22  application of law to facts are permissible" and that "[t]he fact that Bryant may need

23  to consult with counsel to respond to the requests does not make the response

24  privileged."[441]   Similarly, the Discovery Master compelled MGA to respond to

25  RFAs seeking information about MGA's copyright registrations and the accuracy of

26

27  [440]   Watson Decl., Ex. 42.

28

1  MGA's statements to the press, emphasizing that "requests calling for legal
2  conclusions are permissible" so long as they are related to the facts of the case.[442]
3  The Discovery Master also reiterated that it is immaterial that MGA may need to
4  consult with counsel to answer the RFAs because "[t]o hold otherwise would
5  effectively gut the provisions of Rule 36 authorizing requests that call for the
6  application of law to fact." Id.

7         Even had it not been already overruled, Larian's privilege objection is
8  baseless.   This Request simply asks Larian to admit that Entry No. 557 on its
9  privilege log is protected by the work product doctrine.  The question clearly does
10 not implicate the privilege or work product.  It is black letter law that "questions
11 related to the existence of attorney-client communications" are not protected by the
12 privilege.   Markwest Hydrocarbon, Inc. v. Liberty Mutual Ins. Co., 2007 WL
13 1106105, at *4 (D. Colo. April 12, 2007); see also New Jersey v. Sprint Corp., 2009
14 WL 1917412, at *18 (D. Kan. July 2, 2009) ("Questions regarding the existence,
15 extent, or waiver of an attorney-client privilege or work-product immunity are not
16 themselves privileged or protected");   B.F.G. of Illinois, Inc. v. Ameritech Corp.,
17 2001 WL 1414468, at *4 (N.D. Ill. Nov. 13, 2001) ("plaintiffs' counsel's proper
18 questions regarding foundational facts going to the assertion of privilege were
19 improperly objected to and the witness instructed not to answer"); Malletier v.
20 Dooney & Bourke, Inc., 2006 WL 3851150, at *1 (S.D.N.Y. Dec. 18, 2006)
21 (declarations submitted to support claim of privilege were improperly redacted
22 because "plaintiff has effectively eliminated from the declarations much of the basic
23 information that would be required to appear on a privilege log, together with the
24 foundational facts that its adversary would be entitled to discover in order to test a
25 privilege claim.").

26

27 _____

[441]   Discovery Master Order, dated August 20, 2007, at 6, Watson Decl., Ex. 32.

28



Larian has already conceded the fact sought by this Request.

[,443]

[,444] Larian cannot concede facts to the Court for the purposes of avoiding sanctions, then refuse to admit them for purposes of discovery. Notably, although Larian conceded these facts at the September 22, 2009 hearing, Mattel is nonetheless entitled to receive admissions as to these facts. Admissions, unlike pleadings or other evidentiary statements, are "binding upon the party making them. They may not be controverted at trial or on appeal. Indeed, they are 'not evidence at all but rather have the effect of withdrawing a fact from contention.'" Keller v. Untied States, 58 F.3d 1194, 1198 n.8 (7th Cir. 1995) (quoting Michael H. Graham, Federal Practice and Procedure: Evidence § 6726).

Larian's objection as to burden and oppression is frivolous. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper –

---

[442] Discovery Master Order, dated August 21, 2007, at 7, Watson Decl., Ex. 31.
[443] Sealed Hearing Tr. at 4:19-24; 8:17-9:11; 11:14-22, Watson Decl., Ex. 27.
[444] September 22, 2009 Sealed Hearing Tr. at 22:22-23:4, Watson Decl., Ex. 27; see also id. at 13:4-10 (THE COURT: "And obviously Victoria O'Conner is not an attorney; the argument is that she was conveying – without getting into the substance of it – that she was conveying legal advice, reminding Mr. Larian of legal advice.");

especially when a party fails to submit any evidentiary declarations supporting such objections").  There is no conceivable burden in admitting a fact Larian has already conceded on the record; and indeed, Larian provides no basis for the burden objection, as required.  <u>See</u> Discovery Master Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity);[445] <u>Jackson v. Montgomery Ward & Co., Inc.</u>, 173 F.R.D. 524, 528-29 (D. Nev. 1997) (party claiming a discovery request is "unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence"); <u>Horsewood v. Kids "R" Us</u>, 1998 WL 526589, at *4 (D. Kan. Aug. 13, 1998) ("Mere assertions by plaintiff of harassment and intimidation provide no evidence of undue burden."); <u>Bible v. Rio Props., Inc.</u>, 246 F.R.D. 614, 618 (C.D. Cal. 2007) ("Contrary to defendant's assertion, the party who resists discovery has the burden to show discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections."); Discovery Master Order No. 46, dated August 14, 2009, at 33 ("[T]he party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence.") (citing <u>Jackson v. Montgomery Ward & Co., Inc.</u>, 173 F.R.D. 524, 528-29 (D. Nev. 1997)).

Lastly, Larian objects to "any instructions or definitions that seek to impose requirements in addition to those imposed by the Federal Rules of Civil Procedure or any applicable local rule."  Mattel's RFAs did not include instructions, so Larian's boilerplate objection on that ground makes no sense.  Nor does Larian specify which, if any, of the four definitions in Mattel's requests is improper, much less provide any basis for the objection.  Mattel's definitions are proper and Larian's boilerplate objection should be overruled.

---

[445]   Watson Decl., Ex. 37.

1  REQUEST FOR ADMISSION NO. 38:

2       Admit that the document corresponding to Entry No. 557 on MGA'S

3  REVISED JANUARY 23, 2008 PRIVILEGE LOG is not protected by attorney-

4  client privilege.

5

6  RESPONSE TO REQUEST FOR ADMISSION NO. 38:

7       Mr. Larian objects to the request as vague and ambiguous in its use of the

8  phrase "the document" because "the document" contains a series of emails certain of

9  which were marked as trial exhibits and, therefore, Mr. Larian assumes that "the

10  document" means any portions of the email that were not marked as a trial exhibit.

11  As such, Mr. Larian objects to the request as it seeks disclosure of information that

12  is protected by the attorney-client privilege and/or work product doctrine in that Mr.

13  Larian's knowledge concerning the scope and nature of the attorney-client privilege

14  as applied to Exhibit 1 to the request has been gained by and through

15  communications with his counsel. Mr. Larian additionally objects to this request on

16  the grounds that it calls for a legal conclusion. Mr. Larian objects to the request to

17  the extent it seeks information not relevant to the claims or defenses of any party to

18  this action and not reasonably calculated to lead to the discovery of admissible

19  evidence. Mr. Larian objects to the request to the extent it is unduly burdensome and

20  oppressive. In responding, Mr. Larian has not and will not comply with any

21  instructions or definitions that seek to impose requirements in addition to those

22  imposed by the Federal Rules of Civil Procedure or any applicable local rule. Mr.

23  Larian reserves the right to object on any ground at any time to such other and

24  supplemental discovery requests as Mattel may propound involving or relating to

25  the same subject matter(s) of the request. Mr. Larian objects to the definitions and

26  instructions to the extent such definitions and instructions purport to enlarge,

27  expand, or alter in any way the plain meaning and scope of any specific term or

28  specific requests on the grounds that such enlargement, expansion or alteration

1 renders such a term or request vague, ambiguous, unintelligible, overly broad,
2 unduly burdensome, uncertain or otherwise open to interpretation.

3

4 REASON WHY FURTHER RESPONSE TO REQUEST FOR ADMISSION NO.
5 38 SHOULD BE COMPELLED:

6      The Discovery Master has already ruled that Larian must respond to
7 this Request. See Discovery Master Order No. 66, dated September 17, 2009, at
8 7.[446] ██████████████████████████████████████
9 ██████████████████████████████████████
10 ██████████████████████████████████████
11 Id.  In addition, the Court expressly ruled that the issues surrounding the Larian-
12 O'Connor email remain open for discovery and adjudication going forward.  See
13 September 22, 2009 Order at 1-2.[447]  Among other things, this Request is directly
14 relevant to whether Larian committed perjury in his Phase 1 trial testimony.  It is
15 also relevant to the decision to withhold the email, which constitutes the RICO
16 predicate of obstruction of justice. See United States v. Lench, 806 F.2d 1443, 1445
17 (9th Cir. 1986) (that defendant "failed to provide the information requested and
18 lied" about it "is all that is necessary to obstruct justice").

19      Larian's "vagueness" objection is disingenuous.  Larian knows full
20 well what "the document" means. See Pulsecard, Inc. v. Discover Card Servs., Inc.,
21 168 F.R.D. 295, 310 (D. Kan. 1996) (overruling vague and ambiguous objections
22 because "[r]espondents should exercise reason and common sense to attribute
23 ordinary definitions to terms and phrases utilized in interrogatories.").   Larian
24 produced an incomplete version of the Larian-O'Connor email and logged it on its
25 privilege log.  Moreover, Larian's current counsel specifically produced the full

26

27  [446]   Watson Decl., Ex. 1.

28

1  Larian-O'Connor email as a document it believed had previously been improperly

2  withheld on privilege grounds.  Larian cannot now pretend to be unaware of these

3  facts.

4  The Request appropriately seeks the knowledge of both the MGA

5  Parties and their counsel.  A recipient of requests for admission is required to

6  respond informed by the knowledge of its counsel.  <u>Christian v. Janed Enterprises,</u>

7  <u>Inc.</u>, 2009 WL 1796074, at *2 (M.D. Ga. June 23, 2009) (party required to answer

8  requests for admission with knowledge in possession of the party and its counsel);

9  <u>Hise v Lockwood Grader Corp.</u>, 153 F Supp 276, 278 (D. Neb. 1957) (plaintiff

10  required to respond to requests for admission with facts only in the possession of

11  counsel).

12  Larian's "legal conclusion" objection fares no better.  The prior

13  Discovery Master repeatedly overruled the exact same "legal conclusion" objections

14  Larian asserts here.  In compelling Bryant to respond to RFAs related to his

15  opinions about the enforceability of his employment contract with Mattel and the

16  copyrights related to Bratz, the Discovery Master overruled Bryant's privilege and

17  "legal conclusion" objections and ruled that "requests for admission calling for

18  application of law to facts are permissible" and that "[t]he fact that Bryant may need

19  to consult with counsel to respond to the requests does not make the response

20  privileged."[448]  Similarly, the Discovery Master compelled MGA to respond to

21  RFAs seeking information about MGA's copyright registrations and the accuracy of

22  MGA's statements to the press, emphasizing that "requests calling for legal

23  conclusions are permissible" so long as they are related to the facts of the case.[449]

24  The Discovery Master also reiterated that it is immaterial that MGA may need to

25  _____

26  [447]  Watson Decl., Ex. 42.

27  [448]  Discovery Master Order, dated August 20, 2007, at 6, Watson Decl., Ex. 32.
   [449]  Discovery Master Order, dated August 21, 2007, at 7, Watson Decl., Ex. 31.

28

00505.07975/3180667.1

-398-
STATEMENT ISO MATTEL'S MOTION TO COMPEL MGA'S RESPONSE TO RFAS

1  consult with counsel to answer the RFAs because "[t]o hold otherwise would
2  effectively gut the provisions of Rule 36 authorizing requests that call for the
3  application of law to fact." Id.

4         Even had it not been already overruled, Larian's privilege objection is
5  baseless.   This Request simply asks Larian to admit that Entry No. 557 on its
6  privilege log is not protected by the attorney-client privilege.  The question clearly
7  does not implicate the privilege or work product.  It is black letter law that
8  "questions related to the existence of attorney-client communications" are not
9  protected by the privilege.  Markwest Hydrocarbon, Inc. v. Liberty Mutual Ins. Co.,
10 2007 WL 1106105, at *4 (D. Colo. April 12, 2007); see also New Jersey v. Sprint
11 Corp., 2009 WL 1917412, at *18 (D. Kan. July 2, 2009) ("Questions regarding the
12 existence, extent, or waiver of an attorney-client privilege or work-product
13 immunity are not themselves privileged or protected");  B.F.G. of Illinois, Inc. v.
14 Ameritech Corp., 2001 WL 1414468, at *4 (N.D. Ill. Nov. 13, 2001) ("plaintiffs'
15 counsel's proper questions regarding foundational facts going to the assertion of
16 privilege were improperly objected to and the witness instructed not to answer");
17 Malletier v. Dooney & Bourke, Inc., 2006 WL 3851150, at *1 (S.D.N.Y. Dec. 18,
18 2006) (declarations submitted to support claim of privilege were improperly
19 redacted because "plaintiff has effectively eliminated from the declarations much of
20 the basic information that would be required to appear on a privilege log, together
21 with the foundational facts that its adversary would be entitled to discover in order
22 to test a privilege claim.").

23        Larian has already conceded the fact sought by this Request. ▮▮▮▮▮▮
24 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
25 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
26 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
27
28



,451    Larian cannot concede facts to the Court for the purposes of avoiding sanctions, then refuse to admit them for purposes of discovery. Notably, although Larian conceded these facts at the September 22, 2009 hearing, Mattel is nonetheless entitled to receive admissions as to these facts. Admissions, unlike pleadings or other evidentiary statements, are "binding upon the party making them. They may not be controverted at trial or on appeal. Indeed, they are 'not evidence at all but rather have the effect of withdrawing a fact from contention.'" <u>Keller v. Untied States</u>, 58 F.3d 1194, 1198 n.8 (7th Cir. 1995) (quoting Michael H. Graham, Federal Practice and Procedure: Evidence § 6726).

Larian's objection as to burden and oppression is frivolous. <u>See</u> <u>A. Farber and Partners, Inc. v. Garber</u>, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections"). There is no conceivable burden in admitting a fact Larian has already conceded on the record; and indeed, Larian provides no basis for the burden objection, as required. <u>See</u> Discovery Master Order No. 17, dated April 14, 2009, at

---

450  Sealed Hearing Tr. at 4:19-24; 8:17-9:11; 11:14-22, Watson Decl., Ex. 27.

451  September 22, 2009 Sealed Hearing Tr. at 22:22-23:4, Watson Decl., Ex. 27; <u>see also id.</u> at 13:4-10 (THE COURT: "And obviously Victoria O'Conner is not an attorney; the argument is that she was conveying – without getting into the substance of it – that she was conveying legal advice, reminding Mr. Larian of legal advice.");

STATEMENT ISO MATTEL'S MOTION TO COMPEL MGA'S RESPONSE TO RFAS

20 (overruling objections not stated with specificity);[452] <u>Jackson v. Montgomery Ward & Co., Inc.</u>, 173 F.R.D. 524, 528-29 (D. Nev. 1997) (party claiming a discovery request is "unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence"); <u>Horsewood v. Kids "R" Us</u>, 1998 WL 526589, at *4 (D. Kan. Aug. 13, 1998) ("Mere assertions by plaintiff of harassment and intimidation provide no evidence of undue burden."); <u>Bible v. Rio Props., Inc.</u>, 246 F.R.D. 614, 618 (C.D. Cal. 2007) ("Contrary to defendant's assertion, the party who resists discovery has the burden to show discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections."); Discovery Master Order No. 46, dated August 14, 2009, at 33 ("[T]he party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence.") (citing <u>Jackson v. Montgomery Ward & Co., Inc.</u>, 173 F.R.D. 524, 528-29 (D. Nev. 1997)).

Lastly, Larian objects to "any instructions or definitions that seek to impose requirements in addition to those imposed by the Federal Rules of Civil Procedure or any applicable local rule." Mattel's RFAs did not include instructions, so Larian's boilerplate objection on that ground makes no sense. Nor does Larian specify which, if any, of the four definitions in Mattel's requests is improper, much less provide any basis for the objection. Mattel's definitions are proper and Larian's boilerplate objection should be overruled.

---

[452]  Watson Decl., Ex. 37.

1  REQUEST FOR ADMISSION NO. 39:

2      Admit that the document corresponding to Entry No. 557 on MGA'S

3  REVISED JANUARY 23, 2008 PRIVILEGE LOG is not protected by the work

4  product doctrine.

5

6  RESPONSE TO REQUEST FOR ADMISSION NO. 39:

7      Mr. Larian objects to the request as vague and ambiguous in its use of the

8  phrase "the document" because "the document" contains a series of emails certain of

9  which were marked as trial exhibits and, therefore, Mr. Larian assumes that "the

10 document" means any portions of the email that were not marked as a trial exhibit.

11 As such, Mr. Larian objects to the request as it seeks disclosure of information that

12 is protected by the attorney-client privilege and/or work product doctrine in that Mr.

13 Larian's knowledge concerning the scope and nature of the work product doctrine as

14 applied to Exhibit 1 to the request has been gained by and through communications

15 with his counsel. Mr. Larian additionally objects to this request on the grounds that

16 it calls for a legal conclusion. Mr. Larian objects to the request to the extent it seeks

17 information not relevant to the claims or defenses of any party to this action and not

18 reasonably calculated to lead to the discovery of admissible evidence. • Mr. Larian

19 objects to the request to the extent it is unduly burdensome and oppressive. In

20 responding, Mr. Larian has not and will not comply with any instructions or

21 definitions that seek to impose requirements in addition to those imposed by the

22 Federal Rules of Civil Procedure or any applicable local rule. Mr. Larian reserves

23 the right to object on any ground at any time to such other and supplemental

24 discovery requests as Mattel may propound involving or relating to the same subject

25 matter(s) of the request. Mr. Larian objects to the definitions and instructions to the

26 extent such definitions and instructions purport to enlarge, expand, or alter in any

27 way the plain meaning and scope of any specific term or specific requests on the

28 grounds that such enlargement, expansion or alteration renders such a term or

1 | request vague, ambiguous, unintelligible, overly broad, unduly burdensome,
2 | uncertain or otherwise open to interpretation.

3

4 | <u>REASON WHY FURTHER RESPONSE TO REQUEST FOR ADMISSION NO.</u>
5 | <u>39 SHOULD BE COMPELLED:</u>

6 |        The Discovery Master has already ruled that Larian must respond to
7 | this Request.  <u>See</u> Discovery Master Order No. 66, dated September 17, 2009, at
8 | 7.[453] ████████████████████████████████████

9 ███████████████████████████████████████████

10 ███████████████████████████████████████████

11 | Id.  In addition, the Court expressly ruled that the issues surrounding the Larian-
12 | O'Connor email remain open for discovery and adjudication going forward.  <u>See</u>
13 | September 22, 2009 Order at 1-2.[454]  Among other things, this Request is directly
14 | relevant to whether Larian committed perjury in his Phase 1 trial testimony.  It is
15 | also relevant to the decision to withhold the email, which constitutes the RICO
16 | predicate of obstruction of justice.  <u>See</u> <u>United States v. Lench</u>, 806 F.2d 1443, 1445
17 | (9th Cir. 1986) (that defendant "failed to provide the information requested and
18 | lied" about it "is all that is necessary to obstruct justice").

19 |        Larian's "vagueness" objection is disingenuous.  Larian knows full
20 | well what "the document" means.  <u>See</u> <u>Pulsecard, Inc. v. Discover Card Servs., Inc.</u>,
21 | 168 F.R.D. 295, 310 (D. Kan. 1996) (overruling vague and ambiguous objections
22 | because "[r]espondents should exercise reason and common sense to attribute
23 | ordinary definitions to terms and phrases utilized in interrogatories.").  Larian
24 | produced an incomplete version of the Larian-O'Connor email and logged it on its
25 | privilege log.  Moreover, Larian's current counsel specifically produced the full

26

27 | [453]   Watson Decl., Ex. 1.

28

1   Larian-O'Connor email as a document it believed had previously been improperly

2   withheld on privilege grounds.  Larian cannot now pretend to be unaware of these

3   facts.

4           The Request appropriately seeks the knowledge of both the MGA

5   Parties and their counsel.  A recipient of requests for admission is required to

6   respond informed by the knowledge of its counsel.  <u>Christian v. Janed Enterprises,</u>

7   <u>Inc.,</u> 2009 WL 1796074, at *2 (M.D. Ga. June 23, 2009) (party required to answer

8   requests for admission with knowledge in possession of the party and its counsel);

9   <u>Hise v Lockwood Grader Corp.,</u> 153 F Supp 276, 278 (D. Neb. 1957) (plaintiff

10  required to respond to requests for admission with facts only in the possession of

11  counsel).

12          Larian's "legal conclusion" objection fares no better.  The prior

13  Discovery Master repeatedly overruled the exact same "legal conclusion" objections

14  Larian asserts here.  In compelling Bryant to respond to RFAs related to his

15  opinions about the enforceability of his employment contract with Mattel and the

16  copyrights related to Bratz, the Discovery Master overruled Bryant's privilege and

17  "legal conclusion" objections and ruled that "requests for admission calling for

18  application of law to facts are permissible" and that "[t]he fact that Bryant may need

19  to consult with counsel to respond to the requests does not make the response

20  privileged."[455]  Similarly, the Discovery Master compelled MGA to respond to

21  RFAs seeking information about MGA's copyright registrations and the accuracy of

22  MGA's statements to the press, emphasizing that "requests calling for legal

23  conclusions are permissible" so long as they are related to the facts of the case.[456]

24  The Discovery Master also reiterated that it is immaterial that MGA may need to

25  _____

26  [454]  Watson Decl., Ex. 42.

27  [455]  Discovery Master Order, dated August 20, 2007, at 6, Watson Decl., Ex. 32.
    [456]  Discovery Master Order, dated August 21, 2007, at 7, Watson Decl., Ex. 31.

28

STATEMENT ISO MATTEL'S MOTION TO COMPEL MGA'S RESPONSE TO RFAS

1  consult with counsel to answer the RFAs because "[t]o hold otherwise would
2  effectively gut the provisions of Rule 36 authorizing requests that call for the
3  application of law to fact." Id.

4           Even had it not been already overruled, Larian's privilege objection is
5  baseless. This Request simply asks Larian to admit that Entry No. 557 on its
6  privilege log is not protected by the work product doctrine. The question clearly
7  does not implicate the privilege or work product. It is black letter law that
8  "questions related to the existence of attorney-client communications" are not
9  protected by the privilege. Markwest Hydrocarbon, Inc. v. Liberty Mutual Ins. Co.,
10 2007 WL 1106105, at *4 (D. Colo. April 12, 2007); see also New Jersey v. Sprint
11 Corp., 2009 WL 1917412, at *18 (D. Kan. July 2, 2009) ("Questions regarding the
12 existence, extent, or waiver of an attorney-client privilege or work-product
13 immunity are not themselves privileged or protected"); B.F.G. of Illinois, Inc. v.
14 Ameritech Corp., 2001 WL 1414468, at *4 (N.D. Ill. Nov. 13, 2001) ("plaintiffs'
15 counsel's proper questions regarding foundational facts going to the assertion of
16 privilege were improperly objected to and the witness instructed not to answer");
17 Malletier v. Dooney & Bourke, Inc., 2006 WL 3851150, at *1 (S.D.N.Y. Dec. 18,
18 2006) (declarations submitted to support claim of privilege were improperly
19 redacted because "plaintiff has effectively eliminated from the declarations much of
20 the basic information that would be required to appear on a privilege log, together
21 with the foundational facts that its adversary would be entitled to discover in order
22 to test a privilege claim.").

23          Larian has already conceded the fact sought by this Request. ███████

24 ████████████████████████████████████████████████████████████

25 ████████████████████████████, ████████████████████████████

26 ████████████████████████████████████████████████████████████

27

28



1

2

3

4

5

6      [458]    Larian cannot concede facts to the Court for the purposes of

7 avoiding sanctions, then refuse to admit them for purposes of discovery. Notably,

8 although Larian conceded these facts at the September 22, 2009 hearing, Mattel is

9 nonetheless entitled to receive admissions as to these facts. Admissions, unlike

10 pleadings or other evidentiary statements, are "binding upon the party making them.

11 They may not be controverted at trial or on appeal. Indeed, they are 'not evidence at

12 all but rather have the effect of withdrawing a fact from contention.'" <u>Keller v.</u>

13 <u>Untied States</u>, 58 F.3d 1194, 1198 n.8 (7th Cir. 1995) (quoting Michael H. Graham,

14 Federal Practice and Procedure: Evidence § 6726).

15            Larian's objection as to burden and oppression is frivolous. <u>See</u> <u>A.</u>

16 <u>Farber and Partners, Inc. v. Garber,</u> 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general

17 or boilerplate objections such as 'overly burdensome and harassing' are improper –

18 especially when a party fails to submit any evidentiary declarations supporting such

19 objections"). There is no conceivable burden in admitting a fact Larian has already

20 conceded on the record; and indeed, Larian provides no basis for the burden

21 objection, as required. <u>See</u> Discovery Master Order No. 17, dated April 14, 2009, at

22

23

24   [457]  Sealed Hearing Tr. at 4:19-24; 8:17-9:11; 11:14-22, Watson Decl., Ex. 27.

25   [458]  September 22, 2009 Sealed Hearing Tr. at 22:22-23:4, Watson Decl., Ex. 27;
<u>see also</u> <u>id.</u> at 13:4-10 (THE COURT: "And obviously Victoria O'Conner is not an

26 attorney; the argument is that she was conveying – without getting into the

27 substance of it – that she was conveying legal advice, reminding Mr. Larian of legal
advice.");

28

1   20 (overruling objections not stated with specificity);[459] <u>Jackson v. Montgomery</u>
2   <u>Ward & Co., Inc.</u>, 173 F.R.D. 524, 528-29 (D. Nev. 1997) (party claiming a
3   discovery request is "unduly burdensome must allege specific facts which indicate
4   the nature and extent of the burden, usually by affidavit or other reliable evidence");
5   <u>Horsewood v. Kids "R" Us</u>, 1998 WL 526589, at *4 (D. Kan. Aug. 13, 1998)
6   ("Mere assertions by plaintiff of harassment and intimidation provide no evidence of
7   undue burden."); <u>Bible v. Rio Props., Inc.</u>, 246 F.R.D. 614, 618 (C.D. Cal. 2007)
8   ("Contrary to defendant's assertion, the party who resists discovery has the burden to
9   show discovery should not be allowed, and has the burden of clarifying, explaining,
10  and supporting its objections."); Discovery Master Order No. 46, dated August 14,
11  2009, at 33 ("[T]he party claiming that a discovery request is unduly burdensome
12  must allege specific facts which indicate the nature and extent of the burden, usually
13  by affidavit or other reliable evidence.") (citing <u>Jackson v. Montgomery Ward &</u>
14  <u>Co., Inc.</u>, 173 F.R.D. 524, 528-29 (D. Nev. 1997)).

15          Lastly, Larian objects to "any instructions or definitions that seek to impose
16  requirements in addition to those imposed by the Federal Rules of Civil Procedure
17  or any applicable local rule." Mattel's RFAs did not include instructions, so Larian's
18  boilerplate objection on that ground makes no sense. Nor does Larian specify
19  which, if any, of the four definitions in Mattel's requests is improper, much less
20  provide any basis for the objection. Mattel's definitions are proper and Larian's
21  boilerplate objection should be overruled.

22
23
24
25
26
27  [459]   Watson Decl., Ex. 37.
28

1  REQUEST FOR ADMISSION NO. 40:

2      Admit that the document corresponding to Entry No. 557 on MGA'S

3  REVISED JANUARY 23, 2008 PRIVILEGE LOG never was protected by

4  attorney-client privilege.

5

6  RESPONSE TO REQUEST FOR ADMISSION NO. 40:

7      Mr. Larian objects to the request as vague and ambiguous in its use of the

8  phrase "the document" because "the document" contains a series of emails certain of

9  which were marked as trial exhibits and, therefore, Mr. Larian assumes that "the

10  document" means any portions of the email that were not marked as a trial exhibit.

11  As such, Mr. Larian objects to the request as it seeks disclosure of information that

12  is protected by the attorney-client privilege and/or work product doctrine in that Mr.

13  Larian's knowledge concerning the scope and nature of the attorney-client privilege

14  as applied to Exhibit 1 to the request has been gained by and through

15  communications with his counsel. Mr. Larian additionally objects to this request on

16  the grounds that it calls for a legal conclusion. Mr. Larian objects to the request to

17  the extent it seeks information not relevant to the claims or defenses of any party to

18  this action and not reasonably calculated to lead to the discovery of admissible

19  evidence. Mr. Larian objects to the request to the extent it is unduly burdensome and

20  oppressive. In responding, Mr. Larian has not and will not comply with any

21  instructions or definitions that seek to impose requirements in addition to those

22  imposed by the Federal Rules of Civil Procedure or any applicable local rule.

23  Mr. Larian reserves the right to object on any ground at any time to such other and

24  supplemental discovery requests as Mattel may propound involving or relating to

25  the same subject matter(s) of the request. Mr. Larian objects to the definitions and

26  instructions to the extent such definitions and instructions purport to enlarge,

27  expand, or alter in any way the plain meaning and scope of any specific term or

28  specific requests on the grounds that such enlargement, expansion or alteration

00505.07975/3180667.1

STATEMENT ISO MATTEL'S MOTION TO COMPEL MGA'S RESPONSE TO RFAS

1  renders such a term or request vague, ambiguous, unintelligible, overly broad,
2  unduly burdensome, uncertain or otherwise open to interpretation.

3

4  <u>REASON WHY FURTHER RESPONSE TO REQUEST FOR ADMISSION NO.</u>
5  <u>40 SHOULD BE COMPELLED:</u>

6         The Discovery Master has already ruled that Larian must respond to
7  this Request. <u>See</u> Discovery Master Order No. 66, dated September 17, 2009, at
8  7.[460] ███████████████████████████████████████
9  ████████████████████████████████████████████████
10 ████████████████████████████████████████████████
11 <u>Id.</u>  In addition, the Court expressly ruled that the issues surrounding the Larian-
12 O'Connor email remain open for discovery and adjudication going forward.  <u>See</u>
13 September 22, 2009 Order at 1-2.[461]  Among other things, this Request is directly
14 relevant to whether Larian committed perjury in his Phase 1 trial testimony.  It is
15 also relevant to the decision to withhold the email, which constitutes the RICO
16 predicate of obstruction of justice. <u>See</u> <u>United States v. Lench</u>, 806 F.2d 1443, 1445
17 (9th Cir. 1986) (that defendant "failed to provide the information requested and
18 lied" about it "is all that is necessary to obstruct justice").

19        Larian's "vagueness" objection is disingenuous.  Larian knows full
20 well what "the document" means. <u>See</u> <u>Pulsecard, Inc. v. Discover Card Servs., Inc.</u>,
21 168 F.R.D. 295, 310 (D. Kan. 1996) (overruling vague and ambiguous objections
22 because "[r]espondents should exercise reason and common sense to attribute
23 ordinary definitions to terms and phrases utilized in interrogatories.").  Larian
24 produced an incomplete version of the Larian-O'Connor email and logged it on its
25 privilege log.  Moreover, Larian's current counsel specifically produced the full

26

27    [460]  Watson Decl., Ex. 1.
28

1   Larian-O'Connor email as a document it believed had previously been improperly
2   withheld on privilege grounds.  Larian cannot now pretend to be unaware of these
3   facts.

4            The Request appropriately seeks the knowledge of both the MGA
5   Parties and their counsel.  A recipient of requests for admission is required to
6   respond informed by the knowledge of its counsel.  <u>Christian v. Janed Enterprises,</u>
7   <u>Inc.</u>, 2009 WL 1796074, at *2 (M.D. Ga. June 23, 2009) (party required to answer
8   requests for admission with knowledge in possession of the party and its counsel);
9   <u>Hise v Lockwood Grader Corp.</u>, 153 F Supp 276, 278 (D. Neb. 1957) (plaintiff
10  required to respond to requests for admission with facts only in the possession of
11  counsel).

12           Larian's "legal conclusion" objection fares no better.  The prior
13  Discovery Master repeatedly overruled the exact same "legal conclusion" objections
14  Larian asserts here.  In compelling Bryant to respond to RFAs related to his
15  opinions about the enforceability of his employment contract with Mattel and the
16  copyrights related to Bratz, the Discovery Master overruled Bryant's privilege and
17  "legal conclusion" objections and ruled that "requests for admission calling for
18  application of law to facts are permissible" and that "[t]he fact that Bryant may need
19  to consult with counsel to respond to the requests does not make the response
20  privileged."[462]  Similarly, the Discovery Master compelled MGA to respond to
21  RFAs seeking information about MGA's copyright registrations and the accuracy of
22  MGA's statements to the press, emphasizing that "requests calling for legal
23  conclusions are permissible" so long as they are related to the facts of the case.[463]
24  The Discovery Master also reiterated that it is immaterial that MGA may need to

25  _____

26  [461]  Watson Decl., Ex. 42.
27  [462]  Discovery Master Order, dated August 20, 2007, at 6, Watson Decl., Ex. 32.
    [463]  Discovery Master Order, dated August 21, 2007, at 7, Watson Decl., Ex. 31.
28

1  consult with counsel to answer the RFAs because "[t]o hold otherwise would
2  effectively gut the provisions of Rule 36 authorizing requests that call for the
3  application of law to fact." Id.

4          Even had it not been already overruled, Larian's privilege objection is
5  baseless.  This Request simply asks Larian to admit that Entry No. 557 on its
6  privilege log never was protected by the attorney-client privilege.  The question
7  clearly does not implicate the privilege or work product.  It is black letter law that
8  "questions related to the existence of attorney-client communications" are not
9  protected by the privilege. Markwest Hydrocarbon, Inc. v. Liberty Mutual Ins. Co.,
10 2007 WL 1106105, at *4 (D. Colo. April 12, 2007); see also New Jersey v. Sprint
11 Corp., 2009 WL 1917412, at *18 (D. Kan. July 2, 2009) ("Questions regarding the
12 existence, extent, or waiver of an attorney-client privilege or work-product
13 immunity are not themselves privileged or protected"); B.F.G. of Illinois, Inc. v.
14 Ameritech Corp., 2001 WL 1414468, at *4 (N.D. Ill. Nov. 13, 2001) ("plaintiffs'
15 counsel's proper questions regarding foundational facts going to the assertion of
16 privilege were improperly objected to and the witness instructed not to answer");
17 Malletier v. Dooney & Bourke, Inc., 2006 WL 3851150, at *1 (S.D.N.Y. Dec. 18,
18 2006) (declarations submitted to support claim of privilege were improperly
19 redacted because "plaintiff has effectively eliminated from the declarations much of
20 the basic information that would be required to appear on a privilege log, together
21 with the foundational facts that its adversary would be entitled to discover in order
22 to test a privilege claim.").

23         Larian has already conceded the fact sought by this Request. ████

24 ████████████████████████████████████████████████████

25 ████████████████████████████, ████████████████████

26 ████████████████████████████████████████████████████

27

28



1

2

3

4

5

6 █████ ,,465   Larian cannot concede facts to the Court for the purposes of

7 avoiding sanctions, then refuse to admit them for purposes of discovery.  Notably,

8 although Larian conceded these facts at the September 22, 2009 hearing, Mattel is

9 nonetheless entitled to receive admissions as to these facts.  Admissions, unlike

10 pleadings or other evidentiary statements, are "binding upon the party making them.

11 They may not be controverted at trial or on appeal.  Indeed, they are 'not evidence at

12 all but rather have the effect of withdrawing a fact from contention.'"  <u>Keller v.</u>

13 <u>Untied States</u>, 58 F.3d 1194, 1198 n.8 (7th Cir. 1995) (quoting Michael H. Graham,

14 Federal Practice and Procedure: Evidence § 6726).

15        Larian's objection as to burden and oppression is frivolous.  <u>See</u> <u>A.</u>

16 <u>Farber and Partners, Inc. v. Garber,</u> 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general

17 or boilerplate objections such as 'overly burdensome and harassing' are improper –

18 especially when a party fails to submit any evidentiary declarations supporting such

19 objections").  There is no conceivable burden in admitting a fact Larian has already

20 conceded on the record; and indeed, Larian provides no basis for the burden

21 objection, as required.  <u>See</u> Discovery Master Order No. 17, dated April 14, 2009, at

22

23

24  [464]  Sealed Hearing Tr. at 4:19-24; 8:17-9:11; 11:14-22, Watson Decl., Ex. 27.
25  [465]  September 22, 2009 Sealed Hearing Tr. at 22:22-23:4, Watson Decl., Ex. 27;
   <u>see also</u> <u>id.</u> at 13:4-10 (THE COURT: "And obviously Victoria O'Conner is not an
26 attorney; the argument is that she was conveying – without getting into the
27 substance of it – that she was conveying legal advice, reminding Mr. Larian of legal
   advice.");
28

STATEMENT ISO MATTEL'S MOTION TO COMPEL MGA'S RESPONSE TO RFAS

1  20 (overruling objections not stated with specificity);[466] <u>Jackson v. Montgomery</u>
2  <u>Ward & Co., Inc.</u>, 173 F.R.D. 524, 528-29 (D. Nev. 1997) (party claiming a
3  discovery request is "unduly burdensome must allege specific facts which indicate
4  the nature and extent of the burden, usually by affidavit or other reliable evidence");
5  <u>Horsewood v. Kids "R" Us</u>, 1998 WL 526589, at *4 (D. Kan. Aug. 13, 1998)
6  ("Mere assertions by plaintiff of harassment and intimidation provide no evidence of
7  undue burden."); <u>Bible v. Rio Props., Inc.</u>, 246 F.R.D. 614, 618 (C.D. Cal. 2007)
8  ("Contrary to defendant's assertion, the party who resists discovery has the burden to
9  show discovery should not be allowed, and has the burden of clarifying, explaining,
10  and supporting its objections."); Discovery Master Order No. 46, dated August 14,
11  2009, at 33 ("[T]he party claiming that a discovery request is unduly burdensome
12  must allege specific facts which indicate the nature and extent of the burden, usually
13  by affidavit or other reliable evidence.") (citing <u>Jackson v. Montgomery Ward &</u>
14  <u>Co., Inc.</u>, 173 F.R.D. 524, 528-29 (D. Nev. 1997)).

15       Lastly, Larian objects to "any instructions or definitions that seek to impose
16  requirements in addition to those imposed by the Federal Rules of Civil Procedure
17  or any applicable local rule." Mattel's RFAs did not include instructions, so Larian's
18  boilerplate objection on that ground makes no sense.  Nor does Larian specify
19  which, if any, of the four definitions in Mattel's requests is improper, much less
20  provide any basis for the objection.  Mattel's definitions are proper and Larian's
21  boilerplate objection should be overruled.

---

[466]  Watson Decl., Ex. 37.

STATEMENT ISO MATTEL'S MOTION TO COMPEL MGA'S RESPONSE TO RFAS

REQUEST FOR ADMISSION NO. 41:

Admit that the document corresponding to Entry No. 557 on MGA'S REVISED JANUARY 23, 2008 PRIVILEGE LOG never was protected by the work product doctrine.

RESPONSE TO REQUEST FOR ADMISSION NO. 41:

Mr. Larian objects to the request as vague and ambiguous in its use of the phrase "the document" because "the document" contains a series of emails certain of which were marked as trial exhibits and, therefore, Mr. Larian assumes that "the document" means any portions of the email that were not marked as a trial exhibit. As such, Mr. Larian objects to the request as it seeks disclosure of information that is protected by the attorney-client privilege and/or work product doctrine in that Mr. Larian's knowledge concerning the scope and nature of the work product doctrine as applied to Exhibit 1 to the request has been gained by and through communications with his counsel. Mr. Larian additionally objects to this request on the grounds that it calls for a legal conclusion. Mr. Larian objects to the request to the extent it seeks information not relevant to the claims or defenses of any party to this action and not reasonably calculated to lead to the discovery of admissible evidence. Mr. Larian objects to the request to the extent it is unduly burdensome and oppressive. In responding, Mr. Larian has not and will not comply with any instructions or definitions that seek to impose requirements in addition to those imposed by the Federal Rules of Civil Procedure or any applicable local rule. Mr. Larian reserves the right to object on any ground at any time to such other and supplemental discovery requests as Mattel may propound involving or relating to the same subject matter(s) of the request. Mr. Larian objects to the definitions and instructions to the extent such definitions and instructions purport to enlarge, expand, or alter in any way the plain meaning and scope of any specific term or specific requests on the grounds that such enlargement, expansion or alteration renders such a term or

1  request vague, ambiguous, unintelligible, overly broad, unduly burdensome,

2  uncertain or otherwise open to interpretation.

3

4  REASON WHY FURTHER RESPONSE TO REQUEST FOR ADMISSION NO.

5  41 SHOULD BE COMPELLED:

6        The Discovery Master has already ruled that Larian must respond to

7  this Request. See Discovery Master Order No. 66, dated September 17, 2009, at

8  7.[467] ████████████████████████████████████████

9  ████████████████████████████████████████

10 ████████████████████████████████████████

11 Id.  In addition, the Court expressly ruled that the issues surrounding the Larian-

12 O'Connor email remain open for discovery and adjudication going forward. See

13 September 22, 2009 Order at 1-2.[468]  Among other things, this Request is directly

14 relevant to whether Larian committed perjury in his Phase 1 trial testimony.  It is

15 also relevant to the decision to withhold the email, which constitutes the RICO

16 predicate of obstruction of justice. See United States v. Lench, 806 F.2d 1443, 1445

17 (9th Cir. 1986) (that defendant "failed to provide the information requested and

18 lied" about it "is all that is necessary to obstruct justice").

19       Larian's "vagueness" objection is disingenuous.  Larian knows full

20 well what "the document" means. See Pulsecard, Inc. v. Discover Card Servs., Inc.,

21 168 F.R.D. 295, 310 (D. Kan. 1996) (overruling vague and ambiguous objections

22 because "[r]espondents should exercise reason and common sense to attribute

23 ordinary definitions to terms and phrases utilized in interrogatories.").  Larian

24 produced an incomplete version of the Larian-O'Connor email and logged it on its

25 privilege log.  Moreover, Larian's current counsel specifically produced the full

26

27    [467]  Watson Decl., Ex. 1.

28

-415-

Larian-O'Connor email as a document it believed had previously been improperly withheld on privilege grounds. Larian cannot now pretend to be unaware of these facts.

The Request appropriately seeks the knowledge of both the MGA Parties and their counsel. A recipient of requests for admission is required to respond informed by the knowledge of its counsel. <u>Christian v. Janed Enterprises, Inc.</u>, 2009 WL 1796074, at *2 (M.D. Ga. June 23, 2009) (party required to answer requests for admission with knowledge in possession of the party and its counsel); <u>Hise v Lockwood Grader Corp.</u>, 153 F Supp 276, 278 (D. Neb. 1957) (plaintiff required to respond to requests for admission with facts only in the possession of counsel).

Larian's "legal conclusion" objection fares no better. The prior Discovery Master repeatedly overruled the exact same "legal conclusion" objections Larian asserts here. In compelling Bryant to respond to RFAs related to his opinions about the enforceability of his employment contract with Mattel and the copyrights related to Bratz, the Discovery Master overruled Bryant's privilege and "legal conclusion" objections and ruled that "requests for admission calling for application of law to facts are permissible" and that "[t]he fact that Bryant may need to consult with counsel to respond to the requests does not make the response privileged."[469]   Similarly, the Discovery Master compelled MGA to respond to RFAs seeking information about MGA's copyright registrations and the accuracy of MGA's statements to the press, emphasizing that "requests calling for legal conclusions are permissible" so long as they are related to the facts of the case.[470] The Discovery Master also reiterated that it is immaterial that MGA may need to

---

[468]   Watson Decl., Ex. 42.
[469]   Discovery Master Order, dated August 20, 2007, at 6, Watson Decl., Ex. 32.
[470]   Discovery Master Order, dated August 21, 2007, at 7, Watson Decl., Ex. 31.

1  consult with counsel to answer the RFAs because "[t]o hold otherwise would
2  effectively gut the provisions of Rule 36 authorizing requests that call for the
3  application of law to fact." Id.

4          Even had it not been already overruled, Larian's privilege objection is
5  baseless.   This Request simply asks Larian to admit that Entry No. 557 on its
6  privilege log never was protected by the work product doctrine.   The question
7  clearly does not implicate the privilege or work product.   It is black letter law that
8  "questions related to the existence of attorney-client communications" are not
9  protected by the privilege.  Markwest Hydrocarbon, Inc. v. Liberty Mutual Ins. Co.,
10  2007 WL 1106105, at *4 (D. Colo. April 12, 2007); see also New Jersey v. Sprint
11  Corp., 2009 WL 1917412, at *18 (D. Kan. July 2, 2009) ("Questions regarding the
12  existence, extent, or waiver of an attorney-client privilege or work-product
13  immunity are not themselves privileged or protected"); B.F.G. of Illinois, Inc. v.
14  Ameritech Corp., 2001 WL 1414468, at *4 (N.D. Ill. Nov. 13, 2001) ("plaintiffs'
15  counsel's proper questions regarding foundational facts going to the assertion of
16  privilege were improperly objected to and the witness instructed not to answer");
17  Malletier v. Dooney & Bourke, Inc., 2006 WL 3851150, at *1 (S.D.N.Y. Dec. 18,
18  2006) (declarations submitted to support claim of privilege were improperly
19  redacted because "plaintiff has effectively eliminated from the declarations much of
20  the basic information that would be required to appear on a privilege log, together
21  with the foundational facts that its adversary would be entitled to discover in order
22  to test a privilege claim.").

23          Larian has already conceded the fact sought by this Request. ███████

24  ████████████████████████████████████████████████████████
25  ████████████████████████████████████, ███████████████████
26  ████████████████████████████████████████████████████████
27
28

00505.07975/3180667.1



,471

,472 Larian cannot concede facts to the Court for the purposes of avoiding sanctions, then refuse to admit them for purposes of discovery. Notably, although Larian conceded these facts at the September 22, 2009 hearing, Mattel is nonetheless entitled to receive admissions as to these facts. Admissions, unlike pleadings or other evidentiary statements, are "binding upon the party making them. They may not be controverted at trial or on appeal. Indeed, they are 'not evidence at all but rather have the effect of withdrawing a fact from contention.'" <u>Keller v. Untied States</u>, 58 F.3d 1194, 1198 n.8 (7th Cir. 1995) (quoting Michael H. Graham, Federal Practice and Procedure: Evidence § 6726).

Larian's objection as to burden and oppression is frivolous. <u>See</u> <u>A. Farber and Partners, Inc. v. Garber</u>, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections"). There is no conceivable burden in admitting a fact Larian has already conceded on the record; and indeed, Larian provides no basis for the burden objection, as required. <u>See</u> Discovery Master Order No. 17, dated April 14, 2009, at

---

[471]  Sealed Hearing Tr. at 4:19-24; 8:17-9:11; 11:14-22, Watson Decl., Ex. 27.

[472]  September 22, 2009 Sealed Hearing Tr. at 22:22-23:4, Watson Decl., Ex. 27; <u>see also</u> <u>id.</u> at 13:4-10 (THE COURT: "And obviously Victoria O'Conner is not an attorney; the argument is that she was conveying – without getting into the substance of it – that she was conveying legal advice, reminding Mr. Larian of legal advice.");

STATEMENT ISO MATTEL'S MOTION TO COMPEL MGA'S RESPONSE TO RFAS

1  20 (overruling objections not stated with specificity);[473] <u>Jackson v. Montgomery</u>
2  <u>Ward & Co., Inc.</u>, 173 F.R.D. 524, 528-29 (D. Nev. 1997) (party claiming a
3  discovery request is "unduly burdensome must allege specific facts which indicate
4  the nature and extent of the burden, usually by affidavit or other reliable evidence");
5  <u>Horsewood v. Kids "R" Us</u>, 1998 WL 526589, at *4 (D. Kan. Aug. 13, 1998)
6  ("Mere assertions by plaintiff of harassment and intimidation provide no evidence of
7  undue burden."); <u>Bible v. Rio Props., Inc.</u>, 246 F.R.D. 614, 618 (C.D. Cal. 2007)
8  ("Contrary to defendant's assertion, the party who resists discovery has the burden to
9  show discovery should not be allowed, and has the burden of clarifying, explaining,
10 and supporting its objections."); Discovery Master Order No. 46, dated August 14,
11 2009, at 33 ("[T]he party claiming that a discovery request is unduly burdensome
12 must allege specific facts which indicate the nature and extent of the burden, usually
13 by affidavit or other reliable evidence.") (citing <u>Jackson v. Montgomery Ward &</u>
14 <u>Co., Inc.</u>, 173 F.R.D. 524, 528-29 (D. Nev. 1997)).

15      Lastly, Larian objects to "any instructions or definitions that seek to impose
16 requirements in addition to those imposed by the Federal Rules of Civil Procedure
17 or any applicable local rule." Mattel's RFAs did not include instructions, so Larian's
18 boilerplate objection on that ground makes no sense. Nor does Larian specify
19 which, if any, of the four definitions in Mattel's requests is improper, much less
20 provide any basis for the objection. Mattel's definitions are proper and Larian's
21 boilerplate objection should be overruled.

22

23 <u>REQUEST FOR ADMISSION NO. 42:</u>

24      Admit that MGA has produced all other versions of the exchange reflected in
25 the document attached hereto as Exhibit 1.

26

27   [473]  Watson Decl., Ex. 37.

28

RESPONSE TO REQUEST FOR ADMISSION NO. 42:

Mr. Larian objects to the phrase "all other versions of the exchange reflected in the document" as vague and ambiguous. Mr. Larian objects to the request insofar as it seeks disclosure of information that is protected by the attorney-client privilege and/or work product doctrine. Mr. Larian objects to the request to the extent it seeks information not relevant to the claims or defenses of any party to this action and not reasonably calculated to lead to the discovery of admissible evidence. Mr. Larian objects to the request to the extent it is unduly burdensome and oppressive. In responding, Mr. Larian has not and will not comply with any instructions or definitions that seek to impose requirements in addition to those imposed by the Federal Rules of Civil Procedure or any applicable local rule. Mr. Larian reserves the right to object on any ground at any time to such other and supplemental discovery requests as Mattel may propound involving or relating to the same subject matter(s) of the request. Mr. Larian objects to the definitions and instructions to the extent such definitions and instructions purport to enlarge, expand, or alter in any way the plain meaning and scope of any specific term or specific requests on the grounds that such enlargement, expansion or alteration renders such a term or request vague, ambiguous, unintelligible, overly broad, unduly burdensome, uncertain or otherwise open to interpretation.

Subject to and without waiving these objections, privileges and doctrines, Mr. Larian responds as follows:

Mr. Larian admits that it has conducted a good faith diligent search and reasonable inquiry for documents responsive to Mattel's discovery requests, including documents that contain the emails reflected in Exhibit 1, and has provided those documents to counsel for MGA and Mr. Larian.

STATEMENT ISO MATTEL'S MOTION TO COMPEL MGA'S RESPONSE TO RFAS

1   REASON WHY FURTHER RESPONSE TO REQUEST FOR ADMISSION NO.
2   42 SHOULD BE COMPELLED:

3         The Discovery Master has already ruled that Larian must respond to
4   this Request. See Discovery Master Order No. 66, dated September 17, 2009, at
5   7.[474] ██████████████████████████████████
6   ████████████████████████████████████████
7   ████████████████████████████████████████
8   Id.  In addition, the Court expressly ruled that the issues surrounding the Larian-
9   O'Connor email remain open for discovery and adjudication going forward.  See
10  September 22, 2009 Order at 1-2.[475]  Among other things, this Request is directly
11  relevant to whether Larian committed perjury in his Phase 1 trial testimony.  It is
12  also relevant to the decision to withhold the email, which constitutes the RICO
13  predicate of obstruction of justice. See United States v. Lench, 806 F.2d 1443, 1445
14  (9th Cir. 1986) (that defendant "failed to provide the information requested and
15  lied" about it "is all that is necessary to obstruct justice").

16        Larian's boilerplate "vague and ambiguous" objection is specious.
17  There is nothing vague about asking Larian to admit whether it has produced all
18  versions of the document or not, and Larian points to nothing about which he is
19  purportedly confused. See Pulsecard, Inc. v. Discover Card Servs., Inc., 168 F.R.D.
20  295, 310 (D. Kan. 1996) (overruling vague and ambiguous objections because
21  "[r]espondents should exercise reason and common sense to attribute ordinary
22  definitions to terms and phrases utilized in interrogatories.").  Larian produced an
23  incomplete version of the Larian-O'Connor email and logged it on its privilege log.
24  Moreover, Larian's current counsel specifically produced the full Larian-O'Connor

25
26
27  [474]  Watson Decl., Ex. 1.
    [475]  Watson Decl., Ex. 42.
28

1 │ email as a document it believed had previously been improperly withheld on
2 │ privilege grounds. Larian cannot now pretend to be unaware of these facts.

3 │ Even had it not been already overruled, Larian's privilege objection is
4 │ baseless. This Request simply asks Larian to admit that it has produced all versions
5 │ of the attached document. The question clearly does not implicate the privilege or
6 │ work product. If Larian is withholding related communications, Mattel is entitled to
7 │ know. It is black letter law that "questions related to the existence of attorney-client
8 │ communications" are not protected by the privilege. Markwest Hydrocarbon, Inc. v.
9 │ Liberty Mutual Ins. Co., 2007 WL 1106105, at *4 (D. Colo. April 12, 2007); see
10 │ also New Jersey v. Sprint Corp., 2009 WL 1917412, at *18 (D. Kan. July 2, 2009)
11 │ ("Questions regarding the existence, extent, or waiver of an attorney-client privilege
12 │ or work-product immunity are not themselves privileged or protected"); B.F.G. of
13 │ Illinois, Inc. v. Ameritech Corp., 2001 WL 1414468, at *4 (N.D. Ill. Nov. 13, 2001)
14 │ ("plaintiffs' counsel's proper questions regarding foundational facts going to the
15 │ assertion of privilege were improperly objected to and the witness instructed not to
16 │ answer"); Malletier v. Dooney & Bourke, Inc., 2006 WL 3851150, at *1 (S.D.N.Y.
17 │ Dec. 18, 2006) (declarations submitted to support claim of privilege were
18 │ improperly redacted because "plaintiff has effectively eliminated from the
19 │ declarations much of the basic information that would be required to appear on a
20 │ privilege log, together with the foundational facts that its adversary would be
21 │ entitled to discover in order to test a privilege claim.").

22 │ The Request appropriately seeks the knowledge of both the MGA
23 │ Parties and their counsel. A recipient of requests for admission is required to
24 │ respond informed by the knowledge of its counsel. Christian v. Janed Enterprises,
25 │ Inc., 2009 WL 1796074, at *2 (M.D. Ga. June 23, 2009) (party required to answer
26 │ requests for admission with knowledge in possession of the party and its counsel);
27 │ Hise v Lockwood Grader Corp., 153 F Supp 276, 278 (D. Neb. 1957) (plaintiff
28 │

STATEMENT ISO MATTEL'S MOTION TO COMPEL MGA'S RESPONSE TO RFAS