1   required to respond to requests for admission with facts only in the possession of
2   counsel).

3          Larian's objection as to burden and oppression is frivolous.  See A.
4   Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general
5   or boilerplate objections such as 'overly burdensome and harassing' are improper –
6   especially when a party fails to submit any evidentiary declarations supporting such
7   objections").  There is no conceivable burden in admitting it is not withholding
8   additional documents – a fact it is obligated to disclose – and Larian provides no
9   basis for the burden objection, as required.  See Discovery Master Order No. 17,
10  dated April 14, 2009, at 20 (overruling objections not stated with specificity);[476]
11  Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997)
12  (party claiming a discovery request is "unduly burdensome must allege specific facts
13  which indicate the nature and extent of the burden, usually by affidavit or other
14  reliable evidence"); Horsewood v. Kids "R" Us, 1998 WL 526589, at *4 (D. Kan.
15  Aug. 13, 1998) ("Mere assertions by plaintiff of harassment and intimidation
16  provide no evidence of undue burden."); Bible v. Rio Props., Inc., 246 F.R.D. 614,
17  618 (C.D. Cal. 2007) ("Contrary to defendant's assertion, the party who resists
18  discovery has the burden to show discovery should not be allowed, and has the
19  burden of clarifying, explaining, and supporting its objections."); Discovery Master
20  Order No. 46, dated August 14, 2009, at 33 ("[T]he party claiming that a discovery
21  request is unduly burdensome must allege specific facts which indicate the nature
22  and extent of the burden, usually by affidavit or other reliable evidence.") (citing
23  Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997)).

24        Lastly, Larian objects to "any instructions or definitions that seek to impose
25  requirements in addition to those imposed by the Federal Rules of Civil Procedure
26

27    [476]  Watson Decl., Ex. 37.
28

1   or any applicable local rule." Mattel's RFAs did not include instructions, so Larian's
2   boilerplate objection on that ground makes no sense. Nor does Larian specify
3   which, if any, of the four definitions in Mattel's requests is improper, much less
4   provide any basis for the objection. Mattel's definitions are proper and Larian's
5   boilerplate objection should be overruled.

6

7   REQUEST FOR ADMISSION NO. 43:

8       Admit that MGA has not produced to Mattel all other versions of the
9   exchange reflected in the document attached hereto as Exhibit 1.

10

11  RESPONSE TO REQUEST FOR ADMISSION NO. 43:

12      Mr. Larian additionally objects to the phrase "all other versions of the
13  exchange reflected in the document" as vague and ambiguous. Mr. Larian objects to
14  the request insofar as it seeks disclosure of information that is protected by the
15  attorney-client privilege and/or work product doctrine. Mr. Larian objects to the
16  request to the extent it seeks information not relevant to the claims or defenses of
17  any party to this action and not reasonably calculated to lead to the discovery of
18  admissible evidence. Mr. Larian objects to the request to the extent it is unduly
19  burdensome and oppressive. In responding, Mr. Larian has not and will not comply
20  with any instructions or definitions that seek to impose requirements in addition to
21  those imposed by the Federal Rules of Civil Procedure or any applicable local rule.
22  Mr. Larian reserves the right to object on any ground at any time to such other and
23  supplemental discovery requests as Mattel may propound involving or relating to
24  the same subject matter(s) of the request. Mr. Larian objects to the definitions and
25  instructions to the extent such definitions and instructions purport to enlarge,
26  expand, or alter in any way the plain meaning and scope of any specific term or
27  specific requests on the grounds that such enlargement, expansion or alteration
28

-424-

STATEMENT ISO MATTEL'S MOTION TO COMPEL MGA'S RESPONSE TO RFAS

1  renders such a term or request vague, ambiguous, unintelligible, overly broad,
2  unduly burdensome, uncertain or otherwise open to interpretation.

3      Subject to and without waiving these objections, privileges and doctrines, Mr.
4  Larian responds as follows:

5      Mr. Larian admits that it has conducted a good faith diligent search and
6  reasonable inquiry for documents responsive to Mattel's discovery requests,
7  including documents that contain the emails reflected in Exhibit 1, and has provided
8  those documents to counsel for MGA and Mr. Larian.

9

10  REASON WHY FURTHER RESPONSE TO REQUEST FOR ADMISSION NO.
11  43 SHOULD BE COMPELLED:

12      The Discovery Master has already ruled that Larian must respond to
13  this Request.  See Discovery Master Order No. 66, dated September 17, 2009, at
14  7.[477] ████████████████████████████████████
15  ████████████████████████████████████████
16  ████████████████████████████████████████
17  Id.  In addition, the Court expressly ruled that the issues surrounding the Larian-
18  O'Connor email remain open for discovery and adjudication going forward.  See
19  September 22, 2009 Order at 1-2.[478]  Among other things, this Request is directly
20  relevant to whether Larian committed perjury in his Phase 1 trial testimony.  It is
21  also relevant to the decision to withhold the email, which constitutes the RICO
22  predicate of obstruction of justice.  See United States v. Lench, 806 F.2d 1443, 1445
23  (9th Cir. 1986) (that defendant "failed to provide the information requested and
24  lied" about it "is all that is necessary to obstruct justice").

25

26

27  [477]  Watson Decl., Ex. 1.
    [478]  Watson Decl., Ex. 42.

28

1   |   Larian's boilerplate "vague and ambiguous" objection is specious.
2   | There is nothing vague about asking Larian to admit whether it has produced all
3   | versions of the document or not, and Larian points to nothing about which it is
4   | purportedly confused. <u>See</u> <u>Pulsecard, Inc. v. Discover Card Servs., Inc.</u>, 168 F.R.D.
5   | 295, 310 (D. Kan. 1996) (overruling vague and ambiguous objections because
6   | "[r]espondents should exercise reason and common sense to attribute ordinary
7   | definitions to terms and phrases utilized in interrogatories."). Larian produced an
8   | incomplete version of the Larian-O'Connor email and logged it on its privilege log.
9   | Moreover, Larian's current counsel specifically produced the full Larian-O'Connor
10  | email as a document it believed had previously been improperly withheld on
11  | privilege grounds. Larian cannot now pretend to be unaware of these facts.

12  |   Even had it not been already overruled, Larian's privilege objection is
13  | baseless. This Request simply asks Larian to admit that it has not produced all other
14  | versions of the attached document. The question clearly does not implicate the
15  | privilege or work product. It is black letter law that "questions related to the
16  | existence of attorney-client communications" are not protected by the privilege.
17  | <u>Markwest Hydrocarbon, Inc. v. Liberty Mutual Ins. Co.</u>, 2007 WL 1106105, at *4
18  | (D. Colo. April 12, 2007); <u>see also</u> <u>New Jersey v. Sprint Corp.</u>, 2009 WL 1917412,
19  | at *18 (D. Kan. July 2, 2009) ("Questions regarding the existence, extent, or waiver
20  | of an attorney-client privilege or work-product immunity are not themselves
21  | privileged or protected"); <u>B.F.G. of Illinois, Inc. v. Ameritech Corp.</u>, 2001 WL
22  | 1414468, at *4 (N.D. Ill. Nov. 13, 2001) ("plaintiffs' counsel's proper questions
23  | regarding foundational facts going to the assertion of privilege were improperly
24  | objected to and the witness instructed not to answer"); <u>Malletier v. Dooney &</u>
25  | <u>Bourke, Inc.</u>, 2006 WL 3851150, at *1 (S.D.N.Y. Dec. 18, 2006) (declarations
26  | submitted to support claim of privilege were improperly redacted because "plaintiff
27  | has effectively eliminated from the declarations much of the basic information that
28  |

1  would be required to appear on a privilege log, together with the foundational facts
2  that its adversary would be entitled to discover in order to test a privilege claim.").

3          The Request appropriately seeks the knowledge of both the MGA
4  Parties and their counsel.   A recipient of requests for admission is required to
5  respond informed by the knowledge of its counsel.   Christian v. Janed Enterprises,
6  Inc., 2009 WL 1796074, at *2 (M.D. Ga. June 23, 2009) (party required to answer
7  requests for admission with knowledge in possession of the party and its counsel);
8  Hise v Lockwood Grader Corp., 153 F Supp 276, 278 (D. Neb. 1957) (plaintiff
9  required to respond to requests for admission with facts only in the possession of
10  counsel).

11         Larian's objection as to burden and oppression is frivolous.   See A.
12  Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general
13  or boilerplate objections such as 'overly burdensome and harassing' are improper –
14  especially when a party fails to submit any evidentiary declarations supporting such
15  objections").   There is no conceivable burden in admitting it is withholding
16  additional documents – a fact it is obligated to disclose – and Larian provides no
17  basis for the burden objection, as required.   See Discovery Master Order No. 17,
18  dated April 14, 2009, at 20 (overruling objections not stated with specificity);[479]
19  Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997)
20  (party claiming a discovery request is "unduly burdensome must allege specific facts
21  which indicate the nature and extent of the burden, usually by affidavit or other
22  reliable evidence"); Horsewood v. Kids "R" Us, 1998 WL 526589, at *4 (D. Kan.
23  Aug. 13, 1998) ("Mere assertions by plaintiff of harassment and intimidation
24  provide no evidence of undue burden."); Bible v. Rio Props., Inc., 246 F.R.D. 614,
25  618 (C.D. Cal. 2007) ("Contrary to defendant's assertion, the party who resists
26

27  [479]  Watson Decl., Ex. 37.
28

1  discovery has the burden to show discovery should not be allowed, and has the

2  burden of clarifying, explaining, and supporting its objections."); Discovery Master

3  Order No. 46, dated August 14, 2009, at 33 ("[T]he party claiming that a discovery

4  request is unduly burdensome must allege specific facts which indicate the nature

5  and extent of the burden, usually by affidavit or other reliable evidence.") (citing

6  Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997)).

7          Lastly, Larian objects to "any instructions or definitions that seek to

8  impose requirements in addition to those imposed by the Federal Rules of Civil

9  Procedure or any applicable local rule."  Mattel's RFAs did not include instructions,

10  so Larian's boilerplate objection on that ground makes no sense.  Nor does Larian

11  specify which, if any, of the four definitions in Mattel's requests is improper, much

12  less provide any basis for the objection.  Mattel's definitions are proper and Larian's

13  boilerplate objection should be overruled.

14

15

16  REQUEST FOR ADMISSION NO. 44:

17          Admit that there are additional communications to or from Isaac Larian that

18  are part of the email chain attached hereto as Exhibit 1.

19

20  RESPONSE TO REQUEST FOR ADMISSION NO. 44:

21          Mr. Larian objects to the phrase "additional communications to or from Isaac

22  Larian that are part of the email chain" as vague and ambiguous. Mr. Larian objects

23  to the request insofar as it seeks disclosure of information that is protected by the

24  attorney-client privilege and/or work product doctrine. Mr. Larian objects to the

25  request to the extent it seeks information not relevant to the claims or defenses of

26  any party to this action and not reasonably calculated to lead to the discovery of

27  admissible evidence. Mr. Larian objects to the request to the extent it is unduly

28  burdensome and oppressive. In responding, Mr. Larian has not and will not comply

-428-

1   with any instructions or definitions that seek to impose requirements in addition to
2   those imposed by the Federal Rules of Civil Procedure or any applicable local rule.
3   Mr. Larian reserves the right to object on any ground at any time to such other and
4   supplemental discovery requests as Mattel may propound involving or relating to
5   the same subject matter(s) of the request. Mr. Larian objects to the definitions and
6   instructions to the extent such definitions and instructions purport to enlarge,
7   expand, or alter in any way the plain meaning and scope of any specific term or
8   specific requests on the grounds that such enlargement, expansion or alteration
9   renders such a term or request vague, ambiguous, unintelligible, overly broad,
10  unduly burdensome, uncertain or otherwise open to interpretation.

11      Subject to and without waiving these objections, privileges and doctrines,
12  Mr. Larian responds as follows:

13      Mr. Larian admits that it has conducted a good faith diligent search and
14  reasonable inquiry for documents responsive to Mattel's discovery requests,
15  including documents that contain the emails reflected in Exhibit 1, and has provided
16  those documents to counsel for MGA and Mr. Larian.

17

18  REASON WHY FURTHER RESPONSE TO REQUEST FOR ADMISSION NO.
19  44 SHOULD BE COMPELLED:

20      The Discovery Master has already ruled that Larian must respond to
21  this Request. See Discovery Master Order No. 66, dated September 17, 2009, at
22  7.[480] ████████████████████████████████████████

23  ████████████████████████████████████████████

24  ████████████████████████████████████████████

25  Id.  In addition, the Court expressly ruled that the issues surrounding the Larian-

26

27  [480]  Watson Decl., Ex. 1.

28

1   O'Connor email remain open for discovery and adjudication going forward.  <u>See</u>
2   September 22, 2009 Order at 1-2.[481]  Among other things, this Request is directly
3   relevant to whether Larian committed perjury in his Phase 1 trial testimony.  It is
4   also relevant to the decision to withhold the email, which constitutes the RICO
5   predicate of obstruction of justice.  <u>See</u> <u>United States v. Lench</u>, 806 F.2d 1443, 1445
6   (9th Cir. 1986) (that defendant "failed to provide the information requested and
7   lied" about it "is all that is necessary to obstruct justice").

8          Larian's boilerplate "vague and ambiguous" objection is specious.
9   There is nothing vague about asking Larian to admit whether there are additional
10  communications from Isaac Larian that are part of the same email chain as the
11  attached document, and Larian points to nothing about which it is purportedly
12  confused.  <u>See</u> <u>Pulsecard, Inc. v. Discover Card Servs., Inc.</u>, 168 F.R.D. 295, 310
13  (D. Kan. 1996) (overruling vague and ambiguous objections because "[r]espondents
14  should exercise reason and common sense to attribute ordinary definitions to terms
15  and phrases utilized in interrogatories.").  Larian produced an incomplete version of
16  the Larian-O'Connor email and logged it on its privilege log.  Moreover, Larian's
17  current counsel specifically produced the full Larian-O'Connor email as a document
18  it believed had previously been improperly withheld on privilege grounds.  Larian
19  cannot now pretend to be unaware of these facts.

20         Even had it not been already overruled, Larian's privilege objection is
21  baseless.  This Request simply asks Larian to admit that there are additional
22  communications from Isaac Larian that are part of the same email chain as the
23  attached document.  The question clearly does not implicate the privilege or work
24  product.  It is black letter law that "questions related to the existence of attorney-
25  client communications" are not protected by the privilege.  <u>Markwest Hydrocarbon,</u>

26

27  [481]   Watson Decl., Ex. 42.

28

1  Inc. v. Liberty Mutual Ins. Co., 2007 WL 1106105, at *4 (D. Colo. April 12, 2007);

2  see also New Jersey v. Sprint Corp., 2009 WL 1917412, at *18 (D. Kan. July 2,

3  2009) ("Questions regarding the existence, extent, or waiver of an attorney-client

4  privilege or work-product immunity are not themselves privileged or protected");

5  B.F.G. of Illinois, Inc. v. Ameritech Corp., 2001 WL 1414468, at *4 (N.D. Ill. Nov.

6  13, 2001) ("plaintiffs' counsel's proper questions regarding foundational facts going

7  to the assertion of privilege were improperly objected to and the witness instructed

8  not to answer"); Malletier v. Dooney & Bourke, Inc., 2006 WL 3851150, at *1

9  (S.D.N.Y. Dec. 18, 2006) (declarations submitted to support claim of privilege were

10  improperly redacted because "plaintiff has effectively eliminated from the

11  declarations much of the basic information that would be required to appear on a

12  privilege log, together with the foundational facts that its adversary would be

13  entitled to discover in order to test a privilege claim.").

14       The Request appropriately seeks the knowledge of both the MGA

15  Parties and their counsel.  A recipient of requests for admission is required to

16  respond informed by the knowledge of its counsel.  Christian v. Janed Enterprises,

17  Inc., 2009 WL 1796074, at *2 (M.D. Ga. June 23, 2009) (party required to answer

18  requests for admission with knowledge in possession of the party and its counsel);

19  Hise v Lockwood Grader Corp., 153 F Supp 276, 278 (D. Neb. 1957) (plaintiff

20  required to respond to requests for admission with facts only in the possession of

21  counsel).

22       Larian's objection as to burden and oppression is frivolous.  See A.

23  Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general

24  or boilerplate objections such as 'overly burdensome and harassing' are improper –

25  especially when a party fails to submit any evidentiary declarations supporting such

26  objections").  There is no conceivable burden in admitting it is withholding

27  additional documents – a fact it is obligated to disclose – and Larian provides no

28  basis for the burden objection, as required.  See Discovery Master Order No. 17,

1   dated April 14, 2009, at 20 (overruling objections not stated with specificity);[482]
2   Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997)
3   (party claiming a discovery request is "unduly burdensome must allege specific facts
4   which indicate the nature and extent of the burden, usually by affidavit or other
5   reliable evidence"); Horsewood v. Kids "R" Us, 1998 WL 526589, at *4 (D. Kan.
6   Aug. 13, 1998) ("Mere assertions by plaintiff of harassment and intimidation
7   provide no evidence of undue burden."); Bible v. Rio Props., Inc., 246 F.R.D. 614,
8   618 (C.D. Cal. 2007) ("Contrary to defendant's assertion, the party who resists
9   discovery has the burden to show discovery should not be allowed, and has the
10  burden of clarifying, explaining, and supporting its objections."); Discovery Master
11  Order No. 46, dated August 14, 2009, at 33 ("[T]he party claiming that a discovery
12  request is unduly burdensome must allege specific facts which indicate the nature
13  and extent of the burden, usually by affidavit or other reliable evidence.") (citing
14  Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997)).

15          Lastly, Larian objects to "any instructions or definitions that seek to
16  impose requirements in addition to those imposed by the Federal Rules of Civil
17  Procedure or any applicable local rule." Mattel's RFAs did not include instructions,
18  so Larian's boilerplate objection on that ground makes no sense. Nor does Larian
19  specify which, if any, of the four definitions in Mattel's requests is improper, much
20  less provide any basis for the objection. Mattel's definitions are proper and Larian's
21  boilerplate objection should be overruled.

22
23
24
25
26

27  [482]   Watson Decl., Ex. 37.
28

1  REQUEST FOR ADMISSION NO. 45:

2       Admit that there are no additional communications to or from Isaac Larian

3  that are part of the email chain attached hereto as Exhibit 1.

4

5  RESPONSE TO REQUEST FOR ADMISSION NO. 45:

6       Mr. Larian objects to the phrase "additional communications to or from Isaac

7  Larian that are part of the email chain" as vague and ambiguous. Mr. Larian objects

8  to the request insofar as it seeks disclosure of information that is protected by the

9  attorney-client privilege and/or work product doctrine. Mr. Larian objects to the

10  request to the extent it seeks information not relevant to the claims or defenses of

11  any party to this action and not reasonably calculated to lead to the discovery of

12  admissible evidence. Mr. Larian objects to the request to the extent it is unduly

13  burdensome and oppressive. In responding, Mr. Larian has not and will not comply

14  with any instructions or definitions that seek to impose requirements in addition to

15  those imposed by the Federal Rules of Civil Procedure or any applicable local rule.

16  Mr. Larian reserves the right to object on any ground at any time to such other and

17  supplemental discovery requests as Mattel may propound involving or relating to

18  the same subject matter(s) of the request. Mr. Larian objects to the definitions and

19  instructions to the extent such definitions and instructions purport to enlarge,

20  expand, or alter in any way the plain meaning and scope of any specific term or

21  specific requests on the grounds that such enlargement, expansion or alteration

22  renders such a term or request vague, ambiguous, unintelligible, overly broad,

23  unduly burdensome, uncertain or otherwise open to interpretation.

24       Subject to and without waiving these objections, privileges and doctrines, Mr.

25  Larian responds as follows:

26       Mr. Larian admits that it has conducted a good faith diligent search and

27  reasonable inquiry for documents responsive to Mattel's discovery requests,

28

1  including documents that contain the emails reflected in Exhibit 1, and has provided

2  those documents to counsel for MGA and Mr. Larian.

3

4  REASON WHY FURTHER RESPONSE TO REQUEST FOR ADMISSION NO.

5  45 SHOULD BE COMPELLED:

6         Larian's non-answer is insufficient and provides no answer to the

7  Request.  The Discovery Master has already ruled that Larian must respond to this

8  Request.  <u>See</u> Discovery Master Order No. 66, dated September 17, 2009, at 7.[483]

9  ████████████████████████████████████████

10 ████████████████████████████████████████

11 ██████████████████████████████████████  Id.

12 In addition, the Court expressly ruled that the issues surrounding the Larian-

13 O'Connor email remain open for discovery and adjudication going forward.  <u>See</u>

14 September 22, 2009 Order at 1-2.[484]  Among other things, this Request is directly

15 relevant to whether Larian committed perjury in his Phase 1 trial testimony.  It is

16 also relevant to the decision to withhold the email, which constitutes the RICO

17 predicate of obstruction of justice.  <u>See</u> <u>United States v. Lench</u>, 806 F.2d 1443, 1445

18 (9th Cir. 1986) (that defendant "failed to provide the information requested and

19 lied" about it "is all that is necessary to obstruct justice").

20        Larian's boilerplate "vague and ambiguous" objection is specious.

21 There is nothing vague about asking Larian to admit whether there are additional

22 communications to or from Isaac Larian that are part of the same email chain as the

23 attached Exhibit, and Larian points to nothing about which it is purportedly

24 confused.  <u>See</u> <u>Pulsecard, Inc. v. Discover Card Servs., Inc.</u>, 168 F.R.D. 295, 310

25 (D. Kan. 1996) (overruling vague and ambiguous objections because "[r]espondents

26

27 [483]  Watson Decl., Ex. 1.

28

00505.07975/3180667.1

-434-

1   should exercise reason and common sense to attribute ordinary definitions to terms
2   and phrases utilized in interrogatories."). Larian produced an incomplete version of
3   the Larian-O'Connor email and logged it on its privilege log. Moreover, Larian's
4   current counsel specifically produced the full Larian-O'Connor email as a document
5   it believed had previously been improperly withheld on privilege grounds. Larian
6   cannot now pretend to be unaware of these facts.

7        Even had it not been already overruled, Larian's privilege objection is
8   baseless. This Request simply asks Larian to admit that it had been compelled to
9   produce to Mattel the Larian-O'Connor email prior to May 27, 2008. The question
10   clearly does not implicate the privilege or work product. It is black letter law that
11   "questions related to the existence of attorney-client communications" are not
12   protected by the privilege. Markwest Hydrocarbon, Inc. v. Liberty Mutual Ins. Co.,
13   2007 WL 1106105, at *4 (D. Colo. April 12, 2007); see also New Jersey v. Sprint
14   Corp., 2009 WL 1917412, at *18 (D. Kan. July 2, 2009) ("Questions regarding the
15   existence, extent, or waiver of an attorney-client privilege or work-product
16   immunity are not themselves privileged or protected"); B.F.G. of Illinois, Inc. v.
17   Ameritech Corp., 2001 WL 1414468, at *4 (N.D. Ill. Nov. 13, 2001) ("plaintiffs'
18   counsel's proper questions regarding foundational facts going to the assertion of
19   privilege were improperly objected to and the witness instructed not to answer");
20   Malletier v. Dooney & Bourke, Inc., 2006 WL 3851150, at *1 (S.D.N.Y. Dec. 18,
21   2006) (declarations submitted to support claim of privilege were improperly
22   redacted because "plaintiff has effectively eliminated from the declarations much of
23   the basic information that would be required to appear on a privilege log, together
24   with the foundational facts that its adversary would be entitled to discover in order
25   to test a privilege claim.").

26

27   [484]   Watson Decl., Ex. 42.

28

00505.07975/3180667.1

The Request appropriately seeks the knowledge of both the MGA Parties and their counsel.   A recipient of requests for admission is required to respond informed by the knowledge of its counsel.  <u>Christian v. Janed Enterprises, Inc.</u>, 2009 WL 1796074, at *2 (M.D. Ga. June 23, 2009) (party required to answer requests for admission with knowledge in possession of the party and its counsel); <u>Hise v Lockwood Grader Corp.</u>, 153 F Supp 276, 278 (D. Neb. 1957) (plaintiff required to respond to requests for admission with facts only in the possession of counsel).

Larian's objection as to burden and oppression is frivolous.  <u>See</u> <u>A. Farber and Partners, Inc. v. Garber,</u> 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections").   There is no conceivable burden in admitting it is not withholding additional documents – a fact it is obligated to disclose – and Larian provides no basis for the burden objection, as required.  <u>See</u> Discovery Master Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity);[485] <u>Jackson v. Montgomery Ward & Co., Inc.,</u> 173 F.R.D. 524, 528-29 (D. Nev. 1997) (party claiming a discovery request is "unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence"); <u>Horsewood v. Kids "R" Us</u>, 1998 WL 526589, at *4 (D. Kan. Aug. 13, 1998) ("Mere assertions by plaintiff of harassment and intimidation provide no evidence of undue burden."); <u>Bible v. Rio Props., Inc.,</u> 246 F.R.D. 614, 618 (C.D. Cal. 2007) ("Contrary to defendant's assertion, the party who resists discovery has the burden to show discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections."); Discovery Master

---

[485]   Watson Decl., Ex. 37.

1  Order No. 46, dated August 14, 2009, at 33 ("[T]he party claiming that a discovery
2  request is unduly burdensome must allege specific facts which indicate the nature
3  and extent of the burden, usually by affidavit or other reliable evidence.") (citing
4  <u>Jackson v. Montgomery Ward & Co., Inc.</u>, 173 F.R.D. 524, 528-29 (D. Nev. 1997)).

5       Lastly, Larian objects to "any instructions or definitions that seek to impose
6  requirements in addition to those imposed by the Federal Rules of Civil Procedure
7  or any applicable local rule." Mattel's RFAs did not include instructions, so Larian's
8  boilerplate objection on that ground makes no sense. Nor does Larian specify
9  which, if any, of the four definitions in Mattel's requests is improper, much less
10 provide any basis for the objection. Mattel's definitions are proper and Larian's
11 boilerplate objection should be overruled.

12 DATED: October 30, 2009          QUINN EMANUEL URQUHART OLIVER &
13                                  HEDGES. LLP

14

15                                  By /s/ Scott L. Watson
16                                     Scott L. Watson
                                       Attorneys for Mattel. Inc.
17

18

19

20

21

22

23

24

25

26

27

28