**EXHIBIT 8**

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

February 8, 2009

<u>VIA FACSIMILE AND U.S. MAIL</u>

Patricia Glaser, Esq.                                  Mark E. Overland, Esq.
Amman Khan, Esq.                                     Alexander H. Cote, Esq.
Glaser, Weil, Fink, Jacobs & Shapiro LLP             Overland, Borenstein, Scheper & Kim LLP
10250 Constellation Boulevard, 19th Floor            601 West 5th Street
Los Angeles, CA 90067                                Los Angeles, CA 90017

Russell J. Frackman, Esq.
Jean P. Nogues, Esq.
Mitchell Silberberg & Knupp LLP
1377 West Olympic Boulevard
Los Angeles, CA 90064

Re:     Mattel v. MGA Entertainment, Inc., et al.

Dear Counsel:

Pursuant to the <u>Local Rules</u> and the Discovery Master Stipulation, I write to request a meet and confer regarding certain entries on the privilege logs produced by MGA and Isaac Larian.[1]

---

[1]     The logs in question are MGA's Supplemental Privilege Log – August 14, 2007, revised March 20, 2008 ("Rev. Aug. Log"), MGA's Supplemental Privilege Log – September 5, 2007, revised March 20, 2008 ("Rev. Sept. Log"), MGA's Privilege Log for MGA's October 17, and October 19, 2007 Document Production, dated November 16, 2008 ("Oct. Log"), Isaac Larian's Privilege Log, dated January 15, 2008 ("Jan. 15 Log"), MGA's Supplemental Privilege Log for MGA's October 2007 Document Production, dated January 22, 2008 ("Supp. Oct. Log"), MGA's Privilige Log – January 23, 2008, revised February 5, 2008 ("Rev. Jan. 23 Log"), MGA's Privilege Log – January 28, 2008, revised February 8, 2008 ("Rev. Jan. 28 Log"), Isaac (footnote continued)

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100
TOKYO | Akasaka Twin Tower Main Building, 6th Floor, 17-22 Akasaka 2-Chome, Minato-ku, Tokyo 107-0052, Japan | TEL +81-3-5561-1711 FAX +81-3-5561-1712

EXHIBIT 9
PAGE 240

Based on the descriptions provided by MGA in its logs, many entries currently withheld do not appear to be privileged, while other entries provide so little detail that it is impossible to assess MGA's claims of privilege. The parties previously conducted an entry-by-entry discussion of certain withheld communications, which helped to narrow the scope of the parties' eventual motion practice. In advance of such a continued conference, I have detailed below the entries for which MGA has not adequately met its burden to justify withholding. For convenience, I have grouped these into categories, though many entries from MGA's logs reflect deficiencies on multiple grounds.

## Communications Between Non-Lawyers and Non-Legal Communications

Numerous entries on MGA's logs reflect communications that do not involve counsel. For example, Entry No. 1986 on MGA's January 23 Log is an 2006 email between Schuyler Bacon and Isaac Larian described as an "Email chain regarding employment issues." Neither Ms. Bacon nor Mr. Larian is an attorney and nowhere does the description suggest that the communication reflects a lawyer's advice. Furthermore, as MGA and Larian themselves have argued, even if the emails repeat some privileged communication, the remainder of the email should be produced with any supposedly privileged portions redacted. MGA's blanket withholding of this email chaing is improper.

Other entries, while they involve counsel, do not appear to reflect any legal advice but rather involve purely business or other non-legal issues. For example, Entry No. 2074 on MGA's January 23 Log is a 2005 email from Pablo Vargas and Eric Villete and Isaac Larian which copies a large group—including one lawyer—regarding "sales strategy." Nevertheless it has been withheld on the purported grounds of attorney-client privilege.

Please be prepared to discuss MGA's claims of privilege regarding the following entries which exhibit these deficiencies. Absent a showing of their privileged nature, Mattel expects these documents to be produced in their entirety or, if any portions do reflect privileged communications, in redacted form.

- Rev. Aug. Log: 135, 457, 561.1, 561.2, 606, 651r, 653, 661, 662, 664r, 669, 690r, 692, 712, 713, 716r, 719, 730, 732, 733, 735, 744, 764, 767, 773, 775, 777, 790, 852, 853, 866, 867, 869r, 874, 883r, 894r, 900, 912r, 931r, 933, 934r, 961r, 962, 963r, 965, 966, 967, 968, 980r, 981r, 983, 984, 985, 990, 1037, 1040, 1042r, 1043, 1047, 1055r, 1056r, 1057, 1058, 1060r, 1061, 1062, 1077, 1078, 1079, 1080, 1081, 1082, 1088, 1089, 1090, 1091, 1095, 1097, 1098, 1101, 1103, 1105, 1106, 1107, 1110r, 1112, 1113r, 1132r.

- Rev. Sept. Log: 264.1r, 1022, 1903.

---

Larian's Privilege Log – January 30, 2008 ("Jan. 30 Log"), and MGA's April 30, 2008 Privilege Log ("April 30 Log").

EXHIBIT 5
PAGE 241

- Oct. Log: 3, 8, 39, 71, 134, 135, 175, 261, 267, 539, 546, 824, 1036, 1046, 1047, 1068, 1123, 1124, 1406, 1462, 1463, 1466, 1467, 1481, 1482, 1506, 1514, 1761, 1780, 1781, 1782, 1784, 1941, 1942, 2063, 2073, 2074, 2090, 2101, 2117, 2259, 2260, 2263, 2267, 2269, 2271, 2274, 2672, 2677, 2694, 2724, 2728, 2732, 2765, 2775, 2786, 2787, 2802, 2807, 2814, 2815, 2830, 2833, 2845, 2848, 2849, 2851, 2852, 2853, 3213, 3299, 3360, 3367, 3368.

- Jan. 15 Log: 29, 30 32, 33, 34, 35, 38, 40, 41, 44, 48, 51, 52, 53, 56, 57, 58, 59, 61, 62, 63, 64, 68, 89, 98, 107.

- Supp. Oct. Log: 44, 55, 89, 90, 98, 99, 106, 114, 115, 116, 123, 125, 126, 127, 128, 129, 130, 131, 136, 137, 138, 139, 140, 141, 142, 143, 144, 145, 146, 147, 148, 149, 150.

- Rev. Jan. 23 Log: 3, 8, 20, 31, 32, 52, 57, 58, 59, 68, 70, 79, 96, 97, 103, 106, 107, 108, 110, 111, 114, 115, 118, 133, 150, 151, 152, 153, 154, 155, 156, 157, 158, 182, 205, 209, 232, 233, 245, 253, 255, 262, 267, 287, 296, 371, 372, 373, 376, 381, 536, 544, 545, 546, 547, 548, 551, 557, 577, 578, 579, 580, 581, 584, 585, 588, 589, 591, 592, 593, 594, 595, 596, 597, 598, 599, 600, 601, 602, 603, 604, 609, 610, 611, 612, 614, 655, 656, 672, 683, 666, 667, 684, 693, 749, 759, 762, 764, 765, 767, 769, 771, 773, 782, 1083, 1172, 1173, 1178, 1179, 1254, 1262, 1275, 1277, 1281, 1285, 1287, 1292, 1301, 1302, 1306, 1309, 1318, 1322, 1324, 1356, 1360, 1364, 1365, 1366, 1367, 1374, 1399, 1413, 1418, 1420, 1424, 1435, 1437, 1438, 1439, 1440, 1460, 1463, 1465, 1468, 1471, 1473, 1474, 1475, 1476, 1509, 1525, 1529, 1536, 1587, 1603, 1606, 1622, 1623, 1624, 1625, 1627, 1635, 1641, 1655, 1662, 1701, 1702, 1703, 1704, 1705, 1706, 1708, 1709, 1710, 1711, 1712, 1713, 1716, 1718, 1719, 1720, 1721, 1722, 1724, 1727, 1728, 1729, 1730, 1731, 1732, 1734, 1735, 1736, 1737, 1767, 1773, 1774, 1775, 1779, 1783, 1788, 1821, 1824, 1890, 1896, 1898, 1899, 1903, 1904, 1917, 1919, 1920, 1968, 1969, 1970, 1977, 1986, 1998, 2011, 2014, 2025, 2039, 2042, 2043, 2046, 2060, 2064, 2071, 2074, 2080, 2082, 2084, 2144, 2147, 2148, 2149.

- Rev. Jan. 28 Log: 3, 5, 9, 12, 16, 18, 28, 31, 36, 37, 38, 39, 40, 43, 44, 47, 51, 52, 61, 65, 67, 75, 77, 91, 92, 97, 98, 99, 113, 124, 127, 132, 136, 137, 140, 141, 158, 160, 161, 163, 166, 203, 214, 219, 262, 264, 272, 274, 275, 276, 280, 281, 286, 287, 291, 292, 310, 311, 212, 313, 314, 316, 317, 319, 328, 331, 332, 333, 334, 335, 336, 343, 238, 364, 371, 372, 382, 384, 385, 386, 387, 388, 392, 414, 420, 442, 443, 446.

- Jan. 30 Log: 1, 2, 5, 6, 7, 8, 9, 10, 11, 12, 12, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 64, 66, 122, 124, 126, 218, 225, 226, 244, 245, 246, 257, 260, 282, 294, 295, 296, 297, 298, 299, 300.

- April 30 Log: 8, 9, 10, 17, 18.

Additionally, a handful of entries provide no basis for privilege other than the fact that an attorney or paralegal has been "blind carbon copied." See Jan. 15 Log No. 188, Jan. 23 Log Nos. 1650, 1988; Jan. 30 Log No. 30. Documents or communications transmitted to an attorney as

3

EXHIBIT 5
PAGE 247

"blind carbon copies" generally are not protected attorney-client communications. See, e.g.,
U.S. v. Davis, 132 F.R.D. 12, 17 (S.D.N.Y. 1990). Accordingly, these entries should be
produced as well.

### Handwritten Notes

Hundreds of entries on MGA's logs involve "handwritten notes" for which neither the author of
the note nor a description of its subject matter is provided. By failing to indicate who authored
these notes, much less that they involved legal advice, MGA has not carried its "burden of
proving every element applicable to the attorney-client privilege." Federal Election Com'n v.
Christian Coalition, 178 F.R.D. 61, 70 (E.D. Va. 1998) (log entries deficient where they did not
identify author of handwritten notes).[2]

Further, while some of these notes appear to be written on hardcopies of emails between lawyers
or otherwise privileged documents—and therefore indicate such authors in the logs—MGA's
logs do not indicate whether there is any independent basis to withhold these handwritten notes.
"[W]here no author is listed, [the party claiming privilege] must describe the content of the
documents [handwritten notes] such that [the party seeking discovery] and this Court may better
assess the applicability of the privilege." Fidelity and Deposit Co. of Maryland v. McCulloch,
168 F.R.D. 516, 523 (E.D. Pa. 1996).

Accordingly, please be prepared to identify the author of the notes on the following documents
and provide a sufficient description of the subject matter of the notes to permit the claim of
privilege to be assessed.

- Rev. August Log: 127, 129.1, 131, 132, 172, 196, 259.1, 259.4, 299, 307.1, 310, 333.3,
  343,11, 343.16. 346. 393. 394, 429.3, 431.1, 434.1, 437, 447, 457, 460.1r, 475.1, 483,
  502.4, 507.1, 508, 521, 429.3r, 554, 555, 557, 558, 560, 562.2r, 562.3, 563r, 564, 565,
  567, 570, 585.2, 585.3, 587, 591, 592, 602.1, 602.2, 604, 605.1, 605.2, 607.1, 607.2, 609,
  613, 614.1, 614.3, 615, 618.2, 621, 622, 623.1, 625r, 626.3, 629, 630, 633, 634, 625r,
  636r, 637r, 638, 639r, 640r, 641.1, 641.2, 642r, 643, 644, 653.

- Rev. Sept. Log: 40.2, 43.2, 124r, 139, 140.1r, 264.1r, 329.1r, 597.1r, 603, 608.1r, 608.2r,
  699.1, 701, 702.1, 708, 804, 830.1, 869, 870, 877.1, 896.1, 932.1, 933.1, 1074.1, 1084.1,
  1084.2, 1259, 1268, 1269, 1271, 1363, 1364.1, 1399, 1402, 1421.1, 1446.1r, 1455,
  1633.1, 1659.1, 1666, 1672.1, 1672.2, 1672.3, 1683.1, 1691.1, 1692.1, 1822.1, 1829.2,
  1839.1, 1839.7, 1844.1, 2023, 2068, 2076.1, 2150.1, 2174, 2182.1, 2191. 2194, 2195,
  2196, 2199, 2200, 2201, 2202, 2319, 2325, 2326.1, 2327, 2347.1, 2369.1, 2369.5,
  2377.1r, 2405, 2407, 2408, 2409, 2410, 2411, 2412, 2413.1, 2414, 2417, 2422.1, 2422.2,
  2423, 2437.2, 2449, 2457, 2452.1, 2462.2, 2464, 2449, 2457, 2452.1, 2462.2, 2464, 2466,

---

[2]  Clearly, when MGA believed the notes were an "attorney's notes," it so indicated.
See, e.g., Rev. Jan. 23 Log Nos. 794, 984, 988,1115. These entries, by contrast, have no
indication that the notes even are an attorney's or reflect an attorney's legal advice.

EXHIBIT 8
PAGE 243

2470, 2530.1, 2607, 2614.1, 2630.1, 2677, 2814, 2822, 2829.1, 2831.2, 2853, 2854.1, 2855.1, 2856.1r, 2856.3r, 2856.4r, 2856.5r, 2857.2r, 2857.3r, 2857.4r, 2857.5r.

• Rev. Jan. 23 Log: 181, 234, 235, 312, 389, 392, 402, 920, 2079, 2127, 2150,

• Rev. Jan. 28 Log: 128, 170.

*Fax Cover Sheets*

MGA's privilege logs indicate that it has withheld numerous fax cover sheets. Such documents are not generally privileged, in and of themselves, because correspondence that "merely transmit[s] documents to or from an attorney, even at the attorney's request for purposes of rendering legal advice to a client, are neither privileged nor attorney work-product." American Med. Systems, Inc. v. National Union Fire Ins. Co. of Pittsburgh, Inc., 1999 WL 970341, at *5 (E.D. La. Oct. 22, 1999) (ordering production of fax cover sheets). Thus, while the underlying communication may be privileged, the fax cover sheets are not unless they also transmit confidential information.

Please be prepared to discuss whether MGA continues to assert its claim of privilege regarding these documents described as fax cover sheets.

• Rev. Aug. Log Nos. 101.1, 101.6, 129.1, 312.1, 526.1, 562.1, 562.12, 573.1, 574.1, 578.1, 583.1, 584, 585.1, 586.1.

• Rev. Sept. Log Nos. 255.7, 740.1, 891.1, 896.1, 1000.3, 1013.1, 1013.7, 1021.1, 1021.2, 1036.4, 1036.6, 1058.1, 1058.3, 1058.4, 1063.1, 1072.1, 1072.3, 1081.2, 1107.1, 1107.3, 1134.1, 1134.3, 1421.1, 1661.1, 1912.1, 1981.1, 2071.1, 2369.5, 2803.1, 2816.3, 2818.4, 1819.3, 2821.2, 2831.1, 2832.3, 2836.4, 2839.5, 2839.6;

• Rev. Jan. 23 Log Nos. 923, 924, 965, 966.

• Jan. 30 Log No. 208.

*Other Non-Privileged Documents*

Finally, MGA has listed various documents such as photographs and public records on its privilege log that are not generally privileged.

First, there are various entries for "photo[s]," "design/drawing[s]," and "pictorial presentation[s]." Given that these documents are not "communications" between an attorney and client, the application of the attorney-client privilege does not appear well-founded. See Clavo v. Zarrabian, 2003 WL 24272641, at *1 (C.D. Cal. Sept. 24, 2003) ("The mere transmission of the photographs to counsel does not by itself justify privilege protection."). While some of these entries also assert the work-product privilege, the descriptions offer little basis to determine that these documents were prepared in anticipation of litigation.

5

EXHIBIT 9
PAGE 244

- Rev. Aug. Log: 585.2, 585.3.

- Rev. Sept. Log: 202.2, 203.2, 209.2, 210.2, 217.2, 218.2, 874.2, 1193.2, 1193.3, 1193.4, 1193.5, 1193.6, 1193.7, 1193.8, 1193.9, 1424.2, 1798.3, 1801.3, 1812.3, 1815.2, 2630.1, 2630.2, 2630.3, 2630.4, 2630.5, 2630.6, 2630.7, 2630.8, 2630.9, 2630.10, 2630.11, 2835.3, 2835.4, 2839.3, 2839.4.

- Rev. Jan. 23 Log: 6, 7, 196, 197, 198, 1153, 1348, 1414, 1421, 1618, 1874, 1875, 1881, 1882, 1884, 1885, 2100, 2101, 2102.

- Rev. Jan. 28 Log: 289, 290, 325, 326, 327.

Second, MGA's logs have numerous entries showing that MGA has improperly sought to claim privilege over documents from the public record, including such categories as press releases, advertisements, webpages, excerpts from periodicals, general company policies, and governmental documents.

- Rev. Sept. Log: 1047.3, 1047.6, 1047.7, 1047.8.

- Jan. 30 Log: 126, 152, 153, 154, 155, 156, 157, 158, 211, 228, 244, 245, 246, 247, 252, 290, 291, 301.

Third, the logs contain a number of documents from various legal proceedings. From the descriptions given, these documents do not appear to be internal drafts, but rather operative legal documents such as subpoenas, complaints, declarations and the like. These documents "on their face, are not privileged" and should be produced. Mount Vernon Fire Ins. Co. v. Try 3 Bldg. Servs., Inc., 1998 WL 729735, at *2 (S.D.N.Y. Oct. 16,1998).

- Rev. Jan. 23 Log: 102, 297, 782, 783, 784, 1023, 1715, 1718, 1849, 1939, 2123, 2126, 2128, 2129, 2130, 2131, 2132, 2133, 2134, 2135, 2136, 2137.

Fourth, a number of the entries relate to communications regarding legal fees or invoices, vouchers, and other documents memorializing such payments. While bills and other documents regarding legal fees may contain both privileged and non-privileged information, the logs suggest that these documents have been withheld in their entirety. These documents should be produced in whole or, to the extent that they contain some privileged information, produced in redacted form.

- Rev. Aug. Log: 295.2.

- Rev. Sept. Log: 930.1, 932.1, 1421.4, 1577.2, 1635, 1636, 1821.3, 1822.2.

- Jan. 15 Log: 145, 182, 208.

6

EXHIBIT 8
PAGE 245

- Rev. Jan. 23 Log: 335, 336, 337, 338, 339, 341, 342, 343, 344, 345, 346, 347, 348, 349, 350, 351, 352, 353, 354, 355, 356, 357, 358, 360, 361, 362, 363, 364, 365, 366, 367, 368, 369, 1066, 1067, 1068, 1069, 1070, 1071, 1072, 1073, 1074, 1075, 1076, 1077, 1078.

- Rev. Jan. 28 Log: 167, 215.

- Jan. 30 Log: 269, 282.

Finally, some of the descriptions on the logs are so vague that it is impossible to tell the subject matter of the document or communication, much less determine whether the privilege has been appropriately claimed. Specifically, a number of entries on the logs either lack description or are simply described as "spreadsheet[s]" or "chronolog[ies]" used "for the purposes of requesting legal advice," but give no indication as the type of information contained within, its purpose, or the attorneys involved. Please be prepared to discuss MGA's basis for its privilege assertions as to these documents.

- Rev. Aug. Log: 241.2.

- Rev. Jan. 23 Log: 578, 579, 580, 581, 600, 601, 602, 603, 604, 1606, 1939.

- Rev. Jan. 28 Log: 96, 117, 130, 140, 190, 198, 211, 237, 253, 258.

- Jan. 30 Log: 208.

Given these many deficiencies, it is incumbent on MGA to justify its claims or produce these documents. Pursuant to paragraph 5 of the Discovery Master Order and Local Rule 37, Mattel hereby requests a meet and confer on these deficiencies in MGA's privilege logs.

I look forward to hearing from you.


Best regards,

Jon Corey

Jon Corey

7

EXHIBIT 8
PAGE 246