**EXHIBIT 9**

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

WRITER'S DIRECT DIAL NO.
(213) 443-3112

WRITER'S INTERNET ADDRESS
dylanproctor@quinnemanuel.com

July 17, 2009

VIA FACSIMILE AND U.S. MAIL

Cynthia A. Lock
Orrick Herrington & Sutcliffe LLP
4 Park Plaza, Suite 1600
Irvine, CA 92614
Fax: (949) 567-6710

Re:     Mattel v. MGA Entertainment, Inc., et al.

Dear Cynthia:

Since February of this year, Caroline Mankey, at the Glaser firm, and I have been engaged in an
ongoing meet and confer regarding certain entries on MGA's and Isaac Larian's privilege logs.[1]

I refer you to letters dated February 8, 2009, March 3, 2009, March 4, 2009, March 10, 2009, March
12, 2009, April 3, 2009, April 9, 2009, April 17, 2009, May 7, 2009, June 16, 2009 and June 22,
2009, which I have enclosed.

As you can see, Mattel has already extensively met and conferred with MGA on a variety of issues
relating to its logs, without adequate resolution to date. MGA previously agreed to review the

---

[1]     The logs in question here are MGA's Supplemental Privilege Log – August 14, 2007,
revised March 20, 2008 and April 17, 2009 ("Rev. Aug. Log"), MGA's Supplemental Privilege Log
– September 5, 2007, revised March 20, 2008 and May 5, 2009 ("Rev. Sept. Log"), Isaac Larian's
Privilege Log – January 15, 2008 ("Jan. 15 Log"), MGA's Privilege Log – January 23, 2008,
revised February 5, 2008 and April 9, 2009 ("Rev. Jan. 23 Log"), MGA's Privilege Log – January
28, 2008, revised February 8, 2008 ("Rev. Jan. 28 Log") and Isaac Larian's Privilege Log – January
30, 2008, revised April 9, 2009 ("Rev. Jan. 30 Log").

quinn emanuel urquhart oliver & hedges, llp

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100
TOKYO | Akasaka Twin Tower Main Building, 6th Floor, 17-22 Akasaka 2-Chome, Minato-ku, Tokyo 107-0052, Japan | TEL +81-3-5561-1711 FAX +81-3-5561-1712

EXHIBIT 9
PAGE 147

entries cited by Mattel and to revise its logs or provide descriptions to substantiate its claims of
privilege and to correct other problems in the logs. See March 3, 2009 Letter from B. Dylan Proctor
to C. Mankey; March 4, 2009 Letter from C. Mankey to B. Dylan Proctor.

In April 2009, after MGA had been given months to review the entries identified by Mattel, it began
producing revised logs.[2] In some cases, MGA's revised logs indicated that it was withdrawing its
privilege claims, while for other entries, MGA indicated that it was still in the process of reviewing
its privilege claims.[3]

Although MGA's revised logs provide sufficient detail to support its withholding as to some entries,
the majority of entries, even as revised, present the same problems that prompted Mattel's initial
inquiry. These deficiencies are set forth in great detail in Mattel's prior letters. However, given
that this process has already taken months, and to avoid further delay arising from MGA's
substitution, of course, I will again set forth the specific entries identified and the substance of
Mattel's objections.

### Handwritten Notes

In early February of this year, Mattel indentified hundreds of entries on MGA's logs involving
"handwritten notes" for which neither the author/recipient of the note nor a description of its subject
matter were provided. As set forth in Mattel's prior letters, by failing to indicate who authored
these notes, much less how they involved legal advice, MGA has not carried its "burden of proving
every element applicable to the attorney-client privilege." Federal Election Com'n v. Christian
Coalition, 178 F.R.D. 61, 70 (E.D. Va. 1998) (log entries deficient where they did not identify
author of handwritten notes); Fidelity & Deposit Co. of Maryland v. McCulloch, 168 F.R.D. 516,
523 (E.D. Pa. 1996). ("[W]here no author is listed, [the party claiming privilege] must describe the
content of the documents [handwritten notes] such that [the party seeking discovery] and this Court
may better assess the applicability of the privilege.").

MGA agreed to review its claims of privilege as to these "handwritten notes" and provide revised
descriptions. See March 3, 2009 Letter from B. Dylan Proctor to C. Mankey; March 4, 2009 Letter
from C. Mankey to B. Dylan Proctor.

Based on MGA's revised descriptions, and assuming the accuracy thereof, we are satisfied as to the
following entries containing "handwritten notes" (without prejudice to Mattel's right to litigate the

---

[2]  As set forth in Mattel's June 16, 2009 Letter, MGA's review was incomplete in several
respects. While some of these issues have since been remedied, MGA still has not completed its
review of Isaac Larian's January 15, 2008 Log or provided a newly revised January 28, 2008 Log.

[3]  Mattel previously requested that MGA provide a date when this review would be
complete, but has not yet received a response. The entries that MGA marked for "further review"
are as follows: Rev. Aug. Log Nos. 132, 602.15, 653; Rev. Sept. Log Nos. 930.1, 1421.4, 1577.4,
1635, 1636, 1821.3, 1822.2, 2417; Rev. Jan. 23 Log Nos. 782, 784, 920, 923, 965, 966, 1023, 1606,
2029, 2126, 2127, 2128, 2129, 2130; Rev. Jan. 30 Log Nos. 30, 244, 245, 246, 247, 269, 282.

EXHIBIT 9
PAGE 246

propriety of withholding these entries at a later time, which is reserved): Rev. Aug. Log No. 333.3;  · Rev. Sept. Log No. 1421.1, 1822.1, 2422.2; Rev. Jan. 23 Log Nos. 181, 234, 235, 389, 391, 402.

However, for the vast majority of the entries identified by Mattel, MGA did not provide the author/recipient or provide revised adequate revised descriptions.

Instead, MGA's revised descriptions now state that the handwritten notes are "related" to the underlying document or communication, without providing any further detail as to the author or the recipient of the notes themselves. See Rev. Aug. Log Nos. 259.4, 346, 429.3, 457, 483, 508, 554, 557, 560, 570, 602.2, 602.15r, 604, 605.2, 609, 613, 618.2, 621, 622, 623.1, 626.3, 630, 634, 638, 641.1, 641.2; Rev. Sept. Log Nos. 869, 870, 877.1, 896.1, 1074.1, 1084.1, 1084.2, 1259, 1268, 1269, 1271, 1399, 1402, 1659.1., 1666, 1672.1, 1672.2, 1672.3, 1691.1, 1691.2, 1839.1, 2068, 2076.1, 2191, 2194, 2199, 2200, 2319, 2325, 2326.1, 2369.1, 2369.7, 2405, 2409, 2410, 2411, 2412, 2413.1, 2414, 2417, 2422.1, 2423, 2437.2, 2449, 2457, 2462.1, 2464, 2466, 2470, 2530.1, 2630.1, 2814, 2822, 2829.1, 2853, 2854.1, 2857.2r.

Other descriptions now simply state that the document or communication at issue "[c]ontains non-substantive handwritten notes." See Rev. Aug. Log No. 127, 129.1, 131, 172, 196, 259.1, 299, 307.1, 310, 343.11, 343.16, 393, 394, 431.1, 437, 447, 475.1, 507.1, 555, 558, 564, 565, 567, 587, 591, 592, 602.1, 605.1, 607.1, 614.1, 615, 629, 643, 644; Rev. Sept. Log Nos. 699.1, 708.1, 708.2, 804, 830.1, 891.1, 1063.1, 1363, 1364.1, 1446.1r, 1455, 1633.1, 1683.1, 1829.2, 1844.1, 1981.1, 2023, 2150.1, 2174, 2182.1, 2195, 2196, 2201, 2202, 2327, 2347.1, 2377.1r, 2407, 2408, 2462.2, 2607, 2614.1, 2677, 2831.2, 2855.1.

As set forth in Mattel's prior letters, neither of these revisions addresses Mattel's concerns that non-privileged information is being improperly withheld. Describing the handwritten notes as being "related" to the communication or document at issue provides no more information than the original descriptions. Notably, MGA still has not identified the authors or the recipients of the notes, showing they are not properly withheld. See, e.g., Baxter Healthcare Corp. v. Fresenius Med. Care, Inc., 2008 WL 5214330, at *3 (N.D. Cal. Dec. 12, 2008) (ordering documents produced from privilege log because party "failed provide sufficient identification" of communications' authors).

Likewise, "non-substantive" notes that are not privileged may be withheld no more than substantive, non-privileged notes. See U.S. v. Weisman, 1995 WL 244522, at *8 (S.D.N.Y. 1995) (it "is not the proper function of [the withholding party] to determine whether documents would in fact be useful to establish [the other party's] case").

As to several other entries, specific issues remain despite MGA's revisions:

- Rev. Aug. Log No. 431.1, as revised, now indicates that the handwritten notes at issue were "from Alan C. Rose" and unidentified "others." Those other individuals should be identified in order to assess whether the notes are, in fact, privileged.

- Rev. Aug. Log Nos. 585.2 and 585.3, as revised, now indicate that these entries are photos with handwritten notes "sent to outside counsel." Despite its revisions, MGA still has not identified the specific sender or recipient. Moreover, as discussed separately in this letter,

3

EXHIBIT 9
PAGE 249

photographs transmitted to counsel generally are not themselves privileged. Accordingly, both the photographs and, at least absent an identification of the specific individuals involved, the notes should be produced.

- Rev. Aug. Log No. 614.3, as revised, now indicates that that the handwritten notes relate to a draft license agreement. However, MGA has still not indentified either the author or recipient of these notes.

- Rev. Aug. Log No. 65 3 has not been revised in any manner, and MGA still has not identified the author of the notes at issue.

- Rev. Sept. Log Nos. 2630.1, 2630.6, 2630.7 and 2835.2, were originally described as drawings or photographs which Mattel identified as being improperly withheld. The revised descriptions now state that the documents contain "handwritten notes" but do not indentify the author or recipient of the notes.

- Rev. Sept. Log Nos. 2856.1r, 2856.14r, 2856.433r, 2856.41r, 2857.3r, 2857.4r and 2857.5r, as revised, are "notes reflecting and for the purpose of rendering legal advice." Please confirm that the notes were authored by or sent to an attorney.

- Rev. Jan. 23 Log No. 312, as revised, indicates this document contains notes reflecting a conversation between an MGA attorney and a potential witness. Because this document is not an attorney-client communication, there appears to be no basis for it being withheld as such. Further, as explained previously, MGA cannot belatedly assert new claims of work product privilege in order to bolster the inadequacies of its original log.

- Rev. Jan. 23 Log Nos. 782, 784 and 1023, as revised, indicate these documents contain handwritten notes, but fail to indicate the notes' authors or recipients.

- Rev. Jan. 23 Log No. 920, as revised, indicates this document is a transcription of a meeting, but does not indicate the participants or purpose of that meeting.

- Rev. Jan. 23 Log No. 2079 has not been revised and is marked for "further review." Please confirm whether any of the individuals listed in the privilege log are attorneys or whether the subject of the note relates to legal advice. Please also identify whose address is "dincdesign@mindspring.com."

- Rev. Jan. 23 Log Nos. 2126 and 2127, as revised, are now described as "[h]andwritten notes" that are "from counsel," but fail to identify either the attorney allegedly involved or the recipient. Additionally, the revised logs improperly assert additional claims of privilege.

- Rev. Jan. 23 Log Nos. 2128 and 2130, as revised, are now described as "[h]andwritten notes," but fail to identify either the author or the recipient.

- Rev. Jan. 23 Log No. 2129, previously described as an email, is now described as "[h]andwritten notes." Please confirm that the attorneys previously listed as author and recipient of the email are, in fact, the author and recipient of this "note."

4

EXHIBIT 9
PAGE 250

Finally, because MGA's review of the *Revised* January 28, 2008 log is incomplete, please confirm whether MGA continues to assert a claim of privilege with regard to the "handwritten notes" described on that log. See Rev. Jan. 28 Log Nos. 128,170.

### Fax Cover Sheets

In early February of this year, Mattel identified dozens of entries that, based on the logs descriptions, appeared to be "fax cover sheets." As set forth in Mattel's prior letters, such documents are not generally privileged, in and of themselves, because correspondence that "merely transmit[s] documents to or from an attorney, even at the attorney's request for purposes of rendering legal advice to a client, are neither privileged nor attorney work-product." American Med. Sys., Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Inc., 1999 WL 970341, at *5 (E.D. La. Oct. 22, 1999) (ordering production of fax cover sheets). Thus, while the underlying communication may be privileged, the fax cover sheets are not unless they also transmit confidential information.

MGA agreed to review its claims of privilege as to these "fax cover sheets" and provide revised descriptions. See March 3, 2009 Letter from B. Dylan Proctor to C. Mankey; March 4, 2009 Letter from C. Mankey to B. Dylan Proctor.

Based on MGA's revised descriptions, and assuming the accuracy thereof, we are satisfied as to the following entries described as "fax cover sheets" (without prejudice to Mattel's right to litigate the propriety of withholding these entries at a later time, which is reserved): Rev. Aug. Log No. 333.3; Rev. Sept. Log Nos. 1021.3, 1021.4, 1072.1, 1072.4.

However, despite the revised descriptions, MGA still fails to provide any basis for the withholding of numerous other fax cover sheets. In particular, a number of the revised descriptions now merely state that the fax cover sheets contain "confidential" information. See Rev. Aug. Log Nos. 101.1, 101.2, 129.1, 502.11, 526.1, 562.1, 573.1, 574.1, 578.1, 583.1, 584, 585.1, 586.1; Rev. Sept. Log Nos. 255.7, 740.1, 891.1, 896.1, 1000.4, 1013.1, 1013.8, 1036.4, 1058.1, 1058.4, 1058.5, 1063.1, 1081.2, 1107.1, 1107.4, 1134.1, 1134.4, 1421.1, 1661.1, 1981.1, 2071.1, 2369.7; Rev. Jan. 23 Log Nos. 923, 924, 965, 966. Stating that the fax cover sheets contain "confidential" information does not mean that they contain information protected by the attorney-client privilege. See, e.g., Hynix Semiconductor Inc. v. Rambus Inc., 2008 WL 350641, at *4 (N.D. Cal. 2008) (holding that "[w]hile the [document] was obviously confidential, it is not privileged").

Please let me know whether MGA will continue to assert claims of privilege with regard to these "fax cover sheets."

### Other Non-Privileged Documents

In early February of this year, Mattel identified dozens of entries on MGA's logs which, based on their descriptions, did not appear to be privileged. These documents included non-legal material such as photographs and drawings, documents from the public sphere such as websites or press releases, documents relating to legal bills, as well as other documents that were so vaguely described that it was impossible to assess MGA's claims of privilege.

EXHIBIT 9
PAGE 251

MGA agreed to review its claims of privilege as to these entries and provide revised descriptions. See March 3, 2009 Letter from B. Dylan Proctor to C. Mankey; March 4, 2009 Letter from C. Mankey to B. Dylan Proctor.

Despite MGA's revised descriptions, certain entries remain problematic.

### Photographs & Drawings

MGA continues to withhold various drawings of logos and the like for which there are no grounds for the assertion of privilege. See Rev. Sept. Log Nos. 217.2, 1193.4, 1193.5, 1193.6, 1193.7, 1193.8, 1193.9, 1193.0, 11931.11, 1798.3, 1801.3, 1812.3, 1815.2. MGA also continues to withhold as privileged various photographs that were taken by a "private investigator conducting surveillance at the direction of counsel," "sent to outside counsel" or attached to other communications claimed as privileged. See Rev. Aug. Log Nos. 585.2, 585.3; Rev. Sept. Log Nos. 2630.1, 2630.2, 2630.3, 2630.4, 2630.5, 2630.6, 2630.7, 2630.8, 2630.9, 2630.10, 2630.11, 2835.3, 2835.4, 2839.3, 2839.4; Rev. Jan. 23 Log Nos. 6, 7, 196, 197, 198, 1348, 1421, 1618, 1874, 1875, 1881, 1882, 1884, 1885, 2100, 2101, 2102.

None of the revised descriptions provide a basis to justify such continued withholdings. See Clavo v. Zarrabian, 2003 WL 24272641, at *1 (C.D. Cal. 2003) ("The mere transmission of the photographs to counsel does not by itself justify privilege protection."). Please produce such materials or be prepared to explain why MGA believes these documents are properly withheld.

Finally, because MGA's review of the *Revised* January 28, 2008 log is incomplete, please confirm whether MGA continues to assert a claim of privilege with regard to the "photographs," "designs" or "drawings" described on that log. See Rev. Jan. 28 Log Nos. 289, 290, 325, 326, 327.

### Public Records

While MGA agreed to produce most of the "public records" indentified in Mattel's letter, the revised logs indicate that MGA continues to assert a claim of privilege over "webpages" without any indication of how such an assertion is proper. See Rev. Sept. Log: 1047.6, 1047.9, 1047.10, 1047.11, 1819.12. Please explain this continued withholding.

### Documents from Legal Proceedings

Based on MGA's revised descriptions, and assuming the accuracy thereof, we are satisfied as to the following entries (without prejudice to Mattel's right to litigate the propriety of withholding these entries at a later time, which is reserved): Rev. Jan. 23 Log Nos. 102, 297, 1715, 1939, 2131, 2132, 2133, 2134, 2135, 2136, 2137.

However, Entry No. 1849, as revised, appears to be an operative complaint, not a draft, that is described as having Isaac Larian's "notes and comments." The log does not indicate the date of such "note and comments" or whether these comments were ever transmitted to an attorney. As

EXHIBIT 9
PAGE 252

such MGA has failed to substantiate that these notes, in fact, reflect an attorney-client communication.

### *Legal Fees*

Based on MGA's revised descriptions, and assuming the accuracy thereof, we are satisfied as to the following entry (without prejudice to Mattel's right to litigate the propriety of withholding this entry at a later time, which is reserved): Rev. Aug. Log No. 295.2.

However, as to the remaining entries, MGA's revised descriptions provide no further support for withholding than the original log descriptions.

- Rev. Aug. Log No. 241.2, as revised, indicates this document is a "schedule of rates" which has been withheld under the attorney-client privilege. Such information is not privileged.

- Rev. Sept. Log Nos. 1821.3 and 1822.2, which have not been revised, appear to be non-privileged communications about legal invoices and payment. They should be produced.

- Rev. Jan. 30 Log Nos. 269 and 282 appear to be non-privileged communications about legal invoices and payment. They should be produced.

Further, according to the revised descriptions many entries appear to be "check stub[s]," "wire transfer record[s]," "invoice[s]," "purchase order[s]" and other "accounting documentation" which were "collected and analyzed" by counsel for the Larian v. Larian litigation. See Rev. Jan. 23 Log Nos. 335, 336, 337, 338, 339, 341, 342, 343, 344, 345, 346, 347, 348, 349, 350, 351, 352, 353, 354, 355, 356, 357, 358, 360, 361, 362, 363, 364, 365, 366, 367, 368, 369, 1066, 1067, 1068, 1069, 1070, 1071, 1072, 1073, 1074, 1075, 1076, 1077, 1078.

These documents are currently being withheld as attorney-work product. Please confirm whether the underlying documents themselves—*i.e.*, the checks or wire transfer records—have otherwise been produced in this matter. If they have not, and absent some further showing, they should be produced; as you know, documents are not shielded from disclosure merely because they were later collected by an attorney.

Finally, because MGA's review of the January 15, 2008 and *Revised* January 28, 2008 logs is incomplete, please confirm whether Isaac Larian and MGA continue to assert claims of privilege with regard to these "legal bills" or "invoices" as described on these logs. See Jan. 15 Log Nos. 145, 182, 208; Rev. Jan. 28 Log Nos. 167, 215.

### *Other Vaguely Described Entries*

Based on MGA's revised descriptions, and assuming the accuracy thereof, we are satisfied as to the following entries (without prejudice to Mattel's right to litigate the propriety of withholding these entries at a later time, which is reserved): Rev. Jan. 30 Log No. 208, 1939.

7

EXHIBIT 9
PAGE 253

However, MGA's revised descriptions for the remaining entries do not support their continued withholding.

- Rev. Jan. 23 Log No. 1606, as revised, is a "[d]raft agenda for meeting with distributor" regarding "contract negotiations." Unless legal matters predominate, this document should be produced, at least in redacted form.

- Rev. Jan. 23 Log Nos. 578, 579, 580, 581, 600, 601, 602, 603 and 604, as revised, are "spreadsheets" purportedly created by counsel over which MGA now asserts a claim of work-product. However, the entries indicate that the documents were authored by Isaac Larian and do not identify any counsel's involvement. Moreover, if these "spreadsheets" and the like were not properly withheld as attorney-client communications, MGA cannot now simply revise its log and claim they are work product.[4]

Further, because MGA's review of the *Revised* January 28, 2008 log is incomplete, please be prepared to provide further detail on the vaguely described on that log. See Rev. Jan. 28 Log Nos. 96, 117, 130, 140, 190, 198, 211, 237, 253, 258.

### *Withdrawn Claims*

Finally, MGA's revised logs show that, after further review, MGA determined to withdraw its claims as to some entries. These entries include: Rev. Aug. Log Nos. 101.8, 312.1, 502.1, 502.12, 521, 529.4r, 562.3, 562.12, 563, 625, 635, 636, 637, 639, 640, 642; Rev. Sept. Log Nos. 124r, 1401.1r, 264.1r, 329.1r, 597.1r, 608.1r, 608.2r, 874.2, 932.1, 933.1, 1912.1, 2377.1r, 2803.1, 2816.5, 2818.6, 2819.5, 2821.2, 2831.1, 2832.5, 2836.415, 2839.5, 2839.6; Rev. Jan. 23 Log Nos. 783, 1153, 1414, 1421, 1650, 1988, 2123, 2150; Rev. Jan. 30 Log Nos. 126, 152, 153, 154, 155, 156, 157, 158, 208.1, 211, 228, 252, 290, 291, 301.

Mattel previously requested that MGA provide a date when it would be producing these documents, if it has not already done so, and provide the appropriate bates-ranges so these documents can be identified. Mattel has received no response to date.

As the record shows, Mattel has been very patient in attempting to informally resolve these concerns over a period of months. We need to resolve these matters soon or we will be forced to seek relief.

---

[4] As set forth in Mattel's prior letters, MGA cannot "re-engineer [its] privilege logs to align [its] privilege assertions with [its] legal arguments." In re Honeywell Int'l Inc. Sec. Litig., 230 F.R.D. 293, 299 (S.D.N.Y. 2003); see also AAIpharma Inc. v. Kremers Urban Dev. Co., 2006 WL 3096026, at *6 (S.D.N.Y. 2006) (finding sanctions warranted where party "add[ed] a claim of privilege that had not been asserted initially" or by "revis[ed] the claim of privilege . . . either adding then deleting a basis, or vice-versa"). We expect such additional claims will be withdrawn.

EXHIBIT 9
PAGE 254

Please let me know when you are available to discuss these concerns.  I look forward to hearing from you promptly.

Very truly yours,

B. Dylan Proctor /2DK

B. Dylan Proctor
07209/3001889.2

9

EXHIBIT 9
PAGE 255

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

February 8, 2009

VIA FACSIMILE AND U.S. MAIL

Patricia Glaser, Esq.
Amman Khan, Esq.
Glaser, Weil, Fink, Jacobs & Shapiro LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, CA 90067

Mark E. Overland, Esq.
Alexander H. Cote, Esq.
Overland, Borenstein, Scheper & Kim LLP
601 West 5th Street
Los Angeles, CA 90017

Russell J. Frackman, Esq.
Jean P. Nogues, Esq.
Mitchell Silberberg & Knupp LLP
1377 West Olympic Boulevard
Los Angeles, CA 90064

Re:   Mattel v. MGA Entertainment, Inc., et al.

Dear Counsel:

Pursuant to the Local Rules and the Discovery Master Stipulation, I write to request a meet and confer regarding certain entries on the privilege logs produced by MGA and Isaac Larian.[1]

---

[1]   The logs in question are MGA's Supplemental Privilege Log – August 14, 2007, revised March 20, 2008 ("Rev. Aug. Log"), MGA's Supplemental Privilege Log – September 5, 2007, revised March 20, 2008 ("Rev. Sept. Log"), MGA's Privilege Log for MGA's October 17, and October 19, 2007 Document Production, dated November 16, 2008 ("Oct. Log"), Isaac Larian's Privilege Log, dated January 15, 2008 ("Jan. 15 Log"), MGA's Supplemental Privilege Log for MGA's October 2007 Document Production, dated January 22, 2008 ("Supp. Oct. Log"), MGA's Privilige Log – January 23, 2008, revised February 5, 2008 ("Rev. Jan. 23 Log"), MGA's Privilege Log – January 28, 2008, revised February 8, 2008 ("Rev. Jan. 28 Log"), Isaac (footnote continued)

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100
TOKYO | Akasaka Twin Tower Main Building, 6th Floor, 17-22 Akasaka 2-Chome, Minato-ku, Tokyo 107-0052, Japan | TEL +81-3-5561-1711 FAX +81-3-5561-1712

EXHIBIT 9
PAGE 250

Based on the descriptions provided by MGA in its logs, many entries currently withheld do not appear to be privileged, while other entries provide so little detail that it is impossible to assess MGA's claims of privilege. The parties previously conducted an entry-by-entry discussion of certain withheld communications, which helped to narrow the scope of the parties' eventual motion practice. In advance of such a continued conference, I have detailed below the entries for which MGA has not adequately met its burden to justify withholding. For convenience, I have grouped these into categories, though many entries from MGA's logs reflect deficiencies on multiple grounds.

### *Communications Between Non-Lawyers and Non-Legal Communications*

Numerous entries on MGA's logs reflect communications that do not involve counsel. For example, Entry No. 1986 on MGA's January 23 Log is an 2006 email between Schuyler Bacon and Isaac Larian described as an "Email chain regarding employment issues." Neither Ms. Bacon nor Mr. Larian is an attorney and nowhere does the description suggest that the communication reflects a lawyer's advice. Furthermore, as MGA and Larian themselves have argued, even if the emails repeat some privileged communication, the remainder of the email should be produced with any supposedly privileged portions redacted. MGA's blanket withholding of this email chaing is improper.

Other entries, while they involve counsel, do not appear to reflect any legal advice but rather involve purely business or other non-legal issues. For example, Entry No. 2074 on MGA's January 23 Log is a 2005 email from Pablo Vargas and Eric Villete and Isaac Larian which copies a large group—including one lawyer—regarding "sales strategy." Nevertheless it has been withheld on the purported grounds of attorney-client privilege.

Please be prepared to discuss MGA's claims of privilege regarding the following entries which exhibit these deficiencies. Absent a showing of their privileged nature, Mattel expects these documents to be produced in their entirety or, if any portions do reflect privileged communications, in redacted form.

- Rev. Aug. Log: 135, 457, 561.1, 561.2, 606, 651r, 653, 661, 662, 664r, 669, 690r, 692, 712, 713, 716r, 719, 730, 732, 733, 735, 744, 764, 767, 773, 775, 777, 790, 852, 853, 866, 867, 869r, 874, 883r, 894r, 900, 912r, 931r, 933, 934r, 961r, 962, 963r, 965, 966, 967, 968, 980r, 981r, 983, 984, 985, 990, 1037, 1040, 1042r, 1043, 1047, 1055r, 1056r, 1057, 1058, 1060r, 1061, 1062, 1077, 1078, 1079, 1080, 1081, 1082, 1088, 1089, 1090, 1091, 1095, 1097, 1098, 1101, 1103, 1105, 1106, 1107, 1110r, 1112, 1113r, 1132r.

- Rev. Sept. Log: 264.1r, 1022, 1903.

---

Larian's Privilege Log – January 30, 2008 ("Jan. 30 Log"), and MGA's April 30, 2008 Privilege Log ("April 30 Log").

EXHIBIT 9
PAGE 251

- Oct. Log:  3, 8, 39, 71, 134, 135, 175, 261, 267, 539, 546, 824, 1036, 1046, 1047, 1068, 1123, 1124, 1406, 1462, 1463, 1466, 1467, 1481, 1482, 1506, 1514, 1761, 1780, 1781, 1782, 1784, 1941, 1942, 2063, 2073, 2074, 2090, 2101, 2117, 2259, 2260, 2263, 2267, 2269, 2271, 2274, 2672, 2677, 2694, 2724, 2728, 2732, 2765, 2775, 2786, 2787, 2802, 2807, 2814, 2815, 2830, 2833, 2845, 2848, 2849, 2851, 2852, 2853, 3213, 3299, 3360, 3367, 3368.

- Jan. 15 Log:  29, 30 32, 33, 34, 35, 38, 40, 41, 44, 48, 51, 52, 53, 56, 57, 58, 59, 61, 62, 63, 64, 68, 89, 98, 107.

- Supp. Oct. Log:  44, 55, 89, 90, 98, 99, 106, 114, 115, 116, 123, 125, 126, 127, 128, 129, 130, 131, 136, 137, 138, 139, 140, 141, 142, 143, 144, 145, 146, 147, 148, 149, 150.

- Rev. Jan. 23 Log:  3, 8, 20, 31, 32, 52, 57, 58, 59, 68, 70, 79, 96, 97, 103, 106, 107, 108, 110, 111, 114, 115, 118, 133, 150, 151, 152, 153, 154, 155, 156, 157, 158, 182, 205, 209, 232, 233, 245, 253, 255, 262, 267, 287, 296, 371, 372, 373, 376, 381, 536, 544, 545, 546, 547, 548, 551, 557, 577, 578, 579, 580, 581, 584, 585, 588, 589, 591, 592, 593, 594, 595, 596, 597, 598, 599, 600, 601, 602, 603, 604, 609, 610, 611, 612, 614, 655, 656, 672, 683, 666, 667, 684, 693, 749, 759, 762, 764, 765, 767, 769, 771, 773, 782, 1083, 1172, 1173, 1178, 1179, 1254, 1262, 1275, 1277, 1281, 1285, 1287, 1292, 1301, 1302, 1306, 1309, 1318, 1322, 1324, 1356, 1360, 1364, 1365, 1366, 1367, 1374, 1399, 1413, 1418, 1420, 1424, 1435, 1437, 1438, 1439, 1440, 1460, 1463, 1465, 1468, 1471, 1473, 1474, 1475, 1476, 1509, 1525, 1529, 1536, 1587, 1603, 1606, 1622, 1623, 1624, 1625, 1627, 1635, 1641, 1655, 1662, 1701, 1702, 1703, 1704, 1705, 1706, 1708, 1709, 1710, 1711, 1712, 1713, 1716, 1718, 1719, 1720, 1721, 1722, 1724, 1727, 1728, 1729, 1730, 1731, 1732, 1734, 1735, 1736, 1737, 1767, 1773, 1774, 1775, 1779, 1783, 1788, 1821, 1824, 1890, 1896, 1898, 1899, 1903, 1904, 1917, 1919, 1920, 1968, 1969, 1970, 1977, 1986, 1998, 2011, 2014, 2025, 2039, 2042, 2043, 2046, 2060, 2064, 2071, 2074, 2080, 2082, 2084, 2144, 2147, 2148, 2149.

- Rev. Jan. 28 Log:  3, 5, 9, 12, 16, 18, 28, 31, 36, 37, 38, 39, 40, 43, 44, 47, 51, 52, 61, 65, 67, 75, 77, 91, 92, 97, 98, 99, 113, 124, 127, 132, 136, 137, 140, 141, 158, 160, 161, 163, 166, 203, 214, 219, 262, 264, 272, 274, 275, 276, 280, 281, 286, 287, 291, 292, 310, 311, 212, 313, 314, 316, 317, 319, 328, 331, 332, 333, 334, 335, 336, 343, 238, 364, 371, 372, 382, 384, 385, 386, 387, 388, 392, 414, 420, 442, 443, 446.

- Jan. 30 Log:  1, 2, 5, 6, 7, 8, 9, 10, 11, 12, 12, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 64, 66, 122, 124, 126, 218, 225, 226, 244, 245, 246, 257, 260, 282, 294, 295, 296, 297, 298, 299, 300.

- April 30 Log:  8, 9, 10, 17, 18.

Additionally, a handful of entries provide no basis for privilege other than the fact that an attorney or paralegal has been "blind carbon copied." See Jan. 15 Log No. 188, Jan. 23 Log Nos. 1650, 1988; Jan. 30 Log No. 30. Documents or communications transmitted to an attorney as

3

EXHIBIT 9
PAGE 256

"blind carbon copies" generally are not protected attorney-client communications. See, e.g., U.S. v. Davis, 132 F.R.D. 12, 17 (S.D.N.Y. 1990). Accordingly, these entries should be produced as well.

### Handwritten Notes

Hundreds of entries on MGA's logs involve "handwritten notes" for which neither the author of the note nor a description of its subject matter is provided. By failing to indicate who authored these notes, much less that they involved legal advice, MGA has not carried its "burden of proving every element applicable to the attorney-client privilege." Federal Election Com'n v. Christian Coalition, 178 F.R.D. 61, 70 (E.D. Va. 1998) (log entries deficient where they did not identify author of handwritten notes).[2]

Further, while some of these notes appear to be written on hardcopies of emails between lawyers or otherwise privileged documents—and therefore indicate such authors in the logs—MGA's logs do not indicate whether there is any independent basis to withhold these handwritten notes. "[W]here no author is listed, [the party claiming privilege] must describe the content of the documents [handwritten notes] such that [the party seeking discovery] and this Court may better assess the applicability of the privilege." Fidelity and Deposit Co. of Maryland v. McCulloch, 168 F.R.D. 516, 523 (E.D. Pa. 1996).

Accordingly, please be prepared to identify the author of the notes on the following documents and provide a sufficient description of the subject matter of the notes to permit the claim of privilege to be assessed.

- Rev. August Log: 127, 129.1, 131, 132, 172, 196, 259.1, 259.4, 299, 307.1, 310, 333.3, 343,11, 343.16. 346. 393. 394, 429.3, 431.1, 434.1, 437, 447, 457, 460.1r, 475.1, 483, 502.4, 507.1, 508, 521, 429.3r, 554, 555, 557, 558, 560, 562.2r, 562.3, 563r, 564, 565, 567, 570, 585.2, 585.3, 587, 591, 592, 602.1, 602.2, 604, 605.1, 605.2, 607.1, 607.2, 609, 613, 614.1, 614.3, 615, 618.2, 621, 622, 623.1, 625r, 626.3, 629, 630, 633, 634, 625r, 636r, 637r, 638, 639r, 640r, 641.1, 641.2, 642r, 643, 644, 653.

- Rev. Sept. Log: 40.2, 43.2, 124r, 139, 140.1r, 264.1r, 329.1r, 597.1r, 603, 608.1r, 608.2r, 699.1, 701, 702.1, 708, 804, 830.1, 869, 870, 877.1, 896.1, 932.1, 933.1, 1074.1, 1084.1, 1084.2, 1259, 1268, 1269, 1271, 1363, 1364.1, 1399, 1402, 1421.1, 1446.1r, 1455, 1633.1, 1659.1, 1666, 1672.1, 1672.2, 1672.3, 1683.1, 1691.1, 1692.1, 1822.1, 1829.2, 1839.1, 1839.7, 1844.1, 2023, 2068, 2076.1, 2150.1, 2174, 2182.1, 2191. 2194, 2195, 2196, 2199, 2200, 2201, 2202, 2319, 2325, 2326.1, 2327, 2347.1, 2369.1, 2369.5, 2377.1r, 2405, 2407, 2408, 2409, 2410, 2411, 2412, 2413.1, 2414, 2417, 2422.1, 2422.2, 2423, 2437.2, 2449, 2457, 2452.1, 2462.2, 2464, 2449, 2457, 2452.1, 2462.2, 2464, 2466,

---

[2]   Clearly, when MGA believed the notes were an "attorney's notes," it so indicated. See, e.g., Rev. Jan. 23 Log Nos. 794, 984, 988,1115. These entries, by contrast, have no indication that the notes even are an attorney's or reflect an attorney's legal advice.

EXHIBIT 9
PAGE 259

2470, 2530.1, 2607, 2614.1, 2630.1, 2677, 2814, 2822, 2829.1, 2831.2, 2853, 2854.1, 2855.1, 2856.1r, 2856.3r, 2856.4r, 2856.5r, 2857.2r, 2857.3r, 2857.4r, 2857.5r.

- <u>Rev. Jan. 23 Log</u>: 181, 234, 235, 312, 389, 392, 402, 920, 2079, 2127, 2150.

- <u>Rev. Jan. 28 Log</u>: 128, 170.

*Fax Cover Sheets*

MGA's privilege logs indicate that it has withheld numerous fax cover sheets. Such documents are not generally privileged, in and of themselves, because correspondence that "merely transmit[s] documents to or from an attorney, even at the attorney's request for purposes of rendering legal advice to a client, are neither privileged nor attorney work-product." American Med. Systems, Inc. v. National Union Fire Ins. Co. of Pittsburgh, Inc., 1999 WL 970341, at *5 (E.D. La. Oct. 22, 1999) (ordering production of fax cover sheets). Thus, while the underlying communication may be privileged, the fax cover sheets are not unless they also transmit confidential information.

Please be prepared to discuss whether MGA continues to assert its claim of privilege regarding these documents described as fax cover sheets.

- <u>Rev. Aug. Log</u> Nos. 101.1, 101.6, 129.1, 312.1, 526.1, 562.1, 562.12, 573.1, 574.1, 578.1, 583.1, 584, 585.1, 586.1.

- <u>Rev. Sept. Log</u> Nos. 255.7, 740.1, 891.1, 896.1, 1000.3, 1013.1, 1013.7, 1021.1, 1021.2, 1036.4, 1036.6, 1058.1, 1058.3, 1058.4, 1063.1, 1072.1, 1072.3, 1081.2, 1107.1, 1107.3, 1134.1, 1134.3, 1421.1, 1661.1, 1912.1, 1981.1, 2071.1, 2369.5, 2803.1, 2816.3, 2818.4, 1819.3, 2821.2, 2831.1, 2832.3, 2836.4, 2839.5, 2839.6;

- <u>Rev. Jan. 23 Log</u> Nos. 923, 924, 965, 966.

- <u>Jan. 30 Log</u> No. 208.

*Other Non-Privileged Documents*

Finally, MGA has listed various documents such as photographs and public records on its privilege log that are not generally privileged.

First, there are various entries for "photo[s]," "design/drawing[s]," and "pictoral presentation[s]." Given that these documents are not "communications" between an attorney and client, the application of the attorney-client privilege does not appear well-founded. See Clavo v. Zarrabian, 2003 WL 24272641, at *1 (C.D. Cal. Sept. 24, 2003) ("The mere transmission of the photographs to counsel does not by itself justify privilege protection."). While some of these entries also assert the work-product privilege, the descriptions offer little basis to determine that these documents were prepared in anticipation of litigation.

EXHIBIT 9
PAGE 260

- <u>Rev. Aug. Log</u>: 585.2, 585.3.

- <u>Rev. Sept. Log</u>: 202.2, 203.2, 209.2, 210.2, 217.2, 218.2, 874.2, 1193.2, 1193.3, 1193.4, 1193.5, 1193.6, 1193.7, 1193.8, 1193.9, 1424.2, 1798.3, 1801.3, 1812.3, 1815.2, 2630.1, 2630.2, 2630.3, 2630.4, 2630.5, 2630.6, 2630.7, 2630.8, 2630.9, 2630.10, 2630.11, 2835.3, 2835.4, 2839.3, 2839.4.

- <u>Rev. Jan. 23 Log</u>: 6, 7, 196, 197, 198, 1153, 1348, 1414, 1421, 1618, 1874, 1875, 1881, 1882, 1884, 1885, 2100, 2101, 2102.

- <u>Rev. Jan. 28 Log</u>: 289, 290, 325, 326, 327.

Second, MGA's logs have numerous entries showing that MGA has improperly sought to claim privilege over documents from the public record, including such categories as press releases, advertisements, webpages, excerpts from periodicals, general company policies, and governmental documents.

- <u>Rev. Sept. Log</u>: 1047.3, 1047.6, 1047.7, 1047.8.

- <u>Jan. 30 Log</u>: 126, 152, 153, 154, 155, 156, 157, 158, 211, 228, 244, 245, 246, 247, 252, 290, 291, 301.

Third, the logs contain a number of documents from various legal proceedings. From the descriptions given, these documents do not appear to be internal drafts, but rather operative legal documents such as subpoenas, complaints, declarations and the like. These documents "on their face, are not privileged" and should be produced. <u>Mount Vernon Fire Ins. Co. v. Try 3 Bldg. Servs., Inc.</u>, 1998 WL 729735, at *2 (S.D.N.Y. Oct. 16,1998).

- <u>Rev. Jan. 23 Log</u>: 102, 297, 782, 783, 784, 1023, 1715, 1718, 1849, 1939, 2123, 2126, 2128, 2129, 2130, 2131, 2132, 2133, 2134, 2135, 2136, 2137.

Fourth, a number of the entries relate to communications regarding legal fees or invoices, vouchers, and other documents memorializing such payments. While bills and other documents regarding legal fees may contain both privileged and non-privileged information, the logs suggest that these documents have been withheld in their entirety. These documents should be produced in whole or, to the extent that they contain some privileged information, produced in redacted form.

- <u>Rev. Aug. Log</u>: 295.2.

- <u>Rev. Sept. Log</u>: 930.1, 932.1, 1421.4, 1577.2, 1635, 1636, 1821.3, 1822.2.

- <u>Jan. 15 Log</u>: 145, 182, 208.

6

EXHIBIT 9
PAGE 261

- <u>Rev. Jan. 23 Log</u>:  335, 336, 337, 338, 339, 341, 342, 343, 344, 345, 346, 347, 348, 349, 350, 351, 352, 353, 354, 355, 356, 357, 358, 360, 361, 362, 363, 364, 365, 366, 367, 368, 369, 1066, 1067, 1068, 1069, 1070, 1071, 1072, 1073, 1074, 1075, 1076, 1077, 1078.

- <u>Rev. Jan. 28 Log</u>:  167, 215.

- <u>Jan. 30 Log</u>:  269, 282.

Finally, some of the descriptions on the logs are so vague that it is impossible to tell the subject matter of the document or communication, much less determine whether the privilege has been appropriately claimed.  Specifically, a number of entries on the logs either lack description or are simply described as "spreadsheet[s]" or "chronolog[ies]" used "for the purposes of requesting legal advice," but give no indication as the type of information contained within, its purpose, or the attorneys involved.  Please be prepared to discuss MGA's basis for its privilege assertions as to these documents.

- <u>Rev. Aug. Log</u>:  241.2.

- <u>Rev. Jan. 23 Log</u>:  578, 579, 580, 581, 600, 601, 602, 603, 604, 1606, 1939.

- <u>Rev. Jan. 28 Log</u>:  96, 117, 130, 140, 190, 198, 211, 237, 253, 258.

- <u>Jan. 30 Log</u>:  208.

Given these many deficiencies, it is incumbent on MGA to justify its claims or produce these documents.  Pursuant to paragraph 5 of the Discovery Master Order and <u>Local Rule</u> 37, Mattel hereby requests a meet and confer on these deficiencies in MGA's privilege logs.

I look forward to hearing from you.


Best regards,

*Jon Corey*

Jon Corey

7

EXHIBIT 9
PAGE 262

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

WRITER'S DIRECT DIAL NO.
(213) 443-3112

WRITER'S INTERNET ADDRESS
dylanproctor@quinnemanuel.com

March 3, 2009

VIA FACSIMILE AND U.S. MAIL

Caroline Mankey, Esq.
Glaser, Weil, Fink, Jacobs & Shapiro LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, CA 90067

Re:    Mattel v. MGA Entertainment, Inc., et al.

Dear Caroline:

I write further to our discussion last week regarding MGA's privilege logs.

As to the first category of entries set forth in our February 8, 2009 letter - communications between non-lawyers and non-legal communications - you stated that, in MGA's view, the Court ruled on this issue in Phase 1, precluding consideration of the privilege issues now. Hence, based on the prior ruling, MGA is not willing to analyze the underlying documents to determine whether MGA's claims of privilege are well-founded and/or to produce any non-privileged ones, in whole or in part.

As to the remaining categories set forth in the letter, you agreed to review the underlying documents to determine whether MGA would continue to stand by its claims of privilege. You agreed to either provide a supplemental privilege log that will show the privileged nature of the documents or produce the documents, in whole or in part, in the next two weeks. We look forward to receiving MGA's supplemental logs and/or any documents that MGA acknowledges were improperly withheld on March 10, 2009, as agreed.

Best regards,

*Dylan Proctor*

B. Dylan Proctor

quinn emanuel urquhart oliver & hedges, llp

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100
TOKYO | Akasaka Twin Tower Main Building, 6th Floor, 17-22 Akasaka 2-Chome, Minato-ku, Tokyo 107-0052, Japan | TEL +81-3-5561-1711 FAX +81-3-5561-1712

EXHIBIT 9
PAGE 203

RECEIVED
MAR 0 5 2009

LAW OFFICES

## GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP

10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
(310) 553-3000
FAX (310) 556-2920

DIRECT DIAL NUMBER
(310) 860-7874
EMAIL: CMANKEY@GLASERWEIL.COM

March 4, 2009

⊞ MERITAS LAW FIRMS WORLDWIDE

B. Dylan Proctor, Esq.
QUINN, EMANUEL, URQUHART,
   OLIVER & HEDGES, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543

        Re:    MGA v. Mattel

Dear Dylan:

        This responds to your letter dated March 3, 2009, regarding our conference last week regarding MGA's privilege logs.  To clarify, I agreed that MGA would review the privileged documents in all of the categories referenced in your letter other than the first category (purported communications between non-lawyers and purportedly non-legal communications) as soon as possible.  You agreed to give us two weeks, until March 10, 2009, before filing a motion to compel the production.  I did not, however, unconditionally agree to provide a supplemental privilege log or produce documents by March 10, 2009.  In fact, I expressly stated that I did not believe that the review and supplementation could be completed in two weeks and instead asked you for at least 30 days in which to undertake a review and supplementation, which you refused.

        Although we are doing everything we can to complete our review of the underlying documents as quickly as possible, it is my continued belief that we will not be able to complete a review and supplementation by March 10, 2009.  Therefore, I reiterate my request for additional time in which to review the documents and supplement the privilege log in an effort to eliminate or at least narrow the scope of any motion practice on this subject.  Please let me know if you would be willing to further defer the filing of any motion to compel production of these documents until March 30, 2009.

        Thank you for your attention to this matter.

                Very truly yours,

                Caroline H. Mankey
            of GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP

CHM:lde
669066

EXHIBIT 9
PAGE 264

LAW OFFICES

## GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP

10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
(310) 553-3000
FAX (310) 556-2920

DIRECT DIAL NUMBER
(310) 553-7873
EMAIL: CMANKEY@GLASERWEIL.COM

March 10, 2009

⚑ MERITAS LAW FIRMS WORLDWIDE

B. Dylan Proctor, Esq.
QUINN, EMANUEL, URQUHART,
OLIVER & HEDGES, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543

Re:     MGA v. Mattel

Dear Dylan:

This is in follow up to my letter to you dated March 4, 2009, regarding MGA's agreement to review hundreds of privileged documents identified in your meet and confer letter dated February 8, 2009, and potentially supplement its extensive privilege logs with respect to those documents. Consistent with the concern that I indicated to you during our telephonic meet and confer and in my letter to you, we have not been able to complete the review of those documents and any appropriate supplementation of MGA's privilege logs in the two week period that you agreed to extend to us. Thus, I reiterate the request I made in my March 4 letter for additional time in which to review the documents and potentially supplement the privilege log, to which I have not yet received a response. Please let me know if you would be willing to further defer the filing of any motion to compel production of these documents until at least March 30, 2009.

Thank you for your attention to this matter.

Very truly yours,

Caroline H. Mankey
of GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP.

CHM:lde
cc:     Craig Holden, Esq.
        Joel Klevens, Esq.
        Amman Khan, Esq.
        Pat Benson, Esq.

669066

EXHIBIT 9
PAGE 265

**quinn emanuel** trial lawyers } los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

WRITER'S DIRECT DIAL NO.
(213) 443-3112

WRITER'S INTERNET ADDRESS
dylanproctor@quinnemanuel.com

March 12, 2009

VIA FACSIMILE AND U.S. MAIL

Caroline Mankey, Esq.
Glaser, Weil, Fink, Jacobs & Shapiro LLP
10250 Constellation Blvd., 19th Floor
Los Angeles, CA 90067

Re:    Mattel v. MGA Entertainment, Inc., et al.

Dear Caroline:

Thank you for your letters of March 4 and 10 regarding MGA's review of its privilege logs.

Based on your representations that MGA will review the withheld documents at issue in good faith (i.e., those corresponding with each entry listed in my letter of February 8 other than those falling in the first category) and either produce the withheld documents or serve revised privilege logs that show the privileged nature of the documents, and in the hopes that we may be able to narrow our dispute before engaging in motion practice if it turns out to be necessary, Mattel is willing to further defer the filing of its motion until March 30, as requested. That involves, of course, a delay of nearly two months since we first contacted your firm about this matter on February 8. We trust that MGA will fully live up to its commitment to produce withheld documents and revised privilege logs as appropriate by that date given the delays that have occurred already.

Please let me know if you have any questions or concerns.

Very truly yours,

B. Dylan Proctor

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100

SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700

SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100

TOKYO | Akasaka Twin Tower Main Building, 6th Floor, 17-22 Akasaka 2-Chome, Minato-ku, Tokyo 107-0052, Japan | TEL 81-3-5561-1711 FAX 81-3-5561-1712

EXHIBIT 9
PAGE 212

LAW OFFICES

GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
(310) 553-3000
FAX (310) 556-2920

DIRECT DIAL NUMBER
(310) 553-7674
EMAIL: CMANKEY@GLASERWEIL.COM

April 3, 2009

MERITAS LAW FIRMS WORLDWIDE

**VIA E-MAIL**

B. Dylan Proctor, Esq.
QUINN, EMANUEL, URQUHART,
   OLIVER & HEDGES, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543

Re:     MGA v. Mattel

Dear Dylan:

Enclosed please find a redlined version of MGA's January 23, 2008, privilege log that has been revised to provide further detail about certain of the entries addressed in Jon Corey's letter to counsel for MGA dated February 8, 2009. As with the revised January 28 and January 30 logs, we have also added a column identifying in some instances the basis for Mattel's objection to the entry for reference purposes and a column reflecting which of the entries we are further reviewing for possible production or other response. We have also identified certain documents that we will be producing to you. We are still assembling and preparing for production those documents that we will agree to produce and we will continue to provide you with updated and revised versions of the privilege logs addressed in Mr. Corey's letter, all of which will be provided to you on a rolling basis.

Thank you for your attention to this matter.

Very truly yours,

Caroline H. Mankey
of GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP

Enclosures
CHM:lde
cc:     Joel Klevens, Esq.
        Amman Khan, Esq.
        Pat Benson, Esq.

669066

EXHIBIT 9
PAGE 247

LAW OFFICES

**GLASER, WEIL, FINK, JACOBS, HOWARD & SHAPIRO, LLP**

10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
(310) 553-3000
FAX (310) 556-2920

DIRECT DIAL NUMBER
(310) 556-7874
EMAIL: CMANKEY@GLASERWEIL.COM

April 9, 2009

⚖ MERITAS LAW FIRMS WORLDWIDE

**VIA E-MAIL**

B. Dylan Proctor, Esq.
QUINN, EMANUEL, URQUHART,
  OLIVER & HEDGES, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543

Re:    MGA v. Mattel

Dear Dylan:

Enclosed please find further redlined versions of MGA's January 23, 28 and 30, 2008, privilege logs that have been revised to reflect further documents that MGA agrees to produce.

Thank you for your attention to this matter.

Very truly yours,

Caroline H. Mankey
of GLASER, WEIL, FINK, JACOBS, HOWARD & SHAPIRO, LLP

Enclosures
CHM:lde
cc:    Joel Klevens, Esq.
       Amman Khan, Esq.
       Pat Benson, Esq.

669066

EXHIBIT 9
PAGE 268

LAW OFFICES

# GLASER, WEIL, FINK, JACOBS, HOWARD & SHAPIRO, LLP

10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
(310) 553-3000
FAX (310) 556-2920

DIRECT DIAL NUMBER
(310) 556-7874
EMAIL: CHANKEY@GLASERWEIL.COM

April 17, 2009

☰ MERITAS LAW FIRMS WORLDWIDE

## VIA E-MAIL

B. Dylan Proctor, Esq.
QUINN, EMANUEL, URQUHART,
  OLIVER & HEDGES, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543

Re:    MGA v. Mattel

Dear Dylan:

Attached please find a revised version of MGA's August 14, 2007, privilege log, redlined to show the additional detail added and noting which documents MGA agrees to produce and which documents require further evaluation by MGA.

Please contact me if you have questions.

Very truly yours,

Caroline H. Mankey
of GLASER, WEIL, FINK, JACOBS, HOWARD & SHAPIRO, LLP

Attachment
CHM:lde
cc:    Joel Klevens, Esq.
       Patricia H. Benson, Esq.
       Amman Khan, Esq.

674477

EXHIBIT 9
PAGE 2109

LAW OFFICES

GLASER, WEIL, FINK, JACOBS, HOWARD & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
(310) 553-3000
FAX (310) 556-2920

DIRECT DIAL NUMBER
(310) 556-7874
EMAIL: CMANKEY@GLASERWEIL.COM

May 7, 2009

Ⓜ MERITAS LAW FIRMS WORLDWIDE

**VIA E-MAIL**

B. Dylan Proctor, Esq.
QUINN, EMANUEL, URQUHART,
  OLIVER & HEDGES, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543

> Re: MGA v. Mattel

Dear Dylan:

Attached please find a revised version of MGA's September 2007 privilege log, redlined to show the additional detail added and noting which documents MGA agrees to produce and which documents require further evaluation by MGA.

Please contact me if you have questions.

Very truly yours,

Caroline H. Mankey
of GLASER, WEIL, FINK, JACOBS, HOWARD & SHAPIRO, LLP

Attachment
CHM:lde
cc:     Joel Klevens, Esq.
        Patricia H. Benson, Esq.
        Amman Khan, Esq.

674477

EXHIBIT 9
PAGE 210

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

WRITER'S DIRECT DIAL NO.
(213) 443-3112

WRITER'S INTERNET ADDRESS
dylanproctor@quinnemanuel.com

June 16, 2009

VIA FACSIMILE AND U.S. MAIL

Caroline Mankey, Esq.
Glaser, Weil, Fink, Jacobs & Shapiro LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, CA 90067

Re:    Mattel v. MGA Entertainment, Inc., et al.

Dear Caroline:

Now that the discovery stay has been lifted, I write regarding your letters regarding MGA's
privilege logs and the revised MGA privilege logs transmitted therewith.

There are several global issues which I will address initially. First, MGA's review appears to be
incomplete in several respects:

- We have not received any newly revised versions of Isaac Larian's January 15 Log.

- The newly revised version of the Revised January 23, 2008 Log, transmitted with your April
  17 letter, has only 1558 entries, while the prior revised version had a total of 2155
  entries. The additional entries appear not to have been reviewed or revised.

- The newly revised version of the Revised September Log, transmitted with your May 7
  letter, has only 1659 entries, while the prior revised version had a total of 2868 entries. The
  additional entries appear not to have been reviewed or revised.

- The newly revised version of MGA's Revised January 28, 2008 Log appears to be a revision
  of the original January 28, 2008 log rather than the "revised January 28, 2008 log" which
  MGA produced on February 8, 2008. For this reason, the entries problematic Mattel
  identified in many cases do not correspond with the entries you reviewed.

quinn emanuel urquhart oliver & hedges, llp

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100
TOKYO | Akasaka Twin Tower Main Building, 6th Floor, 17-22 Akasaka 2-Chome, Minato-ku, Tokyo 107-0052, Japan | TEL +81-3-5561-1711 FAX +81-3-5561-1712

EXHIBIT 9
PAGE 271

- The revised logs you have produced indicate that certain entries have been marked for "further review." See Rev. Aug. Log Nos. 132, 602.15, 653; Rev. Sept. Log Nos. 930.1, 1421.4, 1577.4, 1635, 1636; Rev. Jan. 23 Log Nos. 782, 784, 920, 923, 965, 966, 1023; Jan. 30 Log Nos. 30, 244, 245, 246, 247, 269, 282.

I understand MGA's review is ongoing, but it has been ongoing for quite a while. Please let me know when you expect it to be completed.

Second, MGA's revised logs indicate as to several entries that, after further review, MGA agrees the documents should be produced, either in full or in redacted (or further redacted) form. These entries include: Rev. Aug. Log Nos. 101.8, 312.1, 502.1, 502.12, 521, 529.4r, 562.3, 562.12, 563, 625, 635, 636, 637, 639, 640, 642; Rev. Sept. Log Nos. 124r, 1401.1r, 264.1r, 329.1r, 597.1r, 608.1r, 608.2r, 874.2, 932.1, 933.1; Rev. Jan. 23 Log Nos. 783, 1153, 1414, 1421; Jan. 30 Log Nos. 126, 152, 153, 154, 155, 156, 157, 158, 208.1, 211, 228, 252, 290, 291, 301. Please let me know when MGA will be producing those documents, if it has not already done so, and provide the appropriate bates-ranges so these documents can be identified.

Third, for certain entries, MGA appears to be asserting additional claims of privilege—for example, asserting for the first time that a particular document or communication is properly withheld under the work product doctrine. That is improper. MGA cannot simply "re-engineer [its] privilege logs to align [its] privilege assertions with [its] legal arguments." In re Honeywell Int'l Inc. Sec. Litig., 230 F.R.D. 293, 299 (S.D.N.Y. 2003); see also AAlpharma Inc. v. Kremers Urban Dev. Co., 2006 WL 3096026, at *6 (S.D.N.Y. 2006) (finding sanctions warranted where party "add[ed] a claim of privilege that had not been asserted initially" or by "revis[ed] the claim of privilege . . . either adding then deleting a basis, or vice-versa"). We expect such additional claims to be withdrawn. If MGA refuses to do so, please be prepared to address this issue when we next speak.

Regarding the specific entries that MGA has revised, I will address these with reference to the categories set forth in Mattel's February 8, 2008 letter.

### Handwritten Notes

Based on your revised descriptions, and assuming the accuracy thereof, we are satisfied as to the following entries (without prejudice to Mattel's right to litigate the propriety of withholding these entries at a later time, which is reserved). See Rev. Aug. Log No. 333.3; Rev. Sept. Log No. 1421.1, Rev. Jan. 23 Log Nos. 181, 234, 235, 389, 391, 402.

As to the remaining entries, many of the revised descriptions now simply state that the document or communication at issue "[c]ontains non-substantive handwritten notes." See Rev. Aug. Log No. 127, 129.1, 131, 172, 196, 259.1, 299, 307.1, 310, 343.11, 343.16, 393, 394, 431.1, 437, 447, 475.1, 507.1, 555, 558, 564, 565, 567, 587, 591, 592, 602.1, 605.1, 607.1, 614.1, 615, 629, 643, 644; Rev. Sept. Log Nos. 699.1, 708.1, 708.2, 804, 830.1, 891.1, 1063.1, 1363, 1364.1, 1446.1r, 1455, 1633.1. Other revised descriptions state that the "handwritten notes related" to the document or communication at issue, without providing any further detail as to the author or the recipient of the notes themselves. See Rev. Aug. Log Nos. 259.4, 346, 429.3, 457, 483, 508, 554, 557, 560, 570, 602.2, 602.15r, 604, 605.2, 607.2, 609, 613, 618.2, 621, 622, 623.1, 626.3, 630, 634, 638, 641.1,

2

EXHIBIT 9
PAGE 272

641.2; Rev. Sept. Log Nos. 869, 870, 877.1, 896.1, 1074.1, 1084.1, 1084.2, 1259, 1268, 1269, 1271, 1399, 1402, 1659.1.

Neither of these revisions addresses Mattel's concerns that non-privileged information is being improperly withheld. "Non-substantive" notes that are not privileged may be withheld no more than substantive, non-privileged notes. See U.S. v. Weisman, 1995 WL 244522, at *8 (S.D.N.Y. 1995) (it "is not the proper function of [the withholding party] to determine whether documents would in fact be useful to establish [the other party's] case"). Likewise, describing the handwritten notes as being "related" to the communication or document at issue provides no more information than the original descriptions. Notably, MGA still has not identified the authors or the recipients of the notes, showing they are not properly withheld. See, e.g., Baxter Healthcare Corp. v. Fresenius Med. Care, Inc., 2008 WL 5214330, at *3 (N.D. Cal. Dec. 12, 2008) (ordering documents produced from privilege log because party "failed provide sufficient identification" of communications' authors).

There are also several specific issues as to the withheld notes:

- Rev. Aug. Log No. 431.1, as revised, now indicates that the handwritten notes at issue were "from Alan C. Rose" and unidentified "others." Those other individuals should be identified in order to assess whether the notes are, in fact, privileged.

- Rev. Aug. Log Nos. 585.2 & 585.3, as revised, now indicate that these entries are photos with handwritten notes "sent to outside counsel." Despite its revisions, MGA still has not identified the specific sender or recipient. Moreover, as discussed separately in this letter, photographs transmitted to counsel generally are not themselves privileged. Accordingly, both the photographs and, at least absent an identification of the specific individuals involved, the notes should be produced.

- Rev. Aug. Log No. 614.3, as revised, now indicates that that the handwritten notes relate to a draft license agreement. However, MGA has still not identified either the author or recipient of these notes.

- Rev. Aug. Log No. 653 has not been revised in any manner, and MGA still has not identified the author of the notes at issue.

- Rev. Jan. 23 Log No. 312, as revised, indicates these are notes reflecting a conversation between an MGA attorney and a potential witness. Because this document is not an attorney-client communication, there appears to be no basis for it being withheld as such. Further, as explained previously, MGA cannot belatedly assert new claims of work product privilege in order to bolster the inadequacies of its original log.

- Rev. Jan. 23 Log No. 782, 784 and 1023 were originally included in Mattel's letter as documents from legal proceedings. As revised, your descriptions indicate that the basis of the withholding are the handwritten notes on the documents; however, your revised descriptions fail to indicate the notes' authors or recipients.

3

EXHIBIT 9
PAGE 273

- Rev. Jan. 23 Log No. 920, as revised, indicates this document is a transcription of a meeting, but does not indicate the participants at that meeting.

Finally, entries for which MGA's review appears to be incomplete, as previously identified in Mattel's February 8th letter, include the following:

- Rev. Sept. Log Nos. 1666, 1672.1, 1672.2, 1672.3, 1683.1, 1691.1, 1692.1, 1822.1, 1829.2, 1839.1, 1839.7, 1844.1, 2023, 2068, 2076.1, 2150.1, 2174, 2182.1, 2191, 2194, 2195, 2196, 2199, 2200, 2201, 2202, 2319, 2325, 2326.1, 2327, 2347.1, 2369.1, 2369.5, 2377.1r, 2405, 2407, 2408, 2409, 2410, 2411, 2412, 2413.1, 2414, 2417, 2422.1, 2422.2, 2423, 2437.2, 2449, 2457, 2452.1, 2462.2, 2464, 2449, 2457, 2452.1, 2462.2, 2464, 2466, 2470, 2530.1, 2607, 2614.1, 2630.1, 2677, 2814, 2822, 2829.1, 2831.2, 2853, 2854.1, 2855.1, 2856.1r, 2856.3r, 2856.4r, 2856.5r, 2857.2r, 2857.3r, 2857.4r, 2857.5r.

- Rev. Jan. 23 Log Nos. 2079, 2127, 2150.

- Rev. Jan. 28 Log Nos. 128, 170.

*Fax Cover Sheets*

Based on your revised descriptions, and assuming the accuracy thereof, we are satisfied as to the following entries (without prejudice to Mattel's right to litigate the propriety of withholding these entries at a later time, which is reserved). See Rev. Aug. Log No. 333.3; Rev. Sept. Log Nos. 1021.3, 1021.4, 1072.1, 1072.4.

However, despite the revised descriptions, MGA still fails to provide any basis for the withholding of numerous other fax cover sheets. In particular, a number of the revised descriptions now merely state that the fax cover sheets contain "confidential" information. See Rev. Aug. Log Nos. 101.1, 101.2, 129.1, 502.11, 526.1, 562.1, 573.1, 574.1, 578.1, 583.1, 584, 585.1, 586.1; Rev. Sept. Log Nos. 255.7, 740.1, 891.1, 896.1, 1000.4, 1013.1, 1013.8, 1036.4, 1058.1, 1058.4, 1058.5, 1063.1, 1081.2, 1107.1, 1107.4, 1134.1, 1134.4, 1421.1; Rev. Jan. 23 Log Nos. 923, 924, 965, 966. Stating that the fax cover sheets contains "confidential" information does not mean that they contain information protected by the attorney-client privilege. See, e.g., Hynix Semiconductor Inc. v. Rambus Inc., 2008 WL 350641, at *4 (N.D. Cal. 2008) (holding that "[w]hile the [document] was obviously confidential, it is not privileged").

Entries for which MGA's review appears to be incomplete, as previously identified in Mattel's February 8th letter, include the following: Rev. Sept. Log Nos. 1661.1, 1912.1, 1981.1, 2071.1, 2369.5, 2803.1, 2816.3, 2818.4, 1819.3, 2821.2, 2831.1, 2832.3, 2836.4, 2839.5, 2839.6.

*Other Non-Privileged Documents*

*Photographs & Drawings*

Your log indicates that MGA is continuing to withhold various drawings of logos and the like which do not appear to be privileged. Rev. Sept. Log Nos. 217.2, 1193.4, 1193.5, 1193.6, 1193.7,

4

EXHIBIT 9
PAGE 294

1193.8, 1193.9, 1193.0, 11931.11. The revised descriptions also indicate that MGA continues to withhold as privileged various photographs that were taken by a "private investigator conducting surveillance at the direction of counsel," "sent to outside counsel" or attached to other communications claimed as privileged. Rev. Aug. Log Nos. 585.2, 585.3.; Rev. Jan. 23 Log Nos. 6, 7, 196, 197, 198, 1348, 1421. The revised descriptions provide no basis to justify such continued withholdings. See Clavo v. Zarrabian, 2003 WL 24272641, at *1 (C.D. Cal. 2003) ("The mere transmission of the photographs to counsel does not by itself justify privilege protection."). Please produce such materials or be prepared to explain why MGA believes these documents are properly withheld.

Entries for which MGA's review appears to be incomplete, as previously identified in Mattel's February 8th letter, include the following:

* Rev. Sept. Log Nos. 1798.3, 1801.3, 1812.3, 1815.2, 2630.1, 2630.2, 2630.3, 2630.4, 2630.5, 2630.6, 2630.7, 2630.8, 2630.9, 2630.10, 2630.11, 2835.3, 2835.4, 2839.3, 2839.4.

* Rev. Jan. 23 Log Nos. 1618, 1874, 1875, 1881, 1882, 1884, 1885, 2100, 2101, 2102.

* Rev. Jan. 28 Log Nos. 289, 290, 325, 326, 327.

*Public Records*

With regard the press releases and other public records, your revised logs indicate that you have agreed to produce the vast majority of the entries raised by Mattel. However, you continue to maintain that MGA may assert a claim of privilege over "webpages" without any indication of how such an assertion is proper. Rev. Sept. Log: 1047.6, 1047.9, 1047.10, 1047.11. Please explain this continued withholding.

*Documents from Legal Proceedings*

Based on your revised descriptions, and assuming the accuracy thereof, we are satisfied as to the following entries (without prejudice to Mattel's right to litigate the propriety of withholding these entries at a later time, which is reserved). Rev. Jan. 23 Log Nos. 102, 297.

Entries for which MGA's review appears to be incomplete, as previously identified in Mattel's February 8th letter, include the following: Rev. Jan. 23 Log Nos. 1715, 1718, 1849, 1939, 2123, 2126, 2128, 2129, 2130, 2131, 2132, 2133, 2134, 2135, 2136, 2137.

*Legal Fees*

Based on your revised descriptions, and assuming the accuracy thereof, we are satisfied as to the following entry (without prejudice to Mattel's right to litigate the propriety of withholding this entry at a later time, which is reserved). See Rev. Aug. Log No. 295.2.

However, as to the remaining entries, MGA's revised descriptions provide no further support for withholding than the original log descriptions.

5

EXHIBIT 9
PAGE 215

- Rev. Aug. Log No. 241.2, as revised, indicates this document is a "schedule of rates" which has been withheld under the attorney-client privilege. Such information is not privileged.

- Jan. 30 Log Nos. 269 and 282 appear to be non-privileged communications about legal invoices and payment. They should be produced.

Further, according to the revised descriptions many entries appear to be "check stub[s]," "wire transfer record[s]," "invoice[s]," "purchase order[s]" and other "accounting documentation" which were "collected and analyzed" by counsel for the Larian v. Larian litigation.

- Rev. Jan. 23 Log Nos. 335, 336, 337, 338, 339, 341, 342, 343, 344, 345, 346, 347, 348, 349, 350, 351, 352, 353, 354, 355, 356, 357, 358, 360, 361, 362, 363, 364, 365, 366, 367, 368, 369, 1066, 1067, 1068, 1069, 1070, 1071, 1072, 1073, 1074, 1075, 1076, 1077, 1078.

These documents are currently being withheld as attorney-work product. Please confirm whether the underlying documents themselves—i.e., the checks or wire transfer records—have otherwise been produced in this matter. If they have not, and absent some further showing, they should be produced; in general, documents are not shielded from disclosure merely because they were later collected by an attorney.

Finally, entries for which MGA's review appears to be incomplete, as previously identified in Mattel's February 8th letter, include the following:

- Rev. Sept. Log Nos. 1821.3, 1822.2.

- Rev. Jan. 28 Log Nos. 167, 215.

*Other Vaguely Described Entries*

Based on your revised descriptions, and assuming the accuracy thereof, we are satisfied as to the following entry (without prejudice to Mattel's right to litigate the propriety of withholding this entry at a later time, which is reserved). See Rev. Jan. 30 Log No. 208.

However, MGA's revised descriptions for many of these entries are further examples of impermissible re-engineering of MGA's logs. See Rev. Jan. 23 Log: 578, 579, 580, 581, 600, 601, 602, 603, 604, 1606, 1939. If these "spreadsheets" and the like were not properly withheld as attorney-client communications, MGA cannot now simply claim they are work product. See e.g., AAIpharma, 2006 WL 3096026, at *6.

Finally, entries for which MGA's review appears to be incomplete, as previously identified in Mattel's February 8th letter, include the following:

- Rev. Jan. 23 Log Nos. 1606, 1939.

- Rev. Jan. 28 Log Nos. 96, 117, 130, 140, 190, 198, 211, 237, 253, 258.

6

EXHIBIT 9
PAGE 270

Please let me know when you are available to discuss the specific concerns I have raised in this letter and when you plan to complete your review of the remaining logs.

I look forward to promptly hearing from you.

Very truly yours,

B. Dylan Proctor / BDK

B. Dylan Proctor

07975/2888484.5

7

EXHIBIT 9
PAGE 271

LAW OFFICES

## GLASER, WEIL, FINK, JACOBS, HOWARD & SHAPIRO, LLP

10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
(310) 553-3000
FAX (310) 556-2920

DIRECT DIAL NUMBER
(310) 556-7874
EMAIL: CMANKEY@GLASERWEIL.COM

June 22, 2009

⚏ MERITAS LAW FIRMS WORLDWIDE

### VIA E-MAIL

B, Dylan Proctor, Esq.
QUINN, EMANUEL, URQUHART,
OLIVER & HEDGES, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543

Re:     Bryant v. Mattel, Inc. and consolidated actions

Dear Dylan:

This responds in part to your letter dated June 16, 2009, regarding MGA's revised privilege logs. Upon receiving your letter, I checked the versions of the revised January 23, 2008 and September 2007 privilege logs and determined that, previously unbeknownst to us, both copies were missing numerous pages. Enclosed please find full copies of both of those revised logs. I apologize for any inconvenience.

Now that the stay has been lifted, we will resume our review of the documents that we indicated would be subject to our further review. In the meantime, we will produce to you under separate cover copies of the documents that MGA has already agreed to produce. I understand that it will take several days to isolate them and prepare them for production in the agreed-upon format.

Please let me know if you have any questions.

Very truly yours,

Caroline H. Mankey
of GLASER, WEIL, FINK, JACOBS, HOWARD & SHAPIRO, LLP

CHM:lde
Enclosures
cc:     Joel N. Klevens, Esq.
Jason Russell, Esq.
Patricia Benson, Esq.

680241

EXHIBIT 9
PAGE 276

**EXHIBIT 10**



AUG 2 5 2009

**ORRICK**

ORRICK, HERRINGTON & SUTCLIFFE LLP
4 PARK PLAZA
SUITE 1600
IRVINE, CALIFORNIA 92614-2558

tel +1-949-567-6700
fax 949-567-6710

WWW.ORRICK.COM

August 24, 2009

Cynthia A. Lock
(949) 852-7753
clock@orrick.com

*BY U.S. MAIL AND E-MAIL DYLANPROCTOR@QUINNEMANUEL.COM*

B. Dylan Proctor
Quinn Emanuel
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017

Re:     MGA Entertainment, Inc. v. Mattel

Dear Dylan:

This letter responds to your letter dated July 17, 2009.

**I. Documents submitted for *in camera* review**: Several of the documents listed in your July 17 letter were submitted to Discovery Master O'Brien as part of the *in camera* review on August 4, 2009. These documents include:

- Revised August Log Entry No. 653 (from your Appendix A);

- Revised January 23 Log Entry Nos. 578, 579, 580, 581, 600, 601, 602, 603 and 604 (from your Appendix A) and Entry Nos. 1606 and 2079 (from your Appendix B);

- Revised January 28 Log Entry No. 140 (from your Appendix A);

- Revised January 28 Log Entry No. 128 (attached to Entry No. 127) (from your Appendix A);

- Revised January 30 Log Entry No. 30 (from your Appendix A); and

- Revised January 30 Log Entry No. 244-247 (attached to Entry No. 243) (from your Appendix B).

For all of these documents, MGA maintained its claim of privilege or work product, either in whole or in part (redacted). Because MGA has submitted these documents to Discovery Master O'Brien, we believe it is appropriate for us to wait for his decision on MGA's position as to the above documents.

EXHIBIT 10
PAGE 219


ORRICK

B. Dylan Proctor
August 24, 2009
Page 2

## II. Other Issues Raised By Your Letter

### A. Revised August Log

**Revised August Log Entry No. 127:** The handwritten notes by Beth Cahill, MGA's Director of Legal Affairs, on the substance of the legal advice requested from outside counsel Carol Witschel and Marcus Collins (White & Case) regarding trademark registrations are privileged and will not be produced.

**Revised August Log Entry No. 129:** This document will be produced in redacted form. The redactions on page 1 reflect the substance of the legal advice communicated from MGA's outside counsel in Brazil to Beth Cahill. The remainder of page 1 and the attachments to this document will be produced.

**Revised August Log Entry No. 131:** The handwritten notes by Bryan Armstrong, MGA's in-house paralegal, memorialize the substance of the legal advice communicated from MGA's outside counsel in Chile regarding trademark registrations. The notes are privileged and will not be produced.

**Revised August Log Entry No. 132:** This document will be produced in redacted form. The redacted email chain among Beth Cahill, Isaac Larian, Sandrine de Raspide, Lois Ungar, MGA's in-house counsel Julie Mote and Susanna Kuemmerle and MGA's agents in South America are attorney-client privileged and work product protected communications regarding trademark registration and opposition issues. Ms. Cahill's handwritten note on the first page of this document will be produced.

**Revised August Log Entry No. 172:** This document will be produced in redacted form. The email chain among MGA and its outside counsel is privileged as it communicates and discusses legal advice between MGA and its outside counsel in Hong Kong and the United States related to obtaining intellectual property protection in Hong Kong and regarding a potential infringer in Hong Kong. The handwritten note on the first page will be produced.

**Revised August Log Entry No. 196:** On this document, Beth Cahill made several handwritten notes reflecting the substance of the underlying legal advice communicated and discussed among MGA in-house counsel Mitchell Kamarck, Ms. Cahill and Eva Chuck from MGA's outside counsel in Hong Kong regarding trademark registrations in China. The underlying document and Ms. Cahill's notes are privileged and will not be produced.

EXHIBIT 10
PAGE 280



ORRICK

B. Dylan Proctor
August 24, 2009
Page 3

**Revised August Log Entry No. 241:** This document will be produced in redacted form. This email chain is protected by the attorney-client privilege as it contains MGA's request for legal advice and communication of legal advice from MGA's outside counsel in France regarding obtaining intellectual property protection in France. The attachments to this email will be produced.

**Revised August Log Entry No. 259:** This document will be produced in redacted form. The email chain between Beth Cahill and MGA's outside counsel at White & Case are attorney-client privileged communications relating to trademark registrations in Hong Kong. The handwritten notes on pages 2 and 4 are Ms. Cahill's and reflect the substance of the legal advice communicated by White & Case attorneys. As such, these notes are privileged and will not be produced. The remainder of Ms. Cahill's handwritten note on page 1 will be produced.

**Revised August Log Entry No. 299:** This email from Sandrine de Raspide to Beth Cahill requests legal advice and action by attorneys regarding a potential infringer in Germany. Ms. Cahill's handwritten notes restate Ms. de Raspide's request for legal advice and are privileged. This document and Ms. Cahill's handwritten notes will not be produced.

**Revised August Log Entry No. 307:** This document is an attorney-client privileged and work product protected communication between MGA's outside counsel in Japan and Hong Kong regarding trademark matters in Japan. The handwritten notes on page 1 are by MGA's outside counsel in Japan and are an extension of the legal advice communicated within the letter written by the same attorney to MGA's outside counsel in Hong Kong. This document and the handwritten notes are privileged and work product protected will not be produced.

**Revised August Log Entry No. 310:** The email chain between Beth Cahill and MGA's outside counsel in Hong Kong regarding MGA's trademark matters in Japan is protected by the attorney-client privilege and work product doctrine. Ms. Cahill's handwritten notes reflect the substance of the request for legal advice and request for action by the attorney and are also privileged and protected by the work product doctrine. As such, the email and Ms. Cahill's notes will not be produced.

**Revised August Log Entry No. 343:** This document will be produced in redacted form. This document is an attorney-client privileged communication between MGA's outside counsel in Japan and MGA's outside counsel in Hong Kong regarding MGA's trademark matters in Japan. The handwritten notation on page 11 will be produced. The handwritten notation on page 16 is an attorney-client privileged communication by MGA's outside counsel in Japan further communicating legal advice related to the letter that he had written to MGA's outside counsel in Hong Kong and will not be produced.

EXHIBIT 10
PAGE 281



ORRICK

B. Dylan Proctor
August 24, 2009
Page 4

**Revised August Log Entry No. 346:** This email chain between MGA's in-house counsel Kelly D'Angelo and MGA's outside counsel in Mexico is an attorney-client privileged communication requesting legal advice and legal action relating to trademark matters. The handwritten notes by Ms. D'Angelo reflect additional information regarding the legal advice communicated by MGA's outside counsel and are also privileged communications. This document and the handwritten notes will not be produced.

**Revised August Log Entry No. 393 and 394 (duplicates):** These documents will be produced in redacted form. The underlying email is an attorney-client privileged communication between MGA's in-house paralegal Bryan Armstrong and MGA's outside counsel in Singapore. The redacted portion of Mr. Armstrong's handwritten notes reflect the substance of the legal advice requested in the email and are also privileged.

**Revised August Log Entry No. 429:** This document will be produced in redacted form. Page 2 will be produced. Pages 1 and 3-7 are attorney-client privileged communications between MGA's in-house counsel Kelly D'Angelo and Mitchell Kamarck and MGA's outside counsel in France regarding trademark registration matters in Europe. The handwritten notes on page 3 are those of MGA's outside counsel in France. The redacted portions of those notes are additional communications of privileged information by MGA's outside counsel in France to Ms. D'Angelo and are subject to the attorney-client privilege. The remainder of the handwritten notes on page 3 by MGA's outside counsel in France will be produced.

**Revised August Log Entry No. 431:** This document will be produced in redacted form. This communication among MGA's outside counsel in England and Sweden and Bryan Armstrong regarding trademark registration issues in Sweden is protected by the attorney-client privilege and will be redacted. The handwritten notation by MGA's outside counsel in Sweden on page 2 will be produced, as will the last page of the document.

**Revised August Log Entry No. 437:** This document will not be produced. This document is protected by the work product doctrine and attorney-client privilege. The handwritten notations by Beth Cahill and Bryan Armstrong reflect the substance of the underlying privileged document and also contain legal analysis of the document.

**Revised August Log Entry No. 447:** This document will be produced in redacted form. The underlying document is an attorney-client privileged email chain between Daphne Gronich, MGA's in-house counsel, and MGA's outside counsel in the United Arab Emirates requesting legal advice related to possible counterfeit products. The handwritten notation will be produced as it does not appear to be subject to the attorney-client privilege.

EXHIBIT 10
PAGE 282



# ORRICK

B. Dylan Proctor
August 24, 2009
Page 5

**Revised August Log Entry No. 457:** This email from Paula Treantafelles to Beth Cahill and Ms. Cahill's handwritten notes are attorney-client privileged communications and will not be produced. Ms. Treatafelles' request for legal advice and Ms. Cahill's notes reflecting her analysis of the legal advice requested and her follow up communication with MGA's outside counsel at White & Case relate to intellectual property rights.

**Revised August Log Entry No. 475:** This email and the attachments to the email are attorney-client privileged and work product protected communications between MGA's outside counsel in India and Bryan Armstrong rendering legal advice and strategy against a potential infringer. Mr. Armstrong's handwritten notes summarize the legal advice communicated in the underlying attorney-client privileged and work product protected communications. This document will not be produced.

**Revised August Log Entry No. 483:** This document is an attorney-client privileged and work product protected communication reflecting Bryan Armstrong's comments, changes and handwritten notes related to changes to a draft document. This draft document will not be produced as it reflects Mr. Armstrong's legal analysis to be communicated to outside counsel.

**Revised August Log Entry No. 507:** This letter from MGA's outside counsel Alan Rose to Beth Cahill is an attorney-client privileged communication related to obtaining patent protection. Ms. Cahill's handwritten notes on page 1 follows up on the legal advice communicated by Mr. Rose. As such, the document and Ms. Cahill's handwritten notes will not be produced.

**Revised August Log Entry No. 508:** This email from the files of MGA's outside counsel Alan Rose is a request for legal advice and action from Beth Cahill related to a possible trademark infringement matter, as well as a request for legal advice and action related to patent matters. This document and Mr. Rose's handwritten notations reflecting the legal advice sought and action taken by him to provide legal advice to Ms. Cahill are subject to the attorney-client privilege and work product doctrine and will not be produced.

**Revised August Log Entry No. 526:** This document will not be produced. This fax transmittal sheet from Nana Ashong to MGA's outside counsel Lucy Arant communicates information to Ms. Arant for the purpose of requesting legal advice regarding intellectual property matters. The attachments to the fax transmittal forms the basis for the request for legal advice by Ms. Ashong and is also privileged as revealing the attachments would reveal the legal advice sought.

**Revised August Log Entry No. 554:** This document will be produced in redacted form. The underlying email chain among Isaac Larian, Beth Cahill, Victoria O'Connor and MGA's outside counsel David Rosenbaum are attorney-client privileged communications related to licensing issues and will be redacted. Ms. Cahill's handwritten note reflecting legal action to be taken by Mr.

EXHIBIT 10
PAGE 223



ORRICK

B. Dylan Proctor
August 24, 2009
Page 6

Rosenbaum in light of the legal advice communicated and discussed is privileged and will be redacted. The remainder of Ms. Cahill's note will be produced.

**Revised August Log Entry No. 555:** This document will not be produced. The entire email chain among Victoria O'Connor, Beth Cahill and MGA's outside counsel David Rosenbaum is an attorney-client privileged communication requesting legal advice from Mr. Rosenbaum regarding licensing issues. Ms. Cahill's handwritten notation as to the substance of the information provided by Ms. O'Connor for Mr. Rosenbaum to provide legal advice is also subject to the attorney-client privilege.

**Revised August Log Entry No. 557:** This document will not be produced. The entire email chain among Victoria O'Connor, Beth Cahill and MGA's outside counsel David Rosenbaum is an attorney-client privileged communication requesting legal advice from Mr. Rosenbaum regarding licensing issues. Ms. Cahill's handwritten notes on the legal advice that she requested from Mr. Rosenbaum and additional legal issues for Mr. Rosenbaum to respond to are also privileged.

**Revised August Log Entry No. 558 and 560:** These documents will be produced in redacted form. These attorney-client privileged email chains among Isaac Larian, Beth Cahill, Victoria O'Connor and MGA's outside counsel David Rosenbaum regarding licensing issues request, communicate and discuss legal advice. Ms. Cahill's handwritten notes memorializing the substance of the legal advice are privileged and will be redacted. The remainder of Ms. Cahill's handwritten notes on page 1 will be produced.

**Revised August Log Entry No. 564, 565 and 567:** These documents will be produced in redacted form. This email chain among Beth Cahill, Victoria O'Connor, Isaac Larian and MGA's outside counsel David Rosenbaum are protected by the attorney-client privilege as it reflects a request for, communication of and discussion of legal advice. Ms. Cahill's handwritten notes on the first page of each of these three documents will be produced.

**Revised August Log Entry No. 570:** This memorandum from MGA's in-house counsel David Oakes to MGA's in-house counsel Donna Cunningham, cc: MGA's in-house counsel Mitchell Kamarck, communicates Mr. Oakes' legal analysis of a legal dispute between MGA and a licensee. The last page of the memorandum includes an additional handwritten notation regarding the substance of Mr. Oakes' legal analysis in the memorandum. This document will not be produced.

**Revised August Log Entry No. 573, 574 and 578 (duplicates):** MGA will produce these documents.

**Revised August Log Entry No. 583:** MGA will produce this document.

EXHIBIT 10
PAGE 264



**O R R I C K**

B. Dylan Proctor
August 24, 2009
Page 7

**Revised August Log Entry No. 584:** This document will not be produced as it is protected by the
attorney-client privilege and work product doctrine. This fax cover sheet from MGA's in-house
counsel David Oakes to MGA's outside counsel Larry McFarland provides information to Mr.
McFarland for the purpose of obtaining legal advice on the legal dispute between MGA and a
licensee.

**Revised August Log Entry No. 585:** This document will not be produced. This multi-page
document from MGA's in-house counsel David Oakes to MGA's outside counsel Larry McFarland
requests legal advice on a legal dispute between MGA and a licensee. Mr. Oakes specifically
requests Mr. McFarland's legal advice as to photographs and information communicated in the
handwritten notes on the last two pages. Because producing the photographs and handwritten notes
would reveal the substance of the legal advice sought, they are properly withheld.

**Revised August Log Entry No. 586:** MGA will produce this document.

**Revised August Log Entry No. 587:** This document will be produced in redacted form. The
content of this memorandum from MGA's in-house counsel David Oakes to MGA's in-house
counsel Donna Cunningham, cc: MGA's in-house counsel Stacy Lifton, relates to the legal dispute
between MGA and a licensee that is discussed in Entry Nos. 570 and 585. The handwritten
notation will be produced as it is not privileged.

**Revised August Log Entry No. 591 and 592:** These documents will be produced in redacted
form. The underlying documents are attorney-client privileged and work product protected
communications from Beth Cahill to Isaac Larian regarding Ms. Cahill's legal advice and analysis of
the legal dispute between MGA and a licensee that is discussed in Entry Nos. 570, 585 and 587. Ms.
Cahill's handwritten notations on both documents will be produced.

**Revised August Log Entry No. 602:** The first and last pages of this document from Beth Cahill's
files will be produced in redacted form. Ms. Cahill's handwritten note on page 1 will be produced.
On page 1, the emails between Ms. Cahill and MGA's outside counsel David Rosenbaum will be
redacted as they reflect Ms. Cahill's request for legal advice and Mr. Rosenbaum's communication of
legal advice regarding a licensing issue. Ms. Cahill's handwritten notes on page 1 will likewise be
redacted as they memorialize the legal advice communicated by Mr. Rosenbaum.

With regard to the last page of the document, it is not clear whether or not this document was
previously produced in redacted form. Therefore, MGA will produce the communication between
MGA's in-house counsel David Oakes and a third party. Mr. Oakes' internal communication with
MGA employee Alina Nirshberg requesting information necessary to perform a legal analysis and
Ms. Nirshberg's response to Mr. Oakes' inquiry will be redacted as an attorney-client privileged
communication.

EXHIBIT 10
PAGE 285



# ORRICK

B. Dylan Proctor
August 24, 2009
Page 8

**Revised August Log Entry No. 604:** This document will be produced in redacted form. This email from Beth Cahill to Isaac Larian, cc: Victoria O'Connor, communicates legal advice received from MGA's outside counsel David Rosenbaum regarding a legal dispute with a licensee and is protected by the attorney-client privilege and work product doctrine. Ms. Cahill's handwritten notes relating to the legal advice communicated will be redacted. The remainder of the handwritten notes will be produced.

**Revised August Log Entry No. 605 and 607:** The first page of these two documents will be produced in redacted form. The email communications between Beth Cahill and MGA's outside counsel David Rosenbaum will not be produced as they are attorney-client privileged and work product protected communications regarding resolution of a legal dispute between MGA and a licensee. The handwritten notations on the first page of each document will be produced.

The attachments to each of these documents reflect Mr. Rosenbaum's revisions and comments to a draft document regarding the legal dispute. On page 4 of Entry No. 605 and on page 5 of Entry No. 607, Ms. Cahill made handwritten notations revising Mr. Rosenbaum's draft document. These notes are privileged and will not be produced.

**Revised August Log Entry No. 609:** This document will be produced in redacted form. This attorney-client privileged and work product protected email chain reflects legal advice and legal analysis among MGA's outside counsel David Rosenbaum, Beth Cahill, Isaac Larian, Victoria O'Connor and Abe Mirza regarding a proposed license agreement to resolve a legal dispute between MGA and a licensee. Additionally, Ms. Cahill's handwritten notes reflecting the substance of Mr. Rosenbaum's legal advice are privileged. The remainder of the handwritten notation on page 1 will be produced.

**Revised August Log Entry No. 613:** This email from Beth Cahill to MGA's outside counsel David Rosenbaum is protected by the attorney-client privilege as it communicates information to Mr. Rosenbaum for the purpose of obtaining legal advice regarding licensing issues. Ms. Cahill's handwritten notation on this email reflects a further communication with Mr. Rosenbaum regarding additional information provided for the purpose of obtaining legal advice.

**Revised August Log Entry No. 614:** This document will be produced in redacted form. The handwritten note on the first page will be produced. The email communications among Isaac Larian, Beth Cahill, Victoria O'Connor and MGA's outside counsel David Rosenbaum are protected by the attorney-client privilege and will not be produced as they request, communicate and comment on legal advice from Mr. Rosenbaum regarding licensing issues. Additionally, Ms. Cahill's handwritten notes on the last page are privileged as they reflect the substance of the legal advice communicated and discussed in the emails.

EXHIBIT 10
PAGE 286



**ORRICK**

B. Dylan Proctor
August 24, 2009
Page 9

**Revised August Log Entry No. 615:** This document will be produced in redacted form. The handwritten notes will be produced. The underlying email from MGA's outside counsel David Rosenbaum to Beth Cahill, cc: Isaac Larian and Victoria O'Connor, communicates legal advice related to licensing issues and will be redacted.

**Revised August Log Entry No. 618:** This document from Beth Cahill's files will be produced in redacted form. The redaction on the first page discusses legal advice communicated by Beth Cahill to Victoria O'Connor regarding a license agreement. The email on the second page from Ms. Cahill to Ms. O'Connor communicates legal advice related to the license agreement. The handwritten notes on the second page will be produced.

**Revised August Log Entry No. 621:** This document will be produced in unredacted form.

**Revised August Log Entry No. 622 and 623:** These documents will be produced in redacted form. These draft documents include handwritten notations by Beth Cahill providing legal analysis of proposed revisions to the draft documents. Ms. Cahill's notes will be redacted as they are protected by the attorney-client privilege. The remainder of the documents will be produced.

**Revised August Log No. 626:** This document will be produced in redacted form. The first two pages of this document will be produced. The last page of the document includes Beth Cahill's handwritten notes reflecting legal advice to be communicated to Isaac Larian regarding the issues raised in the underlying email. Those handwritten notes will be redacted. Ms. Cahill's handwritten note on the last page will be produced.

**Revised August Log No. 629:** This document will be produced in redacted form. The emails between Isaac Larian and the third party will be produced. The email from Beth Cahill to Isaac Larian will be redacted as it communicates to Mr. Larian legal advice from White & Case regarding the issues raised in the underlying emails. The remainder of the document will be produced.

**Revised August Log Entry No. 630:** This email from MGA's outside counsel Carol Witschel to Isaac Larian and Beth Cahill will not be produced as it is protected by the attorney-client privilege and work product doctrine relating to a dispute between MGA and a licensee. Ms. Cahill's handwritten note reflects information needed from Mr. Larian for the purpose of obtaining legal advice from White & Case and is also privileged.

**Revised August Log Entry No. 634:** This document will be produced in unredacted form.

**Revised August Log Entry No. 638:** MGA will produce this document.

**Revised August Log Entry No. 641:** MGA will produce this document.

EXHIBIT 10
PAGE 287



**ORRICK**

B. Dylan Proctor
August 24, 2009
Page 10

**Revised August Log Entry No. 643:** This document will be produced in redacted form. The email from Victoria O'Connor to Beth Cahill provides information to Ms. Cahill for the purpose of obtaining legal advice on a licensing issue and will be redacted. The email between Ms. O'Connor and the third party will be produced.

**Revised August Log Entry No. 644:** This document will be produced in redacted form. The emails between Victoria O'Connor and Beth Cahill will be redacted as they reflect a request for legal advice from Ms. O'Connor and Ms. Cahill's response regarding licensing issues. The email between Ms. O'Connor and the third party will be produced.

## B. Revised September Log

**Revised September Log Entry No. 217:** This document will not be produced. This draft document from MGA's agent to MGA's outside counsel at White & Case is protected by the attorney-client privilege as it was prepared for the purpose of requesting and communicating legal advice.

**Revised September Log Entry No. 255:** This document will be produced in redacted form. The fax cover sheet on the last page will be produced. This remainder of the document reflects requests for legal advice, communication of legal advice and discussion of legal advice regarding trademark registration issues among MGA's in-house counsel Stacy Lifton and MGA's outside counsel in England and is protected by the attorney-client privilege.

**Revised September Log Entry No. 699:** The first page of this document will be produced in redacted form. Mr. Armstrong's handwritten notes are, in part, also protected by the attorney-client privilege as they reflect the substance of legal advice sought in the email with MGA's outside counsel. The remainder of Mr. Armstrong's handwritten notes will be produced. Page 2 will be produced.

The remainder of this document is protected by the attorney-client privilege as it includes an attorney-client privileged communication from Alexander Cizek, another attorney at DLA-Austria, to Mr. Armstrong regarding trademark registration issues in Austria.

**Revised September Log Entry No. 708:** This document will not be produced. The underlying email from Bryan Armstrong to MGA's outside counsel in Australia requests that the attorney take legal action regarding trademark registration issues in Australia. Mr. Armstrong's handwritten notes reflect the substance of the legal action sought and will not be produced.

**Revised September Log Entry No. 804:** This document will be produced in redacted form. The underlying email is an attorney-client privileged email from Bryan Armstrong to MGA's outside

EXHIBIT 10
PAGE 288



ORRICK

B. Dylan Proctor
August 24, 2009
Page 11

counsel in Canada requesting legal advice regarding trademark issues in Canada. Mr. Armstrong's handwritten notes reflect the substance of the legal advice sought and are also privileged.

**Revised September Log Entry No. 830:** This email chain is protected by the attorney-client privilege and work product doctrine and will not be produced. The emails and attachment are attorney-client privileged and work product communications between MGA's outside counsel in Canada and MGA's outside counsel Larry McFarland relating to trademark issues in Canada and potential trademark litigation. Mr. Armstrong's handwritten notation on page 1 will be produced.

**Revised September Log Entry No. 869:** This email chain is protected by the attorney-client privilege and work product doctrine as they are emails communicating and discussing legal advice among MGA's outside counsel in Brazil, Isaac Larian, Beth Cahill, Imelda David and Susanna Kuemmerle regarding intellectual property and infringement issues in Brazil. The redacted portion of the handwritten notes on page 1 are Ms. Cahill's notes memorializing the substance of the legal advice communicated by MGA's outside counsel in Brazil. The remainder of Ms. Cahill's note on page 1 will be produced.

**Revised September Log Entry No. 870:** This email chain is protected by the attorney-client privilege and work product doctrine as they are emails communicating and discussing legal advice among MGA's outside counsel in Brazil, Isaac Larian and Beth Cahill regarding intellectual property and infringement issues in Brazil. Ms. Cahill's handwritten notes on page 1 memorialize the substance of the legal advice communicated by MGA's outside counsel in Brazil and are likewise protected by the attorney-client privilege.

**Revised September Log Entry No. 877:** This email chain is protected by the attorney-client privilege as it they are emails communicating and discussing legal advice among MGA's outside counsel in Brazil and Beth Cahill regarding intellectual property issues in Brazil. Ms. Cahill's handwritten notes on page 1 reflect and comment on the substance of the legal advice communicated by MGA's outside counsel in Brazil and are protected by the attorney-client privilege. The attachments to the document will be produced.

**Revised September Log Entry No. 891:** This document will be produced in redacted form. The handwritten note on the fax cover sheet will be produced. The communication on the fax cover sheet from MGA's outside counsel in Brazil to Beth Cahill is protected by the attorney-client privilege as it communicates information gathered for the purpose of obtaining legal advice from Brazilian counsel. The attachments to the fax cover sheet are also privileged as they were provided to counsel for the purpose of requesting legal advice. Revealing the attachments would necessarily reveal the substance of the legal advice sought and they will not be produced.

EXHIBIT 10
PAGE 289



**ORRICK**

B. Dylan Proctor
August 24, 2009
Page 12

**Revised September Log Entry No. 896:** This document will be produced in redacted form. The communication on the fax cover sheet from MGA's outside counsel in Brazil to Beth Cahill is protected by the attorney-client privilege. Ms. Cahill's handwritten notes disclose the substance of a telephone call with MGA's outside counsel in Brazil and are protected by the attorney-client privilege. The attachment to the fax cover sheet will be produced.

**Revised September Log Entry No. 930:** This document will be produced in redacted form. The email chain on the second page of this document is protected by the attorney-client privilege as it reflects attorney-client privileged communications between Beth Cahill and MGA's outside counsel in Chile requesting legal advice on trademark matters in Chile. The email chain on the first page of this document and Ms. Cahill's handwritten note will be produced.

**Revised September Log Entry No. 1000, 1107 and 1134 (duplicates):** This document will be produced in redacted form. The first page of each of these documents will be produced. The documents attached to the fax cover sheets are protected by the attorney-client privilege as they are communications between MGA's outside counsel at White & Case and MGA's outside counsel in China requesting legal advice regarding trademark matters in China.

**Revised September Log Entry No. 1013:** This document will be produced in redacted form. The fax cover sheets on the first and last page will be redacted to remove the request for legal advice and legal action by MGA's outside counsel at White & Case-NY to White & Case-Hong Kong related to trademark registration matters in China. The remainder of the document will be produced.

**Revised September Log Entry No. 1036:** This document will be produced in redacted form. Pages 1, 4 and 6 communicate legal advice from MGA's outside counsel at White & Case-Hong Kong to Beth Cahill regarding trademark registrations in China and are protected by the attorney-client privilege. The remainder of the document will be produced.

**Revised September Log Entry No. 1047:** This document is properly being withheld as an attorney-client privileged and work product protected communication. The first page of this document is an attorney-client privileged communication from MGA's outside counsel at White & Case to MGA's in-house counsel Stacy Lifton regarding the legal advice communicated in the attached letter from MGA's outside counsel in Hong Kong. The attached letter from counsel in Hong Kong is protected by the attorney-client privilege and work product protection as it communicates legal advice to White & Case regarding MGA's trademark matters in Hong Kong and also communicates legal advice regarding a potential infringement action. The web pages will be produced.

**Revised September Log Entry No. 1058:** This document will be produced in redacted form. Page 1 and 4 and 5 are fax cover sheets that contain legal advice from MGA's outside counsel at

EXHIBIT 10
PAGE 290



ORRICK

B. Dylan Proctor
August 24, 2009
Page 13

White & Case-Hong Kong to Beth Cahill regarding trademark registration matters in China. The communication of the legal advice will be redacted. The remainder of these pages and pages 2 and 3 will be produced.

**Revised September Log Entry No. 1063:** MGA will produce this document.

**Revised September Log Entry No. 1074:** The underlying document from MGA's outside counsel in Hong Kong to MGA's outside counsel at White & Case is protected by the attorney-client privilege and work product doctrine as it communicates legal advice regarding MGA's intellectual property matters in Asia. The handwritten note to Helen Bruno, a paralegal at White & Case, memorializes the substance of the legal advice provided in the underlying letter and the legal advice that should be communicated to MGA. As such, the handwritten note is also protected by the attorney-client privilege and work product doctrine.

**Revised September Log Entry No. 1081:** This document will be produced in redacted form. The fax cover sheet and fax confirmation sheet on pages 2 and 3 will be produced. The email chain on page 1 will not be produced as it is protected by the attorney-client privilege. The email chain on page 1 are communications between MGA's outside counsel at White & Case and MGA's outside counsel in China requesting legal advice regarding trademark issues in China.

**Revised September Log Entry No. 1084:** This document will be produced in redacted form. Pages 5-7 will be produced. The underlying document from MGA's outside counsel in China to MGA's outside counsel at White & Case is protected by the attorney-client privilege as it communicates legal advice regarding MGA's intellectual property matters in Asia. The handwritten note on the second page is an internal communication to Helen Bruno, a paralegal at White & Case, discussing the substance of the legal advice provided in the underlying letter. As such, the handwritten note is also protected by the attorney-client privilege. The handwritten notes on the first page of the document are Ms. Bruno's notes on the substance of the legal advice communicated in the underlying document, as well as the substance of legal advice communicated to MGA. These notes are therefore also protected communications and will not be produced.

**Revised September Log Entry No. 1193:** This document is protected by the attorney-client privilege and will not be produced. Pages 4-11 are attachments to the underlying email communication from Bryan Armstrong to MGA's outside counsel in Hong Kong and form the basis for the legal advice requested in Mr. Armstrong's email. Because the attachments form the basis for the request for legal advice, they are privileged communications and will not be produced.

**Revised September Log Entry No. 1259:** This email chain among Isaac Larian, Beth Cahill and MGA's outside counsel at Sandler Travis is protected by the attorney-client privilege as it contains a request for information from White & Case for the purpose of rendering legal advice related to

EXHIBIT 10
PAGE 291



**ORRICK**

B. Dylan Proctor
August 24, 2009
Page 14

MGA's intellectual property matters in China. The handwritten notes on the document are Ms. Cahill's notes reflecting information communicated to White & Case and are also protected by the attorney-client privilege.

**Revised September Log Entry No. 1268:** This document will be produced in redacted form. The underlying email from Beth Cahill to MGA's outside counsel in Colombia communicates legal advice from MGA's outside counsel Larry McFarland and requests legal advice from MGA's outside counsel in Colombia regarding trademark registrations. Ms. Cahill's handwritten note to the Colombian outside counsel is also subject to the attorney-client privilege as it also contains a request for legal advice from Colombian counsel. The remainder of Ms. Cahill's handwritten note will be produced.

**Revised September Log Entry No. 1269:** This document will be produced in redacted form. The email chain among Beth Cahill, MGA in-house counsel Julie Mote, Helena Aguirre and MGA's outside counsel in Colombia includes requests for legal advice, discussions regarding the legal advice communicated by counsel and provides information to counsel for the purposes of obtaining legal advice regarding trademark registrations in Colombia. Ms. Cahill's handwritten notes that are redacted restate the substance of the legal advice communicated by MGA's outside counsel in Colombia and are protected by the attorney-client privilege. The remainder of Ms. Cahill's handwritten note will be produced.

**Revised September Log Entry No. 1271:** This document will be produced in redacted form. This email from Beth Cahill to MGA's outside counsel in Colombia requests legal advice related to intellectual property matters in Colombia. The redacted handwritten note is Ms. Cahill's note reflecting the substance of the request for legal advice and is also privileged. The remainder of Ms. Cahill's handwritten note will be produced.

**Revised September Log Entry No. 1363:** The underlying email from Bryan Armstrong to MGA's outside counsel in England is protected by the attorney-client privilege and work product doctrine as it requests legal advice regarding trademark matters in Europe. Mr. Armstrong's handwritten note reflecting the substance of the legal advice requested is also privileged and protected by the work product doctrine will not be produced.

**Revised September Log Entry No. 1364:** This document will be produced in redacted form. The underlying email chain among Bryan Armstrong, MGA's in-house counsel Rich Daniels and MGA's outside counsel in England requests and communicates legal advice related to trademark matters in Europe. The draft letter to the email chain is also privileged and protected by the work product doctrine as it reflects Mr. Daniels and MGA's outside counsel's comments and revisions by MGA's outside counsel. Mr. Armstrong's handwritten note on page 1 will be produced.

EXHIBIT 10
PAGE 252



ORRICK

B. Dylan Proctor
August 24, 2009
Page 15

**Revised September Log Entry No. 1399:** This document will be produced in redacted form. This email chain among Beth Cahill, MGA's in-house counsel Mitchell Kamarck and MGA's outside counsel in England is protected by the attorney-client privilege. The chain communicates legal advice regarding trademark applications in the European Union and also includes Ms. Cahill's comments and questions, both in email form and handwritten, regarding the substance of the legal advice communicated. Ms. Cahill's handwritten notes on page 1 will be produced.

**Revised September Log Entry No. 1402:** This email chain is protected by the attorney-client privilege as it relates to legal advice and requests for legal advice regarding trademark registrations in Europe between MGA and MGA's agents in France who were communicating legal advice from outside counsel in France. Ms. Cahill's handwritten notes reflecting the substance of the legal advice communicated are privileged and will not be produced.

**Revised September Log Entry No. 1421:** This document will be produced in redacted form. This document contains communication of legal advice from MGA's outside counsel in Hong Kong and Ms. Cahill's handwritten notes regarding the legal advice. The third page of this document will be produced. The last page of this document will be produced in redacted form. Because the last page contains detailed descriptions of legal work performed by MGA's outside counsel in Hong Kong, this information will be redacted. The remainder of the last page will be produced.

**Revised September Log Entry No. 1446:** This document will be produced in redacted form. The underlying emails among MGA's in-house counsel Daphne Gronich, Bryan Armstrong and MGA's outside counsel in Greece are protected by the attorney-client privilege as they request legal advice and communicate and comment on the legal advice provided related to trademark matters in Greece. Mr. Armstrong's handwritten note will be produced.

**Revised September Log Entry No. 1455:** This email chain between Bryan Armstrong and MGA's outside counsel in Germany communicates legal advice and information for the purpose of obtaining legal advice on trademark matters in Germany. Mr. Armstrong's handwritten note comments on the legal advice requested and is also privileged.

**Revised September Log Entry No. 1577:** This document will be produced in redacted form. Pages 1 and 3 comprise a letter to Bryan Armstrong from MGA's outside counsel in Hungary communicating legal advice regarding MGA's trademark issues in Hungary. The last page of this document will be redacted to omit the detailed information related to the legal service performed by MGA's outside counsel in Hungary. The second page and the remainder of the last page will be produced.

**Revised September Log Entry No. 1633:** This document will be produced in redacted form. This document reflects communications between MGA's outside counsel in Japan and Hong Kong

EXHIBIT 10
PAGE 253



ORRICK

B. Dylan Proctor
August 24, 2009
Page 16

regarding MGA's trademark applications in Japan and is protected by the attorney-client privilege. The handwritten notes on the first page will be produced, as will pages 3-5.

**Revised September Log Entry No. 1635 and 1636 (duplicates):** MGA will produce these documents in redacted form. MGA will redact information regarding the substance of the legal services performed.

**Revised September Log Entry Nos. 1659 and 1666:** These documents will be produced in redacted form. Entry No. 1666 is a copy of the first page of Entry No. 1659. The underlying document for both entries is an attorney-client privileged communication from MGA's outside counsel in Hong Kong to Beth Cahill regarding trademark registrations in Japan. The handwritten notes on the first page of Entry No. 1659 and on Entry No. 1666 will be produced. Pages 2-9 of Entry No. 1659, which is the remainder of the letter from MGA's Hong Kong counsel, will not be produced as it is the rest of the attorney-client privileged communication from MGA's counsel in Hong Kong. Pages 10-12 of Entry No. 1659 will be produced. The remaining pages of Entry No. 1659 are also protected by the attorney-client privilege as they were provided by MGA's Hong Kong counsel to Ms. Cahill to support the legal advice communicated in its letter.

**Revised September Log Entry No. 1661:** This document will be produced in redacted form. The first page of this document communicates legal advice from MGA's outside counsel in Hong Kong to MGA's in-house counsel Mitchell Kamarck regarding trademark registrations in Japan. This page will be redacted to omit this communication of legal advice. The attached letter from MGA's outside counsel in Hong Kong to Beth Cahill communicates legal advice regarding MGA's trademark matters in Japan and will not be produced.

**Revised September Log Entry No. 1672:** This document from Beth Cahill's file will be produced in redacted form. The underlying attorney-client privileged communications between MGA's outside counsel in Hong Kong and Beth Cahill regarding MGA's trademark registrations in Japan will not be produced. Ms. Cahill's handwritten notes on pages 1-3 will be produced in part, with the redacted portion of her notes revealing the substance of the legal advice communicated in the underlying documents. The remainder of Ms. Cahill's handwritten notes on pages 1-3 will be produced.

**Revised September Log Entry No. 1683:** This document will be produced in redacted form. This email chain between Bryan Armstrong and MGA's outside counsel in Japan requests and communicates legal advice regarding intellectual property rights in Japan and is therefore protected by the attorney-client privilege. Mr. Armstrong's handwritten note on the first page will be produced.

EXHIBIT 10
PAGE 294



**ORRICK**

B. Dylan Proctor
August 24, 2009
Page 17

**Revised September Log Entry No. 1691:** This document will be produced in redacted form. The attorney-client privileged communication from MGA's outside counsel in Hong Kong to Beth Cahill conveys legal advice regarding trademark matters in Japan. Ms. Cahill's handwritten note on page 1 will be produced. Additionally, the last page of this document will be produced.

**Revised September Log Entry Nos. 1798 and 1812 (duplicates):** These documents will be produced in redacted form. These emails are attorney-client privileged communications between MGA's outside counsel in Korea and Bryan Armstrong regarding MGA's trademark matters in Korea. Mr. Armstrong's handwritten notes on page 1 will be produced. The attachments to the emails will be produced.

**Revised September Log Entry No. 1801 and 1815 (duplicates):** These documents will be produced in redacted form. These emails are attorney-client privileged communications between MGA's outside counsel in Korea and Bryan Armstrong. The attachments will be produced.

**Revised September Log Entry No. 1821:** This document will be produced in redacted form. Page 1 of the document is an attorney-client privileged communication between MGA's outside counsel in Hong Kong and Beth Cahill communicating in detail the legal services provided by MGA's outside counsel in Hong Kong and Japan. Pages 2, 3 and 4 will be redacted to omit the details of the legal services provided by MGA's outside counsel in Hong Kong and Japan because these details necessarily reveal attorney-client privileged information. The last page of this document will be produced.

**Revised September Log Entry No. 1822:** This document will be produced in redacted form. Page 1 of the document is an attorney-client privileged communication between MGA's outside counsel in Hong Kong and Beth Cahill communicating in detail the legal services provided by MGA's outside counsel in Hong Kong and Japan. Pages 2 and 4 will be redacted to omit the details of the legal services provided by MGA's outside counsel in Hong Kong and Japan because the details necessarily reveal attorney-client privileged information.

**Revised September Log Entry No. 1829:** This document will be produced in redacted form. Pages 1-5 will be redacted as they reflect legal advice from MGA's outside counsel in Hong Kong and Japan regarding MGA's trademark matters in Japan. The remaining pages will be produced.

**Revised September Log Entry No. 1839:** This document will be produced in redacted form. Pages 1-5 and 7-10 are attorney-client privileged and work product protected communications reflecting legal advice communicated by MGA's outside counsel in Hong Kong and Japan regarding MGA's trademark matters in Japan and will not be produced. Pages 6 and 11-13 will be produced.

EXHIBIT 10
PAGE 295



# ORRICK

B. Dylan Proctor
August 24, 2009
Page 18

**Revised September Log Entry No. 1844:** This document will be produced in redacted form. Page 1 of this document is a request for legal advice and communication of information for the purpose of obtaining legal advice from Bryan Armstrong to MGA's outside counsel in New Zealand. Mr. Armstrong's handwritten note on page 1 will be produced. Page 2 of this document is an attorney-client privileged email communication from Mr. Armstrong to MGA employee Julie Wineberg requesting the information that is conveyed to MGA's outside counsel in New Zealand on page 1.

**Revised September Log Entry No. 1981:** This document will be produced in redacted form. The first page of this document communicates information from Beth Cahill to MGA's outside counsel in Peru for the purposes of seeking legal advice and action related to trademark matters in Peru. The attachments to the first page will be produced.

**Revised September Log Entry No. 2023:** This email will be produced in redacted form. The attorney-client privileged communications from Bryan Armstrong to Diana Luna is an internal email communication requesting information to be communicated to MGA's outside counsel in Panama for the purpose of obtaining legal advice on a potential trademark infringement matter. Mr. Armstrong's handwritten note will be produced.

**Revised September Log Entry No. 2068:** This document is protected by the attorney-client privilege and work product doctrine. The email chain among MGA's in-house counsel David Oakes and MGA's agent in the Philippines provides information to be communicated to MGA's outside counsel in the Philippines regarding a potential trademark infringement matter. The follow up emails among Mr. Oakes, MGA's in-house counsel Mitchell Kamarck and Bryan Armstrong discuss MGA's strategy related to the potential trademark infringement matter in the Philippines. Mr. Armstrong's handwritten notes reflect the substance of a telephone call with MGA's outside counsel in the Philippines regarding a potential trademark infringement matter.

**Revised September Log Entry No. 2071:** This engagement letter from MGA's outside counsel in the Philippines will be produced in redacted form. Pages 2 and 5 will be redacted to omit the nature of legal services requested by MGA from MGA's outside counsel in the Philippines. Because the description of legal services requested by MGA reveal the substance of the request for legal advice from and action by MGA's outside counsel in the Philippines, it is protected by the attorney-client privilege and will not be produced. The remainder of the document will be produced.

**Revised September Log Entry No. 2076:** This document is protected by the attorney-client privilege. The email chain between MGA and its outside counsel in the Philippines communicates legal advice regarding trademark matters in the Philippines. Ms. Cahill's handwritten notes on page

EXHIBIT 10
PAGE 196



**ORRICK**

B. Dylan Proctor
August 24, 2009
Page 19

1 of this document reflect the substance of the legal advice communicated by MGA's outside
counsel in the Philippines and is also privileged. The attachments will be produced.

**Revised September Log Entry No. 2150:** This email will be produced in redacted form. The
email from Bryan Armstrong to Daphne Gronich communicates legal advice regarding trademark
matters in Spain. The attached trademark searches performed by Mr. Armstrong are protected by
the attorney-client privilege as they reflect Mr. Armstrong's legal analysis of the trademark matter in
Spain. Mr. Armstrong's handwritten note will be produced.

**Revised September Log Entry No. 2174:** This document will be produced in redacted form. The
underlying email communication from MGA's outside counsel in Turkey to Beth Cahill
communicates legal advice regarding MGA's trademark issues in Turkey. Ms. Cahill's handwritten
note will be produced.

**Revised September Log Entry No. 2182:** This document will be produced in redacted form.
Pages 1-5 are attorney-client privileged and work product protected communications of legal advice
from MGA's outside counsel in Turkey to Daphne Gronich regarding MGA's intellectual property
issues in Turkey. Pages 6-7 will be produced as they were provided to the Turkish courts.

**Revised September Log Entry No. 2191:** This document is protected by the attorney-client
privilege and work product doctrine. The email chain among MGA's outside counsel in Hong
Kong, Stephen Lee and MGA's in-house counsel Mitchell Kamarck, Donna Cunningham and Stacy
Lifton communicates and discusses legal advice from MGA's outside counsel in Hong Kong
regarding a potential trademark infringement matter. Mr. Armstrong's handwritten notes on the
legal advice communicated in the attorney-client privileged and work product protected email are
also privileged.

**Revised September Log Entry No. 2194:** This document will not be produced. The underlying
document from Mitchell Kamarck to Stephen Lee communicates legal advice related to a trademark
infringement matter and is protected by the attorney-client privilege and work product doctrine.
The handwritten note to Stacy Lifton from Donna Cunningham follows up on the underlying
document communicating legal advice and is also privileged and work product.

**Revised September Log Entry No. 2195:** This document will be produced in redacted form.
This document is protected by the attorney-client privilege and work product doctrine. The email
chain among MGA's outside counsel in Hong Kong, Mitchell Kamarck, Donna Cunningham,
Stephen Lee and Eva Chuck communicates and discusses legal advice from MGA's outside counsel
in Hong Kong regarding a potential trademark infringement matter. The handwritten note on page
1 will be produced.

EXHIBIT 10
PAGE 297



# ORRICK

B. Dylan Proctor
August 24, 2009
Page 20

**Revised September Log Entry No. 2196:** This document will be produced in redacted form. The underlying attorney-client privileged and work product protected communications among MGA's outside counsel in Hong Kong and MGA's in-house counsel Mitchell Kamarck, Donna Cunningham and Stacy Lifton communicate and discuss legal advice from MGA's outside counsel in Hong Kong related to a potential trademark infringement matter. The handwritten note on page 1 will be produced.

**Revised September Log Entry No. 2199:** This document will be produced in redacted form. The underlying attorney-client privileged communication from MGA's outside counsel in Turkey communicates legal advice to Beth Cahill regarding intellectual property issues in Turkey. Ms. Cahill's handwritten notes revealing the substance of the legal advice communicated are also protected by the attorney-client privilege. The remainder of Ms. Cahill's handwritten note will be produced.

**Revised September Log Entry No. 2200:** This document will be produced in redacted form. The email communication from Beth Cahill to MGA's outside counsel in Turkey requests legal advice regarding intellectual property issues in Turkey and is protected by the attorney-client privilege. Ms. Cahill's handwritten notes are, in part, also protected by the attorney-client privilege as they request further legal advice from MGA's outside counsel in Turkey. The remainder of Ms. Cahill's handwritten notes will be produced.

**Revised September Log Entry No. 2201:** This document will be produced in redacted form. The email communication from Beth Cahill to MGA's outside counsel in Turkey requests legal advice regarding intellectual property issues in Turkey and is protected by the attorney-client privilege. Ms. Cahill's handwritten note will be produced.

**Revised September Log Entry No. 2202:** This document will be produced in redacted form. The underlying email communication from Beth Cahill to MGA's outside counsel Larry McFarland requests legal advice regarding trademark matters and is protected by the attorney-client privilege. Ms. Cahill's handwritten note will be produced.

**Revised September Log Entry No. 2319:** This document and Beth Cahill's handwritten notes are protected by the attorney-client privilege. The communication from Ms. Cahill to MGA's outside counsel in Spain requests legal advice regarding MGA's trademark matters in Spain. Ms. Cahill's handwritten note revealing the substance of the legal advice she requested is also protected by the attorney-client privilege.

**Revised September Log Entry No. 2325:** This document is protected by the attorney-client privilege and will not be produced. The underlying document from MGA's outside counsel in France communicates legal advice to Beth Cahill regarding trademark matters in Spain. Ms. Cahill's

EXHIBIT 10
PAGE 298



# ORRICK

B. Dylan Proctor
August 24, 2009
Page 21

handwritten notes revealing and memorializing the legal advice and recommendations
communicated by MGA's outside counsel in France are also protected by the attorney-client
privilege and will not be produced.

**Revised September Log Entry No. 2326:** This document will be produced in redacted form.
Page 1 of this document is protected by the attorney-client privilege and will not be produced. Page
1 is a communication from MGA's agent in Spain to Beth Cahill regarding trademark registrations in
Spain. Ms. Cahill's handwritten note to Isaac Larian communicates legal advice regarding MGA's
trademark matters in Spain. Page 2 of this document will be produced.

**Revised September Log Entry No. 2327:** This document will be produced in redacted form.
This document is protected by the attorney-client privilege as it is a communication from MGA's
outside counsel in France to Beth Cahill regarding trademark applications in France and contains
Ms. Cahill's handwritten notes on the legal advice communicated. The remainder of Ms. Cahill's
handwritten notes will be produced.

**Revised September Log Entry No. 2347:** This document will be produced in redacted form.
The redacted attorney-client privileged and work product protected email communications among
MGA's agent in Peru, Daphne Gronich, Rich Daniels, Bryan Armstrong and Diana Luna
communicate and discuss legal advice from MGA's outside counsel in Venezuela regarding
trademark matters. Mr. Armstrong's handwritten notation on page 1 will be produced.

**Revised September Log Entry No. 2369:** This document will be produced in redacted form.
The underlying documents that are being redacted are attorney-client privileged communications
between MGA and MGA's outside counsel in Venezuela communicating and discussing legal advice
regarding the assignment of a trademark in Venezuela. The handwritten notes on page 1 are in part
protected by the attorney-client privilege as they reveal the substance of the legal advice provided by
MGA's outside counsel in Venezuela. The handwritten notes on pages 1 and 7 will be produced.

**Revised September Log Entry No. 2405:** This document is a privileged communication between
Ms. Cahill and MGA's outside counsel in Mexico communicating legal advice as to trademark
applications in Mexico. Ms. Cahill's handwritten note on page 1 reveals the substance of the legal
advice provided in the underlying privileged document and therefore is also protected by the
attorney-client privilege.

**Revised September Log Entry No. 2407:** This document will be produced in redacted form.
The underlying email chain between Bryan Armstrong and MGA's outside counsel in England is
protected by the attorney-client privilege as Mr. Armstrong requests legal advice from counsel and
counsel communicates legal advice to Mr. Armstrong regarding MGA's trademark applications. The
handwritten note on page 1 will be produced.

EXHIBIT 10
PAGE 799



# ORRICK

B. Dylan Proctor
August 24, 2009
Page 22

**Revised September Log Entry No. 2408:** This document will be produced in redacted form. The underlying email chain between Daphne Gronich and MGA's outside counsel in England is protected by the attorney-client privilege as it reveals a request for and communication of legal advice and strategy regarding MGA's trademark registrations. The handwritten note on page 1 will be produced.

**Revised September Log Entry Nos. 2409 and 2410:** These documents are protected by the attorney-client privilege. The underlying emails on Entry Nos. 2409 and 2410 are the same and are emails from Beth Cahill to Isaac Larian communicating legal advice received from MGA's outside counsel at White & Case regarding MGA's trademark applications. Ms. Cahill's handwritten notes on each of these documents are also protected by the attorney-client privilege. Ms. Cahill's notes on Entry No. 2409 reflect and memorialize the substance of the legal advice communicated by White & Case and her notes on additional legal advice needed from White & Case. Ms. Cahill's handwritten note on Entry No. 2410 reflects her notes of an attorney-client privileged communication with Mr. Larian on February 15, 2002 regarding the substance of the legal advice communicated by White & Case.

**Revised September Log Entry No. 2411:** This email chain and Beth Cahill's handwritten note are protected by the attorney-client privilege. Ms. Cahill's email to Mr. Larian communicates legal advice received from MGA's outside counsel at White & Case regarding MGA's trademark applications in Europe. Ms. Cahill also requests information from Mr. Larian to be communicated to White & Case to obtain further legal advice. Mr. Larian's response to Ms. Cahill provides the information to be communicated to White & Case for the purpose of obtaining legal advice from White & Case. Ms. Cahill's handwritten note reflects Mr. Larian's response regarding information to be communicated to White & Case for the purpose of obtaining legal advice.

**Revised September Log Entry No. 2412:** The underlying email chain is protected by the attorney-client privilege as it reflects communication of legal advice from MGA's outside counsel at White & Case to Beth Cahill. Ms. Cahill's handwritten notes reflect and memorialize the substance of the legal advice communicated by White & Case are also privileged.

**Revised September Log Entry No. 2413:** This document will be produced in redacted form. The underlying emails between MGA's outside counsel at White & Case and Beth Cahill request and communicate legal advice regarding amendment of MGA's trademark applications in Europe. Ms. Cahill's communication to Isaac Larian of the legal advice from White & Case is also privileged as it discusses the legal advice from outside counsel. Ms. Cahill's handwritten note on page 1 will be produced.

EXHIBIT 10
PAGE 300



**ORRICK**

B. Dylan Proctor
August 24, 2009
Page 23

**Revised September Log Entry No. 2414:** This document will be produced in redacted form. The underlying email from Beth Cahill to Isaac Larian communicates legal advice from MGA's outside counsel at White & Case regarding MGA's trademark applications in Europe. Ms. Cahill also requests information from Mr. Larian to be communicated to White & Case to obtain further legal advice. Ms. Cahill's handwritten note will be produced.

**Revised September Log Entry No. 2422:** This document is privileged and will not be produced. The document communicates information from Beth Cahill to MGA's outside counsel at White & Case for the purpose of obtaining legal advice regarding MGA's trademarks. Ms. Cahill's handwritten note reflects additional information to be communicated to White & Case for the purpose of obtaining legal advice and is also protected by the attorney-client privilege.

**Revised September Log Entry No. 2423:** This document will be produced in redacted form. The underlying emails between MGA's outside counsel at White & Case and Beth Cahill are protected by the attorney-client privilege and will not be produced. These emails communicate a request for legal advice from Ms. Cahill, communicate White & Case's legal advice, communicate Ms. Cahill's analysis of the legal advice provided and communicate Ms. Cahill's requests for additional legal advice. Ms. Cahill's handwritten notes on page 1 are privileged in part and will not be produced. The redacted portion of Ms. Cahill's handwritten notes are notes as to information required for White & Case for the purpose of obtaining additional legal advice. The remainder of Ms. Cahill's handwritten note will be produced.

**Revised September Log Entry No. 2437:** This document will be produced in redacted form. Pages 2 and 3 are attorney-client privileged email communications among Beth Cahill, Sandrine de Raspide and Diana Luna regarding information required for the purpose of obtaining legal advice from MGA's outside counsel in England. Ms. Cahill's handwritten notes on page 2 reflect additional information to be communicated to MGA's outside counsel in England for the purpose of obtaining legal advice regarding MGA's trademark applications in Eastern Europe. The remainder of Ms. Cahill's notes will be produced.

Page 1 of this document is an attorney-client privileged communication between Ms. Cahill and MGA's outside counsel in England in which Ms. Cahill communicates the information gathered by her on pages 2 and 3.

**Revised September Log Entry No. 2449:** This attorney-client privileged communication among MGA's outside counsel in England, Beth Cahill, Mitchell Kamarck, Sandrine de Raspide and Isaac Larian communicates and discusses legal advice regarding MGA's trademark matters in Eastern Europe. Ms. Cahill's handwritten notes on page 1 are in part privileged to the extent that they

EXHIBIT 10
PAGE 301


ORRICK

B. Dylan Proctor
August 24, 2009
Page 24

disclose the legal advice communicated by MGA's outside counsel in England. The remainder of
Ms. Cahill's handwritten notes on page 1 will be produced.

**Revised September Log Entry No. 2457:** This document from Daphne Gronich's file is an
attorney-client privileged communication from MGA's outside counsel in England to Ms. Gronich
communicating legal advice on MGA's strategy for obtaining trademark protection in Europe. The
handwritten notes on page 1 of this document further memorialize and reflect the legal advice
communicated by MGA's outside counsel.

**Revised September Log Entry No. 2462:** This document will be produced in redacted form.
The underlying email chain is protected by the attorney-client privilege as it consists of
communications among Beth Cahill, Mitchell Kamarck, Kelly D'Angelo and MGA's agent in France
requesting, discussing and communicating information for the purpose of performing legal services
related to trademark registrations. The handwritten notes reflecting the substance of the legal advice
communicated in the emails are privileged. The remainder of the handwritten notes on pages 1 and
2 will be produced.

**Revised September Log Entry No. 2464:** This document will be produced in redacted format.
The underlying document from MGA's outside counsel in England to Beth Cahill communicates
legal advice regarding MGA's trademark applications in Europe and communicates legal strategy for
obtaining trademark protection in Europe. Ms. Cahill's handwritten notes memorialize the
substance of the legal advice communicated in the underlying communication and are also
privileged. The remainder of Ms. Cahill's note will be produced.

**Revised September Log Entry No. 2466:** This document is protected by the attorney-client
privilege and will not be produced. The email communication from MGA's outside counsel at
White & Case to Beth Cahill communicates legal advice regarding trademark matters in Venezuela,
Columbia, Australia and the United States, and requests information for the purpose of rendering
legal advice regarding these trademark matters. Ms. Cahill's handwritten notes reveal the legal advice
communicated by White & Case and the information requested by White & Case for the purpose of
providing legal advice. As such, Ms. Cahill's handwritten notes are privileged and will not be
produced.

**Revised September Log Entry No. 2470:** This document from Beth Cahill's file is protected by
the attorney-client privilege and will not be produced. The document reflects a request for legal
advice and legal action by MGA's outside counsel at White & Case and communicates legal advice
from White & Case regarding trademark matters in Europe. Ms. Cahill's handwritten notes on
pages 1-3 reveal the substance of the legal advice communicated by White & Case and also note
follow up questions to White & Case for the purpose of obtaining clarification of the legal advice

EXHIBIT 10
PAGE 302



**O**
**ORRICK**

B. Dylan Proctor
August 24, 2009
Page 25

communicated. Ms. Cahill's handwritten notes are also protected by the attorney-client privilege and will not be produced.

**Revised September Log Entry No. 2530:** This document from Bryan Armstrong's file is protected by the attorney-client privilege and work product doctrine and will not be produced. This document reflects legal advice communicated by MGA's outside counsel in England to Daphne Gronich regarding MGA's strategy for a trademark opposition in Europe. The attachment to the document is an attorney draft of a letter reflecting the legal strategy for a trademark opposition in Europe and includes redline changes by MGA's outside counsel in light of privileged communications with Ms. Gronich. Mr. Armstrong's handwritten notes on page 1 are also privileged and protected from production on the ground that they summarize the substance of the legal advice communicated by MGA's outside counsel.

**Revised September Log Entry No. 2607:** This document will be produced in redacted form. The underlying document is an attorney-client privileged and work product protected communication among Bryan Armstrong, MGA's in-house counsel Rich Daniels, Daphne Gronich, David Oakes and MGA employees regarding information requested by MGA's outside counsel in Singapore for the purpose of providing legal advice related to a trademark opposition in Singapore. Mr. Armstrong's handwritten note on page 1 will be produced.

**Revised September Log Entry No. 2614:** This document will not be produced. The attorney-client privileged and work product protected communications among Daphne Gronich, Rich Daniels, Bryan Armstrong and MGA's outside counsel in Singapore communicate and discuss legal advice and strategy related to a trademark opposition in Singapore. The attachments are draft letters reflecting revisions and comments by Ms. Gronich and are also privileged communications. Mr. Armstrong's handwritten note on page 1 reflects the legal advice discussed in the email and is privileged.

**Revised September Log Entry No. 2630:** These drawings were provided to Bryan Armstrong for the purpose of obtaining legal advice regarding opposition to industrial design registration. The handwritten notes to Mr. Armstrong reflect information to be communicated to counsel for the purpose of obtaining legal advice. Because disclosure of the drawings would reveal the substance of the legal advice sought, these drawings will not be produced.

**Revised September Log Entry No. 2677:** This document will be produced in redacted form. The underlying email communications from Bryan Armstrong to MGA's outside counsel in Argentina requests legal advice regarding a trademark opposition in Argentina. Mr. Armstrong's handwritten note will be produced.

EXHIBIT 10
PAGE 303



**ORRICK**

B. Dylan Proctor
August 24, 2009
Page 26

**Revised September Log Entry No. 2814:** This document is protected by the attorney-client privilege and will not be produced. The underlying communication from Beth Cahill to MGA's outside counsel Alan Rose requests legal advice regarding patent matters in the United States and outside of the United States. The document also contains Mr. Rose's handwritten notes of a conversation with Ms. Cahill on June 20, 2002 and reflects the legal advice communicated to Ms. Cahill. Mr. Rose's handwritten notes are privileged since they reveal the substance of a privileged communication between MGA's in-house and outside counsel.

**Revised September Log Entry No. 2822:** This document is protected by the attorney-client privilege. The underlying emails between Beth Cahill and MGA's outside counsel Alan Rose request and communicate legal advice regarding MGA's patent matters. Mr. Rose's handwritten notation is also privileged as it requests further action by a paralegal regarding the legal advice requested by Ms. Cahill and legal advice communicated by Mr. Rose.

**Revised September Log Entry No. 2829:** This document is an attorney-client privileged email chain between MGA's outside counsel Alan Rose and Mitchell Kamarck requesting and communicating legal advice related to MGA's strategy for obtaining patent protection in the United States. Mr. Rose's handwritten notes on page 1 reflect additional communications by Mr. Rose with Mr. Kamarck related to the legal advice communicated in the underlying email chain.

**Revised September Log Entry No. 2835:** The drawings attached to this attorney-client privileged communication from MGA's outside counsel Alan Rose to Beth Cahill will not be disclosed. Because the drawings form the basis for the legal advice communicated by Mr. Rose to Ms. Cahill, production of the drawings would reveal the substance of the legal advice communicated. As such, the drawings are also privileged and will not be produced.

**Revised September Log Entry No. 2839:** This document will be produced in redacted form. The fax cover sheets on the last 2 pages of the document will be produced. Pages 1 and 2 comprise MGA's outside counsel Alan Rose's request for information for the purpose of providing legal advice to MGA regarding patent matters. The photographs on pages 3 and 4 form the basis for the request for information and production of the photographs would necessarily reveal the substance of the legal advice sought by MGA. As such, the photographs are also privileged and will not be produced.

**Revised September Log Entry No. 2853:** This document from MGA's outside counsel Lucy Arant's files is an attorney-client privileged communication between Isaac Larian and Ms. Arant in which Mr. Larian requests legal advice from Ms. Arant and Ms. Arant communicates legal advice and strategy to Mr. Larian regarding trademark registrations. Ms. Arant's handwritten notes on page

EXHIBIT 10
PAGE 304



**ORRICK**

B. Dylan Proctor
August 24, 2009
Page 27

1 are Ms. Arant's notes memorializing Mr. Larian's request for legal advice. These notes are
privileged and will not be produced.

**Revised September Log Entry No. 2854-2857:** These documents are from MGA outside counsel
Lucy Arant's files. All of the documents are protected by the attorney-client privilege as they reveal
requests for legal advice from MGA and communication of legal advice from Ms. Arant regarding
trademark registration matters. The handwritten notes on these documents are also protected as
they reflect Ms. Arant's analysis and legal advice that was communicated to MGA.

## C. Revised January 15 Log

**Revised January 15 Log No. 145:** This email from Isaac Larian to outside counsel Alan Rose
dated September 14, 2001 is a privileged communication related to substance of the work on and
fees for intellectual property matters being performed by Mr. Rose and his law firm.

**Revised January 15 Log No. 182:** This document is an email chain among Isaac Larian, outside
counsel Alan Rose, Abe Mirza, MGA Director of Legal Affairs Beth Cahill and Dennis Medici. All
of the emails in the chain are privileged communications revealing the substance of the work
performed for MGA and the fees for such work by Mr. Rose and his firm on MGA's intellectual
property issues.

**Revised January 15 Log No. 208:** This attorney-client privileged email chain consists of
communications between Isaac Larian and MGA's outside counsel Peter Weil and Patty Glaser
requesting legal advice regarding a dispute over legal fees. The email between Isaac Larian and Fred
Larian and Beth Cahill comments on the legal advice requested from Mr. Weil and Ms. Glaser and is
also privileged as it is an internal MGA communication.

## D. Revised January 23 Log

**Revised January 23 Log Entry Nos. 6 and 7:** These photographs were attached to Entry No. 4
which is an email chain among MGA's outside counsel in Hong Kong, Isaac Larian, MGA's in-
house counsel Mitchell Kamarck and MGA's outside counsel Larry McFarland. Entry No. 4 is
protected by the attorney-client privilege and work product doctrine as it requests and
communicates legal advice regarding potential infringement issues in Hong Kong. Entry Nos. 5-7
were provided to MGA's outside counsel by MGA's agent in Hong Kong for the purpose of
preparing a legal analysis and legal advice to MGA regarding the potential trademark infringement
matter. Entry Nos. 5-7 formed the basis for the legal advice communicated by MGA's outside
counsel in Hong Kong to Mr. Larian and Mr. Kamarck. Additionally, Mr. Larian's request for legal
advice from Mr. McFarland is based on the information conveyed in Entry Nos. 5-7. Entry Nos. 6

EXHIBIT 10
PAGE 305



**ORRICK**

B. Dylan Proctor
August 24, 2009
Page 28

and 7 will not be produced as their production would reveal attorney-client privileged and work product protected communications.

**Revised January 23 Log Entry No. 196, 197 and 198:** These photographs were attached to Entry No. 195, which is an email chain among Isaac Larian, MGA's in-house counsel Mitchell Kamarck, Donna Cunningham and Stacy Lifton, Dennis Ventura, Sandrine de Raspide, Alisa Liley, Cyndi Kwan, Lina Hernandez and MGA's outside counsel in Yugoslavia. The emails are protected by the attorney-client privilege as they communicate and discuss legal advice from MGA's outside counsel in Yugoslavia. Additionally, Mr. Larian requests additional legal advice from Ms. Lifton and Ms. Cunningham related to the legal advice communicated by MGA's outside counsel in Yugoslavia. The communication of legal advice refers to the photographs and formed the basis for the communication of legal advice. Disclosure of these photographs would reveal the legal advice communicated and therefore they will not be produced.

**Revised January 23 Log Entry No. 312:** This document is properly withheld as reflecting MGA's in-house counsel Daphne Gronich's notes of her conversation with a former MGA employee in the Larian v. Larian litigation. This former employee was privy to discussions with counsel and MGA's legal affairs and revealing Ms. Gronich's notes would reveal privileged information. This document reflects information that Ms. Gronich gathered as part of her job as MGA's in-house counsel and for the purpose of using this information to provide legal advice to her client, MGA, as well as outside counsel.

Additionally, Ms. Gronich's notes reflect her mental impressions and thoughts with regard to litigation and are protected by the work product doctrine. The cases cited by Mattel for the proposition that MGA may not revise its privilege log to assert the work product doctrine in addition to its original claim of protection under the attorney-client privilege are inapposite. Both of the cases cited by you concern revisions to privilege logs that occurred *after* court intervention was sought by the party seeking production. In any case, MGA's original assertion that the document is protected by the attorney-client privilege is proper and the document is properly being withheld under that privilege.

**Revised January 23 Log Entry Nos. 335-341, 343-369:** MGA will produce these documents.

**Revised January 23 Log Entry Nos. 782 and 784:** These documents contain Isaac Larian's handwritten notes on documents submitted by Fred Larian's attorneys to the arbitrator in the Larian v. Larian dispute. Isaac Larian's handwritten notes, which were redacted from the produced documents, were made for the purpose of communicating his thoughts and impressions to his attorneys regarding the assertions made in the documents and, therefore, are protected by the attorney-client privilege and work product doctrine.

EXHIBIT 10
PAGE 300



ORRICK

B. Dylan Proctor
August 24, 2009
Page 29

**Revised January 23 Log Entry No. 920:** MGA will not produce this document. This document
contains Daphne Gronich's handwritten note on page 1 regarding her request for legal action
regarding the substance of the underlying document. More importantly, this document is non-
responsive.

**Revised January 23 Log Entry Nos. 923 and 924:** The material redacted from these fax cover
sheets communicates information gathered by Beth Cahill at the request of and for the purpose of
requesting legal advice from MGA's outside counsel at White & Case. As such, the redactions are
properly withheld on the basis of the attorney-client privilege and will not be produced. The
attachments to Entry No. 924 will not be produced as the scope of the document reflects Ms.
Cahill's work product and legal analysis regarding trademark registration matters.

**Revised January 23 Log Entry No. 965:** The redaction on the fax cover sheet of this document is
properly being withheld on the basis of the attorney-client privilege. Beth Cahill communicated to
White & Case a request for legal action to be taken regarding MGA's trademark registrations. The
attachment to this fax cover sheet will be produced.

**Revised January 23 Log Entry No. 966:** The redactions on the fax cover sheet of this document
are proper on the ground that Ms. Cahill requested legal advice from MGA's outside counsel at
White & Case they are protected by the attorney-client privilege. Additionally, the attached email
communications among counsel at White & Case and Beth Cahill are protected by the attorney-
client privilege as they communicate legal advice and request information from Ms. Cahill for the
purpose of rendering legal advice. Ms. Cahill's response to the inquiry from White & Case is also
protected by the attorney-client privilege.

**Revised January 23 Log Entry Nos. 1023, 2128, 2129 and 2130:** These documents will be
produced in redacted form. The redacted handwritten notes on these documents are properly
redacted as reflecting the mental impressions of MGA's in-house attorneys relating to the underlying
documents. The substance of the notes clearly reflect MGA's in-house attorneys' notes for the
purpose of discussing legal issues with outside counsel. As such, the handwritten notes are properly
withheld under the work product doctrine.

**Revised January 23 Log Entry Nos. 1066-1078:** MGA will produce these documents.

**Revised January 23 Log Entry No. 1348:** This photograph was attached to Entry No. 1347 and is
properly withheld on the basis of the attorney-client privilege. The photograph was attached to
Entry No. 1347 and formed the basis for the communication of legal advice regarding a potential
infringement action in Spain.

EXHIBIT 10
PAGE 301



**ORRICK**

B. Dylan Proctor
August 24, 2009
Page 30

**Revised January 23 Log Entry No. 1618:** Entry Nos. 1617-1618 are attachments to Entry No. 1616, which is an attorney client privileged and work product protected communication between Isaac Larian and MGA's outside counsel in Hong Kong regarding potential action against an infringer. Entry Nos. 1617 and 1618 are attorney-client privileged and work product protected communications from MGA's agent in Hong Kong gathered at the direction of counsel for MGA's anti-counterfeiting program. Because Entry No. 1618 formed the basis for the legal advice communicated by MGA's outside counsel to MGA, it is privileged and protected by the work product doctrine and will not be produced.

**Revised January 23 Log Entry No. 1849:** This document was attached to Entry No. 1848, which is an attorney-client privileged and work product protected communication from Isaac Larian to MGA's outside counsel at Fogel Feldman & Ostrov. Entry No. 1849 is Isaac Larian's typewritten version of Fred Larian's complaint with Isaac Larian's typewritten comments embedded within the document and provided to outside counsel. This document is properly withheld and will not be produced.

**Revised January 23 Log Entry Nos. 1874-1875, 1881-1882 and 1884-1885:** MGA will produce these documents.

**Revised January 23 Log Entry No. 2029:** This document will be produced in redacted form. The email from Isaac Larian to MGA's in-house counsel Daphne Gronich and MGA's outside counsel at O'Melveny & Myers is a request for legal advice regarding employment issues raised in the original and properly withheld on the basis of the attorney-client privilege.

**Revised January 23 Log Entry No. 2100-2102:** These photographs were attached to Entry No. 2099, which is an attorney-client privileged and work product protected communication from Isaac Larian to Mitchell Kamarck and MGA's outside counsel Larry McFarland and Ray Black requesting legal advice and analysis regarding possible litigation related to the attached photographs (Entry Nos. 2100-12102). The photos formed the basis for the legal advice requested by Isaac Larian to MGA's in-house counsel Mitchell Kamarck and MGA's outside counsel Larry McFarland and Ray Black. Because these photographs form the basis for the request for legal advice producing them would reveal the legal advice requested, they are properly withheld as protected by the attorney-client privilege and work product doctrine.

**Revised January 23 Log Entry No. 2126:** This documents will be produced in redacted form. The redactions of Daphne Gronich's handwritten notes are proper as they reflect Ms. Gronich's legal analysis of the underlying document.

EXHIBIT 10
PAGE 308



ORRICK

B. Dylan Proctor
August 24, 2009
Page 31

**Revised January 23 Log Entry No. 2127:** This document will not be produced. These handwritten notes by Daphne Gronich regarding an investigation of a potential MGA trademark dispute are privileged and protected by the work product doctrine.

### E. Revised January 28 Log

**Revised January 28 Log Entry No. 96:** This document is the attachment to Entry No. 95, which is an attorney-client privileged and work product protected communication between Isaac Larian and MGA's outside counsel Caroline Mankey and Patty Glaser. Entry No. 96 is also protected by the attorney-client privilege and work product doctrine as it was prepared by MGA's outside counsel Marshall Grossman for use by counsel in the litigation between MGA and Lucas Film. The documents reflect the legal strategy and mental impressions of MGA's counsel regarding the dispute with Lucas Film.

**Revised January 28 Log Entry Nos. 117, 190 and 237 (duplicates):** These documents are the attachments to Entry Nos. 116, 189 and 236 (duplicates), which are attorney-client privileged and work product protected communications between Isaac Larian and MGA's outside counsel Caroline Mankey and Patty Glaser. Entry Nos. 117, 190 and 237 are protected by the attorney-client privilege and work product doctrine as they were jointly prepared by Ms. Mankey and Isaac Larian for use by counsel in the litigation between MGA and Lucas Film. The documents reflect the legal strategy, legal analysis and mental impressions of Ms. Mankey and Mr. Larian regarding the Lucas Film dispute.

**Revised January 28 Log Entry Nos. 130 and 211 (duplicates):** These documents were attached to Entry Nos. 129 and 210 (duplicates), which are attorney-client privileged and work product protected emails from Isaac Larian to MGA's in-house counsel Mitchell Kamarck. Entry Nos. 130 and 211 are also protected by the attorney-client privilege and work product doctrine as they were prepared by MGA's outside counsel Marshall Grossman for use by counsel in the litigation between MGA and Lucas Film. The documents reflect the legal strategy, legal analysis and mental impressions of Mr. Grossman regarding the Lucas Film dispute. Entry Nos. 130 and 211 are duplicates of Entry No. 96.

**Revised January 28 Log Entry Nos. 167 and 215:** MGA will produce this document.

**Revised January 28 Log Entry No. 170:** This document was attached to Entry No. 169. Entry Nos. 169 and 170 are protected by the attorney-client privilege and work product doctrine as they are communications from Fred Larian to MGA's outside counsel Caroline Mankey regarding MGA's dispute with Lucas Film. Entry No. 170 is a document prepared by Isaac and Fred Larian and reflects Isaac and Fred Larian's comments and analysis regarding the strategy for the dispute with Lucas Film. The document also requests legal advice regarding the dispute with Lucas Film.

EXHIBIT 10
PAGE 309



# ORRICK

B. Dylan Proctor
August 24, 2009
Page 32

**Revised January 28 Log Entry Nos. 198 and 253 (duplicates):** These documents were attached to Entry Nos. 197 and 252 (duplicates) which are attorney-client privileged and work product protected emails from Isaac Larian to Fred Larian and MGA's outside counsel Patty Glaser and Caroline Mankey responding to Ms. Mankey's request for information for the purpose of rendering legal advice. Entry Nos. 198 and 253 are documents collaboratively prepared by Ms. Mankey, Ms. Glaser, Isaac Larian and Fred Larian and reflect the legal strategy, legal analysis and mental impressions of them regarding the dispute with Lucas Film.

**Revised January 28 Log Entry No. 258:** This document was attached to Entry No. 257, which is an attorney-client privileged and work product protected email from MGA's outside counsel Caroline Mankey to Fred Larian, cc: Patty Glaser, communicating legal advice regarding MGA's litigation with Lucas Film. Entry No. 258 are documents collaboratively prepared by Ms. Mankey, Ms. Glaser and Isaac and Fred Larian for use in the litigation between MGA and Lucas Film.Entry No. 258 reflects Ms. Mankey, Ms. Glaser and Isaac and Fred Larian's legal strategy, legal analysis and mental impressions regarding the dispute with Lucas Film.

**Revised January 28 Log Entry Nos. 289 and 290:** These drawings were attached to Entry No. 288 and are protected by the attorney-client privilege. These drawings form the basis for Jonathan Buford's request for legal advice from MGA's outside counsel Alan Rose regarding patent issues. These documents are protected by the attorney-client privilege as they formed the basis for the request for legal advice in Entry No. 288 and producing them would reveal the legal advice requested.

**Revised January 28 Log Entry Nos. 325-327:** These documents were attached to Entry No. 324. These drawings were prepared for the purpose of requesting of legal advice from MGA's patent attorneys. Because they were prepared specifically for the purpose of requesting legal advice, they are protected by the attorney-client privilege.

## F. Revised January 30 Log

**Revised January 30 Log Entry No. 269 and 282:** These documents will be produced in redacted form. Because these documents reveal in detail the legal work performed by MGA's outside counsel in Canada, this detail will be redacted. The remainder of the documents will be produced.

EXHIBIT 10
PAGE 310



ORRICK

B. Dylan Proctor
August 24, 2009
Page 33

Very truly yours,

Cynthia A. Lock

cc:     Annette L. Hurst
        Jason D. Russell (*by email only*)

EXHIBIT 10
PAGE 311

**EXHIBIT 11**

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

WRITER'S DIRECT DIAL NO.
(213) 443-3112

WRITER'S INTERNET ADDRESS
dylanproctor@quinnemanuel.com

September 15, 2009

<u>VIA E-MAIL</u>

Cynthia A. Lock
Orrick, Herrington & Sutcliffe LLP
4 Park Plaza
Suite 1600
Irvine, CA 92614

Re:   Mattel, Inc. v. MGA Entertainment, Inc. et al.

Dear Cynthia:

I write regarding your letter of August 24, 2009.  We are considering the information set forth therein, but seek clarification with regard to a couple of the issues raised by your letter.

First, you previously stated that the documents identified in your letter for which MGA has withdrawn any claim of privilege would be produced to Mattel this week.  Please let me know when we can expect that production.

Second, I note a number of entries addressed in your letter show communications between MGA employees such as Sandrine de Raspide or Beth Cahill and "MGA's agent" or "agents," such as Leonor Gravey, Christophe Drevet, Fiorella Jaime, Fanny Salazar and Gloria Salazar.  See, e.g., Rev. Aug. Log No. 132; Rev. Sept. Log Nos. 1402, 2347.   Other entries describe communications with agents, but do not specifically identify them.  See, e.g., Rev. Sept. Log Nos. 217, 218, 2068, 2462; Rev. January 23 Log Nos. 6, 7, 1618.  Indeed, MGA's logs are replete with communications to named and unnamed individuals who appear to be neither MGA employees nor MGA attorneys, including Nick Austin, Jose Antonio Vargas, Neil Bandtock, Julian Boyers, Larry Deitch, Greg Fischbach, Milagros Gonzalez, Mashahuru Igaraashi, Arianne Ku, Erin Kubbinga, Morros Misry, Bahram Parinchy, Fernado Perez, Paul Weston, Michael Welter and Juergen Zacherl.

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100

07975/3104272.1

EXHIBIT 11
PAGE 512

Please identify the named individuals and any other third-parties on MGA's logs so that we can
assess how the claimed privilege(s) appl(ies). As for the unnamed "agents," please identify them
by name and provide sufficient information about them so that we can ascertain the basis for
your claim(s) of privilege.

Additionally, based on the representations in your letter, several of the entries include
attachments which are seemingly not independently privileged, yet are being withheld from
production on the basis that "revealing the attachments would reveal the legal advice being
sought." See, e.g., Rev. Aug. Log Nos. 526, 585; Rev. Sept. Log Nos. 891, 1193, 2835, 2839;
Rev. Jan. 23 Log Nos. 196, 197, 198. As MGA has recognized, however, documents attached to
a privileged communication do not themselves become privileged merely by virtue of their
connection to the privileged document. Therefore, it is improper for MGA to withhold them
from production and those documents should be produced (even if, as attachments to the claimed
privileged communication, they are also being withheld and logged). Please confirm that they
have been produced or that you will produce them.

I look forward to hearing from you.

Very truly yours,

B. Dylan Proctor/ZDK

B. Dylan Proctor

07975/3104272.1                                                2

EXHIBIT 11
PAGE 313

**EXHIBIT 12**

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL: (213) 443-3000 FAX: (213) 443-3100

WRITER'S DIRECT DIAL NO.
**(213) 443-3112**

WRITER'S INTERNET ADDRESS
**dylanproctor@quinnemanuel.com**

October 21, 2009

**VIA E-MAIL**

Cynthia A. Lock, Esq.
Orrick, Herrington & Sutcliffe LLP
4 Park Plaza
Suite 1600
Irvine, CA 92614

Re:     Mattel, Inc. v. MGA Entertainment, Inc. et al.

Dear Cynthia:

I write with respect to our ongoing meet and confer regarding various unattributed handwritten notes listed on MGA's privilege logs. As I indicated in my September 15, 2009 letter, Mattel continues to review the additional information provided in your August 24, 2009 regarding these unattributed handwritten notes.

In addition to those entries previously identified, Mattel has identified the following entries for which MGA has failed to provide information such as author and/or recipient or other information sufficient to substantiate its withholdings. See Rev. Aug. Log Nos. 333.1, 632r, 633; Rev. Sept. Log Nos. 8, 40.2, 43.2, 76, 343, 422, 564.2, 564.3, 565.16, 566, 572.3, 575, 580.1, 583, 586, 591, 592, 593, 594, 603, 701, 702.1, 1470.2, 1652.2, 1669, 1670, 1671, 2418.1, 2418.2, 2419, 2420.1, 2629, 2651, 2652, 2653, 2810.4r, 2815; Rev. Jan. 23 Log Nos. 389, 391, 402, 582, 704, 705, 706, 707, 708, 744, 745, 806, 1017, 1018, 1080, 1115, 1119, 1140, 1141, 1145, 2136, 2151; Rev. Jan. 28 Log Nos. 260, 268; Rev. Jan. 30 Log Nos. 77, 100. Please let me know if and by when MGA will provide this information so that Mattel can assess MGA's privilege assertions as to these entries.

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, NY 10010 | TEL: (212) 849-7000 FAX (212) 849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, CA 94111 | TEL (415) 875-6600 FAX (415) 875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, CA 94065 | TEL (650) 801-5000 FAX (650) 801-5100
CHICAGO | 250 South Wacker Drive, Suite 230, Chicago, IL 60606 | TEL (312) 463-2961 FAX (312) 463-2962
LONDON | 16 Old Bailey, London EC4M 7EG United Kingdom | TEL +44(0) 20 7653 2000 FAX +44(0) 20 7653 2100
TOKYO | Akasaka Twin Tower Main Bldg., 6th FL., 17-22 Akasaka 2-Chome, Minato-ku, Tokyo 107-0052 Japan | TEL +81 3 5561-1711 FAX +81 3 5561-1712

EXHIBIT 12
PAGE 344

Additionally, in your letter of August 24, 2009, you discussed Entry No. 1659 on the Revised
September Log, indicating that you would be producing some but not all of the handwritten notes
on this multi-page document. Please clarify whether your discussion of that entry encompassed
the attached "trademark specimens with handwritten notes" which have been logged as entries
1659.4, 1659.5, 1659.6, 1659.7, 1659.8, 1659.9, 1659.10, 1659.11, 1659.12, 1659.13, 1659.14,
1659.15, 1659.16, 1659.17, 1659.18, 1659.19, 1659.20, 1659.21, 1659.22, 1659.23, 1659.24,
1659.25, 1659.26, 1659.27, 1659.28, 1659.29, and if so, whether MGA continues to withhold
these attachments or not.  If MGA's discussion did not encompass these entries, please identify
the author(s) and/or recipient(s) of these handwritten notes or otherwise provide sufficient
information to assess the applicability of the claimed privilege.

I look forward to hearing from you.

Best regards,

/s/ B. Dylan Proctor

B. Dylan Proctor

2

EXHIBIT 12
PAGE 315