EXHIBIT 20

# CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

**EXHIBIT 21**

# CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

**EXHIBIT 22**

# CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

**EXHIBIT 23**

**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

**EXHIBIT 24**

**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

EXHIBIT 25

Home Contact Sitemap fax: 918-582-6772 918-587-6828 Search :

ABOUT PARALEGALS
THE ASSOCIATION OF LEGAL ASSISTANTS • PARALEGALS

About NALA About Paralegals Certification Continuing Education Facts & Findings Affiliated Associations Members' Area

**About Paralegals**

*According to the U.S. Bureau of Labor Statistics, employment of paralegals and legal assistants is projected to grow 22 percent between 2006 and 2016, much faster than the average for all occupations. Review this area and the links below to learn more about the paralegal profession and NALA's role in leading the field.*

*This section sponsored by:*
Master's Degree in Paralegal Studies
THE GEORGE WASHINGTON UNIVERSITY
Learn more »

A legal assistant or paralegal is a person qualified by education, training or work experience who is employed or retained by a lawyer, law office, corporation, governmental agency or other entity who performs specifically delegated substantive legal work for which a lawyer is responsible. (Adopted by the ABA in 1997)

**News & Upcoming Events**

**2009 NALA National Award Recipients Honored**

Recipients of the NALA 2009 Presidents Award, National Affiliated Associations Achievement Award, Affiliated Associations Outstanding Contribution Award were all honored during the 2009 NALA Convention . ..

More

**2009 NALA Affiliate Association Award Recipients Honored**

Affiliated Associations of NALA honored the contributions of special members during the 2009 NALA Annual Convention . . .

## NALA Code of Ethics and Professional Responsibility

**Copyright 2007; Adopted 1975; Revised 1979, 1988; 1995; 2007.**
**National Association of Legal Assistants, Inc.**

Each NALA member agrees to follow the canons of the NALA Code of Ethics and Professional Responsibility Violations of the Code may result in cancellation of membership. First adopted by the NALA membership in May of 1975, the Code of Ethics and Professional Responsibility is the foundation of ethical practices of paralegals in the legal community.

---

A paralegal must adhere strictly to the accepted standards of legal ethics and to the general principles of proper conduct. The performance of the duties of the paralegal shall be governed by specific canons as defined herein so that justice will be served and goals of the profession attained. (See Model Standards and Guidelines for Utilization of Legal Assistants, Section II.)

The canons of ethics set forth hereafter are adopted by the National Association of Legal Assistants, Inc., as a general guide intended to aid paralegals and attorneys. The enumeration of these rules does not mean there are not others of equal importance although not specifically mentioned. Court rules, agency rules and statutes must be taken into consideration when interpreting the canons.

**Definition:** Legal assistants, also known as paralegals, are a distinguishable group of persons who assist attorneys in the delivery of legal services. Through formal education, training and experience, legal assistants have knowledge and expertise regarding the legal system and substantive and procedural law which qualify them to do work of a legal nature under the supervision of an attorney.

In **2001**, NALA members also adopted the ABA definition of a legal assistant/paralegal, as follows:

A legal assistant or paralegal is a person qualified by education, training or work experience who is employed or retained by a lawyer, law office, corporation, governmental agency or other entity who performs specifically delegated substantive legal work for which a lawyer is responsible. (Adopted by the ABA in 1997)

**Canon 1.**
A paralegal must not perform any of the duties that attorneys only may perform nor take any actions that attorneys may not take.

**Canon 2.**
A paralegal may perform any task which is properly delegated and supervised by an attorney, as long as the attorney is ultimately responsible to the client, maintains a direct relationship with the client, and assumes professional responsibility for the work product.

**Canon 3.**
A paralegal must not: (a) engage in, encourage, or contribute to any act which could constitute the unauthorized practice of law; and (b) establish attorney-client relationships, set fees, give legal opinions or advice or represent a client before a court or agency unless so authorized by that court or agency; and (c) engage in conduct or take any action which would assist or involve the attorney in a violation of professional ethics or give the appearance of professional impropriety.

**Canon 4.**
A paralegal must use discretion and professional judgment commensurate with knowledge and experience but must not

EXHIBIT 26
PAGE 363

render independent legal judgment in place of an attorney. The services of an attorney are essential in the public interest whenever such legal judgment is required.

**Canon 5.**

A paralegal must disclose his or her status as a paralegal at the outset of any professional relationship with a client, attorney, a court or administrative agency or personnel thereof, or a member of the general public. A paralegal must act prudently in determining the extent to which a client may be assisted without the presence of an attorney.

**Canon 6.**

A paralegal must strive to maintain integrity and a high degree of competency through education and training with respect to professional responsibility, local rules and practice, and through continuing education in substantive areas of law to better assist the legal profession in fulfilling its duty to provide legal service.

**Canon 7.**

A paralegal must protect the confidences of a client and must not violate any rule or statute now in effect or hereafter enacted controlling the doctrine of privileged communications between a client and an attorney.

**Canon 8.**

A paralegal must disclose to his or her employer or prospective employer any pre-existing client or personal relationship that may conflict with the interests of the employer or prospective employer and/or their clients.

**Canon 9.**

A paralegal must do all other things incidental, necessary, or expedient for the attainment of the ethics and responsibilities as defined by statute or rule of court.

**Canon 10.**

A paralegal's conduct is guided by bar associations' codes of professional responsibility and rules of professional conduct.

More

**Special Offer for 20[illegible] New and Renewing Active M[illegible]s!**

The times have been [illegible] - we all know it. Tough as th[illegible], the continuing educaiton [illegible] of paralegals never subs[illegible] To assist members with their p[illegible]sional needs, the NALA Boa[illegible] Directors approved a special gi[illegible]ew and renewing active mem[illegible]during the 2008-09 fiscal year.

More

**Facts & Findings Ch[illegible] Announced!**

BIG changes are und[illegible] and will be noticed soon with the [illegible]st issue of Facts & Findings!

More

**Need a product or s[illegible]e for your office?**

The NALA Vendor Dire[illegible] is a terrific place to start. This is [illegible] of legal vendors offering a gre[illegible]nge of help including deposition s[illegible]es, document services, a[illegible]vestigations. Click the link below...

More

Click here for more [illegible] articles



© 2008, National Association of Legal Assistants 1516 S. Boston, #200, Tulsa, OK 74119
nalanet@nala.org

EXHIBIT 26

**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**