1  MELINDA HAAG (State Bar No. 132612)
   mhaag@orrick.com
2  ANNETTE L. HURST (State Bar No. 148738)
   ahurst@orrick.com
3  WARRINGTON S. PARKER III (State Bar No. 148003)
   wparker@orrick.com
4  ORRICK, HERRINGTON & SUTCLIFFE LLP
   The Orrick Building, 405 Howard Street
5  San Francisco, CA 94105
   Tel: (415) 773-5700/Fax: (415) 773-5759
6
   WILLIAM A. MOLINSKI (State Bar No. 145186)
7  wmolinski@orrick.com
   ORRICK, HERRINGTON & SUTCLIFFE LLP
8  777 South Figueroa Street, Suite 3200
   Los Angeles, CA  90017
9  Tel. (213) 629-2020/Fax: (213) 612-2499

10 THOMAS S. MCCONVILLE (State Bar No. 155905)
   tmcconville@orrick.com
11 ORRICK, HERRINGTON & SUTCLIFFE LLP
   4 Park Plaza, Suite 1600
12 Irvine, CA 92614-2258
   Tel: (949) 567-6700/Fax: (949) 567-6710
13
   Attorneys for MGA Parties
14
                 UNITED STATES DISTRICT COURT
15               CENTRAL DISTRICT OF CALIFORNIA
                      SOUTHERN DIVISION
16

| | |
|---|---|
| CARTER BRYANT, an Individual, | Case No.  2:04-CV-09049-DOC-RNBx |
| Plaintiff, | Consolidated with Case No. CV 04-9059 and Case No. CV 05-2727 |
| v. | **DISCOVERY MATTER** |
| MATTEL, INC., a Delaware Corporation, | **[To Be Heard By Discovery Master Robert C. O'Brien]** |
| Defendant. | DECLARATION OF CYNTHIA A. LOCK IN SUPPORT OF: |
| AND CONSOLIDATED ACTIONS | MGA PARTIES' OPPOSITION TO: (1)  MATTEL, INC.'S MOTION TO COMPEL IN CAMERA REVIEW OF ALLEGEDLY NON-LEGAL LARIAN COMMUNICATIONS; AND (2)  MATTEL, INC.'S MOTION TO COMPEL PRODUCTION AND/OR IN CAMERA REVIEW OF ALLEGEDLY NON-PRIVILEGED COMMUNICATIONS OF PARALEGALS |
| | MGA'S CROSS-MOTION FOR A PROTECTIVE ORDER. |

I, Cynthia A. Lock, declare as follows:

1.      I am a member of the Bar of the State of California and admitted to practice before this Court, and of counsel with the law firm of Orrick, Herrington & Sutcliffe LLP, counsel to MGA Entertainment, Inc., MGA Entertainment HK, Ltd., MGAE De Mexico, S.R.L. De C.V., and Isaac Larian (collectively, the "MGA Defendants").  I make this declaration in support of the MGA Defendants' Opposition to Mattel's Motion to Compel an *In Camera* Review of Allegedly Non-Legal Larian Communications.  I make this declaration of my own personal knowledge and, if called as a witness unless indicated as to information and believe, I could and would testify competently to the truth of the matters set forth herein.

**The *In Camera* Review Pursuant To Order No. 33**

2.      On May 18, 2009, the Discovery Master issued Order No. 33, which in part ordered MGA to submit for *in camera* review more than 500 documents from its privilege logs.

3.      The documents from MGA's privilege logs had been identified by Mattel on five appendices (Appendix A-E) as part of its Motion to Compel an *In Camera* Review and Production of Non-Attorney or Non-Legal Communications Listed on MGA and Isaac Larian's Privilege Logs (DE 5104).

4.      As soon as Orrick came into this case in early July 2009, we began collecting and reviewing every one of the documents listed on Mattel's Appendices A-E and that were the subject of Order No. 33.

5.      We undertook this review to confirm whether they should continue to be withheld and submitted to the Discovery Master, or whether they should be produced in whole or in part. I was personally involved in this review and also supervised the others who were involved in the review.

6.      Initially our review was hampered by the ongoing transfer of files including the migration of numerous document databases.

7.      Over the course of the next several weeks, we spent hundreds of hours

2

1    reviewing documents from MGA's privilege logs.

2         8.    On August 4, 2009, we complied with Order No. 33 by submitting for

3    *in camera* review the documents for which MGA maintained withholding the

4    document on the grounds of the attorney-client privilege and/or work product

5    doctrine.

6         9.    As part of our review process, we determined that nearly 100

7    documents from Appendices A-E should be produced, either in whole or in

8    redacted form.  Because we had determined that some of the documents on

9    Appendices A-E should be produced, we did not submit them to Discovery Master

10   O'Brien for his review.

11        10.   Mattel later accused us of failing to comply with Order No. 33 by not

12   submitting all documents to Discovery Master O'Brien, even those that we had

13   agreed to produce.  Attached hereto as **Exhibit 1** is a true and correct copy of an

14   email chain on August 18 and 19, 2009, between Dylan Proctor and me regarding

15   this accusation.

16        11.   On August 21, 2009, we produced to Mattel the documents that we

17   had determined should not be submitted for *in camera* review.  Attached hereto as

18   **Exhibit 2** is a true and correct copy of the August 21, 2009, letter producing

19   documents to Mattel.

20        12.   On September 10, 2009, we provided Bates numbers for each of the

21   documents that had been produced to Mattel on August 21.  Attached hereto as

22   **Exhibit 3** is a true and correct copy of the September 10, 2009, letter providing

23   Bates numbers to Mattel.

24        13.   At a hearing before Discovery Master O'Brien on August 27, 2009,

25   Discovery Master O'Brien confirmed that the procedure that we had used in

26   submitting only those documents for *in camera* review that we maintained a claim

27   of attorney-client privilege or work product protection, and producing those that we

28   determined should be produced.  Attached hereto as **Exhibit 4** is a true and correct

1   copy of excerpts of the hearing transcript before Discovery Master O'Brien on

2   August 27, 2009.

3        14.    Attached hereto as **Exhibit 5** is a true and correct copy of excerpts of

4   the hearing transcript before Judge Larson on September 22, 2009.  [**FILED**

5   **UNDER SEAL**]

6        **Mattel's July 17, 2009, Demand That MGA Review Its Privilege Logs**

7        15.    While we were reviewing documents to comply with Order No. 33,

8   Mattel sent a letter demanding that we comply with an agreement by MGA's prior

9   counsel to review nearly 300 additional documents from MGA's privilege logs.

10  Attached hereto as **Exhibit 6** is a true and correct copy of Mattel's July 17, 2009,

11  letter.

12       16.    At least nineteen of the documents listed in Mattel's letter were also

13  listed on the five appendices that Mattel had provided as part of the *in camera*

14  review.

15       17.    We reviewed each of the documents identified by Mattel in its July 17

16  letter.

17       18.    As part of that review, we reviewed more than 200 documents that

18  Mattel represented MGA's prior counsel had agreed to produce.  Upon further

19  review and consideration, we determined that five documents should not be

20  produced because that they were protected by the attorney-client privilege and/or

21  work product doctrine.  We produced the remaining documents to Mattel on August

22  14, 2009.  Attached hereto as **Exhibit 7** is a true and correct copy of the August 14,

23  2009, letter producing documents to Mattel.

24       19.    On August 24, 2009, I provided a 32 page, single-spaced response to

25  Mattel's July 17 letter.  In my letter, I informed Mattel that some of the documents

26  identified by Mattel in its July 17 letter had been submitted to Discovery Master

27  O'Brien.  Mattel did not respond to my letter.  Attached hereto as **Exhibit 8** is a

28  true and correct copy of my August 24, 2009, letter to Mattel.  [**FILED UNDER**

SEAL]

20.     In my August 24 letter, I also agreed to produce approximately 180 additional documents and did so on September 17, 2009.  Attached hereto as **Exhibit 9** is a true and correct copy of my September 17, 2009, letter producing documents to Mattel.

**Mattel's September 9, 2009, Demand That MGA Review Its Privilege Logs**

21.     On September 9, 2009, Mattel demanded that MGA review an additional 1,200 documents from MGA's privilege logs.  Attached hereto as **Exhibit 10** is a true and correct copy of Mattel's September 9, 2009, letter.

22.     The list in Mattel's September 9 letter included nearly two dozen documents identified either in its July 17 letter or Order No. 33.  Some of the documents listed in Mattel's September 9 letter had already been submitted to the Discovery Master in connection with the August 4 *in camera* review.   Some documents had been previously identified in Mattel's July 17 letter to which I had already responded in detail on August 24, and had heard nothing further on the subject.

23.     On September 16, 2009, I responded to Mattel's September 9 letter.  I requested that Mattel eliminate duplicate documents from its demand, but I also agreed to review the non-duplicative documents.  Attached hereto as **Exhibit 11** is a true and correct copy of my September 16, 2009, letter.

24.     Mattel did not respond to my September 16 letter.

**Mattel's October 9, 2009, Demand That MGA Review Its Privilege Logs**

25.     Instead of responding to my request that Mattel de-duplicate its request for review, on October 9, 2009, Mattel again demanded that we review documents from MGA's privilege logs.  Attached hereto as **Exhibit 12** is a true and correct copy of Mattel's October 9, 2009, letter.

26.     This time, Mattel listed over 400 documents that it argued required

1   review, contending that they were communications with a paralegal and therefore

2   improperly withheld.

3        27.     Approximately half of the documents listed in the October 9 letter also

4   appear on the September 9 letter.  For example, of the documents listed under

5   "MGA's Supplemental Privilege Log – August 14, 2007, revised March 20, 2008

6   and April 17, 2009 ("Rev. Aug. Log")," the following entry numbers appear in both

7   the September 9 and October 9 letters: 299 (also on the July 17 letter), 420, 554

8   (also on the July 17 letter), 556, 591 (also on the July 17 letter), 603.2, 604 (also on

9   the July 17 letter), 618.1r (also on the July 17 letter), 707, 713, 724, 726, 727, 728,

10  730, 732, 739, 744, 847, 848, 849, 850, 851, 858, 859, 869r, 884, 889r, 904, 922,

11  925, 936, 936r, 938, 939, 941, 944, 948, 949, 950, 952, 958r, 979, 994, 996, 998,

12  1003, 1020, 1024, 1032, 1033, 1035, 1050, 1052, 1065, 1069 and 1085.  The other

13  logs listed in the September 9 and October 9 letters contain similar numbers of

14  duplicate entries among the July 17, September 9 and October 9 letters.

15       28.     Because of the Columbus Day holiday, our response to Mattel's letter

16  was not due until October 19, 2009.  However, on October 9, I confirmed to Mattel

17  by email that we would respond Mattel's request for a meet and confer during the

18  week of October 12, 2009.  Attached hereto as **Exhibit 13** is a true and correct copy

19  of my October 9, 2009, email.

20       29.     Before we could respond to Mattel's October 9 letter, Mattel filed this

21  Motion.

22       **MGA's Document Production**

23       30.     The MGA parties have produced more than 350,000 documents.

24       31.     I supervised the search of the electronic database of documents that

25  MGA has produced for any document showing that Daphne Gronich, Donna

26  Cunningham, Mitchell Kamarck, Julie Mote, David Oaks, or Judy Kim was the

27  sender or author, or was cc'd or bcc'd on the document.  All of these individuals

28  were in-house counsel at MGA and are listed on Appendix A of Mattel's Motion to

LOCK DECL. ISO OPP TO MTC *IN CAMERA* REVIEW OF
ALLEGEDLY NON-LEGAL LARIAN COMMUNICATIONS
CV 04-9049 DOC (RNBx)

1   Compel.

2        32.    Using this search criteria, we determined that approximately 2,100 of

3   the produced documents included communications with one or more of the

4   attorneys who are listed in entries on Appendix A of Mattel's Motion to Compel.

5        33.    Mattel served nearly 3,000 document requests on the MGA Parties

6   prior to the time that these documents were reviewed and logged on a privilege log.

7   These document requests were voluminous and sought massive amounts of

8   information from MGA.

9        34.    Attached hereto as **Exhibit 14** is a true and correct copy of excerpts of

10  the Deposition of Paula Treantafelles (née Garcia), dated May 24, 2007. [**FILED**

11  **UNDER SEAL**]

12       35.    Attached hereto as **Exhibit 15** is a true and correct copy of Mattel's Q3

13  2009 Earnings Call Transcript, dated October 16, 2009 as found at

14  http://seekingalpha.com/article/167009-mattel-q3-2009-earnings-call-

15  transcript?source=yahoo&page=-1

16       36.    On Monday, November 2, 2009, I met and conferred with Dylan

17  Proctor and Zachary Krug regarding MGA's Cross-Motion for a Protective Order.

18       37.    Attached hereto as **Exhibit 16** is a true and correct copy of an email

19  from Cynthia Lock to Dylan Proctor and Zachary Krug, dated November 3, 2009.

20       38.    Attached hereto as **Exhibit 17** is a true and correct copy of a letter

21  from Dylan Proctor to Cynthia Lock, dated November 3, 2009

22

23       I declare under penalty of perjury that the foregoing is true and correct and

24  that this Declaration was hereby executed this 3rd day of November 2009, at Irvine,

25  California.

26

27

28                                           /s/ *Cynthia A. Lock*
                                             Cynthia A. Lock

LOCK DECL. ISO OPP TO MTC *IN CAMERA* REVIEW OF
ALLEGEDLY NON-LEGAL LARIAN COMMUNICATIONS
CV 04-9049 DOC (RNBx)