# Exhibit 6

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

WRITER'S DIRECT DIAL NO.
**(213) 443-3112**

WRITER'S INTERNET ADDRESS
**dylanproctor@quinnemanuel.com**

July 17, 2009

**VIA FACSIMILE AND U.S. MAIL**

Cynthia A. Lock
Orrick Herrington & Sutcliffe LLP
4 Park Plaza, Suite 1600
Irvine, CA 92614
Fax: (949) 567-6710

Re:   Mattel v. MGA Entertainment, Inc., et al.

Dear Cynthia:

Since February of this year, Caroline Mankey, at the Glaser firm, and I have been engaged in an ongoing meet and confer regarding certain entries on MGA's and Isaac Larian's privilege logs.[1]

I refer you to letters dated February 8, 2009, March 3, 2009, March 4, 2009, March 10, 2009, March 12, 2009, April 3, 2009, April 9, 2009, April 17, 2009, May 7, 2009, June 16, 2009 and June 22, 2009, which I have enclosed.

As you can see, Mattel has already extensively met and conferred with MGA on a variety of issues relating to its logs, without adequate resolution to date.  MGA previously agreed to review the

---

[1]     The logs in question here are MGA's Supplemental Privilege Log – August 14, 2007, revised March 20, 2008 and April 17, 2009 ("Rev. Aug. Log"), MGA's Supplemental Privilege Log – September 5, 2007, revised March 20, 2008 and May 5, 2009 ("Rev. Sept. Log"), Isaac Larian's Privilege Log – January 15, 2008 ("Jan. 15 Log"), MGA's Privilege Log – January 23, 2008, revised February 5, 2008 and April 9, 2009 ("Rev. Jan. 23 Log"), MGA's Privilege Log – January 28, 2008, revised February 8, 2008 ("Rev. Jan. 28 Log") and Isaac Larian's Privilege Log – January 30, 2008, revised April 9, 2009 ("Rev. Jan. 30 Log").

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100

SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700

SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100

TOKYO | Akasaka Twin Tower Main Building, 6th Floor, 17-22 Akasaka 2-Chome, Minato-ku, Tokyo 107-0052, Japan | TEL +81-3-5561-1711 FAX +81-3-5561-1712

Exhibit 6 - Page 33

entries cited by Mattel and to revise its logs or provide descriptions to substantiate its claims of privilege and to correct other problems in the logs. See March 3, 2009 Letter from B. Dylan Proctor to C. Mankey; March 4, 2009 Letter from C. Mankey to B. Dylan Proctor.

In April 2009, after MGA had been given months to review the entries identified by Mattel, it began producing revised logs.[2]  In some cases, MGA's revised logs indicated that it was withdrawing its privilege claims, while for other entries, MGA indicated that it was still in the process of reviewing its privilege claims.[3]

Although MGA's revised logs provide sufficient detail to support its withholding as to some entries, the majority of entries, even as revised, present the same problems that prompted Mattel's initial inquiry.  These deficiencies are set forth in great detail in Mattel's prior letters.  However, given that this process has already taken months, and to avoid further delay arising from MGA's substitution, of course, I will again set forth the specific entries identified and the substance of Mattel's objections.

### _Handwritten Notes_

In early February of this year, Mattel indentified hundreds of entries on MGA's logs involving "handwritten notes" for which neither the author/recipient of the note nor a description of its subject matter were provided.  As set forth in Mattel's prior letters, by failing to indicate who authored these notes, much less how they involved legal advice, MGA has not carried its "burden of proving every element applicable to the attorney-client privilege." Federal Election Com'n v. Christian Coalition, 178 F.R.D. 61, 70 (E.D. Va. 1998) (log entries deficient where they did not identify author of handwritten notes); Fidelity & Deposit Co. of Maryland v. McCulloch, 168 F.R.D. 516, 523 (E.D. Pa. 1996).  ("[W]here no author is listed, [the party claiming privilege] must describe the content of the documents [handwritten notes] such that [the party seeking discovery] and this Court may better assess the applicability of the privilege.").

MGA agreed to review its claims of privilege as to these "handwritten notes" and provide revised descriptions.  See March 3, 2009 Letter from B. Dylan Proctor to C. Mankey; March 4, 2009 Letter from C. Mankey to B. Dylan Proctor.

Based on MGA's revised descriptions, and assuming the accuracy thereof, we are satisfied as to the following entries containing "handwritten notes" (without prejudice to Mattel's right to litigate the

---

[2]   As set forth in Mattel's June 16, 2009 Letter, MGA's review was incomplete in several respects.  While some of these issues have since been remedied, MGA still has not completed its review of Isaac Larian's January 15, 2008 Log or provided a newly revised January 28, 2008 Log.

[3]   Mattel previously requested that MGA provide a date when this review would be complete, but has not yet received a response.  The entries that MGA marked for "further review" are as follows: Rev. Aug. Log Nos. 132, 602.15, 653; Rev. Sept. Log Nos. 930.1, 1421.4, 1577.4, 1635, 1636, 1821.3, 1822.2, 2417; Rev. Jan. 23 Log Nos. 782, 784, 920, 923, 965, 966, 1023, 1606, 2029, 2126, 2127, 2128, 2129, 2130; Rev. Jan. 30 Log Nos. 30, 244, 245, 246, 247, 269, 282.

2

Exhibit 6 - Page 34

propriety of withholding these entries at a later time, which is reserved): <u>Rev. Aug. Log No.</u> 333.3; <u>Rev. Sept. Log No.</u> 1421.1, 1822.1, 2422.2; <u>Rev. Jan. 23 Log Nos.</u> 181, 234, 235, 389, 391, 402.

However, for the vast majority of the entries identified by Mattel, MGA did not provide the author/recipient or provide revised adequate revised descriptions.

Instead, MGA's revised descriptions now state that the handwritten notes are "related" to the underlying document or communication, without providing any further detail as to the author or the recipient of the notes themselves. <u>See</u> <u>Rev. Aug. Log Nos.</u> 259.4, 346, 429.3, 457, 483, 508, 554, 557, 560, 570, 602.2, 602.15r, 604, 605.2, 607.2, 609, 613, 618.2, 621, 622, 623.1, 626.3, 630, 634, 638, 641.1, 641.2; <u>Rev. Sept. Log Nos.</u> 869, 870, 877.1, 896.1, 1074.1, 1084.1, 1084.2, 1259, 1268, 1269, 1271, 1399, 1402, 1659.1., 1666, 1672.1, 1672.2, 1672.3, 1691.1, 1691.2, 1839.1, 2068, 2076.1, 2191, 2194, 2199, 2200, 2319, 2325, 2326.1, 2369.1, 2369.7, 2405, 2409, 2410, 2411, 2412, 2413.1, 2414, 2417, 2422.1, 2423, 2437.2, 2449, 2457, 2462.1, 2464, 2466, 2470, 2530.1, 2630.1, 2814, 2822, 2829.1, 2853, 2854.1, 2857.2r.

Other descriptions now simply state that the document or communication at issue "[c]ontains non-substantive handwritten notes." <u>See</u> <u>Rev. Aug. Log No.</u> 127, 129.1, 131, 172, 196, 259.1, 299, 307.1, 310, 343.11, 343.16, 393, 394, 431.1, 437, 447, 475.1, 507.1, 555, 558, 564, 565, 567, 587, 591, 592, 602.1, 605.1, 607.1, 614.1, 615, 629, 643, 644; <u>Rev. Sept. Log Nos.</u> 699.1, 708.1, 708.2, 804, 830.1, 891.1, 1063.1, 1363, 1364.1, 1446.1r, 1455, 1633.1, 1683.1, 1829.2, 1844.1, 1981.1, 2023, 2150.1, 2174, 2182.1, 2195, 2196, 2201, 2202, 2327, 2347.1, 2377.1r, 2407, 2408, 2462.2, 2607, 2614.1, 2677, 2831.2, 2855.1.

As set forth in Mattel's prior letters, neither of these revisions addresses Mattel's concerns that non-privileged information is being improperly withheld. Describing the handwritten notes as being "related" to the communication or document at issue provides no more information than the original descriptions. Notably, MGA still has not identified the authors or the recipients of the notes, showing they are not properly withheld. <u>See, e.g.,</u> <u>Baxter Healthcare Corp. v. Fresenius Med. Care, Inc.,</u> 2008 WL 5214330, at *3 (N.D. Cal. Dec. 12, 2008) (ordering documents produced from privilege log because party "failed provide sufficient identification" of communications' authors).

Likewise, "non-substantive" notes that are not privileged may be withheld no more than substantive, non-privileged notes. <u>See</u> <u>U.S. v. Weisman,</u> 1995 WL 244522, at *8 (S.D.N.Y. 1995) (it "is not the proper function of [the withholding party] to determine whether documents would in fact be useful to establish [the other party's] case").

As to several other entries, specific issues remain despite MGA's revisions:

- <u>Rev. Aug. Log No.</u> 431.1, as revised, now indicates that the handwritten notes at issue were "from Alan C. Rose" and unidentified "others." Those other individuals should be identified in order to assess whether the notes are, in fact, privileged.

- <u>Rev. Aug. Log Nos.</u> 585.2 and 585.3, as revised, now indicate that these entries are photos with handwritten notes "sent to outside counsel." Despite its revisions, MGA still has not identified the specific sender or recipient. Moreover, as discussed separately in this letter,

3

Exhibit 6 - Page 35

photographs transmitted to counsel generally are not themselves privileged. Accordingly, both the photographs and, at least absent an identification of the specific individuals involved, the notes should be produced.

- Rev. Aug. Log No. 614.3, as revised, now indicates that that the handwritten notes relate to a draft license agreement. However, MGA has still not indentified either the author or recipient of these notes.

- Rev. Aug. Log No. 65 3 has not been revised in any manner, and MGA still has not identified the author of the notes at issue.

- Rev. Sept. Log Nos. 2630.1, 2630.6, 2630.7 and 2835.2, were originally described as drawings or photographs which Mattel identified as being improperly withheld. The revised descriptions now state that the documents contain "handwritten notes" but do not indentify the author or recipient of the notes.

- Rev. Sept. Log Nos. 2856.1r, 2856.14r, 2856.433r, 2856.41r, 2857.3r, 2857.4r and 2857.5r, as revised, are "notes reflecting and for the purpose of rendering legal advice." Please confirm that the notes were authored by or sent to an attorney.

- Rev. Jan. 23 Log No. 312, as revised, indicates this document contains notes reflecting a conversation between an MGA attorney and a potential witness. Because this document is not an attorney-client communication, there appears to be no basis for it being withheld as such. Further, as explained previously, MGA cannot belatedly assert new claims of work product privilege in order to bolster the inadequacies of its original log.

- Rev. Jan. 23 Log Nos. 782, 784 and 1023, as revised, indicate these documents contain handwritten notes, but fail to indicate the notes' authors or recipients.

- Rev. Jan. 23 Log No. 920, as revised, indicates this document is a transcription of a meeting, but does not indicate the participants or purpose of that meeting.

- Rev. Jan. 23 Log No. 2079 has not been revised and is marked for "further review." Please confirm whether any of the individuals listed in the privilege log are attorneys or whether the subject of the note relates to legal advice. Please also identify whose address is "dincdesign@mindspring.com."

- Rev. Jan. 23 Log Nos. 2126 and 2127, as revised, are now described as "[h]andwritten notes" that are "from counsel," but fail to identify either the attorney allegedly involved or the recipient. Additionally, the revised logs improperly assert additional claims of privilege.

- Rev. Jan. 23 Log Nos. 2128 and 2130, as revised, are now described as "[h]andwritten notes," but fail to identify either the author or the recipient.

- Rev. Jan. 23 Log No. 2129, previously described as an email, is now described as "[h]andwritten notes." Please confirm that the attorneys previously listed as author and recipient of the email are, in fact, the author and recipient of this "note."

4

Exhibit 6 - Page 36

Finally, because MGA's review of the *Revised* January 28, 2008 log is incomplete, please confirm whether MGA continues to assert a claim of privilege with regard to the "handwritten notes" described on that log. See Rev. Jan. 28 Log Nos. 128,170.

### *Fax Cover Sheets*

In early February of this year, Mattel identified dozens of entries that, based on the logs descriptions, appeared to be "fax cover sheets." As set forth in Mattel's prior letters, such documents are not generally privileged, in and of themselves, because correspondence that "merely transmit[s] documents to or from an attorney, even at the attorney's request for purposes of rendering legal advice to a client, are neither privileged nor attorney work-product." American Med. Sys., Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Inc., 1999 WL 970341, at *5 (E.D. La. Oct. 22, 1999) (ordering production of fax cover sheets). Thus, while the underlying communication may be privileged, the fax cover sheets are not unless they also transmit confidential information.

MGA agreed to review its claims of privilege as to these "fax cover sheets" and provide revised descriptions. See March 3, 2009 Letter from B. Dylan Proctor to C. Mankey; March 4, 2009 Letter from C. Mankey to B. Dylan Proctor.

Based on MGA's revised descriptions, and assuming the accuracy thereof, we are satisfied as to the following entries described as "fax cover sheets" (without prejudice to Mattel's right to litigate the propriety of withholding these entries at a later time, which is reserved): Rev. Aug. Log No. 333.3; Rev. Sept. Log Nos. 1021.3, 1021.4, 1072.1, 1072.4.

However, despite the revised descriptions, MGA still fails to provide any basis for the withholding of numerous other fax cover sheets. In particular, a number of the revised descriptions now merely state that the fax cover sheets contain "confidential" information. See Rev. Aug. Log Nos. 101.1, 101.2, 129.1, 502.11, 526.1, 562.1, 573.1, 574.1, 578.1, 583.1, 584, 585.1, 586.1; Rev. Sept. Log Nos. 255.7, 740.1, 891.1, 896.1, 1000.4, 1013.1, 1013.8, 1036.4, 1058.1, 1058.4, 1058.5, 1063.1, 1081.2, 1107.1, 1107.4, 1134.1, 1134.4, 1421.1, 1661.1, 1981.1, 2071.1, 2369.7; Rev. Jan. 23 Log Nos. 923, 924, 965, 966. Stating that the fax cover sheets contain "confidential" information does not mean that they contain information protected by the attorney-client privilege. See, e.g., Hynix Semiconductor Inc. v. Rambus Inc., 2008 WL 350641, at *4 (N.D. Cal. 2008) (holding that "[w]hile the [document] was obviously confidential, it is not privileged").

Please let me know whether MGA will continue to assert claims of privilege with regard to these "fax cover sheets."

### *Other Non-Privileged Documents*

In early February of this year, Mattel identified dozens of entries on MGA's logs which, based on their descriptions, did not appear to be privileged. These documents included non-legal material such as photographs and drawings, documents from the public sphere such as websites or press releases, documents relating to legal bills, as well as other documents that were so vaguely described that it was impossible to assess MGA's claims of privilege.

5

Exhibit 6 - Page 37

MGA agreed to review its claims of privilege as to these entries and provide revised descriptions. See March 3, 2009 Letter from B. Dylan Proctor to C. Mankey; March 4, 2009 Letter from C. Mankey to B. Dylan Proctor.

Despite MGA's revised descriptions, certain entries remain problematic.

*Photographs & Drawings*

MGA continues to withhold various drawings of logos and the like for which there are no grounds for the assertion of privilege. See Rev. Sept. Log Nos. 217.2, 1193.4, 1193.5, 1193.6, 1193.7, 1193.8, 1193.9, 1193.0, 11931.11, 1798.3, 1801.3, 1812.3, 1815.2. MGA also continues to withhold as privileged various photographs that were taken by a "private investigator conducting surveillance at the direction of counsel," "sent to outside counsel" or attached to other communications claimed as privileged. See Rev. Aug. Log Nos. 585.2, 585.3; Rev. Sept. Log Nos. 2630.1, 2630.2, 2630.3, 2630.4, 2630.5, 2630.6, 2630.7, 2630.8, 2630.9, 2630.10, 2630.11, 2835.3, 2835.4, 2839.3, 2839.4; Rev. Jan. 23 Log Nos. 6, 7, 196, 197, 198, 1348, 1421, 1618, 1874, 1875, 1881, 1882, 1884, 1885, 2100, 2101, 2102.

None of the revised descriptions provide a basis to justify such continued withholdings. See Clavo v. Zarrabian, 2003 WL 24272641, at *1 (C.D. Cal. 2003) ("The mere transmission of the photographs to counsel does not by itself justify privilege protection."). Please produce such materials or be prepared to explain why MGA believes these documents are properly withheld.

Finally, because MGA's review of the *Revised* January 28, 2008 log is incomplete, please confirm whether MGA continues to assert a claim of privilege with regard to the "photographs," "designs" or "drawings" described on that log. See Rev. Jan. 28 Log Nos. 289, 290, 325, 326, 327.

*Public Records*

While MGA agreed to produce most of the "public records" indentified in Mattel's letter, the revised logs indicate that MGA continues to assert a claim of privilege over "webpages" without any indication of how such an assertion is proper. See Rev. Sept. Log: 1047.6, 1047.9, 1047.10, 1047.11, 1819.12. Please explain this continued withholding.

*Documents from Legal Proceedings*

Based on MGA's revised descriptions, and assuming the accuracy thereof, we are satisfied as to the following entries (without prejudice to Mattel's right to litigate the propriety of withholding these entries at a later time, which is reserved): Rev. Jan. 23 Log Nos. 102, 297, 1715, 1939, 2131, 2132, 2133, 2134, 2135, 2136, 2137.

However, Entry No. 1849, as revised, appears to be an operative complaint, not a draft, that is described as having Isaac Larian's "notes and comments." The log does not indicate the date of such "note and comments" or whether these comments were ever transmitted to an attorney. As

Exhibit 6 - Page 38

such MGA has failed to substantiate that these notes, in fact, reflect an attorney-client
communication.

### *Legal Fees*

Based on MGA's revised descriptions, and assuming the accuracy thereof, we are satisfied as to the
following entry (without prejudice to Mattel's right to litigate the propriety of withholding this entry
at a later time, which is reserved): Rev. Aug. Log No. 295.2.

However, as to the remaining entries, MGA's revised descriptions provide no further support for
withholding than the original log descriptions.

- Rev. Aug. Log No. 241.2, as revised, indicates this document is a "schedule of rates" which
  has been withheld under the attorney-client privilege. Such information is not privileged.

- Rev. Sept. Log Nos. 1821.3 and 1822.2, which have not been revised, appear to be non-
  privileged communications about legal invoices and payment. They should be produced.

- Rev. Jan. 30 Log Nos. 269 and 282 appear to be non-privileged communications about legal
  invoices and payment. They should be produced.

Further, according to the revised descriptions many entries appear to be "check stub[s]," "wire
transfer record[s]," "invoice[s]," "purchase order[s]" and other "accounting documentation" which
were "collected and analyzed" by counsel for the Larian v. Larian litigation. See Rev. Jan. 23 Log
Nos. 335, 336, 337, 338, 339, 341, 342, 343, 344, 345, 346, 347, 348, 349, 350, 351, 352, 353, 354,
355, 356, 357, 358, 360, 361, 362, 363, 364, 365, 366, 367, 368, 369, 1066, 1067, 1068, 1069,
1070, 1071, 1072, 1073, 1074, 1075, 1076, 1077, 1078.

These documents are currently being withheld as attorney-work product. Please confirm whether
the underlying documents themselves—*i.e.*, the checks or wire transfer records—have otherwise
been produced in this matter. If they have not, and absent some further showing, they should be
produced; as you know, documents are not shielded from disclosure merely because they were later
collected by an attorney.

Finally, because MGA's review of the January 15, 2008 and *Revised* January 28, 2008 logs is
incomplete, please confirm whether Isaac Larian and MGA continue to assert claims of privilege
with regard to these "legal bills" or "invoices" as described on these logs. See Jan. 15 Log Nos.
145, 182, 208; Rev. Jan. 28 Log Nos. 167, 215.

### *Other Vaguely Described Entries*

Based on MGA's revised descriptions, and assuming the accuracy thereof, we are satisfied as to the
following entries (without prejudice to Mattel's right to litigate the propriety of withholding these
entries at a later time, which is reserved): Rev. Jan. 30 Log No. 208, 1939.

7

Exhibit 6 - Page 39

However, MGA's revised descriptions for the remaining entries do not support their continued withholding.

- <u>Rev. Jan. 23 Log No.</u> 1606, as revised, is a "[d]raft agenda for meeting with distributor" regarding "contract negotiations." Unless legal matters predominate, this document should be produced, at least in redacted form.

- <u>Rev. Jan. 23 Log Nos.</u> 578, 579, 580, 581, 600, 601, 602, 603 and 604, as revised, are "spreadsheets" purportedly created by counsel over which MGA now asserts a claim of work-product. However, the entries indicate that the documents were authored by Isaac Larian and do not identify any counsel's involvement. Moreover, if these "spreadsheets" and the like were not properly withheld as attorney-client communications, MGA cannot now simply revise its log and claim they are work product.[4]

Further, because MGA's review of the *Revised* January 28, 2008 log is incomplete, please be prepared to provide further detail on the vaguely described on that log. See <u>Rev. Jan. 28 Log Nos.</u> 96, 117, 130, 140, 190, 198, 211, 237, 253, 258.

### *Withdrawn Claims*

Finally, MGA's revised logs show that, after further review, MGA determined to withdraw its claims as to some entries. These entries include: <u>Rev. Aug. Log Nos.</u> 101.8, 312.1, 502.1, 502.12, 521, 529.4r, 562.3, 562.12, 563, 625, 635, 636, 637, 639, 640, 642; <u>Rev. Sept. Log Nos.</u> 124r, 1401.1r, 264.1r, 329.1r, 597.1r, 608.1r, 608.2r, 874.2, 932.1, 933.1, 1912.1, 2377.1r, 2803.1, 2816.5, 2818.6, 2819.5, 2821.2, 2831.1, 2832.5, 2836.415, 2839.5, 2839.6; <u>Rev. Jan. 23 Log Nos.</u> 783, 1153, 1414, 1421, 1650, 1988, 2123, 2150; <u>Rev. Jan. 30 Log Nos.</u> 126, 152, 153, 154, 155, 156, 157, 158, 208.1, 211, 228, 252, 290, 291, 301.

Mattel previously requested that MGA provide a date when it would be producing these documents, if it has not already done so, and provide the appropriate bates-ranges so these documents can be identified. Mattel has received no response to date.

As the record shows, Mattel has been very patient in attempting to informally resolve these concerns over a period of months. We need to resolve these matters soon or we will be forced to seek relief.

---

[4] As set forth in Mattel's prior letters, MGA cannot "re-engineer [its] privilege logs to align [its] privilege assertions with [its] legal arguments." <u>In re Honeywell Int'l Inc. Sec. Litig.</u>, 230 F.R.D. 293, 299 (S.D.N.Y. 2003); <u>see also AAIpharma Inc. v. Kremers Urban Dev. Co.</u>, 2006 WL 3096026, at *6 (S.D.N.Y. 2006) (finding sanctions warranted where party "add[ed] a claim of privilege that had not been asserted initially" or by "revis[ed] the claim of privilege . . . either adding then deleting a basis, or vice-versa"). We expect such additional claims will be withdrawn.

Exhibit 6 - Page 40

Please let me know when you are available to discuss these concerns.  I look forward to hearing from you promptly.

Very truly yours,

B. Dylan Proctor / 2DK

B. Dylan Proctor
07209/3001889.2

9

Exhibit 6 - Page 41

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

February 8, 2009

VIA FACSIMILE AND U.S. MAIL

Patricia Glaser, Esq.
Amman Khan, Esq.
Glaser, Weil, Fink, Jacobs & Shapiro LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, CA 90067

Mark E. Overland, Esq.
Alexander H. Cote, Esq.
Overland, Borenstein, Scheper & Kim LLP
601 West 5th Street
Los Angeles, CA 90017

Russell J. Frackman, Esq.
Jean P. Nogues, Esq.
Mitchell Silberberg & Knupp LLP
1377 West Olympic Boulevard
Los Angeles, CA 90064

Re:     Mattel v. MGA Entertainment, Inc., et al.

Dear Counsel:

Pursuant to the Local Rules and the Discovery Master Stipulation, I write to request a meet and confer regarding certain entries on the privilege logs produced by MGA and Isaac Larian.[1]

---

[1]     The logs in question are MGA's Supplemental Privilege Log – August 14, 2007, revised March 20, 2008 ("Rev. Aug. Log"), MGA's Supplemental Privilege Log – September 5, 2007, revised March 20, 2008 ("Rev. Sept. Log"), MGA's Privilege Log for MGA's October 17, and October 19, 2007 Document Production, dated November 16, 2008 ("Oct. Log"), Isaac Larian's Privilege Log, dated January 15, 2008 ("Jan. 15 Log"), MGA's Supplemental Privilege Log for MGA's October 2007 Document Production, dated January 22, 2008 ("Supp. Oct. Log"), MGA's Privilige Log – January 23, 2008, revised February 5, 2008 ("Rev. Jan. 23 Log"), MGA's Privilege Log – January 28, 2008, revised February 8, 2008 ("Rev. Jan. 28 Log"), Isaac (footnote continued)

quinn emanuel urquhart oliver & hedges, llp

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100
TOKYO | Akasaka Twin Tower Main Building, 6th Floor, 17-22 Akasaka 2-Chome, Minato-ku, Tokyo 107-0052, Japan | TEL +81-3-5561-1711 FAX +81-3-5561-1712

Exhibit 6 - Page 42

Based on the descriptions provided by MGA in its logs, many entries currently withheld do not appear to be privileged, while other entries provide so little detail that it is impossible to assess MGA's claims of privilege. The parties previously conducted an entry-by-entry discussion of certain withheld communications, which helped to narrow the scope of the parties' eventual motion practice. In advance of such a continued conference, I have detailed below the entries for which MGA has not adequately met its burden to justify withholding. For convenience, I have grouped these into categories, though many entries from MGA's logs reflect deficiencies on multiple grounds.

*Communications Between Non-Lawyers and Non-Legal Communications*

Numerous entries on MGA's logs reflect communications that do not involve counsel. For example, Entry No. 1986 on MGA's January 23 Log is a 2006 email between Schuyler Bacon and Isaac Larian described as an "Email chain regarding employment issues." Neither Ms. Bacon nor Mr. Larian is an attorney and nowhere does the description suggest that the communication reflects a lawyer's advice. Furthermore, as MGA and Larian themselves have argued, even if the emails repeat some privileged communication, the remainder of the email should be produced with any supposedly privileged portions redacted. MGA's blanket withholding of this email chaing is improper.

Other entries, while they involve counsel, do not appear to reflect any legal advice but rather involve purely business or other non-legal issues. For example, Entry No. 2074 on MGA's January 23 Log is a 2005 email from Pablo Vargas and Eric Villete and Isaac Larian which copies a large group—including one lawyer—regarding "sales strategy." Nevertheless it has been withheld on the purported grounds of attorney-client privilege.

Please be prepared to discuss MGA's claims of privilege regarding the following entries which exhibit these deficiencies. Absent a showing of their privileged nature, Mattel expects these documents to be produced in their entirety or, if any portions do reflect privileged communications, in redacted form.

- Rev. Aug. Log: 135, 457, 561.1, 561.2, 606, 651r, 653, 661, 662, 664r, 669, 690r, 692, 712, 713, 716r, 719, 730, 732, 733, 735, 744, 764, 767, 773, 775, 777, 790, 852, 853, 866, 867, 869r, 874, 883r, 894r, 900, 912r, 931r, 933, 934r, 961r, 962, 963r, 965, 966, 967, 968, 980r, 981r, 983, 984, 985, 990, 1037, 1040, 1042r, 1043, 1047, 1055r, 1056r, 1057, 1058, 1060r, 1061, 1062, 1077, 1078, 1079, 1080, 1081, 1082, 1088, 1089, 1090, 1091, 1095, 1097, 1098, 1101, 1103, 1105, 1106, 1107, 1110r, 1112, 1113r, 1132r.

- Rev. Sept. Log: 264.1r, 1022, 1903.

---

Larian's Privilege Log – Januar 30, 2008 ("Jan. 30 Log") and MGA's April 30, 2008 Privilege Log ("April 30 Log").

2

Exhibit 6 - Page 43

- <u>Oct. Log</u>: 3, 8, 39, 71, 134, 135, 175, 261, 267, 539, 546, 824, 1036, 1046, 1047, 1068, 1123, 1124, 1406, 1462, 1463, 1466, 1467, 1481, 1482, 1506, 1514, 1761, 1780, 1781, 1782, 1784, 1941, 1942, 2063, 2073, 2074, 2090, 2101, 2117, 2259, 2260, 2263, 2267, 2269, 2271, 2274, 2672, 2677, 2694, 2724, 2728, 2732, 2765, 2775, 2786, 2787, 2802, 2807, 2814, 2815, 2830, 2833, 2845, 2848, 2849, 2851, 2852, 2853, 3213, 3299, 3360, 3367, 3368.

- <u>Jan. 15 Log</u>: 29, 30 32, 33, 34, 35, 38, 40, 41, 44, 48, 51, 52, 53, 56, 57, 58, 59, 61, 62, 63, 64, 68, 89, 98, 107.

- <u>Supp. Oct. Log</u>: 44, 55, 89, 90, 98, 99, 106, 114, 115, 116, 123, 125, 126, 127, 128, 129, 130, 131, 136, 137, 138, 139, 140, 141, 142, 143, 144, 145, 146, 147, 148, 149, 150.

- <u>Rev. Jan. 23 Log</u>: 3, 8, 20, 31, 32, 52, 57, 58, 59, 68, 70, 79, 96, 97, 103, 106, 107, 108, 110, 111, 114, 115, 118, 133, 150, 151, 152, 153, 154, 155, 156, 157, 158, 182, 205, 209, 232, 233, 245, 253, 255, 262, 267, 287, 296, 371, 372, 373, 376, 381, 536, 544, 545, 546, 547, 548, 551, 557, 577, 578, 579, 580, 581, 584, 585, 588, 589, 591, 592, 593, 594, 595, 596, 597, 598, 599, 600, 601, 602, 603, 604, 609, 610, 611, 612, 614, 655, 656, 672, 683, 666, 667, 684, 693, 749, 759, 762, 764, 765, 767, 769, 771, 773, 782, 1083, 1172, 1173, 1178, 1179, 1254, 1262, 1275, 1277, 1281, 1285, 1287, 1292, 1301, 1302, 1306, 1309, 1318, 1322, 1324, 1356, 1360, 1364, 1365, 1366, 1367, 1374, 1399, 1413, 1418, 1420, 1424, 1435, 1437, 1438, 1439, 1440, 1460, 1463, 1465, 1468, 1471, 1473, 1474, 1475, 1476, 1509, 1525, 1529, 1536, 1587, 1603, 1606, 1622, 1623, 1624, 1625, 1627, 1635, 1641, 1655, 1662, 1701, 1702, 1703, 1704, 1705, 1706, 1708, 1709, 1710, 1711, 1712, 1713, 1716, 1718, 1719, 1720, 1721, 1722, 1724, 1727, 1728, 1729, 1730, 1731, 1732, 1734, 1735, 1736, 1737, 1767, 1773, 1774, 1775, 1779, 1783, 1788, 1821, 1824, 1890, 1896, 1898, 1899, 1903, 1904, 1917, 1919, 1920, 1968, 1969, 1970, 1977, 1986, 1998, 2011, 2014, 2025, 2039, 2042, 2043, 2046, 2060, 2064, 2071, 2074, 2080, 2082, 2084, 2144, 2147, 2148, 2149.

- <u>Rev. Jan. 28 Log</u>: 3, 5, 9, 12, 16, 18, 28, 31, 36, 37, 38, 39, 40, 43, 44, 47, 51, 52, 61, 65, 67, 75, 77, 91, 92, 97, 98, 99, 113, 124, 127, 132, 136, 137, 140, 141, 158, 160, 161, 163, 166, 203, 214, 219, 262, 264, 272, 274, 275, 276, 280, 281, 286, 287, 291, 292, 310, 311, 212, 313, 314, 316, 317, 319, 328, 331, 332, 333, 334, 335, 336, 343, 238, 364, 371, 372, 382, 384, 385, 386, 387, 388, 392, 414, 420, 442, 443, 446.

- <u>Jan. 30 Log</u>: 1, 2, 5, 6, 7, 8, 9, 10, 11, 12, 12, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 64, 66, 122, 124, 126, 218, 225, 226, 244, 245, 246, 257, 260, 282, 294, 295, 296, 297, 298, 299, 300.

- <u>April 30 Log</u>: 8, 9, 10, 17, 18.

Additionally, a handful of entries provide no basis for privilege other than the fact that an attorney or paralegal has been "blind carbon copied." <u>See</u> Jan. 15 Log No. 188, Jan. 23 Log Nos. 1650, 1988; Jan. 30 Log No. 30. Documents or communications transmitted to an attorney as

Exhibit 6 - Page 44

"blind carbon copies" generally are not protected attorney-client communications. <u>See, e.g.</u>, <u>U.S. v. Davis</u>, 132 F.R.D. 12, 17 (S.D.N.Y. 1990).   Accordingly, these entries should be produced as well.

*Handwritten Notes*

Hundreds of entries on MGA's logs involve "handwritten notes" for which neither the author of the note nor a description of its subject matter is provided.  By failing to indicate who authored these notes, much less that they involved legal advice, MGA has not carried its "burden of proving every element applicable to the attorney-client privilege." <u>Federal Election Com'n v. Christian Coalition</u>, 178 F.R.D. 61, 70 (E.D. Va. 1998) (log entries deficient where they did not identify author of handwritten notes).[2]

Further, while some of these notes appear to be written on hardcopies of emails between lawyers or otherwise privileged documents—and therefore indicate such authors in the logs—MGA's logs do not indicate whether there is any independent basis to withhold these handwritten notes. "[W]here no author is listed, [the party claiming privilege] must describe the content of the documents [handwritten notes] such that [the party seeking discovery] and this Court may better assess the applicability of the privilege." <u>Fidelity and Deposit Co. of Maryland v. McCulloch</u>, 168 F.R.D. 516, 523 (E.D. Pa. 1996).

Accordingly, please be prepared to identify the author of the notes on the following documents and provide a sufficient description of the subject matter of the notes to permit the claim of privilege to be assessed.

- <u>Rev. August Log</u>:  127, 129.1, 131, 132, 172, 196, 259.1, 259.4, 299, 307.1, 310, 333.3, 343,11, 343.16. 346. 393. 394, 429.3, 431.1, 434.1, 437, 447, 457, 460.1r, 475.1, 483, 502.4, 507.1, 508, 521, 429.3r, 554, 555, 557, 558, 560, 562.2r, 562.3, 563r, 564, 565, 567, 570, 585.2, 585.3, 587, 591, 592, 602.1, 602.2, 604, 605.1, 605.2, 607.1, 607.2, 609, 613, 614.1, 614.3, 615, 618.2, 621, 622, 623.1, 625r, 626.3, 629, 630, 633, 634, 625r, 636r, 637r, 638, 639r, 640r, 641.1, 641.2, 642r, 643, 644, 653.

- <u>Rev. Sept. Log</u>:  40.2, 43.2, 124r, 139, 140.1r, 264.1r, 329.1r, 597.1r, 603, 608.1r, 608.2r, 699.1, 701, 702.1, 708, 804, 830.1, 869, 870, 877.1, 896.1, 932.1, 933.1, 1074.1, 1084.1, 1084.2, 1259, 1268, 1269, 1271, 1363, 1364.1, 1399, 1402, 1421.1, 1446.1r, 1455, 1633.1, 1659.1, 1666, 1672.1, 1672.2, 1672.3, 1683.1, 1691.1, 1692.1, 1822.1, 1829.2, 1839.1, 1839.7, 1844.1, 2023, 2068, 2076.1, 2150.1, 2174, 2182.1, 2191. 2194, 2195, 2196, 2199, 2200, 2201, 2202, 2319, 2325, 2326.1, 2327, 2347.1, 2369.1, 2369.5, 2377.1r, 2405, 2407, 2408, 2409, 2410, 2411, 2412, 2413.1, 2414, 2417, 2422.1, 2422.2, 2423, 2437.2, 2449, 2457, 2452.1, 2462.2, 2464, 2449, 2457, 2452.1, 2462.2, 2464, 2466,

---

[2]   Clearly, when MGA believed the notes were an "attorney's notes," it so indicated. <u>See, e.g.</u>, Rev. Jan. 23 Log Nos. 794, 984, 988,1115.  These entries, by contrast, have no indication that the notes even are an attorney's or reflect an attorney's legal advice.

Exhibit 6 - Page 45

2470, 2530.1, 2607, 2614.1, 2630.1, 2677, 2814, 2822, 2829.1, 2831.2, 2853, 2854.1, 2855.1, 2856,1r, 2856.3r, 2856.4r, 2856.5r, 2857.2r, 2857.3r, 2857.4r, 2857.5r.

- <u>Rev. Jan. 23 Log</u>: 181, 234, 235, 312, 389, 392, 402, 920, 2079, 2127, 2150.

- <u>Rev. Jan. 28 Log</u>: 128, 170.

## *Fax Cover Sheets*

MGA's privilege logs indicate that it has withheld numerous fax cover sheets. Such documents are not generally privileged, in and of themselves, because correspondence that "merely transmit[s] documents to or from an attorney, even at the attorney's request for purposes of rendering legal advice to a client, are neither privileged nor attorney work-product." <u>American Med. Systems, Inc. v. National Union Fire Ins. Co. of Pittsburgh, Inc.</u>, 1999 WL 970341, at *5 (E.D. La. Oct. 22, 1999) (ordering production of fax cover sheets). Thus, while the underlying communication may be privileged, the fax cover sheets are not unless they also transmit confidential information.

Please be prepared to discuss whether MGA continues to assert its claim of privilege regarding these documents described as fax cover sheets.

- <u>Rev. Aug. Log</u> Nos. 101.1, 101.6, 129.1, 312.1, 526.1, 562.1, 562.12, 573.1, 574.1, 578.1, 583.1, 584, 585.1, 586.1.

- <u>Rev. Sept. Log</u> Nos. 255.7, 740.1, 891.1, 896.1, 1000.3, 1013.1, 1013.7, 1021.1, 1021.2, 1036.4, 1036.6, 1058.1, 1058.3, 1058.4, 1063.1, 1072.1, 1072.3, 1081.2, 1107.1, 1107.3, 1134.1, 1134.3, 1421.1, 1661.1, 1912.1, 1981.1, 2071.1, 2369.5, 2803.1, 2816.3, 2818.4, 1819.3, 2821.2, 2831.1, 2832.3, 2836.4, 2839.5, 2839.6;

- <u>Rev. Jan. 23 Log</u> Nos. 923, 924, 965, 966.

- <u>Jan. 30 Log</u> No. 208.

## *Other Non-Privileged Documents*

Finally, MGA has listed various documents such as photographs and public records on its privilege log that are not generally privileged.

First, there are various entries for "photo[s]," ""design/drawing[s]," and "pictoral presentation[s]." Given that these documents are not "communications" between an attorney and client, the application of the attorney-client privilege does not appear well-founded. <u>See Clavo v. Zarrabian</u>, 2003 WL 24272641, at *1 (C.D. Cal. Sept. 24, 2003) ("The mere transmission of the photographs to counsel does not by itself justify privilege protection."). While some of these entries also assert the work-product privilege, the descriptions offer little basis to determine that these documents were prepared in anticipation of litigation.

5

Exhibit 6 - Page 46

- Rev. Aug. Log: 585.2, 585.3.

- Rev. Sept. Log: 202.2, 203.2, 209.2, 210.2, 217.2, 218.2, 874.2, 1193.2, 1193.3, 1193.4, 1193.5, 1193.6, 1193.7, 1193.8, 1193.9, 1424.2, 1798.3, 1801.3, 1812.3, 1815.2, 2630.1, 2630.2, 2630.3, 2630.4, 2630.5, 2630.6, 2630.7, 2630.8, 2630.9, 2630.10, 2630.11, 2835.3, 2835.4, 2839.3, 2839.4.

- Rev. Jan. 23 Log: 6, 7, 196, 197, 198, 1153, 1348, 1414, 1421, 1618, 1874, 1875, 1881, 1882, 1884, 1885, 2100, 2101, 2102.

- Rev. Jan. 28 Log: 289, 290, 325, 326, 327.

Second, MGA's logs have numerous entries showing that MGA has improperly sought to claim privilege over documents from the public record, including such categories as press releases, advertisements, webpages, excerpts from periodicals, general company policies, and governmental documents.

- Rev. Sept. Log:  1047.3, 1047.6, 1047.7, 1047.8.

- Jan. 30 Log:  126, 152, 153, 154, 155, 156, 157, 158, 211, 228, 244, 245, 246, 247, 252, 290, 291, 301.

Third, the logs contain a number of documents from various legal proceedings.  From the descriptions given, these documents do not appear to be internal drafts, but rather operative legal documents such as subpoenas, complaints, declarations and the like.  These documents "on their face, are not privileged" and should be produced.  <u>Mount Vernon Fire Ins. Co. v. Try 3 Bldg. Servs., Inc.</u>, 1998 WL 729735, at *2 (S.D.N.Y. Oct. 16,1998).

- Rev. Jan. 23 Log: 102, 297, 782, 783, 784, 1023, 1715, 1718, 1849, 1939, 2123, 2126, 2128, 2129, 2130, 2131, 2132, 2133, 2134, 2135, 2136, 2137.

Fourth, a number of the entries relate to communications regarding legal fees or invoices, vouchers, and other documents memorializing such payments.  While bills and other documents regarding legal fees may contain both privileged and non-privileged information, the logs suggest that these documents have been withheld in their entirety.  These documents should be produced in whole or, to the extent that they contain some privileged information, produced in redacted form.

- Rev. Aug. Log: 295.2.

- Rev. Sept. Log: 930.1, 932.1, 1421.4, 1577.2, 1635, 1636, 1821.3, 1822.2.

- Jan. 15 Log: 145, 182, 208.

6

Exhibit 6 - Page 47

- <u>Rev. Jan. 23 Log</u>: 335, 336, 337, 338, 339, 341, 342, 343, 344, 345, 346, 347, 348, 349, 350, 351, 352, 353, 354, 355, 356, 357, 358, 360, 361, 362, 363, 364, 365, 366, 367, 368, 369, 1066, 1067, 1068, 1069, 1070, 1071, 1072, 1073, 1074, 1075, 1076, 1077, 1078.

- <u>Rev. Jan. 28 Log</u>: 167, 215.

- <u>Jan. 30 Log</u>: 269, 282.

Finally, some of the descriptions on the logs are so vague that it is impossible to tell the subject matter of the document or communication, much less determine whether the privilege has been appropriately claimed. Specifically, a number of entries on the logs either lack description or are simply described as "spreadsheet[s]" or "chronolog[ies]" used "for the purposes of requesting legal advice," but give no indication as the type of information contained within, its purpose, or the attorneys involved. Please be prepared to discuss MGA's basis for its privilege assertions as to these documents.

- <u>Rev. Aug. Log</u>: 241.2.

- <u>Rev. Jan. 23 Log</u>: 578, 579, 580, 581, 600, 601, 602, 603, 604, 1606, 1939.

- <u>Rev. Jan. 28 Log</u>: 96, 117, 130, 140, 190, 198, 211, 237, 253, 258.

- <u>Jan. 30 Log</u>: 208.

Given these many deficiencies, it is incumbent on MGA to justify its claims or produce these documents. Pursuant to paragraph 5 of the Discovery Master Order and <u>Local Rule</u> 37, Mattel hereby requests a meet and confer on these deficiencies in MGA's privilege logs.

I look forward to hearing from you.

Best regards,

*Jon Corey*

Jon Corey

7

Exhibit 6 - Page 48

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

WRITER'S DIRECT DIAL NO.
(213) 443-3112

WRITER'S INTERNET ADDRESS
dylanproctor@quinnemanuel.com

March 3, 2009

VIA FACSIMILE AND U.S. MAIL

Caroline Mankey, Esq.
Glaser, Weil, Fink, Jacobs & Shapiro LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, CA 90067

Re:   Mattel v. MGA Entertainment, Inc., et al.

Dear Caroline:

I write further to our discussion last week regarding MGA's privilege logs.

As to the first category of entries set forth in our February 8, 2009 letter – communications between non-lawyers and non-legal communications - you stated that, in MGA's view, the Court ruled on this issue in Phase 1, precluding consideration of the privilege issues now. Hence, based on the prior ruling, MGA is not willing to analyze the underlying documents to determine whether MGA's claims of privilege are well-founded and/or to produce any non-privileged ones, in whole or in part.

As to the remaining categories set forth in the letter, you agreed to review the underlying documents to determine whether MGA would continue to stand by its claims of privilege. You agreed to either provide a supplemental privilege log that will show the privileged nature of the documents or produce the documents, in whole or in part, in the next two weeks. We look forward to receiving MGA's supplemental logs and/or any documents that MGA acknowledges were improperly withheld on March 10, 2009, as agreed.

Best regards,

Dylan Proctor

B. Dylan Proctor

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100
TOKYO | Akasaka Twin Tower Main Building, 6th Floor, 17-22 Akasaka 2-Chome, Minato-ku, Tokyo 107-0052, Japan | TEL +81-3-5561-1711 FAX +81-3-5561-1712

Exhibit 6 - Page 49

P C A F A X I G

MAR 0 5 2009

LAW OFFICES

GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP

10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
(310) 553-3000
FAX (310) 556-2920

DIRECT DIAL NUMBER
(310) 556-7874
EMAIL: CMANKEY@GLASERWEIL.COM

March 4, 2009

ℿ MERITAS LAW FIRMS WORLDWIDE

B. Dylan Proctor, Esq.
QUINN, EMANUEL, URQUHART,
   OLIVER & HEDGES, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543

Re:   MGA v. Mattel

Dear Dylan:

This responds to your letter dated March 3, 2009, regarding our conference last week regarding MGA's privilege logs.  To clarify, I agreed that MGA would review the privileged documents in all of the categories referenced in your letter other than the first category (purported communications between non-lawyers and purportedly non-legal communications) as soon as possible.  You agreed to give us two weeks, until March 10, 2009, before filing a motion to compel the production.  I did not, however, unconditionally agree to provide a supplemental privilege log or produce documents by March 10, 2009.  In fact, I expressly stated that I did not believe that the review and supplementation could be completed in two weeks and instead asked you for at least 30 days in which to undertake a review and supplementation, which you refused.

Although we are doing everything we can to complete our review of the underlying documents as quickly as possible, it is my continued belief that we will not be able to complete a review and supplementation by March 10, 2009.  Therefore, I reiterate my request for additional time in which to review the documents and supplement the privilege log in an effort to eliminate or at least narrow the scope of any motion practice on this subject.  Please let me know if you would be willing to further defer the filing of any motion to compel production of these documents until March 30, 2009.

Thank you for your attention to this matter.

Very truly yours,

Caroline H. Mankey
of GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP

CHM:lde

669066

Exhibit 6 - Page 50

LAW OFFICES

GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP

10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
(310) 553-3000
FAX (310) 556-2920

DIRECT DIAL NUMBER
(310) 556-7874
EMAIL: CMANKEY@GLASERWEIL.COM

March 10, 2009

III MERITAS LAW FIRMS WORLDWIDE

B. Dylan Proctor, Esq.
QUINN, EMANUEL, URQUHART,
OLIVER & HEDGES, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543

Re:   MGA v. Mattel

Dear Dylan:

This is in follow up to my letter to you dated March 4, 2009, regarding MGA's agreement to review hundreds of privileged documents identified in your meet and confer letter dated February 8, 2009, and potentially supplement its extensive privilege logs with respect to those documents.  Consistent with the concern that I indicated to you during our telephonic meet and confer and in my letter to you, we have not been able to complete the review of those documents and any appropriate supplementation of MGA's privilege logs in the two week period that you agreed to extend to us.  Thus, I reiterate the request I made in my March 4 letter for additional time in which to review the documents and potentially supplement the privilege log, to which I have not yet received a response.  Please let me know if you would be willing to further defer the filing of any motion to compel production of these documents until at least March 30, 2009.

Thank you for your attention to this matter.

Very truly yours,

Caroline H. Mankey
of GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP

CHM:lde
cc:   Craig Holden, Esq.
      Joel Klevens, Esq.
      Amman Khan, Esq.
      Pat Benson, Esq.

669066

Exhibit 6 - Page 51

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

WRITER'S DIRECT DIAL NO.
(213) 443-3112

WRITER'S INTERNET ADDRESS
dylanproctor@quinnemanuel.com

March 12, 2009

<u>VIA FACSIMILE AND U.S. MAIL</u>

Caroline Mankey, Esq.
Glaser, Weil, Fink, Jacobs & Shapiro LLP
10250 Constellation Blvd., 19th Floor
Los Angeles, CA 90067

Re:     <u>Mattel v. MGA Entertainment, Inc., et al.</u>

Dear Caroline:

Thank you for your letters of March 4 and 10 regarding MGA's review of its privilege logs.

Based on your representations that MGA will review the withheld documents at issue in good faith (i.e., those corresponding with each entry listed in my letter of February 8 other than those falling in the first category) and either produce the withheld documents or serve revised privilege logs that show the privileged nature of the documents, and in the hopes that we may be able to narrow our dispute before engaging in motion practice if it turns out to be necessary, Mattel is willing to further defer the filing of its motion until March 30, as requested. That involves, of course, a delay of nearly two months since we first contacted your firm about this matter on February 8. We trust that MGA will fully live up to its commitment to produce withheld documents and revised privilege logs as appropriate by that date given the delays that have occurred already.

Please let me know if you have any questions or concerns.

Very truly yours,

B. Dylan Proctor

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100

SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700

SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100

TOKYO | Akasaka Twin Tower Main Building, 6th Floor, 17-22 Akasaka 2-Chome, Minato-ku, Tokyo 107-0052, Japan | TEL +81-3-5561-1711 FAX +81-3-5561-1712

Exhibit 6 - Page 52

LAW OFFICES

### GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP

10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
(310) 553-3000
FAX (310) 556-2920

DIRECT DIAL NUMBER
(310) 556-7874
EMAIL: CMANKEY@GLASERWEIL.COM

April 3, 2009

Ⅲ MERITAS LAW FIRMS WORLDWIDE

<u>VIA E-MAIL</u>

B. Dylan Proctor, Esq.
QUINN, EMANUEL, URQUHART,
    OLIVER & HEDGES, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543

        Re:    <u>MGA v. Mattel</u>

Dear Dylan:

     Enclosed please find a redlined version of MGA's January 23, 2008, privilege log that has been revised to provide further detail about certain of the entries addressed in Jon Corey's letter to counsel for MGA dated February 8, 2009.  As with the revised January 28 and January 30 logs, we have also added a column identifying in some instances the basis for Mattel's objection to the entry for reference purposes and a column reflecting which of the entries we are further reviewing for possible production or other response.  We have also identified certain documents that we will be producing to you.  We are still assembling and preparing for production those documents that we will agree to produce and we will continue to provide you with updated and revised versions of the privilege logs addressed in Mr. Corey's letter, all of which will be provided to you on a rolling basis.

     Thank you for your attention to this matter.

                  Very truly yours,

                  Caroline H. Mankey
       of GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP

Enclosures
CHM:lde
cc:    Joel Klevens, Esq.
       Amman Khan, Esq.
       Pat Benson, Esq.

669066

Exhibit 6 - Page 53

LAW OFFICES

# GLASER, WEIL, FINK, JACOBS, HOWARD & SHAPIRO, LLP

10250 CONSTELLATION BOULEVARD

NINETEENTH FLOOR

LOS ANGELES, CALIFORNIA 90067

(310) 553-3000

FAX (310) 556-2920

DIRECT DIAL NUMBER
(310) 556-7874
EMAIL: CMANKEY@GLASERWEIL.COM

April 9, 2009

MERITAS LAW FIRMS WORLDWIDE

<u>**VIA E-MAIL**</u>

B. Dylan Proctor, Esq.
QUINN, EMANUEL, URQUHART,
   OLIVER & HEDGES, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543

Re:   <u>MGA v. Mattel</u>

Dear Dylan:

Enclosed please find further redlined versions of MGA's January 23, 28 and 30, 2008, privilege logs that have been revised to reflect further documents that MGA agrees to produce.

Thank you for your attention to this matter.

Very truly yours,

Caroline H. Mankey
of GLASER, WEIL, FINK, JACOBS, HOWARD & SHAPIRO, LLP

Enclosures
CHM:lde
cc:   Joel Klevens, Esq.
      Amman Khan, Esq.
      Pat Benson, Esq.

669066

Exhibit 6 - Page 54

LAW OFFICES

## GLASER, WEIL, FINK, JACOBS, HOWARD & SHAPIRO, LLP

10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
(310) 553-3000
FAX (310) 556-2920

DIRECT DIAL NUMBER
(310) 556-7874
EMAIL: CMANKEY@GLASERWEIL.COM

April 17, 2009

ㅠ MERITAS LAW FIRMS WORLDWIDE

**VIA E-MAIL**

B. Dylan Proctor, Esq.
QUINN, EMANUEL, URQUHART,
 OLIVER & HEDGES, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543

            Re:    <u>MGA v. Mattel</u>

Dear Dylan:

        Attached please find a revised version of MGA's August 14, 2007, privilege log, redlined to show the additional detail added and noting which documents MGA agrees to produce and which documents require further evaluation by MGA.

        Please contact me if you have questions.

                        Very truly yours,

                        Caroline H. Mankey
        of GLASER, WEIL, FINK, JACOBS, HOWARD & SHAPIRO, LLP

Attachment
CHM:lde
cc:    Joel Klevens, Esq.
       Patricia H. Benson, Esq.
       Amman Khan, Esq.

674477

Exhibit 6 - Page 55

LAW OFFICES

GLASER, WEIL, FINK, JACOBS, HOWARD & SHAPIRO, LLP

10250 CONSTELLATION BOULEVARD

NINETEENTH FLOOR

LOS ANGELES, CALIFORNIA 90067

(310) 553-3000

FAX (310) 556-2920

DIRECT DIAL NUMBER
(310) 556-7874
EMAIL: CMANKEY@GLASERWEIL.COM

May 7, 2009

꜔꜔ MERITAS LAW FIRMS WORLDWIDE

**VIA E-MAIL**

B. Dylan Proctor, Esq.
QUINN, EMANUEL, URQUHART,
    OLIVER & HEDGES, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543

                    Re:    <u>MGA v. Mattel</u>

Dear Dylan:

        Attached please find a revised version of MGA's September 2007 privilege log, redlined to show the additional detail added and noting which documents MGA agrees to produce and which documents require further evaluation by MGA.

        Please contact me if you have questions.

                                Very truly yours,

                                Caroline H. Mankey
            of GLASER, WEIL, FINK, JACOBS, HOWARD & SHAPIRO, LLP

Attachment
CHM:lde
cc:    Joel Klevens, Esq.
        Patricia H. Benson, Esq.
        Amman Khan, Esq.

674477

Exhibit 6 - Page 56

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

WRITER'S DIRECT DIAL NO.
(213) 443-3112

WRITER'S INTERNET ADDRESS
dylanproctor@quinnemanuel.com

June 16, 2009

<u>VIA FACSIMILE AND U.S. MAIL</u>

Caroline Mankey, Esq.
Glaser, Weil, Fink, Jacobs & Shapiro LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, CA 90067

Re:     <u>Mattel v. MGA Entertainment, Inc., et al.</u>

Dear Caroline:

Now that the discovery stay has been lifted, I write regarding your letters regarding MGA's privilege logs and the revised MGA privilege logs transmitted therewith.

There are several global issues which I will address initially.  First, MGA's review appears to be incomplete in several respects:

•      We have not received any newly revised versions of Isaac Larian's January 15 Log.

•      The newly revised version of the Revised January 23, 2008 Log, transmitted with your April 17 letter, has only has 1558 entries, while the prior revised version had a total of 2155 entries.  The additional entries appear not to have been reviewed or revised.

•      The newly revised version of the Revised September Log, transmitted with your May 7 letter, has only 1659 entries, while the prior revised version had a total of 2868 entries.  The additional entries appear not to have been reviewed or revised.

•      The newly revised version of MGA's Revised January 28, 2008 Log appears to be a revision of the original January 28, 2008 log rather than the "revised January 28, 2008 log" which MGA produced on February 8, 2008.  For this reason, the entries problematic Mattel identified in many cases do not correspond with the entries you reviewed.

quinn emanuel urquhart oliver & hedges, llp

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100
TOKYO | Akasaka Twin Tower Main Building, 6th Floor, 17-22 Akasaka 2-Chome, Minato-ku, Tokyo 107-0052, Japan | TEL +81-3-5561-1711 FAX +81-3-5561-1712

Exhibit 6 - Page 57

• The revised logs you have produced indicate that certain entries have been marked for "further review." See Rev. Aug. Log Nos. 132, 602.15, 653; Rev. Sept. Log Nos. 930.1, 1421.4, 1577.4, 1635, 1636; Rev. Jan. 23 Log Nos. 782, 784, 920, 923, 965, 966, 1023; Jan. 30 Log Nos. 30, 244, 245, 246, 247, 269, 282.

I understand MGA's review is ongoing, but it has been ongoing for quite a while. Please let me know when you expect it to be completed.

Second, MGA's revised logs indicate as to several entries that, after further review, MGA agrees the documents should be produced, either in full or in redacted (or further redacted) form. These entries include: Rev. Aug. Log Nos. 101.8, 312.1, 502.1, 502.12, 521, 529.4r, 562.3, 562.12, 563, 625, 635, 636, 637, 639, 640, 642; Rev. Sept. Log Nos. 124r, 1401.1r, 264.1r, 329.1r, 597.1r, 608.1r, 608.2r, 874.2, 932.1, 933.1; Rev. Jan. 23 Log Nos. 783, 1153, 1414, 1421; Jan. 30 Log Nos. 126, 152, 153, 154, 155, 156, 157, 158, 208.1, 211, 228, 252, 290, 291, 301. Please let me know when MGA will be producing those documents, if it has not already done so, and provide the appropriate bates-ranges so these documents can be identified.

Third, for certain entries, MGA appears to be asserting additional claims of privilege—for example, asserting for the first time that a particular document or communication is properly withheld under the work product doctrine. That is improper. MGA cannot simply "re-engineer [its] privilege logs to align [its] privilege assertions with [its] legal arguments." In re Honeywell Int'l Inc. Sec. Litig., 230 F.R.D. 293, 299 (S.D.N.Y. 2003); see also AAIpharma Inc. v. Kremers Urban Dev. Co., 2006 WL 3096026, at *6 (S.D.N.Y. 2006) (finding sanctions warranted where party "add[ed] a claim of privilege that had not been asserted initially" or by "revis[ed] the claim of privilege . . . either adding then deleting a basis, or vice-versa"). We expect such additional claims to be withdrawn. If MGA refuses to do so, please be prepared to address this issue when we next speak.

Regarding the specific entries that MGA has revised, I will address these with reference to the categories set forth in Mattel's February 8, 2008 letter.

*Handwritten Notes*

Based on your revised descriptions, and assuming the accuracy thereof, we are satisfied as to the following entries (without prejudice to Mattel's right to litigate the propriety of withholding these entries at a later time, which is reserved). See Rev. Aug. Log No. 333.3; Rev. Sept. Log No. 1421.1, Rev. Jan. 23 Log Nos. 181, 234, 235, 389, 391, 402.

As to the remaining entries, many of the revised descriptions now simply state that the document or communication at issue "[c]ontains non-substantive handwritten notes." See Rev. Aug. Log No. 127, 129.1, 131, 172, 196, 259.1, 299, 307.1, 310, 343.11, 343.16, 393, 394, 431.1, 437, 447, 475.1, 507.1, 555, 558, 564, 565, 567, 587, 591, 592, 602.1, 605.1, 607.1, 614.1, 615, 629, 643, 644; Rev. Sept. Log Nos. 699.1, 708.1, 708.2, 804, 830.1, 891.1, 1063.1, 1363, 1364.1, 1446.1r, 1455, 1633.1. Other revised descriptions state that the "handwritten notes related" to the document or communication at issue, without providing any further detail as to the author or the recipient of the notes themselves. See Rev. Aug. Log Nos. 259.4, 346, 429.3, 457, 483, 508, 554, 557, 560, 570, 602.2, 602.15r, 604, 605.2, 607.2, 609, 613, 618.2, 621, 622, 623.1, 626.3, 630, 634, 638, 641.1,

2

Exhibit 6 - Page 58

641.2; Rev. Sept. Log Nos. 869, 870, 877.1, 896.1, 1074.1, 1084.1, 1084.2, 1259, 1268, 1269, 1271, 1399, 1402, 1659.1.

Neither of these revisions addresses Mattel's concerns that non-privileged information is being improperly withheld. "Non-substantive" notes that are not privileged may be withheld no more than substantive, non-privileged notes. See U.S. v. Weisman, 1995 WL 244522, at *8 (S.D.N.Y. 1995) (it "is not the proper function of [the withholding party] to determine whether documents would in fact be useful to establish [the other party's] case"). Likewise, describing the handwritten notes as being "related" to the communication or document at issue provides no more information than the original descriptions. Notably, MGA still has not identified the authors or the recipients of the notes, showing they are not properly withheld. See, e.g., Baxter Healthcare Corp. v. Fresenius Med. Care, Inc., 2008 WL 5214330, at *3 (N.D. Cal. Dec. 12, 2008) (ordering documents produced from privilege log because party "failed provide sufficient identification" of communications' authors).

There are also several specific issues as to the withheld notes:

- Rev. Aug. Log No. 431.1, as revised, now indicates that the handwritten notes at issue were "from Alan C. Rose" and unidentified "others." Those other individuals should be identified in order to assess whether the notes are, in fact, privileged.

- Rev. Aug. Log Nos. 585.2 & 585.3, as revised, now indicate that these entries are photos with handwritten notes "sent to outside counsel." Despite its revisions, MGA still has not identified the specific sender or recipient. Moreover, as discussed separately in this letter, photographs transmitted to counsel generally are not themselves privileged. Accordingly, both the photographs and, at least absent an identification of the specific individuals involved, the notes should be produced.

- Rev. Aug. Log No. 614.3, as revised, now indicates that that the handwritten notes relate to a draft license agreement. However, MGA has still not indentified either the author or recipient of these notes.

- Rev. Aug. Log No. 653 has not been revised in any manner, and MGA still has not identified the author of the notes at issue.

- Rev. Jan. 23 Log No. 312, as revised, indicates these are notes reflecting a conversation between an MGA attorney and a potential witness. Because this document is not an attorney-client communication, there appears to be no basis for it being withheld as such. Further, as explained previously, MGA cannot belatedly assert new claims of work product privilege in order to bolster the inadequacies of its original log.

- Rev. Jan. 23 Log No. 782, 784 and 1023 were originally included in Mattel's letter as documents from legal proceedings. As revised, your descriptions indicate that the basis of the withholding are the handwritten notes on the documents; however, your revised descriptions fail to indicate the notes' authors or recipients.

3

Exhibit 6 - Page 59

- Rev. Jan. 23 Log No. 920, as revised, indicates this document is a transcription of a meeting, but does not indicate the participants at that meeting.

Finally, entries for which MGA's review appears to be incomplete, as previously identified in Mattel's February 8th letter, include the following:

- Rev. Sept. Log Nos. 1666, 1672.1, 1672.2, 1672.3, 1683.1, 1691.1, 1692.1, 1822.1, 1829.2, 1839.1, 1839.7, 1844.1, 2023, 2068, 2076.1, 2150.1, 2174, 2182.1, 2191. 2194, 2195, 2196, 2199, 2200, 2201, 2202, 2319, 2325, 2326.1, 2327, 2347.1, 2369.1, 2369.5, 2377.1r, 2405, 2407, 2408, 2409, 2410, 2411, 2412, 2413.1, 2414, 2417, 2422.1, 2422.2, 2423, 2437.2, 2449, 2457, 2452.1, 2462.2, 2464, 2449, 2457, 2452.1, 2462.2, 2464, 2466, 2470, 2530.1, 2607, 2614.1, 2630.1, 2677, 2814, 2822, 2829.1, 2831.2, 2853, 2854.1, 2855.1, 2856.1r, 2856.3r, 2856.4r, 2856.5r, 2857.2r, 2857.3r, 2857.4r, 2857.5r.

- Rev. Jan. 23 Log Nos. 2079, 2127, 2150.

- Rev. Jan. 28 Log Nos. 128, 170.

*Fax Cover Sheets*

Based on your revised descriptions, and assuming the accuracy thereof, we are satisfied as to the following entries (without prejudice to Mattel's right to litigate the propriety of withholding these entries at a later time, which is reserved). See Rev. Aug. Log No. 333.3; Rev. Sept. Log Nos. 1021.3, 1021.4, 1072.1, 1072.4.

However, despite the revised descriptions, MGA still fails to provide any basis for the withholding of numerous other fax cover sheets. In particular, a number of the revised descriptions now merely state that the fax cover sheets contain "confidential" information. See Rev. Aug. Log Nos. 101.1, 101.2, 129.1, 502.11, 526.1, 562.1, 573.1, 574.1, 578.1, 583.1, 584, 585.1, 586.1; Rev. Sept. Log Nos. 255.7, 740.1, 891.1, 896.1, 1000.4, 1013.1, 1013.8, 1036.4, 1058.1, 1058.4, 1058.5, 1063.1, 1081.2, 1107.1, 1107.4, 1134.1, 1134.4, 1421.1; Rev. Jan. 23 Log Nos. 923, 924, 965, 966. Stating that the fax cover sheets contains "confidential" information does not mean that they contain information protected by the attorney-client privilege. See, e.g., Hynix Semiconductor Inc. v. Rambus Inc., 2008 WL 350641, at *4 (N.D. Cal. 2008) (holding that "[w]hile the [document] was obviously confidential, it is not privileged").

Entries for which MGA's review appears to be incomplete, as previously identified in Mattel's February 8th letter, include the following: Rev. Sept. Log Nos. 1661.1, 1912.1, 1981.1, 2071.1, 2369.5, 2803.1, 2816.3, 2818.4, 1819.3, 2821.2, 2831.1, 2832.3, 2836.4, 2839.5, 2839.6.

*Other Non-Privileged Documents*

*Photographs & Drawings*

Your log indicates that MGA is continuing to withhold various drawings of logos and the like which do not appear to be privileged. Rev. Sept. Log Nos. 217.2, 1193.4, 1193.5, 1193.6, 1193.7,

Exhibit 6 - Page 60

1193.8, 1193.9, 1193.0, 11931.11.  The revised descriptions also indicate that MGA continues to withhold as privileged various photographs that were taken by a "private investigator conducting surveillance at the direction of counsel," "sent to outside counsel" or attached to other communications claimed as privileged.  <u>Rev. Aug. Log Nos.</u> 585.2, 585.3.; <u>Rev. Jan. 23 Log Nos.</u> 6, 7, 196, 197, 198, 1348, 1421.  The revised descriptions provide no basis to justify such continued withholdings.  <u>See</u> <u>Clavo v. Zarrabian</u>, 2003 WL 24272641, at *1 (C.D. Cal. 2003) ("The mere transmission of the photographs to counsel does not by itself justify privilege protection.").  Please produce such materials or be prepared to explain why MGA believes these documents are properly withheld.

Entries for which MGA's review appears to be incomplete, as previously identified in Mattel's February 8th letter, include the following:

- <u>Rev. Sept. Log Nos.</u>  1798.3, 1801.3, 1812.3, 1815.2, 2630.1, 2630.2, 2630.3, 2630.4, 2630.5, 2630.6, 2630.7, 2630.8, 2630.9, 2630.10, 2630.11, 2835.3, 2835.4, 2839.3, 2839.4.

- <u>Rev. Jan. 23 Log Nos.</u> 1618, 1874, 1875, 1881, 1882, 1884, 1885, 2100, 2101, 2102.

- <u>Rev. Jan. 28 Log Nos.</u> 289, 290, 325, 326, 327.

*Public Records*

With regard the press releases and other public records, your revised logs indicate that you have agreed to produce the vast majority of the entries raised by Mattel.  However, you continue to maintain that MGA may assert a claim of privilege over "webpages" without any indication of how such an assertion is proper.  <u>Rev. Sept. Log:</u> 1047.6, 1047.9, 1047.10, 1047.11.  Please explain this continued withholding.

*Documents from Legal Proceedings*

Based on your revised descriptions, and assuming the accuracy thereof, we are satisfied as to the following entries (without prejudice to Mattel's right to litigate the propriety of withholding these entries at a later time, which is reserved).  <u>Rev. Jan. 23 Log Nos.</u>  102, 297.

Entries for which MGA's review appears to be incomplete, as previously identified in Mattel's February 8th letter, include the following: <u>Rev. Jan. 23 Log Nos.</u> 1715, 1718, 1849, 1939, 2123, 2126, 2128, 2129, 2130, 2131, 2132, 2133, 2134, 2135, 2136, 2137.

*Legal Fees*

Based on your revised descriptions, and assuming the accuracy thereof, we are satisfied as to the following entry (without prejudice to Mattel's right to litigate the propriety of withholding this entry at a later time, which is reserved).  <u>See</u> <u>Rev. Aug. Log No.</u> 295.2.

However, as to the remaining entries, MGA's revised descriptions provide no further support for withholding than the original log descriptions.

5

Exhibit 6 - Page 61

- Rev. Aug. Log No. 241.2, as revised, indicates this document is a "schedule of rates" which has been withheld under the attorney-client privilege. Such information is not privileged.

- Jan. 30 Log Nos. 269 and 282 appear to be non-privileged communications about legal invoices and payment. They should be produced.

Further, according to the revised descriptions many entries appear to be "check stub[s]," "wire transfer record[s]," "invoice[s]," "purchase order[s]" and other "accounting documentation" which were "collected and analyzed" by counsel for the Larian v. Larian litigation.

- Rev. Jan. 23 Log Nos. 335, 336, 337, 338, 339, 341, 342, 343, 344, 345, 346, 347, 348, 349, 350, 351, 352, 353, 354, 355, 356, 357, 358, 360, 361, 362, 363, 364, 365, 366, 367, 368, 369, 1066, 1067, 1068, 1069, 1070, 1071, 1072, 1073, 1074, 1075, 1076, 1077, 1078.

These documents are currently being withheld as attorney-work product. Please confirm whether the underlying documents themselves—*i.e.*, the checks or wire transfer records—have otherwise been produced in this matter. If they have not, and absent some further showing, they should be produced; in general, documents are not shielded from disclosure merely because they were later collected by an attorney.

Finally, entries for which MGA's review appears to be incomplete, as previously identified in Mattel's February 8th letter, include the following:

- Rev. Sept. Log Nos. 1821.3, 1822.2.

- Rev. Jan. 28 Log Nos. 167, 215.

*Other Vaguely Described Entries*

Based on your revised descriptions, and assuming the accuracy thereof, we are satisfied as to the following entry (without prejudice to Mattel's right to litigate the propriety of withholding this entry at a later time, which is reserved). See Rev. Jan. 30 Log No. 208.

However, MGA's revised descriptions for many of these entries are further examples of impermissible re-engineering of MGA's logs. See Rev. Jan. 23 Log: 578, 579, 580, 581, 600, 601, 602, 603, 604, 1606, 1939. If these "spreadsheets" and the like were not properly withheld as attorney-client communications, MGA cannot now simply claim they are work product. See e.g., AAlpharma, 2006 WL 3096026, at *6.

Finally, entries for which MGA's review appears to be incomplete, as previously identified in Mattel's February 8th letter, include the following:

- Rev. Jan. 23 Log Nos. 1606, 1939.

- Rev. Jan. 28 Log Nos. 96, 117, 130, 140, 190, 198, 211, 237, 253, 258.

Exhibit 6 - Page 62

Please let me know when you are available to discuss the specific concerns I have raised in this letter and when you plan to complete your review of the remaining logs.

I look forward to promptly hearing from you.

Very truly yours,

B. Dylan Proctor /EDK

B. Dylan Proctor

07975/2888484.5

7

Exhibit 6 - Page 63

LAW OFFICES

## GLASER, WEIL, FINK, JACOBS, HOWARD & SHAPIRO, LLP

10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
(310) 553-3000
FAX (310) 556-2920

DIRECT DIAL NUMBER
(310) 556-7874
EMAIL: CMANKEY@GLASERWEIL.COM

June 22, 2009

☷ MERITAS LAW FIRMS WORLDWIDE

**VIA E-MAIL**

B. Dylan Proctor, Esq.
QUINN, EMANUEL, URQUHART,
   OLIVER & HEDGES, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543

Re:   Bryant v. Mattel, Inc. and consolidated actions

Dear Dylan:

This responds in part to your letter dated June 16, 2009, regarding MGA's revised privilege logs. Upon receiving your letter, I checked the versions of the revised January 23, 2008 and September 2007 privilege logs and determined that, previously unbeknownst to us, both copies were missing numerous pages.  Enclosed please find full copies of both of those revised logs.  I apologize for any inconvenience.

Now that the stay has been lifted, we will resume our review of the documents that we indicated would be subject to our further review.  In the meantime, we will produce to you under separate cover copies of the documents that MGA has already agreed to produce.  I understand that it will take several days to isolate them and prepare them for production in the agreed-upon format.

Please let me know if you have any questions.

Very truly yours,

Caroline H. Mankey
of GLASER, WEIL, FINK, JACOBS, HOWARD & SHAPIRO, LLP

CHM:lde
Enclosures
cc:    Joel N. Klevens, Esq.
       Jason Russell, Esq.
       Patricia Benson, Esq.

680241

Exhibit 6 - Page 64