# Exhibit 17

**quinn emanuel** trial lawyers | los angeles
865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL: (213) 443-3000 FAX: (213) 443-3100

WRITER'S DIRECT DIAL NO.
**(213) 443-3112**

WRITER'S INTERNET ADDRESS
**dylanproctor@quinnemanuel.com**

November 3, 2009

<u>VIA E-MAIL</u>

Cynthia A. Lock, Esq.
Orrick, Herrington & Sutcliffe LLP
4 Park Plaza
Suite 1600
Irvine, CA 92614

Re:   <u>Mattel, Inc. v. MGA Entertainment, Inc. et al.</u>

Dear Cynthia:

I write in response to your email demanding that Mattel withdraw its Motion to Compel *In Camera* Review of Improperly Withheld Non-Legal Larian Communications, dated October 13, 2009 ("October 13 Motion") and Mattel's Motion to Compel Production and/or *In Camera* Review of Non-Privileged Communications of Unsupervised Paralegals Improperly Withheld on MGA's Privilege Logs, dated November 2, 2009 ("November 2 Motion").

We have no intention of doing so, nor is there any basis for MGA's demand. Nothing in Order No. 73, which was issued in response to letter briefs seeking service of an MGA filing, can be read to "moot" Mattel's pending motions or further motion practice regarding MGA's logs. The Order does not say that and it is not implied. Mattel's October 13 Motion had already been pending for several weeks (given the several weeks of extensions granted by Mattel) when the Discovery Master issued Order No. 73; had the Discovery Master intended to delay resolution of these matters or to preclude the parties from further motion practice, he would have undoubtedly said so in that Order, which he did not do.

Nor would the stay of privilege log litigation MGA apparently seeks be justifiable. Revising MGA's logs as required by Order No. 73 will not solve the problems identified in Mattel's motions; these motions seek independent relief that even full compliance with Order No. 73 will

quinn emanuel urquhart oliver & hedges, llp
NEW YORK | 51 Madison Avenue, 22nd Floor, New York, NY 10010 | TEL (212) 849-7000 FAX (212) 849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, CA 94111 | TEL (415) 875-6600 FAX (415) 875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, CA 94065 | TEL (650) 801-5000 FAX (650) 801-5100
CHICAGO | 250 South Wacker Drive, Suite 230, Chicago, IL 60606 | TEL (312) 463-2961 FAX (312) 463-2962
LONDON | 16 Old Bailey, London EC4M 7EG United Kingdom | TEL +44(0) 20 7653 2000 FAX +44(0) 20 7653 2100
TOKYO | Akasaka Twin Tower Main Bldg., 6th Fl., 17-22 Akasaka 2-Chome, Minato-ku, Tokyo 107-0052 Japan | TEL +81 3 5561-1711 FAX +81 3 5561-1712

Exhibit 17 - Page 146

not provide.  Mattel's October 13 Motion seeks *in camera* review of certain communications based on Mr. Larian's demonstrated abuses of the privilege; it is precisely because a privilege log would *not* reveal the unprivileged nature of these communications that *in camera* review is appropriate.  Mattel's November 2 Motion seeks production of communications with MGA's unsupervised paralegals because they are not within the scope of the attorney-client privilege.  The Discovery Master will be required to resolve the legal issues raised by this motion whether MGA chooses to further revise its logs or not.  And, to the extent MGA wished to revise its logs as to these entries, it certainly had ample opportunity to do so; it was MGA, not Mattel, that refused even to meet and confer on these issues.

MGA's assertions that Mattel's motions are duplicative also lack merit, and in any case do not justify MGA's demand that Mattel withdraw them.  We have repeatedly made clear to MGA that Mattel's motions go to two distinct issues.  Mattel's October 13 Motion focuses on whether Mr. Larian has sought to abuse the attorney-client privilege by channeling non-legal communications through various legal personnel.  Mattel's November 2 Motion focuses on whether any communications—whether by Mr. Larian or any other MGA businessperson—with MGA's unsupervised paralegals could ever come within the scope of the attorney-client privilege.  Given the breadth of communications to which Ms. Cahill was a party, it is hardly surprising that some of the 1300 entries identified in Mattel's October 13 Motion would also be at issue in the November 3 Motion.  But it by no means follows that "there is no need for Mattel's most recent motion" since the two motions raise wholly separate issues.

To the extent that MGA believed these issues could have been resolved without motion practice or narrowed or consolidated, the appropriate course was for MGA to engage with Mattel in a good-faith meet and confer.  MGA refused to so, deriding Mattel's requests as "unnecessary-make work" while also dubiously claiming that these entries had already been "carefully reviewed."  MGA's present demand is no more justified that its prior refusals to meet and confer.

The only motion that arguably *is* moot in light of Order No. 73 is MGA's contemplated protective order motion, since the Discovery Master's Order obviously contemplates further litigation about MGA's privilege logs once they are revised, if appropriate—which is precisely what MGA's motion will seek to preclude.  We therefore encourage MGA not to file that meritless motion.  In any case, we do not intend to withdraw the motions that are now pending.

Best regards,

/s/ B. Dylan Proctor

B. Dylan Proctor

2

Exhibit 17 - Page 147