1   QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
2     John B. Quinn (Bar No. 090378)
      johnquinn@quinnemanuel.com
3     Michael T. Zeller (Bar No. 196417)
      (michaelzeller@quinnemanuel.com)
      Jon D. Corey (Bar No. 185066)
4     (joncorey@quinnemanuel.com)
      865 South Figueroa Street, 10th Floor
5   Los Angeles, California 90017-2543
    Telephone: (213) 443-3000
6   Facsimile: (213) 443-3100

7   Attorneys for Mattel, Inc.

8                    UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10                       SOUTHERN DIVISION

11  MATTEL, INC., a Delaware            CASE NO. CV 04-9049 DOC (RNBx)
    corporation,
12                                      Consolidated with
               Plaintiff,              Case No. CV 04-09059
13                                      Case No. CV 05-02727
          vs.
14                                      **DISCOVERY MATTER**
    MGA ENTERTAINMENT,                  **[To Be Heard By Discovery Master Robert**
15  INC., a California corporation, et  **O'Brien]**
    al.
16                                      [PUBLIC REDACTED] MATTEL, INC.'S
               Defendants.              REPLY IN SUPPORT OF MOTION TO
17                                      ENFORCE, TO COMPEL AND FOR
                                        SANCTIONS RE: THE MGA DEFENDANTS'
18  AND CONSOLIDATED                    AFFIRMATIVE DEFENSES
    ACTIONS
19
                                        [Supplemental Declaration of Jon Corey filed
20                                      concurrently herewith]

21                                      Date:   TBD
                                        Time:   TBD
22                                      Place:  Arent Fox LLP
                                                555 West Fifth St., 48th Floor
23                                              Los Angeles, CA 90013

24                                      Discovery Cut-off: June 1, 2010
                                        Pre-trial Conference: TBD
25                                      Trial Date: TBD

26

27

28

00505.07975/3189232.1

# **TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT .................................................................................1

ARGUMENT ...........................................................................................................2

I.     JUDGE LARSON ORDERED THE MGA DEFENDANTS TO RESPOND TO THE SUPPLEMENTAL INTERROGATORY WITHOUT OBJECTION.................................................................................2

II.    THE MGA DEFENDANTS HAVE FAILED TO PROVIDE A COMPLETE LIST OF WITNESSES ...........................................................4

       A.     Witnesses Must Be Identified By Name, At Least .....................4

       B.     The MGA Defendants' Responses Are Admittedly Inadequate ...........6

III.   THE MGA DEFENDANTS DO NOT DEFEND THEIR FAILURE TO ADEQUATELY IDENTIFY DOCUMENTS..................................................9

IV.    THE MGA DEFENDANTS FAILED TO PROVIDE INFORMATION FOR ENTIRE DEFENSES .........................................................................10

V.     THE MGA DEFENDANTS CONCEDE THAT THEY HAVE FAILED TO PRODUCE DOCUMENTS IDENTIFIED IN THEIR RESPONSES IN VIOLATION OF THE COURT'S AUGUST 13, 2007 ORDER.............................................................................................13

VI.    THE DISCOVERY MASTER SHOULD REQUIRE, AGAIN, THAT THE MGA DEFENDANTS PROVIDE COMPLETE RESPONSES BY A DATE CERTAIN, ON PAIN OF PRECLUSION IF THEY ARE NOT PROVIDED..................................................................................16

VII.   SANCTIONING MATTEL FOR REQUESTING COMPLIANCE WITH COURT ORDERS IS UNWARRANTED; SANCTIONING THE MGA DEFENDANTS FOR UNJUSTIFIED AND UNEXPLAINED VIOLATIONS OF COURT ORDERS IS NECESSARY AND PROPER .........................................................................19

CONCLUSION.......................................................................................................20

1

## TABLE OF AUTHORITIES

2
 **Page**

3
 **Cases**

4
Allgood v. General Motors Corp.,
 2007 WL 647496 (Sl.D. Ind. Feb. 2, 2007)..............................................17

5

6
Chodkowski v. Cuno Inc.,
 2006 WL 1062115 (D. Conn. Mar. 30, 2006) ...........................................4

7
David v. Glemby Co., Inc,
 717 F. Supp. 162 (S.D.N.Y. 1989) ..........................................................19

8

9
Jacobsen v. Deseret Book Co,
 287 F.3d 936 (10th Cir. 2002) .................................................................19

10
Missouri Pacific Railroad Co. v. Aetna Casualty & Surety Co.,
 1995 WL 861146 (N.D. Tex. May 17, 1995)............................................12

11

12
Penk v. Oregon State Bd. of Higher Education,
 816 F.2d 458 (9th Cir. 1987) ...................................................................19

13

14
Rauenhorst v. U.S
 104 F.R.D. 588 (D. Minn. 1985) ..............................................................19

15
Smith v. Schlesinger,
 512 F.2d 462 (D.D.C. 1975).....................................................................19

16

17
Sprint Comm'ns Co. L.P. v. Vonage Holdings Corp,
 500 F. Supp. 2d 1290 (D. Kan. 2007)......................................................19

18

19
U.S v. Proctor & Gamble Co.,
 356 U.S. 677 ............................................................................................14

20
Williams v. Sprint/United Management Co.,
 235 F.R.D. 494 (D. Kan. 2006) .................................................................9

21

22
 **Statutes**

23
Fed. R. Civ. P. 26(e) .....................................................................13, 17

24
Fed. R. Civ. P. 37(c)(1)...........................................................................19

25
Rule 11(b)(2)............................................................................................12

26
Rule 11(b)(3)............................................................................................12

27
Rule 60(b)(3)............................................................................................19

28

## **Preliminary Statement**

Years into this litigation and with discovery currently set to end in June, the MGA Defendants have yet to provide basic information about some of their affirmative defenses or to identify fully the witnesses and documents supporting all of their defenses.

Three prior Court Orders mandate the full responses Mattel seeks by this Motion. On December 3, 2007, the MGA Defendants were ordered to provide a full and complete response, without objection, to a supplemental interrogatory seeking their contentions regarding their affirmative defenses. On August 13, 2007, the MGA Defendants were ordered to produce all documents upon which they would rely. On March 31, 2008, the MGA Defendants were ordered to identify supporting documents by Bates numbers when responding to contention interrogatories. In their Opposition the MGA Defendants do not claim to have complied with these orders. Rather, the MGA Defendants entirely ignore two of those Orders and seek to excuse their admitted noncompliance with the third by emphasizing the portions of their Supplemental Response that do comply and blaming Mattel for the shortcomings they are willing to acknowledge. There is no excuse for the MGA Defendants' failure to bring themselves into compliance. It is not for them to "consider" whether to do so.

The MGA Defendants should be ordered, one last time, to respond fully and adequately to Mattel's Supplemental Interrogatory. They should be precluded from introducing into evidence at trial anything that is not included in their next response unless it is shown to be information learned at a later date and the MGA Defendants' properly supplement pursuant to Rule 26.

## Argument

I.  ## JUDGE LARSON ORDERED THE MGA DEFENDANTS TO RESPOND TO THE SUPPLEMENTAL INTERROGATORY WITHOUT OBJECTION

The MGA Defendants ask the Discovery Master to find that the Supplemental Interrogatory is compound without even acknowledging that Judge Larson already rejected the same argument and ordered them to respond fully to this very Interrogatory.[1]  (Opp. at 13).  The Order fully applies to the responses at issue here.

It was precisely to avoid this sort of wrangling after the fact that Mattel sought leave from the Court to serve the Supplemental Interrogatory.  Any compound objection (or frankly any objection) to this interrogatory should have been made at that time.  And, indeed, it was.  The MGA Defendants made the very same compound argument to Judge Larson.[2]  Judge Larson rejected it and ordered the MGA Defendants to respond to the Supplemental Interrogatory in full and "*without objection*."[3]  The MGA Defendants could have sought reconsideration from Judge Larson, but they did not.  Instead, they purported to comply, producing their first responses in January 2008 and then supplementing those responses on August 31, 2009.

Even in their Opposition, the MGA Defendants do not seriously contest that they are required to identify witnesses and documents supporting their affirmative defenses and to answer contention interrogatories in sufficient detail to allow Mattel to prepare for trial.  This is basic discovery.  Mattel has repeatedly asked the MGA Defendants to confirm that they have produced all responsive documents -- and they

---

[1]  December 3, 2007 Order, Corey Decl. Ex. 1.

[2]  Carter Bryant and MGA Defendants' Joint Opposition to Mattel, Inc.'s Motion For Leave to Serve A Supplemental Interrogatory Regarding Defendants' Affirmative Defenses, at 2, Corey Decl. Ex. 3.

1  refuse to do so.   Only weeks ago, the *ex parte* pr oceedings on the Cityworld
2  documents established conclusively that the MGA Defendants were indeed
3  withholding documents which fit squarely within the category of those that it had
4  been compelled to produce.   That Mattel had to seek *ex parte* relief even to secure
5  complete disclosure of those documents – whose existence was revealed only
6  because the MGA Defendants were trying to use them to their advantage in the
7  dispute as to foreign discovery – proves that the MGA Defendants have not engaged
8  in full, good faith disclosure.   Given that, for the MGA Defendants to insist that
9  Mattel identify what it does not have (or know about) before they will affirm that
10 they have fully produced is not only groundless and contrary to law but suspect.
11 The MGA Defendants know what they have not produced.   These are not complex
12 questions, and they go directly to the MGA Defendants' own affirmative defenses in
13 this case.   The MGA Defendants have been ordered to respond without objection to
14 the Supplemental Interrogatory and compelled to produce documents supporting
15 their affirmative defenses.[4]   The Discovery Master should enforce these Orders.

16   The MGA Defendants claim that, notwithstanding Judge Larson's December
17 3 Order requiring them to respond without objection, "the law of the case" does not
18 require them "to answer separately for each affirmative defense, but could include a
19 single, unitary recitation of the facts supporting all of the affirmative defenses."
20 (Opp. at 13-14.)   First of all, this is not the law of the case: Order No. 46, which the
21 MGA Defendants cite and which was issued after Judge Larson's Order, ████████
22 ████████████████████████████     ████████████████
23 ████████████████████████████████████
24
25
26
27  [3] December 3, 2007 Court Order, Corey Decl. Ex. 1 (emphasis added).
 [4] Id.; see also August 13, 2007 Order, Corey Decl. Ex. 27.
28

-3-

██████████████████████████████████████████

Nothing in that decision purports to create "law of the case," much less to overrule Judge Larson's December 3 Order. In all events, the MGA Defendants did not provide a "single, unitary recitation of facts," but chose to answer defense by defense, and at least two of those responses are deficient on their face[7] (and several more contain inadequate identifications of supporting documents and witnesses). Nothing in the other answers remedies those deficiencies.

## II. THE MGA DEFENDANTS HAVE FAILED TO PROVIDE A COMPLETE LIST OF WITNESSES

### A. Witnesses Must Be Identified By Name, At Least

A full and complete response to an interrogatory seeking the identity of witnesses, as compelled here, requires the responding party to identify witnesses by name, at a bare minimum. See, e.g., Chodkowski v. Cuno Inc., 2006 WL 1062115, at *3, 5 (D. Conn. Mar. 30, 2006).[8] The MGA Defendants have admittedly failed to do so, offering in their Opposition two excuses for their failure. First, the MGA Defendants claim that they "do not know the names of individuals" who work at some of the third party companies identified in the Supplemental Response. (Opp. at 12.) Second, they claim the right to exclude the names of those witnesses who are purportedly "too afraid to speak with MGA out of fear of reprisal by Mattel." (Id.)

Neither response justifies the MGA Defendants' plainly inadequate identification of witnesses. As to the first, if the MGA Defendants truly do not know the names of potential witnesses, obviously they cannot provide them to

---

[5] Phase 2 Discovery Matter Order No. 46, dated August 14, 2009, at 20 n.10, attached as Exhibit 1 to the concurrently filed Supplemental Declaration of Jon Corey ("Suppl. Corey Decl.").

[6] Id. at 19-20.

[7] Mot. at 15.

[8] See also Mot. at 12-13.

1  Mattel.  Nor would they be included, at this point, in the Supplemental Response.

2  Under the Rules, the MGA Defendants are required to supplement their responses if

3  and when they discover additional witnesses.  But the MGA Defendants' failure

4  here is not limited to their inability to foresee who will emerge in the future.  In an

5  effort to prove how much it has produced, the MGA Defendants reproduce five

6  pages of their Supplemental Response that does include names of individual

7  witnesses. (Opp. at 7-10.)  The very first sentence of the reproduced response lists a

8  ████████████████ (Opp. at 7.)  "███████████ is not an unknown future witness,

9  but an insufficiently identified one.[9]   Mattel cannot notice the deposition of

10  ███████████ Mattel cannot even begin discovery, much less follow up on any

11  information learned based on discovery of these witnesses, until it knows the names

12  of the witnesses at issue.  As the Discovery Master is well aware, discovery is

13  fought at every point in this case – nothing is produced or provided without motion

14  practice, which takes time.  Mattel cannot even begin the time-consuming process of

15  obtaining the necessary discovery to defend against the MGA Defendants' 35

16  affirmative defenses until it is provided with sufficient information, including the

17  actual identity of witnesses.  The failure to identify known witnesses with sufficient

18  specificity that Mattel can proceed with discovery and prepare for trial is

19  inexcusable.  If the MGA Defendants do not meet basic identification standards,

20  they should not be permitted to introduce testimony from those witnesses at trial.

21

22  [9]   The Supplemental Interrogatory defines "IDENTIFY" with respect to "an

23  individual or individuals" to mean: [T]o state, fully and separately as to each, such individual's name, any known business title, current of last known business

24  affiliation, current or last known residential address, current or last known business

25  address, current or last known relationship to MGA, and current or last known telephone number."  Supplemental Interrogatory at 3, Corey Decl. Ex. 2.  The Court

26  ordered the MGA Defendants to respond to this interrogatory in full and without

27  objection, thus, they must comply with the definitions provided.  December 3, 2007 Order, Corey Decl. Ex. 1.  The case law requires this as well.  See Mot. at 12-13.

28

As to the MGA Defendants' unsupported claim that some undefined number of witnesses wish to remain anonymous at this point, the law recognizes no such exception to civil discovery.  The MGA Defendants cite no authority for their claimed unilateral right to defy a Court Order based on vague and unsubstantiated "fears."  If the MGA Defendants know the names of people who will support their affirmative defenses, as they appear to concede, the December 3 Order compels their disclosure and compelled it long ago.  Indeed, the MGA Defendants' smear against Mattel as their excuse for violating Judge Larson's Order is not only unproven but post hoc.  Nothing in the MGA Defendants' responses even provided notice that they were deliberately withholding information on this supposed ground.

### B.  The MGA Defendants' Responses Are Admittedly Inadequate

The MGA Defendants boast that, apart from the names they do not know or those who are allegedly afraid to be revealed, the Supplemental Response provides "much more than simply names: it includes the name of the entity that the person was employed by, the date of the communications, how MGA learned of the information and what exactly was said or done." (Opp. at 11.)  That is certainly true for some witnesses, but the inclusion of such information for some potential witnesses in no way excuses the provision of inaccurate or inadequate information as to others.  As Mattel detailed in its Motion, the Supplemental Response is rife with incomplete and inaccurate identifications.[10]

The MGA Defendants do not even attempt to defend many of the responses singled out as deficient in Mattel's Motion.  For their Acts or Omissions of Others

---

[10]  See Mot. at 10-19.  Indeed, even the most readily verifiable people, Mattel executives, are stated as affiliates of MGA in the Supplemental Response. Id. at 13 n.40.  If the MGA Defendants cannot even accurately identify people employed by Mattel versus itself, Mattel finds it hard to take on faith the accuracy of the Supplemental Response with respect to information for witnesses allegedly employed by third parties all over the world.

1 | affirmative defense, the Supplemental Response identifies supporting witnesses ▆

2 | ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆

3 | ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆

4 | ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆

5 | ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆

6 | ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆

7 | ▆▆▆▆▆▆▆▆▆▆▆▆  (Mot. at 11.)   Not surprisingly, the MGA

8 | Defendants offer no justification for such a patently useless response that fails to

9 | comply with the December 3, 2007 Order.  Nor do they address the seemingly

10 | intentional effort to obscure whether, for a number of affirmative defenses, the

11 | person(s) identified by name are the only people with knowledge at those entities, or

12 | just a sampling of some but not all of those who might be witnesses.  (Mot. at 10.)

13 | If the list is complete, then all the MGA Defendants would have to say is that the list

14 | is complete.  Instead, they choose to fight for the right to withhold and obscure.

15 |     The MGA Defendants seek to dismiss their failings by emphasizing that

16 | Mattel *only* identified 12 entities for which an individual name was not provided.

17 | (Opp. at 11.)   In fact, the portion of the Supplemental Response reproduced in

18 | Mattel's Motion not only names 12 entities without a single individual's name

19 | attached to any of them, it also encompasses ▆▆▆▆▆▆▆▆▆▆

20 | ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆

21 | ▆▆▆▆▆▆▆▆▆▆  (Mot. at 11.)  The MGA Defendants do not even

22 | try to defend this blatantly inadequate response, which is broad enough to describe

23 | potentially hundreds of witnesses yet is so lacking in specificity as to be useless to

24 | Mattel's investigation and its ability to take discovery.

25 |     The MGA Defendants also seek to dismiss their failure to comply with Judge

26 | Larson's Order because Mattel has not sought to depose any of the witnesses

27 | identified in the Supplemental Response.  (Opp. at 12-13.)  Even if this were true, it

28 | would not be a defense to the MGA Defendants' non-compliance with the

December 3, 2007 Order.[11]   As the MGA Defendants also well know, Mattel has been diligent in its pursuit of depositions.  Mattel recently sought leave to take more than thirty depositions, expressly seeking leave as to some of the witnesses identified in the Supplemental Response.[12]  The MGA Defendants not only opposed the motion, they also cross-moved for a protective order to limit the amount of depositions that could be taken in the case.[13]

Equally disingenuous is the MGA Defendants' claim that "Mattel has made no showing in its motion of why this information is needed – and certainly no showing of why it is needed now." (Opp. at 12.)  The MGA Defendants argue that Mattel has not shown that "the twelve missing names are the crucial witnesses to these defenses." (Id.)  Of course, the MGA Defendants are not free to disregard the plain terms of a Court Order based on their self-serving view of what is "crucial" or not.  Nor, in any event, can Mattel prove if the "missing" witnesses are "crucial" or not.  How could it possibly do that?  Mattel does not know who they are.  Only the MGA Defendants know who they have in mind, and their insistence on gamesmanship as to these matters only serves to underscore that their defiance of the Court's Order is deliberate.  In the case of the critical e-mail between Larian and

---

[11]  See, e.g., Phase 2 Discovery Matter Order No. 60, dated September 9, 2009, at 26, Corey Decl. Ex. 29 ("[T]he MGA Parties' obligation to produce responsive information does not depend on Mattel's actions.").

[12]  See Mattel's Motion For Leave to Take Additional Depositions, dated August 11, 2009, at 11, 13, 14, Suppl. Corey Decl. Ex. 2.

[13]  See the MGA Parties' Opposition to Mattel's Motion For Leave To Take Additional Depositions and Cross-Motion For Protective Order Altering Deposition Limits, dated August 21, 2009, Suppl. Corey Decl. Ex. 3.

1  O'Connor, revealed only last month, the answer is that the document was indeed
2  crucial, and the MGA Defendants withheld it for years.[14]

3  **III.   THE MGA DEFENDANTS DO NOT DEFEND THEIR FAILURE TO**
4  **ADEQUATELY IDENTIFY DOCUMENTS**

5         Judge Larson has explicitly ruled that Bates numbers are required in
6  responses to contention interrogatories.[15]  Not only did his December 2007 Order
7  require answers without objection, but in March 2008, he explicitly addressed the
8  necessity of Bates number identification in responses to contention interrogatories:
9  "[I]dentification by Bates number the documents in response to any party's
10 contention interrogatory is imperative to narrowing the potential for dispute between
11 the parties at trial as to whether a particular document falls into those 'identified' in
12 response to a given contention interrogatory."[16]

13        In response to Mattel's showing that the MGA Defendants fail to adequately
14 identify documents supporting their affirmative defenses (Mot. at 16-20), the MGA
15 Defendants claim that the Supplemental Response identifies *"new"* documents
16 sufficiently, and that is all they are required to do.  (Opp. at 14.)  In point of fact, as
17 Mattel detailed in its Motion, the MGA Defendants' failures to identify documents
18 by Bates numbers extends to documents referenced for the first time with respect to

19
20
_____

21        [14]    The import of this e-mail cannot be disputed; indeed, Judge Larson expressly
22 recognized its direct relevance.  See August 31, 2009 Order, at 3, Suppl. Corey
   Decl. Ex. 20 ("This document has clear relevance to the claims and defenses at issue
23 in the Phase 1 trial."); see also September 22, 2009 *In Chambers* Hearing Tr., at
24 8:18-9:2, Suppl. Corey Decl. Ex. 21 ████████████████████████

25 ████████████████████████████████

26        [15]   See March 31, 2008 Court Order, Corey Decl. Ex. 25.
27        [16]   Id.; see also Williams v. Sprint/United Management Co., 235 F.R.D. 494, 506
   (D. Kan. 2006); Mot. at 16-20.
28

REPLY ISO MTN FOR AN ORDER ENFORCING COMPLIANCE WITH PRIOR ORDERS AND FOR SANCTIONS

new defenses.[17]  Moreover, new or old, they are required to identify documents in a manner that would allow Mattel to identify them – namely by Bates numbers.  Their failure to do so not only violates the Court's December 3, 2007 Order to respond to the Supplemental Interrogatory without objection, it also plainly and explicitly violates the Court's March 31, 2008 Order specifically requiring Bates numbers as to documents referenced in contention interrogatory responses.  The MGA Defendants do not even cite the latter Order, much less offer any reason why they have ignored it.

## IV.   THE MGA DEFENDANTS FAILED TO PROVIDE INFORMATION FOR ENTIRE DEFENSES

The MGA Defendants explain their failure to provide adequate information as to their defenses by arguing that Mattel "offers only two as falling short."  (Opp. at 16.)  Mattel provided at least four in its Motion.[18]  The Employee Right of Mobility response is the one that identifies the ██████████████████ ████████[19]  Its inadequacy is apparent.[20]  As to the "No Injury Sustained By Alleged Creditor" defense, the MGA defendants argue that three lines is enough because it is "simple."  (Opp. at 17.)  The need to provide full responses does not turn on the complexity of the defense.   In all events, this is not a standard affirmative defense; neither Mattel nor the Court can determine how complex it will be in the absence of the sort of full description lacking here.

---

[17]  Mot. at 18-19.
[18]  Id. at 14-15.
[19]  Id. at 15 ██████████████████████████████████
████████████████████████████████████████

[20]  Likewise, the De Minimum Use response contains a facially incomplete list. See Mot. at 15 n.47 (citing Supplemental Response, at 96 (listing persons with knowledge and ending list with "Charlotte Broussard,")).

00505.07975/3189232.1

With respect to the alleged "Lack of Authority" affirmative defense, the MGA Defendants claim that they cannot identify a single fact, witness or document supporting their deficient response due to a "chicken and egg" problem. According to the MGA Defendants, Mattel has not produced the discovery the MGA Defendants need to explain this defense.[21]   (Opp. at 17.)   This is factually insupportable.  Mattel has produced interrogatory responses running hundreds of pages explaining the factual bases for each of the thefts engaged in by the MGA Defendants and the agents working for them.[22]  Mattel has produced documents containing trade secrets stolen by the MGA Defendants and their agents.  More significantly, the MGA Defendants have produced documents in their possession that were stolen from Mattel.[23]   Indeed, the scope of authority of the MGA Defendants' own agents and employees are unequivocally know to the MGA Defendants.  The chicken and egg analogy simply fails.  The MGA Defendants are not waiting on Mattel.

---

[21]   The MGA Defendants make a reciprocal discovery argument that it must know by now to be faulty. (Opp. at 11.) The Discovery Master has rejected it more than once. See e.g., Phase 2 Discovery Matter Order No. 60, dated September 9, 2009, at 26, Corey Decl. Ex. 29; Phase 2 Discovery Matter Order No. 71, dated October 15, 2009, at 9, Suppl. Corey Decl. Ex. 5; Phase 2 Discovery Matter Order No. 56, dated September 3, 2009, at 32, Suppl. Corey Decl. Ex. 22.

[22]   See Mattel, Inc.'s First Supplemental Objections And Responses To Interrogatory Nos. 20-23, And 28 In MGA's Second Set Of Interrogatories, dated July 31, 2009, Suppl. Corey Decl. Ex. 6; see also Second Supplemental Responses To MGA's First Set Of Interrogatories to Mattel, dated May 23, 2008, Suppl. Corey Decl. Ex. 7.

[23]   See, e.g., MGA 0105094–MGA 0105104, MGA 0105833–MGA 0105835, MGA 0105929–MGA 0105935, MGA 0105947–MGA 0105951, MGA 0105973–MGA 0105975, MGA 0110298–MGA 0110299, MGA 0110307–MGA 0110313, MGA 0110704, MGA 0137251–MGA 0137255, MGA 0139747–MGA 0139748, MGA 0140349–MGA 0140366, Suppl. Corey Decl. Exs. 8-16.

1    The MGA Defendants seek to divert attention from their own failings by

2  arguing that all of the information in the thousands of stolen documents cannot be

3  trade secrets.  Even if true, that does not justify the MGA Defendants' failure to

4  provide *any* information, facts, documents, or witnesses with respect to this

5  purported defense.  While ongoing discovery may provide the MGA Defendants

6  with further *new* information relevant to this affirmative defense, they cannot delay

7  producing what they now know until they know more.  Either they have enough

8  facts to have properly pled this affirmative defense, in which case those need to be

9  disclosed, or they do not and the assertion of this defense was in violation of Rule

10  11.  See, e.g., Missouri Pacific Railroad Co. v. Aetna Casualty & Surety Co., 1995

11  WL 861146, at *1 (N.D. Tex. May 17, 1995) ("Given the requirements of Rule

12  11(b)(2) and (3), Defendants' assertion of affirmative defenses must be factually and

13  legally grounded.").  As the Court in Missouri Pacific Railroad Co. recognized,

14  because Rule 11 requires affirmative defenses to be "factually and legally

15  grounded" the responding party is precluded from seeking a "delay in providing

16  presently known information – documents or interrogatory answers – on which they

17  base such defenses." 1995 WL 861146, at *1.  The Court went on to note that "[i]f

18  additional discovery buttresses or erodes Defendants' affirmative defenses, [they]

19  may be obligated to serve supplemental responses," but "alleged incomplete

20  knowledge at the present time does not relieve them of providing responses to

21  discovery presently known to them or in their possession." Id.

22    The full text of the MGA Defendants' Supplemental Response on the "Lack

23  of Authority" affirmative defense is this:



00505.07975/3189232.1

REPLY ISO MTN FOR AN ORDER ENFORCING COMPLIANCE WITH PRIOR ORDERS AND FOR SANCTIONS

1 ████████████████████████████████████████

2 ████████████████████████████████████████

3 ██████████████████████

4 These are not "broad statements," as the MGA Defendants claim.  (Opp. at 18.)

5 These are generic statements merely outlining purported "elements" of this

6 affirmative defense, if it is one.  This is not sufficient under the Court's Orders or

7 well-settled law.

8 **V.    THE MGA DEFENDANTS CONCEDE THAT THEY HAVE FAILED**

9 **TO PRODUCE DOCUMENTS IDENTIFIED IN THEIR RESPONSES**

10 **IN VIOLATION OF THE COURT'S AUGUST 13, 2007 ORDER**

11 Although they tout their purported willingness to cooperate and claim they

12 have produced many documents, conspicuously missing from the MGA Defendants'

13 Opposition is any claim that they actually have produced all documents identified in

14 their responses, as they have been ordered to do.  In fact, they concede they have not

15 done so, stating that "MGA is reviewing its documents and *will* produce the

16 documents identified to the extent they exist" – even though Mattel identified these

17 deficiencies more than a month ago and the Orders were issued years ago.  (Opp. at

18 4) (emphasis added).[25]  Nor do the MGA Defendants dispute the requirement that

19 they produce all documents they have identified or even mention the August 13,

20 2007 Order discussed in Mattel's Motion.  (See Mot. at 20-24).  For these reasons

21 alone, they should be compelled, once again, to produce all identified documents,

22 and by a date certain.

23 The MGA Defendants state that if "Mattel can identify documents referenced

24 in MGA's response that it believes have not been produced," they will produce

25 _____

26 [24]   Supplemental Response, at 164, Corey Decl. Ex. 8.

27 [25]   Mot. at 7.

28

1  them.  (Opp. at 14.)  But, as Mattel showed in its Motion, and as the MGA

2  Defendants do not seriously contest, Mattel cannot tell what documents many of the

3  responses are referring to due to the improper, vague descriptions the MGA

4  Defendants have provided.  (See Mot. at 18-20.)  Without that knowledge, it is

5  *impossible* for Mattel to identify each and every document the MGA Defendants

6  have not produced as they demand.  Nor is it Mattel's burden to do so.  If the MGA

7  Defendants wish to rely on documents, they must produce them and they must do so

8  promptly, as the Discovery Master has previously explained.[26]

9      The quote in the MGA Defendants' Opposition merely confirms the necessity

10  of full disclosure :  "[m]odern instruments of discovery serve a useful purpose" as

11  "[t]hey together with pretrial procedures make a trial less a game of blind man's

12  bluff and more a fair contest with the basic issues and facts disclosed to the fullest

13  practicable extent[,]" noting that "[o]nly strong public policies weigh against

14  disclosure."  U.S v. Proctor & Gamble Co., 356 U.S. 677. 682 (citation omitted).

15  The Court went on to hold that "the policy of secrecy of grand jury proceedings"

16  meets this "strong public policy" requirement and that the movant had not shown

17  "compelling necessity . . . for the wholesale discovery and production of a grand

18  jury transcript under Rule 34."  Id. at 682-83.  This criminal case involving a grand

19  jury proceeding that is secret by criminal statute, id. at 682 n.5, provides no defense

20  for the MGA Defendants' failures to provide compelled discovery here.  To extent it

21  states a general principle of *civil* discovery, it demonstrates the MGA Defendants'

22  non-compliance with the Federal Rules.

23

24  _____

25  [26]  See Phase 2 Discovery Matter Order No. 60, dated September 9, 2009, at 22,
     Corey Decl. Ex. 29 (

26  ████████████████████████████████████████████████████

27  ████████████████████████████████████████████████████
     ; see also Mot. at 22-23 n.62.

28

Nor does the MGA Defendants' claim that they are "committed to working with Mattel" either excuse their non-compliance with Court Orders or even credible as a factual matter. (Opp. at 4.) Even though Mattel sent meet and confer letters long before bringing this Motion to try to resolve these issues, the MGA Defendants ignored Mattel's inquiries as to the status of their promised reviews of their documents and potential promised supplemental productions, leaving Mattel with no choice but to bring this Motion.[27]

In fact, the record unambiguously shows that the MGA Defendants "cooperate" in producing the documents they are relying on only when forced to do so by motions – not even preexisting Orders are enough for them to do so. For example, it was only in a letter sent the same day the MGA Defendants' Opposition was due – long after Mattel had specifically identified them[28] – that the MGA Defendants first represented that two documents that Mattel had identified as not having been produced were typographical errors by the MGA Defendants, and provided the allegedly correct Bates numbers.[29] That the MGA Defendants ignored the issue until forced to address it by Mattel's Motion is telling itself, and even now outstanding issues remain unresolved as to these documents – let alone the untold numbers of other documents the MGA Defendants have been withholding and continue to withhold.[30] Likewise, it was only in response to Mattel's *ex parte*

---

[27] Mot. at 6-8.

[28] Id.

[29] See October 27, 2009 e-mail to J. Corey from W. Molinski, Suppl. Corey Decl. Ex. 17. One of these purported typographical errors is more credible the than other--that a scrivener mistyped MGA 665527 for the intended MGA 3473855--is not.

[30] One of the "replacement" documents does not appear to relate in any way to the affirmative defense it purports to support. Mattel has requested an explanation from the MGA Defendants, but they have once again ignored that request. See November 2, 2009 letter from J. Corey to W. Molinski, Suppl. Corey Decl. Ex. 18.

1   application that the MGA Defendants produced the Cityworld documents they have

2   specifically relied on in a discovery motion.[31]   The MGA Defendants now claim

3   they did not have to produce them because they are "impeachment" evidence.  (Opp.

4   at 16.)  That argument is preposterous and reveals their gamesmanship.  The MGA

5   Defendants specifically represented to the Discovery Master previously that these

6   documents affirmatively support their statute of limitations and laches defenses.[32]

7   **VI.  THE DISCOVERY MASTER SHOULD REQUIRE, AGAIN, THAT**

8   **THE MGA DEFENDANTS PROVIDE COMPLETE RESPONSES BY A**

9   **DATE CERTAIN, ON PAIN OF PRECLUSION IF THEY ARE NOT**

10   **PROVIDED**

11   Mattel has shown that the MGA Defendants have not complied with at least

12   three Orders.  There can be no genuine dispute about this.  These are preexisting

13   Orders imposing preexisting obligations.  The Discovery Master can, and should,

14

15   —————————————————

16   [31] See Letter of Request Application, Corey Decl. Ex. 30.  The MGA Defendants

17   claim they did not receive Mattel's *ex parte* application notice until the next day because the lawyers had been in court.  (Opp. at 16.)  Even if true, this misses the

18   point entirely.  Mattel never should have had to seek *ex parte* relief for the

19   production of these documents or even make a special request for them since there are longstanding Orders in place compelling their production.  Furthermore, while

20   the MGA Defendants claim they received the documents only days before they

21   submitted them, the documents on their face undermine that assertion.  See Exhibits K, L to the Rutowski Declaration In Support Of MGA Parties' Notice And

22   Application For Issuance Of Letter Of Request For Judicial Assistance RE: Danny

23   K.H. Yu And Bird & Bird, dated September 4, 2009, Corey Decl. Exs. 32, 33

24   (████████████████████████████████████████

25   ████████████████████████████)  The MGA Defendants were litigants in the Cityworld proceedings and unquestionably had received those

26   documents in the proceeding over a year ago.

27   [32] See Mot. at 23-24.

28

00505.07975/3189232.1

1   once again require compliance, but that is not all.   This time, any further non-
2   compliance should be sanctioned by a preclusion recommendation.

3       Defendants of course protest, but they offer no legal response.   Citing no
4   authority, they claim Mattel's Motion is "premature" because no trial date has been
5   set.[33]   (Opp. at 6.)   But a discovery cutoff *has* been set, and Mattel needs the basic
6   information now at issue to comply with that cutoff.   Mattel needs to know, for
7   example, the names of the witnesses the MGA Defendants are relying on, to
8   investigate and take further discovery, all of which must be completed before the
9   cutoff.   That there is not presently a fixed trial date hardly justifies the MGA
10  Defendants' tactical delays, especially in failing to disclose the bases for their own
11  affirmative defenses.

12      The MGA Defendants also cite their right to supplement their responses under
13  Rule 26(e).   They certainly have that right – and obligation – but it is irrelevant to
14  the issue at bar.   Mattel is entitled to find out what the MGA Defendants know *now*,
15  not later.   Fed. R. Civ. P. 26(e); see also Allgood v. General Motors Corp., 2007 WL
16  647496, at *3 (S.D. Ind. Feb. 2, 2007) ("Rule 26(e) imposes a duty on the producing
17  party to supplement information that is incorrect or incomplete.   It does not give the
18  producing party a license to disregard discovery deadlines and to offer new opinions
19  under the guise of the "supplement" label.") (citation omitted).   If new facts come to
20  light later – information that the MGA Defendants do *not* know now – the MGA
21  Defendants can supplement their responses to disclose them.   Mattel does not seek
22  to limit the MGA Defendants' supplementation obligations under Rule 26.   But
23  whether they supplement based on later-discovered information or not, the MGA

24

25

26

27  [33]   In truth, it was recently vacated -- a trial date of March 2010 was in place
until September.   See September 22, 2009 Court Order, Suppl. Corey Decl. Ex. 19.
28

00505.07975/3189232.1

REPLY ISO MTN FOR AN ORDER ENFORCING COMPLIANCE WITH PRIOR ORDERS AND FOR SANCTIONS

1    Defendants must disclose all information they currently possess now.[34]  They have
2    not done so.

3         The MGA Defendants urge that preclusion is improper and that the Discovery
4    Master should "readily set aside a party's supposed Rule 26 violations" if "the
5    violation is justified or harmless." (Opp. at 6.)  This misses the point.  Mattel does
6    not seek preclusion at this time.  Mattel seeks a recommendation that *if* the MGA
7    Defendants *continue* to fail to provide the required information as ordered, non-
8    disclosed information be precluded.[35]  Even if the MGA Defendants' violations of
9    multiple Orders could be deemed justified or harmless *now* – which they cannot be[36]
10   – if they persist and continue to exist following yet another Order they will be far
11   from that.  Any violations that then remain will be, transparently, unjustified and
12   deliberately harmful, requiring preclusion.  Fed. R. Civ. P. 37(c)(1) ("If a party fails
13   to provide information…as required by Rule 26(a) or 26(e), the party is not allowed
14   to use that information…"); see also Smith v. Schlesinger, 512 F.2d 462, 467 n.10
15   (D.D.C. 1975) ("The 'preclusion' sanction employed by the District Court is
16   properly employed against a willful violation of a discovery order."); Penk v.

_____

18   [34]  See Phase 2 Discovery Matter Order No. 56, dated September 3, 2009, at 32,
19   Suppl. Corey Decl. Ex. 22 (████████████████████████████████████████████
20   ███████████████████████████████████████████████████████████████████████████
21   ████████████████████████████████████████████████████████

[35]  Mot. at 25.

22   [36]  The MGA Defendants erroneously claim that Mattel waited "some fifteen
23   months to even address what it believes is deficient" (Opp. at 6), showing the
24   deficiencies are harmless.  In fact, the MGA Defendants' Supplemental Response
     was served on August 31, 2009, and was the first response that addressed the MGA
25   Defendants' 13 new affirmative defenses.  The MGA Defendants also claim that
26   Mattel cannot complain of prejudice because it "has had many opportunities to
     explore and challenge all of the information available before it prior to trial." (Opp.
27   at 6.)  This is precisely what Mattel is doing by the present Motion – challenging
     this deficient response to avoid surprise at trial.

1    Oregon State Bd. of Higher Education, 816 F.2d 458, 466 (9th Cir. 1987).   The
2    MGA Defendants should not be allowed to ignore their obligations and withhold
3    information regarding their affirmative defenses yet again and then present such
4    evidence at trial.   Notably, not only Mattel's but the MGA Defendants' own
5    authorities support this conclusion.[37]

6    **VII.   SANCTIONING MATTEL FOR REQUESTING COMPLIANCE WITH**
7           **COURT ORDERS IS UNWARRANTED; SANCTIONING THE MGA**
8           **DEFENDANTS FOR UNJUSTIFIED AND UNEXPLAINED**
9           **VIOLATIONS OF COURT ORDERS IS NECESSARY AND PROPER**

10          The MGA Defendants should be sanctioned monetarily for the reasons
11   discussed in Mattel's Motion.[38]   Their violations of prior Orders are clear, and their
12   gamesmanship is equally clear.   The MGA Defendants refused even to respond to

---

[37]   In Jacobsen v. Deseret Book Co., the court reversed the district court's denial
of a motion to strike the incomplete expert reports, holding that the "district court
abused it discretion *in refusing to strike [incomplete] expert reports*." Jacobsen, 287
F.3d 936, 952, 954 (10th Cir. 2002) (emphasis provided).   Likewise, in Sprint
Comm'ns Co. L.P. v. Vonage Holdings Corp., the court held that the party's Rule 26
violation was "wholly unjustified and not at all harmless from Sprint's perspective."
Sprint, 500 F. Supp. 2d. 1290, 1338 (D. Kan. 2007).
     Other cases cited in the Opposition are simply inapposite. David v. Glemby Co.,
Inc. addressed the plaintiff's addition of damages claims near the end of the
discovery period, which the court refused to "dismiss" as untimely – it is wholly off
point. David, 717 F.Supp. 162, 171 (S.D.N.Y. 1989).   Rauenhorst v. U.S., which
addressed a Rule 60(b) motion for relief from the judgment, is also off point.
Rauenhorst, 104 F.R.D. 588 (D. Minn. 1985). There, the U.S. sought relief from the
judgment and also brought an independent action for fraud based on the party's
purported failure to provide full interrogatory responses.   The court held that the
interrogatory answers provided all the information necessary and the "United States'
failure to pursue that information or to request more detailed or additional
responses[,]" in precise contrast to what Mattel is seeking by the present Motion,
weighed "against a finding of misconduct under Rule 60(b)(3)." Id. at 598.   This
has no bearing here.

00505.07975/3189232.1

1    Mattel's meet and confer requests.[39]   They consistently have refused to produce

2    already ordered documents until forced by Mattel motions.   This conduct is

3    sanctionable.

4          The assertion that Mattel should be sanctioned, on the other hand, barely

5    merits response.   The claim that Mattel violated meet and confer obligations is

6    simply false.   Mattel's Motion details the MGA Defendants' refusals to meet and

7    confer as required,[40] to which the MGA Defendants offer no response.   Ordering

8    Mattel to meet and confer on an issue it tried to meet and confer on for over a month

9    would reward the MGA Defendants for their wrongful conduct and is in no way

10   justified under the Rules.

## **Conclusion**

12         For the foregoing reasons, Mattel respectfully requests that the Discovery

13   Master grant its Motion in its entirety.

15   DATED:  November 4, 2009          QUINN EMANUEL URQUHART OLIVER &
16                                     HEDGES, LLP

18                                     By/s/ Jon Corey
                                       _____
19                                     Jon Corey
                                       Attorneys for Mattel, Inc.

---

[38]   Mot. at 27-28.

[39]   Id. at 6-8.

[40]   Id.