# Exhibit A

## Confidential
## Filed Under Seal Pursuant to Protective Order

Name & Address:
L. Kieran Kieckhefer (State Bar No. 251978)
Orrick, Herrington & Sutcliffe LLP
1000 Marsh Road
Menlo Park, CA  94025
Telephone: 650-614-7400
Facsimile: 650-614-7401

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

CARTER BRYANT, an individual,

PLAINTIFF(S)

v.

MATTEL, INC., a Delaware Corporation,

DEFENDANT(S).

CASE NUMBER:

CV 04-9049-DOC (RNBx)

### NOTICE OF MANUAL FILING

PLEASE TAKE NOTICE:

The above-mentioned cause of action has been designated as an electronically filed case. In accordance with General Order 08-02 and Local Rule 5-4 the following document(s) or item(s) will be manually filed. **List Documents:**

Exhibit A, B, C, H and K to the Declaration of Warrington Parker III in Support of MGA Parties' Motion for Pre-Trial Conference and for Order Requiring Mattel to File a Rico Case Statement

**Document Description:**

☐   Administrative Record

☐   Exhibits

☐   Ex Parte Application for authorization of investigative, expert or other services pursuant to the Criminal Justice Act [see Local Civil Rule 79-5.4, Documents to be excluded, (h)]

☑   Other  See document listed above.

**Reason:**

☑   Under Seal

☐   Items not conducive to e-filing (i.e., videotapes, CDROM, large graphic charts)

☐   Electronic versions are not available to filer

☐   Per Court order dated _____

☐   Manual Filing required (*reason*):

November 6, 2009
Date

/s/ L. Kieran Kieckhefer
Attorney Name

MGA Parties
Party Represented

Note:   File one Notice in each case, each time you manually file document(s).

# Exhibit B

## Confidential
## Filed Under Seal Pursuant to Protective Order

Case 2:04-cv-09049-DOC-RNB    Document 7140    Filed 11/06/2009    Page 1 of 1

Name & Address:
L. Kieran Kieckhefer (State Bar No. 251978)
Orrick, Herrington & Sutcliffe LLP
1000 Marsh Road
Menlo Park, CA  94025
Telephone: 650-614-7400
Facsimile: 650-614-7401

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>PLAINTIFF(S)<br><br>v.<br><br>MATTEL, INC., a Delaware Corporation,<br><br>DEFENDANT(S). | CASE NUMBER:<br><br>CV 04-9049-DOC (RNBx)<br><br><br>**NOTICE OF MANUAL FILING** |

PLEASE TAKE NOTICE:

The above-mentioned cause of action has been designated as an electronically filed case. In accordance with General Order 08-02 and Local Rule 5-4 the following document(s) or item(s) will be manually filed. **List Documents:**
Exhibit A, B, C, H and K to the Declaration of Warrington Parker III in Support of MGA Parties' Motion for Pre-Trial Conference and for Order Requiring Mattel to File a Rico Case Statement

**Document Description:**

☐   Administrative Record

☐   Exhibits

☐   Ex Parte Application for authorization of investigative, expert or other services pursuant to the Criminal Justice Act [see Local Civil Rule 79-5.4, Documents to be excluded, (h)]

☑   Other  See document listed above.

**Reason:**

☑   Under Seal

☐   Items not conducive to e-filing (i.e., videotapes, CDROM, large graphic charts)

☐   Electronic versions are not available to filer

☐   Per Court order dated _____

☐   Manual Filing required (*reason*):

November 6, 2009
Date

/s/ L. Kieran Kieckhefer
Attorney Name

MGA Parties
Party Represented

Note:   File one Notice in each case, each time you manually file document(s).

G-92 (03/09)                                    NOTICE OF MANUAL FILING

# Exhibit C

## Confidential
## Filed Under Seal Pursuant to Protective Order

Case 2:04-cv-09049-DOC-RNB   Document 7140   Filed 11/06/2009   Page 1 of 1

Name & Address:
L. Kieran Kieckhefer (State Bar No. 251978)
Orrick, Herrington & Sutcliffe LLP
1000 Marsh Road
Menlo Park, CA  94025
Telephone: 650-614-7400
Facsimile: 650-614-7401

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>PLAINTIFF(S)<br>v.<br>MATTEL, INC., a Delaware Corporation,<br><br>DEFENDANT(S). | CASE NUMBER:<br><br>CV 04-9049-DOC (RNBx)<br><br>**NOTICE OF MANUAL FILING** |

PLEASE TAKE NOTICE:

The above-mentioned cause of action has been designated as an electronically filed case. In accordance with General Order 08-02 and Local Rule 5-4 the following document(s) or item(s) will be manually filed. **List Documents:**
Exhibit A, B, C, H and K to the Declaration of Warrington Parker III in Support of MGA Parties' Motion for Pre-Trial Conference and for Order Requiring Mattel to File a Rico Case Statement

**Document Description:**

☐  Administrative Record

☐  Exhibits

☐  Ex Parte Application for authorization of investigative, expert or other services pursuant to the Criminal Justice Act [see Local Civil Rule 79-5.4, Documents to be excluded, (h)]

☑  Other  See document listed above.

**Reason:**

☑  Under Seal

☐  Items not conducive to e-filing (i.e., videotapes, CDROM, large graphic charts)

☐  Electronic versions are not available to filer

☐  Per Court order dated _____

☐  Manual Filing required (*reason*):

---

November 6, 2009
Date

/s/ L. Kieran Kieckhefer
Attorney Name

MGA Parties
Party Represented

Note:  File one Notice in each case, each time you manually file document(s).

# Exhibit D

Not Reported in F.Supp.2d, 2009 WL 56893 (C.D.Cal.)
**(Cite as: 2009 WL 56893 (C.D.Cal.))**

**C**

Only the Westlaw citation is currently available.

United States District Court,
C.D. California.
Christi Diane BARSEKIAN
v.
FIRST AMERICAN LOANSTAR TRUSTEE SER-
VICES, et al.
**No. CV 08-07540 CAS (PJWx).**

Jan. 6, 2009.

West KeySummary
**Antitrust and Trade Regulation 29T ⚖︎212**

29T Antitrust and Trade Regulation
    29TIII Statutory Unfair Trade Practices and
Consumer Protection
        29TIII(C) Particular Subjects and Regula-
tions
            29Tk210 Debt Collection
                29Tk212 k. Persons and Transactions
Covered. Most Cited Cases
The defendant was entitled to dismissal of the
plaintiff's claim for unfair debt collection practices
where the plaintiff failed to allege sufficient facts to
support that claim. The plaintiff alleged that the de-
fendant was proceeding towards a trustee's sale of
her real property. The plaintiff also alleged that the
defendant was not the holder of the note identified
in the security instrument, and was not in posses-
sion of a note properly endorsed to it, and therefore
had no right to initiate foreclosure proceedings or to
direct another to foreclose on the property. The de-
fendant argued that, although it was not the holder
of the deed of trust, it nevertheless had the author-
ity to instruct the foreclosure trustee to commence
foreclosure because it was the servicing agent of
the beneficiary. Cal. Civ. Code §§ 2924(a)(1).

Homan Mobasser, Mitchell W. Roth, MW Roth
PLC, Sherman Oaks, CA, for Christi Diane
Barsekian.

Charles C. McKenna, T. Robert Finlay, Wright,
Finlay & Zak, LLP, Newport Beach, CA, John M.
Sorich, S. Christopher Yoo, Valerie K. Brennan,
Adorno, Yoss, Alvarado and Smith, APC, Santa
Ana, CA, for First American Loanstar Trustee Ser-
vices, et al.

**(In Chambers:) DEFENDANT FIRST AMERIC-
AN LOANSTAR TRUSTEE SERVICES' MO-
TION TO DISMISS FOR FAILURE TO STATE
A CLAIM FOR RELIEF** (filed 12/15/08)

CHRISTINA A. SNYDER, Judge.

**\*1** Catherine Jeang, Deputy Clerk

The Court finds this motion appropriate for de-
cision without oral argument. Fed.R.Civ.P. 78; Loc-
al Rule 7-15. Accordingly, the hearing date of Janu-
ary 12, 2008, is hereby vacated, and the matter is
hereby taken under submission.

**I. INTRODUCTION AND BACKGROUND**

On October 16, 2008, plaintiff filed the instant ac-
tion in Los Angeles County Superior Court against
defendants First American Loanstar Trustee Ser-
vices ("Loanstar"), Chase Home Finance LLC
("Chase"), and Does 1-50. On November 14, 2008,
defendants removed the instant action to this Court.

In her complaint, plaintiff alleges that defendants
Chase and Does 1-50 are proceeding toward a
Trustee's sale of her real property located at 537
North Orah Avenue in Montebello, California (the
"Orah property"). Compl. ¶ 5. Plaintiff alleges that
defendant Chase is not the holder of the note identi-
fied in the security instrument, and is not in posses-
sion of a note properly endorsed to it, and therefore
has no right to initiate foreclosure proceedings or to
direct defendant Loanstar to foreclose on the Orah
property. Compl. ¶ 7. Plaintiff alleges claims for (1)

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2009 WL 56893 (C.D.Cal.)
**(Cite as: 2009 WL 56893 (C.D.Cal.))**

unfair debt collection practices; (2) predatory lending practices; and (3) Racketeer Influenced and Corrupt Organizations Act ("RICO") violations.

On November 21, 2008, defendant Chase filed the instant motion to dismiss plaintiff's complaint or, in the alternative, for a more definite statement. On December 15, 2008, defendant Loanstar filed the instant motion to dismiss plaintiff's complaint. On December 26, 2008, plaintiff filed a notice of non-opposition to Loanstar's motion, and requested leave to amend the complaint. Plaintiff did not file an opposition to Chase's motion. After carefully considering the arguments set forth by the parties, the Court finds and concludes as follows.

## II. DISCUSSION

Chase argues that plaintiff has failed to allege sufficient facts to support her claims for unfair debt collection practices, predatory lending practices, and RICO violations. Specifically, Chase argues that although it is not the holder of the deed of trust, Chase nevertheless had the authority to instruct the foreclosure trustee to commence foreclosure, because it is the servicing agent of the beneficiary of the DOT. Mot. at 5, citing Cal. Civ.Code §§ 2924(a)(1) (indicating that the foreclosure process may be conducted by the "trustee, mortgagee, or beneficiary, or any of their authorized agents"). Chase further argues that plaintiff has failed to provide a single allegation of practices by Chase that could be deemed predatory, and that plaintiff has failed to a sufficiently allege a "pattern of racketeering activity" as required for a RICO claim. *Sedima, S.P.R.L v. Imrex Co., 473 U.S. 479, 496.*

Loanstar argues that plaintiff cannot state a claim for unfair debt collection practices against Loanstar, because the Fair Debt Collection Practices Act ("FDCPA") and the Real Estate Settlement Procedures Act ("RESPA") do not apply to defendant as a trustee. Mot. at 7-10. Furthermore, Loanstar argues that defendant has failed to plead any predatory lending practices conducted by Loanstar and has

failed to plead a proper claim under RICO. Mot. at 10, 12.

**\*2** Under Local Rule 7-12, the failure to file an opposition may be deemed consent to the granting of the motion. In light of the issues raised by defendants and the fact that plaintiff does not oppose these motions, the Court finds granting Chase's and Loanstar's motions to be appropriate.

## III. CONCLUSION

For the foregoing reasons, the Court GRANTS Chase's and Loanstar's motions to dismiss plaintiff's complaint. Furthermore, the Court notes that if plaintiff seeks to amend her RICO claim, she must comply with the Court's RICO case statement, which is appended as Exhibit A to this order. Plaintiff is hereby granted twenty (20) days in which to amend her complaint. Failure to amend will result in dismissal of plaintiff's complaint with prejudice.

IT IS SO ORDERED.

### Exhibit A

Plaintiff shall file, within twenty (20) days hereof, a RICO case statement. If plaintiff does not file and serve a RICO case statement within twenty (20) days hereof, this will be deemed plaintiff's withdrawal of the RICO claim. If plaintiff files a RICO case statement within twenty days, the complaint will be deemed amended to include the RICO case statement.

The RICO case statement shall include the facts plaintiff is relying upon to initiate this RICO claim as a result of the "reasonable inquiry" required by Rule 11 of the Federal Rules of Civil Procedure. In particular, this statement shall be in a form which uses the numbers and letters as set forth below, and shall state in detail and with specificity the following information.

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2009 WL 56893 (C.D.Cal.)

**(Cite as: 2009 WL 56893 (C.D.Cal.))**

1. State whether the alleged unlawful conduct is in violation of 18 U.S.C. § 1962(a), (b), (c), and/or (d).

2. List each defendant and state the alleged misconduct and basis of liability of each.

3. List the alleged wrongdoers, other than the defendants listed above, and state the alleged misconduct of each wrongdoer.

4. List the alleged victims and state how each victim was allegedly injured.

5. Describe in detail the pattern of racketeering activity or collection of unlawful debts alleged for each RICO claim. A description of the pattern of racketeering shall include the following information:

a. List the alleged predicate acts and the specific statutes which were allegedly violated;

b. Provide the dates of the predicate acts, the participants in the predicate acts, and a description of the facts surrounding the predicate acts;

c. If the RICO claim is based on the predicate offense of fraud, the "circumstances constituting fraud ... shall be stated with particularity." Fed.R.Civ.P. 9(b). Identify the time, place and contents of the alleged misrepresentations, and the identity of persons to whom and by whom the alleged misrepresentations were made;

d. State whether there has been a criminal conviction for violation of the predicate acts;

e. State whether civil litigation has resulted in a judgment with respect to the predicate acts;

f. Describe how the predicate acts form a "pattern of racketeering activity"; and

**\*3** g. State whether the alleged predicate acts relate to each other as part of a common plan. If so, describe in detail.

6. Describe in detail the alleged enterprise for the RICO claim. A description of the enterprise shall include the following information:

a. State the names of the individuals, partnerships, corporations, associations, or other legal entities, which allegedly constitute the enterprise;

b. Describe the structure, purpose, function and course of conduct of the enterprise;

c. State whether any defendants are employees, officers or directors of the alleged enterprise;

d. State whether any defendants are associated with the alleged enterprise;

e. State whether you are alleging that the defendants are individuals or entities separate from the alleged enterprise, or that the defendants are the enterprise itself, or members of the enterprise; and

f. If any defendants are alleged to be the enterprise itself, or members of the enterprise, explain whether such defendants are perpetrators, passive instruments, or victims of the alleged racketeering activity.

7. State and describe in detail whether you are alleging that the pattern of racketeering activity and the enterprise are separate or have merged into one entity.

8. Describe the alleged relationship between the activities of the enterprise and the pattern of racketeering activity. Discuss how the racketeering activity differs from the usual and daily activities of the enterprise, if at all.

9. Describe what benefits, if any, the alleged enterprise receives from the alleged pattern of racketeering.

10. Describe the effect of the activities of the enterprise on interstate or foreign commerce.

11. If the claim alleges a violation of 18 U.S.C. §

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2009 WL 56893 (C.D.Cal.)
**(Cite as: 2009 WL 56893 (C.D.Cal.))**

1962(a), provide the following information:

a. State who received the income derived from the pattern of racketeering activity or through the collection of an unlawful debt; and

b. Describe the use or investment of such income.

12. If the claim alleges a violation of 18 U.S.C. § 1962(b), describe in detail the acquisition or main-tenance of any interest in or control of the alleged enterprise.

13. If the claim alleges a violation of 18 U.S.C. § 1962(c), provide the following information:

a. State who is employed by or associated with the enterprise; and

b. State whether the same entity is both the liable "person" and the "enterprise" under § 1962(c).

14. If the claim alleges a violation of 18 U.S.C. § 1962(d), describe in detail the alleged conspiracy.

15. Describe the alleged injury to business or prop-erty.

16. Describe the direct causal relationship between the alleged injury and the violation of the RICO statute.

17. List the damages sustained for which each de-fendant is allegedly liable.

C.D.Cal.,2009.
Barsekian v. First American Loanstar Trustee Ser-vices
Not Reported in F.Supp.2d, 2009 WL 56893 (C.D.Cal.)

**END OF DOCUMENT**

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

# Exhibit E

1

2

3

4

5

6

7

8            **UNITED STATES DISTRICT COURT**

9            **CENTRAL DISTRICT OF CALIFORNIA**

10

11                                              )          CASE NO.
                                                )
12                          Plaintiff,          )          ORDER RE RICO CASE
          v.                                    )          STATEMENT
13                                              )
                                                )
14                                              )
                            Defendants.         )
15                                              )
                                                )
16                                              )
                                                )
17   _____   )

18        In this action, claims arising out of alleged acts of mail fraud and/or wire fraud

19   have been asserted under the Racketeer Influenced and Corrupt Organizations

20   provisions of the Organized Crime Control Act of 1970 ("RICO"), 18 U.S.C. § 1961

21   *et seq*.  Accordingly,

22        IT IS HEREBY ORDERED as follows:

23        Plaintiff[1] shall file, within twenty (20) days hereof, a RICO case statement.

24   The statement shall include the facts relied upon to initiate this RICO complaint as

25   a result of the reasonable inquiry required by Rule 11 of the Federal Rules of Civil

26

27

28
   _____

        [1] If the party asserting a RICO violation is not the plaintiff, such as a
   counterclaimant defendant, this requirement applies to that party.

Procedure.  It shall use the caption numbers and letters set forth below, and shall state in detail and with specificity the following information.

    1.   <u>RICO Provision</u>.  State whether the alleged unlawful conduct is in violation of 18 U.S.C. §§ 1962(a), (b) (c), and/or (d).

    2.   <u>Defendants</u>.  List each RICO defendant and state the alleged misconduct and basis of liability of each defendant.

    3.   <u>Other RICO Violators</u>.  List all alleged RICO violators, other than the defendants listed above, and state the alleged misconduct of each wrongdoer.

    4.   <u>Victims</u>.  List the alleged victims and state how each victim was allegedly injured.

    5.   <u>Pattern of Racketeering Activity</u>.  Describe in detail the pattern of racketeering activity or collection of unlawful debts alleged for each RICO claim.  A description of the pattern of racketeering shall include the following information:

        a.   List the alleged predicate acts and the specific statutes which were allegedly violated;

        b.   Provide the dates of the predicate acts, the participants in the predicate acts, and a description of the facts surrounding the predicate acts;

        c.   Since the RICO claim is based on the predicate offenses of mail fraud, wire fraud or fraud in the sale of securities, the "circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b).  Identify the time, place and contents of the alleged failures to disclose and/or misrepresentations, and the identity of persons to whom and by whom the alleged misrepresentations and/or failures to disclose were made;

2

d.      State whether there has been a criminal conviction for violation of the predicate acts and if so, provide particulars;

e.      State whether civil litigation has resulted in a judgment with respect to the predicate acts and if so, provide particulars;

f.      Describe how the predicate acts are both "related" and "continuous" within the meaning of *H.J. Inc. v. Northwestern Bell Telephone Co.,* 492 U.S. 229, 239, 109 S.Ct. 2893, 2900 (1989) and its progeny, including *Allwaste, Inc. v. Hecht*, 65 F.3d 1523, 1527 (9th Cir. 1995).

6.   Enterprise.  Describe in detail the alleged enterprise for each RICO claim and specify just what structure it had.  A description of the enterprise shall include the following information:

a.      The names of the individuals, partnerships, corporations, associations or other legal entities that allegedly constitute the enterprise;

b.      The purpose, function and course of conduct of the enterprise, and whether its usual and daily activities were part of or separate from the pattern of racketeering activity. See *Chang v. Chen*, 80 F.3d 1293, 1298 (9th Cir. 1996.)

c.      Whether any named defendants are or were employees, officers or directors of the alleged enterprise;

d.      Whether you are alleging that the defendants are or were separate from the alleged enterprise, collectively constitute the enterprise itself, or are or were members of the enterprise; and

e.      Whether (and if so how) the enterprise was affected by or benefitted from the pattern of racketeering activity.

7.   Interstate or Foreign Commerce.  Describe the effect of the activities of the enterprise on interstate or foreign commerce.

3

8.   Section 1962(a).  If the complaint alleges a violation of 18 U.S.C. § 1962(a), provide the following information:

    a.   State who received the income derived from the pattern of racketeering activity or through the collection of an unlawful debt; and

    b.   Describe the use or investment of such income.

9.   Section 1962(b).  If the complaint alleges a violation of 18 U.S.C. § 1962(b), describe in detail the acquisition or maintenance of any interest in or control of the alleged enterprise.

10.   Section 1962(c).  If the complaint alleges a violation of 18 U.S.C. § 1962(c), provide the following information:

    a.   State who is employed by or associated with the enterprise; and

    b.   State whether the same entity is both the liable "person" and the "enterprise" under § 1962(c).

11.   Section 1962(d).  If the complaint alleges a violation of 18 U.S.C. § 1962(d), describe in detail the alleged conspiracy.

12.   Injury to Business or Property.

    a.   Describe the alleged injury to business or property.

    b.   Describe the direct causal relationship between the alleged injury and the violation of the RICO statute.

13.   Damages.  List the damages sustained for which each defendant is allegedly liable.

14.   State Claims.  List all supplemental state claims, if any.

Dated:   _____

                                      _____
                                        A. Howard Matz
                                        United States District Judge

# Exhibit F

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
     John B. Quinn (Bar No. 090378)
2      (johnquinn@quinnemanuel.com)
     Michael T. Zeller (Bar No. 196417)
3      (michaelzeller@quinnemanuel.com)
     Jon D. Corey (Bar No. 185066)
4      (joncorey@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
5  Los Angeles, California 90017-2543
   Telephone: (213) 443-3000
6  Facsimile: (213) 443-3100

7  Attorneys for Mattel, Inc.

8

9                      UNITED STATES DISTRICT COURT

10                    CENTRAL DISTRICT OF CALIFORNIA

11                           EASTERN DIVISION

12 | CARTER BRYANT, an individual,        | CASE NO. CV 04-9049 SGL (RNBx)
13 |            Plaintiff,                 | Consolidated with
                                           | Case No. CV 04-09059
14 |       vs.                            | Case No. CV 05-02727
15 | MATTEL, INC., a Delaware             | Hon. Stephen G. Larson
   | corporation,
16 |                                       | **MATTEL'S RESPONSES TO
   |            Defendant.                 | MGAE DE MEXICO'S
17 |                                       | INTERROGATORY NOS. 1-11**
18 | AND CONSOLIDATED ACTIONS
19

20

21 PROPOUNDING PARTY:      MGAE DE MEXICO, S.R.L. DE C.V.

22 RESPONDING PARTY:       MATTEL, INC.

23 SET NO.:                NOS. 1-11

24

25

26

27

28

**Preliminary Statement**

Mattel, Inc. ("Mattel") has not yet completed its investigation of the facts relating to this action, has not yet reviewed all documents relating to this action, has not yet interviewed all witnesses in this action, and has not completed discovery from the MGA Parties or any third parties with regard to this action. Consequently, Mattel reserves the right to amend and/or supplement these responses if and when additional facts or documents are discovered.  Additionally, because Mattel's responses are based on facts and documents that Mattel has identified to date, they do not preclude Mattel from later relying on facts or documents discovered or generated pursuant to subsequent investigation or discovery.  Mattel's response to any of Defendant's Second Set of Interrogatories (the "Interrogatories") is not to be construed as a waiver of any of its objections or its right to object to any other discovery request.

**General Objections**

Mattel generally objects to each of the Interrogatories on each and every one of the following grounds, which are incorporated into and made a part of Mattel's response to each and every individual Interrogatory:

1.      Mattel objects to the Interrogatories on the grounds that they seek to impose obligations upon Mattel beyond those imposed by the Federal Rules of Civil Procedure.

2.      Mattel objects to the Interrogatories on the grounds and to the extent that they call for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege, including the privilege against disclosure of the identities and work product of consulting experts.  Such information and documents will not be produced.

3.      Mattel objects to the Interrogatories on the grounds that they call for production or disclosure of confidential, proprietary and/or private information.

EXHIBIT F - PAGE 90

1  Such information and documents will not be disclosed or produced except pursuant

2  to and in reliance upon the operative protective order.

3        4.    Mattel objects to the Interrogatories on the grounds that they

4  seek the disclosure of information or documents that are in the possession, custody

5  and control of independent parties over whom Mattel has no control, including

6  defendants, or are publicly available and hence equally available to all parties to this

7  litigation.

8        5.    Mattel objects to the Interrogatories on the grounds and to the

9  extent that they call for information that is neither relevant to the claims or defenses

10  in the pending action nor reasonably calculated to lead to the discovery of

11  admissible evidence.

12        6.    Mattel objects to the Interrogatories on the grounds that they are

13  unduly burdensome, compound and oppressive, including in that they (1) purport to

14  require Mattel to identify all facts—which Defendants have refused to do—and in

15  conflict with the Court's Orders of February 15, 2008, February 20, 2008, and

16  March 31, 2009, and (2) that they relate to multiple claims and discrete issues.

17        7.    Mattel further objects to the Interrogatories on the grounds and to

18  the extent that they purport to circumvent the expert disclosure provisions of the

19  Federal and Local Rules.  Such disclosures will be made in accordance with the

20  requirements of, and at the times specified by, the Court's Orders and the Rules.

21        8.    Mattel objects to the Interrogatories on the grounds and to the

22  extent that they seek the disclosure of information or documents in violation of the

23  terms of agreements or protective orders entered into with third parties, or in

24  violation of the privacy, contractual, or other rights of third parties.

25        9.    Mattel objects to the Interrogatories on the grounds that they are

26  overbroad and vague and ambiguous, including with respect to the defined terms

27  "IDENTIFY," and "COMMUNICATION."

28

EXHIBIT F - PAGE 91

1        10.    Mattel objects to the Interrogatories on the grounds that they

2    exceed the number of interrogatories allowed per side and, therefore, are contrary to

3    the Court's and the previous Discovery Master's rulings in this case.

4    **Specific and General Responses**

5        Each of the following objections and responses to the Interrogatories is

6    expressly made subject to the above Preliminary Statement and General Objections,

7    all of which are incorporated in each of the following objections and responses to

8    specific Interrogatories.

9

10   **RESPONSES TO INTERROGATORIES**

11

12   INTERROGATORY NO. 1:

13       IDENTIFY by bates number all DOCUMENTS that contain the trade

14   secrets YOU claim were misappropriated by MGA and IDENTIFY with

15   particularity on a document-by-document basis the information contained within

16   each such DOCUMENT that YOU claim constitutes the trade secrets that were

17   misappropriated by MGA.

18

19   RESPONSE TO INTERROGATORY NO. 1:

20       In addition to the general objections stated above, Mattel specifically

21   objects to this Interrogatory on the grounds that it is unreasonably burdensome,

22   overbroad, including in that it purports to require Mattel to summarize all facts on

23   these subjects, despite defendants' own refusals to answer interrogatories with the

24   same or comparable language and in conflict with the Court's Orders of February

25   15, 2008 and February 20, 2008.  Mattel will not attempt to state or summarize all

26   facts on these subjects.  Mattel further objects to this Interrogatory on the grounds

27   that it calls for the disclosure of information subject to the attorney-client privilege,

28   the attorney work-product doctrine and other applicable privileges.  Mattel further

EXHIBIT F - PAGE 92

1  objects to this Interrogatory on the grounds that it calls for the disclosure of

2  confidential and/or proprietary information, which Mattel will disclose only subject

3  to and in reliance upon the operative protective order.  Mattel further objects to this

4  Interrogatory as compound and seeks to require Mattel to separately and discretely

5  "IDENTIFY with particularity *on a document-by-document basis* the information

6  contained within each such DOCUMENT that YOU claim constitutes the trade

7  secrets that were misappropriated by MGA."  As such, the interrogatory is

8  impermissibly compound and causes the total number of interrogatories served

9  during Phase 2 discovery to exceed the limits set by the Federal Rules of Civil

10  Procedure and the Court.  In addition, Mattel objects that this interrogatory is unduly

11  burdensome and oppressive in that it is an impermissible attempt to exceed the

12  number of interrogatories propounded on behalf of Defendant MGA.

13

14  INTERROGATORY NO. 2:

15         State all facts, on a document-by-document basis by bates number,

16  which support your contention that MGA obtained through improper means any

17  MATTEL DOCUMENT containing MATTEL trade secrets identified in response to

18  Request No. 1, above, and IDENTIFY all PERSONS with knowledge of such facts

19  and all DOCUMENTS that REFER OR RELATE to such facts.

20

21  RESPONSE TO INTERROGATORY NO. 2:

22         In addition to the general objections stated above, Mattel specifically

23  objects to this Interrogatory on the grounds that it is unreasonably burdensome,

24  overbroad, including in that it purports to require Mattel to summarize all facts on

25  these subjects, despite defendants' own refusals to answer interrogatories with the

26  same or comparable language and in conflict with the Court's Orders of February

27  15, 2008 and February 20, 2008.  Mattel will not attempt to state or summarize all

28  facts on these subjects.  Mattel further objects to this Interrogatory on the grounds

EXHIBIT F - PAGE 93

1   that it calls for the disclosure of information subject to the attorney-client privilege,

2   the attorney work-product doctrine and other applicable privileges.  Mattel further

3   objects to this Interrogatory on the grounds that it calls for the disclosure of

4   confidential and/or proprietary information, which Mattel will disclose only subject

5   to and in reliance upon the operative protective order.  Mattel further objects to this

6   Interrogatory as compound and seeks to require Mattel to separately and discretely

7   "state all facts *on a document-by-document basis* by bates number, which support

8   your contention that MGA obtained through improper means any MATTEL

9   DOCUMENT containing MATTEL trade secrets identified in response to Request

10  No. 1, above."  As such, the interrogatory is impermissibly compound and causes

11  the total number of interrogatories served during Phase 2 discovery to exceed the

12  limits set by the Federal Rules of Civil Procedure and the Court.  In addition, Mattel

13  objects that this interrogatory is unduly burdensome and oppressive in that it is an

14  impermissible attempt to exceed the number of interrogatories propounded on behalf

15  of Defendant MGA.

16

17

18  <u>INTERROGATORY NO. 3:</u>

19          State all facts, on a document-by-document basis by bates number,

20  which support YOUR contention that MGA used or disclosed without the consent of

21  MATTEL any of the MATTEL trade secrets identified in response to Request No. 1,

22  above, and IDENTIFY all PERSONS with knowledge of such facts and all

23  DOCUMENTS that REFER OR RELATE to such facts.

24

25  <u>RESPONSE TO INTERROGATORY NO. 3:</u>

26          In addition to the general objections stated above, Mattel specifically

27  objects to this Interrogatory on the grounds that it is unreasonably burdensome,

28  overbroad, including in that it purports to require Mattel to summarize all facts on

EXHIBIT F - PAGE 94

1  these subjects, despite defendants' own refusals to answer interrogatories with the

2  same or comparable language and in conflict with the Court's Orders of February

3  15, 2008 and February 20, 2008.  Mattel will not attempt to state or summarize all

4  facts on these subjects.  Mattel further objects to this Interrogatory on the grounds

5  that it calls for the disclosure of information subject to the attorney-client privilege,

6  the attorney work-product doctrine and other applicable privileges.  Mattel further

7  objects to this Interrogatory on the grounds that it calls for the disclosure of

8  confidential and/or proprietary information, which Mattel will disclose only subject

9  to and in reliance upon the operative protective order.  Mattel further objects to this

10 Interrogatory as compound and seeks to require Mattel to separately and discretely

11 "state all facts *on a document-by-document basis* by bates number, which support

12 YOUR contention that MGA used or disclosed without the consent of MATTEL any

13 of the MATTEL trade secrets identified in response to Request No. 1, above."  As

14 such, the interrogatory is impermissibly compound and causes the total number of

15 interrogatories served during Phase 2 discovery to exceed the limits set by the

16 Federal Rules of Civil Procedure and the Court.  In addition, Mattel objects that this

17 interrogatory is unduly burdensome and oppressive in that it is an impermissible

18 attempt to exceed the number of interrogatories propounded on behalf of Defendant

19 MGA.

20

21 INTERROGATORY NO. 4:

22          State all facts, on a document-by-document basis by bates number,

23 which support YOUR contention that MGA acquired any of the MATTEL trade

24 secrets identified in response to Request No. 1 above, from a person that MGA

25 knew or had reason to know that the trade secret was acquired by improper means,

26 and IDENTIFY all PERSONS with knowledge of such facts and all DOCUMENTS

27 that REFER OR RELATE to such facts.

28

EXHIBIT F - PAGE 95

1  RESPONSE TO INTERROGATORY NO. 4:

2            In addition to the general objections stated above, Mattel specifically

3  objects to this Interrogatory on the grounds that it is unreasonably burdensome,

4  overbroad, including in that it purports to require Mattel to summarize all facts on

5  these subjects, despite defendants' own refusals to answer interrogatories with the

6  same or comparable language and in conflict with the Court's Orders of February

7  15, 2008 and February 20, 2008.  Mattel will not attempt to state or summarize all

8  facts on these subjects.  Mattel further objects to this Interrogatory on the grounds

9  that it calls for the disclosure of information subject to the attorney-client privilege,

10  the attorney work-product doctrine and other applicable privileges.  Mattel further

11  objects to this Interrogatory on the grounds that it calls for the disclosure of

12  confidential and/or proprietary information, which Mattel will disclose only subject

13  to and in reliance upon the operative protective order.  Mattel further objects to this

14  Interrogatory as compound and seeks to require Mattel to separately and discretely

15  "state all facts *on a document-by-document basis* by bates number, which support

16  your contention that MGA acquired any of the MATTEL trade secrets identified in

17  response to Request No. 1 above, from a person that MGA knew or had reason to

18  know that the trade secret was acquired by improper means."  As such, the

19  interrogatory is impermissibly compound and causes the total number of

20  interrogatories served during Phase 2 discovery to exceed the limits set by the

21  Federal Rules of Civil Procedure and the Court.  In addition, Mattel objects that this

22  interrogatory is unduly burdensome and oppressive in that it is an impermissible

23  attempt to exceed the number of interrogatories propounded on behalf of Defendant

24  MGA.

25

26  INTERROGATORY NO. 5:

27            State all facts, on a document-by-document basis by bates number,

28  which support YOUR contention that the trade secrets identified in response to

EXHIBIT F - PAGE 96

1  Request No. 1, above, derived independent economic value from not being generally

2  known to the public or other persons who can obtain economic value from its

3  disclosure or use, and IDENTIFY all PERSONS with knowledge of such facts and

4  all DOCUMENTS that REFER OR RELATE to such facts.

5

6  RESPONSE TO INTERROGATORY NO. 5:

7          In addition to the general objections stated above, Mattel specifically

8  objects to this Interrogatory on the grounds that it is unreasonably burdensome,

9  overbroad, including in that it purports to require Mattel to summarize all facts on

10 these subjects, despite defendants' own refusals to answer interrogatories with the

11 same or comparable language and in conflict with the Court's Orders of February

12 15, 2008 and February 20, 2008.  Mattel will not attempt to state or summarize all

13 facts on these subjects.  Mattel further objects to this Interrogatory on the grounds

14 that it calls for the disclosure of information subject to the attorney-client privilege,

15 the attorney work-product doctrine and other applicable privileges.  Mattel further

16 objects to this Interrogatory on the grounds that it calls for the disclosure of

17 confidential and/or proprietary information, which Mattel will disclose only subject

18 to and in reliance upon the operative protective order.  Mattel further objects to this

19 Interrogatory as compound and seeks to require Mattel to separately and discretely

20 "state all facts *on a document-by-document basis* by bates number, which support

21 your contention that the trade secrets identified in response to Request No. 1, above,

22 derived independent economic value from not being generally known to the public

23 or other persons who can obtain economic value from its disclosure or use."  As

24 such, the interrogatory is impermissibly compound and causes the total number of

25 interrogatories served during Phase 2 discovery to exceed the limits set by the

26 Federal Rules of Civil Procedure and the Court.  In addition, Mattel objects that this

27 interrogatory is unduly burdensome and oppressive in that it is an impermissible

28

EXHIBIT F - PAGE 97

1  attempt to exceed the number of interrogatories propounded on behalf of Defendant

2  MGA.

3

4  <u>INTERROGATORY NO. 6:</u>

5     State all facts on a document-by-document basis by bates number,

6  which support YOUR contention that the trade secrets identified in responses to

7  Request No. 1, above, was not known to the public or to PERSONS who can obtain

8  economic value from its disclosure or use, and IDENTIFY all PERSONS with

9  knowledge of such facts and all DOCUMENTS that REFER OR RELATE to such

10  facts.

11

12  <u>RESPONSE TO INTERROGATORY NO. 6</u>:

13     In addition to the general objections stated above, Mattel specifically

14  objects to this Interrogatory on the grounds that it is unreasonably burdensome,

15  overbroad, including in that it purports to require Mattel to summarize all facts on

16  these subjects, despite defendants' own refusals to answer interrogatories with the

17  same or comparable language and in conflict with the Court's Orders of February

18  15, 2008 and February 20, 2008.  Mattel will not attempt to state or summarize all

19  facts on these subjects.  Mattel further objects to this Interrogatory on the grounds

20  that it calls for the disclosure of information subject to the attorney-client privilege,

21  the attorney work-product doctrine and other applicable privileges.  Mattel further

22  objects to this Interrogatory on the grounds that it calls for the disclosure of

23  confidential and/or proprietary information, which Mattel will disclose only subject

24  to and in reliance upon the operative protective order.  Mattel further objects to this

25  Interrogatory as compound and seeks to require Mattel to separately and discretely

26  "state all facts *on a document-by-document basis* by bates number, which support

27  your contention that the trade secrets identified in responses to Request No. 1,

28  above, was not known to the public or to PERSONS who can obtain economic value

07975/3074039.1

1  from its disclosure or use." As such, the interrogatory is impermissibly compound

2  and causes the total number of interrogatories served during Phase 2 discovery to

3  exceed the limits set by the Federal Rules of Civil Procedure and the Court. In

4  addition, Mattel objects that this interrogatory is unduly burdensome and oppressive

5  in that it is an impermissible attempt to exceed the number of interrogatories

6  propounded on behalf of Defendant MGA.

7

8  INTERROGATORY NO. 7:

9          State all facts, on a document-by-document basis by bates number, that

10 support YOUR contention that the trade secrets identified in response to Request

11 No. 1, above, were the subject of efforts that are reasonable under the circumstances

12 to maintain its secrecy, and IDENTIFY all PERSONS with knowledge of such facts

13 and all DOCUMENTS that REFER OR RELATE to such facts.

14

15 RESPONSE TO INTERROGATORY NO. 7:

16         In addition to the general objections stated above, Mattel specifically

17 objects to this Interrogatory on the grounds that it is unreasonably burdensome,

18 overbroad, including in that it purports to require Mattel to summarize all facts on

19 these subjects, despite defendants' own refusals to answer interrogatories with the

20 same or comparable language and in conflict with the Court's Orders of February

21 15, 2008 and February 20, 2008. Mattel will not attempt to state or summarize all

22 facts on these subjects. Mattel further objects to this Interrogatory on the grounds

23 that it calls for the disclosure of information subject to the attorney-client privilege,

24 the attorney work-product doctrine and other applicable privileges. Mattel further

25 objects to this Interrogatory on the grounds that it calls for the disclosure of

26 confidential and/or proprietary information, which Mattel will disclose only subject

27 to and in reliance upon the operative protective order. Mattel further objects to this

28 Interrogatory as compound and seeks to require Mattel to separately and discretely

EXHIBIT F - PAGE 99

1   "state all facts **on a document-by-document basis** by bates number, which support

2   your contention that the trade secrets identified in responses to Request No. 1,

3   above, were the subject of efforts that are reasonable under the circumstances to

4   maintain its secrecy."  As such, the interrogatory is impermissibly compound and

5   causes the total number of interrogatories served during Phase 2 discovery to exceed

6   the limits set by the Federal Rules of Civil Procedure and the Court.  In addition,

7   Mattel objects that this interrogatory is unduly burdensome and oppressive in that it

8   is an impermissible attempt to exceed the number of interrogatories propounded on

9   behalf of Defendant MGA.

10

11  INTERROGATORY NO. 8:

12          State all facts regarding MGAE de Mexico, S.R.L. de C.V.'s

13  conducting or participating, directly or indirectly, in the conduct of the affairs of a

14  RICO enterprise through a pattern of racketeering activity (as alleged in the

15  Counterclaims of the TAAC).

16

17  RESPONSE TO INTERROGATORY NO. 8:

18          In addition to the general objections stated above, Mattel specifically

19  objects to this Interrogatory on the grounds that it is unreasonably burdensome,

20  overbroad, including in that it purports to require Mattel to summarize all facts on

21  this subject, despite defendants' own refusals to answer interrogatories with the

22  same or comparable language and in conflict with the Court's Orders of February

23  15, 2008 and February 20, 2008.  Mattel will not attempt to state or summarize all

24  facts on this subject.  Mattel further objects to this interrogatory as vague and

25  ambiguous, including as to time.  Mattel further objects to this Interrogatory on the

26  grounds that it calls for the disclosure of information subject to the attorney-client

27  privilege, the attorney work-product doctrine and other applicable privileges.  Mattel

28  further objects to this Interrogatory on the grounds that it calls for the disclosure of

1  confidential and/or proprietary information, which Mattel will disclose only subject

2  to and in reliance upon the operative protective order.  Mattel further objects to this

3  Interrogatory as the interrogatory, combined with the compound interrogatories

4  propounded together with it, causes the total number of interrogatories served during

5  Phase 2 discovery to exceed the limits set by the Federal Rules of Civil Procedure

6  and the Court.

7

8

9  INTERROGATORY NO. 9:

10        IDENTIFY all communications since January 1, 2001, between

11  MATTEL and government entities (federal, state or local, domestic or foreign)

12  regarding alleged misconduct by MGA (or its subsidiaries, affiliates, agents, or

13  employees), and/or alleged misconduct by former MATTEL employees who worked

14  for MGA, including but not limited to the predicate acts and patterns of racketeering

15  alleged in the Second and Third Counterclaims of the TAAC.

16

17  RESPONSE TO INTERROGATORY NO. 9:

18        In addition to the general objections stated above, Mattel specifically

19  objects to this Interrogatory on the grounds that it is unreasonably burdensome,

20  overbroad, including in that it purports to require Mattel to summarize all facts on

21  this subject, despite defendants' own refusals to answer interrogatories with the

22  same or comparable language and in conflict with the Court's Orders of February

23  15, 2008 and February 20, 2008.  Mattel will not attempt to state or summarize all

24  facts on this subject.  Mattel further objects to this interrogatory as vague and

25  ambiguous, including as to time.  Mattel further objects to this Interrogatory on the

26  grounds that it calls for the disclosure of information subject to the attorney-client

27  privilege, the attorney work-product doctrine and other applicable privileges.  Mattel

28  further objects to this Interrogatory on the grounds that it calls for the disclosure of

EXHIBIT F - PAGE 101

-12-

1   confidential and/or proprietary information, which Mattel will disclose only subject

2   to and in reliance upon the operative protective order.  Mattel further objects to this

3   Interrogatory as the interrogatory, combined with the compound interrogatories

4   propounded together with it, causes the total number of interrogatories served during

5   Phase 2 discovery to exceed the limits set by the Federal Rules of Civil Procedure

6   and the Court.  In addition, Mattel objects that this interrogatory is unduly

7   burdensome and oppressive in that it is an impermissible attempt to exceed the

8   number of interrogatories propounded on behalf of Defendant MGA.

9

10   INTERROGATORY NO. 10:

11           With respect to the allegation in paragraphs 44 – 61 of the

12   Counterclaims of the TAAC, that the defendants stole MATTEL trade secrets in

13   Mexico, state all facts regarding:

14           (a)   every RICO predicate act committed through that conduct;

15           (b)   which PERSONS employed by or associated with which RICO

16   enterprises committed those predicate acts;

17           (c)   the injuries to MATTEL's business or property proximately

18   caused by those predicate acts;

19           (d)   how MATTEL has calculated or estimated the dollar value of

20   those injuries (and if it has not, why not); and

21           (e)   IDENTIFY all PERSONS MATTEL believes have knowledge of

22   the information requested in this Interrogatory.

23

24   RESPONSE TO INTERROGATORY NO. 10:

25           In addition to the general objections stated above, Mattel specifically

26   objects to this Interrogatory on the grounds that it is unreasonably burdensome,

27   overbroad, including in that it purports to require Mattel to summarize all facts on

28   these subjects, despite defendants' own refusals to answer interrogatories with the

EXHIBIT F - PAGE 102

1  same or comparable language and in conflict with the Court's Orders of February

2  15, 2008 and February 20, 2008.  Mattel will not attempt to state or summarize all

3  facts on these subjects.  Mattel further objects to this Interrogatory on the grounds

4  that it calls for the disclosure of information subject to the attorney-client privilege,

5  the attorney work-product doctrine and other applicable privileges.  Mattel further

6  objects to this Interrogatory on the grounds that it calls for the disclosure of

7  confidential and/or proprietary information, which Mattel will disclose only subject

8  to and in reliance upon the operative protective order.  Mattel further objects to this

9  Interrogatory as compound and seeks to require Mattel to provide separate discrete

10  responses as to "every RICO predicate act committed through that conduct."  As

11  such, the interrogatory is impermissibly compound and causes the total number of

12  interrogatories served during Phase 2 discovery to exceed the limits set by the

13  Federal Rules of Civil Procedure and the Court.

14

15  <u>INTERROGATORY NO. 11:</u>

16          As to each allegation upon information and belief as alleged in the

17  Counterclaims of the TAAC, state all facts regarding the sources of the information

18  alleged, when the information was acquired from each source, and all inferences or

19  conclusions you have drawn that support the stated belief.

20

21  <u>RESPONSE TO INTERROGATORY NO. 11</u>:

22          In addition to the general objections stated above, Mattel specifically

23  objects to this Interrogatory on the grounds that it is unreasonably burdensome,

24  overbroad, including in that it purports to require Mattel to summarize all facts on

25  these subjects, despite defendants' own refusals to answer interrogatories with the

26  same or comparable language and in conflict with the Court's Orders of February

27  15, 2008 and February 20, 2008.  Mattel will not attempt to state or summarize all

28  facts on these subjects.  Mattel further objects to this Interrogatory on the grounds

EXHIBIT F - PAGE 103

-14-

MATTEL'S RESPONSES TO MGAE DE MEXICO'S INTERROGATORY NOS. 1-11

1   that it calls for the disclosure of information subject to the attorney-client privilege,

2   the attorney work-product doctrine and other applicable privileges.  Mattel further

3   objects to this Interrogatory on the grounds that it calls for the disclosure of

4   confidential and/or proprietary information, which Mattel will disclose only subject

5   to and in reliance upon the operative protective order.  Mattel further objects to this

6   Interrogatory as compound and seeks to require Mattel to provide separate discrete

7   responses as to "each allegation upon information and belief as alleged in the

8   Counterclaims of the TAAC."  As such, the interrogatory is impermissibly

9   compound and causes the total number of interrogatories served during Phase 2

10  discovery to exceed the limits set by the Federal Rules of Civil Procedure and the

11  Court.  In addition, Mattel objects that this interrogatory is unduly burdensome and

12  oppressive in that it is an impermissible attempt to exceed the number of

13  interrogatories propounded on behalf of Defendants other than MGAE.

16  DATED: August 28, 2009              QUINN EMANUEL URQUHART OLIVER &
                                        HEDGES, LLP

19            By _____
20                 Marshall M. Searcy III
                   Attorneys for Mattel, Inc.

EXHIBIT F - PAGE 104

07975/3074039.1

MATTEL'S RESPONSES TO MGAE DE MEXICO'S INTERROGATORY NOS. 1-11

1 | QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
John B. Quinn (Bar No. 090378)
2 | johnquinn@quinnemanuel.com
Michael T. Zeller (Bar No. 196417)
3 | (michaelzeller@quinnemanuel.com)
Jon D. Corey (Bar No. 185066)
4 | (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
5 | Los Angeles, California  90017-2543
Telephone:  (213) 443-3000
6 | Facsimile:   (213) 443-3100

7 | Attorneys for Mattel, Inc.

8 | 

9 | UNITED STATES DISTRICT COURT

10 | CENTRAL DISTRICT OF CALIFORNIA

11 | EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
| Plaintiff, | Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727 |
| vs. | |
| MATTEL, INC., a Delaware corporation, | Hon. Stephen G. Larson |
| Defendant. | **PROOF OF SERVICE** |
| | **Phase 2**<br>Discovery Cut-off:  December 11, 2009<br>Pre-trial Conference:  March 1, 2010<br>Trial Date:  March 23, 2010 |

EXHIBIT F - PAGE 105

-1-

Case No. CV 04-9049 SGL (RNBx)
PROOF OF SERVICE

1

## **PROOF OF SERVICE**

2

3       I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen years and not a party to the within action; my business address is 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543.

4

5       On August 28, 2009, I served true copies of the following document(s) described as on the parties in this action as follows: **MATTEL'S RESPONSES TO MGA ENTERTAINMENT (HK) LIMITED'S INTERROGATORY NOS. 1-25; MATTEL'S RESPONSES TO MGAE DE MEXICO'S INTERROGATORY NOS. 1-11**

6

7

8

9       on the parties in this action as follows:

| | |
|---|---|
| Skadden, Arps, Slate, Meagher & Flom LLP<br>  Thomas J. Nolan, Esq.<br>  Jason Russell, Esq.<br>300 South Grand Avenue, Suite 3400<br>Los Angeles, CA  90071<br>  tnolan@skadden.com<br>  jrussell@skadden.com | **Attorneys for** *the MGA Parties* |
| Orrick, Herrington & Sutcliffe, LLP<br>  William A. Molinski, Esq.<br>777 South Figueroa Street, Suite 3200<br>Los Angeles, CA 90017<br>  wmolinski@orrick.com | **Attorneys for** *the MGA Parties* |

20

21       **BY ELECTRONIC MAIL TRANSMISSION:**  By electronic mail transmission from debbieyeh@quinnemanuel.com on August 28, 2009, by transmitting a PDF format copy of such document(s) to each such person at the e-mail address listed below their address(es).  The document(s) was/were transmitted by electronic transmission and such transmission was reported as complete and without error.

22

23

24

25       I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

26

27       Executed on August 28, 2009, at Los Angeles, California.

28

EXHIBIT F - PAGE 106
Case No. CV 04-9049 SGL (RNBX)
PROOF OF SERVICE

1

2

_____
Debbie Yeh

3

4    **BY PERSONAL SERVICE:**  I delivered such envelope(s) by hand to the

5    office of the person(s) being served.

6         I declare under penalty of perjury under the laws of the State of California

7    that the foregoing is true and correct.

8

9

10         By /s/ Pedro Miranda
             Pedro Miranda
             Apex Attorney Service

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT E - PAGE 107

| | |
|---|---|
| Bingham McCutchen LLP<br>    Todd E. Gordinier, Esq.<br>    Peter N. Villar, Esq.<br>600 Anton Boulevard, 18th Floor<br>Costa Mesa, CA 92626-1924<br>    todd.gordinier@bingham.com<br>    peter.villar@bingham.com | **Attorneys for *the Omni 808 Investors, LLC*** |
| Orrick, Herrington & Sutcliffe, LLP<br>    Melinda Haag, Esq.<br>    Annette L. Hurst, Esq.<br>    Warrington S. Parker III, Esq.<br>The Orrick Building<br>405 Howard Street<br>San Francisco, CA 94105<br>    mhaag@orrick.com<br>    ahurst@orrick.com<br>    wparker@orrick.com | **Attorneys for *the MGA Parties*** |
| Scheper, Kim & Overland, LLP<br>    Mark E. Overland, Esq.<br>    Alexander H. Cote, Esq.<br>601 West Fifth Street, 12th Floor<br>Los Angeles, CA 90071<br>    moverland@obsklaw.com<br>    acote@obsklaw.com | **Attorneys for *Carlos Gustavo Machado Gomez*** |

**BY ELECTRONIC MAIL TRANSMISSION:** By electronic mail transmission from debbieyeh@quinnemanuel.com on August 28, 2009, by transmitting a PDF format copy of such document(s) to each such person at the e-mail address listed below their address(es). The document(s) was/were transmitted by electronic transmission and such transmission was reported as complete and without error.

07975/3073675.1

-4-

EXHIBIT F - PAGE 108
Case No. CV 04-9049 SGL (RNBx)
PROOF OF SERVICE

1    I declare under penalty of perjury under the laws of the State of California
2    that the foregoing is true and correct.

3    Executed on August 28, 2009, at Los Angeles, California.

4

5    _____

6    Debbie Yeh

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28