# Exhibit G

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  (johnquinn@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
| Plaintiff, | Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727 |
| vs. | |
| MATTEL, INC., a Delaware corporation, | Hon. Stephen G. Larson |
| Defendant. | **MATTEL'S RESPONSES TO MGA ENTERTAINMENT (HK) LIMITED'S INTERROGATORY NOS. 1-25** |
| AND CONSOLIDATED ACTIONS | |

PROPOUNDING PARTY:     MGA ENTERTAINMENT (HK) LIMITED

RESPONDING PARTY:     MATTEL, INC.

SET NO.:     NOS. 1-25

EXHIBIT G - PAGE 110

07975/3073735.1

**Preliminary Statement**

Mattel, Inc. ("Mattel") has not yet completed its investigation of the facts relating to this action, has not yet reviewed all documents relating to this action, has not yet interviewed all witnesses in this action, and has not completed discovery from the MGA Parties or any third parties with regard to this action. Consequently, Mattel reserves the right to amend and/or supplement these responses if and when additional facts or documents are discovered.  Additionally, because Mattel's responses are based on facts and documents that Mattel has identified to date, they do not preclude Mattel from later relying on facts or documents discovered or generated pursuant to subsequent investigation or discovery.  Mattel's response to any of Defendant's Second Set of Interrogatories (the "Interrogatories") is not to be construed as a waiver of any of its objections or its right to object to any other discovery request.

**General Objections**

Mattel generally objects to each of the Interrogatories on each and every one of the following grounds, which are incorporated into and made a part of Mattel's response to each and every individual Interrogatory:

1.      Mattel objects to the Interrogatories on the grounds that they seek to impose obligations upon Mattel beyond those imposed by the Federal Rules of Civil Procedure.

2.      Mattel objects to the Interrogatories on the grounds and to the extent that they call for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege, including the privilege against disclosure of the identities and work product of consulting experts.  Such information and documents will not be produced.

3.      Mattel objects to the Interrogatories on the grounds that they call for production or disclosure of confidential, proprietary and/or private information.

EXHIBIT G - PAGE 111

1  Such information and documents will not be disclosed or produced except pursuant
2  to and in reliance upon the operative protective order.

3          4.      Mattel objects to the Interrogatories on the grounds that they
4  seek the disclosure of information or documents that are in the possession, custody
5  and control of independent parties over whom Mattel has no control, including
6  defendants, or are publicly available and hence equally available to all parties to this
7  litigation.

8          5.      Mattel objects to the Interrogatories on the grounds and to the
9  extent that they call for information that is neither relevant to the claims or defenses
10  in the pending action nor reasonably calculated to lead to the discovery of
11  admissible evidence.

12          6.      Mattel objects to the Interrogatories on the grounds that they are
13  unduly burdensome, compound and oppressive, including in that they (1) purport to
14  require Mattel to identify all facts—which Defendants have refused to do—and in
15  conflict with the Court's Orders of February 15, 2008, February 20, 2008, and
16  March 31, 2009, and (2) that they relate to multiple claims and discrete issues.

17          7.      Mattel further objects to the Interrogatories on the grounds and to
18  the extent that they purport to circumvent the expert disclosure provisions of the
19  Federal and Local Rules.  Such disclosures will be made in accordance with the
20  requirements of, and at the times specified by, the Court's Orders and the Rules.

21          8.      Mattel objects to the Interrogatories on the grounds and to the
22  extent that they seek the disclosure of information or documents in violation of the
23  terms of agreements or protective orders entered into with third parties, or in
24  violation of the privacy, contractual, or other rights of third parties.

25          9.      Mattel objects to the Interrogatories on the grounds that they are
26  overbroad and vague and ambiguous, including with respect to the defined terms
27  "IDENTIFY," and "COMMUNICATION."

28

EXHIBIT G - PAGE 112

10.     Mattel objects to the Interrogatories on the grounds that they exceed the number of interrogatories allowed per side and, therefore, are contrary to the Court's and the previous Discovery Master's rulings in this case.

### Specific and General Responses

Each of the following objections and responses to the Interrogatories is expressly made subject to the above Preliminary Statement and General Objections, all of which are incorporated in each of the following objections and responses to specific Interrogatories.

### RESPONSES TO INTERROGATORIES

INTERROGATORY NO. 1:

As to each occasion on which Mattel contends a RICO predicate was committed as alleged in the Second and Third Counterclaims of the TAAC:

(a)     IDENTIFY the RICO predicate act (by statute) and state all facts regarding the acts and omissions establishing that RICO predicate act. (If you contend the same acts and omissions established the commission of more than one RICO predicate act, IDENTIFY all of those RICO predicate acts.);

(b)     IDENTIFY which PERSONS employed by or associated with which RICO enterprise(s) committed that RICO predicate act;

(c)     state all facts which you contend demonstrate that Isaac Larian knew of, participated in, or directed the commission of that RICO predicate act;

(d)     state all facts regarding how that RICO predicate act proximately caused injury(s) to Mattel's business or property;

(e)     state all facts regarding how Mattel has calculated or estimated the monetary damages for each type of injury to its business or property proximately caused by that RICO predicate act (and if it has not, why not); and

(f)     IDENTIFY all PERSONS Mattel believes have knowledge of the information requested in this Interrogatory.

EXHIBIT G - PAGE 113

RESPONSE TO INTERROGATORY NO. 1:

In addition to the general objections stated above, Mattel specifically objects to this Interrogatory on the grounds that it is unreasonably burdensome, overbroad, including in that it purports to require Mattel to summarize all facts on these subjects, despite defendants' own refusals to answer interrogatories with the same or comparable language and in conflict with the Court's Orders of February 15, 2008 and February 20, 2008.  Mattel will not attempt to state or summarize all facts on these subjects.  Mattel further objects to this Interrogatory on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.  Mattel further objects to this Interrogatory on the grounds that it calls for the disclosure of confidential and/or proprietary information, which Mattel will disclose only subject to and in reliance upon the operative protective order.  Mattel further objects to this Interrogatory as compound and seeks to require Mattel to provide separate discrete responses as "to each occasion on which Mattel contends a RICO predicate was committed."  As such, the interrogatory is impermissibly compound and causes the total number of interrogatories served by this party in Phase 2 discovery to exceed the limits set by the Federal Rules of Civil Procedure and the Court.  Mattel further objects to subsection (c) of the interrogatory as an impermissible attempt to circumvent the limits on interrogatories that may be served in Phase 2 discovery.

INTERROGATORY NO. 2:

State all facts regarding Isaac Larian's conducting or participating, directly or indirectly, in the conduct of the affairs of a RICO enterprise through a pattern of racketeering activity (as alleged in the Counterclaims of the TAAC).

EXHIBIT G - PAGE 114

1  RESPONSE TO INTERROGATORY NO. 2:

2         In addition to the general objections stated above, Mattel specifically

3  objects to this Interrogatory on the grounds that it is unreasonably burdensome,

4  overbroad, including in that it purports to require Mattel to summarize all facts on

5  this subject, despite defendants' own refusals to answer interrogatories with the

6  same or comparable language and in conflict with the Court's Orders of February

7  15, 2008 and February 20, 2008.  Mattel will not attempt to state or summarize all

8  facts on this subject.  Mattel further objects to this Interrogatory on the grounds that

9  it calls for the disclosure of information subject to the attorney-client privilege, the

10 attorney work-product doctrine and other applicable privileges.  Mattel further

11 objects to this Interrogatory on the grounds that it calls for the disclosure of

12 confidential and/or proprietary information, which Mattel will disclose only subject

13 to and in reliance upon the operative protective order.  Mattel further objects to this

14 Interrogatory as it is an impermissible attempt to circumvent the limits on

15 interrogatories that may be served during Phase 2 discovery.

16

17 INTERROGATORY NO. 3:

18         State all facts regarding MGA Entertainment (HK) Limited's

19 conducting or participating, directly or indirectly, in the conduct of the affairs of a

20 RICO enterprise through a pattern of racketeering activity (as alleged in the

21 Counterclaims of the TAAC).

22

23 RESPONSE TO INTERROGATORY NO. 3:

24         In addition to the general objections stated above, Mattel specifically

25 objects to this Interrogatory on the grounds that it is unreasonably burdensome,

26 overbroad, including in that it purports to require Mattel to summarize all facts on

27 this subject, despite defendants' own refusals to answer interrogatories with the

28 same or comparable language and in conflict with the Court's Orders of February

EXHIBIT G - PAGE 115

-6-

15, 2008 and February 20, 2008. Mattel will not attempt to state or summarize all facts on this subject. Mattel further objects to this interrogatory as vague and ambiguous, including as to time. Mattel further objects to this Interrogatory on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges. Mattel further objects to this Interrogatory on the grounds that it calls for the disclosure of confidential and/or proprietary information, which Mattel will disclose only subject to and in reliance upon the operative protective order. Mattel further objects to this Interrogatory as the interrogatory, combined with the compound interrogatories propounded together with it, causes the total number of interrogatories served during Phase 2 discovery to exceed the limits set by the Federal Rules of Civil Procedure and the Court.

INTERROGATORY NO. 4:

As to each injury to its business or property which MATTEL claims was proximately caused by the actions and/or omissions alleged in the Second and Third Counterclaims of the TAAC:

        (a)    state all facts regarding the precise nature and type of that injury;

        (b)    state all facts regarding the RICO predicate act(s) and/or pattern of racketeering that proximately caused that injury;

        (c)    IDENTIFY which PERSONS employed by or associated with which RICO enterprises committed the RICO predicate act(s) and/or pattern of racketeering that proximately caused that injury;

        (d)    state all facts regarding how MATTEL has calculated or estimated the monetary damages for that injury (and if it has not, why not); and

        (e)    IDENTIFY all PERSONS MATTEL believes have knowledge of the information requested in this Interrogatory.

EXHIBIT G - PAGE 116

RESPONSE TO INTERROGATORY NO. 4:

In addition to the general objections stated above, Mattel specifically objects to this Interrogatory on the grounds that it is unreasonably burdensome, overbroad, including in that it purports to require Mattel to summarize all facts on these subjects, despite defendants' own refusals to answer interrogatories with the same or comparable language and in conflict with the Court's Orders of February 15, 2008 and February 20, 2008.  Mattel will not attempt to state or summarize all facts on these subjects.  Mattel further objects to this Interrogatory on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.  Mattel further objects to this Interrogatory on the grounds that it calls for the disclosure of confidential and/or proprietary information, which Mattel will disclose only subject to and in reliance upon the operative protective order.  Mattel further objects to this Interrogatory as compound and seeks to require Mattel to provide separate discrete responses as "to each injury to its business or property which MATTEL claims was proximately caused by the actions and/or omissions alleged in the Second and Third Counterclaims of the TAAC."  As such, the interrogatory is impermissibly compound and causes the total number of interrogatories served during Phase 2 discovery to exceed the limits set by the Federal Rules of Civil Procedure and the Court.

INTERROGATORY NO. 5:

As to each separate scheme or artifice to defraud underlying the Second Counterclaim's allegations of mail and/or wire fraud (see, e.g., ¶¶ 137-39, 141(a),(b)), state all facts regarding:

(a)     the duration and goals of the scheme or artifice to defraud;

(b)     which PERSONS employed by or associated with which RICO enterprises committed the mail and/or wire fraud;

EXHIBIT G - PAGE 117

1          (c)    to whom the scheme or artifice to defraud was directed;

2          (d)    the uses of the mails and/or wires that furthered the fraud;

3          (e)    the injuries to MATTEL's business or property proximately

4 caused by the scheme or artifice to defraud;

5          (f)    how MATTEL has calculated or estimated the dollar value of

6 those injuries to MATTEL's business or property (and if it has not, why not); and

7          (g)    IDENTIFY all PERSONS MATTEL believes have knowledge of

8 the information requested in this Interrogatory.

9

10 RESPONSE TO INTERROGATORY NO. 5:

11        In addition to the general objections stated above, Mattel specifically

12 objects to this Interrogatory on the grounds that it is unreasonably burdensome,

13 overbroad, including in that it purports to require Mattel to summarize all facts on

14 these subjects, despite defendants' own refusals to answer interrogatories with the

15 same or comparable language and in conflict with the Court's Orders of February

16 15, 2008 and February 20, 2008.  Mattel will not attempt to state or summarize all

17 facts on these subjects.  Mattel further objects to this Interrogatory on the grounds

18 that it calls for the disclosure of information subject to the attorney-client privilege,

19 the attorney work-product doctrine and other applicable privileges.  Mattel further

20 objects to this Interrogatory on the grounds that it calls for the disclosure of

21 confidential and/or proprietary information, which Mattel will disclose only subject

22 to and in reliance upon the operative protective order.  Mattel further objects to this

23 Interrogatory as compound and seeks to require Mattel to provide separate discrete

24 responses as "to each separate scheme or artifice to defraud underlying the Second

25 Counterclaim's allegations of mail and/or wire fraud."  As such, the interrogatory is

26 impermissibly compound and causes the total number of interrogatories served

27 during Phase 2 discovery to exceed the limits set by the Federal Rules of Civil

28 Procedure and the Court.

EXHIBIT G - PAGE 118

INTERROGATORY NO. 6:

As to each misrepresentation or concealment underlying the Second Counterclaim's allegations of mail and/or wire fraud (see, e.g., ¶¶ 137-39, 141(a),(b)), state all facts regarding:

(a)    the duration and goals of the mail and/or wire fraud based on that misrepresentation or concealment;

(b)    which PERSONS employed by or associated with which RICO enterprises committed that mail and/or wire fraud;

(c)    what facts or information were misrepresented or concealed;

(d)    when the facts or information were misrepresented or concealed;

(e)    who misrepresented or concealed the facts or information;

(f)    the factual and legal basis of the duties, if any, to disclose the facts or information;

(g)    to whom the misrepresentation or concealment was directed;

(h)    who, if anyone, relied upon the misrepresentation or concealment;

(i)    the uses of the mails and/or wires that furthered the mail and/or wire fraud based on that misrepresentation or concealment;

(j)    the injuries to MATTEL's business or property proximately caused by the misrepresentation or concealment and/or the mail and/or wire fraud based on that misrepresentation or concealment;

(k)    how MATTEL has calculated or estimated the dollar value of those injuries to MATTEL's business or property (and if it has not, why not); and

(l)    IDENTIFY all PERSONS MATTEL believes have knowledge of the information requested in this Interrogatory.

EXHIBIT G - PAGE 119

1  RESPONSE TO INTERROGATORY NO. 6:

2     In addition to the general objections stated above, Mattel specifically

3  objects to this Interrogatory on the grounds that it is unreasonably burdensome,

4  overbroad, including in that it purports to require Mattel to summarize all facts on

5  these subjects, despite defendants' own refusals to answer interrogatories with the

6  same or comparable language and in conflict with the Court's Orders of February

7  15, 2008 and February 20, 2008.  Mattel will not attempt to state or summarize all

8  facts on these subjects.  Mattel further objects to this Interrogatory on the grounds

9  that it calls for the disclosure of information subject to the attorney-client privilege,

10  the attorney work-product doctrine and other applicable privileges.  Mattel further

11  objects to this Interrogatory on the grounds that it calls for the disclosure of

12  confidential and/or proprietary information, which Mattel will disclose only subject

13  to and in reliance upon the operative protective order.  Mattel further objects to this

14  Interrogatory as compound and seeks to require Mattel to provide separate discrete

15  responses as "to each misrepresentation or concealment underlying the Second

16  Counterclaim's allegations of mail and/or wire fraud."  As such, the interrogatory is

17  impermissibly compound and causes the total number of interrogatories served

18  during Phase 2 discovery to exceed the limits set by the Federal Rules of Civil

19  Procedure and the Court.

20

21  INTERROGATORY NO. 7:

22     As to each RICO enterprise alleged in the Counterclaims of the TAAC,

23  state all facts regarding:

24     (a) the purposes and goals of the enterprise;

25     (b) the RICO predicate acts committed by the enterprise;

26     (c) the duration of the enterprise; and

27     (d) IDENTIFY all PERSONS MATTEL believes have knowledge of

28  the information requested in this Interrogatory.

EXHIBIT G - PAGE 120

-11-
MATTEL'S RESPONSES TO MGA ENTERTAINMENT (HK) LIMITED'S INTERROGATORY NOS. 1-25

1 RESPONSE TO INTERROGATORY NO. 7:

2         In addition to the general objections stated above, Mattel specifically

3 objects to this Interrogatory on the grounds that it is unreasonably burdensome,

4 overbroad, including in that it purports to require Mattel to summarize all facts on

5 these subjects, despite defendants' own refusals to answer interrogatories with the

6 same or comparable language and in conflict with the Court's Orders of February

7 15, 2008 and February 20, 2008.  Mattel will not attempt to state or summarize all

8 facts on these subjects.  Mattel further objects to this Interrogatory on the grounds

9 that it calls for the disclosure of information subject to the attorney-client privilege,

10 the attorney work-product doctrine and other applicable privileges.  Mattel further

11 objects to this Interrogatory on the grounds that it calls for the disclosure of

12 confidential and/or proprietary information, which Mattel will disclose only subject

13 to and in reliance upon the operative protective order.  Mattel further objects to this

14 Interrogatory as compound and seeks to require Mattel to provide separate discrete

15 responses as "to each RICO enterprise alleged in the Counterclaims of the TAAC."

16 As such, the interrogatory is impermissibly compound and causes the total number

17 of interrogatories served during Phase 2 discovery to exceed the limits set by the

18 Federal Rules of Civil Procedure and the Court.

19

20 INTERROGATORY NO. 8:

21         As to each RICO conspiracy alleged in the Third Counterclaim of the

22 TAAC, state all facts regarding:

23         (a)    the co-conspirators of the conspiracy;

24         (b)    the purposes and goals of the conspiracy;

25         (c)    the overt acts committed in furtherance of the conspiracy;

26         (d)    when and how the co-conspirators demonstrated their agreement

27 to join the conspiracy; and

28

EXHIBIT G - PAGE 121

1      (e)     IDENTIFY all PERSONS MATTEL believes have knowledge of
2   the information requested in this Interrogatory.

3

4   RESPONSE TO INTERROGATORY NO. 8:

5      In addition to the general objections stated above, Mattel specifically
6   objects to this Interrogatory on the grounds that it is unreasonably burdensome,
7   overbroad, including in that it purports to require Mattel to summarize all facts on
8   these subjects, despite defendants' own refusals to answer interrogatories with the
9   same or comparable language and in conflict with the Court's Orders of February
10  15, 2008 and February 20, 2008.  Mattel will not attempt to state or summarize all
11  facts on these subjects.  Mattel further objects to this Interrogatory on the grounds
12  that it calls for the disclosure of information subject to the attorney-client privilege,
13  the attorney work-product doctrine and other applicable privileges.  Mattel further
14  objects to this Interrogatory on the grounds that it calls for the disclosure of
15  confidential and/or proprietary information, which Mattel will disclose only subject
16  to and in reliance upon the operative protective order.  Mattel further objects to this
17  Interrogatory as compound and seeks to require Mattel to provide separate discrete
18  responses as "to each RICO conspiracy alleged in the Third Counterclaim of the
19  TAAC."  As such, the interrogatory is impermissibly compound and causes the total
20  number of interrogatories served during Phase 2 discovery to exceed the limits set
21  by the Federal Rules of Civil Procedure and the Court.

22

23  INTERROGATORY NO. 9:

24      IDENTIFY each PERSON that aided and abetted a predicate act
25  committed against MATTEL (as alleged in the Counterclaims of the TAAC, e.g., ¶¶
26  141, 151), and IDENTIFY:

27      (a)     the predicate act that person aided and abetted;

28      (b)     the perpetrators whom that person aided and abetted;

EXHIBIT G - PAGE 122

1          (c)      the acts or omissions that constituted the aiding and abetting by

2    that person; and

3          (d)      IDENTIFY all PERSONS MATTEL believes have knowledge of

4    the information requested in this Interrogatory

5

6    RESPONSE TO INTERROGATORY NO. 9:

7                In addition to the general objections stated above, Mattel specifically

8    objects to this Interrogatory on the grounds that it is unreasonably burdensome,

9    overbroad, including in that it purports to require Mattel to summarize all facts on

10   these subjects, despite defendants' own refusals to answer interrogatories with the

11   same or comparable language and in conflict with the Court's Orders of February

12   15, 2008 and February 20, 2008.  Mattel will not attempt to state or summarize all

13   facts on these subjects.  Mattel further objects to this Interrogatory on the grounds

14   that it calls for the disclosure of information subject to the attorney-client privilege,

15   the attorney work-product doctrine and other applicable privileges.  Mattel further

16   objects to this Interrogatory on the grounds that it calls for the disclosure of

17   confidential and/or proprietary information, which Mattel will disclose only subject

18   to and in reliance upon the operative protective order.  Mattel further objects to this

19   Interrogatory as compound and seeks to require Mattel to provide separate discrete

20   responses as to "each PERSON that aided and abetted a predicate act committed

21   against MATTEL (as alleged in the Counterclaims of the TAAC."  As such, the

22   interrogatory is impermissibly compound and causes the total number of

23   interrogatories served during Phase 2 discovery to exceed the limits set by the

24   Federal Rules of Civil Procedure and the Court.

25

26

27

28

EXHIBIT G - PAGE 123

INTERROGATORY NO. 10:

With respect to the allegation in paragraphs 28 - 43 of the Counterclaims of the TAAC, that the defendants stole a new line of fashion dolls from MATTEL, state all facts regarding:

(a)    every RICO predicate act committed through that conduct;

(b)    which PERSONS employed by or associated with which RICO enterprises committed those predicate acts;

(c)    the injuries to MATTEL's business or property proximately caused by those predicate acts;

(d)    how MATTEL has calculated or estimated the dollar value of those injuries (and if it has not, why not); and

(e)    IDENTIFY all PERSONS MATTEL believes have knowledge of the information requested in this Interrogatory.

RESPONSE TO INTERROGATORY NO. 10:

In addition to the general objections stated above, Mattel specifically objects to this Interrogatory on the grounds that it is unreasonably burdensome, overbroad, including in that it purports to require Mattel to summarize all facts on these subjects, despite defendants' own refusals to answer interrogatories with the same or comparable language and in conflict with the Court's Orders of February 15, 2008 and February 20, 2008.  Mattel will not attempt to state or summarize all facts on these subjects.  Mattel further objects to this Interrogatory on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.  Mattel further objects to this Interrogatory on the grounds that it calls for the disclosure of confidential and/or proprietary information, which Mattel will disclose only subject to and in reliance upon the operative protective order.  Mattel further objects to this Interrogatory as compound and seeks to require Mattel to provide separate discrete

EXHIBIT G - PAGE 124

1  responses as to "every RICO predicate act committed through that conduct." As

2  such, the interrogatory is impermissibly compound and causes the total number of

3  interrogatories served during Phase 2 discovery to exceed the limits set by the

4  Federal Rules of Civil Procedure and the Court.

5

6  <u>INTERROGATORY NO. 11:</u>

7     With respect to the allegation in paragraphs 44- 61 of the

8  Counterclaims of the TAAC, that the defendants stole MATTEL trade secrets in

9  Mexico, state all facts regarding:

10    (a) every RICO predicate act committed through that conduct;

11    (b) which PERSONS employed by or associated with which RICO

12 enterprises committed those predicate acts;

13    (c) the injuries to MATTEL's business or property proximately

14 caused by those predicate acts;

15    (d) how MATTEL has calculated or estimated the dollar value of

16 those injuries (and if it has not, why not); and

17    (e) IDENTIFY all PERSONS MATTEL believes have knowledge of

18 the information requested in this Interrogatory.

19

20 <u>RESPONSE TO INTERROGATORY NO. 11:</u>

21    In addition to the general objections stated above, Mattel specifically

22 objects to this Interrogatory on the grounds that it is unreasonably burdensome,

23 overbroad, including in that it purports to require Mattel to summarize all facts on

24 these subjects, despite defendants' own refusals to answer interrogatories with the

25 same or comparable language and in conflict with the Court's Orders of February

26 15, 2008 and February 20, 2008.  Mattel will not attempt to state or summarize all

27 facts on these subjects.  Mattel further objects to this Interrogatory on the grounds

28 that it calls for the disclosure of information subject to the attorney-client privilege,

1   the attorney work-product doctrine and other applicable privileges. Mattel further

2   objects to this Interrogatory on the grounds that it calls for the disclosure of

3   confidential and/or proprietary information, which Mattel will disclose only subject

4   to and in reliance upon the operative protective order. Mattel further objects to this

5   Interrogatory as compound and seeks to require Mattel to provide separate discrete

6   responses as to "every RICO predicate act committed through that conduct." As

7   such, the interrogatory is impermissibly compound and causes the total number of

8   interrogatories served during Phase 2 discovery to exceed the limits set by the

9   Federal Rules of Civil Procedure and the Court.

10

11  INTERROGATORY NO. 12:

12          With respect to the allegation in paragraphs 62 – 76 of the

13  Counterclaims of the TAAC, that the defendants hired Ron Brawer to facilitate the

14  theft and use of MATTEL business methods and practices, state all facts regarding:

15          (a)    every RICO predicate act committed through that conduct;

16          (b)    which PERSONS employed by or associated with which RICO

17  enterprises committed those predicate acts;

18          (c)    the injuries to MATTEL's business or property proximately

19  caused by those predicate acts;

20          (d)    how MATTEL has calculated or estimated the dollar value of

21  those injuries (and if it has not, why not); and

22          (e)    IDENTIFY all PERSONS MATTEL believes have knowledge of

23  the information requested in this Interrogatory.

24

25  RESPONSE TO INTERROGATORY NO. 12:

26          In addition to the general objections stated above, Mattel specifically

27  objects to this Interrogatory on the grounds that it is unreasonably burdensome,

28  overbroad, including in that it purports to require Mattel to summarize all facts on

EXHIBIT G - PAGE 126

MATTEL'S RESPONSES TO MGA ENTERTAINMENT (HK) LIMITED'S INTERROGATORY NOS. 1-25

1   these subjects, despite defendants' own refusals to answer interrogatories with the

2   same or comparable language and in conflict with the Court's Orders of February

3   15, 2008 and February 20, 2008.  Mattel will not attempt to state or summarize all

4   facts on these subjects.  Mattel further objects to this Interrogatory on the grounds

5   that it calls for the disclosure of information subject to the attorney-client privilege,

6   the attorney work-product doctrine and other applicable privileges.  Mattel further

7   objects to this Interrogatory on the grounds that it calls for the disclosure of

8   confidential and/or proprietary information, which Mattel will disclose only subject

9   to and in reliance upon the operative protective order.  Mattel further objects to this

10  Interrogatory as compound and seeks to require Mattel to provide separate discrete

11  responses as to "every RICO predicate act committed through that conduct."  As

12  such, the interrogatory is impermissibly compound and causes the total number of

13  interrogatories served during Phase 2 discovery to exceed the limits set by the

14  Federal Rules of Civil Procedure and the Court.

15

16  INTERROGATORY NO. 13:

17          With respect to the allegation in paragraphs 77 – 87 of the

18  Counterclaims of the TAAC, that the defendants hired Jorge Castilla to obtain trade

19  secret and highly confidential information about MATTEL's forecasting and

20  inventory management systems, state all facts regarding:

21          (a)     every RICO predicate act(s) committed through that conduct;

22          (b)     which PERSONS employed by or associated with which RICO

23  enterprises committed those predicate acts;

24          (c)     the injuries to MATTEL's business or property proximately

25  caused by those predicate acts;

26          (d)     how MATTEL has calculated or estimated the dollar value of

27  those injuries (and if it has not, why not); and

28

EXHIBIT G - PAGE 127

1         (e)     IDENTIFY all PERSONS MATTEL believes have knowledge of

2 the information requested in this Interrogatory.

3

4 RESPONSE TO INTERROGATORY NO. 13:

5         In addition to the general objections stated above, Mattel specifically

6 objects to this Interrogatory on the grounds that it is unreasonably burdensome,

7 overbroad, including in that it purports to require Mattel to summarize all facts on

8 these subjects, despite defendants' own refusals to answer interrogatories with the

9 same or comparable language and in conflict with the Court's Orders of February

10 15, 2008 and February 20, 2008.  Mattel will not attempt to state or summarize all

11 facts on these subjects.  Mattel further objects to this Interrogatory on the grounds

12 that it calls for the disclosure of information subject to the attorney-client privilege,

13 the attorney work-product doctrine and other applicable privileges.  Mattel further

14 objects to this Interrogatory on the grounds that it calls for the disclosure of

15 confidential and/or proprietary information, which Mattel will disclose only subject

16 to and in reliance upon the operative protective order.  Mattel further objects to this

17 Interrogatory as compound and seeks to require Mattel to provide separate discrete

18 responses as to "every RICO predicate act committed through that conduct."  As

19 such, the interrogatory is impermissibly compound and causes the total number of

20 interrogatories served during Phase 2 discovery to exceed the limits set by the

21 Federal Rules of Civil Procedure and the Court.

22

23 INTERROGATORY NO. 14:

24         With respect to the allegation in paragraphs 88 – 94 of the

25 Counterclaims of the TAAC, that the defendants hired Janine Brisbois and stole

26 trade secrets of MATTEL in Canada, state all facts regarding:

27         (a)     every RICO predicate act committed through that conduct;

28

EXHIBIT G - PAGE 128

1         (b)    which PERSONS employed by or associated with which RICO

2 enterprises committed those predicate acts;

3         (c)    the injuries to MATTEL's business or property proximately

4 caused by those predicate acts;

5         (d)    how MATTEL has calculated or estimated the dollar value of

6 those injuries (and if it has not, why not); and

7         (e)    IDENTIFY all PERSONS MATTEL believes have knowledge of

8 the information requested in this Interrogatory.

9

10 RESPONSE TO INTERROGATORY NO. 14:

11         In addition to the general objections stated above, Mattel specifically

12 objects to this Interrogatory on the grounds that it is unreasonably burdensome,

13 overbroad, including in that it purports to require Mattel to summarize all facts on

14 these subjects, despite defendants' own refusals to answer interrogatories with the

15 same or comparable language and in conflict with the Court's Orders of February

16 15, 2008 and February 20, 2008.  Mattel will not attempt to state or summarize all

17 facts on these subjects.  Mattel further objects to this Interrogatory on the grounds

18 that it calls for the disclosure of information subject to the attorney-client privilege,

19 the attorney work-product doctrine and other applicable privileges.  Mattel further

20 objects to this Interrogatory on the grounds that it calls for the disclosure of

21 confidential and/or proprietary information, which Mattel will disclose only subject

22 to and in reliance upon the operative protective order.  Mattel further objects to this

23 Interrogatory as compound and seeks to require Mattel to provide separate discrete

24 responses as to "every RICO predicate act committed through that conduct."  As

25 such, the interrogatory is impermissibly compound and causes the total number of

26 interrogatories served during Phase 2 discovery to exceed the limits set by the

27 Federal Rules of Civil Procedure and the Court.

28

EXHIBIT G - PAGE 129

INTERROGATORY NO. 15:

With respect to the allegation in paragraphs 95 – 96 of the Counterclaims of the TAAC, that MATTEL employees other than Carter Bryant secretly worked on Bratz, state all facts regarding:

(a)    every RICO predicate act committed through that conduct;

(b)    which PERSONS employed by or associated with which RICO enterprises committed those predicate acts;

(c)    the injuries to MATTEL's business or property proximately caused by those predicate acts;

(d)    how MATTEL has calculated or estimated the dollar value of those injuries (and if it has not, why not);

(e)    IDENTIFY all PERSONS MATTEL believes have knowledge of the information requested in this Interrogatory.

RESPONSE TO INTERROGATORY NO. 15:

In addition to the general objections stated above, Mattel specifically objects to this Interrogatory on the grounds that it is unreasonably burdensome, overbroad, including in that it purports to require Mattel to summarize all facts on these subjects, despite defendants' own refusals to answer interrogatories with the same or comparable language and in conflict with the Court's Orders of February 15, 2008 and February 20, 2008.  Mattel will not attempt to state or summarize all facts on these subjects.  Mattel further objects to this Interrogatory on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.  Mattel further objects to this Interrogatory on the grounds that it calls for the disclosure of confidential and/or proprietary information, which Mattel will disclose only subject to and in reliance upon the operative protective order.  Mattel further objects to this Interrogatory as compound and seeks to require Mattel to provide separate discrete

EXHIBIT G - PAGE 130

-21-

1   responses as to "every RICO predicate act committed through that conduct."  As

2   such, the interrogatory is impermissibly compound and causes the total number of

3   interrogatories served during Phase 2 discovery to exceed the limits set by the

4   Federal Rules of Civil Procedure and the Court.

5

6   INTERROGATORY NO. 16:

7           With respect to the allegation in paragraph 97 of the Counterclaims of

8   the TAAC, that MATTEL employees were paid in cash, using false names and false

9   social security numbers while working for MGA, state all facts regarding:

10          (a)     every RICO predicate act committed through that conduct;

11          (b)     which PERSONS employed by or associated with which RICO

12   enterprises committed those predicate acts;

13          (c)     the injuries to MATTEL's business or property proximately

14   caused by those predicate acts;

15          (d)     how MATTEL has calculated or estimated the dollar value of

16   every direct, concrete injury to MATTEL's business or property which was

17   proximately caused by those predicate acts (and if it has not, why not); and

18          (e)     IDENTIFY all PERSONS MATTEL believes have knowledge of

19   the information requested in this Interrogatory.

20

21   RESPONSE TO INTERROGATORY NO. 16:

22          In addition to the general objections stated above, Mattel specifically

23   objects to this Interrogatory on the grounds that it is unreasonably burdensome,

24   overbroad, including in that it purports to require Mattel to summarize all facts on

25   these subjects, despite defendants' own refusals to answer interrogatories with the

26   same or comparable language and in conflict with the Court's Orders of February

27   15, 2008 and February 20, 2008.  Mattel will not attempt to state or summarize all

28   facts on these subjects.  Mattel further objects to this Interrogatory on the grounds

1  that it calls for the disclosure of information subject to the attorney-client privilege,

2  the attorney work-product doctrine and other applicable privileges.  Mattel further

3  objects to this Interrogatory on the grounds that it calls for the disclosure of

4  confidential and/or proprietary information, which Mattel will disclose only subject

5  to and in reliance upon the operative protective order.  Mattel further objects to this

6  Interrogatory as compound and seeks to require Mattel to provide separate discrete

7  responses as to "every RICO predicate act committed through that conduct."  As

8  such, the interrogatory is impermissibly compound and causes the total number of

9  interrogatories served during Phase 2 discovery to exceed the limits set by the

10  Federal Rules of Civil Procedure and the Court.

11

12  INTERROGATORY NO. 17:

13          With respect to the allegation in paragraph 98 of the Counterclaims of

14  the TAAC, that MGA has hired other MATTEL employees or induced them to

15  secretly work for MGA while they were employed by MATTEL, and persuaded

16  them to misappropriate MATTEL trade secrets, state all facts regarding:

17          (a)     IDENTIFY those other MATTEL employees;

18          (b)     the dates each ended employment at MATTEL, the date each

19  began employment at MGA, and the period during which each secretly worked for

20  MGA while still employed by MATTEL;

21          (c)     every RICO predicate act committed through that conduct;

22          (d)     which PERSONS employed by or associated with which RICO

23  enterprises committed those predicate acts;

24          (e)     the injuries to MATTEL's business or property proximately

25  caused by those predicate acts;

26          (f)     how MATTEL has calculated or estimated the dollar value of

27  those injuries (and if it has not, why not); and

28

EXHIBIT G - PAGE 132

1         (g)    IDENTIFY all PERSONS MATTEL believes have knowledge of

2   the information requested in this Interrogatory.

3

4   RESPONSE TO INTERROGATORY NO. 17:

5         In addition to the general objections stated above, Mattel specifically

6   objects to this Interrogatory on the grounds that it is unreasonably burdensome,

7   overbroad, including in that it purports to require Mattel to summarize all facts on

8   these subjects, despite defendants' own refusals to answer interrogatories with the

9   same or comparable language and in conflict with the Court's Orders of February

10  15, 2008 and February 20, 2008.  Mattel will not attempt to state or summarize all

11  facts on these subjects.  Mattel further objects to this Interrogatory on the grounds

12  that it calls for the disclosure of information subject to the attorney-client privilege,

13  the attorney work-product doctrine and other applicable privileges.  Mattel further

14  objects to this Interrogatory on the grounds that it calls for the disclosure of

15  confidential and/or proprietary information, which Mattel will disclose only subject

16  to and in reliance upon the operative protective order.  Mattel further objects to this

17  Interrogatory as compound and seeks to require Mattel to provide separate discrete

18  responses as to "every RICO predicate act committed through that conduct."  As

19  such, the interrogatory is impermissibly compound and causes the total number of

20  interrogatories served during Phase 2 discovery to exceed the limits set by the

21  Federal Rules of Civil Procedure and the Court.

22

23  INTERROGATORY NO. 18:

24        With respect to the allegation in paragraphs 99 – 102 of the

25  Counterclaims of the TAAC, that Isaac Larian made misrepresentations to retailers

26  and in press releases and in the market place, state all facts regarding:

27        (a)    every RICO predicate act committed through that conduct;

28

EXHIBIT G - PAGE 133

-24-

1    (b)    the RICO enterprises that Mr. Larian was employed by or

2    associated with when he committed those predicate acts;

3    (c)    the injuries to MATTEL's business or property proximately

4    caused by those predicate acts;

5    (d)    how MATTEL has calculated or estimated the dollar value of

6    those injuries (and if it has not, why not); and

7    (e)    IDENTIFY all PERSONS MATTEL believes have knowledge of

8    the information requested in this Interrogatory.

9

10   RESPONSE TO INTERROGATORY NO. 18:

11   In addition to the general objections stated above, Mattel specifically

12   objects to this Interrogatory on the grounds that it is unreasonably burdensome,

13   overbroad, including in that it purports to require Mattel to summarize all facts on

14   these subjects, despite defendants' own refusals to answer interrogatories with the

15   same or comparable language and in conflict with the Court's Orders of February

16   15, 2008 and February 20, 2008.  Mattel will not attempt to state or summarize all

17   facts on these subjects.  Mattel further objects to this Interrogatory on the grounds

18   that it calls for the disclosure of information subject to the attorney-client privilege,

19   the attorney work-product doctrine and other applicable privileges.  Mattel further

20   objects to this Interrogatory on the grounds that it calls for the disclosure of

21   confidential and/or proprietary information, which Mattel will disclose only subject

22   to and in reliance upon the operative protective order.  Mattel further objects to this

23   Interrogatory as compound and seeks to require Mattel to provide separate discrete

24   responses as to "every RICO predicate act committed through that conduct."  As

25   such, the interrogatory is impermissibly compound and causes the total number of

26   interrogatories served during Phase 2 discovery to exceed the limits set by the

27   Federal Rules of Civil Procedure and the Court.

28

EXHIBIT G - PAGE 134

1   INTERROGATORY NO. 19:

2           With respect to the allegation in paragraphs 103 – 104 of the

3   Counterclaims of the TAAC, regarding destruction of documents, perjury,

4   conspiracy to commit perjury, and obstruction of justice, state all facts regarding:

5           (a)     every RICO predicate act committed through that conduct;

6           (b)     which PERSONS employed by or associated with which RICO

7   enterprises committed those predicate acts;

8           (c)     the injuries to MATTEL's business or property proximately

9   caused by those predicate acts;

10          (d)     how MATTEL has calculated or estimated the dollar value of

11  those injuries (and if it has not, why not); and

12          (e)     IDENTIFY all PERSONS MATTEL believes have knowledge of

13  the information requested in this Interrogatory.

14

15  RESPONSE TO INTERROGATORY NO. 19:

16          In addition to the general objections stated above, Mattel specifically

17  objects to this Interrogatory on the grounds that it is unreasonably burdensome,

18  overbroad, including in that it purports to require Mattel to summarize all facts on

19  these subjects, despite defendants' own refusals to answer interrogatories with the

20  same or comparable language and in conflict with the Court's Orders of February

21  15, 2008 and February 20, 2008.  Mattel will not attempt to state or summarize all

22  facts on these subjects.  Mattel further objects to this Interrogatory on the grounds

23  that it calls for the disclosure of information subject to the attorney-client privilege,

24  the attorney work-product doctrine and other applicable privileges.  Mattel further

25  objects to this Interrogatory on the grounds that it calls for the disclosure of

26  confidential and/or proprietary information, which Mattel will disclose only subject

27  to and in reliance upon the operative protective order.  Mattel further objects to this

28  Interrogatory as compound and seeks to require Mattel to provide separate discrete

EXHIBIT G - PAGE 135

1  responses as to "every RICO predicate act committed through that conduct."  As

2  such, the interrogatory is impermissibly compound and causes the total number of

3  interrogatories served during Phase 2 discovery to exceed the limits set by the

4  Federal Rules of Civil Procedure and the Court.

5

6  <u>INTERROGATORY NO. 20:</u>

7          With respect to the allegation in paragraphs 108 – 112 and 120 of the

8  Counterclaims of the TAAC, that Isaac Larian and MGA created various shell and

9  off-shore entities to either transfer or assist in the transfer of proceeds generated by

10  unlawful conduct and criminal enterprises, state all facts regarding:

11          (a)    every RICO predicate act committed through that conduct;

12          (b)    which PERSONS employed by or associated with which RICO

13  enterprises committed those predicate acts;

14          (c)    the injuries to MATTEL's business or property proximately

15  caused by those predicate acts;

16          (d)    how MATTEL has calculated or estimated the dollar value of

17  those injuries (and if it has not, why not); and

18          (e)    IDENTIFY all PERSONS MATTEL believes have knowledge of

19  the information requested in this Interrogatory.

20

21  <u>RESPONSE TO INTERROGATORY NO. 20:</u>

22          In addition to the general objections stated above, Mattel specifically

23  objects to this Interrogatory on the grounds that it is unreasonably burdensome,

24  overbroad, including in that it purports to require Mattel to summarize all facts on

25  these subjects, despite defendants' own refusals to answer interrogatories with the

26  same or comparable language and in conflict with the Court's Orders of February

27  15, 2008 and February 20, 2008.  Mattel will not attempt to state or summarize all

28  facts on these subjects.  Mattel further objects to this Interrogatory on the grounds

EXHIBIT G - PAGE 136

1  that it calls for the disclosure of information subject to the attorney-client privilege,

2  the attorney work-product doctrine and other applicable privileges.  Mattel further

3  objects to this Interrogatory on the grounds that it calls for the disclosure of

4  confidential and/or proprietary information, which Mattel will disclose only subject

5  to and in reliance upon the operative protective order.  Mattel further objects to this

6  Interrogatory as compound and seeks to require Mattel to provide separate discrete

7  responses as to "every RICO predicate act committed through that conduct."  As

8  such, the interrogatory is impermissibly compound and causes the total number of

9  interrogatories served during Phase 2 discovery to exceed the limits set by the

10  Federal Rules of Civil Procedure and the Court.

11

12  <u>INTERROGATORY NO. 21:</u>

13          With respect to the allegation in paragraphs 113 – 120 of the

14  Counterclaims of the TAAC, that Isaac Larian and MGA wrongfully acquired $313

15  million of debt that MGA owed Wachovia, state all facts regarding:

16          (a)     every RICO predicate act committed through that conduct;

17          (b)     which PERSONS employed by or associated with which RICO

18  enterprises committed those predicate acts;

19          (c)     the injuries to MATTEL's business or property proximately

20  caused by those predicate acts;

21          (d)     how MATTEL has calculated or estimated the dollar value of

22  those injuries (and if it has not, why not); and

23          (e)     IDENTIFY all PERSONS MATTEL believes have knowledge of

24  the information requested in this Interrogatory.

25

26  <u>RESPONSE TO INTERROGATORY NO. 21:</u>

27          In addition to the general objections stated above, Mattel specifically

28  objects to this Interrogatory on the grounds that it is unreasonably burdensome,

EXHIBIT G - PAGE 137

1  overbroad, including in that it purports to require Mattel to summarize all facts on

2  these subjects, despite defendants' own refusals to answer interrogatories with the

3  same or comparable language and in conflict with the Court's Orders of February

4  15, 2008 and February 20, 2008.  Mattel will not attempt to state or summarize all

5  facts on these subjects.  Mattel further objects to this Interrogatory on the grounds

6  that it calls for the disclosure of information subject to the attorney-client privilege,

7  the attorney work-product doctrine and other applicable privileges.  Mattel further

8  objects to this Interrogatory on the grounds that it calls for the disclosure of

9  confidential and/or proprietary information, which Mattel will disclose only subject

10  to and in reliance upon the operative protective order.  Mattel further objects to this

11  Interrogatory as compound and seeks to require Mattel to provide separate discrete

12  responses as to "every RICO predicate act committed through that conduct."  As

13  such, the interrogatory is impermissibly compound and causes the total number of

14  interrogatories served during Phase 2 discovery to exceed the limits set by the

15  Federal Rules of Civil Procedure and the Court.

16

17  INTERROGATORY NO. 22:

18          With respect to the allegation in paragraph 121 of the Counterclaims of

19  the TAAC, regarding various loans to MGA and MGA Entertainment (HK), state all

20  facts regarding:

21          (a)     every RICO predicate act committed through that conduct;

22          (b)     which PERSONS employed by or associated with which RICO

23  enterprises committed those predicate acts;

24          (c)     the injuries to MATTEL's business or property proximately

25  caused by those predicate acts;

26          (d)     how MATTEL has calculated or estimated the dollar value of

27  those injuries (and if it has not, why not; and

28

EXHIBIT G - PAGE 138

1       (e)    IDENTIFY all PERSONS MATTEL believes have knowledge of

2   the information requested in this Interrogatory.

3

4   RESPONSE TO INTERROGATORY NO. 22:

5       In addition to the general objections stated above, Mattel specifically

6   objects to this Interrogatory on the grounds that it is unreasonably burdensome,

7   overbroad, including in that it purports to require Mattel to summarize all facts on

8   these subjects, despite defendants' own refusals to answer interrogatories with the

9   same or comparable language and in conflict with the Court's Orders of February

10  15, 2008 and February 20, 2008.  Mattel will not attempt to state or summarize all

11  facts on these subjects.  Mattel further objects to this Interrogatory on the grounds

12  that it calls for the disclosure of information subject to the attorney-client privilege,

13  the attorney work-product doctrine and other applicable privileges.  Mattel further

14  objects to this Interrogatory on the grounds that it calls for the disclosure of

15  confidential and/or proprietary information, which Mattel will disclose only subject

16  to and in reliance upon the operative protective order.  Mattel further objects to this

17  Interrogatory as compound and seeks to require Mattel to provide separate discrete

18  responses as to "every RICO predicate act committed through that conduct."  As

19  such, the interrogatory is impermissibly compound and causes the total number of

20  interrogatories served during Phase 2 discovery to exceed the limits set by the

21  Federal Rules of Civil Procedure and the Court.

22

23  INTERROGATORY NO. 23:

24      With respect to the allegation in paragraphs 122 – 126 of the

25  Counterclaims of the TAAC, that Isaac Larian sold MGA inventory to himself at

26  fire sale prices, state all facts regarding:

27      (a)    every RICO predicate act committed through that conduct;

28

EXHIBIT G - PAGE 139

-30-

1         (b)    which PERSONS employed by or associated with which RICO

2  enterprises committed those predicate acts;

3         (c)    the injuries to MATTEL's business or property proximately

4  caused by those predicate acts;

5         (d)    how MATTEL has calculated or estimated the dollar value of

6  those injuries (and if it has not, why not); and

7         (e)    IDENTIFY all PERSONS MATTEL believes have knowledge of

8  the information requested in this Interrogatory.

9

10  <u>RESPONSE TO INTERROGATORY NO. 23</u>:

11         In addition to the general objections stated above, Mattel specifically

12  objects to this Interrogatory on the grounds that it is unreasonably burdensome,

13  overbroad, including in that it purports to require Mattel to summarize all facts on

14  these subjects, despite defendants' own refusals to answer interrogatories with the

15  same or comparable language and in conflict with the Court's Orders of February

16  15, 2008 and February 20, 2008.  Mattel will not attempt to state or summarize all

17  facts on these subjects.  Mattel further objects to this Interrogatory on the grounds

18  that it calls for the disclosure of information subject to the attorney-client privilege,

19  the attorney work-product doctrine and other applicable privileges.  Mattel further

20  objects to this Interrogatory on the grounds that it calls for the disclosure of

21  confidential and/or proprietary information, which Mattel will disclose only subject

22  to and in reliance upon the operative protective order.  Mattel further objects to this

23  Interrogatory as compound and seeks to require Mattel to provide separate discrete

24  responses as to "every RICO predicate act committed through that conduct."  As

25  such, the interrogatory is impermissibly compound and causes the total number of

26  interrogatories served during Phase 2 discovery to exceed the limits set by the

27  Federal Rules of Civil Procedure and the Court.

28

EXHIBIT G - PAGE 140

INTERROGATORY NO. 24:

If MATTEL claims that the predicate acts and/or pattern of racketeering as alleged in the Counterclaims of the TAAC caused it to lose sales of Barbie products, state all facts regarding:

(a)     the number of sales of each product lost each year, and how MATTEL calculated or estimated that figure;

(b)     the gross revenue lost each year from those lost sales, and how MATTEL calculated or estimated that figure;

(c)     the net profit lost each year from those lost sales, and how MATTEL calculated or estimated that figure;

(d)     how the RICO predicate act(s) and/or pattern of racketeering alleged in the Counterclaims (as opposed to other factors) proximately caused the sales lost each year;

(e)     which PERSONS employed by or associated with which RICO enterprises committed those predicate acts and/or pattern of racketeering; and

(f)     IDENTIFY all PERSONS MATTEL believes have knowledge of the information requested in this Interrogatory.

RESPONSE TO INTERROGATORY NO. 24:

In addition to the general objections stated above, Mattel specifically objects to this Interrogatory on the grounds that it is unreasonably burdensome, overbroad, including in that it purports to require Mattel to summarize all facts on this subject, despite defendants' own refusals to answer interrogatories with the same or comparable language and in conflict with the Court's Orders of February 15, 2008 and February 20, 2008.  Mattel will not attempt to state or summarize all facts on this subject.  Mattel further objects to this interrogatory as vague and ambiguous, including as to time.  Mattel further objects to this Interrogatory on the grounds that it calls for the disclosure of information subject to the attorney-client

1  privilege, the attorney work-product doctrine and other applicable privileges. Mattel

2  further objects to this Interrogatory on the grounds that it calls for the disclosure of

3  confidential and/or proprietary information, which Mattel will disclose only subject

4  to and in reliance upon the operative protective order. Mattel further objects to this

5  Interrogatory as the interrogatory, combined with the compound interrogatories

6  propounded together with it, causes the total number of interrogatories served during

7  Phase 2 discovery to exceed the limits set by the Federal Rules of Civil Procedure

8  and the Court.

9

10  INTERROGATORY NO. 25:

11         With respect to the allegations in paragraph 140 of the Counterclaims

12  of the TAAC, that the MGA, Bratz, and IGWT Criminal Enterprises are continuing

13  operations and threaten to continue their wrongful conduct:

14         (a)    state all facts regarding those continuing operations and/or the

15  threat of continued wrongful conduct;

16         (b)    IDENTIFY each predicate acts and/or patterns of racketeering

17  which MATTEL believes are continuing or threatened;

18         (c)    IDENTIFY which PERSONS employed by or associated with

19  which RICO enterprise(s) are committing or threatening to commit each RICO

20  predicate act;

21         (d)    state all facts regarding the injuries to its business or property

22  that MATTEL believes will be proximately caused by those predicate acts and/or

23  patterns of racketeering;

24         (e)    IDENTIFY all PERSONS MATTEL believes have knowledge of

25  the information requested in this Interrogatory.

26

27

28

EXHIBIT G - PAGE 142

1  RESPONSE TO INTERROGATORY NO. 25:

2          In addition to the general objections stated above, Mattel specifically

3  objects to this Interrogatory on the grounds that it is unreasonably burdensome,

4  overbroad, including in that it purports to require Mattel to summarize all facts on

5  these subjects, despite defendants' own refusals to answer interrogatories with the

6  same or comparable language and in conflict with the Court's Orders of February

7  15, 2008 and February 20, 2008.  Mattel will not attempt to state or summarize all

8  facts on these subjects.  Mattel further objects to this Interrogatory on the grounds

9  that it calls for the disclosure of information subject to the attorney-client privilege,

10  the attorney work-product doctrine and other applicable privileges.  Mattel further

11  objects to this Interrogatory on the grounds that it calls for the disclosure of

12  confidential and/or proprietary information, which Mattel will disclose only subject

13  to and in reliance upon the operative protective order.  Mattel further objects to this

14  Interrogatory as compound and seeks to require Mattel to provide separate discrete

15  responses as to "each predicate acts and/or patterns of racketeering which MATTEL

16  believes are continuing or threatened."  As such, the interrogatory is impermissibly

17  compound and causes the total number of interrogatories served during Phase 2

18  discovery to exceed the limits set by the Federal Rules of Civil Procedure and the

19  Court.

20

21  DATED: August 28, 2009          QUINN EMANUEL URQUHART OLIVER &
                                     HEDGES, LLP
22

23

24  By _____
                                     Marshall M. Searcy III
25                                   Attorneys for Mattel, Inc.

26

27

28

EXHIBIT G - PAGE 143

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
     John B. Quinn (Bar No. 090378)
2     johnquinn@quinnemanuel.com
     Michael T. Zeller (Bar No. 196417)
3     (michaelzeller@quinnemanuel.com)
     Jon D. Corey (Bar No. 185066)
4     (joncorey@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
5  Los Angeles, California  90017-2543
   Telephone:  (213) 443-3000
6  Facsimile:  (213) 443-3100

7  Attorneys for Mattel, Inc.

8                  UNITED STATES DISTRICT COURT

9                  CENTRAL DISTRICT OF CALIFORNIA

10                        EASTERN DIVISION

11

12  CARTER BRYANT, an individual,          CASE NO. CV 04-9049 SGL (RNBx)

            Plaintiff,                     Consolidated with
13                                          Case No. CV 04-09059
         vs.                                Case No. CV 05-02727
14
   MATTEL, INC., a Delaware                Hon. Stephen G. Larson
15  corporation,
                                           **PROOF OF SERVICE**
16            Defendant.

17                                          **Phase 2**
                                            Discovery Cut-off:  December 11, 2009
18                                          Pre-trial Conference:  March 1, 2010
                                            Trial Date:  March 23, 2010
19

20

21

22

23

24

25

26

27

28

07975/3073675.1                              -1-

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen years and not a party to the within action; my business address is 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543.

On August 28, 2009, I served true copies of the following document(s) described as on the parties in this action as follows: **MATTEL'S RESPONSES TO MGA ENTERTAINMENT (HK) LIMITED'S INTERROGATORY NOS. 1-25; MATTEL'S RESPONSES TO MGAE DE MEXICO'S INTERROGATORY NOS. 1-11**

on the parties in this action as follows:

| | |
|---|---|
| Skadden, Arps, Slate, Meagher & Flom LLP<br>  Thomas J. Nolan, Esq.<br>  Jason Russell, Esq.<br>300 South Grand Avenue, Suite 3400<br>Los Angeles, CA  90071<br>  tnolan@skadden.com<br>  jrussell@skadden.com | **Attorneys for *the MGA Parties*** |
| Orrick, Herrington & Sutcliffe, LLP<br>  William A. Molinski, Esq.<br>777 South Figueroa Street, Suite 3200<br>Los Angeles, CA 90017<br>  wmolinski@orrick.com | **Attorneys for *the MGA Parties*** |

**BY ELECTRONIC MAIL TRANSMISSION:**  By electronic mail transmission from debbieyeh@quinnemanuel.com on August 28, 2009, by transmitting a PDF format copy of such document(s) to each such person at the e-mail address listed below their address(es).  The document(s) was/were transmitted by electronic transmission and such transmission was reported as complete and without error.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on August 28, 2009, at Los Angeles, California.

1

2

_Debbie Yeh_

3

4    **BY PERSONAL SERVICE:**  I delivered such envelope(s) by hand to the

5    office of the person(s) being served.

6    I declare under penalty of perjury under the laws of the State of California

7    that the foregoing is true and correct.

8

9    By /s/ Pedro Miranda

10   Pedro Miranda
     Apex Attorney Service

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT G - PAGE 146

| | |
|---|---|
| Bingham McCutchen LLP<br>   Todd E. Gordinier, Esq.<br>   Peter N. Villar, Esq.<br>600 Anton Boulevard, 18th Floor<br>Costa Mesa, CA 92626-1924<br>   todd.gordinier@bingham.com<br>   peter.villar@bingham.com | **Attorneys for *the Omni 808 Investors, LLC*** |
| Orrick, Herrington & Sutcliffe, LLP<br>   Melinda Haag, Esq.<br>   Annette L. Hurst, Esq.<br>   Warrington S. Parker III, Esq.<br>The Orrick Building<br>405 Howard Street<br>San Francisco, CA 94105<br>   mhaag@orrick.com<br>   ahurst@orrick.com<br>   wparker@orrick.com | **Attorneys for *the MGA Parties*** |
| Scheper, Kim & Overland, LLP<br>   Mark E. Overland, Esq.<br>   Alexander H. Cote, Esq.<br>601 West Fifth Street, 12th Floor<br>Los Angeles, CA 90071<br>   moverland@obsklaw.com<br>   acote@obsklaw.com | **Attorneys for *Carlos Gustavo Machado Gomez*** |

    **BY ELECTRONIC MAIL TRANSMISSION:** By electronic mail transmission from debbieyeh@quinnemanuel.com on August 28, 2009, by transmitting a PDF format copy of such document(s) to each such person at the e-mail address listed below their address(es). The document(s) was/were transmitted by electronic transmission and such transmission was reported as complete and without error.

EXHIBIT G - PAGE 147
Case No. CV 04-9049 SGL (RNBx)
PROOF OF SERVICE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on August 28, 2009, at Los Angeles, California.

Debbie Yeh

-5-

EXHIBIT G - PAGE 148
Case No. CV 04-9049 SGL (RNBx)
PROOF OF SERVICE

# Exhibit H

## CONFIDENTIAL – ATTORNEYS' EYES ONLY

## FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

Case 2:04-cv-09049-DOC-RNB     Document 7140     Filed 11/06/2009     Page 1 of 1

Name & Address:
L. Kieran Kieckhefer (State Bar No. 251978)
Orrick, Herrington & Sutcliffe LLP
1000 Marsh Road
Menlo Park, CA  94025
Telephone: 650-614-7400
Facsimile: 650-614-7401

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARTER BRYANT, an individual, | CASE NUMBER: |
| PLAINTIFF(S) | CV 04-9049-DOC (RNBx) |
| v. | |
| MATTEL, INC., a Delaware Corporation, | NOTICE OF MANUAL FILING |
| DEFENDANT(S). | |

PLEASE TAKE NOTICE:

The above-mentioned cause of action has been designated as an electronically filed case. In accordance with General Order 08-02 and Local Rule 5-4 the following document(s) or item(s) will be manually filed. **List Documents:**
Exhibit A, B, C, H and K to the Declaration of Warrington Parker III in Support of MGA Parties' Motion for Pre-Trial Conference and for Order Requiring Mattel to File a Rico Case Statement

**Document Description:**

☐ Administrative Record

☐ Exhibits

☐ Ex Parte Application for authorization of investigative, expert or other services pursuant to the Criminal Justice Act [see Local Civil Rule 79-5.4, Documents to be excluded, (h)]

☑ Other  See document listed above.

**Reason:**

☑ Under Seal

☐ Items not conducive to e-filing (i.e., videotapes, CDROM, large graphic charts)

☐ Electronic versions are not available to filer

☐ Per Court order dated _____

☐ Manual Filing required (*reason*):

| | |
|---|---|
| November 6, 2009 | /s/ L. Kieran Kieckhefer |
| Date | Attorney Name |
| | MGA Parties |
| | Party Represented |

Note:   File one Notice in each case, each time you manually file document(s).

# Exhibit I

1 QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
   John B. Quinn (Bar No. 090378)
2   johnquinn@quinnemanuel.com
   Michael T. Zeller (Bar No. 196417)
3   (michaelzeller@quinnemanuel.com)
   Jon D. Corey (Bar No. 185066)
4   (joncorey@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
5 Los Angeles, California  90017-2543
   Telephone:  (213) 443-3000
6 Facsimile:   (213) 443-3100

7 Attorneys for Mattel, Inc.

8

9              UNITED STATES DISTRICT COURT

10            CENTRAL DISTRICT OF CALIFORNIA

11                   EASTERN DIVISION

12 CARTER BRYANT, an individual,        CASE NO. CV 04-9049 SGL (RNBx)

13          Plaintiff,                  Consolidated with
                                        Case No. CV 04-9059
14      vs.                             Case No. CV 05-2727

15 MATTEL, INC., a Delaware             MATTEL, INC.'S FIRST SET OF
   corporation,                         INTERROGATORIES (PHASE 2)
16
            Defendant.
17

18 AND CONSOLIDATED ACTIONS

19

20

21 PROPOUNDING PARTY:  MATTEL, INC.

22 RESPONDING PARTY:      MGA ENTERTAINMENT, INC., MGA

23                        ENTERTAINMENT (HK) LIMITED, MGAE de

24                        MEXICO, S.R.L. de C.V., and ISAAC LARIAN

25 SET NO.:               ONE (PHASE 2)

26

27

28

00505.07209/3083682.2

1    Pursuant to <u>Federal Rule of Civil Procedure</u> 33, Mattel, Inc. ("Mattel")

2    hereby requests that counter-defendants MGA Entertainment, Inc., MGA

3    Entertainment (HK) Limited, MGAE de Mexico, S.R.L. de C.V. and Isaac Larian

4    ("Counter-Defendants") each answer the following Interrogatories, separately and

5    fully, in writing and under oath, within 30 days after service hereof.  Counter-

6    Defendants shall be obligated to supplement their responses to the Interrogatories at

7    such times and to the extent required by the <u>Federal Rules of Civil Procedure</u>.

8                                    **Definitions**

9    1.    "MGA" means MGA Entertainment, Inc. and any PERSON

10   acting directly or indirectly by, through, under or on behalf of MGA Entertainment,

11   Inc., including but not limited to current or former directors, officers, employees,

12   agents, partners, joint ventures, contractors, attorneys, accountants, or

13   representatives of MGA Entertainment, Inc. and any current or former corporation,

14   partnership, association, trust, parent, subsidiary, division, AFFILIATE,

15   predecessor-in-interest and successor-in-interest, and any other PERSON acting on

16   its behalf, pursuant to its authority or subject to its control.

17   2.    "MGA HONG KONG" means MGA Entertainment (HK)

18   Limited and any PERSON acting directly or indirectly by, through, under or on

19   behalf of MGA Entertainment (HK) Limited, including but not limited to current or

20   former directors, officers, employees, agents, partners, joint ventures, contractors,

21   attorneys, accountants, or representatives of MGA Entertainment (HK) Limited and

22   any current or former corporation, partnership, association, trust, parent, subsidiary,

23   division, AFFILIATE, predecessor-in-interest and successor-in-interest, and any

24   other PERSON acting on its behalf, pursuant to its authority or subject to its control.

25   3.    "MGA MEXICO" means MGAE de Mexico, S.R.L. de C.V. and

26   any PERSON acting directly or indirectly by, through, under or on behalf of MGAE

27   de Mexico, S.R.L. de C.V., including but not limited to current or former directors,

28   officers, employees, agents, partners, joint ventures, contractors, attorneys,

1  accountants, or representatives of MGAE de Mexico, S.R.L. de C.V. and any

2  current or former corporation, partnership, association, trust, parent, subsidiary,

3  division, AFFILIATE, predecessor-in-interest and successor-in-interest, and any

4  other PERSON acting on its behalf, pursuant to its authority or subject to its control.

5       4.   "LARIAN" means Isaac Larian and any PERSON acting directly

6  or indirectly by, through, under or on behalf of Isaac Larian, including but not

7  limited to current or former employees, agents, partners, joint ventures, contractors,

8  attorneys, accountants, or representatives of Isaac Larian and any current or former

9  corporation, partnership, association, trust, parent, subsidiary, division,

10  AFFILIATE, and any other PERSON acting on his behalf, pursuant to his authority

11  or subject to his control.

12       5.   "YOU" and "YOUR" mean MGA, MGA HONG KONG, MGA

13  MEXICO and LARIAN, individually.

14       6.   "MATTEL" means Mattel, Inc., its current employees, officers,

15  directors, agents, representatives, attorneys, parents, subsidiaries, divisions,

16  AFFILIATES, predecessors-in-interest and successors-in-interest, and any other

17  PERSON acting on its behalf, pursuant to its authority or subject to its control.

18       7.   "PERSON" or "PERSONS" means any natural person,

19  association, partnership, corporation, joint venture, government entity, organization,

20  trust, institution, proprietorship, or any other entity recognized as having an

21  existence under the laws of the United States or any other nation.

22       8.   "AFFILIATE" or "AFFILIATES" means any corporation,

23  limited liability company, association, proprietorship, d/b/a, partnership, joint

24  venture and/or business entity of any kind that, directly or indirectly, in whole or in

25  part, owns or controls, is under common ownership or control with, or is owned or

26  controlled by a PERSON, party, or entity, including without limitation, each parent,

27  subsidiary and joint venture of such PERSON, party or entity.

28

9.     "REFER OR RELATE" to means any and all of the following terms and their synonyms:  refer to, relate to, discuss, constitute, evidence, pertain to, mention, support, contradict, negate, bear on, touch on, contain, embody, reflect, identify, state, deal with, concern, comment on, respond to, relevant to, or describe.

10.     "COMMUNICATION" or "COMMUNICATIONS" means and includes any disclosure, transfer or exchange of information between two or more PERSONS, whether orally or in writing, including without limitation, any conversation or discussion by means of meeting, letter, telephone, note, memorandum, telegraph, telex, telecopier, electronic mail, or any other electronic or other medium, including without limitation in written, audio or video form.

11.     "DOCUMENT" or "DOCUMENTS" means all "writings" and "recordings" as those terms are defined in Rule 1001 of the Federal Rules of Evidence and Rule 34 of the Federal Rules of Civil Procedure and shall include all writings, including but not limited to handwriting, typewriting, printing, image, photograph, photocopy, digital file of any kind, transmittal by (or as an attachment to) electronic mail (including instant messages and text messages) or facsimile, video and audio recordings, and every other means of recording upon any tangible thing, any form of COMMUNICATION or representation, and any record thereby created, regardless of the manner in which the record has been stored, and all non-identical copies of such DOCUMENTS, in the possession, custody, or control of YOU, YOUR counsel, or any other PERSON acting on YOUR behalf.

12.     "COUNTERCLAIMS" means Mattel's Third Amended Answer and Counterclaims dated May 22, 2009, and any amendments or supplementations thereto.

13.     "SHAREHOLDER" or "SHAREHOLDERS" means any current or former owner or holder, or purported owner or holder, of shares or other form of equity or ownership interest, whether voting or non-voting, in MGA or any MGA entity.

14.     "CREDITOR or LENDER" or "CREDITORS or LENDERS" means any current or former holder or holders or purported holder or holders of certificates, notes, or any other financial or debt instrument issued by MGA, or any current or former lenders, creditors or participants in any syndicated loans or financing to MGA, or any MGA entity.

15.     "LARIAN FAMILY MEMBER OR AFFILIATE" means and includes (a) Isaac Larian, (b) any family member of Isaac Larian, including but not limited to Angela Larian, Jahangir Eli Makabi, Shirin Larian Makabi, Jasmine Larian, Jason Larian, Farhad Larian, Aghdas Larian, Metatia Larian, Elias Larian, Shoreh Larian, Leon Neman, Yeoel Neman, and John Neman, (c) any AFFILIATE of any of them, including but not limited to IGWT Group, LLC and IGWT 826 Investments, LLC, and (d) any trust or foundation in which any of them is the grantor, beneficiary or trustee, including but not limited to The Makabi Living Trust, The Larian Living Trust, The Angela Larian Qualified Annuity Trust, The Isaac E. Larian Qualified Annuity Trust, The Jahangir Eli Makabi Qualified Annuity Trust, The Shirin Larian Makabi Qualified Annuity Trust, and the Isaac and Angela Larian Foundation.

16.     "FINANCING PARTICIPANTS" means (a) Omni 808 Investors LLC, Neil Kadisha, Moinian Development Group, LLC, Joseph Moinian, Leon Neman, Yoel Neman, Joel Neman, Vision Capital, LLC, Lexington Financial Ltd., Arsalan Gozini, the Arsalan Gozini Charitable Lead Annuity Trust, Elahe Pezeshkifar, David Nazarian, the David & Angella Nazarian Family Trust, Fred Farhanik, Benjamin Nazarian, Gold Leaf Investments, LP, Omni TMG LLC, OmniNet Capital, LLC, IGWT 826 Investments, LLC, and the individual variously identified by Leon Neman and Fred Mashian as Perviz and/or Perry Samouhi or Samoui, (b) any AFFILIATE of any of the foregoing, and (c) any trust or foundation in which any of them is the grantor, beneficiary or trustee.

17.     "ITEM OF VALUE" means any and all articles, units, goods, commodities, property, products, services, assistance, shares, stocks, bonds, financial instruments, indebtedness, debt forgiveness, promissory note, credit, capital and currency, in any form, or any other tangible or intangible matter that have current, past or future material worth, monetary worth or use, of any type and in any amount.  Gifts of individual units of manufactured MGA products that are not intended for re-transfer, that were not and have not been re-transferred and that do not exceed $500 in retail value in total may be excluded from this Definition.

18.     "PAYMENT" or "PAYMENTS" means the transfer of, in any manner, money or any other ITEM OF VALUE, or any promise, agreement, proposal or offer to pay money or any ITEM OF VALUE, including, but not limited to, bonuses, shareholder distributions, interest payments and principal repayment.

19.     "ACCESS" means actual or potential access or exposure, whether or not a DOCUMENT or other information was actually reviewed, considered or examined by the PERSON with access.  By way of example, and without limitation, a PERSON has ACCESS to information if the PERSON has actually accessed or reviewed it, or has the capability of accessing or exposing himself or herself to the information whether or not the information was actually reviewed.

20.     "NET PRICE" means the price charged by YOU net of any discounts and allowances.

21.     "GROSS PRICE" means the price charged by YOU before any discounts or allowances.

22.     "PRICE" means both (1) NET PRICE and (2) GROSS PRICE, separately.

23.     "IDENTITY" or "IDENTIFY" means the following:

(a)     with reference to an individual or individuals, it means to state, fully and separately as to each, such individual's full name, any known

1  business title, current or last known business affiliation, current or last known

2  residential address, current or last known business address, current or last known

3  relationship to MGA, and current or last known telephone number.

4          (b)    with reference to an entity or entities, it means to state,

5  fully and separately as to each, such entity's full name, state (or country) of

6  incorporation or organization, present or last known address, and present or last

7  known telephone number.

8          (c)    with reference to any DOCUMENT or DOCUMENTS, it

9  means to describe each DOCUMENT by Bates number.  In the event that a

10  DOCUMENT does not have a Bates number, IDENTIFY means, with respect to

11  each such DOCUMENT, to provide a complete description of it such that it may be

12  the subject of a request for the production of documents, including by stating the

13  date, identity of the author, addressee(s), signatories, parties, or other PERSONS

14  identified therein, its present location or custodian and a description of its contents.

15          (d)    with reference to any PAYMENT, it means to state the

16  amount of the payment or the value of the item, the IDENTITY of the payor, the

17  IDENTITY of the payee, the IDENTITY of the PERSON on whose behalf it is

18  being made, the IDENTITY of the PERSON on whose behalf it is being received,

19  the date(s) on which such payment was paid, promised, agreed to be paid, proposed

20  or offered, the nature of the method of payment (e.g., cash, check) and any

21  identifying information accompanying such payment (e.g., check number), the

22  IDENTITY of each bank or financial institution involved therein, the IDENTITY of

23  all DOCUMENTS that REFER or RELATE TO such PAYMENT, and the

24  IDENTITY of all PERSONS who have or may have knowledge or information

25  regarding such payment.

26          (e)    with reference to any COMMUNICATION or

27  COMMUNICATIONS, it means to describe each COMMUNICATION by Bates

28  number.  In the event that a COMMUNICATION does not have a Bates number,

1    IDENTIFY means, with respect to each such COMMUNICATION, to state, fully

2    and separately as to each, the date of the COMMUNICATION; the location of the

3    COMMUNICATION, if in person, or the method of COMMUNICATION if not in

4    person, e.g., facsimile, electronic mail, telephone; each PERSON who made, heard,

5    sent or received the COMMUNICATION, including each PERSON's name, current

6    or last known title, current or last known business affiliation, current or last known

7    relationship to YOU, current or last known residential and business address, and

8    current or last known telephone number; and the complete content of each

9    COMMUNICATION.

10           24.    "TRADE SECRET" means, for purposes of these interrogatories,

11   the DOCUMENTS referenced below, including any information contained therein:

12           TX 5-52, 62-1, 624, 5-74, 62-11, 10537, 15180, 5-75, 62-12, 10538, 15181,

13   5-111, 708, 5-112, 62-13, 5-113, 5-114, 62-14, 62-15, 1152-1, 1152-2, 10613, 1328,

14   10033-3, 10033-4; TX 5-88, 35-1, 35-3, 5-101, 1327, 10153-3, 10153-4; TX 5-35,

15   757; TX 5-36, 701, 702; TX 5-37, 703; TX 5-38, 762; TX 5-43, 709; TX 5-46, 710;

16   TX 5-49, 704; TX 5-50, 705; TX 5-53, 1152-5, 1152-6, 10534, 15175; TX 5-54, 62-

17   2, 620, 774, 775; TX 5-55, 62-3, 785, 1152-9; TX 5-56, 764, 15176; TX 5-57, 776,

18   777; TX 5-58, 765, 15177; TX 5-59, 739, 740; TX 5-60, 761; TX 5-61, 62-4, 782,

19   796-1, 1748; TX 5-62, 62-5, 621, 767, 768, 5-71, 62-10, 770, 1752-1; TX 5-63, 758,

20   759, 760; TX 5-64, 62-6, 795, 1152-14, 1750; TX 5-65, 1152-7, 1152-8, 11789; TX

21   5-66, 794, 1152-13; TX 5-67, 62-7, 784, 1152-11, 1152-12, 10535; TX 5-68, 62-8,

22   781, 786, 790, 1751-4; TX 5-69, 11788, 5-70, 62-9, 623, 783; TX 5-72, 1152-15,

23   1152-16, 10536, 15179; TX 5-73, 741, 742; TX 5-76, 706; TX 5-77, 707; TX 5-78,

24   10539, 18501; TX 5-136, 711; TX 10579, 18281; TX 15172; TX 3-1, 779, 780, 1-1,

25   2-1, 778; TX 3-2, 726, 727, 728, 1-4, 2-5; TX 3-3, 1152-19, 1152-20, 11838, 15182,

26   1-6, 2-10, 5-104, 10544; TX 3-5, 791, 1-8, 2-2; TX 3-6, 11837, 15184, 1-7, 2-8,

27   743, 744, 5-107, 1152-17, 1152-18, 10547; TX 3-8, 789, 1-11, 2-9, 734, 5-106,

28   10546; TX 3-9, 788, 1-10, 2-6, 746,  5-103, 10543; TX 3-10, 735, 736; TX 3-12,

1 | 792, 1-3, 2-7, 5-102, 10542; TX 3-13, 793, 1-5, 2-3, 10-3; TX 5-79, 1-9, 2-4, 737,

2 | 10545, 5-105; TX 1-2; TX 3-11,; TX 5-26, 712; TX 5-27, 713; TX 5-81, 720; TX 5-

3 | 82, 715; TX 5-83, 723; TX 3-4, 5-84, 716, 717; TX 3-7, 5-85, 718, 719, 10-2, 63-1;

4 | TX 5-80, 721, 722, 5-86; TX 5-87, 5-108, 724, 725; TX 5-34; TX 5-89, 35-2, 323-

5 | 32, 323-33; TX 1107, 10638; TX 1108, 10639; TX 1109, 771; TX 1110, 773; TX 5-

6 | 14, 10515; TX 5-18, 10518; TX 5-19, 10519; TX 5-28, 10526; TX 5-30; TX 5-95;

7 | TX 5-96; TX 5-99; TX 323-18; TX 323-19; TX 323-26; TX 1136; The Three

8 | Dimensional Item Presented at the Meeting where Mr. Bryant Pitched Bratz to

9 | MGA Entertainment, Inc.; M 0079231; M 0030851–M 0030959; M 0030960–M

10 | 0030965; M 0030966–M 0030967; M 0030968–M 0030969; M 0030970–M

11 | 0030971; M 0030972; M 0030973–M 0030992; M 0030993; M 0030994; M

12 | 0030995–M 0031016; M 0031017–M 0031031; M 0031032–M 0031061; M

13 | 0031062–M 0031099; M 0031100–M 0031113; M 0031114–M 0031141; M

14 | 0031142–M 0031153; M 0031154–M 0031162; M 0031163–M 0031172; M

15 | 0031173; M 0031174–M 0031206; M 0031207–M 0031223; M 0031224–M

16 | 0031229; M 0031230–M 0031243; M 0031244–M 0031247; M 0031248–M

17 | 0031253; M 0031254–M 0031258; M 0031259–M 0031262; M 0031263; M

18 | 0031264; M 0031265; M 0031266; M 0031267; M 0031268; M 0031269; M

19 | 0031270–M 0031273; M 0031274–M 0031278; M 0031279–M 0031280; M

20 | 0031281–M 0031282; M 0031283–M 0031291; M 0031292–M 0031380; M

21 | 0031381–M 0031470; M 0032001–M 0032009; M 0032010–M 0032057; M

22 | 0032058; M 0032059–M 0032070; M 0032071–M 0032288; M 0032289; M

23 | 0032290–M 0032317; M 0032318; M 0019162–M 0019365; M 0019366–M

24 | 0019374; M 0019375–M 0019491; M 0019492–M 0019586; M 0019587–M

25 | 0022008; M 0022009–M 0026076; M 0026077–M 0029024; M 0029025–M

26 | 0029042; M 0029043–M 0029044; M 0029045–M 0029050; M 0029051–M

27 | 0029053; M 0029054–M 0029225; M 0029226–M 0030163; M 0030164–M

28 | 0030173; M 0030174–M 0030183; M 0030184–M 0030240; M 0030241–M

1 | 0030253; M 0030254–M 0030260; M 0030261–M 0030268; M 0030269–M

2 | 0030278; M 0030279–M 0030439; M 0030440–M 0030441; M 0030442–M

3 | 0030470; M 0030471–M 0030501; M 0030502–M 0030504; M 0030505–M

4 | 0030575; M 0030576; M 0030577–M 0030608; M 0030609; M 0030610–M

5 | 0030625; M 0030626–M 0030674; M 0030675–M 0030754; M 0030755–M

6 | 0030756; M 0030757–M 0030769; M 0030770–M 0030782; M 0030783–M

7 | 0030788; M 0030789–M 0030799; M 0030800–M 0030834; M 0030835; M

8 | 0030836–M 0030838; M 0030839–M 0030841; M 0030842–M 0030845; M

9 | 0030846–M 0030850; M 0031471–M 0031473; M 0031474–M 0031485; M

10 | 0031486–M 0031503; M 0031504–M 0031612; M 0031613–M 0031860; M

11 | 0031861–M 0031862; M 0031863–M 0031864; M 0031865–M 0031919; M

12 | 0031920–M 0031924; M 0031925–M 0032000; M 0059836–M 0059837; M

13 | 0076432–M 0076442; M 0076443–M 0076446; M 0075253–M 0075260; M

14 | 0075261–M 0075277; M 0075278–M 0075289; M 0075290–M 0075307; M

15 | 0075308–M 0075309; M 0075310–M 0075315; M 0075316–M 0075317; M

16 | 0075318–M 0075322; M 0075323–M 0075324; M 0075325; M 0075326–M

17 | 0075328; M 0075329–M 0075333; M 0075334–M 0075375; M 0075376–M

18 | 0075378; M 0075379–M 0075380; M 0075381–M 0075384; M 0075385; M

19 | 0075386–M 0075388; M 0075389; M 0075390; M 0075391; M 0075392–M

20 | 0075398; M 0075399–M 0075400; M 0075401–M 0075407; M 0075408; M

21 | 0075409–M 0075416; M 0075417–M 0075420; M 0075421; M 0075422–M

22 | 0075469; M 0075470–M 0075490; M 0075491–M 0075494; M 0075495–M

23 | 0075515; M 0075516–M 0075531; M 0075532–M 0075552; M 0075553–M

24 | 0075572; M 0075573; M 0075574–M 0075594; M 0075595–M 0075616; M

25 | 0075617; M 0075618–M 0075619; M 0075620–M 0075635; M 0075636–M

26 | 0075654; M 0075655–M 0075661; M 0075662–M 0075699; M 0075700–M

27 | 0075709; M 0075710–M 0075713; M 0075714–M 0075775; M 0075776–M

28 | 0075780; M 0075781–M 0075798; M 0075799–M 0075842; M 0075843–M

1  0075906; M 0075907–M 0075949; M 0075950–M 0076018; M 0076019; M

2  0076020–M 0076132; M 0076133–M 0076143; M 0076144–M 0076145; M

3  0076146–M 0076148; M 0076149–M 0076155; M 0076156–M 0076169; M

4  0076170–M 0076171; M 0076172–M 0076196; M 0076197–M 0076215; M

5  0076216–M 0076250; M 0076251–M 0076264; M 0076265–M 0076279; M

6  0076280; M 0076281–M 0076311; M 0076312–M 0076362; M 0076363–M

7  0076370; M 0076371; M 0076372–M 0076425; M 0076426–M 0076427; M

8  0076428–M 0076431; M 0076171.01; M 0098687–M 0098688; M 0098689–M

9  0098697; M 0098698–M 0098723; M 0098724–M 0098771; M 0098772–M

10  0098832; M 0098833–M 0098846; M 0098847–M 0098865; M 0098866–

11  0098879; M 0098884–M 0098933; M 0098934–M 0098936; M 0098937–M

12  0098971; M 0098972–M 0099436; M 0099437–M 0099439; M 0099440–M

13  0099448; M 0099449–M 0099461; M 0099462–M 0099471; M 0099472–M

14  0099476; M 0099477–M 0099493; M 0099494–M 0099529; M 0099530–M

15  0099594; M 0099595–M 0099597; M 0099598–M 0099601; M 0099602–M

16  0099618; M 0099619–M 0099628; M 0099629–M 0099656; M 0099657–

17  0099665; M 0099666–M 0099725; M 0099726–M 0100622; M 0100623–M

18  0100645; M 0100646–M 0100653; M 0100654–M 0100695; M 0100696–M

19  0100698; M 0100699–M 0100700; M 0100701–M 0100735; M 0100736–

20  0100741; M 0100742–M 0100774; M 0100775–M 0100778; M 0100779–M

21  0100780; M 0100781; M 0100782; M 0100783–M 0100789; M 0100790–M

22  0100795; M 0100796–M 0100858; M 0100859–M 0100868; M 0100869–

23  0100878; M 0100879–M 0100891; M 0100892–M 0100905; M 0100906–M

24  0100918; M 0100919–M 0100932; M 0100933–M 0100941; M 0100942–M

25  0100952; M 0100953; M 0100954–M 0100955; M 0100956–M 0100983; M

26  0100984–M 0101013; M 0101014–M 0101064; M 0101065; M 0101069–M

27  0101128; M 0114282–M 0114417; M 0114418–M 0114423; M 0115386–M

28  0115551; M 0115552–M 0116039; M 0116040–M 0116111; M 0116112–M

1   0116129; M 0116130–M 0116135; M 0116136–M 0116143; M 0116144–M

2   0116171; M 0116172–M 0116253; M 0116254–M 0116335; M 0116336–M

3   0116379; M 0116380–M 0116595; M 0116596–M 0116769; M 0116770–M

4   0116801; M 0116812–M 0116867; M 0116868–M 0116871; M 0116872–M

5   0116893; M 0116894–M 0116945; M 0117002–M 0117083; M 0117084–M

6   0117101; M 0117102–M 0117113; M 0117114–M 0117125; M 0117126–M

7   0117311; M 0117312–M 0117325; M 0117326–M 0117329; M 0117330–M

8   0117351; M 0117352–M 0117369; M 0117370–M 0117385; M 0117386–M

9   0117395; M 0117396–M 0117405; M 0117406–M 0117421; M 0117422–M

10  0117443; M 0117444–M 0117539; M 0117540–M 0117633; M 0117634–M

11  0117733; M 0117734–M 0117743; M 0117766–M 0117807; M 0117808–M

12  0117903; M 0117904–M 0117937; M 0117938–M 0118035; M 0118036–M

13  0118125; M 0118126–M 0118189; M 0118190–M 0118397; M 0118398–M

14  0118431; M 0118432–M 0118491; M 0118492–M 0118499; M 0118500–M

15  0118537; M 0118538–M 0118553; M 0118554–M 0118567; M 0118568–M

16  0118573; M 0118574–M 0118579; M 0118580–M 0118639; M 0118640–M

17  0118643; M 0118644–M 0118653; M 0118654–M 0118667; M 0118668–M

18  0118675; M 0118676–M 0118683; M 0118684–M 0118687; M 0118688–M

19  0118915; M 0118916–M 0118997; M 0118998–M 0119079; M 0119080–M

20  0119165; M 0119306–M 0119309; M 0119312–M 0119317; M 0119320–M

21  0119351; M 0119354–M 0119413; M 0119416–M 0119421; M 0119714–M

22  0119925; M 0119928–M 0119935; M 0119990–M 0119991; M 0119998–M

23  0120073; M 0120084–M 0120109; M 0120114–M 0120139; M 0120142–M

24  0120169; M 0120172–M 0120197; M 0120200–M 0120227; M 0120230–M

25  0120255; M 0120258–M 0120285; M 0120288–M 0120315; M 0120318–M

26  0120345; M 0120348–M 0120375; M 0120446–M 0120465; M 0120474–M

27  0120475; M 0120482–M 0120489; M 0120494–M 0120495; M 0120498–M

28  0120499; M 0120506–M 0120589; M 0120600–M 0120603; M 0120612–M

-12-

MATTEL. INC.'S FIRST SET OF INTERROGATORIES (PHASE 2)
EXHIBIT I - PAGE 220

1  0120613; M 0120624–M 0121019; M 0121032–M 0121035; M 0121042–M

2  0121043; M 0121046–M 0121159; M 0121182–M 0121183; M 0121184–M

3  0121219; M 0121228–M 0121321; M 0121346–M 0121347; M 0121348–M

4  0121349; M 0121352–M 0121375; M 0121384–M 0121385; M 0121414–M

5  0121415; M 0121494–M 0121495; M 0121514–M 0121517; M 0121524–M

6  0121843; M 0121868–M 0121869; M 0121874–M 0121931; M 0121950–M

7  0121953; M 0121964–M 0121977; M 0121984–M 0122039; M 0122046–M

8  0122105; M 0122112–M 0122113; M 0122126–M 0122155; M 0122164–M

9  0122203; M 0122212–M 0122243; M 0122258–M 0122315; M 0122326–M

10  0122339; M 0122380–M 0122477; M 0122982–M 0123051; M 0123072–M

11  0123077; M 0123090–M 0123167; M 0123170–M 0123173; M 0123196–M

12  0123211; M 0123214–M 0123375; M 0123428–M 0123461; M 0123466–M

13  0123475; M 0123480–M 0123485; M 0123492–M 0123663; M 0123666–M

14  0123687; M 0123688–M 0123723; M 0123724–M 0123727; M 0123728–M

15  0123729; M 0123730–M 0123733; M 0123746–M 0123799; M 0123814–M

16  0123847; M 0126762–M 0126977; M 0126980–M 0126991; M 0126992–M

17  0126995; M 0126996–M 0126999; M 0127000–M 0127003; M 0127004–M

18  0127005; M 0127008–M 0127323; M 0127326–M 0127349; M 0127368–M

19  0127385; M 0127388–M 0127407; M 0127410–M 0127411; M 0127414–M

20  0127479; M 0127482–M 0127495; M 0127496–M 0127499; M 0127506–M

21  0127511; M 0127512–M 0127517; M 0127520–M 0127555; M 0127558–M

22  0127569; M 0127570–M 0127579; M 0127582–M 0127591; M 0127608–M

23  0127611; M 0127614–M 0127615; M 0127628–M 0127629; M 0127632–M

24  0127633; M 0127636–M 0127637; M 0127640–M 0127641; M 0127644–M

25  0127651; M 0127652–M 0127661; M 0127664–M 0127677; M 0127684–M

26  0127689; M 0127690–M 0127695; M 0127698–M 0127733; M 0127736–M

27  0127747; M 0127748–M 0127757; M 0127760–M 0127769; M 0127786–M

28  0127789; M 0127792–M 0127793; M 0127810–M 0127811; M 0127814–M

1  0127815; M 0127818–M 0127819; M 0127822–M 0127829; M 0127830–M

2  0127839; M 0127842–M 0127845; M 0127848–M 0127851; M 0127900–M

3  0128077; M 0128078–M 0128257; M 0128486–M 0128489; M 0128800–M

4  0128805; M 0128806–M 0128813; M 0129412–M 0129415; M 0129416–M

5  0129439; M 0129440–M 0129443; M 0129598–M 0129599; M 0129724–M

6  0129807; M 0130108–M 0130185; M 0130186–M 0130187; M 0130188–M

7  0130193; M 0130194–M 0130201; M 0130202–M 0130205; M 0130206–M

8  0130209; M 0130210–M 0130217; M 0130218–M 0130265; M 0130266–M

9  0130267; M 0130268–M 0130401; M 0181612–M 0181622; M 0452081–M

10  0452094; M 0452049–M 0452079; M 0452080; M 0631098–M 0631187; M

11  0889872–M 0889967; M 0889968–M 0890029; M 0890030–M 0890077; M

12  0890078–M 0890246; M 0890247–M 0890364; M 0890365–M 0890636; M

13  0890637–M 0890873; M 0890878–M 0890880; M 0890881; M 0890882; M

14  0890883; M 0890884–M 0890885; M 0890886–M 0890887; M 0890888–M

15  0890889; M 0890890–M 0890891; M 0890892–M 0890893; M 0890894; M

16  0890895–M 0890899; M 0890900–M 0890901; M 0890902–M 0890933; M

17  0890934–M 0890937; M 0890938–M 0890939; M 0890940–M 0890944; M

18  0890945–M 0890948; M 0890949; M 0890950–M 0890952; M 0890953–M

19  0890959; M 0890960–M 0890963; M 0890964–M 0890975; M 0890976–M

20  0890987; M 0890988; M 0890989; M 0890990–M 0890992; M 0890993–M

21  0890994; M 0890995–M 0890996; M 0890997–M 0890998; M 0890999–M

22  0891010; M 0891011–M 0891020; M 0891021–M 0891023; M 0891024–M

23  0891025; M 0891026; M 0891027; M 0891028–M 0891036; M 0891037–M

24  0891045; M 0891046–M 0891048; M 0891049–M 0891053; M 0891054–M

25  0891063; M 0891064–M 0891075; M 0891076–M 0891109; M 0891110–M

26  0891112; M 0891113; M 0891114–M 0891125; M 0891126–M 0891141; M

27  0891142–M 0891145; M 0891146–M 0891149; M 0891150–M 0891153; M

28  0891154–M 0891157; M 0891158–M 0891161; M 0891162–M 0891164; M

1   0891165–M 0891170; M 0891171–M 0891173; M 0891174–M 0891178; M

2   0891179–M 0891183; M 0891184–M 0891185; M 0891186–M 0891198; M

3   0891199; M 0891200–M 0891220; M 0891221–M 0891222; M 0891223; M

4   0891224; M 0891225; M 0891226; M 0891227–M 0891228; M 0891229; M

5   0891230; M 0891231; M 0891232; M 0891233; M 0891234; M 0891235; M

6   0891236; M 0891237; M 0891238; M 0891239; M 0891240–M 0891302; M

7   0891397–M 0891398; M 0891399–M 0891402; M 0891403–M 0891405; M

8   0891406–M 0891408; M 0891409–M 0891411; M 0891412–M 0891414; M

9   0891415–M 0891417; M 0891418–M 0891420; M 0891421–M 0891423; M

10  0891424; M 0891425–M 0891426; M 0891427–M 0891449; M 0891450–M

11  0891452; M 0891453–M 0891459; M 0891460–M 0891470; M 0891471; M

12  0891472–M 0891475; M 0891476–M 0891477; M 0891478; M 0891479; M

13  0891480–M 0891488; M 0891489–M 0891490; M 0891491–M 0891494; M

14  0891495–M 0891496; M 0891497; M 0891498–M 0891500; M 0891501–M

15  0891502; M 0891503–M 0891504; M 0891505–M 0891522; M 0891523–M

16  0891525; M 0891526–M 0891528; M 0891529–M 0891532; M 0891533–M

17  0891536; M 0891537–M 0891538; M 0891539; M 0891540–M 0891542; M

18  0891543–M 0891544; M 0891545–M 0891549; M 0891550–M 0891570; M

19  0891571–M 0891574; M 0891575–M 0891576; M 0891577; M 0891578–M

20  0891610; M 0891611–M 0891613; M 0891614–M 0891623; M 0891624–M

21  0891635; M 0891636–M 0891646; M 0891647–M 0891659; M 0891660–M

22  0891670; M 0891671–M 0891683; M 0891684–M 0891691; M 0891692–M

23  0891770; M 0891771–M 0891787; M 0891788–M 0891809; M 0891810; M

24  0891811; M 0891812; M 0891813; M 0891814; M 0891815; M 0891816; M

25  0891817; M 0891818; M 0891819; M 0891820; M 0891821; M 0891822; M

26  0891823; M 0891824; M 0891825; M 0891826; M 0891827; M 0891828; M

27  0891829–M 0891838; M 0891839; M 0891840; M 0891841; M 0891842; M

28  0891843–M 0891850; M 0891851; M 0891852; M 0891853; M 0891854; M

MATTEL. INC.'S FIRST SET OF INTERROGATORIES (PHASE 2)
EXHIBIT I - PAGE 223

1   0891855; M 0891856; M 0891857; M 0891858–M 0891859; M 0891860; M

2   0891861; M 0891862; M 0891863; M 0891864; M 0891865–M 0891866; M

3   0891867–M 0891871; M 0891872–M 0891878; M 0891879–M 0891881; M

4   0891882–M 0891898; M 0891899–M 0891906; M 0891907–M 0891918; M

5   0891919–M 0891928; M 0891929–M 0891944; M 0891945–M 0891994; M

6   0891995–M 0892011; M 0892012–M 0892055; M 0892056–M 0892064; M

7   0892065–M 0892066; M 0892067–M 0892069; M 0892070–M 0892073; M

8   0892074–M 0892075; M 0877616–M 0878363; M 0878364–M 0878372; M

9   0878373–M 0878376; M 0878377–M 0879372; M 0879373–M 0879374; M

10  0879375–M 0879376; M 0879377–M 0879378; M 0879379–M 0879380; M

11  0879381–M 0880616; M 0880617–M 0880728; M 0880729–M 0880906; M

12  0880907–M 0880916; M 0880917–M 0881054; M 0881055–M 0881274; M

13  0881275–M 0881558; M 0881559–M 0881660; M 0881661–M 0881779; M

14  0881780–M 0881791; M 0881792–M 0881793; M 0881794; M 0881795–M

15  0881937; M 0881938–M 0881978; M 0881979–M 0881980; M 0881981–M

16  0882168; M 0882169–M 0882356; M 0882357–M 0882544; M 0882545–M

17  0882732; M 0882733–M 0882920; M 0882921–M 0883108; M 0883109–M

18  0883296; M 0883297–M 0883484; M 0883485–M 0883768; M 0883769–M

19  0883773; M 0883774–M 0883776; M 0883777–M 0883779; M 0883780–M

20  0883781; M 0883782; M 0883783–M 0883948; M 0883949–M 0883976; M

21  0883977–M 0884556; M 0884557–M 0884558; M 0884559–M 0884628; M

22  0884629–M 0887171; M 0887172–M 0887176; M 0887186–M 0888984; M

23  0888985–M 0888988; M 0888989–M 0888990; M 0888991–M 0888992; M

24  0888993–M 0888994; M 0888995–M 0889132; M 0889133–M 0889134; M

25  0889138–M 0889280; M 0889281–M 0889468; M 0889469–M 0889656; M

26  0889657–M 0889659; M 0889660; M 0889661; M 0889662; M 0889667–M

27  0889670; M 0889671–M 0889857; M 0889861; M 0896240–M 0896255; M

28  0896256–M 0896264; M 0896265–M 0896274; M 0896275–M 0896284; M

1   0896285–M 0896320; M 0896321–M 0896392; M 0896393–M 0896469; M

2   0896470–M 0896480; M 0896481–M 0896488; M 0896489–M 0896546; M

3   0896547–M 0896586; M 0896587–M 0896646; M 0896647–M 0896690; M

4   0896691–M 0896720; M 0896721–M 0896729; M 0896730–M 0896737; M

5   0896738–M 0896740; M 0896741–M 0896800; M 0896801–M 0896871; M

6   0896956–M 0896959; M 0896960–M 0896960; M 0896961–M 0896961; M

7   0896962–M 0896962; M 0896963–M 0896963; M 0896964–M 0896964; M

8   0896965–M 0896965; M 0896966–M 0896966; M 0896967–M 0896967; M

9   0896968–M 0896968; M 0896969–M 0896969; M 0896970–M 0896970; M

10  0896971–M 0896971; M 0896972–M 0896972; M 0896973–M 0896986; M

11  0896987–M 0896987; M 0896988–M 0896999; M 0897009–M 0897012; M

12  0897013–M 0897017; M 0897018–M 0897023; M 0897024–M 0897029; MGA

13  0104856–MGA 0104973; M 0924334–M 0924341; M 0924342–M 0924360; M

14  0924361–M 0924373; M 0924374–M 0924392; M 0924393–M 0924395; M

15  0924396–M 0924402; M 0924403–M 0924405; M 0924406–M 0924411; M

16  0924412–M 0924414; M 0924415–M 0924416; M 0924417–M 0924420; M

17  0924421–M 0924426; M 0924427–M 0924469; M 0924470–M 0924473; M

18  0924474–M 0924476; M 0924477–M 0924481; M 0924482–M 0924483; M

19  0924484–M 0924487; M 0924488–M 0924489; M 0924490–M 0924491; M

20  0924492–M 0924493; M 0924494–M 0924508; M 0924509–M 0924512; M

21  0924513–M 0924515; M 0924516–M 0924520; M 0924521–M 0924528; M

22  0924529–M 0924530; M 0924531–M 0924539; M 0924540–M 0924544; M

23  0924545–M 0924546; M 0924547–M 0924548; M 0924549–M 0924554; M

24  0924555–M 0924603; M 0924610–M 0924611; M 0924612–M 0924633; M

25  0924634–M 0924638; M 0924667–M 0924688; M 0924689–M 0924693; M

26  0924694–M 0924698; M 0924699–M 0924715; M 0924716–M 0924736; M

27  0924737–M 0924757; M 0122900–M 0122901; M 0122904–M 0122947; M

28  0122950–M 0122955; M 0122958–M 0122979; MGA 0104974–MGA 0105030;

1  MGA 0105031–MGA 0105092; MGA 0105094–MGA 0105104; MGA 0105105–

2  MGA 0105139; MGA 0105140–MGA 0105832; MGA 0105833–MGA 0105835;

3  MGA 0105836–MGA 0105864; MGA 0105873–MGA 0105926; MGA 0105929–

4  MGA 0105935; MGA 0105947–MGA 0105951; MGA 0105955–MGA 0105972;

5  MGA 0105973–MGA 0105975; MGA 0105978–MGA 0106094; MGA 0106095–

6  MGA 0110278; MGA 0110279–MGA 0110294; MGA 0110298–MGA 0110299;

7  MGA 0110300–MGA 0110306; MGA 0110307–MGA 0110313; MGA 0110346–

8  MGA 0110400; MGA 0110407–MGA 0110432; MGA 0110433–MGA 0110514;

9  MGA 0110515–MGA 0110518; MGA 0110522–MGA 0110523; MGA 0110524–

10  MGA 0110572; MGA 0110573; MGA 0110593; MGA 0110601–MGA 0110606;

11  MGA 0110607–MGA 0110678; MGA 0110679; MGA 0110680–MGA 0110688;

12  MGA 0110691–MGA 0110699; MGA 0110704; MGA 0110705–MGA 0110720;

13  MGA 0110721–MGA 0110728; MGA 0110729–MGA 0110805; MGA 0110806–

14  MGA 0110810; MGA 0110811–MGA 0110819; MGA 0110821–MGA 0111036;

15  MGA 0111038–MGA 0111076; MGA 0111077–MGA 0111090; MGA 0111091–

16  MGA 0111121; MGA 0111122–MGA 0111207; MGA 0111208–MGA 0111225;

17  MGA 0111226–MGA 0111231; MGA 0111232–MGA 0111243; MGA 0111244–

18  MGA 0112679; MGA 0112680–MGA 0113114; MGA 0113115–MGA 0117043;

19  MGA 0117044–MGA 0120325; MGA 0120326–MGA 0122551; MGA 0122552–

20  MGA 0124236; MGA 0124237–MGA 0126396; MGA 0126397–MGA 0128556;

21  MGA 0128557–MGA 0129614; MGA 0129615–MGA 0130672; MGA 0130673–

22  MGA 0132832; MGA 0132833–MGA 0133923; MGA 0133924–MGA 0136083;

23  MGA 0136084–MGA 0136200; MGA 0136201–MGA 0136213; MGA 0136214–

24  MGA 0137233; MGA 0137234–MGA 0137244; MGA 0137245–MGA 0137250;

25  MGA 0137251–MGA 0137255; MGA 0137256–MGA 0137341; MGA 0137342–

26  MGA 0139151; MGA 0139152–MGA 0139167; MGA 0139168–MGA 0139170;

27  MGA 0139171–MGA 0139204; MGA 0139205–MGA 0139208; MGA 0139209;

28  MGA 0139370–MGA 0139533; MGA 0139534–MGA 0139552; MGA 0139553–

-18-

1  MGA 0139568; MGA 0139664–MGA 0139730; MGA 0139731–MGA 0139746;

2  MGA 0139747–MGA 0139748; MGA 0139749–MGA 0139768; MGA 0139769–

3  MGA 0139792; MGA 0139793–MGA 0139815; MGA 0139931–MGA 0139948;

4  MGA 0140007–MGA 0140029; MGA 0140128–MGA 0140147; MGA 0140148–

5  MGA 0140166; MGA 0140282–MGA 0140348; MGA 0140349–MGA 0140366;

6  MGA 0301512–MGA 0301518; MGA 0301531; MGA 0887318–MGA 0887328;

7  MGA 1135355–MGA 1135359; MGA 1769044–MGA 1769046; MGA 3815506.

8       25.    "Any" as used in these interrogatories includes the word "all,"

9  and the word "all" as used in these interrogatories includes the word "any."

10      26.    The singular form of a noun or pronoun includes within its

11 meaning the plural form of the noun or pronoun so used, and vice versa; the use of

12 the masculine form of a pronoun also includes within its meaning the feminine  form

13 of the pronoun so used, and vice versa; the use of any tense of any verb includes

14 within its meaning all other tenses of the verb so used, whenever such construction

15 results in a broader request for information; and "and" includes "or" and vice versa,

16 whenever such construction results in a broader disclosure of documents or

17 information.

18      **Instructions**

19      A.    When an interrogatory requests disclosure of a

20 COMMUNICATION or other information as to which YOU claim any privilege or

21 protection as a ground for nondisclosure, identify each PERSON who participated in

22 or had knowledge of the COMMUNICATION or other information and also provide

23 the following:

24      (i)    the privilege or protection that YOU claim precludes disclosure;

25      (ii)    the subject matter of the COMMUNICATION or information

26 (without revealing the content as to which the privilege is claimed); and

27      (iii)    any additional facts or grounds on which YOU base YOUR

28 claim of privilege or protection.

-19-

B.      When an interrogatory requests that YOU provide information, YOU are required to supply all information known by or available to YOU or YOUR employees, officers, directors, agents representatives, attorneys and experts. If YOU cannot completely answer the interrogatory after making diligent efforts to do so, please so state.  Then describe in detail all efforts made to answer the interrogatory; identify every PERSON involved in such efforts; and state the additional information YOU need, if any, to respond completely to the interrogatory.

**Interrogatories**

INTERROGATORY NO. 1:

IDENTIFY all PAYMENTS YOU have made, directly or indirectly, to SHAREHOLDERS since January 1, 2004.

INTERROGATORY NO. 2:

IDENTIFY all PAYMENTS YOU have made, directly or indirectly, to CREDITORS or LENDERS, including but not limited to Omni 808 Investors, LLC, since January 1, 2004.

INTERROGATORY NO. 3:

IDENTIFY all PAYMENTS YOU have made, directly or indirectly, to any LARIAN FAMILY MEMBER OR AFFILIATE since January 1, 2004.

INTERROGATORY NO. 4:

IDENTIFY all PAYMENTS YOU have made, directly or indirectly, to any of the FINANCING PARTICIPANTS, or which any of the FINANCING PARTICIPANTS have made, directly or indirectly, to YOU, since January 1, 2001.

MATTEL. INC.'S FIRST SET OF INTERROGATORIES (PHASE 2)

EXHIBIT I - PAGE 228

00505.07209/3083682.2

1  INTERROGATORY NO. 5:

2         To the extent not identified in response to Interrogatory Nos. 1 through

3  4, IDENTIFY all PAYMENTS YOU have made of more than $50,000.00, directly

4  or indirectly, to anyone since January 1, 2006.

5

6  INTERROGATORY NO. 6:

7         IDENTIFY each PERSON who has had ACCESS to each TRADE

8  SECRET, including (a) the TRADE SECRET to which each such PERSON has had

9  access; and (b) the date or dates on which each PERSON had this access.

10

11  INTERROGATORY NO. 7:

12         IDENTIFY, with particularity, all COMMUNICATIONS between

13  YOU (including YOUR agents and attorneys) and law enforcement authorities in

14  Mexico, Canada, or the United States, including but not limited to the United States

15  Attorney's Office, the Department of Justice and any national, regional, state or local

16  authorities, that REFER OR RELATE to any of the allegations set forth in

17  MATTEL'S COUNTERCLAIMS or responses to interrogatories or any other

18  alleged taking of MATTEL confidential or trade secret information by MGA or

19  persons currently or formerly employed by MGA.

20

21  INTERROGATORY NO. 8:

22         Separately state, by customer and SKU, the PRICE for each product

23  sold by YOU from January 1, 2001 to the present, the dates on which each such

24  product was sold at such PRICE and, for each such date, the number of units of each

25  such product sold at such PRICE.

26

27

28

00505.07209/3083682.2

-21-

1  INTERROGATORY NO. 9:

2          Describe, with specificity, each and every DOCUMENT or other item

3  or matter that was or could have been relevant to this action, or had or could have

4  had any connection with this action, that was destroyed, lost, altered, modified,

5  tampered with, redacted, deleted or otherwise spoliated by or on YOUR behalf

6  (excepting DOCUMENTS which have been redacted for production to MATTEL in

7  this action and clearly marked as such), and IDENTIFY all PERSONS who have or

8  may have knowledge of the foregoing and all DOCUMENTS that REFER OR

9  RELATE to the foregoing.

10

11  DATED:  September 11, 2009          QUINN EMANUEL URQUHART OLIVER & HEDGES. LLP

12

13                                      By_B. Dylan Proctor  VAL

14                                        B. Dylan Proctor
                                          Attorneys for Mattel. Inc.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# Exhibit J

┌─────────────────────────────────────────────────────────────────┐
│                                                                   │
│                        OFFICE OF THE CLERK                        │
│                                                                   │
│           U.S. COURT OF APPEALS FOR THE NINTH CIRCUIT             │
│                                                                   │
│              95 SEVENTH STREET, P.O. BOX 193939                   │
│                                                                   │
│                         SAN FRANCISCO                             │
│                                                                   │
└─────────────────────────────────────────────────────────────────┘

## NOTICE OF CASES SET FOR HEARING

Your case has been set for hearing as indicated on the attached calendar. Please take special note of the time and place of hearing. In order that the court may make proper arrangements for oral argument, it is essential that you immediately complete the attached acknowledgment of hearing notice and return it to the Clerk's Office email OR street address provided. The acknowledgment of hearing notice may **not** be filed electronically via the ECF system.

In preparing for oral argument, the parties should be guided by Rule 34 of the Federal Rules of Appellate Procedure. The following information is provided to ensure the effectiveness of the hearing process:

**Possibility of Mootness or Settlement** - If your case has become moot or a settlement is imminent, immediately advise the Clerk's office in writing and **BY TELEPHONE**. For ECF-registered parties, this must be filed electronically as "Correspondence to Court."

**Notification of Related Cases** - If you are aware of other cases pending in this court which are related to and which should be calendared with your case(s) on the attached calendar, please notify this office.

**Admission for Oral Argument** - Any attorney who will be presenting oral argument must have been admitted to the bar of this court. **The forms necessary for admission may be obtained through the court's website [ www.ca9.uscourts.gov ] under Forms. If you have not been admitted, or need to verify you have applied, please call the Attorney Admissions Inquiry line at (415) 355-7800 and leave the requested information.** While admission in open court on the day of hearing is discouraged, you may elect such an admission procedure. Candidates for admission in open court must appear in the Clerk's Office with a sponsor who has already been admitted to the bar of the circuit, and who can orally move the admission before the calendar is called.

**Submission Without Oral Argument** - A party who feels that oral argument would not be of assistance to the court may present a written motion asking the court to submit the case on the briefs for decision without oral argument. Such a motion must be served on all parties. For ECF-registered parties, this motion must be filed electronically. The court may, on its own motion, determine that oral argument would not be of assistance. In such cases, all parties will be advised by separate notice pursuant to Fed. R. App. P. 34(a).

[email: pas_ca09calendar@ca9.uscourts.gov    Subject: PAS Hearing Notice]

12/01/09

www.ca9.uscourts.gov

**Appearing for Argument** - If oral argument is to be presented, please register with the courtroom deputy in the courtroom posted for your case 30 minutes before the time of the hearing. All parties for all cases must be registered and present at the time the session is convened.

**Hearing Order of Cases** - Cases are generally heard in the order in which they appear on the calendar. On the other hand, a panel may elect to poll the calendar prior to the commencement of argument and to rearrange the order of cases based on the projected length of the argument. Nevertheless, parties in the first case should be prepared to begin argument immediately after the court is convened in the event that the entire calendar is not polled.

**Limitation of Argument Time** - Argument time in cases on the calendar which are identified with an asterisk (*) is limited to 10 minutes per side. In all other cases, oral argument time is limited to 20 minutes per side. The limitations may be modified by the panel at the time of hearing.

**Subject of Oral Argument** - At the time of hearing, the judges of the panel will have studied the briefs and the excerpts of record and will be familiar with the facts and issues of the case. Argument should be devoted to clarifying issues as needed and to responding to questions raised by the judges of the panel.

**Presenting Additional Citations** - Additional citations of relevant decisions rendered since the filing of the party's last brief -or after oral argument but before decision- may be submitted by letter, showing proof of service on all counsel and parties not represented by counsel. For ECF-registered parties, this letter must be filed electronically, but if filed by paper, **only the** original must be submitted to the court. The letter must state the reasons for the citations, referring to either the page of the brief or to a point argued orally. The body of the letter must not exceed 350 words. Any response must be made promptly and similarly limited. [FRAP 28j, Cir. R. 28-6]

**Identity of Panel Members** - Not earlier than the week before the court week in which your case will be heard, the names of judges hearing the currently calendared cases will be announced. The names will be posted on the public bulletin board of the Clerk's Office of your local U.S. District Court and on this Court's web page. You may also determine the names of the judges by submitting with the enclosed acknowledgment form, a self-addressed, postage-paid envelope and a card listing the case number, date and time of hearing. We will write the names of the judges hearing your case on this card and mail it to you at the same time that the official calendars are mailed to the District Court Clerk's Offices for posting.    [ www.ca9.uscourts.gov ]

**Continuances** - After a case has been calendared, continuances are not granted except for a showing of extraordinarily good cause. If oral argument is essential but you find it impossible to be present, you must, immediately after receipt of this hearing notice, submit a formal motion and supporting affidavit for continuance. For ECF-registered parties, this motion must be filed electronically. Presentation of the motion does not ensure that the continuance is granted. The court will not consider the motion for continuance after the identity of the panel of judges has been divulged.

[email:  pas_ca09calendar@ca9.uscourts.gov    Subject: PAS Hearing Notice]

Case 2:04-cv-09049-DOC-RNB Document 7141-9 Filed 11/06/09 Page 69 of 74   Page ID
#:251092
Case 2:04-cv-09049-DOC-RNB Document 7141-9 Filed 11/06/09 Page 3 of 8   Page ID #:13581

## DRIVING DIRECTIONS TO COURTHOUSE

The Richard H. Chambers U.S. Court of Appeals Building is located at 125 South Grand
Avenue, in Pasadena, California.

From downtown Los Angeles, take the Pasadena Freeway (110) to the Orange Grove Blvd.
exit.  Go north on Orange Grove approximately two miles and turn left on Maylin Street or
Del Rosa Drive one block to Grand Avenue.

From the west via the Ventura Freeway (134), exit Colorado/Orange Grove Blvd. exit.
Go south (right) on Orange Grove to Green Street.  Turn right one block to Grand Avenue.

From the east via the Foothill Freeway (210) exit at Orange Grove Blvd., go south (left) on
Orange Grove to Green Street.  Turn right one block to Grand Avenue.

Park in the lot across from the Richard H. Chambers U.S. Court of Appeals Building.



[email:  pas_ca09calendar@ca9.uscourts.gov     Subject:  PAS Hearing Notice]

UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

<u>Location of Hearing for the December Calendar</u>:                    <u>Corrected Notice</u>:

Richard H. Chambers US Court of Appeals Bldg.
125 South Grand Avenue
Pasadena, California  91105                                  October 30, 2009

☞☞  Picture ID <u>required</u> to enter Courthouse  ☜☜
COUNSEL WILL PLEASE CHECK-IN WITH THE DEPUTY IN THE COURTROOM
All CJA Counsel call (415) 355-7993  for travel authorization

Monday, December 7, 2009    9:30 a.m.    Courtroom 1

(    ) *  08-50527        United States v. Kohler
(    ) ~  08-50031)       United States v. Corona
         08-50032)       United States v. Corona
(    )    06-50607        United States v. Evans
(    )    06-50456)       United States v. Kloehn
         07-50274)

Monday, December 7, 2009    9:00 a.m.    Courtroom 2

(    ) *  07-55825        Clardy v. Castellaw
(    ) *  07-55838        Small v. Horel
(    ) *  07-56794        Torlucci v. Evans
(    ) ~  06-56093        Maxwell v. Roe
(    ) ~  09-55699        Pacific Sunwear v. Kira Plastinina
(    ) ~  09-55937        E! Entertainment TV v. Entm't One GP

Monday, December 7, 2009    9:00 a.m.    Courtroom 3

(    ) *  04-71791        Aivazova v. Holder
(    ) *  05-75584        Garcilazo-Cupa v. Holder
(    ) *  07-55522        Park v. Chertoff
(    ) *  08-56655        Jevne v. Lund
(    ) ~  07-56630        Holcomb v. New Castle Financial
(    )    08-56320        Association of Christian Schools v. Stearns

* MAX ARGUMENT TIME 10 MINS/SIDE   ~ MAX ARGUMENT TIME 15 MINS/SIDE
OTHER CASES 20 MINUTES PER SIDE

[email:  pas_ca09calendar@ca9.uscourts.gov    subject:  PAS Hearing Notice]
PLEASE RETURN ENCLOSED ACKNOWLEDGMENT NOTICE to CLERK'S OFFICE

www.ca9.uscourts.gov

Tuesday, December 8, 2009    9:30 a.m.    Courtroom 1

    (  ) *    05-73068        Chen v. Holder
    (  ) *    05-73200)       Bennani v. Holder
            05-75097)
    (  ) *    09-50324        United States v. Vasallo-Martinez
    (  ) ~    09-50059        United States v. Ramos
    (  ) ~    09-50151        United States v. Hernandez-Rivera
    (  ) ~    09-50020        United States v. Ochoa-Ramirez

Tuesday, December 8, 2009    9:00 a.m.    Courtroom 2

    (  ) *    07-74946        Gonzalez-Leyton v. Holder
    (  ) *    08-50554        United States v. Kelly-Palmer
    (  ) *    08-56056        Schulte v. City of Los Angeles
    (  ) ~    06-56703)       Lee v. TRW, Inc.
            06-56704)

    (  )      06-50717)       United States v. Garrido
            06-50718)       United States v. Robles

Tuesday, December 8, 2009    9:00 a.m.    Courtroom 3

    (  ) *    07-74899        Singh v. Holder
            08-74195)
    (  ) *    08-56258        Puente v. County of Los Angeles
    (  ) *    08-56303        Agadzhanyan v. Astrue
    (  ) ~    08-55861        Quiksilver, Inc. v. Kymsta Corp.
    (  ) ~    08-56307        Shaffy v. United Airlines, Inc.
    (  ) ~    08-56314)       Allied Orthopedic v. Tyco Health Care
            08-56315)

Wednesday, December 9, 2009    9:30 a.m.    Courtroom 1

    (  ) *    06-56352        Cervantez v. Pliler
    (  ) *    08-56357        Couch v. Telescope Inc.
    (  ) *    08-56360        Herbert v. Endemol USA Inc.
    (  ) ~    08-56423        Khatib v. County of Orange
    (  )      09-55673)       MGA Entertainment, Inc. v. Mattel, Inc.
            09-55812)

**\* MAX ARGUMENT TIME 10 MINS/SIDE  ~ MAX ARGUMENT TIME 15 MINS/SIDE**
**OTHER CASES 20 MINUTES PER SIDE**

[email:  pas_ca09calendar@ca9.uscourts.gov    subject:  PAS Hearing Notice]
PLEASE RETURN ENCLOSED ACKNOWLEDGMENT NOTICE to CLERK'S OFFICE
www.ca9.uscourts.gov

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

<u>Location of Hearing for the December Calendar</u>:        <u>Date of Notice</u>:
Richard H. Chambers US Court of Appeals Bldg.
125 South Grand Avenue
Pasadena, California  91105

☞☞  Picture ID <u>required</u> to enter Courthouse  ☜☜
COUNSEL WILL PLEASE CHECK-IN WITH THE DEPUTY IN THE COURTROOM
All CJA Counsel call (415) 355-7993  for travel authorization

Wednesday, December 9, 2009    9:00 a.m.    Courtroom 2

|   |   |   |   |
|---|---|---|---|
| ( | ) * | 05-72524 | Poulis v. Holder |
| ( | ) * | 05-72692 | Sulaiman v. Holder |
| ( | ) * | 05-73483) | Baban v. Holder |
|   |   | 05-76270) |   |
| ( | ) * | 05-74111 | Shaba v. Holder |
| ( | ) ~ | 08-55625) | Larin Corp. v. Mueller |
|   |   | 08-55790)   08-56191) |   |
| ( | ) | 08-56415) | Jewish War Veterans v. City of San Diego |
|   |   | 08-56436) |   |

Wednesday, December 9, 2009    9:00 a.m.    Courtroom 3

|   |   |   |   |
|---|---|---|---|
| ( | ) * | 05-72595 | Gonzalez v. Holder |
| ( | ) * | 07-70640 | Esquivel-Garcia v. Holder |
| ( | ) * | 08-56332 | Madani v. Shell Oil Co. |
| ( | ) * | 09-50197 | United States v. Felix-Olivas |
| ( | ) ~ | 09-50180 | United States v. Dierking |
| ( | ) | 08-55838 | FTC v. MacGregor |

Thursday, December 10, 2009    9:30 a.m.    Courtroom 1

|   |   |   |   |
|---|---|---|---|
| ( | ) * | 08-50182 | United States v. Collins |
| ( | ) * | 09-50259 | United States v. Hernandez-Ortega |
| ( | ) * | 09-50333 | United States v. Magana-Colin |
| ( | ) * | 09-56073 | Fine v. Sheriff of Los Angeles County |
| ( | ) ~ | 09-55791) | Jamison v. City of Los Angeles |
|   |   | 09-55792) |   |
| ( | ) | 08-56454) | World Wide Rush v. City of Los Angeles |
|   |   | 08-56523)   09-55494) |   |

**\* MAX ARGUMENT TIME 10 MINS/SIDE  ~ MAX ARGUMENT TIME 15 MINS/SIDE
+ MAX ARGUMENT TIME 30 MINS/SIDE   OTHER CASES 20 MINUTES PER SIDE
[email: <u>pas_ca09calendar@ca9.uscourts.gov</u>    subject:  PAS Hearing Notice]
PLEASE RETURN ENCLOSED ACKNOWLEDGMENT NOTICE to CLERK'S OFFICE**

Thursday, December 10, 2009   9:00 a.m.   Courtroom 2

(   ) *  05-70513     Mishustina v. Holder
(   ) *  05-72970     Kanhukamwe v. Holder
(   ) *  08-55534     Maxwell v. Roe
(   ) ~  05-56795)    United States v. Withers
         08-55096)
(   ) ~  08-50423     United States v. Isaacs
(   ) ~  08-56378     Kennedy v. Natural Balance Pet Foods, Inc.


Thursday, December 10, 2009   9:00 a.m.   Courtroom 3

(   ) *  08-50538     United States v. Juarez-Mendez
(   ) *  08-56374     Antoniewicz v. Astrue
(   ) *  09-50171     United States v. Geiger
(   ) ~  08-50534     United States v. Deshotels
(   ) ~  08-55249     Emery v. Clark
(   )~   08-50547)    United States v. Pereda-Rebollo
         08-50552)    United States v. Preciado


Friday, December 11, 2009   9:30 a.m.   Courtroom 1

(   ) *  04-73040     Chong v. Holder
(   ) *  07-74624     Alvarez-Enriquez v. Holder
(   ) *  05-72685     Dabo v. Holder
(   ) *  08-50088)    United States v. Hall
         08-50226)
(   ) *  09-50403     United States v. Casillas
(   ) *  07-56455     Rawls v. Hunter
(   ) ~  08-55277)    Mitchell v. MetLife
         08-55686)


Friday, December 11, 2009   9:00 a.m.   Courtroom 3

(   ) *  04-50266     United States v. Carey
(   ) *  07-50571     United States v. Stolte
(   ) *  07-50227     United States v. Shirazi
(   ) ~  07-50094     United States v. Johansen
         07-50095)    United States v. Standby Parts
(   ) ~  07-50576     United States v. Rodriguez
(   ) ~  08-50062     United States v. Mausali


[email:  pas_ca09calendar@ca9.uscourts.gov    subject:  PAS Hearing Notice]

Case 2:04-cv-09049-DOC-RNB Document 7141-9 Filed 11/06/09 Page 74 of 74 Page ID
#:251007
Case 2:05-cv-05673 1 1/02/2009 1 Page: 8 of 8 DktEntry: 9-13991

## OFFICE OF THE CLERK
## UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

<u>Return Notice To:</u>  **OFFICE OF THE CLERK**
**Richard H. Chambers U.S. Court of Appeals Building**
**125 SOUTH GRAND AVENUE**
**PASADENA, CA  91105**
**Phone: (626) 229-7250**
**Fax  (626) 229-7462    [Cir R 25-3.1]**

OR ➤ [email:  pas_ca09calendar@ca9.uscourts.gov    Subject: PAS Hearing Notice]

## <u>ACKNOWLEDGMENT OF HEARING NOTICE</u>

ATTENTION:  Calendar Clerk                    Date:_____

I acknowledge receipt of notice of assignment showing my case:

No._____

Title:_____

assigned for hearing:

Date:_____ Time:_____ Courtroom:_____

Location:_____

Counsel to Argue:  Name:_____

Address:_____

Phone:_____ Fax:  _____

Email:_____

Party(s) Represented:_____

Please indicate any special needs you may require in the courtroom:

_____

NOTE:    In the event that argument is to be presented "in pro per", please place party's name,
address and telephone number in the space provided for counsel.

☛Please submit a separate Notice of Appearance to the Clerk's Office for all counsel
who have not entered an appearance in the above referenced case(s).

## <u>ADMISSION STATUS</u>
(To Be Completed by Attorneys Only)

(  )   I certify that I am admitted to practice before this Court

(  )   I certify that I am generally qualified for admission to practice before the bar of the
Ninth Circuit and that I will immediately apply for admission.  ( forms available online )

Date:_____ Signature:_____
www.ca9.uscourts.gov

EXHIBIT J - PAGE 238