QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  (johnquinn@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation,<br><br>             Plaintiff,<br><br>     vs.<br><br>MGA ENTERTAINMENT, INC., a California corporation, et al.,<br><br>             Defendant.<br><br>AND CONSOLIDATED ACTIONS<br><br>[PUBLIC REDACTED] | CASE NO. CV 04-9049 DOC (RNBx)<br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>**DISCOVERY MATTER**<br><br>**[To Be Heard By Discovery Master Robert O'Brien]**<br><br>MATTEL, INC.'S OPPOSITION TO MGA ENTERTAINMENT, INC.'S MOTION TO CONFIRM OR COMPEL COMPLIANCE WITH THE DISCOVERY MASTER'S MAY 22, 2007 ORDER COMPELLING PRODUCTION OF DOCUMENTS AND FOR SANCTIONS<br><br>[Declaration of Robert J. Dart filed concurrently]<br><br>Hearing Date: TBD<br>Time:         TBD<br>Place:        Arent Fox LLP<br>              555 West Fifth St.<br>              48th Floor<br>              Los Angeles, CA 90013<br><br>**Phase 2**<br>Discovery Cut-off:   June 1, 2010<br>Pre-trial Conference: TBD<br>Trial Date:          TBD |

## Preliminary Statement

MGA seeks an Order compelling the production of documents responsive to Requests that were the subject of a May 22, 2007 Phase 1 Order. Mattel has complied with that Order by conducting a reasonable, diligent search and producing all responsive, non-privileged documents it located. Though MGA now falsely denies it, Mattel *specifically* confirmed this for MGA during the meet and confer process.[1] In light of that, this motion is, quite simply, a waste of time. And worse, it is a waste of time that seeks relief – a "certification" of the completeness of Mattel's production – that has been repeatedly rejected in this case as unwarranted under the <u>Federal Rules</u>. MGA does not even disclose these rulings, let alone show why it should be permitted to relitigate the issue yet again. MGA's motion should be denied, and sanctions should be imposed on MGA for the misleading, wasteful approach to litigation this motion reveals.

## Factual Background

In a series of meet and confer letters sent during July and August, 2009, MGA sought documents responsive to hundreds of Phase 1 Requests for Production, which it listed with no descriptions of the relevance of the Requests to Phase 2 issues and without even investigating the prior rulings on the requests.[2] The background to these improper meet and confer requests is set forth in detail in Mattel's Opposition to MGA's Motion to Compel Further Responses to MGA's

1  Requests for Production of Documents.[3] The facts pertinent to the motion at bar are
2  set forth below.

3          On July 28, 2009, MGA wrote to Mattel requesting a meet and confer
4  on approximately 450 Requests for Production,[4] all of which were served by MGA
5  during Phase 1.[5]  In response, Mattel informed MGA in response that numerous
6  requests listed in the July 28 letter had already been addressed in Phase 1 Orders –
7  and that MGA's motions on many of the Requests had been *denied*.[6]  Mattel also
8  requested that MGA explain the relevance of the Requests as required by the Court's
9  July 9, 2009 Order, issued just a month earlier.[7] MGA refused to make that
10 showing.[8]

11         Nevertheless, Mattel undertook a review, at great expense, to confirm
12 that it had produced all non-privileged documents it had located after a diligent,
13 reasonable search which were responsive to the Requests raised in that letter.[9]
14 Then, on August 19, 2009, Mattel specifically confirmed that, as to previously-
15 compelled requests, including those listed in MGA's motion, Mattel had produced
16 all responsive, non-privileged documents located after a reasonable, good faith

---

[REDACTED] letter from Ms. Rutowski to Mr. Corey, dated July 28, 2009, [REDACTED]

[5] Id.

[REDACTED]

[7] Id., ¶¶ 6-7; Discovery Master Stipulation and Order, dated December 6, 2006, [REDACTED] July 9, 2009 Order, at 4 (stating that moving parties "must bear the burden of establishing the discovery relevancy standard"), [REDACTED]

[9] Dart Decl., ¶ 2.

search.[10] Mattel requested that, if MGA contends that Mattel had failed to comply with Orders, MGA identify any Requests for which it had reason to believe Mattel had failed to comply.[11]

Mattel also again requested that MGA state the relevance of the Requests to Phase 2 issues as required, including in an August 20, 2009 letter.[12] Instead of doing so, MGA identified approximately 500 *additional* Phase 1 Requests for which it sought information from Mattel.[13] As explained in Mattel's Opposition to MGA's Motion to Compel Further Responses to MGA's Requests for Production of Documents, MGA also continued to ignore the prior Orders that Mattel had called to MGA's attention and even went so far as to demand that Mattel withdraw all objections that had been sustained by the prior Discovery Master.[14] Rather than address these issues, MGA sent new letters purporting to put yet more Requests at issue, ignoring both the prior rulings of the Discovery Master and Mattel's supplemental responses to the Requests.[15] Overall, MGA purported to put more than 900 requests for production from Phase 1 at issue in its letters of July and August 2009, all without articulating their alleged relevance to Phase 2 and while ignoring the applicable rulings on point.

As to the Requests listed in MGA's August 25 letter, Mattel previously had served written discovery responses for 42 of the 63 Requests listed stating that

---

████ letter from James Webster to William Molinksi, dated August 20, 2009, ████ letter from Diana Rutowski to James Webster, dated August 20, 2009, ████

[14] ████

[15] Webster Decl., ¶ 19; letter from Diana Rutowski to James Webster, dated August 25, 2009, Dart Decl., Exh. 1.

responsive, non-privileged documents would be produced.[16] On August 27, 2009, Mattel wrote MGA a letter informing MGA of this fact.[17] MGA did not respond to that letter.[18] Instead, on October 28, 2009, without responding to Mattel's August 27, 2009 letter and without engaging in any meet and confer regarding MGA's August 25, 2009 letter, MGA filed the instant motion.

## Argument

### I. MATTEL IS NOT WITHHOLDING NON-PRIVILEGED DOCUMENTS RESPONSIVE TO THE REQUESTS

#### A. Mattel Complied With The May 22, 2007 Order

MGA argues, with no citation or basis, that Mattel is "improperly using the stay" on Phase 2 discovery "to avoid its obligations to respond to discovery requests served before bifurcation."[19] That is false. Mattel has already confirmed to MGA that it has complied with prior orders compelling production of documents by producing all responsive, non-privileged documents located following a reasonable, diligent search.[20] Discovery Master Infante's May 22, 2007 Order required Mattel to produce non-privileged documents responsive to MGA's Requests Nos. 32, 33, 37, 39, 47, 59-67 and 102, with certain limitations.[21] Mattel has complied, and so advised MGA before it filed.

---

[16] Dart Decl., ¶ 4; Mattel's Third Supplemental Responses to MGA's First Set of Requests for Production of Documents and Things, dated January 19, 2009, Dart Decl., Exh. 2.
[17] Dart Decl., ¶ 5; letter from James Webster to Diane Rutowski, dated August 27, 2009, Dart Decl., Exh. 3.
[18] See Dart Decl., ¶ 6.
[19] MGA's Motion to Compel at p. 7.
[20] ■■■■■
[21] See May 22, 2007 Order, Molinski Decl., Ex. C.

00505.07975/3192085.1

-4-
[PUBLIC REDACTED] OPPOSITION TO MOTION TO COMPEL FURTHER RESPONSES

## B. As The Prior Discovery Master Already Ruled, Mattel Should Not Be Required to Certify its Production

Knowing this, MGA seeks to relitigate another failed argument by demanding that Mattel certify its compliance.[22] The prior Discovery Master denied MGA's request for that very relief *twice*; MGA's third request for the same relief should suffer the same fate.

In denying MGA's request for a certification as to Mattel's specific searches for responsive documents during Phase 1, the prior Discovery Master held that "the Federal Rules of Civil Procedure do not include any procedure for filing a motion to compel the type of certification MGA and Bryant now seek."[23] Likewise, when MGA sought such a certification for a second time in 2008, it was denied again.[24] In fact, in that Order, the prior Discovery Master rejected MGA's demand for a certification of compliance *as to the May 22, 2007 Order* – the very same Order MGA at issue now – on the basis that Mattel's extensive electronic searches had satisfied its requirements under that Order.[25] MGA's third request for relief for which there is no basis or authority under the Federal Rules of Civil Procedure should be rejected.[26]

---

[22] See MGA's Notice of Motion at p. 1; MGA's Motion to Compel at p. 3, 8, 9.
[23] See prior Discovery Master Infante's May 16, 2007 Order, Dart Decl., Exh. 4.
[24] See prior Discovery Master Infante's April 24, 2008 Order, Dart Decl., Exh. 5.
[25] Id.
[26] Aside from there being no applicable procedure for filing a motion to compel the type of certification MGA sought, and now seeks, the prior Discovery Master noted that the requested relief was "beyond the scope of" the prior Order compelling documents. See May 16, 2007 Order at p. 5, Dart Decl., Exh. 4. Likewise, the May 22, 2007 Order makes no mention of a special certification. See May 22, 2007 Order, Molinski Decl., Ex. C.

## II. MGA REFUSED TO MEET AND CONFER IN GOOD FAITH PRIOR TO FILING THE MOTION

MGA was required to meet and confer with Mattel in "good faith" regarding the Requests now at issue prior to filing a motion to compel. MGA has not even remotely done so. It consistently refused to even explain why the over 900 requests from Phase 1 it put at issue were relevant to Phase 2, as required by Judge Larson's July 9, 2009 Order.[27] It refused to even read Mattel's discovery responses before sending make-work meet and confer letters, as revealed by the dozens and dozens of Requests MGA has raised for which Mattel's written responses confirm its willingness to produce all responsive, non-privileged documents.[28] It demanded that Mattel withdraw objections that had been *sustained* already by the Discovery Master.[29] MGA persisted in all of its misguided positions even after Mattel notified it of the many problems inherent in them. In fact, MGA refused to narrow its

---

[27] See July 9, 2009 Order, at 4 (stating that moving parties "must bear the burden of establishing the discovery relevancy standard"), Webster Decl., Exh. 5.

[28] Specifically, MGA sought to put at issue Requests Nos. 44-46, 172-174, 180, 188, 190, 224-249, 258-261, 264-267, 269, 270, and 296 in Case No. CV 04-9059 NM. See letter from Diane Rutowski to James Webster, dated August 25, 2009, Dart Decl., Exh. 1. For each of those Requests, Mattel had already served discovery responses stating that "Mattel has produced those responsive, non-privileged documents that it was able to locate after a reasonable, good-faith search for and review of files that were reasonably likely to contain responsive documents bearing on the issues in this litigation." See Mattel's Third Supplemental Responses to MGA's First Set of Requests for Production of Documents and Things, dated January 19, 2008, Dart Decl., Exh. 2. MGA also sought to put at issue Requests Nos. 281, 282, 284, 285, in Case No. CV 04-9059 NM. See letter from Diane Rutowski to James Webster, dated August 25, 2009, Dart Decl., Exh. 1. Mattel's motion to reconsider the Order that had compelled production of those Requests was granted. See Order Granting in Part Mattel's Renewed Motion for Reconsideration, dated February 20, 2008, Dart Decl., Exh. 7.

[29] See letter from Diane Rutowski to James Webster, dated August 25, 2009, Dart Decl., Exh. 1.

1  demands as to the over 900 requests it put at issue *at all*, and then moved to compel
2  based on representations about Mattel's position that were flatly inconsistent with
3  those actually made by Mattel during the meet and confer process. And MGA
4  refused to even meet and confer with Mattel on the specific Requests at issue in this
5  motion, as discussed above.[30]

6  MGA's blunderbuss approach is improper. Neither the Discovery
7  Master nor Mattel should be required to do MGA's work for it. See, e.g., Discovery
8  Matter Order No. 3, dated March 10, 2009, Dart Decl., Exh. 8 ("Good faith cannot
9  be shown merely through perfunctory efforts; rather Federal Rule of Civil Procedure
10 37 mandates a genuine attempt to resolve the discovery dispute through non-judicial
11 means."); Robinson v. Potter, 453 F.3d 990, 995 (8th Cir. 2006) (affirming denial of
12 motion to compel where movant failed to show the parties met and conferred in
13 good faith); Navigant Marketing Solutions, Inc. v. Larry Tucker, Inc., 339 F.3d 180,
14 186-87 (3d Cir. 2003) (motion to compel was properly denied where movant's
15 counsel "failed to make a good faith effort to resolve discovery disputes prior to
16 invoking court intervention."). MGA's motion should be denied for its failure to
17 meet and confer in good faith alone.

18 **III.  MGA SHOULD BE SANCTIONED FOR FILING THIS VEXATIOUS**
19 **MOTION**

20 MGA's conduct is sanctionable, for three reasons. First, MGA has filed
21 a motion seeking documents it claims Mattel is withholding in violation of Court
22 Orders even though Mattel specifically told MGA it was not doing so during the
23 meet and confer process and even though MGA has no basis for its suggestion
24 otherwise. MGA's representations that Mattel is "relying on the stay" to withhold
25 documents are reckless at best, if not affirmative attempts to mislead the Discovery

---

[30] Id.; see also Dart Decl., ¶¶ 3-6.

1  Master.  Second, MGA's motion seeks a certification it sought and was denied twice
2  before, without even advising the Discovery Master of the prior rulings.  Third,
3  MGA failed to meet and confer in a proper way before this filing under any
4  standard.

5          Sanctions are appropriate under Rule 37(a)(1).  See Sure Safe
6  Industries, Inc. v. C & R Pier Mfg., 152 F.R.D. 625, 626 (S.D. Cal. 1993) (awarding
7  sanctions under Rule 37 for the filing of a frivolous motion to compel).  Sanctions
8  are also appropriate under 28 U.S.C. § 1927, which authorizes sanctions against an
9  attorney who "multiplies the proceedings in any case unreasonably and
10 vexatiously."  See Tenkku v. Normandy Bank, 348 F.3d 737, 743 (8th Cir. 2003)
11 ("Section 1927 warrants sanctions when an attorney's conduct 'viewed objectively,
12 manifests either intentional or reckless disregard of the attorney's duties to the
13 court.'") (quoting Perkins v. Spivey, 911 F.2d 22, 36 (8th Cir. 1990), cert. denied,
14 499 U.S. 920, 111 S.Ct. 1309, 113 L.Ed.2d 243 (1991)).  Because MGA has wasted
15 the Discovery Master and Mattel's time and resources and has unnecessarily
16 multiplied the proceedings, MGA should be sanctioned in the amount of $2,000,
17 which represents only a portion of the cost expended in responding to this motion.

18 **Conclusion**

19         For the reasons set forth above, MGA's Motion should be denied, and
20 MGA should be sanctioned for filing the instant motion.

21
22 DATED: November 6, 2009        QUINN EMANUEL URQUHART OLIVER &
                                                               HEDGES, LLP
23
24
25                                                By /s/ James J. Webster
26                                                   James J. Webster
                                                   Attorneys for Mattel, Inc.
27
28