# EXHIBIT 1



**ORRICK**

ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 MARSH ROAD
MENLO PARK, CA 94025
tel 650-614-7400
fax 650-614-7401
WWW.ORRICK.COM

August 25, 2009

Diana M. Rutowski
(650) 614-7685
drutowski@orrick.com

*VIA E-MAIL AND U.S. MAIL*

James J. Webster
Quinn Emanuel Urquhart Oliver & Hedges LLP
865 South Figueroa St., 10th Floor
Los Angeles, CA 90017

Re:    *Carter Bryant v. Mattel, Inc.*, and consolidated cases

Dear Mr. Webster:

During our meet and confer telephone call on August 19, 2009, we asked that you confirm compliance with prior court orders on motions to compel production in response to document requests served in Phase 1 seeking information discoverable in Phase 2. As you were unable provide confirmation during our call, you agreed to do so if we provided a list of the document requests at issue. Accordingly, we identify the following orders and document requests:

5/22/07 (RFPs served in 04-9049)

> Granted as to: 32 (as modified), 33 (as modified), 37, 39, 47 (as modified), 59-60, 61 (as modified), 62-67, 102

9/12/07 (RFPs served in 04-9059)

> Granted as to: 44-46 (as narrowed), 172-174, 180, 188, 190, 224-249, 258-261, 264-267 (as narrowed), 269-270, 281-282 (as narrowed), 284-285 (as narrowed), 296

OHS West:260715490.1

EXHIBIT ___1___

PAGE ___3___



ORRICK

James J. Webster
August 25, 2009
Page 2

We look forward to your prompt confirmation, in no more than five court days, that Mattel has complied fully with these orders and that no documents are being withheld in response to the requests (as modified by the court, if applicable) that are the subject to these orders, except on the grounds of attorney client privilege or work product.

Very truly yours,

/s/ Diana M. Rutowski

Diana M. Rutowski

DMR/ek

EXHIBIT ____1____

PAGE ____4____

# EXHIBIT 2

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
   John B. Quinn (Bar No. 090378)
2  johnquinn@quinnemanuel.com
   Michael T. Zeller (Bar No. 196417)
3  michaelzeller@quinnemanuel.com
   Jon D. Corey (Bar No. 185066)
4  joncorey@quinnemanuel.com
   Timothy L. Alger (Bar No. 160303)
5  timalger@quinnemanuel.com
   865 South Figueroa Street, 10th Floor
6  Los Angeles, California 90017-2543
   Telephone: (213) 443-3000
7  Facsimile: (213) 443-3100

8  Attorneys for Plaintiff and Counter-
   Defendant Mattel

9

10              UNITED STATES DISTRICT COURT

11              CENTRAL DISTRICT OF CALIFORNIA

12                   EASTERN DIVISION

13  CARTER BRYANT, an individual,        CASE NO. CV 04-09049 SGL (RNBx)

14              Plaintiff,               Consolidated with:
                                         Case No. CV 04-09059
15                                       Case No. CV 05-02727

16       v.                             MATTEL'S THIRD SUPPLEMENTAL
                                        RESPONSES TO MGA'S FIRST SET
17  MATTEL, INC., a Delaware            OF REQUESTS FOR PRODUCTION
    Corporation,
18

19              Defendant.

20

21  AND CONSOLIDATED ACTIONS

22

23

24

25

26

27                                      EXHIBIT ___2___

28                                      PAGE ___5___

    1-19

07209/2342869.1

MATTEL'S THIRD SUPP. RESP. TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

1 **Preliminary Statement**

2    Mattel hereby supplements its responses to certain requests in MGA's
3 First Set of Requests of Production pursuant to the Discovery Master's September
4 12, 2007 Order ("Order").

5    Mattel has not yet completed its investigation of the facts relating to
6 this action, has not yet reviewed all documents relating to this action, has not yet
7 interviewed all witnesses in this action, and has not yet received all requested
8 discovery from defendants and third parties with regard to this action. Indeed, facts
9 are coming to light with each passing day that are uniquely within the possession of
10 defendants MGA, Carter Bryant and others, which have been withheld by
11 defendants in violation of Court orders.

12    Consequently, Mattel reserves the right to amend and/or supplement its
13 responses as additional facts or documents are discovered, and if and when
14 defendants ultimately comply with Court orders. Mattel's responses are based on
15 facts and documents that Mattel identified as of the date of compliance stated in the
16 Order. The responses are not intended to, and will not, preclude Mattel from later
17 relying on facts discovered pursuant to further investigation or discovery or on
18 subsequently discovered or generated documents.

19    Mattel's partial response to any of the First Set of Requests for
20 Production of Documents and Things (the "Requests") is not to be construed as a
21 waiver of any of its objections or its right to object to any other request. Mattel's
22 agreement to produce responsive, non-privileged documents in response to a
23 specific Request does not constitute an admission by Mattel that such responsive,
24 non-privileged documents actually exist.

25    To the extent that any request calls for documents located on Mattel's
26 Zeus computer server, Mattel has discharged its obligation of search and production
27 by providing to MGA a file directory listing, pursuant to a meet-and-confer of
28 counsel for Mattel and MGA on December 14, 18, 26, 2007, and January 2, 2008.

-1-

EXHIBIT ____

PAGE    6

## **General Objections**

To the extent that Mattel's objections were not reached in the Order by the Discovery Master, Mattel continues to object generally to the Requests on each and every one of the following grounds, which are incorporated into and made a part of Mattel's response to each and every individual request:

1.      Mattel objects to the Requests on the grounds that they seek to impose obligations upon Mattel beyond those required or permitted by the <u>Federal Rules of Civil Procedure</u>.

2.      Mattel objects to the Requests on the grounds that they call for the disclosure of information subject to the attorney-client privilege, the work product doctrine and other applicable privileges, including without limitation the privilege against disclosure of the identities and work product of consulting experts. Such documents and information will not be produced.

3.      Mattel objects to the Requests on the grounds that they call for information that is not relevant to the claims or defenses of the pending action, nor reasonably calculated to lead to the discovery of admissible evidence.

4.      Mattel objects to the Requests on the grounds that they are unduly burdensome and vague and ambiguous in that they purport to require Mattel to identify and produce documents relating to matters that are currently known to and in the possession, custody and control of defendants and third parties, including third parties associated with defendants, and that are not known to Mattel.

5.      Mattel objects to the Requests on the grounds that they seek the production of documents or information that are in the possession, custody and control of independent parties over whom Mattel has no control, including without limitation defendants, and seek the disclosure of information or documents that are in the possession, custody and control of defendants or are publicly available and hence equally available to all parties to this litigation.

EXHIBIT _____ 2

PAGE _____ 7

1      6.     Mattel objects to the Requests on the grounds that they are
2  unduly burdensome and oppressive, including without limitation in seeking "all"
3  documents that evidence, refer or relate to a given topic.  Mattel has made available
4  for inspection and copying those non-privileged documents and tangible items that it
5  was able to locate after a reasonable, good-faith search for and review of files that
6  were reasonably likely to contain responsive documents and tangible things bearing
7  on the issues in this litigation.

8      7.     Mattel objects to the Requests on the grounds that they seek
9  documents whose production would violate the terms of agreements entered into
10  with third parties, or violate the privacy, contractual, or other rights of third parties.

11      8.     Mattel objects to the Requests on the grounds that the definition
12  of "Mattel" is overbroad, vague and ambiguous and unduly burdensome.

13      9.     Mattel objects to the Requests on the grounds that they seek
14  confidential, proprietary and trade secret information.  Such information, to the
15  extent it is relevant to this action and either has been or will be produced, has been
16  and will be produced only in reliance upon and pursuant to protective order.

17      10.    Mattel objects to the Requests on the grounds that they seek
18  documents containing confidential, proprietary and trade secret information, such as
19  current and future Mattel marketing and pricing plans and strategies, that have no
20  bearing on the claims or defenses in this matter.

21      11.    Mattel objects to each and every request to the extent that they
22  seek documents already produced in this action.  Documents previously produced
23  will not be produced again in response to these requests.

24      12.    Mattel objects to each Request seeking information on damages
25  on that grounds that it is premature in that it seeks expert discovery.  Such discovery
26  will be disclosed only at the time, and in the manner required by, the Rules and the
27  Court's Orders.  An acknowledgement by Mattel that it has or will produce
28

EXHIBIT _____ 2

1 | documents responsive to any request should not be construed as consent to
2 | premature disclosure of expert discovery.

3 |         13.    Mattel objects to each Request seeking information on damages
4 | on that grounds that it is premature and unreasonably burdensome in that such
5 | information is in the possession, custody and control of defendants and third parties
6 | associated with defendants but has not been disclosed by defendants and their
7 | associated third parties.

8 |

9 |         **SUPPLEMENTED RESPONSES TO REQUESTS FOR PRODUCTION**

10 |         To the extent that Mattel's objections were not reached in the Order by
11 | the Discovery Master, each of the following responses to the Requests is expressly
12 | made subject to the above Preliminary Statement and General Objections, all of
13 | which are incorporated in each of the following responses to specific requests.
14 | Mattel's responses are as of the date of compliance stated in the Order.

15 |

16 | AMENDED REQUEST NO. 44 (as stated in the Order):

17 |         All DOCUMENTS discussing or mentioning Isaac Larian, authored
18 | between June 2000 and October 2001, that concern, support, or refute MATTEL's
19 | contentions in this litigation.

20 |

21 | RESPONSE TO AMENDED REQUEST NO. 44:

22 |         In addition to the General Objections stated above, which are
23 | incorporated herein by reference, Mattel objects to this Request on the grounds that
24 | it calls for the disclosure of information subject to the attorney-client privilege, the
25 | attorney work-product doctrine and other applicable privileges.  Subject to the
26 | foregoing, and pursuant to the Order, including the limitation stated in the Order that
27 | MGA "seeks documents relevant to the claims and defenses in the case and [the
28 | request is] limited in subject matter as well as temporal scope," Mattel responds as

07209/2342869.1

-4-

EXHIBIT _____

PAGE _____ 9

1    follows: Mattel has produced those responsive, non-privileged documents that it
2    was able to locate after a reasonable, good-faith search for and review of files that
3    were reasonably likely to contain responsive documents bearing on the issues in this
4    litigation.

5

6    <u>AMENDED REQUEST NO. 45 (as stated in the Order)</u>:

7          All DOCUMENTS discussing or mentioning Paula Treantafellas,
8    authored between June 2000 and October 2001, that concern, support, or refute
9    MATTEL's contentions in this litigation.

10

11    <u>RESPONSE TO AMENDED REQUEST NO. 45</u>:

12          In addition to the General Objections stated above, which are
13    incorporated herein by reference, Mattel objects to this Request on the grounds that
14    it calls for the disclosure of information subject to the attorney-client privilege, the
15    attorney work-product doctrine and other applicable privileges. Subject to the
16    foregoing, and pursuant to the Order, including the limitation stated in the Order that
17    MGA "seeks documents relevant to the claims and defenses in the case and [the
18    request is] limited in subject matter as well as temporal scope," Mattel responds as
19    follows: Mattel has produced those responsive, non-privileged documents that it
20    was able to locate after a reasonable, good-faith search for and review of files that
21    were reasonably likely to contain responsive documents bearing on the issues in this
22    litigation.

23

24    <u>AMENDED REQUEST NO. 46 (as stated in the Order)</u>:

25          ALL DOCUMENTS discussing or mentioning Mercedah Ward,
26    authored between June 2000 and October 2001, that concern, support, or refute
27    MATTEL's contentions in this litigation.

EXHIBIT _____ 2

28

PAGE _____ 10

07209/2342869.1

-5-

1  RESPONSE TO AMENDED REQUEST NO. 46:

2        In addition to the General Objections stated above, which are
3  incorporated herein by reference, Mattel objects to this Request on the grounds that
4  it calls for the disclosure of information subject to the attorney-client privilege, the
5  attorney work-product doctrine and other applicable privileges.  Subject to the
6  foregoing, and pursuant to the Order, including the limitation stated in the Order that
7  MGA "seeks documents relevant to the claims and defenses in the case and [the
8  request is] limited in subject matter as well as temporal scope," Mattel responds as
9  follows:  Mattel has produced those responsive, non-privileged documents that it
10 was able to locate after a reasonable, good-faith search for and review of files that
11 were reasonably likely to contain responsive documents bearing on the issues in this
12 litigation.

13

14 REQUEST NO. 172:

15        All DOCUMENTS discussing, mentioning, relating or referring to any
16 decision or resolution of MATTEL's Board of Directors relating to litigation against
17 BRYANT.

18

19 SUPPLEMENTED RESPONSE TO REQUEST NO. 172:

20        In addition to the General Objections stated above, which are
21 incorporated herein by reference, Mattel objects to this Request on the grounds that
22 it calls for the disclosure of information subject to the attorney-client privilege, the
23 attorney work-product doctrine and other applicable privileges.  Subject to the
24 foregoing, and pursuant to the Order, Mattel responds as follows:  Mattel has
25 produced those responsive, non-privileged documents that it was able to locate after
26 a reasonable, good-faith search for and review of files that were reasonably likely to
27 contain responsive documents bearing on the issues in this litigation.

EXHIBIT ____ 2

28

PAGE ____ 11

MATTEL'S THIRD SUPP. RESP. TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

1 REQUEST NO. 173:

2            All DOCUMENTS discussing, mentioning, relating or referring to any

3 decision or resolution of MATTEL's Board of Directors relating to litigation against

4 MGA.

5

6 SUPPLEMENTED RESPONSE TO REQUEST NO. 173:

7            In addition to the General Objections stated above, which are

8 incorporated herein by reference, Mattel objects to this Request on the grounds that

9 it calls for the disclosure of information subject to the attorney-client privilege, the

10 attorney work-product doctrine and other applicable privileges. Subject to the

11 foregoing, and pursuant to the Order, Mattel responds as follows: Mattel has

12 produced those responsive, non-privileged documents that it was able to locate after

13 a reasonable, good-faith search for and review of files that were reasonably likely to

14 contain responsive documents bearing on the issues in this litigation.

15

16 REQUEST NO. 174:

17            All DOCUMENTS discussing, mentioning, relating or referring to any

18 decision or resolution of MATTEL's Board of Directors relating to litigation

19 involving BRATZ.

20

21 SUPPLEMENTED RESPONSE TO REQUEST NO. 174:

22            In addition to the General Objections stated above, which are

23 incorporated herein by reference, Mattel objects to this Request on the grounds that

24 it calls for the disclosure of information subject to the attorney-client privilege, the

25 attorney work-product doctrine and other applicable privileges. Subject to the

26 foregoing, and pursuant to the Order, Mattel responds as follows: Mattel has

27 produced those responsive, non-privileged documents that it was able to locate after

28                               EXHIBIT ___ ㇑

1  a reasonable, good-faith search for and review of files that were reasonably likely to
2  contain responsive documents bearing on the issues in this litigation.

3

4  REQUEST NO. 180:

5       All DOCUMENTS mentioning, referring or relating to BRYANT
6  including, but not limited to, BRYANT's personnel file and all DOCUMENTS on
7  MATTEL's Zeus computer system that mention BRYANT.

8

9  SUPPLEMENTED RESPONSE TO REQUEST NO. 180:

10      In addition to the General Objections stated above, which are
11  incorporated herein by reference, Mattel objects to this Request on the grounds that
12  it calls for the disclosure of information subject to the attorney-client privilege, the
13  attorney work-product doctrine and other applicable privileges.  Subject to the
14  foregoing, and pursuant to the Order, Mattel responds as follows:  Mattel has
15  produced those responsive, non-privileged documents that it was able to locate after
16  a reasonable, good-faith search for and review of files that were reasonably likely to
17  contain responsive documents bearing on the issues in this litigation.  To the extent
18  that responsive documents might be located on Mattel's Zeus computer server,
19  Mattel has discharged its obligation of search and production by providing to MGA
20  a file directory listing, pursuant to a meet-and-confer of counsel for Mattel and
21  MGA on December 14, 18, 26, 2007, and January 2, 2008.

22

23  REQUEST NO. 181:

24      All DOCUMENTS constituting, evidencing, referring to or reflecting
25  BRYANT's work at MATTEL, including the projects he worked on.

26

27

28

EXHIBIT ___ 2

PAGE ___ 13

07209/2342869.1

-8-

1 | SUPPLEMENTED RESPONSE TO REQUEST NO. 181:

2       In addition to the General Objections stated above, which are
3 incorporated herein by reference, Mattel objects to this Request on the grounds that
4 it calls for the disclosure of information subject to the attorney-client privilege, the
5 attorney work-product doctrine and other applicable privileges.  Subject to the
6 foregoing, and pursuant to the Order, Mattel responds as follows:  Mattel has
7 produced those responsive, non-privileged documents that it was able to locate after
8 a reasonable, good-faith search for and review of files that were reasonably likely to
9 contain responsive documents bearing on the issues in this litigation.

10

11 | REQUEST NO. 182:

12       All DOCUMENTS evidencing the days and hours BRYANT worked
13 for MATTEL, including all time entries and data on MATTEL's "P2" computer
14 system, and all records reflecting the days and hours BRYANT was on vacation or
15 leave of absence.

16

17 | SUPPLEMENTED RESPONSE TO REQUEST NO. 182:

18       In addition to the General Objections stated above, which are
19 incorporated herein by reference, Mattel objects to this Request on the grounds that
20 it calls for the disclosure of information subject to the attorney-client privilege, the
21 attorney work-product doctrine and other applicable privileges.  Subject to the
22 foregoing, and pursuant to the Order, Mattel responds as follows:  Mattel has
23 produced those responsive, non-privileged documents that it was able to locate after
24 a reasonable, good-faith search for and review of files that were reasonably likely to
25 contain responsive documents bearing on the issues in this litigation.

26

27                                     EXHIBIT _____ 2

28                                     PAGE _____ 14

REQUEST NO. 183:

All DOCUMENTS constituting, consisting of, comprising or reflecting records of all phone calls BRYANT placed and received and all facsimiles BRYANT sent and received during his employment at MATTEL, including, specifically, without limitation, all phone logs, phone records and facsimile transmittals and facsimile records evidencing all phone calls and facsimiles BRYANT placed or received in September and October 2000.

SUPPLEMENTED RESPONSE TO REQUEST NO. 183:

In addition to the General Objections stated above, which are incorporated herein by reference, Mattel objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges. Subject to the foregoing, and pursuant to the Order, Mattel responds as follows: Mattel has produced those responsive, non-privileged documents that it was able to locate after a reasonable, good-faith search for and review of files that were reasonably likely to contain responsive documents bearing on the issues in this litigation.

REQUEST NO. 186:

All DOCUMENTS evidencing, mentioning, referring to, or relating to BRYANT's involvement with, work on, or connection to the conception, design, creation or development of BRATZ or BRATZ INTELLECTUAL PROPERTY.

SUPPLEMENTED RESPONSE TO REQUEST NO. 186:

In addition to the General Objections stated above, which are incorporated herein by reference, Mattel objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges. Subject to the

1 │ foregoing, and pursuant to the Order, Mattel responds as follows:  Mattel has

2 │ produced those responsive, non-privileged documents that it was able to locate after

3 │ a reasonable, good-faith search for and review of files that were reasonably likely to

4 │ contain responsive documents bearing on the issues in this litigation.

5 │

6 │ REQUEST NO. 187:

7 │          All DOCUMENTS evidencing, mentioning, referring to, or relating to

8 │ BRYANT's involvement with, contract with, and work with or for MGA.

9 │

10 │ SUPPLEMENTED RESPONSE TO REQUEST NO. 187:

11 │          In addition to the General Objections stated above, which are

12 │ incorporated herein by reference, Mattel objects to this Request on the grounds that

13 │ it calls for the disclosure of information subject to the attorney-client privilege, the

14 │ attorney work-product doctrine and other applicable privileges.  Subject to the

15 │ foregoing, and pursuant to the Order, Mattel responds as follows:  Mattel has

16 │ produced those responsive, non-privileged documents that it was able to locate after

17 │ a reasonable, good-faith search for and review of files that were reasonably likely to

18 │ contain responsive documents bearing on the issues in this litigation.

19 │

20 │ REQUEST NO. 188:

21 │          All DOCUMENTS mentioning, referring to, or relating to YOUR

22 │ decision to sue BRYANT including, without limitation, COMMUNICATIONS

23 │ mentioning, discussing, describing, referring to, or relating to the reasons and

24 │ factors that influenced the decision, the timing of the decision, and the date and

25 │ manner in which YOU made the decision.

26 │

27 │

28 │

EXHIBIT _____ 2

PAGE _____ 16

1 | SUPPLEMENTED RESPONSE TO REQUEST NO. 188:

2 |       In addition to the General Objections stated above, which are
3 | incorporated herein by reference, Mattel objects to this Request on the grounds that
4 | it calls for the disclosure of information subject to the attorney-client privilege, the
5 | attorney work-product doctrine and other applicable privileges.  Subject to the
6 | foregoing, and pursuant to the Order, Mattel responds as follows:  Mattel has
7 | produced those responsive, non-privileged documents that it was able to locate after
8 | a reasonable, good-faith search for and review of files that were reasonably likely to
9 | contain responsive documents bearing on the issues in this litigation.

10 |

11 | REQUEST NO. 190:

12 |       All DOCUMENTS mentioning, referring to, or relating to any decision
13 | not to sue BRYANT including, without limitation, COMMUNICATIONS
14 | mentioning, discussing, describing, referring to, or relating to the reasons and
15 | factors that influenced the decision, the timing of the decision, and the date and
16 | manner in which YOU made the decision.

17 |

18 | SUPPLEMENTED RESPONSE TO REQUEST NO. 190:

19 |       In addition to the General Objections stated above, which are
20 | incorporated herein by reference, Mattel objects to this Request on the grounds that
21 | it calls for the disclosure of information subject to the attorney-client privilege, the
22 | attorney work-product doctrine and other applicable privileges.  Subject to the
23 | foregoing, and pursuant to the Order, Mattel responds as follows:  Mattel has
24 | produced those responsive, non-privileged documents that it was able to locate after
25 | a reasonable, good-faith search for and review of files that were reasonably likely to
26 | contain responsive documents bearing on the issues in this litigation.

27 |

28 |

EXHIBIT _____ $\nu$

PAGE _____ 17

-12-

MATTEL'S THIRD SUPP. RESP. TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

1 REQUEST NO. 224:

2       All COMMUNICATIONS and all DOCUMENTS constituting,

3 mentioning, describing discussing, referring or relating to all COMMUNICATIONS

4 with Anna Rhee that refer or relate to the BRATZ CONCEPT, the FIRST BRATZ

5 DOLLS or BRYANT's work for MGA.

6

7 SUPPLEMENTED RESPONSE TO REQUEST NO. 224:

8       In addition to the General Objections stated above, which are

9 incorporated herein by reference, Mattel objects to this Request on the grounds that

10 it calls for the disclosure of information subject to the attorney-client privilege, the

11 attorney work-product doctrine and other applicable privileges.  Subject to the

12 foregoing, and as limited by the interpretation of the Request by MGA and the

13 Order, Mattel responds as follows:  Mattel has produced those responsive, non-

14 privileged documents that it was able to locate after a reasonable, good-faith search

15 for and review of files that were reasonably likely to contain responsive documents

16 bearing on the issues in this litigation.

17

18 REQUEST NO. 225:

19       All COMMUNICATIONS and all DOCUMENTS constituting,

20 mentioning, describing discussing, referring or relating to all COMMUNICATIONS

21 with Anna Rhee that refer or relate to this litigation, the facts and circumstances

22 giving rise to this litigation, or BRYANT's alleged misconduct.

23

24 SUPPLEMENTED RESPONSE TO REQUEST NO. 225:

25       In addition to the General Objections stated above, which are

26 incorporated herein by reference, Mattel objects to this Request on the grounds that

27 it calls for the disclosure of information subject to the attorney-client privilege, the

28 attorney work-product doctrine and other applicable privileges.  Subject to the

EXHIBIT _____ 2

PAGE _____ 18

1  foregoing, and as limited by the interpretation of the Request by MGA and the

2  Order, Mattel responds as follows: Mattel has produced those responsive, non-

3  privileged documents that it was able to locate after a reasonable, good-faith search

4  for and review of files that were reasonably likely to contain responsive documents

5  bearing on the issues in this litigation.

6

7  REQUEST NO. 226:

8          All COMMUNICATIONS and all DOCUMENTS constituting,

9  mentioning, describing discussing, referring or relating to all COMMUNICATIONS

10  with Margaret Leahy that refer or relate to the BRATZ CONCEPT, the FIRST

11  BRATZ DOLLS or BRYANT's work for MGA.

12

13  SUPPLEMENTED RESPONSE TO REQUEST NO. 226:

14          In addition to the General Objections stated above, which are

15  incorporated herein by reference, Mattel objects to this Request on the grounds that

16  it calls for the disclosure of information subject to the attorney-client privilege, the

17  attorney work-product doctrine and other applicable privileges. Subject to the

18  foregoing, and as limited by the interpretation of the Request by MGA and the

19  Order, Mattel responds as follows: Mattel has produced those responsive, non-

20  privileged documents that it was able to locate after a reasonable, good-faith search

21  for and review of files that were reasonably likely to contain responsive documents

22  bearing on the issues in this litigation.

23

24  REQUEST NO. 227:

25          All COMMUNICATIONS, and all DOCUMENTS constituting,

26  mentioning, describing discussing, referring or relating to all COMMUNICATIONS

27  with Margaret Leahy that refer or relate to this litigation, the facts and circumstances

28  giving rise to this litigation, or BRYANT's alleged misconduct.  EXHIBIT _____ 2

PAGE ___ 19

-14-

1 | SUPPLEMENTED RESPONSE TO REQUEST NO. 227:

2          In addition to the General Objections stated above, which are
3 incorporated herein by reference, Mattel objects to this Request on the grounds that
4 it calls for the disclosure of information subject to the attorney-client privilege, the
5 attorney work-product doctrine and other applicable privileges. Subject to the
6 foregoing, and as limited by the interpretation of the Request by MGA and the
7 Order, Mattel responds as follows: Mattel has produced those responsive, non-
8 privileged documents that it was able to locate after a reasonable, good-faith search
9 for and review of files that were reasonably likely to contain responsive documents
10 bearing on the issues in this litigation.

11

12 | REQUEST NO. 228:

13          All COMMUNICATIONS and all DOCUMENTS constituting,
14 mentioning, describing discussing, referring or relating to all COMMUNICATIONS
15 with Margaret Leahy's husband that refer or relate to the BRATZ CONCEPT, the
16 FIRST BRATZ DOLLS or BRYANT's work for MGA.

17

18 | SUPPLEMENTED RESPONSE TO REQUEST NO. 228:

19          In addition to the General Objections stated above, which are
20 incorporated herein by reference, Mattel objects to this Request on the grounds that
21 it calls for the disclosure of information subject to the attorney-client privilege, the
22 attorney work-product doctrine and other applicable privileges. Subject to the
23 foregoing, and as limited by the interpretation of the Request by MGA and the
24 Order, Mattel responds as follows: Mattel has produced those responsive, non-
25 privileged documents that it was able to locate after a reasonable, good-faith search
26 for and review of files that were reasonably likely to contain responsive documents
27 bearing on the issues in this litigation.

28

EXHIBIT _____ 2

PAGE _____ 20

REQUEST NO. 229:

All COMMUNICATIONS and all DOCUMENTS constituting, mentioning, describing discussing, referring or relating to all COMMUNICATIONS with Margaret Leahy's husband that refer or relate to this litigation, the facts and circumstances giving rise to this litigation, or BRYANT's alleged misconduct.

SUPPLEMENTED RESPONSE TO REQUEST NO. 229:

In addition to the General Objections stated above, which are incorporated herein by reference, Mattel objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges. Subject to the foregoing, and as limited by the interpretation of the Request by MGA and the Order, Mattel responds as follows: Mattel has produced those responsive, non-privileged documents that it was able to locate after a reasonable, good-faith search for and review of files that were reasonably likely to contain responsive documents bearing on the issues in this litigation.

REQUEST NO. 230:

All COMMUNICATIONS and all DOCUMENTS constituting, mentioning, describing discussing, referring or relating to all COMMUNICATIONS with Victoria O'Connor that refer or relate to the BRATZ CONCEPT, the FIRST BRATZ DOLLS or BRYANT's work for MGA.

SUPPLEMENTED RESPONSE TO REQUEST NO. 230:

In addition to the General Objections stated above, which are incorporated herein by reference, Mattel objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges. Subject to the

1  foregoing, and as limited by the interpretation of the Request by MGA and the

2  Order, Mattel responds as follows:  Mattel has produced those responsive, non-

3  privileged documents that it was able to locate after a reasonable, good-faith search

4  for and review of files that were reasonably likely to contain responsive documents

5  bearing on the issues in this litigation.

6

7  REQUEST NO. 231:

8          All COMMUNICATIONS, and all DOCUMENTS constituting,

9  mentioning, describing discussing, referring or relating to all COMMUNICATIONS

10  with Victoria O'Connor that refer or relate to this litigation, the facts and

11  circumstances giving rise to this litigation, or BRYANT's alleged misconduct.

12

13  SUPPLEMENTED RESPONSE TO REQUEST NO. 231:

14          In addition to the General Objections stated above, which are

15  incorporated herein by reference, Mattel objects to this Request on the grounds that

16  it calls for the disclosure of information subject to the attorney-client privilege, the

17  attorney work-product doctrine and other applicable privileges.  Subject to the

18  foregoing, and as limited by the interpretation of the Request by MGA and the

19  Order, Mattel responds as follows:  Mattel has produced those responsive, non-

20  privileged documents that it was able to locate after a reasonable, good-faith search

21  for and review of files that were reasonably likely to contain responsive documents

22  bearing on the issues in this litigation.

23

24  REQUEST NO. 232:

25          All COMMUNICATIONS and all DOCUMENTS constituting,

26  mentioning, describing discussing, referring or relating to all COMMUNICATIONS

27  with Ramona Prince that refer or relate to the BRATZ CONCEPT, the FIRST

28  BRATZ DOLLS or BRYANT's work for MGA.          EXHIBIT _____ 2

1  SUPPLEMENTED RESPONSE TO REQUEST NO. 232:

2          In addition to the General Objections stated above, which are
3  incorporated herein by reference, Mattel objects to this Request on the grounds that
4  it calls for the disclosure of information subject to the attorney-client privilege, the
5  attorney work-product doctrine and other applicable privileges.  Subject to the
6  foregoing, and as limited by the interpretation of the Request by MGA and the
7  Order, Mattel responds as follows:  Mattel has produced those responsive, non-
8  privileged documents that it was able to locate after a reasonable, good-faith search
9  for review of files that were reasonably likely to contain responsive documents
10  bearing on the issues in this litigation.

11

12  REQUEST NO. 233:

13          All COMMUNICATIONS and all DOCUMENTS constituting,
14  mentioning, describing discussing, referring or relating to all COMMUNICATIONS
15  with Ramona Prince that refer or relate to this litigation, the facts and circumstances
16  giving rise to this litigation, or BRYANT's alleged misconduct.

17

18  SUPPLEMENTED RESPONSE TO REQUEST NO. 233:

19          In addition to the General Objections stated above, which are
20  incorporated herein by reference, Mattel objects to this Request on the grounds that
21  it calls for the disclosure of information subject to the attorney-client privilege, the
22  attorney work-product doctrine and other applicable privileges.  Subject to the
23  foregoing, and as limited by the interpretation of the Request by MGA and the
24  Order, Mattel responds as follows:  Mattel has produced those responsive, non-
25  privileged documents that it was able to locate after a reasonable, good-faith search
26  for review of files that were reasonably likely to contain responsive documents
27  bearing on the issues in this litigation.          EXHIBIT _____ 2

28                                                      PAGE _____ 23

7209/2342869.1

-18-
MATTEL'S THIRD SUPP. RESP. TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

1  REQUEST NO. 234:

2          All COMMUNICATIONS and all DOCUMENTS constituting,

3  mentioning, describing discussing, referring or relating to all COMMUNICATIONS

4  with Lilly [sic] Martinez that refer or relate to the BRATZ CONCEPT, the FIRST

5  BRATZ DOLLS or BRYANT's work for MGA.

6

7  SUPPLEMENTED RESPONSE TO REQUEST NO. 234

8          In addition to the General Objections stated above, which are

9  incorporated herein by reference, Mattel objects to this Request on the grounds that

10  it calls for the disclosure of information subject to the attorney-client privilege, the

11  attorney work-product doctrine and other applicable privileges.  Subject to the

12  foregoing, and as limited by the interpretation of the Request by MGA and the

13  Order, Mattel responds as follows:  Mattel has produced those responsive, non-

14  privileged documents that it was able to locate after a reasonable, good-faith search

15  for and review of files that were reasonably likely to contain responsive documents

16  bearing on the issues in this litigation.

17

18  REQUEST NO. 235:

19          All COMMUNICATIONS and all DOCUMENTS constituting,

20  mentioning, describing discussing, referring or relating to all COMMUNICATIONS

21  with Lilly [sic] Martinez that refer or relate to this litigation, the facts and

22  circumstances giving rise to this litigation, or BRYANT's alleged misconduct.

23

24  SUPPLEMENTED RESPONSE TO REQUEST NO. 235:

25          In addition to the General Objections stated above, which are

26  incorporated herein by reference, Mattel objects to this Request on the grounds that

27  it calls for the disclosure of information subject to the attorney-client privilege, the

28  attorney work-product doctrine and other applicable privileges.  Subject to the

EXHIBIT ____ 2

PAGE ____ 24

1  foregoing, and as limited by the interpretation of the Request by MGA and the

2  Order, Mattel responds as follows:  Mattel has produced those responsive, non-

3  privileged documents that it was able to locate after a reasonable, good-faith search

4  for and review of files that were reasonably likely to contain responsive documents

5  bearing on the issues in this litigation.

6

7  REQUEST NO. 236:

8          All COMMUNICATIONS and all DOCUMENTS constituting,

9  mentioning, describing discussing, referring or relating to all COMMUNICATIONS

10  with Ron Longsdorff [sic] that refer or relate to the BRATZ CONCEPT, the FIRST

11  BRATZ DOLLS or BRYANT's work for MGA.

12

13  SUPPLEMENTED RESPONSE TO REQUEST NO. 236:

14          In addition to the General Objections stated above, which are

15  incorporated herein by reference, Mattel objects to this Request on the grounds that

16  it calls for the disclosure of information subject to the attorney-client privilege, the

17  attorney work-product doctrine and other applicable privileges.  Subject to the

18  foregoing, and as limited by the interpretation of the Request by MGA and the

19  Order, Mattel responds as follows:  Mattel has produced those responsive, non-

20  privileged documents that it was able to locate after a reasonable, good-faith search

21  for and review of files that were reasonably likely to contain responsive documents

22  bearing on the issues in this litigation.

23

24  REQUEST NO. 237:

25          All COMMUNICATIONS and all DOCUMENTS constituting,

26  mentioning, describing discussing, referring or relating to all COMMUNICATIONS

27  with Ron Longsdorff [sic] that refer or relate to this litigation, the facts and

28  circumstances giving rise to this litigation, or BRYANT's alleged misconduct.

1  SUPPLEMENTED RESPONSE TO REQUEST NO. 237:

2          In addition to the General Objections stated above, which are

3  incorporated herein by reference, Mattel objects to this Request on the grounds that

4  it calls for the disclosure of information subject to the attorney-client privilege, the

5  attorney work-product doctrine and other applicable privileges.  Subject to the

6  foregoing, and as limited by the interpretation of the Request by MGA and the

7  Order, Mattel responds as follows:  Mattel has produced those responsive, non-

8  privileged documents that it was able to locate after a reasonable, good-faith search

9  for and review of files that were reasonably likely to contain responsive documents

10  bearing on the issues in this litigation.

11

12  REQUEST NO. 238:

13          All COMMUNICATIONS and all DOCUMENTS constituting,

14  mentioning, describing discussing, referring or relating to all COMMUNICATIONS

15  with Matt Bousquette that refer or relate to the BRATZ CONCEPT, the FIRST

16  BRATZ DOLLS or BRYANT's work for MGA.

17

18  SUPPLEMENTED RESPONSE TO REQUEST NO. 238:

19          In addition to the General Objections stated above, which are

20  incorporated herein by reference, Mattel objects to this Request on the grounds that

21  it calls for the disclosure of information subject to the attorney-client privilege, the

22  attorney work-product doctrine and other applicable privileges.  Subject to the

23  foregoing, and as limited by the interpretation of the Request by MGA and the

24  Order, Mattel responds as follows:  Mattel has produced those responsive, non-

25  privileged documents that it was able to locate after a reasonable, good-faith search

26  for and review of files that were reasonably likely to contain responsive documents

27  bearing on the issues in this litigation.

EXHIBIT _____ 2

28

PAGE _____ 26

MATTEL'S THIRD SUPP. RESP. TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

1  REQUEST NO. 239:

2         All COMMUNICATIONS and all DOCUMENTS constituting,

3  mentioning, describing discussing, referring or relating to all COMMUNICATIONS

4  with Matt Bousquette that refer or relate to this litigation, the facts and

5  circumstances giving rise to this litigation, or BRYANT's alleged misconduct.

6

7  SUPPLEMENTED RESPONSE TO REQUEST NO. 239:

8         In addition to the General Objections stated above, which are

9  incorporated herein by reference, Mattel objects to this Request on the grounds that

10  it calls for the disclosure of information subject to the attorney-client privilege, the

11  attorney work-product doctrine and other applicable privileges.  Subject to the

12  foregoing, and as limited by the interpretation of the Request by MGA and the

13  Order, Mattel responds as follows:  Mattel has produced those responsive, non-

14  privileged documents that it was able to locate after a reasonable, good-faith search

15  for and review of files that were reasonably likely to contain responsive documents

16  bearing on the issues in this litigation.

17

18  REQUEST NO. 240:

19         All COMMUNICATIONS and all DOCUMENTS constituting,

20  mentioning, describing discussing, referring or relating to all COMMUNICATIONS

21  with Adrienne Fontanella that refer or relate to the BRATZ CONCEPT, the FIRST

22  BRATZ DOLLS or BRYANT's work for MGA.

23

24  SUPPLEMENTED RESPONSE TO REQUEST NO. 249:

25         In addition to the General Objections stated above, which are

26  incorporated herein by reference, Mattel objects to this Request on the grounds that

27  it calls for the disclosure of information subject to the attorney-client privilege, the

28  attorney work-product doctrine and other applicable privileges.  Subject to the

7209/2342869.1

-22-

EXHIBIT _____ 2

PAGE 27

1  foregoing, and as limited by the interpretation of the Request by MGA and the

2  Order, Mattel responds as follows: Mattel has produced those responsive, non-

3  privileged documents that it was able to locate after a reasonable, good-faith search

4  for and review of files that were reasonably likely to contain responsive documents

5  bearing on the issues in this litigation.

6

7  REQUEST NO. 241:

8         All COMMUNICATIONS and all DOCUMENTS constituting,

9  mentioning, describing discussing, referring or relating to all COMMUNICATIONS

10  with Adrienne Fontanella that refer or relate to this litigation, the facts and

11  circumstances giving rise to this litigation, or BRYANT's alleged misconduct.

12

13  SUPPLEMENTED RESPONSE TO REQUEST NO. 241:

14         In addition to the General Objections stated above, which are

15  incorporated herein by reference, Mattel objects to this Request on the grounds that

16  it calls for the disclosure of information subject to the attorney-client privilege, the

17  attorney work-product doctrine and other applicable privileges. Subject to the

18  foregoing, and as limited by the interpretation of the Request by MGA and the

19  Order, Mattel responds as follows: Mattel has produced those responsive, non-

20  privileged documents that it was able to locate after a reasonable, good-faith search

21  for and review of files that were reasonably likely to contain responsive documents

22  bearing on the issues in this litigation.

23

24  REQUEST NO. 242:

25         All COMMUNICATIONS and all DOCUMENTS constituting,

26  mentioning, describing discussing, referring or relating to all COMMUNICATIONS

27  with Tim Kilpin that refer or relate to the BRATZ CONCEPT, the FIRST BRATZ

28  DOLLS or BRYANT's work for MGA.                    EXHIBIT _____ 2

7209/2342869.1

-23-          PAGE          28

1 | SUPPLEMENTED RESPONSE TO REQUEST NO. 242:

2    In addition to the General Objections stated above, which are
3 incorporated herein by reference, Mattel objects to this Request on the grounds that
4 it calls for the disclosure of information subject to the attorney-client privilege, the
5 attorney work-product doctrine and other applicable privileges.  Subject to the
6 foregoing, and as limited by the interpretation of the Request by MGA and the
7 Order, Mattel responds as follows:  Mattel has produced those responsive, non-
8 privileged documents that it was able to locate after a reasonable, good-faith search
9 for and review of files that were reasonably likely to contain responsive documents
10 bearing on the issues in this litigation.

11

12 | REQUEST NO. 243:

13    All COMMUNICATIONS and all DOCUMENTS constituting,
14 mentioning, describing discussing, referring or relating to all COMMUNICATIONS
15 with Tim Kilpin that refer or relate to this litigation, the facts and circumstances
16 giving rise to this litigation, or BRYANT's alleged misconduct.

17

18 | SUPPLEMENTED RESPONSE TO REQUEST NO. 243:

19    In addition to the General Objections stated above, which are
20 incorporated herein by reference, Mattel objects to this Request on the grounds that
21 it calls for the disclosure of information subject to the attorney-client privilege, the
22 attorney work-product doctrine and other applicable privileges.  Subject to the
23 foregoing, and as limited by the interpretation of the Request by MGA and the
24 Order, Mattel responds as follows:  Mattel has produced those responsive, non-
25 privileged documents that it was able to locate after a reasonable, good-faith search
26 for and review of files that were reasonably likely to contain responsive documents
27 bearing on the issues in this litigation.

28

EXHIBIT _____ 2

PAGE _____ 29

-24-

1  REQUEST NO. 244:

2           All COMMUNICATIONS and all DOCUMENTS constituting,

3  mentioning, describing discussing, referring or relating to all COMMUNICATIONS

4  with Sujata Luther that refer or relate to the BRATZ CONCEPT, the FIRST BRATZ

5  DOLLS or BRYANT's work for MGA.

6

7  SUPPLEMENTED RESPONSE TO REQUEST NO. 244:

8           In addition to the General Objections stated above, which are

9  incorporated herein by reference, Mattel objects to this Request on the grounds that

10  it calls for the disclosure of information subject to the attorney-client privilege, the

11  attorney work-product doctrine and other applicable privileges.  Subject to the

12  foregoing, and as limited by the interpretation of the Request by MGA and the

13  Order, Mattel responds as follows:  Mattel has produced those responsive, non-

14  privileged documents that it was able to locate after a reasonable, good-faith search

15  for and review of files that were reasonably likely to contain responsive documents

16  bearing on the issues in this litigation.

17

18  REQUEST NO. 245:

19           All COMMUNICATIONS and all DOCUMENTS constituting,

20  mentioning, describing discussing, referring or relating to all COMMUNICATIONS

21  with Sujata Luther that refer or relate to this litigation, the facts and circumstances

22  giving rise to this litigation, or BRYANT's alleged misconduct.

23

24  SUPPLEMENTED RESPONSE TO REQUEST NO. 245:

25           In addition to the General Objections stated above, which are

26  incorporated herein by reference, Mattel objects to this Request on the grounds that

27  it calls for the disclosure of information subject to the attorney-client privilege, the

28  attorney work-product doctrine and other applicable privileges.  Subject to the

1   foregoing, and as limited by the interpretation of the Request by MGA and the
2   Order, Mattel responds as follows:  Mattel has produced those responsive, non-
3   privileged documents that it was able to locate after a reasonable, good-faith search
4   for and review of files that were reasonably likely to contain responsive documents
5   bearing on the issues in this litigation.

6

7   REQUEST NO. 246:

8           All COMMUNICATIONS and all DOCUMENTS constituting,
9   mentioning, describing discussing, referring or relating to all COMMUNICATIONS
10  with Alan Kaye that refer or relate to the BRATZ CONCEPT, the FIRST BRATZ
11  DOLLS or BRYANT's work for MGA.

12

13  SUPPLEMENTED RESPONSE TO REQUEST NO. 246:

14          In addition to the General Objections stated above, which are
15  incorporated herein by reference, Mattel objects to this Request on the grounds that
16  it calls for the disclosure of information subject to the attorney-client privilege, the
17  attorney work-product doctrine and other applicable privileges.  Subject to the
18  foregoing, and as limited by the interpretation of the Request by MGA and the
19  Order, Mattel responds as follows:  Mattel has produced those responsive, non-
20  privileged documents that it was able to locate after a reasonable, good-faith search
21  for and review of files that were reasonably likely to contain responsive documents
22  bearing on the issues in this litigation.

23

24  REQUEST NO. 247:

25          All COMMUNICATIONS and all DOCUMENTS constituting,
26  mentioning, describing discussing, referring or relating to all COMMUNICATIONS
27  with Alan Kaye that refer or relate to this litigation, the facts and circumstances
28  giving rise to this litigation, or BRYANT's alleged misconduct.   EXHIBIT ____ 2

/209/2342869.1

1 | SUPPLEMENTED RESPONSE TO REQUEST NO. 247:

2 |      In addition to the General Objections stated above, which are
3 | incorporated herein by reference, Mattel objects to this Request on the grounds that
4 | it calls for the disclosure of information subject to the attorney-client privilege, the
5 | attorney work-product doctrine and other applicable privileges. Subject to the
6 | foregoing, and as limited by the interpretation of the Request by MGA and the
7 | Order, Mattel responds as follows: Mattel has produced those responsive, non-
8 | privileged documents that it was able to locate after a reasonable, good-faith search
9 | for and review of files that were reasonably likely to contain responsive documents
10 | bearing on the issues in this litigation.

11 |

12 | REQUEST NO. 248:

13 |      All COMMUNICATIONS and all DOCUMENTS constituting,
14 | mentioning, describing discussing, referring or relating to all COMMUNICATIONS
15 | with Veronica Marlowe that refer or relate to the BRATZ CONCEPT, the FIRST
16 | BRATZ DOLLS or BRYANT's work for MGA.

17 |

18 | SUPPLEMENTED RESPONSE TO REQUEST NO. 248:

19 |      In addition to the General Objections stated above, which are
20 | incorporated herein by reference, Mattel objects to this Request on the grounds that
21 | it calls for the disclosure of information subject to the attorney-client privilege, the
22 | attorney work-product doctrine and other applicable privileges. Subject to the
23 | foregoing, and as limited by the interpretation of the Request by MGA and the
24 | Order, Mattel responds as follows: Mattel has produced those responsive, non-
25 | privileged documents that it was able to locate after a reasonable, good-faith search
26 | for and review of files that were reasonably likely to contain responsive documents
27 | bearing on the issues in this litigation.

28 |

EXHIBIT     2

PAGE     32

7209/2342869.1

-27-

MATTEL'S THIRD SUPP. RESP. TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

1  REQUEST NO. 249:

2          All COMMUNICATIONS and all DOCUMENTS constituting,

3  mentioning, describing discussing, referring or relating to all COMMUNICATIONS

4  with Veronica Marlowe that refer or relate to this litigation, the facts and

5  circumstances giving rise to this litigation, or BRYANT's alleged misconduct.

6

7  SUPPLEMENTED RESPONSE TO REQUEST NO. 249:

8          In addition to the General Objections stated above, which are

9  incorporated herein by reference, Mattel objects to this Request on the grounds that

10  it calls for the disclosure of information subject to the attorney-client privilege, the

11  attorney work-product doctrine and other applicable privileges.  Subject to the

12  foregoing, and as limited by the interpretation of the Request by MGA and the

13  Order, Mattel responds as follows:  Mattel has produced those responsive, non-

14  privileged documents that it was able to locate after a reasonable, good-faith search

15  for and review of files that were reasonably likely to contain responsive documents

16  bearing on the issues in this litigation.

17

18  REQUEST NO. 258:

19          All DOCUMENTS relating to Bryant's employment including, without

20  limitation, DOCUMENTS reflecting the period and conditions of the employment,

21  the terms of the employment, and his job duties and responsibilities.

22

23  SUPPLEMENTED RESPONSE TO REQUEST NO. 258:

24          In addition to the General Objections stated above, which are

25  incorporated herein by reference, Mattel objects to this Request on the grounds that

26  it calls for the disclosure of information subject to the attorney-client privilege, the

27  attorney work-product doctrine and other applicable privileges.  Subject to the

28  foregoing, and pursuant to the Order, Mattel responds as follows:  Mattel has

1 produced those responsive, non-privileged documents that it was able to locate after

2 a reasonable, good-faith search for and review of files that were reasonably likely to

3 contain responsive documents bearing on the issues in this litigation.

4

5 REQUEST NO. 259:

6       All DOCUMENTS that evidence, describe, mention, refer or relate to

7 the similarity of any art work created by any MATTEL employee, including but not

8 limited to BRYANT, prior to October 20, 2000, to BRATZ.

9

10 SUPPLEMENTED RESPONSE TO REQUEST NO. 259:

11       In addition to the General Objections stated above, which are

12 incorporated herein by reference, Mattel objects to this Request on the grounds that

13 it calls for the disclosure of information subject to the attorney-client privilege, the

14 attorney work-product doctrine and other applicable privileges.  Subject to the

15 foregoing, and pursuant to the Order, including the limitation stated in the Order that

16 MGA "is only seeking documents relating to the original artwork or work product

17 that Mattel claims Bryant copied, and is not seeking all documents relating to the

18 Diva Starz line," Mattel responds as follows:  Mattel has produced those responsive,

19 non-privileged documents that it was able to locate after a reasonable, good-faith

20 search for and review of files that were reasonably likely to contain responsive

21 documents bearing on the issues in this litigation.

22

23 REQUEST NO. 260:

24       All DOCUMENTS created after January 4, 1999 that evidence, relate

25 or refer to any activities of BRYANT other than his work for MATTEL.

26

27 EXHIBIT _____ 2

28 PAGE _____ 34

1  SUPPLEMENTED RESPONSE TO REQUEST NO. 260:

2          In addition to the General Objections stated above, which are
3  incorporated herein by reference, Mattel objects to this Request on the grounds that
4  it calls for the disclosure of information subject to the attorney-client privilege, the
5  attorney work-product doctrine and other applicable privileges.  Subject to the
6  foregoing, and pursuant to the Order, Mattel responds as follows:  Mattel has
7  produced those responsive, non-privileged documents that it was able to locate after
8  a reasonable, good-faith search for and review of files that were reasonably likely to
9  contain responsive documents bearing on the issues in this litigation.

10

11 REQUEST NO. 261:

12        All DOCUMENTS created after January 4, 1999 that evidence, relate or refer
13 to any activities of any current or former MATTEL employee performed in
14 connection with the conception, creation, design or development of BRATZ or
15 BRATZ INTELLECTUAL PROPERTY.

16

17 SUPPLEMENTED RESPONSE TO REQUEST NO. 261:

18         In addition to the General Objections stated above, which are
19 incorporated herein by reference, Mattel objects to this Request on the grounds that
20 it calls for the disclosure of information subject to the attorney-client privilege, the
21 attorney work-product doctrine and other applicable privileges.  Mattel further
22 objects to this Request on the grounds that it seeks information that is uniquely
23 within the possession of MGA, Bryant and other parties, as shown by ongoing
24 discovery, and, indeed, defendants have concealed and continue to conceal this
25 information in defiance of the Court's Orders.  Subject to the foregoing, and
26 pursuant to the Order, including the limitation stated in the Order that MGA "is only
27 seeking documents relating to the original artwork or work product that Mattel
28 claims Bryant copied, and is not seeking all documents relating to the Diva Starz

7209/2342869.1

-30-

1  line," Mattel responds as follows:  Mattel has produced those responsive, non-
2  privileged documents that it was able to locate after a reasonable, good-faith search
3  for and review of files that were reasonably likely to contain responsive documents
4  bearing on the issues in this litigation.

5

6  AMENDED REQUEST NO. 264 (as stated in the Order):

7          DOCUMENTS sufficient to identify all iterations of MATTEL'S policy
8  regarding part-time employment at MATTEL.

9

10 RESPONSE TO AMENDED REQUEST NO. 264:

11         Subject to the General Objections stated above, which are incorporated
12 herein by reference, and pursuant to the Order, Mattel responds as follows:  Mattel
13 has produced those responsive, non-privileged documents that it was able to locate
14 after a reasonable, good-faith search for and review of files that were reasonably
15 likely to contain responsive documents bearing on the issues in this litigation.

16

17 AMENDED REQUEST NO. 265 (as stated in the Order):

18         DOCUMENTS sufficient to identify all iterations of MATTEL's policy
19 regarding temporary employment at MATTEL.

20

21 RESPONSE TO AMENDED REQUEST NO. 265:

22         Subject to the General Objections stated above, which are incorporated
23 herein by reference, and pursuant to the Order, Mattel responds as follows:  Mattel
24 has produced those responsive, non-privileged documents that it was able to locate
25 after a reasonable, good-faith search for and review of files that were reasonably
26 likely to contain responsive documents bearing on the issues in this litigation.

27

28

EXHIBIT _____ 2

PAGE _____ 36

7209/2342869.1

MATTEL'S THIRD SUPP. RESP. TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

1   AMENDED REQUEST NO. 266 (as stated in the Order):

2          All DOCUMENTS, including agreements and contracts, that describe,

3   discuss, govern, control, regulate or limit how and to what extent a person employed

4   part-time at MATTEL is allowed, or not allowed, to work for him or herself or other

5   companies or entities, including MGA, while employed by MATTEL.

6

7   RESPONSE TO AMENDED REQUEST NO. 266:

8          In addition to the General Objections stated above, which are

9   incorporated herein by reference, Mattel objects to this Request on the grounds that

10   it calls for the disclosure of information subject to the attorney-client privilege, the

11   attorney work-product doctrine and other applicable privileges.  Subject to the

12   foregoing, and pursuant to the Order, Mattel responds as follows:  Mattel has

13   produced those responsive, non-privileged documents that it was able to locate after

14   a reasonable, good-faith search for and review of files that were reasonably likely to

15   contain responsive documents bearing on the issues in this litigation.

16

17   AMENDED REQUEST NO. 267 (as stated in the Order):

18          All DOCUMENTS, including agreements and contracts, that describe,

19   discuss, govern, control, regulate or limit how and to what extent a person employed

20   part-time at MATTEL is allowed, or not allowed, to work for him or herself or other

21   companies or entities, including MGA, while employed by MATTEL.

22

23   RESPONSE TO AMENDED REQUEST NO. 267:

24          In addition to the General Objections stated above, which are

25   incorporated herein by reference, Mattel objects to this Request on the grounds that

26   it calls for the disclosure of information subject to the attorney-client privilege, the

27   attorney work-product doctrine and other applicable privileges.  Subject to the

28   foregoing, and pursuant to the Order, Mattel responds as follows:  Mattel has

EXHIBIT _____

PAGE _____ 37

1  produced those responsive, non-privileged documents that it was able to locate after
2  a reasonable, good-faith search for and review of files that were reasonably likely to
3  contain responsive documents bearing on the issues in this litigation.

4

5  REQUEST NO. 268:

6          All hard drives and back-up data, no matter how stored, for all
7  computers used by BRYANT while employed by MATTEL, to the extent such
8  drives and back-up data contain data made or accessed by, sent to or received by
9  BRYANT.

10

11  SUPPLEMENTED RESPONSE TO REQUEST NO. 268:

12          In addition to the General Objections stated above, which are
13  incorporated herein by reference, Mattel objects to this Request to the extent that it
14  calls for the disclosure of information subject to the attorney-client privilege, the
15  attorney work-product doctrine and other applicable privileges.  Subject to the
16  foregoing, and pursuant to the Order, Mattel responds as follows:  Mattel has
17  conducted a reasonable, good-faith search for the hard drives and back-up data for
18  all computers used by Bryant while employed by Mattel.  Mattel will produce
19  responsive hard drives and data if and when they are located.

20

21  REQUEST NO. 269:

22          All DOCUMENTS that constitute, evidence, describe, depict, refer or
23  relate to any art work or other work product done by YOU that YOU contend
24  BRYANT utilized or used in connection with his creation of anything for MGA,
25  including, without limitation, BRATZ or BRATZ INTELLECTUAL PROPERTY.

26

27          EXHIBIT _____ 2

28          PAGE _____ 38

17209/2342869.1

-33-

1  SUPPLEMENTED RESPONSE TO REQUEST NO. 269:

2         In addition to the General Objections stated above, which are

3  incorporated herein by reference, Mattel objects to this Request on the grounds that

4  it calls for the disclosure of information subject to the attorney-client privilege, the

5  attorney work-product doctrine and other applicable privileges.  Mattel further

6  objects to this Request on the grounds that it seeks information that is uniquely

7  within the possession of MGA, Bryant and other parties, as shown by ongoing

8  discovery, and, indeed, defendants have concealed and continue to conceal this

9  information in defiance of the Court's Orders.  Subject to the foregoing, and

10  pursuant to the Order, including the limitation stated in the Order that MGA "is only

11  seeking documents relating to the original artwork or work product that Mattel

12  claims Bryant copied, and is not seeking all documents relating to the Diva Starz

13  line," Mattel responds as follows:  Mattel has produced those responsive, non-

14  privileged documents that it was able to locate after a reasonable, good-faith search

15  for and review of files that were reasonably likely to contain responsive documents

16  bearing on the issues in this litigation.

17

18  REQUEST NO. 270:

19         All DOCUMENTS and COMMUNICATIONS in YOUR possession

20  that were exchanged between BRYANT and Anne Wang.

21

22  SUPPLEMENTED RESPONSE TO REQUEST NO. 270:

23         In addition to the General Objections stated above, which are

24  incorporated herein by reference, Mattel objects to this Request on the grounds that

25  it calls for the disclosure of information subject to the attorney-client privilege, the

26  attorney work-product doctrine and other applicable privileges.  Subject to the

27  foregoing, and pursuant to the Order, Mattel responds as follows:  No responsive

28  documents have been located by Mattel after a reasonable, good-faith search for and

1   review of files that were reasonably likely to contain responsive documents bearing
2   on the issues in this litigation.

3

4   REQUEST NO. 271:

5          All DOCUMENTS and COMMUNICATIONS in YOUR possession
6   that were exchanged between BRYANT and MGA.

7

8   SUPPLEMENTED RESPONSE TO REQUEST NO. 271:

9          In addition to the General Objections stated above, which are
10  incorporated herein by reference, Mattel objects to this Request on the grounds that
11  it calls for the disclosure of information subject to the attorney-client privilege, the
12  attorney work-product doctrine and other applicable privileges.  Subject to the
13  foregoing, and pursuant to the Order, Mattel responds as follows:  Mattel has
14  produced those responsive, non-privileged documents that it was able to locate after
15  a reasonable, good-faith search for and review of files that were reasonably likely to
16  contain responsive documents bearing on the issues in this litigation.

17

18  REQUEST NO. 296:

19         All DOCUMENTS supporting, refuting, or evidencing the allegation in
20  paragraph 17 of the COMPLAINT that the "Employment Agreement and the
21  Conflict Questionnaire are valid, enforceable contracts."

22

23  SUPPLEMENTED RESPONSE TO REQUEST NO. 296:

24         In addition to the General Objections stated above, which are
25  incorporated herein by reference, Mattel objects to this Request on the grounds that
26  it calls for the disclosure of information subject to the attorney-client privilege, the
27  attorney work-product doctrine and other applicable privileges.  Subject to the
28  foregoing, and pursuant to the Order, Mattel responds as follows:  Mattel has

7209/2342869.1

-35-

EXHIBIT _____ 2

PAGE 40

1  produced those responsive, non-privileged documents that it was able to locate after

2  a reasonable, good-faith search for and review of files that were reasonably likely to

3  contain responsive documents bearing on the issues in this litigation.

4

5  REQUEST NO. 302:

6  　　　　　All DOCUMENTS constituting, evidencing, describing, showing or

7  depicting the "intellectual property owned by Mattel," alleged in paragraph 19 of the

8  COMPLAINT.

9

10  SUPPLEMENTED RESPONSE TO REQUEST NO. 302:

11  　　　　　In addition to the General Objections stated above, which are

12  incorporated herein by reference, Mattel objects to this Request on the grounds that

13  it calls for the disclosure of information subject to the attorney-client privilege, the

14  attorney work-product doctrine and other applicable privileges.  Subject to the

15  foregoing, and pursuant to the Order, Mattel responds as follows:  Mattel has

16  produced those responsive, non-privileged documents that it was able to locate after

17  a reasonable, good-faith search for and review of files that were reasonably likely to

18  contain responsive documents bearing on the issues in this litigation.

19

20  REQUEST NO. 303:

21  　　　　　All patents, copyright registrations, and trademark registrations

22  covering or relating to the "intellectual property owned by Mattel," alleged in

23  paragraph 19 of the COMPLAINT, and any other indicia of ownership, authorship

24  and inventorship including, without limitation, any assignments or licenses for or to

25  the alleged property.

26

27  EXHIBIT _____ 2

28  PAGE _____ 41

'209/2342869.1

-36-

1  SUPPLEMENTED RESPONSE TO REQUEST NO. 303:

2         In addition to the General Objections stated above, which are
3  incorporated herein by reference, Mattel objects to this Request on the grounds that
4  it calls for the disclosure of information subject to the attorney-client privilege, the
5  attorney work-product doctrine and other applicable privileges. Subject to the
6  foregoing, and pursuant to the Order, Mattel responds as follows: Mattel has
7  produced those responsive, non-privileged documents that it was able to locate after
8  a reasonable, good-faith search for and review of files that were reasonably likely to
9  contain responsive documents bearing on the issues in this litigation.

10

11  REQUEST NO. 306:

12         All DOCUMENTS supporting, refuting, or evidencing the allegation in
13  paragraph 20 of the COMPLAINT that "Bryant's conduct" has caused "irreparable
14  injury to Mattel."

15

16  SUPPLEMENTED RESPONSE TO REQUEST NO. 306:

17         In addition to the General Objections stated above, which are
18  incorporated herein by reference, Mattel objects to this Request on the grounds that
19  it calls for the disclosure of information subject to the attorney-client privilege, the
20  attorney work-product doctrine and other applicable privileges. Subject to the
21  foregoing, and pursuant to the Order, Mattel responds as follows: Mattel has
22  produced those responsive, non-privileged documents that it was able to locate after
23  a reasonable, good-faith search for and review of files that were reasonably likely to
24  contain responsive documents bearing on the issues in this litigation.

25

26

27  EXHIBIT _____ 2

28  PAGE _____ 42

7209/2342869.1

-37-
MATTEL'S THIRD SUPP. RESP. TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

1  REQUEST NO. 307:

2          All DOCUMENTS describing, discussing, mentioning, referring or

3  relating to the nature, extent and substance of the "irreparable injury" alleged in

4  paragraph 20 of the COMPLAINT.

5

6  SUPPLEMENTED RESPONSE TO REQUEST NO. 307:

7          In addition to the General Objections stated above, which are

8  incorporated herein by reference, Mattel objects to this Request on the grounds that

9  it calls for the disclosure of information subject to the attorney-client privilege, the

10 attorney work-product doctrine and other applicable privileges.  Subject to the

11 foregoing, and pursuant to the Order, Mattel responds as follows:  Mattel has

12 produced those responsive, non-privileged documents that it was able to locate after

13 a reasonable, good-faith search for and review of files that were reasonably likely to

14 contain responsive documents bearing on the issues in this litigation.

15

16 REQUEST NO. 329:

17         All DOCUMENTS constituting, identifying, evidencing, describing,

18 showing or depicting the "used and diverted Mattel ... resources" mentioned in

19 paragraph 36 of the COMPLAINT.

20

21 SUPPLEMENTED RESPONSE TO REQUEST NO. 329:

22         In addition to the General Objections stated above, which are

23 incorporated herein by reference, Mattel objects to this Request on the grounds that

24 it calls for the disclosure of information subject to the attorney-client privilege, the

25 attorney work-product doctrine and other applicable privileges.  Subject to the

26 foregoing, and pursuant to the Order, Mattel responds as follows:  Mattel has

27 produced those responsive, non-privileged documents that it was able to locate after

28                                                      EXHIBIT _____ 2

1  a reasonable, good-faith search for and review of files that were reasonably likely to
2  contain responsive documents bearing on the issues in this litigation.

3

4  REQUEST NO. 330:

5       All DOCUMENTS identifying, evidencing or describing the "used and
6  diverted ... opportunities" mentioned in paragraph 36 of the COMPLAINT.

7

8  SUPPLEMENTED RESPONSE TO REQUEST NO. 330:

9       In addition to the General Objections stated above, which are
10  incorporated herein by reference, Mattel objects to this Request on the grounds that
11  it calls for the disclosure of information subject to the attorney-client privilege, the
12  attorney work-product doctrine and other applicable privileges.  Subject to the
13  foregoing, and pursuant to the Order, Mattel responds as follows:  Mattel has
14  produced those responsive, non-privileged documents that it was able to locate after
15  a reasonable, good-faith search for and review of files that were reasonably likely to
16  contain responsive documents bearing on the issues in this litigation.

17

18  DATED:  January 19, 2008        QUINN EMANUEL URQUHART OLIVER &
                                     HEDGES, LLP
19

20                                  By
21                                     Michael T. Zeller
                                       Timothy L. Alger
22                                     Attorneys for Mattel, Inc.

23

24

25

26

27                           EXHIBIT _____ 2_____

28                           PAGE _____ 44_____

7209/2342869.1
                                     -39-

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017.

On January 18, 2008, I served true copies of the following documents described as:

### MATTEL'S THIRD SUPPLEMENTAL RESPONSES TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

on the parties in this action as follows:

| | |
|---|---|
| Skadden, Arps, Slate, Meagher & Flom LLP<br>   Thomas J. Nolan, Esq.<br>300 South Grand Avenue, Suite 3400<br>Los Angeles, CA 90071<br>Telephone: 213.687.5000<br>Facsimile: 213.687.5600 | **Attorneys for *MGA Entertainment, Inc., MGA Entertainment (HK) Ltd., Isaac Larian and MGAE de Mexico, S.R.L. de C.V.*** |
| Keker & Van Nest, LLP<br>   John W. Keker, Esq.<br>   Michael H. Page, Esq.<br>   Christa M. Anderson, Esq.<br>710 Sansome Street<br>San Francisco, CA 94111<br>Telephone: 415.391.5400<br>Facsimile: 415.397.7188 | **Attorneys for *Carter Bryant*** |
| Overland Borenstein Scheper & Kim, LLP<br>   Mark E. Overland, Esq.<br>   David C. Scheper, Esq.<br>   Alexander H. Cote, Esq.<br>300 South Grand Avenue, Suite 2750<br>Los Angeles, CA 90071<br>Telephone: 213.613.4655<br>Facsimile: 213.613.4656 | **Attorneys for *Carlos Gustavo Machado Gomez*** |

[√]     **[MAIL]** As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business, addressed as set forth below. I am aware that on motion of the party

Case No. CV 04-9049 SGL (RNBx)

PROOF OF SERVICE RE MATTEL'S OPPOSITION TO MOTION TO COMPEL

EXHIBIT _____ 2

PAGE   45

1  served, service is presumed invalid if postal cancellation date or postage

2  meter date is more than one day after date of deposit for mailing in affidavit.

3

4        I declare that I am employed in the office of a member of the bar of this

5  court at whose direction the service was made

6

7        Executed on January 18, 2008, at Los Angeles, California.

8

9

10                                  Albert V. Villamil

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26                              EXHIBIT _____2_____

27                              PAGE _____46_____

28

/209/2336687.1

Case No. CV 04-9049 SGL (RNBx)
PROOF OF SERVICE RE MATTEL'S OPPOSITION TO MOTION TO COMPEL

# EXHIBIT 3

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543 | TEL: (213) 443-3000 FAX: (213) 443-3100

WRITER'S DIRECT DIAL NO.
(213) 443-3132

WRITER'S INTERNET ADDRESS
Jameswebster@quinnemanuel.com

August 27, 2009

VIA E-MAIL AND U.S. MAIL

Diana M. Rutowski, Esq.
Orrick Herrington & Sutcliffe LLP
1000 Marsh Road
Menlo Park, CA 94025

Re:   Mattel, Inc. v. MGA Entertainment, Inc., et. al.

Dear Ms. Rutowski:

I am writing in response to your letter of August 25, 2009. Your letter states that the Document Requests identified are Phase 1 Requests that seek "information discoverable in Phase 2." As Mattel has repeatedly requested, please provide us with the basis for MGA's contention that such Phase 1 Requests are relevant to claims in Phase 2.

In addition, I suggest that you consult Mattel's Third Supplemental Responses to MGA's First Set of Requests for Production, and revise your list accordingly. In these Responses, served after the September 12, 2007 Order, Mattel confirms that it has produced all relevant documents for well over half of the Requests you now seek to put at issue. At a minimum, MGA should be expected to review Mattel's discovery responses before initiating meet and confers, to avoid demanding information that Mattel has already provided.

Best regards,

/s/ James J. Webster

James J. Webster
JJW

00505.07975/3074994.1

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL (415) 875-6600 FAX (415) 875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065-2139 | TEL (650) 801-5000 FAX (650) 801-5100
CHICAGO | 250 South Wacker Drive, Suite 230, Chicago, Illinois 60606-6301 | TEL (312) 463-2961 FAX (312) 463-2962
LONDON | 16 Old Bailey, London EC4M 7EG, United Kingdom | TEL +44(0) 20 7653 2000 FAX +44(0) 20 7653 2100
TOKYO | Akasaka Twin Tower Main Bldg., 6th FL, 17-22 Akasaka 2-Chome, Minato-ku, Tokyo 107-0052, Japan | TEL +81 3 5561-1711 FAX +81 3 5561-1712

EXHIBIT _____3_____

PAGE _____47_____

# EXHIBIT 4

CONFORMED COPY

LODGED

FILED

2007 MAY 16  PM 2: 00

2007 MAY 16  PM 1: 59

1  Hon. Edward A. Infante (Ret.)
   JAMS
2  Two Embarcadero Center
   Suite 1500
3  San Francisco, California 94111
   Telephone:   (415) 774-2611
4  Facsimile:   (415) 982-5287

5

6

7                   UNITED STATES DISTRICT COURT

8                   CENTRAL DISTRICT OF CALIFORNIA

9                         EASTERN DIVISION

10

11  CARTER BRYANT, an individual,        CASE NO. C 04-09049 SGL (RNBx)
                                         JAMS Reference No. 1100049530
12              Plaintiff,

13        v.                             Consolidated with
                                         Case No. CV 04-09059
14  MATTEL, INC., a Delaware corporation, Case No. CV 05-2727

15              Defendant.               ORDER GRANTING MGA AND
                                         BRYANT'S JOINT MOTION TO
16                                       COMPEL PRODUCTION OF
                                         CERTAIN DOCUMENTS WITHHELD
17                                       UNDER CLAIMS OF PRIVILEGE FOR
                                         IN CAMERA REVIEW, AND
18                                       DENYING MOTION TO ATTEST TO
                                         THE COMPLETENESS OF
19  CONSOLIDATED WITH                    FEBRUARY 2007 PRODUCTION
    MATTEL, INC. v. BRYANT and
20  MGA ENTERTAINMENT, INC. v. MATTEL,
    INC.
21

22                          INTRODUCTION

23        On April 10, 2007, MGA Entertainment, Inc. ("MGA") and Carter Bryant ("Bryant")

24  submitted a joint motion to compel Mattel, Inc. ("Mattel") to (1) produce certain documents

25  withheld under claims of privilege for an *in camera* review, (2) certify that it has produced "all

26  responsive documents concerning its investigations of Carter Bryant, MGA and/or the origins of

27

28  Bryant v. Mattel, Inc.,
    CV-04-09049 SGL (RNBx)

EXHIBIT _____ 4

PAGE _____ 48

1  Bratz" (Joint Motion at 14:4-7) , and (3) de-designate an "Attorney's Eyes Only" document. On

2  April 17, 2007, Mattel submitted an opposition brief, and on April 24, 2007, Mattel submitted a

3  reply brief.

4       In its opposition brief, Mattel indicates that it does not believe an *in camera* review is

5  necessary, but does not object to the procedure. Accordingly, Mattel is ordered to submit the

6  documents in dispute for an *in camera* review. Mattel also states that it has withdrawn its

7  "Attorney's Eyes Only" designation for the document in dispute.

8       The only remaining issue is whether Mattel should be ordered to certify that it has

9  produced all "responsive" documents concerning its investigations of Carter Bryant, MGA and/or

10  the origins of Bratz, including what the parties refer to as the "March 2002" investigation. The

11  motion was heard on May 11, 2007. For the reasons set forth below, the motion for an order

12  compelling Mattel to provide a certification is denied.

13                                    BACKGROUND

14       In October of 2004, Mattel produced to Bryant an anonymous letter received by Mattel's

15  CEO, Robert Eckert, in August 2002, alleging that Bryant had stolen the idea for Bratz from

16  Mattel (the "2002 Anonymous Letter"). In January of 2007, MGA and Bryant filed a motion to

17  compel Mattel to, among other things, produce or identify on a privilege log evidence related to

18  any investigation that occurred as a result of Mattel receiving the 2002 Anonymous Letter. The

19  motion was granted, and Mattel was ordered "to produce or identify on a privilege log all

20  documents relating to the 2002 Anonymous Letter and investigation that are responsive to

21  Bryant's Request Nos. 3, 5, 15, 17, 18, 28, 31, 35 and 36." Order Granting MGA and Bryant's

22  Joint Motion to Compel The Production Of Documents And Deposition 30(b)(6) Witness at p.8

23  ("Order").

24       In compliance with the Order, Mattel produced documents from a file from the Global

25  Security department related to the 2002 Anonymous Letter. Mattel also produced non-privileged

26  portions of files from Mattel's Global Security department pertaining to three additional matters:

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

2

EXHIBIT ____4____

PAGE ____49____

1   (1) a file related to a former Mattel executive, Ron Brawer, who departed for MGA in late 2004;

2   (2) a file from the June 2003 time frame related to MGA's alleged procurement of confidential

3   information; and (3) a file related to inquiries that Global Security made in March 2002 about

4   whether Carter Bryant had stolen a Mattel doll project called Toon Teens.  Mattel also provided a

5   privilege log identifying withheld or redacted documents.

6          After reviewing Mattel's production, MGA and Bryant concluded that Mattel's

7   investigation was far broader than the 2002 Anonymous Letter.  In particular, MGA and Bryant

8   contend that Mattel's document production revealed for the first time that "Mattel's head of

9   security De Anda had conducted a full-blown investigation of Bryant, MGA, and MGA CEO

10  Isaac Larian – complete with undercover surveillance and social security number checks of Mr.

11  Larian and his family – beginning in March 2002 when Mattel received a claim from two of its

12  employees, Evelyn Viohl and Ivy Ross, that MGA had reportedly hired a number of former

13  Mattel employees and was allegedly manufacturing products that appeared to be Mattel designs."

14  Joint Motion at 5:27-6:6.  MGA and Bryant believe that Mattel "stonewalled" producing the

15  documents from the March 2002 time frame because those documents are allegedly highly

16  relevant and strongly support their defenses based upon laches and the statute of limitations.  Id.

17  at 1:18-2:2.  Prior to the production of the Global Security files, MGA and Bryant were basing

18  their laches and statute of limitations defense on the 2002 Anonymous Letter, which Mattel

19  received in August of 2002.  Now that they have reviewed the Global Security files, MGA and

20  Bryant apparently intend to argue that March 2002 is the key time frame for evaluating their

21  laches and statutes of limitations defenses.

22         In addition, MGA and Bryant became suspicious that Mattel's document production was

23  incomplete because it did not include any "findings by any Mattel employee or agent as to when

24  Mattel first learned or what Mattel first knew concerning Mr. Bryant's involvement with MGA or

25  the Bratz line of dolls."  Joint Motion at 2:6-8.  MGA and Bryant also suspect that Mattel's

26  production is incomplete because some of the documents that were produced referenced the

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

3

EXHIBIT _____ 4

PAGE _____ 50

1   existence of other documents – a videotape and electronic files – that were not produced.  Further,

2   MGA and Bryant contend that one of Mr. De Anda's e-mails regarding the 2002 Anonymous

3   Letter referred to Mattel's General Counsel, Robert Normile, and yet, Mattel did not produce or

4   identify on a privilege log any documents from Mr. Normile's files.

5         Because MGA and Bryant are now aware that Mattel's investigation was broader than the

6   2002 Anonymous Letter and are concerned that Mattel's document production remains

7   incomplete, MGA and Bryant move to compel Mattel to certify that it has produced "all

8   responsive documents concerning its investigations of Carter Bryant, MGA and/or the origins of

9   Bratz."  Joint Motion at 14:16-17.  In particular, MGA and Bryant seek certification on two

10   points:  (1) that Mattel has produced or identified on a privilege log documents concerning the

11   2002 investigation(s) of Carter Bryant; and (2) that Mattel "has searched the files of all custodians

12   likely to have responsive documents including personnel in its Legal and Human Resources

13   departments as well as outside private investigators (not just Global Security), and that it

14   produced or logged all responsive documents concerning these investigations within its

15   possession, custody, or control."  Joint Reply at 1:9-23.

16         Mattel opposes the joint motion to compel a certification for a number of reasons.  First,

17   Mattel represents that it "has produced more than 75,000 pages of documents that it has located

18   pursuant to a good faith, diligent search, and it continues to collect and produce documents on a

19   rolling basis."  Opposition at 5:8-9.  Second, Mattel contends that the Order requires production

20   of only non-privileged documents related to any investigation into the 2002 Anonymous Letter,

21   and not documents related to any other "investigations."  Id. at 1:8-2:15.

22         Third, Mattel contends that the March 2002 "investigation"[1] is not relevant to MGA and

23   Bryant's laches and statute of limitations defenses.  According to the declaration of Mr. De Anda,

24   in March of 2002, he "followed up on information that Carter Bryant might have misappropriated

25

26       [1]  Mattel uses the term "inquiries" instead of "investigations" to describe Global Security's activities.  See
Mattel's Opposition at 1:9; 2:4.

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

4

EXHIBIT   4

PAGE   51

1   'Toon Teens,' a doll line created by Mattel designer Lily Martinez, after Mr. Bryant left Mattel."

2   De Anda Decl. at ¶4. Mattel reasons that because it has not asserted any claim for infringement

3   of Toon Teens, the March 2002 "investigation" is not relevant to the laches and statute of

4   limitations defenses. Mattel acknowledges, however, that Toon Teens are relevant to other

5   claims. Mattel also represents that it "has no issue at this point in turning over relevant, non-

6   privileged Toon Teens documents that it locates after a reasonable search," and that it has been

7   producing such information. Id.

8           Fourth, Mattel represents that the documents contained or referenced in the Global

9   Security files (including the videotape and electronic files) have been produced or identified on a

10  privilege log. Mattel's Opposition at 6; and Alger Decl. at ¶¶4-5. Lastly, Mr. De Anda represents

11  that "no one in Mattel Global Security prepared written 'findings or conclusions' for these four

12  matters." De Anda Decl. at ¶8.

13                              DISCUSSION

14          As a preliminary matter, the Federal Rules of Civil Procedure do not include any

15  procedure for filing a motion to compel the type of certification MGA and Bryant now seek.

16  Instead, the Federal Rules of Civil Procedure provide for other means of addressing discovery

17  abuses, including Rule 26 and Rule 37.

18          Furthermore, the requested relief is beyond the scope of the January 2007 Order. MGA

19  and Bryant were unaware of the March 2002 "investigation" at the time they filed their motion to

20  compel in January of 2007. The focus of MGA and Bryant's motion was on whether Mattel must

21  produce evidence related to any investigation that occurred as a result of Mattel receiving the

22  August 2002 Anonymous Letter. The motion was granted, and Mattel was ordered "to produce or

23  identify on a privilege log all documents relating to the 2002 Anonymous Letter and investigation

24  that are responsive to Bryant's Request Nos. 3, 5, 15, 17, 18, 28, 31, 35 and 36." Order at pp. 6-8.

25  Neither the prior motion nor the Order specifically addressed whether Mattel was required to

26  produce documents related to the March 2002 "investigation" or any other investigations.

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

5

EXHIBIT _____ 4

PAGE _____ 52

1    Therefore, the Order does not provide any basis for ordering Mattel to provide any certification
2    related to the March 2002 "investigation" or any other investigations.
3          Moreover, a certification is unnecessary because Mattel has now explained all of the
4    alleged deficiencies in its document production. Mattel represents that the documents contained
5    or referenced in the Global Security files (including the videotape and electronic files) have been
6    produced or identified on a privilege log. Mattel's Opposition at 6; and Alger Decl. at ¶¶4-5. In
7    addition, Mr. De Anda represents that "no one in Mattel Global Security prepared written
8    'findings or conclusions' for these four matters." De Anda Decl. at ¶8. Mattel also represents
9    that it has "no issue at this point in turning over relevant, non-privileged Toon Teens documents
10   that it locates after a reasonable search," and that it has been producing such information.
11   Mattel's Opposition at 6:19-27. Mattel also represents that its document production is ongoing.
12         In addition, during the hearing, Mattel's counsel represented that Mattel has conducted a
13   reasonable search of its Human Resource Department, the Legal Department, and outside private
14   investigators retained by Mattel or its counsel, and has produced all documents related to the
15   March 2002 investigation that are responsive to MGA and Bryant's document requests.[2]
16   //
17   //
18   //
19   //
20
21
22
23
24   ───────────────
25        [2]  Although the motion is captioned as one for certification, MGA stated at the hearing that it seeks, in the
     alternative, an order compelling further production of documents related to the March 2002 "investigation." Because
26   Mattel has explained the alleged deficiencies in its production and the scope of its search for responsive documents,
     MGA's request for an order compelling further production of documents is denied.
27
28
     Bryant v. Mattel, Inc.,
     CV-04-09049 SGL (RNBx)

                                                                                                6

     EXHIBIT _____4_____

     PAGE _____53_____

1

## CONCLUSION

2         For the reasons set forth above, Mattel is ordered to submit the documents in dispute for

3    an *in camera* review no later than May 18, 2007, and the motion for a certification is denied.

4         Pursuant to Paragraph 6 of the Stipulation and Order for Appointment of a Discovery

5    Master, Mattel shall file this Order with the Clerk of Court forthwith.

6    Dated: May ___, 2007

7                                                    HON. EDWARD A. INFANTE (Ret.)
                                                     Discovery Master

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)                                                                        7

EXHIBIT ____ 4
PAGE ____ 54

## PROOF OF SERVICE BY E-MAIL

I, Anthony Sales, not a party to the within action, hereby declare that on May 15,

2007, I served the attached ORDER GRANTING MGA AND BRYANT'S JOINT MOTION

TO COMPEL PRODUCTION OF CERTAIN DOCUMENTS WITHHELD UNDER

CLAIMS OF PRIVILEGE FOR IN CAMERA REVIEW AND DENYING MOTION TO

ATTEST TO COMPLETENESS OF FEBRUARY 2007 PRODUCTION in the within action

by e-mail addressed as follows:

| | | |
|---|---|---|
| Robert Millman Esq. | Littler Mendelson | rfmillman@littler.com |
| Douglas Wickham Esq. | Littler Mendelson | dwickham@littler.com |
| Keith Jacoby Esq. | Littler Mendelson | kjacoby@littler.com |
| Dominic Messiha Esq | Littler Mendelson | dmessiha@littler.com |
| Diba Rastegar Esq. | Littler Mendelson | drastegar@littler.com |
| Michelle Park Esq. | Littler Mendelson | mpark@littler.com |
| Alaya B. Meyers, Esq. | Littler Mendelson | ameyers@littler.com |
| Brady Mitchell, Esq. | Littler Mendelson | bmitchell@littler.com |
| Carol Miller, Esq. | Littler Mendelson | cmiller@littler.com |
| Ryan P. Eskin, Esq. | Littler Mendelson | reskin@littler.com |
| John Quinn Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | jbq@quinnemanuel.com |
| Michael Zeller Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | michaelzeller@quinnemanuel.com |
| Jon Corey Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | joncorey@quinnemanuel.com |
| Duane Lyons Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | duanelyons@quinnemanuel.com |
| Timothy Alger Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | timalger@quinnemanuel.com |
| Dominic Surprenant Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | DominicSurprenant@QuinnEmanuel.com |
| B. Dylan Proctor Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | dylanproctor@quinnemanuel.com |
| Shane McKenzie Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | shanemckenzie@quinnemanuel.com |
| Bridget Morris Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | bridgetmorris@quinnemanuel.com |
| Tamar Buchakjian Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | tamarbuchakjian@quinnemanuel.com |
| Juan Pablo Alban, Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | juanpabloalban@quinnemanuel.com |
| Dale Cendali Esq. | O'Melveny & Myers LLP | dcendali@omm.com |
| Diana Torres Esq. | O'Melveny & Myers LLP | dtorres@omm.com |
| James Jenal Esq. | O'Melveny & Myers LLP | jjenal@omm.com |
| Alicia Meyer Esq. | O'Melveny & Myers LLP | ameyer@omm.com |
| Jennifer Glad Esq. | O'Melveny & Myers LLP | jglad@omm.com |
| David Hurwitz, Esq. | O'Melveny & Myers LLP | dhurwitz@omm.com |
| Johanna Schmitt Esq. | O'Melveny & Myers LLP | jschmitt@omm.com |
| Patricia Glaser Esq. | Christensen, Glaser, Fink, Jacobs, Weil & Shapiro, LLP | pglaser@chrisglase.com |

I declare under penalty of perjury under the laws of the Untied States of America that
the above is true and correct.

Executed on May 15, 2007, at San Francisco, California.

Anthony Sales

EXHIBIT ___4___

PAGE ___55___

# EXHIBIT 5

1  Hon. Edward A. Infante (Ret.)
   JAMS
2  Two Embarcadero Center
   Suite 1500
3  San Francisco, California 94111
   Telephone:    (415) 774-2611
4  Facsimile:    (415) 982-5287

5

6

7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10                    EASTERN DIVISION

11

12 | CARTER BRYANT, an individual, | CASE NO. CV 04-09049 SGL (RNBx) |

13 Plaintiff, | JAMS Reference No. 1100049530 |

14 v. | Consolidated with |

15 MATTEL, INC., a Delaware corporation, | Case No. CV 04-09059 |
   | Case No. CV 05-2727 |

16 Defendant. | **ORDER DENYING MGA'S MOTION** |

17 | **TO COMPEL MATTEL TO PRODUCE** |
   | **EMAIL AND OTHER ELECTRONIC** |

18 | **DOCUMENTS; DENYING REQUEST** |
   | **FOR SANCTIONS** |

19 CONSOLIDATED WITH
20 MATTEL, INC. v. BRYANT and
   MGA ENTERTAINMENT, INC. v. MATTEL,
21 INC.

22

23                    I. INTRODUCTION

24      On January 16, 2008, MGA Entertainment, Inc. ("MGA") submitted a "Motion to Compel

25 Mattel to Produce Email." More specifically, MGA seeks an order compelling Mattel, Inc.

26 ("Mattel") "to certify that it has produced all non-privileged email responsive to MGA's and

27 Bryant's document requests and not withheld any such email based on cost concerns and, in the

28 Bryant v. Mattel, Inc.,
   CV-04-09049 SGL (RNBx)                                          1

                    4-24        EXHIBIT _____5_____

                               PAGE _____56_____

1    absence of such a certification, an order requiring Mattel to produce all non-privileged, responsive

2    email." MGA's Motion at p. i. MGA also requests an award of costs pursuant to Rule

3    37(b)(2)(C), Fed.R.Civ.P. On January 31, 2008, Mattel submitted an opposition, and on February

4    5, 2008, MGA submitted a reply. The motion was heard on February 11, 2008, at which time the

5    court found that the parties had not satisfied their obligation to meet and confer and directed them

6    to do so. On February 21, 2008, the parties met and conferred. On March 28, 2008, the parties

7    submitted a joint report in which they represented that they had met and conferred regarding this

8    motion. On April 8, 2008, counsel for Mattel submitted a supplemental declaration, and on April

9    10, 2008, MGA's counsel submitted a declaration in response. The motion was heard on April 11,

10    2008.

11    II. BACKGROUND[1]

12        On May 22, 2007, the court issued an Order Granting in Part and Denying in Part MGA's

13    Motion to Compel Documents Responsive to First Set of Requests for Production of Documents.

14    As the May 22, 2007 Order reflects, the court considered all of Mattel's objections to each of the

15    requests at issue, including Mattel's objection to searching and producing emails, and granted

16    MGA's motion as to numerous requests. On September 12, 2007, the court issued an Order

17    Granting in Part and Denying in Part MGA's Motion to Compel Mattel to Supplement Responses

18    and Produce Documents Responsive to First Set of Requests for Production of Documents and

19    Things; Denying Request for Sanctions.

20        After reviewing Mattel's production, MGA determined that the few thousand emails

21    produced appear to have been produced from existing hard copy files rather than from electronic

22    files. MGA also concluded that the number of emails produced by Mattel was exceedingly low

23    when compared to MGA's production of emails. MGA estimates that its production to Mattel

24    consisted of approximately 19,500 email messages and more than 20,000 email attachments.

25

26

---

27    [1] Because the parties are familiar with the procedural history of this motion, the "Background" section set forth herein includes only a brief summary of that history and a brief summary of the parties' main contentions.

28    Bryant v. Mattel, Ino., CV-04-09049 SGL (RNBx)    2

EXHIBIT    5

PAGE    57

1  Therefore, MGA requested to meet and confer with Mattel to understand whether and to what
2  extent Mattel had searched for and produced responsive emails.

3      Dissatisfied with counsel's representations regarding the scope of Mattel's searches for
4  emails, and in particular archived and backed up emails, MGA filed the instant motion. MGA
5  contends that Mattel "should be ordered to certify that it has (i) produced all non-privileged email
6  responsive to all document requests as to which Mattel either agreed to produce responsive
7  documents or has been ordered to produce responsive documents, and (ii) not withheld any such
8  email based on cost concerns." MGA's Motion at p.11. If Mattel cannot provide such a
9  certification, MGA contends that Mattel "should be ordered immediately to produce all non-
10 privileged, responsive email, including archived email and email stored on backup tapes." Id.

11     Mattel contends that it has complied with court orders regarding production of
12 documents, having conducted a "reasonable search" for responsive documents. Mattel represents
13 that it searched various electronic media in its possession that were likely to have responsive
14 documents. Mattel's Opposition at p. 6. Mattel also represents that it has conducted reasonable
15 searches of every electronic data compilation identified by MGA in the instant motion. Mattel,
16 however, acknowledges that it has not searched its e-mail server backup tapes. Id. at p. 1. Mattel
17 contends that the burden and expense of searching its e-mail server backup tapes far outweigh the
18 likely benefit of the search. Mattel also contends that if it is ordered to conduct such a search, the
19 cost should be borne by MGA.

20     In the supplemental declaration submitted on April 10, 2008, MGA outlines a proposal for
21 a search of Mattel's backup tapes. Specifically, MGA proposes that Mattel search email backup
22 tapes of the accounts of all the individuals the parties have listed in their respective initial
23 disclosures, using the keywords MGA, NHB, Bratz, Larian and Bryant. MGA also proposes that
24 Mattel conduct the search at 85 day intervals. Eckles Decl., ¶4.

25     Mattel, however, continues to object to searching its email backup tapes based upon
26 relevancy and burden grounds. Mattel contends that the email backup tapes that still exist at
27 Mattel would not contain documents relevant to the Phase I trial. Supp. Alger Decl. Mattel also

28
Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)                                                                    3

EXHIBIT ____5____

PAGE ____58____

1  contends that the terms MGA, Bratz and Larian are likely to draw many thousands of false "hits."

2  Mattel further contends that a search based on terms such as MGA, Bratz and Larian would sweep

3  up a far broader universe of documents than has ever been ordered in the case.

### III. STANDARDS

5      In general, parties may obtain discovery regarding any matter, not privileged, that is

6  relevant to any party's claim or defense. Fed.R.Civ.P. 26(b)(1). The Federal Rules of Civil

7  Procedure, however, impose specific limitations on discovery of electronically stored information.

8  "A party need not provide discovery of electronically stored information from sources that the

9  party identifies as not reasonably accessible because of undue burden or cost." Fed.R.Civ.P.

10  26(b)(2)(B). "On motion to compel discovery or for a protective order, the party from whom

11  discovery is sought must show that the information is not reasonably accessible because of undue

12  burden or cost. If that showing is made, the court may nonetheless order discovery from such

13  sources if the requesting party shows good cause, considering the limitations of Rule

14  26(b)(2)(C)." Id.

15      According to the Advisory Committee Notes to the 2006 Amendments to Rule 26, "[t]the

16  decision whether to require a responding party to search for and produce information that is not

17  reasonably accessible depends not only on the burdens and costs of doing so, but also on whether

18  those burdens and costs can be justified in the circumstances of the case." The Advisory

19  Committee Notes suggest that courts consider the following: "(1) the specificity of the discovery

20  request; (2) the quantity of information available from other and more easily accessed sources; (3)

21  the failure to produce relevant information that seems likely to have existed but is no longer

22  available on more easily accessed sources; (4) the likelihood of finding relevant, responsive

23  information that cannot be obtained from other, more easily accessed sources; (5) predictions as

24  to the importance and usefulness of the further information; (6) the importance of the issues at

25  stake in the litigation; and (7) the parties' resources." Advisory Comm. Notes to 2006 Amend. to

26  Rule 26.

27      Further, all discovery "is subject to the limitations imposed by Rule 26(b)(2)(C)."

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

4

EXHIBIT _____ 5

PAGE _____ 59

1   Fed.R.Civ.P. 26(b)(1). Pursuant to Rule 26(b)(2)(C), Fed.R.Civ.P., the court must limit the

2   frequency or extent of use of discovery otherwise allowed by the Federal Rules of Civil Procedure

3   or by local rule if the court determines that: "(i) the discovery sought is unreasonably cumulative

4   or duplicative, or can be obtained from some other source that is more convenient, less

5   burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to

6   obtain the information by discovery in the action; or (iii) the burden or expense of the proposed

7   discovery outweighs its likely benefit, considering the needs of the case, the amount in

8   controversy, the parties' resources, the importance of the issues at stake in the action, and the

9   importance of the discovery in resolving the issues." Fed.R.Civ.P. 26(b)(2)(C).

10          Rule 34, Fed.R.Civ.P., was also amended to take into account developments in

11   information storage and technology, and now provides that a party may serve a request for

12   electronically stored information. Thus, emails are no less subject to discovery than paper

13   documents. See e.g. Zubulake v. UBS Warburg LLC, 217 F.R.D. 309, 317 (S.D. N.Y. 2003)

14   ("[E]lectronic documents are no less subject to disclosure than paper records. [citation omitted]

15   This is true not only of electronic documents that are currently in use, but also of documents that

16   may have been deleted and now reside only on backup disks.").

17                                      IV. DISCUSSION

18          The searches Mattel has conducted to date for electronic information are adequate to

19   discharge its obligation under Rule 34. Mattel represents that it has searched electronic data

20   compilations including, but not limited to: (a) over 130 hard drives used or potentially used at

21   Mattel's El Segundo headquarters and at Mattel's Design Center during the relevant period,

22   referred to in Exhibit C to Michael Moore's Affidavit in Support of Mattel's Opposition to MGA's

23   Motion for Terminating Sanctions ("Moore Affidavit"); (b) the archived e-mail in the form of

24   Outlook archive or "pst" files of 38 Mattel employees who may have sent e-mail messages to

25   Carter Bryant or other messages related to this litigation, identified in Exhibit B to the Moore

26   Affidavit; (c) the hard drives and mailboxes of many former and current Mattel employees whose

27   names have appeared in the litigation, including Lily Martinez, Sharon Zuckerman, April Walker,

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)                                                                              5

EXHIBIT _____ 5

PAGE _____ 60

1   Ronnie Ruggeri, Juan Rodriguez, Cassidy Beal-Park, Jill Nordquist, Bill Martinez, Rita Liu, Erica

2   Kane, Katiana Jiminez, Hoi Hoffman, Kitti Hammons, Ei Fong, Ann Driskill, Patricia Chan,

3   Robert Best, Kelly Matheny, Vived Gonzalez, Carmen Monteagudo, Megan Sepanik, Elizabeth

4   Arriola, Ariana Sarinana, Tina Tomiyama, Michael Hebden, Desiree Rouquillo, Ivy Palijo, James

5   Mills-Winkler, Mina Mirkazemi, V. Karpio, J. Holmes, and Daniel Leahy; (d) the e-mail

6   messages received by Mattel employees from specific locations relevant to this litigation on the

7   Internet, including "mgae.com"; (e) more than 184 gigabytes of e-mail messages and attachments

8   gathered by Mattel's automated security tool that monitored e-mail messages coming into and

9   going out of Mattel for certain keywords relating to Bratz, MGA and related issues; (f) the

10  mailboxes and hard drives of many employees who left Mattel after May 2, 2005; and (g) the

11  information on the SYMM used by Mattel for network storage in El Segundo prior to 2003.

12  Mattel also represents that it has produced over 9,900 e-mails to date.

13         In response to the instant motion, Mattel has shown that the electronic information MGA

14  now seeks is not reasonably accessible because of undue burden and cost. Mattel contends that a

15  search of the backup tapes from its El Segundo e-mail servers would be prohibitively expensive.

16  Mattel estimates that the necessary hardware and software to perform a search would cost at least

17  $25,000 and $15,000, respectively. Further, there are hundreds of terabytes of data on Mattel's

18  email server backup tapes. Mattel estimates that the restoration of just one nightly backup tape

19  from the e-mail servers would cost approximately $1400 in flat fees and take at least fifteen man

20  hours at a cost of $5,000. In addition, Mattel estimates that the cost of extracting the data from

21  just one nightly backup tape, searching it, and then reviewing it would take at least 80 man hours,

22  at a cost of at least $30,000. Based upon these figures, Mattel estimates that the total cost for

23  restoring and searching all of its backup tapes would cost tens of millions of dollars. These

24  estimates do not include the cost of a paralegal or attorney reviewing the electronic information.

25         MGA has not shown the requisite good cause to justify compelling Mattel to search for

26  and produce the requested electronic information, taking into consideration the circumstances of

27  this case. The number of potentially relevant emails is likely to be modest relative to the number

28

EXHIBIT ___5___

PAGE ___61___

1   of non-responsive and irrelevant emails in the backup tapes. Furthermore, the likelihood of

2   identifying and producing potentially relevant emails beyond the emails that have already been

3   produced by Mattel is small based upon Mattel's representations that "(i) with respect to the

4   claims relating to origin and ownership of Bratz, aside from e-mails voluntarily saved by

5   employees and already searched and produced by Mattel, e-mails from before mid-December

6   2004 (including the key, year 2000 time period) have long been deleted from Mattel servers and

7   cannot be found on the back-up tapes," and "(ii) with respect to the other claims at issue in this

8   litigation, Mattel has already interviewed dozens of employees and had collected electronic files

9   bearing on these claims from those witnesses, as well as thousands of electronic documents from

10   the SYMM and Zeus servers relating to the unfair competition claims made by MGA, including,

11   but not limited to, marketing and design documents for MY SCENE, WEE THREE,

12   ACCELERACERS, and LITTLE MOMMY." Mattel's Opposition at pp.17-18.

13        Furthermore, it bears emphasizing that the parties have pursued extraordinarily extensive

14   discovery in this case. The parties have propounded hundreds of document requests,

15   interrogatories and requests for admission directed at every conceivable issue encompassed in

16   Phase 1. The document production has been exceedingly voluminous. The parties have also

17   taken several hundreds of hours of deposition testimony, if not more. Thus, MGA has had ample

18   opportunity to obtain discovery in this action, and the discovery MGA now seeks is unreasonably

19   cumulative and duplicative. Furthermore, the burden and expense of requiring Mattel to produce

20   the requested electronic discovery substantially outweigh the likely benefit of the discovery

21   sought, considering the needs of the case, the amount in controversy, the parties' resources, the

22   importance of the issues at stake in the action, and the importance of the discovery in resolving

23   the issues.

24                         V. CONCLUSION

25        For the reasons set forth above, MGA's motion to produce email and other electronic

26   documents is denied pursuant to Rules 26(b)(2)(B) and 26(b)(2)(C) of the Federal Rules of Civil

27   Procedure. MGA's request for an award of costs pursuant to Rule 37(b)(2)(C), Fed.R.Civ.P, is

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

7

EXHIBIT _____ 5

PAGE _____ 62

1   also denied.

2       Pursuant to Paragraph 6 of the Stipulation and Order for Appointment of a Discovery

3   Master, Mattel shall file this Order with the Clerk of Court forthwith.

4

5   Dated: April 14, 2008

6                                           HON. EDWARD A. INFANTE (Ret.)
                                                Discovery Master

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT ___5___

PAGE ___63___

## PROOF OF SERVICE BY E-MAIL

I, Sandra Chan, not a party to the within action, hereby declare that on April 24 2008, I served the attached ORDER DENYING MGA'S MOTION TO COMPEL MATTEL TO PRODUCE EMAIL AND OTHER ELECTRONIC DOCUMENTS; DENYING REQUEST FOR SANCTIONS in the within action by email addressed as follows:

| | | |
|---|---|---|
| John W. Keker, Esq. | Keker & Van Nest | jkeker@kvn.com |
| Michael H. Page, Esq. | Keker & Van Nest | mhp@kvn.com |
| Christa Anderson, Esq. | Keker & Van Nest | cma@kvn.com |
| Matthew M. Werdegar, Esq. | Keker & Van Nest | mwerdegar@kvn.com |
| John E. Trinidad, Esq. | Keker & Van Nest | jtrinidad@kvn.com |
| Audrey Walton-Hadlock, Esq. | Keker & Van Nest | awalton-hadlock@kvn.com |
| John Quinn Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | johnquinn@quinnemanuel.com |
| Michael Zeller Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | michaelzeller@quinnemanuel.com |
| Jon Corey Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | joncorey@quinnemanuel.com |
| Duane Lyons Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | duanelyons@quinnemanuel.com |
| Timothy Alger Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | timalger@quinnemanuel.com |
| Dominic Surprenant Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | DominicSurprenant@QuinnEmanuel.com |
| B. Dylan Proctor Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | dylanproctor@quinnemanuel.com |
| Shane McKenzie Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | shanemckenzie@quinnemanuel.com |
| Bridget Hauler Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | bridgethauler@quinnemanuel.com |
| Tamar Buchakjian Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | tamarbuchakjian@quinnemanuel.com |
| Juan Pablo Alban, Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | juanpabloalban@quinnemanuel.com |
| John Gordon, Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | johngordon@quinnemanuel.com |
| Diane Hutnyan, Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | dianehutnyan@quinnemanuel.com |
| Thomas J. Nolan, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | tnolan@skadden.com |
| Raoul D. Kennedy, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | rkennedy@skadden.com |
| Amy S. Park, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | apark@skadden.com |
| Harriet S. Posner, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | hposner@skadden.com |
| Carl Alan Roth, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | croth@skadden.com |
| Timothy A. Miller, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | tmiller@skadden.com |
| Marcus S. Mumford, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | Mmumford@skadden.com |
| Paul M. Eckles, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | Paul.eckles@skadden.com |
| Lance A. Etcheverry, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | Lance.etcheverry@skadden.com |
| Robert J. Herrington, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | Robert.herrington@skadden.com |
| Mark Overland, Esq. | Overland, Borenstein, et al. | moverland@obsklaw.com |
| Alexander Cote, Esq. | Overland, Borenstein, et al. | acote@obsklaw.com |
| David C. Scheper, Esq. | Overland, Borenstein, et al. | dscheper@obsklaw.com |

I declare under penalty of perjury under the laws of the Untied States of America that the above is true and correct.

Executed on April 24, 08, at San Francisco, California.

_Sandra Chan_

Sandra Chan

EXHIBIT _____5_____

PAGE _____64_____

# EXHIBIT 6

# REDACTED

# SUBJECT TO

# PROTECTIVE ORDER

# EXHIBIT 7



1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT

10

CENTRAL DISTRICT OF CALIFORNIA

11

EASTERN DIVISION

12

| | |
|---|---|
| 13 CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
| 14 Plaintiff, | Consolidated with Case Nos. CV 04-09059 and CV 05-02727 |
| 15 vs. | **DISCOVERY MATTER** |
| 16 MATTEL, INC., a Delaware corporation, | **[To Be Heard By Discovery Master Hon. Edward Infante (Ret.) Pursuant To The Court's Order of December 6, 2006]** |
| 17 Defendant. | |
| 18 | [~~PROPOSED~~] ORDER GRANTING IN PART MATTEL'S RENEWED MOTION FOR RECONSIDERATION OF THE SEPTEMBER 12, 2007 ORDER GRANTING IN PART AND DENYING IN PART MGA'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS |
| 19 AND CONSOLIDATED ACTIONS | |

20

21

22

23

24

25

26

27

28

07209/2393380.1

[PROPOSED] ORDER

EXHIBIT ____7____

PAGE ____97____

1        Having received Mattel's Renewed Motion For Reconsideration Of The

2  September 12, 2007 Order Granting In Part And Denying In Part MGA's Motion To

3  Compel Production Of Documents (the "Motion"), and having considered the

4  Motion and all papers in support and opposition thereto, as well as the argument of

5  counsel on February 11, 2008, the Court hereby rules as follows:

6        That portion of the September 12, 2007 Order ("Order") that granted

7  MGA's motion to compel as to Request Nos. 281-282 and 284-285, as narrowed by

8  MGA, is modified and limited to those documents that relate or would relate to

9  persons employed by Mattel in the El Segundo Design Center at any time between

10  January 1, 1995 and April 28, 2005 who were or would have been required to sign

11  Mattel's Employee Confidential Information and Inventions Agreement or Conflict

12  of Interest Questionnaire, or any version of the same, or otherwise came in contact

13  with Mattel's confidential information.

14        Mattel shall comply with the Order, as modified herein, by March 3,

15  2008.

16        Pursuant to Paragraph 6 of the Stipulation and Order for Appointment

17  of a Discovery Master, Mattel shall file this Order with the Clerk of the Court

18  forthwith.

19        IT IS SO ORDERED.

20

21

22  DATED: February 20, 2008    By  _Edward A. Infante_____

23                          Hon. Edward A. Infante (Ret.)

24                          Special Discovery Master

25

26

27

28

-1-

[PROPOSED] ORDER

EXHIBIT ___7___

PAGE ___98___

## ·PROOF OF SERVICE BY E-MAIL

I, Sandra Chan, not a party to the within action, hereby declare that on February 20, 2008, I

served the attached ORDER GRANTING IN PART MATTEL'S RENEWED MOTION FOR

RECONSIDERATION OF THE SEPTEMBER 12, 2007 ORDER GRANTING IN PART AND

DENYING IN PART MGA'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS in the

within action by email addressed as follows:

| | | |
|---|---|---|
| John W. Keker, Esq. | Keker & Van Nest | jkeker@kvn.com |
| Michael H. Page, Esq. | Keker & Van Nest | mhp@kvn.com |
| Christa Anderson, Esq. | Keker & Van Nest | cma@kvn.com |
| Matthew M. Werdegar, Esq. | Keker & Van Nest | mwerdegar@kvn.com |
| John E. Trinidad, Esq. | Keker & Van Nest | ltrinidad@kvn.com |
| Audrey Walton-Hadlock, Esq. | Keker & Van Nest | awalton-hadlock@kvn.com |
| John Quinn Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | johnquinn@quinnemanuel.com |
| Michael Zeller Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | michaelzeller@quinnemanuel.com |
| Jon Corey Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | joncorey@quinnemanuel.com |
| Duane Lyons Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | duanelyons@quinnemanuel.com |
| Timothy Alger Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | timalger@quinnemanuel.com |
| Dominic Surprenant Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | DominicSurprenant@QuinnEmanuel.com |
| B. Dylan Proctor Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | dylanproctor@quinnemanuel.com |
| Shane McKenzie Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | shanemckenzie@quinnemanuel.com |
| Bridget Hauler Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | bridgethauler@quinnemanuel.com |
| Tamar Buchakjian Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | tamarbuchakjian@quinnemanuel.com |
| Juan Pablo Alban, Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | juanpabloalban@quinnemanuel.com |
| John Gordon | Quinn, Emanuel, Urquhart, Oliver & Hedges | johngordon@quinnemanuel.com |
| Thomas J. Nolan, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | tnolan@skadden.com |
| Raoul D. Kennedy, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | rkennedy@skadden.com |
| Amy S. Park, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | apark@skadden.com |
| Harriet S. Posner, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | hposner@skadden.com |
| Carl Alan Roth, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | croth@skadden.com |
| Timothy A. Miller, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | tmiller@skadden.com |
| Marcus R. Mumford, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | Mmumford@skadden.com |
| Paul M. Eckles, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | Paul.eckles@skadden.com |
| Lance A. Etcheverry, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | Lance.etcheverry@skadden.com |
| Robert J. Herrington, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | Robert.herrington@skadden.com |

I declare under penalty of perjury under the laws of the Untied·States of America that the above

is true and correct.

Executed on February 20, 2008, at San Francisco, California.

_____
Sandra Chan

EXHIBIT ____7____

PAGE ____99____

# EXHIBIT 8

1   Robert C. O'Brien (SBN 154372)
    ARENT FOX LLP
2   555 West Fifth Street, 48th Floor
    Los Angeles, CA  90013-1065
3   Telephone:  213.629.7400
    Facsimile:   213.629.7401
4   obrien.robert@arentfox.com

5   Discovery Master

6

7

8               UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10                  EASTERN DIVISION

11

| | |
|---|---|
| 12   CARTER BRYANT, an individual, | Case No.  CV 04-09049 SGL (RNBx) |
| 13                   Plaintiff, | |
| 14                   v. | **Consolidated with**<br>**Case No. CV 04-09059**<br>**Case No. CV 05-2727** |
| 15   MATTEL, INC., a Delaware<br>corporation, | **PHASE II DISCOVERY MATTER** |
| 16                   Defendant. | **ORDER NO. 3, REGARDING:** |
| 17 | **(1)  MOTION OF MGA**<br>**ENTERTAINMENT, INC.,** |
| 18 | **ISAAC LARIAN AND MGA**<br>**ENTERTAINMENT (HK)** |
| 19 | **LIMITED TO QUASH**<br>**NON-PARTY SUBPOENAS; and** |
| 20 | |
| 21 | **(2)  MOTION OF MATTEL, INC.**<br>**TO COMPEL PRODUCTION OF** |
| 22 | **DOCUMENTS RESPONSIVE TO**<br>**THE SAME NON-PARTY** |
| 23 | **SUBPOENAS** |
| 24 | |
| 25   CONSOLIDATED WITH<br>MATTEL, INC. v. BRYANT and | |
| 26   MGZ ENTERTAINMENT, INC. v.<br>MATTEL, INC. | |
| 27 | |

28

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

EXHIBIT _____ 8

PAGE _____ 100

1   This Order sets forth the Discovery Master's ruling on: (1) the motion of

2   MGA Entertainment, Inc., Isaac Larian, and MGA Entertainment (HK) Limited

3   (collectively "MGA") to quash certain non-party subpoenas [Docket Number 4779]

4   and (2) the corresponding motion of Mattel, Inc. ("Mattel") to compel production of

5   documents responsive to the same non-party subpoenas [Docket Numbers 4769 and

6   4788] (collectively, the "Motions").

7       The Motions came on regularly for hearing before the Discovery Master on

8   March 4, 2009.  All interested parties were represented by counsel and afforded the

9   opportunity to present oral argument on the Motions.  The Discovery Master,

10  having considered the papers filed in support of and in opposition to the Motions,

11  and having heard oral argument thereon, rules as set forth below.

12  **I.    INTRODUCTION**

13

14      **A.    The Court's February 11, 2009 Ruling**

15      On February 11, 2009, the Court heard oral argument on various motions

16  filed by the parties.  During the proceedings, counsel took the opportunity to orally

17  request clarification by the Court regarding whether the parties' respective motions

18  relating to the subpoenas served by Mattel on various entities allegedly related to

19  MGA (the "Subpoenas") are in any way stayed or precluded by any of the Court's

20  prior orders.

21      In response, the Court stated: "I will instruct the Discovery Master this

22  afternoon, in no uncertain terms, that there is no stay on any discovery related to

23  this case at all."  (Reporter's Transcript of Proceedings, February 11, 2009 ["Tr."],

24  99:8 – 10).  Counsel for MGA then referred to the fact that the Court had

25  previously declined to allow Mattel to serve certain discovery accompanying

26  Mattel's motion for a receiver and characterized the third-party subpoenas as an

27  attempt to circumvent the Court's ruling.  (Tr., 101:12 – 17).  In response, the Court

28  stated:

- 2 -

ORDER NO. 3
[Case No. CV 04-09049 SGL (RNBx)]

EXHIBIT _____ 8

PAGE _____ 101

1

2      Then the question becomes – and this is a question for the
       Discovery Master, not for this Court – whether or not the
3      discovery is related to Phase 2. If it is, it is. I'm not going to
4      pass any judgment whatsoever. I'm going to leave that
       completely up to the Discovery Master. ... The question for the
5      [D]iscovery [M]aster will be whether or not the disputed
6      discovery request is related or relevant to the trial that has now
       been scheduled for March [2010] or not.
7
       (Tr., 101:18 – 22; 103:1 – 3).
8
9          The Discovery Master understands the Court's ruling as indicating that, in

10     deciding the motions relating to the Subpoenas, the Discovery Master should

11     consider whether there is a nexus between the information sought by the

12     Subpoenas, on the one hand, and the Phase 2 claims and counterclaims set for trial

13     in March 2010, on the other hand. If the information sought by the Subpoenas is, to

14     use the Court's words, "related to Phase 2" or "related or relevant to the [Phase 2]

       trial," then that information could potentially be the subject of appropriate
15
       discovery requests by Mattel.[1]
16
17         **B.      Information Sought By The Subpoenas**

18         The information sought by Mattel's Subpoenas falls into two broad

19     categories. First, Mattel seeks documents from third parties Omni 808 Investors,

20     LLC, OmniNet Capital, LLC and Vision Capital, LLC (collectively, the "Financing

21     Entities") involving, among other things, their internal ownership and operations

22     and their role in providing financing to MGA during the summer of 2008 (the

23     ---
       [1] Even prior to the Court's February 11, 2009 ruling, Mattel acknowledged that it had the burden of demonstrating a
       nexus between the information sought by the Subpoenas and the Phase 2 issues, as demonstrated by Mattel's
24     inclusion of a section in its Motion to Compel summarizing the claims to be adjudicated in Phase 2, (Motion, pp. 5 –
       8), and a section arguing that the information sought by the third-party subpoenas is relevant to Mattel's Phase 2
25     claims, (*Id.*, pp. 18 - 24 and 24 – 25). However, Mattel also argued that the information sought might be appropriate
       regardless of any nexus to Phase 2. (*See id.*, pp. 14 – 17 [arguing that MGA's prior statements regarding its finances
26     in Phase 1 "opened the door" to discovery on this issue] and *id.*, p. 23 [arguing that the information sought is relevant
       to MGA's credibility]). Based on the Court's subsequent ruling on February 11, 2009, as well as the Discovery
27     Master's own independent evaluation of those arguments, the Discovery Master concludes, as discussed more fully
       below, that these arguments are insufficient, standing alone, to justify the non-party discovery Mattel seeks. Rather,
28     Mattel must demonstrate some link between the information sought and the issues to be adjudicated by the Court at
       the Phase 2 trial.

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 3 -                          ORDER NO. 3
                               [Case No. CV 04-09049 SGL (RNBx)]

EXHIBIT                  8

PAGE                     102

1    "Financing Discovery"). Based on the information presented at the February 11,
2    2009 hearing and in connection with the pending motions, it does not appear that
3    either MGA Entertainment, Inc., MGA Entertainment (HK) Limited, or Larian have
4    an ownership interest in the Financing Entities.[2]  (*See* Tr., 70:22 – 72:5; 78:9 -25).

5         Second, Mattel seeks documents from third parties IGWT Group, LLC and
6    IGWT 826 Investments, LLC (collectively, the "Transferee Entities") regarding
7    MGA's sale to them of infringing MGA inventory, namely Bratz dolls (the
8    "Transferee Discovery"). MGA does not dispute that the Transferee Entities are
9    owned and/or controlled by Larian. (*See, e.g.*, MGA's Reply in support of its
10   Motion to Quash, at p. 5, fn. 6, where MGA refers to the purchase of Bratz
11   inventory by the Transferee Entities as "Larian's purchase of those . . .
12   products . . . .").[3]

13   **II.      MGA's Motion To Quash**

14        Because it could dispose of all outstanding discovery issues related to the
15   Subpoenas, the Discovery Master first addresses MGA's Motion to Quash filed on
16   February 3, 2009.

17        **A.      Legal Standard**

18        As the party moving to quash the Subpoenas, MGA bears the burden of
19   satisfying the standard set forth in Rule 45(b), which provides that the court may
20   "quash or modify the subpoena if it is unreasonable and oppressive." (Fed. R. Civ.
21   P. 45(b); *see also Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir.
22   2004) ["The moving party has the burden of proof to demonstrate that compliance

23

---

24   [2] Of course, this is one of the facts Mattel seeks to investigate through the Subpoenas to the Financing Entities. The
25   Discovery Master's ruling denying Mattel's Motion to Compel the Financing Parties to comply with the Subpoenas
     does not address – and should not be construed as deciding – whether Mattel could, upon establishing a nexus to a
26   legitimate Phase 2 issue, seek to obtain this information from MGA.

     [3] Moreover, MGA does not dispute the assertions made by Mattel in its Motion to Compel at pp. 11– 12, including
27   that Larian created IGWT Group during the Phase 1 trial and registered its place of business as his home address, and
     that Larian created IGWT 826 Investments the day after the Phase 1 trial ended and registered it at the home address
28   of his sister.

EXHIBIT _____8_____

PAGE _____103_____

1    with the subpoena would be unreasonable and oppressive" (internal quotations

2    omitted)]; *Linder v. Department of Defense*, 133 F.3d 17, 24 (D.C. Cir. 1998) [The

3    burden of proving that a subpoena is oppressive is on the party moving to quash];

4    *Washington v. Thurgood Marshall Academy*, 230 F.R.D. 18, 21 (D.D.C. 2005) [the

5    burden is on the movant to establish that a subpoena duces tecum should be

6    quashed]). "The burden is particularly heavy to support a 'motion to quash as

7    contrasted to some more limited protection.'" (*Westinghouse Electric Corp. v. City

8    of Burlington*, 351 F.2d 762, 766 (D.C.Cir.1965) [denying a motion to quash

9    supported by two affidavits]).

10        **B.    Arguments Made By MGA In Support Of Its Motion To Quash**

11        The sole argument set forth in MGA's Motion to Quash is that the Court's

12   January 7, 2009 order appointing a forensic auditor bars Mattel from seeking the

13   information sought by the Subpoenas. (*See* MGA's Motion to Quash, pp. 1 - 6).

14   But that argument fails for the reasons set forth above.  The Court made it clear at

15   the hearing on February 11, 2009 that:

16        There is no stay on discovery.  Period. . . . . [The forensic auditor
     appointed by the Court] is acting at the Court's discretion to
17        inform the Court of information. . . . That's an entirely separate
     matter.  And I have not stayed any discovery and there should be
18        no reliance on that.  If that was misunderstood, it's clarified now.
19

20   (Tr., 97:15, 98:8 - 9, and 98:13 - 15).

21        Recognizing that its only argument has been rejected by the Court, MGA

22   argues for the first time in its Reply that its Motion to Quash should be granted

23   because the Subpoenas are not relevant to any of Mattel's Phase 2 claims. (*See*

24   MGA's Reply Brief in Support of the Motion to Quash, pp. 1 and 5 - 12).

25   However, MGA did not make this argument in its opening brief.  It instead declared

26   in its moving papers that whether the Subpoenas are related to any "Phase 2 issues

27   is beside the point." (*Id.*, p. 5).  Because MGA did not address the relevance of the

28   subject discovery until the filing of its Reply, the Discovery Master declines to

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

ORDER NO. 3
[Case No. CV 04-09049 SGL (RNBx)]

EXHIBIT ___8___

PAGE ___104___

1    consider the argument in connection with the Motion to Quash.

2        The Discovery Master, like the Court,[4] disfavors the insertion of new

3    arguments at the reply stage that could have been raised in the moving papers. A

4    party filing a motion is required to raise all of its arguments in its opening brief to

5    prevent "sandbagging" of the non-moving party and to provide opposing counsel

6    the chance to respond. This rule is routinely adhered to by courts in the Ninth

7    Circuit. (*See, e.g., United States v. Boyce*, 148 F.Supp .2d 1069, 1085

8    (S.D.Cal.2001); *Leick v. Hartford Life and Acc. Ins. Co.*, 2007 WL 1847635 at *1,

9    n. 1 (E.D.Cal. 2007); *Stewart v. Wachowski*, 2004 WL 2980783, at *11 (C.D.Cal.

10   Sept. 28, 2004); *Hamilton v. Willms*, 2007 WL 2558615, *11 (E.D.Cal.2007); *see

11   also United States v. Cox*, 7 F.3d 1458, 1463 (9th Cir.1993); *United States v.

12   Wright*, 215 F.3d 1020, 1030 n. 3 (9th Cir.2000)).

13       Furthermore, MGA will not suffer any prejudice from this decision because

14   the issue it raised in its Reply (i.e., are the Subpoenas seeking information related to

15   any Phase 2 claims) has been fully briefed by the parties and is ruled upon by the

16   Discovery Master in connection with Mattel's Motion to Compel.[5] (*See* Section III

17   below).

18       Accordingly, MGA's Motion to Quash is **DENIED**.

19   //

20   //

21   //

22   //

23

---

24   [4] In *Bryant v. Mattel, Inc.*, 573 F.Supp.2d 1254, 1273 n.7 (C.D. Cal. 2007), the Court noted that it "ordinarily would not consider" arguments made for the first time on reply but did so only "because [undertaking the analysis did] not change [its] ultimate conclusion."

25

26   [5] That the arguments raised in the Reply are the same as those in MGA's Opposition to the Motion to Compel is conceded by Mattel. Indeed, Mattel admitted in its Request to Consolidate MGA's Motion to Quash and Motion to Compel (which was denied as untimely by the Discovery Master at the hearing on March 4, 2009) that the "MGA Parties' Opposition to Mattel's Motion to Compel Production of Documents Responsive to Third Party Subpoenas . . . makes the same arguments as the MGA Parties' Reply in support of their Motion to Quash." (Mattel's Request to Consolidate MGA's Motion to Quash and Mattel's Motion to Compel, p. 2).

27

28

EXHIBIT          8

PAGE          105

1    **III.    Mattel's Motions To Compel**

2          **A.    The Purported Procedural Defects Barring Mattel's Motions To**

3                **Compel**

4          MGA, the Financing Entities, and the Transferee Entities all argue that that

5    Mattel's Motion to Compel should be denied on several different procedural

6    grounds.

7                      **1.    The Court's January 7, 2009 Order**

8          As an initial matter, the Transferee Entities and the Financing Entities repeat

9    the argument made by MGA in its Motion to Quash that the Court's January 7,

10   2009 Order appointing a forensic auditor barred Mattel from seeking the discovery

11   sought by the Subpoenas. (Financing Entities' Opposition to Mattel's Motion to

12   Compel at p. 3; Transferee Entities' Opposition to Mattel's Motion to Compel at

13   pp. 5 - 7). But that argument fares no better here than it did with respect to MGA's

14   Motion to Quash and is rejected for the reasons discussed in Section II above.

15                      **2.    Local Rule 37**

16         The Financing Entities and the Transferee Entities also argue that Mattel's

17   Motion to Compel should be denied because Mattel failed to comply with Local

18   Rule 37 by, among other things, failing to meet and confer and failing to file a joint

19   stipulation. (Financing Entities' Opposition to Mattel's Motion to Compel, pp. 1

20   and 7 - 10; Transferee Entities' Opposition to Mattel's Motion to Compel, p. 2

21   [referencing Local Rule 37 in passing]). However, Local Rule 37 (as distinguished

22   from Federal Rule 37, which is discussed in subsection 7a, below) does not apply to

23   discovery disputes in this case. Rather, the applicable procedure is the one adopted

24   by the Court in its order appointing a discovery master dated December 6, 2006

25   ("Discovery Master Order").[6]  Because the Discovery Master Order provides that

26

27   ─────────────
     [6] The Discovery Master Order is incorporated by reference into the Court's January 6, 2009 Order appointing a
28   discovery master for Phase 2 of this litigation. (*See* Court's Order dated January 6, 2009, p. 2 ["The Discovery
     Master will serve under the terms and conditions of the Stipulation and Order dated December 6, 2006"]).

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES
                                          - 7 -                    ORDER NO. 3
                                                            [Case No. CV 04-09049 SGL (RNBx)]

                                                            EXHIBIT _____ 8

                                                                          106
                                                            PAGE _____

1    "all third parties subject to discovery requests . . . in this litigation shall be bound
2    by the terms of this Stipulation and Order," (Discovery Master Order, p. 6), that
3    order applies to the Financing Entities as well as the Transferee Entities, and its
4    procedures replace those set forth in Local Rule 37. (*Id.*, p. 4).

### 3.  Local Rule 11-6 And Paragraph 4(b) Of The Court's Standing Order

7        The Financing Entities and MGA further argue that Mattel's Motion to
8    Compel should be denied because it exceeds the page limitations set forth in Local
9    Rule 11-6 and Paragraph 4(b) of the Court's Standing Order. (*See* Financing
10   Entities' Opposition to Mattel's Motion to Compel, p. 9; MGA's Opposition to
11   Mattel's Motion to Compel, pp. 18 - 19). Each of these contentions is unavailing.
12   The Discovery Master Order (not the Local Rules or the Court's Standing Order)
13   governs discovery disputes in this case, and it does not impose any page limit on
14   such motions.[7] In fact, the Discovery Master Order dispenses with the formatting
15   requirements of the Local Rules in certain ways, such as allowing letter briefs, and
16   even permits the parties to agree to alternative procedures, including, presumably,
17   filing briefs that are more than 25 pages in length. (*See* Discovery Master Order, p.
18   4). Thus, while the Discovery Master encourages the parties to be as efficient as
19   possible in their briefing, he recognizes that briefs in excess of 25 pages are either
20   directly permitted under the Discovery Master Order (since no page limitation was
21   imposed by the Court) or implicitly allowed (since the parties may agree to
22   alternate procedures). He further recognizes that the complex nature of this case
23   may periodically necessitate the filing of briefs that exceed 25 pages.[8] For all of

---

[7] Even assuming the 25 page limitation for briefs did apply, Mattel had the option of filing separate motions to compel for each of the subpoenas at issue and could have easily extended the page limitation well beyond the 30 pages it filed in connection with its combined motion that addressed multiple subpoenas propounded on the Transferee Entities and the Financing Entities.

[8] In fact, the parties to this lawsuit have filed multiple discovery motions in this case that contained more than 25 pages. (*See* Supplemental Declaration of Jon D. Corey in Support of Mattel, Inc.'s Reply in Response to The MGA Parties' Opposition to Motion to Compel, ¶ 7).

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

EXHIBIT        8
PAGE           107

1    these reasons, filings in excess of 25 pages are permitted.[9]

2         **4.    Local Rule 6-1**

3         The Financing Entities argue in passing that Mattel's motion to compel

4    should be denied because it violates Local Rule 6-1. (Financing Entities'

5    Opposition to Mattel's Motion to Compel, p. 6).    However, the Discovery Master

6    Order adopts a completely different set of deadlines than the Local Rules for the

7    filing of motions, oppositions and replies, and a different schedule for noticing

8    hearing dates. (Discovery Master Order, p. 4). Therefore, Local Rule 6-1 has no

9    applicability here.

10        **5.    Failure To Name MGA In The Motion To Compel**

11        MGA next argues that Mattel's motion to compel is procedurally improper

12   because MGA was not named in the Motion to Compel and Mattel should not be

13   allowed to respond to MGA's objections.   (MGA's Opposition to Mattel's Motion

14   to Compel, p. 18). But MGA has cited no legal authority, and the Discovery

15   Master has found none, standing for the proposition that a party must name in its

16   motion to compel all parties who have objected to an underlying subpoena even if

17   they are not actually the target of the subpoena. In fact, the contention that Mattel's

18   Motion to Compel should have been brought against MGA makes no sense given

19   that it could not possibly comply with any order compelling a response to the

20   Subpoenas.

21        **6.    Mattel's Separate Statement**

22        MGA also contends that Mattel's Motion to Compel should be denied

23   because its' separate statement "is another classic example of . . . inefficiency."

24   (*Id.*, p. 19). Once again, nothing in the Discovery Master Order prevents a party

25   from filing a separate statement that first identifies the request in dispute and then

26

27   ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
     [9] In the event the length of briefs ever becomes excessive, the Discovery Master will issue an order setting a specific
28   page limitation.

EXHIBIT _____ 8

PAGE _____ 108

1   sets forth the various contentions of the parties, even if the information regarding

2   the various requests happens to be repetitive.  Regardless, MGA has not cited any

3   legal authority in support of its position and the Discovery Master finds no reason

4   to dispose of Mattel's Motion to Compel merely because it filed a separate

5   statement that contains duplicative arguments.[10]

6              **7.      Meeting And Conferring**

7        As their final procedural argument in opposition to the Motion to Compel,

8   the Transferee Entities and the Financing Entities assert that the motion should be

9   denied because Mattel failed to adequately meet and confer prior to filing the

10  motion. (Financing Entities' Opposition to Mattel's Motion to Compel, pp. 7 - 8;

11  Transferee Entities' Opposition to Mattel's Motion to Compel, pp. 2 - 5).

12             **a.      Applicable Procedure**

13       Prior to filing its motion to compel, Mattel had an obligation to comply with

14  both the Federal Rules of Civil Procedure and the Discovery Master Order.  Federal

15  Rule of Civil Procedure 37(a) expressly requires that a party filing a motion to

16  compel discovery first meet and confer in "good faith."  (Fed. R. Civ. Proc. 37(a)).

17  Similarly, the Discovery Master Order states that unless an "alternative procedure"

18  is agreed upon or otherwise ordered by the Discovery Master, the

19          moving party shall first identify each dispute, state the relief
            sought, and identify the authority supporting the requested relief
20          in a meet and confer letter that shall be served on all parties by
            facsimile or electronic mail.  The parties shall have five court
21          days from the date of service of that letter to conduct an in-person
            conference to attempt to resolve the dispute.  If the dispute has
22          not been resolved within five court days after such service, the
            moving party may seek relief from the Discovery Master by
23          formal motion or letter brief . . .

24  (Discovery Master Order, p. 4).

25  //

26

27  ────────────────────────────────
    [10] The Discovery Master notes that where there are numerous discovery requests in dispute he would prefer for a
28  separate statement to be submitted by the moving party.

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

ORDER NO. 3
[Case No. CV 04-09049 SGL (RNBx)]

EXHIBIT _____ 8

109

1             **b.      Mattel's Meet And Confer Regarding The Financing**
2                       **Entities**

3         In challenging Mattel's meet and confer effort, the Financing Entities first

4    claim that Mattel violated the Discovery Master Order because no "in-person

5    meeting occurred." (Financing Entities' Opposition to Mattel's Motion to Compel,

6    p. 8). But that argument is without merit, since Mattel and the Financing Entities

7    agreed to an alternative procedure that disposed of the in-person meet and confer

8    requirement.[11] Indeed, MGA's counsel sent counsel for Mattel, counsel for the

9    Transferee Entities and counsel for the *Financing Entities* a letter on January 23,

10   2009 memorializing the parties' agreement and establishing a schedule whereby the

11   parties would "meet and confer on January 29 and 30 . . ." (Mattel's Reply in

12   Support of its Motion to Compel filed on February 13, 2009, pp. 9 - 10;

13   Supplemental Declaration of Jon D. Corey in Support of Mattel's Reply to the

14   Motion to Compel filed on February 13, 2009, ¶ 4 and Ex. 2). That the Financing

15   Entities' counsel received this letter and acted in accordance with its terms is

16   evidenced by, among other things, the fact that they served objections to the

17   Subpoenas on January 28, 2009 (which was the deadline specified in the January 23

18   letter) and started meeting and conferring with Mattel's counsel telephonically on

19   January 30. (Financing Entities' Opposition to Mattel's Motion to Compel, pp. 3

20   and 4). Accordingly, Mattel did not have any obligation to meet with the Financing

21   Entities in person since the parties had agreed to waive that obligation.

22        Nevertheless, Mattel still had an obligation to meet and confer with the

23   Financing Entities in good faith. Good faith cannot be shown merely through

24   perfunctory efforts; rather Federal Rule of Civil Procedure 37 mandates a genuine

25   attempt to resolve the discovery dispute through non-judicial means. (Fed. R. Civ.

26   [11] To promote efficiency and minimize the necessity for counsel to travel between their respective offices, the
     Discovery Master shall deem Paragraph 5 of the Discovery Master Order (mandating that the parties have an in
27   person conference to attempt to resolve discovery disputes) to be sufficiently satisfied if the parties and non-parties
     involved in a discovery dispute meet and confer telephonically or by video conference. However, the Discovery
28   Master emphasizes that this accommodation in no way lessens the parties' obligation to meet and confer in good
     faith.

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

                                              - 11 -

EXHIBIT            ℭ
PAGE               110

1   Proc. 37(a)(1)).

2   Because the evidence and declarations submitted by Mattel and the Financing

3   Entities are in conflict regarding what transpired during their respective meet and

4   confer communications, (*Cf.* Financing Entities' Opposition to Mattel's Motion to

5   Compel, pp. 3 – 5; Mattel's Reply Brief in Support of its Motion to Compel filed on

6   February 13, 2009, pp. 9-10), the Discovery Master gives Mattel the benefit of the

7   doubt and concludes that it adequately met and conferred with respect to Omni 808

8   Investors, LLC and Vision Capital, LLC.

9   By contrast, Mattel arguably did not even begin the meet and confer process

10  with OmniNet Capital, LLC prior to filing its motion to compel, because counsel

11  for the Financing Entities informed Mattel that they did not receive that Subpoena

12  until the afternoon of February 2, 2009 and filed objections to the Subpoena on that

13  date. (Financing Entities' Opposition to Mattel's Motion to Compel at p. 5). No

14  "good faith" meeting could therefore have taken place.

15  Although the meet and confer with respect to OmniNet Capital, LLC was

16  inadequate, the Discovery Master will nonetheless address the merits of Mattel's

17  Motion to Compel in all respects, including concerning the Subpoena served on

18  OmniNet Capital, LLC. The Discovery Master does so for purposes of efficiency

19  (i.e., the issues to be decided regarding the subpoena served on OmniNet Capital,

20  LLC are essentially identical to those that must be addressed in connection with the

21  subpoenas served on Omni 808 Investors, LLC and Vision Capital, LLC) and

22  because addressing the merits of the motion does not alter the outcome.[12]

23              **c.    Mattel's Efforts To Meet And Confer Regarding The**

24                     **Transferee Entities**

25  Like the Financing Entities, the Transferee Entities contend that Mattel's

26  motion to compel should be denied because it did not meet and confer in good faith.

27

28  [12] As noted above, the parties are admonished to abide by the provisions of the Discovery Master Order requiring a good faith attempt to meet and confer regarding discovery disputes prior to the filing of any discovery motion.

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 12 -                              ORDER NO. 3
                                 [Case No. CV 04-09049 SGL (RNBx)]

EXHIBIT _____ Ⓑ

PAGE _____ 111

1   (Transferee Entities' Opposition to Mattel's Motion to Compel, pp. 2 - 5). Yet, the

2   Transferee Entities concede that their counsel engaged in multiple meet and confer

3   teleconferences.  (*Id.* at pp. 3 - 4). Several emails and letters were also exchanged

4   between the parties as part of the meet and confer process.  (*Id.*).  In light of these

5   interactions, the Discovery Master again gives Mattel the benefit of the doubt in

6   favor of resolving the issues on the merits and concludes that it adequately met and

7   conferred with the Transferee Entities.

8   **B.     Legal Standard Governing Enforcement Of The Subpoenas**

9       Federal Rule of Civil Procedure 26(b)(1) provides for discovery in civil

10  actions of "any matter, not privileged, which is relevant to the subject matter

11  involved . . .. The information sought need not be admissible at the trial if the

12  information sought appears reasonably calculated to lead to the discovery of

13  admissible evidence." Rule 26(b) is liberally interpreted to permit wide-ranging

14  discovery of all information reasonably calculated to lead to discovery

15  of admissible evidence; but the discoverable information need not be admissible at

16  the trial. (*Jones v. Commander, Kansas Army Ammunitions Plant*, 147 F.R.D. 248,

17  250 (D.Kan.1993)).

18      The broad scope of discovery described in subsection (b)(1) is tempered by

19  provisions protecting the responding party from undue burden.  Rule 26(b)(2)

20  provides that the frequency or extent of discovery otherwise allowed by the Rules

21  must be limited if the court determines that "(i) the discovery sought is

22  unreasonably cumulative or duplicative, or is obtainable from some other source

23  that is more convenient, less burdensome, or less expensive; (ii) the party seeking

24  discovery has had ample opportunity by discovery in the action to obtain the

25  information sought; or (iii) the burden or expense of the proposed discovery

26  outweighs its likely benefit, taking into account the needs of the case, the amount in

27  controversy, the parties' resources, the importance of the issues at stake in the

28  litigation, and the importance of the proposed discovery in resolving the issues."

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 13 -

ORDER NO. 3
[Case No. CV 04-09049 SGL (RNBx)]

EXHIBIT _____ 8

PAGE _____ 112

1    Moreover, the Federal Rules distinguish between discovery from non-parties
2    to a lawsuit (governed under Rule 45) and discovery from parties (governed
3    generally by Rule 26), based in part on the recognition that the former is inherently
4    more burdensome and less convenient than the latter. (*See, e.g., Solarex v. Arco*
5    *Solar, Inc.*, 121 F.R.D. 163, 179 (E.D.N.Y. 1988) [The status of a non-party is
6    significant when determining whether compliance with a discovery demand would
7    constitute an undue burden]; *Katz v. Batvia Marine and Sporting Supplies, Inc.*, 984
8    F.2d 422, 424 (Fed. Cir. 1993) [The fact that discovery is sought from a non-party
9    is one factor that the Court may weigh in determining whether the discovery
10   requested is necessary, relevant, or burdensome]. Courts applying Rules 26 and 45
11   have interpreted these rules to afford non-parties special heightened protection
12   against burdensome discovery. (*See, e.g., Exxon Shipping Co. v. U.S. Dept of*
13   *Interior*, 34 F.3d 774, 779 (9th Cir. 1994)).

14   Accordingly, requests for documents that pertain to a party and that can be
15   more easily and inexpensively obtained from that party also impose an undue
16   burden. (*Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 638 (C.D. Cal. 2005)).
17   Further, if the documents sought are neither relevant nor calculated to lead to the
18   discovery of admissible evidence, "then any burden whatsoever imposed upon the
19   non-party would be by definition undue." (*Compaq Computer Corp. v. Packard*
20   *Bell Electronics, Inc.*, 163 F.R.D. 329, 335-336 (N.D.Cal. 1995)).

21   Each of the moving parties bears the burden of establishing the basis for the
22   relief it seeks. As the party moving to compel compliance with the Subpoenas,
23   Mattel bears the burden of "establishing that the information sought is relevant and
24   necessary to its lawsuit." (*Cytodyne Technologies, Inc. v. Biogenic Technologies,*
25   *Inc.*, 216 F.R.D. 533, 534 (M.D.Fla. 2003)).

26   Finally, in deciding whether to enforce a subpoena, the Discovery Master
27   must balance "the relevance of the discovery sought, the requesting party's need,
28   and the potential hardship to the party subject to the subpoena." (*Heat & Control,*

EXHIBIT _____ 8 _____

PAGE _____ 113

1  *Inc. v. Hester Industries, Inc.*, 785 F.2d 1017, 1024 (Fed.Cir.1986) citing

2  *Deitchman v. E.R. Squibb & Sons, Inc.*, 740 F.2d 556, 560, 564 (7th Cir.1984)).

3      **C.**    **Mattel's Contention That MGA Has Placed Its Finances At Issue**

4      As its first ground for moving to compel production of the documents sought

5  by the Subpoenas, Mattel argues that MGA has misrepresented its finances, thereby

6  making it necessary and appropriate for Mattel "to obtain an accurate understanding

7  of MGA's and Larian's finances." (Motion to Compel, p. 14). According to

8  Mattel, MGA's supposed misrepresentations have placed its financial condition at

9  issue, and have opened the door to discovery of any information bearing on MGA's

10 finances. (*Id.* ["Discovery on MGA's financials is amply warranted by MGA's

11 own statements *alone*."] (emphasis added)).

12     However, after Mattel filed its Motion, the Court made it clear that the

13 validity of the Subpoenas must be evaluated with reference to whether they relate to

14 the matters to be adjudicated in Phase 2.  As the Discovery Master understands the

15 Court's ruling, the Subpoenas cannot be justified merely because they seek

16 information regarding some contention made during Phase 1, without regard to

17 Phase 2.  In other words, putting a fact at issue in Phase 1, cannot, standing alone,

18 suffice to render that fact the proper subject of discovery in Phase 2.

19     Thus, to the extent Mattel's first argument asserts that MGA's statements,

20 standing alone, warrant discovery from the Subpoena recipients, that argument is

21 rejected.  Rather, the Discovery Master will evaluate whether discovery of MGA's

22 finances is warranted in light of the issues to be adjudicated in Phase 2.

23     Further, even if Mattel were not required to demonstrate some nexus between

24 the Subpoenas and the issues to be adjudicated in Phase 2, the argument that the

25 Subpoenas are justified because MGA placed its financial condition at issue would

26 still fail for the simple reason that Mattel is not seeking discovery from MGA but

27 rather *non- parties*.  Mattel does not cite any statements or conduct by the

28 //

EXHIBIT _____ 8
PAGE _____ 114

1    Financing Entities putting their financial affairs at issue in this litigation.[13]

2    Rather, Mattel argues that the statements and conduct of *MGA* should be attributed

3    to the Financing Entities and construed as their consent to discovery of their

4    internal financial affairs.  Such an assumption is unwarranted.

5    **D.    Mattel's Contention That The Subject Discovery Is Relevant To**

6    **Phase 2**

7    **1.    Subpoenas To The Financing Entities**

8    Mattel next argues that the Subpoenas to the Financing Entities seek

9    information relevant to a variety of Phase 2 issues.[14]

10    **a.    Mattel's RICO Counterclaim**

11    Mattel first asserts in its Motion to Compel that the discovery it seeks is

12    relevant to its RICO counterclaim because "Mattel alleges that the counter-

13    defendants have operated a widespread criminal enterprise that has engaged in

14    numerous acts of mail and wire fraud and other predicate acts in violation of the

15    RICO statute" and that "MGA's mid-trial transactions with Omni 808 and the other

16    non-operating entities" is "a continuation of that pattern of racketeering activity."

17    (Motion, p. 18).

18

19    [13] In its Reply to the Financing Entities' Opposition to its Motion to Compel, Mattel argues that the Financing
      Entities (referred to by Mattel as the "Omni Parties") have injected themselves into the litigation because one of
20    them, Omni 808 Investors, LLC, applied to intervene. (Reply, p. 8). However, a decision on that application has
      been deferred by the Court, (Tr., 80:15 – 17), and therefore Omni 808 Investors, LLC and the other Financing
21    Entities remain outsiders to the litigation entitled to the heightened protection from discovery normally afforded non-
      parties.

22    [14] Mattel argues in one of its reply briefs filed on February 25, 2009 that the Discovery Master should strike MGA's
      Opposition to the Motion to Compel because: (1) MGA indicated that it would not be filing an Opposition and
23    (2) the Opposition was filed a week late. (*See* Mattel's Reply in Response to MGA's Opposition to the Motion to
      Compel, p. 4). The Discovery Master declines that request. The assertion that MGA would not file an Opposition is
24    based on an alleged oral conversation which counsel for Mattel apparently did not confirm in writing. (*See*
      Supplemental Declaration of Jon D. Corey in Support of Mattel's Reply in Response to MGA's Opposition to the
25    Motion to Compel, ¶ 4). Even assuming such a statement had been made, MGA was entitled to change its mind. As
      for Mattel's argument that the Opposition was untimely, the Discovery Master notes that he was only recently
26    appointed. This fact combined with the backlog of discovery motions may have resulted in some confusion as to
      when various briefs were due to be filed. The Discovery Master prefers to address issues on the merits and declines
27    to strike the Opposition as untimely. Notwithstanding the foregoing, the Discovery Master urges the parties to
      strictly comply with the briefing schedule set forth under the Discover Master Order for all future discovery motions
28    unless an alternative procedure is agreed upon by the parties and approved by the Discovery Master or the Court.

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES
                                                                                    ORDER NO. 3
                                            - 16 -              [Case No. CV 04-09049 SGL (RNBx)]

                                                           EXHIBIT         8
                                                           PAGE          115

1   But Mattel's allegations in support of its RICO counterclaim turn on
2   misappropriation of trade secrets and confidential information, and make no
3   mention of improper transfers of funds or any other predicate act similar to MGA's
4   purported business transactions with any of the Financing Entities.[15]   Accordingly,
5   these financial transactions are not a "continuation" of the "pattern" of conduct
6   Mattel alleges in very precise detail in its RICO counterclaim.  (*Asdourian v.*
7   *Konstantin*, 77 F. Supp. 2d 349, 358 (E.D.N.Y. 1999) [cited by Mattel and stating
8   RICO claimant must show "[a]n interrelationship between acts, suggesting the
9   existence of a pattern, [which] may be established...[by] proof of their temporal
10   proximity, or common goals, or similarity of methods, or repetitions' (citation
11   omitted)]; *H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 238-39 (1989) [RICO claims
12   must be supported by a "pattern" of activity and "the mere fact that there are a
13   number of predicates is no guarantee that they fall into any arrangement or order.
14   A pattern is not formed by sporadic activity ...  Instead, the term 'pattern' itself
15   requires the showing of a relationship between the predicates" (quotations and
16   internal citations omitted)]).

17   At this stage, Mattel has failed to demonstrate a relationship between the
18   predicate acts alleged by Mattel in its Counterclaims – which were bound together
19   by a purported scheme to misappropriate Mattel's trade secrets – and the

20   //
21   //
22   //

23   [15] *See* Mattel's Second Amended Answer and Counterclaims ("Counterclaims"), p. 55-62, ¶ 90 [alleging the MGA
24   Parties and other counter-defendants "for the purpose of executing and attempting to execute the scheme to
     improperly defraud Mattel and steal its trade secret or otherwise confidential and proprietary information" committed
25   various predicate acts], ¶ 91 [alleging the MGA Parties and other counter-defendants "shared the common purpose of
     enabling MGA to obtain confidential, proprietary and otherwise valuable Mattel property through improper means in
26   order to assist MGA in illegally competing with Mattel"], ¶ 92 [alleging the enterprises are continuing enterprises
     because they are "designed to and did unlawfully acquire the confidential business information and property of
27   Mattel and incorporated this information and property into MGA's ongoing business, marketing strategies and
     business methods, practices, and processes"], ¶ 93(a) [alleging mail fraud committed in furtherance of scheme to
     "defraud Mattel of its confidential trade secret information and property"], ¶ 93(b) [alleging wire fraud "defraud
28   Mattel of its confidential and trade secret information and property"], and ¶ 102 [the MGA Parties and other counter-
     defendants "schemed to defraud Mattel and steal its property and trade secret information"].

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 17 -

ORDER NO. 3
[Case No. CV 04-09049 SGL (RNBx)]

EXHIBIT _____ 8

PAGE _____ 116

1   transactions Mattel seeks to investigate here.[16]

2       Also, the RICO counterclaim (like the other counterclaims to be adjudicated

3   in Phase 2) was asserted in July, 2007 – more than a year before either Omni 808

4   Investors, LLC or Vision Capital, LLC came into existence – and therefore

5   apparently did not encompass the activities of those entities or the transactions

6   which are the subject of the Financing Discovery. While that fact might be

7   overcome by a showing that the Financing Entities were created or used to further a

8   scheme to carry on misconduct that is the subject of Phase 2, Mattel did not

9   demonstrate that such is the case in its briefs and supporting evidence.

10       In sum, absent some argument or evidence demonstrating a nexus between

11   the predicate activities alleged in the RICO counterclaim, on the one hand, and the

12   transactions and other matters which are the subject of the Financing Discovery, on

13   the other hand, there has been no showing by Mattel that the Subpoenas to the

14   Financing Entities are reasonably calculated to lead to the discovery of admissible

15   evidence regarding the RICO counterclaim.

16                   **b.    Mattel's Disgorgement Remedy**

17       Next, Mattel asserts that the Subpoenas to the Financing Entities seek

18   information relevant to its remedy of disgorgement, which is an available remedy

19   for Mattel's Phase 2 counterclaim for misappropriation of trade secrets. Mattel

20   argues:

21

22   _____

[16] This conclusion is consistent with the case cited by Mattel – *Eastman Kodak Co. v. Camarata*, 238 F.R.D. 372

23   (W.D.N.Y. 2006). There, the plaintiffs "asserted broad civil RICO claims against the Nicolo defendants predicated, among other violations, upon alleged money laundering violations. Specifically, the Complaint alleges that the

24   Nicolo defendants and the other named defendants constituted an enterprise as defined in the RICO statute that was engaged in a pattern of racketeering activity, including mail and wire fraud and, more importantly for purposes of

25   this motion, money laundering." (*Id.*, at 375). "The alleged money laundering consisted of repeated deposits into various financial institutions in order both to promote and carry on the unlawful activity – that is, by paying and

26   depositing kickbacks to certain members of the enterprise – and to conceal and attempt to conceal the proceeds, their nature, source and location – that is, by transferring funds between defendants and between various accounts

27   maintained by those defendants." (*Id.* [emphasis added]). Thus, inquiry into the defendants' finances was appropriate as it was likely to reveal activity related to the alleged predicate acts. Here, on the other hand, Mattel has

28   not alleged any sort of financial scheme which would support inquiry into the MGA Parties' financial transactions with third parties.

EXHIBIT _____ 8
PAGE _____ 117

1
2     For purposes of establishing disgorgement, Mattel must take into
       account money transferred from MGA and Isaac Larian,
3      regardless of the manner in which it was transferred. Mattel is
       entitled to discovery that shows all assets siphoned from MGA or
4      Isaac Larian . . . . By these subpoenas, Mattel seeks evidence to
       prove the amount the defendants must disgorge. Money that
5      properly belonged to Mattel was transferred from MGA or Isaac
6      Larian to an entity controlled by them.

7     (Motion, pp. 20:1 – 4, 21:12 – 14).

8          While the foregoing statements may be true as a general proposition, none of

9     the Financing Entities is alleged to have "received money that properly belonged to

10    Mattel." To the contrary, Mattel asserts that the Financing Entities are creditors of

11    MGA. Therefore, Mattel has not demonstrated how any of the categories of

12    documents sought from the Financing Entities would aid it in ascertaining the

13    amount defendants must disgorge.

14                         c.     **Phase 2 Damages**

15         Mattel's third argument in favor of enforcement of the Subpoenas is that they

16    "seek documents relevant to MGA's financial condition" and other "factors

17    relevant to an award of punitive damages." (Motion to Compel, p. 21:19 – 22).

18    Depending on the particular scope of the document request, such discovery from

19    Omni 808 Investors, LLC may be appropriate in connection with Phase 2 because

20    any information evidencing MGA's indebtedness to Omni 808 Investors, LLC from

21    the purchase of the alleged Wachovia debt or direct loans to MGA is relevant to

22    MGA's net worth (and hence punitive damages).[17]  As the Court noted in its

23    February 11, 2009 ruling:

24          I can see tremendous overlap between, for example, discovery on

25    _____

26    [17] The Discovery Master's analysis is fundamentally different for OmniNet Capital, LLC and Vision Capital, LLC
       because neither entity is alleged by Mattel to be a creditor of MGA Entertainment, Inc. (Motion to Compel, pp. 9
27    and 10). To the contrary, Mattel concedes that "OmniNet [Capital, LLC] is not the secured party, and thus
       presumably not the actual debt purchase/lender. Rather, the company holding the security interest is Omni 808
28    [Investors, LLC] . . . [which] appears to be owned funded by a company called Vision Capital, LLC." (Id.) Because
       it admits that OmniNet Capital, LLC and Vision Capital, LLC are not creditors of MGA, Mattel has failed to show
       that the information sought from those entities has any bearing on MGA's financial condition.

EXHIBIT _____ 8

PAGE _____ 118

1          financial condition of the company as it relates to damages in the
2  Phase 2 and also issues that the receiver is looking at. And
    without making a ruling on any of this, I would not suggest for a
    moment that these are mutually exclusive categories.
3
  (Tr., 101:3 - 8)
4
     Mattel argues that the necessary connection between the Financing
5
Discovery and Phase 2 damages exists because the Financing Entities have acquired
6
a security interest in MGA's assets, which, in turn, affects MGA's financial
7
condition. Specifically, Mattel argues that Omni 808 Investors, LLC is:
8
9          directly involved in providing funding to MGA in exchange for a
    security interest. Such funding, and security interests, are in and
10      of themselves directly relevant to the financial condition of the
    MGA Parties, including the amount of the security interests, the
11      terms and conditions of the funding, and the rate of funding. . . .

12  (Motion to Compel, p. 22: 13 – 17).

13       The Discovery Master agrees that such limited information, as it relates to

14  the purchase by Omni 808 Investors, LLC of the debt obligation previously held by

15  Wachovia Bank, is reasonably calculated to lead to the discovery of admissible

16  evidence concerning Phase 2 issues, including the calculation of MGA's net worth

17  for purposes of calculating punitive damages.[18] Accordingly, Mattel's motion to

18  compel responses from Omni 808 Investors, LLC is granted with respect to

19  documents relating to (1) the existence of any debt owed by MGA Entertainment,

20  Inc. to Omni 808 Investors, LLC and (2) any communications between Omni 808

21  Investors, LLC and the MGA parties regarding any such indebtedness.

22       The problem, however, is the vast majority of the document requests set forth

23  in the Subpoena propounded on Omni 808 Investors, LLC are not narrowly tailored

24  to obtain information demonstrating the amount and nature of MGA's indebtedness

25  (and hence net worth) or communications regarding any such debt,[19] but instead

26    [18] During oral argument, counsel for MGA represented (and counsel for Mattel seemed to agree) that the Court
deferred discovery regarding the Wachovia debt until the middle of the Phase 1 trial. (Reporter's Transcript of
27  Proceedings, March 4, 2009, pp. 72, 85 and 86). The extent to which that damages information was obtained directly
from Wachovia, as opposed to MGA, is not clear from the record provided to the Discovery Master.
28
  [19] Nor did Mattel move to compel MGA to produce this information in the first instance.

EXHIBIT     **C**
PAGE     **119**

1  would require the Financing Entities to produce virtually every document in their

2  possession regarding their formation, operations, and history of transactions.

3  Among other things, the Subpoenas to the Financing Entities seek:

4  •    All records that "substantiate transfers of assets" by the Financing

5       Entities "to other entities, individuals, and/or parties, within the U.S.

6       and outside of the U.S." (Exhibits 27-29 to Supplemental Declaration

7       of Jon D. Corey In Support Of Mattel, Inc.'s Reply In Support Of

8       Motion To Compel Production of Documents Responsive to Third-

9       Party Subpoenas, Attachment A, ¶ 16);

10  •    All documents "detailing or setting forth the relationship" between

11       each of the Financing Entities and other non-parties (*Id.* at ¶¶ 6-10);

12  •    All documents referring or relating to the "all contributions, loans and

13       any sources of funding" for the Financing Entities (*Id.* at ¶ 13);

14  •    All documents referring or relating to the "source of funding" of other

15       non-parties (*Id.* at ¶ 16);

16  •    All documents showing detail of "all loan facilities" referring or

17       relating to the Financing Entities and other non-parties (*Id.* at ¶ 14);

18  •    All documents referring or relating to "transactions involving any

19       compensation, loans, advances, payments, fees or any other form of

20       consideration" paid to other non-parties (*Id.* at ¶ 15);

21  •    All "communications" referring or relating to the Financing Entities

22       and other non-parties (*Id.* at ¶ 17).

23       Accordingly, the Discovery Master concludes that most of the categories of

24  documents in the Subpoenas are overbroad and not reasonably calculated to lead to

25  the discovery of admissible evidence with respect to Phase 2 issues, as detailed in

26  Section IV below (entitled "Disposition").

27  //

28

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 21 -                          ORDER NO. 3
[Case No. CV 04-09049 SGL (RNBx)]

EXHIBIT _____8_____

PAGE _____120_____

1

### d.    Credibility Of MGA Witnesses

2      Mattel's fourth argument consists of a single, conclusory paragraph asserting

3    that it is entitled to its discovery in order to determine the credibility of MGA's

4    witnesses. To support this argument, Mattel first states that information is

5    discoverable "if it relates to 'the credibility of any witness.'" (Motion to Compel,

6    p. 23 (citing *Cable & Computer Tech., Inc. v. Lockheed Sanders, Inc.*, 175 F.R.D.

7    646, 650 (C.D. Cal. 1997)).[20] Next, Mattel asserts that "MGA and Larian made

8    statements under oath about their financial condition as well as about the role of

9    Omni 808 and the other non-operating entities in providing MGA with additional

10    funding." (*Id.*) But that is the full extent of Mattel's argument. Mattel does not

11    attempt to show that the specific discovery that it has propounded is reasonably

12    calculated to lead to the discovery of the evidence that it contends would be

13    admissible.

14      Discoverable information generally includes evidence relevant to the

15    credibility of a party or a key witness. (See *Paulsen v. Case Corp.*, 168 F.R.D. 285,

16    287-288 (C.D. Cal. 1996); see also *Ragge v. MCA/Universal Studios*, 165 F.R.D.

17    601, 603-604 (C.D. Cal. 1995); *U.S. v. City of Torrance*, 164 F.R.D. 493, 495 (C.D.

18    Cal. 1995)). If Mattel's discovery were reasonably calculated to lead to the

19    discovery of such information, then it might be permissible. (*Id.* ["Rule 26 is

20    liberally interpreted to permit wide ranging discovery of all information reasonably

21    calculated to lead to discovery of admissible evidence."]) But Mattel has not taken

22    any steps to connect its discovery to such evidence. As discussed above, Mattel

23    bears the burden of demonstrating that its discovery is reasonably calculated to lead

24    to the discovery of admissible evidence. Here, Mattel has only stated that

25    credibility evidence can be admissible and that credibility is at issue in this case –

26    without referring at all to specific categories of documents in the Subpoenas or

27

28    [20] The Discovery Master notes that the case cited by Mattel does not actually discuss or apply this proposition.

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 22 -

ORDER NO. 3
[Case No. CV 04-09049 SGL (RNBx)]

EXHIBIT ___ 𝒮

PAGE ___ 121

1  linking those categories of documents to prior or anticipated testimony of MGA's
2  witnesses. Simply stating that credibility evidence is discoverable does nothing
3  toward meeting Mattel's burden to demonstrate that the particular discovery at issue
4  here is reasonably calculated to lead to the discovery of such evidence.

5       **e.**  **MGA's Unclean Hands**

6    Mattel next argues in its Motion to Compel that MGA has asserted an
7  unclean hands defense in response to Mattel's Phase 2 claims, and consequently
8  Mattel is entitled to discover whether the MGA Parties are currently "engaging in
9  sham and fraudulent financial transactions such as concealing profits" to preclude
10  MGA "from invoking the unclean hands defense themselves." (Motion, pp. 23 -
11  24.) But this argument does not apply to the Financing Entities because, as
12  discussed above, Mattel does not claim that the Financing Entities have "received
13  money that properly belonged to Mattel" or otherwise used those entities to conceal
14  profits. To the contrary, Mattel asserts that the Financing Entities are creditors of
15  MGA.

16    Regardless, Mattel's theory is that, even if Mattel has unclean hands, MGA
17  may not assert that defense unless MGA itself is blameless. (*Id.*, at 24 [a "party
18  asserting an equitable defense, however, must itself have 'clean hands.'"]).
19  Mattel's statement of the law is correct as far as it goes. But, as the Ninth Circuit
20  has stated, "'unclean hands does not constitute 'misconduct in the abstract,
21  unrelated to the claim to which it is asserted as a defense.'" (*Jarrow Formulas, Inc.
22  v. Nutrition Now, Inc.*, 304 F.3d 829, 841 (9th Cir. 2002)). "It is fundamental to
23  [the] operation of the doctrine that the alleged misconduct . . . relate directly to the
24  transaction concerning which the complaint is made." (*Dollar Sys., Inc. v. Avcar
25  Leasing Sys., Inc.* 13 F.2d 165, 173 (9th Cir. 1989)). Accordingly, courts will not
26  allow discovery based on an unclean hands defense where the "allegations of
27  misconduct do not relate to the transactions... forming the basis for the
28  []complaint." (*Gen-Probe, Inc. v. Amoco Corp.*, 926 F. Supp. 948, 952 (S.D.Cal.

EXHIBIT _____ 9

PAGE _____ 122

1    1996)).

2         Here, Mattel does not link any of the categories of documents referenced in

3    the Subpoenas (which involve the creation and operation of the Financing Entities

4    beginning with their formation in the summer of 2008) to any of the conduct at

5    issue in Phase 2 (which involves such matters as the alleged theft of trade secrets in

6    Mexico in 2004 and other conduct unrelated to the relationship between the

7    Financing Entities and MGA).  Accordingly, the Financing Discovery is not

8    reasonably calculated to lead to the discovery of admissible evidence regarding

9    MGA's alleged unclean hands in connection with the matters to be adjudicated in

10   Phase 2.

11             **f.    Mattel's Unfair Competition Counterclaim**

12        As Mattel acknowledges, California's Unfair Competition Law, Business &

13   Professions Code §§ 17200 et seq. (the "Unfair Competition Law") encompasses

14   "'anti–competitive business practices as well as injuries to consumers, and has as a

15   major purpose the preservation of fair business competition.'"  (Opp. at 24:25 –

16   25:2, quoting *Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone*

17   *Co.* (1999) 20 Cal.4th 163, 180)).  However, Mattel's papers do not sufficiently

18   demonstrate that the documents sought from the Financing Entities involve "anti-

19   competitive business practices," "injuries to consumers," or anything affecting

20   consumers or the public at all.  Instead, Mattel simply asserts, without any

21   supporting analysis, that MGA has violated the Unfair Competition Law by

22   "manipulating the sources of [its own] funding" (presumably the Financing

23   Entities).  That allegation, even if true, does not appear to involve the "unlawful,

24   unfair or fraudulent" marketing or sale of anything and therefore does not fall

25   within the ambit of the Unfair Competition Law.

26   //

27   //

28   //

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 24 -

ORDER NO. 3
[Case No. CV 04-09049 SGL (RNBx)]

EXHIBIT          8

PAGE          123

        **g.**    **Summary Of The Discovery Master's Findings With Respect To The Subpoenas Directed To The Financing Entities**

For the foregoing reasons, the Discovery Master finds that, based on the record before him, Mattel has failed to sufficiently articulate the necessary connection between most of the Financing Discovery and any Phase 2 issue. Moreover, while there is a connection between the Financing Discovery and some of the Phase 2 issues referenced (i.e., MGA's financial condition and its bearing on Mattel's claim for punitive damages), Mattel has failed to demonstrate that the Subpoenas meet the standard set forth in Rule 26(b)(2) and that all of the requested discovery is permissible in light of the case law interpreting Rules 26 and 45.

Accordingly, Mattel's motion to compel the Financing Entities to comply with the Subpoenas is **GRANTED** in part and **DENIED** in part.

        **2.**    **Subpoenas To The Transferee Entities**

In their briefs regarding the enforceability of the Subpoenas, Mattel and MGA do not, as a general rule, make a distinction between the Financing Entities and the Transferee Entities, but rather direct the same arguments to both groups collectively. However, there are important distinctions between the two groups, including, without limitation, that: (1) the Transferee Entities appear to be affiliated with – if not wholly owned by – Larian; (2) the Transferee Discovery involves the sale of MGA assets (i.e., Bratz products) in which Mattel has an ownership interest pursuant to the Court's December 3, 2008 ruling; and (3) the Subpoenas seek some documents relevant to Phase 2 issues which presumably cannot be obtained from MGA, namely the Transferee Entities' contracts with, and records of sales to, third parties purchasing the Bratz products. Accordingly, in ruling on the Subpoenas directed to the Transferee Entities, the Discovery Master's analysis of certain of the parties' above-referenced arguments differs, as follows.

//

EXHIBIT     8

PAGE     124

1          a.      **Non-Party Considerations**

2          To begin with, the distinction between a party and non-party here is less

3   compelling given the MGA parties' apparent admission that the Transferee Entities

4   are single purpose entities created and controlled by Larian (who is, of course,

5   himself a party) to dispose of inventory that is the subject of this litigation. Further,

6   the MGA parties presumably do not have custody of the sales contracts whereby

7   IGWT Group LLC sold Bratz products to third parties. The Discovery Master also

8   notes that counsel for the Transferee Entities has submitted a declaration stating

9   that there are "hundreds of sales contracts at issue, and as such, thousands of

10  documents responsive to Mattel's requests." (Declaration of Jeffrey B. Valle dated

11  February 17, 2009 ["Valle Decl."], ¶ 7). The unavailability of these relevant

12  documents from any other source weighs heavily in favor of enforcing the

13  Subpoena to IGWT Group LLC.

14          b.      **Relevance To Phase 2 Issues**

15                  1.      **Phase 2 Damages**

16          As mentioned above, Mattel argues that the Subpoenas "seek documents

17  relevant to MGA and Larian's financial condition, net worth, and ability to pay" on

18  the ground that such information is relevant to Mattel's Phase 2 damages claims,

19  including Mattel's claim for punitive damages.

20  For the reasons previously discussed, the Discovery Master finds that, with respect

21  to the Financing Entities, the discovery requests were, for the most part overbroad,

22  and/or not sufficiently linked to Phase 2 issues. However, the Discovery Master's

23  analysis is necessarily different with respect to entities which were created and

24  apparently wholly owned and/or controlled by Larian (a defendant in Phase 2), and

25  which are admittedly selling inventory which generate revenues in which Mattel

26  has an interest. Specifically, Mattel contends that Larian has caused MGA to sell

27  the inventory at a deep (80%) discount to the Transferee Entities. This practice, if

28  true, limits MGA's profits (which go to MGA's balance sheet, and ultimately

8

125

1    affects MGA's net worth) while at the same time allowing Larian to capture

2    additional profits which otherwise would have been realized by MGA and reflected

3    on MGA's balance sheet). Accordingly, the Discovery Master finds that most of

4    the documents Mattel seeks to subpoena from the Transferee Entities properly

5    relate to Phase 2 issues, as specified in Section IV below.[21]

6                    **2.    Mattel's Unfair Competition Counterclaim**

7         Given MGA's admissions regarding Larian's ownership/control of the

8    Transferee Entities, coupled with their sale of inventory purchased from MGA, the

9    Discovery Master finds that many of the documents requested from the Transferee

10   Entities are also arguably related to a "fraudulent," "unlawful," or "unfair" business

11   practice within the meaning of the Unfair Competition Law and the scope of

12   Mattel's Counterclaims. Among other things, the Court's December 3, 2008 order

13   imposes a constructive trust on the proceeds of MGA's sale of the subject

14   inventory. If, as Mattel argues, MGA's sale of that inventory to the Transferee

15   Entities constitutes a scheme on the part of Larian to enrich himself by depriving

16   Mattel of the true profits to be paid to Mattel pursuant to the Court's order, then

17   such conduct would constitute an unlawful attempt to circumvent the Court's order

18   and arguably render the transaction between MGA and the Transferee Entities an

19   anti-competitive business practice that is unlawful, unfair or fraudulent to other toy

20   manufacturers, including Mattel. Therefore, such alleged misconduct, if proven,

21   could violate the Unfair Competition Law.

22        Moreover, although Mattel asserted its counterclaim for violation of the

23   Unfair Competition Law prior to the alleged misconduct (and long before the

24   Transferee Entities came into existence), Mattel phrased its allegations broadly

25

26   [21] The Discovery Master notes that IGWT 826 Investments is registered at the home address of Larian's sister and brother-in-law, indicating that some of Larian's relatives may be involved in the ownership or operation of the Transferee Entities. Accordingly, the Discovery Master has specified in some instances that the production of documents shall include those referencing not only Larian, but also his spouse, his children, his siblings, or their spouses, or any entity or person affiliated with them. However, the Discovery Master has stopped short of ordering the production of documents relating to any other entities, individuals "within the U.S. and outside the U.S.," as requested in Category 6 of each of the Subpoenas directed to the Transferee Entities.

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 27 -

ORDER NO. 3
[Case No. CV 04-09049 SGL (RNBx)]

EXHIBIT        8

PAGE           126

1    enough to potentially encompass subsequent acts of unfair competition which

2    perpetuate or extend the misconduct alleged in the Counterclaims.  Unlike Mattel's

3    RICO counterclaim, Mattel's Twelfth Counterclaim for Unfair Competition does

4    not purport to rest on a list of enumerated, factually detailed and carefully defined

5    acts, but rather is phrased broadly to cover "unlawful, unfair and/or fraudulent acts

6    of unfair competition" which include, "without limitation" certain illustrative

7    examples.  (Counterclaims, p. 74, ¶ 165).

8         Of course, the Discovery Master cannot predict whether the Court will

9    ultimately deem Mattel's unfair competition counterclaim to be sufficiently elastic

10   to encompass MGA's alleged misuse of the Transferee Entities or whether Mattel

11   will seek (and the Court permit) amendment of the counterclaim to expressly

12   reference such alleged misconduct.  Nevertheless, in light of the fact that the

13   discovery need only appear reasonably calculated to lead to the discovery of

14   admissible evidence, the Discovery Master finds that certain aspects of the

15   Subpoenas are sufficiently related to Mattel's Phase 2 unfair competition claim.

16              c.    **Summary Of The Discovery Master's Findings With**

17                    **Respect To The Subpoenas Directed To The**

18                    **Transferee Entities**

19        As set forth above, the Discovery Master finds that Mattel has sufficiently

20   articulated a connection between some of the Transferee Discovery and its Phase 2

21   claims.  Accordingly, Mattel's motion to compel the Transferee Entities to comply

22   with the Subpoenas is **GRANTED** in part and **DENIED** in part.

23   **IV.    Disposition**

24        1.    The Motion to Quash filed by MGA is **DENIED**.

25        2.    Mattel's Motion to Compel the Financing Entities to produce

26   documents responsive to the Subpoenas is **DENIED** with respect to OmniNet

27   Capital, LLC and Vision Capital, LLC.

28        3.    Mattel's Motion to Compel Omni 808 Investors, LLC to produce

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 28 -

ORDER NO. 3
[Case No. CV 04-09049 SGL (RNBx)]

EXHIBIT ___ 𝟪

PAGE ___ 127

1    documents responsive to the Subpoena propounded on it is **GRANTED** in part and

2    **DENIED** in part, as follows:

3          a.      Requests 1 through 3, 13, 15, and 17: The Motion is granted

4    with respect to documents relating to (1) the existence of any debt owed by MGA

5    Entertainment, Inc. to Omni 808 Investors, LLC, including any debt purchased

6    from Wachovia Bank, and (2) any communications between Omni 808 Investors,

7    LLC and the MGA parties regarding any such indebtedness. The motion is denied

8    regarding any other documents sought by these requests.

9          b.      Requests 4 through 12, 14 and 18: The Motion is denied.

10      4.      Mattel's Motion to Compel the Transferee Entities to produce

11    documents responsive to the Subpoenas is **DENIED** as to Request 6 propounded to

12    IGWT Group LLC and Request 6 propounded to IGWT 826 Investments, LLC.

13      5.      Mattel's Motion to Compel the Transferee Entities to produce

14    documents responsive to the Subpoenas is **GRANTED,** as follows:

15                      **Subpoena To IGWT Group LLC**

16          a.      Request 1: The Motion is granted with respect to documents

17    relating to the purchase by, or transfer to, IGWT Group LLC of any items of value,

18    including Bratz products, from MGA, Larian, his spouse, his children, his siblings,

19    or their spouses, or any entity or person affiliated with them.

20          b.     Request 2: The Motion is granted

21          c.      Request 3: The Motion is granted with respect to documents

22    relating to any ownership interest by Larian, his spouse, his children, his siblings,

23    or their spouses, or any entity or person affiliated with them.

24          d.      Request 4: The Motion is granted with respect to documents

25    relating to any sources of funding by Larian, his spouse, his children, his siblings,

26    or their spouses, or any entity or person affiliated with them.

27          e.      Request 5: The Motion is granted with respect to documents

28    relating to any compensation, loans, advances, payments, fees or any other form of

EXHIBIT _____ 8

PAGE _____ 128

1   consideration paid by IGWT Group LLC to Larian, his spouse, his children, his

2   siblings, or their spouses, or any entity or person affiliated with them.

3           f.      Request 7: The Motion is granted.

4                   **Subpoena To IGWT 826 Investments LLC**

5           a.      Request 1: The Motion is granted with respect to documents

6   relating to the purchase by, or transfer to, IGWT 826 Investments LLC of any items

7   of value, including Bratz products, from MGA, Larian, his spouse, his children, his

8   siblings, or their spouses, or any entity or person affiliated with them.

9           b.      Request 2: The Motion is granted

10          c.      Request 3: The Motion is granted with respect to documents

11  relating to any ownership interest by Larian, his spouse, his children, his siblings,

12  or their spouses, or any entity or person affiliated with them.

13          d.      Request 4: The Motion is granted with respect to documents

14  relating to any sources of funding by Larian, his spouse, his children, his siblings,

15  or their spouses, or any entity or person affiliated with them.

16          e.      Request 5: The Motion is granted with respect to documents

17  relating to any compensation, loans, advances, payments, fees or any other form of

18  consideration paid by IGWT 826 Investments LLC to Larian, his spouse, his

19  children, his siblings, or their spouses, or any entity or person affiliated with them.

20          f.      Request 7: The Motion is granted.

21      5.      All non-privileged documents referenced in Paragraphs 3 and 5, above,

22  shall be produced within 30 days of this Order, subject to any applicable

23  confidentiality designations available under the Protective Order.

24      6.      Nothing in this Order should be deemed to prevent Mattel from

25  seeking discovery from the MGA parties of documents encompassed by the

26  Subpoenas upon the showing of a sufficient nexus between the particular discovery

27  requests and legitimate Phase 2 issues, and subject to any applicable objections.

28  //

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 30 -

ORDER NO. 3
[Case No. CV 04-09049 SGL (RNBx)]

EXHIBIT _____ 8

PAGE _____ 129

1   Dated:  March 10, 2009

2

3

4                                                  By:          /s/ Robert C. O'Brien

5                                                               ROBERT C. O'BRIEN
                                                               Discovery Master
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES
                                    - 31 -                          ORDER NO. 3
                                                   [Case No. CV 04-09049 SGL (RNBx)]

EXHIBIT _____ 8

PAGE _____ 130