QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
   John B. Quinn (Bar No. 090378)
   (johnquinn@quinnemanuel.com)
   Michael T. Zeller (Bar No. 196417)
   (michaelzeller@quinnemanuel.com)
   Jon D. Corey (Bar No. 185066)
   (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation,<br><br>                 Plaintiff,<br><br>          vs.<br><br>MGA ENTERTAINMENT, INC., a California corporation, et. al.,<br><br>                 Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 DOC (RNBx)<br>Consolidated with Case No. CV 04-09059 and Case No. CV 05-02727<br><br>**DISCOVERY MATTER**<br>**[To Be Heard By Discovery Master Robert C. O'Brien]**<br><br>MATTEL, INC'S NOTICE OF MOTION AND MOTION TO ENFORCE COMPLIANCE WITH DISCOVERY ORDER NO. 52; AND<br><br>MEMORANDUM OF POINTS AND AUTHORITIES<br><br>[Declaration of Marshall M. Searcy Filed Concurrently Herewith]<br><br>Hearing Date:    TBD<br>Time:            TBD<br>Place:           Arent Fox, LLP<br>                 555 W. Fifth St., 48th Fl.<br>                 Los Angeles, CA 90013<br><br>**Phase 2**<br>Discovery Cut-off:      June 1, 2010<br>Pre-trial Conference:   Not set<br>Trial Date:             Not set |

**PUBLIC
REDACTED
VERSION**

07975/3193021.1

-1-

1  TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2          PLEASE TAKE NOTICE that on a date and time to be determined by

3  Discovery Master Robert C. O'Brien, plaintiff Mattel, Inc. ("Mattel") will, and

4  hereby does, move the Court, pursuant to <u>Federal Rules of Civil Procedure</u> 26, 34

5  and 37 to enforce the Discovery Master's August 26, 2009 Order No. 52 Regarding

6  (a) Mattel's Motion To Compel MGA Mexico to Produce Documents Responsive to

7  First, Second and Third Sets of Phase 1 Requests for Production, (b) Mattel's

8  Motion To Compel MGA Mexico to Produce Documents Responsive to First Set of

9  Phase 2 Requests for Production, and (c) Motion for Issuance of Letters of Request

10  for Vargas and Trueba, and for sanctions in the amount of $3500.  This motion is

11  made on the grounds that MGA Mexico, in violation of the above-referenced Order,

12  has withheld from disclosure and production to Mattel complete e-mails within the

13  possession, custody and control of MGA Mexico.

14          This Motion is based on this Notice of Motion and Motion, the

15  accompanying Memorandum of Points and Authorities, the Declaration of Marshall

16  M. Searcy, filed concurrently herewith, the records and files of this Court, and all

17  other matters of which the Court may take judicial notice.

18                          **<u>Conference of Counsel</u>**

19          On September 18, 2009, Mattel sent a letter to MGA requesting a meet

20  and confer in advance of a contemplated motion to enforce Order No. 52.  MGA

21  Mexico responded by letter dated September 23, 2009.  On September 24, 2009,

22  Mattel again requested that the parties meet and confer on this issue.  On September

23  25, 2009, Mattel followed up with a letter again asking MGA Mexico to meet and

24  confer on this issue.  MGA Mexico has not agreed to do so and has not otherwise

25  complied with Order No. 52.

26

27

28

07975/3193021.1

MOTION TO ENFORCE

1  DATED:  November 9, 2009

QUINN EMANUEL URQUHART OLIVER & HEDGES. LLP

3  By

4  Marshall M. Searcy
Attorneys for Mattel, Inc.

07975/3193021.1

MOTION TO ENFORCE

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................. 1

FACTUAL BACKGROUND .................................................................... 2

ARGUMENT.............................................................................................. 4

THE DISCOVERY MASTER SHOULD ENFORCE ORDER NO. 52 AND COMPEL MGA MEXICO TO PRODUCE COMPLETE EMAILS .............. 4

CONCLUSION............................................................................................ 6

07975/3189518.1

MOTION TO ENFORCE

# TABLE OF AUTHORITIES

**Page**

## Cases

Braley v. Campbell,
832 F.2d 1504 (10th Cir. 1987) ............................................................ 6

In re Citric Acid Litigation,
191 F.3d 1090 (9th Cir. 1999) ........................................................ 4, 5

Hyde & Drath v. Baker,
24 F.3d 1162 (9th Cir. 1994) ............................................................ 6

Kronisch v. United States,
150 F.3d 112 (2d Cir. 1998) ............................................................ 5

RTC v. Dabney,
73 F.3d 262 (10th Cir. 1995) ............................................................ 6

Sensonics, Inc. v. Aerospace Corp.,
81 F.3d 1566 (Fed. Cir. 1996) ............................................................ 5

Tomlinson v. El Paso Corp.,
245 F.R.D. 474 (D. Colo. 2007) ........................................................ 4, 5

United States v. International Union of Petroleum & Indus. Workers,
870 F.2d 1450 (9th Cir. 1989) ............................................................ 4

Zubulake v. UBS Warburg LLC,
217 F.R.D. 309 ............................................................ 5

## Statutes

28 U.S.C. § 1927 ............................................................ 6

Fed. R. Civ. P. 34 ............................................................ 4

Fed. R. Civ. P. 34(a) ............................................................ 4

Fed. R. Civ. P. 37(a)(5) ............................................................ 6

1

## **Preliminary Statement**

2        Discovery Master Order No. 52 requires MGA Mexico to produce all

3   documents within its possession, custody or control responsive to 318 document

4   requests served by Mattel during Phase I of this action and 26 document requests

5   served by Mattel as part of Phase II.  MGA Mexico produced some responsive

6   documents on September 16, 2009.  However, ██████████████████████████

7   ███████████████████████████████████████████████████████████████████

8   ███████████████████████████

9        ████████████████████████████████████████████

10       ████████████████████████████████████████████

11       ████████████████████████████████████████████

12       █████████████████

13            ████████████████████████████████████████

14  ████████████████████████████████████████████████ MGA

15  Mexico has taken the position that:

16        MGA uses an automated archive system that transfers the data to an

17        independent data repository *that is not readily accessible in the*

18        *ordinary course of business* and, which houses volumes of data not

19        relevant to this litigation.  MGA Mexico has, therefore, met its

20        obligation to produce documents as they are kept in the usual course of

21        business.[2]

---

23   [1]  Declaration of Marshall Searcy, dated November 9, 2009 and filed
24   concurrently herewith ("Searcy Dec."), Exhibit 2 (emphasis added).  A list, by Bates
25   number of all such documents from the September 16, 2009 production is attached
     as Exhibit 3 to the Searcy Dec.  Representative samples of such messages are
26   attached to the Searcy Dec. as Exhibit 2.
27   [2]  September 23, 2009 letter from William A. Molinski to Marshall Searcy;
     Searcy Decl., Exhibit 5 (emphasis added).

28

1  Based on this premise, MGA Mexico has refused to produce the complete e-mails
2  that it was ordered to produce in Order No. 52.

3         Responsive documents that are available to a party by simply clicking a
4  link are well within that party's "possession, custody and control."  MGA Mexico
5  should be ordered to produce the ████████████████████ that it was already
6  ordered to produce months ago, and should be sanctioned.

7                              **Factual Background**

8         On August 26, 2009, the Discovery Master issued Discovery Order No.
9  52, in which he ordered MGA Mexico to produce all documents within its
10 possession, custody or control responsive to 318 categories of document requests
11 served by Mattel during Phase I of this action[3] and 26 categories of document
12 requests from discovery served by Mattel in Phase II of this action.[4]  MGA Mexico
13 produced approximately 188,316 pages of documents on September 16, 2009.[5]
14 ████████████████████████████████████████████████████████████
15 ████████████████████████████████████████████████████████████
16 ████████████████████████████████████████████████████████████
17 ████████████████████████████████████████████████████████████
18 ███████████████████████████████████████████████████████████[7]

---

[3]  Order No. 52 at 6-10;  Searcy Decl., Exhibit 1.
[4]  Order No. 52 at 19-21;  Searcy Decl., Exhibit 1.
[5]  Searcy Decl., ¶ 3.
[6]  Searcy Decl., Exhibit 2.  A list, by Bates number of all such documents from the September 16, 2009 production is attached to the Searcy Declaration as Exhibit 3.  Several representative samples of such messages are attached to the Searcy Declaration as Exhibit 2.
[7]  Searcy Decl., Exhibit 2 (emphasis added).

07975/3189518.1

MOTION TO ENFORCE

1 ████████████████████████████████████████
2 ████████████████████████████████████████████
3 ████████████████████████████████████████████
4 ████████████████████████████████████████████
5 ████████████████████████████████████████████
6 ████████████████████████████████████████████
7 ████████████████████████████████████████████
8 ████████████████████████████████████████████
9 ████████████████████████████████████████████
10 ████████████████████████████████████████████
11 ██████████

On September 18, 2009, Mattel sent a meet and confer letter to MGA Mexico, raising this issue.[12]  MGA Mexico responded by letter dated September 23, 2009 that "MGA uses an automated archive system that transfers the data to an independent data repository[13] *that is not readily accessible in the ordinary course of business* and, which houses volumes of data not relevant to this litigation," and refused to produce the missing emails.[14]

---

[8]   Deposition of Kenneth Lockhart, dated June 14, 2007 ("Lockhart Depo."), 27:21-29:10;  Searcy Decl., Exhibit 7.
[9]   Lockhart Depo., 55:1-15;  86:11-90:13;  91:22-92:8;  Searcy Decl., Exhibit 7.
[10]   Lockhart Depo., 89:1-7;  Searcy Decl., Exhibit 7.
[11]   Lockhart Depo., 87:19-88:6;  Searcy Decl., Exhibit 7.
[12]   Searcy Decl., Exhibit 4.
[13]   Counsel for MGA Mexico did not state specifically whether the "independent data repository" he referred to was owned by a Third Party vendor working under contract with MGA or whether it was simply, ████████████████████, just a separate server under the direct control of MGA's IT Department.
[14]   September 23, 2009 letter from William A. Molinski to Marshall Searcy; Searcy Decl., Exhibit 5 (emphasis added).

1   On September 24, 2009, Mattel again requested that the parties meet

2   and confer on this issue.[15]  On September 25, 2009, Mattel followed up with a letter

3   again asking MGA Mexico to meet and confer on this issue.[16]  MGA Mexico has

4   not agreed to either supplement its production or to meet and confer on this issue,

5   even though the time to respond as dictated by the Discovery Master Stipulation and

6   Order passed.[17]

7   **Argument**

8   **THE DISCOVERY MASTER SHOULD ENFORCE ORDER NO. 52 AND**

9   **COMPEL MGA MEXICO TO PRODUCE COMPLETE EMAILS**

10   MGA has already been ordered to produce all documents within its

11   possession, custody and control responsive to 344 document requests.  It cannot

12   refuse to produce emails that ███████████████████████████████

13   ██████████████████████████ Under <u>Fed. R. Civ. P.</u> 34(a), a party is obliged to

14   produce documents or other items which are in its "possession, custody or control."

15   It is well-established in the Ninth Circuit that "control is defined as the legal right to

16   obtain documents upon demand." <u>In re Citric Acid Litigation</u>, 191 F.3d 1090, 1107

17   (9th Cir. 1999) (citing <u>United States v. International Union of Petroleum & Indus.</u>

18   <u>Workers</u>, 870 F.2d 1450, 1452 (9th Cir. 1989)).  A party has "control" over

19   electronic records even where the records are maintained by a third party on the

20   responding company's behalf, <u>see, e.g.,</u> <u>Tomlinson v. El Paso Corp.</u>, 245 F.R.D.

21   474, 477 (D. Colo. 2007), let alone where the records are merely the click of a

22   button away.  In fact, the committee notes to Rule 34  make clear that discoverable

23   "electronically stored information" encompasses archived copies of electronic

24   communications.  <u>See, e.g., Fed. R. Civ. P.</u> 34, Advisory Committee Note to 2006

25   ————————————————

26   [15]  Searcy Decl., ¶ 6.

27   [16]  Searcy Decl., Exhibit 6.
[17]  Searcy Decl., ¶ 8.

28

1    Amendments; <u>Zubulake v. UBS Warburg LLC</u>, 217 F.R.D. 309, 317 nn. 36-38

2    (S.D.N.Y. 2003) ("Rule 34 applies to electronics [sic] data compilations.[]   Thus,

3    [e]lectronic documents are no less subject to disclosure than paper records.'  This is

4    true not only of electronic documents that are currently in use, but also of

5    documents that may have been deleted and now reside only on backup disks.")

6    (citations omitted).

7    ██████████████████████████████████████████

8    ██████████████████████████████████████████

9    ██████████████████████████████████████████

10   ██████████████████████████████████████[18]   The

11   letter from MGA Mexico's counsel uses the term "an independent data repository."[19]

12   To the extent that this is intended to suggest that MGA uses a third party to store

13   and archive its past emails, ██████████████████████

14   ████.  But even if counsel's claim is true, it does not excuse MGA Mexico from

15   producing these documents.  As a party to this lawsuit, MGA Mexico has a duty to

16   preserve all relevant evidence.  <u>See, e.g.</u>, <u>Kronisch v. United States</u>, 150 F.3d 112,

17   130 (2d Cir. 1998); <u>Sensonics, Inc. v. Aerospace Corp.</u>, 81 F.3d 1566, 1575 (Fed.

18   Cir. 1996).   MGA Mexico cannot evade that duty by transferring the relevant

19   evidence to a third party and then claiming "we don't have it anymore."

20        MGA Mexico has not denied that it has the legal right to obtain or

21   procure transfer of the documents at any time.  ██████████████████

22   ██████████████████████████████████████████

23   ██████████████████████████████████████████.

24   Therefore, MGA Mexico's situation meets both the <u>Tomlinson</u> and <u>In re Citric Acid</u>

25   _____

26   [18]   Lockhart Depo., 87:19-88:6;  Searcy Decl., Exhibit 7.

27   [19]   September 23, 2009 letter from William A. Molinski to Marshall Searcy;
     Searcy Decl., Exhibit 5.

28

1 | Litigation tests for "control." MGA Mexico should be ordered to produce these

2 | ██████████████ that are admittedly responsive to the categories MGA Mexico

3 | was ordered to produce in Discovery Order No. 52.

4 | In addition, Mattel believes sanctions are warranted.[20] MGA Mexico

5 | has never offered a legitimate explanation for its conscious withholding of

6 | compelled evidence. It has never even agreed to meet and confer to discuss the

7 | issue as Mattel repeatedly requested. Its disregard of the Discovery Master's Order,

8 | and Mattel's legitimate requests to obtain compliance, are sanctionable.

9 | Accordingly, Mattel requests an award of $3500, as partial costs involved in

10 | bringing this application.[21]

11 | **Conclusion**

12 | For the foregoing reasons, Mattel respectfully requests that its motion

13 | to enforce be granted, that MGA Mexico be ordered to produce complete copies of

14 | ██████████████████ in its possession, custody or control responsive to the

15 | categories of documents it was ordered to produce in Discovery Order No. 52, and

16 | that MGA Mexico be sanctioned in the amount of $3500.

17

18

19

20

21

---

22 | [20] See, Fed. R. Civ. P. 37(a)(5); Hyde & Drath v. Baker, 24 F.3d 1162, 1171

23 | (9th Cir. 1994). See also 28 U.S.C. § 1927 ("Any attorney...who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court

24 | to satisfy personally the excess costs, expenses, and attorney's fees reasonably incurred because of such conduct."). Sanctions under Section 1927 are appropriate

25 | "for conduct that, viewed objectively, manifests either intentional or reckless

26 | disregard of the attorney's duties to the court." RTC v. Dabney, 73 F.3d 262, 265

27 | (10th Cir. 1995) (citing Braley v. Campbell, 832 F.2d 1504, 1512 (10th Cir. 1987)).

28 | [21] Searcy Decl., ¶ 10.

07975/3189518.1

1    DATED:  November 9, 2009      QUINN EMANUEL URQUHART OLIVER &
2                                HEDGES. LLP
3
4                              By
5                                Marshall M. Searcy
                                Attorneys for Mattel. Inc.