QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>MGA ENTERTAINMENT, INC., a California corporation, et al.,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS<br><br>**PUBLIC REDACTED** | CASE NO. CV 04-9049 DOC (RNBx)<br><br>Consolidated with Case Nos. CV 04-09059 and CV 05-02727<br><br>**DISCOVERY MATTER**<br><br>**[To Be Heard By Discovery Master Robert O'Brien Pursuant to Order of January 6, 2009]**<br><br>SUPPLEMENTAL DECLARATION OF B. DYLAN PROCTOR IN SUPPORT OF MATTEL, INC.'S MOTION TO COMPEL PRODUCTION AND/OR *IN CAMERA* REVIEW OF DOCUMENTS IMPROPERLY WITHHELD ON OMNI 808'S PRIVILEGE LOG<br><br>Date: TBD<br>Time: TBD<br>Place: Arent Fox<br><br>**Phase 2**<br>Discovery Cut-Off: TBD<br>Pre-trial Conference: TBD<br>Trial Date: TBD |

## SUPPLEMENTAL DECLARATION OF B. DYLAN PROCTOR

1. I am a member of the bar of the State of California and a partner at Quinn Emanuel Urquhart Oliver & Hedges, LLP, attorneys for Mattel, Inc. I make this declaration of personal, firsthand knowledge, and if called and sworn as a witness, I could and would testify competently thereto.

2. Attached hereto as **Exhibit 1** is a true and correct copy of relevant transcript excerpts from the August 13, 2009 Hearing.

3. Attached hereto as **Exhibit 2** is a true and correct copy of relevant excerpts from Phase 2 Discovery Order No. 33, dated May 18, 2009.

4. Attached here to as **Exhibit 3** is a true and correct copy of relevant excerpts from Mattel's Supplemental Privilege Log, dated October 12, 2009.

5. Attached hereto as **Exhibit 4** is a true and correct copy of relevant excerpts from Phase 2 Discovery Order No. 6, dated March 13, 2009.

6. Attached hereto as **Exhibit 5** is a true and correct copy of a May 7, 2009 from letter I received from Peter Villar, MGA's counsel.

I declare under penalty of perjury under the law of the United States that the foregoing is true and correct.

Executed on November 10, 2009, at Los Angeles, California.

_____
B. Dylan Proctor

Exhibit 1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION

CARTER BRYANT, an
individual,

        Plaintiff,

vs.

MATTEL, INC., a Delaware
corporation,

        Defendant.

AND CONSOLIDATED ACTIONS.

No. CV 04-9049 SGL (RNBx)
Consolidated with
Nos. 04-9059 and 05-2727

**CERTIFIED COPY**

TRANSCRIPT OF PROCEEDINGS

Los Angeles, California

Thursday, August 13, 2009

Reported by:
THERESA TRANG MCDOUGALL
CSR No. 11952

Job No. 116948

EXHIBIT 1

PAGE 2

TRANSCRIPT OF PROCEEDINGS                          08/13/09

```
 1   APPEARANCES:
 2
     Discovery Master:
 3
             ROBERT C. O'BRIEN
 4           ARENT FOX
             555 West Fifth Street, 48th Floor
 5           Los Angeles, California 90013-1065
             213.629.7400
 6           obrien.robert@arentfox.com
 7
     For Third Party OMNI 808:
 8
             BINGHAM McCUTCHEN LLP
 9           BY:  TODD E. GORDINIER
                  PETER N. VILLAR
10           Attorneys at Law
             Plaza Tower, 18th Floor
11           600 Anton Boulevard
             Costa Mesa, California 92626-1924
12           714.830.0640
             todd.gordinier@bingham.com
13           peter.villar@bingham.com
14
     For Defendant MATTEL, INC.:
15
             QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
16           BY:  MICHAEL T. ZELLER
                  JOHN B. QUINN
17           Attorneys at Law
             865 South Figueroa Street, 10th Floor
18           Los Angeles, California 90017
             213.624.7707
19           michaelzeller@quinnemanuel.com
             johnquinn@quinnemanuel.com
20
             MATTEL, INC.
21           BY:  JILL E. THOMAS
             Assistant General Counsel
22           333 Continental Boulevard
             El Segundo, California 90245-5012
23           310.252.2000
24
25
```

3

TRANSCRIPT OF PROCEEDINGS                                    08/13/09

```
 1          And I don't know if you're right or wrong,
 2   and that's why I'm suggest you have the meet-and-
 3   confer -- order you have a meet-and-confer within the
 4   next five days to try and deal with that issue so that
 5   we don't have to have a motion on it.  And it may be a
 6   sufficient privilege log.  I'm not going to address
 7   that issue.  But go through the meet-and-confer
 8   process in good faith -- both parties -- and let's see
 9   if we can avoid, on this issue, another motion.
10          MR. QUINN:  Could -- just -- could I ask a
11   clarification?
12          MR. O'BRIEN:  Sure.
13          MR. QUINN:  Is the motion to deny, denied without
14   prejudice both as to the waiver and the sanctions
15   issue also?
16          MR. O'BRIEN:  It was with -- I'm sorry.  That's a
17   fair question, and it will be spelled out in the
18   order.
19          With respect to the waiver, it's denied with
20   prejudice.  With respect to the issue of sanctions, if
21   after the meet-and-confer process Mattel feels that
22   the log is unsatisfactory and requires a further
23   motion, and Mattel wants to seek sanctions as part of
24   that motion, including the sanctions that were part of
25   this motion, that's without prejudice.
```

17

1    MR. QUINN: Then could I be heard on the -- on the
2  sanctions issue?
3    MR. O'BRIEN: You really want to be heard on that?
4    MR. QUINN: Well, I mean, the chronology that was
5  recited is not accurate, if that makes any difference.
6    MR. O'BRIEN: I'm familiar with the chronology. I
7  went through all the letters and --
8    MR. QUINN: Okay.
9    MR. O'BRIEN: -- and, you know, as I stated, I'm
10 very concerned about the fact that the privilege log
11 was produced 24 hours after Mattel had to file a
12 motion. And that's why I'm denying -- with respect to
13 the sanctions, I'm denying it without prejudice, so
14 that if the meet-and-confer process isn't successful
15 and you don't feel like you got a privilege log that
16 was proper, you can bring a motion and request for
17 sanctions at that time.
18       Hopefully, everybody will agree that we've
19 got a fair -- a good privilege log. And if there are
20 individual items on the privilege log that need to be
21 tested, a motion needs to be brought, then we can deal
22 with those separately. But I'm not going to issue
23 sanctions today.
24       But I do encourage both sides, especially in
25 this case, that you've got to get the documents

1  produced and these things without having to file
2  unnecessary motions. And I don't need -- no one else
3  needs to say anything else on it and it will be set
4  forth in the written order. And I understand your
5  concerns. It's something that we'll certainly keep in
6  mind for future motions.
7  　　　　　All right. Let's go to this issue of the
8  reconsideration of Order No. 27.
9  　　　　　And Mr. Quinn, is that -- are you arguing
10 that --
11 　　MR. QUINN: I think Mr. Zeller is going to argue
12 that.
13 　　　MR. O'BRIEN: Okay.
14 　　MR. ZELLER: This has obviously been rather
15 extensively discussed in the briefing. We didn't have
16 a reply, of course, on the supplemental briefing.
17 However, I think it's fair to say that we had
18 anticipated most of what was argued. Of course, if
19 you have particular questions in terms of the issues
20 they raise.
21 　　　　　But I think it is fair to say that the bulk
22 of the supplemental arguments that are now being
23 made -- or at least in the supplemental brief, I
24 should say -- are inconsistent with the July 9thth
25 order. The Court quite clearly rejected the necessity

Exhibit 2

# FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

Exhibit 3

**MATTEL V. CARTER BRYANT AND CONSOLIDATED CASES**

SUPPLEMENTAL PRIVILEGE LOG

October 12, 2009

| No. | Document Type | Date | From/Author | To/Recipient(s) | Description of Document and/or Redaction | Privilege[1] |
|---|---|---|---|---|---|---|
| 1. | Board of Directors Meeting Minutes (Redacted) M 0737414-M 0737439 | March 12, 2004 | -- | -- | Communications of legal advice to Board regarding stockholder proposals and potential litigation matter. | Attorney Client Privilege<br><br>Attorney Work Product |
| 2. | Board of Directors Meeting Minutes | April 26, 2004 | -- | -- | Communication of legal advice to Board regarding potential litigation matter. | Attorney Client Privilege<br><br>Attorney Work Product |
| 3. | Handwritten Notes | August 10, 2004 | Michael Moore, Esq. | -- | Attorney notes regarding Cityworld and reflecting communications with outside counsel regarding same. | Attorney Client Privilege<br><br>Attorney Work Product |

---

[1] An assertion of the work product privilege means that the document was prepared in anticipation of this action or another potential action.

EXHIBIT 3
PAGE 24

Exhibit 4

1  Robert C. O'Brien (SBN 154372)
   ARENT FOX LLP
2  555 West Fifth Street, 48th Floor
   Los Angeles, CA 90013-1065
3  Telephone: 213.629.7400
   Facsimile: 213.629.7401
4  obrien.robert@arentfox.com

5

6  Discovery Master

7

8                    UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10                        EASTERN DIVISION

11

| | |
|---|---|
| CARTER BRYANT, an individual,, | Case No. CV 04-09049 SGL (RNBx) |
| Plaintiff, | Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-2727 |
| v. | |
| MATTEL, INC., a Delaware corporation, | **PHASE 2 DISCOVERY MATTER**<br>**ORDER NO. 6, REGARDING:** |
| Defendant. | (1) MOTION OF MATTEL, INC. TO COMPEL PRODUCTION OF DOCUMENTS RESPONSIVE TO ITS FIRST AND THIRD SETS OF REQUESTS FOR PRODUCTION; and |
| | (2) MOTION OF MGA TO COMPEL PRODUCTION OF DOCUMENTS RESPONSIVE TO THE DOCUMENT REQUEST NOS. 526 AND 528 |
| CONSOLIDATED WITH MATTEL, INC. v. BRYANT and MGA ENTERTAINMENT, INC. v. MATTEL, INC. | |

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

ORDER NO. 6
[Case No. CV 04-09049 SGL (RNBx)]

EXHIBIT 4
PAGE 25

### B. Phase 1 Ruling

This is not the first time that Mattel has moved to compel responses to Document Request Nos. 87 and 88. Mattel previously moved to compel responses to these requests as part of Phase 1, but its motion was denied because "Request Nos. 87 and 88 (files for former Mattel employees) . . . relate[d] primarily to Phase 2 issues." (Disc. Master Order, Apr. 14, 2008, p. 7). The former discovery master's April 14, 2008 Order denying Mattel's original motion to compel further held that "[i]n view of the stay on Phase 2 discovery . . . . [n]othing in this Order is intended to authorize or preclude Mattel from seeking further production of documents in response to Request Nos. 1 – 88 during Phase 2 discovery." (*Id.*, pp.7 - 8).

### C. Objections of MGA Entertainment

In its Opposition, MGA Entertainment relies on three basic grounds for refusing to produce the requested documents. First, MGA Entertainment argues that Mattel failed to meet and confer. Second, MGA Entertainment argues that the requests are overbroad. Finally, MGA Entertainment argues that California's privacy laws prevent it from producing the requested documents.

#### 1. Purported Failure To Meet And Confer

As indicated above, MGA Entertainment first asserts that Mattel's Motion to Compel should be denied because Mattel failed to adequately meet and confer. (MGA Opposition, pp. 9 - 10). However, MGA Entertainment admits that Mattel did meet and confer regarding the two requests at issue prior to filing its original motion to compel in Phase 1. (*Id.*, p. 2 ["The Renewed Motion is in fact based on meet and confer discussions held over one year ago with MGA's prior lead counsel."]; *see also id.*, p. 9 n.2 [Mattel "met and conferred over a year ago"].) MGA further provides no legal authority, and the Discovery Master has found none, supporting the proposition that a party must meet and confer again before renewing a motion to compel that was denied merely because the case had been

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

-2-

ORDER NO. 6
[Case No. CV 04-09049 SGL (RNBx)]

4

EXHIBIT _____
PAGE _26_

1  divided into phases and where the order denying the motion expressly noted that
2  nothing in the ruling was intended to "preclude Mattel from seeking further
3  production of documents in response" to the requests as part of Phase 2 discovery.[1]
4  (Order Apr. 14, 2008, pp: 7 - 8).
5       Even assuming such a requirement did exist, Mattel in fact met and conferred
6  with MGA Entertainment for a second time following the filing of its current
7  motion and resolved 34 of the 36 document requests in dispute. (MGA Opposition,
8  pp. 1, 6.) However, the parties were still unable to resolve their differences relating
9  to Document Requests Nos. 87 and 88. (*Id.*, 7–9.) It is, therefore, unclear what
10. could have been accomplished by an additional meet and confer on these issues
11 prior to the filing of the motion. Regardless, Mattel met and conferred once before
12 filing its current motion to compel and that is all that is required by the Federal
13 Rules of Civil Procedure and the discovery procedures governing this case.

    **2.    Overbreadth Objection**

15      MGA Entertainment's second argument in opposition to Mattel's Motion is
16 that Document Requests Nos. 87 and 88 are "grossly overbroad." (MGA
17 Opposition, pp. 14 – 15). Specifically, MGA Entertainment argues that the requests
18 are improper because they are not tied "to any product(s) that Mattel alleged that
19 MGA [Entertainment] stole from Mattel." (*Id.*,14.) Without citing any legal
20 authority in support of this position, MGA Entertainment asserts that the current
21 Discovery Master should find that the requests are overbroad because the prior
22 discovery master merely compelled it to produce portions of personnel and vendor
23 files related to the Bratz products as part of Phase 1 discovery. (*Id.*; *see also* Order
24 Apr.14, 2008, pp. 7 - 8). But MGA Entertainment's argument fails to recognize
25 //
26
27 ---
[1] The arguments of MGA Entertainment that (1) it has new lead counsel and (2) the case has "changed dramatically" since the initial meet and confer took place in 2008 are not supported by any legal authority, (MGA Opposition, p. 9),
28 and do nothing to alter the fact that Mattel met and conferred on these issues previously.

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 3 -

ORDER NO. 6
[Case No. CV 04-09049 SGL (RNBx)]

EXHIBIT 4
PAGE 27

the differences between Mattel's Phase 1 and Phase 2 claims.[2]

The touchstone for determining whether a particular discovery request is reasonably calculated to lead to the discovery of admissible evidence in this case is whether the request bears some relation to the issues to be tried in Phase 2. Whereas Phase 1 of this case primarily addressed whether Mattel or MGA Entertainment owned the rights to the Bratz products, Mattel's Phase 2 claims are not linked to a single discrete product or even multiple products. Instead, the issues to be litigated in Phase 2 include, among other things, Mattel's claim that MGA Entertainment stole "a vast array of trade secrets and other confidential information that comprise Mattel's intellectual infrastructure," including, among other things, stealing "Mattel's proprietary business methods, practices and information." (Second Amended Answer and Counterclaims ["SAAC"], ¶ 20). Mattel alleges in its Counterclaims, which are to be litigated in Phase 2, that MGA Entertainment :

- "engaged in a pattern of stealing and using [Mattel's] property and trade secrets," (*Id.*, ¶ 1);
- "repeated—and even expanded—its pattern of theft [regarding the Bratz dolls] on numerous occasions," including by hiring away three key Mattel employees in Mexico who "stole virtually every category of Mattel's sensitive and trade secret business plans and information for the Mexican market as well as a significant quantity of sensitive and trade secrete information for Mattel's U.S. and worldwide businesses," (*Id.*, ¶ 3);
- "stole Mattel trade secrets regarding Mattel's customers, sales, projects, advertising and strategy, not only for Canada, but the United States and the rest of the world," (*Id.*, ¶ 70);

//

---

[2] MGA Entertainment's claim that the document requests are overbroad is also inconsistent with its statement that it would "produce all requested personnel files in their entirety (except for any medical or health related documents) if Mattel gave notice to the employees and obtained their consent for such disclosure." (MGA Opposition, pp. 8 – 9).

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 4 -

ORDER NO. 6
[Case No. CV 04-09049 SGL (RNBx)]

EXHIBIT 4
PAGE 28

### V. DISPOSITION

1. The Mattel Motion is **GRANTED**, with the exception of health care specific information, social security numbers, tax identification numbers, dates of birth, bank account numbers, and checking account numbers.

2. Mattel's request for sanctions is **DENIED**.

3. The MGA Motion is **GRANTED**.

4. All non-privileged documents shall be produced within 30 days of this Order, subject to any applicable confidentiality designations available under the Protective Order.

5. All documents to be produced pursuant to this Order, including employee personnel files and records of communications between Mattel and law enforcement officials, shall be produced in the same format and order as they are maintained in the original files of the parties as required by Federal Rule of Civil Procedure 34(b)(2)(E)(i).

6. The documents reflecting Mattel's communications with law enforcement officials shall include any and all enclosures, and documents transmitted as a group shall be marked in a manner that permits MGA to ascertain which pages constitute each individual transmittal.

7. All personnel or vendor documents redacted by MGA in accordance with this Order shall, whenever applicable, retain any letterhead, title, or other header that permits Mattel to ascertain the general nature and source of the document redacted and shall be marked in a manner that permits Mattel to ascertain which pages comprise a single document.

Dated: March 13, 2009

By: /s/ Robert C. O'Brien
ROBERT C. O'BRIEN
Discovery Master

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 19 -

ORDER NO. 6
[Case No. CV 04-09049 SGL (RNBx)]

EXHIBIT 4
PAGE 29

Exhibit 5

# BINGHAM

Peter N. Villar
Direct Phone: 714.830.0640
Direct Fax: 714.830.0719
peter.villar@bingham.com

May 7, 2009

Via Email: dylanproctor@quinnemanuel.com
Via Facsimile: (213) 443-3100

B. Dylan Proctor, Esq.
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017

Re: Mattel, Inc. v. MGA Entertainment, Inc. et al.

Dear Dylan:

I am in receipt of your letter dated May 5, 2009. You seem more intent on creating a dispute than resolving one.

In the first paragraph of your letter, you assert that Omni 808 did not produce a privilege log with its "belated production as required by the Discovery Master's Orders ..." However, as you know, Omni's production occurred on April 28, 2009, in compliance with the Discovery Master's Order No. 21. Also, neither of the Discovery Master's Orders (Nos. 3 and 21) even mentions a privilege log.

In the second paragraph of your letter, you assert that Omni's "time to meet and confer has passed." I assume you are referring to an arbitrary "time period" set by Mattel, and not to any statutory meet and confer timeframe, so I respectfully disagree. You also cite to a case which, on its face, has no application to these circumstances.

In all events, we are in the process of preparing a privilege log so your motion is unnecessary. But, if it is more important to you and your client to file a motion than to resolve a dispute (which appears to be your modus operandi), I am available to "meet and confer" almost any time on Friday, May 15. Please let me know if that will be necessary.

Sincerely,

Peter N. Villar

cc: Todd E. Gordinier, Esq.

Boston
Hartford
Hong Kong
London
Los Angeles
New York
Orange County
San Francisco
Santa Monica
Silicon Valley
Tokyo
Walnut Creek
Washington

Bingham McCutchen LLP
Plaza Tower, 18th Floor
600 Anton Boulevard
Costa Mesa, CA
92626-1924

T 714.830.0600
F 714.830.0700
bingham.com

A/73031547.1

EXHIBIT 10     5
PAGE 174     30