MELINDA HAAG (State Bar No. 132612)
mhaag@orrick.com
ANNETTE L. HURST (State Bar No. 148738)
ahurst@orrick.com
WARRINGTON S. PARKER III (State Bar No. 148003)
wparker@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
405 Howard Street
San Francisco, CA 94105-2669
Tel: (415) 773-5700/Fax: (415) 773-5759

WILLIAM A. MOLINSKI (State Bar No. 145186)
wmolinski@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA 90017
Tel. (213) 629-2020/Fax: (213) 612-2499

THOMAS S. MCCONVILLE (State Bar No. 155905)
tmcconville@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
4 Park Plaza, Suite 1600
Irvine, CA 92614-2258
Tel: (949) 567-6700/Fax: (949) 567-6710

Attorneys for MGA Parties

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>    Plaintiff,<br><br>    v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>    Defendant. | Case No. CV 04-09049-DOC (RNBx)<br><br>**AMENDED** [PROPOSED] ORDER GRANTING MOTION FOR TRIAL SETTING CONFERENCE AND FOR ORDER REQUIRING MATTEL TO FILE A RICO CASE STATEMENT **IN THE FORM ATTACHED AS EXHIBIT A** |
| AND CONSOLIDATED ACTIONS | Date:      November 30, 2009<br>Time:      8:30 a.m.<br>Courtroom: 9D (Hon. David O. Carter) |

# [PROPOSED] ORDER

The Court, having considered MGA's Motion for Trial Setting Conference and for Order Requiring Mattel to File a RICO Case Statement, and having found good cause appearing, it is HEREBY ORDERED that:

1. A Rule 16 trial setting conference will take place on _____, 2009 at \_\_:\_\_\_\_\_.

2. The parties will meet in person no less than 14 days prior to the conference to prepare a joint statement addressing the issues set forth in Rule 26(f), the Court's standing orders, and any other issues either party believes should be addressed in connection with a Rule 16 conference.

3. Mattel will file and serve a RICO Case Statement, in the form of attached Exhibit A, no later than 10 days prior to the conference.

It is so ORDERED.

Dated: _____, 2009      _____
Hon. David O. Carter
United States District Court Judge

# EXHIBIT A

**RICO CASE STATEMENT**

1. State whether the alleged unlawful conduct is in violation of 18 U.S.C. § 1962(a), (b), (c), and/or (d).
2. List each defendant and state the alleged misconduct and basis of liability of each.
3. List the alleged wrongdoers, other than the defendants listed above, and state the alleged misconduct of each wrongdoer.
4. List the alleged victims and state how each victim was allegedly injured.
5. Describe in detail the pattern of racketeering activity or collection of unlawful debts alleged for each RICO claim. A description of the pattern of racketeering shall include the following information:
    a. List the alleged predicate acts and the specific statutes which were allegedly violated;
    b. Provide the dates of the predicate acts, the participants in the predicate acts, and a description of the facts surrounding the predicate acts;
    c. If the RICO claim is based on the predicate offense of fraud, the "circumstances constituting fraud ... shall be stated with particularity." Fed.R.Civ.P. 9(b). Identify the time, place and contents of the alleged misrepresentations, and the identity of persons to whom and by whom the alleged misrepresentations were made;
    d. State whether there has been a criminal conviction for violation of the predicate acts;
    e. State whether civil litigation has resulted in a judgment with respect to the predicate acts;
    f. Describe how the predicate acts form a "pattern of racketeering activity"; and
    g. State whether the alleged predicate acts relate to each other as part of a common plan. If so, describe in detail.

6. Describe in detail the alleged enterprise for the RICO claim. A description of the enterprise shall include the following information:
   a. State the names of the individuals, partnerships, corporations, associations, or other legal entities, which allegedly constitute the enterprise;
   b. Describe the structure, purpose, function and course of conduct of the enterprise;
   c. State whether any defendants are employees, officers or directors of the alleged enterprise;
   d. State whether any defendants are associated with the alleged enterprise;
   e. State whether you are alleging that the defendants are individuals or entities separate from the alleged enterprise, or that the defendants are the enterprise itself, or members of the enterprise; and
   f. If any defendants are alleged to be the enterprise itself, or members of the enterprise, explain whether such defendants are perpetrators, passive instruments, or victims of the alleged racketeering activity.
7. State and describe in detail whether you are alleging that the pattern of racketeering activity and the enterprise are separate or have merged into one entity.
8. Describe the alleged relationship between the activities of the enterprise and the pattern of racketeering activity. Discuss how the racketeering activity differs from the usual and daily activities of the enterprise, if at all.
9. Describe what benefits, if any, the alleged enterprise receives from the alleged pattern of racketeering.
10. Describe the effect of the activities of the enterprise on interstate or foreign commerce.

///

1  11. If the claim alleges a violation of 18 U.S.C. § 1962(a), provide the following
2      information:
3      a. State who received the income derived from the pattern of racketeering
4         activity or through the collection of an unlawful debt; and
5      b. Describe the use or investment of such income.
6  12. If the claim alleges a violation of 18 U.S.C. § 1962(b), describe in detail the
7      acquisition or maintenance of any interest in or control of the alleged
8      enterprise.
9  13. If the claim alleges a violation of 18 U.S.C. § 1962(c), provide the following
10     information:
11     a. State who is employed by or associated with the enterprise; and
12     b. State whether the same entity is both the liable "person" and the
13        "enterprise" under § 1962(c).
14 14. If the claim alleges a violation of 18 U.S.C. § 1962(d), describe in detail the
15     alleged conspiracy.
16 15. Describe the alleged injury to business or property.
17 16. Describe the direct causal relationship between the alleged injury and the
18     violation of the RICO statute.
19 17. List the damages sustained for which each defendant is allegedly liable.

Exhibit A – Page 4