1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
   John B. Quinn (Bar No. 090378)
2  johnquinn@quinnemanuel.com
   Michael T. Zeller (Bar No. 196417)
3  (michaelzeller@quinnemanuel.com)
   Jon D. Corey (Bar No. 185066)
4  (joncorey@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
5  Los Angeles, California 90017-2543
   Telephone: (213) 443-3000
6  Facsimile: (213) 443-3100

7  Attorneys for Mattel, Inc.

8              UNITED STATES DISTRICT COURT

9             CENTRAL DISTRICT OF CALIFORNIA

10               SOUTHERN DIVISION

11

12 | CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |

   Plaintiff,

13                                  Consolidated with
                                    Case No. CV 04-09059
   vs.                              Case No. CV 05-02727

14

15 MATTEL, INC., a Delaware         **DISCOVERY MATTER**
   corporation,                     **[To Be Heard By Discovery Master**
                                    **Robert O'Brien]**
16          Defendants

17                                  MATTEL, INC.'S [PUBLIC
   ———————————————————             REDACTED] OPPOSITION TO
                                    MGA'S MOTION TO COMPEL
   AND CONSOLIDATED ACTIONS         MATTEL'S ATTENDANCE AT
18                                  30(B)(6) DEPOSITION AND FOR
                                    SANCTIONS
19

20                                  Date:  TBD
                                    Time:  TBD
21                                  Place: Arent Fox LLP
                                           555 West Fifth St.
22                                         48th Floor
                                           Los Angeles, CA
23                                         90013

24                                  Discovery Cut-off:      TBD
                                    Pre-trial Conference:   TBD
25                                  Trial Date:             TBD

26

27

28

00505.07975/3201750.1

MATTEL'S OPPOSITION TO MOTION TO COMPEL ATTENDANCE AT 30(B)(6) DEPOSITION

# TABLE OF CONTENTS

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ................................................. 1

PRELIMINARY STATEMENT ..................................................................... 1

STATEMENT OF FACTS .......................................................................... 3

ARGUMENT ........................................................................................ 7

I.  IF THE ONE DEPOSITION RULE APPLIES, MGA'S SECOND
    PHASE 2 NOTICE IS INVALID ......................................................... 7

    A.  Courts Hold That The One Deposition Rule Applies to Entity
        Depositions ........................................................................ 7

    B.  MGA Successfully Urged That the One Deposition Rule Should
        Apply To The Corporate Parties In This Case ............................... 8

II.  IF THE ONE DEPOSITION RULE APPLIES, MGA'S SECOND
     NOTICE IS IMPROPER AND INVALID ............................................. 10

    A.  A Party Need Not Seek A Protective Order On An Invalid Notice ...... 10

    B.  MGA Successfully Urged That It Did Not Have To Seek A
        Protective Order Under Identical Circumstances ......................... 12

III.  SANCTIONS ARE UNWARRANTED ................................................ 12

CONCLUSION ................................................................................... 14

00505.07975/3201750.1

MATTEL'S OPPOSITION TO MOTION TO COMPEL ATTENDANCE AT 30(B)(6) DEPOSITION

## TABLE OF AUTHORITIES

**Page**

### Cases

Ameristar Jet Charter, Inc. v. Signal Composites, Inc.,
   244 F.3d 189 (1st Cir. 2001)......................................................................8

Appleton Papers Inc. v. George A. Whiting Paper Co.,
   2009 WL 2870622 (E.D. Wis., Sept. 02, 2009) ...................................8, 10

Burdick v. Union Sec. Ins. Co.,
   2008 WL 5102851 (C.D. Cal., Dec. 3, 2008)......................................8, 11

Hamilton v. State Farm Fire & Cas. Co.,
   270 F.3d 778 (9th Cir. 2001)................................................................10, 12

Helfand v. Gerson,
   105 F.3d 530 (9th Cir. 1997).....................................................................10

Innomed Labs, LLC v. Alza Corp.,
   211 F.R.D. 237 (S.D.N.Y., 2002)................................................................8

New England Carpenters Health Benefits Fund v. First Databank, Inc.,
   242 F.R.D. 164 (D. Mass. 2007) ...............................................................12

Pegram v. Herdrich,
   530 U.S. 211 (2000).....................................................................................10

E.E.O.C. v. ABM Indus. Inc.,
   2008 WL 2872407 (E.D. Cal. July 24, 2008) (cited in Motion at 5) ...................11

State Farm Mutual Auto. Ins. Co. v. New Horizont, Inc.,
   254 F.R.D. 227 (E.D. Pa., 2008) .................................................................8

Russell v. Rolfs,
   893 F.2d 1033 (9th Cir. 1990) ...................................................................10

In re Sulfuric Acid Antitrust Litig.,
   2005 WL 1994105 (N.D. Ill., Aug. 19, 2005)............................................7

In re Sulfuric Acid Antitrust Litigation,
   230 F.R.D. 527 (N.D. Ill., 2005) .........................................................11, 13

Tingley Sys., Inc. v. Healthlink, Inc.,
   2007 WL 1365341 (M.D. Fla., May 9, 2007) .......................................8, 11

### Statutes

Fed. R. Civ. P. 26........................................................................................9

Fed. R. Civ. P. 26(c) .............................................................................11, 12

1  Fed. R. Civ. P. 30...................................................................................................1

2  Fed. R. Civ. P. 30(b)(6).....................................................................................passim

3  Fed. R. Civ. P. 37.................................................................................................11

4  Fed. R. Civ. P. 37(a)(5)(A) .................................................................................13

5  Fed. R. Civ. P. 37(d)(1)(a) ..................................................................................13

6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## Other Authorities

7 Moore's Federal Practice, § 30.05[1][c] at 30-30.3 (3d ed. 2005).............................7

## MEMORANDUM OF POINTS AND AUTHORITIES

### Preliminary Statement

MGA's motion reflects unwarranted gamesmanship.  In fact, this motion need not have been brought at all.  Having been brought unnecessarily, the motion should be denied.

For years, the practice in this case, as the Discovery Master knows from Mattel's prior submissions, was that objections to a deposition notice could be litigated not only on a protective order motion but on a motion to compel.  Pursuant to that longstanding practice Mattel served objections to MGA's Second Phase 2 Rule 30(b)(6) notice to Mattel and advised MGA, in advance of the deposition, that Mattel would not appear on the unilaterally noticed date.  The Discovery Master then issued Order No. 71, ███████████████████████

████████████████████████████████

███████████████  Thereafter, MGA sent a letter regarding its Second Phase 2 Notice, citing Order No. 71 and demanding that Mattel produce a witness.

No one disputes the above.  What happened next, however, has been grossly misstated by MGA.  According to MGA, at the parties' meet and confer, "Mattel simply refused to produce or identify witnesses and suggested that Order No. 71 ████████████████████[1]  "Mattel did not elaborate on why Order No. 71 did not apply to the instant deposition."[2]  That is far from accurate.  In fact, Mattel explained that it *was* – and is – prepared to produce a witness in response to the Second Phase 2 Notice, but that a threshold issue had to be resolved first: whether the one deposition rule set forth in Rule 30 applies to a deposition of an

---

[1]  Declaration of William A. Molinski In Support Of MGA's Motion To Compel Mattel's Attendance At 30(b)(6) Deposition And For Sanctions ("Molinski Decl."), dated October 30, 2009, ¶ 15.

[2]  MGA's Motion To Compel Mattel's Attendance At 30(b)(6) Deposition And For Sanctions ("Motion"), dated October 30, 2009, at 4.

1 entity under Rule 30(b)(6). Mattel explained, on the call and in a confirming letter

2 sent before MGA's motion was filed, that it would try to obtain dates but the

3 "threshold issue" of "whether MGA believes that the 'one deposition rule' applies to

4 the corporate entities in this case" had to be resolved first.[3] Mattel explained that

5 numerous courts have held that the one deposition rule does indeed apply to entity

6 depositions.[4] Mattel asked MGA to state its position on the issue; even though

7 MGA has served multiple deposition notices to Mattel, MGA refused.[5] Instead, it

8 simply filed this motion, misstating Mattel's position and failing to disclose the

9 issues raised by Mattel.

10        This is not a spurious concern or issue. MGA itself has previously

11 argued – successfully – that the one deposition rule applies to the entity parties in

12 this litigation. MGA used that position to avoid producing a witness in response to a

13 Mattel Rule 30(b)(6) notice *without* moving for a protective order in advance. Its

14 refusal to even acknowledge the issue, given this background, is simply remarkable.

15        Either the one deposition rule applies to entity depositions or it does

16 not. If it does, as courts have held, then MGA's Second Phase 2 Notice is defective

17 on its face. It was invalid *ab initio*. It was served without leave of court, when

18 leave was required. A party need not move for a protective order to avoid

19 compliance with a facially invalid notice. It is invalid.

20        On the other hand, if the rule does not apply to entity depositions,

21 Mattel is willing, as it told MGA before, to produce a witness for deposition.

22

---

23    [3] Letter from Marshall Searcy to William Molinski ("October 30 Letter"), dated

24 October 30, 2009, attached as Exhibit 6 to the Declaration of Marshall M. Searcy III

25 in Support of Mattel, Inc.'s Opposition to MGA's Motion to Compel Mattel's Attendance at 30(b)(6) Deposition and for Sanctions ("Searcy Decl."), dated

26 November 12, 2009; Searcy Decl., ¶ 7-9.

   [4] October 30 Letter, Searcy Decl., Exh. 6; Searcy Decl., ¶ 7-9.

27    [5] October 30 Letter, Searcy Decl., Exh. 6; Searcy Decl., ¶ 7-9.

28

1    What Mattel is not willing to do is produce witnesses in response to

2  multiple MGA notices only to have MGA then refuse to do the same, relying, as it

3  did before, on the one deposition rule to avoid compliance with Mattel's notices.

4  The Discovery Master should clarify the application of this rule so the parties have a

5  known, level playing field on which to work.  In the event that the Discovery Master

6  rules that multiple depositions for corporate parties are appropriate in this litigation

7  without advance leave, Mattel will make 30(b)(6) witnesses available for deposition

8  as requested, as Mattel told MGA before it filed.

9                              **Statement of Facts**

10      <u>MGA Serves A First Phase 1 Notice of Deposition to Mattel on</u>

11  <u>September 5, 2007.</u>  In Phase 1, MGA served a notice of deposition pursuant to Rule

12  30(b)(6) on September 5, 2007.  Since discovery was not bifurcated, many of the

13  topics of the Phase 1 Notice related to Mattel's trade secret allegations at issue in

14  Phase 2 of the present litigation, including:

15      • the identity, origin, source, meaning, and authenticity of all
         materials that constituted Mattel's trade secrets,

16
17      • MGA's and MGA Mexico's theft and use of Mattel's trade secrets
         in Mexico,

18      • MGA and Larian's alleged enticement and direction of Gustavo
         Machado, Pablo Vargas San Jose, Mariana Trueba Alamada to
19       steal Mattel's trade secrets,

20      • the theft of trade secrets by Gustavo Machado, Pablo Vargas San
         Jose, Mariana Trueba Alamada,

21
22      • Mattel's involvement with Mexican authorities investigation of
         theft of trade secrets by Gustavo Machado, Pablo Vargas San
         Jose, Mariana Trueba Alamada,

23
24      •  MGA's alleged hiring of Ron Brawer to facilitate its theft and
         use of Mattel's business methods and practices,

25      • MGA's alleged theft and actual use of, or direction of others to
         steal and use on MGA's behalf, Mattel's trade secrets in Canada,

26      • the theft of trade secrets by Janine Brisbois,

27      • Mattel's participation in the investigation of the theft of Mattel's
28       trade secrets by Canadian government authorities;

-3-

1

- any other instances where Mattel contended that MGA misappropriated or attempted to misappropriate Mattel trade secrets for the benefit of MGA, or persuaded Mattel employees to join MGA to misappropriate Mattel trade secrets,

- Mattel's policies, practices, and procedures for preserving trade secrets, proprietary and confidential information and documents.[6]

<u>MGA Serves A First Phase 2 Notice of Deposition to Mattel.</u>  On July 27, 2009, MGA served its First Phase 2 Notice of Deposition to Mattel.[7] ████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████

██████████████████████████████

██████████████████████████████

██████████████████████████████████

██████████████████████████████████████

███████████████████████████████

██████████████████████████████████████

█████████████████████████████████████

- ██████████████████████████████████████

---

[6]  First Phase 1 Notice of Deposition of Mattel pursuant to Rule 30(b)(6) ("First Phase 1 Notice"), dated September 5, 2007, attached as Exhibit 1 to Searcy Decl.; Searcy Decl. ¶ 2.

[7]  First Phase 2 Notice of Deposition of Mattel pursuant to Rule 30(b)(6) ("First Phase 2 Notice"), dated July 27, 2009, attached as Exhibit 2 to Searcy Decl.

[8]  First Phase 2 Notice, Searcy Decl. Exh. 2; Searcy Decl. ¶ 3.

1   The Court ruled, in Order No. 71, ████████████████████████████████████████

2   ████████████████████[9]████████████████████████████████████████

3   ████████████████████████[10]

4              MGA Serves A Second Phase 2 Notice of Deposition of Mattel.  On

5   September 28, 2009, MGA served its Second Phase 2 Notice of Deposition of

6   Mattel pursuant to Rule 30(b)(6).[11]  As with the First Phase 1 Notice, this Second

7   Phase 2 Notice sought a witness to testify on topics covering Mattel's trade secret

8   allegations, including:

   - Mattel's investigation of the facts and circumstances concerning the departure and alleged theft of trade secrets by Machado,

   - Mattel's investigation of the facts and circumstances concerning the departure and alleged theft of trade secrets by Vargas,

   - Mattel's investigation of the facts and circumstances concerning the departure and alleged theft of trade secrets by Trueba,

   - Mattel's investigation of the facts and circumstances concerning the departure and alleged theft of trade secrets by Brawer,

   - Mattel's investigation of the facts and circumstances concerning the departure and alleged theft of trade secrets by Brisbois,

   - Mattel's efforts to maintain the secrecy of Mattel's trade secrets,

   - the identity and existence of Mattel's trade secrets,

   - the value of Mattel's trade secrets,

   - Mattel's policies, procedures, and practices for stamping or otherwise designating materials to be confidential, proprietary, or trade secrets.[12]

---

[9]   Phase 2 Discovery Matter Order No. 71, dated October 15, 2009, attached as Exhibit 11 to Searcy Decl.; Searcy Decl. ¶10.
[10]   Email from Annette Hurst to Marshall Searcy, dated November 5, 2009, attached as Exhibit 3 to Searcy Decl.;  Searcy Decl. ¶ 4.
[11]   Second Phase 2 Notice of Deposition of Mattel pursuant to Rule 30(b)(6) ("Second Phase 2 Notice"), dated September 28, 2009, attached as Exhibit 4. to Searcy Decl.
[12]   Second Phase 2 Notice, Searcy Decl. Exh. 4.

MATTEL'S OPPOSITION TO MOTION TO COMPEL ATTENDANCE AT 30(B)(6) DEPOSITION

1   On October 8, 2009, Mattel served objections to the Second Notice.[13]  Mattel also

2   advised MGA, before the noticed date of the deposition, that it would not be

3   producing a witness on the noticed date.[14]

4              MGA Refuses To Even State Its Current Position On The One

5   Deposition Rule.  MGA sent a letter demanding that Mattel produce a witness on

6   October 21, 2009,[15] after Order No. 71 was issued.  At Mattel's request,[16] Mattel and

7   MGA met and conferred about the Second Phase 2 Notice on October 28, 2009.

8   During the conference, Mattel informed MGA that it was obtaining dates for

9   witnesses to testify on topics covered in the Second Notice.[17]  However, Mattel also

10  pointed out that there remained a threshold issue: whether the "one deposition rule"

11  applies to corporate entities as well as natural persons.[18]  Mattel explained that

12  courts hold it does so apply, so absent a stipulation, MGA's Second Phase 2 Notice

13  was invalid since it was served absent leave of Court.[19]  Mattel inquired whether

14  MGA wished to enter into a stipulation waiving the rule for the present case.[20]

15  MGA refused to disclose its position.[21]  When Mattel then sent a letter on October

16  30, again asking if MGA wished to enter into a stipulation regarding the one

17  deposition rule, MGA did not respond.[22]  Instead, its response was the filing of its

18

---

19    [13]  Mattel, Inc.'s Objections to MGA Parties' Notice of Deposition of Mattel,
20  Inc., dated October 8, 2009, attached as Exhibit 5 to Searcy Decl.; Searcy Decl. ¶ 6.
      [14]  Letter from Marshall Searcy to William Molinski and Annette Hurst, dated
21  October 8, 2009, attached as Exhibit 14 to Searcy Decl.; Searcy Decl. ¶ 6.
      [15]  Letter from William Molinski to Marshall Searcy, dated October 21, 2009,
22  attached as Exhibit 12 to Searcy Decl.; Searcy Decl. ¶ 7.
23    [16]  October 30 Letter, Searcy Decl., Exh. 6; Searcy Decl., ¶ 7.
      [17]  Id.
24    [18]  October 30 Letter, Searcy Decl., Exh. 6; Searcy Decl., ¶ 8.
25    [19]  Id.
26    [20]  Id.
      [21]  Id.
27    [22]  October 30 Letter, Searcy Decl., Exh. 6; Searcy Decl., ¶ 9.
28

00505.07975/3201750.1

-6-

1  motion more than four hours later that day.  MGA's motion conspicuously avoids

2  any mention of the one deposition rule or Mattel's endeavors to resolve that issue

3  prior to filing.

**Argument**

4

5  **I.  IF THE ONE DEPOSITION RULE APPLIES, MGA'S SECOND**

6      **PHASE 2 NOTICE IS INVALID**

7      **A.  Courts Hold That The One Deposition Rule Applies to Entity**

8          **Depositions**

9          MGA has served two prior notices of deposition to Mattel; its Second

10  Phase 2 Notice is its third.[23]  <u>Rule</u> 30(a)(2) requires a party to obtain leave of court

11  prior to serving a notice or subpoena to depose again a deponent who has been

12  deposed previously.  <u>Fed. R. Civ. P.</u> 30(a)(2).  Thus, if this Rule applies now,

13  MGA's Second Phase 2 Notice is defective on its face, and invalid.  <u>In re Sulfuric</u>

14  <u>Acid Antitrust Litig.</u>, 2005 WL 1994105, at *2 (N.D. Ill., Aug. 19, 2005) ("The

15  defendants here issued their second Rule 30(b)(6) subpoenas without leave of the

16  court, despite the unambiguous requirement of Rule 30(a)(2)(B). The notices and

17  subpoenas are thus invalid.").

18          Numerous courts have held that the one deposition rule of <u>Rule</u>

19  30(a)(2) applies when the deponent is a corporation deposed pursuant to <u>Rule</u>

20  30(b)6).  As set forth in 7 <u>Moore's Federal Practice</u>, § 30.05[1][c] at 30-30.3 (3d ed.

21  2005):

22          The rule requiring leave of court to take a second

23          deposition applies to an entity that is deposed pursuant to

24          Rule 30(b)(6). Even though a party may be deposing a

25

26

27    [23]  Second Phase 2 Notice, Searcy Decl. Exh. 4.; First Phase 2 Notice, Searcy
  Decl. Exh. 2;  First Phase 1 Notice, Searcy Decl. Exh. 1.

28

-7-

MATTEL'S OPPOSITION TO MOTION TO COMPEL ATTENDANCE AT 30(B)(6) DEPOSITION

1               different corporate representative, it is still seeking a

2               "second" deposition of the entity.

3 See also Burdick v. Union Sec. Ins. Co., 2008 WL 5102851, at *3 (C.D. Cal., Dec.

4 3, 2008) (citing Ameristar Jet Charter, Inc. v. Signal Composites, Inc., 244 F.3d 189,

5 192 (1st Cir. 2001)); Appleton Papers Inc. v. George A. Whiting Paper Co., 2009

6 WL 2870622, *1 (E.D. Wis., Sept. 02, 2009); State Farm Mutual Auto. Ins. Co. v.

7 New Horizont, Inc., 254 F.R.D. 227, 234 -235 (E.D. Pa., 2008); Tingley Sys., Inc. v.

8 Healthlink, Inc., 2007 WL 1365341(M.D. Fla., May 9, 2007); Innomed Labs, LLC

9 v. Alza Corp., 211 F.R.D. 237, 240 (S.D.N.Y., 2002).

10           As set forth in State Farm Mutual Auto. Ins. Co. v. New Horizont, Inc.,

11 254 F.R.D. 227, 235-36 (E.D. Pa., 2008):

12               [T]he Federal Rules do not contemplate the "wait-and-see"

13               approach to discovery taken by Defendants. Such an

14               idiosyncratic approach would permit Defendants, without

15               having demonstrated any good cause for doing so, to avoid

16               drafting a comprehensive notice of deposition and instead

17               conduct depositions seriatim, thereby shifting costs to the

18               opposing side, which would be forced to expend resources

19               preparing for several Rule 30(b)(6) depositions, instead of

20               one.

21 If the one deposition rule applies, as these authorities provide, then MGA's Second

22 Phase 2 Notice is invalid.

23       **B.**      **MGA Successfully Urged That the One Deposition Rule Should**

24               **Apply To The Corporate Parties In This Case**

25           MGA itself has previously -- and successfully -- taken the position that

26 depositions of corporations under Rule 30(b)(6) are subject to the one deposition

27 rule. Opposing a Mattel motion to compel during Phase 1, MGA argued: "It is

28 black letter law that a party cannot serve a second—much less a third—deposition

-8-

notice of a company without moving for and obtaining leave from the Court . . . .

30(b)(6) depositions, like all others, are governed by 30(a)(2)."[24]  MGA did <u>not</u> file

a motion for protective order prior to the return date of Mattel's deposition notice,

but instead defiantly urged that "Mattel move[d] to compel MGA to produce

witnesses under a deposition notice it had no right to serve—and has the temerity to

request sanctions as a reward for doing so."[25]  In failing to comply with Mattel's

deposition notice, MGA claimed it was "rightly refusing a demand Mattel has no

right to make under the clear mandates of the Federal Rules."[26]  The Discovery

Master agreed, and analyzed for each topic whether Mattel had shown good cause

pursuant to <u>Rule</u> 26 – the standard that applies when leave to take a second

deposition is required.[27]

        Having successfully argued that the one deposition rule applies to

corporate entities, MGA must act accordingly.  To allow MGA to argue otherwise,

after receiving the benefit of the prior ruling it demanded, would be inequitable and

inconsistent with the principles of judicial estoppel.  "Judicial estoppel is an

equitable doctrine that precludes a party from gaining an advantage by asserting one

position, and then later seeking an advantage by taking a clearly inconsistent

---

[24]  MGA Entertainment Inc.'s Opposition to Mattel, Inc.'s Motion to Compel MGA to Produce Witnesses Pursuant to Mattel's Third Notice of Deposition Under Rule 30(b)(6) and For Sanctions ("MGA's Opposition"), dated July 31, 2007, at 1-2, attached as Exhibit 9 to Searcy Decl.

[25]  <u>Id.</u>

[26]  <u>Id.</u> at 1.  At that time, MGA forced Mattel to seek leave from Judge Larson to serve an additional notice of deposition upon MGA, which leave Mattel sought and was granted.  Order Granting in Part and Denying in Part Mattel's Motion for Leave to Take Additional Discovery, dated January 7, 2008, attached as Exhibit 8 to Searcy Decl.

[27]  Discovery Master Order Granting in Part and Denying in Part Mattel's Motion to Compel MGA to Produce Witnesses Pursuant to Third Notice of Deposition Under Rule 30(b)(6); Denying Request for Sanctions, dated September 25, 2007, attached as Exhibit 13 to Searcy Decl.

1   position." Hamilton v. State Farm Fire & Cas. Co., 270 F.3d 778, 782 (9th Cir.

2   2001).[28] Moreover, given its own prior positions, MGA's refusal to stipulate that the

3   one deposition rule does not apply, and its refusal to even acknowledge the salience

4   of this issue, is all the more troubling.

5   **II.    IF THE ONE DEPOSITION RULE APPLIES, MGA'S SECOND**

6         **NOTICE IS IMPROPER AND INVALID**

7         MGA argues that Mattel could only avoid producing a witness

8   responsive to the Second Phase 2 Notice by seeking a protective order prior to the

9   return date on the notice.[29] That is wrong. Again, the Federal Rules and principles

10   of judicial estoppel are directly contrary to MGA's position.

11         **A.    A Party Need Not Seek A Protective Order On An Invalid Notice**

12         Under the applicable case law and the Discovery Master's prior ruling,

13   Mattel was only obligated to seek a protective order if MGA had served a *valid*

14   deposition notice. However, as discussed above, MGA's Second Notice was invalid

15   on its face. Where a notice is invalid on its face, the noticed party is not required to

16   seek a protective order, and the motion to compel must be denied. Appleton Papers

17   Inc. v. George A. Whiting Paper Co., 2009 WL 2870622, 1 (E.D. Wis., Sept. 02,

18

19   [28]   The doctrine of judicial estoppel is invoked "not only to prevent a party from gaining an advantage by taking inconsistent positions, but also because of 'general

20   considerations of the orderly administration of justice and regard for the dignity of judicial proceedings,' and to 'protect against a litigant playing fast and loose with

21   the courts.'" Id. (quoting Russell v. Rolfs, 893 F.2d 1033, 1037 (9th Cir. 1990)).

22   Judicial estoppel applies to inconsistent positions of law or fact. See Helfand v. Gerson, 105 F.3d 530, 534-536 (9th Cir. 1997) ("The integrity of the judicial

23   process is threatened when a litigant is permitted to gain an advantage by the

24   manipulative assertion of inconsistent positions, factual or legal.") Judicial estoppel can also apply within the continuing progress of a single action. See Pegram v.

25   Herdrich, 530 U.S. 211, 228 n. 8 (2000) ("Judicial estoppel generally prevents a

26   party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase.").

27   [29]   Motion at 4.

28

-10-

1  2009) ("Defendant ... has filed a motion to compel Appleton Papers, Inc. to

2  produce a witness to appear at a second Rule 30(b)(6) deposition. Appleton Papers

3  has not complied with the noticed deposition on the grounds that it had already been

4  deposed in March. . . . ***Because prior leave of court is required, and because such***

5  ***leave was not obtained, there is no basis to 'compel' Appleton Papers to do***

6  ***anything at all.***") (emphasis added).

7         As stated in <u>In re Sulfuric Acid Antitrust Litigation</u>,  230 F.R.D. 527,

8  531 (N.D. Ill., 2005):

9        The rule is quite clear and quite simple. Because the

10        plaintiffs issued their notice for a second deposition of Mr.

11        Ross without first seeking leave of the court, the notice

12        was invalid under the Rule. This should come as no

13        surprise to the plaintiffs, as they have, in this case, refused

14        to submit to certain of defendants' deposition notices on

15        identical grounds.

16  <u>See also</u> <u>Burdick v. Union Sec. Ins. Co.</u>, 2008 WL 5102851, at *3 (C.D. Cal., Dec.

17  3, 2008) (denying motion to compel where second notice of deposition pursuant to

18  30(b)(6) was invalid and noticed party did not move for protective order); <u>Tingley</u>

19  <u>Sys., Inc. v. Healthlink, Inc.</u>, 2007 WL 1365341(M.D. Fla., May 9, 2007).  MGA

20  itself acknowledges that "Rule 37 specifically explains that failing to attend a

21  *properly noticed deposition* 'is not excused on the ground that the discovery sought

22  was objectionable unless the party failing to act has a pending motion for a

23  protective order under Rule 26(c).'"[30]  Likewise, MGA's cited authorities confirm

24  the same limitation.  <u>See</u> <u>E.E.O.C. v. ABM Indus. Inc.</u>, 2008 WL 2872407, *2 (E.D.

25  Cal. July 24, 2008) ("<u>a properly noticed party</u> 'may not fail to appear at the

26

27     [30]  Motion at 4 (emphasis added).

28

00505.07975/3201750.1

-11-

1  deposition by filing objections absent a court order'") (emphasis added) (cited in

2  Motion at 5).[31]   Accordingly, Mattel was not required to produce any witness or to

3  move for a protective order under Rule 26(c).

4  **B.   MGA Successfully Urged That It Did Not Have To Seek A**

5  **Protective Order Under Identical Circumstances**

6  Likewise, as discussed above, MGA successfully argued in opposing a

7  Mattel motion to compel that MGA did not have to seek a protective order because

8  it was "rightly refusing a demand Mattel has no right to make under the clear

9  mandates of the Federal Rules."[32]   According to MGA's logic, "Mattel's motion to

10  [sic] seeks to compel MGA" based upon "an invalid deposition notice, and should

11  be denied on that ground alone."[33]   Once again, MGA should be judicially estopped

12  from contradicting its prior successful position. Hamilton, 270 F.3d at 782.

13  **III.   SANCTIONS ARE UNWARRANTED**

14  There is no basis for sanctions here.

15  First, this entire motion could have been avoided if MGA had not

16  refused to even address the one deposition rule issue during the parties' meet and

17  confer and thereafter. MGA's gamesmanship, and its misrepresentations of Mattel's

18  positions, undermine its request for sanctions (and if anything suggest that MGA,

19  not Mattel, should be sanctioned).

20

21  _____

22  [31]   MGA cites New England Carpenters Health Benefits Fund v. First

23  Databank, Inc., 242 F.R.D. 164, 166 (D. Mass. 2007) for the proposition that "absent agreement, a party who for one reason or another does not wish to comply

24  with a notice of deposition must seek a protective order." MGA's reliance is

25  misplaced. New England Carpenters only discusses a situation where a party served a facially valid 30(b)(6) notice that did not violate the one deposition rule. Id. at

26  165.   That has no application here.

27  [32]   MGA's Opposition, at 1, Searcy Decl. Exh. 9.
[33]   Id. at 2.

28

1    Second, if the one deposition rule applies, as MGA has urged and

2  courts hold, the motion must be denied because MGA's notice was defective and

3  invalid.  Even if the motion were granted, there is no basis for sanctions.  Fed. R.

4  Civ. P. 37(d)(1)(a) ("The court . . . may, on motion, order sanctions if . . . a party . . .

5  fails, *after being served with proper notice*, to appear for that person's deposition."

6  (emphasis added)); Fed. R. Civ. P. 37(a)(5)(A) (a court "must not order this

7  payment [of expenses] if . . . the opposing party's nondisclosure, response, or

8  objection was substantially justified").

9    Third, MGA itself has engaged in precisely the same behavior as

10  Mattel.  When served with multiple deposition notices pursuant to Rule 30(b)(6),

11  MGA refused to comply *without* seeking a protective order.  MGA's hypocrisy does

12  not merit sanctions in its favor.  See, e.g., In re Sulfuric Acid Antitrust Litigation,

13  230 F.R.D. 527, 531 (N.D. Ill., 2005) (denial of motion to compel "should come as

14  no surprise to the plaintiffs, as they have, in this case, refused to submit to certain of

15  defendants' deposition notices on identical grounds . . . .  Just as the defendants'

16  attempt to take additional depositions without court permission was disallowed, . . .

17  so too is the plaintiffs' attempted evasion of the Rule.").  MGA's request for

18  sanctions should be denied.

19

20

21

22

23

24

25

26

27

28

1

## Conclusion

2    For the foregoing reasons, Mattel respectfully requests that the

3 Discovery Master deny MGA's motion in its entirety.  In the event that the

4 Discovery Master rules that multiple depositions for corporate parties are

5 appropriate in this litigation without prior leave, Mattel will voluntarily produce a

6 witness.

7

8  DATED: November 12, 2009         QUINN EMANUEL URQUHART OLIVER &
                                   HEDGES, LLP
9

10

11                                    By /s/ B. Dylan Proctor
                                         _____
12                                        B. Dylan Proctor
                                          Attorneys for Mattel, Inc.
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28