MELINDA HAAG (State Bar No. 132612)
mhaag@orrick.com
ANNETTE L. HURST (State Bar No. 148738)
ahurst@orrick.com
WARRINGTON S. PARKER III (State Bar No. 148003)
wparker@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone: +1-415-773-5700
Facsimile: +1-415-773-5759

WILLIAM A. MOLINSKI (State Bar No. 145186)
wmolinski@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA 90017
Telephone: +1-213-629-2020
Facsimile: +1-213-612-2499

Attorneys for MGA Parties

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | Case No. CV 04-9049 DOC (RNBx)<br><br>Consolidated with: Case No. CV 04-9059<br>Case No. CV 05-2727<br><br>**DISCOVERY MATTER**<br>**[To Be Heard By Discovery Master Robert O'Brien]**<br><br>**OPPOSITION TO MOTION TO STRIKE THE MGA PARTIES' GENERAL OBJECTIONS RE JURISDICTION AND FOR RECONSIDERATION OF PORTIONS OF ORDER NO. 70 AND CROSS-MOTION TO STRIKE ALL GENERAL OBJECTIONS ASSERTED BY MATTEL**<br><br>Date: TBD<br>Time: TBD<br>Place : Arent Fox |

# INTRODUCTION

Mattel continues to mischaracterize the Court's July 9, 2009 Order and to ask the Discovery Master to rule on objections in a vacuum. The Discovery Master should reject Mattel's request. Further, Mattel made no effort to meet and confer on its anticipated motion, or even to inform the parties of its intent to file this Motion. This provides a separate ground to reject the request.

Alternatively, if the Discovery Master is inclined to strike general objections, without evaluating those objections on a request-by-request basis, the MGA Parties ask that the Discovery Master strike all general objections asserted by Mattel and compel Mattel to produce documents and provide information responsive to interrogatories that has been withheld based upon those general objections.

## MATTEL'S FAILURE TO MEET AND CONFER

Mattel does not even attempt to argue that it met and conferred over this motion. Instead, Mattel relies solely on the letters exchanged between the parties prior to the Discovery Master's ruling in Order No. 70. *See* Mattel's Statement of Rule 37-1 Compliance, Motion, p. 5 (relying on letters sent on July 13 and July 21, 2009). Mattel did not meet and confer either on its motion for reconsideration of Order No. 70, or, more importantly on its motion to strike general objections asserted by MGA. In its original Motion to Strike, Mattel provided only a sampling of responses where general objections were asserted based on jurisdictional issues. Mattel's current motion seeks to greatly expand that original motion. At a minimum Mattel should have met and conferred on that expanded request. Instead, the first time the MGA Parties learned that many of these document request responses were being challenged was when Mattel filed this Motion. Moreover, even in moving for reconsideration, nothing in Rule 37-1 relieves a party of its obligations to meet and confer because that motion is one for reconsideration. Mattel's motion should be rejected on this basis alone.

# ARGUMENT

## A. The Discovery Master Properly Rejected Mattel's Request To Strike Objections And Should Do So Again

The Discovery Master properly rejected Mattel's Motion to Strike on three separate grounds. The Discovery Master found that (1) Mattel misstated the findings in the July 9 Order and nothing in that Order rejected all jurisdictional objections; (2) the July 9 Order required a balancing test that Mattel failed to undertake; and (3) Mattel failed to present the *requests* at issue – – not the objections – – in a format that allows proper evaluation of the merits of the objection in light of the relevance of the requested information. Order No. 70, p. 14-15. Mattel fails to overcome any of these problems here.

### 1. Mattel Continues To Ignore The Specific Responses

Both the July 9 Order and Order No. 70 require that jurisdictional objections be evaluated on a request-by-request basis. *See* July 9 Order, p. 5; Order No. 70, 14:28-15:1. Mattel ignores this directive and proceeds to seek to have objections struck in a vacuum. Mattel makes no effort to address the relevancy or breadth of the requests at issue, or to address any other specific objections that were raised to those requests. As the Discovery Master ruled:

> Because it is Mattel's burden to apprise me of all of the issues in dispute and demonstrate why the documents it seeks to compel are reasonably calculated to lead to the discovery of admissible evidence, I find that the Motion to Strike is procedurally defective with respect to the MGA Parties.

Order 70, p. 15.

This same analysis – – and same result – – should apply here. Mattel's Separate Statement does not mention a single request or seek to apply any balancing to any request.

### 2. The Court's July 9, 2009 Order Requires A Balancing On A Request-By-Request Basis

Mattel's original Motion to Strike was based entirely on the Court's July 9 Order, arguing that this Order supported striking all jurisdictional objections. Contrary to Mattel's claim, however, and as was observed by the Discovery Master, that Order does not support the wholesale striking of all jurisdictional defenses, but instead requires a balancing on a request-by-request basis. Conceding that it was wrong in its original Motion to Strike, Mattel now reverses course and, instead of relying on the July 9 Order, Mattel tries to distinguish it. Contradicting its prior position, Mattel now argues that the July 9 Order is inapplicable to the General Objections Mattel sought to have the Discovery Master apply the Order to in its last Motion. While the July 9 Order was not made in the context of general objections, nothing in its rationale would exclude application to such objections.

### 3. Mattel's Request To Strike All General Objections On Jurisdiction Should Be Denied

Mattel oversimplifies the law regarding general objections by stating, "the law is well settled that general, blanket objections are improper and are tantamount to making no objection at all." *See* Mattel Opp. at 5. Such a broad, generalized statement is an inaccurate portrayal of law that is, in fact, unsettled in this area. For example, several courts have found that general objections are sufficient where a discovery request is "manifestly overbroad, unduly burdensome, or irrelevant." *See, e.g., Wagner v. Dryvit Systems*, 208 F.R.D. 606, 610 (D. Neb. 2001) (finding that specific objections were not required where "it is obvious from the wording of the request … that discovery is overly broad and unduly burdensome."); *DIRECTV, Inc. v Puccinelli*, 224 F.R.D. 677, 688 (D. Kan. 2004) (noting that, while a party opposing discovery normally has the burden of showing why the discovery is inappropriate, the burden shifts where "the request is overly broad and unduly burdensome on its face."). Other courts have found that general objections that are

incorporated by reference in specific objections to interrogatories are a "sufficient assertion of a relevance objection." *See, e.g., U.S. v. Dentsply Int'l, Inc.*, 2000 WL 654286, *2 n.4 (D. Del. May 10, 2000).[1] Still other courts have found that asserting blanket or general objections does not result in a waiver of any objections. *See, e.g., Majdalani v. Legacy Bank*, 2007 WL 2694043, at *6 (D. Kan. Sept. 11, 2007) ("The court is not persuaded that defendant's approach in setting forth its [blanket or general objections] resulted in any waiver.").

Further, Mattel's reliance on Order No. 17 does not support its point that, as a general rule, general objections are insufficient to preserve an objection. In Order No. 17, the Discovery Master noted that incorporating general objections by reference might be insufficient to preserve an objection; however, such discussion was limited to *definitional* objections pertaining to the terms MATTEL and SALES. *See* Discovery Master Order No. 17, dated April 14, 2009, at 20; Jih Dec. Ex. 27. The Discovery Master's ultimate ruling was based primarily on the fact that he was not persuaded that MGA could not understand the terms MATTEL and SALES. *Id.* Further, the Discovery Master did not extend this argument and overrule any other of MGA's general objections, such as, for example, MGA's objection the interrogatories "to the extent they seek information that will be the subject of expert witness testimony," as discussed in the subsequent analysis by the Discovery Master. *See id.* at 21; Jih Dec. Ex. 27. The Discovery Master's ruling appears confined to definitional objections that the Discovery Master believes MGA should be able to understand.

Moreover, both Mattel *and* MGA have repeatedly engaged in the practice of asserting general objections and then incorporating such objections by reference when responding to discovery requests. In fact, since the inception of this case, Mattel itself has engaged in this practice and even was the first to respond to

---

[1] Of note, *Dentsply* was distinguished by *PLX, Inc. v. Prosystems, Inc.*, 220 F.R.D. 291, 293 (N.D. W. Va. 2004), cited by Mattel. Such discrepancy furthers the point that district courts disagree on the law regarding this issue.

Requests for Production of Documents and Things under Rule 34, thereby setting the stage that such practice was acceptable. *See* Molinski Dec. Ex. O (asserting a litany of general objections and then noting "all of which are incorporated in each of the following objections and responses to the specific requests."). Mattel's recent request to now penalize MGA for a practice Mattel itself has engaged in and continues to engage in is surprising and disingenuous. If the same consequences Mattel requests be applied to MGA were applied to Mattel, hundreds of discovery requests that Mattel has refused to respond to based on the general objection of attorney-client privilege would be hereby waived. Mattel simply cannot be asking for such a remedy.

Further, Mattel's recent objections to discovery responses that were served several years ago are simply inappropriate and time-barred. Mattel objects to multiple discovery requests from 2008, several discovery responses from 2007, and one request even extending into 2005. *See* Mattel Opp. at 2-3. Mattel has had years to raise these objections or move to compel under Federal Rule of Civil Procedure 37(a). Mattel failed to do so. MGA has since relied on Mattel's silence in the face of now allegedly deficient discovery responses. MGA has also relied on Mattel's own practice of responding to discovery by use of such allegedly improper general objections. Mattel should have brought any objection, motion to strike, or motion to compel years ago before MGA relied on what seemed to be a mutually acceptable practice of responding to discovery requests. Granting Mattel's motion to strike MGA's objections and thereby penalizing MGA now for a practice that originated almost 5 years ago would be improper and unfair.

### B. The Discovery Master Should Strike All General Objections Asserted By Mattel And Compel Production Of Any Withheld Documents Or Information

If general objections are not permitted, then the Discovery Master should strike all of Mattel's "General Objections" as well. In typical hypocritical Mattel fashion, Mattel has itself asserted a litany of general objections to each set of

discovery served on it to date. *See, e.g.*, Molinski Dec. Exhs. A-O. Indeed, Mattel's general objections included similar jurisdictional objections to those Mattel challenges here. *See, e.g.*, Molinski Dec. Ex. G at 265-66. If the practice of asserting such objections is disallowed, then all such objections should be struck and Mattel compelled to produce all documents and information withheld on the basis of such objections.

## CONCLUSION

For the foregoing reasons, Mattel's motion to strike and for reconsideration should be denied, or, in the alternative, the Discovery Master should strike all general objections asserted by Mattel and compel Mattel to produce any withheld documents or information.

Dated:   November 13, 2009         ORRICK, HERRINGTON & SUTCLIFFE LLP


By: _____/s/ William A. Molinski_____
             William A. Molinski
Attorneys for MGA ENTERTAINMENT, INC.,
MGA ENTERTAINMENT HK, LTD., MGA de
MEXICO, S.R.L. de C.V., and ISAAC LARIAN