1  MELINDA HAAG (State Bar No. 132612)
   mhaag@orrick.com
2  ANNETTE L. HURST (State Bar No. 148738)
   ahurst@orrick.com
3  WARRINGTON S. PARKER III (State Bar No. 148003)
   wparker@orrick.com
4  ORRICK, HERRINGTON & SUTCLIFFE LLP
   The Orrick Building
5  405 Howard Street
   San Francisco, CA 94105
6  Telephone:  415-773-5700
   Facsimile:  415-773-5759
7
   WILLIAM A. MOLINSKI (State Bar No. 145186)
8  wmolinski@orrick.com
   ORRICK, HERRINGTON & SUTCLIFFE LLP
9  777 South Figueroa Street, Suite 3200
   Los Angeles, CA  90017
10 Telephone:  213-629-2020
   Facsimile:  213-612-2499
11
   Attorneys for MGA Parties
12
                UNITED STATES DISTRICT COURT
13
                CENTRAL DISTRICT OF CALIFORNIA
14
                     SOUTHERN DIVISION
15

| | |
|---|---|
| 16  CARTER BRYANT, an individual | Case No.  CV 04-9049-DOC (RNBx) |
| 17              Plaintiff, | Consolidated with: Case No. CV 04-9059 and Case No. CV 05-2727 |
| 18  v. | **DISCOVERY MATTER** |
| 19  MATTEL, INC., a Delaware corporation, | [To Be Heard by Discovery Master O'Brien Pursuant to Order of January 6, 2009] |
| 20              Defendant. | **MGA ENTERTAINMENT, INC.'S SEPARATE STATEMENT IN** |
| 21 | **SUPPORT OF OPPOSITION TO MOTION TO STRIKE MGA PARTIES'** |
| 22  AND CONSOLIDATED ACTIONS | **GENERAL OBJECTIONS RE JURISDICTION AND FOR** |
| 23 | **RECONSIDERATION OF PORTIONS OF ORDER NO. 70 AND CROSS-** |
| 24 | **MOTION TO STRIKE ALL GENERAL OBJECTIONS ASSERTED BY** |
| 25 | **MATTEL** |
| 26 | Date:        TBD |
| 27 | Time:        TBD |
|  | Courtroom:  TBD |

28

The MGA Parties ("MGA") submit this Separate Statement of its Opposition to Motion to Strike the MGA Parties' General Objections Regarding Jurisdiction and for Reconsideration of Portions of Order No. 70 and Cross-Motion To Strike All General Objections Asserted by Mattel.

For the Discovery Master's convenience, this Separate Statement includes the text of each of the General Objections at issue and a discussion of why the General Objections should be stricken.

## I.   MATTEL, INC'S RESPONSE AND OBJECTIONS TO MGA ENTERTAINMENT, INC.'S FIRST SET OF (PHASE 2) REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS

**GENERAL OBJECTIONS:**

1.     Mattel objects to the Requests on the grounds and to the extent that they seek to impose discovery obligations beyond those required or permitted by the Federal Rules of Civil Procedure.

2.     Mattel objects to the Requests on the grounds and to the extent they call for the production of documents subject to the attorney-client privilege, the attorney work product doctrine, the right to privacy as set forth in the United States and/or California Constitutions, or any other applicable law, privilege, immunity, doctrine or other ground of privilege.  Mattel will not produce such privileged documents.

3.     Mattel objects to the Requests on the grounds and to the extent they are overly broad, unduly burdensome, oppressive or unreasonably cumulative.

4.     Mattel objects to the Requests on the grounds and to the extent they seek information which is not relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

5.     Mattel objects to the Requests on the grounds and to the extent they

SEP. STATEMENT ISO OPP TO MOT TO STRIKE GENERAL OBJECTIONS RE JURISDICTION AND RECONSIDERATION OF PORTIONS OF ORD NO. 70   CV-04-9049 DOC (RNBx)

1    seek documents equally or more available to, or already in the possession, custody
2    or control of MCA.

3        6.    Mattel objects to the Requests on the grounds and to the extent they
4    seek documents not in Mattel's possession, custody or control.

5        7.    Mattel objects to the Requests on the grounds that they are unduly
6    burdensome and vague and ambiguous in that they purport to require Mattel to
7    identify and produce documents relating to matters that are currently known to and
8    in the possession, custody and control of defendants and third parties, including
9    third parties associated with defendants, and that are not known to Mattel.

10       8.    Mattel objects to the Requests on the grounds that they seek the
11   production of documents or information that are in the possession, custody and
12   control of independent parties over whom Mattel has no control, including without
13   limitation defendants, and seek the disclosure of information or documents that are
14   in the possession, custody and control of defendants or are publicly available and
15   hence equally available to all parties to this litigation.

16       9.    Mattel objects to the Requests on the ground and to the extent they
17   seek trade secret, proprietary or otherwise confidential information of Mattel or
18   third parties or would violate the terms of any agreement or contracts with third
19   parties.  Any such documents that are produced, if any, will be produced only
20   pursuant to and in reliance upon the Protective Order entered in this case.

21       10.   Mattel objects to each and every Request that seeks "all" documents
22   which constitute, mention, refer or relate to a given topic on the grounds of undue
23   burden and oppression.  Mattel will make available for inspection and copying
24   those documents and tangible items, if any, that it is able to locate after a
25   reasonable, good-faith search for and review of non-privileged responsive
26   documents.

27       11.   Mattel objects to each and every Request to the extent they seek
28   documents in the possession, custody or control of a foreign subsidiary of a party.

- 2 -

The MGA Defendants have objected that such documents are not within the scope of requests to a domestic party.

12.     Mattel objects to each and every Request to the extent that they seek documents already produced in this action.  Documents which have already been produced will not he produced again in response to these requests.

13.     Objection to the production of any document or category of documents described in the Requests, or agreement to produce any such documents, is not and shall not be construed as an admission by Mattel that any such documents or category of documents exist.  Where the responses indicate that Mattel will produce such responsive documents, such documents, if any, will be produced if and to the extent any such documents are in Mattel's possession, custody or control.

14.     Mattel objects to the time, place and manner of production specified in defendant's Requests.  At a mutually agreeable time and place, Mattel will produce such responsive, non-privileged documents and tangible things, if any and to the extent not previously produced, in accordance with its responses at a time and place and in a manner that is reasonable, convenient and mutually agreed upon by the parties.


**MGA'S ARGUMENT:**

If the practice of asserting general objections is disallowed, each of Mattel's general objections should also be stricken.  *See* Fed. R. Civ. P. 33(b)(4) (grounds for objecting to an interrogatory must be stated "with specificity");  *A. Farber and Partners, Inc. v. Garber*, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections").

Despite this standard, Mattel has repeated its general and blanket objections in every single response it has ever provided to MGA.  None of the objections,

1    however, contain specific information concerning the reason each objection is

2    applicable to individual requests.  As such, each of Mattel's general objections

3    should be stricken.

4        More specifically, Mattel's general objections asserting that a request is

5    "unduly burdensome" without specificity are inappropriate.  *See Jackson v.*

6    *Montgomery Ward & Co., Inc.*, 173 F.R.D. 524, 528-29 (D. Nev. 1997)("The party

7    claiming that a discovery request is unduly burdensome must allege specific facts

8    which indicate the nature and extent of the burden, usually by affidavit or other

9    reliable evidence."); *Nagele v. Electronic Data Systems Corp.*, 193 F.R.D. 94, 109

10   (W.D.N.Y. 2000) (overruling "burdensome" objections because objecting party

11   failed to particularize its basis for the objection).

12       The same is true of Mattel's general objection that these requests seek to

13   impose discovery obligations beyond those required or permitted by the Federal

14   Rules of Civil Procedure or that they seek attorney-client or attorney work product

15   information.  MGA has not sought discovery beyond that permitted by the Federal

16   Rules and has merely sought a privilege log identifying those documents that have

17   been withheld on grounds of privilege.  Mattel's objection that the requests call for

18   information protected by the right to privacy as set forth in the United States and/or

19   California Constitutions, or any other applicable law, privilege, immunity, doctrine

20   or other ground of privilege is also nonsense.  The Parties have long ago agreed to a

21   protective order to protect any such information.  For the same reason, Mattel's

22   objection that it will only provide responsive information upon entry of a protective

23   order is also a frivolous objection.  Again, these objections should be stricken.

24       Likewise, Mattel's objection that the requests could seek information which

25   is not relevant to the subject matter of this action or is not reasonably calculated to

26   lead to the discovery of admissible evidence is also indefensible.  Each of the

27   requests is narrowly tailored to address the claims and/or defenses in Phase 2.

28   Moreover, Mattel's general objection has never once identified how these sets of

SEP. STATEMENT ISO OPP TO MOT TO STRIKE GENERAL
OBJECTIONS RE JURISDICTION AND RECONSIDERATION OF
PORTIONS OF ORD NO. 70    CV-04-9049 DOC (RNBx)

1  requests, much less individual requests, have sought information not reasonably
2  calculated to lead to discoverable evidence.

3       With respect to Mattel's general objection that the requests seek the
4  production of documents that may be in the possession, custody and control of
5  independent parties over whom Mattel has not control, Mattel has never once
6  identified a specific instance where this, in fact, has occurred.

7       Finally, Mattel asserts the very objection that it takes issue with in its motion
8  to strike.  That is, Mattel has objected to each request to the extent that it seeks
9  documents or information in the possession, custody or control of a foreign
10  subsidiary of a party.  Certainly, if the objection is stricken from MGA's responses,
11  it must be stricken from Mattel's.

12

13  **II.**     **MATTEL'S OBJECTIONS TO MGA ENTERTAINMENT, INC.'S**
14         **SECOND SET OF PHASE 2 REQUESTS FOR PRODUCTION OF**
15         **DOCUMENTS AND OTHER TANGIBLE THINGS**

16

17  **GENERAL OBJECTIONS:**
18       1.    Mattel objects to the Requests on the grounds and to the extent
19  that they seek to impose discovery obligations beyond those required or permitted
20  by the Federal Rules of Civil Procedure.

21       2.    Mattel objects to the Requests on the grounds and to the extent
22  they call for the production of documents subject to the attorney-client privilege,
23  the attorney work product doctrine, the right to privacy as set forth in the United
24  States and/or California Constitutions, or any other applicable law, privilege,
25  immunity, doctrine or other ground of privilege.  Mattel will not produce such
26  privileged documents.

27       3.    Mattel objects to the Requests on the grounds and to the extent
28  they are overly broad, unduly burdensome, oppressive or unreasonably cumulative.

4.      Mattel objects to the Requests on the grounds and to the extent they seek information which is not relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

5.      Mattel objects to the Requests on the grounds and to the extent they seek documents equally or more available to, or already in the possession, custody or control of MCA.

6.      Mattel objects to the Requests on the grounds and to the extent they seek documents not in Mattel's possession, custody or control.

7.      Mattel objects to the Requests on the grounds that they are unduly burdensome and vague and ambiguous in that they purport to require Mattel to identify and produce documents relating to matters that are currently known to and in the possession, custody and control of defendants and third parties, including third parties associated with defendants, and that are not known to Mattel.

8.      Mattel objects to the Requests on the grounds that they seek the production of documents or information that are in the possession, custody and control of independent parties over whom Mattel has no control, including without limitation defendants, and seek the disclosure of information or documents that are in the possession, custody and control of defendants or are publicly available and hence equally available to all parties to this litigation.

9.      Mattel objects to the Requests on the ground and to the extent they seek trade secret, proprietary or otherwise confidential information of Mattel or third parties or would violate the terms of any agreement or contracts with third parties.  Any such documents that are produced, if any, will be produced only pursuant to and in reliance upon the Protective Order entered in this case.

10.      Mattel objects to each and every Request that seeks "all" documents which constitute, mention, refer or relate to a given topic on the grounds of undue burden and oppression.  Mattel will make available for inspection and copying those documents and tangible items, if any, that it is able to locate after a

- 6 -

1   reasonable, good-faith search for and review of non-privileged responsive

2   documents.

3          11.     Mattel objects to each and every Request to the extent they seek

4   documents in the possession, custody or control of a foreign subsidiary of a party.

5   The MGA Defendants have objected that such documents are not within the scope

6   of requests to a domestic party.

7          12.     Mattel objects to each and every Request to the extent that they

8   seek documents already produced in this action.  Documents which have already

9   been produced will not he produced again in response to these requests.

10         13.     Objection to the production of any document or category of

11  documents described in the Requests, or agreement to produce any such documents,

12  is not and shall not be construed as an admission by Mattel that any such

13  documents or category of documents exist.  Where the responses indicate that

14  Mattel will produce such responsive documents, such documents, if any, will be

15  produced if and to the extent any such documents are in Mattel's possession,

16  custody or control.

17         14.     Mattel objects to the time, place and manner of production

18  specified in defendant's Requests.  At a mutually agreeable time and place, Mattel

19  will produce such responsive, non-privileged documents and tangible things, if any

20  and to the extent not previously produced, in accordance with its responses at a time

21  and place and in a manner that is reasonable, convenient and mutually agreed upon

22  by the parties.

23

24  **MGA'S ARGUMENT:**

25         If the practice of asserting general objections is disallowed, each of Mattel's

26  general objections should also be stricken.  *See* Fed. R. Civ. P. 33(b)(4) (grounds

27  for objecting to an interrogatory must be stated "with specificity");  *A. Farber and*

28  *Partners, Inc. v. Garber*, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or

1  boilerplate objections such as 'overly burdensome and harassing' are improper –

2  especially when a party fails to submit any evidentiary declarations supporting such

3  objections").

4      Despite this standard, Mattel has repeated its general and blanket objections

5  in every single response it has ever provided to MGA.  None of the objections,

6  however, contain specific information concerning the reason each objection is

7  applicable to individual requests.  As such, each of Mattel's general objections

8  should be stricken.

9      More specifically, Mattel's general objections asserting that a request is

10  "unduly burdensome" without specificity are inappropriate.  *See Jackson v.*

11  *Montgomery Ward & Co., Inc.*, 173 F.R.D. 524, 528-29 (D. Nev. 1997)("The party

12  claiming that a discovery request is unduly burdensome must allege specific facts

13  which indicate the nature and extent of the burden, usually by affidavit or other

14  reliable evidence."); *Nagele v. Electronic Data Systems Corp.*, 193 F.R.D. 94, 109

15  (W.D.N.Y. 2000) (overruling "burdensome" objections because objecting party

16  failed to particularize its basis for the objection).

17      The same is true of Mattel's general objection that these requests seek to

18  impose discovery obligations beyond those required or permitted by the Federal

19  Rules of Civil Procedure or that they seek attorney-client or attorney work product

20  information.  MGA has not sought discovery beyond that permitted by the Federal

21  Rules and has merely sought a privilege log identifying those documents that have

22  been withheld on grounds of privilege.  Mattel's objection that the requests call for

23  information protected by the right to privacy as set forth in the United States and/or

24  California Constitutions, or any other applicable law, privilege, immunity, doctrine

25  or other ground of privilege is also nonsense.  The Parties have long ago agreed to a

26  protective order to protect any such information.  For the same reason, Mattel's

27  objection that it will only provide responsive information upon entry of a protective

28  order is also a frivolous objection.  Again, these objections should be stricken.

SEP. STATEMENT ISO OPP TO MOT TO STRIKE GENERAL
OBJECTIONS RE JURISDICTION AND RECONSIDERATION OF
PORTIONS OF ORD NO. 70    CV-04-9049 DOC (RNBx)

Likewise, Mattel's objection that the requests could seek information which is not relevant to the subject matter of this action or is not reasonably calculated to lead to the discovery of admissible evidence is also indefensible. Each of the requests is narrowly tailored to address the claims and/or defenses in Phase 2. Moreover, Mattel's general objection has never once identified how these sets of requests, much less individual requests, have sought information not reasonably calculated to lead to discoverable evidence.

With respect to Mattel's general objection that the requests seek the production of documents that may be in the possession, custody and control of independent parties over whom Mattel has not control, Mattel has never once identified a specific instance where this, in fact, has occurred.

Finally, Mattel asserts the very objection that it takes issue with in its motion to strike. That is, Mattel has objected to each request to the extent that it seeks documents or information in the possession, custody or control of a foreign subsidiary of a party. Certainly, if the objection is stricken from MGA's responses, it must be stricken from Mattel's.

## III.   MATTEL'S INC.'S SUPPLEMENTAL RESPONSES TO REQUEST NOS. 88, 89, 99-104 AND 111 OF MGA ENTERTAINMENT, INC.'S SECOND SET OF PHASE 2 REQUESTS FOR PRODUCTION OF DOCUMENTS AND OTHER TANGIBLE THINGS

## GENERAL OBJECTIONS:

1.     Mattel objects to the Requests on the grounds and to the extent that they seek to impose discovery obligations beyond those required or permitted by the Federal Rules of Civil Procedure.

2.     Mattel objects to the Requests on the grounds and to the extent they call for the production of documents subject to the attorney-client privilege,

- 9 -

1  the attorney work product doctrine, the right to privacy as set forth in the United

2  States and/or California Constitutions, or any other applicable law, privilege,

3  immunity, doctrine or other ground of privilege.  Mattel will not produce such

4  privileged documents.

5          3.      Mattel objects to the Requests on the grounds and to the extent

6  they are overly broad, unduly burdensome, oppressive or unreasonably cumulative.

7          4.      Mattel objects to the Requests on the grounds and to the extent

8  they seek information which is not relevant to the subject matter of this action nor

9  reasonably calculated to lead to the discovery of admissible evidence.

10         5.      Mattel objects to the Requests on the grounds and to the extent

11 they seek documents equally or more available to, or already in the possession,

12 custody or control of MCA.

13         6.      Mattel objects to the Requests on the grounds and to the extent

14 they seek documents not in Mattel's possession, custody or control.

15         7.      Mattel objects to the Requests on the grounds that they are

16 unduly burdensome and vague and ambiguous in that they purport to require Mattel

17 to identify and produce documents relating to matters that are currently known to

18 and in the possession, custody and control of defendants and third parties, including

19 third parties associated with defendants, and that are not known to Mattel.

20         8.      Mattel objects to the Requests on the grounds that they seek the

21 production of documents or information that are in the possession, custody and

22 control of independent parties over whom Mattel has no control, including without

23 limitation defendants, and seek the disclosure of information or documents that are

24 in the possession, custody and control of defendants or are publicly available and

25 hence equally available to all parties to this litigation.

26         9.      Mattel objects to the Requests on the ground and to the extent

27 they seek trade secret, proprietary or otherwise confidential information of Mattel

28 or third parties or would violate the terms of any agreement or contracts with third

- 10 -

1    parties.  Any such documents that are produced, if any, will be produced only

2    pursuant to and in reliance upon the Protective Order entered in this case.

3           10.    Mattel objects to each and every Request that seeks "all"

4    documents which constitute, mention, refer or relate to a given topic on the grounds

5    of undue burden and oppression.  Mattel will make available for inspection and

6    copying those documents and tangible items, if any, that it is able to locate after a

7    reasonable, good-faith search for and review of non-privileged responsive

8    documents.

9           11.    Mattel objects to each and every Request to the extent they seek

10   documents in the possession, custody or control of a foreign subsidiary of a party.

11   The MGA Defendants have objected that such documents are not within the scope

12   of requests to a domestic party.

13          12.    Mattel objects to each and every Request to the extent that they

14   seek documents already produced in this action.  Documents which have already

15   been produced will not he produced again in response to these requests.

16          13.    Objection to the production of any document or category of

17   documents described in the Requests, or agreement to produce any such documents,

18   is not and shall not be construed as an admission by Mattel that any such

19   documents or category of documents exist.  Where the responses indicate that

20   Mattel will produce such responsive documents, such documents, if any, will be

21   produced if and to the extent any such documents are in Mattel's possession,

22   custody or control.

23          14.    Mattel objects to the time, place and manner of production

24   specified in defendant's Requests.  At a mutually agreeable time and place, Mattel

25   will produce such responsive, non-privileged documents and tangible things, if any

26   and to the extent not previously produced, in accordance with its responses at a time

27   and place and in a manner that is reasonable, convenient and mutually agreed upon

28   by the parties.

SEP. STATEMENT ISO OPP TO MOT TO STRIKE GENERAL
OBJECTIONS RE JURISDICTION AND RECONSIDERATION OF
PORTIONS OF ORD NO. 70     CV-04-9049 DOC (RNBX)

**MGA'S ARGUMENT:**

If the practice of asserting general objections is disallowed, each of Mattel's general objections should also be stricken. *See* Fed. R. Civ. P. 33(b)(4) (grounds for objecting to an interrogatory must be stated "with specificity"); *A. Farber and Partners, Inc. v. Garber*, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections").

Despite this standard, Mattel has repeated its general and blanket objections in every single response it has ever provided to MGA.  None of the objections, however, contain specific information concerning the reason each objection is applicable to individual requests.  As such, each of Mattel's general objections should be stricken.

More specifically, Mattel's general objections asserting that a request is "unduly burdensome" without specificity are inappropriate. *See Jackson v. Montgomery Ward & Co., Inc.*, 173 F.R.D. 524, 528-29 (D. Nev. 1997)("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence."); *Nagele v. Electronic Data Systems Corp.*, 193 F.R.D. 94, 109 (W.D.N.Y. 2000) (overruling "burdensome" objections because objecting party failed to particularize its basis for the objection).

The same is true of Mattel's general objection that these requests seek to impose discovery obligations beyond those required or permitted by the Federal Rules of Civil Procedure or that they seek attorney-client or attorney work product information.  MGA has not sought discovery beyond that permitted by the Federal Rules and has merely sought a privilege log identifying those documents that have been withheld on grounds of privilege.  Mattel's objection that the requests call for

1    information protected by the right to privacy as set forth in the United States and/or

2    California Constitutions, or any other applicable law, privilege, immunity, doctrine

3    or other ground of privilege is also nonsense.  The Parties have long ago agreed to a

4    protective order to protect any such information.  For the same reason, Mattel's

5    objection that it will only provide responsive information upon entry of a protective

6    order is also a frivolous objection.  Again, these objections should be stricken.

7         Likewise, Mattel's objection that the requests could seek information which

8    is not relevant to the subject matter of this action or is not reasonably calculated to

9    lead to the discovery of admissible evidence is also indefensible.  Each of the

10   requests is narrowly tailored to address the claims and/or defenses in Phase 2.

11   Moreover, Mattel's general objection has never once identified how these sets of

12   requests, much less individual requests, have sought information not reasonably

13   calculated to lead to discoverable evidence.

14        With respect to Mattel's general objection that the requests seek the

15   production of documents that may be in the possession, custody and control of

16   independent parties over whom Mattel has not control, Mattel has never once

17   identified a specific instance where this, in fact, has occurred.

18        Finally, Mattel asserts the very objection that it takes issue with in its motion

19   to strike.  That is, Mattel has objected to each request to the extent that it seeks

20   documents or information in the possession, custody or control of a foreign

21   subsidiary of a party.  Certainly, if the objection is stricken from MGA's responses,

22   it must be stricken from Mattel's.

23

24

25

26

27

28

SEP. STATEMENT ISO OPP TO MOT TO STRIKE GENERAL
OBJECTIONS RE JURISDICTION AND RECONSIDERATION OF
PORTIONS OF ORD NO. 70    CV-04-9049 DOC (RNBx)

## IV.    MATTEL, INC.'S FIRST SUPPLEMENTAL RESPONSES AND OBJECTIONS TO MGA ENTERTAINMENT, INC.'S FIRST SET OF (PHASE 2) REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS

### GENERAL OBJECTIONS:

1.    Mattel objects to the Requests on the grounds and to the extent that they seek to impose discovery obligations beyond those required or permitted by the Federal Rules of Civil Procedure.

2.    Mattel objects to the Requests on the grounds and to the extent they call for the production of documents subject to the attorney-client privilege, the attorney work product doctrine, the right to privacy as set forth in the United States and/or California Constitutions, or any other applicable law, privilege, immunity, doctrine or other ground of privilege.  Mattel will not produce such privileged documents.

3.    Mattel objects to the Requests on the grounds and to the extent they are overly broad, unduly burdensome, oppressive or unreasonably cumulative.

4.    Mattel objects to the Requests on the grounds and to the extent they seek information which is not relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

5.    Mattel objects to the Requests on the grounds and to the extent they seek documents equally or more available to, or already in the possession, custody or control of MCA.

6.    Mattel objects to the Requests on the grounds and to the extent they seek documents not in Mattel's possession, custody or control.

7.    Mattel objects to the Requests on the grounds that they are unduly burdensome and vague and ambiguous in that they purport to require Mattel to identify and produce documents relating to matters that are currently known to and

- 14 -

1   in the possession, custody and control of defendants and third parties, including

2   third parties associated with defendants, and that are not known to Mattel.

3       8.   Mattel objects to the Requests on the grounds that they seek the

4   production of documents or information that are in the possession, custody and

5   control of independent parties over whom Mattel has no control, including without

6   limitation defendants, and seek the disclosure of information or documents that are

7   in the possession, custody and control of defendants or are publicly available and

8   hence equally available to all parties to this litigation.

9       9.   Mattel objects to the Requests on the ground and to the extent they

10  seek trade secret, proprietary or otherwise confidential information of Mattel or

11  third parties or would violate the terms of any agreement or contracts with third

12  parties.  Any such documents that are produced, if any, will be produced only

13  pursuant to and in reliance upon the Protective Order entered in this case.

14      10.   Mattel objects to each and every Request that seeks "all" documents

15  which constitute, mention, refer or relate to a given topic on the grounds of undue

16  burden and oppression.  Mattel will make available for inspection and copying

17  those documents and tangible items, if any, that it is able to locate after a

18  reasonable, good-faith search for and review of non-privileged responsive

19  documents.

20      11.   Mattel objects to each and every Request to the extent they seek

21  documents in the possession, custody or control of a foreign subsidiary of a party.

22  The MGA Defendants have objected that such documents are not within the scope

23  of requests to a domestic party.

24      12.   Mattel objects to each and every Request to the extent that they seek

25  documents already produced in this action.  Documents which have already been

26  produced will not he produced again in response to these requests.

27      13.   Objection to the production of any document or category of documents

28  described in the Requests, or agreement to produce any such documents, is not and

- 15 -

1   shall not be construed as an admission by Mattel that any such documents or

2   category of documents exist.  Where the responses indicate that Mattel will produce

3   such responsive documents, such documents, if any, will be produced if and to the

4   extent any such documents are in Mattel's possession, custody or control.

5       14.    Mattel objects to the time, place and manner of production specified in

6   defendant's Requests.  At a mutually agreeable time and place, Mattel will produce

7   such responsive, non-privileged documents and tangible things, if any and to the

8   extent not previously produced, in accordance with its responses at a time and place

9   and in a manner that is reasonable, convenient and mutually agreed upon by the

10  parties.

11

12  **MGA'S ARGUMENT:**

13      If the practice of asserting general objections is disallowed, each of Mattel's

14  general objections should also be stricken.  *See* Fed. R. Civ. P. 33(b)(4) (grounds

15  for objecting to an interrogatory must be stated "with specificity");  *A. Farber and*

16  *Partners, Inc. v. Garber*, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or

17  boilerplate objections such as 'overly burdensome and harassing' are improper –

18  especially when a party fails to submit any evidentiary declarations supporting such

19  objections").

20      Despite this standard, Mattel has repeated its general and blanket objections

21  in every single response it has ever provided to MGA.  None of the objections,

22  however, contain specific information concerning the reason each objection is

23  applicable to individual requests.  As such, each of Mattel's general objections

24  should be stricken.

25      More specifically, Mattel's general objections asserting that a request is

26  "unduly burdensome" without specificity are inappropriate.  *See Jackson v.*

27  *Montgomery Ward & Co., Inc.*, 173 F.R.D. 524, 528-29 (D. Nev. 1997)("The party

28  claiming that a discovery request is unduly burdensome must allege specific facts

- 16 -

1    which indicate the nature and extent of the burden, usually by affidavit or other

2    reliable evidence."); *Nagele v. Electronic Data Systems Corp.*, 193 F.R.D. 94, 109

3    (W.D.N.Y. 2000) (overruling "burdensome" objections because objecting party

4    failed to particularize its basis for the objection).

5         The same is true of Mattel's general objection that these requests seek to

6    impose discovery obligations beyond those required or permitted by the Federal

7    Rules of Civil Procedure or that they seek attorney-client or attorney work product

8    information.  MGA has not sought discovery beyond that permitted by the Federal

9    Rules and has merely sought a privilege log identifying those documents that have

10   been withheld on grounds of privilege.  Mattel's objection that the requests call for

11   information protected by the right to privacy as set forth in the United States and/or

12   California Constitutions, or any other applicable law, privilege, immunity, doctrine

13   or other ground of privilege is also nonsense.  The Parties have long ago agreed to a

14   protective order to protect any such information.  For the same reason, Mattel's

15   objection that it will only provide responsive information upon entry of a protective

16   order is also a frivolous objection.  Again, these objections should be stricken.

17        Likewise, Mattel's objection that the requests could seek information which

18   is not relevant to the subject matter of this action or is not reasonably calculated to

19   lead to the discovery of admissible evidence is also indefensible.  Each of the

20   requests is narrowly tailored to address the claims and/or defenses in Phase 2.

21   Moreover, Mattel's general objection has never once identified how these sets of

22   requests, much less individual requests, have sought information not reasonably

23   calculated to lead to discoverable evidence.

24        With respect to Mattel's general objection that the requests seek the

25   production of documents that may be in the possession, custody and control of

26   independent parties over whom Mattel has not control, Mattel has never once

27   identified a specific instance where this, in fact, has occurred.

28        Finally, Mattel asserts the very objection that it takes issue with in its motion

SEP. STATEMENT ISO OPP TO MOT TO STRIKE GENERAL
OBJECTIONS RE JURISDICTION AND RECONSIDERATION OF
PORTIONS OF ORD NO. 70    CV-04-9049 DOC (RNBx)

1   to strike.  That is, Mattel has objected to each request to the extent that it seeks

2   documents or information in the possession, custody or control of a foreign

3   subsidiary of a party.  Certainly, if the objection is stricken from MGA's responses,

4   it must be stricken from Mattel's.

5

6   **V.**    **MATTEL, INC.'S SECOND SUPPLEMENTAL RESPONSES AND**

7        **OBJECTIONS TO MGA ENTERTAINMENT, INC.'S FIRST SET OF**

8        **(PHASE 2) REQUESTS FOR PRODUCTION OF DOCUMENTS AND**

9        **THINGS**

10

11   **GENERAL OBJECTIONS:**

12        Mattel generally objects to each of the Requests on the grounds and to

13   the extent they call for the production of documents subject to the attorney-client

14   privilege, the attorney work product doctrine, the right to privacy as set forth in the

15   United States and/or California Constitutions, or any other applicable law,

16   privilege, immunity, doctrine or other ground of privilege.  Mattel will not produce

17   such privileged documents.

18        Objection to the production of any document or category of documents

19   described in the Requests, or agreement to produce any such documents, is not and

20   shall not be construed as an admission by Mattel that any such documents or

21   category of documents exist.  Where the responses indicate that Mattel will produce

22   such responsive documents, such documents, if any, will be produced if and to the

23   extent any such documents are in Mattel's possession, custody or control.

24

25   **MGA'S ARGUMENT:**

26        If the practice of asserting general objections is disallowed, each of Mattel's

27   general objections should also be stricken.  *See* Fed. R. Civ. P. 33(b)(4) (grounds

28   for objecting to an interrogatory must be stated "with specificity");  *A. Farber and*

1   *Partners, Inc. v. Garber*, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or

2   boilerplate objections such as 'overly burdensome and harassing' are improper –

3   especially when a party fails to submit any evidentiary declarations supporting such

4   objections").

5          Despite this standard, Mattel has repeated its general and blanket objections

6   in every single response it has ever provided to MGA.  None of the objections,

7   however, contain specific information concerning the reason each objection is

8   applicable to individual requests.  As such, each of Mattel's general objections

9   should be stricken.

10         With respect to Mattel's general objection that the requests seek the

11  production of documents that may be in the possession, custody and control of

12  independent parties over whom Mattel has not control, Mattel has never once

13  identified a specific instance where this has, in fact, occurred.

14         Finally, Mattel asserts the very objection that it takes issue with in its motion

15  to strike.  That is, Mattel has objected to each request to the extent that it seeks

16  documents or information not in its possession, custody or control.  Certainly, if the

17  objection is stricken from MGA's responses, it must be stricken from Mattel's.

18

19  **VI.     MATTEL'S RESPONSES AND OBJECTIONS TO MGAE DE**

20          **MEXICO'S REQUESTS FOR PRODUCTION OF DOCUMENTS AND**

21          **THINGS**

22

23  **GENERAL OBJECTIONS:**

24         1.     Mattel objects to the Requests on the grounds and to the extent

25  that they seek to impose discovery obligations beyond those required or permitted

26  by the Federal Rules of Civil Procedure.

27         2.     Mattel objects to the Requests on the grounds and to the extent

28  they call for the production of documents subject to the attorney-client privilege,

1   the attorney work product doctrine, the right to privacy as set forth in the United

2   States and/or California Constitutions, or any other applicable law, privilege,

3   immunity, doctrine or other ground of privilege.  Mattel will not produce such

4   privileged documents.

5           3.      Mattel objects to the Requests on the grounds and to the extent

6   they are overly broad, unduly burdensome, oppressive or unreasonably cumulative.

7           4.      Mattel objects to the Requests on the grounds and to the extent

8   they seek information which is not relevant to the subject matter of this action nor

9   reasonably calculated to lead to the discovery of admissible evidence.

10          5.      Mattel objects to the Requests on the grounds and to the extent

11  they seek documents equally or more available to, or already in the possession,

12  custody or control of MCA.

13          6.      Mattel objects to the Requests on the grounds and to the extent

14  they seek documents not in Mattel's possession, custody or control.

15          7.      Mattel objects to the Requests on the grounds that they are

16  unduly burdensome and vague and ambiguous in that they purport to require Mattel

17  to identify and produce documents relating to matters that are currently known to

18  and in the possession, custody and control of defendants and third parties, including

19  third parties associated with defendants, and that are not known to Mattel.

20          8.      Mattel objects to the Requests on the grounds that they seek the

21  production of documents or information that are in the possession, custody and

22  control of independent parties over whom Mattel has no control, including without

23  limitation defendants, and seek the disclosure of information or documents that are

24  in the possession, custody and control of defendants or are publicly available and

25  hence equally available to all parties to this litigation.

26          9.      Mattel objects to the Requests on the ground and to the extent

27  they seek trade secret, proprietary or otherwise confidential information of Mattel

28  or third parties or would violate the terms of any agreement or contracts with third

- 20 -

1    parties.  Any such documents that are produced, if any, will be produced only

2    pursuant to and in reliance upon the Protective Order entered in this case.

3         10.    Mattel objects to each and every Request that seeks "all"

4    documents which constitute, mention, refer or relate to a given topic on the grounds

5    of undue burden and oppression.  Mattel will make available for inspection and

6    copying those documents and tangible items, if any, that it is able to locate after a

7    reasonable, good-faith search for and review of non-privileged responsive

8    documents.

9         11.    Mattel objects to each and every Request to the extent they seek

10   documents in the possession, custody or control of a foreign subsidiary of a party.

11   The MGA Defendants have objected that such documents are not within the scope

12   of requests to a domestic party.

13        12.    Mattel objects to each and every Request to the extent that they

14   seek documents already produced in this action.  Documents which have already

15   been produced will not he produced again in response to these requests.

16        13.    Objection to the production of any document or category of

17   documents described in the Requests, or agreement to produce any such documents,

18   is not and shall not be construed as an admission by Mattel that any such

19   documents or category of documents exist.  Where the responses indicate that

20   Mattel will produce such responsive documents, such documents, if any, will be

21   produced if and to the extent any such documents are in Mattel's possession,

22   custody or control.

23        14.    Mattel objects to the time, place and manner of production

24   specified in defendant's Requests.  At a mutually agreeable time and place, Mattel

25   will produce such responsive, non-privileged documents and tangible things, if any

26   and to the extent not previously produced, in accordance with its responses at a time

27   and place and in a manner that is reasonable, convenient and mutually agreed upon

28   by the parties.

- 21 -

1

2    **MGA'S ARGUMENT:**

3          If the practice of asserting general objections is disallowed, each of Mattel's

4    general objections should also be stricken. *See* Fed. R. Civ. P. 33(b)(4) (grounds

5    for objecting to an interrogatory must be stated "with specificity"); *A. Farber and*

6    *Partners, Inc. v. Garber*, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or

7    boilerplate objections such as 'overly burdensome and harassing' are improper –

8    especially when a party fails to submit any evidentiary declarations supporting such

9    objections").

10         Despite this standard, Mattel has repeated its general and blanket objections

11   in every single response it has ever provided to MGA.  None of the objections,

12   however, contain specific information concerning the reason each objection is

13   applicable to individual requests.  As such, each of Mattel's general objections

14   should be stricken.

15         More specifically, Mattel's general objections asserting that a request is

16   "unduly burdensome" without specificity are inappropriate. *See Jackson v.*

17   *Montgomery Ward & Co., Inc.*, 173 F.R.D. 524, 528-29 (D. Nev. 1997)("The party

18   claiming that a discovery request is unduly burdensome must allege specific facts

19   which indicate the nature and extent of the burden, usually by affidavit or other

20   reliable evidence."); *Nagele v. Electronic Data Systems Corp.*, 193 F.R.D. 94, 109

21   (W.D.N.Y. 2000) (overruling "burdensome" objections because objecting party

22   failed to particularize its basis for the objection).

23         The same is true of Mattel's general objection that these requests seek to

24   impose discovery obligations beyond those required or permitted by the Federal

25   Rules of Civil Procedure or that they seek attorney-client or attorney work product

26   information.  MGA has not sought discovery beyond that permitted by the Federal

27   Rules and has merely sought a privilege log identifying those documents that have

28   been withheld on grounds of privilege.  Mattel's objection that the requests call for

- 22 -

1   information protected by the right to privacy as set forth in the United States and/or

2   California Constitutions, or any other applicable law, privilege, immunity, doctrine

3   or other ground of privilege is also nonsense.  The Parties have long ago agreed to a

4   protective order to protect any such information.  For the same reason, Mattel's

5   objection that it will only provide responsive information upon entry of a protective

6   order is also a frivolous objection.  Again, these objections should be stricken.

7        Likewise, Mattel's objection that the requests could seek information which

8   is not relevant to the subject matter of this action or is not reasonably calculated to

9   lead to the discovery of admissible evidence is also indefensible.  Each of the

10  requests is narrowly tailored to address the claims and/or defenses in Phase 2.

11  Moreover, Mattel's general objection has never once identified how these sets of

12  requests, much less individual requests, have sought information not reasonably

13  calculated to lead to discoverable evidence.

14        With respect to Mattel's general objection that the requests seek the

15  production of documents that may be in the possession, custody and control of

16  independent parties over whom Mattel has not control, Mattel has never once

17  identified a specific instance where this, in fact, has occurred.

18        Finally, Mattel asserts the very objection that it takes issue with in its motion

19  to strike.  That is, Mattel has objected to each request to the extent that it seeks

20  documents or information in the possession, custody or control of a foreign

21  subsidiary of a party.  Certainly, if the objection is stricken from MGA's responses,

22  it must be stricken from Mattel's.

23

24  **VII.  <u>MATTEL, INC.'S OBJECTIONS AND RESPONSE TO THIRD SET</u>**

25       **<u>OF PHASE 2 REQUESTS FOR PRODUCTION OF DOCUMENTS</u>**

26

27  **<u>GENERAL OBJECTIONS:</u>**

28            1.      Mattel objects to the Requests on the grounds and to the extent

- 23 -

1  that they seek to impose discovery obligations beyond those required or permitted

2  by the Federal Rules of Civil Procedure.

3          2.      Mattel objects to the Requests on the grounds and to the extent

4  they call for the production of documents subject to the attorney-client privilege,

5  the attorney work product doctrine, the right to privacy as set forth in the United

6  States and/or California Constitutions, or any other applicable law, privilege,

7  immunity, doctrine or other ground of privilege.  Mattel will not produce such

8  privileged documents.

9          3.      Mattel objects to the Requests on the grounds and to the extent

10 they are overly broad, unduly burdensome, oppressive or unreasonably cumulative.

11         4.      Mattel objects to the Requests on the grounds and to the extent

12 they seek information which is not relevant to the subject matter of this action nor

13 reasonably calculated to lead to the discovery of admissible evidence.

14         5.      Mattel objects to the Requests on the grounds and to the extent

15 they seek documents equally or more available to, or already in the possession,

16 custody or control of MCA.

17         6.      Mattel objects to the Requests on the grounds and to the extent

18 they seek documents not in Mattel's possession, custody or control.

19         7.      Mattel objects to the Requests on the grounds that they are

20 unduly burdensome and vague and ambiguous in that they purport to require Mattel

21 to identify and produce documents relating to matters that are currently known to

22 and in the possession, custody and control of defendants and third parties, including

23 third parties associated with defendants, and that are not known to Mattel.

24         8.      Mattel objects to the Requests on the grounds that they seek the

25 production of documents or information that are in the possession, custody and

26 control of independent parties over whom Mattel has no control, including without

27 limitation defendants, and seek the disclosure of information or documents that are

28 in the possession, custody and control of defendants or are publicly available and

- 24 -

1   hence equally available to all parties to this litigation.

2              9.      Mattel objects to the Requests on the ground and to the extent

3   they seek trade secret, proprietary or otherwise confidential information of Mattel

4   or third parties or would violate the terms of any agreement or contracts with third

5   parties.  Any such documents that are produced, if any, will be produced only

6   pursuant to and in reliance upon the Protective Order entered in this case.

7              10.     Mattel objects to each and every Request that seeks "all"

8   documents which constitute, mention, refer or relate to a given topic on the grounds

9   of undue burden and oppression.  Mattel will make available for inspection and

10  copying those documents and tangible items, if any, that it is able to locate after a

11  reasonable, good-faith search for and review of non-privileged responsive

12  documents.

13             11.     Mattel objects to each and every Request to the extent they seek

14  documents in the possession, custody or control of a foreign subsidiary of a party.

15  The MGA Defendants have objected that such documents are not within the scope

16  of requests to a domestic party.

17             12.     Mattel objects to each and every Request to the extent that they

18  seek documents already produced in this action.  Documents which have already

19  been produced will not he produced again in response to these requests.

20             13.     Objection to the production of any document or category of

21  documents described in the Requests, or agreement to produce any such documents,

22  is not and shall not be construed as an admission by Mattel that any such

23  documents or category of documents exist.  Where the responses indicate that

24  Mattel will produce such responsive documents, such documents, if any, will be

25  produced if and to the extent any such documents are in Mattel's possession,

26  custody or control.

27             14.     Mattel objects to the time, place and manner of production

28  specified in defendant's Requests.  At a mutually agreeable time and place, Mattel

- 25 -

1   will produce such responsive, non-privileged documents and tangible things, if any

2   and to the extent not previously produced, in accordance with its responses at a time

3   and place and in a manner that is reasonable, convenient and mutually agreed upon

4   by the parties.

5

6   **MGA'S ARGUMENT:**

7       If the practice of asserting general objections is disallowed, each of Mattel's

8   general objections should also be stricken.  *See* Fed. R. Civ. P. 33(b)(4) (grounds

9   for objecting to an interrogatory must be stated "with specificity");  *A. Farber and*

10  *Partners, Inc. v. Garber*, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or

11  boilerplate objections such as 'overly burdensome and harassing' are improper –

12  especially when a party fails to submit any evidentiary declarations supporting such

13  objections").

14      Despite this standard, Mattel has repeated its general and blanket objections

15  in every single response it has ever provided to MGA.  None of the objections,

16  however, contain specific information concerning the reason each objection is

17  applicable to individual requests.  As such, each of Mattel's general objections

18  should be stricken.

19      More specifically, Mattel's general objections asserting that a request is

20  "unduly burdensome" without specificity are inappropriate.  *See Jackson v.*

21  *Montgomery Ward & Co., Inc.*, 173 F.R.D. 524, 528-29 (D. Nev. 1997)("The party

22  claiming that a discovery request is unduly burdensome must allege specific facts

23  which indicate the nature and extent of the burden, usually by affidavit or other

24  reliable evidence."); *Nagele v. Electronic Data Systems Corp.*, 193 F.R.D. 94, 109

25  (W.D.N.Y. 2000) (overruling "burdensome" objections because objecting party

26  failed to particularize its basis for the objection).

27      The same is true of Mattel's general objection that these requests seek to

28  impose discovery obligations beyond those required or permitted by the Federal

- 26 -

Rules of Civil Procedure or that they seek attorney-client or attorney work product information.  MGA has not sought discovery beyond that permitted by the Federal Rules and has merely sought a privilege log identifying those documents that have been withheld on grounds of privilege.  Mattel's objection that the requests call for information protected by the right to privacy as set forth in the United States and/or California Constitutions, or any other applicable law, privilege, immunity, doctrine or other ground of privilege is also nonsense.  The Parties have long ago agreed to a protective order to protect any such information.  For the same reason, Mattel's objection that it will only provide responsive information upon entry of a protective order is also a frivolous objection.  Again, these objections should be stricken.

Likewise, Mattel's objection that the requests could seek information which is not relevant to the subject matter of this action or is not reasonably calculated to lead to the discovery of admissible evidence is also indefensible.  Each of the requests is narrowly tailored to address the claims and/or defenses in Phase 2.  Moreover, Mattel's general objection has never once identified how these sets of requests, much less individual requests, have sought information not reasonably calculated to lead to discoverable evidence.

With respect to Mattel's general objection that the requests seek the production of documents that may be in the possession, custody and control of independent parties over whom Mattel has not control, Mattel has never once identified a specific instance where this, in fact, has occurred.

Finally, Mattel asserts the very objection that it takes issue with in its motion to strike.  That is, Mattel has objected to each request to the extent that it seeks documents or information in the possession, custody or control of a foreign subsidiary of a party.  Certainly, if the objection is stricken from MGA's responses, it must be stricken from Mattel's.

## VIII.  <u>RESPONSES OF MATTEL, INC.'S TO MGA ENTERTAINMENT, INC.'S FIRST SET OF PHASE 2 REQUESTS FOR ADMISSION</u>

### <u>GENERAL OBJECTIONS:</u>

1.      Mattel objects to the Requests on the grounds and to the extent that they call for information that is not relevant to the claims or defenses of the pending action, nor reasonably calculated to lead to the discovery of admissible evidence.

2.      Mattel objects to the Requests on the grounds and to the extent that they are unduly burdensome, premature and vague and ambiguous in that the full scope of material and other trade secrets MGA stole and the other facts necessary to answer the Requests are uniquely known by defendants and by third parties within defendants' control, but are not known by Mattel at this juncture because defendants refuse to disclose information to Mattel, including by refusing to produce information that is the subject of prior Court Orders and pending Mattel motions to enforce and/or compel and by refusing to appear for deposition.  Mattel further anticipates that defendants and/or additional person associated with defendants, but who have not yet been deposed or who have not yet been identified, have knowledge pertinent to the topics that are the subject of the Requests.

3.      Mattel objects to the Requests on the grounds and to the extent that they seek to impose obligations upon Mattel beyond those required by the Federal Rules of Civil Procedure.

4.      Mattel objects to the Requests on the grounds and to the extent that they call for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine, or any other applicable privileges, including the privilege against disclosure of the identities and work product of consulting experts.  Such information will not be disclosed.

5.      Mattel objects to the Requests on the grounds and to the extent

1   that the definitions of "MATTEL" are overbroad, vague, ambiguous, and non-

2   specific.

3          6.     Mattel objects to the Requests on the grounds that and to the

4   extent such discovery from Mattel is overbroad, unduly burdensome, oppressive

5   and not likely to the lead to the discovery of admissible evidence.

6          7.     Mattel objects to the Requests on the grounds and to the extent

7   that they seek confidential, information, to the extent it is relevant to this action and

8   either has been or will be produced, has been and will be produced in reliance upon

9   and pursuant to protective order.

10          8.     Mattel objects to the Requests on the grounds and to the extent

11   that they seek confidential, proprietary and trade secret ton that has no bearing on

12   the claims or defenses in this case.

13          9.     Mattel objects to the definition of "MATTEL DOCUMENTS"

14   as vague and ambiguous including in that the full scope of documents, material and

15   trade secrets MGA stole and the other facts necessary to determine all of the

16   documents, material and trade secrets stolen by MGA are uniquely known by

17   defendants and by third parties within defendants' control, but are not known by

18   Mattel at this juncture because defendants refuse to disclose information to Mattel,

19   including by refusing to produce information that is the subject of prior Court

20   Orders and pending Mattel motions to enforce and/or compel and by refusing to

21   appear for deposition. Mattel further anticipates that defendants and/or additional

22   persons associated with defendants, but who have not yet been deposed or who

23   have not yet been identified, have knowledge pertinent to determining all of the

24   documents, materials and trade secrets stolen by MGA.

25

26   **MGA'S ARGUMENT:**

27          If the practice of asserting general objections is disallowed, each of Mattel's

28   general objections should also be stricken. *See* Fed. R. Civ. P. 33(b)(4) (grounds

- 29 -

for objecting to an interrogatory must be stated "with specificity"); *A. Farber and Partners, Inc. v. Garber*, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections").

Despite this standard, Mattel has repeated its general and blanket objections in every single response it has ever provided to MGA.  None of the objections, however, contain specific information concerning the reason each objection is applicable to individual requests.  As such, each of Mattel's general objections should be stricken.

More specifically, Mattel's general objections asserting that a request is "unduly burdensome" without specificity are inappropriate.  *See Jackson v. Montgomery Ward & Co., Inc.*, 173 F.R.D. 524, 528-29 (D. Nev. 1997)("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence."); *Nagele v. Electronic Data Systems Corp.*, 193 F.R.D. 94, 109 (W.D.N.Y. 2000) (overruling "burdensome" objections because objecting party failed to particularize its basis for the objection).

With respect to Mattel's general objection to the definitions within this set of requests, aside from conclusory statements, Mattel does not suggest how these definitions are overbroad.  To the contrary, the definitions are intended to assist Mattel to narrow the scope of the requests.

The same is true of Mattel's general objection that these requests seek to impose discovery obligations beyond those required or permitted by the Federal Rules of Civil Procedure or that they seek attorney-client or attorney work product information.  MGA has not sought discovery beyond that permitted by the Federal Rules and has merely sought a privilege log identifying those documents that have been withheld on grounds of privilege.  Mattel's objection that the requests call for

- 30 -

1   information protected by the right to privacy as set forth in the United States and/or

2   California Constitutions, or any other applicable law, privilege, immunity, doctrine

3   or other ground of privilege is also nonsense.  The Parties have long ago agreed to a

4   protective order to protect any such information.  For the same reason, Mattel's

5   objection that it will only provide responsive information upon entry of a protective

6   order is also a frivolous objection.  Again, these objections should be stricken.

7        Likewise, Mattel's objection that the requests could seek information which

8   is not relevant to the subject matter of this action or is not reasonably calculated to

9   lead to the discovery of admissible evidence is also indefensible.  Each of the

10  requests is narrowly tailored to address the claims and/or defenses in Phase 2.

11  Moreover, Mattel's general objection has never once identified how these sets of

12  requests, much less individual requests, have sought information not reasonably

13  calculated to lead to discoverable evidence.

14       With respect to Mattel's general objection that the requests seek the

15  production of documents that may be in the possession, custody and control of

16  independent parties over whom Mattel has not control, Mattel has never once

17  identified a specific instance where this, in fact, has occurred.

18       Finally, Mattel asserts the very objection that it takes issue with in its motion

19  to strike.  That is, Mattel has objected to each request to the extent that it seeks

20  documents or information in the possession, custody or control of a foreign

21  subsidiary of a party.  Certainly, if the objection is stricken from MGA's responses,

22  it must be stricken from Mattel's.

23

24  **IX.   MATTEL, INC.'S SUPPLEMENTAL RESPONSES TO MGA**

25       **ENTERTAINMENT, INC.'S FIRST SET OF PHASE 2 REQUESTS**

26       **FOR ADMISSION**

27

28

SEP. STATEMENT ISO OPP TO MOT TO STRIKE GENERAL
OBJECTIONS RE JURISDICTION AND RECONSIDERATION OF
PORTIONS OF ORD NO. 70   CV-04-9049 DOC (RNBx)

**GENERAL OBJECTIONS:**

1.      Mattel objects to the Requests on the grounds and to the extent that they call for information that is not relevant to the claims or defenses of the pending action, nor reasonably calculated to lead to the discovery of admissible evidence.

2.      Mattel objects to the Requests on the grounds and to the extent that they are unduly burdensome, premature and vague and ambiguous in that the full scope of material and other trade secrets MGA stole and the other facts necessary to answer the Requests are uniquely known by defendants and by third parties within defendants' control, but are not known by Mattel at this juncture because defendants refuse to disclose information to Mattel, including by refusing to produce information that is the subject of prior Court Orders and pending Mattel motions to enforce and/or compel and by refusing to appear for deposition.  Mattel further anticipates that defendants and/or additional person associated with defendants, but who have not yet been deposed or who have not yet been identified, have knowledge pertinent to the topics that are the subject of the Requests.

3.      Mattel objects to the Requests on the grounds and to the extent that they seek to impose obligations upon Mattel beyond those required by the Federal Rules of Civil Procedure.

4.      Mattel objects to the Requests on the grounds and to the extent that they call for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine, or any other applicable privileges, including the privilege against disclosure of the identities and work product of consulting experts.  Such information will not be disclosed.

5.      Mattel objects to the Requests on the grounds and to the extent that the definitions of "MATTEL" are overbroad, vague, ambiguous, and non-specific.

6.      Mattel objects to the Requests on the grounds that and to the

- 32 -

1  extent such discovery from Mattel is overbroad, unduly burdensome, oppressive

2  and not likely to the lead to the discovery of admissible evidence.

3          7.       Mattel objects to the Requests on the grounds and to the extent

4  that they seek confidential, information, to the extent it is relevant to this action and

5  either has been or will be produced, has been and will be produced in reliance upon

6  and pursuant to protective order.

7          8.       Mattel objects to the Requests on the grounds and to the extent

8  that they seek confidential, proprietary and trade secret ton that has no bearing on

9  the claims or defenses in this case.

10         9.       Mattel objects to the definition of "MATTEL DOCUMENTS"

11  as vague and ambiguous including in that the full scope of documents, material and

12  trade secrets MGA stole and the other facts necessary to determine all of the

13  documents, material and trade secrets stolen by MG A are uniquely known by

14  defendants and by third parties within defendants' control, but are not known by

15  Mattel at this juncture because defendants refuse to disclose information to Mattel,

16  including by refusing to produce information that is the subject of prior Court

17  Orders and pending Mattel motions to enforce and/or compel and by refusing to

18  appear for deposition. Mattel further anticipates that defendants and/or additional

19  persons associated with defendants, but who have not yet been deposed or who

20  have not yet been identified, have knowledge pertinent to determining all of the

21  documents, materials and trade secrets stolen by MGA.

22

23  **MGA'S ARGUMENT:**

24         If the practice of asserting general objections is disallowed, each of Mattel's

25  general objections should also be stricken. *See* Fed. R. Civ. P. 33(b)(4) (grounds

26  for objecting to an interrogatory must be stated "with specificity"); *A. Farber and*

27  *Partners, Inc. v. Garber*, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or

28  boilerplate objections such as 'overly burdensome and harassing' are improper –

SEP. STATEMENT ISO OPP TO MOT TO STRIKE GENERAL
OBJECTIONS RE JURISDICTION AND RECONSIDERATION OF
PORTIONS OF ORD NO. 70    CV-04-9049 DOC (RNBx)

1   especially when a party fails to submit any evidentiary declarations supporting such

2   objections").

3       Despite this standard, Mattel has repeated its general and blanket objections

4   in every single response it has ever provided to MGA.  None of the objections,

5   however, contain specific information concerning the reason each objection is

6   applicable to individual requests.  As such, each of Mattel's general objections

7   should be stricken.

8       More specifically, Mattel's general objections asserting that a request is

9   "unduly burdensome" without specificity are inappropriate.  *See Jackson v.*

10  *Montgomery Ward & Co., Inc.*, 173 F.R.D. 524, 528-29 (D. Nev. 1997)("The party

11  claiming that a discovery request is unduly burdensome must allege specific facts

12  which indicate the nature and extent of the burden, usually by affidavit or other

13  reliable evidence."); *Nagele v. Electronic Data Systems Corp.*, 193 F.R.D. 94, 109

14  (W.D.N.Y. 2000) (overruling "burdensome" objections because objecting party

15  failed to particularize its basis for the objection).

16      With respect to Mattel's general objection to the definitions within this set of

17  requests, aside from conclusory statements, Mattel does not suggest how these

18  definitions are overbroad.  To the contrary, the definitions are intended to assist

19  Mattel to narrow the scope of the requests.

20      The same is true of Mattel's general objection that these requests seek to

21  impose discovery obligations beyond those required or permitted by the Federal

22  Rules of Civil Procedure or that they seek attorney-client or attorney work product

23  information.  MGA has not sought discovery beyond that permitted by the Federal

24  Rules and has merely sought a privilege log identifying those documents that have

25  been withheld on grounds of privilege.  Mattel's objection that the requests call for

26  information protected by the right to privacy as set forth in the United States and/or

27  California Constitutions, or any other applicable law, privilege, immunity, doctrine

28  or other ground of privilege is also nonsense.  The Parties have long ago agreed to a

SEP. STATEMENT ISO OPP TO MOT TO STRIKE GENERAL
OBJECTIONS RE JURISDICTION AND RECONSIDERATION OF
PORTIONS OF ORD NO. 70     CV-04-9049 DOC (RNBx)

1  protective order to protect any such information.  For the same reason, Mattel's

2  objection that it will only provide responsive information upon entry of a protective

3  order is also a frivolous objection.  Again, these objections should be stricken.

4          Likewise, Mattel's objection that the requests could seek information which

5  is not relevant to the subject matter of this action or is not reasonably calculated to

6  lead to the discovery of admissible evidence is also indefensible.  Each of the

7  requests is narrowly tailored to address the claims and/or defenses in Phase 2.

8  Moreover, Mattel's general objection has never once identified how these sets of

9  requests, much less individual requests, have sought information not reasonably

10  calculated to lead to discoverable evidence.

11          With respect to Mattel's general objection that the requests seek the

12  production of documents that may be in the possession, custody and control of

13  independent parties over whom Mattel has not control, Mattel has never once

14  identified a specific instance where this, in fact, has occurred.

15          Finally, Mattel asserts the very objection that it takes issue with in its motion

16  to strike.  That is, Mattel has objected to each request to the extent that it seeks

17  documents or information in the possession, custody or control of a foreign

18  subsidiary of a party.  Certainly, if the objection is stricken from MGA's responses,

19  it must be stricken from Mattel's.

20

21  **X.     RESPONSES OF MATTEL, INC.'S TO MGA ENTERTAINMENT,**

22  **        INC.'S FIRST SET OF PHASE 2 INTERROGATORIES**

23

24  **GENERAL OBJECTIONS:**

25          1.     Mattel objects to the Interrogatories on the grounds that the

26  defendants have exceeded the limit on the number of Interrogatories they may

27  properly serve on Mattel leave of the Court, which defendants have neither sought

28  nor obtained.

- 35 -

2.      Mattel objects to the Interrogatories on the grounds that they seek to impose obligations upon Mattel beyond those imposed by the Federal Rules of Civil Procedure.  In particular, MGA's Instructions purport to require that if Mattel cannot completely answer the interrogatory after making diligent efforts to do so, Mattel must "describe in detail all efforts made to answer the interrogatory; identify every PERSON involved in such efforts; and state the additional information YOU need, if any, to respond completely to the interrogatory."  The Federal Rules of Civil Procedure impose no such requirements.

3.      Mattel objects to the Requests on the grounds and to the extent that they are unduly burdensome, premature and vague and ambiguous in that the full scope of material and other trade secrets MGA stole and the other facts necessary to answer the Requests are uniquely known by defendants and by third parties within defendants' control, but are not known by Mattel at this juncture because defendants refuse to disclose information to Mattel, including by refusing to produce information that is the subject of prior Court Orders and pending Mattel motions to enforce and/or compel and by refusing to appear for deposition. Mattel further anticipates that defendants and/or additional persons associated with defendants, but who have not yet been deposed or who have not yet been identified, have knowledge pertinent to the topics that are the subject of the Requests.

4.      Mattel objects to the Interrogatories on the grounds that they call for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege, including the privilege against disclosure of the identities and work product of consulting experts. Such information and documents will not be produced.

5.      Mattel objects to the Interrogatories on the grounds that they call for production or disclosure of confidential, proprietary and/or private information. Such information and documents will not be disclosed or produced except pursuant to and in reliance upon the operative protective order.

- 36 -

6.      Mattel objects to the Interrogatories on the grounds that they seek We disclosure of information or documents that are in the possession, custody and control of independent parties over whom Mattel has no control, and seek the disclosure of information or document, that are in the possession, custody and control of defendant MGA or are publicly available and hence equally available to all parties to this litigation.

7.      Mattel objects to the Interrogatories on the grounds that they call for information that is neither relevant to the claims or defenses in the pending action nor reasonably calculated to lead to the discovery of admissible evidence.

8.      Mattel objects to the Interrogatories on the grounds that they are unduly burdensome and oppressive.

9.      Mattel further objects to the Interrogatories on the grounds that they purport to circumvent the expert disclosure provisions of the Federal and Local Rules.  Such disclosures will be made in accordance with the requirements of, and at the times specified by, the Court's Orders and the Rules.

10.     Mattel objects to the Interrogatories on the grounds that they seek the disclosure of information or documents in violation of the terms of agreements or protective orders entered into with third parties, or in violation of the privacy, contractual, or other rights of third parties.

11.     Mattel objects to the Interrogatories on the grounds that the definitions of "MATTEL PRODUCTS" are overbroad, vague and ambiguous and unduly burdensome, including in that it refers to products "sold, marketed or distributed by MATTEL from January 1, to the present" without specifying which January 1 of which year,

12.     Mattel objects to the definition of "MATTEL DOCUMENTS" as vague and ambiguous including in that the full scope of documents, material and trade secrets MGA stole and the other facts necessary to determine all of the documents, material and trade secrets stolen MGA are uniquely known by

- 37 -

1   defendants and by third parties within defendants' control but are not known by

2   Mattel at this juncture because defendants refuse to disclose information to Mattel,

3   to produce information that is the subject of prior Court Orders and pending Mattel

4   motions to enforce and or compel and refusing to appear for deposition.  Mattel

5   further anticipates that defendants and/or additional persons associated with

6   defendants, but who have not yet been deposed or who have not yet been,

7   identified, have knowledge pertinent to determining all of the documents, materials

8   and trade secrets stolen by MGA.

9

10  **MGA'S ARGUMENT:**

11      If the practice of asserting general objections is disallowed, each of Mattel's

12  general objections should also be stricken.  *See* Fed. R. Civ. P. 33(b)(4) (grounds

13  for objecting to an interrogatory must be stated "with specificity");  *A. Farber and*

14  *Partners, Inc. v. Garber*, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or

15  boilerplate objections such as 'overly burdensome and harassing' are improper –

16  especially when a party fails to submit any evidentiary declarations supporting such

17  objections").

18      Despite this standard, Mattel has repeated its general and blanket objections

19  in every single response it has ever provided to MGA.  None of the objections,

20  however, contain specific information concerning the reason each objection is

21  applicable to individual requests.  As such, each of Mattel's general objections

22  should be stricken.

23      More specifically, Mattel's general objections asserting that a request is

24  "unduly burdensome" without specificity are inappropriate.  *See Jackson v.*

25  *Montgomery Ward & Co., Inc.*, 173 F.R.D. 524, 528-29 (D. Nev. 1997)("The party

26  claiming that a discovery request is unduly burdensome must allege specific facts

27  which indicate the nature and extent of the burden, usually by affidavit or other

28  reliable evidence."); *Nagele v. Electronic Data Systems Corp.*, 193 F.R.D. 94, 109

- 38 -

1   (W.D.N.Y. 2000) (overruling "burdensome" objections because objecting party

2   failed to particularize its basis for the objection).

3       With respect to Mattel's general objection to the definitions within this set of

4   requests, aside from conclusory statements, Mattel does not suggest how these

5   definitions are overbroad.  To the contrary, the definitions are intended to assist

6   Mattel to narrow the scope of the requests.

7       The same is true of Mattel's general objection that these requests seek to

8   impose discovery obligations beyond those required or permitted by the Federal

9   Rules of Civil Procedure or that they seek attorney-client or attorney work product

10  information.  MGA has not sought discovery beyond that permitted by the Federal

11  Rules and has merely sought a privilege log identifying those documents that have

12  been withheld on grounds of privilege.  Mattel's objection that the requests call for

13  information protected by the right to privacy as set forth in the United States and/or

14  California Constitutions, or any other applicable law, privilege, immunity, doctrine

15  or other ground of privilege is also nonsense.  The Parties have long ago agreed to a

16  protective order to protect any such information.  For the same reason, Mattel's

17  objection that it will only provide responsive information upon entry of a protective

18  order is also a frivolous objection.  Again, these objections should be stricken.

19      Likewise, Mattel's objection that the requests could seek information which

20  is not relevant to the subject matter of this action or is not reasonably calculated to

21  lead to the discovery of admissible evidence is also indefensible.  Each of the

22  requests is narrowly tailored to address the claims and/or defenses in Phase 2.

23  Moreover, Mattel's general objection has never once identified how these sets of

24  requests, much less individual requests, have sought information not reasonably

25  calculated to lead to discoverable evidence.

26      With respect to Mattel's general objection that the requests seek the

27  production of documents that may be in the possession, custody and control of

28  independent parties over whom Mattel has not control, Mattel has never once

SEP. STATEMENT ISO OPP TO MOT TO STRIKE GENERAL
OBJECTIONS RE JURISDICTION AND RECONSIDERATION OF
PORTIONS OF ORD NO. 70      CV-04-9049 DOC (RNBx)

1    identified a specific instance where this, in fact, has occurred.

2           Finally, Mattel asserts the very objection that it takes issue with in its motion

3    to strike.  That is, Mattel has objected to each request to the extent that it seeks

4    documents or information in the possession, custody or control of a foreign

5    subsidiary of a party.  Certainly, if the objection is stricken from MGA's responses,

6    it must be stricken from Mattel's.

7

8    **XI.   MATTEL'S RESPONSES TO MGAE DE MEXICO'S**

9    **INTERROGATORY NOS. 1-11**

10

11   **GENERAL OBJECTIONS:**

12          1.     Mattel objects to the Interrogatories on the grounds that they

13   seek to impose obligations upon Mattel beyond those imposed by the Federal Rules

14   of Civil Procedure.

15          2.     Mattel objects to the Interrogatories on the grounds and to the

16   extent that they call for the disclosure of information subject to the attorney-client

17   privilege, the attorney work-product doctrine, or any other applicable privilege,

18   including the privilege against disclosure of the identities and work product of

19   consulting experts.  Such information and documents will not be produced.

20          3.     Mattel objects to the Interrogatories on the grounds that they call

21   for production or disclosure of confidential, proprietary and/or private information.

22          Such information and documents will not be disclosed or produced

23   except pursuant to and in reliance upon the operative protective order.

24          4.     Mattel objects to the Interrogatories on the grounds that they

25   seek the disclosure of information or documents that are in the possession, custody

26   and control of independent parties over whom Mattel has no control, including

27   defendants, or are publicly available and hence equally available to all parties to

28   this litigation.

Sep. Statement ISO opp to mot to strike general
objections re jurisdiction and reconsideration of
portions of ord no. 70      CV-04-9049 DOC (RNBx)

5.     Mattel objects to the Interrogatories on the grounds and to the extent that they call for information that is neither relevant to the claims or defenses in the pending action nor reasonably calculated to lead to the discovery of admissible evidence.

6.     Mattel objects to the Interrogatories on the grounds that they are unduly burdensome, compound and oppressive, including in that they (1) purport to require Mattel to identify all facts-which Defendants have refused to do and in conflict with the Court's Orders of February 15, 2008, February 20, 2008, and March 31, 2009, and (2) that they relate to multiple claims and discrete issues.

7.     Mattel further objects to the Interrogatories on the grounds and to the extent that they purport to circumvent the expert disclosure provisions of the Federal and Local Rules.  Such disclosures will be made in accordance with the requirements of, and at the times specified by, the Court's Orders and the Rules.

8.     Mattel objects to the Interrogatories on the grounds and to the extent that they seek the disclosure of information or documents in violation of the terms of agreements or protective orders entered into with third parties, or in violation of the privacy, contractual, or other rights of third parties.

9.     Mattel objects to the Interrogatories on the grounds that they are overbroad and vague and ambiguous, including with respect to the defined terms "IDENTIFY," and "COMMUNICATION."

10.    Mattel objects to the Interrogatories on the grounds that they exceed the number of interrogatories allowed per side and, therefore, are contrary to the Court's and the previous Discovery Master's rulings in this case.

**MGA'S ARGUMENT:**

If the practice of asserting general objections is disallowed, each of Mattel's general objections should also be stricken.  *See* Fed. R. Civ. P. 33(b)(4) (grounds for objecting to an interrogatory must be stated "with specificity"); *A. Farber and*

1   *Partners, Inc. v. Garber*, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or

2   boilerplate objections such as 'overly burdensome and harassing' are improper –

3   especially when a party fails to submit any evidentiary declarations supporting such

4   objections").

5        Despite this standard, Mattel has repeated its general and blanket objections

6   in every single response it has ever provided to MGA.  None of the objections,

7   however, contain specific information concerning the reason each objection is

8   applicable to individual requests.  As such, each of Mattel's general objections

9   should be stricken.

10       More specifically, Mattel's general objections asserting that a request is

11  "unduly burdensome" without specificity are inappropriate.  *See Jackson v.*

12  *Montgomery Ward & Co., Inc.*, 173 F.R.D. 524, 528-29 (D. Nev. 1997)("The party

13  claiming that a discovery request is unduly burdensome must allege specific facts

14  which indicate the nature and extent of the burden, usually by affidavit or other

15  reliable evidence."); *Nagele v. Electronic Data Systems Corp.*, 193 F.R.D. 94, 109

16  (W.D.N.Y. 2000) (overruling "burdensome" objections because objecting party

17  failed to particularize its basis for the objection).

18       With respect to Mattel's general objection to the definitions within this set of

19  requests, aside from conclusory statements, Mattel does not suggest how these

20  definitions are overbroad.  To the contrary, the definitions are intended to assist

21  Mattel to narrow the scope of the requests.

22       The same is true of Mattel's general objection that these requests seek to

23  impose discovery obligations beyond those required or permitted by the Federal

24  Rules of Civil Procedure or that they seek attorney-client or attorney work product

25  information.  MGA has not sought discovery beyond that permitted by the Federal

26  Rules and has merely sought a privilege log identifying those documents that have

27  been withheld on grounds of privilege.  Mattel's objection that the requests call for

28  information protected by the right to privacy as set forth in the United States and/or

1   California Constitutions, or any other applicable law, privilege, immunity, doctrine

2   or other ground of privilege is also nonsense.  The Parties have long ago agreed to a

3   protective order to protect any such information.  For the same reason, Mattel's

4   objection that it will only provide responsive information upon entry of a protective

5   order is also a frivolous objection.  Again, these objections should be stricken.

6        Likewise, Mattel's objection that the requests could seek information which

7   is not relevant to the subject matter of this action or is not reasonably calculated to

8   lead to the discovery of admissible evidence is also indefensible.  Each of the

9   requests is narrowly tailored to address the claims and/or defenses in Phase 2.

10  Moreover, Mattel's general objection has never once identified how these sets of

11  requests, much less individual requests, have sought information not reasonably

12  calculated to lead to discoverable evidence.

13       With respect to Mattel's general objection that the requests seek the

14  production of documents that may be in the possession, custody and control of

15  independent parties over whom Mattel has not control, Mattel has never once

16  identified a specific instance where this, in fact, has occurred.

17       With respect to Mattel's general objection that the request seeks information

18  or documents that are contrary to previous court orders, the objection is vague.

19  Mattel fails to address how any previous court order impacts particular requests.

20       Finally, Mattel asserts the very objection that it takes issue with in its motion

21  to strike.  That is, Mattel has objected to each request to the extent that it seeks

22  documents or information in the possession, custody or control of a foreign

23  subsidiary of a party.  Certainly, if the objection is stricken from MGA's responses,

24  it must be stricken from Mattel's.

25

26

27

28

## XII.   MATTEL'S RESPONSES TO MGA ENTERTAINMENT (HK) LIMITED'S INTERROGATORY NOS. 1-25

**GENERAL OBJECTIONS:**

1.      Mattel objects to the Interrogatories on the grounds that they seek to impose obligations upon Mattel beyond those imposed by the Federal Rules of Civil Procedure.

2.      Mattel objects to the Interrogatories on the grounds and to the extent that they call for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege, including the privilege against disclosure of the identities and work product of consulting experts.  Such information and documents will not be produced.

3.      Mattel objects to the Interrogatories on the grounds that they call for production or disclosure of confidential, proprietary and/or private information.
Such information and documents will not be disclosed or produced except pursuant to and in reliance upon the operative protective order.

4.      Mattel objects to the Interrogatories on the grounds that they seek the disclosure of information or documents that are in the possession, custody and control of independent parties over whom Mattel has no control, including defendants, or are publicly available and hence equally available to all parties to this litigation.

5.      Mattel objects to the Interrogatories on the grounds and to the extent that they call for information that is neither relevant to the claims or defenses in the pending action nor reasonably calculated to lead to the discovery of admissible evidence.

6.      Mattel objects to the Interrogatories on the grounds that they are unduly burdensome, compound and oppressive, including in that they (1) purport to require Mattel to identify all facts-which Defendants have refused to do and in

- 44 -

Sep. Statement ISO Opp to Mot to Strike General
Objections re Jurisdiction and Reconsideration of
Portions of Ord No. 70    CV-04-9049 DOC (RNBx)

1   conflict with the Court's Orders of February 15, 2008, February 20, 2008, and

2   March 31, 2009, and (2) that they relate to multiple claims and discrete issues.

3       7.      Mattel further objects to the Interrogatories on the grounds and

4   to the extent that they purport to circumvent the expert disclosure provisions of the

5   Federal and Local Rules.  Such disclosures will be made in accordance with the

6   requirements of, and at the times specified by, the Court's Orders and the Rules.

7       8.      Mattel objects to the Interrogatories on the grounds and to the

8   extent that they seek the disclosure of information or documents in violation of the

9   terms of agreements or protective orders entered into with third parties, or in

10  violation of the privacy, contractual, or other rights of third parties.

11      9.      Mattel objects to the Interrogatories on the grounds that they are

12  overbroad and vague and ambiguous, including with respect to the defined terms

13  "IDENTIFY," and "COMMUNICATION."

14      10.     Mattel objects to the Interrogatories on the grounds that they

15  exceed the number of interrogatories allowed per side and, therefore, are contrary to

16  the Court's and the previous Discovery Master's rulings in this case.

17

18  **MGA'S ARGUMENT:**

19      If the practice of asserting general objections is disallowed, each of Mattel's

20  general objections should also be stricken.  *See* Fed. R. Civ. P. 33(b)(4) (grounds

21  for objecting to an interrogatory must be stated "with specificity");  *A. Farber and*

22  *Partners, Inc. v. Garber*, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or

23  boilerplate objections such as 'overly burdensome and harassing' are improper –

24  especially when a party fails to submit any evidentiary declarations supporting such

25  objections").

26      Despite this standard, Mattel has repeated its general and blanket objections

27  in every single response it has ever provided to MGA.  None of the objections,

28  however, contain specific information concerning the reason each objection is

- 45 -

1  applicable to individual requests.  As such, each of Mattel's general objections

2  should be stricken.

3      More specifically, Mattel's general objections asserting that a request is

4  "unduly burdensome" without specificity are inappropriate.  *See Jackson v.*

5  *Montgomery Ward & Co., Inc.*, 173 F.R.D. 524, 528-29 (D. Nev. 1997)("The party

6  claiming that a discovery request is unduly burdensome must allege specific facts

7  which indicate the nature and extent of the burden, usually by affidavit or other

8  reliable evidence."); *Nagele v. Electronic Data Systems Corp.*, 193 F.R.D. 94, 109

9  (W.D.N.Y. 2000) (overruling "burdensome" objections because objecting party

10  failed to particularize its basis for the objection).

11      With respect to Mattel's general objection to the definitions within this set of

12  requests, aside from conclusory statements, Mattel does not suggest how these

13  definitions are overbroad.  To the contrary, the definitions are intended to assist

14  Mattel to narrow the scope of the requests.

15      The same is true of Mattel's general objection that these requests seek to

16  impose discovery obligations beyond those required or permitted by the Federal

17  Rules of Civil Procedure or that they seek attorney-client or attorney work product

18  information.  MGA has not sought discovery beyond that permitted by the Federal

19  Rules and has merely sought a privilege log identifying those documents that have

20  been withheld on grounds of privilege.  Mattel's objection that the requests call for

21  information protected by the right to privacy as set forth in the United States and/or

22  California Constitutions, or any other applicable law, privilege, immunity, doctrine

23  or other ground of privilege is also nonsense.  The Parties have long ago agreed to a

24  protective order to protect any such information.  For the same reason, Mattel's

25  objection that it will only provide responsive information upon entry of a protective

26  order is also a frivolous objection.  Again, these objections should be stricken.

27      Likewise, Mattel's objection that the requests could seek information which

28  is not relevant to the subject matter of this action or is not reasonably calculated to

- 46 -

1    lead to the discovery of admissible evidence is also indefensible.  Each of the

2    requests is narrowly tailored to address the claims and/or defenses in Phase 2.

3    Moreover, Mattel's general objection has never once identified how these sets of

4    requests, much less individual requests, have sought information not reasonably

5    calculated to lead to discoverable evidence.

6         With respect to Mattel's general objection that the requests seek the

7    production of documents that may be in the possession, custody and control of

8    independent parties over whom Mattel has not control, Mattel has never once

9    identified a specific instance where this, in fact, has occurred.

10        With respect to Mattel's general objection that the request seeks information

11   or documents that are contrary to previous court orders, the objection is vague.

12   Mattel fails to address how any previous court order impacts particular requests.

13        Finally, Mattel asserts the very objection that it takes issue with in its motion

14   to strike.  That is, Mattel has objected to each request to the extent that it seeks

15   documents or information in the possession, custody or control of a foreign

16   subsidiary of a party.  Certainly, if the objection is stricken from MGA's responses,

17   it must be stricken from Mattel's.

18

19   **XIII. SUPPLEMENTAL OBJECTIONS AND RESPONSES OF MATTEL,**

20        **INC.'S TO MGA ENTERTAINMENT, INC.'S FIRST SET OF PHASE**

21        **2 INTERROGATORIES**

22

23   **GENERAL OBJECTIONS:**

24        1.     Mattel objects to the Interrogatories on the grounds that the

25   defendants have exceeded the limit on the number of Interrogatories they may

26   properly serve on Mattel leave of the Court, which defendants have neither sought

27   nor obtained.

28        2.     Mattel objects to the Interrogatories on the grounds that they

- 47 -

1   seek to impose obligations upon Mattel beyond those imposed by the Federal Rules

2   of Civil Procedure.  In particular, MGA's Instructions purport to require that if

3   Mattel cannot completely answer the interrogatory after making diligent efforts to

4   do so, Mattel must "describe in detail all efforts made to answer the interrogatory;

5   identify every PERSON involved in such efforts; and state the additional

6   information YOU need, if any, to respond completely to the interrogatory."  The

7   Federal Rules of Civil Procedure impose no such requirements.

8           3.      Mattel objects to the Requests on the grounds and to the extent

9   that they are unduly burdensome, premature and vague and ambiguous in that the

10  full scope of material and other trade secrets MGA stole and the other facts

11  necessary to answer the Requests are uniquely known by defendants and by third

12  parties within defendants' control, but are not known by Mattel at this juncture

13  because defendants refuse to disclose information to Mattel, including by refusing

14  to produce information that is the subject of prior Court Orders and pending Mattel

15  motions to enforce and/or compel and by refusing to appear for deposition. Mattel

16  further anticipates that defendants and/or additional persons associated with

17  defendants, but who have not yet been deposed or who have not yet been identified,

18  have knowledge pertinent to the topics that are the subject of the Requests.

19          4.      Mattel objects to the Interrogatories on the grounds that they call

20  for the disclosure of information subject to the attorney-client privilege, the

21  attorney work-product doctrine, or any other applicable privilege, including the

22  privilege against disclosure of the identities and work product of consulting experts.

23  Such information and documents will not be produced.

24          5.      Mattel objects to the Interrogatories on the grounds that they call

25  for production or disclosure of confidential, proprietary and/or private information.

26  Such information and documents will not be disclosed or produced except pursuant

27  to and in reliance upon the operative protective order.

28          6.      Mattel objects to the Interrogatories on the grounds that they

- 48 -

SEP. STATEMENT ISO OPP TO MOT TO STRIKE GENERAL
OBJECTIONS RE JURISDICTION AND RECONSIDERATION OF
PORTIONS OF ORD NO. 70    CV-04-9049 DOC (RNBx)

1   seek We disclosure of information or documents that are in the possession, custody

2   and control of independent parties over whom Mattel has no control, and seek the

3   disclosure of information or document, that are in the possession, custody and

4   control of defendant MGA or are publicly available and hence equally available to

5   all parties to this litigation.

6          7.    Mattel objects to the Interrogatories on the grounds that they call

7   for information that is neither relevant to the claims or defenses in the pending

8   action nor reasonably calculated to lead to the discovery of admissible evidence.

9          8.    Mattel objects to the Interrogatories on the grounds that they are

10  unduly burdensome and oppressive.

11         9.    Mattel further objects to the Interrogatories on the grounds that

12  they purport to circumvent the expert disclosure provisions of the Federal and Local

13  Rules.  Such disclosures will be made in accordance with the requirements of, and

14  at the times specified by, the Court's Orders and the Rules.

15        10.    Mattel objects to the Interrogatories on the grounds that they

16  seek the disclosure of information or documents in violation of the terms of

17  agreements or protective orders entered into with third parties, or in violation of the

18  privacy, contractual, or other rights of third parties.

19        11.    Mattel objects to the Interrogatories on the grounds that the

20  definitions of "MATTEL PRODUCTS" are overbroad, vague and ambiguous and

21  unduly burdensome, including in that it refers to products "sold, marketed or

22  distributed by MATTEL from January 1, to the present" without specifying which

23  January 1 of which year,

24        12.    Mattel objects to the definition of "MATTEL DOCUMENTS"

25  as vague and ambiguous including in that the full scope of documents, material and

26  trade secrets MGA stole and the other facts necessary to determine all of the

27  documents, material and trade secrets stolen MGA are uniquely known by

28  defendants and by third parties within defendants' control but are not known by

- 49 -

1  Mattel at this juncture because defendants refuse to disclose information to Mattel,

2  to produce information that is the subject of prior Court Orders and pending Mattel

3  motions to enforce and or compel and refusing to appear for deposition.  Mattel

4  further anticipates that defendants and/or additional persons associated with

5  defendants, but who have not yet been deposed or who have not yet been,

6  identified, have knowledge pertinent to determining all of the documents, materials

7  and trade secrets stolen by MGA.

8

9  **MGA'S ARGUMENT:**

10  If the practice of asserting general objections is disallowed, each of Mattel's

11  general objections should also be stricken.  *See* Fed. R. Civ. P. 33(b)(4) (grounds

12  for objecting to an interrogatory must be stated "with specificity");  *A. Farber and*

13  *Partners, Inc. v. Garber*, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or

14  boilerplate objections such as 'overly burdensome and harassing' are improper –

15  especially when a party fails to submit any evidentiary declarations supporting such

16  objections").

17  Despite this standard, Mattel has repeated its general and blanket objections

18  in every single response it has ever provided to MGA.  None of the objections,

19  however, contain specific information concerning the reason each objection is

20  applicable to individual requests.  As such, each of Mattel's general objections

21  should be stricken.

22  More specifically, Mattel's general objections asserting that a request is

23  "unduly burdensome" without specificity are inappropriate.  *See Jackson v.*

24  *Montgomery Ward & Co., Inc.*, 173 F.R.D. 524, 528-29 (D. Nev. 1997)("The party

25  claiming that a discovery request is unduly burdensome must allege specific facts

26  which indicate the nature and extent of the burden, usually by affidavit or other

27  reliable evidence."); *Nagele v. Electronic Data Systems Corp.*, 193 F.R.D. 94, 109

28  (W.D.N.Y. 2000) (overruling "burdensome" objections because objecting party

- 50 -

1    failed to particularize its basis for the objection).

2         With respect to Mattel's general objection to the definitions within this set of

3    requests, aside from conclusory statements, Mattel does not suggest how these

4    definitions are overbroad.  To the contrary, the definitions are intended to assist

5    Mattel to narrow the scope of the requests.

6         The same is true of Mattel's general objection that these requests seek to

7    impose discovery obligations beyond those required or permitted by the Federal

8    Rules of Civil Procedure or that they seek attorney-client or attorney work product

9    information.  MGA has not sought discovery beyond that permitted by the Federal

10   Rules and has merely sought a privilege log identifying those documents that have

11   been withheld on grounds of privilege.  Mattel's objection that the requests call for

12   information protected by the right to privacy as set forth in the United States and/or

13   California Constitutions, or any other applicable law, privilege, immunity, doctrine

14   or other ground of privilege is also nonsense.  The Parties have long ago agreed to a

15   protective order to protect any such information.  For the same reason, Mattel's

16   objection that it will only provide responsive information upon entry of a protective

17   order is also a frivolous objection.  Again, these objections should be stricken.

18        Likewise, Mattel's objection that the requests could seek information which

19   is not relevant to the subject matter of this action or is not reasonably calculated to

20   lead to the discovery of admissible evidence is also indefensible.  Each of the

21   requests is narrowly tailored to address the claims and/or defenses in Phase 2.

22   Moreover, Mattel's general objection has never once identified how these sets of

23   requests, much less individual requests, have sought information not reasonably

24   calculated to lead to discoverable evidence.

25        With respect to Mattel's general objection that the requests seek the

26   production of documents that may be in the possession, custody and control of

27   independent parties over whom Mattel has not control, Mattel has never once

28   identified a specific instance where this, in fact, has occurred.

- 51 -

Finally, Mattel asserts the very objection that it takes issue with in its motion to strike. That is, Mattel has objected to each request to the extent that it seeks documents or information in the possession, custody or control of a foreign subsidiary of a party. Certainly, if the objection is stricken from MGA's responses, it must be stricken from Mattel's.

## XIV. CORRECTED SUPPLEMENTAL OBJECTIONS AND RESPONSES OF MATTEL, INC.'S TO MGA ENTERTAINMENT, INC.'S FIRST SET OF PHASE 2 INTERROGATORIES

## GENERAL OBJECTIONS:

1.     Mattel objects to the Interrogatories on the grounds that the defendants have exceeded the limit on the number of Interrogatories they may properly serve on Mattel leave of the Court, which defendants have neither sought nor obtained.

2.     Mattel objects to the Interrogatories on the grounds that they seek to impose obligations upon Mattel beyond those imposed by the Federal Rules of Civil Procedure. In particular, MGA's Instructions purport to require that if Mattel cannot completely answer the interrogatory after making diligent efforts to do so, Mattel must "describe in detail all efforts made to answer the interrogatory; identify every PERSON involved in such efforts; and state the additional information YOU need, if any, to respond completely to the interrogatory." The Federal Rules of Civil Procedure impose no such requirements.

3.     Mattel objects to the Requests on the grounds and to the extent that they are unduly burdensome, premature and vague and ambiguous in that the full scope of material and other trade secrets MGA stole and the other facts necessary to answer the Requests are uniquely known by defendants and by third parties within defendants' control, but are not known by Mattel at this juncture

1   because defendants refuse to disclose information to Mattel, including by refusing

2   to produce information that is the subject of prior Court Orders and pending Mattel

3   motions to enforce and/or compel and by refusing to appear for deposition. Mattel

4   further anticipates that defendants and/or additional persons associated with

5   defendants, but who have not yet been deposed or who have not yet been identified,

6   have knowledge pertinent to the topics that are the subject of the Requests.

7          4.     Mattel objects to the Interrogatories on the grounds that they call

8   for the disclosure of information subject to the attorney-client privilege, the

9   attorney work-product doctrine, or any other applicable privilege, including the

10  privilege against disclosure of the identities and work product of consulting experts.

11  Such information and documents will not be produced.

12         5.     Mattel objects to the Interrogatories on the grounds that they call

13  for production or disclosure of confidential, proprietary and/or private information.

14  Such information and documents will not be disclosed or produced except pursuant

15  to and in reliance upon the operative protective order.

16         6.     Mattel objects to the Interrogatories on the grounds that they

17  seek We disclosure of information or documents that are in the possession, custody

18  and control of independent parties over whom Mattel has no control, and seek the

19  disclosure of information or document, that are in the possession, custody and

20  control of defendant MGA or are publicly available and hence equally available to

21  all parties to this litigation.

22         7.     Mattel objects to the Interrogatories on the grounds that they call

23  for information that is neither relevant to the claims or defenses in the pending

24  action nor reasonably calculated to lead to the discovery of admissible evidence.

25         8.     Mattel objects to the Interrogatories on the grounds that they are

26  unduly burdensome and oppressive.

27         9.     Mattel further objects to the Interrogatories on the grounds that

28  they purport to circumvent the expert disclosure provisions of the Federal and Local

- 53 -

1    Rules.  Such disclosures will be made in accordance with the requirements of, and

2    at the times specified by, the Court's Orders and the Rules.

3         10.    Mattel objects to the Interrogatories on the grounds that they

4    seek the disclosure of information or documents in violation of the terms of

5    agreements or protective orders entered into with third parties, or in violation of the

6    privacy, contractual, or other rights of third parties.

7         11.    Mattel objects to the Interrogatories on the grounds that the

8    definitions of "MATTEL PRODUCTS" are overbroad, vague and ambiguous and

9    unduly burdensome, including in that it refers to products "sold, marketed or

10   distributed by MATTEL from January 1, to the present" without specifying which

11   January 1 of which year,

12        12.    Mattel objects to the definition of "MATTEL DOCUMENTS"

13   as vague and ambiguous including in that the full scope of documents, material and

14   trade secrets MGA stole and the other facts necessary to determine all of the

15   documents, material and trade secrets stolen MGA are uniquely known by

16   defendants and by third parties within defendants' control but are not known by

17   Mattel at this juncture because defendants refuse to disclose information to Mattel,

18   to produce information that is the subject of prior Court Orders and pending Mattel

19   motions to enforce and or compel and refusing to appear for deposition.  Mattel

20   further anticipates that defendants and/or additional persons associated with

21   defendants, but who have not yet been deposed or who have not yet been,

22   identified, have knowledge pertinent to determining all of the documents, materials

23   and trade secrets stolen by MGA.

24

25   **MGA'S ARGUMENT:**

26        If the practice of asserting general objections is disallowed, each of Mattel's

27   general objections should also be stricken.  *See* Fed. R. Civ. P. 33(b)(4) (grounds

28   for objecting to an interrogatory must be stated "with specificity");  *A. Farber and*

- 54 -

1   *Partners, Inc. v. Garber*, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or

2   boilerplate objections such as 'overly burdensome and harassing' are improper –

3   especially when a party fails to submit any evidentiary declarations supporting such

4   objections").

5       Despite this standard, Mattel has repeated its general and blanket objections

6   in every single response it has ever provided to MGA.  None of the objections,

7   however, contain specific information concerning the reason each objection is

8   applicable to individual requests.  As such, each of Mattel's general objections

9   should be stricken.

10       More specifically, Mattel's general objections asserting that a request is

11   "unduly burdensome" without specificity are inappropriate.  *See Jackson v.*

12   *Montgomery Ward & Co., Inc.*, 173 F.R.D. 524, 528-29 (D. Nev. 1997)("The party

13   claiming that a discovery request is unduly burdensome must allege specific facts

14   which indicate the nature and extent of the burden, usually by affidavit or other

15   reliable evidence."); *Nagele v. Electronic Data Systems Corp.*, 193 F.R.D. 94, 109

16   (W.D.N.Y. 2000) (overruling "burdensome" objections because objecting party

17   failed to particularize its basis for the objection).

18       With respect to Mattel's general objection to the definitions within this set of

19   requests, aside from conclusory statements, Mattel does not suggest how these

20   definitions are overbroad.  To the contrary, the definitions are intended to assist

21   Mattel to narrow the scope of the requests.

22       The same is true of Mattel's general objection that these requests seek to

23   impose discovery obligations beyond those required or permitted by the Federal

24   Rules of Civil Procedure or that they seek attorney-client or attorney work product

25   information.  MGA has not sought discovery beyond that permitted by the Federal

26   Rules and has merely sought a privilege log identifying those documents that have

27   been withheld on grounds of privilege.  Mattel's objection that the requests call for

28   information protected by the right to privacy as set forth in the United States and/or

- 55 -

California Constitutions, or any other applicable law, privilege, immunity, doctrine or other ground of privilege is also nonsense. The Parties have long ago agreed to a protective order to protect any such information. For the same reason, Mattel's objection that it will only provide responsive information upon entry of a protective order is also a frivolous objection. Again, these objections should be stricken.

Likewise, Mattel's objection that the requests could seek information which is not relevant to the subject matter of this action or is not reasonably calculated to lead to the discovery of admissible evidence is also indefensible. Each of the requests is narrowly tailored to address the claims and/or defenses in Phase 2. Moreover, Mattel's general objection has never once identified how these sets of requests, much less individual requests, have sought information not reasonably calculated to lead to discoverable evidence.

With respect to Mattel's general objection that the requests seek the production of documents that may be in the possession, custody and control of independent parties over whom Mattel has not control, Mattel has never once identified a specific instance where this, in fact, has occurred.

With respect to Mattel's general objection that the request seeks information or documents that are contrary to previous court orders, the objection is vague. Mattel fails to address how any previous court order impacts particular requests.

Finally, Mattel asserts the very objection that it takes issue with in its motion to strike. That is, Mattel has objected to each request to the extent that it seeks documents or information in the possession, custody or control of a foreign subsidiary of a party. Certainly, if the objection is stricken from MGA's responses, it must be stricken from Mattel's.

- 56 -

1    Dated:  November 13, 2009          ORRICK, HERRINGTON & SUTCLIFFE LLP

2

3                                        By: _____

4                                              William A. Molinski

5                                        Attorneys for MGA ENTERTAINMENT, INC.,
                                         MGA ENTERTAINMENT HK, LTD., MGA de
6                                        MEXICO, S.R.L. de C.V., and ISAAC LARIAN

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SEP. STATEMENT ISO OPP TO MOT TO STRIKE GENERAL
OBJECTIONS RE JURISDICTION AND RECONSIDERATION OF
PORTIONS OF ORD NO. 70      CV-04-9049 DOC (RNBx)