MELINDA HAAG (State Bar No. 132612)
mhaag@orrick.com
ANNETTE L. HURST (State Bar No. 148738)
ahurst@orrick.com
WARRINGTON S. PARKER III (State Bar No. 148003)
wparker@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building, 405 Howard Street
San Francisco, CA 94105
Tel. (415) 773-5700/ Fax: (415) 773-5759

WILLIAM A. MOLINSKI (State Bar No. 145186)
wmolinski@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA 90017
Tel. (213) 629-2020/Fax: (213) 612-2499

THOMAS S. MCCONVILLE (State Bar No. 155905)
tmcconville@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
4 Park Plaza, Suite 1600
Irvine, CA 92614-2258
Tel: (949) 567-6700/Fax: (949) 567-6710

Attorneys for MGA Parties

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS<br><br>[**PUBLIC REDACTED VERSION**] | Case No. CV 04-9049-DOC (RNBx)<br>Consolidated with: Case No. CV 04-9059 and Case No. CV 05-2727<br><br>**DISCOVERY MATTER**<br>[To Be Heard by Discovery Master Robert O'Brien]<br><br>**MGA'S REPLY IN SUPPORT OF MOTION TO CONFIRM OR COMPEL COMPLIANCE WITH THE DISCOVERY MASTER'S MAY 22, 2007 ORDER COMPELLING PRODUCTION OF DOCUMENTS AND FOR SANCTIONS**<br><br>Date: TBD<br>Time: TBD<br>Courtroom: TBD<br><br>**Phase 2**<br>Discovery Cutoff: June 1, 2010<br>Pretrial Conference: None Set<br>Trial Date: None Set |

# INTRODUCTION

Mattel's Opposition to MGA's Motion to Confirm or Compel Compliance seeks to obscure the plain fact that the requests are relevant and Mattel has not complied by (1) grossly mischaracterizing the parties' meet and confer efforts, (2) conflating the Requests at Issue with requests that have nothing to do with MGA's Motion, and (3) for the first time stating that its production is complete and labeling MGA's Motion as a request for "certification."  Behind the smoke and mirrors, however, is Mattel's concession that each of the Requests at Issue is relevant to Phase 2 and therefore seeks discoverable information, and the fact that Mattel did not confirm production during meet and confer despite its misrepresentations of the record.  In fact, Mattel now claims *for the very first time* that it is in compliance with the May 22, 2007 Order.  If true, Mattel's failure to demonstrate to MGA that it is currently in compliance during meet and confer is itself sufficient to warrant sanctions for needlessly necessitating the present motion practice.  But worse, and as detailed below, Mattel's rhetoric of compliance is cast in serious doubt by glaring deficiencies in the custodians from which it has searched and produced.  Mattel should be ordered to produce by a date certain and sanctioned for necessitating the filing of this Motion.

# ARGUMENT

## I. MATTEL OBFUSCATES THAT IT *DID NOT* CONFIRM THAT IT IS IN COMPLIANCE DURING MEET AND CONFER.

MGA's Motion to Confirm or Compel Compliance ("Motion" or "Mot.") involves fifteen (15) specific requests served during Phase 1 that the prior Discovery Master explicitly found to be relevant to Phase 2 issues and ordered Mattel to produce documents responsive to them.[1]  On August 25, 2009, MGA sent

---

[1] In line with its strategy of seeking to avoid production in connection with MGA's affirmative claims and defenses through whatever means possible, Mattel conflates these requests with the 900 requests subject to an entirely different currently pending motion to compel (in response to which Mattel's production is *also* seriously deficient; see MGA's Motion to Compel Further Responses to Requests For Production, Dkt. # 6816).

1  a meet and confer letter regarding these fifteen (15) specific requests (Molinski
2  Decl. Ex. E) and Mattel responded on August 27 in a non-responsive manner
3  typical of its efforts to stall and delay (Molinski Decl. Ex. F).  Mattel did not
4  confirm that it is currently in compliance with the May 22, 2007 Order.  This was
5  the final straw necessitating this motion, which occurred *after* the meet and confer
6  efforts on which Mattel relies.

7  In its Opposition to MGA's Motion to Confirm or Compel Compliance
8  ("Opposition" or "Opp.") Mattel claims that during the earlier call on August 19,
9  2009 it "specifically confirmed" its compliance with the May 22, 2007 Order.  Opp.
10  at 2:14-3:1.  This statement is false.  In fact, when MGA sought to confirm such
11  compliance on that date, Mattel's counsel told MGA to provide a list of such
12  requests and stated that *only then* would Mattel confirm whether or not it was
13  withholding any documents.  Molinski Decl. at ¶5-6.  Indeed, if Mattel had
14  confirmed compliance, MGA would not have needed to send its August 25, 2009
15  letter identifying requests that Mattel had been compelled to produce but of which it
16  had not confirmed its production.[2]  Molinski Decl. Ex. E at 84-85.

17  In its August 25, 2009 letter, MGA sought confirmation that no responsive
18  documents are being withheld with regard to two sets of RFPs subject to two prior
19  court orders – (1) the fifteen (15) Requests at Issue in this Motion, served in the
20  case numbered 04-9049 and subject to the May 22, 2007 Order, and; (2)
21  approximately twenty-five (25) RFPs served in the case numbered 04-9059 and
22  subject to a September 12, 2007 Order, which are *not* at issue in this Motion.
23  Molinski Decl. Ex. E at 84-85.

24  Mattel's non-responsive letter arrived on August 27, 2009, once again
25  refusing to confirm production as to any of the Requests at Issue despite its earlier

---

[2] In his declaration, Mr. Webster also incorrectly states that MGA declined to identify requests subject to prior orders in response to which it sought to confirm compliance.  Webster Decl. ¶ 10.  To the contrary, MGA did send such a letter, which Mr. Webster attaches to his declaration.  Webster Decl. Ex. 10.

assurances, and asking MGA again to show relevance to Phase 2 (a showing that is clear on the face of the May 22, 2007 Order). Molinski Dec. Ex. F at 86. Mattel also directed MGA to Mattel's Third Supplemental Responses to MGA's First Set of Requests for Production of Documents and Things and does so again in its Opposition. *Id*.; Opp. at 4, n.16. As the letter states, these responses were served after the *September 12, 2007* Order and pertained to those requests, not the May 22, 2007 Order and the Requests at Issue. Accordingly, Mattel's supplemental responses and purported "compliance" had nothing to do with the Requests at Issue in this Motion, and instead dealt with an entirely different set of requests, served in the case numbered 05-9059, and subject to an entirely different motion to compel. Dart Decl. Ex. 2. While it is unclear whether Mattel's confusion as to requests and orders is malicious or careless, it is clear that Mattel should be compelled to comply with the May 22, 2007 Order.

## II. MATTEL'S CUSTODIAL DATA BELIES ITS REPRESENTATION THAT IT IS IN COMPLIANCE WITH THE MAY 22, 2007 ORDER.

For the first time, Mattel now represents that it "has already complied with [the May 22, 2007] Order," and apparently expects MGA to conclude from this that it is in current compliance. Opp. at 1:4-5. Not only is Mattel's confirmation late, but a review of the custodial information provided by Mattel casts serious doubt on Mattel's collection and production efforts in compliance with the Order. In fact, the custodial information shows that *no documents* have been produced from custodians that would be expected to have information responsive to the Requests at Issue.

[redacted]

1  ██████████████████████████████████████████████████████████████
2  ██████████████████████████████████████████████████████████████
3  ████████████████████████████████████████████████████████████
4  ██████████████████████████████████████████████████████████████
5  ████████████████████████████████████████████████████████████
6  ████████████████████████████████████████████████████████████
7  ██████████████████████████████████████████████████████████
8  ██████████████████████████████████████████████████████████████
9  ████████████████████████████████████████████████████████████
10        ████████████████████████████████████████████████████
11 ██████████████████████████████████████████████████████████████
12 ██████████████████████████████████████████████████████████████
13 ████████████████████████████████████████████████████████████
14 ██████████████████████████████████████████████████████████████
15 ██████████████████████████████████████████████████████████████
16 ████████████████████████████████████████████████████████████

17     The positions they have held at Mattel and these facts demonstrate that ███
18 ████████████████████████████ are custodians who are reasonably likely to
19 possess information responsive to at least Request Nos. 64, 65, 66 and 67, which
20 seek information relevant to MGA's allegations that Mattel interfered with its
21 business dealings.  Molinski Decl. Ex. A at 26-27.  Yet Mattel's custodial data
22 indicates that *not a single document* has been produced from their custody,
23 indicating Mattel's failure to conduct a reasonable search, failure to produce, or
24 both.  DuBois Decl. Ex. A.
25     To take another example, ████████████████████████████████ have been
26 identified by MGA as being involved in tampering with MGA's retail displays and
27 replacing favorably-placed MGA merchandise with Mattel merchandise.  ███
28 ██████████████████████████████████████████████████████████████

- 4 -

MGA'S REPLY ISO MOTION TO CONFIRM OR COMPEL
COMPLIANCE WITH MAY 22, 2007 ORDER
CV 04-09049 DOC (RNBx)

1
2
3
4
5 ███████████████████████████████ are custodians that Mattel should
6 have searched in compliance with its obligation to produce information responsive
7 to at least Request Nos. 32, 33, and 61, which seek information relevant to MGA's
8 allegation that Mattel merchandisers have been caught tampering with MGA's retail
9 displays. Molinski Decl. Ex. A at 20, 25-26. Yet Mattel's custodial data indicates
10 that no documents were produced from the custody of ████████████████
11 ████████ DuBois Decl. Ex. A.
12   Mattel's custodial data for these employees can be summarized as follows:



21
22 DuBois Decl. Ex. A. The fact that Mattel has not produced a single document from
23 these custodians belies Mattel's apparent representation that it has conducted an
24 adequate search and production, or that its search and production are current, in
25 compliance with the May 22, 2007 Order.

### III. PRIOR ORDERS ARE INAPPLICABLE AND MATTEL SHOULD BE COMPELLED TO COMPLY.

27 The May 22, 2007 Order is now nearly a year and a half old, yet the
28 documents sought by the Requests at Issue are just becoming ripe in connection

- 5 -

MGA'S REPLY ISO MOTION TO CONFIRM OR COMPEL COMPLIANCE WITH MAY 22, 2007 ORDER
CV 04-09049 DOC (RNBx)

1  with MGA's Phase 2 claims and defenses.  This is essentially a whole new case,
2  with a new discovery cutoff, a new trial date, and new production obligations.  In
3  this Phase, MGA's claims that Mattel engaged in a wide variety of unfair trade
4  practices will be heard for the first time.  Fearing exposure, it is no wonder that
5  Mattel is pulling out all the stops to avoid production of documents relating to
6  MGA's claims.  Mattel's analogy to Phase 1 orders by the prior Discovery Master
7  in support of its argument that it need not "certify" its Phase 1 production (Opp. at
8  5) is misplaced for a number of reasons.

9       First, in the May 16, 2007 Order the prior Discovery Master found that "the
10  requested relief is beyond the scope of the January 2007 Order" (Dart Decl. Ex. 4 at
11  52) insofar as the January 2007 Order related to requests that were narrower than
12  the relief sought by MGA in May 2007 through certification.[3]  In contrast, here
13  MGA seeks an order compelling compliance with the May 22, 2007 Order, and
14  nothing more.  Moreover, Mattel had "explained all of the alleged deficiencies in its
15  document production" and "represented that Mattel has conducted a reasonable
16  search" (Dart Decl. Ex. 4 at 53), which is not the case in connection with the instant
17  Motion.

18       Second, Mattel's reliance on the April 2008 Order (Opp. at 5) is unfounded
19  because Mattel has not attested to the scope of its discovery efforts in Phase 2 as it
20  did in Phase 1, and its Phase 1 efforts are inadequate in Phase 2.  The April 2008
21  order was issued during the stay of Phase 2 discovery, and considered Mattel's
22  production in light of the Phase 1 claims and defenses.  Specifically, the April 2008
23  Order lists the searches that Mattel conducted, including the hard drives and
24  mailboxes of thirty-one identified employees.  Dart Decl. Ex. 5 at 60-61.  At least
25  ███████████████████████████████████ that MGA alleges engaged in unfair
26  competition are absent from this list.  *Compare id. with* MGA's Response to Mattel,

---

[3] The January 2007 Order compelled production of documents relating to the 2002 Anonymous Letter and investigation, whereas in May 2007 MGA sought certification relating to other investigations. Dart Decl. Ex. 4 at 52.

Inc.'s Amended Supplemental Interrogatory Regarding Defendants' Affirmative Defenses, Supp. Somasekar Decl. Ex. B at 38.[4] This clearly shows that the sources of relevant information and the search techniques deemed appropriate in Phase 1 are not *ipso facto* sufficient to satisfy Mattel's discovery obligations in Phase 2, thereby demonstrating the need for confirming continued compliance in Phase 2.

Finally, the orders cited by Mattel involved certification of Phase 1 orders in Phase 1. In contrast, the parties are now in Phase 2 and it is nearly a year and a half later. As a result, this is essentially a renewed motion to compel in light of the fact that Mattel has failed to provide adequate responses during meet and confer efforts in Phase 2. Semantics should not preclude MGA from obtaining discovery on its claims.

Notably, Mattel does not cite to a single case for its contention that MGA's requested relief is unwarranted, relying only on these two orders of the prior Discovery Master. As shown, these orders are inapplicable and cannot shield Mattel from production regarding its unfair business practices.

## IV. **MATTEL SHOULD BE SANCTIONED.**

This Motion was necessitated by Mattel's stubborn refusal to confirm that it is currently in compliance with the 15 Requests at Issue. Whether careless or deliberate, Mattel cannot seem to keep track of discovery requests and orders in this proceeding, and MGA should not have to bear the cost. Mattel's current claim that it did in fact confirm its compliance is simply false, as the meet and confer record demonstrates. If Mattel's current claim to have fully produced in compliance with the prior Discovery Master's May 22, 2007 Order is true and Mattel had made an effort to engage in a meaningful dialogue regarding its purported "compliance," this Motion could have been avoided. If, as the custodial information indicates, Mattel

---

[4] [redacted]

1 | has not conducted a reasonable search and production, then Mattel is in violation of
2 | the Order. Either way, this Motion is the product of Mattel's unwarranted behavior,
3 | and sanctions are appropriate.

## CONCLUSION

For the foregoing reasons, those articulated in MGA's Motion and supporting documents, its Separate Statement, and any arguments presented during oral argument, MGA's Motion should be granted, and Mattel should be ordered to comply with the May 22, 2007 Order by producing all responsive documents and a privilege log by a date certain. Mattel also should be sanctioned for necessitating this wasteful motion practice.

Dated: November 13, 2009        ORRICK, HERRINGTON & SUTCLIFFE LLP

By: /s/ Diana M. Rutowski
    Diana M. Rutowski
    Attorneys for MGA Parties