**EXHIBIT 4**



ORRICK, HERRINGTON & SUTCLIFFE LLP
THE ORRICK BUILDING
405 HOWARD STREET
SAN FRANCISCO, CA 94105-2669

tel 415-773-5700
fax 415-773-5759
WWW.ORRICK.COM

September 11, 2009

Annette L. Hurst
(415) 773-4585
ahurst@orrick.com

*VIA EMAIL AND OVERNIGHT FEDERAL EXPRESS*

### *IN CAMERA* SUBMISSION PURSUANT TO ORDER NO. 50

Robert C. O'Brien, Esq.
555 West Fifth Street, 48th Floor
Los Angeles, CA 90013-1065

Re:     Carter Bryant v. Mattel and consolidated actions

Dear Mr. O'Brien:

Enclosed please find the MGA Parties' submission in response to Order No. 50.

The MGA Parties submitted many documents with proposed redactions as part of the *in camera* submission. We have provided information regarding each person as best we can for every person identified in *any* of the e-mails or documents submitted, whether or not the MGA Parties are actually asserting a claim of privilege or work product over that portion of the document implicating such person (in light of the redactions). This means the list is over-inclusive, and that may make it more difficult to use. If this is not what you intended, please let us know and we will revise the list accordingly.

The MGA Parties are submitting this list solely for the purposes of Order No. 50. Many of these people worked at MGA for years and their particular roles varied with time, but we have done our best to supply the relevant role information for the relevant time period. Any information provided on the enclosed list with regard to job title or role is not to be taken as MGA's representation of what a specific individual did at all times, or the full scope of their responsibility during their employment with or representation of MGA. MGA is a small company and a variety of individuals are called upon for a variety of purposes at any given time.

Additionally, this list reflects a tremendous amount of our work product and we are also concerned that some of the descriptions and role information themselves implicates the privilege, so we are making this submission *in camera*.

EXHIBIT 4
PAGE 11



**ORRICK**

Discovery Master Robert C. O'Brien
September 11, 2009
Page 2

Finally, if the Discovery Master has any concern whether any particular person privy to a particular communication or document meets the requisites of California Evidence Code §952 with respect to that communication or document, we respectfully request the opportunity to provide supplemental information as warranted as to those specific matters.

Very truly yours,

Annette L. Hurst

Enclosure: **(In Camera- Discovery Master's Eyes Only)**

cc:     Jason D. Russell (*via Email and Federal Express w/ enclosures*)
        B. Dylan Proctor (*via Email and Federal Express w/o enclosures*)

EXHIBIT 4
PAGE 12

**EXHIBIT 5**

## Zachary Krug

| | |
|---|---|
| **From:** | Hurst, Annette [ahurst@orrick.com] |
| **Sent:** | Tuesday, September 01, 2009 8:05 PM |
| **To:** | Dylan Proctor; Kieckhefer, L. Kieran |
| **Cc:** | Lock, Cynthia; Michael T Zeller; Zachary Krug |

**Subject:** RE: Request for Meet and Confer re Order No. 50

Dylan:

I don't have an answer because we're not finished yet and I don't know whether the information requested by Discovery Master O'Brien is going to require us to provide additional privileged or work product information.

I also don't see any reason to engage in the practice of informal discovery in this case. MGA can't even seem to get its formal discovery answered, let alone get compliance with informal requests (such as the one I made for custodial data).

All of that said, once we are finished with the submission and send it to Discovery Master O'Brien and I have a better handle on exactly the contents, I am willing to discuss this further.

Annette

-----Original Message-----
From: Dylan Proctor [mailto:dylanproctor@quinnemanuel.com]
Sent: Tue 9/1/2009 3:57 PM
To: Dylan Proctor; Hurst, Annette; Kieckhefer, L. Kieran
Cc: Lock, Cynthia; Michael T Zeller; Zachary Krug
Subject: RE: Request for Meet and Confer re Order No. 50

Annette,


I've received no response from you regarding the below. You also refused to provide a response when we discussed serving Mattel with this information at the hearing last Thursday, even though I agreed to the extension request. What is MGA's position? Thanks.


From: Dylan Proctor
Sent: Wednesday, August 26, 2009 7:48 PM
To: 'ahurst@orrick.com'; 'kkieckhefer@orrick.com'
Cc: 'clock@Orrick.com'; Michael T Zeller; Zachary Krug
Subject: Re: Request for Meet and Confer re Order No. 50


Annette, we're considering your request but wondering if a full 11 days is necessary. Is a week, for example, workable? While I have no problem agreeing to some extension (without prejudice to the issues regarding the case schedule), this particular issue has been outstanding for quite some time as you know.

Also, on a related note, please let us know if MGA will serve Mattel with the information it is compiling. The Discovery Master has requested non-privileged information that Mattel has also sought for many months; we believe it should be provided to us as well.

EXHIBIT 5
PAGE 13

RE: Request for Meet and Confer re Order No. 50                                    Page 2 of 5

I look forward to hearing from you.

Dylan Proctor
Quinn Emanuel Urquhart Oliver & Hedges LLP
865 South Figueroa Street, 3rd Floor
Los Angeles, CA 90017

Direct: (213) 443-3112
Main Phone: (213) 443-3000
Main Fax: (213) 443-3100

E-mail: dylanproctor@quinnemanuel.com
Web: www.quinnemanuel.com

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

---

From: Hurst, Annette <ahurst@orrick.com>
To: Kieckhefer, L. Kieran <kkieckhefer@orrick.com>; Dylan Proctor
Cc: Lock, Cynthia <clock@Orrick.com>
Sent: Wed Aug 26 19:16:10 2009
Subject: RE: Request for Meet and Confer re Order No. 50

Dylan:


I intend to bring up this issue with the Discovery Master at tomorrow's hearing if we cannot get it resolved prior to then.


Annette

---

From: Kieckhefer, L. Kieran
Sent: Wednesday, August 26, 2009 5:54 PM
To: Hurst, Annette; 'Dylan Proctor'
Cc: Lock, Cynthia
Subject: RE: Request for Meet and Confer re Order No. 50

Many apologies - Annette's and my emails crossed each other!


We do not have anything further to discuss with you on our end, but would be available to answer any questions that you may have if you did want to chat at 3pm.


If you don't have any questions, could you please just let us know at your earliest convenience if you will or will not agree?

9/15/2009

EXHIBIT 5
PAGE 14

RE: Request for Meet and Confer re Order No. 50

Sorry again for any confusion.

Thanks,

Kieran

From: Hurst, Annette
Sent: Wednesday, August 26, 2009 5:46 PM
To: Dylan Proctor; Kieckhefer, L. Kieran
Cc: Lock, Cynthia
Subject: RE: Request for Meet and Confer re Order No. 50

Dylan: Given that time is short for us to comply, it would be best if you would just tell us whether you will agree or not so we can address it with Mr. O'Brien if you refuse to do so. I don't think a discussion will really add much. Annette

From: Dylan Proctor [mailto:dylanproctor@quinnemanuel.com]
Sent: Wednesday, August 26, 2009 5:41 PM
To: Kieckhefer, L. Kieran
Cc: Hurst, Annette; Lock, Cynthia
Subject: Re: Request for Meet and Confer re Order No. 50

I cld discuss this at 3 pm tomorrow or thereabouts. Ok?

Dylan Proctor
Quinn Emanuel Urquhart Oliver & Hedges LLP
865 South Figueroa Street, 3rd Floor
Los Angeles, CA 90017

Direct: (213) 443-3112
Main Phone: (213) 443-3000
Main Fax: (213) 443-3100

E-mail: dylanproctor@quinnemanuel.com
Web: www.quinnemanuel.com

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

From: Kieckhefer, L. Kieran <kkieckhefer@orrick.com>
To: Dylan Proctor

9/15/2009

EXHIBIT 5
PAGE 15

RE: Request for Meet and Confer re Order No. 50                    Page 4 of 5

Cc: Hurst, Annette <ahurst@orrick.com>; Lock, Cynthia <clock@Orrick.com>
Sent: Wed Aug 26 17:27:00 2009
Subject: Request for Meet and Confer re Order No. 50

Dear Dylan,

We are currently working on the comprehensive "Who's Who" list for every person who authored or received any document that was recently submitted for the in camera review. As you can imagine, since there are ~500 privilege log entries that were submitted, there are ~350 names for which we need descriptions and information for.

Due to the enormity of this task, we need more time to comply with Discovery Master O'Brien's order. We propose to extend the deadline by which we must comply with Order No. 50 to September 11, 2009. Are you available to discuss our proposed extension sometime tomorrow? If we cannot reach an agreement, we will make a motion with Discovery Master O'Brien to extend the date to comply to September 11.

We are available any time after 10am.

Thank you very much in advance,

Kieran

<http://www.orrick.com/>

L. Kieran Kieckhefer

Associate

Orrick, Herrington & Sutcliffe LLP
1000 Marsh Road
Menlo Park, CA 94025-1015

tel 650-289-7175
fax 650-614-7401
kkieckhefer@orrick.com <mailto:kkieckhefer@orrick.com>

www.orrick.com <http://www.orrick.com/>

9/15/2009

EXHIBIT 5
PAGE 16

"EMF <orrick.com>" made the following annotations.

--------------------------------------------------------------------
====================================================================

IRS Circular 230 disclosure:
To ensure compliance with requirements imposed by the IRS,
we inform you that any tax advice contained in this
communication, unless expressly stated otherwise, was not
intended or written to be used, and cannot be used, for
the purpose of (i) avoiding tax-related penalties under
the Internal Revenue Code or (ii) promoting, marketing or
recommending to another party any tax-related matter(s)
addressed herein.


====================================================================

NOTICE TO RECIPIENT: THIS E-MAIL IS MEANT FOR ONLY THE
INTENDED RECIPIENT OF THE TRANSMISSION, AND MAY BE A
COMMUNICATION PRIVILEGED BY LAW. IF YOU RECEIVED THIS E-
MAIL IN ERROR, ANY REVIEW, USE, DISSEMINATION,
DISTRIBUTION, OR COPYING OF THIS E-MAIL IS STRICTLY
PROHIBITED. PLEASE NOTIFY US IMMEDIATELY OF THE ERROR BY
RETURN E-MAIL AND PLEASE DELETE THIS MESSAGE FROM YOUR
SYSTEM. THANK YOU IN ADVANCE FOR YOUR COOPERATION.

For more information about Orrick, please visit
http://www.orrick.com/
====================================================================
====================================================================

9/15/2009

EXHIBIT 5
PAGE 1

**EXHIBIT 6**

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

WRITER'S DIRECT DIAL NO.
**(213) 443-3112**

WRITER'S INTERNET ADDRESS
dylanproctor@quinnemanuel.com

September 15, 2009

VIA E-MAIL

Discovery Master Robert C. O'Brien, Esq.
Arent Fox LLP
555 West Fifth Street, 48th Floor
Los Angeles, CA 90013-1065

Re:    Mattel, Inc. v. MGA Entertainment, Inc. et al.

Dear Mr. O'Brien:

Pursuant to Discovery Matter Order No. 50, MGA recently submitted an index listing the roles of certain individuals identified on its privilege logs for the communications at issue in Discovery Matter Order No. 33.  See September 11, 2009 Letter from A. Hurst to R. O'Brien ("Sept. 11 Letter").

Because MGA's logs do not contain this basic factual information, a proper assessment of its privilege claims has been unnecessarily difficult.  For example, not only do MGA's privilege logs fail to provide the positions of its employees, but the logs do not distinguish between MGA employees or third parties, requiring Mattel to guess at such matters.  Likewise, the logs fail to identify certain individuals who are attorneys, or in other cases, improperly identify non-attorney personnel as attorneys.

In some instances, even where MGA has identified its employees' positions, it has done so inconsistently.  For example, Beth Cahill has been listed as "paralegal" on number of MGA's logs.  Recently, however, MGA's new counsel has described her as the "Director of Legal Affairs" at MGA.  A paralegal—no matter how lofty the title—is not an attorney, and cannot give privileged legal advice.  See HPD Laboratories, Inc. v. Clorox Co., 202 F.R.D. 410, 415 (D.N.J. 2001) ("Although [the paralegal] may be a skilled advisor . . . , she is not an

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100

EXHIBIT 6
PAGE 18

attorney. Accordingly, when she independently dispensed legal advice, her statements were not privileged.").

Accordingly, to aid a proper assessment of MGA's assertions, and to prevent, or at least minimize, the needless delay that has resulted when reviewing privilege logs that do not contain this kind of basic information, Mattel requested that MGA provide this index to Mattel as well as the Discovery Master. MGA refused to do so, suggesting that such "informal discovery" was improper and that the information could be privileged. See September 1, 2009 Email from A. Hurst to B. Proctor, attached as Exhibit A. Now, MGA has submitted its index *in camera*, claiming that it "reflects" its "work product" and suggesting that "some of the descriptions and role information themselves implicates the privilege." Sept. 11 Letter at 1.

Mattel submits that MGA's position is unfounded. Order No. 50 calls for "the employer, job title, and role" of the individuals indentified in MGA's logs, and, for lawyers, requires that MGA provide "the law firm or entity to which that person was associated" and the "name of the individual or entities for who that person acted as a lawyer." Order No. 50 at ¶¶ 2, 3. While this type of basic factual information is necessary to evaluate a claim of privilege, it is not itself privileged. See B.F.G. of Illinois, Inc. v. Ameritech Corp., 2001 WL 1414468, at *4 (N.D. Ill. Nov. 13, 2001) ("[T]he facts necessary to establish the attorney-client privilege are not themselves privileged."); AMCO Ins. Co. v. Madera Quality Nut LLC, 2006 WL 931437, at *18 (E.D. Cal. Apr. 11, 2006) ("it is only the communications that are subject to attorney-client privilege, and not the foundational facts concerning the communication, or the underlying, independent facts"). Nor is it work product. In re Stern Walters Partners, Inc., 1996 WL 115290, at *9 (N.D. Ill. Mar. 13, 1996) (chart of organizational information cannot be withheld under attorney-client or work product privileges).

Indeed, many courts require the kind of information sought in Order No. 50 on a privilege log in the first instance. See, e.g., Mancini v. Insurance Corp. of New York, 2009 WL 1765295, at *3 (S.D. Cal. Jun 18, 2009) ("A privilege log should contain the . . . the identity and position of its author [and] the identity and position of the recipient(s) . . ."); Thomas v. Hickman, 2007 WL 4302974, at *4 (E.D. Cal. Dec. 6, 2007) (privilege log must include "the identity and position of the author, and the identity and position of all addressees and recipients); In re CV Therapeutics, Inc. Securities Litigation, 2006 WL 1699536, at *2 (N.D. Cal. 2006) (noting that log provides "the identity and position of each author and recipient" and "the attorney and client involved"); Miller v. Pancucci, 141 F.R.D. 292, 302 (C.D. Cal. 1992) (privilege log should identity, among other things, the "[c]lient (i.e., the party asserting privilege) . . . [and the ] [a]ttorneys"); see also Chase Manhattan Bank, N.A. v. T&N plc, 1991 WL 190541, at *4 (S.D.N.Y. Sept. 19, 1991) (finding privilege log inadequate where it did not "include job titles or other appropriate identifying information for all authors and recipients of withheld documents").

Accordingly, Mattel respectfully requests that MGA be ordered to produce the index submitted to the Discovery Master to Mattel, with any genuinely privileged information redacted if necessary.

2

EXHIBIT 6
PAGE 19

Thank you for your attention to this matter.

Very truly yours,

B. Dylan Proctor /2DK

B. Dylan Proctor

cc:    Annette L. Hurst, Esq.
        Jason Russell, Esq.
        Drew Hansen, Esq.

EXHIBIT 4
PAGE 20

**Exhibit A**

EXHIBIT 𝒱
PAGE 𝒰

## Zachary Krug

| | |
|---|---|
| **From:** | Hurst, Annette [ahurst@orrick.com] |
| **Sent:** | Tuesday, September 01, 2009 8:05 PM |
| **To:** | Dylan Proctor; Kieckhefer, L. Kieran |
| **Cc:** | Lock, Cynthia; Michael T Zeller; Zachary Krug |

**Subject:** RE: Request for Meet and Confer re Order No. 50

Dylan:

I don't have an answer because we're not finished yet and I don't know whether the information requested by Discovery Master O'Brien is going to require us to provide additional privileged or work product information.

I also don't see any reason to engage in the practice of informal discovery in this case. MGA can't even seem to get its formal discovery answered, let alone get compliance with informal requests (such as the one I made for custodial data).

All of that said, once we are finished with the submission and send it to Discovery Master O'Brien and I have a better handle on exactly the contents, I am willing to discuss this further.

Annette

-----Original Message-----
From: Dylan Proctor [mailto:dylanproctor@quinnemanuel.com]
Sent: Tue 9/1/2009 3:57 PM
To: Dylan Proctor; Hurst, Annette; Kieckhefer, L. Kieran
Cc: Lock, Cynthia; Michael T Zeller; Zachary Krug
Subject: RE: Request for Meet and Confer re Order No. 50

Annette,

I've received no response from you regarding the below. You also refused to provide a response when we discussed serving Mattel with this information at the hearing last Thursday, even though I agreed to the extension request. What is MGA's position? Thanks.

From: Dylan Proctor
Sent: Wednesday, August 26, 2009 7:48 PM
To: 'ahurst@orrick.com'; 'kkieckhefer@orrick.com'
Cc: 'clock@Orrick.com'; Michael T Zeller; Zachary Krug
Subject: Re: Request for Meet and Confer re Order No. 50

Annette, we're considering your request but wondering if a full 11 days is necessary. Is a week, for example, workable? While I have no problem agreeing to some extension (without prejudice to the issues regarding the case schedule), this particular issue has been outstanding for quite some time as you know.

Also, on a related note, please let us know if MGA will serve Mattel with the information it is compiling. The Discovery Master has requested non-privileged information that Mattel has also sought for many months; we believe it should be provided to us as well.

EXHIBIT 6
PAGE 22

RE: Request for Meet and Confer re Order No. 50                    Page 2 of 5

I look forward to hearing from you.

Dylan Proctor
Quinn Emanuel Urquhart Oliver & Hedges LLP
865 South Figueroa Street, 3rd Floor
Los Angeles, CA 90017

Direct: (213) 443-3112
Main Phone: (213) 443-3000
Main Fax: (213) 443-3100

E-mail: dylanproctor@quinnemanuel.com
Web: www.quinnemanuel.com

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s)
named above. This message may be an attorney-client communication and/or work product and as such is privileged and
confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended
recipient, you are hereby notified that you have received this document in error and that any review, dissemination,
distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify
us immediately by e-mail, and delete the original message.

---

From: Hurst, Annette <ahurst@orrick.com>
To: Kieckhefer, L. Kieran <kkieckhefer@orrick.com>; Dylan Proctor
Cc: Lock, Cynthia <clock@Orrick.com>
Sent: Wed Aug 26 19:16:10 2009
Subject: RE: Request for Meet and Confer re Order No. 50

Dylan:


I intend to bring up this issue with the Discovery Master at tomorrow's hearing if we cannot get it resolved prior to then.


Annette

---

From: Kieckhefer, L. Kieran
Sent: Wednesday, August 26, 2009 5:54 PM
To: Hurst, Annette; 'Dylan Proctor'
Cc: Lock, Cynthia
Subject: RE: Request for Meet and Confer re Order No. 50

Many apologies - Annette's and my emails crossed each other!


We do not have anything further to discuss with you on our end, but would be available to answer any questions that you may
have if you did want to chat at 3pm.


If you don't have any questions, could you please just let us know at your earliest convenience if you will or will not agree?

9/15/2009

EXHIBIT
PAGE 23

RE: Request for Meet and Confer re Order No. 50                          Page 3 of 5

Sorry again for any confusion.

Thanks,

Kieran

From: Hurst, Annette
Sent: Wednesday, August 26, 2009 5:46 PM
To: Dylan Proctor; Kieckhefer, L. Kieran
Cc: Lock, Cynthia
Subject: RE: Request for Meet and Confer re Order No. 50

Dylan: Given that time is short for us to comply, it would be best if you would just tell us whether you will agree or not so
we can address it with Mr. O'Brien if you refuse to do so. I don't think a discussion will really add much.  Annette

From: Dylan Proctor [mailto:dylanproctor@quinnemanuel.com]
Sent: Wednesday, August 26, 2009 5:41 PM
To: Kieckhefer, L. Kieran
Cc: Hurst, Annette; Lock, Cynthia
Subject: Re: Request for Meet and Confer re Order No. 50

I cld discuss this at 3 pm tomorrow or thereabouts. Ok?

Dylan Proctor
Quinn Emanuel Urquhart Oliver & Hedges LLP
865 South Figueroa Street, 3rd Floor
Los Angeles, CA 90017

Direct: (213) 443-3112
Main Phone: (213) 443-3000
Main Fax: (213) 443-3100

E-mail: dylanproctor@quinnemanuel.com
Web: www.quinnemanuel.com

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s)
named above. This message may be an attorney-client communication and/or work product and as such is privileged and
confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended
recipient, you are hereby notified that you have received this document in error and that any review, dissemination,
distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify
us immediately by e-mail, and delete the original message.

From: Kieckhefer, L. Kieran <kkieckhefer@orrick.com>
To: Dylan Proctor

EXHIBIT 6
PAGE 24

RE: Request for Meet and Confer re Order No. 50                    Page 4 of 5

Cc: Hurst, Annette <ahurst@orrick.com>; Lock, Cynthia <clock@Orrick.com>
Sent: Wed Aug 26 17:27:00 2009
Subject: Request for Meet and Confer re Order No. 50

Dear Dylan,

We are currently working on the comprehensive "Who's Who" list for every person who authored or received any document that was recently submitted for the in camera review. As you can imagine, since there are ~500 privilege log entries that were submitted, there are ~350 names for which we need descriptions and information for.

Due to the enormity of this task, we need more time to comply with Discovery Master O'Brien's order. We propose to extend the deadline by which we must comply with Order No. 50 to September 11, 2009. Are you available to discuss our proposed extension sometime tomorrow? If we cannot reach an agreement, we will make a motion with Discovery Master O'Brien to extend the date to comply to September 11.

We are available any time after 10am.

Thank you very much in advance,

Kieran

<http://www.orrick.com/>

L. Kieran Kieckhefer

Associate

Orrick, Herrington & Sutcliffe LLP
1000 Marsh Road
Menlo Park, CA 94025-1015

tel 650-289-7175
fax 650-614-7401
kkieckhefer@orrick.com <mailto:kkieckhefer@orrick.com>

www.orrick.com <http://www.orrick.com/>

9/15/2009

EXHIBIT U
PAGE 25

"EMF <orrick.com>" made the following annotations.

-------------------------------------------------------------------------

========================================================================

IRS Circular 230 disclosure:
To ensure compliance with requirements imposed by the IRS,
we inform you that any tax advice contained in this
communication, unless expressly stated otherwise, was not
intended or written to be used, and cannot be used, for
the purpose of (i) avoiding tax-related penalties under
the Internal Revenue Code or (ii) promoting, marketing or
recommending to another party any tax-related matter(s)
addressed herein.

========================================================================

NOTICE TO RECIPIENT: THIS E-MAIL IS MEANT FOR ONLY THE
INTENDED RECIPIENT OF THE TRANSMISSION, AND MAY BE A
COMMUNICATION PRIVILEGED BY LAW. IF YOU RECEIVED THIS E-
MAIL IN ERROR, ANY REVIEW, USE, DISSEMINATION,
DISTRIBUTION, OR COPYING OF THIS E-MAIL IS STRICTLY
PROHIBITED. PLEASE NOTIFY US IMMEDIATELY OF THE ERROR BY
RETURN E-MAIL AND PLEASE DELETE THIS MESSAGE FROM YOUR
SYSTEM. THANK YOU IN ADVANCE FOR YOUR COOPERATION.

For more information about Orrick, please visit
http://www.orrick.com/
========================================================================

========================================================================

EXHIBIT V
PAGE 216

**EXHIBIT 7**



**ORRICK**

ORRICK, HERRINGTON & SUTCLIFFE LLP
THE ORRICK BUILDING
405 HOWARD STREET
SAN FRANCISCO, CALIFORNIA 94105-2669

tel +1-415-773-5700
fax +1-415-773-5759

WWW.ORRICK.COM

September 28, 2009

**VIA EMAIL**

Robert C. O'Brien, Esq.
555 West Fifth Street, 48th Floor
Los Angeles, CA 90013-1065

Annette L. Hurst
(415) 773-4585
ahurst@orrick.com

Re:     Carter Bryant v. Mattel and consolidated actions

Dear Discovery Master O'Brien:

In its correspondence dated September 15, 2009, Mattel apparently makes two procedurally improper motions to compel: (1) it has asked that MGA be ordered to produce its *in camera* submission made in response to Discovery Matter Order No. 50; and (2) it has objected to withholding of communications with Beth Cahill. *See* September 15, 2009 Letter from B. Proctor to R. O'Brien. Each is addressed below.

*In Camera* Response to Order No. 50

First, this letter request is a procedurally improper motion to compel. Mattel has not identified any outstanding document request that calls for the list it now demands, met and conferred on the basis of such request, or filed a motion. The Letter Request is therefore a procedurally defective means of seeking production of documents.

MGA will nonetheless briefly address the issues raised by Mattel in its letter. Should Mattel bring a motion to compel on this issue, however, MGA will respond with additional evidence, declarations, and arguments as necessary at that time.

The submission was made solely for purposes of the Discovery Master's use in connection with the *in camera* inspection. It was compiled from numerous sources of work product and privileged information, and the "role" descriptions were generally tailored to the particular communications and documents that you have before you in connection with that inspection.

Mattel contends that it needs the list to properly assess MGA's privilege assertions. MGA has supplied Mattel in the past with a list of counsel. MGA's privilege log contains other factual information. Where Mattel has identified specific documents with which it has issues, MGA has provided additional information upon request. MGA has spent the last several months responding to Mattel's frequent and voluminous requests for information and requests that MGA re-review its privilege logs.

EXHIBIT 7
PAGE 21



ORRICK

Discovery Master Robert C. O'Brien
September 28, 2009
Page 2

In this letter, however, Mattel has not identified any specific document for which it needs information that MGA has not supplied (or agreed to supply). Accordingly, it is apparent that this is just an attempt to get a valuable piece of work product compiled by counsel for use by the Court in connection with a proceeding to which Mattel has no right of access. That is simply unfair. Were we to serve a document request on Mattel for all of its witness lists and identifying role information compiled for purposes of creating privilege logs (or otherwise), Mattel would properly object on the grounds of work product and attorney-client privilege. MGA is entitled to even-handed application of such legal principles.

Further, as pointed out in our letter of September 11, the list that Mattel demands was compiled by MGA in-house and outside attorneys and MGA employees and reflects a significant number of hours of attorney and client effort. The list is a reflection of work product and implicates the attorney-client privilege. Mattel never hesitates to claim a waiver of work product or the attorney-client privilege. MGA is not obligated to turn over this list and risk any such waiver. This is particularly true where Mattel can request specific information if needed based on particular log entries.

As to Mattel's contention that MGA's privilege log identifies positions inconsistently, as noted in our letter of September 11, MGA is a small company and many of the people worked at MGA for years and their particular titles and roles varied substantially with time. Also, these individuals were called upon for a variety of purposes at any given time because everyone was expected to do what was asked of them irrespective of their technical title.

Communications with Beth Cahill

In its September 15 letter, Mattel also questioned the withholding of documents related to Beth Cahill because she was listed as a "paralegal." Again, a letter is a procedurally improper vehicle for seeking to overrule a claim of privilege. If Mattel wishes to file a motion to compel, it should go through the required steps of identifying the log entries, explaining its concerns, and allowing MGA to respond. Then, if necessary, it should file a noticed motion.

To address the substance of this objection, moreover, it is well established that the attorney-client and work product privilege extends to communications with non-attorneys such as the attorney's staff and other agents or representatives employed in rendering legal services. Cal. Evid. Code §952; *see Jordan v. United States Department of Justice*, 2009 WL 2913223, *22 (D. Colo. September 8, 2009) (work product privilege includes information prepared by non-attorneys supervised by attorneys or prepared at the request of attorneys, therefore, the memorandums prepared by the paralegals at the direction of counsel was protected by work product privilege); *Owens v. First Family Fin. Servs.*, 379 F.Supp.2d 840, 847-48 (D.Miss. 2005) (work of paralegal covered by the attorney-client privilege);

EXHIBIT 7
PAGE 28


ORRICK

Discovery Master Robert C. O'Brien
September 28, 2009
Page 3

*Coltec Industries Inc. v. American Motorists Insurance Co.*, 197 F. R. D. 368, 376 (N. D. Ill. 2000)
(document authored by a paralegal protected by the attorney-client privilege). Additionally, a non-
lawyer may qualify as a lawyer for purposes of the privilege, if the client reasonably believed that the
person was authorized to practice law. Sup. Ct. Standard 503(a)(2).

Ms. Cahill was a paralegal at MGA from October 15, 2001 until April 11, 2003. MGA employed at
least two in-house counsel who supervised Ms. Cahill's overall employment duties during her tenure,
including Julie Mote and Mitchell Kamarck. Ms. Cahill also was deeply involved in coordinating the
efforts of MGA's outside counsel, particularly David Rosenbaum and Alan Rose, and took direction
from them in connection with the performance of her duties to coordinate legal affairs on behalf of
MGA. MGA's legal department was small and its paralegals were entrusted with a great deal of
authority. Ms. Cahill had many years of experience and MGA reasonably considered her qualified to
perform legal tasks, especially but not exclusively pursuant to the supervision of inside and outside
counsel.

Mattel's letter request to the Discovery Master procedurally improper and lacks merit. Accordingly,
MGA respectfully requests that the Discovery Master ignore or deny Mattel's request.

Very truly yours,

Annette L. Hurst

Annette L. Hurst

cc:     Jason D. Russell (*by email*)
        B. Dylan Proctor (*by email*)

EXHIBIT 7
PAGE 23