MELINDA HAAG (State Bar No. 132612)
mhaag@orrick.com
ANNETTE L. HURST (State Bar No. 148738)
ahurst@orrick.com
WARRINGTON S. PARKER III (State Bar No. 148003)
wparker@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building, 405 Howard Street
San Francisco, CA 94105
Tel. (415) 773-5700/ Fax: (415) 773-5759

WILLIAM A. MOLINSKI (State Bar No. 145186)
wmolinski@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA 90017
Tel. (213) 629-2020/Fax: (213) 612-2499

THOMAS S. McCONVILLE (State Bar No. 155905)
tmcconville@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
4 Park Plaza, Suite 1600
Irvine, CA 92614-2258
Tel: (949) 567-6700/Fax: (949) 567-6710

Attorneys for MGA Parties

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | Case No. CV 04-9049-DOC (RNBx)<br>Consolidated with: Case No. CV 04-9059 and Case No. CV 05-2727<br><br>**DISCOVERY MATTER**<br>[To Be Heard by Discovery Master Robert O'Brien]<br><br>**MGA MEXICO'S OPPOSITION TO MATTEL'S MOTION TO ENFORCE COMPLIANCE WITH DISCOVERY ORDER NO. 52**<br><br>Date:       TBD<br>Time:       TBD<br>Courtroom: TBD<br><br>**Phase 2**<br>Discovery Cutoff:   June 1, 2010<br>Pretrial Conference: None Set<br>Trial Date:            None Set |

# INTRODUCTION

Mattel's latest motion is nothing more than a thinly veiled attempt to create expensive busy work for MGA without any regard as to whether the demanded production will lead to the discovery of admissible evidence. On July 15, 2009, Mattel moved to compel production by MGA Mexico of hundreds of thousands of documents that had *already been produced* by other MGA parties on the grounds that "MGA Mexico's possession of documents is itself a relevant, operative fact in this litigation." The Discovery Master agreed, and ordered MGA Mexico to produce documents responsive to Mattel's requests within 20 days. MGA Mexico complied and produced nearly 200,000 pages of documents within its possession, many of which had already been produced. It did not, however, re-search and reproduce documents held on MGA's U.S. based archive system, including portions of about 10,000 email strings produced to Mattel.

Mattel is now demanding that MGA Mexico produce entire copies of each of these email strings, despite the fact that the archived email strings are not in MGA Mexico's possession, and without offering *any* showing of relevance as to even one of them. In short, Mattel would require MGA Mexico to retrieve over 10,000 documents – – many of which have already been produced – one by one, from its U.S. based archive service and produce them to Mattel at considerable expense, simply because they are physically accessible to MGA Mexico. This exercise in futility cannot reasonably be expected to lead to admissible evidence, and is quite simply the latest example of Mattel's self-proclaimed strategy of attempting to "litigate MGA to death."

# STATEMENT OF FACTS

In late 2007 and early 2008, Mattel served its First, Second and Third Requests for Production on MGA Mexico, consisting of 574 separate RFPs. (Order No. 52 at 1-2; Searcy Decl. Exh. 1). MGA Mexico agreed to produce documents responsive to 318 of those requests, while objecting to the remaining 256. *Id.*

1   Mattel then moved to compel responses to *all* of its requests, including the 318 that
2   MGA Mexico had already agreed to produce documents responsive to. *Id.* at 3.
3         In response, MGA Mexico pointed out that "many of the discovery requests
4   at issue are duplicative of those served on other MGA Parties," and that "Mattel
5   wants to wholly disregard this production, including the documents it knows have
6   already been produced, and require MGA Mexico to reproduce the documents."
7   (Molinski Decl. Exh. A at 10 (MGA Parties' Opp. to Motion to Compel MGA
8   Mexico to Produce)). The reason, MGA explained, that many of these documents
9   were already produced by MGA Mexico is that in prior requests directed to MGA,
10  Mattel had defined MGA to include all subsidiaries, including MGA Mexico. In
11  response, MGA had produced over 100,000 pages of documents from custodians'
12  files in Mexico – – enough to fill 40 boxes or more. (Molinski Decl. ¶ 4). Mattel
13  answered that such reproduction was necessary because "MGA Mexico's
14  possession of documents is itself a relevant, operative fact in this litigation."
15  (Molinski Decl. Exh. B at 45 (Mattel's Motion to Compel MGA Mexico to
16  Produce)). The Discovery Master agreed, and found in favor of Mattel as to the
17  318 requests MGA Mexico had agreed to produce "because MGA Mexico's
18  possession of particular documents is at issue." (Order No. 52 at 10). The
19  Discovery Master noted in particular that "Mattel has alleged that MGA Mexico
20  persuaded Mattel employees to steal confidential information," and that "MGA
21  Mexico's possession of Mattel's information is a relevant fact and discoverable."
22  *Id*. The Discovery Master denied Mattel's Motion to Compel with regard to the
23  remaining requests because Mattel failed to include a separate statement. *Id.* at 11.[1]
24  ///

---

[1] Significantly, when the Discovery Master ruled, he had not been presented with evidence showing that MGA Mexico had produced any documents previously and he expressed doubt as to whether there was such a production. (Order No. 52, at 8). MGA Mexico's counsel has since rectified that gap and provided lists of documents by bates numbers and custodian that were produced from Mexico. The list confirms tht MGA Mexico had previously produced over 100,000 documents. *See* Molinski Decl. ¶ 4, Exh. D.

1    The Discovery Master gave MGA Mexico "(20) days" to produce documents
2    responsive to the aforementioned 318 discovery requests. *Id.* at 10. MGA Mexico
3    dutifully conducted broad keyword searches covering each topic Mattel requested
4    discovery on, and subsequently conducted narrow privilege filter searches to
5    eliminate privileged materials. (Molinski Decl. ¶ 5). This process returned
6    approximately 200,000 pages of documents that were possibly relevant to Mattel's
7    requests. *Id.* Because MGA Mexico did not have sufficient time to review each of
8    these documents, it produced almost all of them on September 16, 2009. *Id.*

9    Mattel now claims that 10,828 of the 188,316 pages of documents MGA
10   Mexico produced "are only partial e-mail strings," with the remaining portions cut
11   off and replaced by a notice that they have been archived to MGA's U.S. based
12   archive service. (Motion at 2). During the parties' meet and confer efforts, counsel
13   for MGA explained to counsel for Mattel that the archived emails are not in MGA
14   Mexico's possession, are not readily accessible in the ordinary course of business,
15   and are not relevant to this litigation. (Molinski Decl. Exh. C at 69). Further,
16   assuming that any archived emails are relevant, they would have already been
17   produced to Mattel by other MGA parties. MGA asked Mattel to identify any
18   particular emails strings that it believed to be relevant to the claims, and MGA was
19   prepared to produce any such chains not previously produced. *Id.* Mattel did not
20   respond, and has instead filed the present motion. (Molinski Decl. ¶ 7).

21   To emphasize its point, Mattel attaches six emails to the Declaration of
22   Marshall Searcy that it references as samples of incomplete email strings. MGA
23   searched the database of previously produced documents for those six emails, and
24   found that four of the six had been previously produced ***with complete email***
25   ***strings attached***. Molinski Dec. ¶ 8, Exs. E-H. The remaining two emails are, on
26   their face, irrelevant to the claims asserted. One email addresses the need to obtain
27   translations for mock ups of packages and the other is simply a transmittal of an
28   invoice for an event held at Madison Square Garden. Searcy Dec. Ex. 2, pp. 43 and

- 3 -

45. So what Mattel wants by this motion is the reproduction of relevant emails and the production of emails chains that bear no relevance to the claims.

## ARGUMENT

### I. MATTEL'S IMPROPER DEMAND FOR IRRELEVANT AND PREVIOUSLY PRODUCED DOCUMENTS SHOULD BE DENIED

Mattel based its July 15, 2009 Motion to Compel almost entirely upon the fact that "MGA Mexico's *possession* of documents is itself a relevant, operative fact in this litigation." (emphasis added). (Molinski Decl. Exh. B at 45). In fact, when MGA Mexico pointed out during the meet and confer process that the documents Mattel was requesting had already been produced in response to requests to other MGA parties, Mattel proposed to resolve the dispute by inviting MGA Mexico to "stipulate that the documents produced by other MGA parties be deemed to have been in MGA Mexico's possession, custody or control." (*Id.* at 38, citing April 23, 2009 letter from Marshall Searcy to Amman Khan). The Discovery Master expressly adopted Mattel's reasoning in Discovery Order No. 52, stating that:

> Mattel is entitled to have MGA Mexico produce documents for purposes of authentication and because MGA Mexico's possession of particular documents is at issue. Indeed, Mattel has alleged that MGA Mexico persuaded Mattel employees to steal confidential information so that it could unfairly compete with Mattel. Therefore, MGA Mexico's possession of Mattel's information is a relevant fact and discoverable. (Order No. 52 at 10).

Similarly, the Discovery Master noted that "a production that commingles MGA Mexico's documents along with the documents of other MGA Parties is not a production of documents 'as they are kept in the usual course of business' (Fed. R. Civ. P. 34(b))," (*Id.* at 7), a fact that was apparently problematic at least in part

because such a production did not reveal what documents were "in MGA Mexico's possession."

MGA Mexico has complied with Discovery Order No. 52 by producing all responsive documents within its possession in the precise form "they are kept in the usual course of business." Yet Mattel is now wholly abandoning the position it took in obtaining that Order by demanding that MGA Mexico also produce documents that are *not* in its possession, but that are instead only possessed by MGA's United States archive service. As Mattel is well aware, any such documents that are relevant to the case have *already been produced* by MGA. Indeed, MGA invited Mattel to identify any specific email chains that were relevant to the case, and MGA would have produced any such emails not previously produced. Mattel refused.[2] Compelling MGA Mexico to reproduce them simply because it has access to MGA's U.S. based archive service does nothing to demonstrate "MGA's possession of particular documents … at issue." At bottom, Mattel's motion is nothing more than a naked attempt to force MGA to retrieve and produce a litany of irrelevant and previously produced documents so as to necessitate further litigation expense.

## CONCLUSION

Mattel's present motion is the latest salvo in its continuing effort to add unnecessary time and expense to this litigation. Because Mattel's position is contrary to the position it took in obtaining the underlying Order, and because complying with Mattel's current demands would further increase the MGA Parties'

---

[2] Mattel's improper motives are further revealed by its refusal to offer a showing of relevance as to *any* of the 10,828 truncated email chains. As discussed in the statement of facts, MGA produced all non-privileged documents containing certain key words and was unable to further review those documents for actual relevance within the 20 days allotted for production. The fact that these emails were produced is therefore not evidence of their relevance, and it is certainly not evidence that the entire underlying email chains are relevant. Tellingly, Mattel's Motion does not even *claim* that any of the truncated emails are relevant. This omission alone is sufficient grounds to deny Mattel's Motion.

1  litigation costs and would not lead to the discovery of any new relevant evidence,
2  MGA Mexico respectfully requests that Mattel's Motion to Enforce be denied.
3  Dated:     November 16, 2009         ORRICK, HERRINGTON & SUTCLIFFE LLP

                                        By:  _____*s/ Jimmy S. McBirney*_____
                                                    Jimmy S. McBirney
                                                  Attorneys for MGA Parties

- 6 -    MGA MEXICO'S OPPOSITION TO MATTEL'S MOTION TO ENFORCE COMPLIANCE WITH DISCOVERY ORDER NO. 52
CV 04-09049 DOC (RNBx)