1 | QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  | John B. Quinn (Bar No. 090378)
2 | (johnquinn@quinnemanuel.com)
  | Michael T. Zeller (Bar No. 196417)
3 | (michaelzeller@quinnemanuel.com)
  | Jon D. Corey (Bar No. 185066)
4 | (joncorey@quinnemanuel.com)
  | 865 South Figueroa Street, 10th Floor
5 | Los Angeles, California 90017-2543
  | Telephone: (213) 443-3000
6 | Facsimile: (213) 443-3100

7 | Attorneys for Mattel, Inc.

8 | UNITED STATES DISTRICT COURT

9 | CENTRAL DISTRICT OF CALIFORNIA

10 | SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation, | CASE NO. CV 04-9049 DOC (RNBx) Consolidated with Case Nos. CV 04-09059 & CV 05-2727 |
| Plaintiff, | Hon. David O. Carter |
| vs. | MATTEL, INC.'S OPPOSITION TO THE MGA DEFENDANTS' MOTION FOR TRIAL SETTING CONFERENCE AND FOR ORDER REQUIRING MATTEL TO FILE A RICO CASE STATEMENT |
| MGA ENTERTAINMENT, INC., a California corporation, et al., | |
| Defendant. | |
| AND CONSOLIDATED ACTIONS | [Declaration of Joseph Sarles submitted concurrently] |
| | Hearing Date: November 30, 2009 Time: 8:30 a.m. Place: Courtroom 9D |
| **PUBLIC REDACTED VERSION** | **Phase 2:** Discovery Cut-off: TBD Pre-trial Conference: TBD Trial Date: TBD |

# **TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ................................................................. 1

BACKGROUND ..................................................................................... 3

    A.    The MGA Criminal Enterprise.......................................... 3

    B.    The Bratz Criminal Enterprise ........................................ 4

    C.    The IGWT Criminal Enterprise ....................................... 5

    D.    The Counter-Defendants Are Linked to Predicate Acts ......... 7

    E.    Mattel's RICO Injuries Are Properly Alleged.................... 7

    F.    Mattel Has Provided Extensive Discovery On Its RICO Claims ........... 8

    G.    MGA Has Stonewalled Discovery Critical to Mattel's RICO Claims............................................................ 9

ARGUMENT ....................................................................................... 16

I.    A RICO CASE STATEMENT CANNOT BE USED TO ALTER PLEADING STANDARDS ................................................. 16

    A.    The Ninth Circuit Has Expressed Disapproval Of RICO Case Statements As Pleading Devices............................ 16

    B.    MGA Has Waived Any Challenges To The Sufficiency Of Mattel's Operative Counterclaims ................................ 17

II.    A RICO CASE STATEMENT IS PREMATURE........................ 20

III.    MGA'S MOTION FOR A TRIAL SETTING CONFERENCE IS MOOT.................................................................. 22

CONCLUSION..................................................................................... 22

# TABLE OF AUTHORITIES

**Page**

## Cases

American Booksellers Ass'n, Inc. v. Barnes & Noble, Inc.,
135 F. Supp. 2d 1031 (N.D. Cal. 2001) ................................................. 21

BMC-The Benchmark Management Co. v. Ceebraid-Signal Corp.,
2006 WL 2189706 (N.D. Ga. Aug. 1, 2006) ........................................ 21

Banks v. Gail,
2008 WL 4661705 (C.D. Cal. 2008) .................................................... 18

Barsekian v. First Am. Loanstar Trustee Servs.,
2009 WL 56893 (C.D. Cal. Jan. 6, 2009) ........................................ 17, 18

Beery v. Hitachi Home Electronics (Am.), Inc.,
157 F.R.D. 477 (C.D. Cal. 1993) ......................................................... 18

Bryant v. Mattel, Inc.,
573 F. Supp. 2d 1254 (C.D. Cal. 2007) ........................... 1, 3, 7, 17, 18

Cabrera v. Cordis Corp.,
134 F.3d 1418 (9th Cir. 1998) ............................................................. 21

Claar v. Burlington Northern R. Co.,
29 F.3d 499 (9th Cir. 1994) ................................................................. 21

Commercial Cleaning Servs., L.L.C. v. Colin Serv. Sys., Inc.,
271 F.3d 374 (2d Cir. 2001) ................................................................. 16

Figueroa Ruiz v. Alegria,
896 F.2d 645 (1st Cir. 1990) ................................................................ 18

HMBI, Inc. v. Schwartz,
2009 WL 3390865 (N.D. Ind. 2009) .................................................... 19

Lyman Steel Co. v. Shearson Lehman Bros., Inc.,
1986 U.S. Dist. LEXIS 29346 (N.D. Ohio Feb. 13, 1986) .................. 16

Marriot Bros. v. Gage,
911 F.2d 1105 (5th Cir. 1990) ........................................................ 18, 19

Mendoza v. Zirkle Fruit Co.,
2000 WL 33225470 (E.D. Wash. Sept. 27, 2000),
overruled on other grounds, 301 F.3d 1163 (9th Cir. 2002) ............... 16

New Haven Temple SDA Church v. Consolidated Edison Corp.,
1995 WL 358788 (S.D.N.Y. June 13, 1995) ........................................ 20

Northland Ins. Co. v. Shell Oil Co.,
    930 F. Supp. 1069 (D. N.J. 1996)..................................................18

Prakash v. Pulsent Corp. Employee Long Term Disability Plan,
    2008 WL 3905445 (N.D. Cal. Aug. 20, 2008).................................19

Sanderson v. International Flavors and Fragrances, Inc.,
    950 F. Supp. 981 (C.D. Cal. 1996)................................................21

Stewart v. Wachowski,
    2005 WL 6186374 (C.D. Cal. June 14, 2005)................................16

United Nat'l Records, Inc. v. MCA, Inc.,
    6090 F. Supp. 33 (N.D. Ill. 1984).................................................19

United States v. Tenet Healthcare Corp.,
    481 F. Supp. 2d 689 (W.D. Tex. 2007)..........................................19

Wagh v. Metris Direct, Inc.,
    348 F.2d 1102 (9th Cir. 2003).................................15, 16, 17, 18, 19

Wolfe v. O'Neill,
    336 F. Supp. 1255 (D. Alaska 1972)..............................................21

Ziemack v. Centel Corp.,
    1995 WL 729295 (N.D. Ill. Dec. 7, 1995).....................................20

**Statutes**

17 U.S.C. § 506(a)(1)(A)...................................................3, 4, 5, 6

18 U.S.C. § 152(7)..........................................................................5

18 U.S.C. § 1341...............................................................3, 4, 5, 6

18 U.S.C. § 1343...............................................................3, 4, 5, 6

18 U.S.C. § 1503.................................................................3, 4, 6

18 U.S.C. § 1512.................................................................3, 4, 6

18 U.S.C. § 1952...............................................................3, 4, 5, 6

18 U.S.C. § 1956..........................................................................5

18 U.S.C. § 1957..........................................................................5

18 U.S.C. § 2319(a)...........................................................3, 4, 5, 6

Fed. R. Civ. Proc. 8(a).............................................................1, 16

Fed. R. Civ. Proc. 9(b).......................................................1, 16, 19

Fed. R. Civ. Proc. 12(b)(1) ...................................................................19

Fed. R. Civ. Proc. 12(h)(1) ...................................................................19

Fed. R. Civ. Proc. 16............................................................................21

### **Other Authorities**

2A Moore, et al., Moore's Federal Practice ¶ 9.03 (2d ed. 1984) .............................19

## Preliminary Statement

MGA's request for a RICO case statement is premature at best and contrary to Ninth Circuit law at worst. It should be denied.

To the extent MGA seeks to require the statement as a part of or addition to Mattel's pleading, as some courts have done, the request should be denied altogether. The Ninth Circuit has specifically ruled that RICO case statements cannot be used to alter the pleading requirements of <u>Rules</u> 8(a) and 9(b). Moreover, MGA's earlier choice not to move to dismiss or for a more definite statement waived any pleading challenges to Mattel's Third Amended Answer and Counterclaims ("TAAC"). In fact, this Court has already upheld the pleading of Mattel's RICO allegations, rejecting MGA's motion to dismiss them in a published decision[1] and noting again this year that Mattel's RICO allegations are "successfully pleaded."[2] To the extent MGA seeks to now require a RICO case statement as a pleadings requirement, there is no basis for the request.

To the extent MGA seeks to use the RICO case statement as a quasi-interrogatory response to frame the issues for summary judgment, the request is at best premature and in Mattel's view unnecessary. Mattel has already provided interrogatory responses explaining the bases for its claims based on the evidence revealed to date. Mattel has responded to interrogatories seeking the facts supporting *all* of Mattel's Counterclaims and the harms Mattel has suffered as a result of MGA's RICO violations, and Mattel's substantive responses span hundreds of pages.[3] But much discovery remains to be provided by MGA; as the Court is aware, Mattel is endeavoring to obtain discovery into further particulars of the facts relevant to its RICO claims. Critical evidence has not yet been produced. This includes:

- MGA's 30(b)(6) testimony on trade secrets and other RICO issues;
- the testimony of MGA employees who are named racketeers;

---

[1] See <u>Bryant v. Mattel, Inc.</u>, 573 F. Supp. 2d 1254, 1260-70 (C.D. Cal. 2007).
[2] See May 21, 2009 Order at 6, Dkt. No. 5565.
[3] See <u>infra</u>, notes 5, 7, and 8.

- documents Mattel has long been seeking which, ███████████
██████████████████████████████████████████████ " — and
which may themselves constitute predicate acts relevant to obstruction of
justice;

- ████████████████████████████████████████████████████
████████████████████████████████████████████████████.
Defendants' position, all along, was that Larian had no involvement in the
purported Wachovia debt acquisition by Omni 808. In fact, Omni's
counsel expressly represented this to the Court, while MGA stood by
silent: MR. GORDINIER: *What documents do we have that show that
either Mr. Larian or MGA paid money into this to purchase this debt? I
can tell you there are none.*[4] ███████████████████████████████
██████████████████████████████████;

- even basic information relating to the financial transactions at issue --
such as core agreements and other evidence showing from where the
monies emanated;

- interrogatory responses on basic issues, such as Larian's financial
connections to the relevant transactions, some of which were compelled
months ago but which still have not been answered;

- discovery relating to the 2002 Larian-O'Connor email in which Larian
"thanked" and commended an MGA executive for suggesting that he lie
about when Carter Bryant created Bratz. Although there are no lawyers
on this email, it was listed on MGA's privilege logs and "certified" by
MGA to be privileged upon Mattel's challenge during Phase 1.
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████ "[5]

Mattel has done what it can at this juncture – it has disclosed facts it is aware of

that support its claims. To require it to do more than that would be unwarranted. Mattel

does not believe a RICO case statement should be required at all, but if onwore is to be

required it should be ordered submitted only after Mattel has had an opportunity to take

meaningful discovery on its RICO claims.

---

[4] March 4, 2009 Hearing Tr. at 51:3-8, Sarles Decl., Ex. 12. Mr. Gordinier, counsel for
Omni 808, made the same false representation to the Court. See February 11, 2009
Hearing Tr. at 71:16 to 72:5 ("THE COURT: Those investors and that money did not
come from MGA?  MR. GORDINIER: That's the best of my understanding, Your
Honor. That's true."), Sarles Decl., Ex. 13.
[5] September 22, 2009 Sealed *In Camera* Hearing Tr. at 8:17-9:2, Sarles Decl. Ex. 5.

1

## Background

2      MGA's complaints about the lack of clarity and specificity in Mattel's
3  pleading are overstated. The TAAC identifies and defines three RICO enterprises: the
4  MGA Criminal Enterprise (¶ 134), the Bratz Criminal Enterprise (¶ 135), and the
5  IGWT Criminal Enterprise (¶ 136). The members of each enterprise are clearly set
6  forth. ¶¶ 134, 135, and 136. The predicate acts that Mattel alleges were committed by
7  each enterprise are clearly identified. ¶¶ 137 and 138. The purpose of each enterprise
8  is listed as well. Id.[6]  In addition, the TAAC identifies which individual Counter-
9  defendants are specifically alleged to have committed which predicate acts. ¶ 141.

10     **A.    The MGA Criminal Enterprise**

11     As pleaded in the TAAC, the MGA Criminal Enterprise employs or is
12 associated-in-fact with MGA, MGA Entertainment (HK) Limited, MGA de Mexico,
13 Isaac Larian, Jorge Castilla, Ron Brawer, Carter Bryant, Carlos Gustavo Machado
14 Gomez ("Machado"), Mariana Trueba Almada ("Trueba"), Pablo Vargas San Jose
15 ("Vargas"), and Janine Brisbois, as well as certain of the Doe Counter-defendants. See
16 ¶ 134. The MGA Criminal Enterprise is linked to the following predicate acts: mail
17 fraud (18 U.S.C. § 1341), wire fraud (18 U.S.C. § 1343), influencing or injuring officer
18 or juror generally (18 U.S.C. § 1503), tampering with a witness victim, or informant
19 (18 U.S.C. § 1512), interstate and foreign travel to aid racketeering (18 U.S.C. § 1952),
20 and criminal copyright infringement (18 U.S.C. § 2319(a) and (17 U.S.C. §
21 506(a)(1)(A)). ¶ 137.

22     The MGA Criminal Enterprise's alleged predicate acts are detailed both in
23 the TAAC and in Mattel's interrogatory responses.[7] Many of the predicate acts have

24 _____

25 [6] Mattel intends to clarify these purpose descriptions in its amended pleading, and has
   already provided MGA with a preliminary, non-final version of the amendment showing
26 that clarification.
   [7]    See, e.g., Mattel's Second Supplemental Response to MGA's First Set of
27 Interrogatories, dated May 23, 2008, Interrogatory No. 1, Sarles Decl., Ex. 1; Corrected
   Supplemental Objections and Responses of Mattel, Inc. to MGA Entertainment, Inc.'s
28 First Set of Phase 2 Interrogatories, dated October 9, 2009, Interrogatory Nos. 4, 5, 9, 10,
   (footnote continued)

been physically attached to the pleading, pursuant to the Court's instructions, to detail the senders, recipients and dates of the communications.[8]  The predicate acts involve a pattern of racketeering for the purpose of defrauding Mattel and stealing Mattel's trade secrets and proprietary information in the United States, Mexico, and Canada, infringing Mattel's r ights, and concealing the misconduct by means of tortious, fraudulent, and criminal conduct.  ¶ 137.  The facts relating to this pattern of racketeering and the thefts of trade secrets are detailed in Mattel's pleading, which is lengthy precisely because it provides so much information.  ¶¶ 44-94.

### B.    The Bratz Criminal Enterprise

As pleaded in the TAAC, the Bratz Criminal Enterprise employs or is associated-in-fact with MGA, MGA Entertainment (HK) Limited, Larian and Bryant, as well as certain of the Doe Counter-defendants.  ¶ 135.  The Bratz Criminal Enterprise is linked to the following predicate acts: mail fraud (18 U.S.C. § 1341), wire fraud (18 U.S.C. § 1343), influencing or injuring officer or juror generally (18 U.S.C. § 1503), tampering with a witness victim, or informant (18 U.S.C. § 1512), interstate and foreign travel to aid racketeering (18 U.S.C. § 1952), and criminal copyright infringement (18 U.S.C. § 2319(a) and 17 U.S.C. § 506(a)(1)(A)).  ¶ 137.

The Bratz Criminal Enterprise's alleged predicate acts are detailed both in the TAAC and in interrogatory responses.[9]  They involve a pattern of racketeering for

and 11, Sarles Decl., Ex. 2; Mattel's Second Supplemental Objections and Responses to Interrogatory Nos. 20-23 and 28 in MGA Entertainment, Inc.'s Second Set of Interrogatories, dated September 14, 2009, Interrogatory Nos. 22 and 28, Sarles Decl., Ex. 3; Mattel's Second Supplemental Objections and Responses to MGA Entertainment, Inc.'s Second Set of Interrogatories, dated July 7, 2009, Interrogatory No. 29, Sarles Decl., Ex. 4.

[8]    See TAAC Exhibits, Dkt No. 5607; Bryant v. Mattel, 573 F. Supp. 2d at 1264 (requiring that Mattel detail "the time, place, and manner of each act of fraud, [and] the role of each defendant in each scheme.").

[9]    See, e.g., Mattel's Second Supplemental Response to MGA's First Set of Interrogatories, dated May 23, 2008, Interrogatory No. 1, Sarles Decl., Ex. 1; Corrected Supplemental Objections and Responses of Mattel, Inc. to MGA Entertainment, Inc.'s First Set of Phase 2 Interrogatories, dated October 9, 2009, Interrogatory Nos. 4, 5, 9, 10, (footnote continued)

the purpose of "executing and attempting to execute the scheme to improperly defraud Mattel and steal its trade secret or otherwise confidential and proprietary information and infringe Mattel's rights and conceal such misconduct." ¶ 137.   They include allegations that Bratz Criminal Enterprise members:

- willfully infringed Mattel's copyrights in Bratz works (¶ 141(i));
- submitted false information in sworn applications to the U.S. Copyright Office and the U.S. Patent Office (¶ 141(d)(i));
- gave knowingly false testimony during the Phase 1 trial (¶ 141 (d)(ii));
- tampered with evidence by altering Bryant's contract with MGA relating to Bratz to conceal evidence that Bryant faxed the contract from Mattel's offices (¶ 141(c)(i));
- altered numerous original drawings created by Bryant by back-dating the drawings (¶ 141(c)(ii));
- destroyed electronic and other evidence, including by destroying evidence previously contained on Carter Bryant's and Isaac Larian's computer hard drives and evidence in possession of Farhad Larian (¶ 141(c)(iii)); and
- altered tax records and other business documents, including by use of false names and false social security numbers, to conceal the bribery of Mattel employees (¶ 141(c)(iv)).

## C.   The IGWT Criminal Enterprise

As pleaded in the TAAC, the IGWT Criminal Enterprise employs or is associated-in-fact with MGA, MGA Entertainment (HK) Limited, Larian, IGWT Group, IGWT 826 Investments, Lexington Financial Limited, Omni 808, Vision Capital, Leon Neman, Fred Mashian, Neil Kadisha, Jahangir Eli Makabi, Shirin Larian Makabi, Angela Larian, The Makabi Living Trust, The Larian Living Trust, The Angela Larian Qualified Annuity Trust, The Isaac E. Larian Qualified Annuity Trust, The Jahangir Eli Makabi Qualified Annuity Trust, The Shirin Larian Makabi Qualified Annuity Trust, and certain of the Doe Counter-defendants. ¶ 136. The IGWT Criminal Enterprise is linked to the following predicate acts: mail fraud (18 U.S.C. § 1341), wire

and 11, Sarles Decl., Ex. 2; Mattel's Second Supplemental Objections and Responses to Interrogatory Nos. 20-23 and 28 in MGA Entertainment, Inc.'s Second Set of Interrogatories, dated September 14, 2009, Interrogatory Nos. 22 and 28, Sarles Decl., Ex. 3; Mattel's Second Supplemental Objections and Responses to MGA Entertainment, Inc.'s Second Set of Interrogatories, dated July 7, 2009, Interrogatory No. 29, Sarles Decl., Ex. 4.

1   fraud (18 U.S.C. § 1343), interstate and foreign travel to aid racketeering (18 U.S.C. §

2   1952), concealment of assets (18 U.S.C. § 152(7)), money laundering (18 U.S.C. §

3   1956), use of unlawful funds (18 U.S.C. § 1957), and criminal copyright infringement

4   (18 U.S.C. § 2319(a) and 17 U.S.C. § 506(a)(1)(A)).  ¶ 138.

5          The IGWT Criminal Enterprise's alleged predicate acts are detailed both in

6   the TAAC and in interrogatory responses.[10] They involve a pattern of racketeering for

7   the purpose of infringing Mattel's rights and transferring, transporting or laundering the

8   ill-gotten gains from their infringements and the MGA and Bratz Criminal Enterprises'

9   thefts and infringements, and secreting MGA assets and purportedly obtaining priority

10  over Mattel by means of tortious, fraudulent, and criminal conduct.  ¶ 138.

11         Mattel alleges that MGA and Larian have engaged in a complex scheme to

12  transfer, launder or otherwise hide the ill-gotten funds they have obtained by virtue of

13  their unlawful conduct and have gone to extensive lengths to cover up and obscure such

14  activities.  ¶ 105.  The racketeers employed by and associated-in-fact with the IGWT

15  Criminal Enterprise have funded further wrongdoing by MGA and Larian, including

16  the purported purchase, at a substantial discount, of the note held by MGA's then-

17  largest creditor, Wachovia.  ¶ 107.  By this scheme, Larian and his co-conspirators

18  sought to disguise their identities and to obtain purported priority as an alleged secured

19  creditor (rather than as a shareholder) over Mattel's claims against MGA's assets.  Id.

20  MGA and Larian conducted and participated in this scheme with the purpose of

21  concealing and manipulating their assets and liabilities and the appearance of their

22  financial condition in anticipation of their liability to Mattel, and for the purpose of

23  minimizing any exposure due to that liability.  Id.

24

25  [10] See, e.g., Corrected Supplemental Objections and Responses of Mattel, Inc. to MGA Entertainment, Inc.'s First Set of Phase 2 Interrogatories, dated October 9, 2009,

26  Interrogatory Nos. 5 and 10, Sarles Decl., Ex. 2; Mattel's Second Supplemental Objections and Responses to Interrogatory Nos. 20-23 and 28 in MGA Entertainment,

27  Inc.'s Second Set of Interrogatories, dated September 14, 2009, Interrogatory No. 28, Sarles Decl., Ex. 3; Mattel's Second Supplemental Objections and Responses to MGA

28  Entertainment, Inc.'s Second Set of Interrogatories, dated July 7, 2009, Interrogatory No. (footnote continued)

### D.   The Counter-Defendants Are Linked to Predicate Acts

MGA's contention that the Counter-defendants are not linked to predicate acts is not correct.  Mattel specifically links each of the Counter-defendants to predicate acts.  See ¶ 141 (a)-(i).  MGA, MGA Entertainment (HK) Limited, and Larian are linked to all nine predicate acts.  MGA de Mexico, Machado, and Bryant are linked to mail fraud (18 U.S.C. § 1341), wire fraud (18 U.S.C. § 1343), tampering with a witness victim, or informant (18 U.S.C. § 1512), influencing or injuring officer or juror generally (18 U.S.C. § 1503), interstate and foreign travel in aid of racketeering enterprises (18 U.S.C. § 1952), and criminal copyright infringement (18 U.S.C. § 2319(a) and 17 U.S.C. § 506(a)(1)(A)).  Mattel also clearly identifies predicate acts at issue in its pleading, both in those paragraphs and in the attached exhibits which detail mail and wire fraud communications.[11]

### E.   Mattel's RICO Injuries Are Properly Alleged

Contrary to MGA's contentions, Mattel identifies the nature of its injuries suffered through the Counter-defendants' RICO activities.  These include specific allegations of injury to Mattel, not just benefit to MGA, such as ¶ 41 ("Counter-defendants' continued use, sale, distribution and licensing of Bratz thus infringes upon Mattel's rights" and "injures Mattel"), ¶ 98 ("the misappropriated confidential and proprietary information taken from Mattel is being disclosed to and used ... to the detriment of Mattel"), and ¶ 122 ("These transactions have had the effect of ... further infringing Mattel's intellectual property").  As the Court has recognized, "[d]amages easily flow from theft of trade secrets and confidential information committed by a direct competitor and from infringement of copyrights that are alleged to have been used to make millions – if not billions – of dollars."[12]

MGA argues that Mattel cannot be injured by obstruction of justice and

---

29, Sarles Decl., Ex. 4.
[11] TAAC ¶ 141 and Exhibits thereto, Dkt No. 5607.
[12] Bryant v. Mattel, 573 F. Supp. 2d at 1269,

1  perjury because Mattel "prevailed" in Phase 1, but this Court previously rejected that

2  exact argument.  In granting Mattel leave to file the TAAC, this Court did not credit

3  MGA's argument that there can be no injury from its and Larian's perjury because

4  "Mattel prevailed in Phase 1A."  First, "Mattel need not prove that each and every

5  predicate act itself caused harm."[13]   Moreover, MGA's flat claim that Mattel

6  "prevailed" in Phase 1 ignores that the jury did not find that MGA's infringement was

7  willful – a verdict Judge Larson specifically found "█████████████████

8  ███████████████████████████████████████.[14]

### F.   Mattel Has Provided Extensive Discovery On Its RICO Claims

10         As this Court has already held in granting Mattel leave to file the TAAC, a

11  "successfully pleaded RICO claim" often involves "a multitude of seemingly unrelated

12  acts," but "[t]he details are filled in by discovery."[15]  Here, while the facts continue to

13  be investigated, known details have already been supplied at great length.  Mattel has

14  responded to dozens of interrogatories seeking the bases for its claims.

15         For example, MGA's first three interrogatories in this case asked Mattel to

16  "state all facts, with particularity, and IDENTIFY ALL DOCUMENTS" that support

17  Mattel's contentions in this case, identify all persons with knowledge of those facts, and

18  "[s]tate, with particularity, the nature, amount, cause and calculation of every item of

19  [Mattel's] alleged damages" in this case.   Mattel's responses to those three

20  interrogatories span over 250 pages.  Mattel has also responded at length to MGA's

21  Interrogatory No. 28, which asked Mattel to "describe in detail the complete factual

22  basis for YOUR COUNTERCLAIMS."  MGA ignores in its Motion that Mattel has

23  responded at length to multiple MGA interrogatories seeking information concerning

---

[13] May 21, 2009 Order at 5, Dkt. No. 5565.
[14] September 22, 2009 Sealed *In Camera* Hearing Tr. at 8:17-9:2 ("█████
██████████████████████████████████████████████████████
████████████████"), Sarles Decl. Ex. 5.
[15] May 21, 2009 Order at 5, 6, Dkt. No. 5565.

1  Mattel's spoliation claims, which are directly relevant to the obstruction of justice

2  predicate acts.[16]  MGA also claims that Mattel has "refused" to answer interrogatories

3  concerning its RICO claims, but admits in a footnote that Mattel has responded to a

4  sweeping interrogatory asking it to "IDENTIFY ANY damages . . . suffered as a result

5  of" MGA's RICO violations.[17]  Despite MGA's complaints, it is no surprise that

6  Mattel's response to a RICO damages interrogatory is "preliminary" at this stage,

7  subject to ongoing fact discovery and forthcoming expert discovery.  In fact, the

8  Discovery Master specifically ruled that Mattel need only provide a preliminary

9  response now, subject to being supplemented based on further fact and expert

10  discovery.[18]

11      **G.      MGA Has Stonewalled Discovery Critical to Mattel's RICO Claims**

12          Meanwhile, MGA has habitually refused discovery in this case and continues to

13  do so.  Numerous examples illustrate MGA's and related parties' stonewalling, and its

14  impact on the state of Mattel's knowledge in this case:

15          o  Until September 16, *2009*, MGA Mexico had not produced a single

16              page of documents even though it is a named defendant and figures

17              centrally in Mattel's Phase 2 claims.[19]

18          o  MGA Canada and Janine Brisbois have yet to produce documents or

19              appear for deposition, even though Mattel first moved prior to the

20              Phase 1 trial for the issuance of a letter of request for the depositions

21              and production of documents by each.[20]

22

---

[16]  See Supplemental Objections and Responses of Mattel, Inc. to MGA Entertainment, Inc.'s First Set of Phase 2 Interrogatories, dated October 9, 2009, Interrogatory Nos. 9, 10, and 11, Sarles Decl., Ex. 2.
[17]  See Parker Decl. Ex. H.
[18]  Discovery Master Order No. 56, dated September 3, 2009, at 50-51, Dkt. No. 6591.
[19]  See Mattel, Inc.'s Notice of Motion and Motion to Compel Production of Documents and Things in Response to Mattel, Inc.'s First Set of Requests for Documents and Things to MGAE de Mexico, S.R.L. de C.V., dated July 15, 2009, at 1, Dkt. No. 5971; see also Letter from William Molinski to Marshall Searcy, dated September 15, 2009, at 1, Sarles Decl., Ex. 6.
[20]  MGA's Preliminary Response to Mattel's Motion for Letters of Request, dated (footnote continued)

1      ○  Mattel noticed the depositions of Pablo Vargas and Mariana Trueba in

2      January 2009, on the day after a year-long stay on discovery was lifted.

3      MGA Mexico refused to produce these witnesses, even though they

4      were employed by MGA Mexico and MGA was paying their attorneys

5      fees.[21]

6      ○  Mattel propounded numerous 30(b)(6) deposition topics relevant to its

7      RICO allegations, but MGA refuses to produce a witness. On January

8      9, 2008, Mattel served Notices of Deposition on MGA and MGA

9      Mexico.[22] MGA has refused to produce witnesses on Topic Nos. 1-14,

10     16-18, 20-32, 33, 35-47, 48-77, 79-81, 83, 85, 86, 88, and 96-101 of

11     the Notice.  Topics 33, 35-47, 83, 85, 86, 88 and 96-101 directly relate

12     to Mattel's RICO claims and the underlying predicate acts, including at

13     least obstruction of justice, mail fraud, wire fraud, and criminal

14     copyright infringement.  Many others relate to the trade secret thefts,

15     which are also relevant to Mattel's RICO claims.

16      ○  Prior to Phase 1, MGA would not produce a 30(b)(6) witness for MGA

17     Canada, claiming it did not have to produce 30(b)(6) witnesses for

18     foreign subsidiaries.  Now, in connection with Mattel's Letter of

19     Request, MGA has claimed that Mattel should not be allowed to

20     depose an MGA Canada 30(b)(6) witnesses because they could have

21     obtained the necessary testimony in the U.S.

22      ○  On August 21, 2009, MGA produced for the first time an email chain

23     between Larian and MGA executive Victoria O'Connor which MGA

24

---

25  February 15, 2008, Dkt. No. 2231.
    [21] See Phase 2 Discovery Master Order No. 52, dated August 26, 2009, at 35 (granting
26  Mattel's Motion for Issuance of Letters of Request for Vargas and Trueba), Dkt. No.
  6437.
27    [22] See Mattel, Inc.'s Fourth Notice of Deposition of MGA Entertainment, Inc., dated
  Jan. 1, 2008, Sarles Dec. Ex. 7; Mattel, Inc.'s Notice of Deposition of MGAE De
28  Mexico, S.R.L. DE CV, Sarles Decl., Ex. 8.

listed on a privilege log prior to the Phase 1 trial. The chain begins with Larian forwarding to O'Connor his statement to a reporter that Bratz was "Born on September 2000," which was a time when Carter Bryant was still employed by Mattel. O'Connor responded, "*don't you think we should say Bratz was born in October when a certain person was no longer with their company?*" to which Larian responded, "good point. Thanks."[23] The Court has recognized that this email should have been produced in Phase 1. It was withheld only based on representations made by MGA's counsel in open Court to Judge Larson that this document and others were entirely privileged, and contained no non-privileged information that could be produced.[24] Then, when Mattel renewed its challenges to MGA's logs earlier this year, MGA again sought to avoid producing this document, claiming MGA's counsel's prior "certifications" as to the privileged nature of the documents on its logs were controlling.[25] And now, even in the face of a Discovery Master Order compelling responses, MGA continues to resist discovery into this email exchange.[26]

o MGA continues to avoid review of additional documents related to crime-fraud issues.[27] ████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

---

[23] See August 31, 2009 Order, Dkt. No. 6544.
[24] Mattel, Inc.'s Response Regarding the Court's August 31, 2009 Order to Show Cause, dated September 18, 2009 at 7-9, Dkt. No. 6812.
[25] Id. at 9-11.
[26] See Mattel, Inc.'s Motion for an Order Enforcing Discovery Master Order No. 66 and Compelling MGA and Larian to Respond to Requests for Admission, dated October 30, 2009, Dkt. No. 7094.
[27] Discovery Master Order No. 42, dated July 29, 2009, Dkt. No. 6098; MGA Parties' Motion for Reconsideration of Order No. 42, dated August 11, 2009, Dkt. No. 6272.



[28]

[34] Mattel's request to remand has now been deferred until the hearing of MGA's appeal on the merits on December 9.

---

[28] August 15, 2008 *In Chambers* Hearing Tr., at 7643:25-7644:1, Sarles Decl., Ex. 9.
[29] See Mattel's Motion To Compel Production of Documents In Furtherance Of Crimes And Frauds and For Which MGA Waived Privilege, dated March 13, 2009. Dkt. No. 5035.
[30] See Discovery Master Order No. 42, dated July 29, 2009, Dkt. No. 6098.
[31] MGA Parties' Motion for Reconsideration of Order No. 42, dated August 11, 2009, Dkt. No. 6272; see also MGA Parties' Supplemental Memorandum in Support of Motion for Reconsideration, dated August 18, 2009, Dkt No. 6380.
[32] See Opposition to Motion for Limited Remand of Cross-Appeal Under Crateo, Inc. v. Intermark, Inc. to Allow District Court to Rule on a Pending Motion, dated October 23, 2009, Sarles Decl., Ex. 10.
[33] See Mattel, Inc.'s Motion for Limited Remand of Cross-Appeal, Under Crateo, Inc. v. Intermark, Inc., to Allow District Court to Rule on a Pending Motion, dated October 13, 2009, Sarles Decl., Ex. 11.
[34] Id.

- o MGA refused to allow any meaningful time to depose Isaac Larian and Ron Brawer regarding Mattel's Phase 2 claims -- despite the fact that both are critical Phase 2 witnesses whose names appear on hundreds of thousands of documents.

- o MGA has refused to provide metadata from Larian's computer, even though Discovery Master Order No. 34 required MGA to produce Larian's hard drive for inspection and gave Mattel access to "any and all information" on it.[35]

- o In November 2007, Mattel sought production of metadata from MGA to prove that emails Mattel attached to its Counterclaims were sent across state and national borders as relevant to RICO.[36] Pursuant to MGA's opposition,[37] the prior Discovery Master denied Mattel's motion with respect to all metadata MGA had not already collected.[38]

- o Discovery into the purportedly "arms-length" Wachovia debt purchase is at an early stage. While MGA sat by silently, Omni 808 initially represented to Judge Larson and the Discovery Master that Isaac Larian had no involvement in the debt acquisition whatsoever: "MR. GORDINIER: *What documents do we have that show that either Mr. Larian or MGA paid money into this to purchase this debt? I can tell you there are none.*"[39]   Later, after the Court-appointed Forensic Auditor concluded otherwise and ██████████████████████

---

[35] Discovery Master Order No. 34, dated May 18, 2009, Dkt. No. 5510.
[36] See Mattel, Inc.'s Motion to Compel Production of Metadata, dated November 21, 2007, Dkt No. 1138.
[37] MGA's Opposition to Mattel, Inc.'s Motion to Compel Production of Metadata, dated November 30, 2009, at 5:13-25, 7:12-8:13, Dkt. No. 1167.
[38] Order Regarding Mattel, Inc.'s Motion to Compel Production of Metadata, dated January 9, 2008, Dkt. No. 1506.
[39] March 4, 2009 Hearing Tr. at 51:3-8, Sarles Decl., Ex. 12. Mr. Gordinier, counsel for Omni 808, made the same false representation to the Court. See February 11, 2009 Hearing Tr. at 71:16 to 72:5 ("THE COURT: Those investors and that money did not come from MGA?  MR. GORDINIER: That's the best of my understanding, Your (footnote continued)

-13-

██████████████████████████, this Court concluded that "[good] cause exists to believe that the MGA parties . . . have engaged in, are engaging in, or are about to engage in transactions, acts, practices and courses of business that constitute fraudulent transfers of assets and violations of Mattel's ownership and other rights in and to the Bratz Brand and Bratz Assets."[40]  Omni then publicly attacked the Court appointed Auditor as a "racist" and its counsel was reprimanded by the Court in a lengthy opinion.[41]  Although it has admitted to possessing them, MGA has refused to produce at least 46 of the documents on which the Court-appointed Forensic Auditor based his analysis and conclusions.[42]

o  Despite the fact that Mattel first served subpoenas on Omni 808 Investors LLC, Omninet LLC, and Vision Capital LLC, all entities involved in the transaction, more than six months ago, each entity's Court-ordered production is still woefully incomplete.  Vision Capital has produced a total of 149 pages, featuring an outdated MGA sales presentation. ██████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

---

Honor. That's true."), Sarles Decl., Ex. 13.
[40]  April 27, 2009 Order at 16, Dkt. No. 5273.
[41]  July 9, 2009 Order, Dkt. No. 5934.
[42]  See Nov. 12, 2009 Letter from Scott L. Watson to Annette Hurst and Exhibit A thereto, Sarles Decl. Ex. 14.  On November 10, 2009, MGA produced one of these emails, from Larian to Leon Farahnik (a purported investor in Omni 808), in which Larian asks for money so Larian can pay back three of the other purported Omni 808 (footnote continued)

███████████████████████████████████

███████████████████████████████.

o  Two days after the Phase 2 stay was lifted, Mattel propounded Requests to both MGA and Larian seeking information related to the financial transactions that are the subject of Mattel's RICO claims.[43] Even though MGA and Larian objected to each and every Request, and refused to produce any documents in response,[44] they nevertheless sought to assist Omni's stonewalling by representing to the Discovery Master in March that Mattel could get all the documents relating to the financial transactions from them instead of the Omni parties.[45] Despite those representations, MGA and Larian still have not produced a single page of such documents to date.

o  On March 4, 2009, Mattel served its First Set of Phase 2 Interrogatories on Isaac Larian, asking Larian to identify any entity (1) in which he and Angela Larian have an ownership interest; or (2) in which any trust he owns has an ownership interest – basic information needed for net worth, to untangle financial transactions alleged in the TAAC, and to conduct follow-up discovery. Mattel moved to compel many months ago, and the Discovery Master ordered Larian to answer

---

"investors." See MGA2 0540057, Sarles Decl., Ex. 15.

[43] See Mattel, Inc.'s First Set of Requests for Document and Things to Isaac Larian (Phase 2), dated January 8, 2009, Sarles Decl., Ex. 16; Mattel, Inc.'s First Set of Requests for Document and Things to MGA Entertainment, Inc. (Phase 2), dated January 8, 2009, Sarles Decl., Ex. 17.

[44] See, e.g., Responses to Requests for Documents and Things to MGA Entertainment, Inc. (Phase 2), dated February 6, 2009, at Request Nos. 17 (documents relating to any transfer of items of value to IGWT Group, LLC); 27 (documents relating to agreements between MGA and Vision Capital); 28-30 (documents sufficient to identify owners of IGWT Parties and Omni), Sarles Decl., Exh. 18.

[45] March 4, 2009 Hearing Transcript, at 84:6-7, Sarles Decl., Exh. 12.

-15-

those interrogatories.[46]  Rather than comply, Larian filed objections,
which are currently pending before the Court.[47]

## Argument

## I.    A RICO CASE STATEMENT CANNOT BE USED TO ALTER PLEADING STANDARDS

### A.    The Ninth Circuit Has Expressed Disapproval Of RICO Case Statements As Pleading Devices

To the extent MGA seeks a RICO case statement as a pleading device, its request is improper.  The Ninth Circuit has expressly disapproved of RICO case statements as pleading devices. In a footnote to its Motion, MGA cites Wagh v. Metris Direct, Inc., 348 F.2d 1102 (9th Cir. 2003), as support for its assertion that other courts have used RICO case statements.[48]  The version of Wagh to which MGA cites was subsequently amended, at 363 F.3d 821 (9th Cir. 2003).  More importantly, MGA does not disclose that in both versions of the decision, the Ninth Circuit expressly disapproves of the use of RICO case statements as pleading devices because they can "require far more information from plaintiffs than is required under either Rule 8(a) or 9(b) of the Federal Rules."  See Wagh, 363 F.3d at 828.  The Court said this while citing a RICO case statement form that is virtually identical to that proposed by MGA. See Wagh, 363 F.3d at 827 (noting that the RICO case statement at issue was nearly verbatim to that issued in Lyman Steel Co. v. Shearson Lehman Bros., Inc., 1986 U.S. Dist. LEXIS 29346 (N.D. Ohio Feb. 13, 1986)); compare MGA's [Proposed] Order with Lyman.[49]  Thus, under Ninth Circuit law, the use of the RICO case statement form sought by MGA, at least as a pleading device, would be improper and in conflict with the Federal Rules.  See also Stewart v. Wachowski, 2005 WL 6186374, at *6 (C.D. Cal.

---

[46]  Phase 2 Discovery Master Order No. 46, dated August 14, 2009, Dkt No. 6407.
[47]  Larian's Objections to Discovery Master Order No. 46 Regarding Responses to Phase 2 Interrogatories, dated August 28, 2009, Dkt. No. 6476.
[48]  Motion at 17, n.12.
[49]  Lyman Steel Co. v. Shearson Lehman Bros., Inc., 1986 U.S. Dist. LEXIS 29346 (footnote continued)

June 14, 2005) (citing <u>Wagh</u> and refusing to consider "failure timely to file a RICO case statement" as a basis for dismissal of a complaint, including mail and wire fraud claims); <u>Mendoza v. Zirkle Fruit Co.</u>, 2000 WL 33225470, at *5 (E.D. Wash. Sept. 27, 2000) ("Plaintiffs raise a valid concern that a local rule which heightens the pleading standard may be inconsistent with the spirit and intent of Rule 8 and its clear mandate of notice pleading"), <u>overruled on other grounds</u>, 301 F.3d 1163 (9th Cir. 2002).

In <u>Wagh</u>, 363 F.3d at 828, the Ninth Circuit approved of a "cautious" approach adopted by the Second Circuit in <u>Commercial Cleaning Servs., L.L.C. v. Colin Serv. Sys., Inc.</u>, 271 F.3d 374, 385-86 (2d Cir. 2001). That case held that when a "Standing Order calls for information far in excess of the essential elements of a RICO claim . . . it may not make the prosecution of the action dependent on the plaintiff's ability to furnish more information than is required, as a matter of law, to prove the essential elements of a claim." That appears to be what MGA requests here. MGA's motion demands that Mattel's discovery and prosecution of this case be limited not by its pleading, but by its ability – before it has had an opportunity to take, let alone complete, significant discovery – to articulate every conceivably relevant fact and theory. Under <u>Wagh</u>, that is impermissible. Indeed, the procedure set forth in <u>Barsekian v. First Am. Loanstar Trustee Servs.</u>, 2009 WL 56893 (C.D. Cal. Jan. 6, 2009), which MGA requests be implemented here,[50] directly conflicts with the Ninth Circuit's decision in <u>Wagh</u>. Specifically, <u>Barsekian</u> states that the RICO case statement will be treated as part of plaintiff's pleading and failure to file it will result in dismissal of plaintiff's RICO claim. <u>See Barsekian</u>, 2009 WL at 56893, *2. That is impermissible under <u>Wagh</u>.

## B. MGA Has Waived Any Challenges To The Sufficiency Of Mattel's Operative Counterclaims

MGA spends over 15 pages of its brief raising arguments about the

_____

(N.D. Ohio Feb. 13, 1986), Sarles Decl., Ex. 19.

1   supposed insufficiency of Mattel's RICO allegations.  But MGA chose not challenge

2   the sufficiency of the TAAC's allegations when it had the chance.  MGA did not move

3   to dismiss and did not request a more definite statement; instead, after leave to file the

4   TAAC was granted, MGA simply answered the TAAC several months ago.[51]  Notably,

5   MGA also failed to move to dismiss or request a more definite statement as to Mattel's

6   SAAC, which was filed on *July 12, 2007*.  And this all came after MGA *did* move to

7   dismiss when Mattel first filed its Counterclaims, in early 2007 (after seeking leave to

8   file them in November 2006).[52]  MGA cites numerous cases in support of the notion

9   that RICO case statements are proper, but those cases imposed such a requirement prior

10  to defendants' answer or at the motion to dismiss stage.[53]  That stage has come and

11  gone.  As the Federal Rules recognize, MGA cannot now claim to be confused or

12  unable to understand RICO allegations to which it has already answered, and which this

13  Court has expressly ruled are sufficient.

14       In 2007, this Court considered at great length and upheld the sufficiency of

15  Mattel's RICO allegations, with the exception of the mail and wire fraud predicate acts,

16  which the Court gave Mattel leave to amend (and which Mattel then pleaded with

17  greater particularity).  See Bryant v. Mattel, Inc., 573 F. Supp. 2d 1254, 1260-70 (C.D.

18  Cal. 2007).  This Court ruled that "Mattel has sufficiently pleaded the existence of a

19

---

20  [50]   Motion at 18:15-19.
    [51]   MGA Parties' Answer and Affirmative Defenses to Mattel, Inc.'s Third Amended
21  Answer and Counterclaims, dated June 29, 2009, Dkt. No. 5798.
    [52]   See Bryant v. Mattel, Inc., 573 F. Supp. 2d 1254, 1260-70 (C.D. Cal. 2007); Notice
22  of Motion and Motion for Leave to File Amended Complaint, dated Nov. 20, 2006, Dkt.
    No. 89.
23  [53]   See Wagh, 363 F.3d at 825 (considering a motion to dismiss); Barsekian., 2009 WL
    56893, at *2 (granting motion to dismiss with leave to amend); Banks v. Gail, 2008 WL
24  4661705, at *1 (C.D. Cal. 2008) (noting that Court had previously granted a motion to
    dismiss, with leave for plaintiff to amend and file a RICO case statement); Northland Ins.
25  Co. v. Shell Oil Co., 930 F. Supp. 1069, 1070-71 (D. N.J. 1996) (noting that plaintiff's
    allegations were extremely vague and that defendant had not yet answered); Figueroa
26  Ruiz v. Alegria, 896 F.2d 645, 646-47 (1st Cir. 1990) (court granting motion to dismiss
    with prejudice for failure to state a claim and improper service, as well as for failure to
27  file RICO case statement in conjunction with amended complaint).  The one exception,
    Marriot Bros. v. Gage, 911 F.2d 1105, 1107-08 (5th Cir. 1990), dealt with a RICO case
28  statement ordered at the summary judgment stage.  However, the Ninth Circuit in Wagh
    (footnote continued)

-18-

1  RICO enterprise," and sufficiently alleged predicate acts of evidence tampering, Travel
2  Act violations, criminal copyright violations, and RICO damages, including specifically
3  from theft of trade secrets, flowing from those predicate acts. The Court granted Mattel
4  leave to amend its mail fraud and wire fraud predicate acts and, based on MGA's
5  representations, expected the MGA parties to subsequently file "a motion to dismiss the
6  [then-forthcoming] SAAC." Id. at 1266. MGA never did so. Nor did MGA challenge
7  the sufficiency of the TAAC. MGA apparently has understood these allegations for
8  two and a half years; it cannot now argue that Mattel's allegations have become
9  "deficient" or "lack clarity." In any event, MGA has waived any arguments on this
10 basis. See Beery v. Hitachi Home Electronics (Am.), Inc., 157 F.R.D. 477, 480 (C.D.
11 Cal. 1993) (motion for more definite statement cannot be made after party files
12 responsive pleading).

13            MGA also claims that a RICO case statement is necessary to require
14 circumstances surrounding the TAAC's mail and wire fraud predicate acts "to be
15 identified with particularity."[54] The TAAC's fraud allegations already are, as they must
16 be, stated with particularity. See Fed. R. Civ. Proc. 9(b). In any event, MGA has
17 waived its right to object on this ground as well. Prakash v. Pulsent Corp. Employee
18 Long Term Disability Plan, 2008 WL 3905445, at *2 (N.D. Cal. Aug. 20, 2008)
19 ("Plaintiffs waived their objections under 9(b)" because they "did not assert this
20 defense in a timely manner" and "Rule 12(h)(1) waiver provisions apply to Rule 9(b)
21 motion[s].") (citing United Nat'l Records, Inc. v. MCA, Inc., 6090 F. Supp. 33, 39
22 (N.D. Ill. 1984); see also United States v. Tenet Healthcare Corp., 481 F. Supp. 2d 689,
23 697 (W.D. Tex. 2007) ("A party who fails to raise a Rule 9(b) objections normally
24 waives the requirement.") (citing 2A Moore, et al., Moore's Federal Practice ¶ 9.03 (2d
25 ed. 1984)); HMBI, Inc. v. Schwartz, 2009 WL 3390865, at *6 (N.D. Ind. 2009) ("A
26 party who fails to raise a Rule 9(b) objection normally waives the requirement. The

27 _____

28 expressly addressed *and disapproved of* Marriot Bros. See Wagh, 363 F.3d at 827-28.

1  time limitation . . . is analogous to Rule 12(h)(1), regarding defenses under Rules

2  12(b)(1) through (5).") (internal citations omitted).

3  ## II.   A RICO CASE STATEMENT IS PREMATURE

4       Mattel has already provided MGA with extensive interrogatory responses

5  containing the information Mattel has learned to date.[55]  As the Court is aware, Mattel

6  intends to further amend its Counterclaims.  MGA itself acknowledges that "substantial

7  amendments"[56] may yet be made to Mattel's RICO claims, but nonetheless demands a

8  RICO case statement immediately.[57]  It would make no sense to require a RICO case

9  statement prior to a ruling on Mattel's Motion for leave to amend its Counterclaims,

10  which the Court has instructed should not be brought until Mattel has had a fair

11  opportunity to obtain the discovery necessary to perfect the details of the RICO claims.

12  As discussed above, Mattel is awaiting discovery from MGA on numerous issues

13  critical to its RICO claims.   MGA cannot insist that Mattel provide complete

14  information concerning its claims even as MGA continues to withhold from Mattel

15  material facts that are in MGA's exclusive possession.

16       In addition to the many outstanding fact discovery issues, several of the

17  topics in MGA's proposed RICO case statement call for information that will be the

18  subject of expert testimony.  Topic 9 asks for a description of the "benefits" MGA

19  received from its racketeering.  Topic 15 asks for a description of all alleged injuries,

20  and Topic 17 asks that each of Mattel's alleged damages be listed and linked to

21  individual defendants.  To the extent Mattel has not already answered these questions

22  through its interrogatory responses, further information will be obtained via expert

23  analysis.  Courts routinely recognize that many damages issues, including theories of

24

25  [54]  Motion at 19.
   [55]  See supra, at 8.

26  [56]  Motion at 16:3-6,
   [57]  Motion at 15:27-28 (requesting pretrial conference "at the Court's earliest

27  opportunity"); Amended [Proposed] Order Granting Motion for Trial Setting Conference
and for Order Requiring Mattel to File a RICO Case Statement, dated Nov. 12, 2009

28  (proposing that Mattel file and serve RICO case statement 10 days prior to pretrial
(footnote continued)

1   damages, cannot be determined until expert testimony is completed.  See New Haven

2   Temple SDA Church v. Consolidated Edison Corp., 1995 WL 358788, at *5 (S.D.N.Y.

3   June 13, 1995) (sustaining objections to interrogatory because "[t]o the extent that the

4   theories of damages applicable to these claims may be related to the damages sought by

5   plaintiff's fourth claim, the interrogatory is premature"); Ziemack v. Centel Corp., 1995

6   WL 729295, at *2-3 (N.D. Ill. Dec. 7, 1995) (granting in part motion to compel

7   interrogatory responses but noting that "this Court does not expect Plaintiffs to address

8   the issues that will be more appropriately dealt with by experts, at a later date" and

9   "[s]ince experts have not been either retained or deposed, much of the remaining

10  discovery is also premature.").  The Discovery Master has likewise already recognized

11  this as to this very issue.[58]

12          Further, Topic 16 of MGA's proposed RICO case statement requires

13  Mattel to set forth "the direct causal relationship between" its alleged injuries and

14  MGA's RICO violations.  A causation analysis is an area suited for expert analysis.

15  See American Booksellers Ass'n, Inc. v. Barnes & Noble, Inc., 135 F.Supp.2d 1031,

16  1042 (N.D. Cal. 2001) ("only expert testimony can demonstrate that any injury to

17  plaintiffs was caused by defendants' unlawful conduct"); see also Cabrera v. Cordis

18  Corp., 134 F.3d 1418, 1423 (9th Cir. 1998) (affirming grant of summary judgment in

19  product liability action because without expert testimony, plaintiff "could not prove

20  causation or liability"); Claar v. Burlington Northern R. Co., 29 F.3d 499, 504 (9th Cir.

21  1994) (expert testimony necessary to establish causation required by FELA); Sanderson

22  v. International Flavors and Fragrances, Inc., 950 F.Supp. 981, 985 (C.D. Cal. 1996)

23  (expert testimony required to establish causation in personal injury action).  Before

24  Mattel can determine and disclose precisely all the harm it has suffered as a result of

25  MGA's wrongdoing, the MGA Parties must stop stonewalling as to information

26  essential to define that wrongdoing.  In any case, expert analyses are not yet due.  Thus,

27  _____

28  conference).

-21-

even if a RICO case statement were appropriate, it would be counterproductive to require one until discovery progresses in a meaningful fashion and Mattel obtains the information necessary.

### III.   MGA'S MOTION FOR A TRIAL SETTING CONFERENCE IS MOOT

Since MGA filed its Motion requesting a Rule 16 pre-trial conference, the parties have discussed scheduling with the Court at length, and will continue to do so. To the extent MGA seeks a more formal Rule 16 conference where binding trial management decisions are made, Mattel submits that this too is premature.  Indeed, as many courts have recognized, a Rule 16 pre-trial conference should be held only *after* the close of discovery and briefing.  See, e.g., BMC-The Benchmark Management Co. v. Ceebraid-Signal Corp., 2006 WL 2189706, at *6 (N.D. Ga. Aug. 1, 2006) ("A Rule 16 conference is premature.  The issues to be litigated in this case will not be fully developed until the completion of discovery and summary judgment briefing."); Wolfe v. O'Neill, 336 F. Supp. 1255, 1264 (D. Alaska 1972) ("since discovery is not yet complete at this time, the Court finds to motion for pre-trial conference to be premature").

### Conclusion

For the foregoing reasons, MGA's Motion should be denied in its entirety.

DATED:  November 16, 2009          QUINN EMANUEL URQUHART OLIVER & HEDGES. LLP


                                   By /s/ Michael T. Zeller
                                      Michael T. Zeller
                                      Attorneys for Mattel. Inc.

---

[58]   Discovery Master Order No. 56, dated September 3, 2009, at 50-51, Dkt. No. 6591.