1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
   John B. Quinn (Bar No. 090378)
2    (johnquinn@quinnemanuel.com)
   Michael T. Zeller (Bar No. 196417)
3    (michaelzeller@quinnemanuel.com)
   Jon D. Corey (Bar No. 185066)
4    (joncorey@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
5  Los Angeles, California  90017-2543
   Telephone:  (213) 443-3000
6  Facsimile:  (213) 443-3100

7  Attorneys for Mattel, Inc.

8                UNITED STATES DISTRICT COURT

9                CENTRAL DISTRICT OF CALIFORNIA

10                    SOUTHERN DIVISION

11

12 | MATTEL, INC., a Delaware corporation, | CASE NO. CV 04-9049 DOC (RNBx) |
|---|---|
|  | Hon. David O. Carter |
| Plaintiff, | DECLARATION OF JOSEPH SARLES IN SUPPORT OF MATTEL, INC.'S OPPOSITION TO THE MGA DEFENDANTS' MOTION FOR TRIAL SETTING CONFERENCE AND FOR ORDER REQUIRING MATTEL TO FILE A RICO CASE STATEMENT |
| vs. |  |
| MGA ENTERTAINMENT, INC., a California corporation, et al., |  |
| Defendant. |  |
| AND CONSOLIDATED ACTIONS |  |
| **PUBLIC REDACTED VERSION** |  |

**Phase 2:**
Discovery Cut-off:     TBD
Pre-trial Conference: TBD
Trial Date:              TBD

**1 of 3**

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## DECLARATION OF JOSEPH SARLES

I, Joseph Sarles, declare as follows:

1.      I am a member of the bar of the State of California, admitted to practice in the Central District of California and elsewhere, and an associate at Quinn Emanuel Urquhart Oliver & Hedges, LLP, attorneys for Mattel, Inc. ("Mattel"). I make this declaration of personal, firsthand knowledge, and if called and sworn as a witness, I could and would testify competently thereto.

2.      Attached hereto as Exhibit 1 is a true and correct copy of relevant excerpts from Mattel's Second Supplemental Response to MGA's First Set of Interrogatories, dated May 23, 2008.

3.      Attached hereto as Exhibit 2 is a true and correct copy of relevant excerpts from the Corrected Supplemental Objections and Responses of Mattel, Inc. to MGA Entertainment, Inc.'s First Set of Phase 2 Interrogatories, dated October 9, 2009.

4.      Attached hereto as Exhibit 3 is a true and correct copy of relevant excerpts from Mattel's Second Supplemental Objections and Responses to Interrogatory Nos. 20-23 and 28 in MGA Entertainment, Inc.'s Second Set of Interrogatories, dated September 14, 2009.

5.      Attached hereto as Exhibit 4 is a true and correct copy of relevant excerpts from Mattel's Second Supplemental Objections and Responses to MGA Entertainment, Inc.'s Second Set of Interrogatories, dated July 7, 2009.

6.      Attached hereto as Exhibit 5 is a true and correct copy of relevant excerpts from the sealed transcript of the sealed *in camera* hearing in this matter dated September 22, 2009.

7.      Attached hereto as Exhibit 6 is a true and correct copy of the Letter from William Molinski to Marshall Searcy, dated September 15, 2009.

8.      Attached hereto as Exhibit 7 is a true and correct copy of Mattel, Inc.'s Fourth Notice of Deposition of MGA Entertainment, Inc., dated Jan. 1, 2008.

1    9.    Attached hereto as Exhibit 8 is a true and correct copy of Mattel,

2  Inc.'s Notice of Deposition of MGAE De Mexico, S.R.L. DE CV, dated January 9,

3  2008.

4    10.    Attached hereto as Exhibit 9 is a true and correct copy of

5  relevant excerpts from the court reporter's official transcript of the August 15, 2008

6  *In Chambers* Hearing in this matter.

7    11.    Attached hereto as Exhibit 10 is a true and correct copy of

8  MGA's Opposition to Motion for Limited Remand of Cross-Appeal Under Crateo,

9  Inc. v. Intermark, Inc. to Allow District Court to Rule on a Pending Motion, dated

10  October 23, 2009.

11    12.    Attached hereto as Exhibit 11 is a true and correct copy of

12  Mattel, Inc.'s Motion for Limited Remand of Cross-Appeal, Under Crateo, Inc. v.

13  Intermark, Inc., to Allow District Court to Rule on a Pending Motion, dated October

14  13, 2009.

15    13.    Attached hereto as Exhibit 12 is a true and correct copy of

16  relevant excerpts from the court reporter's official transcript of the March 4, 2009

17  Hearing in this matter.

18    14.    Attached hereto as Exhibit 13 is a true and correct copy of

19  relevant excerpts from the court reporter's official transcript of the February 11,

20  2009 Hearing in this matter.

21    15.    Attached hereto as Exhibit 14 is a true and correct copy of the

22  November 12, 2009 Letter from Scott L. Watson to Annette Hurst and Exhibit A

23  thereto.

24    16.    Attached hereto as Exhibit 15 is a true and correct copy of the

25  document Bates-numbered MGA2 0540057.

26    17.    Attached hereto as Exhibit 16 is a true and correct copy of Mattel,

27  Inc.'s First Set of Requests for Document and Things to Isaac Larian (Phase 2),

28  dated January 8, 2009.

00505.07975/3204914.1

DECLARATION OF JOSEPH SARLES

1           18.    Attached hereto as Exhibit 17 is a true and correct copy of

2  Mattel, Inc.'s First Set of Requests for Document and Things to MGA

3  Entertainment, Inc. (Phase 2), dated January 8, 2009.

4           19.    Attached hereto as Exhibit 18 is a true and correct copy of

5  Responses to Requests for Documents and Things to MGA Entertainment, Inc.

6  (Phase 2), dated February 6, 2009.

7           20.    Attached hereto as Exhibit 19 is a true and correct copy of

8  Lyman Steel Co. v. Shearson Lehman Bros., Inc., 1986 U.S. Dist. LEXIS 29346

9  (N.D. Ohio Feb. 13, 1986).

10

11          I declare under penalty of perjury under the laws of the United States of

12  America that the foregoing is true and correct, and that this Declaration was

13  executed on November 16, 2009 at Los Angeles, California.

14

15                            Joseph Sarles

16

17

18

19

20

21

22

23

24

25

26

27

28

4

# EXHIBIT 1

EXHIBIT FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

# EXHIBIT 2

EXHIBIT FILED UNDER
SEAL PURSUANT TO
PROTECTIVE ORDER

1   QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
      John B. Quinn (Bar No. 090378)
2      (johnquinn@quinnemanuel.com)
      Michael T. Zeller (Bar No. 196417)
3      (michaelzeller@quinnemanuel.com)
      Jon D. Corey (Bar No. 185066)
4      (joncorey@quinnemanuel.com)
    865 South Figueroa Street, 10th Floor
5   Los Angeles, California  90017-2543
    Telephone:   (213) 443-3000
6   Facsimile:   (213) 443-3100

7   Attorneys for Mattel, Inc.

8                     UNITED STATES DISTRICT COURT

9                    CENTRAL DISTRICT OF CALIFORNIA

10                         SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation, | CASE NO. CV 04-9049 DOC (RNBx) |
| | Hon. David O. Carter |
| Plaintiff, | DECLARATION OF JOSEPH SARLES IN SUPPORT OF MATTEL, INC.'S OPPOSITION TO THE MGA DEFENDANTS' MOTION FOR TRIAL SETTING CONFERENCE AND FOR ORDER REQUIRING MATTEL TO FILE A RICO CASE STATEMENT |
| vs. | |
| MGA ENTERTAINMENT, INC., a California corporation, et al., | |
| Defendant. | |
| AND CONSOLIDATED ACTIONS | |
| **PUBLIC REDACTED VERSION** | **Phase 2:** Discovery Cut-off:     TBD Pre-trial Conference: TBD Trial Date:              TBD |
| | **2 of 3** |

## DECLARATION OF JOSEPH SARLES

I, Joseph Sarles, declare as follows:

1. I am a member of the bar of the State of California, admitted to practice in the Central District of California and elsewhere, and an associate at Quinn Emanuel Urquhart Oliver & Hedges, LLP, attorneys for Mattel, Inc. ("Mattel"). I make this declaration of personal, firsthand knowledge, and if called and sworn as a witness, I could and would testify competently thereto.

2. Attached hereto as Exhibit 1 is a true and correct copy of relevant excerpts from Mattel's Second Supplemental Response to MGA's First Set of Interrogatories, dated May 23, 2008.

3. Attached hereto as Exhibit 2 is a true and correct copy of relevant excerpts from the Corrected Supplemental Objections and Responses of Mattel, Inc. to MGA Entertainment, Inc.'s First Set of Phase 2 Interrogatories, dated October 9, 2009.

4. Attached hereto as Exhibit 3 is a true and correct copy of relevant excerpts from Mattel's Second Supplemental Objections and Responses to Interrogatory Nos. 20-23 and 28 in MGA Entertainment, Inc.'s Second Set of Interrogatories, dated September 14, 2009.

5. Attached hereto as Exhibit 4 is a true and correct copy of relevant excerpts from Mattel's Second Supplemental Objections and Responses to MGA Entertainment, Inc.'s Second Set of Interrogatories, dated July 7, 2009.

6. Attached hereto as Exhibit 5 is a true and correct copy of relevant excerpts from the sealed transcript of the sealed *in camera* hearing in this matter dated September 22, 2009.

7. Attached hereto as Exhibit 6 is a true and correct copy of the Letter from William Molinski to Marshall Searcy, dated September 15, 2009.

8. Attached hereto as Exhibit 7 is a true and correct copy of Mattel, Inc.'s Fourth Notice of Deposition of MGA Entertainment, Inc., dated Jan. 1, 2008.

2

1        9.    Attached hereto as Exhibit 8 is a true and correct copy of Mattel,

2  Inc.'s Notice of Deposition of MGAE De Mexico, S.R.L. DE CV, dated January 9,

3  2008.

4        10.   Attached hereto as Exhibit 9 is a true and correct copy of

5  relevant excerpts from the court reporter's official transcript of the August 15, 2008

6  *In Chambers* Hearing in this matter.

7        11.   Attached hereto as Exhibit 10 is a true and correct copy of

8  MGA's Opposition to Motion for Limited Remand of Cross-Appeal Under Crateo,

9  Inc. v. Intermark, Inc. to Allow District Court to Rule on a Pending Motion, dated

10  October 23, 2009.

11       12.   Attached hereto as Exhibit 11 is a true and correct copy of

12  Mattel, Inc.'s Motion for Limited Remand of Cross-Appeal, Under Crateo, Inc. v.

13  Intermark, Inc., to Allow District Court to Rule on a Pending Motion, dated October

14  13, 2009.

15       13.   Attached hereto as Exhibit 12 is a true and correct copy of

16  relevant excerpts from the court reporter's official transcript of the March 4, 2009

17  Hearing in this matter.

18       14.   Attached hereto as Exhibit 13 is a true and correct copy of

19  relevant excerpts from the court reporter's official transcript of the February 11,

20  2009 Hearing in this matter.

21       15.   Attached hereto as Exhibit 14 is a true and correct copy of the

22  November 12, 2009 Letter from Scott L. Watson to Annette Hurst and Exhibit A

23  thereto.

24       16.   Attached hereto as Exhibit 15 is a true and correct copy of the

25  document Bates-numbered MGA2 0540057.

26       17.   Attached hereto as Exhibit 16 is a true and correct copy of Mattel,

27  Inc.'s First Set of Requests for Document and Things to Isaac Larian (Phase 2),

28  dated January 8, 2009.

1          18.   Attached hereto as Exhibit 17 is a true and correct copy of

2    Mattel, Inc.'s First Set of Requests for Document and Things to MGA

3    Entertainment, Inc. (Phase 2), dated January 8, 2009.

4          19.   Attached hereto as Exhibit 18 is a true and correct copy of

5    Responses to Requests for Documents and Things to MGA Entertainment, Inc.

6    (Phase 2), dated February 6, 2009.

7          20.   Attached hereto as Exhibit 19 is a true and correct copy of

8    Lyman Steel Co. v. Shearson Lehman Bros., Inc., 1986 U.S. Dist. LEXIS 29346

9    (N.D. Ohio Feb. 13, 1986).

10

11         I declare under penalty of perjury under the laws of the United States of

12   America that the foregoing is true and correct, and that this Declaration was

13   executed on November 16, 2009 at Los Angeles, California.

14

15                                                                               _____

16                                               Joseph Sarles

17

18

19

20

21

22

23

24

25

26

27

28

                                            4

DECLARATION OF JOSEPH SARLES

# EXHIBIT 3

# EXHIBIT FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

# EXHIBIT 4

# EXHIBIT FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

# EXHIBIT 5

# EXHIBIT FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

# EXHIBIT 6



**ORRICK**

**RECEIVED**

SEP 1 6 2009

ORRICK, HERRINGTON & SUTCLIFFE LLP
777 SOUTH FIGUEROA STREET
SUITE 3200
LOS ANGELES, CALIFORNIA 90017-5855

tel +1-213-629-2020
fax +1-213-612-2499

WWW.ORRICK.COM

*VIA FEDERAL EXPRESS*

September 15, 2009

William A. Molinski
(213) 612-2256
wmolinski@orrick.com

Marshall M. Searcy III, Esq.
QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
865 S. Figueroa St. 10th Floor
Los Angeles, California  90017

Re:   MGA v. Mattel, Inc.

Dear Marshall:

Pursuant to Discovery Master's Order No. 52, you will be receiving, under separate cover from our litigation support vendor, an external hard drive containing documents being produced by MGA de Mexico, S.R.L. de C.V. ("MGA Mexico") (MGA2 0070615 - MGA2 0258102).  Because of the expedited nature of the ordered production, and while we have made every reasonable effort to remove privileged materials, it is possible that there may be additional privileged materials in that production.  Any such production is inadvertent and is in no way intended to be a waiver or relinquishment of the attorney-client privilege or attorney work product privilege.  *See* Protective Order ¶ 13.  Should you locate any such materials, we ask that you notify us immediately and return such materials to us.

Further, as we indicated in our opposition to the two motions to compel MGA Mexico, MGA has already produced from MGA Mexico a vast number of documents responsive to the requests addressed in Order No. 52.  I am attaching hereto, as Exhibit A, a list that identifies by Bates number and custodian the documents produced from MGA Mexico.  As Order No. 52 contemplates, MGA Mexico identifies those documents previously produced in response to Order No. 52.  As you will see, there are over a hundred thousand documents we have identified to date that were produced by MGA Mexico, which would fill more than 40 boxes of documents.

Also enclosed are additional documents responsive to the requests addressed in Order No. 52 that are Bates numbered MGA2 0258103 - MGA2 0258936.

EXHIBIT ___6___
PAGE ___3 65___


**ORRICK**

Marshall M. Searcy III, Esq.
September 15, 2009
Page 2

Finally, also enclosed are MGA's Supplemental Responses to certain requests contained within Mattel's First Set of Requests for Productions (Phase II), as ordered by the Discovery Master.

Very truly yours,

William A. Molinski

WAM/mmn
Enclosures

cc:     Jason D. Russell, Esq.

EXHIBIT __6__
PAGE __366__


ORRICK

Marshall M. Searcy III, Esq.
September 15, 2009
Page 3

# Exhibit A

<u>Laura Ochoa</u> – MGA 3512627-3512648; MGA 4463852-4466135; MGA2 0059199-0059230.

<u>Lourdes Aguilar</u> – MGA 0155499-0156244; MGA 0239777-0246244; MGA 0246282 – MGA 0246283; MGA 0246290 – MGA 0253027; MGA 0253288 – MGA 0253403; MGA 0464241 – MGA 0495776; MGA 0495795 – MGA 0495832; MGA 0495881 – MGA 0499477; MGA 0500243 – MGA 0504164; MGA 0504375 – MGA 0508771; MGA 0510531 – MGA 0517691; MGA 1042211 – MGA 1042254; MGA 1042266 – MGA 1042272; MGA 1042279 – MGA 1042286; MGA 1042293 – MGA 1042294; MGA 1120707 – MGA 1120806; MGA 1121081 – MGA 1121140; MGA 1121248 – MGA 1121257; MGA 1121260 – MGA 1123078; MGA 1125597 – MGA 1125598; MGA 1128139 – MGA 1534326; MGA 1534351 – MGA 1534363; MGA 1534385 – MGA 1534912; MGA 1535264 – MGA 1535265; MGA 1822713 – MGA 1823159; MGA 1823162 – MGA 1823206; MGA 1823254 – MGA 1823768; MGA 1823778 – MGA 1823799; MGA 1824441 – MGA 1824448; MGA 1825135 – MGA 1825800; MGA 2160744 – MGA 2160754; MGA 2160789 – MGA 2161331; MGA 2161374 – MGA 2161375; MGA 2898733 – MGA 2899009; MGA 3495551 – MGA 3496191; MGA 3775030 – MGA 4010436; MGA 4048294 – MGA 4048296; MGA 4050681 – MGA 4050746; MGA 4050766 – MGA 4050881; MGA 4051045 – MGA 4051110; MGA 4458312 – MGA 4461585; MGA 4461600 – MGA 4461736; MGA 4461740 – MGA 4462803; MGA 4462833 – MGA 4463054; MGA 4463064 – MGA 4463246; MGA 469693 – MGA 4473050; MGA 4473063 – MGA 4473275; MGA 4473512 – MGA 4474328.

<u>Mariana Trueba</u> – MGA 0208848 – MGA 0209207; MGA 0253274 – MGA 0253287; MGA 0438332 – MGA 0438600; MGA 0504356 – MGA 0504374; MGA 1026031 – MGA 1027163; MGA 1118654 - MGA 1118842; MGA 1120685 – MGA 1120700; MGA 1120821 – MGA 1121080; MGA 1121258 – MGA 1121259; MGA 1127467 – MGA 1128138; MGA 1132991 – MGA 1133571; MGA 1192900 – MGA 1193416; MGA 1193754 – MGA 1193778; MGA 1472399 – MGA 1472505; MGA 1515156 – MGA 1516512; MGA 1533615 – MGA 1533639; MGA 1535362 – MGA 1535365; MGA 1776920 – MGA 1777151; MGA 1777388 – MGA 1777396; MGA 1822675 – MGA 1822712; MGA 1823769 – MGA 1823777; MGA 2151054 – MGA 215085; MGA 2896590 – MGA 289663; MGA 2901544 – MGA 2901557; MGA 3480772 – MGA 3481410; MGA 3774888 – MGA 3774893; MGA 4009986 – MGA 400991; MGA 4453544 – MGA 454298; MGA 4458214 – MGA 4458230; MGA 4461586 – MGA 4461599; MGA 4461737 – MGA 4461739; MGA 4468082 – MGA 4468376; MGA 4469602 – MGA 4469615; MGA 4473051 - MGA 4473062; MGA 4474341 – MGA 4474353; MGA2 0018584 – MGA2 0018591.

<u>Pablo Vargas</u> – MGA 0437324 – MGA 0438331; MGA 0464236 – MGA 0464240; MGA 1026021 – MGA 1026030; MGA 1042207 – MGA 1042210; MGA 1117848 – MGA 1118653; MGA 1120701 – MGA 1120706; MGA 1192760 – MGA 1192899; MGA 1515105 – MGA 1515155; MGA

EXHIBIT ___ 6

PAGE ___ 367



## ORRICK

Marshall M. Searcy III, Esq.
September 15, 2009
Page 4

1517601 – MGA 1517975; MGA 1533640 – MGA 1533680; MGA 1776914 – MGA 1776919; MGA 2160628 – MGA 2160743; MGA 2896397 – MGA 2896589; MGA 4009983 – MGA 4009985; MGA 4453516 – MGA 4453543; MGA 4458231 – MGA 4458311; MGA 4468076 – MGA 4468081; MGA 4468569 – MGA 4468784; MGA 4469616 – MGA 4469692.

Gustavo Machado – MGA 0209208 – MGA 0209509; MGA 0438601 – MGA 0441237; MGA 1027164 – MGA 1027623; MGA 1042273 – MGA 1042278; MGA 1042289 – MGA 1042292; MGA 1042314 – MGA 1042319; MGA 1118843 – MGA 1118956; MGA 1121141 – MGA 1121247; MGA 1123576 – MGA 1123597; MGA 1127450 – MGA 1127466; MGA 1132886 – MGA 1132990; MGA 116551 – MGA 1165512; MGA 1193417 – MGA 1193753; MGA 1193799 – Mga 1193945; MGA 1516513 – MGA 1517600; MGA 1517976 – MGA 1518516; MGA 1535388 – MGA 1535395; Mga 1777152 – MGA 1777387; MGA 1777397 – MGA 1777459; MGA 1825083 – MGA 1825088; MGA 2151086 – MGA 2153487; MGA 2896664 – MGA 2896665; MGA 3481411 – MGA 3482053; MGA 3496227 – MGA 3496698; MGA 3774894 – MGA 40100015; MGA 4050628 – MGA 4050632; MGA 4454299 – MGA 4458187; MGA 4468377 – MGA 4469064; MGA 4474329 – MGA 4474340; MGA2 0018592 – MGA2 0018595.

Susana Kuemmerle – MGA 0246245 – MGA 0246281; MGA 0246284 – MGA 0246289; MGA 0252925 – MGA 0252996; MGA 0253028 – MGA 0253273; MGA 0253404 – MGA 0253439; MGA 0495777 – MGA 0253439; MGA 0495777 – MGA 0495794; MGA 0495833 – MGA 0495880; MGA 0499478 – MGA 0500242; MGA 0504165 – MGA 0504355; MGA 0508772 – MGA 1042265; MGA 1042287 – MGA 1042288; MGA 1042295 – MGA 1042313; MGA 1120807 – MGA 1120820; MGA 1123079 – MGA 1123575; MGA 1123598 – MGA 1125596; MGA 1125599 – MGA 1127449; MGA 1132881 – MGA 1132885; MGA 1165527 – MGA 1534350; MGA 1534364 – MGA 1534384; MGA 1534462 – MGA 1534472; MGA 1534913 – MGA 1826276; MGA 2160755 – MGA 2160788; MGA 2161332 – MGA 2161903; MGA 2899010 – MGA 2901567; MGA 3496192 – MGA 3496226; MGA 4010346 – MGA 1040347; MGA 4050747 – MGA 4050765; MGA 4050882 – MGA 4051044; MGA 4377065 – MGA 4377067; MGA 4462804 – MGA 4462832; MGA 4463055 – MGA 4463063; MGA 4463247 – MGA 4463259; MGA 4473276 – MGA 4473511.

EXHIBIT ___6___
PAGE ___368___

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  (johnquinn@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:  (213) 443-3000
Facsimile:   (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation, <br><br> Plaintiff, <br><br> vs. <br><br> MGA ENTERTAINMENT, INC., a California corporation, et al., <br><br> Defendant. <br><br> AND CONSOLIDATED ACTIONS <br><br> **PUBLIC REDACTED VERSION** | CASE NO. CV 04-9049 DOC (RNBx) <br><br> Hon. David O. Carter <br><br> DECLARATION OF JOSEPH SARLES IN SUPPORT OF MATTEL, INC.'S OPPOSITION TO THE MGA DEFENDANTS' MOTION FOR TRIAL SETTING CONFERENCE AND FOR ORDER REQUIRING MATTEL TO FILE A RICO CASE STATEMENT <br><br> **Phase 2:** <br> Discovery Cut-off:      TBD <br> Pre-trial Conference: TBD <br> Trial Date:               TBD <br><br> **3 of 3** |

# DECLARATION OF JOSEPH SARLES

I, Joseph Sarles, declare as follows:

1. I am a member of the bar of the State of California, admitted to practice in the Central District of California and elsewhere, and an associate at Quinn Emanuel Urquhart Oliver & Hedges, LLP, attorneys for Mattel, Inc. ("Mattel"). I make this declaration of personal, firsthand knowledge, and if called and sworn as a witness, I could and would testify competently thereto.

2. Attached hereto as Exhibit 1 is a true and correct copy of relevant excerpts from Mattel's Second Supplemental Response to MGA's First Set of Interrogatories, dated May 23, 2008.

3. Attached hereto as Exhibit 2 is a true and correct copy of relevant excerpts from the Corrected Supplemental Objections and Responses of Mattel, Inc. to MGA Entertainment, Inc.'s First Set of Phase 2 Interrogatories, dated October 9, 2009.

4. Attached hereto as Exhibit 3 is a true and correct copy of relevant excerpts from Mattel's Second Supplemental Objections and Responses to Interrogatory Nos. 20-23 and 28 in MGA Entertainment, Inc.'s Second Set of Interrogatories, dated September 14, 2009.

5. Attached hereto as Exhibit 4 is a true and correct copy of relevant excerpts from Mattel's Second Supplemental Objections and Responses to MGA Entertainment, Inc.'s Second Set of Interrogatories, dated July 7, 2009.

6. Attached hereto as Exhibit 5 is a true and correct copy of relevant excerpts from the sealed transcript of the sealed *in camera* hearing in this matter dated September 22, 2009.

7. Attached hereto as Exhibit 6 is a true and correct copy of the Letter from William Molinski to Marshall Searcy, dated September 15, 2009.

8. Attached hereto as Exhibit 7 is a true and correct copy of Mattel, Inc.'s Fourth Notice of Deposition of MGA Entertainment, Inc., dated Jan. 1, 2008.

DECLARATION OF JOSEPH SARLES

1    9.   Attached hereto as Exhibit 8 is a true and correct copy of Mattel,
2  Inc.'s Notice of Deposition of MGAE De Mexico, S.R.L. DE CV, dated January 9,
3  2008.

4    10.   Attached hereto as Exhibit 9 is a true and correct copy of
5  relevant excerpts from the court reporter's official transcript of the August 15, 2008
6  *In Chambers* Hearing in this matter.

7    11.   Attached hereto as Exhibit 10 is a true and correct copy of
8  MGA's Opposition to Motion for Limited Remand of Cross-Appeal Under Crateo,
9  Inc. v. Intermark, Inc. to Allow District Court to Rule on a Pending Motion, dated
10  October 23, 2009.

11    12.   Attached hereto as Exhibit 11 is a true and correct copy of
12  Mattel, Inc.'s Motion for Limited Remand of Cross-Appeal, Under Crateo, Inc. v.
13  Intermark, Inc., to Allow District Court to Rule on a Pending Motion, dated October
14  13, 2009.

15    13.   Attached hereto as Exhibit 12 is a true and correct copy of
16  relevant excerpts from the court reporter's official transcript of the March 4, 2009
17  Hearing in this matter.

18    14.   Attached hereto as Exhibit 13 is a true and correct copy of
19  relevant excerpts from the court reporter's official transcript of the February 11,
20  2009 Hearing in this matter.

21    15.   Attached hereto as Exhibit 14 is a true and correct copy of the
22  November 12, 2009 Letter from Scott L. Watson to Annette Hurst and Exhibit A
23  thereto.

24    16.   Attached hereto as Exhibit 15 is a true and correct copy of the
25  document Bates-numbered MGA2 0540057.

26    17.   Attached hereto as Exhibit 16 is a true and correct copy of Mattel,
27  Inc.'s First Set of Requests for Document and Things to Isaac Larian (Phase 2),
28  dated January 8, 2009.

3

1       18.    Attached hereto as Exhibit 17 is a true and correct copy of

2  Mattel, Inc.'s First Set of Requests for Document and Things to MGA

3  Entertainment, Inc. (Phase 2), dated January 8, 2009.

4       19.    Attached hereto as Exhibit 18 is a true and correct copy of

5  Responses to Requests for Documents and Things to MGA Entertainment, Inc.

6  (Phase 2), dated February 6, 2009.

7       20.    Attached hereto as Exhibit 19 is a true and correct copy of

8  Lyman Steel Co. v. Shearson Lehman Bros., Inc., 1986 U.S. Dist. LEXIS 29346

9  (N.D. Ohio Feb. 13, 1986).

10

11      I declare under penalty of perjury under the laws of the United States of

12  America that the foregoing is true and correct, and that this Declaration was

13  executed on November 16, 2009 at Los Angeles, California.

14

15

16                     Joseph Sarles

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 7

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
     John B. Quinn (Bar No. 090378)
2    (johnquinn@quinnemanuel.com)
     Michael T. Zeller (Bar No. 196417)
3    (michaelzeller@quinnemanuel.com)
     Jon D. Corey (Bar No. 185066)
4    (joncorey@quinnemanuel.com)
     865 South Figueroa Street, 10th Floor
5    Los Angeles, California 90017-2543
     Telephone: (213) 443-3000
6    Facsimile: (213) 443-3100

7  Attorneys for Mattel, Inc.

8                    UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10                        EASTERN DIVISION

11 | CARTER BRYANT, an individual,        | CASE NO. CV 04-9049 SGL (RNBx)
12 |            Plaintiff,                 |
                                          | Consolidated with
13 |                                       | Case No. CV 04-09059
                                          | Case No. CV 05-02727
14 |      vs.                             |
                                          | FOURTH NOTICE OF DEPOSITION
15 | MATTEL, INC., a Delaware corporation, | OF MGA ENTERTAINMENT, INC.
                                          | PURSUANT TO FEDERAL RULE OF
16 |            Defendant.                | CIVIL PROCEDURE 30(B)(6)
17 |                                       |
18 | AND CONSOLIDATED ACTIONS            |

19

20

21

22

23

24

25

26

27                                    EXHIBIT ___7___

28                                    PAGE ___369___

07209/2254636.1

FOURTH NOTICE OF DEPOSITION OF MGA

1   TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2         PLEASE TAKE NOTICE that on January 23, 2008, beginning at 9:30 a.m.

3   Mattel, Inc. ("Mattel") will take the deposition upon oral examination of defendant

4   MGA Entertainment, Inc. at the offices of Quinn Emanuel Urquhart Oliver & Hedges

5   LLP, 865 S. Figueroa Street, 10th Floor, Los Angeles, CA 90017. Pursuant to <u>Fed. R.</u>

6   <u>Civ. P.</u> 30(b)(6), MGA Entertainment, Inc. shall designate one or more officers,

7   directors, managing agents or other persons who consent to testify on its behalf

8   concerning each of the topics set forth in Exhibit A hereto.

9         PLEASE TAKE FURTHER NOTICE that the deposition will take place

10   before a duly authorized notary public or other officer authorized to administer oaths at

11   depositions, and will continue from day to day, Sundays, Saturdays and legal holidays

12   excepted, until completed.

13         PLEASE TAKE FURTHER NOTICE that, pursuant to <u>Fed. R. Civ.</u>

14   <u>P.</u> 30(b)(2), the deposition will be videotaped. Mattel also reserves the right to use

15   Livenote or other technology for real-time transcription of the testimony.

16

17   DATED: <u>January 9, 2008</u>     QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

18

19                   By _____

20                      Michael T. Zeller
                   Attorneys for Mattel, Inc.

21

22

23

24

25

26                        EXHIBIT 7

27                        PAGE 330

28

-1-

FOURTH NOTICE OF DEPOSITION OF MGA

## EXHIBIT A

1.      "YOU," "YOUR" or "MGA" means MGA Entertainment, Inc., any of its current or former employees, officers, directors, agents, representatives, attorneys, parents, subsidiaries, divisions, affiliates, predecessors-in-interest and successors-in-interest, and any other PERSON acting on its behalf, pursuant to its authority or subject to its control.

2.      "BRYANT" means Carter Bryant, any of his current or former agents, representatives, attorneys, employees, partners, joint venturers, predecessors-in-interest and successors-in-interest, and any other PERSON acting on his behalf, pursuant to his authority or subject to his control.

3.      "MATTEL" means Mattel, Inc. and all current or former directors, officers, employees, agents, contractors, attorneys, accountants, representatives, subsidiaries, divisions, affiliates, predecessors-in-interest and successors-in-interest, and any other PERSON acting on its behalf, pursuant to its authority or subject to its control.

4.      "BRATZ" means any project, product, doll or DESIGN ever known by that name (whether in whole or in part and regardless of what such project, product or doll is or has been also, previously or subsequently called) and any product, doll or DESIGN or any portion thereof that is now or has ever been known as, or sold or marketed under, the name or term "Bratz" (whether in whole or in part and regardless of what such product, doll or DESIGN or portion thereof is or has been also, previously or subsequently called) or that is now or has ever been sold or marketed as part of the "Bratz" line, and each version or iteration of such product, doll or DESIGN or any portion thereof.  As used herein, "product, doll or DESIGNS or any portion thereof" also includes without limitation any names, fashions, accessories, artwork, packaging or any other works, materials, matters or items included or associated therewith. Without limiting the generality of the foregoing, the term "BRATZ" does not and shall not require that there be a doll existing at the time of the event, incident or occurrence

1   that is the subject of, or otherwise relevant or responsive to, the Topics of Examination
2   herein.

3         5.    "DESIGN" or "DESIGNS" means any and all representations,
4   whether two-dimensional or three-dimensional, and whether in tangible, digital,
5   electronic or other form, including but not limited to all works, designs, artwork,
6   sketches, drawings, illustrations, representations, depictions, blueprints, schematics,
7   diagrams, images, sculptures, prototypes, models, samples, rotocasts, reductions to
8   practice, developments, inventions and/or improvements, as well as all other items,
9   things and DOCUMENTS in which any of the foregoing are or have been expressed,
10   embodied, contained, fixed or reflected in any manner, whether in whole or in part.

11         6.    "THE BRATZ PITCH MATERIALS" means each and every
12   BRATZ WORK which was displayed, shown, provided, or offered to YOU on or
13   before the date on which YOU executed the BRYANT/MGA AGREEMENT.

14         7.    "BRYANT/MGA AGREEMENT" means the written agreement
15   between CARTER BRYANT and MGA dated as of September 18, 2000, produced as
16   BRYANT 00794-00799, and any other version or versions thereof.

17         8.    "CREATE OR IMPROVE" or "CREATED OR IMPROVED," in
18   the context of a BRATZ WORK or BRATZ WORKS, means to create, improve,
19   develop, modify, alter, conceive, reduce to practice, or otherwise work on the BRATZ
20   WORK or BRATZ WORKS.

21         9.    "IDENTIFY" or "IDENTITY" means the following:

22         (a)    With reference to an individual, means such individual's
23   name, current or last known business title, current or last known business affiliation,
24   current or last known relationship to YOU, current or last known residential and
25   business address, and current or last known telephone number.

26         (b)    With reference to an entity or governmental organization,
27   means such entity's or organization's name, present or last-known address, and present

28

EXHIBIT 7
PAGE 373

-3-

FOURTH NOTICE OF DEPOSITION OF MGA

1  or last-known telephone number and the IDENTITY of each individual who has served

2  or participated as a contact for or on behalf of such entity or organization.

3          (c)    With reference to an account with a bank or financial

4  institution, means the name and address of the bank or financial institution, the account

5  number(s) for or otherwise associated with such account and the name of each holder,

6  including without limitation each beneficial holder, of each such account.

7          (d)    With reference to a STORAGE DEVICE, means the

8  manufacturer name, brand, model name and number, serial number and all other

9  manufacturer identifiers, and the technical specifications and capacities of such

10  STORAGE DEVICE.

11        10.    "DIGITAL INFORMATION" means any information created or

12  stored digitally, including but not limited to electronically, magnetically or optically.

13        11.    "STORAGE DEVICE" means any computer hard drive, memory,

14  USB device, tape, storage array or any other device or medium that allows a user,

15  whether permanently, temporarily or otherwise, to create, generate, transmit, copy,

16  retain, store or maintain DIGITAL INFORMATION.

17        12.    "GLASER LETTER" means the letter sent from Patricia L. Glaser

18  to John B. Quinn, dated July 5, 2007.

19        13.    "RELATING TO" or "REFER OR RELATE TO" means

20  constituting, embodying, containing, referring to, commenting on, evidencing,

21  regarding, discussing, describing, mentioning, reflecting, expressing, pertaining to,

22  concerning, supporting, contradicting, negating, revoking or otherwise relating to in

23  any manner.

24        14.    "COMMUNICATION," in the plural as well as the singular, means

25  any transmittal and/or receipt of information, whether such was oral or written, and

26  whether such was by chance, prearranged, formal or informal, and specifically includes,

27  but is not limited to, conversations in person, telephone conversations, electronic mail

28  (including instant messages and text messages), voicemail, letters, memoranda,

EXHIBIT ___7___

PAGE ___343___

1  statements, media releases, magazine and newspaper articles, and video and audio
2  transmissions.

3          15.    "EMBODIMENT" means any representation of the identified
4  product or its retail packaging, whether two-dimensional or three-dimensional, and
5  whether in tangible, digital, electronic or other form, including but not limited to all
6  works, designs, artwork, sketches, drawings, illustrations, representations, depictions,
7  blueprints, schematics, diagrams, images, sculptures, prototypes, models, samples,
8  reductions to practice, developments, inventions and/or improvements, as well as all
9  other items, things and DOCUMENTS in which any of the foregoing are or have been
10  expressed, embodied, contained, fixed or reflected in any manner, whether in whole or
11  in part.

12          16.    "DOCUMENT" means all "WRITINGS" and "RECORDINGS" as
13  those terms are defined in <u>Rule</u> 34 of the <u>Federal Rules of Civil Procedure</u> and
14  <u>Rule</u> 1001 of the <u>Federal Rules of Evidence</u>, including, but not limited to, all writings
15  and records of every type and description including, but not limited to, contracts,
16  agreements, correspondence, memoranda, letters, facsimiles, electronic mail ("e-mail"),
17  records of telephone conversations, handwritten and typewritten notes of any kind,
18  statements, reports, minutes, recordings, transcripts and summaries of meetings, voice
19  recordings, pictures, photographs, drawings, computer cards, tapes, discs, printouts and
20  records of all types, studies, instruction manuals, policy manuals and statements, books,
21  pamphlets, invoices, canceled checks and every other device or medium by which or
22  through which information of any type is transmitted, recorded or preserved.  Without
23  any limitation on the foregoing, the term "DOCUMENT" shall include all copies that
24  differ in any respect from the original or other versions of the DOCUMENT, including,
25  but not limited to, all drafts and all copies of such drafts or originals containing initials,
26  comments, notations, insertions, corrections, marginal notes, amendments or any other
27  variation of any kind.

28

EXHIBIT ___7___
PAGE ___374___

1        17.   "PERSON" or "PERSONS" means all natural persons, partnerships,

2  corporations, joint ventures and any kind of business, legal or public entity or

3  organization, as well as its, his or her agents, representatives, employees, officers and

4  directors and any one else acting on its, his or her behalf, pursuant to its, his or her

5  authority or subject to its, his or her control.

6        18.   "CONTESTED MGA PRODUCTS" means the CONTESTED

7  BRATZ DOLLS PRODUCTS, the CONTESTED BRATZ PETZ PRODUCTS, the

8  CONTESTED BRATZ FUNKY FASHION MAKEOVER HEAD, the CONTESTED

9  4-EVER BEST FRIENDS PRODUCTS, the CONTESTED MOMMY'S LITTLE

10  DOLL PRODUCTS, and the CONTESTED ALIENRACERS PRODUCTS, and any

11  other doll, product, toy, packaging, advertisement or other matter that, in whole or in

12  part, provides a basis for any claim or defense by YOU against MATTEL.

13        19.   "CONTESTED BRATZ DOLLS PRODUCTS" means any of the

14  following that provides a basis for any claim by YOU against MATTEL:  (i) any

15  EMBODIMENT or project ever known by the name "Bratz" or any derivative thereof

16  (whether in whole or in part and regardless of what such EMBODIMENT or project is

17  or has been also, previously or subsequently called) and any doll or any portion thereof

18  that is now or has ever been known as, or sold, offered for sale, licensed, offered for

19  license or marketed under, the name or term "Bratz" or any derivative thereof (whether

20  in whole or in part and regardless of what such doll is or has been also, previously or

21  subsequently called), and all prototypes, models, samples and versions of such

22  EMBODIMENT, doll or any portion thereof; (ii) any playset and accessory that YOU

23  distribute under the name "Bratz" or any derivative thereof; and/or (iii) any and all

24  other goods, product packaging, advertisements, promotional materials or other thing or

25  item or material manufactured, produced, printed, ordered, marketed, advertised,

26  promoted, displayed, distributed, shipped, imported, exported, licensed, offered for

27  license, sold or offered for sale by YOU or on YOUR behalf under the name "Bratz" or

28  any derivative thereof.

EXHIBIT   7

PAGE   375

1           20.    "CONTESTED BRATZ FUNKY FASHION MAKEOVER HEAD"

2  means any of the following that provides a basis for any claim by YOU against

3  MATTEL: (i) any EMBODIMENT or project ever known by the name "Bratz Funky

4  Fashion Makeover Head" or any derivative thereof (whether in whole or in part and

5  regardless of what such EMBODIMENT or project is or has been also, previously or

6  subsequently called) and any styling head or any portion thereof that is now or has ever

7  been known as, or sold, offered for sale, licensed, offered for license or marketed under,

8  the name or term "Bratz" or any derivative thereof (whether in whole or in part and

9  regardless of what such styling head is or has been also, previously or subsequently

10  called), and all prototypes, models, samples and versions of such EMBODIMENT,

11  styling head or any portion thereof; (ii) any accessory that YOU distribute under the

12  name "Bratz Funky Fashion Makeover Head" or any derivative thereof; and/or (iii) any

13  and all other goods, product packaging, advertisements, promotional materials or other

14  thing or item or material manufactured, produced, printed, ordered, marketed,

15  advertised, promoted, displayed, distributed, shipped, imported, exported, licensed,

16  offered for license, sold or offered for sale by YOU or on YOUR behalf under the name

17  "Bratz Funky Fashion Makeover Head" or any derivative thereof.

18           21.    "CONTESTED 4-EVER BEST FRIENDS PRODUCTS" means any

19  of the following that provides a basis for any claim by YOU against MATTEL: (i) any

20  EMBODIMENT or project ever known by the name "4-ever Best Friends" or any

21  derivative thereof (whether in whole or in part and regardless of what such

22  EMBODIMENT or project is or has been also, previously or subsequently called) and

23  any doll or any portion thereof that is now or has ever been known as, or sold, offered

24  for sale, licensed, offered for license or marketed under, the name or term "4-ever Best

25  Friends" or any derivative thereof (whether in whole or in part and regardless of what

26  such doll is or has been also, previously or subsequently called), and all prototypes,

27  models, samples and versions of such EMBODIMENT, doll or any portion thereof;

28  (ii) any playset and accessory that YOU distribute under the name "4-ever Best

EXHIBIT 7

PAGE 326

1  Friends" or any derivative thereof; and/or (iii) any and all other goods, product
2  packaging, advertisements, promotional materials or other thing or item or material
3  manufactured, produced, printed, ordered, marketed, advertised, promoted, displayed,
4  distributed, shipped, imported, exported, licensed, offered for license, sold or offered
5  for sale by YOU or on YOUR behalf under the name "4-ever Best Friends" or any
6  derivative thereof.

7       22.    "CONTESTED MOMMY'S LITTLE DOLL PRODUCTS" means
8  any of the following that provides a basis for any claim by YOU against MATTEL:
9  (i) any EMBODIMENT or project ever known by the name "Mommy's Little Patient"
10  or similar name or any derivative thereof (whether in whole or in part and regardless of
11  what such EMBODIMENT or project is or has been also, previously or subsequently
12  called) and any doll or any portion thereof that is now or has ever been known as, or
13  sold, offered for sale, licensed, offered for license or marketed under, the name or term
14  "Mommy's Little Patient" or similar name or any derivative thereof (whether in whole
15  or in part and regardless of what such doll is or has been also, previously or
16  subsequently called), and all prototypes, models, samples and versions of such
17  EMBODIMENT, doll or any portion thereof; (ii) any playset and accessory that YOU
18  distribute under the name "Mommy's Little Patient" or similar name or any derivative
19  thereof; and/or (iii) any and all other goods, product packaging, advertisements,
20  promotional materials or other thing or item or material manufactured, produced,
21  printed, ordered, marketed, advertised, promoted, displayed, distributed, shipped,
22  imported, exported, licensed, offered for license, sold or offered for sale by YOU or on
23  YOUR behalf under the name "Mommy's Little Patient" or similar name or any
24  derivative thereof.

25       23.    "CONTESTED ALIENRACERS PRODUCTS" means any of the
26  following that provides a basis for any claim by YOU against MATTEL: (i) any
27  EMBODIMENT or project ever known by the name "Alienracers" or any derivative
28  thereof (whether in whole or in part and regardless of what such EMBODIMENT or

07209/2254636.1

-8-

FOURTH NOTICE OF DEPOSITION OF MGA

EXHIBIT 7
PAGE 3 4 7

1 project is or has been also, previously or subsequently called) and any toy vehicle,
2 character, or any portion thereof that is now or has ever been known as, or sold, offered
3 for sale, licensed, offered for license or marketed under, the name or term "Alienracers"
4 or any derivative thereof (whether in whole or in part and regardless of what such toy is
5 or has been also, previously or subsequently called), and all prototypes, models,
6 samples and versions of such EMBODIMENT, toy vehicle, character, or any portion
7 thereof; (ii) any playset and accessory that YOU distribute under the name
8 "Alienracers" or any derivative thereof; and/or (iii) any and all other goods, product
9 packaging, advertisements, promotional materials or other thing or item or material
10 manufactured, produced, printed, ordered, marketed, advertised, promoted, displayed,
11 distributed, shipped, imported, exported, licensed, offered for license, sold or offered
12 for sale by YOU or on YOUR behalf under the name "Alienracers" or any derivative
13 thereof.

14    24. "CONTESTED MATTEL PRODUCTS" means the CONTESTED
15 MATTEL MY SCENE DOLLS PRODUCTS, the CONTESTED MATTEL MY
16 SCENE PETS PRODUCTS, the CONTESTED MATTEL MY SCENE STYLING
17 HEAD, the CONTESTED MATTEL WEE-3 PRODUCTS, the CONTESTED
18 MATTEL LITTLE MOMMY DOLL PRODUCTS, and the CONTESTED MATTEL
19 ACCELERACERS PRODUCTS, and any other MATTEL doll, product, toy,
20 packaging, advertisement or other matter that, in whole or in part, provides a basis for
21 any claim or defense by YOU against MATTEL.

22    25. "CONTESTED MATTEL MY SCENE DOLLS PRODUCTS"
23 means any of the following that provides a basis for any claim by YOU against
24 MATTEL: (i) any EMBODIMENT or project ever known by the name "My Scene" or
25 any derivative thereof (whether in whole or in part and regardless of what such
26 EMBODIMENT or project is or has been also, previously or subsequently called) and
27 any doll or any portion thereof that is now or has ever been known as, or sold, offered
28 for sale, licensed, offered for license or marketed under, the name or term "My Scene"

EXHIBIT   7
FOURTH NOTICE OF DEPOSITION OF MGA
PAGE   378

1  or any derivative thereof (whether in whole or in part and regardless of what such doll

2  is or has been also, previously or subsequently called), and all prototypes, models,

3  samples and versions of such EMBODIMENT, doll or any portion thereof; (ii) any

4  playset and accessory that MATTEL distributes under the name "My Scene" or any

5  derivative thereof; and/or (iii) any and all other goods, product packaging,

6  advertisements, promotional materials or other thing or item or material manufactured,

7  produced, printed, ordered, marketed, advertised, promoted, displayed, distributed,

8  shipped, imported, exported, licensed, offered for license, sold or offered for sale by

9  MATTEL under the name "My Scene" or any derivative thereof.

10         26.    "CONTESTED MATTEL MY SCENE PETS PRODUCTS" means

11  any of the following that provides a basis for any claim by YOU against MATTEL:

12  (i) any EMBODIMENT or project ever known by the name "My Scene Pets" or any

13  derivative thereof (whether in whole or in part and regardless of what such

14  EMBODIMENT or project is or has been also, previously or subsequently called) and

15  any toy pet or any portion thereof that is now or has ever been known as, or sold,

16  offered for sale, licensed, offered for license or marketed under, the name or term "My

17  Scene" or any derivative thereof (whether in whole or in part and regardless of what

18  such toy pet is or has been also, previously or subsequently called), and all prototypes,

19  models, samples and versions of such EMBODIMENT, toy pet or any portion thereof;

20  (ii) any playset and accessory that MATTEL distributes under the name "My Scene

21  Pets" or any derivative thereof; and/or (iii) any and all other goods, product packaging,

22  advertisements, promotional materials or other thing or item or material manufactured,

23  produced, printed, ordered, marketed, advertised, promoted, displayed, distributed,

24  shipped, imported, exported, licensed, offered for license, sold or offered for

25         27.    "CONTESTED MATTEL MY SCENE STYLING HEAD" means

26  any of the following that provides a basis for any claim by YOU against MATTEL:

27  (i) any EMBODIMENT or project ever known by the name "My Scene Styling Head"

28  or any derivative thereof (whether in whole or in part and regardless of what such

EXHIBIT    7
PAGE    3 7 9

1   EMBODIMENT or project is or has been also, previously or subsequently called) and
2   any styling head or any portion thereof that is now or has ever been known as, or sold,
3   offered for sale, licensed, offered for license or marketed under, the name or term "My
4   Scene" or any derivative thereof (whether in whole or in part and regardless of what
5   such styling head is or has been also, previously or subsequently called), and all
6   prototypes, models, samples and versions of such EMBODIMENT, styling head or any
7   portion thereof; (ii) any accessory that MATTEL distributes under the name "My Scene
8   Styling Head" or any derivative thereof; and/or (iii) any and all other goods, product
9   packaging, advertisements, promotional materials or other thing or item or material
10   manufactured, produced, printed, ordered, marketed, advertised, promoted, displayed,
11   distributed, shipped, imported, exported, licensed, offered for license, sold or offered
12   for sale by MATTEL under the name "My Scene Styling Head" or any derivative
13   thereof.

14          28.   "CONTESTED MATTEL WEE-3 PRODUCTS" means any of the
15   following that provides a basis for any claim by YOU against MATTEL:  (i) any
16   EMBODIMENT or project ever known by the name "Wee-3" or any derivative thereof
17   (whether in whole or in part and regardless of what such EMBODIMENT or project is
18   or has been also, previously or subsequently called) and any doll or any portion thereof
19   that is now or has ever been known as, or sold, offered for sale, licensed, offered for
20   license or marketed under, the name or term "Wee-3" or any derivative thereof
21   (whether in whole or in part and regardless of what such doll is or has been also,
22   previously or subsequently called), and all prototypes, models, samples and versions of
23   such EMBODIMENT, doll or any portion thereof; (ii) any playset and accessory that
24   MATTEL distributes under the name "Wee-3" or any derivative thereof; and/or (iii) any
25   and all other goods, product packaging, advertisements, promotional materials or other
26   thing or item or material manufactured, produced, printed, ordered, marketed,
27   advertised, promoted, displayed, distributed, shipped, imported, exported, licensed,
28

EXHIBIT  7

FOURTH NOTICE OF DEPOSITION OF MGA
PAGE    3 x 0

1  offered for license, sold or offered for sale by MATTEL under the name "Wee-3" or
2  any derivative thereof.

3          29.    "CONTESTED MATTEL LITTLE MOMMY DOLL PRODUCTS"
4  means any of the following that provides a basis for any claim by YOU against
5  MATTEL: (i) any EMBODIMENT or project ever known by the name "Little
6  Mommy" or any derivative thereof (whether in whole or in part and regardless of what
7  such EMBODIMENT or project is or has been also, previously or subsequently called)
8  and any doll or any portion thereof that is now or has ever been known as, or sold,
9  offered for sale, licensed, offered for license or marketed under, the name or term
10 "Little Mommy" or any derivative thereof (whether in whole or in part and regardless
11 of what such doll is or has been also, previously or subsequently called), and all
12 prototypes, models, samples and versions of such EMBODIMENT, doll or any portion
13 thereof; (ii) any playset and accessory that MATTEL distributes under the name "Little
14 Mommy" or any derivative thereof; and/or (iii) any and all other goods, product
15 packaging, advertisements, promotional materials or other thing or item or material
16 manufactured, produced, printed, ordered, marketed, advertised, promoted, displayed,
17 distributed, shipped, imported, exported, licensed, offered for license, sold or offered
18 for sale by MATTEL under the name "Little Mommy" or any derivative thereof.

19         30.    "CONTESTED MATTEL ACCELERACERS PRODUCTS" means
20 any of the following that provides a basis for any claim by YOU against MATTEL:
21 (i) any EMBODIMENT or project ever known by the name "AcceleRacers" or any
22 derivative thereof (whether in whole or in part and regardless of what such
23 EMBODIMENT or project is or has been also, previously or subsequently called) and
24 any toy vehicle, character, or any portion thereof that is now or has ever been known as,
25 or sold, offered for sale, licensed, offered for license or marketed under, the name or
26 term "AcceleRacers" or any derivative thereof (whether in whole or in part and
27 regardless of what such toy is or has been also, previously or subsequently called), and
28 all prototypes, models, samples and versions of such EMBODIMENT, toy vehicle,

1  character, or any portion thereof; (ii) any playset and accessory that MATTEL
2  distributes under the name "AcceleRacers" or any derivative thereof; and/or (iii) any
3  and all other goods, product packaging, advertisements, promotional materials or other
4  thing or item or material manufactured, produced, printed, ordered, marketed,
5  advertised, promoted, displayed, distributed, shipped, imported, exported, licensed,
6  offered for license, sold or offered for sale by MATTEL under the name
7  "AcceleRacers" or any derivative thereof.

8     31. "FORMER MATTEL EMPLOYEES" means any former Mattel
9  employee who left MATTEL to join YOU, including but not limited to Janine Brisbois,
10  Ron Brawer, Jorge Castilla, Nic Contreras, Dan Cooney, Carlos Gustavo Machado,
11  Mariana Trueba Almada, Pablo Vargas San Jose and Shirin Salemnia.

12     32. "COMPLAINT" means the Complaint for False Designation of
13  Origin, Affiliation, Association or Sponsorship (15 U.S.C. § 1125(a)); Unfair
14  Competition (15 U.S.C. § 1125(a)); Cal. Bus. & Prof. Code § 17200 et seq. and
15  California Common Law); Dilution (15 U.S.C. § 1125(c), Cal Bus. & Prof. Code
16  § 14330 and California Common Law); and Unjust Enrichment, filed by YOU on or
17  about April 13, 2005.

18     33. The singular form of a noun or pronoun includes within its meaning
19  the plural form of the noun or pronoun so used, and *vice versa*; the use of the masculine
20  form of a pronoun also includes within its meaning the feminine form of the pronoun so
21  used, and *vice versa*; the use of any tense of any verb includes also within its meaning
22  all other tenses of the verb so used, whenever such construction results in a broader
23  request for information; and "and" includes "or" and *vice versa*, whenever such
24  construction results in a broader disclosure of documents or information.

25

26  **Topics of Examination**

27     1. The invention, creation, origin, conception, authorship, design and
28  development of the CONTESTED MGA PRODUCTS, including without limitation the

-13-

EXHIBIT 7
PAGE 382

1   circumstances under which and the date(s) on which each occurred and the IDENTITY

2   and role(s) of each PERSON involved.

3       2.   Any revisions, modifications or changes made to any of the

4   CONTESTED MGA PRODUCTS, including without limitation any proposed

5   alternatives, modifications or changes (whether or not implemented) to such

6   CONTESTED MGA PRODUCTS, the date(s) on which such revisions, modifications

7   or changes were made or proposed and the reasons for their implementation or non-

8   implementation.

9       3.   The development of YOUR 2005 product line, including the

10   IDENTITY of each PERSON who participated in the decision making leading up to

11   YOUR 2005 product line and any changes or modifications thereto, and the invention,

12   creation, origin, conception, authorship, design, development, manufacture, distribution

13   and sale of products therein.

14       4.   The development of YOUR 2006 product line, including the

15   IDENTITY of each PERSON who participated in the decision making leading up to

16   YOUR 2005 product line and any changes or modifications thereto, and the invention,

17   creation, origin, conception, authorship, design, development, manufacture, distribution

18   and sale of products therein.

19       5.   The content, meaning, authenticity and source of

20   COMMUNICATIONS, advertisements, and/or promotional statements that provide a

21   basis for any claim by YOU against MATTEL.

22       6.   COMMUNICATIONS between YOU and any PERSON, including

23   without limitation any retailer or distributor, that REFER OR RELATE TO the

24   CONTESTED MATTEL PRODUCTS.

25       7.   The first date of manufacture, shipment and availability for

26   distribution and retail sale of each of the CONTESTED MGA PRODUCTS.

27

28

EXHIBIT 7

PAGE 383

FOURTH NOTICE OF DEPOSITION OF MGA

8.     The first date that each of the CONTESTED MGA PRODUCTS was shown to any PERSON not employed by MGA, whether in concept, prototype, or finished form, and the IDENTITY of each PERSON involved therein.

9.     The sculptures, including all preliminary sculptures and all versions of such sculptures, made, produced or prepared in connection with the CONTESTED BRATZ DOLLS PRODUCTS.

10.    The tooling and manufacture of any of the CONTESTED MGA PRODUCTS, including but not limited to all invoices, contracts, sales orders, purchase orders and payment relating thereto and including but not limited to all DOCUMENTS relating to the engineering, preparation, fabrication and creation of the molds and face paint masks used in connection therewith and to the film and/or digital files used in connection with the packaging therefor.

11.    The marketing, advertising, promotion and licensing of the CONTESTED MGA PRODUCTS, including but not limited to all marketing studies, marketing plans, sales plans, sales forecasts, strategies, surveys and analyses and including the identity of the channels in which such have been or are disseminated or distributed.

12.    The ownership of any right, title or interest, whether in whole or in part, in or to the CONTESTED MGA PRODUCTS.

13.    Any copyright, patent, design right or any other registration or application for registration of the CONTESTED MGA PRODUCTS, including but not limited to all COMMUNICATIONS relating thereto, and all filings, declarations, affidavits, correspondence, notes and other DOCUMENTS relating thereto.

14.    The display, exhibition, publication, circulation, or other dissemination of the CONTESTED MGA PRODUCTS to distributors, retailers, licensees, the media, or the public, including but not limited to toy and trade shows and conventions and the date(s) on which such occurred.

EXHIBIT  7
PAGE  384

-15-

1    15.    YOUR expenditures in advertising or promoting the CONTESTED
2  MGA PRODUCTS, including by year and by medium.

3    16.    Any contracts or licenses entered into, negotiated, proposed, or
4  requested RELATING TO any of the CONTESTED MGA PRODUCTS.

5    17.    The target market or potential target market, and the demographics
6  of any actual, potential or prospective consumers, customers, purchasers or licensees of
7  the CONTESTED MGA PRODUCTS.

8    18.    The number of units of the CONTESTED MGA PRODUCTS
9  manufactured, produced, ordered, stored in inventory, imported, exported, shipped,
10  sold, or offered for sale by any PERSON, including but not limited to YOU.

11    19.    YOUR revenues, costs and profits for each of the CONTESTED
12  MGA PRODUCTS, including but not limited to YOUR per-unit cost, and YOUR gross,
13  incremental and net profits for each of the CONTESTED MGA PRODUCTS.

14    20.    Any complaints or dissatisfaction concerning the CONTESTED
15  MGA PRODUCTS, including but not limited to the returns of, or the number of or rate
16  of defects for, such products.

17    21.    Any potential or actual confusion, any potential or actual mistake or
18  any potential or actual deception of any PERSON as to the origin, affiliation,
19  sponsorship or association of the CONTESTED MGA PRODUCTS or CONTESTED
20  MATTEL PRODUCTS that YOU are aware of, including but not limited to all studies,
21  surveys, interviews, reports and COMMUNICATIONS regarding any such confusion,
22  mistake or deception.

23    22.    Any potential or actual confusion, any potential or actual mistake or
24  any potential or actual deception of any PERSON as to the origin, affiliation,
25  sponsorship or association of the CONTESTED MATTEL PRODUCTS that you are
26  aware of, including but not limited to all studies, surveys, interviews, reports and
27  COMMUNICATIONS regarding any such confusion, mistake or deception.

28

EXHIBIT ___7___
PAGE __385__

FOURTH NOTICE OF DEPOSITION OF MGA

1       23.     Any consumer studies, reports, surveys, interviews or reports
2   regarding the CONTESTED MGA PRODUCTS or the CONTESTED MATTEL
3   PRODUCTS, included but not limited to YOUR knowledge of the reasons why
4   consumers purchase any of the CONTESTED MGA PRODUCTS or any of the
5   CONTESTED MATTEL PRODUCTS.

6       24.     Marketing studies, marketing plans, sales plans, sales forecasts,
7   strategies and analyses that REFER OR RELATE TO THE CONTESTED MATTEL
8   PRODUCTS.

9       25.     MATTEL's alleged copying, infringement or dilution of the
10  CONTESTED MGA PRODUCTS or any claimed EMBODIMENT thereof.

11      26.     To the extent not disclosed in response to any other Topic, all other
12  facts RELATING TO any claim made by YOU against MATTEL or the CONTESTED
13  MATTEL PRODUCTS, and the IDENTITY of all PERSONS with knowledge thereof.

14      27.     COMMUNICATIONS between YOU and MATTEL RELATING
15  TO the CONTESTED MGA PRODUCTS or the CONTESTED MATTEL
16  PRODUCTS.

17      28.     Any damage, loss, injury or unjust enrichment that YOU claim has
18  been sustained by reason of any act or omission by MATTEL, including but not limited
19  to any alleged lost profits, lost sales, lost royalty, lost opportunity, lost license, revenue,
20  price erosion, or consequential or incidental damage, including but not limited to the
21  causation for any such alleged unjust enrichment, damage, loss, or injury and the
22  amounts of all such damage, loss, injury or unjust enrichment.

23      29.     When, and under what circumstances, YOU became aware that
24  Mattel had created, designed, developed, sold, offered for sale or licensed the
25  CONTESTED MATTEL PRODUCTS.

26      30.     The copying, reproduction or use of any MATTEL work, product,
27  or EMBODIMENT by YOU or on YOUR behalf since January 1, 1999.

28

EXHIBIT _7_
PAGE _3 82_

-17-

1    31.    Any similarity or dissimilarity between any of the CONTESTED
2  MGA PRODUCTS and any of the CONTESTED MATTEL PRODUCTS.

3    32.    The hiring, engagement, or retention by YOU of any current or
4  former MATTEL employee or contractor since January 1, 1999, including but not
5  limited to the terms of all employment agreements and agreements RELATING TO
6  confidentiality or the invention, authorship, or ownership of any concept or product.

7    33.    YOUR receipt, reproduction, copying, storage, transmission,
8  transfer, retention, destruction, deletion or use of any DOCUMENTS, data and/or
9  information, including but not limited to any compilation of information, that was
10  prepared, made, created, generated, assembled or compiled by or for MATTEL and that
11  was not publicly available at the time of YOUR receipt of such DOCUMENT, data
12  and/or information.

13    34.    YOUR knowledge of any MATTEL product prior to the time that
14  such product had been announced or disclosed by MATTEL to retailers or the public,
15  including but not limited to the CONTESTED MATTEL PRODUCTS.

16    35.    YOUR receipt, reproduction, copying, storage, transmission,
17  transfer, retention, destruction, deletion or use of any MATTEL line list or other
18  DOCUMENT prepared by MATTEL identifying MATTEL products in the planning,
19  design or development phase.

20    36.    The search and seizure of DOCUMENTS by Mexican authorities
21  from MGA's office in Mexico City, Mexico, and all COMMUNICATIONS that
22  REFER OR RELATE thereto.

23    37.    All payments of money or any item of value made by YOU, directly
24  or indirectly, or offered, proposed, promised, requested or solicited by or from YOU,
25  directly or indirectly, in connection criminal proceedings or potential or prospective
26  criminal proceedings against YOU or any of YOUR employees, including without
27  limitation Gustavo Machado, and including without limitation YOUR payment or
28  reimbursement of legal fees for or on behalf of any PERSON.

EXHIBIT   7
PAGE   357

1      38.   COMMUNICATIONS between YOU and any PERSON

2   RELATING TO the resignation or departure of any FORMER MATTEL

3   EMPLOYEES from Mattel.

4      39.   The compensation, money or any other item of value paid to any

5   FORMER MATTEL EMPLOYEE, whether directly or indirectly, by YOU.

6      40.   The identity of DOCUMENTS RELATING TO any MATTEL

7   product or plan that any FORMER MATTEL EMPLOYEE provide or disclosed to or

8   shared with YOU, directly or indirectly.

9      41.   COMMUNICATIONS with any PERSON, RELATING TO YOUR

10   receipt, reproduction, copying, storage, transmission, transfer, retention, destruction,

11   deletion or use of any DOCUMENTS, data and/or information, including but not

12   limited to any compilation of information, that was prepared, made, created, generated,

13   assembled or compiled by or for MATTEL and that YOU received, directly or

14   indirectly, from any FORMER MATTEL EMPLOYEE.

15      42.   The content, authenticity, accuracy and meaning of each personnel

16   file maintained or created by YOU RELATING TO any FORMER MATTEL

17   EMPLOYEE.

18      43.   COMMUNICATIONS between YOU and Pablo Vargas San Jose

19   prior to April 20, 2004.

20      44.   COMMUNICATIONS between YOU and Janine Brisbois prior to

21   September 27, 2005.

22      45.   COMMUNICATIONS between YOU and Ron Brawer prior to

23   October 2, 2004.

24      46.   COMMUNICATIONS between YOU and Carlos Gustavo Machado

25   Gomez ("Machado") prior to April 20, 2004.

26      47.   COMMUNICATIONS between YOU and Mariana Trueba Almada

27   ("Trueba") prior to April 20, 2004.

28

EXHIBIT ___7___

PAGE ___358___

FOURTH NOTICE OF DEPOSITION OF MGA

1        48.    The existence or extent of competition or substitution between any
2    of the CONTESTED MGA PRODUCTS and any of the CONTESTED MATTEL
3    PRODUCTS.

4        49.    The factual basis for YOUR claim that any of the CONTESTED
5    MGA PRODUCTS have acquired secondary meaning or are famous.

6        50.    The factual basis for YOUR claim that any of MATTEL's actions
7    have caused actual dilution.

8        51.    Mattel's alleged intimidation, coercion or threats to retailers,
9    licensees, suppliers and others in the industry."

10        52.    The factual basis for YOUR claim that Mattel "serially imitated and
11    copy-catted [sic] the look of MGA products, trade dress, trademarks, themes, ideas,
12    advertising and packaging."

13        53.    The basis for YOUR claim that the Bratz dolls launched in 2001
14    were "unique and distinctive."

15        54.    The identification of YOUR alleged trade dress in connection with
16    the CONTESTED MGA PRODUCTS, including without limitation with respect to
17    "themes," and the factual bases for YOUR claim that YOU have any legally protected
18    interest in such trade dress.

19        55.    The factual basis for YOUR allegation that advertising executives
20    have expressed concern about "Bratz" and Mattel's "My Scene," what concerns they
21    expressed and the IDENTITY of each such executive.

22        56.    The factual basis for YOUR allegation that the press confused
23    YOUR products with MATTEL products and "has taken notice" of alleged confusion
24    between "Bratz" and "My Scene."

25        57.    All COMMUNICATIONS relating to customers who have allegedly
26    contacted YOU to purchase Mattel's "My Scene" dolls or any of the CONTESTED
27    MATTEL PRODUCTS.

28

EXHIBIT __7__

PAGE __389__

FOURTH NOTICE OF DEPOSITION OF MGA

1     58.   The factual basis for YOUR claim that MATTEL has infringed,
2   diluted or otherwise violated any trade dress that YOU contend YOU own in the
3   CONTESTED MGA PRODUCTS.

4     59.   The factual basis for YOUR claim that MATTEL has engaged in
5   "strong-arm tactics, and other illegitimate, unfair and anti-competitive means."

6     60.   COMMUNICATIONS   between   YOU   and   any   PERSON
7   RELATING TO the departure from MATTEL of any current or FORMER MATTEL
8   EMPLOYEE or MATTEL contractor.

9     61.   COMMUNICATIONS   between   YOU   and   any   PERSON
10   RELATING TO the obligations to MATTEL, including the duty of confidentiality, of
11   any current or FORMER MATTEL EMPLOYEE or MATTEL contractor.

12     62.   COMMUNICATIONS between YOU and any current or FORMER
13   MATTEL EMPLOYEE or MATTEL or contractor RELATING TO the ownership of
14   any idea, concept, design, or product.

15     63.   COMMUNICATIONS   between   YOU   and   any   PERSON
16   RELATING TO the retention, destruction, transfer, or use of any information or
17   DOCUMENTS known to or possessed by any current or former MATTEL employee or
18   contractor.

19     64.   Mattel's alleged "warnings," "threats" or "intimidation" that are the
20   subject of YOUR claims, including but not limited to all COMMUNICATIONS with
21   any present or former licensees of MATTEL and any present or former distributors and
22   retailers of MGA and MATTEL products.

23     65.   MATTEL's alleged responsibility for "shortage of doll hair in
24   October 2002."

25     66.   MATTEL's alleged "manipulation of the retail market," including by
26   its alleged tampering with MGA's retail displays.

27     67.   MATTEL's alleged false statements about YOU or YOUR business
28   practices.

EXHIBIT _7_

PAGE _390_

FOURTH NOTICE OF DEPOSITION OF MGA

1    68.   MATTEL's alleged violation of any rules or restrictions relating to

2  data provided to subscribers by NPD or any other wrongful conduct relating to NPD.

3    69.   COMMUNICATIONS between YOU and NPD, other than periodic

4  reports transmitted by NPD or information made available to YOU by NPD, between

5  January 1, 2000 and the present.

6    70.   YOUR contracts and agreements with NPD since January 1, 1999,

7  including without limitation any allegation by NPD that YOU were or have been in

8  breach or violation thereof.

9    71.   The status of YOUR NPD subscription between January 1, 1999 and

10  the present.

11    72.   MATTEL's alleged inducement of CARU to place onerous

12  restrictions on MGA advertisements, and require MGA to amend aspects of

13  commercials that have gone unchallenged in other parties' commercials.

14    73.   COMMUNICATIONS between YOU and CARU between

15  January 1, 2000 and the present RELATING TO MATTEL, ANY CONTESTED MGA

16  PRODUCTS, ANY CONTESTED MATTEL PRODUCTS or any other subject or

17  matter that YOU are relying upon in this ACTION.

18    74.   MATTEL's allegedly improper influence with or within TIA,

19  including but not limited to the procedures for and manner in which the Toy of the Year

20  was selected for 2003.

21    75.   YOUR COMMUNICATIONS with TIA RELATING TO Toy of the

22  Year since January 1, 2000 or any other subject or matter on which YOU base any

23  claim.

24    76.   MATTEL's purported power, influence and intimidation to threaten

25  retailers, suppliers, licensees, distributors, manufacturers and industry bodies so as to

26  limit or prevent MGA from doing business.

27    77.   MATTEL's alleged intimidation of or threats against MGA's current

28  and potential employees.

EXHIBIT ___7___

PAGE ___391___

FOURTH NOTICE OF DEPOSITION OF MGA

1      78.    YOUR monthly, quarterly and annual financial reports, including
2  financial statements (both audited and unaudited) for the years 1998 through the
3  present, inclusive.

4      79.    The identity of DOCUMENTS that YOU have reason to believe
5  were created by or originated from MATTEL (excluding MATTEL products that YOU
6  purchased at retail) at any time since January 1, 1998.

7      80.    The destruction of any DOCUMENT RELATING TO the
8  CONTESTED MGA PRODUCTS or the CONTESTED MATTEL PRODUCTS.

9      81.    COMMUNICATIONS with, or inquiry or investigation by, any
10  government entity, industry organization, safety compliance, or consumer organization
11  RELATING TO the CONTESTED MGA PRODUCTS or the CONTESTED MATTEL
12  PRODUCTS.

13      82.    YOUR understanding or belief of whether the BRYANT/MGA
14  AGREEMENT was lawful when YOU entered into it, and DOCUMENTS and
15  COMMUNICATIONS related thereto.

16      83.    The public perception of the CONTESTED MGA PRODUCTS,
17  including without limitation with respect to the appropriateness or suitability of Bratz
18  for children.

19      84.    The factual basis for YOUR alleged belief that YOU had the right to
20  market products developed as a result of the BRYANT/MGA AGREEMENT and to the
21  lawful right to fully exploit the drawings drawn and presented by BRYANT prior to the
22  execution of the BRYANT/MGA AGREEMENT, and the DOCUMENTS and
23  COMMUNICATIONS YOU so relied upon when YOU entered into the agreement.

24      85.    The factual basis for YOUR contention that YOU believed at the
25  time YOU entered into the BRYANT/MGA AGREEMENT that it would be lawful for
26  YOU to acquire THE BRATZ PITCH MATERIALS from BRYANT, and the
27  DOCUMENTS and COMMUNICATIONS YOU so relied upon at the time YOU
28  entered into the BRYANT/MGA AGREEMENT.

EXHIBIT ___7___
PAGE ___9 2___

1       86.    YOUR belief or non-belief that BRYANT created or improved any

2  of THE BRATZ PITCH MATERIALS while employed by MATTEL, and the

3  DOCUMENTS and COMMUNICATIONS YOU so relied upon.

4       87.    Any investigation or inquiry YOU conducted to confirm the timing

5  of BRYANT'S work prior to executing the BRYANT/MGA AGREEMENT, including

6  but not limited to DOCUMENTS and COMMUNICATIONS RELATING thereto.

7       88.    The factual bases for YOUR affirmative defenses.

8       89.    The IDENTITY of all DOCUMENTS that were in the possession of

9  Farhad Larian that YOU claim were reviewed by Quinn Emanuel Urquhart Oliver &

10  Hedges LLP at any time prior to January 1, 2007.

11       90.    The factual bases for YOUR allegations in the GLASER LETTER,

12  including YOUR allegation that DOCUMENTS in the possession of Farhad Larian and

13  reviewed by Quinn Emanuel Urquhart Oliver & Hedges LLP were purportedly

14  privileged and confidential.

15       91.    Any services Farhad Larian has provided to YOU since January 1,

16  2005, including any litigation consulting services.

17       92.    The IDENTITY of DOCUMENTS that Farhad Larian was provided

18  with or had access to, including YOUR allegedly privileged and confidential

19  DOCUMENTS, since January 1, 2001.

20       93.    The terms of any contracts or agreements, including any

21  confidentiality agreements, between YOU and Farhad Larian.

22       94.    The identity of each doll, accessory, product, work or item

23  produced, developed, manufactured, licensed, sold or offered for sale by or for YOU or

24  on YOUR behalf that was BASED ON any BRATZ DESIGN or any design derivative

25  of any BRATZ DESIGN.

26       95.    Except for deposition testimony provided in this ACTION, the

27  testimony, transcripts, declarations, affidavits and other sworn written statements of any

28  other type by or from YOU or made on YOUR behalf that REFER OR RELATE TO

1  BRATZ and that REFER OR RELATE TO the time period prior to June 30, 2001
2  (regardless of when such testimony or sworn statement was taken, given, signed, made
3  or filed).

4      96.    The authenticity, content, timing, meaning, and truth and accuracy
5  of YOUR COMMUNICATIONS with any PERSON, including without limitation any
6  retailer and the media, that REFER OR RELATE TO the National Labor Committee
7  dated December 21, 2006 entitled "Made in China: The Sweatshop Behind the Bratz"
8  or the Hau Tai K4 factory.

9      97.    The identity of each doll, product, packaging or other matter that
10  YOU have accused of infringing, diluting or otherwise violating YOUR purported
11  rights in any of the CONTESTED MGA PRODUCTS, the IDENTITY of each
12  manufacturer of each doll, product, packaging or other matter and the specific aspects
13  of each such doll, product, packaging or other matter that YOU have claimed was
14  confusingly or substantially similar to any of the CONTESTED MGA PRODUCTS.

15      98.    The identity, and outcome and resolution, of each lawsuit that YOU
16  have brought or cease and desist letter YOU have sent each doll, product, packaging or
17  other matter that YOU have accused of infringing, diluting or otherwise violating
18  YOUR purported rights in any of the CONTESTED MGA PRODUCTS.

19      99.    The job responsibilities of each FORMER MATTEL EMPLOYEE
20  in the first six months after each joined MGA.

21      100.  YOUR scheduling, planning, inventory, shipping, distribution or
22  forecasting software since January 1, 2005, including but not limited to any and all
23  changes, improvements, acquisitions, upgrades and purchases.

24      101.  DOCUMENTS created by each of the FORMER MATTEL
25  EMPLOYEES in the first six months after each joined MGA

26      102.  The make-up, source, calculation and purpose of the amounts
27  presented in MGA documents Bates-numbered MGA 0101018-21 (Exhibit 661) and
28  MGA 08185789 (Exhibit 662).

EXHIBIT 7
PAGE 399

FOURTH NOTICE OF DEPOSITION OF MGA

07209/2254636.1

# EXHIBIT 8

1 | QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
   John B. Quinn (Bar No. 090378)
2 |    (johnquinn@quinnemanuel.com)
   Michael T. Zeller (Bar No. 196417)
3 |    (michaelzeller@quinnemanuel.com)
   Jon D. Corey (Bar No. 185066)
4 |    (joncorey@quinnemanuel.com)
   Timothy L. Alger (Bar No. 160303)
5 |    (timalger@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
6 | Los Angeles, California 90017-2543
   Telephone: (213) 443-3000
7 | Facsimile: (213) 443-3100

8 | Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>        Plaintiff,<br><br>vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>        Defendant. | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>NOTICE OF DEPOSITION OF MGAE DE MEXICO, S.R.L. DE C.V. PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(B)(6) |
| AND CONSOLIDATED ACTIONS | |

EXHIBIT ___8___
PAGE ___395___

NOTICE OF 30(B)(6) DEPOSITION OF MGAE DE MEXICO, S.R.L. DE C.V.

1  TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2         PLEASE TAKE NOTICE that on January 23, 2008 beginning at

3  9:30 a.m. Mattel, Inc. ("Mattel") will take the deposition upon oral examination of

4  defendant MGAE de Mexico, S.R.L. de C.V. at the offices of Quinn Emanuel

5  Urquhart Oliver & Hedges LLP, 865 S. Figueroa Street, 10th Floor, Los Angeles,

6  CA 90017.  Pursuant to Fed. R. Civ. P. 30(b)(6), MGAE de Mexico, S.R.L. de C.V.

7  shall designate one or more officers, directors, managing agents or other persons

8  who consent to testify on its behalf concerning each of the topics set forth in

9  Exhibit A hereto.

10        PLEASE TAKE FURTHER NOTICE that the deposition will take

11 place before a duly authorized notary public or other officer authorized to administer

12 oaths at depositions, and will continue from day to day, Sundays, Saturdays and

13 legal holidays excepted, until completed.

14        PLEASE TAKE FURTHER NOTICE that, pursuant to Fed. R. Civ.

15 P. 30(b)(2), the deposition will be videotaped.  Mattel also reserves the right to use

16 Livenote or other technology for real-time transcription of the testimony.

17

18 DATED:  January 9, 2008       QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

19

20        By_____
21           Michael T. Zeller
          Attorneys for Mattel, Inc.

22

23

24

25

26

27                      EXHIBIT ___8___

28                      PAGE ___396___

-1-

NOTICE OF 30(B)(6) DEPOSITION OF MGAE DE MEXICO, S.R.L. DE C.V.

## EXHIBIT A

1.      "YOU," "YOUR" or "MGA" means MGAE de Mexico, S.R.L. de C.V., any of its current or former employees (including but not limited to MACHADO, TRUEBA and VARGAS) , officers, directors, agents, representatives, attorneys, parents, subsidiaries, divisions, affiliates, predecessors-in-interest and successors-in-interest, and any other PERSON acting on its behalf, pursuant to its authority or subject to its control.

2.      "MATTEL" means Mattel, Inc. and all current or former directors, officers, employees, agents, contractors, attorneys, accountants, representatives, subsidiaries, divisions, affiliates, predecessors-in-interest and successors-in-interest, and any other PERSON acting on its behalf, pursuant to its authority or subject to its control.

3.      "BRATZ" means any project, product, doll or DESIGN ever known by that name (whether in whole or in part and regardless of what such project, product or doll is or has been also, previously or subsequently called) and any product, doll or DESIGN or any portion thereof that is now or has ever been known as, or sold or marketed under, the name or term "Bratz" (whether in whole or in part and regardless of what such product, doll or DESIGN or portion thereof is or has been also, previously or subsequently called) or that is now or has ever been sold or marketed as part of the "Bratz" line, and each version or iteration of such product, doll or DESIGN or any portion thereof.  As used herein, "product, doll or DESIGNS or any portion thereof" also includes without limitation any names, fashions, accessories, artwork, packaging or any other works, materials, matters or items included or associated therewith.  Without limiting the generality of the foregoing, the term "BRATZ" does not and shall not require that there be a doll existing at the time of the event, incident or occurrence that is the subject of, or otherwise relevant or responsive to, the Topics of Examination herein.

EXHIBIT  8

-2-

NOTICE OF 30(B)(6) DEPOSITION OF MGAE DE MEXICO, S.R.L. DE C.V.

PAGE  397

1     4.     "DESIGN" or "DESIGNS" means any and all representations,
2  whether two-dimensional or three-dimensional, and whether in tangible, digital,
3  electronic or other form, including but not limited to all works, designs, artwork,
4  sketches, drawings, illustrations, representations, depictions, blueprints, schematics,
5  diagrams, images, sculptures, prototypes, models, samples, rotocasts, reductions to
6  practice, developments, inventions and/or improvements, as well as all other items,
7  things and DOCUMENTS in which any of the foregoing are or have been
8  expressed, embodied, contained, fixed or reflected in any manner, whether in whole
9  or in part.

10     5.     "BRATZ DOLL" means any doll that is or has ever been
11  distributed, marketed, sold or offered for sale under the name "Bratz" or as part of
12  the "Bratz" line.

13     6.     "BRATZ PRODUCT" means any product, whether two-
14  dimensional or three-dimensional, and whether in tangible, digital, electronic or
15  other form: (i) that is or has ever been distributed, marketed or sold under the name
16  "Bratz" or as part of the "Bratz" line; (ii) depicts, incorporates, embodies, consists of
17  or REFERS OR RELATES TO BRATZ; and/or (iii) that is or has ever been
18  distributed, marketed or sold in any packaging that includes the name "Bratz" or
19  depicts, incorporates, embodies, consists of or REFERS OR RELATES TO
20  BRATZ.

21     7.     "BRATZ LICENSE" means any license that REFERS OR
22  RELATES TO any BRATZ PRODUCT.

23     8.     "SYSTEM" or "SYSTEMS" means any computer or network of
24  computers or other network devices that allow a two or more computers to share
25  information and equipment, including but not limited to local area networks, wide area
26  networks, storage area networks, client-server networks or peer-to-peer networks.  The
27  use of the term "SYSTEM" or "SYSTEMS" also includes the brand, model number,
28

EXHIBIT    8
PAGE    398

07975/2280277.2

-3-
NOTICE OF 30(B)(6) DEPOSITION OF MGAE DE MEXICO, S.R.L. DE C.V.

1 technical specifications, and capacities of the computers who are part of each such

2 SYSTEM.

3         9.    "DIGITAL INFORMATION" means any information created or

4 stored digitally, including but not limited to electronically, magnetically or optically.

5        10.    "ACTION" refers to *Mattel, Inc. v. Bryant*, Case No. CV 04-

6 9059 SGL (RNBx), filed by Mattel on April 27, 2004, and the cases consolidated

7 therewith.

8        11.    "IDENTITY" means the following:

9           (a)    with reference to an individual or individuals, means to

10 state, fully and separately as to each, such individual's full name, any known

11 business title, current or last known business affiliation, current or last known

12 residential address, current or last known business address, current or last known

13 relationship to MGA, and current or last known telephone number.

14           (b)    with reference to an entity or entities, means to state, fully

15 and separately as to each, such entity's full name, state (or country) of incorporation

16 or organization, present or last known address, and present or last known telephone

17 number.

18           (c)    with reference to any other DOCUMENT or

19 DOCUMENTS, means to describe each DOCUMENT by Bates number. In the

20 event that a DOCUMENT does not have a Bates number, IDENTITY means, with

21 respect to each such DOCUMENT, to provide a complete description of it such that

22 it may be the subject of a request for the production of documents, including by

23 stating the date, IDENTITY of the author, addressee(s), signatories, parties, or other

24 PERSONS identified therein, its present location or custodian and a description of

25 its contents.

26        12.    "RELATING TO" or "REFERS OR RELATES TO" means

27 constituting, embodying, containing, referring to, commenting on, evidencing,

28 regarding, discussing, describing, mentioning, reflecting, expressing, pertaining to,

EXHIBIT 8

PAGE 399

1 | concerning, supporting, contradicting, negating, revoking or otherwise relating to in
2 | any manner.

3      13.   "COMMUNICATION," in the plural as well as the singular,
4 | means any transmittal and/or receipt of information, whether such was oral or
5 | written, and whether such was by chance, prearranged, formal or informal, and
6 | specifically includes, but is not limited to, conversations in person, telephone
7 | conversations, electronic mail (including instant messages and text messages),
8 | voicemail, letters, memoranda, statements, media releases, magazine and newspaper
9 | articles, and video and audio transmissions.

10      14.   "DOCUMENT" means all "WRITINGS" and "RECORDINGS"
11 | as those terms are defined in Rule 34 of the Federal Rules of Civil Procedure and
12 | Rule 1001 of the Federal Rules of Evidence, including, but not limited to, all
13 | writings and records of every type and description including, but not limited to,
14 | contracts, agreements, correspondence, memoranda, letters, facsimiles, electronic
15 | mail ("e-mail"), records of telephone conversations, handwritten and typewritten
16 | notes of any kind, statements, reports, minutes, recordings, transcripts and
17 | summaries of meetings, voice recordings, pictures, photographs, drawings,
18 | computer cards, tapes, discs, printouts and records of all types, studies, instruction
19 | manuals, policy manuals and statements, books, pamphlets, invoices, canceled
20 | checks and every other device or medium by which or through which information of
21 | any type is transmitted, recorded or preserved. Without any limitation on the
22 | foregoing, the term "DOCUMENT" shall include all copies that differ in any respect
23 | from the original or other versions of the DOCUMENT, including, but not limited
24 | to, all drafts and all copies of such drafts or originals containing initials, comments,
25 | notations, insertions, corrections, marginal notes, amendments or any other variation
26 | of any kind.

27      15.   "PERSON" or "PERSONS" means all natural persons,
28 | partnerships, corporations, joint ventures and any kind of business, legal or public

EXHIBIT 8
PAGE 400

1 | entity or organization, as well as its, his or her agents, representatives, employees,
2 | officers and directors and any one else acting on its, his or her behalf, pursuant to
3 | its, his or her authority or subject to its, his or her control.

4 |     16.   "LARIAN" means Isaac Larian, and all of his past or present
5 | employees, officers, agents, representatives, attorneys, consultants, independent
6 | contractors, any predecessors or successors in interest, and any other PERSON
7 | acting on his behalf, pursuant to his authority or subject to his control.

8 |     17.   "MACHADO" means Carlos Gustavo Machado Gomez, and all
9 | of his current or former employees, agents, representatives, attorneys, accountants,
10 | vendors, consultants, independent contractors, predecessors-in-interest and
11 | successors-in-interest, and any other PERSON acting on his behalf, pursuant to his
12 | authority or subject to his control.

13 |     18.   "TRUEBA" means Mariana Trueba Almada, and all of her
14 | current or former employees, agents, representatives, attorneys, accountants,
15 | vendors, consultants, independent contractors, predecessors-in-interest and
16 | successors-in-interest, and any other PERSON acting on her behalf, pursuant to her
17 | authority or subject to her control.

18 |     19.   "VARGAS" means Pablo Vargas San Jose, and all of his current
19 | or former employees, agents, representatives, attorneys, accountants, vendors,
20 | consultants, independent contractors, predecessors-in-interest and successors-in-
21 | interest, and any other PERSON acting on his behalf, pursuant to his authority or
22 | subject to his control.

23 |     20.   "FORMER MATTEL EMPLOYEES" means any former
24 | MATTEL employee who left MATTEL to join YOU, including but not limited to
25 | MACHADO, TRUEBA and VARGAS.

26 |     21.   The singular form of a noun or pronoun includes within its
27 | meaning the plural form of the noun or pronoun so used, and *vice versa*; the use of
28 | the masculine form of a pronoun also includes within its meaning the feminine form

0797 5/2280277.2

-6-
NOTICE OF 30(B)(6) DEPOSITION OF MGAE DE MEXICO, S.R.L. DE C.V.

EXHIBIT

PAGE 401

1    of the pronoun so used, and *vice versa*; the use of any tense of any verb includes
2    also within its meaning all other tenses of the verb so used, whenever such
3    construction results in a broader request for information; and "and" includes "or"
4    and *vice versa*, whenever such construction results in a broader disclosure of
5    documents or information.

6                            **Topics of Examination**

7            1.      YOUR knowledge of any MATTEL product prior to the time
8    that such product had been announced or disclosed by MATTEL to retailers or the
9    public.

10           2.      YOUR receipt, reproduction, copying, storage, transmission,
11   transfer, retention, destruction, deletion or use of any DOCUMENTS, data and/or
12   information, including but not limited to any compilation of information, that was
13   prepared, made, created, generated, assembled or compiled by or for MATTEL and
14   that was not publicly available at the time of YOUR receipt of such DOCUMENT,
15   data and/or information.

16           3.      YOUR receipt, reproduction, copying, storage, transmission,
17   transfer, retention, destruction, deletion or use of any MATTEL line list or other
18   DOCUMENT prepared by MATTEL identifying MATTEL products in the planning,
19   design or development phase.

20           4.      The hiring, engagement or retention by YOU of any current or
21   former MATTEL employee or contractor, including but not limited to the terms of
22   all employment agreements and agreements RELATING TO confidentiality or the
23   invention, authorship, or ownership of any concept or product.

24           5.      The seizure of DOCUMENTS by Mexican authorities from
25   YOUR office in Mexico City, Mexico, including but not limited to the IDENTITY
26   of such DOCUMENTS and YOUR PRESERVATION of any MATTEL authored
27   DOCUMENT after the execution of the search warrant by Mexican authorities.

28

EXHIBIT ___ 8

07975/2280277.2

1      6.     COMMUNICATIONS RELATING TO the search of YOUR

2  office in Mexico City, Mexico that was conducted by Mexican authorities.

3      7.     The IDENTITY of all DOCUMENTS received by YOU, directly

4  or indirectly, from any FORMER MATTEL EMPLOYEE authored by or for the

5  benefit of MATTEL, or RELATING TO MATTEL or any MATTEL product, plan,

6  client, customer, current or former MATTEL employee, sales, advertising,

7  marketing, analysis, tool or procedure.

8      8.     COMMUNICATIONS with any PERSON RELATING TO

9  YOUR receipt, reproduction, copying, storage, transmission, transfer, retention,

10  destruction, deletion or use of any DOCUMENTS, data and/or information,

11  including but not limited to any compilation of information, that was prepared,

12  made, created, generated, assembled or compiled by or for MATTEL and that YOU

13  received, directly or indirectly, from any FORMER MATTEL EMPLOYEE.

14      9.     COMMUNICATIONS between YOU and any of the FORMER

15  MATTEL EMPLOYEES prior to April 20, 2004, including without limitation any

16  and all DOCUMENTS any of the FORMER MATTEL EMPLOYEES transmitted

17  to or shared with YOU prior to April 20, 2004.

18      10.    COMMUNICATIONS between YOU and any of the FORMER

19  MATTEL EMPLOYEES RELATING TO MATTEL or any MATTEL product,

20  potential product, business plan, line list, DOCUMENT or pricing.

21      11.    COMMUNICATIONS between any of the FORMER MATTEL

22  EMPLOYEES and LARIAN, Thomas Park and/or Susanna Kuemmerle prior to

23  April 20, 2004.

24      12.    Travel to Los Angeles, California by any of the FORMER

25  MATTEL EMPLOYEES between January 1, 2004 and April 20, 2004.

26      13.    The content, meaning and authenticity of e-mail messages,

27  including attachments and metadata, sent from or received by YOU to or from the e-

28  mail address <plot04@aol.com>.

EXHIBIT   8

14. The content, meaning and authenticity of e-mail messages, including attachments and metadata, sent from or received at the e-mail address <argentrade@aol.com> to or from the e-mail address <plot04@aol.com>.

15. The content, meaning and authenticity of e-mail messages, including attachments and metadata, sent from or received at the e-mail address <argentrade@aol.com> to or from any of the FORMER MATTEL EMPLOYEES.

16. COMMUNICATIONS RELATING TO YOUR market planning and product development RELATING TO the toy market in Mexico prepared, created, sent or transmitted, whether in whole or in part, by MACHADO, TRUEBA and/or VARGAS at any time prior to April 30, 2005.

17. COMMUNICATIONS between YOU and any PERSON RELATING TO the departure or resignation from MATTEL of any current or FORMER MATTEL EMPLOYEE or MATTEL contractor.

18. The job responsibilities of each FORMER MATTEL EMPLOYEE in the first six months after each joined MGA.

19. The content, meaning and authenticity of each personnel file maintained or created by YOU RELATING TO any FORMER MATTEL EMPLOYEE.

20. Any and all agreements between YOU and any of the FORMER MATTEL EMPLOYEES, including all drafts of such agreements and COMMUNICATIONS related thereto.

21. Compensation, money or any other item of value paid by YOU to any FORMER MATTEL EMPLOYEE, whether directly or indirectly, or paid to any PERSON for the benefit of or RELATING TO any FORMER MATTEL EMPLOYEE.

22. Any promotions, raises, bonuses, monetary incentives, payments, awards, transfers, warnings, admonishment, discipline, reprimands, demotions or

EXHIBIT ___8___
PAGE ___404___

1 terminations of or received by any of the FORMER MATTEL EMPLOYEES while
2 employed by YOU.

3      23.   Any agreements, contracts, offers, promises, proposals or requests
4 RELATING TO the indemnification of or by any of the FORMER MATTEL
5 EMPLOYEES or the payment of legal fees by or for any of the FORMER MATTEL
6 EMPLOYEES.

7      24.   COMMUNICATIONS between YOU and any PERSON
8 RELATING TO the obligations to MATTEL, including the duty of confidentiality,
9 of any current or FORMER MATTEL EMPLOYEE or MATTEL contractor.

10      25.   COMMUNICATIONS between YOU and any current or
11 FORMER MATTEL EMPLOYEE or MATTEL contractor RELATING TO the
12 ownership of, or any right, title or interest in, any idea, concept, design, or product.

13      26.   COMMUNICATIONS between YOU and any PERSON
14 RELATING TO the retention, destruction, transfer, or use of any information or
15 DOCUMENTS known to or possessed by any current or former MATTEL
16 employee or contractor.

17      27.   The IDENTITY of DOCUMENTS that YOU have reason to
18 believe were created by or originated from MATTEL, other than MATTEL products
19 that YOU purchased at retail at any time since January 1, 2004.

20      28.   The development of MGA's 2005 product line, including the
21 IDENTITY of each person who participated in the decision making leading up to
22 such product line.

23      29.   The development of MGA's 2006 product line, including the
24 IDENTITY of each person who participated in the decision making leading up to
25 such product line.

26      30.   Any warning, admonition, discipline or other adverse
27 employment action by YOU RELATING TO any of YOUR current or former

28

EXHIBIT ___ 8

PAGE ___ 405

NOTICE OF 30(B)(6) DEPOSITION OF MGAE DE MEXICO, S.R.L. DE C.V.

0797 5/2280277.2

1 employees for using a competitor's confidential or proprietary information, trade
2 secrets or intellectual property.

3      31. YOUR policies or procedures regarding the use or prohibition of
4 use of an competitor's confidential or proprietary information, trade secrets or
5 intellectual property.

6      32. YOUR efforts to maintain the secrecy of YOUR claimed trade
7 secrets and the date YOU started such efforts.

8      33. Any failures to comply with YOUR efforts to maintain the
9 secrecy of YOUR trade secrets, and any violations of YOUR policies or procedures
10 with respect to the maintenance of the secrecy of YOUR trade secrets.

11      34. The IDENTITY of each individual who has failed to comply with or
12 violated YOUR policies and procedures to maintain the secrecy of YOUR trade secrets.

13      35. Any alleged failures of MATTEL to maintain the secrecy of its trade
14 secrets.

15      36. COMMUNICATIONS between YOU and any individual while
16 the individual was employed by MATTEL.

17      37. The factual bases for YOUR affirmative defenses.

18      38. The product name, product number and SKU of each BRATZ
19 PRODUCT, including without limitation each BRATZ DOLL, sold by YOU or
20 YOUR licensees, and the number of units of each sold by YOU or YOUR licensees.

21      39. YOUR cost of goods sold, unit cost and other costs for each
22 BRATZ PRODUCT, including without limitation BRATZ DOLLS, sold by YOU or
23 YOUR licensees.

24      40. YOUR revenues and profits, including gross, net and incremental
25 profits, from the sale of each BRATZ PRODUCT sold by YOU or YOUR licensees.

26      41. The number of units of each BRATZ PRODUCT sold by YOU
27 or YOUR licensees, the identity of each customer to whom YOU or YOUR

EXHIBIT 8
PAGE 406

07975/2280277.2

-11-

NOTICE OF 30(B)(6) DEPOSITION OF MGAE DE MEXICO, S.R.L. DE C.V.

1  licensees have ever sold any BRATZ PRODUCT, and the revenues and profits that
2  YOU have earned therefrom by customer.

3      42.  Customer returns to YOU of BRATZ PRODUCTS, including
4  without limitation BRATZ DOLLS, sold or distributed by YOU or YOUR licensees.

5      43.  Customer rebates or credits given by YOU or YOUR licensees to
6  customers in connection with BRATZ PRODUCTS, including without limitation
7  BRATZ DOLLS.

8      44.  YOUR cost allocation procedures.

9      45.  YOUR sales, profit and cash flow projections or forecasts for
10  BRATZ PRODUCTS, including without limitation BRATZ DOLLS.

11      46.  The BRATZ DOLLS' share of the fashion doll market in Mexico
12  including, without limitation, the extent to which BRATZ has been or is gaining or
13  losing market share in the Mexico fashion doll market.

14      47.  YOUR net worth on a yearly basis from January 1, 2004 to the
15  present.

16      48.  YOUR monthly, quarterly and annual financial reports, including
17  financial statements (both audited and unaudited) from January 1, 2004 through the
18  present, inclusive.

19      49.  YOUR tax returns from January 1, 2004 to the present, including
20  all schedules and work papers RELATING TO their preparation and filing.

21      50.  YOUR corporate structure since January 1, 2004, including without
22  limitation YOUR relationship with MGA Entertainment, Inc., to MGA Entertainment
23  Mexico, Inc. and the IDENTITY of YOUR officers, directors, shareholders and
24  employees.

25      51.  The factual bases for YOUR affirmative defenses.

26      52.  The retention or destruction policies, procedures and practices for
27  YOUR DOCUMENTS and DIGITAL INFORMATION that REFER OR RELATE TO
28  BRATZ since January 1, 2004, including without limitation the retention or destruction

07975/2280277.2

-12-

EXHIBIT     8

PAGE _____ 407

1  of DOCUMENTS and DIGITAL INFORMATION when (a) hardware is replaced,
2  modified or upgraded and (b) when PERSONS leave YOUR employ.

3      53.    The preservation, collection, destruction, removal, transfer, loss or
4  impairment of YOUR DOCUMENTS and DIGITAL INFORMATION in connection
5  with the ACTION and/or any DOCUMENTS requested by MATTEL in the ACTION.

6      54.    The preservation, collection, destruction, removal, transfer, loss or
7  impairment of YOUR DOCUMENTS and DIGITAL INFORMATION since January 1,
8  2004 that REFER OR RELATE TO MATTEL (including without limitation to any
9  MATTEL product, plan or information) that YOU received in any manner from any
10  PERSON who was at the time an employee of MATTEL or who had previously been
11  an employee of MATTEL.

12      55.    YOUR DIGITAL INFORMATION data backup policies, practices
13  and procedures from January 1, 2004 to the present, including without limitation the
14  location and specifications of any media used to preserve YOUR DIGITAL
15  INFORMATION and the software, if any, used to preserve YOUR DIGITAL
16  INFORMATION.

17      56.    The DIGITAL INFORMATION SYSTEMS and the application
18  software that YOU have used since January 1, 2004 that REFER OR RELATE TO
19  design, development, planning, inventory, manufacturing, sales, shipping and
20  accounting, including without limitation the common or shared storage for such
21  DIGITAL INFORMATION SYSTEMS, remote access of such DIGITAL
22  INFORMATION SYSTEMS, and any changes, modifications or upgrades to such
23  DIGITAL INFORMATION SYSTEMS or application software.

24      57.    The IDENTITY of PERSONS, including without limitation
25  vendors, who since January 1, 2004 have been responsible for or supported YOUR
26  DIGITAL INFORMATION SYSTEMS, including without limitation the IDENTITY of
27  such PERSON who serviced or provided hardware for YOUR DIGITAL
28  INFORMATION SYSTEMS, hosted, stored, archived or maintained YOUR DIGITAL

07975/2280277.2

-13-
NOTICE OF 30(B)(6) DEPOSITION OF MGAE DE MEXICO, S.R.L. DE C.V.

EXHIBIT  8
PAGE ____ 404

1  INFORMATION, including but not limited to internet service providers, and provided
2  analytical, training or implementation services with respect to YOUR DIGITAL
3  INFORMATION SYSTEMS.

4        58.    The electronic messaging SYSTEMS used by YOUR employees
5  within the scope of their employment between January 1, 2004 and the present,
6  including but not limited to electronic mail, instant messenger, telephone or voice-mail,
7  and the routing of such electronic messages to, from or within MGA.

8        59.    YOUR policies, practices and procedures regarding the use of
9  transportable media that contain or are capable of containing DIGITAL
10 INFORMATION, including but not limited to floppy discs, compact discs, DVDs, USB
11 drives, portable hard drives, digital cameras and personal digital assistants.

12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

EXHIBIT ___8___
PAGE ___409___

-14-
NOTICE OF 30(B)(6) DEPOSITION OF MGAE DE MEXICO, S.R.L. DE C.V.

# EXHIBIT 9

# EXHIBIT FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

# EXHIBIT 10

EXHIBIT FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER