# EXHIBIT 11

# EXHIBIT FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

# EXHIBIT 12

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION

CARTER BRYANT, an individual,

     Plaintiff,

    vs.

MATTEL, INC., a Delaware
corporation,

        Defendants.

No. CV 04-9049 SGL (RNBx)
Consolidated with
Nos. CV 04-9405 and
05-2727

**CERTIFIED
COPY**

AND CONSOLIDATED ACTIONS.

REPORTER'S TRANSCRIPT OF PROCEEDINGS

Los Angeles, California

Wednesday, March 4, 2009

Volume 1

Reported by:
CHERYL R. KAMALSKI
CSR No. 7113

Job No. 106479

EXHIBIT __12__
PAGE __457__

877.955.____
www.sarnoffreporters.com

IRVINE • LOS ___ • SAN FRANCISCO • LAS VEGAS • ___

SARNOFF
Court Reporters and
Legal Technologies

```
 1              UNITED STATES DISTRICT COURT
                CENTRAL DISTRICT OF CALIFORNIA
 2                   EASTERN DIVISION

 3

 4   CARTER BRYANT, an individual,

 5        vs.                        No. CV 04-9049 SGL (RNBx)
                                     Consolidated with
 6   MATTEL, INC., a Delaware        Nos. CV 04-9405 and
     corporation,                    05-2727
 7
              Defendants.
 8

 9

10

11   _____

     AND CONSOLIDATED ACTIONS.
12   _____

13

14

15

16        REPORTER'S TRANSCRIPT OF PROCEEDINGS, Volume 1,

17   taken at 555 West Fifth Street, 48th Floor, Los Angeles,

18   California, beginning at 10:08 a.m. and ending at

19   12:12 p.m. on Wednesday, March 4, 2009, before

20   CHERYL R. KAMALSKI, Certified Shorthand Reporter No. 7113.

21

22

23

24

25
```

2

EXHIBIT 12
PAGE 458

**TRANSCRIPT OF PROCEEDINGS**                03/04/09

1    APPEARANCES:

2

3    Discovery Master:
4          ROBERT C. O'BRIEN
           Attorney at Law
5          555 West Fifth Street, Suite 4800
           Los Angeles, California  90013-1065
6          (213) 629-7400

7    For Defendant Mattel, Inc.:
8          QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
           BY:  MICHAEL T. ZELLER
9          BY:  JON COREY
           Attorneys at Law
10         865 South Figueroa Street, 10th Floor
           Los Angeles, California 90017
11         (213) 624-7707

12         MATTEL, INC.
           BY:  JILL E. THOMAS
13         Assistant General Counsel
           333 Continental Boulevard
14         El Segundo, California 90245-5012
           (310) 252-2000

15

     For Defendants MGA and Isaac Larian:
16
           SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
17         BY:  JASON D. RUSSELL
           BY:  JENNIFER K. DEL CASTILLO
18         Attorneys at Law
           300 South Grand Avenue
19         Los Angeles, California 90071
           (213) 687-5000

20

     For Defendant IGWT Group and IGWT 826 Investments:
21
           VALLE & ASSOCIATES
22         BY:  JEFFREY B. VALLE
           BY:  ILAN WISNIA
23         Attorneys at Law
           11911 San Vicente Boulevard, Suite 324
24         Los Angeles, California 90049
           (310) 476-0300

25

SARNOFF COURT REPORTERS AND LEGAL TECHNOLOGIES
877.955.3855

EXHIBIT   12
PAGE   459

TRANSCRIPT OF PROCEEDINGS                03/04/09

```
 1    APPEARANCES (Continued):

 2

 3    For 808 Investors, LLC, Vision Capital, LLC, and OmniNet
      Capital, LLC:
 4
              BINGHAM McCUTCHEN LLP
 5            BY:   TODD E. GORDINIER
              BY:   PETER VILLAR
 6            Attorneys at Law
              600 Anton Boulevard, 18th Floor
 7            Costa Mesa, California 92626-1924
              (714) 830-0622
 8
      Also Present:
 9
              STEPHEN HAUSS
10            CRAIG HOLDEN

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

4

EXHIBIT __12__

PAGE ___460___

**TRANSCRIPT OF PROCEEDINGS**          03/04/09

1  compel is improper and should be denied for both serious

2  substantive and procedural reasons.  If we're going to

3  have these rules, they have a purpose, they have to be

4  followed.  And the Court's very order, the Court's

5  standing order says if this isn't done, it won't be

6  considered.  They now are walking away from these other

7  orders and they want to rely on the discovery stipulation

8  and order which, of course, I had no knowledge of when we

9  were having this discussion.  As you're well aware of,

10 they didn't even comply with that.  Perhaps if they had,

11 and set out, as they're required to do in writing, what it

12 is they want, why they want it, let's talk about it, let's

13 sit down and discuss it, we could, perhaps, have narrowed

14 it.  In fact, both I and my colleague told Mr. Corey we

15 were pretty sure we could satisfy himself with respect to

16 the bona fides of the transaction.  That was rejected.

17         MR. O'BRIEN:  Let me ask you this question.

18 You've said the discovery's overbroad.  What narrow

19 request could Mattel make that you believe would be proper

20 under the circumstances here?  In other words, what kind

21 of request do you think would be, as a third party?  I

22 mean, I understand you don't want to respond to anything,

23 it's a burden.  But assuming there's always a burden in

24 responding to discovery, what narrow request, based on

25 your understanding of the issues in phase 2, would be

SARNOFF COURT REPORTERS AND LEGAL TECHNOLOGIES
877.955.3855

EXHIBIT 12

PAGE 461

1   proper for your -- that you wouldn't come in here and file

2   a motion to quash?

3          MR. GORDINIER:  What documents do we have that

4   show that either Mr. Larian or MGA paid money into this to

5   purchase this debt?  I can tell you there are none.  This

6   is a ready, fire, aim situation.  The allegations that

7   were made and were made publicly are unconscionable and

8   can't be undone.

9          MR. O'BRIEN:  What other areas?  For example,

10  would the payment history with respect to the debt from

11  MGA to 808, assuming there is one, I don't know if this is

12  a balloon payment or that sort of thing --

13         MR. GORDINIER:  I assume that's in MGA's

14  financial statements, but -- I mean, I assume that they've

15  made payments.  I don't know the answer to that, that's

16  reflected on their financial statements, which I'm

17  assuming have been exchanged, but I don't know that.

18         MR. O'BRIEN:  Mr. Russell said that there was

19  discovery that was taken of Wachovia in phase 1.  I was

20  not involved in the case.  I don't know what discovery was

21  taken of Wachovia.  But, presumably -- but it sounds like,

22  and I'll let Mr. Zeller answer this and Mr. Russell

23  address it as well, but if there was discovery in phase 1

24  that was proper as to Wachovia in establishing the debt

25  and looking at the payment terms, and all that sort of

EXHIBIT  12
PAGE  462

1    thing, would that same sort of discovery be proper

2    vis-a-vis 808 --

3            MR. GORDINIER:  We absolutely offered -- we

4    offered, without knowing any of this, to give them the

5    deal documents.  Absolutely.  I don't know that it's

6    proper.  I think it's overbroad and I think it's

7    premature, but I'll just tell you, we offered to give them

8    the deal documents.  There's no secret there.  We did buy

9    the debt at a discount.  You've read the transcript.  I

10   told Judge Larson my client wants to make money at this,

11   and so he made a business decision that -- you know,

12   Wachovia has its own reasons for doing what it's doing

13   that we all can kind of guess -- but I don't know.  My

14   client had his own reasons for doing what he's doing.  The

15   only thing that seems to relate to all this is do they

16   have -- are there any documents that show the disgorgement

17   thing, or whatever he's trying to argue, and I'm not

18   familiar with the phase 2 -- but I have no problem

19   conceptually giving them the deal documents.  None at all.

20   But that doesn't entitle them to look at all records that

21   reflect all my nonparty entities, all documents detailing

22   or setting forth.  Read through them; they're overbroad

23   and they're improper.

24           MR. O'BRIEN:  What about performance, the

25   performance of the loan.

1         I, the undersigned, a Certified Shorthand

2 Reporter of the State of California, do hereby certify:

3         That the foregoing proceedings were taken

4 before me at the time and place herein set forth; that

5 any witnesses in the foregoing proceedings, prior to

6 testifying, were duly sworn; that a record of the

7 proceedings was made by me using machine shorthand

8 which was thereafter transcribed under my direction;

9 that the foregoing transcript is a true record of the

10 testimony given.

11         Further, that if the foregoing pertains to

12 the original transcript of a deposition in a Federal

13 Case, before completion of the proceedings, review of

14 the transcript [ ] was [ ] was not requested.

15         I further certify I am neither financially

16 interested in the action nor a relative or employee

17 of any attorney or party to this action.

18         IN WITNESS WHEREOF, I have this date

19 subscribed my name.

20

21 Dated:    MAR 0 9 2009

22

23                    _Cheryl R. Kamalski_
                    CHERYL R. KAMALSKI

24                     CSR No. 7113

25

EXHIBIT 12
PAGE 464

# EXHIBIT 13

1                 UNITED STATES DISTRICT COURT

2                CENTRAL DISTRICT OF CALIFORNIA

3                      EASTERN DIVISION

4                         - - -

5      HONORABLE STEPHEN G. LARSON, JUDGE PRESIDING

6                         - - -

7    MATTEL, INC.,                    )
                                      )
8                    Plaintiff,       )
                                      )
9            vs.                      )   No. CV 04-09049
                                      )
10   MGA ENTERTAINMENT, INC., ET. AL.,)
                                      )
11                   Defendants.      )
     _____)   Motions
12   AND CONSOLIDATED ACTIONS,        )
                                      )
13   _____)

14

15            REPORTER'S TRANSCRIPT OF PROCEEDINGS

16                  Riverside, California

17             Wednesday, February 11, 2009

18                     10:03 A.M.

19

20

21

22

23              THERESA A. LANZA, RPR, CSR
              Federal Official Court Reporter
24              3470 12th Street, Rm. 134
              Riverside, California  92501
25                   951-274-0844
                 WWW.THERESALANZA.COM

EXHIBIT  13
PAGE  465

2

```
 1   APPEARANCES:

 2   ON BEHALF OF MATTEL, INC.:

 3                          QUINN EMANUEL
                            By:   JOHN QUINN
 4                                DYLAN PROCTOR
                                  MICHAEL T. ZELLER
 5                          865 S. FIGUEROA STREET,
                            10TH FLOOR
 6                          LOS ANGELES, California   90017
                            213-624-7707
 7

 8   ON BEHALF OF MGA ENTERTAINMENT/ISAAC LARIAN:
     (Outgoing)
 9                          SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
                            BY:   THOMAS J. NOLAN
10                                JASON RUSSELL
                            300 SOUTH GRAND AVENUE
11                          LOS ANGELES, CALIFORNIA   90071-3144
                            213-687-5000
12

13   ON BEHALF OF MGA ENTERTAINMENT/ISAAC LARIAN:
     (Incoming)
14                          GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
                            BY:   JOEL KLEVENS
15                          10250 Constellation Boulevard
                            Los Angeles, California   90067
16                          310-553-3000

17                          MITCHELL, SILBERBERG & KNUPP LLP
                            BY:   RUSSELL J. FRACKMAN
18                          11377 West Olympic Boulevard,
                            Los Angeles, California   90064-1683
19                          310-312-2000

20
     ON BEHALF OF DEFENDANT GUSTAVO MACHADO:
21
                            OVERLAND BORENSTEIN SCHEPER & KIM LLP
22                          BY:   ALEXANDER H. COTE
                            601 West Fifth Street,
23                          12th Floor
                            Los Angeles, California   90071
24                          213-613-4660
25   / / /
```

EXHIBIT _13_

PAGE _466_

Wednesday, February 11, 2009                 Mattel vs. MGA Entertainment

3



1                       I N D E X (Continued)

2

3    APPEARANCES (continued):

4

     On behalf of OMNI 808:

5

6                          BINGHAM McCUTCHEN LLP
                           BY:   Todd E. Gordinier
7                          600 Anton Boulevard
                           Costa Mesa, CA  92626-1924
8                          714-830-0622

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

EXHIBIT __13__
PAGE __467__

```
 1   follow the logical reason, their full amount of damages, based
 2   on the instructions that they were provided and the evidence
 3   that they were given, comes out to a consistent verdict.
 4              THE COURT:   I do understand your argument.   Thank
 5   you, Counsel.
 6              MR. ZELLER:   Your Honor --
 7              THE COURT:   No.   I've allowed the moving party to
 8   speak first and last, and let's stick to that.   You have well
 9   briefed these things.
10              I next want to take up Omni 808's ex-parte            01:34
11   application to intervene for limited purposes.
12              Mr. Gordinier.
13              MR. GORDINIER:   Thank you for offering me the
14   opportunity to address the Court.
15              We've set out in our papers, really, what we're       01:34
16   looking for here.   The transaction by which Omni 808 acquired
17   its interest and stepped into the shoes of Wachovia was
18   straightforward and it was at arm's length.   And I, frankly,
19   although naively, believed that if we would get stipulated to
20   be a party to the proceeding going forward, to the extent the   01:35
21   Court --
22              THE COURT:   Where do those funds come from?
23              MR. GORDINIER:   Mr. Kadisha, Your Honor, is a very
24   substantial individual.   Mr. Kadisha, Neil Kadisha, who is the
25   president and CEO of Omni 808, was one of the founders of       01:35
```

EXHIBIT  13
Mattel vs. MGA Entertainmer
PAGE    968

1   Qualcomm.  With everything that's gone on in the market in the

2   last six or seven months, I don't want to make any

3   representations, but Mr. Kadisha has from time to time appeared

4   on the Forbes 400 list.  I don't know what his net worth is.

5            What happened, Your Honor, is, Wachovia called the          01:35

6   note.  I don't know why.  I've been involved in these cases

7   where everybody feels like the world revolves around what's

8   happening in this courtroom.  As the Court knows, Wachovia had

9   other issues.

10           Wachovia and its syndicate wanted it off its balance       01:35

11  sheet, and MGA needed relief from the immediate need to pay

12  money they did not have.  And my client was approached and put

13  together people and bought the indebtedness and assumed the

14  debt at a discount, at a substantial discount; and he expects

15  to make money.                                                       01:36

16           THE COURT:  You're representing to the Court, though,

17  that this was not MGA's money; that this was -- from wherever

18  it came from, it came from someplace else.

19           MR. GORDINIER:  Your Honor, two things.  I've never

20  met Mr. Larian, and I know less about MGA than almost everybody     01:36

21  else.

22           THE COURT:  I'm not asking about what you know from

23  MGA but of what you know from your client.

24           MR. GORDINIER:  What I know from my client is, he put

25  in many millions of dollars.  He had a couple of investors with     01:36

1   him to put in many millions of dollars.

2           **THE COURT:**  Those investors and that money did not

3   come from MGA?

4           **MR. GORDINIER:**  That's the best of my understanding,

5   Your Honor.  That's true.                                    01:36

6           And the best way to resolve that is what the Court

7   has already done.  The Court did exactly the right thing and

8   set up Mr. Durkin, who's very accomplished, to look at MGA's

9   books.  Step number one, he can tell the Court what their

10  balance sheet is, what their income statement is, and also the   01:37

11  sources and uses of cash.

12          And if there are any issues -- and, by the way, I'm

13  happy to talk to Mr. Durkin or have Mr. Durkin talk to my

14  client.  This is not intended to be -- this wasn't a fraudulent

15  transaction, Your Honor.  We negotiated -- we -- I didn't do    01:37

16  it -- Omni 808 negotiated with Davis Polk on behalf of Wachovia

17  and bought at a discount; and Omni 808 expects to and would

18  like to make money on its investment, and will not be able to

19  do so, obviously, if MGA goes out of business.  So our interest

20  here is in protecting Omni 808's investment.  And part of that   01:38

21  is wanting a say in how MGA's business on this receiver issue

22  is dealt with.

23          **THE COURT:**  The interest to intervene is focused, as

24  you indicate in your papers, on the receivership issue?

25          **MR. GORDINIER:**  That's correct, Your Honor.  That's   01:38

EXHIBIT  13
Mattel vs. MGA Entertainmer
PAGE  430

1   correct.

2          THE COURT:  Very well.

3          Does anyone wish to be heard in opposition to the

4   ex-parte application?

5          MR. ZELLER:  Yes, Your Honor.                          01:38

6          I don't know that we've been -- and maybe the Court

7   heard it differently, but I still do not hear anything that

8   certainly approaches evidence that this was, in fact, an arm's

9   length transaction.

10         THE COURT:  I have a representation from respected      01:38

11  counsel.

12         MR. ZELLER:  Well, he said -- Your Honor, the

13  Court -- all he said was to the best of his knowledge.  He

14  didn't say it didn't come from it.

15         Second, the Court asked MGA; it didn't ask from        01:39

16  Larian, Larian's brother-in-law, his wife -- there are other

17  family members involved in this, and their fingerprints are on

18  this.  So, certainly, I want to be very clear, Your Honor, we

19  have not gone so far as to say, this is a fraud, this is a

20  sham, or so on.  The fact is that there are substantial        01:39

21  questions here as to the bona fides of this transaction and

22  whether or not this has been papered in a way to basically

23  create debt and credit, where, in fact, it would simply be

24  treated by the tax code, by the bankruptcy code, by the courts,

25  for every other purpose, as, in fact, being nothing but a loan,  01:39

EXHIBIT   13

1    we'll go from there.

2              MR. ZELLER:   Thank you.

3              THE COURT:   Anything further?

4              Thank you.   Good day.

5

6

7

8

9

10                          CERTIFICATE

11

12    I hereby certify that pursuant to section 753, title 28, United
      States Code, the foregoing is a true and correct transcript of
13    the stenographically recorded proceedings held in the above-
      entitled matter and that the transcript page format is in
14    conformance with the regulations of the Judicial Conference of
      the United States.

15

16    _Theresa A. Lanza_ _____     _2-13-09_ _____
      THERESA A. LANZA, CSR, RPR                      Date
17    Federal Official Court Reporter

18

19

20

21

22

23

24                              EXHIBIT  13

25                              PAGE  472

Wednesday, February 11, 2009                    Mattel vs. MGA Entertainme

# EXHIBIT 14

# EXHIBIT FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

# EXHIBIT 15

# EXHIBIT FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

# EXHIBIT 16

1 | QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
2 | John B. Quinn (Bar No. 090378)
   | johnquinn@quinnemanuel.com
   | Michael T. Zeller (Bar No. 196417)
3 | (michaelzeller@quinnemanuel.com)
   | Jon D. Corey (Bar No. 185066)
4 | (joncorey@quinnemanuel.com)
   | 865 South Figueroa Street, 10th Floor
5 | Los Angeles, California 90017-2543
   | Telephone: (213) 443-3000
6 | Facsimile: (213) 443-3100

7 | Attorneys for Mattel, Inc.

8

9 | UNITED STATES DISTRICT COURT

10 | CENTRAL DISTRICT OF CALIFORNIA

11 | EASTERN DIVISION

12 | CARTER BRYANT, an individual,    CASE NO. CV 04-9049 SGL (RNBx)

13 | Plaintiff,    Consolidated with
   |             Case No. CV 04-09059
14 | vs.    Case No. CV 05-02727

15 | MATTEL, INC., a Delaware    MATTEL, INC.'S FIRST SET OF
   | corporation,    REQUESTS FOR DOCUMENTS AND
16 |             THINGS TO ISAAC LARIAN
   | Defendant.    (PHASE 2)
17

18 | AND CONSOLIDATED CASES

19

20

21 | PROPOUNDING PARTY: MATTEL, INC.

22 | RESPONDING PARTY:    ISAAC LARIAN

23 | SET NO.:    FIRST (PHASE 2)

24

25

26 | EXHIBIT _16_

27 | PAGE _478_

28

07209/2753498.1

_01-08-09_

MATTEL, INC.'S FIRST SET OF REQUESTS FOR DOCUMENTS TO ISAAC LARIAN (Phase 2)

1          Pursuant to <u>Rule</u> 34 of the <u>Federal Rules of Civil Procedure,</u>

2 Mattel, Inc. hereby requests that Isaac Larian ("Larian") respond to these document

3 requests ("Requests") and make available for inspection and copying originals of the

4 following documents within 30 days of service at the offices of Quinn Emanuel

5 Urquhart Oliver & Hedges, LLP, 865 South Figueroa Street, 10th floor,

6 Los Angeles, CA 90017.  Larian shall be obligated to supplement responses to these

7 requests at such times and to the extent required by <u>Rule</u> 26(e) of the <u>Federal Rules</u>

8 <u>of Civil Procedure.</u>

9

10 **I.**      **DEFINITIONS**

11          A.     "YOU," "YOUR," "ISAAC LARIAN" or "LARIAN" means

12 Isaac Larian and any individual or entity acting directly or indirectly by, through,

13 under or on behalf of Isaac Larian, including but not limited to current or former

14 directors, officers, agents, attorneys, employees, partners, joint venturers,

15 contractors, accountants, or representatives of Isaac Larian or any entity under the

16 control or direction of Isaac Larian (including but not limited to MGA), and any

17 corporation, partnership, association, limited liability company, trust, predecessor-

18 in-interest and successor-in-interest, and any other PERSON acting on behalf of

19 Isaac Larian or pursuant to his authority or subject to his control..

20          B.     "MGA" means MGA Entertainment, Inc. and any PERSON

21 acting directly or indirectly by, through, under or on behalf of MGA Entertainment,

22 Inc., including but not limited to, current or former directors, officers, agents,

23 attorneys, employees, partners, joint venturers, contractors, accountants, or

24 representatives of MGA Entertainment, Inc., and any current or former corporation,

25 partnership, association, trust, parent, subsidiary, division, AFFILIATE,

26 predecessor-in-interest and successor-in-interest of MGA Entertainment, Inc., and

27 any other PERSON acting on its behalf

28

EXHIBIT __16__

PAGE ____479____

-2-

1        C.     "MATTEL" means Mattel, Inc. and all current or former

2 directors, officers, employees, agents, contractors, attorneys, accountants,

3 representatives, subsidiaries, divisions, AFFILIATES, predecessors-in-interest and

4 successors-in-interest, and any other PERSON acting on its behalf, pursuant to its

5 authority or subject to its control.

6        D.     "MASHIAN" means Fred Mashian and any individual or entity

7 acting directly or indirectly by, through, under or on behalf of Fred Mashian,

8 including but not limited to current or former directors, officers, agents, attorneys,

9 employees, partners, joint venturers, contractors, accountants, or representatives of

10 Fred Mashian or any entity under the control or direction of Fred Mashian, and any

11 corporation, partnership, association, limited liability company, trust, predecessor-

12 in-interest and successor-in-interest, and any other PERSON acting on behalf of

13 Fred Mashian or pursuant to his authority or subject to his control.

14        E.     "BRATZ" means any project, product, doll or DESIGN ever

15 known by that name (whether in whole or in part and regardless of what such

16 project, product or doll is or has been also, previously or subsequently called) and

17 any product, doll or DESIGN or any portion thereof that is now or has ever been

18 known as, or sold or marketed under, the name or term "Bratz" (whether in whole or

19 in part and regardless of what such product, doll or DESIGN or portion thereof is or

20 has been also, previously or subsequently called) or that is now or has ever been

21 sold or marketed as part of the "Bratz" line, and each version or iteration of such

22 product, doll or DESIGN or any portion thereof. As used herein, "product, doll or

23 DESIGNS or any portion thereof" also includes without limitation any names,

24 fashions, accessories, artwork, packaging or any other works, materials, matters or

25 items included or associated therewith. Without limiting the generality of the

26 foregoing, the term "BRATZ" does not and shall not require that there be a doll,

27 product or three-dimensional embodiment existing at the time of the event, incident

28

EXHIBIT __16__

PAGE ____

-3-

1  or occurrence that is the subject of, or otherwise relevant or responsive to, the
2  Requests herein.

3        F.    "DESIGN" or "DESIGNS" means any and all representations,
4  whether two-dimensional or three-dimensional, and whether in tangible, digital,
5  electronic or other form, including but not limited to all works, designs, artwork,
6  sketches, drawings, illustrations, representations, depictions, blueprints, schematics,
7  diagrams, images, sculptures, prototypes, models, samples, rotocasts, reductions to
8  practice, developments, inventions and/or improvements, as well as all other items,
9  things and DOCUMENTS in which any of the foregoing are or have been
10 expressed, embodied, contained, fixed or reflected in any manner, whether in whole
11 or in part.

12       G.    "DOCUMENT" or "DOCUMENTS" means all "writings" and
13 "recordings" as those terms are defined in Rule 1001 of the Federal Rules of
14 Evidence and Rule 34 of the Federal Rules of Civil Procedure and shall include all
15 writings, including but not limited to, handwriting, typewriting, printing, image,
16 photograph, photocopy, digital file of any kind, transmittal by (or as an attachment
17 to) electronic mail (including instant messages and text messages) or facsimile,
18 video and audio recordings, and every other means of recording upon any tangible
19 thing, any form of COMMUNICATION or representation, and any record thereby
20 created, regardless of the manner in which the record has been stored, and all non-
21 identical copies of such DOCUMENTS, in the possession, custody, or control of
22 YOU, YOUR counsel, or any other PERSON acting on YOUR behalf.

23       H.    "AFFILIATES" means any and all corporations, limited liability
24 companies, associations, proprietorships, d/b/a's, partnerships, joint ventures and
25 business entities of any kind that, directly or indirectly, in whole or in part, own or
26 control, are under common ownership or control with, or are owned or controlled by
27 a PERSON, party or entity, including without limitation, each parent, subsidiary and
28 joint venture of such PERSON, party or entity.

EXHIBIT _/6_
PAGE _9 8/_

-4-
MATTEL, INC.'S FIRST SET OF REQUESTS FOR DOCUMENTS TO ISAAC LARIAN (Phase 2)

1    I.    "REFERRING OR RELATING TO," "REFER OR RELATE
2    TO," "RELATING," "RELATING TO" or "REFERS TO" means any and all of the
3    following terms and their synonyms:  refer to, discuss, constitute, evidence, pertain
4    to, mention, support, undermine, disprove, refute, contradict, negate, bear on,
5    amend, revise, modify, touch on, contain, embody, reflect, identify, state, deal with,
6    concern, comment on, summarize, respond to, relate to, or describe.

7    J.    "PERSON," in the plural as well as the singular, means any
8    natural person, association, partnership, corporation, joint venture, government
9    entity, organization, limited liability company, trust, institution, proprietorship, or
10   any other entity recognized as having an existence under the laws in the United
11   States or any other nation.

12   K.    "ITEM OF VALUE," in the plural as well as the singular, means
13   any and all articles, units, goods, commodities, property, products, services,
14   assistance, shares, stocks, bonds, financial instruments, indebtedness, credit, capital,
15   and currency, in any form, or any other tangible or intangible matter that have
16   current, past or future material worth, monetary worth or use, of any type and in any
17   amount.  Gifts of individual units of manufactured MGA products that are not
18   intended for re-transfer, that were not and have not been re-transferred and that do
19   not exceed $500 in retail value in total may be excluded from this Definition.

20   L.    "IDENTIFY," "IDENTIFYING" OR "IDENTITY" means the
21   following:

22   (a)    With reference to an individual, means such individual's name,
23   current or last known business title, current or last known business affiliation,
24   current or last known relationship to YOU, current or last known residential and
25   business address, and current or last known telephone number.

26   (b)    With reference to an entity or entities, such entity's full name,
27   state (or country) of incorporation or organization, present or last known address,
28   and present or last known telephone number.

07209/2753498.1

-5-

EXHIBIT _____ 16

MATTEL, INC.'S FIRST SET OF REQUESTS FOR DOCUMENTS TO ISAAC LARIAN (Phase 2)

PAGE ___ 482

1    (c)    With reference to any other DOCUMENT or DOCUMENTS,

2   means the date, identity of the author, addressee(s), signatories, parties, or other

3   PERSONS identified therein, its present location or custodian and a description of

4   its contents.

5    (d)    With reference to an account with a bank or financial institution,

6   means the name and address of the bank or financial institution, the account

7   number(s) for or otherwise associated with such account and the name of each

8   holder, including without limitation, each beneficial holder, of each such account.

9    M.    "OMNI 808 INVESTORS, LLC" means OMNI 808

10   INVESTORS, LLC and all current or former directors, officers, employees, agents,

11   contractors, attorneys, accountants, representatives, subsidiaries, divisions,

12   AFFILIATES, predecessors-in-interest and successors-in-interest, and any other

13   PERSON acting on its behalf, pursuant to its authority or subject to its control.

14    N.    "VISION CAPITAL, LLC" means VISION CAPITAL, LLC and

15   all current or former directors, officers, employees, agents, contractors, attorneys,

16   accountants, representatives, subsidiaries, divisions, AFFILIATES, predecessors-in-

17   interest and successors-in-interest, and any other PERSON acting on its behalf,

18   pursuant to its authority or subject to its control.

19    O.    "LEXINGTON INVESTORS, LLC" means LEXINGTON

20   INVESTORS, LLC and all current or former directors, officers, employees, agents,

21   contractors, attorneys, accountants, representatives, subsidiaries, divisions,

22   AFFILIATES, predecessors-in-interest and successors-in-interest, and any other

23   PERSON acting on its behalf, pursuant to its authority or subject to its control.

24    P.    "COMMUNICATION," in the plural as well as the singular,

25   means any transmittal and/or receipt of information, whether such was oral or

26   written, and whether such was by chance, prearranged, formal or informal, and

27   specifically includes, but is not limited to, conversations in person, telephone

28   conversations, electronic mail (including instant messages and text messages),

07209/2753498.1

EXHIBIT

PAGE    453

1  voicemail, letters, memoranda, statements, media releases, magazine and newspaper
2  articles, and video and audio transmissions.

3        Q.   The singular form of a noun or pronoun includes within its
4  meaning the plural form of the noun or pronoun so used, and vice versa; the use of
5  the masculine form of a pronoun also includes within its meaning the feminine form
6  of the pronoun so used, and vice versa; the use of any tense of any verb includes
7  also within its meaning all other tenses of the verb so used, whenever such
8  construction results in a broader request for information; and "and" includes "or"
9  and vice versa, whenever such construction results in a broader disclosure of
10  documents or information.

11

12  **II.    <u>INSTRUCTIONS</u>**

13        A.   YOU are to produce all requested DOCUMENTS in YOUR
14  possession, custody or control.

15        B.   If YOU contend that YOU are not required to produce certain
16  DOCUMENTS called for by these Requests on the grounds of a privilege or
17  protection that YOU are not prepared to waive, IDENTIFY each such DOCUMENT
18  and provide the following information:

19          1.   the date and type of the DOCUMENT, the author(s) and all
20              recipients;

21          2.   the privilege or protection that YOU claim permits YOU to
22              withhold the DOCUMENT;

23          3.   the title and subject matter of the DOCUMENT;

24          4.   any additional facts on which YOU base YOUR claim of
25              privilege or protection; and

26          5.   the IDENTITY of the current custodian of the original of the
27              DOCUMENT.

28

EXHIBIT _16_
PAGE _484_

1    C.    DOCUMENTS shall be produced in their original file folders, or

2  other native format.  If the DOCUMENTS are in their original file folders, in lieu

3  thereof, any writing on the file folder from which each such DOCUMENT is taken

4  shall be copied and appended to such DOCUMENT and the PERSON for whom or

5  department, division or office for which the DOCUMENT or the file folder is

6  maintained shall be identified.

7    D.    The DOCUMENTS should be produced in their complete and

8  unaltered form.  Attachments to DOCUMENTS should not be removed.  The

9  DOCUMENTS should not be cut-up, pasted over, redacted or altered in any way for

10 any reason, including alleged nonrelevance.  If emails are produced that had

11 attachments, the attachments shall be attached when produced.

12    E.    DOCUMENTS in electronic form shall be produced in that form.

13    F.    In the event that any DOCUMENT called for by these requests

14 has been destroyed or discarded, that DOCUMENT is to be identified by stating:

15      1.    the date and type of the DOCUMENT, the author(s) and all

16            recipients;

17      2.    the DOCUMENT's date, subject matter, number of pages, and

18            attachments or appendices;

19      3.    the date of destruction or discard, manner of destruction or

20            discard, and reason for destruction or discard;

21      4.    the PERSONS who were authorized to carry out such destruction

22            or discard;

23      5.    the PERSONS who have knowledge of the content, origins,

24            distribution and destruction of the DOCUMENT; and

25      6.    whether any copies of the DOCUMENT exist and, if so, the

26            name of the custodian of each copy.

27                                          EXHIBIT ___16___

28                                          PAGE ___485___

III.    **REQUESTS FOR DOCUMENTS AND THINGS**

REQUEST FOR PRODUCTION NO. 1:

All YOUR audited and unaudited monthly, quarterly and annual financial statements covering or RELATING TO any period on or after January 1, 2007, including without limitation balance sheets, income statements, profit and loss statements, consolidated statements of operations, cash flow statements and statements of retained earnings.

REQUEST FOR PRODUCTION NO. 2:

All agreements and contracts with any lenders to or creditors of MGA covering, RELATING TO, in effect, dated or entered into on or after January 1, 2007, including without limitation loan agreements, credit agreements, financing agreements, lines of credit and promissory notes, and any amendments or modifications thereto, and any notices of default and COMMUNICATIONS REFERRING OR RELATING TO any such agreements and contracts.

REQUEST FOR PRODUCTION NO. 3:

To the extent not produced in response to any other Request, DOCUMENTS sufficient to IDENTIFY each other PERSON from whom YOU sought, solicited, requested, obtained, received or were denied credit, financing or funding on or after January 1, 2007 and sufficient to show the amount(s) and terms involved.

REQUEST FOR PRODUCTION NO. 4:

All DOCUMENTS REFERRING OR RELATING TO YOUR solvency or insolvency, or whether YOUR liabilities exceed YOUR assets, for any period on or after January 1, 2007 (excluding pleadings served by YOU on MATTEL in this action).

EXHIBIT __16__
PAGE __456__

1 | REQUEST FOR PRODUCTION NO. 5:

2 |             All DOCUMENTS REFERRING OR RELATING TO any

3 | representation or statement made by YOU about YOUR solvency or insolvency, or

4 | whether YOUR liabilities exceed YOUR assets, for any period on or after January 1,

5 | 2007 (excluding pleadings served by YOU on MATTEL in this action).

6 |

7 | REQUEST FOR PRODUCTION NO. 6:

8 |             All DOCUMENTS REFERRING OR RELATING TO YOUR net

9 | worth for any period on or after January 1, 2007 (excluding pleadings served by

10 | YOU on MATTEL in this action).

11 |

12 | REQUEST FOR PRODUCTION NO. 7:

13 |             All DOCUMENTS REFERRING OR RELATING TO ISAAC

14 | LARIAN's net worth for any period on or after January 1, 2007 (excluding

15 | pleadings served by YOU on MATTEL in this action).

16 |

17 | REQUEST FOR PRODUCTION NO. 8:

18 |             All DOCUMENTS REFERRING OR RELATING TO orders,

19 | including without limitation cancelled or held orders, for BRATZ products for

20 | Spring 2009, and all COMMUNICATIONS with retailers and other prospective

21 | purchasers REFERRING OR RELATING TO any such orders.

22 |

23 | REQUEST FOR PRODUCTION NO. 9:

24 |             All DOCUMENTS REFERRING OR RELATING TO orders,

25 | including without limitation cancelled or held orders, for BRATZ products for Fall

26 | 2009, and all COMMUNICATIONS with retailers and other prospective purchasers

27 | REFERRING OR RELATING TO any such orders.

EXHIBIT __16__

28 |

PAGE __887__

07209/2753498.1

MATTEL, INC.'S FIRST SET OF REQUESTS FOR DOCUMENTS TO ISAAC LARIAN (Phase 2)

1  REQUEST FOR PRODUCTION NO. 10:

2          All DOCUMENTS REFERRING OR RELATING TO the transfer of

3  any ITEM OF VALUE by MGA to, or for the benefit of, ISAAC LARIAN, any

4  member of ISAAC LARIAN's family or any entity controlled by ISAAC LARIAN

5  or any member of ISAAC LARIAN's family, since January 1, 2007.

6

7  REQUEST FOR PRODUCTION NO. 11:

8          All COMMUNICATIONS between YOU and any third-party,

9  including without limitation any retailer or distributor but excluding MATTEL and

10  any Court, REFERRING OR RELATING TO YOUR *ex parte* application for stay

11  pending appeal, filed December 11, 2008, including without limitation any

12  declaration, whether final, draft, proposed or requested, in connection therewith and

13  copies of all draft declarations in connection therewith.

14

15  REQUEST FOR PRODUCTION NO. 12:

16          All DOCUMENTS REFERRING OR RELATING TO capital

17  contributions to MGA since January 1, 2007.

18

19  REQUEST FOR PRODUCTION NO. 13:

20          All DOCUMENTS showing MGA's projected revenue, costs, profits or

21  financial performance for any period since January 1, 2007.

22

23  REQUEST FOR PRODUCTION NO. 14:

24          All DOCUMENTS REFERRING OR RELATING TO any transfer of

25  any ITEM OF VALUE or other transaction between (i) MGA, and (ii) ISAAC

26  LARIAN, any ISAAC LARIAN family member, any PERSON controlled, directly

27  or indirectly by ISAAC LARIAN, or any PERSON controlled, directly or indirectly,

28  by any ISAAC LARIAN family member since January 1, 2007 EXHIBIT ___/6___

PAGE ___455___

07209/2753498.1

-11-

MATTEL, INC.'S FIRST SET OF REQUESTS FOR DOCUMENTS TO ISAAC LARIAN  (Phase 2)

REQUEST FOR PRODUCTION NO. 15:

All W-2s REFERRING OR RELATING TO any ISAAC LARIAN family member since January 1, 2007.

REQUEST FOR PRODUCTION NO. 16:

All DOCUMENTS REFERRING OR RELATING TO any sale, distribution or transfer by MGA of BRATZ products having a retail value greater than $50,000 other than to retailers in the ordinary course of business since January 1, 2007.

REQUEST FOR PRODUCTION NO. 17:

All DOCUMENTS REFERRING OR RELATING TO agreements, transactions, sales, shipments or the transfer of any ITEM OF VALUE between MGA and IGWT Group, LLC.

REQUEST FOR PRODUCTION NO. 18:

All DOCUMENTS REFERRING OR RELATING TO the alleged transfer of product from MGA to IGWT Group, LLC pursuant to the Inventory Purchase Agreement dated July 7, 2008, including without limitation all audits or other valuations performed in connection with such product, any opinions RELATING TO the fairness or unfairness of such transfer, all MGA corporate or director resolutions or approvals of such transfer, all bids received or solicited in connection with the purported sale or offering for sale of such product, the terms of such bids and any other and all COMMUNICATIONS relating to any of the foregoing.

EXHIBIT __/6__
PAGE __490__

07209/2753498.1

-12-

1  REQUEST FOR PRODUCTION NO. 19:

2  All DOCUMENTS REFERRING OR RELATING TO the revenue

3  generated by IGWT Group, LLC's sales, licensing, distribution or other transfer of

4  BRATZ products and the transfer or disposition of such revenue.

5

6  REQUEST FOR PRODUCTION NO. 20:

7  All DOCUMENTS REFERRING OR RELATING TO agreements,

8  contracts, transactions, sales, shipments or transfers of any ITEM OF VALUE

9  between MGA and IGWT 826 Investments, LLC.

10

11  REQUEST FOR PRODUCTION NO. 21:

12  All DOCUMENTS REFERRING OR RELATING TO the revenue

13  generated by IGWT 826 Investments, LLC's sales, licensing, distribution or other

14  transfer of BRATZ products and the transfer or disposition of such revenue.

15

16  REQUEST FOR PRODUCTION NO. 22:

17  All agreements, contracts and written COMMUNICATIONS between

18  MGA and Wachovia since January 1, 2007.

19

20  REQUEST FOR PRODUCTION NO. 23:

21  All agreements and contracts REFERRING OR RELATING TO any

22  indebtedness owed to Wachovia or any credit extended by Wachovia since January

23  1, 2007, and any amendments or modifications thereto, and any

24  COMMUNICATIONS RELATED TO any such agreements or contracts.

25

26  REQUEST FOR PRODUCTION NO. 24:

27  All DOCUMENTS REFERRING OR RELATING TO agreements,

28  contracts or transactions between MGA and OMNI 808 INVESTORS, LLC, and

07209/2753498.1

-13-

EXHIBIT ___16___

PAGE ___491___

1    any amendments or modifications thereto, and any COMMUNICATIONS

2    REFERRING OR RELATING TO any such agreements, contracts or transactions.

3

4    REQUEST FOR PRODUCTION NO. 25:

5            All DOCUMENTS containing financial information, including but not

6    limited to YOUR historical and prospective financial performance, provided by

7    YOU to OMNI 808 INVESTORS, LLC, VISION CAPITAL, LLC or LEXINGTON

8    FINANCIAL, LLC since January 1, 2008.

9

10   REQUEST FOR PRODUCTION NO. 26:

11           All DOCUMENTS REFERRING OR RELATING TO agreements,

12   contracts or transactions between LEXINGTON FINANCIAL, LLC and MGA or

13   any other PERSON, and any amendments or modifications thereto, and any

14   COMMUNICATIONS REFERRING OR RELATING TO any such agreements,

15   contracts or transactions.

16

17   REQUEST FOR PRODUCTION NO. 27:

18           All DOCUMENTS REFERRING OR RELATING TO agreements,

19   contracts or transactions between VISION CAPITAL, LLC and MGA or any other

20   PERSON, and any amendments or modifications thereto, and any

21   COMMUNICATIONS REFERRING OR RELATING TO any such agreements,

22   contracts or transactions.

23

24   REQUEST FOR PRODUCTION NO. 28:

25           DOCUMENTS sufficient to IDENTIFY each member, managing

26   member, holder of any ownership interest in, shareholder, officer and director of

27   IGWT Group, LLC.

28

EXHIBIT ___/6___

PAGE ___491___

07209/2753498.1

-14-

REQUEST FOR PRODUCTION NO. 29:

DOCUMENTS sufficient to IDENTIFY each member, managing member, holder of any ownership interest in, shareholder, officer and director of IGWT 826 Investments, LLC.

REQUEST FOR PRODUCTION NO. 30:

DOCUMENTS sufficient to IDENTIFY each member, managing member, holder of any ownership interest in, shareholder, officer and director of OMNI 808 INVESTORS, LLC.

REQUEST FOR PRODUCTION NO. 31:

DOCUMENTS sufficient to IDENTIFY each member, managing member, holder of any ownership interest in, shareholder, officer and director of VISION CAPITAL, LLC.

REQUEST FOR PRODUCTION NO. 32:

DOCUMENTS sufficient to IDENTIFY each member, managing member, holder of any ownership interest in, shareholder, officer and director of LEXINGTON FINANCIAL, LLC.

REQUEST FOR PRODUCTION NO. 33:

All DOCUMENTS RELATING TO any transfer of any funds, monies or any ITEM OF VALUE from, or any extension of credit or funding by, LEXINGTON FINANCIAL, LLC to YOU or LARIAN.

EXHIBIT __16__
PAGE __493__

07209/2753498.1

1  REQUEST FOR PRODUCTION NO. 34:

2          All DOCUMENTS RELATING TO any transfer of any funds, monies

3  or any ITEM OF VALUE to or from, or any extension of credit or funding by or to,

4  LEXINGTON FINANCIAL, LLC, whether directly or indirectly.

5

6  REQUEST FOR PRODUCTION NO. 35:

7          DOCUMENTS sufficient to IDENTIFY each member, managing

8  member, holder of any ownership interest in, shareholder, officer and director of

9  IGWT Group, LLC.

10

11  REQUEST FOR PRODUCTION NO. 36:

12          DOCUMENTS sufficient to IDENTIFY each member, managing

13  member, holder of any ownership interest in, shareholder, officer and director of

14  IGWT 826 Investments, LLC.

15

16  REQUEST FOR PRODUCTION NO. 37:

17          DOCUMENTS sufficient to IDENTIFY each of YOUR bank accounts

18  since January 1, 2007.

19

20  REQUEST FOR PRODUCTION NO. 38:

21          DOCUMENTS sufficient to IDENTIFY each bank account to or from

22  which Isaac Larian has transferred or has had transferred any ITEM OF VALUE

23  since January 1, 2007.

24

25  REQUEST FOR PRODUCTION NO. 39:

26          DOCUMENTS sufficient to IDENTIFY each bank account to or from

27  which OMNI 808 INVESTORS, LLC has transferred or has had transferred any

28  ITEM OF VALUE since January 1, 2007.

07209/2753498.1

-16-

MATTEL, INC.'S FIRST SET OF REQUESTS FOR DOCUMENTS TO ISAAC LARIAN (Phase 2)

EXHIBIT 16
PAGE 494

1 | REQUEST FOR PRODUCTION NO. 40:

2 |      DOCUMENTS sufficient to IDENTIFY each bank account to or from

3 | which IGWT Group, LLC has transferred or has had transferred any ITEM OF

4 | VALUE since January 1, 2007.

5

6 | REQUEST FOR PRODUCTION NO. 41:

7 |      DOCUMENTS sufficient to IDENTIFY each bank account to or from

8 | which IGWT 826 Investments, LLC has transferred or has had transferred any

9 | ITEM OF VALUE since January 1, 2007.

10

11 | REQUEST FOR PRODUCTION NO. 42:

12 |      All COMMUNICATIONS between or among YOU, IGWT 826

13 | Investments, LLC and/or IGWT Group, LLC REFERRING OR RELATING TO

14 | MATTEL and/or BRATZ.

15

16 | REQUEST FOR PRODUCTION NO. 43:

17 |      All COMMUNICATIONS between or among YOU, OMNI 808

18 | INVESTORS, LLC, VISION CAPITAL, LLC and/or LEXINGTON FINANCIAL,

19 | LLC REFERRING OR RELATING TO MATTEL, MGA, LARIAN and/or

20 | BRATZ.

21

22 | REQUEST FOR PRODUCTION NO. 44:

23 |      All COMMUNICATIONS between YOU and MASHIAN

24 | REFERRING OR RELATING TO OMNI 808 INVESTORS, LLC, VISION

25 | CAPITAL, LLC, LEXINGTON FINANCIAL, LLC, MATTEL, MGA, LARIAN

26 | and/or BRATZ.

27

28

EXHIBIT __/6__

PAGE __495__

07209/2753498.1

-17-

1  REQUEST FOR PRODUCTION NO. 45:

2          All COMMUNICATIONS between YOU and Neil Kadisha

3  REFERRING OR RELATING TO OMNI 808 INVESTORS, LLC, VISION

4  CAPITAL, LLC, LEXINGTON FINANCIAL, LLC, MATTEL, MGA, LARIAN

5  and/or BRATZ.

6

7  REQUEST FOR PRODUCTION NO. 46:

8          All COMMUNICATIONS between YOU and OMNI 808

9  INVESTORS, LLC REFERRING OR RELATING TO VISION CAPITAL, LLC,

10 LEXINGTON FINANCIAL, LLC, MATTEL, MGA, LARIAN and/or BRATZ.

11

12 REQUEST FOR PRODUCTION NO. 47:

13         All COMMUNICATIONS REFERRING OR RELATING TO VISION

14 CAPITAL, LLC, LEXINGTON FINANCIAL, LLC and/or OMNI 808

15 INVESTORS, LLC.

16

17 REQUEST FOR PRODUCTION NO. 48:

18         DOCUMENTS sufficient to IDENTIFY each bank account to or from

19 which VISION CAPITAL, LLC has transferred or has had transferred any ITEM

20 OF VALUE since January 1, 2007.

21

22 REQUEST FOR PRODUCTION NO. 49:

23         DOCUMENTS sufficient to IDENTIFY each bank account to or from

24 which LEXINGTON FINANCIAL, LLC has transferred or has had transferred any

25 ITEM OF VALUE since January 1, 2007.

26

27                                        EXHIBIT __/6__

28                                        PAGE __496__

07209/2753498.1

MATTEL, INC.'S FIRST SET OF REQUESTS FOR DOCUMENTS TO ISAAC LARIAN (Phase 2)

1  REQUEST FOR PRODUCTION NO. 50:

2           DOCUMENTS sufficient to IDENTIFY each licensee of any BRATZ

3  product since January 1, 2007.

4

5  REQUEST FOR PRODUCTION NO. 51:

6           DOCUMENTS sufficient to show the amount of payments made to

7  YOU by each licensee of any BRATZ product since January 1, 2007.

8

9  REQUEST FOR PRODUCTION NO. 52:

10          A sample of each BRATZ product manufactured, sold, offered for sale,

11  marketed or distributed by YOU since January 1, 2008.

12

13  REQUEST FOR PRODUCTION NO. 53:

14          To the extent not produced in response to any other Request, a sample

15  of each core BRATZ female fashion doll manufactured, sold, offered for sale,

16  marketed or distributed by YOU since January 1, 2008.

17

18  REQUEST FOR PRODUCTION NO. 54:

19          All registrations, and applications for registration, for any trademark or

20  service mark that constitutes, includes or incorporates in any manner the term

21  "BRATZ."

22

23  REQUEST FOR PRODUCTION NO. 55:

24          All registrations, and applications for registration, for any trademark or

25  service mark that constitutes, includes or incorporates in any manner the term

26  "Jade."

27

28

EXHIBIT __1 6__

PAGE ___4 9 7___

07209/2753498.1

MATTEL, INC.'S FIRST SET OF REQUESTS FOR DOCUMENTS TO ISAAC LARIAN (Phase 2)

1   REQUEST FOR PRODUCTION NO. 56:

2           All COMMUNICATIONS with any Trademark Office or governmental

3   entity REFERRING OR RELATING TO any registration, or application for

4   registration, for any trademark or service mark that constitutes, includes or

5   incorporates in any manner the term "BRATZ."

6

7   REQUEST FOR PRODUCTION NO. 57:

8           All COMMUNICATIONS with any Trademark Office or governmental

9   entity REFERRING OR RELATING TO any registration, or application for

10  registration, for any trademark or service mark that constitutes, includes or

11  incorporates in any manner the term "Jade."

12

13

14  DATED:  January 7, 2009          QUINN EMANUEL URQUHART OLIVER &
                                     HEDGES, LLP
15

16                                   By_____
17                                     John D. Corey
                                       Attorneys for Mattel, Inc.
18

19

20

21

22

23

24

25

26                                   EXHIBIT ___16___
27                                   PAGE ___498___
28

07209/2753498.1
                                     -20-
        MATTEL, INC.'S FIRST SET OF REQUESTS FOR DOCUMENTS TO ISAAC LARIAN (Phase 2)

# EXHIBIT 17

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
     John B. Quinn (Bar No. 090378)
2     johnquinn@quinnemanuel.com
      Michael T. Zeller (Bar No. 196417)
3     (michaelzeller@quinnemanuel.com)
      Jon D. Corey (Bar No. 185066)
4     (joncorey@quinnemanuel.com)
      865 South Figueroa Street, 10th Floor
5  Los Angeles, California 90017-2543
     Telephone: (213) 443-3000
6  Facsimile: (213) 443-3100

7  Attorneys for Mattel, Inc.

8

9              UNITED STATES DISTRICT COURT

10             CENTRAL DISTRICT OF CALIFORNIA

11                  EASTERN DIVISION

| 12 | CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
|---|---|---|
| 13 | Plaintiff, | Consolidated with |
| 14 | vs. | Case No. CV 04-09059<br>Case No. CV 05-02727 |
| 15 | MATTEL, INC., a Delaware<br>corporation, | MATTEL, INC.'S FIRST SET OF<br>REQUESTS FOR DOCUMENTS AND |
| 16 | | THINGS TO MGA |
| 17 | Defendant. | ENTERTAINMENT, INC. (PHASE 2) |
| 18 | AND CONSOLIDATED CASES | |
| 19 | | |

20

21  PROPOUNDING PARTY:  MATTEL, INC.

22  RESPONDING PARTY:    MGA ENTERTAINMENT, INC.

23  SET NO.:              FIRST (PHASE 2)

24

25

26                                    EXHIBIT __17__
27                                    PAGE __499__
28

27520041                        01-08-09
          MATTEL, INC.'S FIRST SET OF REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT (Phase 2)

1         Pursuant to <u>Rule</u> 34 of the <u>Federal Rules of Civil Procedure,</u>
2   Mattel, Inc. hereby requests that MGA Entertainment, Inc. ("MGA") respond to
3   these document requests ("Requests") and make available for inspection and
4   copying originals of the following documents within 30 days of service at the
5   offices of Quinn Emanuel Urquhart Oliver & Hedges, LLP, 865 South Figueroa
6   Street, 10th floor, Los Angeles, CA 90017.  MGA shall be obligated to supplement
7   responses to these requests at such times and to the extent required by <u>Rule</u> 26(e) of
8   the <u>Federal Rules of Civil Procedure.</u>
9
10  **I.    DEFINITIONS**
11        A.    "YOU," "YOUR" and "MGA" mean MGA Entertainment, Inc.
12  and any PERSON acting directly or indirectly by, through, under or on behalf of
13  MGA Entertainment, Inc., including but not limited to, current or former directors,
14  officers, agents, attorneys, employees, partners, joint venturers, contractors,
15  accountants, or representatives of MGA Entertainment, Inc., and any current or
16  former corporation, partnership, association, trust, parent, subsidiary, division,
17  AFFILIATE, predecessor-in-interest and successor-in-interest of MGA
18  Entertainment, Inc., and any other PERSON acting on its behalf.
19        B.    "ISAAC LARIAN" or "LARIAN" means Isaac Larian and any
20  individual or entity acting directly or indirectly by, through, under or on behalf of
21  Isaac Larian, including but not limited to current or former directors, officers,
22  agents, attorneys, employees, partners, joint venturers, contractors, accountants, or
23  representatives of Isaac Larian or any entity under the control or direction of Isaac
24  Larian (including but not limited to MGA), and any corporation, partnership,
25  association, limited liability company, trust, predecessor-in-interest and successor-
26  in-interest, and any other PERSON acting on behalf of Isaac Larian or pursuant to
27  his authority or subject to his control.
28

EXHIBIT ___17___
PAGE ___500___

-2-
MATTEL, INC.'S FIRST SET OF REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT (Phase 2)

1      C.    "MATTEL" means Mattel, Inc. and all current or former

2 directors, officers, employees, agents, contractors, attorneys, accountants,

3 representatives, subsidiaries, divisions, AFFILIATES, predecessors-in-interest and

4 successors-in-interest, and any other PERSON acting on its behalf, pursuant to its

5 authority or subject to its control.

6      D.    "MASHIAN" means Fred Mashian and any individual or entity

7 acting directly or indirectly by, through, under or on behalf of Fred Mashian,

8 including but not limited to current or former directors, officers, agents, attorneys,

9 employees, partners, joint venturers, contractors, accountants, or representatives of

10 Fred Mashian or any entity under the control or direction of Fred Mashian, and any

11 corporation, partnership, association, limited liability company, trust, predecessor-

12 in-interest and successor-in-interest, and any other PERSON acting on behalf of

13 Fred Mashian or pursuant to his authority or subject to his control.

14      E.    "BRATZ" means any project, product, doll or DESIGN ever

15 known by that name (whether in whole or in part and regardless of what such

16 project, product or doll is or has been also, previously or subsequently called) and

17 any product, doll or DESIGN or any portion thereof that is now or has ever been

18 known as, or sold or marketed under, the name or term "Bratz" (whether in whole or

19 in part and regardless of what such product, doll or DESIGN or portion thereof is or

20 has been also, previously or subsequently called) or that is now or has ever been

21 sold or marketed as part of the "Bratz" line, and each version or iteration of such

22 product, doll or DESIGN or any portion thereof. As used herein, "product, doll or

23 DESIGNS or any portion thereof" also includes without limitation any names,

24 fashions, accessories, artwork, packaging or any other works, materials, matters or

25 items included or associated therewith. Without limiting the generality of the

26 foregoing, the term "BRATZ" does not and shall not require that there be a doll,

27 product or three-dimensional embodiment existing at the time of the event, incident

28

EXHIBIT __/ 7__

PAGE ___50/___

1 | or occurrence that is the subject of, or otherwise relevant or responsive to, the
2 | Requests herein.

3 |       F.      "DESIGN" or "DESIGNS" means any and all representations,
4 | whether two-dimensional or three-dimensional, and whether in tangible, digital,
5 | electronic or other form, including but not limited to all works, designs, artwork,
6 | sketches, drawings, illustrations, representations, depictions, blueprints, schematics,
7 | diagrams, images, sculptures, prototypes, models, samples, rotocasts, reductions to
8 | practice, developments, inventions and/or improvements, as well as all other items,
9 | things and DOCUMENTS in which any of the foregoing are or have been
10 | expressed, embodied, contained, fixed or reflected in any manner, whether in whole
11 | or in part.

12 |       G.      "DOCUMENT" or "DOCUMENTS" means all "writings" and
13 | "recordings" as those terms are defined in <u>Rule</u> 1001 of the <u>Federal Rules of</u>
14 | <u>Evidence</u> and <u>Rule</u> 34 of the <u>Federal Rules of Civil Procedure</u> and shall include all
15 | writings, including but not limited to, handwriting, typewriting, printing, image,
16 | photograph, photocopy, digital file of any kind, transmittal by (or as an attachment
17 | to) electronic mail (including instant messages and text messages) or facsimile,
18 | video and audio recordings, and every other means of recording upon any tangible
19 | thing, any form of COMMUNICATION or representation, and any record thereby
20 | created, regardless of the manner in which the record has been stored, and all non-
21 | identical copies of such DOCUMENTS, in the possession, custody, or control of
22 | YOU, YOUR counsel, or any other PERSON acting on YOUR behalf.

23 |       H.      "AFFILIATES" means any and all corporations, limited liability
24 | companies, associations, proprietorships, d/b/a's, partnerships, joint ventures and
25 | business entities of any kind that, directly or indirectly, in whole or in part, own or
26 | control, are under common ownership or control with, or are owned or controlled by
27 | a PERSON, party or entity, including without limitation, each parent, subsidiary and
28 | joint venture of such PERSON, party or entity.

2752004.1

EXHIBIT  17

-4-

PAGE  502

1    I.    "REFERRING OR RELATING TO," "REFER OR RELATE

2  TO," "RELATING," "RELATING TO" or "REFERS TO" means any and all of the

3  following terms and their synonyms:  refer to, discuss, constitute, evidence, pertain

4  to, mention, support, undermine, disprove, refute, contradict, negate, bear on,

5  amend, revise, modify, touch on, contain, embody, reflect, identify, state, deal with,

6  concern, comment on, summarize, respond to, relate to, or describe.

7    J.    "PERSON," in the plural as well as the singular, means any

8  natural person, association, partnership, corporation, joint venture, government

9  entity, organization, limited liability company, trust, institution, proprietorship, or

10  any other entity recognized as having an existence under the laws in the United

11  States or any other nation.

12    K.    "ITEM OF VALUE," in the plural as well as the singular, means

13  any and all articles, units, goods, commodities, property, products, services,

14  assistance, shares, stocks, bonds, financial instruments, indebtedness, credit, capital,

15  and currency, in any form, or any other tangible or intangible matter that have

16  current, past or future material worth, monetary worth or use, of any type and in any

17  amount.  Gifts of individual units of manufactured MGA products that are not

18  intended for re-transfer, that were not and have not been re-transferred and that do

19  not exceed $500 in retail value in total may be excluded from this Definition.

20    L.    "IDENTIFY," "IDENTIFYING" OR "IDENTITY" means the

21  following:

22    (a)    With reference to an individual, means such individual's name,

23  current or last known business title, current or last known business affiliation,

24  current or last known relationship to YOU, current or last known residential and

25  business address, and current or last known telephone number.

26    (b)    With reference to an entity or entities, such entity's full name,

27  state (or country) of incorporation or organization, present or last known address,

28  and present or last known telephone number.

EXHIBIT  17
PAGE  203

2752004.1

1    (c)    With reference to any other DOCUMENT or DOCUMENTS,
2  means the date, identity of the author, addressee(s), signatories, parties, or other
3  PERSONS identified therein, its present location or custodian and a description of
4  its contents.

5    (d)    With reference to an account with a bank or financial institution,
6  means the name and address of the bank or financial institution, the account
7  number(s) for or otherwise associated with such account and the name of each
8  holder, including without limitation, each beneficial holder, of each such account.

9    M.    "OMNI 808 INVESTORS, LLC" means OMNI 808
10  INVESTORS, LLC and all current or former directors, officers, employees, agents,
11  contractors, attorneys, accountants, representatives, subsidiaries, divisions,
12  AFFILIATES, predecessors-in-interest and successors-in-interest, and any other
13  PERSON acting on its behalf, pursuant to its authority or subject to its control.

14    N.    "VISION CAPITAL, LLC" means VISION CAPITAL, LLC and
15  all current or former directors, officers, employees, agents, contractors, attorneys,
16  accountants, representatives, subsidiaries, divisions, AFFILIATES, predecessors-in-
17  interest and successors-in-interest, and any other PERSON acting on its behalf,
18  pursuant to its authority or subject to its control.

19    O.    "LEXINGTON INVESTORS, LLC" means LEXINGTON
20  INVESTORS, LLC and all current or former directors, officers, employees, agents,
21  contractors, attorneys, accountants, representatives, subsidiaries, divisions,
22  AFFILIATES, predecessors-in-interest and successors-in-interest, and any other
23  PERSON acting on its behalf, pursuant to its authority or subject to its control.

24    P.    "COMMUNICATION," in the plural as well as the singular,
25  means any transmittal and/or receipt of information, whether such was oral or
26  written, and whether such was by chance, prearranged, formal or informal, and
27  specifically includes, but is not limited to, conversations in person, telephone
28  conversations, electronic mail (including instant messages and text messages),

1 | voicemail, letters, memoranda, statements, media releases, magazine and newspaper
2 | articles, and video and audio transmissions.

3 |        Q.    The singular form of a noun or pronoun includes within its
4 | meaning the plural form of the noun or pronoun so used, and vice versa; the use of
5 | the masculine form of a pronoun also includes within its meaning the feminine form
6 | of the pronoun so used, and vice versa; the use of any tense of any verb includes
7 | also within its meaning all other tenses of the verb so used, whenever such
8 | construction results in a broader request for information; and "and" includes "or"
9 | and vice versa, whenever such construction results in a broader disclosure of
10 | documents or information.

11 |

12 | **II.**   **INSTRUCTIONS**

13 |        A.    YOU are to produce all requested DOCUMENTS in YOUR
14 | possession, custody or control.

15 |        B.    If YOU contend that YOU are not required to produce certain
16 | DOCUMENTS called for by these Requests on the grounds of a privilege or
17 | protection that YOU are not prepared to waive, IDENTIFY each such DOCUMENT
18 | and provide the following information:

19 |           1.    the date and type of the DOCUMENT, the author(s) and all
20 |                 recipients;

21 |           2.    the privilege or protection that YOU claim permits YOU to
22 |                 withhold the DOCUMENT;

23 |           3.    the title and subject matter of the DOCUMENT;

24 |           4.    any additional facts on which YOU base YOUR claim of
25 |                 privilege or protection; and

26 |           5.    the IDENTITY of the current custodian of the original of the
27 |                 DOCUMENT.

28 |

17

PAGE 505

1          C.    DOCUMENTS shall be produced in their original file folders, or

2    other native format. If the DOCUMENTS are in their original file folders, in lieu

3    thereof, any writing on the file folder from which each such DOCUMENT is taken

4    shall be copied and appended to such DOCUMENT and the PERSON for whom or

5    department, division or office for which the DOCUMENT or the file folder is

6    maintained shall be identified.

7          D.    The DOCUMENTS should be produced in their complete and

8    unaltered form. Attachments to DOCUMENTS should not be removed. The

9    DOCUMENTS should not be cut-up, pasted over, redacted or altered in any way for

10    any reason, including alleged nonrelevance. If emails are produced that had

11    attachments, the attachments shall be attached when produced.

12          E.    DOCUMENTS in electronic form shall be produced in that form.

13          F.    In the event that any DOCUMENT called for by these requests

14    has been destroyed or discarded, that DOCUMENT is to be identified by stating:

15             1.    the date and type of the DOCUMENT, the author(s) and all

16                 recipients;

17             2.    the DOCUMENT's date, subject matter, number of pages, and

18                 attachments or appendices;

19             3.    the date of destruction or discard, manner of destruction or

20                 discard, and reason for destruction or discard;

21             4.    the PERSONS who were authorized to carry out such destruction

22                 or discard;

23             5.    the PERSONS who have knowledge of the content, origins,

24                 distribution and destruction of the DOCUMENT; and

25             6.    whether any copies of the DOCUMENT exist and, if so, the

26                 name of the custodian of each copy.

27

28

EXHIBIT /7

PAGE: 506

## III.   REQUESTS FOR DOCUMENTS AND THINGS

REQUEST FOR PRODUCTION NO. 1:

All YOUR audited and unaudited monthly, quarterly and annual financial statements covering or RELATING TO any period on or after January 1, 2007, including without limitation balance sheets, income statements, profit and loss statements, consolidated statements of operations, cash flow statements and statements of retained earnings.

REQUEST FOR PRODUCTION NO. 2:

All agreements and contracts with any lenders to or creditors of MGA covering, RELATING TO, in effect, dated or entered into on or after January 1, 2007, including without limitation loan agreements, credit agreements, financing agreements, lines of credit and promissory notes, and any amendments or modifications thereto, and any notices of default and COMMUNICATIONS REFERRING OR RELATING TO any such agreements and contracts.

REQUEST FOR PRODUCTION NO. 3:

To the extent not produced in response to any other Request, DOCUMENTS sufficient to IDENTIFY each other PERSON from whom YOU sought, solicited, requested, obtained, received or were denied credit, financing or funding on or after January 1, 2007 and sufficient to show the amount(s) and terms involved.

REQUEST FOR PRODUCTION NO. 4:

All DOCUMENTS REFERRING OR RELATING TO YOUR solvency or insolvency, or whether YOUR liabilities exceed YOUR assets, for any period on or after January 1, 2007 (excluding pleadings served by YOU on MATTEL in this action).

EXHIBIT 17
PAGE 507

1 REQUEST FOR PRODUCTION NO. 5:

2           All DOCUMENTS REFERRING OR RELATING TO any

3 representation or statement made by YOU about YOUR solvency or insolvency, or

4 whether YOUR liabilities exceed YOUR assets, for any period on or after January 1,

5 2007 (excluding pleadings served by YOU on MATTEL in this action).

6

7 REQUEST FOR PRODUCTION NO. 6:

8           All DOCUMENTS REFERRING OR RELATING TO YOUR net

9 worth for any period on or after January 1, 2007 (excluding pleadings served by

10 YOU on MATTEL in this action).

11

12 REQUEST FOR PRODUCTION NO. 7:

13           All DOCUMENTS REFERRING OR RELATING TO ISAAC

14 LARIAN's net worth for any period on or after January 1, 2007 (excluding

15 pleadings served by YOU on MATTEL in this action).

16

17 REQUEST FOR PRODUCTION NO. 8:

18           All DOCUMENTS REFERRING OR RELATING TO orders,

19 including without limitation cancelled or held orders, for BRATZ products for

20 Spring 2009, and all COMMUNICATIONS with retailers and other prospective

21 purchasers REFERRING OR RELATING TO any such orders.

22

23 REQUEST FOR PRODUCTION NO. 9:

24           All DOCUMENTS REFERRING OR RELATING TO orders,

25 including without limitation cancelled or held orders, for BRATZ products for Fall

26 2009, and all COMMUNICATIONS with retailers and other prospective purchasers

27 REFERRING OR RELATING TO any such orders.

28

27752004.1

EXHIBIT 17

PAGE 50

1   REQUEST FOR PRODUCTION NO. 10:

2           All DOCUMENTS REFERRING OR RELATING TO the transfer of

3   any ITEM OF VALUE by MGA to, or for the benefit of, ISAAC LARIAN, any

4   member of ISAAC LARIAN's family or any entity controlled by ISAAC LARIAN

5   or any member of ISAAC LARIAN's family, since January 1, 2007.

6

7   REQUEST FOR PRODUCTION NO. 11:

8           All COMMUNICATIONS between YOU and any third-party,

9   including without limitation any retailer or distributor but excluding MATTEL and

10  any Court, REFERRING OR RELATING TO YOUR *ex parte* application for stay

11  pending appeal, filed December 11, 2008, including without limitation any

12  declaration, whether final, draft, proposed or requested, in connection therewith and

13  copies of all draft declarations in connection therewith.

14

15  REQUEST FOR PRODUCTION NO. 12:

16          All DOCUMENTS REFERRING OR RELATING TO capital

17  contributions to MGA since January 1, 2007.

18

19  REQUEST FOR PRODUCTION NO. 13:

20          All DOCUMENTS showing MGA's projected revenue, costs, profits or

21  financial performance for any period since January 1, 2007.

22

23  REQUEST FOR PRODUCTION NO. 14:

24          All DOCUMENTS REFERRING OR RELATING TO any transfer of

25  any ITEM OF VALUE or other transaction between (i) MGA, and (ii) ISAAC

26  LARIAN, any ISAAC LARIAN family member, any PERSON controlled, directly

27  or indirectly by ISAAC LARIAN, or any PERSON controlled, directly or indirectly,

28  by any ISAAC LARIAN family member since January 1, 2007.

EXHIBIT 17

PAGE 509

1  REQUEST FOR PRODUCTION NO. 15:

2          All W-2s REFERRING OR RELATING TO any ISAAC LARIAN

3  family member since January 1, 2007.

4

5  REQUEST FOR PRODUCTION NO. 16:

6          All DOCUMENTS REFERRING OR RELATING TO any sale,

7  distribution or transfer by MGA of BRATZ products having a retail value greater

8  than $50,000 other than to retailers in the ordinary course of business since

9  January 1, 2007.

10

11  REQUEST FOR PRODUCTION NO. 17:

12          All DOCUMENTS REFERRING OR RELATING TO agreements,

13  transactions, sales, shipments or the transfer of any ITEM OF VALUE between

14  MGA and IGWT Group, LLC.

15

16  REQUEST FOR PRODUCTION NO. 18:

17          All DOCUMENTS REFERRING OR RELATING TO the alleged

18  transfer of product from MGA to IGWT Group, LLC pursuant to the Inventory

19  Purchase Agreement dated July 7, 2008, including without limitation all audits or

20  other valuations performed in connection with such product, any opinions

21  RELATING TO the fairness or unfairness of such transfer, all MGA corporate or

22  director resolutions or approvals of such transfer, all bids received or solicited in

23  connection with the purported sale or offering for sale of such product, the terms of

24  such bids and any other and all COMMUNICATIONS relating to any of the

25  foregoing.

26

27          EXHIBIT __17__

28          PAGE ___570___

2752004.1

-12-

1 | REQUEST FOR PRODUCTION NO. 19:

2 |         All DOCUMENTS REFERRING OR RELATING TO the revenue

3 | generated by IGWT Group, LLC's sales, licensing, distribution or other transfer of

4 | BRATZ products and the transfer or disposition of such revenue.

5 |

6 | REQUEST FOR PRODUCTION NO. 20:

7 |         All DOCUMENTS REFERRING OR RELATING TO agreements,

8 | contracts, transactions, sales, shipments or transfers of any ITEM OF VALUE

9 | between MGA and IGWT 826 Investments, LLC.

10 |

11 | REQUEST FOR PRODUCTION NO. 21:

12 |         All DOCUMENTS REFERRING OR RELATING TO the revenue

13 | generated by IGWT 826 Investments, LLC's sales, licensing, distribution or other

14 | transfer of BRATZ products and the transfer or disposition of such revenue.

15 |

16 | REQUEST FOR PRODUCTION NO. 22:

17 |         All agreements, contracts and written COMMUNICATIONS between

18 | MGA and Wachovia since January 1, 2007.

19 |

20 | REQUEST FOR PRODUCTION NO. 23:

21 |         All agreements and contracts REFERRING OR RELATING TO any

22 | indebtedness owed to Wachovia or any credit extended by Wachovia since January

23 | 1, 2007, and any amendments or modifications thereto, and any

24 | COMMUNICATIONS RELATED TO any such agreements or contracts.

25 |

26 | REQUEST FOR PRODUCTION NO. 24:

27 |         All DOCUMENTS REFERRING OR RELATING TO agreements,

28 | contracts or transactions between MGA and OMNI 808 INVESTORS, LLC, and

27520004.1

-13-

EXHIBIT     12

PAGE     577

1 | any amendments or modifications thereto, and any COMMUNICATIONS

2 | REFERRING OR RELATING TO any such agreements, contracts or transactions.

3

4 | REQUEST FOR PRODUCTION NO. 25:

5 | All DOCUMENTS containing financial information, including but not

6 | limited to YOUR historical and prospective financial performance, provided by

7 | YOU to OMNI 808 INVESTORS, LLC, VISION CAPITAL, LLC or LEXINGTON

8 | FINANCIAL, LLC since January 1, 2008.

9

10 | REQUEST FOR PRODUCTION NO. 26:

11 | All DOCUMENTS REFERRING OR RELATING TO agreements,

12 | contracts or transactions between LEXINGTON FINANCIAL, LLC and MGA or

13 | any other PERSON, and any amendments or modifications thereto, and any

14 | COMMUNICATIONS REFERRING OR RELATING TO any such agreements,

15 | contracts or transactions.

16

17 | REQUEST FOR PRODUCTION NO. 27:

18 | All DOCUMENTS REFERRING OR RELATING TO agreements,

19 | contracts or transactions between VISION CAPITAL, LLC and MGA or any other

20 | PERSON, and any amendments or modifications thereto, and any

21 | COMMUNICATIONS REFERRING OR RELATING TO any such agreements,

22 | contracts or transactions.

23

24 | REQUEST FOR PRODUCTION NO. 28:

25 | DOCUMENTS sufficient to IDENTIFY each member, managing

26 | member, holder of any ownership interest in, shareholder, officer and director of

27 | IGWT Group, LLC.

28

EXHIBIT *17*

PAGE *512*

1  REQUEST FOR PRODUCTION NO. 29:

2         DOCUMENTS sufficient to IDENTIFY each member, managing

3  member, holder of any ownership interest in, shareholder, officer and director of

4  IGWT 826 Investments, LLC.

5

6  REQUEST FOR PRODUCTION NO. 30:

7         DOCUMENTS sufficient to IDENTIFY each member, managing

8  member, holder of any ownership interest in, shareholder, officer and director  of

9  OMNI 808 INVESTORS, LLC.

10

11  REQUEST FOR PRODUCTION NO. 31:

12         DOCUMENTS sufficient to IDENTIFY each member, managing

13  member, holder of any ownership interest in, shareholder, officer and director of

14  VISION CAPITAL, LLC.

15

16  REQUEST FOR PRODUCTION NO. 32:

17         DOCUMENTS sufficient to IDENTIFY each member, managing

18  member, holder of any ownership interest in, shareholder, officer and director of

19  LEXINGTON FINANCIAL, LLC.

20

21  REQUEST FOR PRODUCTION NO. 33:

22         All DOCUMENTS RELATING TO any transfer of any funds, monies

23  or any ITEM OF VALUE from, or any extension of credit or funding by,

24  LEXINGTON FINANCIAL, LLC to YOU or LARIAN.

25

26

27

28

2752004.1

EXHIBIT  17
PAGE  513

1  REQUEST FOR PRODUCTION NO. 34:

2          All DOCUMENTS RELATING TO any transfer of any funds, monies

3  or any ITEM OF VALUE to or from, or any extension of credit or funding by or to,

4  LEXINGTON FINANCIAL, LLC, whether directly or indirectly.

5

6  REQUEST FOR PRODUCTION NO. 35:

7          DOCUMENTS sufficient to IDENTIFY each member, managing

8  member, holder of any ownership interest in, shareholder, officer and director of

9  IGWT Group, LLC.

10

11  REQUEST FOR PRODUCTION NO. 36:

12          DOCUMENTS sufficient to IDENTIFY each member, managing

13  member, holder of any ownership interest in, shareholder, officer and director of

14  IGWT 826 Investments, LLC.

15

16  REQUEST FOR PRODUCTION NO. 37:

17          DOCUMENTS sufficient to IDENTIFY each of YOUR bank accounts

18  since January 1, 2007.

19

20  REQUEST FOR PRODUCTION NO. 38:

21          DOCUMENTS sufficient to IDENTIFY each bank account to or from

22  which Isaac Larian has transferred or has had transferred any ITEM OF VALUE

23  since January 1, 2007.

24

25  REQUEST FOR PRODUCTION NO. 39:

26          DOCUMENTS sufficient to IDENTIFY each bank account to or from

27  which OMNI 808 INVESTORS, LLC has transferred or has had transferred any

28  ITEM OF VALUE since January 1, 2007.

1 | REQUEST FOR PRODUCTION NO. 40:

2 | DOCUMENTS sufficient to IDENTIFY each bank account to or from

3 | which IGWT Group, LLC has transferred or has had transferred any ITEM OF

4 | VALUE since January 1, 2007.

5 |

6 | REQUEST FOR PRODUCTION NO. 41:

7 | DOCUMENTS sufficient to IDENTIFY each bank account to or from

8 | which IGWT 826 Investments, LLC has transferred or has had transferred any

9 | ITEM OF VALUE since January 1, 2007.

10 |

11 | REQUEST FOR PRODUCTION NO. 42:

12 | All COMMUNICATIONS between or among YOU, IGWT 826

13 | Investments, LLC and/or IGWT Group, LLC REFERRING OR RELATING TO

14 | MATTEL and/or BRATZ.

15 |

16 | REQUEST FOR PRODUCTION NO. 43:

17 | All COMMUNICATIONS between or among YOU, OMNI 808

18 | INVESTORS, LLC, VISION CAPITAL, LLC and/or LEXINGTON FINANCIAL,

19 | LLC REFERRING OR RELATING TO MATTEL, MGA, LARIAN and/or

20 | BRATZ.

21 |

22 | REQUEST FOR PRODUCTION NO. 44:

23 | All COMMUNICATIONS between YOU and MASHIAN

24 | REFERRING OR RELATING TO OMNI 808 INVESTORS, LLC, VISION

25 | CAPITAL, LLC, LEXINGTON FINANCIAL, LLC, MATTEL, MGA, LARIAN

26 | and/or BRATZ.

27 |

28 |

2752004.1

-17-

EXHIBIT _17_
PAGE _515_

1  REQUEST FOR PRODUCTION NO. 45:

2          All COMMUNICATIONS between YOU and Neil Kadisha

3  REFERRING OR RELATING TO OMNI 808 INVESTORS, LLC, VISION

4  CAPITAL, LLC, LEXINGTON FINANCIAL, LLC, MATTEL, MGA, LARIAN

5  and/or BRATZ.

6

7  REQUEST FOR PRODUCTION NO. 46:

8          All COMMUNICATIONS between YOU and OMNI 808

9  INVESTORS, LLC REFERRING OR RELATING TO VISION CAPITAL, LLC,

10  LEXINGTON FINANCIAL, LLC, MATTEL, MGA, LARIAN and/or BRATZ.

11

12  REQUEST FOR PRODUCTION NO. 47:

13          All COMMUNICATIONS REFERRING OR RELATING TO VISION

14  CAPITAL, LLC, LEXINGTON FINANCIAL, LLC and/or OMNI 808

15  INVESTORS, LLC.

16

17  REQUEST FOR PRODUCTION NO. 48:

18          DOCUMENTS sufficient to IDENTIFY each bank account to or from

19  which VISION CAPITAL, LLC has transferred or has had transferred any ITEM

20  OF VALUE since January 1, 2007.

21

22  REQUEST FOR PRODUCTION NO. 49:

23          DOCUMENTS sufficient to IDENTIFY each bank account to or from

24  which LEXINGTON FINANCIAL, LLC has transferred or has had transferred any

25  ITEM OF VALUE since January 1, 2007.

26

27          EXHIBIT _17_

28          PAGE _516_

2752004.1

1  REQUEST FOR PRODUCTION NO. 50:

2        DOCUMENTS sufficient to IDENTIFY each licensee of any BRATZ

3  product since January 1, 2007.

4

5  REQUEST FOR PRODUCTION NO. 51:

6        DOCUMENTS sufficient to show the amount of payments made to

7  YOU by each licensee of any BRATZ product since January 1, 2007.

8

9  REQUEST FOR PRODUCTION NO. 52:

10        A sample of each BRATZ product manufactured, sold, offered for sale,

11  marketed or distributed by YOU since January 1, 2008.

12

13  REQUEST FOR PRODUCTION NO. 53:

14        To the extent not produced in response to any other Request, a sample

15  of each core BRATZ female fashion doll manufactured, sold, offered for sale,

16  marketed or distributed by YOU since January 1, 2008.

17

18  REQUEST FOR PRODUCTION NO. 54:

19        All registrations, and applications for registration, for any trademark or

20  service mark that constitutes, includes or incorporates in any manner the term

21  "BRATZ."

22

23  REQUEST FOR PRODUCTION NO. 55:

24        All registrations, and applications for registration, for any trademark or

25  service mark that constitutes, includes or incorporates in any manner the term

26  "Jade."

27        EXHIBIT _17_

28        PAGE _517_

27752004.1

-19-

1   REQUEST FOR PRODUCTION NO. 56:

2          All COMMUNICATIONS with any Trademark Office or governmental

3   entity REFERRING OR RELATING TO any registration, or application for

4   registration, for any trademark or service mark that constitutes, includes or

5   incorporates in any manner the term "BRATZ."

6

7   REQUEST FOR PRODUCTION NO. 57:

8          All COMMUNICATIONS with any Trademark Office or governmental

9   entity REFERRING OR RELATING TO any registration, or application for

10  registration, for any trademark or service mark that constitutes, includes or

11  incorporates in any manner the term "Jade."

12

13

14  DATED:  January 7, 2009          QUINN EMANUEL URQUHART OLIVER &
                                     HEDGES, LLP
15

16                                   By  Jon D Corey
17                                     Jon D. Corey
                                       Attorneys for Mattel, Inc.
18

19

20

21

22

23

24

25

26

27                                   EXHIBIT  17

28                                   PAGE  578

                                     -20-
MATTEL, INC.'S FIRST SET OF REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT (Phase 2)

2752004.1

# EXHIBIT 18

RECEIVED

FEB 0 6 2009

1  Patricia L. Glaser, State Bar No. 055668
   Pglaser@glaserweil.com
2  Joel N. Klevens, State Bar No. 045446
   Jklevens@ glaserweil.com
3  GLASER, WEIL, FINK, JACOBS
    & SHAPIRO, LLP
4  10250 Constellation Boulevard, 19th Floor
   Los Angeles, California 90067
5  Telephone:  310-553-3000
   Facsimile:   310-556-2920
6
7  Russell J. Frackman, State Bar No. 049087
   rjf@msk.com
8  MITCHELL, SILBERBERG & KNUPP, LLP
   11377 West Olympic Boulevard
9  Los Angeles, California 90064
   Telephone:  310-312-2000
10 Facsimile:   310-312-3100
11
   Attorneys for the MGA Parties For Phase Two
12                 UNITED STATES DISTRICT COURT
13                CENTRAL DISTRICT OF CALIFORNIA
14                       EASTERN DIVISION
15
16 CARTER BRYANT, an individual    ) Case No. CV 04-9049 SGL (RNBx)
                                   )
17           Plaintiff,            ) Consolidated with
                                   ) Case No. 04-09059
18 v.                              ) Case No. 05-02727
                                   )
19 MATTEL, INC., a Delaware        ) **RESPONSES TO REQUESTS FOR**
   Corporation                     ) **DOCUMENTS AND THINGS TO**
20                                 ) **MGA ENTERTAINMENT, INC.**
             Defendant.            ) **(PHASE 2)**
21                                 )
22                                 )
                                   )
23 AND CONSOLIDATED ACTIONS        )
                                   )
24
25
26                                    EXHIBIT ___18___
27                                    PAGE ___579___
28
665960v2
                        2-6-09
   RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT, INC. (PHASE 2)

1  rights. MGA further objects to this request on the ground that the terms

2  DOCUMENTS and REFERRING OR RELATING TO render the request vague,

3  ambiguous, overly broad and unduly burdensome. MGA further objects to the

4  request to the extent that it seeks documents that by reason of public filing, public

5  distribution or otherwise are already in Mattel's possession or are readily accessible to

6  Mattel. MGA further objects to this request to the extent that it seeks documents not

7  in MGA's possession, custody or control. MGA also objects to this request on the

8  grounds that it seeks confidential, proprietary or commercially sensitive information,

9  the disclosure of which would be inimical to the business interests of MGA. MGA

10 also objects to this request to the extent it calls for the disclosure of attorney-client

11 privileged information or information protected from disclosure by the work-product

12 doctrine, joint defense or common interest privilege, or other privilege.

13      MGA further objects to this request as cumulative and duplicative to the extent

14 that it seeks documents previously requested by Mattel or produced by MGA in

15 response to Mattel's document requests.

16 **REQUEST FOR PRODUCTION NO. 17**

17      All DOCUMENTS REFERRING OR RELATING TO agreements,

18 transactions, sales, shipments or the transfer of any ITEM OF VALUE between MGA

19 and IGWT Group, LLC.

20 **RESPONSE TO REQUEST FOR PRODUCTION NO. 17**

21      MGA incorporates by reference its General Objections as though fully set forth

22 herein. MGA further objects to this request on the grounds that the Discovery Master

23 already has ruled on similarly phrased requests, including in an Order dated May 7,

24 2008, concluding that requests using phrases like "all documents," and "referring to

25 or relating to" are overly broad, vague, unduly burdensome, and seek irrelevant

26 information. See May 7, 2008 Infante Order. MGA further objects on the grounds

27 that this request calls for the production of documents that are not limited to the

28 subject matter of this action and not relevant to any claim or defense in the pending

665960v2

EXHIBIT __18__

PAGE __520__



1   litigation or reasonably calculated to lead to the discovery of admissible evidence.

2   The request appears designed to circumvent the Court's January 7 Order appointing a

3   forensic auditor and requiring Mattel to pay the auditor's costs in the first instance.

4   See January 7, 2009 Larson Order Appointing Forensic Auditor.

5          MGA further objects to this request on the grounds that it is compound.  MGA

6   further objects to the request to the extent it violates the privacy rights of third parties

7   to their private, confidential, proprietary or trade secret information.  MGA further

8   objects to this request on the grounds that it is overbroad as to subject matter and

9   time; in particular, MGA objects that the phrases "all documents" and "referring or

10  relating to" are unbounded by any date limitation and are not tied in any way to any

11  claim, defense or other issues involved in Phase 2 of this litigation.

12         MGA also objects to this request on the grounds that it is overbroad, including,

13  without limitation, that it would extend to any document referring or relating in any

14  way to a wide variety of matter that could potentially be construed as "relating" to

15  any agreements, transactions, sales, shipments or the transfer of any ITEM OF

16  VALUE between MGA and IGWT Group, LLC, without regard to whether such

17  documents are at all relevant to any claim or defense at issue herein.  MGA also

18  objects to this request on the grounds that it is overbroad, unduly burdensome and

19  oppressive in that it is not in any way limited as to the persons involved in the

20  communications or as to time.  MGA further objects to this request on the grounds

21  that it is vague and ambiguous in its use of the terms "agreements," "transactions,"

22  "sales," "shipments," and "transfer."  Mattel has not demonstrated how *all*

23  DOCUMENTS REFERRING OR RELATING TO agreements, transactions, sales,

24  shipments or the transfer of any ITEM OF VALUE between MGA and IGWT Group,

25  LLC could be relevant to the claims and defenses in this action, let alone established

26  that the relevancy of these documents outweighs the individual's fundamental right of

27  privacy.  MGA further objects to this request on the ground that the terms

28  DOCUMENTS, REFERRING OR RELATING TO, and  ITEM OF VALUE render

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

665960v2

EXHIBIT __18__

PAGE _____ 521

1  the request vague, ambiguous, overly broad and unduly burdensome.  MGA further

2  objects to the request to the extent that it seeks documents that by reason of public

3  filing, public distribution or otherwise are already in Mattel's possession or are

4  readily accessible to Mattel.  MGA further objects to this request to the extent that it

5  seeks documents not in MGA's possession, custody or control.  MGA also objects to

6  this request on the grounds that it seeks confidential, proprietary or commercially

7  sensitive information, the disclosure of which would be inimical to the business

8  interests of MGA.  MGA also objects to this request to the extent it calls for the

9  disclosure of attorney-client privileged information or information protected from

10  disclosure by the work-product doctrine, joint defense or common interest privilege,

11  or other privilege.

12      MGA further objects to this request as being overly broad and unduly

13  burdensome on the grounds that it is not limited in time.  MGA further objects to this

14  request as cumulative and duplicative to the extent that it seeks documents previously

15  requested by Mattel or produced by MGA in response to Mattel's document requests.

16  **REQUEST FOR PRODUCTION NO. 18**

17      All DOCUMENTS REFERRING OR RELATING TO the alleged transfer of

18  product from MGA to IGWT Group, LLC pursuant to the Inventory Purchase

19  Agreement dated July 7, 2008, including without limitation all audits or other

20  valuations performed in connection with such product, any opinions RELATING TO

21  the fairness or unfairness of such transfer, all MGA corporate or director resolutions

22  or approvals of such transfer, all bids received or solicited in connection with the

23  purported sale or offering for sale of such product, the terms of such bids and any

24  other and all COMMUNICATIONS relating to any of the foregoing.

25  **RESPONSE TO REQUEST FOR PRODUCTION NO. 18**

26      MGA incorporates by reference its General Objections as though fully set forth

27  herein.  MGA further objects to this request on the grounds that the Discovery Master

28  already has ruled on similarly phrased requests, including in an Order dated May 7,

665960v2

EXHIBIT / 8

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT, INC. (PHASE 2)

PAGE    522

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310.553.3000

1 from disclosure by the work-product doctrine, joint defense or common interest
2 privilege, or other privilege.

3      MGA further objects to this request as being overly broad and unduly
4 burdensome on the grounds that it is not limited in time. MGA further objects to this
5 request as cumulative and duplicative to the extent that it seeks documents previously
6 requested by Mattel or produced by MGA in response to Mattel's document requests.
7 **REQUEST FOR PRODUCTION NO. 27**

8      All DOCUMENTS REFERRING OR RELATING TO agreements, contracts or
9 transactions between VISION CAPITAL, LLC and MGA or any other PERSON, and
10 any amendments or modifications thereto, and any COMMUNICATIONS
11 REFERRING OR RELATING TO any such agreements, contracts or transactions.
12 **RESPONSE TO REQUEST FOR PRODUCTION NO. 27**

13      MGA incorporates by reference its General Objections as though fully set forth
14 herein. MGA further objects to this request on the grounds that the Discovery Master
15 already has ruled on similarly phrased requests, including in an Order dated May 7,
16 2008, concluding that requests using phrases like "all documents," and "referring to
17 or relating to" are overly broad, vague, unduly burdensome, and seek irrelevant
18 information. See May 7, 2008 Infante Order. MGA further objects on the grounds
19 that this request calls for the production of documents that are not limited to the
20 subject matter of this action and not relevant to any claim or defense in the pending
21 litigation or reasonably calculated to lead to the discovery of admissible evidence.

22      MGA further objects to this request on the grounds that it is compound. MGA
23 further objects to the request to the extent it violates the privacy rights of third parties
24 to their private, confidential, proprietary or trade secret information. MGA further
25 objects to this request on the grounds that it is overbroad as to subject matter and
26 time; in particular, MGA objects that the phrases "all documents" and "referring or
27 relating to" are unbounded by any date limitation and are not tied in any way to any
28 claim, defense or other issues involved in Phase 2 of this litigation. EXHIBIT ____ /4

665960v2

PAGE ____ 523

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT, INC. (PHASE 2)

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

1    MGA also objects to this request on the grounds that it is overbroad, including,

2    without limitation, that it would extend to any documents and communication

3    between anyone at MGA and anyone at VISION CAPITAL, LLC referring or relating

4    in any way to a wide variety of matter that could potentially be construed as

5    "relating" to agreements, contracts or transactions between MGA and VISION

6    CAPITAL, LLC, and any amendments or modifications thereto, without regard to

7    whether such documents and communications are at all relevant to any claim or

8    defense at issue herein.  MGA also objects to this request on the grounds that it is

9    overbroad, unduly burdensome and oppressive in that it purports to require MGA

10   diligently to identify every communication that any of its hundreds of employees may

11   have had with anyone at VISION CAPITAL, LLC or any other person referring or

12   relating to agreements, contracts or transactions between VISION CAPITAL, LLC

13   and MGA or any other person, and any amendments or modifications thereto.  MGA

14   further objects to this request on the grounds that it is vague and ambiguous in its use

15   of the terms "agreements, contracts or transactions" and "amendments or

16   modifications."  Mattel has not demonstrated how *all* DOCUMENTS REFERRING

17   OR RELATING TO agreements, contracts or transactions between VISION

18   CAPITAL, LLC and MGA or any other PERSON, and any amendments or

19   modifications thereto, and any COMMUNICATIONS REFERRING OR RELATING

20   TO any such agreements, contracts or transactions could be relevant to the claims and

21   defenses in this action, let alone established that the relevancy of these documents

22   outweighs the individual's fundamental right of privacy.  MGA further objects to this

23   request on the ground that the terms DOCUMENTS, REFERRING OR RELATING

24   TO, and COMMUNICATIONS render the request vague, ambiguous, overly broad

25   and unduly burdensome.  MGA further objects to the request to the extent that it seeks

26   documents that by reason of public filing, public distribution or otherwise are already

27   in Mattel's possession or are readily accessible to Mattel.  MGA further objects to this

28   request to the extent that it seeks documents not in MGA's possession, custody or

665960v2

EXHIBIT ____ 18

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT, INC. (PHASE 2)

PAGE 52 4

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310.553.3000

1  control. MGA also objects to this request on the grounds that it seeks confidential,

2  proprietary or commercially sensitive information, the disclosure of which would be

3  inimical to the business interests of MGA. MGA also objects to this request to the

4  extent it calls for the disclosure of attorney-client privileged information or

5  information protected from disclosure by the work-product doctrine, joint defense or

6  common interest privilege, or other privilege.

7      MGA further objects to this request as being overly broad and unduly

8  burdensome on the grounds that it is not limited in time. MGA further objects to this

9  request as cumulative and duplicative to the extent that it seeks documents previously

10 requested by Mattel or produced by MGA in response to Mattel's document requests.

11 **REQUEST FOR PRODUCTION NO. 28**

12     DOCUMENTS sufficient to IDENTIFY each member, managing member,

13 holder of any ownership interest in, shareholder, officer and director of IGWT Group,

14 LLC.

15 **RESPONSE TO REQUEST FOR PRODUCTION NO. 28**

16     MGA incorporates by reference its General Objections as though fully set forth

17 herein. MGA further objects on the grounds that this request calls for the production

18 of documents that are not limited to the subject matter of this action and not relevant

19 to any claim or defense in the pending litigation or reasonably calculated to lead to

20 the discovery of admissible evidence.

21     MGA further objects to this request on the grounds that it is compound. MGA

22 further objects to the request to the extent it violates the privacy rights of third parties

23 to their private, confidential, proprietary or trade secret information. MGA further

24 objects to this request on the grounds that it is overbroad as to subject matter and

25 time; in particular, MGA objects that the phrase "each member, managing member,

26 holder of any ownership interest in, shareholder, officer and director" is unbounded

27 by any date limitation and is not tied in any way to any claim, defense or other issues

28 involved in Phase 2 of this litigation.

EXHIBIT _15_
PAGE _525_

665960v2

54

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT, INC. (PHASE 2)

1   MGA also objects to this request on the grounds that it is overbroad, unduly

2   burdensome and oppressive in that it is not in any way limited as to the persons

3   mentioned or as to time. MGA further objects to this request on the grounds that it is

4   vague and ambiguous in its use of the terms "member," "managing member," "holder

·5  of any ownership interest," "shareholder," "officer," "director." Mattel has not

6   demonstrated how DOCUMENTS sufficient to IDENTIFY *each* member, managing

7   member, holder of any ownership interest in, shareholder, officer and director of

8   IGWT Group, LLC could be relevant to the claims and defenses in this action, let

9   alone established that the relevancy of these documents outweighs the individual's

10  fundamental right of privacy. MGA further objects to the request to the extent that it

11  seeks documents that by reason of public filing, public distribution or otherwise are

12  already in Mattel's possession or are readily accessible to Mattel. MGA further

13  objects to this request to the extent that it seeks documents not in MGA's possession,

14  custody or control. MGA also objects to this request to the extent it calls for the

15  disclosure of attorney-client privileged information or information protected from

16  disclosure by the work-product doctrine, joint defense or common interest privilege,

17  or other privilege.

18       MGA further objects to this request as cumulative and duplicative to the extent

19  that it seeks documents previously requested by Mattel or produced by MGA in

20  response to Mattel's document requests.

21  **REQUEST FOR PRODUCTION NO. 29**

22       DOCUMENTS sufficient to IDENTIFY each member, managing member,

23  holder of any ownership interest in, shareholder, officer and director of IGWT 826

24  Investments, LLC.

25  **RESPONSE TO REQUEST FOR PRODUCTION NO. 29**

26       MGA incorporates by reference its General Objections as though fully set forth

27  herein. MGA further objects on the grounds that this request calls for the production

28  of documents that are not limited to the subject matter of this action and not relevant

665960v2

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT, INC. (PHASE 2)

EXHIBIT _____ 19

PAGE _____ 526

1   to any claim or defense in the pending litigation or reasonably calculated to lead to

2   the discovery of admissible evidence.

3       MGA further objects to this request on the grounds that it is compound.  MGA

4   further objects to the request to the extent it violates the privacy rights of third parties

5   to their private, confidential, proprietary or trade secret information.  MGA further

6   objects to this request on the grounds that it is overbroad as to subject matter and

7   time; in particular, MGA objects that the phrase "each member, managing member,

8   holder of any ownership interest in, shareholder, officer and director" is unbounded

9   by any date limitation and is not tied in any way to any claim, defense or other issues

10  involved in Phase 2 of this litigation.

11      MGA also objects to this request on the grounds that it is overbroad, unduly

12  burdensome and oppressive in that it is not in any way limited as to the persons

13  mentioned or as to time.  MGA further objects to this request on the grounds that it is

14  vague and ambiguous in its use of the terms "member," "managing member," "holder

15  of any ownership interest," "shareholder," "officer," "director."  Mattel has not

16  demonstrated how DOCUMENTS sufficient to IDENTIFY *each* member, managing

17  member, holder of any ownership interest in, shareholder, officer and director of

18  IGWT 826 Investments, LLC could be relevant to the claims and defenses in this

19  action, let alone established that the relevancy of these documents outweighs the

20  individual's fundamental right of privacy.  MGA further objects to the request to the

21  extent that it seeks documents that by reason of public filing, public distribution or

22  otherwise are already in Mattel's possession or are readily accessible to Mattel.  MGA

23  further objects to this request to the extent that it seeks documents not in MGA's

24  possession, custody or control.  MGA also objects to this request to the extent it calls

25  for the disclosure of attorney-client privileged information or information protected

26  from disclosure by the work-product doctrine, joint defense or common interest

27  privilege, or other privilege.

28

665960v2

EXHIBIT ___ 18

PAGE ___ 527

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT, INC. (PHASE 2)

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

1  MGA further objects to this request as cumulative and duplicative to the extent

2  that it seeks documents previously requested by Mattel or produced by MGA in

3  response to Mattel's document requests.

4  **REQUEST FOR PRODUCTION NO. 30**

5  DOCUMENTS sufficient to IDENTIFY each member, managing member,

6  holder of any ownership interest in, shareholder, officer and director of OMNI 808

7  INVESTORS, LLC.

8  **RESPONSE TO REQUEST FOR PRODUCTION NO. 30**

9  MGA incorporates by reference its General Objections as though fully set forth

10  herein. MGA further objects on the grounds that this request calls for the production

11  of documents that are not limited to the subject matter of this action and not relevant

12  to any claim or defense in the pending litigation or reasonably calculated to lead to

13  the discovery of admissible evidence.

14  MGA further objects to this request on the grounds that it is compound. MGA

15  further objects to the request to the extent it violates the privacy rights of third parties

16  to their private, confidential, proprietary or trade secret information. MGA further

17  objects to this request on the grounds that it is overbroad as to subject matter and

18  time; in particular, MGA objects that the phrase "each member, managing member,

19  holder of any ownership interest in, shareholder, officer and director" is unbounded

20  by any date limitation and is not tied in any way to any claim, defense or other issues

21  involved in Phase 2 of this litigation.

22  MGA also objects to this request on the grounds that it is overbroad, unduly

23  burdensome and oppressive in that it is not in any way limited as to the persons

24  mentioned or as to time. MGA further objects to this request on the grounds that it is

25  vague and ambiguous in its use of the terms "member," "managing member," "holder

26  of any ownership interest," "shareholder," "officer," "director." Mattel has not

27  demonstrated how DOCUMENTS sufficient to IDENTIFY *each* member, managing

28  member, holder of any ownership interest in, shareholder, officer and director of

665960v2

EXHIBIT _____ / 8

PAGE _____ 525

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT, INC. (PHASE 2)

GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
LAW OFFICES
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

1 OMNI 808 INVESTORS, LLC could be relevant to the claims and defenses in this

2 action, let alone established that the relevancy of these documents outweighs the

3 individual's fundamental right of privacy. MGA further objects to the request to the

4 extent that it seeks documents that by reason of public filing, public distribution or

5 otherwise are already in Mattel's possession or are readily accessible to Mattel. MGA

6 further objects to this request to the extent that it seeks documents not in MGA's

7 possession, custody or control. MGA also objects to this request to the extent it calls

8 for the disclosure of attorney-client privileged information or information protected

9 from disclosure by the work-product doctrine, joint defense or common interest

10 privilege, or other privilege.

11 MGA further objects to this request as cumulative and duplicative to the extent

12 that it seeks documents previously requested by Mattel or produced by MGA in

13 response to Mattel's document requests.

14 **REQUEST FOR PRODUCTION NO. 31**

15 DOCUMENTS sufficient to IDENTIFY each member, managing member,

16 holder of any ownership interest in, shareholder, officer and director of VISION

17 CAPITAL, LLC.

18 **RESPONSE TO REQUEST FOR PRODUCTION NO. 31**

19 MGA incorporates by reference its General Objections as though fully set forth

20 herein. MGA further objects on the grounds that this request calls for the production

21 of documents that are not limited to the subject matter of this action and not relevant

22 to any claim or defense in the pending litigation or reasonably calculated to lead to

23 the discovery of admissible evidence.

24 MGA further objects to this request on the grounds that it is compound. MGA

25 further objects to the request to the extent it violates the privacy rights of third parties

26 to their private, confidential, proprietary or trade secret information. MGA further

27 objects to this request on the grounds that it is overbroad as to subject matter and

28 time; in particular, MGA objects that the phrase "each member, managing member,

665960v2

EXHIBIT ___ 18

PAGE

529

1        MGA further objects to this request as being overly broad and unduly

2    burdensome on the grounds that it is not limited in time.  MGA further objects to this

3    request as cumulative and duplicative to the extent that it seeks documents previously

4    requested by Mattel or produced by MGA in response to Mattel's document requests.

5

6

7    Dated: _2/6/____, 2009          Patricia L. Glaser

8                                                   Joel N. Klevens
                                                      GLASER, WEIL, FINK, JACOBS
9                                                      & SHAPIRO, LLP

10                                                    Russell J. Frackman
                                                      MITCHELL, SILBERBERG & KNUPP, LLP
11

12

13                                   By: _____

14                                          Amman Khan
                                            Attorneys for the MGA Parties
15                                          for Phase Two

16

17

18

19

20

21

22

23

24

25

26

27

28

665960v2

EXHIBIT _16_
PAGE _530_

99

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT, INC. (PHASE 2)

# EXHIBIT 19

 LexisNexis·

LEXSEE 1986 U.S. DIST. LEXIS 29346

**LYMAN STEEL COMPANY GREEN, Richard, Plaintiffs v. SHEARSON LEH-
MAN BROTHERS, INC. BRENNAN, James F., Defendants**

**Case No. C 86-355**

**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF
OHIO, EASTERN DIVISION**

*1986 U.S. Dist. LEXIS 29346*

**February 13, 1986, Filed**

**OPINION BY:**   [*1]   KRENZLER

**OPINION**

*RICO CASE STANDING ORDER 18 U.S.C. §§
1961-1968*

ALVIN I. KRENZLER, UNITED STATES DIS-
TRICT JUDGE

The above-captioned case contains a civil RICO
claim, which has been filed in this Court pursuant to 18
U.S.C. §§ 1961-1968. This Standing Order has been de-
signed to establish a uniform and efficient procedure for
processing this case.

The plaintiff shall file, within twenty (20) days he-
reof, a RICO case statement. This statement shall include
the facts the plaintiff is relying upon to initiate this RICO
complaint as a result of the "reasonable inquiry" required
by *Fed. R. Civ. P. 11*. In particular, this statement shall
be in a form which uses the numbers and letters as set
forth below, and shall state in detail and with specificity
the following information.

1. State whether the alleged unlawful conduct is in
violation of *18 U.S.C. §§ 1962(a), (b), (c),* and/or *(d)*.

2. List each defendant and state the alleged miscon-
duct and basis of liability of each defendant.

3. List the alleged wrongdoers, other than the de-
fendants listed above, and state the alleged misconduct of
each wrongdoer.

4. List the alleged victims and state how each victim
was allegedly injured.   [*2]

5. Describe in detail the pattern of racketeering ac-
tivity or collection of unlawful debts alleged for each
RICO claim. A description of the pattern of racketeering
shall include the following information:

a. List the alleged predicate acts and the specific
statutes which were allegedly violated;

b. Provide the dates of the predicate acts, the partic-
ipants in the predicate acts, and a description of the facts
surrounding the predicate acts;

c. If the RICO claim is based on the predicate of-
fenses of wire fraud, mail fraud, or fraud in the sale of
securities, the "circumstances constituting fraud or mis-
take shall be stated in particularity." *Fed. R. Civ. P. 9(b)*.
Identify the time, place and contents of the alleged mi-
srepresentations, and the identity of persons to whom and
by whom the alleged misrepresentations were made;

d. State whether there has been a criminal conviction
for violation of the predicate acts;

e. State whether civil litigation has resulted in a
judgment in regard to the predicate acts;

f. Describe how the predicate acts form a "pattern of
racketeering activity"; and

g. State whether the alleged predicate acts relate to
each other as part of a common plan. If   [*3]   *so,
describe in detail.*

6. Describe in detail the alleged enterprise for each
RICO claim. A description of the enterprise shall include
the following information:

a. State the names of the individuals, partnerships,
corporations, associations, or other legal entities, which
allegedly constitute the enterprise;

EXHIBIT __19__

PAGE __531__

b. Describe the structure, purpose, function and course of conduct of the enterprise;

c. State whether any defendants are employees, officers or directors of the alleged enterprise;

d. State whether any defendants are associated with the alleged enterprise;

e. State whether you are alleging that the defendants are individuals or entities separate from the alleged enterprise, or that the defendants are the enterprise itself, or members of the enterprise; and

f. If any defendants are alleged to be the enterprise itself, or members of the enterprise, explain whether such defendants are perpetrators, passive instruments, or victims of the alleged racketeering activity.

7. State and describe in detail whether you are alleging that the pattern of racketeering activity and the enterprise are separate or have merged into one entity.

8. Describe the alleged relationship between [*4] *the activities of the enterprise and the pattern of racketeering activity. Discuss how the racketeering activity differs from the usual and daily activities of the enterprise, if at all.*

9. Describe what benefits, if any, the alleged enterprise receives from the alleged pattern of racketeering.

10. Describe the effect of the activities of the enterprise on interstate or foreign commerce.

11. If the complaint alleges a violation of *18 U.S.C. § 1962(a)*, provide the following information:

a. State who received the income derived from the pattern of racketeering activity or through the collection of an unlawful debt; and

b. Describe the use or investment of such income.

12. If the complaint alleges a violation of *18 U.S.C. § 1962(b)*, describe in detail the acquisition or maintenance of any interest in or control of the alleged enterprise

13. If the complaint alleges a violation of *18 U.S.C. § 1962(c)*, provide the following information:

a. State who is employed by or associated with the enterprise.

b. State whether the same entity is both the liable "person" and the "enterprise" under *§ 1962(c)*.

14. If the complaint alleges a violation of *18 U.S.C. § 1962(d)*, describe in [*5] *detail the alleged conspiracy.*

15. Describe the alleged injury to business or property.

16. Describe the direct causal relationship between the alleged injury and the violation of the RICO statute.

17. List the damages sustained by reason of the violation of *§ 1962*, indicating the amount for which each defendant is allegedly liable.

18. List all other federal causes of action, if any, and provide the relevant statute numbers.

19. List all pendent state claims, if any.

20. Provide any additional information that you feel would be helpful to the Court in processing your RICO claim.

IT IS SO ORDERED.

EXHIBIT  19
PAGE  532