QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  (johnquinn@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>MGA ENTERTAINMENT, INC., a California corporation, et al.,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 DOC (RNBx)<br><br>Hon. David O. Carter<br><br>[AMENDED PER COURT ORDER] DECLARATION OF JOSEPH SARLES IN SUPPORT OF MATTEL, INC.'S OPPOSITION TO THE MGA DEFENDANTS' MOTION FOR TRIAL SETTING CONFERENCE AND FOR ORDER REQUIRING MATTEL TO FILE A RICO CASE STATEMENT<br><br>**Phase 2:**<br>Discovery Cut-off: TBD<br>Pre-trial Conference: TBD<br>Trial Date: TBD |

# DECLARATION OF JOSEPH SARLES

I, Joseph Sarles, declare as follows:

1. I am a member of the bar of the State of California, admitted to practice in the Central District of California and elsewhere, and an associate at Quinn Emanuel Urquhart Oliver & Hedges, LLP, attorneys for Mattel, Inc. ("Mattel"). I make this declaration of personal, firsthand knowledge, and if called and sworn as a witness, I could and would testify competently thereto.

2. Attached hereto as Exhibit 1 is a true and correct copy of <u>Lyman Steel Co. v. Shearson Lehman Bros., Inc.</u>, 1986 U.S. Dist. LEXIS 29346 (N.D. Ohio Feb. 13, 1986).

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this Declaration was executed on November 17, 2009 at Los Angeles, California.

_____
Joseph Sarles

# EXHIBIT 1

**LexisNexis**

LEXSEE 1986 U.S. DIST. LEXIS 29346

LYMAN STEEL COMPANY GREEN, Richard, Plaintiffs v. SHEARSON LEHMAN BROTHERS, INC. BRENNAN, James F., Defendants

Case No. C 86-355

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO, EASTERN DIVISION

1986 U.S. Dist. LEXIS 29346

February 13, 1986, Filed

OPINION BY: [*1] KRENZLER

OPINION

*RICO CASE STANDING ORDER 18 U.S.C. §§ 1961-1968*

ALVIN I. KRENZLER, UNITED STATES DISTRICT JUDGE

The above-captioned case contains a civil RICO claim, which has been filed in this Court pursuant to 18 U.S.C. §§ 1961-1968. This Standing Order has been designed to establish a uniform and efficient procedure for processing this case.

The plaintiff shall file, within twenty (20) days hereof, a RICO case statement. This statement shall include the facts the plaintiff is relying upon to initiate this RICO complaint as a result of the "reasonable inquiry" required by *Fed. R. Civ. P. 11*. In particular, this statement shall be in a form which uses the numbers and letters as set forth below, and shall state in detail and with specificity the following information.

1. State whether the alleged unlawful conduct is in violation of *18 U.S.C. §§ 1962(a), (b), (c),* and/or *(d)*.

2. List each defendant and state the alleged misconduct and basis of liability of each defendant.

3. List the alleged wrongdoers, other than the defendants listed above, and state the alleged misconduct of each wrongdoer.

4. List the alleged victims and state how each victim was allegedly injured. [*2]

5. Describe in detail the pattern of racketeering activity or collection of unlawful debts alleged for each RICO claim. A description of the pattern of racketeering shall include the following information:

a. List the alleged predicate acts and the specific statutes which were allegedly violated;

b. Provide the dates of the predicate acts, the participants in the predicate acts, and a description of the facts surrounding the predicate acts;

c. If the RICO claim is based on the predicate offenses of wire fraud, mail fraud, or fraud in the sale of securities, the "circumstances constituting fraud or mistake shall be stated in particularity." *Fed. R. Civ. P. 9(b)*. Identify the time, place and contents of the alleged misrepresentations, and the identity of persons to whom and by whom the alleged misrepresentations were made;

d. State whether there has been a criminal conviction for violation of the predicate acts;

e. State whether civil litigation has resulted in a judgment in regard to the predicate acts;

f. Describe how the predicate acts form a "pattern of racketeering activity"; and

g. State whether the alleged predicate acts relate to each other as part of a common plan. If [*3] so, describe in detail.

6. Describe in detail the alleged enterprise for each RICO claim. A description of the enterprise shall include the following information:

a. State the names of the individuals, partnerships, corporations, associations, or other legal entities, which allegedly constitute the enterprise;

EXHIBIT 5
PAGE 27

b. Describe the structure, purpose, function and course of conduct of the enterprise;

c. State whether any defendants are employees, officers or directors of the alleged enterprise;

d. State whether any defendants are associated with the alleged enterprise;

e. State whether you are alleging that the defendants are individuals or entities separate from the alleged enterprise, or that the defendants are the enterprise itself, or members of the enterprise; and

f. If any defendants are alleged to be the enterprise itself, or members of the enterprise, explain whether such defendants are perpetrators, passive instruments, or victims of the alleged racketeering activity.

7. State and describe in detail whether you are alleging that the pattern of racketeering activity and the enterprise are separate or have merged into one entity.

8. Describe the alleged relationship between [*4] *the activities of the enterprise and the pattern of racketeering activity. Discuss how the racketeering activity differs from the usual and daily activities of the enterprise, if at all.*

9. Describe what benefits, if any, the alleged enterprise receives from the alleged pattern of racketeering.

10. Describe the effect of the activities of the enterprise on interstate or foreign commerce.

11. If the complaint alleges a violation of *18 U.S.C. § 1962(a)*, provide the following information:

a. State who received the income derived from the pattern of racketeering activity or through the collection of an unlawful debt; and

b. Describe the use or investment of such income.

12. If the complaint alleges a violation of *18 U.S.C. § 1962(b)*, describe in detail the acquisition or maintenance of any interest in or control of the alleged enterprise

13. If the complaint alleges a violation of *18 U.S.C. § 1962(c)*, provide the following information:

a. State who is employed by or associated with the enterprise.

b. State whether the same entity is both the liable "person" and the "enterprise" under *§ 1962(c)*.

14. If the complaint alleges a violation of *18 U.S.C. § 1962(d)*, describe in [*5] *detail the alleged conspiracy.*

15. Describe the alleged injury to business or property.

16. Describe the direct causal relationship between the alleged injury and the violation of the RICO statute.

17. List the damages sustained by reason of the violation of *§ 1962*, indicating the amount for which each defendant is allegedly liable.

18. List all other federal causes of action, if any, and provide the relevant statute numbers.

19. List all pendent state claims, if any.

20. Provide any additional information that you feel would be helpful to the Court in processing your RICO claim.

IT IS SO ORDERED.



EXHIBIT 5
PAGE 28