QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  michaelzeller@quinnemanuel.com
  Jon D. Corey (Bar No. 185066)
  joncorey@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>MGA ENTERTAINMENT, INC., a California corporation, et al.,<br><br>Defendants.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 DOC (RNBx)<br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>Hon. David O. Carter<br><br>**MATTEL, INC.'S AMENDED OBJECTIONS TO CERTAIN PORTIONS OF DISCOVERY MATTER ORDER NO. 73**<br><br>**Phase 2**<br>Discovery Cut-off: TBD<br>Pre-trial Conference: TBD<br>Trial Date: TBD |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on December 7, 2009, at 8:30 a.m., or as soon as counsel may be heard, in the Courtroom of The Honorable David O. Carter, located at 411 West Fourth Street, Room 1053, Santa Ana, 92701, California, plaintiff Mattel, Inc. ("Mattel") will, and hereby does, move the Court to overrule portions of the Discovery Master's Discovery Matter Order No. 73, dated October 30, 2009 ("Order No. 73" or "the Order"), and to order that MGA's *ex parte* submissions dated August 4, 2009 and September 11, 2009 be withdrawn from the Discovery Master's consideration or produced to Mattel.

This Motion is made on the grounds that the Discovery Master's Order was clearly erroneous and contrary to law because it permits MGA to support its privilege assertions with *ex parte* submissions containing untested factual and legal arguments that should be subject to the adversarial process.

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities and all other matters of which the Court may take judicial notice.

## Statement of Compliance

The parties conferred regarding the issues raised in Mattel's request on August 24, 2009 and at times thereafter.

DATED: November 17, 2009      QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By /s/ Dylan Proctor
B. Dylan Proctor
Attorneys for Mattel, Inc.

# TABLE OF CONTENTS

**Page**

Preliminary Statement .................................................................................................. 1

Background .................................................................................................................. 1

Argument ..................................................................................................................... 5

I.    THE DISCOVERY MASTER SHOULD HAVE ORDERED MGA'S *EX PARTE* SUBMISSIONS DISCLOSED OR STRICKEN .......................... 5

    A.    *Ex Parte* Submissions in Privilege Disputes, If Appropriate At All, Should be Accompanied by Detailed Public Affidavits. ................. 6

    B.    MGA's *Ex Parte* Submissions Are Neither Privileged Nor Work Product .................................................................................................... 8

Conclusion ................................................................................................................. 11

# TABLE OF AUTHORITIES

**Page**

**Cases**

AMCO Ins. Co. v. Madera Quality Nut LLC,
  2006 WL 931437 (E.D. Cal. Apr. 11, 2006) ........................................................ 10

B.F.G. of Illinois, Inc. v. Ameritech Corp.,
  2001 WL 1414468 (N.D. Ill. Nov. 13, 2001) .................................................. 7, 10

Burton v. R.J. Reynolds Tobacco Co.,
  200 F.R.D. 661 (D. Kan. 2001) ............................................................................ 6

In re CV Therapeutics, Inc. Secs. Litig.,
  2006 WL 1699536 (N.D. Cal. June 16, 2006) ................................................... 10

Castano v. American Tobacco Co.,
  896 F. Supp. 590 (E.D. La. 1995) ...................................................................... 11

First Sec. Sav. v. Kansas Bankers Sur. Co.,
  115 F.R.D. 181 (D. Neb. 1987) .......................................................................... 10

In re Grand Jury Proceedings,
  2001 WL 1167497 (S.D.N.Y. Oct. 3, 2001) .................................................. 7, 10

Holland v. Island Creek Corp,
  885 F. Supp. 4 (D.D.C. 1995) .............................................................................. 6

LaBelle v. Philip Morris Inc., ("Labelle I"),
  2000 WL 33957170 (D.S.C. June 6, 2000) ...................................................... 1, 7

LaBelle v. Philip Morris Inc., ("Labelle II"),
  2000 WL 33957169 (D.S.C. Oct. 23, 2000) .................................................... 7, 8

Mancini v. Ins. Corp. of New York,
  2009 WL 1765295 (S.D. Cal. June 18, 2009) .................................................... 10

Miller v. Pancucci,
  141 F.R.D. 292 (C.D. Cal. 1992) ....................................................................... 10

Pacific Gas & Electric Co. v. United States,
  71 Fed. Cl. 205 (Fed. Cl. 2006) ....................................................................... 8, 9

Regents of the Univ. of Cal. v. Kohne,
  166 F.R.D. 463 (S.D. Cal. 1996) ......................................................................... 6

Seibu Corp. v. KPMG LLP,
  2002 WL 87461 (N.D. Tex. Jan. 18, 2002) ......................................................... 8

In re Symington,
  211 B.R. 520 (Bkrtcy. D. Md. 1997) ................................................................. 11

Thomas v. Hickman,
   2007 WL 4302974 (E.D. Cal. Dec. 6, 2007) ........................................................ 10

Vaughn v. Rosen,
   484 F.2d 820 (D.C. Cir. 1973) ............................................................................. 7

Wiener v. F.B.I,
   943 F.2d 972 (9th Cir. 1991) ............................................................................... 7

**Statutes**

Fed. R. Civ. P. 5(a) ................................................................................................... 11

## Preliminary Statement[1]

Mattel has sought *in camera* review of more than 500 entries from MGA's privilege logs that show communications between non-legal personnel regarding routine business matters. Initially, when it opposed Mattel's motion, MGA refused to provide any evidence to substantiate its withholdings. However, after the Discovery Master granted Mattel's motion and ordered that these documents be submitted for *in camera* review, MGA reversed course and, along with the communications themselves, made two *ex parte, in camera* submissions to the Discovery Master that purport to justify its improper withholdings. Mattel requested that the Discovery Master order MGA's *ex parte* submissions disclosed; that request was denied in Order No. 73. The Discovery Master has indicated that he will be reaching a decision as to the privileged nature of the withheld documents shortly; Mattel faces the prospect that this decision will be based on claims and allegations untested by the adversary process. MGA's untested submissions should be disclosed to Mattel for adversarial scrutiny or withdrawn from the Discovery Master's consideration.

## Background

MGA Has Improperly Withheld Documents on Privilege Logs. MGA has used improper practices with its privilege logs to conceal and delay the production of discoverable evidence throughout this litigation. Most recently, after highly prejudicial documents on key Phase 1 issues were only just produced, Judge Larson expressed "concerns" regarding MGA's privilege practices and

---

[1] Mattel's Objections were originally filed and served on November 16, 2009. Mattel hereby submits this "amended" pleading pursuant to the Court's instructions on filing procedures. See November 17, 2009 Order, Docket No. 7248. Should the Court determine that it wishes to review the underlying correspondence cited herein, Mattel shall lodge those materials promptly.

acknowledged that there may be other improperly withheld documents on MGA's privilege logs.[2]

### The Discovery Master Orders MGA To Submit Documents For *In Camera* Review.

At the start of Phase 2, Mattel sought to engage MGA in a meet and confer regarding numerous entries on MGA's privilege logs. After MGA refused to meet and confer regarding certain entries, Mattel sought to compel *in camera* review of more than 500 entries that did not appear even to include attorneys or involve legal matters.[3] This entry is typical of those challenged by Mattel:

- Entry No. 267: A 2003 email from Isaac Larian (MGA's CEO) to Shawn Brower (who worked in MGA product development), cc'ing John Baker (who worked in MGA's warehouse), described as an email about product shipment.[4]

Mattel challenged many of these entries during Phase 1, which MGA answered, on the eve of trial, by certifying to Judge Larson—wrongly it would later be revealed—that the communications had been reviewed individually by MGA's counsel and were all properly withheld as privileged.[5]

---

[2] See August 31, 2009 Order to Show Cause, at 3, Docket No. 6554; see also September 22, 2009 Order, at 1-2, Docket No. 6851.

[3] See Mattel's Motion to Compel *In Camera* Review and Production of Non-Attorney or Non-Legal Communications Listed on MGA's Privilege Logs, dated March 27, 2009, Docket No. 5087.

[4] See id. at 12:6-8.

[5] See generally Mattel's Response Regarding the Court's August 31, 2009 Order to Show Cause, dated September 18, 2009, at 7:17-9:17, Docket No. 6812 (discussing MGA's representations to Judge Larson at the June 2, 2008 Hearing); see also Order Regarding Various Discovery Motions, Applications and Other Matters Upon Which the Court Ruled on June 2, 2008, dated June 5, 2008 (Docket No. 3921), at ¶ 3 (Denying relief "based on MGA's counsel's representations that the communications at issue (1) have been individually reviewed by counsel and (2) are privileged in their entirety or, to the extent they are only partially privileged,

(footnote continued)

Rather than affirmatively defend its withholdings on the merits in Phase 2, MGA simply reiterated its own prior (defective) certifications and argued that the documents had already been deemed to be privileged.[6]

The Discovery Master rejected MGA's arguments and ordered the documents submitted for *in camera* review.[7] Further, because MGA had chosen not to submit any substantive defense, the Discovery Master permitted MGA to submit, if it so chose, a further log that would provide more detailed explanations as to why the documents were privileged.[8] The Order did not direct that the log should be submitted *in camera* or provide that it would not be subject to Mattel's review or challenge.

MGA's Two *Ex Parte* Submissions. On August 4, 2009, after months of delays, MGA finally submitted its improperly withheld documents to the Discovery Master for *in camera* review. (MGA also then conceded, for the first time, that many of the documents it had "certified" as privileged were not properly withheld, and produced approximately 100 previously withheld documents to Mattel.) Along with the documents at issue, MGA submitted further descriptions (the "First *Ex Parte* Submission") that purported to explain its privilege and work product assertions. Further, MGA claimed that its submission itself was both opinion work product and reflected privileged material and requested that it not be disclosed to Mattel.

---

have already been produced in redacted form such that all non-privileged information is revealed.").

[6] See MGA's Opposition to Mattel's Motion to Compel *In Camera* Review and Production of Non-Attorney and Non-Legal Communications Listed on MGA's Privilege Logs, dated April 3, 2009, at 6:23-27, Docket No. 5117.

[7] See Phase 2 Discovery Matter Order No. 33, dated May 18, 2009 ("Order No. 33"), at 55-56, Docket No. 5514.

[8] Order No. 33, at 57.

A few weeks later, on August 19, 2009, the Discovery Master, *sua sponte*, issued Order No. 50, which required MGA to provide factual information regarding the various individuals who were parties to the contested communications listed on MGA's privilege logs.[9] Specifically, the Order required that MGA provide a list of individuals who "authored or received" the submitted documents, which included the "employer, job title, and role of that person."[10] If any of those individuals were attorneys, MGA was required to identify the "law firm or entity to which that person was associated," as well as the "name of the individuals or entities for whom that person acted as lawyer in connection with the communication in question."[11] After receiving several extensions, MGA finally submitted this information to the Discovery Master in an *ex parte* submission on September 11, 2009 (the "Second *Ex Parte* Submission").[12] Although neither required nor permitted by Order No. 50, MGA refused to serve this submission on Mattel claiming that the "list reflects a tremendous amount of our work product and we are also concerned that some of the descriptions and role information themselves implicates the privilege, so we are making this submission *in camera*."[13]

Mattel Requests MGA's *Ex Parte* Submissions. On August 26, 2009, Mattel requested that MGA serve Mattel with its *ex parte* submissions.[14] When MGA refused, Mattel submitted a letter to the Discovery Master requesting

---

[9] See Phase 2 Discovery Matter Order No. 50, dated August 19, 2009 ("Order No. 50"), Docket No. 6353.
[10] Order No. 50 at ¶¶ 1, 2.
[11] Id. at ¶ 3.
[12] See September 11, 2009 Letter from A. Hurst to R. O'Brien ("September 11 Hurst Letter").
[13] Id.
[14] See August 26, 2009 Email from B. Proctor to A. Hurst, attached as "Exhibit A" to the September 15, 2009 Letter from B. Proctor to R. O'Brien ("September 15 Proctor Letter").

service.[15] After MGA submitted a letter in opposition,[16] and Mattel a further reply,[17] the parties agreed that the matter could be resolved based on the parties' letter-briefs and submitted the matter to the Discovery Master for resolution.

On October 30, 2009, the Discovery Master denied Mattel's requested relief.[18] The Discovery Master ruled that the submissions "were not intended to create additional responsive material that Mattel could discover" and that disclosure would be "inequitable."[19] Mattel promptly filed this motion, respectfully objecting to that portion of the Order that denied Mattel's request that MGA's *ex parte* submissions be disclosed even in redacted form.[20]

## Argument

### I. THE DISCOVERY MASTER SHOULD HAVE ORDERED MGA'S *EX PARTE* SUBMISSIONS DISCLOSED OR STRICKEN

The Discovery Master's ruling denying Mattel access to MGA's submissions overlooks the precedents. Because the Discovery Master Order accepted MGA's claims while "fail[ing] to explain in any way the reasons underlying his specific conclusions regarding [claims] of work product immunity

---

[15] See September 15 Proctor Letter.
[16] September 28, 2009 Letter from A. Hurst to R. O'Brien ("September 28 Hurst Letter").
[17] September 30, 2009 Letter of B. Proctor to R. O'Brien.
[18] Phase 2 Discovery Matter Order No. 73, dated October 30, 2009 ("Order No. 73). (Order No. 73 has no "docket number" because it has not yet appeared on the Court's docket.)
[19] Order No. 73 at 2.
[20] Order No. 73 also ordered, *sua sponte*, the parties to revise their privilege logs within 45 days in a manner consistent with the Federal Rules. See Order No. 73 at 2-3. Although Mattel's privilege log was not before the Discovery Master—and indeed has not been the subject of motion practice in Phase 2—Mattel does not object to the Order to the extent that it merely reminded the parties of their obligations under the Federal Rules and provided guidance on the information that is generally required in a privilege log. See id.

and attorney-client privilege," it is appropriate to review the Order with "particular and painstaking care." Burton v. R.J. Reynolds Tobacco Co., 200 F.R.D. 661, 668 (D. Kan. 2001); see also Regents of the Univ. of Cal. v. Kohne, 166 F.R.D. 463, 465 (S.D. Cal. 1996) (vacating magistrate's order where the it did not "provide a clear basis for determining whether it correctly placed the burden of proof upon the moving party"); Holland v. Island Creek Corp, 885 F. Supp. 4, 6 (D.D.C. 1995) (court reviews magistrate's order "with particular, even painstaking care" where decision "does not offer a reasoned explanation for its decision, and merely adopts one party's arguments in their entirety").

### A. *Ex Parte* Submissions In Privilege Disputes, If Appropriate At All, Should Be Accompanied By Detailed Public Affidavits.

Courts have long cautioned that *in camera* submissions may "distort[] the traditional adversary nature of our legal system's form of dispute resolution" because it "is necessarily conducted without benefit of criticism and illumination by a party with the actual interest in forcing disclosure." Vaughn v. Rosen, 484 F.2d 820, 825 (D.C. Cir. 1973); see also Wiener v. F.B.I, 943 F.2d 972, 979 (9th Cir. 1991). It is for this reason that courts have insisted, in the context of privilege disputes, that *in camera* submissions are generally "appropriate only after the [withholding party] has submitted as detailed public affidavits and testimony as possible." Wiener, 943 F.2d at 979.

"[P]roponents of privileges do not have an absolute right to present their evidence only in the manner they see fit." LaBelle v. Philip Morris Inc., ("Labelle II"), 2000 WL 33957169, at *3 (D.S.C. Oct. 23, 2000). Where parties seek to defend claims of privilege with *ex parte* argument, the rule is that they are required to disclose such argument to opposing counsel, at a minimum in redacted form. See, e.g., B.F.G. of Illinois, Inc. v. Ameritech Corp., 2001 WL 1414468, at *3 (N.D. Ill. Nov. 13, 2001) (rejecting withholding party's *ex parte* affidavit to support privilege claims because submitting party did not provide the "factual

information (including any affidavit) necessary to support their claims of privilege or work product to the [challenging party] first"); In re Grand Jury Proceedings, 2001 WL 1167497, at *1 (S.D.N.Y. Oct. 3, 2001) (ordering that *ex parte* submission be served on opposing counsel or withdrawn); LaBelle v. Philip Morris Inc., ("Labelle I"), 2000 WL 33957170, at *2 (D.S.C. June 6, 2000) (rejecting *ex parte* submission to justify privilege assertions "which will deprive the [party seeking disclosure] of a fair hearing and due process and will impair this court's ability to fully and fairly administer justice in this case"). Indeed, courts have enforced the rule even where parties submit clearly privileged documents to support a privilege claim. See, e.g., Seibu Corp. v. KPMG LLP, 2002 WL 87461, at *1 n.3 (N.D. Tex. Jan. 18, 2002) (rejecting withholding party's *ex parte* submission of "other documents for *in camera* review to help establish its privilege claims" because a "party may not tender materials *in camera* in order to establish a claim of privilege as to other documents" and, as the submission had "not been provided to [opposing] counsel," it "constitute[d] an improper *ex parte* communication with the Court"); see also LaBelle II, 2000 WL 33957169 at *3 ("[t]his court has found no case, nor has [the withholding party] cited any case, which states that a proponent of a privilege has a *right* to an *in camera* and *ex parte* review of evidence supporting the privilege when the evidence itself is allegedly privileged or confidential.") (emphasis in original).

In Pacific Gas & Electric Co. v. United States, 71 Fed. Cl. 205 (Fed. Cl. 2006), the withholding party, like MGA, submitted *ex parte* affidavits to establish the basis of privileges claimed in documents submitted for *in camera* review. In response, the party seeking disclosure argued, as Mattel has, that "to whatever extent the [c]ourt may consider the new [*ex parte*] affidavits, the [c]ourt should order them released . . . so as to avoid unfairness and severe prejudice." Id. at 207. The court agreed and, as the Discovery Master should have done here, ordered the withholding party to "provide to plaintiff each affidavit in substantially

the form provided to the court in defendant's [*ex parte*] submission for the court's review *in camera*," which would allow plaintiff to "carefully consider" the withholding party's privilege assertions. Id. at 210. To the extent the affidavits contained privileged material, the appropriate remedy was simply to serve them in redacted form. Id.

MGA bore the burden of substantiating each of its privilege claims.[21] Having failed to do so—by producing inadequate privilege logs and then by choosing not to mount any substantive defense of its withholdings—MGA should not now be permitted to bolster its unsubstantiated privilege assertions through untested and unverified factual and legal assertions to the Discovery Master. Implicit in the Discovery Master's request for further explanations from MGA as to the individuals listed on the privilege logs was the recognition that those logs were inadequate, and that the Discovery Master required further information to judge the claims of privilege. In response, he was given answers that were admittedly "tailored" to be more persuasive.[22] Mattel had a right to contest those descriptions, as well as the expanded logs, prior to the Discovery Master accepting them unchallenged.

### B. MGA's *Ex Parte* Submissions Are Neither Privileged Nor Work Product

MGA never actually claimed—let alone offered any evidence—that its submissions contained privileged material. Rather, it merely stated cryptically (and

---

[21] See Order No. 33, Docket No. 5514, at 56.
[22] September 28 Hurst Letter at 1, 2 (stating that MGA had "tailored" its employees' or third parties' "role descriptions" to the particular documents it seeks to withhold without regard to their "technical title[s]").

with no support or explication) that it submissions "implicated"[23] the attorney-client privilege. While it is conceivable that MGA's First *Ex Parte* Submission (the supplemental "log") could have discussed the withheld communications in such detail as to reveal the content of legal advice—although that has never been shown—even if true that would argue for redacting the supplemental log, not withholding it altogether. See, e.g., Pacific Gas & Elec. Co., 71 Fed. Cl. at 210 n. 5 (noting that descriptions were similar to a privilege log and ordering *ex parte* affidavit be disclosed in redacted form). And it is simply inconceivable that MGA's Second *Ex Parte* Submission (the index of individuals and job descriptions) could reasonably contain privileged information. The "facts necessary to establish the attorney-client privilege are not themselves privileged." B.F.G. of Illinois, Inc. v. Ameritech Corp., 2001 WL 1414468, at *4 (N.D. Ill. Nov. 13, 2001). "[I]t is only the communications that are subject to attorney-client privilege, and not the foundational facts concerning the communication, or the underlying, independent facts." AMCO Ins. Co. v. Madera Quality Nut LLC, 2006 WL 931437, at *18 (E.D. Cal. Apr. 11, 2006).

In fact, aside from never claiming its submissions contained privileged information, MGA also never claimed that redacting its submissions would be impossible. And if service on Mattel was impossible, then MGA's *ex parte* arguments should be withdrawn. See In re Grand Jury Proceedings, 2001 WL 1167497 at *1 (ordering that *ex parte* submission be served on opposing counsel or withdrawn). Notably, many courts require the kind of information the Discovery

---

[23] See September 28 Hurst Letter at 2; see also September 11 Hurst Letter at 1 ("some of the descriptions and role information themselves implicates the privilege, so we are making this submission *in camera*").

Master requested from MGA on a privilege log in the first instance.[24] That MGA failed to provide this information should not allow it to submit it *ex parte* to avoid the tests of the adversarial system. See, e.g., First Sec. Sav. v. Kansas Bankers Sur. Co., 115 F.R.D. 181, 184 (D. Neb. 1987) (permitting party to file contested document *in camera* but requiring supporting affidavit detailing, among other things, the "identity and position" of document's author and recipients and the "specific reason or reasons why the document was withheld from production" to be "served on [opposing] counsel" so "as to allow the [party seeking disclosure] the opportunity, to the extent possible, to contest the [withholding party's] assertion of privilege").

Nor are MGA's submissions deserving of work-product protection. MGA argued, without citing any authority, that its submissions deserve protection because they were "compiled by MGA in-house and outside attorneys and MGA employees and reflect[] *a significant number of hours of attorney and client effort.*"[25] The mere fact that an attorney has worked on something does not make that effort "work product," yet the Discovery Master—without reference to any authority—adopted this argument, finding that the documents "comprise attorney

---

[24] See, e.g., Mancini v. Ins. Corp. of New York, 2009 WL 1765295, at *3 (S.D. Cal. June 18, 2009) ("A privilege log should contain the . . . the identity and position of its author [and] the identity and position of the recipient(s) . . ."); Thomas v. Hickman, 2007 WL 4302974, at *4 (E.D. Cal. Dec. 6, 2007) (privilege log must include "the identity and position of the author, and the identity and position of all addressees and recipients"); In re CV Therapeutics, Inc. Secs. Litig., 2006 WL 1699536, at *2 (N.D. Cal. June 16, 2006) (noting that log provides "the identity and position of each author and recipient" and "the attorney and client involved"); Miller v. Pancucci, 141 F.R.D. 292, 302 (C.D. Cal. 1992) (privilege log should identity, among other things, the "[c]lient (i.e., party asserting privilege) . . . [and the ] [a]ttorneys").

[25] September 28 Hurst Letter at 2 (emphasis added).

work product."[26]  By that logic every privilege log and every brief would be privileged, having been prepared by lawyers.  Though rarely asserted, such arguments have been roundly rejected.  See, e.g., In re Symington, 211 B.R. 520, 522 (Bkrtcy. D. Md. 1997) ("[a] privilege log cannot be protected as the work product of counsel"); Castano v. American Tobacco Co., 896 F. Supp. 590, 596 (E.D. La. 1995) (rejecting claim that privilege log itself constituted work product).

There is no basis for withholding from Mattel MGA's submissions to the Discovery Master.  The normal rule that a party's submissions to the Court must be served on other parties should apply here.  See Fed. R. Civ. P. 5(a) (filings must be "served on every party").

## Conclusion

For the foregoing reasons, Mattel respectfully requests that the Court order MGA's *ex parte* submissions be withdrawn from the Discovery Master's consideration or produced to Mattel.

DATED:  November 17, 2009         QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

                                  By /s/ Dylan Proctor
                                     B. Dylan Proctor
                                     Attorneys for Mattel, Inc.

---

[26] Order No. 73 at 2:12.