QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:   (213) 443-3000
Facsimile:    (213) 443-3100

Attorneys for Mattel, Inc.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>MGA ENTERTAINMENT, INC., a California corporation, et al.,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 DOC (RNBx)<br><br>Consolidated with Case Nos. CV 04-09059 and CV 05-02727<br><br>**DISCOVERY MATTER**<br><br>**Hon. David O. Carter**<br><br>MATTEL, INC.'S REPLY IN SUPPORT OF ITS MOTION TO STRIKE THE MGA PARTIES' GENERAL OBJECTIONS RE JURISDICTION AND FOR RECONSIDERATION OF PORTIONS OF ORDER NO. 70<br><br>Date:   TBD<br>Time:   TBD<br>Place:  Courtroom 9 D<br><br>**Phase 2**<br>Discovery Cut-off: TBD<br>Pre-trial Conference:  TBD<br>Trial Date:  TBD |

00505.07975/3207771.1

MOTION TO STRIKE AND FOR RECONSIDERATION

# MEMORANDUM OF POINTS AND AUTHORITIES

## Preliminary Statement

The MGA Parties all but concede defeat. They rely on the fact that there was only one round of meet and confers on the subject, even as they submit an opposition which leaves no doubt that any further conversation would be futile. Unable to respond to the authorities rejecting blanket objections, including the past rulings of the Discovery Master, they rely on cases from outside the district in which general overbreadth and burden objections were upheld as applied to facially overbroad and burdensome requests. Of course, there is no need for a party to specify that a general objection of overbreadth is applicable to a facially overbroad request. That logic does not apply to jurisdictional challenges, where MGA's failure even to identify, much less apply, its jurisdictional objection to any particular request of the hundreds at issue dooms their claim. No doubt recognizing this, MGA ends by making the same mistake again: it uses this opposition to make a blanket, unspecified request that all of Mattel's general objections, wherever and whatever they may or may not be, be overruled.

The Court should strike each of the MGA Parties' general, blanket, "to the extent" objections based on a purported lack of jurisdiction, order that Mattel is not required to conduct a request-by-request analysis of general objections, and deny the MGA Parties' cross-motion to compel.

## Argument

### I. MATTEL PROPERLY MET AND CONFERRED WITH THE MGA PARTIES

Fed. R. Civ. P. 37(a) requires that in advance of bringing a motion, Mattel identify the dispute, state the relief sought, and the authority supporting the

requesting relief in a meet and confer letter. If the parties are unable to resolve the dispute within 5 court days, Mattel may seek relief from the Discovery Master.[1] Mattel has done exactly that. It sent the MGA Parties a meet and confer letter on July 13, 2009 requesting that they withdraw all of their general objections based on a purported lack of jurisdiction.[2] The MGA Parties repeatedly rejected Mattel's requests.[3] That this is the second motion Mattel has had to bring on the matter is of no moment. The relief Mattel seeks has not changed, nor has the MGA Parties' position. Indeed, contrary to the MGA Parties' assertion,[4] they have understood from the outset that Mattel seeks to overrule all of the MGA Parties' general objections based on jurisdiction. That is why the MGA Parties argued in their original opposition that they are not "required to go back, re-evaluate every document request and objection, and confirm that no documents have been withheld that are inconsistent with [the July 9, 2009] ruling."[5] The MGA Parties continue to assert this position, which underscores the absurdity of requiring another round of meet and confers before Mattel would be forced to bring a third motion.

---

[1] Discovery Master Order No. 3 at 10, dated March 10, 2009 (DKT 4992).
[2] Letter from Michael Zeller to Annette Hurst, dated July 13, 2009, attached as Exhibit 19 to the Declaration of Michael Zeller in Support of Mattel's Motion to Enforce Order Compelling the Omni Parties to Produce Documents, to Strike Objections, and for Sanctions, dated July 24, 2009 ("7/24/09 Zeller Dec.") (DKT 6032, Part No. 17).
[3] See Letter from Peter Villar to Michael Zeller, 7/24/09 Zeller Dec., Exh. 13 (DKT 6032, Part No. 4); Letter from William Molinski to Michael Zeller, 7/24/09 Zeller Dec., Exh. 12 (DKT 6032, Part No. 4).
[4] Opposition at 1 (complaining of Mattel's "expanded request") (DKT 7224).
[5] Opposition to Mattel's Motion to Enforce Order Compelling the Omni Parties to Produce Documents, to Strike Objections, and for Sanctions, dated July 31, 2009, at 4 (DKT 6143).

## II. THE COURT SHOULD STRIKE EACH OF THE MGA PARTIES' GENERAL OBJECTIONS

### A. The MGA Parties' Jurisdictional Objections Are Improper Blanket Objections

The MGA Parties do not dispute that each of their "to the extent" objections based on a purported lack of jurisdiction are general, blanket objections. They also do not dispute that they have never even attempted to apply these general objections to the hundreds of RFP's incorporating those objections. Nor do they dispute that their general jurisdiction objections do not provide enough particularity to allow the Court, much less Mattel, the ability to evaluate them as to each RFP.[6] The only thing the MGA Parties dispute is the law that blanket, general objections that are never applied to specific RFP's are improper. They are wrong. As discussed at length in Mattel's Motion, and as the Discovery Master has previously held, blanket objections are improper, are tantamount to making no objection at all, and must be stricken.[7] See Order No. 17 at 20 ("incorporation by reference of a list of general objections is insufficient to preserve an objection") (DKT 5190).[8]

The best that the MGA Parties can do is argue that "several courts have found that general objections are sufficient *where a discovery request is 'manifestly overbroad, unduly burdensome, or irrelevant*.'" Opposition at 3 (emphasis added) (DKT 7224). Not only are none of the "several courts" controlling,[9] but the cases

---

[6] The MGA Parties also do not dispute, and thus concede, that the general jurisdiction objections were waived with respect to requests the MGA Parties were previously compelled on. Motion at 7-8 (DKT 7075).
[7] Motion at 5-7 (citing cases) (DKT 7075).
[8] The Discovery Master was unequivocal. Nothing in Order No. 17 suggests that the proposition that general objections do not sufficiently preserve an objection is limited to "definitional objections."
[9] Opposition at 3 (citing decisions from Nebraska, Kansas, and Delaware district courts) (DKT 7224). The MGA Parties also wholly fail to address, much less distinguish any of the authorities cited by Mattel. See, e.g., Motion at 5 (citing Ramirez v. County of Los Angeles, 231 F.R.D. 407, 409 (C.D. Cal. 2005) ("[I]t is well-settled that all grounds for objection must be stated with specificity . . . Most of
     (footnote continued)

they cite address general objections to facially overbroad and burdensome requests because the objections were based on overbreadth and undue burden. If those cases apply at all, it is only as support for Mattel's argument that MGA "bears the burden of showing why discovery is inappropriate," which only "shifts where the request is overly broad and unduly burdensome on its face," DIRECTV Inc. v. Puccinelli, 224 F.R.D. 677, 688 (D. Kan. 2004) (cited in the MGA Parties' Opposition at 3 (DKT 7224)),[10] and that general objections "are not sufficiently specific to allow the court to ascertain the claimed objectionable character of the discovery request." Wagner v. Dryvit Systems, Inc., 208 F.R.D. 606, 610 (D. Neb. 2001) (cited in the MGA Parties' Opposition at 3 (DKT 7224)).

The Court should strike each of the MGA Parties' general, blanket, "to the extent" objections based on a purported lack of jurisdiction.[11]

### B. Judge Larson's July 9 Order Does Not Require a Request-by-Request Balancing Test

The MGA Parties complain that Mattel has not provided a request-by-request analysis. Yet, they are unable to point to any portion of the July 9 Order in which Judge Larson requires a request-by-request analysis for general objections incorporated by reference. This is because there is no such directive, and to the extent Order No. 70 imposes one, the Discovery Master has misinterpreted the July 9 Order. Motion at 9 (DKT 7075). As discussed in Mattel's Motion, it would be nonsensical for Mattel to be required to apply a balancing test for each RFP when

---

defendants' objections are too general to merit consideration and are therefore waived.")) (DKT 7075); Opposition at 2-6 (failing to address Ramirez, or any authority cited by Mattel) (DKT 7224).

[10] The MGA Parties' reliance on DIRECTV is also misplaced because the case does not address general objections.

[11] The MGA Parties assert, without citation, that Mattel's Motion is somehow time-barred. Not so. Mattel timely sought to strike all of the MGA Parties' jurisdiction objections as soon as Judge Larson ruled on July 9, 2009 that such blanket prohibitions on discovery are improper. See Civil Minutes Order, dated July 9, 2009, at 5 (DKT 5934).

1  the MGA Parties have not even stated which of the RFP's their jurisdictional
2  objections actually apply to, much less how and why.  Motion at 10 (DKT 7075).
3  Such a requirement is contrary both to the Discovery Master's prior rulings in this
4  case and to Judge Larson's specific rejection of past efforts to limit discovery based
5  on jurisdiction.  A general jurisdictional objection is not enough to require Mattel to
6  engage in a request-by-request balancing test.  The logic of such a test depends of
7  the very sort of individual identification of requests which MGA has yet to provide.
8  The Discovery Master should clarify or reconsider his Order to make clear that
9  Mattel is not required to apply an individual balancing test to each of the hundreds
10 RFP's to which the MGA Parties have merely "incorporated by reference" their "to
11 the extent" jurisdiction general objections.

### III.     THE DISCOVERY MASTER SHOULD DENY THE MGA PARTIES' CROSS-MOTION

The MGA Parties complain that Mattel has also used and incorporated general objections and therefore seek to strike "all general objections asserted by Mattel."  Opposition at 1, 6 (DKT 7224).  The Discovery Master's Order No. 70 at a minimum requires that a party identify which general objections are at issue, which Mattel has now done by number and in its Separate Statement.  The MGA Parties, however, do not identify which particular general objections they take issue with, and more importantly, they do not discuss whether Mattel also applied those general objections to specific RFP's, which is a crucial factor in determining the propriety of the objections.  The Court should deny the MGA Parties' cross-motion.

### Conclusion

For the foregoing reasons, Mattel respectfully requests that the Court strike the MGA Parties' general jurisdiction objections from their prior written discovery responses and order the MGA Parties to produce any documents that were either previously compelled in this litigation or that were agreed to be produced but

1 | which they have not produced based on such grounds.  Mattel also requests that the
2 | Court deny the MGA Parties' cross-motion to compel.
3 |
4 | DATED:  November 18, 2009            QUINN EMANUEL URQUHART OLIVER &
5 |                                                          HEDGES, LLP
6 |
7 |                                                           By /s/ Michael T. Zeller
   |                                                                Michael T. Zeller
8 |                                                                Attorneys for Mattel, Inc.