1. MELINDA HAAG (State Bar No. 132612)
   mhaag@orrick.com
2. ANNETTE L. HURST (State Bar No. 148738)
   ahurst@orrick.com
3. WARRINGTON S. PARKER III (State Bar No. 148003)
   wparker@orrick.com
4. ORRICK, HERRINGTON & SUTCLIFFE LLP
   The Orrick Building
5. 405 Howard Street
   San Francisco, CA  94105-2669
6. Tel: (415) 773-5700/Fax: (415) 773-5759
7. WILLIAM A. MOLINSKI (State Bar No. 145186)
   wmolinski@orrick.com
8. ORRICK, HERRINGTON & SUTCLIFFE LLP
   777 South Figueroa Street, Suite 3200
9. Los Angeles, CA  90017
   Tel. (213) 629-2020/Fax: (213) 612-2499
10. THOMAS S. MCCONVILLE (State Bar No. 155905)
    tmcconville@orrick.com
11. ORRICK, HERRINGTON & SUTCLIFFE LLP
    4 Park Plaza, Suite 1600
12. Irvine, CA 92614-2258
    Tel: (949) 567-6700/Fax: (949) 567-6710

Attorneys for MGA Parties

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | Case No.  CV 04-9049-DOC (RNBx)<br><br>Consolidated with:<br>Case No. CV 04-9059<br>Case No. CV 05-2727<br><br>**MGA PARTIES' SUMMARY OBJECTION TO REPORT AND RECOMMENDATIONS OF THE MONITOR RE: JUNE 2009 PROFIT ACCOUNTING ISSUES; [PROPOSED] ORDER FOR FILING OF DETAILED OBJECTION UNDER SEAL**<br><br>Judge:     Hon. David O. Carter |

On May 21, 2009, the Court ordered MGA to provide the Monitor with a monthly accounting related to Bratz assets, and to provide the Monitor with money to be escrowed when the accounting indicated a "monthly" profit. (Docket Number 5565). MGA has provided the Monitor with monthly accountings, and also with funds to be escrowed for the month of June 2009, the only month in which a "monthly" profit was shown. The Monitor's Report and Recommendations Re: June 2009 Profit Accounting Issues is the subject of this filing.

Since the inception of the monthly accounting ordered by the Court, certain issues of accounting interpretation have arisen. Indeed, the Court issued further rulings detailing its expectations concerning accounting on June 18, 2009 and August 6, 2009. (Docket Numbers 5740, 6210). As it relates to the accounting for the month of June 2009, on August 13, 2009, the Monitor ordered briefing by MGA and Mattel on certain accounting issues. (Briefing Schedule for Issues Related to the Calculation of Monthly Profits; Docket Number 6395). The parties complied, and filed briefs under seal with the Monitor on August 31, 2009 (Docket Numbers 6555, 6562, 6561, and 6563); September 11, 2009 (Docket Numbers 6650, 6664, and 6665); and September 18, 2009 (Docket Numbers 6766, 6801, and 6809).

At some point in the briefing process, the Monitor advised the parties that he would, in effect, conduct a mini-trial as it related to the disputed accounting issues for the month of June 2009. In advance of that trial, the parties submitted direct testimony in the form of declarations on September 29, 2009. (Docket Numbers 6938; and 6970-6972). On October 1, 2009, before the Monitor, the parties called witnesses, both fact and expert, who were subject to cross examination and redirect. The Monitor received exhibits, and ruled on objections. At the conclusion of the trial, the Monitor heard argument from counsel, and took the matter under submission. The transcripts from the trial, and all related briefing, remain under seal. These matters concern the financials of MGA, all of which are confidential documents that it keeps from public scrutiny and which would be harmful to its

business if it were required to disclose to Mattel and the general public by a public filing.

On November 6, 2009, the Monitor issued his Report and Recommendations related to the trial on the June 2009 accounting. The Orders which established the accounting protocol state that objections to the Report and Recommendations must be raised within 10 days. Consistent with those Orders, the MGA Parties hereby respectfully object to that portion of the Monitor's Report and Recommendations related to the accounting for interest associated with a loan from Wachovia Bank to MGA—Conclusion Number 3. The Monitor's Report finds that the interest must be allocated in a certain fashion which has resulted in disallowing eighty percent of the expense. MGA objects to the Monitor's methodology of expense allocation related to the interest expense for the Wachovia loan, because the Monitor's methodology fails to consider that MGA utilized the proceeds from the loan in prior years. MGA's accounting interpretation for the interest expense is consistent with GAAP, reasonable, repeatable and objective, and properly takes into account the fact that MGA utilized the proceeds from the loan in prior years. All of the supporting evidence in the record to explain this objection in detail was filed or taken under seal.

Given the Court's recent orders regarding the Monitor's authority and prohibiting further filings under seal, the MGA Parties are uncertain how the Court wishes this Objection to be heard and the parties to proceed generally on issues related to the Monitor, and objections to his Report and Recommendations. MGA requests the opportunity to file under seal with the Court its detailed objections to the Recommendation—Conclusion Number 3 on the issue associated with the Wachovia loan.

1  Dated: November 23, 2009                ORRICK, HERRINGTON & SUTCLIFFE LLP
2
3
4                                    By: /s/ Thomas S. McConville
                                         THOMAS S. MCCONVILLE
5                                        Attorneys for MGA Parties