MELINDA HAAG (State Bar No. 132612)
mhaag@orrick.com
ANNETTE L. HURST (State Bar No. 148738)
ahurst@orrick.com
WARRINGTON S. PARKER III (State Bar No. 148003)
wparker@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA  94105-2669
Tel: (415) 773-5700/Fax:(415) 773-5759

WILLIAM A. MOLINSKI (State Bar No. 145186)
wmolinski@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA  90017
Tel. (213) 629-2020/Fax: (213) 612-2499

THOMAS S. MCCONVILLE (State Bar No. 155905)
tmcconville@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
4 Park Plaza, Suite 1600
Irvine, CA 92614-2258
Tel: (949) 567-6700/Fax: (949) 567-6710

Attorneys for MGA Parties

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant. | Case No.  CV 04-9049-DOC (RNBx)<br><br>Consolidated with:<br>Case No. CV 04-9059<br>Case No. CV 05-2727<br><br>**MGA PARTIES' OPPOSITION TO MATTEL, INC.'S AMENDED OBJECTIONS TO CERTAIN PORTIONS OF DISCOVERY ORDER NO. 73** |
| AND CONSOLIDATED ACTIONS | **DATE:  DECEMBER 7, 2009**<br>**TIME:  8:30 A.M.**<br><br>Judge:        Hon. David O. Carter |

1

**TABLE OF CONTENTS**

2

**Page**

3    INTRODUCTION ...............................................................................................1

4    STATEMENT OF FACTS ..................................................................................1

5              A.      MGA's Review In Advance Of The In Camera Inspection ................1

6              B.      The Discovery Master's Review of the Remaining Documents .........2

7    ARGUMENT .......................................................................................................5

8    I.      THE DOCUMENTS PROVIDED BY THE MGA PARTIES'
             ATTORNEYS FOR THE DISCOVERY MASTER'S USE ARE

9            PROTECTED BY THE ATTORNEY-CLIENT PRIVILEGE
             AND/OR THE WORK PRODUCT DOCTRINE .........................................5

10

11   II.     REQUIRING PRODUCTION OF DOCUMENTS PREPARED BY
             THE MGA PARTIES' ATTORNEYS  FOR THE DISCOVERY

12           MASTER'S USE WOULD BE INEQUITABLE...........................................7

13             A.      There is no reason to compel the production of the log and index
                       provided in camera to the Discovery Master because their

14                     submission was neither improper nor prejudicial ...............................8

15             B.      Mattel's cases do not support the production of material

16                     submitted to the Discovery Master ................................................... 10

17             C.      The MGA Parties are not required to submit "detailed public
                       affidavits" before submitting material in camera to the

18                     Discovery Master ............................................................................... 12

19   CONCLUSION...................................................................................................14

20

21

22

23

24

25

26

27

28

MASTER CAPTION
CV 04-9049 SGL (RNBx)

1

# TABLE OF AUTHORITIES

**CASES**

2

*ACLU of New Jersey* v. *Dept. of Justice*,
     548 F. Supp. 219 (D.C. D.C. 1982)...............................................................13

*Alleghany Ludlum Corp.* v. *Nippon Steel Corp.*,
     1990 WL. 9837 (E.D. Pa. Feb 1, 1990)..........................................................9

*B.F.G. of Illinois, Inc.* v. *Ameritech Corp.*,
     2001 WL. 1414468 (N.D. Ill. Nov. 13, 2001)...............................................10

*Bagley* v. *TRW*,
     212 F.R.D. 554 (C.D. Cal. 2003) ...................................................................6

*Burton* v. *R.J. Reynolds Tobacco Co.*,
     175 F.R.D. 321 (D. Kan. 1997).......................................................................9

*Connolly Data Systems, Inc.* v. *Victor Technologies, Inc.*,
     114 F.R.D. 89 (S.D. Cal 1987)........................................................................7

*Hickman* v. *Taylor*,
     329 U.S. 495 (1947) ........................................................................................6

*In re General Motors Corp.*,
     F.3d 714 (8th Cir. 1998)..................................................................................9

*In re Grand Jury Proceedings*,
     2001 WL. 1167497 (S.D.N.Y. Oct 3, 2001) .................................................10

*In re John Doe, Inc.*,
     13 F.3d 633 (2d Cir. 1993)..............................................................................9

*In re Napster, Inc. Copyright Litigation*,
     479 F.3d 1078 (9th Cir. 2007).........................................................................8

*Kerr* v. *U.S. Dist. Court for the N. Dist. of Cal.*,
     426 U.S. 394 [NEED YEAR]..........................................................................13

*Labelle* v. *Phillip Morris Inc.*,
     2000 WL. 33957169 (D.S.C. Oct 23, 2000) ........................................8, 9, 10

*Pacific Gas & Electric* v. *United States*,
     71 Fed. Cl. 205 (Fed. Cl. 2006)......................................................................11

*Seibu Corp. v. KPMG LLP*,
     2002 WL 87461 at *1, n.3..............................................................................10

*Shelton* v. *American Motors Corp.*,
     805 F.2d 1323 (8th Cir. 1986).........................................................................6

*Sprock* v. *Peil*,
     759 F.2d 312 (3d. Cir. 1985)...........................................................................6

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1   *United States* v. *Const. Prods. Research, Inc.*,
        73 F.3d 464 (2d Cir. 1996) ................................................................................ 3

2

3   *United States* v. *Cook*,
        2006 WL. 3474184 (W.D. Wash. Nov. 16, 2006) ........................................ 6

4   *Vaughn* v. *Rosen*,
        484 F.2d 820 (D.C. Cir. 1973) ..................................................... 12, 13, 14

5

6   *Wiener* v. *F.B.I.*,
        943 F.2d 972 (9th Cir. 1991) ............................................................. 12, 13

7   **STATUTES**

8   Rule 26       ....................................................................................................... 11

9   Rule 26(b)(3)   ....................................................................................................... 7

10  Rule 26(b)(5)   ............................................................................................ 12, 14

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**INTRODUCTION**

Mattel's Amended Objections to Certain Portions of Discovery Order No. 73 should be overruled because MGA should not be required to turn over work product and privileged information prepared specifically for the purpose of assisting the Discovery Master with *in camera* review. Mattel cannot articulate any legitimate need for this information. Mattel has not been prejudiced by the Discovery Master's wholly appropriate request that these materials be submitted for his sole use or refusal to order their production. Mattel does not cite to a single case that supports its argument. In short, the Court should summarily dismiss Mattel's demands.

**STATEMENT OF FACTS**

**A.    MGA Voluntarily Produced Documents In Advance Of The *In Camera* Inspection.**

On May 18, 2009, the Discovery Master issued Order No. 33 requiring an *in camera* review of approximately 540 documents. Dkt. #5514 at 46-57. Approximately six weeks later, in early July, Orrick began representing the MGA Parties. As soon as Orrick came into the case, it immediately undertook the process of collecting and reviewing every one of the documents that were to be the subject of the *in camera* review to confirm whether they should continue to be withheld and submitted to the Discovery Master, or whether they should be produced in whole or in part. Declaration of Cynthia A. Lock ("Lock Decl.") ¶¶2-5.

Although Orrick's review process was hampered by the transfer of files, Orrick ultimately spent hundreds of hours collecting and reviewing documents from the privilege logs as part of the submission in response to Order No. 33. Lock Decl. ¶¶6-7. Mattel opposed Orrick's re-review of the documents to be submitted *in camera*, accusing MGA and Larian of contempt of Order No. 33 for engaging in a further final privilege review. *Id.* ¶10; Dkt. # 7131 at 8-12 (August

1   18 and 19, 2009 emails between Cynthia A. Lock and Dylan Proctor).  Despite

2   this threat, as a result of Orrick's review MGA and Larian voluntarily produced

3   approximately 100 of the documents that Order No. 33 had identified for

4   submission *in camera*.  Lock Decl. ¶9; Dkt. # 7131 at 13-14 (August 21, 2009

5   Letter to Dylan Proctor).

6        The Discovery Master ultimately rejected Mattel's assertion that MGA had

7   done anything wrong by re-reviewing these documents and expressly thanked the

8   MGA Parties for their effort:

9            Thank you. By the way, I do want to commend MGA
             in this situation, not for the late production, but for
10           producing documents absent -- I think some of those
             documents were the documents -- were a subset of the
11           documents that were provided to us for an *in camera*
             review, so I do appreciate the fact that you've been able
12           to go through and get some of those documents to
             Mattel, without commenting on when they should have
13           been produced or that sort of thing, because it is helpful
             to ... relieve some of our burden in going through those
14           documents.  But also, I'm sure, Mattel appreciates it. So
             thank you for getting that done.
15

16  Dkt # 7131 at 21-23 (Transcript of August 27, 2009 Hearing at 20:10-21:3).

17  Discovery Master O'Brien also encouraged the parties to continue to work

18  together during the meet and confer process to relieve the burden on the Court.

19  *Id.*  Judge Larson twice confirmed this view as well at the hearing in response

20  to the Court's August 31, 2009 Order to Show Cause.  Dkt # 7131 at 24-32

21  (Transcript of September 22, 2009 Proceedings at 4:19-5:6, 21:22 - 25:10).

22        **B.    The MGA Parties Submitted Additional Material To The**
               **Discovery Master At His Request.**
23

24        To assist his review of the documents ultimately submitted *in camera*, Order

25  No. 33 asked—but did not require—the MGA Parties "to submit *to the Discovery*

26  *Master* a 'Log,' together with the documents submitted for *in camera* review, that

27  contains a column with a detailed explanation of why the documents are

28  privileged."  Order No. 33, Dkt. # 5514 at 57.  The Discovery Master provided that

- 2 -

1    "[t]he *sole purpose* of his Log, should the MGA Parties choose to submit such a

2    document, shall be to facilitate the Discovery Master's evaluation of the privilege

3    claims asserted by the MGA Parties."  The MGA Parties submitted *in camera* on

4    August 4 detailed explanations supporting each claim of privilege and work product

5    for each of the documents submitted.

6          The Discovery Master then requested that the MGA Parties submit an index

7    of the identity of "all persons who authored or received … any of the documents

8    submitted to the Discovery Master for *in camera* review pursuant to Order No. 33."

9    Order No. 50, Dkt # 6353 at 1.  Order No. 50 required that the MGA Parties supply

10   not only information generally required by a privilege log, *e.g.*, the employer and

11   job title of each person, but also information beyond that usually supplied in a

12   privilege log, namely "the role of that person sufficient for the Discovery Master to

13   determine the applicability of the claimed privilege or privileges." [1]  Orrick then

14   invested hundreds of hours preparing a detailed index containing narrative

15   descriptions of what MGA's attorneys believe to be the relevant "role" each person

16   mentioned in the document played in the events giving rise to this litigation.  The

17   MGA Parties submitted this document to the Discovery Master *in camera* on

18   September 11.

19         On September 15, 2009, after the MGA Parties submitted the index

20   requested by the Discovery Master in Order No. 50, Mattel wrote a letter to the

21   Discovery Master demanding that the MGA Parties produce the index.  Dkt #

22   7241 at 18-20 (September 15, 2009 letter from D. Proctor to R. O'Brien).

23   ───────────────
     [1] In particular, the MGA Parties invested a great deal and time and effort
24   investigating the "role" each person played and in creating narrative descriptions in
     order to assist the Discovery Master.  Such information is not required by a
25   privilege log and constitutes work product protected by the attorney-client privilege
     and/or work product doctrine. *See* Dkt # 7241 at 50 (Order No. 73) ("A privilege
26   log need only set out (1) the general nature of the document (without disclosing its
     contents); (2) the identity and position of its author; (3) the date it was written; (4)
27   the identity and position of all addressees and recipients; (5) the document's present
     location; (6) the specific reason(s) why it was withheld (i.e., which privilege is
28   claimed, etc.). *United States v. Const. Prods. Research, Inc.*, 73 F.3d 464, 473 (2d
     Cir. 1996)."

THE MGA PARTIES' OPPOSITION TO MATTEL, INC.'S
AMENDED OBJECTIONS TO DISCOVERY ORDER  NO. 73
CV 04-9049 DOC (RNBx)

1       In their September 28, 2009 response to the Discovery Master, the MGA

2   Parties stated that the index was submitted "solely for purposes of the Discovery

3   Master's use in connection with the *in camera* inspection." Dkt # 7241 at 27-29.

4   (September 28, 2009 letter from A. Hurst to R. O'Brien). The MGA Parties

5   further pointed out that the index "reflects a significant number of hours of

6   attorney and client effort" that "reflect[s] work product and implicates the

7   attorney-client privilege." *Id.* Following a response from Mattel, the parties

8   agreed to resolve the issue based on their letter-briefs and submitted the matter to

9   the Discovery Master.

10      On October 30, 2009, the Discovery Master denied Mattel's request for

11  service of the index prepared in response to Order No. 50 for three reasons.

12  First, the Discovery Master affirmed Order No. 33's provision that "the

13  submissions were ordered solely for purposes of facilitating my *in camera*

14  review" and that "[t]hey were not intended to create additional responsive

15  materials that Mattel could discover." Dkt # 7241 at 49 (Order No. 73).

16  Second, the Discovery Master recognized that "redacting the submissions is not

17  possible in many instances because the documents are entirely privileged and/or

18  comprise attorney work product, and even producing redacted documents could

19  disclose privileged information." *Id.* Third, the Discovery Master recognized

20  that "the MGA Parties believed that the materials would not have to be

21  produced to Mattel" and that if they had known that it might, "the MGA parties

22  may have phrased the submission in another manner or appealed my rulings in

23  Order No. 33 and/or Order No. 50 to the Court." *Id.* "[O]rdering the

24  production of the materials now would be inequitable." *Id.*

25

26

27

28

THE MGA PARTIES' OPPOSITION TO MATTEL, INC.'S
AMENDED OBJECTIONS TO DISCOVERY ORDER NO. 73
CV 04-9049 DOC (RNBx)

1

**ARGUMENT**

2

**I.    THE DOCUMENTS PROVIDED BY THE MGA PARTIES'
ATTORNEYS FOR THE DISCOVERY MASTER'S USE ARE
PROTECTED BY THE ATTORNEY-CLIENT PRIVILEGE AND/OR
THE WORK PRODUCT DOCTRINE.**

3

4

5        The MGA Parties are not, as Mattel claims, attempting to "avoid the tests of

6    the adversarial system" by opposing the production of the log and index that the

7    Discovery Master requested.  Dkt. # 7258 at 10 (Mattel, Inc's Amended Objections

8    to Certain Portions of Discovery Matter Order No. 73 ("Objections")).  Indeed, the

9    adversarial system has already worked in Mattel's favor.  The MGA parties oppose

10   the production of the log and the index not only because it would be inequitable,

11   but because the information they contain are, as held by Order No. 73, "entirely

12   privileged and/or comprise attorney work product."  Dkt # 7241 at 49 (Order No.

13   73).

14       Mattel concedes that "it is conceivable that MGA's first *Ex Parte* Submission

15   (the supplemental "log") could have discussed the withheld documents in such

16   detail as to reveal the contents of legal advice."  Dkt. # 7258 at 9. (Objections)  In

17   fact, the supplemental log contains the MGA Parties' attorneys' confidential

18   evaluation to the Discovery Master regarding the basis on which they believe each

19   document is privileged.  As such, it reflects the legal opinion of the MGA Parties'

20   attorneys and should not be produced to Mattel, which in any event has no need of

21   the information because it has already won the *in camera* review of the documents

22   the supplemental log describes.

23       The index submitted in response to Order No. 50 is protected attorney work

24   product.  The MGA Parties do not dispute the proposition that "a privilege log

25   should contain the identity and position and the identity and position of the

26   recipients" or the "attorney and client involved."  *See* Dkt. # 7258 at 10, n.24

27   (Objections).  The privilege logs produced to Mattel by the MGA parties contain

28   such information.  But the documents provided *in camera* to the Discovery Master

THE MGA PARTIES' OPPOSITION TO MATTEL, INC.'S
AMENDED OBJECTIONS TO DISCOVERY ORDER  NO. 73
CV 04-9049 DOC (RNBx)

1    comprise more than merely the "identity and position" of recipients and more detail

2    than the "attorney and client involved."  The documents provided to the Discovery

3    Master represent substantial time and effort invested by the MGA Parties' attorneys

4    to collect, organize, and present detailed narratives regarding not only the "identity

5    and position," but also, as Order No. 50 requested, information regarding the "role"

6    each person played that the MGA Party's attorneys believe to be relevant to this

7    litigation.

8         At a minimum, this selection, organization, and presentation of facts

9    represents attorney opinion work product whether or not the facts presented to the

10   Discovery Master are themselves privileged.  *See Sprock v. Peil*, 759 F.2d 312, 316

11   (3d. Cir. 1985) (even though individual documents are not work product, the

12   selection process represents counsel's mental impressions and legal opinions as to

13   how the evidence relates to the issues and is thus protected by work product.);

14   *Shelton v. American Motors Corp.*, 805 F.2d 1323, 1328 (8th Cir. 1986) (counsel's

15   identification, selection, and compilation of documents is protected by work-

16   product privilege); *United States v. Cook*, 2006 WL 3474184, *2 (W.D. Wash.

17   Nov. 16, 2006) (materials in a binder consisting of emails and documents are

18   protected by work-product even though the documents independently may not be

19   protected because the compilation of materials resulted from preparation for a

20   conference with clients to discuss the case and this mental selective process reflects

21   the attorney's mental impressions.).

22        That the process here involved the selection and organization of facts rather

23   than documents does not change the underlying principle.  "If [a party's] selection

24   of documents constitutes opinion work product, then the more subjective and

25   analytical process of culling, organizing, and summarizing [] factual information …

26   deserves the same level of protection."  *Bagley v. TRW*, 212 F.R.D. 554, 564 (C.D.

27   Cal. 2003) (holding that disclosure statement containing narrative of specific facts

28   party contended were material was attorney opinion work-product.); *see also*

- 6 -

1    *Hickman v. Taylor*, 329 U.S. 495, 510-11 (1947) ("Proper preparation of a client's

2    case demands that [an attorney] assemble information, sift what he considers to be

3    the relevant from the irrelevant facts…. This work is reflected, of course, in

4    interviews, statements, memoranda, correspondence, briefs, mental impressions,

5    personal beliefs, and countless other tangible and intangible ways …."); *Connolly*

6    *Data Systems, Inc. v. Victor Technologies, Inc.*, 114 F.R.D. 89, 96 (S.D. Cal 1987)

7    (holding that under Rule 26(b)(3), plaintiff's counsel could not attempt to elicit "the

8    facts to which [the defendant's] attorney appeared to attach significance or any

9    other matter that reveals [the defendant's] attorney's mental impressions, theories,

10   conclusions, or opinions concerning the case.").  Accordingly, the MGA Parties'

11   collection, selection, and narrative presentation of the reasons it believes the

12   documents to be reviewed *in camera*, and the relevant role the MGA Parties believe

13   each person mentioned in them played in the events leading up to this litigation, are

14   privileged and/or attorney work product.

15   **II.    REQUIRING PRODUCTION OF DOCUMENTS PREPARED BY THE**
     **MGA PARTIES' ATTORNEYS  FOR THE DISCOVERY MASTER'S**
16   **USE WOULD BE INEQUITABLE.**

17         Mattel's Amended Objections completely ignore two of the three bases on

18   which the Discovery Master denied Mattel's Request.  "First, the submissions were

19   ordered solely for purposes of facilitating [the Discovery Master's] *in camera*

20   review.  They were not intended to create additional responsive materials Mattel

21   could discover."  Dkt # 7241 at 49 (Order No. 73).  Second, "ordering the

22   production of materials now would be inequitable" because had the MGA Parties'

23   known that the information submitted would also have to be produced to Mattel,

24   "the MGA Parties may have phrased the submissions in another manner or

25   appealed my [the Discovery Master's] rulings in Order No. 33 and/or Order No.

26   50."  *Id.*  The MGA Parties' reliance on the confidentiality of their submissions was

27   expressly invited by Order No. 33, which plainly states that "[t]he *sole purpose* of

28   this [l]og, should the MGA Parties choose to submit such a document, shall be to

THE MGA PARTIES' OPPOSITION TO MATTEL, INC.'S
AMENDED OBJECTIONS TO DISCOVERY ORDER  NO. 73
CV 04-9049 DOC (RNBx)

1  facilitate the Discovery Master's evaluation of the privilege claims asserted by the

2  MGA Parties." Order No. 33, Dkt.# 5514 at 57 (emphasis added). The procedure it

3  contemplated—*in camera* submission of information to the Discovery Master—was

4  clear. If Mattel opposed the Discovery Master's Order, it should have appealed to

5  the Court before the MGA Parties submitted any of the material Mattel now

6  complains of. But Mattel did not raise this issue with the Discovery Master for

7  more than a month after the MGA Parties submitted the detailed explanations

8  supporting the claims for privilege or work product requested by Order No. 33, and

9  not until the MGA Parties had already submitted the index requested by Order No.

10  50. Mattel laid in wait until the MGA Parties invested significant time and effort in

11  preparing these documents for the Court and now seeks a free ride off of the efforts

12  of the MGA Parties' attorneys. The Discovery Master has already rebuffed this

13  attempt once. The Court should not countenance a second try.

14      **A.**     **There Is No Reason To Compel The Production Of The Log And
   Index Provided *In Camera* To The Discovery Master Because**

15  **Their Submission Was Neither Improper Nor Prejudicial.**

16      A court may not compel the production of documents which are asserted to

17  be privileged without permitting the party asserting the privilege to present

18  evidence. *In re Napster, Inc. Copyright Litigation*, 479 F.3d 1078, 1093 (9th Cir.

19  2007) ("[I]n a civil case the party resisting an order to disclose materials allegedly

20  protected by the attorney-client privilege must be given the opportunity to present

21  evidence and argument in support of its claim of privilege."). Beyond this mandate,

22  however, "[t]he Federal Rules of Civil Procedure provide Magistrate Judges with

23  broad discretion in resolving discovery disputes." *Labelle v. Phillip Morris Inc.*,

24  2000 WL 33957169, *2 (D.S.C. Oct 23, 2000). Mattel relies on *Labelle* for the

25  proposition that "[p]roponents of privilege do not have an absolute right to present

26  their evidence in only the manner they see fit." Dkt. # 7258 at 6 (Objections). This

27  may be true, but *Labelle* also stated that "a good faith argument that the evidence

28  supporting a privilege is itself privileged or confidential provides the type of

THE MGA PARTIES' OPPOSITION TO MATTEL, INC.'S
AMENDED OBJECTIONS TO DISCOVERY ORDER NO. 73
CV 04-9049 DOC (RNBx)

1  justification which would permit the review of an *in camera* submission." 2000

2  WL 33957169 at *3 (D.S.C. Oct 23, 2000).  The court then held that "[t]he decision

3  whether to conduct such a review is within the magistrate's discretion." *Id.*  Here,

4  the Discovery Master properly exercised his discretion, invited the MGA Parties to

5  submit evidence *in camera*, and Mattel has no cause for complaint.

6       The Discovery Master's Order requesting that the MGA Parties submit

7  material for his sole use while conducting the *in camera* privilege review was

8  neither improper, prejudicial, nor unusual.  *In re John Doe, Inc.*, 13 F.3d 633, 636

9  (2d Cir. 1993) (targets of grand jury investigation were not denied due process by

10  district court's in camera inspection of affidavit submitted by government to support

11  claim that crime-fraud exception to attorney-client privilege applied to

12  communications between targets and their former attorney; any limitations on

13  targets' ability to rebut government's submission were marginal); *In re General*

14  *Motors Corp.*, F.3d 714, 716-17 (8th Cir. 1998) (defendant allowed to submit

15  evidence and argument *in camera* in support of attorney-client and work-product

16  privileges but "we do not believe that the plaintiffs have a lawful right to insist on

17  being present or represented at the *in camera* review, even if [defendant] is

18  permitted to present evidence and argument…."); *Alleghany Ludlum Corp. v.*

19  *Nippon Steel Corp.*, 1990 WL 9837, *1-2 (E.D. Pa. Feb 1, 1990) (allowing

20  proponent of privilege to submit *in camera* two affidavits explaining the basis of

21  privilege with the allegedly privileged documents subject to the court's review);

22  *Burton v. R.J. Reynolds Tobacco Co.*, 175 F.R.D. 321, 329 (D. Kan. 1997)

23  (proponent of privilege supplied court with privilege log and "an *in camera*

24  memorandum concerning the nature of the subject documents and arguments

25  relating to the claimed privilege.").  Mattel has not been harmed by the Discovery

26  Master's orders, did not make any timely objection to the orders, and cannot use the

27  MGA Parties' good-faith compliance with the orders as a pretext to gain discovery

28  of privileged material it is not entitled to.

THE MGA PARTIES' OPPOSITION TO MATTEL, INC.'S
AMENDED OBJECTIONS TO DISCOVERY ORDER NO. 73
CV 04-9049 DOC (RNBx)

1
2

**B.** **Mattel's Cases Do Not Support The Production Of Material Submitted To The Discovery Master.**

3      Mattel's own cases particularly point out why it would be inequitable for the

4   Court to compel the MGA Parties to produce to Mattel the documents submitted *in*

5   *camera* to the Court. Almost every case Mattel cites in which the assertion of

6   attorney-client privilege or work product doctrine was at issue follows the same

7   basic fact pattern: in order to support a claim of privilege, a party made an

8   *unsolicited* attempt to submit evidence *in camera* to the court, which declined the

9   offer. *Labelle*, 2000 WL 33957169 at \*1; *B.F.G. of Illinois, Inc. v. Ameritech*

10  *Corp.*, 2001 WL 1414468, \*2 (N.D. Ill. Nov. 13, 2001)[2]; *In re Grand Jury*

11  *Proceedings*, 2001 WL 1167497, \*1 (S.D.N.Y. Oct 3, 2001); *LaBelle v. Phillip*

12  *Morris Inc.*, 2000 WL 33957170, \*1 (D.S.C. June 6, 2000). Critically, in every

13  case, the court merely declined to consider the offered evidence *but did not disclose*

14  *it to the adverse party*. Even in *Seibu Corp. v. KPMG LLP*, the sole exception to

15  this basic fact pattern, where the party asserting privilege actually filed documents

16  *in camera* without leave, the court merely declined to consider the documents, *it did*

17  *not produce them to the other party*. 2002 WL 87461 at \*1, n.3.

18      Here, the MGA Parties did not file documents unsolicited and the Court

19  should not order them disclosed to Mattel. The Discovery Master properly

20  exercised his discretion by inviting the MGA Parties to assist his review of by

21  submitting material for his use. Order No. 33, Dkt. #5514 at 60; Order No. 50, Dkt.

22  #6353 at 1; Dkt # 7241 at 49 (Order No. 73). The MGA Parties complied. Mattel

23  now asks this Court to punish the MGA Parties for their good faith compliance with

24  _____

[2] Mattel mischaracterizes *B.F.G.* as "rejecting withholding party's *ex parte* affidavit
25  to support privilege claims because submitting party did not provide the 'factual
information (including any affidavit) necessary to support their claims of privilege
26  or work product to the [challenging party] first.'" Dkt. # 7258 at 6-7 (Objections).
There, defendants supported a claim of privilege by filing a statement and by filing
27  a Motion for Leave to file Affidavits *In Camera* and *Ex Parte*. 2001 WL 1414468
at \*2. The court did not "deny withholding" affidavits, it denied defendant's
28  motion to file *in camera* and *ex parte*. *Id.* at \*3. Thus, the court did order
information already submitted *in camera* to be produced to the plaintiff.

THE MGA PARTIES' OPPOSITION TO MATTEL, INC.'S
AMENDED OBJECTIONS TO DISCOVERY ORDER NO. 73
CV 04-9049 DOC (RNBx)

1   the Discovery Master's requests.  Mattel does not merely ask that the Discovery

2   Master not consider this material.  *See* September 15 letter ("Accordingly, Mattel

3   respectfully requests that MGA be ordered to produce the index submitted to the

4   Discovery Master to Mattel….").  Rather, Mattel asks this Court for a wholly

5   extraordinary order: the compelled production of documents submitted *in camera*,

6   without citing a single case holding that doing so would be appropriate or fair.

7          The total lack of precedent for Mattel's request is revealed by its reliance on

8   *Pacific Gas & Electric v. United States*, 71 Fed. Cl. 205 (Fed. Cl. 2006).  *PG&E* is

9   the only case raised by Mattel in which a court ordered the production of

10  documents submitted to it *in camera*, but that case did not involve the attorney-

11  client privilege or work product doctrine at all.  Rather, *PG&E* ordered the

12  production of "*in camera* ex parte affidavits accompanying documents, written

13  by the same government officials on whose affidavits defendant relied to invoke

14  the deliberative process privilege."  *Id.* at 207.  When the deliberative process

15  privilege is asserted, such affidavits fulfill the same role as a Rule 26 privilege

16  log; that is, they allow the party against whom the privilege is asserted to argue

17  that the privilege does not apply or that the government's interest in withholding

18  a document is not as compelling as the party's need for the information it

19  contains.[3]  *See Id.* ("PG&E is entitled to know what harm the government

20  claimed in its affidavit so PG&E can, in turn, argue that its need outweighs the

21  asserted harm proffered by the government.").  There, the court allowed the

22  government to assert the deliberative process privilege, but only on the condition

23  that the government produce the affidavits stating the basis for the privilege so

24  that PG&E could consider the affidavits and move the court to compel

25  production of any of the documents described therein.  *Id.* at 210.

26  ───────────────
[3] The detail required of such affidavits is analogous to the detail required by a
27  privilege log: it "need not reveal the contents of the deliberations; rather, it must
    only identify, with respect to a specific document or type of documents, *why* that
28  document should be protected from discovery and *what* specific harm will result
    from its disclosure."  *PG&E*, 71 Fed. Cl. at 209.

THE MGA PARTIES' OPPOSITION TO MATTEL, INC.'S
AMENDED OBJECTIONS TO DISCOVERY ORDER NO. 73
CV 04-9049 DOC (RNBx)

1    Here, Mattel is already in possession of the analogous documents: the

2    MGA Parties' privilege logs.  There is no reason for the Court to punish the

3    MGA Parties' reliance on the Discovery Master's offer of confidentiality in order

4    to protect Mattel's interest in challenging the privilege because Mattel already

5    has the information it requires.  Moreover, Mattel has *already* challenged the

6    privilege of the documents described by the log and index it seeks and has

7    *already won* their review by the Court.

8    **C.    The MGA Parties Are Not Required To Submit "Detailed Public
         Affidavits" Before Submitting Material *In Camera* To The**

9        **Discovery Master.**

10    Mattel's reliance on *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973), and

11    *Wiener v. F.B.I.*, 943 F.2d 972 (9th Cir. 1991), for the proposition that "in the

12    context of privilege disputes" *in camera* submissions are generally "appropriate

13    only after the [withholding party] has submitted as detailed public affidavits and

14    testimony as possible" is preposterous.  Dkt. # 7258 at 6 (Objections), *citing*

15    *Wiener*, 943 F.2d at 979.  First, neither case considered attorney-client or work

16    product privilege.  Both considered the showing the government must make in

17    order to deny a Freedom of Information Act ("FOIA") request.  Second, neither

18    case stated a general disapproval of *in camera* review.  Third, "detailed public

19    affidavits" are not required any time a party submits evidence *in camera* to a court;

20    *Vaughn* required affidavits in the context of FOIA requests to fill the role played by

21    the Rule 26 privilege logs.  These cases are entirely inapt.

22    Not only are these cases off-target, but they are also mischaracterized.

23    Mattel says that *Vaughn* stands for the proposition that "[c]ourts have long

24    cautioned that *in camera* submissions may 'distort [] the traditional adversary

25    nature of our legal system's form of dispute resolution' because it "is necessarily

26    conducted without the benefit of criticism and illumination by a party with actual

27    interest in forcing disclosure.'"  Dkt. # 7258 at 6 (Objections), *citing Vaughn*, 484

28    F.2d at 825.  *Vaugh* says no such thing.  *Vaughn* was wrestling with the difficulty

THE MGA PARTIES' OPPOSITION TO MATTEL, INC.'S
AMENDED OBJECTIONS TO DISCOVERY ORDER NO. 73
CV 04-9049 DOC (RNBx)

1   presented to a private citizen by a government agency's refusal to produce

2   documents.  Because a citizen requesting the document has not seen it and does not

3   know precisely what it contains, he or she is at a disadvantage when arguing that

4   the government is improperly withholding it.  *Id.* at 824-25.  It is *this* "lack of

5   knowledge"—not *in camera* submission—that "seriously distorts the traditional

6   adversary system."  *Id.* at 824.  *Vaughn* suggested that submitting the disputed

7   documents to the Court for *in camera* inspection could be the *solution* to the

8   problem of a citizen's lack of knowledge, if a trial judge were capable of

9   thoroughly reviewing the "hundreds or even thousands of pages" a FOIA request

10  might entail.  *Id.* at 825; *see also Kerr v. U.S. Dist. Court for the N. Dist. of Cal.*,

11  426 U.S. 394, 406 ("*in camera* review is a highly appropriate and useful means of

12  dealing with claims of governmental privilege.").

13          *Vaughn* recognized that it was unreasonable to expect a trial judge to do as

14  thorough a job with that volume of material as would the party seeking its

15  disclosure.  484 F.2d at 825.  *Vaughn's* solution was to enable the citizen plaintiff

16  to effectively advocate disclosure by requiring the government to submit affidavits

17  justifying its refusal to produce a document.  *Id.* at 826-828.  *Wiener* applied the

18  rule developed in *Vaughn*, holding that a court should be required to conduct an *in*

19  *camera* review of the object of a FOIA request only after the government has

20  submitted the "detailed public affidavits and testimony" that Mattel complains is

21  owed here.  943 F.3d at 979.  But this is not an FOIA case and Mattel points to no

22  case requiring "detailed public affidavits" under the circumstances before this court,

23  because no such case exists. [4]  Parties to civil litigation who submit material *in*

24  *camera* at the Court's request are *not* required to submit affidavits or anything of

25

---

26  [4] Even if this were an FOIA case, *in camera* submission of evidence would not be
    improper.  Courts applying *Vaughn* have used evidence received *in camera*
27  evidence to deny production of documents.  *See, e.g., ACLU of New Jersey v. Dept.*
    *of Justice*, 548 F. Supp. 219, 223 (D.C. D.C. 1982) (denying plaintiff's motions to
28  compel filing of public *Vaughn* index and to participate in the *in camera* review of
    classified affidavits and granting summary judgment to the government).

THE MGA PARTIES' OPPOSITION TO MATTEL, INC.'S
AMENDED OBJECTIONS TO DISCOVERY ORDER NO. 73
CV 04-9049 DOC (RNBx)

1   the sort.  Anyway, the role played by *Vaughn's* affidavits is played instead by Rule

2   26 privilege logs.[5]  As noted, the MGA Parties already provided privilege logs to

3   Mattel, which has already used the information they disclosed to compel the present

4   *in camera* review.

5                                   **CONCLUSION**

6         For the foregoing reasons, the MGA Parties respectfully request that the

7   Court overrule Mattel's Objections and sustain Discovery Master Order No.

8   73.

9

10

11   Dated:  November 23, 2009          ORRICK, HERRINGTON & SUTCLIFFE LLP

12

13                                      By: _____*/s/ Annette Hurst*_____
                                                    Annette Hurst
14                                              Attorneys for MGA Parties

15

16

17

18

19

20

21

22

23

24

25   _____

     [5] For instance, the disclosure required by *Vaughn* is comparable to that of a
26   privilege log, namely that it sufficiently describe the contents of the document
     without revealing confidences or waiving privilege. *See Vaughn*, 484 F.2d at 826-7
27   ("An analysis sufficiently detailed would not have to contain factual descriptions
     that if made public would compromise the secret nature of the information, but
28   could ordinarily be composed without excessive reference to the actual language of
     the document.").

THE MGA PARTIES' OPPOSITION TO MATTEL, INC.'S
AMENDED OBJECTIONS TO DISCOVERY ORDER NO. 73
CV 04-9049 DOC (RNBx)