MELINDA HAAG (State Bar No. 132612)
mhaag@orrick.com
ANNETTE L. HURST (State Bar No. 148738)
ahurst@orrick.com
WARRINGTON S. PARKER III (State Bar No. 148003)
wparker@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building, 405 Howard Street
San Francisco, CA 94105
Tel: (415) 773-5700/Fax: (415) 773-5759

WILLIAM A. MOLINSKI (State Bar No. 145186)
wmolinski@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA 90017
Tel. (213) 629-2020/Fax: (213) 612-2499

THOMAS S. MCCONVILLE (State Bar No. 155905)
tmcconville@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
4 Park Plaza, Suite 1600
Irvine, CA 92614-2258
Tel: (949) 567-6700/Fax: (949) 567-6710

Attorneys for MGA Parties

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an Individual,<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware Corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | Case No. 2:04-CV-09049-DOC-RNBx<br><br>Consolidated with Case No. CV 04-9059 and Case No. CV 05-2727<br><br>**DECLARATION OF CYNTHIA A. LOCK IN SUPPORT OF THE MGA PARTIES' OPPOSITION TO MATTEL, INC.'S AMENDED OBJECTIONS TO CERTAIN PORTIONS OF DISCOVERY ORDER NO. 73**<br><br>**DATE:** DECEMBER 7, 2009<br>**TIME:** 8:30 A.M.<br>**Judge:** Hon. David O. Carter |

I, Cynthia A. Lock, declare as follows:

1. I am a member of the Bar of the State of California and admitted to practice before this Court, and of counsel with the law firm of Orrick, Herrington & Sutcliffe LLP, counsel to MGA Entertainment, Inc., MGA Entertainment HK, Ltd., MGAE De Mexico, S.R.L. De C.V., and Isaac Larian (collectively, the "MGA Defendants"). I make this declaration in support of the MGA Parties' Opposition to Mattel's Amended Objections to Certain Portions of Discovery Order No. 73. I make this declaration of my own personal knowledge and, if called as a witness unless indicated as to information and believe, I could and would testify competently to the truth of the matters set forth herein.

2. On May 18, 2009, the Discovery Master issued Order No. 33, which in part ordered MGA to submit for *in camera* review more than 500 documents from its privilege logs.

3. Approximately six weeks later, in early July, Orrick began representing the MGA Parties.

4. As soon as Orrick came into the case, it immediately undertook the process of collecting and reviewing every one of the documents that were to be the subject of the *in camera* review to confirm whether they should continue to be withheld and submitted to the Discovery Master, or whether they should be produced in whole or in part.

5. We undertook this review to confirm whether they should continue to be withheld and submitted to the Discovery Master, or whether they should be produced in whole or in part. I was personally involved in this review and also supervised the others who were involved in the review.

6. Initially our review was hampered by the ongoing transfer of files including the migration of numerous document databases.

7. Over the course of the next several weeks, we spent hundreds of hours reviewing documents from MGA's privilege logs.

8. On August 4, 2009, we complied with Order No. 33 by submitting for *in camera* review the documents for which MGA maintained withholding the document on the grounds of the attorney-client privilege and/or work product doctrine.

9. As part of our review process, we determined that nearly 100 documents from Appendices A-E should be produced, either in whole or in redacted form. Because we had determined that some of the documents on Appendices A-E should be produced, we did not submit them to Discovery Master O'Brien for his review. On August 21, 2009, we produced to Mattel the documents that we had determined should not be submitted for *in camera* review.

10. Mattel later accused us of failing to comply with Order No. 33 by not submitting all documents to Discovery Master O'Brien, even those that we had agreed to produce.

11. At a hearing before Discovery Master O'Brien on August 27, 2009, Discovery Master O'Brien confirmed that the procedure that we had used in submitting only those documents for *in camera* review that we maintained a claim of attorney-client privilege or work product protection, and producing those that we determined should be produced.

12. On August 19, 2009, Discovery Master O'Brien issued Order No. 50. In that Order, the Discovery Master requested that the MGA Parties submit an index of the identity of "all persons who authored or received … any of the documents submitted to the Discovery Master for *in camera* review pursuant to Order No. 33."

13. Orrick invested hundreds of hours preparing a detailed index containing narrative descriptions of what we believe to be the relevant "role" each person mentioned in the document played in the events giving rise to this litigation in order to assist the Discovery Master.

14. On September 11, 2009, we submitted to Discovery Master O'Brien

1. the index requested by Order No. 50.
2.     15.   On September 15, 2009, Mattel wrote a letter to the Discovery Master demanding that the MGA Parties produce the index.
3.     16.   On September 28, 2009, MGA submitted a response to Mattel's September 15 letter.
4.     17.   On October 30, 2009, the Discovery Master issued Order No. 73 denying Mattel's request.

I declare under penalty of perjury that the foregoing is true and correct and that this Declaration was hereby executed this 23rd day of November 2009, at Irvine, California.

                                          /s/ *Cynthia A. Lock*
                                            Cynthia A. Lock

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

- 1 -

MASTER CAPTION
CV 04-9049 SGL (RNBx)