1  MELINDA HAAG (State Bar No. 132612)
   mhaag@orrick.com
2  ANNETTE L. HURST (State Bar No. 148738)
   ahurst@orrick.com
3  WARRINGTON S. PARKER III (State Bar No. 148003)
   wparker@orrick.com
4  ORRICK, HERRINGTON & SUTCLIFFE LLP
   The Orrick Building, 405 Howard Street
5  San Francisco, CA 94105
   Tel. (415) 773-5700/ Fax: (415) 773-5759
6
   WILLIAM A. MOLINSKI (State Bar No. 145186)
7  wmolinski@orrick.com
   ORRICK, HERRINGTON & SUTCLIFFE LLP
8  777 South Figueroa Street, Suite 3200
   Los Angeles, CA  90017
9  Tel. (213) 629-2020/Fax: (213) 612-2499
10 THOMAS S. MCCONVILLE (State Bar No. 155905)
   tmcconville@orrick.com
11 ORRICK, HERRINGTON & SUTCLIFFE LLP
   4 Park Plaza, Suite 1600
12 Irvine, CA 92614-2258
   Tel: (949) 567-6700/Fax: (949) 567-6710
13
   Attorneys for MGA Parties
14
                  UNITED STATES DISTRICT COURT
15                CENTRAL DISTRICT OF CALIFORNIA
                       SOUTHERN DIVISION
16
   | CARTER BRYANT, an individual | Case No. CV 04-9049 DOC (RNBx) |
17 | | Consolidated with Case Nos. CV 04-9059 |
   | Plaintiff, | and CV 05-2727 |
18 | v. | **DISCOVERY MATTER** |
19 | MATTEL, INC., a Delaware | **[To Be Heard By Discovery Master Robert C. O'Brien]** |
20 | Corporation | **MGA PARTIES' REPLY IN SUPPORT** |
   | Defendant. | **OF CROSS-MOTION FOR A** |
21 | | **PROTECTIVE ORDER** |
22 | AND CONSOLIDATED ACTIONS. | Date:  December 3, 2009 |
23 | | Time:  10:00 a.m. |
   | | Place:  Arent Fox LLP |
24
25
26
27
28

**INTRODUCTION**

Good cause exists to grant the MGA's Parties' Cross-Motion for a Protective Order. Certainly Rule 26 of the Federal Rules of Civil Procedure contemplates entry of a protective order where a party makes repeated and duplicative requests related to the same subject matter (MGA's privilege logs) and makes no attempt whatsoever to consolidate such requests. There simply is no reason why Mattel cannot provide the MGA Parties with a single list of entries from the MGA Parties' privilege logs that Mattel believes are questionable.

**ARGUMENT**

**I.    MATTEL'S DEMANDS ARE UNREASONABLY DUPLICATIVE AND CUMULATIVE**

As established by MGA's Opposition to Mattel's Motion to Compel an *In Camera* Review of Improperly Withheld Non-Legal Larian Communications filed on October 13, 2009 and Mattel's Motion to Compel Production and/or an *In Camera* Review of Non-Privileged Communications of Unsupervised Paralegals filed on November 2, 2009 (collectively "Mattel's Motions"), Mattel has made no attempt to consolidate its demands to the MGA Parties to review their privilege logs. Indeed, Mattel appears to be going out of its way to pepper the MGA Parties with multiple demands rather than providing a single list of entries for review. This conduct is exactly the type of behavior against which Rule 26(c)(1) is intended to protect.

Under Rule 26(c)(1) of the Federal Rules of Civil Procedure, a court may enter a protective order to protect a party "from annoyance, embarrassment, oppression, or undue burden or expense." Rule 26(c) was "enacted as a safeguard for the protection of parties and witnesses in view of the broad discovery rights authorized in Rule 26(b)." *See United States v. Columbia Broadcasting System, Inc.*, 666 F.2d 364, 368-69 (9th Cir. 1982) (providing broad authority for a court to fashion whatever remedy is necessary to ensure a party is protected from

MGA PARTIES' REPLY IN SUPPORT OF CROSS-MOTION FOR PROTECTIVE ORDER
CV-04-9049 DOC (RNBx)

1   annoyance, embarrassment, oppression, or undue burden or expense); *see also* 8 C.

2   Wright and A. Miller, Federal Practice and Procedure: Civil § 2036, at 267; Fed. R.

3   Civ. P. 26(c), Advisory Comm. Notes (1970).  As Wright and Miller note, "a court

4   may be as inventive as the necessities of a particular case require in order to achieve

5   the benign purposes of the rule."  Federal Practice and Procedure, *supra* at § 269

6   (citation omitted).  To conclude otherwise would "contravene the policy that the

7   Federal Rules should be construed 'to secure the just, speedy and inexpensive

8   determination of every action.'"  *Columbia Broadcasting*, 666 F.2d at 369 (citing to

9   Fed. R. Civ. P. 1).

10      The undue burden placed on the MGA Parties by Mattel's duplicative and

11  multiple demands that the MGA Parties review and re-review its privilege logs is

12  clear.  The process of reviewing and re-reviewing documents on multiple privilege

13  logs is highly inefficient and burdensome.  As Mattel has recognized, the MGA

14  Parties have over 10,000 entries on their privilege logs, many of which are related

15  to each other.  By demanding that the MGA Parties review some entries in one

16  letter and additional entries in another letter, without regard to the fact that the

17  entries may be related, Mattel is making this process unnecessarily inefficient.

18  Indeed, Mattel admits that its September and October letters overlap and are

19  duplicative.  Opp. at 18, n. 42.  This admission is telling.  While Mattel argues that

20  this overlap is understandable because of the nature of the demands in each of the

21  letters, Mattel ignores that it could have easily sent one letter with one list of

22  demands.  Mattel also ignores that it could have consolidated its September and

23  October demands with its prior July 17 demand.

24      There is absolutely no reason why Mattel cannot sit down and identify every

25  entry that it believes are questionable.  Indeed, this is exactly the process that the

26  MGA Parties have attempted to use with regard to Mattel's privilege logs.  A single

27  request listing all questionable entries allows the parties the opportunity to review

28

MGA PARTIES' REPLY IN SUPPORT OF CROSS-MOTION FOR
PROTECTIVE ORDER
CV-04-9049 DOC (RNBx)

1   the entries and underlying documents all at one time, rather than engaging in a

2   piecemeal process over the course of several months.

3          Mattel's attempt to justify its duplicative demands on the grounds that each

4   letter relates to different issues ignores the fact that the MGA Parties review the

5   documents at issue to determine whether the assertion of privilege or work product

6   was justified for any reason.  While the reasons identified by Mattel are required to

7   establish the relevance and reasoning behind Mattel's requests, the underlying

8   purpose for all reviews by MGA is the same.  For example, if Mattel identifies an

9   entry as being questionable because it has handwritten notes on it, the MGA Parties

10  do not review just the handwritten notes.  Rather, the MGA Parties review the

11  *entire* document to determine if there is any basis for withholding the document,

12  either in whole or in part.  The MGA Parties have repeatedly made this clear to

13  Mattel and, still, Mattel continues to duplicate its demands.

14         The obvious inefficiencies in the process being used by Mattel are a

15  sufficient basis for granting the MGA Parties' Cross-Motion for a Protective Order.

16  There is no basis for Mattel making multiple demands on the MGA Parties to

17  review and re-review their privilege logs when Mattel can easily identify every

18  entry that it believes warrants further inquiry.

19  **II.    A PROTECTIVE ORDER IS WARRANTED IN LIGHT OF ORDER**
20          **NO. 73**

21         Good cause to grant the MGA Parties' Cross-Motion also exists given that all

22  discovery requests pertaining to the current state of MGA's Privilege Logs may be

23  moot due to Discovery Master Order No. 73.  Pursuant to Order No. 73, the MGA

24  Parties are currently are currently reviewing and revising their privilege logs and

25  will "cure any deficiencies in such logs by providing supplemental privilege logs"

26  on December 14, 2009.  Accordingly, the MGA Parties' request that any of Mattel's

27  further concerns relating to the subject matter of Order No. 73 be held until *after*

28

MGA PARTIES' REPLY IN SUPPORT OF CROSS-MOTION FOR
PROTECTIVE ORDER
CV-04-9049 DOC (RNBx)

1    both parties have complied with Order No. 73 is reasonable and an efficient use of

2    judicial resources.

3        Order No. 73 also provides a mechanism for a meet and confer process if a

4    party has questions about the adequacy of an entry after receiving the supplemental

5    privilege logs.  There is no reason why Mattel cannot comply with Order No. 73 by

6    sending a single, non-duplicative, non-repetitive list setting forth *all* of the privilege

7    entries for which it requests re-review and the reasons therefor.  Furthermore,

8    deferring such a review until after the Discovery Master has completed the pending

9    *in camera* review is entirely reasonable to allow the MGA Parties the benefit of the

10    Discovery Master's guidance in the event there is any disagreement with the

11    privilege calls made by Orrick in connection with the submission in response to

12    Order No. 33.

### CONCLUSION

13

14        For months MGA has engaged in a good faith and exhaustive review of its

privilege logs and continues to do so to comply with Order No. 73.  The

15 inefficiency and undue burden that would result if Mattel is permitted to continue to

16 send demands that the MGA Parties re-review its privilege logs, even after it

17 complies with Order No. 73, is contrary to Rule 26 and warrants granting MGA's

18 Cross-Motion.

19

20

21    Dated:    November 30, 2009        Respectfully submitted,

22                                ANNETTE L. HURST

23                                Orrick, Herrington & Sutcliffe LLP

24

25                                By:    /s/ Annette L. Hurst

26                                        ANNETTE L. HURST
                                       Attorneys for Plaintiff

27

28