MELINDA HAAG (State Bar No. 132612)
mhaag@orrick.com
ANNETTE L. HURST (State Bar No. 148738)
ahurst@orrick.com
WARRINGTON S. PARKER III (State Bar No. 148003)
wparker@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Tel: (415) 773-5700/Fax:(415) 773-5759

WILLIAM A. MOLINSKI (State Bar No. 145186)
wmolinski@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA 90017
Tel. (213) 629-2020/Fax: (213) 612-2499

THOMAS S. MCCONVILLE (State Bar No. 155905)
tmcconville@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
4 Park Plaza, Suite 1600
Irvine, CA 92614-2258
Tel: (949) 567-6700/Fax: (949) 567-6710

Attorneys for MGA Parties

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | Case No. CV 04-9049-DOC (RNBx)<br>Consolidated with:<br>Case No. CV 04-9059<br>Case No. CV 05-2727<br><br>**DISCOVERY MATTER**<br><br>[To Be Heard by Discovery Master Robert C. O' Brien]<br><br>**MGA PARTIES' RESPONSE TO MATTEL, INC.'S OBJECTIONS TO THE DECLARATIONS OF ISAAC LARIAN AND AMY PARK**<br><br>DATE:   DECEMBER 3, 2009<br>TIME:   10:00 A.M.<br>PLACE: ARENT FOX LLP |

# INTRODUCTION

Mattel, Inc.'s Objections to The Declarations of Isaac Larian and Amy Park ("Objections") should be rejected. Mattel's evidentiary objections to the Larian Declaration are defective on their face and lack merit. An *in camera* review of the Declaration of Amy S. Park (the "Park Declaration") by the Discovery Master is justified because Ms. Park's declaration contains attorney-client and work product information, and where evidence supporting a privilege is itself privileged or confidential, an *in camera* review is justified and the Discovery Master has the discretion to conduct one.

# ARGUMENT

## I. MATTEL'S EVIDENTIARY OBJECTIONS TO THE LARIAN DECLARATION ARE DEFECTIVE.

Mattel does not properly identify by paragraph and line number the testimony to which it is objecting. Instead, Mattel offers a general objection based on a lack of foundation and hearsay. Mattel's objections are fatally defective and should be overruled.

Moreover, there is no question that Mr. Larian has the requisite personal knowledge to provide his declaration. A witness has personal knowledge if he or she "shall have had an opportunity of observing what was or what happened and shall have directed his attention or observation in the matter." 2 Wigmore Evidence § 640 (1979). Personal knowledge "may be inferred from the content" of the affidavit or flow logically from the context of the affidavit." *See* Moore's Federal Practice 3d. § 56.14[1][c]. Mr. Larian was the Chief Executive Officer of MGA Entertainment Inc. during the relevant time period and has continued to hold that position to the present day. (Larian Decl. at ¶1). As the CEO of a small company, Mr. Larian's position at MGA puts him in a position to have actual knowledge of the matters within his declaration. Clearly, Mr. Larian is competent to testify about

the roles, responsibilities and functions of in-house counsel and legal personnel at MGA (Larian Decl. ¶¶ 4-9).

There is also no out-of-court statement in Mr. Larian's declaration that is hearsay. Mr. Larian's observation of activities at MGA are well within his knowledge and ability to testify. Any objection based on hearsay should also be overruled.

## II.   AN *IN CAMERA* REVIEW OF THE PARK DECLARATION IS JUSTIFIED.

"The Federal Rules of Civil Procedure provide Magistrate Judges with broad discretion in resolving discovery disputes" and a Discovery Master has the discretion to review an *in camera* submission made to defend a claim of privilege. *Labelle v. Phillip Morris Inc.*, 2000 WL 33957169, *3 (D.S.C. Oct. 23, 2000). Where a proponent of privilege makes a "good faith argument that the evidence supporting a privilege is itself privileged or confidential [it] provides the type of justification which would permit the review of an *in camera* submission." *Id.* at *3.

Given Mattel's allegations in its two motions to compel, it is entirely appropriate and necessary that the Discovery Master conduct an *in camera* review of Ms. Park's declaration. Mattel has filed two motions to compel related to MGA's privilege logs that seek an *in camera* review of over 1500 documents principally on the ground that such documents are "non-legal" in nature. Mattel argued in the motions that MGA had the burden of sustaining privilege in such documents. Given the subject matter and Mattel's allegations in its motions to compel, MGA had to explain to the Discovery Master the procedure followed by trial counsel with regard to the privilege review. MGA submitted Ms. Park's declaration for this purpose and this information is itself necessarily privileged because it contains attorney-client communication and/or work product.[1]

---

[1] Mattel contends that it is implausible that the entirety of Ms. Park's declaration is privileged and that factual information that would be required to appear on a

|   |   |
|---|---|
| 1 | An *in camera* review of Ms. Park's declaration by the Discovery Master is |
| 2 | appropriate and justified. *Labelle*, 2000 WL 33957169 at *3 (an *in camera* review |
| 3 | of the evidence offered to support a privilege claim is justified where a proponent |
| 4 | of privilege makes a good faith argument that the evidence is itself privileged or |
| 5 | confidential; further holding that the decision whether to conduct such a review is |
| 6 | within the magistrate's discretion); *In re John Doe, Inc.*, 13 F.3d 633, 636 (2d Cir. |
| 7 | 1993) (targets of grand jury investigation were not denied due process by district |
| 8 | court's *in camera* inspection of affidavit submitted by government to support claim |
| 9 | that crime-fraud exception to attorney-client privilege applied to communications |
| 10 | between targets and their former attorney; any limitations on targets' ability to rebut |
| 11 | government's submission were marginal); *In re General Motors Corp.*, F.3d 714, |
| 12 | 716-17 (8th Cir. 1998) (defendant allowed to submit evidence and argument *in* |
| 13 | *camera* in support of attorney-client and work-product privileges); *Alleghany* |
| 14 | *Ludlum Corp. v. Nippon Steel Corp.*, 1990 WL 9837, *1-2 (E.D. Pa. Feb 1, 1990) |
| 15 | (allowing proponent of privilege to submit *in camera* two affidavits explaining the |
| 16 | basis of privilege with the allegedly privileged documents subject to the court's |
| 17 | review); *Burton v. R.J. Reynolds Tobacco Co.*, 175 F.R.D. 321, 329 (D. Kan. 1997) |
| 18 | (proponent of privilege supplied court with privilege log and "an *in camera* |
| 19 | memorandum concerning the nature of the subject documents and arguments |
| 20 | relating to the claimed privilege."). |
| 21 | The cases cited by Mattel do not compel a different conclusion. In *Labelle v.* |
| 22 | *Phillip Morris*, the Court recognized that an *in camera* review would be justified in |
| 23 | circumstances such as here. *LaBelle v. Phillip Morris Inc.*, 2000 WL 33957170, *3 |
| 24 | (D.S.C. June 6, 2000). Similarly, *In re Grand Jury Proceedings*, 2001 WL |
| 25 | 1167497, *1 (S.D.N.Y. Oct 3, 2001), the Court permitted the defendant to submit *in* |
| 26 | *camera* declarations in support of their opposition to government's motion to |

privilege log cannot be privileged. (Objections at 8). Ms. Park's declaration discusses the standards employed by the attorneys in conducting the privilege review and contains no factual information that would appear on a privilege log.

- 3 -

compel production of materials designated as privileged. *Pacific Gas & Electric v. United States*, 71 Fed. Cl. 205 (Fed. Cl. 2006), another case relied upon by Mattel did not involve the attorney-client privilege or work product doctrine, rather, it involved the deliberative process privilege. When the deliberative process privilege is asserted, affidavits by government officials fulfill the same role as a Rule 26 privilege log[2] and the government was allowed to assert the deliberative process privilege if it produced the affidavits stating the basis for the privilege to permit the other side to challenge privilege. *Id.* at 210. Here, Mattel is already in possession of the analogous documents: the MGA Parties' privilege logs and Mattel has *already* challenged the privilege of the documents described by the log.

Mattel's argument that factual information such as the identities of relevant participants are not privileged is also inapposite here. (Objections at 8). Ms. Park's declaration describes the legal standards followed by the attorneys in their privilege review. Unlike in the cases cited by Mattel[3], Ms. Park's declaration does not contain factual information or foundational facts concerning the privileged communications that would be described in MGA's privilege logs. Such factual information is appropriately described in MGA's privilege logs, which are available to Mattel. Indeed, the MGA Parties are currently engaged in a massive review of their privilege logs to comply with Discovery Master Order No. 73. Where necessary, and as required by Order No. 73, the MGA Parties are revising their logs and will serve supplemental logs.

---

[2] The detail required of such affidavits is analogous to the detail required by a privilege log: it "need not reveal the contents of the deliberations; rather, it must only identify, with respect to a specific document or type of documents, *why* that document should be protected from discovery and *what* specific harm will result from its disclosure." *PG&E*, 71 Fed. Cl. at 209.

[3] In *AMCO Ins. Co. v. Madera Quality Nut LLC*, 2006, WL 931437, at *18 (E.D.Cal. Apr. 11, 2006), *Malleteir v. Dooney & Bourke*, 2006 WL 3851150, at *1 (S.D.N.Y. Dec. 18, 2006) and *Markwest Hydrocarbon, Inc. v. Liberty Mut. Ins. Co.*, 2007 WL 1106105, at *4 (D. Colo. Apr. 12. 2007), the court held that factual or foundational information concerning a privileged communication such as the identity of the participant in the communication was not privileged.

## CONCLUSION

For the foregoing reasons, the MGA Parties respectfully request that the Court overrule Mattel's Objections to the Declarations of Isaac Larian and Amy Park.

Dated: November 30, 2009        ORRICK, HERRINGTON & SUTCLIFFE LLP

                                By:   /s/ Annette L. Hurst
                                      Annette L. Hurst
                                      Attorneys for MGA Parties