# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARTER BRYANT,<br><br>　　　　Plaintiff(s),<br><br>　　v.<br><br>MATTEL, INC.,<br><br>　　　　Defendant(s).<br>_____ | CASE NO. CV 04-9049 DOC (RNBx)<br><br>**O R D E R** REGARDING DEPOSITION OF MGA MEXICO 30(B)(6) DESIGNEE |

　　　　On December 8, 2009, a dispute arose between Plaintiff Mattel, Inc. and the MGA Defendants during a deposition of Ms. Susana Kummerle, MGAE de Mexico, S.R.L. de C.V. ("MGA Mexico")'s 30(b)(6) witness. Mattel wishes to ask Ms. Kummerle about certain documents that Mattel claims contain trade secrets. MGA wishes to preserve its rights to argue that any reference by Mattel to these documents constitutes a voluntary disclosure of the claimed trade secrets contained therein. These documents were designated by the parties as "Attorneys' Eyes Only".

　　　　With respect to the instant dispute, the MGA Defendants' position obstructs the

deposition process and prevents the Court from a full analysis of potential relevant facts. Mattel should not be punished for asking Ms. Kummerle, as MGA Mexico's 30(b)(6) designee, about documents that are of potential relevance to the present litigation. MGA puts Mattel in the impossible position of voluntarily disclosing and waiving the privileges of the Protective Order as to documents that Mattel considers trade secrets or foregoing the ability to ask Ms. Kummerle about facts critical to Mattel's claims. As this Court's Order Denying MGA's Motion for a Trial Setting Conference noted, "the Court will not accommodate undue delay by MGA in producing materials and witnesses relevant to the [contemplated] FAAC."

At oral argument, the parties disagreed about Ms. Kummerle's prior knowledge, if any, of the documents' existence or content. However, whether Ms. Kummerle is an "empty vessel" who must be educated about the documents, or is an individual with prior knowledge of the documents, MGA Mexico has identified her as its 30(b)(6) designee. MGA Mexico's 30(b)(6) witness should be prepared to answer questions about documents of Mattel's that were (whether voluntarily or involuntarily) in MGA Mexico's possession. And the witness' ability to respond should not be conditioned on Mattel's voluntary disclosure of such trade secrets.

MGA's argument that the MGA Defendants may face civil liability as a result of Ms. Kummerle's knowledge of the documents at issue is unavailing. MGA Mexico's 30(b)(6) designee, should restrict her consideration of the documents at issue to the instant deposition. If Mattel elects to pursue a frivolous lawsuit related to subsequent actions by the MGA Defendants or any of their subsidiaries, the adversarial process will ferret out such claims and Mattel and its attorneys may be subject to sanctions.

Nor is this Court convinced by MGA's claim that Ms. Kummerle did not review the documents prior to her deposition. However, Ms. Kummerle's deposition will continue and she can spend a portion of December 9, 2009 reviewing the documents and preparing for her deposition.

For the foregoing reasons, the Court hereby ORDERS that Mattel's deposition of Ms. Kummerle as to documents that Mattel considers "Attorneys' Eyes Only" pursuant to the Protective Order does not constitute a voluntary disclosure as to any trade secrets contained

1 therein. After Ms. Kummerle receives any documents marked "Attorneys' Eyes Only," Ms.
2 Kummerle is bound by the terms of the Protective Order. MGA does not preserve its right to
3 later argue that Mattel has voluntarily disclosed the trade secrets contained in the documents at
4 issue.

7 IT IS SO ORDERED.
8 DATED: December 8, 2009

_____
DAVID O. CARTER
United States District Judge

3