UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Case No. CV 04-9049 DOC (RNBx)             Date: December 18, 2009

Title: CARTER BRYANT v. MATTEL, INC.

---

DOCKET ENTRY
    [I hereby certify that this document was served by first class mail or Government messenger service, postage prepaid, to all counsel (or parties) at their respective most recent address of record in this action on this date.]
                                                                     Date:_____    Deputy Clerk: _____

---

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

  Kristee Hopkins                                                             Not Present
Courtroom Clerk                                                      Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS: ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT                                     NONE PRESENT

---

PROCEEDING (IN CHAMBERS): ORDER LIFTING PROTECTIVE ORDER DESIGNATIONS WITH RESPECT TO SETTLEMENT AGREEMENT BETWEEN CARTER BRYANT AND MATTEL, INC.

      At the December 17, 2009 hearing in this matter, Defendants MGA Entertainment, Inc. and Isaac Larian (collectively "MGA") moved to lift the Attorneys' Eyes Only Designation with respect to Mattel's Settlement Agreement with Carter Bryant ("Bryant"). *See* Bates Nos. M0932044-0932085. At the December 17, 2009 hearing, the Court instructed Mattel to submit for the Court's *in camera* review the Settlement Agreement, so that the Court could determine which portions, if any, of the Settlement Agreement should be redacted.

      The Court finds that the confidentiality interests of Bryant and Mattel do not warrant any redaction of the Settlement Agreement. Mr. Bryant is a (if not *the)* key material witness in both phases of this litigation, and the Settlement Agreement is relevant to the jury's evaluation of his testimony and other evidence with respect to the parties' claims. The probative value of the agreement therefore outweighs the parties' interest in the confidentiality of the settlement terms. *See Abbott Diabetes Care Inc. v. Roche Diagnostics Corp.*, No. C05-03117 MJJ, 2007 WL 4166030, *4 (N.D. Cal. Nov. 19,

---

2007) (citing *Doe v. Methacton Sch. Dist.*, 164 F.R.D. 175, 176 (E.D. Pa. 1995); *Morse/Diesel, Inc. v. Fidelity and Deposit Co. Of Maryland*, 122 F.R.D. 447, 451 (S.D.N.Y. 1988)).  Accordingly, the Court hereby ORDERS that the entirety of the Settlement Agreement (Bates Nos. 0932044-0932085) entered into between Mattel and Bryant on May 18, 2008 is no longer covered under the terms of the Protective Order, including but not limited to the Attorneys' Eyes Only Designation.

The Clerk shall serve this minute order on all parties to the action.