1   Robert C. O'Brien (SBN 154372)
    ARENT FOX LLP
2   555 West Fifth Street, 48th Floor
    Los Angeles, CA  90013-1065
3   Telephone:  213.629.7400
    Facsimile:   213.629.7401
4   obrien.robert@arentfox.com

5   Discovery Master

6

7

8                    UNITED STATES DISTRICT COURT

9                 CENTRAL DISTRICT OF CALIFORNIA

10                      SOUTHERN DIVISION

11

12   CARTER BRYANT, an individual,          Case No.  CV 04-09049 DOC (RNBx)

13              Plaintiff,                   Consolidated with
                                             Case No. CV 04-09059
14        v.                                 Case No. CV 05-2727

15   MATTEL, INC., a Delaware               **PHASE 2 DISCOVERY MATTER**
     corporation,
16                                          **ORDER NO. 81, REGARDING:**
                Defendant.
17                                              **DISCOVERY MASTER'S
                                                RECOMMENDATION THAT THE
18                                              COURT EXECUTE TWO LETTERS
                                                OF REQUEST ON BEHALF OF
19                                              THE MGA PARTIES**

20   CONSOLIDATED WITH
     MATTEL, INC. v. BRYANT and
21   MGA ENTERTAINMENT, INC. v.
     MATTEL, INC.
22

23

24

25

26

27

28

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES
                                                     ORDER NO. 81
                                             [Case No. CV 04-09049 DOC (RNBx)]

1    Having reviewed the application for issuance of Letters of Request for

2  Judicial Assistance re: Danny K. H. Yu and Bird & Bird filed by MGA

3  Entertainment, Inc., MGAE de Mexico, S.R.L. de C.V., MGA Entertainment (HK)

4  Limited and Isaac Larian, and all other papers submitted in support of and in

5  opposition thereto, the Discovery Master finds that good cause exists to

6  **RECOMMEND** that the Court execute the Letters of Request attached hereto as

7  Exhibits A and B.

8

9  Dated:        November 23, 2009

10

11                                              By:        /s/ Robert C. O'Brien

12                                                     ROBERT C. O'BRIEN
                                                       Discovery Master

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

MELINDA HAAG (State Bar No. 132612)
mhaag@orrick.com
ANNETTE L. HURST (State Bar No. 148738)
ahurst@orrick.com
WARRINGTON S. PARKER III (State Bar No. 148003)
wparker@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105
Telephone:   +1-415-773-5700
Facsimile:   +1-415-773-5759

WILLIAM A. MOLINSKI (State Bar No. 145186)
wmolinski@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA  90017
Telephone:   +1-213-629-2020
Facsimile:   +1-213-612-2499

Attorneys for MGA Parties

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware Corporation<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | Case No. CV 04-9049 DOC (RNBx)<br><br>Consolidated with:<br>CV 04-9059<br>CV 05-2727<br><br>[REVISED PROPOSED] LETTER OF REQUEST FOR JUDICIAL ASSISTANCE  BY THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA REGARDING DANNY YU |

-1-

1  TO THE CHIEF SECRETARY FOR ADMINISTRATION OF HONG KONG

2  SAR:

3       The United States District Court for the Central District of California

4  presents its compliments to the Hong Kong Central Authority, namely the Chief

5  Secretary for Administration of Hong Kong SAR, and requests international

6  judicial assistance to obtain evidence to be used in a civil proceeding before this

7  court in the above captioned matter. The Court has indicated that the trial will

8  commence no later than May 2010, and the parties have agreed to propose a trial

9  date of April 20, 2010 in Santa Ana, California, United States of America.

10       This Court requests that the assistance described herein, as necessary in the

11  interests of justice. The assistance requested is that the High Court of the Hong

12  Kong Special Administrative Region Court of First Instance compel:

13       (1) the oral deposition under oath of Danny K. H. Yu in Hong Kong, as set

14  forth in Schedule A,

15       (2) the inspection of documents from Danny K. H. Yu, as set forth in

16  Schedule B; and

17       (3) the inspection of documents from Danny K. H. Yu & Co.; Paul K. C.

18  Chan, Danny K. H. Yu & Co.; and Simon C. W. Yung & Co., as set forth in

19  Schedule C.

20       The requested testimony of this witness and documents are intended for use

21  at trial, and will be relevant to numerous claims and defenses at issue in the above-

22  captioned case in this District.

23       This request is made with the understanding that it will in no way require the

24  persons described below to commit any offense, nor will it require the persons

25  described below to undergo a broader form of inquiry than they would if the

26  litigation were conducted in Hong Kong.

27

28

MGA'S [REVISED PROPOSED] LETTER OF
REQUEST FOR JUDICIAL ASSISTANCE
CV-04-0049 DOC (RNBx)

1

## LETTER OF REQUEST

2    This Letter of Request is made pursuant to the Hague Convention of 18

3  March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters

4  ("Hague Convention").  Accordingly, the Letter of Request sets forth the following

5  requirements under the applicable Articles of the Hague Convention, as well as

6  other information pertinent to this particular proceeding:

7  **1.    Authority Requesting Letter of Request (Article 3(a)):**

8      Hon. David O. Carter
       United States District Judge
9      United States District Court for the Central District of California
       Court Room 9D
10     1-053 Ronald Reagan Federal Bldg
       and United States Courthouse
11     411 West Fourth Street
       Santa Ana, CA 92701
12     Tel: (714) 338-4543

13     The United States District Court for the Central District of California,

14  Southern Division, which is a competent court of law and equity which properly

15  has jurisdiction over this proceeding, has the power to compel the attendance of

16  witnesses and inspection of documents within its jurisdiction, and has the authority

17  to seek the assistance of foreign governments in compelling the attendance of

18  witnesses and inspection of documents outside its jurisdiction.

19     **Authority Requested to Executed Letter of Request (Article 3(a)):**

20     Chief Secretary for Administration of Hong Kong SAR
       Central Government Offices
21     Lower Albert Road
       Hong Kong,
22     Tel: (011) (852) 8102954

23  **2.    Names and Addresses of the Parties and Representatives (Article 3(b)):**

24  **Party**                          **Representative**

25  Mattel, Inc.                       John B. Quinn, Esq.
    ("Mattel")                         Michael T. Zeller, Esq.
26                                     Jon D. Corey, Esq.
                                       QUINN EMANUAL URQUHART
27                                     OLIVER & HEDGES LLP
                                       865 South Figueroa Street, 10th Floor
28                                     Los Angeles, CA 90017

| | |
|---|---|
| MGA Entertainment, Inc.; MGAE de Mexico, S.R.L. de C.V.; MGA Entertainment (HK) Limited; Isaac Larian ("MGA") | Melinda Haag, Esq. Annette L. Hurst, Esq. Warrington S. Parker, III, Esq. ORRICK HERRINGTON & SUTCLIFFE LLP The Orrick Building 405 Howard Street San Francisco, CA 94104 |
| | William A. Molinski, Esq. ORRICK HERRINGTON & SUTCLIFFE LLP 777 South Figueroa Street, Suite 3200 Los Angeles, CA 90017 |
| | Thomas J. Nolan, Esq. Jason Russell, Esq. SKADDEN ARPS SLATE MEAGHER & FLOM LLP 3000 South Grand Avenue, Suite 3400 Los Angeles, CA 90071 |
| Carlos Gustavo Machado Gomez | Mark E. Overland, Esq. David C. Scheper, Esq. Alexander H. Cote, Esq. OVERLAND, BORENSTEIN, SCHEPER & KIM, LLP 300 S. Grand Avenue, Suite 2750 Los Angeles, CA 90071 |

3.   **Nature of the Proceedings (Article 3(c)):**

The evidence requested relates to civil proceedings entitled *Bryant v. Mattel, Inc.,* Case No. CV 04-9049 DOC (RNBx) ("Consolidated Proceeding"), which consists of three actions that have been instituted and consolidated before the requesting judicial authority: *Bryant v. Mattel, Inc.*, Case No. CV 04-9049 DOC (RNBx); *Mattel, Inc. v. Bryant*, Case No. CV 04-9059 DOC (RNBx), and *MGA Entertainment v. Mattel, Inc.*, Case No. CV 05-2727 DOC (RNBx).  The Consolidated Proceeding is a civil lawsuit, and the applicant for this Letter of Request is a party to the proceeding, MGA.  In the Consolidated Proceeding, MGA brought a complaint against Mattel alleging false designation of origin, unfair competition, dilution and unjust enrichment.  Mattel filed counterclaims for copyright infringement, misappropriation of trade secrets, violation and conspiracy

-4-

1  to violate the Racketeer Influenced and Corrupt Organizations Act, breach of

2  contract, intentional interference with contract, breach and aiding and abetting

3  breach of fiduciary duty, breach and aiding and abetting breach of duty of loyalty,

4  conversion, unfair competition, avoidance of intentional and constructive fraudulent

5  transfers under the Uniform Fraudulent Transfer Act, and declaratory relief.  Mattel

6  first sought to lodge an amended complaint with these causes of action on

7  November 20, 2006, but the causes of action were not filed as counterclaims until

8  January 12, 2007.

9      Under California law, which applies in this case, a claim for misappropriation

10  of trade secrets is barred under the statute of limitations if it is filed more than three

11  years after the party discovered or, by the exercise of reasonable diligence, should

12  have discovered the alleged misappropriation.  Thus, any evidence showing that

13  Mattel discovered or should have discovered that its alleged trade secrets were

14  misappropriated before November 20, 2003 would be evidence that Mattel cannot

15  assert its misappropriation of trade secrets claim because it was not filed within

16  three years of when it accrued.

17      MGA has reason to believe that Mattel learned about the alleged

18  misappropriation of trade secrets prior to November 20, 2003 through

19  communications between Mattel, or someone acting on its behalf, and solicitors for

20  Cityworld Limited ("Cityworld"), Toys & Trends (Hong Kong) Limited, Cityworld

21  ("Toys & Trends"), and Jurg Willi Kesselring ("Mr. Kesselring").  MGA issued a

22  Writ of Summons against Toys & Trends, Cityworld, and Mr. Kesselring on June

23  5th 2002 in Hong Kong High Court Action No. 2152 of 2002 ("Hong Kong

24  Action") regarding fashion dolls, and specifically the BRATZ dolls at issue in this

25  case; applied, by way of Summons based on Affirmation evidence, for an

26  interlocutory injunction against Toys & Trends, Cityworld, and Mr. Kesselring in

27  the Hong Kong Action on 18th June 2002; and filed a statement of claim in the

28  Hong Kong Action on July 5th 2002.  Toys & Trends, Cityworld and Mr. Kesselring

-5-

1  were represented by Hong Kong solicitor, Mr. Yu, and the firms at which he had

2  been a principal or employed, including Danny K. H. Yu & Co.; Paul K. C. Chan,

3  Danny K. H. Yu & Co.; and Simon C. W. Yung & Co.  According to evidence

4  produced in the Consolidated Proceeding, solicitors for Toys & Trends, Cityworld

5  and Mr. Kesselring reached out to Mattel at least as early as September 2003

6  regarding the BRATZ dolls and Mattel's former employee's (Carter Bryant)

7  involvement in the conception and design of the BRATZ dolls.  Such

8  correspondence prior to November 20, 2003, if sufficient to put Mattel on notice on

9  the claims it sought to add on November 20, 2006, could bar assertion of those

10  claims.

11      Danny K. H. Yu and his firm Danny K. H. Yu & Co. sought to take out a Bill

12  of Costs against MGA in connection with the Hong Kong Action.  In connection

13  with the Bill of Costs, they itemized and testified regarding details of the

14  communications with Mattel about the Cityworld claim.

15      Accordingly, this Letter of Request is directed and narrowly tailored to

16  evidence of communications between Mr. Yu and Mattel prior to November 20,

17  2003, and agreements or fee arrangements between Toys & Trends, Cityworld, Mr.

18  Kesselring, or any of them, and Mattel covering the period of time after the claim

19  was filed by MGA against Toys & Trends, Cityworld and Mr. Kesselring in June

20  2002.

21      The evidence sought is expected to show that Mattel was put on notice or

22  should have been put on notice of its claims against MGA more than three years

23  before it asserted those claims, rendering the claims barred by the statute of

24  limitations.

25  **4.      Evidence to be Obtained (Article 3(d)):**

26      As stated above, this Letter of Request is directed and narrowly tailored to

27  evidence of communications between Mattel and its U.S. counsel, on the one hand,

28  and Mr. Yu and his law firms on the other hand, prior to November 20, 2003.  It is

-6-

1   also directed and narrowly tailored to agreements between Cityworld and Mattel in

2   the same time frame.  The evidence to be obtained is for use in an upcoming trial of

3   phase 2 of the consolidated actions that have been captioned *Bryant v. Mattel, Inc.*,

4   Case No. 04-9049 DOC (RNBx) (Consolidated with Case No. 04-9059 and Case

5   No. 05-2727).

6          Accordingly, it is requested that the High Court of the Hong Kong Special

7   Administrative Region Court of First Instance compel the following:

8          (1) the oral deposition under oath of Danny K. H. Yu in Hong Kong., as set

9   forth in Schedule A,

10          (2) the inspection of documents from Danny K. H. Yu, as set forth in

11   Schedule B;

12          (3) the inspection of documents from Danny K. H. Yu & Co.; Paul K. C.

13   Chan, Danny K. H. Yu & Co.; and Simon C. W. Yung & Co., as set forth in

14   Schedule C, and

15          As detailed above, it is alleged by MGA that Mattel had communications and

16   dealings with the above entities that are relevant to showing that Mattel knew or

17   should have known about its claims against MGA more than three years before it

18   asserted the claims, rendering the claims barred by the statute of limitations.

19   **5.     Name and Address of the Person to be Examined (Article 3(e)):**

20   Danny K. H. Yu (Examination & Inspection)
21   803, Manning House
     48 Queen's Road Central
22   Hong Kong

23   Danny K. H. Yu & Co. (Inspection only)
     803, Manning House
24   48 Queen's Road Central
     Hong Kong

25   Paul K. C. Chan, Danny K. H. Yu & Co. (Inspection only)
26   8th Floor, Chinachem Tower,
     34-37 Connaught Road Central
27   Hong Kong

28   Simon C. W. Yung & Co. (Inspection only)
     Rm 2603-5, 26/F, ING Tower,

308 Des Voeux Road Central,
Hong Kong

**6.    Statement of the Subject-Matter of the Examination (Article 3(f)):**

The subject matter about which Mr. Yu is to be examined is set forth in Schedule A.

**7.    Documents or Other Property to be Inspected (Article 3(g)):**

The documents or other property requested from Mr. Yu are set forth in Schedule B.

The documents or other property requested from Danny K. H. Yu & Co.; Paul K. C. Chan, Danny K. H. Yu & Co.; and Simon C. W. Yung & Co. are set forth in Schedule C.

**8.    Requirement that the Evidence Is to Be Given Under Oath (Article 3(h)):**

This Court requests that the examination of Mr. Yu shall be taken under oath before the appropriate Hong Kong judicial authority empowered to administer oaths and take testimony.

This Court further requests that the testimony given during the examinations be given under the following oath: "I [name of deponent] swear that the testimony that I am about to give is the truth, the whole truth and nothing but the truth, so help me God."

In the event that the Law of Hong Kong does not permit the swearing of an oath by a particular witness, the duly appointed officer shall make inquiry of such witness to ensure that he/she understands the gravity of the procedure and affirms that his/her statement will be true and correct in all respects.

**9.    Special Method or Procedure to be Followed (Articles 3(i) and 9):**

A Protective Order was entered in this action on January 4, 2005 (Exhibit A hereto). Accordingly, this Court requests that the High Court of the Hong Kong Special Administrative Region Court of First Instance order that the oral evidence

-8-

1   produced pursuant to enforcement of this Letter of Request shall not be used by

2   anyone in any manner or proceeding other than in this matter, *Bryant v. Mattel,*

3   *Inc.*, Case No. 04-9049 DOC (RNBx) (consolidated with Case No. 04-9059 and

4   Case No. 05-2727), pending in the United States District Court for the Central

5   District of California.

6         The examinations shall be taken under the Federal Rules of Civil Procedure

7   of the United States of America, except to the extent such procedure is

8   incompatible with the internal laws of Hong Kong.

9         The examinations shall be taken before a commercial stenographer and a

10  transcript shall be produced. The examinations shall also be videotaped.

11        The equipment needed to obtain the transcript and the videotape, as well as

12  the persons needed to operate such equipment, will be provided by the requesting

13  party, MGA.

14  **10.   Notification of Court and Parties (Article 7)**

15        Pursuant to Article 7 of the Hague Convention on the Taking of Evidence

16  Abroad, the Court requests that counsel for the parties in this action, listed in

17  paragraph 2 above, be informed of the time when, and the place where, the

18  proceedings will take place, in order that they may be present and participate.  In

19  the event that American attorneys are not permitted to participate in the

20  proceedings, this Court gives permission for local Hong Kong counsel representing

21  the parties to participate in the questioning of the witnesses.

22  **11.   Reciprocity**

23        This Court respectfully expresses its willingness to provide similar assistance

24  to the High Court of the Hong Kong Special Administrative Region Court of First

25  Instance.

26  **12.   Fees and Costs**

27        Any fees and costs incurred as a result of the special procedures set forth in

28  section 9 above will be paid by MGA through its counsel of record:  Annette Hurst,

MGA'S [REVISED PROPOSED] LETTER OF
REQUEST FOR JUDICIAL ASSISTANCE
CV-04-0049 DOC (RNBx)

1   Orrick Herrington & Sutcliffe LLP, 405 Howard Street, San Francisco, CA 94105.

2   MGA's payment of any such fees and costs is without prejudice to its making a

3   subsequent request to be reimbursed for these costs by other parties in these

4   consolidated actions.

5   **<u>Conclusion</u>**

6   Based on the foregoing and the Court's review of the pleadings, this Court

7   has concluded that the above-requested persons and entities have information about

8   the claims and defenses that are the subject of the Consolidated Proceeding,

9   including but not limited to communications with Mattel prior to November 20,

10   2003 relating to the claims at issue and agreements between Mattel and Cityworld.

11   In the spirit of comity and reciprocity, this Court hereby requests international

12   judicial assistance as detailed in this Letter of Request to compel:

13   (1) the oral deposition under oath of Danny K. H. Yu in Hong Kong., as set

14   forth in Schedule A,

15   (2) the inspection of documents from Danny K. H. Yu, as set forth in

16   Schedule B; and

17   (3) the inspection of documents from Danny K. H. Yu & Co.; Paul K. C.

18   Chan, Danny K. H. Yu & Co.; and Simon C. W. Yung & Co., as set forth in

19   Schedule C.

20

21

22

23

24

25

26

27

28

1        The evidence sought cannot be obtained other than from the entities set forth

2   in this request through examination and inspection of documents in their respective

3   possession, and such evidence in the interests of justice and to assure a complete

4   record for trial in this matter.

5

6

7   DATED: _____, 2009

8

9                    By:_____

10                        THE HONORABLE DAVID O. CARTER
                      UNITED STATES DISTRICT COURT JUDGE

11

12  Authenticated of Signature by Clerk of the Court:

13

14                        TERRY NAFISI, Clerk of the Court

15

16                   By:_____

17                        Deputy Clerk _____

18  Court's Authentication that the Clerk of Court is the Clerk of Court:

19

20                   By:_____

21                        THE HONORABLE DAVID O. CARTER
                      UNITED STATES DISTRICT COURT JUDGE

22

23

24  Authenticated of Signature by Clerk of the Court:

25

26                        TERRY NAFISI, Clerk of the Court

27                   By:_____

28                        Deputy Clerk _____

## SCHEDULE A

SUBJECT MATTER ABOUT WHICH MR. YU IS TO BE EXAMINED:

1. Communications between Mr. Danny K. H. Yu or anyone acting on his behalf (together, "Mr. Yu"), and Mattel, Inc. or anyone acting on Mattel's behalf (together, "Mattel") from and including August 1, 2003 through November 20, 2003, in connection with or arising from the provision of any information or materials filed in Hong Kong High Court Action No. 2152 of 2002 to Mattel or the receipt of the same by Mattel.

2. Communications between Mr. Yu and Mattel prior to November 20, 2003 regarding BRATZ in connection with or arising from the provision of any information or materials filed in Hong Kong High Court Action No. 2152 of 2002 to Mattel or the receipt of the same by Mattel.

3. Communications between Mr. Yu and Mattel prior to November 20, 2003 regarding Carter Bryant in connection with or arising from the provision of any information or materials filed in Hong Kong High Court Action No. 2152 of 2002 to Mattel or the receipt of the same by Mattel.

4. Communications between Mr. Yu and Mattel prior to November 20, 2003 regarding MGA in connection with or arising from the provision of any information or materials filed in Hong Kong High Court Action No. 2152 of 2002 to Mattel or the receipt of the same by Mattel.

5. Agreements entered into between Mattel and Cityworld Limited ("Cityworld"), Toys & Trends (Hong Kong) Limited, Cityworld ("Toys & Trends"), and Jurg Willi Kesselring ("Mr. Kesselring"), or any of them, including any agreements to pay legal fees incurred by Cityworld, Toys & Trends, Mr. Kesselring, or any of them at any time from and including June 2002 through the present in connection with or arising from Hong Kong High Court Action No. 2152 of 2002.

MGA'S [REVISED PROPOSED] LETTER OF
REQUEST FOR JUDICIAL ASSISTANCE
CV-04-0049 DOC (RNBx)

6. Payment by Mattel of legal fees incurred by Cityworld, Toys & Trends, Mr. Kesselring, or any of them at any time from and including June 2002 through the present in connection with or arising from Hong Kong High Court Action No. 2152 of 2002.

**SCHEDULE B**

REQUESTS FOR INSPECTION OF DOCUMENTS TO DANNY K.H. YU:

1. Communications between Mr. Danny K. H. Yu or anyone acting on his behalf (together, "Mr. Yu"), and Mattel, Inc. or anyone acting on Mattel's behalf (together, "Mattel") from and including August 1, 2003 through November 20, 2003, in connection with or arising from the provision of any information or materials filed in Hong Kong High Court Action No. 2152 of 2002 to Mattel or the receipt of the same by Mattel.

2. Documents reflecting communications between Mr. Yu and Mattel from and including August 1, 2003 through November 20, 2003, including but not limited to invoices, time entry reports, facsimile transmissions, and telephone records, in connection with or arising from the provision of any information or materials filed in Hong Kong High Court Action No. 2152 of 2002 to Mattel or the receipt of the same by Mattel.

3. Communications between Mr. Yu and Mattel prior to November 20, 2003 regarding BRATZ in connection with or arising from the provision of any information or materials filed in Hong Kong High Court Action No. 2152 of 2002 to Mattel or the receipt of the same by Mattel.

4. Documents reflecting communications between Mr. Yu and Mattel prior to November 20, 2003 regarding BRATZ, including but not limited to invoices, time entry reports, facsimile transmissions, and telephone records, in connection with or arising from the provision of any information or materials filed in Hong Kong High Court Action No. 2152 of 2002 to Mattel or the receipt of the same by Mattel.

5. Communications between Mr. Yu and Mattel prior to November 20, 2003 regarding Carter Bryant in connection with or arising from the provision of any information or materials filed in Hong Kong High Court Action No. 2152 of 2002 to Mattel or the receipt of the same by Mattel.

MGA's [Revised Proposed] Letter of Request for Judicial Assistance
CV-04-0049 DOC (RNBx)

6.  Documents reflecting communications between Mr. Yu and Mattel prior to November 20, 2003 regarding Carter Bryant, including but not limited to invoices, time entry reports, facsimile transmissions, and telephone records, in connection with or arising from the provision of any information or materials filed in Hong Kong High Court Action No. 2152 of 2002 to Mattel or the receipt of the same by Mattel.

7.  Communications between Mr. Yu and Mattel prior to November 20, 2003 regarding MGA in connection with or arising from the provision of any information or materials filed in Hong Kong High Court Action No. 2152 of 2002 to Mattel or the receipt of the same by Mattel.

8.  Documents reflecting communications between Mr. Yu and Mattel prior to November 20, 2003 regarding MGA, including but not limited to invoices, time entry reports, facsimile transmissions, and telephone records, in connection with or arising from the provision of any information or materials filed in Hong Kong High Court Action No. 2152 of 2002 to Mattel or the receipt of the same by Mattel.

9.  Agreements entered into between Mattel and Cityworld, Toys & Trends, Mr. Kesselring, or any of them, including any agreements to pay legal fees incurred by Cityworld Toys & Trends, Mr. Kesselring, or any of them, at any time from and including June 2002 through the present in connection with or arising from Hong Kong High Court Action No. 2152 of 2002.

10. Documents reflecting payment by Mattel of legal fees incurred by Cityworld Toys & Trends, Mr. Kesselring, or any of them, at any time from and including June 2002 through the present in connection with or arising from Hong Kong High Court Action No. 2152 of 2002.

## SCHEDULE C

REQUESTS FOR INSPECTION OF DOCUMENTS TO

(1) DANNY K. H. YU & CO.;

(2) PAUL K. C. CHAN, DANNY K. H. YU & CO.; AND

(3) SIMON C. W. YUNG & CO.:

1. Communications between Mr. Danny K. H. Yu or any other employee of Danny K. H. Yu & Co.; Paul K. C. Chan, Danny K. H. Yu & Co.; Simon C. W. Yung & Co. or anyone acting on their behalf (together "Yu's Firm"), and Mattel, Inc. or anyone acting on Mattel's behalf (together, "Mattel") from and including August 1, 2003 through November 20, 2003, in connection with or arising from the provision of any information or materials filed in Hong Kong High Court Action No. 2152 of 2002 to Mattel or the receipt of the same by Mattel.

2. Documents reflecting communications between Yu's Firm and Mattel from and including August 1, 2003 through November 20, 2003, including but not limited to invoices, time entry reports, facsimile transmissions, and telephone records, in connection with or arising from the provision of any information or materials filed in Hong Kong High Court Action No. 2152 of 2002 to Mattel or the receipt of the same by Mattel.

3. Communications between Yu's Firm and Mattel prior to November 20, 2003 regarding BRATZ in connection with or arising from the provision of any information or materials filed in Hong Kong High Court Action No. 2152 of 2002 to Mattel or the receipt of the same by Mattel.

4. Documents reflecting communications between Yu's Firm and Mattel prior to November 20, 2003 regarding BRATZ, including but not limited to invoices, time entry reports, facsimile transmissions, and telephone records, in connection with or arising from the provision of any information or materials filed in Hong Kong High Court Action No. 2152 of 2002 to Mattel or the receipt of the same by Mattel.

5.  Communications between Yu's Firm and Mattel prior to November 20, 2003 regarding Carter Bryant, in connection with or arising from the provision of any information or materials filed in Hong Kong High Court Action No. 2152 of 2002 to Mattel or the receipt of the same by Mattel.

6.  Documents reflecting communications between Yu's Firm and Mattel prior to November 20, 2003 regarding Carter Bryant, including but not limited to invoices, time entry reports, facsimile transmissions, and telephone records, in connection with or arising from the provision of any information or materials filed in Hong Kong High Court Action No. 2152 of 2002 to Mattel or the receipt of the same by Mattel.

7.  Communications between Yu's Firm and Mattel prior to November 20, 2003 regarding MGA in connection with or arising from the provision of any information or materials filed in Hong Kong High Court Action No. 2152 of 2002 to Mattel or the receipt of the same by Mattel.

8.  Documents reflecting communications between Yu's Firm and Mattel prior to November 20, 2003 regarding MGA, including but not limited to invoices, time entry reports, facsimile transmissions, and telephone records, in connection with or arising from the provision of any information or materials filed in Hong Kong High Court Action No. 2152 of 2002 to Mattel or the receipt of the same by Mattel.

9.  Agreements entered into between Mattel and Cityworld, Toys & Trends, Mr. Kesselring, or any of them, including any agreements to pay legal fees incurred by Cityworld at any time from and including June 2002 through the present in connection with or arising from Hong Kong High Court Action No. 2152 of 2002.

10. Documents reflecting payment by Mattel of legal fees incurred by Cityworld, Toys & Trends, Mr. Kesselring, or any of them, at any time from and including June 2002 through the present in connection with or arising from Hong Kong High Court Action No. 2152 of 2002.

# EXHIBIT B

1    MELINDA HAAG (State Bar No. 132612)
     mhaag@orrick.com
2    ANNETTE L. HURST (State Bar No. 148738)
     ahurst@orrick.com
3    WARRINGTON S. PARKER III (State Bar No. 148003)
     wparker@orrick.com
4    ORRICK, HERRINGTON & SUTCLIFFE LLP
     The Orrick Building
5    405 Howard Street
     San Francisco, CA 94105
6    Telephone:  +1-415-773-5700
     Facsimile:   +1-415-773-5759
7
     WILLIAM A. MOLINSKI (State Bar No. 145186)
8    wmolinski@orrick.com
     ORRICK, HERRINGTON & SUTCLIFFE LLP
9    777 South Figueroa Street, Suite 3200
     Los Angeles, CA  90017
10   Telephone:  +1-213-629-2020
     Facsimile:   +1-213-612-2499
11
     Attorneys for MGA Parties
12
13                  UNITED STATES DISTRICT COURT

14                 CENTRAL DISTRICT OF CALIFORNIA

15                      SOUTHERN DIVISION

16   | CARTER BRYANT, an individual | Case No. CV 04-9049 DOC (RNBx) |

17   Plaintiff,

18   v.

19   MATTEL, INC., a Delaware
     Corporation

20                               Defendant.

21

22   AND CONSOLIDATED ACTIONS

23

24

25

26

27

28

| CARTER BRYANT, an individual | Case No. CV 04-9049 DOC (RNBx) |
| Plaintiff, | Consolidated with: CV 04-9059 CV 05-2727 |
| v. | |
| MATTEL, INC., a Delaware Corporation | [REVISED PROPOSED] LETTER OF REQUEST FOR JUDICIAL ASSISTANCE  BY THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA REGARDING BIRD & BIRD |
| Defendant. | |
| AND CONSOLIDATED ACTIONS | |

MGA'S [REVISED PROPOSED] LETTER OF
REQUEST FOR JUDICIAL ASSISTANCE
CV-04-0049 DOC (RNBx)

1   TO THE CHIEF SECRETARY FOR ADMINISTRATION OF HONG KONG

2   SAR:

3        The United States District Court for the Central District of California

4   presents its compliments to the Hong Kong Central Authority, namely the Chief

5   Secretary for Administration of Hong Kong SAR, and requests international

6   judicial assistance to obtain evidence to be used in a civil proceeding before this

7   court in the above captioned matter.  The Court has indicated that the trial will

8   commence no later than May 2010, and the parties have agreed to propose a trial

9   date of April 20, 2010 in Santa Ana, California, United States of America.

10        This Court requests that the assistance described herein, as necessary in the

11   interests of justice.  The assistance requested is that the High Court of the Hong

12   Kong Special Administrative Region Court of First Instance compel: the inspection

13   of documents from Bird & Bird, as set forth in Schedule A.

14        The requested documents are intended for use at trial, and will be relevant to

15   numerous claims and defenses at issue in the above-captioned case in this District.

16        This request is made with the understanding that it will in no way require the

17   persons described below to commit any offense, nor will it require the persons

18   described below to undergo a broader form of inquiry than they would if the

19   litigation were conducted in Hong Kong.

20                          **LETTER OF REQUEST**

21        This Letter of Request is made pursuant to the Hague Convention of 18

22   March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters

23   ("Hague Convention").  Accordingly, the Letter of Request sets forth the following

24   requirements under the applicable Articles of the Hague Convention, as well as

25   other information pertinent to this particular proceeding:

26

27

28

1. **Authority Requesting Letter of Request (Article 3(a)):**

Hon. David O. Carter
United States District Judge
United States District Court for the Central District of California
Court Room 9D
1-053 Ronald Reagan Federal Bldg
and United States Courthouse
411 West Fourth Street
Santa Ana, CA 92701
Tel: (714) 338-4543

The United States District Court for the Central District of California, Southern Division, which is a competent court of law and equity which properly has jurisdiction over this proceeding, has the power to compel the attendance of witnesses and inspection of documents within its jurisdiction, and has the authority to seek the assistance of foreign governments in compelling the attendance of witnesses and inspection of documents outside its jurisdiction.

**Authority Requested to Executed Letter of Request (Article 3(a)):**

Chief Secretary for Administration of Hong Kong SAR
Central Government Offices
Lower Albert Road
Hong Kong,
Tel: (011) (852) 8102954

2. **Names and Addresses of the Parties and Representatives (Article 3(b)):**

| Party | Representative |
|---|---|
| Mattel, Inc. ("Mattel") | John B. Quinn, Esq. Michael T. Zeller, Esq. Jon D. Corey, Esq. QUINN EMANUAL URQUHART OLIVER & HEDGES LLP 865 South Figueroa Street, 10th Floor Los Angeles, CA 90017 |
| MGA Entertainment, Inc.; MGAE de Mexico, S.R.L. de C.V.; MGA Entertainment (HK) Limited; Isaac Larian ("MGA") | Melinda Haag, Esq. Annette L. Hurst, Esq. Warrington S. Parker, III, Esq. ORRICK HERRINGTON & SUTCLIFFE LLP The Orrick Building 405 Howard Street San Francisco, CA 94104 |

| | |
|---|---|
| | William A. Molinski, Esq. ORRICK HERRINGTON & SUTCLIFFE LLP 777 South Figueroa Street, Suite 3200 Los Angeles, CA 90017 |
| | Thomas J. Nolan, Esq. Jason Russell, Esq. SKADDEN ARPS SLATE MEAGHER & FLOM LLP 3000 South Grand Avenue, Suite 3400 Los Angeles, CA 90071 |
| Carlos Gustavo Machado Gomez | Mark E. Overland, Esq. David C. Scheper, Esq. Alexander H. Cote, Esq. OVERLAND, BORENSTEIN, SCHEPER & KIM, LLP 300 S. Grand Avenue, Suite 2750 Los Angeles, CA 90071 |

**3.     Nature of the Proceedings (Article 3(c)):**

The evidence requested relates to civil proceedings entitled *Bryant v. Mattel, Inc.,* Case No. CV 04-9049 DOC (RNBx) ("Consolidated Proceeding"), which consists of three actions that have been instituted and consolidated before the requesting judicial authority: *Bryant v. Mattel, Inc.*, Case No. CV 04-9049 DOC (RNBx); *Mattel, Inc. v. Bryant*, Case No. CV 04-9059 DOC (RNBx), and *MGA Entertainment v. Mattel, Inc.*, Case No. CV 05-2727 DOC (RNBx).  The Consolidated Proceeding is a civil lawsuit, and the applicant for this Letter of Request is a party to the proceeding, MGA.  In the Consolidated Proceeding, MGA brought a complaint against Mattel alleging false designation of origin, unfair competition, dilution and unjust enrichment.  Mattel filed counterclaims for copyright infringement, misappropriation of trade secrets, violation and conspiracy to violate the Racketeer Influenced and Corrupt Organizations Act, breach of contract, intentional interference with contract, breach and aiding and abetting breach of fiduciary duty, breach and aiding and abetting breach of duty of loyalty, conversion, unfair competition, avoidance of intentional and constructive fraudulent

-4-

1    transfers under the Uniform Fraudulent Transfer Act, and declaratory relief. Mattel

2    first sought to lodge an amended complaint with these causes of action on

3    November 20, 2006, but the causes of action were not filed as counterclaims until

4    January 12, 2007. MGA has reason to believe that Mattel learned about the claims

5    it seeks to assert against MGA at such an early date that Mattel is barred from

6    asserting those claims by the statute of limitations and laches.

7        For example, under California law, which applies in this case, a claim for

8    misappropriation of trade secrets is barred under the statute of limitations if it is

9    filed more than three years after the party discovered or, by the exercise of

10   reasonable diligence, should have discovered the alleged misappropriation. Thus,

11   any evidence showing that Mattel discovered or should have discovered that its

12   alleged trade secrets were misappropriated before November 20, 2003 would be

13   evidence that Mattel cannot assert its misappropriation of trade secrets claim

14   because it was not filed within three years of when it accrued.

15       MGA has reason to believe that Mattel learned about the alleged

16   misappropriation of trade secrets prior to November 20, 2003 through

17   communications between its counsel at Quinn Emanuel Urquhart Oliver & Hedges,

18   LLP ("Quinn") and Bird & Bird, a solicitors' firm in the Hong Kong Special

19   Administrative Region. On September 23, 2003, Quinn received one or more

20   facsimiles from Bird & Bird allegedly attaching the Writ of Summons issued in

21   Hong Kong High Court Action No. 2152 of 2002 ("Hong Kong Action"). There are

22   several discrepancies associated with the facsimile(s) that has been produce to

23   MGA in the Consolidated Proceeding, which lead MGA to believe that it may not

24   have the complete document(s) transmitted from Bird & Bird: (1) the header on the

25   facsimile changes between pages ten and eleven indicating that there may have

26   been two different facsimile transmissions from two different machines (the

27   numbering convention changes from "01, 02, 03…" to "11/46, 12/46, 13/46…");

28   (2) also between pages ten and eleven, there is a 18 minute time gap, from 14:37 to

14:55; (3) the cover page to the fax indicates that it is 44 pages (including this page), while the header on pages eleven to forty-six indicates that a forty-six page fax was sent.  (Pages with "01" to "10" in the header are attached hereto as Exhibit A.  Pages with "11/46" to "46/46" in the header are attached hereto as Exhibit B.) These discrepancies indicate that Bird & Bird may have sent two facsimile transmissions with materials in addition to those that MGA has been provided in the Consolidated Proceeding.  If Mattel, through Quinn, received additional information about the Hong Kong Action from Bird & Bird prior to November 20, 2003, its claims may be time-barred.

This Letter of Request is directed and narrowly tailored to inspection of the original and copies of the facsimile transmission(s) from Bird & Bird dated September 23, 2003, and confirmation of transmission as generated by the facsimile machine.  The evidence sought is expected to show that Mattel was put on notice or should have been put on notice of its claims against MGA more than three years before it asserted those claims, rendering the claims barred by the statute of limitations.

4.     **Evidence to be Obtained (Article 3(d)):**

As stated above, this Letter of Request is directed and narrowly tailored to inspection of the original facsimile transmission(s) from Bird & Bird on September 23, 2003.  The evidence to be obtained is for use in an upcoming trial of phase 2 of the consolidated actions that have been captioned *Bryant v. Mattel, Inc.*, Case No. 04-9049 DOC (RNBx) (Consolidated with Case No. 04-9059 and Case No. 05-2727).

Accordingly, it is requested that the High Court of the Hong Kong Special Administrative Region Court of First Instance compel the following: the inspection of documents from Bird & Bird, as set forth in Schedule A.

As detailed above, it is alleged by MGA that Mattel had communications and dealings with the above entities that are relevant to showing that Mattel knew or

MGA'S [REVISED PROPOSED] LETTER OF
REQUEST FOR JUDICIAL ASSISTANCE
CV-04-0049 DOC (RNBx)

1  should have known about its claims against MGA more than three years before it

2  asserted the claims, rendering the claims barred by the statute of limitations.

3  **5.      Name and Address of the Person to be Examined (Article 3(e)):**

4      Bird & Bird (Inspection only)
    33/F, Three Pacific Place,
5      1 Queen's Road East,
    Hong Kong

6

7  **6.      Statement of the Subject-Matter of the Examination (Article 3(f)):**

8      This Letter of Request seeks only inspection of documents.

9  **7.      Documents or Other Property to be Inspected (Article 3(g)):**

10      The documents or other property requested from Bird & Bird are set forth in

11  Schedule A.

12  **8.      Requirement that the Evidence Is to Be Given Under Oath (Article 3(h)):**

13      This Letter of Request seeks only inspection of documents.

14  **9.      Special Method or Procedure to be Followed (Articles 3(i) and 9):**

15      A Protective Order was entered in this action on January 4, 2005 (Exhibit C

16  hereto). Accordingly, this Court requests that the High Court of the Hong Kong

17  Special Administrative Region Court of First Instance order that evidence produced

18  pursuant to enforcement of this Letter of Request shall not be used by anyone in

19  any manner or proceeding other than in this matter, *Bryant v. Mattel, Inc.*, Case No.

20  04-9049 DOC (RNBx) (consolidated with Case No. 04-9059 and Case No. 05-

21  2727), pending in the United States District Court for the Central District of

22  California.

23  **10.     Notification of Court and Parties (Article 7)**

24      Pursuant to Article 7 of the Hague Convention on the Taking of Evidence

25  Abroad, the Court requests that counsel for the parties in this action, listed in

26  paragraph 2 above, be informed of the time when, and the place where, the

27  requested inspection will take place, in order that they may be present and

28  participate. In the event that American attorneys are not permitted to participate in

the proceedings, this Court gives permission for local Hong Kong counsel representing the parties to participate in the inspection.

**11.    Reciprocity**

This Court respectfully expresses its willingness to provide similar assistance to the High Court of the Hong Kong Special Administrative Region Court of First Instance.

## Conclusion

Based on the foregoing and the Court's review of the pleadings, this Court has concluded that the above-requested entity has information about the claims and defenses that are the subject of the Consolidated Proceeding, namely facsimile correspondence with Mattel on September 23, 2003.  In the spirit of comity and reciprocity, this Court hereby requests international judicial assistance as detailed in this Letter of Request to compel: the inspection of documents from Bird & Bird, as set forth in Schedule A.

The evidence sought cannot be obtained other than from Bird & Bird through inspection of documents in its possession, and such evidence in the interests of justice and to assure a complete record for trial in this matter.

DATED: _____, 2009


By:_____
          THE HONORABLE DAVID O. CARTER
          UNITED STATES DISTRICT COURT JUDGE

Authenticated of Signature by Clerk of the Court:


TERRY NAFISI, Clerk of the Court


By:_____
          Deputy Clerk _____

1    Court's Authentication that the Clerk of Court is the Clerk of Court:

2

3           By:_____

4              THE HONORABLE DAVID O. CARTER
               UNITED STATES DISTRICT COURT JUDGE

5

6    Authenticated of Signature by Clerk of the Court:

7

8

9           TERRY NAFISI, Clerk of the Court

10

11           By:_____
             Deputy Clerk _____

12

1     <u>**SCHEDULE A**</u>

2     REQUESTS FOR INSPECTION OF DOCUMENTS TO BIRD & BIRD:

3     1.  The original and copies of the complete set of documents transmitted by

4     facsimile from Bird & Bird to Quinn, beginning with the pages attached hereto

5     as Exhibit A.

6     2.  The confirmation of transmission provided by the facsimile machine for the

7     facsimile from Bird & Bird to Quinn that begins with the pages attached hereto

8     as Exhibit A.

9     3.  The original and copies of the complete set of documents transmitted by

10    facsimile from Bird & Bird to Quinn, ending with the pages attached hereto as

11    Exhibit B.

12    4.  The confirmation of transmission provided by the facsimile machine for the

13    facsimile from Bird & Bird to Quinn that ends with the pages attached hereto as

14    Exhibit B.

15

16

17

18

19

20

21

22

23

24

25

26

27

28