Robert C. O'Brien (SBN 154372)
ARENT FOX LLP
555 West Fifth Street, 48th Floor
Los Angeles, CA 90013-1065
Telephone: 213.629.7400
Facsimile: 213.629.7401
obrien.robert@arentfox.com

Discovery Master

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>        Plaintiff,<br><br>        v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>        Defendant.<br><br>CONSOLIDATED WITH MATTEL, INC. v. BRYANT and MGA ENTERTAINMENT, INC. v. MATTEL, INC. | Case No. CV 04-09049 DOC (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-2727<br><br>**PHASE 2 DISCOVERY MATTER**<br><br>**ORDER NO. 68, REGARDING:**<br><br>*EX PARTE* **APPLICATION OF MATTEL, INC. FOR PRODUCTION OF COMPLETE COPIES OF WITHHELD DOCUMENTS IN ADVANCE OF HEARING ON MGA PARTIES' APPLICATION FOR ISSUANCE OF LETTER OF REQUEST FOR JUDICIAL ASSISTANCE RE: DANNY K.H. YU AND BIRD & BIRD** |

1     This Order sets forth the Discovery Master's ruling on the *Ex Parte* Application for Production of Complete Copies of Withheld Documents in Advance of Hearing on MGA Parties' Application for Issuance of Letter of Request for Judicial Assistance Re: Danny K.H. Yu and Bird & Bird (the "Application") filed by Mattel, Inc. ("Mattel"). The Discovery Master, having considered the Application, the Opposition to the Application filed by the MGA Parties, and the Reply in Support of the Application, rules as set forth below:

## I.    RELIEF SOUGHT BY MATTEL

    In its Application, Mattel requests three forms of relief. First, Mattel seeks "a complete copy of Cityworld's Appointment to Tax, dated July 15, 2008, excerpts of which were attached as Exhibit K to the Declaration of Diana M. Rutowski In Support of MGA Parties' Notice and Application for Issuance Of Request For Judicial Assistance Re: Danny K.H. Yu and Bird & Bird ('Rutowski Declaration')." (Application, p. 1 of the notice section). Second, Mattel seeks "a complete copy of the transcript of proceedings, dated October 29, 2008, excerpts of which were attached as Exhibit L to the Rutowski Declaration." (*Id*.). Finally, Mattel seeks "any and all other documents from the Cityworld litigation that refer or reflect alleged Mattel communications." (*Id*.).

    Mattel argues that the expedited document production is warranted because (1) the documents should have been produced pursuant to prior Court orders, (2) the MGA Parties have had them "for a year or more," and (3) the MGA Parties purport to rely on them in their letter of request application regarding Danny K.H. Yu and Bird & Bird. (*Id*.).

## II.    THE MGA PARTIES' OPPOSITION

    The MGA Parties respond that the most of the relief requested by Mattel is moot, since they recently provided "full copies of the documents excerpted in Exhibits K and L" to Mattel. (Opposition to Application, pp. 1, 3 and 4). The MGA Parties further argue that there is no reason to address the remainder of

1  Mattel's Application because (1) Mattel did not comply with the notice
2  requirements of Local Rule 7-19 or the Court's Standing Order, (*id*., pp. 1, 5 and 6),
3  (2) Mattel has not explained why it requires these documents immediately or how
4  its opposition to the letter of request application regarding Danny K.H. Yu and Bird
5  & Bird "would be hampered without such documents," (*id*., pp. 1 and 4 – 7), and
6  (3) the MGA Parties have not improperly withheld any documents, (*id*., pp. 2 and
7  7).

**III.   ANALYSIS**

**A.   The *Ex Parte* Application Is Partially Moot**

Having considered all of the parties' arguments, I find, as an initial matter, that Mattel's request for complete copies of Exhibits K and L to the Rutowski Declaration is moot.  Mattel received complete copies of both documents from the MGA Parties shortly after it filed its Application.  (*Id*., p. 1).  Therefore, it is unnecessary to address Mattel's request that the MGA Parties be ordered to "immediately produce complete copies of Exhibits K and L to the Rutowski Declaration." (Application, p. 9).

**B.   Mattel Has Not Demonstrated Good Cause For Hearing The Remaining Issues On Shortened Notice**

As for Mattel's request that the MGA Parties be ordered to produce "all other documents from the Cityworld litigation that refer or reflect alleged Mattel communications," (*id*.), the MGA Parties argue that Mattel did not provide notice that it would be seeking *ex parte* relief concerning these "other documents" as required by Local Rule 7-19 and the Court's Standing Order, but instead indicated that it wished to meet and confer with the MGA Parties about the production of these materials, (Opposition to the Application, p. 1; *see also* Declaration of Michael Zeller in Support of Application ("Zeller Decl."), Ex. 5).  However, Local Rule 7-19 and the Court's Standing Order do not apply to discovery disputes in this case.  As I concluded in Order No. 8, "the applicable procedure is the one adopted

by the Court in its order appointing a discovery master dated December 6, 2006 ('Discovery Master Order').[1]" (Order No. 8, p. 3). Accordingly, its procedures replace those set forth for *ex parte* applications in Local Rule 7-19 and the Court's Standing Order.[2] (Discovery Master Order, pp. 4 and 5).

Nevertheless, under the Discovery Master Order, Mattel had an affirmative obligation to demonstrate that "good cause" exists for hearing the pending matter "on shortened time" and that it will "be prejudiced absent prompt resolution" of the issue. (*Id.*). No such showing has been made here.

In the introductory section of its Application preceding the Memorandum of Points and Authorities, Mattel argues that emergency relief is necessary "given that MGA purports to rely on evidence in these documents in support of its Letter of Request application [regarding Danny K.H. Yu and Bird & Bird] but has failed to produce them in complete form to Mattel, despite Mattel's requests and despite prior orders compelling their production." (Application, p. 1 of the notice section). To the extent the MGA Parties are relying on specific documents with respect to their letter of request motion, I agree that Mattel is entitled to have complete copies of them and may request them on an expedited basis. However, Mattel fails to explain how any other document (besides Exhibits K and L discussed above) relates to the MGA Parties' pending letter of request motion regarding Danny K.H. Yu and Bird & Bird.

Rather than establishing a link between these "other documents" and the MGA Parties' pending motion for letters of request, Mattel's initial brief (i.e., the Application) focuses exclusively on the reasons why Exhibits K and L relate to the October 16, 2009 hearing. (*See, e.g.,* Application, p. 7 ["As MGA's own Letter of

---

[1] The Discovery Master Order is incorporated by reference into the Court's January 6, 2009 Order appointing a discovery master for Phase 2 of this litigation. (*See* Court's Order dated January 6, 2009, p. 2 ["The Discovery Master will serve under the terms and conditions of the Stipulation and Order dated December 6, 2006"]).

[2] I reach this conclusion even though Mattel also apparently believes that Local Rule 7-19 applies to discovery disputes. (Application, p. 1 of the notice section [stating that Mattel "respectfully applies *ex parte*, pursuant to Local Rule 7-19, for an order . . ."]).

1   Request application necessarily admits, MGA seeks to rely on Exhibits K and L in
2   support of its ostensible statute of limitations defense against Mattel's
3   misappropriation of trade secret claims relating to the theft of Bratz information."]).
4   Moreover, like Judge Larson,[3] I am not inclined to grant relief based on new
5   arguments raised for the first time at the reply stage.  Accordingly, Mattel's reply
6   arguments are procedurally barred. (*See*, *e.g.*, *United States v. Boyce*, 148
7   F.Supp.2d 1069, 1085 (S.D.Cal.2001); *Stewart v. Wachowski,* 2004 WL 2980783,
8   at *11 (C.D.Cal. Sept. 28, 2004); *Hamilton v. Willms,* 2007 WL 2558615, *11
9   (E.D.Cal.2007); *see also United States v. Cox,* 7 F.3d 1458, 1463 (9th Cir.1993);
10  *United States v. Wright,* 215 F.3d 1020, 1030 n. 3 (9th Cir.2000)).

11         Furthermore, even if I were to consider the arguments made in the Reply,
12  they lack merit.  The Reply merely states that "other relevant documents . . .
13  unquestionably relate to MGA's previously adjudicated statute of limitations and
14  laches defenses . . . . [a]nd . . . are plainly relevant to the hearing on MGA's"
15  pending motion for issuance of letters of request. (Reply in Support of Application,
16  pp. 1 and 2).  But this assertion neither explains how the MGA Parties have relied
17  on these "other documents" as support for their letter of request motion nor how
18  Mattel intends to use the documents to demonstrate the letter of request motion
19  should be denied.[4]  In fact, Mattel does not even know what these unspecified other
20  documents actually say (to the extent they exist) and thus concedes that, at best,
21  they are "*necessarily likely* to contain facts relating to MGA's affirmative defenses
22  and . . . its claims of entitlement to the requested discovery." (*Id*., p. 9).  Therefore,

---

[3] In *Bryant v. Mattel, Inc.*, 573 F.Supp.2d 1254, 1273 n.7 (C.D. Cal. 2007), the Court noted that it "ordinarily would not consider" arguments made for the first time on reply but did so only "because [undertaking the analysis did] not change [its] ultimate conclusion."

[4] Mattel makes other allegations elsewhere in its Reply that also fail to sufficiently explain how the "other documents" relate to MGA's pending letter of request motion.  For example, on pages 7 and 8, the Reply states that "Mattel also seeks . . . remaining documents because they . . . will provide more evidence that corroborate Mattel's chronology and refute MGA's spurious claims of earlier, undisclosed communications." (Reply in Support of Application, pp. 7 and 8).  The Reply later states in footnote 8 that "MGA should be compelled to make a complete production of previously ordered documents relevant to MGA's statute of limitations defense and laches defense and relevant to the issues MGA itself has raised on its Letters of Request Application." (*Id*., p. 8 fn.8.)

the relevance of "all other documents" sought by Mattel to the October 16, 2009 hearing is speculative. Accordingly, I find that Mattel has not established good cause for obtaining them on an expedited basis.

      This conclusion is supported by the meet and confer letter Mattel's counsel sent to MGA's counsel prior to filing its Application. Rather than demonstrating any exigency that makes it imperative for Mattel to obtain the "other documents" on an expedited basis, the September 22, 2009 e-mail sent by Michael Zeller to Annette Hurst simply asked MGA to let Mattel know "when MGA is available to meet and confer in advance of a contemplated motion to enforce and for sanctions for MGA's now demonstrable withholding of documents relating to MGA's purported defenses." (Zeller Decl., Ex. 5). In light of this statement, Mattel has essentially conceded that the issue of whether the MGA Parties were already ordered to produce "all other documents from the Cityworld litigation that refer or reflect Mattel alleged communications" should be the subject of a regularly noticed motion.

      Notwithstanding the foregoing, this Order in no way prevents Mattel from raising this issue by a regularly noticed motion. Without prejudging the merits of such a discovery dispute, Mattel is entitled to argue that the "other documents" should have already been produced pursuant to a prior to a court order. Of course, the MGA Parties are entitled to defend any against any such motion by raising all applicable arguments. Therefore, to the extent Mattel's Application seeks the immediate production of "all other documents from the Cityworld litigation that refer or reflect Mattel alleged communications," it is denied without prejudice.

## IV.   **DISPOSITION**

      Accordingly, the Discovery Master **ORDERS** as follows:

      1.    Mattel's Application is **GRANTED** in part and **DENIED** in part.

      2.    With respect to the relief requested concerning Exhibits K and L to the Rutowski Declaration, the Application is granted. However, the MGA Parties have

1  already produced complete copies of these documents to Mattel. Therefore, the
2  relief sought is no longer necessary.
3          3.     Mattel's request for "all other documents from the Cityworld litigation
4  that refer or reflect alleged Mattel communications" is denied without prejudice.

6  Dated: October 3, 2009

                                        By:      /s/ Robert C. O'Brien
                                                 ROBERT C. O'BRIEN
                                                 Discovery Master