1  Robert C. O'Brien (SBN 154372)
   ARENT FOX LLP
2  555 West Fifth Street, 48th Floor
   Los Angeles, CA  90013-1065
3  Telephone:  213.629.7400
   Facsimile:   213.629.7401
4  obrien.robert@arentfox.com

5  Discovery Master

6

7

8                    UNITED STATES DISTRICT COURT

9                    CENTRAL DISTRICT OF CALIFORNIA

10                         SOUTHERN DIVISION

11

| | |
|---|---|
| 12  CARTER BRYANT, an individual, | Case No.  CV 04-09049 DOC (RNBx) |
| 13              Plaintiff, | |
| | Consolidated with |
| 14         v. | Case No. CV 04-09059 |
| | Case No. CV 05-2727 |
| 15  MATTEL, INC., a Delaware corporation, | **PHASE 2 DISCOVERY MATTER** |
| 16              Defendant. | **ORDER NO. 73, REGARDING:** |
| 17 | |
| | **REQUEST OF MATTEL, INC.** |
| 18 | **FOR INFORMATION PROVIDED** |
| | **BY MGA ENTERTAINMENT,** |
| 19 | **INC. AND ISAAC LARIAN TO** |
| | **THE DISCOVERY MASTER IN** |
| 20 | **CONNECTION WITH ORDER** |
| | **NOS. 33 AND 50** |
| 21  CONSOLIDATED WITH | |
| MATTEL, INC. v. BRYANT and | |
| 22  MGA ENTERTAINMENT, INC. v. | |
| MATTEL, INC. | |

23

24

25

26

27

28

1    This Order sets forth the Discovery Master's ruling on the request of Mattel,
2    Inc. ("Mattel") for information provided by MGA Entertainment, Inc. and Isaac
3    Larian (collectively, the "MGA Parties") to the Discovery Master pursuant to Order
4    Nos. 33 and 50 (the, "Letter Motion").  The Discovery Master, having considered
5    Mattel's Letter Motion, the Opposition to the Letter Motion, and the Reply in
6    Support of the Letter Motion, rules as set forth below:

## I.    RELIEF SOUGHT BY MATTEL

On September 15, 2009, Mattel submitted a letter brief requesting that the MGA Parties "be ordered to produce the index submitted to the Discovery Master" pursuant to Order No. 50 "with any genuinely privileged information redacted." (September 15, 2009 correspondence from Dylan Proctor to Robert C. O'Brien, p. 2).  In its Reply dated September 30, 2009, Mattel also requested that the MGA Parties be ordered "to serve whatever other *in camera* submissions accompanied its initial submission of the withheld communications at issue in Order No. 33, at least in redacted form, so that Mattel can examine the representations it is making to the Discovery Master."  (September 30, 2009 correspondence from Dylan Proctor to Robert C. O'Brien, p. 3).

## II.    THE MGA PARTIES' OPPOSITION

The MGA Parties oppose the Letter Motion on three grounds.  First, they argue that it is procedurally improper, since "Mattel has not identified any outstanding document request that calls for the list it now demands."  (September 28, 2009 correspondence from Annette Hurst to Robert C. O'Brien, p. 1).  Second, they argue that the "submission was made solely for the purposes of the Discovery Master's use in connection with the *in camera* inspection" and contains "numerous sources of work product and privileged information."  (*Id*.).  Finally, they argue that Mattel has already received the information necessary to assess their privilege assertions and that "MGA has provided additional information upon request."  (*Id*.).

//

## III. ANALYSIS

### A. The Letter Motion Is Denied

Having considered all of the parties' arguments, I find that the MGA Parties are not required to produce the index the MGA Parties submitted pursuant to Order No. 50 or any of the submissions that accompanied the production of the withheld documents required by Order No. 33. The Letter Motion is denied for three reasons.

First, the submissions were ordered solely for purposes of facilitating my *in camera* review of the withheld communications. They were not intended to create additional responsive materials that Mattel could discover.

Second, redacting the submissions is not possible in many instances because the documents are entirely privileged and/or comprise attorney work product, and even producing redacted documents could disclose privileged information.

Finally, ordering the production of the materials now would be inequitable. If the MGA Parties had known that the information they were submitting to me *in camera* would also have to be produced to Mattel, the MGA Parties may have phrased the submissions in another manner or appealed my rulings in Order No. 33 and/or Order No. 50 to the Court. That the MGA Parties believed the materials would not have to be produced to Mattel is evidenced by their refusal to produce the submissions as well as their claim in the Opposition that "[t]he submission[s] w[ere] made solely for the purposes of the Discovery Master's use in connection with the *in camera* inspection." (September 28, 2009 correspondence from Annette Hurst to Robert C. O'Brien, p. 1).

### B. The Parties Must Comply With Federal Rule Of Civil Procedure 26(b)(5)(A)(ii)

Notwithstanding the foregoing, the parties must comply with their respective obligations concerning privilege logs. Pursuant to Federal Rule of Civil Procedure 26(b)(5)(A)(ii), a party withholding documents under claim of privilege must

"describe the nature of the documents, communications, or tangible things not produced or disclosed – and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." (Fed. R. Civ. Proc. 26(b)(5)(A)(ii)).

As a practical matter, this rule requires that the party claiming the privilege should set forth the following information in its privilege log: (1) the general nature of the document (without disclosing its contents); (2) the identity and position of its author; (3) the date it was written; (4) the identity and position of all addressees and recipients; (5) the document's present location; and (6) the specific reason(s) it was withheld (i.e., which privilege is claimed, etc.). (*United States v. Construction Products Research, Inc.*, 73. F.3d, 464, 473 (2nd Cir. 1996)); *Harper v. Auto-Owners Ins. Co.*, 138 F.R.D. 655, 664 (S.D.Ind.1991); *Resolution Trust Corp. v. Diamond*, 137 F.R.D. 634, 641–642 (S.D.N.Y. 1991); *see also* Wright & Miller, 8 Federal Practice & Procedure § 2016.1).

To ensure that their respective privilege logs meet the requirements of Federal Rule of Civil Procedure 26(b)(5)(A)(ii), the parties are ordered to review their privilege logs again. The Parties must cure any deficiencies in such logs by providing supplemental privilege logs to the opposing party within forty-five (45) days from the date of this Order. If the adequacy of any privilege log entry remains in question following the expiration of this time period, the parties may seek appropriate relief after having met and conferred.

**IV.   DISPOSITION**

The Discovery Master **ORDERS** as follows:

1. Mattel's Letter Motion is **DENIED**.

2. The parties are ordered to review their respective privilege logs and ensure that they satisfy the requirements of Federal Rule of Civil Procedure

//

//

26(b)(5)(A)(ii). Any deficiencies in the privilege logs must be corrected within forty-five (45) days of this Order.

Dated: October 30, 2009

By: /s/ Robert C. O'Brien
ROBERT C. O'BRIEN
Discovery Master