Robert C. O'Brien (SBN 154372)
ARENT FOX LLP
555 West Fifth Street, 48th Floor
Los Angeles, CA 90013-1065
Telephone: 213.629.7400
Facsimile: 213.629.7401
obrien.robert@arentfox.com

Discovery Master

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>CONSOLIDATED WITH MATTEL, INC. v. BRYANT and MGA ENTERTAINMENT, INC. v. MATTEL, INC. | Case No. CV 04-09049 DOC (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-2727<br><br>**PHASE 2 DISCOVERY MATTER ORDER NO. 87, REGARDING *IN CAMERA* REVIEW PURSUANT TO ORDER NO. 33** |

The Discovery Master, having received documents submitted by MGA Entertainment, Inc. and Isaac Larian ("MGA Parties") for *in camera* review pursuant to Order No. 33 and information relevant to that *in camera* review pursuant to Order No. 50, and having completed the *in camera* review of those documents, **ORDERS** as follows:

**I.     FACTUAL BACKGROUND**

In Order No. 33 I granted Mattel, Inc.'s ("Mattel") Motion to Compel *In Camera* Review and Production of Non-Attorney or Non-Legal Communications Listed on MGA's Privilege Logs ("Motion") and ordered MGA Entertainment, Inc. and Isaac Larian (collectively, the "MGA Parties") to produce to me all documents listed in Appendices A through E to the Motion. I also permitted the MGA Parties to provide, together with the documents for review, a Log explaining how those documents qualify for protection under the privileges asserted. (Order No. 33, p. 60).

After I received the documents submitted by the MGA Parties for *in camera* review pursuant to Order No. 33, I then issued Order No 50, ordering the MGA Parties to provide me with a detailed list of names, employers, job titles, and roles of the persons who authored or received the documents submitted for *in camera* review. (*See* Order No. 50, pp. 1 and 2). The MGA Parties produced the ordered list on or about September 11, 2009. (Letter from Annette Hurst to Robert C. O'Brien dated September 11, 2009).

**II.    ANALYSIS**

    **A.    Legal Standard**

In reviewing the documents submitted by the MGA Parties, I applied certain well-established principles related to the applicability of the attorney-client privilege, the attorney work product doctrine, and any other basis for withholding asserted by the MGA Parties, including the requested application of the common interest exception to waiver of privilege, which are summarized below.

### 1. The Attorney-Client Privilege

The attorney-client privilege is the primary protection asserted by the MGA Parties as to the documents reviewed *in camera*. The privilege "protects confidential disclosures made by a client to an attorney in order to obtain legal advice, as well as an attorney's advice in response to such disclosures." (*In re Grand Jury Investigation,* 974 F.2d 1068, 1070 (9th Cir. 1992) [citations omitted]). The attorney-client privilege applies where the party asserting it can demonstrate that: "(1) the asserted holder of the privilege is or sought to become a client; (2) the person to whom the communication was made (a) is a member of the bar of a court, or his subordinate and (b) in connection with this communication is acting as a lawyer; (3) the communication relates to a fact of which the attorney was informed (a) by his client (b) without the presence of strangers (c) for the purpose of securing primarily either (i) an opinion of law or (ii) legal services or (iii) assistance in some legal proceeding, and not (d) for the purpose of committing a crime or tort; and (4) the privilege has been (a) claimed and (b) not waived by the client." (*Baxter Healthcare Corp. v. Fresenius Medical Care Holding, Inc.*, 2008 WL 5214330, *2 (N.D. Cal. 2008) [citing *In Re Grand Jury Investigation*, 599 F.2d at 1233; *United States v. United Shoe Mach. Corp.*, 89 F. Supp. 357, 358-59 (D. Mass. 1950)]).

Most of the documents at issue here involve the question of protection under the attorney-client privilege in the corporate context – where employees of an attorney's corporate client communicate with counsel or with each other regarding legal advice. The leading case discussing whether a communication in the corporate context is protected under the attorney-client privilege is *Upjohn v. United States*, 449 U.S. 383 (1981) ("*Upjohn*"). The Supreme Court recognized in *Upjohn* that "[i]n light of the vast and complicated array of regulatory legislation confronting the modern corporation, corporations, unlike most individuals, constantly go to lawyers to find out how to obey the law . . . ." (*Upjohn*, 449 U.S. at 392 [citation omitted]). "In *Upjohn*, the Supreme Court rejected limiting the

definition of 'client' to merely the corporation's 'control group,' instead focusing on the subject matter of the attorney's communication with the employee." (*Hynix Semiconductor Inc. v. Rambus Inc.*, 2008 WL 350641, *3 (N.D. Cal. 2008) [citing *Upjohn*, 449 U.S. at 394-95]).  "In a sense, whether an employee is a 'client' collapses into whether the communication between the attorney and the employee constitutes the giving or receiving of legal advice."  (*Id.*).

Indeed, the fact that a communication conveying legal advice is made between a corporation's employees, and not between an attorney and the corporation, is "not necessarily [] fatal to the attorney-client privilege."  (*Id.* [citing *United States v. ChevronTexaco Corp.*, 241 F. Supp. 1065, 1077 (N.D. Cal. 2002)]).  The issue is whether the employees are conveying to one another "legal advice, which would be privileged, or [an employee's] business analysis, which would not."  (*Id.*).

The vast majority of the documents provided by the MGA Parties constitute e-mail chains, each of which constitutes a communication conveying multiple past communications.  The question of whether an e-mail chain or its various sub-communications are privileged requires analysis into each of the e-mail communications in the chain, since "[e]ach email is a separate communication, for which a privilege may or may not be applicable."  (*Baxter Healthcare Corp. v. Fresenius Medical Care Holding, Inc.*, 2008 WL 4547190 (N.D. Cal. 2008)).  But, "even though one email is not privileged, a subsequent and privileged email which forwards that prior non-privileged email, will allow the privilege to attach to the entire email chain, including the non-privileged email message."  (*Rhoads Industries, Inc. v. Building Materials Corp. of America*, 254 F.R.D. 238, 240 (E.D. Penn. 2008) [citing *Upjohn*, 449 U.S. 383 (1981); *Muro v. Target Corp.*, 243 F.R.D. 301, 307 (N.D. Ill. 2007)]; *see also Barton v. Zimmer*, 2008 WL 80647 (N.D. Ind. 2008) ["As applied to emails, this means that even though one email is not privileged, a second email forwarding the prior email to counsel might be

privileged in its entirety."]).

And, where an e-mail chain contains communications between corporate employees both before and after a privileged communication contained within the chain, either some or all of that e-mail chain may nevertheless remain privileged. "[A]lthough written communication between corporate management employees is not necessarily protected by the attorney-client privilege, a party may be able to successfully demonstrate applicability of privilege by establishing that the communication was made in confidence for the primary purpose of obtaining legal advice." (*Williams v. Sprint/United Management Co.*, 2006 WL 266599, *3 (D. Kan. 2006) [citing *Lintz v. American Gen. Finance, Inc.*, 1999 WL 450197, *4 (D. Kan. June 24, 1999); *United States v. Chevrontexaco Corp.*, 241 F. Supp. 2d 1065, 1077 (N.D. Cal. 2002); *In re Grand Jury Proceedings*, M-11-189, 2001 WL 1167497, at *24 (S.D.N.Y. Oct.3, 2001); *Penn Valley Pump Co., Inc. v. Alfa Laval Pumps, Inc.*, No. 97-5194, 1999 WL 1293348 (E.D. Pa. Dec. 30, 1999); *First Chicago Intern. v. United Exchange Co. Ltd.*, 125 F.R.D. 55, 58 (S.D.N.Y. 1989); *Cuno, Inc. v. Pall Corp.*, 121 F.R.D. 198, 203 (E.D.N.Y. 1988); *United States v. American Tel. & Tel. Co.*, 86 F.R.D. 603, 619 (D.D.C. 1979); *Burlington Indus. v. Exxon Corp.*, 65 F.R.D. 26, 39 (D. Md. 1974); *Eutectic Corporation v. Metco, Inc.*, 61 F.R.D. 35, 40 (E.D.N.Y. 1973; *Danisch v. Guardian Life Insur. Co. of Am.*, 18 F.R.D. 77, 80 (S.D.N.Y. 1955)]).

"In deciding whether the attorney-client privilege [applies,] the Court must determine whether the communication is 'designed to meet problems which can fairly be characterized as predominantly legal.'" (*Rowe v. E.I. duPont de Nemours and Co.*, 2008 WL 4514092, *8 (D. N.J. Sept. 30, 2008); *see also In re Pappas*, 2009 WL 1574923, *2 (Bkrtcy. D. Del. 2009) ["To the extent these emails do not direct questions to the copied attorneys, discuss legal advice previously rendered, discuss whether legal advice should be sought in the future, or are not included within an email chain that was directed at some point to attorneys, such emails are

not protected by the attorney client privilege . . . ."]).

### 2. The Attorney Work Product Doctrine

The attorney work product doctrine provides limited protection from disclosure of materials prepared by a party or its representative in anticipation of litigation.  (*See* Fed.R.Civ.P. 26(b)(3); *see also Hickman v. Taylor*, 329 U.S. 495 (1947)).  It protects a 'zone of privacy within which to think, plan, weigh facts and evidence, candidly evaluate a client's case, and prepare legal theories,' and is confined to "materials prepared in anticipation of litigation or for trial."  (*Western Trails, Inc. v. Camp Coast To Coast, Inc.*, 139 F.R.D. 4, 9 (D. D.C. 1991) [citations omitted]).

### 3. Common Interest Exception To Waiver Of Privilege

The common interest rule (or common interest exception) is often identified as either equivalent to or synonymous with the joint defense privilege.  It is "an extension of the attorney client privilege," (*Waller v. Financial Corp. of Am.*, 828 F.2d 579, 583 n. 7 (9th Cir. 1987)), that "serves to protect the confidentiality of communications passing from one party to the attorney for another party where a joint defense effort or strategy has been decided upon and undertaken by the parties and their respective counsel."  (*U.S. v. Schwimmer*, 892 F.2d 237, 243 (2nd Cir. 1989) [citing *United States v. Bay State Ambulance and Hosp. Rental Serv.*, 874 F.2d 20, 28 (1st Cir. 1989)]).  The common interest rule addresses the need to protect the free flow of information from client to attorney that exists whenever multiple clients share a common interest about a legal matter.  (*United States v. Zolin*, 809 F.2d 1411, 1417 (9th Cir. 1987)).

As properly applied, the common interest rule only applies to and protects communications made in the course of an ongoing common enterprise and intended to further the enterprise.  (*Eisenberg v. Gagnon*, 766 F.2d 770, 787 (3rd Cir. 1985); *Matter of Bevill, Bresler & Schulman Asset Management Corp.*, 805 F.2d 120 (3rd Cir. 1986); *Schwimmer*, 892 F.2d 237, 243).  A party asserting protection of a

communication under the common interest rule must show that the communication in question was given in confidence and that the client reasonably understood it to be so given. (*United States v. Keplinger*, 776 F.2d 678, 701 (7th Cir. 1985); *Kevlik v. Goldstein*, 724 F.2d 844, 849 (1st Cir. 1984)). It is not necessary that there be actual litigation in progress for the common interest rule to apply. (*United States v. Zolin*, 809 F.2d 1411, 1417 (9th Cir.1987)). Although the MGA Parties invoke the common interest privilege with respect to several of the e-mails at issue here, I found that privilege to be inapplicable in all such instances.

### B.   Outcome Of *In Camera* Review

Applying the legal standards summarized above to the documents provided by the MGA Parties in response to Order No. 33, I make the following findings. For the parties' convenience, my findings are organized into three categories, namely: (1) documents properly withheld in their entirety; (2) documents that must be produced in redacted form; and (3) documents that must be produced without redaction. I have also listed the documents that the MGA Parties have voluntarily agreed to produce.

#### 1.   Documents Properly Withheld

29 Jan. 15, 2008 Log; 30 Jan. 15, 2008 Log; 34 Jan. 15, 2008 Log; 35 Jan. 15, 2008 Log; 40 Jan. 15, 2008 Log; 48 Jan. 15, 2008 Log; 68 Jan. 15, 2008 Log; 107 Jan. 15, 2008 Log; 2 Jan. 30, 2008 Log; 6 Jan. 30, 2008 Log; 7 Jan. 30, 2008 Log; 8 Jan. 30, 2008 Log; 9 Jan. 30, 2008 Log; 10 Jan. 30, 2008 Log; 12 Jan. 30, 2008 Log; 13 Jan. 30, 2008 Log; 14 Jan. 30, 2008 Log; 15 Jan. 30, 2008 Log; 16 Jan. 30, 2008 Log; 17 Jan. 30, 2008 Log; 23 Jan. 30, 2008 Log; 26 Jan. 30, 2008 Log; 27 Jan. 30, 2008 Log; 28 Jan. 30, 2008 Log; 64 Jan. 30, 2008 Log; 66 Jan. 30, 2008 Log; 39 Oct. 2007 Log; 134 Oct. 2007 Log; 135 Oct. 2007 Log; 267 Oct 2007 Log; 539 Oct 2007 Log; 546 Oct. 2007 Log; 824 Oct. 2007 Log; 1036 Oct. 2007 Log; 1068 Oct. 2007 Log; 1123 Oct. 2007 Log; 1124 Oct. 2007 Log; 1406 Oct. 2007 Log; 1481 Oct. 2007 Log; 1514 Oct. 2007 Log; 1782 Oct. 2007 Log; 1942

Oct. 2007 Log; 2073 Oct. 2007 Log; 2074 Oct. 2007 Log; 2090 Oct. 2007 Log; 2101 Oct. 2007 Log; 2267 Oct. 2007 Log; 2271 Oct. 2007 Log; 2274 Oct. 2007 Log; 2672 Oct. 2007 Log; 2677 Oct. 2007 Log; 2964 Oct. 2007 Log; 2765 Oct. 2007 Log; 2786 Oct. 2007 Log; 2787 Oct. 2007 Log; 2807 Oct. 2007 Log; 2815 Oct. 2007 Log; 2830 Oct. 2007 Log; 2833 Oct. 2007 Log; 2848 Oct. 2007 Log; 2849 Oct. 2007 Log; 2851 Oct. 2007 Log; 2852 Oct. 2007 Log; 2853 Oct. 2007 Log; 3213 Oct. 2007 Log; 3299 Oct. 2007 Log; 735 Rev. Aug. 2007 Log; 669 Rev. Aug. 2007 Log; 764 Rev. Aug. 2007 Log; 773 Rev. Aug. 2007 Log; 775 Rev. Aug. 2007 Log; 777 Rev. Aug. 2007 Log; 790 Rev. Aug. 2007 Log; 852 Rev. Aug. 2007 Log; 853 Rev. Aug. 2007 Log; 866 Rev. Aug. 2007 Log; 867 Rev. Aug. 2007 Log; 900 Rev. Aug. 2007 Log; 933 Rev. Aug. 2007 Log; 962 Rev. Aug. 2007 Log; 965 Rev. Aug. 2007 Log; 966 Rev. Aug. 2007 Log; 967 Rev. Aug. 2007 Log; 968 Rev. Aug. 2007 Log; 983 Rev. Aug. 2007 Log; 985 Rev. Aug. 2007 Log; 1037 Rev. Aug. 2007 Log; 1040 Rev. Aug. 2007 Log; 1043 Rev. Aug. 2007 Log; 1047 Rev. Aug. 2007 Log; 1058 Rev. Aug. 2007 Log; 1062 Rev. Aug. 2007 Log; 1088 Rev. Aug. 2007 Log; 1089 Rev. Aug. 2007 Log; 1090 Rev. Aug. 2007 Log; 1091 Rev. Aug. 2007 Log; 1095 Rev. Aug. 2007 Log; 1097 Rev. Aug. 2007 Log; 1098 Rev. Aug. 2007 Log; 1105 Rev. Aug. 2007 Log; 3 Rev. Jan. 23, 2008 Log; 31 Rev. Jan. 23, 2008 Log; 32 Rev. Jan. 23, 2008 Log; 52 Rev. Jan. 23, 2008 Log; 68 Rev. Jan. 23, 2008 Log; 96 Rev. Jan. 23, 2008 Log; 97 Rev. Jan. 23, 2008 Log; 103 Rev. Jan. 23, 2008 Log; 106 Rev. Jan. 23, 2008 Log; 108 Rev. Jan. 23, 2008 Log; 114 Rev. Jan. 23, 2008 Log; 133 Rev. Jan. 23, 2008 Log; 152 Rev. Jan. 23, 2008 Log; 153 Rev. Jan. 23, 2008 Log; 154 Rev. Jan. 23, 2008 Log; 156 Rev. Jan. 23, 2008 Log; 157 Rev. Jan. 23, 2008 Log; 158 Rev. Jan. 23, 2008 Log; 182 Rev. Jan. 23, 2008 Log; 205 Rev. Jan. 23, 2008 Log; 245 Rev. Jan. 23, 2008 Log; 253 Rev. Jan. 23, 2008 Log; 287 Rev. Jan. 23, 2008 Log; 296 Rev. Jan. 23, 2008 Log; 371 Rev. Jan. 23, 2008 Log; 372 Rev. Jan. 23, 2008 Log; 373 Rev. Jan. 23, 2008 Log; 544 Rev. Jan. 23, 2008 Log; 545 Rev. Jan. 23, 2008 Log; 546 Rev. Jan. 23, 2008 Log; 547

| | |
|---|---|
| 1 | Rev. Jan. 23, 2008 Log; 548 Rev. Jan. 23, 2008 Log; 557 Rev. Jan. 23, 2008 Log; |
| 2 | 577 Rev. Jan. 23, 2008 Log; 578 Rev. Jan. 23, 2008 Log; 579 Rev. Jan. 23, 2008 |
| 3 | Log; 580 Rev. Jan. 23, 2008 Log; 581 Rev. Jan. 23, 2008 Log; 584 Rev. Jan. 23, |
| 4 | 2008 Log; 585 Rev. Jan. 23, 2008 Log; 588 Rev. Jan. 23, 2008 Log; 589 Rev. Jan. |
| 5 | 23, 2008 Log; 591 Rev. Jan. 23, 2008 Log; 597 Rev. Jan. 23, 2008 Log; 599 Rev. |
| 6 | Jan. 23, 2008 Log; 600 Rev. Jan. 23, 2008 Log; 601 Rev. Jan. 23, 2008 Log; 602 |
| 7 | Rev. Jan. 23, 2008 Log; 603 Rev. Jan. 23, 2008 Log; 604 Rev. Jan. 23, 2008 Log; |
| 8 | 656 Rev. Jan. 23, 2008 Log; 683 Rev. Jan. 23, 2008 Log; 684 Rev. Jan. 23, 2008 |
| 9 | Log; 693 Rev. Jan. 23, 2008 Log; 749 Rev. Jan. 23, 2008 Log; 1083 Rev. Jan. 23, |
| 10 | 2008 Log; 1254 Rev. Jan. 23, 2008 Log; 1262 Rev. Jan. 23, 2008 Log; 1275 Rev. |
| 11 | Jan. 23, 2008 Log; 1281 Rev. Jan. 23, 2008 Log; 1285 Rev. Jan. 23, 2008 Log; |
| 12 | 1287 Rev. Jan. 23, 2008 Log; 1292 Rev. Jan. 23, 2008 Log; 1318 Rev. Jan. 23, |
| 13 | 2008 Log; 1356 Rev. Jan. 23, 2008 Log; 1360 Rev. Jan. 23, 2008 Log; 1364 Rev. |
| 14 | Jan. 23, 2008 Log; 1365 Rev. Jan. 23, 2008 Log; 1440 Rev. Jan. 23, 2008 Log; |
| 15 | 1460 Rev. Jan. 23, 2008 Log; 1463 Rev. Jan. 23, 2008 Log; 1465 Rev. Jan. 23, |
| 16 | 2008 Log; 1468 Rev. Jan. 23, 2008 Log; 1473 Rev. Jan. 23, 2008 Log; 1509 Rev. |
| 17 | Jan. 23, 2008 Log; 1525 Rev. Jan. 23, 2008 Log; 1529 Rev. Jan. 23, 2008 Log; |
| 18 | 1536 Rev. Jan. 23, 2008 Log; 1587 Rev. Jan. 23, 2008 Log; 1624 Rev. Jan. 23, |
| 19 | 2008 Log; 1625 Rev. Jan. 23, 2008 Log; 1701 Rev. Jan. 23, 2008 Log; 1702 Rev. |
| 20 | Jan. 23, 2008 Log; 1704 Rev. Jan. 23, 2008 Log; 1705 Rev. Jan. 23, 2008 Log; |
| 21 | 1708 Rev. Jan. 23, 2008 Log; 1709 Rev. Jan. 23, 2008 Log; 1710 Rev. Jan. 23, |
| 22 | 2008 Log; 1711 Rev. Jan. 23, 2008 Log; 1712 Rev. Jan. 23, 2008 Log; 1718 Rev. |
| 23 | Jan. 23, 2008 Log; 1719 Rev. Jan. 23, 2008 Log; 1722 Rev. Jan. 23, 2008 Log; |
| 24 | 1724 Rev. Jan. 23, 2008 Log; 1727 Rev. Jan. 23, 2008 Log; 1728 Rev. Jan. 23, |
| 25 | 2008 Log; 1729 Rev. Jan. 23, 2008 Log; 1730 Rev. Jan. 23, 2008 Log; 1734 Rev. |
| 26 | Jan. 23, 2008 Log; 1735 Rev. Jan. 23, 2008 Log; 1736 Rev. Jan. 23, 2008 Log; |
| 27 | 1737 Rev. Jan. 23, 2008 Log; 1767 Rev. Jan. 23, 2008 Log; 1890 Rev. Jan. 23, |
| 28 | 2008 Log; 1896 Rev. Jan. 23, 2008 Log; 1917 Rev. Jan. 23, 2008 Log; 1919 Rev. |

Jan. 23, 2008 Log; 1920 Rev. Jan. 23, 2008 Log; 1969 Rev. Jan. 23, 2008 Log; 1970 Rev. Jan. 23, 2008 Log; 1977 Rev. Jan. 23, 2008 Log; 3 Rev. Jan. 28, 2008 Log; 5 Rev. Jan. 28, 2008 Log; 9 Rev. Jan. 28, 2008 Log; 12 Rev. Jan. 28, 2008 Log; 16 Rev. Jan. 28, 2008 Log; 18 Rev. Jan. 28, 2008 Log; 31 Rev. Jan. 28, 2008 Log; 44 Rev. Jan. 28, 2008 Log; 47 Rev. Jan. 28, 2008 Log; 51 Rev. Jan. 28, 2008 Log; 65 Rev. Jan. 28, 2008 Log; 67 Rev. Jan. 28, 2008 Log; 124 Rev. Jan. 28, 2008 Log; 127 Rev. Jan. 28, 2008 Log; 132 Rev. Jan. 28, 2008 Log; 136 Rev. Jan. 28, 2008 Log; 137 Rev. Jan. 28, 2008 Log; 140 Rev. Jan. 28, 2008 Log; 141 Rev. Jan. 28, 2008 Log; 166 Rev. Jan. 28, 2008 Log; 272 Rev. Jan. 28, 2008 Log; 274 Rev. Jan. 28, 2008 Log; 281 Rev. Jan. 28, 2008 Log; 292 Rev. Jan. 28, 2008 Log; 314 Rev. Jan. 28, 2008 Log; 316 Rev. Jan. 28, 2008 Log; 317 Rev. Jan. 28, 2008 Log; 319 Rev. Jan. 28, 2008 Log; 343 Rev. Jan. 28, 2008 Log; 371 Rev. Jan. 28, 2008 Log; 372 Rev. Jan. 28, 2008 Log; 382 Rev. Jan. 28, 2008 Log; 384 Rev. Jan. 28, 2008 Log; 385 Rev. Jan. 28, 2008 Log; 386 Rev. Jan. 28, 2008 Log; 387 Rev. Jan. 28, 2008 Log; 388 Rev. Jan. 28, 2008 Log; 392 Rev. Jan. 28, 2008 Log; 414 Rev. Jan. 28, 2008 Log; 420 Rev. Jan. 28, 2008 Log; 44 Supp. Oct. 2008 Log; 55 Supp. Oct. 2008 Log; 115 Supp. Oct. 2008 Log; 116 Supp. Oct. 2008 Log; 123 Supp. Oct. 2008 Log; 1022 Rev. Sept. 2007 Log; 71 Rev. Oct. 2007 Log; 261 Rev. Oct. 2007 Log; 582 Rev. Jan. 23, 2008 Log; 605 Rev. Jan. 23, 2008 Log; 750 Rev. Jan. 23, 2008 Log; 1491 Rev. Jan. 23, 2008 Log; 1703 Rev. Jan. 23, 2008 Log; 1713 Rev. Jan. 23, 2008 Log; 1720 Rev. Jan. 23, 2008 Log; 2046 Rev. Jan. 23, 2008 Log; 2084 Rev. Jan. 23, 2008 Log; 39 Rev. Jan. 28, 2008 Log; 40 Rev. Jan. 28, 2008 Log; 52 Rev. Jan. 28, 2008 Log; 264 Rev. Jan. 28, 2008 Log; 275 Rev. Jan. 28, 2008 Log; 276 Rev. Jan. 28, 2008 Log; 282 Rev. Jan. 28, 2008 Log; 348 Rev. Jan. 28, 2008 Log; 122 Rev. Jan. 30, 2008 Log; 124 Rev. Jan. 30, 2008 Log; 244 Rev. Jan. 30, 2008 Log; 245 Rev. Jan. 30, 2008 Log; 246 Rev. Jan. 30, 2008 Log; 2014 Rev Jan. 23, 2008 Log; 2074 Rev Jan. 23, 2008 Log; 125 Supp. October Log; 126 Supp. October Log; 65 Jan. 30, 2008 Log.

## 2. Documents To Be Produced In Redacted Form

The MGA Parties are ordered to produce to Mattel the following documents, in redacted form. The documents listed are e-mail chains in which some of the communications are protected by the attorney-client privilege and in which other information must be produced. The document number for each document is set forth, followed by an abbreviated description of the portions of the e-mail chain that must be produced, referenced by number. The numbers refer to the e-mails contained in the chain, counting chronologically beginning with the first e-mail in the chain. References to production of a portion of an e-mail are intended to permit the redactions of the referenced e-mail as proposed by the MGA Parties in the documents that they provided to the Discovery Master. The documents and redactions are as follows:

98 Jan. 15, 2008 Log – Produce 9 and 10;

11 Jan. 30, 2008 Log – Produce only 9, 10 and 11;

18 Jan. 30, 2008 Log – Produce 9, 10, 11 and 12;

19 Jan. 30, 2008 Log – Produce 9, 10 and a portion of 11;

20 Jan. 30, 2008 Log – Produce 9, 10, and a portion of 11;

21 Jan. 30, 2008 Log – Produce 9, 10, a portion of 11, and a portion of 13;

22 Jan. 30, 2008 Log – Produce 9, 10, a portion of 11, and a portion of 12;

24 Jan. 30, 2008 Log – Produce redacted as proposed by the MGA Parties;

25 Jan. 30, 2008 Log – Produce 9, 10, and a portion of 11;

29 Jan. 30, 2008 Log – Produce 9, 10, 11, and 12;

30 Jan. 30, 2008 Log – Produce 9, 10, and a portion of 11;

31 Jan. 30, 2008 Log – Produce 9, 10, and a portion of 11;

32 Jan. 30, 2008 Log – Produce 9, 10, and a portion of 11;

33 Jan. 30, 2008 Log – Produce 9, 10, and a portion of 11;

34 Jan. 30, 2008 Log – Produce redacted as proposed by the MGA Parties;

1462 Oct. 2007 Log – Produce 1 and 2;

1. 1463 Oct. 2007 Log – Produce 1 and 2;
2. 1780 Oct. 2007 Log – Produce 1 and 2;
3. 1781 Oct. 2007 Log – Produce 1 and 2;
4. 2259 Oct. 2007 Log – Produce 10, 11 and 12;
5. 2260 Oct. 2007 Log – Produce 9, 10, and 11;
6. 2263 Oct. 2007 Log – Produce 9, 10, 11, 12, 13, and 14;
7. 2269 Oct. 2007 Log – Produce 2;
8. 2775 Oct. 2007 Log – Produce 1 and 2;
9. 2814 Oct. 2007 Log – Produce 1, 2, 3, a portion of 4, and 5;
10. 3367 Oct. 2007 Log – Produce 2;
11. 3368 Oct. 2007 Log – Produce 2 and 3;
12. 874 Rev. Aug. 2007 Log – Produce a portion of 1, and all of 2, 3, and 4;
13. 1057 Rev. Aug. 2007 Log – Produce 2 and 3;
14. 8 Rev. Jan. 23, 2008 Log – Produce the entire document, but this document may be designated CONFIDENTIAL--ATTORNEYS' EYES ONLY under the current Protective Order;
15. 58 Rev. Jan. 23, 2008 Log – Produce 10;
16. 59 Rev. Jan. 23, 2008 Log – Produce 3, 4, 5, 6 and 7;
17. 79 Rev. Jan. 23, 2008 Log – Produce 2 and 3;
18. 262 Rev. Jan. 23, 2008 Log – Produce 4;
19. 376 Rev. Jan. 23, 2008 Log – Produce 1 and a portion of 2;
20. 551 Rev. Jan. 23, 2008 Log – Produce 1 and a portion of 2;
21. 1302 Rev. Jan. 23, 2008 Log – Produce 1 - 4 and 6;
22. 1306 Rev. Jan. 23, 2008 Log – Produce 1-2 and 7-9;
23. 1309 Rev. Jan. 23, 2008 Log – Produce 8, 9, a portion of 10, and 11-14;
24. 1366 Rev. Jan. 23, 2008 Log – Produce 2-4;
25. 1367 Rev. Jan. 23, 2008 Log – Produce 2;
26. 1374 Rev. Jan. 23, 2008 Log – Produce 1 and 3;

1. 1438 Rev. Jan. 23, 2008 Log – Produce 1, a portion of 2, and 3;
2. 1439 Rev. Jan. 23, 2008 Log – Produce 1, a portion of 2, 3, 4, and 5;
3. 1471 Rev. Jan. 23, 2008 Log – Produce a portion of 1, and 2-9 in their entirety;
4. 1475 Rev. Jan. 23, 2008 Log – Produce 1;
5. 1603 Rev. Jan. 23, 2008 Log – Produce 1;
6. 1622 Rev. Jan. 23, 2008 Log – Produce 1, 2, 3, a portion of 5, and 6-8;
7. 1623 Rev. Jan. 23, 2008 Log – Produce 1, 2, a portion of 4, and 5;
8. 1627 Rev. Jan. 23, 2008 Log – Produce 1, a portion of 2, and portion of 5;
9. 1662 Rev. Jan. 23, 2008 Log – Produce 1, a portion of 2, and 3;
10. 1773 Rev. Jan. 23, 2008 Log – Produce 1-4, a portion of 5, a portion of 6, a portion of 7;
11. 1774 Rev. Jan. 23, 2008 Log – Produce 1-4 and a portion of 5;
12. 1788 Rev. Jan. 23, 2008 Log – Produce 1-2, a portion of 3, a portion of 4, and 5;
13. 1821 Rev. Jan. 23, 2008 Log – Produce 1;
14. 1824 Rev. Jan. 23, 2008 Log – Produce 1, 4, and 5;
15. 1898 Rev. Jan. 23, 2008 Log – Produce 1-4, 6;
16. 1968 Rev. Jan. 23, 2008 Log – Produce 1-4 and 6;
17. 1986 Rev. Jan. 23, 2008 Log – Produce a portion of 1, except for the portion redacted as proposed by the MGA Parties, 2, and 3;
18. 2011 Rev. Jan. 23, 2008 Log – Produce 1-3, and 5-6;
19. 2064 Rev. Jan. 23, 2008 Log – Produce 1, a portion of 2, and a portion of 3;
20. 2071 Rev. Jan. 23, 2008 Log – Produce 1, a portion of 2, a portion of 3;
21. 2080 Rev. Jan. 23, 2008 Log – Produce 1 and a portion of 2;
22. 2082 Rev. Jan. 23, 2008 Log – Produce 1, a portion of 2, and a portion of 3;
23. 91 Rev. Jan 28, 2008 Log – Produce 3;
24. 92 Rev. Jan. 28, 2008 Log – Produce 3 and 4;
25. 160 Rev. Jan. 28, 2008 Log – Produce 7-11;
26. 262 Rev. Jan. 28, 2008 Log – Produce 1 and 2;

310 Rev. Jan. 28, 2008 Log – Produce 2-11;

311 Rev. Jan. 28, 2008 Log – Produce 2-15;

312 Rev. Jan. 28, 2008 Log – Produce 2-10;

313 Rev. Jan. 28, 2008 Log – Produce 2-15;

331 Rev. Jan. 28, 2008 Log – Produce 9-11;

332 Rev. Jan. 28, 2008 Log – Produce 9-12;

333 Rev. Jan. 28, 2008 Log – Produce 9-12;

334 Rev. Jan. 28, 2008 Log – Produce 9-12;

335 Rev. Jan. 28, 2008 Log – Produce 9-11;

336 Rev. Jan. 28, 2008 Log – Produce 9-11;

446 Rev. Jan. 28, 2008 Log – Produce 1-3;

114 Supp. Oct. 2008 Log – Produce 4-6;

653 Rev. Aug. 2007. Log – Produce a portion of pages 1 and 2 as proposed by the MGA Parties;

661 Rev. Aug. 2007 Log – Produce 1 and 2;

662 Rev. Aug. 2007 Log – Produce 1;

1641 Rev. Jan. 23, 2008 Log – Produce 1-3;

2034 Rev. Jan. 23, 2008 Log – Produce with redaction as proposed by the MGA Parties;

2036 Rev. Jan. 23, 2008 Log – Produce with redaction proposed by the MGA Parties;

2079 Rev. Jan. 23, 2008 Log – Produce 1, 2, a portion of 3, 4, a portion of 5, 6-9;

2144 Rev. Jan. 23, 2008 Log – Produce 1-4, a portion of 5, 6, a portion of 7, 8-12;

257 Rev. Jan. 30, 2008 Log – Produce 1 and 2;

1467 Rev. Oct. 2007 Log – Produce 1 and a portion of 2;

1647 Rev. Jan. 23, 2008 Log – Produce 1-3;

347 Rev. Jan. 28, 2008 Log – Produce 1-2;

89 Supp. October Log – Produce a portion of 10, and 11-15;

90 Supp. October Log – Produce a portion of 10, and 11-15;

127 Supp. October Log – Produce a portion of 10;

128 Supp. October Log – Produce a portion of 10, and 11-13;

129 Supp. October Log – Produce a portion of 10, and 11-15;

130 Supp. October Log – Produce a portion of 10, and 11-15;

131 Supp. October Log – Produce a portion of 10, and 11-14.

### 3.     Documents To Be Produced Without Redaction

38 Jan. 15, 2008 Log; 51 Jan. 15, 2008 Log; 52 Jan. 15, 2008 Log; 53 Jan 15, 2008 Log; 56 Jan. 15, 2008 Log; 57 Jan. 15, 2008 Log; 58 Jan. 15, 2008 Log; 61 Jan. 15, 2008 Log; 62 Jan. 15, 2008 Log; 63 Jan. 15, 2008 Log; 64 Jan. 15, 2008 Log; 1 Jan. 30, 2008 Log[1]; 36 Jan. 30, 2008 Log; 37 Jan. 30, 2008 Log; 38 Jan. 30, 2008 Log; 39 Jan. 30, 2008 Log; 1506 Oct. 2007 Log; 2117 Oct. 2007 Log; 111 Rev. Jan. 23, 2008 Log; 150 Rev. Jan. 23, 2008 Log; 151 Rev. Jan. 23, 2008 Log; 155 Rev. Jan. 23, 2008 Log; 598 Rev. Jan. 23, 2008 Log; 612 Rev. Jan. 23, 2008 Log; 614 Rev. Jan. 23, 2008 Log; 615 Rev. Jan. 23, 2008 Log; 616 Rev. Jan. 23, 2008 Log; 655 Rev. Jan. 23, 2008 Log; 1903 Rev. Jan. 23, 2008 Log; 1904 Rev. Jan. 23, 2008 Log; 1998 Rev. Jan. 23, 2008 Log; 2149 Rev. Jan. 23, 2008 Log; 1606 Rev. Jan. 23, 2008 Log.

### 4.     Documents That The MGA Parties Agreed To Produce

32 Jan. 15, 2008 Log; 33 Jan. 15, 2008 Log; 41 Jan.15, 2008 Log; 44 Jan. 15, 2008 Log; 5 Jan. 30, 2008 Log; 40 Jan. 30, 2008 Log; 294 Jan. 30, 2008 Log; 295 Jan. 30, 2008 Log; 296 Jan. 30, 2008 Log; 297 Jan. 30, 2008 Log; 298 Jan. 30, 2008 Log; 299 Jan. 30, 2008 Log; 300 Jan. 30, 2008 Log; 8 Oct. 2007 Log; 1941 Oct. 2007 Log; 2724 Oct. 2007 Log; 2728 Oct. 2007 Log; 2732 Oct. 2007 Log; 2802 Oct. 2007 Log; 990 Rev. Aug 2007 Log; 5 Rev. Jan. 23, 2008 Log; 9 Rev. Jan. 23, 2008 Log; 12 Rev. 23, 2008 Log; 115 Rev. 23, 2008 Log; 209 Rev. 23,

---

[1] This document is ordered to be produced because the MGA Parties failed to provide to the Discovery Master sufficient information to determine whether it was properly withheld.

2008 Log; 232 Rev. Jan. 23, 2008 Log; 233 Rev. Jan. 23, 2008 Log; 267 Rev. Jan. 23, 2008 Log; 381 Rev. Jan. 23, 2008 Log; 536 Rev. Jan. 23, 2008 Log; 592 Rev. 23, 2008 Log; 593 Rev. 23, 2008 Log; 594 Rev. 23, 2008 Log; 595 Rev. 23, 2008 Log; 596 Rev. 23, 2008 Log; 609 Rev. Jan. 23, 2008 Log; 610 Rev. Jan. 23, 2008 Log; 611 Rev. 23, 2008 Log; 613 Rev. Jan. 23, 2008 Log; 672 Rev. Jan. 23, 2008 Log; 1172 Rev. Jan. 23, 2008 Log; 1173 Rev. Jan. 23, 2008 Log; 1178 Rev. Jan. 23, 2008 Log; 1179 Rev. Jan. 23, 2008 Log; 1277 Rev. Jan. 23, 2008 Log; 1301 Rev. Jan. 23, 2008 Log; 1399 Rev. Jan. 23, 2008 Log; 1413 Rev. Jan. 23, 2008 Log; 1418 Rev. Jan. 23, 2008 Log; 1420 Rev. Jan. 23, 2008 Log; 1424 Rev. Jan. 23, 2008 Log; 1474 Rev. Jan. 23, 2008 Log; 1635 Rev. Jan. 23, 2008 Log; 1706 Rev. Jan. 23, 2008 Log; 1721 Rev. Jan. 23, 2008 Log; 1731 Rev. Jan. 23, 2008 Log; 1732 Rev. Jan. 23, 2008 Log; 1775 Rev. Jan. 23, 2008 Log; 1779 Rev. Jan. 23, 2008 Log; 1783 Rev. Jan. 23, 2008 Log; 1899 Rev. Jan. 23, 2008 Log; 2025 Rev. Jan. 23, 2008 Log; 2039 Rev. Jan. 23, 2008 Log; 2042 Rev. Jan. 23, 2008 Log; 2043 Rev. Jan. 23, 2008 Log; 28 Rev. Jan. 28, 2008 Log; 36 Rev. Jan. 28, 2008 Log; 37 Rev. Jan. 28, 2008 Log; 38 Rev. Jan. 28, 2008 Log; 42 Rev. Jan. 28, 2008 Log; 43 Rev. Jan. 28, 2008 Log; 61 Rev. Jan. 28, 2008 Log; 97 Rev. Jan. 28, 2008 Log; 98 Rev. Jan. 28, 2008 Log; 99 Rev. Jan. 28, 2008 Log; 113 Rev. Jan. 28, 2008 Log; 219 Rev. Jan. 28, 2008 Log; 1476 Rev. Jan. 23, 2008 Log; 214 Rev. Jan. 28, 2008 Log; 126 Rev. Jan. 30, 2008 Log; 218 Rev. Jan. 30, 2008 Log; 225 Rev. Jan. 30, 2008 Log; 226 Rev. Jan. 30, 2008 Log; 3 Rev Oct. 2007 Log; 1046 Rev Oct. 2007 Log; 1047 Rev Oct. 2007 Log; 1466 Rev Oct. 2007 Log; 1761 Rev Oct. 2007 Log; 1480 Rev Jan. 23, 2008 Log; 1648 Rev Jan. 23, 2008 Log; 188 Jan. 15, 2008 Log; 118 Rev. Jan. 23, 2008 Log; 670 Rev. Jan. 23, 2008 Log; 1087 Rev. Jan. 23, 2008 Log; 1096 Rev. Jan. 23, 2008 Log; 1099 Rev. Jan. 23, 2008 Log; 1103 Rev. Jan. 23, 2008 Log; 1650 Rev. Jan. 23, 2008 Log; 1988 Rev. Jan. 23, 2008 Log; 2031 Rev. Jan. 23, 2008 Log; 2090 Rev. Jan. 23, 2008 Log.

## III.  DISPOSITION

The MGA Parties must produce those documents identified for production herein within ten (10) days of this Order.  However, in the event the MGA Parties object to this ruling, the production of any documents to which the appeal relates shall be stayed pending a final determination by the District Court.  In the event that either party objects to this order, such objection must be filed with the District Court no later than December 10, 2009.

Dated:  December 7, 2009

By: /s/ Robert C. O'Brien
ROBERT C. O'BRIEN
Discovery Master