1  MELINDA HAAG (State Bar No. 132612)
   mhaag@orrick.com
2  ANNETTE L. HURST (State Bar No. 148738)
   ahurst@orrick.com
3  WARRINGTON S. PARKER III (State Bar No. 148003)
   wparker@orrick.com
4  ORRICK, HERRINGTON & SUTCLIFFE LLP
   The Orrick Building, 405 Howard Street
5  San Francisco, CA 94105
   Tel. (415) 773-5700/ Fax: (415) 773-5759
6
   WILLIAM A. MOLINSKI (State Bar No. 145186)
7  wmolinski@orrick.com
   ORRICK, HERRINGTON & SUTCLIFFE LLP
8  777 South Figueroa Street, Suite 3200
   Los Angeles, CA 90017
9  Tel. (213) 629-2020/Fax: (213) 612-2499

10 THOMAS S. McCONVILLE (State Bar No. 155905)
   tmcconville@orrick.com
11 ORRICK, HERRINGTON & SUTCLIFFE LLP
   4 Park Plaza, Suite 1600
12 Irvine, CA 92614-2258
   Tel: (949) 567-6700/Fax: (949) 567-6710
13
   Attorneys for MGA Parties

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | Case No. CV 04-9049-DOC (RNBx)<br>Consolidated with: Case No. CV 04-9059<br>and Case No. CV 05-2727<br><br>Hon. David O. Carter<br><br>**MGA'S OPPOSITION TO MATTEL, INC.'S OBJECTIONS TO DISCOVERY MATTER ORDER NO. 87**<br><br>**[Declaration of Kieran Kieckhefer filed concurrently]**<br><br>Date:           January 4, 2009<br>Time:          8:30 a.m.<br>Courtroom: 9D<br><br>**Phase 2**<br>Discovery Cutoff:   June 1, 2010<br>Pretrial Conference: None Set<br>Trial Date:              None Set |

**INTRODUCTION**

The Discovery Master's decisions were made after countless hours reviewing documents submitted to him *in camera*. These decisions were informed by an in-depth knowledge of this case and its facts obtained from months and months of reviewing and deciding discovery issues, generally, and privilege issues, specifically. Given this, his decisions should rightly be accorded deference, both because of his knowledge of this case and because his decisions can only be overturned for clear error, meaning that they can be overturned only if this Court "is left with the definite and firm conviction that a mistake has been committed." *Concrete Pipe & Prods. v. Construction Laborers Pension Trust*, 508 U.S. 602, 622 (1993); *Bryant v. Mattel*, 573 F. Supp. 2d 1254, 1274 (C.D. Cal. 2007) (same).

Lacking here is any clear error (or, in fact, any error). Mattel points to three specific errors that it claims show the Discovery Master was wrong, and then more generally bemoans what it calls the lack of an adversarial process. None of these objections call into question the Discovery Master's decisions.

*First*, Mattel points to the Discovery Master's decision on Entry No. 557. Mot. at 1, 4-5. On MGA's January 23, 2008 privilege log, there is a document that was labeled entry number 557. MGA produced that document to Mattel in August 2009. MGA *did not* present that document to the Discovery Master for *in camera* review. MGA presented a different document that it identified as entry number 557 and 577 to the Discovery Master. The decision by the Discovery Master to find that Entry No. 557 and 577 were privileged does not, therefore, call into question his decisions.

*Second*, Mattel claims that the Discovery Master failed to apply the correct legal standard. But Mattel's complaint is not about the legal standard. Indeed, Mattel *agrees* with the Discovery Master that an e-mail chain that contains both privileged and non-privileged e-mails can properly be withheld as privileged. Mot. at 7-8.

Although couching it as a disagreement about the legal standard, Mattel is really complaining about something else: the fact that the Discovery Master did not enter another order directing MGA to produce non-privileged e-mails separately. In Mattel's words, "Mattel has no reason to believe that the unprivileged portions of the emails have been produced separately, nor does the Order appear to so require." Mot. at 8. But Order No. 87 concerned the Discovery Master's specific review of documents, and his findings on whether the documents before the him were privileged or not. That is the scope of the Order. It was not error to limit the Order to that scope.

*Third*, Mattel points to the fact that Discovery Master O'Brien found that a document was privileged when the prior Discovery Master did not. But this does not show error, let alone clear error. Mot. at 1-2, 5-6. This case has developed since the prior Discovery Master's decision, and in any case, there can easily be disagreement as to the scope of the attorney-client privilege, as is evidenced by the legion of cases concerning this very issue. In fact, Mattel's present objection is based on precisely this premise: its hope that this Court will overlook the Discovery Master's efforts, his knowledge, and the clearly erroneous standard, and will second-guess him by making a different decision.

Finally, as for Mattel's over-arching complaint about the "lack of an adversarial process," we have gotten to this point precisely because there *was* an adversarial process. Now, having obtained the results, Mattel does not like them. Moreover, the documents at issue are privileged documents. The law contemplates that the procedure employed to review them will maintain some aspects of secrecy or else the very purpose of the privilege—to protect documents from being revealed—will be frustrated.

Here, Mattel got all it wished and perhaps more. MGA's documents have now been thoroughly reviewed by a Discovery Master who is well-steeped in the

case and who has been involved in privilege decisions for months on end.  There is simply no reason to second-guess those decisions.

## ARGUMENT

### I. MATTEL IS MISTAKEN IN CLAIMING THAT THE DISCOVERY MASTER HELD THAT A DUPLICATE OF THE "LARIAN-O'CONNOR EMAIL" MAY BE WITHHELD AS PRIVILEGED

Entry No. 557 on MGA's January 23, 2008 Privilege Log is what Mattel calls the "Larian-O'Connor email." It is a document that MGA produced to Mattel in August 2009. It is *not* a document provided to the Discovery Master. Entry No. 557 of the documents submitted to the Discovery Master is a different document. It is also referenced in the documents submitted to the Discovery Master as Entry No. 577. In other words, the same document was submitted to the Discovery Master twice for his *in camera* review under two different labels, no. 557, and no. 577. Declaration of Kieran Kieckhefer ¶ 3. Thus, MGA did not present the "Larian-O'Connor" email to the Discovery Master for *in camera* review, and Mattel's claim that the Discovery Master reviewed that document and held it to be privileged is incorrect. *Id.* at ¶ 4. Mattel is therefore wrong when it claims that "Order No. 87 erroneously holds that [the "Larian-O'Connor email"] properly may be withheld as privileged in its entirety." Mot. at 5.

### II. THE DISCOVERY MASTER PROPERLY APPLIED THE CORRECT LEGAL STANDARDS IN RULING ON MGA'S PRIVILEGE CLAIMS AND HIS DISAGREEMENT WITH THE PRIOR DISCOVERY MASTER ON ONE DOCUMENT DOES NOT REFLECT ERROR, LET ALONE CLEAR ERROR.

Mattel is also mistaken in asserting that "the Discovery Master has recited clearly erroneous legal standards in the section of the Order discussing what e-mail portions are and are not privileged." Mot. at 6. Mattel does not dispute—in fact it agrees—with the Discovery Master that "'even though one email is not privileged, a subsequent and privileged email which forwards that prior non-privileged email, will allow the privilege to attach to the entire email chain, including the non-privileged email message.'" Order No. 87 (quoting *Rhoads Industries, Inc. v.*

- 3 -

1 | *Building Materials Corp. of America*, 254 F.R.D. 238, 240 (E.D. Penn. 2008));
2 | Mot. at 6. Therefore, there literally can be no claim that the Discovery Master
3 | applied the wrong legal standard.
4 |     Instead, Mattel's true complaint is that the Discovery Master did not enter
5 | another order that required MGA to produce non-privileged documents separately.
6 | As Mattel states the issue, the Order appears not to require MGA to produce non-
7 | privileged documents and "appears to permit MGA to withhold non-privileged
8 | communications . . . ." Mot. at 8.
9 |     However, the Order does no such thing. The Order only concerns whether
10 | the documents MGA withheld as privileged were or were not withheld properly.
11 | The Discovery Master decided, in accordance with what Mattel acknowledges is
12 | the law, that non-privileged documents that appear in an e-mail string with
13 | privileged communications can be withheld as part of that document as privileged.
14 | Nothing in Order No. 87 can be read to touch on any other issue or document.
15 |     Finally, while it may be that Discovery Master O'Brien reached a different
16 | conclusion concerning a single document than the prior Discovery Master, this is of
17 | little import. This case has developed since the time of the prior decision, and in
18 | any case, the truth is that sometimes making a call on whether something is or is
19 | not privileged is just not an easy call to make. Courts routinely disagree with the
20 | privilege determinations of another court. Merely pointing to a disagreement over a
21 | document does not by itself show error, and it certainly does not establish that
22 | Discovery Master O'Brien *clearly* erred. After months of dealing with and issuing
23 | any number of rulings concerning this issue, there is no basis for overturning the
24 | entirety of Discovery Master O'Brien's process simply because he disagreed with a
25 | decision made by the prior Discovery Master.
26 |
27 |
28 |

### III. MATTEL IS NOT ENTITLED TO A MORE "ADVERSARIAL PROCESS"

Finally, while Mattel more generally complains that it has been deprived of its rights to "test" the privilege determinations "by the adversarial process," this is not so  Mot. 8-9.  Mattel got to the point of obtaining an *in camera* review by employing the adversarial process and by pointing, as it does in its present objection, to the claimed deficiencies in MGA's privilege log.  *See* Dkt. No. 5104 (Mattel's Motion to Compel *In Camera* Review); *see also* Dkt. No. 5514 (Order No. 33); Dkt. No. 6353 (Order No. 50); Dkt. No. 7382 (Order No. 87).

Having obtained that review, Mattel is not entitled to any further "adversarial process."  As the Supreme Court has recognized, an *in camera* review will take place "without open adversarial guidance by the parties."  *United States v. Zolin*, 491 U.S. 554, 570 (1989).  That stands to reason.  A request that documents be reviewed for privilege cannot be used as a mechanism to destroy the privilege.  It cannot be used as a fulcrum to open up privileged communications for consideration by the opposing party.  And it cannot be used as a vehicle to endlessly litigate the issue.  Having obtained the fairly unusual procedure of an *in camera* review, Mattel cannot complain that it is entitled to yet more.

### CONCLUSION

For the foregoing reasons, Mattel's objections should be overruled.

Dated: December 21, 2009     ORRICK, HERRINGTON & SUTCLIFFE LLP

By: _____*s/ Jimmy S. McBirney*_____
Jimmy S. McBirney
Attorneys for MGA Parties