1   QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
      John B. Quinn (Bar No. 090378)
2      (johnquinn@quinnemanuel.com)
      Michael T. Zeller (Bar No. 196417)
3      (michaelzeller@quinnemanuel.com)
      Jon D. Corey (Bar No. 185066)
4      (joncorey@quinnemanuel.com)
    865 South Figueroa Street, 10th Floor
5   Los Angeles, California  90017-2543
    Telephone:   (213) 443-3000
6   Facsimile:    (213) 443-3100

7   Attorneys for Mattel, Inc.

8                    UNITED STATES DISTRICT COURT

9                  CENTRAL DISTRICT OF CALIFORNIA

10                       SOUTHERN DIVISION

11  MATTEL, INC., a Delaware            CASE NO. CV 04-9049 DOC (RNBx)
    corporation,                        Consolidated with
12                                      Case No. CV 04-09059
                  Plaintiff,            Case No. CV 05-02727
13
            vs.                         Hon. David O. Carter
14
    MGA ENTERTAINMENT, INC., a          **REPLY IN SUPPORT OF MATTEL,**
15  California corporation, et al.      **INC.'S OBJECTIONS TO DISCOVERY**
                                        **MATTER ORDER NO. 87**
16                Defendants.
                                        Date:    January 4, 2010
17  ─────────────────────────────       Time:    8:30 am.
                                        Place:   Courtroom 9D
18  AND CONSOLIDATED ACTIONS

19                                      **Phase 2:**
                                        Discovery Cut-off:        TBD
20                                      Pre-trial Conference:     TBD
                                        Trial Date:               TBD
21

22

23

24

25

26

27

28

**Preliminary Statement**

MGA's primary response is that somehow Mattel's Objections reveal that it "agrees" with the erroneous legal standard set forth in Order No. 87.  Mattel does not agree with that erroneous standard.  That is why Mattel objected to it.  The Discovery Master's ruling, as far as we can tell, has allowed MGA to withhold in their entirety emails where clearly non-privileged communications are made.  MGA, who obviously knows what has been withheld and what produced, nowhere denies that the ruling so permits.   MGA nowhere claims that the non-privileged communications have been separately produced, or will be.  MGA nowhere defends the principle, adopted by the Discovery Master, that a non-privileged communication becomes privileged, *ipso facto,* merely because it is forwarded to a lawyer, and thereafter can be shielded from discovery.

Instead of defending the ruling it obtained, MGA's opposition plays games.  According to MGA, the ruling is correct – even though non-privileged information may remain concealed because of it – because Mattel did not *separately* seek an order for the production of whatever non-privileged emails are contained in the emails on the log.  Mattel did not *separately* seek that relief because it sought it *in the very motion* that led to the Discovery Master's *in camera* review.  In fact, Mattel has been seeking the production of any non-privileged communications in these emails for more than two years.  In its motion that led to the order for *in camera* review, Order No. 33, Mattel expressly argued that "if a document contains privileged information, the unprivileged portions of the document should be ordered produced."[1]   Mattel sought the same relief when it brought a related motion in January 2008:  "The rule that documents privileged in part must be produced in

---

[1]   Mattel, Inc.'s Motion to Compel *In Camera* Review and Production of Non-Attorney or Non-Legal Communications Listed On MGA's Privilege Logs, dated Mar. 27, 2009, at 15 (Dkt. 5087).

1 redacted form (rather than withheld entirely) is so well-settled that it barely requires

2 citation. . . .  The Discovery Master should order MGA to immediately produce all

3 non-privileged information in the documents it has withheld. . . ."[2]  It was in

4 response to that 2008 motion that MGA falsely represented to Judge Larson,

5 repeatedly, that all of these documents were *entirely* privileged.[3]  MGA has now

6 been forced to concede that hundreds of the documents it swore were privileged

7 were not.  That it now seeks to defend its ongoing withholding of non-privileged

8 communications on the basis that Mattel hasn't adequately sought them is

9 improper.[4]

10 Mattel brought these objections in part as a prophylactic measure, given

11 its lack of information.  MGA's opposition, far from establishing that there is no

12 basis for Mattel's concerns, shows that the objections are well founded and at least

13 some of the privilege rulings must be erroneous and – although this showing need

14 not be made – clearly so.[5]

15

16 [2]  Mattel, Inc.'s Motion to Compel Production of Previously Withheld

17 Documents Only Portions of Which Are Allegedly Privileged, dated Jan. 21, 2008, at 5, 8 (Dkt. 1574).

18 [3]  *See* Mattel, Inc.'s Response Regarding the Court's August 31, 2009 Order to

19 Show Cause, dated Sept. 18, 2009, at 7-8 (Dkt. 6812).

[4]  MGA has obtained an extension until January 7, 2009, to produce the

20 documents it was ordered to produce in Order No. 87.

21 [5]  MGA argues that Order No. 87 can only be reviewed for "clear error". However, under Fed. R. Civ. P. 53(f)(4), a district court "must decide de novo all

22 objections to conclusions of law made or recommended by a master." *See also*

23 *Burlington N. R. Co. v. Dep't of Revenue of State of Wash.*, 934 F.2d 1064, 1072 (9th Cir. 1991) ("the district court . . . considers [the special master's] conclusions of

24 law *de novo*.'") (citations omitted).  A ruling that a document is privileged is

25 reviewed *de novo.  See, e.g., Tornay v. United States*, 840 F.2d 1424, 1426 (9th Cir. 1988) (whether particular information is "not a confidential communication

26 protected by the attorney-client privilege is a mixed question of law and fact, and

27 reviewed *de novo*."); *Am. Standard, Inc. v. Pfizer Inc.*, 1986 WL 9713, at *2 (D. Del. Mar. 31, 1986) ("Consequently, the ultimate decision about whether a

28 (footnote continued)

-2-                    Case No. CV-04-9049 DOC (RNBx)

REPLY IN SUPPORT OF MATTEL, INC.'S OBJECTIONS TO DISCOVERY MATTER ORDER NO. 87

# **Argument**

MGA, unlike Mattel, knows what actually has and has not been produced and the nature of the withheld information.  With the benefit of that knowledge, MGA concedes that the Discovery Master's rulings are based on the premise that "an e-mail chain that contains both privileged and non-privileged e-mails can properly be withheld as privileged."  (Opp. at 1.)  MGA does not claim, anywhere, that it has actually produced the "non-privileged emails" in these "chains," nor that it will do so.  To the contrary, MGA claims that the Order does *not* require it to do so given its limited "scope".

The question, then, is whether a ruling that "an e-mail chain that contains both privileged and non-privileged e-mails can properly be withheld as privileged" is correct *when none of the non-privileged emails have been produced in any form.*  ***That*** ruling is plainly wrong.  Indeed, MGA wholly fails to address the undisputed authority Mattel cited in its Objections on this issue.  *See* Objections at 7-8; *see, e.g., In re Gabapentin Patent Litigation*, 214 F.R.D. 178, 186 (D.N.J. 2003) ("Forwarding [a non-privileged] e-mail . . . to an attorney does not transform it into the attorney's work product. . . ."); *Fru-Con Const. Corp. v. Sacramento Mun. Utility Dist.*, 2006 WL 2255538, at *1 (E.D. Cal. Aug. 7, 2006) ("Forwarding an e-mail . . . to an attorney does not transform it into the attorney's work product"); *see also Dole v. Milonas*, 889 F.2d 885, 890 (9th Cir. 1989) (remanding to district court and recommending redactions of privileged material in partially-privileged communications as a method and procedure to "accommodate any legitimate claims

communication deserves the [attorney-client] privilege is a complex conclusion of law.").  Further, because Order No. 87 "fails to explain in any way the reasons underlying [the] specific conclusions regarding [the specific claims] of work product immunity and attorney-client privilege," it is appropriate to review the Order with "particular and painstaking care." *Burton v. R.J. Reynolds Tobacco Co.*, 200 F.R.D. 661, 668 (D. Kan. 2001).

1  of privilege . . . while at the same time not frustrating the [challenger's] legitimate

2  inquiries" about privilege assertions over documents responsive to a contested

3  subpoena); *White v. Experian Info. Serv.,* SACV 05-1070 DOC (MLGx), 2009 WL

4  4267843, at \*6 (C.D. Cal. Nov. 23, 2009) (ordering e-mails produced in redacted

5  form where they contained non-privileged information).

6          The only authority MGA now cites is that cited by the Discovery

7  Master, *Rhoads Indus., Inc. v. Bldg. Materials Corp. of Am.*, 254 F.R.D. 238 (E.D.

8  Penn. 2008).  As Mattel showed before, *Rhoads,* which purports not to adopt any

9  "broad, black-letter rule," at most can be read to permit a party to withhold an email

10  that includes both privileged and non-privileged components ***when the non-***

11  ***privileged portion of the email chain is produced separately***.  *Id.* at 240 ("a party

12  can therefore legitimately withhold an email chain forwarding prior materials to

13  counsel, ***although disclosing those prior materials separately***.") (emphasis added).

14  Out of a concern that "by disclosing what was sent to the attorney, . . . the nature of

15  the privileged information" might be revealed, *id.* at 240, the court ruled that a party

16  "need not disclose that the underlying messages were part of an email string

17  subsequently forwarded to counsel."  *Id.*  at 242.  But the case does not appear to

18  hold, as the Discovery Master appears to have held here, that underlying, non-

19  privileged communications can simply be concealed once forwarded to a lawyer;

20  that ruling, apparently made here, is simply wrong.[6]

21          MGA contends that "Mattel's true complaint is that the Discovery

22  Master did not enter another order that required MGA to produce non-privileged

23  documents separately."  (Opp. at 4.)  But Mattel repeatedly sought to obtain the non-

24  privileged portions of the emails at issue here.  That the Discovery Master did not

25  _____

26      [6]    It is also hard to see how the privilege could even be implicated by a

27  production that redacts the fact that a non-privileged email was forwarded to a
    lawyer.

28

1    require such portions to be produced is obviously a legitimate objection for Mattel

2    to raise now, as it has.[7]

3              The remainder of MGA's assertions merit little response.  The Larian-

4    O'Connor email ruling reflects not an erroneous privilege ruling, MGA claims, but

5    errors made by MGA in its submissions to the Discovery Master.  Mattel has no

6    ability to verify this assertion, but the explanation provides little comfort – the

7    prospect of errors in MGA's *ex parte* submissions is part of the cause for concern on

8    Mattel's part.  MGA claims that the contradictory findings of Judge Infante and the

9    current Discovery Master regarding the privileged status of another document "is of

10   little import" (Opp. at 4), but the divergence in their rulings illustrates the potential

11   effects of MGA's one-sided guidance, which is quite important.  Even assuming the

12   information in the document involved legal advice, it was MGA's burden to

13   establish every element of its assertion, including that any privilege has not been

14   waived.[8]  This document was prominently featured at trial; any privilege was

15   waived long ago.  *In camera* review may well have to proceed, at least sometimes,

16   "without open adversarial guidance by the parties," Opp. at 5 (quoting *United States

17   v. Zolin*, 491 U.S. 554, 571 (1989)), but nothing in *Zolin* supports *ex parte*, non-

18   adversarial guidance by one party to the exclusion of the other.

19

20   _____

21   [7]    MGA completely ignores the other two decisions cited by the Discovery
     Master in Order No. 87 because they, as Mattel showed in its Objections, actually
22   required the production of the non-privileged portions of the emails at issue.  *See,
     e.g., Muro v. Target Corp.*, 243 F.R.D. 301, 307 (N.D. Ill. 2007) ("only the
23   privileged communication so identified may be withheld.  Every other part of the
     strand must be produced"), *rev'd Muro v. Target Corp.*, 250 F.R.D. 350, 363 (N.D.
24   Ill. 2007) (analogizing email chains to letters with attachments and holding that "[a]
     party can therefore legitimately withhold an entire e-mail forwarding prior materials
25   to counsel, while also disclosing those prior materials themselves.").  Notably,
26   *Rhoads* purports to adopt the *Muro* decision's reasoning.
27   [8]    *See*, *e.g.,* Order No. 87 at 2 (Dkt No. 7382).

28

1

**<u>Conclusion</u>**

2          Nothing in MGA's opposition ameliorates Mattel's concerns as to the

3   privilege rulings set forth in Order No. 87. One significant legal error appears clear;

4   it is unknown to Mattel what other errors may have been made in applying the law

5   as to each document, or in ascertaining the relevant facts relating to each document.

6   Accordingly, for the foregoing reasons, Mattel respectfully requests that the Court

7   conduct *in camera* review of the documents listed in Appendix A to Mattel's

8   Objections and order production of any non-privileged documents so included, in

9   whole or in part, as appropriate.[9]

10

11  DATED: December 24, 2009          QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

12

13

14                                    By _____
                                         B. Dylan Proctor
15                                       Attorneys for Mattel, Inc.

16

17

18

19

20

21

22

23

24   _____

25  [9]   Yesterday, MGA provided further detail regarding the individuals listed in its
    privilege logs pursuant to the Discovery Master's Order No. 73. Based on that
26  information, which was missing from MGA's initial logs, Mattel is able to withdraw
    its objections to the following entries: Rev. Jan. 23 Log Nos. 548, 749, Rev. Jan. 28
27  Log. Nos. 31, 268 and Oct. Log. Nos. 71, 1068.

28