MELINDA HAAG (State Bar No. 132612)
mhaag@orrick.com
ANNETTE L. HURST (State Bar No. 148738)
ahurst@orrick.com
WARRINGTON S. PARKER III (State Bar No. 148003)
wparker@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building, 405 Howard Street
San Francisco, CA 94105
Tel: (415) 773-5700/Fax: (415) 773-5759

WILLIAM A. MOLINSKI (State Bar No. 145186)
wmolinski@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA 90017
Tel. (213) 629-2020/Fax: (213) 612-2499

THOMAS S. MCCONVILLE (State Bar No. 155905)
tmcconville@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
4 Park Plaza, Suite 1600
Irvine, CA 92614-2258
Tel: (949) 567-6700/Fax: (949) 567-6710

Attorneys for MGA Parties

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | Case No. CV 04-9049 DOC (RNBx)<br><br>Consolidated with:<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>**MGA PARTIES' *EX PARTE* APPLICATION FOR RELIEF AMENDING THE DECEMBER 7, 2009 MINUTE ORDER THEREBY EXCUSING THE IN PERSON ATTENDANCE OF PRINCIPALS IN COURT FROM JANUARY 9, 2010 THROUGH JANUARY 15, 2010** |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Plaintiff and Counter-Defendant MGA Entertainment, Inc., and Counter-Defendants MGA Entertainment (HK) Limited, MGAE de Mexico and Isaac Larian (collectively, the "MGA Parties"), respectfully submit this *ex parte* application seeking relief in the form of an amendment to the December 7, 2009 minute order (Docket No. 7331) to require that principals be present at all Saturday hearings and after-hours hearings commencing January 16, 2010 rather than January 9, 2010. The MGA Parties intend to raise this issue with the Court during the Status Conference currently set for January 5, 2010 at 9:30 a.m. (Docket No. 7387).

The ground for the requested relief, as set forth herein and in the accompanying Declarations of Isaac Larian and Annette L. Hurst, is that requiring Mr. Larian's in-person attendance for Rule 16 pretrial conferences during the week of January 9 will work a tremendous hardship on MGA in light of the critical business functions that can only be performed by Mr. Larian in Hong Kong during the first two weeks of January. The MGA Parties likewise have no objection to Mr. Eckert being excused during this same period. The MGA Parties therefore respectfully request that Mr. Larian be excused from in-person attendance during the first two weeks of January and that such daily in-person attendance requirements commence on January 16, rather than January 9.

**Statement of Compliance with Local Rule 7-19**

Counsel for Mattel, Inc. include Michael Zeller, Jon Corey, and B. Dylan Proctor of Quinn, Emanuel, Urquhart, Oliver & Hedges, LLP (telephone: 213-443-3000; address: 865 South Figueroa Street, 10th Floor, Los Angeles, CA 90017).

Pursuant to Local Rule 7-19.1, counsel for the MGA Parties gave notice of this Application and the reasons for it to counsel for Mattel on October 30, 2009. Counsel for Mattel responded that same day indicating that Mattel would oppose the Application.

Dated:  December 31, 2009          ORRICK, HERRINGTON & SUTCLIFFE LLP


By:      */s/ Annette L. Hurst*
                Annette L. Hurst
             Attorneys for MGA Parties

# MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

The MGA Parties respectfully seek an order amending the December 7, 2009 minute order (Docket No. 7331) to change the date commencing the requirement of in-person attendance of principals at Rule 16 status conferences on Saturdays and after-hours from January 9 to January 16, 2010. The MGA Parties seek this relief because Mr. Larian's participation in meetings and negotiations in connection with the Hong Kong Toys and Games Fair ("HKTF") is critical to MGA's business, and Mr. Larian's efforts to avoid the necessity of his attendance in Hong Kong during the second week in January have failed. Mr. Larian is solely positioned to act as MGA's chief sales representative and its head of design and costing at meetings requiring his in-person presence in January during the first two weeks of the year, and without Mr. Larian's attendance during these meetings MGA faces substantial jeopardy to its ability to manufacture and sell its products during 2010.

## STATEMENT OF FACTS

### A. MGA's Presence In Hong Kong During HKTF Is An Industry Imperative.

The HKTF is Asia's largest toy fair organized by the Hong Kong Trade Development Council and the second largest toy fair of its kind in the world. Declaration of Isaac Larian in Support of *Ex Parte* Application ("Larian Decl."), ¶ 4. Every year in January, the toy industry comes together for its most critical series of business meetings of the calendar year in the weeks before and after HKTF. *Id*. Retailers, distributors and manufacturers from all over the world schedule their entire year's business activity based upon the meetings and business commitments made during the period surrounding HKTF. *Id*. The upcoming fair is scheduled January 11 through 14, 2010. *Id*. The Hong Kong International Licensing Show is being held concurrently with the HKTF in 2010. *Id*. ¶ 7. Thus, this is also a critical time for MGA to maintain and build upon existing licensing arrangements and to

1   explore new licensing opportunities in the industry. *Id.*

2   In connection with the HKTF, companies such as MGA offer a private
3   showing of their products, which is attended by major retailers and distributors
4   from around the world. Larian Decl. ¶ 5. The upcoming private show by MGA is
5   scheduled to last from January 4 through January 21, 2010. *Id.* Accordingly,
6   vendors, customers, and potential customers of MGA worldwide including major
7   retailers in the United States as well as numerous retailers from all over the world,
8   have scheduled dozens (if not hundreds) of meetings with MGA during the first
9   three weeks of January. *Id.* ¶ 8. MGA will meet three or four times with different
10  representatives of different retailers who are responsible for purchasing different
11  types of products. *Id.* These customers dictate time slots to MGA, and MGA must
12  accommodate its customers in order to sell its products. *Id.* MGA must ensure that
13  it sends enough senior representatives to the HKTF to attend all of these meetings
14  in order to sell its products, and often more than two dozen meetings are scheduled
15  in a single day. *Id.*

16  Participation in the private showing and other meetings coinciding with
17  HKTF is of crucial importance to companies in the toy industry. Larian Decl. ¶ 6.
18  At these events, retailers and distributors make their final product selection
19  decisions for the fall of 2010. *Id.* In addition, MGA and other toy manufacturers
20  meet with toy factories from China to finalize fall 2010 product design and product
21  costings. *Id.* Every major toy company, including Mattel and Hasbro, sends
22  representatives to Hong Kong during HKTF for this purpose. *Id.*

23  **B.   Isaac Larian's Presence At The Toy Fair Has Become Indispensable.**
24

25  While MGA has sought to make Mr. Larian's presence at the January 9
26  hearing possible, the present circumstances make it impossible for Mr. Larian to
27  return to California during the HKTF while maintaining MGA's business. Larian
28  Decl. ¶¶ 9-14. In particular, this is because MGA's most recent head of sales

- 4 -

resigned in October 2009. *Id.* ¶ 10. Since October, MGA has advertised and interviewed for the position and sought diligently hire a replacement well prior to HKTF with a view to making Mr. Larian's continuous presence in Hong Kong through the two week period unnecessary. *Id.* MGA continued these efforts during the last several weeks since the Court first indicated that it would require Mr. Larian's presence in Court on January 9. *Id.* Unfortunately, however, MGA has not been able to hire a replacement. *Id.* In addition, MGA has lost numerous other senior executives and has laid off hundreds of employees in the past year. *Id..* As a result, there are few executives left at MGA to attend the meetings scheduled by customers during the HKTF, and Mr. Larian is the only executive that is able to act as MGA's chief sales representative. *Id.*

Moreover, since Mr. Larian was ordered to be present in court on January 9, MGA's manufacturers have scheduled design and costing meetings for the period of January 7 through 11. Larian Decl. ¶ 11. These daily product design and product costing meetings are critical to MGA's ability to manufacture its products in 2010. *Id.* MGA manufactures most of its products using contract manufacturers in China, and each year MGA strikes the key business terms of these manufacturing contracts during HKTF. *Id.* It is customary and culturally expected for these negotiations to take place in person, and MGA cannot expect to accomplish these negotiations over the phone. *Id.* ¶ 12.

For years Mr. Larian has served as MGA's principal representative for negotiating the costing associated with MGA's product designs, including serving as the person with ultimate authority to approve any necessary changes to those designs in order to meet costing goals that enable the company to price its products attractively and to operate profitably. Larian Decl., ¶ 12. No one else at MGA has ever conducted these final negotiations, and there is no one at MGA to whom these negotiations can be delegated. *Id.* Mr. Larian has developed and cultivated personal relationships with vendors through in person meetings over many years,

1  and no other person has the experience and familiarity with the issues and vendors
2  to be as effective a negotiator.  *Id.*  HKTF is the key time to strike these deals in
3  order to meet product demands throughout the rest of the year. *Id*. ¶ 13.

4  Accordingly, Mr. Larian will be serving in two critical roles for MGA at the
5  HKTF this year, acting both as MGA's senior sales representative, and as its head
6  of design and costing.  Larian Decl. ¶ 9.  Both of these roles require his continuous
7  presence in Hong Kong throughout the first two weeks of January, attending
8  literally dozens of meetings and working more than fourteen hours per day.  *Id*.
9  There is simply no way he can both attend the meetings customers and vendors
10 have scheduled during this time and be present in Court on January 9.

11 Mr. Larian has cancelled or refused to attend meetings during the third week
12 of January in Hong Kong in order to return in time to attend the Court's sessions
13 commencing on January 16, and will be available to the Court by telephone on
14 January 9 and thereafter, and MGA's General Counsel will have full authority and
15 will attend in person to address any issues with the Court on behalf of MGA.
16 Larian Decl., ¶ 14.  Beginning on January 16, 2010, Mr. Larian will attend in
17 person on Saturdays and after-hours hearings.  *Id*., ¶ 15.

## ARGUMENT

19 This Court's December 7, 2009 Minute Order (Docket No. 7331) requires
20 "the principals at MGA Entertainment, Inc. (Mr. Isaac Larian) and Mattel, Inc. (Mr.
21 Robert Ekert) to be present at all Saturday hearings and after-hours hearings
22 beginning January 9, 2010."  During informal conferences in November and
23 December, the Court also ordered the in-person presence of the parties' principals
24 on every Saturday commencing on January 9 unless and until excused.  MGA seeks
25 a one-time hardship exemption permitting Mr. Larian to be present in Hong Kong
26 during the first two weeks of January and postponing his required attendance until
27 January 16.  MGA has no objection to Mr. Eckert also being excused during this
28 period.

- 6 -

MGA PARTIES' *EX PARTE* APPL. FOR RELIEF
AMENDING THE DEC. 7, 2009 MINUTE ORDER
CV-04-9049 DOC (RNBx)

1   MGA respectfully submits that its request for a one-time hardship exemption
2   is consistent with the Court's ultimate goals to promote the efficient and just
3   resolution of this matter on the merits. Counsel, including MGA's General
4   Counsel, will be present with full authority "to make stipulations and admissions
5   about all matters that can reasonably be anticipated for discussion at a pretrial
6   conference." Fed. R. Civ. P. 16(c)(1). The trial date has not yet been set and the
7   Court has indicated its intention to await the ruling from the Ninth Circuit before
8   doing so. The status conferences during January are not specially-set settlement
9   conferences which customarily require in-person attendance of the principals with
10  full authority, and indeed the parties attended such a settlement conference with
11  Judge Tevrizian during December after which they jointly agreed to report to the
12  Ninth Circuit that no settlement appeared likely prior to a ruling from the Ninth
13  Circuit in the pending appeal. Declaration of Annette L. Hurst in Support of *Ex
14  Parte* Application, ¶¶ 2-3. A one-week's delay in commencing the requirement of
15  attendance of principals will therefore not cause any undue delay in the orderly
16  administration of the case. MGA therefore respectfully submits that the one-time
17  hardship exemption is consistent with Rule 16 and the discretion of the Court in
18  exercising its inherent powers.

## CONCLUSION

For the foregoing reasons, MGA respectfully requests that the Court amend the December 7, 2009 minute order (Docket No. 7331) to require that principals be present at all Saturday hearings and after-hours hearings beginning January 16, 2010 rather than January 9, 2010.

Dated: December 31, 2009          ORRICK, HERRINGTON & SUTCLIFFE LLP

By:   */s/ Annette L. Hurst*
           Annette L. Hurst
        Attorneys for MGA Parties