QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:   (213) 443-3000
Facsimile:   (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, a Delaware corporation,<br><br>             Plaintiff,<br><br>      vs.<br><br>MGA ENTERTAINMENT, INC., a California corporation, et al.,<br><br>             Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 DOC (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>MATTEL, INC.'S OPPOSITION TO THE MGA PARTIES' *EX PARTE* APPLICATION FOR RELIEF AMENDING THE DECEMBER 7, 2009 ORDER |

**Preliminary Statement**

On November 14, 2009, after the Court directed that the CEOs of the parties be present at all Saturday and after-hours hearings beginning in January, MGA asked that Mr. Larian be excused from that obligation based on alleged scheduling conflicts with the Hong Kong Toy Fair during the first two weeks of January. The Court rejected MGA's request. On December 7, the Court issued a written Order reiterating its instruction that the parties' CEOs be present at all Saturday and after-hours hearings beginning on January 9, 2010.

Waiting until New Year's Eve, MGA now rehashes the same arguments it lost weeks ago and asks the Court to bless Mr. Larian's decision to proceed in disregard of the Court's direction that he attend the January 9 hearing. Mr. Larian's declaration leaves no doubt that he took no steps to comply with the Court's Order. Indeed, apparently he does not even plan to wait for the Court to rule on his groundless, belated *ex parte*—he proclaims that he is boarding a flight to Hong Kong this weekend.

MGA's improper application should be rejected. There is no merit to MGA's excuses and no basis for reconsideration, let alone a tardy *ex parte*. Mr. Larian should not be permitted to keep his own hours—participating in this litigation at his convenience—while the rest of the participants move heaven and earth to press forward. Nor is there any emergency here, and if there was one, it was one made solely by MGA. Indeed, in filing this *ex parte*, MGA violated this Court's mandate that all motions be filed in person by lead counsel. For all of this, sanctions should be imposed on MGA and Mr. Larian as well.

Moreover, the *ex parte* does not just seek to excuse Mr. Larian from a single hearing, but threatens to delay the overall litigation and prejudice Mattel. MGA seeks the Court's blessing for Mr. Larian's absence through January 16. On December 11, after less than a day and a half of actual deposition time, Mr. Larian suspended his deposition for religious observances. As part of the adjournment,

Mattel requested that MGA promptly provide dates in early January for the deposition's resumption. MGA dragged its feet. Then, two days ago, MGA informed Mattel that Mr. Larian would not make himself available to resume his deposition on any date before January 18. MGA's request relief thus also would cause material delay in his deposition—a deposition centrally important to Mattel's ability to finalize its RICO claims and prepare its case.

The *ex parte* should be rejected, Mr. Larian should be ordered to sit for deposition immediately, and MGA and Mr. Larian should be sanctioned.

### Argument

### I. THERE IS NO BASIS FOR *EX PARTE* RELIEF OR RECONSIDERATION

MGA has known since at least November that Mr. Larian intended to attend the Hong Kong Toy Fair. It raised this precise issue with the Court at a hearing on November 14, 2009. Counsel made the arguments rehashed in the *ex parte*, and the Court rejected them.[1] The Court issued a written Order on December 7 explicitly requiring Mr. Larian's attendance in court starting on January 9. MGA thus also has known for many weeks that Mr. Larian's attendance would be required.

MGA nevertheless waited until 3 p.m. on New Year's Eve to file an *ex parte*. MGA's tactical choice to wait to raise an already-resolved issue does not justify *ex parte* relief. To the contrary, a party seeking *ex parte* relief must show irreparable injury and "that the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect." Mission Power Eng. Co. v. Continental Cas. Co., 883 F. Supp. 488, 490 (C.D. Cal. 1995).

---

[1] The only "new" contention that MGA offers here is that Mr. Falcon resigned in October. But MGA knew this at the November hearing, and chose not to raise it -- confirming that Mr. Falcon's departure was not the monumental event MGA now claims. Regardless, given that MGA has been aware of Mr. Falcon's departure since October, it cannot justify either *ex parte* relief or reconsideration.

This standard is not met here. MGA has had weeks to raise the issue. Indeed, MGA had raised the issue *already*, and its arguments were rejected. Mr. Larian's declaration also makes clear that Mr. Larian took no steps to abide by the Court's Order and that he apparently never intended to comply.[2] The purported urgency here is entirely of Mr. Larian's own creation—his decision to proceed in disregard of a Court Order and then delay until the time that he claims to be, literally, on the verge of boarding a plane. That is precisely the type of situation for which *ex parte* relief is expressly unavailable.

MGA's filing of this application was, itself, improper for other reasons. Because it offers no new law or facts that were not known to MGA in November, it in no way meets the standards for reconsideration. See L.R. 7-18. Moreover, at the hearing on November 30, the Court made clear that all motions must be filed in person by lead counsel, absent permission. MGA has not, to Mattel's knowledge, obtained such permission. Thus, the electronic filing of MGA's *ex parte* application violates the Court's order on filing procedures.

## II. MGA'S REQUESTED RELIEF WILL CAUSE UNDUE DELAY

MGA claims that its requested relief will not cause any "undue delay in the orderly administration of the case." (Appl. at 7.) Not so. While a trial date has not been finalized, both the Court and the parties have discussed the prospect of an April trial date (depending on the status of appellate proceedings). More importantly the Court has made clear its intention to set discovery deadlines well in advance of that and stated that depositions must be completed by the end of February. Moreover, at MGA's demand, the Court has indicated that Mattel must

---

[2] He recounts how he is purportedly the "only" executive capable of representing MGA at Hong Kong Toy Fair and how he has scheduled "literally dozens of meetings." (Larian Decl. ¶¶ 8-12.) Nowhere does Mr. Larian provide any evidence of efforts to comply with the Court's Order, except for noting his "hope" to hire a replacement for Mr. Falcon.

file its final amended pleading, which will, among other things, delineate Mattel's RICO allegations, sooner rather than later.

Mr. Larian's deposition testimony is crucial to Mattel's ability to achieve this and to continue preparing for what Mr. Larian has called a "billion dollar" trial. But Mr. Larian is using the Toy Fair not only as an excuse to defy a Court Order, but also to further delay his deposition. Mr. Larian was deposed for less than 12 hours *in total* on December 10 and 11—without even counting delays caused by Mr. Larian's refusals to cooperate in the deposition and his non-responsive commentary about Mattel and its counsel.[3] The deposition was cut short to accommodate Mr. Larian's request that he be excused for religious observances. Since December 11, Mattel has repeatedly sought early January dates for the deposition's resumption. MGA provided no dates until just two days ago, when MGA announced that Mr. Larian would not make himself available until January 18 because he "is out of the country in Hong Kong at the Toy Fair for the first 2 weeks of January."[4]

Mattel is entitled to Mr. Larian's deposition testimony to prove its counterclaims, prepare its amended pleading and to defend against MGA's purported "billion dollar" claims against Mattel. Additionally, MGA has failed to provide responses to highly relevant discovery, including written discovery directed to Mr. Larian. Granting MGA's requested relief—excusing Mr. Larian from his deposition and other obligations for over half of the month of January—thus will result in yet more delay in obtaining much-needed, and overdue, discovery.

---

[3] In contrast, to cite just one example, MGA deposed Mr. Elias, an employee in Mattel's security department with far less involvement in the events at issue in this case, for over four days -- many of them long days that went well into the evening.

[4] December 29, 2009 email from T. McConvile to S. Watson and M. Zeller. As Mr. Larian's declaration concedes, Hong Kong Toy Fair actually only lasts four days -- from January 11 to January 14, 2010. Larian Decl. ¶ 4. Thus, MGA's last-minute, unilateral announcement that Mr. Larian has decided to make himself unavailable for weeks is insupportable for this reason as well.

## Conclusion

MGA's *ex parte* application should be denied in its entirety, MGA and Mr. Larian should be sanctioned for bringing an improper and baseless *ex parte*, and Mr. Larian should be ordered to sit for deposition immediately.

DATED: January 1, 2010        QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By /s/ Michael T. Zeller
   Michael T. Zeller
   Attorneys for Mattel, Inc.