MELINDA HAAG (State Bar No. 132612)
mhaag@orrick.com
ANNETTE L. HURST (State Bar No. 148738)
ahurst@orrick.com
WARRINGTON S. PARKER III (State Bar No. 148003)
wparker@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building, 405 Howard Street
San Francisco, CA 94105
Tel: (415) 773-5700/Fax: (415) 773-5759

WILLIAM A. MOLINSKI (State Bar No. 145186)
wmolinski@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA 90017
Tel. (213) 629-2020/Fax: (213) 612-2499

THOMAS S. MCCONVILLE (State Bar No. 155905)
tmcconville@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
4 Park Plaza, Suite 1600
Irvine, CA 92614-2258
Tel: (949) 567-6700/Fax: (949) 567-6710

Attorneys for MGA Parties

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | Case No. CV 04-9049 DOC (RNBx)<br><br>Consolidated with:<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>**MGA PARTIES' REPLY IN SUPPORT OF *EX PARTE* APPLICATION FOR RELIEF AMENDING THE DECEMBER 7, 2009 MINUTE ORDER THEREBY EXCUSING THE IN PERSON ATTENDANCE OF PRINCIPALS IN COURT FROM JANUARY 9, 2010 THROUGH JANUARY 15, 2010** |

# INTRODUCTION

In opposition to the Application, Mattel fails to rebut the MGA Parties' showing of good cause for a one-time hardship excuse allowing Mr. Larian to participate by telephone rather than in person between January 9 and 16. Mattel makes no meaningful argument to diminish the necessity of MGA's—and Mr. Larian's in particular—personal participation in the meetings and events surrounding the Hong Kong Toys and Games Fair ("HKTF"). Rather than address the true hardship to MGA, Mattel slings mud, making unsubstantiated accusations of deliberate delay and other nefarious misdeeds against MGA, Mr. Larian and their counsel, while nonetheless completely failing to show any prejudice to it whatsoever of Mr. Larian's presence in Hong Kong during the first two weeks of January. On the merits, this Application plainly should be granted, and when stripped of its rhetoric, Mattel's opposition does nothing to demonstrate the contrary. Rather, Mattel undoubtedly understands the enormous importance to MGA's business of Mr. Larian's presence in Hong Kong during the first two weeks of January, and that is exactly why it seeks to prevent him from attending using the Court to accomplish its anti-competitive goals.

To be clear: (1) MGA has been trying since the Court first indicated its intention to require Mr. Larian's presence in January to hire a new senior executive responsible for sales, but has been unable to do so; (2) Mr. Larian tried to arrange his schedule in Hong Kong so that he court return on the weekend of January 9 but without a new senior sales executive and in light of the schedules being dictated to him by MGA's business partners, he was unable to do so; (3) Mr. Larian has already demonstrated his absolute willingness to be present in Court when needed by being personally present for both a Saturday and an evening session. When it became clear in the last ten days that he simply could not make it work for January 9, the MGA Parties most reluctantly, but only out of absolute necessity, filed this Application.

- 1 -

MGA PARTIES' REPLY ISO *EX PARTE* APPL. FOR RELIEF
AMENDING THE DEC. 7, 2009 MINUTE ORDER
CV-04-9049 DOC (RNBx)

1  Mattel's big complaint is that it cannot schedule the resumed deposition of
2  Mr. Larian during the first ten days of January, but even apart from being
3  procedurally irrelevant to this Application which concerns severe hardship to MGA,
4  that argument is completely off the mark.  First, Mattel admits in its Opposition that
5  it has known since MGA first raised the issue that Mr. Larian planned to attend
6  HKTF.  Mattel had no basis for its assumption that he would be present in Los
7  Angeles during the first eight days of January at a time when the Court had not
8  ordered him to be present anyway.  Second, it is only because of Mattel's counsel's
9  vacation schedule that Mr. Larian's deposition has not been completed.  MGA
10 repeatedly offered that his deposition could take place during the last week of
11 December, but in light of counsel's vacation schedule the Court ordered a hiatus
12 during that period.  Mr. Larian later offered the first business days in January he is
13 available after HKTF.  There is no reason that MGA or Mr. Larian should be
14 penalized for legitimate business necessity to be elsewhere when his deposition
15 could have been completed if not for the vacation schedules of Mattel's counsel.
16 Third, Mattel has not offered any argument or evidence that it is prejudiced in any
17 way by the resumption of Mr. Larian's deposition on January 18.  Given that there
18 is not even a trial date in this case yet and the Court has properly indicated its
19 intention to hold trial only after the Ninth Circuit issues its ruling in the pending
20 appeal, any such argument would be specious.
21      The Application should be granted.

**ARGUMENT**

**I. THE APPLICATION SHOULD BE GRANTED.**

MGA demonstrated in the Application that it is a matter of business necessity for it, and could cause it extreme hardship and indeed imperil its business, if Mr. Larian is not present in Hong Kong during the first two weeks of January. As noted, in response Mattel does not seek to rebut MGA's showing of hardship or necessity. Instead, Mattel argues (a) that Mr. Larian never intended to comply with the Court's order, and (b) that it cannot wait one more week to complete his deposition, despite having deposed him already for four days and that there is yet no trial date. Both of these arguments should be soundly rejected.

**A. Despite Diligent Efforts, MGA Cannot Comply With the December 7 Order Without Tremendous Hardship.**

With respect to the first argument, Mr. Larian detailed the efforts he and MGA took to comply with the December 7, 2009 order requiring his presence at any Saturday and after-hours hearings beginning January 9, 2010. The issue was raised with the Court in a timely manner once it became clear those efforts were not successful at avoiding the necessity of his presence in Hong Kong. Mattel seeks to make much hay about Mr. Larian's intent to board a plane on January 2, but this is not contrary to any Court order, as the December 7, 2009 order speaks only to January 9, 2010 and beyond. Moreover, while the December 7, 2009 order states that principals must attend any Saturday and after-hours hearings after January 9, 2010, no such hearings have actually yet been scheduled. And, MGA's General Counsel will be present in person with full authority and Mr. Larian on the telephone as needed.

Mattel's claim that Mr. Larian never intended to comply is thus completely belied by the fact that MGA filed this motion requesting relief before the Court confirmed there would in fact be a hearing on January 9 requiring Mr. Larian's presence (which is not directly stated in the December 7 Order), and with sufficient

MGA PARTIES' REPLY ISO *EX PARTE* APPL. FOR RELIEF
AMENDING THE DEC. 7, 2009 MINUTE ORDER
CV-04-9049 DOC (RNBx)

time to obtain either Mr. Larian's presence or the requested relief before January 9 in the event that the Court does require such a hearing. MGA filed the Application during the final week of December to give more time for consideration before the January 5 status conference and in an effort to avoid the necessity of additional hearings during the week of January 4 if possible.[1] (As Mattel filed a lengthy motion for reconsideration with the Ninth Circuit on December 22 requiring MGA's counsel to work during the last two weeks of the year, it hardly has grounds to complain of a December 31 filing.)

### B. While Inapposite To This Motion, Any Delay In Mr. Larian's Deposition Is Due To The Vacations Of Mattel's Counsel.

Mattel's argument of undue delay in the completion of Mr. Larian's deposition is ridiculous. Apart from being completely irrelevant to this Application as a procedural matter (Mattel has filed no motion to compel, and none would be proper), it is not Mr. Larian's fault that his deposition has not already been completed. MGA repeatedly offered his deposition during the final week of December. MGA's counsel had no vacation planned during that week, and was prepared to proceed. Based on the vacation schedules of Mattel's counsel, there was a hiatus during that week, and MGA willingly accommodated that hiatus without complaint and worked to schedule other depositions to accommodate the vacation schedules of Messrs. Zeller and Quinn. To blame MGA and Mr. Larian now for accommodating counsel's vacation schedule is really beyond the pale. Meanwhile, Mr. Larian has offered to resume his deposition on January 18, immediately after his return from HKTF.

Nor has Mattel offered any pressing reason why Mr. Larian's deposition must

---

[1] MGA understood the requirement that both lead counsel walk motions into the Courtroom to apply to discovery matters which can be resolved by agreement and without the necessity of a court order. This Application seeking modification of an order concerning attendance at a Rule 16 conference could not in any event be resolved by Mattel's agreement, which of course was not forthcoming from Mattel anyway. Nevertheless, if the Court wishes MGA's designated co-lead counsel to walk these papers into the courtroom, we will certainly do so.

resume prior to January 18, 2010. The Court has not set a trial date yet. Mr. Larian has been deposed for four days already, two of which occurred during December 2009 at a time when Mattel had an opportunity to ask everything it wanted about every issue in the case, and did so—from asking the same questions it asked about Phase 1 issues to a thoroughgoing examination of the Omni 808-Wachovia debt acquisition transaction. That session of the deposition was adjourned to accommodate a major religious holiday—Hanukah. There is no credible argument of undue delay or prejudice because Mattel is resuming the deposition in January just a few days after it hoped to do so.

## CONCLUSION

Mr. Larian has been present in Court repeatedly and is fully willing to attend—indeed, there is little of more importance to MGA and to him than doing their absolute best to ensure a successful outcome in this litigation. It is only out of the utmost necessity to MGA's business that the MGA Parties make this request that the General Counsel stand in for MGA and that he be permitted to appear by telephone prior to January 16. MGA and Mr. Larian have made a compelling showing of necessity, and Mattel has responded with its customary stew of hysterical and unfounded scurrilous accusations, none of which provide a reason to deny the Application. It should be granted, and the MGA Parties respectfully request that the Court do so.

Dated: January 4, 2009        ORRICK, HERRINGTON & SUTCLIFFE LLP

By: _____*/s/ Annette L. Hurst*_____
Annette L. Hurst
Attorneys for MGA Parties