1   Robert C. O'Brien (SBN 154372)
    ARENT FOX LLP
2   555 West Fifth Street, 48th Floor
    Los Angeles, CA  90013-1065
3   Telephone:   213.629.7400
    Facsimile:   213.629.7401
4   obrien.robert@arentfox.com

5   Discovery Master

6

7

8                   UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10                       SOUTHERN DIVISION

11

12  CARTER BRYANT, an individual,        Case No.  CV 04-09049 DOC (RNBx)

13              Plaintiff,                Consolidated with
                                          Case No. CV 04-09059
14       v.                              Case No. CV 05-2727

15  MATTEL, INC., a Delaware             **PHASE 2 DISCOVERY MATTER**
    corporation,
16                                       **ORDER NO. 89, REGARDING:**
                Defendant.
17                                         **MOTION OF MGA
                                           ENTERTAINMENT, INC. TO
18                                         COMPEL RESPONSES TO 918
                                           DOCUMENT REQUESTS**
19  CONSOLIDATED WITH
    MATTEL, INC. v. BRYANT and
20  MGA ENTERTAINMENT, INC. v.
    MATTEL, INC.
21

22

23

24

25

26

27

28

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

                                                      ORDER NO. 89
                                          [Case No. CV 04-09049 DOC (RNBx)]

LA/227080.3

1    This Order sets forth the Discovery Master's ruling on the motion of MGA

2    Entertainment, Inc. ("MGA") to compel further responses and production of

3    documents requested in 918[1] Requests for production (the "Requests") propounded

4    on Mattel, Inc. ("Mattel") by MGA (the "Motion to Compel").

5    The Motion to Compel came on regularly for hearing on December 11, 2009.

6    All interested parties were represented by counsel and afforded the opportunity to

7    present oral argument on the Motion.  The Discovery Master, having considered the

8    papers filed in support of and in opposition to the Motion to Compel, including the

9    proposed orders submitted by the parties as well as the Joint Statement submitted in

10    response to Order No. 80, and having heard oral argument, rules as set forth below.

## I.   FACTUAL BACKGROUND

### A.   The Requests

13    In its Motion, MGA seeks to enforce 918 Requests propounded in Case Nos.

14    CV 04-9049 (the "9049 Requests") and CV 04-9059 (the "9059 Requests"), as

15    follows:

**9049 Requests**:

- Set One Nos. 1-31, 34-36, 40-42, 44-46, 68-98, 100, and 105-115;
- Set Two Nos. 116, 117, 123-133, 168, 170-173, 176, 177 and 180;
- Set Three Nos. 182-383;
- Set Four Nos. 384-435 and 437-469;
- Set Five Nos. 471-483, 485, and 492-525;
- Set Six Nos. 540-567 and 569;

---

[1] MGA's Notice of Motion lists 918 Requests, but in reviewing the accompanying Memorandum of Points and Authorities (the "Motion"), the Discovery Master realized that there were four additional Requests discussed in the Motion that were not specified in the Notice.  (9049 Requests 691-692 and 9050 Requests 331-332).  To clarify which specific Requests are at issue, I directed the parties to file a Joint Statement.  The Joint Statement, like the Notice of Motion, omits the four Requests discussed in the Motion.  Consequently, they are not addressed in this Order.

In the Joint Statement submitted by the parties, MGA also asserts that there are 918 Requests at issue, but lists 921 Requests.  As a result of this new inconsistency in the Joint Statement, I conducted a manual tally to ascertain the reason for the difference.  The review disclosed that MGA had listed three of the Requests (9049 Requests 113, 114, and 115) twice.  Eliminating these duplicates leaves a total of 918 Requests at issue.

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

LA/227080.3

- 1 -

ORDER NO. 89
[Case No. CV 04-09049 DOC (RNBx)]

- Set Seven Nos. 572-590, 594-600, 603, 605-644, 646, 648-657, 674-690; 693-695, 697-735, 741, 743-746, and 748-758;

- [Second] Set Seven Nos. 572(2)-574(2); and

- Set Eight Nos. 770-794.

**9059 Requests**:

- Set One Nos. 1-43, 47, 49-98, 100-167, 170, 171, 175-179, 184, 185, 189, 191-223, 252, 253, 255-257, 272-280, 283, 286-295, 298, 301, 308, 310, 312, 314, 316, 318, 319, 321 and 322;

- Set Two Nos. 333-349; and

- Set Three Nos. 351-361.

### B.   Mattel's Responses

Mattel did not unconditionally agree to comply with any of the 918 Requests at issue.  Instead, Mattel agreed in some instances to produce documents responsive to the Requests subject to what Mattel contends to be applicable rulings by the prior Discovery Master.  MGA disagrees with Mattel's characterization regarding the applicability of those orders.  As to the balance of the Requests, Mattel asserted only objections, including objections based on relevance grounds.  (Opposition, pp. 11 and 12; Joint Statement, pp. 10 – 12).

### C.   Relief Sought By MGA

MGA asserts that Mattel has unjustifiably objected to, and refused to produce, documents responsive to, the Requests.  MGA breaks down the disputed Requests into three categories.  The first category involves 120 Requests[2] to which Mattel has agreed to comply, subject to certain orders of the prior Discovery Master which Mattel claims apply to the present Requests.  (Motion, p. 7, fn. 12).  The second category involves 328 Requests (not counting four which are also included

---

[2] The 120 figure excludes two Requests listed by MGA in its moving papers (Motion, p. 7, fn.12) but omitted in both MGA's Notice of Motion and the parties' Joint Statement (see fn. 1, above).  It also excludes one Request (9059 Request 189), which was referenced by MGA in two different, mutually exclusive categories—i.e., Requests to which Mattel agreed to comply, on the one hand, and Requests as to which Mattel served only objections, on the other hand.  Request 189 cannot be placed in either category.  (*See* fn. 6, below).

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

LA/227080.3

- 2 -

ORDER NO. 89
[Case No. CV 04-09049 DOC (RNBx)]

in the first category) to which Mattel has agreed to comply by producing documents "sufficient to show some subset of the requested information." (Motion, p. 9 and fn. 15). The third category involves 452 Requests[3] to which Mattel has objected only, without agreeing to produce any responsive documents. (Motion, p. 12, fn. 21).

These three categories total 900 Requests; MGA fails to properly place the remaining 18 Requests in any of the three categories.

MGA asserts that Mattel must supplement its responses to all three categories, and must produce documents responsive to each.

### D.    Mattel's Opposition

Mattel also divides the Requests into three categories, but, like MGA, fails to account for all 918 of the Requests in dispute. The first category, consisting of 287 Requests (mistakenly tallied as 289) consists of Requests with which "Mattel has fully complied . . . based on search techniques specifically upheld by the Discovery Master . . . and subject only to claims of privilege and work product protection." (Opposition, p. 11). The second category, consisting of 134 Requests (mistakenly tallied as 136) consists of Requests with which "Mattel has or will fully [comply] subject only to limitations based on privilege and work product, or on prior rulings of the Discovery Master as to overbreadth and relevance." (*Id.*, p. 12). When tallied correctly, these first two categories total 421 Requests. However, Mattel claims elsewhere in its Opposition that there are 485 Requests falling into these two categories. (Opposition, p. 14).

The third category, like MGA's third category, involves Requests to which Mattel has simply objected without agreeing to produce any documents. In its Opposition, Mattel does not provide a comprehensive list of all of the Requests

---

[3] The 452 figure excludes two Requests listed by MGA in its moving papers (Motion, p. 12, fn. 21) but omitted in both MGA's Notice of Motion and the parties' Joint Statement (*see* fn. 1, above) and also excludes 9059 Request 189, because it cannot be placed in either category at this time.  (*See* fn.2, above and fn. 6, below).

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

LA/227080.3

- 3 -

ORDER NO. 89
[Case No. CV 04-09049 DOC (RNBx)]

falling into this category or even a total.  As set forth below, Mattel subsequently provided both of these pieces of information in response to Order No. 80.

**E.      The Discovery Master Issues Order No. 80 Requiring The Parties To File A Joint Statement Reconciling Their Competing Categories Of Requests**

Faced with the parties' failure to include all of the Requests in their respective tallies, I issued Order No. 80 which, among other things, directed the parties to identify both the total number and the specific Requests as to which: (1) Mattel had agreed to comply; and (2) Mattel had served only objections.  The purpose of Order No. 80 was to give the parties an opportunity to clarify ambiguous representations in their respective briefs.  Unfortunately, instead of clarifying and reconciling the discrepancies in their briefs, the parties provided new and different breakdowns of the various Requests in their Joint Statement.

For example, Mattel represented that it had agreed to conditionally comply with 345 Requests (as opposed to either of the numbers provided in its Opposition, i.e., 421 and 485, respectively).  Mattel also asserted that 81 of the Requests are duplicative.  (Joint Statement, pp. 6-10).

For its part, MGA contended that Mattel had agreed to respond to 485 Requests, but did not list any of them (presumably, because this number was mentioned by Mattel in its Opposition).  (*Id.*, p. 10).

**F.      Methodology Used By The Discovery Master**

Based on the inconsistent and conflicting information provided by the parties, I have endeavored to place each of the 918 Requests into one of two categories:  (1) Requests as to which Mattel objected, without any statement of compliance; and (2) Requests as to which Mattel has represented it has complied, or will comply, subject to certain conditions (e.g., rulings of the prior Discovery Master).  The purpose of this grouping is to ensure that I address all of the Requests

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

LA/227080.3

- 4 -

ORDER NO. 89
[Case No. CV 04-09049 DOC (RNBx)]

1 and that I properly understand the parties' arguments with respect to each such

2 Request.[4]

3       In determining which Requests belong in which category, I began by

4 comparing the parties' briefs, their Separate Statements, and the Joint Statement

5 submitted in response to Order No. 80 to ascertain which Requests the parties *agree*

6 belong in the two respective categories.

7       The only number on which the parties agree is the number of Requests to

8 which Mattel served only objections.  In their Joint Statement, the parties identify

9 456 Requests as falling in that category.  (Joint Statement, pp. 11 – 12).  However,

10 the number agreed by the parties is slightly inaccurate and must be adjusted in two

11 ways.  First, one of the 456 Requests (i.e., 9059 Request 44) is not listed in either

12 the Notice of Motion or the comprehensive list of 918 Requests at issue in the Joint

13 Statement.  Consequently, that Request is not properly before me.  Second, three of

14 the Requests (9049 Requests 430, 458, and 459) are Requests as to which Mattel

15 stated it would comply.  (Opposition, p. 12).  Removing these four Requests from

16 the 456 identified by the parties leaves a total of 452 Requests as to which Mattel

17 served only objections.  There is also one additional Request that the parties

18 overlooked where Mattel responded only with objections (i.e., 9059 Request 197).

19 Accordingly, there are 453 Requests in the first of the two categories mentioned

20 above.  I will address them as a group in Section II.A, below.

21       Determining the number of Requests in the second category should be a

22 simple matter, since all of the 918 Requests that are not in the first category should

23 be in the second.  In other words, if Mattel responded by stating something beyond

24 mere objections, those responses must involve some sort of statement of

25 compliance, and should therefore be in the second category.  Pursuant to this logic,

26 ────────────────

[4] In doing so, I acknowledge that certain *arguments* (as opposed to Requests) cannot be neatly allocated to one category or the other.  For instance, Mattel relies on various orders by the prior Discovery Master in support of

27 Requests that Mattel contends warrant only objections (Category 1), as well as to other Requests as to which Mattel agrees to conditionally comply (Category 2).  Thus, while it is possible to categorize MGA's *requests* into one of the

28 two categories, it is not possible to categorize the parties' *arguments* similarly, since they often span both categories.

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

LA/227080.3

- 5 -

ORDER NO. 89
[Case No. CV 04-09049 DOC (RNBx)]

1   there should be 465 such Requests in the second category (i.e., 918 minus 453).

2        However, the parties disagree on what portion of these 465 Requests belong

3   in the second category.  Moreover, neither of the parties even acknowledges that

4   there should be 465 Requests in this category.  For instance, Mattel has provided

5   multiple numbers, including 345, 421, and 485.[5]

6        To resolve this issue, I devised a method for determining how to address the

7   465 remaining Requests.  By comparing the parties' briefs and the Joint Statement,

8   I determined that there were 416 Requests which both parties identify as involving

9   statements of compliance by Mattel.  I moved these 416 Requests into the second

10  category.

11       That left 49 Requests which the parties had not jointly allocated to one of the

12  two appropriate categories.  I was able to reduce this number further by identifying

13  Requests as to which Mattel had unambiguously promised to comply (or stated that

14  it had already complied).  Specifically, of the 49 subject Requests, 22 were

15  Requests with which Mattel had, at one point or another, agreed to comply.

16  (Opposition, pp. 11 and 12; Joint Statement, pp. 10 and 11).  I therefore added these

17  22 Requests to the ones the parties jointly designated as containing statements of

18  compliance, increasing the total in the second category to 438.

19       Mattel's responses to the balance of the Requests (numbering 27)[6] cannot be

20  placed in either category at this time, because MGA did not include them in the

21  Separate Statement, and Mattel disputes that it ever agreed to comply with the

22  subject Requests.  As a result, the Record before me does not permit me to

23  adjudicate the parties' dispute as to those 27 Requests at this time.  Instead, I will

24

25

26  [5] In the Joint Statement, Mattel contends that 117 of these Requests are not properly before me, because MGA failed to include them in its Separate Statement accompanying the Motion.

27  [6] 9049 Requests 17, 46, 92, 386, 387, 541, 542, 544, 547, 561, 562, 586, 605, 606, 607, 608, 609, and 610. 9059 Requests 87, 96, 97, 189, 338, 339, 340, 341, and 342.

28

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

LA/227080.3

- 6 -

ORDER NO. 89
[Case No. CV 04-09049 DOC (RNBx)]

address the other 891 Requests discussed above.[7]  To summarize, 453 of those Requests involve responses consisting only of objections, without any statement of compliance.  The remaining 438 Requests involve conditional statements of compliance by Mattel.

### G.     The Parties' Respective Proposed Orders

At the hearing on this matter conducted on December 11, 2009, the parties informed the Discovery Master that they might be able to resolve some of the Requests in dispute.  I therefore directed each side to submit a proposed Order.

On December 22, 2009, the parties submitted the above-referenced proposed orders.  Comparing the proposed orders reveals that the parties have not reached agreement on any of the Requests in dispute.  Neither proposed order indicates that Mattel has agreed to serve supplemental responses to any Requests or that MGA has agreed to withdraw any Requests.

The only substantive change in the parties' respective positions involves three Requests (9049 Requests 34, 35, and 272) to which Mattel had previously asserted only objections, but to which Mattel now represents that it has complied, or will comply, subject to certain conditions.  (Mattel's Proposed Order, pp. 3 and 7).  In accordance with this representation, I have moved these three Requests from the category involving only objections into the category involving statements of partial compliance.  As a result, the final tally of Requests involving only objections has been reduced from 453 to 450, while the Requests involving statements of compliance has been correspondingly increased from 438 to 441.  This change does not affect the 27 Requests which, as set forth in Section I.F, above, cannot be placed in either category at this time.

---

[7] In the event MGA believes that Mattel conditionally agreed to comply with the additional 27 Requests, MGA may seek reconsideration of this Order regarding those requests by providing evidence of Mattel's statement of compliance.

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

LA/227080.3

- 7 -

ORDER NO. 89
[Case No. CV 04-09049 DOC (RNBx)]

## II.   DISCUSSION

### A.   The 450 Requests To Which Mattel Served Only Objections Should Be Narrowed As Proposed By MGA

In its Motion, Reply, and Proposed Order, MGA suggests that the Requests should be narrowed according to certain categories and subcategories.  I find that MGA's suggested modification of the Requests largely resolves the objections asserted by Mattel regarding overbreadth, relevance and burden.  Accordingly, I adopt those modifications, as set forth below.

First, MGA states that the Requests are limited to seven broad categories related to the Phase 2 claims and defenses.  (Motion, pp. 17-26; MGA's Proposed Order, pp. 5-10).   The seven categories include the following:

- "Bratz" and "My Scene" Products;
- Serial Copying of Non-Bratz Products;
- Unfair Competition Through Improper Interference with MGA's Business Relationships;
- Unfair Competition Through Improper Restraints on Employee Mobility;
- Knowledge of Claims and Statute of Limitations;
- Document Retention and Destruction; and
- Damages and Other Relief Sought.

Second, MGA limits each category by more specific parameters that I discuss below.  Because Mattel generally objects that the Requests are not sufficiently "limited or focused," I adopt MGA's proposed categories insofar as they limit and focus the Requests.[8]  (Opposition, p. 23).

---

[8] MGA places 333 of the 450 Requests to which Mattel served only objections into one or more of the seven categories.  (MGA's Proposed Order, pp. 5-10).  Although MGA fails to place the remaining 117 Requests (identified in Appendix C) into any of the categories, there is no reason that these 117 Requests cannot and should not be narrowed in the same manner that MGA proposes limiting the other 333 Requests.  Accordingly, I will analyze these 117 Requests in the same manner as the other 333 Requests (but without attempting to shoehorn the 117 Requests into only one of the seven categories discussed by MGA, since more than one category may be applicable to any single Request).

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

LA/227080.3

- 8 -

ORDER NO. 89
[Case No. CV 04-09049 DOC (RNBx)]

### 1. "Bratz" And "My Scene" Products

In its Motion, MGA contends that "[a]t the core of this dispute are MGA's 'Bratz' and Mattel's 'My Scene' product lines," and MGA limits Requests in this category to those products. (Motion, p. 17). MGA also more specifically limits the Requests in this category to documents related to the following:

- the conception and changes in the design of "My Scene" products, packaging, and advertising;
- the conception and changes in the design of "Bratz" products, packaging, and advertising;
- Mattel and its employees' and contractors' knowledge of "Bratz";
- the advertising and marketing of "Bratz" and "My Scene" products;
- the similarities between and confusion that results from "Bratz" and "My Scene" products;
- predecessors of "Bratz" and "My Scene" products; and
- competitive analyses of the markets for "My Scene" products and "Bratz" products. (*Id.*, p. 18).

Mattel does not specifically address MGA's proposed limitations. Rather, Mattel argues that the Requests are generally irrelevant, overbroad, and are not properly limited or focused. (Opposition, pp. 15-19 and 23-25). Mattel's objections that the Requests are irrelevant and overbroad are unpersuasive. However, to account for Mattel's objection that the Requests are not properly limited or focused, I limit the Requests in this category to documents related to the seven specific issues listed above as they relate to the claims and defenses at issue in Phase 2.

As limited, I find that Mattel must produce or confirm that it has already produced to MGA the non-privileged documents, if any, that are responsive to the Requests listed in Appendix C and the following specific Requests:

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

LA/227080.3

- 9 -

ORDER NO. 89
[Case No. CV 04-09049 DOC (RNBx)]

1    • 9049 Requests: 77, 78, 423, 424, 434, 445, 446, 472, 473, 549, 551, 552,

2       555, 566, 567, 595, 596, 598, 599, 651, 693, 735, 775, 776, 777, 778, 779,

3       780, 781, 782, 783, 784, 786, 787, 788, 792, 793, and 794.

4    • 9059 Requests: 17, 18, 19, 26, 27, 28, 71, 80, 112, 113, 114, 121, 122, 123,

5       170, 171, and 175.

6    ## 2.    Serial Copying of Non-Bratz Products

7       In its unfair competition claim and affirmative defenses, MGA alleges that

8    Mattel has engaged in serial copying of MGA products.  (Motion, p. 20).  MGA

9    seeks "[d]ocuments that evidence Mattel's efforts to copy products, advertising, and

10   store displays and layouts."  (*Id.*).  MGA specifically identifies the following

11   products: "4-Ever Best Friends," "Wee 3 Friends," "Mommy's Little," "Little

12   Mommy," "Alien Racers," "AcceleRacerS," "My Scene," "Polly Pocket," and

13   "Diva Starz."  (*Id.*).  MGA also states that the Requests relate to "MGA's unclean

14   hands and competition privilege or justification defenses," and other Requests are

15   limited based on Mattel's potential defenses.[9]  (*Id.*)

16      In its Opposition, Mattel argues that it is not obligated to produce documents

17   in this category because of the prior Discovery Master's April 19, 2007 Order.

18   (Opposition, pp. 19 and 20).  As discussed in Section II.B below, I find that the

19   April 19, 2007 Order cannot be used by Mattel to avoid production.  However, I

20   limit the Requests in this category to the specific products and defenses that MGA

21   has identified in its Motion and the Requests themselves.

22      As limited, I find that Mattel must produce or confirm that it has already

23   produced to MGA the non-privileged documents, if any, that are responsive to the

24   Requests listed in Appendix C and the following specific Requests:

25      • 9049 Requests: 180, 440, 441, 442, 443, 444, 455, 512, 513, 514, 515,

26         556, 611, 612, 613, 614, 615, 616, 617, 618, 619, 620, 621, 622, 623,

27

28   [9]  According to MGA, if Mattel does not intend to raise a particular defense identified in a Request, then Mattel should "state that no responsive documents exist for that reason."  (Motion, p. 21).

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

LA/227080.3

- 10 -

ORDER NO. 89
[Case No. CV 04-09049 DOC (RNBx)]

624, 625, 626, 627, 628, 629, 630, 631, 632, 633, 634, 635, 636, 637, 638, 639, 640, 641, 652, 656, 674, 695, 748, 749, 750, 751, 752, 753, 754, 755, and 756.

- 9059 Requests: 139, 140, and 141.

### 3. Unfair Competition Through Improper Interference With MGA's Business Relationships

MGA states that Requests in this category are related to its "claim that Mattel has improperly sought to interfere with MGA's business relationships and MGA's ability to compete fairly compete [sic] in the toy industry." (Motion, pp. 21 and 22). Mattel does not specifically respond to MGA's representation that the Requests are limited to MGA's claim that Mattel improperly interfered with MGA's business relationships. Rather, Mattel generally argues that the Requests are not properly limited or focused. (Opposition, p. 23).

To account for Mattel's objection, I limit the Requests in this category to MGA's claim that Mattel sought to interfere with MGA's business relationships and MGA's ability to compete fairly in the toy industry. As limited, I find that Mattel must produce or confirm that it has already produced to MGA the non-privileged documents, if any, that are responsive to the Requests listed in Appendix C and the following specific Requests:

- 9049 Requests: 95, 96, 97, 98, 100, 425, 426, 427, 428, 433, 435, 437, 438, 439, 447, 448, 449, 450, 451, 464, 465, 469, 474, 494, 495, 496, 497, 500, 501, 503, 504, 505, 506, 507, 508, 509, 510, 511, 519, 520, 521, 522, 523, 524, 574, 575, 576, 577, 578, 579, 580, 584, 585, 587, 589, 594, 595, 596, 603, 644, 646, 648, 649, 650, 677, and 694.
- 9059 Requests: 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 63, 64, 65, 66, 67, 68, 69, 171, 176, 177, 178, and 179.

//

//

Arent Fox LLP
Attorneys At Law
Los Angeles

LA/227080.3

- 11 -

ORDER NO. 89
[Case No. CV 04-09049 DOC (RNBx)]

1
2

### 4.      Unfair Competition Through Improper Restraints On Employee Mobility

3      MGA states that the Requests in this category are "directed at evidence of
4  Mattel's improper restraints on employees in the toy industry, either in employee
5  contracts or through intimidation and threats."  (Motion, p. 22).  MGA alleges that
6  "Mattel has used its power and influence to attempt to, if not actually, intimidate
7  and threaten MGA's current and potential employees so as to cause MGA
8  competitive injury. . . .  MGA further alleges . . . that Mattel has coerced its
9  employees to accept restrictive covenants and non-compete clauses and engaged in
10  other efforts to prevent prospective MGA employees from accepting offers of
11  employment . . . ."  (*Id.*).

12      In its Opposition, Mattel refers to certain Requests as examples of this
13  category: "MGA purports to compel numerous requests dealing with Bryant's
14  Inventions Agreement with Mattel. . . .  But MGA . . . has never asserted defenses
15  related to the enforceability of this agreement, and thus cannot make any showing
16  of relevance as to Phase 2 issues."  (Opposition, p. 24).  However, as MGA states, it
17  seeks the Inventions Agreement and other such documents as they relate to Mattel's
18  alleged coercion of "its employees to accept restrictive covenants, non-compete
19  clauses, and overbroad intellectual property assignment agreements" as related to
20  MGA's unfair competition claims.  (Reply, p. 17).

21      Given MGA's representations, I limit Requests in this category to Mattel's
22  alleged improper restraints on employees in the toy industry, either in employee
23  contracts or through intimidation and threats.  As limited, I find that Mattel must
24  produce or confirm that it has already produced to MGA the non-privileged
25  documents, if any, that are responsive to the Requests listed in Appendix C and the
26  following specific Requests:

27      • 9049 Requests: 467, 477, 478, 545, 558, 559, 560, 563, 573, 590, 675,
28        697, 770, 771, 772, 773, 774, 790, and 791.

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

LA/227080.3

- 12 -

ORDER NO. 89
[Case No. CV 04-09049 DOC (RNBx)]

### 5. Knowledge Of Claims And Statute Of Limitations

MGA contends that Mattel's Phase 2 counterclaims are barred by laches and the statute of limitations, and MGA argues that it is entitled to documents related to these issues. (Motion, pp. 22-23). Further, in its Motion and its Reply, MGA particularly describes the relevance of the Requests related to the statute of limitations issues.

In its Opposition, Mattel contends that the "statute of limitations . . . issues were definitively decided in Phase 1." (Opposition, p. 22). However, Mattel fails to advance any argument that the statute of limitations issues, as they relate to Phase 2, have been conclusively decided, as the issues in Phase 2 are different than the issues in Phase 1. (Reply, p. 15).

Given MGA's representations, I limit Requests in this category to the laches and statute of limitations issues as they relate to Phase 2. As limited, I find that Mattel must produce or confirm that it has already produced to MGA the non-privileged documents, if any, that are responsive to the Requests listed in Appendix C and the following specific Requests:

- 9049 Requests: 170, 476, 482, 572, and 789.
- 9050 Requests: 111, 167, 193, 194, 195, and 210.

### 6. Document Retention And Destruction

MGA limits Requests in this category to issues that relate directly to Mattel's document retention and destruction policies related to MGA's Phase 2 claims and defenses. According to MGA, the policies are relevant to "MGA's affirmative defense regarding Mattel's spoliation of evidence." (Motion, p. 25). MGA concedes that it has already received certain documents related to the policies but nonetheless argues that it is entitled to know, without equivocation, whether Mattel has produced all responsive, non-privileged documents. (*Id.*). MGA also limits certain Requests to "specific evidence of retention or destruction by Mattel of the //

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

LA/227080.3

- 13 -

ORDER NO. 89
[Case No. CV 04-09049 DOC (RNBx)]

documents of current or former MGA employees" that MGA specifically identifies. (*Id.*, p. 26).

Mattel argues that the document destruction issues were "long ago resolved in Phase 1" and that MGA's allegations of spoliation "have already been the subject of an evidentiary hearing and a Court ruling . . . ." (Opposition, p. 22).  However, as MGA agues: "The types of documents that Mattel is obligated to preserve and produce in connection with the Phase 2 claims and defenses differ from the documents at issue during Phase 1." (Reply, p. 16).

Given MGA's representations, I limit Requests in this category to Mattel's document retention and destruction policies as they relate to MGA's Phase 2 claims and defenses.  Further, I limit the Requests related to employees and former employees to the specific employees or categories of employees that MGA specifically identifies.  As limited, I find that Mattel must produce or confirm that it has already produced to MGA the non-privileged documents, if any, that are responsive to the Requests listed in Appendix C and the following specific Requests:

- 9049 Requests: 480, 492, 493, 500, 509, 572(2), 573(2), and 574(2).

### 7.     Damages And Other Relief Sought

MGA limits the Requests in this category to documents related to "either (or both) parties' prayers for relief in Phase 2." (Motion, p. 26).  Further, MGA represents that many of the Requests seek the production of documents "*only to the extent* that Mattel intends to seek specific relief relating to the documents requested." (*Id.*, p. 27 fn. 52).  MGA also limits certain Requests to more narrowly tailored information as outlined below.  (MGA's Proposed Order, p. 10).

The following Requests are limited to information about "My Scene" sales, profits, revenues, and returns that is necessary for MGA to perform a damages calculation with respect to its trade dress infringement and serial copying claims:

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

LA/227080.3

- 14 -

ORDER NO. 89
[Case No. CV 04-09049 DOC (RNBx)]

1    • 9049 Requests: 479, 565, 704, 705, 706, 707, 708, 709, 710, 711, 712,

2        713, 714, 715, 720, 721, 722, 723, 724, 725, 729, 730, 731, and 734.

3    The following Requests are limited as they seek documents regarding

4    particular topics, but only to the extent that Mattel seeks particular relief relating to

5    those topics:

6    • 9059 Requests: 20, 21, 22, 23, 24, 25, 29, 30, 31, 32, 33, 34, 40, 41,

7        42, 43, 109,  116, 117, 118, 119, 120, 121, 125, 126, 127, 128, 129,

8        130, 131, 133, 135, 137, 138, 142, 143, 144, 145, 146, 147, 148, 149,

9        150, 151, 152, 153, 154, 155, 156, 157, 158, 159, 160, 161, 162, 163,

10       164, 207, and 208.

11   The following Requests are limited to documents relating to Mattel's

12   licensing practices, both with respect to "My Scene" and other products, as they

13   relate to MGA's ability to assess its alleged damages:

14   • 9049 Requests: 581, 582, 698, 741, 743, 744, 745, and 746.

15   In its Opposition, Mattel does not specifically respond to MGA's arguments

16   about the Requests in this category.  Rather, Mattel relies on its general argument

17   that the Requests are not properly limited or focused.  (Opposition, p. 23).  To

18   account for Mattel's objection, I limit the Requests in this category to documents

19   related to the parties' prayers for relief in Phase 2, and I limit the Requests to the

20   three narrow categories outlined above.

21   As limited, I find that Mattel must produce or confirm that it has already

22   produced to MGA the non-privileged documents, if any, that are responsive to the

23   Requests listed in Appendix C and the following specific Requests:

24   • 9049 Requests: 479, 565, 569, 581, 582, 698, 704, 705, 706, 707, 708,

25       709, 710, 711, 712, 713, 714, 715, 720, 721, 722, 723, 724, 725, 729,

26       730, 731, 734, 741, 743, 744, 745, and 746.

27   • 9059 Requests: 20, 21, 22, 23, 24, 25, 29, 30, 31, 32, 33, 34, 40, 41,

28       42, 43, 109, 115, 116, 117, 118, 119, 120, 121, 124, 125, 126, 127,

Arent Fox LLP
Attorneys At Law
Los Angeles

LA/227080.3

- 15 -

ORDER NO. 89
[Case No. CV 04-09049 DOC (RNBx)]

128, 129, 130, 131, 133, 135, 137, 138, 142, 143, 144, 145, 146, 147, 148, 149, 150, 151, 152, 153, 154, 155, 156, 157, 158, 159, 160, 161, 162, 163, 164, 207, and 208.

In sum, I find that Mattel must produce or confirm that it has already produced all non-privileged documents, if any, that are responsive to the 450 Requests to which Mattel served only objections, but I limit and narrow the Requests.  In particular, responses to the Requests should be limited to the categories and subcategories discussed above unless I specifically discuss the Requests below, in which case my more specific finding controls.

**B.** **Mattel's Objections And Limited Statements Of Compliance Based On Orders Of The Prior Discovery Master Overlook Differences In The Requests And The Broadened Scope Of Issues In Phase 2**

In its Opposition, Mattel relies on two limitations on the scope of discovery which were imposed by the prior Discovery Master during the course of Phase 1. The first limitation involves "search techniques," a term referring to the sources (i.e., hard drives and mailboxes) Mattel was required to search in responding to prior document requests by MGA (the "Previous Document Requests").  In support of this limitation, Mattel cites the prior Discovery Master's April 24, 2008 Order. (*See* Opposition, p. 11 ([setting forth list of 28[7] Requests] and discussion of pp. 11 – 14)).

The second limitation involves the appropriate subject matter subject to discovery.  In support of this limitation, Mattel relies on five rulings regarding overbreadth and relevance, (*see* Opposition, p. 12 [setting forth list of list of 13[4] Requests] and discussion starting on p. 15), as follows:

- May 22, 2007 Order;

//

//

Arent Fox LLP
Attorneys At Law
Los Angeles

LA/227080.3

- 16 -

ORDER NO. 89
[Case No. CV 04-09049 DOC (RNBx)]

1      • April 19, 2007 Order[10]

2      • August 14, 2007 Order;

3      • September 12, 2007 Order; and

4      • April 14, 2008 Order.

5      (Opposition, p. 15).

6          Based on the foregoing, Mattel either (1) provides only objections or

7  (2) limits its statement of compliance (as it does with respect to the 441 Requests in

8  the second category).

9          **1.      Mattel's Search Techniques Based On The April 24, 2008**

10              **Order Do Not Sufficiently Address New Phase 2 Issues**

11         In its Opposition, Mattel claims that it has "fully complied with at least 28[7]

12  of MGA's Requests at issue here, based on search techniques specifically upheld by

13  the Discovery Master."  (Opposition, p. 11).  The ruling to which Mattel refers is an

14  April 24, 2008 order issued in Phase 1 that denies in part and grants in part a

15  motion to compel filed by MGA.  In that order, the prior Discovery Master ruled

16  that requiring Mattel to conduct a worldwide search of all possible repositories of

17  responsive e-mails would be too costly and burdensome.  Instead, he concluded that

18  Mattel had sufficiently complied with the Requests at issue by searching various

19  sources described on pages 12 and 13 of Mattel's Opposition, including:

20         • the hard drives at Mattel's El Segundo headquarters and Mattel's

21           Design Center;

22         • the hard drives and mailboxes of certain former and current employees

23           who might be connected with the issues raised in the pleadings; and

24         • e-mails (apparently from all employees at those two sites) that

25           involved certain keywords relating to Bratz, MGA and related issues.

26  //

27  _____

28  [10] Mattel does not include this Order in its list on page 15 of its Opposition, but nevertheless expressly relies on that Order in Section III.D.

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

LA/227080.3

- 17 -

ORDER NO. 89
[Case No. CV 04-09049 DOC (RNBx)]

1    Based on this ruling, Mattel argues that, in responding to the current

2    Requests, it is relieved from any obligation to search any sources other than those

3    referenced in the above-referenced Order.

4    In response, MGA argues that Mattel may not rely on the April 24, 2008

5    Order because it was issued months after the Court stayed Phase 2 discovery and

6    therefore supposedly does not address or apply to the Requests here.  (Reply, p. 6).

7    MGA specifically argues that:

8        Since April 2008, there have been further changes to the

9        parties['] claims and defenses at issue in Phase 2.

10       Accordingly, the sources of relevant information and the

11       search techniques deemed appropriate in Phase 1 are not

12       *ipso facto* sufficient to satisfy Mattel's discovery

13       obligations in Phase 2.

14   (Reply, p. 6).

15   It is hard to quarrel with the proposition that there has been considerable

16   change in the scope of Phase 2 issues since the prior Discovery Master issued his

17   April 24, 2008 Order.  Mattel concedes as much.  However, the mere fact that there

18   have been significant changes in the parties' claims and defenses does not

19   demonstrate that the particular Requests at issue here are appropriate.  Stating (as

20   MGA does) that the search techniques adopted by the prior Discovery Master in

21   Phase 1 are not necessarily adequate for Phase 2 does not establish the converse,

22   i.e., that the search techniques are *in*adequate.

23   MGA's principal argument regarding the inadequacy of the search

24   techniques approved in the April 24, 2008 Order is that those techniques do not

25   require Mattel to search the hard drives and e-mail folders of witnesses with

26   knowledge of new claims and defenses added since the date of that Order.  As an

27   example, MGA lists twelve current or former Mattel employees who have

28   information relevant to MGA's unclean hands defense, but eleven were not

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

LA/227080.3

- 18 -

ORDER NO. 89
[Case No. CV 04-09049 DOC (RNBx)]

1  identified in the April 24, 2008 Order as having knowledge of the parties' then-

2  existing claims and defenses.  (Reply, p. 7).

3      This argument is persuasive as far as it goes, but it still falls short of

4  requiring Mattel to search dozens of servers and thousands of employee computers

5  all over the world to identify documents responsive to the Requests.  Although

6  MGA argues that it is Mattel's burden to establish that the Requests are unduly

7  burdensome before it can refuse to search all of its data sources (Reply, p. 8), I have

8  already found such burden to exist in connection with other unlimited requests

9  propounded by MGA.  As Mattel correctly points out, in Discovery Master Order

10  No. 56, I found that it would be unduly burdensome to require Mattel to search

11  thousands of servers or individual employee computers worldwide in order to

12  identify potentially responsive documents (Sept. 3, 2009 Order, p. 35).  In that

13  Order, I narrowed the scope of the requests, allowing MGA to obtain a focused

14  subset of the documents it had originally sought.

15      Given the number of Requests at issue here, it is simply not practicable for

16  me to attempt to narrow each of the 287 Requests at issue.  While I reject the notion

17  that Mattel may limit its search for responsive documents to those sources

18  identified in the April 24, 2008 Order, I likewise reject MGA's suggestion that

19  Mattel must undertake the burden and expense of conducting a preliminary search

20  of its entire universe of employee e-mails and then, having identified the custodians

21  of potentially responsive e-mails, search those particular servers and e-mail files.  I

22  therefore overrule Mattel's objection based on the April 24, 2008 Order, while also

23  declining to grant MGA's motion to compel Mattel to respond further to the

24  Requests as currently drafted.

25      Instead of adopting the position advanced by either party in their papers, I

26  find that Mattel must search its servers located in the United States, Mexico and

27  Canada, the computers and files for those individuals listed in the parties' initial

28  disclosures, and the computers and files for those individuals identified by Mattel in

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

LA/227080.3

- 19 -

ORDER NO. 89
[Case No. CV 04-09049 DOC (RNBx)]

1    responses to interrogatories or at deposition as having knowledge of Phase 2 issues.

2    MGA proposed this limitation at oral argument, (*see* December 11, 2009 Tr., pp.

3    6:19-9:7) and Mattel conceded that it this was a limitation "certainly worth

4    discussing," (*id.*, p. 14:11-12).  I find that is not only worth discussing but a

5    reasonable limitation at this stage.

6              **2.      Mattel's Relevance And Overbreadth Objections Based On**

7                       **The Prior Discovery Master's Prior Orders**

8                       **a.      With A Few Exceptions, Mattel's Reliance On The**

9                               **May 22, 2007 And August 14, 2007 Orders Is**

10                              **Misplaced Given That The Requests At Issue Here**

11                              **Are Tied To Phase 2 Issues**

12            Mattel argues that various Requests rely on an "overbroad formulation"

13   seeking all documents mentioning, referring or relating to various topics, including

14   Bratz, Larian, MGA, and MGA's business relationships.  (Opposition, p. 16).

15   Mattel claims that the prior Discovery Master rejected similar requests in Phase 1

16   "requiring production of documents that merely mention MGA, Larian, Bratz or

17   other MGA products, regardless of whether or not they have anything to do with

18   the claims and defenses in the case."  (May 22, 2007 Order, p. 17).  Mattel also

19   relies on an August 14, 2007 Order that rejected a request *by Mattel* seeking "all

20   DOCUMENTS RELATING TO any COMMUNICATIONS by MGA with any

21   news organization regarding the CONTESTED MATTEL PRODUCTS."  (August

22   14, 2007 Order, pp. 12-13).

23            Mattel identifies 81 of the Requests which purportedly suffer from this

24   defect.  (Opposition, p. 18).   Although Mattel does not mention how it responded

25   to these 81 Requests, a review of the Separate Statements reveals that the 81

26   responses are a mixture consisting of conditional statements of compliance in some

27   cases and only objections in other cases.   My review further disclosed that six of

28   //

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

LA/227080.3

- 20 -

ORDER NO. 89
[Case No. CV 04-09049 DOC (RNBx)]

the 81 Requests do not exist and/or are not the subject of the pending Motion.[11]  An additional 16 Requests are ones which Mattel elsewhere states it has complied with.[12]

As for the substance of the Requests themselves, Mattel only discusses three of these Requests in its Opposition, without asserting that these three Requests are representative of any other specific Requests.  (Opposition, pp. 16 – 18).  Mattel is silent with respect to the remaining 78 Requests, apart from the generalized, often boilerplate discussion in its Separate Statement.

In its Reply, MGA emphasizes that the May 22, 2007 Order does not hold that the use of the words "Bratz, Larian or MGA" as forbidden in and of themselves, constituting an "instant death sentence" for the Request.  (Reply, p. 22).  MGA points out that "the prior Discovery Master rejected certain requests because 'MGA ha[d] not made any attempt to link th[ose] requests to any of the *allegations of unfair competition set forth in [MGA's] complaint . . . ,*' (May 22, 2007 Order, p. 17 [emphasis added]) and not just because they made use of any particular terms."  (Reply, p. 23).

According to MGA, the May 22, 2007 Order only admonished against requests requiring "'production of documents that merely mention MGA, Larian, Bratz, or other MGA products'" to the extent that the requests were not limited in some other way.  (*Id.* [quoting May 22, 2007 Order, p. 17]).  In so stating, MGA appears to agree with Mattel that, to the extent a Request seeks documents relating to "Bratz," "Larian," or "MGA" without any reference to an allegation raised in the pleadings, the Request is improper.

Turning to the Requests at issue, I begin from the basic point on which the parties agree, namely, that Requests which simply refer to documents relating to

---

[11] These include 9059 Requests 46, 424, 428, 429, 433 and 434.

[12] These include 9049 Requests 36, 88, 90, 91, 94, 168, 458-463, 466, and 583 and 9059 Requests 333 and 334.

Arent Fox LLP
Attorneys At Law
Los Angeles

LA/227080.3

- 21 -

ORDER NO. 89
[Case No. CV 04-09049 DOC (RNBx)]

"Bratz," "Larian," "MGA," and so forth, without reference to the issues raised in the pleadings are presumptively improper.  However, I agree with MGA that this principle must not be applied too narrowly.  A Request may relate to the substance of a claim or defense without specifically referring to the legal theory involved (e.g., "unfair competition," or "unclean hands").  Moreover, the analysis of relevance must be conducted in light of the pleadings as they now exist – not as they existed at the time of the May 22, 2007 Order.  As MGA correctly notes:

> At the time of the order, Mattel ha[d] not yet asserted counterclaims against MGA, and MGA first filed its affirmative defenses to Mattel's counterclaims months later on August 13, 2007.  *See* MGA's Answer and Affirmative Defenses to Mattel's Second Amended Answer and Counterclaims dated August 13, 2007, Docket Document No. 807.  Thus, the Requests at Issue may be "linked" to a much broader set of claims and defenses.

(Reply, p. 23).

Applying this set of principles, I conclude that the following Requests are sufficiently linked to Phase 2 issues to satisfy the requirements of Federal Rule of Civil Procedure 26:

- 9049 Requests: 77, 78, 95, 98, 424, 425, 426, 428, 435, 445, 447, 455, 519, 521, 522, 523, 524, 557, 574, 575, 576, 577, 578, 579, 580, 584, 585, 594, 595, 596, 600, 603, 648, 649, 650, 677, 678,  776, and 787.

- 9059 Requests: 3, 5, 7, 9, 11, 13, 15, 94, and 98.

In addition, in footnotes 13 through 17 of its Reply, MGA directs my attention to a handful of Requests that are related to ones on Mattel's list, but for some reason were not specified by Mattel.  Having reviewed those additional

//

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

LA/227080.3

- 22 -

ORDER NO. 89
[Case No. CV 04-09049 DOC (RNBx)]

1  Requests, I find the following to be sufficiently linked to Phase 2 issues as to

2  warrant compliance by Mattel:

3      • 9049 Requests: 427, 429, 448, 449, 450, 451, 520, 644, 646, and 788.

4      Further, Mattel must respond fully to the 16 additional Requests to which it

5  has also represented it would comply (see fn. 12, above).

6      I sustain Mattel's objection to the remaining Requests listed by Mattel on the

7  ground that they are not sufficiently linked to a specific Phase 2 issue.  These

8  Requests are as follows:

9      • 9049 Requests: 170, 434, 464, 465, and 480.

10      • 9059 Requests: 1, 2, 170, 196, 203, 204.

11      However, as discussed above, MGA subsequently narrowed some of these

12  Requests.  Therefore, Mattel shall provide supplemental responses and production

13  of documents, if any, to these Requests as subsequently narrowed by MGA, in

14  accordance with the Discovery Master's rulings set forth in Section II.A above.

15          **b.**    **The September 12, 2007 Order Regarding**

16                      **Communications By Current Or Former Mattel**

17                      **Employees Addressed A Broader Request Than Most**

18                      **Of The Ones At Issue Here**

19      Mattel next argues that fourteen of the Requests are overbroad and unduly

20  burdensome because, like certain prior MGA requests addressed in the prior

21  Discovery Master's September 12, 2007 Order, the fourteen Requests would

22  require Mattel to "'review documents relating to all its many thousands of current

23  and former employees in order to find evidence that an employee conceived,

24  created, designed or developed any intellectual property or doll or toy for [sic] at

25  the request of any company or person other than Mattel.'"  (Opposition, p. 18

26  [quoting September 12, 2007 Order, p. 15]).

27      To represent the fourteen allegedly defective Requests in dispute, Mattel

28  partially quotes one of them, 9049 Request 559, and argues that it would require

Arent Fox LLP
Attorneys At Law
Los Angeles

LA/227080.3

- 23 -

ORDER NO. 89
[Case No. CV 04-09049 DOC (RNBx)]

1   Mattel to search through all documents related to its current and former employees

2   and therefore should be rejected for the same reasons as the earlier Requests

3   addressed by the September 12, 2007 Order.  (*Id.*, p. 19).

4        However, as MGA points out in its Reply, 9049 Request 559 is considerably

5   narrower than the ones rejected by the prior Discovery Master.  Specifically, that

6   Request seeks documents relating to inventions which Mattel employees disclosed

7   to Mattel pursuant to the Inventions Agreement.  In the absence of a declaration

8   from Mattel to the contrary, common sense suggests that Mattel must document

9   such disclosures.  (Reply, p. 29).  Accordingly, Mattel's claim that the only way for

10  Mattel to access such information is to search individual employee files is

11  insufficient to support its objection.

12       Turning to the remaining 13 Requests in this category, Mattel has agreed to

13  comply with five of these Requests (9049 Requests 456 and 457 and 9059 Requests

14  333, 334, and 352) as MGA points out in footnote 19 of its Reply.

15       MGA argues that the remaining eight Requests are also proper for the same

16  reasons as Request 559.  MGA is only partly correct.  Five of the Requests are

17  sufficiently tailored to Phase 2 issues.  These are 9049 Requests Nos. 545, 558 and

18  560 and 9059 Requests 17 and 18.  The remaining Requests (9049 Requests 543,

19  546 and 548) do not relate to employee disclosures of inventions, regarding which

20  Mattel can be presumed to maintain a file (given their potential economic value).

21  Rather, these Requests involve instances in which there was an actual or alleged

22  breach of some unspecified provision of the Inventions Agreement or Mattel's

23  policy regarding conflicts of interest.  Accordingly, I sustain Mattel's objection as

24  to those three Requests.

25          **c.      The April 14, 2008 Order Is Inapplicable To The**

26                  **Requests At Issue Here**

27       Mattel next argues that nine of the Requests (9049 Requests 96-98, 598-599

28  and 694 and 9059 Requests 211, 212 and 218) would "improperly require [Mattel

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

LA/227080.3

- 24 -

ORDER NO. 89
[Case No. CV 04-09049 DOC (RNBx)]

to] review … information related to all of Mattel's many thousands of current and former employees" (Opposition, p. 19) and asserts that the prior Discovery Master refused to enforce similar requests propounded by Mattel on MGA.

To represent this group of nine Requests, Mattel selects 9049 Request 97 ("Request 97"), which seeks "all DOCUMENTS REFERRING OR RELATING TO any COMMUNICATION between MATTEL and any person consulted regarding any fact or issue relating to this lawsuit." (*Id.* [quoting Request 97]).

Mattel analogizes Request 97 to Mattel's request for production number 48, which the prior Discovery Master rejected in part and upheld in part. Request 48 sought "communications that refer or relate to this action that (i) involve at least one MGA employee who holds or held a position of manager or higher; (ii) involve MGA's agents and/or attorneys acting on MGA's behalf; or (iii) involve a former Mattel employee who communicated about this action while employed by MGA, regardless of title." (Narrowed Request 48, April 14, 2008 Order; Reply, p. 30).

The prior Discovery Master found the request unduly burdensome insofar as it sought non-privileged communications from MGA's current or prior counsel. (Apr. 14, 2008 Order, p. 5). Nevertheless, he granted the request as to six individuals that had been identified by the parties during meet and confer efforts. (*Id.*, p.6).

Mattel argues that, because the prior Discovery Master refused to enforce Request 48 as to an unspecified universe of MGA employees, MGA should likewise be precluded from seeking documents involving the general class of current and former Mattel employees.

In response, MGA argues that Request 97 is narrower than Request 48, for at least three reasons. First, instead of seeking communications that "REFER or RELATE TO this action," it seeks communications "regarding any fact or issue relating to this lawsuit." Second, instead of specifically seeking communications involving "MGA's agents and/or attorneys," Request 97 states "excluding

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

LA/227080.3

- 25 -

ORDER NO. 89
[Case No. CV 04-09049 DOC (RNBx)]

privileged COMMUNICATIONS with or on behalf of counsel for MATTEL." Third, MGA has alleged a wide range of unfair competition claims, including that Mattel improperly influenced retailers, industry groups, employees, etc., and this Request seeks information regarding those claims and defenses at issue in Phase 2. (Reply, p. 31). Accordingly, MGA asserts that this Request contains self-defined parameters relating to Phase 2 issues, and it explicitly excludes privileged communications.

I find MGA's argument persuasive. I also agree that the other eight Requests challenged by Mattel seek documents regarding a limited, defined group of people tailored to specific allegations in MGA's complaint. Accordingly, Mattel must respond to those Requests as well.

### d. Since The April 19, 2007 Order Was Issued, MGA Has Made New Allegations Regarding "Polly Pocket," And The Requests At Issue Here Relate To Those Allegations

Mattel also claims that 34 Requests[13] seek irrelevant information because they relate to "Polly Pocket." (Opposition, p. 20). Mattel's argument rests on an order issued by the prior Discovery Master on April 19, 2007. In that Order, the prior Discovery Master considered, and granted in large part, a motion for a protective order by Mattel limiting the scope of MGA's subpoenas regarding "Polly Pocket."

The prior Discovery Master's decision cited, among other things, three considerations: (1) "Polly Pocket [was] not mentioned in either MGA's or Bryant's complaint or any of the other pleadings filed in this consolidated action"; (2) Mattel was required to respond to Request 13, involving the "Polly Pocket" commercial identified in MGA's interrogatory responses at the time; and (3) discovery was

---

[13] They are 9049 Requests 512-515, 611-618, 620-625, 627-641 and 656.

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

LA/227080.3

- 26 -

ORDER NO. 89
[Case No. CV 04-09049 DOC (RNBx)]

allowed as to a request seeking "evidence of directives, suggestions, or instructions
from Mattel to its advertising agencies to create advertisements for Polly Pocket
using elements that are similar to or the same as elements used in advertisements
for 'BRATZ,' 'ALIEN RACERS,' or MGA products."  (Opposition, p. 20; Reply,
p. 32).

With respect to the first point, MGA has, since the date of the order, filed
pleadings alleging that Mattel copied and used MGA's products, packaging,
themes, and advertising, including for Mattel's "Polly Pocket."  For example,
MGA's answer to Mattel's counterclaims was not filed until August 13, 2007
(Docket Document No. 807), well after the April 2007 order.[14]  Accordingly, the
scope of issues raised by the pleadings has changed since the issuance of the order
on which Mattel seeks to rely.

With respect to the second and third points, MGA argues that the requests at
issue seek information akin to the discovery *permitted* in the April 2007 order.  In
that Order, the Discovery Master upheld MGA's Request 13 because it was tailored
to discover evidence supporting MGA's allegation that Mattel deliberately
instructed its advertising agencies to copy MGA commercials.  (*See* April 14, 2007
Order, pp. 4 and 7).  MGA asserts that the Requests here are likewise reasonably
tailored to seek documents relevant to MGA's unfair competition claim and unclean
hands defense.  (Reply, p. 33).

Having reviewed the 34 requests at issue here, I find MGA's position
persuasive.  All of the Requests involve the facts regarding Mattel's design of
specific characteristics of "Polly Pocket" (e.g., pose) and Mattel's awareness of
similarities between those characteristics and characteristics of MGA products,

---

[14] While Mattel first filed counterclaims on January 1, 2007 (Docket Document No. 143), instead of answering MGA
moved to dismiss (Docket Document No. 189). On June 27, 2007, MGA's motion was granted in part and denied in
part, and Mattel was granted ten days to amend its amended answer and counterclaims (Docket Document No. 577).
Accordingly, Mattel filed its Second Amended Answer and Counterclaims on July 12, 2007 (Docket Document No.
635, 636), and MGA filed its answer on August 13, 2007 (Docket Document No. 807). (Reply, p. 33 fn. 20).

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

LA/227080.3

- 27 -

ORDER NO. 89
[Case No. CV 04-09049 DOC (RNBx)]

including, specifically, "Bratz."  Accordingly, the 34 Requests are sufficiently linked to MGA's Phase 2 claims, including its claim for unfair competition.

In sum, I find, for the reasons set forth above, that the Orders of the prior Discovery Master do not apply to the bulk of the requests at issue here. Consequently, consistent with the foregoing, I find that Mattel must produce or confirm that it has already produced to MGA all non-privileged documents that are responsive to the Requests specifically identified in this section and the Requests listed in Appendix B.

## III.   <u>DISPOSITION</u>

The Motion to Compel is **GRANTED** in part and **DENIED** in part.

The Motion to Compel is GRANTED as to the Requests set forth in Appendices A and B (except as to 9049 Requests 543, 546 and 548) with the following limitations:

- • Mattel shall use the search techniques adopted by the Discovery Master in Section II.B.1 above, namely Mattel shall search its servers located in the United States, Mexico and Canada, the computers and files for those individuals listed in the parties' initial disclosures, and the computers and files for those individuals identified by Mattel in responses to interrogatories or at deposition as having knowledge of Phase 2 issues.

- • The Requests set forth in Section II.A and Appendix C are narrowed and limited as set forth in Section II.A.

- • The Orders of the prior Discovery Master referenced above apply to the Requests only as stated in Section II.B.

The Motion to Compel is DENIED as to 9049 Requests 543, 546 and 548.

//

//

//

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

LA/227080.3

- 28 -

ORDER NO. 89
[Case No. CV 04-09049 DOC (RNBx)]

1      Mattel shall serve supplemental responses and produce any responsive, non-

2   privileged documents described herein within 30 days of the date of this Order.

3

4   Dated:  January 13, 2010

5                                           By:        /s/ Robert C. O'Brien

6                                                  ROBERT C. O'BRIEN
                                                   Discovery Master

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

LA/227080.3

- 29 -

ORDER NO. 89
[Case No. CV 04-09049 DOC (RNBx)]

## APPENDIX A

### Requests As To Which Mattel Objected Only,

### Without Any Statement Of Compliance

Requests Served by MGA in Case No. CV 04-9049:

- Set One Nos. 77, 78, 95, 96, 97, 98, 100, and 113.
- Set Two Nos. 125, 127, 130, 170, and 180.
- Set Four Nos. 423, 424, 425, 426, 427, 428, 429, 433, 434, 435, 437, 438, 439, 440, 441, 442, 443, 444, 445, 446, 447, 448, 449, 450, 451, 455, 464, 465, 467, 468, and 469.
- Set Five Nos. 471, 472, 473, 474, 476, 477, 478, 479, 480, 482, 492, 493, 494, 495, 496, 497, 498, 499, 500, 501, 503, 504, 505, 506, 507, 508, 509, 510, 511, 512, 513, 514, 515, 519, 520, 521, 522, 523, and 524.
- Set Five Nos. 540, 543, 545, 546, 548, 549, 551, 552, 553, 555, 556, 557, 558, 559, 560, 563, 565, 566, 567, and 569.
- Set Seven Nos. 572, 573, 574, 575, 576, 577, 578, 579, 580, 581, 582, 584, 585, 587, 588, 589, 590, 594, 595, 596, 597, 598, 599, 600, 603, 611, 612, 613, 614, 615, 616, 617, 618, 619, 620, 621, 622, 623, 624, 625, 626, 627, 628, 629, 630, 631, 632, 633, 634, 635, 636, 637, 638, 639, 640, 641, 644, 646, 648, 649, 650, 651, 652, 656, 674, 675, 677, 678, 679, 680, 681, 682, 683, 684, 685, 686, 687, 688, 689, 690, 693, 694, 695, 697, 698, 704, 705, 706, 707, 708, 709, 710, 711, 712, 713, 714, 715, 720, 721, 722, 723, 724, 725, 729, 730, 731, 734, 735, 741, 743, 744, 745, 746, 748, 749, 750, 751, 752, 753, 754, 755, and 756.
- [Second] Set Seven Nos. 572(2), 573(2), and 574(2).
- Set Eight Nos. 770, 771, 772, 773, 774, 775, 776, 777, 778, 779, 780, 781, 782, 783, 784, 786, 787, 788, 789, 790, 791, 792, 793 and 794.

//

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

LA/227080.3

- 30 -

ORDER NO. 89
[Case No. CV 04-09049 DOC (RNBx)]

1    <u>Requests Served by MGA in Case No. CV 04-9059:</u>

2    • Set One Nos. 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20,

3    21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40,

4    41, 42, 43, 47, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64,

5    65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 91, 92, 93,

6    94, 95, 98, 100, 101, 102, 103, 104, 105, 106, 107, 108, 109, 110, 111, 112,

7    113, 114, 115, 116, 117, 118, 119, 120, 121, 122, 123, 124, 125, 126, 127,

8    128, 129, 130, 131, 133, 135, 137, 138, 139, 140, 141, 142, 143, 144, 145,

9    146, 147, 148, 149, 150, 151, 152, 153, 154, 155, 156, 157, 158, 159, 160,

10   161, 162, 163, 164, 165, 166, 167, 170, 171, 175, 176, 177, 178, 179, 184,

11   185, 191, 192, 193, 194, 195, 196, 197, 198, 199, 200, 201, 202, 203, 204,

12   205, 206, 207, 208, 209, 210, 211, 212, 213, 214, 215, 216, 217, 218, 219,

13   220, 221, 222, 223, 255, 256, 257, 272, 273, 274, 275, and 276.

14   //

15   //

16   //

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

LA/227080.3

- 31 -

ORDER NO. 89
[Case No. CV 04-09049 DOC (RNBx)]

# APPENDIX B

## Requests As To Which Mattel Has Represented It Has Complied, Or Will Comply, Subject to Certain Conditions

Requests Served by MGA in Case No. CV 04-9049:

- Set One Nos. 1, 2, 3, 4, 5, 6, 7, 8,  9, 10, 11, 12, 13, 14, 15, 16, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 34, 35, 36, 40, 41, 42, 44, 45, 68, 69, 70, 71, 72, 73, 74, 75, 76, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 93, 94, 105, 106, 107, 108, 109, 110, 111, 112, 114, and 115.

- Set Two Nos. 116, 117, 123, 124, 126, 128, 129, 131, 132, 133, 168, 171, 172, 173, 176, and 177.

- Set Three Nos. 182, 183, 184, 185, 186, 187, 188,  189, 190, 191, 192, 193, 194, 195, 196, 197, 198, 199, 200, 201, 202, 203, 204, 205, 206, 207, 208, 209, 210, 211, 212, 213, 214, 215, 216, 217, 218, 219, 220, 221, 222, 223, 224, 225, 226, 227, 228, 229, 230, 231, 232, 233, 234, 235, 236, 237, 238, 239, 240, 241, 242, 243, 244, 245, 246, 247, 248, 249, 250, 251, 252, 253, 254, 255, 256, 257, 258, 259, 260, 261, 262, 263, 264, 265, 266, 267, 268, 269, 270, 271, 272, 273, 274, 275, 276, 277, 278, 279, 280, 281, 282, 283, 284, 285, 286, 287, 288, 289, 290, 291, 292, 293, 294, 295, 296, 297, 298, 299, 300, 301, 302, 303, 304, 305, 306, 307, 308, 309, 310, 311, 312, 313, 314, 315, 316, 317, 318, 319, 320, 321, 322, 323, 324, 325, 326, 327, 328, 329, 330, 331, 332, 333, 334, 335, 336, 337, 338, 339, 340, 341, 342, 343, 344, 345, 346, 347, 348, 349, 350, 351, 352, 353, 354, 355, 356, 357, 358, 359, 360, 361, 362, 363, 364, 365, 366, 367, 368, 369, 370, 371, 372, 373, 374, 375, 376, 377, 378, 379, 380, 381, 382, and 383.

- Set Four Nos. 384, 385, 388, 389, 390, 391, 392, 393, 394, 395, 396, 397, 398, 399, 400, 401, 402, 403, 404, 405, 406, 407, 408, 409, 410, 411, 412,

Arent Fox LLP
Attorneys At Law
Los Angeles

LA/227080.3

413, 414, 415, 416, 417, 418, 419, 420, 421, 422, 430, 431, 432, 452, 453, 454, 456, 457, 458, 459, 460, 461, 462, 463, and 466.

- Set Five Nos. 475, 481, 483, 485, 502, 516, 517, 518, and 525.

- Set Six Nos. 550, 554, and 564.

- Set Seven Nos. 583, 642, 643, 653, 654, 655, 657, 676, 699, 700, 701, 702, 703, 716, 717, 718, 719, 726, 727, 728, 732, 733, 757, and 758.

- Set Eight Nos. 785.

Requests Served by MGA in Case No. CV 04-9059:

- Set One Nos. 82, 83, 84, 85, 86, 88, 89, 90, 132, 134, 136, 252, 253, 277, 278, 279, 280, 283, 286, 287, 288, 289, 290, 291, 292, 293, 294, 295, 298, 301, 308, 310, 312, 314, 316, 318, 319, 321, 322, 333, 334, 335, 336, 337, 343, 344, 345, 346, 347, 348, 349, 351, 352, 353, 354, 355, 356, 357, 358, 359, 360, and 361.

//

//

//

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

LA/227080.3

- 33 -

ORDER NO. 89
[Case No. CV 04-09049 DOC (RNBx)]

# APPENDIX C

## Requests As To Which Mattel Objected Only, But MGA Did Not Place In Once Of Its Seven Categories In Its Proposed Order

Requests Served by MGA in Case No. CV 04-9049:

- Set One Nos. 113.
- Set Two Nos. 125, 127, and 130.
- Set Four Nos. 429 and 468.
- Set Five Nos. 471, 498, and 499.
- Set Five Nos. 540, 553, and 557.
- Set Seven Nos. 588, 597, 600, 678, 679, 680, 681, 682, 683, 684, 685, 686, 687, 688, 689, and 690.

Requests Served by MGA in Case No. CV 04-9059:

- Set One Nos. 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 35, 36, 37, 38, 39, 47, 61, 62, 70, 72, 73, 74, 75, 76, 77, 78, 79, 81, 91, 92, 93, 94, 95, 98, 100, 101, 102, 103, 104, 105, 106, 107, 108, 110, 165, 166, 184, 185, 191, 192, 196, 197, 198, 199, 200, 201, 202, 203, 204, 205, 206, 209, 211, 212, 213, 214, 215, 216, 217, 218, 219, 220, 221, 222, 223, 255, 256, 257, 272, 273, 274, 275, and 276.

//

//

//

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

LA/227080.3

- 34 -

ORDER NO. 89
[Case No. CV 04-09049 DOC (RNBx)]