QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
John B. Quinn (Bar No. 090378)
(johnquinn@quinnemanuel.com)
Michael T. Zeller (Bar No. 196417)
(michaelzeller@quinnemanuel.com)
Jon D. Corey (Bar No. 185066)
(joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation,<br><br>            Plaintiff,<br><br>      vs.<br><br>MGA Entertainment, Inc., a California corporation, et al.,<br><br>            Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 DOC (RNBx)<br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>Hon. David O. Carter<br><br>MATTEL, INC.'S RESPONSE TO MGA'S REVISIONS TO PROPOSED ORDER RE DISCOVERY, LODGED ON JANUARY 12, 2010 |

On January 12, 2010, following the hearings on January 9 and 10, 2010 where certain discovery issues were discussed with the Court, Mattel, Inc. lodged a "[Proposed] Order Re: Discovery," and the MGA Parties lodged a "[Proposed] Stipulation And Order Re Discovery Matters Submitted By MGA Parties" that reflected redlined changes sought by the MGA Parties. As authorized by the Court at the January 13, 2010 hearing, Mattel respectfully files its response and objections to the MGA Parties' proposed revisions.

| ¶ | Mattel's Response to MGA's Proposed Revision |
|---|---|
| 1 | MGA's proposed deletions of text in paragraph 1 at 1:14-22 ("In the event that any digits of a bank account number are redacted" and following) are contrary to the discussions at the weekend hearings. The Court agreed with these concepts, including in particular protections to ensure that complete account information is disclosed to counsel if needed. These provisions also are needed to avoid delay and prejudice stemming from any redactions. |
| 1 | MGA's addition of text ("In the event either party intends to serve a subpoena" and following) was not accepted by the Court. Nor is there any benefit to a hold period on subpoena service, especially given the short time remaining for discovery, or any basis in the <u>Federal Rules</u> for one. |
| 2 | MGA's deletion of "all documents referring or relating to" seeks to unduly restrict production to only the fee and indemnity agreements themselves. The Court, however, approved the language contained in this paragraph of Mattel's form of proposed order during the weekend hearings. This deletion and the other changes sought by MGA are thus contrary to the Court's directions.<br><br>MGA's proposed revisions are also inconsistent with repeated Court Orders compelling MGA to produce documents in response to the document requests specified in Mattel's proposed Order. Each of these requests was compelled by the following Orders: Order Granting Mattel's Motion to Compel Production of Documents and Interrogatory Responses By MGA, dated May 15, 2007, at 10 (Docket No. 487); Order of July 2, 2007, at 2-4 (Docket No. 608); Order Regarding Mattel's Notice of Motion and Motion to Enforce the Court's Order of May 15, 2007, dated Dec. 19, 2007, at 1 (Docket No. 1305). MGA's proposed deletions would result in language narrower than what MGA is already obligated to produce. |

| ¶ | **Mattel's Response to MGA's Proposed Revision** |
|---|---|
|   | Further, MGA's proposed deletions would affirmatively exclude the documents that Isaac Larian recently testified exist but have never been produced despite the prior Orders -- namely, MGA correspondence with Bryant concerning indemnification. Relatedly, limiting production to only "*demands for* payment and/or indemnification" (emphasis added) would allow MGA to withhold documents showing that MGA's contractual indemnification provisions -- which MGA has specifically touted in defense against Mattel's claims -- are illusory or even that MGA never intended to enforce them against Bryant. |
| 5 | The Court approved this paragraph's exact language during the weekend hearings. MGA's deletion of "cash flow reports, and monthly statements of operations" accordingly should be rejected. Further, these categories of financial documents are especially critical. As noted by the Court, because MGA does not have audited financials, discovery of detailed financial information is necessary and appropriate. Deposition testimony has confirmed that Larian routinely receives these categories of financial documents. Thus, they are not only readily available and of the type relied upon by MGA executives, but are probative of Larian's knowledge about MGA's finances, which is at issue because of his prior conflicting statements under oath about MGA's financial condition and about his knowledge of such matters. |
| 6 | The Court approved the concept of this paragraph during the weekend hearings and directed Mattel to simplify its language. Mattel did so. MGA goes far beyond the Court's instruction by deleting terms such as "or any other item of value" and "anyone with an interest in those current or former members" and by deleting references to specified document requests. These alterations are inconsistent with the Court's conceptual approval of this paragraph and were not raised (let alone justified) by the MGA Parties during the hearings. They also would exclude highly relevant evidence. At issue is the relationship between the MGA Parties and the Omni Parties, including their members. Many of these members operate through one or more layers of entities, so deleting "anyone with an interest," for example, would allow the withholding of documents showing a direct relationship between the MGA Parties and the ultimate owners of the Omni Parties. And, excluding "any other item of value" would inappropriately allow MGA to withhold evidence of transfers of financial instruments such as stock other than just money or debt forgiveness.<br><br>Limiting the payment of fees to only those "in connection with this litigation" would exclude evidence showing the MGA Parties' payments on behalf of the |

Case 2:04-cv-09049-DOC-RNB   Document 7398   Filed 01/14/10   Page 4 of 9   Page ID #:255488

| ¶ | Mattel's Response to MGA's Proposed Revision |
|---|---|
|   | Omni Parties and their affiliates in other litigation, contrary to the Court's prior rulings that the nature and extent of their relationship is relevant to Mattel's claims and therefore discoverable. Order of July 9, 2008, at 5 & 11-12 n.5 (Docket No. 5934). |
| 7 | The Court approved this language. MGA's alterations are thus inconsistent with the Court's direction and were not raised during the hearings. Furthermore, MGA's proposed revisions seek to nullify the paragraph. Deletion of the terms "or any current or former employee of any of the MGA Parties" would allow MGA to withhold communications made by or for Machado, Vargas and Trueba -- an untenable result given that they are centrally relevant. Likewise, MGA's proposed deletion of the neutral language approved by the Court -- "that refer or relate to any alleged theft" and so on -- in favor of a loaded, argumentative phrase -- "concerning any investigation or prosecution initiated by Mattel" -- only promises to lead to more pointless disputes since it would allow MGA to withhold documents on the basis that there are disagreements over what was "initiated by Mattel".<br><br>Notably, the language of this paragraph in Mattel's proposed order is largely the same as an MGA document request to Mattel that MGA successfully moved to compel on. Discovery Matter Order No. 6, dated March 13, 2009, at 9:20-18:24 (Docket No. 5018).[1] In light of this, MGA cannot legitimately complain about the terms of this paragraph, and MGA should not be permitted to refuse to produce the same types of communications that Mattel, at MGA's own insistence, already was required to produce. |

---

[1] The MGA request to Mattel that MGA successfully compelled was Request No. 526 of its Fifth Set of Document Requests dated August 3, 2007. MGA's Request sought: "All DOCUMENTS that constitute COMMUNICATIONS between YOU (including YOUR agents and attorneys) and law enforcement authorities in Mexico, Canada, or the United States, including but not limited to the United States Attorney's Office, the Department of Justice and any national, regional, state or local authorities, concerning any of the allegations in YOUR COUNTERCLAIMS or any other alleged taking of confidential MATTEL information by MGA or persons currently or formerly employed by MGA." Discovery Matter Order No. 6, dated March 13, 2009, at 10:6-14 (Docket No. 5018).

-3-

OBJECTIONS

| ¶ | Mattel's Response to MGA's Proposed Revision |
|---|---|
| 8 | The Court approved the language of paragraph 8 during the weekend hearings. MGA's proposed revisions were not approved and indeed were never even discussed. MGA's obligations under the proposed revisions also would be less than those imposed on Mattel. Mattel has been compelled to produce evidence relating to payments made in connection with any trade secret prosecution or investigation in Mexico against any former or current MGA employees -- not to just specific categories of payees or just in relation to a few named targets on certain, limited charges of the type proposed by MGA here. Mattel is equally entitled to complete discovery into MGA's payments. Such evidence is relevant to rebutting any MGA argument that Mattel's expenditures were wrongful or suspicious. This discovery also may lead to admissible evidence of misconduct by MGA -- particularly given the evidence of MGA's efforts to influence officials in foreign countries through the payment of money -- to support Mattel's racketeering claims and its unclean hands and other defenses. |
| 9 | The Court approved the language in this paragraph during the weekend hearings. MGA's deletion of "profit margins," its deletion of "gross and net" price, in favor of "list" price, and its addition of the "in Mexico" limitation were neither discussed nor approved. The revisions also would exclude key evidence. Mattel is entitled to know the actual prices profit margins in order to show MGA's use of Mattel's stolen trade secrets. Mattel's claims specifically allege that the information stolen by Machado, Vargas and Trueba include such pricing and profit margin information. Mattel's claims also specifically allege that the secrets stolen in Mexico related not only to the Mexican market, but also to the U.S. and other markets. MGA's attempt to restrict this discovery to only the "list" price for products sold "in Mexico" is accordingly inconsistent with the scope of Mattel's claims. |
| 10 | Mattel has no objection to this paragraph being reciprocal, as was discussed at the hearings and as is reflected in Mattel's proposed order already. The other changes proposed by MGA were neither discussed at the hearing nor approved by the Court. Also, excluding discovery into what inventory systems and processes were "considered, contemplated or discussed" during the relevant time period would allow MGA to withhold direct evidence that MGA contemplated, discussed or considered using the inventory trade secrets that Castilla took from Mattel. That is insupportable. |
| 11 | MGA did not propose or discuss at the hearings the revisions sought here, including the list of file numbers, and the Court did not accept them. That is |

| ¶ | Mattel's Response to MGA's Proposed Revision |
|---|---|
|  | for good reason; MGA includes a file into which discovery was previously rejected. MGA's revision proposes *in camera* review of Investigative File No. 02-299. Investigative File No. 02-299, however, was already reviewed *in camera* and, based on that *in camera* review, a prior Order found that the documents in the file (a) are "not relevant to the claims and defenses in this case" and (b) "are protected by the attorney-client privilege". Order dated May 9, 2008, at 9:22-10:14. (Docket No. 3562). |
| 12 | MGA again proposes revisions that were neither discussed at the hearing nor approved by the Court. In particular, MGA inserts "investigative files set forth in item 11 hereof," but as explained above MGA's paragraph 11 revisions improperly sweep in materials already found to be both irrelevant and privileged. MGA's *sub rosa* efforts to relitigate issues it has lost without any disclosure or articulated justification is inappropriate. The "or received" language also was not raised by MGA or approved by the Court at the hearings. That addition, along with the unapproved addition of "other members," drastically expands the potential scope of documents for *in camera* review without any basis offered by MGA for doing so. |
| 13 | MGA's addition of the language "as well as copies of all other video" was neither discussed nor approved by the Court. It is also incomprehensible and seeks wholly irrelevant materials. MGA's revision appears to demand production of all video merely depicting a person later employed by Mattel and alleged to have stolen trade secrets -- regardless of what it shows that person doing and without any limitation as to time period. Considering that Mattel's facilities in El Segundo have multiple security cameras in its buildings and parking areas, MGA's proposed changes seek wholly irrelevant materials. |
| 14 | The Court required MGA to define which "list" is being sought. At the hearings, MGA explained it was the list provided to Mr. Elias by Mattel's counsel in connection with the search of MGA's Mexico City offices that yielded stolen Mattel trade secrets. Deleting the phrase "that was provided to Mr. Elias" is inconsistent with the Court's instruction to properly define the list. Without it, and as MGA's proposed revision reads because it does not even exclude privileged materials, this paragraph would require Mattel's outside trial counsel in this case to produce their work product lists -- something never approved by the Court or even discussed at the hearings. |

| ¶ | Mattel's Response to MGA's Proposed Revision |
|---|---|
| 15 | MGA proposes inserting "and all information captured by such device concerning MGA, Bratz, Mr. Larian or any allegation in this litigation".  This was not discussed or approved by the Court.  Further, because the security tool involved processes vast quantities of emails and thus the information "captured" by the tool (to use MGA's term) would encompass all emails using the terms "MGA" and "Bratz," among others, MGA's proposed addition would render this paragraph overbroad and contrary to prior Court orders.  As has been held in this case, MGA's requests seeking all documents relating to "Bratz" or "MGA" without any other meaningful limitation are "grossly overbroad" and seek irrelevant information; indeed, MGA's prior demands for all such emails using these terms have been rejected repeatedly. E.g., Order dated May 22, 2007, at 16:17-18:23 (no assigned docket number) (finding "grossly overbroad" MGA requests for all email communications with employees and others that "merely mention" MGA, Larian or Bratz). |
| 16 | MGA's addition of the language "in Mattel's case this shall at least include the analysis that was the subject of testimony by Mr. Elias" was not discussed at the hearings or approved by the Court.  The report specified here is privileged and work product, as MGA was informed at the Elias deposition.  MGA's attempt to have a Mattel privilege objection overruled without argument or briefing is improper and should be rejected. |
| 17 | The paragraph as set forth in Mattel's proposed order was approved verbatim by the Court during the weekend hearings.  MGA's proposed revisions were not approved or even discussed.  MGA's attempt to limit production to only those agreements "with" Vargas, as opposed to those referring or relating to him, unduly excludes relevant discovery.  Such agreements are, as the Court has held in the context of Carter Bryant, relevant to bias, among other issues.  MGA should, like Mattel has, be required to produce them, without inappropriate caveats of the type sought by MGA here. |
| 18 | MGA's revisions were not approved by the Court.  Regarding *in camera* review, MGA merely stated at the hearings its intent to ask Mr. O'Brien for such review.  The Court did not accept it and, indeed, was not even asked to order it.  (Although now a moot point, MGA's demand that Mattel instantaneously collect and submit documents for review is abusive and inconsistent with the substantially longer time periods sought and granted MGA for similar tasks.)  MGA's other verbiage regarding "documents sufficient" is also unnecessary and confusing since the language in Mattel's |

| ¶ | Mattel's Response to MGA's Proposed Revision |
|---|---|
|   | proposed form of order requires Mattel to produce all non-privilege documents referring or relating to "NHB." |
| 21 | MGA was the proponent of discovery into "discounts" that was sought by this paragraph and thus Mattel does not object to MGA's proposal that this paragraph be deleted in its entirety. |
| 22-23 | MGA's proposed revisions introduce an imbalance that was not discussed at the hearings or approved by the Court.  MGA's proposed paragraphs 22 and 23 require MGA to only produce "non-privileged" documents but purport to disallow Mattel the same right -- and thus effectively overrule any privilege claim by Mattel, sight unseen and without argument or basis.  (In instances where MGA has been asserting privilege, the Court has directed briefing.)  The paragraphs should, in parallel, allow privileged documents to be withheld.<br><br>MGA proposes to delete "or relating to" from paragraph 23, but that revision was neither discussed nor approved by the Court.  It also would exclude relevant materials.  Because these paragraphs relate to discovery into an MGA claim, Mattel is not entitled to just MGA documents supporting it, but also those that refute or negate it.  So that Mattel can properly defend itself with complete information, paragraph 24 should not be narrowed as MGA requests. |

| Added MGA Paragraph | Mattel's Response to MGA's Proposed Revision |
|---|---|
| 18 | MGA proposes to insert a paragraph that compels Mattel to produce documents in response to twelve requests. Neither was this approved by the Court nor has MGA ever even read or otherwise provided these identified requests to the Court.  In fact, MGA's Fourth Set of Phase 2 requests were only served within the past two weeks, and Mattel has not responded to them -- indeed, no response to them is even due yet under the <u>Rules</u>.  MGA has never articulated any basis for compelling these requests at this premature juncture and there is no basis for doing so. |

1  DATED: January 14, 2010        QUINN EMANUEL URQUHART OLIVER & HEDGES. LLP

2

3

                                  By /s/ Michael T. Zeller
4                                    Michael T. Zeller
                                     Attorneys for Mattel, Inc.
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28