Hon. James L. Smith (Ret.)
JAMS
500 N. State College Blvd.
Suite 600
Orange, CA 92868
Telephone: (714) 939-1300
Fax: (714) 939-8710

FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

JAN - 8 2010

CENTRAL DISTRICT OF CALIFORNIA
BY_____ DEPUTY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

MATTEL, INC. A Delaware corporation,

Plaintiff,

vs.

MGA ENTERTAINMENT, INC., A
California corporation, et al.,

Defendant.

_____

AND CONSOLIDATED ACTIONS

_____

Case No. CV 04-9049 DOC (RNBx)

Consolidated with Case Nos. CV 04-09059 and CV 05-02727

REPORT AND RECOMMENDATION

OF ELECTRONIC DISCOVERY

SPECIAL MASTER

(12/24/09)

The undersigned having been appointed Special Master for Electronic Discovery conducted a hearing (Hearing) regarding pending e-discovery disputes on December 18, 2009, at the temporary offices of counsel for Plaintiffs located at 600 W. Santa Ana Blvd., Santa Ana, California. The Special Master submits the following Report and Recommendation as to the disputes addressed at the Hearing.

1

1

**REPORT**

2

3      The following matters were considered at the Hearing:

4      1. Ronald Brawer Hard Drive.

5      Mr. Ronald Brawer (Brawer) was employed by Plaintiff Mattel, Inc. (Mattel) prior to

6   leaving Mattel and being employed by Defendant MGA Entertainment, Inc. (MGA).  Mattel

7   contends at or about the time of this transition MGA hired Guidance Software (Guidance) to

8   delete or "wipe" all Mattel data files off of Brawer's hard drive(s).  Guidance still has

9   possession of either the original hard drive or an image of that hard drive.

10     Mattel seeks an order requiring a forensic examination of the hard drive(s) and/or the

11  image made of it to confirm what Mattel data was on the drive and how it was managed.

12  Included in this request is information as to whether files were deleted, copied or printed prior to

13  deletion.  Mattel also seeks information as to whether any of the data contained on the Brawer

14  hard drive(s) relates to communications between Brawer and MGA prior to Brawer leaving his

15  employment with Mattel.

16     All of these requests seek information that has discovery relevance and Mattel's request

17  should be granted.  However, there is additional information required before the Special Master

18  will be able to submit a final recommendation in this regard.  Responses from the parties to the

19  following questions should be required:

20  To MGA:

21     a. Does Guidance have in its possession the original Brawer drive(s) or a forensic copy

22  of the original drive(s)?

23     b. What procedure was employed by Guidance in performing its work on the Brawer

24  hard drive(s)?

25     c. What criteria were used by Guidance in identifying files that were to be deleted?

26     d. When can the Brawer hard drive(s) be turned over to ILS (the Court appointed

27  expert)?

28  To Mattel:

December 24, 2009,  **REPORT AND RECOMMENDATION**
**OF SPECIAL MASTER (E-Discovery)**

1      a. What period of time should be addressed in searching for communications between

2   Brawer and MGA prior to Brawer leaving the employ of Mattel?

3      It is the tentative decision of the Special Master to recommend the Court grant the

4   request of Mattel and require surrender of the Brawer hard drive(s) for forensic examination by

5   ILS.  The above questions must be answered by the parties before the Special Master can

6   finalize that recommendation.

7

8   2. MGA E-Mail Production

9      In response to earlier discovery propounded by Mattel,  MGA has produced e-mail from

10   MGA de Mexico, a subsidiary of MGA Entertainment.   Some of the e-mail produced contained

11   the following notation:

12      "The original message has been archived. *Click the following link to retrieve it*

13      Https://webmail.mgae.com/*AOneSearch?id!=*[eight digit code]-[four digit code]-

        [four digit code]-[four digit code]-[twelve digit code]_Employees.new."

14

15      Deposition testimony indicates that MGA de Mexico and MGA share a searchable e-

16   mail archive system that automatically transfers emails more than 90 days old to a database

17   called "Archive One."  The tentative decision of the Special Master is to require production of

18   these archived e-mail communications.  To assist the Special Master in formulating a final

19   recommendation to the Court in this regard responses to the following questions should be

20   required:

21   To MGA:

22      a. What is the name and version of the software used to create and maintain "Archive

23   One"?

24   To Mattel:

25      a. In what format are you requesting this Electronically Stored Information (ESI) be

26   produced?

27   To MGA and Mattel:

28

3

**December 24, 2009,  REPORT AND RECOMMENDATION
OF SPECIAL MASTER (E-Discovery)**

1        a. What stipulations and/or Court orders are presently in place regarding metadata fields

2  that are to be produced in regard to ESI?

3

4  <u>3. CD Containing Mattel Trade Secrets</u>

5        The parties agree that MGA was in possession of a CD that contained ESI relating to

6  Mattel intellectual property.  In response to earlier Mattel discovery requests MGA produced a

7  copy of that CD on January 24, 2008.  Mattel contends this is not a true forensic copy of the

8  original disk and seeks an order requiring  a forensic examination/comparison of the copy it

9  received with the original to verify it is an accurate copy.  This issue is complicated by the fact

10  that the Mexican Government seized the original CD and they gave MGA de Mexico what

11  purported to be a copy of the disk.   MGA made copies of the copy provided by the Mexican

12  Government and that was given to Mattel.  It therefore appears that the CD provided to Mattel is

13  actually a 3rd generation disk that may or may not be a forensic copy of a 2nd generation disk

14  that may or may not have been a forensic copy of the original disk that is in the hands of the

15  Mexican Government and is unavailable for inspection.

16        It is the tentative decision of the Special Master to recommend to the Court that the

17  Court appointed expert be directed to conduct an examination/comparison of the CDs in the

18  possession of Mattel and MGA de Mexico.  To assist the Special Master in formulating a final

19  recommendation to the Court in this regard responses to the following questions should be

20  required:

21  To MGA:

22        a. Describe in detail the procedures utilized in the preparation of the copy of the CD that

23  was produced to Mattel. (Was this a forensic copy, or just a generic copy?)

24        b. Where is the disk located that was used in creating Mattel's copy?

25

26  <u>4. "Template" Issues</u>

27        Mattel contends that former Mattel employees who left Mattel's employment and went

28  to work for MGA took with them electronic copies of various files that were to be used as

4

December 24, 2009,  REPORT AND RECOMMENDATION<br>OF SPECIAL MASTER (E-Discovery)

1    "templates" in their work for MGA.  Mattel seeks an examination of the MGA systems to

2    determine whether such files exist.  Clearly this request seeks ESI that has discovery relevance

3    and the tentative decision of the Special Master is to recommend the Court grant Mattel's

4    motion.  To assist the Special Master in formulating a final recommendation to the Court in this

5    regard responses to the following questions should be required:

6    To Mattel:

7         a. Does Mattel have ESI copies of the templates in question?

8         b. If Mattel does not have ESI copies of the templates in question, what information can

9    be provided regarding file names, standard language used in such templates, the period during

10   which these templates were created, standard formatting such as headers, footers, or a special

11   numbering scheme, author of the template, and other information that would help identify the

12   document as a Mattel template?

13   To MGA:

14        1. Does the MGA document storage and retrieval system track the identity of the person

15   who placed each document in the system?  If so, provide a description of the software used and

16   the information required for deposit of an ESI document into the system.

17

18   5. Isaac Larian Hard Drives

19        Isaac Larian is the CEO of MGA.  Pursuant to an earlier Court Order Larian produced

20   his hard drives for inspection by Mattel consultant, but the consultant was denied access to the

21   active files on the drives.  It is the tentative decision of the Special Master to recommend to the

22   Court that a forensic inspection of these hard drives be conducted by ILS without limitation as

23   to accessing active files.  To assist the Special Master in formulating a final recommendation to

24   the Court in this regard responses to the following questions should be required:

25   To Mattel:

26        a. Provide a copy of the instructions given to Mattel's ESI consultant in regard to his/her

27   inspection of the Larian hard drives.

28

December 24, 2009,  REPORT AND RECOMMENDATION
OF SPECIAL MASTER (E-Discovery)

6. E-Mail of Former Mattel Employees

Mattel alleges MGA engaged in improper conduct in regard to encouraging several Mattel employees to resign their employment with Mattel and o to work for MGA in or about 2004. It is contended by Mattel that these employees, prior to leaving Mattel, engaged in a lot of e-mail correspondence with MGA, and utilized an e-mail account identified as plot04@aol.com . It is the tentative decision of the Special Master to recommend to the Court that Mattel's motion in this regard be granted. To assist the Special Master in formulating a final recommendation to the Court in this regard responses to the following questions should be required:

To MGA and Mattel:

a. Who are the registered owners of the plot04@aol.com account?

b. Who are the individuals who accessed the plot04@aol.com account?

c. What hard drives were used by persons who accessed the plot04@aol.com account?

To Mattel:

a. What search terms and or identifiers do you propose be used in searching the plot04@aol.com account?

7. NHB Documents

MGA contends that Mattel, in its internal communications regarding MGA, used a substitution code to reference MGA. That code consisted of replacing each letter in MGA's name with the next letter in the alphabet, thereby substituting "NHB" for "MGA". There are some ESI files that have been produced by Mattel that MGA questions as appearing to have been altered either before or during production. These files were identified by the parties as follows:

a. Bates No. M0257834; and,

b. Bates No. M0257834R.

In addition there are some unidentified document containing redacted information and some entries in Mattel's Privilege Log that are alleged to fail to provide sufficient information to

6

December 24, 2009, **REPORT AND RECOMMENDATION**
**OF SPECIAL MASTER (E-Discovery)**

1 | support the privilege asserted by Mattel as the basis for having withheld these documents from
2 | production.  These additional items do not appear to present e-discovery issues and the Special
3 | Master will not address them further.

4 |       Items "a." and "b" above appear to be e-discovery issues that may be addressed by the
5 | Special Master.  It is the tentative decision of the Special Master to recommend to the Court that
6 | Mattel's motion in regard to these items be granted.  To assist the Special Master in formulating
7 | a final recommendation to the Court in this regard responses to the following questions should
8 | be required:

9 |

10 | To MGA and Mattel:

11 |       a. Where are the ESI files in question located?

12 |       b. What procedures were used in the copying and production of these files.

13 |

14 | 8. Source Identifying Information

15 |       MGA contends that by order dated September 3, 2009, the Court (through Discovery
16 | Referee Robert C. O'Brien) directed Mattel to search for "source identifying information" as to
17 | various documents that had been produced.  MGA states this information has not been produced
18 | by Mattel.

19 |       The Special Master believes this issue does not involve an e-discovery dispute at this
20 | time and will not offer a recommendation to the Court in this regard.  This issue should be
21 | presented to Referee Robert C. O'Brien.

22 |

23 | Discussion

24 |       The Special Master is aware of the Court's strong preference that the existing trial date
25 | in this action is maintained and discovery be managed in such a manner as to facilitate that goal.
26 | The Special Master seeks the assistance of the Court in requiring that the information sought
27 | from the parties herein be provided as expeditiously as possible to enable the Special Master to
28 | prepare and submit a final report to the Court.   It should be noted that the tentative rulings of

**December 24, 2009,  REPORT AND RECOMMENDATION
OF SPECIAL MASTER (E-Discovery)**

the Special Master contained herein will require the Court appointed ESI consultant, ILS, to conduct an independent forensic examinations of various media in regard to all but one of the eight issues described above.  This will no doubt be an expensive undertaking.   In an effort to expedite the process and reduce the costs attendant to the type of forensic examination described above the Special Master urges the parties to meet and confer in an effort to resolve these issues informally.  Should the parties be unable to do so then it is imperative that ILS be provided with the information it needs to proceed with its forensic examination at the earliest possible date.

## RECOMMENDATION

The Court accepts and approves the Report of the Special Master for E-Discovery contained herein.  The parties shall consider the Report in complying with the following orders.

1. Mattel and MGA shall provide full responses to the questions posed by the Special Master in his Report on or before January 8, 2010.

2. The Special Master shall convene such meetings and/or telephonic conferences as he shall deem necessary to facilitate the parties response to the questions posed, and may, at his discretion, require the parties to produce their ESI consultants to participate in said meetings/conferences.

Date:  December 24, 2009

James L. Smith
Special Master

IT IS SO ORDERED.

Date: ~~December~~          ~~2009~~
January 7, 2010

Hon. David O. Carter
Federal District Court Judge

8

December 24, 2009,  **REPORT AND RECOMMENDATION OF SPECIAL MASTER (E-Discovery)**