QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  (johnquinn@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:   (213) 443-3000
Facsimile:    (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation,<br><br>             Plaintiff,<br><br>     vs.<br><br>MGA Entertainment, Inc., a California corporation, et al.,<br><br>             Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 DOC (RNBx)<br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>Hon. David O. Carter<br><br>DECLARATION OF MICHAEL T. ZELLER IN SUPPORT OF MATTEL, INC.'S OBJECTIONS TO PROPOSED ORDER SUBMITTED BY DEFENDANT GUSTAVO MACHADO |

00505.07975/3285957.1

DEC. ISO OBJECTIONS

# DECLARATION OF MICHAEL T. ZELLER

I, Michael T. Zeller, declare as follows:

1. I am a member of the bars of the States of California, New York and Illinois and a partner at Quinn Emanuel Urquhart Oliver & Hedges, LLP, attorneys for Mattel, Inc. ("Mattel"). I make this declaration of personal, firsthand knowledge, and if called and sworn as a witness, I could and would testify competently thereto.

2. Isaac Larian's name appears on emails with the address <plot04@aol.com>. At his deposition on December 10, 2009, Mr. Larian testified as follows about such emails:

> Q. I'm sorry. What did you find out?
>
> A. They were sending e-mails. I, frankly, never pay attention what's the e-mail address from anybody, but I think, once you brought this litigation, you put in your -- I mean Mattel put in your allegation that they had this e-mail address called -- what did you call it? Plot -- Plot 04, and that's the only time I pay attention to it.
>
> Q. Is it true then that the first time it came to your attention that there was this Plot 04 e-mail address was when it was brought up in this lawsuit?
>
> A. To the best of my recollection, that's the first time I paid attention to it. That's, again, a few years back. I don't remember otherwise.

Dep. of Isaac Larian, December 10, 2009, at 690:21-691:9.

3. Before Machado and the others left Mattel, Susanna Kuemmerle informed Larian in an email that all three would be simultaneously resigning from Mattel, commenting "YOU CANT BELIEVE MY SMILE!" This email from Kuemmerle to Larian and others is dated April 14, 2004 and bears Bates No. MGA 1116149. After Machado left Mattel, he reported to Larian in email that "Rome is on fire" to describe the damage they had caused to Mattel upon their departure. This

1  email from Machado to Larian is dated April 21, 2004 and bears Bates No. MGA
2  0141356.

3      4.   The Court compelled Machado's deposition by Order dated September
4  2, 2008 (Docket No. 4293).  During his deposition on October 14, 2008, Machado
5  invoked the Fifth Amendment to refuse to answer questions regarding his access to
6  Mattel trade secrets, his theft of such trade secrets, or of the disclosure to MGA of
7  those trade secrets.  He refused to answer questions about the trade secrets he had
8  access to and thus may have taken.  Nor would he answer questions regarding
9  MGA's use of such trade secrets in developing or marketing Bratz or other products;
10 in fact, he invoked the Fifth Amendment to block Mattel from discovering which
11 MGA products he worked on or was involved with.  In total, Machado invoked the
12 Fifth Amendment over 100 times.

13     5.   For years, Machado also has asserted the Fifth Amendment to refuse
14 other discovery as well in this litigation.  He has refused to produce documents,
15 answer interrogatories or answer requests for admission based on his claimed Fifth
16 Amendment rights.  E.g., Machado's Objections to Mattel's First Set of Requests for
17 Documents and Things, dated October 15, 2007; Machado's Objections to Mattel's
18 Fourth (As Amended) Through Seventh Set of Interrogatories, dated November 19,
19 2007; Machado's Responses to Mattel's Second Set of Requests for Admission,
20 dated January 22, 2008.  Since the time Machado was named as a defendant in this
21 litigation in 2006, the entirety of his production has consisted of only approximately
22 200 pages of largely irrelevant or otherwise non-unique materials such as copies of
23 pleadings and print outs from web sites.

24     6.   The MGA Parties also have used Machado's invocation to thwart
25 discovery and, in any event, have not otherwise supplied the information that is
26 missing from Machado. For example, the MGA Parties have failed to provide Rule
27 30(b)(6) testimony on key topics such as how Mattel's trade secrets ended up in its
28 offices, including on the grounds that Machado was allegedly unavailable to them as

a source of information.  E.g., Dep. of Louis Small, dated December 12, 2009 at 1151:25-1152:3 (MGA counsel attempting to justify MGA 30(b)(6) witness' lack of knowledge based on Machado's invocation of Fifth Amendment).  Yesterday, on January 15, 2010, upon the resumption of MGA's 30(b)(6) deposition, Mr. Small again claimed not to have the information that this Court compelled MGA to disclose at the December 17, 2009 hearing, including how the stolen trade secrets were delivered to their offices, among other questions.

7.  According to a letter dated November 19, 2009, Assistant United States Attorney Sally L. Meloch advised that Machado "is not a target or a subject in any criminal matter related to Mattel pending in the United States Attorney's Office in the Central District of California."  A true and correct copy of this letter as received from Machado's counsel is attached hereto as Exhibit A.  The circumstances surrounding the issuance of this letter neither are known to Mattel nor have been disclosed by Machado.

8.  Prior MGA personnel have interjected into their testimony broad exculpatory statements about MGA while simultaneously blocking cross-examination into the facts supposedly supporting the statements, including by invoking the Fifth Amendment.  E.g., Dep. Tr. of Jorge Castilla, October 22, 2008, at 376:25-380 (after refusing to answer hundreds of questions posed by Mattel's counsel on Fifth Amendment grounds, MGA manager answers questions posed by MGA's counsel that purport to exonerate MGA from involvement in trade secret theft and then invokes further in response to questions by Mattel's counsel relating to his answers); Dep. Tr. of Peter Marlow, May 2, 2008, at 79:5-83:15 (MGA vendor attempting to exculpate MGA from involvement in pattern of bribery of three Mattel employees who worked on Bratz that spanned a five-year period while refusing to answer other questions on Fifth Amendment grounds).

1  I declare under penalty of perjury under the laws of the United States of
2  America that the foregoing is true and correct.
3  Executed on January 16, 2009, at Santa Ana, California.

      /s/ Michael T. Zeller
      Michael T. Zeller