QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  (johnquinn@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:  (213) 443-3000
Facsimile:   (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>MGA ENTERTAINMENT, INC., a California corporation, et al.,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 DOC (RNBx)<br>Consolidated with<br>Case No. CV 04-09039<br>Case No. CV 05-02727<br><br>Hon. David O. Carter<br><br>MATTEL, INC.'S OPPOSITION TO DISCOVERY OF ONGOING VARGAS SETTLEMENT NEGOTIATIONS<br><br>Hearing Date:  TBD<br>Time:          TBD<br>Place:         TBD<br><br>**Phase 2**<br><br>Discovery Cutoff:        TBD<br>Pre-trial Conference:    TBD<br>Trial:                   TBD |

00505.07975/3288769.2

MATTEL'S OPPOSITION TO DISCOVERY OF ONGOING VARGAS SETTLEMENT NEGOTIATIONS

**Preliminary Statement**

MGA's efforts to obtain discovery of ongoing settlement negotiations between Mattel and Pablo Vargas San Jose ("Vargas"), a former Senior Trade Marketing Manager with Mattel Mexico, should be denied. While this Court has held that Carter Bryant's completed settlement agreement is relevant to bias, discovery of ongoing settlement negotiations is subject to a heightened balancing test, which simply cannot be met here.

**Argument**

**I.  MGA'S REQUEST FAILS THE BALANCING TEST FOR ONGOING SETTLEMENT NEGOTIATIONS**

MGA claims that it needs Mattel's counsel to disclose the content of ongoing settlement negotiations in order to prove Mattel's control over Vargas and his bias as a witness. But it is MGA that has controlled Vargas during the relevant time period. Indeed, according to one of MGA's 30(b)(6) witnesses, MGA has continued to pay Vargas' legal fees even after his layoff from MGA last year. In the absence of a final settlement agreement, there is no evidence Vargas is cooperative at all, and the idea that he will someday be a biased witness against MGA is pure speculation. "[P]ositions taken in settlement negotiations have never been relevant later when negotiations have proved unsuccessful." Philbin v. Matanuska-Susitna Borough, 991 P.2d 1263, 1272 (Alaska 1999).

Because these are ongoing negotiations, and not a completed settlement agreement, heightened scrutiny and a particularized showing of relevance is necessary before Mattel's counsel should be ordered to testify about settlement negotiations. In White v. Kenneth Warren & Son, Ltd., 203 F.R.D. 364, 368-69 (N.D. Ill. 2001), the court denied a motion to compel "any correspondence or documentation relating to the settlement negotiations," even though it deemed the final settlement agreement relevant to bias and credibility. The court recognized that "[t]he negotiations themselves do not impact on the scope of liability and have no probative value. The settlement agreement,

1  if any, is the culmination of the negotiations and any positions taken by the parties prior
2  to any final agreement are insignificant." Id.  Other courts have followed the same
3  approach.  See Lamoureux v. Anazaohealth Corp., 2009 WL 813977, at *2 (D. Conn.
4  Mar. 26, 2009) ("[T]he courts have been reluctant to order the production of documents
5  relating to ongoing settlement negotiations, absent a showing of substantial need or, at a
6  minimum, a particularized showing of the relevance of such documents."); Allen Cty,
7  Ohio v. Reilly Indus., Inc., 197 F.R.D. 352, 354 (N.D. Ohio 2000) ("[T]he existence of
8  unaccepted proposals alone do very little to establish bias and, at any rate, any marginal
9  relevance is outweighed by the privileged nature of settlement discussion."); Primetime
10 24 Joint Venture v. Echostar Commc'ns Corp., 2000 WL 97680, at *4 (S.D.N.Y. Jan.
11 28, 2000) ("[E]ven if the question were marginally relevant, the plaintiff would be
12 justified in resisting it in view of the courts' recognition that the fact and substance of
13 settlement negotiations may be treated as at least presumptively confidential,
14 particularly if the negotiations are ongoing or unconsummated . . . ."); United States v.
15 Am. Soc'y of Composers, Authors and Publishers, 1996 WL 157523, at *3 (S.D.N.Y.
16 April 3, 1996) (denying motion to compel in part because "disclosure of discussions
17 that are either ongoing or at least have not yet resulted in agreement" is more "likely to
18 cause unsettling effects of sufficient seriousness to counsel against production").

19    The heightened standard of scrutiny for ongoing settlement negotiations also
20 encourages the process of reaching a settlement.[1]  In United States v. Contra Costa
21 County Water Dist., 678 F.2d 90, 92 (9th Cir. 1982), the Ninth Circuit denied
22 admission of settlement negotiations under Fed. R. Evid. 408, holding that "[b]y
23 preventing settlement negotiations from being admitted as evidence, full and open
24 disclosure is encouraged, thereby furthering the policy toward settlement."  See also
25 Goodyear Tire & Rubber Co. v. Chiles Power Supply, Inc., 332 F.3d 976, 978 (6th Cir.

---

[1] Mattel and Vargas signed a Confidentiality Agreement for purposes of settlement discussions on Oct. 2, 2009 but have not reached any final settlement agreement.

2003) (holding that settlement negotiations were privileged); Abbott Diabetes Care, Inc. v. Roche Diagnostics Corp., 2007 WL 4166030, at *1 (N.D. Cal. Nov. 19, 2007) (portions of a settlement agreement could be redacted to preserve confidentiality expectations).[2]

In holding that Carter Bryant's settlement agreement with Mattel was subject to discovery, this Court emphasized that Bryant was the key witness in the case, and that evidence as to his bias was clearly critical, thus meeting any heightened standard of scrutiny. See Order Lifting Protective Order Designations re Bryant Settlement Agreement, dated December 18, 2009 (Dkt No. 7371), citing Doe v. Methacton School Dist., 164 F.R.D. 175, 176-77 (E.D. Pa. 1995) (courts require either "some heightened showing of relevance or need" or a "particularized showing of a likelihood that admissible evidence will be generated"). Here, MGA has plainly failed to meet that test. Its only claimed relevance is as to control or bias; but it has failed to make any showing as to why the negotiations would be relevant to either. See Heartland Surgical Specialty Hosp., LLC v. Midwest Div., Inc., 2007 WL 1246216, at *5 (D. Kan. April 27, 2007) (The argument that settlement communications are relevant to "bias of the witness . . . d[id] not convince the Court that documents concerning the parties' settlement *discussions* are relevant. . . . Moreover, allowing the production of documents setting out preliminary settlement discussions is more likely to have a chilling effect on settlement negotiations."); see also Bottaro v. Hatton Assocs., 96 F.R.D. 158, 160 (E.D.N.Y. 1982) (there must be "some particularized showing of a likelihood that admissible evidence will be generated by the dissemination of the terms of a settlement agreement"); Weissman v. Fruchtman, 1986 WL 15669 at *20

---

[2] The interests in encouraging the settlement process to go forward are sufficiently weighty that the Ninth Circuit has held that even class members seeking access must "'lay[] a foundation by adducing from other sources evidence indicating that the settlement may be collusive.'" Lobatz v. U.S. West Cellular of Cal., Inc., 222 F.3d 1142, 1148 (9th Cir. 2000) (citation omitted).

Case 2:04-cv-09049-DOC-RNB   Document 7413   Filed 01/19/10   Page 5 of 5   Page ID
 #:255674

(S.D.N.Y. Oct. 31, 1985) (denying access to settlement materials when party could not make a clear showing that such materials would be admissible at trial or lead to discovery of admissible evidence); Groton v. Conn. Light & Power Co., 84 F.R.D. 420, 424 (D.C. Conn. 1979) (using balancing test to deny disclosure of the terms of a previous settlement to parties involved in ongoing settlement negotiations where the potential prejudice to the settling parties outweighed the need for disclosure).  Cf. Covell v. Superior Court, 159 Cal. App. 3d 39, 42 (Cal. App. 1984) (denying pre-trial discovery of settlement negotiations under Calif. Evid. Code § 1152 because the party seeking it had failed to show that it was reasonably calculated to lead to the discovery of admissible evidence).  In the absence of a particularized showing of the likelihood of securing relevant evidence, MGA should not be permitted to disrupt the settlement process by questioning Mattel's counsel about its negotiations with Vargas.  Should a settlement ultimately be reached, the issue of access to the settlement agreement, if any, can be determined at a later date.  But applying the heightened test of scrutiny required to MGA's request should result in the denial of discovery at this point.

## Conclusion

For the foregoing reasons, MGA's request that Mattel's counsel be required to disclose the content of ongoing settlement negotiations should be denied.

DATED: January 19, 2010            QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP


By /s/ Michael T. Zeller
   Michael T. Zeller
   Attorneys for Mattel, Inc.

00505.07975/3288769.2
-4-
MATTEL'S OPPOSITION TO DISCOVERY OF ONGOING VARGAS SETTLEMENT NEGOTIATIONS