**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**HONORABLE DAVID O. CARTER, JUDGE PRESIDING**

- - - - - - -

```
CARTER BRYANT,                    )
                                  )
        Plaintiff,                )
                                  )
    vs.                           ) No. CV 04-9049 DOC
                                  )    Volume I
MATTEL, INC.,                     )
                                  )
        Defendant.                )
_____)
```

REPORTER'S TRANSCRIPT OF PROCEEDINGS

Status Conference

Santa Ana, California

Tuesday, January 19, 2010

Debbie Gale, CSR 9472, RPR
Federal Official Court Reporter
United States District Court
411 West 4th Street, Room 1-053
Santa Ana, California 92701
(714) 558-8141

04cv9049 Mattel 2010-01-19 V1

```
 1   APPEARANCES OF COUNSEL:

 2

     FOR INTERVENER DEFENDANT MGA ENTERTAINMENT, INC.:
 3
                ORRICK, HERRINGTON & SUTCLIFFE, LLP
 4         BY:  THOMAS S. McCONVILLE
                Attorney at Law
 5         4 Park Plaza
           Suite 1600
 6         Irvine, California 92614
           (949) 567-6700
 7

 8

 9   FOR DEFENDANT MATTEL, INC.:

10         QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
           BY:  MICHAEL T. ZELLER
11              JOHN QUINN
                Attorneys at Law
12         865 South Figueroa Street
           10th Floor
13         Los Angeles, California 90017
           (213) 443-3000
14

15

16   FOR COUNTER DEFENDANT CARLOS GUSTAVO MACHADO GOMEZ :

           SCHEPER KIM & OVERLAND LLP
17         BY:  MARK E. OVERLAND
                ALEXANDER H. COTE
18              Attorneys at law
           601 West 5th Street
19         12th Floor
           Los Angeles, CA 90071-2025
20         213-613-4655
           Email: moverland@scheperkim.com
21         Email: acote@scheperkim.com

22

23

24

25
```

1  **APPEARANCES OF COUNSEL (Continued):**

2

3  FOR MATERIAL WITNESS MARIANA TRUEBA:

4     BIENERT MILLER & KATZMAN, PLC
      BY:  Thomas H. Bienert, Jr.
5          Attorney at Law
      115 Avenida Miramar
6     Suite A
      San Clemente, California 92672
7     (949)369-3700

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

| | | |
|---|---|---|
| 1 | **I N D E X** | |
| 2 | **PROCEEDINGS** | **PAGE** |
| 3 | Status Conference | 5 |

Case 2:04-cv-09049-DOC-RNB   Document 7431   Filed 01/25/10   Page 5 of 17   Page ID #:257342
CV 04-9049 DOC - 1/19/2010 - Volume I

5

| | | |
|---|---|---|
| | 1 | **SANTA ANA, CALIFORNIA, TUESDAY, JANUARY 19, 2010** |
| | 2 | **Volume I** |
| | 3 | (8:38 a.m.) |
| 08:38 | 4 | THE COURT:  We'll take the matter of Mattel v. MGA |
| 08:39 | 5 | Entertainment for just a few moments, counsel, see if I can |
| 08:39 | 6 | get you out of the way.  Your appearances. |
| 08:39 | 7 | MR. McCONVILLE:  Tom McConville. |
| 08:39 | 8 | MR. QUINN:  John Quinn on behalf of Mattel. |
| 08:39 | 9 | MR. ZELLER:  Mike Zeller for Mattel. |
| 08:39 | 10 | THE COURT:  Good morning.  And Mr. Overland's here |
| 08:39 | 11 | also. |
| 08:39 | 12 | And we have Mr. Machado -- and Mr. Machado, I |
| 08:39 | 13 | assume, is here. |
| 08:39 | 14 | MR. OVERLAND:  He is, Your Honor. |
| 08:39 | 15 | THE COURT:  And, Counsel, your positions |
| 08:39 | 16 | concerning this. |
| 08:39 | 17 | MR. BIENERT:  Your Honor, may I just say, 'cause I |
| 08:39 | 18 | simply want to take this at the same time -- I'm Thomas |
| 08:39 | 19 | Bienert, on behalf of a witness, Ms. Trueba, who is |
| 08:39 | 20 | similarly situated in Mexico and due to come in later in the |
| 08:39 | 21 | week.  So we filed a similar proposed order. |
| 08:39 | 22 | THE COURT:  Okay.  Now, Counsel, so you make a |
| 08:39 | 23 | good record, what's Mattel's position on this? |
| 08:40 | 24 | I'm trying to get you out of the way this morning; |
| 08:40 | 25 | otherwise, you're going to be here later. |

Case 2:04-cv-09049-DOC-RNB   Document 7431   Filed 01/25/10   Page 6 of 17   Page ID #:257343
CV 04-9049 DOC - 1/19/2010 - Volume I

6

| | | |
|---|---|---|
| 08:40 | 1 | MR. QUINN: Yes. Appreciate that, Your Honor. |
| 08:40 | 2 | Your Honor, this request for an order under |
| 08:40 | 3 | Section 6003 for immunity, it's -- under any circumstances, |
| 08:40 | 4 | this is an extraordinary type of relief. And this is a |
| 08:40 | 5 | unique situation in that it's being requested in a civil |
| 08:40 | 6 | case. And it's not being requested by the government. If |
| 08:40 | 7 | you read the language of the Rule 6003, it really says the |
| 08:40 | 8 | government has to make this request and it has to be cleared |
| 08:40 | 9 | through main justice. |
| 08:40 | 10 | But what really troubles us about the proposed |
| 08:40 | 11 | order, Your Honor, is this: The order seeks "use" immunity |
| 08:40 | 12 | with respect to any proceeding not only in this country but |
| 08:40 | 13 | in Mexico. And there's a United States Supreme Court case |
| 08:40 | 14 | which we think is on point, Your Honor, the *Bayliss* |
| 08:40 | 15 | *(phonetic)* case, which we cited to the Court, that involved |
| 08:40 | 16 | an alleged Nazi war criminal who was concerned that his |
| 08:41 | 17 | testimony might be used against him in Lithuania. And the |
| 08:41 | 18 | U.S. Supreme Court said, no, that's -- the Fifth Amendment |
| 08:41 | 19 | doesn't reach that far. It relates only to this sovereign, |
| 08:41 | 20 | i.e., the United States. |
| 08:41 | 21 | As a practical matter, if the order was signed as |
| 08:41 | 22 | requested, it would grant complete immunity for these |
| 08:41 | 23 | witnesses not to tell the truth. I mean, by its terms, the |
| 08:41 | 24 | Mexican authorities couldn't even be informed about what |
| 08:41 | 25 | testimony had been given here. I think for reasons of |

| | | |
|---|---|---|
| 08:41 | 1 | comity, as well, Your Honor, this Court shouldn't enter an |
| 08:41 | 2 | order basically sealing for all time and precluding any use |
| 08:41 | 3 | of testimony made in this proceeding with respect to |
| 08:41 | 4 | proceedings in Mexico. |
| 08:41 | 5 | So, Your Honor, we are a little bit troubled by |
| 08:41 | 6 | the request.  It doesn't seem to fall within the four |
| 08:41 | 7 | corners of the Rule 6003.  We think it comes very, very late |
| 08:41 | 8 | in this proceeding.  It's gone on for a couple of years. |
| 08:42 | 9 | THE COURT:  Why did I get it this late?  I'm not |
| 08:42 | 10 | finding fault.  I'm just curious.  Remember, I'd asked you |
| 08:42 | 11 | to contact Mr. Overland.  Mr. Overland was going to get you |
| 08:42 | 12 | the order.  What happened here?  Because I'm trying not to |
| 08:42 | 13 | inconvenience you.  What occurred? |
| 08:42 | 14 | MR. QUINN:  I don't know exactly what -- |
| 08:42 | 15 | THE COURT:  That's probably 'cause you weren't |
| 08:42 | 16 | here. |
| 08:42 | 17 | MR. QUINN:  -- Mr. Zeller knows. |
| 08:42 | 18 | THE COURT:  Mr. Zeller? |
| 08:42 | 19 | MR. ZELLER:  We asked -- you'll recall, we asked |
| 08:42 | 20 | Mr. Overland/Mr. Cote to agree upon a schedule.  That didn't |
| 08:42 | 21 | happen.  We filed our objections within about 48 hours of |
| 08:42 | 22 | when that order was lodged. |
| 08:42 | 23 | THE COURT:  Okay.  Thank you very much. |
| 08:42 | 24 | Mr. Overland Overland. |
| 08:42 | 25 | MR. OVERLAND:  Your Honor, this isn't really a |

Case 2:04-cv-09049-DOC-RNB   Document 7431   Filed 01/25/10   Page 8 of 17   Page ID
 #:257345
CV 04-9049 DOC - 1/19/2010 - Volume I

8

| | | |
|---|---|---|
| 08:42 | 1 | motion for anything.  I thought that everybody wanted |
| 08:42 | 2 | Mr. Machado to testify.  Mr. Machado had taken the Fifth |
| 08:42 | 3 | Amendment previously.  And in order to prevent coming back |
| 08:43 | 4 | to the Court with every question, my feeling was that, if |
| 08:43 | 5 | the Court granted Mr. Machado use and derivative use |
| 08:43 | 6 | immunity which is consistent with the assertion of the Fifth |
| 08:43 | 7 | Amendment, then everybody could listen to Mr. Machado's |
| 08:43 | 8 | testimony. |
| 08:43 | 9 | Now, with respect to the Mexican proceedings, |
| 08:43 | 10 | counsel cites the *Balsys* case, but *Balsys* says, at pages 688 |
| 08:43 | 11 | and 689 -- I'm sorry -- 698 and 699, the Supreme Court said |
| 08:43 | 12 | that, regardless of the application of the Fifth Amendment |
| 08:43 | 13 | in a foreign proceeding, if there is cooperative conduct |
| 08:43 | 14 | between the prosecution -- a United States prosecutor and |
| 08:43 | 15 | the foreign prosecutor, then, in effect, the Fifth Amendment |
| 08:44 | 16 | would be applicable. |
| 08:44 | 17 | And on January 12 and 13th, we took the deposition |
| 08:44 | 18 | of Mr. Francisco Tiburcio.  Mr. Tiburcio is a lawyer in a |
| 08:44 | 19 | 160-man firm or person firm hired by Mattel.  And the |
| 08:44 | 20 | Mexican prosecution is not like the prosecution here in the |
| 08:44 | 21 | United States.  This is a crime -- and this is all according |
| 08:44 | 22 | to Mr. Tiburcio's deposition -- this is a crime that cannot |
| 08:44 | 23 | be prosecuted by the State.  And the prosecution cannot be |
| 08:44 | 24 | initiated by the State.  This is a nonviolent offense, which |
| 08:44 | 25 | according to Mexican law, can only be prosecuted by the |

| | | |
|---|---|---|
| 08:44 | 1 | aggrieved party, i.e., Mattel.  And that's exactly what's |
| 08:44 | 2 | been happening with respect to the Mexican prosecution. |
| 08:44 | 3 | Mr. Tiburcio, according to his deposition, who was |
| 08:45 | 4 | hired by Mattel, was one of the firm's attorneys -- and the |
| 08:45 | 5 | firm's name is Bashan, B-A-S-H-A-N, Ringe, R-I-N-G-E and |
| 08:45 | 6 | Correa, C-O- double R-E-A.  He is one of the attorneys that, |
| 08:45 | 7 | in fact, prepared the accusation which is presented to the |
| 08:45 | 8 | prosecution in order to initiate the prosecution.  So this |
| 08:45 | 9 | was a prosecution initiated by Mattel in Mexico.  He |
| 08:45 | 10 | presented the complaint with approximately 3600 pages of |
| 08:45 | 11 | attachments, having investigated the case, in order for the |
| 08:45 | 12 | prosecution to proceed.  After he did this -- and this was |
| 08:45 | 13 | done on April 6th of 2005.  After he filed this, then he |
| 08:46 | 14 | sought an arrest warrant for the three defendants. |
| 08:46 | 15 | What he did in connection with this, and also as a |
| 08:46 | 16 | basis for an eventual indictment, was personally present |
| 08:46 | 17 | witnesses before the public prosecutor in support of the |
| 08:46 | 18 | prosecution.  So -- and since the filing of the indictment, |
| 08:46 | 19 | the participation of Mattel in pushing forward the |
| 08:46 | 20 | prosecution doesn't stop.  Mr. Tiburcio and his firm, on |
| 08:46 | 21 | behalf of Mattel, in connection with that prosecution has |
| 08:46 | 22 | filed motions, has opposed motions by the defense, has |
| 08:46 | 23 | appealed rulings by the court, has appealed all the way to |
| 08:46 | 24 | the Mexican Supreme Court.  And that continues.  So they are |
| 08:47 | 25 | involved as co-prosecutors, if not the main prosecutors in |

| | | |
|---|---|---|
| 08:47 | 1 | the Mexican prosecution. |
| 08:47 | 2 | And I can understand why they want to use this |
| 08:47 | 3 | information in Mexico. It's because they, in effect, are |
| 08:47 | 4 | the prosecutors in Mexico. And this is exactly what *Balsys* |
| 08:47 | 5 | was talking about, where there is a cooperative venture |
| 08:47 | 6 | between the two prosecutions, then the Fifth Amendment is |
| 08:47 | 7 | applicable. |
| 08:47 | 8 | And if they want to use this in Mexico, then we're |
| 08:47 | 9 | just gonna claim the Fifth Amendment. So, absent a court |
| 08:47 | 10 | order, Mr. Machado is not gonna testify. If they really |
| 08:47 | 11 | want the testimony, rather than an adverse inference |
| 08:47 | 12 | eventually because Mr. Machado has taken the Fifth -- if |
| 08:47 | 13 | they really want the testimony, they'll agree to this |
| 08:47 | 14 | because they, in effect, are the prosecutors in Mexico. |
| 08:48 | 15 | THE COURT: Thank you very much. |
| 08:48 | 16 | Now, Counsel, I've got a number of in-custodies. |
| 08:48 | 17 | If this is brief, I'll hear your argument. |
| 08:48 | 18 | MR. McCONVILLE: We don't oppose the order, and |
| 08:48 | 19 | would urge the Court to enter it. |
| 08:48 | 20 | MR. BIENERT: Your Honor, I would just add, so |
| 08:48 | 21 | your honor knows the context of my client, she's not a |
| 08:48 | 22 | defendant in this case, Ms. Trueba, but she is one of the |
| 08:48 | 23 | three Mexican witnesses. She is one of the people who is |
| 08:48 | 24 | facing the criminal charge pushed by Mattel in Mexico. And, |
| 08:48 | 25 | of course, as I understand it, Mattel's position is there's |

| | | |
|---|---|---|
| 08:48 | 1 | venue here for the same nucleus of facts.  That's why they |
| 08:48 | 2 | brought their case here and the other part of the case that |
| 08:48 | 3 | went forward. |
| 08:48 | 4 | THE COURT:  Okay.  Now, I need to take some other |
| 08:48 | 5 | in-custodies so I can have the marshals clear out.  And I |
| 08:48 | 6 | never want to denigrate a civil matter.  But, unfortunately, |
| 08:48 | 7 | I've got to put you off a little bit. |
| 08:48 | 8 | When can you come back?  Can you do anything |
| 08:48 | 9 | productive in the next hour or hour and a half? |
| 08:48 | 10 | MR. OVERLAND:  Well, the Machado deposition is |
| 08:48 | 11 | scheduled, so we're waiting for this ruling. |
| 08:48 | 12 | THE COURT:  So nothing's going forward right now? |
| 08:49 | 13 | MR. OVERLAND:  Not with respect to Mr. Machado. |
| 08:49 | 14 | THE COURT:  Is that correct? |
| 08:49 | 15 | MR. QUINN:  We do actually have the Isaac Larian |
| 08:49 | 16 | deposition going on. |
| 08:49 | 17 | THE COURT:  So that, at least, is going on.  Then |
| 08:49 | 18 | why don't you come back and see me in about an hour. |
| 08:49 | 19 | Let me see if I can move the in-custodies out, |
| 08:49 | 20 | 'cause I can free up my marshal resources.  Okay? |
| 08:49 | 21 | All right.  Thank you very much. |
| 08:49 | 22 | *(Pause in the proceedings at 8:49 a.m.)* |
| 10:23 | 23 | *(Proceedings resumed at 10:26 a.m.)* |
| 10:26 | 24 | THE COURT:  On Mattel/MGA, what's really being |
| 10:26 | 25 | said to the Court by Mr. Overland is the subtlety of the |

| | | |
|---|---|---|
| 10:27 | 1 | threat that, if immunity is not granted, Mr. Machado will |
| 10:27 | 2 | continue to take the Fifth because it has some kind of |
| 10:27 | 3 | application to the proceedings in Mexico; and, therefore, my |
| 10:27 | 4 | guess is that there's some possibility of Mr. Machado not |
| 10:27 | 5 | participating -- and I'm guessing at this -- in the |
| 10:27 | 6 | remainder of the deposition, and simply leaving town, in a |
| 10:27 | 7 | sense. |
| 10:27 | 8 | First of all, the Fifth Amendment applies to the |
| 10:27 | 9 | United States.  It is not extraterritorial.  We could have |
| 10:27 | 10 | made that decision last week.  But the *Balthazar* case does |
| 10:27 | 11 | caution that, in a situation like this, where a proceeding |
| 10:27 | 12 | is taking place -- and Mattel controls this situation, |
| 10:27 | 13 | apparently, or at least brought the situation down in |
| 10:27 | 14 | Mexico -- that you really do control your own future. |
| 10:28 | 15 | So why can't this simply extend to Mexico?  I |
| 10:28 | 16 | don't understand why that agreement can't be reached between |
| 10:28 | 17 | the parties.  In other words, Mattel is driving forward, so |
| 10:28 | 18 | be it, in Mexico.  Why can't you limit or can't you |
| 10:28 | 19 | stipulate to this in terms of your proceedings in Mexico? |
| 10:28 | 20 | Because if you don't, the end result's going to be that, |
| 10:28 | 21 | although I'm threatening an adverse inference or the Fifth |
| 10:28 | 22 | Amendment may be known -- and it still may be -- then it's a |
| 10:28 | 23 | little bit of an open book in that regard because you are |
| 10:28 | 24 | controlling these proceedings in Mexico. |
| 10:28 | 25 | So -- no, just a moment before you rise to the |

```
10:28    1   occasion -- I'm not looking for legal argument.  I'm looking
10:28    2   for just simply a "yes" or a "no."  You control the
10:28    3   situation.  And I would think that you'd want information
10:29    4   from Mr. Machado.  But that's not my problem.  I can wrestle
10:29    5   with whether I'm going to give an adverse inference or
10:29    6   whether I'm going to let the jury know whether the Fifth
10:29    7   Amendment's been taken by your client.  But that's an open
10:29    8   book where you control it now.
10:29    9            MR. QUINN:  Your Honor, as to the U.S., there's no
10:29   10   issue.  As to Mexico, Your Honor, we don't accept the
10:29   11   characterization that's been made to the Court about how we
10:29   12   control the Mexican proceedings.
10:29   13            THE COURT:  Oh, I understand that.
10:29   14            MR. QUINN:  But, you know, the issue here,
10:29   15   Your Honor, is it creates a potential that basically
10:29   16   Mr. Machado can say one thing in this forum and can say
10:29   17   another thing down in Mexico.  That proposed order says that
10:29   18   this testimony here is not to be disclosed to anybody.
10:29   19            Now we've had discussion in this court about
10:29   20   protective orders and how too much has been under seal, and
10:29   21   all the rest of it.  This strikes me as kind of an unusual
10:30   22   circumstance where, in a civil case, a witness is coming
10:30   23   saying, "Here are the conditions on which I'm prepared to
10:30   24   testify.  And one of 'em is:  Nobody ever is told anything
10:30   25   about what my testimony is."  That's what the last paragraph
```

```
10:30   1    of that proposed order says.
10:30   2              It's a license, Your Honor -- it creates a
10:30   3    situation where it's a license for him to say anything he
10:30   4    wants here and anything he wants there with impunity.
10:30   5              THE COURT:  But what he says here is controlling
10:30   6    in this lawsuit.  What I don't understand is:  What he says
10:30   7    here is controlling.  Why do I care what he says in Mexico?
10:30   8    Why is this jury, in front -- I mean, that's not going to
10:30   9    come into this proceeding.  What he says here is important
10:30  10    at this deposition for this jury in the United States.  If
10:30  11    he is wants to go down and perjure himself in Mexico, that's
10:30  12    his problem.
10:30  13              MR. QUINN:  Well, I submit, Your Honor, that
10:30  14    Mattel -- I just asked the Court to accept the hypothesis
10:31  15    that Mattel is a victim in Mexico; that a victim in Mexico,
10:31  16    like a victim in the U.S., has certain rights and
10:31  17    participates in a --
10:31  18              THE COURT:  I know that.  But you're
10:31  19    controlling -- I know that you don't like the word
10:31  20    "control."  But when you bring these duality proceedings,
10:31  21    then you've got to make some choice.
10:31  22              Now, I'm not going to make the choices for you
10:31  23    down in Mexico.  It certainly would be a benefit here.  And
10:31  24    he's going to have to come back and testify, by the way.  So
10:31  25    I would expect Mr. Machado would be back at the time of
```

|       |    |                                                                          |
|-------|----|--------------------------------------------------------------------------|
| 10:31 | 1  | trial because I'm probably not going to be using depositions             |
| 10:31 | 2  | at the time of trial.  Okay?  Or you can just -- well, you               |
| 10:31 | 3  | can decide what you want to do.                                          |
| 10:31 | 4  |            But you brought it in both jurisdictions.  I have             |
| 10:31 | 5  | no complaint about that.  But I'm not going to intercede                 |
| 10:31 | 6  | down in Mexico.  And it just seems to me the only thing I                |
| 10:31 | 7  | care about is what he's saying here in this deposition and               |
| 10:31 | 8  | what gets in front of this jury.                                         |
| 10:32 | 9  |            MR. QUINN:  Your Honor, we're not asking the Court            |
| 10:32 | 10 | to intercede in Mexico.  We think the proposed order,                    |
| 10:32 | 11 | though, that provides that no party to this action can                   |
| 10:32 | 12 | disclose any of his testimony in this case to anyone is                  |
| 10:32 | 13 | pretty extraordinary.  At the end it says, "including but                |
| 10:32 | 14 | not limited to any proceedings in Mexico."                               |
| 10:32 | 15 |            I mean, how many times -- I'm trying to think                 |
| 10:32 | 16 | whether, in my career, I've ever seen a situation in a civil             |
| 10:32 | 17 | action where Court's entertained the possibility of entering             |
| 10:32 | 18 | an order that testimony is not going to be disclosed to                  |
| 10:32 | 19 | anybody at any time for any purpose.                                     |
| 10:32 | 20 |            THE COURT:  Okay.  I'll see you in an hour.                   |
| 10:32 | 21 | Unfortunately, that's the way I've got to operate with a                 |
| 10:32 | 22 | criminal calendar I didn't expect you in at 7:30 with this               |
| 10:32 | 23 | particular issue.  I thought it was resolved.                            |
| 10:32 | 24 |            So now we'll just go at my speed and that's the               |
| 10:32 | 25 | best we can do.                                                          |

```
10:32   1              Thank you very much.  We will see you at 11:30.
10:32   2                 (Proceedings recessed at 10:32 a.m.)
10:32   3                 (Further proceedings reported by Jane Sutton
10:32   4           in Volume II.)
10:32   5                               -oOo-
10:32   6
        7
        8
        9
       10
       11
       12
       13
       14
       15
       16
       17
       18
       19
       20
       21
       22
       23
       24
       25
```

```
10:32   1                            -oOo-

10:32   2

10:32   3                          CERTIFICATE

10:32   4

10:32   5        I hereby certify that pursuant to Section 753,

10:32   6   Title 28, United States Code, the foregoing is a true and

10:32   7   correct transcript of the stenographically reported

10:32   8   proceedings held in the above-entitled matter and that the

10:32   9   transcript page format is in conformance with the

10:32  10   regulations of the Judicial Conference of the United States.

10:32  11

10:32  12   Date:   January 25, 2010

10:32  13

10:32  14
10:32
10:32  15                        _____
10:32                            DEBBIE GALE, U.S. COURT REPORTER
10:32  16                        CSR NO. 9472, RPR

10:32  17

10:32  18

08:49  19

08:49  20

       21

       22

       23

       24

       25
```