1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
     John B. Quinn (Bar No. 090378)
2     johnquinn@quinnemanuel.com
     Michael T. Zeller (Bar No. 196417)
3     (michaelzeller@quinnemanuel.com)
     Jon D. Corey (Bar No. 185066)
4     (joncorey@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
5  Los Angeles, California  90017-2543
   Telephone:  (213) 443-3000
6  Facsimile:   (213) 443-3100

7  Attorneys for Mattel, Inc.

8

9              UNITED STATES DISTRICT COURT

10            CENTRAL DISTRICT OF CALIFORNIA

11                    EASTERN DIVISION

| | |
|---|---|
| 12 MATTEL, INC., a Delaware corporation, | CASE NO. CV 04-9049 DOC (RNBx) Consolidated with Case No. CV 04-09059 Case No. CV 05-02727 |
| 13 | |
| 14            Plaintiff, | |
| 15       vs. | **DISCOVERY MATTER** **To Be Heard By Discovery Master** **Hon. Robert C. O'Brien** |
| 16 MGA ENTERTAINMENT, INC., a California corporation, | |
| 17            Defendants. | **MATTEL INC.'S OPPOSITION TO MGA'S MOTION FOR LIMITED RECONSIDERATION OF ORDER NO. 89 AS PROVIDED IN FOOTNOTE 7** |
| 18 AND CONSOLIDATED ACTIONS | |
| 19 | **Phase 2** Discovery Cut-off:  June 1, 2010 Pre-trial Conference:  TBD Trial Date:   TBD Judge:  Hon. David O. Carter |
| 20 | |
| 21 | |

22

23

24

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

### Preliminary Statement

In Order No. 89, the Discovery Master ordered that Mattel respond to 888 Document Requests served during the prior years of discovery in this matter.  Now, MGA wants the Discovery Master to reconsider his refusal to compel 27 Requests that he could not adjudicate due to deficiencies in MGA's pleadings.  These Requests should not be compelled and MGA's Motion for Reconsideration should be denied.

MGA argues that Mattel should be compelled to respond to these 27 requests because Mattel previously agreed to respond to them.  This argument fails for two reasons.  First, for many of these Requests, Mattel objected to production.  For others, it agreed to comply subject to limitations.  It is a misstatement of the record to assert that Mattel has agreed to comply with all of these Requests.  Second, even as to Requests with which Mattel did agree to comply in part, it did so subject to limitations based on relevance, overbreadth, and/or burden.  Because these limitations are proper, these Requests should not be compelled in full as sought by MGA.

### ARGUMENT

I. MGA'S MOTION SHOULD BE DENIED AS TO 9049 REQUEST NOS. 605, 606, 607, 608, 609, 610, AND 9059 REQUEST 189 BECAUSE MATTEL RAISED VALID OBJECTIONS

MGA states that "the record is clear as to Mattel's previous statement of compliance with respect to each of the 27 requests."  To the contrary, the "evidence" cited by MGA --  Mattel's responses -- amply demonstrates that Mattel stood on its objections with respect to the following Requests: 9049 Request Nos. 605, 606, 607, 608, 609, and 610; and 9059 Request No. 189.

A.   <u>MGA's Motion should be Denied as to 9049 Request Nos. 605, 606, 607, 608, 609, and 610 because they Are Overbroad and Irrelevant to Phase 2</u>

Six of the Requests at issue seek Mattel employment contracts, employment inventions agreements, and conflict of interest questionnaires:

**9049 Request No. 605:**

All versions of Mattel's employment contracts since Bryant left Mattel's employment on or about October 20, 2000.

**9049 Request No. 607:**

All versions of Mattel's employee inventions agreement since Bryant left Mattel's employment on or about October 20, 2000.

**9049 Request No. 609:**

All versions of Mattel's conflict of interest questionnaire since Bryant left Mattel's employment on or about October 20, 2000.

**9049 Request No. 606:**

All documents and communications referring to or relating to changes or amendments made to Mattel's employment contracts since Bryant left Mattel's employment on or about October 20, 2000.

**9049 Request No. 608:**

All documents and communications referring to or relating to changes or amendments made to Mattel's employee inventions agreement since Bryant left Mattel's employment on or about October 20, 2000.

**9049 Request No. 610:**

All documents and communications referring to or relating to changes or amendments made to Mattel's conflict of interest questionnaire since Bryant left Mattel's employment on or about October 20, 2000.

00505.07975/3295552.1

MATTEL INC'S OPPOSITION TO MGA'S MOTION FOR LIMITED RECONSIDERATION OF ORDER NO. 89 AS PROVIDED IN FOOTNOTE 7

MGA has failed--indeed, it made no attempt--to show how any these Requests are relevant to Phase 2 issues.  Nor could it.  Alterations to Mattel's invention agreements after Mr. Bryant's employment have no relevance to the interpretation of Mr. Bryant's own agreement.  <u>Southern Pacific Transportation Co. v. Santa Fe Pacific Pipelines, Inc.</u>, 74 Cal.App.4th 1232, 1243 (Cal. App. 1 Dist. 1999) (conduct of the parties is only relevant to the interpretation of a contract term where the conduct takes place "before any controversy arises as to its meaning.*"*) "The party seeking to compel discovery has the burden of establishing that its request satisfies the relevancy requirements of Rule 26(b)(1)." <u>Bryant v. Ochoa</u>, 2009 WL 1390794, at *1 (S.D. Cal. May 14, 2009).  Because MGA has not asserted any Phase 2 defenses based upon the enforceability of Mattel's employment contracts, employment inventions agreements, or conflict of interest questionnaires, it does not — and indeed, *cannot* — make any showing of relevance as to Phase 2.

Even apart from relevance, these Requests are clearly overbroad.  On their face, the Requests seek documents and correspondence concerning all Mattel employment agreements and questionnaires for the last ten years.  Indeed, there is not even a limitation as to the end date of the Request..  These Requests should not be compelled and reconsideration of the Discovery Master's refusal to do so should be denied.

      B.    <u>MGA's Motion should be Denied as to 9059 Request No. 189 Because It Is Grossly Overbroad</u>

MGA also erroneously argues that Mattel has agreed to comply with Request No. 189.  MGA cites the Joint Report to the Discovery Master Regarding Pending Discovery Motions, as well as the Discovery Master's Order, to argue that "Mattel represented that it had or would comply."  Dkt. #7411 at 3.  While Mattel did agree to partial compliance with this Request, the Joint Report clearly shows that this compliance was not without objections and limitations.  The Joint Report states that, "During meet and confer, Mattel represented that it ha[d] not withheld any

documents [responsive to Requests at issue in the January 17 Motion] based ***on its relevance objection***." Dkt. #2859 at 8-9. But Mattel never represented that it had withdrawn its other objections. And with good reason.

9059 Request No. 189 calls for "[a]ll documents mentioning, referring to, or relating to any consideration given by Mattel to acquiring MGA." This request is facially overbroad. MGA is seeking *all* documents that merely *refer or relate* to any contemplation by anyone at Mattel of acquiring MGA. MGA makes no attempt in its Motion to justify the breadth of this request by linking it to any of the claims and defenses in this case. Such an overbroad request must be limited, thus Mattel objected and responded accordingly.

II.     <u>MATTEL'S LIMITATIONS FOR 9049 REQUEST NOS. 92, 541, 542, 544, 547 AND 586, AND 9059 REQUEST NOS. 87, 96, 338, 339, 340 AND 341 ARE PROPER LIMITATIONS OF OVERBROAD AND UNDULY BURDENSOME REQUESTS</u>

For the following Requests, Mattel did agree to comply in part. However, MGA's Motion to Reconsider and have these Requests compelled without any limitations should be denied, as these Requests are impermissibly overbroad and burdensome.

A.     <u>For 9049 Request No. 92, Mattel's Limitation to My Scene Products that MGA has Accused of Infringement is Proper</u>

**9049 Request No. 92:**

All "New Toy Status Reports" for "My Scene."

MGA's Request is overly broad in that it calls for Status Reports concerning all aspects of My Scene products. Mattel properly limited its production to those documents related to "aspects of the MY SCENE products that MGA has accused of infringement." There is simply no relevance to aspects of MY SCENE to which MGA has made no allegations of copying. MGA has not provided any evidence

1  that there are any MY SCENE products it alleges were copies but that do not

2  infringe.  For these reasons, the Request should not be compelled in full.

3        **B.**    <u>For 9049 Request No. 586, Mattel's Limitation to Communications</u>

4                 <u>with Third Parties is Proper</u>

5  **9049 Request no. 586:**

6       All documents and communications referring or relating to any

7  communication sent by Mattel to any person asserting, alleging or

8  suggesting that MGA's advertising or promotional materials are false or

9  misleading.

10       MGA's Request is grossly overbroad in that it calls not only for

11  communications sent by Mattel ***to any person***, but also "all documents and

12  communications ***referring or relating***" to any such communication.  Mattel agreed

13  to produce the communications at issue, but not all documents or communications

14  "referring or relating" to these communications.  This limitation is appropriate and

15  should be upheld, as potentially any document or communication could somehow

16  "relate" to a communication.  Furthermore, rather than produce communications

17  sent by Mattel to its own lawyers or employees, Mattel agreed to produce

18  communications "with third parties" regarding complaints that MGA's advertising or

19  promotional materials failed to comply with applicable requirements, or were false

20  or misleading.  This limitation should also be upheld, as MGA has not even

21  attempted to demonstrate that any purported  internal communications alleging that

22  MGA's advertising was misleading are relevant to MGA's unfair competition claims.

23        **C.**    <u>For 9059 Request No. 87, Mattel's Limitation to Individuals who</u>

24                 <u>Worked on the Development of Toon Teens is Proper</u>

25  **9059 Request No. 87:**

26       All documents that name or are otherwise sufficient to identify

27  the individuals who worked on or were involved in any way with the

28

-6-

conception, creation, design and development of the "Toon Teens" idea, concept or products and any related or derivative works.

MGA's request for documents identifying individuals who were "***involved in any way***" with Toon Teens ***or derivative works*** is overbroad.  As drafted, MGA calls for information regarding any person with any conceivable link to Toon Teens or derivative works, irrespective of the nature or extent of their involvement. Indeed, MGA casts its net so wide as to potentially capture the majority of Mattel employees.  Mattel reasonably limited its production to relevant documents--those sufficient to identify individuals who actually "worked on" the conception, creation, design and development of Toon Teens.  Mattel's reasonable limitation should be upheld.

> D.    <u>For 9049 Request Nos. 541, 542 and 547, Mattel's Limitation to the Relevant Time Period Is Proper</u>

**9049 Request No. 541:**

Each version of the Employee Inventions Agreement adopted and/or used by or on behalf of Mattel, including specifically the version identified by Lisa Freed at her deposition, pages 56 59, implemented by Mattel according to her testimony during the years 2004 2006.

**9049 Request No. 542:**

Each version of Mattel's "Proprietary Information Checkout" form, and/or each version of any similar forms used for a comparable purpose in connection with employee exit processing, whether known by the name "Proprietary Information Checkout" form or any other name.

**9049 Request No. 544:**

Each version of the Conflict of Interest Questionnaire adopted and/or used by or on behalf of Mattel.

As originally drafted, MGA's Requests were overbroad and unduly burdensome, as they sought all inventions agreements, proprietary information checkout forms, and conflict of interest questionnaires without limitation to time, and regardless of whether such documents related to matters at issue in Phase 2. Nonetheless, Mattel agreed to produce documents, with the limitation that Mattel would provide documents created or used "during the relevant time period." Mattel's efforts to limit its production to the time period relevant to Phase 2 claims and defenses is reasonable and should not be overruled.

E.   For 9049 Request No. 547 and 9059 Request Nos. 96, 338, 339, Mattel's Limitation to Matters at Issue in the Litigation is Proper

**9049 Request No. 547:**

All documents evidencing a Mattel reminder communication to Mattel employees' and/or independent contractors relating to their obligations under any of the employee inventions agreement, conflict of interest questionnaire, and/or Mattel's policy concerning conflicts of interest.

**9059 Request No. 96:**

All documents used or referred to in creating and designing "Toon Teens," including, without limitation, all documents that served as artistic inspiration for any aspect, feature or element of "Toon Teens."

**9059 Request No. 338:**

All documents that you have received from Anna Rhee that refer or relate to Bratz, Prayer Angels, any project referred to as Angel or Angels, MGA, Isaac Larian, Bryant or Paula Treantefelles Garcia, other than those documents that Anna Rhee has already produced in this litigation

**9059 Request No. 339:**

1        All documents that you have received from Anna Rhee that refer

2        or relate to this litigation, the facts and circumstances giving rise to this

3        litigation, or Bryant's alleged misconduct, other than those documents

4        that Anna Rhee has already produced in this litigation.

5        Mattel agreed to produce responsive documents for these Requests, subject to

6 the limitation that they pertain to matters at issue in the litigation.  However, through

7 its motion for reconsideration, MGA asks that the Discovery Master compel

8 production in response to the above Requests without objection.  This is

9 unreasonable--Mattel should ***not*** have to produce documents that do not pertain to

10 matters at issue in the litigation.  Accordingly, MGA's motion with respect to these

11 Requests should be denied.

12      F.    <u>For 9059 Request Nos. 340, 341 and 342 , Mattel's Limitations re:</u>

13            <u>Attorney Client Privilege and Work Product are Proper</u>

14 **9059 Request No. 340:**

15        All communications and all documents constituting, mentioning,

16 describing, discussing, referring or relating to all communications with

17 Anna Rhee that refer or relate to Bratz other than those documents that

18 Anna Rhee has already produced in this litigation.

19 **9059 Request No. 341:**

20        All communications and all documents constituting, mentioning,

21 describing, discussing, referring or relating to all communications with

22 Anna Rhee that refer or relate to Prayer Angels, or any project referred

23 to as Angel or Angels, other than those documents that Anna Rhee has

24 already produced in this litigation

25 **9059 Request No. 342:**

26        All communications and all documents constituting, mentioning,

27 describing, discussing, referring or relating to all communications with

28 Anna Rhee that refer or relate to MGA, Isaac Larian, Bryant or Paula

MATTEL INC'S OPPOSITION TO MGA'S MOTION FOR LIMITED RECONSIDERATION OF ORDER NO. 89
AS PROVIDED IN FOOTNOTE 7

1    Treantefelles Garcia, other than those documents that Anna Rhee has
2    already produced in this litigation.

3    As discussed above, Mattel properly limited its responses to these
4    Requests to documents that pertain to matters at issue in this litigation.
5    Furthermore, Mattel's limitations are proper insofar as they pertain to attorney
6    client and work product privileges.  In these Requests, MGA calls for
7    communications with Anna Rhee, without limitation to whom the
8    communications are directed.  Such Requests could potentially implicate
9    privileged information.

10   As these Requests should not be compelled in full, MGA's Motion for
11   Reconsideration as to them should be denied.

12   III.   MGA'S MOTION IS MOOT AS TO 9049 REQUEST NOS. 17, 46, 386, 387,
13          561, AND 562, AND 9059 REQUEST NO. 97

14   As to seven of the Requests, MGA's Motion for Reconsideration is moot
15   because Mattel has in fact agreed to comply in full.  These Requests are:

16   **9049 Request No. 17:**

17   All documents referring or relating to Bratz, or showing any
18   awareness by Mattel of Bratz, prior to the January 2001 Hong Kong
19   Fair.

20   **9049 Request No. 46:**

21   All meeting minutes of [Mattel's] Board of Directors meetings
22   referring or relating to MGA, Larian, Bryant, or Bratz."  9049 Request
23   No. 386 requests "all documents referring or relating to the decision to
24   rename one of [Mattel's] Hot Wheels toy lines Acceleracers.

25   **9049 Request No. 387:**

26   All documents referring or relating to the decision to re brand the
27   Hot Wheels Highway 35 line under the logo Acceleracers."

28   **9059 Request No. 97:**

-10-

MATTEL INC'S OPPOSITION TO MGA'S MOTION FOR LIMITED RECONSIDERATION OF ORDER NO. 89
AS PROVIDED IN FOOTNOTE 7

1    All documents, including market research, referring or relating

2    to, or influencing Mattel's decision to create, design, develop or

3    abandon 'Toon Teens', including, without limitation, the reasons for and

4    factors influencing its decision."

5  For each of these Requests, Mattel agreed that it would "produce responsive, non

6  privileged documents ... after a diligent search and reasonable inquiry, to the extent

7  not previously produced."

8    **9049 Request No. 561:**

9    Documents sufficient to evidence each of Mattel's policies,

10   procedures, or processes, whether written or oral, concerning the

11   disclosure by Mattel employees and/or independent contractors of

12   'Proprietary Subject Matter made or conceived during the term of [an

13   employee's or independent contractor's] employment,' as this phrase is

14   used in Mattel's 'Proprietary Information Checkout' form.

15   **9049 Request No. 562:**

16   Documents sufficient to evidence each of Mattel's policies,

17   procedures, or processes, whether written or oral, concerning the

18   disclosure by Mattel employees and/or independent contractors of

19   'inventions … conceived or reduced to practice by [an employee or

20   independent contractor's] employment by [Mattel]' as this phrase is

21   used in the Inventions Agreement."

22  Similarly, Mattel responded that it had "already produced documents responsive to"

23  these requests.  Therefore MGA's Motion with respect to these Requests is moot.

24

25

26

27

28

MATTEL INC'S OPPOSITION TO MGA'S MOTION FOR LIMITED RECONSIDERATION OF ORDER NO. 89
AS PROVIDED IN FOOTNOTE 7

1

## <u>CONCLUSION</u>

2      For the above stated reasons, MGA's Motion for Reconsideration should be

3  denied in its entirety.

4  DATED: January 25, 2010              QUINN EMANUEL URQUHART OLIVER &
                                        HEDGES, LLP
5

6

7                                       By /s/ Marshall M. Searcy III
8                                          Marshall M. Searcy III
                                           Attorneys for Mattel, Inc.
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MATTEL INC'S OPPOSITION TO MGA'S MOTION FOR LIMITED RECONSIDERATION OF ORDER NO. 89
AS PROVIDED IN FOOTNOTE 7