MELINDA HAAG (State Bar No. 132612)
mhaag@orrick.com
ANNETTE L. HURST (State Bar No. 148738)
ahurst@orrick.com
WARRINGTON S. PARKER III (State Bar No. 148003)
wparker@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105
Telephone: 415-773-5700
Facsimile: 415-773-5759

WILLIAM A. MOLINSKI (State Bar No. 145186)
wmolinski@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA 90017
Telephone: 213-629-2020
Facsimile: 213-612-2499

THOMAS S. MCCONVILLE (State Bar No. 155905)
tmcconville@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
4 Park Plaza, Suite 1600
Irvine, CA 92614-2258
Tel: (949) 567-6700/Fax: (949) 567-6710

Attorneys for MGA Parties

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | Case No. CV 04-9049 DOC (RNBx)<br>Consolidated with Case No. CV 04-9059 and Case No. CV 05-2727<br><br>**[DISCOVERY MATTER]**<br>To Be Heard By Discovery Master Hon. Robert C. O'Brien<br><br>**REPLY IN SUPPORT OF MOTION FOR LIMITED RECONSIDERATION OF ORDER NO. 89 AS PROVIDED IN FOOTNOTE 7**<br><br>**Phase 2**<br>Discovery Cut-off: June 1, 2010<br>Pretrial Conference:<br>Trial Date:<br>Judge: Hon. David O. Carter |

## INTRODUCTION

Instead of responding to MGA's motion, Mattel attempts to reargue objections that were resolved by the parameters for search and production set forth by the Discovery Master in Order No. 89. At issue here is MGA's motion for limited reconsideration pursuant to footnote 7, which seeks only cites to the record demonstrating Mattel's prior statement of compliance – not any motion filed by Mattel seeking to uproot the framework of the entire order.

In Order No. 89, the Discovery Master set forth a clear procedure for his decision, placing all requests at issue in two categories: (1) requests to which Mattel objected, without any statement of compliance (listed in Appendix A) and (2) requests as to which Mattel has represented it has complied, or will comply, subject to certain conditions (listed in Appendix B). The Discovery Master also articulated parameters for Mattel's production in response to the requests. These parameters resolve Mattel's objections based on overbreadth, burden, and relevance – objections that Mattel improperly seeks to have reconsidered in its opposition. In footnote 7, the Discovery Master gave MGA an opportunity to provide citations to the record that show Mattel has represented that it has complied, or will comply, subject to certain conditions, in response to 27 requests. In its Motion, MGA did just that, providing the requested citation for each request.

In its opposition, Mattel represents that it agreed to fully comply in response to seven requests, a clear statement of compliance. In response to the rest, Mattel seeks to reargue objections and limitations that were overruled by the Discovery Master subject to the limitations he set forth in Order No. 89. The record is clear as to Mattel's previous statement of compliance with respect to each of the 27 requests and MGA's motion should be granted.

# ARGUMENT

## I. MATTEL AGREES TO COMPLY IN FULL WITH SEVEN REQUESTS, WHICH INDISPUTABLY BELONG IN APPENDIX B

In response to the following seven requests, Mattel states that it agreed to comply in full: 9049 Request Nos. 17, 46, 386, 387, 561, 562 and 9059 Request No. 97. (Opp. at 10) This representation was made years ago, and the Discovery Master found, Mattel's prior search techniques do not sufficiently address Phase 2 issues. (Dkt. 7396 at 17-20) Thus, the motion for reconsideration is not moot as to these requests, but critical to ensuring an adequate production from Mattel. As Mattel has no objection to compliance, they should be included in a revised Appendix B, and Mattel should be compelled to search, collect and produce subject to the parameters set forth in II.B of Order No. 89.

## II. MATTEL NOW AGREES TO COMPLY IN PART WITH THIRTEEN REQUESTS, RAISING ONLY OVERBREADTH AND UNDULY BURDENSOME OBJECTIONS THAT WERE ALREADY DECIDED

In response to the following thirteen requests, Mattel does not dispute that it agreed to comply: 9049 Request Nos. 92, 541, 542, 544, 547, and 586 and 9059 Request Nos. 87, 96, 338, 339, 340, 341 and 342.[1] (Opp. at 5)

Rather, in opposition, Mattel does not dispute relevance, but seeks to reargue its overbreadth and unduly burdensome objections. Mattel erroneously concludes that because MGA seeks to "have these requests compelled without any limitations," the requests are therefore "impermissibly overbroad and burdensome." (Opp. at 5) Mattel is wrong. This limited request for reconsideration does not contest the Discovery Master's analysis or the limitations set forth in Order No. 89, specifically those in Section II.B, which resolve any objection based on undue burden or overbreadth.

---

[1] Mattel discusses the Requests it concedes it has agreed to comply in Section II of its Opposition, Section II's heading omits 9059 Request No. 342 but it is included and discussed in the body of this section (Opp. at 9)

For example, with regard to 9049 Request No. 547 and 9059 Requests Nos. 96, 338, 339, Mattel tries to have another bite at the apple arguing once again that it should be able to limit its response to information that it unilaterally deems is at issue in this litigation. (Opp. at 8-9) MGA objected that this limitation was improper in its Motion to Compel (*e.g.* Dkt. # 6816 at 9), and the dispute was resolved by the Discovery Master as part of the parameters set forth in Order No. 89.

The thirteen requests to which Mattel has agreed to comply should be added to Appendix B and Mattel should be compelled to search, collect and produce subject to the parameters set forth in II.B of Order No. 89.

### III. THE RECORD BELIES MATTEL'S ASSERTION THAT IT "STOOD ON ITS OBJECTIONS" WITH RESPECT TO THE REMAINING SEVEN REQUESTS

With respect to the remaining seven requests, Mattel states that it did not agree to comply but "stood on its objections" – 9049 Request Nos. 605, 606, 607, 608, 609, 610 and 9059 Request No. 189. (Opp. at 2) The record clearly demonstrates otherwise.

With respect to 9059 Request No. 189, Mattel concedes that it agreed to produce and that it would not withhold documents based *on its relevance objection*. (Opp. at 4-5) As stated above, Section II.B of Order No. 89 resolves any possible objections based on undue burden or overbreadth.[2] Thus, 9059 Request No. 189 belongs in Appendix B.

With respect to the remaining six requests (9049 Request Nos. 605, 606, 607, 608, 609, and 610), Mattel did not merely object but represented in response to each

---

[2] Mattel apparently seeks to reiterate its relevance objection disguised as an overbreadth objection (Opp. at 5). Mattel has already conceded relevance, and it is clear that a request relating to contemplated acquisition of MGA by Mattel is reasonably calculated to lead to the discovery of admissible evidence regarding all seven categories set forth in Order No. 89 (Dkt. # 7396 at 8). For example, such documents would likely tend to show Mattel's analysis of MGA's intellectual property and its claims and defenses. Mattel states no other basis for its overbreadth objection.

request that "*documents responsive to this Request have been produced.*" Ex. 35, Dkt. # 6818-36 at 1364-1368 (emphasis added); Motion at 4. As explained by the Discovery Master, "if Mattel responded by stating something beyond mere objections, those responses must involve some sort of statement of compliance, and should therefore be in the second category" (*i.e.* listed in Appendix B). Dkt. # 7396 at 5. Clearly, Mattel's response to 9049 Request Nos. 605, 606, 607, 608, 609, and 610 representing that it had produced responsive documents places these six requests in Appendix B. Again, any possible objection based on undue burden or overbreadth is resolved by Section II.B and Mattel should be compelled to search, collect and produce subject to the parameters set forth in II.B of Order No. 89.

### IV. MATTEL IMPROPERLY ATTEMPTS TO UPROOT THE FRAMEWORK SET FORTH IN ORDER NO. 89

The Discovery Master set forth parameters for Mattel's production obligations in Order No. 89 based on which he overruled Mattel's objections with regard to relevance, overbreadth and burden. MGA's motion for limited reconsideration is not the proper forum for Mattel to take issue with those parameters. This is *not* Mattel's motion for reconsideration, and Mattel's attempt to re-argue its objections should be rejected. As set forth in MGA's Motion and explained in detail above, the record is clear that each of the 27 requests properly belongs in Appendix B, and this is the only issue subject to this Motion as provided by footnote 7.

### CONCLUSION

For the above stated reasons, MGA respectfully requests that the Discovery Master grant its motion for limited reconsideration of Order No. 89 and revise Appendix B of Order No. 89 to include the 27 requests enumerated in footnote 6.

| | | |
|---|---|---|
| 1 | Dated: January 28, 2010 | Respectfully submitted, |
| 2 | | ORRICK, HERRINGTON & SUTCLIFFE LLP |

By:  /s/ Diana M. Rutowski
     Diana M. Rutowski
Attorneys for MGA ENTERTAINMENT, INC., MGA ENTERTAINMENT HK, LTD., MGA de MEXICO, S.R.L. de C.V., and ISAAC LARIAN