MELINDA HAAG (State Bar No. 132612)
mhaag@orrick.com
ANNETTE L. HURST (State Bar No. 148738)
ahurst@orrick.com
WARRINGTON S. PARKER III (State Bar No. 148003)
wparker@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building, 405 Howard Street
San Francisco, CA 94105
Tel. (415) 773-5700/ Fax: (415) 773-5759

WILLIAM A. MOLINSKI (State Bar No. 145186)
wmolinski@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA 90017
Tel. (213) 629-2020/Fax: (213) 612-2499

THOMAS S. McCONVILLE (State Bar No. 155905)
tmcconville@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
4 Park Plaza, Suite 1600
Irvine, CA 92614-2258
Tel: (949) 567-6700/Fax: (949) 567-6710

Attorneys for MGA Parties

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | Case No. CV 04-9049-DOC (RNBx)<br><br>Consolidated with:<br>Case No. CV 04-9059<br>Case No. CV 05-2727<br><br>Hon. David O. Carter<br><br>**EX PARTE APPLICATION FOR PERMISSION TO FILE DOCUMENTS UNDER SEAL** |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that Counter-Defendants MGA Entertainment, Inc., MGA Entertainment (HK) Limited, and Isaac Larian (collectively, the "MGA Parties"), respectfully submit this *ex parte* application for permission to file three documents under seal:

   1) MGA's Objections To Electronic Discovery Special Master Report And Recommendation (1/21/01);

   2) Notice Of Lodging In Support Thereof;

   3) Declaration of Frank D. Rorie In Support Thereof.

These documents contain sensitive and privileged information regarding the inspection of Isaac Larian's computer hard drives, the reports that were prepared in connection therewith, MGA's privilege log, and other matters that the parties have agreed should be filed under seal pursuant to the Protective Order governing discovery and motion practice in this case.

On January 28, 2009, the Court ordered that advance permission must be received to file papers under seal. The above referenced documents are due to be filed on February 2, 2009 pursuant to a stipulation between the parties. MGA respectfully requests permission to file these documents under seal at that time.

Pursuant to Local Rule 7-19.1, counsel for the MGA Parties gave notice of this Application to counsel for Mattel on January 29, 2009. Counsel for Mattel, Inc. includes B. Dylan Proctor of Quinn, Emanuel, Urquhart, Oliver & Hedges, LLP (telephone: 213-443-3000; address: 865 South Figueroa Street, 10th Floor, Los Angeles, CA 90017).

Dated:   January 29, 2010            ORRICK, HERRINGTON & SUTCLIFFE LLP

                                     By:    /s/ *Warrington S. Parker III*
                                            Warrington S. Parker III
                                            Attorneys for MGA Parties

## MEMORANDUM OF POINTS AND AUTHORITIES

On January 21, 2010, Judge Smith issued his Report and Recommendation regarding, among other things, Mattel's request for unfettered access to Isaac Larian's computer hard drives. MGA plans to challenge this aspect of Judge Smith's Report and Recommendation, but in order to inform the Court of the basis for that challenge and to provide an adequate record for the Court to consider MGA's objections, MGA must refer to testimony, documents, and information that the parties have previously marked as "Confidential – Attorneys Eyes Only" and agreed not to publicly disclose.

Among other things, MGA must refer to briefs and declarations regarding Mattel's previous efforts to inspect Mr. Larian's hard drives. These items were previously filed under seal because they contain detailed information about Mr. Larian's hard drives, including the type of files maintained on those hard drives, Mattel's expert analysis of those drives, and MGA's rebuttal analysis. Throughout this case, the parties have treated this information as "Confidential – Attorneys Eyes Only" because it is undisputed that Mr. Larian's hard drives contain privileged documents that should not be publicly disclosed. This includes attorney-client privileged communications, communications between Mr. Larian and his wife, and other personal matters that invoke Mr. Larian's privacy rights and have nothing to do with the merits of this case. Given the sensitivity and privileged nature of this information, information about what Mattel has found on these hard drives (or not found as the case may be) has also been treated as privileged and not filed in the public record.

The Notice Of Lodging that Mattel plans to file in support of its objections contains, among other things, a transcript of proceedings dated November 10, 2009. This transcript is central to MGA's objections, because it reflects a negotiated settlement and compromise of the parties' disputes regarding the inspection of Mr. Larian's hard drives. This transcript was marked "Confidential – Attorneys Eyes

1  Only." MGA therefore cannot refer to or quote from it without also designating its
2  objections as "Confidential –Attorneys Eyes Only" and filing them under seal
3  pursuant to the Protective Order.
4        Similarly, the Declaration of Frank D. Rorie that Mattel plans to file contains,
5  among other things, excerpts from the deposition transcript of Mattel's forensic
6  expert Chris Paven.  Mr. Paven and his firm, 42 LLC, previously inspected Mr.
7  Larian's hard drives, and MGA took his deposition in connection with that
8  inspection.  Mr. Paven's deposition transcript was marked as "Confidential –
9  Attorneys Eyes Only" in part because it contained detailed information about the
10 kinds of files and information that are contained on Mr. Larian's hard drives.  MGA
11 cannot refer to or quote from this deposition, without violating the Protective Order
12 in this case, unless MGA's papers are also filed under seal.
13       MGA understands that the Court now requires the parties to seek advance
14 permission before attempting to file documents under seal in this case, and MGA
15 wishes to comply fully with that order.  The parties have agreed that objections to
16 Judge Smith's recent Report and Recommendation regarding electronic discovery
17 issues can be filed on Tuesday, February 2, 2009.  In order for MGA to provide an
18 adequate record for its objections, MGA must refer to testimony, documents, and
19 other materials that have been marked as "Confidential –Attorneys Eyes Only" and
20 concern a repository of information that unquestionably invokes privilege and
21 privacy concerns.
22       MGA therefore requests that the Court grant this ex parte application and
23 allow it to file the aforementioned papers under seal.
24
25 Dated:    January 29, 2010        ORRICK, HERRINGTON & SUTCLIFFE LLP
26                                       By:    */s/ Warrington S. Parker III*
27                                                Warrington S. Parker III
                                               Attorneys for MGA Parties
28