1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
     John B. Quinn (Bar No. 090378)
2    (johnquinn@quinnemanuel.com)
     Michael T. Zeller (Bar No. 196417)
3    (michaelzeller@quinnemanuel.com)
     865 South Figueroa Street, 10th Floor
4  Los Angeles, California 90017-2543
     Telephone: (213) 443-3000
5  Facsimile: (213) 443-3100

6  Attorneys for Mattel, Inc.

7                    UNITED STATES DISTRICT COURT

8                  CENTRAL DISTRICT OF CALIFORNIA

9                        SOUTHERN DIVISION

10

11 | MATTEL, INC., a Delaware corporation, | CASE NO. CV 04-9049 DOC (RNBx) |

12                Plaintiff,

13          vs.

14

15 MGA ENTERTAINMENT, INC., a
   California corporation, et al.
16          Defendant.

17 AND CONSOLIDATED ACTIONS

| MATTEL, INC., a Delaware corporation, | CASE NO. CV 04-9049 DOC (RNBx) |
|---|---|
| Plaintiff, | Consolidated with<br>Case No.   CV 04-09059<br>Case No.   CV 05-2727 |
| vs. | Honorable David O. Carter |
| MGA ENTERTAINMENT, INC., a California corporation, et al.<br>Defendant. | MATTEL'S REQUEST FOR EXTENSION OF TIME AS TO DISCOVERY MATTER ORDER NOS. 89/91 AND AS TO THE COURT'S ORDER OF JANUARY 26, 2010 |
| AND CONSOLIDATED ACTIONS | **Phase 2:**<br>Disc. Cut-off:      TBD<br>Pre-trial Conf.:    TBD<br>Trial Date:         TBD |

18

19

20

21

22

23

24

25

26

27

28

00505.07209/3319090.1

1   As instructed by the Court, and with apologies for having to burden the Court
2   with these issues, Mattel respectfully requests an extension (1) until February 12,
3   2010, to seek further review of Discovery Matter Order Nos. 89 and 91, issued by
4   the Discovery Master on January 13 and February 2, 2010, respectively (the "DM
5   Orders"), and (2) until February 16, 2009, to complete its compliance with the
6   Court's January 26, 2010 Order Regarding Discovery Matters (Dkt. No. 7434).

7   There is good cause to extend these dates. The brief extensions Mattel seeks
8   are justified for two reasons. First, as Mattel explained to MGA (*see* Exhibit A),
9   there have been serious family issues affecting Mattel's counsel. Mike Zeller's
10   mother passed away in late January, and Dylan Proctor's brother was assaulted (his
11   neck was broken) in Florida and underwent two spinal surgeries last week. After
12   returning to town from his mother's funeral, Mr. Zeller had to handle depositions
13   (including on this past Sunday) that Mr. Proctor had been scheduled to cover
14   because of Mr. Proctor's absence to tend to his brother and his 10-year-old niece in
15   Florida as a result of the attack.

16   Second, the scope of the DM Orders is extraordinary, and the briefing
17   required is therefore extensive. MGA moved to compel Mattel to produce
18   documents responsive to *918* separate requests for production that were served in
19   Phase 1. The Discovery Master granted the motion as to *915* of those requests,
20   some of which had been previously rejected by Judge Infante. Many requests are of
21   extraordinary breadth.[1] Moreover, the Orders compel searches of remarkable scope,

22

23   [1]   As just one example (of the 915), Request No. 598 seeks "ALL
24   DOCUMENTS and COMMUNICATIONS REFERRING OR RELATING TO any
      demand, claim or lawsuit by MATTEL (other than this ACTION) alleging
25   infringement of MATTEL'S intellectual property rights in any CONTESTED
26   MATTEL PRODUCT, any BARBIE product, or any DIVA STARS product" – a
      request that would require the production of whole databases of documents relating
27   to many dozens of lawsuits around the world that have no bearing on this case.
28

1  requiring Mattel to search every server in the U.S., Mexico and Canada – over 1,000
2  separate servers total – for each of the 915 requests, even though there is no reason
3  to think most of them will have relevant information.

4      Despite the substantial grounds for an extension here, MGA ultimately stated
5  it would stipulate to an extension of Mattel's time as to the DM Orders *only* if
6  Mattel waives either its right to seek reconsideration or else its right to seek review
7  by the Court.[2]  The extension should be granted without such waiver requirements
8  and without the other unwarranted conditions MGA has tried to impose.   The
9  longstanding rule in this case has been that, should a party seek reconsideration of a
10 discovery order, its time to appeal is tolled pending resolution of the reconsideration
11 motion.  MGA has repeatedly asserted this rule for its own benefit.[3]  Indeed, MGA
12 even invoked it when *MGA* sought reconsideration of Order No. 89 at issue here on
13 January 19, and MGA's time for any appeal as to that order was tolled pending
14 resolution of that motion.  Without justification, MGA now seeks to undo this rule
15 as to the DM Orders by refusing to stipulate to an extension (which should have
16 been granted as a courtesy) unless Mattel waives its substantive rights.  According
17 to MGA, Mattel can *either* appeal the Orders to the Court *or* seek reconsideration of
18 them, but cannot do both.  That position is not only contrary to the rule in this case,

19

20

21  [2]  In MGA's first substantive response, it agreed to the extension *if* Mattel
     agreed: (1) that MGA would have 14 days to oppose Mattel's motion, and Mattel
22   would have 3 days for reply, (2) to extend MGA's production deadline under the
     Court's January 26 Order, and (3) to produce all documents compelled by the
23   Orders – as to all 915 RFPs – "within 10 days of the overruling of its objections."
24   (Exh. A.)  MGA abandoned those conditions after Mattel rejected them, but then
     insisted on a new one, requiring Mattel to agree, should it seek reconsideration of
25   the Orders, to waive its rights to seek any further review by the Court.
26  [3]  *See, e.g.*, email from A. Hurst to R. O'Brien, dated 8/11/2009 (noting that "the
     time for filing an objection with the District Court does not begin to run until after
27   [the Discovery Master's ruling on the Motion for Reconsideration").
28

1 | but seeks to take unfair tactical advantage. At bottom, regardless of what procedure

2 | Mattel avails itself for review of the DM Orders, the validity of the reasons for the

3 | extension do not change, and Mattel should not have to waive one of the them as

4 | MGA demands due to the personal circumstances of Mattel's counsel.

5 |     Mattel respectfully requests that the extensions be granted.

6 | DATED: February 9, 2010    QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

8

9 | By /s/ Michael T. Zeller
    Michael T. Zeller
    Attorneys for Mattel, Inc.

# EXHIBIT A

## Joseph Sarles

| | |
|---|---|
| **From:** | Michael T Zeller |
| **Sent:** | Monday, February 08, 2010 11:02 AM |
| **To:** | 'Parker, Warrington'; Dylan Proctor; 'Hurst, Annette' |
| **Cc:** | 'McConville, Thomas'; 'Rutowski, Diana' |
| **Subject:** | RE: extension request |

I left a voicemail for Tom so that we can contact chambers and set up a time tonight to appear before the Judge on our request for the extension through Friday. As I mentioned, I am making some arrangements for my mother this afternoon that means we will need to do it tonight.

**Michael T Zeller**
*Partner,*
Quinn Emanuel Urquhart Oliver & Hedges LLP.

865 S. Figueroa St 10th Floor
Los Angeles, Ca 90017
213-443-3180 Direct
213.443.3000 Main Office Number
213.443.3100 FAX
michaelzeller@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** Parker, Warrington [mailto:wparker@orrick.com]
**Sent:** Monday, February 08, 2010 10:53 AM
**To:** Michael T Zeller; Dylan Proctor; Hurst, Annette
**Cc:** McConville, Thomas; Rutowski, Diana
**Subject:** RE: extension request

Mike--

My email was an attempt to accommodate your concerns and issues as well as ours. It was reasonable. I purposefully did not express all of the reasons for asking for the additional conditions, including the fact that Mattel has stonewalled us on discovery that it should have produced long ago. If your intent is to raise this with Judge Carter, you should do that. However, we will not be shy in expressing our reasons for having asked for those additional agreements from Mattel.

**From:** Michael T Zeller [mailto:michaelzeller@quinnemanuel.com]
**Sent:** Monday, February 08, 2010 10:42 AM
**To:** Parker, Warrington; Dylan Proctor; Hurst, Annette
**Cc:** McConville, Thomas; Rutowski, Diana
**Subject:** RE: extension request

Warrington, we apparently have no alternative but to go to Judge Carter to obtain the extension since the conditions you seek to impose, including ones wholly extraneous to the simple extension request at hand, are unreasonable and overreaching in multiple respects. If MGA changes its view and is agreeable to the extension, please let us know.

**Michael T Zeller**
*Partner,*
Quinn Emanuel Urquhart Oliver & Hedges LLP.

865 S. Figueroa St 10th Floor
Los Angeles, Ca 90017
213-443-3180 Direct
213.443.3000 Main Office Number
213.443.3100 FAX
michaelzeller@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** Parker, Warrington [mailto:wparker@orrick.com]
**Sent:** Monday, February 08, 2010 10:34 AM
**To:** Dylan Proctor; Hurst, Annette
**Cc:** Michael T Zeller; McConville, Thomas; Rutowski, Diana
**Subject:** RE: extension request

Dylan--

As an initial matter, in light of your circumstances and that of Mike, we are agreeable to the extension of time to Friday, February 12 for the objection referenced below. Our condolences to you both.

In terms of giving you an extension in light of these circumstances, as Annette's email of this weekend referenced, the issue has not been whether to give you an extension. Of course, these personal circumstances are tragic. And the extension is agreed to.

Our issue has been how to handle the further delay in the production of documents that the orders require Mattel to produce. MGA has been seeking these documents since 2005, in many instances. And the documents have been ordered to be produced for some time now. With the extension on the objection and given the present time frame for production set forth in the orders, even if Mattel's objections are overruled, MGA will not see those documents in sufficient time to allow for meaningful depositions and any motions practice that might follow.

To accommodate your concerns and to accommodate our issues, MGA will stipulate to an extension with the following additional provisions:

That Mattel's objection be set on notice to be heard on March 8, 2010.

That MGA be allowed 14 days for its opposition (February 26) with Mattel having 3 days for reply (March 1).

That Mattel agree to produce the documents at issue within 10 days of the overruling of its objections.

Finally, both parties stipulate to an additional week to produce documents in response to Judge Carter's order of January 26, 2010.

Please let me know if this is acceptable.

**From:** Dylan Proctor [mailto:dylanproctor@quinnemanuel.com]
**Sent:** Monday, February 08, 2010 10:00 AM
**To:** Hurst, Annette; Parker, Warrington
**Cc:** Michael T Zeller; McConville, Thomas; Rutowski, Diana
**Subject:** Re: extension request

Following up on this -- do you have a final position?

Dylan Proctor
Quinn Emanuel Urquhart Oliver & Hedges LLP
865 South Figueroa Street, 3rd Floor
Los Angeles, CA 90017

Direct: (213) 443-3112
Main Phone: (213) 443-3000
Main Fax: (213) 443-3100

E-mail: dylanproctor@quinnemanuel.com
Web: www.quinnemanuel.com

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

---

**From:** Dylan Proctor
**To:** 'ahurst@orrick.com' <ahurst@orrick.com>; 'wparker@orrick.com' <wparker@orrick.com>
**Cc:** Michael T Zeller; 'tmcconville@orrick.com' <tmcconville@orrick.com>; 'drutowski@orrick.com' <drutowski@orrick.com>
**Sent:** Sun Feb 07 09:53:12 2010
**Subject:** Re: extension request

Thanks for the prompt response, and I look forward to hearing from you further. Best-

Dylan Proctor
Quinn Emanuel Urquhart Oliver & Hedges LLP
865 South Figueroa Street, 3rd Floor
Los Angeles, CA 90017

Direct: (213) 443-3112
Main Phone: (213) 443-3000
Main Fax: (213) 443-3100

E-mail: dylanproctor@quinnemanuel.com
Web: www.quinnemanuel.com

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

---

**From:** Hurst, Annette <ahurst@orrick.com>
**To:** Dylan Proctor; Parker, Warrington <wparker@orrick.com>
**Cc:** Michael T Zeller; McConville, Thomas <tmcconville@orrick.com>; Rutowski, Diana <drutowski@orrick.com>
**Sent:** Sun Feb 07 09:32:33 2010
**Subject:** Re: extension request

Dylan:

Of course we are amenable to accommodating these difficult personal circumstances. My concern is that we are now looking at the possibility of getting these documents after all of Mattel's witnesses have been deposed. I'm not refusing the extension, I just need to think a bit about what to do in light of this request. In the meantime I assure you we will do what needs to be done to accommodate all of you and we will sign a stipulation to further extend the date.

I will get back to you further later today after we have a chance to consider the implications fully.

Regards, annette

---

**From:** Dylan Proctor <dylanproctor@quinnemanuel.com>
**To:** Hurst, Annette; Parker, Warrington
**Cc:** Michael T Zeller <michaelzeller@quinnemanuel.com>
**Sent:** Sat Feb 06 19:45:31 2010
**Subject:** extension request

Annette and Warrington,

I write to request a further extension of our time to object to Discovery Matter Order Nos. 89 and 91.

As you know, the issues raised by these orders are extraordinarily broad, involving nearly 1,000 RFPs and substantial scope of search issues. Unfortunately, my own ability to focus on the issues has been limited. As I mentioned briefly to Warrington as I was just learning about it, my brother was attacked in Miami 9 days ago and the assailant literally broke my brother's neck. I have been out of town tending to my brother and the multiple surgeries he required since then and returned just yesterday. Likewise, Mike has had very limited availability due to his mother's passing, and I understand he has been in deposition virtually since he returned. He is also unexpectedly scheduled to be in deposition again this Sunday.

The upshot is that he and I have been able to focus on these issues only recently. While I had expected and hoped we would be able to file our objections by Monday nevertheless, it has become clear that simply is not feasible. We would ask that MGA stipulate to extend the deadline for Mattel's objections to Friday, February 12.

Please let us know if this is acceptable as soon as you can. Best –

**Dylan Proctor**
*Partner,*
**Quinn Emanuel Urquhart Oliver & Hedges LLP.**

865 S. Figueroa St 10th Floor
Los Angeles, Ca 90017
213-443-3112 Direct
213.443.3000 Main Office Number
213.443.3100 FAX
dylanproctor@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

"EMF <orrick.com>" made the following annotations.
--------------------------------------------------------------------------
=============================================================

IRS Circular 230 disclosure:
To ensure compliance with requirements imposed by the IRS,
we inform you that any tax advice contained in this
communication, unless expressly stated otherwise, was not
intended or written to be used, and cannot be used, for
the purpose of (i) avoiding tax-related penalties under
the Internal Revenue Code or (ii) promoting, marketing or
recommending to another party any tax-related matter(s)
addressed herein.


============================================================


NOTICE TO RECIPIENT:   THIS E-MAIL IS   MEANT FOR ONLY THE
INTENDED RECIPIENT OF THE TRANSMISSION, AND MAY BE A
COMMUNICATION PRIVILEGED BY LAW.   IF YOU RECEIVED THIS E-
MAIL IN ERROR, ANY REVIEW, USE, DISSEMINATION,
DISTRIBUTION, OR COPYING OF THIS E-MAIL IS STRICTLY
PROHIBITED.   PLEASE NOTIFY US IMMEDIATELY OF THE ERROR BY
RETURN E-MAIL AND PLEASE DELETE THIS MESSAGE FROM YOUR
SYSTEM. THANK YOU IN ADVANCE FOR YOUR COOPERATION.

For more information about Orrick, please visit
http://www.orrick.com/
============================================================
==================================================================