MELINDA HAAG (State Bar No. 132612)
mhaag@orrick.com
ANNETTE L. HURST (State Bar No. 148738)
ahurst@orrick.com
WARRINGTON S. PARKER III (State Bar No. 148003)
wparker@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
405 Howard Street
San Francisco, CA 94105-2669
Tel: (415) 773-5700/Fax: (415) 773-5759

WILLIAM A. MOLINSKI (State Bar No. 145186)
wmolinski@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA 90017
Tel. (213) 629-2020/Fax: (213) 612-2499

THOMAS S. MCCONVILLE (State Bar No. 155905)
tmcconville@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
4 Park Plaza, Suite 1600
Irvine, CA 92614-2258
Tel: (949) 567-6700/Fax: (949) 567-6710

Attorneys for MGA Parties

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>MGA ENTERTAINMENT, INC., a California corporation, et al.,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | Case No. CV 04-9049 DOC (RNBx)<br>Consolidated with:<br>Case Nos. CV 04-9059 & CV 05-2727<br><br>**MGA'S BRIEF CONCERNING FILING DEADLINE FOR OBJECTIONS TO DISCOVERY MASTER ORDERS 89 & 91** |

## INTRODUCTION AND PROCEDURAL BACKGROUND

Orders 89 (issued January 13, 2010) and 91 (issued February 2, 2010) required production from Mattel by February 12, 2010. MGA agreed to accommodate the trying personal circumstances of Mattel's counsel with two stipulated extensions of time to object to these Orders. That was not sufficient because Mattel wishes to first file a motion for reconsideration with the Discovery Master, and then file an appeal with the Court after that. MGA respectfully submits that this is not necessary to accommodate counsel's difficult personal circumstances, especially on a motion that has been pending for four months. Serial review prejudices MGA, and should be denied.

MGA moved to compel production of documents on September 23, 2009. The motion related to 918 requests, some dating back to January 31, 2005. Prior to the filing of the motion, there were nearly two months of meet and confer. After it was filed, MGA agreed to extensions for Mattel to file an opposition. Mattel filed its opposition on October 19, 2009 and MGA filed its reply on October 26, 2009. The Discovery Master conducted a hearing on December 11, 2009, and issued Order 89 on January 13, 2010.

Order 89 granted MGA's motion to compel as to 891 requests and provided 30 days to comply by February 12, 2010. Footnote 7 invited MGA to seek reconsideration concerning the remaining 27 requests. MGA did so and Mattel opposed (without filing any motion for reconsideration of its own).[1] On February 2, DM O'Brien issued Order 91, granting MGA's motion for reconsideration providing Mattel 30 days to comply with the remaining 27 requests by March 4. Mattel's appeal of Orders 89/91 was due 72 hours from February 2—on February 5.

On February 4, 2010, Mattel requested, and MGA stipulated, that Mattel's time for filing objections would be extended to February 7, 2010. *Mattel* prepared

---

[1] MGA agreed that Mattel would not have to file its appeal/objections to Order 89 until the Discovery Master ruled on the 27 requests which were the subject of Order 91.

and filed that stipulation, which did not mention any extension to move for reconsideration. Dkt. 7474. On February 7, Mattel again requested that MGA stipulate to additional time for Mattel to file its objections until February 12. MGA agreed. Mattel then prepared another stipulation for MGA's signature, this time modifying the language from Docket 7474 to permit Mattel to file objections "or other motions." MGA objected when Mattel explained it would file a motion for reconsideration and only later its appeal, and the parties were unable to resolve that impasse. In the past when a motion for reconsideration has stayed the time for an appeal, such reconsideration motion has always been filed within the appeal period. That did not happen here. MGA did not understand at all that it was being asked to stipulate to the possibility of serial review when it signed the February 4 stipulation agreeing to extend time to object.

## ARGUMENT

By agreeing to an extension of time to file Objections to the requested date, MGA has fully accommodated the personal concerns of Mattel's counsel. In terms of the distractions visited upon counsel due to pressing personal concerns, the deadline is now Friday, no matter the content of the filing. Relatedly, MGA agreed to the extension of time to comply with the January 26 Order, and requests only that it be made reciprocal.

Serial review of DM orders 89/91 is improper. First, Mattel has articulated no legitimate ground to bring a motion for reconsideration. Second, these issues have been known to Mattel at least since July and it has had a full and fair opportunity to litigate. Third, MGA will be prejudiced by the distraction of unnecessary additional briefing, and most significantly, by the substantial additional delay in getting the documents. Deposition discovery is ongoing. Any further delay in production of the documents hampers MGA's ability to complete its discovery and prepare for trial of this matter.

MGA therefore objects to serial review of the Orders. Such review is not

1 | needed to accommodate personal issues.  MGA wants the documents.  That is all.

2 | Dated: February 12, 2010                    ORRICK, HERRINGTON & SUTCLIFFE LLP

4 |                                             By:    /s/ Thomas S. McConville
5 |                                                    Thomas S. McConville
                                                       Attorneys for MGA Parties