QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  (johnquinn@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation,<br><br>            Plaintiff,<br><br>      vs.<br><br>MGA ENTERTAINMENT, INC., a California corporation, et al.<br>            Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 DOC (RNBx)<br><br>Consolidated with<br>Case No.   CV 04-09059<br>Case No.   CV 05-2727<br><br>Honorable David O. Carter<br><br>MATTEL'S REPLY RE: REQUEST FOR EXTENSION OF TIME AS TO DISCOVERY MATTER ORDER NOS. 89/91 AND AS TO THE COURT'S ORDER OF JANUARY 26, 2010<br><br>**Phase 2:**<br>Disc. Cut-off:      TBD<br>Pre-trial Conf.:    TBD<br>Trial Date:         TBD |

MGA's opposition to Mattel's request for an extension misstates the facts. Mattel is not seeking serial extensions as MGA claims. Nor has Mattel ever said it would be seeking "serial" review or even that it has decided the appropriate avenue of review as of yet. Indeed, that is the point: Mattel should not, as MGA insists, be forced to waive its rights as a litigant to decide between reconsideration or appeal merely in order to obtain a short extension to file whatever motion is appropriate.

While MGA falsely suggests these issues have been available for Mattel to consider for months, the Discovery Master's Order No. 91 was issued only *last Tuesday* -- three days after the funeral of Mr. Zeller's mother and the day after Mr. Proctor's brother underwent two surgeries as a result of the aggravated assault. Faced with such an expansive order, Mattel sought its first and only prior extension of time (through Monday, one business day) in order to evaluate the appropriate response -- whether to seek reconsideration in order to limit the issues to be presented to the Court, or to appeal to this Court. Because he had to cover the deposition that Mr. Proctor was going to handle, Mr. Zeller spent last Thursday, Friday and Sunday in deposition. Mr. Proctor did not return from Miami, where his brother was assaulted, until Friday. These are not mere "personal concerns," as MGA dismisses them.

Throughout this litigation, Mattel has extended courtesies to MGA when it sought additional time.[1] In this instance, rather than allow Mattel a few days to determine the best course for challenging the Orders' massive search requirements, MGA seeks to trivialize the issues involved and obtain tactical advantage.[2] Mattel

---

[1] In its opposition, MGA asks (with no explanation) for its *own* extension of time to comply with the Court's January 26 Order. Mattel has no objection to MGA's extension request.

[2] Contrary to MGA's assertion that they routinely agree to extensions as a courtesy, MGA has refused such extensions on numerous occasions. For example, (footnote continued)

1  should be given the professional courtesy of a few additional days to determine the
2  appropriate response to a Discovery Master Order, with the understanding that
3  should a motion for reconsideration be filed, that motion tolls the appeals period -- a
4  rule that MGA does not and cannot deny has been applied throughout this case and
5  that MGA itself has repeatedly invoked.

7  DATED: February 9, 2010          QUINN EMANUEL URQUHART OLIVER &
                                    HEDGES, LLP

                                    By /s/ Michael T. Zeller
                                       Michael T. Zeller
                                       Attorneys for Mattel, Inc.

---

Ms. Hurst refused to agree to (and actually opposed) Mattel's request for a *one-day* extension of a briefing schedule when a family member of Susan Estrich's family died -- frivolously claiming that MGA would be "hampered" in discovery if the extension was granted.  Email from A. Hurst to R. O'Brien, dated 8/25/2009 (opposing one-day extension request on basis that death in Ms. Estrich's family was no cause for delay because "[s]urely one of them [another Quinn lawyer] is available to work on this brief and ensure its completion in a timely manner").  The Discovery Master properly rejected that callous position and granted the extension.  Email from D. Hansen to M. Zeller, dated 8/25/2009.  Even today, when Susan Estrich sought to discuss the issues involved here, Ms. Hurst resorted to belittling the personal tragedies involved here and to abusive language in response to Ms. Estrich's requests for clarification of MGA's position.