Maria Maldonado-Bashaw (SBN 174252)
Email: maria.bashaw@mbashawlaw.com
Maria M. Bashaw, Inc.
1920 Main Street, Suite 1090
Irvine, CA 92614
Telephone: (949) 873-3048
Facsimile: (949) 334-1136

Attorneys for Non-Party
MARIA M. BASHAW, ESQ.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>MGA ENTERTAINMENT, INC., a California Corporation,<br><br>Defendant. | Case No. CV 04-9049 DOC (RNBx)<br>c/w Case Nos. CV 04-09059 & CV 05-2727<br><br>**NON-PARTY MARIA M. BASHAW, ESQ.'S OBJECTIONS TO MATTEL, INC.'S SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES** |

Pursuant to Federal Rule of Civil Procedure 45, non-party Maria M. Bashaw, Esq. ("Bashaw") hereby responds to Mattel, Inc.'s ("Mattel") Subpoenas to Produce Documents, Information, or Objects or to Permit Inspection of Premises (hereafter, "the Subpoena"), as follows:

## GENERAL OBJECTIONS TO SUBPOENA

1. Bashaw objects to the Subpoena, and each document request contained therein, on the ground that it seeks information that is not relevant to the parties' claims or defenses asserted in the action and is beyond the scope of permissible discovery.

2. Bashaw objects to the Subpoena, and each document request contained therein, to the extent and on the ground that it seeks information that is protected by any applicable privilege, doctrine or immunity, including without limitation, the attorney-client privilege, common interest privilege, and the attorney work product doctrine.

3. Bashaw objects to the Subpoena, and each document request contained therein, to the extent and on the ground that it seeks documents which contain private, confidential or proprietary information of Bashaw or others, or where disclosure would invade the privacy rights of Bashaw or others.

4. Bashaw objects to the Subpoena, and each document request contained therein, to the extent and on the ground that the burden, expense or intrusiveness of the discovery outweighs the likelihood that the documents sought will lead to the discovery of relevant evidence.

5. Bashaw objects to the Subpoena, and each document request contained therein, to the extent and on the ground that it seeks documents from non-party Bashaw that are equally or more readily available and attainable from parties to the action.

6. Bashaw objects to the Subpoena, and each document request contained therein, to the extent and on the ground that it is vague, ambiguous or fails to identify the documents sought with sufficient particularity.

7. Bashaw objects to the Subpoena, and each document request contained therein, to the extent and on the ground that it is overly broad, unduly burdensome, oppressive and/or harassing.

8. Bashaw objects to the Subpoena, and each document request contained therein, to the extent and on the ground that it seeks documents from sources that are not reasonably accessible and would subject Bashaw to undue burden and expense.

9. Bashaw objects to the Subpoena, and each document request contained therein, on the ground that the place, date and time for compliance is not reasonable or sufficient given the scope of the requests.

10. Bashaw objects to the Subpoena, and each document request contained therein, to the extent and on the ground that the Subpoena was not properly issued or served, or otherwise fails to comply with the Federal Rules of Civil Procedure.

In addition to these general objections which are incorporated into each and every response herein, Bashaw specifically responds to each individual document request as follows:

**SPECIFIC OBJECTIONS TO REQUESTS FOR DOCUMENTS**
**REQUEST NO. 1:**

All DOCUMENTS that IDENTIFY LEXINGTON'S officers, directors, shareholders, members, employees and agents, including the IDENTITY of all PERSONS who have had any direct or indirect interest in or control over LEXINGTON or who have provided LEXINGTON with funding, loans or anything of value.

A/73286687.1

- 2 -

**RESPONSE TO REQUEST NO. 1:**

In addition to the general objections set forth above, Bashaw objects to this request on the ground that it seeks documents that are not relevant or reasonably calculated to lend to the discovery of admissible evidence. Bashaw further objects to the request on the ground that it is overly broad, unduly burdensome, and oppressive. Bashaw further objects to the request on the ground that it seeks documents that contain private, confidential or proprietary information of Bashaw or other non-parties. Bashaw further objects to the request on the ground that the burden, expense and intrusiveness of the discovery outweighs the likelihood that the documents sought will lead to the discovery of relevant evidence. Bashaw further objects to the request on the ground that it seeks documents that are protected by the attorney-client privilege, attorney work product doctrine, or other privilege.

**REQUEST NO. 2:**

All DOCUMENTS that REFER OR RELATE to LEXINGTON's formation, and the nature, extent and location of LEXINGTON's business operations, if any.

**RESPONSE TO REQUEST NO. 2:**

In addition to the general objections set forth above, Bashaw objects to this request on the ground that it seeks documents that are not relevant or reasonably calculated to lend to the discovery of admissible evidence. Bashaw further objects to the request on the ground that it is overly broad, unduly burdensome, and oppressive. Bashaw further objects to the request on the ground that it seeks documents that contain private, confidential or proprietary information of Bashaw or other non-parties. Bashaw further objects to the request on the ground that the burden, expense and intrusiveness of the discovery outweighs the likelihood that the documents sought will lead to the discovery of relevant evidence. Bashaw further objects to the request on the ground that it seeks documents that are protected by the attorney-client privilege, attorney work product doctrine, or other

1 privilege.

**REQUEST NO. 3:**

All DOCUMENTS that REFER OR RELATE to the existence, nature, extent or exercise of direct or indirect control over LEXINGTON by any PERSON.

**RESPONSE TO REQUEST NO. 3:**

In addition to the general objections set forth above, Bashaw objects to this request on the ground that it seeks documents that are not relevant or reasonably calculated to lend to the discovery of admissible evidence. Bashaw further objects to the request on the ground that it is overly broad, unduly burdensome, and oppressive. Bashaw further objects to the request on the ground that it seeks documents that contain private, confidential or proprietary information of Bashaw or other non-parties. Bashaw further objects to the request on the ground that the burden, expense and intrusiveness of the discovery outweighs the likelihood that the documents sought will lead to the discovery of relevant evidence. Bashaw further objects to the request on the ground that it seeks documents that are protected by the attorney-client privilege, attorney work product doctrine, or other privilege.

**REQUEST NO. 4:**

All DOCUMENTS that REFER OR RELATE to SAMHOUI, including without limitation all COMMUNICATIONS with SAMHOUI, and the timing, nature and extant of his relationship to LEXINGTON, if any.

**RESPONSE TO REQUEST NO. 4:**

In addition to the general objections set forth above, Bashaw objects to this request on the ground that it seeks documents that are not relevant or reasonably calculated to lend to the discovery of admissible evidence. Bashaw further objects to the request on the ground that it is overly broad, unduly burdensome, and oppressive. Bashaw further objects to the request on the ground that it seeks

A/73286687.1
- 4 -

1 | documents that contain private, confidential or proprietary information of Bashaw
2 | or other non-parties. Bashaw further objects to the request on the ground that the
3 | burden, expense and intrusiveness of the discovery outweighs the likelihood that
4 | the documents sought will lead to the discovery of relevant evidence. Bashaw
5 | further objects to the request on the ground that it seeks documents that are
6 | protected by the attorney-client privilege, attorney work product doctrine, or other
7 | privilege.

**REQUEST NO. 5:**

All DOCUMENTS that REFER OR RELATE to LEXINGTON, including without limitation all COMMUNICATIONS with LEXINGTON.

**RESPONSE TO REQUEST NO. 5:**

In addition to the general objections set forth above, Bashaw objects to this request on the ground that it seeks documents that are not relevant or reasonably calculated to lend to the discovery of admissible evidence. Bashaw further objects to the request on the ground that it is overly broad, unduly burdensome, and oppressive. Bashaw further objects to the request on the ground that it seeks documents that contain private, confidential or proprietary information of Bashaw or other non-parties. Bashaw further objects to the request on the ground that the burden, expense and intrusiveness of the discovery outweighs the likelihood that the documents sought will lead to the discovery of relevant evidence. Bashaw further objects to the request on the ground that it seeks documents that are protected by the attorney-client privilege, attorney work product doctrine, or other privilege.

**REQUEST NO. 6:**

All DOCUMENTS that REFER OR RELATE to LARIAN, including without limitation all COMMUNICATIONS with LARIAN.

**RESPONSE TO REQUEST NO. 6:**

Subject to and without waiving the foregoing general objections, no such

A/73286687.1
- 5 -

documents exist.

**REQUEST NO. 7:**

All DOCUMENTS that REFER OR RELATE to VISION CAPITAL, including without limitation all COMMUNICATIONS with VISION CAPITAL.

**RESPONSE TO REQUEST NO. 7:**

Subject to and without waiving the foregoing general objections, no such documents exist.

**REQUEST NO. 8:**

All DOCUMENTS that REFER OR RELATE to NEMAN, including without limitation all COMMUNICATIONS with NEMAN.

**RESPONSE TO REQUEST NO. 8:**

Subject to and without waiving the foregoing general objections, no such documents exist.

**REQUEST NO. 9:**

All DOCUMENTS that REFER OR RELATE to KADISHA, including without limitation all COMMUNICATIONS with KADISHA.

**RESPONSE TO REQUEST NO. 9:**

Subject to and without waiving the foregoing general objections, no such documents exist.

**REQUEST NO. 10:**

All DOCUMENTS that REFER OR RELATE to MASHIAN, including without limitation all COMMUNICATIONS with MASHIAN.

**RESPONSE TO REQUEST NO. 10:**

In addition to the general objections set forth above, Bashaw objects to this request on the ground that it seeks documents that are not relevant or reasonably calculated to lend to the discovery of admissible evidence. Bashaw further objects to the request on the ground that it is overly broad, unduly burdensome, and oppressive. Bashaw further objects to the request on the ground that it seeks

1  documents that contain private, confidential or proprietary information of Bashaw
2  or other non-parties. Bashaw further objects to the request on the ground that the
3  burden, expense and intrusiveness of the discovery outweighs the likelihood that
4  the documents sought will lead to the discovery of relevant evidence. Bashaw
5  further objects to the request on the ground that it seeks documents that are
6  protected by the attorney-client privilege, attorney work product doctrine, or other
7  privilege.
8  **REQUEST NO. 11:**
9      All DOCUMENTS that REFER OR RELATE to FARAHNIK, including
10 without limitation all COMMUNICATIONS with FARAHNIK.
11 **RESPONSE TO REQUEST NO. 11:**
12     Subject to and without waiving the foregoing general objections, no such
13 documents exist.
14 **REQUEST NO. 12:**
15     All DOCUMENTS that REFER OR RELATE to Shirin Makabi, including
16 without limitation all COMMUNICATIONS with Shirin Makabi.
17 **RESPONSE TO REQUEST NO. 12:**
18     Subject to and without waiving the foregoing general objections, no such
19 documents exist.
20 **REQUEST NO. 13:**
21     All DOCUMENTS that REFER OR RELATE to OMNI 808, including
22 without limitation all COMMUNICATIONS with OMNI 808.
23 **RESPONSE TO REQUEST NO. 13:**
24     Subject to and without waiving the foregoing general objections, no such
25 documents exist.
26 **REQUEST NO. 14:**
27     All DOCUMENTS that REFER OR RELATE to Bingham McCutchen LLP,
28 including without limitation all COMMUNICATIONS with Bingham McCutchen

A/73286687.1                          - 7 -

1  LLP.

2  **RESPONSE TO REQUEST NO. 14:**

3  Subject to and without waiving the foregoing general objections, no such
4  documents exist.

5  **REQUEST NO. 15:**

6  All DOCUMENTS that REFER OR RELATE to Joseph Moinian, David
7  Nazarian, Benjamin Nazarian, Arsalan Gozini, Gold Leaf Investments, LP,
8  Moinian Development Group, LLC, Omni TMG, LLC, the David and Angela
9  Nazarian Family Trust, Elahe Pezeshkifar and the Arsalan Gozini Charitable Lead
10 Annuity Trust, including without limitation all COMMUNICATIONS with any of
11 the foregoing.

12 **RESPONSE TO REQUEST NO. 15:**

13 Subject to and without waiving the foregoing general objections, no such
14 documents exist.

15 **REQUEST NO. 16:**

16 All DOCUMENTS that REFER OR RELATE to the direct or indirect,
17 actual, promised, proposed or prospective transfer of any item of value (including
18 any forgiveness of indebtedness) between any PERSON and LARIAN.

19 **RESPONSE TO REQUEST NO. 16:**

20 Subject to and without waiving the foregoing general objections, no such
21 documents exist.

22 **REQUEST NO. 17:**

23 All DOCUMENTS that REFER OR RELATE to the source, whether direct
24 and indirect, and amount of LEXINGTON's funding or loans to VISION
25 CAPITAL, including all DOCUMENTS that IDENTIFY the source of any such
26 funds.

27 **RESPONSE TO REQUEST NO. 17:**

28 In addition to the general objections set forth above, Bashaw objects to this

A/73286687.1                          - 8 -

request on the ground that it seeks documents that are not relevant or reasonably calculated to lend to the discovery of admissible evidence. Bashaw further objects to the request on the ground that it is overly broad, unduly burdensome, and oppressive. Bashaw further objects to the request on the ground that it seeks documents that contain private, confidential or proprietary information of Bashaw or other non-parties. Bashaw further objects to the request on the ground that the burden, expense and intrusiveness of the discovery outweighs the likelihood that the documents sought will lead to the discovery of relevant evidence. Bashaw further objects to the request on the ground that it seeks documents that are protected by the attorney-client privilege, attorney work product doctrine, or other privilege.

**REQUEST NO. 18:**

All DOCUMENTS that REFER OR RELATE to the source, whether direct or indirect, and amount of LEXINGTON's funding or loans to NEMAN, including all DOCUMENTS that IDENTIFY the source of any such funds.

**RESPONSE TO REQUEST NO. 18:**

In addition to the general objections set forth above, Bashaw objects to this request on the ground that it seeks documents that are not relevant or reasonably calculated to lend to the discovery of admissible evidence. Bashaw further objects to the request on the ground that it is overly broad, unduly burdensome, and oppressive. Bashaw further objects to the request on the ground that it seeks documents that contain private, confidential or proprietary information of Bashaw or other non-parties. Bashaw further objects to the request on the ground that the burden, expense and intrusiveness of the discovery outweighs the likelihood that the documents sought will lead to the discovery of relevant evidence. Bashaw further objects to the request on the ground that it seeks documents that are protected by the attorney-client privilege, attorney work product doctrine, or other privilege.

**REQUEST NO. 19:**

All DOCUMENTS that REFER OR RELATE to LEXINGTON's agreements, contracts and transactions with VISION CAPITAL, NEMAN, any of Leon Neman's family members or any PERSON, including without limitation the negotiations and COMMUNICATIONS that REFER OR RELATE thereto, and any actual or proposed amendments thereto.

**RESPONSE TO REQUEST NO. 19:**

In addition to the general objections set forth above, Bashaw objects to this request on the ground that it seeks documents that are not relevant or reasonably calculated to lend to the discovery of admissible evidence. Bashaw further objects to the request on the ground that it is overly broad, unduly burdensome, and oppressive. Bashaw further objects to the request on the ground that it seeks documents that contain private, confidential or proprietary information of Bashaw or other non-parties. Bashaw further objects to the request on the ground that the burden, expense and intrusiveness of the discovery outweighs the likelihood that the documents sought will lead to the discovery of relevant evidence. Bashaw further objects to the request on the ground that it seeks documents that are protected by the attorney-client privilege, attorney work product doctrine, or other privilege.

**REQUEST NO. 20:**

All DOCUMENTS that REFER OR RELATE to LEXINGTON's contacts with California, including without limitation LEXINGTON's actual or claimed security interest in any California real estate or in the assets or debt of any California business.

**RESPONSE TO REQUEST NO. 20:**

In addition to the general objections set forth above, Bashaw objects to this request on the ground that it seeks documents that are not relevant or reasonably calculated to lend to the discovery of admissible evidence. Bashaw further objects

to the request on the ground that it is overly broad, unduly burdensome, and oppressive. Bashaw further objects to the request on the ground that it seeks documents that contain private, confidential or proprietary information of Bashaw or other non-parties. Bashaw further objects to the request on the ground that the burden, expense and intrusiveness of the discovery outweighs the likelihood that the documents sought will lead to the discovery of relevant evidence. Bashaw further objects to the request on the ground that it seeks documents that are protected by the attorney-client privilege, attorney work product doctrine, or other privilege.

**REQUEST NO. 21:**

All DOCUMENTS that REFER OR RELATE to the U.C.C. Financing Statement attached as Exhibit 1 and/or the security interest(s) allegedly reflected therein, and the IDENTITY of all PERSONS who authorized or were otherwise involved in its preparation and filing.

**RESPONSE TO REQUEST NO. 21:**

In addition to the general objections set forth above, Bashaw objects to this request on the ground that it seeks documents that are not relevant or reasonably calculated to lend to the discovery of admissible evidence. Bashaw further objects to the request on the ground that it is overly broad, unduly burdensome, and oppressive. Bashaw further objects to the request on the ground that it seeks documents that contain private, confidential or proprietary information of Bashaw or other non-parties. Bashaw further objects to the request on the ground that the burden, expense and intrusiveness of the discovery outweighs the likelihood that the documents sought will lead to the discovery of relevant evidence. Bashaw further objects to the request on the ground that it seeks documents that are protected by the attorney-client privilege, attorney work product doctrine, or other privilege.

**REQUEST NO. 22:**

All DOCUMENTS that REFER OR RELATE to the transfer of any item of value (including the forgiveness of any indebtedness) between LEXINGTON and VISION CAPITAL and/or NEMAN.

**RESPONSE TO REQUEST NO. 22:**

In addition to the general objections set forth above, Bashaw objects to this request on the ground that it seeks documents that are not relevant or reasonably calculated to lend to the discovery of admissible evidence.  Bashaw further objects to the request on the ground that it is overly broad, unduly burdensome, and oppressive.  Bashaw further objects to the request on the ground that it seeks documents that contain private, confidential or proprietary information of Bashaw or other non-parties.  Bashaw further objects to the request on the ground that the burden, expense and intrusiveness of the discovery outweighs the likelihood that the documents sought will lead to the discovery of relevant evidence.  Bashaw further objects to the request on the ground that it seeks documents that are protected by the attorney-client privilege, attorney work product doctrine, or other privilege.

**REQUEST NO. 23:**

All DOCUMENTS that REFER OR RELATE to the existence, nature and extent of the authority or authorization of Fred Mashian, Bingham McCutchen LLP, Maria Bashaw or other California attorney or law firm to act on LEXINGTON's behalf.

**RESPONSE TO REQUEST NO. 23:**

In addition to the general objections set forth above, Bashaw objects to this request on the ground that it seeks documents that are not relevant or reasonably calculated to lend to the discovery of admissible evidence.  Bashaw further objects to the request on the ground that it is overly broad, unduly burdensome, and oppressive.  Bashaw further objects to the request on the ground that it seeks

documents that contain private, confidential or proprietary information of Bashaw or other non-parties. Bashaw further objects to the request on the ground that the burden, expense and intrusiveness of the discovery outweighs the likelihood that the documents sought will lead to the discovery of relevant evidence. Bashaw further objects to the request on the ground that it seeks documents that are protected by the attorney-client privilege, attorney work product doctrine, or other privilege.

**REQUEST NO. 24:**

All DOCUMENTS that REFER OR RELATE to the existence, nature and extent of the authority or authorization of International Corporate Advisors, LLC, Maria Bashaw, Patricia Wager or Juan Haraguchi to act on LEXINGTON's behalf.

**RESPONSE TO REQUEST NO. 24:**

In addition to the general objections set forth above, Bashaw objects to this request on the ground that it seeks documents that are not relevant or reasonably calculated to lend to the discovery of admissible evidence. Bashaw further objects to the request on the ground that it is overly broad, unduly burdensome, and oppressive. Bashaw further objects to the request on the ground that it seeks documents that contain private, confidential or proprietary information of Bashaw or other non-parties. Bashaw further objects to the request on the ground that the burden, expense and intrusiveness of the discovery outweighs the likelihood that the documents sought will lead to the discovery of relevant evidence. Bashaw further objects to the request on the ground that it seeks documents that are protected by the attorney-client privilege, attorney work product doctrine, or other privilege.

**REQUEST NO. 25:**

All DOCUMENTS that REFER OR RELATE to any lawsuit, litigation or other dispute between Mattel, Inc. and LARIAN, including without limitation all COMMUNICATIONS with LARIAN that REFER OR RELATE thereto and all

1  DOCUMENTS that REFER OR RELATE TO LEXINGTON's knowledge or
2  awareness thereof.
3  **RESPONSE TO REQUEST NO. 25:**
4       In addition to the general objections set forth above, Bashaw objects to this
5  request on the ground that it seeks documents that are not relevant or reasonably
6  calculated to lend to the discovery of admissible evidence. Bashaw further objects
7  to the request on the ground that it is overly broad, unduly burdensome, and
8  oppressive. Bashaw further objects to the request on the ground that it seeks
9  documents that contain private, confidential or proprietary information of Bashaw
10 or other non-parties. Bashaw further objects to the request on the ground that the
11 burden, expense and intrusiveness of the discovery outweighs the likelihood that
12 the documents sought will lead to the discovery of relevant evidence. Bashaw
13 further objects to the request on the ground that it seeks documents that are
14 protected by the attorney-client privilege, attorney work product doctrine, or other
15 privilege.
16 **REQUEST NO. 26:**
17      All DOCUMENTS that REFER OR RELATE to any fee and indemnity
18 agreements that REFER OR RELATE to LEXINGTON, SAMHOUI, LARIAN,
19 KADISHA, OMNI 808, VISION CAPITAL, NEMAN, MASHIAN, FARAHNIK,
20 Shirin Makabi or any PERSON listed in Request No. 15.
21 **RESPONSE TO REQUEST NO. 26:**
22      In addition to the general objections set forth above, Bashaw objects to this
23 request on the ground that it seeks documents that are not relevant or reasonably
24 calculated to lend to the discovery of admissible evidence. Bashaw further objects
25 to the request on the ground that it is overly broad, unduly burdensome, and
26 oppressive. Bashaw further objects to the request on the ground that it seeks
27 documents that contain private, confidential or proprietary information of Bashaw
28 or other non-parties. Bashaw further objects to the request on the ground that the

burden, expense and intrusiveness of the discovery outweighs the likelihood that the documents sought will lead to the discovery of relevant evidence. Bashaw further objects to the request on the ground that it seeks documents that are protected by the attorney-client privilege, attorney work product doctrine, or other privilege.

**REQUEST NO. 27:**

All DOCUMENTS that REFER OR RELATE to any promised, proposed or requested payments of fees that pertain in any manner to LEXINGTON.

**RESPONSE TO REQUEST NO. 27:**

In addition to the general objections set forth above, Bashaw objects to this request on the ground that it seeks documents that are not relevant or reasonably calculated to lend to the discovery of admissible evidence. Bashaw further objects to the request on the ground that it is overly broad, unduly burdensome, and oppressive. Bashaw further objects to the request on the ground that it seeks documents that contain private, confidential or proprietary information of Bashaw or other non-parties. Bashaw further objects to the request on the ground that the burden, expense and intrusiveness of the discovery outweighs the likelihood that the documents sought will lead to the discovery of relevant evidence. Bashaw further objects to the request on the ground that it seeks documents that are protected by the attorney-client privilege, attorney work product doctrine, or other privilege.

**REQUEST NO. 28:**

All DOCUMENTS that REFER OR RELATE to any fee and indemnity agreements that in any manner REFER OR RELATE to any actual or potential lawsuit, litigation or other dispute involving Mattel, Inc. or any payments or promised, proposed or requested payments of fees made by any PERSON in connection therewith.

**RESPONSE TO REQUEST NO. 28:**

In addition to the general objections set forth above, Bashaw objects to this request on the ground that it seeks documents that are not relevant or reasonably calculated to lend to the discovery of admissible evidence. Bashaw further objects to the request on the ground that it is overly broad, unduly burdensome, and oppressive. Bashaw further objects to the request on the ground that it seeks documents that contain private, confidential or proprietary information of Bashaw or other non-parties. Bashaw further objects to the request on the ground that the burden, expense and intrusiveness of the discovery outweighs the likelihood that the documents sought will lead to the discovery of relevant evidence. Bashaw further objects to the request on the ground that it seeks documents that are protected by the attorney-client privilege, attorney work product doctrine, or other privilege.

**REQUEST NO. 29:**

All DOCUMENTS that REFER OR RELATE TO any actual, contemplated, proposed or requested retention, destruction, secreting, hiding, spoliation, shipment, return, transmission, transfer or movement of any DOCUMENTS sought in Request Nos. 1 through 28 above, inclusive.

**RESPONSE TO REQUEST NO. 29:**

In addition to the general objections set forth above, Bashaw objects to this request on the ground that it seeks documents that are not relevant or reasonably calculated to lend to the discovery of admissible evidence. Bashaw further objects to the request on the ground that it is overly broad, unduly burdensome, and oppressive. Bashaw further objects to the request on the ground that it seeks documents that contain private, confidential or proprietary information of Bashaw or other non-parties. Bashaw further objects to the request on the ground that the burden, expense and intrusiveness of the discovery outweighs the likelihood that the documents sought will lead to the discovery of relevant evidence. Bashaw

1 further objects to the request on the ground that it seeks documents that are
2 protected by the attorney-client privilege, attorney work product doctrine, or other
3 privilege.

DATED: February 5, 2010          Maria M. Bashaw, Inc.

By: _____
    Maria Maldonado-Bashaw
    Attorneys for Non-Party
    MARIA M. BASHAW, INC.

<u>Mattel, Inc. a Delaware corporation v. MGA Entertainment, Inc., a California corporation et al.</u>
United States District Court Case No. CV04-9049 DOC (RNBx)

PROOF OF SERVICE
(C.C.P. Section 1013(a) and 2015.5)

I am a citizen of the Untied States over the age of eighteen years and not a party to or interested in the within entitled cause. I am an employee of Maria M. Bashaw, Inc. and my business address is 1920 Main Street, Suite 1090, Irvine, CA 92614. I am readily familiar with the business practice for collection and processing correspondence. On this date I caused to be served the following document(s):

OBJECTION TO SUBPOENA FOR DOCUMENTS TO MARIA M. BASHAW, ESQ.

__X__ **Mail**: by placing a true copy or the original thereof enclosed in a sealed envelope with first class postage thereon fully prepaid in the United States Post Office at Irvine, California, addressed as follows:

Michael T. Zeller, Esq.
Quinn Emanuel Urquhart Oliver & Hedges LLP
865 South Figueroa Street
10th Floor
Los Angeles, CA 90017

I am readily familiar with the practice for the collection and processing of mail at Maria M. Bashaw, Inc. Under that practice those envelopes would be placed with the United States Postal Service on the date specified below with postage thereon fully prepaid at Irvine, California, in the ordinary course of business. *I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. EXECUTED on February 8, 2010 at Irvine, California.

_/s/ Adelaida Mendez_
Addie Mendez, Declarant