1  Maria Maldonado-Bashaw (SBN174252)
   Email: maria.bashaw@mbashawlaw.com
2  Maria M. Bashaw, Inc.
   1920 Main Street, Suite 1090
3  Irvine, CA 92614
   Telephone: (949) 873-3048
4  Facsimile: (949) 334-1136

5
   Attorneys for Non-Party
6  INTERNATIONAL CORPORATE
   ADVISORS, LLC

7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10                  SOUTHERN DIVISION

11
   MATTEL, INC., a Delaware          Case No. CV 04-9049 DOC (RNBx)
12 corporation,                      c/w Case Nos. CV 04-09059 & CV 05-2727

13              Plaintiff,

14        v.                         **NON-PARTY INTERNATIONAL
                                     CORPORATE ADVISORS, LLC'S
15 MGA ENTERTAINMENT, INC., a        OBJECTIONS TO MATTEL, INC.'S
   California corporation, et al.,   SUBPOENA TO PRODUCE
16                                   DOCUMENTS, INFORMATION, OR
              Defendant.             OBJECTS OR TO PERMIT
17                                   INSPECTION OF PREMISES**

18

19

20

21

22

23

24

25

26

27

28

Pursuant to Federal Rule of Civil Procedure 45, non-party International Corporate Advisors, LLC ("ICA") hereby responds to Mattel, Inc.'s ("Mattel") Subpoenas to Produce Documents, Information, or Objects or to Permit Inspection of Premises (hereafter, "the Subpoena"), as follows:

## **GENERAL OBJECTIONS TO SUBPOENA**

1.   ICA objects to the Subpoena, and each document request contained therein, on the ground that it seeks information that is not relevant to the parties' claims or defenses asserted in the action and is beyond the scope of permissible discovery.

2.   ICA objects to the Subpoena, and each document request contained therein, to the extent and on the ground that it seeks information that is protected by any applicable privilege, doctrine or immunity, including without limitation, the attorney-client privilege, common interest privilege, and the attorney work product doctrine.

3.   ICA objects to the Subpoena, and each document request contained therein, to the extent and on the ground that it seeks documents which contain private, confidential or proprietary information of ICA or others, or where disclosure would invade the privacy rights of ICA or others.

4.   ICA objects to the Subpoena and each document request contained therein, to the extent and on the ground that the burden, expense or intrusiveness of the discovery outweighs the likelihood that the documents sought will lead to the discovery of relevant evidence.

5.   ICA objects to the Subpoena, and each document request contained therein, to the extent and on the ground that it seeks documents from non-party ICA that are equally or more readily available and attainable from parties to the action.

A/73286716.1

- 1 -

6.       ICA objects to the Subpoena, and each document request contained therein, to the extent and on the ground that it is vague, ambiguous or fails to identify the documents sought with sufficient particularity.

7.       ICA objects to the Subpoena, and each document request contained therein, to the extent and on the ground that it is overly broad, unduly burdensome, oppressive and/or harassing.

8.       ICA objects to the Subpoena, and each document request contained therein, to the extent and on the ground that it seeks documents from sources that are not reasonably accessible and would subject ICA to undue burden and expense.

9.       ICA objects to the Subpoena, and each document request contained therein, on the ground that the place, date and time for compliance is not reasonable or sufficient given the scope of the requests.

10.       ICA objects to the Subpoena, and each document request contained therein, to the extent and on the ground that the Subpoena was not properly issued or served, or otherwise fails to comply with the Federal Rules of Civil Procedure.

In addition to these general objections which are incorporated into each and every response herein, ICA specifically responds to each individual document request as follows:

## SPECIFIC OBJECTIONS TO REQUESTS FOR DOCUMENTS
**REQUEST NO. 1:**

All DOCUMENTS that IDENTIFY LEXINGTON'S officers, directors, shareholders, members, employees and agents, including the IDENTITY of all PERSONS who have had any direct or indirect interest in or control over LEXINGTON or who have provided LEXINGTON with funding, loans or anything of value.

**RESPONSE TO REQUEST NO. 1:**

In addition to the general objections set forth above, ICA objects to this

request on the ground that it seeks documents that are not relevant or reasonably calculated to lend to the discovery of admissible evidence. ICA further objects to the request on the ground that it is overly broad, unduly burdensome, and oppressive. ICA further objects to the request on the ground that it seeks documents that contain private, confidential or proprietary information of ICA or other non-parties. ICA further objects to the request on the ground that the burden, expense and intrusiveness of the discovery outweighs the likelihood that the documents sought will lead to the discovery of relevant evidence. ICA further objects to the request on the ground that it seeks documents that are protected by the attorney-client privilege, attorney work product doctrine, or other privilege.

**REQUEST NO. 2:**

All DOCUMENTS that REFER OR RELATE to LEXINGTON's formation, and the nature, extent and location of LEXINGTON's business operations, if any.

**RESPONSE TO REQUEST NO. 2:**

In addition to the general objections set forth above, ICA objects to this request on the ground that it seeks documents that are not relevant or reasonably calculated to lend to the discovery of admissible evidence. ICA further objects to the request on the ground that it is overly broad, unduly burdensome, and oppressive. ICA further objects to the request on the ground that it seeks documents that contain private, confidential or proprietary information of ICA or other non-parties. ICA further objects to the request on the ground that the burden, expense and intrusiveness of the discovery outweighs the likelihood that the documents sought will lead to the discovery of relevant evidence. ICA further objects to the request on the ground that it seeks documents that are protected by the attorney-client privilege, attorney work product doctrine, or other privilege.

**REQUEST NO. 3:**

All DOCUMENTS that REFER OR RELATE to the existence, nature, extent or exercise of direct or indirect control over LEXINGTON by any

1    PERSON.

2    **RESPONSE TO REQUEST NO. 3:**

3        In addition to the general objections set forth above, ICA objects to this

4    request on the ground that it seeks documents that are not relevant or reasonably

5    calculated to lend to the discovery of admissible evidence. ICA further objects to

6    the request on the ground that it is overly broad, unduly burdensome, and

7    oppressive. ICA further objects to the request on the ground that it seeks

8    documents that contain private, confidential or proprietary information of ICA or

9    other non-parties. ICA further objects to the request on the ground that the burden,

10    expense and intrusiveness of the discovery outweighs the likelihood that the

11    documents sought will lead to the discovery of relevant evidence. ICA further

12    objects to the request on the ground that it seeks documents that are protected by

13    the attorney-client privilege, attorney work product doctrine, or other privilege.

14    **REQUEST NO. 4:**

15        All DOCUMENTS that REFER OR RELATE to SAMHOUI, including

16    without limitation all COMMUNICATIONS with SAMHOUI, and the timing,

17    nature and extant of his relationship to LEXINGTON, if any.

18    **RESPONSE TO REQUEST NO. 4:**

19        In addition to the general objections set forth above, ICA objects to this

20    request on the ground that it seeks documents that are not relevant or reasonably

21    calculated to lend to the discovery of admissible evidence. ICA further objects to

22    the request on the ground that it is overly broad, unduly burdensome, and

23    oppressive. ICA further objects to the request on the ground that it seeks

24    documents that contain private, confidential or proprietary information of ICA or

25    other non-parties. ICA further objects to the request on the ground that the burden,

26    expense and intrusiveness of the discovery outweighs the likelihood that the

27    documents sought will lead to the discovery of relevant evidence. ICA further

28    objects to the request on the ground that it seeks documents that are protected by

1  the attorney-client privilege, attorney work product doctrine, or other privilege.

2  **REQUEST NO. 5:**

3      All DOCUMENTS that REFER OR RELATE to LEXINGTON, including

4  without limitation all COMMUNICATIONS with LEXINGTON.

5  **RESPONSE TO REQUEST NO. 5:**

6      In addition to the general objections set forth above, ICA objects to this

7  request on the ground that it seeks documents that are not relevant or reasonably

8  calculated to lend to the discovery of admissible evidence.  ICA further objects to

9  the request on the ground that it is overly broad, unduly burdensome, and

10  oppressive.  ICA further objects to the request on the ground that it seeks

11  documents that contain private, confidential or proprietary information of ICA or

12  other non-parties.  ICA further objects to the request on the ground that the burden,

13  expense and intrusiveness of the discovery outweighs the likelihood that the

14  documents sought will lead to the discovery of relevant evidence.  ICA further

15  objects to the request on the ground that it seeks documents that are protected by

16  the attorney-client privilege, attorney work product doctrine, or other privilege.

17  **REQUEST NO. 6:**

18      All DOCUMENTS that REFER OR RELATE to LARIAN, including

19  without limitation all COMMUNICATIONS with LARIAN.

20  **RESPONSE TO REQUEST NO. 6:**

21      In addition to the general objections set forth above, ICA objects to this

22  request on the ground that it seeks documents that are not relevant or reasonably

23  calculated to lend to the discovery of admissible evidence.  ICA further objects to

24  the request on the ground that it is overly broad, unduly burdensome, and

25  oppressive.  ICA further objects to the request on the ground that it seeks

26  documents that contain private, confidential or proprietary information of ICA or

27  other non-parties.  ICA further objects to the request on the ground that the burden,

28  expense and intrusiveness of the discovery outweighs the likelihood that the

A/73286716.1

documents sought will lead to the discovery of relevant evidence.  ICA further objects to the request on the ground that it seeks documents that are protected by the attorney-client privilege, attorney work product doctrine, or other privilege.

**REQUEST NO. 7:**

All DOCUMENTS that REFER OR RELATE to VISION CAPITAL, including without limitation all COMMUNICATIONS with VISION CAPITAL.

**RESPONSE TO REQUEST NO. 7:**

In addition to the general objections set forth above, ICA objects to this request on the ground that it seeks documents that are not relevant or reasonably calculated to lend to the discovery of admissible evidence.  ICA further objects to the request on the ground that it is overly broad, unduly burdensome, and oppressive.  ICA further objects to the request on the ground that it seeks documents that contain private, confidential or proprietary information of ICA or other non-parties.  ICA further objects to the request on the ground that the burden, expense and intrusiveness of the discovery outweighs the likelihood that the documents sought will lead to the discovery of relevant evidence.  ICA further objects to the request on the ground that it seeks documents that are protected by the attorney-client privilege, attorney work product doctrine, or other privilege.

**REQUEST NO. 8:**

All DOCUMENTS that REFER OR RELATE to NEMAN, including without limitation all COMMUNICATIONS with NEMAN.

**RESPONSE TO REQUEST NO. 8:**

In addition to the general objections set forth above, ICA objects to this request on the ground that it seeks documents that are not relevant or reasonably calculated to lend to the discovery of admissible evidence.  ICA further objects to the request on the ground that it is overly broad, unduly burdensome, and oppressive.  ICA further objects to the request on the ground that it seeks documents that contain private, confidential or proprietary information of ICA or

1   other non-parties.  ICA further objects to the request on the ground that the burden,

2   expense and intrusiveness of the discovery outweighs the likelihood that the

3   documents sought will lead to the discovery of relevant evidence.  ICA further

4   objects to the request on the ground that it seeks documents that are protected by

5   the attorney-client privilege, attorney work product doctrine, or other privilege.

6   **REQUEST NO. 9:**

7       All DOCUMENTS that REFER OR RELATE to KADISHA, including

8   without limitation all COMMUNICATIONS with KADISHA.

9   **RESPONSE TO REQUEST NO. 9:**

10      In addition to the general objections set forth above, ICA objects to this

11  request on the ground that it seeks documents that are not relevant or reasonably

12  calculated to lend to the discovery of admissible evidence.  ICA further objects to

13  the request on the ground that it is overly broad, unduly burdensome, and

14  oppressive.  ICA further objects to the request on the ground that it seeks

15  documents that contain private, confidential or proprietary information of ICA or

16  other non-parties.  ICA further objects to the request on the ground that the burden,

17  expense and intrusiveness of the discovery outweighs the likelihood that the

18  documents sought will lead to the discovery of relevant evidence.  ICA further

19  objects to the request on the ground that it seeks documents that are protected by

20  the attorney-client privilege, attorney work product doctrine, or other privilege.

21  **REQUEST NO. 10:**

22      All DOCUMENTS that REFER OR RELATE to MASHIAN, including

23  without limitation all COMMUNICATIONS with MASHIAN.

24  **RESPONSE TO REQUEST NO. 10:**

25      In addition to the general objections set forth above, ICA objects to this

26  request on the ground that it seeks documents that are not relevant or reasonably

27  calculated to lend to the discovery of admissible evidence.  ICA further objects to

28  the request on the ground that it is overly broad, unduly burdensome, and

A/73286716.1

- 7 -

oppressive.  ICA further objects to the request on the ground that it seeks documents that contain private, confidential or proprietary information of ICA or other non-parties.  ICA further objects to the request on the ground that the burden, expense and intrusiveness of the discovery outweighs the likelihood that the documents sought will lead to the discovery of relevant evidence.  ICA further objects to the request on the ground that it seeks documents that are protected by the attorney-client privilege, attorney work product doctrine, or other privilege.

**REQUEST NO. 11:**

All DOCUMENTS that REFER OR RELATE to FARAHNIK, including without limitation all COMMUNICATIONS with FARAHNIK.

**RESPONSE TO REQUEST NO. 11:**

In addition to the general objections set forth above, ICA objects to this request on the ground that it seeks documents that are not relevant or reasonably calculated to lend to the discovery of admissible evidence.  ICA further objects to the request on the ground that it is overly broad, unduly burdensome, and oppressive.  ICA further objects to the request on the ground that it seeks documents that contain private, confidential or proprietary information of ICA or other non-parties.  ICA further objects to the request on the ground that the burden, expense and intrusiveness of the discovery outweighs the likelihood that the documents sought will lead to the discovery of relevant evidence.  ICA further objects to the request on the ground that it seeks documents that are protected by the attorney-client privilege, attorney work product doctrine, or other privilege.

**REQUEST NO. 12:**

All DOCUMENTS that REFER OR RELATE to Shirin Makabi, including without limitation all COMMUNICATIONS with Shirin Makabi.

**RESPONSE TO REQUEST NO. 12:**

In addition to the general objections set forth above, ICA objects to this request on the ground that it seeks documents that are not relevant or reasonably

calculated to lend to the discovery of admissible evidence.  ICA further objects to the request on the ground that it is overly broad, unduly burdensome, and oppressive.  ICA further objects to the request on the ground that it seeks documents that contain private, confidential or proprietary information of ICA or other non-parties.  ICA further objects to the request on the ground that the burden, expense and intrusiveness of the discovery outweighs the likelihood that the documents sought will lead to the discovery of relevant evidence.  ICA further objects to the request on the ground that it seeks documents that are protected by the attorney-client privilege, attorney work product doctrine, or other privilege.

**REQUEST NO. 13:**

All DOCUMENTS that REFER OR RELATE to OMNI 808, including without limitation all COMMUNICATIONS with OMNI 808.

**RESPONSE TO REQUEST NO. 13:**

In addition to the general objections set forth above, ICA objects to this request on the ground that it seeks documents that are not relevant or reasonably calculated to lend to the discovery of admissible evidence.  ICA further objects to the request on the ground that it is overly broad, unduly burdensome, and oppressive.  ICA further objects to the request on the ground that it seeks documents that contain private, confidential or proprietary information of ICA or other non-parties.  ICA further objects to the request on the ground that the burden, expense and intrusiveness of the discovery outweighs the likelihood that the documents sought will lead to the discovery of relevant evidence.  ICA further objects to the request on the ground that it seeks documents that are protected by the attorney-client privilege, attorney work product doctrine, or other privilege.

**REQUEST NO. 14:**

All DOCUMENTS that REFER OR RELATE to Bingham McCutchen LLP, including without limitation all COMMUNICATIONS with Bingham McCutchen LLP.

1    **RESPONSE TO REQUEST NO. 14:**

2        In addition to the general objections set forth above, ICA objects to this

3 request on the ground that it seeks documents that are not relevant or reasonably

4 calculated to lend to the discovery of admissible evidence. ICA further objects to

5 the request on the ground that it is overly broad, unduly burdensome, and

6 oppressive. ICA further objects to the request on the ground that it seeks

7 documents that contain private, confidential or proprietary information of ICA or

8 other non-parties. ICA further objects to the request on the ground that the burden,

9 expense and intrusiveness of the discovery outweighs the likelihood that the

10 documents sought will lead to the discovery of relevant evidence. ICA further

11 objects to the request on the ground that it seeks documents that are protected by

12 the attorney-client privilege, attorney work product doctrine, or other privilege.

13    **REQUEST NO. 15:**

14        All DOCUMENTS that REFER OR RELATE to Joseph Moinian, David

15 Nazarian, Benjamin Nazarian, Arsalan Gozini, Gold Leaf Investments, LP,

16 Moinian Development Group, LLC, Omni TMG, LLC, the David and Angela

17 Nazarian Family Trust, Elahe Pezeshkifar and the Arsalan Gozini Charitable Lead

18 Annuity Trust, including without limitation all COMMUNICATIONS with any of

19 the foregoing.

20    **RESPONSE TO REQUEST NO. 15:**

21        In addition to the general objections set forth above, ICA objects to this

22 request on the ground that it seeks documents that are not relevant or reasonably

23 calculated to lend to the discovery of admissible evidence. ICA further objects to

24 the request on the ground that it is overly broad, unduly burdensome, and

25 oppressive. ICA further objects to the request on the ground that it seeks

26 documents that contain private, confidential or proprietary information of ICA or

27 other non-parties. ICA further objects to the request on the ground that the burden,

28 expense and intrusiveness of the discovery outweighs the likelihood that the

documents sought will lead to the discovery of relevant evidence.  ICA further objects to the request on the ground that it seeks documents that are protected by the attorney-client privilege, attorney work product doctrine, or other privilege.

**REQUEST NO. 16:**

All DOCUMENTS that REFER OR RELATE to the direct or indirect, actual, promised, proposed or prospective transfer of any item of value (including any forgiveness of indebtedness) between any PERSON and LARIAN.

**RESPONSE TO REQUEST NO. 16:**

In addition to the general objections set forth above, ICA objects to this request on the ground that it seeks documents that are not relevant or reasonably calculated to lend to the discovery of admissible evidence.  ICA further objects to the request on the ground that it is overly broad, unduly burdensome, and oppressive.  ICA further objects to the request on the ground that it seeks documents that contain private, confidential or proprietary information of ICA or other non-parties.  ICA further objects to the request on the ground that the burden, expense and intrusiveness of the discovery outweighs the likelihood that the documents sought will lead to the discovery of relevant evidence.  ICA further objects to the request on the ground that it seeks documents that are protected by the attorney-client privilege, attorney work product doctrine, or other privilege.

**REQUEST NO. 17:**

All DOCUMENTS that REFER OR RELATE to the source, whether direct and indirect, and amount of LEXINGTON's funding or loans to VISION CAPITAL, including all DOCUMENTS that IDENTIFY the source of any such funds.

**RESPONSE TO REQUEST NO. 17:**

In addition to the general objections set forth above, ICA objects to this request on the ground that it seeks documents that are not relevant or reasonably calculated to lend to the discovery of admissible evidence.  ICA further objects to

the request on the ground that it is overly broad, unduly burdensome, and oppressive. ICA further objects to the request on the ground that it seeks documents that contain private, confidential or proprietary information of ICA or other non-parties. ICA further objects to the request on the ground that the burden, expense and intrusiveness of the discovery outweighs the likelihood that the documents sought will lead to the discovery of relevant evidence. ICA further objects to the request on the ground that it seeks documents that are protected by the attorney-client privilege, attorney work product doctrine, or other privilege.

**REQUEST NO. 18:**

All DOCUMENTS that REFER OR RELATE to the source, whether direct or indirect, and amount of LEXINGTON's funding or loans to NEMAN, including all DOCUMENTS that IDENTIFY the source of any such funds.

**RESPONSE TO REQUEST NO. 18:**

In addition to the general objections set forth above, ICA objects to this request on the ground that it seeks documents that are not relevant or reasonably calculated to lend to the discovery of admissible evidence. ICA further objects to the request on the ground that it is overly broad, unduly burdensome, and oppressive. ICA further objects to the request on the ground that it seeks documents that contain private, confidential or proprietary information of ICA or other non-parties. ICA further objects to the request on the ground that the burden, expense and intrusiveness of the discovery outweighs the likelihood that the documents sought will lead to the discovery of relevant evidence. ICA further objects to the request on the ground that it seeks documents that are protected by the attorney-client privilege, attorney work product doctrine, or other privilege.

**REQUEST NO. 19:**

All DOCUMENTS that REFER OR RELATE to LEXINGTON's agreements , contracts and transactions with VISION CAPITAL, NEMAN, any of Leon Neman's family members or any PERSON, including without limitation the

1    negotiations and COMMUNICATIONS that REFER OR RELATE thereto, and

2    any actual or proposed amendments thereto.

3    **RESPONSE TO REQUEST NO. 19:**

4         In addition to the general objections set forth above, ICA objects to this

5    request on the ground that it seeks documents that are not relevant or reasonably

6    calculated to lend to the discovery of admissible evidence.  ICA further objects to

7    the request on the ground that it is overly broad, unduly burdensome, and

8    oppressive.  ICA further objects to the request on the ground that it seeks

9    documents that contain private, confidential or proprietary information of ICA or

10   other non-parties.  ICA further objects to the request on the ground that the burden,

11   expense and intrusiveness of the discovery outweighs the likelihood that the

12   documents sought will lead to the discovery of relevant evidence.  ICA further

13   objects to the request on the ground that it seeks documents that are protected by

14   the attorney-client privilege, attorney work product doctrine, or other privilege.

15   **REQUEST NO. 20:**

16        All DOCUMENTS that REFER OR RELATE to LEXINGTON's contacts

17   with California, including without limitation LEXINGTON's actual or claimed

18   security interest in any California real estate or in the assets or debt of any

19   California business..

20   **RESPONSE TO REQUEST NO. 20:**

21        In addition to the general objections set forth above, ICA objects to this

22   request on the ground that it seeks documents that are not relevant or reasonably

23   calculated to lend to the discovery of admissible evidence.  ICA further objects to

24   the request on the ground that it is overly broad, unduly burdensome, and

25   oppressive.  ICA further objects to the request on the ground that it seeks

26   documents that contain private, confidential or proprietary information of ICA or

27   other non-parties.  ICA further objects to the request on the ground that the burden,

28   expense and intrusiveness of the discovery outweighs the likelihood that the

A/73286716.1                                    - 13 -

documents sought will lead to the discovery of relevant evidence. ICA further objects to the request on the ground that it seeks documents that are protected by the attorney-client privilege, attorney work product doctrine, or other privilege.

**REQUEST NO. 21:**

All DOCUMENTS that REFER OR RELATE to the U.C.C. Financing Statement attached as Exhibit 1 and/or the security interest(s) allegedly reflected therein , and the IDENTITY of all PERSONS who authorized or were otherwise involved in its preparation and filing.

**RESPONSE TO REQUEST NO. 21:**

In addition to the general objections set forth above, ICA objects to this request on the ground that it seeks documents that are not relevant or reasonably calculated to lend to the discovery of admissible evidence. ICA further objects to the request on the ground that it is overly broad, unduly burdensome, and oppressive. ICA further objects to the request on the ground that it seeks documents that contain private, confidential or proprietary information of ICA or other non-parties. ICA further objects to the request on the ground that the burden, expense and intrusiveness of the discovery outweighs the likelihood that the documents sought will lead to the discovery of relevant evidence. ICA further objects to the request on the ground that it seeks documents that are protected by the attorney-client privilege, attorney work product doctrine, or other privilege.

**REQUEST NO. 22:**

All DOCUMENTS that REFER OR RELATE to the transfer of any item of value (including the forgiveness of any indebtedness) between LEXINGTON and VISION CAPITAL and/or NEMAN.

**RESPONSE TO REQUEST NO. 22:**

In addition to the general objections set forth above, ICA objects to this request on the ground that it seeks documents that are not relevant or reasonably calculated to lend to the discovery of admissible evidence. ICA further objects to

the request on the ground that it is overly broad, unduly burdensome, and oppressive. ICA further objects to the request on the ground that it seeks documents that contain private, confidential or proprietary information of ICA or other non-parties. ICA further objects to the request on the ground that the burden, expense and intrusiveness of the discovery outweighs the likelihood that the documents sought will lead to the discovery of relevant evidence. ICA further objects to the request on the ground that it seeks documents that are protected by the attorney-client privilege, attorney work product doctrine, or other privilege.

**REQUEST NO. 23:**

All DOCUMENTS that REFER OR RELATE to the existence, nature and extent of the authority or authorization of Fred Mashian, Bingham McCutchen LLP, Maria Bashaw or other California attorney or law firm to act on LEXINGTON's behalf.

**RESPONSE TO REQUEST NO. 23:**

In addition to the general objections set forth above, ICA objects to this request on the ground that it seeks documents that are not relevant or reasonably calculated to lend to the discovery of admissible evidence. ICA further objects to the request on the ground that it is overly broad, unduly burdensome, and oppressive. ICA further objects to the request on the ground that it seeks documents that contain private, confidential or proprietary information of ICA or other non-parties. ICA further objects to the request on the ground that the burden, expense and intrusiveness of the discovery outweighs the likelihood that the documents sought will lead to the discovery of relevant evidence. ICA further objects to the request on the ground that it seeks documents that are protected by the attorney-client privilege, attorney work product doctrine, or other privilege.

**REQUEST NO. 24:**

All DOCUMENTS that REFER OR RELATE to the existence, nature and extent of the authority or authorization of International Corporate Advisors, LLC,

1  Maria Bashaw, Patricia Wager or Juan Haraguchi to act on LEXINGTON's behalf.

2  **RESPONSE TO REQUEST NO. 24:**

3  　　　In addition to the general objections set forth above, ICA objects to this

4  request on the ground that it seeks documents that are not relevant or reasonably

5  calculated to lend to the discovery of admissible evidence.  ICA further objects to

6  the request on the ground that it is overly broad, unduly burdensome, and

7  oppressive.  ICA further objects to the request on the ground that it seeks

8  documents that contain private, confidential or proprietary information of ICA or

9  other non-parties.  ICA further objects to the request on the ground that the burden,

10  expense and intrusiveness of the discovery outweighs the likelihood that the

11  documents sought will lead to the discovery of relevant evidence.  ICA further

12  objects to the request on the ground that it seeks documents that are protected by

13  the attorney-client privilege, attorney work product doctrine, or other privilege.

14  **REQUEST NO. 25:**

15  　　　All DOCUMENTS that REFER OR RELATE to any lawsuit, litigation or

16  other dispute between Mattel, Inc. and LARIAN, including without limitation all

17  COMMUNICATIONS with LARIAN that REFER OR RELATE thereto and all

18  DOCUMENTS that REFER OR RELATE TO LEXINGTON's knowledge or

19  awareness thereof.

20  **RESPONSE TO REQUEST NO. 25:**

21  　　　In addition to the general objections set forth above, ICA objects to this

22  request on the ground that it seeks documents that are not relevant or reasonably

23  calculated to lend to the discovery of admissible evidence.  ICA further objects to

24  the request on the ground that it is overly broad, unduly burdensome, and

25  oppressive.  ICA further objects to the request on the ground that it seeks

26  documents that contain private, confidential or proprietary information of ICA or

27  other non-parties.  ICA further objects to the request on the ground that the burden,

28  expense and intrusiveness of the discovery outweighs the likelihood that the

1   documents sought will lead to the discovery of relevant evidence.  ICA further

2   objects to the request on the ground that it seeks documents that are protected by

3   the attorney-client privilege, attorney work product doctrine, or other privilege.

4   **REQUEST NO. 26:**

5       All DOCUMENTS that REFER OR RELATE to any fee and indemnity

6   agreements that REFER OR RELATE to LEXINGTON, SAMHOUI, LARIAN,

7   KADISHA, OMNI 808, VISION CAPITAL, NEMAN, MASHIAN, FARAHNIK,

8   Shirin Makabi or any PERSON listed in Request No. 15.

9   **RESPONSE TO REQUEST NO. 26:**

10      In addition to the general objections set forth above, ICA objects to this

11  request on the ground that it seeks documents that are not relevant or reasonably

12  calculated to lend to the discovery of admissible evidence.  ICA further objects to

13  the request on the ground that it is overly broad, unduly burdensome, and

14  oppressive.  ICA further objects to the request on the ground that it seeks

15  documents that contain private, confidential or proprietary information of ICA or

16  other non-parties.  ICA further objects to the request on the ground that the burden,

17  expense and intrusiveness of the discovery outweighs the likelihood that the

18  documents sought will lead to the discovery of relevant evidence.  ICA further

19  objects to the request on the ground that it seeks documents that are protected by

20  the attorney-client privilege, attorney work product doctrine, or other privilege.

21  **REQUEST NO. 27:**

22      All DOCUMENTS that REFER OR RELATE to any promised, proposed or

23  requested payments of fees that pertain in any manner to LEXINGTON.

24  **RESPONSE TO REQUEST NO. 27:**

25      In addition to the general objections set forth above, ICA objects to this

26  request on the ground that it seeks documents that are not relevant or reasonably

27  calculated to lend to the discovery of admissible evidence.  ICA further objects to

28  the request on the ground that it is overly broad, unduly burdensome, and

A/73286716.1                                    - 17 -

oppressive.  ICA further objects to the request on the ground that it seeks documents that contain private, confidential or proprietary information of ICA or other non-parties.  ICA further objects to the request on the ground that the burden, expense and intrusiveness of the discovery outweighs the likelihood that the documents sought will lead to the discovery of relevant evidence.  ICA further objects to the request on the ground that it seeks documents that are protected by the attorney-client privilege, attorney work product doctrine, or other privilege.

**REQUEST NO. 28:**

All DOCUMENTS that REFER OR RELATE to any fee and indemnity agreements that in any manner REFER OR RELATE to any actual or potential lawsuit, litigation or other dispute involving Mattel, Inc. or any payments or promised, proposed or requested payments of fees made by any PERSON in connection therewith.

**RESPONSE TO REQUEST NO. 28:**

In addition to the general objections set forth above, ICA objects to this request on the ground that it seeks documents that are not relevant or reasonably calculated to lend to the discovery of admissible evidence.  ICA further objects to the request on the ground that it is overly broad, unduly burdensome, and oppressive.  ICA further objects to the request on the ground that it seeks documents that contain private, confidential or proprietary information of ICA or other non-parties.  ICA further objects to the request on the ground that the burden, expense and intrusiveness of the discovery outweighs the likelihood that the documents sought will lead to the discovery of relevant evidence.  ICA further objects to the request on the ground that it seeks documents that are protected by the attorney-client privilege, attorney work product doctrine, or other privilege.

**REQUEST NO. 29:**

All DOCUMENTS that REFER OR RELATE TO any actual, contemplated, proposed or requested retention, destruction, secreting, hiding, spoliation,

shipment, return, transmission, transfer or movement of any DOCUMENTS sought in Request Nos. 1 through 28 above, inclusive.

**RESPONSE TO REQUEST NO. 29:**

In addition to the general objections set forth above, ICA objects to this request on the ground that it seeks documents that are not relevant or reasonably calculated to lend to the discovery of admissible evidence. ICA further objects to the request on the ground that it is overly broad, unduly burdensome, and oppressive. ICA further objects to the request on the ground that it seeks documents that contain private, confidential or proprietary information of ICA or other non-parties. ICA further objects to the request on the ground that the burden, expense and intrusiveness of the discovery outweighs the likelihood that the documents sought will lead to the discovery of relevant evidence. ICA further objects to the request on the ground that it seeks documents that are protected by the attorney-client privilege, attorney work product doctrine, or other privilege.

DATED:  February 5, 2010          Maria M. Bashaw, Inc.


By: _____
    Maria Maldonado-Bashaw
    Attorney for Non-Party
    INTERNATIONAL CORPORATE
    ADVISORS, LLC

A/73286716.1

- 19 -

<u>Mattel, Inc. a Delaware corporation v. MGA Entertainment, Inc., a California corporation et al.</u>
United States District Court Case No. CV04-9049 DOC (RNBx)

PROOF OF SERVICE
(C.C.P. Section 1013(a) and 2015.5)

I am a citizen of the Untied States over the age of eighteen years and not a party to or interested in the within entitled cause.  I am an employee of Maria M. Bashaw, Inc. and my business address is 1920 Main Street, Suite 1090, Irvine, CA 92614. I am readily familiar with the business practice for collection and processing correspondence.  On this date I caused to be served the following document(s):

OBJECTION TO SUBPOENA FOR DOCUMENTS TO INTERNATIONAL CORPORATE ADVISORS, LLC

___X___ **Mail**: by placing a true copy or the original thereof enclosed in a sealed envelope with first class postage thereon fully prepaid in the United States Post Office at Irvine, California, addressed as follows:

Michael T. Zeller, Esq.
Quinn Emanuel Urquhart Oliver & Hedges LLP
865 South Figueroa Street
10th Floor
Los Angeles, CA 90017

I am readily familiar with the practice for the collection and processing of mail at Maria M. Bashaw, Inc.  Under that practice those envelopes would be placed with the United States Postal Service on the date specified below with postage thereon fully prepaid at Irvine, California, in the ordinary course of business.  *I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  EXECUTED on February 8, 2010 at Irvine, California.

*Adelaida Mendez*
Addie Mendez, Declarant