UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>    Plaintiff(s),<br><br>    v.<br><br>MATTEL, INC.,<br><br>    Defendant(s). | CASE NO. CV 04-9049 DOC (RNBx)<br><br>**O R D E R REGARDING REQUEST FOR EXTENSION OF TIME AS TO DISCOVERY MATTER ORDER NOS. 89/91 AND AS TO THE COURT'S ORDER OF JANUARY 26, 2010** |

Before the Court is Mattel, Inc. ("Mattel")'s Request for Extension of Time as to Discovery Matter Order Nos. 89/91 and as to the Court's Order of January 26, 2010 (the "Motion"). After considering the moving and opposing papers, and for the reasons stated below, the Court hereby GRANTS IN PART AND DENIES IN PART the Motion.

**I.     Background**

On January 13, 2010, the Discovery Master issued Order No. 89, which in part compelled the production of documents responsive to certain Requests for Production (RFPs) propounded by MGA Entertainment, Inc. in 2005. On February 2, 2010, the Discovery Master issued a

related Order No. 91, which compelled the production of documents responsive to 27 RFPs not considered by Order No. 89. The Discovery Master required compliance within thirty (30) days of each order, such that compliance with Order No. 89 must be completed on or before February 12, 2010 and compliance with Order No. 91 must be completed on or before March 4, 2010.

Mattel challenges both Discovery Matter orders on grounds yet to be formally presented to the Court, but in footnote 1 to Mattel's Motion, Mattel suggests that its forthcoming objections will challenge the relevance of documents covered by Discovery Master Order Nos. 89/91. The parties apparently agreed, without filing a formal stipulation, that Mattel could consolidate its objections, if any, to both Discovery Matter Order Nos. 89 and 91 and file those objections within three days of the issuance of Discovery Matter Order No. 91.

The Court has previously instructed the parties and the Discovery Master that the parties would be afforded seventy two (72) hours within which to file objections to a Discovery Matter order. On February 4, 2010, the parties extended Mattel's deadline for filing objections to Order Nos. 89/91 to February 7, 2010. On February 7, 2010, the parties agreed to further extend Mattel's time to object to February 12, 2010. However, MGA Entertainment, Inc. and Isaac Larian (the "MGA Parties") conditioned the latter extension on Mattel agreeing to waive its right to file a motion for reconsideration with the Discovery Master. By their Opposition, the MGA Parties argue that they likewise did not intend for the former extension to encompass a motion to reconsider, in light of the fact that "[i]n the past when a motion for reconsideration has stayed the time for an appeal, such reconsideration motion has always been filed within the appeal period."

Mattel requests an extension, not conditioned on the waiver of its ability to file a motion to reconsider, on the grounds that its lead counsel, and one of its primary associate counsel, have both suffered severe personal hardship over the last several weeks.

**II.     Discussion**

Mattel's Motion is plainly reasonable in light of the prevailing understanding between the parties, as well as the parties' prior agreements with respect to the resolution and appeal of Discovery Matter Order Nos. 89/91. This Court is sympathetic to the situation of Mattel's lead

attorneys and has no reason to believe that these attorneys have been anything but diligent in complying with the Court's stringent discovery schedule to date. In addition, the MGA Parties have failed to demonstrate how a seven day delay – from February 5, 2010 to February 12, 2010 – will result in any prejudice. Indeed, this Court has previously accommodated the MGA Parties' counsel, when they encountered significant personal hardship.

However, the Court has not, and does not now, countenance some of the parties' agreements. For example, the parties never sought the Court's sanction prior to filing a motion to reconsider before the Discovery Master. Nor did the parties request that the 72 hour time period for filing an appeal be tolled by the filing of a motion to reconsider. Of utmost concern to the Court is the now apparent custom between the parties of neglecting to comply with a Discovery Matter order while a motion to reconsider and/or objections are pending.

Alone, each of these types of agreements attempts to exclude the Court from the discovery process (as the present dispute illustrates). When combined, they yield nonsensical results. In the instant circumstance, the Discovery Master clearly instructed Mattel to comply with Discovery Matter Order No. 89 on or before February 12, 2010. Yet, both parties agreed that Mattel could consolidate its objections to Discovery Matter Order Nos. 89/91, the latter of which was issued on February 2, just ten days before the deadline for compliance with the former. The agreement evidences either: (1) the parties' unreasonable expectation that the Discovery Master and the Court would resolve any objections within ten days; or (2) the parties' clear contemplation of non-compliance. As a result, the MGA Parties' declaration that they "want[] the documents," rings a little hollow. *See* Opp'n at 4.

There may be circumstances where a motion to reconsider is warranted. But the Discovery Master's consideration and resolution of any such motion to reconsider need not interfere with the timely filing of objections with this Court, especially where a delay would threaten compliance with a deadline imposed by a Discovery Matter order. In other words, the parties are free to expend resources, but may not subvert an order of the Court when doing so.

Against these concerns, the Court must balance two obvious facts. First, the present dispute is unique, as it involves the division of one dispute into two Discovery Matter orders. It

also involves a novel agreement between the parties (that was not filed with the Court) to permit consolidated objections to two orders. In most circumstances, the 72 hour window, even if extended for a reasonable period of time, would not interfere with the Discovery Master's customary 30 day deadlines. Second, compliance with a discovery order may be impracticable and result in an unfair and irreversible outcome when a meritorious objection and/or motion to reconsider is pending.

### III. Disposition

For the foregoing reasons, the Court hereby ORDERS as follows:

1. Mattel's Motion is GRANTED for equitable reasons insofar as it requests an extension until February 12, 2010 for the filing of a motion to reconsider with the Discovery Master;

2. Notwithstanding the status of the Discovery Master's resolution of any motion to reconsider Discovery Matter Order Nos. 89/91, Mattel shall file its objections (if any) to Discovery Matter Order Nos. 89/91 on or before February 18, 2010;

3. The Court hereby extends the deadline for compliance with Discovery Matter Order No. 89 from February 12, 2010 to February 22, 2010;

4. Mattel's Motion is GRANTED insofar as it seeks an extension until February 16, 2010 for the parties to complete compliance with the Court's January 26, 2010 Order Regarding Discovery Matters.

IT IS SO ORDERED.

DATED: February 10, 2010

_____
DAVID O. CARTER
United States District Judge

4