MELINDA HAAG (State Bar No. 132612)
mhaag@orrick.com
ANNETTE L. HURST (State Bar No. 148738)
ahurst@orrick.com
WARRINGTON S. PARKER III (State Bar No. 148003)
wparker@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building, 405 Howard Street
San Francisco, CA 94105
Tel. (415) 773-5700/ Fax: (415) 773-5759

WILLIAM A. MOLINSKI (State Bar No. 145186)
wmolinski@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA  90017
Tel. (213) 629-2020/Fax: (213) 612-2499

THOMAS S. McCONVILLE (State Bar No. 155905)
tmcconville@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
4 Park Plaza, Suite 1600
Irvine, CA 92614-2258
Tel: (949) 567-6700/Fax: (949) 567-6710

Attorneys for MGA Parties

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | Case No.  CV 04-9049-DOC (RNBx)<br><br>Consolidated with:<br>Case No. CV 04-9059<br>Case No. CV 05-2727<br><br><u>Hon. David O. Carter</u><br><br>**EX PARTE APPLICATION FOR STAY OF RESPONSE TO REQUESTS FOR ADMISSION THAT IMPLICATE ATTORNEY-CLIENT PRIVILEGE AND WORK PRODUCT DOCTRINE PENDING RESOLUTION OF THE MGA PARTIES' OBJECTIONS TO DISCOVERY MASTER ORDER NO. 90** |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that MGA Entertainment, Inc., MGA Entertainment (HK) Limited, and Isaac Larian (collectively, the "MGA Parties"), respectfully submit this *ex parte* application seeking a stay of Discovery Master Order No. 90, Dkt. No. 7448, pending resolution of MGA's and Mr. Larian's Objections to that Order, filed and personally served within 48 hours of the issuance of the Order.  The hearing on the Objection is set for March 1, 2010, the earliest possible hearing date under the notice requirements of the Local Rules.  Absent a stay, however, Mr. Larian's and MGA's responses are due on February 16, 2010, because Order No. 90 compels Mr. Larian and MGA to respond within 20 days of January 27, 2010, the date of Order No. 90.

Discovery Order No. 90 compels MGA and Mr. Larian to respond to Requests for Admission that concern a document withheld by prior counsel as privileged.  The RFAs inquire into, among other things, the basis for withholding that document and therefore implicate the attorney-client privilege and work product doctrine.  Requiring a response to these RFAs prior to resolution of MGA's and Mr. Larian's Objections will prejudice them in that it requires the disclosure of attorney-client communications and work product and that prejudice cannot be undone.

Pursuant to Local Rule 7-19.1, counsel for the MGA Parties gave notice of this Application to counsel for Mattel on February 11, 2009.  Counsel for Mattel, Inc. includes B. Dylan Proctor of Quinn, Emanuel, Urquhart, Oliver & Hedges, LLP (telephone: 213-443-3000; address: 865 South Figueroa Street, 10th Floor, Los Angeles, CA 90017).

Dated:    February 11, 2010          ORRICK, HERRINGTON & SUTCLIFFE LLP


By:      /s/ *Warrington S. Parker III*
          Warrington S. Parker III
          Attorneys for MGA Parties

EX PARTE APPLICATION FOR STAY OF DISCOVERY MASTER ORDER NO. 90

# INTRODUCTION

On January 29, 2010, within 48 hours of the issuance of Discovery Master Order No. 90, MGA and Mr. Larian filed their Objections to that Order.  Dkt. No. 7473. The hearing on those Objections is set for March 1, 2010, the earliest possible date the Objections could be noticed consistent with this Court's Local Rules.  However, without a stay, MGA and Mr. Larian will have to respond to the Requests for Admission at issue in Order No. 90 (a response is ordered by February 16, 2010) before resolution of their Objections, negating the purpose of the Objections and prejudicing MGA and Mr. Larian.

A stay is particularly appropriate in this instance because the RFAs at issue implicate and intrude on the attorney-client privilege and work product doctrine. The RFAs all relate to a discovery decision made by prior outside counsel to MGA and Mr. Larian.  Prior outside counsel for MGA and Mr. Larian made the determination that a document should be withheld as privileged and they logged it on a privilege log as such.  This decision was the subject of an Order to Show Cause by Judge Larson directed to the attorneys who made the decision to withhold the document as privileged.  Dkt No. 7422 (Parker Decl.) Ex. 1.  As reflected in Judge Larson's findings, the attorney responsible for withholding the document admitted that he made the decision to place the document on a privilege log. Dkt. No. 6544 (Parker Decl.) Ex. 3 (9/22/09 Tr.) at 5, 8. And Judge Larson discharged the OSC.  Dkt. No. 6544 (Parker Decl.) Ex. 4.

Now, Mattel is asking MGA and Mr. Larian to admit or deny, among other things, that they withheld the document as privileged and as protected by the work product doctrine. Mattel is even asking Mr. Larian and MGA to admit or deny a decision they never made—whether the document at issue is protected by the attorney-client privilege and work product doctrine.  In Order No. 90, the Discovery Master incorrectly found that Mattel was entitled to this discovery.

1        Not only is this irrelevant, but as Judge Larson found, the decision to place

2    the document on the privilege log is "all wrapped up in legal advice . . . ."  Dkt. No.

3    6544 (Parker Decl.) Ex. 3 (9/22/09 Tr.) at 6.  And therefore, at stake in any

4    response is the attorney-client privilege of MGA and Mr. Larian. Without a stay,

5    Mr. Larian and MGA will be required to respond and the prejudice cannot be

6    undone.

7        For these reasons, a stay is appropriate.

8    **STATEMENT OF FACTS**

9        **A.**    <u>**Counsel for MGA Produces The Document at Issue.**</u>

10       On August 21, 2009, current counsel for MGA made the determination to

11   produce what Mattel has called the "Larian-O'Connor" e-mail.  The "Larian-

12   O'Connor e-mail" is comprised of 10 e-mails.  Three of those e-mails are e-mails

13   between Victoria O'Connor and Isaac Larian.  At trial, Mattel used a document

14   containing eight of the e-mails, including an e-mail between Mr. Larian and

15   Victoria O'Connor.  Trial Ex. 11907; 6/5/08 Trial Tr. 1647-50.  MGA's litigation

16   counsel withheld as privileged two e-mails appearing in the "Larian-O'Connor" e-

17   mail—one from Victoria O'Connor and a response by Isaac Larian.  They appear as

18   the first two e-mails in the document attached to Mattel's RFAs.  Dkt. 6544 (Parker

19   Decl.) Ex. 2.  These two e-mails were withheld by prior counsel as privileged and

20   identified on a privilege log in two places, once as Entry No. 557.  *Id.* at ¶ 3.

21       **B.**    <u>**The Court Issues An Order Directed To Counsel.**</u>

22       Following the production of the e-mail, on August 31, 2009, the District

23   Court entered an order to show cause directed to the lawyers for the MGA Parties.

24   In the Court's words, "[t]he focus of the Court's inquiry is on attorney's conduct . .

25   . ."  Dkt. No. 6544 ( Parker Decl.) Ex. 1 (8/31/09 Order) at 4.  The Court issued the

26   order "as it implicates the duty of the Court to oversee the conduct of the *lawyers*

27   who appear before it . . . ."  *Id.* at 3 (emphasis added).  The Order by its terms

28

required a specified set of counsel to respond.  *Id.* at 3 n. 2.  The Order did not require the MGA Parties themselves to respond.

In response, past and present counsel for MGA submitted declarations to the Court.  With the exception of the Declaration of Annette L. Hurst, Dkt. No. 6697, all of these declarations were submitted *in camera* in recognition of the privileged nature of the information the declarations contained.  *See* Notice of *In Camera* Submission, Dkt. No. 6674. (Declarations of Thomas Nolan, Jose Allen, and Kenneth Plevan).

**C.**     **The Court Discharges The Order, Finds That The Production Was Not Strategically Timed, Concludes That Counsel Made the Decision to Withhold the Document, And Acknowledges That The Decision To Withhold Implicates The Attorney-Client Privilege.**

Based on the submission of counsel in response to its August 31 Order, the District Court discharged its order to show cause.  Dkt. No. 6544 (Parker Decl.) Ex. 4.

At the hearing on the Order to Show Cause, the District Court recognized that the information provided was protected by the attorney-client privilege and work product doctrine and that the decision whether or not to produce the document at issue implicated the attorney-client privilege and work product doctrine.  Dkt. No. 6544 (Parker Decl.) Ex. 3 (9/22/09 Tr.) at 5.  Responding to Mattel's request that it be allowed access to the documents submitted to the Court in response to its August 31 Order, the Court denied the request stating that "[t]he concern in doing so is that there is attorney-client information and work product wrapped up within those documents."  *Id.*  The Court continued, "[i]t's very difficult for the Court to balance the legitimate concerns that Mattel has to make sure that the adversarial process is applied to this particular issue, while at the same time maintaining the attorney-client privilege."  *Id.*  Therefore, the Court did not provide or reveal fully the information submitted because the Court concluded that the proper balance was

to "[err] on the side of maintaining the attorney-client privilege and trust to my own resources to apply the adversarial process." *Id*.

What the Court found was that counsel made the decision to place the document at issue on the privilege log.  The Court stated this finding twice.  The Court first stated, "Mr. Nolan,  in assuming responsibility for placing this document on the attorney-client privilege log, has also clearly articulated for the Court the basis, the thought process that *he used*, in making that decision." *Id*. at 6 (emphasis added).  The Court then discharged the order as to everybody, "but specifically by inference at [sic] the person who's responsible for placing that on the attorney privilege log, Mr. Nolan, the Court finds that based on the information before it today, that order to show cause is satisfied." *Id*. at 8.

## D. Mattel's Requests For Admission.

Although Judge Larson clearly framed the issue presented in his Order to Show Cause as a discovery decision made by counsel, Mattel served Requests for Admission on Isaac Larian and MGA concerning the production of the e-mail and its placement on the privilege log.  These requests ask Isaac Larian and MGA to admit or deny, among other things, the following:

- That the document was not produced prior to the Phase 1 trial (MGA RFA No. 1);[1]

- That Larian and MGA knew the document was not produced (MGA RFA No. 4; Larian RFA Nos. 4, 28);

- That Larian and MGA withheld the document on attorney-client privilege and work product grounds (MGA RFA Nos. 6-7, 31-32; Larian RFA Nos. 6-7, 34-35);

- That Larian and MGA knew the document was relevant (MGA RFA No. 5; Larian RFA No. 5);

---

[1] The Requests for Admission and Mr. Larian and MGA's responses are set forth in full in Dkt Nos. 7424, 7425, 7426.

- That the document was or was not protected by the attorney-client privilege and work product doctrine, or alternatively stated, that there was never a basis for the assertion of the privilege or doctrine (MGA RFA Nos. 8-17, 33-38; Larian RFA Nos. 8-17, 36-41);
- That the document reflects legal advice and that Larian believed it reflected legal advice (MGA RFA Nos. 18-22; Larian RFA Nos. 18-19, 20-22);
- That Larian and MGA "stated" that the document was protected by the attorney-client privilege and work product doctrine (MGA RFA Nos. 21-22; Larian RFA Nos. 24-25); and
- That all versions of the document had been produced (MGA RFA Nos. 39-42; Larian RFA Nos. 42-45).

MGA and Mr. Larian responded to these Requests to the extent possible without waiving the attorney-client privilege and work product doctrine and consistent with Fed. R. Civ. P. 36(4). *See* MGA RFA Nos. 1, 6-7, 31-32, 39-42; Larian RFA Nos. 6-7, 34-35, 42-45.

**E.    Order No. 90 Requires MGA And Mr. Larian To Respond By February 16, 2010**

Discovery Master Order No. 90 issued on January 27, 2010.  Dkt. No. 7448 (Order No. 90).  Without a stay, MGA and Mr. Larian are required to respond to the RFAs by February 16, 2010.

**ARGUMENT**

**I.    GIVEN THAT THE ATTORNEY-CLIENT PRIVILEGE IS AT ISSUE A STAY IS APPROPRIATE, PARTICULARLY WHERE THERE IS NO PREJUDICE TO MATTEL AND FAILURE TO GRANT A STAY WILL RESULT IN PREJUDICE TO MGA AND MR. LARIAN.**

A stay is appropriate so that MGA and Mr. Larian are not placed in the position of having to divulge privileged information before this Court has had an opportunity to address their Objections.  As courts in similar situations have found, under such circumstances a stay is the appropriate relief.  A party should be allowed

1   to fully seek redress when at issue is a claim that the attorney-client privilege is at
2   issue.  *See, e.g., Weirton Steel Corp. Liquidating Trust v. Zurich Specialties*
3   *London, Ltd.,* 2009 WL 357888 *3 (N.D. W. Va. Feb. 12, 2009) (staying order of
4   Magistrate Judge requiring production of documents claimed to be protected by
5   attorney-client privilege); *Srebnik v. Dean*, 2006 WL 1041788 *1-2 (D. Colo. Apr.
6   19, 2006) (staying compliance with Magistrate Judge's discovery order given that
7   attorney-client privilege concerns at issue).
8           Furthermore, there can be no prejudice to Mattel by requiring it to await
9   decision by this Court of MGA's and Mr. Larian's Objections which are set to be
10  heard on March 1, 2010.  Discovery will not have been completed in this case.  On
11  the other hand, MGA and Mr. Larian will be irreparably harmed should this Court
12  affirm following responses to the RFAs that their attorney-client privilege is at
13  stake.

## CONCLUSION

15          For the foregoing reasons, MGA and Mr. Larian request a stay of Order No.
16  90 pending resolution of their Objections to that Order.
17
18  Dated:      February 11, 2010         ORRICK, HERRINGTON & SUTCLIFFE LLP
19
20                                        By:      */s/ Warrington S. Parker III*
                                                   Warrington S. Parker III
21                                                 Attorneys for MGA Parties
22
23
24
25
26
27
28