QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  (johnquinn@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:  (213) 443-3000
Facsimile:  (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>MGA ENTERTAINMENT, INC., a California corporation, et al.,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 DOC (RNBx)<br>Consolidated with<br>Case No. CV 04-09039<br>Case No. CV 05-02727<br><br>Hon. David O. Carter<br><br>MATTEL, INC.'S LISTING OF CERTAIN DISCOVERY DISPUTES<br><br>Hearing Date:     TBD<br>Time:     TBD<br>Place:     TBD<br><br>**Phase 2**<br><br>Discovery Cutoff:     TBD<br>Pre-trial Conference:     TBD<br>Trial:     TBD |

1    Pursuant to the Court's instruction, Mattel hereby submits the following list of
2    certain discovery disputes for which it requests the Court's assistance. The list below is
3    not intended to present the arguments relating to the disputes or to be comprehensive,
4    but instead to enable the Court to determine whether it wishes briefing, oral argument,
5    or both on a particular issue. For those issues that the Court wishes briefing, Mattel
6    will promptly meet and confer in an effort to arrange for stipulated briefing schedules.

7    **1.    MGA 30(b)(6) Witnesses.**  MGA has failed to provide a single 30(b)(6)
8    witness -- or even offer a date for any 30(b)(6) witness. The Court made clear
9    beginning in November and since then that it expects this critical deposition to proceed.
10   MGA should be ordered to provide its Rule 30(b)(6) witnesses without further delay.[1]

11   **2.    MGA Mexico 30(b)(6) Issues.**

12   **a.**    On December 17, 2009, the Court ordered MGA Mexico to produce
13   a witness to explain, among other things, how the Mattel trade secret documents that
14   were in MGA Mexico's offices got there. MGA Mexico still has not done so. MGA
15   Mexico should again be ordered to produce a properly educated witness on these issues.

16   **b.**    At the December 17, 2009 hearing, Mattel also sought, and MGA
17   Mexico agreed in open court to produce, a 30(b)(6) witness to testify on its document
18   listing inventory of Mattel trade secrets found and seized at MGA Mexico's offices.
19   Nevertheless, when the witness appeared, he testified that he had never reviewed the
20   document, and MGA Mexico asserted privilege over it and demanded that Mattel
21   destroy all copies of it.  This inventory document contains no privileged
22   communications. MGA Mexico should be ordered to re-produce it to Mattel and to

23

24   _____

25   [1]    Specifically, Mattel has asked for, and MGA should be compelled to provide,
     30(b)(6) witnesses in response to specified topics from Mattel's prior notices, including
26   Mattel's Fourth 30(b)(6) notice, served January 9, 2008, as well as Mattel's Phase 2
     30(b)(6) Notice, served on January 26, 2010. Under prior rulings in the case obtained
27   by MGA, MGA's failure to produce a witness or move for a protective order with
     respect to these Notices constituted a waiver of its objections, if any, to them.
28

1    provide a knowledgeable witness to address it.

2    **3.   Larian Deposition**.  As the Court has noted, there have been "problems"

3    with Larian's deposition conduct.  For multiple reasons, Mattel requires more time to

4    fully examine Larian, but he refuses.  Among other things, his most recent sessions

5    included outbursts by Larian that resulted in sanctions warnings by the Discovery

6    Master.[2]  He also sought to evade providing testimony with worthless answers, such as

7    by answering "I can't recall as I sit here now" or variants over 120 times.  Larian is also

8    on numerous key documents as to which his testimony is required.[3]

9    **4.   Moinian Deposition.**  Joseph Moinian owns an Omni 808 member.

10   Documents show that Isaac Larian, contrary to Larian's denials, funneled or tried to

11   funnel money for the Wachovia debt purchase through him.  Although Mr. Moinian's

12   counsel (who is paid by MGA) had promised the Court on January 7, 2010 to provide

13   deposition dates, no dates have been forthcoming.

14   **5.   Machado and Trueba Fifth Amendment Invocations**.  Although the

15   Court previously ruled that Gustavo Machado had no basis for invoking the Fifth

16   Amendment, he nevertheless continues to refuse to answer questions at deposition on

17   that basis.  Marianna Trueba likewise continues to invoke the Fifth Amendment to

18   refuse to answer questions at deposition.  The Court should compel them both to testify

19   without resort to the Fifth Amendment.

20   **6.   Phase 2 Interrogatories**.  As the Court is aware, Mattel served two sets of

21   Interrogatories that Larian refuses to answer.  The Discovery Master ordered Larian to

22

23   [2]   During many deposition days, Larian was on the record less than 7 hours (and

24   sometimes less than 6 hours).  Of course, Larian's actual testimony time was even less.

25   [3]   Further, at his deposition, Larian made for the first time "emotional distress"

26   claims.  While MGA has agreed that it will not rely on this for damages, it refuses to

     stipulate that it will not seek to introduce it as evidence.  Mattel thus requires a ruling

27   either that Larian's "emotional distress" claim is inadmissible or else that Larian must

     produce his psychiatric records and other documents relevant to his purported

28   "emotional distress" and submit himself to full examination as to his mental state.

answer Mattel's First Set of Phase 2 Interrogatories (served nearly a year ago) by September 3, 2009.  While he objected that Order, he never sought a stay of its requirements.  As the Court's recent rulings confirm, MGA has thus been in violation of the Order for months.  Mattel believes the appropriate way to proceed on this violation is by OSC.

In addition, Larian and MGA should be compelled to fully answer Mattel's First Set of Interrogatories (Phase 2), served September 11, 2009, in response to which the MGA Parties provided almost no information.  As directed by the Court, Mattel asked Larian about these subjects at deposition, and he did not provide substantive information in his answers.

**7.     Documents Showing The Source Of The $49 Million In Funding.** MGA and the Omni Parties are still withholding documents relating to the sources of funding of Omni 808 and its members for the Wachovia debt acquisition.  Indeed, despite multiple discussions with the Court and Mattel, they have produced virtually nothing.  Larian recently admitted at deposition to providing funding of Leon Farahnik (while denying that it was for Omni 808 or its members and claiming he could not remember their amounts or timing), but such documents remain unproduced.  Likewise, although at the Court's direction Mattel provided a list to Omni 808's counsel (who is paid by MGA) of the documents it seeks related to funding, nothing further has been produced by the Omni Parties.

**8.     Documents Collected By Forensic Auditor.**  As previously discussed with the Court, the forensic auditor, Ronald Durkin, collected financial information from the MGA Parties, including information never produced by them.  Mr. Durkin still has those materials, and Mattel requests that it be given access to them.

**9.     Core MGA Financial Documents.**  Patrick Ma, MGA Hong Kong's Vice President of Finance, testified that MGA HK, a named defendant, has regularly prepared a panoply of financial documents that have not been produced, despite prior Orders.  These include financial reports prepared by auditors and related materials for

MATTEL'S LISTING OF CERTAIN DISCOVERY DISPUTES

several years. John Woolard, MGA's Interim CFO at various times, similarly testified that MGA generates financial documents that have been compelled but not produced.

**10. Indemnification and Fee Agreements.** MGA has failed to produce indemnification and fee agreements with key witnesses and related documents. Ron Brawer, for example, testified that he has indemnification agreements and documents relating to his financial arrangements with MGA. Although previously compelled, these documents have never been produced.

**11. Legal Fees for the Omni Parties.** Discovery Master Order No. 83 compelled Bingham, which represents the Omni Parties, to produce all non-privileged documents relating to its fee agreements, among other topics. Bingham's production is plainly incomplete. In addition, the MGA Parties should be ordered to produce documents pertaining to the fee arrangements with the Omni Parties and Bingham.

**12. Other Document Deficiencies.** Recent depositions, as well as other evidence, shows that the MGA Parties have failed to produce key documents, including in violation of prior Orders requiring their production. For example:

• Larian appears to be withholding transcripts of his depositions in other cases, despite prior Orders requiring him to produce them.

• Mattel's Fourth Set of RFPs (Phase 2) request information related to MGA's abandonment and destruction of the Bratz brand, which is relevant to damages issues, among other things. MGA provided nothing but objections in response.

• Despite prior Orders and their obvious relevance, MGA refuses to produce to Mattel the products it has alleged Mattel unfairly competed with or infringed upon.

• MGA refuses to produce sufficiently detailed financial information, including such information relating to sales and licensing of Bratz products and market share, that is necessary for damages analysis, with respect to both Mattel's claims and MGA's own claims.

• Order No. 52 required MGA Mexico to identify by Bates numbers which documents in the MGA Parties' undifferentiated production came from its files. The

1  list it then provided, however, included Bates numbers of documents that were never

2  produced by either MGA or MGA Mexico.  Despite Mattel's requests, the MGA Parties

3  have never produced these documents or clarified which documents came from MGA

4  Mexico's files.

5       **13.**   **Requests for Admission on Trade Secrets**.  MGA Mexico has failed to

6  provide responsive answers to RFAs related to the Mattel documents discovered in the

7  Mexican authorities' search of MGA Mexico.  For example, MGA Mexico has refused

8  to either admit or deny whether the Mattel documents were ever in the possession of

9  Gustavo Machado, Mariana Trueba, or Pablo Vargas.  MGA Mexico has also refused to

10  either admit or deny that MGA did not author or prepare the Mattel documents.

11       **14.**   **Electronic Discovery Compliance.**  In his January 21, 2010 Report and

12  Recommendation, Judge Smith concluded that Larian's hard drives should be made

13  available for analysis by either Mattel's outside forensic consultants or by the Court's

14  consultants to discover any relevant material and/or evidence of spoliation.  The MGA

15  Parties have objected, but have not sought a stay.  As a result, the Court should enter

16  the Report and Recommendation as an Order and direct the analysis to proceed.

17       In addition, Judge Smith's Report and Recommendation requires MGA to

18  produce or make available other critical electronic information, including readily

19  accessed and searchable MGA email that it has refused to search.  MGA has not

20  objected to the Order except as to the Larian hard drives, yet it fails to comply.

21  Accordingly, Mattel requests that the Court enter an Order on the Report and

22  Recommendation requiring MGA's compliance.

23  DATED: February 11, 2010     QUINN EMANUEL URQUHART OLIVER &
          HEDGES. LLP

24

25          By /s/ Michael T. Zeller

26           Michael T. Zeller

27

28