MELINDA HAAG (State Bar No. 132612)
mhaag@orrick.com
ANNETTE L. HURST (State Bar No. 148738)
ahurst@orrick.com
WARRINGTON S. PARKER III (State Bar No. 148003)
wparker@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
405 Howard Street
San Francisco, CA  94105-2669
Tel: (415) 773-5700/Fax: (415) 773-5759

WILLIAM A. MOLINSKI (State Bar No. 145186)
wmolinski@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA  90017
Tel. (213) 629-2020/Fax: (213) 612-2499

THOMAS S. MCCONVILLE (State Bar No. 155905)
tmcconville@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
4 Park Plaza, Suite 1600
Irvine, CA 92614-2258
Tel: (949) 567-6700/Fax: (949) 567-6710

Attorneys for MGA Parties

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>MGA ENTERTAINMENT, INC., a California corporation, et al.,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | Case No.  CV 04-9049 DOC (RNBx)<br>Consolidated with:<br>Case Nos. CV 04-9059 & CV 05-2727<br><br>**MGA'S LIST OF CERTAIN OUTSTANDING  ISSUES** |

1    The MGA Parties submit a proposed schedule associated with this litigation.

2   In addition, the MGA Parties also provide the Court with a list of discrete issues

3   associated with depositions, which exist at this time.  If the Court seeks briefing or

4   a hearing on any of the issues identified in this filing, or any other information, the

5   MGA Parties are prepared to respond.

6    Proposed pre-trial schedule.  To date, the parties and the Court have

7   discussed scheduling.  The pending appeal before the 9th Circuit has made

8   scheduling difficult.  The MGA Parties propose the following schedule to govern

9   this case:

| | |
|---|---|
| Deadline to seek amendment of pleadings | March 5, 2010 |
| Last day to serve final round of document requests | March 15, 2010 |
| Hearing on any objections to all outstanding documents requests and/or motion for protective order | April 1, 2010 |
| Deadline for production of all responsive documents to which no objection has been sustained or protective order granted | April 26, 2010 |
| Close of fact discovery | May 21, 2010 |
| Initial Expert Reports | May 28, 2010 |
| Rebuttal Expert Reports | June 18, 2010 |
| Close of Expert Discovery | July 2, 2010 |
| Last Day to File Summary Judgment Briefs | July 23, 2010 |
| Trial Commences | September 20, 2010 |

    Eckert documents.  As the Court ordered on January 26, 2010, Mattel must

produce documents identified by Mr. Eckert at his prior deposition a week in

advance of his next deposition date, namely February 22, 2010.  On February 1,

2010, MGA sent Mattel a list of documents identified by Mr. Eckert at his

deposition, including transcript citations.  That list is attached as Exhibit A.  On

February 8, 2010, Mattel responded by saying it would not provide the documents,

as Mr. Eckert had not specifically identified them, but rather had only referenced

them.  Mattel's letter is at Exhibit B.  Mattel should be ordered (again) to provide to

MGA by February 15, 2010 all non-privileged documents about which Mr. Eckert

testified, as listed in Exhibit A.

MGA'S LIST OF OUTSTANDING ISSUES
CV 04-9049 DOC (RNBx)

1         <u>Deposition scheduling—Michael Moore.</u>    Michael Moore is an in-house

2    counsel at Mattel.  Mr. Moore was on MGA's original list of deponents from

3    November 2009, and has been on calendar for his deposition to start on February

4    12, 2010  (namely, tomorrow) since the Status Report filed on December 11, 2009

5    (Docket No. 7357).  MGA notified Mattel that Mr. Moore's deposition will last

6    multiple days, and Mattel agreed that Mr. Moore would be available on February 12

7    and February 13.  Yesterday, February 10, 2010, MGA notified Mattel that its good

8    faith estimate was that Mr. Moore's deposition would likely take 3 days, and

9    offered to do the third day on Sunday, February 14 or a later day that works for the

10   parties.  In response, Mattel said it would not make Mr. Moore available starting

11   February 12.  Each side had taken depositions over non-consecutive days.  MGA

12   seeks an order compelling Mr. Moore to attend his deposition starting tomorrow,

13   Friday February 12 and continuing to Saturday February 13, with the understanding

14   that any additional days will be worked out by the parties.  In the alternative, Mr.

15   Moore's deposition should be ordered to take place on consecutive days, starting

16   next Wednesday, February 17, 2010.

17        <u>Deposition scheduling—Matthew Bousquette</u>.  Matthew Bousquette has only

18   been offered by Mattel for testimony on February 25, 2010 in Illinois.  Mr.

19   Bousquette is Mattel's former President of Mattel Brands.  Mattel is paying his legal

20   fees.  As the Court has directed,  depositions, to the extent possible, should take

21   place in Santa Ana.  MGA requests that Mr. Bousquette be ordered to appear for

22   deposition in Santa Ana on a date agreeable to both sides.

23        <u>Vargas/Mattel settlement</u>.  As has already been briefed to the Court (Docket

24   Nos. 7413, 7441, 7460), MGA requests an order compelling Mattel to provide

25   information related to its settlement discussions with Pablo Vargas in Mexico.

26   MGA needs this information before the continued deposition of Francisco Tiburcio

27   on March 2, 2010.

28        <u>Mattel's Phase II Document Production</u>.  Mattel has failed to produce

- 3 -

MGA'S LIST OF OUTSTANDING  ISSUES
CV 04-9049 DOC (RNBx)

1   documents timely, thereby prejudicing MGA's ability to complete deposition

2   discovery, requiring additional deposition days, and interfering with its trial

3   preparation efforts.  During Phase II of this case, Mattel has produced a paltry

4   15,000 pages of documents compared to MGA's production of nearly 775,000

5   pages – a *50 fold difference*.  Mattel's failure to produce documents not only

6   violates its discovery obligations, including Orders of this Court, but more

7   prejudices MGA's ability to take a complete deposition and undermines MGA's

8   ability – and time – to prepare for trial.  MGA seeks an order that Mattel be

9   required to produce all non-privileged responsive documents to outstanding

10  discovery requests by February 16, 2010.

11          Deposition length—Patrick Ma.  Patrick Ma, from MGA Hong Kong,

12  appeared for a deposition on February 4.  The good faith estimate provided by

13  Mattel was 2 days of testimony.  (Mattel and MGA both agree that good faith

14  estimates of length are not binding.)  At the conclusion of 2 days of testimony,

15  Mattel still had not completed the deposition.  Mr. Ma remained, and testified for a

16  3rd day—ultimately providing testimony on the record over those 3 days for

17  approximately 27 hours.  At the conclusion of the 3rd day, and to permit Mr. Ma to

18  make his flight back to Hong Kong, the deposition ended, with Mattel taking the

19  position that it needed him for additional testimony.  MGA did not agree to bring

20  him back, and said it would raise the issue with the Court.  No good cause exists for

21  Mattel to further question Mr. Ma.  MGA requests that Mr. Ma be excused from

22  returning from Hong Kong for any additional deposition testimony.

23          Mattel's notices for an MGA Entertainment's 30(b)(6).  Mattel has issued

24  multiple notices for an MGA Entertainment 30(b)(6) witness that covers in excess

25  of 125 topics.  MGA filed for a protective order when the first notice came out prior

26  to the Phase 1 trial.  Once Phase 2 discovery was stayed prior to the Phase 1 trial,

27  MGA's motion for a protective order, as it relates to the Phase 2 topics, was taken

28  off calendar, and has not been ruled upon.  Certain of the topics are tremendously

MGA'S LIST OF OUTSTANDING ISSUES
CV 04-9049 DOC (RNBx)

1    overbroad and burdensome.  Other topics have already been covered in deposition

2    by persons at MGA Entertainment most knowledgeable.  In practical terms,

3    assuming an hour per topic for testimony, then 125 topics will take literally weeks

4    to complete.  That time for testimony does not include the weeks required to

5    prepare witnesses to testify on the multitude of topics.  MGA seeks reasonable

6    limitations.  The Court should order Mattel to limit its requests to topics related to

7    issues in the case.

8         Angela Larian's Deposition.  Mattel listed Angela Larian on its list of 25

9    deponents provided to the Court in November 2009.  Mattel stated that Ms. Larian

10   was relevant to Isaac Larian's net worth.  Since that time, Isaac Larian has been

11   deposed for 5 days, and has been questioned concerning his net worth.  In addition,

12   Mr. Larian and MGA have produced reams of information concerning net worth,

13   most recently as February 9, 2010 in response to this Court's January 26, 2010

14   order.  Further, Mattel has included in its list of over 125 topics to be addressed by

15   MGA Entertainment's 30(b)(6) witness a request for a testimony concerning MGA's

16   net worth.  At this time, Ms. Larian's deposition is irrelevant, duplicative, and

17   harassing.  Unless and until Mattel can make an adequate showing to the Court that

18   Ms. Larian's deposition is necessary, then Ms. Larian should not be forced to sit for

19   a deposition.

20                                    *       *       *

21        MGA has not seen the list of topics which Mattel is submitting.  MGA is

22   prepared to meet and confer with Mattel concerning issues that may be amenable to

23   resolution without Court intervention.

24   Dated: February 11, 2010            ORRICK, HERRINGTON & SUTCLIFFE LLP

25

26                                        By: ___ /s/ Thomas S. McConville ___
27                                              Thomas S. McConville
                                                Attorneys for MGA Parties
28

MGA'S LIST OF OUTSTANDING ISSUES
                                                       CV 04-9049 DOC (RNBx)