Hon. James L. Smith (Ret.)
JAMS
500 N. State College Blvd.
Suite 600
Orange, CA 92868
Telephone: (714) 939-1900
Fax: (714) 939-8710

FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

FEB 1 0 2010

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC. A Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>MGA ENTERTAINMENT, INC., A California corporation, et al.,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | Case No. CV 04-9049 DOC (RNBx)<br><br>Consolidated with Case Nos. CV 04-09059 and CV 05-02727<br><br>REPORT AND RECOMMENDATION<br><br>OF ELECTRONIC DISCOVERY<br><br>SPECIAL MASTER<br><br>(02/04/10)<br><br>AND ORDER |

The undersigned having been appointed Special Master for Electronic Discovery conducted a hearing (Hearing) regarding pending e-discovery disputes on February 3, 2010. Appearing on behalf of MGA Entertainment, Inc. (MGA) was Warrington S. Parker III, Esq., of

1

1   Orrick, Herrington & Sutcliffe LLP.  Appearing on behalf of Mattel, Inc. (Mattel) was Susan
2   Estrich, Esq., of Quinn Emanuel Urquhart Oliver & Hedges, LLP.  The following e-discovery
3   issue was addressed:

5   MGA  MOTION TO COMPEL PRODUCTION OF ELECTRONICALLY STORED
6   INFORMATION FOR E-MAIL

8       Having considered the submissions of the parties the Special Master submits the
9   following report and recommended court order.

## REPORT

This motion addresses several paper documents produced in discovery by Mattel.  The documents appear to be hard-copies of e-mails and have been Bates Number identified as M0074400, M007408, M0074409, M0074410 and M0074931.  After the pending motion was filed, but before the time of the hearing, document M0074400 (Produced Document) was produced by Mattel.  The remaining documents (collectively "Documents") are the subject of this report and recommendation.  MGA seeks an order compelling production of the electronic version of the Documents in their native format or some other format that contains relevant metadata.

Although the parties briefed a number of issues relating to the discovery relevancy of the requested electronic versions of the Documents, the central issue appears to be their availability for production at this time.  Mattel contends the Documents no longer exist in electronic format and therefore cannot be produced.  This inability is the result of the application of a document destruction policy implemented by Matter that destroyed the Documents prior to the triggering of Mattel's duty to preserve.  While all of the documents identified in MGA's motion predated Mattel's duty to preserve electronically stored information, one of them, the Produced Document, was nonetheless produced in electronic format.  There are a number of possible explanations for this circumstance.  E-mail is ubiquitous, and once received electronically on a

1  user's computer it will generally remain there until steps are taken to delete it; steps which are
2  sometimes successful and sometimes not.  Under such circumstances even though an e-mail
3  may be deleted from the electronic storage media used by Mattel to archives or store its e-mail,
4  it does not necessary follow that the e-mail was also deleted from all of the other storage media
5  contained in the computers used by the various recipients of the e-mail. Mattel contends in its
6  brief that it has "conducted a thorough inspection for the requested ESI (electronically stored
7  information). The results confirmed that Mattel does not possess ESI for the (Documents)."
8      MGA requests additional information concerning the nature and extent of the search
9  characterized by Mattel as a "thorough inspection." Mattel, characterizing this as a request for
10 "certification," points out that such certification has not previously been required in regard to
11 discovery production in this action. While this assertion appears to be historically accurate, it
12 does not necessarily follow that MGA's request has no merit. Federal Rules of Civil Procedure
13 Rule 34, dealing with the production of documents and electronically stored information, does
14 not address the issue presented in this motion. Clearly the producing party must make
15 reasonable efforts to ascertain whether the requested document(s) is in its possession, and
16 cannot be required to produce that which it does not have. The California Discovery Act
17 addresses this situation in Code of Civil Procedure § 2031.230, which requires that a response
18 that states an inability to comply with the demand for production must assert that a diligent
19 search and reasonable inquiry has been made in an effort to locate the item being sought, and in
20 addition must provide the reason for the inability to produce. The California Discovery Act
21 provisions, while not controlling in this action, are instructive. Although Rule 34 may not
22 expressly require a similar response, in the context of this action the Discovery Referee will
23 recommend that the Court, in the exercise its broad discretion in controlling the discovery
24 process, require responding party to provide a brief explanation of what the "thorough
25 inspection" it conducted consisted of, including identification of the storage media searched.

## RECOMMENDATION

The Court accepts and approves the Report of the Special Master for E-Discovery contained herein. The parties shall consider the Report in complying with the following orders.

As to MGA MOTION TO COMPEL PRODUCTION OF ELECTRONICALLY STORED INFORMATION FOR E-MAIL:

Motion granted.

Mattel shall provide additional information regarding the scope and extent of its unsuccessful effort to recover the electronically stored information being sought by this motion.

Date: February 5, 2010

*James L. Smith*
James L. Smith
Special Master

**IT IS SO ORDERED.**

Date: February ___10___, 2010

*David O. Carter*
Hon. David O. Carter
Federal District Court Judge

---

4

February 4, 2010, REPORT AND RECOMMENDATION
OF SPECIAL MASTER (E-Discovery)