**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

Case No. SACV 04-9049 DOC (RNBx)                                             Date: February 16, 2010

Title: MATTEL, INC. v. MGA ENTERTAINMENT, INC.

---

DOCKET ENTRY
　　　　[I hereby certify that this document was served by first class mail or Government messenger service, postage prepaid, to all counsel (or parties) at their respective most recent address of record in this action on this date.]
　　　　　　　　　　　　　　　　　　　　　　　　　　Date:_____ Deputy Clerk: _____

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

Nancy Boehme for
Kristee Hopkins                                                    　　Not Present　　
Courtroom Clerk                                                      Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:      ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT                                            NONE PRESENT

---

PROCEEDING (IN CHAMBERS): ORDER RE OPPOSITION TO DISCOVERY OF ONGOING VARGAS SETTLEMENT NEGOTIATIONS

　　　　Before the Court is Plaintiff Mattel, Inc. ("Mattel")'s Opposition to Discovery of Ongoing Settlement Negotiations (the "Opposition").

**I.　　Background**

　　　　Defendants MGA Entertainment, Inc. and Isaac Larian (collectively the "MGA Parties") seek to discover information related to the content of settlement negotiations between Mattel and Pablo Vargas, a non-party witness in this lawsuit. Mr. Vargas is a former MGA de Mexico employee subject to a criminal prosecution in Mexico. Mattel is the complaining witness in that criminal prosecution, which alleges, *inter alia*, the theft of Mattel trade secrets by Vargas.

　　　　Mr. Vargas and Mattel have engaged in on-going "settlement discussions" in an attempt to resolve the Mexican prosecution. On October 2, 2009, Vargas, Vargas' counsel, and two Mattel

attorneys – Jon Corey and Francisco Javier Tiburcio Celorio – entered into a "Confidentiality Agreement" that purports to bind its signatories as follows:

> Because these talks will be carried out with the will and good faith to resolve the differences among the individuals involved and with the permanent presence of the defendant's attorney, who also take [sic] part in this Agreement, is the reason why all the participants assume their obligation to keep the strictest confidentiality of the negotiations to be carried out and information exchanged pursuant to these negotiations, specially on their content, all of which can never be relied upon to prove liability or guilt. Nevertheless, nothing in this Agreement shall prevent any party to this Agreement from (a) discussing the negotiations with their co-counsel or client, or; (b) relying on information communicated during settlement negotiations if any of the companies of the Mattel group or the prosecutor either previously possessed the evidence or information or in the future may obtain the evidence or information from a source other than the settlement negotiations.

(*See* Ex. 1 to Declaration of Warrington Parker in Support of Response to MGA Parties to Mattel, Inc.'s Opposition to Discovery of Ongoing Vargas Settlement Negotiations.)

The Agreement also contains the following paragraph, which outlines certain penalties that issue from a breach of the confidentiality requirement:

> As a consequence of the previously stated, if any of the participants on the closing stages of the negotiations would reveal the terms in which these are being started today and specially their content in contravention of this Agreement, the person or persons who do so, will be liable for it and penalized by Law and prosecuted by the authorities where the reveal [sic] took place and/or had its effects.

*Id.*

Both Mr. Tiburcio and Mr. Vargas are prospective witnesses in this lawsuit. At Mr. Tiburcio's deposition, the MGA Parties asked him questions about the content and progress of the settlement discussions between Mattel and Vargas in Mexico. Mattel's counsel objected and instructed Tiburcio not to answer the MGA Parties' questions, citing the Confidentiality Agreement as an absolute bar on Mr. Tiburcio's ability to testify about his discussions with Vargas in Mexico. The parties then re-scheduled Tiburcio's deposition and later stipulated to extend the date of the re-scheduled deposition to March 1, 2010.

The MGA Parties have requested that the Court compel Mr. Tiburcio to testify about the subject matter and content of Mattel's settlement discussions with Vargas in Mexico. By its Opposition, Mattel argues that the content of the settlement discussions is not discoverable, as it is unlikely to lead to the discovery of admissible evidence.

## II.  Discussion

Federal Rule of Civil Procedure 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." "Relevant information need not be admissible at the trial if the discovery appears reasonable calculated to lead to the discovery of admissible evidence." *Id.*

Mattel objects to the discovery of information concerning the content of its settlement discussions with Vargas on two grounds. First, Mattel notes that the such information is not reasonably calculated to lead to the discovery of admissible evidence. Second, Mattel references courts' long-standing interest in facilitating the settlement process as an equitable factor that favors the continued confidentiality of the settlement discussions between Vargas and Mattel.

The Court's consideration of this issue is not assisted by the briefing, in which the parties fail to engage each other's arguments. The MGA Parties argue that Federal Rule of Evidence 408 does not bar discovery of such evidence, even though Mattel never argued otherwise. Rather, Mattel argues that the MGA Parties have failed to demonstrate a "heightened" showing of relevance, which is purportedly a prerequisite to the discovery of ongoing settlement discussions. Of course, none of the cases Mattel invokes with respect to this "heightened" showing are binding authority upon this Court. Nor do the cases cited by Mattel articulate anything approaching a concrete rule as to the discoverability of ongoing settlement discussions.[1]

---

[1]  In addition, both parties rely upon this Court's order compelling the production of the then-confidential settlement agreement between Carter Bryant and Mattel. The discoverability of the Bryant-Mattel settlement agreement and the Vargas-Mattel ongoing settlement discussions are distinct in a number of material respects. First, the Bryant-Mattel settlement agreement was purportedly relevant for the purpose of showing bias, while the MGA Parties argue that the Vargas-Mattel discussions also show that Mattel controls Vargas. Second, by lifting protections placed on the Bryant-Mattel settlement agreement, the Court required Mattel to perform a discrete act. Here, the MGA Parties request unfettered access to information concerning the settlement discussions between Mattel and Vargas, and request that the Court compel one of Mattel's attorneys in Mexico to respond to questions posed by the MGA Parties about these discussions. Third, while the Bryant-Mattel settlement consummated static agreements between the parties, the content of ongoing settlement agreements between Vargas and Mattel most likely involves posturing that will not be reflected in any final

Neither party meaningfully disputes that the content of the settlement discussions between Vargas and Mattel may be relevant to demonstrating bias with respect to Vargas, a likely witness in this lawsuit. Instead, Mattel argues that "there is no evidence Vargas is cooperative at all, and the idea that he will someday be a biased witness against MGA is pure speculation." *See* Opp'n at 1:15-17. The obvious implication of Mattel's argument is that a jury can only evaluate bias on the basis of the final settlement agreement and that positions taken during settlement negotiations are mere posturing not relevant to bias. In short, if, for example, Mattel has promised Mr. Vargas that it will dismiss the criminal charges against him in exchange for his favorable testimony (or non-testimony) in this lawsuit, Mr. Vargas is not "biased" by Mattel's promise until it is crystallized in writing.

The Court rejects such formalism. Indeed, Mattel demonstrates the deficiency of its own approach when it argues that "[s]hould a settlement ultimately be reached, the issue of access to the settlement agreement, if any, can be determined at a later date." *See* Opp'n at 4:12-14. Nothing prevents Mattel from strategically freezing settlement discussions until Mr. Vargas appears as a witness or this lawsuit reaches its conclusion. Moreover, Mattel's concern that discovery will scuttle the chances for settlement is belied by the fact that Mattel itself is a participant in the settlement discussions; the Court is not aware of how the disclosure of Mattel's proposed inducements (if any) of Mr. Vargas' cooperation will deter Mr. Vargas from pursuing a settlement.

At the same time, the MGA Parties' request to inquire without restriction into the content of the Mattel-Vargas settlement discussions is overbroad and misunderstands the basis for the Court's earlier order lifting protections placed on the Bryant-Mattel settlement agreement. The MGA Parties fail to mention how any statements made by Vargas (other than his mere consent to conditions proposed by Mattel) may be relevant to bias and/or control. In fact, any statements made by Vargas with respect to the underlying claims in the Mexican criminal prosecution cannot possibly lead to the discovery of admissible evidence, in light of the fact that such statements were made for the purpose of obtaining a favorable resolution and not fact-finding.

Discovery of the content of the settlement discussions may be relevant to show bias and credibility, but not in the manner proposed by the MGA Parties. The MGA Parties should restrict their focus to the commitments, if any, made by Mattel and Vargas *with respect to the instant lawsuit*. Accordingly, the Court hereby ORDERS as follows:

1. The MGA Parties shall, on or before February 24, 2010, submit for the Court's *in camera* review a list of the questions related to the Mattel-Vargas settlement discussions that the MGA Parties wish to ask Mr. Tiburcio when he re-appears for deposition on March 1, 2010;

---

agreement. *See United States v. Contra Costa County Water Dist.*, 678 F.2d 90, 92 (9th Cir. 1982).

2. In view of the instant order and the Court's broad consideration of the issue, the MGA Parties and Mattel shall meet and confer, on or before February 23, 2010, and attempt to reach an agreement with respect to the manner in which Mr. Tiburcio may be questioned about the contents of the Mattel-Vargas settlement discussions at his resumed deposition. The parties shall notify the Court of their agreement, if any, on or before 5:00 p.m. on February 23, 2010.

The Clerk shall serve this minute order on all parties to the action.