MELINDA HAAG (State Bar No. 132612)
mhaag@orrick.com
ANNETTE L. HURST (State Bar No. 148738)
ahurst@orrick.com
WARRINGTON S. PARKER III (State Bar No. 148003)
wparker@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
405 Howard Street
San Francisco, CA  94105-2669
Tel: (415) 773-5700/Fax: (415) 773-5759

WILLIAM A. MOLINSKI (State Bar No. 145186)
wmolinski@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA  90017
Tel: (213) 629-2020/Fax: (213) 612-2499

THOMAS S. MCCONVILLE (State Bar No. 155905)
tmcconville@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
4 Park Plaza, Suite 1600
Irvine, CA 92614-2258
Tel: (949) 567-6700/Fax: (949) 567-6710

Attorneys for MGA Parties

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>              Plaintiff,<br><br>       v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>              Defendant.<br><br>AND CONSOLIDATED ACTIONS. | Case No.  CV 04-9049-DOC (RNBx)<br>Consolidated with: Case No. CV 04-9059<br>and Case No. CV 05-2727<br><br>Hon. David O. Carter<br><br>**DECLARATIONS FILED IN SUPPORT OF MOTIONS RELATING TO ISSUE NOS. 2, 4, 6, AND 7 OF THIS COURT'S ORDER OF FEBRUARY 12, 2010**<br><br>Courtroom:  9D |

1   TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2          PLEASE TAKE NOTICE that pursuant to this Court's Order of February 12,

3   2010, the MGA Parties hereby file with this Court the attached Declarations of

4   Diana Rutowski, Thomas McConville, William Molinski, and Mark Wine.  Each

5   declaration supports one of the four motions submitted in response to Issue Nos. 2,

6   4, 6, and 7 filed under separate cover.  The two exhibits referenced in the

7   Declaration of Thomas McConville are attached to the end of this document.

8          For purpose of further guidance, the declarations can be found on the

9   following pages:

10         Issue No. 2—Diana Rutowski Declaration………..…………………1-2

11         Issue No. 4—Thomas McConville Declaration………………...……3

12         Issue No. 6—William Molinski Declaration……………………….. 4-12

13         Issue No. 7—Mark Wine Declaration...……………………………...13-15

14

15         Respectfully submitted,

16   Dated: February 16, 2010          ORRICK, HERRINGTON & SUTCLIFFE LLP

17

18                                      By:   __/s/ Annette L. Hurst_____   _____
                                              Annette L. Hurst
19                                            Attorneys for MGA Parties

20

21

22

23

24

25

26

27

28

**ISSUE NO. 2—FAILURE TO PRODUCE ECKERT DOCUMENTS**

I, Diana M. Rutowski, declare:

1.    I am a member of the bar of the State of California, admitted to practice before this Court, and an associate with the law firm of Orrick, Herrington & Sutcliffe LLP ("Orrick"), counsel for the MGA Parties.  I make this declaration based on personal knowledge and if called and sworn as a witness, I could and would testify competently  as follows.

2.    I have been informed that at 8:47 p.m. on Monday, February 15, 2010, Mattel made a production of documents by delivering them to a File Transfer Protocol.  The documents were fully downloaded by counsel for MGA at 10:30 p.m.  I have also been informed that Mattel left a disk including the same documents at the door of Orrick's Los Angeles office after the office had closed and no one was available to receive it.

3.    Prior to the February 15 production, Mattel had produced a total of seventeen documents listing "Robert Eckert" as the custodian.

4.    In the February 15 production were 171 documents listing "Robert Eckert" as the custodian.  These documents all appear to relate to NPD (National Panel Diary).

5.    Also in the February 15 production were 11 documents listing "Public Record" as the custodian, which are Mattel Annual Reports from 1998-2008.

6.    No other documents from the February 15 production appear to relate

1  to Robert Eckert or the documents that he testified about during his deposition in

2  December 2009.

3     I declare under penalty of perjury under the laws of the United States that the

4  foregoing is true and correct.

5     Executed this 16th day of February, 2010, at San Francisco, California.

6

7                */s/ Diana M. Rutowski*

8                Diana M. Rutowski

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## ISSUE NO. 4—DEPOSITION OF MATTHEW BOUSQUETTE

I, Thomas S. McConville, declare as follows:

1.      I am a member of the Bar of the State of California and admitted to practice before this Court, and a partner with the law firm of Orrick, Herrington & Sutcliffe LLP, lead counsel for the MGA Parties.  I make this declaration in support of the MGA Parties' Motion Re: Bousquette Deposition.  I have personal knowledge of the facts set forth in this Declaration unless stated as to information and belief, in which case I am informed and believe it to be true.  If called as a witness, I could and would testify competently to such facts under oath.

2.      Mattel has produced certain documents identifying payments of attorney fees.  Mattel has identified that it has paid Mr. Bousquette's legal fees.

3.      On or about February 13, 2010, I caused a search to be done of the Westlaw database for real property owned by Matthew Bousquette.  A true and correct copy of that search result is attached as Exhibit 1 to this declaration.

4.      Recently, Mattel produced the document numbered M 0933415, attached as Exhibit 2 to this declaration.

Executed this 16th day of February 2010, at Irvine, California.  I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

                                              /s/ *Thomas McConville*
                                              Thomas McConville

- 3 -

Decls. ISO MGA  Motions Re Court Order of Feb. 12,
2010
CV 04-9049 DOC (RNBx)

## ISSUE NO. 6—FAILURE TO PRODUCE DOCUMENTS

I, William A. Molinski, declare as follows:

1.      I am a partner at the law firm of Orrick, Herrington & Sutcliffe LLP, counsel of record for the MGA Parties in the above-captioned action.  I am a member in good standing of the State Bar of California and am admitted to practice before this Court.  I have personal knowledge of the facts set forth in this declaration unless otherwise expressly stated, in which case it is on information and belief.  If called as a witness, I could and would testify competently to such facts under oath.

2.      On August 26, 2009, I caused to be signed and served MGAE DE MEXICO's first set of REQUESTS FOR PRODUCTION OF DOCUMENTS on MATTEL INC.  That discovery contained the following document requests:

**REQUEST FOR PRODUCTION NO. 1:**

Any and all DOCUMENTS that CONSTITUTE, EVIDENCE OR REFER TO each and every one of YOUR revisions to all DOCUMENTS YOU contend comprise, include, encompass, or consist of a trade secret that YOU claim to have been misappropriated by MGA.

**REQUEST FOR PRODUCTION NO. 2:**

Any and all DOCUMENTS that CONSTITUTE, EVIDENCE OR REFER TO YOUR preparation and/or drafting of all DOCUMENTS YOU contend comprise, include, encompass, or consist of a trade secret that YOU claim to have been misappropriated by MGA.

**REQUEST FOR PRODUCTION NO. 3:**

Any and all DOCUMENTS that CONSTITUTE, EVIDENCE OR REFER TO each and every draft of all DOCUMENTS YOU contend comprise, include, encompass, or consist of a trade secret that YOU claim to have been misappropriated by MGA.

1     **REQUEST FOR PRODUCTION NO. 9:**

2     Any and all DOCUMENTS that CONSTITUTE, EVIDENCE OR

3     REFER TO the time, money or effort expended by YOU which YOU

4     contend comprises or consists of the trade secrets YOU claim was

5     misappropriated by MGA, in devising, inventing or collecting the

6     information evidenced within that document.

7 On September 25, 2009, Mattel Inc. served nothing but objections to these requests.

8 On information and belief, Mattel has not yet produced documents responsive to

9 these requests.

10     3.     On January 11, 2010, I signed and caused to be served MGA

11 ENTERTAINMENT INC.'S fifth set of REQUESTS FOR PRODUCTION OF

12 DOCUMENTS on MATTEL, INC.  That discovery contained the following

13 document requests:

14     **REQUEST FOR PRODUCTION NO. 239:**

15     All non-disclosure agreements utilized by Mattel, Inc. at anytime

16     between 1995 and the present.

17     **REQUEST FOR PRODUCTION NO. 240:**

18     All non-disclosure agreements utilized by Mattel Canada, Inc. at

19     anytime between 1995 and the present.

20     **REQUEST FOR PRODUCTION NO. 241:**

21     All non-disclosure agreements utilized by Mattel de Mexico S.A. de

22     C.V. at anytime between 1995 and the present.

23     **REQUEST FOR PRODUCTION NO. 242:**

24     All non-disclosure agreements by or between MATTEL, on the one

25     hand, and Toys R Us, on the other hand at any time between 1995

26     and present.

27     **REQUEST FOR PRODUCTION NO. 243:**

28     All non-disclosure agreements by or between MATTEL, on the one

hand, and Wal-Mart, on the other hand at any time between 1995 and present..

**REQUEST FOR PRODUCTION NO. 244:**

All non-disclosure agreements by or between Mattel Canada, Inc., on the one hand, and Toys R Us, on the other hand at any time between 1995 and present.

**REQUEST FOR PRODUCTION NO. 245:**

All non-disclosure agreements by or between Mattel Canada, Inc., on the one hand, and Wal-Mart, on the other hand at any time between 1995 and present.

**REQUEST FOR PRODUCTION NO. 246:**

All non-disclosure agreements by or between MATTEL and its manufacturer, supplier, distributor or licensee at any time between 1995 and present.

**REQUEST FOR PRODUCTION NO. 247:**

All signed non-disclosure agreements in favor of MATTEL from 1995 to present.

**REQUEST FOR PRODUCTION NO. 248:**

All non-disclosure agreements signed by or on behalf of Toys R Us at any time between 1995 and present.

**REQUEST FOR PRODUCTION NO. 249:**

All non-disclosure agreements signed by or on behalf of Wal-Mart at any time between 1995 and present.

On February 10, 2010, Mattel served nothing but objections to these requests. On information and belief, Mattel has not yet produced documents responsive to these requests.

4.      On March 27, 2009, Caroline H. Mankey, former counsel for the MGA Parties, signed and caused to be served MGA ENTERTAINMENT INC.'S first set

1  of REQUESTS FOR PRODUCTION OF DOCUMENTS on MATTEL, INC.  That

2  discovery contained the following document requests:

3  **REQUEST FOR PRODUCTION NO. 4:**

4  The hard drive(s) or any mirror image thereof (including but not

5  limited to any mirror image on any server or storage device) from any

6  and all computers assigned by MATTEL to TRUEBA for use during

7  the last year of her employment with MATTEL.

8  **REQUEST FOR PRODUCTION NO. 14:**

9  The hard drive(s) or any mirror image thereof (including but not

10  limited to any mirror image on any server or storage device) from any

11  and all computers assigned by MATTEL to VARGAS for use during

12  the last year of his employment with MATTEL.

13  **REQUEST FOR PRODUCTION NO. 25:**

14  The hard drive(s) or any mirror image thereof (including but not

15  limited to any mirror image on any server or storage device) from any

16  and all computers assigned by MATTEL to MACHADO for use

17  during the last year of his employment with MATTEL.

18  **REQUEST FOR PRODUCTION NO. 48:**

19  The hard drive(s) or any mirror image thereof (including but not

20  limited to any mirror image on any server or storage device) from any

21  and all computers assigned by MATTEL to BRISBOIS for use during

22  the last year of her employment with MATTEL.

23  **REQUEST FOR PRODUCTION NO. 50:**

24  The hard drive(s) or any mirror image thereof (including but not

25  limited to any mirror image on any server or storage device) from any

26  and all computers assigned by MATTEL to CASTILLA for use

27  during the last year of his employment with MATTEL.

28  On August 18, 2009, Mattel served its First Supplemental Responses and

1    Objections to these requests.  In those responses, Mattel agreed to produce the

2    requested hard drives "at a mutually agreeable time and place."  On information

3    and belief, Mattel has yet to produce these hard drives.

4         5.    On January 26, 2010, I attended and defended the deposition of Ronald

5    Brawer in this case.  At that deposition, Mr. Brawer testified that certain individuals

6    within Mattel's market research group (including Sal Villasenor) falsified their

7    identities in order to gain access to Mattel's competitors' showrooms at toy fairs.

8    Mr. Brawer testified that Mr. Villasenor admitted as much to him, and that Mr.

9    Villasenor and others obtained catalogs, price lists, and product descriptions for

10   competitors' products by pretending to be customers (not Mattel employees) at

11   these toy fairs.  *See* 1/26/2010 Deposition of Ronald Brawer, Vol. 2, 640:16-

12   641:11, 642:2-11, 642:25-643:13, 644:17-22.

13        6.    On January 26, 2010, Mr. Brawer further testified at his deposition that

14   Matthew Bousquette, Mr. Brawer's boss at Mattel, asked him to change market

15   share numbers for presentations to Mattel customers.  Mr. Brawer specifically

16   recalled presentations to Target, Toys "R" Us, and Wal-Mart where Mattel falsified

17   market share numbers at Mr. Bousquette's request in order to induce buyers to

18   purchase more Mattel product.  *See* 1/26/2010 Deposition of Ronald Brawer, Vol.

19   2, 461:16-20, 462:11-21.

20        7.    On August 3, 2007, Melanie Bradley, former counsel for the MGA

21   Entertainment, Inc., signed and caused to be served a fifth set of REQUESTS FOR

22   THE PRODUCTION OF DOCUMENTS AND THINGS on MATTEL INC.  That

23   discovery contained the following requests:

24        **<u>REQUEST FOR PRODUCTION NO. 476</u>:**

25        All DOCUMENTS RELATING TO YOUR efforts, or knowledge of

26        any efforts by any PERSON, worldwide to monitor, "spy on" or gain

27        knowledge of MGA's trade secrets, nonpublic information, non-

28        public activities, unreleased products, and product development,

1   including, but not limited to: […]

2   d.  DOCUMENTS REFERRING OR RELTING TO YOUR attempts

3   to gain access to MGA showrooms, Plan-o-Grams, merchandising

4   displays, Toy Fair displays on false pretenses (including, but not

5   limited to, by using fake business cards);

6   e.  DOCUMENTS REFERRING OR RELTING TO YOUR access to

7   MGA's products or showroom at any Toy Fair (including Hong Kong

8   Toy Fair, New York Toy Fair, Dallas Toy Fair, or Nuremburg Toy

9   Fair); [. . .]

10   i.  YOUR access to MGA's confidential product and pricing

11   information from non-public sources and/or through non-public

12   means.

13   **REQUEST FOR PRODUCTION NO. 483:**

14   All investigative files REFERRING OR RELATING to BRYANT,

15   MGA or any of its employees, including but not limited to file

16   numbers 02-299, 02-1680, 03-034.

17   Mattel refused to produce any documents in response to Request No. 476 and

18   agreed to produce only a limited subset of documents for Request No. 483.  On

19   information and belief, Mattel has not yet produced documents relating to its use of

20   false pretenses to spy on its competitors.

21       8.      On November 22, 2006, James P. Jenal, former counsel for MGA

22   Entertainment, Inc., signed and caused to be served a first set of REQUESTS FOR

23   THE PRODUCTION OF DOCUMENTS AND THINGS on MATTEL INC.  That

24   discovery contained the following requests:

25   **REQUEST FOR PRODUCTION NO. 31:**

26   All DOCUMENTS REFERRING OR RELATING TO whether

27   MATTEL had access to any exhibits, displays or show rooms

28   containing any of MGA's "BRATZ" lines prior to its release to the

1    public.

2    **REQUEST FOR PRODUCTION NO. 48:**

3    All DOCUMENTS REFERRING OR RELATING TO any

4    COMMUNICATIONS between MATTEL and any buyers,

5    merchandisers, general merchandise managers or retailers world wide

6    REFERRING OR RELATING TO "BRATZ," LARAIN OR MGA,

7    regarding the origins, design, development, product launch, sales,

8    promotions, advertising, quality, price of "BRATZ" or any MGA

9    PRODUCT world wide.

10   **REQUEST FOR PRODUCTION NO. 58:**

11   All DOCUMENTS REFERRING OR RELATING TO MATTEL's

12   business dealings with any licensee, supplier, manufacturer, retailer,

13   distributor or merchandiser world wide to the extent that the

14   DOCUMENT refers, explicitly or implicitly, to the business dealings

15   of that licensee, supplier, manufacturer, retailer, distributor or

16   merchandiser that involve, in any way, "BRATZ" or any MGA

17   PRODUCT world wide.

18   On information and belief, Mattel has refused to produce any documents in

19   response to Request Nos. 48 and 58, and Mattel has agreed to produce only a subset

20   of documents responsive to Request No. 31.  On further information and belief,

21   Mattel has not produced responsive documents relating to Ron Brawer's deposition

22   testimony that Mattel falsified reports provided to retailers.

23       9.      On March 27, 2007, B. Jennifer Glad, former counsel for the MGA

24   Parties, signed and caused to be served a second set of REQUESTS FOR

25   PRODUCTION OF DOCUMENTS on MATTEL INC.  That discovery contained

26   the following document requests:

27   **REQUEST FOR PRODUCTION NO. 149:**

28   All DOCUMENTS REFERRING OR RELATING TO whether the

- 10 -

Decls. ISO MGA Motions Re Court Order of Feb. 12, 2010
CV 04-9049 DOC (RNBx)

1   items seized by Mexican authorities from the facilities of MGAE de

2   Mexico, S.R.L. de C.V. in Mexico City belonged to MATTEL.

3   **REQUEST FOR PRODUCTION NO. 160:**

4   All DOCUMENTS REFERRING OR RELATING TO whether the

5   DOCUMENTS contained on the thumb drive that the Canadian law

6   enforcement authorities seized from BRISBOIS, mentioned in

7   paragraph 75 of YOUR COUNTERCLAIMS, belong or belonged to

8   MATTEL.

9   On information and belief, these requests were designed to elicit documents

10   demonstrating that Mattel, Inc. (not some other Mattel entity) owns the trade secrets

11   that are the subject of this litigation.  This is a key issue in this case as Judge Larson

12   has previously ruled that ownership by Mattel Mexico or Mattel Canada does not

13   mean ownership by Mattel Inc.  On information and belief, Mattel Inc. has not yet

14   produced any documents demonstrating that it owns the alleged trade secrets at

15   issue in Mexico and Canada.

16       10.     During Phase 2 of this case, Mattel has failed to produce documents in

17   a timely manner, thereby prejudicing MGA's ability to complete deposition

18   discovery, requiring additional deposition days, and interfering with MGA's trial

19   preparation efforts.  Mattel has produced less than 20,000 pages of documents

20   compared to MGA's production of nearly 775,000 pages.  Moreover, even when

21   Mattel has produced documents, some have been heavily redacted such that

22   Mattel's obligation to produce has been satisfied in form only.  For example, Mattel

23   appears to be redacting documents on what it perceives as relevancy grounds and

24   not on the basis of privilege.  M 0065183 and M 0065190 are examples.  These

25   pages contain charts listing the primary objectives and timing of Fall 2005

26   Entertainment that Mattel had planned to launch that year.  Mattel has provided

27   only portions of these documents, while redacting out other portions.  Given the

28   context in which these documents were produced, the only rationale for their

- 11 -

1    limited redaction appears to be a claim of relevance—not privilege.

2          I declare under penalty of perjury under the laws of the United States of

3    America that the foregoing is true and correct. Executed this 16th day of February,

4    2010, at Los Angeles, California.

5

6                                  _/s/ William A. Molinski_____
                                         William A. Molinski

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# ISSUE NO. 7—PATRICK MA DEPOSITION

I, Mark P. Wine, declare as follows:

1.      I am an attorney at the law firm of Orrick, Herrington & Sutcliffe LLP, counsel of record for the MGA Parties in the above-captioned action.  I am a member in good standing of the State Bar of California and am admitted to practice before this Court.  I have personal knowledge of the facts set forth in this declaration unless otherwise expressly stated, in which case it is on information and belief.  If called as a witness, I could and would testify competently to such facts under oath.

2.      As counsel for MGA Parties, I attended the deposition of Mr. Patrick Ma on Thursday February 4, Friday February 5, and again on Sunday February 7, 2010.

3.      Mr. Ma has been deposed for almost 28 hours on the record over the course of three days.

4.      On February 4, Mr. Ma was deposed from 8 a.m. to just before 8 p.m. and on February 5, from 8 a.m. until 6:30 p.m.  Minimal breaks were taken and lunch was brought in on both days.

5.      After these two days, MGA revised Mr. Ma's travel plans and produced him for further deposition testimony on Sunday, February 7 commencing at 9 a.m. and ending at 6:45 p.m. to enable Mr. Ma to travel back to Hong Kong.

6.      Mattel has indicated that it wants additional dates for the continuation of the Ma deposition.

7.      There is no justification for requiring Mr. Ma to be brought back to the United States to sit for additional deposition days.

8.      Mr. Ma testified in English for the entirety of his deposition.  Although an interpreter was present, he only used the interpreter 4 or 5 times to translate the question into Cantonese so that he could have a better understanding of what was being asked.

9.      The pleadings and discovery responses by Mattel in this case identify only two specific issues relating to MGA Entertainment (HK) Limited ("MGA Hong Kong"):  (i)  loans allegedly made by Isaac Larian and family members to MGA Hong Kong; and (ii) alleged knowledge by unnamed persons at MGA Hong Kong related to Carter Bryant ("Bryant").  Mr. Ma stated on the record what he knew about the loans.  With respect to the knowledge related to the Bryant allegations, Mr. Ma indicated that he had no knowledge.

10.      Mr. Ma testified that he has never met Bryant, nor has he had any communications with Bryant.  Mr. Ma further testified that he does not have any knowledge or information of any work that Bryant's ever done on Bratz, or about the timing of the creation of Bratz.[1]

11.      During the course of the three days of deposition testimony, Mr. Ma was shown a total of 14 exhibits, four of them having been marked in previous depositions.

12.      Counsel for Mattel spent approximately 106 pages of testimony on Exhibit 8125, entitled Report of the Directors and Audited Financial Statements, MGA Entertainment (H.K.) Limited, December 31, 2007.

13.      Counsel for Mattel spent approximately 165 pages of testimony on Exhibit 8126, a letter dated October 2, 2008 to Ernest and Young from MGA Hong Kong.

14.      Approximately 829 pages of deposition testimony were generated during Mr. Ma's three full days of deposition testimony.

15.      A substantial amount of time was spent deposing Mr. Ma on areas unrelated to his duties where he had absolutely no knowledge.  One line of questioning concerned Mr. Ma's opinion concerning why consumers purchase dolls.

16.      Mr. Ma answered with some variant of "I don't know" a total of 561

---

[1] Counsel for MGA Parties will submit Mr. Ma's deposition transcripts, currently designated as Attorneys Eyes Only, if requested.

1    times during the three days of deposition testimony.  Conversely, when asked

2    questions about his duties as CFO at MGA Hong Kong, Mr. Ma provided complete

3    and detailed responses.

4         17.    Mr. Ma's immediate superior at MGA Hong Kong, Managing Director

5    Edmond Lee, has been deposed by Mattel for three days in this case (12/4/2007,

6    12/5/2007, and 5/9/2008), and will be deposed again by Mattel on February 25 and

7    26, 2010.

8         I declare under penalty of perjury under the laws of the United States of

9    America that the foregoing is true and correct.

10        Executed this 16th day of February, 2010, at Irvine, California.

11

12                         */s/ Mark P. Wine*
                           Mark P. Wine

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28