CALDWELL LESLIE & PROCTOR, PC
CHRISTOPHER G. CALDWELL, State Bar No. 106790
  caldwell@caldwell-leslie.com
1000 Wilshire Boulevard, Suite 600
Los Angeles, California 90017-2463
Telephone: (213) 629-9040
Facsimile: (213) 629-9022

Attorneys for Non-party MATTHEW BOUSQUETTE

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>    Plaintiff,<br><br>    v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>    Defendant. | Case No. 04-9049 DOC (RNBx)<br><br>**RESPONSE BY NON-PARTY MATTHEW BOUSQUETTE TO REQUEST BY MGA ENTERTAINMENT, INC. THAT MR. BOUSQUETTE APPEAR FOR DEPOSITION IN SANTA ANA**<br><br>**Declaration of Matthew Bousquette filed concurrently herewith**<br><br>**Date:** None Set<br>**Time:** None Set<br>**Crtrm.:** 9D |

CALDWELL
LESLIE &
PROCTOR

RESPONSE BY NON-PARTY MATTHEW BOUSQUETTE

Non-party Matthew Bousquette responds to MGA Entertainment, Inc.'s request that Mr. Bousquette appear for deposition in Santa Ana, California.

MGA concedes that Mr. Bousquette is not currently employed by Mattel. Mot. at 3. A non-party cannot be compelled to appear for deposition "more than 100 miles from where that person resides, is employed, or regularly transacts business in person." Fed. R. Civ. P. 45(c)(3)(A)(ii). Mr. Bousquette lives in Hinsdale, Illinois, a Chicago suburb, works nearby at the headquarters of Enesco, Inc., where he is Chairman and Chief Executive, and does not regularly travel to California for business. Bousquette Decl., ¶ 4,6. Mr. Bousquette owns his Hinsdale home, is registered to vote in Illinois, holds an Illinois drivers license, and pays state taxes as an Illinois resident. *Id.*, ¶ 4. Under these circumstances, this Court *must* quash any subpoena that purports to seek Mr. Bousquette's deposition in California. *See Comm-Tract Corp. v. Northern Telecom, Inc.*, 168 F.R.D. 4, 7 (D. Mass. 1996).[1] MGA offers no authority to the contrary. Indeed, MGA cites to no authority whatsoever in its effort to compel Mr. Bousquette to appear in Santa Ana.

MGA's efforts to compel Mr. Bousquette to appear in California are not only precluded by Rule 45(c)(3)(A)(ii), but should also be denied as an undue burden on Mr. Bousquette. *See* Fed. R. Civ. P. 45(c)(1) (requiring courts to enforce counsel's duty "to avoid imposing undue burden…on a person subject to the subpoena"); *see also Miscellaneous Docket Matter No. 1 v. Miscellaneous Docket Matter No. 2*, 197 F.3d 922, 927 (8th Cir. 1999) ("concern for the unwanted burden thrust upon non-

---

[1] That Mr. Bousquette *formerly* resided in California, and continues to own property in the state, is of no import. Rather, "the time frame for judging whether a witness must travel more than 100 miles from his *residence* … is the time when the witness is to appear." *Comm-Tract*, 168 F.R.D. at 4; *see also Wilson v. Mammoth Video, Inc.*, 2008 WL 5263820 at *1 (E.D. Mich. 2008) (quashing subpoena where former employee had moved more than 100 miles away). Moreover, MGA's reliance on a search of the Westlaw database for property owned by Mr. Bousquette is misplaced, as Mr. Bousquette sold the property identified in that search more than four years ago. *See* Bousquette Decl., ¶ 9.

1  parties is a factor entitled to special weight in evaluating the balance of competing
2  needs") (citation and quotation marks omitted).  Mr. Bousquette both oversees
3  Enesco's day-to-day operations and is leading Enesco's effort to arrange new
4  financing for debt it incurred in 2007 to take itself private.  *Id.*, ¶ 6.  Compelling Mr.
5  Bousquette to travel at this time could negatively impact this effort.  *Id.*  On a
6  personal level, Mr. Bousquette's life partner has out-of-town professional
7  commitments in late February and early March, and Mr. Bousquette must remain in
8  Hinsdale to care for their three small children.  Bousquette Decl., ¶ 7.  In contrast,
9  deposing Mr. Bousquette in Illinois will only minimally burden MGA, as Mr.
10 Bousquette has already been deposed in this action, *id.*, ¶ 5, has agreed to be
11 deposed near his home, *id.*, ¶ 8, or to appear by video conference if MGA is
12 unwilling to send its attorneys to Chicago.  *Id.*, ¶ 8.  The extreme personal and
13 professional burden Mr. Bousquette would suffer if he were required to appear in
14 California far outweighs any additional cost to MGA (particularly given the millions
15 of dollars MGA has spent, and continues to spend, in this case).

16  Finally, while MGA appears to believe there is some relevance to the fact that
17 Mattel is paying Mr. Bousquette's legal fees, it again offers no authority supporting
18 this position.  The fact that Mr. Bousquette's former employer may comply with its
19 legal obligation to pay his fees, *see* Cal. Labor Code § 2802, has no relevance and
20 does nothing to lessen the burden on Mr. Bousquette, which, as described above,
21 goes far beyond mere dollars.  *See* Bousquette Decl., ¶¶ 5-7.

22  For all the foregoing reasons, Mr. Bousquette therefore respectfully requests
23 that this Court reject MGA's request that he be deposed in Santa Ana, California.

DATED: February 17, 2010          CALDWELL LESLIE & PROCTOR, PC

By    /S/
     CHRISTOPHER G. CALDWELL
Attorneys for Non-party MATTHEW BOUSQUETTE