BOUSQUETTE DECLARATION

# DECLARATION OF MATTHEW BOUSQUETTE

I, Matthew Bousquette, hereby declare as follows:

1. I am a resident of Illinois and am not a party to this action. I submit this declaration in support of the Opposition of Matthew Bousquette to the Request by Defendant MGA, Inc. for Deposition in Santa Ana, California. I have personal knowledge of the facts stated herein and would and could testify competently thereto if called as a witness in this matter.

2. I was formerly employed at the President of Mattel Brands from April 1999 until December 2005. I was involuntarily terminated from that position effective December 25, 2005, when Mattel terminated my Employment Agreement without cause. I am not receiving any ongoing benefits or salary from Mattel. While I hope and expect that Mattel will pay my legal expenses in connection with these legal proceedings, I have not discussed this issue with any representative of Mattel. It is my understanding that Mattel is obligated under California law to pay these legal expenses.

3. My deposition was previously taken in this lawsuit on May 17, 2008 in Palm Springs, California. Although I considered myself to be a resident of Illinois at the time of that deposition because I was working and living in Illinois at that time, I had ongoing ties to California at that time because my family and I were then in the process of moving from California to Illinois.

4. I am now a resident of Illinois and my move from California to Illinois is complete. I work full-time in Illinois as the Chief Executive Officer and Chairman of Enesco, Inc., which is headquartered in Itasca, Illinois (which is outside Chicago and adjacent to Chicago O'Hare airport). I own a home in Hinsdale, Illinois, am registered to vote in Illinois, and hold an Illinois drivers license. Last year I filed my state income tax return as an Illinois resident and I expect to do so again this year. My family also resides with me at our home in

CALDWELL
LESLIE &
PROCTOR

-1-

Hinsdale, Illinois. I live there with my life partner, John Jacobs, and our three six-year old children (who are triplets). While I still have some passive real estate investments in California (consisting of some commercial and seasonal residential rental properties), I do not play an active role in managing these properties, I no longer maintain any permanent residence in California, and I do not otherwise regularly transact business in California.

5. It would be a great hardship for me to come to California for a deposition in this action for reasons that I will explain below. Because of these reasons, I am not willing to come to California voluntarily for a deposition. I already submitted to one full day of deposition in this lawsuit, which Mr. Isaac Larian attended. To my knowledge, that deposition covered all topics that might be relevant to the current dispute between Mattel and MGA, and I do not understand why a second day of deposition is necessary or appropriate.

6. It would be a hardship for me to have to travel to California for a deposition at this time because of my current professional and personal commitments in Illinois. It would be a professional hardship because of my duties as Chairman and CEO of Enesco, Inc., a major wholesale provider of merchandise in the giftware industry. I played a key role in a successful effort to buy Enesco and take it private after I was discharged from my employment at Mattel. Enesco employs more than 1,100 employees at its headquarters in Itasca and elsewhere. The last few years have been extremely challenging for the giftware industry and my work at Enesco is extremely demanding. We are in a particularly critical phase for the company, because we are attempting to arrange new financing for the debt that was incurred to take Enesco private. I am personally involved in overseeing the day-to-day operations of all aspects of the company and I personally am taking the lead to arrange new financing. I cannot predict how long it will take to arrange the new financing, but I consider the next six weeks to be a crucial phase in this refinancing effort.

CALDWELL
LESLIE &
PROCTOR

7. In addition to these professional responsibilities, I also have family obligations at this time that require me to stay in Illinois. My life partner, John Jacobs, also has a professional career and maintains an active law practice. To enable John to maintain his law practice while I support the needs of Enesco, we arrange our work schedules far in advance so that one of us is always in Illinois to parent our triplets. I had a very extensive travel schedule during the months of December and January, and was on the road virtually all of those months, except for the Christmas holiday, which I spent with my family. John presently has work commitments that require him to travel outside of Illinois during the last week of February and the first week of March. For this reason, I made an agreement with John several months ago that I would not travel during those periods. In fact, because of my commitments at Enesco and my family commitments, I currently have no out-of-town travel scheduled before the last week of March. At that time, John and I hope to take a trip with our children during their Spring break from school.

8. For all of these reasons, I respectfully request that, if I am required to sit for another day of deposition in this lawsuit, I ask that the deposition occur in Illinois at a location that is convenient to my business and home, such as a hotel near O'Hare Airport. Through my attorney, I previously offered to have the deposition occur on February 25, 2010 in Illinois and that date remains blocked on my calendar for the deposition. I have been told that MGA is not agreeable to that proposal, although I have not been told why. Alternatively, if MGA's attorneys do not wish to travel to Illinois for the deposition, I would be willing to accommodate them by going to a video-conference facility near my office so that they could conduct the deposition while I am in Illinois and they remain in California. To enable me to meet my professional and personal commitments, I ask the Court to consider either of these alternatives. For the reasons explained in this declaration, I

CALDWELL
LESLIE &
PROCTOR

-3-

1 | am not willing to travel to Santa Ana, California to accommodate the needs of
2 | MGA's counsel.

3      9.     I understand that MGA has submitted a document that purports to
4 | indicate that I currently own a house in Beverly Hills, California. While I did, at
5 | one time, own property at the address listed in MGA's document (9649 Lawlen
6 | Way), I sold that house at least four years ago.

7      I declare under penalty of perjury under the laws of the United States of
8 | America that the foregoing is true and correct.

9      Executed February 17, 2010, at Itasca, Illinois.

_____
MATTHEW BOUSQUETTE

CALDWELL
LESLIE &
PROCTOR