1 | QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
2 |   John B. Quinn (Bar No. 90378)
    |   (johnquinn@quinnemanuel.com)
    |   Michael T. Zeller (Bar No. 196417)
3 |   (michaelzeller@quinnemanuel.com)
    |   Jon D. Corey (Bar No. 185066)
4 |   (joncorey@quinnemanuel.com)
    | 865 South Figueroa Street, 10th Floor
5 | Los Angeles, California 90017-2543
    | Telephone: (213) 443-3000
6 | Facsimile: (213) 443-3100

7 | Attorneys for Mattel, Inc.

8

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| MATTEL, INC., a Delaware corporation, | CASE NO. CV 04-9049 DOC (RNBx) |
|---|---|
| Plaintiff, | Consolidated with Case No. CV 04-09059 Case No. CV 05-02727 |
| vs. | Hon. David O. Carter |
| MGA ENTERTAINMENT, INC., a California corporation, et al., | **APPENDICES IN SUPPORT OF MATTEL, INC.'S OBJECTIONS TO PORTIONS OF DISCOVERY MASTER ORDER NOS. 89 AND 91:** |
| Defendant. | **(1) SUMMARY OF OBJECTIONS** |
| AND CONSOLIDATED ACTIONS | **(2) DECLARATION OF PHILIP MOORE** |
| | Hearing Date:   TBD Time:   TBD Place:   TBD |
| | **Phase 2** Disc. Cut-off:   TBD Pre-trial Conf.:   TBD Trial Date:   TBD |

00505.07975/3332229.1

1    In support of its Objections to Portions of Discovery Master Order Nos. 89

2    and 91, Mattel, Inc. hereby submits the following documents:

3         Appendix 1:         Summary of Objections to Specific Requests at Issue.

4         Appendix 2:         Declaration of Philip Moore.

5

6    DATED: February 18, 2010          QUINN EMANUEL URQUHART OLIVER
                                       & HEDGES, LLP
7

8

9                                      By  /s/ Michael T. Zeller
                                          Michael T. Zeller
10                                        Attorneys for Mattel, Inc.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# APPENDIX 1

**1.  The Discovery Master Erred in Compelling Requests Related to Polly Pocket**

| RFP No. 9049 | MGA's Request | Reason Request is Overbroad or Otherwise Objectionable |
|---|---|---|
| 452 | All DOCUMENTS REFERRING OR RELATING TO directives, suggestions or instructions from YOU to create ADVERTISEMENTS for "MY SCENE," "POLLY POCKET," "ACCELERACERS" or any other MATTEL products using elements that are similar to or the same as elements used in ADVERTISEMENTS for "BRATZ," "ALIEN RACERS," or any other MGA products known to YOU. | This Request is overbroad insofar as it seeks documents about Polly Pocket.  Judge Infante granted Mattel a Protective Order on this very subject and explicitly held that MGA could only seek "Polly Pocket" documents that related to a single commercial, because the only proffered justification for the requests was "an interrogatory response in which MGA claims that one of Mattel's Polly Pocket commercials was allegedly filmed in the same mall using the same escalator as an MGA Bratz commercial."[1]  MGA's Unclean Hands defense remains substantially the same.[2]  The "Polly Pocket" documents sought by this request have nothing to do with the only "Polly Pocket" issue in this case. |
| 512 | All DOCUMENTS REFERRING OR RELATING TO the creation, origins or sources of inspiration of "POLLY POCKET COLOR SURPRISE POLLY" including, without limitation, the creation, origins or sources of inspiration of the pose of "POLLY POCKET COLOR SURPRISE POLLY. | See Mattel's Response to 9049 Request No. 452. |
| 513 | All DOCUMENTS REFERRING OR RELATING TO any similarity or dissimilarity between "POLLY POCKET COLOR SURPRISE POLLY" and any MGA product (whether released or unreleased) known to YOU, including but not limited to any similarity or dissimilarity between the pose of | See Mattel's Response to 9049 Request No. 452. |

[1]  See April 19, 2007 Order Granting in Part and Denying in Part Mattel's Motion for Protective Order Regarding "Polly Pocket" Documents at 6-7 (Dkt. No. 411).

[2]  MGA's Supplemental Response to Mattel, Inc.'s Second Amended Supplemental Interrogatory Regarding Defendants' Affirmative Defenses, dated November 30, 2009.

| RFP No. 9049 | MGA's Request | Reason Request is Overbroad or Otherwise Objectionable |
|---|---|---|
| | "POLLY POCKET COLOR SURPRISE POLLY" and the pose of any MGA product known to YOU. | |
| 514 | ALL DOCUMENTS REFERRING OR RELATING TO whether the appearance or pose of ""POLLY POCKET COLOR SURPRISE POLLY"" copies, replicates, or in any way imitates the appearance or pose of any MGA product (whether released or unreleased) known to YOU. | See Mattel's Response to 9049 Request No. 452. |
| 515 | DOCUMENTS, including but not limited to organizational charts, sufficient to identify (by name and job function) all current and former MATTEL personnel and/or freelancers comprising the primary team that worked on the creation, design and development of "POLLY POCKET COLOR SURPRISE POLLY." | See Mattel's Response to 9049 Request No. 452. |
| 611 | All DOCUMENTS and COMMUNICATIONS REFERRING TO OR RELATING TO the origins or sources of inspiration of POLLY POCKET, including, without limitation, the purpose for which POLLY POCKET were created. | Judge Infante granted Mattel a Protective Order on this very subject and explicitly held that MGA could only seek "Polly Pocket" documents that related to a single commercial, because the only proffered justification for the requests was "an interrogatory response in which MGA claims that one of Mattel's Polly Pocket commercials was allegedly filmed in the same mall using the same escalator as an MGA Bratz commercial."[3]  MGA's Unclean Hands defense remains substantively the same.[4]  The "Polly Pocket" documents sought by this request have nothing to do with the only "Polly Pocket" issue in this case.  Further, Mattel began distributing Polly Pocket products in the early 1990s, more than a decade before the time period of |

[3]  See April 19, 2007 Order Granting in Part and Denying in Part Mattel's Motion for Protective Order Regarding "Polly Pocket" Documents at 6-7 (Dkt. No. 411).

[4]  MGA's Supplemental Response to Mattel, Inc.'s Second Amended Supplemental Interrogatory Regarding Defendants' Affirmative Defenses, dated November 30, 2009.

| RFP No. 9049 | MGA's Request | Reason Request is Overbroad or Otherwise Objectionable |
|---|---|---|
| | | MGA's Phase 2 defenses. |
| 612 | All DOCUMENTS and COMMUNICATIONS REFERRING TO OR RELATING TO MATTEL'S initial design and development of POLLY POCKET, including but not limited to design drawings, sculpts, internal memos, MARKET RESEARCH, and approval memo. | See Mattel's Response to 9049 Request No. 611. |
| 613 | All DOCUMENTS and COMMUNICATIONS REFERRING TO OR RELATING TO consideration being given to changing the appearance of POLLY POCKET, including but not limited to DOCUMENTS REFERRING TO OR RELATING TO sculpts, face paint and eye design. | See Mattel's Response to 9049 Request No. 611. |
| 614 | Photographs or pictures sufficient to illustrate every variation or version of POLLY POCKET ever released as a commercial product, including without limitation, any variation in face paint, face paint plans or designs, eye designs, drafts, ideas or concepts. | See Mattel's Response to 9049 Request No. 611. |
| 615 | Photographs or pictures sufficient to illustrate every variation or version of POLLY POCKET considered by YOU but never released as a commercial product, including without limitation, face paint, face paint plans or designs, eye designs, drafts, ideas or concepts. | See Mattel's Response to 9049 Request No. 611. |
| 616 | All DOCUMENTS and COMMUNICATIONS REFERRING TO OR RELATING TO the design, development, themes, conception, or creation of the packaging or artwork of POLLY POCKET, including without limitation, the motivation, purpose or inspiration for the packaging or artwork. | See Mattel's Response to 9049 Request No. 611. |
| 617 | All DOCUMENTS and COMMUNICATIONS REFERRING TO OR RELATING TO the development of the product design trade dress or packaging trade dress of POLLY POCKET, including but not limited to the total image, design and appearance of POLLY POCKET. | See Mattel's Response to 9049 Request No. 611. |
| 618 | DOCUMENTS sufficient to show any position MATTEL has taken with respect to its claimed trade dress in | See Mattel's Response to 9049 Request No. 611. |

| RFP No. 9049 | MGA's Request | Reason Request is Overbroad or Otherwise Objectionable |
|---|---|---|
| | connection with POLLY POCKET, including but not limited to internal COMMUNICATIONS, COMMUNICATIONS with third parties, trademark applications and related DOCUMENTS, filings in judicial proceedings , and regulatory filings. | |
| 619 | All DOCUMENTS and COMMUNICATIONS REFERRING TO OR RELATING TO any MARKET RESEARCH, projections or plans pertaining to the release of POLLY POCKET to the market. | See Mattel's Response to 9049 Request No. 611.[5] |
| 620 | All DOCUMENTS and COMMUNICATIONS REFERRING TO OR RELATING TO any BRATZ product or theme as an inspiration factor in the development of any POLLY POCKET product. | See Mattel's Response to 9049 Request No. 452. |
| 621 | All DOCUMENTS and COMMUNICATIONS REFERRING TO OR RELATING TO any similarity or dissimilarity between BRATZ and POLLY POCKET packaging, including without limitation, advertising (including commercials), color schemes, product display, shape, and style of packaging. | See Mattel's Response to 9049 Request No. 452. |
| 622 | All DOCUMENTS and COMMUNICATIONS REFERRING TO OR RELATING TO any similarity or dissimilarity between BRATZ and POLLY POCKET, including without limitation, themes, accessories, clothing and shoes. | See Mattel's Response to 9049 Request No. 452. |
| 623 | All DOCUMENTS and COMMUNICATIONS REFERRING TO OR RELATING TO any similarity or dissimilarity between BRATZ and POLLY POCKET dolls, including without limitation, feet, hair, removable heads, face paint, eye design, head size, body proportions, and any other physical attributes. | See Mattel's Response to 9049 Request No. 452. |
| 624 | All DOCUMENTS and COMMUNICATIONS REFERRING | See Mattel's Response to 9049 Request No. 452. |

---

[5]   Although the Discovery Master limited this Request to allegations that Mattel has engaged in serial copying of MGA products, advertising, and store displays and layouts, this limitation does not remedy the Request's overbreadth.

| RFP No. 9049 | MGA's Request | Reason Request is Overbroad or Otherwise Objectionable |
|---|---|---|
| | TO OR RELATING TO whether the appearance of POLLY POCKET copies, replicates, or in any way imitates the appearance of BRATZ. | |
| 625 | All DOCUMENTS and COMMUNICATIONS REFERRING TO OR RELATING TO whether POLLY POCKET infringes or potentially infringes the copyrights, trademarks, or trade dress of BRATZ. | See Mattel's Response to 9049 Request No. 452. |
| 627 | All DOCUMENTS and COMMUNICATIONS REFERRING TO OR RELATING TO actual or potential consumer confusion between any POLLY POCKET product and any BRATZ product. | See Mattel's Response to 9049 Request No. 452. |
| 628 | All MATTEL product catalogs, sell sheets and production information sheets that include POLLY POCKET, from 2001 to the present. | See Mattel's Response to 9049 Request No. 452. |
| 629 | All internal studies, analyses, presentations or investigations REFERRING OR RELATING TO the overall market shares and market position of POLLY POCKET from 2001 to the present. | See Mattel's Response to 9049 Request No. 452. |
| 630 | All studies, analyses, presentations or investigations of the target audience, age groups, market share, or projections for POLLY POCKET. | See Mattel's Response to 9049 Request No. 611. |
| 631 | DOCUMENT'S sufficient to determine total sales, revenue, royalties, costs of goods sold and any other costs attributable to net profits REFERRING OR RELATING TO POLLY POCKET. | See Mattel's Response to 9049 Request No. 611. |
| 632 | All DOCUMENTS and COMMUNICATIONS REFERRING TO OR RELATING TO any evaluation, criticism or comparison of POLLY POCKET, including relation to BRATZ by any third party. | See Mattel's Response to 9049 Request No. 452. |
| 633 | All DOCUMENTS suggesting or evidencing confusion between BRATZ and POLLY POCKET, including without limitation DOCUMENTS in which photographs of one party's products have been used to depict another party's products, or reference to one party's products has been made in lieu of the other party's products. | See Mattel's Response to 9049 Request No. 452. |

| RFP No. 9049 | MGA's Request | Reason Request is Overbroad or Otherwise Objectionable |
|---|---|---|
| 634 | DOCUMENTS, including but not limited to organizational charts, sufficient to identify (by name and job function) all MATTEL personnel who were ever a member of the primary team that worked on the design and development of POLLY POCKET products. | See Mattel's Response to 9049 Request No. 452. |
| 635 | All "New Toy Status Reports" for POLLY POCKET. | See Mattel's Response to 9049 Request No. 611. |
| 636 | DOCUMENTS sufficient to indicate when a project number was first assigned to POLLY POCKET. | See Mattel's Response to 9049 Request No. 611. |
| 637 | All COMMUNICATIONS between YOU and any retailer REFERRING TO OR RELATING TO whether POLLY POCKET copies, replicates, or in any way imitates the appearance of BRATZ. | See Mattel's Response to 9049 Request No. 452. |
| 638 | All COMMUNICATIONS between YOU and any customer REFERRING TO OR RELATING TO whether POLLY POCKET copies, replicates, or in any way imitates the appearance of BRATZ. | See Mattel's Response to 9049 Request No. 452. |
| 639 | All COMMUNICATIONS between YOU and any member of the press REFERRING TO OR RELATING TO whether POLLY POCKET copies, replicates, or in any way imitates the appearance of BRATZ. | See Mattel's Response to 9049 Request No. 452. |
| 640 | All COMMUNICATIONS between YOU and any supplier REFERRING TO OR RELATING TO whether POLLY POCKET copies, replicates, or in any way imitates the appearance of BRATZ. | See Mattel's Response to 9049 Request No. 452. |
| 641 | All COMMUNICATIONS between YOU and any third party REFERRING TO OR RELATING TO whether POLLY POCKET copies, replicates, or in any way imitates the appearance of BRATZ. | See Mattel's Response to 9049 Request No. 452. |
| 656 | DOCUMENTS sufficient to determine total sales, revenues, royalties, costs of goods sold and any other costs attributable to net profits REFERRING TO OR RELATING TO each POLLY POCKET product, broken down by SKU 4, from 2001 to the present. | See Mattel's Response to 9049 Request No. 452. |

## 2. The Discovery Master Erred in Compelling Mattel to Produce Irrelevant Documents About Employees' Disclosures of Inventions

| RFP No. 9049 | MGA's Request | Reason Request is Overbroad or Otherwise Objectionable |
|---|---|---|
| 545 | Each DOCUMENT evidencing a disclosure by a MATTEL employee of pre-employment inventions disclosed to MATTEL in connection with the employee's execution of MATTEL's CONFLICT OF INTEREST QUESTIONNAIRE. | The Request seeks every disclosure of an invention ever made by a Mattel employee in connection with Mattel's conflict of interest form, without time limitation, even though such disclosures are not tied to any claim in this suit. These disclosures have no bearing on any claim or defense in this case. |
| 558 | All DOCUMENTS relating to each disclosure, whether written or oral, made to MATTEL by a MATTEL employee or independent contractor of "Proprietary Subject Matter made or conceived during the term of [an employee's or independent contractor's] employment" as this phrase is used in MATTEL's "Proprietary Information Checkout" form. | By its terms, this request appears to seek every document relating to every disclosure by a Mattel employee to another Mattel employee of a product, design, idea or other "Proprietary Subject Matter." Mattel's employees introduce more than 2000 new toys each year. MGA's Request asks for documents related to each and every one of these products without time restriction. This is vastly overbroad both as to subject matter and time. |
| 559 | All DOCUMENTS relating to each COMMUNICATION, whether written or oral, made to MATTEL by a MATTEL employee or independent contractor of "inventions ... conceived or reduced to practice by [an employee or independent contractor] (alone or jointly by others) at any time during [an employee's or independent contractor's] employment by Mattel" as this phrase is used in the Inventions Agreement. | As with the above, this request appears to seek every document relating to every disclosure by a Mattel employee to another Mattel employee of a product, design, idea or other invention. Mattel's employees introduce more than 2000 new toys each year. MGA's Request asks for documents related to each and every one of these products without time restriction. This is vastly overbroad both as to subject matter and time. |

## 3. The Discovery Master Erred in Compelling Mattel to Produce Irrelevant Information Concerning Other Lawsuits

| RFP No. 9049 | MGA's Request | Reason Request is Overbroad or Otherwise Objectionable |
|---|---|---|
| 598 | ALL DOCUMENTS and COMMUNICATIONS REFERRING OR RELATING TO any demand, claim or lawsuit by MATTEL (other than this ACTION) alleging | The Request seeks every document relating to every claim – not just lawsuits or demands – made by Mattel with regard to its products. This grossly overbroad Request |

| RFP No. | MGA's Request | Reason Request is Overbroad or Otherwise Objectionable |
|---|---|---|
| **9049** | | |
| | infringement of MATTEL'S intellectual property rights in any CONTESTED MATTEL PRODUCT, any BARBIE product, or any DIVA STARS product. | does not relate to any claim in this suit. |
| 599 | ALL DOCUMENTS and COMMUNICATIONS REFERRING OR RELATING TO any demand, claim or lawsuit against MATTEL (other than this ACTION) alleging that any CONTESTED MATTEL PRODUCT, any BARBIE product, or any DIVA STARS product infringes the intellectual property rights of another PERSON. | This Request is grossly overbroad. It seeks all documents and communications referring or relating to "any demand, claim or lawsuit against MATTEL" other than this one, alleging that products that include, among others, all BARBIE products, infringe anyone's intellectual property rights. The request thus seeks irrelevant documents that, by definition, do ***not*** relate to any claim by MGA in this lawsuit. Moreover, with no limitation as to time, this Request is massively overbroad. |
| **9059** | | |
| 212 | All COMMUNICATIONS mentioning, referring to, or relating to any non-MATTEL lawsuit, litigation, arbitration or other legal proceeding to which MGA is or was a party. | This Request seeks wholly irrelevant documents. Seeking the universe of all documents referring or relating to any MGA-related lawsuit to which Mattel was not a party is plainly not narrowly tailored to seek information relevant to Phase 2. |
| 218 | All COMMUNICATIONS sent to or received from any party to any non-MATTEL lawsuit, litigation, arbitration or other legal proceeding to which MGA is or was party, or any agent or representative of such party, including such party's attorney. | This Request is overbroad as to both time and subject matter. Seeking the universe of all documents generated in the course of any MGA-related lawsuit to which Mattel was not a party is plainly not narrowly tailored to seek information relevant to Phase 2. |

## 4. The Discovery Master Erred in Compelling Overbroad Requests

| RFP No. | MGA's Request | Reason Request is Overbroad or Otherwise Objectionable |
|---|---|---|
| **9049** | | |
| 3 | All DOCUMENTS REFERRING OR RELATING TO the initial design and development of the doll YOU refer to as "a Mattel doll character called BARBIE" as asserted in paragraph 25 of YOUR ANSWER responding to paragraph 34 of the COMPLAINT. | This Request seeks all documents referring or relating to the initial design of "BARBIE" − a doll that was created more than 50 years ago. The design drawings, sculpts, internal memos, market research, approval memos, and other |

| RFP No. 9049 | MGA's Request | Reason Request is Overbroad or Otherwise Objectionable |
|---|---|---|
| | including but not limited to design drawings, sculpts, internal memos, MARKET RESEARCH, and approval memos. | documents sought could have no possible bearing on any issue in Phase 2. |
| 45 | ALL DOCUMENTS REFERRING OR RELATING TO MATTEL's purchase of doll hair, at any time since June 2001. | By its terms, this Request asks for every receipt, every purchase order, every email, etc., related to Mattel's purchase of doll hair for each of the dolls it has made for the past nine years.   Such a request far exceeds the scope of MGA's claims that Mattel tried to interfere with MGA's purchase of doll hair in October 2002.[6] |
| 98 | ALL COMMUNICATIONS, and all DOCUMENTS REFERRING OR RELATING TO any COMMUNICATIONS, between YOU on the one hand and any employee, officer, director, agent, representative, or counsel for any competitor of MGA REFERRING OR RELATING TO MGA, "BRATZ," or this lawsuit, or other litigation involving the parties hereto or their employees. | For this Request, "YOU" is defined by MGA to include all of Mattel's present and past employees or agents.  Thus, the Request seeks all documents referring or relating to communications, between any past or present Mattel employee and any employee or agent for a competitor of MGA that refers or relates to "MGA", "BRATZ", or *any* litigation involving Mattel or MGA or any employee of Mattel or MGA.  Such general categories of documents are not logically connected to any claim in this litigation. |
| 168 | ALL DOCUMENTS REFERRING OR RELATING TO YOUR COMMUNICATIONS with any third party regarding MY SCENE MY BLING BLING product with real gems, including but not limited to advertisements, announcements, memoranda, conversations, offers for sale, and purchase orders, including but not limited to any such COMMUNICATIONS made before May 12, 2006. | MGA claims that these documents are relevant because "MGA has alleged that Mattel is engaged in copying of MGA products, packaging, themes and advertising." However, responsive documents would include every invoice, every shipping statement, every purchase order, and countless communications Mattel has had with hundreds of retailers and licensees with which Mattel does business.  Thus, this Request is overbroad because it is not limited to documents related to the development of the packaging, themes, or advertising, or indeed even remotely related to such |

---

[6]   Complaint for False Designation of Origin, Affiliation, Association or Sponsorship, dated April 13, 2005, at ¶ 78, Dkt. No. 1 in Case No. CV-05-02727.

| RFP No. | MGA's Request | Reason Request is Overbroad or Otherwise Objectionable |
|---------|---------------|--------------------------------------------------------|
| 9049 | | issues. |
| 423 | All DOCUMENTS REFERRING OR RELATING TO unreleased "MY SCENE" products (including, but not limited to, fashion dolls, styling heads, play sets). | This Request seeks all documents referring or relating to any unreleased My Scene products. Even as limited by the Discovery Master (to issues including the conception and changes in the design of My Scene products, packaging, and advertising, the predecessors of My Scene products, and competitive analyses of the markets for My Scene products), the documents sought here are not tied to any of MGA's claims or defenses. |
| 462 | All COMMUNICATIONS, and all DOCUMENTS REFERRING OR RELATING TO such COMMUNICATIONS, with any buyers, merchandisers, general merchandise managers, retailers, suppliers, licensees, potential licensees, or licensing agents world wide in which YOU made comments about the launch or discontinuation of any "BRATZ" product or any other MGA products known to YOU. | By its terms, this Request far exceeds the scope of the issues in this case. MGA's Request seeks any communication between any past or present employee or agent of Mattel with almost any person about the launch or discontinuation of any BRATZ product or any other MGA product. Such general communications do not relate to any MGA claim in this action. |
| 463 | All COMMUNICATIONS, and all DOCUMENTS REFERRING OR RELATING TO such COMMUNICATIONS with any industry analysts world wide in which YOU made comments about the launch or discontinuation of any "BRATZ" product or any other MGA products known to YOU. | By its terms, this Request far exceeds the scope of the issues in this case. MGA's Request seeks any communication between any past or present employee or agent of Mattel with "industry analysts world wide" about the launch or discontinuation of any BRATZ product or any other MGA product. Such general communications do not relate to any MGA claim in this action. |
| 466 | All COMMUNICATIONS, and all DOCUMENTS REFERRING OR RELATING TO such COMMUNICATIONS, with any licensees, potential licensees, or licensing agents world wide in which YOU made comments about any potential business dealings between MGA and any such licensee, potential licensee, or licensing agent. | By its terms, this Request far exceeds the scope of the issues in this case. MGA's Request seeks any communication between any past or present employee or agent of Mattel with any "licensees, potential licensees, or licensing agents" about potential business dealings with MGA. |
| 583 | All DOCUMENTS and COMMUNICATIONS REFERRING OR RELATING TO the conception, | By its terms, the Request would require searches of multiple Mattel departments over multiple |

| RFP No. 9049 | MGA's Request | Reason Request is Overbroad or Otherwise Objectionable |
|---|---|---|
| | reduction to practice, design, marketing, or promotion of any CONTESTED MATTEL PRODUCT. | products, for documents that might "RELATE" to the products.  By seeking documents "REFERRING OR RELATING" to broad categories of documents, MGA makes no attempt to tie these categories to any allegations in the Complaint about these "CONTESTED" products – defined to mean "all MATTEL products at issue in this ACTION." While aspects of each of the referenced products are relevant, not every category of documents sought here – conception, reduction to practice, design, marketing, or promotion – is relevant to every Mattel product. |
| 606 | All DOCUMENTS and COMMUNICATIONS REFERRING TO OR RELATING TO changes or amendments made to MATTEL's employment contracts since BRYANT left MATTEL's employment on or about October 20, 2000. | This Request is irrelevant and overbroad.  Alterations to Mattel's employment agreements after Mr. Bryant's employment have no relevance to the interpretation of Mr. Bryant's own agreement.  Southern Pacific Transportation Co. v. Santa Fe Pacific Pipelines, Inc., 74 Cal.App.4th 1232, 1243 (Cal. App. 1 Dist. 1999) (conduct of the parties is only relevant to the interpretation of a contract term where the conduct takes place "before any controversy arises as to its meaning.")  Because MGA has not asserted any Phase 2 defenses based upon the enforceability of Mattel's employment contracts, employment inventions agreements, or conflict of interest questionnaires, it does not — and indeed, cannot — make any showing of relevance as to Phase 2.  Further, this issue has already been litigated in this case, and MGA has received the other versions of the agreements.[7]  MGA has not shown why those documents it has are insufficient. |
| 608 | All DOCUMENTS and | See Mattel's Response to 9049 |

---

[7]  See April 12, 2007 Order at 12-14 (Dkt. No. 898 ) .

| RFP No. 9049 | MGA's Request | Reason Request is Overbroad or Otherwise Objectionable |
|---|---|---|
| | COMMUNICATIONS REFERRING TO OR RELATING TO changes or amendments made to MATTEL's EMPLOYEE INVENTIONS AGREEMENT since BRYANT left MATTEL'S employment on or about October 20, 2000. | Request No. 606. |
| 610 | All DOCUMENTS and COMMUNICATIONS REFERRING TO OR RELATING TO changes or amendments made to MATTEL'S CONFLICT OF INTEREST QUESTIONNAIRE since BRYANT left MATTEL'S employment on or about October 20, 2000. | See Mattel's Response to 9049 Request No. 606. |
| 648 | All DOCUMENTS REFERRING TO OR RELATING TO HOLLY HOBBIE that also REFER TO OR RELATE TO BRATZ. | This Request is overbroad as to both time and subject matter. By its terms, the Request would call for any type of document – even e-mails – where the words BRATZ and HOLLY HOBBIE are used. Such incidental documents have no relevance to this case. In addition, Holly Hobbie is a product Mattel did not release until 2006, after the filing of MGA's Complaint. MGA has not made any allegations about Hollie Hobby in its pleadings or interrogatory responses. Further, even if there is any relevance to any of the documents sought by this Request at all, the vast majority of them will be marketing or sales comparisons that merely refer to both products but which have no bearing on any issue in this case. |
| 677 | All COMMUNICATIONS with any RETAILER that REFER OR RELATE to whether MY SCENE was a substitution or competitor of BRATZ, regarding competition between MY SCENE and BRATZ, similarities between MY SCENE and BRATZ, confusion between MY SCENE and BRATZ, and current and future plans for the advertising, promotion, marketing and sales of MY SCENE, or the lack thereof. | This Request is overbroad as to time and subject matter. There are no temporal limitations at all, and responsive documents would far post-date any Phase 2 issues. Among the documents sought in this Request are documents that REFER OR RELATE to "current and future plans for the advertising, promotion, marketing and sales of MY SCENE" – which MGA has not shown, nor could it show, have any bearing on any of MGA's allegations in this action. |
| 678 | All COMMUNICATIONS between | This Request is overbroad in that it |

| RFP No. 9049 | MGA's Request | Reason Request is Overbroad or Otherwise Objectionable |
|---|---|---|
|  | YOU, including your inside and outside counsel, on the one hand, and any PERSON including, but not limited to, UBISOFT, any former MGA employee, any former MATTEL employee, any current or former freelancer including, but not limited to, Steve Linker, Anna Rhee, Matt Bousquette, Adrienne Fontanella, Kris Lynch, Len Mazzocco, Pamela Brew Peretz, Rachel Harris, Barbara Miller, Victoria O'Connor, Kami Gillmour, Andreas Koch, Maureen Mullen Chianese, David Dees, Steve Tarmichael, Liz Hogan, Mercedeh Ward, Margaret Hatch Leahy, Jessie Ramirez, or any PERSON listed in any party's initial disclosures {as amended) on the other hand, REFERRING OR RELATING to (a) the design or development of any BRATZ product; (b) the project known as DIVA STARZ; (c) the allegations in this ACTION (including, without limitation, any facts underlying this ACTION or a PERSON's belief or view as to the merits of any claim or defense in this ACTION} or any facts underlying this ACTION; or (d) any MGA LAWSUIT (including, without limitation, any facts underlying the MGA LAWSUIT or a PERSON's belief or view as to the merits of any claim or defense in the MGA LAWSUIT). | has no limitations as time, seeks all communications between "MATTEL" and "any PERSON" referring or relating to BRATZ, Diva Starz, any MGA lawsuits other than this one, and "the allegations in this ACTION" or "any facts underlying this ACTION." This Request would sweep in any communication between any Mattel employee, ex-employee, or freelancer about matters as irrelevant as other MGA lawsuits not at issue here. It is vastly overbroad. |
| 694 | All COMMUNICATIONS between YOU, including your inside and outside counsel, on the one hand , and any PERSON on the other, including but not limited to HASBRO, UBISOFT, CITYWORLD, ART ATTACKS and FRED LARIAN REFERRING OR RELATING TO the allegations in this ACTION, or any MGA LAWSUIT (including, without limitation, any facts underlying this ACTION or MGA LAWSUIT or any PERSON's belief or view as to the merits of any claim or defense in this ACTION or MGA LAWSUIT). | This Request is overbroad in that it has no limitations as time, seeks all communications between "MATTEL" and "any PERSON" referring or relating to "the allegations in this ACTION, or any other MGA lawsuit." This Request would sweep in any communication between any Mattel employee, ex-employee, or agent about any matter that might "RELATE" to facts "underlying" this action. Thus, as phrased, it provides no definable criteria to locate documents. The Request is |

| RFP No. 9049 | MGA's Request | Reason Request is Overbroad or Otherwise Objectionable |
|---|---|---|
|  |  | also improper in that it expressly seeks communications between Mattel's inside and outside counsel and "any PERSON" – which, as defined by MGA, would include every attorney-client communication in this litigation. |
| 708 | DOCUMENTS sufficient to show customer rebates or credits given by YOU or YOUR licensees to customers in connection with MY SCENE DOLLS. | Even as limited by the Discovery Master to information relevant to MGA's damages calculation, this Request concerning rebates is overbroad. MGA previously sought such discovery but abandoned the issue before the Court after the obligations were made reciprocal. It would be obviously unfair to allow MGA to now revive this discovery in a one-sided manner in order to circumvent the prior ruling of the Court. |
| 725 | DOCUMENTS sufficient to show customer rebates and credits given by YOU or YOUR licensees to customers in connection with MY SCENE PRODUCTS. | Even as limited by the Discovery Master to information relevant to MGA's damages calculation, this Request concerning rebates is overbroad. MGA previously sought such discovery but abandoned the issue before the Court after the obligations were made reciprocal. It would be obviously unfair to allow MGA to now revive this discovery in a one-sided manner in order to circumvent the prior ruling of the Court. |
| 776 | All DOCUMENTS REFERRING OR RELATING to any purchase or acquisition by MATTEL of a BRATZ product or accessory, including but not limited to, all invoices, receipts, and purchase orders. | This Request is overbroad and irrelevant. "MATTEL" is defined to include any Mattel employee, past or present. As phrased, the Request seeks every document relating to any of these individuals' purchase of any BRATZ product or accessory. Thus, if a Mattel employee purchases a BRATZ doll for his child, the receipt would be responsive to this Request. Mattel should not be required to search for such irrelevant documents. |
| 787 | All DOCUMENTS REFERRING OR RELATING to any survey, focus group, consumer research or other market research (whether conducted by | The Request has no limitation as to time, and seeks all documents referring or relating to any consumer or market research |

| RFP No. | MGA's Request | Reason Request is Overbroad or Otherwise Objectionable |
|---|---|---|
| 9049 | | |
| | MATTEL or any third party) concerning MY SCENE, BRATZ, or BARBIE, including but not limited to the focus groups discussed on page 132 of the deposition of Kumi Croom. | concerning, among other things, Barbie – a product that has been on shelves for more than 50 years. Mattel should not be required to search for such documents when they clearly do not have any arguable relevance to the claims in this suit. |

| RFP No. | MGA's Request | Reason Request is Overbroad or Otherwise Objectionable |
|---|---|---|
| 9059 | | |
| 5 | All DOCUMENTS mentioning, referring or relating to BRATZ DOLLS, if YOU seek in this case to enjoin the sale of BRATZ DOLLS, or seek, as any part of YOUR recovery or damages in this case, any right or interest in, revenues or profits from, or lost profits or other damages caused by BRATZ DOLLS. | This Request is vastly overbroad as to both time and subject matter. Seeking all documents mentioning or relating to the BRATZ dolls clearly reaches a broad range of documents have no relevance to the claims in this case. Mattel has industry reports, newspaper articles, and countless other documents that could relate to BRATZ dolls but which are public information and in no way related to any issues in this case. Anyone in the company could have a document referring or relating to a BRATZ doll, including because they received a Toys R' Us catalog or weekly paper with an advertisement |
| 7 | All DOCUMENTS mentioning, referring or relating to the BRATZ PACK, if YOU seek in this case to enjoin the sale of the BRATZ PACK, or seek, as any part of YOUR recovery or damages in this case, any right or interest in, revenues or profits from, or lost profits or other damages caused by the BRATZ PACK. | This Request is overbroad as to both time and subject matter. Seeking all documents mentioning BRATZ PACK – defined to mean any grouping of two or more BRATZ images – clearly reaches a broad range of documents that have no relevance to the claims in this case. Mattel has industry reports, newspaper articles, and countless other documents that could relate to the BRATZ PACK but which are public information and in no way related to any issues in this case. Anyone in the company could have a document referring or relating to the BRATZ PACK, including because they received a Toys R' Us catalog or weekly paper with an advertisement. |

| RFP No. | MGA's Request | Reason Request is Overbroad or Otherwise Objectionable |
|---|---|---|
| 9059 | | |
| 9 | All DOCUMENTS mentioning, referring or relating to LIL' BRATZ, if YOU seek in this case to enjoin the sale of LIL' BRATZ, or seek, as any part of YOUR recovery or damages in this case, any right or interest in, revenues or profits from, or lost profits or other damages caused by LIL' BRATZ. | This Request is overbroad as to both time and subject matter. Seeking all documents mentioning LIL' BRATZ clearly reaches a broad range of documents have no relevance to the claims in this case. Mattel has industry reports, newspaper articles, and countless other documents that could relate to LIL' BRATZ but which are public information and in no way related to any issues in this case. Anyone in the company could have a document referring or relating to LIL' BRATZ, including because they received a Toys R' Us catalog or weekly paper with an advertisement |
| 11 | All DOCUMENTS mentioning, referring or relating to BRATZ PETZ, if YOU seek in this case to enjoin the sale of BRATZ PETZ, or seek, as any part of YOUR recovery or damages in this case, any right or interest in, revenues or profits from, or lost profits or other damages caused by BRATZ, PETZ. | This Request is overbroad as to both time and subject matter. Seeking all documents mentioning BRATZ Petz clearly reaches a broad range of documents have no relevance to the claims in this case. Mattel has industry reports, newspaper articles, and countless other documents that could relate to BRATZ Petz but which are public information and in no way related to any issues in this case. Anyone in the company could have a document referring or relating to BRATZ Petz, including because they received a Toys R' Us catalog or weekly paper with an advertisement |
| 13 | All DOCUMENTS mentioning, referring or relating to BRATZ BABYZ, if YOU seek in this case to enjoin the sale of BRATZ BABYZ, or seek, as any part of YOUR recovery or damages in this case, any right or interest in, revenues or profits from, or lost profits or other damages caused by BRATZ BABYZ. | This Request is overbroad as to both time and subject matter. Seeking all documents mentioning BRATZ BABYZ clearly reaches a broad range of documents have no bearing on any issue in the case. Mattel has industry reports, newspaper articles, and countless other documents that could relate to BRATZ Babyz but which are public information and in no way related to any issues in this case. Anyone in the company could have a document referring or relating to BRATZ Babyz, including because they received a Toys R' Us catalog |

| RFP No. 9059 | MGA's Request | Reason Request is Overbroad or Otherwise Objectionable |
|---|---|---|
| | | or weekly paper with an advertisement |
| 15 | All DOCUMENTS mentioning, referring or relating to BRATZ BOYZ, if YOU seek in this case to enjoin the sale of BRATZ BOYZ, or seek, as any part of YOUR recovery or damages in this case, any right or interest in, revenues or profits from, or lost profits or other damages caused by BRATZ BOYZ. | This Request is overbroad as to both time and subject matter. Seeking all documents mentioning BRATZ Boyz clearly reaches a broad range of documents that have no bearing on any issue in the case. Mattel has industry reports, newspaper articles, and countless other documents that could relate to BRATZ Boyz but which are public information and in no way related to any issues in this case. Anyone in the company could have a document referring or relating to BRATZ Boyz, including because they received a Toys R' Us catalog or weekly paper with an advertisement |
| 18 | All DOCUMENTS referring or relating to the BRATZ CONCEPT that YOU have given or shown to any person working on or involved in product conception, creation, design or development at or for MATTEL. | This Request is overbroad as to both time and subject matter. First, all documents referring to the BRATZ "concept" is a broad category, unlimited even by specific doll or product line and, likewise, "any person working on or involved in product conception, creation, design or development" would include a wide range of individuals who are otherwise completely unknowledgeable about this case. The vast majority of these documents have no bearing on any issue in the case. Further, to the extent the request seeks documents related to Mattel's Bratz line, the Court has specifically ruled that such documents have no relevance to the case. |
| 189 | All DOCUMENTS mentioning, referring to, or relating to any consideration given by MATTEL to acquiring MGA. | This Request is irrelevant. MGA has made absolutely no showing, nor can it, that any documents referring to any consideration of a merger between MGA and Mattel would be relevant at all to Phase 2, or indeed any aspect of this case. Moreover such documents would be protected by Fed. R. Evid. 408. |

# APPENDIX 2

1 | QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
     John B. Quinn (Bar No. 90378)
2 |   (johnquinn@quinnemanuel.com)
     Michael T. Zeller (Bar No. 196417)
3 |   (michaelzeller@quinnemanuel.com)
     Jon D. Corey (Bar No. 185066)
4 |   (joncorey@quinnemanuel.com)
     865 South Figueroa Street, 10th Floor
5 | Los Angeles, California 90017-2543
     Telephone:  (213) 443-3000
6 | Facsimile:  (213) 443-3100

7 | Attorneys for Mattel, Inc.

8 |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>MGA ENTERTAINMENT, INC., a California corporation, et al.,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 DOC (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>Hon. David O. Carter<br><br>**DECLARATION OF PHILIP MOORE IN SUPPORT OF MATTEL, INC.'S OBJECTIONS TO PORTIONS OF DISCOVERY MASTER ORDER NOS. 89 AND 91**<br><br>Hearing Date:  TBD<br>Time:  TBD<br>Place:  TBD<br><br>**Phase 2**<br>Disc. Cut-off:  TBD<br>Pre-trial Conf.:  TBD<br>Trial Date:  TBD |

00505.07975/3325407.4

## **DECLARATION OF PHILIP MOORE**

I, Philip Moore, declare as follows:

1.      I am Senior Director of Global Information Technologies for Mattel, Inc. ("Mattel"). I make this declaration of personal, firsthand knowledge, review of the corporate records available to me, and my knowledge of Mattel and its operations, and, if called and sworn as a witness, I could and would testify competently thereto.

2.      As part of my responsibilities at Mattel, I work with Mattel's information technology systems. Accordingly, I am familiar with Mattel's global information technology resources as well as the information technology resources used by Mattel's El Segundo headquarters.

3.      Mattel maintains an extensive network of computer servers and regularly upgrades and expands it. Mattel recently performed an in-depth inventory of its computer server infrastructure and determined that it currently maintains over 1,215 computer servers in numerous locations throughout the United States; in Mexico it maintains 20 servers; in Canada it maintains 4 servers.

4.      The computer servers that hold the bulk of Mattel's operational information in the United States alone contain over 360 terabytes of data, consisting of a wide variety of product information, programs, and documents maintained in the normal course of Mattel's business. Mattel maintains two email servers in El Segundo that cumulatively hold over 2.4 terabytes of data. Mattel's domestic electronic mail systems currently use nine servers, which host more than 5,600 users. Mattel employees communicate with each other, and with Mattel business partners, including vendors, retailers, distributors, manufacturers, shippers and so forth, by email. Hundreds of thousands of emails are sent from or received by Mattel's e-mail users in El Segundo alone each workday.

5.      Searching for data on all of Mattel's servers in the United States, Mexico and Canada would entail extraordinary burdens and be an extremely labor-

1 intensive project. First, Mattel's servers contain hundreds of different types of files
2 and environments, each of which presents unique search issues that cannot be
3 addressed using a single search tool. Many of the files and data formats on Mattel's
4 servers cannot be meaningfully searched except on a manual, file-by-file basis, and
5 in particular cannot be searched through the use of keywords. For example,
6 Mattel's Zeus system, which is a computer system largely used by Mattel designers
7 and engineers, consists largely of highly complex graphical files whose content
8 cannot be searched by keywords. The Zeus system alone contains more than 80
9 terabytes of data, which equates to 80,000 gigabytes. Given the sheer size and the
10 numerous different types of files in the Zeus system, it is impossible for me to
11 estimate precisely how long it would take to manually wade through all of that data,
12 but the number of man hours required would be astronomical.

13      6.     The Zeus system is just a part of the more than 1,200 domestic servers
14 maintained by Mattel. Many others contain graphical files which are not word
15 searchable as well; in fact, it is likely that more than 90% of Mattel's servers contain
16 at least some such files. In addition, a great many of Mattel's servers contain
17 databases, system tools and applications, and other graphical and numerical type
18 information that are not searchable by keyword. Many of Mattel's servers also
19 contain information that can only be accessed through a proprietary, "front-end"
20 system, such as Oracle, and thus are not searchable by any search tool and would
21 have to be manually reviewed through the proprietary software program. Because
22 the process would be so difficult and labor intensive (and because it has never been
23 done before at Mattel, to my knowledge), I cannot meaningfully calculate how long
24 it would take to search all of Mattel's 1,239 North American servers for what I
25 understand to be hundreds of categories of documents. However, given the numbers
26 above for Zeus alone, the man hours required would be phenomenally large and far
27 beyond Mattel's existing IT staff workload capabilities.

28

1       7.    Second, even putting aside the vast quantities of information that

2  simply cannot be keyword searched, the costs of searching the servers are extremely

3  high. I estimate that it would cost Mattel at least several million dollars to deploy

4  the appropriate software tools that would permit keyword searching of those files

5  resident on Mattel's servers that contain searchable information. That is just the

6  cost of developing tools required to enable the type of large scale keyword searching

7  at issue here (i.e., searching for hundreds of categories of documents across more

8  than 1,200 servers). Mattel would also incur substantial labor costs in either hiring

9  new employees or contracting with a vendor to actually conduct the searches and

10  compile the resulting documents.

11       8.    Moreover, system-wide searches of Mattel's data, including company

12  critical data such as financial reporting information and product development

13  information, could pose security risks and could compromise the operational

14  efficiency and integrity of the data that Mattel relies on upon a daily basis to

15  compete in the marketplace and to comply with its regulatory and reporting

16  obligations. This is because in order to carry out data searches, whether using

17  industry standard enterprise search tools or more rudimentary tools, the layers of

18  security around servers must be compromised (including security related to file

19  systems, firewalls, network access controls, and others). Such compromises could

20  cause data losses and system malfunctions that could severely impact Mattel's

21  business operations and regulatory compliance.

22

23

24

25

26

27

28

9.     In addition, large-scale data searches such as this will impair the performance of Mattel's servers and network.  These searches would require significant amounts of bandwidth, and must be performed while the servers are "live."  As a result, the performance of Mattel's servers and network, particularly with latency, will be significantly diminished, thus reducing the productivity of Mattel's business resources.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 18 th day of February, 2010, at El Segundo, California.

Philip Moore