QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  (johnquinn@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>MGA ENTERTAINMENT, INC., a California corporation, et al.,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 DOC (RNBx)<br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>Hon. David O. Carter<br><br>**MATTEL, INC.'S EX PARTE APPLICATION TO STAY ENFORCEMENT OF DISCOVERY MASTER ORDER NOS. 89 AND 91 PENDING RESOLUTION OF MATTEL'S OBJECTIONS, AND/OR FOR AN EXTENSION;**<br><br>**DECLARATION OF JONATHAN LAND**<br><br>Date: TBD<br>Time: TBD<br>Place: Courtroom 9D<br><br>**Phase 2**<br>Discovery Cut-off: TBD<br>Pre-trial Conference: TBD<br>Trial Date: TBD |

00505.07975/3329201.1

MATTEL, INC.'S APPLICATION FOR STAY PENDING OBJECTION TO DM ORDER NO. 89

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that plaintiff Mattel, Inc. ("Mattel") will, and hereby does, apply *ex parte* to stay enforcement of Discovery Master Order No. 89, as amended by Order No. 91, dated February 2, 2010, and/or for an extension of the deadlines for compliance set by the Discovery Master and the Court. The Court has ordered compliance with Order No. 89 (applying to 888 requests) by February 22, 2010, and compliance with the remaining 27 requests compelled in Order No. 91 is required by March 4, 2010. A failure to stay or extend the Orders will make this Court's review of them moot, and Mattel's objections to the Orders are meritorious. Moreover, an extension is in order in any case: it is simply not possible for Mattel (or any company) to comply with the Orders in the time frame permitted because, as set forth more fully in Mattel's objections, the Orders compelled a broad search of every Mattel server in North America (more than 1,200 servers total), and more than 200 additional hard drives, for nearly a thousand Requests for Production. Accordingly, Mattel seeks an Order staying Order Nos. 89 and 91 pending resolution of Mattel's objections so that a realistic deadline for any ordered compliance may be set once the merits of those objections are heard. In the alternative, Mattel seeks an extension on compliance with the Orders until April 30, 2010.

This Motion is based on this Application, the accompanying Memorandum of Points and Authorities, the supporting declaration of Jonathan Land, Mattel's Objections to Order No. 89 and 91 and the supporting declarations submitted therewith, any matters of which the Court may take judicial notice, and such further evidence and argument as may be presented at or before the hearing on this matter.

### Statement of Compliance

Pursuant to Local Rule 7-19, on February 18, 2010 Mattel gave notice of this Application and the relief being sought to counsel for the MGA Parties, Annette Hurst of Orrick, Herrington & Sutcliffe, LLP (email: ahurst@orrick.com, telephone:

1  (415) 773-4585, and Warrington Parker of Orrick, Herrington & Sutcliffe, LLP
2  (email: wparker@orrick.com), address: 405 Howard Street, San Fransico, CA).
3  Counsel for the MGA Parties has not responded to date.
4
5  DATED:  February 18, 2010           QUINN EMANUEL URQUHART OLIVER &
                                       HEDGES. LLP
6
7
                                       By /s/ Michael T. Zeller
8                                         Michael T. Zeller
                                          Attorneys for Mattel. Inc.
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Preliminary Statement**

Mattel respectfully requests a stay of Order Nos. 89 and 91 pending resolution of its objections to those Orders, filed contemporaneously herewith, and/or an extension of the deadlines for compliance. The Court has observed that "compliance with a discovery order may be impracticable and result in an unfair and irreversible outcome when a meritorious objection and/or motion to reconsider is pending. (Dkt. No. 7482 at 4). Both are true here.

Mattel has objected to the Orders on two primary grounds: (1) their onerous new search requirements – including requirements that Mattel search over 1,200 servers throughout North America – are improper as a matter of law, and (2) 71 of the compelled requests for production are overbroad and irrelevant. A stay should be granted so that those objections can be heard and decided before compliance is due. As Mattel explains in its objections more fully, compliance with the Orders, as written, presents literally unprecedented burdens and obstacles, and among other harms would jeopardize the security and operations of Mattel's computer systems. Mattel should not have to incur tens of millions of dollars and potentially compromise its own computers to attempt to comply with what are, in Mattel's view, clearly improper Orders by the Discovery Master requiring Mattel to do the impossible. Indeed, compliance prior to resolution of Mattel's objections would unfairly and irreversibly moot most or all of those objections, since the primary harm that Mattel seeks to avoid through the objections is the remarkably overbroad searches that have been ordered.

In any case, full compliance with Order No. 89 by the February 22, 2010 deadline is simply impossible. The Order requires Mattel to perform unprecedented and massive electronic searches across more than 1,200 computer servers totaling hundreds of terabytes of data scattered throughout North America, and further requires searches of more than 200 individuals' hard drives and files. Many of the ordered searches could only be done manually – meaning that many of the servers

holding more information than the Library of Congress would have to be manually reviewed, file by file. Even with unlimited amounts of man-hours and money, the technology available today dictates that collection and review on this huge scale cannot be completed by February 22.

This is not an effort to cause unnecessary delays in producing documents. Far from it, Mattel is proceeding expeditiously to gather and produce documents in response to the more than 800 requests from Order No. 89 to which Mattel does not object, and has dedicated dozens of attorneys to work full-time on document collection and production in this matter. Mattel expects to produce many thousands of documents on a rolling basis in the coming days. Mattel seeks a stay to avoid undue prejudice, not to cause delay; and to that end, Mattel requests that its objections be resolved as quickly as possible.

## Argument

### I. WITHOUT A STAY, MATTEL'S RIGHT TO APPEAL THE ORDERS WILL BE EVISCERATED

Order No. 89 contemplates a radically expanded electronic search of more than 1,200 computer servers scattered throughout North America, as well as production of documents in response to grossly overbroad requests seeking, for example, all documents referring or relating to Bratz dolls. If Mattel were required to search for and produce these documents *before* its objections can be heard, its right to appeal the Discovery Master's Order will be meaningless – the burden and expense will have been incurred, and the documents produced. See Mattel's Objections to Portions of Discovery Master Order Nos. 89 and 91, dated February 18, 2010 and Declaration of Philip Moore in support thereof. Such prejudice warrants a stay pending review of the Order. See Mission Power Engineering Co. v. Continental Casualty Co., 883 F. Supp. 488 (C.D. Cal. 1995) (*ex parte* is warranted upon a showing of prejudice).

Even if Mattel could perform the sweeping electronic searches by February 22 (it cannot, nor could any company), compliance would require production with literally no time for review for responsiveness or privilege. The February 22 deadline thus puts Mattel in the impossible position of either defying the Order or producing massive amounts of un-reviewed, irrelevant and potentially privileged material. As MGA pointed out in its recent request for a stay of compliance with Discovery Master Order No. 90 (which Mattel did not oppose), production of potentially privileged information justifies a stay of a discovery order pending review. See, e.g., Weirton Steel Corp. Liquidating Trust v. Zurick Specialties London, Ltd., 2009 WL 357888, at *3 (N.D. W. Va. Feb. 12, 2009) (staying order of Magistrate Judge requiring production of documents claimed to be protected by attorney-client privilege); Srebnik v. Dean, 2006 WL 1041788, at *1-2 (D. Colo. Apr. 19, 2006) (same).

Indeed, as discussed in Mattel's objections, it appears the Discovery Master did not fully appreciate the burden and scope of the electronic searches required by Order No. 89. See Order No. 89 at 19 (rejecting MGA's proposal that Mattel "search dozens of servers" because MGA had "fall[en] short" of justifying that request, but nonetheless ordering a search of all North American servers – more than *1,200* in all). A stay should issue, and the deadline for Mattel to comply with any new electronic search requirements should be based on the scope and burden of those requirements – an issue that will not be resolved until Mattel's objections are heard. Mattel respectfully submits that, after ruling on its objections to Order No. 89, the Court set a new compliance schedule, or remand the issue to the Electronic Discovery Special Master for consideration of an appropriate compliance schedule in light of the scope and burden of any new electronic search obligations.

## II.   AN EXTENSION SHOULD BE GRANTED

As discussed more fully in Mattel's Objections to Discovery Master Order No. 89 and the accompanying declaration of Philip Moore, Mattel has

approximately 1,239 servers in North America, containing many hundreds of terabytes of data.[1]  A great deal of the information stored on these servers cannot be keyword searched; searching it would require a manual review of unprecedented scope.[2]  Moreover, gathering and searching the hard drives and files of more than 200 people, as Order No. 89 requires, would take months of time, even with the substantial resources Mattel has committed.[3]  In fact, given the limits of technology, even with *unlimited* money and resources Mattel would not be able to complete a search and production on this scale (or, frankly, even come close to completing it) by February 22, 2010.[4]  Searches of thousands of servers scattered through the country, containing hundreds of terabytes of data, simply cannot be performed in a matter of weeks with the technology available today.[5]  As noted in Mattel's objections, the hundreds of terabytes Order No. 89 requires to be searched are many times the size of the Library of Congress.  There is simply too much data to be searched in the time frame mandated by the Discovery Master.[6]  Even without regard to the pending appeal, an extension of time would be required for compliance.

Mattel's compliance efforts are well underway and ongoing, and they will continue at full speed regardless of the Court's ruling on this matter.  In fact, Mattel currently has literally dozens of outside attorneys as well as multiple third party vendors working full time collecting and reviewing documents for production in this matter. Mattel has already collected, reviewed, and is producing thousands of documents in response to the unchallenged portions of Order No. 89, and will continue to collect, review and produce documents in response to the 800

---

[1] Declaration of Philip Moore, dated February 18, 2010, at ¶¶ 3-4.
[2] Moore Decl., at ¶¶ 5-6.
[3] Declaration of Jonathan Land, filed concurrently, ¶¶ 2-3.
[4] Id.
[5] Id.
[6] Id.

unchallenged requests as expeditiously as possible. An extension and/or stay will not impede discovery, as Mattel's ongoing efforts to comply with the overwhelming majority of requests at issue in Order Nos. 89 and 91 will continue apace. But an extension and/or stay is critically needed because full compliance by the ordered deadline is simply not feasible, despite Mattel's best efforts.

## Conclusion

For the foregoing reasons, Mattel requests that the Court stay compliance with Discovery Master Order Nos. 89 and 91 pending resolution of Mattel's objections and/or extend the deadlines for compliance until April 30, 2010.

DATED: February 18, 2010          QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP


                                  By /s/ Michael T. Zeller
                                     Michael T. Zeller
                                     Attorneys for Mattel, Inc.