UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTEL, INC.,<br><br>  Plaintiff(s),<br><br>  v.<br><br>MGA ENTERTAINMENT, INC.,<br><br>  Defendant(s).<br>_____ | CASE NO. CV 04-9049 DOC (RNBx)<br><br>**O R D E R HOLDING IN ABEYANCE REQUEST TO COMPEL DEPOSITION OF MATTHEW BOUSQUETTE IN SANTA ANA, CALIFORNIA** |

Before the Court is MGA Entertainment, Inc. and Isaac Larian (collectively the "MGA Parties") request for the Court's "assistance" in requiring Mr. Matthew Bousquette ("Bousquette"), a former Mattel executive, to attend a deposition in Santa Ana, California (the "Motion to Compel"). After considering the moving and opposing papers, the Court HOLDS IN ABEYANCE the Motion to Compel.

Bousquette served as the President of Mattel Brands between April 1999 to December 2005. *See* Declaration of Matthew Bousquette in support of Response to Motion to Compel, ¶ 2. Bousquette now serves as the Chief Executive Officer and Chairman of Enesco,

Inc., which is headquartered in Itasca, Illinois. *Id.*, ¶ 3. Presumably as a result of his employment, Mr. Bousquette lives in Hinsdale, Illinois. *Id.*, ¶ 4.

Bousquette was one of the twenty-five witnesses selected for a Phase 2 deposition by the MGA Parties in accordance with the Court's direction. Mattel consented to the MGA Parties request that Bousquette appear for deposition. Prior to Bosqeutte's selection by the MGA Parties and Mattel's consent to Bousquette's selection, the Court instructed both parties that Phase 2 depositions, including depositions of critical witnesses, were to take place in Santa Ana, California, so that the Court could attend to any deposition-related disputes with haste. The Court has since excused a few deponents from having to appear in Santa Ana, but only upon a showing of need and/or a stipulation between the parties.

Bousquette has retained his own counsel in connection with this litigation, Caldwell Leslie & Proctor, PC, and has submitted a brief in opposition to the MGA Parties' request. (*See* Dkt. 7515.) Bousquette represents, and the MGA Parties do not dispute, that he is willing to appear for deposition in Illinois or by video conference. *See* Bousquette Decl. ¶¶ 6-8. Though Bousquette appeared for a Phase 1 deposition in California on May 15, 2008, he contends that he was still in the process of moving to Illinois when that occurred. *Id.* ¶ 4. Now, claiming myriad professional and personal commitments that preclude him from traveling away from Illinois, and invoking Federal Rule of Civil Procedure 45(c)(1)(A)(ii), Bousquette indicates that he is unwilling to appear in Santa Ana for his noticed deposition. *See id.* ¶¶ 6-7; *see also* Dkt. 7515 at 1. Bousquette hopes that Mattel will reimburse his legal fees in connection with this litigation. *See* Bousquette Decl. ¶ 2.

Pursuant to Court order, Mattel's opposition brief was submitted on February 17, 2010, one day after the MGA Parties filed their moving papers. Though Mattel represents that the "[MGA Parties] . . . insisted that [Bousquette] appear in Santa Ana," *see* Dkt. 7519 at 3:15-17, it concedes, in a footnote, that "MGA has tentatively agreed to depose Mr. Bousquette in the Chicago area, provided that the parties can agree to a mutually convenient date." *Id.* at 4 n. 5. The Court is unclear as to whether Mattel's footnote was inserted at the eleventh hour, after the parties had an opportunity to confer following the submission of the MGA Parties' moving

2

1 papers.  Nor is the Court clear as to whether the reference to "parties" in footnote 5 of Mattel's
2 brief is intended to include Bousquette.  To the extent that it is not, the Court reminds the parties
3 to this lawsuit that deposition deadlines are fast approaching and dilatory tactics in scheduling
4 and conducting depositions may result in adverse consequences at the time of trial.

5       Given Mattel's representation as to the MGA Parties' willingness to conduct
6 Bousquette's deposition in Illinois, a ruling on the MGA Parties' Motion to Compel is
7 premature.  The Court therefore HOLDS IN ABEYANCE the Motion to Compel.  The Court
8 further ORDERS the MGA Parties and Mattel to meet and confer on or before 2:00 p.m. on
9 February 19, 2010 and inform the Court of the date and location of Bousquette's deposition on
10 or before 5:00 p.m. on February 19, 2010.  In the event that the parties have not reached an
11 agreement, the Court will resume its consideration of Mattel's Motion to Compel.

17 IT IS SO ORDERED.
18 DATED: February 18, 2010

_____
DAVID O. CARTER
United States District Judge

3