QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  michaelzeller@quinnemanuel.com
  Jon D. Corey (Bar No. 185066)
  joncorey@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation,<br><br>             Plaintiff,<br><br>      vs.<br><br>MGA ENTERTAINMENT, INC., a California corporation, et al.,<br><br>             Defendants.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 DOC (RNBx)<br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>Hon. David O. Carter<br><br>**MATTEL, INC.'S OBJECTIONS TO PORTIONS OF DISCOVERY MATTER AMENDED ORDER NO. 92**<br><br>Date:  March 15, 2010<br>Time:  8:30 a.m.<br>Place:  Courtroom 9D<br><br>**Phase 2**<br>Discovery Cut-off:  TBD<br>Pre-trial Conference:  TBD<br>Trial Date:  TBD |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on March 15, 2010, at 8:30 a.m., or as soon as counsel may be heard, in the Courtroom of The Honorable David O. Carter, located at 411 West Fourth Street, Santa Ana, California 92701, plaintiff Mattel, Inc. ("Mattel") will, and hereby does, move the Court to overrule portions of the Discovery Master's Amended Order No. 92, dated February 16, 2010 relating to 12 documents currently withheld as allegedly privileged by Omni 808 Investors, LLC ("Omni"). Mattel asks that this Court review those documents applying the proper legal standard for determining the privilege in email chains; and, if appropriate based on that review, order their production to Mattel.

This Motion is made on the grounds that the Discovery Master's Order was contrary to law because the only explanation given was clearly erroneous as a matter of law, and because Omni has not met its burden of justifying these privilege claims.

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities and all other matters of which the Court may take judicial notice.

**Statement of Compliance**

The parties conferred regarding the issues raised in Mattel's Objections on August 19, 2009.

DATED: February 19, 2010         QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

                                 By /s/ Michael T. Zeller
                                   Michael T. Zeller
                                   Attorneys for Mattel, Inc.

**Preliminary Statement**

As the Court knows, Mattel has been trying to get to the bottom of the Wachovia debt purchase and the related obstruction of justice issues for more than a year. Omni and MGA have made those efforts more difficult both by flatly refusing to produce documents and, we now know, by withholding as privileged non-privileged communications. In particular, the Discovery Master recently ruled, by Orders dated February 11 and 16, 2010, that numerous compelled communications withheld by Omni as privileged were not privileged at all and must be produced.

Nevertheless, the Discovery Master ruled that 12 email chains that apparently contain both privileged and non-privileged communications could be withheld in their entirety, reciting the same erroneous legal principles used in Order No. 87 and previously addressed by the Court. In particular, the Discovery Master ruled that an email chain that contains both privileged and non-privileged "subparts" properly may be withheld *in its entirety* as privileged regardless of whether the non-privileged portions have been separately produced: "[E]ven though one email is not privileged, a subsequent and privileged email which forwards that non-privileged email, will allow the privilege to attach to the entire email chain, including the non-privileged email message."[1] That was clear error. Mattel does not know to what extent this error infected the rulings in the Orders because no explanation has been given for why the dozen listed documents are properly withheld as privileged. But given the recitation of an erroneous legal standard and the lack of any other stated basis for the rulings that documents are properly withheld, Mattel has no choice but to object.

---

[1] Discovery Matter Amended Order No. 92, dated February 16, 2010 (Dkt. No. 7499) at 3:22-26 (citation omitted).

## Relevant Background

Mattel sets forth below a concise and limited summary of the relevant factual background for these objections.[2]

<u>Omni's Privilege Log Includes Numerous Business Communications</u>. After months of tactical delays—which the Discovery Master expressly found were not justified[3]—Omni finally produced a privilege log listing documents that had been compelled months earlier but that it was withholding on privilege grounds. Among other issues, the log showed that Omni appeared to be withholding numerous non-legal communications regarding ordinary business matters related to the Wachovia transaction. In particular, many communications between Omni's business employees and another in-house employee, Kevin Tanna, were listed with descriptions that appeared, at best, to concern mixed business and legal issues, if not purely business matters. Omni described Mr. Tanna as its in-house counsel, but his title is also Vice President of Development at Omninet and, as Mattel showed in briefing before the Discovery Master that led to his Order for *in camera* review, Mr. Tanna clearly had a business role in the transaction.[4] On Mattel's motion, the Discovery Master ordered 27 communications with Tanna submitted for review.[5]

<u>The Discovery Master Finds That More Than Half Of Omni's In-House Counsel Communications Were Improperly Withheld</u>. On February 11 and 16, 2010, the Discovery Master issued Order No. 92 and Amended Order No. 92, which set forth the results of the previously ordered *in camera* review. The Discovery Master found that more than half of Omni's withheld in-house counsel communications are not

---

[2] A more fulsome history, should the Court wish to review it, may be found in the Discovery Master's Order No. 3, dated March 10, 2009 (Dkt. No. 4992), Order No. 27, dated May 6, 2009 (Dkt No. 5365), Order No. 51, dated August 26, 2009 (Dkt No. 6456), Order No. 88, dated December 8, 2009 and Amended Order No. 92 and corresponding briefing submitted by the parties.
[3] <u>See</u> Order No. 51 at 21.
[4] <u>See</u> Order 88 at 8-9.
[5] <u>See</u> Order 88 at 9.

privileged and ordered them produced without redaction.[6] However, the Discovery Master ruled that another 12 in-house counsel communications properly may be withheld in their entirety.[7] Mattel's objections relate to these 12 communications.[8]

**Argument**

I. **THE TWELVE COMMUNICATIONS SHOULD BE REVIEWED *IN CAMERA* AND, IF APPROPRIATE, ORDERED PRODUCED IN WHOLE OR IN PART**

Mattel has no practical ability to verify or assess the Discovery Master's rulings that these documents properly may be withheld as privileged. Given the structure of the Orders (general legal discussion followed by unexplained rulings), Mattel remains in the dark as to why certain of Omni's privilege assertions purportedly are proper.[9] However, as with Order No. 87, a critical error in Amended Order No. 92's discussion of legal principles strongly suggests that the rulings upholding the privilege may be erroneous. The issue is how to treat email chains that contain both privileged and non-privileged subparts—whether they should be withheld in their entirety as privileged or whether the non-privileged portions, which have not been independently produced, should be ordered produced in redacted form. The Discovery

---

[6] Amended Order No. 92 at 5:18-21 (ordering 15 of 27 documents produced).
[7] See id.
[8] Mattel does not know the details of what prompted the amendment to the Order; according to the Amended Order, the amendment resulted from an apparently *ex parte* communication from Omni to the Discovery Master on or about February 12, 2010. See Amended Order 92 at 1:1-6. Based on this email, the Discovery Master held that one entry that had been previously ordered produced could be withheld in its entirety and deleted all reference to another entry. See Order 92 at 5:16-20; Amended Order 92 at 5:18-21.
[9] Because the Amended Order "fails to explain in any way the reasons underlying [the] specific conclusions regarding [the specific claims] of work product immunity and attorney-client privilege," it is appropriate to review the Order with "particular and painstaking care." Burton v. R.J. Reynolds Tobacco Co., 200 F.R.D. 661, 668 (D. Kan. 2001).

Master concluded that the presence of *some* privileged material in the chain renders the entire thread privileged.[10] That is just wrong.

Because "[a]lmost all" of the Omni communications at issue "constitute e-mail chains, each of which forwards multiple past communications," the Discovery Master correctly recognized that the appropriate resolution "requires analysis into each of the e-mail communication in the chain, since '[e]ach email is a separate communication, for which a privilege may or may not be applicable.'"[11] Nevertheless, instead of evaluating whether each subpart is privileged, the Discovery Master instead concluded that "even though one email is not privileged, a subsequent and privileged email which forwards that non-privileged email, will allow the privilege to attach to the entire email chain, including the non-privileged email message."[12] "As applied to emails, this means that even though one email is not privileged, a second email forwarding the prior email to counsel might be privileged in its entirety."[13]

It is black letter law that a non-privileged communication does not become privileged merely because it is later forwarded to an attorney. See, e.g., In re Grand Jury Proceedings, 655 F.2d 882, 886 (8th Cir. 1981) ("Mere delivery of the documents to the attorney would not create the privilege where it previously did not exist."). This well-settled rule applies to emails. See Fru-Con Const. Corp. v. Sacramento Mun. Utility Dist., 2006 WL 2255538, at *1 (E.D. Cal. Aug. 7, 2006) (deciding that "forwarding an e-mail . . . to an attorney does not transform it into the attorney's work product" and "forwarding an e-mail several times until it reaches an attorney does not amount to 'attorney client communication'"); In re Gabapentin Patent Litig., 214 F.R.D. 178, 186 (D.N.J. 2003) (same).

---

[10] Amended Order No. 92 at 3:22-26.
[11] Id. at 3:16-20 (quoting Baxter Healthcare Corp. v. Fresenius Med. Care Hlds., 2008 WL 4547190 (N.D. Cal. 2008)).
[12] Id. at 3:22-26 (quoting Rhoads Indus., Inc. v. Building Materials Corp. of Am., 254 F.R.D. 238, 240 (E.D. Penn. 2008)).
[13] Id. at 3:28-4:2 (quoting Barton v. Zimmer, 2008 WL 80647 (N.D. Ind. 2008)).

As set forth in greater detail in connection with Mattel's objections to Order No. 87,[14] the Discovery Master's erroneous conclusion appears to be based on a misreading of the Eastern District of Pennsylvania's holding in Rhoads, 254 F.R.D. 238. That opinion, which specifically cautioned that it should not be read as adopting any "broad, black-letter rule," at most can be read to permit a party to withhold an email that includes both privileged and non-privileged components ***when the non-privileged portion of the email chain is produced separately***. See id. at 240 ("a party can therefore legitimately withhold an email chain forwarding prior materials to counsel, ***although disclosing those prior materials separately***.") (emphasis added). Rhoads ruled that a party "need not disclose that the underlying messages were part of an email string subsequently forwarded to counsel," id. at 242, because "by disclosing what was sent to the attorney . . . the nature of the privileged information" might be revealed. Id. at 240. But the case does not hold, as the Discovery Master has now twice ruled, that any underlying, non-privileged communications present in a chain of mixed privileged and non-privileged material need not be produced at all.

There is every reason to believe that there are non-privileged communications in the 12 email chains at issue here. The Court should review the documents *in camera*, and any non-privileged portions of them should be ordered produced. See, e.g., Dole v. Milonas, 889 F.2d 885, 890 (9th Cir. 1989) (balance between maintaining privilege and permissible discovery can be struck by redactions of privileged material); White v. Experian Info. Servs., 2009 WL 4267843, *6 (C.D. Cal. Nov. 23, 2009) ("[A party] may not claim the privilege in a blanket fashion . . . . They must . . . redact and produce any emails which contain some non-work product.") (citation omitted).

---

[14] See Mattel's Objections to Discovery Matter Order No. 87, dated December 10, 2009 (Dkt. No. 7360) at 6:11-8:11; Mattel's Reply in Support of Objections to Discovery Matter Order No. 87, dated December 24, 2009 (Dkt. No. 7386) at 3:10-4:20.

## **Conclusion**

For the foregoing reasons, Mattel respectfully requests that the Court order that the 12 communications identified in Amended Order No. 92 as being properly withheld in their entirety be submitted to the Court for *in camera* review, and if appropriate based on such review, ordered produced to Mattel in whole or in redacted form.

DATED: February 19, 2010         QUINN EMANUEL URQUHART OLIVER &
                                 HEDGES, LLP


                                 By /s/ Michael T. Zeller
                                    Michael T. Zeller
                                    Attorneys for Mattel, Inc.