MELINDA HAAG (State Bar No. 132612)
mhaag@orrick.com
ANNETTE L. HURST (State Bar No. 148738)
ahurst@orrick.com
WARRINGTON S. PARKER III (State Bar No. 148003)
wparker@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building, 405 Howard Street
San Francisco, CA 94105
Tel. (415) 773-5700/ Fax: (415) 773-5759

WILLIAM A. MOLINSKI (State Bar No. 145186)
wmolinski@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA 90017
Tel. (213) 629-2020/Fax: (213) 612-2499

THOMAS S. McCONVILLE (State Bar No. 155905)
tmcconville@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
4 Park Plaza, Suite 1600
Irvine, CA 92614-2258
Tel: (949) 567-6700/Fax: (949) 567-6710

Attorneys for MGA Parties

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | Case No. CV 04-9049-DOC (RNBx)<br><br>Consolidated with:<br>Case No. CV 04-9059<br>Case No. CV 05-2727<br><br>Hon. David O. Carter<br><br>**EX PARTE APPLICATION TO CLARIFY OR SUSPEND 72 HOUR DEADLINE TO APPEAL SPECIAL DISCOVERY MASTER PRIVILEGE RULINGS IN DEPOSITION OF BRIAN WING UNTIL MGA HAS AN OPPORTUNITY TO CONDUCT ITS EXAMINATION OF THE WITNESS, AND TO PROHIBIT FURTHER USE OF TRANSCRIPT OF WING DEPOSITION UNTIL PRIVILEGE ISSUES ARE RESOLVED** |

# EX PARTE APPLICATION

The MGA Parties respectfully submit this *ex parte* application seeking a clarification and/or suspension of the 72-hour deadline for appeal of privilege rulings by the Special Discovery Master in connection with the ongoing deposition of Brian Wing. Absent the order requested herein, MGA's first appeal of a Wing privilege ruling will be due on Monday, February 22, 2010.

Wing is a hostile former officer of MGA whose testimony was subpoenaed by Mattel. The deposition started on Wednesday, February 17, 2010 and Mattel's examination is ongoing. The Special Discovery Master has ruled that MGA's privilege appeals must be taken within 72 hours of each ruling, rather than upon conclusion of the deposition, necessitating appeals before MGA has had any opportunity to conduct any examination of the witness. MGA requests clarification and/or suspension of the rule to permit it to appeal the privilege rulings after it has an opportunity to examine the witness. Additionally, because of privilege disclosures that may have already occurred, the MGA Parties also further request that the transcript of Mr. Wing's deposition not be used for any purpose other than motion practice related to this deposition until such time as the Court has ruled upon all privilege matters arising from the Wing deposition.

Pursuant to Local Rule 7-19.1, counsel for the MGA Parties gave notice of this Application to counsel for Mattel and for the witness by e-mail on February 19, 2009. Counsel for Mattel, Inc. includes Michael T. Zeller of Quinn, Emanuel, Urquhart, Oliver & Hedges, LLP (telephone: 213-443-3000; address: 865 South Figueroa Street, 10th Floor, Los Angeles, CA 90017). Counsel for Mr. Wing is Michael Margolis, Margolis & Tisman LLP, 444 South Flower Street, Suite 2300, Los Angeles, CA 90071, (telephone (213) 683-0300, facsimile (213) 683-0303, and e-mail: margolis@winlaw.com).

| | | |
|---|---|---|
| Dated: | February 19, 2010 | Orrick Herrington & Sutcliffe LLP |
| | | By:  /s/ *Annette L. Hurst* |
| | |     ANNETTE L. HURST |
| | |     Attorneys for MGA Parties |

## FACTUAL AND PROCEDURAL BACKGROUND

Brian Wing is a former officer of MGA who left the company in the Spring of 2009 on bad terms. His tenure as an officer from October 2008 through April/May 2009 was his second stint with the company. Receiver/Monitor Patrick Fraioli was supervising the company at the time of Wing's departure and was directly apprised of the issues involving his departure.

Prior to Wing's departure he was involved in dealing with MGA's finances and was privy to many aspects of the advice of counsel in connection with this litigation. Wing was involved directly in such advice when he was a recipient and participant in such communications. Indeed, Wing submitted declarations in this case. More importantly for purposes of this Application, however, Wing was also privy to the company's legal advice indirectly both (a) when it was repeated to him by other officers of the company, and (b) when Wing was asked to carry out tasks for the purposes of developing information so that counsel could render advice to the company.

Unbeknownst to MGA, when Wing left the company he took with him at least six boxes of MGA documents. It now appears that Wing began forwarding MGA attorney-client privileged documents to himself at his home e-mail account as early as January 2009. MGA was shocked to learn this for the first time after Mr. Wing's deposition started on Wednesday and he brought the documents (most of them in electronic form on a disk) with him at the start of the deposition. A substantial majority of the material retained by Mr. Wing was attorney-client

1   privileged communications of the company, which he has had in his possession for
2   many months without authorization.

3       Mattel has now examined the witness for three days. MGA has had no
4   opportunity at all to cross-examine the witness. His attorney initially refused to
5   continue past the three days at all so that MGA could conduct any examination, but
6   seemingly now is willing to relent and afford MGA at least some examination. But
7   the dates offered for the resumed deposition are sometime in April. MGA has
8   objected and the parties and the witness are still trying to work out the scheduling
9   issue. In an abundance of caution, MGA will serve the witness with a separate
10  subpoena to ensure that it has a right to fully examine him.

11      During Mattel's three days of examination (which are not yet concluded as of
12  this filing), the witness has occasionally been instructed by MGA not to answer
13  questions on grounds of attorney-client privilege or attorney work product. In a
14  handful of instances Special Discovery Master Hansen has overruled those
15  instructions. Master Hansen has taken a narrow view of the privilege and has
16  generally permitted instructions only concerning communications when a lawyer
17  was present, and overruling any other instructions. The problem with this is that
18  the witness is plainly hostile to MGA and understands what he needs to say in order
19  to be able to disclose privileged and work product information in what appears to
20  be a superficially legitimate fashion, but which in fact is a gross invasion of the
21  attorney-client privilege and work product of trial counsel. In most instances a
22  witness would take care to exclude indirect attorney-client privileged and work
23  product information from his answer. But this witness is hostile, and in certain
24  instances he has already disclosed privileged or work product information
25  pertaining directly to this case.

26      Accordingly, in addition to appealing a few privilege rulings of the Special
27  Discovery Master, MGA also is carefully reviewing the transcript for purposes of
28  determining whether it should exercise the claw-back provisions of the protective

1   order and/or move to strike because Wing has revealed information in a fashion that
2   may superficially not seem privileged, but in fact emanates from the company's
3   counsel.
4       Absent suspension of the 72 hour deadline, MGA will be forced to appeal
5   these rulings while the deposition is ongoing, and before it has ever had any
6   opportunity to cross-examine the witness.

## ARGUMENT

8       A party should be allowed to fully seek redress when at issue is a claim that
9   the attorney-client privilege is at issue. *See, e.g., Weirton Steel Corp. Liquidating*
10  *Trust v. Zurich Specialties London, Ltd.,* 2009 WL 357888 *3 (N.D. W. Va. Feb.
11  12, 2009) (staying order of Magistrate Judge requiring production of documents
12  claimed to be protected by attorney-client privilege); *Srebnik v. Dean*, 2006 WL
13  1041788 *1-2 (D. Colo. Apr. 19, 2006) (staying compliance with Magistrate
14  Judge's discovery order given that attorney-client privilege concerns at issue).
15      Special Discovery Master Hansen has ordered that the 72 hour deadline for
16  appeals run from each new privilege ruling that will be the subject of an appeal,
17  rather than a single appeal within 72 hours of the conclusion of the deposition.
18  While we are uncertain whether the Court intended the 72-hour rule to apply in this
19  fashion in all instances in multi-day depositions, and certainly understand why the
20  Court wants prompt rulings especially on issues concerning ongoing depositions,
21  this interpretation of the 72-hour rule in this instance will be prejudicial for two
22  reasons. First, MGA will not have an opportunity to cross-examine the witness
23  before making its appeal. Second, MGA needs more than 72 hours to put together
24  a complete motion on these complicated privilege issues involving a hostile witness
25  and work product concerning this very case.
26      On the first issue, MGA needs to elicit all of the facts before deciding
27  whether to take an appeal and so it knows exactly what to put in its privilege
28  showing. The witness has testified for 3 days entirely at Mattel's behest. Initially

1   he refused to sit for cross-examination by MGA at all, and even now has offered
2   only a single day at some distant future occasion in mid-April.  A lot of what he has
3   said so far is exceedingly vague in the details as time, date, location, etc.
4   Understandably, Mattel has not sought exactly the same information that MGA will
5   seek about these privileged and work product matters when MGA is the one in
6   possession of the information sufficient to lay the foundation for the privilege.
7   Nonetheless, MGA is being forced to make its appeal before Mr. Wing's testimony
8   has been fully established.

9         This also prevents MGA from fully evaluating whether it really does wish to
10  seek an appeal in the absence of the information that it needs to fully evaluate the
11  situation.  MGA should be afforded its opportunity to examine the witness before
12  making a final decision whether and what to appeal, and Mr. Wing should not be
13  given the opportunity to elaborate his testimony later when he is plainly a hostile
14  witness with no interest in preserving MGA's privilege.  Indeed, this is a man who
15  removed boxes of privileged information from MGA about this very case and left
16  the company on bad terms—his motives are plainly suspect at this point.

17        Furthermore, given this very difficult situation, MGA needs more than 72
18  hours to gather together the declarations and other information it needs to fully
19  establish the circumstances of privilege and work product to the Court's
20  satisfaction.  Indeed, given that Wing has testified to what others told him that
21  MGA believes implicates relayed legal advice, MGA may even require other
22  depositions to fully establish all of the foundation under the circumstances at issue.
23  But the bottom line is that we can recognize the subject matter of Wing's testimony
24  in several instances directly concerns matters that we know were the subject of the
25  substantial advice of outside counsel in connection with this very case, in at least
26  one instance we respectfully offer to the Court that the *only* context in which the
27  issue arose at all within the company was as a result of the advice of Ms. Hurst on
28  an issue she raised with the company prior to the time she became lead counsel in

- 5 -       Ex Parte Application re wing deposition

this case, and we now have a transcript where that subject matter is being discussed by the witness in response to questions by Mattel. The whole situation stinks to high heaven, and MGA needs to be afforded a full and fair opportunity to litigate this issue which the 72 hour rule simply does not provide under these circumstances.

Finally, and with all due respect, Special Master Hansen's view of the privilege taken in this deposition has been too narrow—especially given the circumstances. Ordering a witness to testify to information gained or discussed as long as no lawyer was present is not consistent even with the Discovery Master's prior rulings in Orders Nos. 87 and 92 regarding the scope of the attorney-client privilege and work product protection. It is an especially cramped view of the privilege with a hostile witness who stole boxes of privileged materials from the company, and a company who has had no opportunity to voir dire or lay an independent foundation for the claim of privilege through other witnesses.

Finally, given that the transcript discloses material that MGA believes may have to be clawed back or stricken in light of attorney-client privilege and work product concerns, MGA also respectfully requests that the Court order that it not be used for any purpose other than motion practice on these privilege issues until such time as the Court has finally resolved the privilege questions arising from the Wing deposition.

**CONCLUSION**

For the foregoing reasons, the MGA Parties respectfully request that the Court order as follows: the deadline for privilege appeals from the Wing deposition will run 72 hours from completion of MGA's cross-examination of the witness and the transcript shall not be used for any purpose other than litigating those privilege issues until such time as the Court has made its final determination on privilege matters arising from the Wing Deposition.

Dated: February 19, 2010

ANNETTE L. HURST
Orrick, Herrington & Sutcliffe LLP

By: /s/ *Annette L. Hurst*
ANNETTE L. HURST
Attorneys for MGA Parties