QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  (johnquinn@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:   (213) 443-3000
Facsimile:    (213) 443-3100

Attorneys for Mattel, Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation,<br><br>              Plaintiff,<br><br>       vs.<br><br>MGA ENTERTAINMENT, INC., a California corporation, et al.,<br><br>              Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 DOC (RNBx)<br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br><u>Hon. David O. Carter</u><br><br>**MATTEL, INC.'S BRIEF PURSUANT TO THE COURT'S FEBRUARY 19, 2010 ORDER**<br><br>Date:   TBD<br>Time:   TBD<br>Place:  Courtroom 9D<br><br>**Phase 2**<br>Discovery Cut-off:   TBD<br>Pre-trial Conference:   TBD<br>Trial Date:   TBD |

1    Mattel's lead counsel met and conferred with MGA last night.  The deponent,

2  Brian Wing, had agreed last night to resume his deposition on March 6 -- the date

3  that MGA itself had demanded.  During the meet and confer, however, MGA

4  refused the date it had chosen mere hours ago, claiming it was no longer soon

5  enough.  Mattel also offered, and MGA rejected, a reasonable extension of the 72-

6  hour deadline for MGA's objections until March 1, which would have provided

7  MGA a full week to brief the purported privilege instructions that the Discovery

8  Master overruled and that MGA has indicated it will appeal.

9    MGA suggests that privileged information has been disclosed, but nothing of

10  the sort occurred.  Under the procedure at the deposition (like other depositions in

11  the case), Mr. Wing did *not* answer a single question on which MGA maintained a

12  privilege instruction.   Rather, in each instance where the Discovery Master

13  overruled MGA's instruction, MGA is being afforded the opportunity to bring its

14  objections to this Court for a decision under the established procedure for objections

15  *before* the witness actually answers any of the questions instructed upon.

16    MGA also has offered no reasoned defense of its instructions.  That is for

17  good reason.  The instructions were asserted not to protect privilege, but to obstruct

18  Mr. Wing's testimony that confirmed MGA has deliberately destroyed evidence in

19  this case, fabricated financial records and engaged in other widespread illegal

20  activities, including the bribery of government officials with cash payments.  MGA's

21  counsel groundlessly claimed at the deposition that privilege served to cloak

22  underlying events and facts if they were "connected" to or had been "set in motion"

23  by attorneys.  He thus instructed on foundational questions designed to ascertain

24  whether privilege or work product could even apply.  MGA's counsel also instructed

25

26

27

28

00505.07975/3334433.4

-1-
MATTEL'S BRIEF  IN RESPONSE TO THE COURT'S FEBRUARY 19, 2010 ORDER

1  on matters that this Court has already ruled must be disclosed[1] and even instructed

2  on questions that explicitly excluded any attorney communications.

3       MGA's argument that it needs considerable time to review the transcript to

4  file its objections is likewise meritless.  MGA decided to maintain a handful of its

5  instructions to appeal to this Court, withdrawing several of them at the deposition.

6  As the Court surmised in its Order of last night, much of what MGA now claims it

7  will challenge as supposedly privileged was *not* objected to or instructed on at the

8  deposition.  MGA's General Counsel, another in-house MGA lawyer and MGA's

9  outside counsel were all present at the deposition.  Indeed, the General Counsel is

10 the attorney MGA now asserts most of the communications at issue "emanate"

11 from.  If, as it suggests, MGA intends to argue that matters it failed to instruct on at

12 the deposition were privileged, that failure not only is fatal to any appeal here since

13 they were not preserved but indeed may constitute a waiver of privilege itself.  Nor,

14 in any event, should MGA's contemplated challenges to Mr. Wing's testimony

15 which it failed to raise at the deposition permit MGA to indefinitely delay filing its

16 objections concerning the Discovery Master's rulings made at the deposition.

17      MGA also should not be permitted to delay its objections until after the end of

18 Mr. Wing's deposition.  This is contrary to the Court's established procedures for

19 objections to Discovery Master rulings, and there is no reasonable basis for MGA to

20 cross-examine the witness prior to briefing on why *Mattel's* questions at issue were

21 properly instructed on and improperly ordered to be answered.[2]

22

23   [1]  For example, MGA's counsel instructed the witness not to answer regarding

24 payment amounts made by MGA in Mexico in connection with criminal
   prosecutions there.  This was flatly contrary to the Court's January 26 Order (Docket

25 No. 7434), which compels the disclosure of such information.

26   [2]  The length of Mattel's examination was, in part, due to MGA's repeated
   improper instructions (many of which MGA later withdrew) and the colloquy and

27 oral argument that followed.  Further, Mr. Wing, MGA's head of finance and

28 taxation for almost four years, has extensive knowledge on topics implicated in

-2-

1   DATED:  February 20, 2010

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

2

3                                         By /s/ Michael T. Zeller

4                                             Michael T. Zeller
                                              Attorneys for Mattel, Inc.
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27   every one of the parties' respective claims.  Finally, one of the three days thus far

28   was abbreviated due to scheduling accommodations.

00505.07975/3334433.4

-3-