**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

Case No. CV 04-9049 DOC (RNBx)                                      Date: February 19, 2010

Title: MATTEL, INC. v. MGA ENTERTAINMENT, INC.

---

DOCKET ENTRY
       [I hereby certify that this document was served by first class mail or Government messenger service, postage prepaid, to all counsel (or parties) at their respective most recent address of record in this action on this date.]
                                                      Date:_____ Deputy Clerk: _____

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

    Kristee Hopkins                                Not Present
    Courtroom Clerk                                Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:   ATTORNEYS PRESENT FOR DEFENDANTS:

    NONE PRESENT                                   NONE PRESENT

---

PROCEEDING (IN CHAMBERS): ORDER HOLDING IN ABEYANCE EX PARTE APPLICATION TO CLARIFY OR SUSPEND 72 HOUR DEADLINE TO APPEAL SPECIAL DISCOVERY MASTER PRIVILEGE RULINGS IN DEPOSITION OF BRIAN WING

    Before the Court is MGA Entertainment, Inc. and Isaac Larian (collectively the "MGA Parties")' *ex parte* Application to Clarify or Suspend 72 Hour Deadline to Appeal Special Discovery Master Privilege Rulings in Deposition of Brian Wing Until MGA Has An Opportunity to Conduct Its Examination of the Witness, and to Prohibit Further Use of Transcript of Wing Deposition Until Privilege Issues are Resolved (the "Application"). The Court HOLDS IN ABEYANCE the Application.

    I.    **Background**

    Between February 17, 2010 and February 19, 2010, Mr. Brian Wing ("Wing") was deposed by Mattel, Inc. ("Mattel"). The MGA Parties claim that Wing is a *hostile* former MGA executive who was "privy" to legal advice delivered to the MGA Parties by their attorneys while Wing

was employed by MGA.  Indeed, the MGA Parties accuse Wing of having taken six boxes of MGA documents upon his departure from MGA.  The MGA Parties also assert that Wing "began forwarding MGA attorney-client privileged documents to himself at his home e-mail account as early as January 2009."  Wing first revealed these facts to MGA at his deposition.

As a result, the MGA Parties argues that Wing has disclosed the content of a number of attorney-client privileged communications at his deposition.  In certain circumstances, the Special Discovery Master has overruled the MGA Parties' objections.  It is unclear, but irrelevant for the purposes of the present motion, whether the MGA Parties objected to Mattel's questions or Wing's answers.

The MGA Parties wish to cross-examine Wing, in light of his hostile testimony over the course of his deposition.  However, Wing's counsel – Mr. Michael Margolis – has indicated that Wing is not available for further deposition until April 2010.  The MGA Parties argue that they cannot fully determine the scope and/or import of any of Wing's disclosures until after his cross-examination.  Thus, they seek relief from the Court's general rule that all appeals of Discovery Master rulings occur within 72 hours of the ruling being appealed.  The Special Discovery Master has instructed the parties that each privilege ruling made during a deposition must be appealed within 72 hours of *that particular ruling*, and not 72 hours of the termination of the deposition.

II.   Discussion

The Court does not understand why Wing, a California resident subject to this Court's jurisdiction, refuses to re-appear for deposition before April 2010.  Nor is it clear why Mattel, which has deposed Wing for a period of time well in excess of the seven hours afforded by Federal Rule of Civil Procedure 30(d)(1), could not accommodate the MGA Parties' request to cross-examine Wing on Friday, February 19, 2010.  This Court has allowed both parties to conduct depositions well past the seven hour limit on the basis of the parties' representation – supported by the pleadings – that more time is required to fairly examine certain deponents.  *See* Fed. R. Civ. P. 30(d)(1).

For the foregoing reasons, the Court HOLDS IN ABEYANCE the Application and ORDERS the parties to meet and confer on or before 11:00 p.m. on February 19, 2010 and attempt to reach a stipulation as to: (1) whether the MGA Parties may file their objections as to the Discovery Master's privilege rulings within 72 hours after the close of cross-examination; and (2) the date and time on which Wing shall re-appear for deposition.  The meet and confer shall be conducted with **both** lead counsel from each party present, so as to prevent the parties from later claiming that any particular agreement was not binding.  The parties shall notify the Court of their agreement or on before 12:00 a.m. on February 20, 2010 by an electronically filed stipulation.  In the event the parties do not reach an agreement, each party shall submit a brief on or before 7:00 a.m. on February 20, 2010 not to exceed two (2) pages that explains the basis for their disagreement, and the authority which supports their position.  The Court recognizes that any ruling on this *ex parte* Application must be reached within a

matter of hours over the weekend and is prepared to do so if the parties cannot reach an agreement.

The Clerk shall serve this minute order on all parties to the action.