**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

Case No. CV 04-9049 DOC (RNBx)                         Date: February 20, 2010

Title: MATTEL, INC. v. MGA ENTERTAINMENT, INC.

---

DOCKET ENTRY
    [I hereby certify that this document was served by first class mail or Government messenger service, postage prepaid, to all counsel (or parties) at their respective most recent address of record in this action on this date.]
                                                   Date:_____ Deputy Clerk: _____

---

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

     Kristee Hopkins                                    Not Present
     Courtroom Clerk                                   Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:   ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT                                     NONE PRESENT

---

PROCEEDING (IN CHAMBERS):   ORDER GRANTING IN PART AND DENYING IN PART EX PARTE APPLICATION TO CLARIFY OR SUSPEND 72 HOUR DEADLINE TO APPEAL SPECIAL DISCOVERY MASTER PRIVILEGE RULINGS IN DEPOSITION OF BRIAN WING

       Before the Court is MGA Entertainment, Inc. and Isaac Larian (collectively the "MGA Parties")' *ex parte* Application to Clarify or Suspend 72 Hour Deadline to Appeal Special Discovery Master Privilege Rulings in Deposition of Brian Wing Until MGA Has An Opportunity to Conduct Its Examination of the Witness, and to Prohibit Further Use of Transcript of Wing Deposition Until Privilege Issues are Resolved (the "Application"). The Court GRANTS IN PART AND DENIES IN PART the Application.

    **I.**     **Background**

       Between February 17, 2010 and February 19, 2010, Mr. Brian Wing ("Wing") was deposed by Mattel, Inc. ("Mattel"). The MGA Parties claim that Wing is a hostile former MGA executive who

was "privy" to legal advice delivered to the MGA Parties by their attorneys while Wing was employed by MGA. Indeed, the MGA Parties accuse Wing of having taken six boxes of MGA documents upon his departure from MGA. The MGA Parties also assert that Wing "began forwarding MGA attorney-client privileged documents to himself at his home e-mail account as early as January 2009." Aided by such misappropriation, Wing is claimed to have disclosed, or come close to disclosing, the content of a number of attorney-client privileged communications at his deposition.

The MGA Parties raised objections on privilege grounds to certain questions posed by Mattel, and instructed Wing not to answer those questions. Even where the Special Discovery Master overruled the MGA Parties' objections, the instruction not to answer was preserved in order to set the stage for an appeal before this Court. The parties have agreed that Wing will re-appear for deposition and respond to the questions at issue if: (1) the MGA Parties fail to timely file an appeal of the Special Discovery Master's rulings; or (2) this Court affirms the Special Discovery Master's rulings.

The MGA Parties asked to cross-examine Wing, in order to substantiate the basis for the objections. Presumably, the MGA Parties expect Wing to concede that the information at issue includes communications with counsel for the purpose of securing legal advice. In light of certain delays during the deposition, Mattel did not offer the MGA Parties an opportunity to cross-examine Wing on February 19, 2010. It is unclear whether the MGA Parties requested such a professional courtesy.

The parties initially discussed having Wing return for cross-examination in April 2010, due to Wing's scheduling constraints, as well as certain professional commitments of Wing's counsel. However, some time after 8:00 p.m. on February 19, 2010, the MGA Parties served Wing with a subpoena to re-appear for deposition on March 6, 2010, a Saturday. Wing has since consented to re-appear on that date.

**II. Discussion**

The Special Discovery Master instructed the parties to appeal each of his rulings within 72 hours of that particular ruling. This has been the prevailing understanding between the parties for some time now, and for good reason. If the clock to appeal Special Discovery Master rulings begins to run only upon conclusion of the deposition, then: (1) the parties will not receive timely resolution on issues that lose ripeness after the deposition has concluded (especially where the witness is unavailable for further deposition); and (2) it encourages the parties to prolong depositions long after their natural conclusion in order to secure more time for an appeal. This circumstance captures both concerns.

At the same time, the mechanics of an appeal should not overshadow the Court's important and fundamental duty to protect and affirm the attorney-client privilege. Based on the briefing alone, the Court has considered the MGA Parties' claim that cross-examination is necessary to substantiate the application of the attorney-client privilege.

The Court has not received, or had an opportunity to review, Wing's deposition transcript. However, the MGA Parties' briefing represents that certain Special Discovery Master rulings were wrong as a matter of law.  Indeed, the MGA Parties assert that the Special Discovery Master has taken a constrained view of the attorney-client privilege, and ***not*** that the Special Discovery Master's sole error was in his application of the facts to law.

Thus, the MGA Parties have failed to demonstrate how cross-examination is an absolute prerequisite to filing an appeal with this Court.  In addition, the Court considers it prudent and efficacious to timely resolve disputes as to the law, and thereby permit the Special Discovery Master to proceed in this deposition (and others) in light of the Court's rulings.  To the extent that factual issues remain, the Court will resolve those issues in an appropriate manner.

### III.  Disposition

For the foregoing reasons, the Court hereby ORDERS as follows:

(1)  All objections to Special Discovery Master rulings made during the Wing deposition shall be filed on or before February 25, 2010;

(2)  The MGA Parties' Application is GRANTED insofar as it requests the prohibition of further use of the Wing transcript until privilege issues are resolved.

The Clerk shall serve this minute order on all parties to the action.