1  MELINDA HAAG (State Bar No. 132612)
   mhaag@orrick.com
2  ANNETTE L. HURST (State Bar No. 148738)
   ahurst@orrick.com
3  WARRINGTON S. PARKER III (State Bar No. 148003)
   wparker@orrick.com
4  ORRICK, HERRINGTON & SUTCLIFFE LLP
   The Orrick Building
5  405 Howard Street
   San Francisco, CA 94105
6  Telephone:  +1-415-773-5700
   Facsimile:   +1-415-773-5759
7
   WILLIAM A. MOLINSKI (State Bar No. 145186)
8  wmolinski@orrick.com
   ORRICK, HERRINGTON & SUTCLIFFE LLP
9  777 South Figueroa Street, Suite 3200
   Los Angeles, CA  90017
10 Telephone:  +1-213-629-2020
   Facsimile:   +1-213-612-2499
11
   Attorneys for MGA Parties
12

13             UNITED STATES DISTRICT COURT

14            CENTRAL DISTRICT OF CALIFORNIA

15                 SOUTHERN DIVISION

16 | CARTER BRYANT, an individual | Case No. CV 04-9049 DOC (RNBx) |
17 | Plaintiff, | Consolidated with: CV 04-9059 |
18 | v. | CV 05-2727 |
19 | MATTEL, INC., a Delaware Corporation | [REVISED PROPOSED] LETTER OF REQUEST FOR JUDICIAL |
20 | Defendant. | ASSISTANCE  BY THE UNITED STATES DISTRICT COURT FOR THE |
21 | | CENTRAL DISTRICT OF CALIFORNIA REGARDING DANNY |
22 | AND CONSOLIDATED ACTIONS | YU |
23
24
25
26
27
28

MGA's [REVISED PROPOSED] LETTER OF
REQUEST FOR JUDICIAL ASSISTANCE
CV-04-0049 DOC (RNBx)

1  TO THE CHIEF SECRETARY FOR ADMINISTRATION OF HONG KONG
2  SAR:

3       The United States District Court for the Central District of California

4  presents its compliments to the Hong Kong Central Authority, namely the Chief

5  Secretary for Administration of Hong Kong SAR, and requests international

6  judicial assistance to obtain evidence to be used in a civil proceeding before this

7  court in the above captioned matter.  The Court has indicated that the trial will

8  commence no later than May 2010, and the parties have agreed to propose a trial

9  date of April 20, 2010 in Santa Ana, California, United States of America.

10      This Court requests that the assistance described herein, as necessary in the

11  interests of justice.  The assistance requested is that the High Court of the Hong

12  Kong Special Administrative Region Court of First Instance compel:

13      (1) the oral deposition under oath of Danny K. H. Yu in Hong Kong, as set

14  forth in Schedule A,

15      (2) the inspection of documents from Danny K. H. Yu, as set forth in

16  Schedule B; and

17      (3) the inspection of documents from Danny K. H. Yu & Co.; Paul K. C.

18  Chan, Danny K. H. Yu & Co.; and Simon C. W. Yung & Co., as set forth in

19  Schedule C.

20      The requested testimony of this witness and documents are intended for use

21  at trial, and will be relevant to numerous claims and defenses at issue in the above-

22  captioned case in this District.

23      This request is made with the understanding that it will in no way require the

24  persons described below to commit any offense, nor will it require the persons

25  described below to undergo a broader form of inquiry than they would if the

26  litigation were conducted in Hong Kong.

27

28

MGA's [Revised Proposed] Letter of
Request for Judicial Assistance
CV-04-0049 DOC (RNBx)

## LETTER OF REQUEST

This Letter of Request is made pursuant to the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters ("Hague Convention").  Accordingly, the Letter of Request sets forth the following requirements under the applicable Articles of the Hague Convention, as well as other information pertinent to this particular proceeding:

1.    **Authority Requesting Letter of Request (Article 3(a)):**

Hon. David O. Carter
United States District Judge
United States District Court for the Central District of California
Court Room 9D
1-053 Ronald Reagan Federal Bldg
and United States Courthouse
411 West Fourth Street
Santa Ana, CA 92701
Tel: (714) 338-4543

The United States District Court for the Central District of California, Southern Division, which is a competent court of law and equity which properly has jurisdiction over this proceeding, has the power to compel the attendance of witnesses and inspection of documents within its jurisdiction, and has the authority to seek the assistance of foreign governments in compelling the attendance of witnesses and inspection of documents outside its jurisdiction.

**Authority Requested to Executed Letter of Request (Article 3(a)):**

Chief Secretary for Administration of Hong Kong SAR
Central Government Offices
Lower Albert Road
Hong Kong,
Tel: (011) (852) 8102954

2.    **Names and Addresses of the Parties and Representatives (Article 3(b)):**

| Party | Representative |
|---|---|
| Mattel, Inc. ("Mattel") | John B. Quinn, Esq. Michael T. Zeller, Esq. Jon D. Corey, Esq. QUINN EMANUAL URQUHART OLIVER & HEDGES LLP 865 South Figueroa Street, 10th Floor Los Angeles, CA 90017 |

-3-

| | |
|---|---|
| MGA Entertainment, Inc.;<br>MGAE de Mexico, S.R.L. de C.V.;<br>MGA Entertainment (HK) Limited;<br>Isaac Larian<br>("MGA") | Melinda Haag, Esq.<br>Annette L. Hurst, Esq.<br>Warrington S. Parker, III, Esq.<br>ORRICK HERRINGTON &<br>SUTCLIFFE LLP<br>The Orrick Building<br>405 Howard Street<br>San Francisco, CA 94104 |
| | William A. Molinski, Esq.<br>ORRICK HERRINGTON &<br>SUTCLIFFE LLP<br>777 South Figueroa Street, Suite 3200<br>Los Angeles, CA 90017 |
| | Thomas J. Nolan, Esq.<br>Jason Russell, Esq.<br>SKADDEN ARPS SLATE<br>MEAGHER & FLOM LLP<br>3000 South Grand Avenue, Suite 3400<br>Los Angeles, CA 90071 |
| Carlos Gustavo Machado Gomez | Mark E. Overland, Esq.<br>David C. Scheper, Esq.<br>Alexander H. Cote, Esq.<br>OVERLAND, BORENSTEIN,<br>SCHEPER & KIM, LLP<br>300 S. Grand Avenue, Suite 2750<br>Los Angeles, CA 90071 |

3.   **Nature of the Proceedings (Article 3(c)):**

The evidence requested relates to civil proceedings entitled *Bryant v. Mattel, Inc.*, Case No. CV 04-9049 DOC (RNBx) ("Consolidated Proceeding"), which consists of three actions that have been instituted and consolidated before the requesting judicial authority: *Bryant v. Mattel, Inc.*, Case No. CV 04-9049 DOC (RNBx); *Mattel, Inc. v. Bryant*, Case No. CV 04-9059 DOC (RNBx), and *MGA Entertainment v. Mattel, Inc.*, Case No. CV 05-2727 DOC (RNBx).  The Consolidated Proceeding is a civil lawsuit, and the applicant for this Letter of Request is a party to the proceeding, MGA.  In the Consolidated Proceeding, MGA brought a complaint against Mattel alleging false designation of origin, unfair competition, dilution and unjust enrichment.  Mattel filed counterclaims for copyright infringement, misappropriation of trade secrets, violation and conspiracy

1  to violate the Racketeer Influenced and Corrupt Organizations Act, breach of

2  contract, intentional interference with contract, breach and aiding and abetting

3  breach of fiduciary duty, breach and aiding and abetting breach of duty of loyalty,

4  conversion, unfair competition, avoidance of intentional and constructive fraudulent

5  transfers under the Uniform Fraudulent Transfer Act, and declaratory relief.  Mattel

6  first sought to lodge an amended complaint with these causes of action on

7  November 20, 2006, but the causes of action were not filed as counterclaims until

8  January 12, 2007.

9         Under California law, which applies in this case, a claim for misappropriation

10  of trade secrets is barred under the statute of limitations if it is filed more than three

11  years after the party discovered or, by the exercise of reasonable diligence, should

12  have discovered the alleged misappropriation.  Thus, any evidence showing that

13  Mattel discovered or should have discovered that its alleged trade secrets were

14  misappropriated before November 20, 2003 would be evidence that Mattel cannot

15  assert its misappropriation of trade secrets claim because it was not filed within

16  three years of when it accrued.

17        MGA has reason to believe that Mattel learned about the alleged

18  misappropriation of trade secrets prior to November 20, 2003 through

19  communications between Mattel, or someone acting on its behalf, and solicitors for

20  Cityworld Limited ("Cityworld"), Toys & Trends (Hong Kong) Limited, Cityworld

21  ("Toys & Trends"), and Jurg Willi Kesselring ("Mr. Kesselring").  MGA issued a

22  Writ of Summons against Toys & Trends, Cityworld, and Mr. Kesselring on June

23  5th 2002 in Hong Kong High Court Action No. 2152 of 2002 ("Hong Kong

24  Action") regarding fashion dolls, and specifically the BRATZ dolls at issue in this

25  case; applied, by way of Summons based on Affirmation evidence, for an

26  interlocutory injunction against Toys & Trends, Cityworld, and Mr. Kesselring in

27  the Hong Kong Action on 18th June 2002; and filed a statement of claim in the

28  Hong Kong Action on July 5th 2002.  Toys & Trends, Cityworld and Mr. Kesselring

MGA'S [REVISED PROPOSED] LETTER OF
REQUEST FOR JUDICIAL ASSISTANCE
CV-04-0049 DOC (RNBx)

1    were represented by Hong Kong solicitor, Mr. Yu, and the firms at which he had

2    been a principal or employed, including Danny K. H. Yu & Co.; Paul K. C. Chan,

3    Danny K. H. Yu & Co.; and Simon C. W. Yung & Co.  According to evidence

4    produced in the Consolidated Proceeding, solicitors for Toys & Trends, Cityworld

5    and Mr. Kesselring reached out to Mattel at least as early as September 2003

6    regarding the BRATZ dolls and Mattel's former employee's (Carter Bryant)

7    involvement in the conception and design of the BRATZ dolls.  Such

8    correspondence prior to November 20, 2003, if sufficient to put Mattel on notice on

9    the claims it sought to add on November 20, 2006, could bar assertion of those

10   claims.

11   Danny K. H. Yu and his firm Danny K. H. Yu & Co. sought to take out a Bill

12   of Costs against MGA in connection with the Hong Kong Action.  In connection

13   with the Bill of Costs, they itemized and testified regarding details of the

14   communications with Mattel about the Cityworld claim.

15   Accordingly, this Letter of Request is directed and narrowly tailored to

16   evidence of communications between Mr. Yu and Mattel prior to November 20,

17   2003, and agreements or fee arrangements between Toys & Trends, Cityworld, Mr.

18   Kesselring, or any of them, and Mattel covering the period of time after the claim

19   was filed by MGA against Toys & Trends, Cityworld and Mr. Kesselring in June

20   2002.

21   The evidence sought is expected to show that Mattel was put on notice or

22   should have been put on notice of its claims against MGA more than three years

23   before it asserted those claims, rendering the claims barred by the statute of

24   limitations.

25   **4.     Evidence to be Obtained (Article 3(d)):**

26   As stated above, this Letter of Request is directed and narrowly tailored to

27   evidence of communications between Mattel and its U.S. counsel, on the one hand,

28   and Mr. Yu and his law firms on the other hand, prior to November 20, 2003.  It is

also directed and narrowly tailored to agreements between Cityworld and Mattel in the same time frame.  The evidence to be obtained is for use in an upcoming trial of phase 2 of the consolidated actions that have been captioned *Bryant v. Mattel, Inc.*, Case No. 04-9049 DOC (RNBx) (Consolidated with Case No. 04-9059 and Case No. 05-2727).

Accordingly, it is requested that the High Court of the Hong Kong Special Administrative Region Court of First Instance compel the following:

(1) the oral deposition under oath of Danny K. H. Yu in Hong Kong., as set forth in Schedule A,

(2) the inspection of documents from Danny K. H. Yu, as set forth in Schedule B;

(3) the inspection of documents from Danny K. H. Yu & Co.; Paul K. C. Chan, Danny K. H. Yu & Co.; and Simon C. W. Yung & Co., as set forth in Schedule C, and

As detailed above, it is alleged by MGA that Mattel had communications and dealings with the above entities that are relevant to showing that Mattel knew or should have known about its claims against MGA more than three years before it asserted the claims, rendering the claims barred by the statute of limitations.

5. **Name and Address of the Person to be Examined (Article 3(e)):**

Danny K. H. Yu (Examination & Inspection)
803, Manning House
48 Queen's Road Central
Hong Kong

Danny K. H. Yu & Co. (Inspection only)
803, Manning House
48 Queen's Road Central
Hong Kong

Paul K. C. Chan, Danny K. H. Yu & Co. (Inspection only)
8th Floor, Chinachem Tower,
34-37 Connaught Road Central
Hong Kong

Simon C. W. Yung & Co. (Inspection only)
Rm 2603-5, 26/F, ING Tower,

-7-

308 Des Voeux Road Central,
Hong Kong

**6.** **Statement of the Subject-Matter of the Examination (Article 3(f)):**

The subject matter about which Mr. Yu is to be examined is set forth in Schedule A.

**7.** **Documents or Other Property to be Inspected (Article 3(g)):**

The documents or other property requested from Mr. Yu are set forth in Schedule B.

The documents or other property requested from Danny K. H. Yu & Co.; Paul K. C. Chan, Danny K. H. Yu & Co.; and Simon C. W. Yung & Co. are set forth in Schedule C.

**8.** **Requirement that the Evidence Is to Be Given Under Oath (Article 3(h)):**

This Court requests that the examination of Mr. Yu shall be taken under oath before the appropriate Hong Kong judicial authority empowered to administer oaths and take testimony.

This Court further requests that the testimony given during the examinations be given under the following oath: "I [name of deponent] swear that the testimony that I am about to give is the truth, the whole truth and nothing but the truth, so help me God."

In the event that the Law of Hong Kong does not permit the swearing of an oath by a particular witness, the duly appointed officer shall make inquiry of such witness to ensure that he/she understands the gravity of the procedure and affirms that his/her statement will be true and correct in all respects.

**9.** **Special Method or Procedure to be Followed (Articles 3(i) and 9):**

A Protective Order was entered in this action on January 4, 2005 (Exhibit A hereto). Accordingly, this Court requests that the High Court of the Hong Kong Special Administrative Region Court of First Instance order that the oral evidence

produced pursuant to enforcement of this Letter of Request shall not be used by anyone in any manner or proceeding other than in this matter, *Bryant v. Mattel, Inc.*, Case No. 04-9049 DOC (RNBx) (consolidated with Case No. 04-9059 and Case No. 05-2727), pending in the United States District Court for the Central District of California.

The examinations shall be taken under the Federal Rules of Civil Procedure of the United States of America, except to the extent such procedure is incompatible with the internal laws of Hong Kong.

The examinations shall be taken before a commercial stenographer and a transcript shall be produced. The examinations shall also be videotaped.

The equipment needed to obtain the transcript and the videotape, as well as the persons needed to operate such equipment, will be provided by the requesting party, MGA.

**10.    Notification of Court and Parties (Article 7)**

Pursuant to Article 7 of the Hague Convention on the Taking of Evidence Abroad, the Court requests that counsel for the parties in this action, listed in paragraph 2 above, be informed of the time when, and the place where, the proceedings will take place, in order that they may be present and participate.  In the event that American attorneys are not permitted to participate in the proceedings, this Court gives permission for local Hong Kong counsel representing the parties to participate in the questioning of the witnesses.

**11.    Reciprocity**

This Court respectfully expresses its willingness to provide similar assistance to the High Court of the Hong Kong Special Administrative Region Court of First Instance.

**12.    Fees and Costs**

Any fees and costs incurred as a result of the special procedures set forth in section 9 above will be paid by MGA through its counsel of record:  Annette Hurst,

MGA's [REVISED PROPOSED] LETTER OF
REQUEST FOR JUDICIAL ASSISTANCE
CV-04-0049 DOC (RNBx)

1    Orrick Herrington & Sutcliffe LLP, 405 Howard Street, San Francisco, CA 94105.

2    MGA's payment of any such fees and costs is without prejudice to its making a

3    subsequent request to be reimbursed for these costs by other parties in these

4    consolidated actions.

5                                            **Conclusion**

6           Based on the foregoing and the Court's review of the pleadings, this Court

7    has concluded that the above-requested persons and entities have information about

8    the claims and defenses that are the subject of the Consolidated Proceeding,

9    including but not limited to communications with Mattel prior to November 20,

10   2003 relating to the claims at issue and agreements between Mattel and Cityworld.

11   In the spirit of comity and reciprocity, this Court hereby requests international

12   judicial assistance as detailed in this Letter of Request to compel:

13          (1) the oral deposition under oath of Danny K. H. Yu in Hong Kong., as set

14   forth in Schedule A,

15          (2) the inspection of documents from Danny K. H. Yu, as set forth in

16   Schedule B; and

17          (3) the inspection of documents from Danny K. H. Yu & Co.; Paul K. C.

18   Chan, Danny K. H. Yu & Co.; and Simon C. W. Yung & Co., as set forth in

19   Schedule C.

20

21

22

23

24

25

26

27

28

MGA's [Revised Proposed] Letter of
Request for Judicial Assistance
CV-04-0049 DOC (RNBx)

1       The evidence sought cannot be obtained other than from the entities set forth

2   in this request through examination and inspection of documents in their respective

3   possession, and such evidence in the interests of justice and to assure a complete

4   record for trial in this matter.

5

6

7   DATED: _____, 2010

8

9                                  _____

10                                 THE HONORABLE DAVID O. CARTER
                              UNITED STATES DISTRICT COURT JUDGE

11

12       I, Milli Borgarding, Deputy-In-Charge, have been authorized by Terry Nafisi,

13   Clerk of Court in and for the United States District Court for the Central District of

14   California, to make all of the requisite certifications relating to the issuance of

15   letters of request, and pursuant to that authority, I do hereby certify that the above

16   signature of Honorable David O. Carter is authentic.

17

18   DATED:_____ , 2010

19

20

21                                  _____
                              MILLI BORGARDING, Deputy-In-Charge

22                                  United States District Court for the
                               Central District of California,

23                                  Southern Division
                               411 W. Fourth Street

24                                  Santa Ana, CA  92701

25

26

27

28

I, David O. Carter, District Court Judge of the United States District Court, do hereby certify that Milli Borgarding, whose signature is attached to the letter of request hereto annexed, is now, and was at the time of signing the same, the Deputy-In-Charge for the United States District Court for the Central District of California, Southern Division; that the official acts and doings of said Deputy-In-Charge are entitled to full faith and credit; and that the testation to said letter of request is in due form of law.  I further certify that the seal attached to said letter of request is the seal of this Court.

Executed on the _____ day of February, 2010, in the City of Santa Ana, California.

_____
HONORABLE DAVID O. CARTER
United States District Court for the
Central District of California,
Southern Division
411 W. Fourth Street
Santa Ana, CA  92701

I, Milli Borgarding, Deputy-In-Charge, do hereby certify that David O. Carter, whose name is signed to the accompanying papers is now, and was at the time of signing the same, a United States District Judge for the Central District of California.

IN WITNESS THEREOF, I have hereunto set the seal of this District Court at the City of Santa Ana, California, this _____ day of February, 2010.

_____
MILLI BORGARDING, Deputy-In-Charge
United States District Court for the
Central District of California,
Southern Division
411 W. Fourth Street
Santa Ana, CA  92701

1

## SCHEDULE A

2   SUBJECT MATTER ABOUT WHICH MR. YU IS TO BE EXAMINED:

3   1.  Communications between Mr. Danny K. H. Yu or anyone acting on his behalf
4       (together, "Mr. Yu"), and Mattel, Inc. or anyone acting on Mattel's behalf
5       (together, "Mattel") from and including August 1, 2003 through November 20,
6       2003, in connection with or arising from the provision of any information or
7       materials filed in Hong Kong High Court Action No. 2152 of 2002 to Mattel or
8       the receipt of the same by Mattel.

9   2.  Communications between Mr. Yu and Mattel prior to November 20, 2003
10      regarding BRATZ in connection with or arising from the provision of any
11      information or materials filed in Hong Kong High Court Action No. 2152 of
12      2002 to Mattel or the receipt of the same by Mattel.

13  3.  Communications between Mr. Yu and Mattel prior to November 20, 2003
14      regarding Carter Bryant in connection with or arising from the provision of any
15      information or materials filed in Hong Kong High Court Action No. 2152 of
16      2002 to Mattel or the receipt of the same by Mattel.

17  4.  Communications between Mr. Yu and Mattel prior to November 20, 2003
18      regarding MGA in connection with or arising from the provision of any
19      information or materials filed in Hong Kong High Court Action No. 2152 of
20      2002 to Mattel or the receipt of the same by Mattel.

21  5.  Agreements entered into between Mattel and Cityworld Limited ("Cityworld"),
22      Toys & Trends (Hong Kong) Limited, Cityworld ("Toys & Trends"), and Jurg
23      Willi Kesselring ("Mr. Kesselring"), or any of them, including any agreements
24      to pay legal fees incurred by Cityworld, Toys & Trends, Mr. Kesselring, or any
25      of them at any time from and including June 2002 through the present in
26      connection with or arising from Hong Kong High Court Action No. 2152 of
27      2002.

28

MGA's [REVISED PROPOSED] LETTER OF
REQUEST FOR JUDICIAL ASSISTANCE
CV-04-0049 DOC (RNBx)

6. Payment by Mattel of legal fees incurred by Cityworld, Toys & Trends, Mr. Kesselring, or any of them at any time from and including June 2002 through the present in connection with or arising from Hong Kong High Court Action No. 2152 of 2002.

## SCHEDULE B

REQUESTS FOR INSPECTION OF DOCUMENTS TO DANNY K.H. YU:

1.  Communications between Mr. Danny K. H. Yu or anyone acting on his behalf (together, "Mr. Yu"), and Mattel, Inc. or anyone acting on Mattel's behalf (together, "Mattel") from and including August 1, 2003 through November 20, 2003, in connection with or arising from the provision of any information or materials filed in Hong Kong High Court Action No. 2152 of 2002 to Mattel or the receipt of the same by Mattel.

2.  Documents reflecting communications between Mr. Yu and Mattel from and including August 1, 2003 through November 20, 2003, including but not limited to invoices, time entry reports, facsimile transmissions, and telephone records, in connection with or arising from the provision of any information or materials filed in Hong Kong High Court Action No. 2152 of 2002 to Mattel or the receipt of the same by Mattel.

3.  Communications between Mr. Yu and Mattel prior to November 20, 2003 regarding BRATZ in connection with or arising from the provision of any information or materials filed in Hong Kong High Court Action No. 2152 of 2002 to Mattel or the receipt of the same by Mattel.

4.  Documents reflecting communications between Mr. Yu and Mattel prior to November 20, 2003 regarding BRATZ, including but not limited to invoices, time entry reports, facsimile transmissions, and telephone records, in connection with or arising from the provision of any information or materials filed in Hong Kong High Court Action No. 2152 of 2002 to Mattel or the receipt of the same by Mattel.

5.  Communications between Mr. Yu and Mattel prior to November 20, 2003 regarding Carter Bryant in connection with or arising from the provision of any information or materials filed in Hong Kong High Court Action No. 2152 of 2002 to Mattel or the receipt of the same by Mattel.

MGA'S [REVISED PROPOSED] LETTER OF REQUEST FOR JUDICIAL ASSISTANCE
CV-04-0049 DOC (RNBx)

6.  Documents reflecting communications between Mr. Yu and Mattel prior to November 20, 2003 regarding Carter Bryant, including but not limited to invoices, time entry reports, facsimile transmissions, and telephone records, in connection with or arising from the provision of any information or materials filed in Hong Kong High Court Action No. 2152 of 2002 to Mattel or the receipt of the same by Mattel.

7.  Communications between Mr. Yu and Mattel prior to November 20, 2003 regarding MGA in connection with or arising from the provision of any information or materials filed in Hong Kong High Court Action No. 2152 of 2002 to Mattel or the receipt of the same by Mattel.

8.  Documents reflecting communications between Mr. Yu and Mattel prior to November 20, 2003 regarding MGA, including but not limited to invoices, time entry reports, facsimile transmissions, and telephone records, in connection with or arising from the provision of any information or materials filed in Hong Kong High Court Action No. 2152 of 2002 to Mattel or the receipt of the same by Mattel.

9.  Agreements entered into between Mattel and Cityworld, Toys & Trends, Mr. Kesselring, or any of them, including any agreements to pay legal fees incurred by Cityworld Toys & Trends, Mr. Kesselring, or any of them, at any time from and including June 2002 through the present in connection with or arising from Hong Kong High Court Action No. 2152 of 2002.

10. Documents reflecting payment by Mattel of legal fees incurred by Cityworld Toys & Trends, Mr. Kesselring, or any of them, at any time from and including June 2002 through the present in connection with or arising from Hong Kong High Court Action No. 2152 of 2002.

## SCHEDULE C

REQUESTS FOR INSPECTION OF DOCUMENTS TO

      (1) DANNY K. H. YU & CO.;

      (2) PAUL K. C. CHAN, DANNY K. H. YU & CO.; AND

      (3) SIMON C. W. YUNG & CO.:

1. Communications between Mr. Danny K. H. Yu or any other employee of Danny K. H. Yu & Co.; Paul K. C. Chan, Danny K. H. Yu & Co.; Simon C. W. Yung & Co. or anyone acting on their behalf (together "Yu's Firm"), and Mattel, Inc. or anyone acting on Mattel's behalf (together, "Mattel") from and including August 1, 2003 through November 20, 2003, in connection with or arising from the provision of any information or materials filed in Hong Kong High Court Action No. 2152 of 2002 to Mattel or the receipt of the same by Mattel.

2. Documents reflecting communications between Yu's Firm and Mattel from and including August 1, 2003 through November 20, 2003, including but not limited to invoices, time entry reports, facsimile transmissions, and telephone records, in connection with or arising from the provision of any information or materials filed in Hong Kong High Court Action No. 2152 of 2002 to Mattel or the receipt of the same by Mattel.

3. Communications between Yu's Firm and Mattel prior to November 20, 2003 regarding BRATZ in connection with or arising from the provision of any information or materials filed in Hong Kong High Court Action No. 2152 of 2002 to Mattel or the receipt of the same by Mattel.

4. Documents reflecting communications between Yu's Firm and Mattel prior to November 20, 2003 regarding BRATZ, including but not limited to invoices, time entry reports, facsimile transmissions, and telephone records, in connection with or arising from the provision of any information or materials filed in Hong Kong High Court Action No. 2152 of 2002 to Mattel or the receipt of the same by Mattel.

5. Communications between Yu's Firm and Mattel prior to November 20, 2003 regarding Carter Bryant, in connection with or arising from the provision of any information or materials filed in Hong Kong High Court Action No. 2152 of 2002 to Mattel or the receipt of the same by Mattel.

6. Documents reflecting communications between Yu's Firm and Mattel prior to November 20, 2003 regarding Carter Bryant, including but not limited to invoices, time entry reports, facsimile transmissions, and telephone records, in connection with or arising from the provision of any information or materials filed in Hong Kong High Court Action No. 2152 of 2002 to Mattel or the receipt of the same by Mattel.

7. Communications between Yu's Firm and Mattel prior to November 20, 2003 regarding MGA in connection with or arising from the provision of any information or materials filed in Hong Kong High Court Action No. 2152 of 2002 to Mattel or the receipt of the same by Mattel.

8. Documents reflecting communications between Yu's Firm and Mattel prior to November 20, 2003 regarding MGA, including but not limited to invoices, time entry reports, facsimile transmissions, and telephone records, in connection with or arising from the provision of any information or materials filed in Hong Kong High Court Action No. 2152 of 2002 to Mattel or the receipt of the same by Mattel.

9. Agreements entered into between Mattel and Cityworld, Toys & Trends, Mr. Kesselring, or any of them, including any agreements to pay legal fees incurred by Cityworld at any time from and including June 2002 through the present in connection with or arising from Hong Kong High Court Action No. 2152 of 2002.

10. Documents reflecting payment by Mattel of legal fees incurred by Cityworld, Toys & Trends, Mr. Kesselring, or any of them, at any time from and including June 2002 through the present in connection with or arising from Hong Kong High Court Action No. 2152 of 2002.

MGA's [Revised Proposed] Letter of Request for Judicial Assistance
CV-04-0049 DOC (RNBx)