1  MELINDA HAAG (State Bar No. 132612)
   mhaag@orrick.com
2  ANNETTE L. HURST (State Bar No. 148738)
   ahurst@orrick.com
3  WARRINGTON S. PARKER III (State Bar No. 148003)
   wparker@orrick.com
4  ORRICK, HERRINGTON & SUTCLIFFE LLP
   The Orrick Building
5  405 Howard Street
   San Francisco, CA 94105
6  Telephone:  +1-415-773-5700
   Facsimile:   +1-415-773-5759
7
   WILLIAM A. MOLINSKI (State Bar No. 145186)
8  wmolinski@orrick.com
   ORRICK, HERRINGTON & SUTCLIFFE LLP
9  777 South Figueroa Street, Suite 3200
   Los Angeles, CA  90017
10 Telephone:  +1-213-629-2020
   Facsimile:   +1-213-612-2499
11
   Attorneys for MGA Parties
12

13                  UNITED STATES DISTRICT COURT

14                 CENTRAL DISTRICT OF CALIFORNIA

15                      SOUTHERN DIVISION

16 | CARTER BRYANT, an individual      | Case No. CV 04-9049 DOC (RNBx)
17 |          Plaintiff,               | Consolidated with:
                                        | CV 04-9059
18 | v.                                | CV 05-2727
19 | MATTEL, INC., a Delaware          | [REVISED PROPOSED] LETTER OF
     Corporation                       | REQUEST FOR JUDICIAL
20 |                                   | ASSISTANCE  BY THE UNITED
            Defendant.                  | STATES DISTRICT COURT FOR THE
21 |                                   | CENTRAL DISTRICT OF
                                        | CALIFORNIA REGARDING DANNY
22 |                                   | YU
   | AND CONSOLIDATED ACTIONS         |
23 |                                   |
24
25
26
27
28

1  TO THE CHIEF SECRETARY FOR ADMINISTRATION OF HONG KONG

2  SAR:

3          The United States District Court for the Central District of California

4  presents its compliments to the Hong Kong Central Authority, namely the Chief

5  Secretary for Administration of Hong Kong SAR, and requests international

6  judicial assistance to obtain evidence to be used in a civil proceeding before this

7  court in the above captioned matter.  The Court has indicated that the trial will

8  commence no later than May 2010, and the parties have agreed to propose a trial

9  date of April 20, 2010 in Santa Ana, California, United States of America.

10          This Court requests that the assistance described herein, as necessary in the

11 interests of justice.  The assistance requested is that the High Court of the Hong

12 Kong Special Administrative Region Court of First Instance compel:

13          (1) the oral deposition under oath of Danny K. H. Yu in Hong Kong, as set

14 forth in Schedule A,

15          (2) the inspection of documents from Danny K. H. Yu, as set forth in

16 Schedule B; and

17          (3) the inspection of documents from Danny K. H. Yu & Co.; Paul K. C.

18 Chan, Danny K. H. Yu & Co.; and Simon C. W. Yung & Co., as set forth in

19 Schedule C.

20          The requested testimony of this witness and documents are intended for use

21 at trial, and will be relevant to numerous claims and defenses at issue in the above-

22 captioned case in this District.

23          This request is made with the understanding that it will in no way require the

24 persons described below to commit any offense, nor will it require the persons

25 described below to undergo a broader form of inquiry than they would if the

26 litigation were conducted in Hong Kong.

27

28

MGA's [REVISED PROPOSED] LETTER OF
REQUEST FOR JUDICIAL ASSISTANCE
CV-04-0049 DOC (RNBx)

# LETTER OF REQUEST

This Letter of Request is made pursuant to the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters ("Hague Convention").  Accordingly, the Letter of Request sets forth the following requirements under the applicable Articles of the Hague Convention, as well as other information pertinent to this particular proceeding:

1. **Authority Requesting Letter of Request (Article 3(a)):**

> Hon. David O. Carter
> United States District Judge
> United States District Court for the Central District of California
> Court Room 9D
> 1-053 Ronald Reagan Federal Bldg
> and United States Courthouse
> 411 West Fourth Street
> Santa Ana, CA 92701
> Tel: (714) 338-4543

The United States District Court for the Central District of California, Southern Division, which is a competent court of law and equity which properly has jurisdiction over this proceeding, has the power to compel the attendance of witnesses and inspection of documents within its jurisdiction, and has the authority to seek the assistance of foreign governments in compelling the attendance of witnesses and inspection of documents outside its jurisdiction.

**Authority Requested to Executed Letter of Request (Article 3(a)):**

> Chief Secretary for Administration of Hong Kong SAR
> Central Government Offices
> Lower Albert Road
> Hong Kong,
> Tel: (011) (852) 8102954

2. **Names and Addresses of the Parties and Representatives (Article 3(b)):**

| Party | Representative |
|---|---|
| Mattel, Inc. ("Mattel") | John B. Quinn, Esq. Michael T. Zeller, Esq. Jon D. Corey, Esq. QUINN EMANUAL URQUHART OLIVER & HEDGES LLP 865 South Figueroa Street, 10th Floor Los Angeles, CA 90017 |

| | |
|---|---|
| MGA Entertainment, Inc.;<br>MGAE de Mexico, S.R.L. de C.V.;<br>MGA Entertainment (HK) Limited;<br>Isaac Larian<br>("MGA") | Melinda Haag, Esq.<br>Annette L. Hurst, Esq.<br>Warrington S. Parker, III, Esq.<br>ORRICK HERRINGTON &<br>SUTCLIFFE LLP<br>The Orrick Building<br>405 Howard Street<br>San Francisco, CA 94104 |
| | William A. Molinski, Esq.<br>ORRICK HERRINGTON &<br>SUTCLIFFE LLP<br>777 South Figueroa Street, Suite 3200<br>Los Angeles, CA 90017 |
| | Thomas J. Nolan, Esq.<br>Jason Russell, Esq.<br>SKADDEN ARPS SLATE<br>MEAGHER & FLOM LLP<br>3000 South Grand Avenue, Suite 3400<br>Los Angeles, CA 90071 |
| Carlos Gustavo Machado Gomez | Mark E. Overland, Esq.<br>David C. Scheper, Esq.<br>Alexander H. Cote, Esq.<br>OVERLAND, BORENSTEIN,<br>SCHEPER & KIM, LLP<br>300 S. Grand Avenue, Suite 2750<br>Los Angeles, CA 90071 |

## 3.    Nature of the Proceedings (Article 3(c)):

The evidence requested relates to civil proceedings entitled *Bryant v. Mattel, Inc.*, Case No. CV 04-9049 DOC (RNBx) ("Consolidated Proceeding"), which consists of three actions that have been instituted and consolidated before the requesting judicial authority: *Bryant v. Mattel, Inc.*, Case No. CV 04-9049 DOC (RNBx); *Mattel, Inc. v. Bryant*, Case No. CV 04-9059 DOC (RNBx), and *MGA Entertainment v. Mattel, Inc.*, Case No. CV 05-2727 DOC (RNBx).  The Consolidated Proceeding is a civil lawsuit, and the applicant for this Letter of Request is a party to the proceeding, MGA.  In the Consolidated Proceeding, MGA brought a complaint against Mattel alleging false designation of origin, unfair competition, dilution and unjust enrichment.  Mattel filed counterclaims for copyright infringement, misappropriation of trade secrets, violation and conspiracy

to violate the Racketeer Influenced and Corrupt Organizations Act, breach of contract, intentional interference with contract, breach and aiding and abetting breach of fiduciary duty, breach and aiding and abetting breach of duty of loyalty, conversion, unfair competition, avoidance of intentional and constructive fraudulent transfers under the Uniform Fraudulent Transfer Act, and declaratory relief.  Mattel first sought to lodge an amended complaint with these causes of action on November 20, 2006, but the causes of action were not filed as counterclaims until January 12, 2007.

Under California law, which applies in this case, a claim for misappropriation of trade secrets is barred under the statute of limitations if it is filed more than three years after the party discovered or, by the exercise of reasonable diligence, should have discovered the alleged misappropriation.  Thus, MGA alleges that any evidence showing that Mattel discovered or should have discovered that its alleged trade secrets were misappropriated before November 20, 2003 would be evidence that Mattel cannot assert its misappropriation of trade secrets claim because it was not filed within three years of when it accrued.

MGA asserts that Mattel learned about the alleged misappropriation of trade secrets prior to November 20, 2003 through communications between Mattel, or someone acting on its behalf, and solicitors for Cityworld Limited ("Cityworld"), Toys & Trends (Hong Kong) Limited, Cityworld ("Toys & Trends"), and Jurg Willi Kesselring ("Mr. Kesselring").  MGA issued a Writ of Summons against Toys & Trends, Cityworld, and Mr. Kesselring on June 5th 2002 in Hong Kong High Court Action No. 2152 of 2002 ("Hong Kong Action") regarding fashion dolls, and specifically the BRATZ dolls at issue in this case; applied, by way of Summons based on Affirmation evidence, for an interlocutory injunction against Toys & Trends, Cityworld, and Mr. Kesselring in the Hong Kong Action on 18th June 2002; and filed a statement of claim in the Hong Kong Action on July 5th 2002.  Toys & Trends, Cityworld and Mr. Kesselring were represented by Hong Kong solicitor,

1   Mr. Yu, and the firms at which he had been a principal or employed, including

2   Danny K. H. Yu & Co.; Paul K. C. Chan, Danny K. H. Yu & Co.; and Simon C. W.

3   Yung & Co.  MGA alleges that  evidence produced in the Consolidated Proceeding

4   shows solicitors for Toys & Trends, Cityworld and Mr. Kesselring reached out to

5   Mattel at least as early as September 2003 regarding the BRATZ dolls and Mattel's

6   former employee's (Carter Bryant) involvement in the conception and design of the

7   BRATZ dolls.  According to MGA, such correspondence prior to November 20,

8   2003, if sufficient to put Mattel on notice on the claims it sought to add on

9   November 20, 2006, could bar assertion of those claims.

10       Danny K. H. Yu and his firm Danny K. H. Yu & Co. sought to take out a Bill

11   of Costs against MGA in connection with the Hong Kong Action.  In connection

12   with the Bill of Costs, they itemized and testified regarding details of the

13   communications with Mattel about the Cityworld claim.

14       Accordingly, this Letter of Request is directed and narrowly tailored to

15   evidence of communications between Mr. Yu and Mattel prior to November 20,

16   2003, and agreements or fee arrangements between Toys & Trends, Cityworld, Mr.

17   Kesselring, or any of them, and Mattel covering the period of time after the claim

18   was filed by MGA against Toys & Trends, Cityworld and Mr. Kesselring in June

19   2002.

20       The evidence sought is expected to relate to MGA's allegations that Mattel

21   was put on notice or should have been put on notice of its claims against MGA

22   more than three years before it asserted those claims, rendering the claims barred by

23   the statute of limitations.

24   **4.     Evidence to be Obtained (Article 3(d)):**

25       As stated above, this Letter of Request is directed and narrowly tailored to

26   evidence of communications between Mattel and its U.S. counsel, on the one hand,

27   and Mr. Yu and his law firms on the other hand, prior to November 20, 2003.  It is

28   also directed and narrowly tailored to agreements between Cityworld and Mattel in

1  the same time frame.  The evidence to be obtained is for use in an upcoming trial of

2  phase 2 of the consolidated actions that have been captioned *Bryant v. Mattel, Inc.*,

3  Case No. 04-9049 DOC (RNBx) (Consolidated with Case No. 04-9059 and Case

4  No. 05-2727).

5      Accordingly, it is requested that the High Court of the Hong Kong Special

6  Administrative Region Court of First Instance compel the following:

7      (1) the oral deposition under oath of Danny K. H. Yu in Hong Kong., as set

8  forth in Schedule A,

9      (2) the inspection of documents from Danny K. H. Yu, as set forth in

10  Schedule B;

11      (3) the inspection of documents from Danny K. H. Yu & Co.; Paul K. C.

12  Chan, Danny K. H. Yu & Co.; and Simon C. W. Yung & Co., as set forth in

13  Schedule C, and

14      As detailed above, it is alleged by MGA that Mattel had communications and

15  dealings with the above entities that are relevant to showing that Mattel knew or

16  should have known about its claims against MGA more than three years before it

17  asserted the claims, rendering the claims barred by the statute of limitations.

18  **5.    Name and Address of the Person to be Examined (Article 3(e)):**

19  Danny K. H. Yu (Examination & Inspection)
20  803, Manning House
   48 Queen's Road Central
21  Hong Kong

22  Danny K. H. Yu & Co. (Inspection only)
   803, Manning House
23  48 Queen's Road Central
   Hong Kong

Paul K. C. Chan, Danny K. H. Yu & Co. (Inspection only)
8th Floor, Chinachem Tower,
34-37 Connaught Road Central
Hong Kong

Simon C. W. Yung & Co. (Inspection only)
Rm 2603-5, 26/F, ING Tower,
308 Des Voeux Road Central,
Hong Kong

**6.      Statement of the Subject-Matter of the Examination (Article 3(f)):**

The subject matter about which Mr. Yu is to be examined is set forth in Schedule A.

**7.      Documents or Other Property to be Inspected (Article 3(g)):**

The documents or other property requested from Mr. Yu are set forth in Schedule B.

The documents or other property requested from Danny K. H. Yu & Co.; Paul K. C. Chan, Danny K. H. Yu & Co.; and Simon C. W. Yung & Co. are set forth in Schedule C.

**8.      Requirement that the Evidence Is to Be Given Under Oath (Article 3(h)):**

This Court requests that the examination of Mr. Yu shall be taken under oath before the appropriate Hong Kong judicial authority empowered to administer oaths and take testimony.

This Court further requests that the testimony given during the examinations be given under the following oath: "I [name of deponent] swear that the testimony that I am about to give is the truth, the whole truth and nothing but the truth, so help me God."

In the event that the Law of Hong Kong does not permit the swearing of an oath by a particular witness, the duly appointed officer shall make inquiry of such witness to ensure that he/she understands the gravity of the procedure and affirms that his/her statement will be true and correct in all respects.

MGA'S [REVISED PROPOSED] LETTER OF
REQUEST FOR JUDICIAL ASSISTANCE
CV-04-0049 DOC (RNBx)

**9.    Special Method or Procedure to be Followed (Articles 3(i) and 9):**

A Protective Order was entered in this action on January 4, 2005 (Exhibit A hereto).  Accordingly, this Court requests that the High Court of the Hong Kong Special Administrative Region Court of First Instance order that the oral evidence produced pursuant to enforcement of this Letter of Request shall not be used by anyone in any manner or proceeding other than in this matter, *Bryant v. Mattel, Inc.*, Case No. 04-9049 DOC (RNBx) (consolidated with Case No. 04-9059 and Case No. 05-2727), pending in the United States District Court for the Central District of California.

The examinations shall be taken under the Federal Rules of Civil Procedure of the United States of America, except to the extent such procedure is incompatible with the internal laws of Hong Kong.

The examinations shall be taken before a commercial stenographer and a transcript shall be produced. The examinations shall also be videotaped.

The equipment needed to obtain the transcript and the videotape, as well as the persons needed to operate such equipment, will be provided by the requesting party, MGA.

**10.    Notification of Court and Parties (Article 7)**

Pursuant to Article 7 of the Hague Convention on the Taking of Evidence Abroad, the Court requests that counsel for the parties in this action, listed in paragraph 2 above, be informed of the time when, and the place where, the proceedings will take place, in order that they may be present and participate.  In the event that American attorneys are not permitted to participate in the proceedings, this Court gives permission for local Hong Kong counsel representing the parties to participate in the questioning of the witnesses.

**11.    Reciprocity**

This Court respectfully expresses its willingness to provide similar assistance to the High Court of the Hong Kong Special Administrative Region Court of First

MGA's [REVISED PROPOSED] LETTER OF
REQUEST FOR JUDICIAL ASSISTANCE
CV-04-0049 DOC (RNBx)

1  Instance.

2  **12.    Fees and Costs**

3      Any fees and costs incurred as a result of the special procedures set forth in

4  section 9 above will be paid by MGA through its counsel of record:  Annette Hurst,

5  Orrick Herrington & Sutcliffe LLP, 405 Howard Street, San Francisco, CA 94105.

6  MGA's payment of any such fees and costs is without prejudice to its making a

7  subsequent request to be reimbursed for these costs by other parties in these

8  consolidated actions.

9  **Conclusion**

10      Based on the foregoing and the Court's review of the pleadings, this Court

11  has concluded that the above-requested persons and entities have information about

12  the claims and defenses that are the subject of the Consolidated Proceeding,

13  including but not limited to communications with Mattel prior to November 20,

14  2003 relating to the claims at issue and agreements between Mattel and Cityworld.

15  In the spirit of comity and reciprocity, this Court hereby requests international

16  judicial assistance as detailed in this Letter of Request to compel:

17      (1) the oral deposition under oath of Danny K. H. Yu in Hong Kong., as set

18  forth in Schedule A,

19      (2) the inspection of documents from Danny K. H. Yu, as set forth in

20  Schedule B; and

21      (3) the inspection of documents from Danny K. H. Yu & Co.; Paul K. C.

22  Chan, Danny K. H. Yu & Co.; and Simon C. W. Yung & Co., as set forth in

23  Schedule C.

24

25

26

27

28

1   The evidence sought cannot be obtained other than from the entities set forth

2   in this request through examination and inspection of documents in their respective

3   possession, and such evidence in the interests of justice and to assure a complete

4   record for trial in this matter.

5

6

7   DATED: _____, 2010

8

9                                    _____
                                     THE HONORABLE DAVID O. CARTER
10                                   UNITED STATES DISTRICT COURT JUDGE

11

12   I, Milli Borgarding, Deputy-In-Charge, have been authorized by Terry Nafisi,

13   Clerk of Court in and for the United States District Court for the Central District of

14   California, to make all of the requisite certifications relating to the issuance of

15   letters of request, and pursuant to that authority, I do hereby certify that the above

16   signature of Honorable David O. Carter is authentic.

17

18   DATED:_____ , 2010

19

20

21                                   _____
                                     MILLI BORGARDING, Deputy-In-Charge
22                                   United States District Court for the
                                     Central District of California,
23                                   Southern Division
                                     411 W. Fourth Street
24                                   Santa Ana, CA  92701

25

26

27

28

MGA's [Revised Proposed] Letter of
Request for Judicial Assistance
CV-04-0049 DOC (RNBx)

1    I, David O. Carter, District Court Judge of the United States District Court, do hereby certify that Milli Borgarding, whose signature is attached to the letter of

2    request hereto annexed, is now, and was at the time of signing the same, the Deputy-In-Charge for the United States District Court for the Central District of

3    California, Southern Division; that the official acts and doings of said Deputy-In-Charge are entitled to full faith and credit; and that the testation to said letter of

4    request is in due form of law. I further certify that the seal attached to said letter of request is the seal of this Court.

5

6    Executed on the _____ day of February, 2010, in the City of Santa Ana, California.

7

8

9                                    _____

10                                   HONORABLE DAVID O. CARTER
                                     United States District Court for the
11                                   Central District of California,
                                     Southern Division
12                                   411 W. Fourth Street
                                     Santa Ana, CA 92701
13

14    I, Milli Borgarding, Deputy-In-Charge, do hereby certify that David O. Carter, whose name is signed to the accompanying papers is now, and was at the

15    time of signing the same, a United States District Judge for the Central District of California.

16    IN WITNESS THEREOF, I have hereunto set the seal of this District Court

17    at the City of Santa Ana, California, this _____ day of February, 2010.

18

19                                   _____

20                                   MILLI BORGARDING, Deputy-In-Charge
                                     United States District Court for the
21                                   Central District of California,
                                     Southern Division
22                                   411 W. Fourth Street
                                     Santa Ana, CA 92701

23

24

25

26

27

28

MGA'S [REVISED PROPOSED] LETTER OF
REQUEST FOR JUDICIAL ASSISTANCE
CV-04-0049 DOC (RNBx)

**SCHEDULE A**

SUBJECT MATTER ABOUT WHICH MR. YU IS TO BE EXAMINED:

1. Communications between Mr. Danny K. H. Yu or anyone acting on his behalf (together, "Mr. Yu"), and Mattel, Inc. or anyone acting on Mattel's behalf (together, "Mattel") from and including August 1, 2003 through November 20, 2003, in connection with or arising from the provision of any information or materials filed in Hong Kong High Court Action No. 2152 of 2002 to Mattel or the receipt of the same by Mattel.

2. Communications between Mr. Yu and Mattel prior to November 20, 2003 regarding BRATZ in connection with or arising from the provision of any information or materials filed in Hong Kong High Court Action No. 2152 of 2002 to Mattel or the receipt of the same by Mattel.

3. Communications between Mr. Yu and Mattel prior to November 20, 2003 regarding Carter Bryant in connection with or arising from the provision of any information or materials filed in Hong Kong High Court Action No. 2152 of 2002 to Mattel or the receipt of the same by Mattel.

4. Communications between Mr. Yu and Mattel prior to November 20, 2003 regarding MGA in connection with or arising from the provision of any information or materials filed in Hong Kong High Court Action No. 2152 of 2002 to Mattel or the receipt of the same by Mattel.

5. Agreements entered into between Mattel and Cityworld Limited ("Cityworld"), Toys & Trends (Hong Kong) Limited, Cityworld ("Toys & Trends"), and Jurg Willi Kesselring ("Mr. Kesselring"), or any of them, including any agreements to pay legal fees incurred by Cityworld, Toys & Trends, Mr. Kesselring, or any of them at any time from and including June 2002 through the present in connection with or arising from Hong Kong High Court Action No. 2152 of 2002.

MGA's [REVISED PROPOSED] LETTER OF REQUEST FOR JUDICIAL ASSISTANCE
CV-04-0049 DOC (RNBx)

6. Payment by Mattel of legal fees incurred by Cityworld, Toys & Trends, Mr. Kesselring, or any of them at any time from and including June 2002 through the present in connection with or arising from Hong Kong High Court Action No. 2152 of 2002.

## SCHEDULE B

REQUESTS FOR INSPECTION OF DOCUMENTS TO DANNY K.H. YU:

1.  Communications between Mr. Danny K. H. Yu or anyone acting on his behalf (together, "Mr. Yu"), and Mattel, Inc. or anyone acting on Mattel's behalf (together, "Mattel") from and including August 1, 2003 through November 20, 2003, in connection with or arising from the provision of any information or materials filed in Hong Kong High Court Action No. 2152 of 2002 to Mattel or the receipt of the same by Mattel.

2.  Documents reflecting communications between Mr. Yu and Mattel from and including August 1, 2003 through November 20, 2003, including but not limited to invoices, time entry reports, facsimile transmissions, and telephone records, in connection with or arising from the provision of any information or materials filed in Hong Kong High Court Action No. 2152 of 2002 to Mattel or the receipt of the same by Mattel.

3.  Communications between Mr. Yu and Mattel prior to November 20, 2003 regarding BRATZ in connection with or arising from the provision of any information or materials filed in Hong Kong High Court Action No. 2152 of 2002 to Mattel or the receipt of the same by Mattel.

4.  Documents reflecting communications between Mr. Yu and Mattel prior to November 20, 2003 regarding BRATZ, including but not limited to invoices, time entry reports, facsimile transmissions, and telephone records, in connection with or arising from the provision of any information or materials filed in Hong Kong High Court Action No. 2152 of 2002 to Mattel or the receipt of the same by Mattel.

5.  Communications between Mr. Yu and Mattel prior to November 20, 2003 regarding Carter Bryant in connection with or arising from the provision of any information or materials filed in Hong Kong High Court Action No. 2152 of 2002 to Mattel or the receipt of the same by Mattel.

MGA's [Revised Proposed] Letter of Request for Judicial Assistance
CV-04-0049 DOC (RNBx)

6. Documents reflecting communications between Mr. Yu and Mattel prior to November 20, 2003 regarding Carter Bryant, including but not limited to invoices, time entry reports, facsimile transmissions, and telephone records, in connection with or arising from the provision of any information or materials filed in Hong Kong High Court Action No. 2152 of 2002 to Mattel or the receipt of the same by Mattel.

7. Communications between Mr. Yu and Mattel prior to November 20, 2003 regarding MGA in connection with or arising from the provision of any information or materials filed in Hong Kong High Court Action No. 2152 of 2002 to Mattel or the receipt of the same by Mattel.

8. Documents reflecting communications between Mr. Yu and Mattel prior to November 20, 2003 regarding MGA, including but not limited to invoices, time entry reports, facsimile transmissions, and telephone records, in connection with or arising from the provision of any information or materials filed in Hong Kong High Court Action No. 2152 of 2002 to Mattel or the receipt of the same by Mattel.

9. Agreements entered into between Mattel and Cityworld, Toys & Trends, Mr. Kesselring, or any of them, including any agreements to pay legal fees incurred by Cityworld Toys & Trends, Mr. Kesselring, or any of them, at any time from and including June 2002 through the present in connection with or arising from Hong Kong High Court Action No. 2152 of 2002.

10. Documents reflecting payment by Mattel of legal fees incurred by Cityworld Toys & Trends, Mr. Kesselring, or any of them, at any time from and including June 2002 through the present in connection with or arising from Hong Kong High Court Action No. 2152 of 2002.

## SCHEDULE C

REQUESTS FOR INSPECTION OF DOCUMENTS TO

      (1) DANNY K. H. YU & CO.;

      (2) PAUL K. C. CHAN, DANNY K. H. YU & CO.; AND

      (3) SIMON C. W. YUNG & CO.:

1. Communications between Mr. Danny K. H. Yu or any other employee of Danny K. H. Yu & Co.; Paul K. C. Chan, Danny K. H. Yu & Co.; Simon C. W. Yung & Co. or anyone acting on their behalf (together "Yu's Firm"), and Mattel, Inc. or anyone acting on Mattel's behalf (together, "Mattel") from and including August 1, 2003 through November 20, 2003, in connection with or arising from the provision of any information or materials filed in Hong Kong High Court Action No. 2152 of 2002 to Mattel or the receipt of the same by Mattel.

2. Documents reflecting communications between Yu's Firm and Mattel from and including August 1, 2003 through November 20, 2003, including but not limited to invoices, time entry reports, facsimile transmissions, and telephone records, in connection with or arising from the provision of any information or materials filed in Hong Kong High Court Action No. 2152 of 2002 to Mattel or the receipt of the same by Mattel.

3. Communications between Yu's Firm and Mattel prior to November 20, 2003 regarding BRATZ in connection with or arising from the provision of any information or materials filed in Hong Kong High Court Action No. 2152 of 2002 to Mattel or the receipt of the same by Mattel.

4. Documents reflecting communications between Yu's Firm and Mattel prior to November 20, 2003 regarding BRATZ, including but not limited to invoices, time entry reports, facsimile transmissions, and telephone records, in connection with or arising from the provision of any information or materials filed in Hong Kong High Court Action No. 2152 of 2002 to Mattel or the receipt of the same by Mattel.

5.   Communications between Yu's Firm and Mattel prior to November 20, 2003 regarding Carter Bryant, in connection with or arising from the provision of any information or materials filed in Hong Kong High Court Action No. 2152 of 2002 to Mattel or the receipt of the same by Mattel.

6.   Documents reflecting communications between Yu's Firm and Mattel prior to November 20, 2003 regarding Carter Bryant, including but not limited to invoices, time entry reports, facsimile transmissions, and telephone records, in connection with or arising from the provision of any information or materials filed in Hong Kong High Court Action No. 2152 of 2002 to Mattel or the receipt of the same by Mattel.

7.   Communications between Yu's Firm and Mattel prior to November 20, 2003 regarding MGA in connection with or arising from the provision of any information or materials filed in Hong Kong High Court Action No. 2152 of 2002 to Mattel or the receipt of the same by Mattel.

8.   Documents reflecting communications between Yu's Firm and Mattel prior to November 20, 2003 regarding MGA, including but not limited to invoices, time entry reports, facsimile transmissions, and telephone records, in connection with or arising from the provision of any information or materials filed in Hong Kong High Court Action No. 2152 of 2002 to Mattel or the receipt of the same by Mattel.

9.   Agreements entered into between Mattel and Cityworld, Toys & Trends, Mr. Kesselring, or any of them, including any agreements to pay legal fees incurred by Cityworld at any time from and including June 2002 through the present in connection with or arising from Hong Kong High Court Action No. 2152 of 2002.

10. Documents reflecting payment by Mattel of legal fees incurred by Cityworld, Toys & Trends, Mr. Kesselring, or any of them, at any time from and including June 2002 through the present in connection with or arising from Hong Kong High Court Action No. 2152 of 2002.