MELINDA HAAG (State Bar No. 132612)
mhaag@orrick.com
ANNETTE L. HURST (State Bar No. 148738)
ahurst@orrick.com
WARRINGTON S. PARKER III (State Bar No. 148003)
wparker@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105
Telephone:   +1-415-773-5700
Facsimile:   +1-415-773-5759

WILLIAM A. MOLINSKI (State Bar No. 145186)
wmolinski@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA  90017
Telephone:   +1-213-629-2020
Facsimile:   +1-213-612-2499

Attorneys for MGA Parties

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware Corporation<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | Case No. CV 04-9049 DOC (RNBx)<br><br>Consolidated with:<br>CV 04-9059<br>CV 05-2727<br><br>[REVISED PROPOSED] LETTER OF REQUEST FOR JUDICIAL ASSISTANCE  BY THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA REGARDING BIRD & BIRD |

TO THE CHIEF SECRETARY FOR ADMINISTRATION OF HONG KONG SAR:

The United States District Court for the Central District of California presents its compliments to the Hong Kong Central Authority, namely the Chief Secretary for Administration of Hong Kong SAR, and requests international judicial assistance to obtain evidence to be used in a civil proceeding before this court in the above captioned matter. The Court has indicated that the trial will commence no later than May 2010, and the parties have agreed to propose a trial date of April 20, 2010 in Santa Ana, California, United States of America.

This Court requests that the assistance described herein, as necessary in the interests of justice. The assistance requested is that the High Court of the Hong Kong Special Administrative Region Court of First Instance compel: the inspection of documents from Bird & Bird, as set forth in Schedule A.

The requested documents are intended for use at trial, and will be relevant to numerous claims and defenses at issue in the above-captioned case in this District.

This request is made with the understanding that it will in no way require the persons described below to commit any offense, nor will it require the persons described below to undergo a broader form of inquiry than they would if the litigation were conducted in Hong Kong.

## LETTER OF REQUEST

This Letter of Request is made pursuant to the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters ("Hague Convention"). Accordingly, the Letter of Request sets forth the following requirements under the applicable Articles of the Hague Convention, as well as other information pertinent to this particular proceeding:

1. **Authority Requesting Letter of Request (Article 3(a)):**

Hon. David O. Carter
United States District Judge
United States District Court for the Central District of California
Court Room 9D
1-053 Ronald Reagan Federal Bldg
and United States Courthouse
411 West Fourth Street
Santa Ana, CA 92701
Tel: (714) 338-4543

The United States District Court for the Central District of California, Southern Division, which is a competent court of law and equity which properly has jurisdiction over this proceeding, has the power to compel the attendance of witnesses and inspection of documents within its jurisdiction, and has the authority to seek the assistance of foreign governments in compelling the attendance of witnesses and inspection of documents outside its jurisdiction.

**Authority Requested to Executed Letter of Request (Article 3(a)):**

Chief Secretary for Administration of Hong Kong SAR
Central Government Offices
Lower Albert Road
Hong Kong,
Tel: (011) (852) 8102954

2. **Names and Addresses of the Parties and Representatives (Article 3(b)):**

| Party | Representative |
|---|---|
| Mattel, Inc. ("Mattel") | John B. Quinn, Esq. Michael T. Zeller, Esq. Jon D. Corey, Esq. QUINN EMANUAL URQUHART OLIVER & HEDGES LLP 865 South Figueroa Street, 10th Floor Los Angeles, CA 90017 |
| MGA Entertainment, Inc.; MGAE de Mexico, S.R.L. de C.V.; MGA Entertainment (HK) Limited; Isaac Larian ("MGA") | Melinda Haag, Esq. Annette L. Hurst, Esq. Warrington S. Parker, III, Esq. ORRICK HERRINGTON & SUTCLIFFE LLP The Orrick Building 405 Howard Street San Francisco, CA 94104 |

|   |   |
|---|---|
|   | William A. Molinski, Esq.<br>ORRICK HERRINGTON &<br>SUTCLIFFE LLP<br>777 South Figueroa Street, Suite 3200<br>Los Angeles, CA 90017 |
|   | Thomas J. Nolan, Esq.<br>Jason Russell, Esq.<br>SKADDEN ARPS SLATE<br>MEAGHER & FLOM LLP<br>3000 South Grand Avenue, Suite 3400<br>Los Angeles, CA 90071 |
| Carlos Gustavo Machado Gomez | Mark E. Overland, Esq.<br>David C. Scheper, Esq.<br>Alexander H. Cote, Esq.<br>OVERLAND, BORENSTEIN,<br>SCHEPER & KIM, LLP<br>300 S. Grand Avenue, Suite 2750<br>Los Angeles, CA 90071 |

3.  **Nature of the Proceedings (Article 3(c)):**

The evidence requested relates to civil proceedings entitled *Bryant v. Mattel, Inc.*, Case No. CV 04-9049 DOC (RNBx) ("Consolidated Proceeding"), which consists of three actions that have been instituted and consolidated before the requesting judicial authority: *Bryant v. Mattel, Inc.*, Case No. CV 04-9049 DOC (RNBx); *Mattel, Inc. v. Bryant*, Case No. CV 04-9059 DOC (RNBx), and *MGA Entertainment v. Mattel, Inc.*, Case No. CV 05-2727 DOC (RNBx). The Consolidated Proceeding is a civil lawsuit, and the applicant for this Letter of Request is a party to the proceeding, MGA. In the Consolidated Proceeding, MGA brought a complaint against Mattel alleging false designation of origin, unfair competition, dilution and unjust enrichment. Mattel filed counterclaims for copyright infringement, misappropriation of trade secrets, violation and conspiracy to violate the Racketeer Influenced and Corrupt Organizations Act, breach of contract, intentional interference with contract, breach and aiding and abetting breach of fiduciary duty, breach and aiding and abetting breach of duty of loyalty, conversion, unfair competition, avoidance of intentional and constructive fraudulent

transfers under the Uniform Fraudulent Transfer Act, and declaratory relief. Mattel first sought to lodge an amended complaint with these causes of action on November 20, 2006, but the causes of action were not filed as counterclaims until January 12, 2007. MGA asserts that Mattel learned about the claims it seeks to assert against MGA at such an early date that Mattel is barred from asserting those claims by the statute of limitations and laches.

For example, under California law, which applies in this case, a claim for misappropriation of trade secrets is barred under the statute of limitations if it is filed more than three years after the party discovered or, by the exercise of reasonable diligence, should have discovered the alleged misappropriation. Thus, MGA alleges that any evidence showing that Mattel discovered or should have discovered that its alleged trade secrets were misappropriated before November 20, 2003 would be evidence that Mattel cannot assert its misappropriation of trade secrets claim because it was not filed within three years of when it accrued.

MGA asserts that Mattel learned about the alleged misappropriation of trade secrets prior to November 20, 2003 through communications between its counsel at Quinn Emanuel Urquhart Oliver & Hedges, LLP ("Quinn") and Bird & Bird, a solicitors' firm in the Hong Kong Special Administrative Region. On September 23, 2003, Quinn received one or more facsimiles from Bird & Bird allegedly attaching the Writ of Summons issued in Hong Kong High Court Action No. 2152 of 2002 ("Hong Kong Action"). MGA alleges that there are several discrepancies associated with the facsimile(s) that has been produced to MGA in the Consolidated Proceeding, which MGA claims has led it to believe that it may not have the complete document(s) transmitted from Bird & Bird: (1) the header on the facsimile changes between pages ten and eleven indicating that there may have been two different facsimile transmissions from two different machines (the numbering convention changes from "01, 02, 03…" to "11/46, 12/46, 13/46…"); (2) also between pages ten and eleven, there is a 18 minute time gap, from 14:37 to 14:55;

(3) the cover page to the fax indicates that it is 44 pages (including this page), while the header on pages eleven to forty-six indicates that a forty-six page fax was sent. (Pages with "01" to "10" in the header are attached hereto as Exhibit A. Pages with "11/46" to "46/46" in the header are attached hereto as Exhibit B.) MGA alleges that these discrepancies indicate that Bird & Bird may have sent two facsimile transmissions with materials in addition to those that MGA has been provided in the Consolidated Proceeding. According to MGA, if Mattel, through Quinn, received additional information about the Hong Kong Action from Bird & Bird prior to November 20, 2003, its claims may be time-barred.

This Letter of Request is directed and narrowly tailored to inspection of the original and copies of the facsimile transmission(s) from Bird & Bird dated September 23, 2003, and confirmation of transmission as generated by the facsimile machine. The evidence sought is expected to relate to MGA's allegations that Mattel was put on notice or should have been put on notice of its claims against MGA more than three years before it asserted those claims, rendering the claims barred by the statute of limitations.

4. **Evidence to be Obtained (Article 3(d)):**

As stated above, this Letter of Request is directed and narrowly tailored to inspection of the original facsimile transmission(s) from Bird & Bird on September 23, 2003. The evidence to be obtained is for use in an upcoming trial of phase 2 of the consolidated actions that have been captioned *Bryant v. Mattel, Inc.*, Case No. 04-9049 DOC (RNBx) (Consolidated with Case No. 04-9059 and Case No. 05-2727).

Accordingly, it is requested that the High Court of the Hong Kong Special Administrative Region Court of First Instance compel the following: the inspection of documents from Bird & Bird, as set forth in Schedule A.

As detailed above, it is alleged by MGA that Mattel had communications and dealings with the above entities that are relevant to showing that Mattel knew or

should have known about its claims against MGA more than three years before it asserted the claims, rendering the claims barred by the statute of limitations.

5. **Name and Address of the Person to be Examined (Article 3(e)):**

   Bird & Bird (Inspection only)
   33/F, Three Pacific Place,
   1 Queen's Road East,
   Hong Kong

6. **Statement of the Subject-Matter of the Examination (Article 3(f)):**

   This Letter of Request seeks only inspection of documents.

7. **Documents or Other Property to be Inspected (Article 3(g)):**

   The documents or other property requested from Bird & Bird are set forth in Schedule A.

8. **Requirement that the Evidence Is to Be Given Under Oath (Article 3(h)):**

   This Letter of Request seeks only inspection of documents.

9. **Special Method or Procedure to be Followed (Articles 3(i) and 9):**

   A Protective Order was entered in this action on January 4, 2005 (Exhibit C hereto). Accordingly, this Court requests that the High Court of the Hong Kong Special Administrative Region Court of First Instance order that evidence produced pursuant to enforcement of this Letter of Request shall not be used by anyone in any manner or proceeding other than in this matter, *Bryant v. Mattel, Inc.*, Case No. 04-9049 DOC (RNBx) (consolidated with Case No. 04-9059 and Case No. 05-2727), pending in the United States District Court for the Central District of California.

10. **Notification of Court and Parties (Article 7)**

    Pursuant to Article 7 of the Hague Convention on the Taking of Evidence Abroad, the Court requests that counsel for the parties in this action, listed in paragraph 2 above, be informed of the time when, and the place where, the requested inspection will take place, in order that they may be present and participate. In the event that American attorneys are not permitted to participate in

the proceedings, this Court gives permission for local Hong Kong counsel representing the parties to participate in the inspection.

### 11. Reciprocity

This Court respectfully expresses its willingness to provide similar assistance to the High Court of the Hong Kong Special Administrative Region Court of First Instance.

### Conclusion

Based on the foregoing and the Court's review of the pleadings, this Court has concluded that the above-requested entity has information about the claims and defenses that are the subject of the Consolidated Proceeding, namely facsimile correspondence with Mattel on September 23, 2003. In the spirit of comity and reciprocity, this Court hereby requests international judicial assistance as detailed in this Letter of Request to compel: the inspection of documents from Bird & Bird, as set forth in Schedule A.

//
//
//
//
//
//
//
//
//
//

The evidence sought cannot be obtained other than from Bird & Bird through inspection of documents in its possession, and such evidence in the interests of justice and to assure a complete record for trial in this matter.

DATED: _____, 2010

_____
THE HONORABLE DAVID O. CARTER
UNITED STATES DISTRICT COURT JUDGE

I, Milli Borgarding, Deputy-In-Charge, have been authorized by Terry Nafisi, Clerk of Court in and for the United States District Court for the Central District of California, to make all of the requisite certifications relating to the issuance of letters of request, and pursuant to that authority, I do hereby certify that the above signature of Honorable David O. Carter is authentic.

DATED: _____, 2010

_____
MILLI BORGARDING, Deputy-In-Charge
United States District Court for the
Central District of California,
Southern Division
411 W. Fourth Street
Santa Ana, CA 92701

I, David O. Carter, District Court Judge of the United States District Court, do hereby certify that Milli Borgarding, whose signature is attached to the letter of request hereto annexed, is now, and was at the time of signing the same, the Deputy-In-Charge for the United States District Court for the Central District of California, Southern Division; that the official acts and doings of said Deputy-In-Charge are entitled to full faith and credit; and that the testation to said letter of request is in due form of law. I further certify that the seal attached to said letter of request is the seal of this Court.

Executed on the _____ day of February, 2010, in the City of Santa Ana, California.

_____
HONORABLE DAVID O. CARTER
United States District Court for the
Central District of California,
Southern Division
411 W. Fourth Street
Santa Ana, CA  92701

I, Milli Borgarding, Deputy-In-Charge, do hereby certify that David O. Carter, whose name is signed to the accompanying papers is now, and was at the time of signing the same, a United States District Judge for the Central District of California.

IN WITNESS THEREOF, I have hereunto set the seal of this District Court at the City of Santa Ana, California, this _____ day of February, 2010.

_____
MILLI BORGARDING, Deputy-In-Charge
United States District Court for the
Central District of California,
Southern Division
411 W. Fourth Street
Santa Ana, CA  92701

## SCHEDULE A

REQUESTS FOR INSPECTION OF DOCUMENTS TO BIRD & BIRD:

1. The original and copies of the complete set of documents transmitted by facsimile from Bird & Bird to Quinn, beginning with the pages attached hereto as Exhibit A.

2. The confirmation of transmission provided by the facsimile machine for the facsimile from Bird & Bird to Quinn that begins with the pages attached hereto as Exhibit A.

3. The original and copies of the complete set of documents transmitted by facsimile from Bird & Bird to Quinn, ending with the pages attached hereto as Exhibit B.

4. The confirmation of transmission provided by the facsimile machine for the facsimile from Bird & Bird to Quinn that ends with the pages attached hereto as Exhibit B.