QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:  (213) 443-3000
Facsimile:   (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation,<br><br>           Plaintiff,<br><br>     vs.<br><br>MGA ENTERTAINMENT, INC., a California corporation,<br><br>           Defendants.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 DOC (RNBx)<br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>Hon. David O. Carter<br><br>**MATTEL, INC.'S OBJECTIONS TO MGA'S REQUEST FOR EXECUTION OF LETTERS OF REQUEST RE: YU AND BIRD AND BIRD**<br><br>**Phase 2**<br>Discovery Cutoff:       TBD<br>Pre-trial Conference:  TBD<br>Trial:                         TBD |

07975/3338614.1

MATTEL OBJECTIONS TO MGA'S REQUEST FOR EXECUTION OF LETTERS OF REQUEST

Mattel responds to MGA's Request For Execution By The Court Of Letters Of Request Re: Yu and Bird and Bird (the "Request"), filed on February 23, 2010 (Docket No. 7550), to clarify the following.

First, MGA's Request contains statements that inappropriately suggest this Court or the Discovery Master has made factual findings that neither of them has made.[1]  Indeed, underscoring the impropriety of MGA's attempt to present the statements in its Request as Court findings, the only merits determination made by the Court as to MGA's allegations actually rejected them.[2]  Mattel's modest language changes are to make clear that MGA's allegations are just that -- allegations -- and to ensure that they are not misconstrued by foreign courts or others as adjudicated facts.  MGA has never offered any basis for refusing these proper revisions.[3] Simply put, as Mattel's revisions reflect, the Request should be modified to fairly reflect that the statements are MGA allegations, not conclusions of this Court.[4]

Second, the Request to Mattel's Hong Kong counsel Bird & Bird, which seeks "the original and copies" of a fax, is unnecessary.  Copies of the fax were already produced from Bird & Bird's files, and Mattel's counsel previously informed MGA's counsel that the originals were available for inspection at any time.  While MGA's

---

[1] For example, the Request to Bird & Bird states that "[t]here are several discrepancies associated with the facsimile(s) that has been produced to MGA," without any disclosure that they are mere MGA allegations. (Exhibit 1B at 5-6.)

[2] Judge Larson rejected as speculative and unsupported the very allegations about the fax that the Request presents (in a misleading manner to suggest that they are established fact).  See Order Re Statute Of Limitations Defense, dated May 27, 2008, at 3 (Docket No. 3826).

[3] Contrary to MGA's suggestion, Mattel has long been asking MGA for these changes, including when the Requests were presented to the Discovery Master.

[4] Similarly, Mattel's proposed language would, where appropriate, insert "MGA alleges that" or "MGA asserts" (see, e.g., Ex. 2A, p.5, line 12, Ex. 2B, p. 5, line 11), replace "MGA has reason to believe" with "MGA asserts", (see, e.g., Ex. 2A, p. 5, line 17, Ex. 2B, p. 5, line 15), and replace "show" with "relate to MGA's allegations" (see, e.g., Ex. 2A, p. 6, line 21, Ex. 2B, p. 6, line 14).

counsel stated that he would let Mattel know if and when MGA wanted to inspect the originals, MGA has not taken up Mattel on its invitation to date.

DATED: February 23, 2010         QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By /s/ Michael T. Zeller
   Michael T. Zeller
   Attorneys for Mattel, Inc.