1   MELINDA HAAG (State Bar No. 132612)
    mhaag@orrick.com
2   ANNETTE L. HURST (State Bar No. 148738)
    ahurst@orrick.com
3   WARRINGTON S. PARKER III (State Bar No. 148003)
    wparker@orrick.com
4   ORRICK, HERRINGTON & SUTCLIFFE LLP
    405 Howard Street
5   San Francisco, CA  94105-2669
    Tel: (415) 773-5700/Fax: (415) 773-5759
6
    WILLIAM A. MOLINSKI (State Bar No. 145186)
7   wmolinski@orrick.com
    ORRICK, HERRINGTON & SUTCLIFFE LLP
8   777 South Figueroa Street, Suite 3200
    Los Angeles, CA  90017
9   Tel. (213) 629-2020/Fax: (213) 612-2499

10  THOMAS S. MCCONVILLE (State Bar No. 155905)
    tmcconville@orrick.com
11  ORRICK, HERRINGTON & SUTCLIFFE LLP
    4 Park Plaza, Suite 1600
12  Irvine, CA 92614-2258
    Tel: (949) 567-6700/Fax: (949) 567-6710

13  Attorneys for MGA Parties

14              UNITED STATES DISTRICT COURT

15              CENTRAL DISTRICT OF CALIFORNIA

16                   SOUTHERN DIVISION

17
    CARTER BRYANT, an individual          Case No.  CV 04-9049-DOC (RNBx)
18
                   Plaintiff,             Consolidated with:
19                                        Case No. CV 04-9059
    v.                                    Case No. CV 05-2727
20
    MATTEL, INC., a Delaware              Hon. David O. Carter
21  corporation,
                                          APPENDIX IN RESPONSE TO
22                 Defendant.             MATTEL'S APPENDIX 1 IN
                                          SUPPORT OF MATTEL, INC.'S
23                                        OBJECTIONS TO PORTIONS OF
    AND CONSOLIDATED ACTIONS              DISCOVERY ORDER NOS. 89 AND 91
24

25

26

27

28

In addition to the brief filed in support of its objections (Dkt. # 7523), Mattel filed appendices (Dkt. # 7523-1).  These appendices included: Appendix 1, comprised of charts in which Mattel presents arguments in objection to each request; and Appendix 2, a declaration from Mattel's Senior Director of Global Information Technologies for Mattel, Inc.  In this appendix, MGA responds to Mattel's Appendix 1.

**1.   The Discovery Master Did Not Err In Compelling Requests Related To Polly Pocket**

| RFP No. 9049 | MGA's Request | Mattel's Objections (footnotes omitted) | MGA's Response |
|---|---|---|---|
| 452 | All DOCUMENTS REFERRING OR RELATING TO directives, suggestions or instructions from YOU to create ADVERTISEMENTS for "MY SCENE," "POLLY POCKET," "ACCELERACERS" or any other MATTEL products using elements that are similar to or the same as elements used in ADVERTISEMENTS for "BRATZ," "ALIEN RACERS," or any other MGA products known to YOU. | This Request is overbroad insofar as it seeks documents about Polly Pocket.  Judge Infante granted Mattel a Protective Order on this very subject and explicitly held that MGA could only seek "Polly Pocket" documents that related to a single commercial, because the only proffered justification for the requests was "an interrogatory response in which MGA claims that one of Mattel's Polly Pocket commercials was allegedly filmed in the same mall using the same escalator as an MGA Bratz commercial."  MGA's Unclean Hands defense remains substantively the same.  The "Polly Pocket" documents sought by this request | Mattel agreed to produce in response to this Request, subject to its objections.  Dkt. # 6818-29 at 1073.  Mattel cannot now avoid production.

This request is not overbroad in seeking documents about Polly Pocket.  As the Discovery Master correctly found, Judge Infante's April 19, 2007 Order is outdated and inapposite.  Since then, MGA has filed pleadings alleging that Mattel has engaged in serial copying of MGA products, packaging, themes, and advertising, including for Mattel's Polly Pocket.  *See* Order No. 89, Dkt. # 7376 at 27.  Accordingly, the Discovery Master found that the Request |

| RFP No. 9049 | MGA's Request | Mattel's Objections (footnotes omitted) | MGA's Response |
|---|---|---|---|
| | | have nothing to do with the only "Polly Pocket" issue in this case. | is reasonably tailored to seek documents that are relevant to MGA's unclean hands defense and claim of unfair competition because the request involves "Mattel's design of specific characteristics of Polly Pocket (*e.g.*, pose) and Mattel's awareness of similarities between those characteristics and characteristics of MGA products." *Id.* at 27-28. |
| 512 | All DOCUMENTS REFERRING OR RELATING TO the creation, origins or sources of inspiration of "POLLY POCKET COLOR SURPRISE POLLY" including, without limitation, the creation, origins or sources of inspiration of the pose of "POLLY POCKET COLOR SURPRISE POLLY. | <u>See</u> Mattel's Response to 9049 Request No. 452. | This request is not overbroad in seeking documents about Polly Pocket.  As the Discovery Master correctly found, Judge Infante's April 19, 2007 Order is outdated and inapposite.  Since then, MGA has filed pleadings alleging that Mattel has engaged in serial copying of MGA products, packaging, themes, and advertising, including for Mattel's Polly Pocket.  *See* Order No. 89, Dkt. # 7376 at 27.  Accordingly, the Discovery Master found that the Request is reasonably tailored to seek documents that are relevant to MGA's unclean hands defense and claim of unfair |

| RFP No. | MGA's Request | Mattel's Objections (footnotes omitted) | MGA's Response |
|---|---|---|---|
| 9049 | | | |
| | | | competition because the request involves "Mattel's design of specific characteristics of Polly Pocket (*e.g.*, pose) and Mattel's awareness of similarities between those characteristics and characteristics of MGA products." *Id*. at 27-28. |
| 513 | All DOCUMENTS REFERRING OR RELATING TO any similarity or dissimilarity between "POLLY POCKET COLOR SURPRISE POLLY" and any MGA product (whether released or unreleased) known to YOU, including but not limited to any similarity or dissimilarity between the pose of "POLLY POCKET COLOR SURPRISE POLLY" and the pose of any MGA product known to YOU. | <u>See</u> Mattel's Response to 9049 Request No. 452. | *See* MGA's Response to 9049 Request No. 512. |
| 514 | All DOCUMENTS REFERRING OR RELATING TO whether the appearance or pose of ""POLLY POCKET COLOR SURPRISE POLLY"" copies, replicates, or in any way imitates the appearance or pose of any MGA product (whether released or | <u>See</u> Mattel's Response to 9049 Request No. 452. | *See* MGA's Response to 9049 Request No. 512. |

| RFP No. 9049 | MGA's Request | Mattel's Objections (footnotes omitted) | MGA's Response |
|---|---|---|---|
| | unreleased) known to YOU. | | |
| 515 | DOCUMENTS, including but not limited to organizational charts, sufficient to identify (by name and job function) all current and former MATTEL personnel and/or freelancers comprising the primary team that worked on the creation, design and development of "POLLY POCKET COLOR SURPRISE POLLLY." | *See* Mattel's Response to 9049 Request No. 452. | *See* MGA's Response to 9049 Request No. 512. |
| 611 | All DOCUMENTS and COMMUNICATIONS REFERRING TO OR RELATING TO the origins or sources of inspiration of POLLY POCKET, including, without limitation, the purpose for which POLLY POCKET were created. | Judge Infante granted Mattel a Protective Order on this very subject and explicitly held that MGA could only seek "Polly Pocket" documents that related to a single commercial, because the only proffered justification for the requests was "an interrogatory response in which MGA claims that one of Mattel's Polly Pocket commercials was allegedly filmed in the same mall using the same escalator as an MGA Bratz commercial." MGA's Unclean Hands defense remains substantively the same. The "Polly | This request is not overbroad in seeking documents about Polly Pocket. As the Discovery Master correctly found, Judge Infante's April 19, 2007 Order is outdated and inapposite. Since then, MGA has filed pleadings alleging that Mattel has engaged in serial copying of MGA products, packaging, themes, and advertising, including for Mattel's Polly Pocket. *See* Order No. 89, Dkt. # 7376 at 27. Accordingly, the Discovery Master found that the Request is reasonably tailored to seek documents that are relevant to MGA's |

| RFP No. | MGA's Request | Mattel's Objections (footnotes omitted) | MGA's Response |
|---|---|---|---|
| **9049** | | | |
| | | Pocket" documents sought by this request have nothing to do with the only "Polly Pocket" issue in this case. Further, Mattel began distributing Polly Pocket products in the early 1990s, more than a decade before the time period of MGA's Phase 2 defenses. | unclean hands defense and claim of unfair competition because the request involves "Mattel's design of specific characteristics of Polly Pocket (*e.g.*, pose) and Mattel's awareness of similarities between those characteristics and characteristics of MGA products." *Id.* at 27-28.

Further, Mattel's objection that it began distributing Polly Pocket products in the early 1990s does not preclude MGA's claim that Mattel later engaged in serial copying of MGA products, including packaging and advertising. Moreover, this request is limited in time to January 1, 1995 through the present (Dkt. # 6818-35 at 1286), and the Discovery Master further narrowed this request, which appears in Appendix A, to categories of relevance to Phase 2 issues (Dkt. # 7396 at 16, 28). |
| 612 | All DOCUMENTS and COMMUNICATIONS REFERRING TO OR RELATING TO MATTEL'S initial | *See* Mattel's Response to 9049 Request No. 611. | *See* MGA's Response to 9049 Request No. 611. |

| RFP No. 9049 | MGA's Request | Mattel's Objections (footnotes omitted) | MGA's Response |
|---|---|---|---|
| | design and development of POLLY POCKET, including but not limited to design drawings, sculpts, internal memos, MARKET RESEARCH, and approval memo. | | |
| 613 | All DOCUMENTS and COMMUNICATIONS REFERRING TO OR RELATING TO consideration being given to changing the appearance of POLLY POCKET, including but not limited to DOCUMENTS REFERRING TO OR RELATING TO sculpts, face paint and eye design. | See Mattel's Response to 9049 Request No. 611. | See MGA's Response to 9049 Request No. 611. |
| 614 | Photographs or pictures sufficient to illustrate eye variation or version of POLLY POCKET ever released as a commercial product, including without limitation, any variation in face paint, face paint plans or designs, eye designs, drafts, ideas or concepts. | See Mattel's Response to 9049 Request No. 611. | See MGA's Response to 9049 Request No. 611. |
| 615 | Photographs or pictures sufficient to illustrate every variation or version of POLLY POCKET considered by YOU but never released as a commercial product, | See Mattel's Response to 9049 Request No. 611. | See MGA's Response to 9049 Request No. 611. |

| RFP No. | MGA's Request | Mattel's Objections (footnotes omitted) | MGA's Response |
|---|---|---|---|
| **9049** | | | |
| | including without limitation, face paint, face paint plans or designs, eye designs, drafts, ideas or concepts. | | |
| 616 | All DOCUMENTS and COMMUNICATIONS REFERRING TO OR RELATING TO the design, development, themes, conception, or creation of the packaging or artwork of POLLY POCKET, including without limitation, the motivation, purpose or inspiration for the packaging or artwork. | <u>See</u> Mattel's Response to 9049 Request No. 611. | *See* MGA's Response to 9049 Request No. 611. |
| 617 | All DOCUMENTS and COMMUNICATIONS REFERRING TO OR RELATING TO the development of the product design trade dress or packaging trade dress of POLLY POCKET, including but not limited to the total image, design and appearance of POLLY POCKET. | <u>See</u> Mattel's Response to 9049  Request No. 611. | *See* MGA's Response to 9049 Request No. 611. |
| 618 | DOCUMENTS sufficient to show any position MATTEL has taken with respect to its claimed trade dress in connection with POLLY POCKET, including but not limited to internal | <u>See</u> Mattel's Response to 9049 Request No. 611. | *See* MGA's Response to 9049 Request No. 611. |

| RFP No. | MGA's Request | Mattel's Objections (footnotes omitted) | MGA's Response |
|---|---|---|---|
| **9049** | | | |
| | COMMUNICATIONS, COMMUNICATIONS with third parties, trademark applications and related DOCUMENTS, filings in judicial proceedings, and regulatory filings. | | |
| 619 | All DOCUMENTS and COMMUNICATIONS REFERRING TO OR RELATING TO any MARKET RESEARCH, projections or plans pertaining to the release of POLLY POCKET to the market. | *See* Mattel's Response to 9049 Request No. 611. | *See* MGA's Response to 9049 Request No. 611. |
| 620 | All DOCUMENTS and COMMUNICATIONS REFERRING TO OR RELATING TO any BRATZ product or theme as an inspiration factor in the development of any POLLY POCKET product. | *See* Mattel's Response to 9049 Request No. 452. | *See* MGA's Response to 9049 Request No. 512. |
| 621 | All DOCUMENTS and COMMUNICATIONS REFERRING TO OR RELATING TO any similarity or dissimilarity between BRATZ and POLLY POCKET packaging, including without limitation, advertising (including commercials), color schemes, product display, shape, and style of packaging. | *See* Mattel's Response to 9049 Request No. 452. | *See* MGA's Response to 9049 Request No. 512. |
| 622 | All DOCUMENTS and | *See* Mattel's Response | *See* MGA's Response |

| RFP No. | MGA's Request | Mattel's Objections (footnotes omitted) | MGA's Response |
|---|---|---|---|
| **9049** | | | |
| | COMMUNICATIONS REFERRING TO OR RELATING TO any similarity or dissimilarity between BRATZ and POLLY POCKET, including without limitation, themes, accessories, clothing and shoes. | to 9049 Request No. 452. | to 9049 Request No. 512. |
| 623 | All DOCUMENTS and COMMUNICATIONS REFERRING TO OR RELATING TO any similarity or dissimilarity between BRATZ and POLLY POCKET dolls, including without limitation, feet, hair, removable heads, face paint, eye design, head size, body proportions, and any other physical attributes. | See Mattel's Response to 9049 Request No. 452. | See MGA's Response to 9049 Request No. 512. |
| 624 | All DOCUMENTS and COMMUNICATIONS REFERRING TO OR RELATING TO whether the appearance of POLLY POCKET copies, replicates, or in any way imitates the appearance of BRATZ. | See Mattel's Response to 9049  Request No. 452. | See MGA's Response to 9049 Request No. 512. |
| 625 | All DOCUMENTS and COMMUNICATIONS REFERRING TO OR RELATING TO whether POLLY POCKET infringes or potentially infringes the copyrights, trademarks, or trade dress of BRATZ. | See Mattel's Response to 9049 Request No. 452. | See MGA's Response to 9049 Request No. 512. |

| RFP No. 9049 | MGA's Request | Mattel's Objections (footnotes omitted) | MGA's Response |
|---|---|---|---|
| 627 | All DOCUMENTS and COMMUNICATIONS REFERRING TO OR RELATING TO actual or potential consumer confusion between any POLLY POCKET product and any BRATZ product. | *See* Mattel's Response to 9049 Request No. 452. | *See* MGA's Response to 9049 Request No. 512. |
| 628 | All MATTEL product catalogs, sell sheets and production information sheets that include POLLY POCKET, from 2001 to the present. | *See* Mattel's Response to 9049 Request No. 452. | *See* MGA's Response to 9049 Request No. 512. |
| 629 | All internal studies, analyses, presentations or investigations REFERRING OR RELATING TO the overall market shares and market position of POLLY POCKET from 2001 to the present. | *See* Mattel's Response to 9049 Request No. 452. | *See* MGA's Response to 9049 Request No. 512. |
| 630 | All studies, analyses, presentations or investigations of the target audience, age groups, market share, or projections for POLLY POCKET. | *See* Mattel's Response to 9049 Request No. 611. | *See* MGA's Response to 9049 Request No. 611. |
| 631 | DOCUMENT'S sufficient to determine total sales, revenue, royalties, costs of goods sold and any other costs attributable to net profits REFERRING OR RELATING TO POLLY POCKET. | *See* Mattel's Response to 9049 Request No. 611. | *See* MGA's Response to 9049 Request No. 611. |
| 632 | All DOCUMENTS and COMMUNICATIONS | *See* Mattel's Response to 9049 Request No. | *See* MGA's Response to 9049 Request No. |

| RFP No. | MGA's Request | Mattel's Objections (footnotes omitted) | MGA's Response |
|---|---|---|---|
| **9049** | | | |
| | REFERRING TO OR RELATING TO any evaluation, criticism or comparison of POLLY POCKET, including relation to BRATZ by any third party. | 452. | 512. |
| 633 | All DOCUMENTS suggesting or evidencing confusion between BRATZ and POLLY POCKET, including without limitation DOCUMENTS in which photographs of one party's products have been used to depict another party's products, or reference to one party s products has been made in lieu of the other party's products. | *See* Mattel's Response to 9049 Request No. 452. | *See* MGA's Response to 9049 Request No. 512. |
| 634 | DOCUMENTS, including but not limited to organizational charts, sufficient to identify (by name and job function) all MATTEL personnel who were ever a member of the primary team that worked on the design and development of POLLY POCKET products. | *See* Mattel's Response to 9049 Request No. 452. | *See* MGA's Response to 9049 Request No. 512. |
| 635 | All "New Toy Status Reports" for POLLY POCKET. | *See* Mattel's Response to 9049 Request No. 611. | *See* MGA's Response to 9049 Request No. 611. |
| 636 | DOCUMENTS sufficient to indicate when a project number was first assigned to POLLY POCKET. | *See* Mattel's Response to 9049 Request No. 611. | *See* MGA's Response to 9049 Request No. 611. |

| RFP No. | MGA's Request | Mattel's Objections (footnotes omitted) | MGA's Response |
|---|---|---|---|
| 9049 | | | |
| 637 | All COMMUNICATIONS between YOU and any retailer REFERRING TO OR RELATING TO whether POLLY POCKET copies, replicates, or in any way imitates the appearance of BRATZ. | See Mattel's Response to 9049 Request No. 452. | See MGA's Response to 9049 Request No. 512. |
| 638 | All COMMUNICATIONS between YOU and any customer REFERRING TO OR RELATING TO whether POLLY POCKET copies, replicates, or in any imitates the appearance of BRATZ. | See Mattel's Response to 9049 Request No. 452. | See MGA's Response to 9049 Request No. 512. |
| 639 | All COMMUNICATIONS between YOU and any member of the press REFERRING TO OR RELATING TO whether POLLY POCKET copies, replicates, or in any way imitates the appearance of BRATZ. | See Mattel's Response to 9049 Request No. 452. | See MGA's Response to 9049 Request No. 512. |
| 640 | All COMMUNICATIONS between YOU and any supplier REFERRING TO OR RELATING TO whether POLLY POCKET copies, replicates, or in any way imitates the appearance of BRATZ. | See Mattel's Response to 9049 Request No. 452. | See MGA's Response to 9049 Request No. 512. |
| 641 | All COMMUNICATIONS between YOU and any | See Mattel's Response to 9049 Request No. 452. | See MGA's Response to 9049 Request No. 512. |

| RFP No. | MGA's Request | Mattel's Objections (footnotes omitted) | MGA's Response |
|---------|---------------|------------------------------------------|----------------|
| **9049** | | | |
| | third party REFERRING TO OR RELATING TO whether POLLY POCKET copies, replicates, or in any way imitates the appearance of BRATZ. | | |
| 656 | DOCUMENTS sufficient to determine total sales, revenues, royalties, costs of goods sold and any other costs attributable to net profits REFERRING TO OR RELATING TO each POLLY POCKET product, broken down by SKU 4, from 2001 to the present. | See Mattel's Response to 9049 Request No. 452. | *See* MGA's Response to 9049 Request No. 512. |

**2. The Discovery Master Did Not Err In Compelling Mattel To Produce Relevant Documents About Employees' Disclosures Of Inventions**

| RFP No. | MGA's Request | Mattel's Objections (footnotes omitted) | MGA's Response |
|---------|---------------|------------------------------------------|----------------|
| **9049** | | | |
| 545 | Each DOCUMENT evidencing a disclosure by a MATTEL employee of pre-employment inventions disclosed to MATTEL in connection with the employee's execution of MATTEL's CONFLICT OF INTEREST QUESTIONNAIRE. | The Request seeks every disclosure of an invention ever made by a Mattel employee in connection with Mattel's conflict of interest form, without time limitation, even though such disclosures are not tied to any claim in this suit. These disclosures have no bearing on any claim or defense in this case. | Mattel omits the fact that (1) this request is limited in time to January 1, 1995 through the present (Dkt. # 6818-35 at 1286), and (2) the Discovery Master further narrowed this request, which appears in Appendix A, to categories of relevance to Phase 2 issues (Dkt. # 7396 at 28, 30).

The documents sought |

- 13 -

| RFP No. | MGA's Request | Mattel's Objections (footnotes omitted) | MGA's Response |
|---------|---------------|------------------------------------------|----------------|
| 9049 | | | |
| | | | clearly have bearing on the case, as Mattel itself has put its employment agreements at issue in this litigation in connection with its Phase 2 allegations regarding trade secret misappropriation and breach of fiduciary duty (*see, e.g.*, Dkt. # 7144 at 32), and disclosures under the agreements are relevant to MGA's unfair competition claims and unclean hands defense, which allege that Mattel has coerced its employees to accept overbroad intellectual property assignment agreements and solicits confidential and trade secret information from new employees. *Id.* The Discovery Master agreed, ordering Mattel to produce documents relating to "Mattel's alleged improper restraints on employees in the toy industry, either in employee contracts or through intimidation and threats." Order No. 89, Dkt. # 7376 at 12. |
| 558 | All DOCUMENTS relating to each disclosure, whether written or oral, made to MATTEL by a MATTEL employee or independent contractor | By its terms, this request appears to seek every document relating to every disclosure by a Mattel employee to another Mattel employee of a product, | Mattel omits the fact that (1) this request is limited in time to January 1, 1995 through the present (Dkt. # 6818-35 at 1286), and (2) the Discovery Master further |

| RFP No. | MGA's Request | Mattel's Objections (footnotes omitted) | MGA's Response |
|---|---|---|---|
| **9049** | | | |
| | of "Proprietary Subject Matter made or conceived during the term of [an employee's or independent contractor's] employment" as this phrase is used in MATTEL's "Proprietary Information Checkout" form. | design, idea or other "Proprietary Subject Matter." Mattel's employees introduce more than 2000 new toys each year. MGA's Request asks for documents related to each and every one of these products without time restriction. This is vastly overbroad both as to subject matter and time. | narrowed this request, which appears in Appendix A, to categories of relevance to Phase 2 issues (Dkt. # 7396 at 12, 28). The documents sought clearly have bearing on the case, as Mattel itself has put its employment agreements at issue in this litigation in connection with its Phase 2 allegations regarding trade secret misappropriation and breach of fiduciary duty (*see, e.g.*, Dkt. # 7144 at 32), and disclosures under the agreements are relevant to MGA's unfair competition claims and unclean hands defense, which allege that Mattel has coerced its employees to accept overbroad intellectual property assignment agreements and solicits confidential and trade secret information from new employees. *Id.* The Discovery Master agreed, ordering Mattel to produce documents relating to "Mattel's alleged improper restraints on employees in the toy industry, either in employee contracts or through intimidation and |

| RFP No. 9049 | MGA's Request | Mattel's Objections (footnotes omitted) | MGA's Response |
|---|---|---|---|
| | | | threats." *See* Order No. 89, Dkt. # 7376 at 12. |
| 559 | All DOCUMENTS relating to each COMMUNICATION, whether written or oral, made to MATTEL by a MATTEL employee or independent contractor of "inventions . . . conceived or reduced to practice by [an employee or independent contractor] (alone or jointly by others) at any time during [an employee's or independent contractor's] employment by Mattel" as this phrase is used in the Inventions Agreement. | As with the above, this request appears to seek every document relating to every disclosure by a Mattel employee to another Mattel employee of a product, design, idea or other invention. Mattel's employees introduce more than 2000 new toys each year. MGA's Request asks for documents related to each and every one of these products without time restriction. This is vastly overbroad both as to subject matter and time. | Mattel omits the fact that (1) this request is limited in time to January 1, 1995 through the present (Dkt. # 6818-35 at 1286), and (2) the Discovery Master further narrowed this request, which appears in Appendix A, to categories of relevance to Phase 2 issues (Dkt. # 7396 at 28, 30).<br><br>The documents sought clearly have bearing on the case, as Mattel itself has put its employment agreements at issue in this litigation in connection with its Phase 2 allegations regarding trade secret misappropriation and breach of fiduciary duty (*see, e.g.*, Dkt. # 7144 at 32), and disclosures under the agreements are relevant to MGA's unfair competition claims and unclean hands defense, which allege that Mattel has coerced its employees to accept overbroad intellectual property assignment agreements and solicits confidential and trade secret information from new employees. *Id.* The Discovery Master |

- 16 -

| RFP No. | MGA's Request | Mattel's Objections (footnotes omitted) | MGA's Response |
|---------|---------------|------------------------------------------|----------------|
| 9049 | | | |
| | | | agreed, ordering Mattel to produce documents relating to "Mattel's alleged improper restraints on employees in the toy industry, either in employee contracts or through intimidation and threats." *See* Order No. 89, Dkt. # 7376 at 12. |

## 3. The Discovery Master Did Not Err In Compelling Mattel To Produce Relevant Information Concerning Other Lawsuits

| RFP No. | MGA's Request | Mattel's Objections (footnotes omitted) | MGA's Response |
|---------|---------------|------------------------------------------|----------------|
| 9049 | | | |
| 598 | ALL DOCUMENTS and COMMUNICATIONS REFERRING OR RELATING TO any demand, claim or lawsuit by MATTEL (other than this ACTION) alleging infringement of MATTEL'S intellectual property rights in any CONTESTED MATTEL PRODUCT, any BARBIE product, or any DIVA STARS product. | The Request seeks every document relating to every claim — not just lawsuits or demands — made by Mattel with regard to its products. This grossly overbroad Request does not relate to any claim in this suit. | Mattel omits the fact that (1) this request is limited in time to January 1, 1995 through the present (Dkt. # 6818-35 at 1286), and (2) the Discovery Master further narrowed this request, which appears in Appendix A, to categories of relevance to Phase 2 issues (Dkt. # 7396 at 10, 28, 30). Documents relating to Mattel's assertion of intellectual property in products that are at the core of Phase 2 issues against other parties are highly relevant and likely to lead to the discovery of admissible evidence, such as Mattel's definition, assessment and valuation |

- 17 -

| RFP No. | MGA's Request | Mattel's Objections (footnotes omitted) | MGA's Response |
|---------|---------------|------------------------------------------|----------------|
| 9049 | | | |
| | | | of its intellectual property. |
| 599 | ALL DOCUMENTS and COMMUNICATIONS REFERRING OR RELATING TO any demand, claim or lawsuit against MATTEL (other than this ACTION) alleging that any CONTESTED MATTEL PRODUCT, any BARBIE product, or any DIVA STARS product infringes the intellectual property rights of another PERSON. | This Request is grossly overbroad.  It seeks all documents and communications referring or relating to "any demand, claim or lawsuit against MATTEL" other than this one, alleging that products that include, among others, all BARBIE products, infringe anyone's intellectual property rights.  The request thus seeks irrelevant documents that, by definition, do *not* relate to any claim by MGA in this lawsuit.  Moreover, with no limitation as to time, this Request is massively overbroad. | Mattel omits the fact that (1) this request is limited in time to January 1, 1995 through the present (Dkt. # 6818-35 at 1286), and (2) the Discovery Master further narrowed this request, which appears in Appendix A, to categories of relevance to Phase 2 issues (Dkt. # 7396 at 10, 28, 30).

Documents relating to allegations that Mattel products at the core of Phase 2 issues infringe another person's intellectual property are highly relevant and likely to lead to the discovery of admissible evidence, such as Mattel's definition, assessment and valuation of its intellectual property. |

| RFP No. | MGA's Request | Mattel's Objections (footnotes omitted) | MGA's Response |
|---------|---------------|------------------------------------------|----------------|
| 9059 | | | |
| 212 | All COMMUNICATIONS mentioning, referring to, or relating to any non-MATTEL lawsuit, litigation, arbitration or other legal proceeding to which MGA is or was a party. | This Request seeks wholly irrelevant documents.  Seeking the universe of all documents referring or relating to any MGA-related lawsuit to which Mattel was not a party is plainly not narrowly tailored to seek | Mattel omits the fact that the Discovery Master expressly narrowed this request, which appears in Appendix A, to categories of relevance to Phase 2 issues (Dkt. # 7396 at 28) and found the request to be properly limited (*Id*. at |

- 18 -

| RFP No. | MGA's Request | Mattel's Objections (footnotes omitted) | MGA's Response |
|---|---|---|---|
| 9059 | | | |
| | | information relevant to Phase 2. | 24-26).<br><br>Further, to the extent that Mattel had communications regarding MGA's involvement in lawsuits to which Mattel was not a party, such communications are likely to lead to the discovery of information relevant to the claims and defenses at issue in Phase 2.  For example, they may lead to information regarding improper interference by Mattel in those lawsuits or information about Mattel's knowledge of its claims against MGA prior to the statute of limitations period. |
| 218 | All COMMUNICATIONS sent to or received from any party to any non-MATTEL lawsuit, litigation, arbitration or other legal proceeding to which MGA is or was party, or any agent or representative of such party, including such party's attorney. | This Request is overbroad as to both time and subject matter. Seeking the universe of all documents generated in the course of any MGA-related lawsuit to which Mattel was not a party is plainly not narrowly tailored to seek information relevant to Phase 2. | Mattel omits the fact that the Discovery Master expressly narrowed this request, which appears in Appendix A, to categories of relevance to Phase 2 issues (Dkt. # 7396 at 28) and found the request to be properly limited (*Id.* at 24-26).<br><br>Further, to the extent that Mattel had communications regarding MGA's involvement in lawsuits to which Mattel was not a party, such communications are |

| RFP No. | MGA's Request | Mattel's Objections (footnotes omitted) | MGA's Response |
|---|---|---|---|
| 9059 | | | |
| | | | likely to lead to the discovery of information relevant to the claims and defenses at issue in Phase 2.  For example, they may lead to information regarding improper interference by Mattel in those lawsuits or information about Mattel's knowledge of its claims against MGA prior to the statute of limitations period. |

**4.  The Discovery Master Did Not Err In Compelling Requests In Response To Which Mattel Previously Agreed To Produce And/Or As Limited By Order No. 89**

| RFP No. | MGA's Request | Mattel's Objections (footnotes omitted) | MGA's Response |
|---|---|---|---|
| 9049 | | | |
| 3 | All DOCUMENTS REFERRING OR RELATING TO the initial design and development of the doll YOU refer to as "a Mattel doll character called BARBIE" as asserted in paragraph 25 of YOUR ANSWER responding to paragraph 34 of the COMPLAINT, including but not limited to design drawings, sculpts, internal memos, MARKET RESEARCH, and approval memos. | This Request seeks all documents referring or relating to the initial design of "BARBIE" — a doll that was created more than 50 years ago. The design drawings, sculpts, internal memos, market research, approval memos and other documents sought could have no possible bearing on any issue in Phase 2. | Mattel omits the fact that it previously agreed that it has complied, or will comply with this request, and the Discovery Master considered Mattel's prior agreement in Order No. 89.  *See* Order No. 89, Appendix B, Dkt. # 7396 at 32.  Specifically, Mattel stated in its initial response that "Mattel will produce responsive, non-privileged documents or else produce exemplars… sufficient to show the appearance and the timing of the release and sale of BARBIE dolls |

| RFP No. 9049 | MGA's Request | Mattel's Objections (footnotes omitted) | MGA's Response |
|---|---|---|---|
| | | | that are referenced by Mattel in its response to paragraph 34 of MGA's complaint."  Dkt. # 6818-20 at 363.  Mattel later represented that it "has or will fully produce subject only to limitations based on privilege or work product, or on prior rulings of the Discovery Master as to overbreadth and relevance."  Dkt. # 6988 at 12.  Such documents are relevant and tailored to MGA's allegation in paragraph 34 of its complaint that Mattel's traditional Barbie was redesigned to "evoke the unique and distinctive look of the 'BRATZ.'"  No rulings of the prior Discovery Master apply, and Mattel cannot now avoid production. |
| 45 | All DOCUMENTS REFERRING OR RELATING TO MATTEL's purchase of doll hair, at any time since June 2001. | By its terms, this Request asks for every receipt, every purchase order, every email, etc., related to Mattel's purchase of doll hair for each of the dolls it has made for the past nine years.  Such a request far exceeds the scope of MGA's claims that Mattel tried to interfere with MGA's purchase of doll hair in October 2002. | Mattel omits the fact that it previously agreed that it has complied, or will comply with this Request.  *See* Order No. 89, Appendix B, Dkt. # 7396 at 32.  Specifically, in its initial response, Mattel acknowledged that MGA alleges in its Complaint that it was "'locked out' from the 'two main doll hair companies' in or about October 2002" and agreed to produce |

| RFP No. | MGA's Request | Mattel's Objections (footnotes omitted) | MGA's Response |
|---------|---------------|------------------------------------------|----------------|
| 9049 | | | responsive, non-privileged documents. Dkt. # 6818-20 at 402. Mattel later represented that it "has or will fully produce subject only to limitations based on privilege or work product, or on prior rulings of the Discovery Master as to overbreadth and relevance." Dkt. # 6988 at 12. No rulings of the prior Discovery Master apply, and Mattel cannot now avoid production. |
| 98 | All COMMUNICATIONS, and all DOCUMENTS REFERRING OR RELATING TO any COMMUNICATIONS, between YOU on the one hand and any employee, officer, director, agent, representative, or counsel for any competitor of MGA REFERRING OR RELATING TO MGA, "BRATZ," or this lawsuit, or other litigation involving the parties hereto or their employees. | For this Request, "YOU" is defined by MGA to include all of Mattel's present and past employees or agents. Thus, the Request seeks all documents referring or relating to communications, between any past or present Mattel employee and any employee or agent for a competitor of MGA that refers or relates to "MGA", "BRATZ", or *any* litigation involving Mattel or MGA or any employee of Mattel or MGA. Such general categories of documents are not logically connected to any claim in this litigation. | Mattel omits the fact that the Discovery Master expressly narrowed this request, which appears in Appendix A, to categories of relevance to Phase 2 issues. Dkt. # 7396 at 28, 30. Specifically, this particular request was limited to MGA's claim that Mattel sought to interfere with MGA's business relationships and MGA's ability to compete fairly in the toy industry. *Id*. at 11. To the extent that Mattel had communications with MGA's competitors, such communications may lead, for example, to information regarding improper interference by Mattel |

| RFP No. 9049 | MGA's Request | Mattel's Objections (footnotes omitted) | MGA's Response |
|---|---|---|---|
| | | | in other litigation or MGA's business relationships.<br><br>Further, Mattel's search and production obligations with respect to servers and custodians are limited by Order No. 89. Mattel's objections are meritless, and it must produce. |
| 168 | All DOCUMENTS REFERRING OR RELATING TO YOUR COMMUNICATIONS with any third party regarding MY SCENE MY BLING BLING product with real gems, including but not limited to advertisements, announcements, memoranda, conversations, offers for sale, and purchase orders, including but not limited to any such COMMUNICATIONS made before May 12, 2006 | MGA claims that these documents are relevant because "MGA has alleged that Mattel is engaged in copying of MGA products, packaging, themes and advertising."  However, responsive documents would include every invoice, every shipping statement, every purchase order, and countless communications Mattel has had with hundreds of retailers and licensees with which Mattel does business. Thus, this Request is overbroad because it is not limited to documents related to the development of the packaging, themes, or advertising, or indeed even remotely related to such issues. | Mattel omits the fact that it previously agreed that it has complied, or will comply with this Request.  *See* Order No. 89, Appendix B, Dkt. # 7396 at 32.<br><br>Specifically, Mattel represented in its initial responses that it would produce subject to its objections, which make no reference to prior rulings of the Discovery Master.  Dkt. # 6818-23 at 597-598.  Mattel then stated that it "has or will fully produce subject only to limitations based on privilege or work product, or on prior rulings of the Discovery Master as to overbreadth and relevance." Dkt. # 6988 at 12.  No rulings of the prior Discovery Master apply, and Mattel cannot now avoid production. |

| RFP No. 9049 | MGA's Request | Mattel's Objections (footnotes omitted) | MGA's Response |
|---|---|---|---|
| | | | Further, Mattel's search and production obligations with respect to servers and custodians are limited by Order No. 89. Mattel's objections are meritless, and it must produce. |
| 423 | All DOCUMENTS REFERRING OR RELATING TO unreleased "MY SCENE" products (including, but not limited to, fashion dolls, styling heads, play sets). | This Request seeks all documents referring or relating to any unreleased My Scene products. Even as limited by the Discovery Master (to issues including the conception and changes in the design of My Scene products, packaging, and advertising, the predecessors of My Scene products, and competitive analyses of the markets for My Scene products), the documents sought here are not tied to any of MGA's claims or defenses. | Mattel omits the fact that the Discovery Master expressly narrowed this request, which appears in Appendix A, to categories of relevance to Phase 2 issues. Dkt. # 7396 at 28, 30. In addition to the broad categories of relevance, the Discovery Master further limited this request to seven sub-categories relating to "Bratz" and "My Scene." *Id.* at 9-10. MGA has brought trade dress claims related to "My Scene" and has alleged claims of unfair competition based on Mattel's serial copying and imitation of MGA's products. Mattel's objections are without merit. |
| 462 | All COMMUNICATIONS, and all DOCUMENTS REFERRING OR RELATING TO such COMMUNICATIONS, with any buyers, | By its terms, this Request far exceeds the scope of the issues in this case. MGA's Request seeks any communication between any past or | Mattel omits the fact that it previously agreed that it has complied, or will comply with this request and the Discovery Master took that into consideration. |

| RFP No. | MGA's Request | Mattel's Objections (footnotes omitted) | MGA's Response |
|---|---|---|---|
| **9049** | | | |
| | merchandisers, general merchandise managers, retailers, suppliers, licensees, potential licensees, or licensing agents world wide in which YOU made comments about the launch or discontinuation of any "BRATZ" product or any other MGA products known to YOU. | present employee or agent of Mattel with almost any person about the launch or discontinuation of any BRATZ product or any other MGA product. Such general communications do not relate to any MGA claim in this action. | *See* Order No. 89, Appendix B, Dkt. # 7396 at 32. Mattel not only agreed to produce in its initial response (Dkt. # 6818-29 at 1083-1084), but later represented that it "has or will fully produce subject only to limitations based on privilege or work product, or on prior rulings of the Discovery Master as to overbreadth and relevance" (Dkt. # 6988 at 12). The documents requested are highly relevant to MGA's claim that Mattel improperly interfered in its business relationships. Mattel cannot now avoid production. |
| 463 | All COMMUNICATIONS, and all DOCUMENTS REFERRING OR RELATING TO such COMMUNICATIONS with any industry analysts world wide in which YOU made comments about the launch or discontinuation of any "BRATZ" product or any other MGA products known to YOU. | By its terms, this Request far exceeds the scope of the issues in this case. MGA's Request seeks any communication between any past or present employee or agent of Mattel with "industry analysts world wide" about the launch or discontinuation of any BRATZ product or any other MGA product. Such general communications do not relate to any MGA claim in this action. | Mattel omits the fact that it previously agreed that it has complied, or will comply with this request and the Discovery Master took that into consideration. *See* Order No. 89, Appendix B, Dkt. # 7396 at 32. Mattel not only agreed to produce in its initial response (Dkt. # 6818-29 at 1084-1085), but later represented that it "has or will fully produce subject only to limitations based on |

| RFP No. 9049 | MGA's Request | Mattel's Objections (footnotes omitted) | MGA's Response |
|---|---|---|---|
| | | | privilege or work product, or on prior rulings of the Discovery Master as to overbreadth and relevance" (Dkt. # 6988 at 12).  The documents requested are highly relevant to MGA's claim that Mattel improperly interfered in its business relationships.  Mattel cannot now avoid production. |
| 466 | All COMMUNICATIONS, and all DOCUMENTS REFERRING OR RELATING TO such COMMUNICATIONS, with any licensees, potential licensees, or licensing agents world wide in which YOU made comments about any potential business dealings between MGA and any such licensee, potential licensee or licensing agent. | By its terms, this Request far exceeds the scope of the issues in this case.  MGA's Request seeks any communication between any past or present employee or agent of Mattel with any "licensees, potential licensees, or licensing agents" about potential business dealings with MGA. | Mattel omits the fact that it previously agreed that it has complied, or will comply with this request and the Discovery Master took that into consideration.  *See* Order No. 89, Appendix B, Dkt. # 7396 at 32.  Mattel not only agreed to produce in its initial response (Dkt. # 6818-29 at 1088-1089), but later represented that it "has or will fully produce subject only to limitations based on privilege or work product, or on prior rulings of the Discovery Master as to overbreadth and relevance" (Dkt. # 6988 at 12).  The documents requested are highly relevant to MGA's claim that Mattel improperly interfered in |

| RFP No. | MGA's Request | Mattel's Objections (footnotes omitted) | MGA's Response |
|---|---|---|---|
| **9049** | | | |
| | | | its business relationships.  Mattel cannot now avoid production. |
| 583 | All DOCUMENTS and COMMUNICATIONS REFERRING OR RELATING TO the conception, reduction to practice, design, marketing, or promotion of any CONTESTED MATTEL PRODUCT. | By its terms, the Request would require searches of multiple Mattel departments over multiple products, for documents that might "RELATE" to the products.  By seeking documents "REFERRING OR RELATING" to broad categories of documents, MGA makes no attempt to tie these categories to any allegations in the Complaint about these "CONTESTED" products—defined to mean "all MATTEL products at issue in this ACTION."  While aspects of each of the referenced products are relevant, not every category of documents sought here – conception reduction to practice, design, marketing, or promotion – is relevant to every Mattel product. | Mattel omits the fact that it previously agreed that it has complied, or will comply with this request.  *See* Order No. 89, Appendix B, Dkt. # 7396 at 32.

Specifically, Mattel agreed in its response to produce documents regarding "the conception, reduction to practice and design of the CONTESTED MATTEL PRODUCTS" (Dkt. # 6818-36 at 13-14) and later represented that it "has or will fully produce subject only to limitations based on privilege or work product, or on prior rulings of the Discovery Master as to overbreadth and relevance" (Dkt. # 6988 at 12).  No rulings of the prior Discovery Master apply, and Mattel cannot now avoid production.

Further, Mattel's search and production obligations with respect to servers and custodians are limited by Order No. 89, and |

| RFP No. 9049 | MGA's Request | Mattel's Objections (footnotes omitted) | MGA's Response |
|---|---|---|---|
| | | | this request is limited in time by the instructions to January 1, 1995 to the present (Dkt. # 6818-35 at 1286). Mattel's objections are meritless, and it must produce. |
| 606 | All DOCUMENTS and COMMUNICATIONS REFERRING TO OR RELATING TO changes or amendments made to MATTEL's employment contracts since BRYANT left MATTEL's employment on or about October 20, 2000. | This Request is irrelevant and overbroad.  Alterations to Mattel's employment agreements after Mr. Bryant's employment have no relevance to the interpretation of Mr. Bryant's own agreement.  Southern Pacific Transportation Co. v. Santa Fe Pacific Pipelines, Inc., 74 Cal.App.4th 1232, 1243 (Cal. App.1 Dist. 1999) (conduct of the parties is only relevant to the interpretation of a contract term where the conduct takes place "before any controversy arises as to its meaning.")  Because MGA has not asserted any Phase 2 defenses based upon the enforceability of Mattel's employment contracts, employment inventions agreements, or conflict of interest questionnaires, it does not—and indeed, cannot—make any showing of relevance as to Phase 2.  Further, this | Mattel omits the fact that it previously represented that "documents responsive to this Request have been produced."  Dkt. # 6818-36 at 1364-1368.  Accordingly, in Order No. 91, the Discovery Master found that this Request belongs to the category of "Requests as to which Mattel has represented it has complied, or will comply . . ." and "should be treated as if they were originally included in Appendix B of Order No. 89."  Dkt. # 7465 at 2-3.  Mattel cannot now avoid production.

The documents requested are clearly relevant.  For example, Mattel has put them at issue in Phase 2 through its allegations of trade secret misappropriation with respect to "Bratz" and of criminal copyright infringement.

Further, Mattel's search |

| RFP No. 9049 | MGA's Request | Mattel's Objections (footnotes omitted) | MGA's Response |
|---|---|---|---|
| | | issue has already been litigated in this case, and MGA has received the other versions of the agreements.  MGA has not shown why those documents it has are insufficient. | and production obligations with respect to servers and custodians are limited by Order No. 89, and this request is limited in time by the instructions to January 1, 1995 to the present (Dkt. # 6818-35 at 1286).  Mattel's objections are meritless, and it must produce. |
| 608 | All DOCUMENTS and COMMUNICATIONS REFERRING TO OR RELATING TO changes or amendments made to MATTEL's EMPLOYEE INVENTIONS AGREEMENT since BRYANT left MATTEL'S employment on or about October 20, 2000 | *See* Mattel's Response to 9049 Request No. 606. | *See* MGA's Response to 9049 Request No. 606. |
| 610 | All DOCUMENTS and COMMUNICATIONS REFERRING TO OR RELATING TO changes or amendments made to MATTEL'S CONFLICT OF INTEREST QUESTIONNAIRE since BRYANT left MATTEL'S employment on or | *See* Mattel's Response to 9049 Request No. 606. | *See* MGA's Response to 9049 Request No. 606. |

| RFP No. | MGA's Request | Mattel's Objections (footnotes omitted) | MGA's Response |
|---|---|---|---|
| 9049 | | | |
| | about October 20, 2000. | | |
| 648 | All DOCUMENTS REFERRING TO OR RELATING TO HOLLY HOBBIE that also REFER TO OR RELATE TO BRATZ. | This Request is overbroad as to both time and subject matter. By its terms, the Request would call for any type of document — even e-mails — where the words BRATZ and HOLLY HOBBIE are used. Such incidental documents have no relevance to this case. In addition, Holly Hobbie is a product Mattel did not release until 2006, after the filing of MGA's Complaint. MGA has not made any allegations about Hollie Hobby in its pleadings or interrogatory responses. Further, even it there is any relevance to any of the documents sought by this Request at all, the vast majority of them will be marketing or sales comparisons that merely refer to both products but which have no bearing on any issue in this case. | Mattel omits the fact that (1) this Request is limited in time to January 1, 1995 through the present (Dkt. # 6818-35 at 1286), and (2) the Discovery Master further expressly narrowed this request, which appears in Appendix A, to categories of relevance to Phase 2 issues (Dkt. # 7396 at 28, 30. The Discovery Master further limited this request to MGA's claim that Mattel sought to interfere with MGA's business relationships and MGA's ability to compete fairly in the toy industry. Dkt. # 7396 at 11. Though the request references Holly Hobby, it is explicitly limited to documents that "REFER OR RELATE TO BRATZ." In light of the limitations of Order No. 89, Mattel's objections are without merit. |
| 677 | All COMMUNICATIONS with any RETAILER that REFER OR RELATE to whether MY SCENE was a substitution or competitor of BRATZ, | This Request is overbroad as to time and subject matter. There are no temporal limitations at all, and responsive documents would far post-date any Phase 2 issues. Among | Mattel omits the fact that (1) this Request is limited in time to January 1, 1995 through the present (Dkt. # 6818-35 at 1286), and (2) the Discovery Master further expressly |

| RFP No. | MGA's Request | Mattel's Objections (footnotes omitted) | MGA's Response |
|---|---|---|---|
| **9049** | | | |
| | regarding competition between MY SCENE and BRATZ, similarities between MY SCENE and BRATZ, confusion between MY SCENE and BRATZ, and current and future plans for the advertising, promotion, marketing and sales of MY SCENE, or the lack thereof. | the documents sought in this Request are documents that REFER OR RELATE to "current and future plans for the advertising, promotion, marketing and sales of MY SCENE" — which MGA has not shown, nor could it show, have any bearing on any of MGA's allegations in this action. | narrowed this request, which appears in Appendix A, to categories of relevance to Phase 2 issues (Dkt. # 7396 at 28, 30).<br><br>The Discovery Master further limited this request to MGA's claim that Mattel sought to interfere with MGA's business relationships and MGA's ability to compete fairly in the toy industry (Dkt. # 7396 at 11), and explicitly concluded that the request was sufficiently linked to Phase 2 issues (*Id.* at 22).<br><br>In light of the limitations of Order No. 89, Mattel's objections are without merit. |
| 678 | All COMMUNICATIONS between YOU, including your inside and outside counsel, on the one hand, and any PERSON including, but not limited to, UBISOFT, any former MGA employee, any former MATTEL employee, any current or former freelancer including, but not limited to, Steve Linker, Anna Rhee, Matt Bousquette, Adrienne | This Request is overbroad in that it has no limitations as time, seeks all communications between "MATTEL" and "any PERSON" referring or relating to BRATZ, Diva Starz, any MGA lawsuits other than this one, and "the allegations in this ACTION" or "any facts underlying this ACTION."  This Request would sweep in any communication | Mattel omits the fact that (1) this Request is limited in time to January 1, 1995 through the present (Dkt. # 6818-35 at 1286), and (2) the Discovery Master further expressly narrowed this request, which appears in Appendices A and C, to categories of relevance to Phase 2 issues (Dkt. # 7396 at 28, 30, 34).<br><br>The Discovery Master also explicitly |

| RFP No. | MGA's Request | Mattel's Objections (footnotes omitted) | MGA's Response |
|---|---|---|---|
| 9049 | | | |
| | Fontanella, Kris Lynch, Len Mazzocco, Pamela Brew Peretz, Rachel Harris, Barbara Miller, Victoria O'Connor, Kami Gillmour, Andreas Koch, Maureen Mullen Chianese, David Dees, Steve Tarmichael, Liz Hogan, Mercedeh Ward, Margaret Hatch Leahy, Jessie Ramirez, or any PERSON listed in any party's initial disclosures {as amended) on the other hand, REFERRING OR RELATING to (a) the design or development of any BRATZ product; (b) the project known as DIVA STARZ; (c) the allegations in this ACTION (including, without limitation, any acts underlying this ACTION or a PERSON's belief or view as to the merits of any claim or defense in this ACTION} or any facts underlying this ACTION; or (d) any MGA LAWSUIT (including, without limitation, any facts underlying the MGA LAWSUIT or a PERSON's belief or view as to the merits of any claim or defense in the MGA LAWSUIT). | between any Mattel employee, ex-employee, or freelancer about matters as irrelevant as other MGA lawsuits not at issue here.  It is vastly overbroad. | concluded that the request was sufficiently linked to Phase 2 issues. Dkt. # 7396 at 22.  Further, Mattel's search and production obligations with respect to servers and custodians are limited by Order No. 89.  In light of the limitations of Order No. 89, Mattel's objections are without merit. |
| 694 | All | This Request is | Mattel omits the fact |

| RFP No. | MGA's Request | Mattel's Objections (footnotes omitted) | MGA's Response |
|---|---|---|---|
| 9049 | | | |
| | COMMUNICATIONS between YOU, including your inside and outside counsel, on the one hand, and any PERSON on the other, including but not limited to HASBRO, UBISOFT, CITYWORLD, ART ATTACKS and FRED LARIAN REFERRING OR RELATING TO the allegations in this ACTION, or any MGA LAWSUIT (including, without limitation, any facts underlying this ACTION or MGA LAWSUIT or any PERSON's belief or view as to the merits of any claim or defense in this ACTION or MGA LAWSUIT). | overbroad in that it has no limitations as time, Seeks all communications between "MATTEL" and "any PERSON" referring or relating to "the allegations in this ACTION, or any other MGA lawsuit." This Request would sweep in any communication between any Mattel employee, ex-employee, or agent about any matter that might "RELATE" to facts "underlying" this action. Thus, as phrased, it provides no definable criteria to locate documents. The Request is also improper in that it expressly seeks communications between Mattel's inside and outside counsel and "any PERSON" — which, as defined by MGA, would include every attorney-client communication in this litigation. | that (1) this Request is limited in time to January 1, 1995 through the present (Dkt. # 6818-35 at 1286), and (2) the Discovery Master further expressly narrowed this request, which appears in Appendix A, to categories of relevance to Phase 2 issues (Dkt. # 7396 at 28, 30).<br><br>The Discovery Master further limited this request to MGA's claim that Mattel sought to interfere with MGA's business relationships and MGA's ability to compete fairly in the toy industry (Dkt. # 7396 at 11).<br><br>Further, Mattel's search and production obligations with respect to servers and custodians are limited by Order No. 89. In light of the limitations of Order No. 89, Mattel's objections are without merit.<br><br>Additionally, this Request does not seek documents protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privileges. To the |

- 33 -

| RFP No. | MGA's Request | Mattel's Objections (footnotes omitted) | MGA's Response |
|---------|---------------|----------------------------------------|----------------|
| **9049** | | | |
| | | | extent that Mattel contends that it does, it must provide a privilege log. |
| 708 | DOCUMENTS sufficient to show customer rebates or credits given by YOU or YOUR licensees to customers in connection with MY SCENE DOLLS. | Even as limited by the Discovery Master to information relevant to MGA's damages calculation, this Request concerning rebates is overbroad. MGA previously sought such discovery but abandoned the issue before the Court after the obligations were made reciprocal. It would be obviously unfair to allow MGA to now revive this discovery in a one-sided manner in order to circumvent the prior ruling of the Court. | The Discovery Master expressly narrowed this request, which appears in Appendix A, to categories of relevance to Phase 2 issues (Dkt. # 7396 at 28, 30), finding that the request relates to information about "'My Scene' sales, profits, revenues, and returns that is necessary for MGA to perform a damages calculation with respect to its trade dress infringement and serial copying claims" (*id.* at 14-15). |
| 725 | DOCUMENTS sufficient to show customer rebates and credits given by YOU or YOUR licensees to customers in connection with MY SCENE PRODUCTS. | Even as limited by the Discovery Master to information relevant to MGA's damages calculation, this Request concerning rebates is overbroad. MGA previously sought such discovery but abandoned the issue before the Court after the obligations were made reciprocal. It would be obviously unfair to allow MGA to now revive this discovery in a one-sided manner in order to circumvent the prior ruling of the Court. | The Discovery Master expressly narrowed this request, which appears in Appendix A, to categories of relevance to Phase 2 issues (Dkt. # 7396 at 28, 30), finding that the request relates to information about "'My Scene' sales, profits, revenues, and returns that is necessary for MGA to perform a damages calculation with respect to its trade dress infringement and serial copying claims" (*id.* at 14-15). |

| RFP No. | MGA's Request | Mattel's Objections (footnotes omitted) | MGA's Response |
|---|---|---|---|
| **9049** | | | |
| 776 | All DOCUMENTS REFERRING OR RELATING to any purchase or acquisition by MATTEL of a BRATZ product or accessory, including but not limited to, all invoices, receipts, and purchase orders. | This Request is overbroad and irrelevant. "MATTEL" is defined to include any Mattel employee, past or present.  As phrased, the Request seeks every document relating to any of these individuals' purchase of any BRATZ product or accessory.  Thus, if a Mattel employee purchases a BRATZ doll for his child, the receipt would be responsive to this Request.  Mattel should not be required to search for such irrelevant documents. | The Discovery Master expressly narrowed this request, which appears in Appendix A, to categories of relevance to Phase 2 issues.  Dkt. # 7396 at 28, 30.  The Discovery Master further limited this requests to seven sub-categories.  *Id*. at 9-10.<br><br>Mattel's overbreadth and irrelevant objections are further without merit for at least the following reasons: (1) the request is limited by the instructions and the rules to documents in Mattel's "possession custody or control" and does not seek the personal invoices of its employees (Dkt. # 6819-39 at 1509-1510); (2) the request is limited in time by the instructions to January 1, 1995 to the present (*id*. at 1510); (3) Order No. 89 limits the servers and custodians that Mattel must search (Dkt. # 7396 at 28); and (4) the Discovery Master explicitly found the request linked to Phase 2 issues (*id*. at 22). |

| RFP No. | MGA's Request | Mattel's Objections (footnotes omitted) | MGA's Response |
|---|---|---|---|
| **9049** | | | |
| 787 | All DOCUMENTS REFERRING OR RELATING to any survey, focus group, consumer research or other market research (whether conducted by MATTEL or any third party) concerning MY SCENE, BRATZ, or BARBIE, including but not limited to the focus groups discussed on page 114 of the deposition of Kumi Croom and the consumer research conducted by Mattel Worldwide Consumer Research group (or any third party) discussed beginning on page 132 of the deposition of Kumi Croom.[1] | The Request has no limitation as to time, and seeks all documents referring or relating to any consumer or market research concerning, among other things, Barbie — a product that has been on shelves for more than 50 years. Mattel should not be required to search for such documents when they clearly do not have any arguable relevance to the claims in this suit. | Mattel omits the fact that (1) this Request is limited in time to January 1, 1995 through the present (Dkt. # 6818-39 at 1510), and (2) the Discovery Master further expressly narrowed this request, which appears in Appendix A, to categories of relevance to Phase 2 issues (Dkt. # 7396 at 28, 30). The Discovery Master further limited this requests to seven sub-categories. *Id.* at 9-10.<br><br>Documents objected to by Mattel, specifically relating to "Barbie" are relevant to MGA's claim that when Mattel's Barbie sales Mattel engaged in various unfair trade practices, from serial copying of MGA products, to threatening retailers and suppliers to cease doing business with MGA, to intimidating employees and industry groups in order to prevent MGA from fairly competing. |

---

[1] Mattel's Appendix 1 at 14-15 omits language from 9049 RFP No. 787, which is reproduced here in its entirety.

| RFP No. | MGA's Request | Mattel's Objections (footnotes omitted) | MGA's Response |
|---|---|---|---|
| 9059 | | | |
| 5 | All DOCUMENTS mentioning, referring or relating to BRATZ DOLLS, if YOU seek in this case to enjoin the sale of BRATZ DOLLS, or seek, as any part of YOUR recovery or damages in this case, any right or interest in, revenues or profits from, or lost profits or other damages caused by BRATZ DOLLS. | This Request is vastly overbroad as to both time and subject matter. Seeking all documents mentioning or relating to the BRATZ dolls clearly reaches a broad range of documents have no relevance to the claims in this case. Mattel has industry reports, newspaper articles, and countless other documents that could relate to BRATZ dolls but which are public information and in no way related to any issues in this case. Anyone in the company could have a document referring or relating to a BRATZ doll, including because they received a Toys R' Us catalog or weekly paper with an advertisement. | Mattel omits the fact that the Discovery Master expressly narrowed this request, which appears in Appendices A and C, to categories of relevance to Phase 2 issues.  Dkt. # 7396 at 28, 31, 34. Moreover, the Discovery Master explicitly concluded that this request is sufficiently linked to Phase 2 issues to satisfy the requirements of Federal Rule of Civil Procedure 26.  *Id.* at 22.

Further, Mattel's search and production obligations with respect to servers and custodians are limited by Order No. 89.  In light of the limitations of Order No. 89, Mattel's objections are without merit. |
| 7 | All DOCUMENTS mentioning, referring or relating to the BRATZ PACK, if YOU seek in this case to enjoin the sale of the BRATZ PACK, or seek, as any part of YOUR recovery or damages in this case, any right or interest in, revenues or profits from, or lost profits or other damages caused by the BRATZ PACK. | This Request is overbroad as to both time and subject matter. Seeking all documents mentioning BRATZ PACK — defined to mean any grouping of two or more BRATZ images — clearly reaches a broad range of documents that have no relevance to the claims in this case. Mattel has industry reports, newspaper | Mattel omits the fact that the Discovery Master expressly narrowed this request, which appears in Appendices A and C, to categories of relevance to Phase 2 issues.  Dkt. # 7396 at 28, 31, 34. Moreover, the Discovery Master explicitly concluded that this request is sufficiently linked to Phase 2 issues to satisfy |

| RFP No. | MGA's Request | Mattel's Objections (footnotes omitted) | MGA's Response |
|---|---|---|---|
| 9059 | | | |
| | | articles, and countless other documents that could relate to the BRATZ PACK but which are public information and in no way related to any issues in this case. Anyone in the company could have a document referring or relating to the BRATZ PACK, including because they received a Toys R' Us catalog or weekly paper with an advertisement. | the requirements of Federal Rule of Civil Procedure 26. *Id.* at 22.

Further, Mattel's search and production obligations with respect to servers and custodians are limited by Order No. 89. In light of the limitations of Order No. 89, Mattel's objections are without merit. |
| 9 | All DOCUMENTS mentioning, referring or relating to LIL' BRATZ, if YOU seek in this case to enjoin the sale of LIL' BRATZ, or seek, as any part of YOUR recovery or damages in this case, any right or interest in, revenues or profits from, or lost profits or other damages caused by LIL' BRATZ. | This Request is overbroad as to both time and subject matter. Seeking all documents mentioning LIL' BRATZ clearly reaches a broad range of documents have no relevance to the claims in this case. Mattel has industry reports, newspaper articles, and countless other documents that could relate to LIL' BRATZ but which are public information and in no way related to any issues in this case. Anyone in the company could have a document referring or relating to LIL' BRATZ, including because they received a Toys R' Us catalog or weekly paper with an advertisement | Mattel omits the fact that the Discovery Master expressly narrowed this request, which appears in Appendices A and C, to categories of relevance to Phase 2 issues. Dkt. # 7396 at 28, 31, 34. Moreover, the Discovery Master explicitly concluded that this request is sufficiently linked to Phase 2 issues to satisfy the requirements of Federal Rule of Civil Procedure 26. *Id.* at 22.

Further, Mattel's search and production obligations with respect to servers and custodians are limited by Order No. 89. In light of the limitations of Order No. 89, Mattel's objections are |

| RFP No. | MGA's Request | Mattel's Objections (footnotes omitted) | MGA's Response |
|---|---|---|---|
| 9059 | | | without merit. |
| 11 | All DOCUMENTS mentioning, referring or relating to BRATZ PETZ, if YOU seek in this case to enjoin the sale of BRATZ PETZ, or seek, as any part of YOUR recovery or damages in this case, any right or interest in, revenues or profits from, or lost profits or other damages caused by BRATZ PETZ. | This Request is overbroad as to both time and subject matter. Seeking all documents mentioning BRATZ Petz clearly reaches a broad range of documents have no relevance to the claims in this case. Mattel has industry reports, newspaper articles, and countless other documents that could relate to BRATZ Petz but which are public information and in no way related to any issues in this case. Anyone in the company could have a document referring or relating to BRATZ Petz, including because they received a Toys R' Us catalog or weekly paper with an advertisement. | Mattel omits the fact that the Discovery Master expressly narrowed this request, which appears in Appendices A and C, to categories of relevance to Phase 2 issues. Dkt. # 7396 at 28, 31, 34. Moreover, the Discovery Master explicitly concluded that this request is sufficiently linked to Phase 2 issues to satisfy the requirements of Federal Rule of Civil Procedure 26. *Id*. at 22.<br><br>Further, Mattel's search and production obligations with respect to servers and custodians are limited by Order No. 89. In light of the limitations of Order No. 89, Mattel's objections are without merit. |
| 13 | All DOCUMENTS mentioning, referring or relating to BRATZ BABYZ, if YOU seek in this case to enjoin the sale of BRATZ BABYZ, or seek, as any part of YOUR recovery or damages in this case, any right or interest in, revenues or profits from, or lost profits or other damages caused by BRATZ BABYZ. | This Request is overbroad as to both time and subject matter. Seeking all documents mentioning BRATZ Babyz clearly reaches a broad range of documents have no bearing on any issue in the case. Mattel has industry reports, newspaper articles, and countless other that could documents that could | Mattel omits the fact that the Discovery Master expressly narrowed this request, which appears in Appendices A and C, to categories of relevance to Phase 2 issues. Dkt. # 7396 at 28, 31, 34. Moreover, the Discovery Master explicitly concluded that this request is sufficiently linked to |

| RFP No. | MGA's Request | Mattel's Objections (footnotes omitted) | MGA's Response |
|---|---|---|---|
| 9059 | | | |
| | | relate to BRATZ Babyz but which are public information and in no way related to any issues in this case. Anyone in the company could have a document referring or relating to BRATZ Babyz, including because they received a Toys R' Us catalog or weekly paper with an advertisement. | Phase 2 issues to satisfy the requirements of Federal Rule of Civil Procedure 26. *Id*. at 22.<br><br>Further, Mattel's search and production obligations with respect to servers and custodians are limited by Order No. 89. In light of the limitations of Order No. 89, Mattel's objections are without merit. |
| 15 | All DOCUMENTS mentioning, referring or relating to BRATZ BOYZ, if YOU seek in this case to enjoin the sale of BRATZ BOYZ, or seek, as any part of YOUR recovery or damages in this case, any right or interest in, revenues or profits from, or lost profits or other damages caused by BRATZ BOYZ. | This Request is overbroad as to both time and subject matter. Seeking all documents mentioning BRATZ Boyz clearly reaches a broad range of documents that have no bearing on any issue in the case. Mattel has industry reports, newspaper articles, and countless other documents that could relate to BRATZ Boyz but which are public information and in no way related to any issues in this case. Anyone in the company could have a document referring or relating to BRATZ Boyz, including because they received a Toys R' Us catalog or weekly paper with an advertisement. | Mattel omits the fact that the Discovery Master expressly narrowed this request, which appears in Appendices A and C, to categories of relevance to Phase 2 issues. Dkt. # 7396 at 28, 31, 34. Moreover, the Discovery Master explicitly concluded that this request is sufficiently linked to Phase 2 issues to satisfy the requirements of Federal Rule of Civil Procedure 26. *Id*. at 22.<br><br>Further, Mattel's search and production obligations with respect to servers and custodians are limited by Order No. 89. In light of the limitations of Order No. 89, Mattel's objections are without merit. |

| RFP No. | MGA's Request | Mattel's Objections (footnotes omitted) | MGA's Response |
|---|---|---|---|
| **9059** | | | |
| 18 | All DOCUMENTS referring or relating to the BRATZ CONCEPT that YOU have given or shown to any person working on or involved in product conception, creation, design or development at or for MATTEL. | This Request is overbroad as to both time and subject matter. First, all documents referring to the BRATZ "concept" is a broad category, unlimited even by specific doll or product line and, likewise, "any person working on or involved in product conception, creation, design or development" would include a wide range of individuals who are otherwise completely unknowledgeable about this case. The vast majority of these documents have no bearing on any issue in the case. Further, to the extent the request Seeks documents related to Mattel's Bratz line, the Court has specifically ruled that such documents have no relevance to the case. | Mattel omits the fact that the Discovery Master expressly narrowed this request, which appears in Appendix A, to categories of relevance to Phase 2 issues. Dkt. # 7396 at 28, 31. The Discovery Master further limited this request to seven sub-categories of relevance relating to "My Scene" and "Bratz." *Id.* at 9-10.<br><br>Further, Mattel's search and production obligations with respect to servers and custodians are limited by Order No. 89. In light of the limitations of Order No. 89, Mattel's objections are without merit. |
| 189 | All DOCUMENTS mentioning, referring to, or relating to any consideration given by MATTEL to acquiring MGA. | This Request is irrelevant. MGA has made absolutely no showing, nor can it, that any documents referring to any consideration of a merger between MGA and Mattel would be relevant at all to Phase 2, or indeed any aspect of this case. Moreover such documents would be protected by Fed. R. | Mattel conceded years ago that it agrees not to withhold documents responsive based on its relevance objection to this request. Dkt. # 7433 at 4-5; Dkt. # 2859 at 8-9. It also previously represented that "documents responsive to this Request have been produced." Dkt. # 6818-36 at 1364-1368. |

| RFP No. | MGA's Request | Mattel's Objections (footnotes omitted) | MGA's Response |
|---|---|---|---|
| **9059** | | | |
| | | Evid. 408. | Further, in Order No. 91, the Discovery Master agreed that this request belongs to the category of "Requests as to which Mattel has represented it has complied, or will comply . . ." and "should be treated as if they were originally included in Appendix B of Order No. 89." Dkt. # 7465 at 2-3. |

Dated: February 23, 2010          ORRICK, HERRINGTON & SUTCLIFFE LLP


By:   _/s/ Diana M. Rutowski_____
      Diana S. Rutowski

      Attorneys for MGA Parties