QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  (johnquinn@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:  (213) 443-3000
Facsimile:  (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>MGA ENTERTAINMENT, INC., a California corporation, et al.,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 DOC (RNBx)<br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>Hon. David O. Carter<br><br>**MATTEL, INC.'S EX PARTE APPLICATION TO MAKE LIMITED USE OF BRIAN WING'S TESTIMONY REGARDING ELECTRONIC SPOLIATION; AND**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:  TBD<br>Time:  TBD<br>Place:  Courtroom 9D<br><br>**Phase 2**<br>Discovery Cut-off:  TBD<br>Pre-trial Conference:  TBD<br>Trial Date:  TBD |

00505.07975/3339722.2

MATTEL, INC.'S APPLICATION FOR LIMITED USE OF WING TESTIMONY RE SPOLIATION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that plaintiff Mattel, Inc. ("Mattel") will, and hereby does, apply *ex parte* for an order permitting limited use of Brian Wing's deposition testimony, dated February 19, 2010. MGA obtained an order preventing Mattel from using Mr. Wing's deposition testimony until resolution by this Court of certain privilege objections overruled by the Discovery Master, only to then submit a brief to the Court in connection with MGA's Objection to Recommendation No. 5 of the January 21, 2010 Electronic Discovery Special Master's Report and Recommendation that is directly contradicted by Mr. Wing's deposition testimony. MGA should not be allowed to use the Court's Order as a shield to prevent Mattel from correcting the record in connection with a pending motion. Mattel should be permitted to submit the relevant portions of the Wing deposition to this Court, and to use those same portions to make a motion to Judge Smith to locate further electronic evidence of this spoliation.

This Motion is based on this Application, the accompanying Memorandum of Points and Authorities, the record in this case, any matters of which the Court may take judicial notice, and such further evidence and argument as may be presented at or before the hearing on this matter.

Pursuant to Local Rule 7-19, on February 23, 2010 Mattel gave notice of this Application and the relief being sought to counsel for the MGA Parties, Annette Hurst of Orrick, Herrington & Sutcliffe, LLP (email: ahurst@orrick.com, telephone: (415) 773-4585, and Warrington Parker of Orrick, Herrington & Sutcliffe, LLP (email: wparker@orrick.com), address: 405 Howard Street, San Fransico, CA). Counsel for the MGA Parties indicated they opposed the Application

| | |
|---|---|
| 1 | |
| 2 | DATED: February 24, 2010    QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP |
| 3 | |
| 4 | By /s/ Michael T. Zeller |
| 5 |     Michael T. Zeller<br>    Attorneys for Mattel, Inc. |

# MEMORANDUM OF POINTS AND AUTHORITIES

## Preliminary Statement

Less than two days after obtaining an ex parte Order preventing the use of Brian Wing's deposition testimony, MGA has exploited that Order to mislead the Court. In its February 22 reply relating to its appeal of the Special Master's recommendation that Larian's hard drives be subject to a full forensic examination, MGA asserts that there is "*no* evidence of spoliation" by Larian. But as MGA knows, Mr. Wing had testified just three days earlier, on February 19, that he had MGA's IT department delete an email related to Mattel from MGA's systems in November 2008 *at Mr. Larian's explicit instruction*. In fact, evidence of this very act of deletion may be recoverable from the Larian hard drives MGA claims should **not** be inspected because there is "no evidence of spoliation."

The purpose of the Court's Order preventing use of Mr. Wing's testimony for a limited time was to protect MGA's claimed privilege. It did not give MGA *carte blanche* to mislead the Court as to the facts or the record in this case. In fact, no privilege instructions were given or sought with respect to questions relating to this spoliation; and there is no reason that Mattel should be barred from providing that testimony to the Court or following up on it by bringing an appropriate motion before Judge Smith. MGA's suggestion that deposition testimony must be subject to cross-examination before it may be used in discovery disputes has no support in law or precedent. Mattel respectfully requests that the Court allow Mattel to submit Mr. Wing's testimony regarding Larian's electronic spoliation in connection with MGA's objections to Judge Smith's recommendation that Larian's hard drives be inspected and further requests leave to use that testimony in a motion to Judge Smith to secure electronic discovery as to these deletions.

**Argument**

**I. MGA CANNOT BE ALLOWED TO MISLEAD THE COURT UNDER THE GUISE OF PRESERVING PRIVILEGE OBJECTIONS**

On February 19, Mr. Wing testified in detail that, in October-November 2008, Isaac Larian instructed him to permanently delete an email related to Mattel from MGA's systems.[1] This involved contacting the IT department to effect the permanent deletion, which Mr. Wing did. Mr. Wing testified that Isaac Larian told him the email needed to be deleted because Mr. Wing had failed to copy MGA's in-house counsel, thus preventing the email from being protected by privilege. The testimony was unequivocal. MGA objected to *none* of the questions and answers on the grounds of privilege or any other basis.[2] Indeed, in stating its opposition to this Application, MGA again did not claim that any of the Wing testimony on this subject was privileged or protected by work product.[3]

In the wake of Mr. Wing's deposition, MGA sought on an ex parte basis a Court order preventing use of *all* of Mr. Wing's testimony. On February 20, the Court ordered that Mattel could not make further use of the Wing transcript until privilege issues are resolved.[4] Almost immediately after obtaining that Order, MGA submitted a reply brief objecting to Judge Smith's recommendation that Larian's hard drives be subjected to forensic analysis, including for evidence of spoliation. In that brief, MGA represented that there is "*no evidence of spoliation*"

---

[1] Deposition of Brian Wing, dated February 19, 2010 at 615:6-617:13; 633:19-634:2.

[2] Id. Mattel is not clear on whether and on what basis MGA would attempt to assert privilege over any email that was the subject of the deletion. That, however, is neither pertinent to this Application nor ripe for disposition at this time. The issue at this juncture pertains to the deletion activities surrounding the email communications -- which MGA has not and cannot assert are privileged or otherwise protected from disclosure. In the event that the actual email communications can be recovered from Larian's hard drives or from MGA's systems, any privilege or work product issues could be resolved at that point with the actual email in hand and available for the Court's review.

[3] February 23, 2010 email from Warrington Parker to Michael Zeller.

[4] Dkt. No. 7540.

by Larian.[5]  In fact, attempting to distinguish the myriad other acts of evidence tampering and destruction by MGA and Larian in the record, MGA specifically argued that there was no evidence of *recent, electronic spoliation* by Larian.[6] Recent, electronic spoliation is precisely what Mr. Wing testified to.  MGA should not be permitted to use this Court's Order to mislead the Court by claiming the evidence it knows exists does not.

Indeed, the testimony confirms the need for full inspection of Larian's hard drives.  The hard drives Mattel seeks to inspect include the same hard drives Larian was using at the time he instructed Mr. Wing to permanently delete a relevant email. The Court should consider this testimony in ruling on MGA's objections to inspection of Larian's hard drives, and Mattel stands ready to submit Mr. Wing's relevant testimony on this score upon the Court's direction.

MGA has claimed, without support, that Mr. Wing's testimony cannot be considered until it has been cross-examined.[7]  The law is to the contrary.  See In re Sunset Bay Assocs., 944 F.2d 1503, 1509-10 (9th Cir. 1991) (holding that a lack of "opportunity for cross-examination" is not a bar to admitting deposition testimony for pre-trial purposes).  Indeed, both parties in this case have cited and relied on un-cross-examined deposition testimony literally hundreds of times.  Mr. Wing's testimony was unequivocal; it directly contradicts MGA's brief whether cross examined or not.[8]

---

[5] See MGA's Reply in Support of Objections to Electronic Discovery Special Master's Report and Recommendation, at 7:4 (Dkt. No. 7545).
[6] Id. at 4-7.
[7] February 23, 2010 email from Warrington Parker to Michael Zeller.
[8] In its Application seeking to prevent the use of Mr. Wing's testimony, MGA claimed it needs to cross-examine Mr. Wing to lay a foundation for its purported privilege objections.  Even if accepted, that concern plainly does not apply to the obviously non-privileged, un-objected to testimony concerning deletion of an email at issue here.

## II. MATTEL SHOULD BE GIVEN LEAVE TO USE MR. WING'S TESTIMONY TO SEEK FURTHER ELECTRONIC DISCOVERY RELATED TO IT

Additionally, Mattel requests that it be given leave to make use of Mr. Wing's testimony about electronic spoliation in a request to Judge Smith for inspection of MGA media for the deleted email communications and forensic evidence of its spoliation. This inspection must begin immediately if it is to be completed in time for the resumption of Mr. Wing's deposition. Moreover, there is no cause for delay in this regard; Mr. Wing's spoliation testimony is obviously non-privileged.

## Conclusion

For the foregoing reasons, Mattel requests that the Court grant Mattel leave to submit relevant testimony from Brian Wing's deposition related to Isaac Larian's electronic spoliation, and to make use of that same testimony before Judge Smith to seek inspection of Mr. Wing's hard drives.

DATED: February 24, 2010        QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By /s/ Michael T. Zeller
   Michael T. Zeller
   Attorneys for Mattel, Inc.