| | |
|---|---|
| 1 | MELINDA HAAG (State Bar No. 132612) |
| | mhaag@orrick.com |
| 2 | ANNETTE L. HURST (State Bar No. 148738) |
| | ahurst@orrick.com |
| 3 | WARRINGTON S. PARKER III (State Bar No. 148003) |
| | wparker@orrick.com |
| 4 | ORRICK, HERRINGTON & SUTCLIFFE LLP |
| | 405 Howard Street |
| 5 | San Francisco, CA 94105-2669 |
| | Tel: (415) 773-5700/Fax: (415) 773-5759 |
| 6 | |
| | WILLIAM A. MOLINSKI (State Bar No. 145186) |
| 7 | wmolinski@orrick.com |
| | ORRICK, HERRINGTON & SUTCLIFFE LLP |
| 8 | 777 South Figueroa Street, Suite 3200 |
| | Los Angeles, CA 90017 |
| 9 | Tel. (213) 629-2020/Fax: (213) 612-2499 |
| 10 | THOMAS S. MCCONVILLE (State Bar No. 155905) |
| | tmcconville@orrick.com |
| 11 | ORRICK, HERRINGTON & SUTCLIFFE LLP |
| | 4 Park Plaza, Suite 1600 |
| 12 | Irvine, CA 92614-2258 |
| | Tel: (949) 567-6700/Fax: (949) 567-6710 |
| 13 | Attorneys for MGA Parties |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | Case No. CV 04-9049-DOC (RNBx)<br><br>Consolidated with:<br>Case No. CV 04-9059<br>Case No. CV 05-2727<br><br>Hon. David O. Carter<br><br>**THE MGA PARTIES' OPPOSITION TO MATTEL'S EX PATE APPLICATION TO MAKE LIMITED USE OF BRIAN WING'S TESTIMONY REGARDING ELECTRONIC SPOLIATION**<br><br>[DECLARATION OF JOE L. TIONGCO FILED CONCURRENTLY] |

## INTRODUCTION

MGA files this opposition in light of this Court's February 25, 2010 order holding Mattel's *ex parte* on this subject in abeyance. MGA objects to Mattel's use of Wing's deposition testimony until he is cross-examined, particularly with regard to the issue of claimed spoliation. Nor should the testimony regarding what Mattel claims is evidence of spoliation be used as a basis for an expedited request before Judge Smith. First, the facts show Brian Wing is a former employee with an axe to grind. These facts are set forth in MGA's Motion to Overrule Certain Discovery Rulings at the Deposition of Brian Wing, filed on February 25, 2010. *See* Dkt. No. 7560.

Second, with regard to Wing's testimony concerning "spoliation," the evidence does not corroborate Wing's claims of spoliation. *See* Declaration of Joe L. Tiongco, filed concurrently herewith.

Third, Wing's testimony is itself not a sufficient basis to find that there is evidence of spoliation. Wing testified in deposition that Issac Larian asked him to delete a single email of unknown date and content sometime in October or November 2008. Wing does not remember the contents of the email. He does not have a memory of the general subject of the email. At Mattel's prompting the most he could say is that he has a "vague" recollection that the email concerned Mattel. But, he does not recall whether the email related to the litigation with Mattel or related to "something else" relating to Mattel.

According to Wing, this all arose because Wing responded to an email. The original email was sent to Wing and by Mr. Larian. General Counsel Jeanine Pisoni was carbon copied. When Wing responded to the original, according to Wing, he only responded to Isaac Larian—or he responded to some other recipient and Mr. Larian, he said both things—and failed to include General Counsel, who was on the original email. And, according to Wing, either by telephone or in a meeting with only Wing present, Mr. Larian told Wing that Wing violated the

- 1 -

MGA'S OPP. TO MATTEL'S EX PARTE RE WING TESTIMONY
CV 04-9049 DOC (RNBx)

1  attorney-client privilege by sending the response that he did. Mr. Larian, therefore,
2  asked Mr. Wing to delete the email.
3      Other than this one instance, Mr. Larian has never asked Wing to delete or
4  otherwise destroy documents.
5      Wing says consistent with Mr. Larian's instructions, Wing asked MGA's IT
6  Group—he recalls that it was Joe Tiongco—to delete the email. Wing testified that
7  Mr. Tiongco followed his instructions and that Mr. Tiongco then sent an email
8  confirming that the email was deleted. Wing says he deleted the email
9  confirmation.
10     This is what Wing said in response to Mattel's questioning with MGA having
11 no ability to cross him on these topics. Presumably, this is the best (and worst) that
12 Wing has to say. To say the least, this evidence is far from certain concerning actual
13 evidence of spoliation of an email that is somehow relevant to this case. And to
14 allow this to be the basis for an order for an expedited review of Larian's hard
15 drives, or to be used in any fashion at this point, is not warranted. It is particularly
16 not warranted because the hard drives that Mattel is asking to review are in the
17 hands of a third party and therefore there is no emergency.
18     Moreover, all of this begs the question whether it is Mr. Larian's hard drives
19 that are the proper place to search at all in light of this testimony.
20     In the end, Mattel should not be able to use this testimony, given its nature,
21 given the person that has offered it, at all or to go in some accelerated fashion to get
22 all of Mr. Larian's hard drives and their content. There is a reason to allow a cross-
23 examination at the very least.

### FACTS

25     Brian Wing testified that, sometime in October or November, 2008, Brian
26 Wing asked Joe Tiangco to delete an email. 2/19/10 Wing Depo. Tr. 615, 617.
27 Brian Wing does not remember the contents of the email. *Id.* 628. Wing does not
28 have a memory of the general subject of the email. *Id.* In response to the question

"[i]s it the case that you have a—vague recollection that the general subject matter of the—this email exchange that—you were discussing with Mr. Larian was Mattel," Wing answered yes. *Id.* 633-34. When asked whether he recalled the email relating to the litigation with Mattel or "something else to do with Mattel" "just as to those two things," Wing answered no. *Id.* 634.

According to Wing, this all came about because he received an email from Isaac Larian on which Jeanine Pisoni, MGA's General Counsel, was carbon copied that Mr. Larian believed contained privileged information. *Id.* 626. When Wing first talked about his response he testified that he responded to this email and included someone on the response and Mr. Larian. *Id.* 616. Wing testified that he did not know who the recipient was. *Id.* 616. At a later point in his deposition, however, Wing implies that Mr. Larian was the only recipient of the email. *Id.* 625-26.

According to Wing, Mr. Larian responded to the Wing response email by calling Wing on the telephone or speaking to him. No one else was present. *Id.* 617-18. Mr. Larian told Wing, again as Wing paints it, that Wing had violated the attorney-client privilege—Wing did not believe the email to be privileged—and that the email should be deleted. *Id.* 616, 618-19, 623

This is the only instance in which Mr. Larian asked Wing to destroy or hide a document, according to Wing. *Id.* 884.

To carry out this task, according to Wing, Wing asked Joe Tiongco to delete the email. *Id.* 615. Wing testified that he received a confirming email from Joe Tiongco which confirmed the deletion of the email. Wing says he then deleted the email confirming the deletion. *Id.* 886-87.[1] Finally, Wing offered that "it is likely [that he] told Joe to delete the e-mail that he sent me stating the e-mail was deleted." *Id.* 888.

---

[1] Wing says that he might have received this confirming email from "someone else in MIS" but he "believe[s] it was Joe." *Id.* 887-88.

1  MGA has not had an opportunity to ask Wing a single question on any of
2  these topics.

## ARGUMENT

While a court may, as Mattel asserts, considered the deposition testimony of a witness that has not been subject to cross-examination, it also may consider the evidentiary value of that testimony when considering its use. *See United States v. Real Property Located at 475 Martin Lane*, 298 Fed. Appx. 545, 549-50 (9th Cir. 2008). And this is what MGA is asking this Court to do. The testimony offered by Wing is presumably the best he can do in terms of spoliation, but that testimony is not enough, particularly when no cross has been allowed.

Wing has testified to one email. He has not testified as to a pattern or practice. Moreover, Wing cannot identify the email. He cannot identify its contents except in the "vague" sense that it related to Mattel litigation or somehow related to Mattel in some way. He cannot provide any specifics. And there is reason to believe that what he says happened, never happened at all. Joe Tiongco Decl.

Moreover, there is no basis or reason for allowing Mattel to use this portion of Wing's deposition to seek some expedited motion before Judge Smith to allow a review of Mr. Larian's hard drives. First, the testimony did not concern Mr. Larian's hard drives. Second, even if this testimony—as Mattel is sure to urge—reflects generally on Mr. Larian, the hard drives that Mattel is seeking are in the hands of a third party as this Court knows from MGA's Objections to Judge Smith's discovery order. Dkt. No. 7467. So exigency cannot be the concern. Indeed, MGA suggests that the only concern and need to rush is due to the fact that the testimony is what it is and has not been subject to cross-examination.

# CONCLUSION

For the foregoing reasons, MGA asks that this Court not authorize the use of Wing's deposition transcript, but specifically that portion alleging some deletion of email until such time as Wing has been subject to cross-examination.

Respectfully submitted,

Dated: February 25, 2010     ORRICK, HERRINGTON & SUTCLIFFE LLP

By:   /s/ Warrington S. Parker III
           Warrington S. Parker III

Attorneys for MGA Parties