UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No. CV 04-9049 DOC (RNBx)            Date: February 24, 2010

Title: MATTEL, INC. v. MGA ENTERTAINMENT, INC.

DOCKET ENTRY
    [I hereby certify that this document was served by first class mail or Government messenger service, postage prepaid, to all counsel (or parties) at their respective most recent address of record in this action on this date.]
                 Date:_____  Deputy Clerk: _____

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

Nancy Boehme for
Kristee Hopkins                          Not Present
Courtroom Clerk                      Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS: ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT                      NONE PRESENT

PROCEEDING (IN CHAMBERS): ORDER SUSTAINING IN PART AND OVERRULING IN PART OBJECTIONS TO DISCOVERY MATTER ORDER NO. 90

       Before the Court are MGA Entertainment, Inc. and Isaac Larian (collectively the "MGA Parties") objections to Discovery Matter Order No. 90 ("Order No. 90"). Order No. 90 compelled the MGA Parties to provide substantive responses to certain Requests for Admission (RFAs) propounded by Mattel, Inc. ("Mattel") in September of 2009. The Court finds the matter appropriate for decision without oral argument. Fed R. Civ. P. 78; Local R. 7-15. After considering the moving, opposing, and replying papers, the Court ORDERS as follows.

       The RFAs concern the MGA Parties' production of an electronic mail communication between former MGA employee Victoria O'Connor and Isaac Larian. Neither O'Connor nor Larian is an attorney. The MGA Parties nonetheless withheld the communications on privilege grounds prior to the Phase 1 trial. Following the Phase 1 trial, the MGA Parties retained new counsel, who made the decision to produce the communications at issue.

       Judge Larson issued an Order to Show Cause that, in relevant part, directed the MGA Parties' former counsel to explain the decision to withhold the communications in an *in camera*

submission. On September 22, 2009, Judge Larson held a hearing on the Order to Show Cause, rejected Mattel's request to examine the *in camera* submission, and discharged the Order to Show Cause upon finding that former counsel for the MGA Parties withheld the communications on a good faith belief of that privilege attached.

Discovery Matter Order No. 90 compels both MGA Entertainment, Inc. and Isaac Larian to, in essence: (1) admit that the document was nor was not produced; (2) admit knowledge as to the fact that the document was or was not produced; (3) admit that the communications were or were not privileged; (4) admit that the communications at issue did or did not convey legal advice; and (5) admit that the documents are no longer, or are still, privileged.

In its Third Amended Answer and Counterclaims (TAAC), Mattel alleges that perjury and obstruction of justice are among the predicate acts for the TAAC's RICO cause of action. Thus, the MGA Parties' objections on relevance grounds are unavailing. *See* Opp'n at 4:9-10 ("Mattel is entitled to prove that MGA concealed the Larian-O'Connor email by failing to produce the document in Phase 1."); *see also* Rule 26(b)(1).

The vast majority of the RFAs are directed toward the discovery of relevant evidence. However, the language in the RFAs should be tightened in order to not tread on the protections of the attorney-client privilege. Moreover, the Court suggests that deposition testimony – provided by Larian and MGA Entertainment's 30(b)(6) witness under the supervision of the Court – may provide a more precise and appropriate vehicle for the discovery of evidence relevant to the allegations in the TAAC.

Accordingly, the Court hereby ORDERS as follows:

1. The parties are ORDERED to meet and confer on or before February 25, 2010 at 5:00 p.m. and attempt to reach an agreement with respect to revised RFAs, which Mattel will propound and to which MGA Parties will provide substantive responses;

2. If the parties fail to reach agreement, Mattel shall submit a revised list of RFAs for the Court's *in camera* review and approval on or before February 26, 2010;

3. Notwithstanding the Court's pending disposition of the MGA Parties' request to constrain further deposition of Isaac Larian, Larian shall re-appear for a deposition that will occur under the Court's supervision at a date and time (and in a manner) to be determined and announced by the Court. At his resumed deposition, Larian shall provide responsive answers to Mattel's questions concerning the O'Connor-Larian emails.

The Clerk shall serve this minute order on all parties to the action.