QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  michaelzeller@quinnemanuel.com
  Jon D. Corey (Bar No. 185066)
  joncorey@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>MGA ENTERTAINMENT, INC., a California corporation, et al.,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 DOC (RNBx)<br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>Hon. David O. Carter<br><br>**MATTEL, INC.'S RESPONSE TO THE COURT'S FEBRUARY 23, 2010 ORDER TO SHOW CAUSE REGARDING DOCKET NOS. 7547 AND 7548**<br><br>Date: TBD<br>Time: TBD<br>Place: Courtroom 9D<br><br>**Phase 2**<br>Discovery Cut-off: TBD<br>Pre-trial Conference: TBD<br>Trial Date: TBD |

1    Mattel respectfully responds to the Court's order to show cause why its
2  Objections of February 22, 2010[1] should not be stricken as untimely as follows.
3    On February 17, 2010, during the deposition of Michael Moore, Mattel indicated
4  its intention to appeal to the Court certain rulings of the Discovery Master on issues of
5  privilege and work product.[2] In discussions about the schedule for the parties' briefing
6  before the Court, the Discovery Master set Monday, February 22, 2010, as the due date
7  for Mattel's Objections and Thursday, February 25, 2010, as the due date for MGA's
8  Oppositions.[3] (This was done to set an orderly schedule, and, by any calculation, this
9  represented at most a modest extension of time, whether or not the 72-hours were
10 calculated to include weekends or holidays.) In accordance with that schedule, Mattel
11 filed its Objections on February 22.
12   In the past, the Discovery Master has issued similar scheduling orders, and the
13 parties have acted in accordance with them, as Mattel did here. Mattel apologizes if
14 counsel's understanding as to what was authorized by the Court was in error. In the
15 event that the Court deems the current Objections to be untimely, Mattel respectfully
16 requests that the Court grant Mattel an extension up to and through February 22, 2010
17 to file them. See Fed. R. Civ. P. 6(b)(1) (enlargement of time may be granted before or
18 after expiration of relevant time period). Any such untimeliness was due solely to
19 Mattel's counsel's good faith belief that the objections were being filed in a timely

---

[1] Specifically, the Objections at issue are: (1) Motion Objecting to Discovery Master's Privilege Rulings Concerning Keywords at Deposition of Michael Moore (Docket # 7547), and (2) Objections to the Discovery Master's Privilege Rulings on Questions Regarding Mattel's Copyright Registrations During the Deposition of Michael Moore (Docket #7548).

[2] In accordance with the procedure in this case, Mr. Moore did not answer the questions as to which privilege or work product instructions were asserted, so as to preserve the issues for consideration by this Court. See Order of February 10, 2010, at 4:4-6 (Docket No. 7482).

[3] Michael Moore Rough Deposition Tr., dated February 17, 2010, at 257:2-9. The Discovery Master also later stated that he was not ruling one way or another on the filing of any reply. Id. at 257:22-258:2.

1 | fashion, and will not occur again. Mattel, the party, should not be deprived of this
2 | Court's consideration of the significant privilege and work product issues raised by the
3 | appeal filed here, and MGA will suffer no prejudice by the grant of such an extension.

5 | DATED: February 25, 2010        QUINN EMANUEL URQUHART OLIVER &
                                    HEDGES, LLP

                                    By  /s/ Michael T. Zeller
                                       Michael T. Zeller
                                       Attorneys for Mattel, Inc.