MELINDA HAAG (State Bar No. 132612)
mhaag@orrick.com
ANNETTE L. HURST (State Bar No. 148738)
ahurst@orrick.com
WARRINGTON S. PARKER III (State Bar No. 148003)
wparker@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building, 405 Howard Street
San Francisco, CA 94105
Tel. (415) 773-5700/ Fax: (415) 773-5759

WILLIAM A. MOLINSKI (State Bar No. 145186)
wmolinski@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA 90017
Tel. (213) 629-2020/Fax: (213) 612-2499

THOMAS S. McCONVILLE (State Bar No. 155905)
tmcconville@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
4 Park Plaza, Suite 1600
Irvine, CA 92614-2258
Tel: (949) 567-6700/Fax: (949) 567-6710

Attorneys for MGA Parties

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | Case No. CV 04-9049-DOC (RNBx)<br>Consolidated with: Case No. CV 04-9059 and Case No. CV 05-2727<br><br>Hon. David O. Carter<br><br>**DECLARATION OF JEANINE M. PISONI IN SUPPORT OF MGA PARTIES' MOTION TO OVERRULE CERTAIN DISCOVERY MASTER RULINGS AT THE DEPOSITION OF BRIAN WING**<br><br>Date:       TBD<br>Time:       8:30 a.m.<br>Courtroom: 9D<br><br>**Phase 2**<br>Discovery Cutoff:    June 1, 2010<br>Pretrial Conference: None Set<br>Trial Date:          None Set |

I, Jeanine M. Pisoni, declare as follows:

1.     I serve as General Counsel for the MGA Entertainment ("MGA"), a position that I have held since February 2008.  I am admitted to practice in Illinois and registered in house counsel in State of California.  I have personal knowledge of the facts set forth herein and if called as a witness, I could and would testify competently to such facts under oath.

2.     I file this declaration in support of the MGA Parties' Motion to Overrule the Discovery Master Rulings at the Deposition of Brian Wing.

3.     In my role as General Counsel with MGA, I have direct responsibility for supporting and overseeing outside trial counsel retained by MGA to represent the interests of MGA in various disputes, including this litigation against Mattel.  I also have responsibility for advising MGA on legal issues that arise in the normal course of business.

4.     Since becoming General Counsel, one of my responsibilities has been to oversee the litigation with Mattel, including the work of outside counsel, offer advice to MGA concerning that litigation as well as direct and advise the employees and officers of MGA as necessary in connection with that litigation.  Given the scope and size of this litigation, I have been required to offer legal advice to various officers and employees concerning the Mattel litigation.  Moreover, I have often directed officers and employees of the company to communicate legal advice to others within the company in order to effectuate that legal advice.  In addition, when Judge Larson appointed a Temporary Receiver, my responsibilities included addressing issues that arose with the Receiver.  This included counseling MGA, its officers and employees concerning its obligations with regard to the Receiver.  And at the same time, I continued to oversee the Mattel litigation.

5.     In addition to these general duties, one issue that arose following the issuance of the injunctions pertaining to MGA's rights to Bratz was the issue of how to handle licensees of Bratz dolls.  MGA retained two outside counsel to

1    obtain advice on this subject.  There were numerous conversations with officers and

2    executives of MGA, including Brian Wing, concerning the advice being offered by

3    outside counsel on this point.

4                              **BRIAN WING**

5         6.    Mr. Wing was the Executive Vice President of Corporate

6    Development at MGA.  In this position, Mr. Wing was an officer of MGA and one

7    of the highest-ranking employees of MGA.

8         7.    As Executive Vice President of Corporate Development, Mr. Wing

9    was actively involved in discussions and decision-making with Isaac Larian and

10   other non-attorney officers at MGA.  Many times these discussions with officers

11   gave Mr. Wing access to information and documents comprising attorney work

12   product or privileged advice from both outside and in-house counsel.

13        8.    As Executive Vice President of Corporate Development, Mr. Wing

14   also participated in management meetings in which I or other in-house counsel

15   were present.  During these management meetings, we often discussed legal advice

16   that I or other in-house counsel or outside counsel rendered.  We also discussed

17   legal advice that was needed either from me or from outside counsel.

18                      **MR. WING'S MAY 2 LETTER**

19        9.    In May, 2009,  while still employed by MGA as Executive Vice

20   President of Corporate Development, Mr. Wing sent a letter to me regarding

21   purported improprieties that he claimed he had observed at MGA.

22        10.   At the time that I received Mr. Wing's letter, MGA was under

23   temporary receivership with Patrick Fraioli as the Temporary Receiver.  Mr Fraioli

24   was made aware of Mr. Wing's letter immediately upon its receipt.

25        11.   Thereafter, Mr. Fraioli's counsel instituted an investigation into Mr.

26   Wing's allegations.

27        12.   Mr. Fraioli's counsel and later MGA's outside counsel engaged an

28   independent third party investigator to look into Mr. Wing's allegations.

1      13.    Mr. Wing met with the investigator once in the latter part of May

2    2009.   My understanding is that Mr. Wing declined to meet with the investigator a

3    second time.

4      14.    Mr. Wing forwarded MGA's privileged and confidential documents to

5    his personal e-mail account.

6      15.    Mr. Wing is not, and has never been, authorized by MGA to take or

7    reveal any information protected by the attorney-client privilege.

8      I declare under penalty of perjury under the laws of the United States of

9    America that the foregoing is true and correct.

10      Executed this 25th day of February, 2010, at Los Angeles, California.

11

12          */s/ Jeanine M. Pisoni*_____
                    Jeanine M. Pisoni

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28