MELINDA HAAG (State Bar No. 132612)
mhaag@orrick.com
ANNETTE L. HURST (State Bar No. 148738)
ahurst@orrick.com
WARRINGTON S. PARKER III (State Bar No. 148003)
wparker@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building, 405 Howard Street
San Francisco, CA 94105
Tel. (415) 773-5700/ Fax: (415) 773-5759

WILLIAM A. MOLINSKI (State Bar No. 145186)
wmolinski@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA 90017
Tel. (213) 629-2020/Fax: (213) 612-2499

THOMAS S. McCONVILLE (State Bar No. 155905)
tmcconville@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
4 Park Plaza, Suite 1600
Irvine, CA 92614-2258
Tel: (949) 567-6700/Fax: (949) 567-6710

Attorneys for MGA Parties

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | Case No. CV 04-9049-DOC (RNBx)<br>Consolidated with: Case No. CV 04-9059 and Case No. CV 05-2727<br><br>Hon. David O. Carter<br><br>**OPPOSITION TO MATTEL'S OBJECTIONS TO THE DISCOVERY MASTER'S PRIVILEGE RULINGS ON QUESTIONS REGARDING MATTEL'S COPYRIGHT REGISTRATIONS DURING THE DEPOSITION OF MICHAEL MOORE**<br><br>Date:         TBD<br>Time:        TBD<br>Courtroom: 9D<br><br>**Phase 2**<br>Discovery Cutoff:      June 1, 2010<br>Pretrial Conference:  None Set<br>Trial Date:                 None Set |

# INTRODUCTION

Mattel instructed its in-house counsel Michael Moore not to answer questions about publicly filed copyright registration forms, and Mattel now objects to the Discovery Master's rulings compelling an answer. Specifically, Mattel represented to the Copyright Office that Bratz was not a derivative work, and MGA sought to ask questions about that representation. Though Mr. Moore's deposition testimony made clear that he supervised the filing of the applications and had sufficient knowledge to answer the questions, Mattel instructed him not to answer. In so doing, Mattel has taken the position that the *factual* information Mattel was required by federal copyright law to disclose on its *public* application is somehow privileged. Factual information that is publicly filed does not become privileged merely because at some point it may have been communicated to or by an attorney. Mattel also improperly attempts to raise objections other than privilege as a basis for its instruction. Mattel's instruction was unjustified, and its objections to the Discovery Master's ruling are untenable for several reasons.

# ARGUMENT

## I. MATTEL'S INSTRUCTION NOT TO ANSWER QUESTIONS REGARDING ITS PUBLICLY FILED COPYRIGHT APPLICATIONS IS IMPROPER

Section 409 of the Copyright Act requires "identification of any pre-existing work or works" that the subject of the application "is based on or incorporates." 17 U.S.C. § 409(9). This requirement is mandatory, and knowingly or deliberately failing to identify such works is a fraud that warrants invalidating the copyright. *Lamps Plus, Inc. v. Seattle Lighting Fixture Co.*, 345 F.3d 1140, 1145 (9th Cir. 2003). Mattel instructed Mr. Moore not to answer questions relating to this mandatory disclosure. The Discovery Master correctly found that the copyright application was public conduct of Mattel supervised by Mr. Moore, and that Mr. Moore is the person most knowledgeable regarding the application. Michael Moore Rough Tr. Vol. 1 (February 17, 2010) ("Moore Tr.") at 265:18-25. Accordingly,

- 1 -

MGA'S OPP. TO MATTEL'S OBJECTIONS TO DM PRIVILEGE
RULINGS DURING THE DEPOSITION OF MICHAEL MOORE
CV 04-09049 DOC (RNBX))

Case 2:04-cv-09049-DOC-RNB   Document 7566   Filed 02/25/10   Page 3 of 5   Page ID
#:258526

MGA is entitled to find out what Mattel was or wasn't claiming with respect to the copyright registration that was sought and appears to have been issued by the Copyright Office. *Id.*

### A. Mattel's Foundational and Other Objections Do Not Justify An Instruction Not to Answer

Mattel's leading argument regarding foundational objections cannot provide grounds for Mr. Moore's refusal to answer, and so can be dismissed straight away. Counsel "may instruct a deponent not to answer *only* when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)." Fed. R. Civ. P. 30(c)(2) (emphasis added); *Board of Trustees v. Tyco Int. Ltd.*, 253 F.R.D. 524, 526 (C.D. Cal. 2008). Improper instructions not to answer a question at a deposition warrant sanctions. *In re Stratosphere Corp. Secur. Litig.*, 182 F.R.D. 614, 618-619 (D. NV. 1998). To the extent any of Mattel's instructions are based on an alleged lack of foundation or some other objection besides privilege, they are improper.

Moreover, Mattel objects that the questions at issue lack foundation because they seek "disclosure of Mattel's beliefs" from a non-30(b)(6) witness. The only authority Mattel cites is from the District Court of Kansas stating the unremarkable proposition that such a witness "speaks on behalf of himself, not his company." Obj. at 5. Here, MGA not only laid the appropriate foundation, but Mr. Moore's responses make clear that he does indeed have knowledge sufficient to answer the questions at issue. Moore Tr. at 265:18-25. In response to each disputed question, Mr. Moore answered that he could not respond "*without revealing work product or attorney-client privilege information.*"

### B. The Information MGA is Requesting Cannot be Privileged

The questions at issue seek *factual* answers regarding a *public* copyright application submitted by Mattel, and not the content of *communications* during which those factual answers may have been discussed. It is axiomatic that a party

- 2 -

MGA'S OPP. TO MATTEL'S OBJECTIONS TO DM PRIVILEGE
RULINGS DURING THE DEPOSITION OF MICHAEL MOORE
CV 04-09049 DOC (RNBx)

cannot wrap non-privileged facts in the mantle of privilege simply by communicating them to or through counsel. *Upjohn Co. v. United States*, 449 U.S. 383, 395-396 (1981). In other words, the source of the information does not matter—the fact that the information was disclosed as factual representations on publicly filed documents defeats any claim of privilege.

Moreover, as the Discovery Master correctly found, none of the questions at issue ask Mr. Moore to disclose the source of his knowledge about these facts, the nature or content of his communication with counsel regarding these facts, whether Mr. Moore has discussed these facts with outside counsel, or about any work product. Moore Tr. at 265:26-266:13. The questions only ask about a public act that Mattel undertook under Mr. Moore's supervision. *Id.* MGA is entitled to Mr. Moore's knowledge about the *factual* representations made by Mattel in its public filings.

## II. MATTEL'S EXAMPLES OF MGA INSTRUCTING WITNESSES ARE INAPPOSITE AS THEY DO NOT RELATE TO PUBLIC FILINGS, AND ARE OTHERWISE IRRELEVANT

Mattel cites to four instances when counsel for MGA allegedly instructed a witness not to respond to questions asked by Mattel. None of those instances involved questions regarding information that had already been disclosed in publicly filed documents. And Mattel failed to challenge any of those instructions, which is telling in light of the fact that Mattel has never been shy about raising objections and filing motions. In any case, MGA's instructions are not properly before the Court and have no bearing on the present matter.

//
//
//
//
//
//

# CONCLUSION

For the foregoing reasons, MGA respectfully requests that the Court affirm the Discovery Master's orders compelling Mr. Moore to respond to the questions at issue.

Dated: February 25 2010          ORRICK, HERRINGTON & SUTCLIFFE LLP


By: ___/s/ Warrington S. Parker___
    Warrington S. Parker
    Attorneys for MGA Parties