**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

Case No. CV 04-9049 DOC (RNBx)                                            Date: February 24, 2010

Title: MATTEL, INC. V. MGA ENTERTAINMENT, INC.

---

DOCKET ENTRY
      [I hereby certify that this document was served by first class mail or Government messenger service, postage prepaid, to all counsel (or parties) at their respective most recent address of record in this action on this date.]
                                                               Date:_____  Deputy Clerk: _____

---

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

   Nancy Boehme                                                  Not Present
   Courtroom Clerk                                              Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:   ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT                                                    NONE PRESENT

---

PROCEEDING (IN CHAMBERS): Order Regarding Ex Parte Application for Limited Use of Wing Deposition Transcript

Before the Court is Mattel, Inc.'s ("Mattel") *ex parte* Application for Order Permitting Limited Use of Wing Deposition Transcript (the "Application"). Mattel submitted the Application on the evening of February 24, 2010, a little more than twenty-four hours before the deadline for the MGA Entertainment, Inc. and Isaac Larian (the "MGA Parties") to submit their objections to certain Discovery Master privilege rulings during the deposition of Mr. Brian Wing ("Wing"), a former MGA executive.

   **I.   Background**

On February 20, 2010, the Court granted the MGA Parties' request that no party use Wing's deposition transcript until after the MGA Parties' forthcoming appeal of certain Discovery Master privilege rulings. That Order cited the Court's charge to safeguard the protections of the attorney-client privilege, and contemplated the irreversible consequences of the disclosure of privileged communications.

## II. Discussion

By its Application, Mattel seeks limited relief from the Court's February 20, 2010 Order. Specifically, Mattel requests permission to cite portions of the Wing deposition transcript in a motion filed with Judge James Smith, the Special Master for Electronic Discovery. Mattel contemplates filing a motion with Judge Smith to conduct an expedited forensic analysis of Isaac Larian's harddrive for evidence of spoliation prior to Wing's resumed deposition on March 6, 2010.

Mattel's Application also requests permission to submit Wing's deposition transcript to aid this Court's pending review of the MGA Parties' Objections to Judge Smith's Report and Recommendation dated January 21, 2010 (the R&R). In that R&R, Judge Smith granted Mattel's request that the MGA Parties turn over Isaac Larian's harddrive for a partial forensic analysis. The MGA Parties have objected on the grounds that Judge Smith's R&R is not supported by any evidence of spoliation by Isaac Larian. Mattel contends that Wing's deposition testimony suggests otherwise.

The testimony Mattel seeks to cite was not provided over the MGA Parties' objection, and so, its disclosure is unlikely to implicate the attorney-client privilege. However, the Court need not rule on Mattel's request, as the filing of the MGA Parties' objections is imminent. Mattel has not demonstrated that its request for relief before Judge Smith will suffer from a one-day delay. In the event the Court is unable to resolve the MGA Parties' forthcoming objections with haste, it will revisit Mattel's Application.

## III. Disposition

For the foregoing reasons, the Court hereby HOLDS IN ABEYANCE Mattel's Application to the extent that it seeks permission to cite portions of Wing's testimony in a contemplated motion before Judge Smith. The Court GRANTS Mattel's Application to the extent that Mattel seeks leave to submit the Wing transcript for the Court's in camera review, and ORDERS Mattel to submit the Wing transcript for the Court's *in camera* review on or before 4:00 p.m. on February 25, 2010.

The Clerk shall serve this minute order on all parties to the action.