MELINDA HAAG (State Bar No. 132612)
mhaag@orrick.com
ANNETTE L. HURST (State Bar No. 148738)
ahurst@orrick.com
WARRINGTON S. PARKER III (State Bar No. 148003)
wparker@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building, 405 Howard Street
San Francisco, CA 94105
Tel. (415) 773-5700/ Fax: (415) 773-5759

WILLIAM A. MOLINSKI (State Bar No. 145186)
wmolinski@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA 90017
Tel. (213) 629-2020/Fax: (213) 612-2499

THOMAS S. McCONVILLE (State Bar No. 155905)
tmcconville@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
4 Park Plaza, Suite 1600
Irvine, CA 92614-2258
Tel: (949) 567-6700/Fax: (949) 567-6710

Attorneys for MGA Parties

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | Case No. CV 04-9049-DOC (RNBx)<br>Consolidated with: Case No. CV 04-9059 and Case No. CV 05-2727<br><br>**THE MGA PARTIES' MOTION TO COMPEL THE RETURN OF PRIVILEGED DOCUMENTS IN THE POSSESSION OF PATRICK A. FRAIOLI**<br><br>Date: March 29, 2010<br>Time: 8:30 a.m.<br>Courtroom: 9D<br><br>**Phase 2**<br>Discovery Cutoff:   None Set<br>Pretrial Conference: None Set<br>Trial Date:           None Set |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on March 29, 2010, at 8:30 a.m., or as soon as counsel may be heard, in the Courtroom of the Honorable David O. Carter, located at 411 West Fourth Street, Room 1053, Santa Ana, California 92701, the MGA Parties will, and hereby do, move for an order compelling Patrick A. Fraioli to return MGA documents he obtained that are protected by the attorney-client privilege and work product doctrine.

This Motion is made on the grounds that Mr. Fraioli no longer occupies a position where his need for, or access to, such documents is necessary.

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Annette Hurst, all matters cited to herein and all other matters of which the Court may take judicial notice.

### Statement of Compliance

This motion is made following the notification of counsel pursuant to L.R. 7-3 which took place on February 16, 2010.

Respectfully submitted,

Dated: February 26, 2010        ORRICK, HERRINGTON & SUTCLIFFE LLP

By: */s/ Warrington S. Parker III*
Warrington S. Parker III
Attorneys for MGA Parties

- 1 -

MGA'S MOTION TO COMPEL TEMPORARY RECEIVER TO RETURN PRIVILEGED DOCUMENTS
CV 04-09049 DOC (RNBx)

## INTRODUCTION

Patrick A. Fraioli obtained privileged MGA documents in the course of his duties as a receiver. Subsequent to this, he served as a monitor. Now, he is not a receiver. Moreover, as a result of this Court's order, Mr. Fraioli is no longer active as a monitor. As a result, MGA has asked that he return any privileged documents that he obtained. Mr. Fraioli has refused this request stating that he would require a court order to do so. MGA seeks that court order.

Mr. Fraioli has not stated a need to retain the privileged documents. And his current duties do not justify the retention of these privileged documents. MGA therefore respectfully requests that this Court order Mr. Fraioli to return the requested documents to MGA without further delay.

## FACTUAL BACKGROUND

On April 27, 2009, Judge Larson appointed Patrick A. Fraioli Jr. as Temporary Receiver. Dkt. No. 5273 (4/27/09 Order) at 17. While acting as a Receiver, Mr. Fraioli had access to and obtained MGA documents protected by the attorney-client privilege and work-product doctrine. Declaration of Annette Hurst, Exh. A.

Subsequently, the Court appointed Mr. Fraioli as a Monitor. Dkt. No. 5565 at 8. To address the fact that Mr. Fraioli might, in that position, gain access to privileged communications, MGA and Mattel stipulated, and the Court ordered, that MGA would not waive any claims of privilege by providing the Monitor access to databases that might contain privileged documents. Dkt. Nos. 6216, 6292. Mr. Fraioli continued to serve in his Monitor role until this Court stayed the Order Appointing MGA Monitor as a result of the Ninth Circuit's order staying the equitable relief granted by the district court. Dkt. No. 7358.

Counsel for MGA has asked that Mr. Fraioli return all privileged MGA documents within his possession. *Id.* Mr. Fraioli has refused, stating that he requires a court order. *Id.*

**ARGUMENT**

Mr. Fraoli has stated no continuing need for the documents that he obtained that are protected by the attorney-client privilege or work product doctrine. And there is no apparent need for his possession of these documents. Whatever need he might have had for these ended when he stopped being a receiver, and certainly came to an end in light of this Court's order staying his obligations as a monitor. An order requiring the return of documents is appropriate. *See McAlpin v. Lexington 76 Auto Truck Stop, Inc.*, 229 F.3d 491, 496 (6th Cir. 2000) (order requiring return of documents by receiver).

Moreover, as indicated in MGA's correspondence with Mr. Fraoli, MGA will preserve any documents returned by Mr. Fraoli, so there is no reason for those documents to be held by Mr. Fraoli.

**CONCLUSION**

For the foregoing reasons, MGA asks that this Court enter an order directing Mr. Fraoli to return documents in his possession that are protected by the attorney-client privilege and work product doctrine.

Dated: February 26, 2010         ORRICK, HERRINGTON & SUTCLIFFE LLP


By: _____*s/ Warrington S. Parker III*_____
             Warrington S. Parker III
             Attorneys for MGA Parties