# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

Case No. CV 04-9049 DOC (RNBx)            Date: February 25, 2010

Title: MATTEL, INC. v. MGA ENTERTAINMENT, INC.

---

DOCKET ENTRY
    [I hereby certify that this document was served by first class mail or Government messenger service, postage prepaid, to all counsel (or parties) at their respective most recent address of record in this action on this date.]
                                                    Date:_____ Deputy Clerk: _____

---

PRESENT:

                    THE HONORABLE DAVID O. CARTER, JUDGE

    Nancy Boehme                                 Not Present
   Courtroom Clerk                              Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS: ATTORNEYS PRESENT FOR DEFENDANTS:

  NONE PRESENT                                NONE PRESENT

---

PROCEEDING (IN CHAMBERS): ORDER GRANTING IN PART AND DENYING IN PART MATTEL, INC.'S REQUEST THAT MGA BE ORDERED TO PRODUCE 30(B)(6) WITNESSES IMMEDIATELY

      Before the Court is Mattel, Inc. ("Mattel")'s Motion for an Order Compelling Testimony by an MGA Entertainment, Inc. ("MGA") 30(b)(6) witness (the "Motion"). The Court finds the matter appropriate for decision without oral argument. Fed R. Civ. P. 78; Local R. 7-15. After considering the moving and opposing papers, the Court GRANTS IN PART AND DENIES IN PART the Motion.

      Mattel argues that MGA has yet failed to designate a 30(b)(6) witness during Phase 2. MGA responds that the notices of deposition delivered by Mattel seek testimony on a range of impermissible and/or irrelevant topics, including "DOCUMENTS created by each of the FORMER MATTEL EMPLOYEES in the first six months after each joined MGA." MGA also argues that former Discovery Master Judge Infante granted a protective order as to a sub-set of the deposition topics in Mattel's notices.

      The Court declines to review and receive argument on each of the 151 topics purportedly

included in Mattel's notice of deposition. Such an exercise would be unduly consumptive of the parties' time, inefficacious in light of the likely overlap between deposition topics, and overly formalistic. As a result, the Court is inclined to agree with MGA that the only proper resolution to this dispute is to limit the amount of time afforded to Mattel for its deposition of MGA's 30(b)(6) designee.

In short, the Court is concerned with the potential that Mattel will waste deposition time on sweeping and irrelevant discovery, only to request additional time at the eleventh hour. The Court is also concerned that the MGA parties will consider the simple imposition of a time limit license to neglect to prepare the 30(b)(6) witness on relevant topics.

Accordingly, the Court hereby ORDERS as follows:

1. Both lead counsel for both parties shall meet and confer on or before 5:00 p.m. on February 26, 2010 and identify a date on which MGA shall produce a 30(b)(6) designee for deposition in Santa Ana, California. The deposition shall commence on or before March 12, 2010. Counsel are encouraged to reach an agreement as to the topics for deposition;

2. At the end of each day of the MGA 30(b)(6)'s deposition, the parties shall produce for the Court's *in camera* review a rough deposition transcript of that day's testimony. Mattel shall identify the remaining topics on which it seeks to depose MGA's 30(b)(6) designee. Upon review of the day's transcript and Mattel's submission, the Court shall either order continued deposition or excuse the 30(b)(6) designee.

The Clerk shall serve this minute order on all parties to the action.