**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

Case No. CV 04-9049 DOC (RNBx)                    Date: February 25, 2010

Title: MATTEL, INC. v. MGA ENTERTAINMENT, INC.

DOCKET ENTRY
    [I hereby certify that this document was served by first class mail or Government messenger service, postage prepaid, to all counsel (or parties) at their respective most recent address of record in this action on this date.]
                                                            Date:_____ Deputy Clerk: _____

PRESENT:

                        THE HONORABLE DAVID O. CARTER, JUDGE

   Nancy Boehme                                        Not Present
   Courtroom Clerk                                      Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS: ATTORNEYS PRESENT FOR DEFENDANTS:

  NONE PRESENT                                       NONE PRESENT

PROCEEDING (IN CHAMBERS): ORDER REGARDING MATTEL'S MOTION TO COMPEL RESUMED DEPOSITION OF MGA MEXICO 30(B)(6) DESIGNEE

       Before the Court is Mattel, Inc. ("Mattel")'s request that the Court compel MGA Mexico to produce a "prepared" 30(b)(6) witness (the "Motion"). The Court finds the matter appropriate for decision without oral argument. Fed R. Civ. P. 78; Local R. 7-15. After considering the moving and opposing papers, the Court hereby GRANTS IN PART AND DENIES IN PART the Motion.

       After MGA Mexico's first 30(b)(6) witness for Phase 2 issues, Ms. Susanna Kummerle, declined to testify as to certain documents that Mattel considers trade secrets, MGA Mexico identified a new 30(b)(6) designee, Mr. Louis Small. Mr. Small was designated to respond to questions concerning the discovery and seizure of certain Mattel documents at MGA Mexico's offices.

       When Mr. Small first appeared for deposition, Mattel argued that he was insufficiently prepared on the grounds that he had not interviewed all current and former MGA Mexico employees. The Court agreed and instructed MGA Mexico to further prepare Mr. Small for deposition as to the

seizure of Mattel documents at MGA Mexico's offices. The Court nonetheless warned that Mr. Small's obligation as a 30(b)(6) designee was limited to testifying "about information known or reasonably available to" MGA Mexico. *See* Fed. R. Civ. P. 30(b)(6). Mr. Small was not obligated to confirm or even explain the presence of every Mattel documents in MGA Mexico's offices. *See U.S. ex rel Fargo v. M&T Mortg. Corp.*, 235 F.R.D. 11, 25 (D.D.C. 2006).

Mr. Small reappeared for a full day of deposition on January 15, 2010 after interviewing several current and former MGA Mexico employees. Mattel contends that Mr. Small *still* failed to "answer these questions. He testified that he did not know whether the produced trade secrets were ever in MGA Mexico's offices, how they got there, whether they were ever used by MGA Mexico, or how MGA's counsel obtained them." Mattel also objects to Mr. Small's preparation, or lack thereof, for his deposition: "he had made no effort to learn whether the documents were copied or used by MGA Mexico and he did not know of any search MGA Mexico had done to answer that question; he did not ask anyone how the documents arrived in MGA Mexico's possession; he did not speak with counsel that produced the documents to determine how they had been received; he did not review any documents except the 30(b)(6) deposition notice, the contents of the CD produced by MGA, and Mr. Machado's declaration."

The issue here is not whether Mr. Small was prepared (he was), but whether his preparation was appropriate for the topics in Mattel's notice of deposition. The Court is inclined to agree with both parties – MGA Mexico made a concerted effort to educate its witness, but the witness' preparation was insufficient with respect to the alleged theft of trade secrets.

Most concerning is Mr. Small's failure to interview Machado, Vargas, and/or Trueba. To the extent that these individuals decline to assist Mr. Small's preparation, the Court is prepared to order Ms. Kummerle (MGA Mexico's first 30(b)(6) witness) to re-appear for deposition under conditions likely to be opposed by both parties.

Accordingly, the Court hereby ORDERS as follows:

1. MGA Mexico shall educate and produce a 30(b)(6) designee to be deposed as to the purported discovery by Mexican authorities of Mattel trade secret documents in MGA Mexico's offices. The deposition shall be limited to four (4) hours and shall occur on or before March 15, 2010 (absent a stipulation between the parties and a showing of good cause);

2. The parties shall meet and confer to identify a date and time for the resumed MGA Mexico 30(b)(6) deposition, which shall occur in Santa Ana, California. The parties are encouraged to reach a stipulated agreement as to the manner in which the MGA Mexico 30(b)(6) shall be prepared and the questions the MGA Mexico 30(b)(6) shall answer at the resumed deposition.

The Clerk shall serve this minute order on all parties to the action.