1   Bingham McCutchen LLP
    TODD E. GORDINIER (SBN 82200)
2   todd.gordinier@bingham.com
    PETER N. VILLAR (SBN 204038)
3   peter.villar@bingham.com
    MICHAEL D. MORTENSON (SBN 247758)
4   michael.mortenson@bingham.com
    600 Anton Boulevard, 18th Floor
5   Costa Mesa, CA  92626-1924
    Telephone:  714.830.0600
6   Facsimile:  714.830.0700

7   Attorneys for Non-Party
8   OMNI 808 INVESTORS, LLC

9               UNITED STATES DISTRICT COURT

10            CENTRAL DISTRICT OF CALIFORNIA

11                  SOUTHERN DIVISION

12

13  MATTEL, INC., a Delaware          Case No. CV 04-09049 DOC (RNBx)
    corporation,                      c/w Case Nos. CV 04-09059 & CV 05-2727
14
                  Plaintiff,
15                                    **OMNI 808 INVESTORS, LLC'S**
         v.                           **OPPOSITION TO MATTEL, INC.'S**
16                                    ***UNTIMELY* OBJECTIONS TO**
    MGA ENTERTAINMENT, INC., a        **PORTIONS OF DISCOVERY**
17  California corporation, et al.,   **MATTER AMENDED ORDER NO. 92**

18                Defendants.         Date:      March 15, 2010
                                      Time:      8:30 a.m.
19                                    Ctrm:      9D

20  ───────────────────────────────  **Phase 2**:
    AND CONSOLIDATED ACTIONS.         Discovery Cut-off:        TBD
21                                    Pre-trial Conference:     TBD
                                      Trial Date:               TBD
22

23

24

25

26

27

28

A/73300555.3

# TABLE OF CONTENTS

Page

I.      INTRODUCTION ........................................................................................ 1

II.     FACTUAL BACKGROUND .................................................................... 4

        A.      Non-Party Omni Has Produced More Than 10,000 Documents
                And Served A Privilege Log ..................................................... 4

        B.      Omni Served Its Amended Privilege Log On September 4 And
                Did Not Hear Another Word From Mattel Until This Case Was
                Reassigned ................................................................................... 4

III.    MATTEL'S OBJECTIONS SHOULD BE OVERRULED AND
        STRICKEN BECAUSE THEY ARE UNTIMELY AND
        PROCEDURALLY IMPROPER ............................................................... 6

        A.      Mattel Failed To File Its Objections Before The 72 Hour
                Deadline Mandated By Order No. 92 ......................................... 6

        B.      Mattel Failed To Provide Omni The Requisite 28 Days Notice
                Prior To The Hearing Of Its Motion ......................................... 7

        C.      Mattel's Statement Of Compliance Is Untrue And In Violation
                Of Local Rules 7-3 and 37-1 ...................................................... 7

IV.     MATTEL FAILED TO MEET ITS BURDEN THAT THE
        DISCOVERY MASTER'S ORDER WAS CLEARLY ERRONEOUS
        OR CONTRARY TO LAW UNDER FRCP 72 ........................................ 8

V.      MATTEL SHOULD BE ORDERED TO SHOW CAUSE WHY
        SANCTIONS SHOULD NOT ISSUE FOR ITS FILING OF
        PROCEDURALLY IMPROPER AND BASELESS MOTION ................ 10

VI.     CONCLUSION ........................................................................................ 11

1

## TABLE OF AUTHORITIES

2                                                                                    Page

3  **FEDERAL CASES**

4  *Bryant v. Mattel, Inc.,*
5      No. CV 04-9049 SGL (RNBx), 2007 WL 5430885
       (C.D. Cal. July 2, 2007.)......................................................................8
6

7  *Dawe v. Corrections USA,*
       CIV-S-07-1790 LKK EFB 2009 U.S. Dist. LEXIS 96461
8      (E.D. Cal. Oct. 1, 2009).................................................................9, 10

9
   *Muro v. Target Corp.,*
10     250 F.R.D. 350 (N.D. Ill. 2007) ....................................................9, 10

11 *Rhoads Indus., Inc. v. Building Materials Corp. of America,*
12     254 F.R.D. 238 (E.D. Penn. 2008.) ...............................................9, 10

13 *The Milton H. Greene Archives, Inc. v. CMG Worldwide, Inc.,*
       No. CV 05-2200 MMM (Ex) 2007 U.S. Dist. LEXIS 97275
14     (C.D. Cal. May 14, 2007)...............................................................8

15 *United States v. ChevronTexaco Corp.,*
16     241 F.Supp.2d 1065 .........................................................................10

17 **FEDERAL STATUTES**

18 Fed. R. Civ. Proc. 72(a) .................................................................3, 8
19

20 **STATE STATUTES**

21 Local Rule 6...............................................................................2, 7

22 Local Rule 11 .................................................................................3

23 Local Rules 7-3 and 37-1 ..........................................................3, 7, 8

24

25

26

27

28

# I.   INTRODUCTION

Mattel's *untimely* objection to portions of Discovery Matter Amended Order No. 92 ("Order No. 92") is just the latest example of its serial discovery abuse designed to harass and annoy rather than to obtain information that is even remotely relevant to any viable issue in this case. [1]

Non-party Omni 808 Investors, LLC ("Omni") has received the Court's Order dated February 23, 2010 stating that "[b]ased on the initial review of Mattel's briefing on this issue, the Court finds that an *in camera* review of the twelve electronic mail threads at issue should precede a ruling on the merits of Mattel's objections."[2]  Omni will, of course, comply with the Court's Order but is concerned that the Court's Order <u>grants the precise relief sought by Mattel</u> after Omni said it opposed the request and asked for the chance to be heard.

Omni not only has fundamental due process concerns but is also troubled that the Court's Order issued despite the fact that Mattel: 1) failed to file its objections before the 72 hour deadline mandated by the Court and Order No. 92[3]; 2) failed to provide Omni the requisite notice required by the FRCP and Local Rules; 3) falsely represented that the parties met and conferred regarding its objections; and 4) failed to satisfy the FRCP given that the objections, on their face, are based on nothing more than unsupported speculation.

Mattel has no incentive to comply with the applicable procedural rules if its conduct continues unimpeded, let alone where, as here, it gets precisely what it wants without complying with any of them.  It is particularly troubling that a non-party should be required to produce documents, even *in camera*, that have *already*

---

[1] (Mattel, Inc's Objections to Portions of Discovery Matter Amended Order No. 92 ("Mattel's Objections"), Docket # 7530.)

[2] (Docket # 7552.)

[3] (Docket # 7499.)

1  *been deemed privileged* by a court-appointed Discovery Master, without an

2  opportunity to respond, when fundamental concerns of attorney-client privilege are

3  at issue.[4]

4      Despite the Court's clear instructions, and the explicit language in Order No.

5  92 itself, Mattel failed to file its objections before the 72 hour deadline. As the

6  Court is aware, this is not the first time that Mattel has disregarded the Court's

7  deadline.[5] For this alone, Mattel's motion should have been denied *ab initio*.

8      Further, Mattel styled its objections as a "noticed motion" to be heard on

9  March 15, 2010 at 8:30 a.m. without providing Omni the requisite 28 days notice

10  prior to the hearing mandated by Local Rule 6. The Court should deny Mattel's

11  motion for this reason as well.

12      Mattel also represents to the Court in its notice of motion under the heading

13  "Statement of Compliance" that "The parties conferred regarding the issues raised

14  in Mattel's Objections on August 19, 2009." However, Order No. 92 was filed on

15  February 16, 2010 -- 6 months after this alleged meeting of the parties -- and there

16  haven't been any communications between the parties regarding the Order since it

17  was filed. Therefore, on its face, Mattel's representation that the parties "conferred

18  regarding the issues raised in Mattel's Objections" is not only false but also a

19

20  [4] Omni reserves all of its procedural and substantive objections that could have

21  been asserted if the rights given to Omni by the FRCP and local rules had been observed.

22  [5] Mattel filed two sets of objections (Docket # 7547 and # 7548) more than 72 hours

23  after the Discovery Master's February 17, 2010 rulings. As the Court noted in its recent Civil Minute Order to Show Cause (Docket # 7551), "[t]he parties have long

24  observed the Court's direction that, absent Court approval, objections to the Discovery Master's rulings **must be submitted within 72 hours of the ruling at**

25  **issue**." (emphasis added). The Court further noted that "Mattel relied upon this rule in its opposition to MGA Entertainment, Inc. and Isaac Larian's *ex parte* Application

26  regarding the deposition of Brian Wing." (Docket # 7534) Therefore, because Mattel violated the 72-hour rule in filing its recent objections (Docket # 7547 and

27  # 7548), the Court ordered Mattel to show cause why both objections should not be stricken as untimely. (*Id.*) The same order should issue here.

28

1    violation of Local Rules 7-3 and 37-1, not to mention Rule 11. The Court should

2    order Mattel to show cause why it should not be sanctioned for its

3    misrepresentation in violation of Local Rules.

4         In addition to the multiple and dispositive procedural problems, Mattel's

5    memorandum, on its face, fails to meet its heavy burden for overturning the

6    Discovery Master's Order under FRCP 72. Indeed, Mattel concedes as much by

7    observing that its motion is based on sheer speculation and that it is aware of no

8    factual or legal basis on which to overturn Order No. 92. ("Mattel has no practical

9    ability to verify or assess the Discovery Master's rulings that these documents

10   properly may be withheld as privileged."). Ironically, Mattel wants this Court to

11   assume that the portions of Order No. 92 that favor Mattel were correct and well-

12   reasoned, but those portions of the Order that favor Omni "may be erroneous."

13        Mattel's supposition that the Discovery Master did not evaluate the basis of

14   privilege for each communication (that he ordered not be produced) is unfounded.

15   Mattel's contention that the Discovery Master misunderstood and misapplied the

16   prevailing law is baseless and undermined by recent rulings by federal courts in the

17   Ninth Circuit and other jurisdictions.

18        Moreover, Mattel's continued assertions that Omni has "refused to produce

19   documents" and has improperly withheld "numerous" communications as

20   privileged are assertions it knows to be false. As demonstrated in recent filings,

21   Omni, its members and its attorneys have produced **in excess of 30,000**

22   **documents** relating to the Wachovia transaction including, without limitation, the

23   source of all funding (in addition to more than 10,000 documents produced by

24   Wachovia). Omni properly served a detailed privilege log identifying only 174

25   communications between Omni and its attorneys relating to the transaction. Not

26   one word came from Mattel on this issue for two months after the amended

27

28

1   privilege log was served; of course until this matter was reassigned to this Court.[6]

2       For each of the foregoing reasons, the Court should overrule Mattel's

3   objections, deny Mattel's motion, and order Mattel to show cause as to why it

4   should not be sanctioned for filing its untimely and unsupported motion without

5   justification.

6

7   **II.   FACTUAL BACKGROUND**

8       **A.   Non-Party Omni Has Produced More Than 10,000**

9           **Documents And Served A Privilege Log**

10       Omni long ago produced more than 10,000 pages of documents to Mattel.

11   (Discovery Master Or. No. 51 at 19.)[7]   Never willing to take yes for an answer

12   Mattel subsequently filed a frivolous motion asserting that Omni had waived its

13   attorney-client privilege.[8]   That motion was denied.[9]   Mattel has persisted raising

14   serial frivolous issues concerning Omni's privilege log (despite the fact that it is

15   much more detailed than Mattel's).

16       **B.   Omni Served Its Amended Privilege Log On September 4 And**

17           **Did Not Hear Another Word From Mattel Until This Case Was**

18           **Reassigned**

19       On September 4, 2009, Omni served its amended privilege log on Mattel.

20   Since that time, <u>Mattel raised not a single concern regarding Omni's amended</u>

21

22   [6] Then, of 174 privileged entries, Mattel challenged 27 communications between
   Omni and its in-house attorney Kevin Tanna, whose role in connection with the
23   transaction was solely to provide legal advice, consultation and assistance.  That
   hardly supports Mattel's rhetoric that it has been prevented from "getting to the
24   bottom of the Wachovia debt purchase and the related obstruction of justice
   issues."

25   [7] (Docket # 6456.)

26   [8] (Docket #5790.)

27   [9] (Docket #6456.)

28

privilege log until the case was reassigned to this Court. Mattel did not send any meet and confer letter notifying Omni of its intention to seek an order compelling the production and/or *in camera* review of documents referenced in Omni's privilege log, nor did Mattel provide any authority supporting a motion for such relief. Further, Mattel never requested an in-person conference regarding the motion before the Court -- all of which is required by paragraph 5 of the Discovery Master Stipulation and Order.

After nearly two months of silence and after this case was reassigned to Your Honor, Mattel filed a motion on October 26, 2009 seeking the Discovery Master's *in camera* review of 27 email communications between Omni and its in-house counsel Kevin Tanna.[10] It could not be clearer that Mattel is doing nothing more than trying to have serial bites of the same apple. Mattel's motion was built on the false and baseless premise that Kevin Tanna's role as in-house attorney "does not appear to have been limited to purely legal matters." However, contrary to Mattel's assertion, Mr. Tanna's role in connection with the Omni-Wachovia transaction, to which all of these communications relate, was solely as an attorney to provide legal advice, consultation and assistance to Omni.[11]

The Discovery Master served Order No. 92 on February 13, 2010 and filed it

---

[10] (Mattel's Motion to Compel Production and/or In Camera Review of Documents, Docket # 7022.)

[11] Mattel's argument was not only factually and legally baseless, but also steeped in hypocrisy in that Mattel seeks to apply a different and more stringent standard to Omni's in-house attorney than Mattel does for its own in-house attorneys. For example, Mattel failed to inform the Discovery Master that Mattel's in-house attorney, Robert Normile, holds multiple non-legal titles at Mattel including "Senior Vice President" and "Secretary," yet Mattel's privilege log shields all of Mr. Normile's alleged communications with Mattel personnel by repeating the same vague description for each entry ("Legal advice regarding litigation matters"). Applying Mattel's rationale, the Discovery Master and Court should *sua sponte* order Mattel to produce for *in camera* review all communications identified on Mattel's privilege log.

1   on February 16, 2010.[12]  In Order No. 92, the Discovery Master found that 12 of

2   the 27 email communications were properly withheld as privileged and that 15 of

3   the email communications (may of which are duplicates) should be produced.

4   While Omni believed, and still believes, that the 15 emails between Omni and its

5   counsel are privileged under well established precedent, Omni did not object to

6   Order No. 92 because, among other reasons, it had already produced to Mattel the

7   underlying documents referenced in the emails.

8

9   **III.    MATTEL'S OBJECTIONS SHOULD BE OVERRULED**

10          **AND STRICKEN BECAUSE THEY ARE UNTIMELY**

11          **AND PROCEDURALLY IMPROPER**

12          **A.    Mattel Failed To File Its Objections Before The 72 Hour**

13                 **Deadline Mandated By Order No. 92**

14          The Discovery Master served Amended Order No. 92 by email on February

15   13, 2010.  In his email communication, the Discovery Master advised the parties as

16   follows:

17          "Please find attached a copy of Amended Order No. 92. It

18          supersedes and replaces Order No. 92.  Amended Order No. 92

19          will be filed with the Court on Tuesday, February 16, 2010. **The**

20          **72-hour deadline in which to object to Amended Order No. 92**

21          **will begin to run when the Order is filed with the Court.**"

22          (*See* Exhibit 1, emphasis added.)

23   As he indicated in his February 13 email communication, the Discovery Master

24   filed Amended Order No. 92 on February 16 at 8:18 a.m.  (*See* Exhibit 2.)

25   Consistent with the Discovery Master's prior email communication, Order No. 92

26   _____

27   [12] (Docket #7499.)

28

A/73300555.3                        - 6 -

1   expressly stated:  **"In the event that either Omni 808 or Mattel objects to this**

2   **order, such objection must be submitted to the District Court <u>within seventy-</u>**

3   **<u>two hours of the filing of this Order</u>."**  (*Id.* at 5-6.)

4       Despite the clear deadline mandated by the Discovery Master's instructions

5   on February 13 and by Order No. 92 itself, however, Mattel purported to file its

6   objections on February 19 at 2:17 p.m. -- six hours <u>after the deadline had already</u>

7   <u>passed</u> -- without requesting or obtaining any extension from Omni or the Court.

8   (*See* Exhibit 3.)  Mattel's motion must be denied on this ground alone.[13]

9       **B.**    **Mattel Failed To Provide Omni The Requisite 28 Days Notice**

10           **Prior To The Hearing Of Its Motion**

11       Mattel filed its objections as a "noticed motion" on February 19, 2010 and

12   set a hearing date for March 15, 2010, in derogation of Local Rule 6 which

13   requires at least 28 days notice for noticed motions.  The Court should deny

14   Mattel's motion for this reason as well.

15       **C.**    **Mattel's Statement Of Compliance Is Untrue And Violates Local**

16           **Rules 7-3 and 37-1**

17       Local Rules 7-3 and 37-1 require a conference of counsel prior to filing

18   discovery and other motions.  Mattel represents to the Court in its notice of motion

19   under the heading "<u>Statement of Compliance</u>" that "The parties conferred

20   regarding the issues raised in Mattel's Objections on August 19, 2009."  However,

21

22      [13] If what is past is prologue, Mattel will likely attempt to respond by trivializing

23   the import of these procedural requirements.  Mattel generally only believes the
     rules and procedures should be enforced when Mattel seeks to enforce them.

24   Indeed, as the Court noted in its Civil Minutes Order (Docket # 7551), "Mattel
     relied upon this [72-hour] rule in its opposition to MGA Entertainment, Inc. and Isaac

25   Larian's *ex parte* Application regarding the deposition of Brian Wing." (Docket #
     7534).  Nevertheless here, as with Mattel's other recent objections to Discovery

26   Master Orders (Docket # 7547 and # 7548), Mattel filed its objections after the
     expiration of the 72-hour deadline.  Accordingly, as it has previously done, the Court

27   should order Mattel to show cause why its untimely objections should not be stricken.
     (*See* Docket # 7551).

28

1    Order No. 92 was filed on February 16, 2010 -- <u>6 months after this alleged meeting</u>

2    <u>of the parties</u> -- and there haven't been any communications between the parties

3    regarding the Order since it was filed. Therefore, Mattel's representation that the

4    parties "conferred regarding the issues raised in Mattel's Objections" is not only

5    false but also a violation of Local Rules 7-3 and 37-1. The Court should order

6    Mattel to show cause why sanctions should not issue for Mattel's

7    misrepresentation to the Court and violation of the Local Rules.

8

9    **IV.    MATTEL FAILED TO MEET ITS BURDEN THAT THE**

10          **DISCOVERY MASTER'S ORDER WAS CLEARLY ERRONEOUS**

11          **OR CONTRARY TO LAW UNDER FRCP 72**

12         A party seeking to overturn a Discovery Master's Order must establish that

13    the Discovery Master's order was "clearly erroneous or contrary to law." *See* Fed.

14    R. Civ. Proc. 72(a). A Discovery Master's or Magistrate's ruling will be set aside

15    or modified, "only if it is 'clearly erroneous or contrary to law.'" *The Milton H.*

16    *Greene Archives, Inc. v. CMG Worldwide, Inc.*, No. CV 05-2200 MMM (Ex) 2007

17    U.S. Dist. LEXIS 97275, *4 (C.D. Cal. May 14, 2007), *4-5. A Discovery

18    Master's orders are "afforded broad discretion, which will be overruled only if

19    abused." *Id.* at * 6. Indeed, as this Court has held in <u>this case</u>, "[t]he Court will not

20    reach a result contrary to the Discovery Master simply because the Court 'may

21    have weighed the evidence differently.'" (Order Overruling Objections to

22    Discovery Order No. 73 and Denying Mattel, Inc.'s Request for Relief, Dec. 7,

23    2009, at 4), (quoting *Bryant v. Mattel, Inc.*, No. CV 04-9049 SGL (RNBx), 2007

24    WL 5430885, *2 (C.D. Cal. July 2, 2007.)

25         Mattel's motion offers no support for its pure, unfounded speculation that the

26    Discovery Master failed to "evaluate whether each subpart" of each email was

27    privileged. Indeed, the Discovery Master acknowledged that privilege review of

28    email chains requires analysis into the chain's subparts. The Discovery Master

1   stated, "[t]he question of whether an email chain or its various sub-communications

2   are privileged requires analysis into each of the email communications in the

3   chain." (Order at 3.) Mattel does not dispute that this standard is correct. (Mattel

4   Obj. at 4.) It stands to reason that the Discovery Master cited this standard because

5   he applied it and Mattel has offered nothing more than conjecture to support its

6   contention that the Discovery Master ignored it.

7        Mattel's alternative argument that the Discovery Master's Order was based

8   on an "erroneous conclusion" is equally baseless. Mattel posits that the Discovery

9   Master's ruling was "based on a misreading of the Eastern District of

10   Pennsylvania's holding in *Rhoads*, 254 F.R.D. 238." (Mattel's Obj. at 5.) (citing

11   *Rhoads Indus., Inc. v. Building Materials Corp. of America*, 254 F.R.D. 238 (E.D.

12   Penn. 2008).) Mattel argues that this Court should overrule the Discovery Master

13   because his citation to *Rhoads* is inapposite with the holding in *Rhoads*. (Mattel's

14   Obj. at 5.) However, the Discovery Master's Order never stated that the portion of

15   *Rhoads* to which he cited summarized the *Rhoads* holding. (*See* Order at 3.)

16   Indeed, as the Discovery Master likely knew, the quote in *Rhoads* explained the

17   Northern District of Illinois' holding in *Muro v. Target Corp.*, 250 F.R.D. 350, 363

18   (N.D. Ill. 2007), which held that "a subsequent and privileged email which

19   forwards that prior non-privileged email, will allow the privilege to attach to the

20   entire email chain." *Muro v. Target Corp.*, 250 F.R.D. at 363; *see also Rhoads*,

21   254 F.R.D. at 240.

22        The Discovery Master's reliance on *Muro* and his ultimate conclusions of

23   law are consistent with a recent decision out of the Eastern District of California.

24   *See Dawe v. Corrections USA*, CIV-S-07-1790 LKK EFB 2009 U.S. Dist. LEXIS

25   96461 (E.D. Cal. Oct. 1, 2009). In *Dawe*, the Eastern District analyzed, among

26   other things, whether a four-message email string in which one of the messages

27   "does not contain legal advice, and is not subject to the attorney-client privilege"

28   was properly withheld as privileged. *Id.* at *25-26. The *Dawe* court agreed with

other California District Courts in ruling that "[w]hat is communicated with each email is the text of the email and all the emails forwarded along with it." *Id.* at *27, *quoting United States v. ChevronTexaco Corp.*, 241 F.Supp.2d 1065, 1075 n.6.  It also adopted the *Muro* court's holding (the same case relied upon by the Discovery Master here) that stated "even though one email is not privileged, a second email which forwards that prior email to counsel might be privileged in its entirety." *Id.* at *28; *quoting Muro* 250 F.R.D. at 363.  Accordingly, the Eastern District Court held that the email chain containing the non-privileged communication "[was] indeed privileged and should remain confidential." *Id.* at *28.  The Discovery Master's Order, therefore, is consistent with *Dawe, Muro* and other prevailing legal authority.[14]

Because the Discovery Master's Order appears to be consistent with prevailing law and Mattel has failed to satisfy its burden of establishing otherwise the Court should dismiss Mattel's objections without further burdening either itself or Omni.

## V.  MATTEL SHOULD BE ORDERED TO SHOW CAUSE WHY SANCTIONS SHOULD NOT ISSUE FOR FILING ITS PROCEDURALLY IMPROPER AND BASELESS MOTION

Mattel filed this untimely motion without any factual or legal basis in violation of the Federal Rules of Civil Procedure and Local Rules.  Accordingly, the Court should order Mattel to show cause why sanctions against Mattel should not issue.

---

[14] While Mattel contends that the Discovery Master misapplied *Rhoads*, which he clearly did not, Mattel does not take issue with, or even acknowledge, the other legal authorities that support the Discovery Master's Order.

**VI.    CONCLUSION**

For each of the foregoing reasons, the Court should dismiss Mattel's objections, deny Mattel's motion, and order Mattel to show cause why sanctions should not issue for its flagrant disregard for the Local Rules and FRCP.


DATED:  February 26, 2010            Bingham McCutchen LLP


By:   _Todd Gordinier_ _____
       Todd E. Gordinier
       Attorneys for Non-Party
       Omni 808 Investors, LLC

# EXHIBIT 1

| From: | Hansen, Drew [hansen.drew@arentfox.com] |
|---|---|
| Sent: | Saturday, February 13, 2010 1:34 PM |
| To: | 'Michael T Zeller'; 'johnquinn@quinnemanuel.com'; 'ahurst@orrick.com'; 'wmolinski@orrick.com'; Villar, Peter N.; Gordinier, Todd E. |
| Cc: | O'Brien, Robert |
| Subject: | Mattel, Inc. v. MGA Entertainment, Inc. et al. (Amended Order No. 92) |
| Attachments: | AMENDED ORDER NO. 92 _Final_.pdf |

All:

I write on behalf of Robert C. O'Brien.  Please find attached a copy of Amended Order No. 92.  It supersedes and replaces Order No. 92.  Amended Order No. 92 will be filed with the Court on Tuesday, February 16, 2010.  The 72-hour deadline in which to object to Amended Order No. 92 will begin to run when the Order is filed with the Court.

Regards,

Drew

**Drew R. Hansen**

**Arent Fox**| 555 West Fifth Street, 48th Floor
Los Angeles, California 90013
**Smart in your world**®
**T** 213.629.7400
**F** 213.629.7401
hansen.drew@arentfox.com

This e-mail, and any attachments hereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information.  If you are not the intended recipient of this e-mail, you are hereby notified that any dissemination, distribution or copying of this e-mail, and any attachments thereto, is strictly prohibited.  If you have received this e-mail in error, please immediately notify me by e-mail (by replying to this message) or telephone (above) and permanently delete the original and any copy of any e-mail and any printout thereof.  Thank you for your cooperation.

IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that, unless expressly stated otherwise, any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

Exhibit 1 - Page 12

# EXHIBIT 2

1  Robert C. O'Brien (SBN 154372)
   ARENT FOX LLP
2  555 West Fifth Street, 48th Floor
   Los Angeles, CA  90013-1065
3  Telephone:  213.629.7400
   Facsimile:   213.629.7401
4  obrien.robert@arentfox.com

5  Discovery Master

6

7

8                    UNITED STATES DISTRICT COURT

9                  CENTRAL DISTRICT OF CALIFORNIA

10                       SOUTHERN DIVISION

11

12  CARTER BRYANT, an individual,      Case No.  CV 04-09049 DOC (RNBx)

13              Plaintiff,             Consolidated with
                                       Case No. CV 04-09059
14         v.                          Case No. CV 05-2727

15  MATTEL, INC., a Delaware           **PHASE 2 DISCOVERY MATTER**
    corporation,
16                                     **AMENDED ORDER NO. 92,**
               Defendant.              **REGARDING:**
17
                                       ***IN CAMERA* REVIEW PURSUANT**
18                                     **TO ORDER NO. 88**

19  CONSOLIDATED WITH
20  MATTEL, INC. v. BRYANT and
    MGA ENTERTAINMENT, INC. v.
21  MATTEL, INC.

22

23

24

25

26

27
                                                   **Exhibit 2- Page 13**
28

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

1    The Discovery Master, having considered the February 12, 2010 e-mail from

2    counsel for Omni 808 and having determined that it is appropriate to correct an

3    inadvertent error in the numerical designation of the documents referred to in

4    Section II.B of Order No. 92, hereby issues the following Amended Order No. 92.

5    Amended Order No. 92 supersedes and replaces Order No. 92, including revising

6    Section II.B of the prior order.

7    **I.    FACTUAL BACKGROUND**

8    In Order No. 88 I granted in part and denied in part Mattel, Inc.'s ("Mattel")

9    Motion to Compel *In Camera* Review of Documents Improperly Withheld on Omni

10   808's Privilege Log ("Motion") [Docket No. 7022], and ordered Omni 808 to

11   produce for *in camera* review the documents described as the Tanna Documents

12   (listed as Appendix A to the Motion), including any attachments to those

13   documents.  (Order No. 88, p. 17).  I also ordered Omni 808 to revise its Amended

14   Privilege Log consistent with the standard set forth in Order No. 88, including with

15   respect to the Attachments.  (*Id.*).

16   Omni 808 produced the Tanna Documents for *in camera* review on or about

17   January 4, 2010.

18   **II.   ANALYSIS**

19   **A.    Legal Standard**

20   In reviewing the documents submitted by Omni 808, I applied certain well-

21   established principles related to the applicability of the attorney-client privilege, the

22   attorney work product doctrine, and any other basis for withholding asserted by

23   Omni 808, including the applicability of those principles to communications with

24   corporate in-house counsel, which are summarized below.

25   **1.    The Attorney-Client Privilege**

26   The attorney-client privilege is the primary protection asserted by Omni 808

27   as to the documents reviewed *in camera*.  The privilege "protects confidential

28   disclosures made by a client to an attorney in order to obtain legal advice, as well as

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 1 -

AMENDED ORDER NO. 92
[Case No. CV 04-09049 DOC

Exhibit 2 - Page 14

1    an attorney's advice in response to such disclosures." (*In re Grand Jury*

2    *Investigation,* 974 F.2d 1068, 1070 (9th Cir. 1992) [citations omitted]).  The

3    attorney-client privilege applies where the party asserting it can demonstrate that:

4    "(1) the asserted holder of the privilege is or sought to become a client; (2) the

5    person to whom the communication was made (a) is a member of the bar of a court,

6    or his subordinate and (b) in connection with this communication is acting as a

7    lawyer; (3) the communication relates to a fact of which the attorney was informed

8    (a) by his client (b) without the presence of strangers (c) for the purpose of securing

9    primarily either (i) an opinion of law or (ii) legal services or (iii) assistance in some

10   legal proceeding, and not (d) for the purpose of committing a crime or tort; and (4)

11   the privilege has been (a) claimed and (b) not waived by the client." (*Baxter*

12   *Healthcare Corp. v. Fresenius Medical Care Holding, Inc.,* 2008 WL 5214330, *2

13   (N.D. Cal. 2008) [citing *In Re Grand Jury Investigation,* 599 F.2d at 1233; *United*

14   *States v. United Shoe Mach. Corp.,* 89 F. Supp. 357, 358-59 (D. Mass. 1950)]).

15        Most of the documents at issue here involve the question of protection under

16   the attorney-client privilege either in the context of communications in the

17   corporate context, where employees communicate with in-house counsel, with

18   outside counsel, or with each other regarding legal advice.

19        The application of the attorney-client privilege to communications with a

20   corporation's in-house counsel is a well-established principle.  "In determining the

21   existence of a privilege, no attempt is made to distinguish between 'inside' and

22   'outside' counsel." (*U.S. v. Rowe,* 96 F.3d 1294, 1296 (9th Cir. 1996) [citations

23   omitted]).

24        The leading case discussing the application of the attorney-client privilege to

25   communications in the corporate context is *Upjohn v. United States,* 449 U.S. 383

26   (1981) ("*Upjohn*").  The Supreme Court recognized in *Upjohn* that "[i]n light of the

27   vast and complicated array of regulatory legislation confronting the modern

28   corporation, corporations, unlike most individuals, constantly go to lawyers to find

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 2 -

AMENDED ORDER NO. 92
[Case No. CV 04-09049 DOC

Exhibit 2 - Page 15

1   out how to obey the law . . . ." (*Upjohn*, 449 U.S. at 392 [citation omitted]). "In

2   *Upjohn*, the Supreme Court rejected limiting the definition of 'client' to merely the

3   corporation's 'control group,' instead focusing on the subject matter of the

4   attorney's communication with the employee." (*Hynix Semiconductor Inc. v.*

5   *Rambus Inc.*, 2008 WL 350641, *3 (N.D. Cal. 2008) [citing *Upjohn*, 449 U.S. at

6   394-95]). "In a sense, whether an employee is a 'client' collapses into whether the

7   communication between the attorney and the employee constitutes the giving or

8   receiving of legal advice." (*Id.*).

9       Indeed, the fact that a communication conveying legal advice is made

10  between a corporation's employees, and not between an attorney and the

11  corporation, is "not necessarily [] fatal to the attorney-client privilege." (*Id.* [citing

12  *United States v. ChevronTexaco Corp.*, 241 F. Supp. 1065, 1077 (N.D. Cal.

13  2002)]). The issue is whether the employees are conveying to one another "legal

14  advice, which would be privileged, or [an employee's] business analysis, which

15  would not." (*Id.*).

16      Almost all of the documents provided by Omni 808 constitute e-mail chains,

17  each of which forwards multiple past communications. The question of whether an

18  e-mail chain or its various sub-communications are privileged requires analysis into

19  each of the e-mail communications in the chain, since "[e]ach email is a separate

20  communication, for which a privilege may or may not be applicable." (*Baxter*

21  *Healthcare Corp. v. Fresenius Medical Care Holding, Inc.*, 2008 WL 4547190

22  (N.D. Cal. 2008)). But, "even though one email is not privileged, a subsequent and

23  privileged email which forwards that prior non-privileged email, will allow the

24  privilege to attach to the entire email chain, including the non-privileged email

25  message." (*Rhoads Indus., Inc. v. Building Materials Corp. of America*, 254 F.R.D.

26  238, 240 (E.D. Penn. 2008) [citing *Upjohn*, 449 U.S. at 383; *Muro v. Target Corp.*,

27  243 F.R.D. 301, 307 (N.D. Ill. 2007)]; *see also Barton v. Zimmer*, 2008 WL 80647

28  (N.D. Ind. 2008) ["As applied to emails, this means that even though one email is

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 3 -

AMENDED ORDER NO. 92
[Case No. CV 04-09049 DOC

Exhibit 2 - Page 16

1   not privileged, a second email forwarding the prior email to counsel might be

2   privileged in its entirety."]).

3       And, where an e-mail chain contains communications between corporate

4   employees both before and after a privileged communication contained within the

5   chain, either some or all of that e-mail chain may nevertheless remain privileged.

6   "[A]lthough written communication between corporate management employees is

7   not necessarily protected by the attorney-client privilege, a party may be able to

8   successfully demonstrate applicability of privilege by establishing that the

9   communication was made in confidence for the primary purpose of obtaining legal

10   advice." (*Williams v. Sprint/United Management Co.*, 2006 WL 266599, *3 (D.

11   Kan. 2006) [citing *Lintz v. American Gen. Finance, Inc.*, 1999 WL 450197, *4 (D.

12   Kan. June 24, 1999); *United States v. Chevrontexaco Corp.*, 241 F. Supp. 2d 1065,

13   1077 (N.D. Cal. 2002); *In re Grand Jury Proceedings*, M-11-189, 2001 WL

14   1167497, at *24 (S.D.N.Y. Oct.3, 2001); *Penn Valley Pump Co., Inc. v. Alfa Laval*

15   *Pumps, Inc.*, No. 97-5194, 1999 WL 1293348 (E.D. Pa. Dec. 30, 1999); *First*

16   *Chicago Intern. v. United Exchange Co. Ltd.*, 125 F.R.D. 55, 58 (S.D.N.Y. 1989);

17   *Cuno, Inc. v. Pall Corp.*, 121 F.R.D. 198, 203 (E.D.N.Y. 1988); *United States v.*

18   *American Tel. & Tel. Co.*, 86 F.R.D. 603, 619 (D.D.C. 1979); *Burlington Indus. v.*

19   *Exxon Corp.*, 65 F.R.D. 26, 39 (D. Md. 1974); *Eutectic Corporation v. Metco, Inc.*,

20   61 F.R.D. 35, 40 (E.D.N.Y. 1973); *Danisch v. Guardian Life Insur. Co. of Am.*, 18

21   F.R.D. 77, 80 (S.D.N.Y. 1955)]).

22       "In deciding whether the attorney-client privilege [applies,] the Court must

23   determine whether the communication is 'designed to meet problems which can

24   fairly be characterized as predominantly legal.'" (*Rowe v. E.I. duPont de Nemours*

25   *and Co.*, 2008 WL 4514092, *8 (D. N.J. Sept. 30, 2008); *see also In re Pappas*,

26   2009 WL 1574923, *2 (Bkrtcy. D. Del. 2009) ["To the extent these emails do not

27   direct questions to the copied attorneys, discuss legal advice previously rendered,

28   discuss whether legal advice should be sought in the future, or are not included

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 4 -

AMENDED ORDER NO. 92
[Case No. CV 04-09049 DOC

Exhibit 2 - Page 17

1   within an email chain that was directed at some point to attorneys, such emails are
2   not protected by the attorney client privilege . . . ."]).

3         **2.**    **The Attorney Work Product Doctrine**

4        The attorney work product doctrine provides limited protection from
5   disclosure of materials prepared by a party or its representative in anticipation of
6   litigation. (*See* Fed.R.Civ.P. 26(b)(3); *see also Hickman v. Taylor*, 329 U.S. 495
7   (1947)). It protects a 'zone of privacy within which to think, plan, weigh facts and
8   evidence, candidly evaluate a client's case, and prepare legal theories,' and is
9   confined to "materials prepared in anticipation of litigation or for trial." (*Western*
10  *Trails, Inc. v. Camp Coast To Coast, Inc.*, 139 F.R.D. 4, 9 (D. D.C. 1991) [citations
11  omitted]).

12        **B.**    **Outcome Of *In Camera* Review**

13       Applying the legal standards summarized above to the documents provided
14  by Omni 808 in response to Order No. 88, I make the following findings. For the
15  parties' convenience, my findings are organized into two categories, namely: (1)
16  documents properly withheld; and (2) documents that must be produced without
17  redaction.

18        **1.**    **Documents Properly Withheld**

19       Document Nos. 1, 2, 3, 4, 5, 6, 7, 8, 9, 15, 26, and 27.

20        **2.**    **Documents To Be Produced Without Redaction**

21       Document Nos. 10, 11, 12, 13, 14, 16, 17, 18, 19, 20, 21, 22, 23, 24, and 25.

22  **III.**    **DISPOSITION**

23       Omni 808 must produce those documents identified for production herein
24  within ten (10) days of this Order being filed. In the event that either Omni 808 or

25  //
26  //
27  //
28  //

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 5 -

AMENDED ORDER NO. 92
[Case No. CV 04-09049 DOC

**Exhibit 2 - Page 18**

1   Mattel objects to this order, such objection must be submitted to the District Court

2   within seventy-two hours of the filing of this Order.

3

4   Dated:  February 16, 2010

5

6                                                    By:         /s/ Robert C. O'Brien
                                                                 ROBERT C. O'BRIEN
7                                                                Discovery Master

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 6 -

AMENDED ORDER NO. 92
[Case No. CV 04-09049 DOC

Exhibit 2 - Page 19

# EXHIBIT 3

| **From:** | cacd_ecfmail@cacd.uscourts.gov |
|---|---|
| **Sent:** | Friday, February 19, 2010 2:18 PM |
| **To:** | ecfnef@cacd.uscourts.gov |
| **Cc:** | zz calendar dept la |
| **Subject:** | Activity in Case 2:04-cv-09049-DOC-RNB Carter Bryant v. Mattel Inc Motion for Order re Discovery Matter |

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.

***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

### UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA

### Notice of Electronic Filing

The following transaction was entered by Proctor, Brett on 2/19/2010 at 2:17 PM PST and filed on 2/19/2010
**Case Name:** Carter Bryant v. Mattel Inc
**Case Number:** 2:04-cv-09049-DOC-RNB
**Filer:** Mattel Inc
**Document Number:** 7530

**Docket Text:**
**NOTICE OF MOTION AND MOTION for Order for Limited Review of Discovery Matter Amended Order 92 (Dkt. No. 7499) filed by Plaintiff Mattel Inc(a Delaware corporation). Motion set for hearing on 3/15/2010 at 08:30 AM before Judge David O. Carter. (Proctor, Brett)**

**2:04-cv-09049-DOC-RNB Notice has been electronically mailed to:**

Alexander H Cote      acote@scheperkim.com, ppoloski@scheperkim.com

Alisa M Morgenthaler      amorgenthaler@glaserweil.com

Andre De La Cruz      adelacruz@orrick.com, jdavis@orrick.com, ymeneses@orrick.com

Annette L Hurst      ahurst@orrick.com, mawilliams@orrick.com

Blaine H Evanson      bevanson@gibsondunn.com

Brett Dylan Proctor      dylanproctor@quinnemanuel.com, westonreid@quinnemanuel.com

Byron Z Moldo      bmoldo@ecjlaw.com

**Exhibit 3 - Page 20**

2/21/2010

Christian C Dowell    cdowell@kmwlaw.com

Craig A Taggart    craig.taggart@bingham.com, lan.ly@bingham.com

Cyrus S Naim    cyrusnaim@quinnemanuel.com, sahilyfeliciano@quinnemanuel.com

David C Scheper    feseroma@scheperkim.com

David M Stern    dstern@ktbslaw.com

Diana M Rutowski    drutowski@orrick.com, kime@orrick.com

Diane C Hutnyan    dianehutnyan@quinnemanuel.com, andreahoeven@quinnemanuel.com

Douglas Andrew Winthrop    dwinthrop@howardrice.com, aaustin@howardrice.com

Frank D Rorie , Jr    frorie@orrick.com

Ilan Wisnia    iwisnia@valleassociates.com

J Christopher Jennings    cjennings@gibsondunn.com

James I Stang    jstang@pszjlaw.com

Jason D Russell    jrussell@skadden.com, allison.velkes@skadden.com

Jason S Angell    jangell@orrick.com

Jeffrey B Valle    jvalle@valleassociates.com

Jennifer A Lopez    jennifer.lopez@bingham.com

Jimmy S McBirney    jmcbirney@orrick.com

John B Quinn    johnquinn@quinnemanuel.com

Jon D Corey    joncorey@quinnemanuel.com

Joseph C Sarles    josephsarles@quinnemanuel.com

Kevin E Deenihan    kdeenihan@ktbslaw.com

Kevin S Rosen    krosen@gibsondunn.com

L Kieran Kieckhefer    kkieckhefer@orrick.com

Larry W McFarland    lmcfarland@kmwlaw.com

Linda M Burrow    burrow@caldwell-leslie.com, popescu@caldwell-leslie.com, wilson@caldwell-leslie.com

Luis A Feldstein    lfeldstein@bmwklaw.com

Marina Vladimir Bogorad    marina.bogorad@skadden.com

**Exhibit 3 - Page 21**

Mark E Overland    moverland@scheperkim.com, jhibino@scheperkim.com

Matthew C Heyn    mheyn@ktbslaw.com

Melinda L Haag    mhaag@orrick.com

Michael T Zeller    michaelzeller@quinnemanuel.com

Patrick A Fraioli , Jr    pfraioli@ecjlaw.com

Peter A Davidson    pdavidson@ecjlaw.com

Peter N Villar    peter.villar@bingham.com, paul.mcconnell@bingham.com

Randa A F Osman    randaosman@quinnemanuel.com

Richard M Pachulski    jstang@pszjlaw.com

Robert C O'Brien    obrien.robert@arentfox.com

Robyn Aronson    robyn.aronson@gmail.com

Rory S Miller    rorymiller@quinnemanuel.com, elainechavarria@quinnemanuel.com,
westonreid@quinnemanuel.com

Sandra L Tholen    tholen@caldwell-leslie.com, mejia@caldwell-leslie.com, wilson@caldwell-leslie.com

Sanford I Weisburst    sandyweisburst@quinnemanuel.com

Stan Karas    stankaras@quinnemanuel.com, marthaherrera@quinnemanuel.com,
westonreid@quinnemanuel.com

Sugithra Somasekar    ssomasekar@orrick.com, descamilla@orrick.com

Theresa A Sutton    tsutton@orrick.com

Thomas H Bienert , Jr    tbienert@bmkattorneys.com, admin@bmkattorneys.com

Thomas Jerome Nolan    tnolan@skadden.com, carl.roth@skadden.com, karoleen.tshabourian@skadden.com

Thomas P Lambert    tpl@msk.com

Thomas S McConville    tmcconville@orrick.com, vcloyd@orrick.com

Todd E Gordinier    todd.gordinier@bingham.com, craig.taggart@bingham.com,
julie.valenzuela@bingham.com, karina.ward@bingham.com, lan.ly@bingham.com,
michael.mortenson@bingham.com, theresa.miletich@tempbingham.com

Warrington S Parker , III    wparker@orrick.com, jpisoni@mgae.com, mawilliams@orrick.com

William A Molinski    wmolinski@orrick.com, mm7@orrick.com

**Exhibit 3 - Page 22**

**2:04-cv-09049-DOC-RNB Notice has been delivered by First Class U. S. Mail or by fax to: :**

Cheryl Plambeck
Davis & Gilbert LLP
1740 Broadway
New York, NY 10019

Kien C Tiet
Stern and Goldberg
6345 Balboa Boulevard, Suite 200
Encino, CA 91316

Peter H Bonis
Peter H. Bonis Law Offices
1990 N. California Blvd, 8th Floor
Walnut Creek, CA 94596

Yas Raouf
Orrick Herrington and Sutcliffe LLP
Orrick Building
405 Howard Street
San Francisco, CA 94105

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**Mattel's Objections to DMO 92.pdf
**Electronic document Stamp:**
[STAMP cacdStamp_ID=1020290914 [Date=2/19/2010] [FileNumber=9243859-0]
[333f8b442ee8f428b10c08ef6bf81fc5f5c36176d255a13cab3159f7d49e5761b3c6
030a90a39d236f3e91bd3d43a01056c56dd9bf48620735f1e2adbda80935]]

====================================================================================

This message for has been cc'd to the local Bingham McCutchen LLP litigation docketing department per the
Docketing - LA & OC email routing policy.

====================================================================================

**Exhibit 3 – Page 23**

## **PROOF OF SERVICE BY FEDERAL EXPRESS TO COUNSEL**

I am over eighteen years of age, not a party in this action, and employed in Orange County, California at 600 Anton Boulevard, 18th Floor, Costa Mesa, California 92626-1924.  On **February 25, 2009**, I served the attached document(s) listed below on this date before 5:00 p.m. PST:

**OMNI 808 INVESTORS, LLC'S OPPOSITION TO MATTEL, INC.'S *UNTIMELY* OBJECTIONS TO PORTIONS OF DISCOVERY MASTER AMENDED ORDER NO. 92**

To the person(s) at the email address(es) set forth below:

John B. Quinn
johnquinn@quinnemanuel.com

Michael T. Zeller, Esq.
michaelzeller@quinnemanuel.com

Jon D. Corey, Esq.
joncorey@quinnemanuel.com

Jason Russell
jason.russell@skadden.com

Melinda Haag
mhaag@orrick.com

Annette L. Hurst
ahurst@orrick.com

Warrington S. Parker III
wparker@orrick.com

William A Molinski
wmolinski@orrick.com

Thomas S. McConville
tmcconville@orrick.com

Mark Overland
moverland@scheperkim.com

Alexander Cote
acote@scheperkim.com

1     ☒  (BY MAIL) by causing a true and correct copy of the above to be placed in
        the United States Mail at Costa Mesa, California in sealed envelope(s) with
2       postage prepaid, addressed as set forth below. I am readily familiar with this
        law firm's practice for collection and processing of correspondence for
3       mailing with the United States Postal Service. Correspondence is deposited
        with the United States Postal Service the same day it is left for collection and
4       processing in the ordinary course of business.

5       John B. Quinn
        Michael T. Zeller, Esq.
6       Jon D. Corey, Esq.
        Quinn Emanuel Urquhart Oliver & Hedges, LLP
7       865 South Figueroa Street, 10th Floor
        Los Angeles, CA 90017-2543
8

9       Jason D. Russel, Esq.
        Skadden, Arps, Slate, Meagher & Flom LLP
        300 South Grand Avenue, Suite 3400
10      Los Angeles, CA 90071-3144

11     Mark E. Overland, Esq.
        Alexander H. Cote, Esq.
12     Overland Borenstein Scheper & Kim LLP
        601 W. 5th Street, 12th Floor
13     Los Angeles, CA 90017

14     Melinda Haag
        Annette L. Hurst
15     Warrington S. Parker
        Orrick, Herrington & Sutcliffe LLP
16     The Orrick Building
        405 Howard Street
17     San Francisco, CA 94105

18     William A. Molinski
        Orrick, Herrington & Sutcliffe LLP
19     777 South Figueroa Street, Suite 3200
        Los Angeles, CA 90017
20

21     Thomas S. McConville
        Orrick, Herrington & Sutcliffe LLP
        4 Park Plaza, Suite 1600
22     Irvine, CA 92614

23

24

25

26

27

28

1       I declare that I am employed in the office of a member of the bar of this

2   court at whose direction the service was made and that this declaration was

3   executed on **February 25, 2010**.

4

5   *Paul A. McConnell*

6                  Paul A. McConnell

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

A/73307193.1