QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  michaelzeller@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation,<br><br>           Plaintiff,<br><br>      vs.<br><br>MGA ENTERTAINMENT, INC., a California corporation, et al.,<br><br>           Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 DOC (RNBx)<br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>**DISCOVERY MATTER**<br><br>Hon. David O. Carter<br><br>**MATTEL, INC.'S MOTION TO COMPEL DOCUMENTS FROM INTERNATIONAL CORPORATE ADVISORS AND MARIA BASHAW; AND**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date: TBD<br>Time: TBD<br>Place: Courtroom 9D<br><br>**Phase 2**<br>Discovery Cut-off: TBD<br>Pre-trial Conference: TBD<br>Trial Date: TBD |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, on a date and at a time to be determined, before the Honorable David O. Carter, plaintiff Mattel, Inc. ("Mattel") will, and hereby does, move the Court, pursuant to Federal Rules of Civil Procedure 26, 34 and 37 to compel International Corporate Advisors ("ICA") and Maria Bashaw to produce non-privileged documents responsive to Mattel's subpoenas and produce a privilege log specifying any documents withheld on privilege or work product grounds.

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the records and files of this Court, and all other matters of which the Court may take judicial notice.

### Rule 37-1 Certification

On February 23, 2010 and times thereafter, Mattel attempted to resolve the matters herein with ICA and Ms. Bashaw, but no agreement was reached.

DATED:  February 27, 2010         QUINN EMANUEL URQUHART OLIVER & HEDGES. LLP

By  /s/ Michael T. Zeller
    Michael T. Zeller
    Attorneys for Mattel. Inc.

## MEMORANDUM OF POINTS AND AUTHORITIES

Mattel requests that the Court compel International Corporate Advisors, LLC ("ICA") and Maria Bashaw, who are agents of Lexington Financial Limited and are located in this District, to produce documents.

The Omni Parties represented, without contradiction by MGA, that none of the funding for Omni's purchase of the Wachovia debt came from Isaac Larian.[1] Discovery from Wachovia and other third parties, later obtained by Mattel over MGA's and Omni's vehement objection, revealed that Larian had financed at least $60 million of the approximately $109 million purchase price. Additional evidence obtained since then shows that Larian also promised to "return" or "pay back" the money of other Omni members (and may have done so).[2] Indeed, the most recent evidence reveals that Larian had been contemplating acquiring the debt through "friends" months before Omni even existed.[3]

Mattel has been attempting to learn the source of the remaining funds for the debt purchase. Leon Neman -- an Omni member who is Isaac Larian's brother-in-law and a former MGA director -- testified under oath at deposition that he obtained $10 million in funding for the Omni debt acquisition not from Larian, but from Lexington and its alleged principal "Mr. Samhoui."[4] Lexington is an entity incorporated in Nevis, an off-shore jurisdiction known for its secrecy laws, with a London mail-drop

---

[1] February 11, 2009 Hearing Tr. at 71:16 to 72:5, Declaration of B. Dylan Proctor, Exh. 8, dated September 28, 2009 (Dkt. No. 6906); March 4, 2009 Hearing Tr. at 51:3-8, Proctor Decl., Exh. 9, dated September 28, 2009 (Dkt. No. 6906).

[2] E.g., email exchanges between Isaac Larian and Joseph Moinian, dated Nov. 24, 2008 (Larian stating to Omni member "I am set to return your money by end December as previously advised"); email from Isaac Larian, dated Nov. 12, 2008 (Larian stating that "[w]e need to pay back" Omni member Arsalan Gozini).

[3] Email from Isaac Larian, dated Dec. 28, 2007 ("[m]ay be we should look at this and buy the [Wachovia] loans at a discounts [sic] through some friends?").

[4] Neman Dep. Tr., dated August 14, 2009, at 114:2-6, 123:7-15.

address. At deposition, Larian denied involvement with this $10 million in funding and asserted that Mattel was the one that had made up "Mr. Samhoui."[5]

To date, and despite multiple requests, Mattel has not received a single page of documents from the MGA Parties or the Omni Parties showing the source of this $10 million. Nor has Mattel received from them a single document referencing Mr. Samhoui or reflecting that Lexington provided the funds to Neman or his company, Vision Capital. For its part, Lexington failed to appear, without justification, for its properly noticed Rule 30(b)(6) deposition in this case.[6]

In its continuing efforts to uncover the facts, Mattel filed a proceeding in the High Court of Justice in London to obtain discovery from OfficeFront, the U.K. company that was serving as Lexington's mail-drop. As OfficeFront's documents show, Lexington's trail leads back to Southern California. More specifically, Irvine-based ICA[7] set up and maintained the OfficeFront account for Lexington's London mail-drop. All three of ICA's principals, including Maria Bashaw, are located in this District, as is ICA itself.[8] This contradicts earlier representations by the Bingham firm -- which has appeared as Lexington's counsel in this case and which is being paid by MGA -- that Lexington lacked contacts with California.[9] Mattel accordingly served document subpoenas on ICA and Ms. Bashaw, but both responded with blanket

---

[5] Larian Dep., dated December 10, 2009, at 608:7-8.
[6] 30(b)(6) Dep. Tr. of Lexington, dated Dec. 12, 2009 (non-appearance).
[7] See www.intlca.com/california_of.htm (last visited on Feb. 26, 2010).
[8] See www.intlca.com/exe_team.html (last visited on Feb. 26, 2010). Ms. Bashaw also contacted Mattel's counsel regarding the Rule 30(b)(6) notice for Lexington, claiming that she did not represent Lexington as counsel but instead had a "business relationship" with Lexington's agent for service of process in Nevis.
[9] E.g., Docket No. 4972, at 3: 9-10, 18:15-16 (March 9, 2009 filing by Bingham on behalf of Lexington that represented Lexington "does not transact business in California" and its nearest agent was "more than 5,000 miles" from this District).

objections and refusals to produce documents.[10]  To date, neither has produced any documents.

Mattel's subpoenas request relevant documents.  They seek information about Lexington, including its formation, the identities of its principals and its operations in California; about its relationships, transactions and communications with the MGA Parties, the Omni Parties and their affiliates; about the source of the funding of the debt acquisition; about Samhoui; and about the destruction of any relevant documents. These requests are reasonably calculated to lead to the discovery of admissible evidence regarding who is behind Lexington and the MGA Parties' relationship to this alleged funding source.  They also may establish -- as increasingly appears likely -- that Mr. Samhoui is an affirmative fabrication.  Such matters are directly pertinent to Mattel's RICO claims, MGA's claims about its net worth and the credibility of witnesses, among other issues.

Mattel therefore respectfully requests that the Court compel ICA and Ms. Bashaw to produce all non-privileged documents responsive to the subpoenas, along with a log identifying any documents withheld on privilege or work product grounds.

---

[10] ICA and Ms. Bashaw previously filed their objections, which also reproduce the Mattel document requests in the subpoenas, at Docket Nos. 7479 and 7480. Mattel's requests track in many respects the requests that Mattel, at the Court's direction, provided to the Omni Parties and were previously shared with the Court. Mattel's efforts to resolve the matter here were unavailing.  Ms. Bashaw, who is both a principal of ICA and now also acting as ICA's counsel, claimed not to have "sufficient information to respond" to Mattel's request that ICA produce documents. See M. Bashaw email to M. Zeller, dated Feb. 24, 2010.  She also asserted, with respect to the subpoena to her, that she had no documents other than the subpoena. But that does not square with her objections -- which did not claim a lack of responsive documents, but instead refused to produce.  Although Mattel proposed, to avoid this motion, that she amend her written responses to confirm that she had no documents (see emails from M. Zeller to M. Bashaw, dated Feb. 25-26, 2010), she did not substantively respond.  Nor does it appear plausible that Ms. Bashaw has no documents.  At a minimum, *someone* had to contact her to authorize her to act on Lexington's behalf.  Mattel is entitled to an Order compelling documents to ensure that it is getting complete information about who is behind Lexington.

| | | |
|---|---|---|
| 1 | DATED: February 27, 2010 | QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP |
| 2 | | |
| 3 | | |
| 4 | | By /s/ Michael T. Zeller<br>Michael T. Zeller<br>Attorneys for Mattel, Inc. |