MELINDA HAAG (State Bar No. 132612)
mhaag@orrick.com
ANNETTE L. HURST (State Bar No. 148738)
ahurst@orrick.com
WARRINGTON S. PARKER III (State Bar No. 148003)
wparker@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building, 405 Howard Street
San Francisco, CA 94105
Tel: (415) 773-5700/Fax: (415) 773-5759

WILLIAM A. MOLINSKI (State Bar No. 145186)
wmolinski@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA 90017
Tel. (213) 629-2020/Fax: (213) 612-2499

THOMAS S. MCCONVILLE (State Bar No. 155905)
tmcconville@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
4 Park Plaza, Suite 1600
Irvine, CA 92614-2258
Tel: (949) 567-6700/Fax: (949) 567-6710

Attorneys for MGA Parties

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | Case No. CV 04-9049 DOC (RNBx)<br><br>Consolidated with:<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>**DECLARATION OF WARRINGTON S. PARKER III IN SUPPORT OF THE MGA PARTIES' RESPONSE TO ORDER DATED FEBRUARY 24, 2010 (DKT. NO. 7562) AND OBJECTION TO MATTEL'S NOTICE OF LODGING OF AMENDED REQUESTS FOR ADMISSION (DKT. NO. 7577)** |

I, Warrington S. Parker III, declare:

1. I am a member of the bar of the State of California, admitted to practice before this Court, and am counsel with the law firm of Orrick, Herrington & Sutcliffe LLP ("Orrick"), counsel for the MGA Parties. I make this declaration based on personal knowledge and if called and sworn as a witness, I could and would testify competently as follows.

2. In response to this Court's Order of February 24, 2010, Annette Hurst and I separately met and conferred with Mattel regarding the RFAs that are the subject of this Court's February 24, 2010 Order.

3. On February 24, 2010, Annette Hurst proposed that the RFAs make explicit reference to the fact that they were excluding any communications with attorneys.

4. On February 25, 2010, and to follow up on the meet and confer process, I spoke to Dylan Proctor, an attorney for Mattel, and noted that the RFAs were not limited to obtaining information known or possess by MGA and/or Mr. Larian, but rather implicated the attorney-client privilege. In addition to Ms. Hurst's proposal, I added that the word "MGA" should be defined so that it not include attorneys. I noted that the RFAs served on Mr. Larian did not, when it used the term "YOU" to reference Mr. Larian, define Mr. Larian to include attorneys.

5. In response, on February 26, 2010, Mattel provided me proposed amended requests for admission. Attached as Exhibit 1 is a true and correct copy of Mattel's Amended Requests for Admission to Isaac Larian. Attached as Exhibit 2 is a true and correct copy of Mattel's Amended Requests for Admission to MGA Entertainment.

6. Attached as Exhibit 3 is a true and correct copy of the e-mail from Mattel that accompanied Exhibits 1 and 2 as well as my response.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 28th day of February, 2010, at San Francisco, California.

*/s/ Warrington S. Parker III*
Warrington S. Parker III

- 2 -

DECL. OF WARRINGTON PARKER ISO RESPONSE TO 2/24/10
ORDER AND OBJ NOT. OF LODGING
CV-04-9049 DOC (RNBX)