# EXHIBIT 1

1 | QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
2 | John B. Quinn (Bar No. 090378)
  | (johnquinn@quinnemanuel.com)
3 | Michael T. Zeller (Bar No. 196417)
  | (michaelzeller@quinnemanuel.com)
4 | Jon D. Corey (Bar No. 185066)
  | (joncorey@quinnemanuel.com)
5 | 865 South Figueroa Street, 10th Floor
  | Los Angeles, California 90017-2543
6 | Telephone: (213) 443-3000
  | Facsimile: (213) 443-3100

7 | Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

CARTER BRYANT, an individual,

    Plaintiff,

    vs.

MATTEL, INC., a Delaware corporation,

    Defendant.

AND CONSOLIDATED ACTIONS

CASE NO. CV 04-09049 SGL (RNBx)

Consolidated with Case Nos. CV 04-9059 and CV 05-2727

MATTEL, INC.'S AMENDED REQUESTS FOR ADMISSION TO ISAAC LARIAN

Exhibit 1 Page 2

00505.07975/3341572.2

MATTEL'S AMENDED REQUESTS FOR ADMISSION TO LARIAN

Pursuant to the Court's Order dated February 24, 2010, plaintiff Mattel, Inc. ("Mattel") hereby submits the following requests for admission to Isaac Larian.

### Definitions

1. "MGA" means MGA Entertainment, Inc. and any PERSON acting directly or indirectly by, through, under or on behalf of MGA Entertainment, Inc., including but not limited to current or former directors, officers, employees, and agents, but not including MGA's outside counsel in this matter.

2. "YOU," "YOUR," and "LARIAN" means Isaac Larian.

3. "PERSON" or "PERSONS" means all natural persons, partnerships, corporations, joint ventures and any kind of business, legal or public entity or organization, as well as its, his or her agents, representatives, employees, officers and directors and any one else acting on its, his or her behalf, pursuant to its, his or her authority or subject to its, his or her control.

4. "Any" as used in these Requests includes the word "all," and the word "all" as used in these Requests includes the word "any."

5. "MGA'S REVISED JANUARY 23, 2008 PRIVILEGE LOG" means the privilege log produced by MGA on January 23, 2008 and which was subsequently revised on February 5, 2008 and April 9, 2009.

6. The singular form of a noun or pronoun includes within its meaning the plural form of the noun or pronoun so used, and vice versa; the use of the masculine form of a pronoun also includes within its meaning the feminine form of the pronoun so used, and vice versa; the use of any tense of any verb includes also within its meaning all other tenses of the verb so used, whenever such construction results in a broader request for information; and "and" includes "or" and vice versa, whenever such construction results in a broader disclosure of documents or information.

Exhibit 1 Page 4

### Requests for Admission to Isaac Larian

REQUEST FOR ADMISSION NO. 1:

Admit that YOU knew the document attached hereto as Exhibit 1 was not produced to Mattel prior to the commencement of the Phase 1 trial in this matter.

REQUEST FOR ADMISSION NO. 2:

Admit that YOUR counsel in this litigation knew the document attached hereto as Exhibit 1 was not produced to Mattel prior to the commencement of the Phase 1 trial in this matter.

REQUEST FOR ADMISSION NO. 3:

Admit that YOU knew, at the time of the commencement of the Phase 1 trial in this matter, that the document attached hereto as Exhibit 1 was relevant to issues to be tried by the jury in the Phase 1 trial.

REQUEST FOR ADMISSION NO. 4:

Admit that YOUR counsel in this litigation knew, at the time of the commencement of the Phase 1 trial in this matter, that the document attached hereto as Exhibit 1 was relevant to issues to be tried by the jury in the Phase 1 trial.

REQUEST FOR ADMISSION NO. 5:

Admit that the document attached hereto as Exhibit 1 was withheld by YOU from production in this litigation to Mattel on attorney-client privilege grounds until August 21, 2009.

Exhibit 1 Page 5

-3-
MATTEL'S AMENDED REQUESTS FOR ADMISSION TO LARIAN

1  REQUEST FOR ADMISSION NO. 6:
2          Admit that the document attached hereto as Exhibit 1 was withheld by
3  YOU from production in this litigation to Mattel on work product grounds until August
4  21, 2009.
5
6  REQUEST FOR ADMISSION NO. 7:
7          Admit that the document attached hereto as Exhibit 1 is protected by
8  attorney-client privilege.
9
10 REQUEST FOR ADMISSION NO. 8:
11         Admit that the document attached hereto as Exhibit 1 is protected by the
12 work product doctrine.
13
14 REQUEST FOR ADMISSION NO. 9:
15         Admit that the document attached hereto as Exhibit 1 is not protected by
16 attorney-client privilege.
17
18 REQUEST FOR ADMISSION NO. 10:
19         Admit that the document attached hereto as Exhibit 1 is not protected by
20 the work product doctrine.
21
22 REQUEST FOR ADMISSION NO. 11:
23         Admit that the document attached hereto as Exhibit 1 never was protected
24 by attorney-client privilege.
25
26 REQUEST FOR ADMISSION NO. 12:
27         Admit that the document attached hereto as Exhibit 1 never was protected
28 by the work product doctrine.

Exhibit 1  Page 6

1 | REQUEST FOR ADMISSION NO. 13:
2 |       Admit that YOU knew the document attached hereto as Exhibit 1 never
3 | was protected by attorney-client privilege.
4 |
5 | REQUEST FOR ADMISSION NO. 14:
6 |       Admit that YOU knew the document attached hereto as Exhibit 1 never
7 | was protected by the work product doctrine.
8 |
9 | REQUEST FOR ADMISSION NO. 15:
10 |       Admit that there was no basis for withholding from production in this
11 | litigation the document attached hereto as Exhibit 1 on grounds of attorney-client
12 | privilege.
13 |
14 | REQUEST FOR ADMISSION NO. 16:
15 |       Admit that there was no basis for withholding from production in this
16 | litigation the document attached hereto as Exhibit 1 on grounds of the work product
17 | doctrine.
18 |
19 | REQUEST FOR ADMISSION NO. 17:
20 |       Admit that YOU and/or YOUR counsel withheld from production in this
21 | litigation until August 21, 2009 the portion of the document attached hereto as Exhibit
22 | 1 containing the email exchange between YOU and Victoria O'Connor because it
23 | reflects legal advice.
24 |
25 | REQUEST FOR ADMISSION NO. 18:
26 |       Admit that YOU and/or YOUR counsel did not withhold from production
27 | in this litigation until August 21, 2009 the portion of the document attached hereto as
28 |

Exhibit 1 Page 7

1  Exhibit 1 containing the email exchange between YOU and Victoria O'Connor because
2  it reflects legal advice.
3
4  REQUEST FOR ADMISSION NO. 19:
5        Admit that YOU and/or YOUR counsel in this litigation voluntarily
6  produced, without any Court Order, the portion of the document attached hereto as
7  Exhibit 1 containing the email exchange between YOU and Victoria O'Connor.
8
9  REQUEST FOR ADMISSION NO. 20:
10        Admit that YOU and/or YOUR counsel in this litigation did not
11  voluntarily produce, without a Court Order, the portion of the document attached hereto
12  as Exhibit 1 containing the email exchange between YOU and Victoria O'Connor.
13
14  REQUEST FOR ADMISSION NO. 21:
15        Admit that the portion of the document attached hereto as Exhibit 1
16  containing the email exchange between YOU and Victoria O'Connor reflects legal
17  advice.
18
19  REQUEST FOR ADMISSION NO. 22:
20        Admit that the portion of the document attached hereto as Exhibit 1
21  containing the email exchange between YOU and Victoria O'Connor does not reflect
22  legal advice.
23
24  REQUEST FOR ADMISSION NO. 23:
25        Admit that the portion of the document attached hereto as Exhibit 1
26  containing the email exchange between YOU and Victoria O'Connor never reflected
27  legal advice.
28

Exhibit 1  Page 8

REQUEST FOR ADMISSION NO. 24:

Excluding conversations with YOUR lawyers, admit that YOU stated, prior to August 21, 2009, that the portion of the document attached hereto as Exhibit 1 containing the email exchange between YOU and Victoria O'Connor reflects legal advice.

REQUEST FOR ADMISSION NO. 25:

Excluding conversations with YOUR lawyers, admit that YOU did not state, prior to August 21, 2009, that the portion of the document attached hereto as Exhibit 1 containing the email exchange between YOU and Victoria O'Connor reflects legal advice.

REQUEST FOR ADMISSION NO. 26:

Admit that YOU and/or YOUR counsel in this litigation stated, in a document provided to Mattel in this litigation prior to August 21, 2009, that the portion of the document attached hereto as Exhibit 1 containing the email exchange between YOU and Victoria O'Connor reflects legal advice.

REQUEST FOR ADMISSION NO. 27:

Admit that YOU and/or YOUR counsel in this litigation did not state, in a document provided to Mattel in this litigation prior to August 21, 2009, that the portion of the document attached hereto as Exhibit 1 containing the email exchange between YOU and Victoria O'Connor reflects legal advice.

REQUEST FOR ADMISSION NO. 28:

Admit that YOU believed or knew, prior to May 27, 2008, that the portion of the document attached hereto as Exhibit 1 containing the email exchange between YOU and Victoria O'Connor reflects legal advice.

Exhibit 1 Page 9

1 | REQUEST FOR ADMISSION NO. 29:

2 | Admit that YOU believed or knew, prior to May 27, 2008, that the portion of the document attached hereto as Exhibit 1 containing the email exchange between YOU and Victoria O'Connor did not reflect legal advice.

REQUEST FOR ADMISSION NO. 30:

Admit that YOU have never believed or known that the portion of the document attached hereto as Exhibit 1 containing the email exchange between YOU and Victoria O'Connor reflects legal advice.

REQUEST FOR ADMISSION NO. 31:

Admit that the document corresponding to Entry No. 557 on MGA'S REVISED JANUARY 23, 2008 PRIVILEGE LOG has been withheld by YOU from production in this litigation to Mattel on attorney-client privilege grounds.

REQUEST FOR ADMISSION NO. 32:

Admit that the document corresponding to Entry No. 557 on MGA'S REVISED JANUARY 23, 2008 PRIVILEGE LOG has been withheld by YOU from production in this litigation to Mattel on work product grounds.

REQUEST FOR ADMISSION NO. 33:

Admit that the document corresponding to Entry No. 557 on MGA'S REVISED JANUARY 23, 2008 PRIVILEGE LOG is protected by attorney-client privilege.

Exhibit 1 Page 10

00505.07975/3341572.2

-8-
MATTEL'S AMENDED REQUESTS FOR ADMISSION TO LARIAN

1  REQUEST FOR ADMISSION NO. 34:

2  Admit that the document corresponding to Entry No. 557 on MGA'S
3  REVISED JANUARY 23, 2008 PRIVILEGE LOG is protected by the work product
4  doctrine.

5

6  REQUEST FOR ADMISSION NO. 35:

7  Admit that the document corresponding to Entry No. 557 on MGA'S
8  REVISED JANUARY 23, 2008 PRIVILEGE LOG is not protected by attorney-client
9  privilege.

10

11  REQUEST FOR ADMISSION NO. 36:

12  Admit that the document corresponding to Entry No. 557 on MGA'S
13  REVISED JANUARY 23, 2008 PRIVILEGE LOG is not protected by the work
14  product doctrine.

15

16  REQUEST FOR ADMISSION NO. 37:

17  Admit that the document corresponding to Entry No. 557 on MGA'S
18  REVISED JANUARY 23, 2008 PRIVILEGE LOG never was protected by attorney-
19  client privilege.

20

21  REQUEST FOR ADMISSION NO. 38:

22  Admit that the document corresponding to Entry No. 557 on MGA'S
23  REVISED JANUARY 23, 2008 PRIVILEGE LOG never was protected by the work
24  product doctrine.

25

26  REQUEST FOR ADMISSION NO. 39:

27  Admit that MGA has produced all other versions of the exchange reflected
28  in the document attached hereto as Exhibit 1.

Exhibit 1   Page 11

REQUEST FOR ADMISSION NO. 40:

Admit that MGA has not produced to Mattel all other versions of the exchange reflected in the document attached hereto as Exhibit 1.

REQUEST FOR ADMISSION NO. 41:

Admit that there are additional communications to or from YOU that are part of the email chain attached hereto as Exhibit 1.

REQUEST FOR ADMISSION NO. 42:

Admit that there are no additional communications to or from YOU that are part of the email chain attached hereto as Exhibit 1.

DATED: February 26, 2010         QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By_____
Michael T. Zeller
Attorneys for Mattel, Inc.

Exhibit 1 Page 12

00505.07975/3341572.2

-10-
MATTEL'S AMENDED REQUESTS FOR ADMISSION TO LARIAN