# EXHIBIT 2

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  (johnquinn@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant. | CASE NO. CV 04-09049 SGL (RNBx)<br><br>Consolidated with Case Nos. CV 04-9059 and CV 05-2727<br><br>MATTEL, INC.'S AMENDED REQUESTS FOR ADMISSION TO MGA ENTERTAINMENT, INC. |
| AND CONSOLIDATED ACTIONS | |

Exhibit 2 Page 13

00505.07975/3343853.1

MATTEL'S AMENDED REQUESTS FOR ADMISSION TO MGA

Pursuant to the Court's Order dated February 24, 2010, plaintiff Mattel, Inc. ("Mattel") hereby submits the following requests for admission to MGA Entertainment, Inc.

## Definitions

1. "MGA" means MGA Entertainment, Inc. and any PERSON acting directly or indirectly by, through, under or on behalf of MGA Entertainment, Inc., including but not limited to current or former directors, officers, employees, and agents, but not including MGA's outside counsel in this matter.

2. "LARIAN" means Isaac Larian.

3. "PERSON" or "PERSONS" means all natural persons, partnerships, corporations, joint ventures and any kind of business, legal or public entity or organization, as well as its, his or her agents, representatives, employees, officers and directors and any one else acting on its, his or her behalf, pursuant to its, his or her authority or subject to its, his or her control.

4. "Any" as used in these Requests includes the word "all," and the word "all" as used in these Requests includes the word "any."

5. "MGA'S REVISED JANUARY 23, 2008 PRIVILEGE LOG" means the privilege log produced by MGA on January 23, 2008 and which was subsequently revised on February 5, 2008 and April 9, 2009.

6. The singular form of a noun or pronoun includes within its meaning the plural form of the noun or pronoun so used, and vice versa; the use of the masculine form of a pronoun also includes within its meaning the feminine form of the pronoun so used, and vice versa; the use of any tense of any verb includes also within its meaning all other tenses of the verb so used, whenever such construction results in a broader request for information; and "and" includes "or" and vice versa, whenever such construction results in a broader disclosure of documents or information.

Exhibit 2 Page 14

## Requests for Admission to MGA

REQUEST FOR ADMISSION NO. 1:

Admit that MGA did not produce to Mattel the document attached hereto as Exhibit 1 prior to May 27, 2008.

REQUEST FOR ADMISSION NO. 2:

Admit that MGA's counsel in this litigation did not produce to Mattel the document attached hereto as Exhibit 1 prior to May 27, 2008.

REQUEST FOR ADMISSION NO. 3:

Admit that MGA knew the document attached hereto as Exhibit 1 was not produced to Mattel prior to the commencement of the Phase 1 trial in this matter.

REQUEST FOR ADMISSION NO. 4:

Admit that MGA's counsel in this litigation knew the document attached hereto as Exhibit 1 was not produced to Mattel prior to the commencement of the Phase 1 trial in this matter.

REQUEST FOR ADMISSION NO. 5:

Admit that MGA knew, at the time of the commencement of the Phase 1 trial in this matter, that the document attached hereto as Exhibit 1 was relevant to issues to be tried by the jury in the Phase 1 trial.



Exhibit 2 Page 15

1 REQUEST FOR ADMISSION NO. 6:

2    Admit that MGA's counsel in this litigation knew, at the time of the
3 commencement of the Phase 1 trial in this matter, that the document attached hereto as
4 Exhibit 1 was relevant to issues to be tried by the jury in the Phase 1 trial.

5

6 REQUEST FOR ADMISSION NO. 7:

7    Admit that the document attached hereto as Exhibit 1 was withheld by
8 MGA and/or its counsel from production in this litigation to Mattel on attorney-client
9 privilege grounds until August 21, 2009.

10

11 REQUEST FOR ADMISSION NO. 8:

12    Admit that the document attached hereto as Exhibit 1 was withheld by
13 MGA and/or its counsel from production in this litigation to Mattel on work product
14 grounds until August 21, 2009.

15

16 REQUEST FOR ADMISSION NO. 9:

17    Admit that the document attached hereto as Exhibit 1 is protected by
18 attorney-client privilege.

19

20 REQUEST FOR ADMISSION NO. 10:

21    Admit that the document attached hereto as Exhibit 1 is protected by the
22 work product doctrine.

23

24 REQUEST FOR ADMISSION NO. 11:

25    Admit that the document attached hereto as Exhibit 1 is not protected by
26 attorney-client privilege.

27

28                                                              Exhibit 2 Page 16

Exhibit 2 Page 17

REQUEST FOR ADMISSION NO. 12:

Admit that the document attached hereto as Exhibit 1 is not protected by work product doctrine.

REQUEST FOR ADMISSION NO. 23:

Admit that the document attached hereto as Exhibit 1 never was protected by attorney-client privilege.

REQUEST FOR ADMISSION NO. 14:

Admit that the document attached hereto as Exhibit 1 never was protected by work product doctrine.

REQUEST FOR ADMISSION NO. 15:

Admit that MGA knew the document attached hereto as Exhibit 1 never was protected by attorney-client privilege.

REQUEST FOR ADMISSION NO. 16:

Admit that MGA's counsel in this litigation knew the document attached hereto as Exhibit 1 never was protected by attorney-client privilege.

REQUEST FOR ADMISSION NO. 17:

Admit that MGA knew the document attached hereto as Exhibit 1 never was protected by the work product doctrine.

REQUEST FOR ADMISSION NO. 18:

Admit that MGA's counsel in this litigation knew the document attached hereto as Exhibit 1 never was protected by the work product doctrine.

1 REQUEST FOR ADMISSION NO. 19:

2       Admit that there was no basis for withholding from production in this
3 litigation the document attached hereto as Exhibit 1 on grounds of attorney-client
4 privilege.

5

6 REQUEST FOR ADMISSION NO. 20:

7       Admit that there was no basis for withholding from production in this
8 litigation the document attached hereto as Exhibit 1 on grounds of the work product
9 doctrine.

10

11 REQUEST FOR ADMISSION NO. 21:

12       Admit that MGA and/or its counsel in this litigation withheld from
13 production until August 21, 2009 the portion of the document attached hereto as
14 Exhibit 1 containing the email exchange between Isaac Larian and Victoria O'Connor
15 because it reflects legal advice.

16

17 REQUEST FOR ADMISSION NO. 22:

18       Admit that MGA and/or its counsel in this litigation did not withhold from
19 production until August 21, 2009 the portion of the document attached hereto as
20 Exhibit 1 containing the email exchange between Isaac Larian and Victoria O'Connor
21 because it reflects legal advice.

22

23 REQUEST FOR ADMISSION NO. 23:

24       Admit that MGA and/or its counsel in this litigation voluntarily produced,
25 without any Court Order, the portion of the document attached hereto as Exhibit 1
26 containing the email exchange between Isaac Larian and Victoria O'Connor.

27

28                                                        Exhibit 2 Page 16

1  REQUEST FOR ADMISSION NO. 24:

2  Admit that MGA and/or its counsel in this litigation did not voluntarily
3  produce, without a Court Order, the portion of the document attached hereto as Exhibit
4  1 containing the email exchange between Isaac Larian and Victoria O'Connor.

5

6  REQUEST FOR ADMISSION NO. 25:

7  Admit that the portion of the document attached hereto as Exhibit 1
8  containing the email exchange between Isaac Larian and Victoria O'Connor reflects
9  legal advice.

10

11  REQUEST FOR ADMISSION NO. 26:

12  Admit that the portion of the document attached hereto as Exhibit 1
13  containing the email exchange between Isaac Larian and Victoria O'Connor does not
14  reflect legal advice.

15

16  REQUEST FOR ADMISSION NO. 27:

17  Excluding conversations with MGA's lawyers, admit that MGA stated,
18  prior to August 21, 2009, that the portion of the document attached hereto as Exhibit 1
19  containing the email exchange between Isaac Larian and Victoria O'Connor reflects
20  legal advice.

21

22  REQUEST FOR ADMISSION NO. 28:

23  Excluding conversations with MGA's lawyers, admit that MGA did not
24  state, prior to August 21, 2009, that the portion of the document attached hereto as
25  Exhibit 1 containing the email exchange between Isaac Larian and Victoria O'Connor
26  reflects legal advice.

27

28

Exhibit 2 Page 19

1  REQUEST FOR ADMISSION NO. 29:

2           Excluding conversations with MGA, admit that MGA's counsel in this
3  litigation stated, prior to August 21, 2009, that the portion of the document attached
4  hereto as Exhibit 1 containing the email exchange between Isaac Larian and Victoria
5  O'Connor reflects legal advice.

6

7  REQUEST FOR ADMISSION NO. 30:

8           Excluding conversations with MGA, admit that MGA's counsel in this
9  litigation did not state, prior to August 21, 2009, that the portion of the document
10 attached hereto as Exhibit 1 containing the email exchange between Isaac Larian and
11 Victoria O'Connor reflects legal advice.

12

13 REQUEST FOR ADMISSION NO. 31:

14          Admit that MGA and/or its counsel in this litigation stated, in a document
15 provided to Mattel in this litigation prior to August 21, 2009, that the portion of the
16 document attached hereto as Exhibit 1 containing the email exchange between Isaac
17 Larian and Victoria O'Connor reflects legal advice.

18

19 REQUEST FOR ADMISSION NO. 32:

20          Admit that MGA and/or its counsel in this litigation did not state, in a
21 document provided to Mattel in this litigation prior to August 21, 2009, that the portion
22 of the document attached hereto as Exhibit 1 containing the email exchange between
23 Isaac Larian and Victoria O'Connor reflects legal advice.

24

25 REQUEST FOR ADMISSION NO. 33:

26          Admit that MGA believed or knew, prior to May 27, 2008, that the portion
27 of the document attached hereto as Exhibit 1 containing the email exchange between
28 Isaac Larian and Victoria O'Connor reflects legal advice.

Exhibit ___ Page ___

1 REQUEST FOR ADMISSION NO. 34:

2    Admit that MGA's counsel in this litigation believed or knew, prior to
3 May 27, 2008, that the portion of the document attached hereto as Exhibit 1 containing
4 the email exchange between Isaac Larian and Victoria O'Connor reflects legal advice.

5

6 REQUEST FOR ADMISSION NO. 35:

7    Admit that MGA believed or knew, prior to May 27, 2008, that the portion
8 of the document attached hereto as Exhibit 1 containing the email exchange between
9 Isaac Larian and Victoria O'Connor did not reflect legal advice.

10

11 REQUEST FOR ADMISSION NO. 36:

12    Admit that MGA's counsel in this litigation believed or knew, prior to
13 May 27, 2008, that the portion of the document attached hereto as Exhibit 1 containing
14 the email exchange between Isaac Larian and Victoria O'Connor did not reflect legal
15 advice.

16

17 REQUEST FOR ADMISSION NO. 37:

18    Admit that MGA has never believed or known that the portion of the
19 document attached hereto as Exhibit 1 containing the email exchange between Isaac
20 Larian and Victoria O'Connor reflects legal advice.

21

22 REQUEST FOR ADMISSION NO. 38:

23    Admit that MGA's counsel in this litigation have never believed or known
24 that the portion of the document attached hereto as Exhibit 1 containing the email
25 exchange between Isaac Larian and Victoria O'Connor reflects legal advice.

26

27

28



Exhibit __ Page __

00505.07975/3343853.1

**REQUEST FOR ADMISSION NO. 39:**

Admit that the document corresponding to Entry No. 557 on MGA'S REVISED JANUARY 23, 2008 PRIVILEGE LOG has been withheld by MGA from production in this litigation to Mattel on attorney-client privilege grounds.

**REQUEST FOR ADMISSION NO. 40:**

Admit that the document corresponding to Entry No. 557 on MGA'S REVISED JANUARY 23, 2008 PRIVILEGE LOG has been withheld by MGA from production in this litigation to Mattel on work product grounds.

**REQUEST FOR ADMISSION NO. 41:**

Admit that the document corresponding to Entry No. 557 on MGA'S REVISED JANUARY 23, 2008 PRIVILEGE LOG is protected by attorney-client privilege.

**REQUEST FOR ADMISSION NO. 42:**

Admit that the document corresponding to Entry No. 557 on MGA'S REVISED JANUARY 23, 2008 PRIVILEGE LOG is protected by the work product doctrine.

**REQUEST FOR ADMISSION NO. 43:**

Admit that the document corresponding to Entry No. 557 on MGA'S REVISED JANUARY 23, 2008 PRIVILEGE LOG is not protected by attorney-client privilege.

Exhibit 2 Page 22

REQUEST FOR ADMISSION NO. 44:

Admit that the document corresponding to Entry No. 557 on MGA'S REVISED JANUARY 23, 2008 PRIVILEGE LOG is not protected by the work product doctrine.

REQUEST FOR ADMISSION NO. 45:

Admit that the document corresponding to Entry No. 557 on MGA'S REVISED JANUARY 23, 2008 PRIVILEGE LOG never was protected by attorney-client privilege.

REQUEST FOR ADMISSION NO. 46:

Admit that the document corresponding to Entry No. 557 on MGA'S REVISED JANUARY 23, 2008 PRIVILEGE LOG never was protected by the work product doctrine.

REQUEST FOR ADMISSION NO. 47:

Admit that MGA has produced all other versions of the exchange reflected in the document attached hereto as Exhibit 1.

REQUEST FOR ADMISSION NO. 48:

Admit that MGA has not produced to Mattel all other versions of the exchange reflected in the document attached hereto as Exhibit 1.

REQUEST FOR ADMISSION NO. 49:

Admit that there are additional communications to or from Isaac Larian that are part of the email chain attached hereto as Exhibit 1.



Exhibit 2 Page 23

00505.07975/3343853.1

-11-
MATTEL'S AMENDED REQUESTS FOR ADMISSION TO MGA

1 | REQUEST FOR ADMISSION NO. 40:

2       Admit that there are no additional communications to or from Isaac

3 | Larian that are part of the email chain attached hereto as Exhibit 1.

4

5

6 | DATED: February 26, 2010      QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

7

8       By_____

9       Michael T. Zeller
      Attorneys for Mattel, Inc.

Exhibit 2 Page 24