# EXHIBIT 3

## Parker, Warrington

| | |
|---|---|
| **From:** | Parker, Warrington |
| **Sent:** | Friday, February 26, 2010 11:44 AM |
| **To:** | Dylan Proctor |
| **Cc:** | Michael T Zeller; Joseph Sarles; Scott Watson; Hurst, Annette |
| **Subject:** | RE: RFAs |

Dylan,

These are not acceptable to us.

First, while I note that you have defined MGA to exclude outside counsel, your RFAs have been rephrased to include outside counsel. And you have added new RFAs to the RFAs directed to Larian to also include outside counsel.

Second, you have, except in a few instances, not accepted the proposal that the RFAs make explicit that they exclude any communications with attorneys.

Third, as to those that I indicated we could respond to as phrased, with some exception, Mattel has added RFAs so that the reason we did not object is now obviated. For example, I noted that "YOU" for the RFAs directed to Mr. Larian did not include counsel. Mattel has now added RFAs that are expressly directed at counsel.

In short, these are not tailored to obtain a response to which we believe Mattel is entitled.

---

**From:** Dylan Proctor [mailto:dylanproctor@quinnemanuel.com]
**Sent:** Friday, February 26, 2010 11:17 AM
**To:** Parker, Warrington
**Cc:** Michael T Zeller; Joseph Sarles; Scott Watson
**Subject:** RFAs

Warrington, please see attached. We're submitting this further to our conversation yesterday to attempt to satisfy some of the stated concerns with the goal of at least narrowing what has to go to the Court. If we cannot reach a resolution, this is not necessarily the set that we would propose to the Court be ordered. Take a look, and then let's discuss when you are able. Best.

Exhibit 3 Page 25