1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
     John B. Quinn (Bar No. 090378)
2    (johnquinn@quinnemanuel.com)
     Michael T. Zeller (Bar No. 196417)
3    (michaelzeller@quinnemanuel.com)
     Jon D. Corey (Bar No. 185066)
4    (joncorey@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
5  Los Angeles, California  90017-2543
   Telephone:  (213) 443-3000
6  Facsimile:   (213) 443-3100

7  Attorneys for Mattel, Inc.

8                    UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10                        SOUTHERN DIVISION

11  MATTEL,    INC.,    a    Delaware         CASE NO. CV 04-9049 DOC (RNBx)
    corporation,                             Consolidated with
12                                           Case No. CV 04-09059
                  Plaintiff,                 Case No. CV 05-02727
13
          vs.                                Hon. David O. Carter
14
    MGA  ENTERTAINMENT, INC., a              **MATTEL, INC.'S RESPONSE TO
15  California corporation, et al.,          MGA's UNAUTHORIZED BRIEF
                                             REGARDING THE COURT'S
16                Defendant.                 FEBRUARY 24, 2010 ORDER**

17  ─────────────────────────────
    AND CONSOLIDATED ACTIONS               Date:   TBD
18                                          Time:   TBD
                                            Place:  Courtroom 9D
19
                                            **Phase 2**
20                                          Discovery Cut-off:   TBD
                                            Pre-trial Conference:   TBD
21                                          Trial Date:   TBD

22

23

24

25

26

27

28

00505.07975/3345996.1

## **Preliminary Statement**

MGA's submission in response to the Court's February 24, 2010 Order[1] is unauthorized.  Nothing in the Order permitted further argument by MGA, and its improper filing should be stricken for that reason alone.  It also should be stricken as an improper effort to relitigate further its objections to the Discovery Master's Order compelling the RFAs to be answered.

Moreover, much of MGA's brief is simply wrong.  Contrary to its assertions, MGA stated it would *not* answer half the RFAs during the meet and confer *even if its own proposed changes were adopted in full*.  MGA also refused, as to the RFAs it said it would answer if changes were made, to provide any information that related to the conduct of its lawyers – hardly the test for whether the privilege applies and a limitation that is improper under the law.  And, after initially stating it would respond to at least some RFAs, in the end MGA rejected Mattel's offer to discuss the matter further and refused to answer any of them.[2]

## **Argument**

The MGA Parties claim that they agreed to answer the RFAs if their proposed "modifications" were made.  (Brief at 3).  Their accompanying declaration fails to substantiate that assertion, however.  That is for good reason.  It is false.  In fact, *even with* their proposed changes, MGA and Larian stated during the meet and confer that they would ***not*** answer 30 separate RFAs – half of the RFAs at issue.[3]

---

[1]  Docket No. 7583.

[2]  MGA's discussion of specific RFAs is largely off point because, as Mattel had advised MGA, the RFAs Mattel submitted to MGA were for meet and confer purposes based on discussions with MGA for the sole purpose of attempting to reach a compromise -- and were rejected outright by MGA -- and therefore differ from the sets that Mattel has submitted to the Court.

[3]  Decl. of B. Dylan Proctor ("Proctor Decl."), filed concurrently, at ¶ 3.  The RFAs that MGA unequivocally stated it would *not* answer from the original sets were:  MGA Request Nos. 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 33, 34, 35, 36, 37, 38; and Larian Request Nos. 8, 9, 10, 11, 12, 13, 16, 17, 36, 37, 38, 39, 40, and 41.  Id.

1  As to another nine, MGA stated only that it was considering whether it would

2  answer the RFAs with undisclosed modifications or not.[4]

3      As to the rest of the RFAs, the MGA Parties stated during the meet and confer

4  that they would agree to provide supplemental responses – but would *not* agree to

5  actually admit or deny the RFAs[5] – *only* if Mattel completely excluded their counsel

6  from the picture, including by modifying the definition of "MGA" to exclude any

7  attorneys and making other changes to permit the MGA Parties to omit from the

8  responses any information coming from or even relating to conduct by any lawyers.[6]

9  The Court stated in its February 24, 2010 Order that certain of the RFAs previously

10  submitted by Mattel might "tread on the protections of the attorney-client privilege."

11  Mattel engaged in the ordered meet and confer – which it took very seriously –

12  mindful of that statement.   But the changes demanded by the MGA Parties had

13  *nothing* to do with privilege issues.   Not everything a lawyer says, let alone

14  everything a lawyer does, is privileged.   The MGA Parties' "modifications" were

15  designed to conceal information and enable false denials based on the exclusion of

16  counsel's information *and* conduct from the questions; they were not designed to

17  rectify whatever privilege issues specific RFAs originally served by Mattel might

18  have posed.[7]

19

20  [4]   Id.   The RFAs that MGA stated it was considering answering with

21  modifications were:  MGA Request Nos. 18, 19, 20, and Larian Request Nos. 18, 19, 20, 21, 22, 23.

22  [5]  Proctor Decl., ¶ 4.

23  [6]  Id.

  [7]  As Mattel has shown previously, the law is clear that parties must answer

24  RFAs informed by the knowledge of their counsel.  Christian v. Janed Enterprises,

25  Inc., 2009 WL 1796074, at *2 (M.D. Ga. June 23, 2009) (party required to answer requests for admission with knowledge in possession of the party and its counsel);

26  Treister v. PNC Bank, 2007 WL 521935, at *2-3 (S.D. Fla. Feb. 15, 2007) (similar);

27  see also August 21, 2007 Order at 7 (Dkt. No. 841) ("The fact that MGA may need to consult with counsel to respond to the requests does not make the responses

28  privileged.").  Further, MGA and Larian are bound by the acts of their lawyers; their

On the other hand, the changes Mattel has made to the RFAs *are* designed to address any privilege issues.  For example, Mattel added, in the Amended Larian RFAs submitted to the Court, RFA Nos. 17-19 seeking foundational admissions showing that the MGA Parties waived privilege, if there was any privilege to begin with, as to the statements conveyed in the Larian-O'Connor email by voluntarily producing the email to Mattel without a Court Order.  In light of that waiver (which hardly can be denied or disputed), Amended Larian RFA No. 20, seeking an admission whether the email "reflects legal advice," could not invade the privilege; even if the substantive legal advice conveyed in the email once were privileged, it is not anymore since the email was voluntarily produced.  The RFAs in the amended sets submitted to the Court are proper.[8]

---

lawyers' conduct can be, and is here, directly relevant.  <u>Link v. Wabash R. Co.</u>, 370 U.S. 626, 633-34 (1962) (a party cannot "avoid the consequences of the acts or omissions of this freely selected agent.  Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent.").

[8]  Mattel made several changes in the sets of RFAs that were sent to MGA for meet and confer purposes in an attempt to accommodate MGA's claimed concerns-- an attempt that MGA rejected.  In particular, since MGA had expressed concern about treating what MGA's lawyers were doing as being actions taken by MGA (a consequence of defining "MGA" to include counsel), Mattel *excluded* counsel from the definition of "MGA" in the RFAs proposed to MGA and then added separate RFAs seeking admissions about counsel's conduct (since that is non-privileged information that Mattel is entitled to).  <u>See</u> Parker Decl. (Dkt. No. 7584), Ex. 2 (Request Nos. 16, 18, 34, 36, 38).  Those changes, which were strictly designed as an attempted compromise based on discussions with MGA, were later flatly rejected by MGA, and Mattel then submitted Amended RFAs to the Court with revisions made to address the particular RFAs that might raise any privilege concerns in light of the Court's Order.  That is why the amended sets of RFAs provided to the Court are not the same as the sets provided to MGA for discussion purposes during the meet and confer (which, as noted, MGA rejected wholesale in any event).

1

## Conclusion

2          Mattel respectfully requests that MGA's unauthorized submission be stricken

3   and that the RFAs submitted to the Court be compelled in full.

4   DATED:  February 28, 2010        QUINN EMANUEL URQUHART OLIVER &
                                     HEDGES, LLP
5

6                                    By /s/ Michael T. Zeller
7                                       Michael T. Zeller
                                        Attorneys for Mattel, Inc.
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

00505.07975/3345996.1