QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  (johnquinn@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:  (213) 443-3000
Facsimile:   (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>MGA ENTERTAINMENT, INC., a California corporation, et al.,<br><br>　　　　　Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 DOC (RNBx)<br>Consolidated with<br>Case Nos. CV 04-09059 & CV 05-2727<br><br>Hon. David O. Carter<br><br>**DECLARATION OF B. DYLAN PROCTOR IN SUPPORT OF MATTEL, INC.'S RESPONSE TO MGA's UNAUTHORIZED BRIEF REGARDING THE COURT'S FEBRUARY 24, 2010 ORDER**<br><br>Hearing Date:　TBD<br>Time:　　　　　TBD<br>Place:　　　　　Courtroom 9D<br><br>**Phase 2:**<br>Discovery Cut-off:　　TBD<br>Pre-trial Conference:　TBD<br>Trial Date:　　　　　　TBD |

# DECLARATION OF B. DYLAN PROCTOR

I, B. Dylan Proctor, declare as follows:

1.  I am a member of the bar of the State of California and a partner at Quinn Emanuel Urquhart Oliver & Hedges, LLP, attorneys for plaintiff and counter-defendant, Mattel, Inc. ("Mattel"). I make this declaration of personal, firsthand knowledge, and if called and sworn as a witness, I could and would testify competently hereto.

2.  On February 25, 2010, I spoke with Warrington Parker, counsel for the MGA Parties, concerning the RFAs that are the subject of the Court's February 24, 2010 Order.

3.  During this discussion, Mr. Parker stated that MGA would not answer MGA Request Nos. 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 33, 34, 35, 36, 37, 38; and that Isaac Larian would not answer Larian Request Nos. 8, 9, 10, 11, 12, 13, 16, 17, 36, 37, 38, 39, 40, and 41. Mr. Parker stated that the MGA Parties were considering answering with unspecified modifications MGA Request Nos. 18, 19, 20, and Larian Request Nos. 18, 19, 20, 21, 22, 23.

4.  As to the rest of the RFAs, Mr. Parker stated that the MGA Parties would provide supplemental responses if certain changes were made. In particular, Mr. Parker requested that the definition of "MGA" be changed to specifically exclude counsel, and also requested other changes to effectively exclude any information possessed by counsel from the responses. Mr. Parker would not agree that the MGA Parties would admit or deny these requests even if the modifications were made. Instead, he stated that the MGA Parties might instead provide supplemental "explanations" for why the requests were not admitted or denied.

5.  Although a resolution of this matter appeared unlikely in light of these positions, in a further effort to reach a compromise I emailed Mr. Parker a draft set of amended RFAs for meet and confer purposes on February 26, 2010 (after he and I exchanged voicemails) and invited Mr. Parker to discuss the RFAs further. See

Parker Decl. Exh. C.  In response, Mr. Parker flatly rejected the amended requests as "unacceptable," ending the parties' meet and confer.  <u>Id.</u>

   I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

   Executed on February 28, 2010, at Los Angeles, California.

           <u>/s/ B. Dylan Proctor</u>
           B. Dylan Proctor

00505.07975/3346036.1

-2-

DECLARATION OF B. DYLAN PROCTOR