UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No. CV 04-9049 DOC (RNBx)                                              Date: February 27, 2010

Title: MATTEL, INC. v. MGA ENTERTAINMENT, INC.

---

DOCKET ENTRY
 [I hereby certify that this document was served by first class mail or Government messenger service, postage prepaid, to all counsel (or parties) at their respective most recent address of record in this action on this date.]
                                                                    Date:_____  Deputy Clerk: _____

---

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

   Kristee Hopkins                                    Not Present   
   Courtroom Clerk                                    Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:        ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT                                          NONE PRESENT

---

PROCEEDING (IN CHAMBERS): ORDER HOLDING IN ABEYANCE OBJECTIONS TO PORTIONS OF DISCOVERY MATTER AMENDED ORDER NO. 92

 Before the Court is Mattel, Inc. ("Mattel")'s Objections to Discovery Matter Amended Order No. 92 (the "Objections"). By its Opposition, Omni 808, LLC ("Omni") notifies the Court that Mattel did not comply with the requirements of Local Rules 7-3 and 37-1, which direct parties to "confer in good faith" prior to the filing of a motion or a discovery motion. The Court recognizes that the prevailing seventy-two hour time period that governs the appeals of Discovery Master rulings frustrates compliance with the Local Rules' meet and confer requirements. In addition, notwithstanding the manner in which Mattel styled its objections, the Court has not yet treated appeals of Discovery Master rulings as Motions, and has permitted the parties to proceed with submissions on an ad hoc basis, in order to work around the demanding discovery and deposition schedules. Thus, Mattel's procedural error does not warrant striking the objections with prejudice, as Omni requests.

 This does not mean that counsel should not meet and confer regularly in order to avoid needless expenditure of counsels' and the Court's resources. In this case, the Court is not surprised that

Mattel neglected to conduct a meet and confer with Omni prior to filing its objections – Mattel and the MGA Parties have long followed a rule of "file first, talk later," only to have the Court order serial meet and confers in order to facilitate the amicable resolution of discovery disputes.

Finally, Omni expresses some concern about the manner in which the Court has elected to proceed in terms of the consideration of this dispute. Mattel objects to the Discovery Master's privilege rulings with respect to twelve documents Omni submitted for *in camera* review. By its objections, Mattel requests that the Court conduct an *in camera* review of the documents the Discovery Master ruled were properly withheld, and then determine whether the Discovery Master's decision to uphold the privilege designation for those twelve documents was in error. The Court responded to Mattel's objections by ordering Omni to produce the twelve documents at issue for *in camera* review concurrent to the filing of Omni's Opposition papers. Omni protests that merely by conducting an *in camera* review, the Court will have, in a way, allowed Mattel to prevail.

The Court recognizes Omni's concern that the *in camera* inspection of documents properly identified as privileged has the potential to prejudice the Court without reason. However, Omni underestimates the deep mistrust between the parties with respect to privilege designations, that has corroded the perceived legitimacy of almost every privilege designation now made by either party. Omni is therefore advised that the instant *in camera* review is not the first: at the parties' request, the Court continues to review *in camera* various communications, documents, and deposition transcripts designated as privileged by either Mattel or the MGA Parties. Indeed, the MGA Parties requested – and the Court granted – an *in camera* review of certain "NHB" documents, and specifically, documents designated as privileged by Mattel. The Court's resources will manage the potential for prejudice of an *in camera* review. To the extent that Omni considers the Discovery Master's *in camera* review of the documents sufficient to dispose of the issue, it is reminded that no party, including Omni, shall have its appeal rights curtailed without cause.

Accordingly, the Court hereby ORDERS as follows:

1. Mattel and Omni are ORDERED to meet and confer in an attempt to resolve Mattel's objections on or before March 3, 2010. Mattel's objections are HELD IN ABEYANCE pending the parties' completion of the meet and confer;

2. The Court VACATES its prior order regarding the production for *in camera* review of the twelve emails at issue on or before March 1, 2010.

The Clerk shall serve this minute order on all parties to the action.