# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

Case No. CV 04-9049 DOC (RNBx)            Date: February 25, 2010

Title: MATTEL, INC. v. MGA ENTERTAINMENT, INC.

---

DOCKET ENTRY
    [I hereby certify that this document was served by first class mail or Government messenger service, postage prepaid, to all counsel (or parties) at their respective most recent address of record in this action on this date.]
                                             Date:_____ Deputy Clerk: _____

PRESENT:

                THE HONORABLE DAVID O. CARTER, JUDGE

| Nancy Boehme | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFFS: ATTORNEYS PRESENT FOR DEFENDANTS:

      NONE PRESENT                                    NONE PRESENT

---

PROCEEDING (IN CHAMBERS): Order Regarding Motion to Compel Production of Documents Referenced at Eckert Deposition

      Before the Court is MGA Entertainment, Inc. and Isaac Larian (collectively the "MGA Parties") request that the Court compel Mattel, Inc. ("Mattel") to produce all documents referenced by the deponent at the Eckert deposition (the "Motion").

      The Court already provided clear instruction as to this issue in its January 26, 2010 Order Regarding Discovery Matters, when it ordered Mattel to produce "all nonprivileged documents previously identified by Eckert during his deposition, as well as any reports generated by Eckert that he referred to during his deposition." *See* Order Regarding Discovery Matters at 9-10. Mattel has since failed to produce categories of documents identified by Eckert, on the grounds that such documents fall outside the scope of the Court's January 26, 2010 Order. Mattel argues that the Court's January 26, 2010 Order only required Mattel to produce "specific" documents identified by Eckert.

      Eckert's document descriptions may have been sufficiently expansive, such that any subsequent production will necessarily be overbroad, unduly burdensome, and largely irrelevant to the

instant lawsuit. However, the Court has not reviewed the relevant portions of Eckert's transcript and so, cannot determine whether some of the documents referred to by Eckert were extraneous to his response to a relevant question. Nor does the Court need to review Eckert's transcript, in light of the representation by Mattel that certain categories of documents are entirely irrelevant to the claims in this lawsuit. However, the MGA Parties should not be punished for Mr. Eckert's imprecision in providing responsive testimony to relevant questions.

        Accordingly, the Court ORDERS as follows:

1. The parties shall meet and confer on or before March 1, 2010 and attempt to reach agreement about the permissible scope of the MGA Parties' request;

2. In the event that the parties do not reach an agreement, Mr. Eckert shall re-appear for deposition on or before March 8, 2010 and identify with specificity every document relied upon in his provision of responsive answers to relevant questions posed by the MGA Parties. Mattel shall produce all such documents on or before March 10, 2010, and Mr. Eckert shall re-appear for deposition as to the contents of those documents or on before March 13, 2010.

        The Clerk shall serve this minute order on all parties to the action.