**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

Case No. CV 04-9049 DOC (RNBx)                                        Date: February 27, 2010

Title: MATTEL, INC. v. MGA ENTERTAINMENT, INC.

---

DOCKET ENTRY
     [I hereby certify that this document was served by first class mail or Government messenger service, postage prepaid, to all counsel (or parties) at their respective most recent address of record in this action on this date.]
                                                Date:_____ Deputy Clerk: _____

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

   Kristee Hopkins                                Not Present
Courtroom Clerk                                Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS: ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT                                   NONE PRESENT

---

PROCEEDING (IN CHAMBERS): ORDER DIRECTING SUPPLEMENTAL BRIEFING WITH RESPECT TO MGA'S OBJECTIONS TO RECOMMENDATION NO. 5 OF JANUARY 21, 2010 ELECTRONIC DISCOVERY SPECIAL MASTER'S REPORT AND RECOMMENDATION

        Before the Court is MGA Entertainment, Inc. and Isaac Larian (collectively the "MGA Parties") objections to Recommendation Number 5 of the Electronic Discovery Special Master's January 21, 2010 Report & Recommendation (R&R) (the "Objections"). After considering the moving, opposing, and replying papers, the Court HOLDS IN ABEYANCE the Objections and directs the parties to submit supplemental briefing responsive to the questions identified below.

        The Electronic Discovery Special Master's January 21, 2010 R&R ordered, *inter alia*, the MGA Parties to produce Isaac Larian's harddrives for "forensic inspection . . . by ILS ***without limitation as to accessing active files***." (emphasis added). The MGA Parties object to the inspection of active files as unduly burdensome, unwarranted, and invasive of Larian's privacy. It is unclear whether the MGA Parties object to inspection of non-active files on Larian's harddrive.

MINUTES FORM 11 DOC                                          Initials of Deputy Clerk kh__
CIVIL - GEN                                                                                 Page 1 of 3

The parties' briefing on this issue has obfuscated the key issue: to what extent are active files distinguishable from non-active files? Mattel briefly addresses the issue, by noting that the MGA Parties' expert previously contended that evidence of spoliation on other portions of the harddrive may be deceptive, as files that appear to have been "deleted" may in fact have engaged or become embedded within active files. Mattel does not dispute this analysis, but makes the reasonable claim that it cannot rebut the argument made by the MGA Parties' expert without first inspecting active files to ensure that files that appear to be deleted are, in fact, not present in a different form within the active files.

The parties nonetheless transition into a discussion of user-generated and non-user-generated files that does not appear germane to the present dispute. And the parties, in addition, discuss broadly whether there is evidence of spoliation by Larian. The Court is unaware of whether and why evidence of spoliation is relevant to this issue: the MGA Parties have not protested the examination of the inactive portions of Larian's harddrive.

Accordingly, the Court hereby ORDERS the parties to submit supplemental briefs on a mutually agreeable schedule that will address *only* the below questions and will use abstract examples early and often:

1. The MGA Parties argue that producing active files for a forensic analysis will require a privilege review that is unduly consumptive of time and resources. However, a forensic analysis for evidence of spoliation is not mutually exclusive with a party's ordinary obligation to produce responsive documents during discovery. **Why have the active files on Larian's harddrive not already been analyzed for documents responsive to Mattel's many discovery requests? If they have been so analyzed, why have the MGA Parties not already performed a privilege review?**

2. Mattel argues that a forensic analysis of the active files on Larian's harddrives is necessary in order to rebut the MGA Parties' expert's prior claim that evidence of spoliation may be deceptive, as files perceived to be deleted may continue to exist on active files. **First, if such files continue to exist and are relevant and responsive to pending discovery requests, why have such files not already been produced? Second, why should not the MGA Parties be provided with the choice of: (a) producing the active files for forensic inspection; or (b) being estopped from arguing that deleted files may continue to reside in Larian's active files.**

3. Mattel's second argument, made more explicitly in its submission to Judge Smith, is that a review of active files is necessary to determine whether any portions of active files have been deleted. *See* Exhibit 2 to MGA's Notice of Lodging of Documents Filed Before Judge Smith. The Court finds this argument most

      convincing.  **To what extent is any additional evidence redundant and duplicative of any evidence of spoliation found in Larian's inactive files? And, is there any evidence of spoliation of active files or is Mattel's evidence of spoliation restricted to the deletion of entire files and not the content of still existing files?**

4.     Mattel's third argument, made more explicitly in its submission to Judge Smith, is that a review of active files is necessary to identify the presence of any software that enables spoliation.  *See id.*  **How will the mere discovery of such software prove spoliation in a non-circumstantial manner?**

5.     Mattel ridicules the MGA Parties' argument that forensic analysis will be unduly burdensome on three grounds.  *See* Opp'n at 17.  **Why are these arguments not equally responsive to Mattel's objections to Discovery Matter Order No. 89/91?  And why should not the parties be required to meet and confer to attempt to find a mutual accommodation that disposes of both these objections and Mattel's objections to Discovery Matter Order No. 89/91?**

The Clerk shall serve this minute order on all parties to the action.