UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No. CV 04-9049 DOC (RNBx)                                    Date: February 27, 2010

Title: MATTEL, INC. v. MGA ENTERTAINMENT, INC.

---

DOCKET ENTRY
        [I hereby certify that this document was served by first class mail or Government messenger service, postage prepaid, to all counsel (or parties) at their respective most recent address of record in this action on this date.]
                                                                Date:_____   Deputy Clerk: _____

---

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

   Kristee Hopkins                               Not Present
   Courtroom Clerk                              Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:   ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT                                    NONE PRESENT

---

PROCEEDING (IN CHAMBERS): ORDER GRANTING IN PART AND DENYING IN PART MGA PARTIES' MOTION FOR A PROTECTIVE ORDER EXCUSING PATRICK MA FROM FURTHER DEPOSITION

        Before the Court is MGA Entertainment, Inc. and Isaac Larian (the "MGA Parties") Motion for a Protective Order pursuant to Federal Rule of Civil Procedure 26(c)(1) excusing MGA Hong Kong executive Patrick Ma ("Ma") from further deposition (the "Motion"). After considering the moving and opposing papers, and for the reasons stated below, the Court GRANTS IN PART AND DENIES IN PART the Motion.

   I.   **Background and Discussion**

        Ma, a resident of Hong Kong, is the top ranking financial executive at MGA Hong Kong and was deposed by Mattel for approximately twenty eight hours between February 4 and February 7, 2010 in Santa Ana, California. *See* Dkt. 7504 at 7:6-17. Though not as proficient as Mattel, Inc.'s ("Mattel") counsel in the English language, Ma declined an interpreter's services and elected to conduct his deposition in English. *See id.* at 7:22-25. Mattel argues that Ma's insistence on proceeding in

English delayed the deposition significantly, resulting in extremely long pauses between questions and answers.  *See* Dkt. 7519 at 7:10-8:7.  Without the Court's solicitation, Mattel lodged excerpts of Ma's videotaped deposition, and yet again, the Court warns Mattel that such clips – without context – have a tendency to distort and are therefore uninstructive.  Moreover, it is worth noting that Ma was deposed for nearly four times the seven hour limit identified by Fed. R. Civ. P. 30(d)(1).  Even assuming *every* answer delivered by Ma required thirty seconds of formulation, his aggregate testimony still likely exceeded the testimony obtained during a deposition conducted in accordance with Rule 30's limitations.

Mattel further argues that it is entitled to question Ma about MGA Hong Kong financial documents that the MGA Parties have yet to produce.  *See id* at 7:15-8:2 (listing "audited financial statements and corresponding representation letters . . .; a list of related companies in the general ledger; correspondence related to the termination of the HSBC credit facility; financial statements and corresponding representation letters for MGA Shenzhen; MGA HK financial information presented to Ernst & Young to prepare 2009 financial statements; the attachments referenced in Exhibit 81827; MGA HK's accounting journal; monthly financial packages for MGA HK and MGA Shenzhen; daily cash reports for MGA HK; MGA HK budgets; Excel spreadsheets for Bratz sales; and P&L statements for Bratz by brand").

First, this argument knows no boundaries.  As the Court is well-aware, both parties await rulings on a number of discovery disputes that involve documents of which prior deponents have knowledge.  The parties' mutual delay in producing documents and/or addressing discovery disputes is a consequence of their own conduct – Phase 2 discovery has been continuing since early 2009.  The Court will similarly restrain the MGA Parties' attempts to continually bring back ancillary witnesses for deposition as to small sub-sets of documents that were belatedly disclosed.  While the fault for late production falls with the party opposing continued deposition, the parties' failures have been mutual and equal in this lawsuit.

Second, absent agreement between the parties, the Court will continue to order critical witnesses, like the parties' Chief Executive Officers, to re-appear for deposition to elicit testimony with respect to belatedly produced documents.  Mattel's briefing fails to demonstrate how: (1) Ma's testimony with respect to the identified documents will meaningfully supplement the information already contained in the documents; or (2) the benefit of any testimony about the documents outweighs the Federal Rules' implied concern for the undue burden imposed by deposition time in excess of seven hours.

Third, the Court recognizes that if Ma does have a family in Hong Kong, another trip to the United States will certainly visit a tremendous burden upon the members of his family.  The inconvenience of additional deposition should be borne by counsel, and not Ma.

**II.    Disposition**

   Accordingly, the Court GRANTS the MGA Parties' request pursuant to Rule 26(c)(1) for a protective order that excuses Ma from appearing for further deposition in this Court's jurisdiction. Counsel and Ma are free to schedule additional deposition time for Ma in Hong Kong.

   The Clerk shall serve this minute order on all parties to the action.