**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

Case No. CV 04-9049 DOC (RNBx)                                              Date: March 1, 2010

Title: MATTEL, INC. v. MGA ENTERTAINMENT, INC.

---

DOCKET ENTRY
 [I hereby certify that this document was served by first class mail or Government messenger service, postage prepaid, to all counsel (or parties) at their respective most recent address of record in this action on this date.]
                                                              Date:_____ Deputy Clerk: _____

---

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

  Kristee Hopkins                            Not Present
  Courtroom Clerk                            Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS: ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT                                 NONE PRESENT

---

PROCEEDING (IN CHAMBERS): ORDER DIRECTING LODGING OF LETTER-BRIEFS

 Paragraphs 10, 11, 12, 15, 16, 17, and 19 of the Court's January 26, 2010 Order Regarding Discovery Matters directed the production of certain categories of documents for the Court's *in camera* review on or before February 2, 2010.  The Court later approved the parties' stipulations, which extended the date of compliance to February 16, 2010.

 Similarly, Paragraph 15 of the Court's February 12, 2010 Order Regarding Discovery Issues directed MGA Entertainment, Inc. and Isaac Larian (collectively the "MGA Parties") and Omni 808 Investors, LLC ("Omni") to produce for the Court's *in camera* review, documents responsive to a "list" purportedly delivered by Mattel, Inc. ("Mattel") on or before February 16, 2010.

 Notwithstanding its deep appreciation for the parties' and Omni's diligence in complying with the two discovery orders, the Court is concerned with the attachment of cover letter-briefs to the produced documents.  These letter-briefs were not solicited by the Court, nor does any reasonable interpretation of the Court's discovery orders permit the submission of such letter-briefs.

As the Court has previously noted, "*ex parte* argument . . . circumvents the adversarial process." See Order Overruling Amended Objections to Certain Portions of Discovery Order No. 73 and Denying Mattel, Inc.'s Request for Relief at 4:27-28. In the context of the Order overruling Mattel's amended objections to certain portions of Discovery Order No. 73, the Court denied Mattel's request for the disclosure of certain *ex parte* submissions by the MGA Parties on the grounds that disclosure of the submissions at issue would result in the release of privileged information contained therein.

By contrast, none of the cover letter-briefs submitted concurrent to the production of documents for *in camera* review contain privileged information and the parties and Omni will suffer no prejudice from the forced disclosure of these letters. Quite the contrary, failing to subject these documents to the adversarial process visits an injustice upon the implicated entities that are denied a chance to submit responses.

Accordingly, the Court ORDERS the parties and Omni to lodge all cover letters submitted concurrent to the production of documents for *in camera* review pursuant to the Court's Order Regarding Discovery Matters and Order Regarding Discovery Issues on or before March 2, 2010.

The Clerk shall serve this minute order on all parties to the action.