1  MELINDA HAAG (State Bar No. 132612)
   mhaag@orrick.com
2  ANNETTE L. HURST (State Bar No. 148738)
   ahurst@orrick.com
3  WARRINGTON S. PARKER III (State Bar No. 148003)
   wparker@orrick.com
4  ORRICK, HERRINGTON & SUTCLIFFE LLP
   405 Howard Street
5  San Francisco, CA  94105-2669
   Tel: (415) 773-5700/Fax: (415) 773-5759
6
   WILLIAM A. MOLINSKI (State Bar No. 145186)
7  wmolinski@orrick.com
   ORRICK, HERRINGTON & SUTCLIFFE LLP
8  777 South Figueroa Street, Suite 3200
   Los Angeles, CA  90017
9  Tel: (213) 629-2020/Fax: (213) 612-2499

10 THOMAS S. MCCONVILLE (State Bar No. 155905)
   tmcconville@orrick.com
11 ORRICK, HERRINGTON & SUTCLIFFE LLP
   4 Park Plaza, Suite 1600
12 Irvine, CA 92614-2258
   Tel: (949) 567-6700/Fax: (949) 567-6710
13 Attorneys for MGA Parties

14                    UNITED STATES DISTRICT COURT

15                   CENTRAL DISTRICT OF CALIFORNIA

16                          SOUTHERN DIVISION

17

18 | MATTEL, INC., a Delaware corporation, | Case No.  CV 04-9049 DOC (RNBx)
   |                                        | Consolidated with:
19 |              Plaintiff,                | Case Nos. CV 04-9059 & CV 05-2727
   |                                        |
20 |        v.                              |
   |                                        | **THE MGA PARTIES' EX PARTE**
21 | MGA ENTERTAINMENT, INC., a             | **APPLICATION FOR**
   | California corporation, et al.,        | **CLARIFICATION AND/OR**
22 |                                        | **CORRECTION OF FEBRUARY 25,**
   |              Defendant.                | **2010 ORDER AND REQUESTING**
23 |                                        | **FURTHER RELIEF RE MATTEL'S**
   |                                        | **PROPOSED PLEADING**
24 | AND CONSOLIDATED ACTIONS               | **AMENDMENTS**
   |                                        |
25

26

27

28

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that MGA Entertainment, Inc., MGA Entertainment (HK) Limited, MGAE de Mexico S.R.L. de C.V., and Isaac Larian (collectively, the "MGA Parties"), respectfully submit this *ex parte* application seeking clarification and/or correction of the Order of February 25, 2010 entitled Order Granting Leave to File Amended Pleadings to make clear that the MGA Parties did not agree to, and instead opposed, Mattel's motion for leave to amend, and to the extent that the Order is not reconsidered, to grant additional relief affording the MGA Parties 21 days from service to respond to the Fourth Amended Answer and Counterclaims and to preclude application Federal Rule of Civil Procedure 15(a)(1) to such pleading.

Specifically, the MGA Parties request as follows:

1) that the Order be clarified and/or corrected to make clear that the MGA Parties did not agree to, and instead opposed, Mattel's motion for leave to amend; Dkt. Nos. 6311, 6365 (Mattel's Motion); Dkt. Nos. 6719, 6778 (Opposition);

2) that, as a condition of being granted leave to amend and in light of the fact that Mattel intends to file a pleading that the MGA Parties have never seen even in proposed form, the MGA Parties be granted 21 days after service of the proposed Fourth Amended Answer and Counterclaims to file a response rather than the 14 days provided by Federal Rule of Civil Procedure 15(a)(1)(B)(3); and

3) that, as a condition of being granted leave to amend, Mattel is precluded from taking advantage of rule 15(a)(1)(B) in the event the MGA Parties file a motion to dismiss the Fourth Amended Answer and Counterclaims

Pursuant to Local Rule 7-19.1, counsel for the MGA Parties gave notice of this Application to counsel for Mattel on March 1, 2010.  Counsel for Mattel, Inc. includes B. Dylan Proctor of Quinn, Emanuel, Urquhart, Oliver & Hedges, LLP

EX PARTE RE FEB. 25, 2010 ORDER RE LEAVE TO AMEND
CV 04-9049 DOC (RNBx)

1   (telephone: 213-443-3000; address: 865 South Figueroa Street, 10th Floor, Los

2   Angeles, CA 90017).

3

Dated:      March 2, 2010            ORRICK, HERRINGTON & SUTCLIFFE LLP

4

5                                    By:        /s/ *Thomas McConville*

6                                               Thomas McConville
                                                Attorneys for MGA Parties

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EX PARTE RE FEB. 25, 2010 ORDER RE LEAVE TO AMEND
CV 04-9049 DOC (RNBx)

## MEMORANDUM OF POINTS AND AUTHORITIES

This Court's Order of February 25, 2010 entitled Order Granting Leave to File Amended Pleadings contains an error and fails to address two important procedural issues that should be addressed as a condition of permitting leave to amend.

### A.    Correction of Error.

The error is found in the sentence that states "Both parties and the Court previously agreed that Mattel would file a Fourth Amended Answer and Counterclaims in anticipation of an April 20, 2010 trial date."  In fact, the MGA Parties did not, and do not, agree to the filing of a Fourth Amended Answer and Counterclaims.  The MGA Parties opposed, and continue to oppose the filing by Mattel of a Fourth Amended Answer and Counterclaims.  *See* Dkt. No. 6719, 6778 (The MGA Parties' Opposition to Mattel's Mtn. for Leave to File Fourth Amended Answer and Counterclaims).  After Judge Larson ordered the motion off calendar, the matter was never reinstated for hearing.  In fact, the MGA Parties believed that the motion had been denied and that the Court had indicated during its informal conferences and on the record at various status proceedings that an entirely new motion for leave to amend, with the new proposed pleading, would have to be filed. The MGA Parties were therefore quite surprised to see the Court's order simply granting leave to amend, without hearing, on a motion that was more than five months old.

In all events, the MGA Parties maintain their position that adding new parties to the case at this late date in the proceedings and in light of the uncertain scope of the case given the current proceedings in the Ninth Circuit is improper.  Moreover, the filing of an amended pleading is prejudicial to the MGA Parties who spent several tens, if not hundreds of thousands of dollars analyzing the existing claims and preparing initial outlines and drafts of summary judgment pleadings prior to the time Mattel last sought leave to amend.

1   The Order should be modified so that it is clear that the MGA Parties did not

2   and do not assent or agree to the filing of a Fourth Amended Answer and

3   Counterclaims.

### B.    Requested Conditions For Granting Leave To Amend.

5   Assuming that the Court will not reconsider its decision to permit any

6   amendment, there are two additional procedural concerns that the MGA Parties

7   respectfully suggest should be addressed as a condition for granting leave to amend.

### 1.    The Court Should Allow 21 Days For The MGA Parties' Response To The Proposed Fourth Amended Answer And Counterclaims.

10   The Court has apparently permitted Mattel to file a new pleading based on

11   discovery that has occurred over the last several months.  This means that the MGA

12   Parties have never seen the proposed pleading that Mattel will file.  In the past,

13   Mattel has indicated that it intends to expand its claims to include new RICO

14   theories and new defendants.  Accordingly, the MGA Parties ask that the Order be

15   modified to give the MGA Parties 21 days to respond to any Fourth Amended

16   Answer and Counterclaims, instead of the 14 days allowed for in Fed. R. Civ. P.

17   15(a)(B)(3).

18   Good cause exists to grant this request as a condition for amendment because,

19   in the normal course, a party responding to an amended complaint would have far

20   more than 14 days in which to analyze the proposed pleading and prepare a

21   response.  The party requesting an amendment is required to give ten days notice

22   for meet and confer, then supply the proposed amended pleading at least in

23   connection with the motion (if not during the meet and confer process).  *See* Local

24   Rule 15-1 (requiring the filing of the proposed amended pleading).  A motion for

25   leave to amend must be noticed on 28 days' notice under the current rules.  The

26   opposing party thus would ordinarily have a default period of at least 52 days to

27   analyze and prepare a response to the proposed amended answer and counterclaims

28   (10 days for meet and confer, 28 days for the motion, plus 14 days under Rule

15(a)(B)(3)).  However, under the present circumstances, the MGA Parties will not be afforded even half of that time to analyze the new claims, and given the anticipated complexity of the claims, such time is needed.

Given the ordinary procedures, the nature of the claims at issue and the scope of the anticipated Fourth Amended Answer and Counterclaims both in terms of the number and type of claims, the MGA Parties submit that 21 days is an appropriate time for filing of a response.

> **2.      The Court Should Also Enter An Order Barring Mattel From Responding to the MGA Parties' Response With Yet Another Amendment.**

The MGA Parties ask that as a further condition of amendment the Court also order that Mattel is not entitled to amend its Fourth Amended Answer and Counterclaims in response to any motion brought by the MGA Parties pursuant to Fed. R. Civ. P. 12(b), (e), or (f).  Since the time that Mattel's motion for leave to amend was initially filed, amendments to Rule 15 went into effect that seemingly afford the newly pleading party an absolute right to amend in response to a motion unless the Court addresses the issue as a condition of amendment.

The requested order precluding application of Rule 15(a)(1)(B) is warranted for two reasons.  First, allowing Mattel to amend in light of the MGA Parties' responsive pleadings would clearly frustrate the purpose of the procedure this Court proposed from the outset.  This Court did not rule on Mattel's Motion for Leave to File Fourth Amended Answer and Counterclaims, Dkt. Nos. 6311, 6365, in November 2009, in order to allow Mattel to conduct discovery and propose a *final* amendment.  To allow Mattel to conduct discovery and amend and then amend again in light of the MGA Parties' responsive pleadings allows Mattel to continue this case with an ever-changing, morphing complaint, which prejudices the MGA Parties.  It will also necessitate a series of responsive pleadings by the MGA Parties, which this Court clearly did not contemplate would be the case when it ordered the procedures it did.

Second, in response to the MGA Parties' Opposition to the Motion for Leave to File Fourth Amended Answer and Counterclaims, Mattel, in fact, proposed another amended answer and counterclaims.  This proposed amended answer and counterclaims—which would have been the sixth that Mattel filed—was purportedly responsive to the MGA Parties' Opposition.

Therefore, absent an order precluding Mattel from filing an amended answer and counterclaims in response to the MGA Parties' responsive pleadings, Mattel may well—because it has tried to do so before—file another amended answer and counterclaims, meaning that this Court and the MGA Parties will continue to chase after what precisely is at issue in this case.

## CONCLUSION

For the foregoing reasons, the MGA Parties ask that the February 25, 2010 Order Granting Leave to File Amended Pleadings be corrected and augmented as indicated.

Dated:     March 2, 2010          ORRICK, HERRINGTON & SUTCLIFFE LLP

By:       */s/ Thomas McConville*
          Thomas McConville
          Attorneys for MGA Parties