

# ORRICK

ORRICK, HERRINGTON & SUTCLIFFE LLP
4 PARK PLAZA
SUITE 1600
IRVINE, CALIFORNIA 92614-2558

tel +1-949-567-6700
fax +1-949-567-6710

WWW.ORRICK.COM

February 17, 2010

Thomas S. McConville
(949) 852-7747
tmcconville@orrick.com

**VIA PERSONAL DELIVERY**

Honorable David O. Carter
United States District Court
411 W. Fourth Street
Santa Ana, California 92701

## IN CAMERA SUBMISSION FOR CHAMBERS ONLY

Re:   Carter Bryant v. Mattel, Inc. and consolidated actions
       Case No. SACV 04-09049 DOC (RNBx)

Dear Judge Carter:

Enclosed please find 5 binders containing documents responsive to Paragraph 15 of the Court's February 12, 2010 Order, regarding documents sought by Mattel in connection with Omni 808, and referenced in Paragraph 7 of Mattel's Listing of Certain Discovery Disputes. The document referenced by Mattel in Paragraph 7 is attached. It lists 21 categories of documents.

The enclosed binders contain tabs which correlate to categories listed by Mattel. For categories 1, 2, 4, 5, 6, 9, 10, 14, and 19, MGA is providing responsive, non-privileged documents for both MGA and IGWT. As some documents relate to multiple categories, MGA has attempted to eliminate duplicate copies—that is, the documents hopefully will appear only once in the binder set. For example, many of the documents responsive to category 6 concerning security interests and encumbrances are within category 4 which asks for all agreements between Omni 808 and MGA.

Certain of these documents do not have Bates numbering on them, though they are responsive. Given the tight timeline for providing these documents in camera, and the manner in which MGA has been maintaining its documents, MGA could not confirm that all of the non-Bates numbered documents have been produced, though certainly some have been produced. In addition, some of these non-Bates stamped documents are in the process of being re-produced to comply with the Court's recent order concerning redaction of account information. Many of the non-Bates numbered documents relate to Omninet Biofuels, requested by Mattel in category 19, and tangentially related (if at all) to this litigation. We will continue to make certain that all of the non-

OHS West:260843846.1



**ORRICK**

Honorable David O. Carter
United States District Court
February 17, 2010
Page 2

Bates stamped documents have been produced. If some have not yet been produced, then they will be produced shortly.

Category 4 seeks documents related to an "unproduced Forbearance Agreement." No forbearance agreement has been executed between Omni 808 and MGA, and negotiations continue. However, the latest draft of the forbearance agreement and related security agreement exchanged between Omni 808 and MGA in January 2010 is attached at category 4. These drafts have not been produced to Mattel. When a final forbearance is executed, it will be produced to Mattel.

Any documents responsive to category 3 (concerning Omni 808's financial and accounting statements) are also responsive to category 5, and therefore multiple copies have not been provided. To the extent there are documents responsive to category 12 (communications concerning the lawsuit), those are under various other tabs. Category 14 seeks all communications with Isaac Larian, and others. We interpreted that to mean communications related to the Omni 808 transaction, and those have been provided. The only documents responsive to category 21 (concerning indemnity) are the loan agreements themselves, which are under category 4.

Respectfully submitted,

Thomas S. McConville

## Needed Discovery Re: Omni Financial Transactions

1. Financial records (including wire transfer documentation, checks and banking statements), communications and agreements reflecting the direct or indirect, actual, promised, proposed or prospective transfer of any item of value (including any forgiveness of indebtedness) between, on the one hand, MGA, Larian, any Larian company or any Larian trust and, on the other hand, Omni 808, any member of Omni 808 or any individual involved in an Omni 808 member since January 1, 2007.

2. Financial records (including wire transfer documentation, checks and banking statements), communications and agreements reflecting all the sources of funds, including the ultimate source of funds, for each member of Omni 808 for the debt acquisition and/or loans to or funding of MGA, Larian, any Larian company or any Larian trust.

3. Omni 808's financial and accounting statements reflecting or relating to any alleged debt owed by or funding provided to MGA, including any interest calculations thereon.

4. All agreements or understandings or proposed agreements or understandings between Omni 808 and MGA, Larian or any Larian company relating to any debt, loans or funding for, to or by MGA, including the unproduced Forebearance Agreement referenced in OMNI 0002062-64, and all communications and drafts relating thereto.

5. Documents reflecting any efforts or attempts to collect on any alleged debt owed by or funding provided to MGA or any understandings or agreements relating thereto.

6. The documents relating to any liens, encumbrances or security interests, whether actual, promised, proposed or prospective, on, in or to Bratz, including any Bratz intellectual property.

7. The documents relating to agreements and transactions between, on the one hand, Lexington Financial and, on the other hand, Vision Capital, Leon Neman or any Neman or Larian company or trust. This includes the documents that Fred Mashian testified about, such as the loan documents, formation documents, the operating agreement, SS-4, meeting of members, promissory note, security agreements and UCC's, as well as one or more personal guarantees.

8. The documents reflecting any communications with the "Mr. Samhoui" identified in Leon Neman's deposition testimony and/or the Perviz/Perry Samouhi identified in Fred Mashian's deposition testimony.

9. The documents, including agreements and financial records (including wire transfer documentation, checks and banking statements), relating to the debt(s), transfer(s) or transaction(s) referenced in (a) Isaac Larian's December 2, 2008 email exchange bearing Bates No. MGA2 0540057, (b) Isaac Larian's November 21, 2008 email exchange bearing Bates No. IGWT 14548, (c) Isaac Larian's November 14, 2008 email exchange bearing Bates No. IGWT 14397, (d) Isaac Larian's December 2, 2008 email exchange bearing Bates No. IGWT 14394-96, (e) Isaac Larian's September 15, 2008 email exchange bearing Bates No. DFI 22-001, (f) Isaac Larian's November 24, 2008 email exchange bearing Bates No. DFI

23-001, and (g) Isaac Larian's December 2, 2008 email exchange bearing Bates No. DFI 25-001.

10. The documents relating to the Arsalan Gozini promissory note transaction reflected in the Durkin Report and Exhibits, including DFI 21-001-002.

11. The documents, including financial records (including wire transfer documentation, checks and banking statements), relating to the acquisition and/or transfer of any interest in Omni 808 or any MGA debt, including the purchase of Arsalan Gozini's interest as testified to by Neil Kadisha.

12. Non-privileged communications relating to Mattel and/or this lawsuit, including the Court's injunction Orders and the forensic audit, or any other documents reflecting Omni 808 or its members' awareness or knowledge of this suit and the Court's rulings.

13. The documents, including communications, relating to the formation of Omni 808 and the entity members of Omni 808, including Vision Capital.

14. To the extent not produced in response to any other category, all communications with Isaac Larian, Angela Larian, Shirin Makabi and/or Leon Farahnik since January 1, 2008.

15. To the extent not produced in response to any other category, Omni 808's banking statements.

16. To the extent not produced in response to any other category, the banking statements of Lexington Financial referring to or reflecting any funds transferred to or received by Vision Capital, Leon Neman or any Neman or Larian company or trust.

17. To the extent not produced in response to any other category, the banking statements of each member of Omni 808 since January 1, 2008.

18. Phone records and any other documents reflecting or relating to Neil Kadisha's phone calls to Robert Eckert from May 1, 2008 through the present.

19. Documents sufficient to identify the nature, extent and terms of any common investments or other business dealings that involve both, on the one hand, MGA, Larian, any Larian company or any Larian trust and, on the other hand, Omni 808, any member of Omni 808 or any individual involved in an Omni 808 member since January 1, 2004, including if applicable Omninet Biofuels, LP, Omninet Biofuels II, L.P. and/or PWP Industries.

20. Deposition and trial transcripts of testimony by Neil Kadisha, along with any exhibits referenced, including from In re Uzyel Irrevocable Trust, BP 058 898 (L.A. Sup. Ct.).

21. Fee and indemnity agreements (however memorialized) for Omni 808 and/or any member of Omni 808.