BINGHAM MCCUTCHEN LLP
Todd E. Gordinier (SBN 82200)
todd.gordinier@bingham.com
Peter N. Villar (SBN 204038)
peter.villar@bingham.com
Michael D. Mortenson (SBN 247758)
michael.mortenson@bingham.com
600 Anton Boulevard
18th Floor
Costa Mesa, CA 92626-1924
Telephone: 714.830.0600
Facsimile: 714.830.0700
Email: todd.gordinier@bingham.com

Attorneys for Non-Party
OMNI 808 INVESTORS, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MATTEL, INC., a Delaware Corporation,<br><br>　　　　　Defendant. | Case No. CV 04-09049 DOC (RNBx)<br>c/w Case Nos. CV 04-09059 and<br>CV 05-2727<br><br>**OMNI 808 INVESTORS, LLC'S STATEMENT REGARDING DEPOSITION OF JOSEPH MOINIAN PURSUANT TO COURT ORDER DATED FEBRUARY 27, 2010** |

A/73309883.5/3009108-0000337036

1  Omni 808 Investors, LLC ("Omni") hereby submits this memorandum to
2  urge the Court to Order Mattel to conduct Mr. Moinian's deposition in New York
3  on March 22, 2010. All parties, including Mattel, are available on that date and
4  both Omni and Mr. Moinian want this deposition to occur as soon as possible and
5  resetting this yet again is not only unnecessary but it will require yet more
6  prejudicial delay.

7  Counsel for Omni notified all counsel last week (before the Court issued its
8  February 27 Order asking the parties to meet and confer) that after trying for
9  several weeks it had arranged for Mr. Moinian to sit for his deposition on March
10 22 in New York.[1] No objection, opposition or other scheduling issue was raised by
11 any party in response. On February 27 the Court ordered the parties to meet and
12 confer by March 2, 2010 to agree upon a date for Mr. Moinian's deposition.
13 (Docket # 7596, attached hereto as Exhibit A.)

14 On March 1, Omni contacted counsel for Mattel and MGA to reiterate Mr.
15 Moinian's availability on March 22 for deposition in New York. (The email chain
16 containing the parties' communications is attached hereto as Exhibit B). Mattel's
17 counsel conceded availability on that date. (*Id.*) Later that day, Omni circulated a
18 stipulation for the parties to sign agreeing to depose Mr. Moinian on March 22 in
19 New York. (Stipulation attached hereto as Exhibit C.)

20 As the Court knows, Mattel, MGA, Omni and Mr. Moinian had mutually
21 agreed that Mr. Moinian's deposition would take place in New York on January
22 11, 2010. After reaching that agreement, and days before the deposition was
23 scheduled to occur, Mattel's counsel abruptly started creating false issues
24 surrounding it, including denying that any such date had been agreed upon (the
25 Court can refer to the Joint Schedule filed in December to see that Mattel's

---

[1] Mr. Moinian currently has no plans to travel to Southern California in the near future and as such, Omni is unable to provide the parties with a date for his deposition in Southern California.

A/73309883.5/3009108-0000337036                - 1 -

counsel's denial was simply another falsehood). Omni, Mr. Moinian, and the Court subsequently learned that Mattel's real reason for changing its position was because Mattel's counsel had a hearing in an unrelated case in Los Angeles that he wanted to attend, but which conflicted with his prior agreement to depose Mr. Moinian on January 11 in New York.[2]

Despite the fact that the Court expressly stated that it "defers a ruling with respect to the presence of the Discovery Master ... at the present time," (Docket 7596.) Mattel's counsel contacted the Discovery Master and without any prior discussion on the topic to inquire about his availability on March 22. (*See* Exhibit D.) The Discovery Master responded that he is unavailable that day. (*Id.*) It now appears that Mattel is refusing to sign the stipulation because one of the Discovery Masters would not be available to attend on March 22, despite the fact that neither of the Discovery Masters have attended any Omni-related party deposition and despite the fact that the Court expressly deferred a ruling on the presence of the Discovery Master in its February 27 Order. (*See* Exhibit A.) While we have no objection to the presence of the Discovery Master, we do not believe his unavailability should prevent the deposition from going forward on March 22, particularly in light of Mattel's repeated and unsupported allegations that the Omni parties have "refused" discovery.

All of this time consuming and unnecessary procedural maneuvering should make it abundantly clear to the Court at this point that Mattel's counsel is not really interested in taking the deposition of Mr. Moinian but rather is intent on prolonging its discovery abuse. As the Court well knows having reviewed the actual bank transfer records, Mr. Moinian invested $10 million of his personal

---

[2] After Mattel canceled the agreed-upon deposition of Mr. Moinian on January 11, at the Court's request, Omni's counsel endeavored to schedule a date for Mr. Moinian appear for deposition in Orange County in February. However, due to Mr. Moinian's personal and business commitments, he was unable to travel to California in this short time period.

1 | funds which were transferred by wire transfer from his bank account to Omni's
2 | bank account (and then subsequently to Wachovia).  Not only do the documents
3 | reflect this reality but it has been testified to by Messrs. Kadisha, Larian, Nazarian
4 | and Neman.  Mattel knows that Mr. Moinian's deposition will simply provide one
5 | more piece of evidentiary support for the now undisputed fact that Mr. Larian does
6 | not have and never did have any equity interest in Omni.
7 |       This is a deposition that can easily be completed in one business day and
8 | taken in a professional manner could be completed in either a morning or an
9 | afternoon and doesn't require the attendance of either Discovery Master.  Mattel's
10 | manufactured discovery disputes should not prolong this any further particularly
11 | where, as here, they caused the deposition to be moved from January 11 in the first
12 | instance.  This deposition has been very difficult to arrange and cannot easily be
13 | reset (after all, Mr. Moinian is a non-party and this investment has nothing to do
14 | with his principle business pursuits).  It is now clear that Mattel's serial effort to
15 | obfuscate the true facts has even confused the Court -- the Court's statement in its
16 | Order of today granting in part and denying in part the motion to compel Isaac
17 | Larian's attendance at deposition (Docket #7590) that Mr. Moinian invested in
18 | Omni "via a vehicle by the name of Vision Capital" is erroneous.  (Order at 6:1-2.)
19 | There is and never has been any evidence to support such a statement.  Mr.
20 | Moinian has no connection with Vision Capital or with Mattel's other *bete noire*,
21 | Lexington.
22 |       The time has long past to permit Omni to move on.  Omni respectfully
23 | requests that the Court order Mr. Moinian's deposition to occur on March 22, 2010

1  at 9:30am in his offices in New York, as the parties were notified of this even
2  before the Court issued its most recent Order and plainly are available.

4  DATED: March 2, 2010            Bingham McCutchen LLP

                                   By: _____
                                   Todd E. Gordinier
                                   Attorneys for Non-Party
                                   OMNI 808 INVESTORS, LLC

A/73309883.5/3009108-0000337036

4