QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  (johnquinn@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation,<br><br>            Plaintiff,<br><br>       vs.<br><br>MGA ENTERTAINMENT, INC., a California corporation, et al.,<br><br>            Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 DOC (RNBx)<br>Consolidated with<br>Case Nos. CV 04-09059 & CV 05-2727<br><br>Hon. David O. Carter<br><br>**MATTEL, INC.'S RESPONSE TO OMNI 808 INVESTORS, LLC'S STATEMENT REGARDING DEPOSITION OF JOSEPH MOINIAN PURSUANT TO THE COURT ORDER DATED FEBRUARY 27, 2010**<br><br>Hearing Date:  TBD<br>Time:              TBD<br>Place:             Courtroom 9D<br><br>**Phase 2:**<br>Discovery Cut-off:       TBD<br>Pre-trial Conference:   TBD<br>Trial Date:                   TBD |

MATTEL'S RESPONSE TO OMNI'S STMT RE MOINIAN DEPOSITION

Mattel respectfully responds to Omni 808's Statement Regarding Deposition of Joseph Moinian (Docket No. 7606) as follows.

The heated rhetoric of the Omni Parties' Statement (and its prior filings) illustrates why supervision of the Moinian deposition is warranted. Joseph Moinian, a member of defendant-intervenor Omni 808, is subject to this Court's jurisdiction.[1] His counsel represented to the Court weeks ago -- on January 7, 2010 -- that Mr. Moinian would appear for deposition in Santa Ana.[2] Yet, afterward, Mr. Moinian neither appeared for deposition nor offered dates when he was available in Santa Ana. Mattel thus asked the Court to compel Mr. Moinian to appear in Santa Ana, as Mr. Moinian had agreed to do.[3]

On February 27, 2010, the Court ordered the parties to meet and confer and to advise, by stipulation, of any agreement reached on the date and location of Mr. Moinian's deposition.[4] The Court's Order again made inquiries into Mr. Moinian's availability for deposition in Santa Ana, specifically noting that "[d]ue to the complexity of this lawsuit and the parties' request that the Court dispose of discovery disputes (including disputes during depositions) with haste, the Court has instructed the parties to conduct depositions in Santa Ana, California to the extent possible."

Nevertheless, during the meet and confer, the Omni Parties' counsel simply announced that Mr. Moinian would appear for deposition at his offices in New York on March 22. Although Mattel believed that this unilateral dictate was inconsistent with the

---

[1] Mr. Moinian is not only a member of a party that chose to intervene, but is itself a California corporation and in turn claims to own more than $300 million in debt in another California corporation, MGA. He also has extensive real estate holdings in this District. Mattel Inc.'s Submission Pursuant to Order of February 12, 2010 Regarding Certain Discovery Disputes, Dkt. No. 7506, at 8-9.
[2] January 7, 2010 Hearing (PM Session) at 3:13-20 (Mr. Gordinier: Your Honor, I have good news to report to you. As you requested, I did have a conversation with Mr. Moinian and asked him if he would do you a favor and work out circumstances which would permit him to be here. The Court: Okay. Mr. Gordinier: And long story short, the answer is yes."). Counsel also represented that he expected to schedule the deposition by "next week" (the week of January 10) and that Mr. Moinian would appear for deposition in Santa Ana in "the next three, four weeks" (by February 4). Id. at 4:4-7.
[3] Mattel's Submission Pursuant to Order of February 12, 2010 Regarding Certain Discovery Disputes, Dkt. No. 7506, at 8.
[4] Dkt. No. 7596.

prior representations of the Omni Parties' counsel and with the Court's February 27 Order, Mattel sought to work out an agreement to conduct the deposition in New York. In doing so, Mattel asked the Discovery Master about his schedule. The Discovery Master responded that he was unavailable on March 22, but confirmed he was available on March 23 or March 24. Omni rejected both dates outright. In response, the Discovery Master asked Omni for alternate dates. Instead of responding, the Omni Parties ceased communications and burdened the Court with its Statement here.[5]

The Omni Parties not only mischaracterize the meet and confer, but make incorrect substantive claims. As the Court is aware, the Omni Parties initially represented that *none* of the money for Omni's September 3, 2008 acquisition of the Wachovia debt came from Larian. Discovery from Wachovia and other third parties showed that to be false -- the bulk of the $109 million in financing came directly from Larian. While Larian and the Omni Parties continue to deny it, there is evidence that Larian funded more of the purchase through side-deals with the Omni members. One of these members, who purportedly contributed $10 million to Omni, is Mr. Moinian. The Omni Parties assert here that Mr. Moinian funded Omni with "his own money" (Response at 4), but the claim is misleading at best. They fail to mention:

• In a September 13, 2008 email, only ten days after the Omni debt acquisition closed, Larian wrote to Mr. Moinian: "Please let me know if it OK for me to return your money by December? If you need it earlier, please. Let me know.

---

[5] The Omni Parties provide only a highly sanitized, cherry-picked version of the meet and confer. They fail to disclose to the Court multiple emails that show the Omni Parties' failure to respond reasonably or at all, including to the Discovery Master. Particularly erroneous are the Omni Parties' repeated claims that there was agreement on the date and place of Mr. Moinian's deposition which Mattel reneged on. Even the partial email that Omni provides the Court (Exhibit C) makes clear that there was no agreement, and the remainder of the emails omitted by Omni make that even clearer. Indeed, the email chain ended earlier today with the Discovery Master's request for alternate dates that has been ignored by Omni. In accordance with the Court's instruction, Mattel will not submit the full record of such materials, but will provide them to the Court immediately upon request.

Thank you so much for your help again and I hope, one day, I can return the favor."[6] On September 14, 2008, Mr. Moinian responded: "Reg the money its fine if I have it by December."[7]

- On November 24, 2008, Larian sent another email to Mr. Moinian that stated: "I want you to know that I am set to return your money by end December as previously advised."[8] Moinian responded: "It was suppose to be sent on beginning of Dec but you can send it latest b/f Dec/20 th when I will be going away for the new year."[9] Larian wrote back: "I will send by Dec 20th the latest."[10]

- On December 2, 2008, Larian sent an email to Leon Farahnik, a Larian friend and associate, with the subject line "Cash." In it, Larian wrote "David Nazarian, Joe [Moinian] and Arslan [Gozini]" -- three Omni members -- "all want there money this months."[11] Later that same day, Mr. Larian emailed Shirin Makabi (a Larian family member and MGA employee) and Brian Wing (MGA's former head of finance): "The next payment [i]s for Joe Moinian ($10 million) and must be paid by December 17th."[12]

These emails make evident that, contrary to Larian's denials under oath and Omni's latest denials of Larian involvement here, Larian paid back the $10 million that Moinian put into Omni. Mr. Larian asks whether it is "OK to *return* [Moinian's] money by December" and later instructs MGA personnel that the payment in question is for $10 million -- the precise amount of Mr. Moinian's Omni "investment."

Mr. Moinian has not produced documents relating to this repayment. In fact,

---

[6] MGA2 0540627 (September 13, 2008 email chain between Larian and Moinian).
[7] See Id., at MGA2 0540626.
[8] MGA2 0540630 (November 24, 2008 email chain between Larian and Moinian).
[9] See Id., at MGA2 0540629.
[10] Id.
[11] MGA2 0540057 (December 2, 2008 email from Larian to Farahnik).
[12] MGA2 0540632 (December 2, 2008 email from Larian to Shirin Makabi and Angela Larian, with cc to Brian Wing). Although Omni also denies that Moinian invested through Vision Capital or Lexington, it completely ignores the evidence that Larian and Moinian used a far simpler structure to hide Larian's involvement-- Moinian apparently advanced him $10 million that was repaid shortly thereafter.

despite this Court's January 26 Order, and despite two Mattel subpoenas, Mr. Moinian has yet to produce a single page of documents.  Although Mattel has asked the Omni Parties' counsel when the production will be forthcoming, they have not responded.

As all this makes clear, there is ample reason for supervision of Mr. Moinian's deposition.  Indeed, in prior depositions, the Omni Parties' counsel instructed Omni witnesses not to answer on grounds unrelated to privilege.[13]  Only after the Discovery Master made clear that such instructions were improper did the Omni Parties' counsel relent.[14]  While Mattel has been amenable to taking the deposition in New York to resolve this dispute, Mattel obviously does not want to travel to New York only to be met with such impediments that would be wasteful of both its and the Court's time and resources.  Nor have the Omni Parties stated any principled objection to the Discovery Master's attendance.

Accordingly, Mattel respectfully requests that the Court either compel the Omni Parties to produce Mr. Moinian in Santa Ana as his counsel promised -- where the Court can attend to any issues that arise -- or else order that the Omni Parties provide prompt dates for Mr. Moinian's deposition in New York when the Discovery Master can attend.

DATED:  March 2, 2010         QUINN EMANUEL URQUHART OLIVER & HEDGES. LLP


                              By /s/ Michael T. Zeller
                                 Michael T. Zeller
                                 Attorneys for Mattel, Inc.

---

[13] Dep. Tr. of Leon Neman, dated August 14, 2009, at 22:9-17.
[14] Dep. Tr. of Neman, 39:17 to 40:2.