ORIGINAL

Bingham McCutchen LLP
TODD E. GORDINIER (SBN 82200)
todd.gordinier@bingham.com
PETER N. VILLAR (SBN 204038)
peter.villar@bingham.com
MICHAEL D. MORTENSON (SBN 247758)
michael.mortenson@bingham.com
600 Anton Boulevard, 18th Floor
Costa Mesa, CA 92626-1924
Telephone: 714.830.0600
Facsimile: 714.830.0700

Attorneys for Non-Party
OMNI 808 INVESTORS, LLC

FILED
2010 MAR -2 PM 2:34
CLERK U.S. DISTRICT COURT CENTRAL DIST. OF CALIF. SANTA ANA
BY:

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

MATTEL, INC., a Delaware corporation,

Plaintiff,

v.

MGA ENTERTAINMENT, INC., a California corporation, et al.,

Defendants.

AND CONSOLIDATED ACTIONS.

Case No. CV 04-09049 DOC (RNBx)
c/w Case Nos. CV 04-09059 & CV 05-2727

**NOTICE OF LODGING IN RESPONSE TO COURT'S MARCH 1, 2010 ORDER DIRECTING LODGING OF LETTER BRIEFS**

**Phase 2**:
Discovery Cut-off: TBD
Pre-trial Conference: TBD
Trial Date: TBD

TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE that Non-Party OMNI 808 INVESTORS, LLC, hereby lodges the following document with the Court in accordance with this Court's order dated March 1, 2010 directing lodging of Letter Briefs:

Letter dated February 16, 2010 addressed to The Honorable David O. Carter pursuant to February 12 Order.

DATED: March 2, 2010

Bingham McCutchen LLP

By: [signature]
Todd E. Gordinier
Attorneys for Non-Party
Omni 808 Investors, LLC

BINGHAM

Todd E. Gordinier
Direct Phone: 714.830.0622
Direct Fax: 714.830.0717
todd.gordinier@bingham.com

**CONFIDENTIAL FOR COURT'S *IN CAMERA* REVIEW PURSUANT TO FEBRUARY 12 ORDER**

February 16, 2010

**Via Messenger**

The Honorable David O. Carter
Courtroom 9D
411 West Fourth Street
Santa Ana, CA 92701-4516

**Re: Mattel, Inc. v. MGA Entertainment, Inc. et al
USDC CASE NO. SACV 04-09049 DOC (RNBx)**

Dear Judge Carter:

Late Friday afternoon we received a copy of your Order Regarding Discovery Issues that was issued the same day in the *Mattel v. MGA* case. On page 3 paragraph 15 of the Order, the Court instructs the MGA Parties and Omni Parties (which we understand to mean non-party Omni 808 Investors, LLC (hereinafter "Omni")) to "submit for the Court's *in camera* review all documents responsive to the 'list' purportedly delivered by Mattel's counsel to Omni 808's counsel that is referenced in Paragraph 7 of Mattel's Listing of Certain Discovery Disputes," on or before Tuesday, February 16, 2010. We have spent the President's Day weekend trying to ascertain what documents Mattel could possibly be referring to in its submission to the Court.

We have reviewed Paragraph 7 of Mattel's Listing of Certain Discovery Disputes filed on Thursday, February 11, 2010, which includes Mattel's unsupported and untrue assertion that "MGA and the Omni Parties are still withholding documents relating to the sources of funding … for the Wachovia debt acquisition." It is remarkable that Mattel not only claims that Omni is withholding documents, but also represents to the Court that Omni "*ha[s] produced virtually nothing*" relating to the sources of funding.

Mattel also asserts in Paragraph 7 that "Larian recently admitted in deposition to providing funding of Leon Farahnik (while denying that it was for Omni 808 or its members and claiming he could not remember their amounts or timing), but such documents remain unproduced." I have never met or spoken to

Boston
Hartford
Hong Kong
London
Los Angeles
New York
Orange County
San Francisco
Santa Monica
Silicon Valley
Tokyo
Walnut Creek
Washington

Bingham McCutchen LLP
Plaza Tower, 18th Floor
600 Anton Boulevard
Costa Mesa, CA
92626-1924

T 714.830.0600
F 714.830.0700
bingham.com

Mr. Farahnik and I do not know what his relationship is with Mr. Larian, but I do know that he is not a member of Omni and has no connection to Omni's purchase of debt from Wachovia.[1]

As I have represented, Omni has produced thousands of pages of documents in its possession regarding the Wachovia debt acquisition including numerous documents showing *the source of all funds* used to purchase the debt. While it is difficult to "prove" a negative, the simple truth is that all of the documents and testimony have long since demonstrated that Mr. Larian did not provide any of Omni's equity funding, is not a member of Omni and has no ability to control or direct any of Omni's activities. Omni is not withholding any documents that contradict the uncontested facts regarding Omni's acquisition of the MGA debt from Wachovia.

The truth is that Mattel has known for at least the past 10 months where every dollar came from that Omni used to purchase the MGA debt obligation from Wachovia Bank. Contrary to Mattel's representation to the Court that the Omni Parties "*have produced virtually nothing*," non-party Omni, its non-party members and its non-party attorneys have produced well in excess of 30,000 documents relating to the Wachovia transaction, including the source of all equity and debt financing, and have endured many hours of deposition discussing all aspects of the transaction. Mattel's problem is not a lack of information, rather Mattel's problem is that the abundance of testimony and documentary evidence refutes each of its baseless theories.[2]

[1] There is also an assertion in that paragraph that MGA is paying Bingham's fees. Mattel's counsel knows that is untrue - even if it were pertinent - as he was told by Mr. Kadisha, under oath, that Omni is paying Bingham's fees but intends to seek from MGA the reimbursement it is entitled to under the terms of the original Wachovia loan documents since assumed by Omni.

[2] After receiving the Court's Order, we immediately contacted Mattel's counsel, Michael Zeller, to obtain a copy of the "list" that he claimed to have previously delivered to us at an unspecified time in the past. I do remember being handed a document by Mr. Zeller without comment last year. However, since that time, Mattel has never *mentioned* it again and there has been no discussion of it in my presence by anyone. As a result, not only is there no "discovery" outstanding respecting Omni, no dispute has ever been raised by Mattel with us. The reason for that is clear – because Mattel knows that any documents in Omni's possession that are conceivably relevant to this action have been produced. I assume you have never seen the document Mattel is now referring to but it

As I outlined to the Court (and uncontroverted by Mattel in that discussion), the Omni members funded its equity without any money coming from Mr. Larian. As Mr. Kadisha explained at his deposition, Larian caused certain entities to make a loan to Omni with "no equity participation in it, and there is no control whatsoever in the operation of Omni 808 or decision-making process." (Kadisha Depo., 78:6-15.)[3] Omni's corporate governance documents corroborate the funding documents. (For the Court's review, we have enclosed a CD containing all documents relating to the Wachovia transaction, including the sources of funding, that have been produced by the Omni Parties.) To help you sort through the CD, I will attach some documents as hard copy exhibits here as well.

I have attached as Exhibit A a copy of the *Omni 808 Investors, LLC Summary Of Uses Of Funds* (Bates Nos. OMNI0001692, 0005449, 0005451) which, as I told you and the parties, identifies Omni's sources of funds as follows:

| *Equity Capital* | |
|---|---|
| Neil Kadisha[4] | $10,000,000 |
| Gold Leaf Investments, LP | $10,000,000 |
| Moinian Development Group[5] | $10,000,000 |
| Vision Capital, LLC | $10,000,000 |
| Nazarian Family Trust | $ 5,000,000 |

purports to request documents that have nothing whatsoever to do with the *sources of funding for the Wachovia debt acquisition.*

[3] Mr. Kadisha explained that "I will reduce my risk if Mr. Larian is, in a way, putting some money as a loan here and has some skin at risk." (Kadisha Depo., 171:10-12.)

[4] As stated in our meeting, Mr. Kadisha testified at his deposition that he subsequently acquired Mr. Gozini's interest in Omni in 2009 so he now has $15,000,000 interest in Omni.

[5] Pursuant to the First Amendment to the Limited Liability Agreement of Omni 808 Investors, LLC (Bates No. OMNI0010245), Moinian Development Group transferred its interest to Omni TMG (The Moinian Group), LLC in or about April 2009.

| | |
|---|---|
| Gozini Charitable Trust | $ 5,000,000 |
| *Debt Capital* | |
| IGWT 826 Investments, LLC | $60,000,000 |

This summary is corroborated by the actual unredacted wire transfer confirmation receipts showing where the funds originated (i.e., the respective Omni member's bank accounts) as well as the Omni bank account into which such funds were deposited (Bates Nos. OMNI0010390-96, and VISION000151, all of which are attached hereto as Exhibit B). These monies were transferred to Wachovia when the transaction closed.

I have also attached as Exhibit C Omni's Limited Liability Company Agreement (Bates Nos. OMNI0010257-300) and its Amendment to the Limited Liability Company Agreement (Bates Nos. OMNI0010245-256) that identified the sources of its equity capital, the "Secured Delayed Draw Demand Notice" (Bates Nos. OMNI0000003-13), the "Amended and Restated Subordinated Promissory Note" (Bates No. OMNI0003991) that identified IGWT 826 Investors, LLC as the entity that loaned Omni's $60 million for debt capital.

In sum, the uncontradicted documents and testimony reflect that, as Mattel has known for many months, there is no basis for any allegation that Mr. Larian was the source of any Omni equity and, as a result, has no interest in or control over the affairs of Omni. As I told you previously, Omni has complied with every Court Order to date and since Omni's most recent document production, in October 2009, Mattel has failed to raise a single issue with Omni's counsel concerning any deficiency in Omni's document productions.[6]

In *Mattel, Inc. v. Walking Mountain Productions*, Judge Lew of the Central District Court sanctioned Mattel and this same counsel for serving discovery requests intended to "exert pressure" on non-party witnesses and found

[6] Certainly, had Mattel suspected that additional information existed but was not produced, Mattel would have filed however many motions necessary to compel the production of such information. Mattel is no stranger to motion practice. Because Omni already produced the relevant information that Mattel requests, and because Mattel's other requests are entirely improper, it appears Mattel had no purpose for asking the Court to order Omni to produce documents (which it already possesses) other than to harass the Omni Parties -- a strategy for which Mattel and its lead trial counsel are infamous in this Circuit. *See Mattel, Inc. v. Walking Mountain Productions*, 353 F. 3d 792, 814 (9th Cir. 2003).

that "a pattern is clear in this case that [Mattel's counsel] files these oppressive subpoena requests ... for the purpose of annoying and harassment and not really for the purpose of getting information.") The Ninth Circuit Court of Appeals affirmed the ruling and the sanctions. This is precisely what Mattel and its counsel are doing here.

Although I have not been present at a number of hearings, I understand that Mattel continues to make unsupported assertions regarding Lexington Financial and its loan to Vision Capital. Not only are their assertions unsupported, the entire issue is a red herring. Prior to the transfer of the case from Judge Larson to Your Honor, Mattel took the deposition of Vision Capital's principal, Leon Neman, who testified that Lexington was a company based in Europe that had made several prior loans to the Nemans and that it had no relation to MGA or Larian. Unsatisfied with this testimony, Mattel sought to take the deposition of Vision Capital's outside attorney, Fred Mashian, who was retained to facilitate the loan. Mr. Mashian testified at length regarding the loan from Lexington to Vision Capital and repeatedly confirmed that there is no relation between Lexington and MGA or Larian. After the case was transferred to Your Honor, in an effort to create the appearance of a discovery dispute, Mattel now complains that it needs the deposition of Lexington's principal, Mr. Samhoui, and that it wants loan documents relating to the Lexington loan to Vision Capital which the Court previously denied. (*See* Discovery Master Order No. 8 (denying Mattel's *ex parte* application for an order deeming its subpoena on Lexington Financial, LLC properly served and holding that Mattel's subpoena to Lexington was invalid); Order No 14 (denying Mattel's *ex parte* application for an order requiring Lexington Financial, Ltd to preserve documents and holding that Mattel has not served "any subpoena" on Lexington Financial, Ltd); and Order No. 70, pp. 11-13 (holding that Vision Capital, LLC is not required to produce documents from its lenders, including Lexington Financial, Ltd.))

To demonstrate to the Court that Lexington Financial made a bona fide loan to Vision Capital (which had nothing whatsoever to do with MGA or Larian as both Mr. Neman and Mr. Mashian testified), we have attached as Exhibit D a copy of the Promissory Note and a bank statement reflecting the transfer of $10 million.

Accordingly, Omni respectfully requests that the Court put a stop to this serial discovery abuse respecting non-party Omni and direct this nonsense to cease. In that connection, Omni also respectfully asks you to consider whether Mattel's representations, specifically the representations made in paragraph 7 of its Listing of Certain Discovery Disputes, were truthful and complied with Mattel's counsel's obligations under the Code of Professional

David O. Carter
February 16, 2010
Page 6

Responsibility, Federal Rule of Civil Procedure 11, the District Court's Local Rules and 28 USC § 1927.

Very truly yours,

Todd E. Gordinier

Enclosures

Bingham McCutchen LLP
bingham.com

A/73294238.4

**PROOF OF SERVICE BY FEDERAL EXPRESS TO COUNSEL**

I am over eighteen years of age, not a party in this action, and employed in Orange County, California at 600 Anton Boulevard, 18th Floor, Costa Mesa, California 92626-1924. On **March 2, 2010**, I served the attached document(s) listed below on this date before 5:00 p.m. PST:

**NOTICE OF LODGING IN RESPONSE TO COURT'S MARCH 1, 2010 ORDER DIRECTING LODGING OF LETTER BRIEFS**

☒ (BY MAIL) by causing a true and correct copy of the above to be placed in the United States Mail at Costa Mesa, California in sealed envelope(s) with postage prepaid, addressed as set forth below. I am readily familiar with this law firm's practice for collection and processing of correspondence for mailing with the United States Postal Service. Correspondence is deposited with the United States Postal Service the same day it is left for collection and processing in the ordinary course of business.

John B. Quinn
Michael T. Zeller, Esq.
Jon D. Corey, Esq.
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543

Jason D. Russell, Esq.
Skadden, Arps, Slate, Meagher & Flom LLP
300 South Grand Avenue, Suite 3400
Los Angeles, CA 90071-3144

Mark E. Overland, Esq.
Alexander H. Cote, Esq.
Overland Borenstein Scheper & Kim LLP
601 W. 5th Street, 12th Floor
Los Angeles, CA 90017

Melinda Haag
Annette L. Hurst
Warrington S. Parker
Orrick, Herrington & Sutcliffe LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105

William A. Molinski
Orrick, Herrington & Sutcliffe LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA 90017

Thomas S. McConville
Orrick, Herrington & Sutcliffe LLP
4 Park Plaza, Suite 1600
Irvine, CA 92614

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made and that this declaration was executed on **March 2, 2010**.

Paul A. McConnell