Maria Maldonado-Bashaw, Bar No. 174252
LAW OFFICES OF MARIA M. BASHAW
1920 Main Street, Suite 1090
Irvine, California 92614
maria.bashaw@mbashawlaw.com
Telephone:  (949) 873-3048
Facsimile:  (949) 334-1136

Attorneys for Non-parties
MARIA BASHAW and
INTERNATIONAL CORPORATE
ADVISORS, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation,<br><br>        Plaintiff,<br><br>              v.<br><br>MGA ENTERTAINMENT, INC., a California corporation, et al.,<br><br>        Defendant.<br><br><hr>AND CONSOLIDATED ACTIONS. | Case No. CV 04-9049 DOC (RNBx)<br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>**DISCOVERY MATTER**<br><br><u>Hon. David O. Carter</u><br><br>**NON-PARTIES MARIA BASHAW AND INTERNATIONAL CORPORATE ADVISORS, LLC'S, MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MATTEL, INC.'S MOTION TO COMPEL DOCUMENTS**<br><br>Date: March 9, 2010<br>Time: TBD<br>Place: Courtroom 9D |

# TABLE OF CONTENTS

Page

I.   INTRODUCTION .................................................................................. 1

II.  STATEMENT OF FACTS..................................................................... 2

    A.   Mattel Refused to Withdraw the Subpoenas...................................... 5

    B.   Mattel's Motion to Compel Cites No Authority To Support Its Allegations................................................................................... 5

    C.   Mattel Failed And Refused To Meet And Confer In Good Faith ....... 6

III. MATTEL'S MOTION SHOULD BE DENIED BECAUSE IT IS PROCEDURALLY DEFECTIVE ...................................................... 7

    A.   Mattel's Failure to Meet and Confer Violated the Local Rules by Failing to Sufficiently Meet and Confer in Good Faith ............... 7

    B.   Mattel Violated Other Local Rules.................................................... 8

IV.  MATTEL'S MOTION SHOULD BE DENIED BECAUSE IT HAS NO MERIT ....................................................................................... 9

V.   MATTEL HAS FAILED TO ARTICULATE HOW ITS REQUESTS TO NON-PARTIES ARE RELEVANT ................................................ 11

VI.  MATTEL'S SUBPOENAS ARE OVERLY BROAD ON THEIR FACE ............................................................................................... 12

VII. THE NON-PARTIES SHOULD BE REIMBURSED FOR THEIR COSTS INCURRED IN RESPONDING TO MATTEL'S UNNECESSARY AND UNJUSTIFIED MOTION TO COMPEL ........... 14

VIII. CONCLUSION ................................................................................... 15

A/72840784.2

# TABLE OF AUTHORITIES

Page

Cases

American Standard Inc. v. Pfizer Inc.
  828 F.2d 734 (Fed. Cir. 1987) ......................................................................... 9

Beinin v. Center for Study of Popular Culture
  2007 WL 832962, *5 (N.D. Cal. 2007) ............................ 9, 10, 12, 13

Compaq Computer Corp. v. Packard Bell Electronics, Inc.
  163 F.R.D. 329 (N.D. Cal. 1995) .............................................................. 9, 10

Concord Boat Corp. v. Brunswick Corp.
  169 F.R.D. 44 (S.D.N.Y. 1996) ...................................................................... 10

Cram v. Electronic Data Systems Corp.
  2008 U.S.Dist. Case No. 07cv1842-LAB (NLS) LEXIS 5703 *5
  (Jan. 25, 2008) ............................................................................................. 14

Exxon Shipping Co. v. U.S. Dept of Interior
  34 F.3d 774, 779 (9th Cir. 1994) ............................................................ 9, 13

Fairview Development Corp. V. Aztex Custom Homebuilders, LLC
  No. CV-07-0337-PHX-SMM, 2008 WL 2113492 AT *1 (D.Ariz.
  May 16, 2008) .............................................................................................. 13

Gonzales v. Google, Inc.
  234 F.R.D. 674, 680 (N.D. Cal. 2006) ................................................... 11, 12

Katz v. Batvia Marine and Sporting Supplies, Inc.
  984 F.2d 422 (Fed. Cir. 1993) ......................................................................... 9

In re Biovail Corporation Securities
  247 F.R.D. 72, 75 (S.D.N.Y. 2007) ............................................................... 10

Mattel, Inc. v. Walking Mountain Productions
  353 F.3d 792 (9th Cir. 2003) ........................................................................ 12

Moon v. SCP Pool Corp.
  232 F.R.D. 633 (C.D. Cal. 2005) ........................................... 9, 10, 11, 12

Oppenheimer Fund, Inc. v. Sanders
  437 U.S. 340, 351 (1978) ................................................................................ 9

Schaaf v. SmithKline Beecham Corp.
  233 F.R.D. 451 (E.D.N.C. 2005) ................................................................... 10

Solarex v. Arco Solar, Inc.
  870 F.2d 642 (Fed. Cir. 1989) ......................................................................... 9

# TABLE OF AUTHORITIES
### (continued)

Page

Williams v. City of Dallas
    178 F.R.D. 103 (N.D. Tex. 1998) ................................................................9, 10

Statutes

Fed. R. Civ. Proc. 26 ................................................................ 9

Fed. R. Civ. Proc. 26(b)(2)(iii) ................................................ 12

Fed. R. Civ. Proc. 26(c) .......................................................... 13

Fed. R. Civ. Proc. 37(a)(5)(B) ................................................ 14

Fed. R. Civ. Proc. 45(c)(3) ...................................................... 13

Rules

Local Rule 6-1 ......................................................................... 7

Local Rule 11-6 ....................................................................... 7

Local Rule 37-1 ...................................................................5, 7, 8

Local Rule 37-2 .................................................................... 7, 8

Local Rule 37-2.2 ..................................................................... 8

# I.     INTRODUCTION

Maria Bashaw ("Bashaw") and International Corporate Advisors, LLC ("ICA") (the "Non-parties") have been served by Mattel, Inc. ("Mattel") with subpoenas in connection with this matter.  Mattel's motion to compel ignores the relevant case history and Ninth Circuit precedent governing third party subpoenas and is replete with inaccurate and misleading representations regarding the facts and applicable law.

Maria M. Bashaw, as counsel for ICA and Bashaw has completed this Opposition to Mattel's Motion to Compel in a limited time frame, rather than in the time frame permitted by the Federal Rules of Civil Procedure to comply with pressures exerted by Mattel's counsel in his numerous emails sent between February 28 and March 1, 2010 to complete any motion within a shortened period of time.

In its motion to compel, Mattel requests that the Court compel the Non-parties to produce documents because, among other things, (1) they are allegedly "agents" of Lexington Financial Ltd. ("Lexington") (a non-party) which apparently loaned money to another non-party to this case (2) Mattel has been unable to obtain documents from parties that are completely un-related to the Non-parties herein and (3) because the documents they seek *may* be pertinent to Mattel's RICO claims.

The overall theme of Mattel's motion appears to be that Mattel seeks documents from the Non-Parties that it has not been able to obtain from parties to the case.  Mattel's assertions and the totality of its motion to compel are false, tenuous, and procedurally defective and fail on the merits.  As the Non-parties have told Mattel, there are no documents to be produced, therefore the issue is moot.  The subpoenas on their face are overly broad and unduly burdensome to a Non-party. Furthermore, Mattel has failed to articulate and legally justify that any documents it seeks are relevant to its case, The motion to compel should be denied.

The Court should deny Mattel's motion to compel and counsel should be required to reimburse the Non-parties for their expenses incurred in connection with opposing Mattel's unjustified and unnecessary motion.

## II.   STATEMENT OF FACTS

Bashaw is an attorney based in Irvine, California.  ICA is a company based in Irvine, California providing corporate formation services nationally and internationally.  Bashaw is a principal of ICA. Neither of the Non-parties is in any way related to the parties in this case.

In early 2006, well before any transactions at issue in this case transpired, ICA was hired in its capacity as a business consultancy company, to register Lexington in Nevis and other related business matters.  On or about, December 2009, Bashaw was contacted by Trust Services (Nevis) Ltd. ("Trust Services") and given verbal authorization to contact Mr. Michael Zeller, counsel for Mattel, and inform him that Trust Services would not be responding to a subpoena allegedly served on Lexington by Mattel. Bashaw called and spoke with Michael Zeller and relayed the information as directed by Trust Services. Bashaw has a business relationship with Trust Services that is unrelated to Lexington or the matter at hand, but agreed to make the call on behalf of Trust Services. Mattel's counsel was advised of this relationship.

Mattel's counsel chose to ignore this information and issued broadly worded subpoenas for production of documents to the Non-parties regarding Lexington, and other entities or individuals.

The Non-parties filed objections to Mattel's subpoenas on February 10, 2010.  On February 23, 2010 Mattel's counsel contacted Bashaw via email,

wherein he threatened to file this motion to compel and made many baseless allegations. [1]

Bashaw responded to Mattel's counsel and explained as she indicated in her objection, that she had no documents to produce and would file an amended response to so indicate. The parties continued to communicate the next 2 days via email. Three days after the initial communication, Friday, February 26, 2010, at 4:40pm Mr. Zeller sent Bashaw an email asking if the Non-parties would be modifying the objection "Otherwise, we will be proceeding with our motion."[2] Ms. Bashaw promptly responded via her mobile telephone to Mr. Zeller's email indicating that a proper response would be forthcoming. The following day, *Saturday*, Mr. Zeller filed his motion to compel, thereby giving the Non-parties only *Friday night* and a part of Saturday, a non-business day, to research its files and make a determination on the allegations to prevent the filing of a motion to compel, even though the Non-parties found it to be unwarranted.

It appears that Mattel is on a fishing expedition for information that is irrelevant to this case. Mattel's motion to compel, which consists of what is labeled a "Memorandum of Points and Authorities" that is about 3 pages long and which

---

[1]

**From:** Michael T Zeller [mailto:michaelzeller@quinnemanuel.com]
**Sent:** Tuesday, February 23, 2010 10:12 AM
**To:** 'Maria M. Bashaw'
**Cc:** 'McConville, Thomas'; 'Hurst, Annette'; 'Peter.Villar@Bingham.com'
**Subject:** Mattel v. MGA

Ms. Bashaw, I am writing for Mattel in advance of a motion to compel International Corporate Advisors ("ICA") and to you. As you know, you and ICA have acted on behalf of Lexington Financial, including in setting up and maintaining its mail drop in London and in other capacities as well, and have documents regarding the formation of Lexington, the identity of its other agents and its relationship to persons and entities at issue in this case. The Court has already ruled such information is relevant and discoverable. Please promptly confirm that ICA and you will produce the documents we have requested and produce a log of any responsive documents withheld for any reason. Otherwise, we will seek relief from Judge Carter.

[2] Email from Michael Zeller to Maria Bashaw, Friday, February 26, 2010, 4:40 pm.

does not contain a single authority, consists mainly of a diatribe of representations
apparently made by other non-parties, transactions that may or may not have
involved the parties and other non-parties to this action, but no where does the
moving party, Mattel, cite authority to support its motion to compel a non-party to
produce documents that *may be pertinent*.

Counsel for the Non-parties has attempted, in good faith, to discuss the
issues surrounding Mattel's subpoenas with Mattel's counsel. As explained in
detail below, Mattel failed to meet and confer in good faith and showed no
intention of it from the outset.  Mattel abruptly filed its motion to compel even
after Counsel for the Non-parties attempted to explain why the subpoenas were
unnecessary in the first place.

Mattel's motion is procedurally defective and fails on its merits.  Mattel's
hostile and unprofessional approach in their overly broad, unjustified, non-party
subpoenas is inexcusable.

Mattel's motion to compel makes the argument that ICA and Bashaw should
be compelled simply because documents "may establish...[s]uch matters
are...pertinent to Mattel's RICO claims... and the credibility of witnesses...." ICA
and Bashaw are non-parties to this litigation.  Mattel makes nothing more than
baseless allegations that the evidence it seeks is "pertinent" to "the credibility of
witnesses," but does not demonstrate that the particular discovery at issue here is
reasonably calculated to lead to the discovery of such evidence. Moreover, Mattel
does not cite legal authority supporting this assertion to meet its burden.

If there is any information that is relevant and not privileged and therefore
responsive, Mattel as the moving party must show that it is highly relevant and not
merely allege that the information "may establish" or that it may be "pertinent."
Mattel has not met its burden.

As the Ninth Circuit held, "the subpoena power is a substantial delegation of
authority to private parties, and those who invoke it have a grave responsibility to

ensure it is not abused." *Theofel v. Farey-Jones*, 341 F.3d 978, 984 (9th Cir. 2003).  Mattel has failed to meet its obligation in this regard.

### A.    Mattel Refused to Withdraw The Subpoenas

Bashaw in its communications with Mattel's counsel, explained that she had no documents to produce and requested that Mattel's subpoena be withdrawn. (*See* ¶5, Decl. of Maria M. Bashaw in Support of Opposition to Mattel's Motion to Compel ("Bashaw Decl.")  Mattel's counsel refused to withdraw the subpoena, continuing to allege that Bashaw should have documents to produce.  These communications occurred over a matter of 3 days. Clearly, Mattel had no intention of coming to a resolution of the matter and had full intention to file the motion to compel regardless of the facts and its obligation under the law.  Mattel then filed their motion to compel on *Saturday*, February 26, 2010.

### B.    Mattel's Motion to Compel Cites No Authority  to Support its Allegations

Local Rule 37-1 states that the moving party must "provide any legal authority which the moving party believes is dispositive of the dispute as to that issue/request...."  In filing a motion to compel, the moving party has a greater burden to show the Court why a non-party, rather than a party to the case, should be compelled to produce documents.  The moving party in fact has to show that the information it seeks is "highly relevant" in order for the non-party to be compelled.

Mattel having the burden in this matter did not cite any authority whatsoever to support its allegations that the Non-parties should be compelled to disclose any information. Mattel only alleges that the information it seeks is pertinent, but never provides legal authority to support its allegation.

Mattel failed to meet its burden and therefore, its motion to compel should be denied.

-5-

### C.   Mattel Failed And Refused To Meet And Confer In Good Faith

Bashaw and ICA served objections to Mattel's subpoenas on February 10, 2010.  (Bashaw Decl. ¶3)

On February 23, 2010, counsel for the Non-parties told counsel for Mattel that (1) Bashaw had no documents to produce and (2) that counsel for ICA had insufficient information to respond via email as to what was responsive at that point. (Bashaw Decl. ¶¶5-6)

Counsel for the Non-parties told Mattel's counsel that an amendment would be filed on behalf of Bashaw to clarify that no responsive information existed thereby obviating a need for the motion to compel. Counsel for ICA demonstrated a willingness to cooperate with Mattel and offered information sought by Mattel. ICA's counsel explained to Mattel's counsel that Lexington was no longer ICA's client and therefore documents related to Lexington were returned to its owner. Mattel's counsel immediately threatened to file a Motion to Compel.  (Bashaw Decl., ¶¶5-7.)   Moreover, as set forth in the Non-parties' Objections, the Non-parties never had documents related to other individuals or entities mentioned in Mattel's subpoenas and never heard of those individuals or entities prior to receipt of the subpoenas.

Bashaw continued to cooperate with Mattel's counsel and showed eagerness and desire to discuss the matter and avoid the filing of the motion to compel, as well as reiterating that she had no responsive documents and ICA had not determined if any documents it may have were responsive.

At no time during the exchange of emails over a 3 day period, did Mattel's counsel offer to meet and confer; instead a threat of filing the motion to compel was immediately made.  Although counsel for Bashaw and ICA requested time to respond to Mattel's requests, without meeting and conferring at all, Mattel abruptly filed its motion to compel *the next day* (Saturday February 27).  It is obvious that

Mattel had no intention of meeting or conferring.  Mattel was no doubt prepared to file its motion to compel well in advance of contacting Bashaw on the 23rd February.

## III.   MATTEL'S MOTION SHOULD BE DENIED BECAUSE IT IS PROCEDURALLY DEFECTIVE

The Federal Rules of Civil Procedure, the Central District's Local Rules, including without limitation Local Rules 6-1, 11-6, 37-1 and 37-2 govern discovery disputes.  Mattel's Motion to Compel violates numerous Local Rules related to this matter.

### A.    Mattel's Failure to Meet and Confer Violated the Local Rules by Failing to Sufficiently Meet and Confer in Good Faith

Prior to filing its motion to compel, Mattel failed to comply with the Local Rules' pre-filing meet and confer requirements.  Local Rule 37-1 requires, "[p]rior to filing any motion relating to discovery . . . counsel for the parties shall confer in a good faith effort to eliminate the necessity for hearing the motion. . . ."  Local Rule 37-1 also requires an "in person" conference between counsel and Mattel was required under Rule 37-1 to serve a letter "requesting such conference" upon counsel for the Non-parties. Mattel is further required to "identify each issue and/or discovery request in dispute . . . state briefly with respect to each such issue/request the moving party's position (and provide any legal authority which the moving party believes is dispositive of the dispute as to that issue/request) and specify the terms of the discovery order to be sought" in that letter.  Mattel did <u>not</u> satisfy these requirements.

Mattel's counsel did not meet and confer in good faith.  In fact, as explained above, Mattel's counsel fully intended to file the motion to compel prior to making its first attempts at communicating with the Non-parties on February 23, 2010. Counsel for the Non-parties made a reasonable proposal to try to resolve the issues.

However, rather than meeting and conferring in good faith regarding the its non-party subpoenas, Mattel abruptly filed its motion to compel *on a Saturday night*.

There can be little dispute that Mattel failed to comply with the requirements of Local Rule 37-1 including, its failure to meet and confer in good faith, its failure to arrange or participate in an in-person meeting with counsel for the Non-parties, and its failure to send a letter to the Non-parties identifying each discovery request in dispute, its position with respect to each disputed request, and its legal authority supporting its position.

Because Mattel failed to comply with Local Rule 37-1, its motion to compel is procedurally defective and should be denied.

### B.   Mattel Violated Other Local Rules

Mattel violated Local Rule 37-2 by failing to file a joint stipulation of the parties' unresolved discovery disputes.  Specifically, Local Rule 37-2 states, "[if] counsel are unable to settle their differences, they shall formulate a written stipulation.  The stipulation shall be filed and served with the notice of motion." Mattel neither filed, nor even attempted to file, the requisite stipulation.  Mattel made no effort to comply with Local Rule 37-2 prior to filing its Motion to Compel.

Furthermore, Local Rule 37-2.2 states, "[f]ollowing the conference of counsel, counsel for the moving party shall personally deliver, email or fax to counsel for the opposing party the moving party's portion of the stipulation, together with all declarations and exhibits to be offered in support of the moving party's position." This too never occurred.

Because Mattel failed to comply with Local Rules 37-2 and 37-2.2, its Motion to Compel is procedurally defective and should be denied.

## IV.  MATTEL'S MOTION SHOULD BE DENIED BECAUSE IT HAS NO MERIT

In addition to the fact that Mattel's motion to compel failed to comply with its obligations under the Local Rules, the subpoenas to the Non-parties are impermissibly overbroad and unduly burdensome on their face.

The Federal Rules of Civil Procedure limit discovery if the burden of the proposed discovery outweighs its likely benefit. *See generally*, Fed. R. Civ. Proc. 26.  Courts have interpreted these rules to afford non-parties, special heightened protection against burdensome discovery. *See, e.g., Exxon Shipping Co. v. U.S. Dept of Interior*, 34 F.3d 774, 779 (9th Cir. 1994).  The fact that discovery is sought from a non-party is one factor that the Court may weigh in determining whether the discovery requested is necessary, relevant, or burdensome. *See Katz v. Batvia Marine and Sporting Supplies, Inc.*, 984 F.2d 422, 424 (Fed. Cir. 1993); *American Standard Inc. v. Pfizer Inc.*, 828 F.2d 734, 738 (Fed. Cir. 1987).  The status of a non-party is significant when determining whether compliance with a discovery demand would constitute an undue burden. *Solarex v. Arco Solar, Inc.*, 870 F.2d 642, 644 (Fed. Cir. 1989).

Moreover, whether a subpoena imposes an undue burden "is a specific inquiry that turns on the facts of each case." *Beinin v. Center for Study of Popular Culture*, 2007 WL 832962, *5 (N.D. Cal. 2007); *Williams v. City of Dallas*, 178 F.R.D. 103, 109 (N.D. Tex. 1998).  An "evaluation of undue burden requires the court to weigh the burden to the subpoenaed party against the value of the information to the serving party." *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 637 (C.D. Cal. 2005). Therefore, the relevance of the subpoenaed information is important to whether a subpoena imposes an undue burden. *Compaq Computer Corp. v. Packard Bell Electronics, Inc.*, 163 F.R.D. 329, 335 (N.D. Cal. 1995). The "status of the person as a nonparty is a factor that weighs against disclosure." *Beinin*, 2007 WL 832962, at *5.

Specifically, whether a subpoena imposes an undue burden "depends upon such factors as relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed." *Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44, 49 (S.D.N.Y. 1996); *Schaaf v. SmithKline Beecham Corp.*, 233 F.R.D. 451, 453 (E.D.N.C. 2005). A subpoena that is overbroad on its face, imposes an undue burden. *Williams*, 178 F.R.D. at 109; *In re Biovail Corporation Securities*, 247 F.R.D. 72, 75 (S.D.N.Y. 2007). Requests for documents that pertain to a party and that can be more easily and inexpensively obtained from that party also impose an undue burden. *Moon*, 232 F.R.D. at 638. Further, if the documents sought are neither relevant nor calculated to lead to the discovery of admissible evidence, "then any burden whatsoever imposed upon the non-party would be by definition undue." *Compaq Computer Corp.*, 163 F.R.D. at 335-36.

Because the Non-parties are not parties to the existing litigation, they are entitled to this special heightened protection. Mattel's subpoenas on their face are so overbroad, unduly burdensome, oppressive and harassing as to require the Non-parties to produce public records and documents produced with their counsel, which are clearly privileged.

Mattel's requests include without limitation:

- all documents that identify Lexington's officers, directors, shareholders, members, employees and agents, including the identity of all persons who have had any direct or indirect interest in or control over Lexington or who have provided Lexington with funding, loans or anything of value

- all documents that refer or relate to the existence, nature, extent or exercise of direct or indirect control over Lexington by any person.

- all documents that refer or relate to Lexington, including without limitation all communications with Lexington.

Mattel has not articulated the relevance of any of these categories of documents, and any purported relevance is outweighed by the burden of the subpoenas on their face. Therefore, Mattel's motion to compel fails on its merits.

## V.    MATTEL HAS FAILED TO ARTICULATE HOW ITS REQUESTS TO NON-PARTIES ARE RELEVANT

"Any information sought by means of a subpoena must be relevant to the claims and defenses in the underlying case. More precisely, the information sought must be 'reasonably calculated to lead to admissible evidence.'" *Gonzales v. Google, Inc.*, 234 F.R.D. 674, 680 (N.D. Cal. 2006); *see also Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 637 (C.D. Cal. 2005).

In its motion to compel, Mattel makes blanket unsupported assertions that any documents Bashaw or ICA may have to produce regarding Lexington are relevant to Mattel's RICO claims, MGA's claims about its net worth and the credibility of witnesses...." As previously stated, contrary to Mattel's assertion, neither ICA nor Bashaw is an agent of Lexington. ICA was hired in its capacity as a business consultancy company to assist in the registration of Lexington in Nevis and other related business matters in early 2006, well before any transactions at issue in this case transpired. How Mattel has drawn the conclusion that the relationship between these Non-parties and a foreign company is relevant to its RICO claims, is baffling.

Furthermore, Mattel fails to show how any documents maintained or generated from the business relationship between ICA and Lexington in anyway would support a RICO claim against a party that is unrelated to the Non-party or Lexington or how that could possibly be related to MGA's claims about its net worth or credibility of witnesses. The Non-parties do not dispute that ICA and

1    Bashaw reside in this District nor that ICA provided a service to Lexington;

2    however, that relationship does not in any way create an agency relationship and

3    subject a party to the laws of a foreign country nor does it support a logical

4    inference that documents exist to support Mattel's grossly exaggerated assertions.

5    **VI.    MATTEL'S SUBPOENAS ARE FACIALLY OVERLY BROAD**

6    **ON THEIR FACE**

7            In addition to privilege and relevance issues, Mattel's motion to compel

8    should be denied because its subpoenas are grossly overbroad. *See Gonzales,* 234

9    F.R.D. at 680 ("Overbroad subpoenas seeking irrelevant information may be

10   quashed or modified."). There is no question that the subpoenas encompass both

11   privileged communications and irrelevant documents and are therefore

12   impermissibly overbroad. (*See Mattel, Inc. v. Walking Mountain Productions,*

13   wherein the court denied the subpoena that had no bearing on the litigation, was

14   overly burdensome and was served for an improper purpose.)

15           Rule 26 of the Federal Rules of Civil Procedure requires the Court to "limit

16   the frequency or extent of discovery otherwise allowed" where "the burden or

17   expense of the proposed discovery outweighs its likely benefit, taking into account

18   the needs of the case, the amount in controversy, the parties' resources, the

19   importance of the issues at stake in the litigation, and the importance of the

20   proposed discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2)(iii). An

21   "evaluation of undue burden requires the court to weigh the burden to the

22   subpoenaed party against the value of the information to the serving party." *Moon*

23   *v. SCP Pool Corp.*, 232 F.R.D. 633, 637 (C.D. Cal. 2005). The "status of the

24   person as a nonparty is a factor that weighs against disclosure." *Beinin v. Center*

25   *for Study of Popular Culture*, No. C 06-2298 JW (RS), 2007 WL 832962, *5 (N.D.

26   Cal. 2007).

27           Even if this Court determines that there may be documents responsive to the

28   subpoenas that might be remotely relevant to this case, this Court should still deny

1  Mattel's motion to compel because, the subpoenas are overly broad and were

2  served on Non-parties that have no relationship whatsoever with any parties to the

3  action.    The relationship between the Non-parties and another non-party and

4  resulting documents from services rendered have absolutely no logical connection

5  to the unsupported assertions made by Mattel.

6         Here, there is no benefit to the discovery sought.  Mattel has not identified

7  how any documents it seeks are highly relevant.  Furthermore, even if Mattel could

8  draw some tenuous connection between some of the documents sought and its

9  RICO claims, MGA's claims about its net worth and the credibility of witnesses,

10 this Court must weigh the benefit of those documents against imposing the burden

11 on a non-party to produce them.  The burden in this case is significant considering

12 the fact that ICA is a small, private company, a non-party that provided a service to

13 another non-party completely unrelated to the underlying case. Therefore, even if

14 the Non-parties had relevant documents, the burden of producing outweighs any

15 possible benefit to Mattel.  *See Fairview Development Corp. v. Aztex Custom*

16 *Homebuilders, LLC*, No. CV-07-0337-PHX-SMM, 2008 WL 2113492, at *1 (D.

17 Ariz. May 16, 2008) ("'A court must quash or modify a subpoena that subjects a

18 person to undue burden.'") *Exxon Shipping Co. v. U.S. Dept. of Interior, et al.,* 34

19 F.3d 774, 779 (9th Cir.1994) ("Rule 26(c) and Rule 45(c)(3) give ample discretion

20 to district courts to quash or modify subpoenas causing 'undue burden.'").

21        Mattel has not shown how the information it seeks from the Non-parties is

22 relevant to the underlying case.  Therefore, because Mattel's assertions are tenuous

23 and fail to show any relevance whatsoever to the underling case, this Court should

24 deny Mattel's motion to compel.

25

26

27

28

## VII.   THE NON-PARTIES SHOULD BE REIMBURSED FOR THEIR COSTS INCURRED IN RESPONDING TO MATTEL'S UNNECESSARY AND UNJUSTIFIED MOTION TO COMPEL

Should the court deny Mattel's motion to compel, the court should order Mattel to reimburse the Non-parties' expenses and attorney's fees for successfully opposing Mattel's invalid motion.  *See* Fed. R. Civ. P. 37(a)(5)(B).

The court in *Cram v. Electronic Data Systems Corp.* found that "[a]n award of expenses to a party successfully opposing a motion to compel discovery is thus mandatory in the absence of 'substantial justification' for bringing the motion." The court ordered the party bringing an unsuccessful motion to compel to pay the opposing party's attorneys fees and costs.

The *Cram* court further found that "[a]bsent substantial justification or some special circumstance, an Order for the recovery of costs incurred to oppose an unnecessary discovery motion is appropriate, and is in fact mandated...." Mattel has failed to show that this motion to compel is substantially justified.  Moreover, Mattel filed this motion to compel without following proper procedures under the Rules. Accordingly, the court should deny Mattel's motion to compel and order Mattel to reimburse the Non-parties' expenses, including attorney's fees, in successfully opposing this improper and unnecessary motion to compel, in the amount of $7,500.

//
//
//
//
//

-14-

## VIII. CONCLUSION

For the foregoing reasons, the Non-parties respectfully request that Mattel's motion to compel be denied in its entirety and that Mattel reimburse the Non-parties their costs and attorney's fees in the amount of $7,500.

Dated: March 5, 2010                          LAW OFFICE OF MARIA M. BASHAW

By:_____

Maria M. Bashaw, 174252

Maria Maldonado-Bashaw, Bar No. 174252
LAW OFFICES OF MARIA M. BASHAW
1920 Main Street, Suite 1090
Irvine, California 92614
maria.bashaw@mbashawlaw.com
Telephone:  (949) 873-3048
Facsimile:  (949) 334-1136


Attorneys for Non-parties
MARIA BASHAW and
INTERNATIONAL CORPORATE
ADVISORS, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>MGA ENTERTAINMENT, INC., a California corporation, et al.,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS. | Case No. CV 04-9049 DOC (RNBx)<br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>**DISCOVERY MATTER**<br><br>Hon. David O. Carter<br><br>**ATTORNEY MARIA M. BASHAW'S DECLARATION IN SUPPORT OF NON-PARTIES' MARIA BASHAW AND INTERNATIONAL CORPORATE ADVISORS, LLC OPPOSITION TO MATTEL, INC.'S MOTION TO COMPEL DOCUMENTS**<br><br>Date: March 9, 2010<br>Time: TBD<br>Place: Courtroom 9D |

1

I, Maria M. Bashaw, Attorney for Maria Bashaw ("Bashaw") and International Corporate Advisors, LLC ("ICA") (the "Non-parties"), declare as follows:

1.      I am over eighteen years of age and I have personal knowledge of each of the facts set forth herein, and if called upon to testify, I could and would competently testify thereto.

2.      I make this declaration in support of the Non-parties Opposition to the Motion to Compel filed by Mattel, Inc. ("Mattel").

3.      I prepared and filed Objections to Mattel's subpoenas served on Bashaw and ICA with the Court on February 10, 2010.

4.      I served Mattel's counsel, a copy of those Objections via email at michaelzeller@quinnemanuel.com on February 10, 2010.

5.      I responded to an email received from Mattel's counsel on February 23, 2010, in which I stated that despite his allegations I did not "act on behalf of Lexington" nor did I have any documents to produce and requested that Mattel withdraw its subpoena.

6.      I further explained to Mattel's counsel in response to Mattel's email of February 23, 2010 that I had insufficient information to respond to his allegations regarding my client ICA.

7.      In the initial communication received from Mattel's counsel regarding their subpoenas, counsel threatened to file a motion to compel.

8.      Mattel's counsel made no attempts to schedule a time to meet and confer, as it was never requested or brought up in any communication between Mattel and I, as the Non-parties counsel. My responses to Mattel's counsel showed an eagerness to resolve the matters at hand and requested time to do so.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**DECLARATION OF MARIA M. BASHAW IN SUPPORT OF JUDGMENT**

1    Executed this 5th day of March 2010 at Irvine, California.

2

3

4

5                                                Maria M. Bashaw, Attorney at Law
                                                 SBN 174252
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                         3

**PROOF OF SERVICE**

I am over 18 years of age, not a party to this action and employed in the County of Orange, California at 1920 Main Street, Suite 1090, Irvine, California 92614.  I am readily familiar with the practice of this office for collection and processing of correspondence for mailing with the United States Postal Service and correspondence is deposited with the United States Postal Service that same day in the ordinary course of business.  On **March 5, 2010,** I served the attached:

**MARIA BASHAW AND INTERNATIONAL CORPORATE ADVISORS, LLC'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MATTEL, INC.'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS RESPONSIVE TO THIRD-PARTY SUBPOENAS; DECLARATION OF MARIA M. BASHAW IN SUPPORT OF NON-PARTIES OPPOSITION TO MATTEL'S MOTION TO COMPEL**

☒   by causing a true and correct copy of the above to be mailed by first class mail to:

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
Michael Zeller, Esq.
865 S. Figueroa St., 10th Fl.
Los Angeles, CA 90017-2543
Email: michaelzeller@quinnemanuel.com

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made and that this declaration was executed on **March 5, 2010**.

_____
Addie Mendez