QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  (johnquinn@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:   (213) 443-3000
Facsimile:    (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>MGA ENTERTAINMENT, INC., a California corporation, et al.,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 DOC (RNBx)<br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-2727<br><br>Hon. David O. Carter<br><br>**DECLARATION OF B. DYLAN PROCTOR IN SUPPORT OF MATTEL, INC.'S *EX PARTE* APPLICATION FOR AN ORDER TO SHOW CAUSE RE: OMNI 808'S FAILURE TO COMPLY WITH THE COURT'S FEBRUARY 12, 2010 ORDER**<br><br>Hearing Date:   TBD<br>Time:               TBD<br>Place:              Courtroom 9D<br><br>**Phase 2:**<br>Discovery Cut-off:       TBD<br>Pre-trial Conference:    TBD<br>Trial Date:                    TBD |

00505.07975/3356831.1

DECLARATION OF B. DYLAN PROCTOR

1         <u>DECLARATION OF B. DYLAN PROCTOR</u>

2       I, B. Dylan Proctor, declare as follows:

3       1.    I am a member of the bar of the State of California and a partner at Quinn Emanuel Urquhart Oliver & Hedges, LLP, attorneys for plaintiff and counter-defendant, Mattel, Inc. ("Mattel"). I make this declaration of personal, firsthand knowledge, and if called and sworn as a witness, I could and would testify competently hereto.

      2.    Attached hereto as **Exhibit 1** is a true and correct copy of an email from Michael T. Zeller to Todd Gordinier and Peter Villar, dated February 12, 2010.

      3.    Attached hereto as **Exhibit 2** is a true and correct copy of an email from Michael T. Zeller to Todd Gordinier and Peter Villar, dated February 12, 2010.

      4.    Attached hereto as **Exhibit 3** is a true and correct copy of an email I sent toTodd Gordinier and Peter Villar, dated March 3, 2010.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on March 8, 2010, at Los Angeles, California.

                                          /s/ B. Dylan Proctor
                                          B. Dylan Proctor

# EXHIBIT 1

----- Original Message -----
From: Michael T Zeller
To: 'todd.gordinier@bingham.com' <todd.gordinier@bingham.com>; 'peter.villar@bingham.com' <peter.villar@bingham.com>
Cc: 'tmcconville@orrick.com' <tmcconville@orrick.com>; Scott Watson; Dylan Proctor; Tamar Buchakjian
Sent: Fri Feb 12 15:17:35 2010
Subject: Fw: Mattel v MGA

Counsel, please find attached the Court's Order of today which, in para 15, requires the Omni Parties to submit to the Court by Feb 16 for in camera review all docs that are responsive to the doc list we previously provided to you.

----- Original Message -----
From: Siddharth_Velamoor@cacd.uscourts.gov <Siddharth_Velamoor@cacd.uscourts.gov>
To: Hurst, Annette <ahurst@orrick.com>
Cc: John Quinn; Michael T Zeller; McConville, Thomas <tmcconville@orrick.com>
Sent: Fri Feb 12 14:31:14 2010
Subject: Mattel v MGA

All -- As a courtesy, I wanted to forward you the Order with respect to the discovery issues identified by the two lists. The order will be (See attached file: 049049.02122010.001.pdf)filed and docketed later today, but that tends to take a few hours.

Siddharth Velamoor

1

EXHIBIT  1
PAGE  1

# EXHIBIT 2

**From:** Michael T Zeller
**Sent:** Friday, February 12, 2010 3:47 PM
**To:** 'Peter.Villar@Bingham.com'; 'todd.gordinier@bingham.com'; 'tmcconville@orrick.com'; 'Hurst, Annette'
**Cc:** Scott Watson; Dylan Proctor
**Subject:** Order re Omni-related documents

Here is another copy of the list that is referenced in today's Order and that was previously provided to counsel for Omni and MGA.


Michael T. Zeller

Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Direct: (213) 443-3180
Main Phone: (213) 443-3000
Main Fax: (213) 443-3100
E-mail: michaelzeller@quinnemanuel.com
Web: www.quinnemanuel.com

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the

1

EXHIBIT  2
PAGE  2

intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

EXHIBIT 2
PAGE 3

### Needed Discovery Re: Omni Financial Transactions

1. Financial records (including wire transfer documentation, checks and banking statements), communications and agreements reflecting the direct or indirect, actual, promised, proposed or prospective transfer of any item of value (including any forgiveness of indebtedness) between, on the one hand, MGA, Larian, any Larian company or any Larian trust and, on the other hand, Omni 808, any member of Omni 808 or any individual involved in an Omni 808 member since January 1, 2007.

2. Financial records (including wire transfer documentation, checks and banking statements), communications and agreements reflecting all the sources of funds, including the ultimate source of funds, for each member of Omni 808 for the debt acquisition and/or loans to or funding of MGA, Larian, any Larian company or any Larian trust.

3. Omni 808's financial and accounting statements reflecting or relating to any alleged debt owed by or funding provided to MGA, including any interest calculations thereon.

4. All agreements or understandings or proposed agreements or understandings between Omni 808 and MGA, Larian or any Larian company relating to any debt, loans or funding for, to or by MGA, including the unproduced Forebearance Agreement referenced in OMNI 0002062-64, and all communications and drafts relating thereto.

5. Documents reflecting any efforts or attempts to collect on any alleged debt owed by or funding provided to MGA or any understandings or agreements relating thereto.

6. The documents relating to any liens, encumbrances or security interests, whether actual, promised, proposed or prospective, on, in or to Bratz, including any Bratz intellectual property.

7. The documents relating to agreements and transactions between, on the one hand, Lexington Financial and, on the other hand, Vision Capital, Leon Neman or any Neman or Larian company or trust. This includes the documents that Fred Mashian testified about, such as the loan documents, formation documents, the operating agreement, SS-4, meeting of members, promissory note, security agreements and UCC's, as well as one or more personal guarantees.

8. The documents reflecting any communications with the "Mr. Samhoui" identified in Leon Neman's deposition testimony and/or the Perviz/Perry Samouhi identified in Fred Mashian's deposition testimony.

9. The documents, including agreements and financial records (including wire transfer documentation, checks and banking statements), relating to the debt(s), transfer(s) or transaction(s) referenced in (a) Isaac Larian's December 2, 2008 email exchange bearing Bates No. MGA2 0540057, (b) Isaac Larian's November 21, 2008 email exchange bearing Bates No. IGWT 14548, (c) Isaac Larian's November 14, 2008 email exchange bearing Bates No. IGWT 14397, (d) Isaac Larian's December 2, 2008 email exchange bearing Bates No. IGWT 14394-96, (e) Isaac Larian's September 15, 2008 email exchange bearing Bates No. DFI 22-001, (f) Isaac Larian's November 24, 2008 email exchange bearing Bates No. DFI

EXHIBIT __2__
PAGE __4__

23-001, and (g) Isaac Larian's December 2, 2008 email exchange bearing Bates No. DFI 25-001.

10. The documents relating to the Arsalan Gozini promissory note transaction reflected in the Durkin Report and Exhibits, including DFI 21-001-002.

11. The documents, including financial records (including wire transfer documentation, checks and banking statements), relating to the acquisition and/or transfer of any interest in Omni 808 or any MGA debt, including the purchase of Arsalan Gozini's interest as testified to by Neil Kadisha.

12. Non-privileged communications relating to Mattel and/or this lawsuit, including the Court's injunction Orders and the forensic audit, or any other documents reflecting Omni 808 or its members' awareness or knowledge of this suit and the Court's rulings.

13. The documents, including communications, relating to the formation of Omni 808 and the entity members of Omni 808, including Vision Capital.

14. To the extent not produced in response to any other category, all communications with Isaac Larian, Angela Larian, Shirin Makabi and/or Leon Farahnik since January 1, 2008.

15. To the extent not produced in response to any other category, Omni 808's banking statements.

16. To the extent not produced in response to any other category, the banking statements of Lexington Financial referring to or reflecting any funds transferred to or received by Vision Capital, Leon Neman or any Neman or Larian company or trust.

17. To the extent not produced in response to any other category, the banking statements of each member of Omni 808 since January 1, 2008.

18. Phone records and any other documents reflecting or relating to Neil Kadisha's phone calls to Robert Eckert from May 1, 2008 through the present.

19. Documents sufficient to identify the nature, extent and terms of any common investments or other business dealings that involve both, on the one hand, MGA, Larian, any Larian company or any Larian trust and, on the other hand, Omni 808, any member of Omni 808 or any individual involved in an Omni 808 member since January 1, 2004, including if applicable Omninet Biofuels, LP, Omninet Biofuels II, L.P. and/or PWP Industries.

20. Deposition and trial transcripts of testimony by Neil Kadisha, along with any exhibits referenced, including from In re Uzyel Irrevocable Trust, BP 058 898 (L.A. Sup. Ct.).

21. Fee and indemnity agreements (however memorialized) for Omni 808 and/or any member of Omni 808.

EXHIBIT 2
PAGE 5

# EXHIBIT 3

**From:** Dylan Proctor
**Sent:** Wednesday, March 03, 2010 12:47 PM
**To:** 'todd.gordinier@bingham.com'; 'Villar, Peter N.'
**Cc:** Michael T Zeller
**Subject:** Mattel v. MGA

Counsel,

We have received the notice of lodging belatedly filed by Omni 808 today, attaching your improper February 16, 2010 letter to the Court. Putting aside the improper *ex parte* argument that letter presents, it appears, from our review of the letter, that the Omni Parties have not complied with the Court's February 12 Order.

The Court's February 12 Order unambiguously required the "Omni Parties" to produce for the Court's *in camera* review by February 16 "all documents responsive to the 'list' purportedly delivered by Mattel's counsel to Omni 808's counsel that is referenced in Paragraph 7 of Mattel's Listing of Certain Discovery Disputes." According to your letter, however, the Omni Parties other than Omni 808 purported to unilaterally exclude themselves from the scope of the Court's Order, and did not submit documents as ordered – even though the list itself makes clear that the Omni Parties include not just Omni 808 but also its members and principals of those members. *See, e.g.*, Request No. 1 (seeking documents relating to transfers involving "Omni 808, any member of Omni 808 or any individual involved in an Omni 808 member since January 1, 2007").

Moreover, even Omni 808 appears not to have complied. Rather than produce *in camera* all documents responsive to the list as ordered, Omni 808 appears to have attached a sampling of documents it cherry picked to make the points it wished to make, and did *not* attach all documents responsive to the list because the list purportedly "requests documents that have nothing whatsoever to do with the *sources of funding for the Wachovia debt acquisition*." The Omni Parties thus are in direct violation of the Court's Order.

Please let us know if you wish to respond or clarify the Omni Parties' position. Please also be advised that, absent assurance that the Order as written has been fully complied with, Mattel will seek appropriate relief from the Court, including the issuance of an OSC re sanctions. In particular, please confirm that, as ordered, the Omni Parties – including Omni 808, its members and any principals of its members -- have each produced all documents responsive to the requests in the list for the Court's *in camera* review. For your convenience, we have once again attached the list of requests to this email; as you know, it has been provided to you several times previously.

Best regards,


**Dylan Proctor**
*Partner,*
**Quinn Emanuel Urquhart Oliver & Hedges LLP.**

865 S. Figueroa St 10th Floor
Los Angeles, Ca 90017

1

EXHIBIT 3
PAGE 6

213-443-3112 Direct
213.443.3000 Main Office Number
213.443.3100 FAX
dylanproctor@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

EXHIBIT  3
PAGE  7