QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  (johnquinn@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:   (213) 443-3000
Facsimile:    (213) 443-3100

Attorneys for Mattel, Inc.

ORRICK, HERRINGTON & SUTCLIFFE LLP
  Annette L. Hurst (Bar No. 148738)
  (ahurst@orrick.com)
The Orrick Building
405 Howard Street
San Francisco, CA 94105
Telephone:  415-773-5700
Facsimile:   415-773-5759

Attorneys for MGA Parties

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation,<br><br>             Plaintiff,<br><br>     vs.<br><br>MGA ENTERTAINMENT, INC., a California corporation, et al.<br>             Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 DOC (RNBx)<br><br>Consolidated with<br>Case No.    CV 04-09059<br>Case No.    CV 05-2727<br><br>Honorable David O. Carter<br><br>STIPULATION REGARDING SCHEDULE FOR COMPLIANCE WITH THE ELECTRONIC DISCOVERY SPECIAL MASTER'S JANUARY 21, 2010 REPORT AND RECOMMENDATION<br><br>**Phase 2:**<br>Disc. Cut-off:       TBD<br>Pre-trial Conf.:     TBD<br>Trial Date:           TBD |

Mattel, Inc. ("Mattel") and MGA Entertainment, Inc. and Isaac Larian (collectively, the "MGA Parties"), by and through their respective counsel of record, hereby stipulate and agree as follows, subject to approval by the Court.[1]

<u>The Report and Recommendation.</u>  The Electronic Discovery Special Master, Judge Smith, issued a Report and Recommendation dated January 21, 2010.  The MGA Parties appealed from only one portion of that Report and Recommendation, relating to the inspection of Mr. Larian's hard drives.  The balance of the Report and Recommendation appropriately may be, but to the parties' knowledge has not yet been, entered as an Order of the Court.

There are four outstanding issues relating to the compliance with the requirements of the Report and Recommendation.

1. <u>Ronald Brawer Hard Drives/Media.</u>

A. The MGA Parties will arrange for immediate delivery of Mr. Brawer's hard drives/media to the Court-appointed forensic experts for expeditious examination.

B. On March 3, 2010, Mattel provided proposed search terms for the Brawer media to the MGA Parties.  On March 8, 2010, MGA provided proposed search terms for the Brawer hard drive to Mattel.  On or before March 10, 2010, the parties shall agree on search terms and search methods to be used by the Court-appointed experts in searching Mr. Brawer's media.  If the parties are unable to reach agreement by March 10, 2010, they shall request a hearing with the Electronic Discovery Special Master to resolve any unresolved issues, which request shall be made on or before March 10, 2010.  The Court-appointed experts shall examine the Brawer media pursuant to the agreement or other resolution reached per the above.

---

[1] The parties have been unable to reach agreement on certain issues. As to those issues, the parties' respective proposals as to the appropriate language of an Order are set forth herein.

C. The Court-appointed experts shall deliver any and all documents located pursuant to this examination to Mr. Brawer's personal counsel, Lynette Brawer. The MGA Parties represent that Lynette Brawer is separate from, and does not represent, the MGA Parties.

[[[**Mattel's Position on Appropriate Language of 1(D):**  Within 7 days of delivery of such documents (a deadline which may be extended upon a showing of good cause), Mr. Brawer's counsel shall (1) complete a review of such documents for (a) privileged Brawer information and/or (b) private and nonresponsive Brawer information; (2) produce to all parties a log of all documents withheld as either (a) privileged or (b) private and nonresponsive, regardless of date; and (3) produce to counsel for Mattel, and not the MGA Parties, all other documents retrieved from Mr. Brawer's media. This review will only be for (1) privileged Brawer information and/or (2) private and nonresponsive Brawer information.

**MGA's Position on Appropriate Language of 1(D):**  Upon being provided with results of the search, Mr. Brawer's counsel shall (1) complete a review of such documents for (a) privileged Brawer information and/or (b) private Brawer information; (2) produce to all parties a log of all documents withheld as either (a) privileged or (b) private, regardless of date; and (3) produce to counsel for Mattel all other documents retrieved from Mr. Brawer's media. This review will only be for (1) privileged Brawer information and/or (2) private Brawer information. The parties shall meet and confer to determine the length of review time permitted for Brawer's counsel upon learning of the volume of material provided for review. If the parties cannot agree on the time permitted for review within two (2) days, the matter will be submitted to the Electronic Discovery Special Master. The Electronic Discovery Master may then either (1) order the parties to meet further in an effort to narrow the terms further, or (2) shall establish a period for completion of the review.

**Mattel's Argument on 1(D):** MGA's changes would prolong this process indefinitely, and also lead to the further concealment of relevant evidence. Mattel has proposed that a fixed time for any privilege review be ordered to ensure that matters proceed expeditiously, subject to an extension for good cause. MGA's demand that there be no fixed time period for a privilege review should be rejected. Likewise, MGA's suggestion that the search terms may need to be narrowed if too many documents are collected should be rejected – if appropriate search terms retrieve a large number of documents it means that a large amount of relevant evidence is on the media, not that the search terms should be narrowed. Last, MGA's demand that Brawer's counsel be permitted to withhold as "private" documents that are actually responsive to compelled requests for production in this case is nonsensical. Only "private" documents that are nonresponsive, not responsive ones, may be withheld.

**MGA's Argument on 1(D):** The privacy review will be conducted by Brawer's lawyer, who will review solely to determine whether any documents are purely personal. Anything related to MGA or Mattel will be produced. In light of that, MGA does not understand the need to refer to "responsive" information since by producing any document related to MGA or Mattel, it will necessarily result in production of anything responsive to the hundreds of requests propounded.

Mattel's list of proposed search terms was vastly overboard, including words such as drain, Disney, princess, fairies and games, and names such as Mike, Jim and John. Given that the hard drive is from Brawer's home computer, which he used primarily for personal and family use, one would expect these terms to capture a substantial number of personal emails. (Indeed, given Brawer has young children, it would be surprising if terms like princess, Disney and games did not come up!). If the parties agree on narrowed terms, a review in 14 or even 7 days is possible for Brawer's lawyer. But until the volume of documents to be reviewed is known, it is impossible to know how long that review will take. As a result, MGA has proposed

the parties meet after the terms are agreed and the volume of retrieved documents are located before agreeing on the period for review.]]]

E. Within 5 days of receiving these documents from counsel for Mr. Brawer (a deadline which may be extended upon a showing of good cause), Mattel will conduct its own review of the documents for privileged Mattel information. Mattel will then (1) produce all such documents other than any withheld on privilege grounds to the MGA Parties, and (2) produce a privilege log listing any and all withheld documents, regardless of date. Both Mr. Brawer and MGA agree that Brawer's counsel's prior review of the documents located on the media (as discussed above) does not constitute a waiver of Mattel's privilege as to any of the documents.

[[[**Mattel's Position on Appropriate Language of 1(F)**: The Court-appointed experts shall deliver any and all reports regarding and/or evidence of spoliation or deletion activities which they locate directly to Mattel and the MGA Parties. Reports regarding and/or evidence of spoliation or deletion activities which the Court-appointed experts locate shall not be subject to steps C to E, above.

**MGA's Position on Appropriate Language of 1(F)**: The MGA Parties object to this provision.

**Mattel's Argument on 1(F)**: Mattel does not understand the basis for MGA's objection to this provision. The Brawer media are to be analyzed for spoliation of evidence, deletions, wiping and the like under the Report and Recommendation. In fact, the Report and Recommendation provides for such a review expressly: "Mattel seeks an order requiring a forensic examination of the hard drives(s) and/or the image made of it to confirm what Mattel data was on the drive and how it was managed. *Included in this request is information as to whether files were deleted, copied or printed prior to deletion*." January 21, 2010

Report and Recommendation at 2 (emphasis added). Mattel's motion to obtain the drives to "determine whether and to what extent it was wiped of Mattel information" and to assess other spoliation issues was made expressly, *and unopposed by MGA*. Mattel's Motion to Compel Regarding Electronic Discovery Issues, dated December 7, 2009 at 9-10. If the Court-appointed experts prepare a report or summary of their findings in this regard, that should be transmitted directly to all parties, not through Brawer's personal counsel, as should any underlying evidence of spoliation or deletion activities. Notably, it is very likely that evidence of deletions and spoliation will be uncovered given Brawer's own testimony that he had this drive "wiped" when he left Mattel for MGA because his attorneys feared a Mattel lawsuit and wanted him to "leave clean." Deposition of Ronald Brawer, dated March 4, 2010 (ROUGH), at 244:5-246:5.

**MGA's Argument on 1(F)**: MGA deleted the proposed language on spoliation review because (1) because it was ambiguous as to how or what spoliation or forensic review was being proposed (i.e., evidence of "deletion activities"; and (2) there was no suggestion in Mattel's briefing asking for the hard drive to suggest that a spoliation review was needed or requested. Keep in mind, Mr. Brawer has testified that he removed Mattel data from his computer before starting work at MGA to ensure that he did not have access to Mattel information once starting his job for MGA. There has been no evidence to suggest that he destroyed documents relevant to this lawsuit. This provision was put into the draft stipulation without discussion. MGA does not oppose some limited forensic review of the hard drive--and certainly would not oppose production of evidence of the deletions of Mattel data that Mr. Brawer has testified he did to avoid access to Mattel information--but the parties should first discuss and agree on what forensic review should be conducted.]]]

2.  The MGA Parties' ArchiveOne Database.

1      A.   Mattel has requested certain information from the MGA Parties
2 regarding the search capabilities of the MGA Parties' ArchiveOne system.  The
3 MGA Parties will provide Mattel with the information Mattel has requested on or
4 before March 8, 2010.
5      B.   On or before March 11, 2010, Mattel shall provide the MGA
6 Parties with proposed search terms for the search of MGA's ArchiveOne system.
7      C.   On or before March 15, 2010, the parties shall meet-and-confer
8 regarding the proposed search terms and search methods.  If the parties are unable to
9 reach agreement, the parties shall request a hearing with the Electronic Discovery
10 Special Master to address any unresolved issues, which request shall be made on or
11 before March 15, 2010.  The Court-appointed experts shall examine the MGA
12 Parties' ArchiveOne system pursuant to the agreement or other resolution reached
13 per the above.
14      D.   The Court-appointed experts shall deliver any and all documents,
15 if any, located pursuant to this examination to counsel for the MGA Parties.
16
17      [[[**Mattel's Position on Appropriate Language of 2(E)**:  Within 14
18 days of receiving such documents (a deadline which may be extended upon a
19 showing of good cause), the MGA Parties shall (1) complete a review of the
20 documents for privileged MGA Party information; (2) produce to counsel for Mattel
21 a log of all documents withheld as privileged; and (3) produce to counsel for Mattel
22 all other documents located by the Court-appointed experts from the ArchiveOne
23 system.
24      **MGA's Position on Appropriate Language of 2(E)**:  No later than
25 two days after receiving such documents, if any, the parties will meet and confer
26 concerning the timing of (1) a complete a review of the documents for privileged
27 MGA Party information; (2) the production to counsel for Mattel of a log of all
28 documents withheld as privileged; and (3) the production to counsel for Mattel all

1  other documents relevant to this lawsuit located by the Court-appointed experts
2  from the ArchiveOne system.

3       **Mattel's Argument on 2(E):**  MGA's changes would again prolong
4  this process indefinitely, and again lead to the concealment of relevant evidence.
5  Mattel has proposed that a fixed time for any privilege review be ordered to ensure
6  that matters proceed expeditiously, subject to an extension for good cause.  MGA's
7  demand that there be no fixed time period for a privilege review should be rejected.
8  Moreover, MGA's demand that it be permitted to produce to Mattel only such non-
9  privileged documents as it deems "relevant to this lawsuit" undermines the entire
10  purpose of the inspection order, which is to prevent MGA from unilaterally
11  withholding documents – as it has by refusing to search this readily searchable email
12  archive at all in the past.

13       **MGA's Argument on 2(E):**  Without knowing the volume of
14  documents, if any, that will result from a search of ArchiveOne, the MGA Parties
15  believe that an agreement as to a specific time is not the appropriate course.
16  Moreover, in light of the volume of documents, if any, the parties may wish to come
17  to a different arrangement concerning the timing of the production of documents,
18  which may meet the parties interest in an expeditious and timely review.]]]
19

20       [[[**Mattel's Position on Appropriate Language of 2(F):**  The Court-
21  appointed experts shall deliver any and all reports regarding and/or evidence of
22  spoliation or deletion activities which they locate directly to Mattel and the MGA
23  Parties.  Reports regarding and/or evidence of spoliation or deletion activities which
24  the Court-appointed experts locate shall not be subject to steps D to E, above.
25       **MGA's Position on Appropriate Language of 2(F):**  The MGA
26  Parties object to this provision.
27       **Mattel's Argument on 2(F):**  There is no basis for MGA's refusal to
28  permit its database of emails to be analyzed for spoliation and deletion activities.

STIPULATION

Mattel has served numerous requests to the MGA Parties for evidence of their spoliation, and they are and have been obligated to search relevant sources for such evidence. See, e.g., First Set of Phase 2 RFPs to MGA Mexico, dated April 16, 2009, Request No. 73 (seeking "All DOCUMENTS REFERRING OR RELATING TO YOUR preservation or destruction of DOCUMENTS REFERRING OR RELATING TO THIS ACTION"); First Set of Requests for Production Regarding Claims of Unfair Competition, dated December 18, 2006, Request No. 162 (seeking "All DOCUMENTS RELATING TO the destruction or retention of any DOCUMENT RELATING TO the CONTESTED MGA PRODUCTS or the CONTESTED MATTEL PRODUCTS."). MGA admitted to Judge Smith that the ArchiveOne database now at issue has never been searched for relevant evidence. Judge Smith ordered it searched for relevant evidence. There is no basis to exclude from that search relevant evidence of spoliation, as MGA is seeking to do.

**MGA's Argument on 2(F):** The Report and Recommendation regarding ArchiveOne does not include a recommendation that ArchiveOne be analyzed for evidence of spoliation or deletion activities. Mattel did not ask that ArchiveOne be reviewed for evidence of spoliation and deletion in its request to Judge Smith. This issue has not been briefed, argued or decided by Judge Smith. And because there is no protocol or consideration of how such a review and determination will be done, a provision that a report will be provided to Mattel and MGA will mean that the parties will engage in endless litigation over whether a document that has been identified as deleted relates in any way shape or form to this case. Moreover, the request that Mattel points to as justifying this provision relates specifically to *documents* referring or relating to evidence of preservation and destruction and not to a forensic analysis regarding a database system at MGA.]]]

3. <u>CD Containing Mattel Trade Secrets</u>. The parties have provided to the Court-appointed experts their respective copies of the CD recovered from MGA

Mexico's offices, as ordered. The Court-appointed experts will report their findings to the parties.

4. <u>Isaac Larian Hard Drives/Media.</u>

[[[**Mattel's Position on Appropriate Language of 4(A):** No later than March 8, 2010, the parties shall file their supplemental briefs in response to the Court's February 27, 2010 Order.

**MGA's Position on Appropriate Language of 4(A):** The MGA Parties request that the supplemental briefing be ordered filed no later than March 15, 2010.

**Mattel's Argument on 4(A):** Mattel moved on the Larian hard drives issues before Judge Smith on December 7, 2009 – three months ago. The Court requested supplemental briefing on MGA's appeal of Judge Smith's Report and Recommendation on February 27, 2010, nine days ago, and yet MGA is still insisting that another week pass before the supplemental briefs are even submitted. Mattel's lack of access to the critical information at issue now – documents withheld by the critical witness in the case – is impeding its ability to complete discovery.

**MGA's Argument on 4(A):** The MGA Parties are required by this Order to make inquiry of numerous former counsel in order to respond to all of the questions posed as fully and accurately as possible. These inquiries have been hampered by the fact that this case has been pending for over five years and during that time period certain of the counsel that possess relevant information are no longer at the firms that have handled this matter. The MGA Parties have been proceeding as expeditiously as possible under the circumstances to respond to this Court's February 27, 2010 Order.]]]

B. If the Report and Recommendation for a search of the hard drives is affirmed by the Court, MGA shall make Mr. Larian's hard drives/media

available according to the terms of the Court's Order within 2 business days of any such Order.  The parties will meet and confer within 2 business days of the Court's Order to discuss a schedule for the expeditious searching of Mr. Larian's hard drives/media.

IT IS SO STIPULATED.

DATED:  March 8, 2010

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By /s/ Michael T. Zeller
   Michael T. Zeller
   Attorneys for Mattel, Inc.

DATED:  March 8, 2010

ORRICK, HERRINGTON & SUTCLIFFE, LLP

By /s/ Thomas McConville
   Thomas McConville
   Attorneys for the MGA Parties.