QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  michaelzeller@quinnemanuel.com
  Jon D. Corey (Bar No. 185066)
  joncorey@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Plaintiff Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>MGA Entertainment, Inc. et al.<br><br>　　　　Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. 04-09049 DOC (RNBx)<br><br>Consolidated with Case<br>Nos. CV 04-09059 and CV 05-02727<br><br>**MATTEL, INC.'S SUBMISSION REGARDING MR. BOUSQUETTE'S MARCH 11-12, 2010 DEPOSITION**<br><br>Hearing Date:　March 9, 2010<br>Time:　8:30 a.m.<br>Place:　Courtroom 9D<br><br>**Phase 2**<br>Discovery:　　　　　　TBD<br>Pre-trial Conference:　TBD<br>Trial Date:　　　　　　TBD |

## MEMORANDUM OF POINTS AND AUTHORITIES

Mr. Bousquette, a former Mattel employee and current Chair and CEO of a multi-national company, is scheduled to be deposed on March 11-12 in Illinois, where he works and resides. The witness, his counsel, the parties and the Discovery Master are all available then and the parties previously stipulated to those dates. In increasingly desperate ploys, MGA is seeking to continue this deposition.

MGA claims that Mattel's document production regarding Mr. Bousquette is incomplete because previously Mattel only identified Mr. Bousquette as a "custodian" on a few documents and that it needs more documents to refresh his recollection. But this is misleading. Mr. Bousquette left Mattel in 2005, he is not a custodian for Mattel. In fact, over the course of this case, Mattel has collected and reviewed Mr. Bousquette's hard copy files and hard drive from Mattel and produced over 36,000 pages of documents with Mr. Bousquette's name and countless others related to his work as President of Mattel Brands. These are more than sufficient to use to attempt to refresh the witness's recollection.

Mattel has now also produced additional documents from Mr. Bousquette's hard drive; however, MGA complains that Mattel should have produced even *more* documents and urges that the deposition be postponed so that MGA may review the hard drive itself. MGA offers no basis for such relief and, as the Court knows, has fought for years to avoid any reviews of the hard drives even of Isaac Larian. In any event, if the Court has any reservations about the search conducted, Mattel offers to provide the search terms used to the Court for *in camera* inspection.

In addition, MGA's most recent excuse, first made on Saturday, that it needs documents related to Mr. Eckert to depose Mr. Bousquette, is an even more obvious ploy. The documents are simply not pertinent -- indeed, Mr. Bousquette was only head of Mattel Brands for three of the 10 years' worth of documents now sought by MGA, showing the incongruity in MGA's demands and that they are pretexts being used to seek to move a deposition that MGA does not want to go forward.

1  <u>The Parties Stipulate to a Date for Third-Party Matt Bousquette's Deposition</u>.
2  On February 19, after meeting and conferring and taking into account the schedules
3  of all involved, including the Discovery Master, the parties filed a stipulation
4  agreeing to conduct Mr. Bousquette's deposition on March 11-12 in Illinois.[1]

5  <u>MGA Informs Mattel It No Longer Agrees to the Stipulation</u>.  On March 3,
6  MGA told Mattel that they "now have 2 problems" with respect to the agreed upon
7  dates:  (1) Discovery Master O'Brien was not available to attend one of the two days
8  of Mr. Bousquette's deposition; and (2) Mattel had not produced documents from
9  Mr. Bousquette that MGA believed to exist.[2]

10  In response, counsel for Mattel reminded MGA that Mr. Hansen was
11  available to attend the deposition.[3]  MGA complained, however, that "[i]t is not
12  acceptable to MGA that Mr. Hansen attend this deposition in the place of Mr.
13  O'Brien[,]" even though Mr. Hansen has acted as the Discovery Master at the
14  depositions of Mr. Eckert, Mr. Larian and Mr. Wing, among others, and even
15  though MGA's prior request had asked simply that a representative of the Discovery
16  Master be present.  With respect to documents, Mattel told MGA that it had already
17  produced Bousquette-related documents and would produce any additional ones by
18  March 9.  And though MGA claimed that Mattel had produced only two documents
19  for which Mr. Bousquette was the custodian, Mattel explained this was because Mr.
20  Bousquette left Mattel in 2005 and he would not be listed as custodian of documents
21  collected after he left.[4]  In fact, Mattel has produced 1,433 documents containing
22  Mr. Bousquette's name, which total over *36,690 pages*.

---

[1]  <u>See</u> Stipulation Concerning the Bousquette Deposition, dated February 19, 2010 (Dkt. No. 7528).
[2]  Email from A. Hurst to M. Zeller and D. Proctor, dated March 3, 2010.
[3]  Email from J. Corey to A. Hurst, dated March 4, 2010.
[4]  <u>Id.</u>

MGA Claims Mattel's Bousquette-Related Document Production Is Not Sufficient. On March 5, MGA demanded that Mattel provide MGA with a list of all the search terms used to search Mr. Bousquette's hard drive, information that MGA has maintained is privileged.[5] As Mattel explained, Mattel thoroughly searched his hard drive and all responsive documents would be produced on March 8,[6] and they were. MGA also demanded that Mattel turn over Mr. Bousquette's hard drive *to MGA* for review, a practice that would necessarily disclose to MGA privileged documents. Mattel declined that request. Mattel also noted that MGA's arguments regarding whether search procedures and terms are privileged are wholly inconsistent (MGA has refused to provide such information), and declined to provide directly to MGA the terms used by Mattel when searching the drive.

On March 8, Mattel produced 54 documents from Mr. Bousquette's hard drive -- documents in addition to the 36,000-plus pages already produced. When advised of the volume of this production, MGA claimed Mattel's position on the above two issues was "ridiculous" and sought the Court's intervention.

MGA Claims Other Documents With Agreed Upon Production Dates Must Be Produced Prior to the Dates Previously Agreed Upon. In addition to complaining about the volume of Mattel's Bousquette-related production, MGA concocted a new excuse for delay over the weekend. Completely independent of Mr. Bousquette, Mattel and MGA had resolved a dispute regarding production of certain documents Mr. Eckert referenced in his deposition. On March 3, Mattel sent MGA a list of the documents Mattel was willing to produce,[7] and after discussions, MGA agreed to the proposal on March 5.[8] On March 6, *after* agreeing to Mattel's proposal, counsel for MGA stated (for the first time) that MGA needed these

---

[5] Email from A. Hurst to J. Corey, dated March 7, 2010.
[6] Email from J. Corey to A. Hurst, dated March 8, 2010.
[7] Email from B. Hauler to A. Hurst, dated March 3, 2010.
[8] Email from A. Hurst to J. Quinn and B. Hauler, dated March 5, 2010.

documents for Mr. Bousquette's deposition and thus required production by March 9.[9]  When Mattel explained that the volume of documents precluded production by that date, counsel for MGA stated – for the first time -- that these documents were necessary to conduct Mr. Bousquette's deposition.[10]

### Argument

### I. THE DEPOSITION OF THIRD PARTY MATT BOUSQUETTE SHOULD GO FORWARD ON THE AGREED UPON DATE

#### A. MGA's Assertion That Mattel's Production Of Documents Related To Mr. Bousquette Is Inadequate Is False

Mattel's production of Bousquette-related documents is not incomplete or deficient.  Mattel has produced more than 36,000 pages of documents with Mr. Bousquette's name on them and has gathered and searched his hardcopy files and hard drive from when he left Mattel.  MGA's belated demand, made for the first time just days ago, that it be able to review Mr. Bousquette's hard drive prior to his deposition is nothing more than a delay tactic.  Moreover, in light of MGA's position with respect to Mr. Larian's hard drive, this request is wholly unreasonable; MGA has fought for months and indeed years to avoid providing Mr. Larian's hard drives even to the Court's experts, let alone Mattel's, even though such an inspection has been repeatedly ordered after briefing.[11]

---

[9]  Email from A. Hurst to J. Quinn and B. Hauler, dated March 6, 2010.
[10]  Email from A. Hurst to J. Quinn and B. Hauler, dated March 8, 2010.
[11]  If the Court has any concerns regarding the adequacy of Mattel's search of Mr. Bousquette's hard drive, Mattel will submit, *in camera*, the search terms that it used.  MGA asserts in its brief, for the first time, that Mattel's appeal of the Discovery Master's document production orders as to 915 separate RFPs in Order Nos. 89 and 91 justifies a continuance of the deposition.  By that standard, MGA could seek to indefinitely postpone virtually every deposition at the last minute.  Mattel timely and properly appealed these overbroad orders; there is no basis for MGA to use them to now put off whatever depositions it does not want to conduct.

### B. MGA's Assertion That It Needs Documents Referenced In The Eckert Deposition Prior To The Deposition Is Not Justified

MGA also complains that documents referenced in the Eckert deposition have not been produced. But these documents are not pertinent to this deposition. Mr. Bousquette left Mattel five years ago and was the head of Girls' Brands for only two years, from 2003-2005. Thus, nearly eight out of the ten years of documents requested are irrelevant to Mr. Bousquette. Considering that he is a third party, postponing Mr. Bousquette's agreed upon deposition for a few documents first demanded just days prior would be inefficient and unnecessary. Moreover, MGA's belated demand, made three days ago, for production of the Eckert documents on March 9 in advance of this deposition is simply impossible. MGA has requested, among other things, documents related to board meetings from the past *ten* years. As MGA agreed, Mattel is redacting these documents as they contain highly sensitive information that is wholly irrelevant to this litigation, such as potential M&A targets, corporate governance issues, stock repurchase plans, Sarbanes-Oxley compliance and the like. Due to the volume, Mattel cannot get all such redactions done by March 9, which is why such a date was never proposed or agreed upon. However, in an effort to accommodate MGA's newly demanded production date, Mattel agreed, to the extent it has them, to produce the year-end financial information from 2000 to the present and quarterly financial forecasts for the same time period on Tuesday, March 9.

### Conclusion

For the foregoing reasons, Mattel respectfully requests that the Court order Mr. Bousquette's deposition go forward on the stipulated dates, March 11-12, 2010.

1  DATED: March 9, 2010           QUINN EMANUEL URQUHART OLIVER &
2                                 HEDGES, LLP
3
4                                 By /s/ Michael T. Zeller
                                     Michael T. Zeller
5                                    Attorneys for Mattel, Inc.
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28