MELINDA HAAG (State Bar No. 132612)
mhaag@orrick.com
ANNETTE L. HURST (State Bar No. 148738)
ahurst@orrick.com
WARRINGTON S. PARKER III (State Bar No. 148003)
wparker@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building, 405 Howard Street
San Francisco, CA 94105
Tel. (415) 773-5700/ Fax: (415) 773-5759

WILLIAM A. MOLINSKI (State Bar No. 145186)
wmolinski@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA 90017
Tel. (213) 629-2020/Fax: (213) 612-2499

THOMAS S. McCONVILLE (State Bar No. 155905)
tmcconville@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
4 Park Plaza, Suite 1600
Irvine, CA 92614-2258
Tel: (949) 567-6700/Fax: (949) 567-6710

Attorneys for MGA Parties

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual, <br><br> Plaintiff, <br><br> v. <br><br> MATTEL, INC., a Delaware corporation, <br><br> Defendant. <br><br> AND CONSOLIDATED ACTIONS | Case No. CV 04-9049-DOC (RNBx) <br><br> Consolidated with: <br> Case No. CV 04-9059 <br> Case No. CV 05-2727 <br><br> Hon. David O. Carter <br><br> **EX PARTE APPLICATION TO AUTHORIZE POSTPONEMENT OF BOUSQUETTE DEPOSITION UNTIL DOCUMENT ISSUES ARE RESOLVED** |

## EX PARTE APPLICATION

Pursuant to the Court's order that a brief not exceeding five pages be provided by 7:30 a.m. on March 9, the MGA Parties respectfully submit this *ex parte* application to authorize postponement of the Bousquette deposition presently scheduled for March 11 and 12 in Chicago until such time as Mattel produces all responsive documents concerning Mr. Bousquette still in its possession, including without limitation all documents required by Discovery Master Orders 89 and 91.

Counsel for Mattel, Inc. includes Michael T. Zeller of Quinn, Emanuel, Urquhart, Oliver & Hedges, LLP (telephone: 213-443-3000; address: 865 South Figueroa Street, 10th Floor, Los Angeles, CA 90017).  Counsel for Mr. Bousquette is Christopher Caldwell, Caldwell Leslie 1000 Wilshire Boulevard Suite 600 Los Angeles, California 90017, caldwell@caldwell-leslie.com.

## FACTUAL AND PROCEDURAL BACKGROUND

Matthew Bousquette served as President of the Mattel Brands business unit from February 2003 to December 15, 2005.  In that role, Mr. Bousquette had overall management responsibility for all of the brands that Mattel is claiming were harmed by MGA in connection with its claims for damages in this case, and during a period of great success enjoyed by MGA's Bratz products.[1]  In that regard, Mattel asserts in responses to interrogatories that it was "harmed" by MGA with respect to a listing of thousands of products that when summarized comprise a more than 200-page spreadsheet—most or all of which were under Mr. Bousquette's management and supervision.  These products span nearly Mattel's entire product line, including all of its girls products and many of its boys products.  Mr. Bousquette was the single executive other than Mr. Eckert who had overall responsibility for both girls and boys products during the relevant 2003 through 2005 time period.

---

[1] He also served as President of Boys & Entertainment of Mattel, Inc. from March 1999 to February 2003, from May 1998 to March 1999 as an Executive Vice President and General Manager of Boys Toys of Mattel Inc., and from 1995 to 1998, as General Manager of Boys Toys of Mattel, Inc.

In the single day of his prior deposition taken in Phase I of this action, Mr. Bousquette answered "I don't know" a total of 319 times, "I don't recall " a total of 322 times, and "I don't remember" a total of 58 times.[2]

In July of 2009 when Orrick took over representation of MGA, the very first discovery matter raised was production of information that would describe from which custodians the produced documents came.  The reason for the requested information was that it is nearly impossible to prepare for depositions in a case involving a large corporate entity without information as to the sources of the documents in a large document production.  Rule 26 expressly contemplates the discovery of custodial data.  Discovery Master O'Brien ordered the production of all available custodial source information by both parties.

From that "source" information it is possible to determine whether a particular witness is a custodian from whom documents have been produced, how many such documents are associated with such custodian, and which documents. Prior to March 8, 2010, Mattel had produced a total of 2 documents identifying Mr. Bousquette as the source.  Both of them were the same document, produced in different formats in response to Judge Smith's recent order for ESI information regarding certain e-mails of Richard de Anda.

MGA has requested documents from Mr. Bousquette in a variety of ways, including in numerous documents requests that resulted in  Discovery Master Orders 89 and 91, entered in late January and early February 2010.  Mattel has not appealed to this Court many of the requests covered by those Orders, but Mattel nonetheless sought and received from the Court a stay of <u>all</u> of its production obligations under those orders—including with respect to identified, named witnesses who are scheduled for deposition such as Mr. Bousquette.

---

[2] This information was compiled by performing electronic searches on the transcript. A reading of the transcript reveals, moreover, that Mr. Bousquette was a singularly uncooperative witness. If the Court wishes, MGA will lodge the transcript for its review.

1    More recently, and in anticipation of Mr. Bousquette's deposition, MGA has
2    repeatedly requested that Mattel supplement its 2-document production of
3    Bousquette documents, and to confirm that it had preserved the electronic
4    information of its former President, who left Mattel after this litigation commenced.
5    On Saturday, March 6, with the deposition less than a week away, and with
6    document production from Bousquette lacking, MGA raised the issue of lack of
7    production with the Court.  When the issue was raised on March 6, Mattel's counsel
8    represented to the Court that Mattel possessed a Bousquette hard drive and that it
9    would be processed, reviewed and documents produced.

10   On March 8, Mattel produced only 52 documents which it attributes to Mr.
11   Bousquette as the source.  Mattel has thus produced a grand total of only 54
12   documents with Mr. Bousquette as the custodian, out of its entire production of
13   around 206,000 documents.  (In contrast, MGA has produced more than 518,000
14   documents.)  There are also some additional documents in the Mattel production
15   that *refer* to Mr. Bousquette in a keyword search.  These documents include e-mails
16   to Mr. Bousquette found in parts of threads involving other people, but which have
17   not been produced from Mr. Bousquette's computer.

18   Through other discovery, MGA has also learned that Mr. Bousquette
19   attended board meetings and made board presentations regarding the relevant
20   "harmed" products during his tenure.  Mattel has said that it will not be able to
21   produce all such Board-related documents involving Mr. Bousquette in time for his
22   deposition.

## ARGUMENT

Mr. Bousquette was employed by Mattel for many years, including the entire time period from 1999-2005 which is the key time period implicated by any claim for damages in this litigation, and for which Mattel apparently intends to claim damages based upon alleged harm across its entire series of product lines managed by Mr. Bousquette. Mr. Bousquette left Mattel in late 2005, when this lawsuit was already pending. Mattel was obligated to preserve his documents. Mattel claims it has preserved Mr. Bousquette's hard drive, but the suggestion that that drive contains only 54 documents responsive to MGA's document requests and relevant to the enormous range of issues in this case is impossible to credit. It is especially impossible to credit when relevant documents involving Mr. Bousquette have been produced from other custodians, but not from Mr. Bousquette. MGA therefore needs a forensic examination of Mr. Bousquette's hard drive(s).

Additionally, there are documents Mattel has agreed to produce (Board Meeting Agendas, Minutes and Presentations), and documents Mattel has been ordered to produce (DM Orders 89/91), that implicate Mr. Bousquette. But Mattel has not and cannot produce all of these documents prior to his deposition scheduled for Thursday and Friday of this week.

Mr. Bousquette is not presently employed by Mattel and has strongly resisted appearing for deposition. He certainly argues that he is outside the subpoena power of the Court for trial. He is an extremely difficult and uncooperative witness—answering some version of I don't know/remember/recall 700 times in a prior deposition taken in Phase I of this case. Without all of the pertinent documents, it will be impossible to conduct an effective examination of this witness. Documents—and most pertinently *documents from him and in his own words*—are the only way to handle a witness who displays such a remarkable lack of recollection or knowledge. Right now, MGA has precious few, even though more undoubtedly exist and have yet to be produced.

There is no trial date yet set in this action. Mattel has never claimed that it has any need to depose Mr. Bousquette. There is no basis at all for any claim of prejudice by Mattel to a postponement of the Bousquette deposition while these document issues get sorted out. It will be prejudicial to MGA to pay for a trip to Chicago by its lead counsel that is a complete waste of time. It would also be more prejudicial to Mr. Bousquette to force him to sit for two days of deposition when the documents have not been produced, leaving open MGA's position that it will be entitled to further time with the witness as soon as Mattel finally fulfills its discovery obligations, than it is to postpone to another time when he is available.

## CONCLUSION

MGA tried to work this out to get the documents in time for the deposition. It has moved to compel and obtained court orders (which Mattel then appealed and got a stay), obtained agreements to produce (with which Mattel cannot comply in time), and otherwise raised every issue it was supposed to raise. At this point it is simply no longer MGA's responsibility to ensure Mattel's compliance in order to avoid inconveniencing the witness. MGA respectfully requests that it be permitted to postpone the deposition until the documents are produced.

Dated:   March 9, 2010

ANNETTE L. HURST
Orrick, Herrington & Sutcliffe LLP


By:   /s/ *Annette L. Hurst*
        ANNETTE L. HURST
        Attorneys for MGA Parties