Hon. James L. Smith (Ret.)
JAMS
500 N. State College Blvd.
Suite 600
Orange, CA 92868
Telephone: (714) 939-1900
Fax: (714) 939-8710

FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

MAR 11 2010

CENTRAL DISTRICT OF CALIFORNIA
BY SDM      DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

MATTEL, INC. A Delaware corporation,

　　　　　Plaintiff,

vs.

MGA ENTERTAINMENT, INC., A California corporation, et al.,

　　　　　Defendant.

AND CONSOLIDATED ACTIONS

Case No. CV 04-9049 DOC (RNBx)

Consolidated with Case Nos. CV 04-09059 and CV 05-02727

ORDER ON:
REPORT AND RECOMMENDATION
OF ELECTRONIC DISCOVERY
SPECIAL MASTER
(01/21/10)

　　　The undersigned having been appointed Special Master for Electronic Discovery conducted a hearing (Hearing) regarding pending e-discovery disputes on December 18, 2009, following which the Special Master submitted his Report of December 24, 2009 (December 24 Report). The Court accepted and approved the Report and the parties have complied with the directions contained therein. The Special Master submits the following Report and

1

January 21, 2010, REPORT AND RECOMMENDATION
OF SPECIAL MASTER (E-Discovery)

Recommendation as to the disputes addressed at the Hearing and in the December 24 Report. The background information concerning each issue that was provided in the earlier Report will be repeated here for the convenience of the Court.

## REPORT

The following matters were considered at the Hearing:

1. <u>Ronald Brawer Hard Drives</u>

Mr. Ronald Brawer (Brawer) was employed by Plaintiff Mattel, Inc. (Mattel) prior to leaving Mattel and being employed by Defendant MGA Entertainment, Inc. (MGA). Mattel contends at or about the time of this transition MGA hired Guidance Software (Guidance) to delete or "wipe" all Mattel data files off of Brawer's hard drive(s). Guidance still has possession of either the original hard drive or an image of that hard drive.

Mattel seeks an order requiring a forensic examination of the hard drive(s) and/or the image made of it to confirm what Mattel data was on the drive and how it was managed. Included in this request is information as to whether files were deleted, copied or printed prior to deletion. Mattel also seeks information as to whether any of the data contained on the Brawer hard drive(s) relates to communications between Brawer and MGA prior to Brawer leaving his employment with Mattel and being employed by MGA.

Clearly the electronically stored information (ESI) stored on the Brawer hard drive prior to the deletions performed by Guidance contained files and other data that had discovery relevance. The Special Master will recommend the Court require delivery of the Brawer hard drive to the Court-Appointed consultant, ILS, for a forensic examination to address these and other issues as may be designated by the Court or the Special Master. The Brawer hard drive most likely contains ESI that has no discovery relevancy at all in the context of this action. To address any privacy/confidentiality concerns on the part of Brawer and/or MGA the Special Master will request the Court direct counsel for the parties to meet and confer forthwith in an effort to establish agreed upon search criteria to be used by ILS in conducting the forensic

examination of the hard drive. The Special Master will further recommend that if the parties are unable to reach agreement in this regard within five business days following the Court's acceptance and approval of this recommendation, the Special Master shall determine the search criteria to be utilized.

2. MGA E-Mail Production

In response to earlier discovery propounded by Mattel, MGA has produced e-mail from MGA de Mexico, a subsidiary of MGA Entertainment. Some of the e-mail produced contained the following notation:

> "The original message has been archived. *Click the following link to retrieve it* Https://webmail.mgae.com/*AOneSearch?idI=*[eight digit code]-[four digit code]-[four digit code]-[four digit code]-[twelve digit code]_Employees.new."

The archiving system used by MGA and MGA de Mexico during the relevant timeframe is a searchable e-mail archive database known as "ArchiveOne." When archiving e-mail ArchiveOne leaves the full e-mail text and all attachments in user hands for 90, at which time mail that meets MGA's archiving criteria is moved to the ArchiveOne database. The specifics of the "archiving criteria" have not been made available to the Special Master. When e-mail is transferred to this database a truncated portion consisting of 1,000 characters of the e-mail remains in the user's e-mail box, together with the notation quoted above, and the full e-mail with all attachments is sent to ArchiveOne. MGA, in responding to discovery, conducted a full text search of the e-mails and attachments that were not older than 90 days. Any e-mail (and attachments) older than 90 days was searched in the truncated version only. Based simply on the time frames involved (90 day old or less; over 90 days old) it is logical to assume the greater portion of potentially relevant information would be contained in the e-mail that was more than 90 days old, the full text of which can only be found in the ArchiveOne database.

MGA contends that if an e-mail contained information with discovery relevance at least some of the agreed upon search terms would appear in the truncated portion of the e-mail that remains in the possession of the user after it is transferred to ArchiveOne. This unsupported

assertion seems counterintuitive. Common experience indicates e-mail documents frequently are several pages long and address multiple subjects, while the 1,000 characters that are contained in the truncated e-mail amounts to not more than 10 lines of text. To assume text that has discovery relevance would always, or even most likely be contained in the 1,000 characters contained in the truncated e-mail that was searched by MGA in responding to discovery is unsupported by common sense and logic. There is, of course, the additional possibility that the MGA user may have deleted the truncated version that remained with MGA after the full e-mail was archived. If that was done then the only copy of such an e-mail would be the archived copy contained in ArchiveOne.

Federal Rules of Civil Procedure §26(b)(2)(B) provides as follows:

> (B) *Specific Limitations on Electronically Stored Information.* A party need not provide discovery of electronically stored information from sources that the party identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the party from whom discovery is sought must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

MGA contends that searching for e-mails in the ArchiveOne database is "an enormously time consuming, expensive and burdensome process," and further characterizes ArchiveOne as having a search interface that is "antiquated and limits the nature and scope of the searches that can be performed." Contrary to these assertions, the Special Master has been advised by the Court-appointed ESI consultant, ILP, that ArchiveOne is represented by its publishers to be fully searchable and not subject to the limitations identified by MGA. The Special Master has not conducted a fact finding hearing in regard to this issue, and no finding has been made that would support or refute MGA's contentions. However, the information that has been provided indicates that an independent search of ArchiveOne should be conducted by ILS to address the issue of whether archived e-mails that have discovery relevance can be retrieved.

The Special Master will recommend that MGA be ordered to make available the ArchiveOne database for forensic examination by ILS using the search terms previously agreed upon by the parties. The Special Master will further recommend that he be directed and authorized to meet and confer with counsel for the parties, their ESI consultants, and the Court-appointed ESI expert, to determine the specific format criteria to be utilized in retrieving and cataloging the results of the search to be conducted. The costs associated with the forensic review by ILS should be subject to reallocation based on the results of the examination.

3. CD Containing Mattel Trade Secrets

The parties agree that MGA was in possession of a CD that contained ESI relating to Mattel intellectual property. This CD was seized by the Mexican Government and is unavailable to the parties. A copy of that original CD (First Copy) was given to MGA by the Mexican Government. In response to earlier Mattel discovery requests MGA made a copy of the First Copy and produced that copy (Second Copy) on January 24, 2008. Mattel contends the Second Copy is not a true forensic copy of the Second Copy or the original CD and seeks an order requiring a forensic examination/comparison of the First Copy and the Second Copy to determine accuracy.

The Special Master will recommend that both the First Copy (in the possession of MGA) and the Second Copy (in the possession of Mattel) be delivered to the Court-appointed expert for examination to determine if the Second Copy is a full and complete copy of the First Copy.

4. Templates

This discovery issue is two-pronged. Mattel first contends that former Mattel employees who left Mattel's employment and went to work for MGA took with them ESI copies of various files that were to be used as "templates" in their work for MGA. Mattel further contends that these same employees, upon leaving Mattel and going to work for MGA, took with them hard copies of various documents that were used to develop forms and templates used by them as MGA employees. As to the former a forensic examination of the media on which the ESI files

were stored at MGA may reveal whether the files were originally created by Mattel employees.

As to the latter a forensic examination would produce little in the way of evidence to support or refute Mattel's contention that has not have already been supplied through other production by MGA.

The December 24, 2009, Report of the Special Master indicated Mattel's motion in regard to the "Template Issue" would be granted. Upon consideration of the additional information provided by the parties in response to the questions posed by the Special Master in the December 24 Report the Special Master will recommend that action on this motion be deferred until such time as the parties can more fully identify the search terms to be utilized and the ESI data to be searched.

5. Isaac Larian Hard Drives

Isaac Larian is the CEO of MGA. Pursuant to an earlier Court Order Larian produced his hard drives for inspection by Mattel consultant, but the consultant was denied access to the active files on the drives. There is a protective order in place that limits the disclosure and use of the data recovered from any inspection by Mattel's consultant. The Special Master will recommend MGA be given the option of allowing Mattel's ESI consultant to conduct an inspection of the Isaac Larian hard drives without limiting access in any way. If this option is not acceptable to MGA then the hard drives should be submitted to the Court-appointed expert for forensic examination in compliance with the protocol agreed to in the letter of May 12, 2009, from counsel for Mattel (Jon Corey) to counsel for MGA (Lance A. Etchevery).

6. E-Mail of Former Mattel Employees

Mattel alleges MGA engaged in improper conduct in regard to encouraging several Mattel employees to resign their employment with Mattel and o to work for MGA in or about 2004. It is contended by Mattel that these employees, prior to leaving Mattel, engaged in e-mail correspondence with MGA, and utilized an e-mail account identified as plot04@aol.com for that purpose.

The December 24, 2009, Report of the Special Master indicated Mattel's motion in regard to the "E-Mail of Former Mattel Employees Issue" would be granted   In response to questions contained in the December 24 Report MGA states it "has produced all documents in its possession that contain the e-mail address plot04@aol.com." The Special Master understands this statement to be an assertion that all e-mails wherein the address in question appears as sender, addressee, recipient of a copy, or in the text of the e-mail have been produced. Based upon this understanding the Special Master will recommend Mattel's motion be denied.

It should be noted that Mattel's motion relates to the plot04@aol.com e-mail account only. MGA's response indicates it has produced all e-mails containing that address. Therefore the question posed in the December 24 Report as to "what search terms and or identifiers (does Mattel) propose be used in searching the plot04@aol.com account?" is moot. The inclusion of other e-mail addresses in the proposed search terms provide by Mattel in its response to this question raises new issues that have not been addressed in the briefs submitted and will not be addressed herein.

7. NHB Documents

MGA contends that Mattel, in its internal communications regarding MGA, used a substitution code to reference MGA. That code consisted of replacing each letter in MGA's name with the next letter in the alphabet, thereby substituting "NHB" for "MGA". There are some ESI files that have been produced by Mattel that MGA questions as appearing to have been altered either before or during production. These files were identified by the parties as follows:

  a. Bates No. M0257834; and,
  b. Bates No. M0257834R.

The December 24, 2009, Report of the Special Master indicated Mattel's motion in regard to the "NHB Documents Issue" would be granted. Upon consideration of the additional

7

information provided by the parties in response to the questions posed by the Special Master in the December 24 Report the Special Master will recommend this motion be denied. Mattel, in response to questions posed by the December 24 Report, asserts it no longer has in its possession the ESI that was the source of the hard copy e-mails it produced. Mattel states that in compliance with its then existing purge policy the ESI in question was destroyed in or before September, 2004, at least 6 months before MGA brought suit against Mattel. Based upon this assertion, the Special Master will recommend MGA's motion be denied. It should be noted that this recommendation does not address any spoliation issues that may be raised by MGA in regard to the purging of the data in question.

8. Source Identifying Information

MGA contends that by order dated September 3, 2009, the Court (through Discovery Referee Robert C. O'Brien) directed Mattel to search for "source identifying information" as to various documents that had been produced. MGA states this information has not been produced by Mattel.

The Special Master believes this issue does not involve an e-discovery dispute at this time and will not offer a recommendation to the Court in this regard. This issue should be presented to Referee Robert C. O'Brien.

**RECOMMENDATION**

The Court accepts and approves the Report of the Special Master for E-Discovery contained herein. The parties shall consider the Report in complying with the following orders.

1. Ronald Brawer Hard Drives

Mattel's motion is granted.

MGA shall make its best efforts to accomplish delivery to the Court-appointed expert, ILS, the Ronald Brawer Hard Drives and/or any forensic images of said hard drives. ILS shall

conduct a forensic examination of the hard drives and/or the forensic images of the hard drives to determine if data contained therein matches the search terms to be provided by stipulation of counsel for the parties or, in the absence of such a stipulation, as provided by the Special Master.

Counsel for the parties shall meet and confer forthwith in an effort to reach agreement as to the search terms to be used by ILS in conducting its examination. If counsel are unable to reach agreement in this regard within 5 days following this Order, the Special Master is directed and authorized to determine the search terms that shall be used in the examination. In performing this duty the Special Master may convene such hearings as he shall deem necessary and may require participation by ESI consultants retained by the parties subject only to such privileges as may be asserted by the parties.

2. <u>MGA E-Mail Production</u>

Mattel's motion is granted.

MGA shall make its ArchiveOne database available for forensic examination by the Court-appointed expert, ILS. The examination by ILS shall utilize the search terms previously agreed upon by counsel for the parties.

The Special Master is directed and authorized to meet and confer with counsel for the parties, their ESI consultants, and ILS to determine the specific format criteria to be utilized in retrieving and cataloging the results of the search to be conducted. The costs associated with this forensic review shall be subject to reallocation after the Court has considered the results of the examination.

3. <u>CD Containing Mattel Trade Secrets</u>

Mattel's motion is granted.

MGA shall deliver to the Court-appointed expert, ILS, its CD copy of the CD seized by the Mexican Government for forensic examination to determine if the copy produced to Mattel is an accurate forensic copy of the copy in the possession of MGA.

4. <u>Templates</u>

Ruling on this motion will be deferred until such time as counsel for the requesting party can more fully identify the search timer it is requesting be utilized in conducting the examination.

5. <u>Isaac Larian Hard Drives</u>

Mattel's motion is granted.

MGA shall either:

A. provide Mattel's designated ESI consultant with access to the Isaac Larian hard drives for the purpose of conducting a forensic examination of the hard drives without limitation to the files being accessed, and otherwise pursuant to the May 12, 2009, correspondence from counsel for Mattel (Jon Corey) to counsel for MGA (Lance A. Etchevery) within 10 days of the date of this Order; or,

B. within 15 days of the date of this Order deliver the Isaac Larian hard drives to the Court-appointed expert, ILS, for such examination.

6. <u>E-Mail of Former Mattel Employees</u>

Mattel's Motion is denied.

7. <u>NHB Documents</u>

MGA's motion is denied.

8. <u>Source Identifying Information</u>

MGA's motion is denied without prejudice to submitting the request to the duly appointed Discovery Referee.

Date: January 21, 2010

James L. Smith
Special Master

**IT IS SO ORDERED.**

Date: ~~January~~ March 11, 2010

Hon. David O. Carter
Federal District Court Judge

10

January 21, 2010, REPORT AND RECOMMENDATION
OF SPECIAL MASTER (E-Discovery)