Case 2:04-cv-09049-DOC-RNB   Document 7646   Filed 03/15/10   Page 1 of 14   Page ID #:259073
SACV 04-9049 DOC - 3/9/2010 - Volume I

1

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**HONORABLE DAVID O. CARTER, JUDGE PRESIDING**

- - - - - - -

```
CARTER BRYANT,                     )
                                   )
         Plaintiff,                )
                                   )
    vs.                            ) No. SACV 04-9049 DOC
                                   )    Volume I
MATTEL, INC.,                      )
                                   )
         Defendant.                )
_____)
```

REPORTER'S TRANSCRIPT OF PROCEEDINGS

Status Converence Re: Discovery

Santa Ana, California

Tuesday, March 9, 2010

Debbie Gale, CSR 9472, RPR
Federal Official Court Reporter
United States District Court
411 West 4th Street, Room 1-053
Santa Ana, California 92701
(714) 558-8141

04cv9049 Mattel 2010-03-09 V1

**APPEARANCES OF COUNSEL:**

FOR INTERVENER DEFENDANT MGA ENTERTAINMENT, INC.:

    ORRICK, HERRINGTON & SUTCLIFFE, LLP (Irvine)
    BY:  THOMAS S. McCONVILLE
        Attorney at Law
    4 Park Plaza
    Suite 1600
    Irvine, California 92614
    (949) 567-6700

    - AND -

    ORRICK, HERRINGTON & SUTCLIFFE, LLP (SF)
    BY:  ANNETTE L. HURST
        Attorney at Law
    405 Howard Street
    San Francisco, California 94105
    (415)773-5700


FOR DEFENDANT MATTEL, INC.:

    QUINN EMANUEL URQUHART OLIVER & HEDGES LLP
    BY:  MICHAEL T. ZELLER
        MARSHALL M. SEARCY III
        JON COREY
        Attorneys at Law
    865 South Figueroa Street
    10th Floor
    Los Angeles, California 90017
    (213) 443-3000

Case 2:04-cv-09049-DOC-RNB Document 7646 Filed 03/15/10 Page 3 of 14 Page ID #:259075
SACV 04-9049 DOC - 3/9/2010 - Volume I

3

| | **I N D E X** | |
|---|---|---|
| | **PROCEEDINGS** | **PAGE** |
| | Status Conference Re: Discovery | 4 |

Case 2:04-cv-09049-DOC-RNB   Document 7646   Filed 03/15/10   Page 4 of 14   Page ID #:259076
SACV 04-9049 DOC - 3/9/2010 - Volume I

4

|       |    |                                                              |
|-------|----|--------------------------------------------------------------|
|       | 1  | **SANTA ANA, CALIFORNIA, TUESDAY, MARCH 9, 2010**            |
|       | 2  | **Volume I**                                                 |
|       | 3  | (8:32 a.m.)                                                  |
| 08:32 | 4  | THE COURT: Okay. We're on the record. The                    |
| 08:32 | 5  | parties are present.                                         |
| 08:32 | 6  | Mr. Zeller, where is Mr. Quinn?                              |
| 08:32 | 7  | MR. ZELLER: He had a personal obligation. It                 |
| 08:33 | 8  | wasn't our understanding both lead counsel had to be here.   |
| 08:33 | 9  | I apologize.                                                 |
| 08:33 | 10 | THE COURT: Okay.                                             |
| 08:33 | 11 | And, Counsel, your appearance. Mr. McConville                |
| 08:33 | 12 | and...                                                       |
| 08:33 | 13 | MS. HURST: And Ms. Hurst, Your Honor.                        |
| 08:33 | 14 | THE COURT: All right. My first questions are                 |
| 08:33 | 15 | directed to Mattel.                                          |
| 08:33 | 16 | One of your arguments in chief is that Bousquette             |
| 08:33 | 17 | is not custodian on documents collected after his departure. |
| 08:33 | 18 | MR. ZELLER: Right.                                           |
| 08:33 | 19 | THE COURT: You'd already produced 1433 documents             |
| 08:33 | 20 | involving Bousquette. If that's the case, then wouldn't you  |
| 08:33 | 21 | have produced zero documents yesterday instead of 52?        |
| 08:33 | 22 | Have a seat.                                                 |
| 08:33 | 23 | MR. ZELLER: Sure.                                            |
| 08:33 | 24 | THE COURT: In other words, if your prior search              |
| 08:33 | 25 | had been comprehensive, and since the very first thing you   |

Case 2:04-cv-09049-DOC-RNB   Document 7646   Filed 03/15/10   Page 5 of 14   Page ID #:259077
SACV 04-9049 DOC - 3/9/2010 - Volume I

5

```
08:33    1    would have presumably produced to MGA would have been
08:33    2    documents on which Bousquette was custodian, how is it that
08:34    3    you've discovered these documents for the first time?  And I
08:34    4    think I had that discussion with one of your associates,
08:34    5    with Mr. Quinn present, on Saturday.
08:34    6              In other words, it seems to this Court that these
08:34    7    52 documents should have been produced even before the 1433
08:34    8    Bousquette documents.
08:34    9              Now, I don't need a lot of "lawyer" time.  I just
08:34   10    need a simple couple-sentence answer from you.
08:34   11              MR. ZELLER:  Certainly.
08:34   12              Some of the 52 e-mails had been produced -- or the
08:34   13    52 documents, I should say -- from the hard drive.
08:34   14    Moreover, there are broader search terms that we used.
08:34   15              THE COURT:  Just a moment.
08:34   16              MR. ZELLER:  For the hard drive --
08:34   17              THE COURT:  Just a minute.  That's two sentences.
08:34   18              MR. ZELLER:  Right.
08:34   19              THE COURT:  You used broader search terms, and
08:34   20    some of the 52 documents were previously produced.
08:35   21              I'm going to want to see by name or number what
08:35   22    those 52 documents are by 5:00 o'clock today.
08:35   23              MR. ZELLER:  Certainly.
08:35   24              THE COURT:  Second, one of the discovery master
08:35   25    orders you appealed is Order 89-91, which required a search
```

Case 2:04-cv-09049-DOC-RNB   Document 7646   Filed 03/15/10   Page 6 of 14   Page ID #:259078
SACV 04-9049 DOC - 3/9/2010 - Volume I

6

| | | |
|---|---|---|
| 08:35 | 1 | through all your North American servers for data. |
| 08:35 | 2 | I'd considered the analysis of that appeal tied |
| 08:35 | 3 | into MGA's Appeal of Recommendation No. 5 by Judge Smith in |
| 08:35 | 4 | his January 21, 2010 order, and I'd called Judge Smith in |
| 08:35 | 5 | after an extensive conversation with him over this last |
| 08:35 | 6 | week.  I'm still waiting for the supplementary briefing I'd |
| 08:35 | 7 | ordered on those issues.  I don't have that. |
| 08:35 | 8 | So can you represent with absolute certainty that |
| 08:36 | 9 | if I were to order you to comply with Discovery Master |
| 08:36 | 10 | Order 89-91, you would find no other documents on which |
| 08:36 | 11 | Bousquette is listed? |
| 08:36 | 12 | That just requires a "yes" or a "no." |
| 08:36 | 13 | MR. ZELLER:  I apologize. |
| 08:36 | 14 | THE COURT:  That requires a "yes" or a "no." |
| 08:36 | 15 | MR. ZELLER:  I don't know. |
| 08:36 | 16 | THE COURT:  Why? |
| 08:36 | 17 | MR. ZELLER:  I think, as the Court is aware, I've |
| 08:36 | 18 | been in deposition -- |
| 08:36 | 19 | THE COURT:  I'm not interested. |
| 08:36 | 20 | MR. ZELLER:  -- track of this issue -- |
| 08:36 | 21 | THE COURT:  I'm not interested.  Deaf ears. |
| 08:36 | 22 | You're asking for money.  Find out. |
| 08:36 | 23 | MR. ZELLER:  If I -- |
| 08:36 | 24 | THE COURT:  Find out. |
| 08:37 | 25 | Your answer? |

Case 2:04-cv-09049-DOC-RNB   Document 7646   Filed 03/15/10   Page 7 of 14   Page ID #:259079
SACV 04-9049 DOC - 3/9/2010 - Volume I

7

| | | |
|---|---|---|
| 08:37 | 1 | MR. ZELLER: I think the short answer is I need to |
| 08:37 | 2 | look into it further. But what I do understand -- |
| 08:37 | 3 | THE COURT: At 5:00 o'clock today I'll have that |
| 08:37 | 4 | answer. |
| 08:37 | 5 | MR. ZELLER: Yes. |
| 08:37 | 6 | THE COURT: Separately and apart from that, I |
| 08:37 | 7 | stayed your obligations under Discovery Master Order 89-91 |
| 08:37 | 8 | on a good faith expectation that your efforts at production |
| 08:37 | 9 | would continue. And you've made this very representation to |
| 08:37 | 10 | this Court in your brief on that issue. |
| 08:37 | 11 | My first question is, have those efforts |
| 08:37 | 12 | continued? |
| 08:37 | 13 | MR. ZELLER: They have. |
| 08:37 | 14 | THE COURT: And if so, this afternoon, I would |
| 08:37 | 15 | like you to produce all documents related to categories that |
| 08:37 | 16 | you're not appealing. You can supplement that production. |
| 08:37 | 17 | And this is going to be a credibility test of you. I want |
| 08:37 | 18 | that by 5:00 o'clock today. |
| 08:38 | 19 | How many of the documents found on Bousquette's |
| 08:38 | 20 | hard drive did you withhold on privilege grounds. |
| 08:38 | 21 | MR. ZELLER: That I don't know, Your Honor. |
| 08:38 | 22 | THE COURT: When will you have the answer? |
| 08:38 | 23 | MR. ZELLER: We can have that by 5:00 o'clock. |
| 08:38 | 24 | THE COURT: By 5:00 o'clock today. |
| 08:38 | 25 | How many files did you find on Bousquette's hard |

Case 2:04-cv-09049-DOC-RNB   Document 7646   Filed 03/15/10   Page 8 of 14   Page ID #:259080
SACV 04-9049 DOC - 3/9/2010 - Volume I

8

```
08:38   1    drive in total?
08:38   2              By 5:00 o'clock today, Counsel.
08:38   3              MR. ZELLER:  We have that number.  I'm sorry.  We
08:38   4    don't have it with us, but we do have the number.
08:38   5              THE COURT:  By 5:00 o'clock today.
08:38   6              MR. ZELLER:  Yes.
08:39   7              THE COURT:  To MGA, is it true that Mattel, in
08:39   8    fact, has produced 1433 documents that bear Bousquette's
08:39   9    name, even though Bousquette may not be the custodian on
08:39  10    these documents?
08:39  11              That's a simple answer.
08:39  12              MS. HURST:  Without regard to duplicates --
08:39  13              THE COURT:  That's a simple answer.
08:39  14              MS. HURST:  It is true that there are that number
08:39  15    of separately Bates-numbered documents.
08:39  16              THE COURT:  Just a moment.
08:39  17              How many of those are duplicates?
08:39  18              MS. HURST:  Your Honor, I've reviewed almost all
08:39  19    of them --
08:39  20              THE COURT:  That's taking too many words.  I said
08:39  21    "how many."
08:39  22              MS. HURST:  Hundreds of newspaper articles.
08:39  23              THE COURT:  You'll have that to me by 5:00 o'clock
08:39  24    this afternoon -- any duplicates.  You'll set forth the
08:40  25    number forthe Court.
```

Case 2:04-cv-09049-DOC-RNB   Document 7646   Filed 03/15/10   Page 9 of 14   Page ID
#:259081
SACV 04-9049 DOC - 3/9/2010 - Volume I

9

| | | |
|---|---|---|
| 08:40 | 1 | I'm having trouble being sympathetic to MGA's |
| 08:40 | 2 | arguments.  I excused Patrick Ma from further depositions, |
| 08:40 | 3 | even though he provided nonanswers and even though your |
| 08:40 | 4 | document production was belated in that.  I also limited |
| 08:40 | 5 | Mr. Larian's deposition to eight hours, even though there |
| 08:40 | 6 | are obviously several production issues outstanding. |
| 08:40 | 7 | This Court has a continuing issue concerning MGA |
| 08:40 | 8 | Mexico's witnesses having been a source of continuing |
| 08:40 | 9 | dispute, and I've warned you informally.  Now I'm warning |
| 08:40 | 10 | you formally. |
| 08:40 | 11 | One of the basis of your objection to the |
| 08:40 | 12 | Bousquette deposition, at least as relayed by Mattel, is |
| 08:41 | 13 | that Robert O'Brien is unavailable for one of the two days. |
| 08:41 | 14 | Well, why didn't you raise your concern about Drew |
| 08:41 | 15 | Hansen earlier with the Court, or has that been resolved? |
| 08:41 | 16 | MS. HURST:  Your Honor, that is not a basis upon |
| 08:41 | 17 | which we're seeking postponement. |
| 08:41 | 18 | THE COURT:  Okay.  Why didn't you produce and why |
| 08:41 | 19 | don't you produce Bousquette's transcript where you claim he |
| 08:41 | 20 | responds, "I don't recall," "I don't know," repeatedly. |
| 08:41 | 21 | MS. HURST:  We will, Your Honor.  In other orders |
| 08:41 | 22 | issued by the Court, the Court has indicated -- |
| 08:41 | 23 | THE COURT:  By 5:00 o'clock today. |
| 08:41 | 24 | MS. HURST:  Absolutely. |
| 08:41 | 25 | THE COURT:  I don't know why I shouldn't just |

| | | |
|---|---|---|
| 08:41 | 1 | allow the Bousquette deposition to proceed, and if he's |
| 08:41 | 2 | uncooperative, order his return. |
| 08:41 | 3 | You're assuming something about his responsiveness |
| 08:41 | 4 | and his completeness. |
| 08:42 | 5 | I'm getting a little concerned that you appear to |
| 08:42 | 6 | be the lead and sole counsel on this.  And so, if |
| 08:42 | 7 | Mr. McConville, who's been ably participating, isn't capable |
| 08:42 | 8 | or able, then I want to know that.  There's two of you. |
| 08:42 | 9 | And I have the same concern about Mr. Quinn now. |
| 08:42 | 10 | What I'm seeing is Mr. McConville runs in and |
| 08:42 | 11 | Mr. Quinn runs in, but the two of you are the mainstay.  You |
| 08:42 | 12 | apparently know your case, and you're getting out-resourced |
| 08:42 | 13 | on each side. |
| 08:42 | 14 | I don't think Mr. Quinn's going to be running his |
| 08:42 | 15 | offices up in Los Angeles much further. |
| 08:42 | 16 | And you're going to be present now at all times. |
| 08:42 | 17 | And if you're not able or capable, you tell me.  But she's |
| 08:42 | 18 | going to get some help. |
| 08:42 | 19 | And you're going to get some help. |
| 08:42 | 20 | Right now the Bousquette deposition's going to |
| 08:42 | 21 | proceed. |
| 08:42 | 22 | Now, you've made much that there's no trial date |
| 08:42 | 23 | in this case, and you're not preparing for the April 20th |
| 08:43 | 24 | date. |
| 08:43 | 25 | You may be right.  Because this Court would find |

Case 2:04-cv-09049-DOC-RNB   Document 7646   Filed 03/15/10   Page 11 of 14   Page ID #:259083
SACV 04-9049 DOC - 3/9/2010 - Volume I

11

|   |    |   |
|---|----|---|
| 08:43 | 1  | it more economical if Judge Larsen was reversed to combine |
| 08:43 | 2  | these phases into one trial.  But I can assure you that, as |
| 08:43 | 3  | soon as the Ninth Circuit acts, you're going to be in trial |
| 08:43 | 4  | at a breath-taking speed that each of you cannot comprehend |
| 08:43 | 5  | at the present time.  You're going to be stunned with how |
| 08:43 | 6  | quickly that takes place. |
| 08:43 | 7  | And my only question is, if Phase II survives or |
| 08:44 | 8  | the RICO survives, and if it does, what the Ninth Circuit |
| 08:44 | 9  | does.  In other words, the Ninth Circuit, right now, is in |
| 08:44 | 10 | the position of controlling this case.  So my wisdom says |
| 08:44 | 11 | that you're absolutely correct:  April 20th may not be |
| 08:44 | 12 | realistic. |
| 08:44 | 13 | But you may be absolutely wrong.  If they hand |
| 08:44 | 14 | down the case tomorrow, you'll be in trial on April 20th. |
| 08:44 | 15 | And we're preparing along those lines for it. |
| 08:44 | 16 | So I think there's a great chance you're right. |
| 08:44 | 17 | You can assume that the Bousquette deposition is proceeding |
| 08:44 | 18 | tomorrow.  I'm not going to take any action. |
| 08:44 | 19 | Counsel, we're done with our conversation today. |
| 08:44 | 20 | I have nothing further to say to you until 5:00 o'clock. |
| 08:44 | 21 | Have a good day. |
| 08:44 | 22 | MR. ZELLER:  Your Honor, there is an issue about |
| 08:44 | 23 | the Pietri deposition. |
| 08:44 | 24 | Instructions have been given on grounds other than |
| 08:45 | 25 | privilege, and so that's impeding my ability to examine |

```
08:45   1    Mr. Pietri.  I've asked for the presence of the discovery
08:45   2    master, but I have not received confirmation as to whether
08:45   3    or not he can attend.
08:45   4              THE COURT:  Drew is ill today with the flu,
08:45   5    apparently.
08:45   6              MR. ZELLER:  Oh.
08:45   7              THE COURT:  Mr. O'Brien is in Los Angeles at the
08:45   8    present time.  So we can get Mr. O'Brien down.
08:45   9              MR. ZELLER:  Whatever format the Court would like
08:45  10    to approach this.  These are instructions, again, on
08:45  11    supposed relevance grounds.  And there are some other issues
08:45  12    about the deposition, but --
08:45  13              THE COURT:  This deposition is the most important
08:45  14    thing to the Court, which is why I'm not going to waste my
08:45  15    time this morning.
08:45  16              You're going to resume at 9:00 o'clock whether the
08:45  17    discovery master is present or not.
08:45  18              MR. ZELLER:  Right.
08:45  19              THE COURT:  We'll see if we can get him down.
08:45  20    We'll call him; see if he's available.
08:45  21              Thank you very much, Counsel.
08:45  22              MR. ZELLER:  Thank you.
08:45  23              THE COURT:  Now, Mr. McConville wanted to speak to
08:45  24    me about something personal.
08:46  25              Does it involve this case?
```

```
08:46   1              MR. McCONVILLE:  No, Your Honor.
08:46   2              THE COURT:  Does it affect this case?
08:46   3              MR. McCONVILLE:  No, Your Honor.
08:46   4              THE COURT:  Counsel, do you mind if I speak to
08:46   5   this gentleman?
08:46   6              MR. ZELLER:  It's not an issue.
08:46   7              (Proceedings recessed until 5:00 p.m.)
08:46   8              (Further proceedings reported by Jane Rule
08:46   9         in Volume II.)
08:46  10                              -oOo-
08:46  11
       12
       13
       14
       15
       16
       17
       18
       19
       20
       21
       22
       23
       24
       25
```

-oOo-

CERTIFICATE

I hereby certify that pursuant to Section 753, Title 28, United States Code, the foregoing is a true and correct transcript of the stenographically reported proceedings held in the above-entitled matter and that the transcript page format is in conformance with the regulations of the Judicial Conference of the United States.

Date: March 9, 2010

_____
DEBBIE GALE, U.S. COURT REPORTER
CSR NO. 9472, RPR