FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

MAR 15 2010

CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTEL, INC., <br><br> Plaintiff(s), <br><br> v. <br><br> MGA ENTERTAINMENT, INC., <br><br> Defendant(s). | CASE NO. CV 04-9049 DOC (RNBx) <br><br> **O R D E R** COMPELLING DEFENDANT GUSTAVO MACHADO TO PROVIDE RESPONSIVE DEPOSITION TESTIMONY WITHOUT INVOCATION OF THE FIFTH AMENDMENT |

Before the Court is Mattel, Inc. ("Mattel")'s Motion to Compel Machado to Testify without Invoking the Fifth Amendment (the "Motion"). The Motion is encompassed by Issue No. 13 of the Court's February 12, 2010 Order. After considering the moving and opposing papers, as well as the parties' oral argument, the Court hereby GRANTS the Motion.[1]

---

[1] Mr. Machado is a party to this lawsuit and a resident of California at the time of the suit. In addition, Machado previously stipulated to this Court's jurisdiction. *See* Docket #692, ¶ 1. Further, Machado has submitted a statement indicating an intent to comply with the instant Order on Mattel's Motion. *See* Docket #7511.

    Machado appeared for deposition in Santa Ana, California on January 19, 2010. On the morning of his deposition, Machado requested that the Court enter an order precluding the use of Machado's deposition testimony in any criminal proceeding, except for a claim of perjury or giving a false statement. Machado also requested that the Court enter an order barring the disclosure of Machado's deposition testimony. The Court denied both of Machado's requests on the grounds that the protections of the Fifth Amendment were unavailable to Machado, who is the subject of an extra-territorial prosecution in Mexico. *See United States v. Balsys*, 524 U.S. 666 (1998).

    In light of the Court's January 19, 2010 Order, Machado invoked the Fifth Amendment and refused to provide responsive testimony during his deposition. However, implicit in the Court's denial of Machado's requests was the acknowledgment that Machado cannot avail himself of the Fifth Amendment due to the Supreme Court's holding in *Balsys*. Though the Court noted the Supreme Court's statement in *Balsys* that "cooperative conduct between the United States and foreign nations could not develop to a point at which a claim could be made for recognizing fear of foreign prosecution under the self-incrimination clause as traditionally understood," Mattel's counsel has made good faith and credible representations that this litigation is not a mere subterfuge for the enhancement of Machado's criminal prosecution in Mexico. No criminal prosecution is pending against Machado in any United States jurisdiction and the Office of the United States Attorney for the Central District of California has informed Machado that there is no contemplated criminal action against Machado. Accordingly, the Court finds no authority or fact capable of supporting a reasonable belief that Machado's disclosures could be used in a criminal prosecution or that the disclosures could lead to evidence that could be used in a criminal prosecution in the United States. *Doe ex rel. Rudy-Glanzer v. Glanzer*, 232 F.3d 1258, 1263 (9th Cir. 2000).

For the foregoing reasons, the Court GRANTS the Motion. Machado shall re-appear for deposition and shall provide responsive testimony without recourse to the Fifth Amendment.

IT IS SO ORDERED.

DATED: March 15, 2010

_David O. Carter_
DAVID O. CARTER
United States District Judge