QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  michaelzeller@quinnemanuel.com
  Jon D. Corey (Bar No. 185066)
  joncorey@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:   (213) 443-3000
Facsimile:   (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation,<br><br>              Plaintiff,<br><br>     vs.<br><br>MGA ENTERTAINMENT, INC., a California corporation, et al.,<br><br>              Defendants.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 DOC (RNBx)<br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>Hon. David O. Carter<br><br>**REPLY IN SUPPORT OF MATTEL, INC.'S OBJECTIONS TO PORTIONS OF DISCOVERY MATTER AMENDED ORDER NO. 92**<br><br>Date:  TBD<br>Time:  TBD<br>Place:  Courtroom 9D<br><br>**Phase 2**<br>Discovery Cut-off:  TBD<br>Pre-trial Conference:  TBD<br>Trial Date:  TBD |

**Preliminary Statement**

As directed by the Court's February 27, 2010 Order, Mattel and Omni 808 have met and conferred regarding the documents Omni 808 is continuing to withhold as privileged. Omni 808's statements during the meet and confer only heighten the concerns that non-privileged portions of documents continue to be withheld. Mattel respectfully requests that the Court resume consideration of Mattel's Objections to Portions of Discovery Matter Amended Order No. 92 and submits this Reply in support thereof.

The following undisputed facts should be controlling: nowhere does Omni deny that (1) the emails it has withheld contain (at least in part) non-privileged communications, and (2) those non-privileged communications have not been produced to Mattel in any form. Rather than deny that it is withholding non-privileged communications, Omni contends that the Discovery Master's Order allowing it to do so "appears to be consistent with prevailing law". (Opp. at 10.) It is not. Mattel's Objections should be sustained.

**Argument**

**I.    THE COURT SHOULD REVIEW THE 12 COMMUNICATIONS**

The question here is whether the ruling that "a subsequent and privileged email, which forwards [a] prior non-privileged email, will allow the privilege to attach to the entire email chain" is correct *when the non-privileged emails have not been otherwise produced*. (Amended Order No. 92 at 3:22-25.) That is not the law, and *in camera* review is warranted.

Nowhere does Omni deny that the 12 emails at issue contain non-privileged communications, and nowhere does it claim that any non-privileged portions of the withheld communications have been separately produced. Omni confirmed during the parties' meet and confer that 9 of the 12 emails it was permitted to withhold are email chains but has not provided any assurance that it has produced any non-privileged

portions of those emails.[1]  Thus, there can be little doubt that non-privileged evidence is being withheld.

Indeed, confirming this, Omni's only substantive argument in opposition is that it is purportedly *entitled* to withhold non-privileged information when it has been forwarded to an attorney.  Thus, Omni argues that "a subsequent and privileged email, which forwards [a] prior non-privileged email, will allow the privilege to attach to the entire email chain."[2]  But Omni wholly fails to address the undisputed authority Mattel cites in its Objections on this issue[3] and instead largely relies on the very same case misinterpreted by the Discovery Master in Amended Order No. 92, Rhoads Indus., Inc. v. Bldg. Materials Corp. of Am., 254 F.R.D. 238 (E.D. Penn. 2008).

As explained in Mattel's Objections, Rhoads at most can be read to permit a party to withhold an email that includes both privileged and non-privileged components ***when the non-privileged portion of the email chain is produced separately***. Id. at 240 ("a party can therefore legitimately withhold an email chain forwarding prior materials to counsel, ***although disclosing those prior materials separately***.") (emphasis provided).  Rhoads ruled that a party "need not disclose that the underlying messages were part of an email string subsequently forwarded to counsel," id. at 242, because "by disclosing what was sent to the attorney . . . the nature of the privileged information" might be revealed.  Id. at 240.  But the case does not hold, as the

---

[1]  See Email from Peter Villar to Zachary Krug, dated March 10, 2010.

[2]  Opp. at 10 (quoting Rhoads Indus., Inc. v. Bldg. Materials Corp. of Am., 254 F.R.D. 238, 240 (E.D. Penn. 2008), erroneously cited as Muro v. Target Corp., 250 F.R.D. 350 (N.D. Ill. 2007)).

[3]  See Objections at 4-5 (citing, inter alia, In re Grand Jury Proceedings, 655 F.2d 882, 886 (8th Cir. 1981) ("Mere delivery of the documents to the attorney would not create the privilege where it previously did not exist."); White v. Experian Info. Servs., 2009 WL 4267843, *6 (C.D. Cal. Nov. 23, 2009) ("[A party] may not claim the privilege in a blanket fashion . . . .  They must . . . redact and produce any emails which contain some non-work product.") (citation omitted)).

Discovery Master ruled,[4] that any underlying, non-privileged communications present in a chain of mixed privileged and non-privileged material need not be produced at all.

Omni also cites Muro v. Target Corp., 250 F.R.D. 350 (N.D. Ill. 2007), and Dawe v. Corrections USA, 2009 WL 323383 (E.D. Cal. Oct. 1, 2009). Neither case permits Omni to withhold non-privileged information that has not been separately produced. Indeed, Muro, which Rhoads purports to adopt, concludes that "[a] party can therefore legitimately withhold an entire email forwarding prior materials to counsel, *while also disclosing those prior materials themselves*." Muro, 250 F.R.D. at 363. Likewise, Dawe nowhere suggests that non-privileged information becomes immune from disclosure upon forwarding to an attorney. And though Omni suggests that "California District Courts" have adopted such a rule, the Central District has held precisely the opposite since Dawe was decided, ruling that parties must "redact and produce" any emails that contain both privileged and non-privileged information. White v. Experian Info. Serv., 2009 WL 4267843, *6 (C.D. Cal. Nov. 23, 2009).[5]

## II.  OMNI'S PROCEDURAL ARGUMENTS ARE UNAVAILING

Unable to prevail on the merits, Omni's opposition is largely devoted to procedural complaints. These objections have been resolved by the Court's February 27, 2010 Order and the subsequent meet and confer. The Court's Order recognizes that an appeal from a Discovery Master ruling is not an ordinary motion; it is a filing that mandates, under the Court's timing rules and the practice of the case, immediate action to be set for prompt resolution -- typically on less than the full 28 days' notice provided

---

[4] Order No. 87; Amended Order No. 92.
[5] See also Dole v. Milonas, 889 F.2d 885, 890 (9th Cir. 1989) (balance between maintaining privilege and permissible discovery can be struck by redactions of privileged material); Order Overruling Objections to the Discovery Master's Privilege Rulings on Questions Regarding Mattel's Copyright Registrations During the Deposition of Michael Moore, dated March 11, 2010, Docket No. 7632 at 6 ("A litigant cannot shield from discovery the knowledge it possessed by claiming it has been communicated to a lawyer….") (quoting Rhone-Poulenc Rorer Inc. v. Home Indem. Co., 32 F.3d 851, 864 (3d Cir. 1994)).

by the Local Rules. Moreover, the Court's Order itself required a meet and confer and that meet and confer has been conducted -- a meet and confer which confirmed that non-privileged communications likely are being withheld and which has mooted this alleged objection by Omni.[6] Nor can Omni show prejudice from any of its purported procedural complaints. None of them should permit it to continue to withhold non-privileged documents, as Omni appears to be doing.

Last, while only tangentially relevant to this appeal, Omni's representations that its privilege logs have been entirely proper and that it has not withheld non-privileged documents require correction. These assertions are contrary to not one but *two* Discovery Master orders finding otherwise[7]—neither of which Omni appealed. Omni claims that "Mattel's continued assertions that Omni has…improperly withheld 'numerous' communications as privileged are assertions it knows to be false"[8]; that "Mattel has persisted in raising serial frivolous issues concerning Omni's privilege log"[9]; that "Mattel's motion was built on the false and baseless premise that Kevin Tanna's role as in-house attorney 'does not appear to have been limited to purely legal matters'"[10]; and that "contrary to Mattel's assertion, Mr. Tanna's role in connection with the Omni-Wachovia transaction…was solely as an attorney to provide legal advice, consultation and assistance to Omni."[11] These arguments ignore that the Discovery Master specifically found Omni's logs deficient in Order No. 88,[12] and, following an *in camera* review of 27 documents on Omni's log, found that well over

---

[6] For its part, MGA has not met and conferred before filing objections to or otherwise appealing Discovery Master rulings under the 72-hour deadline.

[7] See Phase 2 Discovery Matter Order No. 88, dated December 8, 2009, Not Docketed; Phase 2 Discovery Matter Amended Order No. 92, dated February 11, 2010, Not Docketed (Phase 2 Discovery Matter Order No. 92 is found at Docket No. 7493).

[8] Opp. at 3.

[9] Opp. at 4.

[10] Opp. at 5.

[11] Id.

[12] Order No. 88 at 10.

1  half of these documents – including business communications involving Mr. Tanna –
2  had been improperly withheld and should be produced in Amended Order No. 92. The
3  facts show that Mattel's concerns about the integrity of Omni's privilege log have been
4  well-founded. Indeed, but for Mattel's diligent challenges to MGA's and Omni's
5  withholdings of documents on their privilege logs, countless non-privileged documents
6  would continue to be inappropriately withheld to this day. The Court should review the
7  withheld documents *in camera*.

## Conclusion

9  For the foregoing reasons, Mattel respectfully requests that the Court order that
10 the 12 communications identified in Amended Order No. 92 as being properly withheld
11 in their entirety be submitted to the Court for *in camera* review, and if appropriate
12 based on such review, ordered produced to Mattel in whole or in redacted form.

13 DATED: March 18, 2010            QUINN EMANUEL URQUHART OLIVER &
                                    HEDGES, LLP


                                    By /s/ Michael T. Zeller
                                      Michael T. Zeller
                                      Attorneys for Mattel, Inc.