SACV 04-9049-DOC - 03/11/2010 - Vol. II

1

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**HONORABLE DAVID O. CARTER, JUDGE PRESIDING**

- - - - - - -


CARTER BRYANT,                          )
                                        )
            Plaintiff,                  )
                                        )
        vs.                             ) No. SACV 04-9049-DOC
                                        )      Volume II
MATTEL, INC.,                           )
                                        )
            Defendant.                  )
_____)


REPORTER'S TRANSCRIPT OF PROCEEDINGS

Status Conference/Motions

Santa Ana, California

Thursday, March 11, 2010


Jane C.S. Rule, CSR 9316
Federal Official Court Reporter
United States District Court
411 West 4th Street, Room 1-053
Santa Ana, California 92701
(714) 558-7755

10-03-11 MattelV2

1    **APPEARANCES OF COUNSEL:**

2

3    FOR INTERVENOR DEFENDANT MGA ENTERTAINMENT, INC.:

4              ORRICK, HERRINGTON & SUTCLIFFE, LLP
               BY:  THOMAS S. MC CONVILLE
5                   MARK P. WINE
                    Attorneys at Law
6              4 Park Plaza
               Suite 1600
7              Irvine, California 92614
               (949) 567-6700
8
               - AND -
9
               ORRICK, HERRINGTON & SUTCLIFFE, LLP
10             BY:  WILLIAM A. MOLINSKI
                    Attorney at Law
11             777 South Figueroa Street
               Los Angeles, California 90017
12             (213) 612-2256

13

14   FOR DEFENDANT MATTEL, INC.:

15             QUINN, EMANUEL, URQUHART, OLIVER & HEDGES
               By:  MICHAEL T. ZELLER
16                  MARSHALL M. SEARCY, III
                    JOHN GORDON
17                  Attorneys at Law
               865 South Figueroa Street
18             10th Floor
               Los Angeles, California 90017-2543
19             (213) 443-3000

20

21   FOR MOVANT OMNI 808 INVESTORS LLC:

22             BINGHAM MC CUTCHEN, LLP
               By:  PETER N. VILLAR
23                  Attorney at Law
               600 Anton Boulevard
24             18th Floor
               Costa Mesa, California 92626
25             (714) 830-0600

Case 2:04-cv-09049-DOC-RNB   Document 7665   Filed 03/18/10   Page 3 of 21   Page ID #:259373
SACV 04-9049-DOC - 03/11/2010 - Vol. II

3

1                          **I N D E X**

2

3

4          **STATUS CONFERENCE / MOTIONS HEARING**

5

6

7              **SEALED PROCEEDINGS**

8                 (Pages 11 - 17)

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

```
 1              SANTA ANA, CALIFORNIA, THURSDAY, MARCH 11, 2010

 2                            VOLUME II

 3                           (4:43 p.m.)

 4              THE COURT:  Counsel on the Bratz matter and MGA

 5    matter.

 6              I think what you received is -- are the Court's

 7    tentative thoughts.  I've signed that at the present time,

 8    but I've left that open for argument.

 9              MR. MC CONVILLE:  Thank you, sir.

10              THE COURT:  And I don't think that Mattel should

11    be present when you make the arguments, in case it loops

12    over.

13              MR. MC CONVILLE:  I appreciate that, your Honor.

14              THE COURT:  They simply have exhibit numbers at

15    the present time, but until that becomes a final order of

16    the Court, I'm going to ask Mattel to wait outside for just

17    a moment.

18              MR. MC CONVILLE:  I appreciate that, your Honor.

19              THE COURT:  Now, this is off the record for a just

20    moment.

21              (Interruption in the proceedings.)

22              THE COURT:  All right.  If both parties are

23    present, the part the Court wants to hear argument on

24    specifically, before I excuse Mattel, is this Court is

25    inclined to cause the fee agreements between MGA and any of
```

1    the parties to be disclosed, which is not presently part of

2    this order.  But the amount of the fee agreements, like

3    Mr. Overland's rate, et cetera, I don't think that that's

4    relevant, but the fee agreement goes directly to

5    credibility.  Now, that's not included in this order at the

6    present time, and I think that requires argument by both

7    counsel for a moment, and then I'm going to excuse Mattel

8    concerning the specific privilege inquiries.

9           So I want to hear from MGA first in this matter,

10   and the first question I would like to know specifically is,

11   have you disclosed all of the fee agreements?  My suspicion

12   is that you haven't disclosed any of them because there's

13   been no order between MGA and potential witnesses, or

14   witnesses in this matter, like Machado.

15           MR. WINE:  Your Honor, I think there actually was

16   a prior order of Mr. O'Brien, and I believe we --

17           THE COURT:  Well, see, that means nothing to me

18   because the parties haven't been obeying those orders

19   anyway, frankly.

20           Now, I'll ask again, because it got out of hand

21   from the beginning, in my opinion, you know, way before this

22   Court got involved.  There's a whole series of orders by

23   Robert O'Brien that were motions for clarification, motions

24   for reconsideration, motions for appeal that, frankly, Judge

25   Larson didn't have time to deal with, and I'm going to ask

SACV 04-9049-DOC - 03/11/2010 - Vol. II

6

```
 1    you again, and you are going to answer my question.

 2            MR. WINE:  Your Honor, we have no problem

 3    producing fee agreements, as long as it's reciprocal, which

 4    was the original --

 5            THE COURT:  Right, because they just love the

 6    transparency also.

 7            So can that be a joint order, then, and that is

 8    fee agreements for all witnesses in this matter?

 9            Now, the question is going to be, who are those

10    witnesses?  So all of the witnesses who have minimally been

11    deposed, those are people I know already who have some

12    relation to this case on both sides.  Those are ordered

13    immediately.

14            You can excise the amounts, in other words, I

15    don't think it's relevant, the amount.  I don't think

16    anybody has the right to know what Mark Overland is charging

17    compared to other counsel.  I don't think that that's --

18    it's the fact that there is a fee agreement that's

19    important, not the rate or the amount, okay?  That can be

20    excised.

21            MR. MC CONVILLE:  Okay.  Just for clarification,

22    when you talk about deposed, are you talking about deposed

23    at any time in this litigation or --

24            THE COURT:  Any time in this litigation because it

25    shows some interest by the parties.  Hopefully you are not
```

 1    wasting those assets and resources.

 2            Also, I would ask in good faith that you disclose

 3    those as early as possible because I'm probably going to

 4    want a witness list from all of you three or four weeks

 5    prior to trial.  Whenever we set that trial date, I need to

 6    set a date that this information comes to an end, that each

 7    side has it so they are prepared for litigation.  But I

 8    don't think it's fair that the claim is made, "Judge, we

 9    didn't anticipate this witness," and the other party said,

10    "We didn't make the decision whether to call that person."

11    I don't think you are far enough down the line on each side

12    to say dispositively, "This is definitely the person I'm

13    going to call."  But obviously, any person deposed so far,

14    you are not wasting those resources unless there is some

15    potentiality there.  All of those agreements are disclosed

16    by stipulation of counsel.

17            Bill --

18            MR. MOLINSKI:  Molinski.

19            THE COURT:  -- Molinski, is that acceptable to

20    you, sir?

21            MR. MOLINSKI:  It is.

22            THE COURT:  Counsel, you may speak.

23            MR. SEARCY:  Yes, it is acceptable, your Honor.

24            THE COURT:  Thank you.  And your name for my

25    record?

Case 2:04-cv-09049-DOC-RNB  Document 7665  Filed 03/18/10  Page 8 of 21  Page ID #:259378
SACV 04-9049-DOC - 03/11/2010 - Vol. II

8

1          MR. SEARCY:  Marshall Searcy for Mattel.

2          THE COURT:  Huh?

3          MR. SEARCY:  Marshall Searcy.

4          THE COURT:  Marshall Searcy.

5          Marshall Searcy is also stipulating on behalf of

6   MGA -- Mattel and MGA.  That way you've made your

7   appearances, counsel, and your appearances are appreciated

8   in this court, by the way.  It's been a pleasure having both

9   of you gentlemen here also.  You've made an excellent

10  representation on behalf of your respective clients for my

11  record.

12         MR. SEARCY:  Thank you, your Honor.

13         THE COURT:  Counsel, anything further before I

14  excuse Mattel?

15         MR. WINE:  No, sir.

16         THE COURT:  If you'd wait out in the hallway for

17  just a moment.

18         And counsel on the criminal matter, if you'd

19  remain out in the hallway for just a moment.  I need to take

20  something up in camera.

21         MR. ZELLER:  Your Honor, there is one point I'd

22  like to make before being excused about the Wing situation.

23  That has to do with the fact that I do think that as part of

24  this order, MGA ought to be required to go through this log

25  that is provided and certify the accuracy of the

```
 1    representations regarding who is outside counsel, because
 2    there are problems with that.  In fact, the log that was
 3    provided to us, and we pointed this out to MGA repeatedly,
 4    but for example, the first two entries claim that Moss Adams
 5    is outside counsel for MGA, and that's just not correct.  I
 6    mean, it's just not true.  They are accountants.
 7              THE COURT:  They are accountants?
 8              MR. ZELLER:  They are accountants.
 9              THE COURT:  Accountants.
10              MR. ZELLER:  Accountants.
11              THE COURT:  I think I got to that yesterday with
12    Mr. Wing.  I think that's why I spent three hours with him.
13              MR. ZELLER:  I understand.
14              THE COURT:  And I think he pointed out in his
15    notes who the accountants were and who the lawyers were.
16    Now, I may have missed one or two, but --
17              MR. ZELLER:  Right.  The order doesn't include the
18    disclosure of those first two documents.
19              THE COURT:  Okay.
20              MR. ZELLER:  And so I just wanted to raise the
21    issue because --
22              THE COURT:  Thank you.  Are you leaving now?
23              MR. ZELLER:  Thank you.
24              THE COURT:  Thank you very much.
25              Now, this record will remain sealed, Jane, until
```

JANE C.S. RULE, CSR NO. 9316 - U.S. COURT REPORTER

1    further order of the Court.

2            Mattel is leaving now.  Mattel is leaving now.

3    Mattel is leaving now.  Mattel is walking towards the door.

4    The door is now closing behind Mattel.  Mattel has now

5    exited the courtroom.

6                    * * <u>SEALED PROCEEDINGS FOLLOW</u> * *

7            *(Written Court approval required to view.)*

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25















SACV 04-9049-DOC - 03/11/2010 - Vol. II

18

```
1              SANTA ANA, CALIFORNIA, THURSDAY, MARCH 11, 2010

2                           VOLUME II

3              * * OPEN COURT PROCEEDINGS RESUMED * *

4              THE COURT:  Then we are on the record, and counsel

5      are present.

6              I've heard the arguments of MGA outside of the

7      court's (sic) presence.

8              This Court feels that it spent an abundant amount

9      of time.  This Court's the first to recognize, and humbly do

10     so, that there may be a mistake, but if there are, they are

11     minimal and inconsequential.  This Court not only went over

12     this for almost three hours with you present, but also in

13     chambers again and has repeatedly looked at these.  If the

14     Circuit deems that the Court hasn't spent sufficient time, I

15     can only represent that I've gone over each one of these

16     documents personally and considered these.  This is a final

17     order of the Court, and they will be produced by tomorrow,

18     as I've indicated.  And the order -- and that's by

19     10:00 p.m. on March 12th.

20             Now, because I'm going to take a couple pleas on

21     the Mongols case right now, it will give you time to word

22     process the agreement between the two of you, and I'd like

23     to see a copy of it as soon as we're done.  So why don't you

24     return in 20 minutes.  Let me get the criminal matters out

25     of the way, okay, and then we'll move forward with a couple
```

 1    other matters tonight, and I'll probably excuse you early

 2    tonight.

 3              MR. WINE:  Your Honor, may I be excused to begin

 4    the process of --

 5              THE COURT:  Certainly, and I appreciate your

 6    courtesy, by the way.  It's been a pleasure having you here.

 7    I'm very pleased you came down from San Francisco.

 8              MR. WINE:  I'm in Orange County, so --

 9              THE COURT:  Oh, you are?

10              MR. WINE:  Yes.

11              THE COURT:  Does your firm have local offices

12    here?

13              MR. WINE:  Yes.

14              MR. MC CONVILLE:  We're in Irvine.

15              THE COURT:  What's the name of your firm again?

16              MR. MC CONVILLE:  Orrick Herrington.

17              THE COURT:  I'm just kidding you, Counsel.  I'm

18    joking with you.

19              *(Laughter.)*

20              THE COURT:  Yeah, I know you've got local

21    offices here, but I never know because Ms. Hurst is from

22    San Francisco, so why -- and Mr. McConville is from here --

23              MR. MOLINSKI:  And I'm from Los Angeles.

24              THE COURT:  Los Angeles, you actually have an

25    office up there?

SACV 04-9049-DOC - 03/11/2010 - Vol. II

20

1          MR. MOLINSKI:  We do.

2          THE COURT:  So it's been a pleasure.  Thank you.

3          MR. ZELLER:  And does Mr. McConville know what

4    agreement we are going to be discussing?  Because I don't

5    think I was present when --

6          THE COURT:  The fee agreement.

7          MR. ZELLER:  Oh, the fee agreement.

8          THE COURT:  The fee agreement.

9          *(Interruption in the proceedings.)*

10         *(Recess.)*

11                         -oOo-

12

13

14

15

16

17

18

19

20

21

22

23

24

25

JANE C.S. RULE, CSR NO. 9316 - U.S. COURT REPORTER

Case 2:04-cv-09049-DOC-RNB   Document 7665   Filed 03/18/10   Page 21 of 21   Page ID #:259391
SACV 04-9049-DOC - 03/11/2010 - Vol. II

21

```
 1                              -oOo-

 2                           CERTIFICATE

 3

 4           I hereby certify that pursuant to Section 753,

 5    Title 28, United States Code, the foregoing is a true and

 6    correct transcript of the stenographically reported

 7    proceedings held in the above-entitled matter and that the

 8    transcript page format is in conformance with the

 9    regulations of the Judicial Conference of the United States.

10

11    Date:  March 17, 2010

12

13

14                        _____
                          JANE C.S. RULE, U.S. COURT REPORTER
15                        CSR NO. 9316

16

17

18

19

20

21

22

23

24

25
```