QUINN EMANUEL URQUHART & SULLIVAN, LLP
  John B. Quinn (Bar No. 090378)
  (johnquinn@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:  (213) 443-3000
Facsimile:   (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>MGA ENTERTAINMENT, INC., a California corporation, et al.,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 DOC (RNBx)<br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>Hon. David O. Carter<br><br>MATTEL, INC.'S NOTICE OF MOTION AND MOTION TO ENFORCE COURT'S FEBRUARY 25, 2010 ORDER AND TO COMPEL MGA MEXICO TO PROVIDE PROPERLY PREPARED 30(b)(6) WITNESS<br><br>[Declaration of Jon D. Corey filed concurrently herewith]<br><br>Date:    TBD<br>Time:    TBD<br>Place:   Courtroom 9D<br><br>Phase 2<br>Discovery Cut-off:   TBD<br>Pre-trial Conference:   TBD<br>Trial Date:   TBD |

MATTEL. INC.'S MOTION TO COMPEL APPEARANCE OF MGA MEXICO RULE 30(B)(6) WITNESS

1   TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2          PLEASE TAKE NOTICE that, at a date and time to be set by the Court, in the

3   courtroom of The Honorable David O. Carter, located at 411 West Fourth Street, Santa

4   Ana, California, 92701, plaintiff Mattel, Inc. ("Mattel") will, and hereby does, move the

5   Court for an order (1) compelling Susana Kuemmerle to appear for deposition as MGA

6   Mexico's 30(b)(6) designee, as contemplated by the Court's February 25, 2010 Order,

7   and (2) compelling Machado and Trueba to speak with MGA Mexico's 30(b)(6)

8   designee prior to her appearance for deposition.

9          This Motion is made pursuant to the Court's Order dated February 25, 2010, and

10  Rules 30 and 37 of the Federal Rules of Civil Procedure on the grounds that MGA

11  Mexico has repeatedly failed to prepare adequately prepare its 30(b)(6) witness.

12         This Motion is based on this Notice of Motion and Motion, the accompanying

13  Memorandum of Points and Authorities, the Declaration of Jon D. Corey filed

14  concurrently herewith, the records and files of this Court, all matters of which the Court

15  may take judicial notice, and any other evidence and argument as may be presented at

16  or before the hearing on the Motion.

17                              **Statement of Compliance**

18         The parties met and conferred about these deficiencies at the deposition on

19  March 17, 2010.

20  DATED:   March 19, 2010          QUINN EMANUEL URQUHART &
                                     SULLIVAN, LLP
21

22                                   By  /s/ Michael T. Zeller
                                        Michael T. Zeller
23                                      Attorneys for Mattel, Inc.

24

25

26

27

28

00505.07975/3381894.1

-1-
MATTEL, INC.'S MOTION TO COMPEL APPEARANCE OF MGA MEXICO RULE 30(B)(6) WITNESS

## MEMORANDUM OF POINTS AND AUTHORITIES

### Preliminary Statement

MGA Mexico continues to disclaim any knowledge about how thousands of pages of internal Mattel documents arrived in its Mexico City offices, the identity of such documents located during the search of its offices, and how those documents were used by MGA while in its possession.  By this motion, Mattel again seeks testimony from MGA Mexico that complies with its obligations.  The Court has found—twice—that MGA Mexico was not prepared appropriately for the Topic Nos. 1-3, 5-8 and 27 in Mattel's Rule 30(b)(6) notice.[1]  It accordingly ordered MGA Mexico to produce a properly prepared witness, including one who spoke with Gustavo Machado and Mariana Trueba about these matters.

On Wednesday, MGA Mexico again produced Mr. Small as its designee.  The Discovery Master, who was present for the testimony, found the designee's preparation insufficient a third time.  In the Court's February 25, 2010 Order, it ruled that if MGA Mexico's empty vessel witness, Lewis Small, failed to confer with Mr. Machado and Ms. Trueba, then Susanna Kuemmerle, MGA Mexico's first designee, would be ordered back.  Mattel requests that the Court do that and further order Mr. Machado and Ms. Trueba to provide full and complete disclosure to Ms. Kuemmerle of all information related to the referenced Topics.

### Argument

## I.   MGA MEXICO'S EMPTY VESSEL DESIGNEE WAS AGAIN UNPREPARED BECAUSE HE FAILED TO SPEAK WITH MACHADO AND TRUEBA BEFORE THE DEPOSITION

Subsequent to the Court's February 25, 2010 Order compelling MGA Mexico to provide a prepared witness, MGA Mexico again produced Mr. Small as its designee on

---

[1]   See excerpts of Notice of Deposition of MGAE de Mexico, S.R.L. de C.V. Pursuant to Federal Rule of Civil Procedure 30(b)(6), dated January 9, 2008, attached as Exhibit 1 to the concurrently filed Declaration of Jon D. Corey.

March 17, 2010.  While Mr. Small had conducted additional interviews, he had not spoken to Machado or Trueba as required.[2]  He also could not, yet again, identify a single document seized in the search of MGA Mexico's office by the Mexican authorities.[3]  He could not explain how the Mattel-authored documents got there.[4]  Mr. Small could not explain how the Mattel-authored documents were used once there.  In fact, Mr. Small testified that he was aware of *no efforts* by MGA to determine whether it had any documents showing use of the stolen Mattel trade secrets.[5]  Though he knew a CD had been seized—and though that CD was produced in this case—he could not identify any of the documents that were contained on it, or provide any information regarding its creation.[6]  Thus, yet again, Mr. Small was unprepared.

This lack of knowledge was the direct result of MGA's disregard of the Court's Order because Mr. Small did not, contrary to the Court's direction, interview witnesses most likely to have that knowledge.  In its February 25, 2010 Order compelling that MGA Mexico sit for deposition again, the Court specifically found "[m]ost concerning is Mr. Small's failure to interview Machado, Vargas, and/or Trueba.  To the extent that these individuals decline to assist Mr. Small's preparation, the Court is prepared to order Ms. Kuemmerle (MGA Mexico's first 30(b)(6) witness) to re-appear for deposition under conditions likely to be opposed by both parties."[7]  Though Mr. Small had conducted additional interviews, he had not spoken to Machado, Vargas, or Trueba.

MGA Mexico's failure to have its witness speak to Machado and Trueba was in direct violation of the Court's Order.  MGA Mexico's excuses for this deficiency are meritless.  Mr. Small testified that he had not spoken to Machado because "I was

---

[2]   L. Small Rough Depo. Tr., dated March 17, 2010, at 8:15-17.
[3]   L. Small Rough Depo. Tr., dated March 17, 2010, at 101:19-24.
[4]   L. Small Rough Depo. Tr., dated March 17, 2010, at 104:5-105:8.
[5]   L. Small Rough Depo. Tr., dated March 17, 2010, at 111:16-22.
[6]   L. Small Rough Depo. Tr., dated March 17, 2010, at 111:24-112:9.
[7]   February 25, 2010 Order Regarding Mattel's Motion to Compel Resumed Deposition of MGA Mexico 30(B)(6) Designee, Docket No. 7575.

advised [by counsel] that I would not be conducting the interview, since he would be testifying in court."[8]  Of course, that Machado might be testifying in no way excuses MGA Mexico's designee from his duty to speak with Machado and Trueba, especially after the Court had made explicitly clear that the designee was required do so.  Indeed, whether or not Machado will finally abide by this Court's now repeated rulings that he cannot invoke the Fifth Amendment—Machado had, after all, refused to comply with that very ruling previously as discussed below—Mattel is entitled to testimony from MGA Mexico on the matter.

Similarly, Small testified that he did not speak to Trueba because Trueba's counsel "would not allow her to be interviewed."[9]  But Ms. Trueba was represented by counsel before the last deposition of Mr. Small as well.  He easily spoke to her then, but elected not to ask her any questions of any substance or the same questions that he asked of the other interviewees.[10]  The MGA Parties and Ms. Trueba have provided no explanation for her willingness to speak before and her refusal to do so now.  That MGA has now produced documents showing that it is paying her legal fees[11] (in flat contradiction to MGA's earlier, repeated representations to the Court that it had stopped months ago) further shows that the excuse is without merit.  Mattel is entitled to MGA Mexico's knowledge as to the issues in this case, from whatever source.

Nor could there be any legitimate claim that Machado or Trueba could refuse to provide this information on the basis of any alleged Fifth Amendment right against self-

---

[8]  L. Small Rough Depo. Tr., dated March 17, 2010, at 9:13-15.  Nor does this justification carry any weight. Mr. Small also interviewed Susana Kuemmerle, although she had already been deposed in this case.  The MGA Parties have provided no explanation for the difference here.

[9]  L. Small Rough Depo. Tr., dated March 17, 2010, at 9:16-21.

[10]  Small Depo. Tr., dated January 15, 2010, at 1208:6-1208:15; 1211:7-1213:8 (testifying that he spoke with Trueba and, once she stated she did not know what had been seized in the search—as opposed to what Mattel documents she might have taken or used—he ended the call).

[11]  See MGA2 1205795-801 (fee agreement for Ms. Trueba's representation by Bienert, Miller, & Katzman, dated January 7, 2010).

1  incrimination.  This Court has now ruled twice that Mr. Machado has no such right

2  because he has no reasonable fear of prosecution in the United States.[12]  Ms. Trueba

3  cannot invoke the Fifth Amendment for the same reason.  Indeed, at her deposition, Ms.

4  Trueba invoked as to all questions, including those designed to determine whether she

5  had a fear of prosecution in the United States.  She refused to state whether she had

6  been investigated by law enforcement in the United States for any of her conduct

7  relating to Mattel or MGA, whether she had asked for or received a non-prosecution

8  letter from any state or federal, or whether she had any apprehension of being

9  prosecuted in the United State.[13]  Ms. Trueba therefore cannot meet her burden to

10  provide information in support of her invocation.  See, e.g., Davis v. Fendler, 650 F.2d

11  1154, 1159 (9th Cir. 1981) ("A proper assertion of a Fifth Amendment privilege

12  requires, at a minimum, a good faith effort to provide the trial judge with sufficient

13  information from which he can make an intelligent evaluation of the claim."); Baker v.

14  Limber, 647 F.2d 912, 917 (9th Cir. 1981) (no Fifth Amendment right where deponent

15  refused to answer any questions except to state his name for the record).

16  Because of Mr. Small's failure to speak to Machado or Trueba, the Discovery

17  Master found MGA's preparation insufficient. Mattel is entitled to a fully prepared

18  witnesses to respond to questions regarding the company's knowledge on these Topics.

---

[12]   January 19, 2010 Hearing Tr., Vol. II, at 6:22-7:1; Order Compelling Defendant Gustavo Machado to Provide Responsive Deposition Testimony Without Invocation of the Fifth Amendment, dated March 15, 2010, Docket No. 7657. Despite the Court's ruling on January 19, 2010 that Mr. Machado had no basis for invoking the Fifth Amendment, Mr. Machado nevertheless again refused to answer questions at this resumed deposition on that basis. The Court's March 15 Order on the subject, which again held that Mr. Machado had no proper basis for asserting the Fifth Amendment, then followed.

[13]   Treuba Depo. Tr., dated January 20, 2010, at 16:23-20:6.

MATTEL. INC.'S MOTION TO COMPEL APPEARANCE OF MGA MEXICO RULE 30(B)(6) WITNESS

## II.   MGA MEXICO ALSO FAILED TO TAKE REASONABLE EFFORTS TO HAVE AGUIRRE AUTHENTICATE THE HARD COPY MATTEL DOCUMENTS THAT HE SIGNED ON THE DATE OF THE SEARCH

Carlos Aguirre was the MGA Mexico employee who accompanied the Attorney General's office representatives on the search (with two other MGA Mexico representatives). He signed each page of each hard copy document located during the search that was responsive to the search warrant, i.e., was a Mattel document. Mr. Small has so testified based on the interviews that he had done of Mr. Aguirre to prepare for his deposition.

During the meet and confer process, Mattel had requested that those documents be shown to Mr. Aguirre so that he could authenticate his signature. MGA Mexico did not do so. As a result, Mr. Small was unable to affirm that the documents shown to him were documents seized in the search and authenticate them. All that he would say was that the signatures were similar to the one provided to him by Mr. Aguirre.[14]

Counsel for MGA Mexico tried to justify this omission by claiming that showing the documents to Mr. Aguirre would run afoul of the Protective Order, and that if Mattel wanted the documents shown to him, it "could have told me in preparing this witness that you want him to look at these and you're willing to waive the protective order to allow that to take place."[15] MGA Mexico is wrong. Mattel requested that Mr. Aguirre be shown the documents: "Certain obvious deficiencies that Mattel expects MGA Mexico to remedy at the next session include . . . [i]dentification of the documents located during the search, including authentication of Mr. Aguirre's signature upon the hard copy documents located during the search. Mr. Aguirre is one of the persons interviewed by Mr. Small. *He should be able to authenticate his own signature*."[16]

---

[14]   See, e.g., L. Small Rough Depo. Tr., dated March 17, 2010, at 36:9-37:11.
[15]   L. Small Rough Depo. Tr., dated March 17, 2010, at 83:17-21.
[16]   Email from J. Corey to W. Molinski, dated March 9, 2009 (emphasis added).

The Protective Order pretext fails too.  The Court has ruled that the Protective Order cannot be used as an excuse to avoid preparing a 30(b)(6) witness.[17]  Moreover, the Protective Order permits a party to show documents to "the authors . . . of any document or thing which has been designated 'CONFIDENTIAL -- ATTORNEY'S EYES ONLY' information."[18]  Mr. Aguirre is the author of his signature.

Because of Mr. Small's failure to obtain authentication of the stolen documents from Mr. Aguirre, the Discovery Master also found MGA's preparation insufficient. MGA Mexico should be ordered to produce a designee to authenticate these documents.

<u>Conclusion</u>

At each step, MGA Mexico has looked for excuses to disclaim any knowledge as to how it obtained copies of the Mattel-authored documents got there, how they were used once there, the authenticity of the stolen documents and how the CD produced by MGA was created.  Consistent with its prior Order, the Court should order MGA Mexico to provide Ms. Kuemmerle—a witness with percipient knowledge, rather than an empty vessel—to appear for deposition as MGA Mexico's <u>Rule</u> 30(b)(6) designee. Before she appears, the Court should again order MGA Mexico to ensure that she is fully prepared, including without limitation by ordering Machado and Trueba to provide her with any and all information that they may have on Topic Nos. 1-3, 5-8 and 27 in the Notice of Deposition before she does.

DATED:  March 19, 2010

QUINN EMANUEL URQUHART & SULLIVAN. LLP


By   /s/ Michael T. Zeller
    Michael T. Zeller
    Attorneys for Mattel. Inc.

---

[17]  December 17, 2009 Hearing Tr. at 20:18-22:15.
[18]  Stipulated Protective Order, dated January 4, 2005, at ¶ 6(c).