Bingham McCutchen LLP
TODD E. GORDINIER (SBN 82200)
todd.gordinier@bingham.com
PETER N. VILLAR (SBN 204038)
peter.villar@bingham.com
MICHAEL D. MORTENSON (SBN 247758)
michael.mortenson@bingham.com
600 Anton Boulevard, 18th Floor
Costa Mesa, CA 92626-1924
Telephone: 714.830.0600
Facsimile: 714.830.0700

Attorneys for Non-Party
OMNI 808 INVESTORS, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>MGA ENTERTAINMENT, INC., a California corporation, et al.,<br><br>Defendants.<br><br>AND CONSOLIDATED ACTIONS. | Case No. CV 04-09049 DOC (RNBx)<br>c/w Case Nos. CV 04-09059 & CV 05-2727<br><br>**OMNI 808 INVESTORS, LLC'S RESPONSE TO MATTEL, INC.'S "REPLY" IN SUPPORT OF *UNTIMELY* OBJECTIONS TO PORTIONS OF DISCOVERY MATTER AMENDED ORDER NO. 92**<br><br>Date: TBD<br>Time: TBD<br>Ctrm: 9D<br><br>**Phase 2**:<br>Discovery Cut-off: TBD<br>Pre-trial Conference: TBD<br>Trial Date: TBD |

A/73326843.1

1    On February 27, 2010, the Court issued an Order holding in abeyance Mattel's objections to portions of Discovery Matter Amended Order No. 92 and instructing the parties to meet and confer in an attempt to resolve Mattel's objections. Without notifying Omni that the meet and confer process was completed, Mattel filed its purported "reply" on March 18 that, as far as Omni is aware, was not solicited by the Court.[1] Omni respectfully submits this response to correct certain misstatements made in Mattel's reply.

In its reply, Mattel asserts that "Omni 808's statements during the meet and confer process only heighten the concerns that non-privileged portions of documents continue to be withheld" in that "nowhere does Omni deny that (1) the emails it has withheld contain (at least in part) non-privileged communications, and (2) those non-privileged communications have not been produced to Mattel in any form." (Mattel Reply at 1.) Those representations are demonstrably <u>false</u> and, frankly, unbelievable even in the context of this contentious litigation. In fact, in an apparent effort to mislead the Court, Mattel cites in a footnote to a March 10 email from Omni's counsel (**but cleverly does not attach the email**), which, in fact, provides the <u>very assurances</u> that Mattel claims were not provided during the meet and confer process. (Omni's counsel's March 10, 2010 email is attached hereto as Exhibit A.)

Pursuant to the Court's February 27 Order, Omni's counsel met and conferred with Mattel's counsel by phone on March 3. In that phone conference, and contrary to Mattel's representations in its reply, Omni's counsel confirmed that the 12 emails that the Discovery Master determined were properly withheld contained <u>only privileged attorney-client communications</u> with the exception of one part of an email chain that Omni had <u>already separately produced to Mattel</u>.

---

[1] In fact, the Order expressly states that "the Court has not treated appeals of Discovery Master rulings as Motions ..." (February 27, 2010 Order at 1.)

A/73326843.1                                      1

Following the March 3 phone conference, Mattel's counsel sent an email to Omni's counsel on March 5 asking Omni's counsel to confirm "(1) which entries are the 12 entries that DMO 92 ruled need not be produced; (2) whether any of these communications are email "chains"; and (3) whether they include any other participants besides those currently listed on Omni's Amended Privilege Log." (*See* Exhibit A.).

On March 10, Omni's counsel sent a response email to Mattel's counsel with the information he requested. In that email, Omni's counsel confirmed that 9 of the 12 entries (Document Nos. 1-4, 6-7, 9, 15 and 26) contained "email chains" that "**consist of more than one attorney-client email communication**" with the exception of only one entry (Document No. 15) that includes a non-privileged email "**which had been produced to Mattel (Bates No. OMNI0004494).**" (*Id.*) Therefore, contrary to Mattel's representations to the Court, Omni's counsel confirmed -- as the Discover Master correctly found -- that the 12 communications properly withheld consisted of only <u>privileged attorney-client communications</u> (with the exception of one email that was <u>separately produced to Mattel and specifically identified by Bates Number</u>).

Mattel's reply not only misrepresents what occurred during the meet and confer process, but also completely disregards the findings of the Discovery Master who <u>independently verified</u> that the properly withheld emails contained privileged attorney-client communications. In fact, as previously mentioned, Mattel's supposition that the Discovery Master did not evaluate the basis of privilege for each communication (that he ordered not be produced) is not only unfounded but also ironic given that Mattel wants this Court to assume that the portions of the Discovery Master's Order that <u>favor</u> Mattel were correct and well-reasoned.

The remainder of Mattel's reply merely discusses <u>inapplicable case law</u> regarding situations, unlike here, in which a party withholds non-privileged

1  portions of email chains. That case law does not apply since Omni only withheld
2  email chains consisting of <u>privileged</u> attorney-client communications and
3  separately produced any non-privileged portion. In fact, Mattel <u>concedes</u> (and
4  emphasizes with bold and italicized type) that a party is entitled to "withhold an
5  email that includes both privileged and non-privileged components *when the non-*
6  *privileged portion of the email chain is produced separately.*" (Mattel Reply at
7  2.) Therefore, by Mattel's own concession, its objections should be overruled.

8      For these reasons, and for the reasons stated in Omni's opposition, Omni
9  respectfully requests that the Court overrule Mattel's *untimely* objections to
10 Discovery Matter Amended Order No. 92.

12 DATED: March 19, 2010        Bingham McCutchen LLP

15                                     By:  /s/ Todd E. Gordinier
                                            Todd E. Gordinier
16                                             Attorneys for Non-Party
                                            Omni 808 Investors, LLC

# EXHIBIT A

## Villar, Peter N.

**From:** Villar, Peter N.
**Sent:** Wednesday, March 10, 2010 3:59 PM
**To:** 'Zachary Krug'
**Cc:** Dylan Proctor
**Subject:** RE: Mattel v. MGA -- follow-up re m/c on objections to DMO 92

Zachary, here is the information you requested.

(1) The Discovery Master found that Document Nos. 1-9, 15, 26 and 27 were properly withheld. These match up with Mattel's Appendix A Nos. 1-9, 17, 26 and 27.

(2) Document Nos. 1-4, 6-7, 9, 15 and 26 are "email chains" (i.e., they consist of more than one attorney-client email communication).

(3) Document No. 9 (Mattel Appendix No. 9, Omni Privilege Log Entry 13) attaches an email sent from Bingham attorney Peter Carson to Omni employee Koren Kordes and copied to Bingham attorney Aaron Borden and Omni in-house counsel Kevin Tanna. Document No. 15 (Mattel Appendix No. 17, Omni Privilege Log No. 55) attaches an email sent from Bingham attorney Peter Carson to a number of individuals, which has been produced to Mattel (Bates No. OMNI0004494).

Let me know if you have any additional questions.

- Peter


**BINGHAM**
Peter N. Villar |
Plaza Tower, 18th Floor |
600 Anton Boulevard |
Costa Mesa, CA 92626-1924 |
T 714.830.0640 |
F 714.830.0700 |
peter.villar@bingham.com |

---

**From:** Zachary Krug [mailto:zacharykrug@quinnemanuel.com]
**Sent:** Friday, March 05, 2010 4:47 PM
**To:** Villar, Peter N.
**Cc:** Dylan Proctor
**Subject:** Mattel v. MGA -- follow-up re m/c on objections to DMO 92

Peter:

On Wednesday you agreed to provide further information regarding Omni's withheld communications at issue in DMO 92. Specifically: (1) which entries are the 12 entries that DMO 92 ruled need not be produced; (2) whether any of these communications are email "chains"; and (3) whether they include any other participants besides those currently listed on Omni's Amended Log.

EXHIBIT A PAGE 4

3/18/2010

As you know, we'll need this before we can respond to the Court's order and/or file our reply. When can we expect to receive this information?

Best.

Zachary

EXHIBIT A PAGE 5

3/18/2010