QUINN EMANUEL URQUHART & SULLIVAN, LLP
  John B. Quinn (Bar No. 090378)
  (johnquinn@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:  (213) 443-3000
Facsimile:  (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation,<br><br>           Plaintiff,<br><br>     vs.<br><br>MGA ENTERTAINMENT, INC., a California corporation,<br><br>           Defendants.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 DOC (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>Hon. David O. Carter<br><br>MATTEL, INC.'S NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE FOURTH AMENDED ANSWER AND COUNTERCLAIMS; AND<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF<br><br>[Proposed] Fourth Amended Answer and Counterclaims lodged concurrently herewith]<br><br>Hearing Date: April 26, 2010<br>Time: 8:30 a.m.<br>Place: Courtroom 9D<br><br>Discovery Cut-off: TBD<br>Pre-trial Conference: TBD<br>Trial Date: TBD |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on April 26, 2010, at 8:30 a.m., in the Courtroom of the Honorable David O. Carter, located at 411 West Fourth Street, Santa Ana, California 92701, plaintiff Mattel, Inc. ("Mattel") will, and hereby does, move this Court pursuant to Rule 15(a) of the Federal Rules of Civil Procedure for an order granting Mattel leave to file a Fourth Amended Answer and Counterclaims, lodged concurrently herewith.

This Motion is made on the grounds that Mattel's investigation and discovery in this case have revealed facts showing that Mattel has a right to additional and further relief against the named counter-defendants; Mattel has also obtained additional information which supports naming additional counter-defendants in place of the Doe counter-defendants; neither the existing nor proposed counter-defendants will be unduly prejudiced by the amendments; Mattel has not unduly delayed seeking its requested relief; Mattel's proposed amendment is made in good faith; and Mattel's proposed amendment is not futile.

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the concurrently-lodged proposed Fourth Amended Answer and Counterclaims, the pleadings and other papers on file in this action, any matters of which this Court may take judicial notice, and such further evidence and argument as may be presented at or before the hearing on this matter.

**Local Rule 7-3 Certification**

This motion is made following the conference of counsel in compliance with Local Rule 7-3, which took place on July 28, 2009 and thereafter.

DATED: March 24, 2010     QUINN EMANUEL URQUHART & SULLIVAN. LLP

By /s/ John B. Quinn
   John B. Quinn
   Attorneys for Mattel. Inc.

1

# **TABLE OF CONTENTS**

2 **Page**

3

4 MEMORANDUM OF POINTS AND AUTHORITIES ........................................... 1
5 PRELIMINARY STATEMENT ............................................................................. 1
6 STATEMENT OF FACTS ...................................................................................... 1
7 ARGUMENT ........................................................................................................... 6
8 MATTEL'S MOTION FOR LEAVE TO AMEND SHOULD BE GRANTED ........ 6
9     A.    Rule 15(a) Requires the Liberal Granting of Leave to Amend .............. 6
10     B.    Mattel's Proposed Amendments Will Not Cause Unfair Prejudice ....................................................................................................... 7
11
12     C.    Mattel Has Timely Sought To Amend Its Complaint ........................... 10
13     D.    Mattel Seeks To Amend The Complaint In Good Faith ....................... 11
14     E.    Mattel's Amendment Is Not Futile ........................................................ 12
CONCLUSION ...................................................................................................... 13

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF AUTHORITIES

**Page**

## Cases

Am. Society For The Prevention of Cruelty To Animals v. Ringling Bros. and Barnum & Bailey Circus,
 244 F.R.D. 49 (D.D.C. 2007) .......................................................................... 7

DCD Programs, Ltd. v. Leighton,
 833 F.2d 183 (9th Cir. 1987) ..................................................................... 6, 11

Dungan v. Academy at Ivy Ridge,
 2009 WL 2176278 (N.D.N.Y. July 21, 2009) ................................................ 7

Eminence Capital, LLC v. Aspeon, Inc.,
 316 F.3d 1048 (9th Cir. 2003) ........................................................................ 6

F.D.I.C. v. Jackson-Shaw Partners No.46, Ltd.,
 1994 WL 669879 (N.D. Cal. Nov. 18, 1994) ................................................. 8

Foman v. Davis,
 371 U.S. 178 (1962) ..................................................................................... 11

Howey v. United States,
 481 F.2d 1187 (9th Cir. 1973) ...................................................................... 11

Islamic Republic of Iran v. Boeing Co.,
 771 F.2d 1279 (9th Cir. 1985) ...................................................................... 11

Miller v. Rykoff-Sexton, Inc.,
 845 F.2d 209 (9th Cir. 1988) (emphasis added) .......................................... 12

SAES Getters S.p.A. v. Aeronex, Inc.,
 219 F. Supp. 2d 1081 (S.D. Cal. 2002) ........................................................ 11

Sierra Club v. Union Oil Co. of California,
 813 F.2d 1480 (9th Cir. 1987), rev'd on other grounds, 485 U.S. 931 (1988) . 7, 12

State Farm Mut. Auto. Ins. Co. v. CPT Medical Servs., P.C.,
 246 F.R.D. 143 (E.D.N.Y. 2007) .................................................................... 7

U.S. v. Webb,
 655 F.2d 977 (9th Cir. 1981) ........................................................................ 11

Vasquez v. Summit Women's Ctr., Inc.,
 2001 WL 34150397 (D. Conn. Nov. 16, 2001) .............................................. 7

Washington ex rel. Raya v. Taser Int'l, Inc.,
 2007 WL 4098829 (E.D. Cal. Nov. 16, 2007) ............................................... 8

**Statutes**

Cal. Corp. Code § 501 ................................................................................................5, 9

Cal. Corp. Code § 506 ................................................................................................5, 9

# MEMORANDUM OF POINTS AND AUTHORITIES

## Preliminary Statement

Since Mattel filed its Third Amended Answer and Counterclaims in May 2009, Mattel has obtained substantial evidence that supports new allegations and theories of liability against MGA and Isaac Larian as well as against current third parties IGWT 826 and Omni 808. In August 2009, Mattel timely moved for leave to amend its pleading to add new claims and allegations and name additional parties, and also to clarify and expand upon its allegations of RICO violations. While that motion was pending, the case was transferred to this Court's docket. In an early status conference, the Court advised Mattel that it should further develop its claims through discovery before amending any pleadings. Mattel has diligently done so. While significant issues remain and discovery is not complete, Mattel has obtained substantial new and additional evidence of wrongdoing which is reflected in this amended pleading.

Now, upon the Court's directive, Mattel moves for leave to file a Fourth Amended Answer and Counterclaims. Mattel's proposed amendments are timely and made in good faith; will not result in undue prejudice to any existing or proposed parties – all of whom already have been on notice for months if not longer of the substance of Mattel's proposed amendments and, in fact, have been involved in extensive discovery regarding such amendments; and will result in viable new and revised claims and allegations. Rule 15's liberal policy favoring amendments to pleadings is served by Mattel's proposed amendments, and this motion for leave should be granted.

## Statement of Facts

***The Prior Pleadings.*** Mattel filed its original Complaint on April 27, 2004, alleging that Carter Bryant breached his duties to Mattel by working with and assisting

a Mattel competitor, MGA, while employed by Mattel.[1] MGA intervened in that case on December 7, 2004, asserting that its purported rights with respect to Bratz were at stake.[2] In April 2005, MGA filed an unfair competition complaint against Mattel, alleging trade dress infringement and claims regarding alleged unfair Mattel business practices.[3] The Court subsequently consolidated the cases.[4]

On January 12, 2007, Mattel filed an Amended Answer and Counterclaims in the case MGA filed against Mattel, adding MGA and four other defendants and nine new claims, including claims for copyright infringement, violation of RICO, conspiracy to violate RICO, misappropriation of trade secrets, unfair competition and other state law tort claims.[5] On July 12, 2007, following a round of motions brought by Bryant and the MGA parties that were largely denied, Mattel filed its Second Amended Answer and Counterclaims.[6]

***The Phase 1 Proceedings.*** On February 12, 2007, the Court bifurcated this case, concluding that the determination of ownership of Bratz in Phase 1 would clarify the remaining issues to be tried in Phase 2.[7] Mattel's Phase 1 claims were tried to a jury beginning in June 2008. At the conclusion of the Phase 1 trial, the jury returned a verdict for Mattel, finding, among other things, that Bryant conceived and created key Bratz inventions while he was a Mattel employee,[8] and that, as a consequence, Mattel is

---

[1] See Mattel's 11/17/04 Complaint in Case No. 04-9059 SGL (RNBx) (Dkt 23 04-09059 SGL). Pursuant to the Court's instructions, Mattel does not submit herewith the evidence cited herein, but will provide such evidence upon the Court's request.

[2] See 12/3/04 Stipulation Permitting MGA Entertainment to Intervene in Case No. 04-9059 (Dkt 36 04-09059 SGL).

[3] See MGA's 4/13/05 Complaint in Case No. CV 05-2727 (Dkt 1 05-02727 CBM).

[4] See 6/19/06 Order Consolidating Case Nos. CV 04-9049, CV-9059 and CV 05-2727, (Dkt 233 04-09059 SGL).

[5] Mattel's 1/12/07 Amended Answer in Case No. 05-2727 and Counterclaims (Dkt 143 04-0959 SGL).

[6] Mattel 7/12/07 Second Amended Answer in Case No. 05-2727 and Counterclaims (Dkt 653 and 654 04-0959 SGL).

[7] See February 12, 2007 Hearing Tr..

[8] See 7/17/08 Final Verdict Form as Given (Dkt 4125).

the owner of the copyrights in the Bratz doll designs, among other properties.[9] The jury also found that MGA and Larian had aided and abetted Bryant's breaches of his fiduciary duty and duty of loyalty to Mattel; that MGA and Larian tortiously interfered with his contract with Mattel; and that they wrongly converted Mattel's property. The jury found MGA and Larian liable for copyright infringement, and concluded that MGA had fraudulently concealed its wrongdoing from Mattel.

On December 3, 2008, the Court granted Mattel: (1) a declaratory judgment that Mattel owns the Bratz-related works, ideas, and concepts Bryant conceived while employed by Mattel, including the name Bratz and the idea for the Bratz characters; (2) a permanent injunction enjoining MGA's further manufacture, distribution and sale of infringing Bratz dolls and its further use of the "Bratz" name; and (3) a constructive trust over Bratz properties, including the Bratz marks.[10] The Court stayed the orders[11] and, on January 7, 2009, modified the stay Order to allow "retailers and distributors . . . to purchase the Spring and Fall 2009 lines of Bratz and Bratz-related products from MGA and MGA licensees, up to and including December 31, 2009."[12] The Court also appointed a forensic auditor to investigate MGA's finances, and a temporary receiver and later a monitor to oversee MGA's compliance with its orders.

***Mattel's Third Amended Answer and Counterclaims.*** Mattel filed its Third Amended Answer and Counterclaims ("TAAC") on May 22, 2009.[13] Mattel added a new counterclaim for avoidance of intentional and constructive fraudulent transfers,[14] and new allegations regarding Omni 808 and IGWT 826's participation in transactions

---

[9] See Court's 8/20/08 Phase B Jury Instructions as Given (Dkt 4267).
[10] 12/3/08 Order, at 5-6 (Dkt 4443).
[11] Id. at 16.
[12] 1/7/09 Order, at 1 (Dkt 4657).
[13] Mattel's 5/22/09 Third Amended Answer in Case No. 05-2727 and Counterclaims (Dkt 5607); see also 5/21/09 Order (Dkt 5565) (granting Mattel leave to file TAAC). In that same order, the Court set September 11, 2009 as the cut-off date for amending pleadings in Phase 2. Id. at 4.
[14] TAAC at ¶¶ 217-222 (Dkt 5607).

intended to frustrate the rulings of the Court and the verdict of the jury.[15] The TAAC also added RICO predicate act allegations of commercial bribery, destruction of evidence, and obstruction of justice.[16] The TAAC also included allegations regarding Jorge Castilla's theft of trade secrets in support of Mattel's existing trade secret theft, RICO, unfair competition and conversion claims.[17] Finding that the amendments posed no prejudice to the MGA parties, that there was no bad faith or undue delay on Mattel's part, and that there was no futility as to the amendments, the Court granted Mattel leave to file all of its proposed amendments.[18]

***Mattel Moves for Leave to File Fourth Amended Answer and Counterclaims.*** After Mattel filed the TAAC, Mattel finally received – after multiple orders issued – some limited discovery from Omni 808 and IGWT 826 as to the key elements of the purchase of the Wachovia debt, as well as additional evidence of efforts by MGA, Larian and others to conceal their wrongdoing and obstruct the judicial process.[19] On August 17, 2009, Mattel sought to amend its pleading to add a breach of constructive trust claim, to add new defendants, including Omni 808 and IGWT 826, and to clarify the relationship among the RICO enterprises and conspiracies.[20]

***The Court Does Not Rule On Mattel's Motion for Leave.*** The Court expressly ruled that Mattel's Motion for Leave to File a Fourth Amended Answer and Counterclaims was timely filed, over MGA's objections.[21] However, in light of the

---

[15] Id. at ¶¶ 108-126, 138, 141.
[16] Id. at ¶¶ 98, 103-104, 137, 141.
[17] Id. at ¶¶ 77-87.
[18] 5/21/09 Order, at 6 (Dkt 5565).
[19] See, e.g, Omni 808 Investors, LLC. Summary of Uses and Funds; IGWT 826 Operating Agreement; e-mail correspondence between Larian, Kadisha, and J. Moinian, dated July 25, 2008, Bates numbered OMNI0007353; e-mail correspondence between Larian, Kadisha, A. Stern, and B. Wing, dated February 13, 2009, Bates numbered OMNI0002515.
[20] Mattel's 8/17/09 Motion for Leave to File Fourth Amended Answer and Counterclaims (Dkt 6635); Mattel's 8/17/09 Proposed Fourth Amended Answer in Case No. 05-2727 and Counterclaims (Dkt 6312-1).
[21] 8/28/09 Order Granting in Part Ex Parte Application (Dkt 6495), at 1.

pending transfer of the case to this Court's docket, Judge Larson took Mattel's pending August 17 application for leave off-calendar.[22] Following the transfer, this Court ruled that rather than continue to amend its pleading as discovery progresses, Mattel should proceed expeditiously with necessary discovery and then amend later.

On March 2, 2010, the Court ordered Mattel to apply for leave to file a Fourth Amended Answer and Counterclaims by March 15, 2010.[23] The Court later extended that deadline until March 24.[24]

*Mattel's Proposed Fourth Amended Answer and Counterclaims.*

Based on new and additional information Mattel has obtained since it sought leave to file the TAAC, Mattel now seeks leave to file a Fourth Amended Answer and Counterclaims ("FAAC"). Mattel seeks to name IGWT 826 and Omni 808 as counter-defendants in its conspiracy to violate RICO, Fraudulent Transfer and Declaratory Relief claims. Mattel also seeks to add two new claims: (1) a claim for breach of constructive trust to hold the MGA Parties accountable for their failure to preserve and protect the Bratz assets held in constructive trust for Mattel; and (2) a claim for Prohibited Distributions under Cal. Corp. Code §§ 501, 506. Mattel also has added to its Misappropriation of Trade Secrets claim the MGA Parties' theft of the "Moxie" name and mark for MGA's new doll line (called "Moxie Girlz"), and seeks declaratory relief that Mattel is the true owner of the "Moxie Girlz" name and mark. Mattel further seeks to clarify in its amended pleading that its state law claims for intentional interference with contract and breach of duty extend to Mattel employees who left for MGA with Mattel trade secrets and/or worked unlawfully with MGA while employed by Mattel.

---

[22] 9/22/09 Order After Hearing (Dkt 6851) at 2.
[23] See 3/2/10 Amended Order Setting Deadline for Submission of Application for Leave to File Amended Pleading (Dkt 7608).
[24] See 3/8/10 Order re Extension to Deadline for Filing of Amended Pleading (Dkt 7619); see also 3/11/10 Hearing Tr. Volume 3 at 36:1-15.

With respect to Mattel's RICO claims, the TAAC alleged three RICO enterprises and three RICO conspiracies, all of which shared a common purpose. In its amended pleading, Mattel seeks to simplify its RICO allegations by grouping those alleged RICO enterprises into a single enterprise, and by grouping the three previously-alleged RICO conspiracies into a single conspiracy to further the criminal enterprise. Mattel also includes additional predicate acts based on new evidence and discovery, and the progress of the criminal proceedings in Mexico. Finally, the amended pleading adds Mattel Mexico as a plaintiff which shares a common interest with Mattel.

### Argument

### MATTEL'S MOTION FOR LEAVE TO AMEND SHOULD BE GRANTED

#### A. Rule 15(a) Requires the Liberal Granting of Leave to Amend

Rule 15(a) of the Federal Rules of Civil Procedure mandates that leave to amend "shall be freely given when justice so requires" and that its "policy of favoring amendments to pleadings should be applied with extreme liberality." DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 185-186 (9th Cir. 1987) (citation and internal quotation omitted). "This liberality in granting leave to amend is not dependent on whether the amendment will add causes of action or parties." Id. at 186.

"Four factors are commonly used to determine the propriety of a motion for leave to amend. These are: bad faith, undue delay, prejudice to the opposing party, and futility of amendment." Id.; see also Foman v. Davis, 371 U.S. 178, 182 (1962). The absence of unfair prejudice is a strong factor supporting amendment, and the party opposing the amendment bears the burden of showing prejudice. Id. at 187; see also Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (absent prejudice or strong showing of other factors "there exists a *presumption* under Rule 15(a) in favor of granting leave to amend") (emphasis in original). Here, all factors support granting the motion to amend.

### B. Mattel's Proposed Amendments Will Not Cause Unfair Prejudice

Neither the MGA Parties nor either of the proposed new defendants can credibly claim unfair prejudice arising from Mattel's proposed amendments.[25] The MGA Parties, Omni 808 and IGWT 826 have, of course, been on notice of the financial transactions that underlie many of Mattel's proposed amendments since those transactions occurred. See Sierra Club v. Union Oil Co. of California, 813 F.2d 1480, 1493 (9th Cir. 1987), rev'd on other grounds, 485 U.S. 931 (1988) ("[W]here a defendant is on notice of the facts contained in an amendment to a complaint, there is no serious prejudice to defendant in allowing the amendment.").[26] Indeed, the claims and allegations against them are already squarely at issue in the TAAC, and each is already specifically identified in the TAAC as a key participant in connection with those claims and allegations.[27]

---

[25] IGWT 826, which is not yet a party to the case at all, and Omni 808, which has intervened in the case only for a limited purpose, have no standing to oppose this motion. See, e.g., Am. Society For The Prevention of Cruelty To Animals v. Ringling Bros. and Barnum & Bailey Circus, 244 F.R.D. 49, 53-54 (D.D.C. 2007) (granting plaintiff's motion to strike non-party's response to motion for leave to amend due to lack of standing because non-party "is not a party to this case nor has it sought leave to intervene and the Court therefore did not consider its response"); State Farm Mut. Auto. Ins. Co. v. CPT Medical Servs., P.C., 246 F.R.D. 143, 146 n.1 (E.D.N.Y. 2007) (proposed new defendants who joined in defendants' opposition to motion for leave to amend "do not have standing to oppose the motion for leave to amend because they are not yet named parties to this action"); Dungan v. Academy at Ivy Ridge, 2009 WL 2176278, at *2 (N.D.N.Y. July 21, 2009) (same); Vasquez v. Summit Women's Ctr., Inc., 2001 WL 34150397, at *1 n.1 (D. Conn. Nov. 16, 2001) (same).

[26] In Sierra Club, 813 F.2d at 1492-93, the Ninth Circuit found that there could be no prejudice because the defendants had been put on notice by "[their] own records" of the events in question. The plaintiff in that case sought leave to amend to add new claims that it had learned of through its discovery efforts, despite the defendant's concealment. Id. at 1485-86. As in Sierra Club, MGA's and Larian's own involvement in and records regarding the financial transactions at issue have provided them with ample notice regarding the transactions involving the Omni parties long ago. Accordingly, even if Mattel had not repeatedly brought its new findings to the attention of MGA, MGA could not demonstrate prejudice.

[27] See TAAC (Dkt 5607) at ¶¶ 108-118, 124-126, 136, 138, 222.

Moreover, IGWT 826 is a "new party" only in form, as it is a "single purpose entit[y] created and controlled by Larian," who is already a party to this litigation.[28] Likewise, Omni 808 already chose to intervene in this litigation to oppose receivership.[29] Mattel has attempted to take discovery from IGWT 826 and Omni 808, and other related parties, since the Phase 2 discovery stay was lifted. Each has been served with various discovery requests, been involved in multiple discovery disputes, and been ordered, repeatedly, to produce discovery.[30] The addition of these two parties to the case will cause no unfair prejudice and will facilitate the completion of necessary discovery. Courts routinely allow parties to be added pursuant to a Rule 15(a) motion. See, e.g., Washington ex rel. Raya v. Taser Int'l, Inc., 2007 WL 4098829, at *1 (E.D. Cal. Nov. 16, 2007) (granting motion for leave to amend complaint to add "five new defendants and several new causes of action against these defendants").[31] Mattel should be permitted to add Omni 808 and IGWT 826 as defendants here.

Nor can the MGA Parties show prejudice. Mattel's original amended counterclaims, which alleged that MGA induced former Mattel Mexico employees to steal trade secrets for MGA's benefit,[32] put the MGA Parties on notice of Mattel Mexico's claims, which are substantively the same as the claims Mattel has previously raised. Adding Mattel Mexico will cause no undue prejudice.

---

[28] 3/1/09 Phase 2 Discovery Matter Order No. 11 (Dkt 5088); 5/6/2009 Phase 2 Discovery Matter Order No. 27, at 7 (Dkt 5365).

[29] Id. at ¶¶ 136, 138; see also Omni 808's *Ex Parte* Application For Leave to Intervene, dated 2/3/09 (Dkt 4761); see also 4/27/09 Order, at 13-15 (Dkt 5273).

[30] See, e.g., 3/10/09 Phase 2 Discovery Matter Order No. 3 (Dkt 4992); 4/23/09 Phase 2 Discovery Matter Order No. 21(Dkt 5253); ; 5/6/09 Phase 2 Discovery Matter Order No. 27 (Dkt 5365); 5/18/09 Phase 2 Discovery Matter Order No. 33 (Dkt 5514); 7/30/09 Phase 2 Discovery Matter Order No. 43 (Dkt 6103); 5/18/09 Phase 2 Discovery Matter Order No. 33 (Dkt 5514); 7/30/09 Phase 2 Discovery Matter Order No. 43 (Dkt 6103); 2/12/10 Order re Discovery Issues (Dkt 7497), at 3.

[31] See also F.D.I.C. v. Jackson-Shaw Partners No.46, Ltd., 1994 WL 669879, at *5-6 (N.D. Cal. Nov. 18, 1994) (granting motion to add as a defendant opposing party's corporate parent, which movant alleged was an "alter ego" of non-movant); DCD Programs, 833 F.2d 183 (reversing denial of motion to add defendant).

[32] Mattel, Inc.'s Amended Answer in Case No. 05-2727 and Counterclaims, dated 1/12/07 (Dkt 143), at ¶¶ 38-54.

The MGA Parties also cannot show prejudice from the addition of a claim based on their failure to preserve and protect the Bratz assets they hold in constructive trust for Mattel. The recent and substantial decreases in Bratz sales, and MGA's failure to develop full 2009 Bratz lines notwithstanding its representations to the Court to the contrary, have been at issue at least since MGA first sought a stay of the Court's injunctive orders in December 2008. In May 2009, Mattel sought discovery from MGA regarding its 2009 Bratz line, stating that it had "reason to believe that MGA . . . has not been selling a 2009 product line to major retailers or is at best selling a severely truncated line."[33] After Mattel finally received evidence to confirm what it suspected, its responses to interrogatories specifically put MGA on notice of the wrongfulness of these actions and Mattel's intention to address them through its claims.[34]

Nor can the MGA Parties claim unfair prejudice from Mattel's expanded claims challenging MGA's and Larian's fraudulent distributions and transfers. The existing TAAC pleads a UFTA claim in broad terms. Mattel's FAAC, which would clarify and allege additional facts regarding that claim, and add a related claim pursuant to California Corporations Code §§ 501 and 506, will cause no undue prejudice. And, of course, the MGA Parties have been on notice of Mattel's rights as a potential judgment creditor of MGA for years. Mattel bring these claims to protect those rights in the face of MGA's efforts to prevent Mattel from ever recovering what the Phase 1 jury found rightfully belongs to Mattel.

Mattel's addition of claims based on MGA's misappropriation of the Moxie name and mark will cause no undue prejudice. Moxie Girlz is a new line of dolls that was not announced until after Mattel had filed the TAAC. Moreover, as with Bratz, MGA has been on notice of Mattel's potential Moxie-based claims since MGA itself

---

[33] Mattel, Inc.'s 5/11/09 Corrected *Ex Parte* Application for Disclosure of MGA 2009 Product Line Information in Advance of May 18, 2009 Hearing on MGA's *Ex Parte* Application for Stay (Dkt 5425).

determined to use that name and mark in violation of Mattel's rights to them. MGA's theft of the Moxie name also been the subject of discovery in this case.

Mattel's clarification of its existing intentional interference with contract and aiding and abetting claims will cause no undue prejudice. The claim as pleaded in the TAAC was broad and made specific reference to the additional Mattel employees who are now specifically listed in the allegations.[35]

Finally, Mattel's amendment to reduce the number of RICO enterprises and RICO conspiracies will cause no prejudice. Mattel previously alleged that counter-defendants shared the common purpose of unlawfully competing with Mattel. Further discovery has made clear that the co-conspirators and enterprise members were all working at Isaac Larian's behest in support of what he has described publicly as his "war" on Mattel. Mattel's amendment to consolidate those enterprises and conspiracies into a single RICO enterprise and a single RICO conspiracy in furtherance of that enterprise will have no practical effect on the scope of the litigation, but will simplify the jury's consideration of these issues. Mattel's amendments to its RICO claims are intended to clarify the roles and relationships among the defendants and, as this Court has repeatedly suggested, to further clarify which defendants committed which predicate acts.

Accordingly, the absence of any unfair prejudice to the existing or proposed parties favors allowing Mattel to make its proposed amendments.

### C. **Mattel Has Timely Sought To Amend Its Complaint**

Mattel's motion for leave to amend is timely. As soon as the Phase 2 stay was lifted on January 6, 2009,[36] Mattel propounded discovery on both MGA and Larian

---

[34] See Mattel's Inc.'s First Supplemental Objections and Responses to Interrogatory Nos. 20-23 and 28 of MGA's Second Set of Interrogatories at Second Supplemental Response To Interrogatory No. 22, dated at July 31, 2009.
[35] TAAC at ¶¶ 172-178 (Dkt 5607).
[36] 1/6/09 Order Appointing Discovery Master (Dkt 4640) at 2.

seeking information related to the financial transactions and other conduct that underlies Mattel's proposed amendments.[37] The MGA Parties and Omni 808 have repeatedly objected to such discovery, requiring substantial motion practice. Nonetheless, Mattel has diligently continued to seek necessary discovery, under the Court's and the Discovery Master's close supervision, while awaiting the Court's deadline for Mattel to file its renewed motion for leave to amend the TAAC. There has been no undue delay.

In any case, even where (unlike here) undue delay exists, "delay, by itself, is insufficient to justify denial of leave to amend." DCD Programs, 833 F.2d at 186 (citing U.S. v. Webb, 655 F.2d 977, 980 (9th Cir. 1981) ("[D]elay alone no matter how lengthy is an insufficient ground for denial of leave to amend.") (citation omitted)); see also Islamic Republic of Iran v. Boeing Co., 771 F.2d 1279, 1287 (9th Cir. 1985) (*two year* delay between discovery of the counterclaims and moving to amend did not, by itself, necessitate denial of leave to amend); Howey v. United States, 481 F.2d 1187, 1191 (9th Cir. 1973) ("Only where prejudice is shown or the movant acts in bad faith are courts protecting the judicial system or other litigants when they deny leave to amend a pleading."). This factor also favors Mattel's amendments.

### D. Mattel Seeks To Amend The Complaint In Good Faith

The "bad faith" that courts consider when evaluating Rule 15(a) motions is "understood to mean such tactics as, for example, seeking to add a defendant merely to destroy diversity jurisdiction." SAES Getters S.p.A. v. Aeronex, Inc., 219 F. Supp. 2d 1081, 1086 (S.D. Cal. 2002). Mattel's motion is made in good faith. The FAAC will not alter the Court's jurisdiction, and there is no basis for any assertion that Mattel's motive is anything other than to obtain the relief to which it believes it is entitled. If Mattel is not permitted to amend the pleadings to add the new claims and parties, it will

---

[37] See Mattel's 1/7/09 First Set of Requests for Document and Things to Isaac Larian (Phase 2); Mattel's 1/7/09 First Set of Requests for Document and Things to MGA Entertainment, Inc. (Phase 2).

-
-

be forced to commence a new proceeding. That would entail needless duplication of effort, would be wasteful of judicial and party resources and could give rise to potentially conflicting judgments. All of this, and the interests of judicial economy, weigh in favor of granting leave to amend. See 1/11/07 Order, at 19 (Dkt 142 04-0949-SGL) (citing Sierra Club, 813 F.2d 1480, 1493 ("General considerations of judicial economy also justify allowing the amendments. The violations included in the proposed amendment relate to the same subject matter as the original complaint. Allowing the amendment will further the federal policy of wrapping in one bundle all matters concerning the same subject matter.")).

### E.  **Mattel's Amendment Is Not Futile**

The standard for denying a motion for leave to amend based upon futility is exceedingly high. Ninth Circuit law dictates that "a proposed amendment is futile only if *no* set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988) (reversing denial of leave to amend answer) (citation omitted) (emphasis added). As the Supreme Court stated in Foman, "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." 371 U.S. at 182.

The counter-defendants cannot demonstrate that Mattel's proposed amendment is futile as a matter of law. Mattel's existing and proposed claims are well-recognized and premised on a well-developed (though not complete) discovery record. There is no basis to deny leave to amend.[38]

---

[38] The MGA Parties complained that Mattel's 8/17/09 proposed Fourth Amended Answer and Counterclaims was futile because the RICO claims failed to comply with Rule 8. See 9/17/09 MGA Parties' Opposition to Mattel's Motion for Leave to File Fourth Amended Counterclaims (Dkt. 6778). Although the 8/17/09 proposed amendment met Rule 8, Mattel has since revised its RICO claims to address the MGA Parties' Rule 8 concerns.

## Conclusion

For the reasons set forth above, Mattel respectfully requests that the Court grant it leave to file its Fourth Amended Answer and Counterclaims.

DATED: March 24, 2010       QUINN EMANUEL URQUHART & SULLIVAN, LLP

By /s/ John B. Quinn
    John B. Quinn
    Attorneys for Mattel, Inc.