MELINDA HAAG (State Bar No. 132612)
mhaag@orrick.com
ANNETTE L. HURST (State Bar No. 148738)
ahurst@orrick.com
WARRINGTON S. PARKER III (State Bar No. 148003)
wparker@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building, 405 Howard Street
San Francisco, CA 94105
Tel. (415) 773-5700/ Fax: (415) 773-5759

WILLIAM A. MOLINSKI (State Bar No. 145186)
wmolinski@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA 90017
Tel. (213) 629-2020/Fax: (213) 612-2499

THOMAS S. McCONVILLE (State Bar No. 155905)
tmcconville@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
4 Park Plaza, Suite 1600
Irvine, CA 92614-2258
Tel: (949) 567-6700/Fax: (949) 567-6710

Attorneys for MGA Parties

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | Case No. CV 04-9049-DOC (RNBx)<br>Consolidated with: Case No. CV 04-9059 and Case No. CV 05-2727<br><br>Hon. David O. Carter<br><br>**EX PARTE APPLICATION TO STRIKE AND REMOVE FROM THE DOCKET THE EXHIBITS TO MATTEL'S PROPOSED FOURTH AMENDED ANSWER AND COUNTERCLAIMS AND FOR SANCTIONS**<br><br>**Phase 2**<br>Discovery Cutoff:  None Set<br>Pretrial Conference: None Set<br>Trial Date:  None Set |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that MGA Entertainment, Inc., MGA Entertainment (HK) Limited, MGAE de Mexico S.R.L. de C.V., and Isaac Larian (collectively, the "MGA Parties"), respectfully submit this *ex parte* application for an order immediately striking and removing from the docket the Exhibits to Mattel's Proposed Fourth Amended Answer and Counterclaims. The MGA parties also seek sanctions in the amount of their attorneys' fees and costs expended in filing this motion as a result of Mattel's violation of the protective order entered in this matter, and any additional punitive sanctions the Court deems proper.

In addition to being filed in violation of Fed. R. Civ. P. 8, the vast majority of these exhibits are confidential under the protective order entered in this case. Mattel Exhibit 53 to the Answer is also a privileged document that was mistakenly produced by third-party IGWT, and that MGA has demanded be clawed back. As such, these exhibits should not appear on the public docket and should be immediately stricken therefrom.

Pursuant to Local Rule 7-19.1, counsel for the MGA Parties gave notice of this Application to counsel for Mattel on March 26, 2010. Counsel for Mattel, Inc. includes John Quinn of Quinn, Emanuel, Urquhart & Sullivan, LLP (telephone: 213-443-3000; address: 865 South Figueroa Street, 10th Floor, Los Angeles, CA 90017).

Dated: March 29, 2010        ORRICK, HERRINGTON & SUTCLIFFE LLP

By:       /s/ *Jimmy S. McBirney*
             Jimmy S. McBirney
             Attorneys for MGA Parties

## MEMORANDUM OF POINTS AND AUTHORITIES

At just after 10:00 p.m. on March 24, 2010, Mattel filed its Motion for Leave to File Fourth Amended Answer and Counterclaims. Doc. No. 7576. Almost an hour later, Mattel filed Exhibits to its proposed Fourth Amended Answer and Counterclaims. Doc. No. 7676. The exhibits consist of 798 pages, the vast majority of which are designated as either "Confidential" or "Confidential - Attorneys' Eyes Only" ("AEO") under the stipulated protective order in this case. *See* Declaration of Denise M. Mingrone ("Mingrone Decl."), Exh. A (chart listing confidentiality designations of Mattel's Exhibits). In addition, one of the exhibits is protected by the attorney-client privilege, and MGA has demanded its return. *Id.*, Exh. B.

These exhibits are entirely improper in the first instance because they violate the requirement set forth in Fed. R. Civ. P. 8 that a pleading contain only a "short and plain statement of the claim showing that the pleader is entitled to relief," a point which MGA shall address in detail in its Opposition to Mattel's Motion for Leave to File Fourth Amended Answer and Counterclaims. But much more importantly for present purposes, most of the exhibits filed by Mattel are protected confidential documents that should not under any circumstances be placed on the public docket.

On March 26, 2010, MGA counsel wrote counsel for Mattel, formally alerting them of the improperly produced documents and requesting their destruction pursuant to the Stipulated Protective Order in this case and the Federal Rules of Civil Procedure. *Id.* The letter also alerted Mattel of its improper public filing of confidential and privileged documents, and informed Mattel that MGA would seek *ex parte* relief from the Court unless Mattel agreed to withdraw those documents prior to the close of business. *Id.* Counsel for Mattel did not respond.

### A. The Vast Majority of Mattel's Exhibits are Protected Under the Stipulated Protective Order

Under the January 5, 2005 Stipulated Protective Order (the "Order") that operates in this case, access to documents designated as "Confidential" or "AEO" is severely restricted. The Order specifies which types of persons involved with the litigation may view designated documents, depending on whether the documents are designated as "Confidential" or as "AEO," and is clear that designated documents are not to be viewed or made accessible to persons not directly involved with this litigation under any circumstances. *See* Order at ¶¶4-6.

Despite these unambiguous directives, Mattel has filed hundreds of pages of documents designated as either "Confidential" or "AEO" on the *public* docket, where they are accessible to *anyone* with a Pacer login. Doc. No. 7676; Mingrone Decl. Exh. A. Specifically, of the 185 exhibits filed by Mattel, 123 are designated as "AEO," and another 17 are designated as "Confidential."

Mattel's public filing of 140 confidential exhibits is a direct and intentional violation of the Protective Order. Worse, as Mattel has acknowledged, disclosure of these materials is disadvantageous, harmful, damaging and may cause loss to MGA, as set forth in the protective order:

> "All parties believe that they will or may be required to produce or disclose in this Action …information that is trade secret, proprietary, confidential and/or is of a private or personal nature and that, if disclosed in this Action without restriction on its use or further disclosure, may cause disadvantage, harm, damage and loss to the disclosing Party…"

Protective Order at 2. The disclosure by Mattel of these confidential documents is without justification, and MGA requests immediate relief in the form of an order striking these materials from the public docket. Additionally, MGA requests its attorneys' fees and costs incurred in filing this *ex parte* application, as well as

1  appropriate punitive sanctions to deter future misconduct. *See Wallis v. PHL*
2  *Associates, Inc.*, 168 Cal.App.4th 882, 887 (Cal. App. 2008) (sanctions for
3  violating protective order appropriate, regardless of whether document actually
4  contained trade secrets); *American National Bank and Trust Co. of Chicago v. AXA*
5  *Client Solutions, et al.*, 2002 U.S. Dist LEXIS 9511, *15 (N.D. Ill. 2002)
6  (appropriate sanction for company's violation of protective order was to pay "an
7  amount equal to the attorney's fees and expenses … incurred as a result of [the
8  violation]," despite no bad-faith finding); *Valdez-Castillo v. Busch Entertainment*
9  *Corp.*, 2008 U.S. Dist. LEXIS 110818, *15-16 (S.D. Fla. 2008) (holding that
10 despite clear evidence of counsel's good faith error and immediate attempt to
11 rectify mistake upon discovery, violation of protective order warranted "some type
12 of sanction," but finding that Eleventh Circuit law, unlike Ninth Circuit law,
13 foreclosed such a remedy (comparing *Westinghouse Electric Corp. v. Newman*, 992
14 F.2d 932, 934-35 (9th Cir. 1993) as example of Court permitting such sanctions)).

**B.  Exhibit 53 Contains Mistakenly Produced Documents Protected by the Attorney Client Privilege**

Exhibit 53 to Mattel's Proposed Fourth Amended Answer and Counterclaims consists of privileged documents mistakenly produced to Mattel by third-party IGWT. Mingrone Decl., Exh. B. MGA requested that these documents be immediately destroyed pursuant to the clawback provisions set forth in ¶13 of the Protective Order. For this additional reason, Exhibit 53 must be removed from the docket and stricken from Mattel's pleading immediately.

///
///
///
///
///
///

**CONCLUSION**

For the foregoing reasons, the MGA Parties request that the Court grant the *ex parte* order in its entirety.

Respectfully submitted,

Dated: March 29, 2010          ORRICK, HERRINGTON & SUTCLIFFE LLP


By: _____*s/ Jimmy S. McBirney*_____
   Jimmy S. McBirney
   Attorneys for MGA Parties