MELINDA HAAG (State Bar No. 132612)
mhaag@orrick.com
ANNETTE L. HURST (State Bar No. 148738)
ahurst@orrick.com
WARRINGTON S. PARKER III (State Bar No. 148003)
wparker@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building, 405 Howard Street
San Francisco, CA 94105
Tel. (415) 773-5700/ Fax: (415) 773-5759

WILLIAM A. MOLINSKI (State Bar No. 145186)
wmolinski@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA 90017
Tel. (213) 629-2020/Fax: (213) 612-2499

THOMAS S. MCCONVILLE (State Bar No. 155905)
tmcconville@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
4 Park Plaza, Suite 1600
Irvine, CA 92614-2258
Tel: (949) 567-6700/Fax: (949) 567-6710

Attorneys for MGA Parties

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant. | Case No. CV 04-9049-DOC (RNBx)<br>Consolidated with: Case No. CV 04-9059 and Case No. CV 05-2727<br><br>**MGA PARTIES' OPPOSITION TO MATTEL, INC.'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS RELATED TO MGA'S INTERNAL TRADE SECRET INVESTIGATIONS** |
| AND CONSOLIDATED ACTIONS | Date:       TBD<br>Time:       TBD<br><br>**Phase 2**<br>Discovery:            None Set<br>Pretrial Conference: None Set<br>Trial Date:           None Set |

# TABLE OF CONTENTS

Page

INTRODUCTION ..... 1

STATEMENT OF FACTS ..... 2

A. Litigation Counsel Conducted Interviews For The Purpose Of Providing Legal Advice. ..... 2

B. Mattel Has Discovery Available To It. ..... 2

1. Gustavo Machado. ..... 2

2. Jorge Castilla ..... 3

3. Mariana Trueba ..... 5

C. Other Information Available To Mattel ..... 5

ARGUMENT ..... 6

I. THE INFORMATION SOUGHT IS PROTECTED BY THE ATTORNEY-CLIENT PRIVILEGE. ..... 6

II. EVEN IF THE DOCUMENTS MATTEL SEEKS WERE "MERELY" ATTORNEY WORK-PRODUCT, THEY SHOULD NOT BE ORDERED PRODUCED ..... 8

III. MGA HAS NOT WAIVED ANY PRIVILEGE ..... 10

CONCLUSION ..... 11

# TABLE OF AUTHORITIES

**Page**

## CASES

*Admiral Insurance Co. v. United States Dist. Ct.* 881 F.2d 1486 (9th Cir. 1988) ........ 7, 8, 9

*Baker v. General Motors Corp.* 209 F.3d 1051 (8th Cir. 2000) ........ 8, 9, 10

*Carter-Wallace, Inc. v. Hartz Mountain Indus., Inc.* 553 F. Supp. 45 (S.D.N.Y. 1982) ........ 9

*Hickman v. Taylor,* 329 U.S. 495, 510 (1947). ........ 9, 10

*In re Coordinated Pretrial Proceedings* 658 F.2d 1355 (9th Cir. 1981) ........ 7

*In re Grand Jury Subpoena* 81 F.R.D. 691 (S.D.N.Y. 1979) ........ 10

*In re Mortgage & Realty Trust* 212 B.R. 649. 653 (C.D. Cal. 1997) ........ 7

*McKenzie v. McCormick* 27 F.3d 1415 (9th Cir. 1994) ........ 9

*O'Connor v. Boeing N. Am., Inc.* 216 F.R.D. 640 (C.D. Cal 2003) ........ 8, 10

*United States v. Burroughs* 167 F.R.D. 680 (S.D. Cal 1996) ........ 9

*United States v. Bergonzi* 216 F.R.D. 487 (N.D. Cal 2003) ........ 7

*United States v. Rowe* 96 F.3d 1294 (9th Cir. 1996) ........ 7

*Upjohn Co. v. United States* 449 U.S. 383 (1981) ........ 6, 8, 9

# INTRODUCTION

To be clear, the MGA Parties are not relying on any internal investigation relating to trade secrets as a defense in this case. In addition, the MGA Parties have not withheld any document or information merely because it was made known to litigation counsel. Declaration of William Molinski ("Molinski Decl.") ¶ 3. However, at various times, litigation counsel for the MGA Parties have conducted interviews and gathered information regarding the claimed theft of trade secrets for the purpose of providing legal advice to the MGA Parties. The MGA Parties, as is their right, have not produced the memoranda written by litigation counsel for the purpose of providing the legal advice. These memoranda are protected by the attorney-client privilege and the work-product doctrine.

Nor is Mattel entitled to these memoranda merely because three witnesses out of the more than one hundred Mattel has deposed have pleaded the Fifth Amendment. First, these memoranda are protected by the attorney-client privilege and that privilege cannot be pierced based on a claim of need. Second, even were the privilege not to apply, which it does, Mattel has not carried its burden of establishing that the work-product protections afforded the memoranda should be pierced.

Going through the witnesses in turn, Gustavo Machado can no longer be considered unavailable. The Court has ordered him to give his deposition without pleading the Fifth. Jorge Castilla gave testimony regarding MGA's involvement in any claimed theft of trade secrets. In addition, with regard to Castilla, who Mattel alleges stole trade secrets relating to Mattel's inventory systems, Mattel has obtained depositions and documents from MGA relating to its inventory systems, including from Castilla's supervisor at MGA.

Only as to Mariana Trueba is there a question whether she will continue to assert the Fifth Amendment. However, even as to that, Mattel still has no basis for invading the MGA Parties' privilege or piercing the work-product doctrine. Mattel

has had ample discovery into the alleged actions of Mariana Trueba. Mattel has discovery from her supervisor at MGA; it has access to her alleged co-conspirator Pablo Vargas—indeed, more access than MGA; and it will be deposing Machado, who is alleged to have engaged in the theft of trade secrets with Trueba.

In short, Mattel has the information it wants or it can obtain that information without invading the privilege and without obtaining attorney work product. This motion should be denied.

## STATEMENT OF FACTS

### A. Litigation Counsel Conducted Interviews For The Purpose Of Providing Legal Advice.

Over the years, litigation counsel has interviewed current and former MGA employees regarding the claimed theft of trade secrets for the purpose of providing legal advice to MGA. The results of these interviews, which Mattel now seeks, are notes and memoranda prepared by the attorneys who conducted them. None are verbatim accounts of the interviews and many were not contemporaneously prepared. Molinski Decl. ¶ 2.

### B. Mattel Has Discovery Available To It.

Mattel demands access to these reports because three of MGA's employees, out of the more than one hundred individuals Mattel has deposed, have on the advice of separate counsel invoked the Fifth Amendment under duress from two criminal investigations Mattel instigated after this litigation was already underway.

However, as to each of these witnesses, Mattel has obtained discovery. And as to one, Mattel will be deposing him.

#### 1. Gustavo Machado.

Mattel will have the complete deposition testimony of Gustavo Machado. Mr. Gustavo has been ordered by the Court to testify without invoking the Fifth

Amendment. Dkt. 7657. Mr. Machado has submitted a statement indicating he will comply with the order. Dkt. 7511.

Mattel already has ample access to other sources for the information it now seeks from the files of MGA's attorneys. For example, Mattel has repeatedly deposed Isaac Larian, who Mattel alleges concocted the plan. It has deposed Susan Kuemmerle, Machado's supervisor at MGAE and the person who first approached Mr. Machado about working for MGAE. Mattel has deposed a 30(b)(6) witness concerning the alleged theft of trade secrets by Machado, Trueba and Vargas.

In addition, MGA has produced emails between Mr. Machado and MGA covering the entire process of his recruitment, negotiation, and acceptance of a position at MGA, including all emails to and from the private account that Mr. Machado, Ms. Trueba, and Mr. Vargas shared for the purpose of communicating with MGA prior to their resignations from Mattel. Altogether, MGA has produced more than 35,000 documents referring to Machado in response to no fewer than 30 requests for production specifically naming him, including over 77,800 pages of documents from Mr. Machado's hard drive. Molinski Decl. ¶ 4.

**2. <u>Jorge Castilla.</u>**

Starting with some background, Mattel knows that Mr. Castilla could not have taken any of Mattel's information to MGA. Before his resignation, Mattel was carefully monitoring Mr. Castilla. On the same day that he resigned, FBI agents approached Mr. Castilla and impounded the PDA Mattel alleges he used to copy files. Moreover, MGA did not induce Mr. Castilla to leave Mattel. Jorge Castilla applied to MGA on Saturday, February 25, 2006 in response to an online job posting. The MGA Parties have produced communications between MGA and Mr. Castilla's private email address including his application, emails to and from MGA employees, emails between MGA employees about Mr. Castilla's candidacy, and a letter from MGA to Mr. Castilla explicitly instructing him not to retain any

Mattel documents. *See, e.g.*, MGA 0877238-39; 0877242-47; 0877251-52; 0877236-37; 1753319-21.

No charges are pending against MGA or Isaac Larian as a result of this action. And although Mr. Castilla pled the Fifth Amendment in response to questions implicating actions *he* took, he offered substantive testimony regarding the MGA's conduct and "state of mind."

During his October 22, 2008 deposition, in response to questions posed by counsel for Mattel, Mr. Castilla repeatedly testified that he never brought any such information to MGA or transmitted any such information to MGA and testified that he was never asked to use such information. *See, e.g.*, Dep. Tr. of Jorge Castilla, dated October 22, 2008, at 49:20-23; 80:22-25; 83:8-21; 85:13-16; 138:18-21; 140:18-142:14. When asked by Mattel's counsel, Mr. Castilla testified that MGA specifically instructed him *not* to retain any information from Mattel. *Id.* at 109:24-110:5; 167:20-170:17. Mr. Castilla testified that no one at MGA ever asked him to take Mattel's trade secrets and testified that he never did use such information. *Id.* at 377:16-380:13. Finally, Mr. Castilla testified that nobody at MGA asked him not to cooperate with any investigation regarding the alleged theft of trade secrets. *Id.* at 379:15-19.

In short, Mr. Castilla provided testimony regarding the issues relevant to this litigation: MGA's conduct, MGA's "state of mind," and whether he used trade secrets for MGA's benefit. Furthermore, many of the questions that Mattel complains Castilla declined to answer didn't involve his alleged misappropriation of trade secrets at all, but rather were repeated and improper attempts by Mattel's attorney to pry into work performed by MGA's attorneys during the course of this litigation. *See, e.g., Id.* at 64:11-14; 85:17-22; 104:16-17; 108:9-10; 131:21-23 ; 150:18-20.

Mattel has also has other discovery relating to Mr. Castilla. For example, Mattel has deposed Isaac Larian, Schuyler Bacon, who is MGA's director of

recruiting, and Nicole Coleman, who interviewed and supervised Mr. Castilla. Mattel has also deposed Ron Brawer, the 30(b)(6) witness designated for communications with MGA's communications with Jorge Castilla. Mr. Brawer, among other things, confirmed that Mr. Castilla's first contact with MGA is when he applied for a job at MGA in response to an online posting. Brawer Dep. Tr. (Rough), dated March 24, 2010, at 277:3-9. Finally, more than 2,800 documents referring to Castilla have been produced by MGA.

### 3. <u>Mariana Trueba.</u>

On the advice of separate counsel, Mariana Trueba refused to answer questions asked by both Mattel's and MGA's attorneys during her January 20, 2010 deposition. Mattel has access to discovery relating to Trueba, including the depositions of Isaac Larian, Susanna Kuemmerle, and a 30(b)(6) witness. Additionally, Mattel will be deposing her alleged co-conspirator, Gustavo Machado. And, Mattel cannot dispute that it has access to Pablo Vargas. *See infra*.

Finally, MGA has produced emails between Ms. Trueba and MGA covering the entire process of her recruitment, negotiation, and acceptance of a position at MGA, including all emails to and from the private account that Mr. Machado, Ms. Trueba, and Mr. Vargas created for the purpose of communicating with MGA prior to their resignations from Mattel. MGA has produced more than 16,000 documents referring to Trueba. Molinski Decl. ¶ 5.

## C. <u>Other Information Available To Mattel.</u>

Mattel has access to countless other sources of information regarding the alleged trade secrets scheme. In addition to the testimony of dozens of MGA officers, employees, independent contractors, and employees of independent contractors and the hundreds of thousands of pages of documents produced during this litigation—none of which support Mattel's allegation—Mattel has deposed ex-employees it alleges were part of MGA's plan to systematically rob Mattel of its

confidential information, including Janine Brisbois, Ron Brawer, Nick Contreras, Daniel Cooney, and countless others.

Nor has Mattel limited itself, or been limited, to the depositions of these Mattel ex-employees. Mattel has systematically deposed and received documents from the supervisors of these employees. For example, Mattel deposed Janine Brisbois' supervisor Diana Goveia-Gordon. Moreover, it has deposed Isaac Larian over the course of no fewer than seven days during this litigation.

Mattel also has obtained the cooperation of Pablo Vargas, the alleged co-conspirator of Gustavo Machado and Mariana Trueba. Vargas, who shared an email address with the two, who resigned from Mattel on the same day, and who joined MGA and worked along side the two, is cooperating with Mattel. Deposition Tr. of Francisco Tiburcio, dated March 2, 2010, at pp. 490:7-491:12.

In short, Mattel not only has much more access to the deposition testimony of Machado, Castilla, and Trueba than it claims, it has access—and in Vargas' case better access—to other sources of information regarding MGA's alleged scheme. If *any* evidence existed of this scheme, which allegedly spanned years and the breadth of the continent, Mattel would be able to locate it in places other than the privileged communications between MGA and its attorneys.

## ARGUMENT

### I. THE INFORMATION SOUGHT IS PROTECTED BY THE ATTORNEY-CLIENT PRIVILEGE.

The attorney-client privilege protects the memoranda and reports Mattel seeks. The privilege extends to communications by any corporate employee when the communications concern matters within the scope of the employee's corporate duties and the employee is aware that the information is being furnished to enable the attorney to provide legal advice to the corporation. *Upjohn Co. v. United States*, 449 U.S. 383, 394-95 (1981) (holding privileged notes of defendant corporation's attorneys' interviews of employees regarding alleged payment of

bribes); *see also Admiral Insurance Co. v. United States Dist. Ct.*, 881 F.2d 1486 (9th Cir. 1988) (interview of employee involved in alleged securities fraud, civil RICO, and common law violations by defendant corporation's attorney is protected by privilege); *United States v. Rowe*, 96 F.3d 1294, 1297 (9th Cir. 1996) (corporation's attorneys' fact-finding pertaining to legal advice is protected by privilege).[1] Such protection applies not only to interviews with current employees, but also to interviews with former employees. *Admiral*, 881 F.2d at 1493; *In re Coordinated Pretrial Proceedings*, 658 F.2d 1355, 1361 n.7 (9th Cir. 1981). Given that the attorney-client privilege applies, Mattel is not entitled to obtain these memoranda even were it able to establish that it could not obtain the information it seeks from another source, a showing it cannot make. *See infra.*

The Ninth Circuit addressed precisely the issue before this Court in *Admiral Insurance Company*. There, a company accused of state securities fraud, civil RICO, and common law violations hired outside counsel to conduct its defense. 881 F.2d at 1488-89. Counsel for the defendant corporation interviewed two employees involved with the transactions giving rise to the suit, who provided information related to their roles in the transactions. *Id.* at 1489. The employees then informed plaintiffs that they would invoke their Fifth Amendment rights at their depositions and one submitted a letter so stating.[2] *Id.* In response, plaintiffs sought production of the statements the employees gave to counsel on the grounds

[1] Counsel for Janine Brisbois and Jorge Castilla, both of whom were the subject of criminal investigations alleging theft of trade secrets instigated by Mattel and reasonably feared civil action, were present during their interviews. The presence of separate counsel does not waive privilege under the common-interest doctrine "where (1) the communication is made by separate parties in the course of a matter of common interest; (2) the communication is designed to further that effort; and (3) the privilege has not been waived. *United States v. Bergonzi*, 216 F.R.D. 487, 495 (N.D. Cal 2003), *citing In re Mortgage & Realty Trust*, 212 B.R. 649. 653 (C.D. Cal. 1997). MGA and its accused employees share an interest in rebutting Mattel's allegations that the accused employees stole and used Mattel's trade secrets for MGA's benefit. The interviews were conducted in the course of defending those allegations. And, the confidentiality of the interviews has been maintained. Molinski Decl. ¶ 6.

[2] The other employee was never deposed and also declined to submit a written statement that he would invoke the Fifth Amendment at his deposition. Consequently, his statement was not ordered produced and the Ninth Circuit held that consideration of the potential order to compel production of his statement was premature. 881 F.2d at 1490.

that their refusal to testify deprived plaintiffs of information "critical in establishing their claims." *Id.* at 1493. The Ninth Circuit vacated the trial court's order to compel production, holding "[e]ven assuming that the information plaintiffs need to establish their claims cannot be discovered from any source other than the statement [the employee] gave to Admiral's counsel, we decline to establish an unavailability exception to the attorney-client privilege." *Id.* at 1495. "Such an exception either would destroy the privilege or render it so tenuous and uncertain that it would be 'little better than no privilege at all.'" *Id.* (quoting *Upjohn*, 449 U.S. at 393).

The situation before this Court is no different. And Mattel's cases do not state otherwise. The MGA Parties have not withheld information merely because it became known to litigation counsel. Molinski Decl. ¶ 3. Therefore, the cases that Mattel cites that suggest that facts are not rendered undiscoverable merely because they are known to litigation counsel as well have no applicability here.

## II. EVEN IF THE DOCUMENTS MATTEL SEEKS WERE "MERELY" ATTORNEY WORK-PRODUCT, MATTEL THEY SHOULD NOT BE ORDERED PRODUCED.

An attorney's notes and memoranda regarding witness interviews constitute opinion work product. *Baker v. General Motors Corp.*, 209 F.3d 1051, 1054 (8th Cir. 2000) (notes and memoranda of an attorney from a witness interview are opinion work product entitled to almost absolute immunity and can be discovered only in very rare and extraordinary circumstances); *see also O'Connor v. Boeing N. Am., Inc.*, 216 F.R.D. 640, 643 (C.D. Cal 2003) ("[n]otes and memoranda of an attorney … from a witness interview are opinion work product entitled to almost absolute immunity."). And "[f]orcing an attorney to disclose notes and memoranda of witnesses' oral statements is particularly disfavored because it tends to reveal the attorney's mental processes." *Upjohn Co.*, 449 U.S. at 399.

Therefore, opinion work product is accorded "almost absolute immunity" and can be discovered only in "very rare and extraordinary circumstances." *O'Connor*,

126 F.R.D. at 642 (quoting *Baker*, 209 F.3d at 1054); *United States v. Burroughs*, 167 F.R.D. 680, 683 (S.D. Cal 1996). Such material cannot be ordered disclosed merely upon a showing of "substantial need" and "undue hardship," but only upon a heightened showing of *necessity* and the *unavailability* of equivalent evidence by other means. *Upjohn*, 449 U.S. at 401-02; *McKenzie v. McCormick*, 27 F.3d 1415, 1420 (9th Cir. 1994); *Admiral Ins. Co.*, 881 F.2d at 1494. Mattel has not, and cannot demonstrate that it requires the opinion work product of MGA's litigation counsel.

Regarding Jorge Castilla, as indicated, Mattel has had ample discovery. This includes documents and deposition testimony from MGA witnesses. *See* Statement of Facts, B.2 & C., *supra.*

Regarding Mariana Trueba, the only deponent who has refused to answer any questions regarding MGA's alleged plot, the information Mattel seeks is readily available from at least two other witnesses and from documents already produced. *See* Statement of Facts, B.3 & C., *supra*.

In short, Mattel's demand is "simply an attempt without purported necessity or justification, to secure written statements, private memoranda and personal recollections prepared or formed by an adverse party's legal counsel in the course of his legal duties." *Hickman v. Taylor*, 329 U.S. 495, 510 (1947).

Nor do the cases Mattel relies upon for the proposition that the invocation of the Fifth Amendment is cause for allowing wholesale access to the contents of the files of MGA's attorneys apply here. In *Carter-Wallace, Inc. v. Hartz Mountain Indus., Inc.*, 553 F. Supp. 45 (S.D.N.Y. 1982), everyone in the company with relevant information—the president, a senior vice president, the chairman and CEO, the general counsel, and "other current and former Hartz employees"—invoked the Fifth Amendment. It had the effect, according to the court, of "provid[ing] the corporation with a fifth amendment shield." *Id.* at 50. That is far from the case here.

Similarly, in *In re Grand Jury Subpoena*, 81 F.R.D. 691, 695 (S.D.N.Y. 1979) it wasn't the case that one or a few or even "some" employees refused to testify unless they were granted blanket immunity to pending charges. There, evaluating whether the evidence sought could be acquired elsewhere, the court considered that "the demand for immunity is not asserted by a few of the employees but rather is demanded by *all*." *Id.* (emphasis added). Again, this is not the case.

Finally, redacting the notes and memoranda of MGA's attorneys is no solution. Even if a line could clearly be drawn between "opinion" and "fact" in these documents, nothing they contain is accorded less than work product protection. *See Baker*, 209 F.3d at 1054 ("Attorney notes [pertaining to interviews] reveal an attorney's legal conclusions because, when taking notes, an attorney often focuses on those facts that she deems legally significant. In this way, attorney notes are akin to an attorney's determination as to which documents are important to a case—the latter being something we have also held to be protected work product."); *O'Connor*, 126 F.R.D. 643. Furthermore, forcing an attorney to deliver an account of a witness interview to an adversary "gives rise to grave dangers of inaccuracy and untrustworthiness" and serves no legitimate purpose because it "could not qualify as evidence; and to use it for impeachment or corroborative purposes would make the attorney much less an officer of the court and much more an ordinary witness." *Hickman*, 329 U.S. at 512-13. In any event, Mattel cannot meet the standard of "substantial need" and "undue hardship" because there is no evidence from any person Mattel identifies that is not available to Mattel.

## III. MGA HAS NOT WAIVED ANY PRIVILEGE.

MGA has not waived the privilege attached to these documents. During the deposition at which Mr. Larian testified that MGA's attorneys had investigated Mattel's allegations of trade secret theft, lead counsel unequivocally stated that MGA is not asserting any reliance on the investigation and that MGA was not waiving attorney-client privilege. Deposition Tr. of Isaac Larian, dated December

10, 2009, at 670:6-10. Counsel for Mattel agreed that there was no waiver. *Id.* at 670:11-17.

Moreover, Mattel mischaracterizes Ms. Goveia-Gordon's testimony. Mot. at 3-4. Ms. Goveia-Gordon did not state that she had reviewed the investigation conducted by O'Melveny and Meyers in the course of preparing for her deposition. Rather, she testified that she reviewed the contents of Ms. Brisbois personnel file in order to familiarize herself with "the timing" and had reviewed copies of documents that had been previously supplied to counsel. Deposition Tr. of Diane Goveia-Gordon, dated February 4, 2010, at 634:15-636:13. This is not a waiver.

**CONCLUSION**

Because the attorney-client privilege is absolute and MGA has not waived that privilege, Mattel's motion should be denied. Even in the event that the contents of litigation counsel's files are "merely" opinion work product, Mattel has not demonstrated the "necessity" and "unavailability" required to defeat the "almost absolute" privilege accorded to opinion work product, and Mattel's motion should be denied.

Dated: March 29, 2010 ORRICK, HERRINGTON & SUTCLIFFE LLP

By: __*/s/ Warrington S. Parker III*______
Warrington S. Parker III
Attorneys for MGA Parties