1   MELINDA HAAG (State Bar No. 132612)
    mhaag@orrick.com
2   ANNETTE L. HURST (State Bar No. 148738)
    ahurst@orrick.com
3   WARRINGTON S. PARKER III (State Bar No. 148003)
    wparker@orrick.com
4   ORRICK, HERRINGTON & SUTCLIFFE LLP
    The Orrick Building, 405 Howard Street
5   San Francisco, CA 94105
    Tel. (415) 773-5700/ Fax: (415) 773-5759
6
    WILLIAM A. MOLINSKI (State Bar No. 145186)
7   wmolinski@orrick.com
    ORRICK, HERRINGTON & SUTCLIFFE LLP
8   777 South Figueroa Street, Suite 3200
    Los Angeles, CA  90017
9   Tel. (213) 629-2020/Fax: (213) 612-2499

10  THOMAS S. McCONVILLE (State Bar No. 155905)
    tmcconville@orrick.com
11  ORRICK, HERRINGTON & SUTCLIFFE LLP
    4 Park Plaza, Suite 1600
12  Irvine, CA 92614-2258
    Tel: (949) 567-6700/Fax: (949) 567-6710
13
    Attorneys for MGA Parties
14

15              UNITED STATES DISTRICT COURT

16              CENTRAL DISTRICT OF CALIFORNIA

17                   SOUTHERN DIVISION

18  CARTER BRYANT, an individual,       Case No.  CV 04-9049-DOC (RNBx)
                                         Consolidated with: Case No. CV 04-9059
19              Plaintiff,               and Case No. CV 05-2727

20       v.                              Hon. David O. Carter

21  MATTEL, INC., a Delaware             **REPLY TO MATTEL'S OPPOSITION
    corporation,                         TO MGA'S EX PARTE APPLICATION
22                                        TO STRIKE AND REMOVE FROM
                Defendant.                THE DOCKET THE EXHIBITS TO
23                                        MATTEL'S PROPOSED FOURTH
                                          AMENDED ANSWER AND
24  AND CONSOLIDATED ACTIONS             COUNTERCLAIMS AND FOR
                                          SANCTIONS**
25
                                         **Phase 2**
26                                       Discovery Cutoff:    None Set
                                         Pretrial Conference: None Set
27                                       Trial Date:          None Set

28

## INTRODUCTION

Mattel's Opposition contains 11 pages of text, yet devotes barely half a page to addressing MGA's primary complaint:  that Mattel has publicly filed over 140 confidential documents protected by the Stipulated Protective Order (the "Order") in effect in this case.  The only defense Mattel offers is the incredible assertion that the Court ***actually instructed*** Mattel to violate the Order in this way.  As the Court is aware, that claim is entirely false, and only serves to exemplify why sanctions are warranted.

The rest of Mattel's Opposition reads like a response to a motion that was never filed.  Mattel devotes 10 of its 11 pages to argument as to why Exhibit 53 is not properly subject to MGA's privilege claim.  Mattel is wrong, but its position is also completely irrelevant.  The Stipulated Protective Order is clear that when a party receives written notice that a document has been inadvertently produced and is subject to a claim of privilege, "[t]he receiving Party shall promptly return to the producing Party or nonparty the inadvertently disclosed document and all copies[.]"  This, of course, does not "foreclose any Party from moving the Court for an Order that such document has been improperly designated or should be [otherwise] producible."  But the receiving party may not unilaterally decide the issue and retain (or publish!) the document claimed as privileged.

The bulk of Mattel's Opposition speaks like a motion to compel production of Exhibit 53.  But it is not such a motion, and the merit of MGA's privilege claim is not the issue presently before the Court.  The issue, as Mattel well knows, is whether documents designated as "Attorney's Eyes Only" ("AEO") and "Confidential" under the Order, and documents *MGA claims  are privileged*, properly belong on a public docket for all the world to see.  They clearly do not, and Mattel should be sanctioned for putting them there.

The other half page responds to another assertion that exists only in Mattel's imagination:  that the number of exhibits "exceeds the limit … the Court permits to

- 1 -

1  be attached to motions."  MGA has made no such argument, either in its *Ex Parte*

2  Motion or in the letter that Mattel cites as its support.

3      At bottom, Mattel's Opposition contains 10 1/2 pages of irrelevant and non-

4  responsive argument designed to obscure the very simple issue before the Court:

5  Did Mattel egregiously violate the Protective Order by publicly filing documents

6  designated as confidential and privileged?  The plain answer is yes, the documents

7  should be stricken without delay, and Mattel should be sanctioned for its conduct.

8                          **ARGUMENT**

9  A.   **The Court Did Not Instruct Mattel to Violate the Protective Order**
10      **by Publicly Filing Highly Confidential MGA Documents, and**
       **Mattel Could Not Have Reasonably Believed Otherwise**

11      Mattel claims that "on March 16, the Court directed that all exhibits to the

12  FAAC should be filed publicly, regardless of any designation under the Protective

13  Order."  Opp. at 1.  The Court issued no such directive.  The Court directed Mattel

14  *only* to publicly file its proposed FAAC – the Court obviously did not intend to

15  grant Mattel license to also file almost 800 pages of protected confidential MGA

16  documents as exhibits.  Mattel attempts to feign confusion as to what the Court

17  meant by stating in a footnote that it "obviously intends to follow the Court's

18  instructions and has followed them as it understood them."  Opp. at fn. 26.  But

19  Mattel's claim to have interpreted the Court's statements as granting it free reign to

20  publish any protected MGA documents that it wished is simply not credible.

21      Mattel's claimed belief that the Court would eviscerate the Protective Order

22  by instructing Mattel to publicly file exhibits that the Court had not seen and that,

23  for all the Court knew, could contain any or all of MGA's most guarded trade

24  secrets is absurd.  It is even more absurd to allege that the Court would issue such

25  an instruction *off the record* in an informal proceeding.  And it is beyond absurd to

26  contend, as Mattel does, that MGA would have stood silently by and would not

27  have objected with momentous vigor had such an instruction been given.[1]

28  _____

[1] Indeed, as Mattel fails to make clear, the parties ***discussed*** a potential agreement

1    Mattel also claims that MGA has not shown that any of the exhibits contain

2    confidential information. Opp. at 10-11. But MGA is under no obligation to make

3    such a showing here. Mattel does not dispute that the exhibits are designated

4    "AEO" or "Confidential" as set forth in Exhibit A to MGA's *Ex Parte* Motion.

5    That ends the matter. If Mattel disagrees with those designations, the Protective

6    Order provides the sole mechanism for Mattel to challenge them. *See* Order at ¶10.

7    It does not permit Mattel to unilaterally decide that the designations are improper

8    and then publicly disclose the materials.[2]

9    This is not a close call: Mattel has violated the Protective Order on a

10   breathtaking scale, and significant sanctions are warranted. *See American National*

11   *Bank and Trust v. AXA Client Solutions, LLC*, 2002 U.S. Dist. LEXIS 9511, *19-20

12   (N.D. Ill. 2002) (granting sanctions for violation of a stipulated protective order;

13   discarding defense that the disclosed documents at issue were not properly marked

14   as confidential and advising sanctioned party that "if it wants to object to

15   documents … designated as confidential or highly confidential, then [it] should

16   avail itself of the specific procedures agreed to in the protective order," but that

17   sanctioned party's "talk of [prevailing party]'s purported abuses of the protective

18   order cannot excuse [sanctioned party]'s own violations of the protective order.").

19   **B.    MGA Has Properly Asserted Exhibit 53 is Privileged, and the**
        **Merits of That Claim Do Not Effect Mattel's Present Obligations**
20

21   Mattel dedicates over 90% of its Opposition to argument that "MGA has

22   failed to meet its burden of establishing privilege." Opp. at 7. Every word of this

23   argument is wasted ink. Mattel does not dispute that MGA has asserted that

24   Exhibit 53 is privileged, and that is the only fact MGA has the burden of proving.

25

26   regarding the filing of confidential exhibits *but no agreement was reached.* MGA
     certainly never anticipated that Mattel would simply violate the Protective Order
27   and publicly file confidential MGA documents.
     [2] Mattel has never previously challenged these designations, nor provided MGA
28   with notice of its intent to do so.

The Protective Order sets forth the procedure for dealing with claims that produced documents are privileged:

> "If a party or nonparty through inadvertence produces or provides discovery that it, he or she believes is subject to a claim of attorney-client privilege or work product immunity, the producing Party or nonparty may give written notice to the receiving Party that the document is subject to a claim of attorney-client privilege or work product immunity and request that the document be returned to the producing party or non party. ***The receiving Party shall promptly return to the producing Party or nonparty the inadvertently disclosed document and all copies of such document.***"

Order at ¶13.  The Order also states that "[r]eturn of the documents … shall not constitute an admission or concession, or permit any inference, that the document is, in fact, properly subject" to such a claim, "nor shall it foreclose any Party from moving the Court for an Order that such document has been improperly designated or should be [otherwise] producible."  *Id.*  If Mattel wishes to challenge MGA's assertion of privilege, it is free to do so by a properly noticed motion.  Until then, MGA is entitled to the protection of the privilege.  Mattel's unilateral decision to deny MGA that protection, in clear violation of the Protective Order, is unquestionably improper and warrants sanctions.

## C.  Mattel's Other Arguments Are Also Non-Sequiturs

Mattel concludes its Opposition by entirely inventing an argument MGA has not made and proceeding to respond to it.  Mattel states that "MGA also complains that the number of predicate act exhibits Mattel attached to its proposed FAAC exceeds the limit of the number of exhibits the Court permits to be attached to motions," and attributes that complaint to the March 26, 2010 letter from Ms. Mingrone to Mr. Quinn attached as Exhibit B to MGA's *Ex Parte* Motion.  Opp. at 11.  No such assertion appears in that letter, nor in MGA's Motion.  Mattel is either inexplicably confused or has resorted to assigning arguments to MGA that it feels it can counter in order to obscure the real issues.

1    Finally, Mattel responds to MGA's observation that the Exhibits also violate

2  Fed. R. Civ. P. 8 in its concluding footnote by claiming that Judge Larson

3  previously ordered Mattel to attach the 800 pages of exhibits to its pleading.

4  Because MGA's Rule 8 observation was made only in passing and is not the focus

5  on this Motion, MGA will simply observe for the record that Judge Larson's order

6  cited by Mattel demanded no such filing.

7                              **CONCLUSION**

8    Mattel has egregiously violated the Protective Order in this case and has

9  taken upon itself to unilaterally adjudicate MGA's privilege claims inadequate.

10  The only defense Mattel offers is a fictitious account of the Court's filing

11  instructions and over 10 pages of irrelevant and non-responsive argument.  MGA

12  continues to suffer harm every second its confidential and privileged information

13  remains on the public docket.  The Court should remove these exhibits

14  immediately, and should sanction Mattel for its conduct.

15    Respectfully submitted,

16  Dated:    March 31, 2010          ORRICK, HERRINGTON & SUTCLIFFE LLP

17

18                    By:  _____*s/ Jimmy S. McBirney*_____

19                             Jimmy S. McBirney
                               Attorneys for MGA Parties

20

21

22

23

24

25

26

27

28