**SCHEPER KIM & OVERLAND LLP**
MARK E. OVERLAND (State Bar No. 38375)
moverland@scheperkim.com
DAVID C. SCHEPER (State Bar No. 120174)
dscheper@scheperkim.com
ALEXANDER H. COTE (State Bar No. 211558)
acote@scheperkim.com
601 W. Fifth Street, 12th Floor
Los Angeles, CA 90071
Telephone: (213) 613-4655
Facsimile: (213) 613-4656

Attorneys for
Carlos Gustavo Machado Gomez

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT,<br><br>       Plaintiff,<br><br>  v.<br><br>MATTEL, INC,<br><br>       Defendant.<br><br>AND CONSOLIDATED CASES | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with CV 04-9059 and CV 05-2727<br><br>**RESPONSE OF CARLOS GUSTAVO MACHADO GOMEZ TO COURT'S MARCH 31, 2010 ORDER TO SHOW CAUSE REGARDING THE PROTECTIVE ORDER**<br><br>Judge: Hon. David O. Carter |

**With respect to the issue raised in Paragraph 2 of the Court's March 31, 2010 Order to Show Cause:** Mr. Machado agrees with the Court that the Stipulated Protective Order ("Order") entered in this case has interfered with the fair administration of justice. Indeed, from Mr. Machado's perspective, Mattel has used the Order tactically to interfere with Mr. Machado's defense in this case, while at the same time disregarding its own obligations under the Order when they prove inconvenient for Mattel's strategic ends.

Consider Mattel's recent abuse of the Order in connection with the deposition of Francisco Tiburcio, Mattel's criminal lawyer in Mexico. At the conclusion of Mr. Tiburcio's deposition, Mattel's counsel purported to designate the entire deposition "attorneys eyes only." The Order permits the designation of information as "attorneys eyes only" *only* if it contains "trade secrets or other confidential commercial information" that will "result in a competitive disadvantage if disclosed to another Party". (Order at ¶ 2.) The wholesale designation of every word Mr. Tiburcio uttered in his deposition cannot possibly meet this standard, and even Mattel must admit that Mr. Tiburcio's responsibilities are limited to prosecuting the criminal case pending in Mexico, and have nothing to do with "trade secrets" or other information that will result in a competitive disadvantage.

Nevertheless, on March 8, 2010, Mattel's counsel wrote to counsel for Mr. Machado regarding Mr. Tiburcio's deposition. Therein, Mattel alleged (without any basis) that counsel had violated the Order by disclosing Tiburcio's testimony about Mattel's "ongoing settlement negotiations with Pablo Vargas." (Counsel's letter is attached hereto as Exhibit A.) Mattel's settlement negotiations with Vargas cannot even remotely be described as a "trade secret" or as information that could result in a *competitive* disadvantage. Indeed, the only reason Mattel complained about this supposed disclosure is that it might "disrupt those negotiations." (Exhibit A.) Thus, Mattel's counsel admits to using the Order to obtain a *litigation* advantage, not to

preserve a *competitive* advantage.

Not only was Mattel's designation improper, but its sole purpose was to severely prejudice Mr. Machado's defense in this action as well as his criminal defense in Mexico. In his deposition, Mr. Tiburcio admitted to bribing Mr. Vargas with a "pardon" – which under Mexican law is issued by Mattel as the complaining party and not the government prosecuting the action – in exchange for testimony that was suddenly favorable to Mattel. As a result, Mr. Vargas has abruptly become a potential key witness against Mr. Machado in *both* this civil action *and* the criminal case pending in Mexico.

Mr. Machado has a right to know what new testimony Mr. Vargas agreed to provide against him, as well as the terms of Mattel's sweetheart deal that bought said testimony. Mr. Machado faces claims seeking millions of dollars of damages in this civil case and his very liberty remains in jeopardy in Mexico, all at the instigation and direction of Mattel. He has an unquestionable right to discuss all aspects of those claims with his counsel and intelligently participate in the preparation of his defense.

Yet, Mattel has attempted to use the Order to dictate whether and how this critical information can be shared with Mr. Machado, in an effort to prevent Mr. Machado from assisting his counsel in rebutting Mr. Vargas's new testimony. Mattel is not the arbiter of what can and cannot be discussed amongst clients and counsel. Nor should Mattel be able to force the parties into costly and time consuming motion practice fighting its admittedly improper designations.

Mattel's abuse of the Order in connection with Mr. Tiburcio's deposition is just the most recent example of how the Order has been used to impair the administration of justice and the parties' substantive rights in this case. Accordingly, Mr. Machado concurs that the Order should be lifted.

**With respect to the issue raised in Paragraph 3 of the Court's March 31, 2010 Order to Show Cause:** Mr. Machado's unwillingness to be interviewed by MGA's 30(b)(6) designee has nothing to do with the Order, but is instead based solely on his Fifth Amendment concerns. Mr. Machado will nevertheless comply with an order of the Court that he provide information to that designee notwithstanding his claim of privilege under the Fifth Amendment. However, as Mr. Machado's deposition is currently set for April 21, 2010, it might prove more expeditious for MGA's 30(b)(6) designee to review Mr. Machado's testimony to prepare for the continued deposition of MGA. Indeed, Mattel's own 30(b)(6) designee has relied on his review of deposition testimony – rather than personal interviews – when testifying on behalf of Mattel.

DATED: April 5, 2010

Respectfully submitted,

SCHEPER KIM & OVERLAND LLP
MARK E. OVERLAND
DAVID C. SCHEPER
ALEXANDER H. COTE

By: _____/s/_____
Alexander H. Cote
Attorneys for Carlos Gustavo Machado Gomez