MELINDA HAAG (State Bar No. 132612)
mhaag@orrick.com
ANNETTE L. HURST (State Bar No. 148738)
ahurst@orrick.com
WARRINGTON S. PARKER III (State Bar No. 148003)
wparker@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
405 Howard Street
San Francisco, CA 94105-2669
Tel: (415) 773-5700/Fax: (415) 773-5759

WILLIAM A. MOLINSKI (State Bar No. 145186)
wmolinski@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA 90017
Tel. (213) 629-2020/Fax: (213) 612-2499

THOMAS S. MCCONVILLE (State Bar No. 155905)
tmcconville@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
4 Park Plaza, Suite 1600
Irvine, CA 92614-2258
Tel: (949) 567-6700/Fax: (949) 567-6710

Attorneys for MGA Parties

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MGA ENTERTAINMENT, INC., a California corporation, et al.,<br><br>　　　　Defendant.<br><br>AND CONSOLIDATED ACTIONS | Case No. CV 04-9049 DOC (RNBx)<br>Consolidated with:<br>Case Nos. CV 04-9059 & CV 05-2727<br><br>**THE MGA PARTIES' RESPONSE TO THIS COURT'S ORDER TO SHOW CAUSE REGARDING THE PROTECTIVE ORDER** |

The MGA Parties submit that the Protective Order should be modified and amended as follows.

### A. Elimination of "CONFIDENTIAL—ATTORNEYS' EYES ONLY" Provisions.

The Protective Order should be amended to remove any and all provisions allowing materials to be designated "CONFIDENTIAL—ATTORNEYS' EYES ONLY."

Items marked with this designation cannot be disclosed to the parties to the litigation. As a result, neither Mr. Larian nor MGA have access to materials necessary to their participation in the formulation of their defense to this case. This unfairly binds their hands while permitting Mattel to attack Mr. Larian's personal interests and MGA's interests. *See Doe v. District of Columbia*, 697 F.2d 1115, 1120 (D.C. Cir. 1983) (affirming "value we place on the right of every litigant to . . . understand and become involved in the preceding, not to be compelled to passively await its outcome," concluding that these rights "must be accorded considerable weight by a trial judge when considering the propriety of issuing a protective order," and reversing district court order preventing defense attorneys from sharing evidence obtained in discovery with their clients in a civil tort case).

To give a sense of just how this designation interferes with Mr. Larian's and MGA's participation in their defense of this case, Mattel has produced 212,047 documents. Of those documents, 121,774 have been marked Attorneys' Eyes Only. To date, MGA has taken depositions of 62 Mattel employees, former employees and those hired by Mattel to represent their interests in this case, including Mattel's Mexico counsel responsible for pursuing the criminal prosecution of certain MGA former employees by Mexican authorities. These depositions cover the gamut from Mattel's RICO claims to its claims of trade secret misappropriation. Of the 62 depositions MGA has taken, Mattel has designated 54—almost 90 percent—as Attorneys' Eyes Only.

Moreover, Mattel has used this designation to keep from Mr. Larian and MGA trade secrets it claims that MGA *already possesses or has used*. Therefore, the only purpose served by an Attorneys' Eyes Only designation is to inhibit the ability of Mr. Larian and MGA to help disprove that much, if not all, of what Mattel claims as a trade secret is anything but in the toy industry, including decade-old sales data, forms used for reviewing employee performance, historic pricing information, knowledge gained in the toy industry by former Mattel employees, an individuals' job titles, employee names and work extensions and marketing information prepared by third parties.[1]

### B. The Protective Order Should Be Modified To Narrow The Items That May Be Marked As "Confidential."

In addition, the items that may be marked "Confidential" should be narrowed to include the following items.

1. ***Documents reflecting the personal finances of Mr. Larian and his family.*** Whether or not Mr. Larian's personal finances are at issue in this case, public disclosure of such information is not warranted. They are, by definition, highly personal. Moreover, the financial documents produced reflect on the finances of Mr. Larian's wife and family, none of whom are parties to this action.

2. ***Documents reflecting MGA's finances.*** MGA's financials reflect information concerning MGA ongoing business decisions and future business decisions. Wholesale public disclosure would be detrimental to MGA's business interests.

---

[1] The only possible exception MGA might wish to make to the Attorneys' Eyes Only designation is as to certain information concerning MGA products that have not yet been released to market, including the products to be introduced, unique marketing strategies for these products, and the prices at which the product will be sold. This type of information, if released more broadly, could injure MGA in its ability to compete in the toy industry. The MGA Parties are not aware of currently pending discovery that relates to this issue and therefore notes the issue solely to indicate that such discovery may cause the MGA Parties to ask for limited use of an Attorneys' Eyes Only designation.

| | | |
|---|---|---|
| 1 | Dated: April 5, 2010 | ORRICK, HERRINGTON & SUTCLIFFE LLP |
| 2 | | |
| 3 | | By:  */s/ Warrington S. Parker III* |
| | | Warrington S. Parker III |
| 4 | | Attorneys for MGA Parties |

1  Dated:    April 5, 2010              ORRICK, HERRINGTON & SUTCLIFFE LLP

                                        By:    */s/ Warrington S. Parker III*
                                               Warrington S. Parker III
                                               Attorneys for MGA Parties