| | |
|---|---|
| 1 | MELINDA HAAG (State Bar No. 132612) |
| | mhaag@orrick.com |
| 2 | ANNETTE L. HURST (State Bar No. 148738) |
| | ahurst@orrick.com |
| 3 | WARRINGTON S. PARKER III (State Bar No. 148003) |
| | wparker@orrick.com |
| 4 | ORRICK, HERRINGTON & SUTCLIFFE LLP |
| | 405 Howard Street |
| 5 | San Francisco, CA 94105-2669 |
| | Tel: (415) 773-5700/Fax: (415) 773-5759 |
| 6 | |
| | WILLIAM A. MOLINSKI (State Bar No. 145186) |
| 7 | wmolinski@orrick.com |
| | ORRICK, HERRINGTON & SUTCLIFFE LLP |
| 8 | 777 South Figueroa Street, Suite 3200 |
| | Los Angeles, CA 90017 |
| 9 | Tel. (213) 629-2020/Fax: (213) 612-2499 |
| 10 | THOMAS S. MCCONVILLE (State Bar No. 155905) |
| | tmcconville@orrick.com |
| 11 | ORRICK, HERRINGTON & SUTCLIFFE LLP |
| | 4 Park Plaza, Suite 1600 |
| 12 | Irvine, CA 92614-2258 |
| | Tel: (949) 567-6700/Fax: (949) 567-6710 |
| 13 | Attorneys for MGA Parties |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation, | Case No. CV 04-9049 DOC (RNBx) |
| Plaintiff, | Consolidated with:<br>Case Nos. CV 04-9059 & CV 05-2727 |
| v. | Hon. David O. Carter |
| MGA ENTERTAINMENT, INC., a California corporation, et al., | **MGA PARTIES' RESPONSE TO THIS COURT'S ORDER TO SHOW CAUSE REGARDING MGA DE MEXICO 30(B)(6) DEPOSITION** |
| Defendant. | |
| AND CONSOLIDATED ACTIONS | |

**INTRODUCTION**

On March 31, 2010, MGA de Mexico filed its Opposition to Mattel's Motion to Enforce Court's February 25, 2010 Order to compel MGA de Mexico to provide a 30(b)(6) witness. Concurrent with filing its Opposition, MGA received the Court's Order to Show Cause concerning the same issue. March 31 Order, Dkt. No. 7682. The MGA Parties therefore resubmit their Opposition as a response to the Order to Show Cause, as it sets forth the MGA Parties' position on the need to make a 30(b)(6) witness available to be deposed on the knowledge of Machado and Trueba now that Machado and Trueba are themselves ordered to be deposed. *See* Dkt. Nos. 7657 and 7683.

Mattel's motion is premised on MGA Mexico's 30(b)(6) witness not interviewing two witnesses **who refuse to be interviewed based on advice of counsel** due to criminal prosecutions initiated and controlled by Mattel. The witnesses' refusal to be interviewed, moreover, has nothing to do with the parties' stipulated protective order, but is due to concerns over criminal prosecution. Should the Court be inclined to grant Mattel's motion, it is without a doubt that any continued deposition stemming therefrom is all but guaranteed to lead to an exercise in futility and cause further frustration to all parties because it is expected that Machado and Trueba's counsel will continue to instruct their clients not to be interviewed—at least until after their depositions.

Both of MGA Mexico's 30(b)(6) designees, Mrs. Susana Kuemmerle and Mr. Lewis Small, have been deposed for seven days, collectively—testifying as to all the information they have been able to assimilate regarding Mattel's noticed topics. The fact that neither Gustavo Machado nor Mariana Trueba have agreed to assist in MGA Mexico's preparation for its continued Rule 30(b)(6) deposition *remains unchanged* to this day.[1] Mr. Machado and Ms. Trueba, however, have now

---

[1] Notably, although Mattel has long maintained that MGA Mexico still exercises control over Pablo Vargas, it is now apparent that that is no longer Mattel's contention as Mr. Vargas has been completely omitted from Mattel's moving

been ordered to testify and will be deposed shortly. With the ability soon to hear directly from Mr. Machado and Ms. Trueba, it simply makes no sense to compel MGA Mexico to continue to attempt in vain to obtain their testimony indirectly. As the Court has previously stated, MGA Mexico has engaged in a genuine and thorough effort to prepare its prior designees. Any additional ordered deposition time, however, would be unproductive and unduly burdensome.

### A. Factual Background

#### 1. Status of Mexican Proceedings

Mr. Machado, and his co-workers, Pablo Vargas and Mariana Trueba, have yet to be found guilty of *anything* by *any* Mexican court. Even after Mattel presented all of its evidence in support of its Mexican criminal complaint and even after the search of MGA Mexico's offices in 2005, in September 2006 the Mexican tribunal denied the arrest warrants as to all three former Mattel Servicios' employees. Declaration of André De La Cruz[2] ("De La Cruz Decl.") ¶ 3. The Mexican tribunal also denied Mattel's request for an arrest warrant against Isaac Larian and Jahangir Makabi. *Id.* Through Mattel's own efforts, over a year later, Mattel was able to reinstate its criminal action against Vargas, Machado and Trueba and overturn the lower court's ruling; obtaining an arrest warrant originally denied. *Id.* ¶ 4. Tellingly, although Mattel had also sought reversal of the trial court's ruling denying a warrant be issued against Larian and Makabi, the Mexican appellate court affirmed the lower court's ruling finding no evidence of use or disclosure of Mattel information at MGA. *Id.*

Mattel has attempted to bolster its criminal case by relying on inconsistent computer forensic reports. For example, soon after Machado's resignation, Mattel initiated an investigation into the supposed theft of trade secrets. In connection

---

papers. As such, MGA Mexico understands that Mattel's sole remaining complaint is Mr. Small's inability to interview Machado and Trueba.
[2] Previously filed in connection with the MGA Parties' Opposition, dated March 31, 2010.

- 2 -

RESPONSE TO COURT'S OSC RE MGA MEX 30(B)(6)
CV 04-9049 SGL (RNBx)

with this investigation, Mattel enlisted the assistance of Mr. Roy Schwarz who analyzed Machado's hard drive and concluded unequivocally on May 4, 2004 that his hard drive was accessible—observing no hardware failure. *Id.* ¶ 5. Apparently unsatisfied with Mr. Schwarz's conclusion, Mattel then hired Mr. Mark Spencer of EvidentData to verify whether Machado's hard drive had been "wiped." *Id.* ¶ 6. On September 27, 2004, and in direct contradiction to Mr. Schwarz's previous findings, EvidentData determined that the drive was damaged. *Id.* Yet, on March 15, 2005, a third forensic analysis was undertaken by Advanced Data Solutions at Mattel's request, whereby Mr. Tim Lider found that the hard drive was faulty but due to normal use. *Id.* ¶ 7. Unhappy with the latest finding, and the finding by EvidentData that there had been no wiping, Mattel then retained a ***fourth*** forensic analyst, Mr. Velasquez, who concluded that there had been wiping software used. It is this fourth report that Mattel continues to reference before this Court, without reference to the prior, contrary reports finding no damage or wiping.

### 2. <u>Control of Pablo Vargas</u>

On March 2, 2010, Mattel's Mexican lawyer, Francisco Tiburcio, was deposed and conceded that Mattel is in discussions with Vargas for a complete pardon of the criminal charges in return for favorable testimony from Vargas. Deposition of Francisco Tiburcio ("Tiburcio Depo. Tr.") pp. 490:7 - 491:12. Before finalizing any settlement with Vargas, Mattel had Vargas tell Mattel exactly what testimony he was willing to provide. Tiburcio Depo. Tr. pp. 538:14 - 539:16. After hearing what he would say, Mattel provided Vargas a draft settlement agreement, which Mattel has refused to produce. Tiburcio Depo. Tr. pp. 539:18 - 541:3. Mattel's lawyer also conceded that it is wholly within Mattel's discretion as to whether a pardon is granted and that the criminal authorities' approval of a pardon is not needed. Tiburcio Depo. Tr. pp. 563:6 - 563:25.

**B.**     **Argument**

### 1.     MGA Mexico Has Exhausted the Possibilities To Obtain Information "Known" Or "Reasonably Available" To It

The case law is clear: pursuant to a Rule 30(b)(6) Notice of Deposition, the responding party "must make a conscientious good-faith endeavor to designate the persons having knowledge of the matters sought by [the interrogator] and to prepare those persons in order that they can answer fully, completely, unevasively, the questions posed by [the interrogator] as to the relevant subject matters." *Prokosch v. Catalina Lighting, Inc.,* 193 F.R.D. 633, 638 (D. Minn. 2000) (quotations omitted). As the Court is undoubtedly aware, the instant situation, where a corporation has little memory of an event that transpired long ago or the individuals most knowledgeable are no longer employed by the corporation, is also not uncommon. In such instances, the 30(b)(6) designee should avail themselves of information that is *reasonably available*—as MGA Mexico has indeed done. In fact, the Court's February 25 Order warned Mattel about the outer contours of Rule 30(b)(6), which is "limited to testifying 'about information known or reasonably available to MGA Mexico.' Mr. Small was not obligated to confirm or even explain the presence of every Mattel document in MGA Mexico's offices. *See U.S. ex rel Fargo v. M&T Mortg. Corp*, 235 F.R.D. 11, 25 (D.D.C. 2006)." Dkt. No. 7575 at 2.

For purposes of Rule 30(b)(6) deposition testimony, information is deemed to be reasonably available if it may be obtained from documents or past employees. *See, e.g., Ierardi v. Lorillard, Inc.,* No. 90-7049, 1991 WL 158911 (E.D. Pa. Aug. 13, 1991). This general tenet, however, offers little guidance in dealing with past employees that may not always cooperate with a designee's inquiries. In this case, MGA Mexico has *no ability* to legally obtain additional information from third parties without forcing those parties' independent counsel to cease invoking the Fifth Amendment on their clients' behalf.

1    Pursuant to the Court's February 25, 2010 Order, and focusing on the fact
2 that the Court found particularly concerning that Mr. Small failed to interview
3 Machado, Trueba, and Vargas, MGA Mexico *again* attempted to initiate interviews
4 with Machado and Trueba.  Deposition Transcript of Lewis Small (rough), dated
5 March 17, 2010 ("Small Depo. Tr.") at 8:15-19.  Through their counsel, they
6 refused—citing the ongoing Mexican criminal prosecution that Mattel is
7 conducting as a palpable concern.[3]  Regardless of their refusal, MGA Mexico
8 continued its concerted efforts to speak with anyone it could regarding the noticed
9 topics, including interviewing nine former employees of MGA Mexico with the
10 hopes of supplementing the information Mr. Small had already obtained.
11 Mr. Small has now substantively interviewed thirteen (13) current and former
12 employees—many of whom were interviewed on multiple occasions.  Realizing
13 that the Court limited the continued deposition to four hours, MGA Mexico also
14 endeavored to meet and confer with Mattel in order to best understand the salient
15 points of Mattel's remaining inquiry, and further advised Mattel that MGA
16 Mexico's designee was not granted permission to speak with Machado or Trueba.
17 De La Cruz Decl. ¶ 8, Ex. A.

18    On March 15 and March 31, the Court issued its Orders compelling
19 defendant Gustavo Machado and non-party Mariana Trueba, respectively, to re-
20 appear to provide responsive deposition testimony without invocation of the Fifth
21 Amendment.[4]  Dkt. Nos. 7657 and 7683.  In light of these orders, and as a result of
22 Mr. Small's inability to speak with Machado or Trueba directly, counsel suggested
23 to Mattel that Mr. Small's scheduled deposition be continued until after Mr.
24 Machado re-appears for deposition.  De La Cruz Decl. ¶ 8, Ex. A; Small Depo. Tr.

---

[3] Being that Mattel itself is in the position to drop all pending charges in Mexico, MGA Mexico has suggested that it do so in order to allow Machado and Trueba to speak freely to MGA Mexico's designee.  Small Depo. Tr. 75:21-23.
[4] If the Court is so inclined as to broaden its Order, thereby compelling Machado to speak directly with MGA Mexico's designee, MGA Mexico will of course attempt to make its designee completely knowledgeable as to all facts obtained.

71:9-72:18, 97:8-98:6. Mattel refused and pressed forward under the guise of further exploration with Mr. Small when, in fact, the only reason was to prop up the current motion. *Id.* Tellingly, at the conclusion of Kuemmerle's deposition as MGA Mexico's designee, Mattel itself contemplated the present situation, stating that "some of the remaining [Rule 30(b)(6)] issues may be resolved with the occurrence of some additional testimony by some ***other witnesses***, [e.g., Machado and Trueba,] which may ***moot some of the concerns that Mattel has***." Kummerle Depo. Tr., dated December 9, 2009 at 966:18-22. Mattel is now backsliding from that position—currently insisting that it is irrelevant that the holders of the information it seeks, Mr. Machado and Ms. Trueba, have now been ordered to provide substantive testimony that will undoubtedly moot Mattel's concerns.

Most notably, although Mattel complains that it has yet to have a witness who can: (1) "identify a single document seized in the search of MGA Mexico's office by the Mexican authorities"; (2) "explain how the Mattel-authored documents got there"; (3) "explain how the Mattel-authored documents were used once there"; and (4) "efforts by MGA to determine whether it had any documents showing use of the stolen Mattel trade secrets"—Mattel is now requesting that Kuemmerle return to testify on issues that neither she nor anyone else at MGA Mexico has actual or readily available knowledge of. *See e.g.*, Kuemmerle Depo. Tr. 245:10-253:12, 269:2-281:16, 298:1-310:2, 445:17-446:19, 491:4-499:5, 893:18-902:15, 910:16-915:4, and 932:20-933:16 (testifying as to her limited knowledge on these categories). Accordingly, considering that neither Machado nor Trueba will speak with Kuemmerle to educate her on these remaining issues, Kuemmerle's return will only lead to further frustration and dissatisfaction on the part of all parties.

It is also noteworthy that Mattel claims Mr. Small was not prepared even though its own 30(b)(6) witness on trade secrets, Mr. Keith Storie, was far less prepared on comparable issues. Mr. Storie, who, like Mr. Small, was an "empty

vessel," answered "I don't know" to at least *seven hundred (700) questions*.  To prepare for most topics, he merely read depositions of witnesses already deposed who had little information to offer.  Moreover, he admitted that he did not interview a single former Mattel employee.  Deposition of Keith Storie, Vol. IV ("Storie Dep. Tr.") 746:10-747:11.  On the important topic of Mattel's alleged ownership of trade secrets, he did not interview a single witness.  *Id.* at 823:3-5.

Mr. Small, in contrast, interviewed every current and former MGA Mexico employee who would agree to be interviewed on every topic requested by Mattel.

### 2. MGA Mexico Made All Reasonable Efforts To Comply With Mattel's Request To Authenticate Aguirre's Signature

Mattel would like to have this Court believe that the entirety of every hard copy document that was seized from MGA Mexico's offices, which purportedly contain highly confidential and trade secret information, may be shown to Carlos Aguirre simply because he may have "authored" his signature—covering roughly 1% of each page's real estate.  MGA Mexico simply cannot expose Mr. Aguirre to Mattel's supposed highly confidential information.  Doing so only has the potential to fan the flame of Mattel's trade secrets allegations that may stem from Mr. Aguirre's requested review.  In order to address this challenge, MGA Mexico's designee requested a signature page directly from Mr. Aguirre and was prepared to analyze and compare the provided signature with the seized documents.  Small Depo. Tr. at 5:18-6:9, 7:22-25, 65:12-19, and 67:12-24.  Mattel simply chose not to rely on Mr. Small's preparedness.

Further, Mattel itself is to blame for this issue.  In its order compelling a third day with Mr. Small, the Court ordered the parties to meet and confer over the questions to be asked.  Dkt. No. 7575 at 2.  Specifically, the Court ruled: "The parties are encouraged to reach a stipulated agreement as to the manner in which the MGA Mexico 30(b)(6) shall be prepared and the *questions* the MGA Mexico 30(b)(6) shall answer at the resumed deposition." *Id.* (emphasis added).  MGA

1    Mexico sought to meet and confer on such questions, and Mattel flatly refused,
2    writing: "I will not provide you with an outline of subsequent questioning." De La
3    Cruz Decl. ¶ 8, Ex. A.  Instead, Mattel listed six broad topics of the deposition. *Id.*
4    When MGA Mexico sought further clarification, Mattel refused.  For Mattel to
5    blame MGA Mexico for not reading Mattel's mind as to how Mattel wanted the
6    witnesses prepared is the height of hypocrisy.
7         In the spirit of cooperation, MGA Mexico is prepared to conduct good faith
8    negotiations with Mattel on authentication of all documents Mattel contends were
9    signed by Mr. Aguirre.  MGA Mexico would simply request that Mattel identify by
10   Bates number the universe of documents purporting to bear Mr. Aguirre's
11   signature.  After some investigation, MGA Mexico may stipulate to their
12   authenticity and obviate the need for any further deposition testimony on this issue.
13   Alternatively, Mattel could provide MGA Mexico with a complete set of
14   documents allegedly signed by Mr. Aguirre but redacted so as to remove any
15   confidential information.  This alternative will allow MGA Mexico to freely convey
16   the information to Mr. Aguirre for his own analysis and authentication.

## CONCLUSION

18        In light of the substantial preparation that each of MGA Mexico's designees
19   have undergone and prior comprehensive testimony of these designees, Mattel's
20   motion should be denied in whole.  MGA Mexico has been fully prepared with
21   respect to every source of information readily available to it, which included
22   speaking with everyone who was present at MGA Mexico's offices the day the
23   search was conducted regarding information about the documents seized.  In sum,
24   Mattel seeks detailed information from MGA Mexico that is only available to a
25   handful of individuals: Gustavo Machado, Mariana Trueba, Pablo Vargas, and the
26   Mexican authorities—each effectively unavailable to MGA Mexico, a fact that
27   //
28   //

1 | remains unchanged regardless of Mattel's allegations to the contrary.

Dated:     April 5, 2010     ORRICK, HERRINGTON & SUTCLIFFE LLP

*/s William A. Molinski*
WILLIAM A. MOLINSKI
Attorneys for the MGA Parties