# Exhibit 2

```
 1              UNITED STATES DISTRICT COURT
 2              CENTRAL DISTRICT OF CALIFORNIA
 3                    EASTERN DIVISION
 4
 5       ------------------------------
 6       CARTER BRYANT, an individual,     )
 7                  Plaintiff,             )
 8            vs.                          ) No. CV 04-09049 SGL
 9       MATTEL, INC., a Delaware          )    (RNBx)  (c/w CV
10       Corporation,                      )    04-9059 & 05-2727)
11                  Defendant.             )
12       -------------------------------)
13       CONSOLIDATED WITH MATTEL, INC.,   )
14       v. BRYANT and MGA ENTERTAINMENT,  )
15       INC., v. MATTEL, INC.             )
16       ------------------------------
17
18          Transcript of Proceedings before
19          the Honorable Edward A. Infante,
20          via conference call, commencing at
21          1:31 P.M., Monday, March 19, 2007
22          before cathryn L. Baker, CSR No. 7695.
23
24
25       PAGES 1 - 29
```

ORIGINAL

```
 1    APPEARANCES OF COUNSEL:

 2

 3         FOR MATTEL, INC:

 4

 5              QUINN EMANUEL URQUHART OLIVER & HEDGES

 6              BY:  MICHAEL T. ZELLER, ESQ.

 7                   BRIDGET MORRIS, ESQ.

 8              865 South Figueroa Street

 9              10th Floor

10              Los Angeles, California 90017

11              (213) 443-3000

12

13

14         FOR MGA ENTERTAINMENT, INC.:

15

16              O'MELVENY & MYERS LLP

17              BY:  DIANA TORRES, ESQ.

18              400 South Hope Street

19              Los Angeles, California 90071

20              (213) 430-6000

21

22

23

24

25
                                                              2
```

```
 1   APPEARANCES OF COUNSEL (CONTINUED):
 2
 3       FOR CARTER BRYANT:
 4
 5           LITTLER MENDELSON
 6           BY: DOUGLAS WICKHAM, ESQ.
 7           2049 Century Park East
 8           5th Floor
 9           Los Angeles, California 90067
10           (310) 553-0308
11
12
13   ALSO PRESENT:
14
15           MICHELLE TAKAMOTO
16
17
18
19
20
21
22
23
24
25
                                              3
```

```
 1              MR. WICKHAM:  Your Honor, this is counsel for
 2   Carter Bryant.  I might be able to answer that a little
 3   bit better, only because I have the documents, not
 4   Ms. Torres.
 5              JUDGE INFANTE:  I'll take my answer where I
 6   can get it.
 7              MR. WICKHAM:  Your Honor, just for two
 8   seconds' worth of background.  In response to your order
 9   compelling Mr. Bryant to produce documents, and taking
10   into account the full breadth of that order, which was
11   quite broad, as of Friday late, and I thank Mr. Zeller's
12   offices for their professional courtesies in allowing
13   boxes to be delivered after 6:00 P.M., Carter Bryant had
14   produced over 17,000 pages of documents to Mattel in
15   this case.  I have never produced that many documents on
16   behalf of an individual defendant in 20 years of
17   practice.  So the idea of somehow that we're talking
18   about creating some massive place to hold materials back
19   is inaccurate.  The documents that we did produce cover
20   all of his drawings that had been submitted to MGA or
21   had not been submitted to MGA up through -- every single
22   calendar year up through 2005, and included a
23   substantial number of drawings from 2006.  I believe
24   that the earliest packet of drawings, and there's also
25   related e-mail messages that communicate some of the
```

11

```
 1   drawings to his corresponding people at MGA, that the
 2   earliest date on them is April of 2006. The vast
 3   majority of them are in the summer and the fall of 2006.
 4   And there are some drawings as current or as recent as
 5   March 2007. But there is nothing from 2005, 2004, 2003,
 6   2002, 2001, 2000 or any of the years prior. Mr. Bryant
 7   left Mattel in October of 2000 and all that we're
 8   talking about are, as-of-yet, unreleased -- the drawings
 9   or packets of materials relating to as-of-yet,
10   unreleased, uncommercialized products.
11              JUDGE INFANTE: Thank you. I think if I can
12   sift through your answers, you indicate that the
13   earliest dated document that you're withholding is April
14   of 2006?
15              MR. WICKHAM: Correct.
16              JUDGE INFANTE: Mr. Zeller, you can respond.
17              MR. ZELLER: Yes, your Honor. I think, in
18   fact, in many respects this just underscores exactly why
19   this is a problem. First of all, the trade secrets that
20   we have claim to have misappropriated has occurred in
21   2005, 2004 and 2006. So evidence up to today of what it
22   is that Mr. Bryant has been working on, may very well,
23   and we suspect, will show use of Mattel's trade secret,
24   which is obviously critically important to us in this
25   case. And that can be adequately protected by the
```

12

```
 1   protective order in this case.  We aren't talking here
 2   about a choice between not producing them and public
 3   disclosure.  They can designate them attorneys eyes only
 4   and they'll be treated in accordance with the protective
 5   order, but it will be denying us, and I fear, create
 6   serious problems down the road for the management in
 7   this case, if we're not given this information.  We're
 8   going to have to potentially redepose people.  It may be
 9   that we'll get some information after the first trial
10   that we should have had before that time, and that can
11   obviously create any number of very, very serious
12   problems.  So I think this is, in many respects, this
13   whole distinction that they're trying to make is one
14   that is simply addressed by the protective order.
15          One other thing that causes me concern.  When Mr.
16   Wickham says we produced 17,000 pages therefore Mattel
17   doesn't need anything else, we don't know, of course,
18   even the quantity of the materials that they are
19   contemplating withholding now.  That may be, as far as
20   we know, the most critical evidence in the entire case
21   in comparison to the 17,000 pages that Mr. Wickham has
22   said now they have produced.  So I don't think that that
23   really is a valid argument.
24          And at the end of the day as well, when
25   Ms. Torres says that it's inconceivable that drawings
```

13

```
 1   that he's doing today could have any bearing on his
 2   ongoing obligations to Mattel.  Well, in fact, your
 3   Honor, first, as the Court is aware, we have asserted
 4   infringement claims and that potentially would go, with
 5   respect to Bratz, to the ongoing reproduction of Bratz.
 6   And that is infringement regardless of whether or not
 7   it's been commercialized.
 8            And second, Ms. Torres says it's
 9   inconceivable, but the fact is is that there's no
10   evidence of record here as to what these drawings
11   actually are.  And that is proof that is entirely within
12   their control and they did not submit it here.
13            JUDGE INFANTE:  Okay.  Thank you very much.
14            MR. WICKHAM:  Your Honor, I really apologize,
15   but just on that last point.  We did submit a privilege
16   log along with the materials that we submitted on
17   Friday.  The privilege log specifically itemized by Bate
18   number and by description of all the drawings that are
19   currently the subject of this motion.  I apologize, it
20   did not encompass the electronic mail messages which I
21   received late, but the actual Bate numbers of the
22   drawings themselves, the description of them, exists in
23   the privilege log that we did deliver to Mr. Zeller's
24   office on Friday.
25            JUDGE INFANTE:  Have you seen it?  I haven't
```

14

```
 1  STATE OF CALIFORNIA    )   ss
 2  COUNTY OF LOS ANGELES  )
 3
 4       I, CATHRYN L. BAKER, CSR No. 7695, do
 5  hereby certify
 6       That the foregoing transcript of proceedings
 7  was taken before me at the time and place therein set
 8  forth;
 9       That the hearing was recorded stenographically
10  by me, was thereafter transcribed under my direction and
11  supervision and that the foregoing is a true record of
12  same.
13       I further certify that I am neither counsel
14  for nor related to any party to said action, nor in
15  any way interested in the outcome thereof.
16       IN WITNESS WHEREOF, I have subscribed my
17  name this 3rd day of April, 2007.
18
19
20  _____
21       CATHRYN BAKER, CSR No. 7695
22
23
24
25
                                                          29
```