QUINN EMANUEL URQUHART & SULLIVAN, LLP
  John B. Quinn (Bar No. 090378)
  (johnquinn@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:   (213) 443-3000
Facsimile:    (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation,<br><br>            Plaintiff,<br><br>     vs.<br><br>MGA ENTERTAINMENT, INC., a California corporation, et al.,<br><br>            Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 DOC (RNBx)<br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>Hon. David O. Carter<br><br>MATTEL, INC.'S REPLY IN SUPPORT OF MOTION TO ENFORCE COURT'S FEBRUARY 25, 2010 ORDER AND TO COMPEL MGA MEXICO TO PROVIDE PROPERLY PREPARED 30(b)(6) WITNESS<br><br>Date:   TBD<br>Time:   TBD<br>Place:  Courtroom 9D<br><br>Phase 2<br>Discovery Cut-off:   TBD<br>Pre-trial Conference:   TBD<br>Trial Date:   TBD |

00505.07975/3419899.3

MATTEL'S REPLY IN SUPPORT OF MOTION TO COMPEL MGA MEXICO 30(b)(6) WITNESS

**Preliminary Statement**

There is no dispute that MGA Mexico has not provided a properly prepared witness. MGA Mexico's witness could not answer questions as basic as what Mattel documents were taken to MGA; what documents were used and how; what documents were seized in the search of MGA Mexico's offices by the Mexican authorities; and how those documents arrived at Mattel. Mr. Small could not even authenticate hardcopy documents that were signed by an MGA Mexico employee at the time of the search because he had not shown the documents to the employee who signed them. MGA Mexico does not dispute any of this. Its contention is simply that the Court should not do anything about this failure. That contention conflicts with the Court's prior Orders and is wrong.

The excuse that knowledgeable witnesses would not speak with MGA should be rejected. Even before the Court issued its last order compelling a prepared designee, MGA Mexico's designee had already spoken to Trueba; he just chose not to ask her relevant questions to become informed. MGA's counsel had also specifically represented that the designee would speak to Machado. It was only once the Court *ordered* MGA Mexico to prepare its witness properly that Machado and Trueba purportedly became unavailable. And these witnesses are indisputably within MGA Mexico's control: MGA is paying their attorneys' fees; Trueba has already appeared for deposition once at MGA's request; and MGA, Machado and Trueba have asserted a purported joint defense privilege. In fact, MGA concedes, in a separate filing, that it previously interviewed Machado and Trueba to obtain information about Mattel's trade secret theft allegations. Machado's and Trueba's Fifth Amendment privilege claims have been rejected. The excuse that these witnesses would not speak with MGA, despite all this, is simply unavailing. MGA Mexico should be ordered yet again to provide a properly prepared witness who has spoken with both Machado and Trueba, as well as Mr. Aguirre to authenticate his signatures.

## **Argument**

### I. **MGA MEXICO'S 30(B)(6) WITNESS SHOULD BE ORDERED TO SPEAK TO MACHADO AND TRUEBA**

#### A. **The MGA Parties Have Control Over Machado and Trueba**

MGA Mexico argues that its designee need not interview Machado and Trueba because it is unable to do so. The position is untenable. Before the Court ordered MGA Mexico to have its designee speak with Trueba, ***he had already done so***; he simply chose not to ask her substantive questions. Though Mr. Small had a written list of questions he asked of every witness he interviewed, he did not ask them of Ms. Trueba. Instead, once she stated she did not know what had been seized by the Mexican authorities because she claimed not to be there on the day of the search, he ended the call – without asking questions as basic as what Mattel documents she might have *taken* or *used*.[1] Only now that MGA Mexico has been ordered to speak to her again, and prepare more appropriately, has Trueba suddenly become "unavailable."

As to Machado, the MGA Parties previously represented to the Court that MGA Mexico's witness would speak with him if the Court issued an Order overruling any alleged Fifth Amendment rights.

> Mr. Machado is, as I understand it, willing to speak with
> our investigator and come and testify again in deposition
> in this case and at trial in this case without assertion of the
> Fifth Amendment if the Court will issue an order
> overruling his Fifth Amendment assertion. And so, really,
> we would like to provide the information. We would like
> Mr. Machado to talk to our investigator.[2]

---

[1] L. Small Depo. Tr., Vol. 5, dated January 15, 2010, at 1208:6-1208:15; 1211:7-1213:8.

[2] Hearing Tr. dated December 17, 2009, at 7:5-11.

Now that the Court has issued that Order, however, MGA Mexico has retracted this statement. MGA Mexico claims that Machado's and Trueba's counsel would not permit them to be questioned. That, however, was not the reason why Mr. Small claimed he did not speak to Machado. Instead, he stated that "I was advised [by counsel] that I would not be conducting the interview, since he [Machado] would be testifying in court."[3] This is not only inconsistent with MGA's present contentions, but as discussed below has been rejected by this Court as an invalid justification for MGA Mexico's inadequate <u>Rule</u> 30(b)(6) testimony.

MGA Mexico's attempts to serially relitigate its rejected excuses for its long-standing failure to provide proper, binding corporate testimony should be brought to an end. These witnesses are within the control of the MGA Parties. As the Court recently noted with respect to Trueba, and as is now apparently undisputed by the MGA Parties, Trueba's and Machado's legal fees are being paid by the MGA Parties. (Order dated April 2, 2010, Docket No. 7683, at 1.) The MGA Parties and the witnesses have asserted an alleged joint defense privilege to prevent disclosure of communications between counsel for Machado, Vargas and Trueba, and MGA Mexico employees.[4] Trueba has already appeared for deposition once at the request of the MGA Parties. And—although MGA is fighting to withhold this evidence—MGA does not dispute that it interviewed Machado and Trueba to obtain their information about Mattel's trade secret theft allegations for purposes of this lawsuit. (<u>See</u> Docket 7678 at 2-3, 5.) Thus, the MGA Parties' position appears to be that although these witnesses will speak to MGA when *it* requests it informally, MGA is powerless to obtain their information

---

[3] L. Small Depo. Tr., Vol. 5, dated March 17, 2010, at 1493:3-7.
[4] Kuemmerle 30(b)(6) Depo. Tr., Vol. 3, dated December 9, 2009, at 951:7-962:23; Small Depo. Tr., dated December 11, 2009, at 975:4-977:4.

when the Court orders just that. MGA Mexico's professed inability to interview Machado and Trueba is unavailing.[5]

### B. The Court May Order Machado and Trueba to Speak to MGA Mexico's Designee.

The Court should order Machado and Trueba to speak to MGA Mexico's designee. That is the relief Mattel sought in its motion, and MGA Mexico concedes in its Opposition that this would be sufficient to permit it to prepare its witness appropriately. See Opp. at n. 3 ("If the Court is so inclined as to broaden its Order, thereby compelling Machado to speak directly with MGA Mexico's designee, MGA Mexico will of course attempt to make its designee completely knowledgeable as to all facts obtained."). There is no bar to such an order. Indeed, MGA Mexico concedes this point by failing to dispute it in its opposition. As noted in Mattel's motion, Machado and Trueba have no cognizable Fifth Amendment rights, and the Court has held that it has jurisdiction over them and ordered them to appear for deposition. (Order dated March 15, 2010, Docket No. 7657; Order dated April 2, 2010, Docket No. 7683.)

### C. The Deposition of Machado Is Insufficient.

MGA Mexico argues that Mattel should be content with deposing Machado. This is the same argument MGA raised on December 8, 2009, before the ***first*** deposition of Lewis Small. It was rejected then, and for good reason. Mattel is entitled to *MGA Mexico's* binding corporate testimony, as a party to this case. See, e.g., Order

---

[5] Even though both irrelevant and mistaken, MGA Mexico seeks to interject Mattel's preparation of Mr. Storie, claiming that his preparation consisted largely of reading depositions of prior witnesses "who had little information to offer." In fact, Mr. Small spoke with 26 witnesses, *in addition* to reviewing portions of 32 volumes of deposition transcripts and thousands of pages of documents. Mr. Storie testified adequately and without objection as to 18 deposition topics. As to the specific issue of Mr. Storie's preparation regarding ownership of the trade secrets, such ownership is governed by contracts and the law. Mr. Storie reviewed those contracts and was prepared to testify on them; MGA's counsel simply chose to spend little time on this "important" topic.

dated July 2, 2007, Docket No. 608 ("The purpose behind Rule 30(b)(6) is to create testimony that will bind the corporation.") (citing Sanders v. Circle K Corp., 137 F.R.D. 292, 294 (D. Ariz. 1991)); Mitchell Engineering v. City and County of San Francisco, 2010 WL 455290, *1 (N.D. Cal. Feb. 2, 2010) ("A 30(b)(6) witness testifies as a representative of the entity, his answers bind the entity and he is responsible for providing all the relevant information known or reasonably available to the entity.") (quoting Sabre v. First Dominion Capital, LLC, 2001 WL 1590544, * 1 (S.D.N.Y. Dec. 12, 2001). And, as the Court has repeatedly affirmed, Mattel is entitled to such testimony based on MGA Mexico's knowledge from all sources reasonably available to it. Order dated February 25, 2010, Docket No. 7575 at 2.[6]

## II. MGA MEXICO CAN AUTHENTICATE ITS EMPLOYEE'S SIGNATURES

MGA Mexico's refusal to authenticate the hard-copy Mattel documents located during the search of MGA Mexico's offices, which were signed by a MGA Mexico employee, is baseless. Mr. Aguirre not only witnessed the search, but signed each page of each hard copy Mattel document before they were removed by the authorities.[7] MGA claims surprise that Mattel wanted MGA Mexico to show Mr. Aguirre the documents he signed. It states that Mattel should have told MGA Mexico it wanted the

---

[6] MGA Mexico claims that Mattel conceded it would be content with testimony from Machado at the last day of Ms. Kuemmerle's testimony as a 30(b)(6) witness. That is incorrect. As is shown by the full quotation, Mattel stated that Mattel's issues with Ms. Kuemmerle's preparation could be resolved with the deposition of a new Rule 30(b)(6) witness scheduled to testify on the following Saturday, namely, Mr. Small:
> MR. COREY: Mattel has -- has some reservations about some of the topics. It's the opinion of counsel collected here that those are issues that can be resolved without the intervention of the discovery master or the court, and may be resolved with the provision of a witness on Saturday to address some of the -- some of the remaining issues may be resolved with the occurrence of some additional testimony by some other witnesses, which may moot some of the concerns that -- that Mattel has.

Kuemmerle 30(b)(6) Depo. Tr., Vol. 3, dated December 9, 2009, at 966:12-22. Unfortunately, as can be seen by the instant motion, Mr. Small was not prepared adequately to resolve Mattel's concerns.

[7] L. Small Depo. Tr., Vol. 5, dated January 15, 2010, at 1281:2-1282:6.

witness prepared this way, and that it cannot be blamed "for not reading Mattel's mind." (Opp. at 7.)  No mind reading was necessary.  During the meet and confer process Mattel specifically requested that Mr. Aguirre, with whom Mr. Small spoke repeatedly,[8] be shown and authenticate the trade secret documents he signed during the search of MGA Mexico's offices:  "Certain obvious deficiencies that Mattel expects MGA Mexico to remedy at the next session include . . . [i]dentification of the documents located during the search, including authentication of Mr. Aguirre's signature upon the hard copy documents located during the search.  Mr. Aguirre is one of the persons interviewed by Mr. Small.  ***He should be able to authenticate his own signature***."[9]  MGA Mexico simply ignored that request.

MGA Mexico also argues that it could not have shown the documents to Mr. Aguirre under the protective order, ignoring that the Court has already rejected MGA's resort to the protective order as a basis to fail to prepare a Rule 30(b)(6) witness.[10]  The Court should reaffirm its Order and require a witness to reappear after speaking with Mr. Aguirre.[11]

### III. **MGA MEXICO'S STATEMENTS REGARDING THE MEXICAN CRIMINAL PROSECUTION ARE INCORRECT AND IRRELEVANT**

MGA Mexico begins its brief with a host of claims regarding the status of the proceedings in Mexico.  These claims are irrelevant since the status of the criminal prosecution has no bearing on MGA Mexico's duties under Rule 30(b)(6).  They also are incorrect.

---

[8] L. Small Depo. Tr., Vol. 4, dated December 12, 2009, at 1040:10-14; L. Small Depo. Tr., Vol. 5, dated January 15, 2010, at 1320:1-14.
[9] Email from J. Corey to W. Molinski, dated March 9, 2009 (emphasis added).
[10] December 17, 2009 Hearing Tr. at 20:18-22:15.
[11] MGA Mexico professes ignorance as to which specific documents signed by Mr. Aguirre that Mattel seeks to have authenticated, even though each of them was already marked as an exhibit at Mr. Small's deposition. Nevertheless, Mattel reiterates these exhibit numbers, to avoid any further confusion: Exhibit Nos. 6461, 6462, 7148-7161.

### A. MGA Mexico Misstates the Findings Regarding Machado's Drive.

MGA Mexico claims that the forensic reports in Mexico are "inconsistent," but that is not the case. Each shows wrongdoing by Machado. MGA asserts that Roy Schwartz, a Mattel employee who performed an initial examination, stated that Machado's "drive was accessible—observing no hardware failure." (Opp. at 2.) In fact, Schwartz found that "***no data was discovered***" on the computer[12] and that the absence of data may have been the result of "***completely erasing data on hard drives***."[13] Schwartz's statement that no hardware failure was observed was simply an observation that it was possible to turn the drive on, not that the drive was actually operational or that any documents could be retrieved from it.[14]

The inability to access any documents from the drives was confirmed in a report by EvidentData—the first conducted by an independent expert—that stated the drive was damaged[15] and that "the cause of the damage . . . is unknown at this time."[16] Accordingly, Mr. Velasquez conducted further analysis to determine whether any files could be recovered and the source of the damage. Mr. Velasquez confirmed that both Mr. Schwartz and EvidentData were correct: The drive was ***first*** wiped of information using downloaded software that could be used to erase evidence, and ***then*** damaged.[17] Put simply, all three forensic reports are consistent, but the first two addressed different problems with the drive.[18] In any case, if MGA Mexico believes there are

---

[12] Report of Roy Schwartz.
[13] Id.
[14] Id.
[15] Evident Data Report.
[16] Id.
[17] Velasquez Report.
[18] MGA also notes that a letter from Tim Lider, a recovery engineer, indicated "12 bad sectors," or corrupted files, within an area of Machado's Mattel hard drive and that these corrupted files were due to "normal use." MGA fails to note that Mr. Lider stated at the beginning of his letter that the hard drive initially displayed an error message and that the corrupted files at issue were not believed to be residing "on any of the logical blocks the client is looking for." It is not clear what MGA

inconsistencies in Mattel's reports, it can submit its own expert testimony on the subject; Mattel has made the drive available to MGA voluntarily. And, if anything, that MGA apparently intends to contest that the computer forensics show evidence of trade secret theft only underscores the importance of obtaining MGA Mexico's binding corporate testimony on how the stolen materials came to be in MGA Mexico's offices. Plainly, allowing MGA Mexico to withhold facts known or available to it, while permitting it to challenge Mattel's evidence, is not only unfair, but contrary to the fundamental purposes of discovery.

### B. Vargas Is Not In Mattel's Control

MGA Mexico accuses Mattel of attempting to "bribe" Vargas with "a complete pardon of the criminal charges in return for favorable testimony" and uses this serious accusation to allege that Mattel is in "[c]ontrol of Pablo Vargas." (Opp. at 3.) The only agreement Mattel has sought is that Vargas tell the truth:

> Q.  Okay. You told Mr. Valencia that once Mr. Vargas testified to the truth in Mexico and the U.S. that Mattel would grant him a pardon?
>
> A   So as long as he would tell the truth.[19]

In any case, negotiations are still ongoing, and no settlement agreement has been reached. Such negotiations do not show control over Vargas—rather, they show continued adversity.

### C. The Status of Proceedings in Mexico is Irrelevant

Lastly, whatever MGA Mexico tries to suggest about the criminal proceedings in Mexico, the fact is this: Machado, Vargas and Trueba are being prosecuted there for

---

believes the document's significance is, but on its face it draws no actual conclusions about the source of the hard drive's problems. See Letter from Tim Lider to Mark Spencer.

[19]  Tiburcio Depo. Tr., dated March 2, 2010, at 491:16-19.

committing crimes in Mexico.[20]  As for Larian and Makabi, while the court refused an arrest warrant as to them, it never made any ruling that exonerated them from having committed criminal activity.[21]

### Conclusion

Consistent with its prior Order, the Court should order MGA Mexico to provide Ms. Kuemmerle to appear for deposition as MGA Mexico's Rule 30(b)(6) designee. Before she appears, the Court should again order MGA Mexico to ensure that she is fully prepared, including without limitation by ordering Machado and Trueba to provide her with any and all information that they have on Topic Nos. 1-3, 5-8 and 27 in the Notice of Deposition before she does and by ordering her to be prepared to authenticate Mr. Aguirre's signature on the documents located during the search of MGA Mexico's offices.

DATED:  April 6, 2010              QUINN EMANUEL URQUHART & SULLIVAN. LLP

By  /s/ Michael T. Zeller
    Michael T. Zeller
    Attorneys for Mattel, Inc.

---

[20] Tiburico Depo. Tr., Vol. 1, dated January 12, 2010, at 72:4-8.
[21] Tiburico Depo. Tr., Vol. 1, dated January 12, 2010, at 22:17-24.  In any case, if the Mexican authorities found no evidence of use, the reason would be quite simple: the Mexican prosecution have not had the discovery which Mattel is seeking here. Indeed, MGA Mexico's 30(b)(6) witnesses have repeatedly testified that no search for Mattel documents or use of Mattel documents has ever been conducted at the offices of MGA Mexico.  If no search was ever conducted, evidence of use necessarily could not be discovered.  In these circumstances, it is hardly surprising that Mexican authorities would not have uncovered such evidence (even assuming the claim is true).  But that MGA Mexico has to date evidently successfully thwarted the Mexican authorities in this regard scarcely supports MGA Mexico's continuing efforts to do the same in this civil proceeding in this Court.