QUINN EMANUEL URQUHART & SULLIVAN, LLP
  John B. Quinn (Bar No. 090378)
  (johnquinn@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:  (213) 443-3000
Facsimile:   (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>MGA ENTERTAINMENT, INC., a California corporation, et al.,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 DOC (RNBx)<br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>Hon. David O. Carter<br><br>MATTEL, INC.'S SUBMISSION REGARDING UNRELEASED PRODUCTS PURSUANT TO ORDER OF THE COURT<br><br>Date:  TBD<br>Time:  TBD<br>Place:  Courtroom 9D<br><br>Phase 2<br>Discovery Cut-off:  TBD<br>Pre-trial Conference:  TBD<br>Trial Date:  TBD |

The Court warned that continued relitigation of decided issues would result in sanctions.[1]  Refusing to heed this or the Court's or Discovery Master's prior rulings rejecting their efforts to obtain discovery into Mattel's unreleased Bratz 2010 products, MGA nevertheless again seeks -- for literally the fourth time -- this same discovery.

The MGA Parties first moved to obtain discovery on Bratz 2010 in a motion to compel in July 2009.  The Discovery Master rejected their request.[2]  The MGA Parties did not seek review of that ruling.  Instead, later at a Saturday session on January 9, 2010, MGA asked that Mattel be compelled to produce documents concerning Mattel's 2010 Bratz.  The Court denied the request and ruled that such information was irrelevant.[3]  Undeterred, the MGA Parties tried to question deponents on unreleased Mattel products.  MGA thus sought to inquire into Bratz 2010 and Monster High at the deposition of Robert Eckert.  The Discovery Master ruled yet again that MGA could not take discovery into Mattel's future plans with respect to unreleased products.[4]  Again, MGA sought no review of that ruling.

Nevertheless, for the fourth time, MGA seeks to relitigate this issue -- and has done so again by asking questions during a deposition in an attempt to end-run the prior rulings.  For its current repeat performance, MGA makes three relevance arguments, each of which should be rejected.  <u>First</u>, MGA alleges that Mattel's plans for its own 2010 Bratz line and for Monster High are relevant to Mattel's claims for damages for lost sales. Mattel does allege damages for lost sales for products such as *BARBIE* and *MY SCENE*, but it has never alleged that it is entitled to lost for its 2010 Bratz line or for Monster High, neither of which has even been released.  Mattel developed a 2010

---

[1] "There are no motions for reconsideration.  My motions are clear, so that nonsense stops also.  Motions for clarification, no.  There is no need to clarify my orders.  Sanctions will follow from this point forward." 3/10/10 Hearing Tr. at 50:3-7.
[2] Docket No. 6591 at 43:3-18.
[3] There was no court reporter present so there is no transcript.
[4] Eckert Depo. Tr., dated February 3, 2010, at 861:25-862:2.

Bratz product line after the jury awarded Mattel the rights to the Bratz intellectual property and did so in reliance on the Court's Orders.  However, Mattel's plans with respect to Bratz 2010 are frozen pending a ruling by the Ninth Circuit, so they have never been sold.  And not only have they not been sold, but litigating Mattel's unrealized plans to launch Bratz products inevitably promises to create a multitude of additional discovery side-shows because Mattel's development was heavily intertwined with this Court's Orders and under the Court-appointed Monitor's oversight.[5]  "Monster High" is another Mattel girls' doll line (based on monster characters) that has not yet been released to market.[6]  Mattel does not allege that MGA's Bratz sales caused a reduction in sales of these unreleased products, so they, too, are irrelevant.

Second, MGA asserts that Mattel's Bratz 2010 plans may show that Mattel would never have released Bratz because it was too "edgy."  Yet again, MGA raises a contention that has previously been rejected by the Court.  In ruling on a motion *in limine*, Judge Larson rejected the relevance of exactly this argument.[7]  For good reason. Whether or not Mattel had chosen to sell its own Bratz dolls, those dolls remained valuable intellectual property that belonged to Mattel, to do with as it saw fit.  MGA's wrongful theft of them is not excused by speculation that Mattel would not have used its property to release a doll, and MGA's purported argument otherwise is irrelevant to the damages that Mattel can obtain.[8]  Thus Mattel can be awarded damages either for the actual loss to Mattel's business—which does not include Monster High and 2010

---

[5] For its part, MGA has declared all communications and matters relating to the Monitor and the Forensic Auditor off-limits in discovery.

[6] Ashbrook Depo. Tr., dated February 3, 2010, at 166:8-13.

[7] Trial Tr. dated May 22, 2008, p.m. session, at 52:19-59:6; Docket No. 3917, at 15; Trial Tr. dated July 18, 2008, at 5161:21-5162:6.

[8] See Unilogic, Inc. v. Burroughs Corp., 10 Cal. App. 4th 612, 626 (Cal. App. 6d. 1992) (plaintiff may "recover damages for the actual loss caused by misappropriation") (citing Cal. Civ. Code § 3426.3); Tri-tron Int'l v. A.A. Velto, 525 F.2d 432, 437 (9th Cir. 1975) (proper measure of damages is "not limited to either plaintiff's loss or defendant's benefit, but includes a combination of both where the circumstances call[] for such, in order to make the plaintiff whole.").

Bratz—or in the amount of MGA's benefit from the stolen intellectual property.[9] Mattel could also be entitled to a "reasonable royalty" independent of either of those calculations.[10] Whether or not Mattel would have sold Bratz is irrelevant to any of those three options.

Last, MGA argues that Bratz 2010 is relevant because it may show how one product may take market share or "cannibalize" other fashion dolls. Yet, the products as to which MGA seeks discovery remain unreleased. As such, they cannot cannibalize anything, and any conclusions regarding whether it might do so in the future are necessarily speculation. MGA should not be permitted to engage in a fishing expedition when the facts it purports to seek cannot yet exist.

Tellingly, MGA itself has refused to produce information about unreleased products. In its recent submission to the Court regarding the Protective Order, MGA states that it need not produce documents related to unreleased products under currently pending discovery, and that such documents may be highly sensitive.[11] Indeed, in prior submissions, MGA has explicitly stated that such documents are the most valuable trade secrets a company may own.[12] MGA should not be permitted to obtain irrelevant information about future Mattel products while simultaneously refusing to produce its own comparable information or argue that such information should be maintained as Attorney's Eyes Only only as to MGA but not Mattel.

MGA's arguments should be again rejected, and MGA should be sanctioned.

---

[9] Id.; see also 2 Jager, Trade Secrets Law § 22.5 (2009).

[10] Cal. Civ. Code § 3426.3 (b); see also Cacique, Inc. v. Robert Reiser & Co., Inc., 169 F.3d 619, 623 (9th Cir. 1999).

[11] See Docket No. 7687 at 2 n.1 ("The MGA Parties are not aware of currently pending discovery that relates to this issue [unreleased products] and therefore notes the issue solely to indicate that such discovery may cause the MGA Parties to ask for limited use of an Attorneys' Eyes Only designation.").

[12] See Declaration of Paula Garcia, dated February 23, 2007, Docket No. 254, at ¶ 4 ("Without question, a toy manufacturer's unreleased toy concepts, *i.e.*, those that have not been made public, are among its most highly valuable trade secrets.").

| | | |
|---|---|---|
| 1 | DATED: April 8, 2010 | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
| 2 | | |
| 3 | | By  /s/ Michael T. Zeller |
| 4 | | Michael T. Zeller |
| | | Attorneys for Mattel, Inc. |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

00505.07975/3432648.1

-4-
MATTEL'S SUBMISSION ON UNRELEASED PRODUCTS