UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

Case No.   CV 04-9049 DOC (RNBx)                                              Date: April 10, 2010

Title: MATTEL, INC. v. MGA ENTERTAINMENT, INC.

---

DOCKET ENTRY
[I hereby certify that this document was served by first class mail or Government messenger service, postage prepaid, to all counsel (or parties) at their respective most recent address of record in this action on this date.]
                                                                    Date:_____ Deputy Clerk: _____

---

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

Nancy Boehme                                          Not Present
Courtroom Clerk                                       Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:   ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT                                          NONE PRESENT

---

PROCEEDING (IN CHAMBERS): ORDER SUSTAINING MGA PARTIES' OBJECTIONS TO RECOMMENDATION 5 OF JANUARY 21, 2010 ELECTRONIC SPECIAL DISCOVERY MASTER R&R

   Before the Court is MGA Entertainment, Inc. and Issac Larian (collectively the "MGA Parties") Objections to Recommendation 5 of the Electronic Discovery Special Master's January 21, 2010 Report and Recommendation (the "Objections"). The Court finds the matter appropriate for decision without oral argument. Fed R. Civ. P. 78; Local R. 7-15. After considering the moving, opposing, replying, and supplementary papers, the Court SUSTAINS IN PART AND OVERRULES IN PART the Objections.

   The instant dispute concerns the following language in the Electronic Discovery Special Master's January 21, 2010 Report and Recommendation:

> Isaac Larian is the CEO of MGA. Pursuant to an earlier Court Order Larian produced his hard drive for inspection by Mattel consultant, but the consultant was denied access to the active files on the drives. There is a

---

protective order in place that limits the disclosure and use of the data recovered from any inspection by Mattel's consultant. The Special Master will recommend MGA be given the option of allowing Mattel's ESI consultant to conduct an inspection of the Issac Larian hard drives without limiting access in any way. If this option is not acceptable to MGA then the hard drives should be submitted to the Court-appointed expert for forensic examination in compliance with the protocol agreed to in the letter of May 12, 2009, from counsel for Mattel (Jon Corey) to counsel for MGA (Lance A. Etchevery).

See January 21, 2010 R&R, ¶ 5.

The MGA Parties objected to paragraph 5 on the grounds that a time consuming and costly review of the active files on Larian's hard drive necessarily precedes the submission of the hard drive either to Mattel or to the Court-appointed expert. In a February 27, 2010 Order, the Court directed the parties to submit additional briefing as to whether the MGA Parties had already conducted such a review of the active files and, if not, why such review had not yet been conducted. The MGA Parties responded that "[b]ecause of the number of prior law firms and attorneys within those firms who were involved in collecting and producing documents, current counsel cannot presently certify exactly what was done, or most pertinently, that each and every one of the files on the hard drives was subjected to some collection and review technique." See MGA Supplemental Brief at 6. The MGA Parties further represented their willingness to subject the Larian hard drive to a search after using mutually agreed upon search terms.

The Court is unaware of whether such discovery has been completed but, suffice to say, the difficulties of contacting former counsel is no excuse for the failure to conduct the active files to a relevance review as well as a privilege review. In addition, the MGA Parties failure to even provide the Court with a conclusion as to whether the active files have been reviewed, and relevant documents thereafter produced, is corrosive to the transparency of the discovery process. As Mattel has noted, several former Mattel employees' hard drives have been surrendered for forensic analysis – e.g., Machado, Vargas, Trueba, Castilla, and Brisbois – and in a recent Report and Recommendation, the Electronic Discovery Special Master suggested that Mattel's principal's hard drive may be analyzed as well.

Based on the limited declarations attached to the parties' submissions, the Court reaches the following conclusions. First, reviewing an active file whose contents have been partially deleted will not provide the reviewer with knowledge of deletion any more so than a system-generated file. Mattel has produced no evidence of spoliation of active files on the basis of system generated files. Second, the protocol described in the MGA Parties' supplementary briefing – that was purportedly agreed to between junior counsel for Mattel and lead counsel for MGA – seems to provide a perfectly acceptable means to preclude the MGA Parties from rebutting claims of spoliation by arguing that the

MINUTES FORM 11 DOC  
CIVIL - GEN

Initials of Deputy Clerk __nkb__  
Page 2 of 3

allegedly spoliated files remain in the hard drives active files. Third, a review of the hard drives for "relevant" information is unduly burdensome to the Electronic Discovery Special Master and to the Court in the event of an appeal. The MGA Parties shall submit to Mattel and the Court the list of search terms they intend to use when reviewing the Larian hard drive. Mattel shall submit its own list, preferably in "red line" copy form within twenty four hours. Fourth, the existence of spoliation-enabling software may provide the circumstantial evidence that warrants an eventual forensic analysis of the active files on the Larian hard drive.

Accordingly, the Court hereby ORDERS as follows:

1. On or before April 16, 2010, the MGA Parties shall submit all non-privileged files already discovered as a result of the ongoing "process" described in page 6 of their supplementary brief. The MGA Parties shall also produce, on or before April 16, 2010, a privilege log that lists all documents already subject to review that have been marked as privileged;

2. On or before April 15, 2010 at 12:00 p.m. PST, the MGA Parties shall submit to the Court a list of proposed search terms for the active files on Larian's hard drive. Mattel shall submit a list of competing search terms, that identifies those search terms unique to Mattel's list in "red-line" copy form, on or before April 16, 2010 at 12:00 p.m. PST;

3. The MGA Parties shall produce the Larian hard drive to the Court-appointed expert for forensic examination on or before April 19, 2010 at 12:00 p.m. The Court-appointed expert shall conduct a review of the hard drive only for evidence of the present or prior existence of spoliation-enabling software and shall submit a report to the Court as to this issue on or before April 24, 2010 at 12:00 p.m. PST;

4. On or before April 21, 2010, the parties shall conduct the "protocol" identified between page 8:27 and page 9:12 of the MGA Parties' supplementary briefing and, by written stipulation, shall apprise the Court of their progress in completing the protocol.

5. The MGA Parties' *ex parte* Application at Docket 7641 is VACATED AS MOOT.

The Clerk shall serve this minute order on all parties to the action.