MELINDA HAAG (State Bar No. 132612)
mhaag@orrick.com
ANNETTE L. HURST (State Bar No. 148738)
ahurst@orrick.com
WARRINGTON S. PARKER III (State Bar No. 148003)
wparker@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
405 Howard Street
San Francisco, CA 94105-2669
Tel: (415) 773-5700/Fax: (415) 773-5759

WILLIAM A. MOLINSKI (State Bar No. 145186)
wmolinski@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA 90017
Tel. (213) 629-2020/Fax: (213) 612-2499

THOMAS S. MCCONVILLE (State Bar No. 155905)
tmcconville@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
4 Park Plaza, Suite 1600
Irvine, CA 92614-2258
Tel: (949) 567-6700/Fax: (949) 567-6710

Attorneys for MGA Parties

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | Case No. CV 04-9049-DOC (RNBx)<br><br>Consolidated with:<br>Case No. CV 04-9059<br>Case No. CV 05-2727<br><br>Hon. David O. Carter<br><br>**MGA'S RESPONSE TO THE SUPPLEMENTAL DECLARATION OF MICHAEL T. ZELLER IN SUPPORT OF MATTEL'S OBJECTIONS TO DISCOVERY MASTER ORDER NOS. 89 AND 91** |

## INTRODUCTION

Mattel argues in the supplemental declaration of Mr. Zeller that it need not comply with DM Order 89/91 as to more than 190 of MGA's document requests because MGA has agreed to narrow the scope of its affirmative claims for trial.[1] Mattel ignores the fact that many of these requests pertain to MGA's narrowed affirmative claims. But, more fundamentally, Mattel ignores the fact that its own expansive claim for damages puts virtually all of these requests squarely at issue. As to those specific remaining requests that Mattel has identified that pertain only to now-withdrawn affirmative claim allegations, MGA hereby withdraws such requests, as set forth in Exhibits 5-10 attached to the Declaration of Sugithra Somasekar In Support of MGA's Response To the Supplemental Declaration of Michael T. Zeller ISO Mattel's Objections to Discovery Master Order Nos. 89 and 91 (hereafter "Somasekar Decl.").

Mattel claims damages in the form of lost profits, reasonable royalty, lost opportunity, disgorgement of profits, restitution, and/or unjust enrichment. Mattel's vast damages claim puts squarely at issue many of Mattel's and MGA's products, product development, marketing approaches, and financial performance. For example, Mattel's lost profits damages claim encompasses nearly every product line sold by Mattel for the last ten years including My Scene, Diva Starz, Little Mommy, Flavas, and Acceleracers. Similarly, Mattel's claim of lost opportunity damages makes relevant Mattel's deliberations and decision-making regarding its product development, marketing, and market research and analysis between 1998 and 2006. As this Court has recognized: "…Mattel's product development and marketing approach throughout the 1990s: the segment of consumers targeted by Mattel and the product image inculcated by Mattel as well as Mattel's prior

---

[1] Paragraphs 3 and 4 of the Supplemental Declaration are irrelevant, inaccurate, and should be stricken. To correct the record, after repeated attempts to have Mattel prioritize and winnow its more-than 130 topics for the MGA 30(b)(6) deposition, and having received no response, MGA used its best judgment to prioritize topics, provided Mattel with notice, and prepared its witnesses accordingly.

1  willingness to put forth products that required deviations from established
2  approaches, are directly relevant to claims at issue." 4/9/2010 Order at 3.  Because
3  Mattel's decision-making regarding its own doll products and its analysis of the
4  fashion doll market between 1998 and 2006 – including Mattel's analysis and
5  comparison of its own doll products to Bratz – provides insight into how Mattel
6  would (or would not) have pursued a "but for" opportunity with Bratz, MGA's
7  requests are clearly relevant to defending against Mattel's damages claim.

Given the breadth of Mattel's damages claim, the vast majority of the pending requests compelled by Order Nos. 89 and 91 are plainly relevant to defending against Mattel's claim for damages, as well as to MGA's remaining affirmative claims.  Thus, there exists no basis to relieve Mattel of its production obligations on these requests or to disturb DM Orders 89 and 91.

## ARGUMENT

### A. Mattel's Damages Claims Include Lost Profits For Numerous Product Lines and Loss of Opportunity In Relation to Bratz.

Mattel has asserted a wide-ranging claim for damages in support of its Phase II trade secret misappropriation counterclaim that encompasses at a minimum: (1) value of its assets allegedly misappropriated; (2) lost profits; (3) damages for actual loss; (4) restitution; (5) unjust enrichment; (6) reasonable royalty; and (7) loss of market share.[2]  Similarly, Mattel has asserted an expansive damages claim for alleged violations of RICO by MGA including lost profits for criminal copyright infringement and trade secret misappropriation.[3]  Mattel's lost profits damages claim implicates nearly its entire product line for more than a decade and specifically includes products including My Scene, Diva Starz, Little Mommy, Flavas, and Acceleracers.[4]  In addition, Mattel also alleges that it has suffered harm

---

[2] *See* 10/9/09 Mattel's Corrected Supplemental Responses to MGA's First Set of Phase 2 Interrogatories attached hereto as Ex. 1 to Somasekar Decl. at 3-4 (Supp. Response to Interrogatory No. 3).
[3] *See* Somasekar Decl. Ex. 1 at 24-27 (Supp. Response to Interrogatory No. 6).
[4] *See* Somasekar Decl. Ex. 1 at 9-12 (Supp. Response to Interrogatory No. 7, 8) (identifying documents listing Mattel products harmed by MGA's sale of Bratz line

- 2 -

MGA RESPONSE TO MATTEL SUPPLEMENT FILING RE:
ORDER NOS. 89 AND 91
CV 04-9049 DOC (RNBx)

from a "loss of opportunity" – namely, the "profits Mattel would have made had it known of its rights in Bratz."[5]  In fact, Mattel's CEO, Robert A Eckert, testified just last week that Mattel has been harmed because it lost an opportunity to benefit from Mr. Bryant's work on Bratz.[6]  As this Court recently recognized, Mattel's contemporaneous analysis of the fashion doll as well as Mattel's product development and marketing approaches throughout the 1990s are directly relevant to the damages claim it now pleads.  4/9/10 Order at 3.

### B. Given The Breadth of Mattel's Damages Claims, Most of the Mattel-Challenged Requests Remain Relevant.

Mattel's broad damages claim puts at issue virtually all of the requests that Mattel now says are moot.

MGA's pending requests seeking documents regarding the design and product development of My Scene, Diva Starz, Flavas, or Glamermaids are relevant to defending against Mattel's claim for damages based on its alleged "loss of opportunity."  For example, Mattel's decision on whether to incorporate or reject certain features as being too "edgy" in the design or development of its My Scene or Flavas or Diva Starz, is relevant to how Mattel may have valued or developed the Bratz line of dolls and is directly relevant to its "loss of opportunity" claim.  Mattel now challenges requests that pertain directly to this issue, a sample of which are set forth below:

**9049 Request 1**.  All DOCUMENTS REFERRING OR RELATING TO the origins or sources of inspiration of "MY SCENE" including, without limitation, the purpose for which "MY SCENE" products were created.

**9049 Request 2**.  All DOCUMENTS REFERRING OR RELATING

---

of dolls and products); Ex. 2 at 14-16 (identifying My Scene, Diva Starz, and Flavas as allegedly harmed products); Ex. 3 at 17-22 (identifying My Scene, Little Mommy, and Acceleracers as allegedly harmed products).
[5] Somasekar Decl. Ex. 1 at 7-8 (Supp. Response to Interrogatory No. 6).
[6] *See* 2/22/2010 Eckert Depo. attached hereto as Ex. 4 to Somasekar Decl. at 24-25

1  TO the initial design and development of "MY SCENE" dolls as
2  identified in paragraph 34 of the COMPLAINT, including but not
3  limited to design drawings, sculpts, internal memos, MARKET
4  RESEARCH, and approval memos.

5  **9049 Request 18**. All DOCUMENTS REFERRING OR RELATING
6  TO any "BRATZ" product or theme as an inspiration or factor in the
7  development of any "MY SCENE" product.

8  **9049 Request 23**. All DOCUMENTS REFERRING OR RELATING
9  TO whether the appearance of "MY SCENE" copies, replicates, or in
10  any way imitates the appearance of "BRATZ."

11  **9049 Request 748**. All DOCUMENTS REFERRING OR
12  RELATING TO the design, development, conception, creation, origins
13  or sources of inspiration for the GLAMERMAIDS, including, without
14  limitation, the purpose for which GLAMERMAIDS were created and
15  whether BRATZ was a source of inspiration for or factor in the
16  development of GLAMERMAIDS.

17  **9049 Request 749**. All DOCUMENTS REFERRING OR
18  RELATING TO the decision to discontinue development of or not to
19  sell GLAMERMAIDS.

20  **9049 Request 751**. All DOCUMENTS REFERRING OR RELATING
21  TO the selection, approval process, design and development of the
22  GLAMERMAIDS products and themes, including but not limited to
23  any design drawings, MARKET RESEARCH, and product approval
24  memos.

25  **9059 Request 69**. All DOCUMENTS discussing, mentioning,
26  referring or relating to any MATTEL desire, plan, idea, decision, goal,
27  or objective to copy, imitate, replicate, emulate, duplicate or mimic
28  BRATZ.

1   As the Court has previously recognized, Mattel's product development,
2 marketing approach, segment of consumers targeted by Mattel, product image
3 inculcated by Mattel, as well as Mattel's willingness to put forth products with
4 deviations from established approaches are directly relevant to the claims at issue.
5 4/9/2010 Order at 3. Because Mattel's challenged requests are directly relevant to
6 these precise topics, Mattel's claim of mootness should be rejected.

7   Likewise, MGA's requests seeking documents related to Mattel's marketing,
8 market research, and financial information My Scene, Diva Starz, Flavas, Little
9 Mommy, or Accelerators are relevant to defending against Mattel's damages claim
10 because Mattel has claimed that it has suffered harm and lost profits for each of
11 these products. A handful of now-challenged RFPs that are plainly relevant to
12 Mattel's claim for lost profits damages are set forth below:

13   **9049 Request 13**. All DOCUMENTS REFERRING OR RELATING
14   TO any MARKET RESEARCH, projections or plans pertaining to the
15   release of "MY SCENE" to the market.

16   **9049 Request 70**. All studies, analyses, presentations or
17   investigations, including internal studies, analyses, presentations or
18   investigations, REFERRING OR RELATING TO actual or potential
19   market competition between "MY SCENE" and "BRATZ."

20   **9049 Request 399**. DOCUMENTS sufficient to determine total sales,
21   revenue, royalties, costs of goods' sold and any other costs attributable
22   to net profits REFERRING OR RELATING TO
23   "ACCELERACERS."

24   **9049 Request 408**. DOCUMENTS sufficient to determine total
25   sales, revenue, royalties, costs of goods sold and any other costs
26   attributable to net profits REFERRING OR RELATING TO "LITTLE
27   MOMMY."

28   **9049 Request 653**. DOCUMENTS sufficient to determine total sales,

1  revenues, royalties, costs of goods sold and any other costs attributable
2  to net profits REFERRING TO OR RELATING TO each
3  ACCELERACERS product, broken down by SKU #, from 2001 to the
4  present.
5  **9049 Request 654**.  DOCUMENTS sufficient to determine total sales,
6  revenues, royalties, costs of goods sold and any other costs attributable
7  to net profits REFERRING TO OR RELATING TO each LITTLE
8  MOMMY product, broken down by SKU #, from 2001 to present.
9  Each of these requests is directly relevant to defending against Mattel's lost
10 profits claim unless and until Mattel narrows the scope of its products that have
11 been allegedly harmed by MGA.
12 Finally, in addition to defending against Mattel's wide-ranging damages
13 claim, many of MGA's pending requests continue to be relevant to MGA's trade
14 dress claims as to trapezoidal packaging and Forever Best Friends.  For example,
15 9049 Requests 10, 11, 18, 20, 23, 79, and 556 as well as 9059 Requests 17, 69, and
16 114 each bear directly on MGA's remaining affirmative claims, including trade
17 dress infringement of its trapezoidal packaging and of its 4-Ever Best Friends
18 product line.  In fact, Mattel concedes that a number of the requests compelled by
19 Orders No. 89/91 "concern minor aspects of surviving [affirmative] claims as
20 well,"[7] but nonetheless seeks to be relieved of its discovery obligation with respect
21 to these requests.  Because these requests remain relevant to MGA's pending
22 affirmative claims, there is no basis for the Court to relieve Mattel of its ongoing
23 discovery obligations.

---

[7] Supplemental Declaration of Michael T. Zeller In Support of Mattel's Objections to Discovery Master Order Nos. 89 and 91 at 6.

## CONCLUSION

For the foregoing reasons, 168 requests of the 194 requests listed by Mattel are not rendered moot and Mattel should not be relieved of its production obligations on these requests.

Respectfully submitted,

Dated: April 13, 2010                ORRICK, HERRINGTON & SUTCLIFFE LLP

By:      */s/ Sugithra Somasekar*
         Sugithra Somasekar
         Attorneys for MGA Parties