UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No. CV 04-9049 DOC (RNBx)                                         Date: April 12, 2010

Title: MATTEL, INC. v. MGA ENTERTAINMENT, INC.

---

DOCKET ENTRY
[I hereby certify that this document was served by first class mail or Government messenger service, postage prepaid, to all counsel (or parties) at their respective most recent address of record in this action on this date.]
                                                                Date:_____   Deputy Clerk: _____

---

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

    Nancy Boehme                                              Not Present
    Courtroom Clerk                                          Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:    ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT                                                 NONE PRESENT

---

PROCEEDING (IN CHAMBERS): ORDER GRANTING IN PART AND DENYING IN PART MOTION TO COMPEL PRODUCTION OF DOCUMENTS RELATED TO MGA'S INTERNAL TRADE SECRET INVESTIGATIONS

    Before the Court is Mattel, Inc. ("Mattel")'s Motion to Compel Production of Documents Related to MGA's Internal Trade Secret Investigations (the "Motion"). The Court finds the matter appropriate for decision without oral argument. Fed R. Civ. P. 78; Local R. 7-15. After considering the moving, opposing, and replying papers, and for the reasons stated below, the Court GRANTS IN PART AND DENIES IN PART the Motion.

**I.      Background**

    Mattel alleges that MGA, MGA's employees, and the subsidiaries of MGA's employees engaged in the widespread theft of trade secrets, including most notably, the knowing theft of trade secrets documents from Mattel's offices in Mexico. Due in large part to a criminal investigation against former MGA de Mexico employees Gustavo Machado, Jorge Castilla, Mariana Trueba, and Pablo

Vargas, Mattel has not obtained meaningful discovery from these employees during depositions. However, based on Larian's deposition testimony, Mattel claims that MGA conducted internal investigations to "determine whether any of MGA's employees have ever taken or obtained Mattel's trade secrets." Specifically, Mattel relies upon the following Larian deposition testimony:

> Q   What investigation are you aware of?
>
> A   I know that our lawyers – can I disclose that?
>
>    Ms. Hurst   No. You can't disclose that.
>
> Q   Let me – without necessarily agreeing that that's appropriate, let me try it a different way. Have you been personally involved in any investigation to determine whether any of your employees have taken or obtained Mattel trade secrets?
>
> A   Besides directing our legal department, no.
>
> Q   And when you say directing the legal department, are you talking about the in-house legal department?
>
> A   Both in-house and out-house, using Judge Carter's definition.

*See* December 10, 2009 Larian Deposition Tr., at 667-68.

Larian later stated that he believed that he instructed his in-house and outside counsel to conduct an investigation into whether Jorge Castilla and Jeanine Brisbois misappropriated documents that Mattel claims were trade secrets. *See id.* at 669-72 ("I told these people specifically not to bring anything to MGA when they come [sic], and I wanted to know if [Brisbois, Vargas, and Machado] had followed that direction or not."). Mattel claims that MGA Canada's 30(b)(6) designee likewise testified that MGA and/or MGA Canada conducted an investigation to determine whether employee Jeanine Brisbois misappropriated Mattel's claimed trade secrets. Mattel did not file a transcript of the testimony of MGA Canada's 30(b)(6) designee with this Court.

   II.   Discussion

By its Motion, Mattel argues, *inter alia*, that the investigations conducted by inside and outside counsel should be disclosed because Larian has a history of invoking reliance on counsel's advice as a defense during trial. Mattel's argument is a non sequitur. Reliance on the trade secret investigations cannot possibly provide Larian with a defense with respect to Mattel's misappropriation of trade secret claims. Larian himself admitted that the "investigations" occurred *after* Mattel filed the

instant lawsuit.  Advice of counsel delivered after the act at issue is insufficient to rebut knowledge, intent, or, as far as Mattel's allegations are concerned, a willful scheme to misappropriate Mattel's trade secrets.  In any event, should MGA and/or Larian later invoke their reliance upon these investigative reports for some unknown purpose, the Court can address the consequences of such a decision at that time.

       The Court need not determine whether the investigative reports and associated materials are protected by the attorney-client privilege, a factual determination as to which the record is presently insufficient.  Notwithstanding the sweeping subject headings in Mattel's briefs, which do not appear to correspond to the argument ultimately made, Mattel does not meaningfully dispute that the investigative reports are protected by the work product doctrine.  Indeed, Mattel's Motion would have been hopelessly vague if that were not the case, since the only basis for Mattel's Motion is Larian's testimony that inside and outside counsel prepared the reports in connection with the instant litigation.  The Court's inquiry ends there, as Mattel has failed to make the showing of need that is a prerequisite to the disclosure of non-opinion work product.  The "investigative reports" summarize counsel's interviews of Machado, Vargas, Trueba, Brisbois, and possibly Castilla.  This Court has already compelled Machado and Trueba to provide responsive deposition testimony and Mattel has deposed Brisbois.  While Vargas has not yet provided responsive deposition testimony, that is the result of the manner in which Mattel has participated in the Mexican criminal prosecution of Vargas.  In other words, under either a privilege analysis of work product analysis, Mattel is not being denied access to the underlying facts at issue.  *Upjohn Co. v. United States*, 449 U.S. 383, 395, 101 S.Ct. 677 (1981)

       The cases upon which Mattel relies do not advance Mattel's argument.  *Elliott v. Webb* involved an application of the executive privilege, which is concerned with the public interest and not the uninhibited communication between an attorney and client and/or the attorney's interest in preparing work product without risk of disclosure.  *See* 98 F.R.D. 293, 296-97 (D. Idaho 1983).  *E.E.O.C. v. Safeway Store, Inc.*, No. C-00-3155 THE (EMC), 2002 WL 31947153 (N.D. Cal. Sept. 16, 2002), is factually distinguishable as that court found that "the documents do not appear to involve any communications between Safeway as client and its counsel for the purpose of obtaining or providing legal advice."  *Id.* at *4.  But even *E.E.O.C.* recognized that a showing of need must precede the disclosure of non-opinion work product.  *Id.* at *6-7.  *Doan v. Astrue*, No. 04cv2039 DMS (RBB), 2009 WL 3246776 (S.D. Cal. Oct. 6, 2009) stands for the unremarkable proposition that interrogatory responses must reveal all factual information known to the party, even if those facts were gathered by an attorney.  *See id.* at *3.  Here, the Court is not restricting Mattel's ability to seek discovery as to the facts underlying its misappropriation of trade secret claims; the production of work product is simply the wrong avenue for the discovery of these underlying facts.  And Mattel's remaining authorities recognize that a showing of need must precede the disclosure of non-opinion work product.  *See Admiral Ins. Co. v. U.S. Dist. Court for Dist. Of Arizona*, 881 F.2d 1486 (9th Cir. 1989); *Carter-Wallace, Inc. v. Hartz Mountain Indus., Inc.*, 553 F. Supp. 45, 50-51 (S.D.N.Y. 1982); *In re Grand Jury Subpoena*, 81 F.R.D. 691, 695 (S.D.N.Y. 1979); *Burlingame v. County of Calaveras*, 2007 WL 2669523, at *3 (E.D. Cal. Sept. 7, 2007) (granting motion for reconsideration and modifying magistrate

judge's order compelling production of redacted versions of investigation reports) (citing *Castle v. Sangamo Weston, Inc.*, 744 F.2d 1464, 1467 (11th Cir. 1984); *In re International Systems & Controls Corp.*, 693 F.2d 1235, 1240-41 (5th Cir. 1982); *Maloney v. Sisters of Charity Hosp.*, 165 F.R.D. 26, 30-31 (W.D. N.Y. 1995); *In re Air Crash Disaster at Sioux City*, 133 F.R.D. 515, 520-21 (N.D. Ill. 1990)).[1]

Mattel argues that it cannot use alternate means of discovery because "MGA consistently has impeded Mattel's attempts to obtain evidence to prove its trade secret theft claims, including through repeated invocations of the Fifth Amendment and stonewalling at 30(b)(6) depositions on these issues." Mattel conveniently ignores the reason why discovery has progressed slowly on this issue. Though the Court has ruled that the Fifth Amendment is unavailable to Machado and Trueba, the criminal prosecutions of Machado, Trueba and Vargas, in which Mattel is the complaining witness, are the impetus for the "stonewalling." And Mattel offers no reason why the upcoming depositions of Trueba and Machado, coupled with Mattel's on-going settlement discussions with Vargas, will be insufficient to satisfy its discovery needs.

To the extent that the investigative reports contain facts generated from other sources, the Court reminds MGA and MGA de Mexico that 30(b)(6) designees should be apprised of all facts known by or reasonably available to the corporate entity as to the topics on which they are noticed to be deposed. And to the extent that the investigative reports relied upon documents not yet made available to Mattel, MGA and MGA de Mexico are reminded that Mattel's existing requests for production already encompass such documents.

Accordingly, the Motion is **GRANTED IN PART AND DENIED IN PART** and the Court ORDERS as follows:

1. MGA shall produce to Mattel on or before April 15, 2010 any not yet produced responsive documents uncovered during or in connection with the purported internal investigations at issue that are not independently privileged – *i.e.*, the fact that the documents were discovered during an investigation conducted by counsel does not render the documents privileged;

2. With the exception of Mattel's request for the production of documents uncovered during or in connection with the internal investigations, Mattel's Motion is

---

[1] In footnote two to its reply, Mattel notes that the Discovery Master tentatively permitted inquiry of MGA's 30(b)(6) designee on the issue of "what facts . . . were gleaned from the investigation." The instant Motion does not concern the investigation but the investigative reports and supplementary documentary materials. To the extent that MGA discovered facts about the underlying trade secret allegations during these investigations, those facts – as well as the source of such facts – are properly discoverable.

DENIED WITHOUT PREJUDICE pending the forthcoming depositions of Machado and Trueba.

The Clerk shall serve this minute order on all parties to the action.