MELINDA HAAG (Bar No. 132612)
mhaag@orrick.com
ANNETTE L. HURST (Bar No. 148738)
ahurst@orrick.com
WARRINGTON S. PARKER III (Bar No. 148003)
wparker@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105
Telephone:  +1-415-773-5700
Facsimile:   +1-415-773-5759

WILLIAM A. MOLINSKI (Bar No. 145186)
wmolinski@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA 90017
Telephone:  +1-213-629-2020
Facsimile:   +1-213-612-2499

THOMAS S. MCCONVILLE (State Bar No. 155905)
tmcconville@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
4 Park Plaza, Suite 1600
Irvine, CA 92614-2258
Tel: (949) 567-6700/Fax: (949) 567-6710

Attorneys for the MGA Parties for Phase 2

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED CASES | CASE NO.  CV 04-9049 DOC (RNBx)<br><br>Consolidated with Case No. CV 04-09059 and Case No. CV 05-02727<br><br>Honorable David O. Carter<br><br>**MGA ENTERTAINMENT, INC.'S RESPONSE TO COURT ORDER DATED APRIL 7, 2010 (DKT. NO. 7709) RE ISAAC LARIAN'S HARD DRIVES** |

The MGA Parties hereby respond to paragraph 2 of the Court's Order Dated April 7, 2010 (Docket No. 7709) regarding MGA's proposed keyword search terms for the Larian Hard Drives.

The user generated content on the Larian Hard Drives associated with Isaac Larian's user accounts is comprised almost exclusively of e-mail and e-mail attachments. The number of unique documents associated with the Larian user credentials on those hard drives independent of the e-mail and e-mail attachments found in the .PST files is less than 1,000. Current counsel for MGA is in the process of gathering all of those documents anew for review and production without regard to any particular keyword terms. As noted in the March 15, 2010, submission, Dkt. No. 7651, we are also in the process of reviewing the remaining documents previously withheld as privileged that we had not already reviewed, in order to confirm whether privilege should continue to be asserted with respect to those documents. This takes care of all of the non-email documents associated with the Larian Hard Drives.

As recognized by the Court, the enormous volume of Mr. Larian's e-mail necessitates keyword limitations rather than a global review to the extent Mattel has established any entitlement to and wishes to pursue further review to confirm adequacy of prior productions. As the Court will recall, MGA has already produced more than 33,000 documents from the custody of Mr. Larian and another 90,000 documents from other custodians which include the keywords "Isaac" or "Larian" within searchable text produced by MGA. MGA's total page count in its production of documents exceeds six million pages. It therefore remains MGA's view that no further review is necessary or appropriate, but MGA is willing to undertake such a review based on reasonable keywords as previously indicated.

Prior to March 9, 2010, when the Court ordered the parties who were present in person before it at that time to exchange keyword lists (MGA's list was for the Bousquette hard drive, and Mattel's list for the Larian Hard Drives), Mattel had

repeatedly declined to supply MGA with any keyword list despite its invitations to do so. Mattel apparently prefers to continue accusing MGA of inadequate production rather than to define the terms of a review that would be sufficient in its view. Since March 9, Mattel has not further pursued the list that it provided in Court. Nonetheless, both before and after March 9, current counsel for MGA has undertaken significant efforts to produce documents ourselves and to confirm the adequacy of prior productions.

Here are the steps we have taken:

1. we have keyword searched all of Mr. Larian's email from January 1, 2000 through December 31, 2002 for "Carter," "Bryant" and "sophiesays" (an email address associated with Mr. Bryant) and have confirmed that all documents responsive to such searches were already produced;

2. we have gone back to the original document collection database created by prior counsel and have produced all versions of any part of the O'Connor e-mail thread found there, including all duplicates;

3. we are again collecting all versions of any part of the O'Connor e-mail thread from the *original media* of relevant custodians and are in the process of producing all of those not already found as a result of the process described in item 2, including all duplicates;

4. we have searched Mr. Larian's e-mail (amongst other sources) for all documents responsive to the following keywords and have reviewed and produced as appropriate the documents with hits upon such keywords:[1]

    a. Omni from January 1, 2007 to present;

    b. Moinian from January 1, 2007 to present;

    c. Gozini from January 1, 2007 to present;

---

[1] In detailing these key terms, the MGA Parties do not intend to waive attorney work product. However, the MGA Parties believe that disclosure of these keywords is mandated by the order to ensure the MGA Parties' compliance with that order.

d. Neman from January 1, 2007 to present;

e. Lexington (without insurance) from January 1, 2007 to present;

f. Gold Leaf from January 1, 2007 to present;

g. Vision w/2 Capital from January 1, 2007 to present;

h. Kadisha from January 1, 2007 to present;

i. Nazarian from January 1, 2007 to present;

j. Sadkin from January 1, 2007 to present;

k. Elahe from January 1, 2007 to present;

l. Pezeshikifar from January 1, 2007 to present;

m. AG Charitable Trust from January 1, 2007 to present;

n. AG w/5 Trust from January 1, 2007 to present;

o. Toybox from January 1, 2007 to present;

p. Toy Box from January 1, 2007 to present;

q. Wachovia from January 1, 2007 to present;

r. Mesirow from January 1, 2007 to present;

s. "Asset Based Lending" from January 1, 2007 to present;

t. Lawton w/2 Bruce from January 1, 2007 to present;

u. Laughton w/2 Bruce from January 1, 2007 to present;

v. Mohammed from January 1, 2007 to present;

w. Mohammed and ABL from January 1, 2007 to present;

x. Union Bank from January 1, 2007 to present;

y. Comerica from January 1, 2007 to present;

z. Geoff w/ Matthews from January 1, 2007 to present;

aa. Wells Fargo Bank from January 1, 2007 to present;

bb. Wells Fargo from January 1, 2007 to present;

cc. G.E. Capital from January 1, 2007 to present;

dd. Goldman Sachs from January 1, 2007 to present;

ee. Peacock from January 1, 2007 to present;

1       ff. Adeja from January 1, 2007 to present;

2       gg. Bank of Ireland from January 1, 2007 to present;

3       hh. Imperial Capital from January 1, 2007 to present;

4       ii. Stern w/2 Allen from January 1, 2007 to present;

5       jj. Bank of America from January 1, 2007 to present;

6       kk. B of A from January 1, 2007 to present;

7       ll. BofA from January 1, 2007 to present;

8       mm. Bear Sterns from January 1, 2007 to present;

9       nn. Moelis from January 1, 2007 to present;

10       oo. Sheon from January 1, 2007 to present;

11       pp. Karol from January 1, 2007 to present;

12       qq. Kane w/2 Andy from January 1, 2007 to present;

13       rr. Houlihan from January 1, 2007 to present;

14       ss. Scott Miller from January 1, 2007 to present;

15       tt. J.P. Morgan from January 1, 2007 to present;

16       uu. M&A Capital from January 1, 2007 to present;

17       vv. M&A w/20 Capital from January 1, 2007 to present;

18       ww. Tom Murphy from January 1, 2007 to present;

19       xx. M&A and Murphy from January 1, 2007 to present;

20       yy. Winston from January 1, 2007 to present;

21       zz. Reinenture from January 1, 2007 to present;

22       aaa. Kibel Green from January 1, 2007 to present;

23       bbb. Comerica from January 1, 2007 to present;

24       ccc. Union Bank from January 1, 2007 to present.

25    MGA understands this current inquiry to be for the purpose of confirming, in

26 light of Orrick's inability to certify, all steps taken by prior counsel and to produce

27 any documents found in the event such searches turn out to be inadequate. Given

28 the huge volume of documents already produced, MGA respectfully suggests that

under such circumstances, any initial set of additional search terms should be limited to an initial ten (10) test terms different from those that we are already in a position to certify, noted above. The ten test terms should go to the core issues of the case and be limited appropriately by date. If upon running the intial list of such search terms and review and production of the responsive documents it appears that there are substantial gaps in the productions made by prior counsel, then MGA proposes the list would be expanded to a reasonable number of additional keyword search terms.

MGA is not certain at this point what are the areas of Mattel's greatest concern in terms of its views as to any alleged inadequacy of production from Mr. Larian's hard drives. It is difficult for MGA to construct a proposed list in the first instance under such circumstances, but MGA nonetheless herein proposes an initial list based in part upon the list provided by Mattel pursuant to the Court's auspices on March 9, 2010.

1. Bratz (before 3/1/01)
2. Plot04
3. Machado (before 10/26/05)
4. Vargas (before 10/26/05)
5. Trueba (before 10/26/05)
6. Ron Brawer (before 11/04)
7. Janine Brisois (before 10/05)
8. Jorge Castilla (before 5/06)
9. Nick Contreras (before 12/04)
10. Dan Cooney (before 6/06)

If the Court deems further inspection by current counsel of e-mail files on Mr. Larian's hard drives necessary, then MGA respectfully requests that the Court

adopt this list as the initial set of search terms, and that it order additional production only upon a finding that the production generated in response to these terms resulted in materially significant additional documents.

Dated: April 15, 2010    ORRICK, HERRINGTON & SUTCLIFFE LLP


*/s/ Warrington S. Parker III*
Warrington S. Parker III
Attorneys for the MGA Parties