UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Case No.   CV 04-9049 DOC (RNBx)                                    Date: April 8, 2010

Title: MATTEL, INC. V. MGA ENTERTAINMENT, INC.

---

DOCKET ENTRY
[I hereby certify that this document was served by first class mail or Government messenger service, postage prepaid, to all counsel (or parties) at their respective most recent address of record in this action on this date.]
                                           Date:_____ Deputy Clerk: _____

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

  Stephanie Mikhail                                Not Present
  Courtroom Clerk                                  Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:  ATTORNEYS PRESENT FOR DEFENDANTS:

  NONE PRESENT                                    NONE PRESENT

---

PROCEEDING (IN CHAMBERS): ORDER DENYING WITHOUT PREJUDICE MGA PARTIES'
                          MOTION TO COMPLETE PRODUCTION OF PRIOR
                          VERSIONS OF PURPORTED TRADE SECRET DOCUMENTS

      Before the Court is MGA Entertainment, Inc. and Isaac Larian (collectively the "MGA Parties")' Motion to Compel Production of Documents Concerning Creation of Mattel's Alleged Trade Secrets (the "Motion"). The Motion concerns Issue number 6(1) of the MGA Parties' February 16, 2010 Motion. After considering the moving and opposing papers, as well as the parties' oral argument, the Court DENIES WITHOUT PREJUDICE the Motion.

      The California Uniform Trade Secret Act defines a trade secret as: "information, including a formula, pattern, compilation, program, device, method, technique, or process, that: (1) Derives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use; and (2) Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy." Cal. Civ. Code § 3426.1(d). The MGA Parties argue that documents "evidencing the time and effort spent by Mattel . . . including drafts, prior versions, and the like" in creating documents Mattel purports to contain trade

---

MINUTES FORM 11 DOC                               Initials of Deputy Clerk  enm
CIVIL - GEN                                       Page 1 of 2

secrets are relevant to "determine [the documents'] value to Mattel, and to assess (among other things) damages." *See* Docket 7504 at 5. However, the "time and effort" expended by a party is a peripheral and contextual concern, most often considered by courts in the context of customer lists, to determine whether an employer has "expended time and effort identifying customers with particular needs or characteristics." *MAI Sys. Corp. v. Peak Computer, Inc.*, 991 F.2d 511, 521 (9th Cir. 1993). The amount of effort is relevant to the proprietary nature of the information contained within the purported trade secret, which in turn is relevant to the economic value that may result from disclosure. *Id.*

The Court fails to see how disclosure of prior drafts speaks to this issue and, in any event, the MGA Parties conflate the amount of time spent on a purported trade secret with the direct value of the trade secret – *i.e.*, Mattel's inattention to particular information is evidence that Mattel did not value the information. But the inquiry under section 3426.1 is the economic value of the purported trade secret, and not the subjective economic value of the purported trade secret. In addition, the mere fact that Mattel did not produce dozens of drafts or prior versions of a purported trade secret may be meaningless even as to subjective value – Mattel may have simply perfected the purported trade secret on the first try.

A better vehicle of reaching the issue of whether information contained in purported trade secret documents was independently derived or available publicly – assuming this is even relevant to the Court's eventual determination of trade secret status – is to simply seek discovery as to the source of the information on the purported trade secret documents.

The Court recognizes that the MGA Parties claim to rely upon certain authority in support of the proposition that the number of prior versions, drafts, "and the like" of a purported trade secret is relevant to a section 3426.1 analysis. The Court is not aware of any such authority, but DENIES WITHOUT PREJUDICE the Motion, so that the MGA Parties may re-submit their request and cite the authority upon which they rely.

The Clerk shall serve this minute order on all parties to the action.