UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Case No.   CV 04-9049 DOC (RNBx)                                    Date: April 8, 2010

Title: MATTEL, INC. v. MGA ENTERTAINMENT, INC.

---

DOCKET ENTRY
[I hereby certify that this document was served by first class mail or Government messenger service, postage prepaid, to all counsel (or parties) at their respective most recent address of record in this action on this date.]
                                             Date:_____  Deputy Clerk: _____

---

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

    Stephanie Mikhail                             Not Present
    Courtroom Clerk                              Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS: ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT                                     NONE PRESENT

---

PROCEEDING (IN CHAMBERS): ORDER GRANTING IN PART AND DENYING IN PART MOTION TO COMPEL PRODUCTION OF NON-DISCLOSURE AGREEMENTS

    Before the Court is MGA Entertainment, Inc. and Isaac Larian (collectively the "MGA Parties") Motion to Compel Production of Non-Disclosure Agreements (the "Motion"). The Motion corresponds with Issue No. 6(2) of the MGA Parties' February 16, 2010 Motion, submitted in compliance with the Court's February 12, 2010 Order. After considering the moving and opposing papers, as well as the parties' oral argument, the Court GRANTS IN PART AND DENIES IN PART the Motion.

    The MGA Parties request Mattel's non-disclosure agreements "utilized by Mattel, Inc. at any time between 1995 and present," and in addition seek "[a]ll non-disclosure agreements by or between Mattel and its manufacturer, supplier, distributor, or licensee at any time between 1995 and present." The MGA Parties argue certain documents that Mattel claims the MGA Parties misappropriated were "obtained from retail customers, like Walmart and Toys R Us." The non-disclosure agreements are relevant to whether the retailers were permitted to disclose Mattel's

---

MINUTES FORM 11 DOC                              Initials of Deputy Clerk  enm
CIVIL - GEN                                      Page 1 of 2

purported trade secrets and therefore whether Mattel took efforts to maintain the secrecy of the purported trade secrets.

The Court agrees that the Motion is overbroad and impermissibly vague. Indeed, the request for production does not limit its scope to only those documents Mattel claims are trade secrets. The Court also considers it likely that Mattel does not impose disparate terms upon each of its retailers insofar as non-disclosure of purported trade secrets is concerned.

Mattel's second argument, made for the first time at the hearing on this matter, for reciprocity through the MGA Parties' production of non-disclosure agreements with MGA's retailers, is unavailing. Reciprocity does not guide the Court's analysis; relevance does. *See* Fed. R. Civ. P. 26(b). And Mattel, not the MGA Parties, has a claim for misappropriation of trade secrets.

Accordingly, the Court ORDERS as follows:

1. On or before April 15, 2010, Mattel and Mattel Mexico shall produce to the MGA Parties all non-disclosure agreements entered into between Mattel and/or Mattel Mexico and Walmart and/or Toys R Us between 1995 and 2005. Such agreements shall be redacted to reveal only those provisions relevant to the non-disclosure of purported trade secrets by Mattel;

2. The Motion is DENIED WITHOUT PREJUDICE as to any other Mattel or Mattel Mexico non-disclosure agreements with retailers. The MGA Parties may re-submit their Motion upon providing the Court with greater specificity about precisely which "retail customers" supplied the MGA Parties with the purported trade secrets, and which purported trade secrets the MGA Parties obtained from such retailers.

The Clerk shall serve this minute order on all parties to the action.