QUINN EMANUEL URQUHART & SULLIVAN, LLP
  John B. Quinn (Bar No. 090378)
  (johnquinn@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:  (213) 443-3000
Facsimile:  (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation, <br><br> Plaintiff, <br><br> vs. <br><br> MGA ENTERTAINMENT, INC., a California corporation, et al., <br><br> Defendant. <br><br> AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 DOC (RNBx) <br><br> Consolidated with <br> Case No. CV 04-09059 and <br> Case No. CV 05-02727 <br><br> <u>Hon. David O. Carter</u> <br><br> **MATTEL, INC.'S SUBMISSION RE: SEARCH TERMS PURSUANT TO THE COURT'S APRIL 10, 2010 ORDER** <br><br> Hearing Date:　　　TBD <br> Time:　　　　　　　TBD <br> Place:　　　　　　　TBD <br><br> **<u>Phase 2:</u>** <br> Discovery Cut-off:　　TBD <br> Pre-trial Conference:　TBD <br> Trial Date:　　　　　TBD |

1    Pursuant to the Court's April 10, 2010 Order, Mattel, Inc. ("Mattel") hereby (1)

2  submits in "red-line" form a list of proposed search terms to be used in searching Isaac

3  Larian's hard drives for relevant information and (2) responds to MGA Entertainment,

4  Inc.'s Response to Court Order Dated April 7, 2010 (Dkt. No. 7709) Re Isaac Larian's

5  Hard Drives ("MGA's Response").

6    Though it has had every opportunity and reason to do so, MGA has never

7  confirmed that it has searched the hard drives of Isaac Larian, the central witness in this

8  action. Indeed, MGA's March 15, 2010 Supplemental Briefing on the issue admitted

9  that "current counsel cannot presently certify exactly what was done, or most

10 pertinently that each and every one of the files on the hard drives was subjected to some

11 appropriate collection and review technique."[1]  The Court's April 10, 2010 Order

12 described this failure as "corrosive to the transparency of the discovery process."[2]

13 Nevertheless, MGA's Response here once again fails to provide any confirmation that

14 MGA has searched Mr. Larian's hard drives for responsive material.

15    On the contrary, MGA goes out of its way to obscure the answer to that question

16 by offering highly qualified and virtually worthless statements such as "[t]he number of

17 unique documents associated with the Larian user credentials on those hard drives

18 independent of the e-mail and e-mail attachments found in the .PST files is less than

19 1,000."[3]  Whatever that statement and others like it in MGA's submission actually

20 mean, they provide no solace that the drives are now finally being thoroughly searched

21 for all responsive documents. *Nowhere* does MGA confirm that it has done that or is

22 now doing it.  MGA claims it is "gathering" documents "associated with the Larian

23 user credentials," but fails to state whether it conducted keyword searches or cherry-

24 picked harmless documents.  And MGA provides no basis why it is limiting whatever it

25

26 [1]  MGA Supplemental Briefing Pursuant to 2/27/2010 Order Re Objections to Electronic
    Discovery Special Master Report and Recommendation No. 5 ("MGA's Supplemental
27 Briefing"), Dkt No. 7651 at 6:12-15.
    [2]  April 10, 2010 Order, Dkt. No. 7709 at 2.
28 [3]  MGA's Response at 2:6-8.

00505.07975/3449959.2

is doing to only the unexplained "Larian user credentials," as opposed to the Larian hard drives that are the issue here. It claims to have "searched Mr. Larian's email," but conspicuously fails to state whether it was email from Mr. Larian's hard drives or from some other location, such as MGA's email server. None of these semantic games can obscure MGA's ongoing inability to provide a simple, straightforward confirmation that it has searched Mr. Larian's hard drives for all responsive documents. There is only one reasonable inference here – MGA has failed to confirm its compliance because it is non-compliant.

MGA has fought for years to prevent meaningful discovery of Mr. Larian's hard drives. Mattel first sought discovery of the drives two and a half years ago in October 2007. Since then, the drives have been the subject of seven motions and eight Orders. Most recently, to stave off an inspection by Mattel's experts, MGA repeatedly claimed in briefing before the Court that it was willing to "review [Mr. Larian's] hard drives using a reasonable set of keywords identified by Mattel,"[4] a fact noted by the Court in its April 10, 2010 Order.[5] Yet, MGA's current Response to the Court's Order backtracks from even that belated proposal and is contrary to the Court's Order. The Order required MGA to submit a list of search terms aimed at collecting responsive documents. MGA has not submitted such a list. Instead, now contending that the purpose of searching Mr. Larian's hard drives is merely to "test" the adequacy of MGA's prior productions, and claiming that it "is difficult for MGA to construct a proposed list" of terms because "MGA is not certain at this point what are the areas of Mattel's greatest concern,"[6] MGA proposes a grossly inadequate set of *ten* search terms to be used to search the drives as part of this "test."

This is perplexing to say the least. MGA has been compelled to produce documents in response to hundreds of requests for production in this case. Had it been

---

[4] MGA's Supplemental Briefing at 6:16.
[5] April 10 Order at 2.
[6] MGA's Response at 6:9-11.

1   acting properly and in compliance with the dozens of discovery Orders entered against

2   it, it long ago would have searched the Larian hard drives for all these types of

3   documents.  Ten search terms certainly will not find them.  Nor will these ten "test

4   terms" test the adequacy of anything.  With only one exception, MGA's proposed terms

5   go to a single issue in this case – MGA's theft of Mattel's trade secrets – and they do

6   not come close to covering even that one issue.  MGA proposes that eight of its ten

7   search terms be the last names of former Mattel employees who stole trade secrets for

8   MGA; and amazingly, even as to five of these eight individuals, MGA proposes merely

9   that the searches for their names be run *only for time periods prior to and shortly after*

10  *their employment at MGA*, thus ensuring that communications evidencing the theft and

11  use of Mattel's trade secrets once they arrived at MGA will not likely be captured.[7]

12  MGA cannot claim it legitimately intends to "test" the adequacy of its productions with

13  search terms that fail to address virtually any of the many factual issues in this lawsuit

14  and do not even fully cover the one issue they do purport to address.

15          Nor is there any need to "test" the adequacy of MGA's productions.  Time and

16  again, MGA's productions have been shown to be deficient.  And they remain so.  For

17  example, less than two weeks ago, MGA produced for the first time an email

18  conclusively proving that Mr. Larian was behind Arsalan Gozini's funding of Omni 808

19  all along,[8] contradicting Mr. Larian's sworn, flat denials in his December deposition.[9]

20  MGA has no explanation for why this email, which was sent by Mr. Gozini directly to

21  Mr. Larian and which was repeatedly ordered produced over the course of the past year,

22  was not produced until now.  And, the email itself references other critical documents

23  that show Mr. Larian's use of Mr. Gozini as a front to fund Omni 808 that MGA and

24  Larian still are withholding.  This is only one of many recent examples of MGA's

25

---

26  [7]  Indeed, MGA's unilateral access to these hard drives means that, unlike Mattel, it can
    test its searches before proposing them.  Accordingly, and in light of its resistance to any
27  search of Larian's hard drives, any search terms it proposes are inherently suspect.
    [8]  MGA2 1422843.
28  [9]  December 11, 2009 Larian Tr. at 1014:16-1015:12.

1   repeated failures to produce relevant evidence.

2          Nor is there a need to "test" the adequacy of MGA's searches of Larian's hard
3   drives.  The drives are clearly accessible to MGA, within its possession, custody or
4   control, and relevant.  They should be fully searched.  MGA's failure to search Mr.
5   Larian's hard drives is by definition inadequate.  Moreover, given MGA's prior
6   representations to the Court that it is willing to "review the hard drives using a
7   reasonable set of keywords identified by Mattel,"[10] there is no excuse for MGA's
8   refusal to subject the hard drives to a proper keyword search for responsive materials.

9          Pursuant to the Court's April 10, 2010 Order, Mattel therefore submits a list of
10  proposed search terms, attached hereto as Exhibit A, "red-lined" to show those terms
11  unique to Mattel's list (which is most of them).  For convenience, Mattel's terms are
12  organized into three categories:

13         (1)    The first category contains terms drawn from those the parties agreed upon
14  for searching MGA's email archive for relevant materials.[11]  The propriety of these
15  terms is demonstrated by MGA's prior agreement to them, especially since now, as
16  when they were raised before, the terms will be used to search what MGA claims are
17  the most plentiful types of documents on the drives – emails.

18         (2)    The second category contains terms drawn from those the parties agreed
19  upon for searching Ron Brawer's hard drive for relevant materials.[12]  Again, the
20  propriety of these terms is demonstrated by the fact that they were agreed to previously
21  by MGA.

22         (3)    The final category contains additional terms Mattel believes are
23  appropriate for searching Mr. Larian's hard drives for relevant materials.  Mattel
24  respectfully requests that the Court adopt all three categories of terms to be used in

25

26  [10]   MGA's Supplemental Briefing at 6:16.
    [11]    See Letter from Scott B. Kidman to Hon. James Smith, copy to Annette Hurst,
27  Warrington Parker, and William Molinski, dated March 23, 2010, at Appendix C.
    [12]    See Order of Electronic Discovery Special Master, dated March 29, 2010, at  Exhibit
28  A; see also Letter from Scott B. Kidman to Hon. James Smith, copy to Annette Hurst,
    (footnote continued)

1  searching Mr. Larian's hard drives for responsive materials.

2

3  DATED:  April 16, 2010              QUINN EMANUEL URQUHART &
                                        SULLIVAN. LLP
4

5                                    By  /s/ Diane C. Hutnyan
                                        Diane C. Hutnyan
6                                       Attorneys for Mattel. Inc.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27  _____

28  Warrington Parker, and William Molinski, dated March 23, 2010, at Appendix A.

00505.07975/3449959.2                        -5-