1   MELINDA HAAG (State Bar No. 132612)
    mhaag@orrick.com
2   ANNETTE L. HURST (State Bar No. 148738)
    ahurst@orrick.com
3   WARRINGTON S. PARKER III (State Bar No. 148003)
    wparker@orrick.com
4   ORRICK, HERRINGTON & SUTCLIFFE LLP
    The Orrick Building, 405 Howard Street
5   San Francisco, CA 94105
    Tel. (415) 773-5700/ Fax: (415) 773-5759
6
    WILLIAM A. MOLINSKI (State Bar No. 145186)
7   wmolinski@orrick.com
    ORRICK, HERRINGTON & SUTCLIFFE LLP
8   777 South Figueroa Street, Suite 3200
    Los Angeles, CA  90017
9   Tel. (213) 629-2020/Fax: (213) 612-2499

10  THOMAS S. McCONVILLE (State Bar No. 155905)
    tmcconville@orrick.com
11  ORRICK, HERRINGTON & SUTCLIFFE LLP
    4 Park Plaza, Suite 1600
12  Irvine, CA 92614-2258
    Tel: (949) 567-6700/Fax: (949) 567-6710
13
    Attorneys for MGA Parties
14
15              UNITED STATES DISTRICT COURT
              CENTRAL DISTRICT OF CALIFORNIA
16                   SOUTHERN DIVISION

17  CARTER BRYANT, an individual,      Case No.  CV 04-9049-DOC (RNBx)

18           Plaintiff,                Consolidated with:
                                       Case No. CV 04-9059
19        v.                           Case No. CV 05-2727

20  MATTEL, INC., a Delaware           Hon. David O. Carter
    corporation,
21                                     **REPLY IN SUPPORT OF EX PARTE**
             Defendant.                **APPLICATION TO COMPEL**
22                                     **PRODUCTION OF COMPLETE**
                                       **BOARD MINUTES AND**
23                                     **PRESENTATIONS WITH**
                                       **REDACTIONS ONLY FOR**
24                                     **ATTORNEY-CLIENT PRIVILEGE**

25                                     Hearing Date:
                                       Time:
26                                     Courtroom:

27                                     Phase 2

28

# I. INTRODUCTION

Mattel once again attempts to evade its discovery obligations by blaming MGA for its failures to abide by the Court order to provide Board of Director minutes. The issue is clear: no authority permits a party to redact responsive discovery for anything other than privileged information. Mattel does not dispute this fact. As a result, Mattel is required to produce to MGA unredacted board meeting minutes.

MGA never waived its right to demand ALL responsive discovery and alerted Mattel that it might seek Court intervention should Mattel improperly redact board minutes for information other than attorney-client privilege. Specifically, in a good-faith attempt to reach a compromise, MGA's counsel agreed that Mattel could provide what Mattel believed to be properly redacted board meeting minutes for MGA's review so that MGA could determine if further motion practice was warranted. Upon review of the redacted minutes, MGA was indeed forced to file this *ex parte* motion because Mattel's redactions are so far-reaching that the minutes fail to provide **any** meaningful responsive discovery.

Mattel claims four key facts favor denial of MGA's request for relief, yet each of these "facts" is incorrect. First, as noted, MGA never agreed to waive its right to seek unredacted board minutes. Second, Mattel claims the information MGA requests has not been redacted from the board minutes. Even a cursory review of the documents produced belies this falsehood. Third, whether or not Mattel provided MGA with **other** responsive discovery does not address or excuse Mattel's improper redactions to its responsive board minutes. Finally, the claim that the Mattel minutes may contain "sensitive internal discussions" is fully answered by the protective order entered in this matter and, again, does not relieve Mattel of its Rule 26 discovery obligations to provide MGA with all responsive discovery.

Because the Eckert deposition is scheduled to resume on April 27 and 28, and based on Mattel's position that these will be the final two days of Mr. Eckert's

1    deposition, it is critical that this matter be addressed and the documents ordered

2    produced by April 23, prior to the resumed session of deposition. The MGA Parties

3    therefore respectfully request that the Court grant this *ex parte* application to

4    compel immediate production of complete Mattel board minutes and presentations,

5    with redactions only for attorney-client privilege, to allow MGA's counsel to

6    prepare for the resumed Eckert deposition session on April 27 and 28.

7                    **II. FACTUAL AND PROCEDURAL BACKGROUND**

8            Mattel has identified hundreds of products for which it claims sales were

9    harmed by an alleged unlawful act or omission of MGA.  Yet it now claims **none** of

10   these products were discussed by its Board of Directors during meetings. The scant

11   production MGA has received to date fails to support this latest new argument. In

12   fact, the portions of the unredacted sentences within the meeting minutes produced

13   by Mattel reflect a regular pattern of document presentations regarding the

14   performance of its products, as well as subsequent discussions by the Board

15   members of such presentations. *See, e.g.,* Mingrone Declaration filed April 12,

16   2010 at ¶ 3, Exh. 2.

17           Indeed, it appears that the Board has discussed the performance of the

18   company on a broad basis in nearly every meeting.  For example, the scant lines

19   produced to MGA from March 2002 minutes refer to presentations made by the

20   senior executives with responsibility for the girls and boys units, yet Mattel

21   withheld these presentations.  *Id.* Nor was the discussion accompanying any such

22   presentations disclosed in the redacted minutes.  *Id.*

23           Mattel does not dispute that these materials are directly responsive to MGA's

24   request for information concerning Mattel's damages claims. Nor does it deny that

25   MGA specifically requested the production of Board minutes in its Request for

26   Production No. 46. Nonetheless, Mattel attempts to evade its responsive duty by

27   claiming that MGA's counsel agreed to the production of the redacted minutes

28   Further, Mattel now claims that its redacted minutes do not address the products at

issue - despite the fact that these products are noted in the scant unredacted sentences provided to MGA - and that the minutes must be redacted because they address "other sensitive Mattel business." These arguments are not credible.

### III. ARGUMENT

A.    <u>MGA Did Not Waive Its Right to Seek All Responsive Minutes</u>

Mattel attempts to blame MGA for its own improper document redactions by claiming that MGA actually agreed to such ridiculous redactions. MGA's counsel has maintained from their entry into this case that only redactions for privileged information are appropriate. Counsel for MGA has never waivered from the position that redactions for relevancy are improper.

In an effort to resolve this matter short of court intervention, counsel for the parties met and conferred concerning Mattel's proposed redactions. During those discussions, Mattel insisted on redacting its board minutes based on relevancy and MGA maintained its position that such redactions are improper. Reaching an impasse, counsel for MGA finally agreed that Mattel should proceed with its production of redacted board minutes, **but specifically reserved the right to seek further production of these documents**. In an email to counsel for Mattel, MGA's counsel wrote, "I agree to the proposal as we've discussed **with the limitation that this does not permanently preclude us from seeking the documents we've compromised in other contexts…"**. Searcy Decl., Exh. 4 at 2 (emphasis added).

Mattel completely ignores this portion of the agreement and focuses solely on the initial words "I agree to the proposal." But counsel for MGA expressly conditioned the parties' agreement on one very important limitation, namely, that MGA was **not** waiving its right to compel production in other contexts outside the scope of compelling a further Eckert deposition. MGA specified that it would not seek to depose Mr. Eckert further on the basis that MGA had received only redacted board minutes. True to its agreement, MGA is not seeking a further deposition of

1   Mr. Eckert. Based on the limitation expressed in the agreement, however, MGA is

2   seeking production of the unredacted board minutes to which it is entitled.

3        In so doing, MGA is acting in complete compliance with the parties'

4   agreement and pursuing the limitation expressed therein, just as it said it might.

5   MGA never agreed that Mattel could produce the board minutes redacted for

6   relevancy because MGA feared that such redactions would result in the production

7   of useless information. As discussed in our moving papers and below, MGA's fears

8   are realized: Mattel's production of board minutes consists of, literally, a few

9   sentences worth of information out of hundreds of pages of documents. Mattel must

10  be ordered to comply with its Rule 26 discovery obligations and produce

11  unredacted board minutes to MGA.[1]

12      B.   <u>Mattel Did Not Provide Unredacted Minutes Re: Damages</u>

13       In a circular and nonsensical statement, Mattel next argues that the

14  unredacted minutes MGA seeks do not contain information pertinent to Mattel's

15  damages claims because earlier-produced unredacted minutes do not contain

16  valuations of Mattel's intellectual property. Opp. at 7:3-9. This argument fails to

17  address Mattel's obligation to provide all responsive discovery and mixes two

18  different issues.

19       The unredacted board minutes produced by Mattel earlier in this case refer

20  only to MGA, Larian, Bryant or Bratz, as Mattel concedes. Opp at 7:3-5. Mattel did

21  not provide unredacted minutes regarding its own products which it alleges have

22  been harmed by MGA. As a result, we would, of course, not expect to see

23  valuations of Mattel's products in the unredacted minutes previously produced to

24  MGA.

25       Nonetheless and interestingly, however, Mattel concedes that even the

26  unredacted minutes produced earlier contain almost a page of discussions regarding

27
28  _____
[1] MGA renews its offer to submit the redacted board minutes in binders to the Court for review so the Court may seek the extensiveness of the redactions and the scant information which has been produced.

the performance of the Girls' or Boys' Mattel Brands. *Id.* at 7:9-11. It is precisely these discussions to which MGA is indisputably entitled and which have now been redacted by Mattel in its latest production of board minutes.

Whether or not the unredacted board minutes contain "detailed discussions" of the performance of the Mattel Girls' or Boys' Brands is not the issue. *Id.* at 8:6-7. MGA is entitled to ***any and all*** discussions, no matter how general or concise, regarding Mattel products which Mattel now claims were harmed by MGA. Mattel must be ordered to comply with its Rule 26 discovery obligations and produce unredacted board minutes to MGA.

C.    Mattel's Additional Productions Are Irrelevant to the Minutes

Mattel next discusses the irrelevant issue that it has produced other discovery regarding its claim for damages. Again, this discussion fails to address or excuse Mattel's obligation to produce responsive unredacted board minutes to MGA. Federal Rule 26 requires that Mattel produce ***all*** responsive discovery. Fed. R. Civ. Pro. 26(b). The Rule does not relieve a party from producing one category of documents by pointing to production of another category of documents, absent a showing of hardship which Mattel has not shown in this instance.

Further, the profit and loss statements and other financial data showing Mattel's product sales information do not answer the question as to what the Mattel ***board*** discussed concerning its own perceptions, ideas and valuations of Mattel products.  Yet Mattel produced only bare agendas for five of the board's meetings. Mingrone Decl. filed on April 12 at ¶ 4, Ex. 3.

The board minutes of the remaining meetings comprise approximately 620 pages, exclusive of agendas and attached material.  Of these, slightly more than 450—nearly three-quarters of the total—are entirely redacted.  Fewer than fifty of the remaining quarter contain ***any*** memorialization of the discussion that took place during the meetings. Through these redactions, Mattel refuses to disclose even the

*subject* of the board's discussions, let alone their substance. There is no question that these redactions are improper.

MGA is entitled to the discovery of this information and Mattel has cited no authority which states otherwise. Mattel must be ordered to comply with its Rule 26 discovery obligations and provide unredacted board minutes to MGA.

D.    The Protective Order Prohibits Disclosure of Confidential Information

In a last-ditch effort to prevent production and for the first time, Mattel now contends that production of unredacted minutes would give MGA "access to critical, private deliberations concerning Mattel's business." Opp. at 9:5-7. This is complete nonsense since there is a protective order in place in this matter and Mattel has already designated these minutes as "AEO," thereby prohibiting MGA business people from reviewing these documents. Moreover, it is ironic if not disingenuous that Mattel now complains that *its* confidential information must be protected when Mattel publicly disclosed hundreds of MGA confidential materials in violation of the protective order when it filed its Fourth Amended Answer and Counterclaims.

MGA is entitled to discovery of this information through production by Mattel of *complete* board meeting minutes and presentations, redacted properly for privilege grounds only. Mattel must be ordered to comply with its Rule 26 discovery obligations.

## IV. CONCLUSION

MGA respectfully requests that the Court grants its *ex parte* application and order Mattel to produce complete board meeting minutes and presentations redacted only for privilege. MGA further requests that Mattel be ordered to complete such production by April 23, 2010 so that MGA's counsel may prepare for the Eckert deposition on April 27 and 28, 2010.

///

///

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Dated:     April 19, 2010

DENISE M. MINGRONE
Orrick, Herrington & Sutcliffe LLP


By:      /s/ *Denise M. Mingrone*
DENISE M. MINGRONE
Attorneys for MGA Parties