Neal R. Marder (SBN 126879)
nmarder@winston.com
Denise A. Smith (SBN 215057)
desmith@winston.com
Erin R. Ranahan (SBN 235286
eranahan@winston.com
**WINSTON & STRAWN LLP**
333 South Grand Avenue, 38th Floor
Los Angeles, CA 90071-1543
Telephone:  213-615-1700
Facsimile:   213-615-1750

Attorneys for *Specially Appearing Third Party*
LEXINGTON FINANCIAL, LTD.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>MGA ENTERTAINMENT, INC., a California corporation, et al.,<br><br>Defendants.<br><br>AND CONSOLIDATED ACTIONS. | Case No. CV 04-09049 DOC (RNBx)<br>c/w Case Nos. CV 04-09059 & CV 05-2727<br><br>Judge: Hon. David O. Carter<br><br>**SPECIALLY APPEARING THIRD PARTY LEXINGTON FINANCIAL LTD.'S *EX PARTE* APPLICATION TO CONSIDER ITS POSITION PAPER IN CONNECTION WITH APRIL 20, 2010 OSC RE PROTECTIVE ORDER**<br><br>Declarations of Erin R. Ranahan and Maria Bashaw, and [Proposed] Order Filed Concurrently Herewith]<br><br>Hearing Date:     April 20, 2010<br>Time:             2:00 p.m.<br><br>**Phase 2:**<br>Discovery Cut-off:      TBD<br>Pre-Trial Conference:   TBD<br>Trial Date:             TBD |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD**:

PLEASE TAKE NOTICE that pursuant to Local Rule 7-19, specially appearing third party Lexington Financial, Ltd. ("Lexington") hereby applies to the Court *ex parte*, requesting that this Court consider its position paper regarding the confidentiality of bank account and other sensitive information concerning Lexington that has been produced by third parties in this action. Lexington seeks *ex parte* relief with respect to this matter so that its position paper may be considered in connection with this Court's April 20, 2010 Order to Show Cause re potential dissolution of the Protective Order governing this case.

This *ex parte* application is brought on the grounds that Lexington has important interests at stake with respect to two recent productions made by attorney Maria Bashaw on behalf of International Corporate Advisors ("ICA"), originally made on or about March 23, 2010 and then reproduced to redact sensitive account information on or about March, 27, 2010. Because documents in these productions relate to Lexington, Lexington requests that the Court consider its position paper that the Protective Order continue to govern the protection of these sensitive account and related documents.

*Ex parte* relief is necessary so that the Court can consider Lexington's position in connection with the April 20, 2010 hearing. Lexington retained counsel to protect its interests relating to these productions after the April 5, 2010 deadline to submit briefs relating to this matter. Declaration of Erin R. Ranahan in support of Lexington Financial Ltd.'s *Ex Parte* Application and Position Paper In Connection With April 20, 2010 OSC Re Protective Order ("Ranahan Decl.") ¶ 2; Dkt. No. 7682. Since that time, Lexington has worked diligently to understand the issues with the two productions at issue, including obtaining an understanding as to how Mattel has treated the productions to date. *Id.* at ¶ 2. Because Mattel's counsel has indicated that its treatment of these productions will depend upon the outcome of the Court's

decision about whether to lift the Protective Order, which puts Lexington in a position of uncertainty and puts its confidential information at risk, Lexington respectfully requests consideration of its position with respect to the Protective Order in this case. The issues that have prompted the Court to consider lifting or modifying the Protective Order, including the parties respective allegations regarding the parties' abusing certain designations, did not involve Ms. Bashaw, ICA, Lexington or the production at issue. Accordingly, the protection of the confidentiality of Lexington's documents as well as bank records should remain in effect.

The names, addresses, and telephone numbers of counsel for plaintiffs and defendants are as follows:

*Counsel for Plaintiff Mattel, Inc.:*

John B. Quinn (johnquinn@quinnemanuel.com)

Michael T. Zeller (michaelzeller@quinnemanuel.com)

Brett D. Proctor (dylanproctor@quinnemanuel.com)

Jon D. Corey (joncorey@quinnemanuel.com)

Randa A. F. Osman (randaosman@quinnemanuel.com)

Rory S. Miller (rorymiller@quinnemanuel.com)

Cyrus S. Naim (cyrusnaim@quinnemanuel.com)

Diane C. Hutnyan (dianehutnyan@quinnemanuel.com)

Stan Karas (stankaras@quinnemanuel.com)

Joseph C. Sarles (josephsarles@quinnemanuel.com)

Shane Heather McKenzie (shanemckenzie@quinnemanuel.com)

QUINN EMANUEL URQUHART & SULLIVAN LLP

865 S. Figueroa Street, 10th Floor

Los Angeles, CA 90017-2543

T:   213.443.3000

F:   213.443.3100

<u>Counsel for MGA Parties</u>:

Melinda Haag (mhaag@orrick.com)

Annette L. Hurst (ahurst@orrick.com)

Warrington S. Parker III (wparker@orrick.com)

Jimmy S. McBirney (jmcbirney@orrick.com)

Yas Raouf

ORRICK, HERRINGTON & SUTCLIFFE LLP

405 Howard Street

San Francisco, CA 94105

T:   415.773.5700

F:   415.773.5759

<u>Counsel for Omni 808 Investors LLC</u>:

Craig A. Taggart (craig.taggart@bingham.com)

Peter N. Villar (peter.villar@bingham.com)

Todd E. Gordinier (todd.gordinier@bingham.com)

BINGHAM MCCUTCHEN LLP

600 Anton Blvd., 18th Floor

Costa Mesa, CA 92626

T:   714.830.0628

F:   714.830.0700

Counsel for the foregoing interested plaintiffs and defendants received notice on April 16, 2010 that Lexington would file this *ex parte* application seeking the described relief. Ranahan Decl. ¶ 4 and Exh. C. While Lexington sought to resolve the issues presented herein informally with Mattel, Mattel indicated that it would consider such resolution only after the Court decided on the Protective Order. *Id.* at

4

¶ 3 and Exh. B. Counsel for Mattel has indicated that it would oppose this *ex parte* application. *Id.* at ¶ 5 and Exh. D. To date, counsel for defendants have not yet indicated whether they intend to oppose this *ex parte* application. *Id.* at ¶ 5.

Respectfully Submitted,

Dated: April 19, 2010        WINSTON & STRAWN LLP

By   /s/ Erin R. Ranahan
   Near R. Marder
   Denise A. Smith
   Erin R. Ranahan
   Attorneys for *Specially Appearing Third Party*
   LEXINGTON FINANCIAL. LTD.

## I. INTRODUCTION

Lexington files this *ex parte* application to request that the Court consider its position paper, attached hereto as Exhibit A, in connection with the Order to Show Cause regarding the potential dissolution or modification of the Protective Order, scheduled for hearing before this Court at 2:00 p.m. on April 20, 2010. *Ex parte* relief is necessary so that Lexington's interests are considered in connection with the Court's decision on the Protective Order. Lexington was not involved in any of the events that led the Court to consider dissolving or modifying the Protective Order, and therefore any dissolution or modification of the Protective Order should not extend to the productions that already occurred relating to Lexington. There is no prejudice to any party for Lexington's position to be considered.

For these and all the foregoing reasons, Lexington respectfully requests that the Court grant its *ex parte* application and consider its position paper.

## II. FACTUAL BACKGROUND

### A. The Productions At Issue

As detailed more specifically in the position paper attached as Exhibit A to this *ex parte* application, Maria Bashaw made a production on behalf of ICA, on or about March 23, 2010. (Declaration of Maria Bashaw in support of Lexington Financial Ltd.'s *Ex Parte* Application and Position Paper In Connection With April 20, 2010 OSC Re Protective Order ("Bashaw Decl.") ¶ 2). Upon realizing that certain account information was disclosed that should have been redacted, Ms. Bashaw served a reproduction on March 27, 2010, redacting sensitive account information, and asking the receiving parties to destroy the March 23, 2010 production in favor of the subsequent production. (*Id.* at ¶¶ 3-5 and Exhs. 2-4). Ms. Bashaw also requested that the parties treat the information in the productions as "Confidential." *Id.*

While Ms. Bashaw made repeated requests of the parties to confirm whether they would abide by her request to destroy the original production in favor of the

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

subsequent production, no such confirmation has ever been received by Mattel. *Id.* at ¶ 6. On April 15, 2010, however, Lexington's counsel was able to confirm with Mattel's counsel that Mattel was waiting to see what action the Court intended to take with respect to the Protective Order before deciding how to treat the original production made by Ms. Bashaw, that inadvertently failed to redact account information. Ranahan Decl. ¶ 3 and Exh. B. Because the information at issue relates to Lexington, Lexington requests that the Court allow the confidentiality designations made with respect to the production by Ms. Bashaw and ICA stand, and that the original production be destroyed in favor of the subsequent, redacted production.

### III. *EX PARTE* RELIEF IS NECESSARY

*Ex parte* relief is necessary so that Lexington's position is considered by the Court in connection with the April 20, 2010 hearing regarding the potential dissolution of the Protective Order. *See,* Dkt. No. 7682. Lexington only recently discovered issues regarding the May 2010 third party productions that impact sensitive account information relating to Lexington. Ranahan Decl. ¶ 2. Lexington promptly retained counsel to protect its interests, and recently learned from the public docket of the hearing scheduled for April 20, 2010 regarding the Court potentially lifting the Protective Order, and the Court's invitation that "any other interested entities or individuals" file briefs and attend the April 20, 2010 hearing. *Id.*; Dkt. No. 7682. It also became clear based upon Lexington's counsel's April 15, 2010 discussion with Mattel's counsel that Mattel would wait to see how the Court ruled before deciding how to treat these productions in the future. Ranahan Decl. ¶ 3 and Exh. B. This situation relating to the potential dissolution of the Protective Order was not caused by Ms. Bashaw's, ICA's, or Lexington's conduct, but was prompted by the Court's view on the parties' potential abuse of the Protective Order. No party will suffer prejudice if this Court grants Lexington's *ex parte* application, but Lexington

1  will be prejudiced if its position with respect to these matters is not considered prior to
2  the Court's decision.

### IV. CONCLUSION

For all the foregoing reasons, Lexington respectfully requests that the Court grant its *ex parte* application to consider its position paper.

Respectfully Submitted,

Dated: April 19, 2010          WINSTON & STRAWN LLP


By  /s/ Erin R. Ranahan
    Near R. Marder
    Denise A. Smith
    Erin R. Ranahan
    Attorneys for Specially Appearing Third Party
    LEXINGTON FINANCIAL, LTD.

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

8

LEXINGTON FINANCIAL'S *EX PARTE* APPLICATION TO CONSIDER ITS POSITION PAPER
CV 04-09049 DOC (RNBx)

LA:268902.1

# EXHIBIT A

EX A., P.9

1  Neal R. Marder (SBN 126879)
   nmarder@winston.com
2  Denise A. Smith (SBN 215057)
   desmith@winston.com
3  Erin R. Ranahan (SBN 235286
   eranahan@winston.com
4  **WINSTON & STRAWN LLP**
   333 South Grand Avenue, 38th Floor
5  Los Angeles, CA 90071-1543
   Telephone: 213-615-1700
6  Facsimile: 213-615-1750

7  Attorneys for *Specially Appearing Third Party*
   LEXINGTON FINANCIAL, LTD.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>MGA ENTERTAINMENT, INC., a California corporation, et al.,<br><br>Defendants.<br><br>AND CONSOLIDATED ACTIONS. | Case No. CV 04-09049 DOC (RNBx)<br>c/w Case Nos. CV 04-09059 & CV 05-2727<br><br>Judge: Hon. David O. Carter<br><br>**SPECIALLY APPEARING THIRD PARTY LEXINGTON FINANCIAL LTD.'S POSITION PAPER RE APRIL 20, 2010 OSC RE PROTECTIVE ORDER**<br><br>Declarations of Erin R. Ranahan and Maria Bashaw, and [Proposed] Order Filed Concurrently Herewith]<br><br>Hearing Date: April 20, 2010<br>Time: 2:00 p.m.<br><br>**Phase 2:**<br>Discovery Cut-off: TBD<br>Pre-Trial Conference: TBD<br>Trial Date: TBD |

LA:269083.1

LEXINGTON'S POSITION PAPER RE PROTECTIVE ORDER
CV 04-09049 DOC (RNBx)

Ex A., P.10

## I. INTRODUCTION

Specially appearing third party Lexington Financial, Ltd. ("Lexington") files this position paper to request that information recently produced by third parties relating to Lexington remain confidential. Specifically, Lexington seeks to protect its interests with respect to documents relating to Lexington in two recent productions, both made by attorney Maria Bashaw on behalf of third party International Corporate Advisors ("ICA"). In response to an order by this Court, Ms. Bashaw originally made the production on or about March 23, 2010. Upon discovering that certain highly sensitive information relating to bank account information was inadvertently disclosed in the production, on or about March 27, 2010, Ms. Bashaw then reproduced the documents to redact this sensitive account information. Lexington respectfully requests that going forward, these sensitive account and related documents produced by Ms. Bashaw continue to be governed by the Court's existing Protective Order irrespective of any decision by this Court to lift or otherwise modify the Protective Order. Because Lexington was not involved in any of the events that led the Court to consider dissolving or modifying the Protective Order, such dissolution or modification of the Protective Order should not extend to the productions at issue relating to Lexington.

## II. FACTUAL BACKGROUND

### A. The Protective Order Governing This Action Extends To Third Party Productions

The Protective Order currently governing this action explicitly extends to documents obtained through third party productions like those produced by ICA and Ms. Bashaw. (Protective Order, p. 15, "Discovery from Nonparties"). Moreover, the Protective Order sets forth procedures in which the parties are to "cooperate to restore confidentiality" of information that was inadvertently or unintentionally disclosed. *Id.*, p. 12, ¶ 12).

B. **The Productions At Issue**

On March 10, 2010, the Court granted Plaintiff Mattel's motion to compel non-privileged documents from ICA and Maria Bashaw. (Dkt. No. 7631). In response to this Order, Ms. Bashaw made a production on or about March 23, 2010. (Declaration of Maria Bashaw in support of Lexington Financial Ltd.'s *Ex Parte* Application And Position Paper In Connection With April 20, 2010 OSC Re Protective Order ("Bashaw Decl.") ¶ 2. Ms. Bashaw realized shortly thereafter that certain sensitive account information was disclosed that should have been redacted. *Id.* at ¶ 3.

To resolve the concern, Ms. Bashaw served a new production on March 27, 2010, redacting sensitive account information, and asking that the March 23, 2010 production be destroyed in favor of the subsequent production. *Id.* at ¶ 5 and Exh. 4. In total, 38 account numbers were redacted in the 466 page reproduction. *Id.* at ¶ 7. Ms. Bashaw also requested that the information in the productions be treated as "Confidential." *Id.* at ¶¶ 3-5 and Exhs. 2-4. Ms. Bashaw then made repeated requests over the course of the next several weeks for Mattel's counsel to acknowledge that it would honor the confidentiality of the Lexington documents and destroy the original production. *Id.* While Mattel's counsel indicated that he was available to speak with Ms. Bashaw, as of April 15, 2010, Mattel's counsel had not acknowledged that Mattel would honor the confidentiality of Lexington's documents and destroy the original production. *Id.* at ¶ 6.

On April 8, 2010, Lexington retained counsel to represent its interests with respect to this matter. Declaration of Erin R. Ranahan in support of Lexington Financial Ltd.'s *Ex Parte* Application And Position Paper In Connection With April 20, 2010 OSC Re Protective Order ("Ranahan Decl.") ¶ 2. Since that time, Lexington has worked diligently to review the docket, court pleadings and correspondence concerning the two productions at issue, including obtaining an understanding as to how Mattel has treated the productions to date. *Id.* On April 15, 2010, Lexington's

counsel was able to confirm with Mattel's counsel that Mattel has not made any use of either of the productions, but was instead waiting to see what action the Court would take with respect to the Protective Order before deciding how to treat the original production made by Ms. Bashaw that inadvertently failed to redact account information. *Id.* at ¶ 3 and Exh. B. Because the documents in question relate to Lexington, Lexington requests that the Court allow the confidentiality designations to stand with respect to Ms. Bashaw's production, and that the original production be ordered destroyed in favor of the subsequent, redacted production.

### III. THE PROTECTIVE ORDER SHOULD CONTINUE TO APPLY TO THE DOCUMENTS AT ISSUE

The common law right of access to records in civil proceedings is not absolute. *Hagestad v. Tragesser, et al.*, 49 F. 3d 1430, 1434 (9th Cir. 1995). Once a court finds good cause to enter a protective order, "it has already determined that 'good cause' exists to protect this information from being disclosed to the public by balancing the needs for discovery against the needs for confidentiality." *Foltz, et al. v. State Farm Mutual Automobile Insurance Co., et al.*, 331 F.3d 1122, 1135 (9th Cir. 2003). "The central concern in determining whether access should be granted to discovery documents sealed under a protective order is whether that order was relied upon in the decision to produce documents." *Id.* at 1137. Courts have refused to disclose exhibits containing specific financial information because the "potential harm" of disclosure "outweighs any public benefit." *See, Confederated Tribes of Siletz Indians of Oregon, et al., v. Weyerhaeuser Co.*, 340 F. Supp. 2d 1118, 1124-25 (D.C. Or. 2003).

Bank account numbers are considered confidential throughout the banking industry. *Judicial Watch, Inc. v. Export-Import Bank*, 108 F. Supp. 2d 19, 31 (D.D.C. 2000) (citing concerns that disclosure could result in efforts to fraudulently withdraw funds from the account.) Disclosing personal bank account numbers would constitute a clearly unwarranted invasion of personal privacy because the information could be

used for nefarious purposes. In addition, there is no public interest in this information. *Id.* at 37. Indeed, in ruling on Mattel's motion to compel, the Court recognized that the sensitivity of certain bank account information outweighs the harm of producing the entire number, ordering only that redacted versions of certain documents. (*See* January 16, 2010 Order on discovery issues, in which this Court noted that "[s]trong confidentiality interests" are present when considering production of account numbers.)[1]

    Here, the potential harm of disclosing confidential banking account information outweighs any public benefit. *See e.g., Foltz*, 331 F.2d at 1138 (refusing to disclose documents where "neither the public nor collateral litigants have an interest."); *State of California v. Safeway, Inc. et al.*, 355 F. Supp. 2d 1111, 1115 (C.D. Cal. 2005) (public has an interest non-confidential information relating to antitrust injury to the public). The circumstances surrounding the potential dissolution of the Protective Order was not caused by Ms. Bashaw or ICA's conduct, but was prompted by the Court's view on the parties' potential abuse of the Protective Order. It would therefore be fundamentally unfair to Lexington if the Protective Order is dissolved or modified and no longer governs the productions of the Lexington documents made by Ms. Bashaw/ICA, given that these productions were made with the expectation that the receiving parties would honor the confidentiality of these productions. Bashaw Decl. ¶¶ 3-5 and Exhs. 2-4.

    Lexington also respectfully requests that the Court order the original production be destroyed given the confidentiality concerns associated with the disclosure of detailed bank account information.

    Mattel (or any other party) has not raised a challenge to the document designations at issue, and thus there is no prejudice in allowing the designations to

---

[1] On January 16, 2010, the Court ordered that the last four digits of bank account numbers could be redacted with respect to certain productions made by the IGWT entities. (Dkt. No. 7434, p. 3).

1  stand. The Protective Order extends to third parties, and includes an obligation that
2  the parties work cooperatively to resolve issues of inadvertent productions.
3  (Protective Order, p. 15, p. 12, ¶ 12). Bashaw, ICA and Lexington have made their
4  best efforts to cooperate with Mattel in preserving the confidentiality of the
5  productions. If Mattel had committed to comply with the provisions of the Protective
6  Order regardless of how the Court rules regarding the dissolution or modification of
7  the Protective Order, Lexington would have had no reason to specially appear in an
8  effort to present this position paper. (Protective Order, p. 15, p. 12, ¶ 12).

### IV. CONCLUSION

For all the foregoing reasons, Lexington respectfully requests that any action taken by this Court with respect to the Protective Order in this case not extend to productions already made by Ms. Bashaw and ICA, and that the original production in which account numbers were not redacted be destroyed in favor of the subsequent production.

Respectfully Submitted,

Dated: April 19, 2010           WINSTON & STRAWN LLP


By   /s/ Erin R. Ranahan
     Near R. Marder
     Denise A. Smith
     Erin R. Ranahan
     Attorneys for Specially Appearing Third Party
     LEXINGTON FINANCIAL, LTD.