QUINN EMANUEL URQUHART & SULLIVAN, LLP
  John B. Quinn (Bar No. 090378)
  (johnquinn@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>MGA ENTERTAINMENT, INC., a California corporation, et al.,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 DOC (RNBx)<br>Consolidated with<br>Case Nos. CV 04-09059 & CV 05-02727<br><br>Hon. David O. Carter<br><br>**MATTEL, INC.'S REPLY TO MGA'S RESPONSE TO THE SUPPLEMENTAL DECLARATION OF MICHAEL T. ZELLER IN SUPPORT OF MATTEL'S OBJECTIONS TO DISCOVERY MASTER ORDER NOS. 89 AND 91**<br><br>Hearing Date: TBD<br>Time: TBD<br>Place: TBD<br><br>**Phase 2**<br><br>Discovery Cutoff: TBD<br>Pre-trial Conference: TBD<br>Trial: TBD |

00505.07975/3447430.1

Case No. CV 04-9049 DOC (RNBx)
MATTEL, INC.'S REPLY IN SUPPORT OF THE SUPPLEMENTAL DECLARATION OF MICHAEL T. ZELLER RE NOS. 89 AND 91

Despite having conceded that it has now withdrawn the copying claims that dominate its complaint, MGA now struggles to find alternate theories of relevance in order to retain dozens of requests it once justified as primarily or exclusively relevant to those very claims. Whether its goal is to continue to burden Mattel with irrelevant discovery, or, even more improperly, to resurrect its withdrawn claims closer to trial after steadfastly denying Mattel its own discovery from MGA, MGA's efforts to salvage these requests for production should be rejected. Each of the issues MGA has identified as a subject of valid discovery is already sufficiently covered by other, more appropriate compelled requests and/or has already been satisfied by Mattel's production. The challenged requests each seek substantial collections of now-irrelevant information and should be stricken.

## ARGUMENT

### A. Eliminating The Challenged RFPs Will Not Hinder MGA From Getting Documents Appropriately Relating to Mattel's Claims For Damages or MGA's Defenses

The only truly damages-directed requests MGA argues should be retained are 9049 request nos. 399, 408, 653 and 654. MGA claims that eliminating these four challenged requests will deprive it of "documents sufficient to determine total sales, revenue, royalties, costs of goods' [sic] sold and any other costs attributable to net profits referring or relating to" Acceleracers and Little Mommy.[1] But MGA does not need this discovery, as Acceleracers and Little Mommy are now out of the case. MGA has abandoned those claims, and Mattel is not asserting damages with respect to those products.

Also, in the very same submission, MGA admits that the type of information called for by these requests has already been provided for all products that Mattel

---

[1] Response at 6. Request Nos. 653 and 654 requested the same information as Request Nos. 399 and 408, but broken down by SKU number.

00505.07975/3447430.1

-1-   Case No. CV 04-9049 DOC (RNBx)
MATTEL, INC.'S REPLY IN SUPPORT OF THE SUPPLEMENTAL DECLARATION OF MICHAEL T. ZELLER
RE NOS. 89 AND 91

contends were harmed by MGA's Bratz. The lists of bates-numbered documents that Ms. Somasekar bracketed on pages 10 and 12 of Exhibit 1 of her Declaration refer to Mattel's brand profit and loss statements. These profit and loss statements were produced to MGA in response to requests for production (Phase 2 Request Nos. 73-76) that required Mattel, for every Mattel product "whose sales you contend were harmed by MGA's sale of the Bratz line of dolls and products" or "by Any act or omission of MGA alleged in YOU [sic] OPERATIVE COUNTERCLAIMS"[2] to

> produce DOCUMENTS sufficient to show, for each year from January 1, 1998 to the present: (a) the number of units of such MATTEL HARMED PRODUCT sold; (b) revenue received by YOU from such sales of each such product; (c) all costs YOU incurred in connection with each such product, including but not limited to YOUR cost of goods sold; and (d) YOUR gross and net profits from each such product.[3]

In addition, when it challenged requests from Order No. 89, Mattel excluded the specific My Scene damages-related requests. Along with request Nos. 73-76 above, numerous other surviving requests more than sufficiently address MGA's need for My Scene damages-related discovery, regardless of the theory. Among them are requests that collectively seek information on sales, revenues, royalties paid and received, cost of goods sold, other costs, profits, product names, product sku numbers, unit costs, and units sold for all "My Scene" products.[4]

MGA further contends that several of the challenged requests are likely to elicit information about specific product design and development decisions Mattel made, or might have made, that will be relevant to its defense of Mattel's lost opportunity/lost

---

[2] MGA Entertainment, Inc.'s First Set of Phase 2 Interrogatories to Mattel, Inc., dated April 14, 2009, at Request Nos. 7-8.

[3] MGA Entertainment Inc.'s Second Set of Phase 2 Requests for Production of Doucments and Other Tangible Things to Mattel, Inc., dated April 14, 2009, at Request Nos. 73-76.

[4] 9049 request nos. 74, 564, 657, 699-703, 716-719, 727-728, and 732-733. All of the unchallenged requests cited in this Reply are presented in Exhibit A to the Declaration of Diane C. Hutnyan In Support of Mattel's Reply.

profits claim.[5] While the challenged requests may sweep in documents that have some tangential relevance to that issue, that is a function of their vast overbreadth, not an argument for their appropriateness. Relevance is but one criterion in determining the proper scope of discovery. Discovery requests might encompass relevant information but should still be denied where, as is the case with these challenged requests, they are overbroad and not tailored to seek such information. See Wells v. Liddy, 186 F.3d 505, 518 (4th Cir. 1999) (upholding district court's denial of plaintiff's motion to compel where the initial documents requests were "overly broad and not narrowly tailored"); Standard Chlorine of Delaware, Inc. v. Sinibaldi, 821 F.Supp. 232, 258 (D. Del. 1992) ("[a]lthough it is true, as Defendants contend, that Standard's allegations against Defendants are wide-ranging and cover a lengthy period, clearly Defendants' overly-broad document requests are not justified thereby. Accordingly, the Court will deny (without prejudice to renew) Defendants' motion to compel Standard's compliance with their document request…"); Pederson v. Preston, 250 F.R.D. 61, 66 (D.D.C. 2008) ("[d]iscovery should be tailored to the issues involved in a particular case.").

Accordingly, while some of the challenged requests might theoretically allow MGA to identify a few design and development decision documents it claims are relevant, they only do so by way of a vastly overbroad fishing expedition, seeking, for example, all documents referring or relating to sources of inspiration for My Scene; all documents referring or relating to the initial design and development of My Scene; all documents referring or relating to consideration being given to changing the appearance of My Scene, including documents referring or relating to sculpts, face paint, eye design; and all documents referring or relating to changes to My Scene.[6] Each of these challenged requests was designed and defended by MGA to support MGA's now withdrawn claims. They impose a heavy burden on Mattel to produce a great deal of

---

[5] Response at 3-6.
[6] 9049 Request Nos. 1, 2, 4 and 7.

now irrelevant information while only potentially touching on something relevant, and only by sweeping in vast amounts of burdensome, irrelevant discovery.

In contrast, other requests that Mattel did not object to that were actually designed to get at information regarding Mattel's decisions, while still broad, do not also contemplate the same vast collection of irrelevant materials. For example:

> **9059 Request No. 89:** All DOCUMENTS mentioning, discussing, referring or relating to all of the facts and circumstances leading up to, surrounding or any way connected with the development, marketing and abandonment of "Toon Teens" including, without limitation, the reasons for and factors influencing the creation, design, development and marketing of "Toon Teens," and the reasons for and factors influencing the cessation or abandonment of the design, development or marketing of "Toon Teens."[7]
>
> **9059 Request No. 97:** All DOCUMENTS, including MARKET RESEARCH, referring or relating to, or influencing MATTEL's decision to create, design, develop or abandon "Toon Teens," including, without limitation, the reasons for and factors influencing its decision.
>
> **9059 Request No. 134:** If YOU contend that BRATZ has impacted or affected YOUR sales, profits or revenue from, or development of, ""Diva Starz"" as part of YOUR damages in this case, all DOCUMENTS, including MARKET RESEARCH, referring or relating to, or influencing MATTEL's decision to create, design or develop "Diva Starz," including, without limitation, the reasons for and factors influencing its decision.

---

[7] See also 9059 Request No. 88: "All DOCUMENTS that name or are otherwise sufficient to identify the individuals who worked on or were involved in any way in the plans for creating, designing, developing and marketing 'Toon Teens,' including individuals who worked on or were involved in any way in (1) deciding to create, design, develop or market "Toon Teens" and (2) deciding to stop or abandon the design, development or marketing of 'Toon Teens.'"

MGA's Response neither addresses the overbreadth of the requests it seeks to save, nor explains why the remaining requests are insufficient to obtain the type of information it claims it needs.

Moreover, these requests are supplemented by a number of other surviving requests seeking the market research-related information that MGA claims is relevant to Mattel's lost opportunity/lost profits claims, for example:

> **9049 Request No. 71:** All internal studies, analyses, presentations or investigations REFERRING OR RELATING TO the overall market shares and market position of "MY SCENE" and "Barbie," from 2001 to the present.
>
> **9049 Request No. 72:** All studies, analyses, presentations or investigations of the target audience, age groups, market share, or projections for "MY SCENE."
>
> **9049 Request No. 73:** All studies, analyses, presentations or investigations of the target audience, age groups, market share, or projections for "BRATZ."
>
> **9049 Request No. 91:** All DOCUMENTS REFERRING OR RELATING TO the commercial success or recognition of MGA's "BRATZ" including, without limitation, MARKET RESEARCH.

As the Court has noted, such decisions made at Mattel about edgy designs and the like *before* the release of Bratz would be most relevant, whereas similar decisions made at Mattel later on may be "so muddled by significant intervening events that they provide no insight."  04/09/10 Order, at 3.  The unchallenged discovery requests described above strike the right balance in reaching such purported decisions throughout the 1998-2006 period without also reaching whole bodies of irrelevant information.

### B.  MGA Has Not Shown That Any Of Its Remaining Unfair Competition Claims Will Be Affected By Elimination Of The Challenged Requests

MGA endeavors to defend dozens of requests on the basis that they are relevant to unspecified acts of "unfair competition."  But the "unfair competition" claims they are relevant to are the very "serial copycatting" copying claims that MGA just

00505.07975/3447430.1

-5-   Case No. CV 04-9049 DOC (RNBx)
MATTEL, INC.'S REPLY IN SUPPORT OF THE SUPPLEMENTAL DECLARATION OF MICHAEL T. ZELLER RE NOS. 89 AND 91

withdrew. In its complaint, MGA alleges that Mattel "systematically, copied, imitated and liberally borrowed many of the distinctive, essential elements that identify and make 'BRATZ' dolls 'BRATZ' dolls, diluting the brand, creating customer confusion, and unfairly stifling competition."[8] MGA's Complaint, in fact, spends 40 of the 67 paragraphs on unfair competition discussing this serial copycatting theory, including serial-copycatting of the Bratz dolls, packaging, themes, and advertising, with the remaining few paragraphs discussing other alleged bad acts by Mattel.[9] The challenged document requests relevant to these copying-related unfair competition claims should be stricken.

Discovery as to other alleged bad acts that constitute MGA's unfair competition claim is already addressed by other, surviving requests compelled by Order Nos. 89 and 91. Such requests directly address, for example, Mattel's supposed practice of using overbroad IP agreements and threatening employees or independent contractors who go to work for MGA;[10] alleged misconduct with respect to MGA's advertising;[11] purported misuse of litigation as a business strategy;[12] alleged threats and intimidation of retailers, licensors, distributors, manufacturers, and raw good suppliers to prevent them from working with MGA;[13] alleged improper influence of TIA, NPD, and CARU;[14] and alleged portrayals of Larian, MGA, Bratz or other MGA products in a negative light.[15] Because MGA has not even articulated, much less established, a connection between

---

[8] Complaint at 23-24.
[9] Complaint at 10-31.
[10] 9049 Request Nos. 456 and 457.
[11] 9049 Request Nos. 453, 456, 457.
[12] 9049 Request Nos. 75, 468, 642, 643, 681-684, 687, 688, 690, and 9059 Request Nos. 217 and 218.
[13] 9049 Request No. 44.
[14] 9049 Request Nos. 34-36, 40-42, 459, 461, 586, 588; 9059 Request Nos. 61-62.
[15] 9049 Request Nos. 458-463, 586, 588, 600; 9059 Request Nos. 61-62, 201-203.

00505.07975/3447430.1

-6-   Case No. CV 04-9049 DOC (RNBx)
MATTEL, INC.'S REPLY IN SUPPORT OF THE SUPPLEMENTAL DECLARATION OF MICHAEL T. ZELLER RE NOS. 89 AND 91

the challenged requests and *its remaining* unfair competition claims, the challenged requests should be stricken.

## C. MGA's Limited Remaining Trade Dress Claims Do Not Support Retaining Any Of The Challenged Requests

MGA continues to pursue only certain of its original trade dress claims. MGA's only Bratz-related trade dress claim is limited to its trapezoidal packaging, and MGA has identified exactly one allegedly infringing "My Scene" package (for Mattel's "Sound Lounge" product), two allegedly infringing BARBIE packages and some thus-far-unspecified "Toy Story" products.[16] MGA has also retained a trade dress claim with regard to the packaging for "4-Ever Best Friends" and "Wee 3 Friends."

In light of these narrow, remaining trade dress allegations, the challenged requests are, at best, defective for extreme overbreadth. For example, in 9049 Request Nos. 5, 6, 10 and 11, MGA seeks to retain the supposed right to "[a]ll DOCUMENTS REFERRING OR RELATING TO the design, development, themes, conception or creation of the packaging or artwork of 'MY SCENE' . . .," to "[a]ll DOCUMENTS REFERRING OR RELATING TO the development of the product design trade dress or packaging trade dress of 'My Scene,' including but not limited to the total image, design and appearance of the 'MY SCENE' product, as well as features of the 'MY SCENE' product such as size, shape, color, color combinations, texture or graphics, or anything else MATTEL considers to be its proprietary trade dress of 'MY SCENE,' and any changes thereto" and to "[p]hotographs or pictures sufficient to illustrate every

---

[16] Tellingly, the BARBIE packaging was never identified in any discovery responses as allegedly infringing packaging until late last month and certainly was never pled. Likewise, the unspecified "Toy Story" packaging was never pled nor disclosed in any discovery responses. Instead, they were first revealed at Isaac Larian's deposition last week, where he was unable to identify what product packaging is supposedly infringing. Larian also vaguely accused a third, unspecified BARBIE package that also was neither pled nor identified in discovery by MGA.

00505.07975/3447430.1

-7-   Case No. CV 04-9049 DOC (RNBx)
MATTEL, INC.'S REPLY IN SUPPORT OF THE SUPPLEMENTAL DECLARATION OF MICHAEL T. ZELLER RE NOS. 89 AND 91

variation or version of 'MY SCENE' dolls ever released as a commercial product [and considered by YOU but never released as a commercial product], including without limitation, face paint, face paint plans or designs, eye designs, drafts, ideas or concepts." But MGA can no longer justify its supposed entitlement to such requests since only the product packaging for a single "My Scene" product is now the subject of MGA's trade dress claims. Documents concerning the "My Scene" dolls, artwork and other "My Scene" packaging are all irrelevant.

As for Wee 3 Friends/4-Ever Best Friends, MGA even agrees that the challenged requests pertain only to "minor aspects" of this claim, but fails to explain why retaining all of its requests that were designed to discover information pertinent to that claim would be insufficient. 9049 Request Nos. 410-418 and 655, which were not challenged by Mattel, are much more narrowly targeted to address the issues relating to this claim.

## **CONCLUSION**

In opposing elimination of the challenged requests, MGA seeks not to retain legitimate discovery into its remaining claims and defenses. It seeks to maintain a huge discovery burden it originally imposed by pursuing theories it now concedes had no merit. MGA has not shown that any of the challenged requests are appropriately tailored to obtain information relevant to its surviving claims and defenses without obtaining a vast amount of irrelevant material, or that eliminating these requests would prejudice its legitimate interests in this case.

DATED: April 20, 2010          QUINN EMANUEL URQUHART &
                               SULLIVAN. LLP


                               By /s/ Michael T. Zeller
                                  Michael T. Zeller