1  MELINDA HAAG (State Bar No. 132612)
   mhaag@orrick.com
2  ANNETTE L. HURST (State Bar No. 148738)
   ahurst@orrick.com
3  WARRINGTON S. PARKER III (State Bar No. 148003)
   wparker@orrick.com
4  ORRICK, HERRINGTON & SUTCLIFFE LLP
   405 Howard Street
5  San Francisco, CA 94105-2669
   Tel: (415) 773-5700/Fax: (415) 773-5759
6
   WILLIAM A. MOLINSKI (State Bar No. 145186)
7  wmolinski@orrick.com
   ORRICK, HERRINGTON & SUTCLIFFE LLP
8  777 South Figueroa Street, Suite 3200
   Los Angeles, CA 90017
9  Tel. (213) 629-2020/Fax: (213) 612-2499

10 THOMAS S. MCCONVILLE (State Bar No. 155905)
   tmcconville@orrick.com
11 ORRICK, HERRINGTON & SUTCLIFFE LLP
   4 Park Plaza, Suite 1600
12 Irvine, CA 92614-2258
   Tel: (949) 567-6700/Fax: (949) 567-6710
13 Attorneys for MGA Parties

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>MGA ENTERTAINMENT, INC., a California corporation, et al.,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | Case No. CV 04-9049 DOC (RNBx)<br>Consolidated with:<br>Case No. CV 04-9059<br>Case No. CV 05-2727<br><br>Hon. David O. Carter<br><br>**DECLARATION OF THOMAS S. MCCONVILLE IN SUPPORT OF MGA ENTERTAINMENT, INC.'S MOTION TO ENFORCE COURT'S JANUARY 26, 2010 ORDER** |

1 **DECLARATION OF THOMAS S. MCCONVILLE**

2     I, Thomas S. McConville, declare:

3     1.   I am an attorney at the law firm of Orrick, Herrington & Sutcliffe LLP, counsel of record for MGA Parties in the above-captioned action. I am a member in good standing of the State Bar of California and am admitted to practice before this Court. I have personal knowledge of the facts set forth in this Declaration and, if called as a witness, could and would testify competently to such facts under oath.

    2.   Attached hereto as **Exhibit A** is a true and correct copy of a letter dated February 17, 2010, from Mattel, Inc.'s counsel, Michael T. Zeller, to the Honorable David O. Carter, containing the subject line, "Mattel's In Camera Submission Pursuant to the Court's January 26, 2010 Order."

    I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed at Irvine, California on the 21st of April, 2010.

                                                      */s/ Thomas S. McConville*
                                                       Thomas S. McConville

MCCONVILLE DECLARATION
CV 04-9049 DOC (RNBX)

# Exhibit A

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

WRITER'S DIRECT DIAL NO.
(213) 443-3666

WRITER'S INTERNET ADDRESS
dianehutnyan@quinnemanuel.com

February 17, 2010

**VIA MESSENGER**

The Honorable David O. Carter
United States District Judge
411 West Fourth Street
Courtroom 9D
Santa Ana, California 92701

Re: Mattel's In Camera Submission Pursuant to the Court's January 26, 2010 Order

Dear Judge Carter:

Enclosed please find Mattel, Inc.'s submissions to the Court pursuant to the Court's Order Regarding Discovery Matters, dated January 26, 2010. Mattel makes this submission in accordance with the following paragraphs in the Court's Order.

### 10. Forecasting and Inventory Systems

Pursuant to paragraph 10, Mattel has produced to MGA the documents in its possession sufficient to demonstrate and describe the function and method and manner of operation of any forecasting or inventory system or process used by Mattel during the six month time period before and the six month time period after Castilla began working for MGA. In addition, Mattel has produced to MGA all but one the documents that demonstrate and describe the function and method and manner of operation of any forecasting or inventory system or process considered, contemplated or discussed by Mattel, but not used by Mattel, during the six month time period before and the six month time period after Castilla began working for MGA. These previously produced documents can be found under tabs 1-79 and are identified in the index of documents provided.

quinn emanuel urquhart oliver & hedges, llp

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100
CHICAGO | 250 South Wacker Drive, Suite 230, Chicago, Illinois 60606 | TEL 312-463-2961 FAX 312-463-2962
TOKYO | Akasaka Twin Tower Main Building, 6th Floor, 17-22 Akasaka 2-Chome, Minato-ku, Tokyo 107-0052, Japan | TEL +81-3-5561-1711 FAX +81-3-5561-1712
LONDON | 16 Old Bailey, London EC4M 7EG, United Kingdom | TEL +44-20-7653-2000 FAX +44-20-7653-2100

Exhibit A - Page 2

There is one more document evidencing a system that was considered by Mattel, but never used. It has not been produced to MGA, as it is not relevant. This document is under Tab No. 80 and is further identified in the index of documents provided.

**11.** **Investigation Files**

Pursuant to Paragraph 11, Mattel submits the following investigative files: 02-115, 02-299, 03-664 (including the "Confidential Case Package" referenced at M 0074403), 02-1680, 03-034, 04-0287, 04-423, 05-0579, 06-0147, the Dan Cooney investigative file, and the Dan King investigative file. As ordered, Mattel has provided each of these files in two forms: (1) the form in which they have been produced to MGA, and, on an *in camera* basis only, (2) their complete form, including both produced materials and materials that have been withheld on the basis of attorney-client privilege and/or as attorney work product. The only exception is file 02-299, which has not been produced to MGA because the entire investigation was conducted under the supervision and at the direction of counsel. This file has thus been withheld as attorney work product (and parts of it have been withheld also as attorney-client communications). It has been submitted only in its complete form and for *in camera* review only.

The complete versions of the investigation files contain information reflecting attorney-client communications and information related to tasks performed at the direction of counsel that constitute work product. In order to differentiate between privileged information and produced information, produced documents are indicated by Bates numbering. Any privileged material that pre-dates the initiation of this lawsuit has been logged, and these documents are labeled according to their entry number on Mattel's privilege logs. Pursuant to the parties' practice in this case, as approved by the Court, privileged and work product materials that post-date the initiation of this action have not been logged.[1] These documents are indicated by red page numbers containing the prefix "priv."

**12.** **Communications Concerning Investigation Files**

Pursuant to Paragraph 12, Mattel submits *in camera* the portions of email generated or received by members of Mattel's Security Department in the course of the investigations listed in Paragraph 11 of the order and that have been withheld because they contain or reflect attorney-client communications and/or because they contain information regarding tasks carried out at the direction of counsel in anticipation of litigation. All non-privileged email generated or received in the course of these investigations has been produced to MGA and has not been submitted. Because these emails (or portions of emails) post-date the initiation of the action, they have not been logged.

---

[1] See, e.g., Discovery Matter Order dated May 27, 2008, at 2:10-14 (requiring the logging of privileged documents through April 27, 2004 only); see also Judge Larsen's Order dated May 6, 2008, at 5:3-7 (same).

2

Exhibit A - Page 3

Mattel has provided page numbering for the email and email portions it has submitted. This numbering is purely for the Court's convenience and is not Bates numbering, as these documents have not been produced due to their privileged nature.

### 13. Video Footage

Pursuant to Paragraph 13, Mattel submits *in camera* video of Ron Brawer taken subsequent to his departure from Mattel. This video was created by investigators at the direction of counsel in anticipation of litigation and is attorney work product and Mattel accordingly submits it *in camera* for the Court to review. See, e.g., Ward v. AT Systems, Inc., 2008 WL 4148599, *2 (E.D. Pa. 2008) ("video...obtained in anticipation of litigation by a party of the party's representative...must be regarded as work product.").

### 16. Hard Drive Analysis

Pursuant to Paragraph 16, Mattel submits for *in camera* review a privileged and work product draft of an analysis of a computer used by Ron Brawer.

### 19. NHB Documents

Pursuant to Paragraph 19, Mattel respectfully submits for *in camera* review all documents on Mattel's privilege log referring or relating to "NHB" dated up through April 27, 2004. For the Court's convenience, Mattel has also provided, on an *in camera* basis, a log of these documents and a list of the individuals who appear on that log, with their positions. The basis for Mattel's assertion of privilege, or of work product protection, over the documents submitted pursuant to this paragraph is set out with specificity in the concurrently submitted log.

Mattel will provide upon request any additional information concerning Mattel's submissions that the Court may require.

Respectfully,

by John S. Gordon

Michael T. Zeller

3