QUINN EMANUEL URQUHART & SULLIVAN, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation,<br><br>                    Plaintiff,<br><br>          vs.<br><br>MGA ENTERTAINMENT, INC., a California corporation, et al.<br>                    Defendants.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 DOC (RNBx)<br><br>Consolidated with<br>Case No.    CV 04-09059<br>Case No.    CV 05-2727<br><br>Hon. David O. Carter<br><br>**MATTEL, INC.'S STATUS REPORT REGARDING THE LARIAN HARD DRIVE INSPECTION PURSUANT TO THE COURT'S APRIL 10, 2010 ORDER**<br><br>**Phase 2:**<br>Disc. Cut-off:         TBD<br>Pre-trial Conf.:      TBD<br>Trial Date:            TBD |

00505.07975/3463967.2

STATUS REPORT REGARDING LARIAN HARD DRIVE INSPECTION

1    Pursuant to the Court's April 10, 2010 Order regarding inspection of
2  Isaac Larian's hard drives, Mattel, Inc. ("Mattel") hereby submits a Status Report
3  regarding the Parties' progress with respect to the inspection of Mr. Larian's hard
4  drives.[1]

5    Paragraph 4 of the April 10, 2010 Order requires the Parties to follow a
6  three-step protocol with respect to the Larian drives.  As stated in the April 10
7  Order, this protocol is laid out at page 8:27 through 9:12 of MGA's Supplemental
8  Briefing Pursuant to 2/27/2010 Order Re Objections to Electronic Discovery Special
9  Master Report and Recommendation No. 5.[2]  First, Mattel must provide MGA with
10  a list of files deleted from the Larian drives.  Second, MGA is required to identify
11  any files it contends are active versions of the deleted files identified by Mattel.
12  Finally, MGA must provide to Mattel copies of any active files it contends are
13  active versions of the deleted files so Mattel may verify MGA's analysis.  This
14  Status Report addresses the Parties' progress in completing the three steps of this
15  protocol.

16    With regard to the first step of the protocol, Mattel delivered a list of
17  deleted files to MGA on December 15, 2009.  Though Mattel believes this list to be
18  comprehensive, Mattel is presently unable to confirm this due to MGA's continuing

---

[1]  Mattel submits a separate report regarding the Parties' progress only after
attempting to reach a stipulation on the issue with MGA.  MGA rejected Mattel's
multiple attempts to reach a stipulation, claiming that the Parties had reached an
"impasse," and proceeded to file its Report Regarding Status of Larian Hard Drive
Inspection.  Mattel therefore submits this Status Report to apprise the Court of the
Parties' progress with respect to the protocol and to respond to MGA's unilaterally
filed Report.
[2]  April 10, 2010 Order, Dkt. No. 7709 at 3, ¶ 4; MGA's Supplemental Briefing
Pursuant to 2/27/2010 Order Re Objections to Electronic Discovery Special Master
Report and Recommendation No. 5, dated March 15, 2010, Dkt. No. 7651 at 8:27-
9:12.

1  refusal to permit Mattel's consultant access to its own work product and to the

2  Larian drives.  On April 19, MGA's counsel argued that some of the file names

3  themselves "disclose the content of legal advice" and are thus privileged.  Such file

4  names should be submitted to the Court immediately for *in camera* inspection so

5  that any non-privileged file names can be released to Mattel's consultant and Mattel.

6        With regard to the second step of the protocol, Mattel believes MGA's

7  analysis is complete and need only be released to Mattel to move to the third step.

8  Notwithstanding the current activities described by MGA in today's submission,

9  MGA conducted an analysis based on the list Mattel provided in December, and

10  represented that the analysis was complete just over four weeks after Mattel's

11  consultant submitted its deleted files list, on January 19, 2010.[3]  MGA further

12  represented that it was prepared to submit this responsive analysis to Electronic

13  Discovery Master Smith in connection with briefing on the Larian hard drive issue.[4]

14  Mattel and its consultant have been unable to obtain access to this responsive

15  analysis.

16        Mattel disagrees that the second step of the protocol permits MGA to

17  review and withhold files it relies on in its analysis for responsiveness, privacy,

18  relevance or privilege.  In order to cure the inequality in access to information

19  inherent in the previous protocol, MGA had offered to provide Mattel with copies of

20  any active files on which it intends to rely in its responsive analysis.  The second

21  step of the protocol thus calls for MGA to provide Mattel with copies of any files it

22  relies on to respond to Mattel's list of deleted files.

23

24  _____

25  [3]  See Email from Samuel Rubin to Chris Pavan and Nick Ringold, dated
26  January 19, 2010, attached hereto as Exhibit A.
   [4]  See Email from Annette Hurst to Michael Zeller, dated January 15, 2010,
27  attached hereto as Exhibit B.

28

1         With regard to the final step of the protocol, MGA has refused to

2  disclose the active files upon which it is relying to Mattel.  Mattel is therefore

3  currently unable to verify or refute any of MGA's findings.

4  DATED:  April 21, 2010        QUINN EMANUEL URQUHART & SULLIVAN. LLP

5

6                              By /s/ Diane C. Hutnyan

7                                Diane C. Hutnyan

8                                Attorneys for Mattel. Inc.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

**From:** Samuel Rubin <SRubin@StrozFriedberg.com>
**Date:** January 19, 2010 4:58:50 PM PST
**To:** "chris@42-consulting.com" <chris@42-consulting.com>, "Nick Ringold (nick@42-consulting.com)" <nick@42-consulting.com>
**Cc:** "Hurst, Annette" <ahurst@orrick.com>, James Aquilina <JAquilina@StrozFriedberg.com>
**Subject: Stroz Friedberg Review of 42 LLC Larian Media Work**

Chris and Nick:

Pursuant to the agreement between the parties, as of today, we are making available our preliminary response from a review of the 42 LLC findings from the Larian Media.


You may access our response, as well as the Larian Media images, in our offices at your convenience.  We ask only that you provide us as much notice as possible about when you plan to be in our offices.


Best,

Sam


**Samuel S. Rubin**
Director, Digital Forensics

Tel:        310.623.3281
Mobile:  310.402.7582
Fax:       310.623.3277

1925 Century Park East, Suite 1350, Los Angeles, CA 90067
srubin@strozfriedberg.com  www.strozfriedberg.com

# STROZ FRIEDBERG

This message is for the named person's use only. It may contain confidential, proprietary or legally privileged information. No right to confidential or privileged treatment of this message is waived or lost by any error in transmission. If you have received this message in error, please immediately notify the sender by e-mail or by telephone, delete the message and all copies from your system and destroy any hard copies. You must not, directly or indirectly, use, disclose, distribute, print or copy any part of this message if you are not the intended recipient.

# EXHIBIT B

**From:** Hurst, Annette [mailto:ahurst@orrick.com]
**Sent:** Friday, January 15, 2010 2:10 AM
**To:** Michael T Zeller; McConville, Thomas
**Cc:** Diane Hutnyan; Dylan Proctor; Parker, Warrington
**Subject:** RE: Experts

Mike:

Thank you. We are reviewing your proposal and will get back to you with any proposed changes. With respect to your comments below, they are generally correct, with the caveat that I don't know what you are and are not expecting concerning the Larian hard drives. You will recall that Marshall Searcy and I reached an independent agreement as to how the analysis would proceed as to the Larian hard drives which was memorialized in the reported transcript of our meeting. Mattel made its first deliverable under that agreement. Although Mattel later seemingly repudiated that agreement, MGA continues to honor it, and we will have our required deliverable on that next week. At that point we intend to submit the responsive deliverable to E-Discovery Special Master James Smith as a supplement to the pending motions (I believe Mattel's was already submitted, but if I am incorrect, then we will submit both).

Annette

-----Original Message-----
From: Michael T Zeller [mailto:michaelzeller@quinnemanuel.com]
Sent: Thu 1/14/2010 10:48 AM
To: Hurst, Annette; McConville, Thomas
Cc: Diane Hutnyan; Dylan Proctor
Subject: Experts

As we discussed, I am enclosing a proposed stipulation and order that we believe will be helpful in streamlining expert discovery. (My apologies for your not receiving it earlier; I thought it had been sent last week.) Please review them and let us know your thoughts and comments at your earliest convenience.

I also wanted to confirm our discussions on January 5 about the timing of expert reports and expert discovery. We both recognize that there is currently no concrete schedule for expert disclosures and that the current volume and pace and scope of fact discovery makes it impractical to set such a schedule at this point, but that the parties should plan to work together to set a schedule so that they each have sufficient notice and opportunity to prepare opening and rebuttal expert reports, and to prepare for and take expert discovery.

Accordingly, I suggest that we pencil in early February as a tentative date to revisit discussions about setting an appropriate expert discovery schedule. As we agreed, the parties will be in a better position to intelligently discuss the issue once fact discovery has proceeded further. As we also agreed, the parties will hold off in serving any expert reports until a schedule has been put in place. If I have misunderstood any of this or if your understanding differs, please let me know.

Michael T. Zeller

Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Direct: (213) 443-3180
Main Phone: (213) 443-3000
Main Fax: (213) 443-3100
E-mail: michaelzeller@quinnemanuel.com <mailto:michaelzeller@quinnemanuel.com>
Web: www.quinnemanuel.com <blocked::http://www.quinnemanuel.com/>

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.