# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

Case No. CV 04-9049 DOC (RNBx)                                      Date: April 20, 2010

Title: MATTEL, INC. v. MGA ENTERTAINMENT, INC.

---

DOCKET ENTRY
 [I hereby certify that this document was served by first class mail or Government messenger service, postage prepaid, to all counsel (or parties) at their respective most recent address of record in this action on this date.]
                                                              Date:_____  Deputy Clerk: _____

---

PRESENT:

### THE HONORABLE DAVID O. CARTER, JUDGE

  Stephanie Mikhail                                                  Not Present
  Courtroom Clerk                                                    Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:  ATTORNEYS PRESENT FOR DEFENDANTS:

     NONE PRESENT                                        NONE PRESENT

---

PROCEEDING (IN CHAMBERS): ORDER DIRECTING PRODUCTION FOR IN CAMERA REVIEW COMPLETE BOARD MINUTES AND PRESENTATIONS

Before the Court is the MGA Parties' *ex parte* Application to Compel Production of Complete Board Minutes and Presentations with Redactions only for Attorney-Client Privilege (the "Application"). By the Application, the MGA Parties seek the production of Mattel's board of directors meeting minutes with redactions only to correspond with the attorney-client privilege. The MGA Parties further seek the production of "[a]ny non-privileged reports, presentations, or similar materials accompanying the same." The MGA Parties request that such production be ordered to occur on or before April 23, 2010, which is the date of Mattel's CEO's resumed deposition.

Eckert identified a number of documents during his last deposition, including quarterly financials, internal reports, materials distributed to Mattel's board of directors, and Mattel's board of directors' meeting minutes. The MGA Parties moved to compel the production of documents identified by Eckert, which resulted in considerable contention between the parties about which documents Eckert "identified" or, in the alternative, "relied upon" during his deposition. The Court directed the parties to

meet and confer and the parties thereafter agreed that Mattel would produce a number of documents, including: (1) Mattel's year-end financial packages for every year from 2000 to the present; (2) Mattel's quarterly forecasts from 2000 to the present; and (3) Mattel's Board Minutes redacted to exclude "all non-responsive information."

Mattel has identified hundreds of products whose sales suffered as a result of the wrongful acts alleged to have been committed by the MGA Parties. The products are identified in charts entitled "Mattel Harmed Products – Girls – Barbie Products" and "Mattel Harmed Products – Boys Brands." Both charts list products on a year-by-year basis and include the following categories of products: (1) Barbie; (2) non-doll Barbie; (3) Other girls products; (4) Hot Wheels; (5) Wheels; (6) Entertainment; (7) Games & Puzzles; and (8) Radica.

The MGA Parties argue that the redacted portions of Mattel's Board Minutes are relevant to Mattel's damages claims and that a document may only be redacted on privilege grounds. Mattel responds that the redacted portions of the Board Meeting minutes contain highly sensitive non-responsive information and that Mattel's prior production of financial statements, year-end financial packages, brand profit and loss statements, market research reports supplies the MGA Parties with sufficient discovery about Mattel's damages claims.

Neither party is correct. First, redaction is an appropriate tool to prevent the disclosure of sensitive non-responsive information contained in an otherwise responsive document. *See, e.g. U.S. E.E.O.C. v. ABM Indus. Inc.*, No. 07-cv-01428 LJO JLT, 2010 WL 785819, at *4 (E.D. Cal. Mar. 4, 2010). Indeed, it was the MGA Parties who requested to redact **relevant** bank account records produced in response to Mattel's requests for production concerning Omni – a request the Court in large part granted. Second, Mattel's argument that "MGA has comprehensive data about Mattel's damages claims" is not a basis for Mattel to unilaterally withhold relevant data. It remains in the Court's discretion to restrict the production of duplicative or unreasonably cumulative evidence. *See* Rule 26(b)(2)(C).

The Court is more persuaded by Mattel's argument that the Board Minutes contain otherwise non-responsive (yet sensitive) information, like data on Mattel's Fisher-Price products line, Mattel's internal compensation structure, Mattel's corporate governance policies, and Mattel's internal financial discussions. The MGA Parties respond that the unredacted portions of the Board Meeting minutes reveal that certain board meetings concerned highly relevant topics, "Girls's Business Unit and/or Boys's/Entertainment Business Unit" data.

However, the Court cannot evaluate the relative merit of the parties' arguments without examining the documents at issue. For the foregoing reasons, the Court ORDERS Mattel to produce, on or before April 21, 2010 at 12:00 p.m., for the Court's *in camera* review unredacted versions of all board minutes produced to the MGA Parties in connection with the parties' March 5, 2010 agreement. Mattel shall, in addition, identify for the Court precisely those portions of the documents that were

redacted when produced to the MGA Parties or, in the alternative, produce for the Court's *in camera* review the unredacted versions of the board minutes as they were produced to the MGA Parties. The Court further HOLDS IN ABEYANCE the MGA Parties' request that Mattel be compelled to produce "[a]ny non-privileged reports, presentations, or similar materials accompanying the same."

The Clerk shall serve this minute order on all parties to the action.