## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

Case No. CV 04-9049 DOC (RNBx)                                          Date: April 20, 2010

Title: MATTEL, INC. v. MGA ENTERTAINMENT, INC.

---

DOCKET ENTRY
   [I hereby certify that this document was served by first class mail or Government messenger service, postage prepaid, to all counsel (or parties) at their respective most recent address of record in this action on this date.]
                                                            Date:_____  Deputy Clerk: _____

---

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

   Stephanie Mikhail                                              Not Present
   Courtroom Clerk                                                Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:    ATTORNEYS PRESENT FOR DEFENDANTS:

   NONE PRESENT                                                  NONE PRESENT

---

PROCEEDING (IN CHAMBERS): ORDER REGARDING RESPONSES TO COURT'S MARCH 31 ORDER TO SHOW CAUSE RE PROTECTIVE ORDER

      Before the Court are the responses submitted by Mattel, Inc. ("Mattel"), MGA Entertainment, Inc. and Isaac Larian (the "MGA Parties"), Gustavo Machado ("Machado"), and third-party Lexington Financial Ltd. ("Lexington") to the Court's March 31, 2010 Order to Show Cause as to why the Protective Order in this case should not be lifted in its entirety.

      The responses – especially those submitted by Mattel and MGA – include considerable discussion about other parties' purported misuse of the Protective Order.  *See, e.g.*, Mattel's Response to OSC at 2 (objecting to MGA's invocation of the Protective Order with respect to documents attached to Mattel's proposed FAAC); MGA's Response to OSC at 1-2 (characterizing AEO designation as an attempt by Mattel to frustrate MGA's ability to conduct depositions and prevent MGA's counsel from discussing critical documents with client).  The responses nevertheless agree that the Protective Order should not be lifted in its entirety.

      First, both parties agree that certain categories of documents warrant protection from

disclosure. Mattel argues that these protected documents should include third-party retailer information and other "forward-looking" product information – *e.g.*, board of directors materials; business plans and product information not generally known; confidential retail customer agreements and data; private or confidential employment information; confidential sales information; consumer information; employment agreements and related documents; information Mattel is legally bound to keep confidential; marketing, advertising, and promotional research documents; internal security and investigative files; forecasting, supply chain, inventory management documents; police reports and other related documents; product safety information; unpublished and confidential financial information; and "other" trade secrets and trade secret documents. The MGA Parties argue that data reflecting Larian's and/or MGA's finances should remain confidential. The MGA Parties concur that information about future products should be designated AEO in order to protect MGA's "ability to compete in the toy industry." *See* MGA Response to OSC at 2 n. 1. Combined, Mattel and MGA effectively re-wrote the Protective Order in their submissions.

Second, Mattel suggests that the Protective Order be modified to shift the burden to the party seeking to prevent disclosure instead of the party challenging the Confidential or AEO designation. Mattel's theory fails because the parties' well-documented practice of challenging designations would render the Protective Order nugatory and require frequent Rule 26(c) hearings.

The Court's OSC resulted from the MGA Parties' complaint that Mattel's proposed FAAC impermissibly attached documents designated as Confidential and/or AEO pursuant to the Protective Order. The Court was further concerned with the serial use of the Protective Order to restrict disclosure of deposition transcripts, including most recently the Larian deposition transcript.

It is unsurprising that in a lawsuit alleging, *inter alia*, the misappropriation of trade secrets, both Mattel and MGA are sensitive to the disclosure of information they consider valuable. The Court does not disregard such concerns. However, the purpose of a Protective Order is to prevent serial and piece-meal motions under Rule 26(c) and thereby facilitate the discovery process. That has not happened here. Instead, the scope of the allegations in this lawsuit – which touch on nearly every product and business practice of both parties – have required expansive discovery that inevitably leads to the disclosure of sensitive information. And the very nature of the allegations makes it inevitable that each party does not concur with the other party's determinations as to which documents are valuable or which testimony should remain confidential.

Had the Court confronted this issue at an earlier stage in the litigation, it would have considered the Protective Order an obstruction to the pre-trial process. But discovery is approaching completion. The Court can continue to consider challenges to Protective Order designations on an ad hoc basis and the Protective Order can be lifted as to certain admissible evidence at the time of trial.

Accordingly, the Court DISCHARGES the OSC.

The Clerk shall serve this minute order on all parties to the action.