**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

Case No. CV 04-9049 DOC (RNBx)                                           Date: April 20, 2010

Title: MATTEL, INC. v. MGA ENTERTAINMENT, INC.

---

DOCKET ENTRY
       [I hereby certify that this document was served by first class mail or Government messenger service, postage prepaid, to all counsel (or parties) at their respective most recent address of record in this action on this date.]
                                                      Date:_____ Deputy Clerk: _____

---

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

   Stephanie Mikhail                                      Not Present
   Courtroom Clerk                                        Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:   ATTORNEYS PRESENT FOR DEFENDANTS:
        NONE PRESENT                                NONE PRESENT

---

PROCEEDING (IN CHAMBERS): ORDER STRIKING AS MOOT SPECIALLY APPEARING THIRD PARTY LEXINGTON FINANCIAL LTD.'S EX PARTE APPLICATION TO CONSIDER ITS POSITION PAPER IN CONNECTION WITH APRIL 20, 2010 OSC RE PROTECTIVE ORDER

On March 31, 2010, the Court issued an Order to Show Cause as to why the Protective Order in this case should not be vacated in its entirety as a result of the parties' inability to agreeably apply and abide by the terms of the Protective Order (the "OSC"). The OSC directed responses from the parties *and* "any other interested entities or individuals." Third Party Lexington Financial Ltd. filed the instant *ex parte* application on April 19, 2010. The very purpose of Lexington's *ex parte* application is a matter of dispute.

The substance of Lexington's application argues against the lifting of Protective Order on the grounds that certain documents already produced by Maria Bashaw and International Corporate Advisors in response to Mattel's subpoena and the Court's Order to Compel Production of Responsive non-privileged documents contain Lexington's sensitive bank account information. *See* Docket 7738 at 4 ("It would therefore be fundamentally unfair to Lexington if the Protective Order is dissolved or modified and no longer governs the productions of the Lexington documents made by Ms.

Bashaw/ICA, given that these productions were made with the expectation that the receiving parties would honor the confidentiality of these productions."). Mattel has tentatively agreed to apply the Protective Order's "Confidential" and "Attorneys' Eyes Only" designations to the documents produced by Ms. Bashaw and ICA subject to the outcome of the OSC.

Mattel nonetheless considers Lexington's application relevant to a separate dispute between Mattel and Lexington; namely, the destruction of an initial production of documents served on Mattel by Ms. Bashaw and ICA. The *ex parte* application does include some language to this effect though the application does not expressly move the Court to order the destruction of such documents. *See* Docket 7738 at 4 ("Lexington also respectfully requests that the Court order the initial production be destroyed given the confidentiality concerns associated with the disclosure of detailed bank account information."). On March 23, 2010, Bashaw and ICA served on Mattel a production of documents that contained Lexington (and other entities') bank account numbers in full. Ms. Bashaw and ICA realized the scope of the disclosure one day after the initial production and provided Mattel with a new set of documents, in which "sensitive account information" was redacted. Lexington, Bashaw, and ICA requested that Mattel destroy the first set of documents received from Ms. Bashaw and ICA, and Mattel declined.

Finally, the plain title of Lexington's submission only requests that the Court consider the arguments made by Lexington. Indeed, the language in Lexington's proposed order is restricted to the mere consideration of some of the arguments in Lexington's application. *See* Docket 7738-3 ("It is hereby ordered that the *Ex Parte* Application is granted, and Lexington's position paper *will be considered* in connection with the Court's April 20, 2010 OSC Re Protective Order [sic].").

The OSC specifically provided for the submission of responses by non-parties. The arguments made by Lexington in favor of the Protective Order's continued application to the document productions made by Ms. Bashaw and ICA, while untimely, will nonetheless be considered.[1] Lexington's *other* embedded request – that the Court order Mattel to destroy Ms. Bashaw and ICA's first document production – is not the basis for the application nor properly brought by Lexington. The nature of Lexington's relationship with Ms. Bashaw and ICA remains unclear, and it is unclear what basis Lexington has to move for the destruction of documents produced by a separate entity in a lawsuit in which Lexington is not even a party. For the foregoing reasons, the Court STRIKES AS MOOT the Application.

The Clerk shall serve this minute order on all parties to the action.

---

[1] Mattel does not actually oppose the *ex parte* Application – the opposition is limited to certain arguments contained within the application.