**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

Case No. CV 04-9049 DOC (RNBx)                                           Date: April 22, 2010

Title: MATTEL, INC. v. MGA ENTERTAINMENT, INC.

---

DOCKET ENTRY
    [I hereby certify that this document was served by first class mail or Government messenger service, postage prepaid, to all counsel (or parties) at their respective most recent address of record in this action on this date.]
                                                                                Date:_____   Deputy Clerk: _____

PRESENT:

                          THE HONORABLE DAVID O. CARTER, JUDGE

    Stephanie Mikhail                          Not Present
    Courtroom Clerk                            Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:   ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT                                                NONE PRESENT

---

PROCEEDING (IN CHAMBERS): ORDER DENYING WITHOUT PREJUDICE MATTEL'S MOTION TO COMPEL FURTHER DEPOSITION OF ISAAC LARIAN

       Before the Court is Mattel, Inc. ("Mattel")'s Motion to Compel Further Deposition of Isaac Larian (the "Motion"). MGA submitted its opposition papers on April 21, 2010. After considering the moving and opposing papers, the Court DENIES WITHOUT PREJUDICE the Motion. Larian has appeared for eight days of deposition in this lawsuit.

       Mattel argues that Larian's testimony as to the purported purchase of the Wachovia debt was insufficient. But the record does not so reflect, and while Mattel identifies several questions that purportedly remain unanswered – an easy task – Mattel fails to identify how such questions are precisely relevant to the claims alleged in the FAAC.

       Moreover, Mattel argues that Larian waived any attorney-client privilege as to the "O'Connor-Larian" email, discovery into which is the subject of MGA's pending appeal of Discovery Matter Order No. 90. The Court appreciates Mattel's argument, as well as MGA's proposal to

"disclose *in camera* the circumstances under which the document was previously marked privileged." But present inquiry into the e-mail is premature and Mattel's Motion is broadly directed to discovery into the e-mail, not narrowly focused on whether further deposition of Larian is necessary or warranted (especially in light of Larian's provision of two hours of responsive testimony as to the e-mail).

    For the foregoing reasons, Mattel's Motion is DENIED WITHOUT PREJUDICE.

    The Clerk shall serve this minute order on all parties to the action.