MELINDA HAAG (State Bar No. 132612)
mhaag@orrick.com
ANNETTE L. HURST (State Bar No. 148738)
ahurst@orrick.com
WARRINGTON S. PARKER III (State Bar No. 148003)
wparker@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building, 405 Howard Street
San Francisco, CA 94105
Tel. (415) 773-5700/ Fax: (415) 773-5759

WILLIAM A. MOLINSKI (State Bar No. 145186)
wmolinski@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA  90017
Tel. (213) 629-2020/Fax: (213) 612-2499

THOMAS S. McCONVILLE (State Bar No. 155905)
tmcconville@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
4 Park Plaza, Suite 1600
Irvine, CA 92614-2258
Tel: (949) 567-6700/Fax: (949) 567-6710

Attorneys for MGA Parties

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | Case No.  CV 04-9049-DOC (RNBx)<br><br>Consolidated with:<br>Case No. CV 04-9059<br>Case No. CV 05-2727<br><br><u>Hon. David O. Carter</u><br><br>**EX PARTE APPLICATION TO SET BRIEFING SCHEDULE ON MOTIONS DIRECTED TO THE FOURTH AMENDED ANSWER AND COUNTERCLAIMS** |

**EX PARTE APPLICATION**

Counter-defendants MGA Entertainment, Inc., MGAE de Mexico S.R.L. de C.V., MGA HK Ltd., Isaac Larian (collectively, the "MGA Parties") and IGWT 826 Investments LLC ("IGWT") hereby move ex parte to set a briefing schedule for their planned motions to dismiss and motions for summary adjudication.  The MGA Parties and IGWT request that the deadline for the filing of their motions be set no sooner than May 5, 2010.  The MGA Parties and IGWT have no objection to the Court affording Mattel more than one week to file oppositions to the motions, and further request a week from the date set for Mattel's opposition in order to file reply briefs.  The MGA Parties and IGWT also respectfully request that the motions be set for hearing before the Court on a day and time convenient for the Court and lead counsel for all of the parties.

**PROCEDURAL BACKGROUND**

Mattel first proposed the filing of its Fourth Amended Answer and Counterclaims ("FAAC") in August 2009.  In November 2009, the Court ordered the motion for leave to amend off calendar and informed Mattel that it would be entitled to conduct discovery and then be afforded one final opportunity to amend. The deadline ultimately set for that motion was March 26 (after a further requested extension from March 15 to March 26 was granted to Mattel).  The Court allowed some, but not all, of the proposed amendments, and ordered Mattel's revised pleading filed by April 12, 2010.  Mattel filed and served the FAAC on the MGA Parties on April 12, 2010, and Orrick also agreed to accept service of the summons for new party IGWT on that date.

The first time counsel saw the revised amended pleading in the form authorized by the Court was April 12.  The FAAC includes sixteen separate claims, at least three of which present entirely new legal theories under state law— including one derivative claim purportedly brought by Mattel (the Sixteenth Counterclaim).  The deadline for the MGA Parties (existing counter-defendants) to

1   file a response to the FAAC was April 26, 2010 (Fed. R. Civ. P. 15(a)(3)), and for
2   IGWT (a new counter-defendant) to file a response is May 3, 2010 (Fed. R. Civ. P.
3   12(a)(1)(A)(i)).

4        Because the MGA Parties intended to present motions with arguments
5   common to those to be presented by IGWT, MGA proposed to Mattel a unified
6   response date of May 3, 2010 for its group of commonly represented counter-
7   defendants.  Omni, however, requested a longer period of time to respond--until
8   May 14, 2010—indicating that it also intended to file motions attacking the FAAC.
9   Mattel then announced that it also intended to file a motion to "confirm" the scope
10  of the FAAC with respect to the Bratz trade secret issue (which MGA viewed as an
11  improper motion for reconsideration of the Court's April 10 Order).  Counsel for
12  Mr. Machado then also indicated that they may file a motion for summary
13  judgment.  Caught in the middle principally between Omni and Mattel, the only
14  thing MGA desired was to set a single schedule applicable to all of the motions
15  concerning the FAAC, and MGA did its best to negotiate a schedule agreeable to all
16  and hopefully to the Court.  Given the amount of time Omni had requested to
17  respond to the FAAC, Mattel requested three weeks to respond to MGA's planned
18  pleading and summary judgment motions and MGA had little choice but to agree.
19  All of the lead counsel were out of town for the week immediately prior to June 28,
20  and so requested the hearing date of June 30 rather than the ordinary Monday
21  motion calendar.  The resulting schedule of these three-way negotiations was set
22  forth in the Stipulation filed on April 26 and denied by the Court on April 27.

23                              **ARGUMENT**

24       Counsel for MGA has had a relatively very short period of time to evaluate
25  and attack the current pleading, in comparison to the more than seven months that
26  Mattel had to take additional discovery and file it.  Both before and after the motion
27  for leave to amend was filed, counsel for the MGA Parties and IGWT were working
28

EX PARTE APPLICATION TO SET BRIEFING SCHEDULE FOR
MOTIONS RE FAAC

1  diligently to complete motions attacking the pleadings and for summary

2  adjudication.

3      The proposed motions that the MGA Parties and IGWT hoped to file are

4  currently in two documents:  (1) a combined set of motions presenting pleading

5  deficiencies (Rule 12(b)(6)), *forum non conveniens* and summary adjudication

6  (Rule 56) arguments directed to the trade secret and employee-based state law

7  claims; and (2) a combined set of pleading (Rules 9(b), 12(b)(6), 12(f)) and

8  summary adjudication (Rule 56) motions directed to the RICO and creditor-based

9  state law claims.  The precise nature of all of the arguments to be presented remains

10  somewhat in flux as pertinent witnesses are still testifying this week (including Mr.

11  Eckert, and Mr. Storie, Mattel's 30b6 witness on trade secret issues) and as the

12  arguments are being finalized and evaluated by counsel for MGA.  MGA had

13  hoped, however, simultaneously to bring motions pursuant to Rules 9(b), 12(b)(6),

14  12(f), 23.1, and 56, 28 U.S.C. §1367, as well as the common law doctrine of *forum*

15  *non conveniens*.

16      Roughly speaking, the trade secret and employee-based arguments are likely

17  to include the following:  Rule 12(b)(6) and/or Rule 56 deficiencies in light of

18  preemption of the employee-based state law tort claims under the Uniform Trade

19  Secrets Act, an additional Rule 12(b)(6) pleading deficiency in the elements of the

20  conversion claim, a Rule 56 motion directed to the Court's personal jurisdiction

21  over MGAE de Mexico, a *forum non conveniens* motion directed to the claims

22  concerning Mexico and Canada, and various Rule 56 deficiencies in Mattel's trade

23  secret claims with the elements organized as applicable to each of the claims

24  concerning each departing Mattel employee who allegedly absconded to MGA with

25  trade secrets (Ron Brawer, Nick Contreras, Dan Cooney, Jorge Castilla, Janine

26  Brisbois, Gustavo Machado, Mariana Trueba, and Pablo Vargas), including lack of

27  trade secret protection, lack of ownership or standing by Mattel, lack of reasonable

28

efforts to maintain secrecy, lack of misappropriation in the form of any use or disclosure by the MGA Parties, lack of harm to Mattel, and the like.

With respect to the RICO claims, the MGA Parties and IGWT intend to present Rule 9(b), 12(b)(6), 12(f) and 56 motions concerning some or all of the following issues:  with respect to the RICO claims, failure to plead the fraud-based predicate acts with the requisite specificity, failure to plead requisite facts showing a racketeering enterprise based on an association-in-fact, failure to plead requisite facts showing any conspiracy and the inadequacy of aiding and abetting as a substitute for conspiracy under the RICO statute, legal defects in nearly all of the predicate acts in addition to failure to plead with specificity (either a 12(b)(6) or 12(f) argument depending upon how one looks at it), and pursuant to Rule 56, summary adjudication of lack of any legally cognizable harm or racketeering injury under the RICO statute and that the copyright infringement predicate act is barred as a matter of law by the jury's verdict in Phase 1.  The arguments regarding the insufficiency of the pleading of the RICO claims go hand-in-glove with the Rule 56 racketeering injury argument.

Finally, with respect to the creditor-based claims, the MGA Parties may present Rule 12(b)(6) arguments regarding pleading deficiencies, Rule 12(b)(1) and 28 USC 1367 arguments that the Court should decline subject matter jurisdiction over these new pendent state law claims between non-diverse parties that are basically premature attempts to enforce a judgment that hasn't yet been entered, Rule 56 arguments regarding the applicable statutes of limitations, and with respect to the new derivative claim, an argument of misjoinder of claims and possibly arguments pursuant to Rules 12(b)(6) and 23.1 regarding insufficiencies in the derivative claims as well.  As noted, all of the arguments are still being finalized and this may not be an exhaustive list, and some of the potential arguments identified may not be presented.

1    The pertinent background facts, undisputed facts and factual allegations

2    underlying each of these sets of arguments in the two separate combined sets of

3    motions have a great deal in common.  The MGA Parties and IGWT therefore

4    believed it made the most sense to present all of the evidence and arguments on

5    these issues at the same time.  This is a lot of work, counsel for the MGA Parties

6    have been working on the legal research underlying the motions for months, have

7    been working on the motions themselves diligently both before and after the FAAC

8    was filed, and given the lengthy and prolix nature of the pleading and the

9    voluminous amount of evidence, required at least three weeks from the date of

10   service to complete the motions.  In light of the additional time lost negotiating the

11   terms of the original stipulation which was denied by the Court, as well as the

12   ongoing discovery this week, the MGA Parties and IGWT respectfully request that

13   the Court set a deadline no sooner than May 5 for their responses to the FAAC.

14   Given the complexity of the arguments and motions, the MGA Parties and IGWT

15   were and are certainly amenable to affording Mattel longer than the one-week

16   period of time for an opposition to the motions provided under the Local Rules.

17   The MGA Parties and IGWT also respectfully request at least one-week for their

18   reply briefs.

19   Dated:    April 27, 2010              Respectfully submitted,

20                                         ANNETTE L. HURST
21                                         Orrick, Herrington & Sutcliffe LLP

22
                                          By:    /s/ *Annette L. Hurst*
23                                                ANNETTE L. HURST
24                                                Attorneys for MGA Parties

25

26

27

28

EX PARTE APPLICATION TO SET BRIEFING SCHEDULE FOR
MOTIONS RE FAAC