Bingham McCutchen LLP
TODD E. GORDINIER (SBN 82200)
todd.gordinier@bingham.com
PETER N. VILLAR (SBN 204038)
peter.villar@bingham.com
MICHAEL D. MORTENSON (SBN 247758)
michael.mortenson@bingham.com
600 Anton Boulevard, 18th Floor
Costa Mesa, CA 92626-1924
Telephone: 714.830.0600
Facsimile: 714.830.0700

Attorneys for Counter-Defendant
OMNI 808 INVESTORS, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>MGA ENTERTAINMENT, INC., a California corporation, et al.,<br><br>Defendants.<br><br>AND CONSOLIDATED ACTIONS. | Case No. CV 04-09049 DOC (RNBx)<br>c/w Case Nos. CV 04-09059 & CV 05-2727<br><br>Hon. David O. Carter<br><br>**OMNI 808 INVESTORS, LLC'S REPLY IN SUPPORT OF EX PARTE APPLICATION FOR EXTENSION OF TIME TO RESPOND TO MATTEL, INC.'S FOURTH AMENDED ANSWER AND COUNTERCLAIMS**<br><br>**Phase 2**:<br>Discovery Cut-off:     TBD<br>Pre-trial Conference:  TBD<br>Trial Date:            TBD |

A/73364545.1/3009108-0000337036

1  Omni 808 Investors, LLC respectfully submits this Reply Memorandum in
2  Support of its Ex Parte Application for Extension of Time to Respond to Mattel,
3  Inc.'s Fourth Amended Answer and Counterclaims.
4  Mattel incorrectly states that Omni's deadline to respond to the Fourth
5  Amended Answer and Counterclaims has passed. Omni was recently added to
6  party in this case on April 12, 2010. Pursuant to Federal Rule of Civil Procedure
7  12(a), the time for filing a responsive pleading is "within 21 days after being
8  ***served with the summons and complaint*** . . . ." Fed. R. Civ. P. 12(a) & (B)
9  (emphasis added).[1] Omni as a new party was served with a summons and
10 complaint for the first time in this case on April 12, 2010. Furthermore, this is the
11 first time that Mattel has asserted counterclaims against Omni. In such
12 circumstances, Omni has 21 days to respond to the FAAC.
13 More to the point, however, pursuant to Federal Rule of Civil Procedure
14 4(a)(1), a summons must "state the time within which the defendant must appear
15 and defend." Fed. R. Civ. P. 4(a)(1)(D). Significantly, the summons that Mattel
16 served on Omni provides:

> ***Within 21 days after service*** of this summons on you (not counting the
> day you received it) . . . you must serve on the plaintiff an answer to
> the attached complaint or a motion under Rule 12 of the Federal Rules
> of Civil Procedure.

21 Thus, the summons that Mattel served specifically states that Omni's response to
22 the FAAC is not due until 21 days after service -- i.e., May 3, 2010. Where the
23 timeframe for responding to the complaint set forth in the summons is inconsistent
24 with the timeframe set forth in the Federal Rules of Civil Procedure, the summons
25 governs. *See, e.g., Nagahi v. California Employment Dev. Dep't.*, No. C 07-6268

---

[1] Mattel's citation to the *dicta* in *Nelson v. Adams USA, Inc.*, 529 U.S. 460, 466 (2000) is misplaced as the defendant in that case was never served at all.

1  PVT, 2008 WL 550320, at *1 (N.D. Cal. Feb. 27, 2008) (holding that an
2  inconsistency between the summons and the Federal Rules either renders the
3  summons invalid, or constitutes an "agreement" to extend to the defendants the
4  time set forth in the summons to respond to the complaint); *Fuentes v. Lycoming*
5  *County Prison*, No 3:CV-08-0271, 2008 WL 5220530, at *3 (M.D. Pa. Dec. 12,
6  2008) (where summons served with amended complaint specified twenty days for
7  response time, rather than Rule 15(a)(3)'s (at the time) 10-day period, court held
8  that defendant's filing of motion to dismiss twenty days after service did not
9  require entry of default judgment).  Accordingly, Mattel is incorrect that Omni's
10 deadline to respond to the FAAC has lapsed.  Indeed, as in *Nagahi*, Mattel's
11 summons is either invalid or constitutes an agreement and/or acknowledgement
12 that Omni has 21 days to respond.  Given the timeframe set forth on Mattel's own
13 summons, Mattel's assertion that Omni's deadline has passed is simply not made
14 in good faith.
15     In sum Mattel's response is wrong, and Omni has demonstrated good cause
16 for granting its Application for an extension of time until May 10, 2010 to respond
17 to the FAAC.  There will be no delay of the proceedings in this case if this brief
18 extension is granted, and Mattel does not assert that it will be prejudiced in anyway
19 if the extension Omni has requested -- which is shorter than the extension Mattel
20 stipulated to -- is granted.  Thus, Omni respectfully requests that the Court grant
21 Omni's Application.

22 DATED:  April 28, 2010              Bingham McCutchen LLP

24                                     By: /s/ Todd E. Gordinier
25                                         Todd E. Gordinier
                                           Attorneys for Counter-Defendant
26                                         OMNI 808 INVESTORS, LLC

A/73364545.1/3009108-0000337036            2