**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

Case No. CV 04-9049 DOC (RNBx)                                            Date: April 28, 2010

Title: MATTEL, INC. v. MGA ENTERTAINMENT, INC.

DOCKET ENTRY
        [I hereby certify that this document was served by first class mail or Government messenger service, postage prepaid, to all counsel (or parties) at their respective most recent address of record in this action on this date.]
                                        Date:_____   Deputy Clerk: _____

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

       Stephanie Mikhail                                        Not Present
       Courtroom Clerk                                      Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS: ATTORNEYS PRESENT FOR DEFENDANTS:

       NONE PRESENT                                      NONE PRESENT

PROCEEDING (IN CHAMBERS): ORDER SETTING DEADLINES TO RESPOND TO MATTEL'S
                    FOURTH AMENDED ANSWER AND COUNTERCLAIMS

        Before the Court are two *ex parte* Applications: (1) MGA Entertainment, Inc.; Isaac Larian; and IGWT 826 (collectively "MGA")'s *ex parte* Application to Set Briefing Schedule on Motions Directed to the Fourth Amended Answer and Counterclaims; and (2) Omni 808 Investors, LLC's *ex parte* Application for Extension of Time to Respond to Mattel, Inc.'s Fourth Amended Answer and Counterclaims. Both *ex parte* Applications were filed after the Court denied the parties' Stipulation to set a briefing schedule for certain contemplated submissions regarding the Fourth Amended Answer and Counterclaims. Mattel served the FAAC upon Omni 808 Investors, LLC and MGA on April 12, 2010.

        The Court rejected the parties' Stipulation because the Stipulation was impermissibly vague and provided no explanation for why a modified briefing schedule was superior to existing procedures under the Federal Rules of Civil Procedure and the Local Rules of this District. By their *ex parte* Application, MGA indicate their intent to file a motion that attacks the Fourth Amended Answer and Counterclaims in its entirety. MGA's contemplated motion attacks the Fourth Amended Answer

MINUTES FORM 11 DOC                                      Initials of Deputy Clerk sdm
CIVIL - GEN                                              Page 1 of 3

and Counterclaims both on jurisdictional grounds and on the merits, thereby relying on Rules 12 and 56 of the Federal Rules of Civil Procedure.  MGA therefore appears to contend that, notwithstanding the fact that Phase 2 discovery is on-going, the already completed discovery supports the absence of a genuine issue of material fact as to one or more of Mattel's causes of action in the Fourth Amended Answer and Counterclaims.  The Federal Rules of Civil Procedure permit the filing of a summary judgment motion "at any time until 30 days after the close of all discovery."  *See* Fed. R. Civ. P. 56. And the Ninth Circuit has held that a party may file successive motions for summary judgment, especially where new material facts are discovered after the Court's disposition of an earlier motion. *See Hoffman v. Tonnemacher*, No. 08-16166, 2010 WL 184339, at \*2 (9th Cir. Jan. 21, 2010) (holding that "district courts have discretion to entertain successive motions for summary judgment").

Thus, the parties do not dispute MGA's ability to file its contemplated motion at the present time and/or at most 30 days after the conclusion of discovery.  MGA simply requests an extension of time to file a response to Mattel's Fourth Amended Answer and Counterclaims, and argues that the fourteen (14) day deadline imposed by the Federal Rules of Civil Procedure is insufficient for MGA to undertake the massive task of researching the claims in the Fourth Amended Answer and Counterclaims, modifying previously researched arguments intended for a Rule 56 motion, and filing the combined motions with the Court.

MGA's arguments are unconvincing.  The Court has not yet set a discovery deadline, has not set a motion cut-off date, and did not otherwise invite MGA to file a motion for summary judgment (either as a separate motion or as a motion combined with a Rule 12 motion to dismiss).  The timing of the motion is MGA's choice.  More importantly, MGA's failure to file a motion for summary judgment within the fourteen (14) day window for responding to the Fourth Amended Answer and Counterclaims will not preclude MGA from filing the motion at a later date, or even soon after the fourteen day deadline.  Thus, while a modest extension is appropriate here, the extension is ***not*** warranted by MGA's desire to file a motion for summary adjudication prior to the close of discovery.

Nevertheless, the Court agrees that in light of the scope of the Fourth Amended Answer and Counterclaims,[1] both MGA and Omni 808 Investors, LLC should be afforded additional time to research and formulate their responses.

---

[1]     The parties' Stipulation – which this Court denied – noted that Mattel, Inc. ("Mattel") intends to file a motion concerning the "scope" of the Fourth Amended Answer and Counterclaims.  MGA later described Mattel's contemplated motion as a "motion to confirm" the scope of the Fourth Amended Answer and Counterclaims. Mattel may have received insufficient guidance from the Court's eleven page order granting in part and denying in part Mattel's motion for leave to file a Fourth Amended Answer and Counterclaims.  And the FRCP and Local Rules do not prohibit Mattel from filing such a motion.

For the foregoing reasons, the Court hereby ORDERS as follows:

1.      MGA and Omni 808 Investors, LLC shall file their responses to the Fourth Amended Answer and Counterclaims on or before May 10, 2010;

2.      Any opposition and reply briefs shall be filed in accordance with the Local Rules and the Court will provide *no extensions* to the Local Rules' deadlines.

The Clerk shall serve this minute order on all parties to the action.