MELINDA HAAG (State Bar No. 132612)
mhaag@orrick.com
ANNETTE L. HURST (State Bar No. 148738)
ahurst@orrick.com
WARRINGTON S. PARKER III (State Bar No. 148008)
wparker@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building, 405 Howard Street
San Francisco, CA  94105
Tel. (415) 773-5700 / Fax: (415) 773-5759

WILLIAM A. MOLINSKI (State Bar No. 145186)
wmolinski@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA  90017
Tel. (213) 629-2020 / Fax: (213) 612-2499

THOMAS S. McCONVILLE (State Bar No. 155905)
tmcconville@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
4 Park Plaza, Suite 1600
Irvine, CA 92614
Tel. (949) 567-6700 / Fax: (949) 567-6710

Attorneys for MGA Parties

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | Case No.  CV 04-9049-DOC (RNBx)<br>Consolidated with Case No. CV 04-9059<br>and Case No. CV 05-2727<br><br>Hon. David O. Carter<br><br>MGA'S REPLY BRIEF TO MATTEL, INC.'S OPPOSITION TO MGA ENTERTAINMENT, INC.'S MOTION TO ENFORCE COURT'S JANUARY 26, 2010 ORDER<br><br>Date:  TBD<br>Time:  TBD<br>Place:  Courtroom 9D<br><br>**Phase 2**<br>Discovery:  TBD<br>Pre-Trial Conference:  TBD<br>Trial Date:  TBD |

## I. INTRODUCTION

The purpose of MGA's motion is simple. Mattel must comply with Court's instructions in Paragraphs 13 and 19 of its January 26, 2010 Order (the "January 26 Order")[1], which state, in relevant part:

> **Mattel shall, on or before February 2, 2010, produce to the MGA Parties copies of all video used to construct the compilation video produced at M 0079230, as well as copies of all other video taken of Mr. Ron Brawer subsequent to his departure from Mattel.**

(January 26 Order, at ¶13.)

> **Mattel shall, on or before February 2, 2010, produce all documents referring or relating to NHB. To the extent that Mattel withholds any documents on grounds of privilege, it shall submit these documents to the court for its in camera review on or before February 2, 2010.**

(January 26 Order, at ¶19.)

With respect to these paragraphs, Mattel has failed to comply, admits that it has not complied, and continues to refuse to do so. Further, in its opposition, Mattel attempts to justify its unilateral decision of non-compliance by reading limitations into the Court's order which are not present.

The Court's order is clear. The time has come for Mattel to comply.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Prior to issuing its January 26, 2010 Order, the Court held multiple sessions with the parties to hear and consider discovery disputes. Among those were MGA's request for non-privileged documents using Mattel's codename for MGA, namely NHB; and MGA's request for video which Mattel took of Mr. Brawer before and after his departure from Mattel. As it relates to NHB, however, the January 2010

---

[1] Order Regarding Discovery Master, Dkt. #7434, filed January 26, 2010

discovery proceedings were not the first time MGA has attempted to gain discovery into the codename tool used by Mattel.

### A. On March 10, 2008, Discovery Master Infante Ordered Mattel To Produce Documents Referencing "NHB".

Over two years ago, on January 28, 2008, MGA filed a motion to compel the production of documents referencing the codename, "NHB."[2]  MGA's prevailing argument was that Mattel was improperly withholding responsive documents referencing "NHB" on grounds of attorney-client privilege.  But for the fact that the codename "NHB" had been used by Mattel to obscure its true meaning (i.e., MGA), those documents would be responsive, and Mattel would be obligated to produce them.

Discovery Master Infante considered the parties' arguments, and granted MGA's motion on March 10, 2008.  In so doing, Discovery Master Infante held:

> Mattel has not confirmed that documents containing "NHB" were searched for in response to MGA's Requests and Mattel's submissions appear to side-step the issue.  Mattel has also not confirmed that "NHB" documents were not inadvertently deemed non-responsive and/or overlooked on account of Mattel's use of the codename "NHB".  In other words, Mattel has not confirmed whether documents that refer to MGA only by the "NHB" codename have been reviewed for responsiveness and produced.  In particular, Mattel has not verified whether it has conducted a key word search of its databases using the codename "NHB".  Accordingly, MGA and Bryant's motion to compel production of "NHB" documents is granted.  Mattel shall conduct a search of all "NHB" documents in its databases and produce all "NHB" documents that are responsive to MGA's Requests no later than March 14, 2008.  All responsive documents being withheld on the basis of a claim of privilege must be identified on a privilege log, which must also be produced no later than March 14, 2008.

March 10, 2008 DM Order, at 4-5.

//

---

[2] See MGA's And Carter Bryant's Joint Notice Of Motion And Motion To Compel Production Of Improperly Withheld Mattel Documents Showing Mattel's Investigation Of MGA And Carter Bryant Prior To November 2003 And to Compel Production Of All "NHB" Documents ("January 28, 2008 Motion"), Dkt. #1876, filed January 28, 2008.

### B. **Mattel's Subsequent Attempts To Evade Its Obligations As To Documents Referencing "NHB" Were Rejected**

Since the March 10, 2008 DM Order, Mattel has attempted to evade its clear directives. On April 14, 2008, Mattel moved for a protective order to limit its obligations to log and/or identify "NHB" documents on its privilege log.[3] Discovery Master Infante, once again considering Mattel's arguments, denied Mattel's motion on May 7, 2008.[4] Undeterred, Mattel then appealed the Discovery Master's ruling on May 15, 2008.[5] Judge Larson declined to review the matter on May 27, 2008.[6]

### C. **To Date, Mattel Still Has Not Identified Documents On Its Privilege Log That Refer Or Relate To "NHB"**

On June 5 and 6, 2008, Mattel produced to MGA a "supplemental privilege log," containing an additional 592 entries. Even after being denied its April 14, 2008 Motion by Discovery Master Infante and Judge Larson, Mattel today still has not identified to MGA which of those hundreds of entries on its privilege log refer or relate to "NHB". Further, in light of Mattel's recent production of a non-privileged "NHB" document *just three days ago*, serious concerns are raised as to the adequacy of Mattel's search for responsive documents referencing the codename "NHB."[7]

---

[3] See Mattel, Inc.'s Notice Of Motion And Motion For Protective Order Limiting The Temporal Scope Of Its Privilege Log, Or, In The Alternative, Motion To Compel Logging Of Privileged Documents By Bryant And The MGA Parties ("April 14, 2008 Motion"), Dkt. #3109, filed April 14, 2008.

[4] Order Denying Mattel's Motion For Protective Order Limiting The Temporal Scope Of Its Privilege Log, Dkt. #3498, filed on May 7, 2008.

[5] Mattel Inc.'s Motion For Review Of Discotery Master's May 6, 2008 Order Denying Mattel's Motion For Protective Order Limiting The Temporal Scope Of Its Privilege Log.

[6] Order Regarding Various Discovery Motions, Applications And Other Matters Upon Which The Court Ruled On May 21-23, 2008, Dkt. #3887, filed May 27, 2008.

[7] M 1361051-052

### D. The Court Issues Its January 26, 2010 Discovery Order

The Court conducted extensive proceedings before entering its January 26, 2010 Order. Among the issues addressed were MGA's claims for the responsive, non-privileged NHB documents it had not received, and, MGA's request for the videos of Mr. Brawer, who Mattel alleges stole its trade secrets.

After much consideration and argument by both sides, the Court issued its January 26 Order. As quoted above, the Court's order was clear on both points which MGA presses in this motion. As to codename documents, produce them to MGA. If any are withheld on privilege, provide those *in camera*. There is no date restriction in the Court's order. As for the Brawer videos, the Court ordered Mattel to produce them to MGA. Both orders were made after lengthy sessions with the Court on the merits of each party's position.

When MGA requested compliance, Mattel admitted it had not provided either sets of information, but claimed to read language into the Court's order which is not present. After that, MGA brought its motion.

## III. ARGUMENT

### A. Mattel Must Submit For In Camera Review All Documents Referring Or Relating To "NHB"

Mattel refuses to submit for *in camera* review an untold number of documents referring or relating to "NHB," as it has been ordered to do by this Court. One purpose for an *in camera* review is to determine whether Mattel is improperly withholding responsive documents from production. January 26 Order, at ¶13 ("The parties dispute the extent to which internal Mattel documents containing a codeterm for MGA – "NHB" – should be produced. Given the lack of clarity as to the parties' positions on this issue, the Court, in line with its tentative ruling at the January 10 hearing, hereby ORDERS that Mattel shall, on or before February 2, 2010, produce all documents referring or relating to NHB.") To

balance this concern against those regarding attorney-client privilege, *in camera* inspection is an appropriate device, and within the full discretion of the Court. *See In re Grand Jury Witness*, 695 F.2d 359, 362 (9th Cir. 1982) (holding that blanket assertions of privilege are "extremely disfavored," and that the proper procedure for asserting the attorney-client privilege as to particular documents, or portions thereof, is *in camera* submission.) Mattel's refusal to even submit these post-April 27, 2004 "NHB" documents for *in camera* inspection directly frustrates the Court's ability to make such a determination.

Mattel's opposition goes on at length about privilege logs, and its understanding of why MGA would be seeking information which utilizes a codename. But those arguments miss the mark. First, the plain language of the January 26 Order states that Mattel shall submit "**ALL** documents referring or relating to NHB" for *in camera* inspection, ***not*** only those listed on its privilege log. January 26 Order at ¶19 (emphasis added). Second, while the codename documents are indeed relevant to statute of limitations concerning the filing of Mattel's first action in April 2004, those documents likewise are relevant to later-added claims, including most recently in Mattel's Fourth Amended Answer and Counterclaims, newly pled claims under California's Uniform Fraudulent Transfer Act. Third, Mattel's argument that searching for "NHB" documents after April 27, 2004 would be burdensome does not answer the issue of relevance. Indeed, Mattel only recently, on April 27, 2010, produced for the first time a <u>non-privileged</u> NHB document dated <u>July 18, 2003</u> after making representations to MGA and the Court that all NHB documents had been produced. MGA needs the Court's assistance in testing Mattel's claims.

Without the Court's intervention, Mattel will be able to shield from discovery potentially responsive documents simply because Mattel has utilized a tool to conceal the information it has concerning MGA. Mattel decided to set up the codename system with NHB. By its very nature, this codename is designed to

1  conceal.  MGA cannot test that which it has not seen.  If relevant responsive

2  information is being concealed through a deliberate tool—as Mattel has admitted it

3  used NHB to control the flow of information related to MGA--MGA has a right to

4  test Mattel's compliance with discovery.  To test Mattel's compliance, MGA

5  brought the issue to the Court, and ultimately received relief from the Court on

6  January 26.  Now, Mattel says it will impose limitations on how much testing can

7  be done of its codename.

8      Mattel should not be permitted to re-write the Court's order.  It must be

9  ordered—again—to provide the Court with privileged documents it is withholding

10  from discovery to MGA.

11

12  **B. <u>Mattel Must Produce To MGA Any Video Used To Construct The Compilation Video At M 0079230 And Any Video Of Mr. Ron Brawer Taken After His Departure From Mattel</u>**

13

14      With regard to Paragraph 13, Mattel argues that it should not have to produce

15  video footage taken of Ron Brawer which it submitted for *in camera* review on

16  February 17, 2010.  The problem with Mattel's argument is that it has already been

17  considered -- and rejected -- by the Court during the sessions that led up to the

18  Court's January 26 Order.  If Mattel finds the wording of the Court's order

19  ambiguous or unclear, it could seek clarification..  It did not.  If Mattel disagrees

20  with the January 26 Order, it has two choices.  Mattel can wait until a final order

21  has been issued and appeal the Court's January 26 Order, or seek a writ of

22  mandamus from the Ninth Circuit.  *See Admiral Ins. Co. v. United States Dist.*

23  *Court,* 881 F.2d 1486, 1491 (9th Cir. 1989).  Mattel cannot, however, unilaterally

24  decide to disregard the Court's Order.

25      Mattel has failed to comply with a clear Court order.  MGA again seeks an

26  order directing Mattel to produce to MGA the Brawer video.

27  //

28  //

## **CONCLUSION**

For the foregoing reasons, MGA respectfully requests that its motion to enforce Mattel's compliance with the January 26, 2010 Order be granted.

Dated:  April 30, 2010           ORRICK, HERRINGTON & SUTCLIFFE LLP

By:   */s/ Thomas S. McConville*
      Thomas S. McConville
      Attorneys for MGA Parties