1

2  QUINN EMANUEL URQUHART & SULLIVAN, LLP
     John B. Quinn (Bar No. 090378)
3    johnquinn@quinnemanuel.com
     Michael T. Zeller (Bar No. 196417)
4    michaelzeller@quinnemanuel.com
     Jon D. Corey (Bar No. 185066)
5    joncorey@quinnemanuel.com
   865 South Figueroa Street, 10th Floor
6  Los Angeles, California  90017-2543
   Telephone:   (213) 443-3000
7  Facsimile:   (213) 443-3100

8  Attorneys for Mattel, Inc.

9                UNITED STATES DISTRICT COURT

10             CENTRAL DISTRICT OF CALIFORNIA

11                     SOUTHERN DIVISION

12 | MATTEL, INC., a Delaware corporation, | CASE NO. CV 04-9049 DOC (RNBx)
   |   | Consolidated with
13 |   | Case No. CV 04-09059
   |   | Case No. CV 05-02727
14 | Plaintiff, |
   | vs. | Hon. David O. Carter
15 |   |
   | MGA ENTERTAINMENT, INC., a California corporation, et al., | **MATTEL, INC.'S OBJECTIONS TO PORTIONS OF DISCOVERY MATTER ORDER NO. 94**
16 |   |
17 | Defendants. |
18 |   | **Phase 2**
   | AND CONSOLIDATED ACTIONS | Discovery Cut-off:   TBD
19 |   | Pre-trial Conference:   TBD
   |   | Trial Date:   TBD

20

21

22

23

24

25

26

27

28

00505.07975/3468857.6

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on June 7, 2010, at 8:30 a.m., or as soon as counsel may be heard, in the Courtroom of The Honorable David O. Carter, located at 411 West Fourth Street, Santa Ana, California 92701, plaintiff Mattel, Inc. ("Mattel") will, and hereby does, move the Court to overrule portions of the Discovery Master's Order No. 94, dated April 21, 2010.

This Motion is made on the grounds that portions of the Discovery Master's Order are clearly erroneous because they failed to correctly apply established legal standards regarding privilege and work product protection.

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities and Declarations of Michael T. Zeller, Richard De Anda, Karen Ewing, Yvonne Fisher, and Michael Moore, and all other matters of which the Court may take judicial notice.

### Statement of Compliance

The parties conferred regarding the issues raised in Mattel's Objections at various times between September 3, 2009 and April 23, 2010.

DATED:  April 30, 2010

QUINN EMANUEL URQUHART & SULLIVAN. LLP

By _____
Diane C. Hutnyan
Attorneys for Mattel. Inc.

00505.07975/3468857.6

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................................1

BACKGROUND ...................................................................................................1

ARGUMENT.........................................................................................................1

I.      **MATTEL'S PRIVILEGE LOG ENTRIES ARE ATTORNEY-CLIENT PRIVILEGED AND/OR PROTECTED WORK PRODUCT**...........................................1

      A.      Entries 70, 71, 72, 73, 74, 75, 105, 106, and 107.......................................2

      B.      Entries 390, 407, 411, 412, 540, 543, 569, 570, 571, 573, 574, 584, 589, 614, 616, 617, 627, 634, and 803 ................................................................3

      C.      Entry 257..................................................................................................6

      D.      Entry 27....................................................................................................6

      E.      Entries 156, 157, and 159 .........................................................................7

II.     **CONCLUSION** ....................................................................................................8

# TABLE OF AUTHORITIES

**Page**

## Cases

Hickman v. Taylor,
329 U.S. 495 (1947) ............................................................................ 2

In re Teleglobe Communications Corp.,
493 F.3d 345 (3rd Cir. 2007) .......................................................... 5

United States v. ChevronTexaco Corp.,
241 F. Supp. 2d 1065 (N.D. Cal. 2002) .......................................... 1

## Statutes

Fed.R.Civ.P. 26(b)(3) .......................................................................... 2

## Preliminary Statement

Mattel is appealing the Discovery Master's ruling in Discovery Matter Order No. 94 that 33 entries on Mattel's privilege log are partially or entirely not privileged or protected by the work product doctrine. As explained below and in the accompanying declarations, these documents are privileged and/or protected by the work product doctrine and it was clearly erroneous for the Discovery Master to order their production.

Mattel will provide the Court with the documents corresponding to the privilege log entries at issue on an *in camera* basis if it would find these useful, and awaits the Court's direction in that regard.

## Background

After an *in camera* review of hundreds of entries on Mattel's privilege log challenged by MGA, the Discovery Master issued Order No. 94, which ordered production of documents Mattel had withheld on the basis of the attorney-client privilege and/or as attorney work product. Certain of these determinations Mattel is appealing, because these materials are in whole or in part attorney-client privileged communications and/or work product and should be protected.

## Argument

I.    **MATTEL'S PRIVILEGE LOG ENTRIES ARE ATTORNEY-CLIENT PRIVILEGED AND/OR PROTECTED WORK PRODUCT**

Order No. 94 incorrectly concluded that many documents on Mattel's privilege logs were not attorney-client privileged or protected by the work product doctrine. The attorney-client privilege "protects confidential disclosures made by a client to an attorney in order to obtain legal advice, as well as an attorney's advice in response to such disclosures." In re Grand Jury Investigation, 974 F.2d 1068, 1070 (9th Cir. 1992). In a corporate context, communications between non-lawyers may be privileged if they are made at the direction of, or under the supervision of, an attorney and are made for the primary purpose of obtaining legal advice. See United

1   States v. ChevronTexaco Corp., 241 F.Supp.2d 1065, 1077 (N.D. Cal. 2002). The

2   attorney work product doctrine provides protection from disclosure of materials

3   prepared by a party or its representative in anticipation of litigation. See

4   Fed.R.Civ.P. 26(b)(3); see also Hickman v. Taylor, 329 U.S. 495 (1947). By failing

5   to properly apply these principles, the Discovery Master's privilege determinations

6   were clearly erroneous as to the following entries on Mattel's privilege log.

7          For the Court's convenience, the appealed entries are grouped in

8   accordance with the declarations that have been submitted concurrently herewith.

9       A.    Entries 70, 71, 72, 73, 74, 75, 105, 106, and 107

10         Entries 70, 71, 72, and 107 are attorney-client privileged

11  communications and protected work product. The Discovery Master ordered Mattel

12  to produce them in their entirety.[1] Based on support provided in the concurrently

13  filed Declaration of Richard De Anda ("De Anda Decl."), ¶ 3, these documents

14  contain communications made at the direction of and under the supervision of the

15  Mattel Law Department in anticipation of litigation regarding the theft of Mattel's

16  trade secrets by MGA.

17         Entry 73 is protected work product. The Discovery Master ordered

18  Mattel to produce it in its entirety.[2] Based on support provided in the De Anda

19  Decl., ¶ 4, this document contains communications made at the direction of and

20  under the supervision of the Mattel Law Department in anticipation of litigation

21  regarding the theft of Mattel's trade secrets by MGA.

22         Entry 74 is attorney-client privileged communication and protected

23  work product. The Discovery Master ordered Mattel to produce it in its entirety.[3]

24  Based on support provided in the De Anda Decl., ¶ 5, this document contains

25

---

26  [1]  Phase 2 Discovery Matter Order No. 94, dated April 21, 2010, Dkt. No. 7785

27  at 14.
  [2]  Id.

28    [3]  Id.

communications made at the direction of and under the supervision of the Mattel Law Department in anticipation of litigation regarding the theft of Mattel's trade secrets by MGA.

Entry 75 is attorney-client privileged communication and protected work product.  The Discovery Master ordered Mattel to produce it in its entirety.[4] Based on support provided in the De Anda Decl., ¶ 6, this document contains communications made at the direction of and under the supervision of the Mattel Law Department in anticipation of litigation regarding the theft of Mattel's trade secrets by MGA.

Entries 105 and 106 are attorney-client privileged communications and protected work product.  The Discovery Master ordered Mattel to produce them in their entirety.[5]  Based on support provided in the De Anda Decl., ¶ 7, these documents contain communications and handwritten notes made at the direction of and under the supervision of the Mattel Law Department in anticipation of litigation regarding the theft of Mattel's trade secrets by MGA.

B. Entries 390, 407, 411, 412, 540, 543, 569, 570, 571, 573, 574, 584, 589, 614, 616, 617, 627, 634, and 803

Entries 390, 407, and 634 are attorney-client privileged communications.  As for entries 390 and 407, the Discovery Master ordered Mattel to produce the first five emails in the chain, upholding Mattel's privilege claims for the subsequent emails.[6]  As for entry 634, the Discovery Master ordered Mattel to produce the first six emails – which includes an email upheld as privileged in entries 390 and 407.[7]  Mattel is willing to produce redacted versions of the documents, but objects to the ruling that Mattel must produce the fifth email in the chain (and as to

---

[4] Id.

[5] Id.

[6] Id. at 13.

[7] Id. at 14.

1   entry 634, the sixth email in the chain).  Based on support provided in the Moore

2   Decl., ¶ 2, the fifth email contains a communication made pursuant to a request for

3   legal advice.  The sixth email, based on support provided in the Moore Decl., ¶ 2,

4   also contains a communication made for the purpose of obtaining legal advice.

5          Entries 411 and 412 are attorney-client privileged communications.

6   The Discovery Master ordered Mattel to produce the first three emails in the chain,

7   but upheld Mattel's privilege claims with respect to the final two emails.[8]  Mattel is

8   willing to produce redacted versions of these entries, but objects to the ruling that

9   Mattel must produce the third email in the chain.  Based on support provided in the

10  Moore Decl., ¶ 3, the third email contains a request for legal advice.

11         Entry 540 is attorney-client privileged communication.  The Discovery

12  Master ordered Mattel to produce the first two emails, but upheld Mattel's privilege

13  claims as to the final two emails.[9]  Mattel is willing to produce a redacted version of

14  this entry, but objects to the ruling that Mattel must produce the second email.

15  Based on support provided in the Moore Decl., ¶ 4, the second email contains a

16  communication from an employee to another employee who was receiving this

17  information at the direction, and under the supervision, of counsel for the purpose of

18  providing legal advice to the company.

19         Entries 543, 569, 570, 571, 573, 574, 614, 616, 617 are attorney-client

20  privileged and work product protected communications.  For entries 569, 570, 571,

21  and 614, the Discovery Master ordered Mattel to produce the entirety of the

22  privilege-withheld documents.[10]  For entry 543, the Discovery Master ordered

23  Mattel to produce the first and second emails in the chain, but to redact the

24  subsequent email.[11]  For entries 573, 574, 616, and 617, the Discovery Master

25

---

26  [8]  Id. at 13.

27  [9]  Id.
    [10]  Id. at 14.

28  [11]  Id. at 13.

1    ordered Mattel to produce the first email and attachment, but to redact the

2    subsequent email.[12]  All of these documents should be withheld in their entirety.

3    The Pleasant Company, which makes the American Girl line of dolls, has been a

4    subsidiary of Mattel since 1998.[13]  Communications between counsel for a

5    subsidiary and counsel for the parent company are privileged.  In re Teleglobe

6    Communications Corp., 493 F.3d 345, 369-370 (3rd Cir. 2007) ("The universal rule

7    of law, expressed in a variety of contexts, is that the parent and subsidiary share a

8    community of interest, such that the parent (as well as the subsidiary) is the 'client'

9    for purposes of the attorney-client privilege").  Based on support provided in the

10   Moore Decl., ¶ 5, these documents contain confidential communications between

11   attorneys for the purpose of providing or obtaining legal advice in anticipation of

12   potential litigation.

13           Entry 584 is attorney-client privileged communication.  The Discovery

14   Master ordered Mattel to produce the first four emails, but upheld Mattel's privilege

15   claims as to the final email.[14]  Mattel is willing to produce a redacted version of this

16   entry, but objects to the ruling that Mattel must produce the fourth email in the

17   chain.  Based on support provided in the Moore Decl., ¶ 6, the fourth email in the

18   chain contains a discussion of a legal issue that is then forwarded to counsel for

19   Mattel for the purpose of requesting legal advice.

20           Entry 589 is attorney-client privileged communication.  The Discovery

21   Master ordered Mattel to produce it in its entirety.[15]  Mattel is willing to produce a

22   redacted version of this entry, but objects to the ruling that Mattel must produce the

23   final email in the chain.  Based on support provided in the Moore Decl., ¶ 7, the

24   _____

25   [12]  Id.
     [13]  The communications at issue are from 2003.

26   [14]  Id.  The email chain in Entry 584 consists of six emails, not five.
     Accordingly, Mattel understands Order No. 94 to require production of all but the

27   sixth and final email.

28   [15]  Id. at 14.

1  final email contains a communication between multiple Mattel attorneys conveying

2  information necessary for the formulation of legal advice.

3          Entry 627 is attorney-client privileged communication and protected

4  work product.  The Discovery Master ordered Mattel to produce the first three

5  emails in the chain and the attachment, but upheld Mattel's privilege claims as to the

6  final email.[16]  Mattel objects to the ruling that it must produce any portion of the

7  entry.  Based on support provided in the Moore Decl., ¶ 8, this document contains

8  communications prepared by attorneys, in anticipation of litigation, for the purpose

9  of providing legal advice.

10          Entry 803 is attorney-client privileged communication and protected

11  work product.  The Discovery Master ordered Mattel to produce it in its entirety.[17]

12  Based on support provided in the Moore Decl., ¶ 9, this document contains a report

13  prepared at the direction and under the supervision of an attorney for the purpose of

14  providing legal advice in preparation for litigation.

15        C.    Entry 257

16          Entry 257 is an attorney-client privileged communication and protected

17  work product.  The Discovery Master ordered Mattel to produce it in its entirety.[18]

18  Based on support provided in the concurrently filed Declaration of Michael T. Zeller

19  ("Zeller Decl."), ¶ 2, this document contains communications provided to Mattel's

20  attorneys for the purpose of requesting legal advice in connection with potential

21  litigation.

22        D.    Entry 27

23          Entry 27 is an attorney-client privileged communication.  The

24  Discovery Master ordered Mattel to produce it in its entirety.[19]  Based on support

25

---

26  [16]  Id. at 13.

27  [17]  Id. at 14.

   [18]  Id.

28  [19]  Id.

provided in the concurrently filed Declaration of Karen Ewing, ¶¶ 2, this document contains communications made at the direction of attorneys in the Mattel Law Department for the purpose of providing legal advice.

### E.   Entries 156, 157, and 159

Entry 156 is attorney-client privileged communication. The Discovery Master ordered Mattel to produce it in its entirety.[20]   Mattel is willing to produce a redacted version of this entry that redacts the first line of the second email, as well as redacts the fifth and sixth emails. Based on support provided in the Fisher Decl., ¶ 2, this document communications with attorneys in Mattel's Law Department that were made for purposes of providing legal advice to the company.

Entries 157 and 159 are attorney-client privileged communications. The Discovery Master ordered Mattel to produce them in their entirety.[21]   Mattel is willing to produce a redacted version of entry 157 that redacts the first line of the third email, and a redacted version of entry 159 that redacts the first line of the third email. Based on support provided in the Fisher Decl., ¶ 3, these documents contain communications requesting legal advice.

---

[20]  Id.

[21]  Id.

II.    **CONCLUSION**

For the foregoing reasons, Mattel respectfully requests that the Court overrule the portions of the Discovery Master's rulings in Order No. 94 described above with respect to the following entries on Mattel's privilege log: 27, 70, 71, 72, 73, 74, 75, 105, 106, 107, 156, 157, 159, 257, 390, 407, 411, 412, 540, 543, 569, 570, 571, 573, 574, 584, 589, 614, 616, 617, 627, 634, and 803.

DATED:  April 30, 2010

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By _____
   Diane C. Hutnyan
   Attorneys for Mattel, Inc.