QUINN EMANUEL URQUHART & SULLIVAN, LLP
  John B. Quinn (Bar No. 090378)
  (johnquinn@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:  (213) 443-3000
Facsimile:   (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation, | CASE NO. CV 04-9049 DOC (RNBx) |
| Plaintiff, | Consolidated with<br>Case No. CV 04-09059 and<br>Case No. CV 05-02727 |
| vs. | DECLARATION OF SCOTT L. WATSON IN SUPPORT OF MOTION OF MATTEL, INC. TO CONFIRM PENDENCY OF TRADE SECRET MISAPPROPRIATION CLAIM BASED ON THEFT OF BRATZ |
| MGA ENTERTAINMENT, INC., a California corporation, | |
| Defendants. | |
| AND CONSOLIDATED ACTIONS | Hearing Date:  TBD<br>Time:  TBD<br>Place:  Courtroom 9D |
| | Discovery Cut-off:  TBD<br>Pre-trial Conference:  TBD<br>Trial Date:  TBD |

00505.07975/3481353.1

## DECLARATION OF SCOTT L. WATSON

I, Scott L. Watson, declare as follows:

1.      I am a member of the bar of the State of California, admitted to practice in the Central District of California and elsewhere, and a partner at Quinn Emanuel Urquhart & Sullivan, LLP, attorneys for Mattel, Inc. ("Mattel").  I make this declaration of personal, firsthand knowledge, and if called and sworn as a witness, I could and would testify competently thereto.

2.      Attached hereto as Exhibit 1  is a true and correct copy of relevant excerpts from a draft proposed Phase 1 Pre-Trial Conference Order, dated April 18, 2008, as attached to an April 18, 2008 e-mail from Mattel attorney Cyrus Naim to, among others, Lance Etcheverry and Jason Russell, counsel for the MGA Parties.

3.      Attached hereto as Exhibit 2  is a true and correct copy of relevant portions of Mattel's Proposed Jury Instructions, dated April 1, 2008, as attached as an exhibit to the Declaration of Jason D. Russell in Support of MGA Parties' Motions in *Limines* Nos. 1-12, dated April 14, 2008, Docket No. 3063.

4.      Attached hereto as Exhibit 3 is a true and correct copy of relevant excerpts from MGA's Objections to Mattel's Proposed Jury Instructions, dated April 16, 2008.

5.      Attached hereto as Exhibit 4 is a true and correct copy of relevant excerpts from the parties' joint proposed Amended Final Pre-Trial Conference Order for Phase 1 Trial, dated May 23, 2008, along with the Notice of Lodging of this document, Docket No. 3765.

6.      Attached hereto as Exhibit 5 is a true and correct copy of relevant excerpts from Mattel, Inc.'s First Supplemental Objections and Responses To Interrogatory Nos. 20-23 and 28 in MGA Entertainment, Inc.'s Second Set of Interrogatories, dated July 31, 2009.

1           7.     Attached hereto as Exhibit 6 is a true and correct copy of

2    relevant excerpts from the transcript of the deposition of Robert Eckert, dated

3    December 17, 2009.

4           8.     Attached hereto as Exhibit 7 is a true and correct copy of

5    relevant excerpts from the Reporter's Transcript of Proceedings, dated January 8,

6    2007.

7           I declare under penalty of perjury under the laws of the United States of

8    America that the foregoing is true and correct, and that this Declaration was

9    executed on May 4, 2010 at Los Angeles, California.

10

11                 /s/ Scott L. Watson
                      Scott L. Watson

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 1

**From:** Cyrus Naim [mailto:cyrusnaim@quinnemanuel.com]
**Sent:** Friday, April 18, 2008 4:06 PM
**To:** 'Matthew Werdegar'; 'lance.etcheverry@skadden.com'; 'jason.russell@skadden.com'
**Cc:** Jon Corey; Dylan Proctor; Michael T Zeller; James Webster
**Subject:** FINAL PRE-TRIAL CONFERENCE ORDER - circulation version

Hello.   Attached is the Pre-Trial Conference Order in Word Format.


Cyrus Naim
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Direct: (213) 443-3559
Main Phone: (213) 443-3000
Main Fax:  (213) 443-3100
E-mail:  cyrusnaim@quinnemanuel.com
Web:  www.quinnemanuel.com

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above.   This message may be an attorney-client communication and/or work product and as such is privileged and confidential.   If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited.   If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

EXHIBIT 1

PAGE 3

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
   John B. Quinn (Bar No. 090378)
2  johnquinn@quinnemanuel.com
   Michael T. Zeller (Bar No. 196417)
3  (michaelzeller@quinnemanuel.com)
   Jon D. Corey (Bar No. 185066)
4  (joncorey@quinnemanuel.com)
   Timothy L. Alger (Bar No. 160303)
5  (timalger@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
6  Los Angeles, California  90017-2543
   Telephone:  (213) 443-3000
7  Facsimile:  (213) 443-3100

8  Attorneys for Mattel, Inc.

9            UNITED STATES DISTRICT COURT

10           CENTRAL DISTRICT OF CALIFORNIA

11               EASTERN DIVISION

| | |
|---|---|
| 12  CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
| 13           Plaintiff, | Consolidated with |
| | Case No. CV 04-09059 |
| 14      vs. | Case No. CV 05-02727 |
| 15  MATTEL, INC., a Delaware corporation, | **FINAL PRE-TRIAL CONFERENCE ORDER FOR PHASE 1 TRIAL** |
| 16 | |
| 17           Defendant. | Pretrial Conference:  May 5, 2008 |
| | Time:                 10:00 a.m. |
| 18  AND CONSOLIDATED ACTIONS | Place:                Courtroom 1 |
| 19 | **Phase 1:** |
| | Pre-Trial Conference:  May 5, 2008 |
| 20 | Trial Date:           May 27, 2008 |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | EXHIBIT ___1___ |
| 27 | PAGE ___4___ |
| 28 | |

07209/2476810.1

1           5.      At least one of the Bratz pitch materials is an original work of

2  authorship within the meaning of 17 U.S.C. § 102.

3           6.      More than one of the Bratz pitch materials is an original work of

4  authorship within the meaning of 17 U.S.C. § 102.

5           7.      Each of the Bratz pitch materials is an original work of

6  authorship within the meaning of 17 U.S.C. § 102.

7

8                                **STIPULATED FACTS**

9           1.      The following facts, though stipulated, shall be without prejudice

10  to any evidentiary objection:

11          [TBA]

12

13                          **CLAIMS AND DEFENSES**

14           1.      In Phase 1 of the Trial, pursuant to the Court's July 5, 2007

15  Order, the parties' respective Claims and Affirmative Defenses are as follows:

16

17            **MATTEL INC.'S CLAIMS AND COUNTERCLAIMS**

18           a.      Mattel, Inc. plans to pursue the following claims and

19  counterclaims against the defendants in Phase 1 trial as indicated:

20           Claim 1:  Defendant Bryant breached his contracts with Mattel

21  (Against Bryant).

22                 Elements to be Proven

23                   1) That Mattel and Mr. Bryant entered

24                      into a contract or contracts;

25                   2) That Mattel did all, or substantially all,

26                      of the significant things that the

27                      contract required Mattel to do;

28

**EXHIBIT**  1

**PAGE**  5

1        contributed to MGA's infringing

2        activity.

3        Claim 11: Misappropriation (Against Bryant, Larian, MGA, and MGA

4  HK)

5                Elements to be Proven

6        1)  That Mattel owned the Bratz drawings;

7        2)  That the Bratz drawings were trade

8            secrets at the time of the

9            misappropriation;

10       3)  That Mr. Bryant, MGA, MGA HK,

11           and/or Mr. Larian improperly acquired,

12           used or disclosed the trade secrets;

13       4)  That Mr. Bryant, MGA, MGA HK,

14           and/or Mr. Larian was unjustly

15           enriched; and

16       5)  That Mr. Bryant's, MGA's, MGA HK's,

17           and/or Mr. Larian's acquisition, use or

18           disclosure of the trade secrets was a

19           substantial factor in causing them to be

20           unjustly enriched.

21

22       b.    Mattel's Key Evidence:[26]

23           In brief, and without in any way waiving its right to rely on other

24  evidence, Mattel's key evidence is summarized as follows:

25  _____

26       [26] Mattel's list of facts herein is not exhaustive.  Mattel reserves the right to

27  introduce additional evidence in support of its claims — or in opposition to
   defendants' affirmative defenses — at trial.        **EXHIBIT  1**

28

**PAGE  6**

# EXHIBIT 2

1   THOMAS J. NOLAN (Bar No. 66992)
    (tnolan@skadden.com)
2   JASON D. RUSSELL (Bar No. 169219)
    (jrussell@skadden.com)
3   MARINA V. BOGORAD (Bar No. 217524)
    (mbogorad@skadden.com)
4   SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
    300 South Grand Avenue
5   Los Angeles, California 90071-3144
    Telephone:   (213) 687-5000
6   Facsimile:   (213) 687-5600

7   RAOUL D. KENNEDY (Bar No. 40892)
    (rkennedy@skadden.com)
8   SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
    4 Embarcadero Center, Suite 3800
9   San Francisco, CA 94111-5974
    Tel.: (415) 984-2698 / Fax: (415) 984-2626
10
    Attorneys for MGA Entertainment, Inc., MGA Entertainment (HK) Limited,
11  MGAE de Mexico, S.R.L. de C.V., and Isaac Larian

12                  UNITED STATES DISTRICT COURT

13                 CENTRAL DISTRICT OF CALIFORNIA

14                        EASTERN DIVISION

15  CARTER BRYANT, an individual,       )   CASE NO. CV 04-9049 SGL (RNBx)
16                                       )
                 Plaintiff,              )   Consolidated with Case No. 04-9059
17                                       )   and Case No. 05-2727
            v.                           )
18                                       )   Honorable Stephen G. Larson
    MATTEL, INC., a Delaware             )
19  corporation,                         )   DECLARATION OF JASON D.
                                         )   RUSSELL IN SUPPORT OF MGA
20               Defendant.              )   PARTIES' MOTIONS *IN LIMINE* NOS.
                                         )   1-12
21                                       )
22                                       )   VOLUME 5 OF 5
                                         )
23                                       )   Hearing Date: May 21, 2008
                                         )   Time: 1:00 p.m.
24  ─────────────────────────────       )
                                         )
25  AND CONSOLIDATED ACTIONS.            )
26  FILED UNDER SEAL PURSUANT
    TO PROTECTIVE ORDER                      EXHIBIT 2
27
28                                           PAGE 7

─────────────────────────────────────────────────────────
        Declaration of Jason D. Russell in Support of MGA Parties' Motions *in limine* Nos. 1-12
                        Case No. CV 04-9049 SGL (RNBx)

1 | MGA 0875548-54, MGA 0875683-5703, MGA 0875451-78, and MGA 0875555-69 are
2 | attached hereto as **Exhibit 28**.

3 |     30.    A true and correct copy of Mattel Inventions Agreement with Bryant dated
4 | January 4, 1999, introduced as C. Bryant Depo. Ex. 25, is attached hereto **Exhibit 29**.

5 |     31.    A true and correct copy of an email from Craig Holden to Michael Page, Isaac
6 | Larian and John Keker dated June 20, 2007 and bearing Bates numbers MGA 3765585-
7 | 3765589 is attached hereto as **Exhibit 30**.

8 |     32.    A true and correct copy of MGA Entertainment's billing policy bearing Bates
9 | numbers MGA 3709766-3709771 is attached hereto as **Exhibit 31**.

10 |     33.    A true and correct copy of an email from Dale Cendali to Craig Holden and
11 | Isaac Larian dated June 23, 2007 and bearing Bates numbers MGA 3709794-3709798 is
12 | attached hereto as **Exhibit 32**.

13 |     34.    A true and correct copy of an excerpt from Mattel's Fifth Set of
14 | Interrogatories dated October 19, 2007 is attached hereto as **Exhibit 33**.

15 |     35.    A true and correct copy of Mattel's Opposition to MGA Parties' Motion for
16 | Clarification Regarding Portions of February 15, 2008 Order Granting In Part and Denying
17 | In Part Mattel's Motion to Compel Responses to Interrogatory Nos. 27-44 and 46-50 by
18 | the MGA Parties is attached hereto as **Exhibit 34**.

19 |     36.    A chart identifying the Bates numbers of samples of Phase Two documents to
20 | be excluded pursuant to the MGA Parties' Motion *in limine* No. 6 is attached hereto as
21 | **Exhibit 35**.

22 |     37.    A true and correct copy of an email exchange between Isaac Larian and
23 | Carter Bryant dated February 15, 2002 and bearing Bates numbers MGA 0069280-
24 | 0069282 is attached hereto as **Exhibit 36**.

25 |     38.    A true and correct copy of excerpts of Mattel's Proposed Jury Instructions
26 | and Special Verdict Forms dated April 1, 2008 is attached hereto as **Exhibit 37**.

27 | **EXHIBIT 2**

28 | **PAGE 8**

v



QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
  Timothy L. Alger (Bar No. 160303)
  (timalger@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:  (213) 443-3000
Facsimile:  (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
| Plaintiff, | Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727 |
| vs. | |
| MATTEL, INC., a Delaware corporation, | Hon. Stephen G. Larson |
| Defendant. | **MATTEL'S PROPOSED JURY INSTRUCTIONS** |
| AND CONSOLIDATED ACTIONS | **Phase 1:** |
| | Discovery Cut-Off:  January 28, 2008<br>Pre-Trial Conference:  May 5, 2008<br>Trial Date:  May 27, 2008 |

EXHIBIT 2

PAGE 9

# CACI 4401

## MISAPPROPRIATION OF TRADE SECRETS—ESSENTIAL FACTUAL ELEMENTS

Mattel claims that Carter Bryant, MGA and/or Isaac Larian have misappropriated Mattel trade secrets.  To succeed on this claim, Mattel must prove all of the following:

1.   That Mattel owned the Bratz drawings;

2.   That the Bratz drawings were trade secrets at the time of the misappropriation;

3.   That Mr. Bryant, MGA and/or Mr. Larian improperly acquired, used or disclosed the trade secrets;

4.   That Mr. Bryant, MGA and/or Mr. Larian was unjustly enriched; and

5.   That Mr. Bryant's, MGA's and/or Mr. Larian's acquisition, use or disclosure of the trade secrets was a substantial factor in causing them to be unjustly enriched.

**Authority:**  CACI No. 4401.

EXHIBIT 2

PAGE 10

09/2463941.1

# CACI 4402

# "TRADE SECRET" DEFINED

To prove that the Bratz drawings were trade secrets, Mattel must prove all of the following:

1.     That the Bratz drawings were secret;

2.     That the Bratz drawings were actually or potentially valuable, giving Mattel a substantial business advantage over its competitors, because they were secret; and

3.     That Mattel made reasonable efforts to keep the trade secrets secret.

**Authority:**  CACI No. 4402 (modified).

Exhibit 37 ,
P. 508

EXHIBIT 2

PAGE 11

# CACI 4403

## SECRECY REQUIREMENT

The secrecy required to prove that something is a trade secret does not have to be absolute in the sense that no one else in the world possesses the information. It may be disclosed to employees involved in Mattel's use of the trade secret as long as they are required to keep the information secret.  It may also be disclosed to non-employees if they are obligated to keep the information secret.  However, it must not have been generally known to the public or to people who could obtain value from knowing it.

**Authority:**  CACI No. 4403.

09/2463941.1

-48-
MATTEL'S PROPOSED JURY INSTRUCTIONS
Exhibit 37,
P. 509

EXHIBIT 2
PAGE 12

## CACI 4405

## MISAPPROPRIATION BY ACQUISITION

Mr. Bryant, MGA and/or Mr. Larian misappropriated Mattel's trade secrets by acquisition if Mr. Bryant, MGA and/or Mr. Larian acquired the trade secrets and knew or had reason to know that they used improper means to acquire them.

**Authority:** CACI No. 4405.

MATTEL'S PROPOSED JURY INSTRUCTIONS
Exhibit 37,
P. 510

EXHIBIT 2

PAGE 13

09/2463941.1

1

## CACI 4406

2

## MISAPPROPRIATION BY DISCLOSURE

3

4

5    Mr. Bryant, MGA and/or Mr. Larian misappropriated Mattel's trade secrets

6 by disclosure if Mr. Bryant, MGA and/or Mr. Larian:

7        1.    Disclosed Mattel's trade secrets without Mattel's consent; and

8        2.    Acquired knowledge of the trade secrets by improper means.

9

10

11 Authority:  CACI No. 4406.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

.09/2463941.1

MATTEL'S PROPOSED JURY INSTRUCTIONS

Exhibit 37,
P. 511

EXHIBIT 2

PAGE 14

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CACI 4407

## MISAPPROPRIATION BY USE

Mr. Bryant, MGA and/or Mr. Larian misappropriated Mattel's trade secrets by use if Mr. Bryant, MGA and/or Mr. Larian:

    1.    Used Mattel's trade secrets without Mattel's consent; and

    2.    Acquired knowledge of the trade secrets by improper means.

**Authority:** CACI No. 4407.

.09/2463941.1

# EXHIBIT 3

1 | THOMAS J. NOLAN (Bar No. 66992)
  | (tnolan@skadden.com)
2 | JASON D. RUSSELL (Bar No. 169219)
  | (jrussell@skadden.com)
3 | MARINA V. BOGORAD (Bar No. 217524)
  | (mbogorad@skadden.com)
4 | SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
  | 300 South Grand Avenue, Ste. 3400, Los Angeles, CA  90071-3144
5 | Tel.: (213) 687-5000 / Fax: (213) 687-5600

6 | RAOUL D. KENNEDY (Bar No. 40892)
  | (rkennedy@skadden.com)
7 | SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
  | 4 Embarcadero Center, Suite 3800
8 | San Francisco, CA  94111-5974
  | Tel.: (415) 984-2698 / Fax: (415) 984-2626
9 |
10 | Attorneys for MGA Entertainment, Inc., MGA Entertainment (HK) Limited,
   | MGAE de Mexico, S.R.L. de C.V., and Isaac Larian

11 | UNITED STATES DISTRICT COURT

12 | CENTRAL DISTRICT OF CALIFORNIA

13 | EASTERN DIVISION

14 | CARTER BRYANT, an individual,              ) CASE NO. CV 04-9049 SGL (RNBx)

15 |                         Plaintiff,         ) Consolidated with Case No. 04-9059
                                               ) and Case No. 05-2727
16 |            v.                              )
                                               ) Honorable Stephen G. Larson
17 | MATTEL, INC., a Delaware                   )
   | corporation,                              ) OBJECTIONS TO MATTEL'S PROPOSED
18 |                                           ) JURY INSTRUCTIONS
                           Defendant.          )
19 |                                           )
20 | AND CONSOLIDATED ACTIONS.                 )
                                               )
21 |
22 |
23 | **FILED  UNDER  SEAL  PURSUANT**
   | **TO PROTECTIVE ORDER**
24 |
25 |
26 |
27 |
28 |

4-16-08

EXHIBIT 3

PAGE 16

# CACI 4401

## MISAPPROPRIATION OF TRADE SECRETS—ESSENTIAL FACTUAL ELEMENTS

Mattel claims that Carter Bryant, MGA and/or Isaac Larian have misappropriated Mattel trade secrets.  To succeed on this claim, Mattel must prove all of the following:

1.   That Mattel owned the Bratz drawings;

2.   That the Bratz drawings were trade secrets at the time of the misappropriation;

3.   That Mr. Bryant, MGA and/or Mr. Larian improperly acquired, used or disclosed the trade secrets;

4.   That Mr. Bryant, MGA and/or Mr. Larian was unjustly enriched; and

5.   That Mr. Bryant's, MGA's and/or Mr. Larian's acquisition, use or disclosure of the trade secrets was a substantial factor in causing them to be unjustly enriched.

**Authority:**  CACI No. 4401.

EXHIBIT 3

PAGE 17

1

2  **OBJECTION**. The preceding instruction is objectionable because Mattel does not assert a

3  claim for misappropriation of trade secrets in Phase One. (See Phasing Order at 2-4, 8-9.)

4  Indeed, on April 14, 2008, Mattel filed a motion *in limine* to exclude evidence and argument

5  relating to Phase Two claims from the Phase One trial, in which Mattel expressly

6  acknowledges (as it must) that its misappropriation of trade secrets claim is a Phase Two

7  issue.  To permit Mattel to introduce this claim in Phase One at this late stage would be

8  incredibly prejudicial.  The MGA Parties and Bryant did not complete their discovery or

9  move for summary judgment on this claim in reliance on the Court's Phasing Order

10  reserving this claim in Phase Two.

11

12
    Moreover, the instruction is objectionable because it includes Bryant, while Bryant is not
13
    among the named defendants for this claim. (See SAA at 62.) Consequently, any instruction
14
    mentioning Bryant with respect to this claim is improper, as it is contrary to the allegations
15
    set forth in Mattel's operative pleadings. Furthermore, the instruction is objectionable to the
16
    extent it does not require Mattel to prove that the drawings at issue in this claim were trade
17
    secrets as defined by the underlying contract or, in other words, resulted from Bryant's
18
    work. Finally, the preceding instruction is objectionable to the extent it suggests that
19
    proving all the elements as against either Bryant, MGA or Larian establishes the liability of
20
    all.

21

22

23

24

25

26

27

28

EXHIBIT **3**

PAGE **18**

# CACI 4402

# "TRADE SECRET" DEFINED

To prove that the Bratz drawings were trade secrets, Mattel must prove all of the following:

1. That the Bratz drawings were secret;

2. That the Bratz drawings were actually or potentially valuable, giving Mattel a substantial business advantage over its competitors, because they were secret; and

3. That Mattel made reasonable efforts to keep the trade secrets secret.

**Authority:** CACI No. 4402 (modified).

EXHIBIT 3

PAGE 19

1

2  **OBJECTION**. The preceding instruction is objectionable because Mattel does not assert a

3  claim for misappropriation of trade secrets in Phase One. (See Phasing Order at 2-4, 8-9.)

4  Indeed, on April 14, 2008, Mattel filed a motion *in limine* to exclude evidence and argument

5  relating to Phase Two claims from the Phase One trial, in which Mattel expressly

6  acknowledges (as it must) that its misappropriation of trade secrets claim is a Phase Two

7  issue.   To permit Mattel to introduce this claim in Phase One at this late stage would be

8  incredibly prejudicial.   The MGA Parties and Bryant did not complete their discovery or

9  move for summary judgment on this claim in reliance on the Court's Phasing Order

10 reserving this claim in Phase Two.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT 3

PAGE 20

## CACI 4403

## SECRECY REQUIREMENT

The secrecy required to prove that something is a trade secret does not have to be absolute in the sense that no one else in the world possesses the information.  It may be disclosed to employees involved in Mattel's use of the trade secret as long as they are required to keep the information secret.  It may also be disclosed to non-employees if they are obligated to keep the information secret.  However, it must not have been generally known to the public or to people who could obtain value from knowing it.

**Authority:**  CACI No. 4403.

EXHIBIT 3

PAGE 21

1

2 **OBJECTION**. The preceding instruction is objectionable because Mattel does not assert a

3 claim for misappropriation of trade secrets in Phase One. (See Phasing Order at 2-4, 8-9.)

4 Indeed, on April 14, 2008, Mattel filed a motion *in limine* to exclude evidence and argument

5 relating to Phase Two claims from the Phase One trial, in which Mattel expressly

6 acknowledges (as it must) that its misappropriation of trade secrets claim is a Phase Two

7 issue.  To permit Mattel to introduce this claim in Phase One at this late stage would be

8 incredibly prejudicial.  The MGA Parties and Bryant did not complete their discovery or

9 move for summary judgment on this claim in reliance on the Court's Phasing Order

10 reserving this claim in Phase Two.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT 3

PAGE 22

# CACI 4405

## MISAPPROPRIATION BY ACQUISITION

Mr. Bryant, MGA and/or Mr. Larian misappropriated Mattel's trade secrets by acquisition if Mr. Bryant, MGA and/or Mr. Larian acquired the trade secrets and knew or had reason to know that they used improper means to acquire them.

**Authority:** CACI No. 4405.

EXHIBIT 3

PAGE 23

1

2  **OBJECTION**. The preceding instruction is objectionable because Mattel does not assert a

3  claim for misappropriation of trade secrets in Phase One. (See Phasing Order at 2-4, 8-9.)

4  Indeed, on April 14, 2008, Mattel filed a motion *in limine* to exclude evidence and argument

5  relating to Phase Two claims from the Phase One trial, in which Mattel expressly

6  acknowledges (as it must) that its misappropriation of trade secrets claim is a Phase Two

7  issue.  To permit Mattel to introduce this claim in Phase One at this late stage would be

8  incredibly prejudicial.  The MGA Parties and Bryant did not complete their discovery or

9  move for summary judgment on this claim in reliance on the Court's Phasing Order

10  reserving this claim in Phase Two.

11

12

13  Moreover, the instruction is objectionable because it includes Bryant, while Bryant is not

14  among the named defendants for this claim. (See SAA at 62.) Consequently, any instruction

15  mentioning Bryant with respect to this claim is improper, as it is contrary to the allegations

16  set forth in Mattel's operative pleadings. Finally, the preceding instruction is objectionable

17  to the extent it suggests that proving all the elements as against either Bryant, MGA or

18  Larian establishes the liability of all.

19

20

21

22

23

24

25

26

27

28

EXHIBIT **3**

PAGE **24**

# CACI 4406

## MISAPPROPRIATION BY DISCLOSURE

Mr. Bryant, MGA and/or Mr. Larian misappropriated Mattel's trade secrets by disclosure if Mr. Bryant, MGA and/or Mr. Larian:

1.  Disclosed Mattel's trade secrets without Mattel's consent; and

2.  Acquired knowledge of the trade secrets by improper means.

Authority: CACI No. 4406.

EXHIBIT 3

PAGE 25

**OBJECTION**. The preceding instruction is objectionable because Mattel does not assert a claim for misappropriation of trade secrets in Phase One. (See Phasing Order at 2-4, 8-9.) Indeed, on April 14, 2008, Mattel filed a motion *in limine* to exclude evidence and argument relating to Phase Two claims from the Phase One trial, in which Mattel expressly acknowledges (as it must) that its misappropriation of trade secrets claim is a Phase Two issue.  To permit Mattel to introduce this claim in Phase One at this late stage would be incredibly prejudicial.  The MGA Parties and Bryant did not complete their discovery or move for summary judgment on this claim in reliance on the Court's Phasing Order reserving this claim in Phase Two.

Moreover, the instruction is objectionable because it includes Bryant, while Bryant is not among the named defendants for this claim. (See SAA at 62.) Consequently, any instruction mentioning Bryant with respect to this claim is improper, as it is contrary to the allegations set forth in Mattel's operative pleadings.  Finally, the preceding instruction is objectionable to the extent it suggests that proving all the elements as against either Bryant, MGA or Larian establishes the liability of all.

EXHIBIT 3

PAGE 26

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CACI 4407

## MISAPPROPRIATION BY USE

Mr. Bryant, MGA and/or Mr. Larian misappropriated Mattel's trade secrets by use if Mr. Bryant, MGA and/or Mr. Larian:

    1.    Used Mattel's trade secrets without Mattel's consent; and

    2.    Acquired knowledge of the trade secrets by improper means.

**Authority:** CACI No. 4407.

EXHIBIT **3**

PAGE **27**

1

2  **OBJECTION**. The preceding instruction is objectionable because Mattel does not assert a

3  claim for misappropriation of trade secrets in Phase One. (See Phasing Order at 2-4, 8-9.)

4  Indeed, on April 14, 2008, Mattel filed a motion *in limine* to exclude evidence and argument

5  relating to Phase Two claims from the Phase One trial, in which Mattel expressly

6  acknowledges (as it must) that its misappropriation of trade secrets claim is a Phase Two

7  issue.  To permit Mattel to introduce this claim in Phase One at this late stage would be

8  incredibly prejudicial.  The MGA Parties and Bryant did not complete their discovery or

9  move for summary judgment on this claim in reliance on the Court's Phasing Order

10 reserving this claim in Phase Two.

11

12
   Moreover, the instruction is objectionable because it includes Bryant, while Bryant is not
13
   among the named defendants for this claim. (See SAA at 62.) Consequently, any instruction
14
   mentioning Bryant with respect to this claim is improper, as it is contrary to the allegations
15
   set forth in Mattel's operative pleadings. Finally, the preceding instruction is objectionable
16
   to the extent it suggests that proving all the elements as against either Bryant, MGA or
17
   Larian establishes the liability of all.
18

19

20

21

22

23

24

25

26

27

28

1  **OBJECTION**. Mattel lacks any evidentiary basis to request an instruction concerning
2  punitive damages. See Barry v. Raskov, 232 Cal. App. 3d 447, 457 (1991) (trial court
3  properly refused to instruct jury on punitive damages, as there was not clear and convincing
4  evidence of fraud); see also Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002) ("[a] party
5  is entitled to an instruction about his or her theory of the case if it is supported by law and
6  has foundation in the evidence"). Moreover, this instruction is improper because it does not
7  distinguish among the defendants and advise the jury that it must make separate findings
8  with respect to each defendant.

9
10  DATED: April 16, 2008          SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

11                                      By: _____
12                                                Jason D. Russell
                                           Attorneys for the MGA Parties
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

EXHIBIT 3

PAGE 29

# EXHIBIT 4

Case 2:04-cv-09049-DOC-RNB   Document 7801-1   Filed 05/04/10   Page 35 of 60   Page ID
#:262272
Case 2:04-cv-09049-DOC-RNB   Document 3765   Filed 05/23/08   Page 1 of 2

1    QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
     John B. Quinn (Bar No. 90378)
2    (johnquinn@quinnemanuel.com)
     Michael T. Zeller (Bar No. 196417)
3    (michaelzeller@quinnemanuel.com)
     Jon D. Corey (Bar No. 185066)
4    (joncorey@quinnemanuel.com)
     865 South Figueroa Street, 10th Floor
5    Los Angeles, California 90017-2543
     Telephone: (213) 443-3000
6    Facsimile: (213) 443-3100

7    Attorneys for Mattel, Inc.

8             UNITED STATES DISTRICT COURT

9             CENTRAL DISTRICT OF CALIFORNIA

10                EASTERN DIVISION

| | |
|---|---|
| 11   CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
| 12         Plaintiff, | Consolidated with |
| 13 | Case No. CV 04-09059 |
| | Case No. CV 05-02727 |
| 14     vs. | |
| | NOTICE OF LODGING OF |
| 15   MATTEL, INC., a Delaware | AMENDED FINAL PRE-TRIAL |
| | CONFERENCE |
| 16   corporation, | ORDER FOR PHASE 1 TRIAL |
| 17        Defendant. | **Phase 1** |
| 18 | Pre-Trial Conference: May 19, 2008 |
| | Trial Date:        May 27, 2008 |
| 19   AND CONSOLIDATED ACTIONS | |

20

21

22

23

24

25

26

27                            EXHIBIT 4

28                            PAGE 30

07209/2495461.2

1    PLEASE TAKE NOTICE that the Parties hereby submit an Amended

2  Final Pre-Trial Conference Order for Phase 1 Trial.

3

4  DATED: May 23, 2008          QUINN EMANUEL URQUHART OLIVER &
                                HEDGES, LLP
5

6                               By /s/ Cyrus S. Naim
7                                  Cyrus S. Naim
                                   Attorneys for Mattel, Inc.
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27                              EXHIBIT 4

28                              PAGE 31

07209/2495461.2

                                -2-

1   QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
    John B. Quinn (Bar No. 090378)
2   (johnquinn@quinnemanuel.com)
    Michael T. Zeller (Bar No. 196417)
3   (michaelzeller@quinnemanuel.com)
    Jon D. Corey (Bar No. 185066)
4   (joncorey@quinnemanuel.com)
    Timothy L. Alger (Bar No. 160303)
5   (timalger@quinnemanuel.com)
    865 South Figueroa Street, 10th Floor
6   Los Angeles, California 90017-2543
    Telephone: (213) 443-3000
7   Facsimile: (213) 443-3100

8   Attorneys for Mattel, Inc.

9            UNITED STATES DISTRICT COURT

10         CENTRAL DISTRICT OF CALIFORNIA

11             EASTERN DIVISION

| | |
|---|---|
| 12  CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
| 13        Plaintiff, | Consolidated with |
| 14     vs. | Case No. CV 04-09059<br>Case No. CV 05-02727 |
| 15  MATTEL, INC., a Delaware<br>    corporation, | **AMENDED FINAL PRE-TRIAL**<br>**CONFERENCE ORDER FOR** |
| 16 | **PHASE 1 TRIAL** |
| 17        Defendant. | Pretrial Conference: May 19, 2008 |
| 18  AND CONSOLIDATED ACTIONS | Time: 10:00 a.m.<br>Place: Courtroom 1<br>Trial Date: May 27, 2008 |

19

20

21

22

23

24

25

26

27                        EXHIBIT **4**

28                        PAGE **32**

**Claim 6:  Declaratory Relief (Against Larian, MGA, and MGA HK) (ownership of original Bratz works and associated copyrights allegedly created by Bryant while employed by Mattel)**

<u>Elements to be Proven</u>

(a)    Mattel seeks a declaration of the Court that any and all agreements between Bryant, on the one hand, and MGA, on the other hand, in which Bryant purports to assign to MGA any right, title or interests in any work that he conceived, created or reduced to practice while a Mattel employee, including but not limited to Bratz designs, are void and of no effect, including because Bryant previously assigned all right, title or interest in Bratz to Mattel and because Mattel was otherwise the owner of said right, title or interest.

**Claim 7: Copyright Infringement (Against Larian, MGA, and MGA HK)**

<u>Elements to be Proven</u>

(a)    Mattel is the owner of a valid copyright; and

(b)    The defendants infringed such copyright.

<u>For Vicarious Liability (against Larian):</u>

(a)    Mr. Larian profited directly from the infringing activity of MGA;

(b)    Mr. Larian had the right and ability to supervise/control the infringing activity of MGA; and

(c)    Mr. Larian failed to exercise that right and ability.

<u>For Contributory Liability (against Larian, and/or MGA HK):</u>

(a)    Mr. Larian and/or MGA HK knew or had reason to know of the infringing activity of MGA; and

(b)    Mr. Larian and/or MGA HK intentionally materially contributed to MGA's infringing activity.

<u>The MGA parties' position as to Phase 1 claims and claim elements:</u>

1    The MGA parties object to Mattel's recitation of the required elements

2  of the claims Mattel contends are to be tried in Phase 1.  Mattel's recitation misstates

3  the applicable elements of its claims, as set forth in standard jury instructions and/or

4  relevant case law.  *See* L.R. 16, Appendix A.  The MGA parties submit that the

5  elements that Mattel must prove to prevail on its Phase 1 claims are accurately

6  stated as set forth below.  The authority supporting the MGA parties' position with

7  respect to the required claim elements is set forth in their joint and disputed

8  proposed jury instructions relating to these claims, their objections to Mattel's

9  proposed jury instructions, and their responses to Mattel's objections to their

10  proposed instructions – which have yet to be addressed by the Court.

11    Additionally, the MGA parties object to any attempt by Mattel to assert

12  any claim for misappropriation of trade secrets in Phase 1 of this case, as suggested

13  by Mattel in a footnote in its section.  Pursuant to the Court's bifurcation and trial

14  phasing order dated July 2, 2007 [Docket No. 608], which adopted as the order of

15  the Court Mattel's trial phasing proposal dated June 20, 2008, Mattel's

16  misappropriation of trade secrets claim is to be tried in Phase 2.  *See* Mattel's Memo.

17  Re: Trial Structure dated June 20, 2008, at 8.  Despite being asked repeatedly by

18  counsel for the MGA parties, Mattel has provided no procedural basis or authority

19  for leaving open the possibility of seeking to pursue a misappropriation of trade

20  secrets claim in Phase 1 of this case.

21    The MGA parties would be prejudiced by any reallocation of claims

22  from Phase 2 to Phase 1 at this late date.  The MGA parties did not focus their

23  discovery efforts on Mattel's misappropriation of trade secrets claim on the

24  understanding that it was a Phase 2 claim and because they were never informed by

25  Mattel that this claim related to ownership of Bratz.  Additionally, the MGA parties

26  did not move for summary adjudication of this claim, again because Mattel agreed

27  and the Court ordered that this claim be adjudicated in Phase 2.  At the hearing on

28

EXHIBIT **4**

PAGE **34**

1   May 22, 2008, the Court provided guidance to the parties as to the issues that may

2   be tried as part of Phase 1 versus Phase 2.

3         MGA disagrees with Mattel's characterizations of the Court's April 25,

4   2008 and May 22, 2008 Summary Judgment Orders.  The Court deferred ruling on

5   MGA's motion for summary judgment on statute of limitations grounds.

6         Mattel's claims 1-3 have been dismissed and Mattel and Bryant have

7   exchanged general releases with one another as to these claims.

8   **MGA Response to Mattel's Statement Re: Conversion**: As conceded by Mattel

9   in its Motion for Partial Summary Judgment, there is no conversion claim asserted

10   against MGA in Phase 1.  (*See* Mattel MSJ at 50:18-20.)  Moreover, the elements

11   as set forth above are objectionable to the extent they include ideas and concepts as

12   property in question for Mattel's conversion claim, as the Court already dismissed

13   Mattel's conversion claim to the extent it is based on conversion of "ideas" and

14   limited Mattel to seeking recovery of any sketches created by Bryant that fall

15   within the scope of the Inventions Agreement (but not permitting damages for the

16   exploitation of any rights to those sketches beyond the value at the time of any

17   alleged conversion of the sketches themselves).  (*See* April 25, 2008 MSJ Order;

18   see also Mattel MSJ Opp'n at 71-72, citing *Melchior v. New Line Prods., Inc.*, 106

19   Cal. App. 4th 779, 793 (2003) ("[t]he tort of conversion does not apply to ideas").)

20   The elements are further improper to the extent they include discarded property.

21   *See Ananda Church of Self-Realization v. Mass. Bay Ins. Co.*, 95 Cal. App. 4th

22   1273, 1282 (2002).  The elements should be stated as follows:

23         Claim 4: Conversion (Against Larian, MGA, and MGA HK).

24           Elements to be Proven

25             1) That  Mattel  owned  the  BRATZ

26                 sketches  under  Section  2(a)  of  the

27                 Inventions Agreement and the rights to

28

**EXHIBIT 4**

**PAGE 35**

# EXHIBIT 5

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
   John B. Quinn (Bar No. 090378)
2  (johnquinn@quinnemanuel.com)
   Michael T. Zeller (Bar No. 196417)
3  (michaelzeller@quinnemanuel.com)
   Jon D. Corey (Bar No. 185066)
4  (joncorey@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
5  Los Angeles, California 90017-2543
   Telephone: (213) 443-3000
6  Facsimile: (213) 443-3100

7  Attorneys for Mattel, Inc.

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10                   EASTERN DIVISION

11 | CARTER BRYANT, an individual,      | CASE NO. CV 04-9049 SGL (RNBx)
12 |        Plaintiff,                   | Consolidated with:
13 |     vs.                             | Case No. CV 04-09059
   |                                     | Case No. CV 05-02727
14 | MATTEL, INC., a Delaware            | MATTEL, INC.'S FIRST
   | corporation,                        | SUPPLEMENTAL OBJECTIONS
15 |                                     | AND RESPONSES TO
   |        Defendant.                   | INTERROGATORY NOS. 20-23 AND
16 |                                     | 28 IN MGA ENTERTAINMENT,
   |                                     | INC.'S SECOND SET OF
17 | AND CONSOLIDATED CASES              | INTERROGATORIES

18

19

20 PROPOUNDING PARTY: MGA ENTERTAINMENT, INC.

21 RESPONDING PARTY:  MATTEL, INC.

22 SET NO.:            TWO (2)

23

24

25        **CONFIDENTIAL – ATTORNEY'S EYES ONLY**

26         **PURSUANT TO PROTECTIVE ORDER**

27                              EXHIBIT _5_

28                              PAGE _36_

07975/3032171.1

7·3|

MATTEL'S RESPONSES TO MGA'S SECOND SET OF INTERROGATORIES

1  "IDENTIFY," "IDENTITY," "IDENTIFYING," and "STATE THE COMPLETE

2  FACTUAL BASIS FOR YOUR CONTENTION."

3

4                    **Specific and General Responses**

5           Each of the following objections and responses to the Interrogatories is

6  expressly made subject to the above Preliminary Statement and General Objections,

7  all of which are incorporated in each of the following objections and responses to

8  specific Interrogatories.

9

10                **RESPONSES TO INTERROGATORIES**

11

12  **INTERROGATORY NO. 20:**

13          IDENTIFY with specificity each ALLEGED TRADE SECRET,

14  including the IDENTITY of each DOCUMENT that embodies or REFERS OR

15  RELATES to each ALLEGED TRADE SECRET.

16

17  **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 20:**

18          In addition to the general objections stated above, Mattel specifically

19  objects to this Interrogatory on the grounds that it is unreasonably burdensome,

20  overbroad and duplicative of other discovery requests propounded in this action,

21  including in that it purports to require Mattel to summarize all facts on this subject,

22  despite defendants' own refusals to answer interrogatories with the same or

23  comparable language.  Mattel further objects to this Interrogatory on the grounds

24  that it is overbroad and unduly burdensome, in that it seeks identification of all

25  documents that "REFER[] OR RELATE[] to each ALLEGED TRADE SECRET,"

26  which includes trade secret documents never seen by defendants and beyond those

27  already stolen, and which have no relevance to this lawsuit.  Mattel will identify

28  only those documents that to its knowledge have already been stolen that embody or

**EXHIBIT 5**

0797503032171.1

1  refer or relate to the trade secrets.  Mattel further objects to this Interrogatory on the

2  grounds that it calls for the disclosure of information subject to the attorney-client

3  privilege, the attorney work-product doctrine and other applicable privileges.  Mattel

4  further objects to this Interrogatory on the grounds that it calls for the disclosure of

5  confidential and/or proprietary information, which Mattel will disclose only subject

6  to and in reliance upon the operative protective order.

7          Subject to and without waiving the foregoing general and specific

8  objections, Mattel responds as follows:

9          The stolen trade secrets include, without limitation:

10     1.     All information that derives independent economic value from not

11  being generally known to the public or to defendants or other persons who can

12  obtain economic value from its disclosure or use, that is contained in the following

13  documents ("Mattel Documents"):

14          TX 5-52, 62-1, 624, 5-74, 62-11, 10537, 15180, 5-75, 62-12, 10538,

15  15181, 5-111, 708, 5-112, 62-13, 5-113, 5-114, 62-14, 62-15, 1152-1, 1152-2,

16  10613, 1328, 10033-3, 10033-4; TX 5-88, 35-1, 35-3, 5-101, 1327, 10153-3, 10153-

17  4; TX 5-35, 757; TX 5-36, 701, 702; TX 5-37, 703; TX 5-38, 762; TX 5-43, 709;

18  TX 5-46, 710; TX 5-49, 704; TX 5-50, 705; TX 5-53, 1152-5, 1152-6, 10534,

19  15175; TX 5-54, 62-2, 620, 774, 775; TX 5-55, 62-3, 785, 1152-9; TX 5-56, 764,

20  15176; TX 5-57, 776, 777; TX 5-58, 765, 15177; TX 5-59, 739, 740; TX 5-60, 761;

21  TX 5-61, 62-4, 782, 796-1, 1748; TX 5-62, 62-5, 621, 767, 768, 5-71, 62-10, 770,

22  1752-1; TX 5-63, 758, 759, 760; TX 5-64, 62-6, 795, 1152-14, 1750; TX 5-65,

23  1152-7, 1152-8, 11789; TX 5-66, 794, 1152-13; TX 5-67, 62-7, 784, 1152-11, 1152-

24  12, 10535; TX 5-68, 62-8, 781, 786, 790, 1751-4; TX 5-69, 11788, 5-70, 62-9, 623,

25  783; TX 5-72, 1152-15, 1152-16, 10536, 15179; TX 5-73, 741, 742; TX 5-76, 706;

26  TX 5-77, 707; TX 5-78, 10539, 18501; TX 5-136, 711; TX 10579, 18281; TX

27  15172; TX 3-1, 779, 780, 1-1, 2-1, 778; TX 3-2, 726, 727, 728, 1-4, 2-5; TX 3-3,

28  1152-19, 1152-20, 11838, 15182, 1-6, 2-10, 5-104, 10544; TX 3-5, 791, 1-8, 2-2;

**EXHIBIT 5**

_-5-_

MATTEL'S RESPONSES TO MGA'S SECOND SET OF INTERROGATORIES

**PAGE 38**

1   MGA 0133924–MGA 0136083; MGA 0136084–MGA 0136200; MGA 0136201–

2   MGA 0136213; MGA 0137342–MGA 0139151; MGA 0139370–MGA 0139533;

3   MGA 0139553–MGA 0139568; MGA 0139664–MGA 0139730; MGA 0139731–

4   MGA 0139746; MGA 0139793–MGA 0139815; MGA 0140007–MGA 0140029;

5   MGA 0140282–MGA 0140348.

6        4.    All information relating to any ideas, designs, conceptions, or names

7   for Bratz, including but not limited to such ideas, designs, conceptions, or names

8   contained in the following documents ("Bratz Ideas"):

9        TX 5-52, 62-1, 624, 5-74, 62-11, 10537, 15180, 5-75, 62-12, 10538,

10   15181, 5-111, 708, 5-112, 62-13, 5-113, 5-114, 62-14, 62-15, 1152-1, 1152-2,

11   10613, 1328, 10033-3, 10033-4; TX 5-88, 35-1, 35-3, 5-101, 1327, 10153-3, 10153-

12   4; TX 5-35, 757; TX 5-36, 701, 702; TX 5-37, 703; TX 5-38, 762; TX 5-43, 709;

13   TX 5-46, 710; TX 5-49, 704; TX 5-50, 705; TX 5-53, 1152-5, 1152-6, 10534,

14   15175; TX 5-54, 62-2, 620, 774, 775; TX 5-55, 62-3, 785, 1152-9; TX 5-56, 764,

15   15176; TX 5-57, 776, 777; TX 5-58, 765, 15177; TX 5-59, 739, 740; TX 5-60, 761;

16   TX 5-61, 62-4, 782, 796-1, 1748; TX 5-62, 62-5, 621, 767, 768, 5-71, 62-10, 770,

17   1752-1; TX 5-63, 758, 759, 760; TX 5-64, 62-6, 795, 1152-14, 1750; TX 5-65,

18   1152-7, 1152-8, 11789; TX 5-66, 794, 1152-13; TX 5-67, 62-7, 784, 1152-11, 1152-

19   12, 10535; TX 5-68, 62-8, 781, 786, 790, 1751-4; TX 5-69, 11788, 5-70, 62-9, 623,

20   783; TX 5-72, 1152-15, 1152-16, 10536, 15179; TX 5-73, 741, 742; TX 5-76, 706;

21   TX 5-77, 707; TX 5-78, 10539, 18501; TX 5-136, 711; TX 10579, 18281; TX

22   15172; TX 3-1, 779, 780, 1-1, 2-1, 778; TX 3-2, 726, 727, 728, 1-4, 2-5; TX 3-3,

23   1152-19, 1152-20, 11838, 15182, 1-6, 2-10, 5-104, 10544; TX 3-5, 791, 1-8, 2-2;

24   TX 3-6, 11837, 15184, 1-7, 2-8, 743, 744, 5-107, 1152-17, 1152-18, 10547; TX 3-8,

25   789, 1-11, 2-9, 734, 5-106, 10546; TX 3-9, 788, 1-10, 2-6, 746, 5-103, 10543; TX

26   3-10, 735, 736; TX 3-12, 792, 1-3, 2-7, 5-102, 10542; TX 3-13, 793, 1-5, 2-3, 10-3;

27   TX 5-79, 1-9, 2-4, 737, 10545, 5-105; TX 1-2; TX 3-11,; TX 5-26, 712; TX 5-27,

28   713; TX 5-81, 720; TX 5-82, 715; TX 5-83, 723; TX 3-4, 5-84, 716, 717; TX 3-7, 5-

-16-   EXHIBIT __5__

1  85, 718, 719, 10-2, 63-1; TX 5-80, 721, 722, 5-86; TX 5-87, 5-108, 724, 725; TX 5-
2  34; TX 5-89, 35-2, 323-32, 323-33; TX 1107, 10638; TX 1108, 10639; TX 1109,
3  771; TX 1110, 773; TX 5-14, 10515; TX 5-18, 10518; TX 5-19, 10519; TX 5-28,
4  10526; TX 5-30; TX 5-95; TX 5-96; TX 5-99; TX 323-18; TX 323-19; TX 323-26;
5  TX 1136; The Three Dimensional Item Presented at the Meeting where Mr. Bryant
6  Pitched Bratz to MGA Entertainment, Inc.; M 0031142–M 0031153; M 0031207–
7  M 0031223; M 0031230–M 0031243; M 0031244–M 0031247; M 0031292–
8  M 0031380; M 0031381–M 0031470; M 0032071–M 0032288; M 0032289;
9  M 0032290–M 0032317; M 0019162–M 0019365; M 0019366–M 0019374;
10  M 0022009–M 0026076; M 0030184–M 0030240; M 0030261–M 0030268;
11  M 0030279–M 0030439; M 0030442–M 0030470; M 0030471–M 0030501;
12  M 0030502–M 0030504; M 0030505–M 0030575; M 0030675–M 0030754;
13  M 0031861–M 0031862; M 0031865–M 0031919; M 0098698–M 0098723;
14  M 0098866–M 0098879; M 0098884–M 0098933; M 0099449–M 0099461;
15  M 0099629–M 0099656; M 0890247–M 0890364; M 0890365–M 0890636;
16  M 0890637–M 0890873; M 0891011–M 0891020; M 0891158–M 0891161;
17  M 0891460–M 0891470; M 0891472–M 0891475; M 0891476–M 0891477;
18  M 0891480–M 0891488; M 0891501–M 0891502; M 0891614–M 0891623;
19  M 0891624–M 0891635; M 0891636–M 0891646; M 0891647–M 0891659;
20  M 0891660–M 0891670; M 0891671–M 0891683; M 0891684–M 0891691;
21  M 0891692–M 0891770; M 0891771–M 0891787; M 0891827; M 0891851;
22  M 0891856; M 0891865–M 0891866; M 0891907–M 0891918; M 0891919–
23  M 0891928; M 0891929–M 0891944; M 0891945–M 0891994; M 0891995–
24  M 0892011; M 0892012–M 0892055; M 0892070–M 0892073; M 0881792–
25  M 0881793; M 0881795–M 0881937; M 0881979–M 0881980; M 0883485–
26  M 0883768; M 0884629–M 0887171; M 0887172–M 0887176; M 0889133–
27  M 0889134; M 0889138–M 0889280; M 0889657–M 0889659; M 0889861;
28  M 0896393–M 0896469; M 0896587–M 0896646; M 0896647–M 0896690;

-17-

**EXHIBIT 5**

1  M 0896691–M 0896720; M 0896721–M 0896729; M 0896730–M 0896737;

2  M 0896741–M 0896800; MGA 0104856–MGA 0104973; MGA 0105105–

3  MGA 0105139; MGA 0105833–MGA 0105835; MGA 0105836–MGA 0105864;

4  MGA 0105873–MGA 0105926; MGA 0105973–MGA 0105975; MGA 0106095–

5  MGA 0110278; MGA 0110300–MGA 0110306; MGA 0110433–MGA 0110514;

6  MGA 0110522–MGA 0110523; MGA 0110524–MGA 0110572; MGA 0110593;

7  MGA 0110607–MGA 0110678; MGA 0110680–MGA 0110688; MGA 0110721–

8  MGA 0110728; MGA 0110729–MGA 0110805; MGA 0110811–MGA 0110819;

9  MGA 0110821–MGA 0111036; MGA 0111091–MGA 0111121; MGA 0111122–

10  MGA 0111207; MGA 0111208–MGA 0111225; MGA 0112680–MGA 0113114;

11  MGA 0113115–MGA 0117043; MGA 0117044–MGA 0120325; MGA 0120326–

12  MGA 0122551; MGA 0122552–MGA 0124236; MGA 0124237–MGA 0126396;

13  MGA 0126397–MGA 0128556; MGA 0128557–MGA 0129614; MGA 0129615–

14  MGA 0130672; MGA 0130673–MGA 0132832; MGA 0132833–MGA 0133923;

15  MGA 0133924–MGA 0136083; MGA 0136084–MGA 0136200; MGA 0136201–

16  MGA 0136213; MGA 0137342–MGA 0139151; MGA 0139370–MGA 0139533;

17  MGA 0139553–MGA 0139568; MGA 0139664–MGA 0139730; MGA 0139731–

18  MGA 0139746; MGA 0139793–MGA 0139815; MGA 0140007–MGA 0140029;

19  MGA 0140282–MGA 0140348.

20      5.      All information relating to any ideas, designs, conceptions, or names

21  for fashion doll themes, including but not limited to such ideas, designs,

22  conceptions, or names contained in the following documents ("Theme Ideas"):

23          TX 5-52, 62-1, 624, 5-74, 62-11, 10537, 15180, 5-75, 62-12, 10538,

24  15181, 5-111, 708, 5-112, 62-13, 5-113, 5-114, 62-14, 62-15, 1152-1, 1152-2,

25  10613, 1328, 10033-3, 10033-4; TX 5-88, 35-1, 35-3, 5-101, 1327, 10153-3, 10153-

26  4; TX 5-35, 757; TX 5-36, 701, 702; TX 5-37, 703; TX 5-38, 762; TX 5-43, 709;

27  TX 5-46, 710; TX 5-49, 704; TX 5-50, 705; TX 5-53, 1152-5, 1152-6, 10534,

28  15175; TX 5-54, 62-2, 620, 774, 775; TX 5-55, 62-3, 785, 1152-9; TX 5-56, 764,

EXHIBIT 5

1          Numerous witnesses potentially have knowledge of information

2 responsive to this Interrogatory, including, but not limited to, all witnesses listed in

3 Mattel's responses to Interrogatories Nos. 1 and 22; A. Barry Cappello; Andrea

4 Costantini; Michael Daniel; Leon Farahnik; Arsalan Gozini; Michael Halimi; Dave

5 Johnson; Neil Kadisha; Dora Kadisha; Nancy Koppang; Angela Larian; Albert

6 Lyter; Jahangir Eli Makabi; Shirin Makabi; Mark Menz; Joseph Moinian; David

7 Nazarian; Angella Nazarian; Benjamin Nazarian; Leon Neman; Leila Noel;

8 Christopher Pavan; Elahe Pezeshkifar; Khong Wee Phua; Jeanine Pisoni; Joanna

9 Rigby-Jones; Daphna Satimpour; Brad Schneider; Steve Schultz; Kevin P. Tanna;

10 Andrés Velázquez Olavarrieta; Brian Wing; John Woolard.

11          By way of further answer, this topic may be the subject of expert

12 testimony, which will be disclosed in the manner, and at the time, required for

13 expert disclosures pursuant to the Federal and Local Rules.

14          Mattel reserves the right to supplement this response and, consistent

15 with its obligations under Federal Rule of Civil Procedure 26(e), Mattel will

16 supplement this response if Mattel receives additional responsive information.

17

18

19 DATED: July 31, 2009          QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

20

21          By /s/ Michael T. Zeller

22          Michael T. Zeller
         Attorneys for Mattel, Inc.

23

24

25

26

27          EXHIBIT 5

28          PAGE 42

MATTEL'S RESPONSES TO MGA'S SECOND SET OF INTERROGATORIES

# EXHIBIT 6

CONFIDENTIAL - ATTORNEYS' EYES ONLY

```
 1              UNITED STATES DISTRICT COURT

 2            CENTRAL DISTRICT OF CALIFORNIA

 3                  EASTERN DIVISION
                                              CERTIFIED
 4
                                              TRANSCRIPT
 5       _____

 6   CARTER BRYANT, an individual, )

 7                     Plaintiff,   )

 8            vs.                    )  Case No.

 9   MATTEL, INC., a Delaware       )  CV 04-9049-SGL

10   Corporation,                   )  DOC (RNBX)

11                    Defendants.   )  VOLUME III

12   _____)

13   AND CONSOLIDATED ACTIONS.      )

14   _____)

15

16

17         CONFIDENTIAL - ATTORNEYS EYES ONLY

18

19

20   CONTINUED VIDEOTAPED DEPOSITION OF ROBERT ECKERT

21                    TAKEN ON

22          THURSDAY, DECEMBER 17, 2009

23

24

25   PAGES 429 - 675
                                                    429
```

CONFIDENTIAL - ATTORNEYS' EYES ONLY

```
 1            Mr. Larian has been asked all these
 2    questions about what he believes and what he
 3    thinks is proper and what he thinks is wrong
 4    based on all sorts of factual predicates that
 5    they have offered that are hotly disputed in this    10:03:45AM
 6    case, just as much as the ones that I've offered.
 7            If Mr. Larian can be asked these
 8    questions and they can assert wrongdoing based on
 9    these set of facts, and he's no intellectual
10    property expert, then there's no reason why this    10:04:00AM
11    witness has to be an intellectual property expert
12    to answer these questions either.
13            They are both CEOs of the companies at
14    issue in this case.  They both make business
15    decisions all the time about the acquisition or    10:04:12AM
16    decision not to acquire intellectual property.
17    They don't have to be legal experts to answer
18    these questions.
19            And Mr. Larian has been forced to
20    answer these questions and there's no reason why    10:04:24AM
21    Mr. Eckert can't be.
22            MR. HANSEN:  I would just note for the
23    record that I think that one persuasive fact in
24    my view is the fact that there is a Phase 1
25    verdict in existence that you, I think, have    10:04:41AM
                                                         487
```

CONFIDENTIAL - ATTORNEYS' EYES ONLY

1   conceded that the Rosenbaum e-mail, you tried to

2   get that in in Phase 1, that was part of Phase 1,

3   and for various reasons that was not allowed to

4   be discussed during Phase 1 but it was certainly

5   part of the Phase 1 issue and I think that that        10:04:58AM

6   was resolved by a jury.

7          MS. HURST:  Well, let me say this.

8   It's part of Phase 2.  They have made a trade

9   secret misappropriation claim based on Bratz.

10  Let me say that again.                                 10:05:11AM

11         There is a trade secret

12  misappropriation claim in Phase 2 with an

13  allegation of willful misappropriation of trade

14  secrets against MGA Entertainment and Mr. Larian,

15  based on Bratz.                                        10:05:27AM

16         Okay.  Whatever may be the case about

17  late production of that e-mail by the Scadden

18  lawfirm in Phase 1, they have now had the e-mail

19  for a year and a half.  That e-mail is coming in

20  in Phase 2 in defense, in part, to their              10:05:36AM

21  allegation of willful misappropriation of trade

22  secrets.

23         And jury verdict or no jury verdict,

24  the criminal copyright predicate act requires a

25  willfulness standard under the criminal copyright     10:05:51AM

                                                          488

CONFIDENTIAL - ATTORNEYS' EYES ONLY

```
 1   statute of knowing violation of law.

 2            That issue has not been litigated.

 3   That willfulness standard has not been litigated.

 4   In fact, to the extent that the civil willfulness

 5   standard was litigated in Phase 1, there was a      10:06:05AM

 6   verdict in our favor.

 7            The jury rejected the civil willfulness

 8   finding.  So if we are going to say the jury

 9   verdict bars subsequent inquiry or claims, then

10   their criminal copyright infringement RICO          10:06:19AM

11   predicate is barred by the jury's prior finding.

12            Now their defense to that argument is,

13   well, there's new documents.  Well, if they are

14   going to keep litigating this willfulness issue

15   with new documents, then we've got to keep          10:06:33AM

16   litigating it with new documents that didn't come

17   in before.  What's sauce for the goose is sauce

18   for the gander.  It can't be a runway ratchet

19   here.  That's completely unfair.

20            There's a trade secret misappropriation    10:06:45AM

21   claim premised on Bratz here.  There is a

22   criminal copyright predicate act premised on

23   Bratz here that requires a standard of

24   willfulness that is even higher than the one they

25   already lost in the first verdict.                  10:06:58AM
                                                                489
```

CONFIDENTIAL - ATTORNEYS' EYES ONLY

```
 1    STATE OF CALIFORNIA    )  ss:
 2    COUNTY OF LOS ANGELES  )
 3
 4        We, Xavier Mireles, CSR No. 5001 and Brenda R.
 5    Countz, CSR No. 12563 do hereby certify:
 6
 7        That the foregoing deposition testimony was
 8    taken before us at the time and place therein set
 9    forth and at which time the witness was administered
10    the oath;
11        That the testimony of the witness and all
12    objections made by counsel at the time of the
13    examination were recorded stenographically by us,
14    and were thereafter transcribed under our direction
15    and supervision, and that the foregoing pages
16    contain a full, true and accurate record of all
17    proceedings and testimony to the best of our skill
18    and ability.
19        We further certify that we are neither counsel
20    for any party to said action, nor are we related to
21    any party to said action, nor are we in any way
22    interested in the outcome thereof.
23
24
25
                                                      672
```

EXHIBIT 6

PAGE 47

CONFIDENTIAL - ATTORNEYS' EYES ONLY

1          IN WITNESS WHEREOF, We have subscribed our name

2    this 18th day of December, 2009.

3

4

5

6

7          XAVIER MIRELES, CSR No. 5001

8

9

10

11

12    BRENDA R. COUNTZ, CSR No. 12563

13

14

15

16

17

18

19

20

21

22

23

24

25

673

# EXHIBIT 7

1

1                    UNITED STATES DISTRICT COURT

2                  CENTRAL DISTRICT OF CALIFORNIA

3                       EASTERN DIVISION

4                        - - -

5       HONORABLE STEPHEN G. LARSON, JUDGE PRESIDING

6                        - - -

7  CARTER BRYANT, INDIV,         )
                                 )

8               PLAINTIFF,   )
                                 )

9         VS.               )   NO. ED CV 04-09049
                                 )   (LEAD LOW NUMBER)

10  MATTEL, INC.,               )
                                 )

11             DEFENDANTS.   )
       _____ )

12  AND RELATED ACTIONS,         )
       _____ )

**CERTIFIED COPY**

14

15          REPORTER'S TRANSCRIPT OF PROCEEDINGS

16               RIVERSIDE, CALIFORNIA

17           MONDAY, JANUARY 8, 2007

18                10:26 A.M.

19

20

21

22

23            THERESA A. LANZA, RPR, CSR
          FEDERAL OFFICIAL COURT REPORTER

24            3470 12TH STREET, RM. 134
          RIVERSIDE, CALIFORNIA  92501

25               (951) 274-0844
           CSR11457@SBCGLOBAL.NET

EXHIBIT 7

PAGE 49

1      MR. QUINN:  I THINK IT WOULD.  THAT WOULD OBVIOUSLY

2 BE A KEY ELEMENT OF THE COPYRIGHT CLAIM.

3      THE COURT:  AGAIN, DOESN'T THIS SUGGEST HOLDING OFF

4 ON THE COPYRIGHT AND PUTTING THAT IN THAT -2727 CASE?

5      MR. QUINN:  I THINK THAT WOULD BE VERY DIFFICULT TO          10:32

6 DO, YOUR HONOR.

7      THE COURT:  WHY IS THAT?

8      MR. QUINN:  BECAUSE IT RELATES TO ISSUES THAT ARE

9 ISSUES IN THE CASE -- I MEAN, THE OWNERSHIP OF BRATZ HAS GOT TO

10 BE DETERMINED; WHEN HE CREATED THAT; WHETHER IT'S A DERIVATIVE          10:32

11 WORK.  THOSE ARE COPYRIGHTS.  THOSE WILL BE GOVERNED BY ISSUES

12 OF COPYRIGHT LAW.  AND IN THE ABSTRACT, DECIDING WHO OWNS

13 BRATZ, FIRST YOU HAVE TO DECIDE, WELL, WHAT'S BRATZ?  ARE WE

14 TALKING ABOUT THESE DRAWINGS, OR ARE WE TALKING ABOUT THE LATER

15 THREE-DIMENSIONAL EMBODIMENT WHICH IS ULTIMATELY SOLD TO THE          10:33

16 PUBLIC AS THE DOLL?

17      I DON'T SEE HOW THAT ISSUE CAN BE BIFURCATED.

18      BUT I GUESS ANOTHER ISSUE, AND PERHAPS A MORE

19 IMPORTANT ISSUE, YOUR HONOR, IS THAT SINCE THE ORIGINAL

20 COMPLAINT WAS FILED, WE HAVE FOUND -- AND THERE HAVE BEEN A          10:33

21 SERIES OF EVENTS THAT ARE SET FORTH IN THE COMPLAINT -- THAT

22 THE WHOLE EPISODE WITH RESPECT TO MR. BRYANT AND THE ORIGINAL

23 CREATION OF BRATZ WAS JUST ONE OF A SERIES OF EVENTS WHICH HAVE

24 HAPPENED.  THE ALLEGATIONS RELATING TO THE EVENTS IN MEXICO,

25 WHERE THERE WAS A WHOLESALE THEFT OF VIRTUALLY ALL OF MATTEL'S          10:34

1    INTELLECTUAL PROPERTY THAT WAS THERE, AND THE INFORMATION COMES
2    BACK TO THE UNITED STATES; THE SITUATION IN CANADA, WHERE AN
3    EMPLOYEE LEFT AND TOOK A THUMB DRIVE AND HAD ALL OF THAT
4    INFORMATION WITH HER; THE SITUATION OF MR. BRAUR, WHO TOOK WITH
5    HIM ALL OF -- VARIOUS TRADE SECRET INFORMATION, CERTAIN CONTACT     10:34
6    -- SENSITIVE CONTACT INFORMATION RELATING TO CUSTOMERS.  ALL OF
7    THAT, YOUR HONOR, IS A PATTERN OF RACKETEERING ACTIVITY.  IT'S
8    A RICO CLAIM.  AND THAT HAS TO BE ADDRESSED IN ONE PROCEEDING.
9          THERE'S A SUGGESTION IN THE OPPOSITION TO THE MOTION
10   BY MR. BRYANT THAT REALLY THIS IS UNFAIR TO HIM, FOR HIS CASE      10:34
11   TO BE PRESENTED AS PART OF THIS LARGER PATTERN OF EVENTS.
12         I THINK THE ANSWER TO THAT IS, IF THERE IS A RICO
13   CLAIM, IF THERE IS A PATTERN OF RACKETEERING ACTIVITY, IT'S NOT
14   AN ANSWER FOR ANY ONE PARTICIPANT IN THE ENTERPRISE TO SAY, I'M
15   PREJUDICED FOR THIS CASE AND MY CASE TO BE PRESENTED AS PART OF     10:35
16   THIS LARGER ENTERPRISE.  THAT'S SORT OF IN THE NATURE OF A RICO
17   CLAIM.  YOU CAN'T BIFURCATE IT.
18         THE COURT:  I UNDERSTAND.  AND I UNDERSTAND THAT
19   THESE ISSUES NEED TO BE PRESENTED AND LITIGATED.  I GUESS I'M
20   TRYING TO -- WHAT I WANT TO SEGUE INTO ULTIMATELY IS A SENSIBLE     10:35
21   SCHEDULING OF THESE MATTERS.  I DON'T WANT THESE CASES --
22   THEY'VE GONE ON FOR QUITE SOME TIME NOW, AND I KNOW THE COURT
23   HAS APPROVED A SPECIAL MASTER FOR DISCOVERY.  I HAVE A REAL
24   FEAR THAT THIS CASE IS GOING TO DRAG ON LONGER THAN IT SHOULD,
25   AND I'M TRYING TO PUT A CAP ON IT WHILE, AT THE SAME TIME,          10:35

30

1

2

3                              CERTIFICATE

4

5   I HEREBY CERTIFY THAT PURSUANT TO SECTION 753, TITLE 28, UNITED
    STATES CODE, THE FOREGOING IS A TRUE AND CORRECT TRANSCRIPT OF
6   THE STENOGRAPHICALLY RECORDED PROCEEDINGS HELD IN THE
    ABOVE-ENTITLED MATTER AND THAT THE TRANSCRIPT PAGE FORMAT IS IN
7   CONFORMANCE WITH THE REGULATIONS OF THE JUDICIAL CONFERENCE OF
    THE UNITED STATES.

8

9

10  THERESA A. LANZA, RPR, CSR            7-9-07
    OFFICIAL COURT REPORTER               DATE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

        1-8-07              ED CV 04-09049        EXHIBIT 7

                                                 PAGE 52