QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  michaelzeller@quinnemanuel.com
  Jon D. Corey (Bar No. 185066)
  joncorey@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:  (213) 443-3000
Facsimile:  (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>MGA ENTERTAINMENT, INC., a California corporation, et al.,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 DOC (RNBx)<br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>Hon. David O. Carter<br><br>**MATTEL, INC.'S RESPONSE TO THE COURT'S MAY 1, 2010 ORDER TO SHOW CAUSE**<br><br>Date:  TBD<br>Time:  TBD<br>Place: Courtroom 9D<br><br>**Phase 2**<br>Discovery Cut-off:  TBD<br>Pre-trial Conference:  TBD<br>Trial Date:  TBD |

Mattel, Inc. ("Mattel") respectfully responds as follows to the Court's May 1, 2010 Order to Show Cause:

1. Mattel's collection, review and production of documents in this case has not been limited by date. In point of fact, Mattel has produced hundreds of thousands of pages of documents that post-date the filing of the lawsuit. Mattel believes that there are many issues on both sides as to which post-filing documents are relevant and discoverable. Thus, in response to the Court's questions of why Mattel should be "entitled to discovery into documents created by MGA after the initiation of this lawsuit, if Mattel is not itself willing to review its post-filing documents for responsiveness," the answer is that Mattel is and has been so willing.

2. Since this case began, it has been the practice of both Mattel and MGA to use April 27, 2004, the filing date of this lawsuit, as the cutoff for logging privileged documents. Due to the tremendous burden of logging post-filing documents, the parties agreed to use this date as the cutoff, the prior Discovery Master issued an Order setting this date as the cutoff, and the Court upheld the Order of the Discovery Master setting this date as the cutoff:

(a) The parties long ago agreed that post-filing documents generally need not be logged. MGA has acknowledged this agreement many times, and relied on this agreement to limit its own logging obligations. For instance, in an August 14, 2007 letter, MGA's counsel states that it will provide privilege logs "subject to our existing agreement that, in general, documents that postdate the filings of this lawsuit, on April 27, 2004, do not have to be included on a privilege log."[1] Similarly, when MGA served Mattel with its revised logs on March 20, 2008, MGA's enclosure letter stated that "[p]er the agreement between the parties, the revised logs only include documents generated on or

---

[1] Letter from Marc Feinstein of O'Melveny & Myers to John Quinn et al., dated August 14, 2007, at 2.

prior to April 27, 2004."[2] MGA continues to rely on this date as the cutoff for its own logging obligations in Phase 2. In the last few months alone, MGA has cited the agreement in hearings,[3] meet and confers,[4] and in correspondence.[5]

(b) The filing date was also officially set as the cutoff for privilege logs by order of the prior Discovery Master, at MGA's urging and after stating that it is "standard practice to use the date the lawsuit was filed as the cut-off for logging items on a privilege log."[6]

(c) The District Court subsequently upheld the Discovery Master's Order setting the filing date as the cutoff for the parties' logging obligations.[7]

(d) While there have been exceptions to this general practice, where MGA has demanded that Mattel log post-lawsuit privileged documents and Mattel has agreed to do so – for instance with respect to the Peterson Milla Hooks production[8] and MGA's inspection of Mattel hard drives formerly assigned to Castilla, Brisbois, Machado, Vargas and Trueba[9] – the general

---

[2] Letter from Jose Allen to Harry Olivar, dated March 20, 2008, at 1.
[3] January 14, 2010 Hearing Tr. at 35:3 (MGA's counsel answers "yes" when asked if MGA's position is that neither party has to log post-lawsuit redactions).
[4] November 10, 2009 Meet and Confer Tr. at 32:22-33:3 ("MR. MOLINSKI: I think there are a number of orders and agreements between the parties on what does or does not have to be logged as privileged, and I believe there's a cutoff date on that that would be applicable here. We are certainly willing to adhere to any prior orders or agreements on that in terms of logging any privileged material").
[5] Email from Annette Hurst, dated March 24, 2010 ("any such documents would clearly be dated after the initiation of this action . . . . Is Mattel now repudiating the agreement that documents dated after the action need not be placed on a privilege log?").
[6] Order, dated May 6, 2008, Dkt. No. 3498 at 4:3-4, 5:5.
[7] Order Regarding Various Discovery Motions, Applications and Other Matters Upon Which the Court Ruled on May 21-23, 2008, dated May 27, 2008, Dkt. No. 3887 at 2:10-14.
[8] Email from Tim Alger to Johanna Schmitt, dated April 16, 2007.
[9] Letter from Dylan Proctor to William Molinski and Christopher Chaudoir, dated August 18, 2009.

practice of both Mattel and MGA not to log post-lawsuit documents is longstanding.

(e) Nevertheless, while Mattel generally has not logged post-lawsuit *privileged* documents, Mattel has not withheld from production *non-privileged* documents merely because they post-date the filing of the lawsuit.

3. Mattel has conducted a reasonable search for non-privileged NHB documents without regard to the filing date. Mattel has not withheld any non-privileged NHB documents from production, whether based on the April 2004 date cutoff for logging or on any other ground. Mattel has not logged post-filing *privileged* NHB documents pursuant to the parties' agreements and the prior Orders in this case, and in light of the extreme burdens involved in doing so.

4. Mattel is willing to meet and confer with MGA regarding this issue, and it is willing to further meet and confer with MGA regarding MGA's longstanding refusal to search Mr. Larian's hard drives—undoubtedly a critical repository of evidence—for even non-privileged documents, let alone privileged ones.

DATED: May 5, 2010     QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By /s/ Diane C. Hutnyan
    Diane C. Hutnyan
    Attorneys for Mattel, Inc.