MELINDA HAAG (State Bar No. 132612)
mhaag@orrick.com
ANNETTE L. HURST (State Bar No. 148738)
ahurst@orrick.com
WARRINGTON S. PARKER III (State Bar No. 148003)
wparker@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
405 Howard Street
San Francisco, CA 94105-2669
Tel: (415) 773-5700/Fax: (415) 773-5759

WILLIAM A. MOLINSKI (State Bar No. 145186)
wmolinski@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA 90017
Tel. (213) 629-2020/Fax: (213) 612-2499

THOMAS S. MCCONVILLE (State Bar No. 155905)
tmcconville@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
4 Park Plaza, Suite 1600
Irvine, CA 92614-2258
Tel: (949) 567-6700/Fax: (949) 567-6710
Attorneys for MGA Parties

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | Case No. CV 04-9049-DOC (RNBx)<br><br>Consolidated with:<br>Case No. CV 04-9059<br>Case No. CV 05-2727<br><br>Hon. David O. Carter<br><br>**DECLARATION OF DEBORAH E. FISHMAN IN SUPPORT OF MGA'S OPPOSITION TO MATTEL'S MOTION TO COMPEL FURTHER MGA 30(B)(6) DEPOSITION** |

I, Deborah E. Fishman, declare as follows:

1. I am an attorney with the law firm of Orrick Herrington & Sutcliffe LLP, counsel of record for defendants MGA Entertainment Inc. Except where it is stated that my knowledge is based upon information and belief, I have personal knowledge of the following facts and if called as a witness I could and would testify competently to them.

2. I participated in numerous discussions with counsel for Mattel regarding deposition scheduling during late March and throughout April. Counsel for Mattel never raised the issue of setting a date to continue MGA's 30(b)(6) deposition on its affirmative-related claims during any of our discussions.

**MGA's Trade Secret Designee (Mr. Brawer)**

3. On information and belief, counsel for MGA spent more than 45 hours analyzing the scope of Mattel's topics, reviewing and collecting relevant documents, reviewing and collecting relevant deposition testimony, and meeting with and preparing Mr. Brawer for his 30(b)(6) testimony.

4. On information and belief, counsel for MGA met with Mr. Brawer over the course of three days to prepare him to serve as a 30(b)(6) witness on the designated topics.

5. On information and belief, during his preparation, Mr. Brawer reviewed portions of 18 different depositions as set forth in the attached Exhibit A.

6. On information and belief, during his preparation, Mr. Brawer and was shown three boxes of documents relating to Mattel's alleged trade secrets and these documents were provided to counsel for Mattel.

7. On information and belief, during his preparation, Mr. Brawer spoke with Dan Cooney, Nick Contreras, Schuyler Bacon (human resources), R. Abundis (position), and Isaac Larian.

8. Mr. Brawer gave 11.5 hours of testimony on the subject of Mattel's alleged trade secrets.

1  9. On information and belief, Mr. Brawer was prepared for and designated on the Topic of MGA's knowledge of facts showing that Mattel's alleged trade secrets claimed to have been taken by Ron Brawer, Jorge Castilla, Nick Contreras, are not trade secrets or are not otherwise protectible, but Mattel failed to examine him on that topic.

**MGA's Finance Designee (Mr. Woolard)**

10. On information and belief, counsel for MGA spent more than 40 hours reviewing and collecting relevant documents, reviewing and collecting relevant deposition testimony, and meeting with and preparing Mr. Woolard for his 30(b)(6) testimony.

11. On information and belief, counsel for MGA met with Mr. Woolard over the course of two days to prepare him to serve as a 30(b)(6) witness on the designated topics.

12. On information and belief, Mr. Woolard's preparation included reviewing thousands of pages of documents including (1) purchase agreements, bills of sales, inventory spreadsheets, and financial statements regarding sales of aged inventory from IGWT Group to MGA; (2) the Master Loan Assignment between MGA and Omni 808 and all appendices, amendments, and correspondence relating thereto; (3) documents reflecting extensions of credit between Omni 808 and MGA; (4) financial statements reflecting interest payments and legal fee reimbursements made from MGA to Omni 808; and (5) IGWT 826's Operating Agreement.

13. On information and belief, to educate himself on his designated topics, Mr. Woolard spoke with Steven Schultz (MGA Controller), Lisa Tonnu (past 30(b)(6) witness), and Pedro Crisante (member of MGA's Accounting Department) to confirm the accuracy of the underlying data.

14. On information and belief, Mr. Woolard also participated in conference calls with attorneys at Pachulski, Stang (MGA's bankruptcy counsel) to confirm his understanding of the relevant topics.

**MGA's Finance Designee (Mr. Schultz)**

15. On information and belief, counsel for MGA spent more than 60 hours reviewing and collecting relevant documents, reviewing and collecting relevant deposition testimony, and meeting with and preparing Mr. Woolard for his 30(b)(6) testimony.

16. On information and belief, counsel for MGA met with Mr. Schultz over the course of three days to prepare him to serve as a 30(b)(6) witness on the designated topics.

17. On information and belief, to prepare for his 30(b)(6) deposition, Mr. Schultz spent three days reviewing and, in some cases, generating the following documents from MGA's accounting systems: (1) MGA's Consolidated Statements of Operation by month and by country from 2007 to 2009; (2) MGA's Balance Sheets by month and by country from 2007 to 2009; (3) MGA Canada's Consolidated Statements of Operations and Balance Sheets from 2007 to 2009; (4) financial reports showing distributions to Larian family members and Larian trusts; (5) "Due to/Due from" statements in connection with Larian family trusts; (6) W-2 tax forms in connection with Larian family members; (7) financial reports showing expense reimbursements to Larian family members; and (8) loan documents and any renewals thereto between MGA and Larian family members.

18. To further prepare himself on the topic of payments made to certain ex-Mattel employees, Mr. Schultz also made inquiries with the following MGA employees: Lisa Tonnu, Pedro Crisanti, Bee Tanna, Vicki Margaigaris, Janice Foti, Oui Paijit, and Andi Masingale.

**MGA's Affirmative Claims Designee (Mr. Khare)**

19. On information and belief, counsel for MGA collectively spent more than 240 hours analyzing Mattel's noticed topics, searching for and reviewing relevant documents and deposition testimony, reviewing and comparing tangible items, and speaking with MGA employees including Paula Garcia, Ninette Pembleton, and Isaac Larian in order to prepare Mr. Khare for deposition.

20. Counsel for MGA met with Mr. Khare over the course of two days to prepare him to serve as a 30(b)(6) witness on the designated topics.

21. During his preparation, Mr. Khare reviewed hundreds of documents, scores of tangible products, and spoke with Paula Garcia, and Leon Dijuerian to prepare for his 30(b)(6) deposition.

I declare under penalty of perjury of the laws of the Unites States of America that the foregoing is true and correct to the best of my knowledge. Executed this 4th day of May, 2010 in Menlo Park, California.

                                             */s/ Deborah E.  Fishman*
                                              Deborah E. Fishman

OHS West:260909263.1