QUINN EMANUEL URQUHART & SULLIVAN, LLP
  John B. Quinn (Bar No. 090378)
  (johnquinn@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:   (213) 443-3000
Facsimile:    (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation,<br><br>                    Plaintiff,<br><br>          vs.<br><br>MGA ENTERTAINMENT, INC., a California corporation, et al.,<br><br>                    Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 DOC (RNBx)<br>Consolidated with<br>Case Nos. CV 04-09059 & CV 05-02727<br><br>Hon. David O. Carter<br><br>MATTEL, INC.'S NOTICE OF MOTION AND MOTION TO COMPEL PRODUCTION OF DOCUMENTS IN RESPONSE TO MATTEL'S REQUESTS FOR DOCUMENTS CONCERNING USE OF TRADE SECRETS; AND<br><br>MEMORANDUM OF POINTS AND AUTHORITIES<br><br>Hearing Date:       TBD<br>Time:                   TBD<br>Place:                  TBD<br><br>**Phase 2**<br><br>Discovery Cutoff:      TBD<br>Pre-trial Conference:  TBD<br>Trial:                      TBD |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that at a time and date set by the Court, in the courtroom of The Honorable David O. Carter, located at 411 West Fourth Street, Santa Ana, California, 92701, Mattel, Inc. ("Mattel") will, and hereby does, move for an order compelling MGA Entertainment, Inc., MGA Entertainment (HK) Limited, MGAE de Mexico, S.R.L. de C.V., and Isaac Larian (collectively, "MGA") to produce all documents responsive to certain Mattel's of Requests for documents concerning its trade secret misappropriation claims.   Specifically, Mattel moves for an order compelling production and overruling MGA's objections in response to:

(1) Request Nos. 3-16, 20-23, 25, 27, 29, 33-34, 39, 41-44, 46-47, 51, 78-86, 90-98, 100-105 in Mattel's Fourth Set of Requests for Production to MGA (Phase 1), dated October 26, 2007 (the "Fourth RFP Set (Phase 1)")

(2) Request Nos. 1-12 in Mattel's Second Set of Requests for Production to MGA (Phase 2), dated September 4, 2009 (the "Second RFP Set")

(3) Request Nos. 1-65, 68-94 in Mattel's Third Set of Requests for Production to MGA (Phase 2), dated September 16, 2009 (the "Third RFP Set")

This Motion is made pursuant to <u>Federal Rules of Civil Procedure</u> 34 and the Court's inherent powers.  The requests seek discoverable evidence under <u>Rule</u> 34, and the MGA parties' objections are meritless.

This Motion is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Scott B. Kidman submitted concurrently, all other pleadings and papers on file in this action, any matters subject to judicial notice, and such further evidence and argument as may be presented at or before the hearing on this matter.

## Certification of Compliance

On multiple occasions since September 18, 2009, and dates thereafter, counsel for Mattel met and conferred regarding MGA's failure to produce documents responsive to the Fourth RFP Set.  On multiple occasions since October 28, 2009, and

1 | dates thereafter, counsel for Mattel met and conferred regarding MGA's failure to
2 | produce documents the Second RFP Set.  On multiple occasions since November 23,
3 | 2009, and dates thereafter, counsel for Mattel met and conferred regarding MGA's
4 | failure to produce documents the Third RFP Set.  The parties have been unable to reach
5 | resolution on these issues.

6

7 | DATED:  May 7, 2010                    QUINN    EMANUEL    URQUHART    &
                                          SULLIVAN. LLP
8

9                                         By /s/ Michael T. Zeller
10                                           Michael T. Zeller

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................. 1

ARGUMENT ........................................................................................ 8

I.   MATTEL IS ENTITLED TO A COMPLETE PRODUCTION
     FROM MGA ................................................................................ 8

     A.   The Documents Mattel Seeks are Relevant ......................... 8

          1.   Documents Relating to MGA's Use of Mattel's
               Forecasting and Inventory Management Systems Are
               Relevant .................................................................... 8

          2.   Documents Relating to MGA's Use of Mattel's Pricing
               Strategy Are Relevant ................................................ 9

          3.   Documents Relating to MGA's Use of Other Mattel
               Confidential Information Are Relevant ...................... 10

          4.   Documents Relating to Criminal Investigations or
               Prosecutions of MGA for Theft of Mattel Confidential
               Information Are Relevant ........................................... 11

     B.   MGA Has Responsive, Non-Privileged Documents It
          Improperly Refuses to Produce ........................................ 12

     C.   MGA's Objections are Boilerplate and Should be Overruled. ...... 13

CONCLUSION ................................................................................... 13

1

# **<u>TABLE OF AUTHORITIES</u>**

2

3                                                                                          **<u>Page</u>**

4                                                   **<u>Cases</u>**

5    <u>A. Farber and Partners, Inc. v. Garber,</u>
6         234 F.R.D. 186, 188 (C.D. Cal. 2006) ................................................................. 13

7    <u>Vinyl Interactive, LLC v. Guarino,</u>
          2009 U.S. Dist. LEXIS 41498 (N.D.Cal. 2009) ................................................... 13
8
     <u>Walker v. Lakewood Condominium Owners Ass'n,</u>
9         F.R.D. 584, 587 (C.D. Cal. 1999) ......................................................................... 13

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

### Preliminary Statement

Although MGA has announced its intention to move for summary judgment on trade secret use, it has refused to provide documents responsive to Mattel's requests on that very issue.  Mattel has propounded requests seeking information regarding:

- MGA's use of stolen Mattel confidential information concerning forecasting, sales planning, inventory management and data warehouse processes;
- MGA's use of stolen Mattel confidential information concerning pricing strategy, including promotions, rebates, discounts, and allowances;
- MGA's use of additional stolen Mattel confidential information; and
- Criminal investigations or prosecution of MGA or its current or former employees for theft of Mattel's confidential information or trade secrets.

These documents are directly relevant to Mattel's trade secret misappropriation claims.  In response, MGA nevertheless has presented meritless, boilerplate objections and has refused to produce responsive documents.  MGA should not be allowed to withhold from Mattel evidence of MGA's use of Mattel trade secrets, which MGA is uniquely situated to possess.

Mattel asks the Court to compel production of responsive documents to the trade secret use requests and overrule MGA's objections to these requests.

### Factual Background

Mattel's requests seeking information pertinent to Mattel's trade secret misappropriation claims fall into four categories, outlined below.

**Documents Related to MGA's Theft of Mattel's Forecasting, Sales Planning, Inventory Management And Data Warehouse Processes.**  Forensic evidence shows that former Mattel employee Jorge Castilla, prior to leaving Mattel for MGA, stole approximately 56 megabytes of confidential Mattel information regarding Mattel's forecasting, inventory management and data management processes and systems –

ranging from high-level overviews to user manuals to detailed specifications.[1]  In its Third RFP Set, Mattel sought information on MGA's use of this stolen Mattel information.[2]  Request Nos. 1-3 sought documents in MGA's possession that relate to Mattel's inventory or forecasting system.[3]  Request Nos. 4-65 and 68-75 sought documents relating to MGA's inventory or forecasting systems, including changes to MGA's own systems and savings realized due to improvements.[4]  For example:

REQUEST FOR PRODUCTION NO. 9:

For any INVENTORY SYSTEM YOU began using any time between January 1, 2001 and the present, all DOCUMENTS REFERRING OR RELATING TO the reasons YOU adopted or implemented each such INVENTORY SYSTEM.

REQUEST FOR PRODUCTION NO. 17:

All DOCUMENTS REFERRING OR RELATING TO any estimated, projected, anticipated or actual benefits, including but not limited to return on investment, lower inventory costs, lower obsolescence costs, increased profits and increased profit margins, from any INVENTORY SYSTEM used by YOU from January 1, 2001 to the present.

On October 16, 2009, MGA served its responses to the Third RFP Set, asserting a litany of boilerplate objections.  MGA refused to produce any documents in its possession relating to Mattel's inventory and forecasting systems or historic

_____

[1]  See Supplemental Forensic Report, dated July 14, 2008 at M0928179 – M0928186.

[2]  See Appendix C.  For the Court's convenience, Mattel attaches the text of the relevant Requests in Appendices A through C.  Per the Court's prior instructions, Mattel has not attached any other cited material, but will provide it promptly to the Court upon request.

[3]  See Id.

[4]  See Id.

information on MGA's own systems.  MGA agreed to produce only a handful of documents that could identify basic facts about MGA's current forecasting and inventory systems, such as the name of its software.  Those documents are almost worthless for Mattel's purposes, as they would not allow Mattel to compare the inventory and forecasting systems MGA used before Mattel's trade secret systems were stolen with the systems MGA used after Mattel's systems were stolen.[5]

**Documents Related to MGA's Theft of Mattel's Comprehensive Pricing Strategy.**  Mattel trade secrets stolen by MGA included retail pricing information, forward-looking promotions, customer allowances, discounts and the price, cost, sales plan and quantity of every Mattel product ordered by every Mattel customer in 2005 and 2006.[6]  In its Second RFP Set, Mattel requested documents evidencing MGA's use of these Mattel trade secrets.[7]

Thus, Request Nos. 1-5 sought documents that relate to Mattel pricing information, including the planned, proposed or actual prices charged or to be charged by Mattel for its products, price discounts, rebates and allowances offered or given by Mattel to its customers, guidelines, requirements and strategies employed by Mattel in determining the prices of its products and other documents relating to how Mattel determines the prices it charges for its products.[8]  Request Nos. 6-12 sought documents that relate to the pricing of MGA's products, including documents sufficient to show the net and gross price of products sold by MGA, documents relating to changes or modifications in the price of such products and the reasons for such changes or

---

[5]   MGA Entertainment, Inc.'s Responses to Mattel, Inc.'s Third Set of Requests for Documents and Things (Phase 2).

[6]   E.g, for Mexican theft, see, M0114058-79, Detailed Search Report by Prosecutor Arana, dated October 27, 2005.

[7]   See Appendix B.

[8]   See Id.

modifications and guidelines, requirements and strategies employed by MGA in determining the prices of its products.[9]

These requests seek documents from 2001 forward so Mattel will have a baseline to compare (a) MGA's information about Mattel's pricing before and after the theft and (b) MGA's own pricing strategies before and after the theft.[10]  For example:

REQUEST FOR PRODUCTION NO. 3:

All DOCUMENTS RELATING TO any guidelines or requirements employed by MATTEL in determining the prices of any products sold, offered for sale or to be offered for sale by MATTEL from January 1, 2001 to the present.

REQUEST FOR PRODUCTION NO. 9:

All DOCUMENTS RELATING TO any strategies YOU have implemented, considered or used in determining the prices for any products sold by YOU from January 1, 2001 to the present.

REQUEST FOR PRODUCTION NO. 11:

All DOCUMENTS considered by YOU, or that discuss or describe any DOCUMENTS or information considered by YOU, in determining the prices for any products sold by YOU from January 1, 2001 to the present, including but not limited to any analyses performed or obtained by YOU in determining such prices.

REQUEST FOR PRODUCTION NO. 12:

All DOCUMENTS RELATING TO any change or modification in the price for any product sold by YOU from January 1, 2001 to the present, including but not limited to DOCUMENTS RELATING TO the reasons for any such change or modification.

---

[9]  See Id.
[10]  See Id.

On October 5, 2009, MGA served its responses to the Second RFP Set, asserting a litany of boilerplate objections to each request.  MGA did not agree to produce any documents in response to these requests—not even **Mattel** documents in its possession.

**Documents Related to MGA's Use of Additional Stolen Mattel Trade Secrets and Confidential Information.**   Mattel's Fourth RFP Set (Phase 1) requested documents concerning MGA's possession and use of a variety of additional Mattel-owned trade secrets.[11]  Request Nos. 3-16 of the Fourth Set sought documents created for the benefit of Mattel and transmitted to MGA by former Mattel employees.[12] Request Nos. 20-23, 25, 27, 29, 33-34, 39, 41-44, 46-47, 51 sought work product prepared or created by each one of the persons who left Mattel to work at MGA and, on their way out, stole a wide array of confidential Mattel information.[13]  These requests are limited in time; they only seek documents in MGA's possession created or transmitted by these persons up to their first year at MGA.

These requests also sought documents concerning subject areas relevant to these employees' former duties at Mattel.  For example, Janine Brisbois is a former Mattel employee who stole approximately 70 confidential Mattel documents in the four days between her phone call with Isaac Larian and her resignation from Mattel on September 26, 2005.[14]  At Mattel, Brisbois was the Director of Sales for Mattel's Girls Division in Canada, responsible for Mattel's account with two of its largest customers, Toys 'R' Us

---

[11]   See Appendix A.
[12]   See Id.
[13]   See Id.
[14]   See M 0926504 (Appointment calendar entry "Call with Isaac"); Janine Brisbois Deposition , dated December 9, 2009 at 136:18-19 (confirming that call happened); see also M 0926417 – M 0926432 ("Mattel- Brisbois Preliminary Review" by EvidentData (February 7, 2006) (documents were copied on the thumb drive during her last four days of employment with Mattel)

and Wal-Mart.[15]  Document requests relevant to Brisbois' use of Mattel information for the benefit of MGA include:

REQUEST FOR PRODUCTION NO. 41:

All COMMUNICATIONS between BRISBOIS and any employee, agent or representative of Wal-Mart, including but not limited to Wal-Mart Canada, prior to September 30, 2006.

REQUEST FOR PRODUCTION NO. 42:

All DOCUMENTS RELATING TO Wal-Mart, including but not limited to Wal-Mart Canada, prepared, created, sent or transmitted by BRISBOIS prior to September 30, 2006.

REQUEST FOR PRODUCTION NO. 43:

All COMMUNICATIONS between BRISBOIS and any employee, agent or representative of Toys 'R Us, including but not limited to Toys 'R Us Canada, prior to September 30, 2006.

Request Nos. 78-80 sought originals, digital files or copies of Mattel documents in MGA's possession.[16]   Request Nos. 90-98 sought MGA documents which incorporate Mattel trade secrets, and information related to the individuals involved in the use of this Mattel data.[17]  Responsive materials to these requests would show that MGA used and benefitted from Mattel's confidential information. For example:

REQUEST FOR PRODUCTION NO. 92:

All DOCUMENTS created, authored, modified or copied by YOU or for YOUR benefit that contain any portion of information contained in any MATTEL DOCUMENT.

---

[15]   M 0926402 (Offer Letter dated December 21, 2000 from Mattel to Janine Brisbois regarding her promotion to position of Sales Director- Walmart/CTC/Girls Team with Mattel Canada).

[16]   See Appendix A.

[17]   See Id.

REQUEST FOR PRODUCTION NO. 93:

DOCUMENTS sufficient to IDENTIFY the date of creation, modification, access or transmission of any DOCUMENT created, authored, modified or copied by YOU or for YOUR benefit that contains any portion of information contained in any MATTEL DOCUMENT.

Request Nos. 100-105 sought information related to MGA's product line offering and changes thereto from 2003 to 2008.[18]  These documents would show any use or incorporation of Mattel product line information in MGA's own product line.

In response, MGA asserted boilerplate objections, including to terms such as "RELATING TO" and "BRISBOIS."   MGA still refuses to produce responsive documents.

**Documents Referring to Criminal Investigations or Prosecution for Theft of Mattel's Confidential Information.**[19]   Request Nos. 76-94 of the Third RFP Set requested documents relating to communications between MGA, on the one hand, and law enforcement officials in Mexico, Canada and/or the United States concerning criminal investigations arising out of former Mattel employees taking Mattel proprietary information and delivering it to MGA or its subsidiaries.  For example:

REQUEST FOR PRODUCTION NO. 83:

All DOCUMENTS that constitute COMMUNICATIONS between YOU (including YOUR agents and attorneys) and law enforcement authorities in Mexico, Canada or the United States, including but not limited to the United States Attorney's Office, the Department of Justice and any national, regional, state or local authorities, that REFER OR RELATE to Janine Brisbois.

---

[18]   See Id.
[19]   See Appendix C.

MATTEL'S MOTION TO COMPEL RE USE OF MATTEL TRADE SECRETS

1    Indeed, most of these requests track MGA's own requests Nos. 526 and 528

2  (which the Discovery Master ordered Mattel to comply with) verbatim.[20]  Nonetheless,

3  MGA refused to produce <u>any</u> documents responsive to these requests.

4                                          **Argument**

5  **I.    MATTEL IS ENTITLED TO A COMPLETE PRODUCTION FROM**

6         **MGA**

7         **A.    The Documents Mattel Seeks are Relevant**

8              **1.    Documents Relating to MGA's Use of Mattel's Forecasting and**

9                    **Inventory Management Systems Are Relevant**

10    Mattel's requests seeking documents related to MGA's forecasting and inventory

11  systems are particularly relevant to show that MGA used Mattel information in

12  improving its own systems.  Mattel alleges that former Mattel employee Jorge Castilla,

13  after stealing a comprehensive set of forecasting and inventory documents from Mattel,

14  integrated these trade secrets into MGA's rudimentary systems.    Mattel's

15  inventory/forecasting information was invaluable to MGA:  for years, and as confirmed

16  by both testimony and numerous internal MGA emails, MGA had suffered lost sales

17  because of its faulty inventory systems.[21]  Thus, the requests seek Mattel documents

18  relating to inventory and forecasting, as well as documents that relate to the inventory

19  and forecasting systems used at MGA before and after Mattel's trade secret systems

20  were stolen.  Request Nos. 4-65 and 68-75 are clearly relevant to show how MGA used

21  and profited from Mattel's trade secrets.

22

23

24

25    [20]  <u>See</u> Phase 2 Discovery Matter Order No. 6 regarding:  (1) Motion of Mattel,
     Inc. To Compel Production of Documents Responsive to its First and Third Sets of

26  Requests for Production [granted]; and (2) Motion of MGA to Compel Production
     of Documents Responsive to Document Request Nos. 526 and 528 [granted] (Dkt.

27  No. 5018).

28    [21]  <u>E.g.</u>, Deposition of Nicole Coleman, dated April 17, 2008, at 349:22-351:3.

Further, Mattel is entitled to information that would allow it to quantify the benefits MGA gained from its misappropriation and use of these materials. For that reason, Mattel seeks information starting in 2001. The early information will allow Mattel to establish a baseline for the improvements MGA made to its forecasting and inventory systems and thus approximate the benefits MGA gained from the misappropriation.[22] Indeed, MGA itself has obtained from Mattel discovery going back even further – including to 1998 – on this same premise that earlier information is needed as a comparative baseline.[23]

## 2. Documents Relating to MGA's Use of Mattel's Pricing Strategy Are Relevant

Documents that relate to Mattel pricing information and strategies, as well as those that relate to the pricing of MGA's products, are directly relevant to show MGA's use of Mattel's trade secret information. Direct evidence shows that former Mattel employees stole a wide array of confidential pricing strategy documents from Mattel prior to their departure for MGA.[24] Mattel alleges that MGA was able to determine—at no or low cost—the most competitive and profitable pricing for MGA products in a given market by using Mattel's pricing strategies, including pricing information, forward-looking promotions, customer allowances, discounts and sales plans. The

---

[22] Mattel recognizes this Court's previously expressed concern that the disclosure of MGA's forecasting and/or inventory management-related materials could create opportunity for misuse. The discovery in question, however, would be produced under the protective order. Further, MGA's own witnesses contend that its then-existing forecasting and inventory processes at the time of the theft were "rudimentary" (Deposition of Nicole Coleman, dated April 17, 2008, at 407:9-13) and thus of little commercial value.

[23] See Phase 2 Discovery Matter Order No. 56 (Dkt. No. 6591) (granting MGA's discovery of detailed Mattel information on sales, revenue, cost, profits from January 1, 1998 to the present).

[24] See, e.g., M0114058-79, Detailed Search Report by Prosecutor Arana, dated October 27, 2005.

1  requested time period (from 2001 forward) for Mattel's Second RFP Set is necessary to

2  enable Mattel to compare (a) MGA's information about Mattel's pricing before and

3  after the theft and (b) MGA's own pricing strategies before and after the theft.

4          **3.**      **<u>Documents Relating to MGA's Use of Other Mattel</u>**

5                  **<u>Confidential Information Are Relevant</u>**

6        Forecasting documents and pricing strategy are just examples of the types of

7  documents that were known to be stolen for the benefit of MGA.  Mattel is entitled to

8  documents evidencing MGA's possession and use of other Mattel trade secrets as well,

9  particularly given Gustavo Machado's recent revelation that only some of the

10  documents taken from Mattel in Mexico were recovered during the search by law

11  enforcement authorities.[25]

12        Specifically, Nos. 3-16 of the Fourth RFP Set are tailored to seek documents

13  created for Mattel and routed to MGA, Mattel documents in MGA's possession, and

14  MGA documents using or incorporating Mattel trade secrets.  These documents are

15  clearly relevant to show, directly or inferentially, that MGA used these stolen trade

16  secrets.  Request Nos. 20-29, 33-34, 39, 41-44, 46-47, 51 of the Fourth RFP Set seek

17  information on documents created or transmitted by former Mattel employees during

18  their first year of employment with MGA.  These requests are tailored to seek only

19  documents related to subject-matters concerning the stolen Mattel information.  These

20  documents would be relevant to show that Mattel's confidential information was used

21  for the benefit of MGA.

---

26      [25]  <u>See</u> Deposition of Gustavo Machado, dated April 21, 2010, at 234:6-14

27  (testifying that "only some" of the Mattel files Machado stole were copied to the CD

28  that was recovered from MGA Mexico's offices).

MATTEL'S MOTION TO COMPEL RE USE OF MATTEL TRADE SECRETS

4. **Documents Relating to Criminal Investigations or Prosecutions of MGA for Theft of Mattel Confidential Information Are Relevant**

Mattel's requests seeking documents related to criminal investigations or prosecutions arising out of the thefts of Mattel proprietary information are relevant to prove Mattel's allegations that MGA induced former Mattel employees to take Mattel's proprietary information and deliver it to MGA or its subsidiaries. In fact, the Court has already ordered the MGA Parties to produce all communications by or on behalf of any of the MGA Parties with law enforcement in Mexico, Canada, and/or the United States that refer or relate to any alleged theft or taking of alleged Mattel confidential or trade secret information by MGA or persons currently or formerly employed by MGA or any other allegation contained in Mattel's claims in this action.[26] Mattel's requests for documents that refer or relate to these communications, as well as documents that refer or relate to the law enforcement investigations or prosecutions are relevant for the same reasons—they relate directly to the theft of the trade secrets that are the basis of Mattel's trade secret misappropriation and RICO claims.

MGA still has not produced documents responsive to these requests. For example, although Mexican authorities seized a CD from MGA Mexico's offices that contained tens of thousands of pages of confidential Mattel documents, MGA has never produced any materials that were provided to MGA by Mexican law enforcement in the course of such investigations or prosecutions. Such documents are highly relevant to Mattel's claims of trade secret misappropriation. Indeed, MGA previously obtained an order compelling Mattel to produce documents responsive to identical or virtually identical requests.[27]

---

[26] See Court's January 26, 2010 Order Regarding Discovery Matters (Dkt. No. 7434) at 5.

[27] See note 20, supra.

**B.**     **MGA Has Responsive, Non-Privileged Documents It Improperly Refuses to Produce**

The evidence confirms what MGA's written discovery responses show – that MGA is refusing to produce the documents sought here.  For example, it is clear that MGA, standing on its refusals, has not searched for much of the information sought by Mattel, despite evidence and testimony from MGA current and former employees that documents relating to MGA's use of stolen Mattel trade secrets exist.[28]  Dan Cooney testified that he had Mattel documents on his MGA laptop that he intended to use in his employment at MGA, ***and that no MGA attorney had ever asked him to search his laptop for such documents***.[29]  Similarly, Susana Kuemmerle, the former head of MGA Mexico, testified that she could not "recall" any instance in which MGA's counsel had asked her to collect documents that Mattel had requested in connection with this case, even though she was the primary contact between MGA's counsel and MGA de Mexico.[30]  The results of whatever searches MGA may claim to have conducted to date are necessarily unsatisfactory given that it has yet to search its Archive One repository of emails older than 90 days.  Thus, even with any potential productions, MGA is still withholding from Mattel the "greater portion of potentially relevant information."[31]

---

[28]   E.g., Mexican authorities seized a CD from MGA Mexico's offices that contained tens of thousands of pages of confidential Mattel documents, yet MGA has never provided any information about whether and how Mattel's confidential information contained on that CD was used.  Also, at his recent deposition, Machado confirmed that some of the stolen documents were not on the CD seized by the Mexican police.  See Deposition of Gustavo Machado, dated April 21, 2010, at 234:6-14.

[29]   See Deposition of Daniel Cooney, dated January 28, 2008, at 74:22-79:24; 82:15-83:4.

[30]   See Deposition of Susana Kuemmerle, dated January 28, 2008, at 226:2-227:2.

[31]   Report and Recommendation of Special Master (E-Discovery), dated January 21, 2010 (Special Master Smith noted that "it is logical to assume the greater portion of potentially relevant information would be contained in the e-mail that was more

(footnote continued)

1    MGA is uniquely positioned to possess information as to trade secret use.  <u>See</u>
2  <u>Vinyl Interactive, LLC v. Guarino</u>, 2009 U.S. Dist. LEXIS 41498, *22 (N.D.Cal. May
3  1, 2009) (without discovery, defendants are the only ones who possess information on
4  their use of plaintiff's trade secrets).   MGA has been improperly withholding
5  information salient to Mattel's trade secret claims.  The withholding of such evidence is
6  particularly unacceptable in light of MGA's choice to move for summary judgment
7  before the end of the discovery period and before the Court has even set a discovery
8  cutoff.

9    **C.    <u>MGA's Objections are Boilerplate and Should be Overruled.</u>**

10    MGA has asserted a litany of generic, boilerplate objections in response to each
11  of Mattel's Requests.  Boilerplate objections such as these are improper.  <u>See A. Farber</u>
12  <u>and Partners, Inc. v. Garber</u>, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("[G]eneral or
13  boilerplate objections such as 'overly burdensome and harassing' are improper—
14  especially when a party fails to submit any evidentiary declarations supporting such
15  objections."); <u>Walker v. Lakewood Condominium Owners Ass'n</u>, 186 F.R.D. 584, 587
16  (C.D. Cal. 1999) ("Boilerplate, generalized objections are inadequate and tantamount to
17  not making any objection at all.").  These objections should all be overruled.

18    **<u>Conclusion</u>**

19    Mattel's Fourth RFP Set (Phase 2), Second RFP Set and Third RFP Set seek
20  documents directly relevant to Mattel's trade secret misappropriation claims.  Even
21  though MGA is uniquely situation to have that information, it refuses to produce it,
22  hiding behind meritless, boilerplate objections.  MGA should be ordered to produce all
23  responsive documents immediately.

24

25

26  _____

27  than 90 days old, the full text of which can only be found in the ArchiveOne
28  database.").

DATED:  May 7, 2010

QUINN EMANUEL URQUHART &
SULLIVAN. LLP


By /s/ Michael T. Zeller
   Michael T. Zeller

## **Appendix A**

Request Nos. 3-16, 20-29, 33-34, 39, 41-44, 46-47, 51, 78-86, 90-98, 100-105 in Mattel's Fourth Set of Requests for Production to MGA (Phase 1), dated October 26, 2007.

REQUEST FOR PRODUCTION NO. 3:

All DOCUMENTS received by YOU, directly or indirectly, from any FORMER MATTEL EMPLOYEE authored by or for the benefit of MATTEL, or RELATING TO MATTEL, or any MATTEL product, plan, client, customer, current or former MATTEL employee, sales, advertising, marketing, analysis, tool or procedure.

REQUEST FOR PRODUCTION NO. 4:

All DOCUMENTS received by YOU, directly or indirectly, from Paula Garcia that were authored by or for the benefit of MATTEL, or RELATING TO MATTEL, or any MATTEL product, plan, client, customer, current or former MATTEL employee, sales, advertising, marketing, analysis, tool or procedure.

REQUEST FOR PRODUCTION NO. 5:

All DOCUMENTS received by YOU, directly or indirectly, from Veronica Marlow that were authored by or for the benefit of MATTEL, or RELATING TO MATTEL, or any MATTEL product, plan, client, customer, current or former MATTEL employee, sales, advertising, marketing, analysis, tool or procedure.

REQUEST FOR PRODUCTION NO. 6:

All DOCUMENTS received by YOU, directly or indirectly, from Margaret Hatch-Leahy that were authored by or for the benefit of MATTEL, or RELATING TO MATTEL, or any MATTEL product, plan, client, customer, current or former MATTEL employee, sales, advertising, marketing, analysis, tool or procedure.

REQUEST FOR PRODUCTION NO. 7:

All DOCUMENTS received by YOU, directly or indirectly, from Sarah Halpern that were authored by or for the benefit of MATTEL, or RELATING TO MATTEL, or any MATTEL product, plan, client, customer, current or former MATTEL employee, sales, advertising, marketing, analysis, tool or procedure.

REQUEST FOR PRODUCTION NO. 8:

To the extent not produced in response to any other Request for Production, all DOCUMENTS received by YOU, directly or indirectly, at any time from any PERSON identified in Exhibit 664 (bearing Bates numbers MGA 0868630-31) that was authored by or for the benefit of MATTEL, or RELATING TO MATTEL, or any MATTEL product, plan, client, customer, current or former MATTEL employee, sales, advertising, marketing, analysis, tool or procedure.

REQUEST FOR PRODUCTION NO. 9:

To the extent not produced in response to any other Request for Production, all DOCUMENTS received by YOU, directly or indirectly, at any time after January 1, 1998 from any current or former MATTEL employee or MATTEL contractor that was authored by or for the benefit of MATTEL, or RELATING TO MATTEL, or any MATTEL product, plan, client, customer, current or former MATTEL employee, sales, advertising, marketing, analysis, tool or procedure.

REQUEST FOR PRODUCTION NO. 10:

All DOCUMENTS, including but not limited to all COMMUNICATIONS with any PERSON, RELATING TO YOUR receipt, reproduction, copying, storage, transmission, transfer, retention, destruction, deletion or use of any DOCUMENTS, data and/or information, including but not limited to any compilation of information, that was prepared, made, created, generated, assembled or compiled by or for MATTEL

1 | and that YOU received, directly or indirectly, from any FORMER MATTEL
2 | EMPLOYEE.

3

4 | REQUEST FOR PRODUCTION NO. 11:

5 | All DOCUMENTS, including but not limited to all COMMUNICATIONS
6 | with any PERSON, RELATING TO YOUR receipt, reproduction, copying, storage,
7 | transmission, transfer, retention, destruction, deletion or use of any DOCUMENTS,
8 | data and/or information, including but not limited to any compilation of information,
9 | that was prepared, made, created, generated, assembled or compiled by or for MATTEL
10 | and that YOU received, directly or indirectly, from Paula Garcia.

11

12 | REQUEST FOR PRODUCTION NO. 12:

13 | All DOCUMENTS, including but not limited to all COMMUNICATIONS
14 | with any PERSON, RELATING TO YOUR receipt, reproduction, copying, storage,
15 | transmission, transfer, retention, destruction, deletion or use of any DOCUMENTS,
16 | data and/or information, including but not limited to any compilation of information,
17 | that was prepared, made, created, generated, assembled or compiled by or for MATTEL
18 | and that YOU received, directly or indirectly, from Margaret Hatch-Leahy.

19

20 | REQUEST FOR PRODUCTION NO. 13:

21 | All DOCUMENTS, including but not limited to all COMMUNICATIONS
22 | with any PERSON, RELATING TO YOUR receipt, reproduction, copying, storage,
23 | transmission, transfer, retention, destruction, deletion or use of any DOCUMENTS,
24 | data and/or information, including but not limited to any compilation of information,
25 | that was prepared, made, created, generated, assembled or compiled by or for MATTEL
26 | and that YOU received, directly or indirectly, from Sarah Halpern.

27

28

1   REQUEST FOR PRODUCTION NO. 14:

2           All DOCUMENTS, including but not limited to all COMMUNICATIONS

3   with any PERSON, RELATING TO YOUR receipt, reproduction, copying, storage,

4   transmission, transfer, retention, destruction, deletion or use of any DOCUMENTS,

5   data and/or information, including but not limited to any compilation of information,

6   that was prepared, made, created, generated, assembled or compiled by or for MATTEL

7   and that YOU received, directly or indirectly, from Veronica Marlow.

8

9   REQUEST FOR PRODUCTION NO. 15:

10          To the extent not produced in response to any other Request for

11  Production, all DOCUMENTS, including but not limited to all COMMUNICATIONS

12  with any PERSON, RELATING TO YOUR receipt, reproduction, copying, storage,

13  transmission, transfer, retention, destruction, deletion or use of any DOCUMENTS,

14  data and/or information, including but not limited to any compilation of information,

15  that was prepared, made, created, generated, assembled or compiled by or for MATTEL

16  and that YOU received, directly or indirectly, from any PERSON identified in Exhibit

17  664 (bearing Bates numbers MGA 0868630-31).

18

19  REQUEST FOR PRODUCTION NO. 16:

20          To the extent not produced in response to any other Request for

21  Production, all DOCUMENTS, including but not limited to all COMMUNICATIONS

22  with any PERSON, RELATING TO YOUR receipt, reproduction, copying, storage,

23  transmission, transfer, retention, destruction, deletion or use of any DOCUMENTS,

24  data and/or information, including but not limited to any compilation of information,

25  that was prepared, made, created, generated, assembled or compiled by or for MATTEL

26  and that YOU received, directly or indirectly, at any time after January 1, 1998 from

27  any current or former MATTEL employee or MATTEL contractor.

28

REQUEST FOR PRODUCTION NO. 20:

All DOCUMENTS, including but not limited to all COMMUNICATIONS, RELATING TO MGA's sales strategy, technique or plans prepared, created, sent or transmitted, whether in whole or in part, by BRAWER at any time prior to December 31, 2005.

REQUEST FOR PRODUCTION NO. 21:

All DOCUMENTS, including but not limited to all COMMUNICATIONS, RELATING TO Bratz Head Gamez prepared, created, sent or transmitted, whether in whole or in part, by BRAWER.

REQUEST FOR PRODUCTION NO. 22:

All DOCUMENTS, including but not limited to all COMMUNICATIONS, RELATING TO Bratz Secret Date prepared, created, sent or transmitted, whether in whole or in part, by BRAWER.

REQUEST FOR PRODUCTION NO. 23:

All DOCUMENTS, including but not limited to all COMMUNICATIONS, RELATING TO Bratz Hollywood Style prepared, created, sent or transmitted, whether in whole or in part, by BRAWER.

REQUEST FOR PRODUCTION NO. 25:

All DOCUMENTS, including but not limited to all COMMUNICATIONS, RELATING TO MGA's market planning and product development RELATING TO the toy market in Mexico prepared, created, sent or transmitted, whether in whole or in part, by MACHADO at any time prior to April 30, 2005.

REQUEST FOR PRODUCTION NO. 27:

All DOCUMENTS, including but not limited to all COMMUNICATIONS, RELATING TO MGA's market planning and product development RELATING TO the toy market in Mexico prepared, created, sent or transmitted, whether in whole or in part, by TRUEBA between six months before she left to one year after she left MATTEL.

REQUEST FOR PRODUCTION NO. 29:

All DOCUMENTS, including but not limited to all COMMUNICATIONS, RELATING TO MGA's promotional spending and activities in Mexico prepared, created, sent or transmitted, whether in whole or in part, by VARGAS at any time prior to April 30, 2005.

REQUEST FOR PRODUCTION NO. 33:

All COMMUNICATIONS between COONEY and any Toys 'R Us employee, agent or representative prior to May 31, 2007.

REQUEST FOR PRODUCTION NO. 34:

All DOCUMENTS RELATING TO Toys 'R Us prepared, created, sent or transmitted by COONEY prior to May 31, 2007.

REQUEST FOR PRODUCTION NO. 39:

All DOCUMENTS, including but not limited to all COMMUNICATIONS, RELATING TO sales planning or inventory management prepared, created, sent or transmitted, whether in whole or in part, by CASTILLA prior to March 31, 2007.

1   REQUEST FOR PRODUCTION NO. 41:

2         All COMMUNICATIONS between BRISBOIS and any employee, agent

3   or representative of Wal-Mart, including but not limited to Wal-Mart Canada, prior to

4   September 30, 2006.

5

6   REQUEST FOR PRODUCTION NO. 42:

7         All DOCUMENTS RELATING TO Wal-Mart, including but not limited

8   to Wal-Mart Canada, prepared, created, sent or transmitted by BRISBOIS prior to

9   September 30, 2006.

10

11   REQUEST FOR PRODUCTION NO. 43:

12         All COMMUNICATIONS between BRISBOIS and any employee, agent

13   or representative of Toys 'R Us, including but not limited to Toys 'R Us Canada, prior

14   to September 30, 2006.

15

16   REQUEST FOR PRODUCTION NO. 44:

17         All DOCUMENTS RELATING TO Toys 'R Us, including but not limited

18   to Toys 'R Us Canada, prepared, created, sent or transmitted by BRISBOIS prior to

19   September 30, 2006.

20

21   REQUEST FOR PRODUCTION NO. 46:

22         All DOCUMENTS RELATING TO MGA's plans for product launches

23   and promotions in or for 2005 and Spring 2006 prepared, created, sent, transmitted or

24   received by BRISBOIS.

25

26

27

28

REQUEST FOR PRODUCTION NO. 47:

All COMMUNICATIONS RELATING TO MGA's plans for product launches and promotions in or for 2005 and Spring 2006 prepared, created, sent, transmitted or received by BRISBOIS.

REQUEST FOR PRODUCTION NO. 51:

All DOCUMENTS, including but not limited to all COMMUNICATIONS, RELATING TO MGA's sales strategy, technique or plans prepared, created, sent or transmitted, whether in whole or in part, by CONTRERAS prior to December 31, 2005.

REQUEST FOR PRODUCTION NO. 78:

All DOCUMENTS that REFER OR RELATE TO YOUR destruction, loss, failure to preserve, or otherwise render unavailable or inaccessible any MATTEL DOCUMENTS.

REQUEST FOR PRODUCTION NO. 79:

The original of any media or device on which any MATTEL DOCUMENT was delivered to YOU.

REQUEST FOR PRODUCTION NO. 80:

The original of any MATTEL DOCUMENT delivered to YOU.

REQUEST FOR PRODUCTION NO. 81:

All DOCUMENTS that YOU contend prove or that YOU will rely on at trial to prove that YOU did not use or disclose any MATTEL DOCUMENT or any information contained in any MATTEL DOCUMENT.

REQUEST FOR PRODUCTION NO. 82:

All DOCUMENTS that YOU contend prove or that YOU will rely on at trial to prove that MATTEL agreed or consented to or acquiesced in YOUR taking, use or possession of any MATTEL DOCUMENT.

REQUEST FOR PRODUCTION NO. 83:

All DOCUMENTS that YOU contend prove or that YOU will rely on at trial to prove that YOU did not acquire any MATTEL DOCUMENT through improper means.

REQUEST FOR PRODUCTION NO. 84:

All DOCUMENTS that YOU contend prove or that YOU will rely on at trial to prove that the information in the MATTEL DOCUMENTS does not derive independent economic value from not being generally known to the public or other persons who can obtain economic value from its use.

REQUEST FOR PRODUCTION NO. 85:

DOCUMENTS sufficient to IDENTIFY any MATTEL DOCUMENT that contains information generally known to the public or to PERSONS who can obtain economic value from its disclosure and use.

REQUEST FOR PRODUCTION NO. 86:

All DOCUMENTS that YOU contend prove or that YOU will rely on at trial to prove that MATTEL did not take reasonable efforts under the circumstances to maintain the secrecy of the information in the MATTEL DOCUMENTS.

REQUEST FOR PRODUCTION NO. 90:

All DOCUMENTS that REFER OR RELATE TO YOUR use or disclosure of any information in the MATTEL DOCUMENTS.

REQUEST FOR PRODUCTION NO. 91:

All DOCUMENTS that REFER OR RELATE TO YOUR access to any information in the MATTEL DOCUMENTS.

REQUEST FOR PRODUCTION NO. 92:

All DOCUMENTS created, authored, modified or copied by YOU or for YOUR benefit that contain any portion of information contained in any MATTEL DOCUMENT.

REQUEST FOR PRODUCTION NO. 93:

DOCUMENTS sufficient to IDENTIFY the date of creation, modification, access or transmission of any DOCUMENT created, authored, modified or copied by YOU or for YOUR benefit that contains any portion of information contained in any MATTEL DOCUMENT.

REQUEST FOR PRODUCTION NO. 94:

DOCUMENTS sufficient to IDENTIFY each PERSON who created, accessed, modified, used, copied or transmitted any DOCUMENT created, authored, modified or copied by YOU or for YOUR benefit that contains any portion of information contained in any MATTEL DOCUMENT.

1   REQUEST FOR PRODUCTION NO. 95:

2          DOCUMENTS sufficient to IDENTIFY the date of creation, modification,

3   access or transmission of any DOCUMENTS that REFER OR RELATE TO YOUR

4   access to any information in the MATTEL DOCUMENTS.

5

6   REQUEST FOR PRODUCTION NO. 96:

7          DOCUMENTS sufficient to IDENTIFY each PERSON who created,

8   accessed, modified, used, copied or transmitted any DOCUMENTS that REFER OR

9   RELATE TO YOUR access to any information in the MATTEL DOCUMENTS.

10

11  REQUEST FOR PRODUCTION NO. 97:

12         All DOCUMENTS that YOU contend prove or that YOU will rely on at

13  trial to prove that MATTEL suffered no harm caused by YOUR use and/or disclosure

14  of any information in the MATTEL DOCUMENTS.

15

16  REQUEST FOR PRODUCTION NO. 98:

17         All DOCUMENTS that YOU contend prove or that YOU will rely on at

18  trial to prove that YOU obtained no benefit from YOUR use and/or disclosure of any

19  information in the MATTEL DOCUMENTS.

20

21  REQUEST FOR PRODUCTION NO. 100:

22         All DOCUMENTS that REFER OR RELATE TO YOUR product or

23  product line offerings, or contemplated or proposed product or product line offerings,

24  for calendar year 2003, including without limitation YOUR product line lists for such

25  time period and all DOCUMENTS that REFER OR RELATE TO changes or

26  amendments or contemplated or proposed changes or amendments thereto.

27

28

1   REQUEST FOR PRODUCTION NO. 101:

2           All DOCUMENTS that REFER OR RELATE TO YOUR product or

3   product line offerings, or contemplated or proposed product or product line offerings,

4   for calendar year 2004, including without limitation YOUR product line lists for such

5   time period and all DOCUMENTS that REFER OR RELATE TO changes or

6   amendments or contemplated or proposed changes or amendments thereto.

7

8   REQUEST FOR PRODUCTION NO. 102:

9           All DOCUMENTS that REFER OR RELATE TO YOUR product or

10  product line offerings, or contemplated or proposed product or product line offerings,

11  for calendar year 2005, including without limitation YOUR product line lists for such

12  time period and all DOCUMENTS that REFER OR RELATE TO changes or

13  amendments or contemplated or proposed changes or amendments thereto.

14

15  REQUEST FOR PRODUCTION NO. 103:

16          All DOCUMENTS that REFER OR RELATE TO YOUR product or

17  product line offerings, or contemplated or proposed product or product line offerings,

18  for calendar year 2006, including without limitation YOUR product line lists for such

19  time period and all DOCUMENTS that REFER OR RELATE TO changes or

20  amendments or contemplated or proposed changes or amendments thereto.

21

22  REQUEST FOR PRODUCTION NO. 104:

23          All DOCUMENTS that REFER OR RELATE TO YOUR product or

24  product line offerings, or contemplated or proposed product or product line offerings,

25  for calendar year 2007, including without limitation YOUR product line lists for such

26  time period and all DOCUMENTS that REFER OR RELATE TO changes or

27  amendments or contemplated or proposed changes or amendments thereto.

28

<u>REQUEST FOR PRODUCTION NO. 105</u>:

All DOCUMENTS that REFER OR RELATE TO YOUR product or product line offerings, or contemplated or proposed product or product line offerings, for calendar year 2008, including without limitation YOUR product line lists for such time period and all DOCUMENTS that REFER OR RELATE TO changes or amendments or contemplated or proposed changes or amendments thereto.

**<u>Appendix B</u>**

Request Nos. 1-12 in Mattel's Second Set of Requests for Production to MGA (Phase 2), dated September 4, 2009.

<u>REQUEST FOR PRODUCTION NO. 1</u>:

All DOCUMENTS RELATING TO the planned, proposed or actual price or prices charged or to be charged by MATTEL for any products sold, offered for sale or to be offered for sale by MATTEL from January 1, 2001 to the present.

<u>REQUEST FOR PRODUCTION NO. 2</u>:

All DOCUMENTS RELATING TO any price discounts, rebates, allowances or reductions offered or given by MATTEL to any of its customers from January 1, 2001 to the present.

<u>REQUEST FOR PRODUCTION NO. 3</u>:

All DOCUMENTS RELATING TO any guidelines or requirements employed by MATTEL in determining the prices of any products sold, offered for sale or to be offered for sale by MATTEL from January 1, 2001 to the present.

<u>REQUEST FOR PRODUCTION NO. 4</u>:

All DOCUMENTS RELATING TO any strategies employed by MATTEL in determining the prices for any products sold, offered for sale or to be offered for sale by MATTEL from January 1, 2001 to the present.

<u>REQUEST FOR PRODUCTION NO. 5</u>:

All DOCUMENTS RELATING TO how MATTEL determined or determines the prices for any products sold, offered for sale or to be offered for sale by

MATTEL'S MOTION TO COMPEL RE USE OF MATTEL TRADE SECRETS

MATTEL from January 1, 2001 to the present, including but not limited to any analyses performed by MATTEL in determining such prices.

REQUEST FOR PRODUCTION NO. 6:

DOCUMENTS sufficient to show, by customer and SKU, the NET PRICE for each product sold by YOU from January 1, 2001 to the present, the dates on which each such product was sold at such NET PRICE and the number of units of each such product sold at such NET PRICE.

REQUEST FOR PRODUCTION NO. 7:

DOCUMENTS sufficient to show, by customer and SKU, the GROSS PRICE for each product sold by YOU from January 1, 2001 to the present, the dates on which each such product was sold at such GROSS PRICE and the number of units of each such product sold at such GROSS PRICE.

REQUEST FOR PRODUCTION NO. 8:

All DOCUMENTS RELATING TO any guidelines or requirements YOU have considered, implemented or used in determining the prices of any products sold by YOU from January 1, 2001 to the present.

REQUEST FOR PRODUCTION NO. 9:

All DOCUMENTS RELATING TO any strategies YOU have implemented, considered or used in determining the prices for any products sold by YOU from January 1, 2001 to the present.

REQUEST FOR PRODUCTION NO. 10:

All DOCUMENTS RELATING TO YOUR decision-making process for determining the prices for any products sold by YOU from January 1, 2001 to the

present, including but not limited to COMMUNICATIONS, memoranda or reports that discuss or describe how you arrived at the prices for any such products.

REQUEST FOR PRODUCTION NO. 11:

All DOCUMENTS considered by YOU, or that discuss or describe any DOCUMENTS or information considered by YOU, in determining the prices for any products sold by YOU from January 1, 2001 to the present, including but not limited to any analyses performed or obtained by YOU in determining such prices.

REQUEST FOR PRODUCTION NO. 12:

All DOCUMENTS RELATING TO any change or modification in the price for any product sold by YOU from January 1, 2001 to the present, including but not limited to DOCUMENTS RELATING TO the reasons for any such change or modification.

# **Exhibit C**

Request Nos. 1-65, 68-94 in Mattel's Third Set of Requests for Production to MGA (Phase 2), dated September 16, 2009 (the "Third RFP Set")

REQUEST FOR PRODUCTION NO. 1:

All DOCUMENTS REFERRING OR RELATING TO any INVENTORY SYSTEM used by MATTEL from January 1, 1999 to the present.

REQUEST FOR PRODUCTION NO. 2:

All DOCUMENTS REFERRING OR RELATING TO any FORECASTING SYSTEM used by MATTEL from January 1, 1999 to the present.

REQUEST FOR PRODUCTION NO. 3:

All DOCUMENTS REFERRING OR RELATING TO any data warehouse or system for storing data used by MATTEL from January 1, 1999 to the present.

REQUEST FOR PRODUCTION NO. 4:

DOCUMENTS sufficient to identify the name of any INVENTORY SYSTEM used by YOU from January 1, 2001 to the present.

REQUEST FOR PRODUCTION NO. 5:

DOCUMENTS sufficient to IDENTIFY any PERSON from whom YOU purchased, acquired or licensed any INVENTORY SYSTEM used by YOU from January 1, 2001 to the present.

REQUEST FOR PRODUCTION NO. 6:

All DOCUMENTS REFERRING OR RELATING TO the creation, design, development or implementation of any INVENTORY SYSTEM used by YOU from January 1, 2001 to the present.

REQUEST FOR PRODUCTION NO. 7:

DOCUMENTS sufficient to IDENTIFY any PERSON who participated in the creation, design, development or implementation of any INVENTORY SYSTEM used by YOU from January 1, 2001 to the present.

REQUEST FOR PRODUCTION NO. 8:

For each INVENTORY SYSTEM used by YOU from January 1, 2001 to the present, DOCUMENTS sufficient to show the time period during which YOU used each such INVENTORY SYSTEM, including but not limited to when YOU first began using and when YOU ceased using each such INVENTORY SYSTEM.

REQUEST FOR PRODUCTION NO. 9:

For any INVENTORY SYSTEM YOU began using any time between January 1, 2001 and the present, all DOCUMENTS REFERRING OR RELATING TO the reasons YOU adopted or implemented each such INVENTORY SYSTEM.

REQUEST FOR PRODUCTION NO. 10:

For any INVENTORY SYSTEM YOU ceased using any time between January 1, 2001 and the present, all DOCUMENTS REFERRING OR RELATING TO the reasons YOU ceased using each such INVENTORY SYSTEM.

1   REQUEST FOR PRODUCTION NO. 11:

2          For any INVENTORY SYSTEM YOU considered using any time from

3   January 1, 2001 to the present, all DOCUMENTS REFERRING OR RELATING TO

4   the reasons YOU did not adopt or implement each such INVENTORY SYSTEM.

5

6   REQUEST FOR PRODUCTION NO. 12:

7          All DOCUMENTS REFERRING OR RELATING TO the estimated,

8   projected, anticipated or actual length of time necessary to create, design, develop or

9   implement any INVENTORY SYSTEM used or considered by YOU from January 1,

10   2001 to the present.

11

12   REQUEST FOR PRODUCTION NO. 13:

13          All DOCUMENTS REFERRING OR RELATING TO the estimated,

14   projected, anticipated or actual cost to create, design, develop or implement any

15   INVENTORY SYSTEM used or considered by YOU from January 1, 2001 to the

16   present.

17

18   REQUEST FOR PRODUCTION NO. 14:

19          All DOCUMENTS REFERRING OR RELATING TO the estimated,

20   projected, anticipated or actual cost to purchase, acquire or license any INVENTORY

21   SYSTEM used or considered by YOU from January 1, 2001 to the present.

22

23   REQUEST FOR PRODUCTION NO. 15:

24          All handbooks, guidebooks, instruction books, manuals, presentations,

25   reports, memoranda or other DOCUMENTS that explain, describe or demonstrate the

26   function, manner or method of operation of, or how to use, any INVENTORY

27   SYSTEM used by YOU from January 1, 2001 to the present.

28

REQUEST FOR PRODUCTION NO. 16:

DOCUMENTS sufficient to show the function, manner or method of operation of, and types of data stored in, any INVENTORY SYSTEM used by YOU from January 1, 2001 to the present.

REQUEST FOR PRODUCTION NO. 17:

All DOCUMENTS REFERRING OR RELATING TO any estimated, projected, anticipated or actual benefits, including but not limited to return on investment, lower inventory costs, lower obsolescence costs, increased profits and increased profit margins, from any INVENTORY SYSTEM used by YOU from January 1, 2001 to the present.

REQUEST FOR PRODUCTION NO. 18:

All DOCUMENTS REFERRING OR RELATING TO any bonus, salary increase or other compensation paid to, or to be paid to, any individual based, in whole or in part, on any benefits, including but not limited to lower inventory costs, lower obsolescence costs, increased profits and increased profit margins, from any INVENTORY SYSTEM used by YOU from January 1, 2001 to the present.

REQUEST FOR PRODUCTION NO. 19:

All DOCUMENTS REFERRING OR RELATING TO any review, analysis, assessment or evaluation of any INVENTORY SYSTEM used by YOU from January 1, 2001 to the present or any comparison of any such INVENTORY SYSTEM used by YOU to any other potential, proposed or actual INVENTORY SYSTEM.

REQUEST FOR PRODUCTION NO. 20:

DOCUMENTS sufficient to IDENTIFY any PERSON who performed or participated in any review, analysis, assessment or evaluation of any INVENTORY

SYSTEM used by YOU from January 1, 2001 to the present or any comparison of any such INVENTORY SYSTEM to any other potential, proposed or actual INVENTORY SYSTEM.

REQUEST FOR PRODUCTION NO. 21:

All DOCUMENTS REFERRING OR RELATING TO the creation, design, development or implementation of any modification, revision, upgrade or improvement to any INVENTORY SYSTEM used by YOU from January 1, 2001 to the present.

REQUEST FOR PRODUCTION NO. 22:

DOCUMENTS sufficient to IDENTIFY any PERSON who participated in the creation, design, development or implementation of any modification, revision, upgrade or improvement to any INVENTORY SYSTEM used by YOU from January 1, 2001 to the present.

REQUEST FOR PRODUCTION NO. 23:

For any INVENTORY SYSTEM that YOU modified, revised, upgraded or improved any time between January 1, 2001 and the present, DOCUMENTS sufficient to show the time period during which YOU used each such modification, revision, upgrade or improvement, including but not limited to when YOU first began using each such modification, revision, upgrade or improvement.

REQUEST FOR PRODUCTION NO. 24:

For any INVENTORY SYSTEM YOU modified, revised, upgraded or improved any time between January 1, 2001 and the present, all DOCUMENTS REFERRING OR RELATING TO the reasons YOU adopted or implemented each such modification, revision, upgrade or improvement.

REQUEST FOR PRODUCTION NO. 25:

All DOCUMENTS REFERRING OR RELATING TO the estimated, projected, anticipated or actual length of time necessary to create, design, develop or implement any modification, revision, upgrade or improvement that YOU made or considered making to any INVENTORY SYSTEM used by YOU from January 1, 2001 to the present.

REQUEST FOR PRODUCTION NO. 26:

All DOCUMENTS REFERRING OR RELATING TO the estimated, projected, anticipated or actual cost to create, design, develop or implement any modification, revision, upgrade or improvement that YOU made or considered making to any INVENTORY SYSTEM used by YOU from January 1, 2001 to the present.

REQUEST FOR PRODUCTION NO. 27:

All DOCUMENTS REFERRING OR RELATING TO the estimated, projected, anticipated or actual cost to purchase, acquire or license any modification, revision, upgrade or improvement that YOU made or considered making to any INVENTORY SYSTEM used by YOU from January 1, 2001 to the present.

REQUEST FOR PRODUCTION NO. 28:

All handbooks, guidebooks, instruction books, manuals, presentations, reports, memoranda or other DOCUMENTS that explain, describe or demonstrate the function, manner or method of operation of, or how to use, any modification, revision, upgrade or improvement to any INVENTORY SYSTEM used by YOU from January 1, 2001 to the present.

REQUEST FOR PRODUCTION NO. 29:

For any INVENTORY SYSTEM modified, revised, upgraded or improved by YOU any time between January 1, 2001 and the present, DOCUMENTS sufficient to show the function, manner or method of operation of, and types of data stored in, each such INVENTORY SYSTEM as modified, revised, upgraded or improved.

REQUEST FOR PRODUCTION NO. 30:

All DOCUMENTS REFERRING OR RELATING TO any estimated, projected, anticipated or actual benefits, including but not limited to return on investment, lower inventory costs, lower obsolescence costs, increased profits and increased profit margins, from any modification, revision, upgrade or improvement to any INVENTORY SYSTEM used by YOU from January 1, 2001 to the present.

REQUEST FOR PRODUCTION NO. 31:

All DOCUMENTS REFERRING OR RELATING TO any bonus, salary increase or other compensation paid to, or to be paid to, any individual based, in whole or in part, on any benefits, including but not limited to lower inventory costs, lower obsolescence costs, increased profits and increased profit margins, from any modification, revision, upgrade or improvement to any INVENTORY SYSTEM used by YOU from January 1, 2001 to the present.

REQUEST FOR PRODUCTION NO. 32:

DOCUMENTS sufficient to identify the name of any FORECASTING SYSTEM used by YOU from January 1, 2001 to the present.

REQUEST FOR PRODUCTION NO. 33:

DOCUMENTS sufficient to IDENTIFY any PERSON from whom YOU purchased, acquired or licensed any FORECASTING SYSTEM used by YOU from January 1, 2001 to the present.

REQUEST FOR PRODUCTION NO. 34:

All DOCUMENTS REFERRING OR RELATING TO the creation, design, development or implementation of any FORECASTING SYSTEM used by YOU from January 1, 2001 to the present.

REQUEST FOR PRODUCTION NO. 35:

DOCUMENTS sufficient to IDENTIFY any PERSON who participated in the creation, design, development or implementation of any FORECASTING SYSTEM used YOU by from January 1, 2001 to the present.

REQUEST FOR PRODUCTION NO. 36:

DOCUMENTS sufficient to show the time period during which YOU used any FORECASTING SYSTEM used by YOU from January 1, 2001 to the present, including but not limited to when YOU first began using and when YOU ceased using each such FORECASTING SYSTEM.

REQUEST FOR PRODUCTION NO. 37:

For any FORECASTING SYSTEM YOU began using any time between January 1, 2001 and the present, all DOCUMENTS REFERRING OR RELATING TO the reasons YOU adopted or implemented each such FORECASTING SYSTEM.

REQUEST FOR PRODUCTION NO. 38:

For any FORECASTING SYSTEM YOU ceased using any time between January 1, 2001 and the present, all DOCUMENTS REFERRING OR RELATING TO the reasons YOU ceased using each such FORECASTING SYSTEM.

REQUEST FOR PRODUCTION NO. 39:

For any FORECASTING SYSTEM YOU considered using any time from January 1, 2001 to the present, all DOCUMENTS REFERRING OR RELATING TO the reasons YOU did not adopt or implement each such FORECASTING SYSTEM.

REQUEST FOR PRODUCTION NO. 40:

All DOCUMENTS REFERRING OR RELATING TO the estimated, projected, anticipated or actual length of time necessary to create, design, develop or implement any FORECASTING SYSTEM used or considered by YOU from January 1, 2001 to the present.

REQUEST FOR PRODUCTION NO. 41:

All DOCUMENTS REFERRING OR RELATING TO the estimated, projected, anticipated or actual cost to create, design, develop or implement any FORECASTING SYSTEM used or considered by YOU from January 1, 2001 to the present.

REQUEST FOR PRODUCTION NO. 42:

All DOCUMENTS REFERRING OR RELATING TO the estimated, projected, anticipated or actual cost to purchase, acquire or license any FORECASTING SYSTEM used or considered by YOU from January 1, 2001 to the present.

REQUEST FOR PRODUCTION NO. 43:

All handbooks, guidebooks, instruction books, manuals, presentations, reports, memoranda or other DOCUMENTS that explain, describe or demonstrate the function, manner or method of operation of, or how to use, any FORECASTING SYSTEM used by YOU from January 1, 2001 to the present.

REQUEST FOR PRODUCTION NO. 44:

DOCUMENTS sufficient to show the function, manner or method of operation of, and types of data stored in, any FORECASTING SYSTEM used by YOU from January 1, 2001 to the present.

REQUEST FOR PRODUCTION NO. 45:

All DOCUMENTS REFERRING OR RELATING TO any estimated, projected, anticipated or actual benefits, including but not limited to return on investment, lower inventory costs, lower obsolescence costs, increased profits and increased profit margins, from any FORECASTING SYSTEM used by YOU from January 1, 2001 to the present.

REQUEST FOR PRODUCTION NO. 46:

All DOCUMENTS REFERRING OR RELATING TO any bonus, salary increase or other compensation paid to, or to be paid to, any individual based, in whole or in part, on any benefits, including but not limited to lower inventory costs, lower obsolescence costs, increased profits and increased profit margins, from any FORECASTING SYSTEM used by YOU from January 1, 2001 to the present.

REQUEST FOR PRODUCTION NO. 47:

All DOCUMENTS REFERRING OR RELATING TO any review, analysis, assessment or evaluation of any FORECASTING SYSTEM used by YOU

from January 1, 2001 to the present or any comparison of any such FORECASTING SYSTEM used by YOU to any other potential, proposed or actual FORECASTING SYSTEM.

REQUEST FOR PRODUCTION NO. 48:

DOCUMENTS sufficient to IDENTIFY any PERSON who performed or participated in any review, analysis, assessment or evaluation of any FORECASTING SYSTEM used by YOU from January 1, 2001 to the present or any comparison of any such FORECASTING SYSTEM to any other potential, proposed or actual FORECASTING SYSTEM.

REQUEST FOR PRODUCTION NO. 49:

All DOCUMENTS REFERRING OR RELATING TO the creation, design, development or implementation of any modification, revision, upgrade or improvement to any FORECASTING SYSTEM used by YOU from January 1, 2001 to the present.

REQUEST FOR PRODUCTION NO. 50:

DOCUMENTS sufficient to IDENTIFY any PERSON who participated in the creation, design, development or implementation of any modification, revision, upgrade or improvement to any FORECASTING SYSTEM used by YOU from January 1, 2001 to the present.

REQUEST FOR PRODUCTION NO. 51:

For any FORECASTING SYSTEM that YOU modified, revised, upgraded or improved any time between January 1, 2001 and the present, DOCUMENTS sufficient to show the time period during which YOU used each such modification,

revision, upgrade or improvement, including but not limited to when YOU first began using each such modification, revision, upgrade or improvement.

REQUEST FOR PRODUCTION NO. 52:

For any FORECASTING SYSTEM YOU modified, revised, upgraded or improved any time between January 1, 2001 and the present, all DOCUMENTS REFERRING OR RELATING TO the reasons YOU adopted or implemented each such modification, revision, upgrade or improvement.

REQUEST FOR PRODUCTION NO. 53:

All DOCUMENTS REFERRING OR RELATING TO the estimated, projected, anticipated or actual length of time necessary to create, design, develop or implement any modification, revision, upgrade or improvement that YOU made or considered making to any FORECASTING SYSTEM used by YOU from January 1, 2001 to the present.

REQUEST FOR PRODUCTION NO. 54:

All DOCUMENTS REFERRING OR RELATING TO the estimated, projected, anticipated or actual cost to create, design, develop or implement any modification, revision, upgrade or improvement that YOU made or considered making to any FORECASTING SYSTEM used by YOU from January 1, 2001 to the present.

REQUEST FOR PRODUCTION NO. 55:

All DOCUMENTS REFERRING OR RELATING TO the estimated, projected, anticipated or actual cost to purchase, acquire or license any modification, revision, upgrade or improvement that YOU made or considered making to any FORECASTING SYSTEM used by YOU from January 1, 2001 to the present.

REQUEST FOR PRODUCTION NO. 56:

All handbooks, guidebooks, instruction books, manuals, presentations, reports, memoranda or other DOCUMENTS that explain, describe or demonstrate the function, manner or method of operation of, or how to use, any modification, revision, upgrade or improvement to any FORECASTING SYSTEM used by YOU from January 1, 2001 to the present.

REQUEST FOR PRODUCTION NO. 57:

For any FORECASTING SYSTEM modified, revised, upgraded or improved by YOU any time between January 1, 2001 and the present, DOCUMENTS sufficient to show the function, manner or method of operation of, and types of data stored in, each such FORECASTING SYSTEM as modified, revised, upgraded or improved.

REQUEST FOR PRODUCTION NO. 58:

All DOCUMENTS REFERRING OR RELATING TO any estimated, projected, anticipated or actual benefits, including but not limited to return on investment, lower inventory costs, lower obsolescence costs, increased profits and increased profit margins, from any modification, revision, upgrade or improvement to any FORECASTING SYSTEM used by YOU from January 1, 2001 to the present.

REQUEST FOR PRODUCTION NO. 59:

All DOCUMENTS REFERRING OR RELATING TO any bonus, salary increase or other compensation paid to, or to be paid to, any individual based, in whole or in part, on any benefits, including but not limited to lower inventory costs, lower obsolescence costs, increased profits and increased profit margins, from any modification, revision, upgrade or improvement to any FORECASTING SYSTEM used by YOU from January 1, 2001 to the present.

REQUEST FOR PRODUCTION NO. 60:

DOCUMENTS sufficient to show the manner in which inventory has been valued and accounted for on YOUR financial statements (audited and unaudited) and interim reports from January 1, 2001 to the present.

REQUEST FOR PRODUCTION NO. 61:

DOCUMENTS sufficient to show, by SKU, YOUR inventory of finished products, in units and at cost, each month from January 1, 2001 to the present.

REQUEST FOR PRODUCTION NO. 62:

DOCUMENTS sufficient to show, by product line or product category, YOUR inventory of finished products, in units and at cost, each month from January 1, 2001 to the present.

REQUEST FOR PRODUCTION NO. 63:

DOCUMENTS sufficient to show, by SKU, YOUR INVENTORY OBSOLESCENCE EXPENSE each month from January 1, 2001 to the present.

REQUEST FOR PRODUCTION NO. 64:

DOCUMENTS sufficient to show, by product line or product category, YOUR INVENTORY OBSOLESCENCE EXPENSE each month from January 1, 2001 to the present.

REQUEST FOR PRODUCTION NO. 68:

All COMMUNICATIONS to, from or with Jorge Castilla REFERRING OR RELATING the creation, design, development or implementation of any INVENTORY SYSTEM used by YOU from January 1, 2001 to the present.

REQUEST FOR PRODUCTION NO. 69:

All DOCUMENTS REFERRING OR RELATING TO ANY COMMUNICATIONS to, from or with Jorge Castilla REFERRING OR RELATING TO the creation, design, development or implementation of any INVENTORY SYSTEM used by YOU from January 1, 2001 to the present.

REQUEST FOR PRODUCTION NO. 70:

All COMMUNICATIONS to, from or with Jorge Castilla REFERRING OR RELATING TO any modification, change, alteration, upgrade, revision or improvement to any INVENTORY SYSTEM used by YOU from January 1, 2001 to the present.

REQUEST FOR PRODUCTION NO. 71:

All DOCUMENTS REFERRING OR RELATING TO any COMMUNICATIONS to, from or with Jorge Castilla REFERRING OR RELATING TO any modification, change, alteration, upgrade, revision or improvement to any INVENTORY SYSTEM used by YOU from January 1, 2001 to the present.

REQUEST FOR PRODUCTION NO. 72:

All COMMUNICATIONS to, from or with Jorge Castilla REFERRING OR RELATING the creation, design, development or implementation of any FORECASTING SYSTEM used by YOU from January 1, 2001 to the present.

REQUEST FOR PRODUCTION NO. 73:

All DOCUMENTS REFERRING OR RELATING TO ANY COMMUNICATIONS to, from or with Jorge Castilla REFERRING OR RELATING TO the creation, design, development or implementation of any FORECASTING SYSTEM used by YOU from January 1, 2001 to the present.

1   REQUEST FOR PRODUCTION NO. 74:

2          All COMMUNICATIONS to, from or with Jorge Castilla REFERRING

3   OR RELATING TO any modification, change, alteration, upgrade, revision or

4   improvement to any FORECASTING SYSTEM used by YOU from January 1, 2001 to

5   the present.

6

7   REQUEST FOR PRODUCTION NO. 75:

8          All   DOCUMENTS   REFERRING   OR   RELATING   TO   any

9   COMMUNICATIONS to, from or with Jorge Castilla REFERRING OR RELATING

10  TO any modification, change, alteration, upgrade, revision or improvement to any

11  FORECASTING SYSTEM used by YOU from January 1, 2001 to the present.

12

13  REQUEST FOR PRODUCTION NO. 76:

14         All DOCUMENTS that constitute COMMUNICATIONS between YOU

15  (including YOUR agents and attorneys) and law enforcement authorities in Mexico,

16  Canada or the United States, including but not limited to the United States Attorney's

17  Office, the Department of Justice and any national, regional, state or local authorities,

18  that REFER OR RELATE to any of the allegations in MATTEL's COUNTERCLAIMS

19  or any other alleged taking of MATTEL confidential or trade secret information by

20  MGA or persons currently or formerly employed by MGA.

21

22  REQUEST FOR PRODUCTION NO. 77:

23         All DOCUMENTS that REFER OR RELATE TO COMMUNICATIONS

24  between YOU (including YOUR agents and attorneys) and law enforcement authorities

25  in Mexico, Canada or the United States, including but not limited to the United States

26  Attorney's Office, the Department of Justice and any national, regional, state or local

27  authorities, that REFER OR RELATE to any of the allegations in MATTEL's

28

COUNTERCLAIMS or any other alleged taking of MATTEL confidential or trade
secret information by MGA or persons currently or formerly employed by MGA.

REQUEST FOR PRODUCTION NO. 78:

All DOCUMENTS that YOU (including YOUR agents and attorneys)
provided to law enforcement authorities in Mexico, Canada, or the United States,
including but not limited to the United States Attorney's Office, the Department of
Justice and any national, regional, state or local authorities, that REFER OR RELATE
to any of the allegations in MATTEL'S COUNTERCLAIMS or any other alleged
taking of MATTEL confidential or trade secret information by MGA or persons
currently or formerly employed by MGA.

REQUEST FOR PRODUCTION NO. 79:

All DOCUMENTS that constitute COMMUNICATIONS between YOU
(including YOUR agents and attorneys) and law enforcement authorities in Mexico,
Canada or the United States, including but not limited to the United States Attorney's
Office, the Department of Justice and any national, regional, state or local authorities,
that REFER OR RELATE to Gustavo Machado.

REQUEST FOR PRODUCTION NO. 80:

All DOCUMENTS that REFER OR RELATE TO COMMUNICATIONS
between YOU (including YOUR agents and attorneys) and law enforcement authorities
in Mexico, Canada or the United States, including but not limited to the United States
Attorney's Office, the Department of Justice and any national, regional, state or local
authorities, that REFER OR RELATE to Gustavo Machado.

MATTEL'S MOTION TO COMPEL RE USE OF MATTEL TRADE SECRETS

1  REQUEST FOR PRODUCTION NO. 81:

2          All DOCUMENTS that constitute COMMUNICATIONS between YOU

3  (including YOUR agents and attorneys) and law enforcement authorities in Mexico,

4  Canada or the United States, including but not limited to the United States Attorney's

5  Office, the Department of Justice and any national, regional, state or local authorities,

6  that REFER OR RELATE to Jorge Castilla.

7

8  REQUEST FOR PRODUCTION NO. 82:

9          All DOCUMENTS that REFER OR RELATE TO COMMUNICATIONS

10 between YOU (including YOUR agents and attorneys) and law enforcement authorities

11 in Mexico, Canada or the United States, including but not limited to the United States

12 Attorney's Office, the Department of Justice and any national, regional, state or local

13 authorities, that REFER OR RELATE to Jorge Castilla.

14

15 REQUEST FOR PRODUCTION NO. 83:

16         All DOCUMENTS that constitute COMMUNICATIONS between YOU

17 (including YOUR agents and attorneys) and law enforcement authorities in Mexico,

18 Canada or the United States, including but not limited to the United States Attorney's

19 Office, the Department of Justice and any national, regional, state or local authorities,

20 that REFER OR RELATE to Janine Brisbois.

21

22 REQUEST FOR PRODUCTION NO. 84:

23         All DOCUMENTS that REFER OR RELATE TO COMMUNICATIONS

24 between YOU (including YOUR agents and attorneys) and law enforcement authorities

25 in Mexico, Canada or the United States, including but not limited to the United States

26 Attorney's Office, the Department of Justice and any national, regional, state or local

27 authorities, that REFER OR RELATE to Janine Brisbois.

28

REQUEST FOR PRODUCTION NO. 85:

All DOCUMENTS that constitute COMMUNICATIONS between YOU (including YOUR agents and attorneys) and law enforcement authorities in Mexico, Canada or the United States, including but not limited to the United States Attorney's Office, the Department of Justice and any national, regional, state or local authorities, that REFER OR RELATE to Ron Brawer.

REQUEST FOR PRODUCTION NO. 86:

All DOCUMENTS that REFER OR RELATE TO COMMUNICATIONS between YOU (including YOUR agents and attorneys) and law enforcement authorities in Mexico, Canada or the United States, including but not limited to the United States Attorney's Office, the Department of Justice and any national, regional, state or local authorities, that REFER OR RELATE to Ron Brawer.

REQUEST FOR PRODUCTION NO. 87:

All DOCUMENTS that constitute COMMUNICATIONS between YOU (including YOUR agents and attorneys) and law enforcement authorities in Mexico, Canada or the United States, including but not limited to the United States Attorney's Office, the Department of Justice and any national, regional, state or local authorities, that REFER OR RELATE to Daniel Cooney.

REQUEST FOR PRODUCTION NO. 88:

All DOCUMENTS that REFER OR RELATE TO COMMUNICATIONS between YOU (including YOUR agents and attorneys) and law enforcement authorities in Mexico, Canada or the United States, including but not limited to the United States Attorney's Office, the Department of Justice and any national, regional, state or local authorities, that REFER OR RELATE to Daniel Cooney.

REQUEST FOR PRODUCTION NO. 89:

All DOCUMENTS that constitute COMMUNICATIONS between YOU (including YOUR agents and attorneys) and law enforcement authorities in Mexico, Canada or the United States, including but not limited to the United States Attorney's Office, the Department of Justice and any national, regional, state or local authorities, that REFER OR RELATE to Nick Contreras.

REQUEST FOR PRODUCTION NO. 90:

All DOCUMENTS that REFER OR RELATE TO COMMUNICATIONS between YOU (including YOUR agents and attorneys) and law enforcement authorities in Mexico, Canada or the United States, including but not limited to the United States Attorney's Office, the Department of Justice and any national, regional, state or local authorities, that REFER OR RELATE to Nick Contreras.

REQUEST FOR PRODUCTION NO. 91:

All DOCUMENTS that constitute COMMUNICATIONS between YOU (including YOUR agents and attorneys) and law enforcement authorities in Mexico, Canada or the United States, including but not limited to the United States Attorney's Office, the Department of Justice and any national, regional, state or local authorities, that REFER OR RELATE to Isaac Larian from January 1, 2001 to the present.

REQUEST FOR PRODUCTION NO. 92:

All DOCUMENTS that REFER OR RELATE TO COMMUNICATIONS between YOU (including YOUR agents and attorneys) and law enforcement authorities in Mexico, Canada or the United States, including but not limited to the United States Attorney's Office, the Department of Justice and any national, regional, state or local authorities, that REFER OR RELATE to Isaac Larian from January 1, 2001 to the present.

1   REQUEST FOR PRODUCTION NO. 93:

2           All DOCUMENTS that constitute COMMUNICATIONS between YOU

3   (including YOUR agents and attorneys) and law enforcement authorities in Mexico,

4   Canada or the United States, including but not limited to the United States Attorney's

5   Office, the Department of Justice and any national, regional, state or local authorities,

6   that REFER OR RELATE to MGA from January 1, 2001 to the present.

7

8   REQUEST FOR PRODUCTION NO. 94:

9           All DOCUMENTS that REFER OR RELATE TO COMMUNICATIONS

10  between YOU (including YOUR agents and attorneys) and law enforcement authorities

11  in Mexico, Canada or the United States, including but not limited to the United States

12  Attorney's Office, the Department of Justice and any national, regional, state or local

13  authorities, that REFER OR RELATE to MGA from January 1, 2001 to the present.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MATTEL'S MOTION TO COMPEL RE USE OF MATTEL TRADE SECRETS