MELINDA HAAG (State Bar No. 132612)
mhaag@orrick.com
ANNETTE L. HURST (State Bar No. 148738)
ahurst@orrick.com
WARRINGTON S. PARKER III (State Bar No. 148003)
wparker@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105
Telephone:   415-773-5700
Facsimile:   415-773-5759

WILLIAM A. MOLINSKI (State Bar No. 145186)
wmolinski@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA  90017
Telephone:   213-629-2020
Facsimile:   213-612-2499

THOMAS S. MCCONVILLE (State Bar No. 155905)
tmcconville@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
4 Park Plaza, Suite 1600
Irvine, CA 92614-2258
Tel: (949) 567-6700/Fax: (949) 567-6710

Attorneys for MGA Parties

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | Case No. CV 04-9049 DOC (RNBx)<br><br>Consolidated with:<br>Case No. CV 04-9059<br>Case No. CV 05-2727<br><br>**Hon. David O. Carter**<br><br>**MGA PARTIES' OPPOSITION TO MATTEL, INC.'S OBJECTIONS TO PORTIONS OF DISCOVERY MATTER ORDER NO. 94**<br><br>**Phase 2**<br><br>Discovery Cut-off:  TBD<br>Pretrial Conference: TBD<br>Trial Date: TBD |

Mattel, Inc. ("Mattel") objects to portions of Discovery Matter Order No. 94, appealing the Discovery Master's finding that 33 documents were improperly withheld by Mattel as privileged or protected by the attorney work product doctrine (the "disputed documents") (Dkt. # 7796).  These 33 documents were brought to the Discovery Master's attention because MGA Parties ("MGA") asserted that Mattel's privilege log entries were insufficient to support Mattel's claim of privilege and/or work product.  Accordingly, the Discovery Master conducted an *in camera* review of the disputed documents.  After the *in camera* review and consideration of the arguments presented by the parties at the January 11, 2010 hearing, together with the correspondence, briefs, and other papers (including declarations) submitted by the parties, the Discovery Master ordered the 33 disputed documents produced in whole or in part (Dkt. # 7785 at 1, 12-14).

In support of its Objections to the production of the disputed documents, Mattel has now filed with the Court five new declarations that were not before the Discovery Master.  Mattel seeks the Court's consideration of these additional declarations, contending that they further support its claim of privilege and/or assertion of the work product doctrine.  Because Mattel continues to withhold the disputed documents from production, MGA cannot evaluate the merits of Mattel's claim that the supporting declarations justify its withholding.  Nonetheless, MGA's concern that Mattel's claims of privilege and/or attorney work product are unsupported remains.

On May 1, 2010, the Court, on its own Motion, ordered Mattel to produce for *in camera* review the 33 entries that are subject to Mattel's pending Objections to Discovery Matter Order No. 94 (Dkt # 7794).  The Court stated that it considers it necessary to review the documents at issue in order to resolve Mattel's Objections.  Accordingly, MGA understands that the Court has taken the issue of privilege under submission on its own Motion.  While MGA does not oppose the

Court's *in camera* review, MGA does raise two points in opposition to Mattel's claim of privilege as to the disputed documents.

First, MGA has serious concerns that Mattel is seeking improperly to withhold unprotected content. For example, Mattel submits the declaration of Richard De Anda, a former Mattel investigator, in support of its claim that nine emails and documents transmitted between Mr. De Anda and non-attorneys or third parties reflecting investigative assignments are privileged and/or protected by the work product doctrine. Though unable to review the underlying documents, MGA remains concerned that Mattel fails to produce documents reflecting underlying factual information, which could be disclosed in their entirety or with the judicious use of redactions of any privileged or work product aspects of the documents. *See, e.g., Upjohn Co. v. U.S.*, 449 U.S. 383 (1981) ("The privilege only protects disclosure of communications; it does not protect disclosure of the underlying facts by those who communicated with the attorney").

Second, MGA maintains its position that the information provided by Mattel to MGA on its privilege log and supporting documents is insufficient to support Mattel's claim of privilege as to the disputed documents.[1]

///
///
///

---

[1] This position is detailed in a letter brief submitted to the Discovery Master on January 20, 2010, which contains materials designated Attorneys Eyes Only. On May 3, 2010, Diane Hutnyan, counsel for Mattel, provided an *in camera* submission to the Court that included the privilege log entries corresponding to the disputed documents. The left-most column of the privilege log entries is entitled "Issues." This column was added by MGA in connection with the letter brief submitted to the Discovery Master. Along with the "Issues" column, MGA submitted a key to the letters reflected in that column (*e.g.*, A, B, C, etc.). Each letter corresponded to a deficiency with the privilege log entry. Because the Discovery Master already ruled that the entries would be reviewed *in camera*, and because the Court has stated its intent to review the disputed documents *in camera*, MGA does not consider it necessary to file the letter brief under seal at this time.

- 2 -

In light of the Court's order requesting submission of the disputed documents *in camera* and MGA's inability to review the disputed documents, MGA respectfully submits to the Court's determination whether the Discovery Master erred in ordering that the disputed documents are improperly withheld as privileged by Mattel and must be produced.

Dated:  May 7, 2010                    Respectfully submitted,

ORRICK, HERRINGTON & SUTCLIFFE LLP


By: _____*/s/ Diana M. Rutowski*_____
Diana M. Rutowski
Attorneys for MGA ENTERTAINMENT, INC., MGA ENTERTAINMENT HK, LTD., MGA de MEXICO, S.R.L. de C.V., and ISAAC LARIAN

OHS West:260908283

- 3 -

MGA'S OPPOSITION TO MATTEL'S OBJECTIONS TO PORTIONS OF ORDER NO. 94
CV-04-9049 DOC (RNBx)