QUINN EMANUEL URQUHART & SULLIVAN, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  michaelzeller@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:   (213) 443-3000
Facsimile:    (213) 443-3100

Attorneys for Mattel, Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation,<br><br>              Plaintiff,<br><br>       vs.<br><br>MGA ENTERTAINMENT, INC., a California corporation, et al.,<br><br>              Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 DOC (RNBx)<br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>DISCOVERY MATTER<br><br>Hon. David O. Carter<br><br>MATTEL, INC.'S MOTION TO COMPEL DOCUMENTS FROM MGAE DE MEXICO, S.R.L DE C.V. AND MGA ENTERTAINMENT, INC. AND<br><br>MEMORANDUM OF POINTS AND AUTHORITIES<br><br>Date:   TBD<br>Time:   TBD<br>Place:  Courtroom 9D<br><br>Phase 2<br>Discovery Cut-off:   TBD<br>Pre-trial Conference:   TBD<br>Trial Date:   TBD |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, on a date and at a time to be determined by the Court, before the Honorable David O. Carter, plaintiff Mattel, Inc. ("Mattel") will, and hereby does, move the Court, pursuant to <u>Federal Rules of Civil Procedure</u> 34 and 37:

(1) to compel MGAE de Mexico, S.R.L. de C.V. ("MGA Mexico") to produce all non-privileged documents in MGA Mexico's custody, possession or control responsive to Mattel's Request Nos. 19 and 20 of its First Set of Requests (Phase 1), Request Nos. 21 and 24 of its First Set of Requests (Phase 2), and Request Nos. 22 and 23 of its Second Set of Requests (Phase 2); and (2) to compel MGA Entertainment, Inc. ("MGA") to produce all non-privileged documents in MGA's custody, possession or control responsive to Mattel's Request Nos. 1-32, 36, 38-44, and 48-55 of its Seventh Set of Requests (Phase 2).

Mattel seeks this motion to compel on the grounds that the specific requests identified above seek relevant, discoverable information, regarding which MGA Mexico and MGA have no proper basis to withhold production.

This Motion is based on the accompanying Memorandum of Points and Authorities, the attached appendix containing the disputed RFPs, the records and files of this Court, and all other matters of which the Court may take judicial notice.

### <u>Rule 37-1 Certification</u>

On April 2, 2009, and times thereafter, Mattel attempted to resolve the matters herein with MGA Mexico and MGA, but no agreement was reached.

DATED:  May 7, 2010          QUINN EMANUEL URQUHART & SULLIVAN. LLP


By  /s/ Michael T. Zeller
    Michael T. Zeller
    Attorneys for Mattel. Inc.

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................................ 1

STATEMENT OF FACTS .................................................................................... 2

ARGUMENT ...................................................................................................... 4

I.   **MGA MEXICO SHOULD BE ORDERED TO PRODUCE DOCUMENTS RESPONSIVE TO MATTEL'S TRAVEL AND TRANSFER REQUESTS** ................................................................ 4

   A.   **The Travel and Transfer Requests Seek Relevant Information.** ................................................................ 4

   B.   **MGA's Other Boilerplate Objections Fail.** ........................... 6

II.  **MGA SHOULD BE ORDERED TO PRODUCE DOCUMENTS RESPONSIVE TO THE SEVENTH SET OF REQUESTS (PHASE 2)** ............................................................................................. 7

   A.   **MGA Has Not Produced The Documents It Promised.** ........... 7

   B.   **MGA's Specific Objections Fail.** ......................................... 8

CONCLUSION ................................................................................................. 11

1

## <u>TABLE OF AUTHORITIES</u>

2

<u>Page</u>

3

### <u>Cases</u>

4

<u>Diamond State Ins. Co. v. Rebel Oil Co., Inc.</u>,
5
 157 F.R.D. 691 (D. Nev. 1994) ................................................................. 6

6
<u>Keith H. v. Long Beach Unified Sch. Dist.</u>,
 228 F.R.D. 652 (C.D. Cal. 2005) ............................................................... 7
7

8
<u>Lamoureux v. Genesis  Pharmacy Servs., Inc.</u>,
 226 F.R.D. 154 (D. Conn. 2004) ............................................................... 7
9

<u>Musick v. Burke</u>,
10
 913 F.2d 1390 (9th Cir. 1990) ................................................................. 4

11

12
<u>In re PE Corp. Sec. Litig.</u>,
 221 F.R.D. 20 (D. Conn. 2003) ................................................................. 6

13
<u>Putnam v. Eli Lilly and Co.</u>,
14
 508 F. Supp. 2d 812 (C.D. Cal. 2007) ...................................................... 7

15
<u>Streck, Inc. v. Research & Diagnostic Sys., Inc.</u>,
16
 250 F.R.D. 426 (D. Neb. 2008) ................................................................ 7

17
<u>United States v. Paccione</u>,
 749 F. Supp. 478 (S.D.N.Y. 1990) ........................................................... 5
18

19
<u>United States v. Rone</u>,
 598 F.2d 564 (9th Cir. 1979) .................................................................... 4
20

21
<u>United States v. Watchmaker</u>,
 761 F.2d 1459 (11th Cir. 1985) ................................................................ 5

22

23

### <u>Statutes</u>

24

18 U.S.C. § 1962(c) ......................................................................................... 4

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

### Preliminary Statement

On the eve of threatened motions for summary judgment, MGA continues to withhold relevant documents. Mattel has propounded six requests for production of documents and things to MGAE de Mexico, S.R.L. de C.V., seeking documents regarding (1) the international travel of Machado, Trueba and Vargas, and (2) Machado's transfer to the MGA office in Van Nuys, California ("travel and transfer requests"). MGA Mexico has refused to produce responsive documents. These travel and transfer requests are relevant to Mattel's RICO claims, especially to show that interstate or foreign commerce was involved, and the theft of Mattel's trade secrets by Machado, Trueba, and Vargas. The Court should compel MGA Mexico to produce documents responsive to these six requests.

MGA has also refused to produced documents responsive to Mattel's Seventh Set of Requests (Phase 2), including communications sent to or received by MGA Mexico; communications between MGA and Machado, Trueba, or Vargas; evidence of international travel by Machado, Trueba, and Vargas; MGA's security logs and security-related audio-visual files; storage devices used by Machado, Trueba, and Vargas; MGA Mexico's deals with retailers; and documents related to MGA Mexico's termination of Machado, Trueba, and Vargas. MGA *agreed* to produce *some* documents responsive to Mattel's Seventh Set of RFPs,[1] but it has not produced those documents and has not committed to a date by which it will do so. The Court should order MGA to produce these promised documents immediately.

MGA has objected to the production of documents responsive to Request Nos. 5, 17-19, 22-26, 32, 38-44, and 48-53 in Mattel's Seventh Set of RFPs, relying on a series of unsupported objections. For the reasons explained below, the Court should overrule MGA's meritless objections and issue an order compelling production.

---

[1]   In particular, MGA agreed to produce documents responsive to Request Nos. 1-4, 6-16, 20, 21, 27-31, 36, 54, and 55.

**Statement of Facts**

**Mattel's First Set of Requests to MGA Mexico (Phase 1).**  Request No. 19 in Mattel's First Set of RFPs to MGA Mexico sought "ALL DOCUMENTS that REFER OR RELATE TO MACHADO's transfer to the MGA office in Van Nuys, California." Request No. 20 sought "ALL DOCUMENTS that REFER OR RELATE TO travel to Los Angeles, California by any of the FORMER MATTEL EMPLOYEES between January 1, 2004 and April 20, 2004."  Rather than produce documents in response to these two requests, MGA Mexico served boilerplate objections.  Mattel contacted MGA Mexico and requested that it produce the withheld documents, including Request Nos. 19 and 20.[2]  In response, MGA Mexico claimed that the "MGA Parties" had already produced documents responsive to Mattel's requests.[3]  Mattel pointed out that it has not received *any* documents from MGA Mexico,[4] but MGA Mexico still refused to make a further production.[5]

Mattel then requested that MGA Mexico stipulate that the documents produced by other MGA parties be deemed to have been in MGA Mexico's possession, custody or control.[6]  MGA Mexico rejected any such stipulation.[7]  Because MGA Mexico stated that it might provide further responses if Mattel would provide it with a list of requests for which MGA Mexico had refused to produce documents, Mattel prepared a list even though such information was readily accessible to MGA Mexico.[8]  MGA Mexico, however, failed to respond.

**Mattel's First Set of Requests to MGA Mexico (Phase 2).**  On April 16, 2009, Mattel served its First Set of Requests to MGA Mexico (Phase 2).  Request No.

---

[2]  Letter from Marshall Searcy to Amman Khan, dated April 2, 2009, at 1.
[3]  Letter from Amman Khan to Marshall Searcy, dated April 9, 2009, at 4.
[4]  Letter from Marshall Searcy to Amman Khan, dated April 10, 2009, at 2.
[5]  Letter from Amman Khan to Marshall Searcy, dated April 14, 2009, at 1.
[6]  Letter from Marshall Searcy to Amman Khan, dated April 23, 2009, at 1.
[7]  Id.
[8]  Id. at 2.

21 sought "ALL DOCUMENTS REFERRING OR RELATING TO any travel to the United States by VARGAS or TRUEBA, and the reasons therefor, on or after March 1, 2007." Request No. 24 sought "ALL DOCUMENTS REFERRED OR RELATING TO any business travel by VARGAS or TRUEBA on YOUR behalf, and the reasons therefor, on or after March 1, 2007." Rather than respond to these two requests, MGA Mexico served boilerplate objections. Mattel notified defendants of the inadequacy of MGA Mexico's responses.[9]  Although MGA Mexico did agree to produce certain documents,[10] it refused to produce documents responsive to Request Nos. 21 and 24.[11]

**Mattel's Second Set of Requests to MGA Mexico (Phase 2).**  On December 24, 2009, Mattel served its Second Set of Requests to MGA Mexico (Phase 2). Request No. 22 sought "ALL DOCUMENTS REFERRING OR RELATING TO any travel by MACHADO, VARGAS, or TRUEBA to any country other than Mexico." Request No. 23 sought "ALL DOCUMENT REFERRING OR RELATING TO any travel by MACHADO, VARGAS, or TRUEBA to the United States, including but not limited to travel to Los Angeles, or Van Nuys, CA."  Again, MGA Mexico served boilerplate objections.

**Mattel's Seventh Set of Requests to MGA (Phase 2).**  On December 24, 2009, Mattel served its Seventh Set of Requests to MGA (Phase 2).  On January 26, 2010, MGA served its responses and agreed to produce non-privileged documents responsive to Request Nos. 1-4, 6, 8-13, 20, 21, and 27-31.  It refused to produce any documents responsive to the remaining requests.

---

[9]  Letter from Marshall Searcy to Amman Khan, dated June 18, 2009, at 2.
[10]  Letter from Amman Khan to Marshall Searcy, dated June 25, 209, at 1.
[11]  On July 15, 2009, Mattel filed two separate motions to compel production of documents responsive to Mattel's First Set of Requests (Phase 1) and its First Set of Requests (Phase 2). See Docket Nos. 5971, 5982.  On August 26, 2009, the Discovery Master denied Mattel's motions without prejudice with regard to Request Nos. 19 and 20 of the First Set of Requests (Phase 1) and Request Nos. 21 and 24 of the First Set of Requests (Phase 2). See Docket No. 6437.  The Discovery Master ordered the parties to meet and confer in person.  No resolution has been reached.

On March 26, 2010, MGA agreed to produce documents responsive to Request Nos. 7, 14-16, 36, 54, and 55, in addition to the documents mentioned in the preceding paragraph.[12] MGA reasserted boilerplate objections for the remainder of the requests.[13] MGA did not provide a date by which it would produce the documents it promised.

## Argument

### I. MGA MEXICO SHOULD BE ORDERED TO PRODUCE DOCUMENTS RESPONSIVE TO MATTEL'S TRAVEL AND TRANSFER REQUESTS

#### A. The Travel and Transfer Requests Seek Relevant Information.

The travel and transfer requests are relevant to Mattel's RICO claims. "To prevail on a claim under [RICO], plaintiffs must demonstrate that the enterprise which is involved in or benefits from the racketeering activity is one engaged in, or having an effect on, interstate commerce." Musick v. Burke, 913 F.2d 1390, 1398 (9th Cir. 1990). "The statute requires that the activity of the [e]nterprise, not each predicate act of racketeering, have an effect on interstate commerce," and there must be "a nexus of the enterprise to interstate or foreign commerce." United States v. Rone, 598 F.2d 564, 573 (9th Cir. 1979). Mattel is entitled to discovery regarding whether the alleged enterprise "is one engaged in, or having an effect on," interstate or foreign commerce. 18 U.S.C. § 1962(c); Musick, 913 F.2d at 1398.

Since Mattel alleges that Machado is associated-in-fact with the enterprise,[14] his transfer between countries and his international travel in furtherance of the enterprise's unlawful actions is relevant to Mattel's RICO claims. See Musick, 913 F.3d at 1398 ("This nexus may be 'minimal,' but constitutes part of *plaintiffs' burden* to prevail in this action. Specifically, the effect on commerce must be shown.")

---

[12] Letter from William Molinski to B. Dylan Proctor, dated March 26, 2010, at 5-8.

[13] Id.

[14] Mattel's Fourth Amended Answer and Counterclaims, ¶ 123.

(internal citation omitted) (emphasis supplied). Similarly, Mattel is entitled to discovery regarding whether Machado's transfer or the international travel of Machado, Trueba, and Vargas facilitated the theft of Mattel's trade secrets and furthered the objectives of the RICO enterprise. Other courts have recognized that evidence of interstate or foreign travel is relevant to establishing a RICO claim. See United States v. Watchmaker, 761 F.2d 1459, 1468 n. 4 (11th Cir. 1985); United States v. Paccione, 749 F. Supp. 478, 484 (S.D.N.Y. 1990).

The six travel and transfer requests are also relevant to Mattel's claims for misappropriation of trade secrets, breach of contract, breach of fiduciary duty, breach of the duty of loyalty, conversion, and RICO predicate offenses. Indeed, Mattel specifically alleges in its Fourth Amended Answer and Counterclaims ("FAAC") that Machado, Trueba, and Vargas engaged in interstate and foreign travel in furtherance of their effort to steal Mattel's trade secrets and to participate in the ongoing RICO conspiracy.[15] The Court should reject MGA Mexico's baseless position that the travel and transfer requests are not relevant to any issues raised in this litigation.

Request Nos. 21 and 24 of the First Set of Requests (Phase 2) seek documents related to Vargas' or Trueba's travel on or after March 1, 2007. MGA Mexico objects to these two requests as overly broad and unduly burdensome on the grounds that the post-March 1, 2007 time period is beyond the scope of Mattel's operative pleading and is irrelevant to this action. MGA Mexico's objection is refuted by the plain language of Mattel's FAAC, which repeatedly alleges that MGA and MGA Mexico are engaged in ongoing misconduct.[16]

---

[15] Mattel's Fourth Amended Answer and Counterclaims, ¶ 43 (alleging that Machado met Larian in New York during February 2004); Id. at ¶ 52 (alleging that Machado, Trueba, and Vargas simultaneously resigned and traveled from Mexico to Los Angeles to meet with MGA personnel, including Larian); Id. at ¶ 56 (alleging that Larian promoted Machado and transferred him from Mexico to MGA's main office in Van Nuys, California).

[16] Mattel's Fourth Amended Answer and Counterclaims, ¶¶ 123, 129.

Mattel's requests are directly relevant to establish that Vargas and Trueba have used and continue to use their positions to exploit Mattel's trade secrets up to and through the present, as alleged in Mattel's counterclaims.  The Discovery Master has previously rejected a virtually identical time frame objection by MGA.[17]  "[T]he post-March 1, 2007 time period" is directly relevant to the issues in this case.  MGA Mexico's objection should therefore be rejected.

## B. MGA's Other Boilerplate Objections Fail.

The travel and transfer requests are not overbroad or unduly burdensome because Mattel has requested the production of six discrete categories of travel and transfer documents that are in the possession, custody or control of MGA Mexico.  There is nothing ambiguous about Mattel's requests for documents that relate to Machado's transfer to the MGA office in Van Nuys, California, or that relate to any travel by Machado, Trueba, or Vargas to any country other than Mexico.

The travel and transfer requests also are not duplicative, and MGA Mexico has failed to substantiate any claim that they are.  MGA Mexico has made no showing that all or any relevant documents it possesses have already been produced to Mattel.  Nor is there a rule that prevents a party from seeking purportedly duplicative discovery from different defendants.  To the contrary, multiple requests are essential to developing a full record, especially where, as here, the defendants claim to be distinct entities.  Different entities have different policies about document retention.  See, e.g., Diamond State Ins. Co. v. Rebel Oil Co., Inc., 157 F.R.D. 691, 697 (D. Nev. 1994) (recognizing that although the requests were "duplicative in part," they were "directed toward two separate business entities, and the documents "actually maintained in the files of each entity may not be identical").  While serving defendants "with identical document requests may result in duplication, such action would ensure discovery of all facts necessary to unearth the truth." In re PE Corp. Sec. Litig., 221 F.R.D. 20, 28

---

[17]   Phase 2 Discovery Matter Order No. 22, dated April 28, 2009, at 34-35. Docket No. 5279.

1  (D. Conn. 2003).   Furthermore, MGA Mexico's own possession of documents
2  responsive to the travel and transfer requests is itself a salient fact.

3      Finally, the Protective Order in this action defeats MGA Mexico's professed
4  concerns about confidentiality.[18]  Indeed, the Court, the current Discovery Master, and
5  the former Discovery Master have all ruled that the Protective Order is sufficient to
6  address these confidentiality concerns.[19]

7  **II.   MGA SHOULD BE ORDERED TO PRODUCE DOCUMENTS**
8  **RESPONSIVE TO THE SEVENTH SET OF REQUESTS (PHASE 2)**

9      **A.   MGA Has Not Produced The Documents It Promised.**

10      MGA has agreed to produce documents responsive to Request Nos. 1-4, 6-16,
11  20, 21, 27-31, 36, 54, and 55 in Mattel's Seventh Set of RFPs.  Despite these promises,
12  MGA has never committed to a date certain for its compliance and has not actually
13  produced responsive documents.  Merely agreeing to produce documents does not
14  render a motion to compel and an order compelling production unnecessary.  "Either
15  information has been disclosed or it has not been disclosed.  If it has not been
16  disclosed, then, plainly, it remains to be compelled."   Lamoureux v. Genesis
17  Pharmacy Servs., Inc., 226 F.R.D. 154, 159 (D. Conn. 2004); Streck, Inc. v. Research
18  & Diagnostic Sys., Inc., 250 F.R.D. 426, 435 (D. Neb. 2008) (granting motion to
19  compel plaintiff's requests for documents within twenty days where "defendants ha[d]
20  agreed to the production, but later refused" to comply).

21      At this point, Mattel is entitled to a date certain by which MGA will produce.
22  MGA has had ample time in which it could have collected documents for production

23  _____

24  [18]   See, e.g., Putnam v. Eli Lilly and Co., 508 F. Supp. 2d 812, 814 (C.D. Cal.
2007) (protective order "can strike the appropriate balance between the need for the
25  information and the privacy concerns" of the party opposing production of
information); Keith H. v. Long Beach Unified Sch. Dist., 228 F.R.D. 652, 658 (C.D.
26  Cal. 2005) (compelling production of student records because slight redactions and a
protective order would "minimize any invasion of the students' privacy rights").
27  [19]   See July 2, 2007 Order, at 3.  Docket No. 608.  Phase 2 Discovery Matter
28  Order No. 6, dated March 13, 2009, at 7.  Docket No. 5018.

pursuant to its agreement to respond.  MGA should be compelled to produce documents responsive to all of Mattel's requests, both where it expressly refuses and where it nominally has agreed to comply but has not done so.

### B.     MGA's Specific Objections Fail.

MGA has objected to the production of documents responsive to Request Nos. 5, 17-19, 22-26, 32, 38-44, and 48-53 in Mattel's Seventh Set of RFPs.

MGA objects to Request No. 5 as unduly burdensome because it seeks all communications sent or received from MGA Mexico on October 26, 27, or 28, 2005.[20] This short, three-day period includes the day that MGA Mexico's offices were raided by Mexican police searching for Mattel's stolen trade secrets, and the days immediately before and after.  In order to alleviate any burden, Mattel agrees to limit the scope of this request to communications that refer or relate to the search by Mexican law enforcement or refer or relate to Mattel.  Communications inside MGA Mexico and with MGA in the United States may reveal details about the scope of MGA's theft, potentially including evidence of additional thefts not discovered by Mexican law enforcement.  Gathering and producing communications over this extremely important time period should not be unduly burdensome, given the date and subject matter restrictions.

Request Nos. 17-19 and 40-42 seek all email communications sent to or received from Machado, Trueba, and Vargas between January 1, 2004 and December 31, 2004, and all communications between these individuals and MGA during that same time period.  MGA initially offered to provide emails for these individuals from May 2004 through November 2004, but it later retracted that offer.[21]  This is a critical time period when Machado, Trueba, and Vargas left Mattel to join MGA Mexico and

---

[20]   Letter from William Molinski to B. Dylan Proctor, dated March 26, 2010, at 5.

[21]   Id. at 6.

exploited Mattel's trade secrets in order to increase MGA Mexico's market share.  The Court should order MGA to produce these highly relevant documents.

Request Nos. 22-26 relate to travel by Machado, Trueba, and Vargas and are identical to the travel requests propounded to MGA Mexico.  These documents should be produced by MGA for the reasons previously discussed.  MGA's argument that the requests are overbroad because they might reference a "personal or family vacation" is meritless because Machado, Trueba, and Vargas could have misappropriated Mattel's trade secrets or otherwise participated in the RICO conspiracy during their supposedly "personal" travel.[22]  Any lingering privacy or confidentiality concerns are alleviated by the Protective Order.  MGA's offer to limit the scope of these requests to before April 2004, when they were hired by MGA, is insufficient because Mattel alleges that their misconduct was ongoing.[23]

Request No. 32 seeks all documents referring or relating to a meeting between Machado, Trueba, Vargas, Larian, Kuemmerle, and Park in Mexico City during March 2004.  MGA claims it produced all responsive documents, but it has not served supplemental responses clarifying what it has and has not produced.[24]  These documents should accordingly be compelled.

Request No. 38 seeks the production of all calendars used by Larian during March 2004.  MGA offered to produce a redacted version of Larian's calendar limited to the participants of the March 2004 meeting.[25]  The Court has ordered the production of calendars before,[26] and the calendar for this one critical month clearly is relevant and should be produced in its entirety.

---

[22]  Id.

[23]  Id.

[24]  Id.

[25]  Id.

[26]  See Order Granting Mattel's Motion to Compel Production of Documents and Interrogatory Responses by MGA, dated May 15, 2007, at 14.

Request No. 39 seeks communications between MGA and Mary Carmen Mendez.  Mendez is a former Mattel employee who was involved in setting up and staffing MGA Mexico and who appears on many of the "plot04" emails between Larian and Machado, Trueba, and Vargas.  Mattel also suspects that Mendez assisted MGA Mexico in obtaining office space before and after her resignation from Mattel.  MGA's refusal to produce these relevant communications is unjustified.[27]

Request Nos. 43, 44, and 48 seek transmittal letters showing when MGA sent MGA's counsel the Mattel trade secrets that MGA has produced in this case.  MGA initially indicated during a telephonic conference that while MGA had conducted a search for such documents, it had not sought such documents from MGA's prior counsel (who is the most likely recipient of the transmittals), and MGA agreed to follow up on that issue.[28]  However, during the most recent call, MGA refused to state whether it had checked with prior counsel, even though any such documents clearly would be in MGA's possession, custody or control.  Thus, MGA is refusing to make any meaningful attempts to locate these documents.

Request Nos. 49-53 seek documents necessary to show use of misappropriated Mattel trade secrets.  Request No. 49 seeks documents sufficient to identify the terms upon which MGA Mexico sold any products to any retailer between January 1, 2004 and December 31, 2005.  Request No. 50 seeks trade terms established between MGA Mexico and any retailer during that period.  Request No. 51 seeks all contracts.  Request No. 52 seeks all purchasing requests, orders, invoices, or other documents relating to the purchase of any products.  Request No. 53 seeks all communications between MGA Mexico and the retailers.  Mattel's FAAC alleges that Machado, Trueba, and Vargas stole trade secrets that gave Mattel "a significant competitive

---

[27]  Letter from William Molinski to B. Dylan Proctor, dated March 26, 2010, at 7.

[28]  Id.

1  advantage"[29] over MGA Mexico and which "derive independent economic value from

2  not being generally known to the public."[30]  These trade secrets include but are not

3  limited to advertising plans for BARBIE, which were stolen by Trueba, and the three-

4  year business strategy for Mattel Mexico, which was stolen by Machado and Vargas.[31]

5  They also include production and shipping costs, sales data, customer data, budgets,

6  customer discounts and terms of sale, customer inventory level data, and retail pricing

7  and marketing strategy.[32]  "Armed with Mattel's confidential business plans and

8  methods, MGA increased its market share in Mexico by 90% in a single year."[33]

9  Mattel is entitled to discovery regarding how MGA Mexico exploited these trade

10 secrets in its contracts, communications and course of dealing with Mexican retailers.

11 These requests are clearly relevant, and MGA should be compelled to produce

12 responsive documents.

### Conclusion

14      The Court should compel MGA Mexico to produce all non-privileged

15 documents in MGA Mexico's custody, possession or control responsive to Mattel's

16 Request Nos. 19 and 20 of its First Set of Requests (Phase 1), Request Nos. 21 and 24

17 of its First Set of Requests (Phase 2), and Request Nos. 22 and 23 of its Second Set of

18 Requests (Phase 2).  Furthermore, the Court should compel MGA to produce all non-

19 privileged documents in MGA's custody, possession or control responsive to Mattel's

20 Request Mattel's Request Nos. 1-32, 36, 38-44, and 48-55 of its Seventh Set of

21 Requests (Phase 2).

---

[29]  Mattel's Fourth Amended Answer and Counterclaims, ¶ 134.
[30]  Id. at ¶ 136.
[31]  Id. at ¶ 48.
[32]  Id. at ¶ 49.
[33]  Id. at ¶ 3.

1   DATED:  May 7, 2010                QUINN EMANUEL URQUHART &
                                        SULLIVAN, LLP
2

3
                                        By /s/ Michael T. Zeller
4                                          Michael T. Zeller
                                           Attorneys for Mattel, Inc.
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

00505.07975/3488750.1

MATTEL'S MOTION TO COMPEL RFP REPONSES FROM MGA MEXICO AND MGA

## Appendix A

Request Nos. 19 and 20 in Mattel's First Set of Requests for Production to MGA Mexico (Phase 1), dated November 21, 2007:

REQUEST FOR PRODUCTION NO. 19:

All DOCUMENTS that REFER OR RELATE TO MACHADO's transfer to the MGA office in Van Nuys, California.

REQUEST FOR PRODUCTION NO. 20:

All DOCUMENTS that REFER OR RELATE TO travel to Los Angeles, California by any of the FORMER MATTEL EMPLOYEES between January 1, 2004 and April 20, 2004.

**Appendix B**

Request Nos. 21 and 24 in Mattel's First Set of Requests for Production to MGA Mexico (Phase 2), dated April 16, 2009:

REQUEST FOR PRODUCTION NO. 21:

All DOCUMENTS REFERRING OR RELATING TO any travel to the United States by VARGAS or TRUEBA, and the reasons therefor, on or after March 1, 2007.

REQUEST FOR PRODUCTION NO. 24:

All DOCUMENTS REFERRING OR RELATING TO any business travel by VARGAS or TRUEBA on YOUR behalf, and the reasons therefor, on or after March 1, 2007.

**Appendix C**

Request Nos. 22 and 23 in Mattel's Second Set of Requests for Production to MGA Mexico (Phase 2), dated December 24, 2009:

REQUEST FOR PRODUCTION NO. 22:

        All DOCUMENTS REFERRING OR RELATING TO any travel by MACHADO, VARGAS, or TRUEBA to any country other than Mexico.

REQUEST FOR PRODUCTION NO. 23:

        All DOCUMENTS REFERRING OR RELATING TO any travel by MACHADO, VARGAS, or TRUEBA to the United States, including but not limited to travel to Los Angeles or Van Nuys, CA.

**Appendix D**

Request Nos. 1-32, 36, 38-44, and 48-55 in Mattel's Seventh Set of Requests for Production to MGA (Phase 2), dated December 24, 2009:

REQUEST FOR PRODUCTION NO. 1:

The search warrant issued by Mexican authorities RELATING TO the search of MGA MEXICO's offices on October 27, 2005.

REQUEST FOR PRODUCTION NO. 2:

Any DOCUMENTS provided to YOU by Mexican authorities RELATING TO the search of MGA MEXICO's offices on October 27, 2005, including but not limited to any receipt, inventory, or other record of the removal of materials from the offices of MGA MEXICO on that date.

REQUEST FOR PRODUCTION NO. 3:

Any listing, inventory, report, register, or other DOCUMENT prepared by YOU that REFERS OR RELATES TO the identity of the DOCUMENTS  taken from the offices of MGA MEXICO by Mexican authorities on October 27, 2005.

REQUEST FOR PRODUCTION NO. 4:

All COMMUNICATIONS REFERRING OR RELATING TO the search of MGA MEXICO's offices by Mexican authorities on October 27, 2005.

REQUEST FOR PRODUCTION NO. 5:

All COMMUNICATIONS sent or received from MGA MEXICO on October 26, 27, or 28, 2005.

1   REQUEST FOR PRODUCTION NO. 6:

2           All records of phone calls made to or from the offices of MGA

3   MEXICO on October 27, 2005, including but not limited to phone bills, call

4   registers, records or reports.

5

6   REQUEST FOR PRODUCTION NO. 7:

7           All records of phone calls made to or from Susana Kuemmerle on

8   October 27, 2005, including but not limited to phone bills, call registers, records or

9   reports.

10

11  REQUEST FOR PRODUCTION NO. 8:

12          DOCUMENTS sufficient to identify the date upon which MACHADO

13  was first issued a computer or any STORAGE DEVICE by YOU.

14

15  REQUEST FOR PRODUCTION NO. 9:

16          DOCUMENTS sufficient to identify the date upon which MACHADO

17  was first issued an email address by YOU.

18

19  REQUEST FOR PRODUCTION NO. 10:

20          DOCUMENTS sufficient to identify the date upon which TRUEBA

21  was first issued a computer or any STORAGE DEVICE by YOU.

22

23  REQUEST FOR PRODUCTION NO. 11:

24          DOCUMENTS sufficient to identify the date upon which TRUEBA

25  was first issued an email address by YOU.

26

27

28

1  REQUEST FOR PRODUCTION NO. 12:

2        DOCUMENTS sufficient to identify the date upon which VARGAS

3  was first issued a computer or any STORAGE DEVICE by YOU.

4

5  REQUEST FOR PRODUCTION NO. 13:

6        DOCUMENTS sufficient to identify the date upon which VARGAS

7  was first issued an email address by YOU.

8

9  REQUEST FOR PRODUCTION NO. 14:

10        DOCUMENTS sufficient to identify all email addresses used by

11  MACHADO between January 1, 2004 and December 31, 2004.

12

13  REQUEST FOR PRODUCTION NO. 15:

14        DOCUMENTS sufficient to identify all email addresses used by

15  TRUEBA between January 1, 2004 and December 31, 2004.

16

17  REQUEST FOR PRODUCTION NO. 16:

18        DOCUMENTS sufficient to identify all email addresses used by

19  VARGAS between January 1, 2004 and December 31, 2004.

20

21  REQUEST FOR PRODUCTION NO. 17:

22        All email COMMUNICATIONS sent to or received from MACHADO

23  between January 1, 2004 and December 31, 2004.

24

25  REQUEST FOR PRODUCTION NO. 18:

26        All email COMMUNICATIONS sent to or received from TRUEBA

27  between January 1, 2004 and December 31, 2004.

28

1  REQUEST FOR PRODUCTION NO. 19:

2  All email COMMUNICATIONS sent to or received from VARGAS

3  between January 1, 2004 and December 31, 2004.

4

5  REQUEST FOR PRODUCTION NO. 20:

6  DOCUMENTS sufficient to identify the SOURCE of the files

7  contained on the compact disc produced at MGA 3815506.

8

9  REQUEST FOR PRODUCTION NO. 21:

10  DOCUMENTS sufficient to identify all locations on YOUR computer

11  network on which the file titled mex1.ppt, as contained on the compact disc

12  produced at MGA 3815506, was stored.

13

14  REQUEST FOR PRODUCTION NO. 22:

15  All DOCUMENTS REFERRING OR RELATING TO any travel by

16  MACHADO, VARGAS, or TRUEBA to any country other than Mexico.

17

18  REQUEST FOR PRODUCTION NO. 23:

19  All DOCUMENTS REFERRING OR RELATING TO any travel by

20  MACHADO, VARGAS, or TRUEBA to the United States, including but not limited

21  to travel to Los Angeles or Van Nuys, CA.

22

23  REQUEST FOR PRODUCTION NO. 24:

24  All passports issued to MACHADO by the government of any country.

25

26  REQUEST FOR PRODUCTION NO. 25:

27  All passports issued to TRUEBA by the government of any country.

28

REQUEST FOR PRODUCTION NO. 26:

All passports issued to VARGAS by the government of any country.

REQUEST FOR PRODUCTION NO. 27:

All expense reports received by YOU from MACHADO for the time period beginning January 1, 2004, and ending December 31, 2005.

REQUEST FOR PRODUCTION NO. 28:

All expense reports received by YOU from TRUEBA for the time period beginning January 1, 2004, and ending December 31, 2005.

REQUEST FOR PRODUCTION NO. 29:

All expense reports received by YOU from VARGAS for the time period beginning January 1, 2004, and ending December 31, 2005.

REQUEST FOR PRODUCTION NO. 30:

DOCUMENTS sufficient to identify all PERSONS who entered or exited the offices of MGA MEXICO on January 3, 2005.

REQUEST FOR PRODUCTION NO. 31:

All résumés, curricula vitae, or other summaries of work history and experience presented by MACHADO, TRUEBA and/or VARGAS to Isaac Larian, Susana Kuemmerle, and/or Thomas Park during the meeting held in Mexico City in March of 2004.

REQUEST FOR PRODUCTION NO. 32:

All DOCUMENTS REFERRING OR RELATING TO the meeting between MACHADO, TRUEBA, VARGAS, Isaac Larian, Susana Kuemmerle, and/or Thomas Park held in Mexico City in March of 2004.

REQUEST FOR PRODUCTION NO. 36:

All security logs, check-in and/or check-out forms, or other DOCUMENTS listing individuals who have entered or exited MGA's offices in Van Nuys, CA, REFERRING OR RELATING TO MACHADO, VARGAS, or TRUEBA, between January 1, 2004 and December 31, 2005.

REQUEST FOR PRODUCTION NO. 38:

All calendars used by Isaac Larian for the month of March 2004.

REQUEST FOR PRODUCTION NO. 39:

All COMMUNICATIONS between YOU and Mary Carmen Mendez, dated January 1, 2004 and December 31, 2004.  For purposes of this Request, "YOU" does not include Mary Carmen Mendez.

REQUEST FOR PRODUCTION NO. 40:

All COMMUNICATIONS between YOU and MACHADO, between January 1, 2004 and December 31, 2004.  For purposes of this Request, "YOU" does not include MACHADO.

REQUEST FOR PRODUCTION NO. 41:

All COMMUNICATIONS between YOU and TRUEBA, between January 1, 2004 and December 31, 2004.  For purposes of this Request, "YOU" does not include TRUEBA.

1  REQUEST FOR PRODUCTION NO. 42:

2          All COMMUNICATIONS between YOU and VARGAS, between

3  January 1, 2004 and December 31, 2004.  For purposes of this Request, "YOU"

4  does not include VARGAS.

5

6  REQUEST FOR PRODUCTION NO. 43:

7          All DOCUMENTS REFERRING OR RELATING TO the first

8  transmission of the MGA PRODUCED MATTEL DOCUMENTS to counsel in the

9  United States, including but not limited to DOCUMENTS showing the date thereof.

10

11  REQUEST FOR PRODUCTION NO. 44:

12          All DOCUMENTS REFERRING OR RELATING TO the first

13  transmission to counsel in the United States of any copy of any DOCUMENTS

14  collected by Mexican authorities during their search of the offices of MGA

15  MEXICO on October 27, 2005, including but not limited to the date thereof.

16

17  REQUEST FOR PRODUCTION NO. 48:

18          All COMMUNICATIONS regarding the identity, location,

19  transmission or receipt of the materials that Ms. Kuemmerle testified she sent

20  counsel at lines 129:22-132:22 of her deposition dated January 28, 2008, and at lines

21  274:2-275:11 of the 30(b)(6) deposition of MGAE de Mexico, S.R.L. de C.V., dated

22  December 7, 2009, including but not limited to COMMUNICATIONS with counsel.

23

24

25

26

27

28

1  REQUEST FOR PRODUCTION NO. 49:

2      DOCUMENTS sufficient to identify the terms upon which MGA

3  MEXICO sold any products to any RETAILER between January 1, 2004 and

4  December 31, 2005, including but not limited to price, quantity, delivery date, any

5  applicable discounts, and any other elements of any agreement by which MGA

6  MEXICO sold products to such RETAILERS.

7

8  REQUEST FOR PRODUCTION NO. 50:

9      All DOCUMENTS REFERRING OR RELATING TO trade terms

10  established between MGA MEXICO and any RETAILER between January 1, 2004

11  and December 31, 2005, including but not limited to price, quantity, delivery date,

12  any applicable discounts, and any other elements of any agreement by which MGA

13  MEXICO sold products to such RETAILERS.

14

15  REQUEST FOR PRODUCTION NO. 51:

16      All contracts or agreements between MGA MEXICO and any

17  RETAILER entered into or dated between January 1, 2004 and December 31, 2005.

18

19  REQUEST FOR PRODUCTION NO. 52:

20      All purchasing requests, orders, invoices, or other DOCUMENTS

21  RELATING TO the purchase of any products from MGA MEXICO by any

22  RETAILERS between January 1, 2004 and December 31, 2005.

23

24

25

26

27

28

REQUEST FOR PRODUCTION NO. 53:

All COMMUNICATIONS between MGA MEXICO and any RETAILER between January 1, 2004 and December 31, 2005, including but not limited to any presentations, exhibitions, demonstrations, or pitches made to such RETAILERS.

REQUEST FOR PRODUCTION NO. 54:

All COMMUNICATIONS REFERRING OR RELATING TO the termination of MACHADO, VARGAS, or TRUEBA.

REQUEST FOR PRODUCTION NO. 55:

All DOCUMENTS REFERRING OR RELATING TO the termination of MACHADO, VARGAS, or TRUEBA.