QUINN EMANUEL URQUHART & SULLIVAN, LLP
John B. Quinn (Bar No. 090378)
(johnquinn@quinnemanuel.com)
Michael T. Zeller (Bar No. 196417)
(michaelzeller@quinnemanuel.com)
Jon D. Corey (Bar No. 185066)
(joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

MATTEL, INC., a Delaware corporation,

Plaintiff,

vs.

MGA ENTERTAINMENT, INC., a California corporation,

Defendants.

AND CONSOLIDATED ACTIONS

CASE NO. CV 04-9049 DOC (RNBx)
Consolidated with
Case No. CV 04-09059
Case No. CV 05-02727

Hon. David O. Carter

**MATTEL, INC.'S NOTICE OF MOTION AND MOTION TO COMPEL DOCUMENTS REGARDING FORMER MATTEL EMPLOYEES SOLICITED BY MGA;**

**MEMORANDUM OF POINTS AND AUTHORITIES**

Date: TBD
Time: TBD
Place: Courtroom 9D

**Phase 2**
Discovery Cut-off: TBD
Pre-trial Conference: TBD
Trial Date: TBD

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, on a date and at a time to be determined by the Court, before the Honorable David O. Carter, plaintiff Mattel, Inc. ("Mattel") will, and hereby does, move the Court, pursuant to Federal Rules of Civil Procedure 34 and 37 to compel MGA Entertainment, Inc. to produce all documents responsive to Request Nos. 73 and 74 of Mattel, Inc.'s Fourth Set of Requests for Documents and Things and Request Nos. 11, 12, 13, 14, 25, 26, 27, 28, 39, 40, 41, and 42 of Mattel, Inc.'s Sixth Set of Requests for Documents and Things (Phase 2); (collectively "the Requests") and to overrule all of the MGA Parties' objections to the Requests. The Requests seek relevant, discoverable information, which MGA has no proper basis to withhold from production.

This Motion is based on this notice of motion, the accompanying memorandum of points and authorities, the records and files of this Court, and all other matters of which the Court may take judicial notice.

**Rule 37-1 Certification**

On March 18, 2010, and at other times, Mattel attempted to resolve the matters herein with MGA, but no agreement was reached.

DATED: May 9, 2010

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By /s/ Michael T. Zeller
Michael T. Zeller
Attorneys for Mattel, Inc.

# MEMORANDUM OF POINTS AND AUTHORITIES

## Preliminary Statement

Mattel has long sought documents related to its claims that MGA solicited and hired Mattel employees who brought Mattel trade secrets with them to MGA. In response to many of Mattel's most basic requests, MGA refuses to produce any documents. At issue here are two categories of documents, both of which are directly relevant to Mattel's trade secret claims.

Compensation Paid by MGA to Former Mattel Employees: Requests 73 and 74 of Mattel's Fourth Set of Requests for Documents and Things ("Fourth Set") ask for documents relating to any salary increases or bonuses given by MGA to certain former Mattel employees hired by MGA and the reasons for such increases or bonuses. Such documents are relevant to Mattel's allegations that MGA used promises of increased compensation to lure key employees away from Mattel and induce them to bring Mattel's trade secrets with them.

Mattel Documents Prepared, Created or Accessed by Former Employees: Mattel's Sixth Set of Requests for Document and Things (Phase 2) ("Sixth Set") seeks documents prepared or created by Mattel that the former Mattel employees either provided to MGA or accessed while working for MGA. Included are requests for the documents themselves and communications regarding the transmission, receipt, retention and destruction of those documents. These requests properly seek evidence of exactly what trade secrets former Mattel employees provided to MGA and the manner in which they were disclosed to MGA.

The Requests at issue here are proper; they seek documents that are relevant to Mattel's claims, and MGA should be compelled to produce them.

## Factual Background

MGA Refuses to Produce Documents Responsive to Mattel's Fourth Set of Requests. Mattel's Fourth Set of Requests includes Request No. 73, seeking documents regarding "increase in salary, pay or benefits" received by former Mattel

employees Ron Brawer, Jorge Castilla, Nic Contreras, Daniel Cooney, Janet Han, Michael Hinh, Alice Kao, and Marla Thompson while they were employed by MGA, as well as documents relating the reasons for such increases.[1] Each of these employees had access to confidential Mattel information, and several are specifically named in Mattel's trade secret misappropriation and interference with contract claims.[2] Similarly, Request No. 74 seeks documents relating to "bonuses, monetary incentives or payments other than as part of base salary" received by those former Mattel employees while employed by MGA as well as any documents regarding the reasons for those bonuses or payments.[3] In response to these requests, MGA served boilerplate objections[4] and has failed to produce documents.

<u>MGA Refuses to Produce Documents Responsive to Mattel's Sixth Set of Requests.</u> Mattel also seeks to compel 12 Requests from its Sixth Set of Requests for Documents and Things (Phase 2) to MGA. Request Nos. 11, 25, and 39 seek Mattel documents shown or disclosed to MGA by former Mattel employees Contreras, Cooney, or Castilla. Request Nos. 14, 28, and 42 seek documents regarding the "receipt, reproduction, copying, storage, transmission, transfer retention, destruction or use" of Mattel documents MGA received from Contreras, Cooney, or Castilla. Request Nos. 12, 26, and 40 seek documents in MGA's possession that were created or accessed by Contreras, Cooney, and Castilla and refer or relate to any Mattel product, plan, or business information. Request Nos. 13, 27, and 41 seek documents in MGA's possession that were created or accessed

---

[1] Mattel, Inc.'s Fourth Set of Requests for Documents and Things to MGA Entertainment, Inc., Request No. 73, dated October 26, 2007; <u>id.</u>, Definition O, at 4. For the Court's convenience, Mattel has attached the text of the relevant requests as Appendices A and B hereto. Mattel has not attached any other cited materials, but will promptly provide them to the Court upon request.

[2] <u>See</u>, Mattel, Inc.'s Fourth Amended Answer and Counterclaims ("FAAC"), dated April 12, 2010, at 46-53 (Dkt. No. 7714).

[3] Fourth Set, Request No. 74.

[4] MGA Entertainment, Inc.'s Objections and Responses to Mattel Inc.'s Fourth Set of Requests, dated November 26, 2007.

by Contreras, Cooney, and Castilla and refer or relate to any Mattel line list or other document prepared by Mattel.

MGA responded to the Sixth Set of Requests with boilerplate objections.[5] During the parties' meet and confer, MGA refused to produce documents in response to Request Nos. 14, 28, and 42, incorrectly claiming that these requests were duplicative of Requests Nos. 11, 25, and 39.[6] But MGA also refused to confirm that it has produced all documents responsive to Requests Nos. 11, 25, and 39.[7] MGA also refuses to produce documents in response to Request Nos. 12, 26 and 40, claiming they are overbroad because they might include newspaper articles and marketing reports prepared by third-parties. In response to MGA's concern, Mattel offered to exclude information purchased from third-party vendors (such as Nielsen and NPD).[8] MGA refused to produce documents notwithstanding this limitation.[9]

## Argument

## I. MATTEL'S REQUESTS SEEK RELEVANT INFORMATION

### A. MGA's Financial Inducements to Former Mattel Employees Who Stole Mattel Trade Secrets Are Relevant

Request Nos. 73 and 74 seek documents related to financial incentives MGA gave to former Mattel employees who took Mattel trade secrets with them to MGA. This evidence directly bears on Mattel's claims, including for misappropriation of trade secrets and RICO.[10] "[T]he promise of greatly increased salaries, plus substantial bonuses," go to "the heart of […] the issue of misappropriation." Telex

[5] MGA Entertainment Inc.'s Responses to Mattel, Inc.'s Sixth Set of Requests for Documents and Things (Phase 2), dated January 25, 2010.

[6] See March 26, 2010 Letter from William Molinski to B. Dylan Proctor and April 9, 2010 Letter from B. Dylan Proctor to William Molinski.

[7] See April 9, 2010 Letter at 3.

[8] See id.

[9] See id.

[10] See FAAC at 72-74, 85-86, and 67-71.

Corp. v. IBM Corp., 510 F.2d 894, 928-29 (10th Cir. 1975). MGA routinely gave former Mattel employees significant pay raises, in addition to substantial bonuses, to lure them to join MGA. For example, in the first year after Cooney joined MGA, he made 50% more than he had the prior year at Mattel,[11] while Contreras made 30% more[12] and Brawer 20% more.[13] MGA's provision of substantial financial rewards for these employees to steal Mattel trade secret and confidential information and bring it to MGA is powerful evidence of MGA's intent to benefit from improperly obtaining Mattel's proprietary information. Given the evidence already gathered, the additional information sought by these requests is highly relevant.

Documents responsive to Request Nos. 73 and 74 are also relevant to Mattel's claims of intentional interference with contract[14] and for aiding and abetting breaches of fiduciary duty[15] and duty of loyalty.[16] The former Mattel employees who are the subject of these requests had agreements with Mattel not to disclose Mattel trade secrets and other information to any competitor.[17] Moreover, at least Brawer, Castilla, Contreras and Cooney owed fiduciary duties to Mattel.[18] Documents showing that MGA intentionally solicited, induced and encouraged these Mattel employees to breach both their contracts and fiduciary duties are directly relevant to those claims. They should be produced.

---

11 See Cooney Depo., Vol. 1, Jan. 28, 2008, at 259:6-9; MGA2 0049548.

12 See Contreras Depo., Vol. 1, Jan. 28, 2008, at 137:3-6; MGA2 0049351.

13 MGA2 0048551.

14 See id. at 78-79.

15 See id. at 81-82

16 See id. at 83-84.

17 M0097964 (Contreras Confidentiality and Inventions Agreement), M0896949-50 (Cooney Agreement), M0258862 (Castilla Agreement), M0098222 (Hinh Agreement), M0097984 (Han Agreement), M0098030-31 (Kao Agreement), M0098093 (Thompson Agreement).

18 See M0098128-33 (Cooney Mattel Code of Conduct forms); see also Brawer Depo., Vol. 3, Mar. 4, 2010, at 772:22-774:10; Castilla Depo., Vol. 1, at 147:18-25, 187:15-20, 195:25-197:20 (asserting Fifth Amendment as to whether he owed fiduciary duties to Mattel); Contreras Depo., Vol. 1, Jan. 28, 2008, at 165:14-166:17 and 303:21-25.

**B. MGA's Possession of Mattel Documents Stolen By Former Mattel Employees Are at the Core of Mattel's Trade Secret-Related Claims**

Mattel's Sixth Set of Requests seek documents relevant to showing which trade secret documents were stolen by Mattel's former employees and how they transmitted them to MGA. Mattel alleges that Castilla downloaded approximately 56 megabytes of confidential and trade secret Mattel information, including documents related to Mattel's inventory management system, forecasting processes, and business strategies.[19] Testimony confirms that, after leaving Mattel for MGA, Contreras also gave Mattel employee Yoon Jung Kim a thumb drive and asked her to download onto it confidential trade secret information, including sales projections, pricing, and retail strategy.[20] Mr. Cooney created – and failed to turn over to Mattel when he left for MGA – a CD/DVD containing confidential trade secret documents to which he had access.[21]

Based on these allegations, the Sixth Set of requests seeks three different kinds of Mattel information in MGA's possession. Request Nos. 11, 25, and 39 of Mattel's Sixth Set of Requests (Phase 2) seek Mattel documents disclosed to MGA by Contreras, Cooney or Castilla. More specifically, Request No. 11 asks for "[a]ll DOCUMENTS REFERRING OR RELATING TO MATTEL, or that were prepared, authored or created by MATTEL or any officer, director, employee or representative of MATTEL, that CONTRERAS has ever provided to, shown, described to, communicated to or disclosed in any manner to MGA." Requests 12, 26, and 40 ask for all documents created or accessed by Contreras, Cooney, and Castilla that relate to any Mattel product, plan, or business information. Request 12

---

[19] See FAAC at 49-50.
[20] See FAAC at 51; Kim Depo., dated January 18, 2010, at 47:19-48:18.
[21] See FAAC at 52-53.

asks for "[a]ll DOCUMENTS created or accessed by CONTRERAS REFERRING OR RELATING TO any MATTEL product, plan or business information." Similarly, Request Nos. 13, 27, and 41 seek documents created or accessed by the same individuals that refer or relate "to any Mattel line list or other document prepared by Mattel."

Taken together, these requests seek to trace the Mattel trade secret and confidential documents that Mattel's employees took with them when they left for MGA and/or accessed while working for MGA. Such documents would directly support Mattel's claim for misappropriation of trade secrets, because it would constitute evidence that "the defendant acquired, disclosed, or used the plaintiff's trade secret." Sargent Fletcher, Inc. v. Able Corp., 3 Cal. Rptr. 3d 279, 283 (Cal. Ct. App. 2003) (citing Cal. Civ. Code § 3426.1). In response to MGA's objection that the requests were overbroad, Mattel proposed reasonable limitations, including an exclusion of all information purchased from third-party vendors. Rather than accept Mattel's limitations, or produce some subset of documents, MGA refuses to produce *any* responsive documents.

Request Nos. 14, 28, and 42 ask for all documents regarding MGA's receipt, retention or destruction of Mattel-created documents. Request No. 14 in particular seeks "[a]ll DOCUMENTS, including but not limited to COMMUNICATIONS, RELATING TO YOUR receipt, reproduction, copying, storage, transmission, transfer, retention, destruction, deletion or use of any DOCUMENTS, data and/or information, including but not limited to any compilation of information, that were prepared, made, created, generated, assembled or compiled by or for MATTEL and that YOU received, directly or indirectly, from CONTRERAS." The requests are identical for Cooney and Castilla. These requests seek documents relevant to showing that MGA possessed Mattel confidential or trade secret information. Furthermore, insofar as the documents sought by these requests may reveal evidence

of spoliation, these requests are also relevant to Mattel's RICO claims for obstruction of justice and spoliation of evidence.[22]

MGA asserted in a meet and confer that Request Nos. 14, 28 and 42 are duplicative of Requests Nos. 11, 25 and 39. But there is an important distinction between the two groups of requests. Requests 11, 25, and 39 seek confidential trade secret documents, while Requests 14, 28, and 42 asks for documents and communications concerning what MGA has done with those trade secret documents.

Mattel is entitled to this critical evidence that goes directly to what was stolen and how MGA used it.

## II. MGA'S BOILERPLATE OBJECTIONS SHOULD BE OVERRULED

MGA relies on boilerplate objections in response to each of Mattel's Requests, claiming they are overbroad, seek irrelevant, privileged, and private information, and claiming that the information is available to Mattel. None of these objections has merit.

Boilerplate objections are improper. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("[G]eneral or boilerplate objections such as 'overly burdensome and harassing' are improper—especially when a party fails to submit any evidentiary declarations supporting such objections."); Walker v. Lakewood Condominium Owners Ass'n, 186 F.R.D. 584, 587 (C.D. Cal. 1999) ("Boilerplate, generalized objections are inadequate and tantamount to not making any objection at all.").

MGA's objections also fail on the merits. As shown above, these requests seek highly relevant information. MGA's objection that the requests seek documents already in Mattel's possession entirely misses the point. The issue is whether *MGA* had possession of stolen *Mattel* documents. Whether Mattel itself

---

[22] See id. at 69.

possess these same documents is irrelevant. As to privilege, MGA is of course free to provide a privilege log of those responsive documents being withheld on this basis but it must produce all remaining non-privileged responsive documents. Finally, MGA's boilerplate privacy objections have been repeatedly overruled. Confidentiality concerns are, as this Court has previously held, sufficiently addressed by the Protective Order.[23] Nor, in any event, can MGA plausibly assert privacy objections to Mattel documents.

**Conclusion**

For the foregoing reasons, Mattel respectfully requests that the Court: (1) compel MGA to produce all documents responsive to Mattel's Fourth Set and Sixth Set (Phase 2) of Requests for Production of Documents and Things and (2) overrule all of the MGA Parties' objections to the Requests.

DATED: May 9, 2010

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By /s/ Michael Zeller
Michael T. Zeller
Attorneys for Mattel, Inc.

[23] See July 2, 2007 Order, at 3. (Dkt. No. 608).

**Appendix A**

Requests No. 73 and 74 in Mattel, Inc.'s Fourth Set of Requests for Documents and Things to MGA Entertainment, Inc., dated October 26, 2007:

REQUEST FOR PRODUCTION NO. 1:

All DOCUMENTS REFERRING OR RELATING TO any increase in salary, pay or benefits received by any of the FORMER MATTEL EMPLOYEES while employed by YOU, including without limitation all DOCUMENTS REFERRING OR RELATING TO the reasons therefor.

REQUEST FOR PRODUCTION NO. 2:

All DOCUMENTS REFERRING OR RELATING TO any bonuses, monetary incentives or payments other than as part of base salary received by any of the FORMER MATTEL EMPLOYEES while employed by YOU, including without limitation all DOCUMENTS REFERRING OR RELATING TO the reasons therefor.

**Appendix B**

Request No. 11, 12, 13, 14, 25, 26, 27, 28, 39, 40, 41, 42 in Mattel's Sixth Set of Requests for Documents and Things to MGA Entertainment, Inc. (Phase 2), dated December 24, 2009:

REQUEST FOR PRODUCTION NO. 3:

All DOCUMENTS REFERRING OR RELATING TO MATTEL, or that were prepared, authored or created by MATTEL or any officer, director, employee or representative of MATTEL, that CONTRERAS has ever provided to, shown, described to, communicated to or disclosed in any manner to MGA.

REQUEST FOR PRODUCTION NO. 4:

All DOCUMENTS created or accessed by CONTRERAS REFERRING OR RELATING TO any MATTEL product, plan or business information.

REQUEST FOR PRODUCTION NO. 5:

All DOCUMENTS created or accessed by CONTRERAS REFERRING OR RELATING TO any MATTEL line list or other DOCUMENT prepared by MATTEL.

REQUEST FOR PRODUCTION NO. 6:

All DOCUMENTS, including but not limited to COMMUNICATIONS, RELATING TO YOUR receipt, reproduction, copying, storage, transmission, transfer, retention, destruction, deletion or use of any DOCUMENTS, data and/or information, including but not limited to any

compilation of information, that were prepared, made, created, generated, assembled or compiled by or for MATTEL and that YOU received, directly or indirectly, from CONTRERAS.

REQUEST FOR PRODUCTION NO. 7:

All DOCUMENTS REFERRING OR RELATING TO MATTEL, or that were prepared, authored or created by MATTEL or any officer, director, employee or representative of MATTEL, that COONEY has ever provided to, shown, described to, communicated to or disclosed in any manner to MGA.

REQUEST FOR PRODUCTION NO. 8:

All DOCUMENTS created or accessed by COONEY REFERRING OR RELATING TO any MATTEL product, plan or business information.

REQUEST FOR PRODUCTION NO. 9:

All DOCUMENTS created or accessed by COONEY REFERRING OR RELATING TO any MATTEL line list or other DOCUMENT prepared by MATTEL.

REQUEST FOR PRODUCTION NO. 10:

All DOCUMENTS, including but not limited to COMMUNICATIONS, RELATING TO YOUR receipt, reproduction, copying, storage, transmission, transfer, retention, destruction, deletion or use of any DOCUMENTS, data and/or information, including but not limited to any compilation of information, that were prepared, made, created, generated, assembled or compiled by or for MATTEL and that YOU received, directly or indirectly, from COONEY.

REQUEST FOR PRODUCTION NO. 11:

All DOCUMENTS REFERRING OR RELATING TO MATTEL, or that were prepared, authored or created by MATTEL or any officer, director, employee or representative of MATTEL, that CASTILLA has ever provided to, shown, described to, communicated to or disclosed in any manner to MGA.

REQUEST FOR PRODUCTION NO. 12:

All DOCUMENTS created or accessed by CASTILLA REFERRING OR RELATING TO any MATTEL product, plan or business information.

REQUEST FOR PRODUCTION NO. 13:

All DOCUMENTS created or accessed by CASTILLA REFERRING OR RELATING TO any MATTEL line list or other DOCUMENT prepared by MATTEL.

REQUEST FOR PRODUCTION NO. 14:

All DOCUMENTS, including but not limited to COMMUNICATIONS, RELATING TO YOUR receipt, reproduction, copying, storage, transmission, transfer, retention, destruction, deletion or use of any DOCUMENTS, data and/or information, including but not limited to any compilation of information, that were prepared, made, created, generated, assembled or compiled by or for MATTEL and that YOU received, directly or indirectly, from CASTILLA