QUINN EMANUEL URQUHART & SULLIVAN, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  michaelzeller@quinnemanuel.com
  Jon D. Corey (Bar No. 185066)
  joncorey@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017–2543
Telephone:   (213) 443–3000
Facsimile:   (213) 443–3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation,<br><br>              Plaintiff,<br><br>     vs.<br><br>MGA ENTERTAINMENT, INC., a California corporation, et al.,<br><br>              Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04–9049 DOC (RNBx)<br>Consolidated with<br>Case No. CV 04–09059<br>Case No. CV 05–02727<br><br>**DISCOVERY MATTER**<br><br>Hon. David O. Carter<br><br>**MATTEL, INC.'S OPPOSITION TO TIONGCO'S OBJECTIONS TO DISCOVERY MASTER'S FIFTH AMENDMENT RULINGS DURING THE DEPOSITION OF JOE TIONGCO**<br><br>Date:   TBD<br>Time:   TBD<br>Place:  Courtroom 9D<br><br>**Phase 2**<br>Discovery Cut–off:   TBD<br>Pre–trial Conference:   TBD<br>Trial Date:   TBD |

07975/3488846.1

OPPOSITION

**Preliminary Statement**

MGA and Mr. Tiongco are seeking to use the Fifth Amendment to block legitimate discovery by Mattel. Mr. Tiongco, who until his recent demotion was MGA's executive in charge of MGA's IT department, is a key witness regarding Mattel's claims that MGA spoliated evidence and obstructed justice. At his deposition, Mr. Tiongco invoked the Fifth Amendment more than 100 times. As Mattel showed in its objections filed last week, the Discovery Master erroneously sustained those objections even though Mr. Tiongco made no foundational showing. Now, in his Objections, Mr. Tiongco is challenging the Discovery Master's order overruling his objections to twelve narrow foundational questions. These questions concern: (1) whether Mr. Tiongco is or expects to be subject of criminal prosecution, (2) the circumstances of his demotion, (3) equipment at MGA that can be used to copy electronic data, and (4) his knowledge of a popular online file-sharing website, Napster.

It is well-settled that the Fifth Amendment does not apply to inquiries into the witness' knowledge of the pendency of criminal proceedings against him. Responses to such questions cannot possibly incriminate the witness because awareness of prosecution is not a crime. Similarly, Mr. Tiongco's awareness of Napster is not probative of criminal activity. The mere fact that Mr. Tiongco is, or is not, aware of the reasons for his demotion likewise is not incriminating.

The twelve questions at issue in Mr. Tiongco's motion are foundational, and are thus a prerequisite to the invocation of the Fifth Amendment privilege. Mr. Tiongco cannot simultaneously invoke the Fifth Amendment and refuse to answer questions that seek the foundation for its invocation. Mattel is entitled to substantive responses to these questions so that it can challenge Mr. Tiongco's assertion of the privilege—and the Discovery Master's orders sustaining the objections—with respect to more than 100 other questions that Mr. Tiongco refused to answer at his deposition. Unless Mr. Tiongco provides responses to Mattel's foundational questions, he may not invoke the

Fifth Amendment privilege with respect to *any* question because proper foundation for the privilege has not been laid.

The Discovery Master correctly determined that Mattel is entitled to substantive responses to these twelve foundational questions. The Court should overrule the objections and order Mr. Tiongco to answer these questions in full.

## Argument

## MR. TIONGCO'S FIFTH AMENDMENT OBJECTIONS TO FOUNDATIONAL QUESTIONS WERE PROPERLY OVERRULED

The Discovery Master correctly ruled that the Fifth Amendment privilege did not apply to the questions at issue. Foundational questions about the witness's awareness of the pendency of criminal proceeding against him do not implicate the right against self-incrimination. United States v. James, 609 F.2d 36 (2d Cir. 1979), is instructive. In James, a witness testified at length about criminal proceedings that were pending against him in another jurisdiction, including whether he expected to be convicted. Id. at 44. The court rejected the argument that the witness waived his Fifth Amendment privilege by so testifying, holding that he "disclosed nothing that might be characterized as incriminating." Id. at 45. See also United States v. Koubriti, 297 F.Supp.2d 955, 971 (E.D. Mich. 2004) (inquiry into foundational issue of document authentication did not violate Fifth Amendment rights).

The same rule applies here. As the Discovery Master properly concluded, Mattel's questions did not require Mr. Tiongco to provide incriminating information. Indeed, Mr. Tiongco does not cite any authority for the proposition that a person's awareness of being under investigation could be used against him in a criminal proceeding. Mr. Tiongco argues that his responses to Mattel's questions could incriminate him because they could "provide[] evidence of Mr. Tiongco's knowledge of the criminal nature of the alleged conduct, which could [be] used to establish a willful violation of a criminal statute." Objections, 7:15-17. But Mr. Tiongco's present knowledge of an investigation against him would not show that he knowingly violated

the law at an earlier time. Every criminal defendant knows the nature of the charges against him or her; that does not mean that the defendant willfully violated the law. Similarly, Mr. Tiongco's mere awareness of Napster is not probative of criminal activity.

Mr. Tiongco simply has not met the foundational requirements to assert the Fifth Amendment. It is settled that a witness may invoke the Fifth Amendment only after laying proper foundation for the invocation. Hoffman v. United States, 341 U.S. 479, 486 (1951) ("The witness is not exonerated from answering merely because he declares that in so doing he would incriminate himself—his say-so does not of itself establish the hazard of incrimination."); United States v. Vavages, 151 F.3d 1185, 1192 (9th Cir. 1998) (in order to assert the privilege, the witness is required to show that his "testimony would support a conviction under a federal criminal statute or furnish a link in the chain of evidence needed to prosecute the claimant for a federal crime."); Industrial Indem. Co. v. Niebling, 844 F.Supp. 1374, 1377 (D.Ariz. 1994) (defendant must provide foundation for assertion of Fifth Amendment privilege against self-incrimination; blanket assertion of the privilege is not sufficient); S.E.C. v. Parkersburg Wireless Ltd. Liability Co., 156 F.R.D. 529, 537 (D.D.C. 1994) (witness must supply statements under oath and other evidence to enable court to reasonably identify nature of criminal charge for which witness fears prosecution). Here, Tiongco has laid no foundation that would permit him to assert the Fifth Amendment at all.

Moreover, even if he had, Mr. Tiongco has not shown a nexus between the questions at issue here, which were all merely foundational, and the crimes for which he purportedly fears being prosecuted. See, e.g., Baker v. Limber, 647 F.2d 912, 919 (9th Cir. 1981) (witness invoking the Fifth Amendment privilege must show some connection between questions asked and a specific crime); Martin-Trigona v. Gouletas, 634 F.2d 354, 360 (7th Cir. 1980) (witness must show "[s]ome nexus between the risk of criminal conviction and the information requested"); U.S. v. Rinehart, 539 F.Supp.2d 1334 (W.D. Okla. 2008) (witness may not assert a blanket claim of Fifth Amendment

privilege based on a generalized fear of criminal prosecution); <u>Universal Trading & Inv. Co. v. Kiritchenko</u>, 2006 WL 3798157, at *3 (N.D. Cal. Dec. 22, 2006) (whether the privilege is properly invoked "can be determined only by considering each question," and "[i]f the incriminatory nature of the questions is not readily apparent, Defendant bears the burden to show 'a credible basis for invoking the Fifth Amendment'") (citation omitted).

If Mr. Tiongco is not aware of criminal proceedings against him, does not believe that he will be criminally prosecuted, and cannot show that his testimony would incriminate him, then there is no credible basis for his assertion of the Fifth Amendment. By refusing to answer Mattel's foundational questions, Mr. Tiongco failed to establish any basis to assert the Fifth Amendment at all. Accordingly, all of Mr. Tiongco's Fifth Amendment objections are insufficient as a matter of law. The Court should sustain the Discovery Master's order overruling Mr. Tiongco's objections to foundational questions. As set forth in Mattel's Objections to the Discovery Master's Fifth Amendment Rulings During the Deposition of Joe Tioncgo, the Court should also overrule Mr. Tiongco's remaining objections because he has not laid sufficient foundation for the invocation of the privilege.

### **Conclusion**

For the foregoing reasons, Mattel respectfully requests that the Court sustain the Discovery Master's rulings overruling the Fifth Amendment instructions on foundational questions during Mr. Tiongco's April 30, 2010 deposition.

DATED: May 10, 2010         QUINN EMANUEL URQUHART &
                            SULLIVAN, LLP


                            By /s/ Michael T. Zeller
                               Michael T. Zeller
                               Attorneys for Mattel, Inc.