MELINDA HAAG (State Bar No. 132612)
mhaag@orrick.com
ANNETTE L. HURST (State Bar No. 148738)
ahurst@orrick.com
WARRINGTON S. PARKER III (State Bar No. 148003)
wparker@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Tel: (415) 773-5700/Fax: (415) 773-5759

WILLIAM A. MOLINSKI (State Bar No. 145186)
wmolinski@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA 90017
Tel. (213) 629-2020/Fax: (213) 612-2499

THOMAS S. MCCONVILLE (State Bar No. 155905)
tmcconville@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
4 Park Plaza, Suite 1600
Irvine, CA 92614-2258
Tel: (949) 567-6700/Fax: (949) 567-6710

Attorneys for MGA Parties

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | Case No. CV 04-9049-DOC (RNBx)<br><br>Consolidated with:<br>Case No. CV 04-9059<br>Case No. CV 05-2727<br><br>**[PROPOSED] ORDER RE MOTIONS OF COUNTER-DEFENDANTS MGA PARTIES AND IGWT 826 TO DISMISS AND FOR SUMMARY ADJUDICATION** |

On June 7, 2010, this Court held a hearing on Counter-defendants MGA Entertainment, Inc. ("MGA"), MGAE de Mexico S.R.L. de C.V. ("MGAE de Mexico), MGA HK Ltd. ("MGA HK"), Isaac Larian ("Larian") (collectively, the "MGA Parties") and IGWT 826 Investments LLC ("IGWT") motions to dismiss and for summary adjudication of various causes of action alleged in Mattel's Fourth Amended Answer and Counterclaims ("FAAC").  These motions were brought pursuant to Federal Rules of Civil Procedure 9(b), 12(b)(1), 12(b)(2), 12(b)(6), 12(f), 23.1, and 56 and 28 U.S.C. §1367.  After full consideration of all submissions of the parties, the evidence presented, and the argument of counsel, the Court hereby makes the following orders and the following findings of fact and conclusions of law as follows:

## [PROPOSED] ORDER GRANTING MOTIONS TO DISMISS

1. As to the First Counterclaim set forth in the FAAC alleging a RICO violation, and as to the MGA Parties, the Court finds that this claim fails to state a claim on which relief can be granted.  Specifically, this claim fails to plead facts showing a proper RICO enterprise.  This claim is therefore dismissed with prejudice.

2. As to the Second Counterclaim set forth in the FAAC alleging a RICO conspiracy, and as to the MGA Parties and IGWT, the Court finds that this Counterclaim fails to state a claim on which relief can be granted.  Specifically, this Counterclaim fails to plead facts sufficient to state a conspiracy, and independently, this Counterclaim is not viable given that the First Counterclaim does not state a claim. This Counterclaim is therefore dismissed with prejudice.

3. As to the Third Counterclaim set forth in the FAAC, alleging Trade Secret Misappropriation, the Court finds that this Counterclaim should be dismissed with prejudice on the basis of *forum non conveniens*.  This Counterclaim is therefore dismissed with prejudice.

4. As to the Sixth Counterclaim set forth in the FAAC, alleging

Intentional Interference with Contract, and as to MGA and Larian, the Court finds that this Counterclaim fails to state a claim on which relief can be granted. Specifically, the Court finds that this Counterclaim is preempted by the California Uniform Trade Secrets Act, Cal. Civ. Code §§ 3426 et seq. This Counterclaim is therefore dismissed with prejudice.

     5.    As to the Seventh Counterclaim set forth in the FAAC, alleging Breach of Fiduciary Duty, and as to MGA and Larian, the Court finds that this Counterclaim fails to state a claim on which relief can be granted. Specifically, the Court finds that this Counterclaim is preempted by the California Uniform Trade Secrets Act, Cal. Civ. Code §§ 3426 et seq. This Counterclaim is therefore dismissed with prejudice.

     6.    As to the Eighth Counterclaim set forth in the FAAC, alleging Aiding and Abetting Breach of Fiduciary Duty, and as to MGA and Larian, the Court finds that this Counterclaim fails to state a claim on which relief can be granted. Specifically, the Court finds that this Counterclaim is preempted by the California Uniform Trade Secrets Act, Cal. Civ. Code §§ 3426 et seq. This Counterclaim is therefore dismissed with prejudice.

     7.    As to the Ninth Counterclaim set forth in the FAAC, alleging Breach of Duty of Loyalty, and as to MGA and Larian, the Court finds that this Counterclaim fails to state a claim on which relief can be granted. Specifically, the Court finds that this Counterclaim is preempted by the California Uniform Trade Secrets Act, Cal. Civ. Code §§ 3426 et seq. This Counterclaim is therefore dismissed with prejudice.

     8.    As to the Tenth Counterclaim set forth in the FAAC, alleging Aiding and Abetting Breach of Duty of Loyalty, and as to MGA and Larian, the Court finds that this Counterclaim fails to state a claim on which relief can be granted. Specifically, the Court finds that this Counterclaim is preempted by the California Uniform Trade Secrets Act, Cal. Civ. Code §§ 3426 et seq. This Counterclaim is

1  therefore dismissed with prejudice.

2      9.    As to the Eleventh Counterclaim set forth in the FAAC, alleging Conversion, and as to the MGA Parties, the Court finds that this Counterclaim fails to state a claim on which relief can be granted. Specifically, the Court finds that this Counterclaim is preempted by the California Uniform Trade Secrets Act, Cal. Civ. Code §§ 3426 et seq. Moreover, the claim alleges the conversion of intangible property for which a claim of conversion cannot be alleged as a matter of law. This Counterclaim is therefore dismissed with prejudice.

    10.    As to the Twelfth Counterclaim set forth in the FAAC, alleging Unfair Competition, and as to the MGA Parties, the Court finds that this Counterclaim fails to state a claim on which relief can be granted. Specifically, the Court finds that this Counterclaim is preempted by the California Uniform Trade Secrets Act, Cal. Civ. Code §§ 3426 et seq. This Counterclaim is therefore dismissed with prejudice.

    11.    As to the Thirteenth Counterclaim set forth in the FAAC alleging Actual Fraudulent Transfer, and as to MGA, Larian and IGWT, the Court finds that this Counterclaim fails to state a claim on which relief can be granted. Specifically, this Counterclaim fails to plead facts demonstrating a fraud. Independent of that finding, the Court lacks, and declines to exercise, supplemental jurisdiction over this Counterclaim. This Counterclaim is therefore dismissed with prejudice.

    12.    As to the Fourteenth Counterclaim set forth in the FAAC alleging Constructive Fraudulent Transfer, and as to MGA, Larian and IGWT, the Court finds that it lacks, and declines to exercise, supplemental jurisdiction over this Counterclaim. This Counterclaim is therefore dismissed with prejudice.

    13.    As to the Fifteenth Counterclaim set forth in the FAAC alleging a Creditor Derivative claim, and as to Larian, the Court finds that this Counterclaim fails to state a claim on which relief can be granted. Specifically, this Counterclaim fails to facts entitling Mattel to relief. Independent of that finding, the Court finds

1 that, pursuant to Rule 23.1, Mattel cannot pursue a creditor derivative claim in federal court and has a disabling conflict of interest. This Counterclaim is therefore dismissed with prejudice.

14. As to the Sixteenth Counterclaim set forth in the FAAC alleging Breach of Constructive Trust, and as to MGA and Larian, the Court finds that this Counterclaim fails to state a claim on which relief can be granted. Specifically, this Counterclaim does not exist as a matter of law. This Counterclaim is therefore dismissed with prejudice.

[PROPOSED] ORDER GRANTING MOTION TO DISMISS AND STRIKE CERTAIN PREDICATE ACTS

15. The Court grants moving parties' motion to dismiss and strike with prejudice the predicate act of mail fraud on the ground that Mattel fails to plead facts sufficient to state such a predicate act and fails to plead the facts with the requisite specificity.

16. The Court grants moving parties' motion to dismiss and strike with prejudice the predicate act of wire fraud on the ground that Mattel fails to plead facts sufficient to state such a predicate act and fails to plead the facts with the requisite specificity.

17. The Court grants moving parties' motion to dismiss and strike with prejudice the predicate act of a violation of the Travel Act through commercial bribery on the ground that Mattel fails to plead facts sufficient to establish such a predicate.

[PROPOSED] ORDER GRANTING MOTION FOR SUMMARY ADJUDICATION

18. As to the First Counterclaim set forth in the FAAC alleging a RICO violation, and as to the MGA Parties, the Court finds that the undisputed material facts establish that Mattel cannot prove injury to its business or property by reason of a violation of 18 U.S.C. § 1962, an essential element of Mattel's First

1 | Counterclaim. Judgment is therefore entered in favor of the moving parties on this
2 | Counterclaim.
3 |     19.   As to the Second Counterclaim set forth in the FAAC alleging a RICO
4 | conspiracy, and as to the MGA Parties and IGWT, the Court finds that the
5 | undisputed material facts establish that Mattel cannot prove injury to its business or
6 | property by reason of a violation of 18 U.S.C. § 1962, an essential element of
7 | Mattel's Second Counterclaim. Judgment is therefore entered in favor of the
8 | moving parties on this Counterclaim.
9 |     20.   As to the Third Counterclaim set forth in the FAAC alleging Trade
10 | Secret Misappropriation, and as to the MGA, MGA de Mexico and Larian, the
11 | Court finds that the undisputed material facts establish that Mattel cannot prove that
12 | MGA, MGA de Mexico and Larian acquired Mattel trade secrets through improper
13 | means, used or disclosed Mattel trade secrets that Mattel suffered any damages
14 | from any alleged trade secret misappropriation, or that Mattel owns the trade secrets
15 | at issue, essential elements of Mattel's Third Counterclaim. Judgment is therefore
16 | entered in favor of the moving parties on this Counterclaim.
17 |     21.   As to the Third Counterclaim set forth in the FAAC alleging Trade
18 | Secret Misappropriation, and as to MGA de Mexico, the Court finds that the
19 | undisputed material facts establish that this Court does not have personal
20 | jurisdiction over MGA de Mexico. Judgment is therefore entered in favor of MGA
21 | de Mexico on this Counterclaim.
22 |     It is so ORDERED.

Dated: _____, 2009

_____
Hon. David O. Carter, United States District Court Judge

OHS West:260912296.1
22161-2006 WP4/WP4