MELINDA HAAG (State Bar No. 132612)
mhaag@orrick.com
ANNETTE L. HURST (State Bar No. 148738)
ahurst@orrick.com
WARRINGTON S. PARKER III (State Bar No. 148003)
wparker@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
405 Howard Street
San Francisco, CA 94105-2669
Tel: (415) 773-5700/Fax: (415) 773-5759

WILLIAM A. MOLINSKI (State Bar No. 145186)
wmolinski@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA 90017
Tel. (213) 629-2020/Fax: (213) 612-2499

THOMAS S. MCCONVILLE (State Bar No. 155905)
tmcconville@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
4 Park Plaza, Suite 1600
Irvine, CA 92614-2258
Tel: (949) 567-6700/Fax: (949) 567-6710

Attorneys for MGA Parties

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation,<br><br>              Plaintiff,<br><br>     v.<br><br>MGA ENTERTAINMENT, INC., a California corporation, et al.,<br><br>              Defendant.<br><br>AND CONSOLIDATED ACTIONS | Case No. CV 04-9049 DOC (RNBx)<br>Consolidated with:<br>Case Nos. CV 04-9059 & CV 05-2727<br><br>**DECLARATION OF JUAN ALBERTO HUERTA BLECK IN SUPPORT OF THE MGA PARTIES AND IGWT'S MOTION FOR SUMMARY ADJUDICATION** |

## DECLARATION OF ALBERTO HUERTA-BLECK

I, Juan Alberto Huerta Bleck, declares:

1.    I am a Mexican attorney at the law firm of Avah Legal, S.C. and have been retained by counsel of record for the MGA Parties in the above-captioned action. I am admitted to practice before all Mexican Courts. I have personal knowledge of the facts set forth in this Declaration and, if called as a witness, could and would testify competently to such facts under oath. Attached hereto as Exhibit A is a true and correct copy of my curriculum vitae.

2.    I have reviewed Mattel's Fourth Amended Answer and Counterclaims filed in this action and have conducted the analysis below in connection with that review.

### MISAPPROPRIATION OF TRADE SECRETS

3.    Mexican Civil Law does not provide for any specific civil claim for misappropriation of trade secrets.

4.    Mexican Civil Law does provide, however, for two types of liabilities: i) generic, which results from conducting illegal activities (extra-contractual liability); and ii) specific, for breach of contract (contractual liability). Under both theories, the affected party is entitled to recover damages and lost profits. Under the specific or contractual liability, it is also possible to request the specific performance or the restitution of the consideration given by the parties.

5.    As to Criminal Law, the misappropriation of a trade secret is indeed specifically regulated. Section V of article 223 of the Industrial Property Law provides for said specific crime.

6.    Under Mexican Criminal Law, an industrial secret is all information of industrial or commercial application that is kept confidential by any individual or company, which means obtaining or maintaining competitive or economic advantage against third parties in the performance of economic activities, and in respect to which the party has adopted sufficient means or systems to protect its

- 1 -

confidentiality as well as the restricted access to it.

7.    An employee is obligated to refrain from revealing an industrial secret, provided that he has been warned of the secrecy of the information (Article 85 of the Mexican Industrial Property Law).

8.    Any information that is evident to a person of ordinary skill in the industry, based on information previously available will not be considered an industrial secret. (Third paragraph of article 82 of the Mexican Industrial Property Law).

9.    Requirements for information to be considered an industrial secret under Mexican law:

      a.  That the information not be disclosed publicly.

      b.  That the information cannot be acquired by simple analysis of the product or the process, nor from the development of the technique.

      c.  That the company has adopted the necessary preventive measures to maintain confidentiality and restricted access to such information.

      d.  That the information is contained in support materials, which can be documents, electronic or magnetic mediums, optical disks, microfilms and movies.

      e.  That such mediums have warnings such as the following: "CONFIDENTIAL INFORMATION, RESTRICTED ACCESS" or "CONFIDENTIAL", or the statement "INDUSTRIAL SECRET."

      f.  A written warning must be given to the employees regarding the confidential nature of the information (periodically or by project), with evidence of receipt.  Simply signing a "Non Disclosure Agreement" is not sufficient in our opinion.

- 2 -

g.  The information revealed to employees or third parties must be kept confidential by them.

10.     The requirements mentioned herein, are all derived from that provided under article 82 and 83 of the Mexican Industrial Property Law.

**BREACH OF FIDUCIARY DUTY**

11.     Under Mexican law, there is no specific legal theory analogous or equivalent to a fiduciary duty applicable to middle or front-line management.

12.     In the case of Members of the Board of Directors, and those managers in charge of the administration of a company, that is, those who hold the broadest authority to act and execute acts on behalf of the company, the General Law of Commercial Corporations provides for duties that could be considered as similar to the fiduciary duty, as they are obligated to conduct themselves according to prudence and taking care of the business as if it was their own.

13.     Not every employee may be deemed to have been granted the broadest authority to direct a company, nor to administer the material assets of the company (which requires a specific designation by a Shareholders Meeting or by the Board of Directors or a formal granting of a power of attorney before a notary public).

14.     Article 145 of the General Law of Commercial Corporations provides for that the designation of general or special managers can be made by the Shareholders, by the Board of Directors or by the Sole Administrator.  Article 10 of the General Law of Commercial Corporations makes reference to the authority to represent the company, and the requirements to delegate such authority by granting a power of attorney.

15.     Under the Mexican commercial legal system, agents (those with the authority to run the company) and managers with the authority to conduct trading activities on behalf of the company, are responsible before the company (principal) for any losses suffered by the latter as a result of the malice, negligence or violation of the orders or instructions received by the company, which attempt against the

HUERTA-BLECK DECLARATION
CV 04-9049 SGL (RNBx)

interests of the company.  (Article 327, with relation to article 309 of the Mexican Commercial Code).

**BREACH OF DUTY OF LOYALTY**

16.     The Mexican legal system does not govern "loyalty" as an obligation of an employee, but rather refers to the obligation to act with probity.  The Mexican Federal Labor Law (Section II of article 47), provides as a legal cause to terminate an employee, without the need to indemnify him/her, that s/he acts contrary to adequate probity.  Acting for two companies that compete with each other may constitute a violation of one's obligation to act with probity, and thus, be grounds for termination.

17.     However, from a civil law perspective, there is no specific provision that would prevent an employee from taking two jobs, and, thus, would not give rise to a civil claim for damages.

18.     In addition, it is worth mentioning that any employee is permitted to resign, should the continuance of its relationship with the employer contravene its interests.  The Mexican Constitution, in its article 5, reinforces this concept, providing that no one may be prohibited from carrying out any profession, industry, commercial acts or job which s/he considers fit, being licit.  This freedom may only be restricted by judicial determination, in cases in which the rights of third parties are violated or by governmental determination, rendered in accordance with law, when the rights of society as a whole are affected.

**INTENTIONAL INTERFERENCE WITH CONTRACT**

19.     The legal doctrine has extensively discussed the existence of interference for the execution of a contract, during the pre-contractual stage (*culpa-incontrahendo*).

20.     Under the generic provision of extra-contractual liability (similar to "tort"), contained in article 1910 of the Mexican Civil Code, it may be alleged that making misrepresentations to a potential contractual party (misconduct during the

- 4 -

pre-contractual stage), with the only intent of damaging its business, may be considered as an act against "proper traditions."

21.    However, once a contract is entered into, the parties are obliged to honor their obligations.  The Mexican legal system does not contain any provision prohibiting a third party from conducting activities, which may result in the breach of a contract to which it is totally alien.


I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.  Executed at Mexico City, Mexico on the 7th day of May, 2010.

Juan Alberto Huerta Bleck

OHS West:260911552.1