QUINN EMANUEL URQUHART & SULLIVAN, LLP
  John B. Quinn (Bar No. 090378)
  (johnquinn@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation, et al.,<br><br>              Plaintiffs,<br><br>     vs.<br><br>MGA ENTERTAINMENT, INC., a California corporation, et al.,<br><br>              Defendants.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 DOC (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>**Hon. David O. Carter**<br><br>MATTEL, INC.'S *EX PARTE* APPLICATION TO SET HEARING DATE FOR DEFENDANTS' MAY 10, 2010 MOTIONS CONSISTENT WITH FED. R. CIV. P. 56(C);<br><br>MEMORANDUM OF POINTS AND AUTHORITIES; AND<br><br>[PROPOSED] ORDER<br><br>**Phase 2**<br>Discovery Cut–off:   TBD<br>Pre–trial Conference:   TBD<br>Trial Date:   TBD |

Mattel, Inc. ("Mattel") hereby respectfully applies *ex parte*, pursuant to Local Rule 7-19, for an order setting a hearing date no earlier than June 21, 2010, as required by Fed. R. Civ. P. 56(c), on the following motions (collectively, the "Motions"):

1. Motions of the MGA Parties and IGWT 826 to Dismiss RICO and Creditor Claims and for Summary Adjudication of RICO Claims [Docket No. 7831];

2. Motions of MGA Entertainment, Inc. and Isaac Larian to Dismiss And/Or for Summary Adjudication Regarding U.S.-Based Trade Secret and Employee-Based State Law Tort Claims Brought by Mattel Inc. [Docket No. 7832];

3. Motions by MGAE de Mexico to Dismiss for Lack of Personal Jurisdiction and on Ground of *Forum Non Conveniens*, Motion by MGA And Isaac Larian for Summary Adjudication of Foreign Trade Secret Claims [Docket No. 7834];

4. Defendant Machado's Motion to Dismiss First Counterclaim Under Rule 30(b)(6) [sic] and Joinder in Motions to Dismiss and For Summary Judgment By MGA Parties' [Docket No. 7828]; and

5. Omni 808 Investors, LLC's Motion to Dismiss Mattel, Inc.'s Fourth Amended Answer and Counterclaims [Docket No. 7837] and Memorandum of Points and Authorities in Support of Omni 808 Investors, LLC's Motion to Dismiss Mattel, Inc.'s Fourth Amended Answer and Counterclaims [Docket No. 7836].

Mattel makes this Application on the grounds that defendants have noticed the Motions for hearing on June 7, 2010, in violation of Rule 56(c). Under Local Rule 7-9, a June 7 hearing date would make Mattel's oppositions to the Motions due on May 17, 2010. However, under Fed. R. Civ. P. 56(c), as a matter of law Mattel is entitled to at least 21 days to oppose motions for summary judgment. Accordingly, the noticed hearing dates are improper except as Omni's motion. Moreover, even if Rule 56(c) did not require a later hearing date, the volume of materials filed by

-i-

MATTEL'S EX PARTE APPLICATION

1  defendants make a later hearing date appropriate and just to permit Mattel adequate
2  time to oppose the Motions.  Accordingly, the Court should set the hearing on the
3  Motions for June 21, 2010 or such date thereafter as the Court chooses.

4        Good cause exists to seek this relief on an *ex parte* basis.  Mattel cannot bring
5  a noticed motion to reset the hearing date that would be heard prior to the current
6  opposition date.

7        Pursuant to <u>Local Rule</u> 7-19, on May 10, 2010, Mattel's counsel gave notice
8  of the instant *ex parte* to counsel for the MGA Parties, Annette Hurst and
9  Warrington Parker, Orrick, Herrington & Sutcliffe, LLP, 405 Howard Street, San
10 Francisco, CA, telephone: (415) 773-4585, and email: wparker@orrick.com,
11 ahurst@orrick.com; counsel for defendant Omni 808 Investors, LLC, Todd E.
12 Gordinier and Peter N. Villar, Bingham McCutchen LLP, 600 Anton Boulevard,
13 18th Floor, Costa Mesa, CA 92626, telephone (714) 830-0600, and email
14 todd.gordinier@bingham.com and peter.villar@bingham.com; and counsel for
15 defendant Machado Alexander Cote, Scheper Kim & Harris LLP, 601 W. FIfth
16 Street, 12th Floor, Los Angeles, CA, telephone: (213) 613-4655, email:
17 acote@scheperkim.com and Mark E. Overland, Law Offices of Mark E. Overland,
18 100 Wilshire Blvd., Suite 950, Santa Monica, CA, telephone (310) 459-2830, email:
19 mark@overlaw.net.  Counsel for defendants did not respond.

20       This Application is based on this Notice of Application, the accompanying
21 Memorandum of Points and Authorities, the records and files of this Court, and all
22 other matters of which the Court may take judicial notice.

23

24 DATED:  May 10, 2010      QUINN EMANUEL URQUHART &
25                                       SUULIVAN, LLP
26
27                               By /s/ Michael T. Zeller
                                Michael T. Zeller
28                                 Attorneys for Mattel, Inc.

# MEMORANDUM OF POINTS AND AUTHORITIES

In direct contravention of Federal Rule of Civil Procedure 56, defendants purportedly noticed four combined motions for summary judgment and to dismiss, and an additional stand alone motion to dismiss, for hearing on June 7.  With the exception of Omni, each defendant seeks relief under both Rule 12 and Rule 56 in each motion.  Having spent 47 days writing their motions, defendants would have Mattel respond in just one week.  Rule 56(c)(1)(B) precludes this kind of gamesmanship: it requires, as a matter of law, that a party be given at least 21 days to oppose summary judgment – even a single, simple summary judgment motion. Fairness likewise requires that Mattel have at least that much time to respond. Defendants' briefs, including an oversized brief for which defendants obtained no prior approval, run on for 131 pages.

Mattel should not be forced to respond to all this in the one week afforded by the date defendants have noticed in contravention of the Federal Rules.  Mattel should not have to defend against the summary adjudication of its claims with only seven days to oppose briefs written over seven weeks.  The Court should set a hearing date that gives Mattel at least the time provided by the Federal Rules – three weeks – to oppose the motions.

## Background

Mattel lodged its FAAC on March 24,[1] and filed it on April 12, 2010.[2]  In April, the parties met and conferred regarding a briefing schedule on defendants' contemplated motions to dismiss and for summary judgment.  While Mattel did not know precisely what motions defendants intended to file (because MGA did not disclose this when asked), MGA informed Mattel that it intended to move to dismiss or for summary judgment on every claim.  Given the scope of the planned motions,

---

[1] Dkt. No. 7676.
[2] Dkt. No. 7704.

Mattel agreed to give defendants an additional three weeks to file their motions in exchange for assurances that Mattel would have three weeks to oppose the threatened motions. The parties then submitted a stipulated briefing schedule.[3]

The Court rejected the stipulation, expressing concern that a lengthy briefing schedule on pleading motions would unduly delay the progress of the litigation.[4] At that point, defendants were in default – they had neither moved nor answered by the deadline to respond to Mattel's Fourth Amended Counterclaims provided by the Rules. Defendants then brought *ex parte* applications seeking additional time to bring motions directed to the FAAC.[5] Mattel did not oppose those requests.

On April 28, the Court issued an Order on defendants' *ex parte* applications.[6] The Court ruled that in the absence of a discovery deadline or motion cutoff, MGA's "desire to file a motion for summary adjudication prior to the close of discovery" was not a basis for extending defendants' time to respond to the FAAC.[7] Nevertheless, the Court gave MGA and Omni until May 10 file responsive pleadings, plainly meaning Rule 12(b)(6) motions.

This evening on May 10, 2010, having had 47 days since the time the FAAC was lodged, the MGA Parties filed three motions, each of which seeks relief under both Rule 12 and Rule 56. These motions total 90 pages in length, and the supporting separate statement is 1,008 pages. Just one of the supporting

---

[3] Stipulation and [Proposed] Order for Briefing Schedule on Motions Regarding Mattel's Fourth Amended Answer and Counterclaims [Docket No. 7769].

[4] Order Denying Stipulation for Briefing Schedule on Motions Regarding Mattel's Fourth Amended Answer and Counterclaims [Dkt No. 7773].

[5] The MGA Parties' Ex Parte Application for Order Setting Briefing Schedule [Dkt. No. 7770]; Omni 808's Ex Parte Application for Extension of Time to File Response to Mattel, Inc.'s Fourth Amended Answer and Counterclaims [Dkt. No. 7771].

[6] April 28, 2010 Order Setting Deadlines to Respond to Mattel's Fourth Amended Answer and Counterclaims [Docket No. 7783].

[7] Id. at 2.

declarations, the Declaration of L. Kieran Kieckhefer, is 5,598 pages long (including exhibits). Defendant Machado joined in MGA's motions to dismiss and for summary judgment and filed his own 16 page brief. Defendant Omni filed a separate 25 page motion to dismiss.[8]

## Argument

### I. THE NOTICED HEARING DATE VIOLATES THE FEDERAL RULES OF CIVIL PROCEDURE AND THE LOCAL RULES

Fed. R. Civ. P. 56(c) provides that "a party opposing the motion [under Rule 56] must file a response within 21 days after the motion is served or a responsive pleading is due, whichever is later". Notwithstanding this unequivocal requirement, MGA and Machado purported to set the hearing on their motions for June 7, 2010, just 28 days after filing. This is in violation of Rule 56(c), which entitles Mattel to at least 21 days to oppose defendants' summary judgment motions,[9] and Local Rule 7-3, which requires that the hearing date be set at least 21 days after Mattel's oppositions are due. Accordingly, the earliest date that may be set for Mattel's oppositions is May 31, 2010, and the first date on which defendants' summary judgment motions could be heard under the Rules is 21 days later, or June 21, 2010. Had MGA and Machado only sought relief pursuant to Rule 12, as the Court's April 28 Order on defendants' *ex parte* applications appears to have contemplated, June 7

---

[8] Memorandum of Points and Authorities in Support of Omni 808 Investors, LLC's Motion to Dismiss Mattel, Inc.'s Fourth Amended Answer and Counterclaims [Docket No. 7836].

[9] See also Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d Rule 56 (April 2010 Supp. at 3 n. 5 re: 2009 amendments) (party responding to motion for summary judgment has 21 days to respond); 11 Moore's Federal Practice § 56.10[2][a] (Matthew Bender 3d ed.) (opposing party has 21 days from service of motion to file response).

would have been a permissible hearing date under the Federal and Local Rules.[10] However, MGA and Machado's motions, which also seek summary judgment, run afoul of the notice periods set forth in Rule 56.[11]

## II. THE VOLUME OF DEFENDANTS' FILINGS WARRANTS MORE THAN SEVEN DAYS FOR MATTEL TO OPPOSE THE MOTIONS

Even if the Rules did not require that Mattel be afforded more time, which they do, simple fairness requires that Mattel be given at least three weeks to address defendants' attacks, which target virtually all of Mattel's claims in this case. Mattel's FAAC is 99 pages long; from the time Mattel lodged the FAAC, defendants had 47 days to prepare their motions (and they had 28 days since Mattel formally filed its pleading). Defendants' motions are 131 pages long, accompanied by more than a thousand pages of separate statements, and yet defendants seek to force Mattel to oppose the motions in just 7 days. That is neither fair nor appropriate.

---

[10] Because Omni has not sought summary judgment, its motion could properly be noticed for June 7 under the Rules. However, Mattel believes it makes sense for defendants' various responsive motions to be heard together. Since the other defendants' motions cannot be heard on June 7, Mattel submits that the Court should reset the hearing on Omni's brief as well.

[11] Nor can Mattel respond separately to the pleading portions of MGA's briefs; the briefs conflate Rule 12 and Rule 56 arguments throughout. For example, the MGA Parties' and IGWT's RICO-related briefing incorporates all Rule 12 arguments by reference in the arguments relevant to Rule 56. See Motions of Counter-Defendants MGA Parties and IGWT 826 to Dismiss RICO and Creditor Claims and for Summary Adjudication of RICO Claims [Docket No. 7831] at 26. MGA, Larian and MGA de Mexico also combine Rule 12 and Rule 56 arguments in their so-called "Foreign Trade Secrets" brief. See Motions by MGAE de Mexico to Dismiss for Lack of Personal Jurisdiction and on Ground of *Forum Non Conveniens*, Motion by MGA And Isaac Larian for Summary Adjudication of Foreign Trade Secret Claims [Docket No. 7834] at 12. Mattel should not be forced to parse from MGA's briefs which arguments are brought under Rule 12 and which are brought under Rule 56, especially given that the moving parties did not bother to do so and particularly under threat of losing a claim if it incorrectly deciphers what relief is sought under what Rule.

Mattel should not be forced to respond to dispositive motions at breakneck speed simply because defendants have unilaterally chosen to move for summary judgment in the midst of discovery. As both the Rules and this Court have recognized, summary judgment is typically scheduled under the Court's direction. See Rule 56, Advisory Committee Notes, 2009 Amendments ("in most cases, [the court] defer[s] summary-judgment motions until a stated time" and such procedures "are likely to work better than default rules"); April 28, 2010 Order ("The Court has not yet set a discovery deadline, has not set a motion cut-off date, and did not otherwise invite MGA to file a motion for summary judgment."). Indeed, this Court has previously recognized that summary judgment as to issues in Phase 2 may well be premature until the Ninth Circuit has ruled:

> The really dispositive date on this case may be the summary judgment date, and when I tell counsel we set that date is critical. After the fourth amended and the answer and response, I may not set the summary judgment date right away. We may have a little hiatus in there where the depositions calm down a little bit, and we simply wait to see what the Ninth Circuit does.[12]

Defendants ignored the Court's directions to proceed in an orderly fashion, and charged headlong into premature summary judgment motions while discovery is actively ongoing and while defendants continue to stonewall in producing documents and witnesses, including even their 30(b)(6) witnesses. That may have been defendants' improvident choice, but that choice requires that Mattel at least be granted adequate time to respond.

---

[12] March 13, 2010 Hearing Tr. at 58:12-18.

**Conclusion**

Mattel respectfully requests that the Court rule that Mattel's oppositions to the Motions be due no earlier than May 31, 2010.

DATED: May 10, 2010          QUINN EMANUEL URQUHART &
                             SULLIVAN, LLP


                             By /s/ Michael T. Zeller
                                Michael T. Zeller
                                Attorneys for Mattel, Inc.