Bingham McCutchen LLP
TODD E. GORDINIER (SBN 82200)
todd.gordinier@bingham.com
PETER N. VILLAR (SBN 204038)
peter.villar@bingham.com
CRAIG A. TAGGART (SBN 239168)
craig.taggart@bingham.com
600 Anton Boulevard, 18th Floor
Costa Mesa, CA 92626-1924
Telephone: 714.830.0600
Facsimile: 714.830.0700

Attorneys for Counter-Defendant
OMNI 808 INVESTORS, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>MGA ENTERTAINMENT, INC., a California corporation, et al.,<br><br>Defendants.<br><br>AND CONSOLIDATED ACTIONS. | Case No. CV 04-09049 DOC (RNBx)<br>c/w Case Nos. CV 04-09059 & CV 05-2727<br><br>Hon. David O. Carter<br><br>**OMNI 808 INVESTORS, LLC'S OPPOSITION TO MATTEL, INC.'S EX PARTE APPLICATION TO SET HEARING DATE FOR DEFENDANTS' MAY 10, 2010 MOTIONS CONSISTENT WITH <u>FED. R. CIV. P. 56(c)</u>**<br><br>**<u>Phase 2</u>**:<br>Discovery Cut-off: TBD<br>Pre-trial Conference: TBD<br>Trial Date: TBD |

A/73376197.1/3009108-0000337036

Omni 808 Investors, LLC ("Omni") respectfully submits this Opposition to Mattel, Inc.'s Memorandum in Support of its Ex Parte Application to Set Hearing Date for Defendants' May 10, 2010 Motions Consistent with Fed. R. Civ. P. 56(c).

This Court made it clear in its April 28, 2010 Minute Order that "[a]ny opposition and reply briefs shall be filed in accordance with the Local Rules and the Court will provide *no extensions* to the Local Rules' deadlines." (April 28, 2010 Minute Order at 3) (emphasis in original).  Notwithstanding this Court's emphatic statement, Mattel improperly attempts to lump Omni in with the other defendants and seeks a *two week extension* beyond the timeframe set forth in the Local Rules to respond to Omni's motion to dismiss.[1]  This request should be denied for four reasons.

First, in its Ex Parte Application, Mattel concedes that Omni's Motion to Dismiss Mattel, Inc.'s Fourth Amended Answer and Counterclaims was ***noticed correctly***.  (Mattel's Ex Parte Application at i:26-27 ["Accordingly, the noticed hearing dates are improper except as Omni's motion."] & 4 n.10 ["Because Omni has not sought summary judgment, its motion could properly be noticed for June 7 under the Rules."].)  Omni noticed its motion for June 7, 2010 -- 28 days after service in compliance with Local Rule 6-1.

Second, despite Mattel's lengthy and convoluted FAAC, Omni did *not* file an oversized brief, but kept it within the 25 page limit set forth in Local Rule 11-6.  Because Omni's brief was noticed correctly and within the 25 page limit, there is

---

[1] It should be noted that Mattel incorrectly states, for the second time, that Omni's motion to dismiss was originally due on April 26, 2010 and that the defendants, including Omni, "were in default" because they did not file their motions before that date.  However, as explained in Omni's Reply in Support of its Ex Parte Application for Extension of Time to Respond to Mattel, Inc.'s Fourth Amended Answer and Counterclaims, Omni's motion was not due originally due until May 3, 2010 based on the timeframe set forth on Mattel's summons.  Repetitive misstatements provide no more support for Mattel here than was true the first time it occurred.

no reason for this Court to deviate from its April 28, 2010 Order and grant Mattel an additional two weeks of time to respond.

<u>Third</u>, Mattel failed to provide proper notice to Omni of its Ex Parte Application. Local Rule 7-19.1 requires a party filing an ex parte application to "to make a good faith effort" to provide notice to other parties and inform the court of such efforts. Although Mattel claims that the defendants "did not respond" to its effort to meet and confer, Mattel's effort was not in "good faith." Mattel merely sent an email at approximately 9:25 p.m. last night informing the parties of its intent to move ex parte. Without providing adequate time for the parties to respond, Mattel then filed its Ex Parte Application approximately two hours later.

<u>Fourth</u>, although Omni did not file a Rule 56 motion, it should be noted that Mattel mischaracterizes Rule 56(c) in an effort to obtain an extension of time to respond to *all* motions, *including Omni's motion to dismiss*. Mattel argues in its Ex Parte Application that Rule 56(c)(1)(B) "requires, <u>as a matter of law</u>, that a party be given at least 21 days to oppose summary judgment . . . ." (Ex Parte App. at 4:8-10) (emphasis added). However, Mattel fails to quote the first half of the Rule which states "***unless a different time is set by local rule or the court orders otherwise*** . . . ." Fed. R. Civ. P. 56(c)(1) (emphasis added). Significantly, a different time is set here by local rule. Local Rules 6-1 and 7-3 require that motions be noticed 28 days before the heading date and that oppositions to all motions to be filed 21 days before the hearing date. Furthermore, the Court made it emphatically clear that the timeframe set forth in the Local Rules would apply to the oppositions and reply briefs. Thus, Mattel's attempt to use the Rule 56 issues -- a rule that does not even apply to Omni's motion -- as a springboard for obtaining

a two week extension of time to respond to Omni's motion should be denied. Mattel should not be rewarded for its gamesmanship.[2]

In sum, Mattel admits that Omni noticed its motion correctly and complied with the page limitations set forth in the Local Rules. Thus, whatever the Court decides with respect to Mattel's Ex Parte Application as to the other motions, there is no basis to grant Mattel's request for additional time to respond to Omni's motion to dismiss. Omni's motion should be briefed in accordance with the Local Rules and the specific Order issued by this Court. Mattel has provided no reason why it should be granted any additional time to respond to Omni's motion to dismiss -- let alone two additional weeks.

DATED:  May 11, 2010                 Bingham McCutchen LLP


                                     By: /s/ Todd E. Gordinier
                                         Todd E. Gordinier
                                         Attorneys for Counter-Defendant
                                         OMNI 808 INVESTORS, LLC

---

[2] Notably, Mattel, after stipulating to a briefing schedule providing Omni with an extension of time, filed an opposition to Omni's Ex Parte Application for an Extension of Time to Respond to the FAAC. Indeed, in its Opposition, Mattel falsely argued that Omni had missed its deadline to respond to the FAAC and was in default.