MELINDA HAAG (State Bar No. 132612)
mhaag@orrick.com
ANNETTE L. HURST (State Bar No. 148738)
ahurst@orrick.com
WARRINGTON S. PARKER III (State Bar No. 148003)
wparker@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
405 Howard Street
San Francisco, CA  94105-2669
Tel: (415) 773-5700/Fax: (415) 773-5759

WILLIAM A. MOLINSKI (State Bar No. 145186)
wmolinski@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA  90017
Tel. (213) 629-2020/Fax: (213) 612-2499

THOMAS S. MCCONVILLE (State Bar No. 155905)
tmcconville@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
4 Park Plaza, Suite 1600
Irvine, CA 92614-2258
Tel: (949) 567-6700/Fax: (949) 567-6710

Attorneys for MGA Parties

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation,<br><br>                 Plaintiff,<br><br>        v.<br><br>MGA ENTERTAINMENT, INC., a California corporation, et al.,<br><br>                 Defendant.<br><br>AND CONSOLIDATED ACTIONS | Case No.  CV 04-09049 DOC (RNBx)<br>Consolidated with:<br>Case Nos. CV 04-09059 & CV 05-02727<br><br>**MGA PARTIES' OPPOSITION TO MATTEL, INC.'S *EX PARTE* APPLICATION TO SET HEARING DATE FOR DEFENDANTS' MAY 10, 2010 MOTIONS CONSISTENT WITH FED. R. CIV. P. 56(C)** |

1        MGA Entertainment, Inc., MGAE de Mexico and Isaac Larian ("the MGA

2    Parties") hereby respectfully submit the following response to the *ex parte*

3    application by Mattel Inc. ("Mattel") for an order setting a hearing date no earlier

4    than June 21, 2010 on the motions to dismiss and summary judgment motions filed

5    by the MGA Parties.

6                              **INTRODUCTION**

7        Contrary to Mattel's claim of "gamesmanship," the MGA Parties filed and

8    noticed their motions to dismiss and for summary judgment in compliance with the

9    Court's April 28 Order and the Local Rules.  The Court's April 28 Order expressly

10   directed the parties to comply with the Local Rules in scheduling the motions.

11   Local Rule 6-1 provide for the filing of motions upon 28 day notice and Local Rule

12   7-9 commands that any opposition be filed no later than 21 days before the noticed

13   hearing date.  Fed. R. Civ. Proc. 56(c) is not contrary, and expressly provides that

14   its provisions on the timing of motions and oppositions will apply "unless a

15   different local rule provides otherwise."  F.R.C.P. 56(c)(1).  The MGA Parties

16   complied with the Local Rules in setting a hearing on the motions for June 7, 2010.

17                              **BACKGROUND**

18       On April 26, 2010, the parties filed a joint stipulation stating that the MGA

19   Parties intended to file concurrently motions for summary judgment and motions to

20   dismiss.  Mattel was well aware that the scope of the motions contemplated was

21   likely to encompass every claim.  Dkt. No. 7769 ("WHEREAS, the MGA Parties

22   have also informed Mattel that they intend to file motions for summary adjudication

23   at the same time as their pleading motion . . . [and] the MGA Parties have also

24   informed Mattel that the scope of their combined pleading and summary

25   adjudication motions is likely to encompass every claim.")

26       The Court rejected the parties' stipulation, finding that the proposed schedule

27   appeared to "result in undue delay to the progress of the litigation."  Dkt. 7773.

28   The MGA Parties then filed an ex parte application to allow it to file its motions on

1    May 10, 2010 since, when the Court denied the stipulation, the deadline for
2    responding to the FAAC had passed.  Dkt. 7770.

3        On April 28, 2010, the Court issued an order setting May 10 as the date by
4    which MGA was required to file its motions attacking Mattel's amended pleadings
5    and admonished the parties that "[a]ny oppositions and reply briefs shall be filed in
6    accordance with the Local Rules and the Court shall provide **no extension** to the
7    Local Rules' deadlines."  Dkt. No. 7783 (emphasis in original).

8        On May 4, 2010, after issuance of the Court's order, the parties met and
9    conferred by telephone over the intended motions.  The MGA Parties further
10   described in that call the grounds of the motions they planned to file, elaborating on
11   the basis for the motions, and detailing each expected grounds for the motion.
12   Counsel for the Omni Parties and counsel for Gustavo Machado also explained the
13   basis for their expected motions.  Declaration of William A. Molinski, ¶ 4.

14       During the May 4 call, counsel for the MGA Parties, Annette Hurst, raised
15   the issue of the scheduling of the hearing on the motion.  She referenced the Court's
16   directive to comply with Local Rules, and based on those Rules, identified June 7,
17   2010 as being the appropriate hearing date.  Ms. Hurst asked Mattel's counsel if
18   they believed that calculation to be correct, and none of the Mattel lawyers on the
19   call disagreed with the calculation.  Ms. Hurst, therefore, told Mattel's counsel that
20   the MGA Parties would notice the hearing for that date, which the MGA Parties
21   did.  *Id*., ¶ 5.

22                                    **ARGUMENT**

23       The Court's April 28 Order expressly directed the parties to comply with the
24   Local Rules in setting the announced summary judgment and dismissal motions for
25   hearing.  The Local Rules expressly provide for the hearing date set by the MGA
26   Parties and allows for any opposition to be filed 21 days prior to that hearing.  *See*
27   Local Rules 6-1 and 7-9.

28

1   Fed. R. Civ. Proc. 56(c) is not contrary.  While Rule 56(c) states that a party

2   must file a response "within 21 days" after the motion is served, Rule 56(c)

3   provides that "these times apply *unless a different time is set by local rule . . .*"

4   F.R.C.P. 56(c)(1) (emphasis added).  Here, a different time is set by Local Rules,

5   and, thus, the scheduling of a hearing on a motion is controlled by the Local Rules.

6   Indeed, the Court's April 28 Order expressly provided that "any opposition and

7   reply briefs shall be filed in accordance with the *Local Rules*."  (emphasis added).

8   The MGA Parties are not unsympathetic to Mattel's claimed need for more

9   time to oppose the MGA Parties' motions; under the rejected stipulation, the MGA

10  Parties had agreed to the amount of time that Mattel now requests in exchange for

11  Omni's request for more time to file its motion to dismiss.  But the Court's Order

12  made clear that the MGA Parties were required to file any combined motions by

13  May 10.  The Order also provided that any opposition must comply with the Local

14  Rules on the timing of the papers, and that the Court "will provide **no extensions** to

15  the Local Rules' deadlines."  Dkt. 7783.

16

17  Dated:   May 10, 2010            ORRICK, HERRINGTON & SUTCLIFFE LLP

18

19                      By:   /s/ *William A. Molinski*
20                            William A. Molinski
                              Attorneys for MGA Parties

21

22

23

24

25

26

27

28