QUINN EMANUEL URQUHART & SULLIVAN, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  michaelzeller@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017–2543
Telephone: (213) 443–3000
Facsimile: (213) 443–3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>MGA ENTERTAINMENT, INC., a California corporation, et al.,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04–9049 DOC (RNBx)<br>Consolidated with<br>Case No. CV 04–09059<br>Case No. CV 05–02727<br><br>**DISCOVERY MATTER**<br><br>Hon. David O. Carter<br><br>**REPLY IN SUPPORT OF MATTEL, INC.'S OBJECTIONS TO THE DISCOVERY MASTER'S FIFTH AMENDMENT RULINGS DURING THE DEPOSITION OF JOE TIONGCO**<br><br>Date: TBD<br>Time: TBD<br>Place: Courtroom 9D<br><br>**Phase 2**<br>Discovery Cut–off: TBD<br>Pre–trial Conference: TBD<br>Trial Date: TBD |

00505.07975/3493093.1

**Preliminary Statement**

It is undisputed that Mr. Tiongco is invoking the Fifth Amendment to withhold relevant information. The only issue is whether Mr. Tiongco has satisfied the requirements for invoking the privilege. Mr. Tiongco's opposition proves that he has not. The Fifth Amendment does not apply if there is no risk of prosecution, and a witness is required to lay a foundation for his invocation of the privilege. Blanket assertions of the privilege are improper. Mr. Tiongco, however, refused to answer even Mattel's foundational questions on the grounds of the Fifth Amendment. Without the requisite foundation, Mr. Tiongco's claim of privilege fails as a matter of law, and all Fifth Amendment objections should be overruled.

Even apart from his failure to answer foundational questions, Mr. Tiongco has improperly invoked the Fifth Amendment privilege with respect to questions that seek information about actions that cannot possibly incriminate him, such as copyright infringement by third parties and actions that took place outside of the statute of limitations period. Mr. Tiongco's blanket invocation stretches the Fifth Amendment privilege well beyond its boundaries. The Court should reject Mr. Tiongco's deficient privilege claims.

**Argument**

**I.   MR. TIONGCO HAS NOT SHOWN THAT HE MAY INVOKE THE FIFTH AMENDMENT PRIVILEGE**

Mr. Tiongco's opposition ignores the key argument in the moving papers. As Mattel has shown, to invoke the Fifth Amendment, the witness is required to lay a proper foundation. It is well-established that "[t]he witness is not exonerated from answering merely because he declares that in so doing he would incriminate himself--- his say-so does not of itself establish the hazard of incrimination." United States v. Hoffman, 341 U.S. 479, 487 (1951); see also Baker v. Limber, 916 (9th Cir. 1981) ("[t]he privilege normally is not asserted properly by merely declaring that an answer will incriminate.") (citation omitted). A person claiming a privilege under the Fifth

00505.07975/3493093.1

-1-

REPLY IN SUPPORT OF MATTEL, INC.'S OBJECTIONS TO THE DISCOVERY MASTER'S FIFTH AMENDMENT RULINGS DURING THE DEPOSITION OF JOE TIONGCO

Amendment "must be 'confronted by substantial and real, and not merely trifling or imaginary, hazards of incrimination.'" <u>United States v. Doe</u>, 465 U.S. 605, 614 n. 13 (1984) (citing <u>Marchetti v. United States</u>, 390 U.S. 53 (1968)). This requirement of foundation is consistent with the rule that the privilege against self-incrimination "protects against real dangers, not remote and speculative possibilities." <u>Zicarelli v. New Jersey State Comm'n of Investigation</u>, 406 U.S. 472, 478 (1972).

Here, Mr. Tiongco prevented Mattel from inquiring into such basic foundational matters as whether he is or believes that he may become a subject of a criminal investigation. Mr. Tiongco's own authority emphasizes the importance of establishing the basis for the witness's belief regarding the likelihood of prosecution in the Fifth Amendment analysis. <u>Doe ex rel. Rudy-Glanzer v. Glanzer</u>, 232 F.3d 1258, 1263 (9th Cir. 2000) ("the invocation of the privilege is limited to those circumstances in which the person invoking the privilege <u>reasonably believes</u> that his disclosures could be used in a criminal prosecution . . .) (citing <u>United States v. Bodwell</u>, 66 F.3d 1000, 1001 (9th Cir. 1995) (emphasis added)). Accordingly, Mr. Tiongco's vague claims in the Opposition that responding to Mattel's questioning may subject him to criminal prosecution lack requisite evidentiary foundation and should be rejected.

Because Mr. Tiongco refused to respond to foundational questions, there is nothing in the record to support his invocation of the Fifth Amendment except his bald, unsupported assertions. Such assertions are insufficient as a matter of law. See <u>Brunswick Corp. v. Doff</u>, 638 F.2d 108, 110 (9th Cir. 1981) (holding that witness "fail[ed] to properly support" his claim of privilege and noting that "the invocation of the privilege . . . was accompanied by nothing other than a bald assertion of the privilege"); <u>see also</u> <u>Industrial Indemnity Co. v. Niebling</u>, 844 F. Supp. 1374, 1377 (D. Ariz. 1994) (holding assertion insufficient because it provides "no basis for determining whether invocation of the privilege is appropriate[,]" because defendants "have not adequately identified and explained the nature of the pending criminal matters alluded to" and thus, the court is "not able to determine whether there is a sound basis for

1  Defendants' fear of prosecution"). As the Ninth Circuit has held, to properly assert the
2  Fifth Amendment, the witness must establish "a good–faith belief that [his] testimony
3  might incriminate [him]." United States v. Vavages, 151 F.3d 1185, 1192 (9th Cir.
4  1998); see also Brunswick, 638 F.2d at 110 (same). Mr. Tiongco has not come close to
5  meeting this standard.

6       Mr. Tiongco's broad invocation of the privilege is especially inappropriate
7  because Mr. Tiongco cannot credibly argue that responses to all of the questions at
8  issue could incriminate him. For instance, Mr. Tiongco refused to say whether he is
9  aware of copying of intellectual property by *other* MGA employees. Mr. Tiongco's
10 Opposition does not explain how third parties' infringement could lead to a criminal
11 prosecution against him. Similarly, Mr. Tiongco refused to respond to *any* questions
12 related to his prior infringement. But Mr. Tiongco has worked at MGA for
13 approximately ten years, whereas the statute of limitations for criminal copyright
14 infringement is five years. 17 U.S.C. § 507. It is settled that no Fifth Amendment
15 privilege exists for testimony regarding criminal activity by the witness on which the
16 statute of limitations has run. See, e.g., Brown v. Walker, 161 U.S. 591, 598 (1896);
17 United States v. Stewart, 445 F. 2d 897 (8th Cir. 1971). Accordingly, aside from their
18 foundational deficiencies, Mr. Tiongco's Fifth Amendment objections are overbroad on
19 their face. The Court should, therefore, reject Mr. Tiongco's invocation of the Fifth
20 Amendment privilege where there is no conceivable risk of self-incrimination. See,
21 e.g., Donovan v. Spadea, 757 F.2d 74, 78 (3d Cir. 1985) (no Fifth Amendment
22 privilege where the questions are "facially innocuous and do not appear likely to elicit
23 incriminatory responses").[1]

---

[1] The cases cited by Mr. Tiongco are inapposite. Neither Englebrick v. Worthington Industries, Inc. 670 F. Supp. 2d 1048 (C.D. Cal. 2009), nor In re Master Key Litigation, 507 F. 2d 292 (9th Cir. 1974), involved a witness who, as Mr. Tiongco, refused to answer any foundational questions on the basis of the Fifth Amendment privilege.

## II. MR. TIONGCO CONCEDES THAT HE IS PREVENTING DISCOVERY INTO HIGHLY RELEVANT ISSUES

Mr. Tiongco does not dispute that Mattel seeks testimony on relevant issues. As Mattel's moving papers demonstrated, Mr. Tiongco's demotion for apparently engaging in massive copyright infringement is relevant to his credibility as a key witness in this case. Further, because he evidently engaged in MGA-authorized infringement of the copyrights of Mattel and/or others, his testimony is relevant in multiple respects to Mattel's RICO claims, especially the predicate act of criminal copyright infringement. Moreover, Mr. Tiongco refused to answer questions relevant to showing that MGA had a pattern and practice of infringing on others' intellectual property, which is probative of MGA's intent to infringe on Mattel's rights as well as proper rebuttal to MGA's contentions that MGA executives and employees who infringed Mattel's rights were doing so outside the scope of their employment.

Mr. Tiongco argues that the Fifth Amendment privilege trumps Mattel's right to discovery. But, as explained above, the premise of Mr. Tiongco's argument is incorrect because he has not laid foundation for the invocation of the Fifth Amendment. Accordingly, Mr. Tiongco's privilege objections fail as a matter of law and Mattel is entitled to substantive answers to its indisputably relevant questions pursuant to Rule 26. See, e.g., Pobursky v. Madera County, 2009 WL 4127916, *2 (E.D. Cal. Nov. 23, 2009) (sanctioning a deponent who improperly asserted Fifth Amendment objections to relevant questions and stating that "a party's Fifth Amendment interests are to be balanced against the opposing party's interests so as to 'ensure that the opposing party is not unduly disadvantaged.'") (quoting Serafino v. Hasbro, Inc., 82 F.3d 515, 518 (1st Cir. 1996)).

00505.07975/3493093.1

-4-
REPLY IN SUPPORT OF MATTEL, INC.'S OBJECTIONS TO THE DISCOVERY MASTER'S FIFTH AMENDMENT RULINGS DURING THE DEPOSITION OF JOE TIONGCO

## Conclusion

For the foregoing reasons, Mattel respectfully requests that the Court overrule the Discovery Master's rulings sustaining the Fifth Amendment instructions during Mr. Tiongco's April 30, 2010 deposition as detailed in the notice of motion.

DATED:  May 12, 2010

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By  */s/ Michael T. Zeller*

Michael T. Zeller
Attorneys for Mattel, Inc.

00505.07975/3493093.1

-5-
REPLY IN SUPPORT OF MATTEL, INC.'S OBJECTIONS TO THE DISCOVERY MASTER'S FIFTH AMENDMENT RULINGS DURING THE DEPOSITION OF JOE TIONGCO