MELINDA HAAG (State Bar No. 132612)
mhaag@orrick.com
ANNETTE L. HURST (State Bar No. 148738)
ahurst@orrick.com
WARRINGTON S. PARKER III (State Bar No. 148003)
wparker@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building, 405 Howard Street
San Francisco, CA 94105
Tel. (415) 773-5700/ Fax: (415) 773-5759

WILLIAM A. MOLINSKI (State Bar No. 145186)
wmolinski@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA 90017
Tel. (213) 629-2020/Fax: (213) 612-2499

THOMAS S. McCONVILLE (State Bar No. 155905)
tmcconville@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
4 Park Plaza, Suite 1600
Irvine, CA 92614-2258
Tel: (949) 567-6700/Fax: (949) 567-6710
Attorneys for MGA Parties

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | Case No. CV 04-9049-DOC (RNBx)<br><br>Consolidated with:<br>Case No. CV 04-9059<br>Case No. CV 05-2727<br><br>Hon. David O. Carter<br><br>**MGA'S OBJECTION TO ELECTRONIC DISCOVERY SPECIAL MASTER'S REPORT AND RECOMMENDATION (May 8, 2010)**<br><br>Hearing Date: TBD<br>Hearing Time: TBD<br>Location: Courtroom of the Hon. David O. Carter |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on a date to be determined by the Court in the Courtroom of the Honorable David O. Carter, located at 411 West Fourth Street, Room 1053, Santa Ana, California 92701, MGA Entertainment Inc., MGA HK Limited, MGAE de Mexico S.R.L. de C.V., and Isaac Larian (collectively, the "MGA Parties" or "MGA") will, and hereby do, move the Court to overrule portions of Electronic Discovery Special Master May 8, 2010 Report and Recommendation.

This Motion is made on the grounds that the objected to portions of Electronic Discovery Special Master May 8 Report and Recommendation expressly conflict with and overrule a prior Order of this Court, specifically this Court's Order of April 10, 2010, Dkt. No. 7709.

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, all matters cited to herein, this Court's files and all other matters of which the Court may take judicial notice.

<u>Statement Of Compliance</u>

The parties conferred regarding the issues raised in this Motion on various occasions.

Respectfully submitted,

Dated: May 12, 2010                    ORRICK, HERRINGTON & SUTCLIFFE LLP


                                       By:  <u>/s/ *Warrington S. Parker III*</u>
                                            Warrington S. Parker III
                                            Attorneys for MGA Parties

# OBJECTION TO ELECTRONIC DISCOVERY SPECIAL MASTER REPORT AND RECOMMENDATION (MAY 8, 2010)

The MGA Parties hereby object to Electronic Discovery Special Master May 8, 2010 Report and Recommendation, and specifically to the portion of the Report and Recommendation that concerns the "forensic examination of the Larian Hard Drive."

## INTRODUCTION AND SUMMARY OF ARGUMENT

The objected to portions of the May 8 Report and Recommendation are inconsistent and conflict with this Court's Order of April 10, 2010 that sets out the procedure for the review of the Isaac Larian hard drives. Dkt. No. 7709. The April 10 Order issued following the MGA Parties' Objections to Recommendation No. 5 of the Electronic Discovery Special Master's January 21, 2010 Report and Recommendation. It sustained the objections of the MGA Parties to the Electronic Discovery Special Master's proposal regarding the review of the Larian hard drives. In so doing, the Order limited the review to be performed by the Electronic Special Master to "a review of the hard drive *only* for evidence of the present or prior existence of spoliation-enabling software . . . ." Dkt. No. 7709 at 3 (emphasis added).

In two respects, the May 8 Report and Recommendation conflicts and is inconsistent with this Court's April 10 Order. First, the May 8 Report and Recommendation, contrary to the April 10 Order, does not limit the scope of the Electronic Discovery Special Master's review of the Larian hard drives only for evidence of spoliation-enabling software. Second, the Report and Recommendation ignores—and supplants—the protocol that this Court ordered was to govern the review of the Larian hard drives. Instead of following the Court's protocol, the Electronic Discovery Special Master has taken over the review, which is the relief Mattel originally sought and which this Court denied in its April 10 Order.

1          The Electronic Discovery Special Master's May 8, 2010 Report and
2   Recommendation, if entered, requires the parties to submit search terms to the
3   Electronic Discovery Special Master so that he can conduct a "forensic
4   examination" of the Larian hard drives.  By the terms of the Report and
5   Recommendation, this forensic examination is not limited to evidence of spoliation-
6   enabling software.  In fact, the review contemplated appears to bear no relationship
7   to the limited review this Court ordered.  Indeed, when the Electronic Discovery
8   Special Master has requested search terms in other instances, he has done so for the
9   purpose of conducting a full search over the relevant electronic media.  This is what
10  the Electronic Discovery Special Master has termed a "forensic examination."  *See*
11  Report and Recommendation of January 21, 2010 No. 1 (requesting search terms to
12  conduct a forensic examination of Brawer hard drive); *id.* No. 2 (same re
13  ArchiveOne); *see also* Electronic Discovery Special Master's May 8, 2010 Report
14  and Recommendation (portion regarding ArchiveOne).

15         In addition, the protocol to which the parties agreed, and that this Court
16  ordered was to govern, does not contemplate the Electronic Discovery Special
17  Master's involvement at all, or any other independently conducted searches.  In
18  fact, this was one of the primary disputes that this Court resolved in its April 10
19  Order—specifically whether the agreed on protocols should govern (as urged by
20  MGA) or whether the Electronic Discovery Special Master should take over or
21  otherwise be involved (as urged by Mattel).  As reflected in the April 10 Order, this
22  Court determined that the protocols should govern.  The May 8 Report and
23  Recommendation does away with this aspect of the Order as well.

24         For these reasons, the MGA Parties object and seek an order overruling that
25  portion of the May 8, 2010 Report and Recommendation that provides for a review
26  of Mr. Larian's hard drives to the extent that such review would be inconsistent
27  with this Court's April 10 Order.
28

## STATEMENT OF FACTS

In his Report and Recommendation of January 21, 2010, the Electronic Discovery Special Master recommended a "forensic examination" of Mr. Larian's hard drives. The MGA Parties objected to this portion of that Report and Recommendation. In those objections, the MGA Parties explained why a complete review of Mr. Larian's hard drives by the Special Master or his experts was neither appropriate nor necessary. *See* Dkt. No. 7467; Dkt. No. 7545.

The MGA Parties further explained the basis for their objections in response to this Court's February 27, 2010 Order, Dkt. No. 7595, that ordered supplemental briefing on the MGA Parties' Electronic Discovery Special Master's Report and Recommendation No. 5. *See* Dkt. No. 7651.

Among other things, the MGA Parties noted the burdens imposed. The MGA Parties also noted that the parties had previously agreed to a protocol for the review of the Larian hard drives. As the MGA Parties explained, this protocol did not contemplate the involvement of the Electronic Discovery Special Master and had been agreed to by the parties on multiple occasions. *See* Dkt. No. 7467; Dkt. No. 7545; Dkt. No. 7651.[1]

Following this briefing, this Court entered an Order on April 10, 2010, that sustained in part and overruled in part the MGA Parties' Objections. Dkt. No. 7709. As relevant here, the Court specifically limited the review to be conducted by the Electronic Discovery Special Master. The Court ordered the MGA Parties to provide the hard drives to the Electronic Discovery Special Master, which they have done. And, the Court ordered that the "Court-appointed expert shall conduct a review of the hard drive only for evidence of the present or prior existence of spoliation-enabling software . . . ." Dkt. No. 7709 at 3.

---

[1] The MGA Parties incorporate by this reference their prior filings made in support of their objections to the January 21, 2010 Report and Recommendation.

1       Moreover, despite Mattel's request that the Electronic Discovery Special
2 Master conduct a review of Mr. Larian's hard drives for relevant files, *see* Dkt. No.
3 7652, this Court ordered that the parties abide by the protocol to which they
4 previously agreed, which did not contemplate the involvement of the Electronic
5 Discovery Special Master.

6       The May 8 Report and Recommendation runs afoul of this Order.

## ARGUMENT

8       Those portions of the May 8, 2010 Report and Recommendation that require
9 the provision of search terms so that the Electronic Discovery Special Master can
10 conduct a forensic examination of Mr. Larian's hard drives are erroneous. They
11 violate this Court's April 10, 2010 Order.

**I. THE REPORT AND RECOMMENDATION DIRECTLY CONFLICTS WITH THIS COURT'S APRIL 10 ORDER BY EXPANDING THE SCOPE OF REVIEW.**

14       This Court limited the review to be conducted by the Electronic Discovery
15 Special Master in this Court's April 10, 2010 Order. By the terms of the April 10,
16 2010 Order, any review is limited to "a review of the hard drive only for evidence
17 of the present or prior existence of spoliation-enabling software." Dkt. No. 7709 at
18 3. The May 8 Report and Recommendation exceeds this limitation. Indeed, the
19 May 8, 2010 Report and Recommendation continues to implement the review
20 process contemplated by the January 21, 2010 Report and Recommendation, which
21 this Court expressly overruled.

22       The only reason to provide search terms—in fact the only reason the
23 Electronic Discovery Special Master has asked for search terms in the past—is for
24 the purpose of conducting a full review of documents and materials on the
25 electronic media at issue. This is what the Electronic Discovery Special Master has
26 in the past called a "forensic examination." The Electronic Discovery Special
27 Master required search terms to conduct a "forensic examination" of the hard drives
28 of Mr. Brawer. The Electronic Discovery Special Master required search terms for

the "forensic examination" of ArchiveOne. Both these "forensic examinations" are contemplated to be a run of search terms across the identified electronic media for the purposes of obtaining documents and materials. *See* January 21 Report and Recommendation Nos. 1 and 2; May 8 Report and Recommendation (regarding ArchiveOne).

As a result, this Court's April 10 Order cannot be reconciled with the May 8 Report and Recommendation. This Court's Order naturally governs, and the Report and Recommendation should be overruled in this respect.

## II. THE REPORT AND RECOMMENDATION GRANTS MATTEL RELIEF DENIED IT BY THIS COURT'S APRIL 10 ORDER.

In addition, the May 8 Report and Recommendation grants Mattel the relief that this Court denied Mattel. As this Court will recall, one of the primary disputes between the parties, which gave rise to the January 21 Report and Recommendation and which was one of the bases for the MGA Parties' objections, was the fact that the parties had agreed to a protocol regarding the search of Mr. Larian's hard drives. The MGA Parties sought to have this agreed on protocol enforced. *See* Dkt. No. 7467 (MGA's Objections); Dkt. No. 7545 (MGA's Reply re Objections); Dkt. No. 7651 (MGA's Supp'l Brief). Mattel did not. Mattel wanted the Electronic Discovery Special Master to conduct a review of the Larian hard drives. Dkt. No. 7532 (Mattel's Opp. to Objections); Dkt. No. 7652 (Mattel Supp'l Brief). In fact, Mattel's Supplemental Brief opened with the words "[t]he Court's Experts or Mattel's Independent Experts Should Perform the Search for Relevant Files." Dkt. No. 7652 at 2.

Clearly, this Court did not adopt Mattel's approach. It rejected it. The Court ordered the parties to abide by the protocol identified by the MGA Parties, which does not contemplate the Electronic Discovery Special Master's involvement. However, were this Court to adopt the May 8 Report and Recommendation and require a forensic examination using search terms, the clear intent and the express

language of this Court's April 10, 2010 Order will be frustrated and Mattel will have obtained the relief that it requested but did not obtain from this Court.

## CONCLUSION

For the foregoing reasons, MGA respectfully requests that the Court sustain its objections the May 8 Report and Recommendation of Electronic Discovery regarding the proposed forensic examination of Mr. Larian's hard drives.

Respectfully submitted,

Dated:   May 12, 2010                    ORRICK, HERRINGTON & SUTCLIFFE LLP


                                         By:  */s/ Warrington S. Parker III*
                                              Warrington S. Parker III
                                              Attorneys for MGA Parties