**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

Case No. CV 04-9049 DOC (RNBx)                                            Date: May 13, 2010

Title: MATTEL, INC. v. MGA ENTERTAINMENT, INC.

---

DOCKET ENTRY
   [I hereby certify that this document was served by first class mail or Government messenger service, postage prepaid, to all counsel (or parties) at their respective most recent address of record in this action on this date.]
                                                                                  Date:_____   Deputy Clerk: _____

---

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

   Stephanie Mikhail                                                   Not Present
   Courtroom Clerk                                                   Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:   ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT                                                       NONE PRESENT

---

PROCEEDING (IN CHAMBERS): ORDER DENYING MATTEL'S MOTION TO CONFIRM

   Before the Court is Mattel, Inc. ("Mattel")'s Motion to Confirm Pendency of Trade Secret Misappropriation Claim based on Theft of Bratz (the "Motion"). After considering the moving and opposing papers, the Court DENIES the Motion.

   Mattel argues that it should not be barred from identifying Bratz as a trade secret under its Fourth Amended Answer and Counterclaims' existing trade secret claim for essentially two reasons. First, Mattel claims that MGA Entertainment, Inc. and Isaac Larian (the "MGA Parties") have long had notice of Mattel's intent to bring a claim predicated upon the misappropriation of Bratz-related trade secrets. Second, Mattel argues that it was long assumed that Mattel's previously vague trade secret allegations included Bratz-related trade secret claims. Neither argument is particularly convincing.

   Unlike its predecessor pleading, the FAAC names Carter Bryant as a defendant to the counter-claim predicated upon the misappropriation of trade secrets. This fact alone belies Mattel's claim that its pleadings have remained consistent throughout the course of Phase 2 of this lawsuit. Mattel cannot point to any evidence obtained after the filing of the Third Amended Answer and

Counterclaims that spurred the addition of Bryant as a defendant. Indeed, the prior proposed Fourth Amended Answer and Counterclaims – which differed in several material respects from the now operative pleading – did not name Carter Bryant as a defendant.

The vague manner in which Mattel's prior pleadings referenced the alleged misappropriation of trade secrets is defended by Mattel as consistent with the pleading requirements of Fed. R. Civ. P. 8, which demands only "a short and plain statement of the claim showing that the pleader is entitled to relief." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). But – as Mattel concedes – the simplified pleading standard is "made possible by the liberal opportunity for discovery and other pretrial procedures established by the Rules *to disclose more precisely the basis of both claim and defense and to define narrowly the disputed facts and issues*." *Conley v. Gibson*, 355 U.S. 41, 47-48 (1957) (emphasis added). The pleading standard is not an invitation to keep a complaint's allegations deliberately and strategically vague even when the claim can be pled with greater specificity. For example, Mattel cannot seriously argue that it lacked the discovery necessary to allege that Bratz was a trade secret prior to the filing of the FAAC. Quite the contrary, Mattel's Motion repeatedly reminds the Court that "both parties have long known" that the trade secret claims in this lawsuit included Bratz.

This is a point made clear by the Court's Order Granting Mattel Leave to File a Third Amended Answer and Counterclaims. The section of that Order relied upon by Mattel discusses whether the TAAC's specific allegations concerning the alleged theft of trade secrets by Castilla were untimely because they were not alleged with equal specificity by the then-operative Second Amended Answer and Counterclaims. Noting that the Castilla allegations were "clean up" amendments that flowed from "details . . . filled in by discovery," the Court permitted the more specific proposed amendments. But that is not the case here. Every Bratz related allegation in the FAAC could have been pled with equal specificity well before the TAAC (and likely before the SAAC). Mattel's deliberate failure to identify Bratz (or anything else) as a trade secret was a strategic attempt to build considerable flexibility into the pleadings. Such flexibility has resulted in the type of moving target bemoaned by the MGA Parties' opposition.

More critically, Mattel's Motion does not directly respond to the Court's concern that allowing Bratz-related trade secret claims to proceed may result in Phase 2 factual determinations at odds with the Phase 1 jury's findings. While Mattel argues that the MGA Parties thwarted prior attempts to assert Bratz-related trade secret claims during Phase 1, the record does not so reflect. Indeed, it only appears that the MGA Parties opposed the untimely pursuit of Bratz-related trade secret claims and not that the MGA Parties advocated the introduction of such claims during Phase 2. Nor would the MGA Parties' position be of particular relevance to the Court, whose inquiry is focused on the proper judicial administration of this lawsuit and not honoring senseless agreements between the parties. Critically, Mattel is able to point to no prior order of the Court which provided that Mattel could assert Bratz-related trade secret claims during Phase 2. The abridged hearing transcripts attached to the declaration of Scott Watson in support of Mattel's Motion are likewise unavailing to Mattel.

That said, many of the Court's concerns as to the viability of the Bratz-related trade secret claims may be affected by the Ninth Circuit's disposition of Phase 1. The fact remains that both parties have conducted considerable discovery into potential Bratz-related trade secret claims during both phases of this lawsuit. The Court therefore sees no need to alter, clarify, or confirm the plain language of its Order Granting in Part and Denying in Part Mattel's Motion for Leave to File a Fourth Amended Answer and Counterclaims.

Mattel's Motion is DENIED insofar as it seeks confirmation that Mattel may proceed with Bratz-related trade secret claims. The MGA Parties' cross-motion is likewise DENIED.

The Clerk shall serve this minute order on all parties to the action.