UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No. CV 04-9049 DOC (RNBx)                                      Date: May 13, 2010

Title: MATTEL, INC. v. MGA ENTERTAINMENT, INC.

---

DOCKET ENTRY
   [I hereby certify that this document was served by first class mail or Government messenger service, postage prepaid, to all counsel (or parties) at their respective most recent address of record in this action on this date.]
                                                        Date:_____  Deputy Clerk: _____

---

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

   Stephanie Mikhail                                       Not Present
   Courtroom Clerk                                         Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:  ATTORNEYS PRESENT FOR DEFENDANTS:

   NONE PRESENT                                            NONE PRESENT

---

PROCEEDING (IN CHAMBERS): ORDER STRIKING AS PREMATURE AND DENYING WITHOUT PREJUDICE MGA PARTIES' MOTIONS FOR SUMMARY ADJUDICATION; DENYING MATTEL'S EX PARTE APPLICATION

   Before the Court is Mattel, Inc. ("Mattel")'s *ex parte* Application to Set Hearing Date for Defendants' May 10, 2010 Motions (the "Application"). The Application requests that the Court set a hearing date no earlier than June 21, 2010 on the following motions, all of which were filed on May 10, 2010: (1) Motions of Counter-Defendants MGA Parties and IGWT 826 to Dismiss RICO and Creditor Claims and for Summary Adjudication of RICO Claims; (2) Motions of MGA Entertainment, Inc. and Isaac Larian to Dismiss and/or for Summary Adjudication Regarding U.S.-Based Trade Secret and Employee-Based State Law Tort Claims Brought by Mattel Inc.; (3) Motions by MGAE de Mexico to Dismiss for Lack of Personal Jurisdiction and on Ground of *forum non conveniens*; (4) Motion by MGA Entertainment, Inc. and Isaac Larian for Summary Adjudication of Foreign Trade Secret Claims; (5) Defendant Machado's Motion to Dismiss First Counterclaim under Rule 30(b)(6) [sic]; (6) Defendant Machado's Joinder in Motions to Dismiss and for Summary Judgment by MGA Parties; (7) Omni 808 Investors, LLC's Motion to Dismiss Mattel, Inc.'s Fourth Amended Answer and

Counterclaims.

  The motions were noticed for a June 7, 2010 hearing, making Mattel's opposition to the Motions due on May 17, 2010. Mattel argues that – at least as to the Motions filed by the MGA Parties, IGWT 826, and Machado – Federal Rule of Civil Procedure 56(c) affords Mattel at least 21 days to file an opposition. The MGA Parties, IGWT 826, and Omni 808 Investors, LLC respond that the Local Rules only require that a motion notice a hearing date 28 days after the notice of motion is filed and that the Court has disallowed extensions to the Local Rules' deadlines.

  First, Mattel is not entitled to an extension of the Local Rules' filing deadlines with respect to the filing of oppositions to Omni 808 Investors, LLC's Motion to Dismiss and/or Machado's Motion to Dismiss First Counterclaim under Rule 30(b)(6) [sic]. Neither Motion is brought pursuant to Fed. R. Civ. P. 56.

  Second, the Court need not rule on whether Mattel is entitled to an addition 14 days to file its opposition to the motions filed by the MGA Parties and IGWT 826 because the Motions are premature insofar as they seek relief pursuant to Fed. R. Civ. P. 56. On a number of occasions, the Court had admonished the parties to allow discovery to proceed in a transparent and comprehensive fashion. No discovery deadline has been set for Phase 2 of this lawsuit, nor has the Court set a motion cut-off date. Rather, the parties continue to file discovery motions with this Court, including most recently, the MGA Parties' motion to enforce the Court's January 26, 2010 Order – a Motion which this Court granted.

  Pending before the Court is the MGA Parties' nearly three month old objections to Recommendation Number 5 of the Electronic Discovery Special Master's January 20, 2010 Report and Recommendation. Soon after the MGA Parties filed those objections, the Court equitably stayed the portion of the Electronic Discovery Special Master's order requiring the MGA Parties to surrender Isaac Larian's personal hard drive for a review of the active files for responsive and/or privileged material. In the interim, the Court has repeatedly considered and credited Larian's interest in maintaining the privacy of certain active files on his hard drive as well as the potential burden to the MGA Parties of having to search every active file on Larian's hard drive for responsive material. The Court has instead granted the MGA Parties' request that the active files be searched for specified search terms (the Court's review of the parties' proposed and competing search terms is still pending). Mattel has referred to the active files on Larian's hard drive as a potential "treasure trove" of responsive material that could shed light on a number of Mattel's counter-claims.

  Also pending before the Court is Mattel's Motion to Compel MGA Entertainment, Inc. to Produce 30(b)(6) witnesses – a Motion which argues in relevant part that MGA Entertainment, Inc. has produced 30(b)(6) witnesses unprepared on the topics for which they were designated and that MGA Entertainment, Inc. has failed to produce witnesses for entire sets of topics which Mattel noticed for deposition. Among those categories of topics for which the MGA Parties have purportedly failed to

produce witnesses are: (1) MGA's knowledge of and communications relating to the obligations of Mattel employees to Mattel, including without limitation with respect to confidentiality and ownership of inventions and (2) the search and seizure of documents by Mexican authorities from MGA's Mexico City offices and related communications.  It is remarkable that the MGA Parties considered a motion for summary judgment on trade secret issues appropriate in light of the consistent failure by MGAE de Mexico to produce a 30(b)(6) witness knowledge about the purported theft of trade secret documents by MGAE de Mexico employees from Mattel's offices.

Finally, the Court need not remind the parties of the sheer volume of disputes concerning requests for production, including the considerable requests for *in camera* review and the parties' claims of non-compliance with pending requests for production.  Nor have other discovery requests been resolved, including Mattel's pending requests for admission concerning the MGA Parties' alleged non-disclosure of an e-mail communication during Phase 1, the MGA Parties' request for discovery into Mattel's investigative files, and the on-going discovery into the purported Omni transaction.

The moving parties seem to have expended considerable time and effort in the preparation and submission of the dispositive motions.  But the motions are premature insofar as they seek relief under Rule 56: too many discovery disputes remain.  Nevertheless, the MGA Parties likely consider summary adjudication proper at this time for a few reasons, which this Court will address.

First, the MGA Parties have long argued that Phase 2 discovery is endless.  That is, Mattel continues to file discovery motions and seek discovery into irrelevant topics in order to indefinitely prolong the costly discovery process and further Mattel's goal of "litigating MGA to death."  Indeed, Mattel strategically filed a number of discovery motions in the week leading up to the filing of the MGA Parties' dispositive motions, in an apparent attempt to convince the Court that significant discovery disputes remain.  For example, many of these motions – *e.g.*, the motion to depose Pablo Vargas in Mexico – could have been filed months ago.  However, Mattel's curiously timed discovery motions are just as likely to sway the Court as the MGA Parties' and IGWT 826's premature summary judgment motions.  Independent of the arguments made by the parties in either set of motions, the Court considers it imprudent and inappropriate to adjudicate summary judgment on ***any*** of the claims before the completion of *in camera* privilege reviews and the discovery process is complete.

Indeed, the instant motions are remarkable precisely because the MGA Parties previously requested a July 23, 2010 deadline for summary judgment motions.  *See* Docket 7488 at 2.  The Court denied that request and instructed the parties to continue discovery and await further instruction as to the appropriate date for the filing of dispositive motions.

Second, the MGA Parties apparently consider it appropriate to move for summary judgment at least as to those claims for which no genuine issues of material fact purportedly remain.  The MGA Parties' and IGWT 826's motions do not move for summary judgment as to the Fourth Amended Answer and Counterclaims in its entirety, electing instead to target a sub-set of counter-

claims. However, the MGA Parties' proposed piece-meal approach is disruptive to the progress of this lawsuit (as Mattel's Application illustrates), unduly consumptive of the Court's resources, and has the potential to conflict with the Court's resolution of remaining causes of action on subsequent motions for summary judgment.

Nor do the MGA Parties consider the potential for later-discovered evidence to contradict, or at least undercut, the basis for the Court's rulings as to the summary judgment motions. Such a circumstance would inevitably result in motions for reconsideration, clarification, and/or confirmation, which would further obstruct the progress of the lawsuit.

A district court may, *in its discretion*, permit successive motions for summary judgment, *see Hoffman v. Tonnemacher*, 593 F.3d 908, 910-11 (9th Cir. 2010), but the Ninth Circuit has expressly considered relevant the interest of a "just, speedy, and inexpensive" resolution of suits. *Id.* at 911. While this is not a situation involving successive motions (this being the first set of motions for summary judgment), the haste with which these motions were submitted makes it all but inevitable that (even if granted) these motions will not be the last. The Court's consideration of the arguments in favor of summary judgment detracts from the Court's interest in a just, speedy, and inexpensive resolution of this lawsuit – the discovery process will nevertheless continue, but a cloud will hang over the remainder of this lawsuit.

Finally, both the MGA Parties and Mattel argue that it is impossible to extract the arguments favoring dismissal pursuant to Rule 12 from those arguments in support of summary judgment under Rule 56. Not so. Having reviewed the extensive filings, the Court considers it feasible and prudent to strike those portions of the motions that seek relief pursuant to Rule 56. Many of the declarations, as well as the vast majority of the separate statement submitted alongside the motions, are rendered moot as a result of the instant Order. The Court declines to parse through the declarations and identify those facts that support Rule 56 dismissal but not Rule 12 dismissal. Instead, the Court will simply strike the motions' to the extent that they seek dismissal pursuant to Rule 56 and consider the remaining arguments.

Accordingly, the Court hereby ORDERS as follows:

1. Mattel's Application is DENIED;

2. The arguments contained in Section II of the Motion to Dismiss RICO and Creditor Claims and for Summary Adjudication of RICO Claims are STRICKEN AS PREMATURE AND DENIED WITHOUT PREJUDICE;

3. The arguments contained in Section II of the Motion for Summary Adjudication of Foreign Trade Secret Claims are STRICKEN AS PREMATURE AND DENIED WITHOUT PREJUDICE;

    4.      The arguments contained in Section I of the Motion to Dismiss and/or for Summary Adjudication Regarding U.S.-Based Trade Secret and Employee-Based State Law Tort Claims are STRICKEN AS PREMATURE AND DENIED WITHOUT PREJUDICE.

    The Court recognizes that one surviving section – Section I of MGAE de Mexico's Motion to Dismiss for Lack of Personal Jurisdiction – seeks relief under Rule 56. However, a motion to dismiss for lack of personal jurisdiction is ordinarily brought pursuant to Rule 12(b)(2) and MGAE de Mexico should be permitted to challenge personal jurisdiction at the pleadings stage so as not to waive the defense.

    The Clerk shall serve this minute order on all parties to the action.