MELINDA HAAG (State Bar No. 132612)
mhaag@orrick.com
ANNETTE L. HURST (State Bar No. 148738)
ahurst@orrick.com
WARRINGTON S. PARKER III (State Bar No. 148003)
wparker@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105
Telephone: 415-773-5700
Facsimile: 415-773-5759

WILLIAM A. MOLINSKI (State Bar No. 145186)
wmolinski@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA 90017
Telephone: 213-629-2020
Facsimile: 213-612-2499

THOMAS S. MCCONVILLE (State Bar No. 155905)
tmcconville@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
4 Park Plaza, Suite 1600
Irvine, CA 92614-2258
Tel: (949) 567-6700/Fax: (949) 567-6710
Attorneys for MGA Parties

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual<br>    Plaintiff,<br>  v.<br>MATTEL, INC., a Delaware corporation,<br>    Defendant.<br><br>AND CONSOLIDATED ACTIONS | Case No. CV 04-9049 DOC (RNBx)<br><br>Consolidated with Case No. CV 04-9059/ Case No. CV 05-2727<br><br>**MGA PARTIES' MOTION TO QUASH MATTEL'S SUBPOENA TO THE INTERNAL REVENUE SERVICE**<br><br>Date: TBD<br>Time: TBD<br>Place: Courtroom 9D<br>**Phase 2** |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on a date to be determined by the Court, in the Courtroom of the Honorable David O. Carter, located at 411 West Fourth Street, Room 1053, Santa Ana, California 92701, the MGA Parties will, and hereby do, move the Court pursuant to Federal Rule of Civil Procedure 45(c)(3) to quash a subpoena served by Mattel on third party the Internal Revenue Service.

This Motion is made on the grounds that the subpoena improperly seeks the disclosure of documents in violation of federal law.  Furthermore, MGA has already produced, and Mattel already has all the relevant documents.  As to the requests that go beyond what MGA has already produced, they seek documents irrelevant to this litigation.

This Motion is based on this Notice of Motion and Motion, the memorandum of points and authorities that follows, the Declaration of Mark P. Wine, all matters cited to herein and all other matters of which the Court may take judicial notice.

Respectfully submitted,

Dated: May 14, 2010          ORRICK, HERRINGTON & SUTCLIFFE LLP


By:  */s/ Sugithra Somasekar*
     Sugithra Somasekar

Attorneys for MGA Parties

- 1 -

MGA MOTION TO QUASH MATTEL SUBPOENA TO IRS
CV-04-9049 DOC (RNBx)

**INTRODUCTION**

Mattel has the agreements that MGA entered into with Carter Bryant. Not satisfied with that, Mattel seeks them from a third party, not just any third party, but from the Internal Revenue Service ("IRS"). And, Mattel wants much more. It wants all documents and communications between MGA and the IRS related to MGA's tax treatment of its legal expenses in this litigation, including any fees it paid for Cater Bryant. Incredibly, Mattel also wants all submissions or presentations made by MGA to the IRS between January and May 2009. There is simply no basis for going to the IRS to seek documents already produced. There certainly is no basis for seeking the tax documents that Mattel now requests. MGA's accounting for its legal expenses as a tax matter, including its payments to Bryant, is just that – a tax matter about which Mattel cannot complain or claim any injury.

In addition, the subpoena is entirely improper. The IRS is prohibited by federal statute from producing tax returns and tax-related information. In short, there is no basis for Mattel's subpoena to the IRS, even were it to seek relevant documents, which it does not. The subpoena should be quashed.

**FACTUAL BACKGROUND**

**A.   MGA Has Produced and Mattel Has Received The Agreements Between MGA and Carter Bryant.**

In compliance with the Court's January 26, 2010 Order requiring both parties to produce all documents related to fee and/or indemnity agreements concerning Carter Bryant, Dkt. No. 7434, MGA searched and produced all responsive documents.

In February 2010, Mattel deposed Brian Wing. At his deposition, Mattel questioned Mr. Wing about a draft presentation prepared by MGA's tax consultants, Ernst & Young, for submission to the IRS Appeals Division ("E&Y

presentation").[1]  The E&Y presentation was produced by MGA on November 30, 2009.  The presentation made reference to MGA's payment of Carter Bryant's legal costs under an indemnification agreement and discussed why MGA's payments for Bryant's legal costs were necessary business costs.  Mattel demanded that MGA produce the indemnity agreement referenced in this presentation.

In response to Mattel's demand, MGA conducted another search for any agreement between MGA and Carter Bryant related to indemnification of Carter Bryant by MGA. [2]   MGA located two agreements related to MGA's obligation to indemnify Carter Bryant.  These were the retainer letters between MGA and two law firms that represented Carter Bryant, Littler Mendelson, and Keker & Van Nest. [3]  These retention letters were provided to the IRS in connection with a tax issue over the deductibility of attorney's fees. [4]  MGA's retention letters with Keker & Van Nest and Littler Mendelson were produced a long time ago. [5]  No other agreement between MGA and Carter Bryant related to indemnification of Carter Bryant by MGA was identified. [6]

### B.  Mattel Issues a Subpoena To The IRS Seeking MGA's Submissions to the IRS.

Though Mattel has received from MGA the agreements between MGA and Carter Bryant, Mattel proceeded to issue a subpoena to the IRS on May 4. [7]  Mattel's subpoena to the IRS seeks four categories of documents: (1) all documents submitted by MGA to the IRS related to any agreement between

---

[1] *See* Wing Depo. 535:5-564:23. The deposition transcripts of Brian Wing referenced herein were lodged with this Court by Mattel.  The document at issue is Exhibit 8124 to the Wing Depo., Bates No. MGA2 0540851-864.
[2] *See* Declaraton of Mark P. Wine In Support of MGA's Motion to Quash Mattel's Subpoena to the IRS ("Wine Decl."), ¶2, 3.
[3] *Id.* at ¶4.
[4] *Id.*
[5] *See* BRYANT2 000017-20 produced on August 20, 2007 and BRYANT2 000007-15 produced on June 22, 2007.
[6] Wine Decl. ¶5.
[7] A copy of the subpoena is attached as Ex. 1 to the Wine Decl. ("Mattel Subponea").

1  MGA and Carter Bryant; (2) all communications between MGA and the IRS
2  regarding any legal fees paid for Carter Bryant; (3) all communications between
3  MGA and the IRS from January 1 to May 1, 2009 related to MGA's legal
4  expenses in this litigation and the tax treatment of such expenses; and (4) all
5  submissions by MGA to the IRS between January 1 and May 1, 2009. [8]  The
6  subpoena requires compliance by May 30, 2010.

## ARGUMENT

Pursuant to Federal Rule of Civil Procedure 45(c)(3), Mattel's subpoena to the IRS should be quashed in its entirety.  The IRS is prohibited by federal law from producing the documents requested.  MGA has produced and Mattel has all the relevant documents.  Finally, all other documents sought by Mattel are not relevant to any claim or defense in this case,

### A.   Mattel's Subpoena Improperly Seeks MGA's Submissions To The IRS Which Disclosure Is Expressly Prohibited by Federal Law.

Federal law expressly prohibits the IRS from disclosing tax related information. 26 U.S.C. § 6103.  Section 6103, mandates that "[r]eturns and return information shall be confidential" and no officer or employee of the United States, or any person who has had access to returns or return information, "shall disclose any return or return information obtained by him in any manner in connection with his service …." 26 U.S.C. § 6103(a); *see also Stokwitz v. United States of America*, 831 F.2d 893, 896 (9th Cir. 1987).  The legislative history of § 6103 indicates that Congress's overriding purpose was to curtail disclosures by the IRS. *Stokwitz*, 831 F.2d at 894.

As explained by the Ninth Circuit, "[s]ection 6103 establishes a comprehensive scheme for controlling the release by the IRS of information received from taxpayers[.]"  Section 6103 prohibits disclosure of returns and return information except to certain "discrete identified parties, subject to

---

[8] *See* Mattel Subpoena at 6.

specified conditions." *Stokwitz*, 831 F.2d at 895-96; 26 U.S.C. § 6103(c)-(o). None of the limited exceptions apply here, and Mattel's attempts to obtain MGA's submissions to the IRS is improper and prohibited by federal law.

### B. MGA Has Produced And Mattel Already Has The Relevant Documents.

Of the documents requested in Mattel's subpoena, the only documents arguably relevant to this litigation are the agreements between Carter Bryant and MGA related to any indemnification or fee agreement. Mattel already has these documents.

MGA has produced the agreements between Carter Bryant and MGA. As noted, although the agreements were produced over two years ago, *see* n. 5, *supra*, following Brian Wing's deposition, another search was done, which confirmed that the relevant agreements had been produced. Thus, Mattel already has all the relevant documents.

### C. The Other Documents That Mattel Seeks Are Not Relevant.

As for the other information that Mattel seeks, they go far beyond what is relevant in this case. There is simply no relevance to documents, submissions or presentations made by MGA between January and May 1, 2009 to the IRS.[9] MGA's accounting for its legal expenses as a tax matter is just a tax matter about which Mattel has not, and cannot, complain or claim any injury. It is simply not relevant to any claim or defense in this case.

///

///

---

[9] *See* Mattel subpoena at 6, documents to be produced Category 4.

## CONCLUSION

For the foregoing reasons, MGA respectfully asks that the Court quash Mattel's subpoena to the IRS in its entirety.

Dated:  May 14, 2010      Respectfully submitted,

ORRICK, HERRINGTON & SUTCLIFFE LLP

By:   */s/ Sugithra Somasekar*
       Sugithra Somasekar
       Attorneys for MGA Parties

OHS West:260912899.3