QUINN EMANUEL URQUHART & SULLIVAN, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
  865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:  (213) 443-3000
Facsimile:   (213) 443-3100

Attorneys for Plaintiff Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>              Plaintiff,<br><br>       vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>              Defendant. | CASE NO. CV 04-9049 DOC (RNBx)<br><br>Consolidated with Case Nos. CV 04-09059 and CV 05-02727<br><br>**MATTEL, INC.'S SEPARATE STATEMENT IN SUPPORT OF ITS MOTION FOR PROTECTIVE ORDER FROM THE MGA PARTIES' NOTICE OF DEPOSITION OF MATTEL, INC. (THIRD PHASE 2 NOTICE)** |
| AND CONSOLIDATED ACTIONS | **Phase 2**<br>Discovery Cut-off:  TBD<br>Pre-trial Conference:   TBD<br>Trial Date:   TBD |

**DEPOSITION TOPIC 1:**

Mattel's understanding of the meaning of all terms of all agreements between Carter Bryant and Mattel, including without limitation the "Employee Confidential Information and Inventions Agreement," dated November 6, 1995, and the "Employee Confidential Information and Inventions Agreement," dated January 4, 1999.

**RESPONSE TO DEPOSITION TOPIC 1:**

This Topic is unreasonably cumulative and duplicative of prior discovery. <u>Fed. R. Civ. P.</u> 26(c)(1)(A); 26(b)(2)(C)(i).

**Topic 1 Seeks Unreasonably Duplicative Testimony**

Mattel's designee, Lissa Freed, has already provided a day of <u>Rule</u> 30(b)(6) deposition testimony on this very Topic: "All Contracts, and the terms thereof, that You contend You had with Bryant."[1]  <u>Static Control Components, Inc. v. Lexmark Intern., Inc.</u>, 2006 WL 3256767, at *5 (E.D. Ky. Nov. 9, 2006) (denying defendant's motion to compel, because topics were duplicative of another defendant's previous <u>Rule</u> 30(b)(6) depositions, and because moving defendant was present at those depositions and had an opportunity to ask questions).

---

[1]  <u>See</u>  Notice of Deposition of Plaintiff and Counter-Defendant Mattel, Inc. [F.R.C.P. 30(b)(6)], dated December 21, 2004 (Topic 1); Deposition Trancript of Lissa Freed, (Vol. 1), dated May 3, 2007.  Counsel for MGA was present at this deposition and asked questions of Mattel's designee.

MATTEL INC.'S SEPARATE STATEMENT ISO ITS MOTION FOR PROTECTIVE ORDER

The prior Discovery Master granted MGA and MGA Mexico a protective order as to Topics that were duplicative of prior discovery, on the grounds that "[w]hatever benefit Mattel may gain from a 30(b)(6) deposition on [the Topics], above and beyond what Mattel has already sought and received, would be greatly outweighed by the burden and expense to MGA of preparing a witness to testify on these Topics." See Dkt. No. 3564 at  8.  Mattel should be protected from preparing a witness on this Topic for the same reason.  See CSX Transp., Inc. v. Vela, 2007 WL 3334966, at *3 (S.D. Ind. Nov. 8, 2007) (granting motion for protective order where party sought 30(b)(6) deposition on matters the noticed party had previously answered in discovery because "additional testimony is unduly burdensome").

**Topic 1 Improperly Seeks Legal Conclusions**

By seeking to examine Mattel on its "understanding of the meaning of all terms" of these agreements, this Topic improperly seeks legal conclusions through Rule 30(b)(6) testimony.  The prior Discovery Master granted MGA and MGA Mexico a protective order from a 30(b)(6) Topic on these very grounds, noting that "it is evident that Mattel is seeking MGA's legal theories and conclusions from a lay witness, which, in general, are more appropriately and efficiently sought through contention interrogatories." See Dkt. No. 3564 at 9-10.  Mattel should not have to prepare a witness on this Topic for the same reasons.  See  3M Co. v. Kanbar, 2007 WL 1794936, at *2 (N.D. Cal. June 19, 2007) (granting motion for protective order because notices that "in effect, seek [] legal conclusions … should not form the basis

for 30(b)(6) deposition topics."); McCormick-Morgan, Inc., 134 F.R.D. at 287 (granting protective order from 30(b)(6) topics that sought legal theories in complex intellectual property case).  Indeed – for this very reason, when Mattel previously provided a designee on this Topic, the Parties agreed that that the testimony "would include no discussion of interpretation of those agreements."[2]

## DEPOSITION TOPIC 2:

Each form of agreement in use by Mattel from 1975 to the present between Mattel and its employees or independent contractors that Mattel contends governs (a) the ownership or assignment of any original works of authorship or inventions of its employees or independent contractors, and/or (b) the use, disclosure, or protection of information that Mattel considers to be confidential to which its employees or independent contractors were privy, including without limitation:

a.   Mattel's understanding of the meaning of each and every term of each such form of agreement in use during the applicable time period;

b.   The consideration for each term of each such form of agreement in use during the applicable time period;

c.   The categories of employees at Mattel who signed, or were expected to sign, each such form of agreement;

d.   The total number of employees in each category who signed, or were expected to sign, each such form of agreement;

e.   The identity of the drafter(s) of each such form of agreement;

---

[2]   See letter from Jon D. Corey to Douglas A. Wickham, dated May 13, 2005.

f.    The reasons for all changes in the form of agreement over time;

g.    Any practices or procedures in use at Mattel for the disclosure of original works of authorship or inventions pursuant to each such form of agreement;

h.    Mattel's practices or procedures with respect to requiring employees to sign revised forms of such agreements after such employees were employed and whether Mattel offered any additional or new consideration therefore;

i.    Mattel's waiver or modification for any employee of any term of any form of agreement encompassed by this topic.

**RESPONSE TO DEPOSITION TOPIC 2:**

Testimony on this Topic would be unreasonably cumulative and duplicative of prior discovery and unduly burdensome.  Fed. R. Civ. P. 26(c)(1)(A); 26(b)(2)(C)(i)-(iii).

**Topic 2 Seeks Unreasonably Duplicative Testimony**

Mattel 's designee, Lissa Freed, also provided a full day of Rule 30(b)(6) deposition testimony on the following, virtually identical Topics:

All versions of the "Employee Confidential Information and Inventions Agreement" used by Mattel since January 1, 1995 including, without limitation, the "Employee Confidential Information and Inventions Agreement" produced by Mattel as Document Control Nos. M00016389-39 and the "Employee Confidential Information and Inventions Agreement" attached to the Complaint as Exhibit "A."[3]

All versions of the "Conflict of Interest Agreement" used by Mattel since January 1, 1995 including, without limitation, the "Conflict of

---

[3]   See  Notice of Deposition of Plaintiff and Counter-Defendant Mattel, Inc. [F.R.C.P. 30(b)(6)], dated December 21, 2004 (Topic 49); Deposition Trancript of Lissa Freed, (Vol. 1), dated May 3, 2007.  Counsel for MGA was present at this deposition and asked questions of Mattel's designee.

Interest Agreement" produced by Mattel as Document Control Nos. M0001636-37 and the "Conflict of Interest Agreement" attached to the Complaint as Exhbit "B."[4]

The "Proprietary Information Checkout" form produced by Mattel as Document Control Nos. M0001597.[5]

Static Control Components, Inc. v. Lexmark Intern., Inc., 2006 WL 3256767, at *5 (E.D. Ky. Nov. 9, 2006) (denying defendant's motion to compel, because topics were duplicative of another defendant's previous Rule 30(b)(6) depositions, and because moving defendant was present at those depositions and had an opportunity to ask questions).

The prior Discovery Master granted MGA and MGA Mexico a protective order as to Topics that were duplicative of prior discovery, on the grounds that "[w]hatever benefit Mattel may gain from a 30(b)(6) deposition on [the Topics], above and beyond what Mattel has already sought and received, would be greatly outweighed by the burden and expense to MGA of preparing a witness to testify on these Topics."  See Dkt. No. 3564 at  8.  Mattel should be protected from preparing a witness on this Topic for the same reason.  See CSX Transp., Inc. v. Vela, 2007 WL 3334966, at *3 (S.D. Ind. Nov. 8, 2007) (granting motion for protective order where party sought 30(b)(6) deposition on matters the noticed party had previously answered in discovery because "additional testimony is unduly burdensome").

---

[4] Id. (Topic 50).
[5] Id. (Topic 51).

## **Topic 2 Is Overly Broad and Unduly Burdensome**

This Topic is overly broad and unduly burdensome.  In seeking "[e]ach form of agreement in use by Mattel from *1975* to the present between Mattel and its employees or independent contractors" the Topic covers a time period that precedes by decades any relevant temporal period for the case.  The prior Discovery Master denied Mattel's motion to compel a <u>Rule</u> 30(b)(6) Topic on these very grounds. Mattel sought Rule 30(b)(6) testimony about MGA's policies extending back to 1995.  The Discovery Master denied Mattel's motion,  holding the topic to be "overbroad in terms of the specified time frame because Bryant did not begin working at MGA until the year 2000" and therefore "overbroad and burdensome." <u>See</u> Dkt. No. 1013 at 10.

This Topic goes 20 years earlier than the 1995 date found to be overbroad. Preparing a witness to testify about 35 years of employment and human resources practices would impose an undue burden on Mattel.   Mattel has had over 5000 employees in its El Segundo headquarters since 1997 alone.[6]  As part of Mattel's standard practice, each of these employees would have been requested to sign a version of both the "Employee Confidential Information and Inventions Agreement" and "Conflict of Interest Questionnaire."[7]  The burden in searching through the files

---

[6]  <u>See</u> Declaration of Lisa Freed, dated September 26, 2007, Dkt. No. 1017 at ¶ 20.

[7]  <u>Id.</u> at ¶ 8.

of these employees would be exorbitant.  Good cause therefore exists for this order because limiting the burden and expense to Mattel of preparing a witness or witnesses to testify on this Topic far outweighs the marginal benefit MGA would obtain from the testimony.  See In re Indep. Serv. Orgs. Antitrust Litig., 168 F.R.D. 651, 654 (D. Kan. 1996) (granting protective order from 30(b)(6) deposition and noting that a party "is not required to have counsel marshal all of its factual proof and prepare a witness to be able to testify on a given defense or counterclaim") (internal quotation marks omitted).  For this very reason, the Parties had previously agreed with respect to a virtually identical topic that the scope would be limited to "people employed in the Mattel design center from 1995 to the present."[8]

### Topic No. 2 Seeks Irrelevant Information.

Further, subsequent alterations or changes to Mattel's employment agreements have no relevance to the interpretation of any particular employment agreement at issue in the case.  S. Pac. Transp. Co. v. Santa Fe Pac. Pipelines, Inc., 74 Cal. App. 4th 1232, 1243 (Cal. App. 1 Dist. 1999) (conduct of the parties is only relevant to the interpretation of a contract term where the conduct takes place "before any controversy arises as to its meaning.")  Because MGA has not asserted any Phase 2

---

[8]   See Joint Report to Discovery Master Regarding Pending Discovery Motions, dated March 28, 2008, at 8 (Topic 26).

defenses based upon the enforceability of Mattel's employment contracts, it cannot make any showing of relevance.

**DEPOSITION TOPIC 3:**

Any form of agreement not already identified in response to topic 2, as well as all policies, practices and procedures used by Mattel during the period 1985 to the present to limit the disclosure of purportedly confidential information, or concerning the ownership or assignment of original works of authorship or inventions of its employees, including without limitation:

a.   All documents circulated to employees instructing employees how to classify information as confidential;

b.   All training whether in written, electronic, oral or other form, Mattel provides to its employees from the period 1985 to the present concerning the creation, maintenance and handling of Mattel trade secrets and confidential information;

c.   Mattel's Employee Manual or Handbook, including when and to whom that manual was provided and any revisions and amendments to that manual during the specified time period;

d.   The Mattel survey found at M 0097977;

e.   Mattel's exit interview process and the Exit Interview Checkout Form(s) used by Mattel during the specified time period;

f.   The "Conflict of Interest Questionnaire(s)" Mattel used during the specified time period.

## RESPONSE TO DEPOSITION TOPIC 3:

The Court should order that the discovery sought through this Topic be forbidden as unduly cumulative and duplicative of prior discovery and as unduly burdensome.  Fed. R. Civ. P. 26(c)(1)(A); 26(b)(2)(C)(i) and (iii).

### Topic 3 Seeks Unreasonably Duplicative Testimony

Mattel's designees Keith Storie, Lissa Freed, and Sandy Yonemto have already provided days of Rule 30(b)(6) deposition testimony on the following Topics that Topic No. 3 duplicates:

Mattel's efforts to maintain the secrecy of the MATTEL TRADE SECRETS.[9]

Mattel's policies, procedures and practices for stamping or otherwise designating materials as confidential, proprietary or trade secret.[10]

Mattel's policies, procedures and practices for educating, notifying or otherwise informing its employees as to what information Mattel considers to be its trade secrets, or its confidential or proprietary information.[11]

All versions of the "Conflict of Interest Agreement" used by Mattel since January 1, 1995 including, without limitation, the "Conflict of Interest Agreement" produced by Mattel as Document Control Nos. M0001636-37 and the "Conflict of Interest Agreement" attached to the Complaint as Exhbit "B."[12]

---

[9]   See Notice of Deposition of Mattel, Inc. (Second Phase 2 Notice), dated September 28, 2009 (Topic 5); Deposition Transcript of Keith Storie, Vol. 1, dated December 16, 2009; Deposition Transcript of Keith Storie, Vol. 2, dated December 17, 2009; Deposition Transcript of Keith Storie, Vol. 3, dated February 22, 2010; Deposition Transcript of Keith Storie, Vol. 4, dated February 23, 2010; Deposition Transcript of Keith Storie, Vol. 5, dated April 29, 2010; Deposition Transcript of Keith Storie, Vol. 6, dated April 30, 2010.

[10]   Id. (Topic 10).

[11]   Id. (Topic 11).

[12]   See  Notice of Deposition of Plaintiff and Counter-Defendant Mattel, Inc. [F.R.C.P. 30(b)(6)], dated December 21, 2004 (Topic 50); Deposition Trancript of
(footnote continued)

The "Proprietary Information Checkout" form produced by Mattel as Document Control No. M0001597.[13]

Bryant's "Exit Interview Report," dated October 19, 2000, produced by Mattel as Document Control No. M0001654.[14]

Static Control Components, Inc. v. Lexmark Intern., Inc., 2006 WL 3256767, at *5 (E.D. Ky. Nov. 9, 2006) (denying defendant's motion to compel, because topics were duplicative of another defendant's previous Rule 30(b)(6) depositions, and because moving defendant was present at those depositions and had an opportunity to ask questions).

The prior Discovery Master granted MGA and MGA Mexico a protective order as to Topics that were duplicative of prior discovery, on the grounds that "[w]hatever benefit Mattel may gain from a 30(b)(6) deposition on [the Topics], above and beyond what Mattel has already sought and received, would be greatly outweighed by the burden and expense to MGA of preparing a witness to testify on these Topics." See Dkt. No. 3564 at  8.  Mattel should be protected from preparing yet more witnesses on this Topic for the same reason.  See CSX Transp., Inc. v. Vela, 2007 WL 3334966, at *3 (S.D. Ind. Nov. 8, 2007) (granting motion for protective order where party sought 30(b)(6) deposition on matters the noticed party

_____

Lissa Freed, Vol. 1, dated May 3, 2007.  Counsel for MGA was present at this deposition and asked questions of Mattel's designee.

[13]   Id. (Topic 51).

[14]   See Notice of Deposition of Plaintiff and Counter-Defendant Mattel, Inc., dated December 21, 2004 (Topic 56); Deposition Transcript of Sandy Yonemoto,
(footnote continued)

had previously answered in discovery because "additional testimony is unduly burdensome").

### **Topic 3 is Overly Broad and Unduly Burdensome**

In seeking "[a]ny form of agreement not already identified in response to topic 2, as well as all policies, practices and procedures used by Mattel during the period 1985 to the present" the Topic covers a time period that precedes by over a decade any relevant temporal period for the case.  The prior Discovery Master denied Mattel's motion to compel a <u>Rule</u> 30(b)(6) Topic on these very grounds. Mattel sought testimony on a topic seeking information about MGA's policies extending back to 1995.  The Discovery Master denied Mattel's motion,  holding the topic to be "overbroad in terms of the specified time frame because Bryant did not begin working at MGA until the year 2000" and therefore "overbroad and burdensome."  <u>See</u> Dkt. No. 1013 at 10.

This Topic, extending back to 1985, is clearly more overbroad and more burdensome.  Mattel has had over 5000 employees in its El Segundo headquarters since 1997 alone.[15]  As part of Mattel's standard practice, each of these employees would have been requested to sign a version of both the "Employee Confidential

_____

Vol. 1, dated May 30, 2007.  Counsel for MGA was present at this deposition and asked questions of Mattel's designee.

[15]  <u>See</u> Declaration of Lisa Freed, dated September 26, 2007, Dkt. No. 1017 at ¶ 20.

Information and Inventions Agreement" and "Conflict of Interest Questionnaire."[16]

The burden in searching through the files of these employees would be exorbitant.

This Topic is also overbroad given the fact that the earliest trade secrets currently at

issue in the case are from 2002.  Good cause therefore exists for this order because

limiting the burden and expense to Mattel of preparing a witness or witnesses to

testify on this Topic far outweighs the marginal benefit MGA would obtain from the

testimony.  <u>See</u> <u>In re Indep. Serv. Orgs. Antitrust Litig.</u>, 168 F.R.D. 651, 654 (D.

Kan. 1996) (granting protective order from 30(b)(6) deposition and noting that a

party "is not required to have counsel marshal all of its factual proof and prepare a

witness to be able to testify on a given defense or counterclaim") (internal quotation

marks omitted).

## DEPOSITION TOPIC 4:

The creation, design, development, product configuration and packaging of

Mattel's Wee 3 Friends products, including during the period of time when the Wee

3 Friends project was designated by code names such as Project Double Trouble,

Project X and Wee 3 prior to adoption of the final name of Wee 3 Friends, including

without limitation:

      a.     Evaluation of other competitive product lines during development,
including MGA's 4-Ever Best Friends line of dolls;

---

[16]  <u>Id.</u> at ¶ 8.

b.   Evaluation of product name and branding including any logos or slogans considered, and any trademark, copyright or other clearance searches conducted in connection with any name, brand, trademark, service mark, logo, slogan, tagline, packaging, product configuration or design considered in connection with the Wee 3 Friends product line.

**DEPOSITION TOPIC 5:**

The marketing, first commercial use or sale, sales, and profitability of the Wee 3 Friends product line including, but not limited to:

a.   Advertising, marketing, and commercials in print, television, Internet, and other media;

b.   All communications with vendors, retailers or other industry third parties regarding marketing, advertising, shelf space or pricing for the Wee 3 Friends product line;

c.   Any market research or analysis regarding the Wee 3 Friends product line including consumer research, potential consumer base, target market and market share including any documents or presentations regarding such information and how such information was compiled;

d.   Any instances of consumer or retailer confusion between any Wee 3 Friends products and any 4-Ever Best Friends products;

e.   Unit sales, pricing, discounts, gross and net revenues associated with the sales of Wee 3 Friends products on a per-sku and monthly basis for the period that Mattel sold the Wee 3 Friends products,

f.   All costs, both variable and fixed, associated with the development, manufacturing, marketing, sale and delivery to customers of the Wee 3 Friends product line, including without limitation the following:

i.   All variable costs for manufacturing the product on a per-sku basis, including the raw materials, packaging supplies and direct

variable labor, as identified and defined by Thomas Debrowski at page 122:21-25 of his deposition;

ii. The Bill of Materials ("BOM") for each product in the line, including the cost of manufacturing the dolls, accessories and package for each sku offered by Mattel in the Wee 3 Friends product line, as well as all manufacturing cost variances from such BOMs;

iii. Any other element of manufacturing cost for each sku offered by Mattel in the Wee 3 Friends product line not already identified in response to topic (f)(i), including without limitation the costs of any tooling;

iv. All distribution and shipping costs, including all transportation costs, associated with every unit of Wee 3 Friends sold by Mattel;

v. All development and design costs for Wee 3 Friends, whether variable or allocated;

vi. All marketing and sales costs including all forms of media and non-media advertising expenditures, research, trade advertising allowances, television production costs, advertising time purchase expenses, and all other costs associated with the marketing and sale of the Wee 3 Friends product;

vii. Mattel's allocation of any share of fixed costs and/or overhead to the Wee 3 Friends product line, including fixed costs associated with development, manufacturing, marketing, sales and all other activities, as well as its methodology of allocation of such costs;

viii. Any other cost of Mattel in any way associated with the Wee 3 Friends product line.

Case No. CV 04-9049 DOC (RNBx)

MATTEL INC.'S SEPARATE STATEMENT ISO ITS MOTION FOR PROTECTIVE ORDER

1

**RESPONSE TO DEPOSITION TOPICS 5 AND 5:**

2

Topics 4 and 5 are unduly burdensome and overly broad.  Fed. R. Civ. P.

3

26(c)(1)(A); 26(b)(2)(C)(iii).

4

5

### Topics 4 and 5 Are Overly Broad and Unduly Burdensome

6

These Topics seek every conceivable piece of information related to Mattel's

7

"Wee 3 Friends" products: all communications, development, market research,

8

trademark clearances, marketing, advertising, all cost information, sales and revenue

9

information by SKU for the life of each of the products.

10

11

To take just two examples, sub-topic 5(b) seeks to examine a corporate

12

witness on "[a]ll communications with vendors, retailers or other industry third

13

parties regarding marketing, advertising, shelf space or pricing for the Wee 3

14

Friends product line."  Sub-topic 5(g)(viii) seeks testimony on "[a]ny other cost of

15

Mattel in any way associated with the Wee 3 Friends product line."  Good cause

16

exists for this order because limiting the burden and expense to Mattel of preparing

17

a witness or witnesses to testify on this Topic far outweighs the marginal benefit

18

MGA would obtain from the testimony.  See In re Indep. Serv. Orgs. Antitrust

19

Litig., 168 F.R.D. 651, 654 (D. Kan. 1996) (granting protective order from 30(b)(6)

20

deposition and noting that a party "is not required to have counsel marshal all of its

21

factual proof and prepare a witness to be able to testify on a given defense or

22

counterclaim") (internal quotation marks omitted).

23

24

25

26

27

28

**DEPOSITION TOPIC 6:**

The creation, design, development, product configuration and packaging of Mattel's Fashion Fever product line(s), including the product line during such time as alternative names or codenames such as "Fashion 4" were used for the product, including but not limited to the evaluation of other potentially competitive product lines during development, including MGA's Tokyo-a-Go-Go or Flashback Fever.

**DEPOSITION TOPIC 7:**

The marketing, first commercial use or sale, sales, and profitability of Mattel's Fashion Fever product line(s) including, but not limited to sales, revenue, pricing, costs (whether variable or fixed), and profit information on a monthly, quarterly and annual basis.

**RESPONSE TO DEPOSITION TOPIC 7-7:**

The Court should order that the discovery sought through this Topic be forbidden as irrelevant to any claim or defense in this case and as unduly burdensome.  <u>Fed. R. Civ. P.</u> 26(c)(1)(A); 26(b)(2)(C)(iii).

**Topic 6-7 Seek Irrelevant Information**

These Topics seeks to examine a corporate witness on Mattel's "Fashion Fever product line(s)" particularly in relation to the Bratz "Tokyo-a-Go-Go" and "Flashback Fever" lines.  Fashion Fever is not a basis for any MGA claim.  MGA has represented that with the exception of claims related to Bratz's trapezoidal packaging, it has withdrawn its claims as to trade dress infringement based on the Bratz dolls.  <u>See</u> Dkt. No. 7684, Exhibit 1.  Mattel's "Fashion Fever" products were

not identified by MGA's corporate designee as having trapezoidal packaging, or as being otherwise relevant to MGA's claims.  See Dkt. No. 7648 at ¶¶ 4-5.  Nor did MGA prepare a Rule 30(b)(6) witness to testify about allegations regarding "Fashion Fever."  Id.  There is no possible relevance, therefore, for any discovery on these Topics.  As a result if its irrelevance, preparing a witness on this topic would impose an unduly burden on Mattel.  Rule 26(b)(2)(C)(iii).  Good cause exists for this order because limiting the burden and expense to Mattel of preparing a witness or witnesses to testify on these Topics far outweighs any conceivable benefit MGA would obtain from the testimony. Good cause therefore exists for an order protecting Mattel from having to prepare a witness on these Topics.

## DEPOSITION TOPIC 8:

The receipt by Mattel of any non-public and/or confidential information about competitors' products or pricing, product development, advertising plans, marketing plans or research, actual or estimated product costs or sales, including any practice of anyone at Mattel of visiting the showrooms of competitors during any Hong Kong or New York Toy Fair(s), including but not limited to how Mattel gained admittance to any competitors' showrooms as well as how Mattel controls access to its own showrooms.

## RESPONSE TO DEPOSITION TOPIC 8:

Topic 8 is not stated with reasonable particularity and is overly broad and would unduly burden Mattel.  Fed. R. Civ. P. 26(c)(1)(A); 26(b)(2)(C)(iii).

## Topic 8 Is Not Stated With Reasonable Particularity and Seeks Irrelevant Information

Topic No. 8 is not reasonably particular on its face, nor is it bounded by the claims and defenses in this case.  It is not limited by time; Mattel has been in business for decades.  It is not limited by competitor; MGA cannot justify Mattel searching for potentially responsive information, if any, for about Hasbro, Jakks, or Lego.  It is not limited to the products at issue in this case.  It has no practical or reasonable limits, but seeks a witness from Mattel to testify regarding "any non-public and/or confidential information" about a wide range of information relating to unspecified Mattel competitors, including their "pricing, product development, advertising plans, marketing plans or research, actual or estimated product costs or sales" – regardless of whether any of this information has any bearing on this action.  See In re Indep. Serv. Orgs. Antitrust Litig., 168 F.R.D. 651, 654 (D. Kan. 1996) (granting protective order from 30(b)(6) deposition and noting that a party "is not required to have counsel marshal all of its factual proof and prepare a witness to be able to testify on a given defense or counterclaim") (internal quotation marks omitted); Reed v. Bennett, 193 F.R.D. 689, 692 (D. Kan. 2000) ("Where, as here, the defendant cannot identify the outer limits of the area of inquiry noticed, compliant designation is not feasible.").  Good cause therefore exists for this order because limiting the burden and expense to Mattel of preparing a witness or

witnesses to testify on this Topic far outweighs the marginal benefit MGA would obtain from the testimony.

The prior Discovery Master granted MGA and MGA Mexico a protective order from a Topic "so sweeping that it would be utterly unrealistic and unduly burdensome for MGA and MGA Mexico to prepare a witness to testify on [it]." See Dkt. No. 3564 at 9.  Mattel should be protected here for the same reason.

### Topic 8 is Overly Broad and Unduly Burdensome

This Topic's temporal scope grossly precedes and post-dates the time period relevant for any claim or defense in this case.  The prior Discovery Master denied Mattel's motion to compel a Rule 30(b)(6) Topic on these very grounds.  Mattel sought testimony on a topic seeking information about MGA's policies extending back to 1995.  The Discovery Master denied Mattel's motion, holding the topic to be "overbroad in terms of the specified time frame because Bryant did not begin working at MGA until the year 2000" and therefore "overbroad and burdensome." See Dkt. No. 1013 at 10.  This Topic is even more overbroad and even more burdensome.

### Topic 8 Seeks Information Not Reasonably Available to Mattel

Further, this Topic almost exclusively covers information that Mattel does not have: what information *competitors* consider non-public and/or confidential is not generally within Mattel's knowledge nor reasonably available to it.  This information is thus not "reasonably available" to the corporation and Mattel cannot

1   be expected to prepare a corporate witness on the topic.  See Rule 30(b)(6) ("The

2   persons designated must testify about information known or reasonably available to

3

4   the organization.").  Helfer v. Marriot Int'l, Inc., 2007 WL 433477, at *6 (E.D. Pa.

5   2007) (finding that corporation need not produce 30(b)(6) witness on acts of another

6

7   company because they were not reasonably available to corporation); Arctic Cat,

8   Inc. V. Injection Research Specialists. Inc., 210 F.R.D. 680, 685 (D. Minn. 2002)

9   ("[W]e are aware of no requirement that a Rule 30(b)(6) deponent must undertake

10

11   an investigation, outside of the party he represents, in order to respond to questions

12   that, properly, should be directed to a different party, or entity.").  Mattel should be

13   protected from having to prepare a witness on this Topic to the extent the

14

15   information is not reasonably available to it.

16   **DEPOSITION TOPIC 9:**

17            Communications between Mattel and its licensees and/or potential licensees

18   regarding potential or actual licenses with MGA, including but not limited to any

19

20   and all discussions concerning Bratz and 4-Ever Best Friends.

21   **RESPONSE TO DEPOSITION TOPIC 9:**

22            The Court should order that the discovery sought through this Topic be

23   forbidden as not stated with reasonable particularity and as unduly burdensome.

24

25   Fed. R. Civ. P. 26(c)(1)(A); 26(b)(2)(C)(iii).

26

27

28

## Topic 9 Is Not Stated With Reasonable Particularity

By its terms, this topic far exceeds the scope of the issues in this case.  MGA defines "Mattel" to include "all of [Mattel's] directors, officers, employees, attorneys, accountants, consultants, representatives, agents, divisions, subsidiaries, or affiliates, past or present."  The Topic therefore covers any communication between any past or present employee or agent of Mattel with almost any person about any actual or potential MGA license.  It is therefore not reasonably particularized to issues in this case.

## Topic 9 is Overbroad Unduly Burdensome

It would not be possible for a corporate witness to be prepared for examination on such a vastly overbroad Topic.  It contains no temporal limits, no subject matter limits (other than MGA), no geographic limits, no limit by the products at issue in this case.  Worldwide, Mattel has over 1400 licensees and licensors, and they change over time.[17]  The prior Discovery Master granted MGA and MGA Mexico a protective order from a Topic "so sweeping that it would be utterly unrealistic and unduly burdensome for MGA and MGA Mexico to prepare a witness to testify on [it]."  See Dkt. No. 3564 at 9.  Mattel should be protected here for the same reason.  Good cause exists for this order because limiting the burden and expense to Mattel of preparing a witness or witnesses to testify on this Topic far

---

[17]   See Dkt. No. 537 at 3.

outweighs the marginal benefit MGA would obtain from the testimony.  <u>See</u> <u>In re</u> <u>Indep. Serv. Orgs. Antitrust Litig.</u>, 168 F.R.D. 651, 654 (D. Kan. 1996) (granting protective order from 30(b)(6) deposition and noting that a party "is not required to have counsel marshal all of its factual proof and prepare a witness to be able to testify on a given defense or counterclaim") (internal quotation marks omitted); <u>Reed v. Bennett</u>, 193 F.R.D. 689, 692 (D. Kan. 2000) ("Where, as here, the defendant cannot identify the outer limits of the area of inquiry noticed, compliant designation is not feasible.").

**DEPOSITION TOPIC 10:**

Any and all efforts, attempts, or other actions taken to reduce shelf and display space for Bratz, to specify the location of Bratz products in retail planograms, or to alter the placement of Bratz products once on the shelves at retail outlets.

**RESPONSE TO DEPOSITION TOPIC 10:**

Topic 10 is not stated with reasonable particularity and is unduly burdensome. <u>Fed. R. Civ. P.</u> 26(c)(1)(A); 26(b)(2)(C)(iii).

**Topic 10 Is Not Stated With Reasonable Particularity**

In seeking "[a]ny and all efforts, attempts, or other actions" – without limiting those efforts, attempts and actions to those involving Mattel or relating to allegations of improper conduct – the Topic is grossly overbroad.  It seemingly covers any action by a retailer or even MGA employee that "reduce[s] shelf and

display space for Bratz," that "specif[ies] the location of Bratz products in retail planograms," or "alter[s] the placement of Bratz products once on the shelves at retail outlets."  This includes a re-stocker *putting Bratz products on the shelves* or an attempt by an *MGA* employee to *increase* or otherwise specify the layout of Bratz planograms.  These matters have no bearing on any claim or defense in this case.

### **Topic 10 is Unduly Burdensome**

It would not be possible for a corporate witness to be prepared for examination on such a vastly overbroad Topic.  It is not limited by time.  It is not limited by geographic location.  It is not even limited to Mattel.  If MGA has a complaint about specific instances, then Mattel can consider it.  But, it should not be required to inquire of every single of its thousands of employees[18] who may have ever been in a toy store about this meritless accusation.

The prior Discovery Master granted MGA and MGA Mexico a protective order from a Topic "so sweeping that it would be utterly unrealistic and unduly burdensome for MGA and MGA Mexico to prepare a witness to testify on [it]."  See Dkt. No. 3564 at 9.  Mattel should be protected here for the same reason.  Good cause exists for this order because limiting the burden and expense to Mattel of preparing a witness or witnesses to testify on this Topic far outweighs the marginal benefit MGA would obtain from the testimony.  See In re Indep. Serv. Orgs.

---

[18]   See Dkt. No. 6225 at ¶ 3.

Antitrust Litig., 168 F.R.D. 651, 654 (D. Kan. 1996) (granting protective order from

30(b)(6) deposition and noting that a party "is not required to have counsel marshal

all of its factual proof and prepare a witness to be able to testify on a given defense

or counterclaim") (internal quotation marks omitted); Reed v. Bennett, 193 F.R.D.

689, 692 (D. Kan. 2000) ("Where, as here, the defendant cannot identify the outer

limits of the area of inquiry noticed, compliant designation is not feasible.").

### Topic 10 Seeks Information Not Reasonably Available to Mattel

Further, the Topic is not limited to matters involving or reasonably readily

available to Mattel.  This information is thus not "reasonably available" to the

corporation and Mattel cannot be expected to prepare a corporate witness on the

topic.  See Rule 30(b)(6) ("The persons designated must testify about information

known or reasonably available to the organization.").  Mattel should be protected

from having to prepare a witness on this Topic to the extent the information is not

reasonably available to it.

## DEPOSITION TOPIC 11:

A complete explanation of the precise circumstances in which Mattel

acquired all of the information concerning MGA and/or MGA's products found in

the following documents:

    a.    Communications regarding the 2004 Hong Kong Toy Fair and Bratz

        and all follow-ups, including those found at Ex. 7790, M 0743524

        (Exhibit 1 hereto); Ex. 7795, M 0933415 (Exhibit 2 hereto); Ex. 8747,

1   M 0941091-092 (Exhibit 3 hereto); Ex. 8748, M 0941278 (Exhibit 4
2   hereto);

3   b.   Ex. 8679, M 0297397-605 (Exhibit 5 hereto) and any additional
4        communications concerning the subject matter therein;

5   c.   Ex. 8749, M 0943517 (Exhibit 6 hereto) and any additional
6        communications concerning the subject matter therein;

7   d.   Communications regarding "MGA's Best Friend Assortment" and all
8        follow-ups, including those found at Ex. 2114, M 0083032 (Exhibit 7
9        hereto); Ex. 8751, M 0942504 (Exhibit 8 hereto);

10  e.   M 0943492 (Exhibit 9 hereto) and any additional communications
11       concerning the subject matter therein;

12  f.   M 0937971 (Exhibit 10 hereto) and any additional communications
13       concerning the subject matter therein;

14  g.   Communications regarding MGA's Spring 2004 products, including
15       those found at Ex. 2107, M 0082020-021 (Exhibit 11 hereto); Ex. 8816,
16       M 0082026 (Exhibit 12 hereto);

17  h.   Communications regarding MGA's 2004 Bratz product lines, including
18       those found at Ex. 8666, M 0949654-56 (Exhibit 13 hereto); Ex. 8747,
19       M 0941091-92 (Exhibit 3 hereto); Ex. 8817, M 0937972- 973 (Exhibit
20       14 hereto); M 0932863-865 (Exhibit 15 hereto);

21  i.   Ex. 8760, M 0943386 (Exhibit 16 hereto) and any additional
22       communications concerning the subject matter therein;

23  j.   Communications regarding screener or advance copies of MGA's
24       videos, DVDs, or sales thereof, including those found at Ex. 8667, M
25       0949670 (Exhibit 17 hereto); Ex. 8668, M 0949669 (Exhibit 18 hereto);

26  k.   Communications regarding confidential or competitive information
27       regarding MGA's videos, DVDs, or sales thereof, including those found

28

1    at Ex. 8669 M 0940887 (Exhibit 19 hereto); Ex. 8671, M 0949698

2    (Exhibit 20 hereto);

3    l.    Ex. 8758, M 0941541-542 (Exhibit 21 hereto) and any additional

4          communications concerning the subject matter therein;

5    m.    Ex. 8670, M 0949732-734 (Exhibit 22 hereto) and any additional

6          communications concerning the subject matter therein;

7    n.    Ex. 8672, M 0949731 (Exhibit 23 hereto) and any additional

8          communications concerning the subject matter therein;

9    o.    M 0940479 (Exhibit 24 hereto) and any additional communications

10         concerning the subject matter therein;

11   p.    Ex. 1148, M 0014331 (Exhibit 25 hereto) and any additional

12         communications concerning the subject matter therein;

13   **RESPONSE TO DEPOSITION TOPIC 11:**

14   The Court should order that the discovery sought through this Topic--actually

15   sixteen specific topics--be forbidden as unduly burdensome and irrelevant.  Fed. R.

16
17   Civ. P. 26(c)(1)(A); 26(b)(2)(C)(iii).

18   **Topic 11 is Overly Broad and Unduly Burdensome**

19   MGA seeks to examine a corporate designee on the "complete explanation of

20   the precise circumstances in which Mattel acquired all of the information

21
22   concerning MGA and/or MGA's products found in" over 250 pages of documents.

23   For many of these documents, MGA *also* seeks a witness to testify regarding "any

24   additional communications concerning the subject matter therein."  The Notice

25   defines "communication" to mean "the transmittal of information by any means and

26
27   in any form."  The time and expense that would be required to prepare a witness on

28

this Topic and sub-topics would be inordinate.   It is not feasible for Mattel to prepare a designee on all of this information.

For example, sub-topic (b) seeks "[a] complete explanation of the precise circumstances in which Mattel acquired all of the information concerning MGA and/or MGA's products found in" a 200+ page "New York Toy Fair Competitive Review" that covers a full range of competitive products not at issue in this litigation.  The Topic also demands testimony about  "any additional communications concerning the subject matter therein."  This is absurd and unprecedented.

The prior Discovery Master granted MGA and MGA Mexico a protective order from a Topic "so sweeping that it would be utterly unrealistic and unduly burdensome for MGA and MGA Mexico to prepare a witness to testify on [it]."  See Dkt. No. 3564 at 9.  Mattel should be protected here for the same reason.

Further, Mattel should not have to prepare a witness to testify about the circumstances of Mattel's acquisition of *any* of these documents until MGA produces a corporate witness who can explain how Mattel's trade secret documents were discovered in MGA Mexico's offices during the federal authorities' search in 2006.  Good cause exists for this order because limiting the burden and expense to Mattel of preparing a witness or witnesses to testify on this Topic far outweighs the marginal benefit MGA would obtain from the testimony.  See In re Indep. Serv. Orgs. Antitrust Litig., 168 F.R.D. 651, 654 (D. Kan. 1996) (granting protective

order from 30(b)(6) deposition and noting that a party "is not required to have counsel marshal all of its factual proof and prepare a witness to be able to testify on a given defense or counterclaim") (internal quotation marks omitted).

**Topic 11 Seeks Irrelevant Information**

Most if not all of the information sought in this Topic is irrelevant.  MGA has made no showing that Mattel's acquisition of the information in these exhibits, or any of the communications about the exhibits are relevant to any claim or defense in this action.

**DEPOSITION TOPIC 12:**

M 0065871-92 (Exhibit 26 hereto), including but not limited to the person(s) who requested creation of this document, the person(s) who authored the document, the person(s) who contributed to or were involved in any way in the creation of this document, the date(s) this document was in use, all purposes for which it was used, any and all revisions to this document, and the source of every piece of information contained therein.

**DEPOSITION TOPIC 13:**

Ex. 1812A, M 0086631-676 (Exhibit 27 hereto), including but not limited to the person(s) who requested creation of this document, the person(s) who authored the document, the person(s) who contributed to or were involved in any way in the creation of this document, the date(s) this document was in use, all purposes for

which it was used, any and all revisions to this document, and the source of every

piece of information contained therein.

**DEPOSITION TOPIC 14:**

Ex. 1805, M 0079765-771 (Exhibit 28 hereto) and all research referenced

therein, including but not limited to the person(s) who requested creation of this

document, the person(s) who authored the document, the person(s) who contributed

to or were involved in any way in the creation of this document, the date(s) this

document was in use, all purposes for which it was used, any and all revisions to this

document, and the source of every piece of information contained therein.

**DEPOSITION TOPIC 15:**

M 0941568-578 (Exhibit 29 hereto), including but not limited to the person(s)

who requested creation of this document, the person(s) who authored the document,

the person(s) who contributed to or were involved in any way in the creation of this

document, the date(s) this document was in use, all purposes for which it was used,

any and all revisions to this document, and the source of every piece of information

contained therein.

**RESPONSE TO DEPOSITION TOPICS 16, 17, 18, AND 18:**

These Topics are unduly burdensome and seek irrelevant information.  Fed.

R. Civ. P. 26(c)(1)(A); 26(b)(2)(C)(iii).

**Topics 12, 13, 14, and 15 Are Overly Broad and Unduly Burdensome**

The Topics seek testimony regarding every aspect of Mattel reports and

presentations, including everyone who was "involved in any way in the creation" of

the document, "all purposes for which it was used," and "the source of every piece

of information contained therein" – regardless of whether that information has any

bearing on any claim or defense in this action.  The prior Discovery Master granted

MGA and MGA Mexico a protective order from a Topic "so sweeping that it would

be utterly unrealistic and unduly burdensome for MGA and MGA Mexico to prepare

a witness to testify on [it]."  See Dkt. No. 3564 at 9.  Mattel should be protected here

for the same reason.

### Topics 12, 13, 14, and 15 Seek Irrelevant Information

Most if not all of the testimony sought in this Topic is irrelevant.  MGA has

made no showing that information such as the dates these documents were in use,

the purposes for which they were used, or the source of information in them, are

relevant to any claim or defense in this action.

To the extent the information in the documents relate to Bratz trade dress, it is

irrelevant based on MGA's withdrawal of virtually all of its Bratz-related trade dress

claims.  See Dkt. No. 7684, Exhibit 1.  Good cause exists for this order because

limiting the burden and expense to Mattel of preparing a witness or witnesses to

testify on this Topic far outweighs the marginal benefit MGA would obtain from the

testimony.  See In re Indep. Serv. Orgs. Antitrust Litig., 168 F.R.D. 651, 654 (D.

Kan. 1996) (granting protective order from 30(b)(6) deposition and noting that a

party "is not required to have counsel marshal all of its factual proof and prepare a

witness to be able to testify on a given defense or counterclaim") (internal quotation

marks omitted).

**DEPOSITION TOPIC 19:**

All fashion doll concepts (including ideas, drawings, prototypes and the like

and independent of the precise stage of creation) considered by Mattel for potential

marketing between 1990 and 2002, whether such concepts were presented by

internal or external sources, whether such concepts were accepted or rejected, the

reasons for such acceptance or rejection, and any market research concerning such

doll concepts considered in connection with the decision whether to accept or reject

them.

**RESPONSE TO DEPOSITION TOPIC 19:**

The Court should order that the discovery sought through this Topic be

forbidden as unduly burdensome, as not stated with reasonable particularity, and as

irrelevant.  Fed. R. Civ. P. 26(c)(1)(A); 26(b)(2)(C)(iii).

**Topic 16 Is Not Stated With Reasonable Particularity**

This Topic is essentially an attempt to dig into Mattel's trove of development

ideas.  This  is exactly the sort of information that a competitor should not have.

Further, it is incredibly overbroad.  Mattel typically releases more than 2000 new

products a year, a substantial share of which are fashion dolls.[19]  So, for a 12-year

period, that would encompass more than thousands and thousands of "fashion doll

concepts" and thousands more that were not considered, may have traveled through the development process, but were eventually not brought to market.    In seeking "[a]ll fashion doll concepts (including ideas, drawings, prototypes and the like and independent of the precise stage of creation)" considered for marketing – or "potential marketing" – as well as the reasons for acceptance or rejection, *and* all market research connected to those concepts, MGA seeks to examine a corporate witness on an amount of information that no single person – or reasonable collection of designees – could possibly be prepared on.[20]  Reed v. Bennett, 193 F.R.D. 689, 692 (D. Kan. 2000) ("Where, as here, the defendant cannot identify the outer limits of the area of inquiry noticed, compliant designation is not feasible.").  The prior Discovery Master granted MGA and MGA Mexico a protective order from a Topic "so sweeping that it would be utterly unrealistic and unduly burdensome for MGA and MGA Mexico to prepare a witness to testify on [it]."  See Dkt. No. 3564 at 9.  Mattel should be protected here for the same reason.

### Topic 16 Is Unduly Burdensome

MGA has not shown how any of this Topic is relevant to any claim or defense in Phase 2 – nor could it, as the vast majority of fashion doll concepts have no bearing on any issue in this case, and the time period extends well before any relevant temporal period for the litigation.  The prior Discovery Master denied

---

[19]  See Declaration of Lori Pantel, dated August 5, 2009, Dkt. No. 6225 at ¶ 2.

Mattel discovery on a 30(b)(6) Topic on these very grounds.  A 30(b)(6) Topic seeking information about MGA's policies extending back to 1995 was determined to be "overbroad in terms of the specified time frame because Bryant did not begin working at MGA until the year 2000" and therefore "overbroad and burdensome." See Dkt. No. 1013 at 10.  Good cause exists for this order because limiting the burden and expense to Mattel of preparing a witness or witnesses to testify on this Topic far outweighs the marginal benefit MGA would obtain from the testimony. See In re Indep. Serv. Orgs. Antitrust Litig., 168 F.R.D. 651, 654 (D. Kan. 1996) (granting protective order from 30(b)(6) deposition and noting that a party "is not required to have counsel marshal all of its factual proof and prepare a witness to be able to testify on a given defense or counterclaim") (internal quotation marks omitted).

**DEPOSITION TOPIC 20:**

All facts Mattel intends to introduce at trial to show that it would have chosen to market Bratz products had Carter Bryant disclosed his Bratz drawings to Mattel at any point in time between January 1, 1999 and October 19, 2000.

---

[20]  See Dkt. No. 6225 at ¶ 8.

**RESPONSE TO DEPOSITION TOPIC 20:**

The Court should order that the discovery sought through this Topic be forbidden as irrelevant and unduly burdensome.  Fed. R. Civ. P. 26(c)(1)(A); 26(b)(2)(C)(iii).

### **Topic 17 Seeks Irrelevant Information**

MGA cannot make any showing of relevance on this Topic for any claim or defense currently at issue in the case.  The Topic is no longer at issue based on the Phase 1 jury verdict.

### **Topic 17 is Improper on Its Face**

Rule 30(b)(6) topics seeking "all facts" are improper.  See In re Indep. Serv. Orgs. Antitrust Litig., 168 F.R.D. 651, 654 (D. Kan. 1996) (granting protective order from 30(b)(6) deposition and noting that a party "is not required to have counsel marshal all of its factual proof and prepare a witness to be able to testify on a given defense or counterclaim") (internal quotation marks omitted); see also SmithKline Beecham Corp. v. Aporex Corp., 2000 WL 116082, at *9 (N.D. Ill. Jan. 24, 2000).  As the Discovery Master has noted, such information is more efficiently obtained through contention interrogatories.  See Dkt. No. 1013 at 8.

**DEPOSITION TOPIC 21:**

All qualitative and quantitative consumer research conducted by Mattel concerning or including any MGA product, any attributes of any MGA product, or any MGA product packaging, including the manner and methodology of such

research, the results of such research, any reports concerning such research, and the distribution within Mattel of any reports concerning such research.

**RESPONSE TO DEPOSITION TOPIC 21:**

This Topic is not stated with reasonable particularity and is unduly burdensome.  Fed. R. Civ. P. 26(c)(1)(A); 30(b)(6); 26(b)(2)(C)(iii).

**Topic 18 Is Not Stated With Reasonable Particularity**

The Topic is extraordinarily overbroad.  It seeks every single piece of consumer research conducted by Mattel that involves *any* MGA product or any "attributes" of any MGA product.  Mattel conducts voluminous internal consumer research, including almost daily focus groups on competitive toy products.[21]  MGA has sold, directly or indirectly through licensees, thousands of products.  These include such diverse products as a  "Spiderman" memory game, a "Creature Mix" line of mix-and-match animals, and Little Tikes products.[22]  It is not feasible for Mattel to prepare a witness on such a broad Topic.  To the extent the Topic includes research that includes "attributes of any MGA product" it is not defined with reasonable particularity.  Reed v. Bennett, 193 F.R.D. 689, 692 (D. Kan. 2000) ("Where, as here, the defendant cannot identify the outer limits of the area of inquiry noticed, compliant designation is not feasible.").

---

[21]  See Dkt. No. 441 at ¶ 9.
[22]  Id. ¶ 6.

### Topic 18 is Unduly Burdensome

Mattel conducts, on an on-going basis, voluminous internal consumer research on Mattel products and competing toys.[23]  Mattel conducts, on an almost daily basis, focus group marketing testing with consumers on a wide variety of Mattel doll products and competitive doll products.[24]  Preparing a witness to testify about "the manner and methodology of the research, the results of such research, any reports concerning such research, and the distribution within Mattel of any reports concerning such research" is virtually impossible.  The prior Discovery Master granted MGA and MGA Mexico a protective order from a Topic "so sweeping that it would be utterly unrealistic and unduly burdensome for MGA and MGA Mexico to prepare a witness to testify on [it]."  See Dkt. No. 3564 at 9. Mattel should be protected here for the same reason.  Good cause exists for this order because limiting the burden and expense to Mattel of preparing a witness or witnesses to testify on this Topic far outweighs the marginal benefit MGA would obtain from the testimony.  See In re Indep. Serv. Orgs. Antitrust Litig., 168 F.R.D. 651, 654 (D. Kan. 1996) (granting protective order from 30(b)(6) deposition and noting that a party "is not required to have counsel marshal all of its factual proof and prepare a witness to be able to testify on a given defense or counterclaim") (internal quotation marks omitted).

---

[23]  See Dkt. No. 6225 at ¶ 8.

**DEPOSITION TOPIC 22:**

The harm Mattel claims it suffered as a result of defendants' alleged misconduct including:

a.   The identity of every Mattel Product that you contend sustained damage in any way by defendants' alleged misconduct;

b.   The period the alleged misconduct took place;

c.   Any alleged lost profits, lost sales, price erosion, lost sales opportunities or diversion of sales suffered by Mattel Products as a result of defendants' alleged misconduct, including but not limited to lost sales of Barbie, including quantification and analysis of lost profits, lost sales, price erosion, lost sales opportunities or diversion of sales by period, region, product and brand;

d.   Any increase in expenses alleged to have been experienced by Mattel as a consequence of defendants' alleged misconduct;

e.   Sales and/or financial forecasts or projections of every Mattel Product whose sales you contend were harmed by MGA's alleged misconduct;

f.   Market share analysis, shelf space analysis, retail space analysis or reports of every Mattel Product whose sales you contend were harmed by MGA's alleged misconduct.

**RESPONSE TO DEPOSITION TOPIC 22:**

The Court should order that the discovery sought through this Topic be forbidden as unreasonably cumulative and duplicative of prior discovery and as unduly burdensome.  <u>Fed. R. Civ. P.</u> 26(c)(1)(A); 26(b)(2)(C)(i) and (iii).

**Topic 19 Seeks Unreasonably Duplicative Testimony**

---

[24]   <u>Id.</u>

1    Mattel has already produced Rule 30(b)(6) designees for days of testimony on

2  very similar Topics:

4        The identity of, and the sales, revenues, and profits of, any MATTEL
         product(s) MATTEL contends have been impacted by BRATZ,
5        including, but not limited to, BARBIE, DIVA STARZ, FLAVAS and
         MY SCENE, and any accessories, and licensed products, from 1990 to
         the present.[25]

7        The impact BRATZ has had, if any, on the sales and sales revenue of
         any Mattel product(s), including but not limited to BARBIE, DIVA
8        STARZ, FLAVAS, any accessories and licensed products, and any
         product not listed herein that Mattel claims have been impacted by
         BRATZ.[26]

10       Any harm Mattel claims resulted from the alleged misappropriation of
         trade secrets by the MGA Parties.[27]

11       The prior Discovery Master granted MGA and MGA Mexico a protective

13 order as to Topics which were duplicative of prior discovery, on the grounds that

14 "[w]hatever benefit Mattel may gain from a 30(b)(6) deposition on [the Topics],

15 above and beyond what Mattel has already sought and received, would be greatly

16 outweighed by the burden and expense to MGA of preparing a witness to testify on

17 these Topics."  See Dkt. No. 3564 at 8.  Mattel should be protected from preparing

---

[25]   See MGA Parties' Notice of Deposition of Mattel, Inc. Pursuant to Fed. R. Civ. P. 30(b)(6), dated June 4, 2008 (Topic 28); Deposition Transcript Douglas Kerner, Vol. 1, dated June 6, 2009.
[26]   Id. (Topic 29).
[27]   See Notice of Deposition of Mattel, Inc. (Second Phase 2 Notice), dated September 28, 2009 (Topic 13); Deposition Transcript of Keith Storie, Vol. 1, dated December 16, 2009; Deposition Transcript of Keith Storie, Vol. 2, dated December 17, 2009; Deposition Transcript of Keith Storie, Vol. 3, dated February 22, 2010; Deposition Transcript of Keith Storie, Vol. 4, dated February 23, 2010; Deposition Transcript of Keith Storie, Vol. 5, dated April 29, 2010; Deposition Transcript of Keith Storie, Vol. 6, dated April 30, 2010.

a witness on this Topic for the same reason.  See CSX Transp., Inc. v. Vela, 2007 WL 3334966, at *3 (S.D. Ind. Nov. 8, 2007) (granting motion for protective order where party sought 30(b)(6) deposition on matters the noticed party had previously answered in discovery because "additional testimony is unduly burdensome").

### Topic 19 is Unduly Burdensome

This Topic is unduly burdensome.  It seeks to examine a designee, on a product-by-product basis for hundreds of products, on market share analysis, shelf space analysis, retail space analysis, and sales or financial forecasts.  It also seeks testimony on "quantification and analysis of lost profits, lost sales, price erosion, lost sales opportunities or diversion of sales" by the following groupings: "by period, region, product and brand."  Preparation of a corporate witness on all of this information is impossible.  The prior Discovery Master granted MGA and MGA Mexico a protective order from a Topic "so sweeping that it would be utterly unrealistic and unduly burdensome for MGA and MGA Mexico to prepare a witness to testify on [it]."  See Dkt. No. 3564 at 9.  Mattel should be protected here for the same reason.  Good cause exists for this order because limiting the burden and expense to Mattel of preparing a witness or witnesses to testify on this Topic far outweighs the marginal benefit MGA would obtain from the testimony.  See In re Indep. Serv. Orgs. Antitrust Litig., 168 F.R.D. 651, 654 (D. Kan. 1996) (granting protective order from 30(b)(6) deposition and noting that a party "is not required to

have counsel marshal all of its factual proof and prepare a witness to be able to testify on a given defense or counterclaim") (internal quotation marks omitted).

## DEPOSITION TOPIC 23:

The harm Mattel claims it suffered as a result of defendants' alleged misconduct including purported theft of trade secrets through MGA's employment of Mattel's former employees including:

    a.    Alleged acts of disloyalty and misconduct of Mattel's former employees;

    b.    Compensation or monies paid by Mattel to Mattel's former employees during such periods as Mattel contends such employees were disloyal or engaged in misconduct;

    c.    Mattel's assets, resources, property, proprietary or confidential information, trade secrets or intellectual property and value of them that Mattel alleges were converted or diverted by Mattel's former employees and used by defendants;

    d.    Alleged actual losses suffered by Mattel caused by defendants' alleged misappropriation of trade secrets including the causes of loss, dates of loss and the quantification of loss;

    e.    All aspects of Mattel's claim that the name "Moxie" was and is confidential and trade secret Mattel information.

## RESPONSE TO DEPOSITION TOPIC 23:

The Court should order that the discovery sought through this Topic be forbidden as unduly cumulative and duplicative of prior discovery and as unduly burdensome. <u>Fed. R. Civ. P.</u> 26(c)(1)(A); 26(b)(2)(C)(i) and (iii).

## __Topic 20 Seeks Unreasonably Duplicative Testimony__

Mattel has already provided days of 30(b)(6) testimony on very similar

Topics:

Any harm Mattel claims resulted from the alleged misappropriation of trade secrets by the MGA Parties.[28]

The existence and identity of information that Mattel contends constitute MATTEL TRADE SECRETS.[29]

The identity of documents that Mattel contends contain information that constitutes MATTEL TRADE SECRETS.[30]

The creation, preparation and/or compilation of the information that Mattel contends constitutes MATTEL TRADE SECRETS.[31]

The independent economic value that MATTEL TRADE SECRETS derive from not being generally known to the public or other persons who can obtain economic value from the disclosure or use of the MATTEL TRADE SECRETS.[32]

Mattel's efforts to maintain the secrecy of the MATTEL TRADE SECRETS.[33]

---

[28]   See Notice of Deposition of Mattel, Inc. (Second Phase 2 Notice), dated September 28, 2009 (Topic 13); Deposition Transcript of Keith Storie, Vol. 1, dated December 16, 2009; Deposition Transcript of Keith Storie, Vol. 2, dated December 17, 2009; Deposition Transcript of Keith Storie, Vol. 3, dated February 22, 2010; Deposition Transcript of Keith Storie, Vol. 4, dated February 23, 2010; Deposition Transcript of Keith Storie, Vol. 5, dated April 29, 2010; Deposition Transcript of Keith Storie, Vol. 6, dated April 30, 2010.

[29]   See Notice of Deposition of Mattel, Inc. (Second Phase 2 Notice), dated September 28, 2009 (Topic 1); Storie Depo. Vol. 1; Storie Depo Vol. 2; Storie Depo Vol. 3; Storie Depo. Vol. 3; Storie Depo. Vol. 4; Storie Depo. Vol. 5; Storie Depo. Vol. 6; Deposition Transcript of Laura Owens, Vol. 1, dated December 14, 2009; Deposition Transcript of Laura Owens, Vol. 2, dated December 15, 2009; Deposition of Laura Owens, Vol. 3, dated December 16, 2009.

[30]   Id. (Topic 2).

[31]   Id. (Topic 3).

[32]   Id. (Topic 4).

[33]   See Notice of Deposition of Mattel, Inc. (Second Phase 2 Notice), dated September 28, 2009 (Topic 5); Storie Depo. Vol. 1; Storie Depo Vol. 2; Storie Depo
   (footnote continued)

The facts supporting any claim by Mattel that the MGA Parties acquired MATTEL TRADE SECRETS through improper means.[34]

All contractual and non-contractual duties and obligations Bryant owed or performed for Mattel during his employment with Mattel, and thereafter.[35]

All of Bryant's acts or omissions which breached any contractual or non-contractual duty or obligation Bryant owed to Mattel.[36]

All of Bryant's acts or omissions which breached any contractual or non-contractual duty or obligation Bryant owed to Mattel.[37]

All Mattel proprietary or confidential information Bryant had access to during his employment with Mattel.[38]

All of Bryant's acts or omissions pursuant to which he aided, assisted and worked for a competitor of Mattel while employed by Mattel from 1995 to the present.[39]

The services and property belonging to Mattel that Bryant provided to any third party, including MGA, from 1995 to the present.[40]

---

Vol. 3; Storie Depo. Vol. 3; Storie Depo. Vol. 4; Storie Depo. Vol. 5; Storie Depo. Vol. 6.

[34] Id. (Topic 6).

[35] See Notice of Deposition of Plaintiff and Counter-Defendant Mattel, Inc. [F.R.C.P. 30(b)(6)], dated December 21, 2004 (Topic 2); Deposition Transcript of Jill Nordquist, Vol. 1, dated July 31, 2007; Deposition Transcript of Kislap Ongchangco, Vol. 1, dated April 27, 2007; Deposition Transcript of Renee Pasko, Vol. 1, dated June 23, 2007; Deposition Transcript of Joni Pratte, Vol. 1, dated June 1, 2007; Deposition Transcript of Kathleen Simpson-Taylor, Vol. 1, dated February 23, 2008; Deposition Transcript of Sandy Yonemoto, Vol. 1, dated May 30, 2007; Deposition of Robert Hudnut, Vol. 1, dated July 13, 2007; Deposition Transcript of Lily Martinez, Vol. 1, dated May 20, 2005.

[36] Id. (Topic 3).

[37] Id. (Topic 4).

[38] Id. (Topic 5).

[39] See Notice of Deposition of Plaintiff and Counter-Defendant Mattel, Inc. [F.R.C.P. 30(b)(6)], dated December 21, 2004 (Topic 6); Ongchangco Depo. Vol. 1; Pasko Depo. Vol. 1; Pratte Depo Vol. 1; Simpson-Taylor Depo. Vol. 1; Yonemoto Depo. Vol. 1; Hudnut Depo Vol. 1; Martinez Depo. Vol. 1.  Counsel for MGA was present at this deposition and asked questions of Mattel's designee.

All acts, omissions, circumstances and/or evidence showing, or tending to show, that any and all products of MGA, including but not limited to, any and all products sold under the name "Bratz," originated from, were derived from, are based upon, are copied or incorporated from, or are substantially or confusingly similar to, any design, research and developmental work, work in progress, or product owned at any time by Mattel or created by any Mattel employee, including but not limited to Bryant, or by any independent contractor during the time that such Person was working for Mattel.[41]

All acts, admissions, circumstances and/or evidence showing, or tending to show,, that any product sold at any time by MGA under the trade name "Bratz" originated from, is derived from, is based on, copies, incorporates, or is substantially or confusingly similar to any desing or work product owned at any time by Mattel or created by Bryant during the time Bryant was working for Mattel.[42]

All acts, omissions, circumstances and/or evidence showing, or tending to show, that Bryant owed fiduciary duties to, or occupied a fiduciary relationship with, Mattel.[43]

All act, omissions, circumstances and/or evidence showing, or tending to show, that prior to October 21, 2000, Mattel had any toy concept or project which had not yet been offered for sale to the public, including without limitation, any toy concept or project in the pre-production or development phase, that Bryant improperly copied, replicated, borrowed or otherwise used in whole, or in part, during or after Bryant's employment with Mattel.[44]

---

[40] <u>Id.</u> (Topic 7).  Counsel for MGA was present at this deposition and asked questions of Mattel's designee.

[41] <u>See</u> Notice of Deposition of Plaintiff and Counter-Defendant Mattel, Inc. [F.R.C.P. 30(b)(6)], dated December 21, 2004 (Topic 8); Ongchangco Depo. Vol. 1. Counsel for MGA was present at this deposition and asked questions of Mattel's designee.

[42] <u>See</u> Notice of Deposition of Plaintiff and Counter-Defendant Mattel, Inc. [F.R.C.P. 30(b)(6)], dated December 21, 2004 (Topic 13); Ongchangco Depo. Vol. 1; Pasko Depo., Vol. 1; Pratte Depo., Vol. 1; Simpson-Taylor Depo., Vol. 1; Yonemoto Depo. Vol. 1; Hudnut Depo Vol. 1; Counsel for MGA was present at these depositions and asked questions of Mattel's designee.

[43] <u>See</u> Notice of Deposition of Plaintiff and Counter-Defendant Mattel, Inc. [F.R.C.P. 30(b)(6)], dated December 21, 2004 (Topic 23); Martinez Depo. Vol. 1. Counsel for MGA was present at this deposition and asked questions of Mattel's designee.

[44] <u>See</u> Notice of Deposition of Plaintiff and Counter-Defendant Mattel, Inc. [F.R.C.P. 30(b)(6)], dated December 21, 2004 (Topic 24); Ongchangco Depo. Vol. (footnote continued)

All acts, omissions, circumstances and/or evidence showing, or tending to show, that Bryant made affirmative misrepresentations to any and all Mattel employees upon his departure from Mattel.[45]

The prior Discovery Master granted MGA and MGA Mexico a protective order as to Topics which were duplicative of prior discovery, on the grounds that "[w]hatever benefit Mattel may gain from a 30(b)(6) deposition on [the Topics], above and beyond what Mattel has already sought and received, would be greatly outweighed by the burden and expense to MGA of preparing a witness to testify on these Topics."  See Dkt. No. 3564 at 8.  Mattel should be protected from preparing a witness on this Topic for the same reason.  See CSX Transp., Inc. v. Vela, 2007 WL 3334966, at *3 (S.D. Ind. Nov. 8, 2007) (granting motion for protective order where party sought 30(b)(6) deposition on matters the noticed party had previously answered in discovery because "additional testimony is unduly burdensome").

### Topic 20 is Unduly Burdensome

This Topic is unduly burdensome.  It seeks to examine a designee on the harm caused to Mattel by the theft of hundreds of documents of trade secrets in three countries.  The prior Discovery Master granted MGA and MGA Mexico a protective order from a Topic "so sweeping that it would be utterly unrealistic and unduly

---

1; Pasko Depo. Vol. 1; Pratte Depo Vol. 1; Simpson-Taylor Depo. Vol. 1; Yonemoto Depo. Vol. 1; Hudnut Depo Vol. 1; Counsel for MGA was present at these depositions and asked questions of Mattel's designee.

[45]   See Notice of Deposition of Plaintiff and Counter-Defendant Mattel, Inc. [F.R.C.P. 30(b)(6)], dated December 21, 2004 (Topic 55); Nordquist Depo. Vol. 1.
   (footnote continued)

burdensome for MGA and MGA Mexico to prepare a witness to testify on [it]." <u>See</u> Dkt. No. 3564 at 9.  Mattel should be protected here for the same reason.  Good cause exists for this order because limiting the burden and expense to Mattel of preparing a witness or witnesses to testify on this Topic far outweighs the marginal benefit MGA would obtain from the testimony.  <u>See</u> In re Indep. Serv. Orgs. Antitrust Litig., 168 F.R.D. 651, 654 (D. Kan. 1996) (granting protective order from 30(b)(6) deposition and noting that a party "is not required to have counsel marshal all of its factual proof and prepare a witness to be able to testify on a given defense or counterclaim") (internal quotation marks omitted).

## DEPOSITION TOPIC 24:

Any and all forensic analysis upon which Mattel intends to rely to support its claims or defenses in these consolidated actions, including but not limited to:

        a.      The identity of all current and former Mattel employee(s) whose electronic data/information was subjected to forensic analysis;

        b.      The date(s) and time(s) of each forensic analysis;

        c.      The methodologies employed in each analysis;

        d.      The results of such analysis and any reports thereof.

---

Counsel for MGA was present at this deposition and asked questions of Mattel's designee.

**RESPONSE TO DEPOSITION TOPIC 24:**

The Court should order that the discovery sought through this Topic be forbidden as unreasonably cumulative and duplicative of prior discovery and as unduly burdensome.  Fed. R. Civ. P. 26(c)(1)(A); 26(b)(2)(C)(i) and (iii).

### Topic 21 Seeks Unreasonably Duplicative Testimony

Mattel has already provided Jaime Elias, a Rule 30(b)(6) designee to testify about forensic analyses conducted on the electronic data information of former employees related to the theft of Mattel's trade secrets, given that those forensic analysis were all prepared in connection with the investigation of thefts by the former Mattel employees.[46]  That is covered by Topic No. 12 in MGA's Second Notice.[47]   Mattel should be protected from preparing a witness on this Topic for the same reason.  See CSX Transp., Inc. v. Vela, 2007 WL 3334966, at *3 (S.D. Ind. Nov. 8, 2007) (granting motion for protective order where party sought 30(b)(6) deposition on matters the noticed party had previously answered in discovery because "additional testimony is unduly burdensome").

### Topic 21 is Unduly Burdensome

This Topic is unduly burdensome.  First, courts recognize that 30(b)(6) topics seeking "all facts" are improper for this reason.  See In re Indep. Serv. Orgs.

---

[46]  See Deposition Transcript of Jaime Elias, Vol. 1, dated November 16, 2009; Deposition Transcript of Jaime Elias, Vol. 2, dated November 18, 2009; Deposition Transcript of Jaime Elias, Vol. 3, dated November 19, 2009.

[47]  MGA's Second Notice of Deposition of Mattel dated September 28, 2009.

Antitrust Litig., 168 F.R.D. 651, 654 (D. Kan. 1996) (granting protective order from 30(b)(6) deposition and noting that a party "is not required to have counsel marshal all of its factual proof and prepare a witness to be able to testify on a given defense or counterclaim") (internal quotation marks omitted); see also SmithKline Beecham Corp. v. Aporex Corp., 2000 WL 116082, at *9 (N.D. Ill. Jan. 24, 2000).  Further, the prior Discovery Master has denied Mattel discovery on 30(b)(6) Topics relating to MGA employees' hard-drives on the grounds that such subject matter" is burdensome and expensive to prepare a witness to testify about" and therefore "the likely benefit of undergoing such a burden and expense are doubtful." See Dkt. No. 1013 at 8.  Therefore good cause exists for this order because limiting the burden and expense to Mattel of preparing a witness or witnesses to testify on this Topic far outweighs the marginal benefit MGA would obtain from the testimony.  See In re Indep. Serv. Orgs. Antitrust Litig., 168 F.R.D. 651, 654 (D. Kan. 1996) (granting protective order from 30(b)(6) deposition and noting that a party "is not required to have counsel marshal all of its factual proof and prepare a witness to be able to testify on a given defense or counterclaim") (internal quotation marks omitted).

**DEPOSITION TOPIC 25:**

The contents of each copyright application filed by Mattel regarding Bratz drawings, including but not limited to those found at Ex. 13886, M 0920260- 64 (Exhibit 30 hereto); Ex. 13887, M 0920265-69 (Exhibit 31 hereto); Ex. 13888, M 0920270-74 (Exhibit 32 hereto); Ex. 13873, M 0920195-99 (Exhibit 33 hereto); Ex.

13874, M 0920200-04 (Exhibit 34 hereto); Ex. 13875, M 0920205-09 (Exhibit 35 hereto); Ex. 13876, M 0920210-14 (Exhibit 36 hereto); Ex. 13877, M 0920215- 19 (Exhibit 37 hereto); Ex. 13878, M 0920220-24 (Exhibit 38 hereto); Ex. 13879, M 0920225-29 (Exhibit 39 hereto); Ex. 13880, M 0920230-34 (Exhibit 40 hereto); Ex. 13881, M 0920235-39 (Exhibit 41 hereto); Ex. 13882, M 0920240-44 (Exhibit 42 hereto); Ex. 13883, M 0920245-49 (Exhibit 43 hereto); Ex. 13884, M 0920250- 54 (Exhibit 44 hereto); Ex. 13885, M 0920255-59 (Exhibit 45 hereto).

## RESPONSE TO DEPOSITION TOPIC 25:

The Court should order that the discovery sought through this Topic be forbidden as irrelevant to any claim or defense in this case and as unduly burdensome.  Fed. R. Civ. P. 26(c)(1)(A); 26(b)(2)(C)(iii).

### Topic 22 Seeks Irrelevant Information

The Topic seeks testimony on Mattel's copyright applications regarding Bratz drawings.  However, both the Court and the Discovery Master have ruled that Mattel's post-Injunction plans for Bratz are not relevant to the case.[48]   Good cause exists for this order because limiting the burden and expense to Mattel of preparing

---

[48]   See Discovery Matter Order No. 56, Dkt. No. 6591 at 43.  At a Saturday session on January 9, 2010, MGA's counsel, with no court reporter present, Annette Hurst, asked that Mattel be compelled to produce documents concerning Mattel's 2010 Bratz.  The Court denied the request on the grounds that such information was irrelevant.

a witness or witnesses to testify on this Topic far outweighs any conceivable benefit

MGA would obtain from the testimony.

### Topic 22 Improperly Seeks Legal Conclusions

This Topic is improper for 30(b)(6) testimony because it seeks legal

conclusions.  The prior Discovery Master granted MGA and MGA Mexico a

protective order from a 30(b)(6) Topic on these very grounds, noting that "it is

evident that Mattel is seeking MGA's legal theories and conclusions from a lay

witness, which, in general, are more appropriately and efficiently sought through

contention interrogatories."  See Dkt. No. 3564 at 9-10.  Mattel should be protected

from preparing a witness on this Topic for the same reasons.  See  3M Co. v.

Kanbar, 2007 WL 1794936, at *2 (N.D. Cal. June 19, 2007) (granting motion for

protective order because notices that "in effect, seek [] legal conclusions . . . should

not form the basis for 30(b)(6) deposition topics."); McCormick-Morgan, Inc., 134

F.R.D. at 287 (granting protective order from 30(b)(6) topics that sought legal

theories in complex intellectual property case).

### DEPOSITION TOPIC 26:

M 1241745-813 (Exhibit 46 hereto), including but not limited to:

a.    the retention arrangement between Mattel and Bain & Company

regarding this document including but not limited to the scope of the

assignment; the identity of all Mattel personnel involved in "Project

Doll"; the dates Bain & Company was retained to complete "Project

Doll"; and the fees paid by Mattel to Bain & Company regarding "Project Doll";

b.      the confidentiality agreement(s) entered into between Mattel and Bain & Company, as well as any other third parties, regarding "Project Doll";

c.      all rough drafts, revised copies, notes, electronic mails, updated copies, communications and all other materials concerning "Project Doll";

d.      all sources of information regarding "Project Doll," including but not limited to notes, drafts, tape recordings, electronic mail, phone messages referring or relating to the source(s) of information for each and every factual representation set forth in the document entitled "Project Doll – Final Handover Materials" dated September 7, 2004.

**RESPONSE TO DEPOSITION TOPIC 26:**

The Court should order that the discovery sought through this Topic be forbidden as unduly burdensome and as seeking testimony not reasonably available to Mattel.  Fed. R. Civ. P. 26(c)(1)(A); 26(b)(2)(C)(iii); 30(b)(6).

**Topic 23 is Unduly Burdensome**

The burden of testifying on the minutia such as every "communication" made relating to "Project Doll" by anyone at either Bain or Mattel is enormous.  Similarly, testimony on the "sources of information regarding 'Project Doll,' including but not limited to notes, drafts, tape recordings, electronic mail, phone messages referring or relating to the source(s) of information for each and every factual representation set forth in the document" – the final report alone is almost 70 pages – would impose a burden that greatly outweighs any potential benefit to MGA.  Good cause exists for

this order because limiting the burden and expense to Mattel of preparing a witness or witnesses to testify on this Topic far outweighs the marginal benefit MGA would obtain from the testimony.  See In re Indep. Serv. Orgs. Antitrust Litig., 168 F.R.D. 651, 654 (D. Kan. 1996) (granting protective order from 30(b)(6) deposition and noting that a party "is not required to have counsel marshal all of its factual proof and prepare a witness to be able to testify on a given defense or counterclaim") (internal quotation marks omitted).

### Topic 23 Seeks Information Not Reasonably Available to Mattel

This Topic seeks testimony regarding a report prepared by Bain & Company. Much of the Topic concerns information, such as the sources of information regarding "Project Doll" and rough drafts, notes, and communications made in the development of the report, that is not in Mattel's possession, but rather in Bain's possession.  This information is thus not "reasonably available" to the corporation and Mattel cannot be expected to prepare a corporate witness on the topic.  See Rule 30(b)(6) ("The persons designated must testify about information known or reasonably available to the organization.").  Mattel should be protected from having to prepare a witness on this Topic to the extent the information is not reasonably available to it.

### Topic 23 Seeks Irrelevant Information

Virtually all of the testimony sought in this Topic is not relevant.  MGA seeks testimony on the sources of information in the report, regardless of whether the

information, or its receipt by Bain & Company, is relevant to any allegation or defense in the case.  Certain sub-topics, such as the retention arrangement and any confidentiality agreements with Bain, are entirely irrelevant to any issues in the case.  Nor are most of the notes, "tape recordings," "electronic phone messages," or drafts sought in the Topic relevant.  Good cause exists for this order because limiting the burden and expense to Mattel of preparing a witness or witnesses to testify on this Topic far outweighs the marginal benefit MGA would obtain from the testimony.  See In re Indep. Serv. Orgs. Antitrust Litig., 168 F.R.D. 651, 654 (D. Kan. 1996) (granting protective order from 30(b)(6) deposition and noting that a party "is not required to have counsel marshal all of its factual proof and prepare a witness to be able to testify on a given defense or counterclaim") (internal quotation marks omitted).

## DEPOSITION TOPIC 27:

Identification of all Mattel products marketed or sold in trapezoidal packaging, including but not limited to the My Scene Sound Lounge and Barbie Happy Birthday, as well as all facts concerning:

a.   the creation, design, development of the packaging, including evaluation of competitive product lines;

b.   the adoption of each such packaging;

c.   any trademark, copyright, patent or other clearance searches conducted in connection with the packaging;

d.  Mattel's awareness of any trademark or trade dress registrations or design patents for trapezoidal packaging, including but not limited to those owned by MGA;

e.  the marketing, first commercial use or sale, sales, and profitability of the products.

**RESPONSE TO DEPOSITION TOPIC 27:**

This Topic is overbroad and unduly burdensome.  <u>Fed. R. Civ. P.</u> 26(c)(1)(A); 26(b)(2)(C)(iii).

**<u>Topic 24 is Overly Broad and Unduly Burdensome</u>**

This Topic seeks testimony about any product Mattel has ever sold with trapezoidal packaging – despite the fact that MGA has only identified three specific products with trapezoidal packaging at issue, and has never alleged that the shape of the packaging of non-Barbie or My Scene products are relevant to its trade dress infringement claims.  Good cause exists for this order because limiting the burden and expense to Mattel of preparing a witness or witnesses to testify on this Topic far outweighs the marginal benefit MGA would obtain from the testimony.  <u>See</u> <u>In re</u> <u>Indep. Serv. Orgs. Antitrust Litig.</u>, 168 F.R.D. 651, 654 (D. Kan. 1996) (granting protective order from 30(b)(6) deposition and noting that a party "is not required to have counsel marshal all of its factual proof and prepare a witness to be able to testify on a given defense or counterclaim") (internal quotation marks omitted).

**<u>DEPOSITION TOPIC 28</u>:**

All Mattel financial documents that have been produced in the course of this litigation, including but not limited to all Mattel brand profit and loss statements.

1  **RESPONSE TO DEPOSITION TOPIC 28:**

2      The Court should order that the discovery sought through this Topic be

3  forbidden unreasonably duplicative and burdensome and as not stated with

4  reasonable particularity and as unduly burdensome.  Fed. R. Civ. P. 26(c)(1)(A);

5

6  30(b)(6); 26(b)(2)(C)(i) and (iii).

7      **Topic 25 Seeks Unreasonably Duplicative Testimony**

8      Mattel has already provided 30(b)(6) testimony on the subject of its profit and

9

10 loss statements:

11      The identity of, and the sales, revenues, and profits of, any MATTEL
        product(s) MATTEL contends have been impacted by BRATZ,
12      including, but not limited to, BARBIE, DIVA STARZ, FLAVAS and
        MY SCENE, and any accessories, and licensed products, from 1990 to
13      the present.[49]

14      The prior Discovery Master granted MGA and MGA Mexico a protective

15 order as to Topics which were duplicative of prior discovery, on the grounds that

16
   "[w]hatever benefit Mattel may gain from a 30(b)(6) deposition on [the Topics],
17
18 above and beyond what Mattel has already sought and received, would be greatly

19 outweighed by the burden and expense to MGA of preparing a witness to testify on

20
   these Topics."  See Dkt. No. 3564 at  8.  Mattel should be protected from preparing
21
22 a witness on this Topic for the same reason.  See CSX Transp., Inc. v. Vela, 2007

23 WL 3334966, at *3 (S.D. Ind. Nov. 8, 2007) (granting motion for protective order

24

25 _____

26      [49]  See MGA Parties' Notice of Deposition of Mattel, Inc. Pursuant to Fed. R.
   Civ. P. 30(b)(6), dated June 4, 2008 (Topic 28); Deposition Transcript Douglas
27 Kerner, Vol. 1, dated  June 6, 2009.

28

where party sought 30(b)(6) deposition on matters the noticed party had previously answered in discovery because "additional testimony is unduly burdensome").

### Topic 25 Is Not Stated With Reasonable Particularity

Mattel has produced hundreds of thousands of pages of financial documents in this action, of all different kinds.  Examples of such documents include financial statements, inventory reports, sales reports by product, results of investment in specific promotions, compensation schedules, product costing information, shipping and import costs, raw materials supplier terms, and the list goes on and on. Preparing a designee to for examination on all of these documents is not feasible. Reed v. Bennett, 193 F.R.D. 689, 692 (D. Kan. 2000) ("Where, as here, the defendant cannot identify the outer limits of the area of inquiry noticed, compliant designation is not feasible.").

### Topic 25 is Unduly Burdensome

The burden of preparing a witness to testify on all of the hundreds of thousands of pages of financial documents Mattel has produced in this case would be extraordinary.  The prior Discovery Master granted MGA and MGA Mexico a protective order from a Topic "so sweeping that it would be utterly unrealistic and unduly burdensome for MGA and MGA Mexico to prepare a witness to testify on [it]."  See Dkt. No. 3564 at 9.  Mattel should be protected here for the same reason. Good cause exists for this order because limiting the burden and expense to Mattel of preparing a witness or witnesses to testify on this Topic far outweighs the

marginal benefit MGA would obtain from the testimony.  <u>See</u> <u>In re Indep. Serv.</u> <u>Orgs. Antitrust Litig.</u>, 168 F.R.D. 651, 654 (D. Kan. 1996) (granting protective order from 30(b)(6) deposition and noting that a party "is not required to have counsel marshal all of its factual proof and prepare a witness to be able to testify on a given defense or counterclaim") (internal quotation marks omitted),

**DEPOSITION TOPIC 29:**

A complete explanation of the precise circumstances in which Mattel acquired the following document: M 0151750-762 (Exhibit 47 hereto).

**RESPONSE TO DEPOSITION TOPIC 29:**

The Court should order that the discovery sought through this Topic be forbidden as irrelevant to any claim or defense in this case and as unduly burdensome.  <u>Fed. R. Civ. P.</u> 26(c)(1)(A); 30(b)(6); 26(b)(2)(C)(iii).

**Topic 26 Seeks Irrelevant Information**

MGA has not and cannot make any showing that the circumstances of Mattel's acquisition of this document has any bearing on any Phase 2 claim or defense.  The Topic is defective on relevance grounds alone.

**Topic 26 is Unduly Burdensome**

Regardless, Mattel should not have to prepare a witness to testify about the circumstances of Mattel's acquisition of *any* document until MGA produces a corporate witness who can explain how Mattel's trade secret documents were discovered in MGA Mexico's offices during the federal authorities' search in 2006. Good cause exists for this order because limiting the burden and expense to Mattel

of preparing a witness or witnesses to testify on this Topic far outweighs any conceivable benefit MGA would obtain from the testimony.

**DEPOSITION TOPIC 30:**

Ex. 8677, M 0951650-764 (Exhibit 48 hereto), including but not limited to the person(s) who requested creation of this document, the person(s) who authored the document, the person(s) who contributed to or were involved in any way in the creation of this document, the date(s) this document was in use, all purposes for which it was used, any and all revisions to this document, and the source of every piece of information contained therein.

**RESPONSE TO DEPOSITION TOPIC 31:**

This Topic is unduly burdensome and seeks irrelevant information. <u>Fed. R. Civ. P.</u> 26(c)(1)(A); 26(b)(2)(C)(iii).

**Topic 27 Is Overly Broad and Unduly Burdensome**

The Topic seeks testimony regarding every aspect of a Mattel report that is over 100 pages long, including everyone who was "involved in any way in the creation" of the document, "all purposes for which it was used," and "the source of every piece of information contained therein" – regardless of whether that information has any bearing on any claim or defense in this action. The prior Discovery Master granted MGA and MGA Mexico a protective order from a Topic "so sweeping that it would be utterly unrealistic and unduly burdensome for MGA

and MGA Mexico to prepare a witness to testify on [it]."  <u>See</u> Dkt. No. 3564 at 9.

Mattel should be protected here for the same reason.

### **Topic 27 Seek Irrelevant Information**

The document MGA seeks to examine Mattel on is a hundred-page "Information Package" on Mattel's Corporate Strategic Plan for 2004.  It includes a vast amount of information about matters and areas of Mattel's business that have nothing to do with any issue in this case.  MGA has made no showing that information such as the dates it was in use, the purposes for which it was used, or the source of "every piece" of information in it, are relevant to any claim or defense in this action.

1   Further, to the extent the information in the documents relate to Bratz trade

2   dress, it is irrelevant based on MGA's withdrawal of virtually all of its Bratz-related

3

4   trade dress claims.  See Dkt. No. 7684, Exhibit 1.  Good cause exists for this order

5   because limiting the burden and expense to Mattel of preparing a witness or

6   witnesses to testify on this Topic far outweighs the marginal benefit MGA would

7

8   obtain from the testimony.  See In re Indep. Serv. Orgs. Antitrust Litig., 168 F.R.D.

9   651, 654 (D. Kan. 1996) (granting protective order from 30(b)(6) deposition and

10   noting that a party "is not required to have counsel marshal all of its factual proof

11

12   and prepare a witness to be able to testify on a given defense or counterclaim")

13   (internal quotation marks omitted).

14

15   DATED:  May 17, 2010          QUINN EMANUEL URQUHART &
16                                 SULLIVAN, LLP

17

18                                  By /s/ Jon D. Corey
19                                     Jon D. Corey
20                                     Attorneys for Plaintiff

21

22

23

24

25

26

27

28