1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
2    John B. Quinn (Bar No. 090378)
     johnquinn@quinnemanuel.com
3    Michael T. Zeller (Bar No. 196417)
     michaelzeller@quinnemanuel.com
4  865 South Figueroa Street, 10th Floor
   Los Angeles, California 90017-2543
5  Telephone: (213) 443-3000
   Facsimile: (213) 443-3100

6  Attorneys for Mattel, Inc.

7                UNITED STATES DISTRICT COURT

8                CENTRAL DISTRICT OF CALIFORNIA

9                     SOUTHERN DIVISION

| | |
|---|---|
| 10  MATTEL, INC., a Delaware corporation, <br> 11 <br>         Plaintiff, <br> 12 <br>       vs. <br> 13 <br> 14  MGA ENTERTAINMENT, INC., a California corporation, et al., <br> 15 <br>       Defendant. <br> 16 <br> 17  AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 DOC (RNBx) <br> Consolidated with <br> Case No. CV 04-09059 <br> Case No. CV 05-02727 <br><br> Hon. David O. Carter <br><br> **[PUBLIC REDACTED] MATTEL, INC.'S OPPOSITION TO MOTIONS TO DISMISS (1) FOR LACK OF PERSONAL JURISDICTION; AND (2) ON *FORUM NON CONVENIENS* GROUNDS** <br><br> Date: June 7, 2010 <br> Time: 8:30 a.m. <br> Place: Courtroom 9D <br><br> **Phase 2** <br> Discovery Cut-off: TBD <br> Pre-trial Conference: TBD <br> Trial Date: TBD |

MATTEL'S MOTION FOR LEAVE TO DEPOSE VARGAS IN MEXICO

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT...........................................................................1

STATEMENT OF FACTS ...............................................................................2

ARGUMENT ..................................................................................................7

I.   THE COURT HAS JURISDICTION OVER MGA MEXICO........................7

    A.   MGA Mexico's Personal Jurisdiction Motion Is An Improper Motion For Reconsideration..............................................................7

    B.   The Court Has General Jurisdiction Over MGA Mexico .....................9

    C.   The Court Has Specific Jurisdiction Over MGA Mexico.................. 10

II.  THE COURT SHOULD NOT DISMISS ON *FORUM NON CONVENIENS* GROUNDS ............................................................... 12

    A.   MGA's Three-Year Delay Before Asking the Court to Split Up the Case Justifies Denial of the Motion................................. 12

    B.   MGA Has Failed to Show the Existence of an Adequate Alternative Forum or that the Balance of Factors Favor Dismissal ...................................................................... 13

        1.   Mexico and Canada Are Not Adequate Alternative Fora.......... 14

        2.   Private and Public Factors Favor Denying the Motion to Dismiss....................................................................... 17

            (a)   Private Interest Factors Favor Denying the Motion ........ 17

            (b)   Public Interest Factors Favor Denying the Motion ......... 19

CONCLUSION ............................................................................................ 20

# TABLE OF AUTHORITIES

**Page**

### Cases

In re Air Crash Disaster Near New Orleans,
   821 F.2d 1147 (5th Cir. 1987), vacated on other grounds,
   490 U.S. 103 (1989) ..................................................................................12, 14

In re Air Crash near Nantucket Island,
   2004 WL 1824385 (E.D.N.Y. 2004) .............................................................14

Bancroft & Masters, Inc. v. Augusta Nat. Inc.,
   223 F.3d 1082, 1088 (9th Cir. 2000) .............................................................11

Boston Telecommunications Group, Inc. v. Wood,
   588 F.3d 1201 (9th Cir. 2009) ..................................................................18, 19

Bryant v. Mattel, Inc.,
   573 F. Supp. 2d 1254 (C.D. Cal. 2007) ......................................................7, 11

Burger King Corp. v. Rudzewicz,
   471 U.S. 462 (1985) ..................................................................................11, 12

Creative Tech., Ltd. v. Aztech Sys. Pte, Ltd.,
   61 F.3d 696 (9th Cir. 1995) ......................................................................13, 17

Dole Food Co. v. Watts,
   303 F.3d 1104 (9th Cir. 2002) .......................................................................13

Gator.Com Corp. v. L.L. Bean, Inc.,
   341 F.3d 1072 (9th Cir. 2003) ....................................................................9, 10

Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarian Co,
   284 F.3d 1114 (9th Cir. 2002) .........................................................................9

Israel Discount Bank Ltd. v. Schapp,
   505 F. Supp. 2d 651 (C.D. Cal. 2007) ...........................................................20

Jackson v. Grupo Industrial Hotelero, S.A.,
   2008 WL 4648999 (S.D. Fla. 2008) ...............................................................15

Life Alert Emergency Response, Inc. v. Lifealert Sec., Inc.,
   2008 WL 5412431 (C.D. Cal. 2008) ..............................................................17

Lony v. E.I. DuPont de Nemours & Co.,
   935 F.2d 604 (3d Cir. 1991) ......................................................................12, 18

Lueck v. Sundstrand Corp.,
   236 F.3d 1137 (9th Cir. 2001) ........................................................................20

Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.,
   243 F. Supp. 2d 1073 (C.D. Cal. 2003) ..........................................................14

MATTEL'S OPPOSITION TO MOTION TO DISMISS RE PERSONAL JURISDICTION

Panavision Int'l, L.P. v. Toeppen,
    141 F.3d 1316 (9th Cir. 1998) .................................................. 10, 11, 12

Perkins v. Benguet Consolidated Mining Co.,
    342 U.S. 437 (1952)............................................................9, 10

Piper Aircraft Co. v. Reyno,
    454 U.S. 235.....................................................................16

Ravelo Monegro v. Rosa,
    211 F.3d 509 (9th Cir. 2000) ...................................................13

Sacks v. Four Seasons Hotel Ltd.,
    2006 WL 783441 (E.D. Tx. 2006)...............................................16

Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.,
    549 U.S. 422 (2007)..........................................................13, 17

Sinotrans Container Lines, Co. Ltd. v. North China Cargo Service, Inc.,
    2008 WL 3048855 (C.D. Cal. 2008)..............................................20

Thomson v. Continental Ins. Co.,
    66 Cal. 2d 738 (1967) ...........................................................19

Tuazon v. R.J. Reynolds,
    433 F.3d 1164 (9th Cir. 2006) ...............................................17, 19

Zelinski v. Columbia 300, Inc.,
    335 F.3d 633 (7th Cir. 2003) ....................................................12

**Statutes**

18 U.S.C. § 1965(b) ..................................................................9

MATTEL'S OPPOSITION TO MOTION TO DISMISS RE PERSONAL JURISDICTION

1

## Preliminary Statement

2      Mattel added MGA Mexico as a party to this case over three years ago.  MGA

3  Mexico challenged personal jurisdiction then and lost.  <u>Bryant v. Mattel, Inc.</u>, 573 F.

4  Supp. 2d 1254, 1270 (C.D. Cal. 2007).  By this Motion, MGA Mexico asks the Court to

5  overrule Judge Larson's three-year old decision.  In fact, evidence obtained through

6  later discovery shows that now, even more than then, MGA Mexico is subject to both

7  general and specific personal jurisdiction.

8

9

10

11

12

13

14

15

16

17

18      Such contacts

19  justify exercising general jurisdiction.

20      Moreover, as Judge Larson found, Mattel has also accused MGA Mexico of

21  stealing Mattel trade secrets located in the United States.

22

23      No more is required for specific jurisdiction.

24      MGA and MGA Mexico's invocation of *forum non conveniens* likewise fails.

25  The doctrine permits a Court to dismiss *the entire action* when a single alternative

26  forum could more efficiently adjudicate the entire dispute.  MGA and MGA Mexico

27  turn the doctrine on its head.  They do not seek dismissal of the action, nor could they

28  given that both parent companies in this action are based in Southern California.

1  Instead, they ask the Court to rely on the doctrine to split claims and sever parties.

2  Multiplying litigation defeats the efficiency the doctrine was created to promote and,

3  given the years of discovery, would be inefficient.  Indeed, MGA does not even claim

4  that there is another, single forum where this entire action should or could be resolved

5  more efficiently.  Finally, because MGA and MGA Mexico do not seek dismissal of the

6  RICO and conspiracy claims on convenience grounds, the facts related to wrongdoing

7  in Mexico and Canada will still be tried in this action, further showing the inefficiency

8  of severing claims.

9  ### Statement of Facts[1]

10      <u>Machado, Vargas, and Trueba Steal and Use Mattel Trade Secrets.</u>  As Mattel

11  has alleged, and as MGA Mexico now concedes, when Machado, Vargas, and Trueba

12  resigned from Mattel, they took Mattel documents with them to MGA Mexico.[2]  (<u>See</u>

13  Motion at 5.)  MGA Mexico claims that these documents belong to Mattel's Mexican

14  subsidiary and relate solely to the Mexican toy market, and that no one from the United

15  States was involved in the thefts.  (Motion at 9.)  In fact, Mattel has alleged that many

16  of these documents were trade secrets belonging to Mattel, Inc. and related to the

17  United States market,[3] that they were taken with malicious intent,[4] and that the theft

18  was conducted at the direction of Isaac Larian and Thomas Park in the United States,[5]

19  as part of a pattern of such thefts.[6]

20

21  [1]  On a motion to dismiss for lack of personal jurisdiction, "[u]nless directly

22  contravened, [plaintiff's] version of the facts is taken as true, and conflicts between

23  the facts contained in the parties' affidavits must be resolved in [plaintiff's] favor
    for purposes of deciding whether a prima facie case for personal jurisdiction exists."

24  <u>Harris Rutsky & Co. Insur. Serv., Inc. v. Bell & Clements Ltd.</u>, 328 F.3d 1122,

25  1129 (9th Cir. 2003) (quotations omitted).
    [2]  Fourth Amended Answer and Counterclaims, Dkt. No. 7733 ("FAAC") ¶¶ 46-50.

26  [3]  FAAC ¶ 49.
    [4]  FAAC ¶¶ 139, 142.

27  [5]  FAAC ¶ 45.

28  [6]  FAAC ¶ 1.

1    Machado, Vargas and Trueba were in frequent contact with Larian and Park, and

2    their agent Susana Kuemmerle, prior to their thefts. ███████████████

3    ████████████████████████████████████████████████████

4    ███████████████████████████████    Machado, Trueba and

5    Vargas also engaged in frequent telephonic and e-mail contact with MGA personnel,

6    including Larian, who were located in California.[9]  They used e-mail addresses that

7    they named "plot04," referencing the "plot" to harm Mattel. ████████████

8    ████████████████████████████████████████████████████

9    ████████████████████████████████████████████████████

10   ████████████████████████████████████████████████████

11   ████████████████████████████████████████████████████

12   ████████████████████████████████████████████████████

13   ██████████████████████████████████████

14       █████████████████████████████████████████████████

15   ████████████████████████████████████████████████████

16   ████████████████████████████████████████████████████

17

18   _____

19   [7]   Larian Depo. Tr., Vol. 2, at 313:1-314:15; Kuemmerle Depo. Tr. at 42:9-43:22; Kuemmerle 30(b)(6) Depo. Tr., Vol. 2, at 339:18-340:10; Machado Depo. Tr., Vol. 3,

20   at 248:14-22.

21   [8]   Larian Depo. Tr., Vol. 2, at 321:16-322:2; Larian Depo. Tr., Vol. 3, at 695:9-696:1; Kuemmerle 30(b)(6) Depo. Tr., Vol. 2, at 319:24-324:10, 347:4-349:21; Kuemmerle

22   Depo. Tr. at 48:25-51:3; Machado Depo. Tr., Vol. 4, at 380:11-381:8.

23   [9]   Larian Depo. Tr., Vol. 2, at 313:1-314:15; Kuemmerle Depo. Tr. at 42:9-43:22; Kuemmerle 30(b)(6) Depo. Tr., Vol. 2 at 339:18-340:10; Answer of Gustavo Machado

24   to Third Amended Counterclaims, dated June 29, 2009, at ¶¶ 49-50 (admitting

25   communications through plot04 email accounts), Dkt. No. 5794;   MGA Parties' Answer to Third Amended Answer and Counterclaims, dated June 29, 2009, at ¶¶ 49-

26   50 (same), Dkt. No. 5798.

27   [10]   Declaration of Andrés Velásquez Olavarrieta, filed March 26, 2007, Dkt. No. 313 ("Velázquez Dec."), Exs. A, B, C.

28   [11]   Velázquez Dec., Ex. G.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21    [12]  FAAC ¶ 50; Declaration of Jill Nordquist, filed March 26, 2007, Dkt. No. 316

22   ("Nordquist Dec."), ¶¶ 3-5, Exs. A, B; Declaration of Rebecca Arrobio, filed March 26,

23   2007, Dkt. No. 317 ("Arrobio Dec."), ¶¶ 3-5, Ex. A.
     [13]  Nordquist Dec., ¶ 3.
24   [14]  Id.

25   [15]  FAAC ¶¶ 49-50; Arrobio Dec., ¶¶ 3-5, Ex. A; Nordquist Dec., ¶ 4, Ex. B.
     [16]  Exhibit 8859.
26   [17]  Machado Depo. Tr., Vol. 6, at 972:17-973:6.

27   [18]  Machado Depo. Tr., Vol. 3, at 258:10-261:6; Machado Depo. Tr., Vol. 4, at 534:20-
     536:24, 547:14-548:6; Machado Depo. Tr., Vol. 6, at 1081:21-1083:16.
28   [19]  Kuemmerle 30(b)(6) Depo. Tr., Vol. 1, at 171:16-172:5.

1 ████████████████████████████████████████████████████

2 ████████████████████████████████████

3   <u>MGA Mexico Has Numerous Contacts with California.</u>  Though MGA Mexico

4 argues it has no connection to California, the evidence shows continuous and

5 systematic contacts. ████████████████████████████████

6 ████████████████████████████████████████████████████

7 ████████████████████████████████████████████████████

8 ████████████████████████████████████████████████████

9 ████████████████████████████████████████████████████

10 ████████████████████████████████████████████████████

11 ████████████████████████████████████████████████████

12 ████████████████████████████████████████████████████

13 ████████████████████████████████████████████████████

14 ████████████████████████████████████████████████████

15 ████████████████████████████████████████████████████

16 ████████████████████████████████████████████████████

17 ████████████████████████████████

18   ████████████████████████████████████████████████

19 ████████████████████████████████████████████████████

20

---

21  [20]  MGA 1120303.

22  [21]  Exhibit 3622.

23  [22]  Declaration of Jose F. Salem, filed March 26, 2007, Dkt. No. 314 ("Salem Dec."), Ex. B at 12, 17.  <u>See also</u> FAAC ¶ 55.

24  [23]  Kuemmerle 30(b)(6) Depo. Tr., Vol. 1, at 211:12-20.

25  [24]  <u>Id.</u> at 58:18-25 (MGA Mexico products go "to Long Beach onto a train and then through Laredo"); 59:5-14 (exceptions occurring "very infrequently").

26  [25]  Declaration of Michael Wagner, filed concurrently herewith ("Wagner Dec."), Ex. A, at 4, 8, 15, and 25.

27  [26]  <u>Id.</u> at 1.

28  [27]  <u>Id.</u>

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17   [28]   Machado Depo. Tr., Vol. 6, at 1025:13-1026:10; MGA 0292464 - MGA 0292465;

18   MGA 1118002.  Notwithstanding Mr. Machado's testimony, MGA has produced

19   precious few of these weekly updated emails for 2004 and 2005.

     [29]   MGA 0428799–MGA 0428803.

20   [30]   Declaration of Michael T. Zeller in Support of Mattel, Inc.'s Opposition to MGA

21   Mexico's Motion to Dismiss, dated March 26, 2007, Dkt. No. 315 ("Zeller Dec."),

     Ex. A; Salem Dec., Ex. B at 12, 17; Zeller Dec., Ex. H at 64.

22   [31]   Zeller Dec., Exs. A, B; Salem Dec., Ex. B at 12.

     [32]   Velázquez Dec., Ex. E at 14; Salem Dec., Ex. B at 12.

23   [33]   Brooks Tr. at 28:19-29:10; 29:23-31:16; 33:9-33:20; 39:23-41:5; 41:19-42:3, Zeller

24   Dec., Ex. C.

     [34]   Kuemmerle Depo. Tr., Vol. 1, at 247:13-248:18.

25   [35]   Kuemmerle 30(b)(6) Depo. Tr., Vol. 3, at 587:10-22.

26   [36]   Brooks Tr. at 34:18-36:15; 39:13-21, Zeller Dec., Ex. C.

     [37]   Brooks Tr. at 20:12-23; 31:5-16, Zeller Dec., Ex. C.

27   [38]   Brooks Tr. at 16:15-17:4; 31:5-16, Zeller Dec., Ex. C.

28   [39]   Brooks Tr. at 28:19-29:10, Zeller Dec., Ex. C.

1 ████████████████████████████████

2 ████████████████████████████████

3 ████████████████████████████████

4 ████████████████████████████████

5 ████████████████████████████████

6 ████████████████████████████████

7 ████████████████████

## Argument

## I.    THE COURT HAS JURISDICTION OVER MGA MEXICO

### A.    MGA Mexico's Personal Jurisdiction Motion Is An Improper Motion For Reconsideration

Three years ago Judge Larson denied MGA Mexico's Motion to Dismiss under Rule 12(b)(2).  He found that the Court "may, consistent with California law and the Federal Due Process Clause, exercise specific personal jurisdiction over this admittedly foreign corporation." Bryant v. Mattel, Inc., 573 F. Supp. 2d 1254, 1270 (C.D. Cal. 2007).  MGA Mexico ignores the prior ruling, hoping for a different result from a different Judge, although it offers no new facts or law.

Local Rule 7-17 imposes a "duty" on the moving party to disclose "the material facts and circumstances as to each prior motion . . . order made, *and the new or different facts or circumstances claimed to warrant relief and why such facts or circumstances were not shown to the judge who ruled on the motion.*" Id. (emphasis added).   Local Rule 7-18 permits reconsideration only if the moving party demonstrates: "(a) a material difference in fact or law from that presented to the Court .

---

[40]  Kuemmerle 30(b)(6) Depo. Tr., Vol. 3, at 593:14-20.
[41]  Id. at 594:20-595:2.
[42]  Kuemmerle 30(b)(6) Depo. Tr., Vol. 1, at 102:6-23.
[43]  Kuemmerle 30(b)(6) Depo. Tr., Vol. 1, at 92:25-93:8.
[44]  Kuemmerle 30(b)(6) Depo. Tr., Vol. 3, at 594:12-14; Lockhart Depo. Tr., Vol. 1, at 27:21-29:10.

1  . ., or (b) the emergence of new material facts or a change of law . . . or (c) a manifest

2  showing of a failure to consider material facts presented to the Court before such

3  decision.  MGA Mexico does not even pay lip service to these requirements.  It makes

4  precisely the same arguments that Judge Larson rejected.  In both motions, it argued

5  that Mattel could not show general jurisdiction.[45]  In both motions, MGA Mexico

6  attempted to cast Mattel's allegations as occurring exclusively in Mexico.[46]  In both

7  motions, MGA Mexico argued that its conduct—even if it harmed Mattel in the United

8  States—was not enough because it did not "aim" its conduct at California.[47]

9  MGA Mexico's *only* attempt to distinguish the arguments presented three years

10  ago is to claim that Mattel's jurisdictional facts "cannot be proven." Mot. at 11 nn. 3-4.

11  Given the Court's election to treat MGA Mexico's Motion as a Rule 12(b)(2) motion

12  challenging personal jurisdiction at the pleading stage rather than a Rule 56 motion[48]

13  that distinction fails.  The Motion should be denied.

14

---

15  [45]  Compare Motion at 10 ("MGAE de Mexico serves the Mexican Market and engages

16  in no business in the United States; let alone continuous and systematic business.") with

17  Dkt. 267 at 6 ("Here, Mattel has failed to allege any conduct by MGA Mexico that

    either took place in, or was directed at, California or the United States, let alone the

18  type of substantial, continuous, or systematic conduct that could subject MGA Mexico

19  to jurisdiction in this forum.").
   [46]  Compare Motion at 9 ("Mattel alleges that three former employees of its *Mexican*

20  *subsidiary* stole trade secrets *in Mexico* related to the *Mexican* toy market and brought

    those trade secrets to MGA's *Mexican* subsidiary *in Mexico*.") with Dkt. 267 at 8

21  ("These allegations concern conduct that occurred *in Mexico*, while the three were still

22  employed by *Mattel Mexico*.").
   [47]  Compare Motion at 11 ("There is no evidence that any alleged use of any trade

23  secret by MGAE de Mexico was aimed at Mattel's U.S. business or that MGAE de

24  Mexico knew that Mattel would likely suffer harm in the U.S.") with Dkt. 267 at 8

25  ("[E]ven if Mattel had adequately alleged that activities by MGA Mexico had some

    impact on Mattel's business within the forum, such allegations would be insufficient to

26  establish that jurisdiction over MGA Mexico unless Mattel also alleged that the

27  activities of Mattel Mexico were aimed at California.").
   [48]  Order Striking as Premature and Denying Without Prejudice MGA Parties' Motion

28  for Summary Adjudication, at 5, Dkt. No. 7854.

**B.**   **The Court Has General Jurisdiction Over MGA Mexico**

If a defendant's activities within the District are "substantial, continuous and systematic," then the exercise of general jurisdiction is appropriate. Perkins v. Benguet Consolidated Mining Co., 342 U.S. 437, 445 (1952).[49] "In applying the 'substantial' or 'continuous and systematic' contacts test, courts have focused primarily on two areas. First, they look for some kind of deliberate 'presence' in the forum state, including physical facilities, bank accounts, agents, registration, or incorporation. . . . In addition, courts have looked at whether the company has engaged in active solicitation toward and participation in the state's markets, i.e., the economic reality of the defendant's activities in the state." Gator.Com Corp. v. L.L. Bean, Inc., 341 F.3d 1072, 1077 (9th Cir. 2003) (quotations omitted).

MGA Mexico claims that it "serves the Mexican market and engages in no business in the United States." (Motion at 10.) To the contrary, it has a deliberate presence in California, and its activities in this District are therefore substantial, continuous and systematic. ███████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

███████████████████████████ The Supreme Court in Perkins found jurisdiction

---

[49]   MGA's contacts with the Central District  subject it to both general and specific jurisdiction. In addition, under Federal Rule of Civil Procedure 4(k)(2), a defendant who is not otherwise subject to jurisdiction in any state but who has minimum contacts with the nation as a whole is subject to personal jurisdiction on claims arising under federal law. Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarian Co, 284 F.3d 1114, 1126 (9th Cir. 2002). See also 18 U.S.C. § 1965(b) (In any RICO suit, "in any district court of the United States in which it is shown that the ends of justice require that other parties residing in any other district be brought before the court, the court may cause such parties to be summoned, and process for that purpose may be served in any judicial district of the United States by the marshal thereof.").

1   on far fewer contacts: in that case, the company president, who was also the general

2   manager and principal stockholder, maintained an office in the forum state, kept office

3   files in the forum state, carried on correspondence relating to the business of the

4   company there, and maintained two bank accounts in the state. Id. at 448. █████████

5   ████████████████████████████████████████████████████████████████████████

6   █████[50]   In Perkins, the exercise of jurisdiction was found to be appropriate

7   because the foreign company was "supervised" within the forum state. ████████████

8   ████████████████████████████████████████████████████████████████████████

9   ████████████████████████████████████████████████████████████████████████

10   ████████████████████████████████████████████████████████████████████████

11   ██████████████████████████████████████████████████████████████   Under

12   Perkins,  the exercise of general jurisdiction is clearly appropriate.

### C.   The Court Has Specific Jurisdiction Over MGA Mexico.

14         The Court has specific jurisdiction over MGA Mexico if: (1) it purposefully

15   availed itself of the privilege of conducting activities in or purposefully directed its

16   activities at the forum state; (2) Mattel's claims relate to MGA Mexico's forum-related

17   activities; and (3) the exercise of jurisdiction is not unreasonable.  Panavision Int'l,

18   L.P. v. Toeppen, 141 F.3d 1316, 1320 (9th Cir. 1998).  All of these requirements are

19   met here.

20         First, MGA Mexico purposefully availed itself of this forum by engaging in a

21   scheme to steal the trade secrets of Mattel, a corporation based in California.  MGA

22   Mexico claims that "there is no evidence that any agent of MGA Entertainment, Inc. in

23   the U.S. procured the removal of [Mattel's trade secrets]."  (Motion at 11.)  To the

24   contrary, as demonstrated above, this scheme was in material part directed from and

25   carried out in California by California residents acting in dual capacities for MGA and

26   MGA Mexico, including Isaac Larian acting as CEO of MGA Mexico.  It also involved

27

28   [50]   See supra, nn. 33-39.

multiple e-mail and telephone communications to and from California as well as multiple face-to-face meetings with Larian and others in California. It also included the theft of trade secrets prepared by Mattel employees in California that resided on computer servers in California and that related to Mattel's business in California. This, combined with the evidence of a pattern of such thefts after Mattel employees spoke to MGA agents in the U.S., including Larian, and the fact that these employees were never punished for their thefts, establishes the complicity of Larian and MGA in the theft of Mattel's trade secrets. The "purposeful availment" requirement protects against a nonresident being haled into the forum court solely as a result "random, fortuitous or attenuated" contacts over which it has no control. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 476 (1985); Panavision, 141 F.3d at 1320. There is nothing random, fortuitous or attenuated about these forum-related contacts. To the contrary, MGA Mexico and other defendants intentionally directed actions at and caused harm they knew would be sustained in California by deliberately misappropriating trade secrets from Mattel, a company they knew to be located in California. They did so with the intent to injure Mattel's business. See Bryant v. Mattel, Inc., 573 F. Supp. 2d at 1273 ("Mattel, the parent company, was itself injured by MGA's Mexico's alleged misappropriation of its own trade secrets because the alleged misappropriation was not limited to trade secrets belonging to its Mexican subsidiary.").

Second, MGA Mexico's forum-related activities directly relate to Mattel's claims against MGA Mexico and caused Mattel injury in California. See Bancroft & Masters, Inc. v. Augusta Nat. Inc., 223 F.3d 1082, 1088 (9th Cir. 2000) (finding "but for" test satisfied where contacts constituting purposeful availment gave rise to suit).

Third, MGA does not argue, much less prove, that the exercise of specific jurisdiction would be unreasonable. The law "explicitly places upon the *defendant* the burden of demonstrating unreasonableness and requires the defendant to put on a 'compelling case.'" Bancroft, 223 F.3d at 1088 (emphasis added). MGA Mexico wholly ignores the seven-factor test for unreasonableness established by the Supreme

1  Court in Burger King Corp. v. Rudzewicz, 471 U.S. 462, 478 (1985).  "California

2  maintains a strong interest in providing an effective means of redress for its residents

3  tortiously injured." Panavision, 141 F.3d at 1323 (citation omitted).  As Judge Larson

4  found, the Court can and should reasonably exercise jurisdiction over MGA Mexico.

5  **II.   THE COURT SHOULD NOT DISMISS ON *FORUM NON***

6  ***CONVENIENS* GROUNDS**

7  **A.   MGA's Three-Year Delay Before Asking the Court to Split Up the**

8  **Case Justifies Denial of the Motion**

9          The Motion is untimely.  Motions to dismiss on *forum non conveniens* grounds

10 must be brought "within a reasonable time after the facts or circumstances which serve

11 as the basis for the motion have developed and become known or reasonably knowable

12 to the defendant."  In re Air Crash Disaster Near New Orleans, 821 F.2d 1147, 1165

13 (5th Cir. 1987), vacated on other grounds, 490 U.S. 103 (1989);  Zelinski v. Columbia

14 300, Inc., 335 F.3d 633, 643 (7th Cir. 2003) (affirming denial of *forum non conveniens*

15 motion brought one month before trial).  Failure to bring a timely motion "should

16 weigh heavily against the granting of the motion because a defendant's dilatoriness

17 promotes and allows the very incurrence of costs and inconvenience the doctrine is

18 meant to relieve."  In Re Air Crash Disaster Near New Orleans, 821 F.2d at 1165; Lony

19 v. E.I. DuPont de Nemours & Co., 935 F.2d 604, 614 (3d Cir. 1991) ( "[W]henever

20 discovery in a case has proceeded substantially so that the parties already have invested

21 much of the time and resources they will expend before trial, the presumption against

22 dismissal on the grounds of *forum non conveniens* greatly increases.").

23         Mattel first asserted claims relating to Canada and Mexico three and a half years

24 ago.[51]  MGA Mexico has been a party to this case for over three years.[52]  The MGA

25

26

27 [51] See Mattel's Motion for Leave to File Amended Complaint, dated November 20, 2006, Dkt. No. 89; Notice of Lodging of First Amended Complaint, dated November

28 20, 2006, Dkt. No. 90.

1  Parties did not challenge venue initially and never hinted that venue was improper as to
2  some claims or parties until the pre-motion meeting of counsel in late April. Even now,
3  the MGA Parties make no effort to explain their delay or to identify new facts that
4  justify filing now.   All parties have spent millions of dollars in fees and costs,
5  exchanged millions of pages of documents, taken months of depositions (including of
6  MGA Mexico and MGA Canada witnesses). Even if Mattel could start over in Mexico
7  (and it cannot) it should not be required to do so, especially given that Mattel recently
8  learned that MGA is in the process of dismantling MGA Mexico and presumably
9  becoming judgment-proof.[53]

10    **B.    MGA Has Failed to Show the Existence of an Adequate Alternative**
11       **Forum or that the Balance of Factors Favor Dismissal**

12      "The party moving for *forum non conveniens* dismissal must demonstrate two
13  things: (1) the existence of an adequate alternative forum; and (2) that the balance of
14  relevant private and public interest factors favor dismissal." Creative Tech., Ltd. v.
15  Aztech Sys. Pte, Ltd., 61 F.3d 696, 699 (9th Cir. 1995). "A defendant invoking *forum*
16  *non conveniens* ordinarily bears a heavy burden in opposing the plaintiff's chosen
17  forum." Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp., 549 U.S. 422, 430
18  (2007).  To prevail, MGA Mexico must make "'a clear showing of facts which . . .
19  establish such oppression and vexation of a defendant as to be out of proportion to
20  plaintiff's convenience, which may be shown to be slight or nonexistent[.]'" Ravelo
21  Monegro v. Rosa, 211 F.3d 509, 514 (9th Cir. 2000).

22      The *sine qua non* of *forum non conveniens* is the existence of a single, alternative
23  forum in which the *action* with all of its parties can be resolved more conveniently that
24  in a federal court.  Dole Food Co. v. Watts, 303 F.3d 1104, 1118 (9th Cir. 2002)

---

25  [52]  Proof of Service of Summons and Complaint dated February 12, 2007, Dkt. No. 197
26  (reflecting February 7, 2007 service on Isaac Larian as Officer/Managing Agent of
27  MGA de Mexico, S.R.L. de C.V.).
    [53]  Kuemmerle 30(b)(6) Depo. Tr., Vol. 1, dated  December 7, 2009, at 197:13-15
28  (MGA Mexico has been "drastically reduced").

1  (dismissal not warranted on grounds of *forum non conveniens* given that only one of

2  multiple defendants had agreed to submit to jurisdiction of foreign forum). "Key in this

3  analysis is the availability of an alternative forum where *all* defendants are amenable to

4  personal jurisdiction." <u>Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.</u>, 243 F.

5  Supp. 2d 1073, 1095 (C.D. Cal. 2003) (emphasis in original) (denying *forum non*

6  *conveniens* motion to dismiss foreign defendant because defendant "made no showing

7  that its non-Australian co-Defendants are amenable to suit in" the foreign forum).

8      MGA does not identify and seek transfer of the action to such a forum. Instead,

9  it suggests trial in Mexico for some claims and for defendant MGA Mexico; trial in

10  Canada for other claims; and trying the bulk of the remaining claims in the United

11  States. Such a piecemeal division of the claims and parties goes against the very

12  foundation of the doctrine: convenient resolution of all claims with all parties in the

13  single most efficient forum. <u>In re Air Crash near Nantucket Island</u>, 2004 WL 1824385,

14  *4 (E.D.N.Y. 2004) (recognizing that limited dismissal on *forum non conveniens*

15  grounds, and creation of piecemeal litigation, goes against the very purpose of the

16  *forum non conveniens* doctrine). Here, the United States is not only the most efficient

17  but the only forum where the entire dispute can be resolved.

18  **1.   Mexico and Canada Are Not Adequate Alternative Fora**

19      For a forum to be a true alternative, the suggested forum must be able to

20  adjudicate the entire action with *all* defendants. Dismissal for *forum non conveniens* is

21  wrong unless "*all* defendants [are] available to plaintiffs" in a single foreign forum. <u>In</u>

22  <u>re Air Crash Disaster Near New Orleans</u>, 821 F.2d at 1169 (emphasis added) (affirming

23  denial of motion to dismiss on *forum non conveniens* grounds where plaintiff failed to

24  carry its burden of identifying a forum in which all defendants were available).

25  Dismissal for *forum non conveniens* as to only a subset of defendants is inappropriate.

26      MGA has not suggested how, if at all, a Mexican or Canadian court could

27  exercise jurisdiction or resolve claims between Mattel, Inc. and Omni, or MGA's claims

28  against Mattel, for example, or whether Mr. Larian will agree to be subject to

jurisdiction of Mexico courts.  Dismissal of the consolidated actions would not be more convenient when most of the parties and virtually all of the witnesses are located in the United States.  Moreover, not only has the statute of limitations already run on certain of the claims at issue here under Mexican law, the potential civil claims that Mr. Huerta identifies in his declaration[54] have already been barred by the applicable statue of limitations.[55]  But MGA's own expert on Mexican law acknowledges that Mexico provides no civil claims like trade secret theft, breach of duty of loyalty or tortious interference with contract.[56]  MGA is simply silent on the availability of a racketeering conspiracy claim.   Mr. Huerta has reviewed the Fourth Amended Answer and Counterclaims and does not opine that the entirety of those claims could be adjudicated or jurisdiction obtained over all defendants identified therein.[57] Mr. Huerta opined that the only remedy for a breach of duty of loyalty claim would be to terminate the disloyal employee,[58] and that Mexico recognized no claim for intentional interference with contract.[59]   He further tries to distance Machado, Vargas and Trueba from the breach of fiduciary duty type claim, opining that it applies only to "members of the Board of Directors" or "with the authority to run the company," "not middle or front line management".[60]

Indeed, courts have held that intellectual property cases should not be transferred to Mexico on *forum non conveniens* grounds because of lack of any adequate remedy.

---

[54]   Huerta-Black Dec. ¶ 4 (noting that Mexican civil law provides for so-called "generic" and breach of contract liability).

[55]   Declaration of Hector Calatayud in Support of Mattel, Inc.'s Opposition to Motions to Dismiss for Lack Of Personal Jurisdiction and on *Forum Non Conveniens* Grounds, filed concurrently herewith, at ¶ 5 & Ex. B.

[56]   Huerta-Bleck Dec. ¶¶ 3, 11-21; Mot. at 14:26-15:9.

[57]   Huerta-Bleck Dec. ¶ 2.

[58]   Huerta-Bleck Dec. ¶ 16.

[59]   Huerta Dec. ¶ 21 ("The Mexican legal system does not contain any provision prohibiting a third party from conducting activities, which may result on breach of a contract to which it is totally alien.").

[60]   Huerta Dec. ¶¶ 11, 15.

1   <u>Jackson v. Grupo Industrial Hotelero, S.A.</u>, 2008 WL 4648999, *10 (S.D. Fla. 2008)
2   (finding Mexico inadequate forum for intellectual property dispute in part on the basis
3   of authority suggesting that "there is no private right to injunctive relief for the
4   infringement of copyrights, trademarks, trade secrets or patents."); <u>Sacks v. Four</u>
5   <u>Seasons Hotel Ltd.</u>, 2006 WL 783441, * 8 (E.D. Tx. 2006) (holding that Mexico was
6   an inadequate forum in part because "[n]ot only is there no jury trial in Mexico,
7   discovery as practiced in the United States does not exist in Mexico").

8       MGA Mexico claims that Mattel's request to depose Pablo Vargas in Mexico
9   shows that starting civil proceedings would be more convenient there. Not so. MGA is
10  responsible for Mr. Vargas' desire to be deposed in Mexico. ████████████

11  ███████████████████████████████████████████████████████

12  ██████████████████████████████████████████[61]  And while MGA claims it
13  is unable to compel wholly unidentified witnesses to "prove [the] negative" of no use of
14  Mattel trade secrets and to "dispel a gauzy web of innuendo" contradict its summary
15  judgment arguments, <u>see</u> Mot. to Dismiss at 15-16, it also claims that there are no
16  triable issues as to use; in all events, it utterly fails to produce the specific affidavits
17  required to establish what evidentiary problems they would face if the trial were held in
18  the United States. <u>See</u> <u>Piper Aircraft Co. v. Reyno</u>, 454 U.S. 235, 259 and n.27 (1981).

19      MGA cannot argue that Canada is a more appropriate forum. Over two years
20  ago, MGA argued that because of the similarities between the U.S. and Canadian
21  actions and the fact that the U.S. litigation had been proceeding apace, the Canadian

---

22
23  [61]  Tiburcio Dec., dated May 7, 2010, at ¶ 3.  Vargas' fears are not idle or baseless.
24  ████████████████████████████████████████████████████
25  ██████████████████████████Machado Depo. Tr., Vol. 6, at 1105:24-1106:5.
26  ██████████████████████████
27  ██████████████████████Koch Depo. Tr., Vol. 1, at 92:9-97:25;
    99:18-25.████████████████████████████████MGA2
28  0774531-2.

1    action should be stayed in favor of the U.S. action.[62]   The Canadian action has been

2    dormant for the last two years and remains at the initial pleading stage.

3        Moreover, MGA has already announced its intent to show that under Canadian

4    law it is not liable for the acts of its subsidiary, thereby avoiding liability.   This

5    precludes dismissal on *forum non conveniens* grounds.  See Creative Tech., 61 F.3d at

6    701 ("The key determination is whether 'the remedy provided by the alternative forum

7    is so clearly inadequate or unsatisfactory that it is no remedy at all.'" (citations

8    omitted)).   MGA's arguments that Mattel has no Canadian remedy mandate a finding

9    that a Canadian forum is neither available nor adequate.  See Life Alert Emergency

10   Response, Inc. v. Lifealert Sec., Inc., 2008 WL 5412431, *7 (C.D. Cal. 2008) ("Even

11   assuming that Canada has its own trademark laws, Defendant failed to explain how

12   those laws would provide a remedy that would be an adequate alternative to remedies

13   available under the Lanham Act and California law.").

14   **2.     Private and Public Factors Favor Denying the Motion to Dismiss**

15                    **(a)     Private Interest Factors Favor Denying the Motion**

16       Courts consider the following private interest factors: "(1) the residence of the

17   parties and witnesses, (2) the forum's convenience to the litigants, (3) access to physical

18   evidence and other sources of proof, (4) whether unwilling witnesses can be compelled

19   to testify, (5) the cost of bringing witnesses to trial, (6) the enforceability of the

20   judgment, and (7) any practical problems or other factors that contribute to an efficient

21   resolution."  Tuazon v. R.J. Reynolds, 433 F.3d 1164, 1180 (9th Cir. 2006).  MGA

22   must show "oppressiveness and vexation to a defendant . . . out of all proportion to

23   plaintiff's convenience[.]"  Sinochem, 549 U.S. at 423.

24       The residence of the parties and the witnesses and the forum's convenience

25   (Factors 1-2).  Mattel and MGA are both located in this District.  The majority of the

26   witnesses are located in this District.  MGA Mexico does not have an office in the

27

28   _____
     [62]   Naim Dec., Ex. 1.

1   United States (although its officers are here), but the Court has general jurisdiction over

2   MGA Mexico. MGA Mexico has been a party for three years without seeking relief on

3   "convenience" grounds. See Lony, 935 F.2d at 614 (holding that when "the parties

4   already have invested much of the time and resources they will expend before trial, the

5   presumption against dismissal on the grounds of *forum non conveniens* greatly

6   increases"). MGA argues that it cannot compel MGAE de Mexico former employees to

7   testify. MGA Mexico created that problem when it started laying off its employees last

8   year without preserving their testimony or reaching agreements about having them

9   testify. In any event, the claim is patently false: at least 12 former employees provided

10  information to MGA Mexico's Rule 30(b)(6) designee.[63]  Lourdes Aguilar, the only

11  former employee reluctant to speak to Mr. Small spoke to Ms. Kuemmerle when she

12  was re-designated.[64]  Finally, MGA itself created Vargas' unwillingness to come to the

13  United States by threatening him. That is hardly a basis for dismissal on convenience

14  grounds.

15         Access to evidence and other proof (Factors 3-6).  Much of the evidence required

16  to prove Mattel's case is in the parties' possession and will not require further recourse

17  to Canadian or Mexican Courts. The parties have produced millions of pages of

18  documents to date, and the material witnesses have nearly all been deposed. Moreover,

19  MGA has no credible argument that it has no access to relevant evidence in this forum.

20  Boston Telecommunications Group, Inc. v. Wood,  588 F.3d 1201, 1208 (9th Cir.

21  2009) (typical complications involving securing evidence from abroad do not

22  necessarily justify dismissal). Its claimed inability to compel mysterious, unidentified

23  "unwilling" witnesses to testify contradicts its arguments elsewhere. MGA has not

24  identified any specific witnesses it has been unable to depose, and the fourth factor is

25  therefore moot. As Mattel and MGA are both American corporations, judgment will be

---

[63]  Small 30(b)(6) Depo. Tr., Vol. 4, dated December 12, 2009 , at 1040:10-20; Small 30(b)(6) Depo. Tr., Vol. 5, dated January 15, 2010, at 1204:5-1205:17.

[64]  Kuemmerle 30(b)(6) Depo. Tr., Vol. 7, dated May 5, 2010, at 5:7-14 (rough draft).

1  far more likely to be enforceable here than in another country, favoring Mattel on the
2  sixth factor.

3      Practical Consideration (Factor 7). Efficiency dictates resolution here. The facts
4  of MGA's wrongdoing in Mexico and Canada will be tried in this action whether MGA
5  is granted the relief that it seeks or not. Mattel has alleged that the MGA Parties and
6  their affiliates have engaged in an international RICO conspiracy to harm Mattel.
7  MGA has not sought *forum non conveniens* dismissal as to Mattel's RICO claims. So,
8  even if its motion is granted, the same facts will be tried, the same documents
9  produced, and the same witnesses deposed. The alternative would create three separate
10  lawsuits and continue the dispute between the parties for years to come. Efficient
11  resolution of the dispute between the parties demands that the claims all be tried here,
12  in a single suit. The private interest factors all weigh in favor of denying the Motion.

13              **(b)   Public Interest Factors Favor Denying the Motion**

14      Courts consider the following public interest factors: (1) the local interest in the
15  lawsuit, (2) the court's familiarity with the governing law, (3) the burden on local courts
16  and juries, (4) congestion in the court, and (5) the costs of resolving a dispute unrelated
17  to a particular forum. Tuazon, 433 F.3d at 1181.

18      California Has a Much Stronger Interest in this Litigation than Does Mexico or
19  Canada (Factor 1). The State of California has a strong policy that residents of
20  California "ought to be able to obtain redress for grievances in California courts."
21  Thomson v. Continental Ins. Co., 66 Cal. 2d 738, 742 (1967). In order to conclude that
22  California has a meaningful interest in this litigation, a court need "ask only if there is
23  an identifiable local interest in the controversy." Boston Telecommunications, 588
24  F.3d at 1212. Mattel is based in Southern California, as is MGA.

25      Adjudication of Plaintiff's Claims Requires the Application of United States and
26  California Law (Factor 2). Mattel's claims arise under Federal or California law. As
27  the Ninth Circuit has recognized, a primary rationale for the *forum non conveniens*
28  doctrine is to have the district courts avoid "conducting complex exercises in

1  comparative law." <u>Lueck v. Sundstrand Corp.</u>, 236 F.3d 1137, 1144 (9th Cir. 2001);

2  <u>Israel Discount Bank Ltd. v. Schapp</u>, 505 F. Supp. 2d 651, 661 (C.D. Cal. 2007).

3      <u>Burden on local courts and juries and congestion of the court (Factors 3-5).</u>

4  Whether MGA's motion is granted or denied, this Court will still need to adjudicate the

5  RICO-related claims and there will still need to be a jury trial on those claims.  And,

6  where, as here, California has a substantial connection to the case, a trial would not

7  place an unfair burden on a local jury.  <u>Sinotrans Container Lines, Co. Ltd. v. North</u>

8  <u>China Cargo Service, Inc.</u>, 2008 WL 3048855, *9 (C.D. Cal. 2008).

9                                 **Conclusion**

10      For the foregoing reasons, the Mattel parties respectfully request that the Court

11  deny the relief sought by the MGA Parties in this Motion.

12  DATED:  May 17, 2010          QUINN EMANUEL URQUHART OLIVER &
                                  HEDGES, LLP
13

14

15                              By  /s/ Michael T. Zeller
                                    Michael T. Zeller
16                                  Attorneys for Mattel, Inc.

17

18

19

20

21

22

23

24

25

26

27

28