QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  michaelzeller@quinnemanuel.com
  Jon D. Corey (Bar No. 185066)
  joncorey@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>MGA ENTERTAINMENT, INC., a California corporation, et al.,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 DOC (RNBx)<br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>Hon. David O. Carter<br><br>**DECLARATION OF HECTOR CALATAYUD IN SUPPORT OF MATTEL, INC.'S OPPOSITION TO MOTIONS TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND ON *FORUM NON CONVENIENS* GROUNDS**<br><br>Date: June 7, 2010<br>Time: 8:30 a.m.<br>Place: Courtroom 9D<br><br>**Phase 2**<br>Discovery Cut-off: TBD<br>Pre-trial Conference: TBD<br>Trial Date: TBD |

07975/3501323.1

-0-

Declaration of Hector G. Calatayud-Izquierdo

1.     My name is Hector G. Calatayud-Izquierdo.  I am an Of Counsel at the law firm Basham, Ringe y Correa, S.C, where I previously served as partner for approximately twenty one years.  I have been licensed to practice law in Mexico since 1970.  For the past four decades, the vast majority of my practice has been Mexican civil law.  I make this declaration of personal, firsthand knowledge, and if called and sworn as a witness, I could and would testify competently hereto.

2.     I obtained my professional degree at the Escuela Libre de Derecho in 1970, granting me the license to practice as an attorney in Mexico.  In addition to representing clients in civil disputes in Mexico, I have also taught on civil disputes in Mexico.  As a Professor at the Anahuac University, I taught "Civil Proceedings" in 1992 and 1993.  As a Professor at the Panamerican University, I taught Arbitration from 1996 to 1998.  Also as Post-Graduate Professor at the Escuela Libre de Derecho, I taught Advertising and Product Liability from 1997 to 1999.  A true and correct copy of my curriculum vitae is attached as <u>Exhibit A</u>.

3.     I have been asked to review and have reviewed the Declaration of Juan Alberto Huerta Bleck dated May 7, 2010 (the "Declaration").  I understand that said Declaration was submitted in support of the MGA Parties' and IGWT's Motions for Summary Adjudication.  I have been asked to determine whether certain statements in Mr. Huerta's Declaration accurately state the law of Mexico.  In my opinion the Declaration contains assertions not consistent with Mexican law or with Mr. Huerta own statements made therein.

4.     At the outset, I note that based on my review of Mr. Huerta's Declaration and his curriculum vitae that he has not claimed to have any experience with the type of claims or disputes that has discussed in his Declaration.  I also note he apparently has no experience with or education regarding criminal law in Mexico.  Nor does Mr. Huerta provide for the Court any of the basic law to which he refers in his Declaration.

5.     Based on my review of the Declaration, I understand that Mr. Huerta identifies two potential liabilities: generic and specific. See Declaration ¶ 4. From his own statement, it must be assumed that by generic liability Mr. Huerta refers to liability arising from unlawful "extra-contractual" actions or deeds, which is governed by Chapter V, Title First of Book Fourth of the Federal Civil Code (articles 1910-1934). Pursuant to article 1934 of the Federal Civil Code, the statute of limitations to bring claims for generic liabilities is of two years from the date in which damages caused by the conduct giving rise to the claim occurred. A true and correct copy of the applicable law, and its English translation are attached as <u>Exhibit B</u>. Because the initial misappropriation occurred in early 2004, it would be unlikely that Mattel could assert a claim for generic liability in Mexico if the United States case is dismissed.

6.     In paragraph 5 of his Declaration, Mr. Huerta makes two statements. Said paragraph reads:

> 5. As to Criminal Law, the misappropriation of a trade secret is indeed specifically regulated (first statement). Section V of article 223 of the Industrial Property Law provides for said specific crime." (second statement).

The first statement is misleading. The (Mexican) Federal Criminal Code does not regulate the misappropriation of a trade secret. Provisions of criminal nature governing this issue are contained in the Industrial Property Law. Specifically, article 223 defines certain conducts which constitute criminal offenses and articles 223 bis and 224 establish the fines and periods of imprisonment for such crimes.

7.     In paragraph 6 of his Declaration, Mr. Huerta states that *"Under Mexican Criminal Law, an industrial secret is..."* In my opinion, such statement is incorrect. Mexican Criminal Law does not define "industrial" (trade) secrets. The definition is provided in article 82 of Industrial Property Law. This article reads:

> Article 82 - Any industrially or commercially applicable information which a natural or legal person keeps and which is confidential in nature and associated with

securing or retaining a competitive or economic advantage over third parties in the conduct of economic activities, and regarding which sufficient means or systems have been adopted to preserve its confidentiality and restrict access thereto, shall be considered a trade secret.

The information constituting a trade secret shall necessarily relate to the nature, characteristics or purposes of products, to production methods or processes, or to ways or means of distributing or marketing products or rendering services.

Information that is in the public domain, is obvious to a person skilled in the art on the basis of previously available information, or that must be disclosed by virtue of a legal provision or court order shall not be considered a trade secret. Information that is supplied to any authority by a person possessing it as a trade secret shall not be considered as entering the public domain or being disclosed by virtue of a legal provision, when it is supplied for the purpose of obtaining licenses, permits, authorizations, registrations or any other official documents.

A true and correct copy of the Industrial Property law of Mexico is attached as Exhibit C. A true and correct copy of certified translations of selected articles contained in the Industrial Property law are attached as Exhibit D.

8.   In paragraph 7 of his DECLARATION, Mr. Huerta states:

"An employee is obligated to refrain from revealing an industrial secret, provided that he has been warned of the secrecy of the information (Article 85 of the Mexican Industrial Property Law)."

Although it is true that article 85 of the Industrial Property Law mentioned by Mr. Huerta establishes said prohibition, he fails to mention that in addition to employees, said article also includes any person who, by reason of his work, employment, office, position, profession or business relationship is obligated to keep the trade secret confidential. Article 85 of the Industrial Property law reads:

"Article 85. Any person who, by reason of his work, employment, function or post, the practice of his profession or the conduct of business relations, has access to a trade secret the confidentiality of which he has been warned of shall abstain from revealing it without just cause and without the consent of the person keeping said secret or of the authorized user thereof. (Exhibit D)

9.      In paragraph 9 of his Declaration, Mr. Huerta refers to the requirements which, in his opinion, have to be fulfilled for the information to be considered as an "industrial" (trade) secret. Mr. Huerta lists requirements that do not appear in or are supported by the Industrial Property Law. In Paragraph 9(e), Mr. Huerta states:

> for information to be considered an industrial secret under Mexican law: . . . (e) That such mediums have warnings such as the following: "CONFIDENTIAL INFORMATION, RESTRICTED ACCESS" OR "CONFIDENTIAL", or the statement "INDUSTRIAL SECRET."

In fact, the Industrial Property Law does not require a person to include the warnings stated by Mr. Huerta in or on the documents, electronic or magnetic "mediums" which contain the trade secrets. Articles 82 and 83, which Mr. Huerta cites as support for this in paragraph 10, contain no such requirement: Article 82 and Article 83 read in their entirety:

> Article 82 - Any industrially or commercially applicable information which a natural or legal person keeps and which is confidential in nature and associated with securing or retaining a competitive or economic advantage over third parties in the conduct of economic activities, and regarding which sufficient means or systems have been adopted to preserve its confidentiality and restrict access thereto, shall be considered a trade secret.
>
> The information constituting a trade secret shall necessarily relate to the nature, characteristics or purposes of products, to production methods or processes, or to ways or means of distributing or marketing products or rendering services.
>
> Information that is in the public domain, is obvious to a person skilled in the art on the basis of previously available information, or that must be disclosed by virtue of a legal provision or court order shall not be considered a trade secret. Information that is supplied to any authority by a person possessing it as a trade secret shall not be considered as entering the public domain or being disclosed by virtue of a legal provision, when it is supplied for the purpose of obtaining licenses, permits, authorizations, registrations or any other official documents.

> Article 83. The information referred to in the previous article shall consist of documents, electronic or magnetic media, optical disks, microfilms, films or other similar material. (Exhibit D)

10. The requirement that Mr. Huerta recites in Paragraph 9(f) of his Declaration is also not required by or found in the Industrial Property Law. Paragraph 9(f) reads:

> for information to be considered an industrial secret under Mexican law: . . . (f) A written warning must be given to the employees regarding the confidential nature of the information (periodically or by project), with evidence of receipt. Simply signing a Non Disclousre Agreement is not sufficient in our opinion.

I disagree with Mr. Huerta's comment in paragraph 9(f). In fact, the Industrial Property Law does not require: "*the written notice*", or that such notice is given "periodically or by project", and acknowledged by the employees. We also disagree with Mr. Huerta's assertion that "*Simply signing a 'Non Disclosure Agreement' is not sufficient*". Again, articles 82 and 83, which Mr. Huerta cites as support in paragraph 10 of his Declaration, are set forth above and do not contain this requirement. (Exhibit D).

11. What the law specifically requires, is that the person who is supplied with, or allowed to have access to, trade secrets is duly advised as to the confidential nature of such information, and such advice can be proven with any

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

1 | admissible evidence (documents, e-mails, prompts, witnesses, etc.), not only with
2 | written documents.

    I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

    Executed this 17th day of May, 2010 in Mexico City, Mexico.

_____
Hector G. Calatayud-Izquierdo