QUINN EMANUEL URQUHART & SULLIVAN, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation,<br>    Plaintiff,<br>        vs.<br>MGA ENTERTAINMENT, INC., a California corporation, et al.,<br>    Defendant.<br><br>AND CONSOLIDATED CASES | CASE NO. CV 04-9049 DOC (RNBx)<br>Consolidated with<br>Case Nos. CV 04-09059 & CV 05-02727<br>Hon. David O. Carter<br><br>**MATTEL, INC.'S EVIDENTIARY OBJECTIONS TO DECLARATION OF JUAN ALBERTO HUERTA BLECK AND DECLARATION OF L. KIERAN KIECKHEFER IN SUPPORT OF THE MGA PARTIES AND IGWT'S MOTIONS TO DISMISS**<br><br>Hearing Date: June 7, 2010<br>Time:     8:30 a.m.<br>Place:    Courtroom 9D<br><br>**Phase 2**<br>Discovery Cutoff:     TBD<br>Pre-trial Conference: TBD<br>Trial:                TBD |

Mattel, Inc. respectfully submits the following Evidentiary Objections to the Declaration of Alberto Huerta-Bleck and the Declaration of L. Kieran Kieckhefer in Support of the MGA Parties and IGWT's Motions to Dismiss.

## I. EVIDENCE SUBMITTED TO THE COURT IN SUPPORT OF A MOTION MUST BE ADMISSIBLE IF OFFERED AT TRIAL.

Evidence submitted to the Court on motion practice must meet all requirements for admissibility of evidence if offered at the time of trial. Orr v. Bank of Am., 285 F.3d 764, 773 (9th Cir. 2002); Beyene v. Coleman Sec. Services, Inc., 854 F.2d 1179, 1181-1182 (9th Cir. 1988). See also Fed. R. Evid. 101 (Rules of Evidence apply to all proceedings in the courts of the United States); Fed. R. Evid. 1101 (listing exceptions to Rule 101). Here, much of the evidence submitted in support of the MGA Parties' Motions to Dismiss is inadmissible.

## II. OBJECTIONS TO DECLARATION OF JUAN ALBERTO HUERTA BLECK

Mattel objects to the entirety of the Huerta deposition on the following grounds:

(a) the MGA Parties and IGWT fail to provide the mandatory notice of intent to raise foreign law in this proceeding as required by Fed. R. Civ. Proc. 44.1; see, e.g., D.P. Austin v. Smith Industries Aerospace, 268 F.3d 829, 847 (9th Cir. 2001) ("It is only fair to provide notice of potential application of foreign law as early as is practicable or, in any event, at a time that is reasonable in light of the interests of all parties and the court.");

(b) the MGA Parties and IGWT fail to attach copies of whatever foreign legal authorities Mr. Huerta purports to rely upon in support of his opinions; see, e.g., Access Telecom v. MCI Telecommunications Corp., 197 F.3d 694, 713 (5th Cir. 1999) (Under Fed. R. Civ. Proc. 44.1, "expert

testimony ***accompanied by extracts from foreign legal material*** is the basic method by which foreign law is determined.") (emphasis added);

  (c) Mr. Huerta's opinions are not "facts that would be admissible in evidence" as required by Fed. R. Civ. Proc. 56(e)(1) and Local Rule 7-7 ("Declarations shall contain only factual, evidentiary matter and shall conform as far as possible to the requirements of Fed. R. Civ. Proc. 56(e));

  (d) the declaration fails to set out the process of reasoning that leads to the witness's conclusions and does not include the materials upon which the witness based his opinion, as required for any expert declaration; see, E.g., Claar v. Burlington N.R.R. Co., 29 F.3d 499, 501-502 (9th Cir. 1994) (affirming court's exclusion of expert testimony where affidavits were devoid of any explanation of the reasoning and methods underlying their conclusions); see Celestine v. Petroleos de Venezuela SA, 266 F.3d 343, 357 (5th Cir. 2001); Boyd v. State Farm Ins. Cos., 158 F.3d 326, 331 (5th Cir. 1998).

  (e) to the extent the witness bases his opinions of Mexican law on written materials not placed before this Court, such as statutes, regulations, case decisions or other written precedent, the witnesses' statements are hearsay and violate the Best Evidence Rule in violation of Fed R. Evid. 801, 802, 1002 and 1004; and

  (f) the declaration does not assist the trier of fact to understand the evidence or to determine a fact in issue, as required by Fed. R. Evid. 702. Mattel objects that these statements are not "facts that would be admissible in evidence" as required by Fed. R. Civ. Proc. 56(e)(1) and Local Rule 7-7 ("Declarations shall contain only factual, evidentiary matter and shall conform as far as possible to the requirements of Fed. R. Civ. Proc. 56(e)").

  2. Mattel further objects to paragraphs 6, 12, 13 and 14 on the grounds that the declaration does not indicate that the witness has any background in

Mexican criminal law, corporate law or employment law and, thus, is not qualified offer expert opinion on those topics. <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.</u>, 509 U.S. 579, 113 S. Ct. 2786, 2796 (1993); <u>Fed. R. Evid.</u> 702.

3. Mattel further objects to paragraphs 7, 8, 9, and 10 of the declaration because Mr. Huerta lacks foundation to opine on requirements purportedly "derived" from various statutes – statutes which are not even quoted or attached to the declaration. Mr. Huerta's opinions in these paragraphs are improper opinion in violation of <u>Fed. R. Evid.</u> 701 as well as being hearsay in violation of <u>Fed. R. Evid.</u> 801 and 802 and violating the Best Evidence Rule <u>Fed. R. Evid.</u> 1002, 1004.

4. Mattel further objects to paragraphs 9(e) and 9(f) on the grounds that they lack foundation or support in Mexican law. <u>See</u> May 17, 2010 Declaration of Hector G. Calatayud-Izquiredo ¶¶ 9-10 and Exhibit D.

## III. **OBJECTIONS TO DECLARATION OF L. KIERAN KIECICHEFER.**

Mattel objects to portions of the Declaration of L. Kieran Kiecichefer as follows:

1. Mattel objects to page 112, line 21 through page 113, line 14 from the deposition of Daphne Gronich taken on May 2, 2008, attached as pages 1449-1450 of Exhibit 13 to the Kiecichefer Decl. on the grounds that Ms. Gronich's testimony about what she read in emails from Isaac Larian to the three employees in Mexico and what was in her letter to the three employees in Mexico are hearsay in violation of <u>Fed. R. Evid.</u> 801 and 802.

2. Mattel objects to page 115, lines 7 through 18 from the deposition of Daphne Gronich taken on May 2, 2008, attached as page 1451 of Exhibit 13 to the Kiecichefer Decl. on the grounds that Ms. Gronich's testimony about what MGA's counsel told her in a conversation about what that counsel told

1  the three employees in Mexico is double hearsay in violation of Fed. R. Evid. 801 and 802.

3.  Mattel objects to page 25, line 10 through page 27. line 5 from the deposition of Roberto Isaias taken on February 10, 2010 and February 11, 2010, attached as pages 1577 through 1579 of Exhibit 15 to the Kiecichefer Decl. on the grounds that the witness lacks personal knowledge of the facts stated in violation of Fed R. Evid. 104 and Fed R. Evid. 602.

4.  Mattel objects to the pages from the deposition of Gustavo Machado taken on April 21, 2010, April 22, 2010, April 23, 2010 and April 24, 2010, that the MGA Parties and IGWT cited as pages 2065 and 2067 of Exhibit 20 to the Kiecichefer Decl. on the grounds that the MGA Parties and IGWT state at page 2045 that they intentionally removed pages 2045 through 2104 from Exhibit 20.  Because the MGA Parties and IGWT did not provide citations to the actual pages of the deposition transcript, Mattel does not know what testimony from Mr. Machado the MGA Parties and IGWT are citing.

5.  Mattel objects to page 416 lines 4 through 15 from the deposition of Gustavo Machado taken on April 21, 2010, April 22, 2010, April 23, 2010 and April 24, 2010, on the grounds that the witness lacks personal knowledge of the facts stated in violation of Fed R. Evid. 104 and Fed R. Evid. 602.

DATED:  May 17, 2010

QUINN EMANUEL URQUHART & SULLIVAN. LLP

By /s/ Michael T. Zeller
Michael T. Zeller
Attorneys for Mattel. Inc.