MELINDA HAAG (State Bar No. 132612)
mhaag@orrick.com
ANNETTE L. HURST (State Bar No. 148738)
ahurst@orrick.com
WARRINGTON S. PARKER III (State Bar No. 148003)
wparker@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building, 405 Howard Street
San Francisco, CA 94105
Tel. (415) 773-5700/ Fax: (415) 773-5759

WILLIAM A. MOLINSKI (State Bar No. 145186)
wmolinski@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA  90017
Tel. (213) 629-2020/Fax: (213) 612-2499

THOMAS S. McCONVILLE (State Bar No. 155905)
tmcconville@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
4 Park Plaza, Suite 1600
Irvine, CA 92614-2258
Tel: (949) 567-6700/Fax: (949) 567-6710

Attorneys for MGA Parties

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | Case No.  CV 04-9049-DOC (RNBx)<br><br>Consolidated with:<br>Case No. CV 04-9059<br>Case No. CV 05-2727<br><br>Hon. David O. Carter<br><br>**MGA DE MEXICO AND MGA'S OPPOSITION TO MOTION TO COMPEL DOCUMENTS FROM MGA DE MEXICO AND MGA ENTERTAINMENT** |

## INTRODUCTION

The bulk of documents that are the subject of this motion – and certainly all relevant documents demanded by Mattel – have been produced.  Mattel's request asks for all documents concerning trips taken by Machado to the United States ("U.S.") before he resigned from Mattel.  All such documents were produced long ago.  Mattel asks for all documents related to Machado's transfer to the U.S. in 2006.  All such documents were produced long ago.  So for the two specific areas addressed in Mattel's motion, Mattel has all relevant and responsive documents.  Had Mattel met–and–conferred over these requests before launching their motion, they would have learned that MGA has produced all responsive documents.

To the extent any of the documents demanded in Mattel's Motion have not been produced, it is because MGA objected more than a year ago to the breadth of the requests and Mattel never raised those requests again until filing this hastily-prepared Motion intended to stave off the anticipated summary judgment motion by MGA.  Mattel's motion should be denied.  Mattel cannot, for example demonstrate why it needs every document related to every trip taken by Machado, Trueba and Vargas, to any place, at any time and for any reason.  Neither can Mattel demonstrate the need for any and all documents relating to MGA Mexico's relationships with retailers in 2004 and 2005, including all agreements, invoices, and communications.

## STATEMENT OF FACTS

Mattel includes in one motion two distinct and disparate sets of requests for production to conceal the fact that the bulk of the requests at issue in the Motion were responded to and resolved more than a year ago.

### Mattel's First Set of Requests to MGA Mexico (Phase 1) and First Set of Request to MGA Mexico (Phase 2)

Mattel's First Set of Requests to MGA Mexico (Phase 1) was served on November 21, 2007.  MGA Mexico responded to those requests on December 21,

2007.  The parties met and conferred over those requests in April, 2009 -- as Mattel concedes in its Motion.  Motion at 2:2-8.  No further discussions have occurred since the fall of 2009, and MGA produced its documents in response to those requests on September 15 and 18, 2009 to Mattel.  In fact, all documents responsive to the two requests in this First Set (Phase 1) included in Mattel's motion have been produced.

Mattel's first set of requests to MGA Mexico (Phase 2) were served on April 16, 2009, and MGA responded on May 18, 2009.  The parties met and conferred in June, 2009 and MGA produced responsive documents on September 15, 2009.  MGA also informed Mattel on September 15, 2009 which documents were produced from which custodians so Mattel could tell which documents came from MGA and which came from MGA de Mexico.  MGA de Mexico also produced an additional 40 boxes of documents on September 18, 2009 with any additional responsive documents from the hard drives of various individuals, including Machado, Trueba, and Vargas, as well as Kuemmerle and others at MGA de Mexico.

With respect to the two requests at issue in the First Set (Phase 2), Requests No. 21 and 24, which seek documents related to travel after March 7, 2007, MGA objected because Mattel had failed to demonstrate the relevance of travel taken three years after the conduct at issue.  The Discovery Master agreed in an order dated August 26, 2009 that Mattel had failed to prove the relevance of information requested that was created after March, 2007.  Docket ("Dkt.") No. 6437 at 22-23 (Order No. 52).

Mattel's motion to compel production of documents in response to its First Set of Requests to MGA Mexico (Phase 1) and First Set of Requests to MGA Mexico (Phase 2) quickly mentions in a footnote that Mattel has already moved to compel production relating to these requests.  Much like the current motions, Mattel filed two omnibus motions to compel in September 2009 in which it demanded that

1   MGA Mexico be compelled to produce all documents responsive to each and every

2   request in its First Set of Requests (Phase 1), Dkt. No. 5971, and First Set of

3   Requests (Phase 2), Dkt. No. 5972.  The Discovery Master denied Mattel's motion

4   to compel on the requests at issue in this motion as procedurally defective.  Dkt No.

5   6437 at 10-11, 21-24 (Order No. 52).  The Discovery Master further ordered that if

6   Mattel intended to pursue these requests that it first meet and confer with MGA

7   Mexico regarding the requests in person and, if compromise could not be reached,

8   file a separate statement with the Discovery Master for further hearing on these

9   requests.  *Id.* at 12-13, 24-25.  The parties have not met and conferred regarding

10  these requests since September 2009 and by bringing these requests before the

11  Court, Mattel is in direct violation of the Discovery Master's Order No. 52.  In fact,

12  Mattel failed to pursue these requests until it filed its Motion the week before MGA

13  was filing a summary judgment motion.

14  <u>**Mattel's Second Set of Request to MGA Mexico's (Phase 2)**</u>

15      Mattel's second set of requests to MGA Mexico (Phase 2) were served on

16  December 24, 2009.  MGA Mexico responded on January 25, 2010.  The requests

17  broadly ask for documents related to any travel, anywhere in the world, by

18  Machado, Trueba or Vargas, unrestricted by time and unrestricted by whether the

19  travel was business or personal, or had anything to do with the allegations in the

20  case.[1]  While MGA Mexico objected to those requests, it did produce documents

21  related to any *relevant* travel by Machado, Trueba and Vargas in response to prior

22  duplicative requests.  MGA Mexico has produced all documents related to travel

23  between January 1, 2004 and April 20, 2004 when these employees resigned from

24  Mattel.  *See* Appendix B.  MGA has also produced documents related to travel by

25  the three to Los Angeles shortly after being hired.  *See* Appendix B.

26  

27  ---

[1] Highlighting Mattel's burdensome and blunderbuss discovery practices in this case, Requests No. 22, 23 in Mattel's Second Set of Requests for Production (Phase 2) are duplicated word-for-word in Requests No. 22, 23 of Mattel's Seventh Set of Requests for Production (Phase 2).

28

MGA DE MEXICO & MGA'S OPP TO MTN TO COMPEL
CV-04-0049 DOC (RNBx)

Mattel has made no effort to meet and confer over these requests and MGA had no idea that Mattel found MGA's responses inadequate until served with this unannounced Motion the week before MGA was due to file its summary judgment motion.  Had Mattel sought to meet and confer on these requests, it would have been told that all relevant documents have been produced.

**Mattel's Seventh Set of Request to MGA (Phase 2)**

Mattel served its Seventh Set of Requests to MGA on December 24, 2009. MGA responded on January 26, 2010.  Mattel seeks a broad variety of documents in this seventh set including: (1) all communications sent or received by MGA Mexico on October 26, 27, 28, 2005 (Request No. 5, 6, 7); (2) all communications sent or received by Machado, Vargas, or Trueba in 2004 (Requests No. 14-21, 40-42); (3) all communications with Mary Carmen Mendez in 2004 (Request No. 38); (4) all documents relating to MGA Mexico's relationships with any retailers in 2004 and 2005, including all agreements, requests, orders, invoices, and communications (Requests No. 49-53); (5) all documents relating to the termination of Machado, Vargas, or Trueba (Requests No. 54-55).

The parties engaged in a series of meet-and-confers over MGA's responses. Significantly, MGA offered to produce many of the documents under narrowed requests, and made numerous compromises during the process, even when it would require producing documents with no apparent relevance.  *See* Letter from William Molinski to B. Dylan Proctor, dated March 26, 2010, at 5-8.  An initial team of Mattel lawyers appeared willing to compromise and narrow certain requests.  In fact, those lawyers agreed to withdraw Request No. 49-53, requesting all documents relating to MGA Mexico's relationship with its retailers over a two-year period.  *Id.* at 7.  But a new team of Mattel lawyers came in late in the process and withdrew all the previous compromises and reinstated all requests, including 49-53. This new team insisted on production of all documents requested, without any narrowing.

1

**ARGUMENT**

2

**MGA Mexico Has Produced Responsive Documents Regarding Travel and Transfer Requests**

3

4

Documents Related to Any Relevant Travel by Machado, Trueba and Vargas Have Been Produced

5

Mattel's First (Phase 1) set to MGA Mexico sought all documents related to

6

travel to Los Angeles by Machado, Trueba and Vargas from January 1, 2004 to

7

April 20, 2004.  The three resigned from Mattel on April 19, 2004.  *MGA produced*

8

*all responsive documents*.  In fact, there were no such travels by the three during the

9

period prior to April 20, 2004.  MGA produced, however, documents discussing a

10

possible trip in March, 2004, but that trip never occurred.  Even though not called

11

for by the request, MGA has also provided documents related to a trip the three

12

took to Los Angeles the week of April 26, 2004, shortly after being hired, and

13

extensive testimony has been provided about that trip.

14

Additional Travel Documents Are Not Relevant

15

Not content that its earlier theory of there being secret meetings before

16

Machado resigned from Mattel is incorrect, Mattel has now demanded more wide-

17

ranging and extensive documents on travel by Machado, Trueba and Vargas.  The

18

current requests ask for every trip the three took, at any time, for any reason.

19

Mattel's theory appears to be that by Mattel's inclusion of RICO claim against

20

Machado, which has an interstate commerce requirement, requires MGA to produce

21

documents related to every trip Machado took.  This is nonsense.

22

Machado's alleged improper conduct is taking documents from Mattel in

23

April, 2004, allegedly for use at MGA de Mexico.  Mattel has made no showing

24

that any trips he took weeks, months, or years later have any relevance to these

25

claims.  This is particularly true as to trips taken after March, 2007, which is what

26

Mattel seeks in its current requests.  Further, the requests are not only directed to

27

Machado, but seek documents related to trips by Trueba and Vargas as well.

28

1    Neither Trueba nor Vargas is a RICO defendant.  Thus, even under Mattel's newly

2    minted argument, there is no basis for its overbroad requests.

3         Moreover, Mattel's claim that the requests relate to the interstate commerce

4    element of RICO is false.  The requests are not directed to travel involving some

5    aspect of purported improper conduct, but simply ask for every document regarding

6    every trip taken by these three individuals.  Mattel has refused to narrow the

7    requests in any way.

8         <u>Responsive Documents Related to Transfer Requests Have Been Produced</u>

9         In response to previous, duplicative requests, MGA Mexico and MGA have

10   produced all documents in their possession related to Machado's transfer in 2006 to

11   the U.S.  These have included:

12        •    All email correspondence related to that transfer;

13        •    Machado's employment agreements, pay stubs, human resource

14             documents and other documents signed by him or provided to him to

15             conjunction with this transfer; and

16        •    Documents relating to Machado's compensation and benefits in his

17             new position in the U.S.

18   In total MGA has produced more than 100 pages of documents related to

19   Machado's transfer to the U.S.  To avoid any ambiguity, a list of documents

20   previously produced is attached hereto as Appendix A.

21        The problem for Mattel is not that documents have not been produced, rather

22   it is just that Mattel does not like what it sees in the documents.  Mattel's "theory" –

23   and it is only that – is that Machado was given a plush new role in the U.S. as a

24   reward for having taken Mattel documents.  The documents show, however, a

25   negotiated arrangement between Machado and MGA to bring him to the U.S. to fill

26   a need the company had here.  Far from a reward, the emails show that Machado

27   was reluctant to move and had to be convinced to do so.  His pay in the U.S., when

28   one considers cost of living adjustments and expenses, was little more than what he

1    was being paid in Mexico.  His time in the U.S., moreover, lasted only a year and

2    did not work out for MGA or Machado.  All of these documents have been

3    produced, so there is nothing left to compel.

4    **Mattel's Seventh Set of Requests is Vastly Overbroad and Burdensome**

5         As was discussed extensively in the parties' meet and confer sessions

6    regarding Mattel's Seventh Set of Requests for Production, the requests are

7    overbroad and unduly burdensome.  The requests seek broad categories of

8    documents for expansive periods of time on topics that are not tethered to the

9    subject-matter of the claims in this case.  During the parties meet and confer

10   sessions, Mattel adamantly defended the requests and refused to narrow them in

11   scope, either temporal or subject-matter.  Mattel now demands that the Court

12   compel production in response to these broad and burdensome requests.

13        As Mattel admits, it seeks *all communications* sent to or from Machado,

14   Vargas, and Trueba in 2004.  In neither its requests nor its motions does Mattel

15   make any attempt to narrow these requests to the issues in this case.  Rather, Mattel

16   asserts that any email sent or received by these individuals on any topic within the

17   entire year of 2004 could be evidence that these individuals "exploited Mattel's

18   trade secrets in order to increase MGA Mexico's market share."  Motion, 8:23-9:1.

19   Clearly this is over-reaching, as MGA Mexico has already produced many

20   communications sent to or from Machado, Trueba, and Vargas that have nothing to

21   do with Mattel's alleged trade secrets.  Further, MGA has agreed to produce and

22   has produced responsive documents.  There is no reason to entertain Mattel's

23   overbroad and unsupported demand for every communication of Machado, Vargas,

24   and Trueba in 2004.

25        Similarly, in Request No. 5, Mattel is demanding production of all emails

26   that "refer of relate to Mattel."  In the first place, the scope of documents that "refer

27   or relate to Mattel" is unclear.  Arguably any document relating to any toy line that

28   competes with Mattel could "relate to Mattel."  In fact, MGA offered to produce

documents that "refer to Mattel" in response to requests that used this phrase, but Mattel insisted that such a production was too narrow.  Mattel, however, could not quantify what universe of documents would be responsive to its "refer or relate to Mattel" language.  Second, there is no showing of relevance for all documents that "refer or relate to Mattel."  Mattel's only proffer of relevance is that such communications "may reveal details about the scope of MGA's [alleged] theft."  If Mattel is seeking documents related to MGA's alleged theft of its information, then it can serve discovery requests narrowly tailored to that alleged information.  Demanding any and all communications that "refer or relate to Mattel" is simply inexcusable after six years of almost limitless discovery.

The most outrageous of the Mattel's demands are Requests No. 49-53 which collectively seek all documents that refer or relate to MGA Mexico's relationships with retailers for all of 2004 and 2005.  In Mattel's own words it concedes that its is demanding the production of "trade terms . . . with *any* retailer", "*all* contracts", "*all* purchasing orders, invoices, *or other documents relating to the purchase of any products*", and "all communications between MGA Mexico and retailers".  Motion, 10:19-23.  When these requests were first raised in the meet-and-confer discussions, they concurred that the requests were overbroad and agreed to withdraw the requests.  Letter from William Molinski to B. Dylan Proctor, dated March 26, 2010, at 7.  Nevertheless, Mattel is now asking that the Court compel the production of all responsive documents with only its conclusory allegations in its complaint as justification.  This is outrageously insufficient.  Mattel has no basis on which to demand the production of all documents relating to MGA Mexico's relationship with its retailers for a two-year period.  Mattel's counsel acknowledged as much in the meet-and-confer process when they withdrew these requests and the Court should now as well.

/ / /

/ / /

1

**CONCLUSION**

Based on the foregoing, MGA and MGA Mexico respectfully request that Mattel's motion to compel be denied.

Dated:    May 19, 2010              ORRICK, HERRINGTON & SUTCLIFFE LLP


                                   By:    /s/ *William A. Molinski*
                                          WILLIAM A. MOLINSKI
                                          Attorneys for MGA Parties

**APPENDIX A**

MGA PRODUCTION DOCUMENTS RE MACHADO TRANSFER

MGA 0202852-MGA 0202855

MGA 0202856-MGA 0202860

MGA 0203358-MGA 0203359

MGA2 0369817

MGA 0869689-MGA 0869691

MGA 0869687-MGA 0869688

MGA 0869684-MGA 0869686

MGA 0228645-MGA 0228646

MGA 1118894-MGA 1118896

MGA 0228642-MGA 0228644

MGA 0869679-MGA 0869683

MGA 0228634-MGA 0228637

MGA 0439438-MGA 0439449

MGA 0887406-MGA 0887425

MGA 1118883-MGA 1118893

MGA 0228647-MGA 0228648

MGA 0230198-MGA 0230200

MGA 0869669-MGA 0869670

MGA 0869654-MGA 0869657

MGA 0869658-MGA 0869660

MGA2 0258798-MGA2 0258800

MGA2 0258795

MGA2 0258788

MGA 0869661-MGA 0869665

MGA 0869666-MGA 0869667

MGA 0869668

1   MGA 0869714

2   MGA 3512652-MGA 3512660

3   MGA2 0258784

4   MGA 0869725

5   MGA 0228638-MGA 0228641

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MGA DE MEXICO & MGA'S OPP TO MTN TO COMPEL
CV-04-0049 DOC (RNBx)

**APPENDIX B**

MGA PRODUCTION DOCUMENTS RE TRAVEL BY MACHADO, TRUEBA, AND VARGAS

**Machado**

MGA2 0206494

MGA2 0206500

MGA2 0259052

MGA 0110295 –MGA 0110297

MGA2 0206512

MGA2 0206533


**Trueba**

MGA2 0248571-MGA2 0248572

MGA 1126338


**Vargas**

MGA2 0258322-MGA2 0258333

MGA2 0258282-MGA2 0258299

MGA2 0258260-MGA2 0258262

MGA2 0258241-MGA2 0258248