MELINDA HAAG (State Bar No. 132612)
mhaag@orrick.com
ANNETTE L. HURST (State Bar No. 148738)
ahurst@orrick.com
WARRINGTON S. PARKER III (State Bar No. 148003)
wparker@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105
Telephone: +1-415-773-5700
Facsimile: +1-415-773-5759

WILLIAM A. MOLINSKI (State Bar No. 145186)
wmolinski@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA 90017
Telephone: +1-213-629-2020
Facsimile: +1-213-612-2499

THOMAS S. McCONVILLE (State Bar No. 155905)
tmcconville@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
4 Park Plaza, Suite 1600
Irvine, CA 92614-2258
Tel: (949) 567-6700/Fax (949) 567-6710

Attorneys for MGA Parties

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware Corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | Case No. CV 04-9049-DOC (RNBx)<br><br>Consolidated with:<br>Case No. CV 04-9059<br>Case No. CV 05-2727<br><br>Hon. David O. Carter<br><br>**MGA PARTIES' OPPOSITION TO MOTION TO COMPEL PRODUCTION OF DOCUMENTS REGARDING FORMER MATTEL EMPLOYEES** |

## INTRODUCTION

As this Court observed in its most recent order, this, and two other Mattel discovery motions filed in the same week, were suspiciously timed to coincide with MGA's filing of motions to dismiss and motions for summary judgment. Mattel's strategic filing is classic litigation gamesmanship designed to hide the fact that it cannot prove its claims. Faced with dispositive motions, Mattel manufactured purported discovery disputes that, when examined, are nothing more than make work. Notwithstanding Mattel's questionable timing, Mattel's instant motion is meritless, ill-conceived and should be denied because: (i) Mattel seeks documents that have either already been produced or do not exist; and (ii) the disputed requests are duplicative and overbroad. Indeed, detailed deposition testimony has been provided that demonstrates that the documents sought by Mattel simply do not exist. At bottom, Mattel's motion is designed only to have MGA incur substantial fees opposing a frivolous motion. The motion should be denied.

## ARGUMENT

**A.   The Motion To Compel MGA Salary And Bonus Documents Should Be Denied.**

**1.   MGA has Produced Responsive Documents On MGA Employees' Salaries and Bonuses.**

As Mattel readily concedes, demands for production numbers 73 and 74 were part of Mattel's original Fourth Set of Requests for Production of Documents and Things served on MGA on *October 26, 2007*.[1] MGA responded to those requests on *November 26, 2007*. Thereafter, the parties met and conferred in *December, 2009*. *See* Letter to William A. Molinski from James J. Webster dated December 7, 2009 (confirming MGA's position that the Fourth Set of Requests for Documents and Things from Phase 1 were duplicative of Mattel's First Set of Requests for

---

[1] Mattel has since that time served an additional 12 sets of requests for production, comprising 983 individual requests.

Documents and Things from Phase 2). Mattel then waited five months after its last effort to meet and confer to raise any objection to MGA's position. Indeed, Mattel pursued its motion on the eve of MGA's motions for summary judgment and to dismiss, when MGA's responses were served over two and a half years ago. Had Mattel simply informed MGA that it still took issue with MGA's response to request number 73 and 74 before filing its hastily crafted motion, MGA would have informed Mattel that MGA has produced responsive documents to these two requests.[2]

For example, within the over 2,146,455 pages of documents produced since MGA served its responses in November 2007, MGA specifically produced an excel spreadsheet containing detailed information about each former Mattel employee's bonuses and compensation. *See* MGA2 0539679 – MGA2 0539719. The spreadsheet includes an alphabetical list of MGA employees that were former Mattel employees by name, identifies their titles at MGA, the date that they interviewed for a position with MGA, their bonus pay amounts and dates of bonus payments and other compensation information along with a description of that compensation.[3]

Separately, MGA would have also informed Mattel that it had produced various MGA employment agreements of individuals that had previously worked for Mattel, which detail employee compensation and bonus potential, and instruct that they not take anything with them from their former employer. *See* Deposition testimony related to Exhibits 1921 [MGA 0875946 – MGA 0875948] (Cooney's Offer Letter), 4240 [MGA 0887171 – 0887194] (Brawer's Offer Letter), 6577 [MGA 1753312 – 1753318] (Castilla's Offer Letter), 2157 [MGA 1119148 – MGA

---

[2] It is also noteworthy that Mattel has conceded that these former employees' Mattel compensation information was not a trade secret and would not be part of Mattel's trade secret claim.

[3] The spreadsheet lists approximately 65 current MGA employees, 2 current freelancers or temporary employees and 120 former employees or freelancers.

1119149] (Cooney's Signed Offer Letter), 6416 (Machado, Trueba and Vargas' Initial Employment Offer Letters) [MGA 0183704 – MGA 0183713], 6908 (Brisbois' Offer Letter) [MGA 0869782 – MGA 0869784]. Moreover, MGA would have highlighted the days of deposition testimony, where a number of former Mattel employees were questioned concerning their reasons for leaving Mattel to work for MGA, their compensation at MGA, and MGA's specific instruction not to take anything from Mattel with them when they departed. That testimony also directly contradicts Mattel's theory that the former employees were paid to steal Mattel information.

Finally, Mattel's own motion proves that it already has the documents responsive to these two requests. Mattel references several documents which identity the salary and bonuses of Cooney, Contreras and Brawer. *See* Motion to Compel at 5:3-9. Indeed, Mattel uses these documents to form the wildly fanciful theory that MGA paid former Mattel employees to steal Mattel trade secrets. The documents produced and the testimony adduced by Mattel prove their accusation is flatly wrong. Unsatisfied, Mattel continues to seek documents that do not exist to establish a claim it cannot prove. As with the other motions to compel, MGA has produced responsive documents; Mattel just doesn't like what it sees.

**B. The Motion To Compel Documents Prepared, Created or Accessed By Former Mattel Employees Should Be Denied.**

Mattel is blowing smoke where none exists with its motion to compel further responses to its Sixth Set of Requests For Production Nos. 11-14, 25-29, and 39-42. In broad brush, these requests seek any Mattel document that MGA received directly or indirectly from Nick Contreras, Jorge Castilla, or Daniel Cooney after these employees left Mattel and joined MGA.

Mattel's motion fails because MGA has already agreed to produce Mattel documents received from Mr. Contreras, Mr. Castilla, and Mr. Cooney. Indeed, MGA has already produced hundreds of responsive pages from Mr. Cooney.

Further, MGA has explained its inability to collect or produce Mattel documents from Mr. Contreras or Mr. Castilla because MGA never received any Mattel documents from these individuals in the first place.  Mattel's other requests for production fail because they are duplicative of previous requests and are overbroad for the reasons set forth below.

### 1.  Request For Production Nos. 14, 28, and 42

These requests seek:

> All DOCUMENTS, including but not limited to COMMUNICATIONS, RELATING TO YOUR receipt, reproduction, copying, storage, transmission, transfer, retention, destruction, deletion or use of any DOCUMENTS, data and/or information, including but not limited to any compilation of information, that were prepared, made, created, generated, assembled or compiled by or for MATTEL and that YOU received directly or indirectly from [CONTRERAS, COONEY, or CASTILLA].

As to each of these requests, MGA has agreed to produce responsive, non-privileged documents to the extent any exist.  *See* MGA Responses To Sixth Set of Requests For Production of Documents.

Indeed, MGA has already produced hundreds of pages responsive to Request No. 28 from Mr. Cooney.  *See*, *e.g.* Documents Produced by MGA (MGA 0283576-MGA 0283601, MGA 0283825-MGA 0283848, MGA 0283860-MGA 0283883, MGA 0283924-MGA 0283951, MGA 0283952-MGA 0283980, MGA 0283981-MGA 0284008, MGA 0284047-MGA 0284074, MGA 1369873-MGA 1369900, MGA 0284075-MGA 0284112, MGA 1951068-MGA 1951097, MGA 0296810-MGA 0296836, MGA 0293204-MGA 0293226, MGA 0274687-MGA 0274713, MGA 0283800-MGA 0283824).

That MGA has not produced documents responsive to Request Nos. 14 and 42 (regarding documents received from Nick Contreras and Jorge Castilla) is explained by the fact that responsive documents simply do not exist.  This is because Mattel's uncontroverted evidence establishes that Susan Kim never

1  downloaded any Mattel documents to a thumb drive for Mr. Contreras.  *See* Kim
2  Depo. at 64:13-15.  Consequently, MGA could not have received any Mattel
3  documents from Mr. Contreras vis-à-vis Susan Kim.  Likewise, the FBI agents
4  seized Mr. Castilla's only copy of his "to take" folder while he was still a paid
5  Mattel employee and before he ever started working for MGA.  *See* Castilla Depo.
6  at 78:5-79:13; C00440.  Consequently, there are no Mattel documents that MGA
7  could have received from Mr. Castilla vis-à-vis his "to take" folder.

8      Mattel does not mention or address this critical evidence in its motion to
9  compel, and there has been no showing that MGA withheld any Mattel documents
10 that were actually received from Messrs. Contreras, Castilla or Cooney.  In the
11 absence of some particularized showing that MGA has failed to comply with its
12 promise to produce responsive documents, Mattel's motion to compel must be
13 denied.  *See In re Ford Motor Co.*, 345 F.3d 1315, 1317 (11th Cir. 2003)(motion to
14 compel denied where there was no evidence that responding party had failed to
15 produce responsive documents); *Diepenhorst v. City of Battle Creek*, 2006 U.S.
16 Dist LEXIS 48551 at *10, (W.D. Mich. 2006)("The discovery process is designed
17 to be extrajudicial, and relies upon the responding party to search his records to
18 produce requested data.  In the absence of a strong showing that the responding
19 party has somehow defaulted in this obligation, the court should not resort to
20 extreme, expensive or extraordinary means to guarantee compliance.").

21     **2.  Request For Production Nos. 11, 25, and 39**
22 These requests seek:

> All DOCUMENTS REFERRING OR RELATING TO
> MATTEL, or that were prepared authored or created by
> MATTEL or any officer, director, employee or
> representative of MATTEL, that [CONTRERAS,
> COONEY, or CASTILLA] has ever provided to, shown,
> described to, communicated to or disclosed in any manner
> to MGA.

27 The scope of these requests are duplicative of Request Nos. 14, 28, and 42
28 mentioned above.  Mattel's counsel admitted as much during a meet and confer

session that preceded this motion when she agreed to eliminate these requests from Mattel's discovery items in dispute. *See* 3/26/10 Letter from Phillips to Proctor at 3. In light of this stark admission, Mattel should not be allowed to resurrect these duplicative requests—especially when its only purpose in doing so is to create busy-work for the Court and MGA. MGA has already agreed to produce Mattel documents received from Messrs. Contreras, Cooney, and Castilla. *See* MGA Responses to Request Nos. 14, 28, and 42. Mattel does not need anything more from MGA on this issue.

### 3. Request Nos. 12, 26, and 40

These requests seek:

> All DOCUMENTS created or accessed by [CONTRERAS, COONEY, or CASTILLA] REFERRING OR RELATING TO any MATTEL product, plan or business information.

On their face, these requests are overbroad because they include documents that "refer or relate" to any Mattel product, plan or business information, and there is no dispute that MGA competes with Mattel in the toy industry. According, virtually every document that Messrs. Contreras, Cooney, and Castilla worked on at MGA could ostensibly be included within the scope of this request, especially where the document "refers or relates" an MGA product that somehow competes with a Mattel product.

During the meet and confer that preceded this motion, Mattel's counsel agreed that these requests were overbroad as written. *See* 3/26/10 Letter from Phillips to Proctor at 3. In fact, Mattel's counsel likened these requests to the dispute before the Court relating to Discovery master Orders 89 and 91 and agreed to withdraw them. *Id*. Consequently, there is no basis in fact or in law for Mattel to pursue these requests in a half-hearted motion to compel. MGA has already agreed to produce any Mattel document received from Messrs. Contreras, Cooney, and Castilla. There is no reason why MGA should be forced to also produce every

1  document that these gentlemen worked on at MGA.

### 4. Request Nos. 13, 27, and 41

These requests seek:

> All DOCUMENTS created or accessed by [CONTRERAS, COONEY, or CASTILLA] REFERRING OR RELATING TO any Mattel line list or other DOCUMENT prepared by Mattel.

As a initial matter, Mattel did not raise these requests in any written meet and confer correspondence prior to filing its motion. Regardless, the scope of these requests is entirely duplicative of Request Nos. 14, 28, and 42 (mentioned above). MGA has already agreed to produce responsive Mattel documents received from Messrs. Contreras, Castilla, and Cooney. Consequently, there is no basis to compel MGA to amend its response to these requests. Mattel gains nothing by such a fruitless exercise, except to create busy work for MGA.

### CONCLUSION

The instant motion is just another example of Mattel's bad faith litigation tactics. Faced with pending dispositive motions, Mattel generated meritless motions to compel in attempt to divert resources. This, as well as Mattel's two other discovery motions are a waste of time, effort and judicial resources. Mattel's motion should be denied.

Dated: May 19, 2010

ORRICK, HERRINGTON & SUTCLIFFE LLP

By: /s/ *William A. Molinski*
WILLIAM A. MOLINSKI
Attorneys for MGA Parties