EXHIBIT 1

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California  90017 | TEL: (213) 443-3000  FAX: (213) 443-3100

March 2, 2010

BY E-MAIL

Annette Hurst, Esq.                        Thomas McConville, Esq.
Orrick, Herrington & Sutcliffe LLP          Orrick, Herrington & Sutcliffe LLP
405 Howard Street                          4 Park Plaza
San Francisco, CA 94105                     Suite 1600
                                           Irvine, CA 92614-2558

Re:    Mattel v. MGA

Dear Annette and Tom:

I am writing further to our meet and confer of yesterday regarding MGA's Rule 30(b)(6) deposition.

This letter is an effort, as we discussed, to prioritize the 30(b)(6) topics for MGA.  To that end, I also have made attempts here to summarize and/or provide some particulars within the topics. Since the purpose here is to see if the parties can reach some agreement, the proposals and descriptions are without prejudice to Mattel's position that it is entitled to full and complete testimony sought by the relevant Notices and, in addition, may be subject to revisions or modifications as we discuss these matters in an effort to reach a compromise.  In particular, we have made a good faith effort to provide explication or examples of particular areas of examination, but that should not be understood as a complete statement of the information Mattel seeks or as otherwise prejudicing or limiting Mattel's rights to obtain further information relating to those or other areas of examination.  Furthermore, as to some topics such as those dealing with interstate commerce elements, Mattel is willing to consider appropriate stipulations of fact to obviate the need for testimony if MGA is amenable to such an approach.

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, NY  10010 | TEL (212) 849-7000  FAX (212) 849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, CA  94111 | TEL (415) 875-6600  FAX (415) 875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, 5th Floor, Redwood Shores, CA  94065 | TEL (650) 801-5000  FAX (650) 801-5100
CHICAGO | 230 South Wacker Drive, Suite 230, Chicago, IL  60606 | TEL (312) 463-2961  FAX (312) 463-2962
LONDON | 16 Old Bailey, London EC4M 7EG United Kingdom | TEL +44(0) 20 7653 2000  FAX +44(0) 20 7653 2100
TOKYO | Akasaka Twin Tower Main Bldg., 6th Fl., 17-22 Akasaka 2-Chome, Minato-ku, Tokyo 107-0052 Japan | TEL +81 3 5561-1711  FAX +81 3 5561-1712

07975/3347398.1

Subject to the foregoing, we propose the following prioritization of Mattel's topics:

1.      MGA's spoliation and/or concealment of documents in connection with this action.[1]  First Phase 2 Notice, Topic Nos. 46 and 48; Topic No. 80, Fourth Notice.

2.      Payments by MGA or its vendors to or for any former Mattel employees, or to or for any person while employed by Mattel, MGA's knowledge thereof, the reasons therefor and communications relating thereto as set forth in Topic Nos. 39 and 60 of the Fourth Notice and Topic No. 45 of the First Phase 2 Notice, including without limitation to or for Bryant, Brawer, Salazar, Morales and Cabrera.

3.      MGA's use of any design or other work prepared, in whole or in part, by any person while employed by Mattel, including Bryant, Salazar, Morales and Cabrera, including the identity of each product such persons worked on and when.  Topic No. 94, Fourth Notice.

4.      MGA's communications relating to Vargas, Machado, Trueba, Brisbois, Alice Kao, Castilla, Cooney, Contreras, Susan Kim and Brawer prior to their resignations from Mattel, and their job duties (excluding Kim) after joining MGA.  Topic Nos. 38, 43-47 and 99, Fourth Notice.

5.      MGA's knowledge of and communications relating to the obligations of Mattel employees to Mattel, including without limitation with respect to confidentiality and ownership of inventions.  Topic No. 61, Fourth Notice.

6.      MGA's alleged understanding or belief that the Bryant/MGA agreement and its use of Bryant's Bratz works is or was lawful, documents and communications relating thereto, and any investigation or inquiry undertaken by MGA in connection therewith, as set forth in Topic Nos. 82 and 84-87 of the Fourth Notice.

7.      MGA's communications with law enforcement as set forth in Topic No. 36 of the First Phase 2 Notice.

8.      MGA's payments to or through vendors, attorneys and others in Mexico relating to any actual or potential investigation or prosecution of MGA or its employees as set forth in Topic No. 37 of the First Phase 2 Notice and Topic No. 37 of the Fourth Notice.

9.      MGA's actual or contemplated payments to government officials or entities or law enforcement officials as set forth in Topic No. 35 of the First Phase 2 Notice.

---

[1]   These include without limitation the withheld Larian-O'Connor email, the withheld Larian email directing the destruction of documents, the Bryant fax, the Bratz drawings in Bryant's notebook, the after-the-fact dating of the Bryant drawings, and the email Wing testified Larian directed to be deleted.

10.     The search and seizure of documents by Mexican authorities from MGA's Mexico City offices and related communications as set forth in Topic No. 36 of the Fourth Notice.

11.     MGA's fee, indemnity and joint defense/common interest agreements and payments (including dates and amounts) in connection with this action and related communications, including without limitation with respect to Vargas, Trueba and Machado or their counsel. Topic Nos. 42-44 of the First Phase 2 Notice.

12.     Mattel's trade secret claims, including without limitation:

        a.     What internal Mattel information was taken, MGA's knowledge thereof, what Mattel internal information MGA received, when MGA received it, how it got it and who was involved. Topic Nos. 33, 35, 40 and 79, Fourth Notice.

        b.     Where the internal Mattel information has been kept or stored and where it is now. Topic Nos. 33 and 35, Fourth Notice.

        c.     How the Mattel information was used, when, by whom and related communications. Topic Nos. 33, 35, 41 and 63, Fourth Notice.

        d.     Facts showing that the trade secrets asserted by Mattel are not trade secret or otherwise not protectible, and steps that MGA takes to protect its trade secrets. Topic Nos. 21-22, First Phase 2 Notice.

        e.     The following changes on a year-by-year comparative basis, and the origins and reasons for the following changes:[2]

                (i)     In MGA's forecasting and inventory systems and supply chain processes from 2003 to the present.

                (ii)    In the level of MGA's inventory, including the number of units, cost and obsolescence expense of finished products in inventory by month, from 2003 to the present.

                (iii)   In the prices charged by MGA for the products sold or offered by MGA from 2001 to the present.

                (iv)    In the margins earned by retailers from the sale of MGA products, by retailer by product category, from 2001 to the present.

---

        [2]   By seeking changes over time, these categories are an attempt to focus Topic Nos. 20, 23-27 and 29-30 of the First Phase 2 Notice and Topic No. 100 of the Fourth Notice. In the event that such information is not or cannot be provided by the deponent, Mattel would need the complete raw data underlying these matters as set forth in the identified Topics.

(v)    In the policies or methodologies by which MGA determines the wholesale and retail price of its products.

(vi)    In MGA's promotional plans and activities, including in the products to be promoted and the dates and nature of the promotions, in total promotional dollars given or spent and promotional dollars given or spent as a percent of sales by retailer and product category and in MGA's strategies for promoting products.

(v)    In the manner or method by which MGA evaluates the effectiveness of its retail promotions, including the return on investment, from 2001 to the present.

(vi)    In MGA's advertising and media plans and expenditures, including the sales "lift" from the advertisements, from 2001 to the present.

(vii)    In tools, formulas or processes used by MGA to evaluate or determine whether potential products or product offerings meet metrics employed by Toys R Us, including profit per square inch of shelf space.

(viii)    In MGA's market share, by product category by country; MGA's revenues and profits, by product category by country; and the products or product lines offered or to be offered by MGA to its customers.

(ix)    In MGA's retail promotions, including the products promoted and the date and nature of the promotions, by retailer.

13.    MGA's preservation, collection, search and production of documents as set forth in Topic No. 47 of the First Phase 2 Notice, including without limitation any preservation, collection, search for and/or destruction of internal Mattel information as set forth in Topic No. 48 of the First Phase 2 Notice. This also includes without limitation any preservation, collection, search and production from Larian's hard drives.

14.    The origins, creation and development of MGA's 2005 and 2006 product lines. Topic Nos. 3-4, Fourth Notice.

15.    MGA's copying or use of Mattel products, packaging or designs, and MGA's knowledge of any Mattel product prior to its disclosure to the public or retailers. Topic Nos. 30 and 34, Fourth Notice.

16.    MGA's investigations into allegations or issues in this action as set forth in Topic No. 31 of the First Phase 2 Notice.

17.    The actual or contemplated assignment of IP rights to Omni or any Bratz rights to any person as set forth in Topic Nos. 8 and 40 of the First Phase 2 Notice.

18.     The Omni-related topics as set forth in Topic Nos. 5-8 of the First Phase 2 Notice. This includes in particular the timing, amounts and reasons for payments to the Omni Parties or their affiliates as well as the circumstances surrounding the filing of the Vision/Lexington UCC filing claiming a security interest in MGA assets.

19.     Payments to and transactions with Larian, family members and their affiliates as set forth in Topic Nos. 10 and 12 of the First Phase 2 Notice.

20.     MGA's uses of the instrumentalities of interstate commerce as set forth in Topic Nos. 32-33 of the First Phase 2 Notice.

21.     Bratz sales and profits as set forth in Topic No. 13 of First Phase 2 Notice, and the value of Bratz as set forth in Topic No. 39 of the First Phase 2 Notice.

22.     MGA's support for and investment in Bratz, including as compared to before and after the acquisition of Little Tikes, Zapf and Smoby and before and after the development of Moxie and BFC, and any cannibalization of actual or planned Bratz designs, shelf space, licenses or other resources for Moxie, as set forth in Topic Nos. 14-16 and 41 of the First Phase 2 Notice.

23.     MGA's financial condition, including its solvency or insolvency, as set forth in Topic Nos. 34 of the First Phase 2 Notice, including any consideration given to any bankruptcy filing since January 1, 2007, as set forth in Topic No. 9 of the First Phase 2 Notice, and MGA's financial reports, as set forth in Topic No. 78 of the Fourth Notice.

24.     MGA's net worth and bases for such calculation.  Second Notice, Topic No. 26.

25.     MGA's participation in smuggling as set forth in Topic No. 38 of the First Phase 2 Notice.

26.     The factual bases supporting or contradicting MGA's claims and allegations.  First Phase 2 Notice, Topic No. 4; Topic No. 26, Fourth Notice. This includes without limitation:

        a.      The invention and origins of each MGA product that MGA has sued upon, including without limitation their dates of first conception and first design, the identity of persons who first conceived and designed each such product and the creation, origin and nature of the sculpts used in connection with doll products that form the basis of MGA's claims. Fourth Notice, Topic Nos. 1, 9.

        b.      The date of first showing/exhibition, manufacture, shipment and availability of each product sued upon.  Fourth Notice, Topic Nos. 7-8, 10, 14.

        c.      MGA's claims of ownership in each product sued upon as set forth in Topic Nos. 12-13 of the Fourth Notice.

     d.     The marketing and advertising of each product sued upon, including without limitation the expenditures by year and medium therefor.  Fourth Notice, Topic Nos. 11, 15.

     e.     The target market for each product sued upon, the reasons why consumers buy or don't buy the parties' products at issue and the extent of competition/substitution between the parties' products at issue, as set forth in Topic Nos. 17-18, 23, 24 and 48 of the Fourth Notice and Topic Nos. 17-18 of the First Phase 2 Notice.

     f.     The sales, revenues, profits and costs, actual and forecasted, relating to each MGA product sued upon as set forth in Topic Nos. 18-19 of the Fourth Notice.

     g.     Complaints and dissatisfaction with each product sued upon, including returns and close-outs, as set forth in Topic No. 20 of the Fourth Notice, and the safety of each such product, as set forth in Topic No. 81 of the Fourth Notice.

     h.     Any actual or potential confusion concerning the parties' products at issue in MGA's claims as set forth in Topic Nos. 21-22 and 56-57 of the Fourth Notice.

     i.     MGA's communications with Mattel relating to the parties' products at issue and with retailers relating to Mattel's products at issue as set forth in Topic Nos. 6 and 27 of the Fourth Notice.

     j.     The similarities and dissimilarities between the products at issue in MGA's claims as set forth in Topic No. 31 of the Fourth Notice, and the identity of any other products MGA has claimed in any suit was similar or dissimilar to any MGA product that MGA has sued upon as set forth in Topic Nos. 97-98.

     k.     The identity and factual bases for MGA's claimed trade dress that it has sued on, the reasons for actual or contemplated changes thereto and the bases for MGA's allegations that such trade dress is famous or has acquired secondary meaning.  Topic Nos. 2, 49 and 54, Fourth Notice.

     l.     The basis for MGA's claim that the Bratz dolls launched in 2001 were unique and distinctive, as set forth in Topic No. 53 of the Fourth Notice.

     m.     Mattel's alleged copying, infringement or dilution of the MGA products or trade dress that MGA bases its claims on and MGA's first awareness thereof.  Topic Nos. 25, 29, 50, 52 and 58, Fourth Notice.

     n.     MGA's relationship and communications with NPD, and the bases for MGA's NPD-related claims, as set forth in Topic Nos. 68-71 of the Fourth Notice.

     o.     MGA's relationship and communications with CARU, and the bases for MGA's CARU-related claims, as set forth in Topic Nos. 72-73 of the Fourth Notice.

p.      MGA's relationship and communications with TIA, and the bases for MGA's TIA-related claims, as set forth in Topic Nos. 74-75 of the Fourth Notice.

q.      The bases for MGA's remaining claims and allegations, including without limitation alleged pressure or intimidation of retailers and others, the alleged concerns of advertising executives, the alleged shortage of doll hair, alleged tampering of retail displays, and other alleged unfair or anticompetitive conduct.   Topic Nos. 5, 51-52, 55, 59, 64-68, 76-77, Fourth Notice; Topic No. 4, First Phase 2 Notice.

27.     MGA's claims of damage, injury, loss or lost opportunities, for disgorgement or any other monetary relief.  Topic Nos. 1-3, First Phase 2 Notice; Topic No. 28, Fourth Notice.

28.     The factual bases for MGA's affirmative defenses.  Topic No. 88, Fourth Notice.


I look forwarding to hearing from you to this discuss this matter further and look forward to receiving dates on which the MGA 30(b)(6) deposition will commence.

Very truly yours,

Michael T. Zeller

07975/3347398.1

EXHIBIT 2



ORRICK

ORRICK, HERRINGTON & SUTCLIFFE LLP
777 SOUTH FIGUEROA STREET
SUITE 3200
LOS ANGELES, CALIFORNIA  90017-5855

*tel* +1-213-629-2020
*fax* +1-213-612-2499

WWW.ORRICK.COM

March 9, 2010

Melanie D. Phillips
(213) 612-2471
mphillips@orrick.com

*VIA EMAIL*

Michael T. Zeller, Esq.
Quinn Emanuel
865 South Figueroa Street, 10th Floor
Los Angeles, CA  90017

Re:     MGA v. Mattel - 30(b)(6) Meet and Confer

Dear Michael:

I am writing in response to your letter dated March 2, 2010 (received on March 3, 2010) and to propose that Mattel revisit and revise its request for 30(b)(6) testimony to prioritize and focus the topics sought from MGA.

As you know, on Monday, March 1, 2010, MGA offered to provide 30(b)(6) witnesses for three days of testimony.  While Mattel refused to accept this offer, the Court found it reasonable and has now ordered that the parties proceed accordingly.  To make these days as productive as possible, we are requesting that Mattel provide a prioritized list of topics from your three previous 30(b)(6) notices that can reasonably be addressed in these three days.

Your letter of March 2 was not a good faith effort to prioritize or narrow the scope of potential testimony.  For example, while you provided a list of 28 "categories" of testimony, within these 28 broad categories, you identified 120 of the 151 topics at previously at issue and added at least 11 new topics.  If Mattel spent just one hour on each of the topics identified in your letter, this 30(b)(6) deposition would still take more than three weeks to complete.  Likewise, the breadth of the categories included in your letter, including "the factual bases supporting or contradicting MGA's claims and allegations" (category 26) and "the factual bases for MGA's affirmative defenses" (category 28), makes clear that Mattel has not actually prioritized the specific topics on which it needs corporate testimony.  Further, the inclusion of topics on which MGA has previously been granted a protective order (82, 84, 87, and 94) or those on which MGA has previously provided corporate testimony (15, 19, and 78) highlights Mattel's lack of good faith in preparing its prioritized list.  In sum, Mattel's purported prioritization did nothing to lessen the burden of its 30(b)(6) demands.



# ORRICK

Michael T. Zeller, Esq.
March 9, 2010
Page 2

Accordingly, we again ask that you identify a prioritized subset of topics from your three previous 30(b)(6) notices.[1]  This designation should be limited to topics that could reasonably be covered in the three days of deposition currently ordered by the Court.  We look forward to receipt of your prioritized topic list by the end of this week.

Very truly yours,

Melanie D. Phillips

---

[1] MGA reserves its rights to object to any specific topic on any and all applicable grounds.

EXHIBIT 3



## ORRICK

ORRICK, HERRINGTON & SUTCLIFFE LLP
THE ORRICK BUILDING
405 HOWARD STREET
SAN FRANCISCO, CALIFORNIA 94105-2669

*tel* +1-415-773-5700
*fax* +1-415-773-5759

WWW.ORRICK.COM

March 21, 2010

Annette L. Hurst
(415) 773-4585
ahurst@orrick.com

*VIA EMAIL AND U.S. MAIL*

Michael T. Zeller, Esq.
Quinn Emanuel
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017

Re:     <u>MGA v. Mattel - 30(b)(6) Topics for March 24, 25, & 26</u>

Mike:

On March 2 we received Mattel's expanded list of 30b6 topics grouped into 28 categories. The Court then ordered an initial three-day limitation to the deposition. On March 9, we wrote to request that Mattel identify and prioritize from its 150-plus topics a list that could be reasonably addressed in three days. Since we have never received a response, we understand that Mattel intends for MGA to select the topics upon which it will present its witnesses. Accordingly, MGA has applied its best judgment to identify the most relevant and reasonable topics from among those that Mattel has propounded, and hereby designates its witnesses and corresponding topics as set forth herein.

We have requested that Mattel agree that this deposition take place in downtown Los Angeles, which we believe will be more convenient for all parties and the discovery master.

**MGA 30(b)(6) Topics for March 24-26, 2010**

Without waiving any of its previous objections and in fact reasserting many objections as addressed elsewhere herein, MGA will provide a witness for 30(b)(6) testimony in the following areas:

<u>**Trade Secret-Related Topics: Wednesday, May 24, 2010**</u>

Designee:     Ron Brawer

1.  Any MGA communications with Kao, Castilla, Cooney, Contreras, Kim, and Brawer while each individual was still employed by Mattel (Category 4, Topics 38, 45 of January 9, 2008 notice);



**ORRICK**

Michael T. Zeller, Esq.
March 21, 2010
Page 2

2. MGA's knowledge of any Mattel internal information taken from Mattel by former Mattel employees Ron Brawer, Jorge Castilla, Nick Contreras, and Dan Cooney (Category 12(a), Topics 33, 35 of January 9, 2008 notice);

3. MGA's knowledge of where any Mattel internal information from (1) above has been kept or stored and where it is now (Category 12(b), Topics 33, 35 of January 9, 2008 notice);

4. MGA's use or disclosure of any Mattel internal information taken by former Mattel employees Ron Brawer, Jorge Castilla, Nick Contreras, and Dan Cooney (Category 12(c), Topics 33, 35 of January 9, 2008 notice);

5. MGA's knowledge of facts showing that Mattel's alleged trade secrets claimed to have been taken by Ron Brawer, Jorge Castilla, Nick Contreras, and Dan Cooney are not trade secrets or are not otherwise protectable (Category 12(d));

6. MGA's efforts to protect its trade secrets (Category 12(d), Topic 21 of January 26, 2010 notice);

**Affirmative Claims-Related Topics:  Thursday, May 25, 2010**

Designee:     Ninette Pembleton or Sam Khare

As noted in my prior e-mail to you, we would like to designate Ms. Pembleton but she is unavailable next week. If Mattel will stipulate to move this day of deposition, then we will do so. If not, then the designee will be Mr. Khare.

7. The identification of MGA's trade dress to be asserted in this action and any changes made thereto since the initial release date (Category 26(k), Topics 2, 54 of January 9, 2008 notice);

8. The development of any trade dress that will be asserted by MGA against Mattel in this action  (Category 26(a), Topic 1 of January 9, 2008 notice);

9. First commercial use of any trade dress that will be asserted by MGA against Mattel in this action (Category 26(b), Topic 7 of January 9, 2008 notice);

10. MGA's ownership of the trade dress that will be asserted by MGA against Mattel in this action (Category 26(c), Topics 12, 13 of January 9, 2008 notice);



ORRICK

Michael T. Zeller, Esq.
March 21, 2010
Page 3

11. Marketing and advertising for products bearing the trade dress asserted by MGA against Mattel in this action (Category 26(d), Topics 11 of January 9, 2008 notice);

12. The intended target market for the products bearing the trade dress asserted by MGA against Mattel in this action (Category 26(e), Topic 17 of January 9, 2008 notice);

13. MGA's sales and revenues generated by the products bearing the trade dress that will be asserted by MGA against Mattel in this action (Category 26(f), Topic 19 of January 9, 2008 notice);

14. Any other factual basis (apart from the foregoing) for establishing the secondary meaning and/or fame of the trade dress to be asserted (Category 26(k), Topic 9 of January 9, 2008 notice);

15. MGA's knowledge of any actual or potential confusion concerning the source or origin of Mattel's products that resemble the MGA trade dress (Category 26(h), Topics 21, 22, 56, 57 of January 9, 2008 notice);

16. MGA's knowledge of Mattel's copying, infringement, or dilution of the MGA trade dress (Category 26(m), Topics 25, 58 of January 9, 2008 notice);

17. MGA knowledge or information regarding acts other than trade dress infringement that form the factual basis for MGA's unfair competition claims against Mattel (Category 26(q), Topics 51, 52, 55, 59, 64-68, 76, 77 of January 9, 2008 notice).


**Financial-Related Topics: Friday, May 26, 2010**

Designee:     John Woolard or Steve Shultz

18. Any payments by MGA to former Mattel employees Bryant, Brawer, Salazar, Morales, and Cabrera while they were still employed by Mattel (Category 2, Topic 39 of January 9, 2008 notice);

19. Any transactions between MGA and the following entities: IGWT 826 Investments, LLC, IGWT Group, LLC, OMNI 808 Investors LLC, Lexington, or Vision Capital (Category 18, Topic 6 of January 26, 2010 notice);


ORRICK

Michael T. Zeller, Esq.
March 21, 2010
Page 4

20. MGA payments to or transactions with Isaac Larian, his family members, and family trusts from January 18, 2008 to the present (Category 19, Topics 10, 12 of January 26, 2010 notice);

21. The information set forth in Profit and Loss Statements and Balance Sheets of MGA Entertainment since January 1, 2007 (including for MGA Canada) (Category 24, Topic 26 of February 1, 2007 notice and Category 23, Topic 78 of January 9, 2008 notice);

22. Any non-privileged information regarding MGA's consideration of filing for bankruptcy protection since January 1, 2007 (Category 23, Topic 9 of January 26, 2010 notice);

**MGA's Further Responses and Objections to Categories 1-28 Identified on March 2, 2010**

MGA initially moved for a protective order on many of the topics included in Mattel's January 9, 2008 30(b)(6) notice during the Phase 1 period. While that motion was pending, the stay on Phase 2 discovery was ordered and, accordingly, the motion was not ruled upon as to many of the topics.[1] MGA then again sought a protective order from Judge Carter, who declined to delve into a topic-by-topic analysis of the more than 150 topics at issue between the parties and instead insisted that the parties meet and confer regarding the topics propounded by Mattel.   The meet and confer resulted in Mattel's March 2 letter expanding, rather than limiting, the number of topics.  Judge Carter then limited the deposition to 3 days and left it to the parties to try to work out the topics.  Since Mattel refused to provide any further guidance, MGA has identified the topics which it believes are most appropriate given the posture of the case.  MGA expressly reserves all objections previously stated with respect to any topic referenced in each of the 28 categories identified by Mattel.  Finally, MGA will not provide testimony pertaining to matters that are not presently part of the pleadings in the case.

MGA hereby provides this summary of its more specific objections to the 28 "categories" of testimony identified by Mattel in its March 2, 2010 letter:

Categories 1 and 13 relate to MGA's preservation, collection, search and production of documents. MGA objects to the inflammatory and prejudicial nature of Mattel's phrasing of Category 1 and Topic 46 of the January 26, 2010 notice as seeking testimony regarding "MGA's spoliation" of evidence in this case.  In essence, Mattel seeks an admission and a legal conclusion by the inclusion of this language, and such topics are not properly included in 30(b)(6) notices. *See 3M Co v. Kanbar*, No. C06-01225, 2007 WL 1794936, at *2 (N.D. Cal. June 19, 2007); *McCormick-Morgan, Inc. v. Teledyne Indus., Inc.*, 134 F.R.D 275, 286 (N.D. Cal. 1991), *rev'd in part on other grounds*, 765 F. Supp. 611 (N.D. Cal. 1991).  Further, MGA has already provided multiple 30(b)(6) witnesses on the topic of

---

[1] The motion was granted, on May 12, 2008, as to Topics 82, 84, 87, and 94.



ORRICK

Michael T. Zeller, Esq.
March 21, 2010
Page 5

document preservation and collection. Specifically, Lisa Tonnu testified about the collection of hard copy documents and Kenneth Lockhart testified as to MGA's collection of electronic documents. Finally, Mattel's request for information regarding the "search and production" of documents improperly seeks attorney-client privileged information and attorney-work product. These issues are also being addressed in myriad other ways including through repeated motion practice on both sides. Accordingly, MGA will not provide another witness at this time for the topics identified in Categories 1 and 13.

Category 2 is overbroad and, to the extent it seeks testimony by MGA on payments made by vendors or any third party, it is not the proper subject of 30(b)(6) testimony by MGA. Notwithstanding its objection, MGA will provide a witness to testify regarding any such payments made by MGA as set forth above.

Mattel's Category 3 is wholly unsupported by the topic identified – Topic 94 – and is likewise outside the scope of the more than 150 topics included in the three 30(b)(6) notices currently at issue. Moreover, MGA was granted a protective order on May 12, 2008 for testimony on Topic 94 of the January 9, 2009 notice, which is the basis for this entire category. MGA will not provide a witness for Category 3.

Categories 5 and 6 relate to Phase One of this case and, in particular, to Carter Bryant's obligations to Mattel, and are not properly the subject of further discovery at this time. Moreover, MGA was granted a protective order on May 12, 2008 as to the remaining topics underlying Category 6 that were not otherwise admitted by Mattel to be limited to Phase I issues. MGA will not provide a witness for Categories 5 and 6.

Categories 7, 8, 9 and 11 are unnecessarily cumulative and unduly burdensome. Each of these categories seeks by way of 30(b)(6) testimony lists of information from MGA where MGA has already provided to Mattel the underlying information in discovery. For example, Mattel seeks testimony regarding all fee agreements and payments related to this action. MGA has provided lists of the fee payments relating to these agreements and provided all fee agreements, pursuant to stipulation of the parties, last week. Accordingly, outside of areas of attorney-client privilege, Mattel has already received from MGA all the information that it would obtain from a MGA witness on these subjects. Accordingly, to require MGA to provide a 30(b)(6) witness to summarize this previous testimony, or any other information provided through the discovery process, is an unnecessary burden. *McCormick-Morgan*, 134 F.R.D. at 286 (holding that there is "no reason to permit the parties . . . to pursue the kind of information through more than one discovery device."). MGA will not provide a witness for these Categories.



**ORRICK**

Michael T. Zeller, Esq.
March 21, 2010
Page 6

Category 10 seeks testimony regarding the search and seizure of documents from MGA de Mexico. Mattel has already had two different 30(b)(6) witnesses from MGA de Mexico testify as to this incident. Any information that MGA has regarding the incident is necessarily included in the testimony MGA de Mexico has already provided, multiple times. MGA will not provide a witness for this Category.

Mattel's Category 12, comprising more than twenty sub-topics, is overbroad, unduly burdensome, and not supported by the more than 150 topics previously propounded by Mattel. Mattel's sub-category 12(d) seeks testimony regarding "facts showing that the trade secrets asserted by Mattel are not trade secrets or otherwise not protectible." This topic improperly seeks a legal conclusion regarding the protectabilty of Mattel's trade secrets. *3M Co*, 2007 WL 1794936, at *2; *McCormick-Morgan, Inc.*, 134 F.R.D. at 1287. Moreover, the independent economic value of the alleged trade secrets is not the proper subject of 30(b)(6) testimony, but rather will be the subject of expert testimony. To the extent that MGA is aware of facts that show that Mattel's alleged trade secrets were not secret, it will provide a witness on this topic as set forth above. Further, for sub-category 12(e)(i)-(ii), relating to changes in MGA's inventory systems, Mattel has already deposed the person most knowledgeable at MGA on these issues, including a two-day deposition of Nicole Coleman, focused on MGA's inventory system. Finally, at least nine of these sub-categories, 12(e)(iii)-(ix)[2], are not disclosed or supported by Mattel's 30(b)(6) notices and are, therefore, objectionable. Subject to these objections, MGA will provide a witness on Mattel subcategories 12(a)-(c) as those topics relate to former Mattel employees Ron Brawer, Jorge Castilla, Nick Contreras, and Dan Cooney.

Category 15 improperly seeks an admission and legal conclusion regarding Mattel's allegation of "copying" by MGA, which is not properly the subject of 30(b)(6) testimony. *See 3M Co*, 2007 WL 1794936, at *2; *McCormick-Morgan, Inc.*, 134 F.R.D at 286. Likewise, Category 15 is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it seeks information beyond the Contested Mattel Products. MGA will not provide a witness for this Category.

Category 16 seeks information relating to MGA investigation into the issues and allegations in this complaint. This request is unduly burdensome, vague, not reasonably particular and cumulative. Further this request seeks information protected by the attorney-client privilege and the work product privilege. To the extent Mattel seeks facts relating to the claims in this litigation, it may (and has) used various discovery methods to uncover those facts. However, seeking corporate testimony regarding investigation of the allegations or issues in this lawsuit is objectionable. MGA will not provide a witness for this Category.

---

[2] This is actually 12(e)(iii)-(xi), as Mattel repeats both v and vi within subsection (e).



**ORRICK**

Michael T. Zeller, Esq.
March 21, 2010
Page 7

Mattel's Category 17 seeks testimony regarding efforts to assign or sell Bratz intellectual property, which is not relevant to any claim or defense in this action. As such, this category is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. MGA will not provide a witness for this Category.

Category 18 and, in particular Topic 5, is overbroad and unduly burdensome. Subject to this objection, MGA will provide a witness on transactions between MGA and IGWT, OMNI 808 Investors LLC, Lexington, or Vision Capital.

Category 19 is vague and ambiguous, overbroad and unduly burdensome. It fails to identify with reasonable particularity what is meant by "affiliates" and seeks testimony regarding transactions between MGA, Isaac Larian, and Mr. Larian's family members that is cumulative of deposition testimony provided by Ms. Tonnu on behalf of MGA on January 17, 2008. Subject to those objections, MGA is willing to provide a witness to update the testimony regarding transactions between MGA, Isaac Larian, and Mr. Larian's family members from January 18, 2008 to the present.

Category 20 is overbroad, unduly burdensome, and not reasonably particularized. Notably, Category 20 fails to identify any particular predicate acts for which Mattel may be seeking information and is therefore not reasonably calculated to lead to the discovery of admissible evidence. MGA will not provide a witness for this Category.

Category 21 seeks testimony regarding Bratz profits and the value of Bratz. This topic does not appear to be reasonably related to any present claim in Phase II of this action. Notably, Mattel already tried its unjust enrichment theory in Phase I of this action and there does not appear to be any legitimate basis for Mattel to pursue the same or a similar remedy in Phase II. MGA will not provide a witness for this Category.

Category 22 seeks testimony relating to Little Tikes, Zapf, Smoby, Moxie and BFC. This information is not relevant or reasonably likely to lead to the discovery of relevant information. Further, the topics are unduly burdensome and not reasonably particular. MGA will not provide a witness for this Category.

Category 23 is vague and ambiguous, overbroad, and calls for improper legal conclusion to the extent that it seeks testimony regarding "MGA's financial condition." While MGA will not provide a witness on its "financial condition," it will provide a witness on the topic of its finances (and those of MGA Canada) as reflected in its profit and loss statements and balance sheets as well as on the topic of any non-privileged facts relating to MGA's consideration of seeking bankruptcy protection from January 1, 2007 to the present, as set forth above.



ORRICK

Michael T. Zeller, Esq.
March 21, 2010
Page 8

Likewise, Category 24 is objectionable as being vague and ambiguous to the extent that "net worth" can be understood to apply to a corporation and is further objectionable inasmuch as it is more properly the subject of expert testimony. MGA will not provide a witness as to any appraisals or valuations of MGA, but as set forth above, will provide a witness on its finances as indicated above in connection with Category 23.

Category 25 and the corresponding topic 38 are inflammatory and prejudicial. The phrasing of the topic in this manner attempts to gain an admission from MGA, merely by the designation of a witness for the topic. *See 3M Co*, 2007 WL 1794936, at *2; *McCormick-Morgan, Inc.*, 134 F.R.D at 286. Further, the topic is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. MGA will not provide a witness for this Category.

Category 26, comprising 17 separate sub-categories, is overbroad and unduly burdensome. For example, topics request testimony on "the factual basis for the claims [MGA] is asserting against Mattel" and "the factual basis for [MGA's] affirmative defenses". Notwithstanding these objections, MGA has made a good faith effort to set forth reasonably particularized topics on the subject of MGA's affirmative claims for which MGA will provide a witness, as set forth above.

Category 27 seeks MGA claims of damage, injury, loss, lost opportunity, disgorgement or any other monetary relief. This topic improperly seeks a legal conclusion regarding damages theories. *3M Co*, 2007 WL 1794936, at *2; *McCormick-Morgan, Inc.*, 134 F.R.D. at 1287. Moreover, to the extent that Mattel is seeking a calculation of such damages or injury, Mattel will have the opportunity to seek this information through expert discovery and it is not properly the subject of 30(b)(6) testimony. MGA will not provide a witness for this Category..

Category 28, which seeks "the factual bases for MGA's affirmative defenses" (of which there are more than 30), is overbroad, unduly burdensome and not reasonably particular. Other than to the extent that the factual basis corresponds to the topics set forth above for Category 26, MGA will not provide a witness for this Category.

Very truly yours,

*/s/ Annette L. Hurst*

Annette L. Hurst

EXHIBIT 4

**Valerie Lozano**

| | |
|---|---|
| **From:** | Michael T Zeller |
| **Sent:** | Monday, March 22, 2010 10:47 AM |
| **To:** | 'ahurst@orrick.com'; 'tmcconville@orrick.com' |
| **Subject:** | Re: Please let us know who the 30(b)(6) designee is.  Thx. |

Yes, got letter by email after I'd sent this.

---

**From:** Hurst, Annette <ahurst@orrick.com>
**To:** Michael T Zeller; McConville, Thomas <tmcconville@orrick.com>
**Sent:** Mon Mar 22 10:39:59 2010
**Subject:** Re: Please let us know who the 30(b)(6) designee is. Thx.

I sent you a letter yesterday. Copied to scott watson. Did you not receive it?

---

**From:** Michael T Zeller <michaelzeller@quinnemanuel.com>
**To:** Hurst, Annette; McConville, Thomas
**Sent:** Sun Mar 21 18:45:23 2010
**Subject:** Re: Please let us know who the 30(b)(6) designee is. Thx.

Annette, I haven't seen anything further on this. Please let us know who the designee is. We don't agree that the order requiring that MGA produce its 30b6 this week should be modified again. Thanks.

---

**From:** Hurst, Annette <ahurst@orrick.com>
**To:** Michael T Zeller; McConville, Thomas <tmcconville@orrick.com>
**Sent:** Sat Mar 20 08:45:11 2010
**Subject:** RE: Please let us know who the 30(b)(6) designee is. Thx.

We'll hopefully have it to you today, as well as a list of the topics on which our witnesses will be testifying.  Roughly speaking, the subject matter of the categories will include finances, trade secrets and affirmative claims.

At one point you wanted to depose Ninette Pembleton.  We would also like to designate her as one of our 30b6 designees, but she is out of town next week and we will have to choose someone else.  Are you amenable to stipulating to a postponement of 1 of the 3 days so that we can designate her?

---

**From:** Michael T Zeller [mailto:michaelzeller@quinnemanuel.com]
**Sent:** Friday, March 19, 2010 10:40 PM
**To:** Hurst, Annette; McConville, Thomas
**Subject:** Re: Please let us know who the 30(b)(6) designee is. Thx.

I don't think I have received a response to this.

---

**From:** Michael T Zeller
**To:** 'Hurst, Annette' <ahurst@orrick.com>; 'McConville, Thomas' <tmcconville@orrick.com>
**Sent:** Wed Mar 17 13:15:54 2010
**Subject:** Please let us know who the 30(b)(6) designee is. Thx.

"EMF <orrick.com>" made the following annotations.
--------------------------------------------------------------------------
===========================================================

IRS Circular 230 disclosure:
To ensure compliance with requirements imposed by the IRS,
we inform you that any tax advice contained in this
communication, unless expressly stated otherwise, was not
intended or written to be used, and cannot be used, for
the purpose of (i) avoiding tax-related penalties under
the Internal Revenue Code or (ii) promoting, marketing or
recommending to another party any tax-related matter(s)
addressed herein.



===========================================================

NOTICE TO RECIPIENT:  THIS E-MAIL IS  MEANT FOR ONLY THE
INTENDED RECIPIENT OF THE TRANSMISSION, AND MAY BE A
COMMUNICATION PRIVILEGED BY LAW.  IF YOU RECEIVED THIS E-
MAIL IN ERROR, ANY REVIEW, USE, DISSEMINATION,
DISTRIBUTION, OR COPYING OF THIS E-MAIL IS STRICTLY
PROHIBITED.  PLEASE NOTIFY US IMMEDIATELY OF THE ERROR BY
RETURN E-MAIL AND PLEASE DELETE THIS MESSAGE FROM YOUR
SYSTEM. THANK YOU IN ADVANCE FOR YOUR COOPERATION.

For more information about Orrick, please visit
http://www.orrick.com/
===========================================================
===============================================================================

2

EXHIBIT 5

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor. Los Angeles, California 90017 | TEL: (213) 443-3000 FAX: (213) 443-3100

March 23, 2010

<u>BY E-MAIL</u>

Annette Hurst, Esq.                              Thomas McConville, Esq.
Orrick, Herrington & Sutcliffe LLP               Orrick, Herrington & Sutcliffe LLP
405 Howard Street                                4 Park Plaza
San Francisco, CA 94105                          Suite 1600
                                                 Irvine, CA 92614-2558

Re:    <u>Mattel v. MGA</u>

Dear Counsel:

I am writing in response to Annette Hurst's letter dated March 21 regarding the compelled MGA 30(b)(6) deposition.

As you are aware, on March 3, I sent MGA's counsel a letter that proposed a prioritization of the Topics for the deposition and that sought to give some further guidance on delineation of the Topics, although in our view the Topics were clear enough. This effort took considerable time, but we provided the proposal in the hopes of reaching an agreement on how the deposition was to proceed. MGA chose to ignore that proposal entirely. Instead, at the March 6 hearing, Mr. McConville asked Judge Carter, yet again, to limit or otherwise change the Topics, and the Court rejected MGA's request. Judge Carter ruled that the deposition would proceed for three days on Mattel's Topics and that he would the review the transcript to decide how to further proceed once the three days were completed.

Despite having lost its now repeated bids before the Court to avoid its 30(b)(6) obligations, and without even discussing the matter with us, MGA's March 21 letter simply announces on a unilateral basis that MGA again is purporting to reprioritize and recharacterize the Topics. MGA refuses to provide any witness on a significant portion of the Topics. For example, Category 4,

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, NY 10010 | TEL. (212) 849-7000 FAX (212) 849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, CA 94111 | TEL. (415) 875-6600 FAX (415) 875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, 5th Floor, Redwood Shores, CA 94065 | TEL. (650) 801-5000 FAX (650) 801-5100
CHICAGO | 250 South Wacker Drive, Suite 230, Chicago, IL 60606 | TEL. (312) 463-2961 FAX (312) 463-2962
LONDON | 16 Old Bailey, London EC4M 7EG United Kingdom | TEL. +44(0) 20 7653 2000 FAX +44(0) 20 7653 2100
TOKYO | Akasaka Twin Tower Main Bldg., 6th FL, 17-22 Akasaka 2-Chome, Minato-ku, Tokyo 107-0052 Japan | TEL +81 3 5561-1711 FAX +81 3 5561-1712

which MGA lists as No. 1 under Ron Brawer, omits four of the former Mattel employees originally listed, even though they are central to this litigation. Indeed, MGA refuses to designate any witness on the bulk of the Topics, including on Topics that have been previously compelled specifically or are virtually identical to ones that MGA compelled Mattel on. This eleventh-hour tactic is inconsistent with the Court's rulings and improper. We expect MGA to produce a prepared witness on the noticed Topics.

Mattel also has previously informed MGA that it was not agreeable to further delay of this deposition. Relatedly, MGA is in violation of the parties' agreement and the Court's directive that designees must be identified at least three business days in advance. In particular, MGA still has not identified who its designee will be on financial matters but rather merely says it will be one of two people. Please identify MGA's designee immediately.

I look forward to hearing from you.

Very truly yours,

Michael T. Zeller

07975/3347398.1

EXHIBIT 6



**ORRICK**

ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 MARSH ROAD
MENLO PARK, CALIFORNIA 94025

*tel* +1-650-614-7400
*fax* +1-650-614-7401
WWW.ORRICK.COM

March 23, 2010

Denise M. Mingrone
(650) 614-7682
dmingrone@orrick.com

*BY VIA EMAIL*

Michael Zeller, Esq.
Quinn Emanuel Urquhart & Sullivan, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017

Re:     MGA Entertainment, Inc. v. Mattel, Inc.

Dear Mike:

We are writing to confirm that the 30(b)(6) deposition of MGA will begin tomorrow in Los Angeles at Quinn Emanuel's office at 11 am. MGA's designee for deposition tomorrow, Mr. Brawer, has a conflict and cannot appear for deposition until 11 am, but he has agreed to stay late so that Mattel may have a full seven hours of testimony from him on his designated topics. Also, in addition to those topics identified in Ms. Hurst's March 21, 2010 letter to Mr. Zeller, Mr. Brawer will also be testifying as MGA's 30(b)(6) designee on the topic of Mattel's employment practices and employment agreements as it relates to MGA's unfair competition claim.

Please let us know if you have any questions.

Very truly yours,

*Denise M. Mingrone*

Denise M. Mingrone

cc:     William A. Molinski
        Scott L. Watson

OHS West:260882002.1

EXHIBIT 7



**ORRICK**

ORRICK, HERRINGTON & SUTCLIFFE LLP
THE ORRICK BUILDING
405 HOWARD STREET
SAN FRANCISCO, CALIFORNIA 94105-2669

*tel* +1-415-773-5700
*fax* +1-415-773-5759

WWW.ORRICK.COM

March 24, 2010

Annette L. Hurst
(415) 773-4585
ahurst@orrick.com

*VIA EMAIL AND U.S. MAIL*

Michael T. Zeller, Esq.
Quinn Emanuel
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017

Re:   <u>MGA v. Mattel - Scope of Trade Dress</u>

Mike:

This will provide further information regarding our 30b6 witnesses testifying today through Friday.

First, as I believe Bill Molinski has already informed you, we have moved the topic of MGA's efforts to protect its confidential information to Sam Khare, who will be testifying tomorrow starting at 9 a.m.. As you did not respond to my proposal to postpone this particular deposition so that Ms. Pembleton could be the witness, Mr. Khare will be the witness on the affirmative-claims-related topics set forth in my prior letter.

Second, you previously asked me to send a writing with respect to the trade dress MGA is asserting. As Mr. Larian testified at his deposition, MGA is not pursuing any claim associated with the "Little Mommy" line of products. MGA also will not pursue a claim of trade dress infringement against the Acceleracers car. In light of the Phase 1 findings and equitable orders by the Court, MGA does not see any means whereby it can presently assert or enforce a claim of trade dress based on the Bratz dolls (a position which I believe Mattel has also taken). MGA's 30b6 witness therefore will offer factual testimony supporting trade dress claims on trapezoidal packaging and 4Ever Best Friends.

Third, we have split the financial topics between Mr. Woolard and Mr. Schultz. Mr. Woolard will testify as to MGA's knowledge regarding the Omni/IGWT transactions and regarding any nonprivileged information concerning consideration of bankruptcy. Mr. Schultz will testify regarding all of the remaining financial topics identified in my prior letter.

Very truly yours,

/s/ *Annette L. Hurst*

Annette L. Hurst