1  MELINDA HAAG (State Bar No. 132612)
   mhaag@orrick.com
2  ANNETTE L. HURST (State Bar No. 148738)
   ahurst@orrick.com
3  WARRINGTON S. PARKER III (State Bar No. 148003)
   wparker@orrick.com
4  ORRICK, HERRINGTON & SUTCLIFFE LLP
   The Orrick Building
5  405 Howard Street
   San Francisco, CA 94105
6  Telephone:  415-773-5700
   Facsimile:   415-773-5759
7
   WILLIAM A. MOLINSKI (State Bar No. 145186)
8  wmolinski@orrick.com
   ORRICK, HERRINGTON & SUTCLIFFE LLP
9  777 South Figueroa Street, Suite 3200
   Los Angeles, CA  90017
10 Telephone:  213-629-2020
   Facsimile:   213-612-2499
11
   THOMAS S. MCCONVILLE (State Bar No. 155905)
12 tmcconville@orrick.com
   ORRICK, HERRINGTON & SUTCLIFFE LLP
13 4 Park Plaza, Suite 1600
   Irvine, CA 92614-2258
14 Tel: (949) 567-6700/Fax: (949) 567-6710

15 Attorneys for MGA Parties

16             UNITED STATES DISTRICT COURT

17             CENTRAL DISTRICT OF CALIFORNIA

18                  SOUTHERN DIVISION

| | |
|---|---|
| 19  CARTER BRYANT, an individual | Case No. CV 04-9049 DOC (RNBx) |
| 20             Plaintiff, | Consolidated with Case No. CV 04-9059 Case No. CV 05-2727 |
| 21        v. | Hon. David O. Carter |
| 22  MATTEL, INC., a Delaware corporation, | **MGA PARTIES' OPPOSITION TO MATTEL, INC.'S MOTION FOR PROTECTIVE ORDER FROM THE** |
| 23 | **MGA PARTIES' NOTICE OF DEPOSITION OF MATTEL, INC.** |
| 24             Defendant. | **(THIRD PHASE 2 NOTICE); AND MGA'S CROSS-MOTION TO** |
| 25  AND CONSOLIDATED ACTIONS | **COMPEL TESTIMONY OF MATTEL 30(B)(6)** |
| 26  **CONFIDENTIAL—ATTORNEYS' EYES ONLY—FILED UNDER** | Date: TBD Time: TBD |
| 27  **SEAL PURSUANT TO PROTECTIVE ORDER** | Courtroom:  9D |
| 28 | **Phase 2** |

# TABLE OF CONTENTS

**Page(s)**

INTRODUCTION ...................................................................................................1

STATEMENT OF FACTS ......................................................................................2

    A.    Mattel Files Its Fourth Amended Answer and Counterclaims And MGA Serves Its Deposition Notice.........................................2

    B.    The Claims and Defenses at Issue Are Sweeping..............................2

ARGUMENT ..........................................................................................................4

I.    MATTEL'S ONLY OBJECTION TO TOPIC NOS. 1-3 AND 19-21 IS MERITLESS BECAUSE THEY DO NOT SEEK DUPLICATIVE TESTIMONY ........................................................5

    A.    Topics 1 & 2 (Motion Section II at 3-4) ...........................................6

    B.    Topic 3 (Motion Section II at 4) ......................................................7

    C.    Topics 19-20 (Motion Section II at 4-5) ...........................................8

    D.    Topics 21 (Motion Section II at 4-5) ................................................9

II.    MATTEL'S SOLE RELEVANCE OBJECTION TO TOPIC NOS. 6-7, 17, 22, 24 AND 26 IS MERITLESS ...........................................10

    A.    Topics 6-7 (Motion Section V at 11) ..............................................10

    B.    Topic 17 (Motion Section V at 11-12) ...........................................11

    C.    Topic 22 (Motion Section V at 12) ................................................11

    D.    Topic 24 (Motion Section V at 12) ................................................11

    E.    Topic 26 (Motion Section V at 12) ................................................12

III.    MATTEL'S ONLY OBJECTION TO TOPIC NOS. 4-5 AND 18 IS MERITLESS BECAUSE THE TOPICS ARE NOT OPPRESSIVE OR UNDULY BURDENSOME.........................................................12

    A.    Topics 4-5 (Motion Section III at 9) ..............................................12

    B.    Topic 18 (Motion Section III at 6-7)...............................................12

IV.    MATTEL RAISES MULTIPLE OBJECTIONS TO THE REMAINING TOPICS, ALL OF WHICH ARE ALSO MERITLESS .......13

    A.    Topics 8-10 (Motion Sections III at 9; IV at 10-11; VI at 13, as to Topics 8 and 10 only).........................................................13

    B.    Topic 11 (Motion Sections III at 8; V at 13).................................15

    C.    Topics 12-15, 23 and 27 (Motion Sections III at 7-9; V at 12-13; VI at 13, as to Topic 13 only) ............................................16

    D.    Topic 16 (Motion Sections III at 9; IV at 10) ................................18

    E.    Topic 25 (Motion Sections II at 5-6; III at 7) ................................19

CONCLUSION.......................................................................................................19

1

## TABLE OF AUTHORITIES

2

**Page(s)**

3

## FEDERAL CASES

4

*Blankenship* v. *Hearst Corp.*,
    519 F.2d 418 (9th Cir. 1975) ...................................................................4

5

*Medlin* v. *Andrew*,
    113 F.R.D. 650 (M.D.N.C. 1987) ..............................................................4

6

7

*Salter* v. *Upjohn Co.*,
    593 F.2d 649 (5th Cir. 1979) ....................................................................4

8

*Tri-State Hosp. Supply Corp.* v. *U.S.*,
    226 F.R.D. 118 (D.D.C. 2005) ..................................................................5

9

10

## STATE CASES

11

*Foreclosure Mgmt. Co.* v. *Asset Mgmt. Holdings, LLC*,
    2008 WL 3895474 (D. Kan. Aug. 21, 2008) ..............................................5

12

*Mitchell Eng'g* v. *San Francisco*,
    2010 WL 455290 (N.D. Cal. Feb. 2, 2010) ...............................................5

13

14

## FEDERAL STATUTES

15

Fed. R. Civ. P. 30(b)(6) .................................................................14, 16

16

17

18

19

20

21

22

23

24

25

26

27

28

MGA'S OPPOSITION TO MATTEL'S MOTION FOR
PROTECTIVE ORDER RE 30(B)(6) DEPOSITION NOTICE
CV-04-9049 DOC (RNBx)

## NOTICE OF CROSS-MOTION AND CROSS-MOTION

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that at a time and date set by the Court, in the Courtroom of the Honorable David O. Carter, located at 411 West Fourth Street, Room 1053, Santa Ana, California 92701, the MGA Parties will, and hereby do, cross-move pursuant to Rule 37 for an order compelling Mattel to produce a 30(b)(6) witness on twenty-seven (27) topics in MGA's Notice of Deposition of Mattel, Inc.

This Motion is made on the grounds that Mattel has refused to produce a 30(b)(6) witness on these topics noticed by MGA and Mattel's refusal essentially forecloses MGA from getting any testimony on critical documents pertinent to current claims and MGA's defenses thereto.  MGA's notice primarily concerns a number of specific, key documents, most of which were produced in the last few months and in light of Mattel's recently filed Fourth Amended Answer and Counterclaims, Mattel's refusal to produce a 30(b)(6) witness seriously prejudices MGA's preparation of its case and its defenses to Mattel's counterclaims.

This Cross-Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Declaration of L. Kieran Kieckhefer, all matters cited to herein and all other matters of which the Court may take judicial notice.

### Statement of Compliance

This motion is made following the notification of counsel pursuant to L.R. 7-3.  Mattel sent a written blanket refusal to appear on any topic, and then stated that it would condition any discussion of an appearance only on an agreement to adjourn its obligation to move for protective order.  The motion then reiterated Mattel's refusal to produce a witness on any of the topics.  Under such circumstances, it is apparent that further meet and confer would be futile.

1

2          Respectfully submitted,

3

4    Dated: May 21, 2010              ORRICK, HERRINGTON & SUTCLIFFE LLP

5

6                                     By: _____

7                                             Mark P. Wine
                                          Attorneys for MGA Parties
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

REPLY IN SUPPORT OF MTN. FOR RECONSIDERATION OF
ORDER NO. 42
CV-04-9049 SGL (RNBx)

## INTRODUCTION

Mattel seeks a blanket protective order with respect to *all* of the twenty-seven (27) topics in MGA's Notice of Deposition of Mattel, Inc. ("Third Phase 2 Notice"), and thereby refuses to produce a witness on any of them.  The Third Phase 2 Notice primarily concerns a number of specific, key documents—most of which were produced in the last few months.  In light of Mattel's recently filed Fourth Amended Answer And Counterclaims ("FAAC") and its tactic of dribbling out documents years after they were first requested (and often after the depositions of people with knowledge), Mattel's refusal to produce a 30(b)(6) witness on these topics essentially forecloses MGA from an opportunity to get *any* testimony—let alone testimony binding on the corporation—on critical documents pertinent to Mattel's current claims and MGA's defenses thereto.

Mattel's current claims and alleged damages in this case are expansive, and render its arguments in support of a protective order frivolous.  Mattel argues that testimony sought regarding its FAAC claims and defenses *is duplicative of testimony elicited years ago*.  Mattel argues that it is unduly burdensome and oppressive to prepare a witness *on its very own documents*.  Mattel argues that it should not have to produce a witness about its own acquisition and use of competitors' confidential and non-public information while asserting that *the very same type of Mattel information is a trade secret that was misappropriated by MGA*.  These arguments simply do not justify Mattel's refusal to produce a witness.

By filing amended pleadings, by supplementing its interrogatory responses, and by producing documents years after they were first requested, Mattel cannot now avoid production of a witness on these topics.  Accordingly, MGA respectfully requests that Mattel's Motion for Protective Order From The MGA Parties' Notice of Deposition of Mattel, Inc. ("Motion") be denied and that Mattel be ordered to produce a witness on all 27 topics forthwith.

MGA's Opposition to Mattel's Motion for
Protective Order re 30(b)(6) Deposition Notice
CV-04-9049 DOC (RNBx)

## STATEMENT OF FACTS

**A.** **Mattel Files Its Fourth Amended Answer and Counterclaims And MGA Serves Its Deposition Notice**

On April 12, 2010, Mattel filed Mattel, Inc.'s Fourth Amended Answer In Case No. 05-2727 And Counterclaims ("FAAC"), which number seventeen (17) in total. In April 27, 2010, MGA served its Third Phase 2 Notice. Dkt. # 7858 at 36. One business day before the noticed date of the deposition, Mattel asserted a refusal to appear with respect to any of the topics. MGA indicated its willingness to be flexible as to dates. Mattel refused to offer any witness at all, and did not proceed with the deposition, instead filing this Motion.

**B.** **The Claims and Defenses at Issue Are Sweeping**

The claims and defenses in Phase 2 are sweeping.



---

[1] Dkt. # 7734 at 24-27 (Supp. Response to Interrogatory No. 6).
[2]

*Id.* Ex. 1 at 7-8 (Supp. Response to Interrogatory No. 6); Ex. 4 at 24-25 (Eckert Depo.). As of result of Mattel's claimed lost opportunity, this Court has already ruled that MGA may pursue "almost unrestricted discovery into Mattel's product development and marketing approach throughout the 1990s: the segment of consumers targeted by Mattel and the product image inculcated by Mattel, as well as Mattel's prior willingness to put forth products that required deviations from established approaches, are directly relevant to the claims at issue." Dkt. # 7708 at 3.

MGA'S OPPOSITION TO MATTEL'S MOTION FOR
PROTECTIVE ORDER RE 30(B)(6) DEPOSITION NOTICE
CV-04-9049 DOC (RNBx)

1

2

3

4     Mattel's trade secret claims concern in substantial part its allegations that

5   former employees took from Mattel information and documents concerning

6   Mattel's prices and unreleased products.  Many of the documents attached to the

7   Phase 2 Notice upon which testimony is requested directly concern Mattel's own

8   conduct in obtaining such information about competitors, and concomitantly

9   MGA's defense of these allegations.  *See, e.g.,* Topics 11 and 23.

10     MGA also has asserted unclean hands as an affirmative defense to Mattel's

11   far-reaching claims.  Dkt. # 5798 at 21-23.  Among the Mattel acts that give rise to

12   this defense are Mattel's efforts to undermine MGA's business and to "kill" Bratz

13   at any cost; Mattel's efforts to fund or commission market research or studies that

14   portray Bratz or MGA products negatively; Mattel's monitoring, "spying on," or

15   gaining knowledge of MGA's trade secrets, non-public information, non-public

16   activities, unreleased products, and product development; Mattel's gaining access,

17   or attempts to gain access, to MGA showrooms, Plan-o-Grams, merchandising

18   displays or Toy Fair displays on false pretenses; and Mattel's falsely inflating its

19   Barbie sales figures in an effort to mislead the public and retailers.  *Id.*

20     In addition to its defenses, MGA has pending affirmative claims against

21   Mattel, including trade dress infringement claims with respect to its trapezoidal

22   packaging and 4-Ever Best Friends products,[5] as well as an unfair competition

23   claim.  *See* Dkt # 1, C.D. Cal. Case No. 2:05-cv-02727-SGL-RNB ("MGA's

24   Complaint").

25

26

27   [4] *See* Dkt. # 7734 Ex. 1 (10/9/09 Mattel's Corrected Supplemental Responses to MGA's First Set of Phase 2 Interrogatories) at 3-4 (Supp. Response to Interrogatory No. 3).

28   [5] *See, e.g.,* Kieckhefer Decl. Ex. 1 (March 24, 2010 Letter from Hurst to Zeller).

1    The topics in the Notice all seek discoverable information relating to these

2    various claims and defenses.

3    **ARGUMENT**

4    Protective orders prohibiting depositions are rarely granted. <u>Salter v. Upjohn</u>

5    <u>Co.</u>, 593 F.2d 649, 651 (5th Cir. 1979). Generally, a party seeking a protective

6    order has a "heavy burden" to show why discovery should be denied and a strong

7    showing is required before a party will be denied the right to take a deposition.

8    <u>Blankenship v. Hearst Corp.</u>, 519 F.2d 418, 429 (9th Cir. 1975). In some circuits,

9    the standard is "extraordinary circumstances," whereby the movant must show a

10   particular and compelling need for such an order. <u>Salter</u>, 593 F.2d at 651.

11   Conclusory assertions of injury are insufficient. <u>Medlin v. Andrew</u>, 113 F.R.D.

12   650, 653 (M.D.N.C. 1987).

13   Mattel has not met this "heavy burden" to show why discovery should be

14   denied. Mattel's objections consist of generalized statements that MGA's notice

15   "duplicate(s) discovery already sought and obtained by MGA," is oppressive and

16   unduly burdensome, is not reasonably particularized and overbroad, and is

17   irrelevant. As established below, each topic of requested information is tailored to

18   elicit testimony on specific, non-duplicative, reasonable, and relevant categories of

19   information.

20   Further, Mattel is large corporation with over 30,000 employees. Not only

21   do many individuals claim not to have personal knowledge of corporate events that

22   did not directly involve them or that occurred years in the past, but many of the

23   individuals who would have had personal knowledge have since left the company.

24   Steve Totzke, for example, was deposed at length about exhibits 7790 and 7795,

25   *see* Kieckhefer Decl. Exs. 17 & 18, ████████████████████████████

26   ████████████████████████████████████████████████

27   ████████████████████████████████████████████████

28   ████████████████████████████████████████████████

1 ███████████████████████████████████████████████

2 ██████████████ Accordingly, for many of these topics, a 30(b)6 witness is MGA's

3 only effective way of obtaining this relevant and critical information.

4     MGA has, to date, elicited only 140 hours of 30(b)6 deposition testimony

5 from Mattel. This 140 hours pales in comparison to the 244 hours of 30(b)6

6 deposition testimony that Mattel has elicited from MGA. *See* Kieckhefer Decl. ¶

7 20. While MGA by no means requests purely reciprocal discovery, MGA notes the

8 remarkable disparity in 30(b)6 testimony for the respective parties. Mattel's

9 complete failure to meet its "heavy burden" of proof for why discovery should be

10 denied coupled with the gross disparity in respective amounts of deposition

11 testimony makes clear that Mattel's motion for a protective order should be denied

12 in its entirety.

13 **I.    MATTEL'S ONLY OBJECTION TO TOPIC NOS. 1-3 AND 19-21 IS**
**MERITLESS BECAUSE THEY DO NOT SEEK DUPLICATIVE**
14 **TESTIMONY.**

15     With respect to Topic Nos. 1-3 and 19-21, Mattel's only objection is based

16 on its argument that the topics seek duplicative testimony.[6] Notably, in moving to

17 compel a 30(b)(6) witness from MGA, Mattel took the contrary position, including

18 a whole footnote of cases in support of its argument that Mattel should be permitted

19 a 30(b)(6) witness on the topics in its notice, even though MGA had already

20 provided other discovery on the categories in question.[7] Nevertheless, Mattel has

---

21 [6] While Mattel skips around in its motion, often addressing the same topic on
22 multiple pages, MGA addresses each topic, and all of Mattel's objections thereto, only once in its opposition. Thus, MGA first addresses the topics as to which
23 Mattel has raised only one objection, and later addresses the topics as to which Mattel has raised more than one objection. *See* Section IV, *infra*.
24 [7] Dkt. #7786 at fn. 37 (citing Mitchell Eng'g v. San Francisco, 2010 WL 455290, at *1 (N.D. Cal. Feb. 2, 2010) ("Even if the general topics to be addressed at the
25 30(b)(6) deposition will overlap to some extent, the questions asked and the answers given might not."); Tri-State Hosp. Supply Corp. v. U.S., 226 F.R.D. 118,
26 125-26 (D.D.C. 2005) (same). Nor does it matter if the prior witness was a 30(b)(6) witness. Foreclosure Mgmt. Co. v. Asset Mgmt. Holdings, LLC, 2008
27 WL 3895474, at *6 (D. Kan. Aug. 21, 2008) (rejecting argument that 30(b)(6) testimony was cumulative of previous 30(b)(6) testimony because [a]lthough some
28 questions were asked" of that 30(b)(6), "minimal information was provided in response and noting that it was not "unduly burdensome" to provide "additional

1    not, in fact, provided duplicative testimony with respect to these topics and its

2    objection is therefore meritless.

3        **A.**    <u>**Topics 1 & 2 (Motion Section II at 3-4)**</u>

4        These topics concern Mattel's agreements with its employees, specifically the

5    meaning of the terms of the agreements between Carter Bryant and Mattel, and

6    each form of agreement in use by Mattel governing ownership of inventions and the

7    use and protection of Mattel confidential information.  The topics are relevant to

8    Mattel's claim of trade secret misappropriation as well as its RICO claim, which

9    claims Criminal Copyright Infringement as a predicate act.  Mattel's only objection

10   to these topics is that the testimony sought would be duplicative of the testimony of

11   Ms. Freed given in May 2007.  This is incorrect.

12       Ms. Freed was deposed for less than three hours more than three years ago.

13   At the time of Ms. Freed's testimony in May 2007, only Mattel's initial Amended

14   Answer and Counterclaims (Dkt. #143) was pending—a pleading that Mattel has

15   amended multiple times since.  Mattel's theories about how it has been injured by

16   the allegations in its amended pleadings have been supplemented its interrogatory

17   responses since Ms. Freed's deposition.  Mattel's conclusory statements that

18   "[t]here have been no intervening new facts to justify a second examination on this

19   Topic" and "[t]here are no new facts on this Topic" ring hollow in light of the fact

20   that Mattel itself has repeatedly put different facts at issue in its pleadings since Ms.

21   Freed's deposition.  For example, at the time of Ms. Freed's deposition, Mattel's

22   counterclaims implicated only Machado, Trueba, Vargas, and Brisbois by name in

23   the misappropriation of trade secrets claim, whereas now they also implicate

24   Castilla, Cooney, Contreras and Brawer by name.  *Cf.* Dkt. # 143 ¶107 *with* FAAC

25   ¶134.  Further, the FAAC now alleges that "Moxie" is trade secret information,

26   whereas Mattel's prior pleadings did not.  *Id.*  Additionally, Mattel continues to

27   assert (including in oppositions to MGA's motion to dismiss the RICO claims) that

28   testimony" on the topic)).

1   the parties will re-litigate the copyright infringement issues in Phase 2 as part of the

2   RICO predicate acts.

3       Additionally, the topics now are not the same as they were when Ms. Freed

4   testified.  Topic 1 seeks testimony concerning Mattel's understanding of the

5   meaning of the terms of agreements between Carter Bryant and Mattel.  None of the

6   topics on which Ms. Freed was designated go to the "meaning of the terms."

7   Kieckhefer Decl. Ex. 2 (Exhibit 385, Topics 1, 49, 50, 51).  Topic 2 seeks

8   testimony with respect to "each form of agreement in use by Mattel" that governs

9   ownership of works of authorship or invention and the use and protection of Mattel

10  confidential information.  While Ms. Freed was designated on the specific three

11  named agreements by Mattel in its brief (Motion at 4), this topic focuses on

12  Mattel's overall customs and practices, not just three specific agreements with a

13  particular employee.

14      Mattel also mischaracterizes a 2007 order from prior Discovery Master

15  Infante, which dealt with Mattel's effort to elicit testimony on "Test Projects" for

16  MGA since 1995.  In that situation, MGA argued that the witness would have to

17  testify with respect to "how it proceeded with hiring virtually every single

18  employee hired since 1995."  Dkt. # 1013 at 10.  In stark contrast, here MGA seeks

19  information concerning only each form of agreement used by Mattel—in other

20  words, documents that were approved for widespread use and that by definition do

21  *not* require inquiry into the circumstances of each particular employee's situation.

22  **B.    Topic 3 (Motion Section II at 4)**

23      Topic 3 seeks testimony regarding practices and procedures other than

24  employee agreements that were used by Mattel to limit the disclosure of

25  confidential information, or that concerned the ownership or assignment of original

26  works.  For example, with respect to the former an example would be the use of

27  physical security, encrypting documents, using passwords, limiting copying or

28  distribution, and the like; with respect to the latter, examples would be the use of

MGA's Opposition to Mattel's Motion for
Protective Order re 30(b)(6) Deposition Notice
CV-04-9049 DOC (RNBx)

specified invention disclosure forms, the use of specified materials such as notebooks for recording work, or the use of specified repositories with the ability to track such types of work.

Mattel objects that this request seeks testimony duplicative both of the testimony of Lisa Freed and of Keith Storie.  With respect to Ms. Freed, she provided no such testimony and the topics are different.  With respect to Mr. Storie, Mattel does not cite to a particular deposition topic or to any particular testimony, instead citing to six volumes of testimony in support of its conclusory claim that the topics and testimony would be duplicative.  In fact, a review of the topics on which Mr. Storie was designated clearly shows that Topic 3 seeks testimony outside the scope of any prior topic.  Mr. Storie was designated on multiple topics from MGA's Second Phase 2 Notice, including: topics 1-4, but only as they pertain to Mr. Castilla; topics 5-9, all of which pertain only to Mattel Trade Secrets identified in Mattel's Third Amended Answer and Counterclaims; topics 10-11, which relate to Mattel's efforts to designate confidential information and to inform employees as to confidential information; topic 13, which relates to harm; and topics 14-19, which relate to Mattel subsidiaries.  Kieckhefer Decl. Ex. 3 (Exhibit 7262).  None of these are duplicative of the instant topic.

## C.    Topics 19-20 (Motion Section II at 4-5)

Topics 19 and 20 relate to harm that Mattel claims it suffered as a result of MGA Parties' alleged misconduct.  Mattel's response to these is that it put up a witness on harm suffered from alleged misappropriation of trade secrets (Mr. Storie) and on Mattel products that Mattel claims have been impacted by Bratz (Mr. Kerner).

Mr. Kerner testified in deposition in June 2008, during the Phase 1 trial.  The pleadings have changed materially since that time.  Moreover, at the time he was deposed originally, Mattel had served only objections and no substantive response to MGA's interrogatories regarding Mattel's claims of harm, and had not produced

1    any of the hundreds of thousands of pages of documents that it has produced

2    recently in response to MGA's motions to compel that directly bear on this issue—

3    including all of the Board minutes and Board presentations in which Mattel

4    discusses the various reasons for its performance.  Mattel did not provide a

5    substantive interrogatory response on this issue until October 2009, at which time it

6    cited to hundreds of pages of documents, each of which listed many Mattel

7    "harmed" products.  Dkt. # 7734 Ex. 1 at 10, 12 (Mattel's Corr. Supp. Objections

8    and Responses to MGA Entertainment, Inc.'s First Set of Phase 2 Interrogatories).

9    ████████████████████████████████████████

10   ████████████████████████████████████████

11   ████████████████████████  Mattel's claim that the testimony sought through these

12   requests would be duplicative of Mr. Kerner's 2008 testimony is ridiculous.

13         With respect to Mr. Storie, he was designated to testify only as to harm

14   claimed by Mattel to have resulted from the alleged misappropriation of trade

15   secrets by the MGA Parties.  Kieckhefer Decl. Ex. 3 (Exhibit 7262, Topic 13).

16   Misappropriation of trade secrets is only one of many counterclaims brought by

17   Mattel against MGA Parties.  Mr. Storie was not designated to testify, nor did he

18   testify, about Mattel's alleged harm in connection with its RICO, fraudulent

19   transfer, constructive trust, or prohibited distribution counterclaims.  Unless and

20   until Mattel limits the claims in connection with which it is seeking damages, MGA

21   is entitled to discovery regarding the harm Mattel claims to have suffered from all

22   claims.

23         **D.    Topics 21 (Motion Section II at 4-5)**

24         This topic seeks a witness with knowledge about the forensic analyses Mattel

25   conducted with respect to the computer hard drives of various former employees.

26   [8] ████████████████████████████████

27   ████████████████████████████████████

28   ████████████████████████████████████

1   Mattel claims this is duplicative of the testimony of Jaime Elias. It is not. Jaime

2   Elias works in Mattel's investigative department, and though he uses the results of

3   forensic analyses in his work, he does not perform forensic analyses, he was not

4   designated on any topics specific to the forensic analyses, nor was he deposed about

5   the analyses (other than some conclusory statements about the timing and results of

6   any analyses). For example, with respect to one of the individuals alleged to have

7   taken trade secrets, Ron Brawer, Mr. Elias testified that he did not even know if a

8   forensic image was made. Kieckhefer Decl. Ex. 4 (Elias depo, 271:25-272:2).

9   Mattel's sole objection to this topic based on duplication with respect to Mr. Elias's

10   testimony is unfounded.

11   **II.    MATTEL'S SOLE RELEVANCE OBJECTION TO TOPIC NOS. 6-7,
            17, 22, 24 AND 26 IS MERITLESS.**
12

13          Mattel objects to these topics only to the extent that they purportedly seek

14   irrelevant information, yet they are clearly related to the claim and defenses at

15   issue.

16          **A.    <u>Topics 6-7 (Motion Section V at 11)</u>**

17          These requests relate to Mattel's Barbie Fashion Fever product (previously

18   called Fashion 4), particularly with respect to competitive information regarding

19   MGA's Tokyo-a-Go-Go or Flashback Fever product lines. Mattel claims injury

20   with respect to its entire line of Barbie products from 2001 to the present, which

21   would include Fashion Fever.

22

23

24

25                                            Mattel's own conduct with respect to the same types of

26   unreleased product information is directly relevant to its trade secret

27   misappropriation claims against MGA—including particularly the determination

28   whether such information really is a trade secret or not, or whether it was routine in

                                            - 10 -

the industry for competitors to spy on one another's products.  It is also relevant to MGA's unclean hands defenses.

████████████████████████████████

**B.**    **Topic 17 (Motion Section V at 11-12)**

This topic, which seeks the "facts Mattel intends to introduce at trial to show it would have chosen to market Bratz…" is directly related to Mattel's allegation that it has suffered harm because it lost the opportunity to exploit Bratz, on which the Court has already ruled MGA is entitled to broad discovery.[9]  Mattel's argument that this is no longer at issue directly contradicts its damages claim based on lost opportunity.

**C.**    **Topic 22 (Motion Section V at 12)**

This topic seeks testimony about the copyright applications that are listed in Mattel's complaint as subject to its Criminal Copyright Infringement predicate act in connection with its RICO claim in the FAAC.  Dkt. # 7714 at ¶¶ 124(f), 144.  Mattel's objection that this seeks only information about "Mattel's post-Injunction plans for Bratz" completely misses the mark and should be rejected.  In fact it does not seek testimony regarding that topic at all.

**D.**    **Topic 24 (Motion Section V at 12)**

This topic seeks information regarding products that Mattel has sold in trapezoidal packaging.  This is clearly relevant to MGA's claimed trade dress rights in trapezoidal packaging and Mattel's infringement thereof.[10]  Other products that Mattel has sold in a trapezoid would be relevant to MGA's claim, or possibly to Mattel's defense to that claim.

///

///

---

[9] Dkt. # 7734 Ex. 1 at 7-8 (Supp. Response to Interrogatory No. 6); Ex. 4  at 24-25 (Eckert Depo.).
[10] *See, e.g.*, Kieckhefer Decl. Ex. 1 (March 24, 2010 Letter from Hurst to Zeller).

E.     **Topic 26 (Motion Section V at 12)**

III.   **MATTEL'S ONLY OBJECTION TO TOPIC NOS. 4-5 AND 18 IS MERITLESS BECAUSE THE TOPICS ARE NOT OPPRESSIVE OR UNDULY BURDENSOME.**

A.     **Topics 4-5 (Motion Section III at 9)**

MGA has accused Mattel's Wee 3 Friends product line of infringing MGA's trade dress in its 4-Ever Best Friends product line.  Contrary to Mattel's assertion that the topics seek "every conceivable piece of information related to Mattel's 'Wee 3 Friends' products," the requests only seek the very type of information that is tends to support or undermine MGA's trade dress claim.  The topics seek relevant, discoverable information, and Mattel has made no showing of any burden that would be required to prepare a witness to testify, let alone a burden that would outweigh their clear relevance.

B.     **Topic 18 (Motion Section III at 6-7)[11]**

Topic 18 seeks consumer research conducted by Mattel concerning or including MGA products.  Mattel alleges lost profits and lost market share with respect to hundreds of product lines as injury in this case.  Mattel also alleges a lost opportunity to exploit Bratz.  As detailed *infra* in the discussion of particular

---

[11] Though Mattel lists Topic 18 in the heading for Section IV as not reasonably particularized and overbroad, this is apparently a typo because Mattel did not include Topic 18 in its discussion under that section heading.

documents (Sections IV.B and C),



## IV.   MATTEL RAISES MULTIPLE OBJECTIONS TO THE REMAINING TOPICS, ALL OF WHICH ARE ALSO MERITLESS.

### A.   Topics 8-10 (Motion Sections III at 9; IV at 10-11; VI at 13, as to Topics 8 and 10 only)

Each of these topics relates to the defense of Mattel's allegations, or to specific allegations in MGA's complaint and unclean hands defense (*see* MGA's Complaint at ¶¶ 76, 77; Dkt # 5798 at 21-22).  Mattel has made no showing of undue burden or oppression that could outweigh its likely benefit in light of the clear relevance to the issues.

Topic 8 seeks testimony about Mattel's receipt of non-public and/or confidential information about competitors, including information about products, pricing, product development, advertising plans, marketing plans or research, actual or estimated product costs or sales, and access by anyone at Mattel to showrooms of competitors during Toy Fair.  Such information is precisely the type of information that Mattel alleges to be trade secret in its trade secret misappropriation counterclaim against MGA.  Mattel's receipt of such information from its competitors is highly relevant to show whether or not such information is, in fact, trade secret.  Furthermore, this information is relevant to MGA's unclean hands defense, which alleges that Mattel gained knowledge of MGA's trade secrets, non-public information, non-public activities, unreleased products, and product development and that Mattel attempted to gain access to MGA showrooms, Plan-o-Grams, merchandising displays or Toy Fair displays under false pretenses.  The

1   necessity of this information to MGA's ability to present its claims and defenses

2   outweighs any possible burden on Mattel.

3        Topic 9 is limited to communications between Mattel and its licensees and/or

4   potential licensees *regarding potential or actual licenses with MGA*.  It does not

5   cover all communications regarding MGA, as Mattel characterizes the request in

6   connection with its objection.  To the extent Mattel is talking with licensees about

7   their licensing practices with respect to MGA, such information is directly relevant

8   to MGA's claim that Mattel has warned companies not to license MGA products, or

9   to risk retribution.  MGA's Complaint, ¶ 76.

10

11

12

13

14

15                                                        MGA is entitled to discover

16   the rest of such highly relevant communications.

17        Topic 10 seeks information concerning Mattel's efforts to reduce shelf and

18   display space for Bratz, to specify the location of Bratz, or to alter the placement of

19   Bratz.  MGA's complaint alleges that Mattel has engaged in such actions.  MGA's

20   Complaint, ¶ 77.  Mattel's objections to Topic 10 ignore Rule 30, which requires

21   that a 30(b)(6) designee testify "about information known or reasonably available to

22   the organization."  Fed. R. Civ. P. 30(b)(6).

23

24

25

26

27                                            Moreover, sending out an e-mail to all of

28   the necessary people to investigate information simply is not burdensome.  The fact

1   that Mattel is a big company engaging in bad acts does not excuse it from coughing

2   up all of the evidence about those bad acts.  To the extent Mattel knows or is

3   reasonably aware of responsive information, Mattel must produce a witness on the

4   topic.

5       **B.     Topic 11 (Motion Sections III at 8; V at 13)**

6           This topic seeks discovery concerning Mattel's acquisition of MGA's

7   confidential and proprietary information, as reflected in specified documents.

8   MGA also believes ███████████████████ that these documents were

9   reflective of wider practices in which Mattel engaged of using false credentials to

10   gain access to MGA's showrooms to learn information about unreleased products.

11  Mattel has accused MGA of misappropriating Mattel trade secrets, such as

12  information relating to Mattel's product pricing, sales, promotions, themes,

13  inventory and forecasting systems. ████████████████████████

14  ████████████████████████████████████████

15  ████████████████████████████████████████

16  ████████████████████████████████████████

17  ████████████████████████████████████████

18  ████████████████████████████████████████

19  ████████████████████████████████████████

20  ████████████████████████████████████████

21  ████████████████████████████████████████

22  ████████████████████████████   The benefit to MGA of obtaining

23  this information and the amount at stake is high when stacked against Mattel's

24  unsubstantiated claims of burden.

25          Mattel's claim that "MGA attaches 25 exhibits that total over 250 pages" is

26  an attempt to artificially inflate the appearance of length and burden on Mattel.

27  With the exception of one exhibit from Mattel's Strategic Planning & Business

28  Development Department that spans 208 pages, the remaining 24 exhibits are 1-3

1    page email strings or notes

2    █████████████████████████████████    Furthermore, each email

3    has a specific sender and recipient(s), thereby providing sources of information for

4    the 30(b)6 designee to confer and consult with in preparation for his/her deposition

5    in order to testify "about information known or reasonably available to the

6    organization." *See* Fed. R. Civ. P. 30(b)(6).  This topic is not oppressive or unduly

7    burdensome at all, let alone when weighed against the value of the information

8    sought.  Nor does it seek information not reasonably available to Mattel, as Mattel

9    employees are the author and/or recipient of each document listed.

10   **C.    Topics 12-15, 23 and 27 (Motion Sections III at 7-9; V at 12-13; VI
         at 13, as to Topic 13 only)**

11

12        These topics seek testimony on six Mattel-generated presentations or Mattel-

13   commissioned reports.  █████████████████████████████

14   ████████████████████████████████████████████

15   ████████████████████████████████████████████

16   ████████████████████████████████████████████

17   ████████████████████████████████████████████

18   █████████████████████████████████████    Accordingly, Mattel's

19   acquisition of such information about MGA is directly relevant to Mattel's claim of

20   trade secret misappropriation by MGA.  Discovery on these topics is also relevant,

21   as discussed above, to establish Mattel's knowledge of MGA's trade secrets, non-

22   public information, non-public activities, unreleased products, and product

23   development in connection with MGA's unclean hands defense.

24        Additionally, this information is directly relevant to Mattel's allegation of

25   lost profits under its RICO claim and lost market share under its trade secret

26   misappropriation claim.  ████████████████████████

27   ████████████████████████████████████████████

28   ████████████████████████████████████████████

1

2

3

4

5

6

7

8

9

10

11

12          Finally, Mattel's refusal to produce a witness on these reports highlights

13   Mattel's gamesmanship.  Some of these documents—

14

15   were only produced recently.  Kieckhefer Decl. Ex. 15 (M 1241745-813).

16          in particular was produced on March 26, 2010, thereby precluding MGA

17   from the ability to depose a wide variety of individuals whose depositions had

18   already occurred about the contents of

19

20

21

22

23

24

25

26

27

28

These are Mattel documents, authored or commissioned by Mattel.  Mattel's claim that producing a witness to testify about these documents is unduly burdensome or oppressive rings hollow.  The benefit of this discovery to MGA and the importance to resolving the issues is high, as is the amount in controversy.  Any "burden" incurred by Mattel to prepare a witness on the contents of specific documents pales in comparison.

### D.    Topic 16 (Motion Sections III at 9; IV at 10)

This topic seeks discovery on fashion doll concepts considered by Mattel for potential marketing between 1990 and 2002.  On April 9, 2010, this Court held that MGA had wide latitude to conduct lost opportunity discovery regarding this time period, and that MGA may avail itself of "more effective vehicles for the discovery of information into whether Mattel incurred lost opportunity costs and, if so, the extent of such costs."  Dkt. # 7708 at 3.  This topic is one such vehicle, which mirrors that suggested by the Court: "discovery into Mattel's product development and marketing approach throughout the 1990s."  *Id.*  Having successfully opposed one motion by MGA to seek discovery into Mattel's claimed lost opportunity, Mattel cannot now reasonably oppose MGA's use of an alternate vehicle suggested by the Court.

///

///

1    E.    **Topic 25 (Motion Sections II at 5-6; III at 7)**[12]

2        This topic seeks a witness knowledgeable about the financial documents

3    Mattel has produced in this litigation, including those documents on which Mattel

4    seeks to rely in order to prove its extensive claimed damages.  Mattel raises two

5    objections to this topic: that it is duplicative and that it is oppressive and unduly

6    burdensome.  In support of its first objection, Mattel cites to the deposition of Mr.

7    Kerner.  As noted above in connection with Topics 19-20 (Section I.C, *supra*), Mr.

8    Kerner's 2008 deposition is woefully outdated in light of the current case posture

9    and fails to cover this topic—many financials have been produced by Mattel within

10   the last two years.  Mattel further cites vaguely to "Bryant's notices," without

11   identifying any particular topics or deposition testimony that might be duplicative.

12   Though it would be guesswork to determine what notices or depositions Mattel is

13   referencing, needless to say they would be quite outdated by now, fail to cover all

14   the parties, and fail to cover all of the harm currently claimed by Mattel, especially

15   in light of the FAAC and Mattel's recent interrogatory responses that for the first

16   time identified the nature and scope of its claims of harm.  Mattel's argument is

17   simply an empty contention unsupported by the record.

18       With respect to the second objection, that it is oppressive and unduly

19   burdensome, any burden faced by Mattel in preparing a witness for this topic is

20   only a reflection of Mattel's own wide-ranging damages claim.  To the extent that

21   Mattel claims damages for hundreds of products over almost ten (10) years, MGA

22   is entitled to a witness to testify as to the documents that may tend to support or

23   refute Mattel's claim.

24                            **CONCLUSION**

25       For the foregoing reasons, MGA respectfully submits that Mattel's Motion

26   for Protective Order From The MGA Parties' Notice of Deposition of Mattel, Inc.

27   ───────────────────
     [12] Though Mattel lists Topic 25 in the heading for Section IV as not reasonably
28   particularized and overbroad, this is apparently a typo because Mattel did not
     include Topic 25 in its discussion under that section heading.

                                              - 19 -
                                                          PROTECTIVE ORDER RE 30(B)(6) DEPOSITION NOTICE
                                                          CV-04-9049 DOC (RNBx)

1   (Third Phase 2 Notice) should be denied, and Mattel should be ordered to begin to

2   produce witnesses on the topics within ten (10) days of this order, with the last

3   witness produced no later than twenty (20) days from this order.

4

5   Dated:  May 21, 2010         Respectfully submitted,

6                          ORRICK, HERRINGTON & SUTCLIFFE LLP

7

8                          By: _____

9                                Mark P. Wine

                           Attorneys for MGA ENTERTAINMENT, INC.,

10                       MGA ENTERTAINMENT HK, LTD., MGA de

                           MEXICO, S.R.L. de C.V., and ISAAC LARIAN

11

12   OHS West:260917040.1

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28