# Exhibit 3

```
 1  MELINDA HAAG (State Bar No. 132612)
    mhaag@orrick.com
 2  ANNETTE L. HURST (State Bar No. 148738)
    ahurst@orrick.com
 3  WARRINGTON S. PARKER III (State Bar No. 148003)
    wparker@orrick.com
 4  ORRICK, HERRINGTON & SUTCLIFFE LLP
    The Orrick Building
 5  405 Howard Street
    San Francisco, CA  94105-2669
 6  Telephone:  +1-415-773-5700
    Facsimile:   +1-415-773-5759
 7
    WILLIAM A. MOLINSKI (State Bar No. 145186)
 8  wmolinski@orrick.com
    ORRICK, HERRINGTON & SUTCLIFFE LLP
 9  777 South Figueroa Street, Suite 3200
    Los Angeles, CA  90017
10  Telephone:  +1-213-629-2020
    Facsimile:  +1-213-612-2499
11
    Attorneys for MGA Parties
12
```

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | Case No.  CV 04-9049-SGL (RNBx)<br><br>Consolidated with: Case No. CV 04-9059 and Case No. CV 05-2727<br><br>**NOTICE OF DEPOSITION OF MATTEL, INC.**<br><br>(Second Phase 2 Notice) |
|---|---|

Δ π EXHIBIT 7262
Deponent STORIE
Date 12/16 Rptr.____
WWW.DEPOBOOK.COM

OHS West:260723566.1

SECOND PHASE 2 NOTICE OF DEPOSITION OF MATTEL
CV 04-9049 SGL (RNBx)

Exhibit 3 - Page 10

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Counter-Defendants MGA Entertainment, Inc., MGAE de Mexico S.R.L. de C.V., MGA HK Ltd., and Isaac Larian (collectively, "MGA Parties"), by their attorneys, will take the deposition of Mattel, Inc. ("Mattel") upon oral examination before an officer authorized by law to administer oaths, beginning at 9:00 a.m. on October 14, 2009, at the offices of Orrick, Herrington & Sutcliffe LLP, 777 South Figueroa Street, Suite 3200, Los Angeles, California, 90017-5855.

Mattel is hereby directed to designate one or more of its officers, directors, managing agents, or other persons who agree to testify on its behalf as to the matters identified in the list of Deposition Topics attached hereto as Schedule A, and Mattel is further requested to notify counsel for the MGA Parties of the identity of the designee or designees at least three (3) business days prior to the deposition.

This deposition will continue from day to day until completed. The deposition will be stenographically recorded by a certified court reporter and may be recorded by videographic and/or audio means pursuant to Rule 30(b)(2) of the Federal Rules of Civil Procedure. You are invited to have counsel attend and cross-examine as authorized by the Rules of Civil Procedure.

Dated: September 28, 2009        ORRICK, HERRINGTON & SUTCLIFFE LLP

By: _____
William A. Molinski
Attorneys for MGA Parties

## SCHEDULE A – DEPOSITION TOPICS

For the purpose of the below topics, "MATTEL TRADE SECRETS" means that trade secrets that Mattel claims in its Third Amended Answer and Counterclaim were misappropriated by the MGA Parties (as defined in the Notice).

1. The existence and identity of information that Mattel contends constitute MATTEL TRADE SECRETS.

2. The identity of documents that Mattel contends contain information that constitutes MATTEL TRADE SECRETS.

3. The creation, preparation and/or compilation of the information that Mattel contends constitutes MATTEL TRADE SECRETS.

4. The independent economic value that MATTEL TRADE SECRETS derive from not being generally known to the public or other persons who can obtain economic value from the disclosure or use of the MATTEL TRADE SECRETS.

5. Mattel's efforts to maintain the secrecy of the MATTEL TRADE SECRETS.

6. The facts supporting any claim by Mattel that the MGA Parties acquired MATTEL TRADE SECRETS through improper means.

7. The facts supporting any claim by Mattel that the MGA Parties knew or had reason to know that a person or persons acquired MATTEL TRADE SECRETS through improper means.

8. The facts supporting any claim by Mattel that the MGA Parties disclosed or used MATTEL TRADE SECRETS without Mattel's express or implied consent.

9. The facts supporting any claim by Mattel that the MGA Parties knew or had reason to know that at the time of the MGA Parties' use or disclosure of MATTEL TRADE SECRETS that a person or persons acquired MATTEL TRADE SECRETS under circumstances giving rise to a duty to maintain its secrecy or limit its use.

10. Mattel's policies, procedures and practices for stamping or otherwise designating materials as confidential, proprietary or trade secret.

11. Mattel's policies, procedures and practices for educating, notifying or otherwise informing its employees as to what information Mattel considers to be its trade secrets, or its confidential or proprietary information.

12. Mattel's investigation of the facts and circumstances concerning the departure and alleged theft of trade secrets by Machado, Vargas, Trueba, Castilla, Brawer, Brisbois, Contreras, and Cooney and any other individuals who previously worked for Mattel before working for the MGA Parties.

13. Any harm Mattel claims resulted from the alleged misappropriation of trade secrets by the MGA Parties.

14. The nature of the relationship between Mattel and its subsidiaries in Mexico and Canada concerning the use and/or licensing of trade secret information owned by each other.

15. The distinction between trade secret information owned by Mattel versus trade secret information owned by Mattel's subsidiaries in Mexico and Canada.

16. Agreements or arrangements between Mattel and its subsidiaries in Mexico and Canada concerning the use, licensing, payment, ownership and sharing of trade secret information.

17. Payments made by Mattel's subsidiaries in Mexico and Canada for use of any trade secret information owned by Mattel.

18. Payments made by Mattel's subsidiaries in Mexico and Canada for use of Mattel's trade secrets.

19. How Mattel accounts and/or records in its financial records, books, balance sheets or other corporate financial records of the use by Mattel and its subsidiaries in Mexico and Canada of each others' trade secret information.