QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
   John B. Quinn (Bar No. 090378)
   (johnquinn@quinnemanuel.com)
   Michael T. Zeller (Bar No. 196417)
   (michaelzeller@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:  (213) 443-3000
Facsimile:  (213) 443-3100

Attorneys for Mattel, Inc.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## EASTERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation,<br><br>              Plaintiff,<br><br>      vs.<br><br>MGA ENTERTAINMENT, INC., a California corporation, et. al.,<br><br>              Defendants.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 DOC (RNBx)<br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>Hon. David O. Carter<br><br>[PROPOSED] ORDER COMPELLING MGA ENTERTAINMENT, INC. TO PERMIT THE INTERNAL REVENUE SERVICE TO DISCLOSE SUBPOENAED DOCUMENTS TO MATTEL, INC.<br><br>**Phase 2**<br>Discovery Cut-off:  TBD<br>Pre-trial Conference:  TBD<br>Trial Date:  TBD |

[PROPOSED] ORDER

### [PROPOSED] ORDER

Having considered the Cross-Motion of Mattel, Inc. to Compel MGA to Execute a Release to Permit the Internal Revenue Service to Disclose the Subpoenaed Documents (the "Motion") and all other papers and arguments submitted in connection therewith, and for good cause shown,

IT IS HEREBY ORDERED:

The Motion is GRANTED, and MGA ENTERTAINMENT, INC. is hereby ORDERED to execute a release in the form attached hereto within the next ten days.

DATED:                    . 2010 _____

Hon. David O. Carter
United States District Judge

[PROPOSED] ORDER

## **Release**

Pursuant to 26 U.S.C. § 6103(c), MGA Entertainment, Inc. ("MGA") hereby consents to the disclosure of return or return information in the possession of the Internal Revenue Service ("IRS") that is responsive to the May 4, 2010 subpoena attached to this release as Exhibit A ("Released Information").  MGA consents to disclosure of this information directly to attorneys for Mattel, Inc. ("Mattel"), whose mailing address and contact information is as follows:

Michael T. Zeller

Quinn Emanuel Urquhart & Sullivan, LLP

865 S. Figueroa St., 10th Floor

Los Angeles, CA 90017

michaelzeller@quinnemanuel.com

Direct: (213) 443-3180

Main Phone: (213) 443-3000

Main Fax:  (213) 443-3100

MGA hereby agrees to waive, release, and discharge any and all claims, demands, or causes of action, which MGA may have or which hereafter accrue to MGA, against the United States, the IRS, and any other federal agency, arising from or related to the disclosure of the Released Information.  This includes but is not limited to a claim brought pursuant to 26 U.S.C. § 7431.  This release is intended to discharge the United States, the IRS, any other federal agency, and the officers, officials, employees, and volunteers of those entities, from and against any and all liability arising out of, or connected in any way with the disclosure of the Released Information.  It is further understood and agreed that this waiver, release, and assumption of risk is to be binding on MGA, its subsidiaries, affiliates, officers, directors, employees, assigns, and any other person or entity subject to MGA's control.

[PROPOSED] ORDER

1    In order to effectuate this release, MGA hereby supplies the following
2  information pursuant to 26 C.F.R. § 301.6103(c)-1(b):

3    The taxpayer's taxpayer identity information as described in 26 U.S.C. §
4  6103(b)(6):

5  **MGA ENTERTAINMENT, INC.**

6  _____

7  _____

8

9    The identity of the person or persons to whom the disclosure is to be made:

10  **MATTEL, INC.**

11

12    The type of return (or specified portion of the return) or return information
13  (and the particular data) that is to be disclosed:

14  **SEE EXHIBIT A.**

15

16    The taxable year or years covered by the return or return information:

17  **1999 – 2010.**

18

19    The taxpayer's authorized signature as described in 26 C.F.R. § 301.6103(c)-
20  1(e)(2), (e)(4):

21  _____

22  _____

23

24  Date:

25  _____

26

27

28

00505.07975/3509221.1

-2-

[PROPOSED] ORDER

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

-3-

[PROPOSED] ORDER

AO 88B  (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Central District of California

| | |
|---|---|
| Mattel, Inc., a Delaware corporation | ) |
| _Plaintiff_ | ) |
| v. | ) Civil Action No.   04-9049;04-9059; 05-2727 |
| MGA Entertainment, Inc., a California corporation, et al. | ) |
| _Defendant_ | ) (If the action is pending in another district, state where: |
| | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:   Internal Revenue Service, 300 N. Los Angeles, St., Los Angeles, CA 90012

☑ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: See Attachment A

| Place:  Quinn Emanuel Urquhart & Sullivan, LLP<br>865 S. Figueroa St., 10th Floor<br>Los Angeles, CA 90017 | Date and Time:<br><br>05/30/2010 10:00 am |
|---|---|

❏ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:    05/04/2010

CLERK OF COURT

OR

_____          _____
_Signature of Clerk or Deputy Clerk_                _Attorney's signature_

The name, address, e-mail, and telephone number of the attorney representing _(name of party)_     Mattel, Inc.
_____ , who issues or requests this subpoena, are:

B. Dylan Proctor, Quinn Emanuel Urquhart & Sullivan, LLP, 865 S. Figueroa St., 10th Floor, Los Angeles, CA, 90017; (213) 443-3000; dylanproctor@quinnemanuel.com

AO 88B  (Rev.  06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   04-9049;04-9059; 05-2727

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❑ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❑ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____0.00____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 88B  (Rev.  06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

   **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

   **(2)** *Command to Produce Materials or Permit Inspection.*

   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

   **(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

   **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

   **(3)** *Quashing or Modifying a Subpoena.*

   **(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

   **(i)** fails to allow a reasonable time to comply;

   **(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

   **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

   **(iv)** subjects a person to undue burden.

   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

   **(i)** disclosing a trade secret or other confidential research, development, or commercial information;

   **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

   **(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

   **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

   **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

   **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

   **(2)** *Claiming Privilege or Protection.*

   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

   **(i)** expressly make the claim; and

   **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

ATTACHMENT A

Documents To Be Produced

I.      DEFINITIONS.

1.      "YOU" or "YOUR" means the Internal Revenue Service and any other PERSON acting on YOUR behalf, pursuant to YOUR authority or subject to YOUR control.

2.      "MGA" means MGA Entertainment, Inc. and any PERSON acting directly or indirectly by, through, under or on behalf of MGA Entertainment, Inc., including but not limited to, current or former directors, officers, agents, accountants, attorneys, employees, partners, joint venturers, contractors, accountants, or representatives of MGA Entertainment, Inc., and any current or former corporation, partnership, association, trust, parent, subsidiary, division, affiliate, predecessor-in-interest and successor-in-interest of MGA Entertainment, Inc., and any other PERSON acting on its behalf.

3.      "DOCUMENT" or "DOCUMENTS" means all "writings" and "recordings" as those terms are defined in Rule 1001 of the Federal Rules of Evidence and Rule 34 of the Federal Rules of Civil Procedure and shall include all writings, including but not limited to, handwriting, typewriting, printing, image, photograph, photocopy, digital file of any kind, transmittal by (or as an attachment to) electronic mail (including instant messages and text messages) or facsimile, video and audio recordings, and every other means of recording upon any tangible thing, any form of COMMUNICATION or representation, and any record thereby created, regardless of the manner in which the record has been stored, and all non-

00505.07975/3340177.2

- 1 -

ATTACHMENT A

identical copies of such DOCUMENTS, in the possession, custody, or control of YOU, YOUR counsel, or any other PERSON acting on YOUR behalf.

4.      "REFERRING OR RELATING TO," "REFER OR RELATE TO," "RELATING," "RELATING TO" or "REFERS TO" means any and all of the following terms and their synonyms: refer to, discuss, constitute, evidence, pertain to, mention, support, undermine, disprove, refute, contradict, negate, bear on, amend, revise, modify, touch on, contain, embody, reflect, identify, state, deal with, concern, comment on, summarize, respond to, relate to, or describe.

5.      "PERSON," in the plural as well as the singular, means any natural person, association, partnership, corporation, joint venture, government entity, organization, limited liability company, trust, institution, proprietorship, or any other entity recognized as having an existence under the laws in the United States or any other nation.

6.      "IDENTIFY," "IDENTIFYING" OR "IDENTITY" means the following:

(a)      With reference to an individual, means such individual's name, current or last known business title, current or last known business affiliation, current or last known relationship to YOU, current or last known residential and business address, and current or last known telephone number.

(b)      With reference to an entity or entities, such entity's full name, state (or country) of incorporation or organization, present or last known address, and present or last known telephone number.

ATTACHMENT A

(c)     With reference to any other DOCUMENT or DOCUMENTS, means the date, identity of the author, addressee(s), signatories, parties, or other PERSONS identified therein, its present location or custodian and a description of its contents.

(d)     With reference to an account with a bank or financial institution, means the name and address of the bank or financial institution, the account number(s) for or otherwise associated with such account and the name of each holder, including without limitation, each beneficial holder, of each such account.

7.     "COMMUNICATION," in the plural as well as the singular, means any transmittal and/or receipt of information, whether such was oral or written, and whether such was by chance, prearranged, formal or informal, and specifically includes, but is not limited to, conversations in person, telephone conversations, electronic mail (including instant messages and text messages), voicemail, letters, memoranda, statements, media releases, magazine and newspaper articles, and video and audio transmissions.

8.     "BRYANT" means Carter Bryant, and all of his past or present employees, officers, agents, representatives, attorneys, consultants, independent contractors, any predecessors or successors in interest, and any other PERSON acting on his behalf, pursuant to his authority or subject to his control.

9.     The singular form of a noun or pronoun includes within its meaning the plural form of the noun or pronoun so used, and vice versa; the use of the masculine form of a pronoun also includes within its meaning the feminine

ATTACHMENT A

form of the pronoun so used, and vice versa; the use of any tense of any verb includes also within its meaning all other tenses of the verb so used, whenever such construction results in a broader request for information; and "and" includes "or" and vice versa, whenever such construction results in a broader disclosure of documents or information.

II.   <u>INSTRUCTIONS</u>

     1.   YOU are to produce all requested DOCUMENTS in YOUR possession, custody or control.

     2.   If YOU contend that YOU are not required to produce certain DOCUMENTS called for by these Requests on the grounds of a privilege or protection that YOU are not prepared to waive, IDENTIFY each such DOCUMENT and provide the following information:

1.   the date and type of the DOCUMENT, the author(s) and all recipients;

2.   the privilege or protection that YOU claim permits YOU to withhold the DOCUMENT;

3.   the title and subject matter of the DOCUMENT;

4.   any additional facts on which YOU base YOUR claim of privilege or protection; and

5.   the IDENTITY of the current custodian of the original of the DOCUMENT.

     3.   DOCUMENTS shall be produced in their original file folders, or other native format.  If the DOCUMENTS are in their original file folders, in

- 4 -

ATTACHMENT A

lieu thereof, any writing on the file folder from which each such DOCUMENT is taken shall be copied and appended to such DOCUMENT and the PERSON for whom or department, division or office for which the DOCUMENT or the file folder is maintained shall be identified.

4.     The DOCUMENTS should be produced in their complete and unaltered form.  Attachments to DOCUMENTS should not be removed.  The DOCUMENTS should not be cut-up, pasted over, redacted or altered in any way for any reason, including alleged nonrelevance.  If emails are produced that had attachments, the attachments shall be attached when produced.

5.     DOCUMENTS in electronic form shall be produced in that form.

6.     In the event that any DOCUMENT called for by these requests has been destroyed or discarded, that DOCUMENT is to be identified by stating:

1.     the date and type of the DOCUMENT, the author(s) and all recipients;

2.     the DOCUMENT's date, subject matter, number of pages, and attachments or appendices;

3.     the date of destruction or discard, manner of destruction or discard, and reason for destruction or discard;

4.     the PERSONS who were authorized to carry out such destruction or discard;

5.     the PERSONS who have knowledge of the content, origins, distribution and destruction of the DOCUMENT; and

ATTACHMENT A

6.      whether any copies of the DOCUMENT exist and, if so, the name of the custodian of each copy.

III.    <u>DOCUMENTS TO BE PRODUCED.</u>

1.      All DOCUMENTS provided to YOU by MGA REFERRING OR RELATING TO any agreement between MGA and BRYANT.

2.      All COMMUNICATIONS between YOU and MGA REFERRING OR RELATING TO BRYANT and/or any legal fees paid for the benefit or on behalf of BRYANT.

3.      All COMMUNICATIONS between YOU and MGA, from January 1, 2009 to May 1, 2009 REFERRING OR RELATING TO legal expenses incurred by MGA in connection with *Mattel v. MGA*, Case Nos. CV 04-9049, 04-9059, and 05- 02727 (C.D. Cal.), and/or the appropriate tax treatment of such expenses.

4.      Any presentation or submission made by MGA to YOU, and any materials provided by MGA to YOU, between January 1, 2009 and May 1, 2009.

00505.07975/3340177.2

- 6 -

ATTACHMENT A

| Attorney or Party without Attorney:<br>B. DYLAN PROCTOR<br>QUINN EMANUEL URQUHART & SULLIVAN, LLP<br>865 SOUTH FIGUEROA STREET<br>10TH FLOOR<br>LOS ANGELES, CA 90017<br>Telephone No: 213-443-3000 | | For Court Use Only |
|---|---|---|
| Attorney for: Plaintiff | Ref. No. or File No.: | |

| Insert name of Court, and Judicial District and Branch Court: |
|---|
| United States District Court, Central District Of California |

| Plaintiff: MATTEL, INC., A DELAWARE CORPORTION |
|---|
| Defendant: MGA ENTERTAINMENT, INC., A CALIFORNIA CORPORATION |

| **PROOF OF SERVICE SUBPOENA** | Hearing Date:<br>Sun, May. 30, 2010 | Time:<br>10:00AM | Dept/Div: | Case Number:<br>04-9049 |
|---|---|---|---|---|

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of the SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION.

3. a. Party served:            INTERNAL REVENUE SERVICE
   b. Person served:          Charlene Innan, Authorized to Accept Service

4. Address where the party was served:      300 N. LOS ANGELES STREET
                                            LOS ANGELES, CA 90012

5. I served the party:
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on: Wed., May. 05, 2010 (2) at: 3:35PM
   b. I received this subpena for service on:      Wednesday, May 05, 2010

6. Witness fees were offered or demanded, and paid:      $15.00

7. **Person Who Served Papers:**                          Recoverable Cost Per CCP 1033.5(a)(4)(B)
   a. DOUG FORREST                          d.  **The Fee for Service was:**
   b. **FIRST LEGAL SUPPORT SERVICES**      e.  I am: (3)  registered California process server
      1511 W. BEVERLY BLVD.                        (i)   Independent Contractor
      LOS ANGELES, CA 90071                        (ii)  Registration No.:     5141
   c. 213-250-1111                                 (iii) County:                Los Angeles

8. I declare under penalty of perjury under the laws of the State of California and under the laws of the United States Of America that the foregoing is true and correct.

   Date:Thu, May. 06, 2010

   Judicial Council Form                    PROOF OF SERVICE                    (DOUG FORREST)
   Rule 2.150.(a)&(b) Rev January 1, 2007          SUBPOENA                              4629626.quiem.287932