QUINN EMANUEL URQUHART & SULLIVAN, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  michaelzeller@quinnemanuel.com
  Jon D. Corey (Bar No. 185066)
  joncorey@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>MGA ENTERTAINMENT, INC., a California corporation, et al.,<br><br>Defendants.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 DOC (RNBx)<br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>Hon. David O. Carter<br><br>**MATTEL, INC.'S OBJECTIONS TO PORTIONS OF DISCOVERY MATTER ORDER NO. 96**<br><br>**Phase 2**<br>Discovery Cut-off: TBD<br>Pre-trial Conference: TBD<br>Trial Date: TBD |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, on a date and time to be determined, in the Courtroom of The Honorable David O. Carter, located at 411 West Fourth Street, Santa Ana, California 92701, plaintiff Mattel, Inc. ("Mattel") will, and hereby does, move the Court to overrule a portion of the Discovery Master's Order No. 96, dated May 19, 2010.

This Motion is made on the grounds that a portion of the Discovery Master's Order is clearly erroneous because it failed to correctly apply established legal standards regarding privilege and work product protection.

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, and all other matters of which the Court may take judicial notice.

### Statement of Compliance

The parties conferred regarding the issues raised in Mattel's Objections at various times between September 3, 2009 and April 23, 2010.

DATED: May 24, 2010

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By *[signature]*
Diane C. Hutnyan
Attorneys for Mattel, Inc.

### Preliminary Statement

This appeal concerns a single document – Entry No. 582. The Discovery Master's ruling in Discovery Matter Order No. 96 requires the production of a clearly privileged email. Mattel will promptly submit the document in question on an *in camera* basis upon the Court's order to do so. It should not, however, have to turn the document over to MGA as ordered.

### Argument

In Discovery Matter Order No. 96, the Discovery Master issued an Order with respect to certain documents that had been submitted to him for *in camera* review. As to Entry No. 582, the Order requires Mattel to "produce first two e-mails in chain; redact last e-mail." Discovery Matter Order No. 96 at 1. That ruling is erroneous.

First, the document corresponding to Entry No. 582 contains five separate emails, although the Order's wording suggests that there are only three. As a result, the current wording is subject to multiple interpretations. In addition, as written, the Order appears to require production of an unquestionably privileged email. The second-to-last email, the fourth in the chain, is from Ritchie Christian, senior designer at Mattel, to Michael Moore, in-house counsel at Mattel. This email requests legal advice from counsel. In addition, it refers to communications the employee had with Roy Ekstrand, Mattel's outside patent counsel, for the purpose of obtaining legal advice for Mattel. This email should also be redacted as a privileged attorney-client communication. In re Grand Jury Investigation, 974 F.2d 1068, 1070 (9th Cir. 1992).

### Conclusion

For the foregoing reasons, Mattel respectfully requests that the Court overrule the portion of the Discovery Master's ruling in Order No. 96 described above and rule

that the last two emails in the string corresponding to Entry No. 582 may be redacted as privileged.[1]

DATED: May 24, 2010

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By /s/ Diane C. Hutnyan
Diane C. Hutnyan
Attorneys for Mattel, Inc.

---

[1] On Friday, May 21, 2010, Mattel also submitted an *ex parte* application for reconsideration of this portion of Order No. 96 to Discovery Master O'Brien, but Mattel has not yet received a ruling, making this appeal necessary as a prophylactic matter. Mattel respectfully suggests that Mr. O'Brien be afforded an opportunity to rule on the motion for reconsideration presented to him which, if granted, would obviate Mattel's instant appeal.