MELINDA HAAG (State Bar No. 132612)
mhaag@orrick.com
ANNETTE L. HURST (State Bar No. 148738)
ahurst@orrick.com
WARRINGTON S. PARKER III (State Bar No. 148003)
wparker@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
405 Howard Street
San Francisco, CA 94105-2669
Tel: (415) 773-5700/Fax:(415) 773-5759

WILLIAM A. MOLINSKI (State Bar No. 145186)
wmolinski@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA 90017
Tel. (213) 629-2020/Fax: (213) 612-2499

THOMAS S. MCCONVILLE (State Bar No. 155905)
tmcconville@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
4 Park Plaza, Suite 1600
Irvine, CA 92614-2258
Tel: (949) 567-6700/Fax: (949) 567-6710

Attorneys for MGA Parties

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>MGA ENTERTAINMENT, INC., a California corporation, et al.,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | Case No. CV 04-9049 DOC (RNBx)<br>Consolidated with:<br>Case Nos. CV 04-9059 & CV 05-2727<br><br>**REBUTTAL DECLARATION OF MR. ALBERTO HUERTA-BLECK TO MR. HECTOR CALATAYUD'S DECLARATION IN SUPPORT OF MATTEL, INC.'S OPPOSITION TO MOTIONS TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND ON *FORUM NON CONVENIENS* GROUNDS** |

## REBUTTAL DECLARATION OF JUAN ALBERTO HUERTA-BLECK

1. I, Juan Alberto Huerta-Bleck, hereby submit my rebuttal declaration to address certain inaccuracies in the Declaration of Mr. Hector Calatayud, dated May 17, 2010. I have reviewed said declaration and offer the following in rebuttal.

2. The undersigned is well aware of Mr. Calatayud's professional practice. However, from the curriculum vitae attached by the latter, there is no indication that he has any formal education in the highly specialized area of law of industrial property, which is the body of law governing industrial secrets. The education curricula of the dates in which Mr. Calatayud attended law school, did not offer any courses in this particular area of law, nor does his curriculum vitae make reference to any formal postgraduate studies of industrial and/or intellectual property.

3. Mr. Calatayud misleadingly asserts that the undersigned lacks education in criminal law, notwithstanding, he, as a professor of law, is well aware of the education curricula in any prestigious law school in Mexico, which indeed has as mandatory courses, those related to criminal substantive and procedural law. As to the practice of criminal law, the undersigned has indeed lead industrial property law cases which include criminal law aspects, and has also rendered legal opinions in this regard.

4. In paragraph 6 of Mr. Calatayud's declaration, he alleges that the undersigned made a misleading statement. Not so. The statement made by the undersigned makes reference to "Mexican Criminal Law" and not to the Code/Act in which said crime is regulated. Indeed, the misappropriation of a trade secret, is an illegal act that is considered a crime which carries out criminal penalties; and hence is part of the criminal law in force in Mexico. Importantly, not every crime and criminal penalty is codified in the same

act/code/ordinance.

5. In paragraph 9 of Mr. Calatayud's declaration, he opines that "Industrial Property Law does not require a person to include warnings . . . on the documents, electronic or magnetic 'medium' which contain trade secrets" yet Mexican law specifically requires that the owner of the rights shall affix some sort of notice indicating that a given intangible asset (information), constitutes an industrial secret.

Article 229 of the Mexican Industrial Property Law provides that:

> "**For the exercise of the civil and criminal actions arising from the infringement of industrial property rights**, and also for the adoption of the measures provided for in Article 199 bis of this Law, **it shall be necessary for the owner of the rights to have affixed** to the goods, containers or packaging of goods covered by an industrial property right the **indications and notices** referred to in Articles 26 and 131 of this Law, **or in any other mean to have stated or brought to the notice** of the public that the goods or services **are protected by industrial property rights.**
>
> This requirement need not be met in cases of administrative infringements that do not involve violation of industrial property rights."

Mr. Calatayud failed to indicate in his declaration the above Article and/or his interpretation thereof. Article 229 is entirely consistent with Articles 83 and 84 of the Mexican Industrial Property Law.

According to Article 229, above, and Articles 82 and 83, the following is derived:

a. The intangible asset (trade secret) must be identified;[1]

b. The trade secret must be contained in a document, electronic or magnetic

---

[1] A Confidentiality Agreement that contains a provision that does not indicate which confidential information in particular is to be considered as an industrial secret (as not all confidential information may be deemed to be an industrial secret), is void with respect to such provision (obligation). Every contract, as mandated by Article 1825 of the Federal Civil Code must have a subject matter of the contract and the same must: i) exist in nature; ii) be specifically determined or determinable with respect to its kind; and iii) be in commerce.

HUERTA-BLECK REBUTTAL

    media, optical disks, microfilms, films or other similar material (Article 83 of Mexican Industrial Property Law); and

    c. Some sort of designation in the document, electronic or magnetic media, optical disks, microfilms, films or other similar material, indicating that the intangible asset (information) constitutes an industrial secret (Article 229 of Mexican Industrial Property Law).

6. I respectfully disagree with Mr. Calatayud's assertion attempting to contradict the opinion of the undersigned to the effect that a general Non-Disclosure Agreement is not sufficient to comply with the requirements contained in articles 82, 83 and 229 of the Industrial Property Law. *See* Calatayud Dec. ¶ 10. Any such agreement does not indicate which is/are the intangible assets (industrial secrets) which constitute an industrial secret. That is, any such agreement, lacks any specific and identifiable object (intangible asset) to which the obligation would apply and is required under Article 1825 of the Federal Civil Code.

7. Also, as set forth in paragraph 11 to Mr. Calatayud's declaration, I respectfully disagree that any evidence may be considered admissible to evidence that certain information constitutes an industrial secret. And Mr. Calatayud cites to no law in support of that assertion.

8. As to the availability of damages, pursuant to Article 30 of the Federal Criminal Code, an individual who has been convicted of a crime, is obliged to indemnify (section I) and pay loss profits (section III) to the affected party. Article 31 Bis, and 34 of the Federal Criminal Code, specifically provide that in every criminal process, the Prosecutor (*Ministerio Publico*) is obligated to request the indemnification and the Judge shall decide on the terms of said indemnification. The determination of the damages and loss profits will be made by the Judge once a crime is declared. Therefore, the

1
2    statute of limitation to obtain an indemnification is not applicable once a
3    criminal action has been filed.  Furthermore, with respect to the Industrial
4    Property Law, Article 221 bis provides that compensation for material
5    damages or indemnification for lost profits due to violation of the rights
6    conferred, shall in no case be less than 40% of the public sale price of each
7    product or the price of the rendering of services where infringement of any
8    one or more of the industrial property rights provided for in this Law is
9    involved. Hereinbelow, I transcribe the aforementioned article:

> **Article 221 bis.** Compensation for material damages or indemnification for damages and harm due to violation of the rights conferred by this [Industrial Property] Law shall in no case be less than 40 per cent of the public sale price of each product or the price of the rendering of services where infringement of any one or more of the industrial property rights provided for in this Law is involved.

14    I declare under penalty of perjury under the laws of the United States that the
15   foregoing is true and correct.  Executed at Boston, Massachusetts on the 22nd day
16   of May, 2010.

_____
Juan Alberto Huerta Bleck