MELINDA HAAG (State Bar No. 132612)
mhaag@orrick.com
ANNETTE L. HURST (State Bar No. 148738)
ahurst@orrick.com
WARRINGTON S. PARKER III (State Bar No. 148003)
wparker@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105
Telephone:  415-773-5700
Facsimile:    415-773-5759

WILLIAM A. MOLINSKI (State Bar No. 145186)
wmolinski@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA  90017
Telephone:  213-629-2020
Facsimile:    213-612-2499

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | Case No. CV 04-9049 DOC (RNBx)<br><br>Consolidated with:<br>Case No. CV 04-9059<br>Case No. CV 05-2727<br><br>Hon. David O. Carter<br><br>**MGA PARTIES' RESPONSE TO MATTEL, INC.'S EVIDENTIARY OBJECTIONS TO THE DECLARATIONS OF JUAN ALBERTO HUERTA-BLECK AND L. KIERAN KIECKHEFER FILED IN SUPPORT OF THE MGA PARTIES' MOTIONS TO DISMISS**<br><br>Hearing Date:   May 28, 2010<br>Time:               8:00 a.m.<br>Place:              Courtroom 9D |

MGA Entertainment, Inc., MGA (Hong Kong) Ltd., MGAE de Mexico S.R.L. de C.V., Isaac Larian, and IGWT 826 Investments LLC (the "MGA Parties") respectfully submit its Response to the Mattel, Inc.'s Evidentiary Objections to the Declarations of Alberto Huerta-Bleck and L. Kieran Kieckhefer, filed in Support of the MGA Parties' Motions to Dismiss.

## I.   MATTEL'S OBJECTIONS TO JUAN ALBERTO HUERTA-BLECK'S DECLARATION ARE WITHOUT MERIT.

The MGA Parties filed Mr. Huerta-Bleck's declaration pursuant to Federal Rule of Civil Procedure 44.1 to assist the Court in evaluating applicable Mexican law.  Mattel has objected to the entirety of the Huerta-Bleck declaration on procedural, as well as evidentiary grounds—both of which are wholly irrelevant to the Court's determination and interpretation of foreign law.  Indeed, the express language of the Rule gives substantial latitude to the Court without regard to "whether or not [any relevant material is] submitted by a party or admissible under the Federal Rules of Evidence."  FED. R. CIV. P. 44.1.

In its objections, Mattel presumes that the evidentiary rules governing trials and motions for summary judgment apply here because its objections are based entirely on the standards under Rule 56.  Those evidentiary standards simply do not apply to a submission under Rule 44.1.  For that reason, the MGA Parties request that the Court overrule each of Mattel's objections.  Each of Mattel's objections should be overruled for the following reasons as well.

Form and Content of Notice.  Rule 44.1, by its very terms, simply states that: "A party who intends to raise an issue about a foreign country's law must give notice by a pleading or other writing."  Because Rule 44.1 does not specify the form of notice, federal courts have construed the requirement *liberally*, and inclusion of summaries of the applicable foreign statutes in the pleadings or declarations are sufficient.  *See, e.g.*, *Republic of Ecuador v. Chevron Texaco Corp.*, 499 F. Supp. 2d 452, 454 (S.D.N.Y. 2007) (court was satisfied that both parties had "over the

1  course of the litigation made clear the need to determine what was permitted under

2  Ecuadorian law"); *see also Kalmich v. Bruno*, 553 F.2d 549, 551 (7th Cir. 1977).

3  Courts have held that the notice requirement is met as long as the opposing party

4  will have a fair opportunity to respond.  *See Stuart v. United States*, 813 F.2d 243,

5  251 (9th Cir. 1987) ("The purpose of Rule 44.1's notice requirement is to avoid

6  unfairly surprising opposing parties."), *rev'd on other grounds*, 489 U.S. 353, 109

7  S. Ct. 1183, 103 L. Ed. 2d 388 (1989); *see also* FED. R. CIV. P. 44.1 Advisory

8  Committee's Note (1966) (noting that one purpose of the Rule is to avoid "unfair

9  surprise").  Here, Mattel cannot claim to be surprised by the applicability of

10 Mexican law to its long-standing claims that solely emanate from transactions and

11 occurrences in Mexico.

12         Determination of Foreign Law is not a Question of Fact and Evidentiary

13 Objections are Inapplicable.  Mattel objects to Mr. Huerta-Bleck's declaration as

14 not setting forth "facts that would be admissible in evidence" and "the process of

15 reasoning that leads to the witnesses' conclusions."  Again, both requirements are

16 irrelevant to a Rule 44.1 determination.  Under Rule 44.1, foreign law issues are

17 questions of law.  Rule 44.1 makes it clear that domestic courts, either *sua sponte* or

18 when a party has raised the issue, should interpret and apply foreign law.  *See*

19 *United States v. Peterson*, 812 F.2d 486, 490-91 (9th Cir. 1987) (explaining the

20 change in approach mandated by Rule 44.1 and the similar rule for criminal cases).

21 As questions of law, rather than questions of fact, issues of foreign law should be

22 decided by the Court.

23         Moreover, a court may determine the applicability, content, and meaning of

24 foreign law by considering "any relevant material," even that *not admissible under*

25 *the Federal Rules of Evidence*.  FED. R. CIV. P. 44.1.  Courts commonly consider

26 foreign statutes or laws, materials from treatises or other scholarly works discussing

27 the law, and/or declarations of people familiar with the relevant law.  *See, e.g.,*

28 *Kaho v. Ilchert*, 765 F.2d 877, 882-84 (9th Cir. 1985) (articles, letter from foreign

government official, and affidavit of anthropologist familiar with customs at issue in the case were considered); *see also United States v. First Nat'l Bank of Chicago*, 699 F.2d 341, 343-44 (7th Cir. 1983) (admitting unsworn statements of foreign attorney and affidavits of Greek bank managers in case regarding Greek banking law).  Thus, Mattel's objections based on Federal Rules of Evidence 702, 801, 802, 1002, and 1004 are meritless and irrelevant to the Court's determination of foreign law.

## II.    MATTEL'S OBJECTIONS TO L. KIERAN KIECKHEFER'S DECLARATION ARE WITHOUT MERIT.

Mattel's objections concerning the deposition testimony of Daphne Gronich are unavailing.  Mattel objects to two sections of Ms. Gronich's testimony on the grounds of hearsay.  The first piece of testimony relates to Ms. Gronich's letter to Mr. Vargas, Mr. Machado, and Ms. Trueba instructing them not to bring any Mattel materials with them when they left Mattel.  *See* LKK Decl. Ex. 13 at 1449:21-1450:14.  Ms. Gronich, however, indicates that she drafted the letter (by referring to it as "my letter of April 17…"), therefore she has testified about her own personal sentiments conveyed in a letter that she personally sent.  *Id.*  Hearsay is defined as a statement, other than one made by the declarant, while testifying at a trial or hearing, offered in evidence to prove the truth of the matter asserted.  Fed. R. Evid. 801(c).  As Ms. Gronich testified about her own statement, she has personal knowledge of what she wrote in the letter and she testified based on that personal knowledge.  Accordingly, it is not hearsay and is admissible.  Further, even if the testimony was hearsay—which it is not—it is still admissible for purposes of establishing the truth of the matter asserted therein as a recorded recollection.

Second, Ms. Gronich testified about a conversation she had with MGA's counsel regarding his instructions to Mr. Vargas, Mr. Machado, and Ms. Trueba to not bring any Mattel materials with them when they left Mattel.  *See* LKK Decl. Ex. 13 at 1451:7-18.  Mattel also objects to this as hearsay.  However, a statement is

hearsay only if it is offered to prove the truth of the matter asserted.  Fed. R. Evid. 801(c).  Here, Ms. Gronich is not offering this statement for the truth of the matter asserted.  She has testified, instead, that she *believed* Mr. Vargas, Mr. Machado, and Ms. Trueba were given this instruction based on the representation by MGA's counsel.  She has not asserted that the conversation indeed occurred and, therefore, MGA did not make a "statement" that could form the basis for the out of court statement.  Accordingly, as this testimony is not hearsay, it is also admissible.

Mattel also objects to the deposition testimony of Roberto Isaias, its own witness and present General Director of Mattel de Mexico, S.A. de C.V., as purportedly lacking personal knowledge regarding the corporate relationship between Mattel de Mexico and Mattel Servicios.  *See* LKK Decl. Ex. 15 at 1577:10-1579:5.  Prior to being its General Director, Mr. Isaias has held Director-level positions with Mattel de Mexico since 2002 and is presently employed by Mattel Servicios, S.A. de C.V.  *Id.* at 1572:13-1573:1.  Mr. Isaias is intimately familiar with both the corporate structure of the Mexican subsidiaries and their respective financial status.  Accordingly, Mr. Isaias possesses the requisite personal knowledge to testify about Mattel's Mexican subsidiaries, and as such his statements are neither inadmissible nor lacking adequate foundation.

Mattel next objects to certain portions from the deposition of Gustavo Machado, one of which MGA cited but unintentionally omitted from the record.  Given that the error was unintentional and a copy of the transcript is also in Mattel's possession, there is no prejudice.  The referenced excerpts, which generally refer to Mr. Machado's employment history, are attached to the Declaration of Christopher Chaudoir for the Court's consideration, filed concurrently herewith.

The second portion of Mr. Machado's testimony that Mattel objects to relates to whether Ms. Carmen Mendez assisted Mr. Larian to find office space in Mexico.  *See* LKK Decl. Ex. 20 at 2136: 4-15.  Mattel objects to this testimony on the

1  grounds that Mr. Machado does not have personal knowledge of the facts stated.

2  However, the testimony clearly states that Mr. Machado knew that Ms. Mendez

3  assisted Mr. Larian in finding office space in Mexico.  Mr. Machado's testimony

4  does not indicate that he is speculating when he clearly responds to Mr. Corey's

5  question "Did – did she help Mr. Larian find office space in Mexico?" with "Yes.

6  They talked."  Accordingly, the testimony is admissible.

7  **III.    CONCLUSION**

8          For the foregoing reasons, the Court should overrule Mattel's evidentiary

9  objections and fully consider the MGA Parties' evidence submitted in connection

10  with the declarations of Juan Alberto Huerta-Bleck and L. Kieran Kieckhefer.

11

12  Dated:  May 24, 2010                    Respectfully submitted,

13                                          ORRICK, HERRINGTON & SUTCLIFFE LLP

14

15                                          By:  _____/s/ Annette L. Hurst_____
                                                        Annette L. Hurst
16                                          Attorneys for MGA ENTERTAINMENT, INC.,
                                            MGA ENTERTAINMENT HK, LTD., MGA de
17                                          MEXICO, S.R.L. de C.V., and ISAAC LARIAN

18

19

20

21

22

23

24

25

26

27

28

- 5 -