1   QUINN EMANUEL URQUHART & SULLIVAN, LLP
      John B. Quinn (Bar No. 090378)
2     (johnquinn@quinnemanuel.com)
      Michael T. Zeller (Bar No. 196417)
3     (michaelzeller@quinnemanuel.com)
      Jon D. Corey (Bar No. 185066)
4     (joncorey@quinnemanuel.com)
      865 South Figueroa Street, 10th Floor
5     Los Angeles, California 90017-2543
      Telephone: (213) 443-3000
6     Facsimile: (213) 443-3100

7   Attorneys for Mattel, Inc.

8

9                  UNITED STATES DISTRICT COURT

10                CENTRAL DISTRICT OF CALIFORNIA

11                       SOUTHERN DIVISION

12  MATTEL, INC., a Delaware            CASE NO. CV 04-9049 DOC (RNBx)
    corporation,                        Consolidated with
13                                       Case No. CV 04-09059
                                         Case No. CV 05-02727
          Plaintiff,
14                                       _____
    vs.
15                                       Hon. David O. Carter
                                         _____
16  MGA ENTERTAINMENT, INC., a          MATTEL, INC.'S REPLY IN
    California corporation,             SUPPORT OF MOTION TO COMPEL
17                                       PRODUCTIONS OF DOCUMENTS
          Defendants.                   REGARDING FORMER MATTEL
                                         EMPLOYEES
18  _____
    AND CONSOLIDATED ACTIONS
19
                                         Date:  TBD
20                                       Time:  TBD
    **PUBLIC REDACTED VERSION**          Place: Courtroom 9D
21
                                         **Phase 2**
22                                       Discovery Cut-off: TBD
                                         Pre-trial Conference: TBD
23                                       Trial Date: TBD

24

25

26

27

28

## Preliminary Statement

MGA argues it has produced some responsive documents, so no order compelling production should issue. But MGA never claims, either in its responses or in its Opposition, to have produced *all* responsive documents in response to *any* of the requests. To the contrary, MGA's arguments only serve to confirm the inadequacy of its production. As its purported production in response to Request Nos. 11, 13, 14, 25, 27, 28, 39, 41, and 42, MGA points to a single spreadsheet. In response to the remaining requests at issue, Request Nos. 73 and 74, MGA again holds out a single spreadsheet and a handful of offer letters as its complete responsive production. MGA should be required to produce all responsive documents, not just those it cherry-picks.

In answer to some requests, MGA cannot dispute their core relevance but claims that responsive documents do not exist because the former employees at issue never provided Mattel documents to MGA. However, MGA has not conducted even the most basic searches for documents responsive to the requests. Having not conducted adequate searches, MGA's representations to the Court that the documents do not exist cannot be credited. Absent any claim to have produced all responsive documents and any credible claim to have conducted adequate searches for them, MGA should be ordered to produce all documents responsive to Mattel's requests.

## Argument

### I. MGA DOES NOT DISPUTE IT HAS FAILED TO PRODUCE ALL DOCUMENTS RESPONSIVE TO THE REQUESTS AT ISSUE

#### A. MGA Has Not Produced All Documents In Response To Request Nos. 14, 28, 42

Request Nos. 14, 28, and 42 seek documents relating to the "receipt, reproduction, copying, storage, transmission, transfer, retention, destructions, deletion or use" of Mattel documents that MGA received from former Mattel

1  employees Contreras, Cooney or Castilla. MGA does not argue that Request Nos.
2  14, 28, and 42 are improper in any way. MGA nevertheless admits it has not
3  produced a single document in response to Request Nos. 14 and 42.[1] In response to
4  Request No. 28 related to Dan Cooney, MGA claims it has produced "hundreds of
5  pages" of responsive documents, but makes no claim that it has produced all
6  responsive documents.[2] Moreover, the "hundreds of pages" MGA touts are in fact
7  multiple versions of the exact same spreadsheet.[3] Producing multiple versions of a
8  single spreadsheet, hundreds of pages or not, does not satisfy MGA's obligation to
9  produce all documents responsive to these requests.

10  MGA claims that beyond the spreadsheet, and as to the other requests,
11  "responsive documents simply do not exist."[4] To explain its failure to produce any
12  documents in response to Request Nos. 14 and 42, MGA asserts that Contreras and
13  Castilla did not share Mattel documents with MGA. But MGA has not actually
14  *searched* for responsive documents before making this claim. MGA's relevant
15  30(b)(6) witness had no idea whether MGA had ever searched the MGA hard drives

---

16

17  [1] See MGA Parties' Opposition to Motion to Compel Production of Documents
    Regarding Former Mattel Employees, dated May 19, 2010, at 4 [Dkt. No. 7889].
18  [2] See id. at 4-5.
19  [3] See id. at 4. In particular, the documents cited are all differently dated versions
    of the same spreadsheet, entitled "Promo Matrix." In each instance, it is the same
20  form with different data. See MGA 0283576 – MGA 0283601 (Promo Matrix 11-
    02-2006), MGA 0283825 – MGA 0283848 (Promo Matrix 08-30-2006), MGA
21  0283860 – MGA 0283883 (Promo Matrix 08-08-2006), MGA 0283924 – MGA
22  0283951 (Promo Matrix 06-30-2006), MGA 0283952 – MGA 0283980 (Promo
    Matrix 07-11-2006), MGA 0283981 – MGA 0284008 (Promo Matrix 06-30-2006),
23  MGA 0284074 – MGA 0284074 (Promo Matrix 06-20-2006), MGA 1369873 –
24  MGA 1369900 (Promo Matrix 06-20-2006), MGA 0284075 – MGA 0284112
    (Promo Matrix 06-01-2006), MGA 1951068 – MGA 1951097 (undated Promo
25  Matrix), MGA 0296810 – MGA 0296836 (undated Promo Matrix), MGA 0293204
26  – MGA 0293226 (undated Promo Matrix), MGA 0274687 – MGA 0274713
    (undated Promo Matrix), MGA 0283800 – MGA 0283824 (undated Promo Matrix).
27  [4] MGA Opposition at 4.
28

1    of Contreras and Castilla.[5]  Similarly, MGA's relevant interrogatory responses do
2    not state that their hard drives have been searched.[6]  Likewise, MGA has clearly not
3    performed an adequate search for documents responsive to Request No. 28.  Dan
4    Cooney testified that MGA has never searched his MGA laptop, which he testified
5    contained documents he took from Mattel[7] – the precise documents sought in these
6    requests.  Indeed, there is no evidence that MGA has adequately searched its active
7    servers for Mattel documents,[8] and the searches that MGA does claim to have
8    undertaken have been generally limited to "a certain time frame around 2000-2001"
9    and "*may have* broadened" to some additional – and wholly unspecified – time
10    frame.[9]

11       Having failed to perform the most basic searches for responsive documents,
12    MGA's claim that it has complied with its obligations must be rejected.  MGA

---

[5]   See MGA 30(b)(6)(Ronald Brawer) Depo., Mar. 24, 2010, at 134:10-15 ("▮

▮).

[6]   See MGA Entertainment, Inc.'s Objections and Responses to Mattel, Inc.'s
Supplemental Set of Interrogatories, dated Feb. 8, 2008, at 48.

[7]   See Cooney Depo., Jan. 28, 2008, at 74:22-80:14; 82:15-84:18 ▮

▮) (objections omitted).

[8]   See MGA 30(b)(6)(Ronald Brawer) Depo., Mar. 24, 2010, at 144:20-23 ▮

[9]   MGA Entertainment, Inc.'s Objections and Responses to Mattel, Inc.'s
Supplemental Set of Interrogatories, dated Feb. 8, 2008, at 47(emphasis added).

1  should be compelled to produce all responsive documents to these requests.[10]  If
2  MGA has in fact produced all responsive documents, it suffers nothing by an order
3  compelling the production; its opposition to such an order only underscores the
4  concerns raised here.  Indeed, the Court has previously ruled that the "standard"
5  going forward is that motions to compel will be granted even after a party confirms
6  that it has produced all responsive documents.[11]

7      MGA cites testimony by Susan Kim purportedly supporting its claims that
8  documents responsive to Request No. 14 (regarding Nick Contreras) do not exist,[12]
9  arguing that "uncontroverted evidence establishes that Susan Kim never
10 downloaded any Mattel documents...."[13]  But the evidence is hardly uncontroverted.
11 MGA ignores Nick Contreras's own testimony that he had Mattel documents printed
12 in hard copy and sent to his home.[14]  This evidence does not support MGA's claim

13

14

15  [10]  Mattel has filed a motion before the Electronic Discovery Special Master to
    address MGA's many search deficiencies with respect to all previously compelled
16  requests, but that motion expressly does not apply to the requests at issue here,
    which have not yet been compelled by the Court.  See Mattel, Inc.'s Motion to
17  Compel MGA Parties to Perform Searches For Documents Consistent With The
18  Requirements of Fed. R. Civ. Proc. 34, dated May 25, 2010.
    [11]  March 11, 2010 Hearing Tr. at 20:25-21:15 (granting MGA's motion to
19  compel and noting: "So there's absolutely no reason for me, then, not to grant
20  MGA's motion, so I set the precedent and I set the standard.  And I'm going to
    deem, based on Mr. Zeller's representation that this has been completed; therefore,
21  MGA's motion is granted -- based upon the representation of Mr. Zeller.  There's
22  been compliance by Mattel.").
23  [12]  See MGA Opposition 4-5.
    [13]  Id.
24  [14]  See Contreras Depo., Jan. 28, 2008, at 85:2-7.  Moreover, Kim's testimony is
25  directly controverted by her written account of what happened when Contreras
    asked her to download Mattel documents.  █████████
26  ████████████████████████████████████████████████████
27  ████████████████████████████████████████████████████
    See Kim Depo., Jan. 18, 2010, at 68:8-69:4; Ex. 7680 (M0926818-822).  In any
28  (footnote continued)

-4-

1  that the requested documents do not exist, especially in the absence of any claim
2  that that MGA has produced all responsive documents.

3       MGA's refusal to state that it has produced all non-privileged responsive
4  documents must mean that it is either continuing to withhold responsive documents,
5  or its searches have been so inadequate that it cannot confirm that all responsive
6  documents have been produced. In any case, MGA should be compelled to produce
7  all responsive documents located after a full and proper search.

8       **B.   The Remaining Requests Are Not Duplicative, And In Any Event,**
9            **MGA Has Not Adequately Responded To Any Of Them**

10       The remaining requests of Mattel's Sixth Set seek the stolen Mattel
11  documents themselves. Request Nos. 13, 27, and 41 seek documents "created or
12  accessed" by Contreras, Cooney or Castilla that relate to "any MATTEL line list or
13  other document prepared by MATTEL." Request Nos. 11, 25, and 39 seek
14  documents "prepared, authored or created by MATTEL" that Contreras, Cooney, or
15  Castilla has "ever provided to, shown, described to, communicated to or disclosed in
16  any manner to MGA." These requests seek documents that are distinct from the
17  documents regarding the handling and use of Mattel documents sought by Request
18  Nos. 14, 28, and 42. Nevertheless, MGA asserts that, because it "responded" to
19  Request Nos. 14, 28, and 42 (as explained above, its response consists of a single
20  spreadsheet in response to No. 28), MGA need not produce any documents in
21  response to Requests Nos. 11, 13, 25, 27, 39, and 41. MGA provides no substantive
22  basis for its claim that these requests are somehow duplicative. Rather than offer
23  reasoned argument, MGA wrongly asserts that Mattel has conceded the point.[15]

24

25  event, Kim's deposition testimony does not relieve MGA of its obligation to search
26  for and produce responsive Contreras documents and, if anything, only shows that
27  full discovery into these contested issues is all the more crucial.
      [15]  See MGA Opposition at 5-6.
28

1  Mattel does not and never has.  When MGA raised this objection in the meet and
2  confer process, Mattel asked MGA to confirm that it is not withholding any non-
3  privileged responsive documents.  MGA refused to do so.[16]  MGA's Opposition
4  here similarly refuses to confirm that MGA has produced all documents responsive
5  to these requests.

6          The requests are not duplicative, and MGA should be compelled to produce
7  all documents responsive to them.

8          **C.    Request Nos. 12, 26 and 40 Are Not Overbroad**

9          Requests Nos. 12, 26 and 40 ask for "ALL DOCUMENTS created or
10 accessed by [Contreras, Cooney, or Castilla] REFERRING OR RELATING TO any
11 MATTEL product, plan, or business information."    MGA contends that these
12 requests are overbroad and that Mattel "agreed to withdraw" the requests.[17]  The
13 letter cited by MGA, however, demonstrates no such agreement because there was
14 none. Rather, Mattel agreed to "*propose a way to limit these requests*" in an attempt
15 to reach an informal resolution.[18]  Mattel then made a proposal in an attempt to
16 avoid motion practice, offering to exclude any responsive information MGA had
17 purchased from third-party vendors.[19]  MGA rejected this limitation and refuses to
18 produce *any* responsive documents, necessitating this motion.  This proposed and
19 rejected limitation scarcely constituted a withdrawal of the requests as MGA claims.

20        MGA's overbreadth arguments misread the requests, asserting that the
21 requests would capture virtually every document that Contreras, Cooney or Castilla
22 worked on at MGA, "especially where the document 'refers or relates' an MGA

23

24

---

25  [16]  <u>See</u> April 9, 2010 Letter from B. Dylan Proctor to William Molinski at 3.
    [17]  <u>See</u> MGA Opposition at 6.
26  [18]  March 26, 2010 Letter from William A. Molinski to B. Dylan Proctor at 4
27  (emphasis added).
    [19]  <u>See</u> April 9, 2010 Letter at 3.
28

1   product that somehow competes with a Mattel product."[20]  But the Requests seek
2   documents that refer or relate to "any *MATTEL* product," *not* to any MGA product.
3   The requests clearly do not call for every document Contreras, Cooney or Castilla
4   created, nor do they seek every document that relates to an MGA product.
5   Contreras, Cooney and Castilla are all former Mattel employees alleged to have
6   stolen Mattel documents and taken them to MGA.  Documents they created at MGA
7   that specifically relate to Mattel products are clearly relevant and likely to lead to
8   the discovery of admissible evidence relating to misappropriation and use of Mattel
9   trade secrets and confidential information, among other matters.  MGA should be
10  ordered to produce all responsive documents.

11  **II.    MGA HAS NOT PRODUCED ALL DOCUMENTS RESPONSIVE TO**
12          **REQUESTS 73 AND 74**

13          Request Nos. 73 and 74 of Mattel's Fourth Set of Requests seek documents
14  related to salary increases and bonuses given to former Mattel employees,
15  "including without limitation ALL DOCUMENTS REFERRING OR RELATING
16  TO the reasons therefor."[21]   MGA offers no arguments as to why these requests are
17  improper, and it has made no representations to having produced all responsive
18  documents.  MGA should be ordered to do so.

19          MGA claims it has already produced responsive documents.  But in support,
20  MGA points to a single spreadsheet and a handful of employment offer letters.[22]
21  These documents are clearly not the only responsive documents in MGA's
22  possession.  None of these documents offer any reasons for particular pay raises or
23  bonuses provided to former Mattel employees, nor do they even cover the full set of

---

24
25          [20]   MGA Opposition at 6.
        [21]   See Mattel, Inc.'s Fourth Set of Requests for Document and Things to MGA
26  Entertainment, Inc., dated October 26, 2007.
        [22]   See MGA Parties' Opposition to Motion to Compel Production of Documents
27  Regarding Former Mattel Employees, dated May 19, 2010, at 2 [Dkt. No. 7889].
28

1 former Mattel employees included within the scope of Requests 73 and 74. There is
2 no information regarding Janet Han or Marla Thompson. The Cooney and Castilla
3 letters both refer to "discretionary bonuses."[23]   Mattel's requests explicitly
4 encompass documents and communications that would specifically articulate the
5 reasons for any such "discretionary bonuses." But MGA has not identified any
6 documents that respond to this element of the requests.

7       MGA also points to evidence cited in Mattel's Motion regarding salary
8 increases for Cooney, Contreras and Brawer and argues on that basis that Mattel
9 already has responsive documents.[24] Mattel's possession of some relevant evidence
10 does not mean, however, that MGA has produced *all* responsive documents.
11 Indeed, MGA refuses to confirm that it has produced all responsive documents and
12 identifies no documents stating the reasons for any pay raises and bonuses. MGA
13 should be compelled to do so.

14      Finally, MGA complains that Mattel has waited too long to raise the issue of
15 MGA's incomplete production.[25]   But MGA recently compelled production of
16 hundreds of requests it had served as early as January 31, 2005, long before Mattel's
17 Fourth Set of Requests that are at issue here.[26] MGA cannot argue that Request
18 Nos. 73 and 74 are too old to compel, when MGA compelled requests that nearly
19 twice as old. See U.S. ex. rel. Purcell v. MWI Corp., 232 F.R.D. 14, 16 (D.D.C.
20 2005) (motion to compel discovery on requests served two years earlier not
21 untimely where discovery was ongoing and no trial date had been set). Moreover,
22 MGA does not claim it was prejudiced in any way, fatal to any delay objection.

23 _____

24   [23]   See Ex. 2157 (Cooney's Signed Offer Letter) and Ex. 6577 (Castilla's Offer
25 Letter).
     [24]   See MGA Opposition at 3.
26   [25]   See MGA Opposition at 1-2.
     [26]   See MGA's Motion to Compel Further Responses to MGA's Requests for
27 Production of Documents, dated September 23, 2009 [Dkt. No. 6816].
28

1   See, e.g., FDIC v. Garner, 126 F.3d 1138, 1146 (9th Cir. 1997) (granting petition to
2   enforce subpoenas two years after service because appellants "fail to demonstrate
3   any prejudice or other harm caused by the delay").  Finally, Mattel asked MGA to
4   produce all non-privileged responsive documents in December 2009.[27]  Given the
5   parties' ongoing and substantial document productions since that time, any delay has
6   only provided MGA with additional time to supplement its response and conduct
7   adequate searches as requested.  Nonetheless, MGA still refuses to do so.

### Conclusion

9        None of MGA's arguments excuses or explains the fact that MGA continues
10  to avoid producing responsive documents to Mattel's requests for documents
11  directly relevant to Mattel's trade secret claims.  Mattel respectfully requests that the
12  Court grant Mattel's motion.

14  DATED: May 25, 2010          QUINN EMANUEL URQUHART &
                                 SULLIVAN, LLP

17                              By
18                                 Michael T. Zeller
19                                 Attorneys for Mattel, Inc.

---

27  [27]  See December 7, 2009, Letter from James J. Webster to William Molinksi.