1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
2    John B. Quinn (Bar No. 090378)
     johnquinn@quinnemanuel.com
3    Michael T. Zeller (Bar No. 196417)
     michaelzeller@quinnemanuel.com
4    Jon D. Corey (Bar No. 185066)
     joncorey@quinnemanuel.com
5  865 South Figueroa Street, 10th Floor
   Los Angeles, California  90017-2543
6  Telephone:  (213) 443-3000
   Facsimile:   (213) 443-3100

7  Attorneys for Mattel, Inc.

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10                  SOUTHERN DIVISION

11  MATTEL, INC., a Delaware          CASE NO. CV 04-9049 DOC (RNBx)
    corporation,                       Consolidated with
12                                      Case No. CV 04-09059
                 Plaintiff,            Case No. CV 05-02727
13
         vs.                           Hon. David O. Carter
14
    MGA ENTERTAINMENT, INC., a        [PUBLIC REDACTED] MATTEL,
15  California corporation, et al.,    INC.'S NOTICE OF MOTION AND
                                       MOTION TO ENFORCE THE
16               Defendants.           COURT'S JANUARY 26TH ORDER RE
                                       COMMUNICATIONS WITH LAW
17  _____        ENFORCEMENT REGARDING
    AND CONSOLIDATED ACTIONS           ALLEGED THEFT OF TRADE
18                                     SECRETS

19                                     Date: TBD
                                       Time: TBD
20                                     Courtroom: 9D

21                                     **Phase 2**
                                       Discovery Cut-off:  TBD
22                                     Pre-trial Conference:  TBD
                                       Trial Date:  TBD
23

24

25

26

27

28

1  TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2          PLEASE TAKE NOTICE that on a date and at a time to be determined, in the

3  Courtroom of The Honorable David O. Carter, located at 411 West Fourth Street, Santa

4  Ana, California 92701, plaintiff Mattel, Inc. ("Mattel") will, and hereby does, move the

5  Court to enforce the Court's January 26th, 2010 Order compelling MGA to produce all

6  communications by or on behalf of any of the MGA Parties with law enforcement in

7  Mexico, Canada, and/or the United States that refer or relate to any alleged theft or

8  taking of alleged Mattel confidential or trade secret information by MGA or persons

9  currently or formerly employed by MGA or any other allegation contained in Mattel's

10  claims in this action.

11          This Motion is based upon this notice of Motion and accompanying

12  memorandum of points and authorities, and all other matters of which the Court may

13  take judicial notice.

14                          **Local Rule 7-3 Certification**

15          Mattel met and conferred with MGA regarding this Motion on April 13, 2010

16  and various times thereafter.

17

18  DATED: May 25, 2010                 QUINN EMANUEL URQUHART &
                                         SULLIVAN. LLP
19

20                                       By_/s/ Michael T. Zeller
21                                         Michael T. Zeller
                                           Attorneys for Mattel. Inc.
22

23

24

25

26

27

28

1

**Preliminary Statement**

2         The Court's January 26th Order Regarding Discovery Matters ordered the MGA

3   Parties to produce all communications between any of the MGA Parties and law

4   enforcement in Mexico, Canada, and the United States relating to Mattel's trade secret

5   theft claims.  In response, MGA has produced a single email between Isaac Larian and

6   an Assistant United States Attorney, and a handful of apparent attachments to

7   communications that themselves have not been produced.  Thus, MGA has produced no

8   communications with law enforcement in Canada, no communications with law

9   enforcement in Mexico, and only one email with law enforcement in the United States.

10        MGA and its current and former employees have been investigated by law

11  enforcement in all three countries.  In Mexico alone, authorities have seized documents

12  from MGA Mexico's offices and a criminal prosecution of three MGA Mexico

13  employees has been ongoing for years – with over 10 million pesos (approximately

14  $700,000) in legal fees alone paid by the MGA Parties that Mattel is aware of.[1]  Yet,

15  MGA would have the Court believe that it does not possess a single communication

16  made on behalf of any of the MGA Parties with any member of Mexican law

17  enforcement.

18        These documents are relevant.  These documents are not privileged.  The Court

19  has ordered their production, and indeed MGA has demanded and obtained the same

20  discovery from Mattel.  The non-compliance by the MGA Parties must end, and the

21  Court should enforce its January 26th Order.

22

---

23  [1]   The amount may be higher and MGA's involvement may be even more
    extensive than discovery has shown to date, given MGA's shifting claims about its
24  relationship to Gustavo Machado or Marianna Trueba.  As the Court will recall,
25  MGA repeatedly represented to the Court (including at least one instance where
    Isaac Larian was sitting at counsel's table) that MGA was not paying and had not
26  paid for months of attorney's fees for either Machado or Trueba.  Subsequently
27  compelled document discovery showed those representations to be false.  See
    MGA2 1205771-75, MGA2 1205776-781, MGA2 1205782-85, MGA2 1205786-89,
28  MGA2 1205790-91, and MGA2 1205795-5801.

1

**Background**

2

    MGA Produces Virtually No Documents In Response To The Court's Order.

3    The Court's January 26th Order Regarding Discovery Matters compelled the following:

4        [T]he MGA Parties shall, on or before February 2, 2010, produce to

5        Mattel all communications by or on behalf of any of the MGA Parties

6        with law enforcement in Mexico, Canada, and/or the United States that

7        refer or relate to any alleged theft or taking of alleged Mattel confidential

8        or trade secret information by MGA or persons currently or formerly

9        employed by MGA or any other allegation contained in Mattel's claims in

10       this action.

11   Dkt. No. 7434 at 5. After two Court-approved extensions, the MGA Parties produced

12   documents on February 16, 2010.[2]  MGA's production, however, contained only one

13   communication pursuant to this provision of the Court's Order.

14       The Parties' Conference and MGA's Subsequent Confirmation.  Mattel raised this

15   deficiency in a meet and confer letter dated April 11, 2010.[3]  On April 13, in a

16   telephonic meet and confer, counsel for MGA represented that MGA had produced all

17   communications between any MGA party and law enforcement in the U.S., Mexico or

18   Canada.[4]  Counsel for MGA also agreed to provide Mattel with Bates numbers for the

19   communications MGA had produced.[5]

20       On April 19, 2010, MGA again asserted that it had produced all communications

21   and provided the Bates-numbers of twelve documents.[6]  MGA added that "during our

22

23       [2]   See Dkt. No. 7482, at 4.
24       [3]   See letter from Marshall M. Searcy to Glen Liu, dated April 11, 2010.
         [4]   See letter from Diane C. Hutnyan to counsel for MGA, dated April 13, 2010.
25       [5]   Id.
26       [6]   See letter from Glen Liu to Diane C. Hutnyan, dated April 19, 2010.  In a
27   recent brief, MGA repeated this assertion: "On April 19, 2010, MGA's counsel
     certified in writing to Mattel that all communications with law enforcement had
28   been produced."  Dkt. No. 7887 at 3.

1  review, we identified one additional responsive document. This document is attached

2  and will be produced promptly."[7]

3       The Nature of the Documents Produced.  Of the 13 documents purportedly

4  identified by MGA in its letter, only one is an actual communication between a current

5  or former employee from the MGA Parties and law enforcement. This is an email from

6  ███████████████████████████████████████████████████████████████

7  ███████████████████████████████████████████████████████████████

8  ███████████████████████████████████████████████████████████████

9  ███████████████████████████████████████████████████████████████

10 ████████████████████████████"[8]   Of the other 12 documents, 11 are

11 communications between Jorge Castilla and MGA employees,[9] and the twelfth is a

12 diagram and timeline of filing dates in the litigation.[10]  There is no indication on the

13 face of these 12 documents that they represent communications with law enforcement.

14 That they were identified by MGA as responsive to the Court's January 26th Order

15 suggests that they were attachments to communications to law enforcement. If so,

16 MGA has not produced those communications.

17      Among these 13 documents that represent MGA's entire claimed production,

18 there is not a single communication regarding allegations of trade theft by MGA

19 employees in Canada.  There is not a single communication regarding allegations of

20 trade theft by MGA employees in Mexico.  And there is only one communication

---

21  [7]  See letter from Glen Liu to Diane C. Hutnyan, dated April 19, 2010.  MGA

22  later stated in a brief that the document was "located and produced on April 19,
    2010."  See Dkt. No. 7887 at 3.  However, despite MGA's representation, MGA did

23  not make any production on that day, and it appears this document has still not been

24  produced.

25  [8]  See MGA2 0774521.
    [9]  See C00445-46; MGA 0877236-37; MGA 0877251-52; MGA 0877238-39;

26  MGA 0877240; MGA 0877241; MGA 0877248; MGA 0877249-250; MGA

27  0877251-52; MGA 0877242-47; MGA 1120680-81.
    [10]  This document, which was attached to MGA's April 19 letter, does not have a

28  Bates-number.

1    regarding allegations of trade theft by MGA employees in the United States.  Moreover,

2    only <u>one</u> of these documents was produced after the Court's January 26th Order.[11]  Ten

3    of them were produced in 2007, and one of them was produced before January 26, 2010

4    – and not by MGA, but rather by Mr. Castilla.

5                                    <u>**Argument**</u>

6    I.     <u>**MGA'S PRODUCTION IS MANIFESTLY DEFICIENT**</u>

7          A.     <u>**MGA Has Produced A Single Email In Response To Issue 7 Of The**</u>

8                 <u>**Court's January 26th Order**</u>

9          The language of the Court's Order could not be more clear.  The MGA Parties

10   were compelled to produce "all communications by or on behalf of any of the MGA

11   Parties with law enforcement in Mexico, Canada, and/or the United States that refer or

12   relate to any alleged theft or taking of alleged Mattel confidential or trade secret

13   information by MGA or persons currently or formerly employed by MGA or any other

14   allegation contained in Mattel's claims in this action."  The Court also provided

15   guidance regarding the scope of the Order by directing that "communications in the

16   MGA Parties' possession that were made by former employees of the MGA Parties are

17   discoverable, as they fall within the time period contemplated by Mattel's RICO

18   allegations." Dkt. No. 7434 at 5.

19         However, MGA's production consists of one email, eleven documents that are

20   not communications with law enforcement, and one document that was produced by

21   Jorge Castilla.[12]  This is patently incomplete.  MGA's non-compliance with the Court's

22   Order is apparent both from what was produced and from what was not.  Among the 13

23   documents MGA points to as constituting all of its communications with law

24   enforcement are 12 documents that are not communications with law enforcement at

25   all.  Rather, they are communications between Jorge Castilla and MGA officers and

26   employees.  There is no indication on the face of these documents that they have

27   ───────────────────────────

      [11]  This document is Bates stamped MGA2 0774521.

28   [12]  This document is Bates-stamped C00445-46.

                                        -4-

1  anything to do with communications with law enforcement. If these were attachments
2  to communications with law enforcement, MGA has failed to produce the
3  communications themselves, in violation of the Court's Order.[13]

4      Equally incriminating is what the MGA Parties have <u>not</u> produced. They have
5  not produced any communications with law enforcement in Mexico. They have not
6  produced any communications with law enforcement in Canada. They have not
7  produced any communications with law enforcement regarding investigations into the
8  trade secret thefts of Ron Brawer, Dan Cooney or Nick Contreras. They have not even
9  produced any communications with law enforcement dealing with the substance of
10  allegations against Jorge Castilla – despite the fact that he was under investigation by
11  the Department of Justice and has been indicted and charged with two felonies in
12  California Superior Court.[14]

13      In contrast, when MGA moved to compel and Mattel was ordered by the
14  Discovery Master to produce documents responsive to a virtually identical request for
15  production,[15] it produced over 3000 pages of documents. This included dozens of
16  letters and emails with the United States Attorneys' Office regarding the investigation
17  of Jorge Castilla, multiple communications with Canadian law enforcement regarding
18  Janine Brisbois's trade secret theft, and over 400 pages of communications with

19      [13]  If these were not attachments to communications with law enforcement, then
20  MGA has only produced <u>a single document</u> responsive to the Court's Order.
21      [14]  See <u>The People of the State of California v. Jorge Reynaldo Castilla</u>, Felony
     Complaint and Arrest Warrant, Case No. BA368861 (Count 1: Fraudulent Computer
22  Access, in violation of Penal Code Section 502(c) (1); Count 2: Theft of Trade
23  Secrets, in violation of Penal Code Section 499c (b)(1).
     [15]  MGA's RFP No. 526 sought "All DOCUMENTS that constitute
24  COMMUNICATIONS between YOU (including YOUR agents and attorneys) and
25  law enforcement authorities in Mexico, Canada, or the United States, including but
     not limited to the United States Attorney's Office, the Department of Justice and any
26  national, regional, state or local authorities, concerning any of the allegations in
27  YOUR COUNTERCLAIMS or any other alleged taking of confidential MATTEL
     information by MGA or persons currently or formerly employed by MGA." See
28  Discovery Matter Order No. 6 (Dkt. No. 5018 at 10, 19).

1    Mexican law enforcement regarding Mattel's trade secret claims in Mexico.  And that

2    was in addition to the almost 20,000 pages of Mexican judicial documents that Mattel

3    had already produced in the litigation, which themselves included communications with

4    prosecutors and other law enforcement personnel.

5        **B.**    **MGA May Not Justify Non-Compliance on Privilege Grounds**

6        The Court ordered the production of "all" communications, not "all non-

7    privileged" communications.  See Dkt. No. 7434 at 5.  That was for good reason here.

8    No privilege can attach to any of these communications.  Communications with or

9    disclosed to a third party, such as law enforcement, are not privileged.  See Vingelli v.

10   United States, 992 F.2d 449, 454 (2d. Cir. 1993) (attorney-client privilege "protects

11   confidential communications made for the purpose of obtaining legal advice") (citation

12   omitted); In re Grand Jury Subpoenas, 179 F. Supp. 2d 270, 283 (S.D.N.Y. 2001) ("the

13   privilege does not attach to communications that are intended to be or are disclosed to

14   third parties").

15   **II.**    **IF MGA CONTENDS ITS PRODUCTION IS COMPLETE, IT SHOULD**

16           **BE ORDERED TO DEMONSTRATE THE DILIGENCE OF ITS**

17           **SEARCH EFFORTS**

18       MGA may claim, as it has to Mattel, that its production of a single email is

19   complete.  If that is its position, MGA should be required to demonstrate that it has

20   conducted a reasonable, diligent search for the documents now at issue, including

21   pursuant to the Court's January 26th Order.  Indeed, the burden is on MGA to

22   demonstrate the sufficiency of its search efforts; if it cannot show that its searches were

23   diligent, supplemental searches should be ordered.  See, e.g., In re Seroquel Prods.

24   Liab. Litig., 244 F.R.D. 650, 660 n.6, 662 (M.D. Fla. 2007) (compelling supplemental

25   searches where defendant failed to provide information "as to how it organized its

26   search for relevant material, [or] what steps it took to assure reasonable completeness

27   and quality control"); Victor Stanley, Inc. v. Creative Pipe, Inc., 250 F.R.D. 251, 261

28   (D. Md. 2008) ("*ipse dixit* pronouncements from lawyers unsupported by an affidavit or

-6-

1  other showing that the search methodology was effective for its intended purpose are of

2  little value to a trial judge who must decide a discovery motion aimed at either

3  compelling a more comprehensive search or preventing one"). MGA's *ipse dixit*

4  pronouncement that one email constitutes a complete production is manifestly

5  implausible and should not be accepted.

<u>**Conclusion**</u>

For the foregoing reasons, Mattel respectfully requests that the Court grant

Mattel's Motion and enforce the Court's January 26th Order.

DATED: May 25, 2010

QUINN EMANUEL URQUHART &
SULLIVAN. LLP

By /s/ Michael T. Zeller
Michael T. Zeller
Attorneys for Mattel. Inc.