QUINN EMANUEL URQUHART & SULLIVAN, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation,<br><br>              Plaintiff,<br><br>       vs.<br><br>MGA ENTERTAINMENT, INC., a California corporation,<br><br>              Defendants.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 DOC (RNBx)<br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>Hon. David O. Carter<br><br>**REPLY IN SUPPORT OF MATTEL, INC.'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS IN RESPONSE TO MATTEL'S REQUESTS FOR DOCUMENTS CONCERNING USE OF TRADE SECRETS**<br><br>Date: TBD<br>Time: TBD<br>Place: Courtroom 9D<br><br>**Phase 2**<br>Discovery Cut-off: TBD<br>Pre-trial Conference: TBD<br>Trial Date: TBD |

**PUBLIC REDACTED VERSION**

00505.07975/3514011.1

MATTEL'S REPLY ISO MOTION TO COMPEL RE USE OF MATTEL TRADE SECRETS

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ..................................................................................1

ARGUMENT ..............................................................................................................1

I. MGA REFUSES TO PRODUCE RELEVANT DOCUMENTS .................1

    A. Mattel's Requests Were Not Barred By The January 26 Order......................................................................................................1

    B. MGA Improperly Refuses to Produce Documents Relating to Pricing Information and Strategy................................................................4

    C. MGA Refuses to Produce Documents Concerning Criminal Investigations/Prosecutions of MGA for Trade Secret Theft ...........6

    D. Mattel's Requests Regarding Use of Additional Mattel Confidential Information are Tailored and Relevant........................8

II. MGA FAILS TO ADDRESS ITS STEADFAST REFUSAL TO COLLECT AND SEARCH FOR RESPONSIVE DOCUMENTS .............9

CONCLUSION ........................................................................................................10

## **TABLE OF AUTHORITIES**

**Page**

### Cases

Uniram Tech. v. Taiwan Semiconductor Mfg. Co.
   617 F. Supp. 2d 938 (N.D.Cal, 2007) ..................................................................6

Vinyl Interactive, LLC v. Guarino,
   2009 U.S. Dist. LEXIS 41498 (N.D.Cal. 2009) ...................................................5

Whyte v. Schlage Lock Co.
   101 Cal. App. 4th 1443 (2002) .............................................................................5

## Preliminary Statement

Instead of addressing the production deficiencies identified in Mattel's Motion, MGA's Opposition misstates the Court's January 26 Order, Mattel's requests and the law. First, while the Court's January 26 Order addressed certain discovery disputes pending between the parties, it has not – as MGA claims – put a stop to all further discovery into topics related to those disputes. The Requests identified in Mattel's Motion do not fall within the scope of the January 26 Order and are not limited by it. Indeed, MGA itself has on multiple occasions sought and obtained additional discovery beyond the January 26 Order, even on topics addressed by the Order. In any event, MGA's production in response to the January 26 Order is itself deficient. Second, contrary to MGA's claim, trade secret misappropriation may be proven by circumstantial evidence, and California's rejection of the unrelated doctrine of inevitable disclosure does not change this. Mattel's requests, even where they seek circumstantial evidence of use, are relevant to Mattel's claims. Finally, in its effort to paint Mattel's Requests as overbroad, MGA omits *express* limitations in the text of a number of these Requests.

Mattel seeks documents relevant to Mattel's trade secret misappropriation and RICO claims. MGA continues to flout its obligation to search for and produce responsive documents. Mattel's motion to compel should be granted.

## Argument

### I. MGA REFUSES TO PRODUCE RELEVANT DOCUMENTS

#### A. Mattel's Requests Were Not Barred By The January 26 Order

MGA glosses over the Requests seeking forecasting and inventory information: it does not claim that it has complied, nor does it raise any applicable

legal objection.[1] It does so because these requests are appropriately tailored to seek relevant categories of information regarding the development, customization and rapidly-growing sophistication of what started as ████████████ ████████ throughout the operative period.[2] ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████[4] And the collection of information that Castilla took from Mattel was a blueprint of the systems developed by the world's most sophisticated and successful toy company, ████████████████████████

---

[1] MGA oddly complains that Mattel's thirteen-page motion "does not even mention many of the requests at issue in its motion itself." Opp. at 10. The text of each request was set forth in the Appendices attached to the Motion.

[2] Nicole Coleman's Performance Assessment of Jorge Castilla for the Year 2007 [MGA2 0048977].

[3] Deposition Transcript of Nicole Coleman ("Coleman Tr."), dated January 5, 2010 at 97:19-98:2 ("████████████████████████████████████████████████████████████████").

[4] Coleman Tr. at 92:5-94:5, dated January 5, 2010 (████████████████████████████████████████████████████████████████████████████████████████████████████████████████). (Coleman Tr. at 99:17-18) (id. at 609:20-23), ████████████████████████████████████████████████████████████████████████████

1 ███████████████████████████████████████████████████████████

2 ████████████████████████████████.[6]

The Court's January 26 Order did not purport to address these Requests, nor did it conclude that nothing beyond a one-year period (six months before and six months after Castilla left Mattel) could ever be relevant to Mattel's claims regarding forecasting and inventory. Neither side has treated the January 26 Order as resolving all future discovery as to every issue addressed there. Indeed, that should be particularly clear because complex, integrated systems such as these often requiring collection of data over time to support additional functionalities, so the development process can take many months or years. This one-year period is but one chapter in the story, and nothing in the Order precludes Mattel from seeking additional discovery to support its claims.[7]

MGA's conclusory statements that it has produced all relevant information are demonstrably false. Using Coleman's deposition, Mattel identified over 40 different types of reports and other documents relating to MGA's forecasting, inventory, and demand planning systems that include evidence relating to changes to

---

[5] Nicole Coleman's Performance Assessment of Jorge Castilla for the Year 2007 [MGA2 0048983] (██████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████"); Coleman Tr. at 609:20-23 ("████████████████████████████████████████████████████████████████████").

[6] Id. ("████████████████████████████████████████████████████").

[7] In fact, the Court has more than once made clear that discovery is on-going, including most recently in its *sua sponte* denial of MGA's Summary Adjudication Motions on these claims as premature.

the system and the effect of those changes.[8] These items are all responsive to the requests at issue here. Yet, searches for these documents within MGA's production to date showed that Mattel has not received most of these reports.

Further, MGA has not even produced to Mattel the documents it claims in its Opposition. Notwithstanding MGA's claim that it produced "138 responsive documents containing 38,942 pages…," a thorough search of MGA's February 9, 2010 production to Mattel reveals only 32 responsive documents, totaling fewer than 2,000 pages, including six emails, four user manuals, two series of screen shots, and 16 charts (12 of which are incomplete and many of which are identical).[9]

### B. MGA Improperly Refuses to Produce Documents Relating to Pricing Information and Strategy

Mattel's Second RFP Set seeks documents showing MGA's possession and use of Mattel pricing information and strategies. MGA again argues that these requests are addressed by the Court's January 26 Order, and that they are "barred by fundamental principles of trade secrets laws," and overbroad or duplicative. Opp. at 6-7. MGA is wrong on all counts.

---

[8] See Coleman Tr.; See eg. Ex. 7531 ( ); Ex. 7548 ( ); Ex. 7555 ( ).

[9] One potential explanation for MGA's claim to have "produced" 38,942 pages responsive to paragraph 10 of the January 26, 2010 Order on February 9, 2010 is that those extra 36,000 pages were "produced" to the Court on an *in camera* basis. Mattel has no way to ascertain if that is true, but Mattel certainly did not receive that quantity of responsive documents.

The dispute regarding discovery of MGA pricing information submitted to the Court and resolved in the Court's January 26 Order was limited in scope (documents sufficient to show prices of product), limited in time frame (one year), and limited in subjects (Machado, Trueba and Vargas). Thus, the Order addressed only one part of the discovery into MGA pricing sought by Mattel, and did not mention the Second RFP Set or the rest of the former Mattel employees – Brawer, Cooney, Contreras and Brisbois – who stole a wide array of Mattel pricing strategy and information for use at MGA.

Further, MGA's claim that the doctrine of inevitable disclosure bars Mattel's discovery confounds two fundamentally different principles. There is a clear distinction between proving, by circumstantial evidence, that a trade secret *has already been misappropriated*, and relying on the inevitable disclosure doctrine, to enjoin a former employee based on the theory that unless enjoined, defendant inevitably *will misappropriate* a trade secret. The rejection of the latter doctrine does not, as MGA claims, prevent Mattel from obtaining discovery to show that MGA used Mattel information. The case that MGA cites, Whyte v. Schlage Lock Co., simply rejects the doctrine of inevitable disclosure because it creates an after-the-fact covenant not to compete. 101 Cal. App. 4th 1443, 1447 (2002). A plaintiff in Mattel's position is often necessarily dependent on circumstantial evidence -- and on the discovery which produces it -- to show use of these trade secrets by defendant. See generally Vinyl Interactive, LLC v. Guarino, 2009 U.S. Dist. LEXIS 41498, 22 (N.D. Cal., 2009) (prior to discovery, "it would be unreasonable to require [plaintiff] to demonstrate ... the precise ways in which Defendants may have used [plaintiff's] trade secrets").

Moreover, MGA paints the Requests as overbroad, but neglects to mention that, of the twelve requests related to pricing, Request Nos. 1-5 seek documents concerning *Mattel* pricing in MGA's possession (which MGA inexplicably refuses to produce), and Request Nos. 6-7 only seek a limited set of documents *sufficient to*

1  *show* net and gross pricing of MGA products. The remaining five requests are as
2  tailored as possible given MGA's long and systematic campaign of
3  misappropriating, among other things, Mattel pricing information through multiple
4  agents. Request Nos. 8-12 seek guidelines and strategy documents relied on by
5  MGA in setting prices since 2001, which would show MGA use of the stolen Mattel
6  pricing information in its business. This time period is necessary to establish that
7  MGA changed its practices after obtaining Mattel's information. The relevance of
8  such evidence is indisputable, as "[c]ircumstantial evidence is particularly
9  appropriate in trade secret cases." Uniram Tech. v. Taiwan Semiconductor Mfg.
10 Co., 617 F. Supp. 2d 938, 944 (N.D. Cal. 2007).[10]

11     MGA makes the unsupported claim that these requests are duplicative of
12 many previous requests for which documents have been produced. MGA does not
13 state, however, that it has produced all responsive documents. If MGA has
14 produced all responsive documents, it should be required to confirm this in a
15 supplemental response. If it has not, it should be compelled to produce all
16 responsive documents.

17     C. **MGA Refuses to Produce Documents Concerning Criminal**
18         **Investigations/Prosecutions of MGA for Trade Secret Theft**

19     Mattel's Request Nos. 76-94 of the Third RFP Set seek communications with
20 law enforcement *and* documents relating or referring thereto. MGA does not

---

22 [10] Furthermore, MGA itself has demanded and obtained Mattel information,
23 including detailed financial information, going as far back as 1998 and thus
    spanning well over a decade based on this same premise that information before the
24 relevant time is necessary to establish a baseline to compare against subsequent
25 events. See Phase 2 Discovery Matter Order No. 56 (Dkt. No. 6591) (granting
    MGA's discovery of detailed Mattel information on sales, revenue, cost, profits
26 from January 1, 1998 to the present). Having successfully urged that detailed
27 financial information from 1998 through the present is relevant, MGA can scarcely
    dispute its relevance now.
28

contend that Mattel is not entitled to this information. MGA simply contends again that, pursuant to the January 26 Order, it has already produced all responsive documents.[11] However, on January 26 MGA was ordered to produce only communications with law enforcement, *not* documents relating or referring thereto. Order at 5. Mattel's present motion to compel seeks the production of documents relating or referring to communications with law enforcement. MGA does not dispute that it has not produced these documents, nor does it offer any reason why their production should not be compelled.

Moreover, as shown in Mattel's Motion to Enforce the Court's January 26 Order Re: Communications with Law Enforcement Regarding Alleged Theft of Trade Secrets (hereafter "Mattel's Motion to Enforce January 26 Order"), filed concurrently with this Reply, MGA's production in response to the January 26 Order is itself deficient. MGA identifies *only thirteen documents* as responsive.[12] The deficiencies are obvious: MGA has produced (a) not a single communication regarding allegations of trade theft by MGA employees in Canada or Mexico; (b) only *one* communication regarding allegations of trade theft by MGA employees in the United States;[13] and (c) only *one* of these documents was produced after the

---

[11] In its opposition, claiming full compliance with the Order, MGA inexplicably reinserts the limiting language of "criminal proceedings *initiated by Mattel*" Opp. at 5 (emphasis added), where the Court's Order expressly took out the phrase "initiated by Mattel." Order at 5. MGA should be required to confirm that this reinsertion does not limit its production in any way.

[12] See Letter from G. Liu to D. Hutnyan, dated April 19, 2010, Dkt. No. 7887.

[13] Email from Isaac Larian to Sally Meloch (then-assistant United States Attorney), dated May 28, 2009, Re: "Info." ███████████████████████████████████████ " [MGA2 0774521] See also Mattel's Motion to Enforce January 26 Order.

Court's January 26 Order.[14] By contrast, when Mattel was ordered by the Discovery Master to produce documents responsive to a virtually identical request for production,[15] it produced over 3,000 pages of documents – in addition to the almost 20,000 pages of Mexican judicial documents that Mattel had already produced in the litigation that also included law enforcement communications.[16] MGA's limited production and objections to the requests concerning criminal investigations and prosecutions of MGA for theft of Mattel trade secrets are clearly deficient.

### D. Mattel's Requests Regarding Use of Additional Mattel Confidential Information are Tailored and Relevant

Mattel's Fourth RFP Set (Phase 1) seeks discovery into MGA's possession and use of additional Mattel trade secrets. MGA challenges as overbroad Mattel's Fourth RFP Set (Phase 1) – by purporting to summarize the requests. But in fact, MGA misstates them.

MGA misstates Request Nos. 20-29, 33-34, 39, 41-44, 46-47, 51 by neglecting to quote *express* language limiting the relevant timeframe to approximately one year after the employee who is the subject of each request joined MGA. For example, MGA contends that Mattel demands "[a]ll documents created, prepared or sent by Brisbois 'relating to Walmart or Toys 'R' Us,' Request Nos. 41-44." Opp. at 9. Not so. These requests are limited to Brisbois' first year at MGA – each is limited to the time period "prior to September 30, 2006 – the time during which she was arguably most likely to use the stolen Mattel documents.

---

[14] Id. Of the other 12 documents, 11 are communications between Jorge Castilla and MGA employees, and the twelfth is a diagram and timeline of filing dates in the litigation. There is no indication on the face of these documents that they represent communications with law enforcement.

[15] MGA's Request Nos. 526 and 528. See Discovery Matter Order No. 6 (Dkt. No. 5018 at 10, 19).

[16] See Mattel's Motion to Enforce January 26 Order.

Similarly, Mattel's Request Nos. 3-16 do not seek, as MGA claims, "any communication by any employee relating to Mattel or a Mattel product from January 1, 1998 to the present." Opp. at 8. To the contrary, the text of these requests makes clear that these requests seek only *Mattel* documents or MGA documents using or incorporating *Mattel* trade secrets that were received directly or indirectly from former or current Mattel employees or contractors. These documents are clearly relevant to show that MGA used the stolen Mattel trade secrets. MGA cannot possibly contend that it should not be compelled to produce *Mattel* documents or documents incorporating *Mattel* information in its possession because this may encompass a stray, innocent communication from a Mattel employee to MGA.

Request Nos. 100-105, which MGA challenges as "overreaching," seek information related to MGA's product line offerings and changes thereto from 2003 to 2008. Opp. at 8-9. These Requests do not overreach: they seek relevant information evidencing use or incorporation of Mattel product line information in MGA's own product line. The requested time period (from 2003 to 2008) is necessary to enable Mattel to compare MGA's product line before and after the various thefts in the years 2004 to 2006.

Last, MGA's contention that Mattel is "again ignoring" the Court's January 26 Order is wrong. Mattel's Fourth RFP Set at issue here were not raised by Mattel in the briefing that preceded to the January 26 Order, nor discussed in the Order. That Order simply does not concern Mattel's Fourth RFP Set.

## II. MGA FAILS TO ADDRESS ITS STEADFAST REFUSAL TO COLLECT AND SEARCH FOR RESPONSIVE DOCUMENTS

MGA does not address, even indirectly, its failure to collect and search for much of the information sought by Mattel, despite evidence and testimony from

MGA current and former employees that documents relating to MGA's use of stolen Mattel trade secrets exist.[17] In addition, MGA fails to address the inherent deficiency of whatever searches it can claim to have conducted to date, given that it has yet to search its Archive One repository of emails older than 90 days.[18]

### Conclusion

MGA's arguments fail to address the issues raised by Mattel's Motion to Compel. MGA has nothing to say about its continued refusal to produce responsive documents to Mattel's requests seeking evidence of trade secret use. The Court should grant Mattel's Motion.

DATED: May 25, 2010

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By /s/ Michael T. Zeller
Michael T. Zeller
Attorneys for Mattel, Inc.

---

[17] See Mattel's Motion at 12:1-17.
[18] Report and Recommendation of Special Master (E-Discovery), dated January 21, 2010 (Special Master Smith, faced with MGA's refusal to search ArchiveOne, noted that "it is logical to assume the greater portion of potentially relevant information would be contained in the e-mail that was more than 90 days old, the full text of which can only be found in the ArchiveOne database.").