QUINN EMANUEL URQUHART & SULLIVAN, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  michaelzeller@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>MGA ENTERTAINMENT, INC., a California corporation, et al.,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 DOC (RNBx)<br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>DISCOVERY MATTER<br><br>Hon. David O. Carter<br><br>MATTEL, INC.'S REPLY IN SUPPORT OF MOTION TO COMPEL DOCUMENTS FROM MGAE DE MEXICO, S.R.L DE C.V. AND MGA ENTERTAINMENT, INC.<br><br>Date: TBD<br>Time: TBD<br>Place: Courtroom 9D<br><br><u>Phase 2</u><br>Discovery Cut-off: TBD<br>Pre-trial Conference: TBD<br>Trial Date: TBD |

# **TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ................................................................................ 1

ARGUMENT .............................................................................................................. 1

I. THE COURT SHOULD COMPEL DOCUMENTS RESPONSIVE TO THE TRAVEL AND TRANSFER REQUESTS ................................................ 1

    A. The Court Should Compel First Set (Phase 1) Requests 19 And 20 .................................................................................................................. 1

    B. The Court Should Compel Second Set (Phase 2) Requests 22 And 23 ............................................................................................................... 2

    C. The Court Should Compel First Set (Phase 2) Requests 21 and 24 ........ 4

II. THE COURT SHOULD ORDER MGA TO PRODUCE DOCUMENTS RESPONSIVE TO THE SEVENTH SET OF REQUESTS (PHASE 2) ................................................................................................. 5

    A. MGA Should Be Compelled To Produce The Documents It Has Agreed To Produce ..................................................................................... 5

    B. MGA's Objections To The Balance of Mattel's Requests Fail .............. 6

CONCLUSION ......................................................................................................... 10

# TABLE OF AUTHORITIES

**Page**

## Cases

Athridge v. Aetna Cas. & Sur. Co.,
    184 F.R.D. 181 (D.D.C. 1998) ................................................................. 3

Diamond State Ins. Co. v. Rebel Oil Co., Inc.,
    157 F.R.D. 691 (D. Nev. 1994) ................................................................ 2

Hanger Prostherics & Orthotics, Inc. v. Capstone Orthopedic, Inc.,
    556 F. Supp. 2d 1122 (E.D. Cal. 2008) .................................................... 3

Lamoureux v. Genesis Pharmacy Servs., Inc.,
    226 F.R.D. 154 (D. Conn. 2004) .............................................................. 5

Musick v. Burke,
    913 F.2d 1390 (9th Cir. 1990) ................................................................. 5

United States v. Rone,
    598 F.2d 564 (9th Cir. 1979) ................................................................... 5

## Statutes

Fed. R. Civ. P.
    Rule 34 ..................................................................................................... 2

# PRELIMINARY STATEMENT

MGA Mexico insists that the "bulk" of "relevant" documents concerning the transfer and travel of Machado, Trueba, and Vargas "have been produced" even though it never served supplemental responses or otherwise indicated that it was responding to *any* of these requests. Opp. at 1. The meager list of documents identified in its Opposition belies any such assertion. And as for the trade secret theft documents sought in Mattel's Seventh Set of Requests, MGA Mexico does not deny that it both agreed to produce documents in response to more than two dozen of the requests and yet, without explanation, failed to actually produce the documents. The Court should order MGA Mexico to produce all the documents sought in this Motion.

# ARGUMENT

## I. THE COURT SHOULD COMPEL DOCUMENTS RESPONSIVE TO THE TRAVEL AND TRANSFER REQUESTS

### A. The Court Should Compel First Set (Phase 1) Requests 19 And 20

MGA Mexico does not dispute the propriety of these requests or raise any objections to them. Instead, it claims—for the first time in its opposition, and in contradiction to the text of its written responses[1]—to have fully responded to them. Since MGA Mexico already claims that "all documents responsive to [Request 19 and 20] in this First Set (Phase 1) . . . have been produced," Opp. at 2, it cannot complain about an Order compelling full production. As it has done in the past, the Court should compel compliance so the record of MGA Mexico's obligations is clear.[2]

---

[1] Mot. at 2.

[2] March 11, 2010 Hearing at 20:25-21:15 (MGA's motion to compel production of Mattel's internal agreements regarding trade secrets: "THE COURT: So there's absolutely no reason for me, then, not to grant MGA's motion, so I set the precedent and I set the standard. And I'm going to deem, based on Mr. Zeller's representation that this has been completed; therefore, MGA's motion is granted—based upon the representation of Mr. Zeller. There's been compliance by Mattel.").

In any case, MGA Mexico's claims of compliance are incredible, making the need for an order clarifying its obligations all the more clear. More than half the documents cited in MGA Mexico's Appendices as responsive to these requests were produced by *MGA* during fall of 2007 in response to *different* requests propounded before Mattel even served the requests now at issue on MGA Mexico.[3] As the Discovery Master has recognized previously, "MGA Mexico and MGA are separate defendants with independent obligations to respond to discovery . . . . Mattel is entitled to have MGA Mexico produce documents for purposes of authentication and because MGA Mexico's possession of particular documents is at issue."[4]

### B. The Court Should Compel Second Set (Phase 2) Requests 22 And 23

MGA Mexico claims that it has partially responded to the requests seeking documents referring or relating to international travel by Machado, Vargas or Trueba. But, it has limited its production to documents related to what MGA Mexico

---

[3] As to Request 19, 26 of the 31 documents cited in MGA Mexico's Appendix A were not produced by MGA Mexico. See MGA 0202852-MGA 0202855 (produced on 9/17/2007); MGA 0202856-MGA 0202860 (9/17/2007); MGA 0203358-MGA 0203359 (9/17/2007); MGA 0869689-MGA 0869691 (9/14/2007); MGA 0869687-MGA 0869688 (9/14/2007); MGA 0869684-MGA 0869686 (9/14/2007); MGA 0228645-MGA 0228646 (9/17/2007); MGA 1118894-MGA 1118896 (9/17/2007); MGA 0228642-MGA 0228644 (9/17/2007); MGA 0869679-MGA 0869683 (9/14/2007); MGA 0228634-MGA 0228637 (9/17/2007); MGA 0439438-MGA 0439449 (9/17/2007); MGA 0887406-MGA 0887425 (10/17/2007); MGA 1118883-MGA 1118893 (9/17/2007); MGA 0228647-MGA 0228648 (9/17/2007); MGA 0230198-MGA 0230200 (9/17/2007); MGA 0869669-MGA 0869670 (9/14/2007); MGA 0869654-MGA 0869657 (9/14/2007); MGA 0869658-MGA 0869660 (9/14/2007); MGA 0869661-MGA 0869665 (9/14/2007); MGA 0869666-MGA 0869667 (9/14/2007); MGA 0869668 (9/14/2007); MGA 0869714 (9/14/2007); MGA 3512652-MGA 3512660 (11/16/2007); MGA 0869725 (9/14/2007); MGA 0228638-MGA 0228641 (9/17/2007). As to Request 20, 2 of the 12 documents cited in MGA Mexico's Appendix B as responsive were not produced by MGA Mexico. See MGA 011025-MGA 0110297 (9/07/2007); MGA 1126338 (9/17/2007).

[4] Docket No. 6437 at 10 n.5 (citing Fed. R. Civ. P. 34 and Diamond State Ins. Co. v. Rebel Oil Co., Inc., 157 F.R.D. 691, 697 (D. Nev. 1994)).

unilaterally deems to be "*relevant* travel." Opp. at 3. MGA Mexico cannot cherry pick which responsive documents it will produce and which it will withhold.[5] Machado, Vargas and Trueba are all critical Phase 2 witnesses. The conduct of each of them throughout their tenure at MGA, when they have had the ability to use the trade secrets they stole, is directly at issue in Mattel's RICO and trade secret misappropriation claims. Documents relating to their international travel are likely to lead to the discovery of admissible evidence, including evidence showing the full scope and extent of their work for and relationship with Larian and other RICO conspirators and evidence going to jurisdictional issues being pressed by MGA Mexico at this very moment.[6] There is no appreciable burden in producing these documents; indeed, none is even claimed. The requests should be compelled.

    MGA Mexico's Appendices demonstrate the deficiencies of its production. MGA Mexico identifies a handful of "relevant" trips taken during 2004 and 2005 in its Appendix B, but it does not explain whether other trips were taken during or after that time period or what other responsive documents it has omitted from its production. Moreover, the only documents with any detail relate to Vargas' travel and Machado's *one trip* to Los Angeles in April 2004, which is certainly far from a complete

---

[5] As the Discovery Master has advised MGA Mexico in the past, "[a] party propounding discovery is entitled to a plain understanding of what is being produced, and what is not. A party may not make a vague statement that it is producing relevant documents—and withholding irrelevant ones—without any indication of what documents it believes relevant or irrelevant." See Docket No. 6437, at 19-20 (citing Athridge v. Aetna Cas. & Sur. Co., 184 F.R.D. 181, 190 (D.D.C. 1998)).

[6] See generally Docket No. 7834 (Motion of MGAE de Mexico to Dismiss for Lack of Personal Jurisdiction and on Ground of Forum Non Conveniens). MGA Mexico argues that the travel of Vargas and Trueba is not relevant because they are not named defendants or named RICO enterprise members. Opp. at 6. But of course, their actions can be imputed to their employer, MGA Mexico, which is named as both a defendant and an enterprise member. Hanger Prostherics & Orthotics, Inc. v. Capstone Orthopedic, Inc., 556 F. Supp. 2d 1122, 1134 (E.D. Cal. 2008).

1 production.[7] The Machado travel spreadsheets MGA Mexico adverts to are facially
2 incomplete.[8] MGA Mexico's entire production related to Trueba's travel consists of *2*
3 *emails* that briefly allude to her.[9]  Last week, Ms. Trueba testified that she had
4 traveled to Los Angeles on at least two occasions, one of which was specifically
5 related to Mattel.[10]  This production is demonstrably incomplete.

6      Indeed, MGA Mexico does not claim it is complete. The claim it does make —
7 that it should be licensed to produce whatever responsive documents it deems
8 relevant, and to withhold the balance—should be rejected.

9      **C.**     <u>**The Court Should Compel First Set (Phase 2)Requests 21 and 24**</u>

10      MGA Mexico categorically refuses to produce *any* documents responsive to
11 Requests 21 and 24 of the First Set (Phase 2), which seek documents referring or
12 relating to travel by Vargas or Trueba on or after March 1, 2007. As above, these
13 requests are relevant to show the full scope and extent of their relationship to the
14 alleged Criminal Enterprise (and that of their employer, MGA Mexico, which is a
15 named member of that enterprise), as well as to jurisdictional issues being pressed by
16 MGA Mexico and RICO jurisdiction issues. Whether these MGA Mexico employees'
17 travel occurred before or after 2007, Mattel can rely on it to demonstrate "a [minimal]

---

[7] MGA 0110295 – MGA 0110297 (Machado's trip to Los Angeles); MGA2 0258322-333, MGA2 0258282-299, MGA20258260-262, MGA2 0258241-248 (Vargas' travel). MGA Mexico's failure to produce detailed materials related to Machado's other travel is particularly suspicious given MGA Mexico's production of such information for Vargas. <u>Compare</u> MGA2 0206494 (generic spreadsheet containing limited data regarding Machado's travel), <u>with</u> MGA2 0258322 (detailed travel records regarding Vargas' travel including dining and tax receipts, hotel invoices, and cancelled checks).

[8] MGA2 0206494 (9/16/2009); MGA2 0206500 (9/16/2009); MGA2 0259052 (9/21/2009); MGA2 0206512 (9/16/2009); MGA2 0206533 (9/16/2009). These Excel spreadsheets purport to partially summarize Machado's travel, but they contain minimal information consisting largely of travel dates, general categories, and gross expenses.

[9] <u>See</u> MGA 112638; MGA2 0248572.

[10] Trueba Dep. Tr. at 180:22-185:2 (Rough) (5/20/2010).

nexus of the [RICO] enterprise to interstate or foreign commerce,"[11] and travel related documents are likely to lead to evidence showing MGA Mexico's relationship with the enterprise. And, contrary to MGA Mexico's argument, nothing about the wrongdoing at issue here was limited to "taking documents from Mattel in April, 2004, allegedly for use at MGA de Mexico." Opp. at 5. The wrongdoing involved not just taking Mattel's information in 2004, but also copying and using it thereafter, and moreover both Machado and Trueba testified that they obtained Mattel price lists from retailers *after* the original theft in 2004.[12] The documents are relevant. Producing them involves no burden. The Court should compel their production.

## II. THE COURT SHOULD ORDER MGA TO PRODUCE DOCUMENTS RESPONSIVE TO THE SEVENTH SET OF REQUESTS (PHASE 2)

### A. MGA Should Be Compelled To Produce The Documents It Has Agreed To Produce

MGA long ago agreed to produce documents responsive to Requests 1-4, 6-16, 20, 21, 27-31, 36, 54, and 55 in Mattel's Seventh Set (Phase 2). Mot. at 3-4. Despite these promises, MGA has never committed to a date certain for its compliance and has not actually produced responsive documents. MGA utterly failed to respond to this argument. Merely agreeing to produce documents is no substitute for an actual production.[13] The Court should compel MGA to produce immediately the documents it promised to produce a year ago.[14]

---

[11] Musick v. Burke, 913 F.2d 1390, 1398 (9th Cir. 1990); United States v. Rone, 598 F.2d 564, 573 (9th Cir. 1979).
[12] Trueba Dep. Tr. (Vol. 3) at 26:6-23 (5/21/2010) (Rough); Machado Dep. Tr. (Vol. 3) at 165:20-166:22 (4/21/2010).
[13] Lamoureux v. Genesis Pharmacy Servs., Inc., 226 F.R.D. 154, 159 (D. Conn. 2004).
[14] MGA has agreed to produce documents related to the search of MGA Mexico's offices by Mexican law enforcement (Requests 1-4); phone records from October 27, 2005 (Requests 6-7); information related to the assignment of email addresses and computers to Machado, Trueba, and Vargas (Requests 8-16);

### B. MGA's Objections To The Balance of Mattel's Requests Fail

MGA's objections to Requests 5, 17-19, 22-26, 32, 38-44, and 48-53 in Mattel's Seventh Set (Phase 2) are misguided.

<u>Request No. 5</u>.  MGA seeks all communications sent or received from MGA Mexico during the three-day period surrounding the Mexican police raid on MGA Mexico's offices.  MGA claims this will be a burden, but makes no showing of that—and there is no reason to think that producing three days worth of communications with MGA Mexico would be burdensome at all.  Moreover, Mattel agreed to limit the scope of this request to communications that refer or relate to the search by Mexican law enforcement or refer or relate to Mattel, Mot. at 8, making what is sought both clearly relevant and narrowly defined.  MGA objects to the limitation "relate to Mattel" because it purportedly "could not quantify what universe of documents would be responsive," Opp. at 8, but that is nonsense—such language is defined in the requests and is both commonplace and proper.  Gathering and producing communications over this extremely important time period is hardly "limitless discovery," given the date and subject matter restrictions.  Opp. at 8.

<u>Request Nos. 17-19 and 40-42</u>.  Requests 17-19 and 40-42 seek email communications sent to or received from Machado, Trueba, and Vargas between January 1, 2004 and December 31, 2004, and communications between these individuals and MGA during the same time period. MGA appears to argue that the only relevant communications during that year relate to allegedly discrete thefts of Mattel's trade secrets, Opp. at 8, but Mattel is entitled to discovery regarding how

---

documents sufficient to identify the source and storage location of particular computer files (Requests 20-21); 2004-05 expense reports (Requests 27-29); documents sufficient to identify persons who entered MGA Mexico's offices on January 3, 2005 (Request 30); resumes and work histories circulated during the Mexico City meeting in March 2004 (Request 31); entry logs related to Machado, Vargas, and Trueba from MGA's Van Nuys office (Request 36); and all documents and communications referring to the termination of Machado, Trueba, or Vargas (Requests 54-55).

Machado, Trueba, and Vargas *used* that information at MGA Mexico for MGA's benefit. MGA claims that it "agreed to produce and has produced responsive documents," Opp. at 7, but this suffers from the same problems discussed above—MGA cannot cherry pick what it will produce and what it will withhold, and it does not even claim to have produced all responsive documents. To illustrate what MGA wants the Court to sanction, <u>MGA has not produced *any* emails that were circulated only among Machado, Trueba, and Vargas and did not involve an MGA employee in the United States</u>. Such emails surely must exist. They had MGA email addresses. They were the only MGA Mexico employees for the first few months of its existence. Communications involving Vargas, Trueba and Machado in 2004 are *highly* likely to lead to admissible evidence going to use and damages issues. Given the clear relevance of the requested documents and the difficulty of formulating a more narrow request that would not be under-inclusive, the Court should overrule MGA's overbreadth objection.

<u>Request Nos. 22-26</u>. These requests relate to travel by Machado, Trueba, and Vargas and are identical to the travel requests propounded to MGA Mexico. They should be compelled for the reasons previously discussed.

<u>Request No. 32</u>. This request seeks documents relating to a specific meeting between Machado, Trueba, Vargas, Larian, Kuemmerle, and Park at the W Hotel in Mexico City in March 2004. MGA claims it produced all responsive documents, but it has not served supplemental responses clarifying what it has and has not produced. As the Court has in setting a "precedent" in the past, the Court should compel compliance so there can be no uncertainty as to MGA's obligations in the future.[15]

<u>Request No. 38.</u> Request 38 seeks the production of calendars used by Larian in a single month, March 2004. It is relevant to determine the frequency, nature, and substance of Larian's communications with Machado, Trueba, and Vargas shortly

---

[15] March 11, 2010 Hearing at 20:25-21:15.

before their resignations from Mattel. This request is narrowly drawn to obtain relevant evidence. The Court has compelled Larian's calendars during critical months in the past,[16] and should do so again here.

Request No. 39. Request 39 seeks communications between MGA and Mary Carmen Mendez, who is a former Mattel employee who was involved in setting up and staffing MGA Mexico. The request is relevant to determine when Mendez assisted MGA Mexico in obtaining office space before and after her resignation from Mattel, her involvement in the initial staffing of MGA Mexico, and her inclusion in "plot04" emails between Larian and Machado, Trueba, and Vargas. MGA does not even mention this request in its opposition, so the Court should compel the production of responsive documents.

Request Nos. 43, 44, and 48. MGA has produced, with MGA Bates stamps, hundreds of documents stolen from Mattel and containing Mattel trade secrets. Requests 43, 44, and 48—which MGA wholly ignores—seek the transmittal letters showing when MGA sent MGA's counsel those documents. These letters are critical; they will help clarify, among other issues, exactly which documents were seized in the search of MGA Mexico's offices and how long they were in Kuemmerle's possession before they were shipped out to its lawyers—which is the subject of conflicting deposition testimony.[17] During the meet and confer, MGA, while not disputing the relevance of the letters, said they could not be found (while refusing to say whether they had attempted to obtain them from the most logical candidates: MGA's prior counsel).[18] The requests should be compelled, and, given MGA's position prior to

---

[16] See Order Granting Mattel's Motion to Compel Production of Documents and Interrogatory Responses by MGA, dated May 15, 2007, at 14.

[17] Compare Susana Kuemmerle Dep. Tr. (Vol. 1) at 132:1-22 (1/28/2008), with MGA Mexico 30(b)(6) Dep. Tr. (Lewis Small) (Vol. 6) at 1504:1-1506:13 (3/17/2010).

[18] Mot. at 10.

filing, MGA should be ordered to seek to obtain the documents from its prior counsel, who of course are its agents and within its custody and control.

Request Nos. 49-53. These requests, which seek documents likely to show MGA's use of Mattel's trade secrets, are also proper. MGA spends most of its ink arguing that Mattel agreed to withdraw Requests 49-53. This is simply not true.[19] They all seek relevant documents—documents showing the terms upon which MGA Mexico sold products to retailers in 2004 and 2005 (Request 49); showing trade terms established between MGA Mexico and retailers during that period (Request 50); showing contracts and agreements between MGA Mexico and retailers during that period (Request 51); purchasing requests, orders, and invoices for MGA Mexico products during that period (Request 52); and presentations, exhibitions, demonstrations and pitches made by MGA Mexico to retailers during that period (Request 53). Mattel intends to show that MGA and MGA Mexico used Mattel's trade secrets. While perhaps broad, these requests are designed to elicit documents showing that use.

By way of example, Mattel offered specific terms to retailers, including list prices, discounts, return policies, and payment terms. It is entitled to know whether MGA Mexico used those terms to benchmark pricing of MGA products for retailers or to undercut the prices that Mattel offered to retailers. There is a conflict in defendants' own evidence on this issue: Trueba testified that MGA changed suggested customer prices based on information in Mattel's price lists,[20] while Machado testified to the contrary.[21] The only way Mattel can resolve this conflicting testimony is by seeking documents revealing MGA Mexico's pricing deliberations.

Mattel has limited these requests by date to obtain the documents that are most likely to be relevant, showing MGA's use of Mattel's information, and to minimize

---

[19] See Letter from B. Dylan Proctor to William Molinski, dated April 9, 2010.
[20] Trueba Dep. Tr. (Vol. 3) at 35:3-38:3 (5/21/2010) (Rough).
[21] Machado Dep. Tr. (Vol. 3) at 186:11-187:10 (04/21/2010).

any claimed burdens on MGA (burdens which have not been shown in any case). The Court should overrule MGA's objections and compel MGA to produce all documents responsive to these requests..

## CONCLUSION

For the foregoing reasons, Mattel respectfully requests that its motion be granted in its entirety.

DATED: May 25, 2010              QUINN EMANUEL URQUHART & SULLIVAN, LLP


By /s/ Michael T. Zeller
    Michael T. Zeller
    Attorneys for Mattel, Inc.