MELINDA HAAG (State Bar No. 132612)
mhaag@orrick.com
ANNETTE L. HURST (State Bar No. 148738)
ahurst@orrick.com
WARRINGTON S. PARKER III (State Bar No. 148003)
wparker@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105
Telephone: 415-773-5700
Facsimile: 415-773-5759

WILLIAM A. MOLINSKI (State Bar No. 145186)
wmolinski@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA 90017
Telephone: 213-629-2020
Facsimile: 213-612-2499

THOMAS S. MCCONVILLE (State Bar No. 155905)
tmcconville@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
4 Park Plaza, Suite 1600
Irvine, CA 92614-2258
Tel: (949) 567-6700/Fax: (949) 567-6710

Attorneys for MGA Parties

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | Case No. CV 04-9049 DOC (RNBx)<br>Consolidated with: Case No. CV 04-9059<br>Case No. CV 05-2727<br><br>**[DISCOVERY MATTER]**<br>**To Be Heard By Discovery Master Hon. Robert C. O'Brien**<br><br>**MGA PARTIES' OPPOSITION TO MATTEL, INC.'S OBJECTIONS TO PORTIONS OF DISCOVERY MATTER ORDER NO. 96**<br>**Phase 2**<br>Discovery Cut-off: TBD<br>Pretrial Conference: TBD<br>Trial Date: TBD<br>Judge: Hon. David O. Carter |

1        Entry no. 582 on Mattel's privilege log is described as an "email string" followed by two "requests" (582(a) and (b)). Mattel's Objections to Portions of Discovery Matter Order No. 96 is based on its contention that entry no. 582 contains five separate emails, though the Order appears to suggest that there are only three. MGA opposes Mattel's refusal to produce, but consents to this Court's *in camera* review of the documents underlying entry no. 582 (including 582(a) and (b)).

    Mattel's privilege log with respect to entry no. 582 remains inadequate, describing entry no. 582 as an "email string" followed by "requests" without separately logging the individual emails. Declaration of Diana Rutowski ("Rutowski Decl."), Ex. 1. The only author listed on Mattel's log in connection with the "email string" in entry no. 582 is Michael Moore and the only recipients listed are Tania Krebs with a cc to Michael Zeller. *Id*. In contrast, in its Objections Mattel purports to justify privilege by arguing that there are five emails and names at least two people who are not listed as part of the "email string"—Ritchie Christian and Roy Ekstrand. These two individuals are only logged in connection with the "requests" found at 582(a) and 582(b). At best, Mattel's privilege log is incomplete and misleading with respect to this entry and its sub-parts.

    Mattel objects to production of one email in its Objections, which it describes as "[t]he second-to-last email, the fourth in the chain." Mattel contends that this is a communication from Ritchie Christian, senior designer at Mattel, to Michael Moore, in-house counsel, that refers to communications with Roy Ekstrand, Mattel's outside patent counsel, all purportedly for the purpose of obtaining legal advice. Unable to review the document, MGA remains concerned as to whether Mr. Moore was acting in a business or legal capacity and whether attorney client privilege and/or the attorney work product doctrine actually apply—both of which are asserted by Mattel in connection with entry no. 582.

In light of the deficiencies in Mattel's log and the apparent confusion before the Discovery Master, MGA opposes Mattel's objections, but consents to this Court's *in camera* review of entry no. 582 (including 582(a) and (b)).[1]

Dated: May 26, 2010

Respectfully submitted,

ORRICK, HERRINGTON & SUTCLIFFE LLP

By: /s/ Diana M. Rutowski
Diana M. Rutowski
Attorneys for MGA ENTERTAINMENT, INC., MGA ENTERTAINMENT HK, LTD., MGA de MEXICO, S.R.L. de C.V., and ISAAC LARIAN

OHS West:260923182.1

---

[1] In addition to filing these Objections, Mattel filed an *ex parte* application for reconsideration as to entry no. 582 before the Discovery Master. On May 24, 2010, the Discovery Master issued an Amendment to Order No. 96, requiring production of three emails and redaction of two. It is MGA's position that this Amendment does not resolve the issue before this Court and requests this Court's *in camera* review of the disputed documents.