MELINDA HAAG (State Bar No. 132612)
mhaag@orrick.com
ANNETTE L. HURST (State Bar No. 148738)
ahurst@orrick.com
WARRINGTON S. PARKER III (State Bar No. 148003)
wparker@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105
Telephone: 415-773-5700
Facsimile: 415-773-5759

WILLIAM A. MOLINSKI (State Bar No. 145186)
wmolinski@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA 90017
Telephone: 213-629-2020
Facsimile: 213-612-2499

THOMAS S. MCCONVILLE (State Bar No. 155905)
tmcconville@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
4 Park Plaza, Suite 1600
Irvine, CA 92614-2258
Tel: (949) 567-6700/Fax: (949) 567-6710
Attorneys for MGA Parties

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual<br>Plaintiff,<br>v.<br>MATTEL, INC., a Delaware corporation,<br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | Case No. CV 04-9049 DOC (RNBx)<br><br>Consolidated with Case No. CV 04-9059/ Case No. CV 05-2727<br><br>**MGA PARTIES' REPLY TO MATTEL'S OPPOSITION TO MGA'S MOTION TO QUASH MATTEL'S SUBPOENA TO THE IRS;**<br><br>**MGA's OPPOSITION TO MATTEL'S CROSS-MOTION TO COMPEL MGA PARTIES TO EXECUTE A RELEASE TO PERMIT THE IRS TO DISCLOSE DOCUMENTS; AND**<br><br>**MGA's CROSS-MOTION FOR PROTECTIVE ORDER**<br><br>Date: TBD<br>Time: TBD<br>Place: Courtroom 9D<br>**Phase 2** |

1 TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2     PLEASE TAKE NOTICE that on a date to be determined by the Court, in the Courtroom of the Honorable David O. Carter, located at 411 West Fourth Street, Room 1053, Santa Ana, California 92701, the MGA Parties will, and hereby do, move the Court pursuant to Federal Rule of Civil Procedure 26(c)(1)(A) for a protective order that Mattel is not permitted to obtain or inspect MGA's tax submissions to the Internal Revenue Service (IRS) and MGA is not required to execute a release permitting the IRS to disclose documents responsive to Mattel's May 4, 2010 subpoena to the IRS. The grounds for this Cross-Motion are that the documents sought by Mattel from the IRS are confidential, private, privileged, duplicative and irrelevant to any claim or defense in this case.

    This Motion is based on this Notice of Motion and Motion, the memorandum of points and authorities that follows, the Declaration of Lisa Tonnu, the Declaration of Sugithra Somasekar, and all matters cited to herein and all other matters of which the Court may take judicial notice.

    Respectfully submitted,

Dated: May 28, 2010      ORRICK, HERRINGTON & SUTCLIFFE LLP

By: /s/ Mark P. Wine
Mark P. Wine
Attorneys for MGA Parties

# INTRODUCTION

MGA has produced to Mattel every single indemnity agreement between Carter Bryant and MGA that was submitted to the Internal Revenue Service ("IRS"). There is simply no basis for allowing Mattel to rummage through MGA's tax submissions to the IRS in a fishing expedition to find a non-existing indemnity agreement. Mattel's overbroad document requests to the IRS sweep in far more than any indemnity agreement between MGA and Carter Bryant. Mattel seeks all kinds of submissions and communications between MGA and the IRS related to MGA's tax issues. Apart from not being relevant to this litigation, these submissions contain sensitive, private information, which disclosure harms MGA.

Federal courts recognize a qualified privilege disfavoring disclosure of tax returns and records and a court may order their production only if they are *relevant* and when there is a *compelling need* because the information contained therein is not otherwise readily obtainable. Mattel already has every single indemnity agreement between MGA and Carter Bryant that MGA produced to the IRS and there is no basis to seek them from the IRS. Accordingly, MGA's motion to quash Mattel's subpoena should be granted, Mattel's motion to compel MGA to execute a release to permit the IRS to disclose the subpoenaed documents should be denied and the Court should grant a protective order against Mattel's discovery into MGA's tax submissions.

# ARGUMENT

## I. MGA HAS STANDING TO BRING THE MOTION TO QUASH

Under Federal Rules of Civil Procedure 45(c)(3), a court may quash or modify a subpoena "to protect a person subject to *or affected by* a subpoena." Fed. R. Civ. P. 45(c)(3)(B)(emphasis added). Further, a court may quash or modify a subpoena "if it requires disclosing … confidential … information." *Id.* It is well established that a party has standing to quash a subpoena directed at a nonparty when the party is seeking to protect a privilege or a personal right.

*Murray v. Carlsbad*, 2010 WL 144404, *2 (S. D. Cal. Jan. 21, 2010)(granting defendant's motion to quash plaintiff's subpoena to a third party on basis of relevancy, overbreadth, being duplicative, and privacy concerns); *Abu v. Piramco Sea-Tac Inc.*, 2009 WL 279036, at *1 (W. D. Wash. Feb. 5, 2009)("as a threshold matter a plaintiff has standing to seek to quash a subpoena issued to a third party where the plaintiff asserts a legitimate privacy interest in the material sought"); *Ace Hardware Corp. v. Celebration Ace Hardware*, 2009 WL 3242561, at *2 (D. Del. Oct. 8, 2009)(party has standing where the trust documents implicate privacy concerns); *Schmulovich v. 1161 RT.9 LLC.*, 2008 WL 4572537, *at *10 (D.N.J. Oct. 14, 2008)(personal rights in bank account records give a party sufficient standing to challenge third-party subpoenas on financial institutions); *see also In re Yassi*, 225, B. R. 478, 481 (C.D. Cal. 1998)(noting that FRCP 45(c)(3)(B) expressly permits the court to quash or modify a subpoena to protect a person *subject to or affected by* the subpoena")(emphasis in original).

Federal courts "ordinarily recognize a constitutionally-based right of privacy that can be raised in response to discovery requests." *Kieth H. v. Long Beach Unified School Dist.*, 228 F.R.D. 652, 657 (C.D. Cal. 2005); *see also Johnson by Johnson v. Thompson*, 971 F.2d 1487, 1497 (10th Cir. 1992), cert. denied 507 U.S. 910 (1993). The confidentiality of tax information submitted to the IRS is well established through federal statutes and case law. 26 U.S.C. § 6103; *see also United States v. Richey*, 924 F.2d 857, 861 (9th Cir. 1991)(the government and the tax payers have an interest in protecting the confidentiality of private tax information; further noting that a tax return and related information contains many intimate details….a corporate tax return will contain detailed financial information which could potentially be abused by competitors"). As a party affected by Mattel's subpoena to the IRS, MGA has standing to challenge Mattel's subpoena to the IRS to protect its confidentiality

- 3 -

and privacy interests in the documents sought from the IRS.[1]

## II. MGA HAS PRODUCED TO MATTEL EVERY SINGLE AGREEMENT BETWEEN MGA AND CARTER BRYANT THAT HAS BEEN PROVIDED TO THE IRS.

After the deposition of Brian Wing, MGA attorneys made enquiries about any indemnity agreement between MGA and Carter Bryant that had been submitted to the IRS. In or about 2007, MGA submitted documents to the IRS in response to a Information Document Request ("IDR") from the IRS related to a Field Examination regarding, among other issues, the treatment of attorney's fees on MGA's 2003-2005 tax returns.[2] Among the documents provided to the IRS was a letter agreement between MGA and Carter Bryant dated as of September 18, 2000 and a Modification and Clarification of the September 2000 Agreement between MGA and Carter Bryant from 2004.[3] Both these documents have been produced by MGA to Mattel.[4] Other than these two documents, MGA produced no document to the IRS relating to any agreement of any kind between MGA and Carter Bryant.[5]

Mattel's reliance on Brian Wing's testimony to argue otherwise (Opp. at 3-4) is misplaced because Mr. Wing lacks personal knowledge of the presentation or documents submitted to the IRS. ████████████████████████

████████████████████████████████████████

████████████████████████

---

[1] *See* Declaration of Sugithra Somasekar In Support of MGA's Reply In Support of MGA's Reply to Mattel's Opposition to MGA's Motion to Quash Mattel's Subpoena to the Internal Revenue Service, MGA's Opposition to Mattel's Cross-Motion to Compel MGA to Execute Release, and MGA's Cross-Motion for Protective Order ("Somasekar Decl."), Ex. 1 (Objections to Mattel's Subpoena to the Internal Revenue Service).
[2] Declaration of Lisa Tonnu In Support of MGA's Reply In Support of MGA's Reply to Mattel's Opposition to MGA's Motion to Quash Mattel's Subpoena to the Internal Revenue Service, MGA's Opposition to Mattel's Cross-Motion to Compel MGA to Execute Release, and MGA's Cross-Motion for Protective Order (Tonnu Decl.), ¶ 4-5.
[3] *Id.* at ¶ 5-6.
[4] *Id.* at ¶ 6, Somasekar Decl. at ¶ 2-4.
[5] Tonnu Decl., at ¶ 7-9.



Ms. Tonnu has testified that MGA produced no other document to the IRS other than the two agreements already produced to Mattel.[7]

### III. MATTEL'S OVERBROAD REQUESTS TO THE IRS SWEEP IN FAR MORE THAN THE INDEMNITY AGREEMENTS BETWEEN MGA AND CARTER BRYANT.

Mattel agrees that the only documents relevant to this case are "agreement[s] that would require MGA to indemnify Bryant for damages or legal expenses in connection with this case, as well as related correspondence." (Opp. at 1-2) Yet, Mattel's document requests to the IRS go far beyond this.

**Request 1:** Request 1 is the narrowest of Mattel's requests to the IRS and even this request seeks all documents "*referring or relating to any agreement between MGA and Bryant.*" This includes documents that refer to MGA's tax treatment of any payment by MGA to Bryant, including royalties or wages. Such documents that deal with MGA's tax treatment and do not implicate any indemnity agreement between MGA and Carter Bryant are not relevant to any claim or issue in this litigation.

**Request 2:** Request 2 seeks "all communications ... *referring or*

---

[6] Deposition of Brian Wing, dated February 18, 2010, 536:17-537:9. The deposition transcript of Brian Wing referenced herein were lodged with this Court by Mattel.
[7] Tonnu Decl., at ¶7-8.

1 *relating to Bryant and/or any legal fees* paid for the benefit or on behalf of
2 Bryant." This includes documents that refer to MGA's tax treatment of any
3 payment by MGA to Bryant, including royalties or wages. Again, such
4 documents that deal with MGA's tax treatment and do not implicate any
5 indemnity agreement between MGA and Carter Bryant are not relevant to any
6 claim or defense in this litigation.

**Request 3:** Request 3 seeks "*all communications* between MGA and IRS from January 1-May 1, 2009, *referring or relating to legal expenses* incurred by MGA ... *and the appropriate tax treatment of such expenses*." On its face, this request seeks documents that go far beyond any indemnity agreement between MGA and Carter Bryant. MGA's tax treatment of its legal expenses is not relevant to any claim or defense in this case.

**Request 4:** Request 4 seeks all materials submitted by MGA between January 1 and May 1, 2009. On its face, this request seeks documents that go far beyond any indemnity agreement between MGA and Carter Bryant. MGA's appeal to the IRS appeals board involved many issues, its legal expenses deduction being one of them.[8] This request includes any submission by MGA in this period, including any tax return, and related submissions. Thus, MGA's submissions to the IRS during this time period relate to many issues which are not relevant to any claim or defense in this case.

### IV. THE COURT SHOULD DENY MATTEL'S CROSS-MOTION TO COMPEL MGA TO EXECUTE A RELEASE TO THE IRS AND GRANT MGA'S CROSS-MOTION FOR A PROTECTIVE ORDER.

#### A. Mattel Seeks Documents That Are Not Relevant

Federal courts recognize that unnecessary disclosures of tax records is to be avoided. *Premium Serv. Corp. v. Sperry & Hutchinson Co.*, 511 F.2d 225, 229 (9th Cir. 1975)(affirming grant of motion to quash subpoena to third-party

---

[8] *See* Exhibit 8124 to the Wing Depo., Bates No. MGA 0540851 discussing five issues before the IRS Appeals Division with Legal Expense Deduction listed as Item 3.

1  financial institution seeking defendant's tax returns; noting that there was a
2  public policy to avoid disclosures of tax returns to encourage tax payers to file
3  accurate returns and the district court "could reasonably have based its motion to
4  quash the subpoena of tax returns on the primacy of this policy"). Federal courts
5  recognize a qualified privilege that disfavors the disclosure of tax returns as a
6  matter of general federal policy. *Eastern Auto Distributors, Inc. v. Peugeot*
7  *Motors of America Inc.*, 96 F.R.D. 147, 148 (D.C. Va. 1982)(denying motion to
8  compel income tax returns).
9        To assure a balance between the liberal scope of discovery and the policy
10 favoring the confidentiality of tax returns and tax documents, federal courts
11 apply a two-pronged test. *Aliotti v. The Vessel SENORA*, 217 F.R.D. 496, 497-
12 98 (N.D. Cal. 2003); *Valadez v. Aguallo*, 2009 WL 1464141, at *2 (N. D. Cal.
13 May 26, 2009); *Chen v. Republic Restaurant Group*, 2008 WL 2477523, at *1
14 (S.D.N.Y. June 19, 2008); *WSC-Lakeside Investors, LLC. v. Pulte Homes Corp.*,
15 2009 WL 3206538, at *1 (M. D. Fl. Oct. 5, 2009); *Asset Funding Group, LLC. v.*
16 *Adams & Reese, LLP.*, 2008 WL 4186884, at *6 (E. D. La. Sept. 9, 2008). A
17 court may order production of tax returns and tax documents only if they are
18 relevant and when there is a *compelling need* for them because the information
19 contained therein is not otherwise readily obtainable. *Aliotti*, 217 F.R.D. at 497-
20 98 (denying motion to compel tax returns even though they were clearly relevant
21 because there were less intrusive means by which defendant can obtain the
22 information); *Valadez*, 2009 WL 1464141, at *2 (denying discovery into tax
23 records); *Asset Funding Group*, 2008 WL 4186884, at *6 (denying discovery
24 into tax documents absent compelling need); *Chen*, 2008 WL 2477523, at *1
25 (tax documents should not be provided unless relevant and there is a compelling
26 need); *WSC-Lakeside Investors, LLC.*, 2009 WL 3206538, at *1 (no discovery of
27 tax documents); *see also Flores v. Albertson, Inc.*, 2002 WL 1163623, at *2-*3
28 (C.D. Cal. Apr. 9, 2002). Mattel's document requests fail each of the two

prongs.

As the party seeking discovery, Mattel bears the burden of showing relevancy. *Pacific Gas and Electric Co. v. Lynch*, 2002 WL 32812098, at *1 (N.D. Cal. Aug. 19, 2002). Each of Mattel's request is overbroad and seeks documents that are not relevant to any claim or issue in this litigation. *See* § III *supra*. The only documents relevant to this litigation are the indemnity agreements between MGA and Carter Bryant. As to these agreements, there is no compelling need for their disclosure from the IRS because they are available from MGA and have already been produced. *See* § II *supra*.

### B. The Harm And Burden Of Discovery On MGA Outweighs Any Need For The Documents From the IRS.

Further, as explained in § II *supra*, other than the two agreements between MGA and Carter Bryant that have already been provided to Mattel, no agreement of any kind between MGA and Carter Bryant were produced to the IRS. Therefore, there is simply no basis for allowing Mattel to rummage through MGA's tax submissions in a fishing expedition to find a non-existing indemnity agreement. Mattel argues that if the documents produced to the IRS have already been produced to Mattel, there can be no harm to MGA from compliance with the subpoena. (Opp. at 7, 6 n. 20) Not so. Mattel's subpoena seeks documents that go far beyond the indemnity agreements and sweep in all kinds of submissions and communications between the IRS and MGA.

Apart from not being relevant, these submissions contain sensitive, private information. *United States v. Richey*, 924 F.2d 857, 861 (a tax return and related information contain many intimate details; a corporate tax return will contain detailed financial information which could potentially be abused by competitors; further noting that the confidentiality of income tax data encourages full disclosure as a taxpayer is assured that a competitor will not be apprised of the intimate details of his financial life). The harm and burden to MGA by

disclosure of these sensitive documents far outweighs any need by Mattel to get these already produced documents from the IRS. *See Kieth H. v. Long Beach Unified School Dist.*, 228 F.R.D. 652, 657 (C.D. Cal. 2005)("[r]esolution of a privacy objection ... requires a balancing of the need for the information sought against the privacy right asserted"); Fed. R. Civ. P. 26(b)(2)(C)(iii) (the court must limit the extent of discovery if the burden or expense of the proposed discovery outweighs its likely benefit). There is no benefit to allowing Mattel access to MGA's confidential tax submissions to the IRS because Mattel already has the indemnity agreements documents submitted to the IRS. 26 U.S.C. § 6103 (mandating that submissions to the IRS shall be confidential). In contrast, harm to MGA is high as its tax submissions contain sensitive, confidential information not relevant to this litigation.

### C. If The Court Compels MGA To Authorize The IRS to Release Its Tax Submissions, The Release Must Be Narrowly Limited And Made *In Camera*

Mattel agrees that the only documents relevant to this litigation are the agreements between MGA and Carter Bryant. (Opp. at 1-2) As explained in § III *supra*, the documents sought from the IRS by Mattel go far beyond the documents relevant to this case. Given the privacy interests implicated in MGA's tax filings, the harm to MGA by their disclosure is high. Therefore, any disclosure of IRS submissions compelled of MGA should be limited to indemnity agreements between MGA and Carter Bryant – the only documents relevant to this litigation. Further, given the privacy interests implicated, any disclosure should be made *in camera* to the Court or the special master.

### CONCLUSION

For the foregoing reasons, MGA respectfully asks that the Court quash Mattel's subpoena to the IRS in its entirety, deny Mattel's motion to compel MGA to execute a release to permit the IRS to disclose the subpoenaed documents and grant a protective order against Mattel's discovery into MGA's tax submissions.

```
 1
 2
 3   Dated: May 28, 2010              Respectfully submitted,
 4                                    ORRICK, HERRINGTON & SUTCLIFFE LLP
 5
                                      By: /s/ Mark P. Wine
 6                                        Mark P. Wine
                                          Attorneys for MGA Parties
 7
 8
 9
10
11
12   OHS West:260921448.1
```