# Exhibit 1

MELINDA HAAG (State Bar No. 132612)
mhaag@orrick.com
ANNETTE L. HURST (State Bar No. 148738)
ahurst@orrick.com
WARRINGTON S. PARKER III (State Bar No. 148003)
wparker@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105
Telephone: 415-773-5700
Facsimile: 415-773-5759

WILLIAM A. MOLINSKI (State Bar No. 145186)
wmolinski@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA 90017
Telephone: 213-629-2020
Facsimile: 213-612-2499

THOMAS S. MCCONVILLE (State Bar No. 155905)
tmcconville@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
4 Park Plaza, Suite 1600
Irvine, CA 92614-2258
Tel: (949) 567-6700/Fax: (949) 567-6710
Attorneys for MGA Parties

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | Case No. CV 04-9049 DOC (RNBx)<br><br>Consolidated with:<br>Case No. CV 04-9059<br>Case No. CV 05-2727<br><br>**MGA'S OBJECTIONS TO NOTICE OF SUBPOENA ISSUED BY MATTEL TO THE INTERNAL REVENUE SERVICE.** |

MGA Entertainment, Inc., MGA Entertainment HK, LTD., MGA de Mexico, S.R.L. de C.V., and Isaac Larian (collectively "MGA"), hereby object to the subpoena served by Mattel, Inc. ("Mattel") on the Internal Revenue Service ("IRS" or "Respondent") as follows: [1]

## GENERAL OBJECTIONS

1. MGA objects to the Subpoena to the extent it seeks documents not relevant to a claim or a defense of a party, and not reasonably calculated to lead to the discovery of admissible evidence, or they impose any duty or obligation greater than that provided for in the Federal Rules of Civil Procedure or the Local Rules of the United States District Court for the Central District of California.

2. MGA objects to the to the term "DOCUMENT" or "DOCUMENTS" to the extent it purports to impose an obligation on Respondent other than what is provided under the Federal Rules of Civil Procedure.

3. MGA objects to the term "COMMUNICATION" to the extent it purports to impose an obligation on Respondent other than what is provided under the Federal Rules of Civil Procedure.

4. MGA objects to the Subpoena to the extent that it calls for information which relates to, constitutes or otherwise reflects confidential research, development, financial, commercial or proprietary information.

5. MGA objects to the Subpoena to the extent it seeks documents beyond the scope permitted by the Federal Rules of Civil Procedure.

6. MGA objects to the Subpoena to the extent it seeks, or maybe interpreted to seek, the disclosure of information protected by applicable privileges, including but not limited to any person's right of privacy protected by the United States Constitution, the California Constitution, the common law and any applicable rule, regulation or statutory authority protecting, among other things, personal information from disclosure.

---

[1] MGA has also filed a Motion to Quash Mattel's subpoena to the IRS. Dkt. # 7856.

7. MGA objects to the Subpoena to the extent it is unduly burdensome. A specific objection that a request is "unduly burdensome" means that the request is unreasonably cumulative or duplicative, seeks documents that are publicly available, or are available from some other source that is more convenient, less burdensome or less expensive, or the burden or expense of the discovery outweighs its benefits.

8. MGA generally objects to the Subpoena to the extent it is overbroad. A specific objection that a request is "overbroad" means that the request seeks, in substantial part, documents that are not relevant to a claim or defense in the pending action or do not appear reasonably calculated to lead to the discovery of admissible evidence.

9. MGA objects the Subpoena to the extent it is vague and ambiguous or so unintelligible that the IRS cannot respond.

10. Nothing contained in the following objections constitutes or shall be construed as an admission or acknowledgment that the information is relevant, material or admissible at trial.

11. MGA objects to the Subpoena to the extent that it would require disclosure of information as to which the IRS owes an obligation of confidentiality or duty to prevent disclosure.

12. MGA objects to the Subpoena to the extent it seeks information the disclosure of which would violate the privacy interests of MGA or any individual.

All general objections are hereby incorporated into each specific objection below.

### SPECIFIC OBJECTIONS TO REQUESTED DOCUMENTS

Without waiving any of the above general objections, and incorporating each of them by reference into each response below, MGA responds more specifically to Mattel's subpoena as follows:

**REQUEST NO. 1:**

All DOCUMENTS provided to YOU by MGA REFERRING OR RELATING TO any agreement between MGA and BRYANT.

**RESPONSE TO REQUEST NO. 1:**

1. MGA objects on the grounds set forth in the General Objections, which are incorporated by reference herein. MGA objects to this request on the ground that it seeks confidential or private business information, including information constituting or pertaining to personal and sensitive information that qualifies for protection pursuant to Federal Rule of Civil Procedure 26(c). MGA objects that this request violates the privacy rights of MGA, Carter Bryant, and any other individual whose privacy rights may be implicated. MGA objects to this request as unduly burdensome and overbroad to the extent it seeks documents which are equally available to Mattel from other sources, including from MGA. MGA objects to the request as unduly burdensome to the extent it seeks documents that are in Mattel's possession or is duplicative of other requests. MGA objects to this request as it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence relevant to the subject matter of this action. MGA further objects to the phrase "[a]ll DOCUMENTS provided to you by MGA REFERRING OR RELATING TO" as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 2:**

ALL COMMUNICATIONS between YOU and MGA REFERRING OR RELATING TO BRYANT and/or any legal fees paid for the benefit or on behalf of BRYANT.

**RESPONSE TO REQUEST NO. 2:**

MGA objects on the grounds set forth in the General Objections, which are incorporated by reference herein. MGA objects to this request on the ground that it seeks confidential or private business information, including information

constituting or pertaining to personal and sensitive information that qualifies for protection pursuant to Federal Rule of Civil Procedure 26(c). MGA objects that this request violates the privacy rights of MGA, Carter Bryant, and any other individual whose privacy rights may be implicated. MGA further objects to this request as unduly burdensome and overbroad to the extent it seeks documents which are equally available to Mattel from other sources, including from MGA. MGA objects to the request as unduly burdensome to the extent it seeks documents that are in Mattel's possession or is duplicative of other requests. MGA objects to this request as it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence relevant to the subject matter of this action. MGA further objects to the phrase "ALL COMMUNICATIONS between YOU and MGA REFERRING OR RELATING TO BRYANT " as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 3:**

All COMMUNICATIONS between YOU and MGA, from January 1, 2009 to May 1, 2009, REFERRING OR RELATING TO legal expenses incurred by MGA in connection with Mattel v. MGA, Case Nos. CV 04-9049, 04-9059, and 05-02727 (C.D. Cal.), and/or the appropriate tax treatment of such expenses.

**RESPONSE TO REQUEST NO. 3:**

MGA objects on the grounds set forth in the General Objections, which are incorporated by reference herein. MGA objects to this request on the ground that it seeks confidential or private business information, including information constituting or pertaining to personal and sensitive information that qualifies for protection pursuant to Federal Rule of Civil Procedure 26(c). MGA objects that this request violates the privacy rights of MGA and any other individual whose privacy rights may be implicated. MGA further objects to this request as unduly burdensome and overbroad to the extent it seeks documents which are equally

| | |
|---|---|
| 1 | available to Mattel from other sources, including from MGA.  MGA objects to the |
| 2 | request as unduly burdensome to the extent it seeks documents that are in Mattel's |
| 3 | possession or is duplicative of other requests.  MGA objects to this request as it |
| 4 | seeks information that is neither relevant nor reasonably calculated to lead to the |
| 5 | discovery of admissible evidence relevant to the subject matter of this action. |
| 6 | MGA further objects to the phrases "All COMMUNICATIONS" "REFERRING |
| 7 | OR RELATING to legal expenses " as overly broad, unduly burdensome, and not |
| 8 | reasonably calculated to lead to the discovery of admissible evidence. |
| 9 | **REQUEST NO. 4:** |
| 10 |      Any presentation or submission made by MGA to YOU, and any materials |
| 11 | provided by MGA to YOU, between January 1, 2009 and May 1, 2009. |
| 12 | **RESPONSE TO REQUEST NO. 4:** |
| 13 |      MGA objects on the grounds set forth in the General Objections, which are |
| 14 | incorporated by reference herein.  MGA objects to this request on the ground that it |
| 15 | seeks confidential or private business information, including information |
| 16 | constituting or pertaining to personal and sensitive information that qualifies for |
| 17 | protection pursuant to Federal Rule of Civil Procedure 26(c).  MGA objects that |
| 18 | this request violates the privacy rights of MGA and any other individual whose |
| 19 | privacy rights may be implicated.  MGA further objects to this request as unduly |
| 20 | burdensome and overbroad to the extent it seeks documents which are equally |
| 21 | available to Mattel from other sources, including from MGA.  MGA objects to the |
| 22 | request as unduly burdensome to the extent it seeks documents that are in Mattel's |
| 23 | possession or is duplicative of other requests.  MGA objects to this request as it |
| 24 | seeks information that is neither relevant nor reasonably calculated to lead to the |
| 25 | discovery of admissible evidence relevant to the subject matter of this action. |
| 26 | MGA further objects to the phrases "any presentation or submission" and "any |
| 27 | materials provided" as overly broad, unduly burdensome, and not reasonably |
| 28 | calculated to lead to the discovery of admissible evidence. |

|   |   |
|---|---|
| Dated: May 20, 2010 | ORRICK, HERRINGTON & SUTCLIFFE LLP <br><br> By: _/s/ Sugithra Somasekar_____ <br>        Sugithra Somasekar <br><br> Attorneys for MGA ENTERTAINMENT, INC., MGA ENTERTAINMENT HK, LTD., MGA de MEXICO, S.R.L. de C.V., and ISAAC LARIAN |