QUINN EMANUEL URQUHART & SULLIVAN, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  michaelzeller@quinnemanuel.com
  Jon D. Corey (Bar No. 185066)
  joncorey@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>MGA ENTERTAINMENT, INC., a California corporation, et al.,<br><br>Defendants.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 DOC (RNBx)<br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>Hon. David O. Carter<br><br>**MATTEL, INC.'S OBJECTIONS TO PORTIONS OF DISCOVERY MATTER ORDER NO. 97**<br><br>**Phase 2**<br>Discovery Cut-off: TBD<br>Pre-trial Conference: TBD<br>Trial Date: TBD |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on June 4, 2010, at 8:30 a.m., or as soon as counsel may be heard, in the Courtroom of The Honorable David O. Carter, located at 411 West Fourth Street, Santa Ana, California 92701, plaintiff Mattel, Inc. ("Mattel") will, and hereby does, move the Court to overrule portions of the Discovery Master's Order No. 97, dated May 21, 2010.

This Motion is made on the grounds that portions of the Discovery Master's Order are clearly erroneous because they failed to correctly apply established legal standards regarding privilege and work product protection.

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities and Declaration of Jill Thomas, and all other matters of which the Court may take judicial notice.

**Statement of Compliance**

The parties conferred regarding the issues raised in Mattel's Objections at various times between September 3, 2009 and May 26, 2010.

DATED: May 28, 2010        QUINN EMANUEL URQUHART & SULLIVAN. LLP

By /s/ Diane C. Hutnyan
Diane C. Hutnyan
Attorneys for Mattel. Inc.

**TABLE OF CONTENTS**

Page

PRELIMINARY STATEMENT ...................................................................................1

BACKGROUND ...........................................................................................................1

ARGUMENT .................................................................................................................1

I.   MATTEL'S PRIVILEGE LOG ENTRIES ARE ATTORNEY-CLIENT PRIVILEGED AND/OR PROTECTED WORK PRODUCT ..................................1

    A.   Lambda Investigations Entries 1 and 2 ..........................................................2

    B.   Lambda Investigations Entry 3 .......................................................................2

    C.   Lambda Investigations Entry 11 .....................................................................3

    D.   Lambda Investigations Entry 12 .....................................................................3

II.  CONCLUSION .......................................................................................................3

## TABLE OF AUTHORITIES

Page

### Cases

Brockmeier v. Solano County Sheriff's Dept.,
  2010 WL 148179 (E.D. Cal. January 12, 2010)..................................................2

In re Grand Jury Investigation,
  974 F.2d 1068 (9th Cir. 1992)..............................................................................1

Hickman v. Taylor,
  329 U.S. 495 (1947)..............................................................................................2

Martin v. Department of Justice,
  488 F.3d 446 (D.C. Cir. 2007)..............................................................................2

United States v. ChevronTexaco Corp.,
  241 F. Supp. 2d 1065 (N.D. Cal. 2002)................................................................1

### Statutes

Fed.R.Civ.P. 26(b)(3)..................................................................................................2

## Preliminary Statement

Mattel is appealing the Discovery Master's ruling in Discovery Matter Order No. 97 that items corresponding to five entries on Lambda Investigation, Inc.'s ("Lambda") privilege log are not privileged or protected by the work product doctrine. As explained below and in the accompanying declarations, these items are privileged and/or protected by the work product doctrine and it was clearly erroneous for the Discovery Master to order their production.

Mattel will provide the Court with the items corresponding to the privilege log entries at issue on an *in camera* basis if it would find these useful, and awaits the Court's direction in that regard.

## Background

After an *in camera* review of several items logged in Lambda's privilege log that had been challenged by MGA, the Discovery Master issued Order No. 97, which ordered production of documents Mattel had withheld on the basis of the attorney-client privilege and/or as attorney work product. Certain of these determinations Mattel is appealing. These materials are in whole or in part attorney-client privileged communications and/or work product and should be protected.

## Argument

I. **LAMBDA'S PRIVILEGE LOG ENTRIES ARE ATTORNEY-CLIENT PRIVILEGED AND/OR PROTECTED WORK PRODUCT**

Order No. 97 incorrectly concluded that certain documents on Lambda's privilege logs were not attorney-client privileged or protected by the work product doctrine. The attorney-client privilege "protects confidential disclosures made by a client to an attorney in order to obtain legal advice, as well as an attorney's advice in response to such disclosures." In re Grand Jury Investigation, 974 F.2d 1068, 1070 (9th Cir. 1992). In a corporate context, communications between non-lawyers may be privileged if they are made at the direction of, or under the supervision of, an attorney and are made for the primary purpose of obtaining legal advice. See United States v.

1  ChevronTexaco Corp., 241 F.Supp.2d 1065, 1077 (N.D. Cal. 2002). The attorney work
2  product doctrine provides protection from disclosure of materials prepared by a party or
3  its representative in anticipation of litigation. See Fed.R.Civ.P. 26(b)(3); see also
4  Hickman v. Taylor, 329 U.S. 495 (1947); Brockmeier v. Solano County Sheriff's Dept.,
5  2010 WL 148179, at *4 (E.D. Cal. January 12, 2010) (factual investigations protected
6  by work product doctrine); Martin v. Department of Justice, 488 F.3d 446, 455 (D.C.
7  Cir. 2007) (results of factual investigation, prepared by investigator at the direction of
8  attorney in anticipation of litigation, protected by the work product doctrine). By
9  failing to properly apply these principles, the Discovery Master's privilege
10 determinations were clearly erroneous as to the following entries on Lambda's privilege
11 log.

      A.    Lambda Investigations Entries 1 and 2

          Entries 1 and 2 are attorney-client privileged communications and
protected work product. The Discovery Master ordered Mattel to produce them in their
entirety.[1] Based on support provided in the concurrently filed Declaration of Jill
Thomas ("Thomas Decl."), ¶¶ 2-6, these documents reflect work that was performed
and information that was collected at the direction of and under the supervision of Jill
Thomas in anticipation of litigation regarding the theft of Mattel's trade secrets by Ron
Brawer.

      B.    Lambda Investigations Entry 3

          Entry 3 is protected work product. The Discovery Master ordered Mattel
to produce it in its entirety.[2] Based on support provided in the Thomas Decl., ¶¶ 2-4
and 7, this document reflects work that was performed and information that was
collected at the direction of and under the supervision of Jill Thomas in anticipation of
litigation regarding the theft of Mattel's trade secrets by Ron Brawer.

---

[1] Phase 2 Discovery Matter Order No. 97, dated May 21, 2010, Dkt. No. 7989 at 7-8.

[2] Id.

C. <u>Lambda Investigations Entry 11</u>

Entry 11 is protected work product. The Discovery Master ordered Mattel to produce it in its entirety.[3] Based on support provided in the Thomas Decl., ¶¶ 2-4 and 8, this video reflects work that was performed and information that was collected at the direction of and under the supervision of Jill Thomas in anticipation of litigation regarding the theft of Mattel's trade secrets by Ron Brawer.

D. <u>Lambda Investigations Entry 12</u>

Entry 12 is protected work product. The Discovery Master ordered Mattel to produce it in its entirety.[4] Based on support provided in the Thomas Decl., ¶¶ 2-4 and 8, this video reflects work that was performed and information that was collected at the direction of and under the supervision of Jill Thomas in anticipation of litigation regarding the theft of Mattel's trade secrets by Ron Brawer.

## II. **CONCLUSION**

For the foregoing reasons, Mattel respectfully requests that the Court overrule the portions of the Discovery Master's rulings in Order No. 97 described above with respect to the following entries on Lambda's privilege log: 1, 2, 3, 11 and 12.

DATED: May 28, 2010

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By: /s/ Diane C. Hutnyan
Diane C. Hutnyan
Attorneys for Mattel, Inc.

---

[3] <u>Id.</u>
[4] <u>Id.</u>