MELINDA HAAG (State Bar No. 132612)
mhaag@orrick.com
ANNETTE L. HURST (State Bar No. 148738)
ahurst@orrick.com
WARRINGTON S. PARKER III (State Bar No. 148003)
wparker@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105
Telephone:  415-773-5700
Facsimile:   415-773-5759

WILLIAM A. MOLINSKI (State Bar No. 145186)
wmolinski@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA  90017
Telephone:  213-629-2020
Facsimile:   213-612-2499

THOMAS S. MCCONVILLE (State Bar No. 155905)
tmcconville@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
4 Park Plaza, Suite 1600
Irvine, CA 92614-2258
Tel: (949) 567-6700/Fax: (949) 567-6710

Attorneys for MGA Parties

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS<br><br>**PUBLIC REDACTED VERSION** | Case No. CV 04-9049 DOC (RNBx)<br>Consolidated with: Case No. CV 04-9059/ Case No. CV 05-2727<br><br>**Phase 2 - Hon. David O. Carter**<br><br>**MGA PARTIES' EX PARTE APPLICATION TO COMPEL DOCUMENTS FROM MATTEL CUSTODIAN SUJATA LUTHER PRIOR TO HER JUNE 17 DEPOSITION**<br><br>Date:  TBD<br>Time: TBD<br>Place: Courtroom 9D |

**INTRODUCTION**

Sujata Luther spent nearly 17 years at Mattel, Inc.  During her tenure, Ms. Luther held several executive positions, including Senior Vice President for International Marketing and Consumer Strategy, where she had global responsibility for the development and execution of marketing campaigns, advertising, promotions and public relations for Mattel's girls' toys.  Ms. Luther also served as the Senior Vice President of Worldwide Consumer and Sales research, responsible for all Mattel product lines. Yet despite this impressive resume, Mattel produced a total of *eight (8) documents*[1] from custodian Sujata Luther.  Worse, these eight documents were produced only after MGA notified Mattel that MGA would seek *ex parte* relief to compel production.

How did MGA even learn of the critical role Ms. Luther played regarding the ███████████████████████████████████████████████████
█████████████████████████████████████████████████████
███████████████████████████████████████████████████████
███████████████████████████████████████████████████████
█████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████

Specifically, Ms. Luther's November 16, 2004 email—produced to MGA only within the last months through the Bousquette production—states ██████████
███████████████████████████████████████████████████
██████████████████████████████████████████████████
███████████████████████████████████████████████████████
██████████████████████

[1] ███████████████████████████████████
████████████████████████████████████████████████████████
█████████████████████████████████████████

The import of this document is highly significant not only because it directly addresses Mattel's damages claims but because it proves Mattel has failed to produce all responsive documents for custodian Sujata Luther. Why? Only a single email is contained in the May 14 Luther production. It is simply not possible that Ms. Luther—who was employed at Mattel when this litigation was filed and therefore subject to document preservation concerning all responsive documents— received only one email during her 15 year plus tenure. Ms. Luther's role as Mattel's Vice President of marketing for a number of years critical to this litigation would virtually have required that she receive hundreds if not thousands of emails.

Further, because Mattel acknowledged that it preserved Ms. Luther's hard drive when she departed the company, these emails must: 1) reside on the hard drive but Mattel failed to produce; 2) have been deleted, in which case MGA is entitled to explore spoliation since this case was on-going at the time Ms. Luther left Mattel; or, 3) have been transferred to an electronic storage server or back-up system, in which case Mattel must be ordered to immediately search such server and/or back-up system and produce all responsive documents.

Mattel's failure to conduct a comprehensive search, collection and production of Ms. Luther's responsive documents from this highly relevant custodian threatens to prejudice seriously MGA's preparation of its case and its defense against Mattel's counterclaims.

Ms. Luther's deposition is scheduled to occur on June 17 and 18 in Chicago, where the witness now resides. Yet despite months of delays and an eventual May 14, 2010 production, MGA produced merely a handful of Ms. Luther's custodial documents. Accordingly, it is urgent that this matter be addressed and the documents produced prior to the scheduled deposition.

The MGA Parties therefore respectfully submit this ex parte application to compel immediate production of all responsive Sujata Luther custodial documents from Mattel in time for her deposition on June 17 and 18.  This application is based

on this notice and memorandum, the Declaration of Denise M. Mingrone, all matters cited to herein and all other matters of which the Court may take judicial notice.

Statement of Compliance

Pursuant to L.R. 7-3, the parties met and conferred and MGA gave notice of this Application to counsel for Mattel, Inc., Marshall Searcy Proctor of Quinn, Emanuel, Urquhart, Oliver & Hedges, LLP (telephone: 213-443-3000; address: 865 South Figueroa Street, 10th Floor, Los Angeles, CA 90017).

**FACTUAL AND PROCEDURAL BACKGROUND**

**A.     Sujata Luther Is At Mattel For 17 Years, During Which Time She Is Involved In Activities Relevant To This Lawsuit.**

Ms. Luther spent nearly 17 years at Mattel, and served as both Senior Vice President for International Marketing and Consumer Strategy and as Senior Vice President of Worldwide Consumer and Sales research. In her international role, Ms. Luther had global responsibility for the development and execution of marketing campaigns, advertising, promotions and public relations for Mattel's girls' toys. Ms. Luther also served as the Senior Vice President of Worldwide Consumer and Sales research, responsible for all Mattel product lines. In these positions, Ms. Luther would have provided critical analysis and opinion regarding strategic marketing and development decisions for Barbie, as well as numerous additional Mattel products which Mattel alleges suffered harm as a result of MGA's conduct.

Moreover, according to Mattel witnesses, Ms. Luther performed strategic planning and consumer research for Mattel Brands, during which time she reported to Mattel Brands President Matthew Bousquette.  Among other tasks, Ms. Luther reported to Mattel that, based on her research, ███████████████████ ████████████████████████████████████████████████████ ████████████████████████████████ Mingrone Decl. Ex. 4 (Kilpin Depo. at 689:24-690:9; 710:25-711:19 and 734:17-735:4).

Mr. Kilpin further testified that █████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
██████████████████████████████████████████████████
████████████████████   Mingrone Decl. Ex. 5.  (Kilpin Depo. 4/8/10, at 459:19-460:10).

**B.    MGA Seeks Documents From Sujata Luther, But Receives 12—Four Of Which Are Duplicates.**

On March 29, 2010, counsel for MGA sent counsel for Mattel a list of all current or former Mattel employees from whom no documents have been produced. Declaration of Denise M. Mingrone ("Mingrone Decl."), Ex. 1.  Sujata Luther is identified on this list. *Id.*

Mattel responded on March 31, 2010, arguing that the stay of the appealed portion of Order 89 somehow shields Mattel from any obligation to produce documents from relevant custodians.[2]  Mingrone Decl. Ex. 2, ¶3.  Mattel did not state therein that it had produced any documents from Sujata Luther, nor did Mattel subsequently provide such documents. As a result, on May 11, 2010, MGA advised Mattel that, due to Mattel's failure to provide any custodial documents from Sujata Luther, MGA would seek *ex parte* relief from the Court. Mingrone Decl. Ex. 6, ¶7. Mattel immediately responded that MGA did not need to seek such relief because Mattel would produce all non-privileged responsive Sujata Luther custodial documents to MGA on May 14, 2010. *Id.* As a result, MGA did not file its motion and awaited the production.

What MGA received on May 14 was a paltry production, consisting of only a dozen documents, four of which are duplicates. Mingrone Decl. ¶8. Mattel did not include in this production Sujata Luther emails, or any of the specific documents

---

[2] In the March 31, 2010 letter, counsel for Mattel referenced a March 30, 2010 letter, which counsel for MGA has no record of having received.

MGA'S EX PARTE APPLICATION TO COMPEL
DOCUMENTS FROM MATTEL SUJATA LUTHER
CV-04-9049 DOC (RNBX)

1    identified by Mattel former executive Tim Kilpin relating directly to Mattel's

2    damages claims in Phase Two. *Id.* at ¶9.

3         Instead, on May 14, 2010, Mattel produced a total of 12 Sujata Luther

4    custodial documents: ██████████████████████████████████████████████

5    ████████████████████████████████████████████████████████████████████████

6    ██████████████████████████████████████████████████████████

7    ██████████████████████████████████████████████████████

8    ████████████████████████████████████████████████████████████

9    ██████████████████████████████████████████████████████████

10   ████████████████████████████████████████████████████████████████

11   ██████████████████████████████████████████████████████████

12   █████████████████████████████████████████████████ Mingrone

13   Decl. ¶8.

14        C.    **MGA Meets And Confers And Mattel Agrees To Run Search
              Terms Only If MGA Will Agree To Search Terms For Unspecified**

15            **Custodians.**

16        It is incredible to believe that a former Vice President of Marketing with a

17   tenure of over 15 years would have a total of only ***eight responsive documents*** in

18   her custodial files. Yet this is the total Sujata Luther production provided to MGA

19   by Mattel on May 14, 2010. Any additional documents bearing Sujata Luther's

20   name have been received by MGA only through the production of other custodians,

21   such as Matthew Bousquette and Tim Kilpin. Indeed, despite the fact that Mattel

22   confirmed it has saved Sujata Luther's hard drive, only a single email was produced

23   to MGA on May 14, 2010.

24        As a result, MGA counsel contacted counsel for Mattel in an effort to

25   understand how such a prominent former Mattel Vice President could have retained

26   only eight responsive documents, especially in light of the fact that Ms. Luther was

27

28   ─────────────────────
     [3] MGA is happy to provide this production to the Court should it wish to review
     these documents.

employed at Mattel when this lawsuit ensued in 2004. Although several phone conferences were held and email communications exchanged, Mattel refused to explain how or why so few Sujata Luther documents were produced, stating simply that Ms. Luther's hard drive had been searched and all non-privileged documents produced. Mingrone Decl. ¶ 11.

Mingrone Decl. ¶ 11. Nor does this response address why Mattel failed to search other sources, such as servers and back-up systems, for responsive Sujata Luther documents.

Mattel "offered" to conduct a keyword search of the Sujata Luther hard drive, but only on the condition that MGA agree to conduct similar key word searches for an unspecified number of custodians. When MGA noted the Court's admonition that reciprocity was not the appropriate standard by which Mattel fulfills its Rule 26 obligations, Mattel informed MGA that there could be no agreement without reciprocity so the meet and confer sessions ended. Mingrone Decl. ¶ 11.

**ARGUMENT**

**I.    THE COURT SHOULD COMPEL MATTEL TO CONDUCT AN ADEQUATE CUSTODIAL SEARCH FOR DOCUMENTS FROM SUJATA LUTHER.**

Mattel has either failed to conduct an appropriate custodial search for responsive Sujata Luther custodial documents from numerous sources, or has failed

1  to produce these documents to MGA, or both. Pursuant to Federal Rules of Civil

2  Procedure 34 and 37, Mattel should be ordered immediately to conduct such a

3  search and produce all responsive documents concerning Sujata Luther to MGA.

4  This search must involve *all* Mattel servers, hard drives and any other locations that

5  potentially house Ms. Luther's documents and should not be limited solely to a

6  search of Ms Luther's hard drive, the sole source which Mattel confirmed it

7  searched for responsive documents. Mingrone Decl. ¶ 10.

8         Based on the Kilpin testimony alone, *see, supra*, it is implausible that there

9  are only eight responsive Sujata Luther documents given the consumer research for

10  which she was responsible. Yet the Luther production includes a ***single 4 page***

11  ████████████████████████████████████████████████

12  ██████████████████████████████████████████

13  ██████████████████████████████████████████

14  ████████████████████████████████████████████████

15  █████████████████████████████████████████████████

16  ████████████████████████████████████████████████

17  ██████████████████████████████ Mingrone Decl. ¶9.

18         Further, there is no dispute that Ms. Luther sent and received emails during

19  her tenure at Mattel. ███████████████████████████████

20  ████████████████████████████████████████████

21  █████████████████████████████████████████████████

22  ████████████████████████████████████████████

23  ███████████████████████████████████

24    ██████████████████████████████████████████

25  ████████████████████████████████████████

26

_____

27  [4] Nor does the fact that Mattel produced ████████████ from other sources address the
    issue of Mattel's Rule 26 required search obligations because Mattel has refused to
28  provide details on **all** sources it has searched, limiting its comments during meet
    and confer to its search of Ms. Luther's hard drive.

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████ Yet

Mattel contends its production of ***eight*** documents from Sujata Luther represents the totality of responsive documents from this custodian.

## II.   MATTEL'S CUSTODIAL DATA DEMONSTRATES THAT IT HAS NOT CONDUCTED AN ADEQUATE SEARCH FOR LUTHER DOCUMENTS.

Even a cursory look at Mattel's custodial data shows that Mattel has failed to produce ***all*** responsive documents from Sujata Luther as it is inconceivable that someone who served as Vice President of Marketing during the critical time frame involved in this case would have only eight (8) responsive documents.

Further, Mattel concedes that Ms. Luther was present at Mattel when this litigation was initiated in 2004. As a result, a litigation hold and document preservation policy would have been in effect, thereby preventing the destruction of any responsive document sent to or from Sujata Luther. **As a result, it is impossible that Ms. Luther could have retained only eight responsive documents**. While it is unlikely that Ms. Luther's documents were transferred from her hard drive and saved and stored elsewhere given Mattel's representations that the hard drive has been retained, if this did in fact occur, then Mattel is obligated per the Federal Rules to search such storage locations including any back-up sources and produce all responsive documents. Mattel has not agreed to do so, nor provided any assurances to MGA that it has searched sources other than Ms. Luther's hard drive for responsive custodial documents.

From the outset of Phase Two, Mattel failed to produce many custodial documents, forcing MGA to file numerous motions to compel. Even when custodial data was ordered to be produced, Mattel refused to produce Sujata Luther responsive documents until facing a pending *ex parte* application.

1   After convincing MGA to wait an additional week, Mattel failed to provide

2   all responsive Sujata Luther documents. Surely, if Mattel had performed an

3   adequate search, Mattel would have produced more than 8 documents from Sujata

4   Luther given her roles as former Vice President at Mattel.  The email produced

5   from Matt Bousquette illustrates this point. Only when the Court ordered the

6   Bousquette production did the Sujata Luther email surface. Yet  curiously no other

7   Sujata Luther emails surfaced during the Luther production on May 14. Clearly,

8   Mattel is not producing all responsive documents.

9                                 **CONCLUSION**

10   For the foregoing reasons, MGA asks that this Court enter an order Federal

11   Rules of Civil Procedure 34 and 37 by compelling Mattel to conduct an adequate

12   search for all responsive Sujata Luther custodial documents and to produce such

13   documents to MGA within five (5) days of the date of this order.

14

15   Dated:  June 1, 2010            Respectfully submitted,

16                                   ORRICK, HERRINGTON & SUTCLIFFE LLP

17

18                                   By: _____

19                                            Mark P. Wine
                                     Attorneys for MGA ENTERTAINMENT, INC.,
20                                   MGA ENTERTAINMENT HK, LTD., MGA de
                                     MEXICO, S.R.L. de C.V., and ISAAC LARIAN
21

22

23   OHS West:260911286.6

24

25

26

27

28

MGA'S EX PARTE APPLICATION TO COMPEL
DOCUMENTS FROM MATTEL SUJATA LUTHER
CV-04-9049 DOC (RNBX)