QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  (johnquinn@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:  (213) 443-3000
Facsimile:  (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation,<br><br>            Plaintiff,<br><br>    vs.<br><br>MGA ENTERTAINMENT, INC., a California corporation, et. al.,<br><br>            Defendants.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 DOC (RNBx)<br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>Hon. David O. Carter<br><br>[PROPOSED] ORDER COMPELLING MGA ENTERTAINMENT, INC. TO PERMIT THE INTERNAL REVENUE SERVICE TO DISCLOSE SUBPOENAED DOCUMENTS TO MATTEL, INC.<br><br>**Phase 2**<br>Discovery Cut-off:  TBD<br>Pre-trial Conference:  TBD<br>Trial Date:  TBD |

00505.07975/3523940.1

[PROPOSED] ORDER

[PROPOSED] ORDER

Having considered the Cross-Motion of Mattel, Inc. to Compel MGA to Execute a Release to Permit the Internal Revenue Service to Disclose the Subpoenaed Documents (the "Motion") and all other papers and arguments submitted in connection therewith, and for good cause shown,

IT IS HEREBY ORDERED:

The Motion is GRANTED, and MGA ENTERTAINMENT, INC. is hereby ORDERED to execute a release in the form attached hereto within the next ten (10) days. See Exhibit A. The release shall authorize the disclosure of all documents responsive to Mattel's subpoena to the Internal Revenue Service, dated May 4, 2010. See Exhibit B.

DATED:                              . 2010  _____
                                            Hon. David O. Carter
                                            United States District Judge

00505.07975/3523940.1

[PROPOSED] ORDER

# EXHIBIT A

00505.07975/3523940.1

[PROPOSED] ORDER

| Form **8821** (Rev. August 2008) Department of the Treasury Internal Revenue Service | **Tax Information Authorization** ▶ Do not sign this form unless all applicable lines have been completed. ▶ Do not use this form to request a copy or transcript of your tax return. Instead, use Form 4506 or Form 4506-T. | OMB No. 1545-1165 **For IRS Use Only** Received by: Name _____ Telephone (     ) Function Date     /    / |

**1 Taxpayer information.** Taxpayer(s) must sign and date this form on line 7.

| Taxpayer name(s) and address (type or print) | Social security number(s) | Employer identification number |
|---|---|---|
| | Daytime telephone number ( ) | Plan number (if applicable) |

**2 Appointee.** If you wish to name more than one appointee, attach a list to this form.

| Name and address | CAF No. _____ Telephone No. _____ Fax No. _____ Check if new: Address ☐   Telephone No. ☐   Fax No. ☐ |

**3 Tax matters.** The appointee is authorized to inspect and/or receive confidential tax information in any office of the IRS for the tax matters listed on this line. Do not use Form 8821 to request copies of tax returns.

| (a) Type of Tax (Income, Employment, Excise, etc.) or Civil Penalty | (b) Tax Form Number (1040, 941, 720, etc.) | (c) Year(s) or Period(s) (see the instructions for line 3) | (d) Specific Tax Matters (see instr.) |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

**4 Specific use not recorded on Centralized Authorization File (CAF).** If the tax information authorization is for a specific use not recorded on CAF, check this box. See the instructions on page 4. If you check this box, skip lines 5 and 6 . ▶ ☐

**5 Disclosure of tax information** (you **must** check a box on line 5a or 5b unless the box on line 4 is checked):

**a** If you want copies of tax information, notices, and other written communications sent to the appointee on an ongoing basis, check this box . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ▶ ☐

**b** If you do not want any copies of notices or communications sent to your appointee, check this box . . . . ▶ ☐

**6 Retention/revocation of tax information authorizations.** This tax information authorization automatically revokes all prior authorizations for the same tax matters you listed on line 3 above unless you checked the box on line 4. If you do not want to revoke a prior tax information authorization, you **must** attach a copy of any authorizations you want to remain in effect **and** check this box . . . . . . . . . . . . . . . . . . . . . . . . . . ▶ ☐

To revoke this tax information authorization, see the instructions on page 4.

**7 Signature of taxpayer(s).** If a tax matter applies to a joint return, **either** husband or wife must sign. If signed by a corporate officer, partner, guardian, executor, receiver, administrator, trustee, or party other than the taxpayer, I certify that I have the authority to execute this form with respect to the tax matters/periods on line 3 above.

▶ **IF NOT SIGNED AND DATED, THIS TAX INFORMATION AUTHORIZATION WILL BE RETURNED.**

▶ **DO NOT SIGN THIS FORM IF IT IS BLANK OR INCOMPLETE.**

| Signature | Date | Signature | Date |
|---|---|---|---|
| Print Name | Title (if applicable) | Print Name | Title (if applicable) |
| ☐☐☐☐ PIN number for electronic signature | | ☐☐☐☐ PIN number for electronic signature | |

**For Privacy Act and Paperwork Reduction Act Notice, see page 4.**   Cat. No. 11596P   Form **8821** (Rev. 8-2008)

Form 8821 (Rev. 8-2008) Page **2**

## General Instructions

Section references are to the Internal Revenue Code unless otherwise noted.

### Purpose of Form

Form 8821 authorizes any individual, corporation, firm, organization, or partnership you designate to inspect and/or receive your confidential information in any office of the IRS for the type of tax and the years or periods you list on Form 8821. You may file your own tax information authorization without using Form 8821, but it must include all the information that is requested on Form 8821.

Form 8821 does not authorize your appointee to advocate your position with respect to the federal tax laws; to execute waivers, consents, or closing agreements; or to otherwise represent you before the IRS. If you want to authorize an individual to represent you, use Form 2848, Power of Attorney and Declaration of Representative.

Use Form 4506, Request for Copy of Tax Return, to get a copy of your tax return.

Use Form 4506-T, Request for Transcript of Tax Return, to order: (a) transcript of tax account information and (b) Form W-2 and Form 1099 series information.

Use Form 56, Notice Concerning Fiduciary Relationship, to notify the IRS of the existence of a fiduciary relationship. A fiduciary (trustee, executor, administrator, receiver, or guardian) stands in the position of a taxpayer and acts as the taxpayer. Therefore, a fiduciary does not act as an appointee and should not file Form 8821. If a fiduciary wishes to authorize an appointee to inspect and/or receive confidential tax information on behalf of the fiduciary, Form 8821 must be filed and signed by the fiduciary acting in the position of the taxpayer.

### When To File

Form 8821 must be received by the IRS within 60 days of the date it was signed and dated by the taxpayer.

## Where To File Chart

| IF you live in . . . | THEN use this address . . . | Fax Number* |
|---|---|---|
| Alabama, Arkansas, Connecticut, Delaware, District of Columbia, Florida, Georgia, Illinois, Indiana, Kentucky, Louisiana, Maine, Maryland, Massachusetts, Michigan, Mississippi, New Hampshire, New Jersey, New York, North Carolina, Ohio, Pennsylvania, Rhode Island, South Carolina, Tennessee, Vermont, Virginia, or West Virginia | Internal Revenue Service<br>Memphis Accounts Management Center<br>PO Box 268, Stop 8423<br>Memphis, TN 38101-0268 | 901-546-4115 |
| Alaska, Arizona, California, Colorado, Hawaii, Idaho, Iowa, Kansas, Minnesota, Missouri, Montana, Nebraska, Nevada, New Mexico, North Dakota, Oklahoma, Oregon, South Dakota, Texas, Utah, Washington, Wisconsin, or Wyoming | Internal Revenue Service<br>1973 N. Rulon White Blvd. MS 6737<br>Ogden, UT 84404 | 801-620-4249 |
| All APO and FPO addresses, American Samoa, nonpermanent residents of Guam or the Virgin Islands**, Puerto Rico (or if excluding income under section 933), a foreign country, U.S. citizens and those filing Form 2555, 2555-EZ, or 4563. | Internal Revenue Service<br>International CAF DP: SW-311<br>11601 Roosevelt Blvd.<br>Philadelphia, PA 19255 | 215-516-1017 |

*These numbers may change without notice.

**Permanent residents of Guam should use Department of Taxation, Government of Guam, P.O. Box 23607, GMF, GU 96921; permanent residents of the Virgin Islands should use: V.I. Bureau of Internal Revenue, 9601 Estate Thomas Charlotte Amalie, St. Thomas, V.I. 00802.

## Where To File

Generally, mail or fax Form 8821 directly to the IRS. See the *Where To File Chart* on page 2. Exceptions are listed below.

If Form 8821 is for a specific tax matter, mail or fax it to the office handling that matter. For more information, see the instructions for line 4.

Your representative may be able to file Form 8821 electronically with the IRS from the IRS website. For more information, go to *www.irs.gov*. Under the *Tax Professionals* tab, click on *e-services–Online Tools for Tax Professionals*. If you complete Form 8821 for electronic signature authorization, do not file a Form 8821 with the IRS. Instead, give it to your appointee, who will retain the document.

## Revocation of an Existing Tax Information Authorization

If you want to revoke an existing tax information authorization and do not want to name a new appointee, send a copy of the previously executed tax information authorization to the IRS, using the *Where To File Chart* on page 2. The copy of the tax information authorization must have a current signature and date of the taxpayer under the original signature on line 7. Write "REVOKE" across the top of Form 8821. If you do not have a copy of the tax information authorization you want to revoke, send a statement to the IRS. The statement of revocation or withdrawal must indicate that the authority of the appointee is revoked, list the tax matters and periods, and must be signed and dated by the taxpayer or representative. If the taxpayer is revoking, list the name and address of each recognized appointee whose authority is revoked. When the taxpayer is completely revoking authority, the form should state "remove all years/periods" instead of listing the specific tax matters, years, or periods. If the appointee is withdrawing, list the name, TIN, and address (if known) of the taxpayer.

To revoke a specific use tax information authorization, send the tax information authorization or statement of revocation to the IRS office handling your case, using the above instructions.

## Taxpayer Identification Numbers (TINs)

TINs are used to identify taxpayer information with corresponding tax returns. It is important that you furnish correct names, social security numbers (SSNs), individual taxpayer identification numbers (ITINs), or employer identification numbers (EINs) so that the IRS can respond to your request.

## Partnership Items

Sections 6221-6234 authorize a Tax Matters Partner to perform certain acts on behalf of an affected partnership. Rules governing the use of Form 8821 do not replace any provisions of these sections.

## Representative Address Change

If the representative's address has changed, a new Form 8821 is not required. The representative can send a written notification that includes the new information and their signature to the location where the Form 8821 was filed.

## Specific Instructions

### Line 1. Taxpayer Information

*Individuals.* Enter your name, TIN, and your street address in the space provided. Do not enter your appointee's address or post office box. If a joint return is used, also enter your spouse's name and TIN. Also enter your EIN if applicable.

*Corporations, partnerships, or associations.* Enter the name, EIN, and business address.

*Employee plan or exempt organization.* Enter the name, address, and EIN of the plan sponsor or exempt organization, and the plan name and three-digit plan number.

*Trust.* Enter the name, title, and address of the trustee, and the name and EIN of the trust.

*Estate.* Enter the name, title, and address of the decedent's executor/personal representative, and the name and identification number of the estate. The identification number for an estate includes both the EIN, if the estate has one, and the decedent's TIN.

### Line 2. Appointee

Enter your appointee's full name. Use the identical full name on all submissions and correspondence. Enter the nine-digit CAF number for each appointee. If an appointee has a CAF number for any previously filed Form 8821 or power of attorney (Form 2848), use that number. If a CAF number has not been assigned, enter "NONE," and the IRS will issue one directly to your appointee. The IRS does not assign CAF numbers to requests for employee plans and exempt organizations.

If you want to name more than one appointee, indicate so on this line and attach a list of appointees to Form 8821.

Check the appropriate box to indicate if either the address, telephone number, or fax number is new since a CAF number was assigned.

### Line 3. Tax Matters

Enter the type of tax, the tax form number, the years or periods, and the specific tax matter. Enter "Not applicable," in any of the columns that do not apply.

For example, you may list "Income, 1040" for calendar year "2006" and "Excise, 720" for "2006" (this covers all quarters in 2006). For multiple years or a series of inclusive periods, including quarterly periods, you may list 2004 through (thru or a hyphen) 2006. For example, "2004 thru 2006" or "2nd 2005-3rd 2006." For fiscal years, enter the ending year and month, using the YYYYMM format. Do not use a general reference such as "All years," "All periods," or "All taxes." Any tax information authorization with a general reference will be returned.

You may list the current year or period and any tax years or periods that have already ended as of the date you sign the tax information authorization. However, you may include on a tax information authorization only future tax periods that end no later than 3 years after the date the tax information authorization is received by the IRS. The 3 future periods are determined starting after December 31 of the year the tax information authorization is received by the IRS. You must enter the type of tax, the tax form number, and the future year(s) or period(s). If the matter relates to estate tax, enter the date of the decedent's death instead of the year or period.

In **column (d),** enter any specific information you want the IRS to provide. Examples of column (d) information are: lien information, a balance due amount, a specific tax schedule, or a tax liability.

For requests regarding Form 8802, Application for United States Residency Certification, enter "Form 8802" in column (d) and check the specific use box on line 4. Also, enter the appointee's information as instructed on Form 8802.

**Note.** If the taxpayer is subject to penalties related to an individual retirement account (IRA) account (for example, a penalty for excess contributions) enter, "IRA civil penalty" on line 3, column a.

## Line 4. Specific Use Not Recorded on CAF

Generally, the IRS records all tax information authorizations on the CAF system. However, authorizations relating to a specific issue are not recorded.

Check the box on line 4 if Form 8821 is filed for any of the following reasons: (a) requests to disclose information to loan companies or educational institutions, (b) requests to disclose information to federal or state agency investigators for background checks, (c) application for EIN, or (d) claims filed on Form 843, Claim for Refund and Request for Abatement. If you check the box on line 4, your appointee should mail or fax Form 8821 to the IRS office handling the matter. Otherwise, your appointee should bring a copy of Form 8821 to each appointment to inspect or receive information. A specific-use tax information authorization will not revoke any prior tax information authorizations.

## Line 6. Retention/Revocation of Tax Information Authorizations

Check the box on this line and attach a copy of the tax information authorization you do not want to revoke. The filing of Form 8821 will not revoke any Form 2848 that is in effect.

## Line 7. Signature of Taxpayer(s)

*Individuals.* You must sign and date the authorization. Either husband or wife must sign if Form 8821 applies to a joint return.

*Corporations.* Generally, Form 8821 can be signed by: (a) an officer having legal authority to bind the corporation, (b) any person designated by the board of directors or other governing body, (c) any officer or employee on written request by any principal officer and attested to by the secretary or other officer, and (d) any other person authorized to access information under section 6103(e).

*Partnerships.* Generally, Form 8821 can be signed by any person who was a member of the partnership during any part of the tax period covered by Form 8821. See *Partnership Items* on page 3.

*All others.* See section 6103(e) if the taxpayer has died, is insolvent, is a dissolved corporation, or if a trustee, guardian, executor, receiver, or administrator is acting for the taxpayer.

## Privacy Act and Paperwork Reduction Act Notice

We ask for the information on this form to carry out the Internal Revenue laws of the United States. Form 8821 is provided by the IRS for your convenience and its use is voluntary. If you designate an appointee to inspect and/or receive confidential tax information, you are required by section 6103(c) to provide the information requested on Form 8821. Under section 6109, you must disclose your social security number (SSN), employer identification number (EIN), or individual taxpayer identification number (ITIN). If you do not provide all the information requested on this form, we may not be able to honor the authorization.

The IRS may provide this information to the Department of Justice for civil and criminal litigation, and to cities, states, the District of Columbia, and U.S. possessions to carry out their tax laws. We may also disclose this information to other countries under a tax treaty, to federal and state agencies to enforce federal nontax criminal laws, or to federal law enforcement and intelligence agencies to combat terrorism.

You are not required to provide the information requested on a form that is subject to the Paperwork Reduction Act unless the form displays a valid OMB control number. Books or records relating to a form or its instructions must be retained as long as their contents may become material in the administration of any Internal Revenue law.

The time needed to complete and file this form will vary depending on individual circumstances. The estimated average time is: **Recordkeeping,** 6 min.; **Learning about the law or the form,** 12 min.; **Preparing the form,** 24 min.; **Copying and sending the form to the IRS,** 20 min.

If you have comments concerning the accuracy of these time estimates or suggestions for making Form 8821 simpler, we would be happy to hear from you. You can write to Internal Revenue Service, Tax Products Coordinating Committee, SE:W:CAR:MP:T:T:SP, 1111 Constitution Ave. NW, IR-6526, Washington, DC 20224. **Do not** send Form 8821 to this address. Instead, see the *Where To File Chart* on page 2.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT B

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Central District of California

| | |
|---|---|
| Mattel, Inc., a Delaware corporation ) *Plaintiff* ) v. ) MGA Entertainment, Inc., a California corporation, et al. ) *Defendant* ) | Civil Action No.  04-9049;04-9059; 05-2727 (If the action is pending in another district, state where: ) |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: Internal Revenue Service, 300 N. Los Angeles, St., Los Angeles, CA 90012

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: See Attachment A

| Place: Quinn Emanuel Urquhart & Sullivan, LLP 865 S. Figueroa St., 10th Floor Los Angeles, CA 90017 | Date and Time: 05/30/2010 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: 05/04/2010

CLERK OF COURT

OR

_____   _____
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* **Mattel, Inc.** , who issues or requests this subpoena, are:

B. Dylan Proctor, Quinn Emanuel Urquhart & Sullivan, LLP, 865 S. Figueroa St., 10th Floor, Los Angeles, CA, 90017; (213) 443-3000; dylanproctor@quinnemanuel.com

AO 88B  (Rev.  06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   04-9049;04-9059; 05-2727

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____
was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 88B  (Rev.  06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

   **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information;
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
     **(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

ATTACHMENT A

Documents To Be Produced

I.   DEFINITIONS.

   1.   "YOU" or "YOUR" means the Internal Revenue Service and any other PERSON acting on YOUR behalf, pursuant to YOUR authority or subject to YOUR control.

   2.   "MGA" means MGA Entertainment, Inc. and any PERSON acting directly or indirectly by, through, under or on behalf of MGA Entertainment, Inc., including but not limited to, current or former directors, officers, agents, accountants, attorneys, employees, partners, joint venturers, contractors, accountants, or representatives of MGA Entertainment, Inc., and any current or former corporation, partnership, association, trust, parent, subsidiary, division, affiliate, predecessor-in-interest and successor-in-interest of MGA Entertainment, Inc., and any other PERSON acting on its behalf.

   3.   "DOCUMENT" or "DOCUMENTS" means all "writings" and "recordings" as those terms are defined in Rule 1001 of the Federal Rules of Evidence and Rule 34 of the Federal Rules of Civil Procedure and shall include all writings, including but not limited to, handwriting, typewriting, printing, image, photograph, photocopy, digital file of any kind, transmittal by (or as an attachment to) electronic mail (including instant messages and text messages) or facsimile, video and audio recordings, and every other means of recording upon any tangible thing, any form of COMMUNICATION or representation, and any record thereby created, regardless of the manner in which the record has been stored, and all non-

identical copies of such DOCUMENTS, in the possession, custody, or control of YOU, YOUR counsel, or any other PERSON acting on YOUR behalf.

   4. "REFERRING OR RELATING TO," "REFER OR RELATE TO," "RELATING," "RELATING TO" or "REFERS TO" means any and all of the following terms and their synonyms: refer to, discuss, constitute, evidence, pertain to, mention, support, undermine, disprove, refute, contradict, negate, bear on, amend, revise, modify, touch on, contain, embody, reflect, identify, state, deal with, concern, comment on, summarize, respond to, relate to, or describe.

   5. "PERSON," in the plural as well as the singular, means any natural person, association, partnership, corporation, joint venture, government entity, organization, limited liability company, trust, institution, proprietorship, or any other entity recognized as having an existence under the laws in the United States or any other nation.

   6. "IDENTIFY," "IDENTIFYING" OR "IDENTITY" means the following:

   (a) With reference to an individual, means such individual's name, current or last known business title, current or last known business affiliation, current or last known relationship to YOU, current or last known residential and business address, and current or last known telephone number.

   (b) With reference to an entity or entities, such entity's full name, state (or country) of incorporation or organization, present or last known address, and present or last known telephone number.

(c) With reference to any other DOCUMENT or DOCUMENTS, means the date, identity of the author, addressee(s), signatories, parties, or other PERSONS identified therein, its present location or custodian and a description of its contents.

(d) With reference to an account with a bank or financial institution, means the name and address of the bank or financial institution, the account number(s) for or otherwise associated with such account and the name of each holder, including without limitation, each beneficial holder, of each such account.

7. "COMMUNICATION," in the plural as well as the singular, means any transmittal and/or receipt of information, whether such was oral or written, and whether such was by chance, prearranged, formal or informal, and specifically includes, but is not limited to, conversations in person, telephone conversations, electronic mail (including instant messages and text messages), voicemail, letters, memoranda, statements, media releases, magazine and newspaper articles, and video and audio transmissions.

8. "BRYANT" means Carter Bryant, and all of his past or present employees, officers, agents, representatives, attorneys, consultants, independent contractors, any predecessors or successors in interest, and any other PERSON acting on his behalf, pursuant to his authority or subject to his control.

9. The singular form of a noun or pronoun includes within its meaning the plural form of the noun or pronoun so used, and vice versa; the use of the masculine form of a pronoun also includes within its meaning the feminine

ATTACHMENT A

form of the pronoun so used, and vice versa; the use of any tense of any verb includes also within its meaning all other tenses of the verb so used, whenever such construction results in a broader request for information; and "and" includes "or" and vice versa, whenever such construction results in a broader disclosure of documents or information.

II.     INSTRUCTIONS

    1.     YOU are to produce all requested DOCUMENTS in YOUR possession, custody or control.

    2.     If YOU contend that YOU are not required to produce certain DOCUMENTS called for by these Requests on the grounds of a privilege or protection that YOU are not prepared to waive, IDENTIFY each such DOCUMENT and provide the following information:

        1.     the date and type of the DOCUMENT, the author(s) and all recipients;

        2.     the privilege or protection that YOU claim permits YOU to withhold the DOCUMENT;

        3.     the title and subject matter of the DOCUMENT;

        4.     any additional facts on which YOU base YOUR claim of privilege or protection; and

        5.     the IDENTITY of the current custodian of the original of the DOCUMENT.

    3.     DOCUMENTS shall be produced in their original file folders, or other native format.  If the DOCUMENTS are in their original file folders, in

ATTACHMENT A

lieu thereof, any writing on the file folder from which each such DOCUMENT is taken shall be copied and appended to such DOCUMENT and the PERSON for whom or department, division or office for which the DOCUMENT or the file folder is maintained shall be identified.

      4.     The DOCUMENTS should be produced in their complete and unaltered form. Attachments to DOCUMENTS should not be removed. The DOCUMENTS should not be cut-up, pasted over, redacted or altered in any way for any reason, including alleged nonrelevance. If emails are produced that had attachments, the attachments shall be attached when produced.

      5.     DOCUMENTS in electronic form shall be produced in that form.

      6.     In the event that any DOCUMENT called for by these requests has been destroyed or discarded, that DOCUMENT is to be identified by stating:

      1.     the date and type of the DOCUMENT, the author(s) and all recipients;

      2.     the DOCUMENT's date, subject matter, number of pages, and attachments or appendices;

      3.     the date of destruction or discard, manner of destruction or discard, and reason for destruction or discard;

      4.     the PERSONS who were authorized to carry out such destruction or discard;

      5.     the PERSONS who have knowledge of the content, origins, distribution and destruction of the DOCUMENT; and

      6.      whether any copies of the DOCUMENT exist and, if so, the name of the custodian of each copy.

### III.    DOCUMENTS TO BE PRODUCED.

      1.      All DOCUMENTS provided to YOU by MGA REFERRING OR RELATING TO any agreement between MGA and BRYANT.

      2.      All COMMUNICATIONS between YOU and MGA REFERRING OR RELATING TO BRYANT and/or any legal fees paid for the benefit or on behalf of BRYANT.

      3.      All COMMUNICATIONS between YOU and MGA, from January 1, 2009 to May 1, 2009 REFERRING OR RELATING TO legal expenses incurred by MGA in connection with *Mattel v. MGA*, Case Nos. CV 04-9049, 04-9059, and 05- 02727 (C.D. Cal.), and/or the appropriate tax treatment of such expenses.

      4.      Any presentation or submission made by MGA to YOU, and any materials provided by MGA to YOU, between January 1, 2009 and May 1, 2009.