MELINDA HAAG (State Bar No. 132612)
mhaag@orrick.com
ANNETTE L. HURST (State Bar No. 148738)
ahurst@orrick.com
WARRINGTON S. PARKER III (State Bar No. 148003)
wparker@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building, 405 Howard Street
San Francisco, CA 94105
Tel. (415) 773-5700/ Fax (415) 773-5759

WILLIAM A. MOLINSKI (State Bar No. 145186)
wmolinski@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA 90017
Tel. (213) 629-2020/Fax (213) 612-2499

THOMAS S. McCONVILLE (State Bar No. 155905)
tmcconville@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
4 Park Plaza, Suite 1600
Irvine, CA 92614-2258
Tel: (949) 567-6700/Fax (949) 567-6710

Attorneys for MGA Parties

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware Corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | Case No. CV 04-9049-DOC (RNBx)<br><br>Consolidated with:<br>Case No. CV 04-9059<br>Case No. CV 05-2727<br><br>Hon. David O. Carter<br><br>**MGA PARTIES' OPPOSITION TO MOTION TO ENFORCE THE COURT'S JANUARY 26 ORDER RE COMMUNICATIONS WITH LAW ENFORCEMENT REGARDING ALLEGED THEFT OF TRADE SECRETS** |

## INTRODUCTION

Mattel's Motion To Enforce The Court's January 26 Order seeks documents that do not exist, and should therefore be denied. As MGA's counsel represented during and after its meet and confer of April 13, MGA has conducted a thorough and diligent search, and produced all "communications by or on behalf of any of the MGA Parties with law enforcement in Mexico, Canada and/or the United States" in its possession. Simply put, there are no other documents. Moreover, Mattel's motion is wholly duplicative of its pending motion to compel the production of documents filed less than three weeks ago. Mattel's motion should be denied.

## FACTUAL BACKGROUND

In the Court's January 26 Order, MGA was required to produce "all communications by or on behalf of any of the MGA Parties with law enforcement officials in Mexico, Canada and/or the United States."[1] MGA produced all such documents, except one, by February 19, 2010.[2]

On April 13, at Mattel's request, the parties met and conferred on this issue. MGA's counsel represented that it had produced all communications with law enforcement in its possession, and would further provide Mattel with bates numbers identifying such documents. On April 19, MGA's counsel did just that, identifying by bates number all responsive documents in its production.[3] Counsel for MGA further represented that one additional document had since been identified, and attached a copy for Mattel's counsel.[4]

On May 7, Mattel filed a motion to compel the production of documents relating to Mattel's trade secrets, including the same requests for production of

---

[1] Dkt. No. 7434, at 5.
[2] One additional document was located and provided to Mattel's counsel on April 19, 2010.
[3] *See* Letter from Glen Liu to Diane C. Hutnyan, dated April 19, 2010.
[4] MGA2 1493834-35

MGA's communications with law enforcement.[5]  In its motion, Mattel plainly misstated that "MGA still has not produced documents responsive to these requests."[6]  On May 19, MGA filed its opposition, reiterating that MGA had already produced all documents responsive to this request.[7]

On May 25, before the Court had an opportunity to adjudicate Mattel's earlier motion, Mattel filed the subject motion to enforce, again seeking to compel the production of MGA's communications with law enforcement.

## ARGUMENT

### A. MGA Cannot Be Compelled To Produce Documents That Do Not Exist Or That MGA Does Not Have

Pursuant to the Court's January 26 Order, MGA has already conducted a thorough and diligent search, and produced "all communications by or on behalf of MGA with law enforcement in Mexico, Canada, and/or the United States" relating to the criminal proceedings initiated by Mattel.  Indeed, MGA confirmed in writing on April 19 that it was in full compliance with the Court's January 26 Order, and went so far as to identify for Mattel the bates numbers of those responsive documents.  Mattel's latest motion offers no evidence that MGA has not complied with its discovery obligations.  Rather, Mattel simply states that it does not believe MGA's representations, and complains that there must be more than the thirteen documents that MGA produced and identified by bates number.  Mattel offers a laundry list of documents that it believes should exist based on pure conjecture.

No matter how dissatisfied Mattel is with MGA's document production, the simple fact remains that there are no other "communications by or on behalf of any of the MGA Parties with law enforcement in Mexico, Canada and/or the United

---

[5] *See* Mattel's Motion To Compel Production Of Documents In Response To Mattel's Requests For Documents Concerning Use Of Trade Secrets, Dkt. No. 7821, dated May 7, 2010.
[6] *Id.* at 11.
[7] *See* Dkt. No. 7887, at 3, 5-6.

States that refer or relate to any alleged theft or taking of alleged Mattel confidential or trade secret information by MGA or persons currently or formerly employed by MGA or any other allegation contained in Mattel's claims in this action." MGA has conferred with its prior counsel, conducted a diligent search for such documents, and produced everything it has. *Martin v. Woodford*, 2010 U.S. Dist. LEXIS 43149 (E.D. Cal. Apr. 1, 2010) (absent showing by plaintiff to the contrary, defendants' attestation that documents do not exist is sufficient); *Jeffery v. Bennge*, 2010 U.S. Dist. LEXIS 9882 (E.D. Cal. Feb. 4, 2010) (defendants may not be compelled to produce document that do not exist); *Williams v. Walker*, 2009 U.S. Dist. LEXIS 122970 (E.D. Cal. Dec. 21, 2009) (defendant's counsel asserted that a reasonable and diligent search was conducted after which it was determined that no documents exist, and plaintiff's insistence that responses be further verified is not well-taken.)

### B. Mattel's Motion To Enforce Is Improper Because It Is Wholly Duplicative Of Its May 7 Motion To Compel

Mattel's motion to enforce is redundant to its motion to compel filed on May 7, 2010.[8] In its motion to compel, Mattel sought exactly the same "communications with law enforcement in Mexico, Canada, and/or the United States" that it does in the instant motion.[9] Further, Mattel filed this motion less than three weeks ago, and before the Court had an opportunity to adjudicate its prior discovery motion. As such, the instant motion is plainly unwarranted and intended to multiply discovery proceedings. Courts have held that such conduct is sanctionable. *Sure Safe Indus. v. C&R Pier Mfg.*, 152 F.R.D. 625, 626 (S.D. Cal. 1993) (court imposing sanctions where motion to compel was found to be "frivolous, filed in "bad faith," not adequately grounded in fact and law, imposed for an improper purpose, lacked

---

[8] *See* Dkt. No. 7821.
[9] *Id.* at 11.

substantial justification and multiplied the proceedings."). On these grounds, Mattel's motion to enforce should be denied.

## CONCLUSION

Based upon the foregoing, MGA respectfully requests that Mattel's motion be denied in its entirety.

Dated: June 3, 2010  ORRICK, HERRINGTON & SUTCLIFFE LLP


By: /s/ *Thomas S. McConville*
THOMAS S. McCONVILLE
Attorneys for MGA Parties

OHS West:260926675.1
22161-2006 GL2/D6M