QUINN EMANUEL URQUHART & SULLIVAN, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  michaelzeller@quinnemanuel.com
  Jon D. Corey (Bar No. 185066)
  joncorey@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:   (213) 443-3000
Facsimile:   (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation,<br><br>              Plaintiff,<br><br>     vs.<br><br>MGA ENTERTAINMENT, INC., a California corporation, et al.,<br><br>              Defendants.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 DOC (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br><u>Hon. David O. Carter</u><br><br>**MATTEL'S OPPOSITION TO MGA'S OBJECTIONS TO PORTIONS OF DISCOVERY MATTER ORDER NO. 97**<br><br>**Phase 2**<br>Discovery Cut-off:   TBD<br>Pre-trial Conference:   TBD<br>Trial Date:   TBD |

00505.07975/3523766.3

**Preliminary Statement**

On May 21, 2010, the Discovery Master issued Discovery Matter Order No. 97, which set forth rulings on documents on the privilege logs of Peterson Milla Hooks ("PMH") and Lambda Investigations, Inc. ("Lambda"). After *in camera* review, the Discovery Master found that the materials that are the subject of MGA's objection here are privileged and/or attorney work product and were appropriately withheld from disclosure on those bases.

Mattel and MGA have since resolved their differences with respect to certain portions of the documents that are the subject of MGA's objection.[1] Accordingly, this opposition addresses only the portions of the documents that remain at issue. All of these remaining portions are attorney-client communications that are properly withheld from production, and Mattel respectfully requests that this Court sustain Discovery Matter Order No. 97 and overrule MGA's objections with respect to them.[2]

**Argument**

The remaining items at issue in MGA's Objection are clearly attorney-client communications that are properly withheld from production.

**PMH Entries 1, 5, 8, 17, 19, 68-72**

The documents corresponding to entry Nos. 1, 5, 17, 19, 68, 69, 70, 71 and 72 of the PMH privilege log reflect confidential legal advice. More specifically, they pertain to (a) legal advice with respect to proposed advertising that was provided by

---

[1] Letter from Diane C. Hutnyan to Annette Hurst and Diana Rutowski, dated June 2, 2010; Email from Diana Rutowski, dated June 3, 2010. Pursuant to the parties' agreement, MGA's objections with respect to PMH Entry Nos. 25, 26 and Lambda Entry No. 8 have been resolved. With respect to the remaining documents (PMH Entry Nos. 1, 5, 17, 19, 22, 31, 41, 68-72), they will have been produced in full or redacted form to MGA by Friday, June 4, 2010. The only portions at issue on this appeal are the portions that have been redacted from those documents and which have been addressed in this opposition.

[2] Mattel will submit these items for *in camera* review upon the Court's instruction.

Mattel counsel to Mattel employees and agents that were responsible for that advertising[3] and/or (b) specific information about the products at issue in those forms that was provided by a Mattel employee in response to a request by the Law Department for the purpose of preparing legal advice with respect to the advertising of that product.[4] Consequently, these items are privileged and are properly withheld from production. In re Grand Jury Investigation, 974 F.2d 1068, 1070 (9th Cir. 1992) (attorney-client privilege "protects confidential disclosures made by a client to an attorney in order to obtain legal advice, as well as an attorney's advice in response to such disclosures").

MGA itself implicitly recognizes that these materials contain Mattel's attorney-client privileged information -- and that redactions of the privileged material of the type made with respect to these documents are in fact appropriate. See Objection at 2; Rutowski Dec., Exh. 3. Indeed, MGA argued in its Objection only for the production of "non-privileged content." There is no non-privileged content being withheld, and so MGA's objection as to these documents should be overruled.

Contrary to MGA's contention on page 1 of its objection, PMH entry no. 8 is not identified on PMH's log as an Advertising Review form and it does not include any Advertising Review form. It is an email string containing a series of confidential attorney-client communications requesting and furnishing legal advice.[5] MGA does not even explain its basis for mistaken objection to the Discovery Master's ruling that this item is privileged, and its Objection should be overruled.

**PMH Entries 31 and 41**

As the Discovery Master ruled, entry Nos. 31 and 41 reflect attorney-client communications. The only information that has been withheld from production in

---

[3] Declaration of Michael Monahan ("Monahan Dec."), ¶ 2, submitted concurrently herewith.
[4] Monahan Dec., ¶ 3.
[5] See Declaration of Robert Normile, ¶¶ 3-9, submitted concurrently herewith.

1  these documents are specific pieces of legal advice that are being communicated from
2  Mattel attorneys to Mattel employees and agents with respect to a specific advertising
3  matter.[6]  These materials are privileged and were properly withheld from production.
4  See In re Grand Jury Investigation, 974 F.2d. at 1070.  The Discovery Master's ruling
5  should be upheld, and MGA's objection should be overruled with respect to these
6  documents.

### PMH Entry 22

Mattel has produced the document corresponding to PMH entry No. 22 with only the handwritten notations reflecting legal advice redacted.  The Discovery Master found these materials privileged, and MGA has presented no reason why the Discovery Master's determination was wrong.  MGA's objection should be overruled.

### Conclusion

For the foregoing reasons, Mattel respectfully requests that the Court overrule MGA's Objections to Discovery Matter Order No. 97.

DATED:  June 3, 2010          QUINN EMANUEL URQUHART & SULLIVAN. LLP

By /s/ Diane C. Hutnyan
   Diane C. Hutnyan
   Attorneys for Mattel, Inc.

---

[6] Monahan Dec., ¶ 4.