QUINN EMANUEL URQUHART & SULLIVAN, LLP
John B. Quinn (Bar No. 090378)
johnquinn@quinnemanuel.com
Michael T. Zeller (Bar No. 196417)
(michaelzeller@quinnemanuel.com)
Jon D. Corey (Bar No. 185066)
(joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>MGA ENTERTAINMENT, INC., et al.,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 DOC (RNBx)<br><br>Consolidated with Case Nos. CV 04-09059 and CV 05-02727<br><br>**Hon. David O. Carter**<br><br>DECLARATION OF MARSHALL M. SEARCY IN SUPPORT OF MATTEL, INC.'S OPPOSITION TO MGA'S EX PARTE APPLICATION TO COMPEL DOCUMENTS FROM MATTEL CUSTODIAN SUJATA LUTHER PRIOR TO HER JUNE 17 DEPOSITION<br><br>Hearing Date: TBD<br>Time: TBD<br>Place: TBD |

**PUBLIC REDACTED VERSION**

**Phase 2**
Discovery Cut-off: TBD
Pre-trial Conference: TBD
Trial Date: TBD

I, Marshall M. Searcy, declare as follows:

1. I am a member of the bar of the State of California and a partner at Quinn Emanuel Urquhart & Sullivan, LLP, attorneys for Mattel, Inc. ("Mattel"). I make this declaration of personal, firsthand knowledge and, if called and sworn as a witness, I could and would testify competently thereto.

2. I supervised the review and subsequent production to MGA of documents from Mattel custodian Sujata Luther.

3. Mattel searched Ms. Luther's Mattel hard drive from the 2003-2006 time period, [REDACTED], and her hard-copy documents in Mattel's possession, custody, or control in the search for responsive documents. To my knowledge, Mattel produced all responsive, non-privileged documents from these sources.

4. I supervised the search of Mattel's prior productions to MGA for emails sent or received by Sujata Luther and documents containing her name. To my knowledge, Mattel has produced 870 email chains containing emails to or from Ms. Luther and 1,625 documents containing her name.

5. On May 20, 2010, I participated in a meet and confer telephone call with counsel for MGA. During this call, MGA asserted that it believed Mattel's production as to Ms. Luther was incomplete because [REDACTED] had not been produced from her custody. I informed MGA's counsel that I would investigate the issue.

6. On May 24, 2010 I participated in another meet and confer telephone call with counsel for MGA. I informed MGA that [REDACTED] had already been produced and provided the Bates numbers for those documents. I also informed MGA that [REDACTED] were not present on Ms. Luther's hard drive. In addition, I informed MGA that Mattel had not located any [REDACTED] on Ms. Luther's hard drive or elsewhere.

7.    During both the May 20 and May 24 meet and confer teleconferences, I informed MGA's counsel that if MGA would provide Mattel with a list of requested search terms, Mattel would run those terms on Ms. Luther's hard drive, so long as MGA was willing to do the same for its own witnesses' hard drives. MGA refused.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on June 4, 2010, at Los Angeles, California.

_____
Marshall M. Searcy