QUINN EMANUEL URQUHART & SULLIVAN, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  michaelzeller@quinnemanuel.com
  Jon D. Corey (Bar No. 185066)
  joncorey@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:  (213) 443-3000
Facsimile:   (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation,<br><br>              Plaintiff,<br><br>       vs.<br><br>MGA ENTERTAINMENT, INC., a California corporation, et al.,<br><br>              Defendants.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 DOC (RNBx)<br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br><u>Hon. David O. Carter</u><br><br>**MATTEL, INC.'S REPLY IN SUPPORT OF MOTION TO ENFORCE THE COURT'S JANUARY 26TH ORDER RE COMMUNICATIONS WITH LAW ENFORCEMENT REGARDING ALLEGED THEFT OF TRADE SECRETS**<br><br>Date:  TBD<br>Time:  TBD<br>Courtroom:  9D<br><br>**Phase 2**<br>Discovery Cut-off:   TBD<br>Pre-trial Conference:   TBD<br>Trial Date:   TBD |

00505.07975/3525415.1

<u>**Preliminary Statement**</u>

MGA claims that it is in "full compliance" with the Court's January 26th Order because it has conducted a "thorough and diligent search" for responsive documents. However, MGA does not say what, if anything, it did in conducting that search, nor does it explain the astonishing absence of responsive documents in its production. Indeed, what little MGA does say on this score suggests that it did not even seek the communications from counsel in the criminal matters. As explained in Mattel's Motion, and not contested in MGA's Opposition, MGA bears the burden of demonstrating the sufficiency of its search efforts. It has not done so, or even offered any basis to determine whether its search was reasonable. Its manifestly inadequate production of a single email pursuant to the Court's Order makes such an explanation necessary.

Nor is Mattel's Motion "redundant" of its Motion to Compel Trade Secret documents. That Motion seeks, among other things, documents referring or relating to the MGA Parties' communications with law enforcement. The Court's January 26th Order compelled the actual communications. MGA has failed to produce either category of documents.

<u>**Argument**</u>

I.   <u>**MGA NOT ONLY FAILS TO DEMONSTRATE THE DILIGENCE OF ITS SEARCH EFFORTS, BUT IF ANYTHING SHOWS THAT THEY ARE INADEQUATE**</u>

MGA offers no support for the implausible proposition that a single email constitutes the entirety of all of the communications with law enforcement in three countries. MGA does not say where it searched; it does not say how it searched; it does not say what it has or has not withheld. Instead, it offers only conclusory statements such as "MGA has conferred with its ***prior*** counsel, conducted a diligent search for such documents, and produced everything it has." Opp. at 3:4-5 (emphasis added). MGA's representation not only fails to provide any information about what MGA did

to collect and produce documents, but if anything suggests that the efforts were inadequate.  Thus, for example, MGA does not even say whether it sought such documents from the counsel representing the MGA Parties or their current or former employees in the criminal matters themselves.  It merely says it conferred with "prior" counsel – conspicuously omitting the counsel who would actually have the communications.  The inadequacy of the search efforts is underscored by MGA's repeated representation that it has produced all communications "in its possession" (Opp. at 1:6-7 and 1:17), rather than in its possession, *custody*, or *control*, as required by Rule 34.

MGA's unsupported assertions are insufficient to show that MGA's searches were reasonable.  Motion at 6:18-7:5; see, e.g., In re Seroquel Prods. Liab. Litig., 244 F.R.D. 650, 660 n.6, 662 (M.D. Fla. 2007) (compelling supplemental searches where defendant failed to provide information "as to how it organized its search for relevant material, [or] what steps it took to assure reasonable completeness and quality control"); Victor Stanley, Inc. v. Creative Pipe, Inc., 250 F.R.D. 251, 261 (D. Md. 2008) ("*ipse dixit* pronouncements from lawyers unsupported by an affidavit or other showing that the search methodology was effective for its intended purpose are of little value to a trial judge who must decide a discovery motion aimed at either compelling a more comprehensive search or preventing one").  Given MGA's conspicuous omissions as to what it did to search, the implausibility that one email constitutes all of the communications with law enforcement, and MGA's undisputed production of attachments to communications that themselves have not been produced,[1] at a minimum

---

[1]   Mattel explained in its motion that 12 of the 13 documents in MGA's production are facially not communications with law enforcement, and appear to be responsive to the Court's Order because they were attachments to non-disclosed communications with law enforcement.  See Motion at 4:19-5:3.  MGA's Opposition ignores this issue.

1  MGA should be required to set forth what steps it took to assure its search for
2  responsive documents was reasonable.[2]

3  **II.     MATTEL'S MOTION IS NOT REDUNDANT**

4          The Court's January 26th Order required the production of all communications
5  by or on behalf of any of the MGA Parties with law enforcement in Mexico, Canada or
6  the United States that relate to Mattel's allegations of trade secret misappropriation.  In
7  contrast, Mattel's pending Motion to Compel Concerning Use of Trade Secrets seeks,
8  among other things, the documents referring or relating to MGA's communications with
9  law enforcement.[3]  While these categories are clearly related, they are distinct.  In any
10  case, MGA's failure to respond to other requests at issue in another motion does not
11  justify its noncompliance with the Court's January 26th Order, at issue here.

12                          **Conclusion**

13          For the foregoing reasons, the Court should grant Mattel's Motion and enforce its
14  January 26th Order.

15  DATED:  June 4, 2010             QUINN EMANUEL URQUHART &
                                     SULLIVAN. LLP
16

17                              By  /s/ Michael T. Zeller
18                                  Michael T. Zeller
                                    Attorneys for Mattel. Inc.
19
20
21
22
23
24
25      [2]   As the Court is aware, MGA also has refused to provide a 30(b)(6) witness to
26  testify as to its collection and production efforts in this case.  Dkt No. 7786.  MGA's
27  continued coyness on this motion about such matters only serves to underscore the
    importance that it be compelled to provide testimony on the subject.
28      [3]   See Dkt. Nos. 7821 and 7987.