MELINDA HAAG (State Bar No. 132612)
mhaag@orrick.com
ANNETTE L. HURST (State Bar No. 148738)
ahurst@orrick.com
WARRINGTON S. PARKER III (State Bar No. 148003)
wparker@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105
Telephone:  415-773-5700
Facsimile:   415-773-5759

WILLIAM A. MOLINSKI (State Bar No. 145186)
wmolinski@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA  90017
Telephone:  213-629-2020
Facsimile:   213-612-2499

THOMAS S. MCCONVILLE (State Bar No. 155905)
tmcconville@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
4 Park Plaza, Suite 1600
Irvine, CA 92614-2258
Tel: (949) 567-6700/Fax: (949) 567-6710
Attorneys for MGA Parties

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual<br><br>       Plaintiff,<br>   v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>       Defendant.<br><br>AND CONSOLIDATED ACTIONS | Case No. CV 04-9049 DOC (RNBx)<br><br>Consolidated with Case No. CV 04-9059/ Case No. CV 05-2727<br><br>**MGA PARTIES' REPLY TO MATTEL'S OPPOSITION TO MGA'S CROSS-MOTION FOR PROTECTIVE ORDER**<br><br>Date: TBD<br>Time: TBD<br>Place: Courtroom 9D<br>**Phase 2** |

# INTRODUCTION

Mattel wants MGA to authorize the Internal Revenue Service (IRS) to release a wide swath of undisputably confidential tax documents submitted by MGA that are not relevant to this litigation. MGA agrees that any indemnity agreement between MGA and Carter Bryant is relevant and not privileged. Indeed, MGA has produced all such agreements. But, that is not what Mattel seeks. That Mattel wants a release for a much broader range of submissions and communications with the IRS related to MGA's tax matters is clear on the face of the requests itself. This is obviously a "Trojan horse" effort by Mattel in order to gain information that will allow it to expand its already sweeping claims once again. Mattel has not demonstrated the relevance or its need for the broad range of documents it seeks.

Accordingly, MGA requests that the Court deny Mattel's motion to compel MGA to execute a release to authorize IRS to release of documents responsive to its subpoena and grant a protective order against Mattel's discovery into MGA's tax submissions.

# ARGUMENT

## A.   Mattel Seeks Release Of Documents That Are Not Relevant

Though Mattel argues that it is only seeking documents that are relevant, its seeks the release of documents that go far beyond documents relevant to this litigation. For example, Mattel seeks the release of all communications related to Carter Bryant (Request 2). Mattel argues that this is relevant because MGA's payments to Bryant such as wages and royalty are relevant.[1] Mattel misses the point – simply because MGA's royalty payment or wages to Bryant may be relevant, it does not follow that MGA's tax treatment of its royalty payments or wages is relevant. Yet, the sweeping request by Mattel includes just such documents.

---

[1] Dkt. # 8048 at 9

1    Mattel also argues that because the disputed issue between MGA and the
2  IRS was the deductibility of MGA's payments for Bryant's legal fees, and the
3  IRS presentation does not identify tax treatment of any other issue other than
4  Bryant's legal fees, these requests seek only relevant information.[2]  Mattel's
5  argument would have some merit, if it were seeking only documents related to
6  the IRS presentation.  But, Mattel is not.  Mattel seeks *all* communications
7  related to Carter Bryant (Request 2), *all* documents related to any agreement
8  between MGA Bryant (Request 1), and *all* documents related to MGA's tax
9  treatment of its legal expenses (Request 3).  Mattel seeks far more than
10 documents related to the IRS presentation, including a broad range of documents
11 related to MGA's tax records.  Further, Mattel's first and second Requests have
12 no temporal limitation, thus sweeping in documents far beyond those related to
13 MGA's presentation to the IRS.
14   Mattel also claims for the first time that that it is entitled to all of
15 MGA's submissions, presentations and materials submitted to the IRS because
16 they are relevant to its RICO and other state law claims.[3]  Mattel does not
17 explain why it needs this discovery from the IRS.  Mattel has received
18 extensive discovery from MGA.  To date, MGA has produced over 500,000
19 documents consisting of over 5.5 million pages.  There is simply no basis to
20 compel MGA to release its tax records in a fishing expedition by Mattel.
21 Mattel has not shown any need, let alone compelling need to discover MGA's
22 submissions to the IRS, which are protected as confidential.  26 U.S.C. §
23 6103; *Aliotti v. The Vessel SENORA*, 217 F.R.D. 496, 497-98 (N.D. Cal.
24 2003).
25   If any disclosure of IRS submissions is compelled of MGA, MGA
26 requests that the Court set a protocol whereby the documents will be sent by

---

[2] Dkt. # 8048 at 9.
[3] *Id.*

1  the IRS to MGA, whereby MGA has an opportunity to review the documents
2  for privilege.  Mattel has stated that it has no objection to this protocol.[4]
3  MGA also requests that it be permitted to make any disclosures *in camera* to
4  the Court or special master as to any IRS material that is believes should be
5  excluded from production.

### B. MGA's Objections Based on Confidentiality, Privacy and Qualified Privilege of Tax Records Are Properly Asserted.

8  MGA's objection based on privacy is timely.  In addition to raising the
9  issue of privacy in its Objections to Mattel's subpoena, MGA also objected to
10 the disclosure of its tax records to the IRS based on the confidentiality of its
11 tax submissions to the IRS in its motion to quash.[5]  And, in opposition to
12 Mattel's motion to compel MGA to authorize release of its tax records to the
13 IRS, MGA properly asserted its objections based on confidentiality and
14 privacy of its tax records.[6]  MGA also properly argued in its opposition to
15 Mattel's motion to compel that Mattel had to show a compelling need for the
16 documents before MGA is compelled to execute a release to the IRS because
17 of the qualified privilege afforded to tax records.[7]  In any event, Mattel has
18 not demonstrated the relevancy of the broad range of documents it seeks.
19 Nor, has Mattel demonstrated a compelling need for the documents from the
20 IRS.

### CONCLUSION

22 For the foregoing reasons, MGA respectfully asks that the Court deny
23 Mattel's motion to compel MGA to execute a release to permit the IRS to
24 ///
25 ///

---

[4] Dkt. # 8048 at 11.
[5] Dkt. # 7856 at 3.
[6] Dkt. # 8053 at 6-9.
[7] Dkt. # 8053 at 6-8.

1  disclose the subpoenaed documents and grant a protective order against
2  Mattel's discovery into MGA's tax submissions.
3
4  Dated:  June 7, 2010                Respectfully submitted,
5                                      ORRICK, HERRINGTON & SUTCLIFFE LLP
6
7                                      By: */s/ Sugithra Somasekar*
                                              Sugithra Somasekar
8                                             Attorneys for MGA Parties