MELINDA HAAG (State Bar No. 132612)
mhaag@orrick.com
ANNETTE L. HURST (State Bar No. 148738)
ahurst@orrick.com
WARRINGTON S. PARKER III (State Bar No. 148003)
wparker@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105
Telephone:  415-773-5700
Facsimile:   415-773-5759

WILLIAM A. MOLINSKI (State Bar No. 145186)
wmolinski@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA  90017
Telephone:  213-629-2020
Facsimile:   213-612-2499

THOMAS S. MCCONVILLE (State Bar No. 155905)
tmcconville@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
4 Park Plaza, Suite 1600
Irvine, CA 92614-2258
Tel: (949) 567-6700/Fax: (949) 567-6710

Attorneys for MGA Parties

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | Case No. CV 04-9049 DOC (RNBx)<br>Consolidated with:<br>Case No. CV 04-9059<br>Case No. CV 05-2727<br>**[DISCOVERY MATTER]**<br><u>**Phase 2**</u> - Hon. David O. Carter<br>**MGA PARTIES' SUBMISSION PURSUANT TO MAY 25, 2010 ORDER**<br>Discovery Cut-off:  TBD<br>Pretrial Conference: TBD<br>Trial Date: TBD |

1       Pursuant to the Court's May 25, 2010 Order Overruling In Part And Sustaining In Part Objections to Discovery Matter Order Nos. 89/91, MGA Entertainment Inc. hereby submits the following revised list of document requests for the Court's review. The Parties engaged in meet and confer "to narrow the requests for production" and "to narrow the scope of search protocol as to the search of individual computers and files." Dkt. # 7961 at 4-5.[1] MGA's revised list, including revisions to the individuals to be searched and the language of the requests, is as follows:

### A. List of Individuals At Issue.

      Mattel has stated that it has or will search 173 individuals for responsive documents, and that it will conditionally search 38 more individuals if MGA agrees that Mattel's list is sufficient. MGA has reviewed the list and has determined that it does not capture an additional 35 individuals that deposition testimony and documents indicate are likely to possess information relevant to the claims and defenses in this litigation. On the other hand, Mattel's list also contains numerous people that MGA did not request be searched, but who Mattel has selected to search, possibly because they have information to support Mattel's positions.[2] While MGA appreciates Mattel's efforts to identify individuals with responsive information, MGA is also entitled to identify custodians that are reasonably likely to possess information relevant to its own claims and defenses. A list of the individuals identified by Mattel and the additional individuals identified by MGA is attached as **Appendix A**. MGA reads this Court's order as requesting only a list. If

---

[1] The parties exchanged letters and emails in the course of their meet and confer efforts. MGA attaches hereto as Appendix G the last letter that it received from counsel for Mattel, which was received yesterday afternoon, Sunday, June 6, 2010. MGA's email response on June 7, 2010 is attached hereto as Appendix H.

[2] To give a few examples after an initial review, MGA has not requested production from at least the following dozen people: John Bloodworth, Omar Cavassuto, Joyce Chi Hee Kim, Fabienne Chonavel, Nilo DelBel, Alison Doherty, Luisito Domingo, Joseph Feldman, Traci Feldman, Michael Hinh, Kristen Kirst, and Samuel Wong.

1   the Court would like to consider additional information about these individuals,
2   MGA will be glad to provide such information upon request.
3        Mattel has stated that for each custodian it will search the following data
4   sources: (a) servers that house the person's email files, including any email
5   archives; (b) the hard drives of the person's desktop and/or laptop computers; (c) to
6   the extent the person has been assigned a space on a network drive to save files,
7   such network space; (d) office, department, and storage areas where the person's
8   hard copy files might be located; and (e) human resource department and personnel
9   files. MGA adds one additional document source to Mattel's list: (f) emails
10  captured by Mattel's email security system.
11       MGA further requests that the Court order Mattel to ensure that its
12  production as to each individual is current and complete by date certain. For
13  example, in its June 6 letter (Appendix G), Mattel agreed to produce in response to
14  more than 70 requests to which it had previously objected. Mattel's statement that
15  it "has searched" custodians in the past is no substitute for a current search and
16  production covering all responsive information.

17       **B.     Requests To Which Mattel Has Not Objected Other Than Scope**
18       Of the 915 requests compelled by the Discovery Master Order Nos. 89 and
19  91, Mattel did not file objections as to 844 requests, except its blanket objection as
20  to the scope of the search. Dkt. # 7555 at 1. In a supplemental filing to its
21  objections, Mattel sought to raise objections to an additional 194 requests. Dkt. #
22  7684 (Supplemental Declaration of Michael Zeller). Of these 194 requests, Mattel
23  had already objected to 12.  This leaves a total of 662 requests to which Mattel has
24  not objected except in its blanket objection as to the scope of the search ordered. A
25  list of these 662 requests is attached hereto as **Appendix B**. Accordingly, MGA
26  hereby narrows these requests by restricting the scope of Mattel's search to the
27  individuals identified in Appendix A.
28

### C. Requests Concerning Polly Pocket

In its first point, the Court considered requests concerning Polly Pocket and overruled Mattel's objections to 34 requests. Dkt. # 7961 at 6. These requests are: 9049 RFP Nos. 512-515, 611-618, 620-625, 627-641 and 656. Dkt. # 7396 at 26.

### D. Requests Concerning Mattel Employee Disclosures

In its second point, the Court ordered the parties to meet and confer with respect to 3 requests concerning certain disclosures of information made by Mattel employees. Dkt. # 7961 at 8. After meeting and conferring, MGA revises these requests as indicated in **Appendix C**.

### E. Requests Concerning Mattel Lawsuits

In its third point, the Court ordered the parties to meet and confer with respect to requests concerning lawsuits by Mattel and against Mattel. Dkt. # 7961 at 8. After meeting and conferring, MGA narrows these requests as indicated in **Appendix D**.

### F. Requests To Which Mattel Objected As Overbroad

In its fourth point, in which the Court considered 27 requests as to which Mattel objected as overbroad, the Court overruled objections as to 17 requests, sustained objections as to 3 requests, and limited the scope of 3 requests. As to the remaining 4 requests, about which the parties met and conferred, MGA has withdrawn 1 request and revised 3 requests. These requests and revisions are included in **Appendix E**.

### G. Requests To Which Mattel Objected Through Its Supplemental Filing

In its fifth point, the Court considered the 194 requests to which Mattel objected through its supplemental filing. This filing was not timely, and Mattel's sole purpose was to raise an intervening letter from MGA affecting the scope of MGA's trade dress claims. MGA withdrew 25 of these requests in its response to the Supplemental Declaration of Michael Zeller, leaving 169 requests. Based on

Mattel's representation in its Reply In Support of the Supplemental Declaration, that it is not seeking damages for Acceleracers and Little Mommy (Dkt. # 7743 at 1), MGA hereby withdraws an additional 23 requests.[3] During meet and confer, Mattel has agreed to produce in connection with 79 of the remaining requests, some of which the parties have agreed to narrow (Appendix G). A further 6 of these requests were considered in previous sections in connection with Mattel's earlier objections.

With respect to the remaining 61 requests, in addition to narrowing the scope of the search to the individuals set forth in Appendix A, MGA further narrows many of these requests to the extent that it agrees with Mattel that they are impacted by MGA's effort to focus the trade dress claims currently asserted. However, Mattel is still seeking wide-ranging damages and claiming RICO injury as the result of its alleged lost opportunity exploit Bratz, and many of these requests remain highly relevant to Mattel's expansive claims and MGA's defenses thereto. For example, documents concerning Mattel's purpose for creating and changing its My Scene product line are highly relevant to Mattel's claimed damages to its My Scene brand as a result of Bratz. Documents concerning product designs considered and rejected by Mattel (in connection, for example, with My Scene and Glamermaids) are further relevant to whether or not Mattel would have marketed a product like Bratz. Documents concerning Simba and other litigation in which Mattel has sought to enforce rights in My Scene or other "harmed" products are highly relevant, for example, because Mattel cannot claim in one court that harm to its My Scene brand was caused by Simba while claiming in another court it was caused by MGA Parties. Because such requests are relevant to issues other than MGA's withdrawn trade dress claims, Mattel's objections raised through the Supplemental

---

[3] If Mattel re-asserts damages with regard to these products, MGA reserves its right to pursue discovery on Acceleracers and Little Mommy.

1  Declaration of Micahel Zeller are not applicable.  Nevertheless, MGA has further
2  narrowed as appropriate.
3      These requests, and MGA's revisions thereto, are included in **Appendix F**.

**CONCLUSION**

5      For the foregoing reasons, and any additional submissions or argument
6  permitted by the Court, MGA respectfully requests that the Court issue an order
7  compelling Mattel to search and produce by date certain as detailed in this
8  submission.

9  Dated:  June 7, 2010        Respectfully submitted,

10         ORRICK, HERRINGTON & SUTCLIFFE LLP

12     By:  _____*/s/ Diana M. Rutowski*_____
    Diana M. Rutowski
    Attorneys for MGA ENTERTAINMENT, INC.,
    MGA ENTERTAINMENT HK, LTD., MGA de
    MEXICO, S.R.L. de C.V., and ISAAC LARIAN