MELINDA HAAG (State Bar No. 132612)
mhaag@orrick.com
ANNETTE L. HURST (State Bar No. 148738)
ahurst@orrick.com
WARRINGTON S. PARKER III (State Bar No. 148003)
wparker@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105
Telephone: 415-773-5700
Facsimile: 415-773-5759

WILLIAM A. MOLINSKI (State Bar No. 145186)
wmolinski@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA 90017
Telephone: 213-629-2020
Facsimile: 213-612-2499

THOMAS S. MCCONVILLE (State Bar No. 155905)
tmcconville@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
4 Park Plaza, Suite 1600
Irvine, CA 92614-2258
Tel: (949) 567-6700/Fax: (949) 567-6710

Attorneys for MGA Parties

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS<br><br>**PUBLIC REDACTED VERSION** | Case No. CV 04-9049 DOC (RNBx)<br>Consolidated with Case No. CV 04-9059 and Case No. CV 05-2727<br><br>**Phase 2 - Hon. David O. Carter**<br><br>**MGA PARTIES' REPLY IN SUPPORT OF MGA'S EX PARTE APPLICATION TO COMPEL DOCUMENTS FROM MATTEL CUSTODIAN SUJATA LUTHER PRIOR TO HER JUNE 17 DEPOSITION**<br><br>Date: TBD<br>Time: TBD<br>Place: Courtroom 9D |

**INTRODUCTION**

MGA's *ex parte* application to compel Mattel to search for and produce all responsive Sujata Luther documents must be granted. MGA has established the critical facts: 1) responsive Sujata Luther documents exist and 2) Mattel has failed to produce these documents to MGA. Mattel fails to refute either key fact and must, therefore, be compelled to find and provide these documents to MGA.

Mattel concedes that Sujata Luther served as its Senior Vice-President of International Marketing during the critical pre-and post-filing periods of this litigation, 2003-2006. Mattel further concedes that Ms. Luther was responsible for consumer research for Mattel brands. In fact, as a Senior Vice President, Ms. Luther oversaw the Mattel consumer research department. Despite the key role that Ms. Luther played concerning Mattel's consumer research, Mattel feigns innocence and now claims that it cannot locate any "Consumer Reports." Mattel Opp at 3:7-10. Yet Mattel's own witness testified that, as part of her job duties, Sujata Luther prepared Consumer Reports for her boss and then-Mattel Brands President Matthew Bousquette. Ignoring this testimony and failing to offer any explanation for these missing Reports, Mattel attempts to divert attention to MGA, falsely stating that, "….MGA offers no reason to believe that such reports exist….". Mattel Opposition Brief at 7:5-6.

Mattel further tries to shield its lack of candor by claiming it provided "….more than 1600 documents that include Ms. Luther's name, including over 870 email chains that include Ms. Luther as author or recipient." Mattel Opp. at 1:6-8. That may be.[1]

---

[1] MGA does not quibble over whether the responsive documents are produced under the custodial file of "Mattel legal" or "Sujata Luther" but, rather, seeks the production of responsive materials known to exist from wherever source/custodian they may be located per Mattel's Rule 26 obligations.

- 1 -

However, MGA has just received documents from a third party, Bain & Company, a consulting firm hired by Mattel to investigate and collect MGA's competitive information and strategies during the 2004 timeframe and during the initial pendency of this litigation. Mattel retained Bain in June of 2004 for the express purpose of obtaining key competitive information concerning Bratz. Inexplicably, these documents were never produced by Mattel during Phase 1 of this litigation. When Mattel finally produced the end result of Bain's research, a powerpoint presentation dated September 2004, to MGA in April of 2010, MGA immediately subpoenaed Bain & Company for all documents concerning this litigation. These third party documents identify Sujata Luther as one of the key team players on the Mattel-Bain project. Yet the documents produced by third-party Bain & Company are not within the Sujata Luther document productions by Mattel. Nor are there any other communications with Bain & Company.

MGA has shown, therefore, that at least two types of Sujata Luther documents exist but have not yet been produced by Mattel: Consumer Reports and Bain & Company documents including email communications. As a result, MGA asks that the Court order Mattel to search immediately ***all*** sources for these materials, including email servers and back-up or archive systems and order production of all non-privileged responsive materials no later than 5 pm on June 14, 2010 so that the Sujata Luther deposition may proceed as set on June 17 and 18, 2010 in Chicago, Illinois.

## ARGUMENT

**I.    RESPONSIVE SUJATA LUTHER DOCUMENTS EXIST**

Sujata Luther oversaw Mattel's consumer research department from 2003 through 2006. This litigation was commenced by Mattel in 2004 and, of course, planned at some point prior to that date. This means that during the critical "litigation hold" period when Mattel was drafting its complaint and attempting to gather evidence against Carter Bryant and MGA, Ms. Luther was the Senior Vice

1  President in charge of reporting consumer responses regarding all Mattel products.
2  In other words, Ms. Luther was responsible for letting all of Mattel senior
3  management know consumer reaction to all Mattel brands, including, of course, all
4  Barbie doll and related products sales. This position naturally incorporates
5  consumer reaction to competitive products, such as Bratz.
6  Based on the complaints filed by Mattel during this litigation, Mattel
7  claims it was losing consumers to MGA due to the introduction of the Bratz dolls.
8  In support of these allegations, Mattel had to have commissioned its consumer
9  research department to investigate and report on these findings and evidence in
10  order to fulfill its pre-filing obligations mandated by Federal Rule of Civil
11  Procedure 11. Yet Mattel claims it cannot locate such "Consumer Reports." Mattel
12  Opp at 3:7-10. Its own production reveals the falsehood of this statement.

### A. There Must Be More Than One Consumer Report—Mattel's Witnesses Say This.

15  The Sujata Luther custodial production provided by Mattel on May 14,
16  2010 contains a single consumer research report. █████████████████
17  ████████████████████████████████████████
18  Mingrone Decl Ex. 1. ████████████████████
19  ████████████████████████████████████████
20  ███████████████████████████ As Senior Vice President of consumer
21  research for Mattel brands for at least four years prior to her departure, this is
22  exactly the type of document one would expect to find in Ms. Luther's custody. Yet
23  Mattel claims this is the only Consumer Research Report  when we know that there
24  have to be more.   Tim Kilpin said this. ████████████████████
25  ████████████████████████████████████████
26  ██████████ Mingrone Decl. dated June 1, 2010 at Ex. 4.
27  Moreover, one would expect that these reports would be accompanied
28  by emails, powerpoints or some type of document that conveyed information to her

superiors. Yet these materials have not been provided to MGA.

### B. What Mattel Has Produced Also Shows That More Documents Must Exist.

Even a cursory review of the eight (8) documents produced from Ms. Luther's hard drive reveals items seem to be missing since these materials appear to be regularly-issued reports but cover random miscellaneous dates. For example, one of the Luther documents produced is a ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Mingrone Decl. Ex. 2. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Mingrone Decl. Ex. 3. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

It is simply incredible to believe that a Senior Vice President saved only eight (8) responsive documents when she departed Mattel in 2006 during the pendency of this litigation with a litigation hold in place preventing her from destroying any documents related to this action.

### C. Bain & Co. Documents Distributed to Sujata Luther Exist

Further, MGA has received documents from third-party Bain & Company which state that Sujata Luther worked directly with this vendor to obtain MGA's competitive information. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Mingrone Decl. Ex. 4. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Mingrone Decl. Ex. 5. Yet these documents were not provided by Mattel to MGA.

- 4 -

MGA PARTIES' REPLY ISO ITS EX PARTE APPLICATION TO COMPEL DOCUMENTS FROM SUJATA LUTHER PRIOR TO HER JUNE 17 DEPOSITION CV-04-9049 DOC (RNBX

1    Further, no emails between Sujata Luther and Bain have been
2  produced. Not a single one. That is not plausible. It is nonsensical to assume that
3  Mattel would pay ▮▮▮▮▮▮▮▮ to Bain for completion of this project yet not
4  have had its Senior executive in charge of consumer research correspond with Bain.
5  Yet this is what Mattel expects the Court and MGA to believe via its lack of
6  produced emails with Bain & Company.

## II.   MATTEL HAS FAILED TO SEARCH ALL SOURCES FOR RESPONSIVE SUJATA LUTHER MATERIALS

Depending on which page of the brief one relies on, Mattel claims it searched "Ms. Luther's hard copy files, the hard drive from her computer and other reasonably accessible electronic sources" or "the hard drive Ms. Luther used from 2003-2006, her hard copy files and emails stored in electronic files," or "Ms. Luther's hard drive from her 2003-2006 stint at Mattel, as well as hard copy documents, and her emails from Mattel's email security tool" for all responsive Sujata Luther documents. Yet nowhere does Mattel state it searched: 1) all email servers where Sujata Luther emails are or were stored between 2003-2006; 2) the network space assigned to Sujata Luther since all responsive documents had to be preserved; and 3) the consumer research department electronic and hard copy files between 2003-2006. As a result, Mattel has failed to fulfill its Rule 26 and 34 obligations in light of the showing that additional responsive Sujata Luther documents exist. *Peskoff v. Faber*, 240 F.R.D. 26, 31 (D.D.C. 2007) (defendant must conduct search of all sources of information where one might reasonably expect to find responsive materials); *AIU Ins. Co. v. TIG Ins. Co*, 2008 WL 5062030 at *10 (S.D.N.Y. 2008) (Rule 26 of the Federal Rules of Civil Procedure requires a party to search all files where it could reasonably be expected to find responsive information).

Mattel accuses MGA of ignoring prior Court orders which state that Mattel is not required to search "all North American servers" nor "all of its email

- 5 -

back-up tapes." This is not MGA's request. Rather, the request is simple and narrow: Mattel must search only its North American email servers and email back-up tapes which store Sujata Luther emails from 2003-2006.

### III. CONCLUSION

Mattel's gamesmanship and word-plays must end. Mattel must find and provide the Consumer Reports, Bain documents and additional responsive materials prepared by and/or for Sujata Luther and/or the consumer research department under her direct supervision. These materials must reach MGA's counsel by 5 pm on June 14 so that counsel may prepare for the Sujata Luther deposition on June 17 and 18 in Chicago.

Dated: June 8, 2010

Respectfully submitted,

ORRICK, HERRINGTON & SUTCLIFFE LLP

By: _____
Thomas S. McConville
Attorneys for MGA ENTERTAINMENT, INC., MGA ENTERTAINMENT HK, LTD., MGA de MEXICO, S.R.L. de C.V., and ISAAC LARIAN

OHS West:260929158.2

- 6 -

MGA PARTIES' REPLY ISO ITS EX PARTE APPLICATION TO COMPEL DOCUMENTS FROM SUJATA LUTHER PRIOR TO HER JUNE 17 DEPOSITION CV-04-9049 DOC (RNBX