QUINN EMANUEL URQUHART & SULLIVAN, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  michaelzeller@quinnemanuel.com
  Jon D. Corey (Bar No. 185066)
  joncorey@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:  (213) 443-3000
Facsimile:   (213) 443-3100

Attorneys for Mattel, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation,<br><br>            Plaintiff,<br><br>     vs.<br><br>MGA ENTERTAINMENT, INC., a California corporation, et al.,<br><br>            Defendants.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 DOC (RNBx)<br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>Hon. David O. Carter<br><br>**MATTEL, INC.'S REPLY IN SUPPORT OF OBJECTIONS TO PORTIONS OF DISCOVERY MATTER ORDER NO. 97**<br><br>**Phase 2**<br>Discovery Cut-off:   TBD<br>Pre-trial Conference:   TBD<br>Trial Date:   TBD |

00505.07975/3529405.1

## **Argument**

Mattel filed just one declaration in support of its Objections to Discovery Matter Order No. 97:  the Declaration of Jill Thomas in Support of Mattel, Inc.'s Objections to Discovery Matter Order No. 97 (Dkt. No. 8078).  MGA's Opposition neither objects to nor discusses this declaration, which Mattel filed to aid the Court's determination of Mattel's appeal of Order No. 97.  Indeed, MGA "does not object to the…Court's consideration of evidence, including declarations" supporting Mattel's privilege assertions.[1]  Accordingly, Mattel respectfully requests that it be considered in connection with Mattel's objections to Order No. 97.

The declaration that MGA asks the Court to disregard is the *Supplemental* Declaration of Jill Thomas (Dkt. No. 8041), which was filed in connection with Mattel's objections to Order No. 94 (Dkt. No. 7796).  But since MGA has already responded to the declaration in its Opposition, its submission was clearly not prejudicial to MGA and there is no reason it should not be considered by the Court if the Court would find it useful.  Indeed, the Court's previous orders with respect to Mattel's claims of privilege suggest that such declarations have been of assistance to the Court in making its determinations.  Mattel respectfully requests that MGA's request be denied and that the Court consider the Supplemental Declaration, and any other declarations that Mattel has provided, in support of its claims of privilege and work product.

MGA also suggests that two pieces of testimony from Jaime Elias's Rule 30(b)(6) deposition on behalf of Mattel amount to a waiver of Mattel's privilege as to all communications and work product relating to Mattel's investigation of Ron Brawer.  The testimony MGA cites, however,  refutes this claim.  In one instance, the testimony was compelled by the Discovery Master after Mattel objected on privilege grounds and instructed Mr. Elias not to answer, though MGA does not cite this portion of the

---

[1]  Opposition at 1.

00505.07975/3529405.1

1  transcript.[2]  Only a *voluntary* disclosure of privileged information constitutes a waiver.

2  Involuntary disclosure, such as a disclosure compelled by the Court, does not result in a

3  waiver of privilege.  Hynix Semiconductor, Inc. v. Rambus, Inc., 2008 WL 350641, *1

4  (N.D. Cal. 2008) ("a disclosure compelled by a court order like the piercing orders in

5  this case does not waive the attorney-client and work product privileges").

6          The other testimony cited by MGA discloses nothing more than underlying

7  facts,[3] which are non-privileged, as MGA itself has recently argued.[4]  See Burlingame

8  v. County of Calaveras, 2007 WL 2317301, *3 (E.D. Cal. 2007) (facts included in

9  investigation report prepared for the county by an attorney is discoverable even though

10 attorney's mental impressions, conclusions and/or legal theories are not).  Disclosure of

11 this information does not constitute a waiver or otherwise preclude Mattel from

12 asserting that the items in question are protected from disclosure as attorney work

13 product.  Service Employees Intern. Union v. Rosselli, 2009 WL 2581320 at *2 (N.D.

14 Cal. 2009) (finding that "even if [plaintiffs] disclosed underlying facts at depositions

15 and declarations or a particular work product document, that does not waive the

16 assertion of the [work product] privilege").

---

24   [2]  Elias Dep. Tr. at 203:13-205:21.

25   [3]  See Declaration of Diana M. Rutowski in Support of MGA Parties' Opposition
     to Mattel, Inc.'s Objections to Portions of Discovery Matter Order No. 97, dated
26   June 4, 2010, Dkt. No. 8065 at Exh. 1, 6:18-8:9 (Elias Dep. Tr. at 110:18-112:9).

27   [4]  MGA Parties' Objections to Portions of Discovery Matter Order No. 97, dated
     May 26, 2010, Dkt. No. 8002 at 1 ("It is well established that privilege does not
28   protect underlying factual information and non-privileged contents").

## <u>Conclusion</u>

For the foregoing reasons, Mattel respectfully requests that the Court overrule the portions of Discovery Matter Order No. 97 that relate to the following entries on the Lambda Investigations privilege log: 1, 2, 3, 11 and 12.

DATED:  June 8, 2010          QUINN EMANUEL URQUHART & SULLIVAN, LLP

By /s/ Michael T. Zeller
   Michael T. Zeller
   Attorneys for Mattel, Inc.