QUINN EMANUEL URQUHART & SULLIVAN, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  michaelzeller@quinnemanuel.com
  Jon D. Corey (Bar No. 185066)
  joncorey@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>MGA ENTERTAINMENT, INC., a California corporation, et al.,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS<br><br>**PUBLIC REDACTED VERSION** | CASE NO. CV 04-9049 DOC (RNBx)<br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>**DISCOVERY MATTER**<br><br>Hon. David O. Carter<br><br>**MATTEL, INC.'S SUBMISSION PURSUANT TO ORDER OF JUNE 7, 2010 REGARDING MATTEL'S REQUESTS FOR TRANSMITTAL DOCUMENTS**<br><br>Date: TBD<br>Time: TBD<br>Place: Courtroom 9D<br><br>**Phase 2**<br>Discovery Cut-off: TBD<br>Pre-trial Conference: TBD<br>Trial Date: TBD |

## **TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ..................................................................................1

STATEMENT OF FACTS ........................................................................................2

ARGUMENT ..............................................................................................................3

I. MATTEL'S PROPOSED DEFINITIONS LIMIT THE SCOPE OF THE REQUESTS TO NON-PRIVILEGED TRANSMITTAL DOCUMENTS ..............................................................................................3

II. THE TRANSMITTAL DOCUMENTS ARE RELEVANT AND WITHIN MGA'S CUSTODY OR CONTROL............................................5

CONCLUSION ...........................................................................................................6

# TABLE OF AUTHORITIES

**Page**

### Cases

Anderson v. Equifax Information Servs., LLC,
  2007 WL 2412249 (D. Or. Aug. 20, 2007) .................................................. 4

Conner Peripherals, Inc. v. Western Digital Corp.,
  1993 WL 726815 (N.D. Cal. June 8, 1993) .................................................. 4

Detection Sys., Inc. v. Pittway Corp.,
  96 F.R.D. 152 (W.D.N.Y. 1982) .................................................................. 4

Duplan Corp. v. Deering Milliken, Inc.,
  397 F. Supp. 1146 (D. S.C. 1974) ................................................................ 4

Hercules, Inc. v. Exxon Corp.,
  434 F. Supp. 136 (D. Del. 1977) .................................................................. 4

In re Horn,
  976 F.2d 1314 (9th Cir. 1992) .................................................................. 4, 5

P. & B. Marina, LP v. Logrande,
  136 F.R.D. 50 (E.D.N.Y. 1991) .................................................................... 4

U.S. v. Int'l Union of Petroleum and Indus. Workers, AFL-CIO,
  870 F.2d 1450 (9th Cir. 1989) ...................................................................... 6

Upjohn Co. v. U.S.,
  449 U.S. 383 (1981) ..................................................................................... 4

## Preliminary Statement

Pursuant to the Court's Order of June 7, 2010 (the "Order"), Mattel submits the following supplemental brief concerning Requests 43, 44, and 48 of Mattel's Seventh Set of Requests for Production to MGA (Phase 2).[1] The Court invited Mattel to "clear[] up the wording of the requests" because they "facially seek[] attorney-client communications."[2] Mattel proposes definitions for two terms that will remove any doubt regarding the scope of these Requests, which Mattel previously described as extending to "transmittal letters showing when MGA sent MGA's counsel the Mattel trade secrets that MGA has produced in this case."[3] The definitions should make clear that Mattel seeks only non-privileged facts confirming delivery of Mattel's trade secrets and confidential information to the United States, the date of delivery, and the identity of the person to whom the documents were delivered.

Requests 43 and 44 seek documents referring or relating to the "first transmission" of Mattel's trade secrets to MGA's "counsel in the United States," including the "date" of those transmissions. Request 48 seeks "communications regarding the identity, location, transmission or receipt of the materials" that Ms. Kuemmerle testified she sent to MGA's counsel in the United States. Mattel proposes to define the terms "first transmission" and "communications regarding the identity, location, transmission or receipt of the materials" in these Requests as "transmittal documents, including but not limited to time stamps, fax cover sheets, fax headers, transmittal letters, courier waybills and receipts (e.g. from FedEx or UPS), delivery confirmations (e.g. from the courier or sender), and delivery logs." These two definitions clarify that Mattel only seeks documents related to the actual transmittal of

---

[1] The Order stated that "[t]he Motion is therefore DENIED WITHOUT PREJUDICE as to requests 43 and 44." Mattel also presumes that the Court denied without prejudice Request 48, which is addressed in the same paragraph in the Order and is not ruled upon elsewhere.

[2] Order at 18.

[3] Letter from B. Dylan Proctor to William Molinski, dated April 9, 2010, at 6.

1 Mattel's trade secrets and confidential information to the United States, not any
2 privileged communications regarding the underlying documents. To further protect
3 against the disclosure of privileged documents, Mattel proposes that MGA submit any
4 purportedly privileged documents to the Court for *in camera* review.

5       Transmittal documents, which disclose no privileged matters and which are
6 devoid of legal advice or requests for such advice, are not protected by the attorney-
7 client or work-product privileges. MGA's current and former counsel surely possess
8 such documents. Because the responsive documents are relevant, non-privileged and
9 within MGA's custody or control, the Court should compel their production.

## Statement of Facts

Request 43 of Mattel's Seventh Set to MGA (Phase 2) seeks "[a]ll DOCUMENTS REFERRING OR RELATING TO the first transmission of the MGA PRODUCED MATTEL DOCUMENTS to counsel in the United States, including but not limited to DOCUMENTS showing the date thereof."[4] Request 44 seeks "[a]ll DOCUMENTS REFERRING OR RELATING TO the first transmission to counsel in the United States of any copy of any DOCUMENTS collected by Mexican authorities during their search of the offices of MGA MEXICO on October 27, 2005, including but not limited to the date thereof." Request 48 seeks "[a]ll COMMUNICATIONS regarding the identity, location, transmission or receipt of the materials that Ms. Kuemmerle testified she sent counsel at lines 129:22-132:22 of her deposition dated January 28, 2008,[5] and at lines 274:2-275:11 of the 30(b)(6) deposition of MGAE de

---

[4] The definitions of the terms in these Requests are provided in Appendix A.
[5] [REDACTED]

Mexico, S.R.L. de C.V., dated December 7, 2009,[6] including but not limited to COMMUNICATIONS with counsel."

During the meet-and-confer, MGA stated that "Requests No. 43, 44, and 48 seek transmittal letters accompanying the production of documents to counsel. While any such communications would likely be privileged, after a diligent search, we have been unable to locate any such documents."[7] MGA also stated that Kuemmerle does not recall preparing or sending any transmittal letters.[8] Mattel took issue with MGA's claim to have conducted a "diligent search" because MGA refused to verify that it sought the documents from O'Melveny—MGA's prior counsel and the most likely custodian of the requested documents.[9] Mattel argued that MGA was "refusing to make any meaningful attempts to locate these documents" despite the fact that they were in MGA's custody or control.[10]

## Argument

### I. MATTEL'S PROPOSED DEFINITIONS LIMIT THE SCOPE OF THE REQUESTS TO NON-PRIVILEGED TRANSMITTAL DOCUMENTS

Mattel proposes to define the terms "first transmission" and "communications regarding the identity, location, transmission or receipt of the materials" as "transmittal documents, including but not limited to time stamps, fax cover sheets, fax headers,



---

[7] Letter from William Molinski to B. Dylan Proctor, dated March 26, 2010, at 7.
[8] Id.
[9] Letter from B. Dylan Proctor to William Molinski, dated April 9, 2010, at 6.
[10] Id.

transmittal letters, courier waybills and receipts (e.g. from FedEx or UPS), delivery confirmations (e.g. from the courier or sender), and delivery logs." These transmittal documents are not privileged because they are devoid of legal advice or requests for advice. See Anderson v. Equifax Information Servs., LLC, 2007 WL 2412249, at *2 (D. Or. Aug. 20, 2007) ("The cover letter is not protected by the attorney-client privilege."); Conner Peripherals, Inc. v. Western Digital Corp., 1993 WL 726815, at *2 (N.D. Cal. June 8, 1993) ("Communications made in the routine course of business, such as transmittal letters or acknowledgement of receipt letters, which disclose no privileged matters and which are devoid of legal advice or requests for such advice are not protected.") (quoting Hercules, Inc. v. Exxon Corp., 434 F. Supp. 136, 145 (D. Del. 1977)); P. & B. Marina, LP v. Logrande, 136 F.R.D. 50, 54 (E.D.N.Y. 1991) ("Seaview has withheld fifteen transmittal memoranda under the attorney-client privilege that do no more than state that a facsimile transmission was made between two persons. Such transmittal letters or acknowledgements of receipt that do not include legal advice nor disclose privileged matters are not subject to the attorney-client privilege."); Detection Systems, Inc. v. Pittway Corp., 96 F.R.D. 152, 155 (W.D.N.Y. 1982) ("Transmittal letters or acknowledgement of receipt letters devoid of legal advice or requests for such advice and disclosing no privileged matters" are not protected by the attorney-client privilege.) (citing Duplan Corp. v. Deering Milliken, Inc., 397 F. Supp. 1146, 1168 (D. S.C. 1974)). Since Mattel's proposed definitions clearly limit the scope of these Requests to transmittal documents, MGA cannot argue that they will lead to the disclosure of privileged information.

If MGA nevertheless still claims the requested transmittal documents contain legal advice or requests for such advice, they should be inspected *in camera* by the Court, and redacted if necessary, such that only *facts* related to the circumstances of the transmission are produced. See Upjohn Co. v. U.S., 449 U.S. 383, 395 (1981) ("The privilege only protects disclosure of communications; it does not protect disclosure of the underlying facts by those who communicated with the attorney."); In re Horn, 976

F.2d 1314, 1318 (9th Cir. 1992) (noting that "blanket assertions" of privilege are "highly disfavored" and the "proper procedure" is to assert the privilege "as to particular documents" and "submit the contested documents for *in camera* inspection by the court").

## II. THE TRANSMITTAL DOCUMENTS ARE RELEVANT AND WITHIN MGA'S CUSTODY OR CONTROL

Kuemmerle testified that ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████[11] But this is inconsistent with the testimony of MGA Mexico's 30(b)(6) witness, who stated that ███████████████████████████████████████████████████████████████████████████████████████████████████████[12] MGA has produced, with MGA Bates stamps, hundreds of documents stolen from Mattel and containing its trade secrets and confidential information. Requests 43, 44, and 48 are relevant because they will clarify how long they were in Kuemmerle's possession before they were shipped to its lawyers. The duration of Kuemmerle's possession is relevant to MGA's use of Mattel's trade secrets, particularly since Kuemmerle testified that she reviewed them.

MGA does not argue that transmittal documents are irrelevant, but it refuses to state whether it attempted to obtain the transmittal documents from its former counsel, the most logical custodian. Kuemmerle herself testified—twice—that Mattel's trade secrets were sent from the offices of MGA Mexico to O'Melveny. It is inconceivable that O'Melveny does not have *any* transmittal documents related to this vital evidence; indeed, O'Melveny routinely attached time-stamped documents, fax cover letters, and documents with fax headers to declarations in support of its motions. Even assuming

---

[11] ████████████████████████████████████████████████████████████
[12] ████████████████████████████████████████████████████████████

that Kuemmerle did not prepare or send a transmittal letter or fax cover sheet,[13] MGA undoubtedly has custody or control of *other* transmittal documents such as courier waybills and receipts, delivery confirmations, and/or delivery logs. Because the requested documents are relevant, non-privileged, and within MGA's custody or control, the Court should compel their production. See U.S. v. Int'l Union of Petroleum and Indus., Workers, AFL-CIO, 870 F.2d 1450, 1452 (9th Cir. 1989) ("Control is defined as the legal right to obtain documents upon demand.").[14]

### Conclusion

Mattel respectfully requests that the Court adopt Mattel's definitions and order MGA to produce all non-privileged transmittal documents responsive to Requests 43, 44, and 48, and submit them to the Court for *in camera* review if necessary.

DATED: June 14, 2010               QUINN EMANUEL URQUHART &
                                   SULLIVAN. LLP

                                   By /s/ Michael T. Zeller
                                       Michael T. Zeller
                                       Attorneys for Mattel, Inc.

---

[13] Letter from William Molinski to B. Dylan Proctor, dated March 26, 2010, at 7.

[14] For this reason, and to avoid further disputes, MGA's search for responsive documents should also extend to each of its current and former law firms that might currently possess the O'Melveny transmittal documents, including Skadden, Glaser Weil, Orrick, and Mitchell Silberberg.

# APPENDIX A

Definitions of terms contained in Requests 43, 44, and 48 of Mattel's Seventh Set of Requests to MGA (Phase 2):

"COMMUNICATION," in the plural as well as the singular, means any transmittal and/or receipt of information, whether such was oral or written, and whether such was by chance, prearranged, formal or informal, and specifically includes, but is not limited to, conversations in person, telephone conversations, electronic mail (including instant messages and text messages), voicemail, letters, memoranda, statements, media releases, magazine and newspaper articles, and video and audio transmissions.

"DOCUMENT" or "DOCUMENTS" means all "writings" and "recordings" as those terms are defined in Rule 1001 of the Federal Rules of Evidence and Rule 34 of the Federal Rules of Civil Procedure and shall include all writings, including but not limited to, handwriting, typewriting, printing, image, photograph, photocopy, digital file of any kind, transmittal by (or as an attachment to) electronic mail (including instant messages and text messages) or facsimile, video and audio recordings, and every other means of recording upon any tangible thing, any form of COMMUNICATION or representation, and any record thereby created, regardless of the manner in which the record has been stored, and all non-identical copies of such DOCUMENTS, in the possession, custody, or control of YOU, YOUR counsel, or any other PERSON acting on YOUR behalf.

"MGA MEXICO" means MGA de Mexico S.R.L. de C.V., and any PERSON acting directly or indirectly by, through, under or on behalf of MGA de Mexico S.R.L. de C.V., including but not limited to, current or former directors, officers, managers, agents, attorneys, employees, partners, joint venturers, contractors, accountants, or

1  representatives of MGA de Mexico S.R.L. de C.V., and any other PERSON acting
2  on its behalf, and specifically including John Paul.
3
4  "MGA PRODUCED MATTEL DOCUMENTS" means the documents produced in
5  this action at Bates Nos. MGA 0104856-MGA 0104973; MGA 0104974-MGA
6  0105030; MGA 0105031-MGA 0105092; MGA 0105105-MGA 0105139; MGA
7  0105140-MGA 0105832; MGA 0105833-MGA 0105835; MGA 0105836-MGA
8  0105864; MGA 0105873-MGA 0105926; MGA 0105929-MGA 0105935; MGA
9  0105947-MGA 0105951; MGA 0105955-MGA 0105972; MGA 0105973-MGA
10 0105975; MGA 0105978-MGA 0106094; MGA 0106095-MGA 0110278; MGA
11 0110279-MGA 0110294; MGA 0110298-MGA 0110299; MGA 0110300-MGA
12 0110306; MGA 0110307-MGA 0110313; MGA 0110346-MGA 0110400; MGA
13 0110407-MGA 0110432; MGA 0110433-MGA 0110514; MGA 0110515-MGA
14 0110518; MGA 0110519; MGA 0110522-MGA 0110523; MGA 0110524-MGA
15 0110572; MGA 0110573; MGA 0110593; MGA 0110601-MGA 0110606; MGA
16 0110607-MGA 0110678; MGA 0110679; MGA 0110680-MGA 0110688; MGA
17 0110691-MGA 0110699; MGA 0110700; MGA 0110701; MGA 0110702; MGA
18 0110703; MGA 0110704; MGA 0110705-MGA 0110720; MGA 0110721-MGA
19 0110728; MGA 0110806-MGA 0110810; MGA 0110811-MGA 0110819; MGA
20 0110821-MGA 0111036; MGA 0111038-MGA 0111076; MGA 0111077-MGA
21 0111090; MGA 0111091-MGA 0111121; MGA 0111122-MGA 0111207; MGA
22 0111208-MGA 0111225; MGA 0111226-MGA 0111231; MGA 0111232-MGA
23 0111243; MGA 0111244-MGA 0112679; MGA 0112680-MGA 0113114; MGA
24 0113115-MGA 0117043; MGA 0117044-MGA 0120325; MGA 0120326-MGA
25 0122551; MGA 0122552-MGA 0124236; MGA 0124237-MGA 0126396; MGA
26 0126397-MGA 0128556; MGA 0128557-MGA 0129614; MGA 0129615-MGA
27 0130672; MGA 0130673-MGA 0132832; MGA 0132833-MGA 0133923; MGA
28 0133924-MGA 0136083; MGA 0136084-MGA 0136200; MGA 0136201-MGA

| | |
|---|---|
| 1 | 0136213; MGA 0136214-MGA 0137233; MGA 0137234-MGA 0137244; MGA |
| 2 | 0137245-MGA 0137250; MGA 0137251-MGA 0137255; MGA 0137256-MGA |
| 3 | 0137341; MGA 0137342-MGA 0139151; MGA 0139152-MGA 0139167; MGA |
| 4 | 0139168-MGA 0139170; MGA 0139171-MGA 0139204; MGA 0139205-MGA |
| 5 | 0139208; MGA 0139209; MGA 0139534-MGA 0139552; MGA 0139553-MGA |
| 6 | 0139568; MGA 0139664-MGA 0139730; MGA 0139731-MGA 0139746; MGA |
| 7 | 0139747-MGA 0139748; MGA 0139749-MGA 0139768; MGA 0139769-MGA |
| 8 | 0139792; MGA 0139793-MGA 0139815; MGA 0139931-MGA 0139948; MGA |
| 9 | 0140007-MGA 0140029; MGA 0140128-MGA 0140147; MGA 0140148-MGA |
| 10 | 0140166; MGA 0140282-MGA 0140348; MGA 0140349-MGA 0140366; MGA |
| 11 | 3815506.000001-MGA 3815506.000022; MGA 3815506.000023-MGA |
| 12 | 3815506.000028; MGA 3815506.000029-MGA 3815506.000030; MGA |
| 13 | 3815506.000031-MGA 3815506.000042; MGA 3815506.000043-MGA |
| 14 | 3815506.000195; MGA 3815506.000196-MGA 3815506.000570; MGA |
| 15 | 3815506.000571-MGA 3815506.003456; MGA 3815506.003457-MGA |
| 16 | 3815506.004394; MGA 3815506.004395-MGA 3815506.005379; MGA |
| 17 | 3815506.005380-MGA 3815506.005949; MGA 3815506.005950-MGA |
| 18 | 3815506.006779; MGA 3815506.006780-MGA 3815506.007609; MGA |
| 19 | 3815506.007610-MGA 3815506.008168; MGA 3815506.008169-MGA |
| 20 | 3815506.008780; MGA 3815506.008781-MGA 3815506.009887; MGA |
| 21 | 3815506.009888-MGA 3815506.010511; MGA 3815506.010512-MGA |
| 22 | 3815506.011394; MGA 3815506.011395-MGA 3815506.011451; MGA |
| 23 | 3185506.011452-MGA 3185506.011464; MGA 3185506.011465-MGA |
| 24 | 3185506.011465; MGA 3185506.011466-MGA 3185506.011476; MGA |
| 25 | 3185506.011477-MGA 3185506.011482; MGA 3185506.011483-MGA |
| 26 | 3185506.011487; MGA 3185506.011488-MGA 3185506.011511; MGA |
| 27 | 3185506.011512-MGA 3185506.012010; MGA 3185506.012011-MGA |
| 28 | 3185506.013120; MGA 3185506.013121-MGA 3185506.013124; MGA |

| | |
|---|---|
| 1 | 3185506.013125-MGA 3185506.013126; MGA 3185506.013127-MGA |
| 2 | 3185506.013142; MGA 3185506.013143-MGA 3815506.013146; MGA |
| 3 | 3185506.013147-MGA 3185506.013147; MGA 3815506.013308-MGA |
| 4 | 3815506.013353; MGA 3815506.013370-MGA 3815506.013391; MGA |
| 5 | 3815506.013354-MGA 3815506.013369; MGA 3815506.013404-MGA |
| 6 | 3815506.013438; MGA 3815506.013439-MGA 3815506.013678; MGA |
| 7 | 3815506.013679-MGA 3815506.013681; MGA 3815506.013682-MGA |
| 8 | 3815506.013710; MGA 3815506.013717-MGA 3815506.013770; MGA |
| 9 | 3815506.013773-MGA 3815506.013779; MGA 3815506.013790-MGA |
| 10 | 3815506.013792; MGA 3815506.013796-MGA 3815506.013813; MGA |
| 11 | 3815506.013814-MGA 3815506.013816; MGA 3815506.013819-MGA |
| 12 | 3815506.013911; MGA 3815506.013912-MGA 3815506.016445; MGA |
| 13 | 3815506.016446-MGA 3815506.016460; MGA 3815506.016464-MGA |
| 14 | 3815506.016464; MGA 3815506.016465-MGA 3815506.016467; MGA |
| 15 | 3815506.016468-MGA 3815506.016471; MGA 3815506.016504-MGA |
| 16 | 3815506.016527; MGA 3815506.016700-MGA 3815506.016711; MGA |
| 17 | 3815506.016743-MGA 3815506.016824; MGA 3815506.016827-MGA |
| 18 | 3815506.016828; MGA 3815506.016829-MGA 3815506.016877; MGA |
| 19 | 3815506.016878-MGA 3815506.016878; MGA 3815506.016879-MGA |
| 20 | 3815506.016897; MGA 3815506.016898-MGA 3815506.016898; MGA |
| 21 | 3815506.016907-MGA 3815506.016911; MGA 3815506.016912-MGA |
| 22 | 3815506.016935; MGA 3815506.016936-MGA 3815506.016936; MGA |
| 23 | 3815506.016937-MGA 3815506.016945; MGA 3815506.016946-MGA |
| 24 | 3815506.016947; MGA 3815506.016948-MGA 3815506.016953; MGA |
| 25 | 3815506.016958-MGA 3815506.016958; MGA 3815506.016959-MGA |
| 26 | 3815506.016974; MGA 3815506.016975-MGA 3815506.016982; MGA |
| 27 | 3815506.016983-MGA 3815506.017019; MGA 3815506.017023-MGA |
| 28 | 3815506.017031; MGA 3815506.017033-MGA 3815506.017248; MGA |

1  3815506.017250-MGA 3815506.017288; MGA 3815506.017289-MGA
2  3815506.017302; MGA 3815506.017303-MGA 3815506.017333.
3
4  "REFERRING OR RELATING TO," "REFER OR RELATE TO," "RELATING,"
5  "RELATING TO" or "REFERS TO" means any and all of the following terms and
6  their synonyms: refer to, discuss, constitute, evidence, pertain to, mention, support,
7  undermine, disprove, refute, contradict, negate, bear on, amend, revise, modify,
8  touch on, contain, embody, reflect, identify, state, deal with, concern, comment on,
9  summarize, respond to, relate to, or describe.
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28