# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

Case No. CV 04-9049 DOC (RNBx)                                                        Date: June 14, 2010

Title: MATTEL, INC. v. MGA ENTERTAINMENT, INC.

---

DOCKET ENTRY
      [I hereby certify that this document was served by first class mail or Government messenger service, postage prepaid, to all counsel (or parties) at their respective most recent address of record in this action on this date.]
      Date:_____ Deputy Clerk: _____

---

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

   Stephanie Mikhail                                Not Present   
Courtroom Clerk                                                           Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:   ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT                                                       NONE PRESENT

---

PROCEEDING (IN CHAMBERS): ORDER GRANTING IN PART AND DENYING IN PART MATTEL'S MOTION TO COMPEL MGA ENTERTAINMENT, INC. TO PRODUCE 30(B)(6) WITNESSES

      Before the Court is Mattel, Inc. ("Mattel")'s Motion to Compel MGA Entertainment, Inc. To Produce 30(b)(6) Witnesses (the "Motion"). The Court finds the matter appropriate for decision without oral argument. Fed R. Civ. P. 78; Local R. 7-15. After considering the moving, opposing, and replying papers, the Court GRANTS IN PART AND DENIES IN PART the Motion.

    **I.**    **Background**

      The sufficiency of 30(b)(6) designees has long been a bone of contention between Mattel and MGA. In part because the issues in this litigation span almost every act or omission by either party, the challenge of preparing and producing a 30(b)(6) witness(es) as to every relevant issue has been daunting. Even the Chief Executive Officers, Isaac Larian and Robert Eckert, understandably lack knowledge about every aspect of their companies over long stretches of time.

The instant Motion represents the latest episode in this on-going conflict between the parties. Mattel initially served MGA with a Notice of Deposition that contained 150 topics. MGA balked. Then, MGA's counsel informed the Court of MGA's inability to produce a knowledgeable witness about 150 topics and the Court instructed the parties to meet and confer. The Court further restricted the provision of 30(b)(6) witness testimony to 3 days, at the end of which the Court would review the deposition transcripts and determine whether Mattel was entitled to further deposition.

On March 2, 2010, Mattel wrote to MGA with a revised list of topics. The list was twenty eight topics long – much shorter than its 150 topic predecessor. But topic 12 contained 15 sub-topics, topic 26 contained 17 sub-topics. In all, the list was comprised of sixty topics and sub-topics.

Many of the topics and sub-topics listed by Mattel were quite broad. For example, sub-topic 26(q) encompasses: "[t]he bases for MGA's remaining claims and allegations, including **without limitation** alleged pressure or intimidation of retailers and others, the alleged concerns of advertising executives, the alleged shortage of doll hair, alleged tampering of retail displays, and other alleged unfair or anticompetitive conduct." *See* Ex. 1 to Docket 7892 at 7 (emphasis added). Topic 16 manages to seek even more expansive discovery: "MGA's investigation into allegations or issues in this action."

On March 21, 2010, MGA responded to the list by unilaterally narrowing Mattel's list of topics. *See* Ex. 3 to Docket 7892. Mattel responded two days later and accused MGA of having disregarded the Court, which "ruled that the deposition would proceed for three days on Mattel's Topics and that [the Court] would [] review the transcript to decide how to further proceed once the three days were completed." *See id.*, Ex. 5. Mattel then demanded a corporate designee knowledgeable about all of the topics listed in the March 2, 2010 letter. MGA responded one day later without addressing any of the points raised in Mattel's letter.

The depositions commenced on March 24, 2010. Since the parties' never resolved their disagreements about the topics, conflicts predictably ensued. Witnesses were unprepared as to certain topics. And they were underprepared as to others.

## II.    Legal Standard

A party may notice a corporation for deposition pursuant to Fed. R. Civ. P. 30(b)(6). The notice of deposition must describe with "reasonable particularity" the topics subject to examination. *Id.* Depositions sought under Rule 30(b)(6) are subject to the limitations of Fed. R. Civ. P. 26(b)(2)(C), which provides that a court shall limit the frequency or extent of discovery that: (i) is unreasonably cumulative, duplicative, or burdensome; (ii) is dilatory; or (iii) fails a balancing test that weighs the burden or expense of the discovery sought against its benefit, in light of the specific facts of the case. *See* Fed. R. Civ. P. 26(b)(2)(C)(i)-(iii). District courts enjoy broad discretion to fashion discovery such that a proper balance between Rule 26's broad discovery mandates and appropriate restrictions on such

discovery is achieved.  *See Laub v. U.S. Dep't of Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003).

   **III.   Discussion**

   At the outset, the Court notes that it only permitted Mattel to depose MGA's 30(b)(6) witnesses for three days as to ***all*** Mattel's proposed topics.  Thus, while the Court may grant Mattel's motion as to some of the topics, it will budget the time available to Mattel in light of the fact that Mattel exhausted its allotment of time on a small fraction of the original topics identified in Mattel's notice of deposition.

   Mattel categoriess that the Court compel MGA to designate a witness on the following topics, each of which will be evaluated separately.  It should be noted that each topic summarizes topics contained in two other Notices of Deposition that Mattel has served MGA with in Phase 2.

   **Category 1** seeks testimony as to MGA's spoliation and/or concealment of documents in relation to this litigation.  It appears to incorporate three other topics in separate Notices of Deposition concerning document destruction, spoliation, concealment, and/or preservation.  Though the topic is littered with legal terms of art, the actual topic does not necessarily solicit legal conclusions.  More difficult is determining how MGA can educate a designee about all acts of spoliation that occurred within MGA's walls or by MGA employees.  Spoliation of evidence occurs when evidence is destroyed, significantly altered, or is not preserved "for another's use as evidence, in pending or future litigation."  *Lewis v. J.C. Penny, Inc.*, 12 F. Supp. 2d 1083, 1086 (E.D. Cal. 1998).  Under California law, it is a tort to commit either intentional or negligent spoliation, with the latter requiring only a negligent conduct.  *Id.*

   However, any acts of spoliation by MGA are only relevant as to Mattel's spoliation/concealment of evidence RICO predicate, which arises under 18 U.S.C. § 1512(c), which requires that the act have occurred "corruptly."  Subsection (c)(1) of the statute requires that the alteration, mutilation, or concealment of evdience be done "with the intent to impair the object's integrity or availability for use in an official proceeding."  18 U.S.C. § 1512(c)(1).  The Court finds it unduly burdensome and unnecessary for MGA to investigate every instance in which a document was destroyed.  It is sufficient for MGA to seek information about instances of intentional spoliation – that is, instances in which documents in relation to this litigation were destroyed ***in order to*** impair the object's integrity or availability for use in this proceeding.

   Accordingly, the Court GRANTS IN PART AND DENIES IN PART the Motion as to Category 1.

   **Category 3** seeks testimony as to MGA's use of any design or other work product created by former Mattel employees, including Bryant, Salazar, Morales and Cabrera.  The category is based upon Topic 94 in Mattel's January 9, 2008 Notice of Deposition.  The prior Discovery Master, Judge

Infante, granted MGA's Motion for a Protective Order as to that topic. Mattel argues that circumstances have changed since Judge Infante granted MGA's Protective Order. Mattel further argues that the language in its Mach 2, 2010 letter tightens the language of the prior overbroad category.

The latter argument is incorrect. Judge Infante considered the following topic overbroad: "[t]he identity of each doll, accessory, product, work or item produced, developed, manufactured, licensed, sold or offered for sale by or for YOU or on YOUR behalf that was BASED ON any BRATZ DESIGN or any design derivative of any BRATZ DESIGN." *See* Docket 3564 at 9. The expansive definitions of the terms "BRATZ" and "DESIGN" were of particular concern to Judge Infante.

Mattel's present category is just as broad, if not broader. First, instead of being limited to production, development, manufacturing, licensing, or sale related activities by MGA, the present category encompasses all "use" by MGA. Second, unlike its predecessor, the present category extends not just to Bratz, but to "any design or other work product" created by former Mattel employees. Third, the present category also encompasses "designs" created by former Mattel employees. Perhaps the category is somewhat narrowed because it is restricted to the use of design or work prepared by individuals "while employed by Mattel," but this hardly makes up for the other expansive language.

Nor was the topic identified in Mattel's March 2, 2010 letter ever formally included in a Notice of Deposition.

Nevertheless, the testimony sought by the topic as reconstituted in Mattel's March 2, 2010 letter is to some extent relevant to Mattel's RICO claims and trade secret misappropriation claims. MGA does not meaningfully dispute the relevance of such information. And neither party has submitted briefing as to whether the topic is duplicative or burdensome.

Accordingly, the Court HOLDS IN ABEYANCE the Motion as to Category 3 and ORDERS the parties to submit supplemental briefing as to the issues raised in the instant Order on or before June 21, 2010.

**Category 5** concerns "MGA's knowledge of and communications relating to the obligations of Mattel employees to Mattel, including without limitation with respect to confidentiality and ownership of inventions." The category is related to topic 61 of Mattel's January 9, 2008 Notice of Deposition. MGA moved for a Protective Order as to the topic at that time; the motion was held in abeyance by Judge Larson.

The testimony sought is plainly relevant to Mattel's claim that MGA acted with knowledge and wilfulness when recruiting Mattel employees. In the context of Bryant's obligations to Mattel in connection with the conception of Bratz, the prior Discovery Master ruled that deposition testimony was duplicative of Mattel's written discovery requests. But the interrogatories at issue were

narrower than MGA's knowledge about the duties owed by *all* Mattel employees to Mattel.  Moreover, it is reasonable to conclude that MGA's knowledge about Mattel employees' obligations to Mattel would evolved, especially in light of Mattel's lawsuit against Carter Bryant.  Accordingly, the Motion is GRANTED as to category 5 in Mattel's March 2, 2010 letter.

**Category 6** seeks testimony concerning "MGA's alleged understanding or belief that the Bryant/MGA agreement and its use of Bryant's Bratz works is or was lawful, documents and communications relating thereto, and any investigation or inquiry undertaken by MGA in connection therewith."  The Court HOLDS IN ABEYANCE the Motion as to this topic pending its review of certain supplemental briefing previously ordered to be submitted by the parties as to the subject of pending claims concerning Bratz.

**Category 7** seeks testimony concerning "MGA's communications with law enforcement."  MGA argues that the category seeks testimony that is cumulative of testimony provided by MGA Mexico's 30(b)(6) witness.  However, MGA has provided no proof that MGA Mexico's two 30(b)(6) designees, Mr. Small and Ms. Kuemmerle, were educated on MGA's contacts with law enforcement.  The Court recognizes the potential that the topic is cumulative and therefore restricts it as follows: "MGA's communications with law enforcement – excluding any communications between MGA Mexico and MGA Mexico's past and present employees, concerning the alleged theft of trade secrets from MGA Mexico's offices."  The Court therefore GRANTS IN PART AND DENIES IN PART the Motion as to Category 7.

**Category 8** seeks testimony concerning "MGA's payments to or through vendors, attorneys and others in Mexico relating to any actual or potential investigation or prosecution of MGA or its employees."  MGA again argues the topic is cumulative of MGA Mexico's 30(b)(6) testimony.  The topic as drafted concerns MGA's payments, not MGA Mexico's.  The Motion is therefore GRANTED in full as to Category 8.

**Category 9** seeks testimony concerning "MGA's actual or contemplated payments to government officials or entities or law enforcement officials."  MGA argues that the topic is cumulative of MGA Mexico's 30(b)(6) testimony.  The Court has disposed of this argument above.  The Motion is therefore GRANTED as to Category 9.

**Category 10** seeks testimony concerning "[t]he search and seizure of documents by Mexican authorities from MGA's Mexico City offices and related communications."  MGA argues the topic is cumulative of MGA Mexico's 30(b)(6) testimony.  While the argument is better suited to this category than category 7-9, the Court nevertheless rejects it.  There is no evidence that MGA Mexico's 30(b)(6) designees interviewed any individuals other than former and present MGA Mexico employees.  MGA's knowledge of the events at its subsidiary's office remains undiscovered.  The Court therefore GRANTS the Motion as to Category 10.

**Category 11** seeks testimony concerning "MGA's fee, indemnity and joint defense/common interest agreements and payments (including dates and amounts) in connection with this action and related communications, including without limitation with respect to Vargas, Trueba and Machado or their counsel." MGA argues that the topic is cumulative of MGA Mexico's 30(b)(6) testimony. But there is no reason MGA Mexico's 30(b)(6) designee possesses knowledge about the circumstances of MGA's fee and indemnification agreements.

The Court nevertheless questions whether the testimony sought is cumulative of the actual agreements, to which the Court has granted Mattel unfettered access. The agreements presumably speak for themselves. Accordingly, the Court HOLDS IN ABEYANCE the Motion as to this topic and grants Mattel leave to either withdraw the topic or submit supplemental briefing on or before June 15, 2010 that clarifies for the Court the need for testimony concerning the agreements.

**Category 13** seeks testimony concerning MGA's document preservation and search efforts, including search terms applied to the Larian hard drives. Mattel is well aware of the search terms applied to the Larian hard drives, since Mattel drafted those search terms. Moreover, Mattel's expectation that the topic encompasses the "withholding [of] the Larian-O'Connor email" strains the reading of the topic (as well as the underlying topics). In any event, the Court has restricted discovery of the circumstances surrounding the withholding of the purported Larian-O'Connor email. Important issues of privilege must be resolved before Mattel can seek discovery into the circumstances surrounding the withholding of the email.

With the instruction that Mattel is restricted from inquiring into the Larian-O'Connor email, the Court GRANTS the Motion as to Category 13.

**Category 14** seeks testimony concerning "[t]he origins, creation and development of MGA's 2005 and 2006 product lines." This topic is duplicative and cumulative of other Phase 2 discovery. To the extent it concerns "MGA's claims and affirmative defenses" it is cumulative of topic 26 identified in Mattel's counsel's March 2, 2010 letter. And to the extent it concerns "Larian and MGA . . . luring Mattel employees into providing MGA with Mattel's trade secret information," it is duplicative of category 12 in Mattel's counsel's March 12, 2010 letter. Mattel has identified no other compelling information obtained by the overbroad category. The Motion is therefore DENIED as to category 14.

**Category 15** seeks testimony concerning "MGA's copying or use of Mattel products, packaging or designs, and MGA's knowledge of any Mattel product prior to its disclosure to the public or retailers." MGA argues the topic is irrelevant to the claims in Mattel's Fourth Amended Answer and Counterclaims. Mattel responds that "even assuming *arguendo* that Bratz trade secret misappropriation

was not at issue,"[1] the topic is still relevant to Mattel's trade secret misappropriation and unfair competition claims. The Court finds the topic narrowly tailored and relevant. The Motion is therefore GRANTED as to Category 15.

**Category 16** seeks testimony concerning "MGA's investigations into allegations or issues in this action." Mattel argues the topic is relevant to its "trade secret theft allegations" and cites the Court's April 12, 2010 Order in support. But that Order plainly stated that discovery into MGA's investigation of trade secret theft was not itself relevant, and likely breached the attorney-client privilege. Instead the Court restricted such discovery into "responsive documents uncovered during or in connection with the purported internal investigations." Those documents concern the actual theft of trade secrets. And Mattel has already sought discovery into MGA's knowledge, including knowledge discovered during MGA's internal investigations, about the theft of trade secrets. *See, e.g.* Category 12. The Motion is therefore DENIED as to category 16.

**Category 17** seeks testimony concerning "[t]he actual or contemplated assignment of IP rights to Omni or any Bratz rights to any person." MGA claims its prior 30(b)(6) designee provided testimony on this subject, but his testimony was admittedly ill-informed on the topic of whether intellectual property served as collateral under the original Wachovia loan or pursuant to the purported side letter agreement. The relevant testimony is found between pages 843 to 845 of Woolard's deposition transcript. This is not a difficult or burdensome issue on which to prepare a witness. The circle of individuals involved in the negotiation, purchase, and re-negotiation of the Wachovia debt is a small one. Either MGA's intellectual property was discussed with Omni as collateral or it was not. MGA knows the answers. And it should produce a 30(b)(6) designee forthwith. Accordingly, the Motion is GRANTED as to category 17.

**Category 20** seeks testimony concerning "MGA's uses of the instrumentalities of interstate commerce." MGA argues the discovery sought is burdensome. Yet, MGA has used the same argument to fight discovery as to Mattel's efforts to obtain information about the travel schedules of MGA Mexico's employees. Mattel is entitled to this discovery in some form. Accordingly, the Motion is GRANTED as to category 20. The testimony shall be limited to one (1) hour on this topic.

**Category 21** seeks testimony as to "Bratz sales and profits." MGA argues its prior 30(b)(6) witness, Mr. Schultz, was deposed on this topic. Mr. Schultz's deposition transcript suggests otherwise. MGA also argues that it does not keep records of Bratz profits and sales. The Court nevertheless considers this topic ill suited for deposition and better addressed through other methods of discovery. The topic also appears of tenuous relevance to Phase 2 claims. The Motion is therefore DENIED as to Category 21.

---

[1] The argument ended two days after Mattel filed its Reply. *See* Order Denying Mattel's Motion to Confirm Pendency of Bratz Trade Secret Claims.

**Category 22** seeks testimony concerning "MGA's support for and investment in Bratz, including as compared to before and after the acquisition of Little Tikes, Zapf and Smoby and before and after the development of Moxie and BFC, and any cannibalization of actual or planned Bratz designs, shelf space, licenses or other resources for Moxie." Mattel argues the topic is relevant to its claim for breach of constructive trust, which alleges that MGA violated the Court's Order to maintain the viability of the Bratz brand after Phase 1. The Court HOLDS IN ABEYANCE Category 22.

**Category 27** seeks testimony concerning "MGA's claims of damage, injury, loss or lost opportunities, for disgorgement or any other monetary relief." MGA argues that the topic will be the province of expert testimony, but Mattel argues that MGA should still produce "a factual witness who can testify to the underlying facts known to MGA and on which the expert will rely." Mot. at 10. This is another example of a topic that re-packages other topics in an improper manner. *See also* Category 16. Testimony as to "MGA's claims" almost certainly solicits legal conclusions and/or expert testimony. Yet, Mattel is correct that the substance of MGA's damages, injury, loss or lost opportunities, for disgorgement or any other monetary relief constitutes fact discovery relevant to MGA's Phase 2 claims. The problem almost certainly is that MGA is engaged in its own discovery to determine what its claims of damage, injury, loss or lost opportunities encompass. The Court considers the topic improper at this stage, and better suited for expert discovery. Mattel can seek (and has sought) discovery as to MGA's underlying damages through other means. The Motion is DENIED as to Category 27.

**Category 28** seeks "[t]he factual basis for MGA's affirmative defenses." MGA argues it will produce a witness but asks the Court to deny as premature. But Mattel noticed the topic for deposition for a date on which MGA failed to produce a prepared witness. The Court finds the motion neither untimely nor inappropriate and GRANTS the Motion as to Category 28. MGA shall produce a 30(b)(6) designee as to this topic on or before June 21, 2010. The deposition shall be limited to three (3) hours.

**Category 4** seeks testimony concerning "MGA's communications relating to Vargas, Machado, Trueba, Brisbois, Alice Kao, Castilla, Cooney, Contreras, Susan Kim and Brawer prior to their resignations from Mattel, and their job duties (excluding Kim) after joining MGA." The topic incorporates topics 38, 43, 44, 45, 46, 47, and 99 of Mattel's January 9, 2008 Notice of Deposition. MGA produced a witness as to the topic, but did not prepare the witness as to communications with Vargas, Machado, Trueba and Brisbois. MGA argues that testimony about Vargas, Machado, and Trueba is cumulative of testimony offered by MGA Mexico's 30(b)(6) designee. MGA further argues that testimony as to Brisbois is cumulative of MGA Canada's 30(b)(6) designee. This mirrors the dispute concerning category 7. As before, MGA's communications relating to the employees at issue is discoverable and not cumulative of prior testimony, as long as MGA Mexico and MGA Canada communications are excluded. Accordingly, the Motion is GRANTED IN PART AND DENIED IN PART as to category 4. MGA shall produce a 30(b)(6) designee educated on the following topic: "MGA's communications relating to Vargas, Machado, Trueba, and Brisbois prior to their resignation

from Mattel, and their job duties after joining MGA. The topic excludes any communications by MGA Mexico and MGA Canada that do not involve MGA." The deposition on this topic shall be limited to three (3) hours and shall take place on or before June 21, 2010.[2]

**Category 12** seeks testimony concerning "Mattel's trade secret claims" and includes 15 sub-topics. Mattel argues that MGA improperly limited the topic by excluding testimony concerning Machado, Trueba, Vargas, Brisbois, Bryant, Salazar, Cabrera, and Morales. MGA claims that testimony concerning Machado, Trueba, Vargas, and Brisbois would be duplicative of testimony supplied by MGA Mexico's 30(b)(6) designee(s) and MGA Canada's 30(b)(6) designee. MGA contends that the alleged theft of trade secrets by Bryant, Salazar, Cabrera, and Morales is not relevant to the allegations in Mattel's Fourth Amended Answer and Counterclaims.

Neither of MGA's arguments is convincing. The first has been discussed above in the context of MGA's communications about the departing Mattel Mexico employees. The second ignores MGA's alleged role in the misappropriation of Mattel trade secrets – whether performed by Bryant, Salazar, Cabrera, and Morales, or other Mattel employees. Such claims are also relevant to Mattel's claims against MGA for aiding and abetting breach of contract and breach of the duty of loyalty.

MGA also failed to provide a witness "on the steps and measures it has taken and lawsuits it has filed or threatened based on the perceived misappropriation of its trade secrets or confidential information." Mattel argues that such discovery seeks information relevant to MGA's "understanding of the importance of trade secrets" which is relevant to wilfulness. The Court considers testimony as to this issue duplicative of other discovery and unreasonably burdensome.

The Court therefore GRANTS IN PART AND DENIES IN PART the Motion as to category 12. MGA shall produce a witness prepared only as to the theft of trade secrets by Machado, Trueba, Vargas, Brisbois, Bryant, Salazar, Cabrera, and Morales. The deposition testimony shall be limited to four (4) hours and shall occur on or before June 21, 2010.

**Category 2** seeks testimony concerning "payments by MGA or its vendors to or for any former Mattel employees, or to or for any person while employed by Mattel, MGA's knowledge thereof, the reasons therefor and communications relating thereto." MGA failed to produce a witness as to payments by third-party vendors to Mattel employees on the grounds that "third party payments are not known or reasonably available to MGA." Opp. at 13. MGA's argument is a red-herring. All third party payments to Mattel employees may not be known or reasonably known to MGA. But some third party payments made by MGA vendors may have involved, flowed from, or been directed by MGA. Others may have been made with MGA's input. Still others may have been made with MGA's knowledge and approval and expectation of reimbursement by MGA.

---

[2] The Court notes that MGA does not have license to unilaterally limit topics in a Notice of Deposition directed to it. MGA should have moved for a protective order.

Finally, MGA erroneously turns Rule 30(b)(6)'s limitation on testimony not "known or reasonably available" into a theoretical hurdle – *i.e.*, MGA argues that even if the information is known or reasonably available as a ***matter of fact***, if the information is not of a type generally know on or reasonably available, then it cannot be discovered.  See Opp. at 13 (implying that Mattel must make preliminary showing that "third parties or vendors are or were acting as agents of MGA").  *Contra* MGA, Rule 30(b)(6) requires that the party that serves the notice of deposition only identify the topics for deposition "with reasonable particularity."  It is the persons designated who must "testify about information known or reasonably available to the organization." Fed. R. Civ. P. 30(b)(6).  If information about third party vendor payments to Mattel employees is known or reasonably available to MGA, then its designee must testify about such information.

The Motion is therefore GRANTED as to category 2.  MGA shall produce a witness prepared only as to the payments by vendors to Mattel employees on or before June 21, 2010.  The deposition shall be limited to three (3) hours.

**Categories 23 and 24** seek testimony concerning *inter alia* MGA's financial condition, net worth, and potential insolvency.  MGA's witness failed to provide testimony as to MGA's solvency.  MGA argues that any discussions about MGA's solvency involved MGA's outside bankruptcy counsel and are therefore protected by the attorney-client privilege.

An instruction to the witness to not testify may have been appropriate.  However, Mattel points out that MGA refused to even produce a witness educated about MGA's solvency (or lack thereof).  As discussed in footnote 2, *supra*, MGA should have moved for a protective order instead of deciding to limit the topic on its own.

Accordingly, the Motion is GRANTED as to categories 23 and 24.  MGA shall prepare a witness only as to "MGA's solvency or lack thereof" at or around the time of Omni 808 Investors, LLC's purported purchase of the Wachovia debt.  The testimony as to this subject shall be limited to one (1) hour and shall occur on or before June 21, 2010.

**Category 26** seeks testimony concerning "[t]he factual bases supporting or contradicting MGA's claims and allegations."  MGA produced a witness as to this topic.  However, MGA also limited the scope of the topic, but has since promised to produce a knowledgeable witness.  The Court therefore HOLDS IN ABEYANCE the Motion as to category 26 until June 26, 2010, by which date the parties shall submit supplemental briefing as to whether MGA has produced a 30(b)(6) witness as to the issues encompassed in category 26.

**Unprepared Witness**: Mattel argues that MGA's witness were unprepared as to topics 2, 12, 18, 19, 23, 24, and 26, even to the extent that those categories were not limited by MGA.  Having reviewed the transcripts, the Court considers it premature to consider this issue until the terms of the instant order have been complied with.

It is so ORDERED. All deposition testimony compelled by the instant Order shall be completed on or before June 25, 2010.

The Clerk shall serve this minute order on all parties to the action.