UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No. CV 04-9049 DOC (RNBx)                                                      Date: June 14, 2010

Title: MATTEL, INC. v. MGA ENTERTAINMENT, INC.

---

DOCKET ENTRY
      [I hereby certify that this document was served by first class mail or Government messenger service, postage prepaid, to all counsel (or parties) at their respective most recent address of record in this action on this date.]
                                          Date:_____  Deputy Clerk: _____

---

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

   Stephanie Mikhail                               Not Present
   Courtroom Clerk                               Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:  ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT                                                           NONE PRESENT

---

PROCEEDING (IN CHAMBERS): ORDER GRANTING MGA'S EX PARTE APPLICATION TO COMPEL DOCUMENTS FROM MATTEL CUSTODIAN SUJATA LUTHER PRIOR TO HER JUNE 17 DEPOSITION

      Before the Court is MGA's *ex parte* Application to Compel Documents from Mattel Custodian Sujata Luther prior to her June 17 deposition (the "Application"). The Court finds the matter appropriate for decision without oral argument. Fed R. Civ. P. 78; Local R. 7-15. After considering the moving, opposing, and replying papers, the Court GRANTS the Motion.

    **I.**    **Background**

      MGA is scheduled to depose former Mattel, Inc. ("Mattel") employee Sujata Luther on June 17, 2010. Ms. Luther worked at Mattel for 17 years and eventually achieved a position as Senior Vice President of International Marketing.

      Mattel has only produced eight documents for which Ms. Luther has been identified as custodian. MGA contends that Mattel is either withholding, or has neglected to properly search for,

other responsive documents for which Ms. Luther was custodian.  Mattel responds that it has produced thousands of documents, "including at least 870 email chains to or from Ms. Luther."  *See* Opp. at 2.  In addition, Mattel recently completed a further review of one of Ms. Luther's hard drives, as well as her hard-copy files and emails stored in electronic files, and produced to MGA a "few" more relevant non-privileged documents.

The parties approached an agreement whereby MGA would provide Mattel with certain search terms to be applied to the Luther hard drive.  That agreement was scuttled by MGA's refusal to agree to "the same search terms arrangement for MGA's witnesses."

MGA argues that Mattel must do more than search Ms. Luther's hard drive for responsive documents – Mattel must search all of its servers, hard drives, and any other locations that potentially house Ms. Luther's documents."  *See* App. at 7.

## II.    Legal Standard

Rule 26 provides for the discovery of "any nonprivileged matter that is relevant to any party's claim or defense."  Fed. R. Civ. P. 26(b).  The Court may limit discovery of electronically stored information due to undue burden or cost.  Fed. R. Civ. P. 26(b)(2)(B).  The Court *must* limit discovery that is unreasonably cumulative or duplicative, dilatory, or excessively burdensome or costly.  *See* Fed. R. Civ. P. 26(b)(2)(C).

## III.   Discussion

The Court recognizes MGA's urgent need for the documents at issue.  The evidence also suggests that Mattel has not produced all responsive documents created by Ms. Luther.  For example, MGA cites evidence that Mattel created yearly sales reports containing sales data for Mattel's "My Scene" line of dolls.  However, Mattel has only produced the 2003-2004 sales data; the other years are missing.  Another example is a powerpoint created by Ms. Luther that details the state of the Barbie brand.  While Mattel has produced the 2004 version of this powerpoint, MGA argues that "one would expect Ms. Luther or her department to prepare this report on at least an annual basis."

MGA also points to evidence that Luther worked closely with a team at Bain & Company ("Bain"), a business consulting firm.  Yet, Mattel has purportedly produced no email communications between Luther and Bain.  Nor – MGA argues – has Mattel produced documents created by Luther in connection with her work with Bain.

Mattel should search its "North American email servers and email back-up tapes" for relevant Luther emails.  Ordinarily, the Court would consider the possibility that such emails had already been produced from the files of another participant to the email chain.  This situation is different because MGA seeks Luther's correspondence with persons outside Mattel.  The potential that

other Mattel employees were participants to any Luther email correspondence with Bain is belied by the fact that "no emails between Sujata Luther and Bain have been produced."

Finally, Mattel's request for reciprocity is academic – the Court need not address it in resolving the instant Motion.

The Court closes by raising an issue that the parties do not address. Mattel has stated that it produced nearly 870 email chains that include Ms. Luther. One would expect that Ms. Luther was the author to one or more of the emails contained in these email chains. One would further expect that Ms. Luther attached files to the emails she authored, as is common in a corporate environment. Those attached files have presumably been produced. But the parties do not discuss whether those attached files encompass the categories of documents solicited by MGA.

## IV. Disposition

For the foregoing reasons, the Motion is GRANTED. MGA shall deliver to Mattel a list of search terms to be applied to Mattel's North American servers and email back up tapes, but the deposition of Ms. Luther shall not be continued past June 17, 2010. The Special Master for electronic discovery shall be present at the time that Mattel conducts the search of its North American servers and email back up tapes in order to ensure the integrity of Mattel's search process. Mattel shall produce all responsive emails to which Ms. Luther is a participant on or before 8:00 a.m. on June 16, 2010.

The Clerk shall serve this minute order on all parties to the action.