QUINN EMANUEL URQUHART & SULLIVAN, LLP
  John B. Quinn (Bar No. 090378)
  (johnquinn@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation,<br><br>             Plaintiff,<br><br>     vs.<br><br>MGA ENTERTAINMENT, INC., a California corporation,<br><br>             Defendants.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 DOC (RNBx)<br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>Hon. David O. Carter<br><br>MATTEL, INC.'S SUPPLEMENTAL BRIEFING IN RESPONSE TO THE COURT'S JUNE 7, 2010 ORDER RE MOTION TO COMPEL PRODUCTIONS OF DOCUMENTS REGARDING FORMER MATTEL EMPLOYEES |

**PUBLIC REDACTED VERSION**

Date: TBD
Time: TBD
Place: Courtroom 9D

**Phase 2**
Discovery Cut-off: TBD
Pre-trial Conference: TBD
Trial Date: TBD

## Preliminary Statement

Mattel submits this memorandum in response to the Court's request for supplemental briefing on Mattel's Motion To Compel Documents Regarding Former Mattel Employees Solicited By MGA [Dkt. No. 7825]. Addressing Request Nos. 12, 13, 26, 27, 40, and 41 in the motion— "documents created by former Mattel employees upon commencing employment with MGA"—the Court inquired whether a "broad net" of documents these employees created, modified, or accessed after joining MGA is "relevant to a claim for misappropriation."[1]  Mattel respectfully submits that such a broad net is necessary here.

Post-employment work product is probative of use of trade secrets by former employees. The "broad net" here is the result of the wide array of stolen documents and potential uses by MGA. The requests seek documents "referring or relating" to specific categories of documents stolen from Mattel. Further limiting the requests to documents "modified" by the former employees would exclude discovery of how Mattel documents were circulated within and used by MGA.

## Argument

**I.  THE FORMER MATTEL EMPLOYEES' MGA WORK PRODUCT IS RELEVANT TO MGA'S USE OF STOLEN MATTEL INFORMATION**

The Court inquired as to "the relevance of an employee's post-employment work product to a claim that the employee (or his subsequent employer) misappropriated trade secrets."[2] Post-employment work product is relevant to prove that the employees used Mattel's trade secrets to benefit MGA. Discovery into such work product is necessary because "files which purport to be created after [the date of the theft] could nevertheless incorporate information misappropriated before that

---

[1] Order Regarding Pending Discovery Disputes, dated June 7, 2010, at 6, 7 [Dkt. No. 8079].
[2] Id. at 6.

date." Upjohn Co. v. Hygieia Biological Labs., 151 F.R.D. 355, 358-59 (E.D. Cal. 1993) (upholding requests for "documents which refer or relate to" the subject matter of the allegedly stolen documents). When considering use, courts compare the departing employee's subsequent work product with the information that has been stolen. See Verigy US, Inc. v. Mayder, 2008 WL 564634, at *7 (N.D. Cal. 2008) ("Under California law, minor variations in a product do not negate a claim for misappropriation of trade secrets."); Am. Can Co. v. Mansukhani, 742 F.2d 314, 328-29 (7th Cir.1984) ("If the law were not flexible enough to reach [independent] modifications, trade secret protection would be quite hollow").

Many of the former Mattel employees had very similar responsibilities at MGA to those they had at Mattel. For example, Jorge Castilla's responsibilities at Mattel, including work on tools and systems used in forecasting, were much the same as those at MGA,[3] and the documents he stole related to Mattel's work in precisely these areas.[4] Comparing his and the other former employees' work product at MGA with the documents and information they stole from Mattel is central to evaluating their use of Mattel information in their jobs at MGA. Such evidence would also be relevant in establishing damages, as it would go to the advantages gained by MGA from such use. MGA's recent motion for summary judgment argued extensively that Mattel had insufficient evidence to prove that Cooney, Castilla, or Contreras used or disclosed the stolen documents while they

---

[3] See Coleman Depo., Vol. 2, Jan. 8, 2010, at 373:14-18 ■■■■■■■■■■■■■■■■■■

[4] See Mattel, Inc.'s Third Supplemental Objections and Responses to Interrogatory Nos. 20-23 and 28 in MGA Entertainment Inc.'s Second Set of Interrogatories, dated Jan. 11, 2010, at 6-57.

were at MGA.[5] MGA cannot argue that Mattel lacks "evidence of use or disclosure to MGA or Larian of any Mattel trade secrets"[6] while resisting discovery that would uncover precisely that use and disclosure. Further, Castilla in particular invoked the Fifth Amendment hundreds of time at his deposition, making a full and complete document production especially important to obtain discovery into the uses of Mattel's trade secrets.

## II.   THE EXTENT OF THE THEFTS NECESSITATES A BROAD NET

The Court raised concern with the "broad net" cast by the requests at issue.[7] The breadth of the requests reflects the breadth of the thefts. The three employees at issue collectively stole over a hundred Mattel trade secret documents,[8] pertaining to almost all areas of Mattel's business operations, including product development and strategy, sales forecasting, demand planning, order management, inventory management, and supply chain management.[9] Contreras stole ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮,[11] which contain valuable information concerning a wide variety of Mattel products, including ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

---

[5] See Motions Of MGA Entertainment, Inc. And Isaac Larian To Dismiss And/Or For Summary Adjudication Regarding U.S.-Based Trade Secret and Employee-Based State Law Tort Claims Brought By Mattel, Inc., dated May 10, 2010, at 17-20.
[6] Id. at 15.
[7] Order, dated June 7, 2010, at 7
[8] Mattel has identified 94 trade secret documents taken by Castilla, 27 by Contreras and 21 by Cooney. See Mattel, Inc.'s Third Supplemental Objections and Responses to Interrogatory Nos. 20-23 and 28 in MGA Entertainment Inc.'s Second Set of Interrogatories, dated Jan. 11, 2010, at 6-112.
[9] See id.
[10] M 0896393-469 (▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮); M 0896587-646 (▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.)
[11] M 0896647-690; M 0896741-800.

1 ▮.[12]  Contreras also took information regarding numerous BARBIE
2 products.[13] Castilla took an enormous variety of documents related to ▮
3 ▮
4 ▮
5 ▮
6 ▮.[15] The documents taken by Cooney include ▮
7 ▮
8 ▮.[16] Each of these former employees took
9 documents containing a range of highly confidential business information such as
10 ▮
11 ▮
12 ▮
13 ▮.[21]
14     Mattel submits that, given the breadth of the documents stolen from Mattel,
15 the current requests are necessary to discover the use of that information in MGA's
16 business operations.

---

[12] See Mattel, Inc.'s Third Supplemental Objections and Responses to Interrogatory Nos. 20-23 and 28 in MGA Entertainment Inc.'s Second Set of Interrogatories, dated Jan. 11, 2010, at 62-100.
[13] M0896481-487 (▮); M0896542-546 (▮).
[14] See, e.g., M0924342-360 (▮); M0924421-431 (▮); M0075422-469 (▮).
[15] See Mattel's Fourth Amended Answer and Counterclaims, dated April 12, 2010, at counterclaim ¶ 70 (Dkt No. 7714).
[16] M0896988-999 (▮).
[17] See, e.g., M0896547-586 (▮); M0889667-670 (▮); M0897024-029 (▮);
[18] See, e.g., M0896738-740 (▮); M0896285-320 (▮).
[19] See, e.g., M0889138-259 (▮).
[20] See, e.g., MGA 3815506.013308 (▮).
[21] M0924545-546 (▮).

### A. The Term "Accessed" Is Appropriate To Capture Relevant Documents

The Court expressed concern that the requests seek documents "accessed" by the former employees while at MGA.[22] However, the Court also has recognized the potential relevance of evidence that "individuals accessed such documents with the intent to supplement the information contained therein."[23] The Court suggested that the word "accessed" could be replaced with "modified."[24]

As to documents that were on MGA's systems *before* the former Mattel employees at issue started working with MGA, Mattel believes this is a viable solution. Mattel recognizes the concern that "the plain language of the requests ... extends to MGA documents, whether electronic or otherwise, that originated even before Contreras and Castilla joined MGA,"[25] and as to preexisting documents Mattel agrees that the term "modified" will address the concern.

Mattel respectfully submits, however, that the "accessing" of *later* documents by these three individuals—even if the document was not also modified—is probative of the use of such documents. For example, the very documents stolen from Mattel may have been consulted, without being modified, while making business decisions based on Mattel's confidential information. Or, documents brought to MGA by the former Mattel employees may have been accessed to create "new" template documents based on them without actually changing the original documents. These references would not be captured by limiting discovery to "modifications," but they are probative of use and are clearly relevant. Nor is this speculation: Pablo Vargas' testimony indicates that ███████████████████████████████████████████████████

---

[22] Order, dated June 7, 2010, at 6-7.
[23] Id. at 7.
[24] Id.
[25] Id. at 6.

-5-
MATTEL'S SUPPLEMENTAL BRIEF RE THE COURT'S JUNE 7, 2010 ORDER

1  ▮.[26] A trier of fact would be entitled to infer trade secret use from access, and
2  the timing of access also will be probative of showing when and how those trade
3  secrets were used.
4      Accordingly, as to all documents that did *not* exist on MGA's systems before
5  the former Mattel employees started working with MGA, Mattel believes the term
6  "accessed" should be employed.

### B. The "Referring Or Relating To" Restrictions Can Be Reasonably Observed

9      Request Nos. 12, 26, and 40 are restricted to documents that refer or relate to
10 "any Mattel product, plan or business information." Request Nos. 13, 27, and 41 are
11 restricted to documents that refer or relate to "any Mattel line list or other document
12 prepared by Mattel." These restrictions limit the scope of the requests and "can be
13 reasonably observed by MGA."[27]
14     The fact that MGA and Mattel are competitors in the toy industry does not
15 render these restrictions meaningless. The requests do *not* ask for all documents that
16 "refer or relate to Mattel."[28] They seek documents that—on their face—expressly
17 relate to categories of Mattel information: namely, the categories of documents and
18 information that the former employees stole from Mattel. As discussed above, the
19 breadth of the theft, not any overreaching by Mattel, justifies the scope of the
20 requests.

---

[26] See Declaration of Pablo Vargas San Jose, dated May 28, 2010 at M 1632031 ▮▮▮▮).
[27] Order, dated June 7, 2010, at 7.
[28] Id. at 6.

Not every document the employees used while at MGA will fall within the scope of these requests.[29] MGA need only construct searches that contain terms that target the specific categories of items listed in the requests. Indeed, the dispute over these requests once again illustrates the need for search term transparency in this case. As recently as May 26, 2010, Mattel offered to exchange search terms, but MGA again refused, stating "we will accept your offer to provide search terms *provided it is not conditioned on reciprocity.*"[30] Search term transparency would allow Mattel and MGA to work together to craft targeted searches. In any case, the requests now at issue should be compelled. MGA has already directly challenged Mattel's evidence of MGA's use of the trade secrets. Mattel is entitled to discovery that is reasonably calculated to show, including circumstantially, use to respond to that challenge.

### Conclusion

For the foregoing reasons, Mattel requests that the Court order MGA to fully respond to Request Nos. 12, 13, 26, 27, 40, and 41 of Mattel's Sixth Set of Requests for Production.

DATED: June 14, 2010

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By  *[signature]*
Michael T. Zeller
Attorneys for Mattel, Inc.

---

[29] Moreover, MGA has not offered any explanation or any supporting evidence for its objection that the requests are unduly burdensome. See Bible v. Rio Properties, Inc., 246 F.R.D. 614, 619 (C.D. Cal. 2007) (overruling unsubstantiated and cursory objections).

[30] May 26, 2010 Email from D. Mingrone to M. Searcy (emphasis added).