QUINN EMANUEL URQUHART & SULLIVAN, LLP
John B. Quinn (Bar No. 090378)
(johnquinn@quinnemanuel.com)
Michael T. Zeller (Bar No. 196417)
(michaelzeller@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>MGA ENTERTAINMENT, INC., a California corporation,<br><br>Defendants.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 DOC (RNBx)<br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>Hon. David O. Carter<br><br>MATTEL, INC.'S SUPPLEMENTAL BRIEF IN RESPONSE TO THE COURT'S JUNE 14, 2010 ORDER RE CATEGORY 11 OF MATTEL'S MOTION TO COMPEL MGA ENTERTAINMENT, INC. TO PRODUCE 30(B)(6) WITNESSES |

**PUBLIC REDACTED VERSION**

Date: TBD
Time: TBD
Place: Courtroom 9D

**Phase 2**
Discovery Cut-off: TBD
Pre-trial Conference: TBD
Trial Date: TBD

00505.07975/3538674.2

**Preliminary Statement**

Mattel submits this memorandum in response to the Court's request for supplemental briefing regarding Category 11 of Mattel's Motion to Compel MGA Entertainment, Inc. to Produce 30(b)(6) Witnesses [Dkt. No. 7786], which seeks testimony regarding "MGA's fee, indemnity and joint defense/common interest agreements and payments (including dates and amounts) in connection with this action and related communications."

Mattel respectfully submits that this testimony is necessary, for multiple reasons. First, Mattel has not been given "unfettered access" (Order at 6) to MGA's fee, indemnity and joint defense/common interest agreements. Although the Court compelled MGA to produce them, numerous witnesses have testified that MGA is paying for their legal fees or else professed to be unaware of who was paying for the MGA lawyers who defended their depositions, but no corresponding agreements have been produced. Indeed, some witnesses specifically testified that a written fee agreement exists, but no such agreement has been produced. Testimony as to those agreements is relevant and necessary – either there is an unwritten agreement or MGA is improperly withholding the agreements. Second, even for those agreements MGA has produced, the documents are often ambiguous or are the subject of conflicting testimony. For example, [REDACTED]. In the face of conflicting testimony as to the agreement, Mattel is entitled to MGA's testimony on the matter.

Similarly, MGA has made conflicting representations concerning its indemnification of Carter Bryant. As the Court is aware, [REDACTED]. [REDACTED]. Mattel is entitled to binding testimony from MGA on this critical issue.

Finally, MGA has never produced *any* joint defense agreements, despite the fact that [redacted]. Mattel is entitled to MGA's testimony concerning whether there exists a written joint defense agreement, or an unwritten agreement, and also concerning the facts that support MGA's assertion of a common interest privilege. Such testimony is not only relevant, but it is the only way to explore whether MGA and Omni are entitled to withhold documents on that basis.

## Argument

## I. MGA HAS NOT PRODUCED ALL RELEVANT FEE AGREEMENTS

The Court inquired "whether the testimony sought is cumulative of the actual agreements." Order at 6. It is not. There are numerous fee agreements that MGA has not produced. Rule 30(b)(6) testimony concerning those agreements by definition will not be cumulative or duplicative of MGA's production of agreements. As to many of these unproduced agreements, witnesses testified that, although they were being represented by MGA's counsel, they were not paying for it and did not know who was.[1] Others testified that they understood or believed that MGA was paying their legal fees, but no written agreement was executed.[2] Others

---

[1] See



[2] See

(footnote continued)

were improperly instructed not to answer whether MGA was paying for their legal fees, and no agreement has been produced.[3] Moreover, even though several other witnesses specifically testified that they entered into written fee agreements with MGA, and MGA was compelled months ago to produce all such agreements, with hourly sanctions for noncompliance, those agreements have never been produced.[4]

---



[3] See

[4] See

(footnote continued)

At this juncture, the only way Mattel can obtain discovery into these fee agreements – whether unwritten or wrongfully withheld from production – is to ask MGA about them in deposition.[5]

MGA also apparently has a fee agreement with [redacted], but the terms of that agreement are disputed, including specifically [redacted]. See Deposition of Isaac Larian, dated April 12, 2010, at 2050:5-2051:1 ([redacted]). Those disagreements are not reflected in documents, and Mattel is entitled to testimony from MGA concerning [redacted].

Furthermore, even if MGA had produced all its fee agreements (and it has not), "[p]roducing documents and responding to written discovery is not a substitute for providing a thoroughly educated Rule 30(b)(6) deponent[;]" "the two forms of discovery are not equivalent." Great Am. Ins. Co. of NY v. Vegas Constr. Co., 251

[redacted]

[5] Any argument by MGA that these witnesses are not relevant should be rejected. Although several of them relate primarily to Bratz issues, the Court has recently compelled Mattel to provide discovery on numerous Bratz issues, including testimony as to the Bratz-related exhibits to MGA's Rule 30(b)(6) Notice (see Order re Pending Discovery Disputes, dated June 7, 2010, at 11 [Dkt No. 8079]), and documents and testimony concerning Bain & Company, whose reports were solely related to Bratz (see Order Granting MGA's Ex Parte Application to Compel Documents from Mattel Custodian Sujata Luther, dated June 14, 2010, at 2 [Dkt. No. 8106]). Moreover, as Mattel recently explained in detail, Bratz-related issues remain relevant to several claims and defenses at issue in Phase 2. See Mattel's Supplemental Brief Pursuant to Order of June 7, 2010 Re Motion for Protective Order, dated June 14, 2010, at 3-20 [Dkt. No. 8096].

F.R.D. 534, 541 (D. Nev. 2008). "Corporate designeees are commonly produced, and no doubt some of their testimony may be a re-hash of what's been covered elsewhere, but their testimony is the testimony of the corporation itself, and for that reason alone it may not be duplicative." Appleton Papers, Inc. v. George A. Whiting Paper Co., 2009 WL 2870622, at *2 (E.D. Wis. Sept. 2, 2009). Indeed, this Court recently compelled Mattel to produce 30(b)(6) testimony on agreements that Carter Bryant and other employees have had with Mattel.[6] Thus, even if (contrary to fact) MGA had produced all relevant fee agreements, testimony pursuant to Rule 30(b)(6) is still appropriate to establish MGA's beliefs as to those agreements.

## II. MGA'S TESTIMONY CONCERNING ITS INDEMNIFICATION AGREEMENT WITH BRYANT IS CRITICAL

As the Court is aware, there is currently a disputed issue of fact concerning whether MGA has an agreement to indemnify Carter Bryant. MGA [REDACTED] [REDACTED] [REDACTED].[7] Brian Wing, the former CFO, confirmed that [REDACTED].[8] But MGA's counsel has told the Court and Mattel that no such agreement exists.[9] And when Mattel has asked individual MGA deponents about this agreement [REDACTED], [REDACTED]

---

[6] Order re Pending Discovery Disputes, dated June 7, 2010, at 8 [Dkt. No. 8079].

[7] See Mattel's Opposition to MGA Parties' Motion to Quash Mattel's Subpoena to the Internal Revenue Service; and Cross-Motion to Compel the MGA Parties to Execute a Release to Permit the Internal Revenue Service to Disclose the Subpoenaed Documents, dated May 21, 2010 [Dkt. No. 7946].

[8] Deposition of Brian Wing, dated February 18, 2010, at 552:12-553:3; 556:3-561:1.

[9] See MGA's Motion to Quash Mattel's Subpoena to the Internal Revenue Service, dated May 14, 2010 [Dkt. No. 7856].

[redacted].[10] Mattel is entitled to binding testimony from MGA concerning this agreement. Whatever the testimony that Mattel obtains from MGA as a corporation, it certainly would not be duplicative of any other discovery Mattel has obtained.

## III. MATTEL IS ENTITLED TO TESTIMONY CONCERNING MGA'S JOINT DEFENSE AGREEMENTS OR COMMON INTEREST PRIVILEGE

MGA [redacted] for the first time in a March 23, 2010 submission to Judge Smith.[11] The following day, MGA confirmed to Mattel that it is withholding an unknown number of documents pursuant to this purported common interest privilege.[12] MGA has never produced any joint defense agreements in this case, and the basis for its purported assertion of [redacted] remains a mystery. This would not be the first time MGA has improperly asserted a common interest privilege in an attempt to withhold otherwise discoverable documents.[13]

Moreover, both [redacted]

---

[10] See, e.g., [redacted]

[11] See MGA's Objections to Proposed ArchiveOne Search Terms, dated March 23, 2010, at 4.

[12] Email from A. Hurst to D. Proctor, dated March 24, 2010.

[13] See Discovery Master Order No. 87, Regarding *In Camera* Review Pursuant to Order No. 33, Dated December 7, 2009, Dkt. No. 7378 ("Although the MGA Parties invoke the common interest privilege with respect to several of the e-mails at issue here, I found that privilege to be inapplicable in all such instances."). The matters at issue were unrelated to the Omni transaction.

[redacted] Moreover, MGA has produced scores of communications between the parties and their counsel, further undermining MGA's assertion of privilege. MGA cannot dispute that it has not even attempted, much less met, its burden to assert this privilege.[16]

---

[14] MGA2 1492680, [redacted]").

[15] Larian Dep. Tr, 1024:24-1025:18 ("[redacted]).

[16] [redacted]. Indeed, depending on the timing and context of the communications being withheld, MGA may not have standing to assert this privilege at all. See Avago Tech. Gen. IP PTE. Ltd. v. Elan Microelectronics Corp., 2007 WL 841785, at *2 (N.D. Cal. Mar. 20, 2007) (third party involved in company's communications with counsel had "no standing to assert . . . a privilege between [the company] and [its] attorneys" as the privilege is personal and only the client can assert it). Regardless, all parties must knowingly agree there is common interest in order for it to be asserted properly. Otherwise, the communication was not made in confidence, a threshold requirement of a privileged communication. Synopsys, Inc. v. Ricoh Co., Ltd., 2006 WL 2479109, at *1 (N.D. Cal. Aug. 28, 2006) (in order for common interest exception to apply, party "must first demonstrate that the attorney-client privilege is applicable"); Griffith v. Davis, 161 F.R.D. 687, 694 (C.D. Cal. 1995) ("[o]ne of the essential elements of the attorney-client privilege is the intent that the communication be kept confidential" and "the existence of a common defense" does not satisfy the confidentiality requirement).

In any event, to invoke the common interest privilege, MGA must demonstrate that "(1) the communication is made by separate parties in the course of a matter of common interest; (2) the communication is designed to further that effort; and (3) the privilege has not been waived." United States v. Bergonzi, 216 F.R.D. 487, 495 (N.D. Cal. 2003).[17] The common interest and furtherance elements are inherently factual inquiries, and Mattel is entitled to explore those factual issues through Rule 30(b)(6) testimony.

**Conclusion**

For the foregoing reasons, Mattel respectfully requests the Court grant its Motion to Compel as to Category 11.

DATED: June 15, 2010

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By /s/ Michael T. Zeller
Michael T. Zeller
Attorneys for Mattel, Inc.

[17] The privilege is applicable when "parties with common interests join forces for the purpose of obtaining more effective legal assistance . . . however, that legal assistance must pertain to the matter in which the parties have a joint legal interest, and the communications must be designed to further that specific legal interest." Nidec Corp. v. Victor Co. of Japan, 249 F.R.D. 575, 578 (N.D. Cal. 2007).