**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

Case No. CV 04-9049 DOC (RNBx)                                                                 Date: June 18, 2010

Title: MATTEL, INC. v. MGA ENTERTAINMENT, INC.

---

DOCKET ENTRY
 [I hereby certify that this document was served by first class mail or Government messenger service, postage prepaid, to all counsel (or parties) at their respective most recent address of record in this action on this date.]
                                                                                        Date:_____  Deputy Clerk: _____

---

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

  Stephanie Mikhail                                                            Not Present
  Courtroom Clerk                                                            Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:   ATTORNEYS PRESENT FOR DEFENDANTS:
          NONE PRESENT                                             NONE PRESENT

---

PROCEEDING (IN CHAMBERS): ORDER DIRECTING ELECTRONIC PRODUCTION OF DOCUMENTS BY MGA PARTIES

      Before the Court is the MGA Parties' *in camera* submission pursuant to Order dated May 13, 2010 (Docket 7860). Paragraph 3 of that Order provided that "[o]n or before May 31, 2010, MGA shall submit to the Court for the Court's *in camera* review the content and file names of all files on the Larian hard drives, which contain the contents of files identified by Mattel's December 15, 2009 deleted files list." The May 31, 2009 deadline was extended to June 9, 2009.

      MGA's submission does not comply with the Order, as MGA has only submitted for the Court's *in camera* review the content of 15 files "that have not been located in active form elsewhere" and that were located in "unallocated space on the Larian Media."[1] MGA argues that any remaining

---

[1] MGA has requested that the Court prevent disclosure of certain sensitive information in its submission. However, the Court considers limited disclosure necessary to ensure the integrity of the discovery process and ensure that MGA's representations are exposed to adversarial review.

MINUTES FORM 11 DOC                                                            Initials of Deputy Clerk sdm
CIVIL - GEN                                                                                    Page 1 of 2

files "even potentially relevant to a . . . spoliation analysis have been located as active files on Mr. Larian's hard drives, network space assigned to Mr. Larian's files, or in the custody of other MGA employees who were the autyhors of or otherwise responsible for maintaining those files." Finally, MGA noted that it did not provide the Court with the content and file names of all files on the Larian hard drive, which contain the contents of files identified by Mattel's December 15, 2009 deleted files list because "[t]he entire universe of documents related to the files listed on 42 LLC's deleted files spreadsheet would fill approximately 40 boxes of documents."

It is apparent from MGA's submission that it has located and reviewed the documents. However, MGA's representations about the continued existence of files on Mattel's December 15, 2009 list are insufficient. The Court already determined that it was "prudent to review the content of the active files *in camera* to determine whether MGA's privilege and/or relevance claims are meritorious." That concern remains. In the alternative, there is no reason not to order MGA to turn over the contents of the files to Mattel so that Mattel can make its own determination about whether these files are "patently irrelevant" and/or "potentially relevant to a Larian spoliation analysis."

MGA's concern about the volume of the files is well taken. But MGA can still submit the files electronically and thereby avoid the need to burden the Court with "40 boxes of documents."

Accordingly, the Court ORDERS MGA to produce for the Court's *in camera* review in electronic form "the content and file names of all files on the Larian hard drives, which contain the contents of files identified by Mattel's December 15, 2009 deleted files list." MGA shall identify each file on the December 15, 2009 deleted files list, identify the still existing file with which it corresponds, and identify those files it is withholding on privilege grounds.

Finally, MGA requests that the Court prevent the full disclosure of the December 15, 2009 deleted files list to Mattel, on the grounds that many file names disclose privileged information. That may be true. But the Court cannot make such a determination without first examining the list *in camera*. Accordingly, the Court ORDERS that MGA shall produce for the Court's *in camera* review Mattel's December 15, 2009 deleted files list, as well as a proposed redaction of that list on privilege grounds.

All production obligations under the instant Order shall be completed on or before June 28, 2010. Mattel shall have leave to submit briefing as to the manner in which the Court should perform its *in camera* review of MGA's submission.

The Clerk shall serve this minute order on all parties to the action.