1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
     John B. Quinn (Bar No. 090378)
2    (johnquinn@quinnemanuel.com)
     Michael T. Zeller (Bar No. 196417)
3    (michaelzeller@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
4  Los Angeles, California  90017-2543
   Telephone:   (213) 443-3000
5  Facsimile:    (213) 443-3100

6  Attorneys for Mattel, Inc.

7              UNITED STATES DISTRICT COURT

8              CENTRAL DISTRICT OF CALIFORNIA

9                   SOUTHERN DIVISION

10  MATTEL, INC., a Delaware          CASE NO. CV 04-9049 DOC (RNBx)
                                      Consolidated with
11  corporation,                      Case Nos. CV 04-09059 & CV 05-
                                      02727
12                 Plaintiff,
                                      Hon. David O. Carter
13       vs.
                                      **MATTEL, INC.'S REPLY IN
14                                    SUPPORT OF MOTION TO
   MGA ENTERTAINMENT, INC., a         COMPEL THE DEPOSITION OF
15  California corporation, et al.,   WILLIAM FAN AND/OR RAY
                                      BLACK**
16
17                 Defendant.        Hearing Date:       TBD
                                      Time:               TBD
18  AND CONSOLIDATED ACTIONS          Place:              TBD

19                                    **Phase 2**

20                                    Discovery Cutoff:       TBD
                                      Pre-trial Conference:   TBD
21                                    Trial:                  TBD

22

23

24

25

26

27

28

# **TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT .................................................................... 1

ARGUMENT ........................................................................................ 2

I.     THERE IS NO GENUINE DISPUTE ON RELEVANCE. ............................... 2

II.    *SHELTON* DOES NOT PRECLUDE THE DEPOSITION. ............................. 4

III.   THE COURT SHOULD ORDER THE DEPOSITION OF FAN OR
       BLACK. ..................................................................................... 5

       **A.**   Larian Put The Advice At Issue. ............................................ 5

       **B.**   MGA Waived Any Privilege Associated with the Purported
              Fan/Black Advice by Voluntarily Producing the Email. ....................... 7

       **C.**   The Crime-Fraud Exception Applies To The Newly-Discovered
              Fan/Black Advice. ....................................................................... 7

IV.    THE HAGUE CONVENTION NEED NOT BE USED. ................................ 8

CONCLUSION ...................................................................................... 9

MATTEL, INC.'S REPLY IN SUPPORT OF
MOTION TO COMPEL THE DEPOSITION OF WILLIAM FAN AND/OR RAY BLACK

# TABLE OF AUTHORITIES

**Page**

## Cases

*Anastasion v. Credit Service of Logan, Inc.,*
  2010 WL 94008 (D. Utah. Jan. 8, 2010) .................................................. 7

*In re Broadcom Corp. Sec. Litig.,*
  2005 WL 1403516 (C.D. Cal. 2005) ....................................................... 6

*Calixto v. Watson Bowman Acme Corp.,*
  2009 WL 3823390 (S.D. Fla. 2009) ........................................................ 8

*Hines v. Cal. Pub. Util. Comm'n,*
  2009 WL 3621878 (N.D. Cal. 2009) ....................................................... 4

*Pamida, Inc. v. E.S. Originals, Inc.,*
  281 F.3d 726 (8th Cir. 2002) ................................................................... 4

*S.E.C. v. Sandifur,*
  2006 WL 3692611 at *4-5 (W.D. Wash. 2006) ...................................... 8

*Shelton v. Am. Motors Corp.,*
  805 F.2d 1323 (8th Cir. 1986) ........................................................... 2, 4

*Younger Mfg. Co. v. Kaenon, Inc.,*
  247 F.R.D. 586 (C.D. Cal. 2007) ............................................................ 4

-ii-

MATTEL, INC.'S REPLY IN SUPPORT OF
MOTION TO COMPEL THE DEPOSITION OF WILLIAM FAN AND/OR RAY BLACK

## MEMORANDUM OF POINTS AND AUTHORITIES

### Preliminary Statement

MGA and Larian clearly intend to point the finger at their attorneys – Fan and/or Black – so that they can claim good faith to the jury, just as they did in Phase One. Despite its bluster, MGA neither denies this obvious fact nor addresses its logical consequence: Mattel *has* to obtain those lawyers' testimony to be able to respond. Of course MGA does not intend to call Fan or Black at trial. Why would it, when instead it can have Larian testify at trial, as he did at deposition, that the Larian-O'Connor email reflected legal advice MGA had obtained from them, purportedly showing that it was later withheld in good faith. To test the claim that Larian and MGA reasonably believed that the email reflected legal advice received from Fan or Black, and therefore withheld it in good faith, Mattel needs to depose Fan or Black to see if in fact they provided legal advice reflected in the email. That is all Mattel is seeking to do.

Each of MGA's arguments in response is unavailing. MGA first argues that Mattel's effort to depose the lawyers is premature. It is not. Larian volunteered at deposition that one of these lawyers provided advice reflected in the email. Mattel was asking the questions, as MGA points out, but so what – it was Larian that put these lawyers' alleged advice at issue by relying on it to justify the email's withholding. Nor must MGA formally assert an advice of counsel defense to justify the deposition now sought. In fact, that is a flagrant red herring. If MGA chooses to formally assert such a defense, presumably the defense will be one of alleged reliance on the advice of *Skadden* in withholding the email, not reliance on the advice of the lawyers now at issue. The advice of Fan and/or Black has *already* been put at issue through Larian's testimony that their advice is reflected in the email.

MGA next argues that Mattel should have to go through the Hague to depose MGA's own attorneys. That, like the first argument, is a transparent effort to run

MATTEL, INC.'S REPLY IN SUPPORT OF
MOTION TO COMPEL THE DEPOSITION OF WILLIAM FAN AND/OR RAY BLACK

1    out the clock on Mattel.  Rather than allow this, the Court should order MGA to

2    identify which attorney gave the purported advice and to produce that witness for

3    deposition.  MGA virtually concedes that the lawyers are under its control.

4         MGA next argues that Mattel has raised these issues before, but that is clearly

5    not accurate.  Mattel has certainly raised issues regarding the Larian-O'Connor

6    email before, but never before did Larian disclose the legal advice he allegedly

7    received from Fan or Black, and never before has Mattel asked the Court to order

8    the deposition of Fan or Black.

9         MGA asserts that Mattel fails to meet the standards set out in <u>Shelton</u>, but that

10   out of jurisdiction case is wholly inapplicable to the attorneys at issue here.  Neither

11   Fan nor Black is trial counsel for MGA; this is not about revealing MGA's trial

12   strategy, the concern of <u>Shelton</u>, but rather is about obtaining facts put at issue by

13   MGA that can only be obtained from these witnesses.

14        Mattel recognizes that the Court has deferred resolving many issues relating

15   to the Larian-O'Connor email.  As to the limited issues presented here, however,

16   Mattel submits there is no reason for further delay.  MGA should be ordered to

17   produce whichever of their attorneys provided the advice disclosed by Larian now.

18                           <u>**Argument**</u>

19   **I.**      <u>**THERE IS NO GENUINE DISPUTE ON RELEVANCE.**</u>

20        MGA does not, and cannot, dispute that the testimony sought from Fan and/or

21   Black is directly relevant to a pleaded claim.  (Motion at 5-6).  Mattel has pleaded

22   the withholding of the Larian-O'Connor email as a predicate act of obstruction,

23   FAAC ¶¶ 95, 124, and intends to show that such withholding was improper,

24   intentional and designed to conceal evidence from Mattel at trial.  While MGA

25   suggests it has not yet determined whether it will assert a defense of reliance on the

26   advice *of Skadden* in withholding the email, that is immaterial.  MGA does not deny

27   what matters:  that it is asserting that the decision to withhold evidence was in good

28   faith because, as Larian testified, the email reflected legal advice allegedly provided

by Fan or Black.  The veracity of that claim is critical, which is why it needs to be tested.  If Larian was not given this advice by Fan or Black, MGA's alleged good faith basis for the withholding has no basis.  And if he was – if Larian was told to lie and MGA improperly withheld the email to conceal that advice – that too is directly relevant to obstruction, among much else.

MGA argues that Larian's deposition testimony was unreliable and does not provide a foundation for further discovery.  (Opp. at 4).  But Larian's testimony that he received advice reflected in the email, regarding the September / October issue, from one of two attorneys, Fan or Black, was unequivocal.  Larian Dep. at 2375:21-2376:12.  That is more than sufficient for Mattel to take a deposition of one of those attorneys.  (Of course, Mattel still does not know even which attorney is the right one.  Mattel made numerous attempts to meet and confer with MGA on these issues and requested that MGA clarify which attorney, Fan or Black, purportedly gave the advice.  (Motion at 5).  MGA does not deny that it wholly ignored these attempts.)

While the Court expressed a preference to delay discovery "into the circumstances surrounding the withholding of the email" at this time,[1] Mattel seeks no such discovery here.  Rather, Mattel seeks to depose Fan and/or Black regarding the advice contained *within* the email.  No one has suggested Fan or Black was involved in the withholding – MGA has already blamed Skadden for that.  Mattel seeks testimony about if and when MGA received advice reflected in the email, not if and when MGA received advice to withhold it.  There is no cause to delay

---

[1]   Dkt. No. 8104, June 14, 2010 Order at 6 ("In any event, the Court has restricted discovery of the circumstances surrounding the withholding of the purported Larian-O'Connor email. Important issues of privilege must be resolved before Mattel can seek discovery into the circumstances surrounding the withholding of the email.").

MATTEL, INC.'S REPLY IN SUPPORT OF
MOTION TO COMPEL THE DEPOSITION OF WILLIAM FAN AND/OR RAY BLACK

1    discovery into the matters actually at issue here.  Indeed, the Court ordered Mr.

2    Larian to further testify on that very topic.[2]

3    **II.      *SHELTON* DOES NOT PRECLUDE THE DEPOSITION.**

4            MGA contends that Mattel has not met the standard to depose Fan or Black

5    set forth in Shelton v. Am. Motors Corp., 805 F.2d 1323 (8th Cir. 1986).  That case

6    does not apply here, as the Discovery Master previously ruled.  See Younger Mfg.

7    Co. v. Kaenon, Inc., 247 F.R.D. 586, 588 (C.D. Cal. 2007) (finding that the Ninth

8    Circuit has not adopted Shelton and Shelton's reasoning is less persuasive than other

9    authority); Order No. 76, Regarding Non-Party Attorney Peter Carson's Motion to

10   Quash And/Or for Protective Order Regarding Deposition Subpoena Issued by

11   Mattel, Inc., at 8 ("Order No. 76") ("[neither Shelton nor the district courts applying

12   it] are controlling, since they were decided in other circuits and/or by district

13   courts").

14           Moreover, as the Discovery Master previously held, even if it did control

15   Shelton could apply "'in only two instances: (1) when trial and/or litigation counsel

16   are being deposed, and (2) when such questioning would expose litigation strategy

17   in the pending case.'"[3]  Neither Fan nor Black is outside trial or litigation counsel in

18   this case, and MGA has not established that deposing them would risk exposing

19   MGA's strategy here.  To the contrary, MGA says Fan is litigation counsel for some

20   unidentified Hong Kong matters only, and Black is former counsel in Europe.  (Opp.

21   at 5).  MGA has made no showing that either is currently MGA's litigation counsel

22   in connection with this case, and no showing that either knows anything at all about

23   MGA's litigation strategy.  Thus, Shelton, even if good law in this Circuit, does not

24   _____

25      [2]   Dkt. 7590, Feb. 25, 2010 Order at 8.

26      [3]   Order No. 76 at 9-16 (citing Pamida, Inc. v. E.S. Originals, Inc., 281 F.3d 726, 730 (8th Cir. 2002)).  See also Hines v. Cal. Pub. Util. Comm'n, 2009 WL 3621878

27   at *1 (N.D. Cal. 2009) ("*Shelton* dealt with the issue of when an opposing party's trial attorney may be deposed").

28

1   apply to either Fan or Black.  There is no reason to bar the depositions of lawyers

2   such as Fan or Black outright.  This deposition is not about obtaining MGA's trial

3   strategies.  It is about responding to Larian's defense to Mattel's claims.

4   **III.**   **THE COURT SHOULD ORDER THE DEPOSITION OF FAN OR**

5          **BLACK.**

6          With no genuine dispute on relevance and no reason to preclude the

7   deposition altogether, the inquiry should be at an end – the Court should order the

8   deposition of whichever attorney gave the advice.  As Mattel showed in its motion,

9   questions of privilege, even if there were such questions, properly are resolved on a

10  question-by-question basis in the context here.  (Motion at 12).  MGA ignores (and

11  thus concedes) this fact, which alone requires that the deposition go forward.   In

12  any case, there are no privilege obstacles to the deposition, as discussed below.[4]

13         **A.**   **Larian Put The Advice At Issue.**

14         As discussed above, MGA conflates two wholly separate advice of counsel

15  issues in its opposition.  The issue here is not whether MGA is claiming it relied on

16  Skadden's advice to withhold the Larian-O'Connor email.  The point –which MGA

17  nowhere disputes – is that MGA is claiming the email was withheld in good faith

18  based on the good faith belief that it reflected legal advice of Fan or Black.

19         Because it conflates these issues, MGA's argument on this score is off target.

20  MGA argues that it "has not pled an affirmative defense of advice of counsel."

21  (Opp. at 2).  But, whether MGA chooses to plead a defense of reliance on the advice

22  of Skadden's counsel or not, the advice of Fan and/or Black was put at issue through

23  Larian's testimony.  Larian put these lawyers' alleged advice at issue by relying on

24  _____

25         [4]   MGA contends that depositions of Fan or Black will put Mattel over the 25-

26  deposition limit.  (Opp. at 5).  However, at a recent hearing the Court gave each side
    three more depositions and made clear the deposition limits are flexible.

27  Particularly since MGA first disclosed the relevance of these witnesses just weeks
    ago, there can be no procedural bar to deposing them now.

28

00505.07975/3541579.3

it to justify the email's withholding.  As Mattel has shown – a showing that MGA chose to ignore – that is clearly an at-issue waiver.  (Motion at 9).  See, e.g., In re Broadcom Corp. Sec. Litig., 2005 WL 1403516, *1 (C.D. Cal. 2005) ("A party waives the privilege if it injects into the case an issue that in fairness requires an examination of otherwise protected communications.").  Fairness requires that Mattel be permitted depositions from whichever attorney was the supposed source of the advice that Larian claims he received.

MGA says Mattel agreed that Mr. Larian's testimony regarding Fan/Black would not operate as a waiver.  That is not accurate.  MGA asked Mattel to agree that answers to specific questions would not be deemed waivers – specifically, Larian's testimony at 2373:6-7 and 2375:7-8.  Larian Dep. at 2374:25-2373:5; 2373:20-23.  Mattel did not even arguably enter into some blanket no-waiver agreement, and indeed was not even asked to.  More than six pages of testimony went by before MGA again asked for an agreement regarding waiver of the privilege, and in those six pages the Fan/Black questions arose and were answered, Larian Dep. at 2375:21-2376:12, and MGA's counsel instructed on other questions, Larian Dep. at 2377:15-17; 2378:2-4; 2378:13; 2378:16; 2378:32-33; 2379:22-24.  Mattel's questions regarding Fan and Black could not be part of any non-waiver agreement when they were so far removed from the agreements that actually were made in that regard, and when MGA's counsel was instructing the witness not to answer other questions.[5]

---

[5]   In any case, the agreements, even where they were made, concerned only waiver by disclosure, not exceptions to the privilege.  Mattel agreed, at the most, not to argue that Larian's answers to certain questions were voluntary, selective disclosures of privileged communications giving rise to a subject matter waiver.  Larian Dep. at 2374:25-2373:5; 2373:20-23.  That is not what is at issue here, where the information Larian provided shows that particular lawyers' advice is at issue and shows, as discussed below, that the crime fraud exception applies.

**B.**   **MGA Waived Any Privilege Associated with the Purported Fan/Black Advice by Voluntarily Producing the Email.**

Mattel showed in its motion that MGA independently waived any privilege regarding the advice given by Fan or Black that Larian testified is reflected in the Larian-O'Connor email by voluntarily producing that email.  (Motion at 11-12).  In opposition, MGA does not dispute that the Larian-O'Connor email contains the legal advice that Larian testified to.  Instead, MGA repeats its nonsensical argument that it did not waive any privilege by producing the email because MGA could not sustain the burden of showing the email was privileged.  That wholly misses the point – if the email was never privileged, then the advice reflected in it, given by Fan or Black, was never privileged either.  If the advice and email were privileged, that privilege is now waived given the voluntary production of the email and the advice it reflects.  MGA's only response – that "[p]roduction because of a failure to sustain the burden of showing privilege is not a waiver" – makes no sense in this context.  (Opp. at 3.)  Notably, the Court rejected this same argument when it ordered Larian to further testify on these issues months ago.[6]

**C.**   **The Crime-Fraud Exception Applies To The Newly-Discovered Fan/Black Advice.**

MGA would have the Court believe the crimes and frauds perpetrated by MGA and Larian are limited to "the Carter Bryant contract in 2001 or 2002."  (Opp. at 6).  But the fraud here relates to the advice contained in the email – advice to

---

[6]  Dkt. No. 7590, Feb. 25, 2010 Order at 8.  MGA once again relies on Anastasion v. Credit Service of Logan, Inc., 2010 WL 94008 (D. Utah. Jan. 8, 2010), as it did in its objections to Discovery Master's Order No. 90.  However, Anastasion simply compelled production of documents because the privilege did not apply.  MGA still provides no authority to refute what is clear:  either the document was never privileged, in which case there is no privilege issue at all, or the document was privileged, in which case MGA waived the privilege when it voluntarily removed the document from its privilege log and produced it.

MATTEL, INC.'S REPLY IN SUPPORT OF MOTION TO COMPEL THE DEPOSITION OF WILLIAM FAN AND/OR RAY BLACK

1  cover up the creation date of Bratz and MGA's tortious conduct in stealing Bratz.

2  (Motion at 6-7.)  As Mattel showed in its motion, Fan and/or Black apparently gave

3  advice that furthered MGA's and Larian's crimes and frauds.  If they did not, there

4  are no privilege concerns at all; if they did, their advice is not protected.  MGA

5  offers no response to this.  While the Court may elect to resolve the overarching

6  crime fraud issues at a later date, there is no reason not to proceed with the

7  deposition at issue here now.

8  **IV.   THE HAGUE CONVENTION NEED NOT BE USED.**

9       MGA argues that Mattel must pursue these depositions through the Hague

10  Convention process, citing Calixto v. Watson Bowman Acme Corp., 2009 WL

11  3823390 (S.D. Fla. 2009), for the unremarkable proposition that the Hague

12  Convention can impact international discovery.   Discovery through the Hague

13  convention takes at least many months to arrange.  S.E.C. v. Sandifur, 2006 WL

14  3692611 at *4-5 (W.D. Wash. 2006) (analyzing time necessary to obtain deposition

15  under Hague Convention and finding it "impractical" in light of a discovery

16  deadline only a few months away, ordering deposition to occur under alternative

17  authority).  The Court has ordered, and the parties have agreed to, depositions in

18  Hong Kong, the United Kingdom, and Mexico City.[7]  Deponents have traveled from

19  other countries to California for their depositions by both Court order and by party

20  agreement.[8]  None of these required the Hague Convention.  Fan and Black are no

21  _____

22     [7]   For example, MGA Hong Kong employee Patrick Ma was deposed in Hong

23  Kong; and MGA Europe employee Ronald Brawer was deposed in the United

24  Kingdom.  The Court also originally ordered the deposition of former MGA

    employee Pablo Vargas to proceed in Mexico City, Mexico (Dkt No. 7941, May 21,

25  2010 Order).  None of these required resort to the Hague Convention.

26     [8]   Former MGA employee Gustavo Machado was ordered to come to the United

    States from Mexico.  (Dkt. No. 7657, March 15, 2010 Order).  MGA Hong Kong

27  employee Edward Lee agreed to travel from Hong Kong to the United States for

28  deposition.  Neither required resort to the Hague Convention.

00505.07975/3541579.3

-8-

1    different.   They are both attorneys subject to the call of their client, MGA.   The

2    Court should order MGA to produce them in Santa Ana.

3                                            **<u>Conclusion</u>**

4          For the foregoing reasons, Mattel respectfully requests that its motion be

5    granted.

6    DATED:  June 21, 2010            QUINN EMANUEL URQUHART &
                                      SULLIVAN, LLP
7

8

9                                     By */s/ **Michael T. Zeller**_____
                                          Michael T. Zeller
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-9-