MELINDA HAAG (State Bar No. 132612)
mhaag@orrick.com
ANNETTE L. HURST (State Bar No. 148738)
ahurst@orrick.com
WARRINGTON S. PARKER III (State Bar No. 148003)
wparker@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
405 Howard Street
San Francisco, CA 94105-2669
Tel: (415) 773-5700/Fax: (415) 773-5759

WILLIAM A. MOLINSKI (State Bar No. 145186)
wmolinski@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA 90017
Tel. (213) 629-2020/Fax: (213) 612-2499

THOMAS S. MCCONVILLE (State Bar No. 155905)
tmcconville@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
4 Park Plaza, Suite 1600
Irvine, CA 92614-2258
Tel: (949) 567-6700/Fax: (949) 567-6710
Attorneys for MGA Parties

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant. | Case No. CV 04-9049-DOC (RNBx)<br><br>Consolidated with:<br>Case No. CV 04-9059<br>Case No. CV 05-2727<br><br>Hon. David O. Carter<br><br>**MGA'S SUPPLEMENTAL OPPOSITION TO MATTEL'S MOTION TO COMPEL FURTHER MGA 30(B)(6) DEPOSITION – CATEGORY THREE** |
| AND CONSOLIDATED ACTIONS | |

# INTRODUCTION

Category 3 as now expressed by Mattel actually appears in no 30(b)(6) notice. What Mattel actually served was a request that demanded a witness to testify on this topic: "The identity of each doll, accessory product, work or item produced, developed manufactured, licensed, sold or offered for sale by or for [MGA] or on [MGA's] behalf that was BASED ON any BRATZ DESIGN or any design derivative of any BRATZ DESIGN."[1] As to that topic, a protective order was granted. So, actually what we are litigating about is a topic that has just been made up by Mattel solely for the purposes of its motion to compel long after the protective order was granted. That alone justifies denying the motion to compel. *See* Part I, *infra*.

Additionally, in coming up with this topic to avoid the protective order, what Mattel has done is make the topic even harder to justify. This Court noted that this new iteration is "just as broad, if not broader" than the topic actually noticed and for which a protective order was granted. (Dkt. No. 8104 at 4.) In fact, it is broader. Mattel wishes a witness to testify about any design or "other work" "used" by MGA so long as it was created at Mattel. Category 3 does not even limit its scope to former Mattel employees hired by MGA. In this way, and on its face it is overly broad and seeks irrelevant information. For example, the request could include MGA's internal analyses of Mattel's products that MGA gained on the open market and without any hint of wrongdoing. Such analyses would "use" Mattel's products that were created by Mattel employees. A focus group that MGA conducts would be responsive as well. MGA "uses" Mattel products in conducting such surveys. In fact, any analysis of Mattel's business, from its products to its advertisements, could be considered "use" of a Mattel design "or other work" prepared by a person employed by Mattel. And to add to this, what is meant by

---

[1] Mattel's present formulation is as follows: "MGA's use of any design or other work prepared, in whole or in part, by any person while employed by Mattel" and "the identification of each product the person worked on and when."

"other work" or "use" is entirely left to guesswork. *See* Part II, A, *infra*.

If one seeks to impose some more reasonable limitation, then Category 3 is redundant of testimony already given or is irrelevant. For example, if one limits it to Mattel's trade secret claims, Mattel has already identified the former Mattel employees it claims stole trade secrets. It has identified the trade secrets allegedly misappropriated. And it has obtained witnesses to testify about these facts, including four 30(b)(6) witnesses, Ronald Brawer, Susana Kuemmerle, Diana Goveia-Gordon, and Bud Small. Moreover, three of the four persons specifically mentioned in Category 3—Salazar, Morales and Cabrera—are not alleged to have misappropriated trade secrets. And, in any case, all four of the identified persons in Category 3 are also specifically referenced in Category 12, which specifically seeks information about alleged trade secret misappropriation, for whom a 30(b)(6) witness is being offered. Therefore, if Category 3 is intended to cover trade secrets, that subject is covered by another category. *See* Part II, B, *infra*.

If Category 3 is intended to cover MGA's "use of existing employees to work on MGA products" because that is relevant to Mattel's claims of "commercial bribery, intentional interference with contract and aiding and abetting breach of the loyalty claims," as Mattel argues, (Motion to Compel at 3-4), Mattel has already received testimony on this subject. Indeed, as to Carter Bryant, who Mattel specifically names in Category 3, Mattel gathered this discovery to support its claim in Phase 1 that MGA was liable for aiding and abetting Bryant's breach of fiduciary duty and breach of duty of loyalty. And MGA produced a 30(b)(6) witness on the topic of any Mattel employees that performed work on behalf of MGA while employed by Mattel. MGA is producing a witness to testify regarding the payments by MGA vendors to Mattel employees, as required by this Court's June 14, 2010 Order. (Dkt. No. 8104 at 9-10.) Furthermore, Mattel has deposed various witnesses on this subject in their individual capacity, including Isaac Larian, Paula Garcia, and Maria Elena Salazar. *See* Part II, B, *infra*.

1   For these reasons, Mattel's motion should be denied.

**STATEMENT OF FACTS**

**A.    A Protective Order Issued Concerning A More Narrow Version Of This Topic.**

In January, 2008, Mattel requested testimony from MGA regarding "The identity of each doll, accessory product, work or item produced, developed manufactured, licensed, sold or offered for sale by or for [MGA] or on [MGA's] behalf that was BASED ON any BRATZ DESIGN or any design derivative of any BRATZ DESIGN." (Mattel's Fourth Notice of Deposition of MGA, Topic 94.) MGA moved for a protective order, explaining that procuring testimony on such a topic was improper and unduly burdensome. (Dkt. No. 1660 at 19-20.)

While MGA's motion was pending, Judge Larson bifurcated discovery, putting a stay on all discovery aimed at Phase 2 issues. (Dkt. No. 1931 at 3.) The parties then met and conferred to determine which of Mattel's previously noticed topics related to Phase I, so that the Court could rule on those specific topics raised in the protective order. (Dkt. No. 3291 at 4.) At that time, Mattel claimed that the topic at issue, Topic 94, was relevant to Phase I issues. (*Id.*) Accordingly, MGA's motion for protective order was heard and granted as to Topic 94. (Dkt. No. 3564 at 9.) Discovery Master Infante found that the topic included definitions "so sweeping that it would be utterly unrealistic and unduly burdensome for MGA . . . to prepare a witness to testify on Topic 94." (*Id.*)

Despite this protective order, Mattel has demanded that MGA provide testimony on this topic. (11/2/09 D. Proctor letter to W. Molinski.) When MGA noted that there was a protective order in effect, Mattel completely recharacterized the topic. Now Mattel claimed that it sought testimony regarding "MGA's use of any design or any other work product created by former Mattel employees, including Bryant, Salazar, Morales and Cabrera." (3/2/10 M. Zeller letter to A. Hurst, T. McConville (Category 3).) Again, MGA explained that a protective order

was in place regarding this topic, and the topic did not support its newly identified "category" for testimony. (3/9/10 M. Phillips letter to M. Zeller, 3/21/10 A. Hurst letter to M. Zeller.) Rather than respond to MGA's objections directly, Mattel moved to compel MGA's deposition on this topic.

### B. Witnesses Have Been Produced To Testify Concerning The Alleged Misappropriation And Use Of Trade Secrets.

Mattel has identified the specific MGA employees it claims misappropriated trade secrets. It has identified the trade secrets allegedly misappropriated. Salazar, Morales and Cabrera have not been identified as having misappropriated trade secrets. (Fourth Am. Answer and Counterclaims at ¶¶86-90.) Nevertheless, there is a 30(b)(6) witness that this Court has ordered to be produced on the topic of trade secret misappropriation by Salazar, Morales, and Cabrera. (Dkt. No. 8104 at 9.)

Moreover, as to the claimed trade secrets misappropriated, witnesses have been produced and deposed. Ron Brawer testified regarding the alleged trade secret misappropriation by former Mattel employees in the United States. Mr. Brawer testified for almost twelve full hours as a 30(b)(6) witness on trade secret related topics, with the Discovery Master noting at the end of his session, "I think we have had an opportunity to question him for today." (3/24/10 Brawer 30(b)(6) Dep. at 417:2-3[2].) Susana Kuemmerle and Bud Small testified on behalf of MGA Mexico regarding the alleged trade secret misappropriation by former Mattel employees in Mexico. (12/12/09, 1/15/10, 3/17/10 B. Small 30(b)(6) Depos., 12/7/09, 12/8/09, 12/9/09, 5/5/10 S. Kuemmerle 30(b)(6) Depo.) Diana Goveia-Gordon testified on behalf of MGA Canada regarding the alleged trade secret misappropriation by former Mattel employees in Canada. (2/3/10, 2/4/10, 2/5/10 D. Goveia-Gordon 30(b)(6) Depos.) Moreover, Mattel has deposed each of the former Mattel employees that it alleges misappropriated trade secrets, as well as persons who

---

[2] MGA is happy to provide the Court with any testimony cited herein, or excerpts thereof, for review.

worked with them at MGA. (Depositions of Former Mattel Employees - 2/5/08, 1/26/09, 3/4/09, 3/5/09 R. Brawer Depos., 12/9/09, 12/10/09 J. Brisbois Depos., 10/22/08 J. Castilla Depo., 1/28/09 N. Contreras Depo., 1/28/09 D. Cooney Depo., 10/14/08, 4/21/08, 4/22/08, 4/23/08, 4/24/08 G. Machado Depos., 1/20/10, 5/20/10, 5/21/10, 5/22/10 M. Trueba Depo., 6/16/10, 6/17/10, 6/18/10, 6/19/10 P. Vargas Depos.; Depositions of Persons They Worked With at MGA - *e.g.*, 1/28/08 S. Kuemmerle Depo. (re Machado, Vargas, Trueba), 1/5/10, 1/8/10 N. Coleman Depo. (re Castilla), 12/10/09 I. Larian Depo. at 805-20 (re Brawer), 12/11/09, I. Larian Depo. at 981-984 , 1050-1052 (re Brawer), 1/19/10 I. Larian Depo. at 1517-1526, 1540-1541, 1670-1687 (re Brawer), 1/20/10 I. Larian Depo. at 1724-1739 (re Brawer), 4/21/10 P. Garcia Depo. at 1634-1649 (re Brawer), 3/4/10 R. Brawer Depo at 1189-1253 (re Castilla, Contreras, Cooney, Machado, Trueba, Vargas).)

### C. Witnesses Have Been Produced To Testify Concerning Alleged Payments To And Work Done By Mattel Employees For MGA.

Similarly, Mattel has already sought discovery, including deposition testimony from MGA, as well as its employees, regarding alleged payments to and work done by Mattel employees for MGA. MGA employee Lisa Tonnu testified as a 30(b)(6) witness on the topic of any Mattel employees who performed work on behalf of MGA while employed by Mattel. (7/19/07 Tonnu 30(b)(6) Depo. at 17-21, 147-161.) MGA is also producing, per the Court's June 14, 2010 order, a witness to testify regarding payments by MGA vendors to Mattel employees. (Dkt. No. 8104 at 9-10.) Mattel has also asked Isaac Larian about any such payments. (*E.g.* 12/10/09 I. Larian Depo. at 814-20.) Mattel also deposed Paula Garcia, MGA's Vice-President of Product Design and Development, about Cabrera, Salazar, Morales. (*E.g.* 4/21/10 Paula Garcia Depo. at 1441-59.) In addition to that, Mattel has also obtained written discovery from MGA regarding any payments by MGA to Mattel employees. (Mattel Interrogatory No. 67 (Supplemented June 4, 2010).) Mattel has also deposed the MGA vendor for whom the Mattel employees,

Cabrera, Morales, and Salazar, were allegedly working, as well as deposing Cabrera, Morales, and Salazar individually.  (12/27/07, 5/2/08, 6/16/08 Vendor Depos., 5/8/08 Cabrera Depo., 4/29/08 Morales Depo., 5/9/08 Salazar Depo.)

## ARGUMENT

### I. MATTEL HAS NOT SERVED A DEPOSITION NOTICE TO SUPPORT THIS TOPIC

The topic discussed in this brief appears nowhere in any deposition notice served by Mattel.  In fact, it is made up out of whole cloth because Discovery Master Infante granted MGA a protective order as to the original topic.  Rather than accept that ruling, Mattel just made up a new topic, broader than the one for which a protective order was granted, and then moved to compel.  As is set forth in detail below, the topic is inappropriate.

However, the substance of the topic is truly beside the point, given that Mattel has never included it in a deposition notice.  This is especially relevant because Mattel served a new 30(b)(6) notice for MGA testimony in January 2010.  If Mattel sought testimony on this topic, it should have included it in that notice.  But Mattel has not done that.  This alone is sufficient to deny Mattel's motion.

### II. CATEGORY 3 IS UNDULY BROAD AND BURDENSOME AND MATTEL'S JUSTIFICATION FOR IT ESTABLISHES THAT IT IS REDUNDANT OF TESTIMONY ALREADY PROVIDED, INCLUDING 30(B)(6) TESTIMONY

Taken at face value, Category 3 is unduly broad and burdensome.  *See* Part II, A, *infra*.  However, it appears that Mattel's justification for this Category reflects a more narrow reading—Mattel wants testimony concerning the work performed for MGA by Mattel employees while at Mattel.  (Motion to Compel at 3-4.)  If this is the interpretation to be provided this Category, witnesses have already testified about this, including a MGA 30(b)(6) witness.  *See* Part II, B, *infra*.

**A.**     **The Topic Is Not Reasonably Particular And Is Unduly Burdensome.**

There are several parts of this request that make it difficult to grapple with.

For example, it is unclear what is contained within "other work prepared". This vagueness of this concept is compounded by the next phrase "in whole or in part."

More fundamentally, however, despite naming four specific Mattel employees as relevant to the issue, the topic broadly demands information about "any person while employed by Mattel". What could be contained within this topic is potentially limitless, given that Mattel and MGA are direct competitors. For example, the request could include MGA's internal analyses of Mattel's products. Mattel's products are, after all, prepared by a Mattel employee. A focus group that MGA conducts would be responsive, as MGA "uses" Mattel products in conducting such surveys. In fact, any analysis of Mattel's business, from its products to its advertisements, could be considered "use" of a Mattel design "or other work" prepared by a person employed by Mattel. Given the ambiguity of the topic, and Mattel's repeated motions before this Court regarding MGA's corporate testimony, there is no way for MGA to adequately prepare a person to testify on a topic as unparticular as this one.

In this respect it is also unduly burdensome. Because there is no limitation—either as to product, the definition of "use," the definition of "other works" or even a limitation as to the Mattel employee, MGA is left to guess as to what Mattel may mean and what it is seeking. This is all the more true given the fact that MGA has already produced witnesses to testify about trade secrets and payments allegedly made to Mattel employees by MGA. If it is broader than that, as just noted, it is both unduly vague and burdensome.

**B.    Any Testimony On The Topic Would Be Cumulative**

Mattel attempts to justify Category 3 by claiming that it is relevant to the fact that Bryant and "other employees worked on Bratz while employed by Mattel—including Ana Isabel Cabrera, Beatriz Morales and Maria Elena Salazar." (Motion to Compel at 3.) Mattel claims that the use of existing employees to work on MGA products is "obviously relevant to Mattel's claims, including its RICO claims,

commercial bribery, intentional interference with contract and aiding and abetting breach of loyalty claims." (Motion to Compel at 3-4.)

Notably, Mattel does not justify this topic as pertaining to trade secrets. But even had it, the topic is redundant. Witnesses have testified on this subject. They include four 30(b)(6) witnesses, Ron Brawer, Susana Kuemmerle, Diane Goveia-Gordon, and Bud Small, as well as Isaac Larian and each of the individuals alleged to have misappropriated trade secrets, Ron Brawer, Jeanine Brisbois, Jorge Castilla, Daniel Cooney, Nick Contreras, Gustavo Machado, Mariana Trueba, and Pablo Vargas. (3/24/10 R. Brawer 30(b)(6) Depo., 2/3/10, 2/4/10, 2/4/10 Goveia-Gordon 30(b)(6) Depos., 12/7/09, 12/8/09, 12/9/09, 5/5/10 S. Kuemmerle 30(b)(6) Depo., 2/5/08, 1/26/09, 3/4/09, 3/5/09 R. Brawer Depos., 12/9/09, 12/10/09 J. Brisbois Depos., 10/22/08 J. Castilla Depo., 1/28/09 N. Contreras Depo., 1/28/09 D. Cooney Depo., 10/14/08, 4/21/08, 4/22/08, 4/23/08, 4/24/08 G. Machado Depos., 1/20/10, 5/20/10, 5/21/10, 5/22/10 M. Trueba Depo., 6/16/10, 6/17/10, 6/18/10, 6/19/10 P. Vargas Depos., *e.g.* 12/10/09 I. Larian Depo. at 805-20, 12/11/09, I. Larian Depo. at 981-984, 1050-1052, 1/19/10 I. Larian Depo. at 1517-1526, 1540-1541, 1670-1687, 1/20/10 I. Larian Depo. at 1724-1739.) Moreover, this Court has ordered that a witness appear to testify on the topic of "the theft of trade secrets by Machado, Trueba, Vargas, Brisbois, Bryant, Salazar, Cabrera and Morales." (Dkt. No. 8104 at 9.)[3]

In addition, the issue of work performed for MGA by Mattel employees while employed by Mattel was covered extensively in the Phase 1 discovery. A central issue in Phase I was Carter Bryant's work on Bratz while he was a Mattel employee. Prior to the trial of Phase I Mattel deposed MGA, MGA's employees and Carter Bryant extensively about the issue. (*E.g.*, 7/19/07 Tonnu 30(b)(6) Depo.

---

[3] Mattel does not allege that Cabrera, Morales, and Salazar misappropriated Mattel's trade secrets. Mattel makes no such allegation in its Fourth Amended Answer and Counterclaims. Mattel has never identified Cabrera, Morales, and Salazar in any discovery regarding MGA's alleged misappropriation of trade secrets.

Case 2:04-cv-09049-DOC-RNB   Document 8140   Filed 06/21/10   Page 10 of 11   Page ID
 #:266021

1    at 17-21, 147-161, 12/27/07, 7/18/06 I. Larian Depo at 168-69, 11/4/04 Bryant
2    Depo at 195-197, 5/2/08, 6/16/08 Vendor Depos., 5/8/08 Cabrera Depo., 4/29/08
3    Morales Depo., 5/9/08 Salazar Depo.) Lisa Tonnu testified as a 30(b)(6) witness on
4    the topic of any Mattel employees who performed work on behalf of MGA while
5    employed by Mattel. (7/19/07 Tonnu 30(b)(6) Depo. at 17-21, 147-161.)

6          MGA is also producing, per the Court's June 14, 2010 order, a witness to
7    testify regarding payments by MGA vendors to Mattel employees. (Dkt. No. 8104
8    at 9-10.) Mattel has also asked Isaac about any such payments. (*E.g.* 12/10/09 I.
9    Larian Depo. at 814-20.) Mattel also deposed Paula Garcia, MGA's Vice-President
10    of Product Design and Development about Cabrera, Salazar, Morales, as well as
11    MGA's relationship with the vendor at issue. (4/21/10 Paula Garcia Depo. at 1441-
12    59.) In addition to that, Mattel has also obtained written discovery from MGA
13    regarding any payments by MGA to Mattel employees. (Mattel Interrogatory No.
14    67 (Supplemented June 4, 2010).)

15          The inclusion of Cabrera, Morales, and Salazar in the topic does not change
16    this, as Mattel also has previous testimony from and about these three seamstresses.
17    Mattel's Fourth Amended Answer and Counterclaims alleges that MGA knowingly
18    paid these individuals to work for MGA while they were Mattel employees.
19    However, the extensive discovery Mattel has already taken on the topic shows just
20    the opposite. The MGA vendor who allegedly employed Cabrera, Morales, and
21    Salazar testified that it did not disclose the identity of its workers to anyone at
22    MGA. (12/28/07 Vendor Depo. at 295-296, 5/2/08 Vendor Depo. at 108-109, 137-
23    140.) This is the uncontroverted testimony that Mattel obtained from three days of
24    testimony from the vendor, as well as one day of testimony from Ana Cabrera, one
25    day of testimony from Beatriz Morales, and one day of testimony from Maria
26    Salazar. (*Id.*, 5/8/08 Cabrera Depo. at 52, 4/29/08 Morales Depo. at 25-26, 5/9/08
27    Salazar Depo. at 54.) The depositions of Cabrera, Morales, and Salazar each
28    contained significant lines of questioning regarding what products they had worked

- 9 -                    MGA'S OPP TO MATTEL'S MTC FURTHER MGA 30(B)(6) DEPO
                         CV 04-9049 DOC (RNBX)

on for the MGA vendor. (5/8/08 Cabrera Depo. at 112-158, 4/29/08 Morales Depo. at 114-172, 5/9/08 Salazar Depo at 190-204.) Moreover, Mattel elicited this same testimony from the MGA vendor at trial in Phase I. (6/24/08, 7/2/09 Trial Trans.)

The cumulative nature of the testimony is particularly striking here. With respect to discovery sought about Carter Bryant, these issues fully vetted because Mattel argued that Bryant's work for MGA while at Mattel caused MGA to be liable for aiding and abetting his breach of fiduciary duty and the duty of loyalty. With respect to the three seamstresses, this is evidence of Mattel's harassing use of discovery. It is repeatedly demanding testimony from MGA on topics on which it knows that MGA has no knowledge. (7/19/07 Tonnu 30(b)(6) Depo. at 17-21, 147-161, 12/10/09 I. Larian Depo. at 814-20, 4/21/10 Paula Garcia Depo. at 1441-59.) All of the deposition testimony in this case has been that MGA has no knowledge of any work that the three seamstresses might have performed for the MGA vendor. (*Id.*, 12/28/07 Vendor Depo. at 295-296, 5/2/08 Vendor Depo. at 108-109, 137-140, 5/8/08 Cabrera Depo. at 52, 4/29/08 Morales Depo. at 25-26, 5/9/08 Salazar Depo. at 54.) Requiring a MGA witness to merely repeat back this testimony, for the second time this month, is merely a waste of everyone's time.

### III.  CONCLUSION

For the foregoing reasons, Mattel's Motion to Compel Further 30(b)(6) testimony in response to Category 3 should be denied.

Dated:   June 21, 2010              Orrick, Herrington & Sutcliffe LLP


                                    /s/ - Warrington S. Parker III
                                    Warrington S. Parker III
                                    Attorney for MGA Parties

OHS West:260938212.4
22161-2006 M1P/M1P

- 10 -    MGA'S OPP TO MATTEL'S MTC FURTHER MGA 30(B)(6) DEPO
          CV 04-9049 DOC (RNBX)