QUINN EMANUEL URQUHART & SULLIVAN, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:   (213) 443-3000
Facsimile:    (213) 443-3100

Attorneys for Mattel, Inc.


UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION


| | |
|---|---|
| MATTEL, INC., a Delaware corporation, | CASE NO. CV 04-9049 DOC (RNBx) |
| Plaintiff, | Consolidated with |
| vs. | Case No. CV 04-09059<br>Case No. CV 05-02727 |
| MGA ENTERTAINMENT, INC., a California corporation, | Hon. David O. Carter |
| Defendants. | **MATTEL, INC.'S NOTICE OF MOTION AND MOTION TO COMPEL PRODUCTION OF DOCUMENTS IN RESPONSE TO MATTEL'S REQUESTS FOR DOCUMENTS CONCERNING USE OF TRADE SECRETS; AND** |
| AND CONSOLIDATED ACTIONS | |
| **PUBLIC REDACTED VERSION** | **MEMORANDUM OF POINTS AND AUTHORITIES** |
| | Date:    June 23, 2010<br>Time:    8:30 am<br>Place:   Courtroom 9D |
| | **Phase 1**<br>Discovery Cut-off:  TBD<br>Pre-trial Conference:  TBD<br>Trial Date:  TBD |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on June 23, 2010, in the courtroom of The Honorable David O. Carter, located at 411 West Fourth Street, Santa Ana, California, 92701, Mattel, Inc. ("Mattel") will, and hereby does, move for an order compelling MGA Entertainment, Inc., MGA Entertainment (HK) Limited, MGAE de Mexico, S.R.L. de C.V., and Isaac Larian (collectively, "MGA") to produce all documents responsive to certain of Mattel's Requests for documents concerning its trade secret misappropriation claims.  Specifically, Mattel moves for an order compelling production and overruling MGA's objections in response to:

(1) Request Nos. 4-6, 8-9, 11-12, 14-16, 20-23, 25, 27, 29, 33-34, 41-44, 46-47, 51, 78-86, 90-98, and 100-105 in Mattel's Fourth Set of Requests for Production to MGA (Phase 1), dated October 26, 2007 (the "Fourth RFP Set (Phase 1)");

(2) Request Nos. 1-12 in Mattel's Second Set of Requests for Production to MGA (Phase 2), dated September 4, 2009 (the "Second RFP Set"); and

(3) Request Nos. 1-3, 6-31, 34-65, 68-75, 77, 80, 82, 84, 86, and 92 in Mattel's Third Set of Requests for Production to MGA (Phase 2), dated September 16, 2009 (the "Third RFP Set").[1]

---

[1]   Mattel is withdrawing Request Nos. 3, 7, 10, 13, and 39 from Mattel's Fourth Set of Requests (Phase 1).  However, Mattel reserves its right to seek discovery on the issues encompassed by these Requests including the right to renew its Motion to Compel.  Mattel is also withdrawing Request Nos. 76, 78, 79, 81, 83, 85, 87, 88, 89, 90, 91, 93, and 94 from Mattel's Third Set of Requests (Phase 2).  Although Mattel believes that Request Nos. 4-5, 32-33, 78, 79, 81, 83, 85, 87, 88, 90, 91, 93 and 94 may seek categories of documents improperly excluded from MGA's production, it is willing to forego motion practice on them for the time being in view of the Court's June 7, 2010 Order mooting Mattel's Motion to Enforce the Court's January 26th Order based on representations by MGA's counsel that it has produced all communications with law enforcement.  However, Mattel reserves its right to renew its Motion to Compel these Requests if MGA's representations about the adequacy of its production are found to be less than accurate.

1   This Motion is made pursuant to <u>Federal Rules of Civil Procedure</u> 34 and the

2   Court's inherent powers.  The requests seek discoverable evidence under <u>Rule</u> 26,

3   and the MGA parties' objections are meritless.

4   This Motion is based on this Notice of Motion, the accompanying

5   Memorandum of Points and Authorities, all other pleadings and papers on file in this

6   action, any matters subject to judicial notice, and such further evidence and

7   argument as may be presented at or before the hearing on this matter.

8   **<u>Certification of Compliance</u>**

9   Pursuant to the Court's June 7, 2010 Order, lead counsel for Mattel, Inc.

10  ("Mattel") and lead counsel for MGA Entertainment, Inc., MGA Entertainment

11  (HK) Limited, MGAE de Mexico, S.R.L. de C.V., and Isaac Larian (collectively,

12  "MGA") met and conferred on June 11 and June 14, 2010 regarding Mattel's Motion

13  to Compel Production of Documents in Response to Mattel's Requests For

14  Documents Concerning Use of Trade Secrets (the "Motion").  Despite the parties'

15  efforts to reach agreement, they were unable to do so with respect to any of the

16  requests at issue in the Motion.

17

18  DATED:  June 21, 2010          QUINN EMANUEL URQUHART &
                                   SULLIVAN, LLP
19

20

21  By /s/ Michael T. Zeller
    _____
                                   Michael T. Zeller
22

23

24

25

26

27

28

# **TABLE OF CONTENTS**

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ............................................. 1

PRELIMINARY STATEMENT ........................................................................... 1

ARGUMENT ..................................................................................................... 2

I.   THE REQUESTS AT ISSUE ARE CENTRAL TO BASIC ISSUES RAISED BY MATTEL'S TRADE SECRET MISAPPROPRIATION CLAIMS ................................................................................................... 2

II.  MATTEL IS ENTITLED TO FORECASTING AND INVENTORY MANAGEMENT DOCUMENTS BECAUSE THEY GO TO ACQUISITION, DISCLOSURE AND USE OF RELATED TRADE SECRETS STOLEN FROM MATTEL ........................................................ 4

     A.   MGA Stole a Carefully Selected Collection of Information About Mattel's Forecasting, Inventory and Data Warehouse Systems ......................................................................................... 4

     B.   Documents Concerning Inventory Management System and Forecasting System Are Highly Relevant. .................................... 9

          1.   Mattel Has Some Evidence MGA Used Mattel's Trade Secrets. ............................................................................. 9

          2.   Information about MGA's Systems Several Years Before and After Castilla's Arrival at MGA Is Highly Relevant and Properly Discoverable. .................................................... 11

          3.   MGA's Denial of Any Scrap of Discovery Related to Its Forecasting and Inventory Management Systems, And False Representations About What Has Been Produced, Argue For Full Production .............................................. 14

     C.   Each of these Requests Are Relevant and Their Production Should be Compelled .............................................................. 16

          1.   Direct Evidence of Mattel Trade Secrets in MGA's Possession (Request Nos. 1-3) ...................................... 16

          2.   Documents Related to MGA's Inventory Systems (Request Nos. 6-14, 15-23, 28, ), Forecasting Systems (Request Nos. 34-42, 43-51, 56) and Modifications Thereto (Request Nos. 24-27, 29-31, 52-55, 57-59) .......................... 18

          3.   Documents Related to Measuring the Impact of Changes MGA Made to Its Forecasting and Inventory Management Capabilities Using Mattel Information (Request Nos. 60-65) ...................................................................... 38

          4.   Documents Related to Jorge Castilla's Work on MGA's Forecasting And Inventory Management Systems After

00505.07975/3547509.2

-iv-

His Theft of Related Mattel Information (Request Nos. 68-75) ................................................................................... 40

III.   MATTEL IS ENTITLED TO PRODUCTION OF PRICING STRATEGY DOCUMENTS ......................................................... 43

   A.   Documents Relating to Pricing Strategy Are Relevant ...................... 43

   B.   Each of These Requests are Relevant and Their Production Should be Compelled ......................................................... 46

      1.   Documents Relating to Mattel Pricing Information in MGA's Possession (Request Nos. 1-5) ......................... 46

      2.   Documents Sufficient to Show Pricing of MGA Products (Request Nos. 6-7) ......................................... 48

      3.   Documents Showing MGA Pricing Guidelines and Strategy (Request Nos. 8-12) ................................. 50

IV.   MATTEL IS ENTITLED TO DOCUMENTS RELATING TO MGA'S ACQUISITION AND USE OF MATTEL CONFIDENTIAL INFORMATION IN ADDITION TO FORECASTING AND PRICING INFORMATION ......................................................... 53

   A.   Documents Relating to MGA's Acquisition and Use of Mattel Confidential Information Other than Forecasting and Pricing Information Are Highly Relevant ............................ 53

   B.   Mattel is Entitled to the Production in Response to Each of These Requests ............................................................ 54

      1.   Mattel Documents or Documents Relating to Mattel, Obtained by MGA through former Mattel Employees (Request Nos. 4-6, 8-9, 11-12, 14-16, 20-23, 25, 27, 29, 33-34, 41-44, 46-47, and 51) ..................................... 54

      2.   Documents Relating to Evidence of Acquisition and Disposition of Mattel's Trade Secret Information (Request Nos. 78-80 and 90-96) ....................................... 73

      3.   Documents Relating to MGA's Defenses Against Mattel's Trade Secret Misappropriation Claim (Request Nos. 81-86 and 97-98) ......................................................... 78

      4.   Documents Relating to MGA's Product Line from 2003 to 2008 (Request Nos. 100-105) ..................................... 80

V.   MATTEL IS ENTITLED TO A PRODUCTION OF DOCUMENTS RELATING TO COMMUNICATIONS WITH LAW ENFORCEMENT (THIRD RFP SET) ......................................... 83

VI.   MGA FAILS TO ADDRESS ITS STEADFAST REFUSAL TO COLLECT AND SEARCH FOR RESPONSIVE DOCUMENTS ................ 91

VII.   MGA'S OBJECTIONS ARE BOILERPLATE AND SHOULD BE OVERRULED .................................................................................. 92

CONCLUSION ............................................................................................. 94

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# **TABLE OF AUTHORITIES**

**Page**

## **Cases**

A. Farber and Partners, Inc. v. Garber,
  234 F.R.D. 186 (C.D. Cal. 2006)........................................................94

Eldorado Stone, LLC v. Renaissance Stone, Inc.,
  2005 WL 5517732 (S.D. Cal. 2005)............................52, 76, 77

Gielow v. Warner Bros. Pictures,
  26 F. Supp. 425 (S.D.N.Y. 1938) ...............................................76

Glover v. BIC Corp.,
  6 F.3d 1318, 1329 (9th Cir. 1993) .............................................87

Hanger Prosthetics & Orthotics, Inc. v. Capstone Orthopedic, Inc.,
  556 F. Supp. 2d 1122 (E.D. Cal. 2008) ...............................4, 56

King-Indiana Forge Inc. v. Millenium Forge, Inc.,
  2009 WL 734720 (S.D. Ind. 2009) ...............................................9

In re Kolinsky,
  140 B.R. 79 (S.D.N.Y. 1992) .......................................................76

PMC, Inc. v. Kadisha,
  78 Cal. App. 4th 1368 (2000) .......................................................83

Sargent Fletcher, Inc. v. Able Corp.,
  110 Cal. App. 4th 1658 (2003) ..............................................3, 9

Silvaco Data Sys. v. Intel Corp.,
  184 Cal. App. 4th 210 (2010) .......................................................77

Sunbelt Rentals, Inc. v. Head & Engquist Equip., L.L.C.,
  620 S.E.2d 222 (N.C. Ct. App. 2005).....................................44, 50

Transue v. Aesthetech Corp.,
  341 F.3d 911 (9th Cir. 2003) .......................................................87

Uniram Technology v. Taiwan Semiconductor Mfg. Co.,
  617 F. Supp. 2d 938 (N.D. Cal. 2007)...................................2, 15

Upjohn Co. v. Hygieia Biological Labs.,
  151 F.R.D. 355 (E.D. Cal. 1993)...........................................passim

MOTION TO COMPEL RE: USE OF MATTEL TRADE SECRETS

Verigy US, Inc. v. Mayder,
   2008 WL 564634 (N.D. Cal. 2008) ........................................................ 51

Vinyl Interactive, LLC v. Guarino,
   2009 U.S. Dist. LEXIS 41498 (N.D. Cal., 2009) ........................ 3, 75, 93

Walker v. Lakewood Condominium Owners Ass'n, ,
   186 F.R.D. 584 (C.D. Cal. 1999) ........................................................ 94

Whyte v. Schlage Lock Co.,
   101 Cal. App. 4th 1443 (2002) ............................................................ 3

## Statutes

17 U.S.C. § 506(a)(1)(A) ......................................................................... 91

18 U.S.C. § 1341 ...................................................................................... 91

18 U.S.C. § 1343 ...................................................................................... 91

18 U.S.C. § 1503 ...................................................................................... 91

18 U.S.C. § 1512 ...................................................................................... 91

18 U.S.C. § 1952 ...................................................................................... 91

18 U.S.C. § 2319(a) ................................................................................. 91

Cal. Civ. Code §3426.1 ....................................................................... 2, 76

Cal. Civ. Code § 3426.3 (a) ................................................................... 13

Fed R. Civ. P. 26 .................................................................................... 75

Fed. R. Civ. P. 26(a) ............................................................................... 80

Fed. R. Civ. P. 26(a)(1)(A)(ii) ............................................................... 80

Fed. R. Civ. P. 26(b) ............................................................................... 80

Fed. R. Civ. P. 26(e) ............................................................................... 80

Fed. R. Civ. P. 34 ............................................................................. 75, 76

Fed. R. Civ. P. 37(c) ............................................................................... 81

MOTION TO COMPEL RE: USE OF MATTEL TRADE SECRETS

## **Other Authorities**

4 Moore's Federal Practice, § 26-184 (2d ed. 1991)....................................76

Restat 3d of Unfair Competition, § 40....................................83

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# MEMORANDUM OF POINTS AND AUTHORITIES

## Preliminary Statement

MGA refuses to provide the most basic discovery regarding Mattel's trade secret misappropriation claims and MGA's defenses, which by the very nature of trade secret misappropriation and as recognized by courts, MGA is uniquely situated to possess. Its complete refusal to produce is purely strategic, extending even to documents MGA intends to rely on at trial for its defense against these claims.

The discovery requests at hand seek basic evidence about MGA's acquisition, disclosure and use of numerous Mattel trade secrets stolen by its agents that Mattel does not yet have. Evidence shows that the information that was stolen was not only voluminous and detailed, but also carefully selected to provide specific information that MGA could use to remedy known problems with its business operations, problems that were costing it money and customers. But although Mattel has provided 253 pages of exhaustive detail about its stolen trade secrets[2] so that any evidence of use can be readily identified at MGA, MGA categorically refuses to produce *any* further facts relating to use. In addition, MGA refuses to produce documents that would allow Mattel to test its representations to the Court that the sole communication with law enforcement that it produced is a complete production.

Mattel is entitled to the discovery it seeks. Pursuant to the Court's June 7, 2010 Order (the "Order"), Mattel hereby submits a brief addressing each of the Requests on which Mattel is moving to compel.

---

[2]  At least regarding the trade secrets the theft of which is known to Mattel.

## Argument

**I.   THE REQUESTS AT ISSUE ARE CENTRAL TO BASIC ISSUES RAISED BY MATTEL'S TRADE SECRET MISAPPROPRIATION CLAIMS**

The Requests at issue in this Motion go to the heart of Mattel's trade secret misappropriation claim. Many of them go to the issues of acquisition, disclosure and use. To show misappropriation, Mattel must demonstrate that MGA's agents either acquired the trade secrets by "improper means," such as "theft … breach or inducement of a breach of a duty to maintain secrecy," or used or disclosed information acquired by "improper means" or in breach of a duty "to maintain secrecy or limit its use." <u>Cal. Civ. Code</u> §3426.1. MGA has already conceded the relevance of evidence of improper acquisition, disclosure and use, in its Separate Statement in support of its Motions For Summary Judgment filed in May.[3]

"Misappropriation and misuse can rarely be proved by convincing direct evidence. In most cases plaintiffs must construct a web of perhaps ambiguous circumstantial evidence from which the trier of fact may draw inferences which convince him that it is more probable than not that what plaintiffs allege happened did in fact take place." <u>Uniram Technology v. Taiwan Semiconductor Mfg. Co.</u>, 617 F. Supp. 2d 938, 944 (N.D. Cal. 2007) (internal quotations omitted).[4] Courts

---

[3]   <u>See</u> Separate Statement Of Uncontroverted Facts And Conclusions Of Law In Support Of the MGA Parties And IGWT's Motions For Summary Adjudication Of the First Second And Third Claims For Relief Of The FAAC (Dkt. Nos. 7899, 7900) (hereinafter, the "Separate Statement").

[4]   Contrary to MGA's claim in its Opposition, the doctrine of inevitable disclosure does not bar Mattel's discovery of this information. MGA's argument confounds two fundamentally different principles. There is a clear distinction between proving, by circumstantial evidence, that a trade secret *has already been misappropriated*, and relying on the inevitable disclosure doctrine, to enjoin a former employee based on the theory that unless enjoined, defendant inevitably *will*
      (footnote continued)

1 | have recognized that plaintiffs in trade secret misappropriation cases face an uphill
2 | battle, given that evidence of use and disclosure is often in the hands of the
3 | misappropriator.[5] Thus, "[t]he plaintiff can introduce a variety of evidence to raise
4 | an inference of improper use: it can demonstrate that defendant had access to its
5 | trade secret; that the defendant's design mirrors the plaintiff's design; that the
6 | defendant could not have discovered the intricate details of the plaintiff's design
7 | independently or through reverse engineering from publicly available material; that
8 | the defendant's design configuration is one of many that were possible and matches
9 | the plaintiff's design; or that the defendant designed the product in less time than
10 | typically required to complete the trial and error process of independent derivation
11 | or reverse engineering." Sargent Fletcher, Inc. v. Able Corp., 110 Cal. App. 4th
12 | 1658, 1673 (2003).  Recognizing this reality, many of Mattel's requests seek
13 | circumstantial evidence of disclosure and use of the trade secrets that MGA has
14 | admitted were stolen.

15 |     Mattel's Requests also seek documents evidencing or relating to specific
16 | MGA acts in furtherance of the scheme to misappropriate Mattel's trade secrets.

17 | _____

18 | *misappropriate* a trade secret.  The rejection of the latter doctrine does not, as MGA
19 | claims, prevent Mattel from obtaining discovery to show that MGA used Mattel information.  The case that MGA cites, Whyte v. Schlage Lock Co., simply rejects
20 | the doctrine of inevitable disclosure because it creates an after-the-fact covenant not
21 | to compete.  101 Cal. App. 4th 1443, 1447 (2002).  A plaintiff in Mattel's position is often necessarily dependent on circumstantial evidence -- and on the discovery
22 | which produces it -- to show use of these trade secrets by defendant.  See Vinyl
23 | Interactive, LLC v. Guarino, 2009 U.S. Dist. LEXIS 41498, *22 (N.D. Cal., 2009) (prior to discovery, "it would be unreasonable to require [plaintiff] to demonstrate
24 | ... the precise ways in which Defendants may have used [plaintiff's] trade secrets").
25 |    [5]  For example, California state courts apply "[l]iberal rules of discovery apply to even up that particular playing field," since they recognize that in trade secret
26 | misappropriation cases "[d]efendants almost always are in a better position to know
27 | what they did and why they did it." Sargent Fletcher, Inc., 110 Cal. App. 4th at 1673.
28 |

These documents will evidence MGA directing and controlling the misappropriation campaign, which is relevant to establishing MGA's liability.[6] See Hanger Prosthetics & Orthotics, Inc. v. Capstone Orthopedic, Inc., 556 F. Supp. 2d 1122, 1134 (E.D. Cal. 2008) (denying summary judgment motion finding that jury could hold defendant CEO and corporation liable for trade secret misappropriation by former employees of a competitor because, among other things, defendant had offered handsome financial incentives and communication between defendant and competitor's employees was ongoing months before termination of employment with the competitor).

## II.    MATTEL IS ENTITLED TO FORECASTING AND INVENTORY MANAGEMENT DOCUMENTS BECAUSE THEY GO TO ACQUISITION, DISCLOSURE AND USE OF RELATED TRADE SECRETS STOLEN FROM MATTEL

### A.    MGA Stole a Carefully Selected Collection of Information About Mattel's Forecasting, Inventory and Data Warehouse Systems

The several dozen documents stolen from Mattel by Mr. Castilla were, as a collection, sufficient to demonstrate and describe the method and manner of operation, functions and features of Mattel's highly sophisticated forecasting, inventory management, and data warehouse systems.[7] They included high-level

---

[6]    MGA concedes that its own liability for trade secret misappropriation conducted on the part of its agents is at issue in this case. See Motion of MGA and Isaac Larian to Dismiss and/or For Summary Adjudication Regarding U.S.-Based Trade Secret and Employee-based State law Tort Claims Brought by Mattel Inc., dated May 10, 2010 (Dkt. No. 7897); Motion by MGA and Isaac Larian for Summary Adjudication of Foreign Trade Secret Claims, dated May 10, 2010 (Dkt. No. 7898) (hereinafter, collectively, the "MGA Motions for Summary Adjudication on Trade Secret Claims").

[7]    Declaration of Laura Owens (hereinafter "Owens Dec."), filed concurrently herewith, at ¶3.

1  overviews and detailed specifications:  information relating to both the processes

2  and the systems used by Mattel, including the newest innovations and refinements

3  as well as what Mattel learned about proposed modifications that did not work.

4  These documents were proprietary and highly confidential and were treated as such

5  by Mattel.[8]  The selection of these materials was not random, and it was not

6  innocent.  Castilla downloaded approximately 40 of Mattel's highly confidential

7  documents onto his PDA, interviewed with MGA, then came right back to Mattel

8  and downloaded more.[9]  Castilla took the kind of documents that someone would lie

9  to the FBI about taking;[10] the kind of documents that a man with intimate

10  knowledge of Mattel's forecasting, inventory, and data warehouse systems would

11  select in order to replicate Mattel's systems.

12     <u>Forecasting Systems and Processes.</u>  For example, one of the documents

13  stolen by Castilla relating to Mattel's forecasting process is the GSP Enhancement

14  Project 2005 Business Requirements, which contains a list of all enhancements

15  Mattel implemented or planned to implement on its forecasting system for a 5 year

16  period.[11]  The document explains, in detail, how each enhancement is structured,

17  what inputs it requires, how it operates (step by step), and what outputs are

18  generated.  These enhancements, and the details provided about them, are the result

19  of years of trial and error, analysis and testing that give Mattel a competitive

20  advantage in the area of forecasting.  It also contains screen shots, demonstrating the

21  actual operation of the system and its specific features.  Many other documents he

22

23  [8]  Owens Dec. at ¶4.

    [9]  Supplemental Report by Guidance Software Prepared for Mattel, Inc., dated

24  July 24, 2006 [M 0927974-75]; Email from Castilla to Brawer, dated March 9, 2006

25  (thanking Brawer for interviewing Castilla on March 8) [MGA 0877240].

    [10]  FBI Report, dated March 22, 2006 (indicating that Castilla first denied

26  removing any electronic files from Mattel, but admitted doing so after being

27  confronted by FBI agents with the forensic evidence of the theft) [C 00462].

    [11]  Owens Dec. at ¶5, 15.

28

1    took related to the development process, detailing how the new functionalities and

2    their supporting data would be integrated into the existing system.

3         Castilla also stole the International Forecasting Process Framework.[12]  This

4    document describes the proposed framework of Mattel's forecasting process, after its

5    enhancement.  The document sets forth main events that are part of the forecasting

6    process, and describes what they are or how Mattel prepares for them.[13]  It also sets

7    forth the main tasks necessary for the forecasting process and how those tasks will

8    be accomplished.  It describes the intelligence that Mattel gathers and uses in its

9    forecasting processes as well.[14]  The document also sets forth the timing of many of

10   the events and tasks, both relative to each other and absolute, within the year.  This

11   document contains highly sensitive commercial information on Mattel's processes

12   for sales forecasting and marketing strategies, both domestic and international.[15]

13   This new framework was specifically designed to improve the accuracy and utility

14   of Mattel's existing forecasting process and represents substantial investments on

15   Mattel's part over years of experience and history.[16]  The document also reflects a

16   more systematic, streamlined, structured and integrated approach than had existed

17   previously.  Overall, it contains a description of every step in the recently enhanced

18   Mattel  forecasting process, what departments or other parties participate, their

19   inputs to the process, a schedule and description of relevant events and the outputs

20   of the process.

21        Other documents Castilla stole describe Mattel's customized and highly

22   integrated "ISIS" computer system that is used by Mattel for certain aspects of its

23

24   [12]   Owens Dec. at ¶6; International Forecasting Process Framework [M0924471-

25   73].
     [13]   Owens Dec. at ¶6.

26   [14]   Id.

27   [15]   Id.
     [16]   Id.

28

MOTION TO COMPEL RE: USE OF MATTEL TRADE SECRETS

1 international forecasting and sales planning, as well as for order management and

2 other functions. ISIS was designed, created and refined by Mattel employees to

3 meet Mattel's specific needs and requirements. One of the documents, the "ISIS for

4 the U.S. Feasibility Study," contains a thorough, goal-oriented analysis of the ISIS

5 system and its possible application to Mattel's domestic business.[17] It contains

6 diagrams of the system showing how the various sections interact[18] and a detailed

7 discussion of the system's weaknesses, along with proposed solutions.[19]

8      <u>Inventory and Data Warehouse Systems</u>. Castilla also stole documents laying

9 out information on Mattel's inventory and data warehouse systems.[20] One such

10 document is Mattel's Inventory Update, a version of which was used as part of a

11 monthly meeting with Mattel's CFO to review inventory projections by business unit

12 to make sure that the company stayed on track and that dollars, days of supply, and

13 demand governors are all moving in the right direction.[21] This document contains

14 proprietary financial information, forecasting data and highly sensitive forecasting

15 techniques.[22] Castilla claimed (after initially lying to the FBI that he had taken

16 anything) that he took these and the other documents just as reference materials of

17 the good work he had done at Mattel.[23] But he did not take one example – he took

18 seven, each from a different time period, and each one of which contained past

19 _____

20   [17]  Owens Dec. at ¶7; ISIS for the U.S. Feasibility Study [M0925493-517].
     [18]  Owens Dec. at ¶7; ISIS Feasibility Study [M0925493-517] at M0925499.
21   [19]  Owens Dec. at ¶7; <u>See, eg.</u>, ISIS Feasibility Study [M0925493-517] at
22 M0925503.
     [20]  Owens Dec. at ¶8; Inventory Update [M0924612-633; M0924667-688;
23 M0924699-715; M0924716-736; M0924779-800; M0924801-822; M0924836-852]
24   [21]  Owens Dec. at ¶8.
     [22]  <u>Id</u>.
25   [23]  FBI Report, dated March 22, 2006 (███████████████████████████
26 ███████████████████████████████████████████████████████████
27 ███████████████) [C 00462].
28

1   actual inventory, present inventory data and inventory forecasts for the quarter for

2   the various Mattel brands.  These seven reports would provide a competitor with a

3   huge and broad set of data from which it could analyze the accuracy, strengths and

4   weaknesses of Mattel's forecasting processes and the impact of those processes on

5   Mattel's inventory, calculate Mattel's inventory costs, and benchmark the

6   competitor's own operations.[24]  The only reason for Castilla to take seven iterations

7   of the same document is that they would be instructive to MGA, which was facing

8   great challenges in the area of forecasting and inventory management.[25]

9       Moreover, Castilla stole detailed instruction manuals regarding Mattel's

10  International Data Warehouse.[26]  Mattel has had a data warehouse to store and

11  calculate data relating to the business of Mattel's international subsidiaries since at

12  least 2001.[27] ████████████████████████████████████

13  ████████████████████████████████████████████████

14  ██████████████████████████████████████████████████████

15  ████████████████████████████████████████████████████

16  ████████████████████████████[29]  It includes slides explaining the

17  structure and use of data warehouse and of the various software products used to

18  access that data, the type and location of data in the warehouse, reports that can be

19  _____

20  [24]  Owens Dec. at ¶8.

21  [25]  See eg. February 2006 email from Ninette Pembleton [MGA 1106206] ████████████████████

22  (" █████████████████████████████  February 2006 email from Larian [MGA

23  0257578] (" ███████████████████████████████████████

24  ████████████████████████).

25  [26]  Owens Dec. at ¶9; IDW Training Workshop Presentations [M0925146-189; M0925190-259; M 0924936.01-924997; M0925262-374].

26  [27]  Owens Dec. at ¶9.

27  [28]  Id.

28  [29]  Id.

1  created using the software, techniques for creating new reports and screenshots of

2  reports.  It also contains highly sensitive information regarding Mattel's data storage

3  policies and procedures for its business intelligence.[30]  There were multiple versions

4  of this presentation, each geared to a different level of user.  Once again, Castilla

5  didn't just take one version for reference – he took them all.

6      **B.    Documents Concerning Inventory Management System and**

7            **Forecasting System Are Highly Relevant.**

8      Thus, Mattel's Request Nos. 1-3, 6-14, 16-31, 34-65, 68-75 of its Third Set of

9  RFPs to MGA seek documents related to MGA's forecasting and inventory systems.

10  The documents sought by these Requests are relevant to show that MGA used

11  Mattel information in improving – indeed, in designing a replacement of – what

12  Castilla's boss at MGA, Nicole Coleman, referred to as its "████████████████

13  ██████████."[31]

14      **1.    Mattel Has Some Evidence MGA Used Mattel's Trade**

15            **Secrets.**

16      MGA's almost primordial systems and the breathtaking speed with which

17  MGA overhauled those systems is evidence that MGA used Mattel's trade secrets,

18  since misappropriation can be proven by evidence that "defendant designed the

19  product in less time than typically required to complete the trial and error process of

20  independent derivation...."  Sargent Fletcher, Inc. v. Able Corp., 110 Cal. App. 4th

21  1658, 1673 (2003); see also King-Indiana Forge Inc. v. Millenium Forge, Inc., 2009

22  WL 734720 (S.D. Ind. 2009) (the fact that defendant did not begin developing the

23  manufacturing process at issue until after it had visited its competitor's site, yet it

24

25  —————————————————

26  [30]  Id.

27  [31]  Nicole Coleman's Performance Assessment of Jorge Castilla for the Year 2007 [MGA2 0048977].

28

was able to complete the process in a fourth of the time it had taken the competitor to develop was relevant to a trade secret misappropriation claim).

For years, and as confirmed by both testimony and numerous internal MGA emails, MGA had alienated retailers[32] and suffered lost sales because of its faulty inventory systems.[33]  Its forecasting problems were the subject of grave concern for all at MGA and Larian personally.[34]  In addition, MGA's existing John Galt forecasting system was not only rudimentary but was so unstable that by 2008, MGA discarded it entirely for a system designed from scratch.[35]

Suddenly, Castilla arrived at MGA, having taken the blueprint for Mattel's forecasting, inventory management, and data warehouse systems, and just a year and a half later, MGA announced the forecast portal, MGA's own forecasting system, that it had developed in-house.[36]  Castilla himself designed and documented the business requirements for the forecast portal, and led the forecast portal's

---

[32]   June 2005 email from Woolworths in UK [MGA 0173700] (███████████████████ ██████████████████████████).

[33]   See, e.g., Coleman Depo., dated January 8, 2010 at 349:22-351:3.

[34]   Email from Larian, dated November [], 2005 [MGA 0462564] ("████████ ███████████████); June 2005 email from Woolworths in UK [MGA 0173700] (██████████████████████████████████████████); February 2006 email from Larian [MGA 0257578] ("████████████████ ██████████████████████████"); February 2006 email from Ninette Pembleton [MGA 1106206] ("████████████ ███████████").

[35]   See Coleman Depo., dated January 8, 2010, at 92:5-94:5.

[36]   Coleman Depo., dated January 8, 2010, at 92:5-94:5 (████████████ ██████████████).

MOTION TO COMPEL RE: USE OF MATTEL TRADE SECRETS

1  development team,[37] resulting in improvements to MGA's forecasting and inventory
2  management abilities that Coleman testified were "hugely beneficial" for MGA.[38]
3      Thus, unsophisticated newcomer MGA managed to design and implement a
4  forecasting system, to significantly improve its inventory management system, and
5  create a new and integrated data warehouse all at the same time, in record time, and
6  almost immediately after Castilla joined MGA.[39]  By comparison, the world's largest
7  and most sophisticated toy company, Mattel, planned modifications to its existing
8  forecasting process, and even with Mattel's resources, support, and already
9  sophisticated forecasting system, those changes took more than twice as long to
10  complete.[40]

11      2.      **Information about MGA's Systems Several Years Before and**
12              **After Castilla's Arrival at MGA Is Highly Relevant and**
13              **Properly Discoverable.**

14

15  [37]  Nicole Coleman's Performance Assessment of Jorge Castilla for the Year
16  2007 [MGA2 0048983] (

17

18

19

20  "); Coleman Depo., dated January 8, 2010, at 609:20-
21  23 ("Q                                    ").
22  [38]  Nicole Coleman's Performance Assessment of Jorge Castilla for the Year
23  2007 [MGA2 0048983] ("                              ").
24  [39]  Coleman Depo., dated January 8, 2010, 103:22-106:10 (

25

26

27                                                          .)

28  [40]  See Owens Dec. at 12, 13, and 15

1    The six months before and six months after Castilla's arrival at MGA is just a

2  starting point in understanding the use of Mattel's forecasting and inventory

3  management related trade secrets at MGA.[41]  The current time frame (for some

4  requests, 1999 to the present) is necessitated by the nature of the subject matter:

5  complex, integrated systems such as these often require the collection of data over

6  time to support additional functionalities, so the development process can take

7  years.[42]  New functionality often does not begin to substantively affect forecasts

8  until months or even years after its initial implementation.[43]  To get a complete

9  picture of how various modifications affect a company's inventory management or

10  forecasting abilities, and how those abilities affect the bottom line, a timeframe

11  much longer than a year is needed.[44]

12    Thus, documents several years after Castilla's arrival at MGA are necessary,

13  as some of the more sophisticated features and functionalities of the Mattel process

14  could take a long time to implement (indeed, it took Mattel 5 years just to make

15  similar modifications to some of its existing systems.)[45]  The features of the

16  forecasting system, inventory management system, and data warehouse system build

17  on one another, so certain functionalities can only be added after others have been

18  successfully implemented.[46]  Documents about these systems and processes at

19  various points in the years after Castilla's arrival are important to show which

---

[41]   Mattel recognizes this Court's previously expressed concern that the disclosure of MGA's forecasting and/or inventory management-related materials could create opportunity for misuse.  The discovery in question, however, is narrowly tailored to topics described with particularity in Mattel's 479-page interrogatory responses to MGA.  Further, the discovery in question would be produced under the protective order.

[42]   See Owens Dec. at ¶10, 14.

[43]   See Owens Dec. at ¶13, 15.

[44]   Owens Dec. at ¶13, 15.

[45]   Owens Dec. at ¶15.

[46]   See Owens Dec. at ¶10.

1  functionalities and features were developed at which times and how similar they
2  were to the functionalities and features described in the stolen documents.  Coleman
3  also testified that the implementation of their forecast portal was delayed due to
4  system limitations and limited IT resources.[47]

5       In addition, documents before Castilla's arrival at MGA in March 2006 are
6  important because they show MGA's need for assistance in particular areas which
7  were satisfied after Castilla's arrival.  Documents before Castilla's arrival are also
8  relevant because Ron Brawer, who left Mattel to go to MGA in 2004, recognized the
9  existing weaknesses in MGA's systems and helped Larian find solutions, including
10 eventually recommending that Castilla be hired away from Mattel.

11      Documents preceding and following Castilla's arrival are highly relevant to
12 damages, so that Mattel can measure improvements in MGA's forecasting and
13 inventory management resulting from the use of Mattel's trade secrets. A trade
14 secret misappropriation "complainant also may recover for the unjust enrichment
15 caused by misappropriation" not computed in actual loss.  Cal. Civ. Code § 3426.3
16 (a). Thus, documents from earlier years - 1999, 2000, 2001 - are important to show a
17 baseline for MGA's systems prior to the Bratz phenomenon, because in her
18 deposition, Nicole Coleman testified that although MGA's forecasting systems after
19 Castilla arrived had improved significantly, the explosion of popularity around Bratz
20 obscured the impact of these improvements.[48]  Documents from later years are
21 important to the quantification of the benefits MGA obtained from its improved
22 systems.

---

[47]  Coleman Depo., dated January 8, 2010 at 592:22-25 ( ██████████████████████████████████████████████████████████████ .")

[48]  Coleman Depo., dated January 8, 2010 at 173:6-9.

MOTION TO COMPEL RE: USE OF MATTEL TRADE SECRETS

1      Indeed, in the context of quantifying losses or gains, MGA itself has

2   recognized that in instances where conclusions must be drawn from data of moving

3   variables, several years of data is important to establish a baseline and reliably show

4   movement from that baseline.  MGA argued that Mattel discovery going back to

5   1998 was needed "to establish[] a rational baseline from which future losses or gains

6   can be gauged."[49]  Having successfully urged that detailed financial information

7   from 1998 through the present is relevant in order to provide a baseline, MGA can

8   scarcely dispute the relevance of a baseline now.

9        **3.    MGA's Denial of Any Scrap of Discovery Related to Its**

10           **Forecasting and Inventory Management Systems, And False**

11           **Representations About What Has Been Produced, Argue For**

12           **Full Production**

13      Mattel's need for this discovery is exceeded only by MGA's open contempt

14   for the requests seeking its production.  Using Coleman's deposition, Mattel

15   identified 36 different types of reports and other documents relating to MGA's

16   forecasting, inventory, and demand planning systems that include evidence relating

17   to changes to the system and the effect of those changes.  These reports are relevant

18   because they contain information that will allow Mattel to measure the empirical

19   changes in MGA's forecasting systems and inventory management systems.

20   Significant changes in MGA's success at forecasting and inventory management in

21   the period following Castilla's arrival at MGA is circumstantial evidence of the use

22   of Mattel's trade secrets, and these reports are all responsive to the requests at issue

23

24

25   _____

26   [49]   See Phase 2 Discovery Matter Order No. 56 at 45 (Dkt. No. 6591) (granting
27   MGA's discovery of detailed Mattel information on sales, revenue, cost, profits from
     January 1, 1998 to the present).
28

00505.07975/3547509.2

1  here.  Yet searches for these documents within MGA's productions to date showed
2  that Mattel has received none or only a handful of each of these 36 reports.[50]
3          As central as these reports are, MGA has completely resisted their production;
4  MGA has made no showing of undue burden and has refused to produce any
5  documents without even the slightest concession that any of the information in these
6  documents is relevant and properly discoverable.  This is not the conduct of an
7  innocent party concerned with the burdens of discovery, rather, it is the conduct of a
8  party with something to hide.  Just as one example, Mattel seeks "air freight charge
9  reports," which were mentioned in deposition exhibits and are responsive to Request
10 Nos. 17, 30, 45, and 58 in Mattel's 3rd Set of Requests for Production to MGA.  Air
11 freight is faster and more expensive than traditional shipping and is used when a
12 manufacturer underestimates demand for a particular product and must rush the
13 product to its customers to capture sales that would be otherwise lost.  These
14 miscalculations result from forecasting and inventory management failures.
15 Accordingly, reports showing that MGA's use of air freight changed over time are
16 relevant as circumstantial evidence of the state of its forecasting and inventory
17 management systems.  See Uniram Technology, 617 F. Supp. 2d at 944 (trade secret
18 misappropriation may be established by circumstantial evidence).

19
20
_____

21      [50]  See Coleman Depo.; See e.g. Ex. 7531 (retail POS reporting and analysis
22  reports; inventory plan recommendations; inventory pipeline analysis; LA inventory
    tracking reports; fill rate compliance reports; risk management/inventory upside
23  reports; product allocation reports); Ex. 7548 (air freight charges reports; fuel
24  surcharge reports); Ex. 7555 (Reports showing total US domestic forecast v.
    inventory and future transfers/production; forecast changes reporting; documents
25  regarding evaluation of John Galt system; reporting data warehouse docs; weekly
26  overbooked reports; adjusting forecasts based on price list flash reports;
    business/technical requirements, official project plan, and timeline for forecast
27  portal).
28

1       As another example, Mattel has received very little information about the

2 MGA's forecast portal – the new system that Castilla began designing as soon as he

3 arrived at MGA.  Mattel has not received training guides for the forecast portal, the

4 timeline for the forecast portal, and the official project plan for the forecast portal,

5 all of which referred to in deposition exhibits.[51]  While MGA has produced the

6 forecast portal user guide, this in insufficient.  These other documents related to the

7 forecast portal contain the nuts and bolts of MGA's forecast portal and are likely to

8 contain the evidence of MGA's use of Mattel's trade secrets.  Accordingly, Mattel is

9 entitled to seek and receive discovery on these topics in order to support its trade

10 secret misappropriation claims.

11       Further, MGA has not produced to Mattel the documents it told this Court it

12 had produced.  Notwithstanding MGA's claim that it produced "138 responsive

13 documents containing 38,942 pages...," Opp. at 1, a thorough search of MGA's

14 February 9, 2010 production to Mattel reveals only 32 responsive documents,

15 totaling fewer than 2,000 pages, including six emails, four user manuals, two series

16 of screen shots, and 16 charts (12 of which are incomplete and many of which are

17 identical).

18       As ordered by this Court, Mattel addresses below the relevance of each

19 individual Request seeking inventory and forecasting systems information.

20     **C.**    **Each of these Requests Are Relevant and Their Production Should**

21        **be Compelled**

22        **1.**    **Direct Evidence of Mattel Trade Secrets in MGA's**

23              **Possession (Request Nos. 1-3)**

24

25

26

27   [51]  Ex. 7555.

28

1    These requests seek documents in MGA's possession which refer or relate to

2 Mattel's inventory system (Request No. 1), forecasting system (Request No. 2), or

3 systems used for storing data (Request No. 3).

4    REQUEST FOR PRODUCTION NO. 1:
      All DOCUMENTS REFERRING OR
5    RELATING TO any INVENTORY SYSTEM used by
      MATTEL from January 1, 1999 to the present.
6
     REQUEST FOR PRODUCTION NO. 2:
7      All DOCUMENTS REFERRING OR
     RELATING TO any FORECASTING SYSTEM used by
8    MATTEL from January 1, 1999 to the present.

9    REQUEST FOR PRODUCTION NO. 3:
      All DOCUMENTS REFERRING OR
10   RELATING TO any data warehouse or system for storing
     data used by MATTEL from January 1, 1999 to the
11   present.

12    MGA documents produced in this case make clear that forecasting and

13 inventory management systems were a major point of weakness at MGA.  MGA's

14 theft of a comprehensive and carefully selected set of Mattel's related trade secret

15 documents about these three subject matter areas, coupled with its history of seeking

16 solutions to its problems from Mattel,[52] make the documents responsive to Request

17 Nos. 1-3 particularly insightful.  Documents responsive to Request Nos. 1, 2, and 3

18 are relevant to show MGA had in its possession information regarding Mattel's

19 inventory and forecasting systems, as well as regarding the data warehouse

20 supporting those systems, all of which is relevant to showing MGA's wrongful

21 acquisition and improper disclosure and use of Mattel's trade secrets.  Documents

22 "referring or relating to" these three systems used by Mattel could also be relevant to

23 MGA's use of Mattel information in establishing or improving its own systems,

24 especially given Larian's propensity to solve MGA's problems by taking from

25

26 _____

27 [52]  Email chain with Larian [MGA0203223] (█████████████████
      ████████████████████████████████████████████).

28

MOTION TO COMPEL RE: USE OF MATTEL TRADE SECRETS

1  Mattel.  And MGA's evidence of possession or use of Mattel's information is

2  relevant to unjust enrichment as well.

3      Presently known MGA thefts from Mattel easily span 2000 through 2006, so

4  thefts evidenced by documents at MGA referring or relating to Mattel's forecasting,

5  inventory, or data management warehouse at any time period between January 1999

6  to the present are certainly relevant.  There is no undue burden associated with

7  searching for these documents either.  Mattel's interrogatory responses identify all of

8  the known stolen documents and explain page by page, what the stolen documents

9  contained and meant and why the information is important.[53]  Mattel's Rule 30(b)(6)

10  witnesses have provided many days of testimony answering MGA's questions about

11  the stolen documents and the trade secrets in them.  MGA has more than enough

12  information to conduct efficient and thorough searches for this highly relevant

13  information and should do so without further delay.

14      **2.    Documents Related to MGA's Inventory Systems (Request**

15      **Nos. 6-14, 15-23, 28, ), Forecasting Systems (Request Nos. 34-**

16      **42, 43-51, 56) and Modifications Thereto (Request Nos. 24-**

17      **27, 29-31, 52-55, 57-59)**

18      Request Nos. 6-8, 15-16, 34-36 and 43-44 seek documents providing basic

19  information on the inventory and forecasting systems used by MGA and their

20  creation and development throughout the relevant period.

21      REQUEST FOR PRODUCTION NO. 6:

22      All DOCUMENTS REFERRING OR RELATING TO the creation, design, development or implementation of any INVENTORY SYSTEM used by

23      YOU from January 1, 2001 to the present.

24      REQUEST FOR PRODUCTION NO. 34:

25  _____

26  [53]  Mattel, Inc.'s Third Supplemental Objections and Responses to Interrogatory

27  Nos. 20-23 and 28 in MGA Entertainment's Second Set of Interrogatories, dated January 11, 2010.

28

All DOCUMENTS REFERRING OR RELATING TO the creation, design, development or implementation of any FORECASTING SYSTEM used by YOU from January 1, 2001 to the present.

Request Nos. 6 and 34 seek documents referring or relating to the creation, development, or implementation of any inventory management system or forecasting system used by MGA since 2001. ██████████████████ ██████████████████████████████████████████████ ████████████████████████████████████████████.[54]

These failures are relevant to demonstrate the systems that were in place at MGA prior to Castilla's arrival, including the problems with and features of those systems, and to refute testimony from Nicole Coleman and MGA that MGA's systems were "robust" long before Castilla arrived.  (Opp at 5).  These requests also seek evidence relevant to use of Mattel's trade secret information, as they are intended to locate all documents regarding MGA's primitive inventory management system and forecasting system, the attempts and subsequent failures to improve those systems on its own (relevant to motive and intent), information about changes to its system based on the trade secrets stolen from Mattel, and the speed of the implementation of the systems (relevant to acquisition, disclosure, use and unjust enrichment). Moreover, documents responsive to these requests are relevant to show the costs of implementing or modifying these two types of systems with and without the benefits of the stolen information, important to the issue of MGA's unjust enrichment.

REQUEST FOR PRODUCTION NO. 21:
All DOCUMENTS REFERRING OR RELATING TO the creation, design, development or implementation of any modification, revision, upgrade or improvement to any INVENTORY SYSTEM used by YOU from January 1, 2001 to the present.

REQUEST FOR PRODUCTION NO. 49:

---

[54] Coleman Depo., dated January 8, 2010, at 100:21-101:2.

MOTION TO COMPEL RE: USE OF MATTEL TRADE SECRETS

1
2
3

**All DOCUMENTS REFERRING OR RELATING TO** the creation, design, development or implementation of any modification, revision, upgrade or improvement to any **FORECASTING SYSTEM** used by **YOU** from January 1, 2001 to the present.

4      Request Nos. 21 and 49 seek documents referring or relating to the creation,

5 development, or implementation of any modification or improvement to an

6 inventory management system or forecasting system used by MGA since 2001.

7 Responsive information will show what functions in MGA's forecasting and

8 inventory systems were missing or deficient, and its efforts to resolve those issues,

9 before and after the stolen Mattel forecasting and inventory management

10 information was taken. This information is undeniably relevant to Mattel's Phase 2

11 claims, including to show MGA's need for Mattel's trade secrets and its motivation

12 to improve its fledgling systems however it could, such as by stealing Mattel's trade

13 secrets. Moreover, these documents will contain information about the type, nature,

14 timing, and extent of modifications or improvements made with information Castilla

15 brought to MGA from Mattel. These requests also encompass documents regarding

16 the speed of implementation, which is, in and of itself, relevant to use.

17     **REQUEST FOR PRODUCTION NO. 7:**

18 **DOCUMENTS** sufficient to **IDENTIFY** any **PERSON** who participated in the creation, design, development or implementation of any **INVENTORY**

19 **SYSTEM** used by **YOU** from January 1, 2001 to the present.

20

21     **REQUEST FOR PRODUCTION NO. 35:**

**DOCUMENTS** sufficient to **IDENTIFY** any **PERSON** who participated in the creation, design,

22 development or implementation of any **FORECASTING SYSTEM** used **YOU** by from January 1, 2001 to the

23 present.

24     These Requests are relevant to identify individuals at MGA or outside MGA

25 who could provide information about the features and functionalities of these

26 systems at various points in time (relevant to intent, acquisition, use), about the costs

27 of developing and implementing these systems pre-and post-theft (relevant to unjust

28

enrichment) and about the use of Mattel's trade secrets in the design, development or implementation process (relevant to acquisition, disclosure, and use).

REQUEST FOR PRODUCTION NO. 22:
DOCUMENTS sufficient to IDENTIFY any PERSON who participated in the creation, design, development or implementation of any modification, revision, upgrade or improvement to any INVENTORY SYSTEM used by YOU from January 1, 2001 to the present.

REQUEST FOR PRODUCTION NO. 50:
DOCUMENTS sufficient to IDENTIFY any PERSON who participated in the creation, design, development or implementation of any modification, revision, upgrade or improvement to any FORECASTING SYSTEM used by YOU from January 1, 2001 to the present.

Similarly, these requests are intended to identify all of the individuals who were involved in creating, designing, developing, or implementing changes or modifications to MGA's inventory management system or forecasting system. This information is relevant to identify individuals at MGA or outside MGA who could provide information about what changes and modifications were made to MGA's systems at various points in time and the impact of each change or modification (relevant to intent, acquisition, use), the costs of those changes or modifications (both pre-and post-theft costs are relevant to unjust enrichment), as well as evidence that changes or modifications were made as the result of the wealth of information Castilla stole about how Mattel's inventory management and forecasting systems coped with the challenges of the toy business.

REQUEST FOR PRODUCTION NO. 8:
For each INVENTORY SYSTEM used by YOU from January 1, 2001 to the present, DOCUMENTS sufficient to show the time period during which YOU used each such INVENTORY SYSTEM, including but not limited to when YOU first began using and when YOU ceased using each such INVENTORY SYSTEM.

REQUEST FOR PRODUCTION NO. 36:
DOCUMENTS sufficient to show the time period during which YOU used any FORECASTING SYSTEM used by YOU from January 1, 2001 to the

1  present, including but not limited to when YOU first
   began using and when YOU ceased using each such
2  FORECASTING SYSTEM.

3      Request Nos. 8 and 36 seek documents sufficient to establish a timeline of use

4  for each inventory and forecasting system used by MGA since 2001.  These requests

5  seek information that is relevant to show when and how often MGA rejected its

6  inventory and forecasting systems in favor of new systems, which is relevant to

7  intent and unjust enrichment, among other issues; and would also identify when

8  many discussions about the deficiencies of the older systems and the functionalities

9  and features of new systems would likely have taken place.  The speed with which

10  new systems were implemented at MGA before the thefts and after the thefts is also

11  relevant to issues of acquisition, disclosure, use and unjust enrichment.

12  REQUEST FOR PRODUCTION NO. 23:
            For any INVENTORY SYSTEM that YOU
13  modified, revised, upgraded or improved any time
    between January 1, 2001 and the present, DOCUMENTS
14  sufficient to show the time period during which YOU used
    each such modification, revision, upgrade or improvement,
15  including but not limited to when YOU first began using
    each such modification, revision, upgrade or improvement.
16
    REQUEST FOR PRODUCTION NO. 51:
17            For any FORECASTING SYSTEM that
    YOU modified, revised, upgraded or improved any time
18  between January 1, 2001 and the present, DOCUMENTS
    sufficient to show the time period during which YOU used
19  each such modification, revision, upgrade or improvement,
    including but not limited to when YOU first began using
20  each such modification, revision, upgrade or improvement.

21      Request Nos. 23 and 51 seek documents sufficient to establish a timeline of

22  each modification or improvement to each inventory and forecasting system that

23  was used by MGA since 2001.  The focus on these requests is narrowly tailored to

24  obtain information about MGA's missing or deficient functionalities and its efforts

25  to address those deficiencies or gaps.

26  REQUEST FOR PRODUCTION NO. 15:
            All handbooks, guidebooks, instruction
27  books, manuals, presentations, reports, memoranda or
    other DOCUMENTS that explain, describe or demonstrate
28  the function, manner or method of operation of, or how to

00505.07975/3547509.2

-22-

1   use, any INVENTORY SYSTEM used by YOU from
    January 1, 2001 to the present.

2

3   REQUEST FOR PRODUCTION NO. 43:
            All handbooks, guidebooks, instruction
    books, manuals, presentations, reports, memoranda or
4   other DOCUMENTS that explain, describe or demonstrate
    the function, manner or method of operation of, or how to
5   use, any FORECASTING SYSTEM used by YOU from
    January 1, 2001 to the present.

6

7       Request Nos. 15 and 43 seek documents about the function, manner and

8   method of operation of any of inventory and forecasting system used by MGA since

9   2001.  As discussed above, the user guides and training manuals that Castilla stole

10  were deliberately selected by him because they were particularly helpful for

11  understanding the functions and features of Mattel's forecasting and inventory

12  management systems.  The information sought by these requests is similarly useful

13  to show the functionalities (or lack thereof) of MGA's systems at various points in

14  time, making it relevant to prove MGA's need and intent to steal Mattel's trade

15  secrets.  In addition, the information is relevant to show actual use of Mattel's trade

16  secrets as MGA used the information it received from Castilla, Brawer or others to

17  address the deficiencies.  These documents will provide detailed information about

18  MGA's systems, such that Mattel can connect new features that appeared at MGA as

19  having been derived from use of Mattel's trade secrets.  The Court's January 26,

20  2010 Order, while limited in timeframe, recognized the relevance of this kind of

21  information and MGA conceded that relevance by producing some materials of this

22  type in response to that Order.

23  REQUEST FOR PRODUCTION NO. 28:
            All handbooks, guidebooks, instruction
24  books, manuals, presentations, reports, memoranda or
    other DOCUMENTS that explain, describe or demonstrate
25  the function, manner or method of operation of, or how to
    use, any modification, revision, upgrade or improvement
26  to any INVENTORY SYSTEM used by YOU from
    January 1, 2001 to the present.

27

28  REQUEST FOR PRODUCTION NO. 56:

1   All handbooks, guidebooks, instruction
2   books, manuals, presentations, reports, memoranda or
    other DOCUMENTS that explain, describe or demonstrate
    the function, manner or method of operation of, or how to
3   use, any modification, revision, upgrade or improvement
    to any FORECASTING SYSTEM used by YOU from
4   January 1, 2001 to the present.

5   Request Nos. 28 and 56 seek documents that will help to explain the reasons

6   for, as well as the nature and types of, modifications and changes that were made to

7   the inventory systems and forecasting systems MGA used in the period since 2001.

8   This information is useful to show functionalities at various points in time, making it

9   relevant to prove MGA's need and intent to steal Mattel's trade secrets.  In addition,

10  the information is relevant to show use of Mattel's trade secrets.  These documents

11  will provide detailed information about MGA's systems, such that Mattel can show

12  which new or adjusted features and functionalities were based on the use of Mattel's

13  trade secret information.  Further, responsive documents explaining the manner of

14  operation of these systems, and/or discussing the limitations or problems in their

15  operations and the attempted or actual solutions to these limitations or problems

16  since 2001 would help in calculating Mattel's damages as the amount by which

17  MGA was unjustly enriched by the use of stolen Mattel information.

18  REQUEST FOR PRODUCTION NO. 16:
        DOCUMENTS sufficient to show the
19  function, manner or method of operation of, and types of
    data stored in, any INVENTORY SYSTEM used by YOU
20  from January 1, 2001 to the present.

21  REQUEST FOR PRODUCTION NO. 44:
22      DOCUMENTS sufficient to show the
    function, manner or method of operation of, and types of
23  data stored in, any FORECASTING SYSTEM used by
    YOU from January 1, 2001 to the present.
24

25  Request Nos. 16 and 44 seek other documents that will help to demonstrate,

26  the function, manner or method of operation of any of inventory and forecasting

27  system used by MGA since 2001.  As discussed above, the user guides and training

28  manuals that Castilla stole were deliberately selected because they were particularly

-24-

1  helpful for understanding the functions and features of Mattel's forecasting and

2  inventory management systems.  MGA, at its more nascent stage of development,

3  may not always have had formal handbooks, user guides or training manuals for its

4  systems during the relevant period, so these requests are meant to address that

5  possibility and gather information useful to show the functionalities (or lack thereof)

6  of MGA's systems at various points in time, which is relevant to prove MGA's need

7  and intent to steal Mattel's trade secrets, as well as MGA's use of Mattel's trade

8  secrets.  The Court's January 26, 2010 Order recognized the relevance of this kind of

9  information and MGA conceded that relevance in stipulating to produce materials of

10  this type in the first place.

11         These documents would also contain information about the data collected and

12  available to support MGA's inventory management and forecasting systems

13  throughout the relevant period.  More advanced inventory systems require more

14  input data and more kinds of data than more rudimentary systems.  In addition,

15  certain functionalities require a given set or sets of input data.[55]  Therefore, MGA's

16  beginning to collect a new form or stream of input data is evidence of the addition of

17  a new functionality, which is relevant to show use of Mattel's trade secrets.  This

18  new functionality is relevant because it allows Mattel to connect MGA's

19  advancements with the information contained in the Mattel trade secrets that MGA

20  stole.  Also, a gap in available data may prevent the integration of a new feature or

21  functionality for a significant time, while that data is collected, which is relevant to

22  speed of implementation, evidence of trade secret usage.

23         REQUEST FOR PRODUCTION NO. 29:
                     For any INVENTORY SYSTEM modified,
24  revised, upgraded or improved by YOU any time between
     January 1, 2001 and the present, DOCUMENTS sufficient
25  to show the function, manner or method of operation of,

26

27  [55]  Owens Dec at ¶ 14.

28

1    and types of data stored in, each such INVENTORY
     SYSTEM as modified, revised, upgraded or improved.
2
     REQUEST FOR PRODUCTION NO. 57:
3                    For any FORECASTING SYSTEM
     modified, revised, upgraded or improved by YOU any
4    time between January 1, 2001 and the present,
     DOCUMENTS sufficient to show the function, manner or
5    method of operation of, and types of data stored in, each
     such FORECASTING SYSTEM as modified, revised,
6    upgraded or improved.

7          Request Nos. 29 and 57 seek documents sufficient to show the method and

8    manner of operation and types of data stored with respect to MGA's inventory and

9    forecasting systems as they were modified over time since 2001.  These requests

10   seek information that is relevant for the same reasons as the information sought by

11   Request Nos. 28 and 56, above, capturing any information that might not be in a

12   formal user guide or memorandum.  Responsive materials, focused as they are on

13   modifications and alterations to these systems, would be helpful to understanding

14   the features and functionalities that characterized, or alternately were missing from,

15   MGA's inventory management and forecasting systems at various points in time,

16   which is relevant to prove MGA's need and intent to steal Mattel's trade secrets, as

17   well as the integration of Mattel's trade secret information into these systems to

18   remedy those problems.  The Court's January 26, 2010 Order recognized the

19   relevance of this kind of information, though for a limited timeframe requested by

20   the parties as a starting point for further discovery.

21          These requests also seek information about supporting data.  Information

22   about MGA's beginning to collect a new form or stream of input data is evidence of

23   the addition of new related functionalities, which is relevant to show use of Mattel's

24   trade secret information.  For example, MGA's gathering of additional bodies of data

25   may evidence a decision to implement and use one or more of the many advanced

26   enhancements to the sales planning portion of Mattel's forecasting process and

27   system, and that Castilla stole detailed information about.  Also, information about

28

1  data stored or collected at various points in time is relevant to speed of

2  implementation, which can be powerful evidence of trade secret usage.

3     REQUEST FOR PRODUCTION NO. 9:
           For any INVENTORY SYSTEM YOU began
4  using any time between January 1, 2001 and the present,
   all DOCUMENTS REFERRING OR RELATING TO the
5  reasons YOU adopted or implemented each such
   INVENTORY SYSTEM.
6
      REQUEST FOR PRODUCTION NO. 37:
7          For any FORECASTING SYSTEM YOU
   began using any time between January 1, 2001 and the
8  present, all DOCUMENTS REFERRING OR RELATING
   TO the reasons YOU adopted or implemented each such
9  FORECASTING SYSTEM.

10     Request Nos. 9 and 37 seek documents referring or relating to why MGA

11 adopted each inventory management system or forecasting system system it has used

12 since 2001.  Evidence shows that before its theft of Mattel's trade secrets, MGA's

13 inventory systems were clearly deficient. ████████████████████████████████

14 ███████████████████████████████████████████████████████████████████

15 ████████████████████████████████ [56] Despite this evidence, Nicole

16 Coleman testified that MGA had "robust" inventory and forecasting systems before

17 Castilla arrived at MGA.  (Opp. at 5).  These documents are relevant to counter

18 Coleman's testimony, and prove that, in fact, MGA's systems were unequipped to

19 support its business.  This evidence goes to MGA's intent and motivation to steal

20 Mattel's trade secrets, as the flaws in these systems stood between MGA and

21 significantly increased operating profits.  Moreover, documents discussing the

22 reasons for implementing or adopting a new inventory management or forecasting

23 system are relevant to show use of Mattel's trade secrets, as the timing and content of

24

25 [56]  See e.g., April ████████████████████████████████████

26 ██████████████████ [MGA2 0501786]; Email from Isaac Larian

27 [MGA 1179962] (███████████████████████
                                         ).

28

1  these discussions will suggest that MGA understood where its systems were

2  deficient, learned to fix these problems from Castilla and the stolen trade secrets,

3  and implemented these lessons in its business.

REQUEST FOR PRODUCTION NO. 24:
    For any INVENTORY SYSTEM YOU modified, revised, upgraded or improved any time between January 1, 2001 and the present, all DOCUMENTS REFERRING OR RELATING TO the reasons YOU adopted or implemented each such modification, revision, upgrade or improvement.

REQUEST FOR PRODUCTION NO. 52:
    For any FORECASTING SYSTEM YOU modified, revised, upgraded or improved any time between January 1, 2001 and the present, all DOCUMENTS REFERRING OR RELATING TO the reasons YOU adopted or implemented each such modification, revision, upgrade or improvement.

12  Request Nos. 24 and 52 seek documents referring or relating to the reasons for

13  implementing any modifications or upgrades.  These requests are tailored to elicit

14  evidence that MGA's decision-making concerning upgrading or improving its

15  system took into account the stolen Mattel information.   These documents also go to

16  motive and unjust enrichment (the problems that MGA was having and needed to

17  overcome). Further, as in the case of Request Nos. 9 and 37 above, the time period

18  of January 2001 to the present is necessary to elicit documents capturing the pre-

19  theft years, where there were many problems and failed solutions and the post-theft

20  years, where improvements occurred when the stolen information was integrated

21  into the systems.

REQUEST FOR PRODUCTION NO. 10:
    For any INVENTORY SYSTEM YOU ceased using any time between January 1, 2001 and the present, all DOCUMENTS REFERRING OR RELATING TO the reasons YOU ceased using each such INVENTORY SYSTEM.

REQUEST FOR PRODUCTION NO. 38:
    For any FORECASTING SYSTEM YOU ceased using any time between January 1, 2001 and the present, all DOCUMENTS REFERRING OR RELATING TO the reasons YOU ceased using each such FORECASTING SYSTEM.

MOTION TO COMPEL RE: USE OF MATTEL TRADE SECRETS

Just as with Request Nos. 9 and 37, Request Nos. 10 and 38 seek evidence going to MGA's intent and motivation to steal Mattel's trade secrets and evidence that MGA did, in fact, use those trade secrets to improve its own inventory management systems and forecasting systems.  Documents referring or relating to why MGA ceased using a particular inventory management system or forecasting system are relevant to show that its systems were not robust, and the timing and content of these documents may also provide evidence that MGA use Mattel's information in improving these aspects of its business.

REQUEST FOR PRODUCTION NO. 11:
For any INVENTORY SYSTEM YOU considered using any time from January 1, 2001 to the present, all DOCUMENTS REFERRING OR RELATING TO the reasons YOU did not adopt or implement each such INVENTORY SYSTEM.

REQUEST FOR PRODUCTION NO. 39:
For any FORECASTING SYSTEM YOU considered using any time from January 1, 2001 to the present, all DOCUMENTS REFERRING OR RELATING TO the reasons YOU did not adopt or implement each such FORECASTING SYSTEM.

Request Nos. 11 and 39 seek documents referring or relating to why MGA did not adopt or implement the various inventory management systems and forecasting systems that it considered to resolve its problems.  Such information is relevant to show intent and motivation to steal Mattel's trade secrets because it shows that MGA's existing systems had shortcomings that were not addressed by those contemplated systems.  Alternatively, if these systems could have fixed MGA's problems, but at too high a cost, then this information is relevant to show MGA did benefit from stealing Mattel's trade secrets, and to quantify MGA's unjust enrichment as a result of its misappropriation of Mattel's trade secrets.

REQUEST FOR PRODUCTION NO. 19:
All DOCUMENTS REFERRING OR RELATING TO any review, analysis, assessment or evaluation of any INVENTORY SYSTEM used by YOU from January 1, 2001 to the present or any comparison of any such INVENTORY SYSTEM used by YOU to any

1  other potential, proposed or actual INVENTORY SYSTEM.

2  REQUEST FOR PRODUCTION NO. 47:

3  All DOCUMENTS REFERRING OR RELATING TO any review, analysis, assessment or

4  evaluation of any FORECASTING SYSTEM used by YOU from January 1, 2001 to the present or any

5  comparison of any such FORECASTING SYSTEM used by YOU to any other potential, proposed or actual

6  FORECASTING SYSTEM.

7  Request Nos. 19 and 47 seek documents referring or relating to any MGA

8  analysis of its inventory management systems and forecasting systems and

9  capabilities since 2001. This information, such as what functions MGA needed,

10  what was missing from its systems, and how it intended to solve any deficiencies or

11  problems it identified is undeniably relevant to Mattel's Phase 2 claims, including to

12  show MGA's need for the Mattel's trade secrets and it motivation to improve its

13  fledgling systems however it could, such as by stealing Mattel's trade secrets.

14  Moreover, these documents will likely uncover evidence of use of Mattel trade

15  secrets, such as if MGA had a long-standing problem that was solved soon after

16  Castilla's arrival.

17  REQUEST FOR PRODUCTION NO. 20:

18  DOCUMENTS sufficient to IDENTIFY any PERSON who performed or participated in any review,

19  analysis, assessment or evaluation of any INVENTORY SYSTEM used by YOU from January 1, 2001 to the

20  present or any comparison of any such INVENTORY SYSTEM to any other potential, proposed or actual

21  INVENTORY SYSTEM.

22  REQUEST FOR PRODUCTION NO. 48:

DOCUMENTS sufficient to IDENTIFY any PERSON who performed or participated in any review,

23  analysis, assessment or evaluation of any FORECASTING SYSTEM used by YOU from January 1, 2001 to the

24  present or any comparison of any such FORECASTING SYSTEM to any other potential, proposed or actual

25  FORECASTING SYSTEM.

26  Request Nos. 20 and 48 are relevant for many of the same reasons as Request

27  Nos. 19 and 47. Particularly, these requests seek the identity of individuals inside

28  and outside of MGA who were involved in discussions of MGA's inventory

00505.07975/3547509.2

-30-

1  management systems and forecasting systems and can provide further information

2  about the weaknesses and practical deficiencies in these systems at various points in

3  time and about MGA's efforts to remedy them.  Responsive documents may lead to

4  evidence about how Mattel's trade secrets were suggested or used to remedy these

5  issues.

<u>REQUEST FOR PRODUCTION NO. 12:</u>
All DOCUMENTS REFERRING OR RELATING TO the estimated, projected, anticipated or actual length of time necessary to create, design, develop or implement any INVENTORY SYSTEM used or considered by YOU from January 1, 2001 to the present.

<u>REQUEST FOR PRODUCTION NO. 40:</u>
All DOCUMENTS REFERRING OR RELATING TO the estimated, projected, anticipated or actual length of time necessary to create, design, develop or implement any FORECASTING SYSTEM used or considered by YOU from January 1, 2001 to the present.

Request Nos. 12 and 40 seek documents referring or relating to the estimated, projected, or actual amount of time required to develop or implement any inventory management system or forecasting system used by MGA since 2001.  This information is relevant because it will demonstrate that MGA's systems were flawed before Castilla arrived, that improving them even incrementally involved or would involve substantial investments of time by MGA, and that these systems were in fact subject to much greater and fundamental change after Castilla arrived (the former systems were supposedly discarded in favor of the "forecast portal" designed by Castilla's team) and that this occurred with a much smaller investment of time than would have been necessary to make such improvements honestly.  An increase in the speed with which systems were implemented or altered *after* Castilla brought to MGA the knowledge he stole from Mattel, as compared to the speed with which systems were implemented or altered *before* Castilla joined MGA, would show that Mattel's information was used and contributed to the speedy overhaul.  In addition, this information is relevant to Mattel's damages, as it shows the amount of time and

1  expense that MGA was spared, and thus unjustly enriched, when it stole Mattel's

2  trade secrets instead of experimenting, developing, or designing these systems on its

3  own.

REQUEST FOR PRODUCTION NO. 25:
All DOCUMENTS REFERRING OR
RELATING TO the estimated, projected, anticipated or
actual length of time necessary to create, design, develop
or implement any modification, revision, upgrade or
improvement that YOU made or considered making to any
INVENTORY SYSTEM used by YOU from January 1,
2001 to the present.

REQUEST FOR PRODUCTION NO. 53:
All DOCUMENTS REFERRING OR
RELATING TO the estimated, projected, anticipated or
actual length of time necessary to create, design, develop
or implement any modification, revision, upgrade or
improvement that YOU made or considered making to any
FORECASTING SYSTEM used by YOU from January 1,
2001 to the present.

13      Request Nos. 25 and 53 seek similar information, but focus on modifications,

14  revisions and upgrades that were considered or made to any of MGA's inventory

15  management systems or forecasting systems since 2001.  The information sought is

16  relevant for all the same reasons as Request Nos. 12 and 40.  The speed with which

17  MGA made changes before and after the Castilla theft, and the absolute time it took

18  for the creation, development and implementation of each modification, are all

19  relevant to issues of use as well as unjust enrichment.

REQUEST FOR PRODUCTION NO. 13:
All DOCUMENTS REFERRING OR
RELATING TO the estimated, projected, anticipated or
actual cost to create, design, develop or implement any
INVENTORY SYSTEM used or considered by YOU from
January 1, 2001 to the present.

REQUEST FOR PRODUCTION NO. 41:
All DOCUMENTS REFERRING OR
RELATING TO the estimated, projected, anticipated or
actual cost to create, design, develop or implement any
FORECASTING SYSTEM used or considered by YOU
from January 1, 2001 to the present.

27      Request Nos. 13 and 41 seek the estimated, actual or projected costs of

28  creating, designing, or developing MGA's forecasting systems and inventory

1 management systems since 2001.  This information is relevant because it will

2 demonstrate that improving MGA's early systems even incrementally involved

3 and/or would involve substantial investments of money by MGA, and that even

4 more substantial changes made after Castilla arrived were made at less cost.  This

5 information is also relevant to Mattel's damages, as it shows the amount of expense

6 that MGA was spared, and thus unjustly enriched, when it stole Mattel's trade secrets

7 instead of experimenting, developing, or purchasing inventory management system

8 or forecasting system on its own.

9 REQUEST FOR PRODUCTION NO. 26:

10 All DOCUMENTS REFERRING OR RELATING TO the estimated, projected, anticipated or actual cost to create, design, develop or implement any

11 modification, revision, upgrade or improvement that YOU made or considered making to any INVENTORY

12 SYSTEM used by YOU from January 1, 2001 to the present.

13 REQUEST FOR PRODUCTION NO. 54:

14 All DOCUMENTS REFERRING OR RELATING TO the estimated, projected, anticipated or actual cost to create, design, develop or implement any

15 modification, revision, upgrade or improvement that YOU

16 made or considered making to any FORECASTING SYSTEM used by YOU from January 1, 2001 to the

17 present.

18 Request Nos. 26 and 54 seek similar information but focus on modifications,

19 revisions and upgrades that were considered or made to any of MGA's inventory

20 management systems or forecasting systems since 2001.  The information sought is

21 relevant for all the same reasons as Request Nos. 13 and 41.  In addition, the cost of

22 various changes MGA made before and after the Castilla theft, as well as the

23 absolute cost of the creation, development and implementation of each modification,

24 are relevant to issues of use as well as to unjust enrichment.

25 REQUEST FOR PRODUCTION NO. 14:

26 All DOCUMENTS REFERRING OR RELATING TO the estimated, projected, anticipated or actual cost to purchase, acquire or license any

27 INVENTORY SYSTEM used or considered by YOU from

28 January 1, 2001 to the present.

-33-

1

<u>REQUEST FOR PRODUCTION NO. 42:</u>

2      All DOCUMENTS REFERRING OR
RELATING TO the estimated, projected, anticipated or
3      actual cost to purchase, acquire or license any
FORECASTING SYSTEM used or considered by YOU
4      from January 1, 2001 to the present.

5      Request Nos. 14 and 42 seek the estimated, actual or projected costs of

6   purchasing, acquiring, or licensing MGA's forecasting systems and inventory

7   management systems since 2001.  This information is relevant to the calculation of a

8   reasonable royalty as well as to unjust enrichment because it shows the costs

9   involved in acquiring or licensing these systems honestly rather than through trade

10  secret misappropriation.  It is also relevant to savings that MGA realized by virtue of

11  its theft, as it may have been able to avoid third-party licensing costs it would

12  otherwise have been responsible for.

13     <u>REQUEST FOR PRODUCTION NO. 27:</u>

14       All DOCUMENTS REFERRING OR
RELATING TO the estimated, projected, anticipated or
15     actual cost to purchase, acquire or license any
modification, revision, upgrade or improvement that YOU
16     made or considered making to any INVENTORY
SYSTEM used by YOU from January 1, 2001 to the
present.

17

18     <u>REQUEST FOR PRODUCTION NO. 55:</u>
       All DOCUMENTS REFERRING OR
19     RELATING TO the estimated, projected, anticipated or
actual cost to purchase, acquire or license any
20     modification, revision, upgrade or improvement that YOU
made or considered making to any FORECASTING
21     SYSTEM used by YOU from January 1, 2001 to the
present.

22      Request Nos. 27 and 55 seek similar information, but focus on modifications,

23  revisions and upgrades that were considered or made to any of MGA's inventory

24  management systems or forecasting systems since 2001.  The information sought is

25  relevant for all the same reasons as Request Nos. 14 and 42.  In addition, the cost of

26  changes and modifications MGA made before and after the Castilla theft, and the

27  absolute cost of purchasing, acquiring, or licensing each modification, are relevant to

28

1  issues of use as well as to calculation of a reasonable royalty or a determination of

2  how much MGA was unjustly enriched by its theft.

3       Request Nos. 17-18, 30-31, 45-46 and 58-59 seek documents referring or

4  relating to any benefits – actual or projected – that MGA obtained as a result of

5  using any of its inventory management systems or forecasting systems (Request

6  Nos. 17, 30, 45, 58), and any bonuses or salary increases paid to any individuals

7  based on these actual or projected benefits (Request Nos. 18, 31, 46, 49).

8       **REQUEST FOR PRODUCTION NO. 17:**

9       All DOCUMENTS REFERRING OR RELATING TO any estimated, projected, anticipated or actual benefits, including but not limited to return on

10  investment, lower inventory costs, lower obsolescence costs, increased profits and increased profit margins, from

11  any INVENTORY SYSTEM used by YOU from January 1, 2001 to the present.

12

13       **REQUEST FOR PRODUCTION NO. 45:**

     All DOCUMENTS REFERRING OR RELATING TO any estimated, projected, anticipated or

14  actual benefits, including but not limited to return on investment, lower inventory costs, lower obsolescence

15  costs, increased profits and increased profit margins, from any FORECASTING SYSTEM used by YOU from

16  January 1, 2001 to the present.

17       Request Nos. 17 and 45 requests seek documents referring or relating to

18  benefits that MGA expected, anticipated or received from its inventory management

19  systems and forecasting systems since 2001.  MGA's theft of Mattel's trade secrets

20  enabled it to vastly improve its own rudimentary inventory management system and

21  forecasting system, lowering obsolescence and inventory-carrying costs and

22  increasing profits.  Therefore, benefits, including labor savings, responsiveness to

23  customers, inventory turnover, and instock percentages, that MGA realized from

24  these improvements represent MGA's unjust enrichment and are relevant to Mattel's

25  damages claims in Phase 2.  The documents sought by these requests are also

26  relevant to show MGA's incentives and motivation, financial gain, to improve their

27  inventory management and forecasting systems as quickly as possible, even if it

28  meant stealing from Mattel.  The anticipated benefits of the improvements enacted

1 by MGA are evidence of MGA's motive and intent to steal and use Mattel's trade

2 secrets.

3 <u>REQUEST FOR PRODUCTION NO. 30:</u>
All DOCUMENTS REFERRING OR

4 RELATING TO any estimated, projected, anticipated or
actual benefits, including but not limited to return on

5 investment, lower inventory costs, lower obsolescence
costs, increased profits and increased profit margins, from

6 any modification, revision, upgrade or improvement to any
INVENTORY SYSTEM used by YOU from January 1,

7 2001 to the present.

8 <u>REQUEST FOR PRODUCTION NO. 58:</u>
All DOCUMENTS REFERRING OR

9 RELATING TO any estimated, projected, anticipated or
actual benefits, including but not limited to return on

10 investment, lower inventory costs, lower obsolescence
costs, increased profits and increased profit margins, from

11 any modification, revision, upgrade or improvement to any
FORECASTING SYSTEM used by YOU from January 1,

12 2001 to the present.

13
Request Nos. 30 and 58 seek documents referring or relating to benefits that

14
MGA expected, anticipated or received from upgrades, modifications or

15
improvements to its inventory management or forecasting systems since 2001.  The

16
information sought is relevant for all the same reasons as Request Nos. 17 and 45.

17
The benefits that MGA acquired from changes before and after the Castilla theft, and

18
the overall benefits earned from each modification, are all relevant to issues of use,

19
damages and unjust enrichment.

20 <u>REQUEST FOR PRODUCTION NO. 18:</u>
All DOCUMENTS REFERRING OR

21 RELATING TO any bonus, salary increase or other

22 compensation paid to, or to be paid to, any individual
based, in whole or in part, on any benefits, including but

23 not limited to lower inventory costs, lower obsolescence
costs, increased profits and increased profit margins, from

24 any INVENTORY SYSTEM used by YOU from January
1, 2001 to the present.

25 <u>REQUEST FOR PRODUCTION NO. 46:</u>
All DOCUMENTS REFERRING OR

26 RELATING TO any bonus, salary increase or other
compensation paid to, or to be paid to, any individual

27 based, in whole or in part, on any benefits, including but

28 not limited to lower inventory costs, lower obsolescence

1   costs, increased profits and increased profit margins, from
2   any FORECASTING SYSTEM used by YOU from January 1, 2001 to the present.

3   Request Nos. 18 and 46 seek information regarding bonuses, salary increases

4   or other compensation to be paid by MGA based on, in whole or in part, on benefits

5   being made to MGA's inventory management and forecasting systems.  While MGA

6   has already produced this information for certain former Mattel employees who went

7   to MGA, including Castilla, it has not provided such information for others at MGA

8   who played a role in improving these systems, such as Coleman.  Responsive

9   information will help Mattel ascertain when the biggest bottom-line improvements

10   to these systems occurred and who was rewarded for taking actions leading to those

11   improvements.  This information will also identify the individuals at MGA who

12   were involved in discussions of MGA's inventory management systems and

13   forecasting systems and can provide further information about the weaknesses and

14   practical deficiencies in these systems at various points in time and about MGA's

15   efforts to remedy them.  This information may also identify individuals outside of

16   MGA or those who no longer work for MGA who may have relevant information

17   about these systems.

18
19   REQUEST FOR PRODUCTION NO. 31:
       All DOCUMENTS REFERRING OR
20   RELATING TO any bonus, salary increase or other
     compensation paid to, or to be paid to, any individual
21   based, in whole or in part, on any benefits, including but
     not limited to lower inventory costs, lower obsolescence
22   costs, increased profits and increased profit margins, from
     any modification, revision, upgrade or improvement to any
     INVENTORY SYSTEM used by YOU from January 1,
23   2001 to the present.

24   REQUEST FOR PRODUCTION NO. 59:
       All DOCUMENTS REFERRING OR
25   RELATING TO any bonus, salary increase or other
     compensation paid to, or to be paid to, any individual
26   based, in whole or in part, on any benefits, including but
     not limited to lower inventory costs, lower obsolescence
27   costs, increased profits and increased profit margins, from
     any modification, revision, upgrade or improvement to any

28

FORECASTING SYSTEM used by YOU from January 1, 2001 to the present.

Request Nos. 31 and 59 seek similar information, but focus on bonuses, salary increases or other compensation to be paid by MGA based on, in whole or in part, on benefits from modifications to MGA's inventory management and forecasting systems. The information sought is relevant to identify individuals with knowledge of MGA's inventory management systems and forecasting systems and may help to identify problems with MGA's systems and their subsequent solutions. More importantly, it is relevant as evidence of improvements in these measures of forecasting accuracy and of inventory management, and who was involved in making the changes that brought about those results. MGA has already produced this information for certain former Mattel employees who went to MGA, including Castilla, but it has not provided such information for all individuals who had a hand in improving or attempting to improve MGA's systems.

3.      **Documents Related to Measuring the Impact of Changes MGA Made to Its Forecasting and Inventory Management Capabilities Using Mattel Information (Request Nos. 60-65)**

Request Nos. 60-65 seek only documents "sufficient to show" MGA's inventory (including excess inventory) and its value, by month, from January 1, 2001 to the present. Request No. 65 seeks all documents referring or relating to any appraisal of MGA's inventory since 2001. Inventory and forecasting systems allow a company to acquire, manage and move inventory more efficiently. Mattel alleges that MGA was able to profit by improving its inventory and forecasting systems through the Mattel trade secrets that were stolen by MGA's agents. Thus, the documents sought by these requests are relevant to show use and to quantify unjust enrichment. Also, these documents, if they show large obsolescence costs prior to Castilla's arrival at MGA, for example, could also show motive to induce Castilla to

1  steal trade secrets.  Documents are sought from January 1, 2001 onwards so as to

2  provide a baseline by which the unjust enrichment can be quantified.

3            REQUEST FOR PRODUCTION NO. 60:

4  DOCUMENTS sufficient to show the manner in which inventory has been valued and accounted for on YOUR financial statements (audited and unaudited) and

5  interim reports from January 1, 2001 to the present.

6      This information is relevant to show MGA's methods for accounting for or

7  valuing inventory, which assists Mattel in appropriately calculating improvements in

8  inventory at various points in time, which is both relevant to use and unjust

9  enrichment.

10

11            REQUEST FOR PRODUCTION NO. 61:
    DOCUMENTS sufficient to show, by SKU, YOUR inventory of finished products, in units and at cost,

12  each month from January 1, 2001 to the present.

13            REQUEST FOR PRODUCTION NO. 62:
    DOCUMENTS sufficient to show, by product

14  line or product category, YOUR inventory of finished products, in units and at cost, each month from January 1,

15  2001 to the present.

16      Request Nos. 61 and 62 seek documents sufficient to show, by SKU, product

17  line, or product category, MGA's inventory of finished products since 2001.  The

18  information sought by these requests is relevant because it shows how much and

19  when MGA's inventory management improved, allowing Mattel to establish that

20  improvements resulted from MGA's use of its trade secret information, and to

21  determine a proper measure of the amount to which MGA was unjustly enriched by

22  virtue of its theft.

23

24            REQUEST FOR PRODUCTION NO. 63:
    DOCUMENTS sufficient to show, by SKU, YOUR INVENTORY OBSOLESCENCE EXPENSE each

25  month from January 1, 2001 to the present.

26            REQUEST FOR PRODUCTION NO. 64:
    DOCUMENTS sufficient to show, by product

27  line or product category, YOUR INVENTORY OBSOLESCENCE EXPENSE each month from January

28  1, 2001 to the present.

These requests seek information on MGA's inventory obsolescence expense because such information is particularly relevant to show changes in the effectiveness of MGA's systems. Changes in inventory obsolescence expense at various points in time can be linked with modifications of MGA's forecasting processes and inventory management systems, and thus are relevant to use. In addition, inventory obsolescence expense may be used to calculate the benefits that accrued to MGA after Castilla shared the trade secret information he brought with him from Mattel.

REQUEST FOR PRODUCTION NO. 65
All DOCUMENTS REFERRING OR RELATING TO any appraisal of YOUR inventory from January 1, 2001 to the present.

Information quantifying or valuing MGA's inventory across the relevant time period is directly relevant to use (showing changes in inventory) and unjust enrichment (showing the benefits of those changes in inventory).

**4.   Documents Related to Jorge Castilla's Work on MGA's Forecasting And Inventory Management Systems After His Theft of Related Mattel Information (Request Nos. 68-75)**

Request Nos. 68-71 seek communications by Castilla, or documents referring or relating to communications by Castilla, regarding the creation of or improvement to any of MGA's inventory systems from 2001. Forensic evidence shows that former Mattel employee Jorge Castilla, prior to leaving Mattel for MGA, stole approximately 56 megabytes of confidential Mattel information, including Mattel's forecasting, inventory management and data management processes and systems – ranging from high-level overviews to user manuals to detailed specifications. (See Supplemental Forensic Report, dated July 14, 2008 at M0928179 – M0928186.) Documents sought by these requests are obviously relevant to Mattel's allegation that MGA used the large amount of trade secrets misappropriated by Castilla to improve its inventory system. These communications and documents related thereto

MOTION TO COMPEL RE: USE OF MATTEL TRADE SECRETS

1 will show Castilla's actual involvement – and the potential use of any Mattel trade

2 secrets – in MGA's creation, development and improvement of its inventory

3 systems.

<u>REQUEST FOR PRODUCTION NO. 68:</u>
All COMMUNICATIONS to, from or with
Jorge Castilla REFERRING OR RELATING the creation,
design, development or implementation of any
INVENTORY SYSTEM used by YOU from January 1,
2001 to the present.

<u>REQUEST FOR PRODUCTION NO. 70:</u>
All COMMUNICATIONS to, from or with
Jorge Castilla REFERRING OR RELATING TO any
modification, change, alteration, upgrade, revision or
improvement to any INVENTORY SYSTEM used by
YOU from January 1, 2001 to the present.

11 Request Nos. 68 and 70 seek communications to, from, or with Castilla

12 referring or relating to the creation or modification of MGA's inventory systems

13 since 2001. This information is relevant to show Castilla's role at MGA, the scope

14 of his responsibility, and the problems that he was hired to seek out and remedy.

15 MGA continues to maintain that Castilla was not an integral part of the development

16 of its inventory system, but the limited number of documents produced on this topic

17 indicate that Castilla played a pivotal role in refining and advancing MGA's systems

18 and Mattel is entitled to full discovery on this issue. Moreover, these

19 communications will likely show use of Mattel trade secret information, as Mattel

20 can connect modifications suggested by Castilla to the information contained in the

21 trade secrets that he stole. Finally, the Requests seek information from 2001 so as to

22 capture communications between MGA and Castilla during the entire period.

23 Although MGA has claimed that Castilla approached MGA, and did so for the first

24 time in 2006, any communications belying those claims are certainly relevant.

<u>REQUEST FOR PRODUCTION NO. 69:</u>
All DOCUMENTS REFERRING OR
RELATING TO ANY COMMUNICATIONS to, from or
with Jorge Castilla REFERRING OR RELATING TO the
creation, design, development or implementation of any
INVENTORY SYSTEM used by YOU from January 1,
2001 to the present.

00505.07975/3547509.2

-41-