QUINN EMANUEL URQUHART & SULLIVAN, LLP
  John B. Quinn (Bar No. 090378)
  (johnquinn@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>MGA ENTERTAINMENT, INC., a California corporation, et al.,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 DOC (RNBx)<br>Consolidated with<br>Case Nos. CV 04-09059 & CV 05-2727<br><br>Hon. David O. Carter<br><br>[PUBLIC REDACTED] SUPPLEMENTAL DECLARATION OF MICHAEL T. ZELLER IN SUPPORT OF MATTEL, INC.'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS IN RESPONSE TO MATTEL'S REQUESTS FOR DOCUMENTS CONCERNING USE OF TRADE SECRETS PURSUANT TO THE COURT'S JUNE 7, 2010 ORDER<br><br>Hearing Date: TBD<br>Time: TBD<br>Place: Courtroom 9D<br><br>**Phase 2:**<br>Discovery Cut-off: TBD<br>Pre-trial Conference: TBD<br>Trial Date: TBD |

00505.07975/3553151.1

-1-

SUPP. DECLARATION OF MICHAEL T. ZELLER

## DECLARATION OF MICHAEL T. ZELLER

I, Michael T. Zeller, declare as follows:

1. I am a member of the bar of the States of California, New York and Illinois and a partner at Quinn Emanuel Urquhart & Sullivan, LLP, attorneys for Mattel, Inc. ("Mattel"). I make this declaration of personal, firsthand knowledge, and if called and sworn as a witness, I could and would testify competently hereto.

2. The purpose of this declaration is to update the Court on recent changes in the MGA Parties' production of documents that are relevant to Mattel's pending Motion to Compel Production of Documents in Response to Mattel's Requests for Documents Concerning Use of Trade Secrets Pursuant to the Court's June 7, 2010 Order (the "Motion"), Dkt. No. 8141.

3. Six of the Requests at issue in the Motion concern documents referring or relating to the MGA Parties' communications with law enforcement. See Request Nos. 77, 80, 82, 84, 86, and 92 of Mattel's Third Set of Requests for Production to MGA (Phase 2) ("Third Set"); see also Motion at 83:9-91:9.

4. The Court had previously compelled the MGA Parties to produce, by no later than February 16, 2010, "all communications by or on behalf of any of the MGA Parties with law enforcement in Mexico, Canada, and/or the United States that refer or relate to any alleged theft or taking of alleged Mattel confidential or trade secret information by MGA or persons currently or formerly employed by MGA or any other allegation contained in Mattel's claims in this action." See Dkt. No. 7434 at 5; Dkt. No. 7482 at 4. Subsequent to that Order, the MGA Parties produced a total of 13 documents, only one of which appeared to be an actual communication with law enforcement. See MGA2 07 74521. Counsel for MGA certified that these 13 documents constituted all communications that were compelled by the Court's Order. See April 19, 2010 letter from Glen Liu to Diane C. Hutnyan (identifying, by Bates-numbers, production as constituting "all communications between MGA and law enforcement in the U.S., Mexico or Canada"). MGA also represented to the Court that

it had produced "all communications with law enforcement." MGA Parties' Opposition to Motion to Compel Production of Documents in Response to Mattel's Requests for Production, Dkt. No. 7887 at 3 ("On April 19, 2010, MGA's counsel certified in writing to Mattel that all communications with law enforcement had been produced").

5. Mattel moved to enforce the Court's January 26 Order. See Dkt. No. 8014. In opposing Mattel's Motion, counsel for the MGA Parties repeated their representation that they had produced "all communications" compelled by the Order. See Dkt. No. 8050 at 2 ("[p]ursuant to the Court's January 26th Order, MGA has already conducted a thorough and diligent search, and produced 'all communications by or on behalf of MGA with law enforcement in Mexico, Canada, and/or the United States' relating to the criminal proceedings initiated by Mattel."). The MGA Parties further represented that "there are no other [such] communications …." See Dkt. No. 8050 at 2. Relying on MGA's representations, the Court struck as moot Mattel's Motion to Enforce. See Dkt. No. 8079 at 2 ("Mattel's Motion is STRICKEN as MOOT … MGA agrees that it must produce all communications with law enforcement. And it claims that it has. Such representation by MGA's counsel, if later proven to be false, may give rise to sanctions").

6. In the same June 7, 2010 Order denying Mattel's Motion to Enforce, the Court denied without prejudice Mattel's Motion to Compel Production of Documents in Response to Mattel's Requests for Documents Concerning Trade Secret Use, See Dkt. No. 8079 at 3. The Court also granted Mattel leave "to file a Motion in excess of the ordinary page limits that addresses each request for production on or before June 21, 2010." Id. As described above (¶ 3, supra), six of the Requests addressed in the Motion seek documents that refer or relate to MGA's communications with law enforcement. As set forth in the Motion, in addition to being relevant to Mattel's RICO claims, documents responsive to these Requests "are relevant to verify the completeness of MGA's production pursuant to the Court's January 26th Order" and

1 | "to test MGA's assertions that the entirety of its communications with law enforcement
2 | are a single email." Motion at 83-84.
3 |       7.    On June 21, 2010, more than 124 days after the deadline for
4 | compliance with the January 26 Order and less than an hour after Mattel filed its
5 | renewed Motion, MGA produced three communications between counsel for MGA and
6 | law enforcement that it had never previously produced. See MGA2 1494198, MGA2
7 | 149200, and MGA2 1494201-02. One of the documents is a letter from ▇▇▇▇
8 | ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
9 | ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
10 | ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ MGA2 1494198.
11 | Castilla is a former Mattel employee who forensic evidence shows stole approximately
12 | 56 megabytes of confidential Mattel information regarding Mattel's forecasting,
13 | inventory management, and data management processes and systems. The letter states
14 | that ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
15 | ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
16 | ▇▇▇▇▇▇▇. Id. The other two newly produced documents are parts of an email
17 | chain between ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
18 | ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
19 | ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
20 | ▇▇▇▇▇ MGA2 149200 and MGA2 1494201-02. Ron Brawer, Ricardo Abundis,
21 | and Schuyler Bacon are MGA employees.
22 |       8.    All of these documents are clearly responsive to the Court's January
23 | 26th Order, compelling the production of "all communications by *or on behalf of* any
24 | of the MGA Parties with law enforcement." Dkt. No. 7434 at 5 (emphasis added).
25 | They accordingly demonstrate that the MGA Parties' earlier, repeated representations
26 | as to the alleged completeness of their production and their compliance with the
27 | January 26th Order were not accurate and provide further support for Mattel's renewed
28 | motion as to Request Nos. 77, 80, 82, 84, 86, and 92 of its Third Set of Document

Requests. Request No. 82, for example, seeks all documents referring or relating to communications with law enforcement about Jorge Castilla. These newly produced emails show that it is very likely that documents exist referring or relating to ███████████████████████████████████. Such documents would be highly relevant to showing MGA's awareness of Castilla's thefts and use of the trade secrets he misappropriated. They could also reveal the existence of further written communications with law enforcement that have not yet been produced by the MGA Parties. Consistent with the Court's directives on discovery matters, Mattel will submit these newly produced communications to the Court upon the Court's direction.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on June 25, 2010, at Los Angeles, California.

/s/ Michael T. Zeller
Michael T. Zeller