Case 2:04-cv-09049-DOC-RNB   Document 8188   Filed 06/28/10   Page 1 of 11   Page ID #:266283
SACV 04-9049-DOC - 03/12/2010 - Vol. II

1

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**HONORABLE DAVID O. CARTER, JUDGE PRESIDING**

- - - - - - -

| | |
|---|---|
| CARTER BRYANT, | ) |
| Plaintiff, | ) |
| vs. | ) No. SACV 04-9049-DOC |
| | ) Volume II |
| MATTEL, INC., | ) |
| Defendant. | ) |

REPORTER'S TRANSCRIPT OF PROCEEDINGS

Status Conference/Motions

Santa Ana, California

Friday, March 12, 2010

Jane C.S. Rule, CSR 9316
Federal Official Court Reporter
United States District Court
411 West 4th Street, Room 1-053
Santa Ana, California 92701
(714) 558-7755

10-03-12 MattelV2

Case 2:04-cv-09049-DOC-RNB   Document 8188   Filed 06/28/10   Page 2 of 11   Page ID #:266284
SACV 04-9049-DOC - 03/12/2010 - Vol. II

2

```
 1   APPEARANCES OF COUNSEL:

 2


 3   FOR INTERVENOR DEFENDANT MGA ENTERTAINMENT, INC.:

 4            ORRICK, HERRINGTON & SUTCLIFFE, LLP
              BY:  THOMAS S. MC CONVILLE
 5                 MARK P. WINE
                   Attorneys at Law
 6            4 Park Plaza
              Suite 1600
 7            Irvine, California 92614
              (949) 567-6700
 8
              - AND -
 9
              ORRICK, HERRINGTON & SUTCLIFFE, LLP
10            BY:  WILLIAM A. MOLINSKI
                   Attorney at Law
11            777 South Figueroa Street
              Los Angeles, California 90017
12            (213) 612-2256

13


14   FOR DEFENDANT MATTEL, INC.:

15            QUINN, EMANUEL, URQUHART, OLIVER & HEDGES
              By:  MICHAEL T. ZELLER
16                 MARSHALL M. SEARCY, III
                   JOHN GORDON
17                 Attorneys at Law
              865 South Figueroa Street
18            10th Floor
              Los Angeles, California 90017-2543
19            (213) 443-3000

20


21   FOR MOVANT OMNI 808 INVESTORS LLC:

22            BINGHAM MC CUTCHEN, LLP
              By:  PETER N. VILLAR
23                 Attorney at Law
              600 Anton Boulevard
24            18th Floor
              Costa Mesa, California 92626
25            (714) 830-0600
```

**I N D E X**

**STATUS CONFERENCE / MOTIONS HEARING**

```
 1           SANTA ANA, CALIFORNIA, FRIDAY, MARCH 12, 2010
 2                             VOLUME II
 3                            (2:19 p.m.)
 4           THE COURT:  All right.  Then we are on the record
 5   in MGA and Mattel.
 6           Concerning the letter of March 4th, 2010, Jeanine
 7   Pisoni to Deidre, I will confirm our agreement regarding the
 8   joint representation of MGA Entertainment.
 9           Where is the agreement?
10           MR. MC CONVILLE:  That would be the agreement
11   between MGA and Orrick.
12           THE COURT:  No.
13           "I will confirm our agreement" -- this is Jeanine
14   writing to Deidre -- "our agreement regarding the joint
15   representation of MGA Entertainment, MGA De Mexico, MGA HK,
16   Isaac Larion, collectively the MGA parties, and Deidre
17   Pietre by Orrick Herrington in connection with the above
18   matter."
19           Where is that agreement?
20           MR. MC CONVILLE:  If you are referring to the
21   March 4th e-mail that's on Orrick letterhead, that's --
22           THE COURT:  You are referring to this document
23   that you gave me.
24           MR. MC CONVILLE:  Right, that's a letter from
25   Annette Hurst.  It's not from Jeanine Pisoni.  It's from
```

Case 2:04-cv-09049-DOC-RNB   Document 8188   Filed 06/28/10   Page 5 of 11   Page ID
 #:266287
SACV 04-9049-DOC - 03/12/2010 - Vol. II

5

```
 1   Annette Hurst telling Jeanine Pisoni as general counsel of
 2   MGA and the affiliated MGA parties that we can represent MGA
 3   parties, and Deidre Pietre is the former COO.
 4              THE COURT:  All right.  Concerning the July 19th,
 5   2000, Keker Van Nest, which I'll refer to it, the Court
 6   doesn't find that there is any funneling of money, that the
 7   fees and the amounts mentioned are those which would be
 8   charged by counsel for representation.  So the claim of
 9   funneling or the concern by Mattel is not forthcoming, but
10   it is relevant because Carter Bryant had legal fees paid by
11   MGA, so therefore, it's going to be divulged because it does
12   go to bias, but of course, Mattel has the same bias
13   concerning Carter Bryant because he settled this matter.
14   I'm going to redact the amounts, though, and I think we'll
15   simply do the redaction in chambers and give you direction.
16   It's quicker.
17              On page 4, on paragraph G, if you look down at
18   paragraph G, four lines down, the typo says, "OMM perform
19   legal research."  That's not correct.  The document is
20   mistyped.
21              Concerning the engagement agreement, with Littler
22   Mendelson, the Court doesn't find any funneling in this
23   document as Mattel suspected, but there is bias that would
24   allow the introduction of this document that I think Mattel
25   is entitled to, but only the last paragraph on page 2 is
```

1  relevant.  The rest are simply hourly rates and the billing
2  practice, and the Court will redact that, that's all.
3         Concerning the Bienert, Miller, Katzman's Trueba
4  January 7th, 2010 representation, there is no funneling in
5  this document.  Mr. Bienert's charging appropriate amounts
6  that are set out, but the relevance is bias because Trueba's
7  legal fees are being reimbursed by MGA.  Therefore, only
8  Section C is appropriate and the rest of the document will
9  be redacted.  I'll deal with the Hurst letter in a few
10 moments back in chambers.
11        How soon will the rest of the agreements be in
12 court?
13        MR. MC CONVILLE:  So the update is, I should
14 expect in the next 15 minutes to have the vast majority of
15 them.  The difficulty is, your Honor --
16        THE COURT:  Your freedom depends today and tonight
17 on me getting those documents.
18        MR. MC CONVILLE:  Understood.
19        THE COURT:  There is no further discussion.
20        MR. MC CONVILLE:  Okay.
21        THE COURT:  I want to talk to each of you a little
22 bit on the record about Machado.
23        I made rulings -- counsel walked out of this court
24 after the rulings.  I heard a statement yesterday that
25 counsel tried to contact the Court.  I'll set the record

Case 2:04-cv-09049-DOC-RNB   Document 8188   Filed 06/28/10   Page 7 of 11   Page ID #:266289
SACV 04-9049-DOC - 03/12/2010 - Vol. II

7

1  that neither one of you left my court until midnight two
2  nights ago, I think 7:00 or 8:00 last night.  I'm always
3  here, but if I wasn't here, let's say between 6:00 and 8:00,
4  other than going to Pakistan on that occasion, that was not
5  related to Machado's testimony.  I was certainly here the
6  next day.
7           So when Machado left with Mr. Overland, your claim
8  is that you tried to contact me and tried to get ahold of me
9  that night?  No, no.  I'm hearing that from -- yesterday
10 that was the statement by Mr. McConville, that everybody was
11 trying to find me that night.  My response to that is
12 nonsense.  What really happened is you didn't call it back
13 to my attention, and if for some reason I went home at 8:00
14 or 9:00, and you were still in session, or if I was back in
15 the back and you rang the bell and couldn't get ahold of me,
16 why weren't you back in my court the next day?  Why weren't
17 you notifying me that there was something specific
18 concerning this?
19          What appears to me that happened is that neither
20 one of you took the effort to contact me, that Mr. Overland,
21 apparently, made the decision that the 5th was appropriate,
22 that nobody came back with specific rulings to this Court,
23 and Machado went back to Mexico.  Now, that's what appears
24 to me to have occurred.
25          MR. MC CONVILLE:  Your Honor, can I address that

Case 2:04-cv-09049-DOC-RNB   Document 8188   Filed 06/28/10   Page 8 of 11   Page ID
#:266290
SACV 04-9049-DOC - 03/12/2010 - Vol. II

8

```
 1   point?
 2              THE COURT:  Yeah, please.
 3              MR. MC CONVILLE:  Sure.
 4              So the deposition was on January 19th.
 5              THE COURT:  Okay.
 6              MR. MC CONVILLE:  I believe, according to my notes
 7   of a calendar, that you left the country on the afternoon of
 8   January 19th.  I believe the time was 2:00 p.m.  You said
 9   that was your drop-dead time --
10              THE COURT:  I may have gone to Armenia.
11              MR. MC CONVILLE:  -- and I believe you were gone
12   for an extended period of time.
13              THE COURT:  You may be right.  I may have been
14   gone to Armenia.
15              MR. MC CONVILLE:  So I believe --
16              THE COURT:  Well, why weren't you back in the
17   court before I left?  I mean, I made those rulings.  You
18   walked out, and you knew almost immediately what was
19   occurring.  I was still here at that time.  You had time to
20   get back to this court.
21              So I don't like the record, when I'm keeping you
22   here until midnight, all of a sudden, that you say the Court
23   is not available.  You could have come back in a week.
24   That's ridiculous.  You could have come back in an hour or a
25   half an hour.  I'm sitting here.
```

Case 2:04-cv-09049-DOC-RNB   Document 8188   Filed 06/28/10   Page 9 of 11   Page ID #:266291
SACV 04-9049-DOC - 03/12/2010 - Vol. II

9

```
 1              Now, I don't think there was any secret I was
 2    leaving.  I think I told all counsel that, didn't I?
 3              MR. MC CONVILLE:  You did, absolutely.
 4              THE COURT:  Now my recollection is being
 5    refreshed.  Well, where were you?  Having latte's at
 6    Starbucks?  I mean, why weren't you back in my court
 7    immediately if Overland's going to take that position as
 8    counsel, and you are asking the first questions, and it
 9    becomes obvious, knowing that the Court is going overseas
10    going to work for the state department, why weren't you back
11    here in a half an hour or an hour or two hours?  I didn't
12    leave this court until later that day.  I made those
13    rulings, from my recollection, pretty early that day.
14    Number two, I never got any contact in that period of time.
15    I could have made those orders by Blackberry driving to the
16    airport.
17              So I'm not going to be setup on this record by any
18    insinuation that the Court is not available.  I'm even
19    available in Pakistan getting information about you.
20              All right.  Susan Estridge, we're discussing that
21    between Bill --
22              MR. MC CONVILLE:  Molinski.
23              THE COURT:  -- Molinski and these eight -- where
24    are we on that, these eight witnesses?  I was supposed to
25    have an answer this morning.
```

Case 2:04-cv-09049-DOC-RNB   Document 8188   Filed 06/28/10   Page 10 of 11   Page ID #:266292
SACV 04-9049-DOC - 03/12/2010 - Vol. II

10

```
 1                  (No audible response.)
 2             THE COURT:  Okay, counsel.  Well, I'm trying to
 3   give you back some time.  I'm not artificially trying to
 4   capture you, but I am not at your beck and call; you are at
 5   mine.  So when are we going to reconvene?
 6             MR. MC CONVILLE:  I'll go across the street, print
 7   these letters that I've received.  I can be back in 20
 8   minutes.
 9             THE COURT:  Okay.  Thank you very much.
10             (Recess.)
11                              -oOo-
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

-oOo-

**CERTIFICATE**

    I hereby certify that pursuant to Section 753, Title 28, United States Code, the foregoing is a true and correct transcript of the stenographically reported proceedings held in the above-entitled matter and that the transcript page format is in conformance with the regulations of the Judicial Conference of the United States.

Date:  March 17, 2010

_____
JANE C.S. RULE, U.S. COURT REPORTER
CSR NO. 9316