MELINDA HAAG (State Bar No. 132612)
mhaag@orrick.com
ANNETTE L. HURST (State Bar No. 148738)
ahurst@orrick.com
WARRINGTON S. PARKER III (State Bar No. 148003)
wparker@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
405 Howard Street
San Francisco, CA 94105-2669
Tel: (415) 773-5700/Fax: (415) 773-5759

WILLIAM A. MOLINSKI (State Bar No. 145186)
wmolinski@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA 90017
Tel. (213) 629-2020/Fax: (213) 612-2499

THOMAS S. MCCONVILLE (State Bar No. 155905)
tmcconville@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
4 Park Plaza, Suite 1600
Irvine, CA 92614-2258
Tel: (949) 567-6700/Fax: (949) 567-6710

Attorneys for MGA Parties

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | Case No. CV 04-9049-DOC (RNBx)<br><br>Consolidated with:<br>Case No. CV 04-9059<br>Case No. CV 05-2727<br><br>Hon. David O. Carter<br><br>**THE MGA PARTIES' OPPOSITION TO MATTEL'S OBJECTIONS TO DISCOVERY MASTER'S RULINGS ON DEPOSITION QUESTIONS REGARDING PRODUCT PACKAGING**<br><br>Date:     TBD<br>Time:    TBD<br>Courtroom: 9D<br><br>**Phase 2**<br>Discovery Cutoff:    TBD<br>Pretrial Conference: TBD<br>Trial Date: TBD |

# INTRODUCTION

The Discovery Master correctly found that Mattel has been on notice that MGA is asserting rights in trapezoidal packaging in this lawsuit, and that Mattel products in trapezoidal packaging are properly subject to discovery in this case. As the Discovery Master noted, "Mattel has conceded that trapezoidal packaging is at issue" and Mattel's counsel "agree[d] that trapezoidal packaging was something that [MGA] alleged generally." [1] Upon reviewing Mattel's recently released Toy Story 3 products, the Discovery Master noted that the packaging "seems to be arguably within the definition of a trapezoid." [2] Thus, the Discovery Master found that Mattel's Toy Story 3 packaging is relevant to the case, a finding that is not clearly erroneous. Further solidifying the relevance of the Toy Story 3 products, MGA served a supplemental interrogatory response identifying them as accused products.

Instead, to avoid discovery into an infringing product, Mattel trots out its standard, and inapplicable, "reciprocity" argument, which has been repeatedly rejected. Mattel's sole argument is that MGA should be denied discovery because MGA previously argued that there should be no discovery on matters that post-date the pleading and discovery responses. The Court has rejected this kind of "reciprocity" or "tit for tat" argument as lacking merit.

As the Discovery Master found, because of the "recent entry of the product [Toy Story 3] on the market," its clear relevance to the case, and MGA's intention to add the product to the case, there is no reason to deny discovery on Toy Story 3. To avoid any uncertainty, MGA supplemented its discovery responses to include Mattel's Toy Story 3 in trapezoidal packaging. Therefore, the Discovery Master's ruling permitting discovery into Mattel's Toy Story 3 is not clear error and Mattel has not shown otherwise.

---

[1] 6/18/2010 Rough Copy Transcript of Timothy Kilpin at 106, 100-102. Pursuant to the Court's prior instructions, MGA will submit the transcript upon the Court's direction.
[2] *Id*. at 102.

- 1 -

# ARGUMENT

## I. THE DISCOVERY MASTER DID NOT ERR WHEN HE RULED THAT MATTEL'S TOY STORY 3 IS RELEVANT TO THE CASE AND DISCOVERY WAS APPROPRIATE.

"Mattel has conceded that trapezoidal packaging is at issue" and Mattel's counsel "agree[d] that trapezoidal packaging was something that [MGA] alleged generally." [3] The Discovery Master further noted that Mattel's Toy Story 3 "seems to be arguably within the definition of a trapezoid." [4] Therefore, the Discovery Master rightfully found that Mattel's Toy Story 3 is relevant to the case, and permitted discovery.

Mattel has had notice of MGA's claims on trapezoidal packaging since 2005. MGA alleged in its Complaint that Mattel infringed its trade dress in MGA products including its packaging in Bratz as part of its unfair competition claims. [5] MGA also identified the "unique, unusual geometric-shaped packaging" of MGA's Bratz line of dolls as part of its trade dress claims in its discovery responses. [6] Indeed, Mattel concedes that the trapezoidal packaging is at issue. [7] Any Mattel product in a trapezoidal packaging infringes MGA's trade dress as alleged in its Complaint and discovery responses.

Mattel 's argument that MGA is not entitled to discovery because it did not plead the specific product, Mattel's Toy Story 3 (Motion at 1) is wrong. As the Discovery Master noted, because of the "recent entry of the product [Toy Story 3] on the market," its clear relevance to the case, and MGA's intention to add the product to the case, discovery on Toy Story 3 is appropriate. [8] Mattel witnesses have testified that Mattel Toy Story 3 products have only recently entered the market, in April 2010. MGA had obtained these products only a week earlier. To

---

[3] 6/18/2010 Rough Copy Transcript of Timothy Kilpin at p. 106, 100-102.
[4] *Id.* at 102.
[5] Dkt. # 1 (Case No. 05-02727), at ¶110.
[6] Supplemental Responses of MGA Entertainment Inc. to Interrogatories 48-50 served on April 28, 2009 at 18, 21.
[7] 6/18/2010 Rough Copy Transcript of Timothy Kilpin at p. 106, 100-102.
[8] 6/18/2010 Rough Copy Transcript of Timothy Kilpin at 101-102; .

avoid any uncertainty, MGA supplemented its discovery responses to include Mattel's Toy Story 3 in trapezoidal packaging as a willful infringement and intentional dilution of its trade dress and trademark rights. [9] Therefore, the Discovery Master's ruling is not clear error.

## II. THE DISCOVERY MASTER DID NOT ERR WHEN HE REJECTED MATTEL'S "RECIPROCITY" ARGUMENT.

To avoid discovery into an infringing product, Mattel argues that MGA should be denied discovery into the Toy Story 3 products because MGA previously argued that there should be no discovery on matters that post-date the pleadings and discovery responses. [10] This kind of "reciprocity" or "tit for tat" argument of Mattel has been previously rejected by the Court. [11] In addition to being without merit, it is simply inapplicable here.

The only time MGA has taken the position that after-arising events do not permit discovery is when it is not reasonably encompassed by the scope of the pleadings, such as a completely different legal theory and a completely different product. MGA has not resisted discovery where it is reasonably within the pleadings. Indeed, MGA has spent millions of dollars enduring discovery on financial transactions that occurred after the filing of the last pleading on the basis that they were relevant to Mattel's then "to-be-amended" RICO claim.

Further, unlike MGA's objections to Mattel's discovery into Moxie dolls (Motion at 5), which had not been identified by Mattel as part of its trade secret claims in any pleading or discovery response, the trapezoidal packaging of Bratz has been at issue since 2005 when MGA filed its Complaint. Also, Mattel chose not to object or seek review of MGA's objections to discovery of Moxie dolls.

Thus, Mattel did not and cannot show that the Discovery Master's ruling permitting discovery into Mattel's Toy Story 3 in trapezoidal packaging was

---

[9] Supplemental response of MGA Entertainment Inc. to Mattel's Interrogatories served on June 18, 2010.
[10] Mattel's Objections at 5-9; 6/18/2010 Kilpin Depo. at 96, 99-102.
[11] Dkt. # 7961 at 3.

1 erroneous, let alone clearly erroneous. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a)(a district court will reverse a magistrate judge's order on a nondispositive discovery matter only if it is "clearly erroneous or contrary to law").

## CONCLUSION

For the foregoing reasons, Mattel's objection to the Discovery Master's ruling that Toy Story 3 product packaging is properly within the scope of MGA's 30(b)(6) deposition notice should be overruled, and Mattel should be ordered to produce a knowledgeable witness on this topic without further delay.

Respectfully submitted,

Dated: June 28, 2010     ORRICK, HERRINGTON & SUTCLIFFE LLP

By: ___*/s/ Sugithra Somasekar*___
Sugithra Somasekar
Attorneys for MGA Parties

OHS West:260941655.1