QUINN EMANUEL URQUHART & SULLIVAN, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  michaelzeller@quinnemanuel.com
  Jon D. Corey (Bar No. 185066)
  joncorey@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation,<br><br>              Plaintiff,<br><br>    vs.<br><br>MGA ENTERTAINMENT, INC., a California corporation, et al.,<br><br>              Defendants.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 DOC (RNBx)<br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>Hon. David O. Carter<br><br>**MATTEL, INC.'S BRIEF REGARDING IN CAMERA REVIEW PURSUANT TO JUNE 18, 2010 ORDER DIRECTING ELECTRONIC PRODUCTION OF DOCUMENTS BY MGA PARTIES**<br><br>**Phase 2**<br>Discovery Cut-off: TBD<br>Pre-trial Conference: TBD<br>Trial Date: TBD |

Pursuant to the Court's June 18, 2010 Order Directing Electronic Production of Documents by MGA Parties (Dkt. No. 8135), Mattel respectfully submits the following brief regarding the Court's *in camera* review of files and file names MGA has been ordered to submit to the Court by June 28, 2010.

**Preliminary Statement**

For years, MGA has obstructed discovery into spoliation on Isaac Larian's hard drives – discovery that has been compelled by the Court, the Discovery Master, the Electronic Discovery Special Master, and once again by the Court.[1]  And MGA's obstructionism continues.  Most recently, MGA flouted the Court's May 13, 2010 Order requiring *in camera* submission of files and file names that MGA has been withholding from Mattel for many months on purported privilege grounds.  Rather than submitting the ordered files and file names, MGA submitted some other set of files.  MGA also purports to withhold from Mattel even its argument to the Court on this issue, submitting improper *ex parte* argument along with its defective *in camera* submission, apparently in an effort to explain its violation of the Court's Order and to persuade the Court that it should not have to comply with the Order.

The files and file names MGA has been withholding from Mattel, and now from the Court, are part of an analysis that would have been completed months ago were it not for MGA's stonewalling.  In August 2009, in order to prevent Mattel's consultant from analyzing active files and to stave off a full inspection of Larian's hard drives, MGA represented to the Court that it would provide Mattel with copies of any active files its consultant relied on in responding to Mattel's analysis of the

---

[1] Order Granting Mattel, Inc.'s Motion Objecting to Portions of Discovery Master's December 31, 2007 Order Regarding Hard Drives, dated February 27, 2007, Dkt. No. 2362;  Phase 2 Discovery Matter Order No. 34 ("Order No. 34"), dated May 18, 2009, Dkt. No. 5510;  Report and Recommendation of Electronic Discovery Special Master, dated January 21, 2010, Not Docketed;  Order Sustaining MGA Parties' Objections to Recommendation No. 5 of January 5, 2010 Electronic Special Master R&R, dated April 7, 2010, Dkt. No. 7709.

drives.[2] Since then, MGA reiterated its agreement to provide Mattel with copies of active files its expert relied on[3] and again urged the Court to adopt this arrangement.[4] The Court did so and ordered the parties to follow a three-step protocol in which MGA would provide Mattel with copies of any active files its expert relied on.[5] Yet, MGA has still not provided Mattel with a single active file and has refused even to disclose the names of the files that Mattel's consultant has identified as deleted.

MGA claims this is because some of the files and file names contain privileged information, but MGA has withheld <u>all</u> files and file names it claims respond to Mattel's analysis, not just those it claims are privileged. Despite its wholesale withholding, MGA now complains – in an improper *ex parte* argument to the Court – that *in camera* submission of the withheld materials is burdensome because "[t]he entire universe of documents related to the files listed on 42 LLC's deleted files spreadsheet would fill approximately 40 boxes of documents."[6] The Court should not be unnecessarily burdened with review of documents MGA does not claim are privileged merely because MGA does not want to produce them. Mattel therefore respectfully requests that the Court review only those documents and file names MGA identifies pursuant to the Court's June 18, 2010 Order as purportedly privileged and order MGA to produce without further delay the remaining files and file names over which no privilege is claimed, so that Mattel's expert may finally, after over a year, complete the pending analysis of the Larian drives. Mattel also requests that MGA be

---

[2] August 31, 2009 Hearing Tr. at 7:11-8:2.
[3] November 10, 2009 Meet and Confer Tr. at 7:13-15.
[4] MGA Supplemental Briefing Pursuant to 2/27/2010 Order Re: Objections to Electronic Discovery Special Master Report and Recommendation No. 5, dated March 15, 2010, Dkt. No. 7651 at 8:27 – 9:12.
[5] Order Sustaining MGA Parties' Objections to Recommendation No. 5 of January 5, 2010 Electronic Special Master R&R, dated April 7, 2010, Dkt. No. 7709 at 3.
[6] Order Directing Electronic Production of Documents by MGA Parties ("June 18 Order"), dated June 18, 2010, Dkt. No. 8135 at 2.

ordered to produce the Rubin Declaration and any other non-privileged portions of MGA's June 9, 2010 voluntary *in camera* submission.

### Argument

On May 18, 2009, the Discovery Master compelled MGA to produce Isaac Larian's hard drives for forensic inspection and granted Mattel the "right to inspect any and all information on the produced Hard Drives" to determine whether information on the drives had been "deleted, destroyed, written over, lost, exported, moved, spoliated or otherwise rendered inaccessible or unreadable…."[7] Over a year later, MGA has still not disclosed to Mattel a single byte of data relating to the ordered inspection, refusing to let Mattel see even its own expert's analysis, based on an unsubstantiated, generalized claim that certain items located during MGA's analysis were privileged in nature. Mattel therefore respectfully submits the following requests, as permitted by the Court's June 18, 2010 Order,[8] to facilitate *in camera* review of purportedly privileged materials and bring an end to MGA's obstructionism.

### I. THE COURT SHOULD REVIEW ANY PURPORTEDLY PRIVILEGED FILE NAMES AND ORDER MGA TO PRODUCE THE REMAINING FILE NAMES TO MATTEL

MGA previously claimed to Mattel that the names of the files on Mattel's December 15, 2009 deleted files list may disclose privileged information to Mattel.[9] MGA now apparently makes the same argument to the Court, though Mattel is unaware of the precise terms of MGA's argument because MGA refused to serve Mattel with a copy. The Court's June 18 Order thus requires MGA to "produce for

---

[7] Order No. 34 at 12.
[8] June 18 Order at 2.
[9] In an April 19, 2010 meet and confer, MGA's counsel argued that some file names themselves "disclose the content of legal advice" and thus refused to disclose the entire list of file names to Mattel. See Mattel, Inc.'s Status Report Regarding the Larian Hard Drive Inspection Pursuant to the Court's April 10, 2010 Order, dated April 21, 2010, Dkt. No. 7754 at 3.

1 the Court's *in camera* review Mattel's December 15, 2009 deleted files list, as well as
2 a proposed redaction of that list on privilege grounds."[10]

3 Because the file names may be more quickly and easily reviewed than the files
4 themselves, Mattel requests that the Court first review the deleted files list for
5 privilege. Additionally, in order to ease the burden on the Court that MGA has
6 apparently expressed concern about, the Court should only review those file names
7 that MGA identifies as purportedly privileged, as this is the only justification MGA
8 has offered for withholding the file names. The Court should not be burdened with an
9 unnecessary review of file names MGA does not contend are privileged and should
10 order these file names to be produced to Mattel without further delay.

## II. THE COURT SHOULD REVIEW ANY PURPORTEDLY PRIVILEGED FILES AND ORDER MGA TO PRODUCE THE REST

13 MGA previously promised to provide Mattel with copies of any active files
14 MGA's expert relied on in responding to Mattel's expert's analysis of the Larian
15 drives – a proposal MGA itself made in order to stave off full inspection of the drives.
16 However, MGA now refuses to do so. As with the file names, MGA relies on claims
17 of privilege to justify wholesale withholding of the active files its expert has
18 examined. Accordingly, the Court has twice ordered MGA to submit for the Court's
19 *in camera* review "the content . . . of all files on the Larian hard drives, which contain
20 the contents of files identified by Mattel's December 15, 2009 deleted files list."[11]
21 The Court also ordered MGA to "identify each file on the December 15, 2009 deleted
22 files list, identify the still existing file with which it corresponds, and identify those
23 files it is withholding on privilege grounds."[12]

---

[10] June 18 Order at 2.
[11] Amended Order Granting Mattel's Proposed Search Terms for Larian Hard Drive, dated May 13, 2010, Dkt. No. 7860 at 2; June 18 Order at 2.
[12] June 18 Order at 2.

The files need only be reviewed by the Court for privilege. Though MGA has previously argued that Mattel's inspection should be narrowed using keyword searches, this argument misconstrues the Discovery Master's Order requiring inspection of the drives. That order permitted Mattel to inspect "any and all" information on the drives in order to determine whether "*any* information" on the drives has been deleted or destroyed, not some subset of information MGA believes is relevant.[13] MGA did not argue that Mattel's inspection should be limited based on "relevance" until nearly a year after the Order issued and months after Mattel began its inspection. Indeed, in the interim, MGA agreed on multiple occasions that it would produce to Mattel copies of any active files its experts relied on. Moreover, MGA's 30(b)(6) witness on document preservation admitted just days ago that any deletions from Mr. Larian's hard drives would be improper and a violation of MGA policy.[14] Mattel thus requests that the files be reviewed only for privilege. The Court need not take on the burden of reviewing the files MGA itself does not claim are privileged; instead, MGA should be ordered to produce these files to Mattel without further delay.[15]

---

[13] Order No. 34 at 12.

[14] Lisa Tonnu 30(b)(6) Rough Deposition Tr., dated June 25, 2010, at 57:24 – 58:4 ("Q: So Mr. Larian is obligated to follow that policy not to destroy documents? A: Yes. Q: And it would be improper if, in fact, he violated that policy and destroyed documents? A: Yes.").

[15] Additionally, so that Mattel's expert may test MGA's assertion that the files are active copies of the deleted files on Larian's hard drives, Mattel requests that (1) the Court require MGA to produce a list to Mattel, similar to that required by the June 18 Order, showing which entries on Mattel's deleted files list correspond to each of the produced documents, and (2) in addition to the production to Mattel's counsel, MGA be ordered to provide Mattel's experts with forensically sound copies of each of the active files, including file path and all other metadata.

## III. THE RUBIN DECLARATION AND ALL OTHER NON-PRIVILEGED PORTIONS OF MGA'S IMPROPER *EX PARTE* SUBMISSION SHOULD BE PRODUCED

The Court's May 13, 2010 Order did not call for the submission MGA made on June 9. The materials MGA submitted were submitted voluntarily and withheld from Mattel not on the basis of privilege, but because they purportedly contain "sensitive information."[16] MGA may not withhold non-privileged relevant information merely because MGA deems it "sensitive."[17]

These materials are clearly relevant. The Court's June 18 Order makes clear that substantial portions of MGA's June 9, 2010 *in camera* submission contain improper *ex parte* argument. Indeed, the Order itself states that disclosure of certain parts of the submission is necessary "to ensure the integrity of the discovery process and ensure that MGA's representations are exposed to adversarial review."[18] MGA's *ex parte* submission of argument on an issue pending before the Court is improper and, as the Court has previously recognized, "circumvents the adversarial process."[19] Mattel therefore requests that, to the extent not already accomplished in the Court's

---

[16] June 18 Order at 1, n.1.

[17] Moreover, even if MGA claimed the Declaration were privileged, it waived any such protection by voluntarily submitting the Declaration to the Court without being compelled to do so. Weil v. Investment/Indicators, Research and Management, Inc., 647 F. 2d 18, 24 (9th Cir. 1981) ("it has been widely held that voluntary disclosure of the content of a privileged communication constitutes a waiver of the privilege").

[18] June 18 Order at 1, n.1. Indeed, after receiving MGA's Notice of Lodging in connection with its *in camera* submission, which indicated that MGA had submitted expert evidence in the form of a declaration from its forensic expert, Sam Rubin, on an *ex parte* basis, Mattel twice requested that MGA meet and confer regarding production of the declaration, once on June 11 and again on June 16. See Letter from Diane Hutnyan to Warrington Parker, dated June 11, 2010; email from Curran Walker to Warrington Parker, Annette Hurst, et al., dated June 16, 2010. MGA did not respond to either of Mattel's requests.

[19] Order Directing Lodging of Letter Briefs, dated March 1, 2010, Dkt. No. 7598 at 2.

June 18 Order, all non-privileged portions of MGA's *in camera* submission, including the Rubin Declaration, be disclosed to Mattel.

## Conclusion

For the foregoing reasons, Mattel respectfully requests that the Court (1) review the file names on Mattel's deleted files list that MGA identifies as privileged and order all other file names produced, (2) review the files on Mattel's deleted files list that MGA identifies as privileged and order all other files on the list produced, and (3) order MGA to produce all non-privileged portions of its June 9, 2010 *in camera* submission.

DATED:  June 29, 2010          QUINN EMANUEL URQUHART & SULLIVAN, LLP

By /s/ Michael T. Zeller
   Michael T. Zeller
   Attorneys for Mattel, Inc.