QUINN EMANUEL URQUHART & SULLIVAN, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  michaelzeller@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>MGA ENTERTAINMENT, INC., a California corporation, et al.,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 DOC (RNBx)<br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>**DISCOVERY MATTER**<br><br>Hon. David O. Carter<br><br>**MATTEL, INC.'S REPLY IN SUPPORT OF OBJECTIONS TO THE DISCOVERY MASTER'S RULING ON DEPOSITION QUESTIONS REGARDING PRODUCT PACKAGING**<br><br>Date: TBD<br>Time: TBD<br>Place: Courtroom 9D<br><br>**Phase 2**<br>Discovery Cut-off: TBD<br>Pre-trial Conference: TBD<br>Trial Date: TBD |

**Preliminary Statement**

Straining to split hairs, MGA argues that when it resisted discovery into "products" that supposedly were not "encompassed by the scope of [Mattel's] pleadings" (Opp. at 3), it was doing so on different grounds than when Mattel resisted discovery into "Toy Story 3" products at the deposition of Tim Kilpin. There is no difference. MGA repeatedly – and successfully – resisted discovery into products, claims and issues that it urged were not fairly "encompassed by" Mattel's operative pleading at the time, on the grounds that such discovery was not relevant. Now, MGA is doing precisely the opposite. It is insisting that Mattel's 30(b)(6) witness, Mr. Kilpin, should have been required to answer deposition questions concerning "Toy Story 3" products even though it is undisputed that those products had never before been "encompassed by" any MGA pleading or discovery responses at the time of Mr. Kilpin's deposition. MGA cannot have it both ways. Nor is this about reciprocity; it is about judicial estoppel. Questions concerning "Toy Story 3" products were not relevant at the time of Mr. Kilpin's deposition, nor were they included in MGA's Notice of Deposition. Mr. Kilpin should not be required to respond to such questions, and MGA should not be permitted discovery on this product line unless and until this Court grants MGA leave to amend its Complaint to add them.

**Argument**

**I.   QUESTIONS REGARDING "TOY STORY 3" PRODUCTS ARE NOT RELEVANT**

MGA contradicts itself by arguing that because "trapezoidal packaging" generally is purportedly relevant to MGA's trade dress infringement claims, then "Toy Story 3" products specifically must be relevant too. (Opp. at 2). This is precisely contrary to what MGA has argued before. For example, by March 2010, Mattel's broadly-pleaded claim for trade secret misappropriation had long been pending. However, according to MGA, Mattel had not specifically identified "Moxie" products as being a part of Mattel's trade secret claim. On that basis, MGA refused to allow its

witnesses respond to deposition questions concerning "Moxie" products, arguing: "*There's not an allegation in the existing pleadings that concerns Moxie in any way. . . So as far as we're concerned, there's nothing that's relevant to Moxie that's part of this case.*"[1]

Now, MGA has changed its tune. It argues that because its trade dress claim was pleaded broadly to include allegations concerning "the trapezoidal packaging *of Bratz*" (Opp. 3, emphasis added), the trapezoidal packaging of *any Mattel product* is fairly in play, provided that MGA has some undisclosed intention to someday supplement its pleadings and discovery responses to make reference to such products. (Opp. at 2 (noting MGA's "intention to add the product to the case")). But the hypothetical addition of a new product line to the case does not make that product line relevant before such addition – as MGA itself tacitly acknowledged when it served purported supplemental discovery responses *after* the completion of Mr. Kilpin's deposition. And even now, MGA has not obtained, or even sought, the Court's leave to add allegations regarding "Toy Story 3" to the case. MGA instead just purported to dictate that it could unilaterally interject an entirely new product line into this case at this stage – undoubtedly because, in order to obtain the Court's leave, MGA would have to contradict the positions it took in opposing Mattel's most recent request for leave to amend. Such gamesmanship should not be rewarded.

MGA also argues that it "has not resisted discovery where it is reasonably within the pleadings." (Opp. at 3). In support, MGA cites the "millions of dollars" it has spent "enduring discovery on financial transactions that occurred after the filing of the last pleading on the basis that they were relevant to Mattel's then 'to-be-amended' RICO claim." (Opp. at 3). That argument is misleading. As Mattel explained in its Motion, when Mattel first sought discovery concerning the "Omni transaction" – which was immediately after Mattel learned of that transaction and before it had an

---

[1] Pietri Dep., Vol. 1, March 8, 2010 ("Pietri Dep."), at 149:20-150:3 (emphasis added).

1  opportunity to amend its pleading to add allegations about it – the MGA and Omni
2  Parties *successfully* resisted such discovery specifically on the grounds that issues
3  related to the Omni transaction were not encompassed by Mattel's then-operative
4  Second Amended Counterclaims. (Mot. at 5-6). It was only *after* Mattel filed its Third
5  Amended Counterclaims, which included allegations about the Omni transaction, that
6  MGA was required to "endure" discovery into those allegations. For MGA to now
7  suggest that it welcomed such discovery all along because it recognized that the Omni
8  transaction might someday become relevant after Mattel amended its pleading is
9  disingenuous and not supported by the record (which MGA notably does not cite).

## II. MATTEL'S MOTION TURNS ON RELEVANCE AND JUDICIAL ESTOPPEL, NOT "RECIPROCITY"

MGA's attempt to cast Mattel's Motion as based on "'reciprocity' or 'tit for tat'" (Opp. at 1, 3) is unavailing. Mattel's motion turns not only on the inequity in rewarding MGA for taking directly contrary positions concerning identical discovery issues simply to suit its interests, but also on the scope of relevant discovery in this case. In the Order to which MGA cites to support its argument that the Court has previously rejected "reciprocity" arguments (Opp. at 3, citing Dkt. 7961 at 3), the Court simply noted – in the context of an unrelated discovery dispute – that its discovery rulings are not governed by "idle demands for reciprocity," but rather by "the relevance of the discovery sought." (Dkt. 7961 at 3).

Here, MGA has taken inconsistent positions that relate directly to the relevance of discovery. It argued that unless and until a product or issue is added to Mattel's pleadings through an amendment and referenced in Mattel's discovery responses, that product or issue *is not relevant to the case*. Before Mr. Kilpin's deposition, the Discovery Master had agreed with that position. (Mot. at 6). That same relevance standard should be applied consistently in the case, and, indeed, principles of judicial estoppel require that MGA be bound by its own prior positions, successfully advocated to the Court. See Hamilton v. State Farm Fire & Cas. Co., 270 F.3d 778, 782 (9th Cir.

2001) ("Judicial estoppel is an equitable doctrine that precludes a party from gaining an advantage by asserting one position, and then later seeking an advantage by taking a clearly inconsistent position."). Under the standards advocated by MGA, MGA's questions to Mr. Kilpin concerning "Toy Story 3" products did not seek relevant information, and the Discovery Master's order requiring Mattel's corporate designee – who was not and could not have been on notice of such questions in any event – to respond to such questions was erroneous.

## Conclusion

For the foregoing reasons, Mattel respectfully requests that the Court overrule the Discovery Master's instructions that Mattel's 30(b)(6) witness Tim Kilpin respond to questions concerning "Toy Story 3" products.

DATED: June 30, 2010            QUINN EMANUEL URQUHART & SULLIVAN, LLP

By /s/ Michael T. Zeller
   Michael T. Zeller
   Attorneys for Mattel, Inc.