1   QUINN EMANUEL URQUHART & SULLIVAN, LLP
      John B. Quinn (Bar No. 090378)
2      johnquinn@quinnemanuel.com
      Michael T. Zeller (Bar No. 196417)
3      michaelzeller@quinnemanuel.com
    865 South Figueroa Street, 10th Floor
4   Los Angeles, California 90017-2543
    Telephone: (213) 443-3000
5   Facsimile: (213) 443-3100

6   Attorneys for Mattel, Inc.

7                   UNITED STATES DISTRICT COURT

8                  CENTRAL DISTRICT OF CALIFORNIA

9                        SOUTHERN DIVISION

| | |
|---|---|
| 10   MATTEL, INC., a Delaware corporation, | CASE NO. CV 04-9049 DOC (RNBx) Consolidated with Case No. CV 04-09059 Case No. CV 05-02727 |
| 11 | |
| 12              Plaintiff, | |
| 13         vs. | DISCOVERY MATTER |
| 14   MGA ENTERTAINMENT, INC., a California corporation, et al., | <u>Hon. David O. Carter</u> |
| 15              Defendant. | MATTEL, INC.'S MOTION TO COMPEL MGA ENTERTAINMENT, INC. TO PRODUCE DOCUMENTS USED TO REFRESH THE RECOLLECTION OF MGA CANADA'S RULE 30(b)(6) DESIGNEE DIANE GOVEIA-GORDON |
| 16 | |
| 17   AND CONSOLIDATED ACTIONS | |
| 18   **PUBLIC REDACTED VERSION** | MEMORANDUM OF POINTS AND AUTHORITIES |
| 19 | |
| 20 | Date:   TBD Time:   TBD Place:  Courtroom 9D |
| 21 | |
| 22 | Phase 2 Discovery Cut-off:  TBD Pre-trial Conference:  TBD Trial Date:  TBD |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

00505.07975/3559682.1

1

# **TABLE OF CONTENTS**

2                                                                                               **Page**

3

4  PRELIMINARY STATEMENT ................................................................. 1

5  STATEMENT OF FACTS .................................................................... 1

6  ARGUMENT ................................................................................ 6

7  I.    GOVEIA-GORDON'S RELIANCE ON DOCUMENTS TO REFRESH
        HER RECOLLECTION PRIOR TO DEPOSITION WAIVED ANY
8        PRIVILEGE THAT MIGHT OTHERWISE APPLY ...................................... 6

9  CONCLUSION ............................................................................. 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

00505.07975/3559682.1

MATTEL'S MOTION TO COMPEL DOCUMENTS USED TO REFRESH GOVEIA-GORDON'S MEMORY

1

# TABLE OF AUTHORITIES

2
                                                                          **Page**

## Cases

3

4   A. Farber & Partners, Inc. v. Garber,
5       234 F.R.D. 186 (C.D. Cal. 2006)...................................................8

    Coryn Group II, LLC v. O.C. Seacrets, Inc.,
6       265 F.R.D. 235 (D. Md. 2010) ...............................................7, 9

7   Derderian v. Polariod Corp.,
8       121 F.R.D.13 (D. Mass. 1988).................................................5

    Federal Deposit Ins. Corp. v. Butcher,
9       116 F.R.D. 196 (E.D. Tenn. 1986).............................................7

10  In re Comair Air Disaster Litig.,
        100 F.R.D. 350 (E.D. Ky. 1983)..............................................9
11

    In re Horn,
12      976 F.2d 1314 (9th Cir. 1992) ...............................................8

13  Nutramax Labs., Inc. v. Twin Labs., Inc.,
        183 F.R.D. 458 (D. Md. 1998)..........................................6, 7, 8
14

    Thomas v. Euro RSCG Life,
15      264 F.R.D. 120 (S.D.N.Y. 2010)............................................6

16  U.S. v. 22.80 Acres of Land,
        107 F.R.D. 20 (N.D. Cal. 1985) ......................................6, 7, 9
17

    U.S. ex rel Fago v. M & T Mortgage Corp.,
18      235 F.R.D. 11(D. D.C. 2006) .................................................3

19  Wheeling-Pittsburgh Steel Corp. v. Underwriters Labs., Inc.,
        81 F.R.D. 8 (N.D. Ill. 1978)....................................................6
20

## Statutes

21

22  Fed. R. Civ. P. 30(b)(6).............................................................passim

23  Fed. R. Evid. 612(2)..........................................................5, 6, 8

24

25

26

27

28

1  TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2       PLEASE TAKE NOTICE that, on a date and at a time to be determined by the

3  Court, before the Honorable David O. Carter, plaintiff Mattel, Inc. ("Mattel") will, and

4  hereby does, move the Court to compel the MGA Parties to produce all documents

5  used to refresh the recollection of Ms. Diane Goveia-Gordon in preparing for the <u>Rule</u>

6  30(b)(6) deposition of MGA Entertainment Canada, Inc. ("MGA Canada"), including

7  documents currently withheld on the grounds of alleged privilege.

8       Mattel makes this motion on the grounds that Ms. Goveia-Gordon reviewed

9  allegedly privileged documents to refresh her recollection or memory, she used the

10  documents for the purpose of testifying as MGA Canada's <u>Rule</u> 30(b)(6) corporate

11  designee, and production of such documents is necessary to permit Mattel to challenge

12  MGA Canada's testimony.

13       This Motion is based on the accompanying Memorandum of Points and

14  Authorities, the records and files of this Court, and all other matters of which the

15  Court may take judicial notice.

16                     **<u>Certification of Compliance</u>**

17       Pursuant to the Court's June 7, 2010 Order, lead counsel for Mattel and MGA

18  met and conferred on June 15, 2010 regarding the issues raised in this motion.

19  Despite Mattel's efforts to resolve the matters herein, no agreement was reached.

20

21  DATED:  June 30, 2010        QUINN EMANUEL URQUHART & SULLIVAN. LLP

22

23                   By  /s/ Michael T. Zeller

24                     Michael T. Zeller
                   Attorneys for Mattel. Inc.

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

### Preliminary Statement

Ms. Goveia-Gordon testified that in preparing for her deposition as MGA Canada's <u>Rule</u> 30(b)(6) designee, ████████████████ ████████████████████ about events surrounding the departure of Ms. Janine Brisbois from Mattel to MGA Canada. Goveia-Gordon's reliance on these documents waived any privilege that might otherwise apply. Mattel is entitled to these documents to dispute her testimony. Moreover, Goveia-Gordon's status as a <u>Rule</u> 30(b)(6) corporate designee creates a heightened need for Mattel to discover the factual basis for testimony that was not based on Goveia-Gordon's personal knowledge. MGA waived the privilege for all documents that refreshed Goveia-Gordon's recollection prior to her deposition.

### Statement of Facts

**Deposition Testimony.** Ms. Goveia-Gordon is the President of MGA Canada.[1] She started working for MGA in June 2004 ███████████████████ ███████ for MGA Canada, which was formally established in 2005.[2] She was designated as MGA Canada's <u>Rule</u> 30(b)(6) witness, and she testified over a three-day period from February 3 to February 5, 2010.

One of the central topics at Goveia-Gordon's deposition was Ms. Janine Brisbois,[3] a former Mattel sales director in charge of Mattel's Wal-Mart account in

---

[1] ██████████████████████████████████████

[2] ██████████████████

[3] Notice of Deposition to MGA Entertainment Canada Pursuant to Federal Rule of Civil Procedure 30(b)(6), dated February 1, 2010, at Topic No. 4: "The interview and hiring of BRISBOIS, including without limitation all COMMUNICATIONS between YOU, MGA and BRISBOIS."; <u>id</u>. at Topic No. 5: "The retention, transfer, copying and use of MATTEL documents, files or information by BRISBOIS after she became employed by YOU."; <u>id</u>. at Topic No. 10: "The content, meaning and authenticity of BRISBOIS' personnel file maintained or created by YOU, including

1   Canada for approximately six years before she resigned to handle the Wal-Mart and
2   Toys-R-Us accounts as Vice President for MGA Canada.[4] Brisbois spoke with Larian
3   four days before she resigned from Mattel, on the same day that she copied
4   approximately 45 confidential Mattel documents onto a USB drive labeled
5   "BACKPACK."[5]  During her deposition, Brisbois confirmed that ████████████

6   ███████████████████████████████████████████████████████

7   ███████████████████████████████████████████████████████

8   ███████████████████████████████████████████████████████

9   ███████████████████████████████████████████████████████

10  ████████████████████████████

11  _____

12  but not limited to any adverse employment action, discipline, warning, admonition
    or other reprimand against BRISBOIS after YOU learned BRISBOIS took
13  DOCUMENTS, proprietary information and/or other trade secrets created by or
14  originating from MATTEL"; id. at Topic No. 11: "YOUR methods and procedures
    regarding access, use, reproduction, storage, transmission, transfer, disclosure,
15  retention, destruction or use of any MATTEL DOCUMENTS, data and/or
16  information that YOU received, directly or indirectly, from BRISBOIS"; id. at
    Topic No. 27: "YOUR investigation of the facts and circumstances concerning the
17  hiring of and/or theft of trade secrets by BRISBOIS . . . ."; id. at Topic No. 28: "Any
18  investigation of the facts and circumstances concerning the hiring of and/or theft of
    trade secrets by BRISBOIS . . . ."; id. at Topic No. 30: "ALL COMMUNICATIONS
19  between YOU and any governmental authority, including, without limitation law
20  enforcement authorities or governmental officials concerning any of the following
    topics . . . . Any investigation by Canadian law enforcement authorities of
21  BRISBOIS"; also id. at Topic Nos. 9, 14, 31, 32 (referring to Brisbois by name).
22      [4]  See FAAC ¶¶ 57-60; ███████████████████████████████
        [5]  See FAAC at ¶¶ 61-63.
23      [6]
24  ███████████████████████████████████████████████████
25  ███████████████████████████████████████████████████
26  ███████████████████████████████████████████████████
27  ███████████████████████████████
28  ███████████████████████████████

1      During the deposition of Ms. Goveia-Gordon as MGA Canada's <u>Rule</u> 30(b)(6)

2   designee,[10] Mattel asked about her preparation:





<hr/>

[10]   Although Goveia-Gordon testified based on her personal knowledge regarding certain topics, her testimony as a <u>Rule</u> 30(b)(6) designee was not limited to her personal knowledge.  Her testimony was also based on reviewed documents and interviews of current and former MGA Canada employees.  <u>See</u> <u>U.S. ex rel Fago v. M & T Mortgage Corp.</u>, 235 F.R.D. 11, 23 (D. D.C. 2006) (<u>Rule</u> 30(b)(6) designee "can testify on matters not only within his or her personal knowledge, but also on matters reasonably known by the responding entity.").

[11]




After stating that she reviewed ostensibly privileged documents to refresh her recollection concerning Brisbois' theft of Mattel's trade secrets, Ms. Goveia-Gordon claimed in her testimony, among other things, that

¹²

1 ████████████████████████████████████████████ All of these subjects are

2 highly relevant to Mattel's Phase 2 claims—including Mattel's allegation that MGA

3 bribed Brisbois and stole Mattel's trade secrets—but Mattel is unable to cross-examine

4 Ms. Goveia-Gordon concerning the privileged documents she used to refresh her

5 recollection prior to giving this critical testimony at her deposition.[20]

6     **Meet and Confer.**  On June 10, 2010, Mattel requested to meet and confer with

7 MGA, stating that "Ms. Goveia-Gordon's reliance on those documents to refresh her

8 recollection waived any privilege or work product, and they must now be produced."[21]

9 During the conference call, MGA argued that privileged documents did not refresh

10 Goveia-Gordon's recollection; rather, some other unspecified documents did.  In

11 response, Mattel referred to Goveia-Gordon's deposition testimony █████████

12 ████████████████████████████████████████████████████████████

13 ██████████████████████████████████ MGA then argued that

14 it could not identify the documents that Goveia-Gordon reviewed.  Mattel suggested

15 that MGA could simply ask her which documents she reviewed to prepare for the

16 deposition and produce them, but MGA flatly refused to follow up on this issue or

17 produce any allegedly privileged documents.

18

19

20

21

22

23    [19] ████████████████████████████████████████████████

24 ████████████████████████████████████████████████████████████

25    [21]  Letter from Michael Zeller to Annette Hurst and Tom McConville, dated

26 June 10, 2010, at 5 (citing Derderian v. Polariod Corp., 121 F.R.D.13, 15 (D. Mass.

27 1988) ("By using a document to refresh recollection in connection with testimony at

a deposition, a privilege or protection which previously attached to the document

28 may be waived.")).

## Argument

### I. GOVEIA-GORDON'S RELIANCE ON DOCUMENTS TO REFRESH HER RECOLLECTION PRIOR TO DEPOSITION WAIVED ANY PRIVILEGE THAT MIGHT OTHERWISE APPLY

Federal Rule of Evidence 612(2) "permit[s] discovery of writings (or portions thereof) that a witness reviewed before a deposition for the purpose of refreshing his or her recollection; any privilege or work product protection against disclosure is deemed waived as to those portions so reviewed." U.S. v. 22.80 Acres of Land, 107 F.R.D. 20, 25 (N.D. Cal. 1985). "[A]n adverse party is entitled to production of a writing used for refreshing one's recollection for use on cross-examination so that he may search out any discrepancies between the writing and the testimony." Wheeling-Pittsburgh Steel Corp. v. Underwriters Labs., Inc., 81 F.R.D. 8, 10 (N.D. Ill. 1978). Courts routinely compel disclosure of otherwise privileged documents used to refresh a witness's recollection prior to deposition.[22]

Since Goveia-Gordon conceded that ██████████████ ████████████████████████████████████ it is clear that their production is in order. Her admission establishes that she put privileged documents to testimonial use during her deposition. See Nutramax Labs., Inc. v. Twin Labs., Inc., 183 F.R.D. 458, 468 (D. Md. 1998) ("[I]f the first two elements are met, then it safely may be concluded that the documents have been put to a testimonial use for purposes of work product doctrine analysis.").

---

[22]   See, e.g., 22.80 Acres of Land, 107 F.R.D. at 26 ("Under Fed. Rule of Evid. 612(2), and the relevant case law, the court holds that the government has waived any work product protection it might otherwise have been able to assert with respect to Mr. Grijalva's appraisal report [used to refresh the witnesses' recollection prior to deposition]."); Thomas v. Euro RSCG Life, 264 F.R.D. 120, 122 (S.D.N.Y. 2010) ("But plaintiff waived that privilege when she relied on the notes in connection with her deposition testimony.")

Moreover, disclosure of the documents is necessary so that Mattel can effectively cross-examine Ms. Goveia-Gordon regarding the scope of Brisbois' theft, the use of Mattel's trade secrets, and the knowledge of MGA and Larian regarding the theft, which were apparently the subjects of the emails used to refresh the witness's recollection. See 22.80 Acres of Land, 107 F.R.D. at 26 ("Access to the appraisal reports is necessary to enable defendants to effectively cross-examine government appraisal officials concerning the basis for their positions on the issue of compensation.").

Ms. Goveia-Gordon's status as a Rule 30(b)(6) corporate designee makes a production order all the more warranted. "There is a greater need to know what materials were reviewed by . . . designee witnesses in preparation for deposition since the substance of their testimony may be based on sources beyond personal knowledge." Nutramax, 183 F.R.D. at 469. Since Ms. Goveia-Gordon acknowledged that ███████████████████████████████████████ ███████████████ there is "a heightened need to discover the factual basis for [her] testimony." Nutramax, 183 F.R.D. at 472 (compelling disclosure of documents used to refresh the recollection of Rule 30(b)(6) witness prior to deposition); see also Coryn Group II, LLC v. O.C. Seacrets, Inc., 265 F.R.D. 235, 243 (D. Md. 2010) (compelling disclosure of documents used to refresh recollection of Rule 30(b)(6) witness because "where a corporate designee testifies on topics of which he denies any personal knowledge, he is an 'empty vessel' and documents reviewed on those topics in preparation for the deposition necessarily informed his testimony."); Federal Deposit Ins. Corp. v. Butcher, 116 F.R.D. 196, 199 (E.D. Tenn. 1986) ("The only reason that I can imagine that [Rule 30(b)(6)] witnesses McKinney, Childs and Hall were not prepared for the depositions by allowing them to read the six-part memoranda is that the FDIC does not want to risk a Rule 612(2) . . . motion to

---

23 ███████████████████████████████████████████ ███████████████████████████████

00505.07975/3559682.1

1  produce the [privileged] six-part memoranda if it had been read prior to the
2  deposition.").

3      At the meet-and-confer, MGA refused to produce the documents, claiming that
4  Goveia-Gordon did not refresh her memory with any privileged documents.  But her
5  own deposition testimony refutes this assertion because ████████████

6  ███████████████████████████████████████████████

7  ███████████████████████████████████████████████

8  ███████████████████████████████████████████████

9  ████████

10      MGA also argues that it cannot identify the documents used to refresh Goveia-
11  Gordon's recollection.   This argument is meritless.   Mattel's counsel requested
12  production of the documents on the record at deposition.[25]  MGA's counsel did not
13  claim to be confused about what documents Goveia-Gordon reviewed.  MGA cannot
14  escape its production obligations by belatedly feigning confusion now.  ████████

15  ████████████████████████████████████████  These

16  should be easy enough to find, both from the witness's computer and that of counsel,
17  particularly given that MGA's counsel undoubtedly has records of what it showed
18  Goveia-Gordon to prepare for her deposition, like careful counsel typically would do.

19      In any event, MGA carries the burden of identifying withheld documents and
20  supporting a claim of privilege, not Mattel.  A. Farber & Partners, Inc. v. Garber, 234
21  F.R.D. 186, 192 (C.D. Cal. 2006); In re Horn, 976 F.2d 1314, 1318 (9th Cir. 1992).
22  To the extent MGA argues that the documents were not described with enough
23  specificity to implicate Rule 612(2), it is wrong.  The Court can compel production
24  based on an "admission by the deponent that review of documents aided memory."
25  Nutramax, 183 F.R.D. at 472.  The Court should not allow MGA to prepare Ms.
26  Goveia-Gordon with privileged documents and then blame Mattel for not knowing the

27  ───────────────
   [24] ████████████████████
28  █████████████████████████████████████████████

1  exact identity of the ███████████████████████████ See 22.80 Acres of

2  Land, 107 F.R.D. at 26 ("[I]t would be unfair and unduly prejudicial to permit the

3  deponent [] to review the [] report, give a deposition with it fresh in his mind, yet keep

4  it unavailable to opposing counsel.") (quoting In re Comair Air Disaster Litig., 100

5  F.R.D. 350, 354 (E.D. Ky. 1983)).  MGA has *exclusive* knowledge of ████████████

6  ███████████████████ to refresh Ms. Goveia-Gordon's recollection.  MGA

7  should be compelled to produce the documents it is withholding to Mattel, or at a

8  minimum, submit them for *in camera* review so the Court can determine which

9  privileged documents should be produced.  Coryn Group, 265 F.R.D. at 243 ("[T]he

10  Court may still determine whether the documents were used [to prepare a Rule

11  30(b)(6) witness] through an *in camera* review of the documents and the deposition

12  transcript.").

13                                    **Conclusion**

14          The Court should compel MGA to produce all documents used to refresh

15  Goveia-Gordon's recollection prior to her deposition, including purportedly privileged

16  documents, and order MGA to submit them for *in camera* review if necessary.

17

18  DATED:  June 30, 2010              QUINN EMANUEL URQUHART &
                                       SULLIVAN, LLP
19

20                                     By /s/ Michael T. Zeller
21                                        Michael T. Zeller
                                          Attorneys for Mattel. Inc.
22

23

24

25

26

27

28