QUINN EMANUEL URQUHART & SULLIVAN, LLP
  John B. Quinn (Bar No. 090378)
  (johnquinn@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>MGA ENTERTAINMENT, INC., a California corporation, et al.,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 DOC (RNBx)<br>Consolidated with<br>Case Nos. CV 04-09059 & CV 05-02727<br><br>Hon. David O. Carter<br><br>**[PUBLIC REDACTED] MATTEL, INC.'S NOTICE OF MOTION AND MOTION TO COMPEL RE MGA MEXICO'S DOCUMENT RETENTION AND DESTRUCTION**<br><br>Hearing Date: TBD<br>Time: TBD<br>Place: TBD<br><br>**Phase 2**<br><br>Discovery Cutoff: TBD<br>Pre-trial Conference: TBD<br>Trial: TBD |

1  TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2  PLEASE TAKE NOTICE that at a time and date set by the Court, in the courtroom of The Honorable David O. Carter, located at 411 West Fourth Street, Santa Ana, California, 92701, Mattel, Inc. ("Mattel") will, and hereby does, move for an order compelling MGAE de Mexico, S.R.L. de C.V. ("MGA Mexico") to produce all non-privileged documents in MGA Mexico's custody, possession, or control responsive to Request Nos. 40, 51-52, and 134-135 in Mattel's First Set of Requests for Documents and Things to MGAE de Mexico, S.R.L. de C.V., dated November 21, 2007 ("First Set").

This Motion is made pursuant to Federal Rules of Civil Procedure 34 and the Court's inherent powers. The requests seek relevant, discoverable evidence under Rule 34, and MGA Mexico's objections are meritless.

This Motion is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, the records and files of this Court, and all other matters of which the Court may take judicial notice.

## Certification of Compliance

On multiple occasions since April 2, 2009, and dates thereafter, counsel for Mattel met and conferred regarding MGA Mexico's failure to produce documents responsive to the First Set. Most recently, lead counsel for Mattel and MGA Mexico met and conferred, pursuant to Court order, on June 15, 2010. The parties have been unable to reach resolution on these issues.

DATED: July 1, 2010                    QUINN    EMANUEL    URQUHART    &
                                       SULLIVAN. LLP


                                       By /s/ Michael T. Zeller
                                          Michael T. Zeller

## MEMORANDUM OF POINTS AND AUTHORITIES

### Preliminary Statement

Deposition testimony shows that MGA Mexico has not conducted adequate searches for documents responsive to Mattel's requests for production. ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ This combination makes the requests for production at issue in this motion all the more important, and all the more proper. Mattel has long been seeking documents relating to MGA Mexico's preservation and – more to the point – spoliation of evidence. Remarkably, MGA Mexico has refused to produce documents responsive to these requests. The requests should be compelled.

### Background

<u>Mattel's First Set of Requests to MGA Mexico.</u> Mattel served its First Set of Requests for Production to MGA Mexico in November 2007. That set included five Requests related to MGA Mexico's preservation and destruction of documents.[1] These Requests ask MGA Mexico to produce:

REQUEST FOR PRODUCTION NO. 40:

    ALL DOCUMENTS that REFER or RELATE to efforts to destroy, disable or otherwise interfere with the ability to access any MATTEL computer or electronic storage device.

REQUEST FOR PRODUCTION NO. 51:

    All DOCUMENTS that REFER OR RELATE TO the destruction, loss, failure to preserve, or otherwise render unavailable or inaccessible any MATTEL DOCUMENTS.

---

[1] <u>See</u> First Set of Requests at Request Nos. 40, 51-52, and 134-35.

REQUEST FOR PRODUCTION NO. 52:

    All DOCUMENTS that REFER OR RELATE TO the destruction, loss, failure to preserve, or otherwise render unavailable or inaccessible any MATTEL computer or electronic storage device.

REQUEST FOR PRODUCTION NO. 134:

    All DOCUMENTS that REFER OR RELATE TO the preservation, collection, destruction, removal, transfer, loss or impairment of YOUR DOCUMENTS and DIGITAL INFORMATION in connection with the ACTION and/or any DOCUMENTS requested by MATTEL in the ACTION.

REQUEST FOR PRODUCTION NO. 135:

    All DOCUMENTS that REFER OR RELATE TO the preservation, collection, destruction, removal, transfer, loss or impairment of YOUR DOCUMENTS and DIGITAL INFORMATION since January 1, 2003 that REFER OR RELATE TO MATTEL (including without limitation to any MATTEL product, plan or information) that YOU received in any manner from any PERSON who was at the time an employee of MATTEL or who had previously been an employee of MATTEL.

In response to each of these Requests – indeed, to every Request in Mattel's First Set – MGA served boilerplate objections and refused to produce any documents.[2]

After the Court lifted the stay on Phase 2 discovery, Mattel moved to compel these Requests.[3] The Discovery Master denied Mattel's Motion without prejudice, and

---

[2] See MGAE de Mexico S.R.L. de C.V.'s Objections and Responses to Mattel, Inc.'s First Set of Requests for Documents and Things, dated December 21, 2007.

[3] See Dkt. No. 5971.

ordered the parties to meet and confer in person.[4] For two of them (Nos. 40 and 52), MGA Mexico stated at that meet and confer that it was "willing to produce in response to the request as written."[5] However, MGA Mexico never followed through with that promise. Then, at the June 15, 2010 meet and confer that led up to this motion, counsel for MGA Mexico changed position and stated, through lead counsel, that it was refusing to produce *any* documents responsive to those Requests. MGA Mexico also confirmed that it is refusing to produce documents responsive to Request Nos. 51, 134 and 135. As to those, while MGA Mexico claims to have produced some unidentified subset of the requested documents, MGA Mexico refuses to comply with the requests as written, even though the requests clearly are proper.

## Argument

### I. MGA MEXICO SHOULD BE ORDERED TO PRODUCE DOCUMENTS RESPONSIVE TO MATTEL'S DOCUMENT PRESERVATION AND DESTRUCTION REQUESTS

#### A. Request Nos. 40 and 52

Request Nos. 40 and 52 seek documents related to the intentional destruction, loss, or rendering inaccessible of any Mattel computers or electronic storage devices. The requests clearly are proper. Evidence of spoliation by MGA Mexico is highly relevant; it is expressly pleaded as part of Mattel's RICO claims.[6] These requests, which seek documents relating to attempts to spoliate information from Mattel computers, are proper on their face. Mattel has specifically alleged that, on the day of his resignation, Machado ran a program called "System & Internet Washer Pro" on a Mattel computer in an attempt to erase information and communications relevant to this

---

[4] See Dkt. No. 6437 at 13.
[5] See Letter from William Molinski to Marshall M. Searcy, dated September 9, 2009.
[6] See Mattel, Inc.'s Fourth Amended Answer and Counterclaims ("FAAC"), dated April 12, 2010, at ¶ 95.

1 action.[7] █████████████████████████

2 ████████████████[8] Documents responsive to these Requests may resolve this
3 disputed issue and show that Machado intentionally disabled his computer at the
4 direction of the MGA Parties. MGA Mexico initially agreed to produce documents in
5 response to Request Nos. 40 and 52 of the First Set "as written."[9] Although MGA
6 Mexico recently reneged on its agreement, these clearly proper Requests should be
7 compelled in full.

    **B.   Request Nos. 51, 134, and 135**

9 Request Nos. 51, 134 and 135 seek documents concerning the destruction, loss or
10 failure to preserve documents and information taken from Mattel, as well as documents
11 relating to retention policies and related issues. These documents also clearly must be
12 produced.

13 In its prematurely filed Motion for Summary Adjudication of Mattel's Trade
14 Secret Misappropriation Claims, MGA asserted that "████████████████"[10]
15 The crux of this argument was that ██████████████████████████
16 ████████████████████"[11] MGA Mexico made similar arguments
17 throughout its Motion.[12] MGA Mexico is sure to make these same arguments again in
18 the future. Request Nos. 51, 134 and 135 seek documents that will explain one of the

---

[7] See M 0126025-6190, at M 0126069; see also FAAC, ¶ 95.
[8] See Deposition Gustavo Machado, Vol. 4, at 449:9-453:6 (█████████
████████████).
[9] See letter from Bill Molinski to Marshall M. Searcy, dated September 9, 2009.
[10] See Notice of Motions and Motions by MGAE de Mexico to Dismiss for Lack of Personal Jurisdiction and On Ground of *Forum Non Conveniens*, Motion by MGA and Isaac Larian for Summary Adjudication of Foreign Trade Secret Claims, Dkt. No. 7898, at 23:24.
[11] Id. at 24:15-16.
[12] See, e.g., id. at 11:12-19 (to argue lack of personal jurisdiction); 20:27-78 (to argue that Mattel lacks standing); 25:13-14 (to argue that Mattel cannot point to evidence of "██████████████").

reasons why this argument is wrong: to the extent there is any absence of direct proof that MGA Mexico used the stolen trade secrets (in reality, there is such evidence), that is because the evidence was destroyed.

This is not a speculative or wishful request. To the contrary, there is ample evidence already, from individual depositions, that MGA Mexico and the former employees *did* intentionally destroy evidence of what was stolen from Mattel. For example, Pablo Vargas recently testified that, ███████████████████ ███████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████[13] Vargas testified that ████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ██████████████████[14] Vargas also █████████████████████████████ ████████████████████████████████████████████████████████████████ ████████████████[15] Similarly, Machado testified that, ███████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████[16] and ████████████████████████████████████████████████████████████[17]. Machado then ████████████████████████████[18] He testified that ████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████[19]

---

[13] See Deposition of Pablo Vargas, Vol. 2, at 250:23-256:3.
[14] Id. at 254:4-10; 254:20-255:3.
[15] Id. at 255:22-256:3.
[16] See Deposition of Gustavo Machado, Vol. 3, at 200:22-205:9.
[17] Id.
[18] Id. at 218:5-12 (████████████████████████████████████████████████ ████████████████████████████████).
[19] Id. at 218:16-222:1.

While this deposition testimony is certainly illuminating – and particularly so in light of the evidence that MGA Mexico did not even conduct searches for documents until at least 2009[20] – deposition testimony is no substitute for the documents that are responsive to Request Nos. 51, 134, and 135. Those documents should be ordered produced.

## II. MGA Mexico's Objections Are Without Merit

To the extent MGA Mexico attempts to stand on any of its objections, they should be overruled. None of these requests is overbroad or unduly burdensome; they seek discrete categories of clearly relevant documents. MGA Mexico has argued that the phrase "render unavailable or inaccessible" is vague and ambiguous. In the context of the Requests, relating to rendering unavailable or inaccessible any Mattel "computer or electronic storage device," the meaning of this phrase is plain. Nor are the terms "impairment" or "in connection with" vague and ambiguous. The term "employee" does not call for an improper legal conclusion, as MGA Mexico has also spuriously claimed. Last, these Requests are not duplicative, and MGA Mexico has failed to substantiate its claim that they are. Indeed, MGA Mexico has made no showing that all responsive documents it possesses have already been produced to Mattel, nor has it claimed that is so. The Requests should be compelled.

---

[20] Pablo Vargas testified that ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ See Deposition of Pablo Vargas, Vol. 3, at 498:4-499:2. Susana Kuemmerle, the former head of MGA Mexico, testified that ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉. See Deposition of Susanna Kuemmerle, Vol. 1, at 226:2-227:2. And to this day, MGA is refusing to search the relevant hard drives of Machado, Vargas, Kuemmerle or Mariana Trueba. See MGA Parties' Opposition to Mattel Inc's Rule 34 Motion, dated June 7, 2010, at 1.

## Conclusion

For the foregoing reasons, Mattel respectfully requests that the Court grant Mattel's Motion in its entirety.

DATED: July 1, 2010      QUINN EMANUEL URQUHART & SULLIVAN, LLP

By /s/ Michael T. Zeller
   Michael T. Zeller
   Attorneys for Plaintiff
   Mattel, Inc.