1   QUINN EMANUEL URQUHART & SULLIVAN, LLP
      John B. Quinn (Bar No. 090378)
2      johnquinn@quinnemanuel.com
      Michael T. Zeller (Bar No. 196417)
3      michaelzeller@quinnemanuel.com
     865 South Figueroa Street, 10th Floor
4    Los Angeles, California  90017-2543
     Telephone:  (213) 443-3000
5    Facsimile:   (213) 443-3100

6   Attorneys for Mattel, Inc.

7                  UNITED STATES DISTRICT COURT

8                 CENTRAL DISTRICT OF CALIFORNIA

9                      SOUTHERN DIVISION

10  | MATTEL, INC., a Delaware corporation, | CASE NO. CV 04-9049 DOC (RNBx) |
    |---|---|

| MATTEL, INC., a Delaware corporation, | CASE NO. CV 04-9049 DOC (RNBx) Consolidated with Case No. CV 04-09059 Case No. CV 05-02727 |
|---|---|
| Plaintiff, | |
| vs. | Hon. David O. Carter |
| MGA ENTERTAINMENT, INC., a California corporation, et al., | **MATTEL, INC.'S NOTICE OF MOTION AND MOTION FOR AN ORDER COMPELLING COMPLETE RULE 26 DISCLOSURES, RESPONSES TO INTERROGATORIES AND PRODUCTION OF DOCUMENTS BY CARLOS GUSTAVO MACHADO GOMEZ; AND** |
| Defendant. | |
| AND CONSOLIDATED ACTIONS | **MEMORANDUM OF POINTS AND AUTHORITIES** |
| | Date:    TBD Time:    TBD Place:   Courtroom 9D |
| | **Phase 2** Discovery Cut-off:   TBD Pre-trial Conference:   TBD Trial Date:   TBD |

**PUBLIC-REDACTED VERSION**

1  TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2  PLEASE TAKE NOTICE that, on a date and at a time to be determined, before

3  the Honorable David O. Carter, located at 411 West Fourth Street, Santa Ana,

4  California, 92701, plaintiff Mattel, Inc. ("Mattel") will, and hereby does, move the

5  Court, pursuant to <u>Federal Rules of Civil Procedure</u> 26, 34 and 37, for an order:

6  (1)  overruling Machado's objections, including his objection on Fifth

7  Amendment grounds, to Mattel's First Set of Requests for Documents and Things to

8  Carlos Gustavo Machado Gomez and compelling Machado to produce all responsive,

9  non-privileged documents in his custody, possession or control;

10  (2)  compelling Machado to produce a privilege log for any documents

11  withheld from production on attorney-client privilege or work product grounds;

12  (3)  overruling Machado's objections, including his objection on Fifth

13  Amendment grounds, to Mattel Supplemental Interrogatory Nos. 56-63, 65-67 and 69

14  and compelling full and complete responses thereto without objections;

15  (4)  overruling Machado's objections, including his objection on Fifth

16  Amendment grounds, to Mattel's Supplemental Interrogatory Regarding Defendants'

17  Affirmative Defenses, and compelling a full and complete response thereto without

18  objections;

19  (5)  overruling Machado's objections, including his objection on Fifth

20  Amendment grounds, to Mattel's First Set of Requests for Admissions; and

21  (6)  overruling Machado's objections, including his objection on Fifth

22  Amendment grounds, to his Rule 26 disclosure obligations and compelling full and

23  complete disclosures pursuant to Rule 26(a)(1).

24  Mattel brings this Motion to compel on the grounds that the specific Requests

25  identified seek relevant, discoverable information, and Machado has no legitimate

26  basis to continue to withhold the discovery sought by Mattel.

27

28

1    This Motion is based on this Notice of Motion and Motion, the accompanying

2  Memorandum of Points and Authorities, the records and files of this Court, and all

3  other matters of which the Court may take judicial notice.

4    **Certification of Compliance with the Court's June 6, 2010 Order**

5    Lead counsel for Mattel and Machado met and conferred on July 2, 2010 in

6  compliance with the Court's June 6, 2010 Order, but could not resolve the motion.

7

8  DATED:  July 6, 2010              QUINN EMANUEL URQUHART &
                                     SULLIVAN. LLP
9

10                                    By  /s/ Michael T. Zeller
                                      Michael T. Zeller
11                                    Attorneys for Mattel. Inc.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# <u>TABLE OF CONTENTS</u>

<u>Page</u>

MEMORANDUM OF POINTS AND AUTHORITIES .............................................. 1

PRELIMINARY STATEMENT .......................................................................... 1

BACKGROUND ................................................................................................. 1

ARGUMENT ...................................................................................................... 5

I.      THE COURT SHOULD OVERRULE MACHADO'S FIFTH
        AMENDMENT OBJECTIONS TO THE DISCOVERY AT
        ISSUE. ..................................................................................................... 5

II.     THE COURT SHOULD COMPEL MACHADO TO PRODUCE
        ALL DOCUMENTS RESPONSIVE TO MATTEL'S REQUESTS ........ 6

III.    THE COURT SHOULD ORDER MACHADO TO PRODUCE A
        PRIVILEGE LOG. ................................................................................. 8

IV.     THE COURT SHOULD OVERRULE MACHADO'S FIFTH
        AMENDMENT OBJECTION TO MATTEL'S AFFIRMATIVE
        DEFENSE CONTENTION INTERROGATORY ................................... 9

V.      THE COURT SHOULD ORDER MACHADO TO PROVIDE
        FULL AND COMPLETE RESPONSES TO MATTEL'S
        INTERROGATORY NOS. 56-63, 65-67 AND 69. .............................. 10

VI.     THE COURT SHOULD ORDER MACHADO TO PROVIDE
        COMPLETE RESPONSES TO MATTEL'S RFAS. .............................. 12

CONCLUSION .................................................................................................. 13

MATTEL. INC.'S MOTION FOR DISCOVERY

1

## **TABLE OF AUTHORITIES**

2
**Page**

3

### **Cases**

4   Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Court,
        408 F.3d 1142 (9th Cir. 2005) ............................................................. 8
5
    Davis v. Fendler,
6       650 F.2d 1154 (9th Cir. 1981) ........................................................... 10

7   National Academy of Recording Arts & Sciences, Inc. v. On Point Events, LP,
        256 F.R.D. 678 (D. Cal. 2009) ........................................................ 7, 9
8
    Richmark Corp. v. Timber Falling Consultants,
9       959 F.2d 1468 (9th Cir. 1992) ........................................................... 10

10  U.S. v. Koubriti,
        297 F. Supp. 2d 955 (E.D. Mich. 2004) .............................................. 5
11

12

### **Statutes**

13  Fed. R. Civ. P. § 26(b)(5) ...................................................................... 8

14  Fed. R. Civ. P 33(a)(2)........................................................................ 8, 9

15  Fed. R. Civ. P. § 33(b)(2) .................................................................... 10

16  Fed. R. Civ. P. 36................................................................................ 12

17

18

19

20

21

22

23

24

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

### Preliminary Statement

The Court has previously found that defendant Carlos Gustavo Machado Gomez ("Machado") has no Fifth Amendment rights to assert and overruled such objections when compelling Mr. Machado to testify at deposition. Despite the Court's prior orders, Mr. Machado continues to invoke the Fifth Amendment to justify his refusals to producing material discovery to Mattel.[1]  By this Motion, Mattel accordingly seeks an order overruling that objection and Mr. Machado's other objections and compelling the production of responsive documents and a privilege log, complete Rule 26 disclosures and responses to interrogatories, including basic contention interrogatories.

### Background

Machado's Initial Disclosures.  Machado served Mattel with his Initial Disclosures pursuant to Rule 26(a)(1) on September 24, 2007.  In Machado's Initial Disclosures, Machado identified no individuals likely to have discoverable information that he may use to support his defenses and failed to identify information that could only be known to him, such as whether he has insurance that may be liable to satisfy part or all of the judgment.[2]  Machado also objected to certain portions of the Initial Disclosures based on his Fifth Amendment rights.[3]  To date, despite Mattel's requests, Machado has failed to supplement his Initial Disclosures to bring them into compliance with the Federal Rules.

---

[1]  The Court declined to enter a stipulation overruling Machado's assertions of the Fifth Amendment for all purposes, but instead stated that it would "consider the validity of the Fifth Amendment assertions with respect to each request."  Order Denying Stipulation re: Carlos Gustavo Machado Gomez's Assertion of Fifth Amendment Right Against Self-Incrimination, dated April 29, 2010, at 1.

[2]  Machado's Initial Disclosures Pursuant to Rule 26(a)(1), dated September 24, 2007.

[3]  Id. at 5.

00505.07975/3536700.1

1    <u>Mattel's First Set of Requests for Documents and Things to Machado</u>.   On

2    September 11, 2007, Mattel served its First Set of Requests for Documents and Things

3    to Machado.   Those Requests sought the production of documents relevant to Mattel's

4    Phase 2 trade secret misappropriation, unfair competition and RICO claims, including

5    documents taken from Mattel de Mexico,[4] documents referring or relating to Mattel

6    line lists or business plans,[5] Mattel documents authored or used by Machado or any

7    other MGA employee,[6] and documents that Machado, Pablo Vargas or Mariana

8    Trueba provided to or shared with MGA, Isaac Larian or Susana Kuemmerle prior to

9    October 27, 2005.[7]   These documents are relevant to show the theft and use of Mattel's

10   trade secrets by MGA and Machado and to show a pattern of misconduct by

11   defendants in support of Mattel's RICO claims.

12         The Requests also seek other documents to substantiate and support Mattel's

13   claims, including  document transfers and communications between MGA and current

14   Mattel employees prior to their resignation from Mattel[8] and travel to and from Los

15   Angeles by Machado, Vargas and Trueba and, specifically, meetings with MGA or

16   Larian, prior to their resignation from Mattel.[9]   The Requests are properly tailored to

17   seek information regarding MGA's and the other defendants' theft and use of Mattel

18   trade secrets and their pattern of illegal acts targeting Mattel.

19         <u>Machado's Refusal To Produce Any Documents Other Than Those Publicly</u>

20   <u>Available</u>.   On October 15, 2007, Machado served responses in which he agreed to

21   produce documents responsive to all of Mattel's Requests, subject to his objections.

22   Those objections included attorney-client privilege and work product doctrine

---

[4]   Mattel, Inc.'s First Set of Requests for Documents and Things to Carlos Gustavo Machado Gomez ("Mattel's RFP"), dated September 11, 2007, Request Nos. 1-3 and 6.  The text of each RFP Mattel is moving on is set forth in Exhibit A.

[5]   Mattel's RFP Nos. 5 and 13.

[6]   Mattel's RFP No. 57.

[7]   Mattel's RFP Nos. 58-66.

[8]   Mattel's RFP Nos. 7, 11-12, and 17-25.

[9]   Mattel's RFP Nos. 68-79.

objections and Fifth Amendment objections.[10] Machado has not provided a privilege log documenting the withheld documents.[11] He has also failed to produce responsive documents.  Machado's entire production consists of only 205 pages of copies of pleadings and print-outs from web sites.[12]  Machado has not produced a single email or any communications with anyone at MGA or at Mattel.[13] Nor has he produced any metadata, phone records, or documents sufficient to identify his telephone providers.[14] He has not produced any agreements or employment records.

Mattel's Supplemental Interrogatories.  On January 9, 2008, Mattel served Supplemental Interrogatories on Machado.  In these interrogatories, Mattel sought Machado's factual contentions regarding Machado's theft and use of Mattel's trade secrets and intellectual property, i.e., regarding Mattel's Phase 2 claims.[15] Interrogatory Nos. 56-63 seek information regarding Machado's misappropriation of Mattel's trade secrets, including his contentions regarding his acquisition of the trade secrets,[16] use or disclosure,[17] damages,[18] and whether Mattel's documents have independent economic value or are publicly known.[19]  Interrogatory Nos. 65-67 and 69 seek information related to Machado's document collection efforts[20] and the identity of payments to and from Machado.[21]  Although these interrogatories were

---

[10]   Machado's Objections to Mattel's First Set of Requests for Documents and Things, dated October 15, 2007.

[11]   Declaration of Matthew Korhonen filed herewith at ¶ 3.

[12]   Korhonen Dec. at ¶ 2.

[13]   Id.

[14]   Id.

[15]   The text of each Interrogatory Mattel is moving on is set forth in Exhibit B.

[16]   Mattel's Supplemental Interrogatories, dated January 9, 2008, Nos. 56-58.

[17]   Id. at No. 61.

[18]   Id. at No. 62.

[19]   Id. at Nos. 59-60.

[20]   Id. at Nos. 65-66.

[21]   Id. at Nos. 67 and 69.

00505.07975/3536700.1

MATTEL. INC.'S MOTION FOR DISCOVERY

served on and clearly directed to Machado (as well as other parties), Machado has provided neither responses nor even objections to these interrogatories.

Mattel's Supplemental Interrogatory Regarding Defendants' Affirmative Defenses. On December 3, 2007, Mattel served its Supplemental Interrogatory Regarding Defendant's Affirmative Defenses on Machado. This interrogatory seeks facts upon which Machado intends to rely to support his affirmative defenses and the identity of persons with knowledge of those facts. In his January 7, 2008 response, Machado provides no substantive response. Instead, he responded that the supporting facts are supposedly "known only to Mattel."[22] Machado also asserts several catch-all affirmative defenses, such as "Undiscovered Defenses" and "Joinder in Defenses of Co-Defendants."[23] Each of these "defenses" purports to be "a reservation of Machado's right to present additional defenses" at a later time – precisely the situation that interrogatories are intended to address.

Mattel's First Set of Requests for Admission. On May 11, 2010, Mattel served its First Set of Requests for Admission on Machado. These Requests seek admissions in support of Mattel's RICO claims against Machado, including admissions that Machado made a particular phone call or that a communication sent by Machado crossed state lines.[24] In his June 11, 2010 response, Machado refused to respond to any of these Requests, relying on objections based, in whole or in part, on the Fifth Amendment.

---

[22]   Machado's Response to Mattel's Interrogatory Regarding Affirmative Defenses, Affirmative Defense Nos. 2-10.

[23]   Id. at Affirmative Defense Nos. 11-12.

[24]   Mattel, Inc.'s First Set of Requests for Admissions to Machado, dated May 11, 2010, at Request Nos. 7-8.

**Argument**

I.   **THE COURT SHOULD OVERRULE MACHADO'S FIFTH AMENDMENT OBJECTIONS TO THE DISCOVERY AT ISSUE.**

Machado continues to assert a right against self-incrimination to refuse to produce documents or to provide substantive responses to Mattel's discovery.[25] Machado does so notwithstanding the Court's prior rulings in January 2010 that "the Fifth Amendment privilege [is] unavailable" to Machado.[26] On March 15, 2010, the Court issued an additional Order again confirming that Machado "cannot avail himself of the Fifth Amendment" and compelling him to provide responsive testimony at deposition.[27]

The reasoning underlying these Orders applies equally to the discovery at issue in this Motion. The Assistant United States Attorney has represented that Machado is not a target or a subject of inquiry, so his production of the responsive documents cannot be said to be incriminating. See U.S. v. Koubriti, 297 F. Supp. 2d 955, 964-65 (E.D. Mich. 2004) (production of documents was not incriminating where prosecutors discounted their importance to a criminal charge on the record). As the Court ruled, "no authority or fact capable of supporting a reasonable belief that Machado's disclosures could lead to evidence that could be used in a criminal prosecution in the United States" exists.[28]

---

[25]   Machado's Objections to Mattel's First Set of Requests for Documents and Things, dated October 15, 2007; Machado's Response to Mattel, Inc.'s Amended Supplemental Interrogatory Regarding Affirmative Defendant's Defenses, dated January 7, 2008.
[26]   Transcript of January 19, 2010 hearing, Volume II, at 6:22-23.
[27]   See March 15, 2010 Order (Docket No. 7657) at p. 2-3.
[28]   See March 16, 2010 Order (Docket No. 7657) at p. 2.

## II. **THE COURT SHOULD COMPEL MACHADO TO PRODUCE ALL DOCUMENTS RESPONSIVE TO MATTEL'S REQUESTS**

Mattel's requests for production seek relevant documents from Machado. Machado, however, refuses to produce documents relying on a host of objections, in addition to his privilege and Fifth Amendment objections. These objections do not justify the continuing withholding of relevant documents.

<u>Documents Removed from Mattel or Related to Mattel</u>. Request Nos. 1-3, 5-6, 8, 13, and 57 seek documents removed from Mattel de Mexico and documents relating to Mattel products, plans, business information, line lists, or other documents prepared by Mattel. Such documents are relevant to Mattel's trade secret misappropriation claims against Machado and MGA and clearly are properly discoverable.

<u>Documents Created for, Provided to, Received From, or Relating to MGA or its Agents Prior to April 20, 2004</u>. Request Nos. 7, 11-12, 16-28, 47-48, 50-51 and 68-79 all seek documents regarding interactions and communications between Machado, Vargas, Trueba, MGA, Larian and Kuemmerle before April 20, 2004, the day after Machado, Vargas and Trueba resigned from Mattel. These interactions are relevant to prove, among other things, that MGA targeted Machado and other Mattel employees and induced them to steal Mattel's trade secrets, and that the thefts were part of a scheme of misconduct perpetrated by Larian and MGA. Again, these documents are clearly relevant and discoverable.

<u>Communications Between Mattel Employees, Former Employees and MGA</u>. Request Nos. 4, 9-10, 39-46, 53, and 67 seek communications, and documents referring or relating thereto, between former Mattel employees, Mattel employees, MGA, and agents of MGA before and after Machado, Vargas and Trueba joined MGA Mexico. These communications are relevant to show MGA's pattern of targeting Mattel's employees to take Mattel trade secrets. The subject matter of these requests is properly tailored to seek communications relevant to Mattel's trade secret misappropriation claims against Machado and MGA.

1     <u>Documents Relating to Employment and Compensation from Mattel and MGA</u>.

2  Request Nos. 14-15, 29-38, 49, and 52 seek documents referring or relating to

3  Machado, Vargas, and Trueba's resignation from Mattel and their subsequent

4  employment and compensation at MGA.  These documents are also relevant to prove

5  that MGA targeted Mattel employees, induced them to steal Mattel's trade secrets, and

6  that the thefts were part of a scheme of misconduct perpetrated by Larian and MGA.

7  Moreover, they are relevant to show that the thieves received substantially higher

8  salaries and more prestigious titles when they arrived at MGA, as a reward for their

9  theft of Mattel's trade secrets.

10     <u>Documents Related to the Search of MGA Mexico's Offices and Documents</u>

11  <u>Shared with MGA or Its Agents Prior to October 27, 2005</u>.  Request Nos. 54-55 and

12  58-66 seek documents referring or relating to the search of MGA Mexico's office by

13  Mexican authorities and documents that were provided to, delivered, or shared with

14  MGA or its agents prior to October 27, 2005, the date of the search.  The documents

15  seized by Mexican authorities are relevant to show MGA's misappropriation and use

16  of Mattel's trade secrets, and the documents transferred to MGA before the search are

17  relevant to show that some documents taken by the thieves in Mexico may not have

18  been included in the documents seized in the search.

19     <u>Documents Regarding Document Preservation and Spoliation</u>.  Request Nos. 56

20  and 80 seek documents related to the preservation, retention, and possible destruction

21  and spoliation of evidence.  These requested documents are relevant for a host of

22  reasons, including without limitation to proving RICO predicate acts alleged by

23  Mattel, refuting MGA's claims that it did not use Mattel's trade secrets and

24  establishing that Machado's admitted destruction of his hard drives was willful.

25     <u>Documents Relating to Underlying Facts</u>.  Request Nos. 81-82 seek documents

26  relating to any facts underlying any of Machado's defenses or the claims for relief in

27  Mattel's complaint.  Requests for such documents are proper.  <u>See</u> <u>National Academy</u>

28  <u>of Recording Arts & Sciences, Inc. v. On Point Events, LP</u>, 256 F.R.D. 678, 682 (D.

Cal. 2009) ("Interrogatory no. 15, which asks defendant to identify its affirmative defenses and state the facts supporting these defenses, is a contention interrogatory under Rule 33(a)(2) and Request Nos. 20-26, which seek documents supporting defendant's affirmative defenses, are complementary and proper document requests.").

Machado's objections to Mattel's Requests for Production should be overruled.

## III.   THE COURT SHOULD ORDER MACHADO TO PRODUCE A PRIVILEGE LOG.

Machado has objected to Mattel's documents requests on privilege grounds.[29] He has not, however, produced a privilege log, as he must. See Fed. R. Civ. P. § 26(b)(5); Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Court, 408 F.3d 1142, 1148-49 (9th Cir. 2005); Phase 2 Discovery Matter Order No. 22, dated April 28, 2009, at 55 (holding Machado must produce privilege log for Yahoo! emails). Throughout this litigation, both the Court and the Discovery Master have consistently required, for parties and non-parties alike, the prompt production of a privilege log as the "universally accepted" means to justify to withholding of otherwise responsive documents on the grounds of privilege.[30] Accordingly, Machado should be compelled to provide a privilege log for all communications prior to November 20, 2006, the date that Mattel sought leave to add Machado as a named defendant.[31]

---

[29]   See Machado's Objections to Mattel's First Set of Requests for Documents and Things, dated October 15, 2007.

[30]   Phase 1 Discovery Master's Order re Mattel's Motion to Compel Farhad Larian, Kaye Scholer, and Stern & Goldberg to Produce Documents, dated January 25, 2008, at 13 (ordering non-party to produce a document-by-document privilege log); July 2, 2007 Minute Order at 2, Proctor Decl., Ex. 16 ("The Discovery Master's order compels the production of only non-privileged documents. . . . If the only responsive documents are privileged, then MGA need not produce them, but must produce a privilege log.").

[31]   See Phase 2 Discovery Matter Order No. 22, dated April 28, 2009 (holding that although April 2004 is the cut-off date for Mattel and MGA to log privileged communications, because Machado was added as a defendant on November 20,

## IV. THE COURT SHOULD OVERRULE MACHADO'S FIFTH AMENDMENT OBJECTION TO MATTEL'S AFFIRMATIVE DEFENSE CONTENTION INTERROGATORY

Machado has refused to provide any substantive response to Mattel's interrogatory seeking the facts supporting his affirmative defenses – an interrogatory that straightforwardly asks Machado to "[s]tate all facts which support YOUR affirmative defenses, and IDENTIFY all PERSONS with knowledge of such facts and all DOCUMENTS that REFER OR RELATE TO such facts."[32] The language of this interrogatory was expressly approved by Judge Larson,[33] and it is clearly proper. National Academy of Recording Arts & Sciences, Inc. v. On Point Events, LP, 256 F.R.D. at 682; Fed. R. Civ. P 33(a)(2). Requiring a defendant to answer a contention interrogatory "is consistent with Rule 11, which requires parties to have some factual basis for their claims and allegations." National Academy, 256 F.R.D. at 682. Machado should be compelled to respond to this interrogatory. Mattel is entitled to know the identities of Machado's witnesses, which he refuses to provide.[34] Mattel is also entitled to know the facts that Machado contends will support his affirmative defenses, which again he refuses to provide. Machado maintains that such facts "are known only to Mattel,"[35] but that is of course not so – only Machado can say what he is relying on. Given that Machado has withheld the facts underlying his affirmative defenses, as well as the identify of persons with knowledge who can be deposed or subpoenaed, Mattel's ability to prepare for trial on those defenses is prejudiced. Full and complete responses to Mattel's interrogatory should be ordered.

---

2006, that date should serve as the cut-off date for Machado's obligations to log privileged emails).

[32] Mattel, Inc.'s Supplemental Interrogatory Regarding Defendant's Affirmative Defenses, dated December 3, 2007, at 5.

[33] Order dated December 3, 2007, at 1-2.

[34] Machado's Response to Mattel, Inc.'s Amended Supplemental Interrogatory Regarding Affirmative Defenses, dated January 7, 2008.

[35] See id.

1  **V.    THE COURT SHOULD ORDER MACHADO TO PROVIDE FULL**

2  **AND COMPLETE RESPONSES TO MATTEL'S INTERROGATORY**

3  **NOS. 56-63, 65-67 AND 69.**

4        Mattel long ago served Machado with interrogatories seeking facts known to

5  Machado and facts upon which Machado intends to rely at trial, and the identity of

6  individuals with knowledge of those facts, in defending against Mattel's claims.[36]

7  Twenty-eight months have passed and Machado has provided no objections or

8  responses to these interrogatories.  Consequently, Machado has waived any objections

9  that he may have had with regard to these interrogatories.  "The failure to timely

10 respond to a discovery request constitutes a waiver of any objection." Richmark Corp.

11 v. Timber Falling Consultants, 959 F.2d 1468, 1473 (9th Cir. 1992); Davis v. Fendler,

12 650 F.2d 1154, 1160 (9th Cir. 1981) (holding that untimely service of response to

13 interrogatories fifteen months after the interrogatories were propounded waives any

14 objections); Fed. R. Civ. P. § 33(b)(2) (Federal Rules require objections and responses

15 to interrogatories "within 30 days after being served."). The Court should compel full

16 and complete responses, without objections.

17        The interrogatories seek unquestionably relevant and discoverable information.

18 Interrogatory Nos. 56-63 go directly to the elements of Mattel's trade secret

19 misappropriation claim, and clearly are proper:

20        • Interrogatory Nos. 56 and 57 seek information relating to the identity of

21          Mattel documents that MGA has obtained and all documents that refer or

22          relate to any Mattel product or plan that any trade secret thief provided to

23          MGA, as well as all documents that refer or relate thereto.

24        • Interrogatory No. 58 seeks facts underlying Machado's claims, if any,

25          that he and/or MGA did not obtain Mattel document through improper

26          means and all documents that refer or relate to such facts.

27

28  [36]  Mattel, Inc.'s Supplemental Interrogatories, dated January 9, 2008.

-10-

00505.07975/3536700.1

- Interrogatory Nos. 59 and 60 seek facts underlying Machado's claims, if any, that any of the stolen Mattel trade secrets do not derive independent economic value from not generally being known to the public or that the trade secret information contained within the document was already publically known.

- Interrogatory Nos. 61 and 63 seek facts underlying Machado's claims, if any, that he or MGA independently developed Mattel's trade secrets or was permitted to use the trade secrets.

- Interrogatory No. 62 seeks information regarding how MGA or Machado's use or disclosure of Mattel's trade secrets benefitted Machado or MGA or harmed Mattel.

Interrogatory Nos. 65-66 seek facts known to Machado about his document collection efforts and possible spoliation of evidence. ████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████

- Interrogatory No. 65 seeks information regarding actions taken by Machado to locate, maintain, or preserve evidence which could be relevant to this action.

- Interrogatory No. 66 seeks the identification of the sources of information from which Machado has collected documents for responsiveness and potential production in this action.

Interrogatory Nos. 67 and 69 seek information about payments between Machado and other parties, which is relevant to bias, credibility, and other issues:

████████████████████████████████████████████████████████

- Interrogatory No. 67 seeks information regarding payments that Machado has made to or on behalf of any person identified in any of the parties' initial disclosures.

- Interrogatory No. 69 seeks information regarding payments Machado has made since January 1, 1998 to or on behalf of Mattel employees.

The facts related to these topics are known to Machado and relevant to Mattel's Phase 2 claims. Moreover, as with regard to Mattel's contention interrogatory, Mattel is entitled to know the identities of Machado's witnesses, which are essential to investigate his defenses. The Court should compel Machado to provide complete responses without objections to Mattel Interrogatory Nos. 56-63, 65-67 and 69.

## VI.   THE COURT SHOULD ORDER MACHADO TO PROVIDE COMPLETE RESPONSES TO MATTEL'S RFAS.

As relevant to its RICO claim, Mattel has served Machado with requests for admissions concerning specific Machado communications, which are alleged acts of mail and wire fraud, crossed state or national lines as relevant to the interstate commerce requirements of RICO.[38] Machado has wholly refused to admit or deny any of the RFAs.[39] Instead, he objected to each and every one of the Requests with boilerplate objections, including based on the Fifth Amendment, that for the reasons discussed above are improper. Pursuant to Fed. R. Civ. P. 36, the Court should overrule Machado's boilerplate objections and compel him to provide complete responses not subject to objections to Mattel's Requests for Admissions.

---

[38] Mattel, Inc.'s First Set of Requests for Admission to Carlos Gustavo Machado Gomez, dated May 11, 2010.

[39] Id. at Request Nos. 1-235.

1

## **Conclusion**

2

Mattel respectfully requests that its Motion be granted in its entirety.

3

4  DATED:  July 6, 2010                QUINN EMANUEL URQUHART &
                                                  SULLIVAN. LLP

5

6                                                  By /s/ Michael T. Zeller
7                                                         Michael T. Zeller
                                                         Attorneys for Mattel. Inc.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# **Exhibit A**

REQUEST FOR PRODUCTION NO. 1:

ALL DOCUMENTS or tangible things that YOU removed, sent or transferred from the office of Mattel de México or removed, deleted, copied, reproduced or transferred from any MATTEL computer or electronic storage device.

REQUEST FOR PRODUCTION NO. 2:

ALL DOCUMENTS or tangible things that TRUEBA removed, sent or transferred from the office of Mattel de México or removed, deleted, copied, reproduced or transferred from any MATTEL computer or electronic storage device.

REQUEST FOR PRODUCTION NO. 3:

ALL DOCUMENTS or tangible things that VARGAS removed, sent or transferred from the office of Mattel de México or removed, deleted, copied, reproduced or transferred from any MATTEL computer or electronic storage device.

REQUEST FOR PRODUCTION NO. 4:

ALL e-mail messages, including attachments, sent by YOU to ANY e-mail address that includes <mattel.com>, or sent to YOU from ANY e-mail address that includes <mattel.com>.

REQUEST FOR PRODUCTION NO. 5:

ALL DOCUMENTS that REFER or RELATE to ANY MATTEL product, plan or business information.

REQUEST FOR PRODUCTION NO. 6:

ALL DOCUMENTS which YOU, TRUEBA or VARGAS removed, sent or transferred from the office of Mattel in Mexico or removed, deleted, copied, reproduced or transferred from any MATTEL computer or electronic storage device which YOU contend were prepared for the benefit of MGA.

1 | REQUEST FOR PRODUCTION NO. 7:

2 | ALL DOCUMENTS which YOU contend were prepared by YOU,

3 | TRUEBA or VARGAS for the benefit of MGA at any time prior to April 20, 2004.

4 | REQUEST FOR PRODUCTION NO. 8:

5 | ALL DOCUMENTS authored by a MATTEL employee or for

6 | MATTEL's benefit.

7 | REQUEST FOR PRODUCTION NO. 9:

8 | ALL DOCUMENTS that REFER or RELATE to ANY

9 | COMMUNICATION between YOU and TRUEBA and that REFER or RELATE

10 | TO MATTEL.

11 | REQUEST FOR PRODUCTION NO. 10:

12 | ALL DOCUMENTS that REFER or RELATE to ANY

13 | COMMUNICATION between YOU and VARGAS and that REFER or RELATE

14 | TO MATTEL.

15 | REQUEST FOR PRODUCTION NO. 11:

16 | ALL DOCUMENTS that REFER or RELATE to ANY

17 | COMMUNICATION between YOU and TRUEBA prior to April 20, 2004.

18 | REQUEST FOR PRODUCTION NO. 12:

19 | ALL DOCUMENTS that REFER or RELATE to ANY

20 | COMMUNICATION between YOU and VARGAS prior to April 20, 2004.

21 | REQUEST FOR PRODUCTION NO. 13:

22 | ALL DOCUMENTS that REFER or RELATE to ANY MATTEL line

23 | list or other DOCUMENT prepared by MATTEL.

24 | REQUEST FOR PRODUCTION NO. 14:

25 | ALL DOCUMENTS that REFER or RELATE to YOUR employment

26 | with MATTEL including, without limitation, any agreement between YOU and

27 | MATTEL.

28 |

00505.07975/3536700.1

-15-

MATTEL. INC.'S MOTION FOR DISCOVERY

REQUEST FOR PRODUCTION NO. 15:

ALL DOCUMENTS that REFER or RELATE to YOUR resignation from MATTEL.

REQUEST FOR PRODUCTION NO. 16:

ALL e-mail messages, including attachments, sent by YOU to ANY e-mail address that includes, in whole or in part, an MGA DOMAIN, or sent to YOU from ANY e-eemail address that includes, in whole or in part, an MGA DOMAIN prior to April 20, 2004.

REQUEST FOR PRODUCTION NO. 17:

ALL DOCUMENTS that REFER or RELATE to ANY COMMUNICATION between YOU and MGA prior to April 20, 2004, including without limitation ALL telephone records, logs, notes, calendars, planners, diaries, letters and other DOCUMENTS relating thereto.

REQUEST FOR PRODUCTION NO. 18:

ALL DOCUMENTS that REFER or RELATE to ANY COMMUNICATION between YOU and Susana Kuemmerle prior to April 20, 2004, including without limitation ALL telephone records, logs, notes, calendars, planners, diaries, letters and other DOCUMENTS relating thereto.

REQUEST FOR PRODUCTION NO. 19:

ALL DOCUMENTS that REFER or RELATE to ANY COMMUNICATION between YOU and ANY representative or employee of MGA including, without limitation, Isaac Larian prior to April 20, 2004, including without limitation ALL telephone records, logs, notes, calendars, planners, diaries, letters and other DOCUMENTS relating thereto.

REQUEST FOR PRODUCTION NO. 20:

ALL DOCUMENTS that REFER or RELATE to ANY COMMUNICATION between TRUEBA and MGA prior to April 20, 2004,

1  including without limitation ALL telephone records, logs, notes, calendars, planners,

2  diaries, letters and other DOCUMENTS relating thereto.

3  REQUEST FOR PRODUCTION NO. 21:

4          ALL DOCUMENTS that REFER or RELATE to ANY

5  COMMUNICATION between TRUEBA and Susana Kuemmerle prior to April 20,

6  2004, including without limitation ALL telephone records, logs, notes, calendars,

7  planners, diaries, letters and other DOCUMENTS relating thereto.

8  REQUEST FOR PRODUCTION NO. 22:

9          ALL DOCUMENTS that REFER or RELATE to ANY

10  COMMUNICATION between TRUEBA and ANY representative or employee of

11  MGA including, without limitation, Isaac Larian prior to April 20, 2004, including

12  without limitation ALL telephone records, logs, notes, calendars, planners, diaries,

13  letters and other DOCUMENTS relating thereto.

14  REQUEST FOR PRODUCTION NO. 23:

15          ALL DOCUMENTS that REFER or RELATE to ANY

16  COMMUNICATION between VARGAS and MGA prior to April 20, 2004,

17  including without limitation ALL telephone records, logs, notes, calendars, planners,

18  diaries, letters and other DOCUMENTS relating thereto.

19  REQUEST FOR PRODUCTION NO. 24:

20          ALL DOCUMENTS that REFER or RELATE to ANY

21  COMMUNICATION between VARGAS and Susana Kuemmerle prior to April 20,

22  2004, including without limitation ALL telephone records, logs, notes, calendars,

23  planners, diaries, letters and other DOCUMENTS relating thereto.

24  REQUEST FOR PRODUCTION NO. 25:

25          ALL DOCUMENTS that REFER or RELATE to ANY

26  COMMUNICATION between VARGAS and ANY representative or employee of

27  MGA including, without limitation, Isaac Larian prior to April 20, 2004, including

28

1   without limitation all telephone records, logs, notes, calendars, planners, diaries,

2   letters and other DOCUMENTS relating thereto.

3   REQUEST FOR PRODUCTION NO. 26:

4             ALL DOCUMENTS that REFER or RELATE to ANY

5   COMMUNICATION between YOU and ANY PERSON prior to April 20, 2004

6   regarding MGA or YOUR employment or potential employment with MGA.

7   REQUEST FOR PRODUCTION NO. 27:

8             ALL DOCUMENTS that REFER or RELATE to ANY DOCUMENT

9   or information given by YOU to MGA prior to April 20, 2004.

10  REQUEST FOR PRODUCTION NO. 28:

11            ALL DOCUMENTS that REFER or RELATE to any DOCUMENT or

12  information received by YOU from MGA prior to April 20, 2004.

13  REQUEST FOR PRODUCTION NO. 29:

14            ALL agreements between YOU and MGA including, without

15  limitation, ANY agreement that REFERS or RELATES to YOUR employment with

16  MGA, and ALL drafts of such agreements.

17  REQUEST FOR PRODUCTION NO. 30:

18            ALL DOCUMENTS that REFER or RELATE to ANY promotion

19  YOU have received while employed by or working for MGA.

20  REQUEST FOR PRODUCTION NO. 31:

21            DOCUMENTS sufficient to describe YOUR job title and job duties in

22  each position YOU have held while employed by or working for MGA.

23  REQUEST FOR PRODUCTION NO. 32:

24            ALL DOCUMENTS that REFER or RELATE to YOUR transfer to

25  MGA's offices in Van Nuys, California.

26

27

28

REQUEST FOR PRODUCTION NO. 33:

ALL DOCUMENTS that REFER or RELATE to ANY compensation, money or other item(s) of value YOU have received from MGA, or have been promised or offered by MGA or anyone acting on its behalf.

REQUEST FOR PRODUCTION NO. 34:

ALL DOCUMENTS that REFER or RELATE to ANY compensation, money or other item(s) of value YOU have received from Isaac Larian, or have been promised or offered by Isaac Larian or anyone acting on his behalf.

REQUEST FOR PRODUCTION NO. 35:

ALL DOCUMENTS that REFER or RELATE to ANY compensation, money or other item(s) of value TRUEBA has received from MGA, or has been promised or offered by MGA or anyone acting on its behalf.

REQUEST FOR PRODUCTION NO. 36:

ALL DOCUMENTS that REFER or RELATE to ANY compensation, money or other item(s) of value TRUEBA has received from Isaac Larian, or has been promised or offered by Isaac Larian or anyone acting on his behalf.

REQUEST FOR PRODUCTION NO. 37:

ALL DOCUMENTS that REFER or RELATE to ANY compensation, money or other item(s) of value VARGAS has received from MGA, or has been promised or offered by MGA or anyone acting on its behalf.

REQUEST FOR PRODUCTION NO. 38:

ALL DOCUMENTS that REFER or RELATE to ANY compensation, money or other item(s) of value VARGAS has received from Isaac Larian, or has been promised or offered by Isaac Larian or anyone acting on his behalf.

REQUEST FOR PRODUCTION NO. 39:

YOUR phone records from January 1, 2002 through the present.

1  REQUEST FOR PRODUCTION NO. 40:

2          DOCUMENTS sufficient to identify each of YOUR telephone

3  providers including without limitation in Mexico and in the United States.

4  REQUEST FOR PRODUCTION NO. 41:

5          ALL COMMUNICATIONS that REFER or RELATE to the

6  employment, potential employment with MGA or recruitment of any person who, as

7  of the date of the COMMUNICATION, was employed by MATTEL.

8  REQUEST FOR PRODUCTION NO. 42:

9          ALL COMMUNICATIONS between YOU and ANY person who, as

10  of the date of the COMMUNICATION, was employed by MATTEL that REFER or

11  RELATE to MGA.

12  REQUEST FOR PRODUCTION NO. 43:

13          ALL COMMUNICATIONS between YOU and any person who, as of

14  the date of the COMMUNICATION, was employed by MATTEL that REFER or

15  RELATE to Isaac Larian.

16  REQUEST FOR PRODUCTION NO. 44:

17          ALL DOCUMENTS that REFER or RELATE to the e-mail account

18  with the address <plot04@aol.com>, including without limitation to the identity of

19  ANY PERSON who registered, set up, established, owned or paid for such account.

20  REQUEST FOR PRODUCTION NO. 45:

21          ALL DOCUMENTS that REFER or RELATE to when the e-mail

22  account with the address <plot04@aol.com> was first registered, established or set

23  up.

24  REQUEST FOR PRODUCTION NO. 46:

25          ALL e-mail messages, including attachments, sent to or from, received

26  by or transmitted by or through to the e-mail address <plot04@aol.com>.

27

28

1   REQUEST FOR PRODUCTION NO. 47:

2         ALL e-mail messages, including attachments, sent by YOU to the e-

3   mail address <argentrade@aol.com> or sent to YOU from the e-mail address

4   <argentrade@aol.com> prior to April 20, 2004.

5   REQUEST FOR PRODUCTION NO. 48:

6         ALL DOCUMENTS, including e-mail messages and attachments

7   thereto, that REFER or RELATE to COMMUNICATIONS between YOU and

8   ANY PERSON regarding TRUEBA prior to April 20, 2004.

9   REQUEST FOR PRODUCTION NO. 49:

10        ALL DOCUMENTS that REFER or RELATE to TRUEBA's

11  resignation from MATTEL or employment by MGA.

12  REQUEST FOR PRODUCTION NO. 50:

13        ALL DOCUMENTS, including e-mail messages and attachments

14  thereto, that REFER or RELATE to COMMUNICATIONS between YOU and

15  VARGAS prior to April 20, 2004.

16  REQUEST FOR PRODUCTION NO. 51:

17        ALL DOCUMENTS, including e-mail messages and attachments

18  thereto, that REFER or RELATE to COMMUNICATIONS between YOU and

19  ANY PERSON regarding VARGAS prior to April 20, 2004.

20  REQUEST FOR PRODUCTION NO. 52:

21        ALL DOCUMENTS that REFER or RELATE to VARGAS'

22  resignation from MATTEL or employment by MGA.

23  REQUEST FOR PRODUCTION NO. 53:

24        ALL DOCUMENTS that REFER or RELATE to ANY

25  COMMUNICATION between YOU and Ron Brawer prior to October 2, 2004.

26  REQUEST FOR PRODUCTION NO. 54:

27        ALL DOCUMENTS that REFER or RELATE to the search by

28  Mexican authorities of MGA's offices in Mexico City, Mexico.

1  REQUEST FOR PRODUCTION NO. 55:

2           ALL DOCUMENTS that REFER or RELATE to the DOCUMENTS,

3  data or information that was seized by Mexican authorities from MGA's offices in

4  Mexico City, Mexico, including the DOCUMENTS, data or things seized.

5  REQUEST FOR PRODUCTION NO. 56:

6           ALL DOCUMENTS that REFER or RELATE to efforts to destroy,

7  disable or otherwise interfere with the ability to access any MATTEL computer or

8  electronic storage device.

9  REQUEST FOR PRODUCTION NO. 57:

10          ALL MATTEL authored DOCUMENTS referenced or used by YOU

11  or any other MGA employee, including but not limited to TRUEBA and VARGAS.

12  REQUEST FOR PRODUCTION NO. 58:

13          ALL DOCUMENTS YOU delivered or provided to or shared with

14  MGA before October 27, 2005.

15  REQUEST FOR PRODUCTION NO. 59:

16          ALL DOCUMENTS YOU delivered or provided to or shared with

17  Isaac Larian before October 27, 2005.

18  REQUEST FOR PRODUCTION NO. 60:

19          ALL DOCUMENTS YOU delivered or provided to or shared with

20  Susana Kuemmerle before October 27, 2005.

21  REQUEST FOR PRODUCTION NO. 61:

22          ALL DOCUMENTS TRUEBA delivered or provided to or shared with

23  MGA before October 27, 2005.

24  REQUEST FOR PRODUCTION NO. 62:

25          ALL DOCUMENTS TRUEBA delivered or provided to or shared with

26  Isaac Larian before October 27, 2005.

27

28

1  REQUEST FOR PRODUCTION NO. 63:

2        ALL DOCUMENTS TRUEBA delivered or provided to or shared with

3  Susana Kuemmerle before October 27, 2005.

4  REQUEST FOR PRODUCTION NO. 64:

5        ALL DOCUMENTS VARGAS delivered or provided to or shared with

6  MGA before October 27, 2005.

7  REQUEST FOR PRODUCTION NO. 65:

8        ALL DOCUMENTS VARGAS delivered or provided to or shared with

9  Isaac Larian before October 27, 2005.

10  REQUEST FOR PRODUCTION NO. 66:

11        ALL DOCUMENTS VARGAS delivered or provided to or shared with

12  Susana Kuemmerle before October 27, 2005.

13  REQUEST FOR PRODUCTION NO. 67:

14        DOCUMENTS sufficient to show all e-mail addresses created, used,

15  accessed or monitored by YOU since April 1, 1997.

16  REQUEST FOR PRODUCTION NO. 68:

17        ALL DOCUMENTS that REFER or RELATE to ANY travel by YOU

18  to Los Angeles, California between January 1, 2004 and April 20, 2004.

19  REQUEST FOR PRODUCTION NO. 69:

20        ALL DOCUMENTS that REFER or RELATE to ANY travel by

21  TRUEBA to Los Angeles, California between January 1, 2004 and April 20, 2004.

22  REQUEST FOR PRODUCTION NO. 70:

23        ALL DOCUMENTS that REFER or RELATE to ANY travel by

24  VARGAS to Los Angeles, California between January 1, 2004 and April 20, 2004.

25  REQUEST FOR PRODUCTION NO. 71:

26        ALL DOCUMENTS that REFER or RELATE to meetings between

27  YOU and MGA prior to April 20, 2004, including without limitation notes or

28  records that REFER or RELATE to ANY such meetings.

1  REQUEST FOR PRODUCTION NO. 72:

2        ALL DOCUMENTS that REFER or RELATE to meetings between

3  YOU and Susana Kuemmerle prior to April 20, 2004, including without limitation

4  notes or records that REFER or RELATE to ANY such meetings.

5  REQUEST FOR PRODUCTION NO. 73:

6        ALL DOCUMENTS that REFER or RELATE to meetings between

7  YOU and Isaac Larian prior to April 20, 2004, including without limitation notes or

8  records that REFER or RELATE to ANY such meetings.

9  REQUEST FOR PRODUCTION NO. 74:

10        ALL DOCUMENTS that REFER or RELATE to meetings between

11  TRUEBA and MGA prior to April 20, 2004, including without limitation notes or

12  records that REFER or RELATE to ANY such meetings.

13  REQUEST FOR PRODUCTION NO. 75:

14        ALL DOCUMENTS that REFER or RELATE to meetings between

15  TRUEBA and Susana Kuemmerle prior to April 20, 2004, including without

16  limitation notes or records that REFER or RELATE to ANY such meetings.

17  REQUEST FOR PRODUCTION NO. 76:

18        ALL DOCUMENTS that REFER or RELATE to meetings between

19  TRUEBA and Isaac Larian prior to April 20, 2004, including without limitation

20  notes or records that REFER or RELATE to ANY such meetings.

21  REQUEST FOR PRODUCTION NO. 77:

22        ALL DOCUMENTS that REFER or RELATE to meetings between

23  VARGAS and MGA prior to April 20, 2004, including without limitation notes or

24  records that REFER or RELATE to ANY such meetings.

25  REQUEST FOR PRODUCTION NO. 78:

26        ALL DOCUMENTS that REFER or RELATE to meetings between

27  VARGAS and Susana Kuemmerle prior to April 20, 2004, including without

28  limitation notes or records that REFER or RELATE to ANY such meetings.

1    REQUEST FOR PRODUCTION NO. 79:

2          ALL DOCUMENTS that REFER or RELATE to meetings between

3 VARGAS and Isaac Larian prior to April 20, 2004, including without limitation

4 notes or records that REFER or RELATE to ANY such meetings.

5    REQUEST FOR PRODUCTION NO. 80:

6          All COMMUNICATIONS between YOU and any PERSON

7 RELATING TO the retention or destruction of DOCUMENTS or DIGITAL

8 INFORMATION between January 1, 2001 and the present.

9    REQUEST FOR PRODUCTION NO. 81:

10          All DOCUMENTS RELATING TO any facts underlying any of

11 YOUR defenses in this ACTION.

12    REQUEST FOR PRODUCTION NO. 82:

13          All DOCUMENTS RELATING TO any facts underlying the claims for

14 relief in MATTEL's Complaint (including without limitation its Counterclaims)

15 against YOU or any other PERSON in this ACTION.

16    REQUEST FOR PRODUCTION NO. 83:

17          An electronic copy of each DOCUMENT that YOU have produced in

18 this action, or that is responsive to these Requests, that is or was created, prepared,

19 generated, maintained or transmitted in digital form.

20    REQUEST FOR PRODUCTION NO. 84:

21          The metadata for each DOCUMENT that YOU have produced in this

22 action, or that is responsive to these Requests, that is or was created, prepared,

23 generated, maintained or transmitted in digital form.

24    REQUEST FOR PRODUCTION NO. 85:

25         To the extent not produced in response to any other Request for Production,

26 all DOCUMENTS and tangible things upon which YOU intend to rely in this

27 ACTION.

28

## **Exhibit B**

INTERROGATORY NO. 56:

IDENTIFY all MATTEL DOCUMENTS that MGA has obtained, received, reviewed, copied, reproduced, transmitted, requested or used at any time since January 1, 1999, and IDENTIFY all PERSONS with knowledge of such facts and all DOCUMENTS that REFER OR RELATE TO such MATTEL DOCUMENTS.

INTERROGATORY NO. 57:

IDENTIFY all DOCUMENTS that REFER OR RELATE TO any MATTEL product or plan that any of the FORMER MATTEL EMPLOYEES provided, transmitted or disclosed to, shared with or used on behalf of MGA at any time since January 1, 1999, and IDENTIFY all PERSONS with knowledge of such facts.

INTERROGATORY NO. 58:

State all facts which support YOUR contention, if YOU so contend, that YOU and/or MGA did not obtain any MATTEL DOCUMENTS through improper means, and IDENTIFY all PERSONS with knowledge of such facts and all DOCUMENTS that REFER OR RELATE TO such facts.

INTERROGATORY NO. 59:

State all facts which support YOUR contention, if YOU so contend, that any information in the MATTEL DOCUMENTS does not and/or did not derive independent economic value from not being generally known to the public or other PERSONS who can obtain economic value from its disclosure or use, and IDENTIFY all PERSONS with knowledge of such facts and all DOCUMENTS that REFER OR RELATE TO such facts.

INTERROGATORY NO. 60:

State all facts which support YOUR contention, if YOU so contend, that any information in the MATTEL DOCUMENTS was known to the public or to PERSONS who can obtain economic value from its disclosure or use, and IDENTIFY all

1    PERSONS with knowledge of the foregoing and all DOCUMENTS that REFER OR

2    RELATE TO the foregoing.

3    <u>INTERROGATORY NO. 61</u>:

4           State all facts which support YOUR contention, if YOU so contend, that YOU

5    and/or MGA independently developed, or did not otherwise use or disclose, any

6    information in the MATTEL DOCUMENTS, and IDENTIFY all PERSONS with

7    knowledge of such facts and all DOCUMENTS that REFER OR RELATE TO such

8    facts.

9    <u>INTERROGATORY NO. 62</u>:

10          State all facts which support YOUR contention that YOUR use or disclosure of

11   information in the MATTEL DOCUMENTS neither benefited YOU nor MGA nor

12   harmed MATTEL, and IDENTIFY all PERSONS with knowledge of such facts and all

13   DOCUMENTS that REFER OR RELATE TO such facts.

14   <u>INTERROGATORY NO. 63</u>:

15          State all facts which support YOUR contention, if YOU so contend, that

16   YOU and/or MGA had, has or have any right to copy, possess, use or disclose any

17   MATTEL DOCUMENT, and IDENTIFY all PERSONS with knowledge of such

18   facts and all DOCUMENTS that REFER OR RELATE TO such facts.

19   <u>INTERROGATORY NO. 65</u>:

20          Describe in detail each and every action YOU have taken, or directed be taken, to

21   locate, maintain or preserve evidence which is, might be or could be relevant or

22   potentially relevant to THIS ACTION.

23   <u>INTERROGATORY NO. 66</u>:

24          IDENTIFY each and every SOURCE OF INFORMATION from which YOU

25   have COLLECTED DOCUMENTS for responsiveness and potential production in

26   THIS ACTION.

27

28

INTERROGATORY NO. 67:

IDENTIFY fully and separately each and every payment of money or other item of value that YOU have made or given, or any promise, agreement, proposal or offer by YOU to pay money or give any item of value, to or on behalf of any PERSON identified in any of the parties' initial disclosures in this ACTION at any time when such PERSON was not an employee of MGA, including without limitation with respect to legal fees incurred by or on behalf of such PERSON.

INTERROGATORY NO. 69:

To the extent not disclosed in response to prior Interrogatories, IDENTIFY fully and separately each and every payment of money or other item of value that YOU have made, or any promise, agreement, proposal or offer by YOU to pay money or give any item of value, since January 1, 1998 to or on behalf of any PERSON who has been employed by MATTEL (excluding ordinary salary and benefits paid to such PERSON while an MGA employee), including without limitation with respect to legal fees incurred by or on behalf of such PERSON and bonuses paid to such PERSON.

00505.07975/3536700.1

MATTEL. INC.'S MOTION FOR DISCOVERY