MELINDA HAAG (State Bar No. 132612)
mhaag@orrick.com
ANNETTE L. HURST (State Bar No. 148738)
ahurst@orrick.com
WARRINGTON S. PARKER III (State Bar No. 148003)
wparker@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building, 405 Howard Street
San Francisco, CA 94105
Tel. (415) 773-5700/ Fax: (415) 773-5759

WILLIAM A. MOLINSKI (State Bar No. 145186)
wmolinski@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA 90017
Tel. (213) 629-2020/ Fax: (213) 612-2499

THOMAS S. McCONVILLE (State Bar No. 155905)
tmcconville@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
4 Park Plaza, Suite 1600
Irvine, CA 92614-2258
Tel. (949) 567-6700/ Fax: (949) 567-6710
Attorneys for MGA Parties

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br>AND CONSOLIDATED ACTIONS | Case No.  CV 04-9049-DOC (RNBx)<br><br>Consolidated with:<br>Case No. CV 04-9059<br>Case No. CV 05-2727<br><br>**DECLARATION OF SAMUEL S. RUBIN** |

Pursuant to 28, U.S.C. § 1746, I, Samuel S. Rubin, declare as follows:

1.     I am a Director of Digital Forensics at Stroz Friedberg LLC.  I make this declaration in support of the MGA Parties' ("MGA") Opposition to Mattel, Inc.'s Brief Regarding In Camera Review.  This declaration is based upon my own personal knowledge and, if called as a witness, I could and would competently testify to the facts stated herein.

- 1 -

2. My prior declarations filed in this case have set forth the details of Stroz Friedberg's engagement with MGA as well as my expertise, qualifications, and background.

3. On December 14, 2009, Mattel's experts 42 LLC provided Stroz Friedberg the results of their analysis of nine hard drives from computers used by Isaac Larian (the "Larian Media"). It is my understanding that 42 LLC's analysis was intended to identify evidence of potential data destruction by Larian. 42 LLC prepared three Excel spreadsheets, each of which lists a series of file names. The first spreadsheet, labeled "Deleted files not found.xlsx," lists 5,587 files that, according to 42 LLC, were "deleted" from the Larian Media. The second spreadsheet, labeled "Deleted artifacts not found on parent filesystem.xlsx," lists files that, according to 42 LLC, were deleted from one of the Larian Media drives, but found on another. The third spreadsheet, "deleted artifacts not found on parent in email.xlsx," lists emails that were found deleted in one email storage file on the Larian Media, but found active in another email storage file.

4. Stroz was asked to analyze 42 LLC's claim, reflected in its first spreadsheet, that 5,587 files had been deleted and could not be found on the Larian Media. The other two spreadsheets do not identify such files, as those two spreadsheets by their definition indicate that all of the files they list were found on the Larian Media.

5. Of the 5,587 files 42 LLC identified as "deleted," Stroz was able to find 3,563 files with the same names in active file format on the Larian Media. We did this by searching by file name only. Stroz also similarly was able to identify an additional 1,807 files as not of the type of files that would support evidence of intentional deletion for the purpose of putting potential evidence beyond reach. Of the remaining 217 files (5,587 – (3,563 + 1,807) = 217), all but 19 were found elsewhere in active file format.

6. The list of "deleted" files identified by 42 LLC includes temporary files.

1. Temporary files are not evidence of deletion by the user. Neither the creation nor existence of temporary files is evident to the average user. The computer automatically creates temporary files in response to user actions, such as opening an email attachment, and automatically stores them in a hidden location on the hard drive. Because these files are designed to be temporary, the computer periodically clears them without notification to, or input from, the user.

I swear under penalty of perjury that the foregoing is true and correct, and that this affidavit was executed on July 7, 2010, in Los Angeles, California.

*[signature]*

SAMUEL S. RUBIN