MELINDA HAAG (State Bar No. 132612)
mhaag@orrick.com
ANNETTE L. HURST (State Bar No. 148738)
ahurst@orrick.com
WARRINGTON S. PARKER III (State Bar No. 148003)
wparker@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105
Telephone: 415-773-5700
Facsimile: 415-773-5759

WILLIAM A. MOLINSKI (State Bar No. 145186)
wmolinski@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA 90017
Telephone: 213-629-2020
Facsimile: 213-612-2499

THOMAS S. MCCONVILLE (State Bar No. 155905)
tmcconville@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
4 Park Plaza, Suite 1600
Irvine, CA 92614-2258
Tel: (949) 567-6700/Fax: (949) 567-6710

Attorneys for MGA Parties

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | Case No. CV 04-9049 DOC (RNBx)<br><br>Consolidated with:<br><br>Case No. CV 04-9059<br>Case No. CV 05-2727<br><br><u>Hon. David O. Carter</u><br><br>**MGA OPPOSITION TO MATTEL MOTION TO COMPEL RE MGA MEXICO'S DOCUMENT RETENTION AND DESTRUCTION** |

## INTRODUCTION

Unable to find any evidence to support the claim that anyone at MGA or MGA Mexico used or disclosed any confidential Mattel information, Mattel now speculates that perhaps the reason for this is because MGA Mexico may have destroyed all such evidence. But speculation is all Mattel has.

MGA Mexico has made a thorough search of records for documents reflecting any spoliation of evidence regarding MGA Mexico's alleged use of Mattel information and has found none. MGA Mexico has objected to the Requests at issue in this Motion because Mattel continues to insist on demanding that a shot gun be used when what is needed is a rifle. Mattel's requests – – propounded three years ago and before several iterations of the current cross-complaint – – defined "MATTEL DOCUMENTS" with a vastly overbroad, multi-page list of bates numbers, that bear little resemblance to what Mattel now claims are its trade secrets. These requests simply no longer match the current allegations.

The requests also continue to use the terms "REFER" and "RELATE" in a manner that pulls within the Requests almost every document prepared at MGA – – since everything MGA does could arguably "relate" to its most significant competitor, Mattel. And Mattel continues to insist on that definition even though this Court has repeatedly found such overbroad definitions to be improper.

At bottom, MGA Mexico has searched for documents reflecting any loss, destruction or spoliation of evidence relevant to this case. No such evidence was found. Mattel's efforts to create a discovery dispute where one does not exist should not be rewarded.

/ / /
/ / /
/ / /
/ / /
/ / /

- 1 -

MGA's Opposition To Mattel, Inc.'s Motion To Compel Re MGA Mexico's Document Retention & Destruction
CV 04-09049 DOC (RNBx)

**BACKGROUND**

In November 2007, Mattel served its First Set of Requests for Production to MGA Mexico (the "Requests"). The Requests defined MATTEL DOCUMENTS to include documents that Mattel claimed had been taken by former employees. This list was not limited to documents that Mattel claimed were taken in Mexico, and Mattel has since repudiated it in favor of a more recent list that is organized by former Mattel employee. *See* Mattel Inc.'s Third Supplemental Response to MGA Interrogatory No. 20, dated January 11, 2010.

In any event, in December 2007, MGA Mexico objected to the Requests based upon, among other reasons, the overbreadth of the Requests, including the overbroad definitions of "REFER" and "RELATE" and the exhaustive and overbroad definition of "MATTEL DOCUMENTS." Thereafter, the Court stayed all discovery proceedings relating to Phase 2 claims.

In July 2009, after the discovery stay had been lifted, Mattel renewed its efforts to seek documents under these overbroad, and now, outdated requests. MGA suggested that Mattel re-propound requests that were in line with the current state of the claims or agree to narrow or re-define the requests in a way to seek only relevant information. Mattel refused, insisting on compliance with the now-outdated Requests as worded. No narrowing. No updating to reflect the current claims.

In August 2009, a hearing was held on Mattel's motion to compel these Requests and hundreds of others. *See* Dkt. No. 6437. The Discovery Master, Robert O'Brien, denied Mattel's Motion as to these Requests. *Id*. at 10-11. Discovery Master O'Brien ordered Mattel to meet with MGA in an effort to narrow the Requests. *Id.* at 12-13. During various meet and confers, MGA offered compromises where MGA Mexico would agree to production or confirm prior productions of various requests. *See* Letters from William Molinski to Marshall Searcy, dated September 9 and 14, 2009. Mattel rejected all such compromises and

- 2 -

MGA's Opposition To Mattel, Inc.'s Motion To Compel Re MGA Mexico's Document Retention & Destruction
CV 04-09049 DOC (RNBx)

1  insisted on production of all documents for each of the 148 requests, including
2  these six requests, *as written*. *See* Letters from Marshall Searcy to William
3  Molinski, dated September 4 and 9, 2009.
4     MGA Mexico heard nothing further from Mattel until June 2010, when
5  Mattel again wrote to demand production of documents responsive to these six
6  requests. *See* Letter from Marshall Searcy to William Molinski, dated June 4,
7  2010. The parties again met. MGA Mexico offered to produce relevant documents
8  or, more to the point, confirm that it had already produced all documents reflecting
9  any spoliation or destruction of documents claimed to be the stolen trade secrets.
10 Mattel again refused any compromise and insisted on production responsive to the
11 Requests as written. This Motion followed.

**ARGUMENT**

**A.   THERE ARE NO DOCUMENTS RESPONSIVE TO REQUESTS 40 AND 52**

15    To suggest MGA Mexico is hiding something responsive to these Requests,
16 Mattel continues to trot out its discredited theory of Machado's purported damage
17 to his Mattel computer. Motion, p. 3:21-4:4. Mattel's theory is simply made up.
18    After Mr. Machado's departure from Mattel, Mattel sent his hard drive to
19 four different forensic analysts in hopes of finding some evidence of computer
20 tampering. The first analyst was Mark Spencer from EvidentData who found no
21 evidence of tampering and concluded that "the hard drive was likely not wiped, but
22 damaged." Depo. Ex. 6656. The second analyst was Tim Lider from Advanced
23 Data Solutions who concluded that the difficulties with retrieving data from
24 Mr. Machado's Mattel computer were "due to normal use of the hard drive…."
25 Depo. Ex. 6673. The third analyst was from Kroll OnTrack, who also found no
26 evidence of tampering. Depo. Ex. 6657; M0126025-M0126189.
27    But much like Goldilocks, Mattel did not give up, finding yet another
28 forensic analyst—this time in Mexico City, Mexico—named Andres Velasquez

1  who was willing to say just the right thing for Mattel. Namely, he postulated that
2  Machado tried to use some wiping software the day he left, but apparently was
3  unsuccessful because of his computer being unplugged. Depo. Ex. 6657;
4  M0126025-M0126189. This incredible tale of Mr. Machado being ever-so-careful
5  to install wiping software to hide his trail, but inexplicably forgetting he had done
6  so and unplugging his computer while that software program was running, is the
7  sole basis for Mattel's claim of computer tampering. Mr. Machado denies he used
8  any such software and Mattel admits that Mr. Machado had reported problems with
9  his computer the day he left. Machado Depo. 670:8-671:9. Even Mr. Vargas, who
10 has now cut a deal with Mattel for a complete pardon, testified that Mr. Machado
11 made no effort to damage or otherwise tamper with his Mattel computer. Vargas
12 Depo. at 574:12-23. Moreover, even if, <u>arguendo</u>, Mr. Machado did somehow
13 damage his computer when leaving Mattel, there is no evidence to suggest that
14 anyone at MGA would have known of that conduct, let alone have documents
15 related to Mr. Machado's conduct before he started at MGA.
16     In any event, MGA has searched for any documents responsive to Requests
17 40 and 52 that would reflect any destruction of Mattel computers and has, not
18 surprisingly, found no such documents.

### B. **REQUESTS 51, 134 AND 135 ARE OVERBROAD AND DUPLICATIVE OF PRIOR REQUESTS**

21     Mattel's sole basis for suggesting that MGA Mexico has failed adequately to
22 search for evidence of spoliation is the recent testimony of Mr. Vargas.
23 Mr. Vargas, as the Court is aware, has struck a deal with Mattel to provide
24 favorable testimony in return for a complete pardon.
25     In June 2009, MGA Mexico was forced to lay off Mr. Vargas. After that,
26 with criminal proceedings hanging over his head, Mr. Vargas had difficulty finding
27 work and was concerned about supporting his family. Vargas Depo. at 669:12-
28 670:10, 784:22-785:20. Desperate, Mr. Vargas cut a deal with Mattel earlier this

year. Mattel offered Mr. Vargas a complete pardon if he told Mattel what it wanted to hear. The written agreement provides that Mr. Vargas was to tell "the truth." But Mattel's lawyers concede that the only truth they would accept is the truth as Mattel saw it. Tiburcio Depo. at 490:19-492:22. Mr. Vargas also recently received – – after striking a deal with Mattel – – a new job running the Mexican subsidiary of a Mattel licensor in Mexico based upon "recommendations" from Mattel. Vargas Depo. at 786:7-788:11.

Tellingly, Mr. Vargas put together an initial statement he believed to be the truth, but that statement was rejected by Mattel with directions to go back and try again. Vargas Depo. at 529:10-532:13, 557:3-25. He then offered a statement that Mattel found acceptable, and a deal was struck. Vargas Depo. at 562:20-564:16. In Mr. Vargas' statement, he now claims to have used certain Mattel information at MGA, even though he submitted a detailed declaration in Mexico attesting to his not having done so. Mr. Vargas now claims that he was lying in his statement to the Mexican court. Vargas Depo. at 638:23-641:25. He also claims he was lying to lawyers from O'Melveny, Myers, who represented MGA, when he told them he never used any Mattel information at MGA. Vargas Depo. at 569:4-571:10.

To justify Requests 51, 134 and 135, Mattel cites to Mr. Vargas' deposition where he claims both he and Mr. Machado threw away a handful of Mattel documents they had in their apartments after the raid of MGA Mexico's offices. Motion at 5:6-14. Mr. Vargas admitted, however, that the first time he told anyone he did that was at his deposition in June 2010—after striking a deal with Mattel for a pardon. Vargas Depo. at 703:12-704:14. He also admits that no one at MGA or MGA Mexico told him to throw such documents. Vargas Depo. at 255:9-256:5. So even if Mr. Vargas' newly-minted testimony were somehow true, it fails to demonstrate any basis for suggesting that MGA Mexico could potentially have documents in its possession concerning any spoliation of evidence. If Vargas had

- 5 -

MGA's Opposition To Mattel, Inc.'s Motion To Compel Re
MGA Mexico's Document Retention & Destruction
CV 04-09049 DOC (RNBx)

documents *at home* and threw those documents away, without ever telling anyone at MGA Mexico, there would be no documents for MGA Mexico to produce.

MGA Mexico has searched for all documents evidencing any spoliation of documents relevant to this action. No documents were located. MGA Mexico has also produced every email to or from Machado, Vargas or Trueba for the entire year of 2004 – – the year they arrived at MGA Mexico. If there was any references to their taking Mattel documents or destroying any such documents, one would expect that to surface on their emails. MGA Mexico has done a detailed search of the hard drives of these individuals, the MGA Mexico servers and the individuals files on those servers. Contrary to Mr. Vargas' speculation, these searches were begun in 2007, when Mattel first made its accusations against MGA concerning these individuals. If there were any documents evidencing any spoliation, they would have been found in these searches.

As worded, Mattel's Requests 52, 134 and 135 are overbroad, outdated and unduly burdensome. Mattel has failed to justify why the Discovery Master's ruling denying Mattel's request to compel these Requests should be revisited now.

## II. CONCLUSION

For the foregoing reasons, the Court should deny Mattel's motion to compel Requests 40, 51, 52, 134 and 135 from Mattel's First Set of Requests.

Dated: July 8, 2010     Respectfully submitted,

ORRICK, HERRINGTON & SUTCLIFFE LLP

By: _____/s/ William A. Molinski_____
William A. Molinski
Attorneys for MGA ENTERTAINMENT, INC., MGA ENTERTAINMENT HK, LTD., MGA de MEXICO, S.R.L. de C.V., and ISAAC LARIAN