QUINN EMANUEL URQUHART & SULLIVAN, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  michaelzeller@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>MGA ENTERTAINMENT, INC., a California corporation, et al.,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 DOC (RNBx)<br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>DISCOVERY MATTER<br><br>Hon. David O. Carter<br><br>MATTEL, INC.'S REPLY IN SUPPORT OF MOTION TO COMPEL MGA ENTERTAINMENT, INC. TO PRODUCE DOCUMENTS USED TO REFRESH THE RECOLLECTION OF MGA CANADA'S RULE 30(b)(6) DESIGNEE DIANE GOVEIA-GORDON |

**PUBLIC REDACTED VERSION**

Date: TBD
Time: TBD
Place: Courtroom 9D

Phase 2
Discovery Cut-off: TBD
Pre-trial Conference: TBD
Trial Date: TBD

**TABLE OF CONTENTS**

**Page**

INTRODUCTION ..................................................................................................... 1

ARGUMENT ............................................................................................................ 1

I.     GOVEIA-GORDON TESTIFIED THAT SHE REVIEWED PRIVILEGED DOCUMENTS TO REFRESH HER RECOLLECTION PRIOR TO HER DEPOSITION ........................................................................ 1

CONCLUSION ......................................................................................................... 5

## TABLE OF AUTHORITIES

**Page**

### Cases

Coryn Group II, LLC v. O.C. Seacrets, Inc.,
   265 F.R.D. 235 (D. Md. 2010) .................................................................... 3, 4

Nutramax Labs., Inc. v. Twin Labs., Inc.,
   183 F.R.D. 458 (D. Md. 1998) ........................................................................ 3

U.S. v. 22.80 Acres of Land,
   107 F.R.D. 20 (N.D. Cal. 1985) ...................................................................... 4

Wheeling-Pittsburgh Steel Corp. v. Underwriters Labs., Inc.,
   81 F.R.D. 8 (N.D. Ill. 1978) ............................................................................ 4

### Statutes

Fed. R. Civ. P. 30(b)(6) .......................................................................... passim

Fed. R. Evid. 612(2) ........................................................................................ 4

## INTRODUCTION

MGA does not deny that MGA Canada's Rule 30(b)(6) designee Diane Goveia-Gordon reviewed documents ████████████████████████ ████ about events surrounding the departure of Ms. Janine Brisbois from Mattel to MGA Canada. Mattel is not making any "impossible factual leaps"; Goveia-Gordon herself *admitted* to reviewing privileged documents prior to her deposition. (Opp. at 1). The law is clear that any privilege or work product protection against disclosure is deemed waived as to those documents reviewed by Goveia-Gordon to refresh her recollection. Indeed, that is undisputed. MGA instead argues that Goveia-Gordon did not identify the specific documents used to refresh her recollection, but this misrepresents her testimony that she reviewed ████████████████ ████████ MGA does not deny knowing which documents Goveia-Gordon reviewed, and it does not dispute that those emails can be easily obtained from the computer systems of the witness or her counsel. MGA claims that the reviewed documents only relate to the "timing of events" and not with substantive issues, but that is no defense to waiver and, in any event, Mattel is not required to take MGA's word for that. (Opp. at 4). These emails refreshed the witness' recollection, and Mattel is entitled to obtain those documents for cross-examination.

## ARGUMENT

### I. GOVEIA-GORDON TESTIFIED THAT SHE REVIEWED PRIVILEGED DOCUMENTS TO REFRESH HER RECOLLECTION PRIOR TO HER DEPOSITION

Contrary to MGA's argument (Opp. at 1), there is nothing vague or ambiguous about Goveia-Gordon's testimony concerning what she reviewed to prepare for her deposition:

[redacted]

1 ███████████████████████████████████████████████
2 ███████
3 ████████████████████████████
4 ███████████████████████████████████████████████
5 ██████████████████████████████████████████[1]

6   Although MGA objected on vagueness grounds, there is nothing vague about
7 Mattel's questions or Goveia-Gordon's responses. Goveia-Gordon identified ███
8 ████████████████████████████████ as documents that she reviewed.
9 Mattel followed up by asking if ████████████████████████████████
10 ████████████████ and Goveia-Gordon said they did. ████████████
11 ████████████████████████████████████████████████
12 ████████████████████

13   MGA spends two pages pasting together excerpts from Goveia-Gordon's
14 deposition to concoct an ambiguity when there is none. (Opp. at 2-3). Goveia-
15 Gordon testified ████████████████████████████████████
16 ████████████████████████████████████████████████
17 ████████████████████████████████████████████████
18 ████████████████████████████████████████████████
19 ████████████████████████████████████████████████
20 ████████████████████████████████████████████████
21 ████████[4] This contradicts MGA's argument that "none of the testimony
22 suggests that Goveia-Gordon reviewed any specific attorney-client information in
23 preparation for her deposition." (Opp. at 4). Goveia-Gordon's admission requires the
24 production of the documents so Mattel can effectively cross-examine her. <u>See</u>

---
[1] ████████████████████████████████████████████
████████████
████

Nutramax Labs., Inc. v. Twin Labs., Inc., 183 F.R.D. 458, 468 (D. Md. 1998) ("[I]f the first two elements are met, then it safely may be concluded that the documents have been put to a testimonial use for purposes of work product doctrine analysis.").

MGA argues that Goveia-Gordon testified "concerning her memory being refreshed as to certain dates" (Opp. at 5), but she said nothing about "dates" in her deposition testimony. Rather, she said that ██████████████████ ██████████████████████████ which was the time period when Brisbois stole Mattel's trade secrets and brought them to MGA Canada.[5]

MGA's opposition is notable for what it does not say. Although MGA argues that its "right to protect its attorney-client privileged communications clearly outweighs any purported need to cross-examine Goveia-Gordon" (Opp. at 4), it does not respond to Mattel's observation that her status as a Rule 30(b)(6) corporate designee creates a "heightened need" for the documents she used to prepare. Nutramax, 183 F.R.D. at 472 (compelling disclosure of documents used to refresh the recollection of Rule 30(b)(6) witness prior to deposition). MGA makes the unsupported argument that "[t]estimony regarding the substance of these events came from Goveia-Gordon's independent knowledge or from talking to third parties" (Opp. at 5), but neither does that defeat the showing of waiver as to the materials that she reviewed for her testimony nor is Mattel or the Court required to take MGA's word for it. In any event, this argument is inconsistent with Goveia-Gordon's own deposition testimony—where she clearly states that she *reviewed documents* to enable her to testify regarding Brisbois' theft of Mattel's trade secrets.[6] See Coryn Group II, LLC v.

---

[5] 

O.C. Seacrets, Inc., 265 F.R.D. 235, 243 (D. Md. 2010) (compelling disclosure of documents used with Rule 30(b)(6) witness because "where a corporate designee testifies on topics of which he denies any personal knowledge, he is an 'empty vessel' and documents reviewed on those topics in preparation for the deposition necessarily informed his testimony."). Furthermore, MGA does not dispute that it knows exactly which documents were used to prepare Goveia-Gordon, and it does not dispute that the email exchanges with legal counsel can easily be obtained from the computer systems of the witness or her counsel.

      Goveia-Gordon testified that she reviewed email exchanges with legal counsel to refresh her recollection about the time period when Brisbois stole Mattel's trade secrets and brought them to MGA Canada. Rule 612(2) requires their production so Mattel may "search out any discrepancies between the writing and the testimony." Wheeling-Pittsburgh Steel Corp. v. Underwriters Labs., Inc., 81 F.R.D. 8, 10 (N.D. Ill. 1978); see also U.S. v. 22.80 Acres of Land, 107 F.R.D. 20, 25 (N.D. Cal. 1985) (Fed. R. Evid. 612(2) "permit[s] discovery of writings (or portions thereof) that a witness reviewed before a deposition for the purpose of refreshing his or her recollection; any privilege or work product protection against disclosure is deemed waived as to those portions so reviewed"). A fair reading of Goveia-Gordon's deposition testimony leaves no doubt that she reviewed privileged emails before her deposition, and those emails with legal counsel informed her testimony regarding Brisbois' theft of Mattel's trade secrets . Those documents should be produced or, at a minimum, submitted for *in camera* review so the Court can determine which privileged documents Goveia-Gordon relied upon. Coryn Group, 265 F.R.D. at 243 ("[T]he Court may still determine whether the documents were used [to prepare a Rule 30(b)(6) witness] through an *in camera* review of the documents and the deposition transcript.").

## Conclusion

The Court should compel MGA to produce all documents used to refresh Goveia-Gordon's recollection prior to her deposition, including purportedly privileged documents, or in the alternative order MGA to submit them for *in camera* review.

DATED: July 9, 2010

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By /s/ Michael T. Zeller
Michael T. Zeller
Attorneys for Mattel, Inc.