1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
    John B. Quinn (Bar No. 090378)
2   johnquinn@quinnemanuel.com
    Michael T. Zeller (Bar No. 196417)
3   michaelzeller@quinnemanuel.com
   865 South Figueroa Street, 10th Floor
4  Los Angeles, California 90017-2543
   Telephone: (213) 443-3000
5  Facsimile: (213) 443-3100

6  Attorneys for Mattel, Inc.

7                UNITED STATES DISTRICT COURT

8                CENTRAL DISTRICT OF CALIFORNIA

9                      SOUTHERN DIVISION

10 | MATTEL, INC., a Delaware corporation, | CASE NO. CV 04-9049 DOC (RNBx)
   |                                        | Consolidated with
11 |                                        | Case No. CV 04-09059
   | Plaintiff,                             | Case No. CV 05-02727
12 |                                        |
   | vs.                                    | Hon. David O. Carter
13 |                                        |
   | MGA ENTERTAINMENT, INC., a            | **MATTEL, INC.'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS WITHHELD BY MGA ENTERTAINMENT, INC. UNDER PURPORTED COMMON INTEREST PRIVILEGE WITH OMNI 808 INVESTORS, LLC**
14 | California corporation, et al.,        |
15 | Defendant.                             |
16 |                                        |
   | AND CONSOLIDATED ACTIONS               |
17

18                                          Date: TBD
19                                          Time: TBD
                                            Place: Courtroom 9D
20
                                            Discovery Cut-off: TBD
21                                          Pre-trial Conference: TBD
                                            Trial Date: TBD
22

23

24                    **PUBLIC REDACTED**

25

26

27

28

00505.07975/3572421.1

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, on a date and time to be determined, in the Courtroom of the Honorable David O. Carter, located at 411 West Fourth Street, Santa Ana, California 92701, plaintiff Mattel, Inc. ("Mattel") will, and hereby does, move the Court to order MGA Entertainment, Inc. ("MGA") to produce to Mattel responsive documents it is withholding under an assertion of the common interest privilege between it and Omni 808 Investors, LLC ("Omni 808") or, at a minimum, to provide them to the Court for an *in camera* inspection.

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, any matters of which the Court may take judicial notice, and such further evidence and argument as may be presented at or before the hearing on this matter.

**Statement of Compliance**

Lead counsel for the parties discussed these issues on June 15 and 22, 2010, but did not reach resolution.

DATED: July 12, 2010

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By /s/ Michael T. Zeller
  Michael T. Zeller
  Attorneys for Mattel, Inc.

## Preliminary Statement

MGA is withholding documents under a purported "common interest privilege" between it and Omni 808. Yet MGA has done nothing to meet its threshold burden of showing that the withheld documents are privileged in the first instance. Despite Mattel's requests, it has not provided any information about these documents necessary to substantiate such a privilege, such as the number of documents being withheld, the types of documents, the authors or recipients of any communications, the subject matter of such communications, or the nature of the underlying privilege being asserted. Moreover, even assuming the underlying documents are privileged, MGA has not established that the "common interest" doctrine applies by showing that each withheld communication was made in furtherance of a "common legal interest" between it and Omni 808. Given the supposed "arm's length" relationship between MGA and Omni 808 that both have long touted to the Court, the application of the common interest doctrine to communications between them is dubious, particularly as to communications before Omni 808 became a defendant in April 2010 (which is also when MGA and Omni 808 appear to have entered into a joint defense agreement). Omni 808's principal also has made clear that he did not believe there to be any such common interest when he provided redacted documents to MGA ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ MGA's conclusory and blanket assertion of a "common interest" with Omni 808 is inadequate.

Because MGA has failed to meet its burden of establishing that any withheld documents are privileged or that the common interest doctrine applies, it is not entitled to withhold such documents. MGA should be ordered to promptly produce to Mattel all withheld documents or, at a minimum, provide them to the Court for an *in camera* review.

**Background Facts**

In a submission to the Electronic Discovery Special Master on March 23, 2010, MGA asserted a common interest privilege with Omni 808 for the first time. Specifically, in objecting to two document search terms, MGA claimed that Mattel was "purposefully seeking documents that will be protected by a common interest privilege[.]"[1] Upon inquiry from Mattel, MGA confirmed that it is withholding an unspecified number of communications with Omni 808 pursuant to a purported common interest privilege.[2]

During a meet and confer discussion on June 15, 2010, MGA's counsel confirmed again that MGA is withholding documents pursuant to a purported common interest privilege (which it described as "more of a joint defense privilege"). MGA's counsel stated that such withheld documents include communications between counsel for MGA and counsel for Omni 808, as well as communications between the parties themselves, such as Isaac Larian and Neil Kadisha, that allegedly reference legal advice, even if no attorneys were copied on such communications. MGA's counsel further stated that the purported common interest arose when Mattel initiated receivership proceedings, which was in late December 2008.

Before the June 15 meet and confer, MGA had never produced a joint defense agreement between it and Omni 808 – even though Mattel's discovery requests had long-since called for such a document, if it exists.[3] Then, on June 28, 2010, MGA produced a joint defense agreement among the MGA Parties, IGWT 826 and Omni

---

[1] MGA's Objections to Proposed ArchiveOne Search Terms, dated March 23, 2010, at 4.
[2] See E-mail from A. Hurst to D. Proctor, dated March 24, 2010.
[3] See Mattel's First Set of Requests for Documents and Things to Isaac Larian (Phase 2), dated January 8, 2009, Request Nos. 24, 43-46; Mattel's First Set of Requests for Documents and Things to MGA Entertainment, Inc. (Phase 2), dated January 8, 2009, Request Nos. 24, 43-46.

1 | 808, dated April 30, 2010.[4] ████████████████████████████
2 | ████████████████████████████████████████████████████████████
3 | ████████████████████████████████████████████████████████████
4 | ████████████████████████████████████████████████████████████
5 | ██████[5]

Neither MGA nor Omni 808 has ever identified on any of their privilege logs any documents withheld under a purported common interest privilege with Omni 808. In a meet and confer discussion with lead counsel for the parties on June 22, 2010, Mattel requested that MGA prepare a privilege log that identifies documents withheld pursuant to MGA's purported common interest privilege with Omni 808. MGA's counsel refused to do so.[6]

## Argument

### I. MGA HAS NOT SHOWN THAT THE DOCUMENTS IT IS WITHHOLDING UNDER THE COMMON INTEREST DOCTRINE ARE PRIVILEGED

"The 'common interest' doctrine is not a privilege in and of itself. Rather, it is an exception to the rule on waiver where communications are disclosed to third parties." Verigy US v. Mayder, 2008 WL 5063873, at *1 (N.D. Cal. Nov. 21, 2008) (citations omitted). Because it is an "anti-waiver exception, it comes into play *only if the communication at issue is privileged in the first instance*." Id. (citation omitted) (emphasis added); see also In re Syncor Erisa Litig., 229 F.R.D. 636, 645 (C.D. Cal.

---

[4] MGA2 1505732-739.
[5] MGA2 1505737.
[6] The MGA Parties and Mattel have previously agreed that privileged communications generated after the filing of this action need not be logged. However, that agreement has never barred challenges to privilege assertions as to post-lawsuit documents or barred a party from seeking, in particular circumstances, the logging of post-lawsuit communications. Obviously, non-privileged documents may not be withheld as privileged whether created before or after the lawsuit was filed.

2005) (holding common interest privilege extension "presupposes the existence of an otherwise valid underlying privilege" and rejecting privilege claim where communication *was not subject to attorney-client privilege*).[7] As with any assertion of privilege, the party asserting privilege has the burden to demonstrate that privilege attaches. See Tornay v. United States, 840 F.2d 1424, 1426 (9th Cir. 1988).

MGA has not met its burden of demonstrating that the withheld documents are privileged in the first instance. It has not identified any of those documents on a privilege log nor provided any general descriptive information about them. MGA acknowledged at the meet and confer that it might be withholding communications that have no lawyer on them, such as e-mails between Larian and Kadisha. MGA certainly has not shown that all the withheld communications with Omni 808 would be privileged even if Omni 808 were not on the communications.

Moreover, even assuming that MGA could show that the documents it is withholding are privileged in the first instance, it must further demonstrate that the common interest anti-waiver exception applies. See Cargill Inc. v. Budine, 2008 WL 2856642, at *2 (E.D. Cal. July 21, 2008) (proponent of common interest privilege bears burden of proving its applicability). The common interest doctrine applies where "(1) the communication is made by separate parties in the course of a matter of common interest; (2) the communication is designed to further that effort; and (3) the privilege has not been waived." United States v. Bergonzi, 216 F.R.D. 487, 495 (N.D. Cal. 2003).[8] The doctrine is applicable when "parties with common interests join forces for

---

[7] See also Synopsys, Inc. v. Ricoh Co., Ltd., 2006 WL 2479109, at *1 (N.D. Cal. Aug. 28, 2006) (for common interest exception to apply, party "must first demonstrate that the attorney-client privilege is applicable"); In re Juniper Networks, Inc. Secs. Litig., 2009 WL 4644534, at *1 (N.D. Cal. Dec. 9, 2009) (common interest privilege is "an extension of the attorney-client privilege").

[8] As Judge Larson found earlier in the case, the elements of the "joint defense privilege" are effectively the same. See Bryant v. Mattel, Inc., 573 F.Supp.2d 1254, 1275 (C.D. Cal. 2007) ("[T]o rely on the joint-defense privilege, a party must establish three elements: '(1) [T]he communications were made in the course of a

-4-
MATTEL'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS WITHHELD UNDER PURPORTED COMMON INTEREST PRIVILEGE

00505.07975/3572421.1

the purpose of obtaining more effective legal assistance," provided that such "legal assistance must pertain to the matter in which the parties have a joint legal interest, and the communications must be designed to further that specific legal interest." Nidec Corp. v. Victor Co. of Japan, 249 F.R.D. 575, 578 (N.D. Cal. 2007) (internal quotation omitted). MGA has not met its burden of establishing the existence of any element of the common interest doctrine as to any withheld communication.[9]

*First*, MGA has not shown that the withheld communications concern matters of "common interest" between it and Omni 808. This element requires that the communication be shared with the third party "in order to further a matter of common *legal* interest" – it "does not protect communications made in furtherance only of a common *business* interest." Lenz v. Universal Music Corp., 2009 WL 3573990, at *1 (N.D. Cal. Oct. 30, 2009) (emphasis in original) (citations omitted); see Verigy, 2008 WL 5063873, at *1 (doctrine "does not encompass a joint business strategy which happens to include as one of its elements a concern about litigation"). Likewise, a mere "shared desire to see a party succeed in an action is insufficient to invoke the 'common interest' doctrine." Verigy, 2008 WL 5063873, at *3.

MGA has not shown what the purpose of the withheld communications were, let alone that all withheld communications concerned matters of "common legal interest" between it and Omni 808. Nor does the existing record suggest this, particularly going back to December 2008 – more than a year before Omni 808 became a defendant in this case – when MGA argues that its common interest with Omni 808 arose. By MGA's and Omni 808's now-familiar accounts, they entered into an arm's length, debtor-

---

joint defense effort, (2) the statements were designed to further the effort, and (3) the privilege has not been waived.'") (quoting United States v. Bay State Ambulance and Hosp. Rental Service, Inc., 874 F.2d 20, 28 (1st Cir. 1989)).

[9]  MGA has asserted the common interest privilege improperly in the past. See Discovery Master Order No. 87, Regarding *In Camera* Review Pursuant to Order No. 33, Dated December 7, 2009, Dkt. No. 7378 ("Although the MGA Parties invoke the common interest privilege with respect to several of the e-mails at issue here, I found that privilege to be inapplicable in all such instances.").

1 | creditor relationship, whereby Omni 808 simply "███████████
2 | ███████."[10] In April 2009, Omni 808's principal, Neil Kadisha, made clear that he
3 | did not believe there to be any such common interest when he told Mr. Larian ███
4 | ████████████████████████████████████████████████████████
5 | █████████████████████████[11] As recently as May 2010, Omni 808
6 | argued that its "business decision to buy [MGA's debt to Wachovia] is [not] related in
7 | any way to MGA's allegedly illegal business conduct."[12] Thus, while MGA and Omni
8 | 808 may have had a common business interest at times, the record does not support a
9 | blanket finding that they shared a "common legal interest" sufficient to shield forever
10 | an unknown quantity of communications, and certainly not all communications since
11 | December 2008.

*Second*, MGA has not shown that the withheld communications were made "in furtherance" of any purported common legal interest between it and Omni 808. See Nidec, 249 F.R.D. at 579 ("even if there were a common legal interest, the common interest exception requires that the communication at issue be 'designed to further *that* [legal] effort'") (emphasis in original) (citation omitted). Without providing any information concerning *what* communications are being withheld, MGA has not shown that the "in furtherance of" requirement is met. See Synopsys, 2006 WL 2479109, at *2 (ordering production where defendant "has failed to demonstrate" how "the documents at issue were designed to *further* [the claimed] common interest") (emphasis in original).

*Third*, MGA has not shown that it did not waive any privilege over the communications it is withholding. Of particular concern, MGA has stated that some

---

[10] See, e.g., Larian Dep. Tr., 545:12-13, 1024:24-1025:18; Kadisha Dep. Tr., 208:10-11 ("All of the relationship that we have with MGA is under umbrella of Wachovia loan agreement.")).
[11] See MGA2 1492680.
[12] Omni 808's Motion to Dismiss Mattel, Inc.'s Fourth Amended Answer and Counterclaims, dated May 20, 2010, Dkt. 7836 at 4.

withheld documents are communications between Mr. Larian and Mr. Kadisha, with no counsel copied. However, "the common interest privilege does not extend to communications between co-plaintiffs where counsel is not present, or at the very least, where the specific conversations of the co-parties at issue was not expressly directed by counsel." DeFazio v. Hollister, Inc., 2008 WL 4952481, at *2 (E.D. Cal. Nov. 18, 2008); see also Dawe v. Corrections USA, 2009 WL 3233883, at *8 (E.D. Cal. Oct. 1, 2009) (following DeFazio and finding waiver where privileged communication was shared with co-litigants without counsel's presence); U.S. v. Mikhel, 199 Fed.Appx. 627, 628 (9th Cir. 2006) (even if it is "assume[d] that the joint-defense privilege shields some communications between co-defendants made outside of counsel's presence, it would apply *only if the communications were made pursuant to specific instructions by the lawyer*") (emphasis added). Cf. Bryant, 573 F.Supp.2d at 1275 (finding that "joint defense privilege" protected "statements made by Bryant and his attorneys *in the presence of attorneys representing MGA*") (emphasis added). MGA has done nothing to show that the purportedly privileged communications between Messrs. Larian and Kadisha were "expressly directed by counsel," or even that they concerned privileged information in the first place. MGA therefore has not met its burden of showing that it did not waive the privilege.

In sum, MGA has not demonstrated that any communication it is withholding pursuant to its purported common interest privilege with Omni 808 is privileged in the first instance or is otherwise protected by the common interest doctrine. MGA therefore is not entitled to withhold such documents from production to Mattel. The Court should order MGA to produce to Mattel all documents being withheld under an assertion of common interest with Omni 808, or, at a minimum, provide them to the Court for an *in camera* review.[13]

---

[13] See Synopsys, 2006 WL 2479109, at *2 (ordering some documents improperly withheld under common interest doctrine produced to opposing party and another document, as to which withholding party made "a prima facie case that the common

-7-
MATTEL'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS WITHHELD UNDER PURPORTED
COMMON INTEREST PRIVILEGE

## Conclusion

Mattel respectfully requests that its Motion be granted in its entirety.

DATED: July 12, 2010

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By /s/ Michael T. Zeller
    Michael T. Zeller
    Attorneys for Mattel, Inc.

---

interest privilege might apply," produced to the court for an *in camera* inspection); Verigy, 2008 WL 5063873, at *2-4 (ordering production of documents improperly withheld on the purported basis of common interest following court's *in camera* review).