Hon. James L. Smith (Ret.)
JAMS
500 N. State College Blvd.
Suite 600
Orange, CA 92868
Telephone: (714) 939-1300
Fax: (714) 939-8710

FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

JUL - 9 2010

CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC. A Delaware corporation,<br><br>    Plaintiff,<br><br>vs.<br><br>MGA ENTERTAINMENT, INC., A California corporation, et al.,<br><br>    Defendant.<br><br>AND CONSOLIDATED ACTIONS | Case No. CV 04-9049 DOC (RNBx)<br><br>Consolidated with Case Nos. CV 04-09059 and CV 05-02727<br><br>ORDER ON REPORT AND RECOMMENDATION OF ELECTRONIC DISCOVERY SPECIAL MASTER<br><br>(07/05/10) |

The undersigned having been appointed Special Master for Electronic Discovery (Special Master), conducted several hearings regarding pending e-discovery disputes during the period March 22, 2010, through June 22, 2010. The Special Master submits the following

1

Report and Recommendation as to some of the disputes addressed during that period. Other disputes are in the process of being briefed and will be the subject of a future report. Mattel's motion to compel compliance by MGA with FRCP 34 production has been partially briefed and will shortly be considered by the Special Master. The briefing is extensive and it anticipated a report and recommendation will not be ready for the Court's consideration until on or after July 9, 2010.

## REPORT

1. <u>Mattel Request for Inspection of Machado Hard Drive</u>

As the Court is aware, Gustavo Machado (Machado a former high level employee of Mattel) left Mattel and became employed by MGA in or about April, 2004. Before and after that date Machado used several computers, both desktops and laptops, some of which were provided by Mattel, some supplied by MGA, and at least one that was purchased by Machado, to copy and store data that is alleged by Mattel to include Mattel trade secrets. While much of this data was eventually copied to a CD that was later seized by Mexican authorities, there is good cause to believe that substantial amounts of this data were not copied to the CD. A copy of the CD has been provided to Mattel in discovery, but the hard drives utilized by Machado's numerous computers (Machado Hard Drives) have not be produced.

Furthermore, it appears there has been no clear indication from MGA as to what, if any, efforts have been made to search the Machado Hard Drives and produce ESI contained thereon having discovery relevance. These circumstances, coupled with substantial evidence indicating Machado engaged in continuing efforts to delete or "wipe" relevant data from the Machado Hard Drives, requires these hard drives be subjected to a forensic examination to locate any indication of spoliation. Once the this examination has been completed the Special Master will consider any additional requests regarding the search for and retrieval of data contained on the Machado Hard Drives that have discovery relevance.

        The Special Master will recommend MGA be required to provide the image(s) of the Machado Hard Drives to ILS for preliminary examination. ILS is directed to conduct a preliminary forensic examination of the Machado Hard Drives to locate any indication of the use of wiping software and/or unusual deletion patterns. Once this preliminary examination is complete, ILS shall provide to Special Master for E-discovery a written report regarding the results of the examination. ILS shall retain custody of the Machado Hard Drive Images pending further instructions from the Court or Special Master for E-Discovery.

2. <u>Mattel Request for Inspection of Brian Wing Hard Drive</u>

        Brian Wing (Wing), MGA's former Vice President of Finance, testified in his deposition concerning events regarding the deletion of e-mail from both the MGA e-mail server and Wing's MGA provided personal computer. The deleted e-mail, if available, would be relevant to the issues presented in this action and would be part of MGA's required production in response to discovery requests propounded by Mattel. Mattel contends this conduct by MGA amounts to spoliation of evidence, and requests Wing's hard drive be examined to determine if there is a basis for this contention. Wing's testimony provides reasonable cause to believe spoliation activities may have been engaged in by MGA and the Special Master will recommend that Wing's hard drive be examined for evidence of spoliation activities.

        MGA shall provide the Brian Wing Hard Drive Images to ILS for preliminary examination. ILS is directed to conduct a preliminary forensic examination of the Brian Wing Hard Drives looking for evidence of the use of wiping software and/or unusual deletion patterns. Once this preliminary examination is complete, ILS is to provide the Special Master for E-discovery with a written report regarding the results of the examination. ILS shall retain custody of the Brian Wing Hard Drive Images pending further instructions from the Court or Special Master for E-Discovery.

3. <u>Mattel Request for Production of Communications With Former Mattel Employees Relating to the Origins of Bratz.</u>

3

In this request Mattel seeks all electronically stored information (ESI) relating or referring to the "Bratz" doll. As the Court is aware, among its many allegations, Mattel contends the Bratz doll was developed by Carter Bryant while he worked for Mattel and prior to his resignation from Mattel and accepting employment with MGA in or about October, 2000. Mattel further contends that MGA, for several years prior to 2000, and continuing through at least 2006, engaged in a course of conduct whereby they contacted then current employees of Mattel and solicited them to leave Mattel and accept employment with MGA, and bring with them data held by Mattel to be protected by rights relating to confidentiality and trade secrets. The parties have dedicated substantial portions of their respective briefs to a discussion of the evidence that supports or refutes these contentions of Mattel, but for purposes of this motion need only be observed that Mattel has made these allegations and the information requested clearly has discovery relevancy.

It should also be noted that the ESI requested has been the subject of several prior discovery requests propounded by Mattel, and no MGA response to such requests or brief filed in regard to this motion has contained an unqualified assertion by MGA that a thorough search has been conducted in an effort to locate and produce the requested data. On each occasion when this subject has been addressed the contention of MGA has been that they have produced ESI the falls within the scope of the request propounded by Mattel, but at no time has MGA clearly and unequivocally stated that it has search all sources where the data may be located and produced all that was discovered. This skirting of the issue is a source of great consternation on the part of Mattel, and it appears its concern is justified.

The Special Master will recommend that Mattel's request be granted and MGA be required: a) provide a certification that it has searched the active file spaces of all available media for the documents requested and has produced or identified in a privilege log all such documents that have been discovered; or, b) submit the media for inspection by the Court-appointed e-discovery consultant, ILS, with instructions that a search for the documents requested be conducted.

Although a search for the specified ESI would normally be conducted by the responding party (MGA), the equivocal nature of the responses that have thus far been provided, the length of the period during which these requests have been pending without full responses having been provided, and the need for expediting the e-discovery process to avoid any delay of the trial of this action, all indicate the search of the media containing responsive documents would best be conducted by ILS. The Special Master will recommend the following criteria be used in providing any certification or conducting any search required by the Court's Order:

1) All electronic communications to and from the following accounts:

 (a) plot04@yahoo.com.mx;
 (b) hoclau04@gmail.com (through March 2007);
 (c) hoclau04@yahoo.com (through March 2007);
 (d) ronsha@adelphia.net (through October 2005);
 (e) relaxinc@aol.com (through October 2005);
 (f) gusmachado43@gmail.com (through April 2005);
 (g) cubmex9@msn.com (through November 2005);
 (h) danielcooneyjr@comcast.net (through May 2007);
 (i) sophiesays@hotmail.com (through October 2001);
 (j) Bryant598@cs.com (through October 2001);
 (k) CBE1068@cs.com (through December 2001);
 (l) Cbe1068@sbcglobal.net (through October 2001);
 (m) jbrisbois@lincsat.com (through September 2006);
 (n) argentrade@aol.com (through April 2005).

2) All electronic communications referring or relating to the following former Mattel employees prior to their departure from Mattel and through the month specified:

 (a) Ron Brawer (through October 2005);
 (b) Janine Brisbois (through September 2006);
 (c) Carter Bryant (through October 2001);
 (d) Ana Cabrera (through December 2005);

(e) Jorge Castilla (through March 2007);

(f) Paula Treantafelles (now Garcia) (through April 2001);

(g) Nick Contreras (through November 2005);

(h) Daniel Cooney (through May 2007);

(i) Susan Kim (through November 2005);

(j) Margaret Leahy (through September 2001);

(k) Gustavo Machado (through April 2005);

(l) Veronica Marlow (through December 2005)

(m) Beatriz Morales (through December 2005);

(n) Maria Elena Salazar (through March 2004);

(o) Mariana Trueba (through April 2005)

(p) Pablo Vargas (through April 2005); and,

(q) Merecedah Ward (through October 2001).

3) All electronic communications referring or relating to Peter Marlow prior to January 1, 2001.

4) All ESI in the MGA Parties' possession, custody or control that refer or relate to Bratz prior to January 1, 2001.

## RECOMMENDATION

The Report of the Special Master is accepted and approved by the Court. The parties are directed to consider the Report in complying with all orders contained herein.

1. <u>As to: Mattel Request for Inspection of Machado Hard Drive</u>

Request is granted.

1     MGA shall provide the image(s) of the Machado Hard Drive(s) to ILS for preliminary examination. ILS is directed to conduct a preliminary forensic examination of the Machado Hard Drives to locate any indication of the use of wiping software and/or unusual deletion patterns. Once this preliminary examination is complete, ILS shall provide to Special Master for E-discovery a written report regarding the results of the examination. ILS shall retain custody of the image(s) of the Machado Hard Drive(s) pending further instructions from the Court or Special Master for E-Discovery.

2. As to: Mattel Request for Inspection of Brian Wing Hard Drive

    Request is granted.

    MGA shall provide the image(s) of the Brian Wing Hard Drive(s) to ILS for preliminary examination. ILS is directed to conduct a preliminary forensic examination of the Brian Wing Hard Drive(s) to locate any indication of the use of wiping software and/or unusual deletion patterns. Once this preliminary examination is complete, ILS shall provide to Special Master for E-discovery a written report regarding the results of the examination. ILS shall retain custody of the image(s) of the Brian Wing Hard Drive(s) pending further instructions from the Court or Special Master for E-Discovery.

3. As to: Mattel Request for Production of Communications With Former Mattel Employees Relating to the Origins of Bratz.

    Request is granted.

    MGA shall:

    a) provide a certification that it has searched the active file spaces of all available media for the ESI requested as identified in the Report of the Special Master contained herein and has produced or identified in a privilege log all such documents that have been discovered; or,

b) submit the media for inspection by the Court-appointed e-discovery consultant, ILS, with instructions that a search for the documents requested utilizing the criteria identified in the Report of the Special Master contained herein.

Date: July 5, 2010

_____
James L. Smith
Special Master

**IT IS SO ORDERED.**

Date: July __9__, 2010

_____
Hon. David O. Carter
Federal District Court Judge