QUINN EMANUEL URQUHART & SULLIVAN, LLP
John B. Quinn (Bar No. 090378)
(johnquinn@quinnemanuel.com)
Michael T. Zeller (Bar No. 196417)
(michaelzeller@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>MGA ENTERTAINMENT, INC., a California corporation, et al.,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 DOC (RNBx)<br>Consolidated with<br>Case Nos. CV 04-09059 & CV 05-02727<br><br>Hon. David O. Carter<br><br>**[PUBLIC REDACTED] MATTEL, INC.'S REPLY IN SUPPORT OF MOTION TO COMPEL RE MGA MEXICO'S DOCUMENT RETENTION AND DESTRUCTION**<br><br>Hearing Date: TBD<br>Time: TBD<br>Place: TBD<br><br>**Phase 2**<br><br>Discovery Cutoff: TBD<br>Pre-trial Conference: TBD<br>Trial: TBD |

# MEMORANDUM OF POINTS AND AUTHORITIES

## Preliminary Statement

MGA Mexico's opposition confirms the need for an order compelling compliance. While strenuously denying there has been any spoliation and vaguely claiming that its searches to date confirm this, MGA Mexico offers hardly a word about the actual matter at issue: the propriety of Mattel's requests for production. That MGA Mexico chose to force motion practice on requests to which it can hardly bring itself to articulate objections (and with which, as Mattel showed in its motion, MGA Mexico had previously agreed to comply in part), while claiming at the same time that it has already conducted "thorough" searches for evidence of spoliation, is perplexing and troubling.

The vague nature of MGA Mexico's statements about its searches shows that an order is needed. While MGA's lawyers now assert that searches were done (something they chose not to say at the parties' meet and confer), MGA's 30(b)(6) witness on precisely this issue ████████████████████████████████████████████████████████████████████. Thus, MGA has not been able to show, when required to give sworn statements, that adequate searches were done in Mexico even for *compelled* documents. Its current position – that it did "thorough" searches even though the RFPs at issue were *not* compelled – cannot be accepted. Indeed, Special Master Smith recently compelled further searches for certain electronic evidence of spoliation by MGA Mexico because "there has been no clear indication from MGA as to what, if any, efforts have been made to search the Machado Hard Drives . . . ."[1]

Finally, MGA Mexico devotes the bulk of its opposition to arguing the merits of whether spoliation actually occurred. These arguments are both factually flawed and

---

[1] Report and Recommendation of E-Discovery Special Master, dated July 5, 2010, at 2.

irrelevant. Any alleged factual dispute regarding whether spoliation occurred—of which there is already ample evidence—only highlights that responses to the Requests and compelled discovery are necessary to promote the resolution of that debate.

## Argument

### I. MGA MEXICO DOES NOT CHALLENGE THE RELEVANCE OF THE REQUESTS AND ITS OBJECTIONS REGARDING OVERBREADTH ARE WITHOUT MERIT

Nowhere does MGA Mexico dispute that Request Nos. 40, 51, 52, 134, and 135 are relevant, and for good reason: evidence of spoliation by MGA Mexico is highly relevant to this case and is expressly pleaded as part of Mattel's RICO claims.[2] MGA Mexico anemically argues that the terms "MATTEL DOCUMENTS" and "REFER" and "RELATE" are overbroad. However, MGA Mexico makes no effort to explain how this alleged overbreadth in any way impedes compliance.

MGA Mexico's throw-away contention that use of the term "REFER OR RELATE" requires MGA Mexico to produce "almost every document prepared at MGA"[3] is belied by the bulk of MGA's opposition, which demonstrates that MGA Mexico understands the scope of the requests perfectly well.[4] "REFER OR RELATE TO" is a standard term used in virtually every set of requests for production served by any party in this case. Indeed, this Court has repeatedly ordered MGA to produce documents responsive to requests that use these terms,[5] and MGA and MGA Mexico

---

[2] See Mattel, Inc.'s Fourth Amended Answer and Counterclaims ("FAAC"), dated April 12, 2010, at ¶ 95.

[3] Opp'n at 1.

[4] In fact, as Mattel noted in its Motion, MGA Mexico initially <u>agreed</u> to respond to requests 40 and 52 "as written," only to later renege on that agreement during the June 15 meet and confer.

[5] See, e.g., Dkt No. 8233 at 8 (July 8, 2010 Order requiring MGA to produce "all communications between the IRS and MGA <u>referring or relating to</u> Bryant and any legal fees paid for the benefit of or on behalf of Bryant" (emphasis added); Dkt No.
(footnote continued)

likewise have used virtually identical terms for its own requests to Mattel (and the Court has ordered Mattel to produce documents "referring or relating" to specific issues).[6]

Similarly, MGA Mexico's objection to the term "MATTEL DOCUMENTS" is meritless. The definition of "MATTEL DOCUMENTS" is "DOCUMENTS authored by MATTEL or taken from MATTEL and in the possession of MGA or any FORMER MATTEL EMPLOYEE, including but not limited to" specifically identified trade secret documents. There is nothing overbroad about that definition; MGA Mexico's intentional destruction of <u>any</u> documents stolen from Mattel is highly relevant, whether or not Mattel pursues a trade secret claim at trial as to every document that was stolen. MGA Mexico offers no reason at all why these requests should not be ordered.

## II. MGA MEXICO'S VAGUE ASSERTIONS REGARDING THE SEARCHES IT ALLEGEDLY ALREADY PERFORMED FURTHER DEMONSTRATE THAT AN ORDER TO COMPEL IS NECESSARY

Undermining its claim that compliance with the Requests would be challenging, MGA Mexico claims in its opposition to have <u>already</u> "searched for <u>any</u> documents responsive to Requests 40 and 52 that would reflect any destruction of Mattel

---

8079 at 4-5 (Order dated June 7, 2010, ordering MGA to produce: "All Documents <u>Referring or Relating</u> to any Increase in Salary, Pay or Benefits Received by any of the Former Mattel Employees while Employed by You, including without limitation all Documents <u>Referring or Relating</u> to the Reasons therefor.") (emphasis added); Dkt No. 7434 at 5 (Order dated January 26, 2010, ordering MGA to produce "all communications by or on behalf of any of the MGA Parties with law enforcement in Mexico, Canada, and/or the United States that <u>refer or relate to</u>" Mattel's allegations) (emphasis added).

[6] Dkt No. 7434 at 3, 10 (Order dated January 26, 2010, ordering Mattel to produce documents "<u>referring or relating</u> to fee and/or indemnity agreements concerning Carter Bryant and/or Pablo Vargas" and "all documents <u>referring or relating to</u> NHB.") (emphasis added).

computers"[7] and "searched for <u>all</u> documents evidencing <u>any</u> spoliation of documents relevant to this action."[8]  That such apparently comprehensive searches have allegedly already been conducted – although MGA Mexico chose not to say a word about them in the parties' pre-filing meet and confer – demonstrates beyond dispute that the requests are not overbroad or burdensome.

What these lawyer-made statements do not demonstrate, however, is that no relief is needed.  When put to the test, these ambiguous statements cannot be (and have not been) corroborated.  Mattel recently deposed MGA's 30(b)(6) designees on their collections and searches for documents and searches for evidence of spoliation.  Those designees ███████████████████████████████████████[9]  Likewise, the designees ████████████████████████████████████████████████████████████████[10]  Special Master Smith found recently, in ordering drives turned over to have searches for spoliation done, that "there has been no clear indication from MGA as to what, if any, efforts have been made to search the Machado Hard Drives and produce [documents] contained thereon having discovery

---

[7] Opp'n at 4 (emphasis added).
[8] Id. at 6 (emphasis added).
[9] See 30(b)(6) Deposition of Dennis Jolicoeur, Vol. 8, at 1816:3-1818:8 (████████████████████████████████████████); 30(b)(6) Deposition of Lisa Tonnu, Vol. 10, at 2206:13-17 (████████████████████████████████████████████████████████████).
[10] See, e.g., 30(b)(6) Deposition of Lisa Tonnu, Vol. 10, at 2193:19-20 (██████████████); 2194:24-2195:7 (████████████████████████████████████████████████); 2184:8-17 (████████████████████████████████████████████).

1 relevance."[11] MGA Mexico's attorney's statements in a brief do not change the landscape; they are no substitute for evidence. And in any case, even now MGA Mexico continues to hide the ball as to what it claims it has done, claiming only that it has searched for "spoliation" without explaining how (did it just run searches for the word "spoliate"?), claiming it has searched "servers" and "hard drives" without explaining which, and so on. MGA has put forward no evidence that it has actually complied with the Requests.

And MGA would suffer no repercussions for failing to do so absent an Order compelling it to do so, which is why an Order is needed. Moreover, as this Court has explained, precedent in this case— precedent set by an MGA motion—is to compel discovery even when a party represents it has complied.[12] Thus, the Court should grant Mattel's motion in accordance with the standing precedent in this case.

### III. MGA'S ARGUMENTS REGARDING WHETHER SPOLIATION ACTUALLY OCCURRED ARE INCORRECT AND IRRELEVANT

MGA Mexico's arguments regarding the merits of whether any spoliation actually took place are both wrong and irrelevant.

Mattel detailed ample evidence of spoliation it has already adduced in its motion. For the most part, MGA Mexico simply ignores that evidence. Thus, MGA Mexico has virtually no response to the fact that Vargas testified that, ███████████
███████████████████████████

---

[11] Report and Recommendation of E-Discovery Special Master, dated July 5, 2010, at 2.

[12] See Hearing Tr., dated March 11, 2010 (Vol. 1), at 21:1-15 (THE COURT: "So there's absolutely no reason for me, then, not to grant MGA's motion, so I set the precedent and I set the standard. I'm going to deem, based on Mr. Zeller's representation that this has been completed; therefore, MGA's motion is granted"); Hearing Tr., dated March 11, 2010 (Vol. 3), at 5:12-22 (THE COURT: "Mattel represented that it has already produced all documents encompassed by the MGA Parties' request. With an abundance of caution, and to create a standing precedent that all later-discovered documents be produced by Mattel, the Court grants the request").

1 ▮

2 ▮

3 ▮

4 ▮[14] Vargas ▮

5 ▮

6 ▮[15] Machado ▮

7 ▮[16] MGA and MGA Mexico argue that "no one at MGA or MGA Mexico told [Vargas] to throw [away] such documents,"[17] but Machado and Vargas, as directors, *were* MGA Mexico in October 2005 when they destroyed the Mattel documents. Special Master Smith also recently found that there is "substantial evidence that Machado engaged in continuing efforts to 'wipe' relevant data" from his hard drives.[18]

MGA Mexico urges that Mr. Vargas' testimony about MGA Mexico's spoliation is not credible given his prior assertions in legal proceedings in Mexico that he did not steal Mattel trade secrets. But Mr. Machado,[19] Ms. Trueba,[20] Mr. Vargas[21] and Ms. Kuemmerle[22] all ▮

---

[13] See Deposition of Pablo Vargas, Vol. 2, at 250:23-256:3.
[14] Id. at 254:4-10; 254:20-255:3.
[15] Id. at 255:22-256:3.
[16] Deposition of Gustavo Machado, Vol. 3, at 218:5-222:1.
[17] Opp'n at 5.
[18] Report and Recommendation of E-Discovery Special Master, dated July 5, 2010, at 2.
[19] Deposition of Gustavo Machado, Vol. 4, at 593:14-18 (▮).
[20] Deposition of Mariana Trueba, Vol. 2, at 241:15-242:14.
[21] Deposition of Pablo Vargas, Vol. 4, at 819:10-21.
[22] Deposition of Susanna Kuemmerle; Vol. 1, at 120:5-123:20; 127:18-129:12; 30(b)(6) Deposition of Susanna Kuemmerle, Vol. 1, at 279:10-280:17.

1  █████████████████████████████████████████████
2  █████████████████████████████████████████████
3  ██████████████████████████████
4     ███████████████████████████████████████████
5     ███████████████████████████████████████████
6     ██████████████████████████████████████
7     ██
8     ███████████████████████████████████████████
9     ███████████████████████████████████████████
10    ███████████████████████████████████████████
11    ███████████████████████████████████████████
12    ███████████████████████████████████████████
13    ███[23]

14    In any event, these debates are immaterial here. The existence of an alleged
15 factual dispute about spoliation only highlights that MGA Mexico must respond to the
16 Requests; the purpose of discovery is to uncover facts to resolve the merits of such
17 questions.

### Conclusion

19    For the foregoing reasons, Mattel respectfully requests that the Court grant
20 Mattel's Motion in its entirety.

21 DATED: July 12, 2010            QUINN  EMANUEL  URQUHART  &
                                   SULLIVAN, LLP


                                   By /s/ Michael T. Zeller
                                     Michael T. Zeller
                                     Attorneys for Plaintiff
                                     Mattel, Inc.

---

[23] Deposition of Pablo Vargas, Vol. 3, at 570:21-57110 (emphasis added); see also Second Supplemental Response of MGA Entertainment, Inc., to Interrogatory No 67, dated June 4, 2010.