MELINDA HAAG (State Bar No. 132612)
mhaag@orrick.com
ANNETTE L. HURST (State Bar No. 148738)
ahurst@orrick.com
WARRINGTON S. PARKER III (State Bar No. 148003)
wparker@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building, 405 Howard Street
San Francisco, CA 94105
Tel. (415) 773-5700/ Fax: (415) 773-5759

WILLIAM A. MOLINSKI (State Bar No. 145186)
wmolinski@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA 90017
Tel. (213) 629-2020/Fax: (213) 612-2499

THOMAS S. MCCONVILLE (State Bar No. 155905)
tmcconville@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
4 Park Plaza, Suite 1600
Irvine, CA 92614-2258
Tel: (949) 567-6700/Fax: (949) 567-6710

Attorneys for MGA Parties

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | Case No. CV 04-9049-DOC (RNBx)<br>Consolidated with: Case No. CV 04-9059 and Case No. CV 05-2727<br><br>**MGA PARTIES' OBJECTION TO ITEM 3 OF REPORT AND RECOMMENDATION DATED JULY 5, 2010**<br><br>Date:            TBD<br>Time:           TBD<br>**Phase 2**<br>Discovery:                None Set<br>Pretrial Conference: None Set<br>Trial Date:               None Set |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on a date to be determined by the Court in the Courtroom of the Honorable David O. Carter, located at 411 West Fourth Street, Room 1053, Santa Ana, California 92701, MGA Entertainment Inc., MGA HK Limited, MGAE de Mexico S.R.L. de C.V., and Isaac Larian (collectively, the "MGA Parties" or "MGA") will, and hereby do, move the Court to overrule portions of Electronic Discovery Special Master Report and Recommendation dated July 5, 2010, specifically Item 3 of that Report.

This Motion is made on the grounds that the objected to portions of Electronic Discovery Special Master July 5 Report and Recommendation are erroneous. First, the Report and Recommendation requires MGA to produce items not requested by Mattel in any formal document request and the items ordered to be produced are overbroad and will entail the production of irrelevant information.

Second, the Report and Recommendation requires MGA to search "all media." However, Rule 26 requires a reasonable search of those places where such information would likely be located. Under this Report and Recommendation, it would appear that the obligation is vastly expanded so that MGA would have to search the active files of those at MGA even if there is absolutely no evidence or any reason to believe that they have information "referring or relating" to the identified Mattel employees or have ever sent an email to one of the email addresses identified.

Third, even if this Court affirms the Electronic Discovery Special Master's decision as to the scope of the items to be produced, MGA and its counsel—not a third party—should be the ones to search and review the items.

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Notice of Lodging and

1 exhibits attached thereto, all matters cited to herein, this Court's files and all other
2 matters of which the Court may take judicial notice.

3 <u>Statement Of Compliance</u>

4 The parties conferred regarding the issues raised in this Motion on various
5 occasions.

6 Respectfully submitted,

7 Dated: July 13, 2010         ORRICK, HERRINGTON & SUTCLIFFE LLP

9                              By: */s/ Warrington S. Parker III*
10                                     Warrington S. Parker III
                                       Attorneys for MGA Parties

# TABLE OF CONTENTS

**Page**

INTRODUCTION ..................................................................................................... 1

STATEMENT OF FACTS ........................................................................................ 4

I.  MATTEL'S MOTION SOUGHT DOCUMENTS THAT WERE NOT REQUESTED ................................................................................................. 4

  A.  The Documents Sought And Relief Requested By Mattel ................... 4

  B.  MGA Notes That Mattel Has Not Requested These Documents And Notes That Mattel Has Not Made A Sufficient Showing To Allow Forensic Expert Access To MGA Media .................................... 6

  C.  Mattel's Reply Brief Purports To Identify The Document Requests To Which Its Motion Pertained ............................................. 6

ARGUMENT ............................................................................................................. 9

I.  THE REPORT AND RECOMMENDATION IS BASED ON A FAULTY VIEW THAT MGA HAS FAILED TO COMPLY WITH DISCOVERY ................................................................................................ 9

II.  THE DISCOVERY ORDERED IS OVERBROAD ................................... 10

III. EVEN WERE THIS COURT TO ADOPT THE REPORT AND RECOMMENDATIONS GRANTING OF MATTEL ADDITIONAL DISCOVERY, IT SHOULD NOT ORDER THE PRODUCTION BE DONE BY A THIRD PARTY OR REQUIRE THE REVIEW OF "ALL AVAILABLE MEDIA." ................................................................. 11

CONCLUSION ........................................................................................................ 12

# TABLE OF AUTHORITIES

**Page**

## FEDERAL CASES

*Bethea v. Comcast*,
  218 F.R.D. 328 (D.D.C. 2003) ........................................................................... 12

*Diepenhorst v. City of Battle Creek*,
  2006 WL 1851243 (W.D. Mich. 2006) ............................................................. 12

*Finkelstein v. Dist. of Columbia*,
  1987 WL 14976 (D.D.C. July 22, 1987) ........................................................... 11

*In re Ford Motor Co.*,
  345 F.3d 1315 (11th Cir. 2003) ......................................................................... 11

*Heartland Surgical Specialty Hosp.*,
  2007 WL 950282 (D. Kan. March 26, 2007) .................................................... 11

*Martinez-Hernandez v. Butterball, LLC*,
  2010 WL 2089251 (E.D.N.C. May 21, 2010) ................................................... 11

*Scotts Co. LLC v. Liberty Mut. Ins. Co.*,
  2007 WL 1723509 (S.D. Ohio June 12, 2007) ................................................. 12

*Williams v. Mass. Mut. Life Ins. Co.*,
  226 F.R.D. 144 (D. Mass. 2005) ....................................................................... 12

## MISCELLANEOUS

Notes of Advisory Committee on 2006 amendments
to Fed. R. Civ. P. 34(a) ...................................................................................... 12

# OBJECTION TO ELECTRONIC DISCOVERY SPECIAL MASTER REPORT AND RECOMMENDATION (JULY 5, 2010)

The MGA Parties hereby object to the July 5, 2010, Electronic Discovery Special Master Report and Recommendation, and specifically to Item 3 of the Report and Recommendation that concerns the "Mattel Request for Production of Communications With Former Mattel Employees Relating To The Origins Of Bratz." Report and Recommendation ("R&R") at 3-6, 7-8.

## INTRODUCTION

The Report and Recommendation is the result of a motion brought by Mattel seeking four things. All communications to certain email addresses, all but one of which are the personal email addresses of former Mattel employees hired by MGA, for up to one year after they were hired by MGA without regard to subject matter. All communications that "refer or relate" to identified persons most of whom are former Mattel employees hired by MGA from the time that they were and for one year after they were hired by MGA, without regard to subject matter.[1] All communications that refer or relate to Peter Marlow prior to January 1, 2001. And finally, Mattel wanted an order allowing the forensic experts complete access to all of MGA's electronic documents to search for documents that refer or relate to Bratz prior to January 1, 2001.

Item 3 of the Report and Recommendation, if adopted, requires the MGA Parties to certify the production of these documents or allow the Court appointed expert to search for these documents.

The MGA Parties object to Item 3 of the Report and Recommendation dated July 5, 2010, for four reasons.[2]

---

[1] Certain of the persons identified in the Report and Recommendation were never MGA employees. They are Susan Kim, Beatriz Morales, and Ana Cabrera. Two of the persons worked for MGA as independent contractors—Carter Bryant, Peter Marlow and Veronica Marlow.

[2] Although dated July 5, 2010, the MGA Parties received the Report and Recommendation on July 8, 2010.

1    *First*, the Report and Recommendation is based on a faulty premise. The Report and Recommendation is based on the premise that "the ESI requested has been the subject of several prior discovery requests propounded by Mattel . . . ." R&R at 4. With two limited exceptions, that is simply not true. For example, there is no document request that required the production of all documents that refer or relate to Peter Marlow prior to January 1, 2001. There are no document requests that require the production of all documents that refer or relate to the various people identified in the Report and Recommendation. Therefore, when the Report and Recommendation states that MGA has not certified compliance, that is the reason. Otherwise, and as is set forth in the accompanying Declaration of Warrington S. Parker III, MGA has produced thousands of documents that mention and/or that are to and from the persons identified in the Report and Recommendation. Parker Decl. ¶¶ 4-22.

The only two exceptions to their being no prior document request are as to a request seeking the production of all documents that "refer or relate" to argentrade@aol.com, and documents that refer and relate to Bratz prior to 2001. As to the request regarding argentrade@aol.com, Mattel requested in 2007 all documents that refer or relate to argentrade@aol.com and MGA timely objected. It is an email address of Susana Kuemmerle, a MGA employee that did not work at Mattel. It was used in her everyday business with MGA. Because there was no restriction on subject matter, MGA informed Mattel that it would not produce documents without some restriction. In fact, relevant documents have been produced with that email address. Parker Decl. ¶ 21.

As for the documents that refer or relate to Bratz prior to 2001, that references a document request served in 2005 and an order of 2007. However, Mattel was not seeking documents from MGA. It was asking that the Electronic Discovery Special Master conduct the review of all of MGA's media. As noted in MGA's Opposition, in order to grant such a request there must be a strong showing

that MGA's production was insufficient. And Mattel made no such showing. It certainly has had that chance. The underlying document request was made in 2005. The order pertaining to it was issued in 2007. Between now and then, despite all of the discovery taken, there has been no showing that the access sought should be allowed. It was on these grounds that MGA rightly opposed Mattel's motion.

*Second*, not only have the documents not been requested, the information—had it been requested—is overbroad. Indeed, just a month ago, this Court refused to grant Mattel's motion to compel a more narrow request—both temporally and in terms of the subject matter—that was aimed to obtain documents to and from persons who are alleged to have misappropriated trade secrets. *See* Dkt. 8079 (June 7, 2010 Order) at 16 (Requests 17-19). In contrast, not everyone identified in the Report and Recommendation are alleged to have taken trade secrets, the temporal scope of the granted requests are broader and there is absolutely no subject matter limitation.

*Third*, even if this Court agrees that the Report and Recommendation is proper as to the documents it has ordered produced, MGA and its counsel—not the Court appointed expert—should be the one to conduct the gathering and production of those documents. There is no legal cause for having a third party do so. While the Electronic Discovery Master suggests that there is some need for expediency, there has been no showing or finding that MGA or present counsel cannot comply in a timely fashion. Moreover, the finding appears to be based on the false premise that MGA has somehow stalled in its production, which it has not. As noted above, with one exception, the documents either were not requested by Mattel in the scope or nature of the relief Mattel obtained by way of the Report and Recommendation or, as to the argentrade@aol.com email account, MGA timely objected and informed Mattel that it was doing so. And as to the one exception, there has been no showing of a deficiency in MGA's production.

*Fourth*, even if this Court affirms the Report and Recommendation in its entirety, the Report and Recommendation requires the search of "all available media for the documents requested . . . ." R&R at 4:23. However, Rule 26 requires a reasonable search of those places where such information would likely be located. Under this Report and Recommendation, it would appear that the obligation is vastly expanded so that MGA would have to search the active files of those at MGA even if there is absolutely no evidence or any reason to believe that they have information "referring or relating" to the identified Mattel employees or have ever sent an email to one of the email addresses identified.

In sum, Mattel has received a vast amount of discovery pertaining to the specific issues of this case. This Court has recently just ruled on motions pertaining to some of those specific issues. *See, e.g.*, Dkt. 8079 (June 7, 2010 Order); Dkt. No. 8133 (June 18, 2010 Order). Mattel has shown no need for every single document to or from email addresses or every single document that refers or relates to a MGA employee for up to a year after they arrived at MGA without regard to the subject matter of the communication. And certainly MGA should not be placed in the position of having to turn over its data to some third party in order to have it comply with discovery requests not made and without a showing of lack of compliance.

For these reasons, MGA asks that this Court overrule Item 3 of the July 5, 2010 Report and Recommendation.

## STATEMENT OF FACTS

### I. MATTEL'S MOTION SOUGHT DOCUMENTS THAT WERE NOT REQUESTED.

#### A. The Documents Sought And Relief Requested By Mattel

In its motion before the Electronic Discovery Master, Mattel requested four items. First, Mattel requested documents to and from the email addresses set forth in the Report and Recommendation at page 5. Notice of Lodging, Exhibit A

(Mattel's Mot.) at 1, 16-17. Second, Mattel sought electronic communications that "refer or relate" to identified former Mattel employees, and certain non-employees at pages 5 and 6. Notice of Lodging, Exhibit A at 1, 17-18. Third, Mattel sought all communications referring or relating to Peter Marlow prior to January 1, 2001. Notice of Lodging, Exhibit A at 1. Fourth, MGA sought an independent review by the Court appointed expert for all documents prior to January 1, 2001 that refer or relate to Bratz. Notice of Lodging, Exhibit A at 1, 19-20.

With respect to the emails, with one exception, the referenced are personal email addresses for former Mattel employees hired by MGA.[3] The time span requested by Mattel in its motion for the documents bearing these personal email addresses is any time up to one year after the persons started at MGA. Thus, for example, Mattel sought by its motion any documents bearing the email address of Jorge Castilla (houclau04@gmail.com and hoclau04@yahoo.com) from any time prior to his start at MGA up to one year after he started at MGA, i.e., up to March 2007.

For the electronic communications that "refer or relate" to former Mattel employees, Mattel sought any documents that "refer or relate" to the former Mattel employees from the time that they were at Mattel until one year after they began their employment at MGA. Thus, for example, Ron Brawer began his employment at MGA in October 2004. Mattel sought all communications "referring or relating" to Ron Brawer during his employment at Mattel, and including one year after he began at MGA.

While requesting these documents, with one exception relating to the request for all documents referring or relating to Bratz, in its opening brief, Mattel did not

---

[3] The exception is the email address argentrade@aol.com. This is the email address used by Susana Kuemmerle. She is not a former Mattel employee. It is an email that she used in her day to day business at MGA. That email address is discussed further below.

- 5 -

identify any document request to which the documents described above would be responsive.

### B. MGA Notes That Mattel Has Not Requested These Documents And Notes That Mattel Has Not Made A Sufficient Showing To Allow Forensic Expert Access To MGA Media.

As set forth in MGA's opposition to Mattel's motion, Notice of Lodging Exhibit B (MGA's Opposition), MGA has produced documents that bear the email addresses sought by Mattel. *See, e.g.*, Notice of Lodging Exhibit B at 1; Notice of Lodging Exhibit D at 13. MGA has produced documents concerning each of the employees that Mattel seeks information about.[4]

However, as MGA noted in its Opposition, with one exception, Mattel did not reference or have any document requests that covered the relief sought. *See* Notice of Lodging Exhibit B.[5]

As to the one exception, all documents referring or relating to Bratz prior to January 1, 2001, MGA noted that the relief sought—which was access by a third party to MGA media—could not granted absent a showing by Mattel that MGA's production was deficient, which Mattel did not show. Notice of Lodging Exhibit B at 17-18. Furthermore, the claims leveled by Mattel did not reflect some deficiency in the production of documents referring or relating to Bratz prior to January 1, 2001. Notice of Lodging Exhibit B at 8-10.

### C. Mattel's Reply Brief Purports To Identify The Document Requests To Which Its Motion Pertained.

Only in its reply brief did Mattel try to identify the document requests that it argued covered the relief it sought. Notice of Lodging Exhibit C (Mattel's Reply). With two exceptions, these requests did not seek the documents that Mattel claimed it should obtain and that the Electronic Discovery Master ordered.

---

[4] MGA does not here provide a full response as to each of the items sought. Rather, MGA refers the Court to its Opposition, which is Exhibit B to the Notice of Lodging.

[5] In addition, as referenced in MGA's Opposition, documents have been produced that were responsive.

- 6 -

1       As for Mattel's requests concerning all communications bearing personal
2  email addresses and all documents "referring or relating" to former Mattel
3  employees up to a year after they started at MGA, Mattel pointed to a few
4  documents requests none of which would obtain for Mattel the relief sought by its
5  motion.

6       For example, Mattel pointed to Request No. 137 of Mattel's First Set of
7  Requests of Production," which Mattel asserted calls for "All [sic] …
8  COMMUNICATIONS between YOU and any present or former employees or
9  contractors of MATTEL." Notice of Lodging Exhibit C at 3.[6] Request No. 137
10 says no such thing. Request No. 137 reads, *in its entirety* "All DOCUMENTS
11 RELATING TO the allegations in Paragraph 75 of YOUR COMPLAINT regarding
12 MATTEL's dealings and COMMUNICATIONS with former employees, including
13 but not limited to all COMMUNICATIONS between YOU and any present or
14 former employees or contractors of MATTEL." Paragraph 75 of MGA's complaint
15 alleges that "Mattel has sent threatening letters to several of its former employees
16 who now work for MGA warning them not to disclose ***even publicly available***
17 ***information*** about Mattel… ." April 13, 2005 Complaint, Case No. 2 05 CV 02727
18 (emphasis in original). Read in its full context, Request No. 137 is not a blanket
19 request for all emails between MGA and any former employees and contractors of
20 Mattel, which in any case would have been overbroad; it is a request for all such
21 communications regarding a specific allegation, namely that Mattel has threatened
22 its ex-employees and contractors.

23      Mattel pointed to document requests that calls for all communications
24 between MGA and "any CURRENT MATTEL EMPLOYEE." However, as Mattel
25 acknowledged, "CURRENT MATTEL EMPLOYEE" was defined as "any
26 PERSON employed by MATTEL at the time of a COMMUNICATION." Notice

---

[6] Presumably, Mattel intends to refer to *Mattel, Inc.'s First Set of Requests for Documents and Things Re Claims of Unfair Competition To MGA Entertainment, Inc.*, dated December 18, *2006*.

of Lodging Exhibit C at 3 n. 5.  These requests, as the others pointed to by Mattel, are limited in scope to communications while the person was employed by Mattel, communications concerning the persons departure from Mattel or meetings with the person while they were employed by Mattel.[7]

The one exception to these requests is the one concerning the email address that is identified as argentrade@aol.com.  Notice of Lodging Exhibit C at 4 n. 10.  This email address is an email address used by MGA employee Susana Kuemmerle.  Mattel issued its document request pertaining to this email address in November 2007 seeking all documents that "refer or relate to the email account . . . ."  The request did not limit itself to a particular topic or content.  It sought every single documents that "referred or related" to that account.  In response to this document request served in December 2008, MGA objected to the document request, for among other reasons, it was overbroad and sought irrelevant information because the document request did not seek information limited to the issues in this case.  That said, MGA has produced documents bearing that email account when relevant.  Notice of Lodging Exhibit D at 13.

With regard to the Peter Marlow request (all documents prior to January 2001), Mattel admitted that there was no document request seeking "all communications referring or relating to Peter Marlow prior to January 1, 2001."  Notice of Lodging Exhibit C at 4 n. 9.

---

[7] In addition, it bears noting that, to the extent Mattel relies on its Fifth Request for Production of Documents, certain documents MGA agreed to produce. However, MGA has objected to those requests because, among things, it seeks the production of *all* communications with a Mattel employee even if the communication did not relate to hiring or business at all. The request also seeks any communication that "refers or relates" to a Mattel employee, even if that is an internal MGA communication and regardless of whether the person was hired or mentioned for reasons unrelated to this case. Moreover, as MGA has expressed to Mattel it is virtually impossible to locate every single email that might have been sent to a Mattel employee. MGA has agreed to produce, and has produced, documents sent to those individuals hired by MGA and that are at issue in this case, such as Ron Brawer, Nick Contreras. *See* Parker Decl. ¶¶ 4-22; *see also* Dkt. No. 8205 (MGA's Opp. to MTC Production of Documents Re Use of Trade Secrets).

# ARGUMENT

## I. THE REPORT AND RECOMMENDATION IS BASED ON A FAULTY VIEW THAT MGA HAS FAILED TO COMPLY WITH DISCOVERY.

The premise that MGA has failed to produce documents in a timely fashion, which is the premise of the Report and Recommendation, is simply not true. What we have here, with one exception, is Mattel seeking entirely new and different documents requests. Mattel's cites to its document requests, as noted, do not support the broad discovery it sought from the Electronic Discovery Special Master. Moreover, Mattel's argument in its Reply Brief that the lack of an existing document request is not relevant because "Judge Carter has repeatedly ordered both parties to produce documents that have not been the subject of previously propounded document requests," concedes the point. Notice of Lodging Exhibit C at 5.

That there were no pre-existing document requests is particularly salient here because the Electronic Discovery Special Master faults MGA for failing to certify the production of all of the documents requested by Mattel. But, there is no reason for faulting MGA because the documents were not requested. And as to the document requests actually made, Mattel did not show or attempt to show a lack of compliance with what MGA said it would do, which is essential to any order allowing third party access.[8]

## II. THE DISCOVERY ORDERED IS OVERBROAD.

In addition, the information sought by Mattel is overbroad. Take for example, all emails to the personal addresses of the former Mattel employees. The

---

[8] This latter point is important for two reasons. First, MGA has objected to certain document requests, for example, as noted, certain aspects of the Fifth Request for Production of Documents and the document request seeking all documents referring or relating to argentrade@aol.com. *See* footnote 7 and Statement of Facts, Part C, *supra*. Second, and relatedly, if MGA should be required to comply with the discovery identified in the Report and Recommendation, it should be entitled to conduct the gathering and review of documents because any failure to produce is not somehow sinister. *See, infra*. It is the subject of a dispute between the parties, or as noted, not the subject of any document request.

period of time covers the year after they started at MGA. Because there is nothing that limits the subject matter, emails sent regarding personal matters or that have nothing to do with this case would need to be provided.

Similarly, a requirement that seeks all documents that "refer or relate" to 16 people regardless of subject matter is overbroad. It would include documents that have absolutely nothing whatsoever to do with this case, from dinner dates, to lunch dates, to personal matters, to other business activities in which these folks engage.

Moreover, as this Court knows, Mattel has discovery requests that are more tailored to the specific issues in this case. This Court has ruled on some of them. *See, e.g.*, Dkt. No. 8133 (June 18, 2010 Order). MGA has affirmed its compliance with others. *See, e.g.*, Dkt. No. 7889 (MGA's Opp. to Mot. to Compel Production of Documents Re Former Mattel Employees).

Indeed, this Court has already rejected a narrower request made by Mattel and limited the request further. For Trueba, Vargas and Machado, three people alleged to have taken trade secrets, Mattel sought all communications sent to or from them from January 1, 2004 to December 31, 2004.[9] This Court narrowed the documents to be produced. Dkt. 8079 (June 7, 2010 Order) at 16 (Requests 17-19).

Here, some of the people identified in the Report and Recommendation are not claimed to have taken trade secrets. And yet, the scope of production far exceeds anything this Court has ordered even when faced with an actual request.

If after the production of over 5 million pages of documents, there is still something that Mattel requires in terms of discovery, it should so state. A blunderbuss approach of producing everything to or from an email or everything "referring or relating" to a MGA employee up to a year after that employee started at MGA is not the answer.

---

[9] Because Trueba, Vargas and Machado started with MGA de Mexico in April 2004, the temporal scope of the request was also more limited than what is presently at issue.

### III. EVEN WERE THIS COURT TO ADOPT THE REPORT AND RECOMMENDATIONS GRANTING OF MATTEL ADDITIONAL DISCOVERY, IT SHOULD NOT ORDER THE PRODUCTION BE DONE BY A THIRD PARTY OR REQUIRE THE REVIEW OF "ALL AVAILABLE MEDIA."

In two other respects, the Report and Recommendation is problematic. First, it requires a search of "all available media for the documents" at issue. R&R at 4. Taken on its face, this would require MGA to certify it has searched systems and media where no emails or other documents are kept or where these emails and other documents are almost certainly not present.

Any such order exceeds the bounds of MGA's discovery obligations, which requires a search that is "reasonably calculated to lead to relevant information," *Martinez-Hernandez v. Butterball, LLC*, 2010 WL 2089251 *6 (E.D.N.C. May 21, 2010) and not an approach that would require the sifting of every piece of active media without regard to reason. *See also, e.g., Heartland Surgical Specialty Hosp.*, 2007 WL 950282 * 5 (D. Kan. March 26, 2007) (finding that compliance with discovery obligations did not require a search through every box in off-site storage, but a reasonable attempt to locate the documents); *Finkelstein v. Dist. of Columbia*, 1987 WL 14976 * 6 (D.D.C. July 22, 1987) (reasonable search required of files likely to contain responsive documents).

Second, there is the issue of allowing the e-discovery consultant access. Such an order is particularly unwarranted here where virtually all of what has been ordered is new. And even with respect to the documents regarding Bratz prior to 2001, such an order is not warranted.

A motion to allow a third party access should be denied absent strong evidence that the MGA Parties are have failed to produce electronic documents. And here, there is no such evidence at all.

Rule 34 expressly prohibits unfettered access as a matter of course. There must first be a showing of noncompliance. *In re Ford Motor Co.*, 345 F. 3d 1315, 1317 (11th Cir. 2003) (so holding on writ of mandamus that reversed discovery

1  order allowing access by opposing party). Indeed, courts are cautioned to "guard
2  against" any such order. "The addition of testing and sampling to Rule 34(a) with
3  regard to documents and electronically stored information ***is not meant to create a***
4  ***routine right of direct access to a party's electronic information system***…Courts
5  should guard against undue intrusiveness resulting from inspecting or testing such
6  systems." *See* Notes of Advisory Committee on 2006 amendments to Fed. R. Civ.
7  P. 34(a) (emphasis added); *see also, e.g., Scotts Co. LLC v. Liberty Mut. Ins. Co.*,
8  2007 WL 1723509 *2 (S.D. Ohio June 12, 2007) (denying request to allow access
9  to computers); *Williams v. Mass. Mut. Life Ins. Co.*, 226 F.R.D. 144, 146 (D. Mass.
10 2005) (same); *Bethea v. Comcast*, 218 F.R.D. 328, 329-30 (D.D.C. 2003) (same).
11 To state it in another fashion, "[t]he discovery process is designed to be
12 extrajudicial, and relies upon the responding party to search his records to produce
13 the requested data. In the absence of a *strong showing* that the responding party has
14 somehow defaulted in this obligation, the court should not resort to extreme,
15 expensive, or extraordinary means to guarantee compliance." *Diepenhorst v. City*
16 *of Battle Creek*, 2006 WL 1851243 *3 (W.D. Mich. 2006) (emphasis added).
17     And so here. If this Court adopts the Report and Recommendation, MGA—
18 not a third party—should do any searches and production.

## CONCLUSION

20     For the foregoing reasons, MGA asks that the Item 3 of the July 5, 2010
21 Report and Recommendation be overruled.
22     Respectfully submitted,
23 Dated:   July 13, 2010            ORRICK, HERRINGTON & SUTCLIFFE LLP

25                                   By:   */s/ Warrington S. Parker III*
26                                         Warrington S. Parker III
                                           Attorneys for MGA Parties

- 12 -

MGA'S OBJ. TO R&R OF JULY 5, 2010
CV 04-09049 DOC (RNBx)