MELINDA HAAG (State Bar No. 132612)
mhaag@orrick.com
ANNETTE L. HURST (State Bar No. 148738)
ahurst@orrick.com
WARRINGTON S. PARKER III (State Bar No. 148003)
wparker@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105
Telephone: 415-773-5700
Facsimile: 415-773-5759

WILLIAM A. MOLINSKI (State Bar No. 145186)
wmolinski@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA 90017
Telephone: 213-629-2020
Facsimile: 213-612-2499

THOMAS S. MCCONVILLE (State Bar No. 155905)
tmcconville@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
4 Park Plaza, Suite 1600
Irvine, CA 92614-2258
Tel: (949) 567-6700/Fax: (949) 567-6710

Attorneys for MGA Parties and IGWT 826

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | Case No. CV 04-9049 DOC (RNBx)<br>Consolidated with: Nos. CV 04-9059 and CV 05-2727<br><br>**[PUBLIC VERSION] MGA PARTIES' EX PARTE APPLICATION (1) TO COMPEL MATTEL LOGBOOKS AND CONSUMER RESEARCH IN ADVANCE OF RESUMED DEPOSITION OF SUJATA LUTHER ON JULY 26, 2010; (2) FOR PERMISSION TO SUBMIT ENTIRETY OF LUTHER TRANSCRIPT IN EXCESS OF 50 PAGES OF EXHIBITS IN SUPPORT OF APPLICATION; AND (3) FOR SANCTIONS** |

# EX PARTE APPLICATION

The MGA Parties hereby move ex parte for the following relief: that the Court order that Mattel produce immediately the entire contents of the research binder involving its research ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ that by July 14, 2010 Mattel produce all of its consumer research logbooks covering the period from 1996 to the present and concerning any girls products (whether organized by brand or otherwise), that by July 15, 2010 MGA designate which research binders identified in those logbooks that Mattel shall copy and produce, and that Mattel shall copy and produce the entire contents of such research binders by July 22, 2010 in advance of the resumption of Sujata Luther's deposition on July 26, 2010. As described herein, the research logbooks ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓, and have never been produced by Mattel despite numerous requests by MGA and this Court's prior order that Mattel meet and confer in good faith to reach a compromise regarding the production of Mattel's consumer research. Production of these logbooks will enable MGA to request with specificity all of the studies it reasonably believes are pertinent to this action based upon the testimony of Mattel's former head of consumer research, Ms. Sujata Luther.

MGA further seeks permission to submit the entirety of the first day deposition transcript of Ms. Sujata Luther, former head of Mattel's worldwide consumer research, cited and discussed at length herein (but exceeding the Court's 50-page limit on exhibits). Ms. Luther's transcript is directly pertinent to all of the issues set forth herein, as well as numerous other issues in the case.

MGA finally seeks sanctions in the amount of its reasonable attorneys' fees spent preparing this application. Mattel deliberately withheld relevant and responsive consumer research documents including the ▓▓▓▓▓▓▓▓ and the logbooks, and refused without substantial justification to produce them and

its relevant research even once MGA finally discovered these documents after more than six years of litigation.

## Statement of Compliance

Lead counsel met and conferred by telephone on July 8, 2010, MGA made its request of Mattel to produce the research logbooks, and the research subsequently designated by MGA, and gave notice that it would seek an ex parte application if the parties were unable to agree. Mattel promised to respond the following day, July 9. Mattel did not respond until Monday, July 11, when it refused MGA's proposal.

Dated: July 13, 2010              Respectfully submitted,

ORRICK, HERRINGTON & SUTCLIFFE LLP


By:       /s/ Annette L. Hurst
            Annette L. Hurst
    Attorneys for MGA Parties and IGWT 826

# INTRODUCTION

Since as early as January 31, 2005, MGA has consistently requested Mattel's consumer research regarding Bratz, My Scene and any other products in the fashion doll market during the relevant period. Mattel's consumer research in the fashion doll market also has been the subject of prior court orders. Purchase motivation and the characteristics of consumers regarding purchases of Bratz were topics directly relevant in Phase 1; and Mattel's research is relevant to numerous issues in Phase 2 including Mattel's theories of lost opportunity and lost profits in the fashion doll market. ███████

███████████████████████████████████████████

This is not the only document belatedly produced by Mattel without any justification whatsoever for its prior withholding of the document. On Sunday night July 11, 2010, Mattel produced for the first time its ███████ ███████████████████████████████████████████ This newly produced evidence puts the statute of limitations issue in an entirely new light. Mattel also belatedly produced

1 in the past couple of months numerous other documents highly relevant to the
2 Phase 1 proceedings—a course of conduct that will be the subject of a forthcoming
3 omnibus motion by MGA. At present, however, MGA addresses in this
4 Application only the issues arising from Mattel's obvious failure to produce highly
5 relevant consumer research.

6 [REDACTED]
7 [REDACTED]
8 [REDACTED]
9 [REDACTED]
10 [REDACTED]
11 [REDACTED]
12 [REDACTED]
13 [REDACTED]
14 [REDACTED]
15 [REDACTED]
16 [REDACTED]
17 [REDACTED]
18 [REDACTED]
19 [REDACTED]

20 Upon learning of the missing research and logbooks, MGA sought to adjourn
21 Ms. Luther's deposition so that the matter could be adjudicated prior to the second
22 day of her deposition. The witness, over Mattel's initial objection, ultimately
23 agreed to this arrangement and the second day of her deposition was adjourned to
24 July 26 to permit the parties to either resolve the issues or seek Court intervention.
25 MGA then proposed to Mattel on July 8, in a call involving all lead counsel, that
26 Mattel produce all logbooks concerning any girls products by July 13, that MGA
27 designate which research binders from the logbooks it wished copied by July 15,
28 and that Mattel would produce the contents of those binders by July 22, sufficiently

1  in advance of the resumed deposition for MGA's review.

2  　　　As detailed herein, MGA made numerous prior requests for Mattel consumer
3  research relevant to this action. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
4  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
5  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
6  ▮▮▮   With respect to other research requests, Mattel consistently objected on
7  overbreadth grounds. Discovery Master Orders 89 and 91 compelled the
8  production of research, but Mattel objected and the Court expressed concern
9  regarding the breadth of the requests in its Order Overruling In Part and Sustaining
10 In Part Objections to Discovery Matter Order Nos. 89/91, ordering the parties to
11 further meet and confer. Dkt. # 7961 at 8. MGA narrowed its requests as set forth
12 in its submission of June 7 (Dkt. # 8075), but without the benefit of ever finding out
13 about the logbooks. MGA's July 8 proposal, made immediately on the heels of
14 discovering the logbooks, was targeted specifically to addressing the Court's
15 previously expressed concerns.
16 　　　Still, by the end of the first day of the Luther deposition, it had become
17 apparent that the entire time that Mattel was arguing the purported overbreadth of
18 MGA's requests, and even after the Court ordered the parties to meet and confer in
19 an effort to resolve Mattel's objections, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
20 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. In retrospect, it is apparent that these
21 overbreadth objections were merely a subterfuge designed to provide Mattel cover
22 for withholding plainly relevant and responsive documents ▮▮▮▮▮▮▮▮▮▮▮
23 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
24 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
25 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
26 　　　Similarly, as noted above, Mattel has been dribbling out numerous other
27 highly relevant documents since Discovery Master O'Brien first issued Orders 89
28 and 91. The timing of these productions is often the night before a deposition in

1  which MGA can be expected to learn about the documents. A production on the
2  evening of Sunday July 11, 2010 ███████████████████████████████████
3  ████████████████████████████████████████████████████████
4  ████████████████████████████████████████████████████████
5  ████████████████████████████████████████████████████████
6  ████████████████████████████████████████████████████████
7  ████████████████████████████████████████████████████████
8  ████████████████████████████████████████████████████████
9  ████████████████████████████████████████████████████████
10 ████████████████████████████████████████████████████████
11 ████████████████████████████████████████████████████████
12 ████████████████████████████████████████████████████████
13 ████████

14      It is apparent from this history that Mattel cannot be trusted to review its
15 research documents for production, or to meet and confer in good faith to provide
16 MGA with information, solely in Mattel's possession, that would enable MGA to
17 narrow its requests to meet the Court's concerns. Mattel chose instead to force
18 MGA to engage in a guessing game and hoped that MGA would not choose the
19 shell with the pea; a gamble that has now failed despite the unsavory fashion in
20 which Mattel stacked the odds in its favor by withholding obviously responsive
21 documents in order to prevent MGA from learning of the contents of Mattel's files.

22      MGA therefore seeks in this ex parte application that Mattel be ordered to
23 produce the logbooks by July 14, that MGA be entitled to designate which research
24 from the logbooks be produced by July 15, and that such research be produced by
25 July 22. MGA also seeks an order compelling the entire contents of the binder and
26 any related documents regarding ████████████████████████ Finally, MGA
27 seeks sanctions for Mattel's deliberate withholding of relevant and responsive
28 documents pursuant to an "overbreadth" objection, its prior failure to disclose and

produce the logbooks without substantial justification despite the Court's order to meet and confer regarding the scope of research to be produced in the case, and Mattel's refusal without substantial justification once the logbook was discovered by MGA to produce the logbooks and to follow the procedure proposed by MGA for production of relevant research.

## STATEMENT OF FACTS

MGA has propounded a number of document requests for consumer research.

97 (propounded on January 31, 2005 in MGA's First Set of Requests for Production): "All DOCUMENTS, including MARKET RESEARCH, referring or relating to, or influencing MATTEL's decision to create, design, develop or abandon "Toon Teens," including, without limitation, the reasons for and factors influencing its decision." *See* Declaration of L. Kieran Kieckhefer ("Kieckhefer Decl.") Ex. 1 at 4.

175 (propounded on January 31, 2005 in MGA's First Set RFPs): "All DOCUMENTS consisting, discussing, mentioning, relating or referring to MARKET RESEARCH relating to "BRATZ." *See* Kieckhefer Decl. Ex. 1 at 5.

434 (propounded on June 6, 2007): "All DOCUMENTS regarding any MARKET RESEARCH regarding MGA, "BRATZ" or any other MGA product known to YOU, that has been funded or commissioned (indirectly or directly, in whole or in part) by YOU." *See* Kieckhefer Decl. Ex. 2 at 9.

555 (propounded on November 16, 2007): "Each report of consumer or customer research relating to the market for fashion dolls and/or any specific fashion doll, whether marketed by MATTEL or otherwise." *See* Kieckhefer Decl. Ex. 3 at 13.

567 (propounded on November 16, 2007): "All DOCUMENTS REFERRING OR RELATING TO market research and competitive studies and analyses prepared or conducted by YOU with respect to the fashion doll market." *See* Kieckhefer Decl. Ex. 3 at 14.

1  787 (propounded on December 28, 2007): "All DOCUMENTS REFERRING OR RELATING to any survey, focus group, consumer research or other market research (whether conducted by MATTEL or any third party) concerning MY SCENE, BRATZ, or BARBIE, including but not limited to the focus groups discussed on page 114 of the deposition of Kumi Croom and the consumer research conducted by Mattel Worldwide Consumer Research group (or any third party) discussed beginning at page 132 of the deposition of Kumi Croom." *See* Kieckhefer Decl. Ex. 4 at 17.

With regard to Request Nos. 175, 434, 555, 567 and 787, ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ *See* Kieckhefer Decl. Ex. 9 at 42, 45-49. With regard to Request No. 97, the Discovery Master agreed in Order No. 91 with MGA's Motion for Limited Reconsideration of Order No. 89 that Mattel had already represented that it would produce documents. Dkt # 7465 at 5.



-9-

MGA'S EX PARTE APPLICATION TO COMPEL MATTEL LOGBOOKS
CV-04-9049 DOC (RNBX)

1  ███████████████████████████████████████████████████████████
2  ████████████████████████████████████████████████████
3  ██████████████████████████████████████████████████████
4  ████████████████████████████████████████████████████████
5  ████████████████████████████████████████████████████████████
6  ██████████████████████████████████████████████████████████
7  ████████████████████████████████████████████████████████████
8  █
9      ████████████████████████████████████████████████████
10 ████████████████████████████████████████████████████████████
11 ████████████████████████████████████████████████████████████
12 ██████████████████████████████████████████████████████████
13 ████████████████████████████████████████████████████████████
14 ██████████████████████████████████████████████████████
15 ██████████████████████████████████████████████████████████
16 ████████████████████████████

17                           **ARGUMENT**

18 **I.   THE REQUESTED DOCUMENTS ARE RESPONSIVE AND HIGHLY
       RELEVANT AND SHOULD BE ORDERED PRODUCED ON THE
19     SCHEDULE PROPOSED BY MGA SO THAT THEY ARE
       AVAILABLE PRIOR TO THE RESUMPTION OF THE LUTHER
20     DEPOSITION.**

21      As set out above, MGA has propounded numerous requests seeking Mattel's

22 consumer research and documents related thereto. ████████████████

23 ████████████████████████████████████████████████ As to the other

24 requests, Mattel objected, and then proceeded to pick and choose what it wanted to

25 produce. This process has resulted in Mattel's failure to produce obviously relevant

26 and responsive documents—████████████████████████████████████

27 ████████████████, as well as the logbooks.

28      ████████████████████████████████████████████████████████████



[redacted]

1  ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

2  ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

3  ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

4  ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

5  ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

6  ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

7  ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ This is not a

8  document that anyone could reasonably mistake as being non-responsive or

9  irrelevant.  No reasonable person could mistake the necessity of production of this

10 document.  Mattel's failure to produce it before Friday, July 9, 2010 can only be

11 characterized as the deliberate withholding of relevant evidence.  Accordingly, it

12 has become apparent is that Mattel's objections are not motivated out of a genuine

13 desire to avoid burden, but to hide crucial documents.

14      This is further made apparent by the fact that Mattel never produced the

15 logbooks, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ The

16 logbooks are responsive to all of these research requests, but they are directly called

17 for by RFP 175 which requests any document related to the research concerning

18 Bratz.  The logbooks are plainly documents related to such research, ▇▇▇▇▇

19 ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

20 ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

21 ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ MGA has

22 had no way of knowing of the existence of these documents.  It depended upon the

23 good faith of Mattel and its attorneys to identify and produce the responsive

24 materials.  Clearly, the logbooks were responsive to MGA's requests, Mattel knew

25 that it was withholding such responsive documents, and never disclosed them at

26 any time to MGA throughout *years* of litigation.

27      Moreover, Mattel failed and refused to disclose the logbooks even after this

28 Court ordered the parties in May of this year to come up with a means of to address

potential narrowing of MGA's requests for consumer research—during that meet and confer process Mattel *still* did not disclose the logbooks either to the Court or to MGA. This can only be explained by the fact that Mattel did not in fact seek to resolve the issue, but instead simply desired to avoid producing documents and was willing to take numerous chances to avoid being caught. Only after Mattel is forced to produce because documents are identified in deposition does it do so. This is not a good faith meet and confer pursuant to the Court's Standing Order, and is not good faith compliance with Mattel's discovery obligations under the Local Rules.

## II. MGA SHOULD BE PERMITTED TO PROVIDE THE ENTIRE LUTHER TRANSCRIPT IN SUPPORT OF THE APPLICATION.

Ms. Luther was a very experienced and skilled senior Mattel executive who testified at length on subjects highly pertinent to the subject matter of this Ex Parte Application and to the case as a whole, [REDACTED]

[REDACTED] Had Ms. Luther's documents, Mattel custodial information, and the relevant research been produced in Phase 1, as it should have been, then Ms. Luther undoubtedly would have been an important trial witness at the first trial.

1    The Court's order limits exhibits to 50 pages, but MGA respectfully suggests
2 in light of the foregoing that the entire transcript of the first day of Ms. Luther's
3 deposition testimony would aid the Court in resolving this matter. *See* March 9,
4 2010 Hearing Tr. at 9:11-10:2 (requesting MGA to produce the entirety of Mr.
5 Bousquette's deposition transcript for the Court to review). MGA therefore
6 respectfully requests permission to file the entire transcript in support of the Ex
7 Parte Application.

**III.   MATTEL SHOULD BE SANCTIONED.**

9    There is no excuse for Mattel's failure to produce ▇▇▇▇▇▇▇▇▇
10 ▇▇▇▇▇ the logbooks. The ▇▇▇▇▇ logbooks were directly responsive to prior
11 requests, but were never produced. It is apparent that Mattel is deliberately
12 withholding relevant documents and cannot be trusted to review its consumer
13 research for production. The failure to produce these materials—especially in light
14 of court orders to meet and confer regarding the scope of Mattel's research
15 production—lacks substantial justification.

16    MGA made an extremely reasonable proposal to resolve this problem
17 without intervention by the Court. The proposal simply requested that Mattel
18 produce the logbooks from 1996 to the present containing research on all girls
19 products ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
20 ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
21 ▇▇▇▇ that MGA then designate which research should be produced, and that
22 Mattel produce that research in time for the resumption of the Luther deposition.
23 The Court has already ordered that rejected products from 1996 to 2001 are directly
24 relevant, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
25 ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
26 ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
27 Mattel is claiming actual damages to its fashion doll products from 2001 to the
28 present, and its research regarding the market for fashion dolls during that period

also is obviously relevant. Mattel's refusal to agree to MGA's proposal or otherwise propose a means to resolve the logbook and consumer research "overbreadth" problem (which was really just a problem borne of Mattel's desire to hide evidence) prior to the resumption of Ms. Luther's deposition lacked substantial justification.

Pursuant to Rule 37, Mattel should therefore be sanctioned in the reasonable amount of MGA's attorneys' fees in preparing this Ex Parte Application, in an amount to be submitted pursuant to declaration. *See* Kieckhefer Decl. ¶ 13.

## CONCLUSION

The Court should grant this Ex Parte Application and order the following: (1) immediate production of the entire contents of the research binder concerning the [REDACTED]; (2) production by July 14, 2010 of all Mattel research logbooks from 1996 to the present that include any research regarding girls products; (3) that MGA shall designate by July 15, 2010 which research from the logbooks shall be produced; (4) that the entirety of all research binders concerning each such logbook entry shall be produced by July 22, 2010; and (5) that MGA shall be awarded sanctions in the amount of reasonable attorneys fees expended to prepare its application, subject to proof.

Dated: July 13, 2010            Respectfully submitted,

ORRICK, HERRINGTON & SUTCLIFFE LLP


By:  ____ /s/ Annette L. Hurst_____
         Annette L. Hurst
     Attorneys for MGA Parties and IGWT 826