MELINDA HAAG (State Bar No. 132612)
mhaag@orrick.com
ANNETTE L. HURST (State Bar No. 148738)
ahurst@orrick.com
WARRINGTON S. PARKER III (State Bar No. 148003)
wparker@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building, 405 Howard Street
San Francisco, CA 94105
Tel. (415) 773-5700/ Fax: (415) 773-5759

WILLIAM A. MOLINSKI (State Bar No. 145186)
wmolinski@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA 90017
Tel. (213) 629-2020/Fax: (213) 612-2499

THOMAS S. McCONVILLE (State Bar No. 155905)
tmcconville@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
4 Park Plaza, Suite 1600
Irvine, CA 92614-2258
Tel: (949) 567-6700/Fax: (949) 567-6710

Attorneys for MGA Parties and IGWT 826 Investments LLC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | Case No. CV 04-9049-DOC (RNBx)<br>Consolidated with No. CV 04-9059 and No. CV 05-2727<br><br>Hon. David O. Carter<br><br>**NOTICE OF MOTION AND MOTION FOR PROTECTIVE ORDER PROHIBITING DISSEMINATION OF INFORMATION OBTAINED IN THIS LAWSUIT**<br><br>Date: TBD<br>Time: TBD<br>Dept: Courtroom 9D |

1  TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2      PLEASE TAKE NOTICE that on a date to be determined by the Court or as
3  soon thereafter as the matter may be heard before The Honorable David O. Carter,
4  located at 411 West Fourth Street, Santa Ana, California, MGA Entertainment, Inc.,
5  MGAE de Mexico S.R.L. de C.V., and Isaac Larian ("MGA Parties") will and
6  hereby do move this Court to enter a protective order prohibiting the use,
7  disclosure, dissemination or publication of information obtained in this lawsuit for
8  any purpose other than as is necessary for the preparation of this lawsuit for trial.

9      This motion is made on the grounds that good cause exists because said use,
10  disclosure, dissemination, or publication of such information would violate the
11  privacy rights of the MGA Parties and third parties to this litigation, would infringe
12  upon the MGA Parties' confidential proprietary information and would cause undue
13  harm. Moreover, good cause exists because the interests of judicial economy
14  would be served as such an order would permit discovery to go forward in an
15  orderly and efficient fashion.

16      This motion is based upon this Notice of Motion, the attached Memorandum
17  of Points and Authorities, the Declarations of William A. Molinski and Cesar Prieto
18  Palma, and exhibits thereto, the Proposed Protective Order filed herewith, and the
19  pleadings and records on file herein, and on such oral argument as may be
20  presented by the parties at the hearing.

**Certification of Compliance**

On multiple occasions since March 30, 2010, and dates thereafter, counsel for the MGA Parties met and conferred with Mattel regarding its breach of the Stipulated Protective Order and continued disclosure of discovery materials obtained in this lawsuit to further Mattel's prosecutorial activities. The parties have been unable to reach resolution.

Dated: July 15, 2010

WILLIAM A. MOLINSKI
Orrick, Herrington & Sutcliffe LLP


By: /s/ *William A. Molinski*
    WILLIAM A. MOLINSKI
    Attorneys for MGA Parties

# MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

The MGA Parties move for a protective order precluding Mattel from using, disclosing, disseminating, or publishing information obtained in this lawsuit for any purpose other than as is necessary for the preparation of *this lawsuit* for trial—*not* to further its prosecutorial conduct in foreign jurisdictions. Mattel has made clear its intention to disseminate discovery obtained in this lawsuit for purposes entirely unrelated to this case—including furthering its prosecution in Mexico. Mattel has likely already done so. The MGA Parties strongly object to the dissemination of their information to further Mattel's prosecutorial functions abroad. There is considerable and unacceptable risk that the unfettered dissemination of confidentially designated materials in Mexico would obstruct and hamper the discovery process in this lawsuit. There is also the considerable risk of the compromise and disclosure of MGA's confidential information in proceedings in foreign jurisdictions where MGA is not a party. Mattel should not be permitted to use the discovery process here to advance its goals in other actions outside of the United States.

## BACKGROUND

During the course of ongoing discovery, the MGA Parties have: (1) produced millions of pages of documents in response to Mattel's requests for production of documents; (2) produced over fifty deposition witnesses, each subjected to many hours of questioning by Mattel's counsel; and (3) produced substantive written responses to interrogatories and requests for admission. Included among the MGA Parties' document production, was a copy of a CD allegedly seized by Mexican authorities. (*See* MGA 3815506). Further, as the Court is aware, many of the documents produced, including the CD, and much of the deposition testimony elicited, has been designated as "Confidential – Attorneys' Eyes Only" due to the sensitive nature of the content of the information. The Stipulated Protective Order

1 in place governing the handling of confidential material indeed contemplated the
2 free exchange of confidential discovery with the intent that such material would not
3 be disclosed beyond those individuals specifically enumerated, including, among
4 others, "attorneys for the Parties," "clerical personnel," "independent outside
5 consultants," and "professional court reporters." Dkt. No. 54 at 10-11.

6       As the Court is aware, Mattel has also pursued criminal action against
7 Machado, Trueba and Vargas in Mexico. Unlike in the U.S., Mattel is permitted to
8 play a direct role in the Mexican criminal prosecutions as the purported "victim" of
9 the crime. Declaration of Cesar Prieto Palma ("Prieto Decl.") ¶ 3. Indeed, Mattel
10 has conceded that it has the authority to grant complete pardons of the defendants if
11 it so chooses without the permission of the prosecuting authority or the Mexican
12 court. Tiburcio Dep. P. 563:9-25. Mattel has, in fact, agreed to pardon Vargas in
13 return for favorable testimony. Vargas Dep. Pp. 562:20-564:16. Moreover, the
14 court in Mexico initially denied Mattel's request for arrest warrants against
15 Machado, Trueba and Vargas, but after a year of persistent—and unknown—efforts
16 by Mattel, arrest warrants were issued against the three individuals.

17       Notably, Mattel also sought arrest warrants in Mexico against corporate
18 representatives of MGAE de Mexico, Isaac Larian and Jahangir Makabi, but both
19 the trial court and appellate court have refused to issue warrants against either
20 finding no evidence of any use of Mattel trade secrets at MGA. Specifically, the
21 Mexican appellate court found:

22     "What is actually proved in the file is that the industrial secrets at issue
23     were taken, but there is *no proof* of the information contained therein
24     having in any manner been used by principals or third parties . . . there
25     is *no proof* that any officer from MGAE de Mexico already knew
26     about that information, let alone its use." Kieckhefer Decl. Ex. 95 at
27     5897-5898 (emphasis added) [Dkt. No. 7923].

28

Nonetheless, MGA suspects that Mattel is continuing to press the Mexican courts to institute criminal proceedings against MGA de Mexico and/or its principals. MGA suspects that Mattel has used or is planning to use discovery obtained from MGA in *this* action to attempt to convince the authorities in Mexico to issue criminal arrest warrants that were previously denied.

On March 30, 2010, Mattel's counsel advised that the "Office of the Attorney General of the [Mexican] Republic, Special Investigations Sub-Dept. for Federal Crimes Specialized Unit in Investigating Crimes against Copyright and Industrial Property, Department Of Crimes Against Industrial Property "A" ha[d] directed Mattel to provide to it a copy of the compact disc produced by MGA at Bates Number MGA 3815506." Declaration of William A. Molinski ("Molinski Decl.") Ex. A. Mattel further advised that it would be providing a copy of that disc the next business day, March 31. *Id.* Mattel's letter of March 30 also attached an English translation of the Mexican Attorney General's supposed directive for MGA's production copy of the disc. *Id.* But, Mattel itself, through Mexican counsel, solicited the Mexican Attorney General's "request" by a writ, dated the 10th of March, wherein counsel notified the AG's Office that MGA has produced a disc that "should be similar to" the disc seized by Mexican authorities on October 27, 2005.[1] *Id.*

Immediately upon receiving the March 30 letter, counsel for the MGA Parties objected to the intentional use and/or disclosure of confidentially designated discovery materials for purposes of advancing criminal proceedings in Mexico. *Id.*, Ex. B. Counsel for the MGA Parties further advised that it would be seeking the Court's guidance in addressing this obvious breach of the protective order governing the handling of confidential information. *Id.* The MGA Parties further solicited additional information from Mattel's counsel to assess the magnitude of

---

[1] Remarkably, the Mexican authorities already have access to the original disc seized from MGAE de Mexico's offices, which is presently in possession of the Mexican judge overseeing the criminal prosecution. Prieto Decl. ¶ 4.

the breach, including, for example: (1) how the Mexican authorities became aware of MGA's production; (2) what Mattel or its counsel have described to the Mexican authorities about the disc; (3) what period was provided for compliance; and (4) what was the relevance of the requested information to the Mexican proceedings. *Id.* Ex. D. Mattel failed to respond.

In a recent hearing before the Electronic Discovery Master, an attorney for Mattel commented to the Discovery Master that Mattel needed the CD returned to Mattel so that Mattel can present it to the Mexican authorities. *Id.* ¶ 6. MGA's counsel immediately objected on behalf of MGA to any use of discovery or this action to further Mattel's prosecution in Mexico, where MGA is not a party. *Id.*

On July 8, 2010, counsel for the parties met and conferred over this issue. *Id.* ¶ 7. In that meeting, Mattel's counsel confirmed that Mattel believes that the current protective order allows Mattel to provide discovery in this action to the courts and authorities in Mexico. *Id.* Mattel's counsel said that if MGA wanted to prevent this, it should move for a protective order. *Id.*

## ARGUMENT

Under Federal Rule of Civil Procedure 26(c), "[a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending." Fed. R. Civ. P. 26(c). The court may then, for good cause, issue a protective order that limits the disclosure of the discovery obtained. *Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Ct. S. Dist. Iowa*, 482 U.S. 522, 566 (1987) (explaining that under Rule 26, "[a] court may 'make any order which justice requires' to limit discovery, including an order permitting discovery only on specified terms and conditions); *Info-Hold. Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 457 (6th Cir. 2008) (emphasizing that district courts have discretion to limit the scope of discovery under Rule 26); *Perry v. City of Pontiac*, 254 F.R.D. 309, 312 (E.D. Mich. 2008) ("A Court may fashion a protective order to limit discovery in a number of ways, including . . . 'limiting the scope of disclosure.'").

1  Moreover, a party cannot use discovery for purposes unrelated to the
2  underlying lawsuit.  Indeed, "[l]iberal discovery is provided for the sole purpose of
3  assisting in the preparation and trial, or the settlement, of litigated disputes."
4  *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 34, 104 S. Ct. 2199, 2208 (1984).  *See*
5  *also Jennings v. Peters*, 162 F.R.D. 120, 122 (N.D. Ill. 1995) (finding good cause
6  exists for issuance of protective order based on a "healthy suspicion" that the non-
7  moving party intended to use discovery for purposes other than preparing for trial
8  or settling the lawsuit).  Federal courts are empowered to issue protective orders
9  upon good cause showing that a party intends to use the discovery for a purpose
10 unrelated to settlement or trial preparation of the case in which the discovery is
11 requested or obtained.  *Id.*  One common "unrelated" purpose is to gain information
12 for use in a different action against the party or in a similar type of lawsuit.  6
13 *Moore's Federal Practice*, § 26.101(1)[b] (Matthew Bender 3d ed.).  In other
14 words, a protective order is justified if the federal discovery rules are being
15 exploited to feed evidence into another lawsuit.
16 Here the existing Protective Order prevents use of Litigation Materials and
17 certainly prevents use of Confidential materials in proceedings in other
18 jurisdictions.  This is particularly true as it relates to the Mexican criminal
19 proceedings, which had not yet begun when the Protective Order was issued.  Even
20 if, however, the Protective Order did not prevent such use, the Court should issue
21 an immediate order preventing Mattel from using discovery in this action to further
22 its goals in Mexico.

23 **I.   GOOD CAUSE EXISTS FOR THE COURT TO BAR THE
24        DISSEMINATION OF DISCOVERY MATERIALS**

25 The Court can enter a protective order as a necessary and appropriate means
26 of ensuring the efficacy of discovery in this lawsuit and protecting the parties'
27 sensitive information from disclosure abroad, especially when a clearly defined and
28 serious injury will result from the disclosure made.  For example, although it is not

1  entirely clear why Mexican authorities would request access to a "copy" of a disc it
2  already has access to, one could surmise that Mattel is attempting to overcome the
3  setbacks it has been dealt over the approximately five years it has been pursuing its
4  meritless prosecution—chiefly, the absence of evidence as to the use or disclosure
5  by anyone at MGAE de Mexico, including Isaac Larian and Jahangir Makabi.
6  Kieckhefer Decl. Ex. 95 at 5897-5898 [Dkt. No. 7923].  Since the Mexican judicial
7  process does not allow for discovery, or anything mirroring its equivalent, Mattel's
8  use and disclosure of discovery materials produced in this lawsuit are nothing more
9  than efforts to sidestep the Mexican justice system's limitations.  Prieto Decl. ¶ 5.
10 In seeking to provide a copy of MGA's document production and deposition
11 testimony to Mexican authorities, Mattel is undoubtedly seeking to plug existing
12 evidentiary holes with the hopes to, again, seek an arrest warrant against Larian and
13 Makabi.  *Id.*  Clearly, such overt gamesmanship offends traditional notions of
14 justice.  *See, e.g.*, *Degen v. United States*, 517 U.S. 820, 826, 116 S. Ct. 1777
15 (1996) (stating that protective orders may be used "to prevent parties from using
16 civil discovery to evade restrictions on discovery in criminal cases.").  MGA is not
17 a party to the Mexico proceedings so would have no say in how its materials were
18 being used or disclosed and would have no standing to assert its rights to protect
19 those materials.

20       Furthermore, Mattel's disclosure to the Mexican authorities about the very
21 existence of the disc and deposition testimony, or any use of material from this
22 action in that proceeding breaches the Stipulated Protective Order governing the
23 handling of confidential material.  Nowhere in the Stipulated Protective Order is it
24 contemplated that information produced under the terms therein may be disclosed
25 to any person not specifically identified in the Order.  The Protective Order
26 specifically limits production of any materials designated as "Confidential" or
27 "Attorneys' Eyes Only" to only a select list of persons.  Foreign tribunals and
28 foreign criminal authorities are not included in that list.  Protective Order ¶¶ 5 and

6.[2] Moreover, in the section of the Protective Order allowing for use of discovery materials in court, the term "Court" is a defined term referring only to this Court. *Id.* ¶ 15. Finally, paragraph 16 of the Protective Order provides that if any third party seeks to obtain any confidential materials from a Party through a subpoena or document request, the Party shall refuse any such production absent an Order from this Court.

The Protective Order was executed in 2004 and signed in early 2005—long before MGA even knew of the Mexican proceedings. Under no stretch of the imagination could MGA be said to have agreed in that Protective Order to Mattel's dissemination of MGA's confidential information in foreign proceedings to which it is not a party. In the event the Court determines that the existing Protective Order allows for use of materials produced in *this* action, then the Court can and should issue a protective order preventing that use.

To be clear, the MGA Parties do not seek a protective order barring that discovery should *not be had*; rather, MGA seeks an order that discovery not be disclosed to advance foreign prosecutions. The protective order sought by the MGA Parties in this motion would not restrict Mattel's right to discovery under the Federal Rules of Civil Procedure. Rather, the protective order is narrowly drawn and merely would restrict any further dissemination of discovery materials beyond Mattel's U.S. and Mexican counsel. It specifically prohibits dissemination to extraterritorial individuals—beyond the jurisdictional reach of this Court—yet allows Mattel to use all discovery material to assist in preparation of this case. The order, therefore, would protect the parties and witnesses, and preserve the efficacy of discovery. Because the MGA Parties' proposed protective order in no way limits the scope of the information Mattel will receive, Mattel cannot be unfairly prejudiced by it.

//

---

[2] For the Court's convenience, the entered Protective Order is attached as Exhibit E to the Molinski Declaration.

## CONCLUSION

For the foregoing reasons, and good cause existing, the MGA Parties request that the Court grant this motion for a protective order prohibiting the use, disclosure, dissemination or publication of information obtained in this lawsuit for any purpose other than is necessary for the preparation of this lawsuit for trial. Specifically, the MGA Parties seek a narrowly drawn protective order that forbids the dissemination of discovery materials to further foreign prosecution activities in Mexico.

Dated: July 15, 2010

WILLIAM A. MOLINSKI
Orrick, Herrington & Sutcliffe LLP

By: /s/ *William A. Molinski*
WILLIAM A. MOLINSKI
Attorneys for MGA Parties

OHS West:260943151.1