# EXHIBIT A

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL: (213) 443-3000 FAX: (213) 443-3100

March 30, 2010

<u>VIA E-MAIL</u>

William Molinski, Esq.
Orrick, Herrington & Sutcliffe LLP
777 South Figueroa Street
Suite 3200
Los Angeles, CA 90017

Re:   <u>Mattel v. MGA</u>

Dear Bill:

Please be advised that the Office of the Attorney General of the Republic, Special Investigations Sub-Dept. for Federal Crimes Specialized Unit in Investigating Crimes against Copyright And Industrial Property, Department Of Crimes Against Industrial Property "A" has directed Mattel to provide to it a copy of the compact disc produced by MGA at Bates Number MGA 3815506. To comply with that directive, Mattel will provide a copy of that disc to the requesting officer at the close of business tomorrow.  For your convenience, a copy of the order and the certified translation is attached.

Best regards,

/s/ Jon Corey

Jon Corey

07975/3412111.1

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, NY  10010 | TEL (212) 849-7000  FAX (212) 849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, CA  94111 | TEL (415) 875-6600  FAX (415) 875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, CA  94065 | TEL (650) 801-5000  FAX (650) 801-5100
CHICAGO | 250 South Wacker Drive, Suite 230, Chicago, IL  60606 | TEL (312) 463-2961  FAX (312) 463-2962
LONDON | 16 Old Bailey, London EC4M 7EG United Kingdom | TEL +44(0) 20 7653 2000  FAX +44(0) 20 7653 2100
TOKYO | Akasaka Twin Tower Main Bldg., 6th FL, 17-22 Akasaka 2-Chome, Minato-ku, Tokyo 107-0052 Japan | TEL +81 3 5561-1711  FAX +81 3 5561-1712

Exhibit A Page 3

FORM CG - 1A

[stamp:] UNITED MEXICAN STATES
OFFICE OF THE ATTORNEY GENERAL
FOR THE REPUBLIC

OFFICE OF THE ATTORNEY GENERAL OF THE REPUBLIC
SPECIAL INVESTIGATIONS SUB-DEPT,
FOR FEDERAL CRIMES
SPECIALIZED UNIT IN INVESTIGATING
CRIMES AGAINST COPYRIGHT
AND INDUSTRIAL PROPERTY.
DEPARTMENT OF CRIMES AGAINST
INDUSTRIAL PROPERTY "A"
A.V. 285/UEIDDAPI/2008

OFFICIAL NOTE:        UEIDDAPI/DPI "A"/505/2010

SUBJECT:              AS INDICATED

Mexico, F.D., March 18, 2010.

ATTY. JUAN CARLOS MANRIQUE MOYA
REPRESENTATIVE FOR MATTEL, INC.,
MATTEL DE MÉXICO S.A. DE C.V.
AND MATTEL SERVICIOS

     With regard to your writ on the tenth of March and your appearance on the eighteenth of the present month and year in which you make reference "… that concerning the nine-page writ in which it is indicated that MGA Entertainment Inc. has provided to the attorney for Mattel Inc., in the United States of America related to a dispute in that country that is being brought before Federal Judge David O. Carter, a copy of the compact disc secured in accordance with the provisions that are established therein, I wish to specify that the information contained on that compact disc should be similar to that which is contained in the compact disc secured in the search proceeding of October twenty-seventh, two thousand five, that is to say, the same folders and files, which are related to this criminal investigation…," which is why it is requested to see the compact disc referenced in your writ and appearance, which must be provided to this Federal Prosecutor's Office for the purpose of evaluating it within the investigation indicated in the heading.

     There being nothing else in particular, I send my regards,

[stamp:] [illegible]

EFFECTIVE SUFFRAGE, NO RE-ELECTION
AGENT OF THE PUBLIC PROSECUTOR'S OFFICE OF
THE FEDERATION, HOLDER OF DESK VI
[signature]                    [stamp:] [illegible]
ATT. ROSA MARLAMENA GALICIA

Exhibit A Page 4

FORMA C G - I A



PROCURADURIA GENERAL
DE LA
REPUBLICA

**PROC. GRAL. DE LA REPÚBLICA.
SUBPROC. DE INVESTIGACIÓN ESP.
EN DELITOS FEDERALES.
UNIDAD ESPECIALIZADA EN INVESTIGACIÓN
DE DELITOS CONTRA LOS DERECHOS DE
AUTOR Y LA PROPIEDAD INDUSTRIAL.
DIRECCION DE DELITOS CONTRA LA PROP.
INDUSTRIAL "A".
A.V. 285/UEIDDAPI/2008
OFICIO:       UEIDDAPI/DPI "A"/505/2010**

ASUNTO:                    EL QUE SE INDICA.

México, D.F. a 18 de marzo de 2010.

**LIC. JUAN CARLOS MANRIQUE MOYA
APODERADO DE MATTEL,
INC., MATTEL DE MÉXICO S.A DE C.V.
Y MATTEL SERVICIOS
P R E S E N T E**

En atención a su escrito de fecha diez de marzo y su comparecencia de fecha dieciocho de los corrientes en el que hace referencia  "... que por lo que hace al escrito constante de nueve fojas en el que señalo que MGA Entertainment Inc. Ha proporcionado al abogado de Mattel Inc., en los Estados Unidos de América en relación a una disputa en dicho país que se lleva ante el juez Federal David O. Carter, una copia del disco compacto asegurado de acuerdo a lo que aquella estableció allá, deseo precisar que la información contenida en dicho disco compacto debe ser similar a la contenida en el disco compacto asegurado en la diligencia de cateo de fecha veintisiete de octubre del dos mil cinco, es decir las mismas carpetas y archivos, los cuales se encuentran relacionados con la presente averiguación previa...", por lo que se solicita el exhiba el disco compacto a que se hace referencia en su escrito y comparecencia, el cual deberá ser proporcionado a esta Representación Social de la Federación a efecto de poder valorarlo dentro de la indagatoria al rubro citada.

Sin otro particular, reciba un cordial saludo.

SUFRAGIO EFECTIVO NO REELECCIÓN
EL C. AGENTE DEL MINISTERIO PÚBLICO DE
LA FEDERACIÓN TITULAR DE LA MESA VI

LIC. ROSA MARÍA XIMENA GALICIA.

# EXHIBIT B

**From:** Molinski, William
**Sent:** Tuesday, March 30, 2010 3:42 PM
**To:** 'Jon Corey'
**Cc:** Parker, Warrington; 'Alexander Cote'; Hurst, Annette; McConville, Thomas
**Subject:** RE: Mattel v. MGA


Jon:


We do not agree to the disclosure of materials produced by MGA in this litigation under a protective order to parties outside of this action, and, in particular, object to your efforts to advance criminal proceedii with use of discovery obtained from MGA here. We intend to raise this issue with Judge Carter upon his return, and, in the meantime, object to disclosure of the CD to the Mexican authorities. To the extent Mattel has already disclosed information obtained under the protective order to Mexican authorities in order to obtain this purported directive, we reserve all rights to seek penalties for such violations. We also object to the fact that you appear to have received this request on March 18 but are only now giving notice to us, with, what you claim is only a day to respond, and while you are aware that both lead counsel and Judge Carter are unavailable. We note that the document you sent us does not appear to have a return date. Consequently, we fail to see the need for immediate production before we can raise this issue with Judge Carter.


Regards,
Bill




O R R I C K

**BILL A. MOLINSKI**
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
777 SOUTH FIGUEROA STREET
SUITE 3200
LOS ANGELES, CA 90017-5855

*tel* 213-612-2256
*fax* 213-612-2499
*mobile* 310-502-7580
wmolinski@orrick.com

www.orrick.com

**From:** Jon Corey [mailto:joncorey@quinnemanuel.com]
**Sent:** Tuesday, March 30, 2010 12:43 PM
**To:** Molinski, William
**Subject:** Mattel v. MGA

Bill,

Please see attached correspondence.

Best regards,


Jon Corey
Quinn Emanuel Urquhart & Sullivan LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Main Phone: (213) 443-3000
Main Fax: (213) 443-3100
E-mail: joncorey@quinnemanuel.com
Web: www.quinnemanuel.com

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

# EXHIBIT C

**From:** Jon Corey <joncorey@quinnemanuel.com>
**To:** Molinski, William
**Cc:** Parker, Warrington; Alexander Cote <acote@scheperkim.com>; Hurst, Annette; McConville, Thomas
**Sent:** Tue Mar 30 16:32:54 2010
**Subject:** RE: Mattel v. MGA

Bill,

What is the legal basis for MGA's objection to Mattel providing directly requested evidence to prosecutorial authority?

Best regards,


Jon Corey

Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Main Phone: (213) 443-3000
Main Fax: (213) 443-3100
E-mail: joncorey@quinnemanuel.com
Web: www.quinnemanuel.com




**From:** Molinski, William [mailto:wmolinski@orrick.com]
**Sent:** Tuesday, March 30, 2010 3:42 PM
**To:** Jon Corey
**Cc:** Parker, Warrington; Alexander Cote; Hurst, Annette; McConville, Thomas
**Subject:** RE: Mattel v. MGA


Jon:


We do not agree to the disclosure of materials produced by MGA in this litigation under a protective order to parties outside of this action, and, in particular, object to your efforts to advance criminal proceedin with use of discovery obtained from MGA here. We intend to raise this issue with Judge Carter upon his

7/15/2010

Exhibit C Page 8

return, and, in the meantime, object to disclosure of the CD to the Mexican authorities. To the extent Mattel has already disclosed information obtained under the protective order to Mexican authorities in order to obtain this purported directive, we reserve all rights to seek penalties for such violations. We also object to the fact that you appear to have received this request on March 18 but are only now giving notice to us, with, what you claim is only a day to respond, and while you are aware that both lead counsel and Judge Carter are unavailable. We note that the document you sent us does not appear to have a return date. Consequently, we fail to see the need for immediate production before we can raise this issue with Judge Carter.

Regards,
Bill



O R R I C K

**BILL A. MOLINSKI**
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
777 SOUTH FIGUEROA STREET
SUITE 3200
LOS ANGELES, CA 90017-5855

*tel* 213-612-2256
*fax* 213-612-2499
*mobile* 310-502-7580
wmolinski@orrick.com

www.orrick.com

---

**From:** Jon Corey [mailto:joncorey@quinnemanuel.com]
**Sent:** Tuesday, March 30, 2010 12:43 PM
**To:** Molinski, William
**Subject:** Mattel v. MGA

Bill,

Please see attached correspondence.

Best regards,


Jon Corey
Quinn Emanuel Urquhart & Sullivan LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Main Phone: (213) 443-3000
Main Fax:  (213) 443-3100
E-mail:  joncorey@quinnemanuel.com
Web:  www.quinnemanuel.com

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above.  This message may be an attorney-client communication and/or work product and as such is privileged and confidential.  If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited.  If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

"EMF <orrick.com>" made the following annotations.
--------------------------------------------------------------------------------
================================================================

IRS Circular 230 disclosure:
To ensure compliance with requirements imposed by the IRS,
we inform you that any tax advice contained in this
communication, unless expressly stated otherwise, was not
intended or written to be used, and cannot be used, for
the purpose of (i) avoiding tax-related penalties under
the Internal Revenue Code or (ii) promoting, marketing or
recommending to another party any tax-related matter(s)
addressed herein.


================================================================

NOTICE TO RECIPIENT:  THIS E-MAIL IS  MEANT FOR ONLY THE
INTENDED RECIPIENT OF THE TRANSMISSION, AND MAY BE A
COMMUNICATION PRIVILEGED BY LAW.  IF YOU RECEIVED THIS E-
MAIL IN ERROR, ANY REVIEW, USE, DISSEMINATION,
DISTRIBUTION, OR COPYING OF THIS E-MAIL IS STRICTLY
PROHIBITED.  PLEASE NOTIFY US IMMEDIATELY OF THE ERROR BY
RETURN E-MAIL AND PLEASE DELETE THIS MESSAGE FROM YOUR
SYSTEM. THANK YOU IN ADVANCE FOR YOUR COOPERATION.

For more information about Orrick, please visit
http://www.orrick.com/
================================================================
================================================================

# EXHIBIT D

**From:** Molinski, William
**Sent:** Tuesday, March 30, 2010 4:45 PM
**To:** 'joncorey@quinnemanuel.com'
**Cc:** Parker, Warrington; 'acote@scheperkim.com'; Hurst, Annette; McConville, Thomas
**Subject:** Re: Mattel v. MGA

Jon,
To better answer your question, I will need further information from you. Please identify the following:
1. How the authorities knew to ask for the copy of the CD;
2. If, as we expect, Mattel has described the CD, what Mattel or its counsel has described about the CD, including what testimony concerning the CD has been described;
3. Whether Mattel or its US counsel is the original source of this information and who specifically has provided this information to Mattel Mexican counsel or authorities;
4. Whether Mattel sought or requested the issuance of the summons;
5. What time frame has been provided for compliance.
6. The relevance, as you understand it, of the requested information to the Mexican proceedings.
Please provide this information ASAP.
Regards,
Bill
-------------------------
Sent from my BlackBerry Wireless Device

---

**From:** Jon Corey <joncorey@quinnemanuel.com>
**To:** Molinski, William
**Cc:** Parker, Warrington; Alexander Cote <acote@scheperkim.com>; Hurst, Annette; McConville, Thomas
**Sent:** Tue Mar 30 16:32:54 2010
**Subject:** RE: Mattel v. MGA

Bill,

What is the legal basis for MGA's objection to Mattel providing directly requested evidence to prosecutorial authority?

Best regards,


Jon Corey

Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Main Phone: (213) 443-3000
Main Fax:  (213) 443-3100
E-mail:  joncorey@quinnemanuel.com
Web:  www.quinnemanuel.com

**From:** Molinski, William [mailto:wmolinski@orrick.com]
**Sent:** Tuesday, March 30, 2010 3:42 PM
**To:** Jon Corey
**Cc:** Parker, Warrington; Alexander Cote; Hurst, Annette; McConville, Thomas
**Subject:** RE: Mattel v. MGA

Jon:

We do not agree to the disclosure of materials produced by MGA in this litigation under a protective order to parties outside of this action, and, in particular, object to your efforts to advance criminal proceedings in Mexico with use of discovery obtained from MGA here. We intend to raise this issue with Judge Carter upon his return, and, in the meantime, object to disclosure of the CD to the Mexican authorities. To the extent Mattel has already disclosed information obtained under the protective order to Mexican authorities in order to obtain this purported directive, we reserve all rights to seek penalties for such violations. We also object to the fact that you appear to have received this request on March 18 but are only now giving notice to us, with, what you claim is only a day to respond, and while you are aware that both lead counsel and Judge Carter are unavailable. We note that the document you sent us does not appear to have a return date. Consequently, we fail to see the need for immediate production before we can raise this issue with Judge Carter.

Regards,
Bill



O R R I C K

**BILL A. MOLINSKI**
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
777 SOUTH FIGUEROA STREET
SUITE 3200
LOS ANGELES, CA 90017-5855
*tel* 213-612-2256
*fax* 213-612-2499
*mobile* 310-502-7580
wmolinski@orrick.com
www.orrick.com

**From:** Jon Corey [mailto:joncorey@quinnemanuel.com]
**Sent:** Tuesday, March 30, 2010 12:43 PM
**To:** Molinski, William
**Subject:** Mattel v. MGA

Bill,

Please see attached correspondence.

Best regards,

Jon Corey

7/15/2010

Exhibit D Page 12

Quinn Emanuel Urquhart & Sullivan LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Main Phone: (213) 443-3000
Main Fax:  (213) 443-3100
E-mail:  joncorey@quinnemanuel.com
Web:  www.quinnemanuel.com

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above.  This message may be an attorney-client communication and/or work product and as such is privileged and confidential.  If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited.  If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

```
"EMF <orrick.com>" made the following annotations.
-------------------------------------------------------------------------------
===============================================================
```

```
IRS Circular 230 disclosure:
To ensure compliance with requirements imposed by the IRS,
we inform you that any tax advice contained in this
communication, unless expressly stated otherwise, was not
intended or written to be used, and cannot be used, for
the purpose of (i) avoiding tax-related penalties under
the Internal Revenue Code or (ii) promoting, marketing or
recommending to another party any tax-related matter(s)
addressed herein.
```

```
===============================================================
```

```
NOTICE TO RECIPIENT:  THIS E-MAIL IS  MEANT FOR ONLY THE
INTENDED RECIPIENT OF THE TRANSMISSION, AND MAY BE A
COMMUNICATION PRIVILEGED BY LAW.  IF YOU RECEIVED THIS E-
MAIL IN ERROR, ANY REVIEW, USE, DISSEMINATION,
DISTRIBUTION, OR COPYING OF THIS E-MAIL IS STRICTLY
PROHIBITED.  PLEASE NOTIFY US IMMEDIATELY OF THE ERROR BY
RETURN E-MAIL AND PLEASE DELETE THIS MESSAGE FROM YOUR
SYSTEM. THANK YOU IN ADVANCE FOR YOUR COOPERATION.

For more information about Orrick, please visit
http://www.orrick.com/
```
```
===============================================================
===============================================================================
```

# EXHIBIT E

ORIGINAL

LODGED

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
     John B. Quinn (Bar No. 90378)
2    Michael T. Zeller (Bar No. 196417)
     Jon D. Corey (Bar No. 185066)
3  865 South Figueroa Street, 10th Floor
   Los Angeles, California 90017-2543
4  Telephone: (213) 443-3000
   Facsimile: (213) 443-3100
5
   Attorneys for Plaintiff and Counter-Defendant
6  Mattel, Inc.

7

8                    UNITED STATES DISTRICT COURT

9                  CENTRAL DISTRICT OF CALIFORNIA

10

11  MATTEL, INC., a Delaware            )  CASE NO. CV 04-9059 NM (RNBx)
    Corporation,                        )
12                                      )  STIPULATED PROTECTIVE
                         Plaintiff,     )  ORDER; AND
13                                      )
          v.                            )  [PROPOSED] ORDER
14                                      )
    CARTER BRYANT, an individual; and   )  [Discovery Matter]
15  DOES 1 through 10, inclusive,       )
                                        )
16                       Defendants.    )

17
    CARTER BRYANT, on behalf of
18  himself, all present and former
    employees of Mattel, Inc., and the
19  general public,

20                       Counter-Claimant,

21        v.

22  MATTEL, INC., a Delaware
    Corporation,
23
                         Counter-Defendant.
24

25

26

27

28

FILED
CLERK, U.S. DISTRICT COURT
JAN - 4 2005
CENTRAL DISTRICT OF CALIFORNIA
DEPUTY

Priority
Send
Enter
Closed
JS-5/JS-6
JS-2/JS-3
Scan Only

DOCKETED ON CM
JAN - 5 2005
BY                006

SCANNED

54

Exhibit E Page 14



## GOOD CAUSE STATEMENT

Plaintiff Mattel, Inc. ("Mattel"), defendant Carter Bryant, and intervenor-defendant MGA Entertainment, Inc. ("MGA") are parties to the above-captioned litigation (hereinafter, the "Action"). (Mattel, Carter Bryant and MGA Entertainment, Inc. are each referred to herein as a "Party" and collectively are the "Parties.")

In this Action, Mattel has alleged, and defendants dispute, that Bryant worked for and otherwise aided and assisted MGA while defendant was employed by Mattel as a designer, in violation of his contractual and other legal duties to Mattel.

All parties believe that they will or may be required to produce or disclose in this Action, and that nonparties may produce or disclose, information that is trade secret, proprietary, confidential and/or is of a private or personal nature and that, if disclosed in this Action without restriction on its use or further disclosure, may cause disadvantage, harm, damage and loss to the disclosing Party or to the disclosing nonparty.

In addition, the Parties are currently in a competitive relationship in the toy industry, with Mattel and MGA operating as a manufacturers and marketers of dolls, toys and other products and Bryant working at this time as a contractor for a Mattel competitor, MGA, and further anticipate that nonparty competitor information may be produced or disclosed in this Action.

In particular, without prejudice to any Party's right to object to or resist disclosure of such categories of information on relevance or any other grounds, the Parties currently anticipate that categories of such trade secret, proprietary, confidential and/or private documents and other information that may be disclosed in discovery by the Parties and by nonparties will or may include:

(1)   Personnel files and other private or confidential employment, contractor or vendor information;

1     (2) The specific terms of agreements with, and information received

2 from, third parties that a Party is required to disclose only under conditions of

3 confidentiality;

4     (3) Personal or private financial information, and confidential

5 financial data that is not known generally to the trade or to competitors, including

6 financial data relating to specific sales, cost and profit information for specific

7 products and product lines; and

8     (4) · Business plans and product information that are not known

9 generally to the trade or to competitors, including non-public information relating to

10 product development and design.

11

12    WHEREFORE, believing that good cause exists, the Parties HEREBY

13 STIPULATE that, subject to the Court's approval, the following procedures shall be

14 followed in this Action to facilitate the orderly and efficient discovery of relevant

15 information while minimizing the potential for unauthorized disclosure or use of

16 confidential or proprietary information:

17

18        <u>SCOPE OF THIS ORDER</u>

19

20   1. This Protective Order shall apply to trade secret, confidential and

21 proprietary information, documents and things that are produced or disclosed in any

22 form during the course of the Action by any Party or any nonparty:

23     (a) through discovery;

24     · (b) in any pleading, document or other writing; or

25     (c) in testimony given at a deposition.

26 (The foregoing information, documents and things shall be referred to hereinafter

27 collectively as "Litigation Materials.")

28

## CONFIDENTIAL AND ATTORNEYS' EYES ONLY INFORMATION

2.     Any Party or nonparty producing or disclosing Litigation Materials in this Action may designate such information as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" by designating it in the manner set forth in paragraph 3 below.   The designation of Litigation Materials as "CONFIDENTIAL" shall be limited to information which the disclosing Party or nonparty believes in good faith contains, constitutes or reveals confidential design, engineering or development information, confidential commercial information, non-public financial information, confidential or private information about current or former employees, contractors or vendors (including employee, contractor and vendor personnel records), or other information of a confidential, proprietary, private or personal nature.   The designation of information as "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" shall be limited to trade secrets or other confidential commercial information, including without limitation non-public designs and drawings, which the disclosing Party or nonparty in good faith believes will result in competitive disadvantage or harm if disclosed to another Party to this Action without restriction upon use or further disclosure.   Information designated as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" may only be used and disclosed as provided in this Protective Order.

## MANNER OF DESIGNATION OF MATERIALS

3.     A Party or nonparty may designate Litigation Materials as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" in the following manner:

(a)     Documents or Things.   "CONFIDENTIAL"   or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" treatment may be

1    obtained by typing or stamping "CONFIDENTIAL" or "CONFIDENTIAL --

2    ATTORNEYS' EYES ONLY" on the particular document or thing.

3           (b)   <u>Interrogatory Answers and Responses to Requests for</u>

4    <u>Admissions</u>. In answering any interrogatory or request for admission, or any

5    part thereof, a Party may designate its or his answer as "CONFIDENTIAL" or

6    "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" by affixing thereto the

7    legend "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES

8    ONLY." Such "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS'

9    EYES ONLY" answers shall be made on separate pages from any other

10    answers or portions thereof that are not designated as "CONFIDENTIAL" or

11    "CONFIDENTIAL -- ATTORNEYS' EYES ONLY."

12           (c)   <u>Deposition Testimony</u>.  Any Party or nonparty giving

13    deposition testimony in this Action may obtain "CONFIDENTIAL" or

14    "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" treatment therefor by

15    designating, during the course of that testimony, for which "CONFIDENTIAL"

16    or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" treatment is desired,

17    the testimony that is claimed to be "CONFIDENTIAL" or "CONFIDENTIAL

18    -- ATTORNEYS' EYES ONLY,"  or alternatively by designating the entire

19    testimony to be "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS'

20    EYES ONLY," subject to a good faith obligation to identify any non-

21    confidential portions of the testimony (and/or any lesser "CONFIDENTIAL"

22    portions in the event that the entire testimony is designated "CONFIDENTIAL

23    -- ATTORNEYS' EYES ONLY") within fourteen (14) calendar days after

24    receipt of the transcript of the testimony.  The reporter shall separately

25    transcribe and bind the testimony so designated as "CONFIDENTIAL" and

26    "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" and shall mark the face

27    of the separate bound transcript containing such testimony with the term

28    "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY."

Exhibit E Page 18

PROTECTIVE ORDER

1   A Party or nonparty also may make the above-referenced designation of

2   confidentiality in writing and within fourteen (14) calendar days of the receipt

3   by said Party or nonparty of the transcript of said testimony. In that event, said

4   portion of the transcript will be treated as "CONFIDENTIAL" or

5   "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" under the provisions of

6   this Protective Order, except that it will not be separately bound. If, during the

7   course of deposition testimony, any Party or nonparty reasonably believes that

8   the answer to a question will result in the disclosure of "CONFIDENTIAL" or

9   "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" information, all persons

10   other than those persons entitled to receive such information pursuant to

11   paragraphs 5 and 6 hereof shall be excluded from the room in which the

12   deposition testimony is given.    Unless previously designated as

13   "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY,"

14   all transcripts of deposition testimony and any related exhibits, and all

15   information adduced in deposition, shall, in their entirety, be treated as

16   "CONFIDENTIAL" for a period of fourteen (14) calendar days after receipt of

17   the transcript by counsel for the designating Party or nonparty. The Party or

18   nonparty designating the testimony or information as "CONFIDENTIAL" or

19   "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" may, within that fourteen

20   (14) calendar day period described above, specifically designate information

21   contained in the transcript(s) and/or exhibit(s) as "CONFIDENTIAL" or

22   "CONFIDENTIAL -- ATTORNEYS' EYES ONLY," whether or not previously

23   designated as such, by notifying all Parties in writing of the portions of the

24   transcript or exhibit which contains such information. Each Party shall attach

25   a copy of such written statement to the face page of the transcript or exhibit

26   and to each copy in its or his possession, custody or control. Thereafter, these

27   portions of the transcript or exhibits designated as "CONFIDENTIAL" or

28   "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" shall be treated in

Exhibit E Page 19

07272/625581.2

-6-

PROTECTIVE ORDER

accordance with the terms of this Protective Order. In addition, the provisions of Paragraph 3(e) for later designating transcripts or exhibits shall apply after the expiration of the fourteen (14) calendar day period described in this Paragraph 3(c).

(d)     Typing or stamping the legend "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" upon the first page of a collection of Litigation Materials which are bound together shall have the effect of designating such collection in its entirety as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY." In the case of disks, tapes, CD-ROMs, DVDs and other tangible storage media or devices, labeling, stamping or marking the outside of such disk, tape, CD-ROM, DVD or other medium or device with the legend "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" shall have the effect of designating the entire contents of such disk, tape, CD-ROM, DVD or other medium or device, and all data stored thereupon, as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY," as the case may be.

(e)     Except as otherwise provided in Paragraph 3(c) of this Protective Order, the receiving Party shall not reveal any information produced for a period of seven (7) calendar days following receipt. Failure to designate a document, thing or other information as CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" in accordance with this Protective Order shall not preclude any Party or nonparty desiring to so designate the document, thing or information from so designating thereafter; provided that the Party or nonparty proceeds promptly after discovery of any omission of marking, in good faith marks the document, thing or other information and requests, in writing, that each receiving Party so mark and treat the document, thing or other information in accordance with this Protective Order. Thereafter, the document, thing or other information shall

PROTECTIVE ORDER

be fully subject to this Protective Order.  No Party shall incur liability for any disclosures made prior to notice of such designation, except to the extent that any such disclosures occurred prior to the seven (7) day period described above or prior to such other time periods as are provided by this Protective Order, including without limitation such time periods as are provided in Paragraph 3(c) above.

## RESTRICTIONS ON DISCLOSURE OF DESIGNATED MATERIALS

4.     Any Litigation Materials produced or disclosed in this Action, whether or not designated "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY," may only be used by the receiving Party of such information for purposes of litigation and not for any other purpose, including without limitation for any business or trade purpose.  As used herein, the term "litigation" shall mean preparation for, participation in and prosecution and defense of any suit, motion, trial, appeal, hearing, review or other judicial proceeding or in connection with any mediation or other alternative dispute resolution procedure that this or any other court may order or that the Parties may agree to.

5.     Subject to Paragraph 7 herein, and unless as otherwise ordered by the Court, Litigation Materials designated as "CONFIDENTIAL" shall not be disclosed to any person other than:

(a)     the attorneys for the Parties and their partners, shareholders, associates, document clerks and paralegals who are necessary to assist such attorneys;

(b)     secretaries, stenographers and other office or clerical personnel employed by said attorneys and who are necessary to assist such attorneys;

Exhibit E Page 21

07272/625581.2

-8-

PROTECTIVE ORDER

(c)     a named Party or officers or employees of a named Party, to the extent deemed necessary by their respective attorneys for purposes assisting in litigation;

(d)     the authors, senders, addressees and designated copy recipients of any document or thing which has been designated as "CONFIDENTIAL" information;

(e)     such other persons as may be consented to by the Party or nonparty designating such information as "CONFIDENTIAL" information;

(f)     outside litigation support vendors, including commercial photocopying vendors, scanning services vendors, coders and keyboard operators;

(g)     professional court reporters engaged to transcribe deposition testimony, professional videographers engaged to videotape deposition testimony and translators;

(h)     independent outside consultants or experts retained by the attorneys to the extent deemed necessary by said attorneys for purposes of litigation; and

(i)     non-party fact witnesses in a deposition, provided, however, that such persons may not retain such "CONFIDENTIAL" information unless otherwise authorized to receive it. If the attendance of a non-party fact witness at a deposition can only be obtained through compulsory process, the witness need not execute an Assurance of Compliance in the form attached as Exhibit A, provided that: (1) the witness acknowledges his obligation to maintain the confidentiality of "CONFIDENTIAL" information under oath; and (2) such "CONFIDENTIAL" information may only be shown to the witness during the deposition.

Exhibit E Page 22

6.      Subject to paragraph 7 herein, and unless as otherwise ordered by the Court, Litigation Materials designated as "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" shall not be disclosed to any person other than:

(a)     the attorneys for the Parties (but not including in-house counsel for the Parties or any attorney who is an officer, director, shareholder or employee of any Party or its corporate affiliates) and their partners, shareholders, associates, document clerks and paralegals who are assigned to and necessary to assist such attorneys. For the purposes of this subparagraph, "affiliate" shall mean any corporate parent or subsidiary of any Party, or any other entity that is under common control with any Party or corporate parent or subsidiary of any Party, or any of their successors or predecessors in interest;

(b)     secretaries, stenographers and other office or clerical personnel employed by said attorneys and who assist them with respect to litigation;

(c)     the authors, senders, addressees and designated copy recipients of any document or thing which has been designated as "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" information;

(d)     such other persons as may be consented to by the Party designating such information as "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" information;

(e)     outside litigation support vendors, including commercial photocopying vendors, scanning services vendors, coders and keyboard operators;

(f)     independent outside consultants or experts retained by the attorneys to the extent deemed necessary by said attorneys for the purposes of litigation; and

1              (g)    professional court reporters engaged to transcribe

2    deposition testimony, professional videographers engaged to videotape

3    deposition testimony and translators.

4           7.    None of the following is bound by or obligated under this Order

5    in any respect and specifically are not bound or obligated to treat information

6    designated as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES

7    ONLY" in any particular manner: The Court hearing this Action (including the Court

8    having jurisdiction of any appeal), Court personnel, court reporters working for the

9    Court, translators working for the Court, or any jury impaneled in this Action.

10           8.    Other than those identified in Paragraph 7 above, each person to

11    whom information designated as "CONFIDENTIAL" or "CONFIDENTIAL --

12    ATTORNEYS' EYES ONLY" is disclosed shall be informed of the terms of this

13    Protective Order and agree to be bound by it before disclosure to such persons of any

14    such information. The persons described in Paragraphs 5(f), 5(h), 6(e) and 6(f) shall

15    not have access to either "CONFIDENTIAL" or "CONFIDENTIAL --

16    ATTORNEYS' EYES ONLY" information, as the case may be, until they have

17    certified that they have read this Protective Order and have manifested their assent

18    to be bound thereby by signing a copy of the Assurance of Compliance attached

19    hereto as Exhibit A. Once a person has executed such an Assurance of Compliance,

20    it shall not be necessary for that person to sign a separate Assurance of Compliance

21    each time that person is subsequently given access to confidential material. Any

22    person who signed an Assurance of Compliance in connection with the Stipulation

23    for Protection of Confidential Information and Protective Order filed September 16,

24    2004 in Mattel Inc. v. Bryant, Case No. BC 314398, pending in Los Angeles County

25    Superior Court, need not re-sign the Assurance of Compliance attached hereto but

26    shall, by virtue of his or her prior signature, be deemed to have signed the attached

27    Assurance of Compliance.

28

9.    The failure of any Party to object to the designation  of information as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" shall not be deemed an admission that such information qualifies for such designation.

10.    If any Party wishes to have any information, document or testimony marked "CONFIDENTIAL" or  "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" by another Party or nonparty reclassified as non-confidential, or from "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" to "CONFIDENTIAL," the Parties and/or relevant nonparty or nonparties will confer and try to reach agreement. If the Parties and/or relevant nonparty or nonparties cannot reach agreement, either Party and/or the relevant nonparty or nonparties may apply to the Court to resolve the matter in accordance with the <u>Local Rules</u>. Unless and until this Court enters an Order changing the designation of the information, it shall be afforded the treatment prescribed in this Protective Order for its designation.

11.    Nothing contained in this Protective Order shall restrict or prevent any Party or nonparty from disclosing or otherwise using its or his own Litigation Materials which that Party or nonparty produces or discloses in this action.

12.    The inadvertent or unintentional disclosure by a producing Party or nonparty of "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" Litigation Materials during the course of this litigation, regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a Party's or nonparty's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter. Counsel for the Parties and/or nonparties shall in any event, to the extent possible, upon discovery of inadvertent error, cooperate to restore the confidentiality of the "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" material that was inadvertently or unintentionally disclosed.

13.     If a Party or nonparty through inadvertence produces or provides discovery that it, he or she believes is subject to a claim of attorney-client privilege or work product immunity, the producing Party or nonparty may give written notice to the receiving Party that the document is subject to a claim of attorney-client privilege or work product immunity and request that the document be returned to the producing Party or nonparty. The receiving Party shall promptly return to the producing Party or nonparty the inadvertedly disclosed document and all copies of such document. Return of the document by the receiving Party shall not constitute an admission or concession, or permit any inference, that the returned document is, in fact, properly subject to a claim of attorney-client privilege or work product immunity, nor shall it foreclose any Party from moving the Court for an Order that such document has been improperly designated or should be producible for reasons other than a waiver caused by the inadvertent production.

14.     Nothing contained in this Protective Order shall affect the right of any Party or nonparty to make any objection, claim any privilege, or otherwise contest any request for production of documents, interrogatory, request for admission, or question at a deposition or to seek further relief or protective orders from the Court in accordance with the <u>Federal Rules of Civil Procedure</u> and the <u>Local Rules</u>. Nothing in this Protective Order shall constitute an admission or waiver of any claim or defense by any Party.

## FILING AND USE IN COURT OF DESIGNATED MATERIALS

15.     Except when the filing under seal is otherwise authorized by statute or federal rule, the Parties shall seek the Court's prior approval for the filing under seal of pleadings and other documents containing properly designated "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" information in accordance with the procedures set forth in <u>Local Rule</u> 79-5.1, as such

1   <u>Rule</u> may be amended from time to time. Prior to the time that a Party receiving the

2   "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY"

3   information from any other Party files with the Court an application and the other

4   materials required by <u>Local Rule</u> 79-5.1, as such <u>Rule</u> may be amended from time to

5   time, to seal the producing Party's confidential information, the receiving Party shall

6   consult with the producing Party's attorney to determine whether the producing Party

7   will re-designate the previously designated confidential information so as to avoid the

8   need for the request to file such information under the seal. Upon the default of a

9   Party to seek the Court's approval to file a document containing "CONFIDENTIAL"

10  or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" information under seal, any

11  Party may subsequently seek the approval of the Court to file that document under

12  seal, in accordance with the procedures set forth in <u>Local Rule</u> 79-5.1, as such <u>Rule</u>

13  may be amended from time to time.

14

15              <u>THIRD-PARTY REQUEST FOR DESIGNATED MATERIALS</u>

16

17          16.     If any Party or nonparty receives a subpoena or document request

18  from a third party which purports to require the production of materials in that Party's

19  possession which have previously been designated as "CONFIDENTIAL" or

20  "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" by any other Party or nonparty,

21  the Party or nonparty receiving such subpoena or document request (a) shall object

22  and refuse to produce documents absent a Court Order or the consent of the Party or

23  nonparty who designated the materials as "CONFIDENTIAL" or "CONFIDENTIAL

24  -- ATTORNEYS' EYES ONLY", (b) immediately notify the Party or nonparty who

25  designated the materials as "CONFIDENTIAL" or "CONFIDENTIAL --

26  ATTORNEYS' EYES ONLY" of the receipt of said subpoena or document request,

27  and (c) shall not oppose any effort by the Party or nonparty which designated the

28  material as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES

Exhibit E Page 27

PROTECTIVE ORDER

1   ONLY" to quash the subpoena or obtain a protective order limiting discovery of such

2   material.

3

4   <u>DISCOVERY FROM NONPARTIES</u>

5

6        17.   Discovery of nonparties may involve receipt of information,

7   documents, things or testimony which include or contain "CONFIDENTIAL" or

8   "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" materials or information.  A

9   nonparty producing such material in this case may designate as "CONFIDENTIAL"

10   or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" some or all of the material it

11   produces in the same manner provided for in this Protective Order with respect to

12   material furnished by or on behalf of the Parties.  Any Party may also designate as

13   "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" any

14   materials or information produced by a nonparty that constitute "CONFIDENTIAL"

15   or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" material of the designating

16   Party under Paragraph 2 of this Protective Order, regardless of whether the producing

17   nonparty has also so designated.  In addition, a nonparty may also designate as

18   "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" any

19   materials or information produced by a Party that constitute "CONFIDENTIAL" or

20   "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" material or information of such

21   nonparty under Paragraph 2 of this Protective Order, regardless of whether the

22   producing Party has also so designated.  In either such an event, the designation

23   providing for the greater level of protection for the material information shall control,

24   subject to Paragraph 10 of this Protective Order.  Nonparty materials designated

25   "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" by a

26   nonparty or Party shall be governed by the terms of this Protective Order.

27

28

Exhibit E Page 28

07272/625581.2

-15-

PROTECTIVE ORDER

## CONCLUSION OF LITIGATION

18.     Within thirty (30) days of the conclusion of this Action, including any post-trial motions or appellate proceedings relating thereto, all documents, transcripts or other things or information designated as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY," and all copies thereof, shall be returned to the attorneys for the Party or nonparty furnishing the same, or shall be destroyed by the attorneys having such documents in their possession. In addition, all summaries or other materials containing or disclosing information contained in such documents, answers, transcripts or other things shall be destroyed; provided, however, that outside counsel for each Party may retain one complete and unredacted set of pleadings and papers filed with the Court or served on the other Parties. Such retained copy of pleadings and papers shall be maintained in a file accessible only to outside counsel bound by this Protective Order. This Protective Order shall continue to be binding after the conclusion of this Action.

## AMENDMENT OF THIS AGREEMENT

19.     The provisions of this Stipulation and Protective Order may be  modified at any time by stipulation of the Parties as approved by Order of the Court. In addition, a Party may at any time apply to the Court for modification of this

1    Stipulation and Protective Order pursuant to a motion brought in accordance with the

2    rules of the Court.

3

4    **IT IS SO STIPULATED.**

5

6    DATED: December 22, 2004      QUINN EMANUEL URQUHART

7                                 OLIVER & HEDGES, LLP

8

9                                 By _Jon Corey_____

                                  Jon Corey

10                               Attorneys for Plaintiff

                                  Mattel, Inc.

11

   DATED: December __, 2004      LITTLER MENDELSON

12

13                                 By _____

14                               Douglas A. Wickham

                                  Attorneys for Defendant

15                               Carter Bryant

16    DATED: December __, 2004      O'MELVENY & MEYERS, LLP

17

18                                 By _____

                                  Diana M. Torres

19                               Attorneys for Intervenor-Defendant

                                  MGA Entertainment, Inc.

20

21

22           **IT IS SO ORDERED.**

23    DATED: _1/4/05_____

24                              THE HONORABLE ROBERT N. BLOCK

25                              United States Magistrate Judge

26

27

28

1  Stipulation and Protective Order pursuant to a motion brought in accordance with the

2  rules of the Court.

3

4  **IT IS SO STIPULATED.**

5

6  DATED: December __, 2004          QUINN EMANUEL URQUHART
                                     OLIVER & HEDGES, LLP
7

8                                    By _____
9                                        Jon Corey
                                         Attorneys for Plaintiff
10                                       Mattel, Inc.

11 DATED: December 2/, 2004          LITTLER MENDELSON
12
                                     By _____
13                                       Douglas A. Wickham
                                         Attorneys for Defendant
14                                       Carter Bryant

15

16 DATED: December __, 2004          O'MELVENY & MEYERS, LLP
17
                                     By _____
18                                       Diana M. Torres
                                         Attorneys for Intervenor-Defendant
19                                       MGA Entertainment, Inc.

20

21 **IT IS SO ORDERED.**

22

23 DATED: _____

24                                   _____
                                     THE HONORABLE ROBERT N. BLOCK
                                     United States Magistrate Judge
25

26

27

28
                                                     Exhibit E Page 31

1   Stipulation and Protective Order pursuant to a motion brought in accordance with the

2   rules of the Court.

3

4        **IT IS SO STIPULATED.**

5

6   DATED: December __, 2004        QUINN EMANUEL URQUHART
                                    OLIVER & HEDGES, LLP
7

8                                   By
9                                   ────────────────────────
                                    Jon Corey
                                    Attorneys for Plaintiff
10                                  Mattel, Inc.

11

12  DATED: December __, 2004        LITTLER MENDELSON

13                                  By
                                    ────────────────────────
14                                  Douglas A. Wickham
                                    Attorneys for Defendant
15                                  Carter Bryant

16  DATED: December __, 2004        O'MELVENY & MEYERS, LLP

17
                                    By
18                                  ────────────────────────
                                    Diana M. Torres
19                                  Attorneys for Intervenor-Defendant
                                    MGA Entertainment, Inc.

20

21

22       **IT IS SO ORDERED.**

23

24  DATED: _____              ────────────────────────
                                    THE HONORABLE ROBERT N. BLOCK
25                                  United States Magistrate Judge

26

27

28

                                                      Exhibit E Page 32

1   EXHIBIT A

2

3   ASSURANCE OF COMPLIANCE

4

5          I, _____, under penalty of perjury under the laws of the

6   United States of America, declare and state as follows:

7          I reside at _____, in the City/County of _____ and

8   State/Country of _____;

9          I have read the annexed Stipulated Protective Order, ("Protective Order")

10   dated _____ in the action entitled *Mattel, Inc. v. Carter Bryant,*

11   Case No. CV 04-9059 NM (RNBx), which currently is pending in the United States

12   District Court for the Central District of California; that I am fully familiar with and

13   agree to comply with and be bound by the provisions of that Protective Order;

14          I will not divulge to persons other than those specifically authorized by the

15   Protective Order, and will not copy or use any Litigation Materials designated as

16   "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" except

17   solely as permitted by the Protective Order; and

18          I consent to the jurisdiction of the United States District Court for the

19   Central District of California for the purpose of enforcing said Protective Order,

20   enjoining any violation or threatened violation of the Protective Order or seeking

21   damages for the breach of said Protective Order.

22

23          _____

24          (Signature)

25

26

27

28

Exhibit E Page 33

07272/625581.2

PROTECTIVE ORDER

1

## PROOF OF SERVICE
1013A(3) CCP Revised 5/1/88

2  **STATE OF CALIFORNIA** )
**COUNTY OF LOS ANGELES** )

3

4     I am employed in the county of Los Angeles State of California. I am over the age of 18 and not a party to the within action; my business address is 865 South Figueroa Street, 10th Floor, Los Angeles, CA 90012.

5     On December 22, 2004, I served the foregoing document described as

6     **STIPULATED PROTECTIVE ORDER; AND [PROPOSED] ORDER**

7  on  all interested parties in this action:

8     **SEE ATTACHED SERVICE LIST**

9
[ ]   By placing [ ] the original [X ] true copies thereof enclosed in sealed envelopes addressed
10    as follows:

11 [ ]   **BY MAIL**

12 [ ]   I deposited such envelope in the mail at Los Angeles, California.  The envelope was mailed with postage thereon fully prepaid.

13 [ ]   As follows: I am "readily familiar" with the firm's practice of collection and processing
14    correspondence for mailing.  Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in
15    the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

16
[ X ]   **BY TELECOPIER** By transmitting the above listed document(s) to the fax number(s)
17    set forth above on this date.

18 Executed on December 22, 2004, at Los Angeles, California.

19 [X]   (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

20

21  Ivana Maiorano
    Print Name                          Signature

22

23

24

25

26

27

28

Exhibit E Page 34

1    Robert F. Millman, Esq.
     Douglas A. Wickham, Esq.
2    Keith A. Jacoby, Esq.
     Littler Mendelson
3    A Professional Corporation
     2049 Century Park East, 5th Floor
     Los Angeles, California 90067-3107
4    Phone: 310-553-0308
     Fax: 310-553-5583
5

6    Diana M. Torres, Esq.
     O'Melveney & Meyers
7    400 S. Hope Street
     Los Angeles, CA 90071
8    Phone: 213-430-6000
     Fax: 213-430-6407
9

10   Daniel J. Warren, Esq.
     Sutherland, Asbill & Brennan
11   999 Peachtree Street NE
     Atlanta, GA 30309-3996
12   Phone: 404-853-8698
     Fax: 404-853-8806

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-2-