QUINN EMANUEL URQUHART & SULLIVAN, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  michaelzeller@quinnemanuel.com
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation,<br><br>                  Plaintiff,<br><br>       vs.<br><br>MGA ENTERTAINMENT, INC., a California corporation, et al.,<br><br>                  Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 DOC (RNBx)<br>Consolidated with<br>Case Nos. CV 04-09059 & CV 05-02727<br><br>Hon. David O. Carter<br><br>**MATTEL, INC.'S OPPOSITION TO MGA PARTIES' OBJECTION TO ONE PORTION OF DISCOVERY MASTER ORDER NO. 98**<br><br>Hearing Date:   TBD<br>Time:           TBD<br>Place:          TBD<br><br>**Phase 2**<br><br>Discovery Cutoff:      TBD<br>Pre-trial Conference:  TBD<br>Trial:                 TBD |

**Preliminary Statement**

MGA seeks, by its appeal, to re-assert a privilege objection that was expressly withdrawn, claiming for the first time that a document that was never logged and never given to the Discovery Master for *in camera* review proves the merits of its withdrawn privilege objection. It should not be permitted to pursue this tardy, and withdrawn, theory of privilege.

**Background**

One of the long-standing deficiencies in MGA's privilege assertions has been its withholding of numerous communications, often consisting of notes or other commentary, for which neither author nor recipient has been identified on MGA's privilege logs. The entry at issue here—Entry No. 708—is such an entry.

<u>MGA' Initial Privilege Assertion is Inadequate.</u> MGA first identified what is now Entry No. 708 just days before the close of Phase 1 discovery on its January 23, 2008 Privilege Log, describing it as follows:

- "Comments regarding hearing transcript for purpose of requesting legal advice."[1]

MGA did not identify whose comments were being withheld as privileged, to whom those comments were communicated, if they were, or for what specific purpose. There was also no indication that the communication was attached to or otherwise part of any email communication, or that it was created in anticipation of litigation. Nevertheless, MGA asserted both attorney-client privilege and work product as to the document—assertions which, given the lack of an author or recipient and other critical information, were impossible to assess.

<u>MGA's Revised Assertion Failed To Remedy These Inadequacies.</u> Although MGA revised its privilege assertions on its January 2008 log several times—first on

---

[1] Entry No. 708 from MGA's Dec. 22, 2010 Privilege Log was originally listed as Entry No. 62 on MGA's January 23, 2008 Privilege Log.

January 25, 2008 (during Phase 1) and again on April 9, 2009 (during Phase 2), MGA did not, at those times, revise or supplement its claims regarding this document. Then, following several months of meet and confers regarding MGA's privilege assertions (as well as motion practice), the Discovery Master ordered the parties to undertake a comprehensive review of their privilege assertions and to "cure any deficiencies in such logs by providing supplemental privilege logs."[2] The Discovery Master outlined a procedure whereby the parties could challenge "the adequacy of any privilege log entry [that] remains in question."[3]

On December 22, 2009, MGA produced a supplemental log. The revised entry (now identified as Entry No. 708) contained the same description as on the prior logs—"Comments regarding hearing transcript for the purpose of requesting legal advice"—and still failed to identify the author and recipient of these comments or otherwise provide any information to substantiate its withholding. In revising its privilege assertions, MGA made a single change: ***it withdrew its assertion of attorney-client privilege*** and claimed only that the document at issue was properly withheld as work product.[4] Shortly thereafter, on January 5, 2010, MGA produced an "updated" version of this privilege log; no changes were made to Entry No. 708—still solely relying on work product.[5]

On January 12, 2010, Mattel challenged entries—including Entry No. 708— which, even as revised, continued to be improperly withheld or for which MGA had otherwise failed to substantiate its claims of privilege.[6] During the course of the next several months, although the Discovery Master permitted MGA to provide

---

[2] Discovery Master Order No. 73, dated Oct. 30, 2009 (Dkt. No. 7375)
[3] Id. at 3:19-20; see also Discovery Master Order No. 86, dated Dec. 3, 2009 (Dkt. No. 7381).
[4] See Entry No. 708, Dec. 22 Privilege Log.
[5] See Jan. 5, 2010 Email from K. Kieckhefer to B. Proctor *et al.*
[6] See Jan. 12, 2010 Letter from M. Searcy to R. O'Brien, Appendix A, at 29 (challenging Entry No. 708).

supplemental support for its privilege assertions and requested that it prepare binders of all withheld documents,[7] MGA never sought to revise or supplement its description of Entry No. 708. After conducting an *in camera* review, the Discovery Master overruled MGA's work product assertion and ordered the document produced.[8]

## Argument

### I. BOTH THE "COMMENTS" AND THE NEWLY REVEALED EMAIL SHOULD BE PRODUCED

As shown above, through four privilege logs spanning two and a half years, MGA never identified the author and recipient of this withheld transcript or document. Nor, as far as Mattel can tell, did MGA ever log the email that it claims accompanied it. For the first time on appeal, MGA has now identified the comments on the withheld transcript as allegedly those of Mr. Larian; identified an email that the transcript was allegedly attached to; and claimed that the comments were sent to some still-unidentified outside counsel, all to purportedly substantiate a long ago withdrawn privilege claim. This should not be accepted.

As to the "comments" on the hearing transcript, MGA abandoned any claim of privilege when it affirmatively withdrew its assertion of attorney-client privilege as a basis for the transcript's withholding prior to the *in camera* review. MGA had once asserted privilege; when it revised its logs, it chose to rely solely on a claim of work product. Nowhere in its Objections does MGA attempt to defend its withholding on a work product theory or identify an error in the Discovery Master's

---

[7] See Discovery Master Order No. 95, dated Apr. 23, 2010 (Dkt. No. 7542); March 1, 2010 Email from D. Hansen to A. Hurst et al. (requesting that MGA submit a "full set" of the witheld documents challenged by Mattel in paper form).

[8] See Discovery Master Order No. 98, dated July 1, 2010 (Dkt. No. 8215), Schedule B.

ruling rejecting the work product claim.[9]  Instead, faced with an order compelling disclosure, MGA seeks to belatedly re-assert a claim of privilege.  The Rules do not permit these kind of attempts "to re-engineer privilege logs to align their privilege assertions with their legal arguments" after the fact.  In re Honeywell Int'l Inc. Sec. Litig., 230 F.R.D. 293, 299 (S.D.N.Y. 2003) (rejecting party's belated work product assertion because failure to assert objection on privilege log resulted in a waiver and ordering disclosure); Nance v. Thompson Medical Co., 173 F.R.D. 178, 183-184 (E.D. Tex. 1997) (party's failure to assert proper basis for withholding documents submitted for *in camera* review resulted in waiver); AAIpharma Inc. v. Kremers Urban Dev. Co., 2006 WL 3096026, at *6 (S.D.N.Y. Oct. 31, 2006) (sanctions warranted where party "add[ed] a claim of privilege that had not been asserted initially" or "revis[ed] the claim of privilege . . . either adding then deleting a basis, or vice-versa").[10]

Nowhere does MGA claim that its withdrawal of the attorney-client privilege was a mistake or simply a mischaracterization.  In Nance, the court rejected just such an argument by the withholding party, noting that the failure to assert the

---

[9] Nor could MGA pursue such a theory; Mr. Larian's notes cannot reasonably be withheld as an *attorney's* work product.  See Minebea Co., Ltd. v. Papst, 355 F. Supp. 2d 526, 529 (D.D.C. 2005) ("while protected work product can, sometimes, be generated by non-attorneys, it cannot be created by a client").  Nor is there any claim, much less evidence, to show that the comments, apparently from 2002, were made "because of" anticipated litigation.  In re Grand Jury Subpoena, 357 F.3d 900, 907, 908 (9th Cir. 2004).

[10] See also Gen. Elec. Co. v. Johnson, 2007 WL 433095, at *5 (D.D.C. Feb. 5, 2007) (rejecting attempt to assert different basis for privilege after multiple logs had been produced, and ordering disclosure); John B. v. Goetz, 2007 WL 4014015, at *3 (M.D. Tenn. Nov. 15, 2007) (ordering production where party failed to assert proper basis of privilege on log); Lexington Ins. Co. v. Swanson, 240 F.R.D. 662, 668 (W.D. Wash. Feb. 12, 2007) (ordering production where asserted basis for privilege in briefing but failed to assert it on the log); Bowne, Inc. v. AmBase Corp., 150 F.R.D. 465, 489-90 (S.D.N.Y 1993) (rejecting late assertion of work product where not initially asserted on privilege log); Carte Blanche PTE., Ltd. v. Diners Club Int'l, Inc., 130 F.R.D. 28, 32 (S.D.N.Y. 1990) (same).

proper objection on its privilege log could not be deemed mere "inadvertent mischaracterization" where the withholding party had submitted the documents *in camera* and had been given an opportunity to explain the basis for their withholdings. <u>Nance</u>, 173 F.R.D. at 184 (compelling disclosure where, as here, party "has had every opportunity to assert those privileges for which it is entitled," yet failed to do so). "Inadvertence" cannot justify MGA's express withdrawal of a privilege claim that it had previously asserted given the history here.  MGA did not, when it dropped its privilege claim, amend all its privilege log entries; it selected entries that it wanted to amend, including Entry No. 708, and amended that entry expressly to withdraw the privilege claim.  It cannot reassert the claim now.

This is especially so given the context in which this issue is being litigated.  It is not as though MGA dropped its privilege claim and then, when asked to submit documents *in camera*, recognized an error and sought to reassert the objection.  In fact, MGA did not amend its assertions as to this document either when the Discovery Master asked it to submit its document electronically for *in camera* review or when the Discovery Master later requested that MGA re-submit its withheld documents in paper form; at no point, until just now, has MGA sought to re-assert a privilege claim, or to log the ostensibly related email, or to identify the author or recipient of the withheld documents.  All of this is being done for the first time on appeal to the Court, which is improper.  See <u>Greenhow v. Secretary of HHS</u>, 863 F.2d 633, 638-39 (9th Cir.1988), <u>overruled on other grounds</u> by <u>United States v. Hardesty</u>, 977 F.2d 1347 (9th Cir. 1992) (affirming district court's refusal to consider an argument party failed to present to the magistrate in the first instance and holding parties do not get "an opportunity to run one version of their case past the magistrate, then another past the district court"); <u>see also</u> <u>Marshall v. Chater</u>, 75 F.3d 1421, 1427 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived."); <u>Cupit v. Whitley</u>, 28 F.3d 532, 535 (5th Cir. 1994) (party waived its objections "[b]y waiting until after

the magistrate court had issued its findings and recommendations" to raise its argument not presented to the magistrate in the first instance); Paterson-Leitch Co., Inc. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985, 991 (1st Cir. 1988) ("Systemic efficiencies would be frustrated and the magistrate's role reduced to that of a mere dress rehearser if a party were allowed to feint and weave at the initial hearing, and save its knockout punch for the second round. In addition, it would be fundamentally unfair to permit a litigant to set its case in motion before the magistrate, wait to see which way the wind was blowing, and-having received an unfavorable recommendation-shift gears before the district judge.").

Finally, it would appear that MGA also waived any claim of privilege or work product as to the newly revealed email given its years-long failure to log that communication or submit it for *in camera* review when compelled to do so. In its Objection, MGA claims that this lapse is the result of an unfortunate clerical mistake—suggesting that the email was always identified on its logs but that in preparing its submission for the Discovery Master's *in camera* review it "inadvertently omitted" the email "from the set of documents that MGA submitted for in camera review." (Obj. at 2:4-5). But, as discussed above, across four different versions of its privilege log, in the two and a half years since it was required to do so, MGA never logged the email communication (as far as Mattel can tell) or otherwise made clear that the comments on the hearing transcript were attached to any related communication. That failure results in waiver as to the email communication. See Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Court, 408 F.3d 1142, 1149 (9th Cir. 2005); Robinson v. Tex. Auto. Dealers Ass'n, 214 F.R.D. 432, 456 (E.D.Tex. 2003), vacated in part on unrelated grounds, In re Tex. Auto. Dealers Ass'n, 2003 WL 21911333, at *1 (5th Cir. 2003) (party's failure to include document on privilege log resulted in waiver and noting that "[a]mending the privilege log to fully disclose the scope of withheld documents after a motion to compel documents in the privilege log has already been filed is too late to serve that

purpose"); <u>In re Wells Fargo Res. Mortg. Lending Disc. Litig.</u>, 2009 WL 1578920, at *1 (N.D. Cal. 2009) ("Any claim of privilege shall be waived for any document not listed on this or previous logs."); <u>Laethem Equipment Co. v. Deere & Co.</u>, 261 F.R.D. 127, 144 (E.D. Mich. Aug. 27, 2009) (party "waived the privilege for the documents they have failed to submit" for *in camera* review); <u>Mold-Masters Ltd. v. Husky Injection Molding Systems Ltd.</u>, 2001 WL 1558303, 3 n.2 (N.D. Ill. Dec. 6, 2001) (party's failure to submit documents for *in camera* review resulted in waiver). MGA did not identify this withheld communication for more than two-and-a-half years after it was required to do so, and now has not even attempted to show any circumstances that would excuse its failure.  A finding of waiver is appropriate.

## Conclusion

For the foregoing reasons, Mattel respectfully requests the Court overrule the MGA Parties' Objection and order both the "comments" and the newly revealed email produced to Mattel.

DATED:  July 16, 2010        QUINN EMANUEL URQUHART & SULLIVAN, LLP

By /s/ B. Dylan Proctor
   B. Dylan Proctor
   Attorneys for Mattel, Inc.