QUINN EMANUEL URQUHART & SULLIVAN, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  michaelzeller@quinnemanuel.com
  Jon D. Corey (Bar No. 185066)
  joncorey@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation,<br><br>             Plaintiff,<br><br>   vs.<br><br>MGA ENTERTAINMENT, INC., a California corporation, et al.,<br><br>             Defendants.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 DOC (RNBx)<br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>Hon. David O. Carter<br><br>**MATTEL, INC.'S NOTICE OF MOTION AND MOTION FOR PROTECTIVE ORDER REGARDING BRATZ 2010 AND OTHER UNRELEASED PRODUCTS**<br><br>Date: TBD<br>Time: TBD<br>Courtroom: 9D<br><br>**Phase 2**<br>Discovery Cut-off: TBD<br>Pre-trial Conference: TBD<br>Trial Date: TBD |

00505.07975/3581080.1

Case No. CV 04-9049 SGL (RNBx)
MATTEL, INC.'S NOTICE OF MOTION AND MOTION FOR PROTECTIVE ORDER REGARDING BRATZ 2010 AND OTHER UNRELEASED PRODUCTS

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that at a time and on a date to be set by the Court, plaintiff Mattel, Inc. ("Mattel") will, and hereby does, move the Court pursuant to <u>Federal Rule of Civil Procedure</u> 26(c) for a protective order against Mattel having to produce its internal research reports regarding unreleased Mattel products, including but not limited to Bratz 2010, as well as the irrelevant Mattel product "Monster High".

This Motion is made on the grounds that the challenged discovery is neither relevant to the claims and defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence. This Motion is also made on the grounds that MGA's discovery seeks sensitive research, development, and commercial information.

This Motion is based upon this notice of Motion, the accompanying memorandum of points and authorities, and all other matters of which the Court may take judicial notice.

## Local Rule 7-3 Certification

This motion is filed pursuant to the Court's July 14, 2010 Order and is a continuation of a dispute upon which lead counsel for both parties previously met and conferred.

DATED: June 16, 2010           QUINN EMANUEL URQUHART & SULLIVAN, LLP

By /s/ Marshall Searcy
   Marshall Searcy
   Attorneys for Mattel, Inc.

# TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ................................................................................ 1

STATEMENT OF FACTS ........................................................................................ 2

ARGUMENT .............................................................................................................. 3

MGA SEEKS IRRELEVANT, BUT HIGHLY SENSITIVE, INFORMATION ........................................................................................... 3

CONCLUSION ........................................................................................................... 6

.

# TABLE OF AUTHORITIES

**Page**

**Cases**

Phillips v. General Motors Corp.,
   307 F.3d 1206 (9th Cir. 2002) .................................................................................. 5

Wu v. Redwood City,
   11 Fed. Appx. 914 (9th Cir. 2001) ........................................................................... 3

**Statutes**

Federal Rule of Civil Procedure 26 ..................................................................... *passim*

00505.07975/3581080.1

-iii-   Case No. CV 04-9049 SGL (RNBx)
MATTEL, INC.'S NOTICE OF MOTION AND MOTION FOR PROTECTIVE ORDER REGARDING BRATZ 2010 AND OTHER UNRELEASED PRODUCTS

**Preliminary Statement**

Mattel requires a protective order to prevent MGA's repeat of its efforts to abuse of the discovery process. In its request for marketing research, MGA has sought dozens of marketing research documents from 2008, 2009 and 2010 that concern unreleased and irrelevant products, such as "Monster High," Mattel's unreleased version of Bratz ("Bratz 2010"), and other products Mattel plans to release in 2010.[1] Further, Mattel's more recent reports also use proprietary methods that Mattel would never wish to disclose to a competitor, particularly given the lack of relevance or at least tangential relevance that the reports have to this litigation.

This is not the first time MGA has improperly attempted to obtain discovery on Bratz 2010 and other unreleased Mattel products. In July 2009, the MGA Parties moved to compel discovery on Bratz 2010; the Discovery Master rightfully rejected that request as irrelevant.[2] In February 2010, MGA attempted to ask Robert Eckert about Bratz 2010 and unreleased Mattel products at his deposition. Again, the Discovery Master ruled that MGA could not take discovery into Mattel's future product plans.[3] In April 2010, MGA tried to ask questions regarding Mattel's plans for its 2010 Bratz line and other unreleased lines during the deposition of Timothy Kilpin. MGA even filed an Ex Parte Application to Compel Production of

---

[1]  Because the discovery requests are so voluminous and in color, Mattel will not include them with this motion. Consistent with the Court's directive, however, Mattel stands ready to submit the requests and their color exhibits upon the Court's instruction.

[2]  Phase 2 Discovery Matter Order No. 56, dated September 3, 2009 [Dkt. No. 6591], at 43:3-18.

[3]  Eckert Depo. Tr., dated February 3, 2010, at 861:25-862:2.

Documents and Testimony Concerning Marketing of Bratz 2010 and Monster High with this Court. This Court denied this request.[4]

MGA's latest repeat of these serial efforts should be again rejected. Mattel respectfully requests that this Court issue a protective order pursuant to <u>Federal Rule of Civil Procedure</u> 26(c) against Mattel from having to produce its internal research reports regarding Bratz 2010 and other unreleased Mattel products. As the Court has repeatedly held, such products are irrelevant to any claim or defense in this litigation.

## Statement of Facts

On July 14, 2010 this Court ordered Mattel to produce to MGA the contents of its research binder concerning the New Brand Cannibalization Study as well as all Mattel research log books from 1996 to the present that include any research regarding girls' products.[5] From those log books, the Court instructed MGA to identify via requests for production the reports it sought on or before July 16, 2010 at 3:00 p.m. The Court also gave Mattel three hours to file a motion for protective order.[6] The purpose of this discovery was to permit MGA to obtain information about Mattel's market research and brand development ***at or near the time of Bratz conception.***[7] However, MGA has abused the accelerated procedure set by the Court by seeking information regarding sensitive or irrelevant Mattel product research,[8]

---

[4] Order Denying Ex Parte Application to Compel Production of Documents and Testimony Concerning Marketing of Bratz 2010 and Monster High, dated April 9, 2010 [Dkt. No. 7708], at 4.

[5] Order Granting in Part and Denying in Part MGA's Ex Parte Application, dated July 14, 2010, at 1.

[6] <u>Id.</u> at 2.

[7] <u>Id.</u>

[8] <u>See</u> MGA Parties' Eighth Set of Requests for Production of Documents and Things to Mattel, Inc., Request Nos. 363 and 364. These requests reference highlighted portions of Mattel's research logbooks and ask for "[a]ll documents
(footnote continued)

00505.07975/3581080.1

-2-    Case No. CV 04-9049 SGL (RNBx)
MATTEL, INC.'S NOTICE OF MOTION AND MOTION FOR PROTECTIVE ORDER REGARDING BRATZ 2010 AND OTHER UNRELEASED PRODUCTS

including sensitive information about Mattel's future plans for Bratz and other unreleased products. In its requests, MGA has sought dozens of marketing research documents from 2008, 2009 and 2010 that concern unreleased and irrelevant products, such as "Monster High," Mattel's "Bratz 2010," and other products Mattel plans to release in 2010. Moreover, Mattel's more recent reports use proprietary methods that Mattel would never wish to disclose to a competitor.

## Argument

### MGA SEEKS IRRELEVANT, BUT HIGHLY SENSITIVE, INFORMATION

Mattel's request for a protective order should be granted because MGA seeks information that is not relevant to the claims or defenses of any party. Under the Federal Rules, "the court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense". Good cause for a protective order is shown when a party seeks discovery that is irrelevant. See Fed. R. Civ. P. 26(b)(1) (party may only seek discovery regarding "matter that is relevant to [a] claim or defense"); see also Wu v. Redwood City, 11 Fed. Appx. 914, 916 (9th Cir. 2001) (holding that the "magistrate judge did not abuse her discretion in granting a protective order" where discovery "would be irrelevant to any disposition of the case"). Here, Mattel's request for a protective order should be granted because MGA has sought information about Bratz 2010 and other unreleased Mattel products, despite previous orders by the Discovery Master and this Court which ruling that this information is not relevant to any claim or defense in this case.

---

highlighted…" and "[t]he entirety of all research binders, including without limitation, all research proposals, summary reports, detailed reports, or any other research materials relating to the documents highlighted…" Some of the highlighted requests seek information regarding Monster High, Bratz 2010, or other sensitive, irrelevant, or unreleased Mattel products.

It is well-established that information and reports about Bratz 2010 and other unreleased products, as well as the product "Monster High," are irrelevant to this case. Far from seeking "relevant admissible information about Mattel's market research and brand development *at or near the time of Bratz's conception*" as the Court's Order specified, MGA seeks information about Mattel's future plans for its Bratz doll line and other unreleased products that have no bearing on this case.[9] The Discovery Master previously concluded that one of MGA's document requests sought irrelevant information and was "overbroad because it seeks Mattel's future plans to sell Bratz dolls or products."[10] Now, MGA impermissibly requests dozens of marketing research documents from 2008, 2009 and 2010 that concern unreleased and irrelevant products, such as "Monster High," Mattel's "Bratz 2010," and other products Mattel plans to release in 2010.

In its Ex Parte Application, MGA argued that "Mattel's research is relevant to numerous issues in Phase 2, including Mattel's theories of lost opportunity and lost profits in the fashion doll market."[11] However, in its April 9, 2010 Order Denying Ex Parte Application to Compel Production of Documents and Testimony concerning Marketing of Bratz 2010 and Monster High, this Court expressly rejected this argument. There, MGA argued that "discovery will provide relevant evidence with respect to Mattel's claimed loss opportunity and lost profit damages."[12] The Court disagreed, concluding that "Bratz now is not Bratz then."[13] The Court ruled that "Mattel's recent intentions for the Bratz 2010 line of dolls *provide no significant insight* into the manner in which Mattel would have valued

---

[9] Id.
[10] Order No. 56 at 43:3-18.
[11] MGA Parties' Ex Parte Application, dated July 13, 2010 [Dkt. No. 8258], at 3:5-9.
[12] April 9, 2010 Order at 2.
[13] Id.

00505.07975/3581080.1

-4-   Case No. CV 04-9049 SGL (RNBx)
MATTEL, INC.'S NOTICE OF MOTION AND MOTION FOR PROTECTIVE ORDER REGARDING BRATZ 2010 AND OTHER UNRELEASED PRODUCTS

or even monetized the Bratz intellectual property between 1998 and 2003," and thus were irrelevant to show "whether Mattel incurred lost opportunity costs."[14]  MGA presents no new arguments showing that this information is now relevant, nor could it.  Because MGA has repeatedly sought information that both the Discovery Master and this Court have previously ruled were irrelevant, Mattel has good cause for a protective order.

A protective order is also appropriate because of the extremely sensitive nature of commercial information regarding Bratz 2010 and unreleased products. Federal Rule 26(c)(1)(G) (previously Rule 26(c)(7)) states that the court may issue an order to protect a party from the disclosure of "confidential research, development, or commercial information."  See also Phillips v. General Motors Corp., 307 F.3d 1206, 1211 (9th Cir. 2002) (noting that courts are "more likely to grant protective orders for the [research, development or commercial] information listed in Rule 26(c)(7)").

As the Court previously observed, the current marketing research MGA seeks is extremely sensitive.  Additionally, Mattel's more recent reports, especially those from 2010, use proprietary methods that threaten to cause Mattel competitive harm if disclosed to any competitor, and most certainly if disclosed to MGA.  Indeed, in denying MGA's Ex Parte Application to Compel Production of Documents and Testimony Concerning Marketing of Bratz 2010 and Monster High, this Court observed that "MGA's proposed discovery potentially involves the inquiry by a manufacturer into the present market analysis and product strategy of a direct competitor in a small, if not oligarchic, market."[15]  The Court further concluded that the blanket confidentiality order already in place in this case is "insufficient to guard against the eventual disclosure of such information" and denied the requested

---

[14] Id. at 2-3.

00505.07975/3581080.1

-5-    Case No. CV 04-9049 SGL (RNBx)
MATTEL, INC.'S NOTICE OF MOTION AND MOTION FOR PROTECTIVE ORDER REGARDING BRATZ 2010 AND OTHER UNRELEASED PRODUCTS

1 discovery.[16]  And, as noted, MGA requests these reports despite the Court's order contemplating that the market research and brand development reports that would be potentially relevant were those at or near the time of Bratz' conception, which was many years before 2008.  Therefore, this Court should exercise its authority under Rule 26(c) to bar defendants' requests regarding Mattel's Bratz 2010 line and other unreleased products, as well as to bar requests concerning "Monster High."

## Conclusion

For the reasons discussed above, Mattel respectfully requests that the Court issue Mattel a protective order.

DATED: July 16, 2010            QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP


                                By /s/ Marshall Searcy
                                   Marshall Searcy
                                   Attorneys for Mattel, Inc.

---

[15] Id. at 3.
[16] Id. at 4.

00505.07975/3581080.1

-6-    Case No. CV 04-9049 SGL (RNBx)
MATTEL, INC.'S NOTICE OF MOTION AND MOTION FOR PROTECTIVE ORDER REGARDING BRATZ 2010 AND OTHER UNRELEASED PRODUCTS