QUINN EMANUEL URQUHART & SULLIVAN, LLP
  John B. Quinn (Bar No. 090378)
  (johnquinn@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:  (213) 443-3000
Facsimile:   (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation, et al.,<br><br>              Plaintiffs,<br><br>    vs.<br><br>MGA ENTERTAINMENT, INC., a California corporation, et al.,<br><br>              Defendants.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 DOC (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>**Hon. David O. Carter**<br><br>MATTEL, INC.'S *EX PARTE* APPLICATION TO COMPEL MGA ENTERTAINMENT, INC. TO SPECIFY TRADE DRESS INFRINGEMENT CLAIMS PRIOR TO THE DEPOSITION OF RULE 30(b)(6) WITNESS NINETTE PEMBLETON AND TO COMPEL DESIGNATION OF 30(B)(6) WITNESS ON ANY UNDESIGNATED TRADE DRESS CLAIMS; AND<br><br>MEMORANDUM OF POINTS AND AUTHORITIES<br><br>**Phase 2**<br>Discovery Cut–off:  TBD<br>Pre–trial Conference:  TBD<br>Trial Date:  TBD |

Mattel, Inc. ("Mattel") respectfully applies *ex parte*, pursuant to Local Rule 7-19, for an order (a) compelling MGA Entertainment, Inc. ("MGA") to identify all of its trade dress infringement claims and supplement its interrogatory responses on this subject prior to the deposition of its 30(b)(6) trade dress designee, Ninette Pembleton; and (b) in the event that MGA identifies trade dress claims other than the trapezoidal packaging claim for which Pembleton is designated, compelling MGA to produce a 30(b)(6) witness on those additional trade dress claims by July 23, 2010.

Mattel makes this Application on the grounds that Pembleton's deposition is scheduled three business days from now—on Wednesday, July 21, 2010—yet MGA refuses to identify all of its trade dress claims, despite prior promises to do so and multiple Mattel requests. On March 24, 2010, MGA stated by letter that it was withdrawing its trade dress claims based on Bratz, Acceleracers, and the Little Mommy line of products, yet it has never amended its complaint under Rule 15(a) or supplemented its interrogatory responses under Rule 26(e) to reflect this. Although Mattel has repeatedly asked MGA to make clear, in a binding fashion, what trade dress claims remain and what trade dress claims it has abandoned, MGA has failed to do so. MGA's gamesmanship prejudices Mattel's ability to take discovery into MGA's affirmative claims. Furthermore, in the event that there are extant trade dress claims beyond those on which Pembleton is designated, then MGA has announced its intention not to comply with the parties' stipulation that "MGA *will produce* witnesses on Category 26" no later than July 21, 2010, and the parties will submit supplemental briefing regarding compliance no later than July 26, 2010. This stipulation was pursuant to the Court's June 14, 2010 Order observing that MGA has "promised to produce a knowledgeable witness" on Category 26, which sought the factual bases for MGA's claims, and specifically on Category 26(k), which sought "[t]he identity and factual bases for MGA's claimed trade dress that it has sued on, the reasons for actual or contemplated changes

00505.07975/3580922.5

-1-

MATTEL'S EX PARTE APPLICATION

thereto and the bases for MGA's allegations that such trade dress is famous or has acquired secondary meaning."

Accordingly, the Court should order MGA to specify all of its trade dress claims and supplement its interrogatory responses on this subject, including specifically Interrogatory Nos. 1-4, 6 and 7 in Mattel's First Set of Interrogatories Regarding Claims of Unfair Competition and Mattel's Supplemental Interrogatory Regarding Defendants' Affirmative Defenses, set forth in Appendix A hereto, prior to Tuesday, July 20, 2010 at 1 p.m.  This deadline will not be unduly burdensome for MGA because the supplementation will only require that MGA identify to Mattel which of its pre-existing trade dress allegations it is still pursuing and which it is not pursuing.  If Pembleton will not testify regarding all the trade dress claims asserted by MGA as disclosed at that time, then the Court should compel MGA to produce a 30(b)(6) witness on those additional trade dress claims by July 23, 2010.

This Application is based on this Notice of Application, the accompanying Memorandum of Points and Authorities, the records and files of this Court, and all other matters of which the Court may take judicial notice.  Good cause exists to seek this relief on an *ex parte* basis.  Mattel cannot bring a noticed motion that would be heard prior to the date set for Pembleton's deposition on July 21, 2010.

Pursuant to <u>Local</u> <u>Rule</u> 7-19, on July 16, 2010, Mattel's counsel gave notice of the instant *ex parte* to counsel for the MGA Parties, Annette Hurst and Thomas McConville, Orrick, Herrington & Sutcliffe, LLP.

**Certification Of Meet And Confer By Lead Counsel**

Lead counsel for the parties met and conferred on the issues in this application on July 8, 2010 and further met and conferred on July 16, 2010.

| | | |
|---|---|---|
| 1 | DATED:  July 17, 2010 | QUINN EMANUEL URQUHART & SUULIVAN. LLP |
| 2 | | |
| 3 | | By /s/ Michael T. Zeller |
| 4 | | Michael T. Zeller |
| | | Attorneys for Mattel. Inc. |

# **TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ............................................................................... 1

BACKGROUND ..................................................................................................... 2

ARGUMENT ........................................................................................................... 8

MGA SHOULD BE COMPELLED TO IDENTIFY ITS TRADE DRESS CLAIMS AND SUPPLEMENT INTERROGATORY RESPONSES ............. 8

CONCLUSION ...................................................................................................... 10

## **TABLE OF AUTHORITIES**

**Page**

### **Cases**

Taylor v. Shaw,
  2007 WL 710186 (D. Nev. Mar. 7 2007) .................................................................. 8

Gilmore v. Macy's Retail Holdings,
  2009 WL 140518 (D. N.J. Jan. 20, 2009) ................................................................ 8

Asyst Techs., Inc. v. Empak, Inc.,
  2006 WL 3302476 (N.D. Cal. Nov. 14, 2006) ......................................................... 9

## MEMORANDUM OF POINTS AND AUTHORITIES

### Preliminary Statement

MGA represented four months ago that it was abandoning its trade dress claims related to Bratz, Acceleracers, and the Little Mommy lines of products and evidently pursuing trade dress claims in its purported trapezoidal packaging shape and the 4-Ever Best Friends packaging. Despite Mattel's repeated requests, however, MGA will not specify in a precise and binding fashion the trade dress claims that are withdrawn and the claims that remain. The week before Mattel's deposition of MGA's 30(b)(6) witness on its trade dress claims, Mattel yet again asked MGA to document its position. MGA has failed to do so. Then, in a further effort to hide the ball on its claims when it was faced with the prospect of this application, MGA announced its witness—Ninette Pembleton—would be testifying on nothing more than MGA's trapezoidal packaging claims.

MGA is evading Mattel's legitimate efforts at discovery by claiming on the one hand that it is abandoning claims, but trying to keep its options open by not committing to precisely what it is abandoning. Pursuant to the Court's June 14, 2010 Order, the parties entered into a June 26 stipulation that provided that "MGA *will produce* witnesses on Category 26 on June 29 (Isaac Larian) and July 21 (Ninette Pembleton)".[1] (emphasis supplied). Category 26 concerns the factual bases for MGA's claims, including specifically Category 26(k), which seeks "[t]he identity and factual bases for MGA's claimed trade dress that it has sued on, the reasons for actual or contemplated changes thereto and the bases for MGA's allegations that such trade dress is famous or has acquired secondary meaning." MGA has designated Pembleton only on the Bratz trapezoidal packaging claims; it

---

[1] See Stipulation Regarding Supplemental Briefing Regarding Category 26 of Mattel Inc.'s Notice of Rule 30(B)(6) Deposition of MGA Entertainment, Inc., dated June 26, 2010, at 2. (Docket No. 8185).

has not designated any other trade dress witness. Thus, if MGA is in fact asserting trade dress claims beyond the trapezoidal packaging trade dress claims that Pembleton will be testifying on, MGA is flouting the June 26 stipulation that was entered pursuant to the Court's June 14 Order and enforcement is warranted.

MGA should be ordered to specify precisely what trade dress claims it is asserting and those it has abandoned and produce a witness on those that remain by no later than July 23, 2010.

## Background

Mattel served a 30(b)(6) deposition notice that included Phase 2 topics on January 9, 2008.[2] Shortly thereafter, the Court stayed Phase 2 discovery at MGA's request.[3] Mattel resumed its requests for a 30(b)(6) deposition after the stay was lifted in January 2009.[4] MGA did not comply. On January 26, 2010, Mattel requested testimony on additional Phase 2 topics,[5] but MGA again ignored Mattel's deposition notice.

On March 2, 2010, Mattel sent MGA a letter distilling topics from the two pending 30(b)(6) notices into 28 categories on which it sought an MGA 30(b)(6) witness.[6] Category 26(k) sought deposition testimony on "[t]he identity and factual bases for MGA's claimed trade dress that it has sued on, the reasons for actual or contemplated changes thereto and the bases for MGA's allegations that such trade dress is famous or has acquired secondary meaning."[7] On March 6, 2010, MGA

---

[2] See Mattel's Fourth Phase 1 30(b)(6) Notice, dated January 9, 2008.
[3] See February 4, 2008 Court Order. (Docket No. 1931).
[4] See, e.g., February 2, 2009 letter from J. Corey to A. Khan; February 9, 2009 letter from J. Corey to A. Khan.
[5] See Mattel's First Phase 2 Notice of Deposition of MGA 30(b)(6) Witness, dated January 26, 2010.
[6] See March 2, 2010 letter from M. Zeller to A. Hurst and T. McConville.
[7] Id. at 6.

1  asked the Court to limit the topics of Mattel's examination, but the Court denied
2  MGA's request and ordered it to produce witnesses for 30(b)(6) depositions.

3       MGA initially designated Samir Khare to testify concerning all aspects of
4  MGA's trade dress claims against Mattel, including identification, development, first
5  commercial use, ownership, marketing and advertising, target market, sales and
6  revenue, secondary meaning, confusion, and "MGA's knowledge of Mattel's
7  copying, infringement, or dilution of the MGA trade dress."[8]  Three days later, on
8  March 24, 2010, MGA asserted by letter that it "would not pursue a claim of trade
9  dress infringement" based on Bratz, Acceleracers, or the Little Mommy line of
10 products.[9]  MGA stated that it would only offer 30(b)(6) testimony "supporting trade
11 dress claims on trapezoidal packaging and 4Ever Best Friends."[10]

12      Even after MGA announced that it had abandoned the bulk of its trade dress
13 claims, Mr. Khare was inadequately prepared to testify regarding the two claims that
14 MGA maintained were still at issue—trapezoidal packaging and 4-Ever Best
15 Friends.[11]  Recognizing that he was unprepared, MGA conceded that it would have
16 to bring Khare back to continue his deposition.[12]  Furthermore, Khare could not
17 answer basic questions about whether other aspects of MGA's trade dress claims
18 were at issue.  He testified that "[m]y understanding is that the trade dress allegation

---

[8] See March 21, 2010 letter from A. Hurst to M. Zeller, at 2-3.
[9] See March 24, 2010 letter from A. Hurst to M. Zeller, at 1 ("As Mr. Larian testified at his deposition, MGA is not pursuing any claim associated with the 'LittleMommy' line of products.  MGA also will not pursue a claim of trade dress infringement against the Acceleracers car.  In light of the Phase 1 findings and equitable orders by the Court, MGA does not see any means whereby it can presently assert or enforce a claim of trade dress based on the Bratz dolls (a position which I believe Mattel has also taken).").
[10] Id.
[11] See Mattel, Inc.'s Motion to Compel MGA Entertainment, Inc. to Produce 30(b)(6) Witnesses, dated April 27, 2010, at 19.
[12] Id. at 773:21-774:5.

relates to the trapezoidal packaging and the 4-Ever Best Friends," and he answered "Yes" when asked whether "that is the full extent to which you are designated to discuss MGA's trade dress claims today."[13]  When asked whether MGA "still is leaving its options open to assert a trade dress claim in this case with respect to the Bratz dolls," Khare testified "that was never part of [my] preparation."[14]  He also could not answer whether specific examples of trade dress claims remained at issue or whether MGA had abandoned them, such as those relating Bratz Petz, Bratz playsets, Bratz accessories, and television commercials.[15]

After MGA ignored Mattel's request to resume Khare's deposition,[16] Mattel filed a motion to compel additional 30(b)(6) testimony from MGA, including testimony regarding trade dress infringement noticed in Category 26.[17]  Mattel informed the Court that "MGA has not formally withdrawn any of those claims" identified in its March 24 letter.[18]  MGA responded that Mattel's motion was premature because it had agreed to continue the deposition.[19]  On June 14, 2010, the Court held in abeyance Mattel's motion to compel with regard to Category 26 because MGA promised it would provide a knowledgeable 30(b)(6) witness, and

---

[13] MGA 30(b)(6) Dep. Tr. (Samir Khare) at 475:18-476:5 (March 25, 2010).
[14] Id. at 497:18-488:5.
[15] Id. at 489:21-490:490:24-491:5 ("Q. Did you do anything to prepare yourself to testify as MGA's corporate designee as to any claimed trade dress rights that M.G.A. has in Bratz playsets?  A.  No.  Q. In Bratz accessories?  A.  No.  Q. In Bratz Petz?  A.  No. . . . .Q.  Do you have any knowledge or information about any claimed trade dress that MGA has in any television commercials?  A.  I did not prepare myself to talk about the commercials, so I don't know.  Q.  So the answer is no?  A.  No.").
[16] See April 8, 2010 email from M. Zeller to A. Hurst.
[17] See Mattel, Inc.'s Motion to Compel MGA Entertainment, Inc. to Produce 30(b)(6) Witnesses, dated April 27, 2010, at 19.  (Docket No. 7786).
[18] Id. at 2, 16.
[19] See MGA's Opposition to Mattel's Motion to Compel Further MGA 30(b)(6) Deposition, dated May 4, 2010, at 6, 20.  (Docket No. 7803).

ordered supplemental briefing regarding the status of the deposition on or before June 26, 2010. Shortly before this deadline, the parties filed a stipulation that MGA "will produce witnesses on Category 26 on June 29 (Isaac Larian) and July 21(Ninette Pembleton) and the parties will submit the supplemental briefing required by the June 14, 2010 Order on July 26, 2010." Despite MGA's promise that it would produce a witness on Category 26 without limitation, it later unilaterally imposed the limitation that Ninette Pembleton would testify regarding the "trapezoidal packaging aspects of [Category] 26" and designated Isaac Larian to testify on "the non-trade dress aspects of unfair competition."[20] Although MGA agreed to produce binders, summary charts, and tangibles related to its trapezoidal packaging claims,[21] it did not identify any other trade dress claims that it intended to assert, including the 4-Ever Best Friends packaging trade dress claims identified in its March 24 letter.

MGA has never specified in any conclusively binding way the trade dress infringement claims it has abandoned and those that remain, in violation of its discovery obligations under Rule 26(e) and the June 26 joint stipulation.[22] In its most recent supplemental responses, for example, MGA makes sweeping allegations regarding trade dress infringement, including that Mattel "has copied and infringed

---

[20] See June 21, 2010 email from A. Hurst to M. Zeller; see also June 18 email from A. Hurst to M. Zeller; June 25, 2010 letter from M. Zeller to A. Hurst; Stipulation Regarding Supplemental Briefing Regarding Category 26 Of Mattel Inc.'s Notice of Rule 30(b)(6) Deposition of MGA Entertainment, Inc., dated June 26, 2010. (Docket No. 8185).

[21] June 18, 2010 email from A. Hurst to M. Zeller; July 1, 2010 email from T. McConville to M. Zeller, D. Proctor, and S. Watson. Khare Dep. Tr. at 545:20-545:6 (MGA's counsel promising to provide such a chart). As of Friday evening, July 16, 2010, Mattel still has not received the chart of all MGA products marketed using trapezoidal packaging, despite MGA's repeated promises.

[22] MGA's Original Complaint in CV 05-02727, dated April 13, 2005, at ¶¶ 110, 120.

MGA's concepts, designs, products, and product packaging" for **"[a]ll 'Bratz' female fashion dolls"** and their packaging, the "4-Ever Best Friends" fashion dolls and their packaging, the Little Mommy line of dolls, and the "Alien Racers" toy racing vehicles.[23] (emphasis supplied).  MGA lists 14 single-spaced pages of SKU numbers of products that it claims Mattel has copied or infringed.[24]  After Khare's deposition, Mattel again requested, and MGA agreed, that MGA would identify which trade dress claims have been abandoned and, in particular, answer the questions about what remained of its trade dress claims that Khare could not answer.[25]

Mattel also has asked MGA to supplement its interrogatory responses so Mattel is able to prepare for the 30(b)(6) deposition on this topic.  On June 4, 2010, Mattel explained that MGA's withdrawal of certain aspects of its unfair competition claims rendered MGA's interrogatory responses materially incorrect and requested supplementation.[26]  When MGA finally agreed to meet and confer on this topic (after repeated Mattel requests) over a month later on July 8, 2010, it declined to supplement its responses until some time after the close of discovery.  In an effort to avoid motion practice, Mattel proposed that MGA could simply identify the allegations in its previous interrogatory responses that have been abandoned (such as by simply listing the pages and lines in the interrogatory answers containing the allegations no longer being pursued).

---

[23] See MGA Entertainment, Inc.'s Supplemental Response to Interrogatory No. 2 of Mattel, Inc.'s First Set of Interrogatories re Claims of Unfair Competition, dated June 21, 2007, at 5-19.
[24] Id.
[25] MGA 30(b)(6) Dep. Tr. (Samir Khare) at 773:25-774:1.
[26] See June 4, 2010 letter from J. Corey to A. Hurst and T. McConville.

As the deposition deadline approached, Mattel sent two more emails attempting to follow up on the delineation of MGA's trade dress claims.[27] When MGA's counsel finally responded, they complained that the email was "first sent last night" and that they needed "client input"—ignoring the fact that this issue had been brought to MGA's attention weeks earlier and had been the subject of a meet and confer the prior week. In further email exchanges, MGA discussed again its trapezoidal packaging trade dress claims, but it did not say anything about its other trade dress claims. These responses ignored that those other claims are the issues on which Mattel needs to know MGA's position—are they still in the case or have they been abandoned?[28]

At a further meet and confer on July 16, 2010, MGA once again declined to identify what trade dress claims were withdrawn and which ones remain. MGA would only state that its trade dress 30(b)(6) witness, Ms. Pembleton, would testify regarding the trapezoidal packaging claim and no others. Thus, MGA has refused to identify any of its trade dress claims except one and has refused to provide a 30(b)(6) witness for any other claims, even though Category 26 clearly extends to <u>all</u> trade dress claims asserted by MGA.

---

[27] See July 14, 2010 letter from T. Buchakjian to A. Hurst and T. McConville ("We are assuming that since MGA is not asserting any trade dress infringement claims based on any Bratz playsets, accessories and related products, Petz, styling heads, tag lines or television commercials, Ninnette Pembleton will not be testifying about any of these items. Please let us know if this is not correct."); July 15, 2010 letter from M. Zeller to A. Hurst and T. McConville ("Annette, we really need an answer to what trade dress claims are in or out and need to know sufficiently before the 30(b)(6) deposition to prepare.").

[28] See July 16, 2010 email from D. Mingrone to T. Buchakjian; see also July 16, 2010 email from M. Zeller to T. McConville ("Tom, so there's no misunderstanding, this doesn't answer the questions we need answered re the scope of mga's trade dress claims that we discussed.").

## Argument

## MGA SHOULD BE COMPELLED TO IDENTIFY ITS TRADE DRESS CLAIMS AND SUPPLEMENT INTERROGATORY RESPONSES

Pursuant to the Court's June 14 Order, MGA agreed to a stipulation filed with this Court to produce designees on Category 26, namely, the facts related to MGA's trade dress claims. MGA has an obligation to "produce one or more Rule 30(b)(6) witnesses who are thoroughly educated about the *noticed deposition topics* with respect to any and all facts known to it or its counsel." Taylor v. Shaw, 2007 WL 710186, at *1 (D. Nev. Mar. 7 2007) (emphasis supplied). MGA's most recent supplemental responses regarding its trade dress claims were served three years ago—in July 2007—and they were incredibly broad, covering all Bratz and 4-Ever Best Friends dolls and packaging, among other things.

Given these sweeping responses, absent MGA's binding abandonment of those claims, MGA is obligated to produce a 30(b)(6) witness regarding all of them. Yet, MGA has not done so or even endeavored to do so. Instead, while MGA has suggested that it is narrowing the scope of its trade dress claims substantially, it has said as much only in an ambiguous letter. That is not a proper supplementation of MGA's interrogatory responses. See Gilmore v. Macy's Retail Holdings, 2009 WL 140518, at *9 (D. N.J. Jan. 20, 2009) ("while Plaintiff has characterized these letters [from her attorney] as being supplemental answers to Defendant's interrogatories, they are not proper interrogatory responses—none of these letters identifies an interrogatory question to which it purports to respond, and the letters do not comply with Federal Rule of Civil Procedure 33(b)(3)'s requirement that interrogatories be answered 'in writing under oath.'") (internal citation omitted). MGA is refusing to provide binding interrogatory responses that would clarify its contentions, even

though it has itself argued that this is the proper course of conduct.[29]  Indeed, MGA previously demanded and received a binding stipulation from Mattel regarding the scope of its claims, but MGA refuses to do the same regarding its own affirmative claims.[30]

Thus, MGA is trying to have its cake and eat it too.  It is denying Mattel discovery into its trade dress claims based on half-hearted, ambiguous withdrawals, while maintaining the possibility that it can spring those claims on Mattel by claiming that they were never actually formally withdrawn.  If MGA intends to assert these claims at trial, Mattel is entitled to discovery now—and specifically is entitled to the full testimony on Category 26 that MGA stipulated it would provide weeks ago in the wake of the Court's June 14 Order.  MGA's promise to supplement its interrogatory responses only after the close of discovery to clarify which trade dress claims are in and which are out is no substitute for its compliance with its current 30(b)(6) obligations, for obvious reasons.  Asyst Techs., Inc. v. Empak, Inc., 2006 WL 3302476, at *2 (N.D. Cal. Nov. 14, 2006) ("[w]hile supplementation of interrogatory answers may be allowed under some circumstances, it should not be

---

[29]  Mattel 30(b)(6) Dep. Tr. (Timothy Kiplin) at 106:10-20 (June 18, 2010) ("MS. HURST:  The legal theory regarding trapezoidal packaging was clearly already identified as part of this case, as Mr. Zeller has conceded.  The only time we've taken the position with after-arising things is related to when it's a completely different product and a completely different legal theory so that it's not reasonably encompassed by the scope of the pleading at all.  That is not the case here, and we will supplement our interrogatory responses seasonably, which is what the rules require.").

[30]  Id. at 202:11-203:12 ("MS. HURST: You've sought the limitation on discovery into AcceleRacers on the ground that Mattel is not seeking any damages on that, and we agreed to no longer pursue it on that basis.  Now the witness is here saying, 'Well, in fact, we do believe we were harmed with respect to AcceleRacers.'  I just want to know if it's in the case or out of it.  That's my sole purpose . . . . MS. HURST: Okay.  If I understand where we were off the record, you've confirmed the stipulation that Mattel is not seeking damages on AcceleRacers; is that correct?  MR. ZELLER: Correct.").

allowed after the filing of dispositive motions and on the eve of trial in the absence of extraordinary circumstances.").

Moreover, Mattel is entitled to depose a witness regarding *all* the claims MGA is pursuing in this regard. In the March 24 letter, MGA's counsel stated that "MGA's 30b6 witness therefore will offer actual testimony supporting trade dress claims on trapezoidal packaging *and 4Ever Best Friends*."[31] (emphasis supplied). Khare's testimony regarding 4-Ever Best Friends was patently deficient—MGA itself has conceded the point—but now MGA has announced that its sole trade dress witness, Ms. Pembleton, will only testify regarding Bratz trapezoidal packaging. Thus, not only is MGA keeping Mattel in the dark about the full scope of the claims MGA will pursue, but Mattel is being denied testimony on even claims that MGA has recently said it *is* pursuing.

MGA's moving-target trade dress allegations demonstrate that an order requiring the identification of remaining claims, sworn supplementation of interrogatory responses, and appropriate deposition testimony is necessary. In all events, the Court should not allow MGA to simply keep its options open while MGA also simultaneously fails to produce discovery. If MGA's newly supplemented interrogatory responses indicate that MGA is asserting claims other than the trapezoidal packaging claim being addressed by Pembleton, then the Court should enforce the June 26 stipulation and compel MGA to produce a 30(b)(6) witness on those claims by July 23, 2010.

### Conclusion

Mattel respectfully requests that the Court order MGA to specify all of its trade dress claims and supplement its interrogatory responses on this subject prior to Tuesday, July 20, 2010 at 1 p.m. so Mattel has sufficient time to prepare for Ms. Pembleton's deposition. Specifically, Mattel requests that the Court order MGA to

---

[31] See March 24, 2010 letter from A. Hurst to M. Zeller, at 1.

promptly supplement its responses to Interrogatory Nos. 1-4, 6 and 7 in Mattel's First Set of Interrogatories Regarding Claims of Unfair Competition and Mattel's Supplemental Interrogatory Regarding Defendants' Affirmative Defenses, set forth in Appendix A.  If Pembleton will not testify regarding all the trade dress claims identified by MGA in its newly supplemented interrogatory responses, then the Court should compel MGA to produce a 30(b)(6) witness on its trade dress claims by July 23, 2010.

DATED:  July 17, 2010          QUINN EMANUEL URQUHART & SULLIVAN. LLP

By /s/ Michael T. Zeller
   Michael T. Zeller
   Attorneys for Mattel, Inc.

## Appendix A

Request Nos. 1-4, 6 and 7 of Mattel's First Set of Interrogatories re Claims of Unfair Competition, dated December 20, 2006:

REQUEST FOR PRODUCTION NO. 1:

IDENTIFY, fully and separately, each and every PERSON who was involved in the marketing, advertising, promotion, licensing, offering for sale, conception, origin, creation, design, development, sculpting, engineering, reduction to practice, tooling or painting of, or who otherwise produced or contributed to any EMBODIMENT of the CONTESTED MGA PRODUCTS, including without limitation by fully and separately describing each such PERSON's role and the start and end dates of such PERSON's involvement.

REQUEST FOR PRODUCTION NO. 2:

IDENTIFY, fully and separately, each and every concept, design, product, or product packaging that YOU contend MATTEL copied or infringed (including without limitation by internal job or product number, SKU, and bar code number) and, for each such concept, design, product, or product packaging, describe, with specificity and in detail, those attributes of the concept, design, product, or product packaging that were copied or infringed by MATTEL and the alleged source(s) of those attributes.

REQUEST FOR PRODUCTION NO. 3:

For each concept, design, product, or product packaging identified in YOUR response to Interrogatory No. 2, state the following facts and IDENTIFY all PERSONS with knowledge of those facts: (1) the first date that each such concept, design, product, or product packaging was shown or otherwise disclosed to any PERSON not employed by MGA; (2) the circumstances and location of that disclosure and the name(s) of PERSONS to whom the disclosure was made; and (3) the first date that each product was made available for retail sale.

REQUEST FOR PRODUCTION NO. 4:

State all facts RELATING TO any claim that YOU have sustained damage, loss, or injury, or there has been unjust enrichment, by reason of any act or omission by MATTEL.  YOUR response should explain in detail any calculation of damage, loss, injury, or unjust enrichment that YOU have made or which has been made on YOUR behalf or at YOUR request, and should IDENTIFY all DOCUMENTS that support or otherwise bear on YOUR response and all PERSONS who have knowledge of the facts stated in YOUR RESPONSE.

REQUEST FOR PRODUCTION NO. 6:

State all facts RELATING TO the allegation in Paragraph 9 of YOUR COMPLAINT that "Mattel has . . . serially imitated and copy-catted [*sic*] the look of MGA products, trade dress, trademarks, themes, ideas, advertising and packaging," or any other contention by YOU that MATTEL created, designed, derived, or developed products, packaging, and advertising using concepts, products, or intellectual property owned by YOU.  YOUR response should IDENTIFY all DOCUMENTS that support or otherwise bear on YOUR response and all PERSONS who have knowledge of the facts stated in YOUR RESPONSE.

REQUEST FOR PRODUCTION NO. 7:

State all facts RELATING TO the allegations in YOUR COMPLAINT that consumers, the press, and retailers have confused YOUR products, packaging, and commercials with those of MATTEL, or vice versa.  YOUR response should IDENTIFY all DOCUMENTS that support or otherwise bear on YOUR response and all PERSONS who have knowledge of the facts stated in YOUR RESPONSE.

Mattel's Supplemental Interrogatory Regarding Defendants' Affirmative Defenses, dated December 3, 2007:

<u>SUPPLEMENTAL INTERROGATORY</u>:

State all facts which support YOUR affirmative defenses, and IDENTIFY all PERSONS with knowledge of such facts and all DOCUMENTS that REFER OR RELATE to such facts.