1  MELINDA HAAG (State Bar No. 132612)
   mhaag@orrick.com
2  ANNETTE L. HURST (State Bar No. 148738)
   ahurst@orrick.com
3  WARRINGTON S. PARKER III (State Bar No. 148003)
   wparker@orrick.com
4  ORRICK, HERRINGTON & SUTCLIFFE LLP
   The Orrick Building
5  405 Howard Street
   San Francisco, CA 94105
6  Telephone:  415-773-5700
   Facsimile:  415-773-5759
7
   WILLIAM A. MOLINSKI (State Bar No. 145186)
8  wmolinski@orrick.com
   ORRICK, HERRINGTON & SUTCLIFFE LLP
9  777 South Figueroa Street, Suite 3200
   Los Angeles, CA  90017
10 Telephone:  213-629-2020
   Facsimile:  213-612-2499
11
   THOMAS S. MCCONVILLE (State Bar No. 155905)
12 tmcconville@orrick.com
   ORRICK, HERRINGTON & SUTCLIFFE LLP
13 4 Park Plaza, Suite 1600
   Irvine, CA 92614-2258
14 Tel: (949) 567-6700/Fax: (949) 567-6710

15 Attorneys for MGA Parties

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | Case No. CV 04-9049 DOC (RNBx)<br>Consolidated with Case No. CV 04-9059<br>Case No. CV 05-2727<br><br><u>Hon. David O. Carter</u><br><br>**MGA PARTIES' OPPOSITION TO MATTEL, INC.'S *EX PARTE* APPLICATION TO COMPEL MGA TO SPECIFY TRADE DRESS INFRINGEMENT CLAIMS**<br><br>Date: TBD<br>Time: TBD<br>Courtroom:  9D |

## INTRODUCTION

Per its standard operating "tit-for-tat" procedure, Mattel files yet another false and unnecessary *ex parte* application claiming it needs emergency relief. Why? In retaliation for the filing of MGA's *ex parte* motion demanding production of documents Mattel is required to produce. In order to respond in kind, Mattel incorrectly yet boldly claims, "MGA has announced its intention not to comply with the parties' stipulation that MGA will produce witnesses on Category 26" and attempts to bootstrap this invalid assertion into an imagined need for immediate Court action. No order is needed because MGA has done no such thing, as Mattel is perfectly aware.

MGA disclosed to Mattel, and has consistently maintained since such disclosure, that MGA will provide a 30(b)(6) witness, Ninette Pembleton, to testify regarding its trapezoidal packaging claims. Indeed, Mattel acknowledges Ms. Pembleton's deposition is scheduled to occur on July 21, 2010 pursuant to the parties' stipulation. MGA further agreed to provide Isaac Larian on August 12, 2010 for an ***additional*** day of deposition. Mr. Larian is also designated on portions of Mattel's Topic 26.

The reality is that Mattel's request has absolutely nothing to do with Ms. Pembleton's scheduled testimony, which has been set for several weeks and to which there has been absolutely *no* change whatsoever concerning her designation. Mattel impermissibly uses the deposition date as a purported means by which to seek *ex parte* relief. On this basis alone, Mattel's application should be denied.

Further, MGA has consistently maintained its position during its discussions with Mattel that, until both this Court and the Ninth Circuit issue final rulings regarding the state of Mattel's pleadings, MGA will not engage in multiple needless amendments of pleadings and discovery. Instead, MGA proposes that once both the Ninth Circuit and this Court issue rulings finalizing Mattel's claims and pleadings in this litigation, that MGA file its responsive pleadings pursuant to the Federal

- 1 -  MGA'S OBJECTIONS TO MATTEL'S *EX PARTE* APPLICATION TO COMPEL MGA TO FURTHER SPECIFY TRADE DRESS CLAIMS

Rules and, to the extent necessary, supplement any affected discovery.

Mattel concedes that MGA informed Mattel months ago that MGA is not pursuing its trade dress claims related to Bratz, Acceleracers and Little Mommy lines of products. Mattel Application at 1:3-4. Indeed, no discovery has proceeded on these products since that point. Mattel further concedes that MGA has designated Ninette Pembleton as the 30(b)(6) witness on its trapezoidal packaging claims. So why does Mattel claim it needs immediate relief? Because "**if MGA is in fact asserting trade dress claims beyond the trapezoidal packaging trade dress claims that Pembleton will be testifying on**" Court intervention is warranted. MGA has made no such assertion. Mattel's motion must, therefore, be denied and Mattel must be sanctioned in the form of paying MGA's attorneys' fees and costs for the filing of Mattel's unnecessary motion, which wastes both the Court's and counsel's time and resources.

## LEGAL STANDARD

*Ex parte* applications are **solely** for extraordinary relief. *Mission Power Eng'g Co. v. Continental Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995); J. Carter November 23, 2004 Standing Order at 7.

## ARGUMENT

### I. MATTEL HAS FAILED TO ESTABLISH EXTRAORDINARY RELIEF IS WARRANTED

The Court's Standing Order admonishes, "[C]ounsel are reminded that ex parte application are solely for extraordinary relief. November 23, 2004 Order at 7. This point was reiterated by MGA's counsel during the meet and confer conversation regarding this issue.

Nonetheless and in disregard of the Court's Standing Order, Mattel filed its *ex parte* application at 1:47 a.m. on Saturday, July 17, 2010 solely in an effort to harass and annoy MGA's counsel, triggering a required response in the middle of a weekend night. MGA disclosed Ninette Pembleton as its 30(b)(6)

- 2 -

witness on trapezoidal packaging weeks ago and nothing concerning this designation has ever changed. Mattel's improper attempt to link its purported need for *ex parte* relief to Ms. Pembleton's deposition should be seen for the sham that it is and relief must be denied.

## II. MATTEL HAS FAILED TO ESTABLISH THAT MGA HAS NOT DISCLOSED ITS TRADE DRESS INFRINGEMENT CLAIMS OR FAILED TO DISCLOSE ITS 30B6 WITNESSES.

As conceded in Mattel's moving papers, MGA has both 1) identified its trade dress infringement claims and 2) disclosed its 30(b)(6) witnesses who have and/or will testify regarding these claims. MGA has, accordingly, fulfilled its discovery obligations and Mattel does not contend otherwise. Nonetheless and not fully satisfied with these disclosures, Mattel seeks *ex parte* relief to force MGA to go one step further: Mattel demands that MGA amend its claims, its affirmative defenses, all interrogatory responses, and, potentially, even provide additional 30b6 witnesses, regarding what MGA is ***not*** claiming in this litigation. Not surprisingly, Mattel cites no authority for this unprecedented and unwarranted relief.

With respect to the identification of its trade dress infringement claims, Mattel complains only that MGA has failed to formalize its disclosure that MGA is no longer pursuing its trade dress claims related to Bratz, Acceleracers and the Little Mommy lines of products. Yet Mattel fails to identify even a single way in which it is somehow harmed or prejudiced thereby. Mattel concedes it knows MGA is not pursuing these product lines. Mattel even concedes that Court relief in this instance is warranted ***only if*** MGA is somehow asserting as-yet-undisclosed trade dress infringement claims.

With respect to its disclosure of witnesses, Mattel also concedes MGA has and is providing 30(b)(6) witnesses on its affirmative claims, including the trade dress infringement claims. Mattel notes that Sam Khare previously provided testimony on Topic 26 and acknowledges that Ninette Pembleton is set to testify this Wednesday concerning MGA's trapezoidal packaging claims. Further, Mattel

failed to disclose to the Court that MGA also designated Isaac Larian with respect to aspects of Mattel's Topic 26. Despite a full day with this witness, Mattel failed to ask a single question of Mr. Larian regarding Topic 26. Nonetheless and in order to ensure nothing less than full compliance with its discovery obligations, MGA agreed to provide Mr. Larian for a second full day of deposition, set for August 12, 2010.

As the record is undisputed that MGA has and will fulfill all discovery obligations regarding its trade dress claims, Mattel's needless *ex parte* application must be denied.

### III. MATTEL'S *EX PARTE* APPLICATION MUST BE STRICKEN AS PREMATURE IN LIGHT OF THE COURT'S ORDER AND THE PARTIES' STIPULATION TO SUBMIT BRIEFING ON JULY 26, 2010.

Mattel concedes that on June 14, 2010, the Court held in abeyance Mattel's motion to compel a 30(b)(6) witness on its Topic 26 because MGA had agreed to provide such witness(es). As a backstop, the Court also permitted the parties to submit further briefing on this topic after the conclusion of these depositions. Though the Court initially set the briefing for June 26, 2010, based on a variety of necessary schedule changes, the parties agreed and the Court permitted this briefing to occur on July 26, 2010. **Thus, Mattel already has a date certain by which it may submit a brief to the Court detailing any alleged deficiencies it believes exist regarding witness testimony on its Topic 26**.

As a result, this *ex parte* application is premature and filed solely to harass MGA and impose additional briefing burdens on MGA and its counsel. It must be denied immediately and Mattel must be sanctioned in the form of reimbursement to MGA for the attorneys' fees and costs incurred in preparing this opposition. Alternately, and because Mattel chose to proceed prior to the deposition rather than pursuant to the Court-ordered schedule, Mattel should not be permitted to file any briefing on July 26, 2010.

- 4 -

MGA'S OBJECTIONS TO MATTEL'S *EX PARTE* APPLICATION
TO COMPEL MGA TO FURTHER SPECIFY TRADE DRESS
CLAIMS
CV-04-9049 DOC (RNBx)

**CONCLUSION**

For the foregoing reasons, MGA respectfully requests that Mattel's *ex parte* application to compel MGA to amend its trade dress claims, supplement all discovery related thereto, and provide additional 30(b)(6) witnesses be denied. MGA further respectfully requests that Mattel be ordered either to pay MGA's attorneys' fees and costs incurred in responding to this unnecessary application or withdraw the Court's permission that Mattel may file further briefing on its deposition Topic 26.

Dated: July 17, 2010            Respectfully submitted,

                                ORRICK, HERRINGTON & SUTCLIFFE LLP


                                By: _____/s/ Denise M. Mingrone_____
                                        Denise M. Mingrone
                                Attorneys for MGA ENTERTAINMENT, INC.,
                                MGA ENTERTAINMENT HK, LTD., MGA de
                                MEXICO, S.R.L. de C.V., and ISAAC LARIAN