QUINN EMANUEL URQUHART & SULLIVAN, LLP
  John B. Quinn (Bar No. 090378)
  (johnquinn@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:  (213) 443-3000
Facsimile:  (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>MGA ENTERTAINMENT, INC., a California corporation, et al.,<br><br>Defendants.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 DOC (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>**Hon. David O. Carter**<br><br>MATTEL, INC.'S REPLY IN SUPPORT OF *EX PARTE* APPLICATION TO COMPEL MGA ENTERTAINMENT, INC. TO SPECIFY TRADE DRESS CLAIMS PRIOR TO THE DEPOSITION OF RULE 30(b)(6) WITNESS NINETTE PEMBLETON AND TO COMPEL DESIGNATION OF 30(b)(6) WITNESS ON ANY UNDESIGNATED TRADE DRESS CLAIMS<br><br>**Phase 2**<br>Discovery Cut–off:  TBD<br>Pre–trial Conference:  TBD<br>Trial Date:  TBD |

**Preliminary Statement**

In the aftermath of the Court's June 14 Order, MGA stipulated that by July 21, 2010 it "will produce witnesses on Category 26," which includes the "identity and factual bases for MGA's claimed trade dress that it has sued on".[1] MGA's Opposition confirms that MGA is nevertheless refusing to comply with that stipulation. Indeed, MGA confirms that its refusal is for an improper purpose, namely, to sandbag Mattel by refusing to withdraw any of the vast array of sweeping trade dress claims asserted in its interrogatory responses while also evading discovery into those claims. MGA's gamesmanship should be brought to an end, and it should be ordered to amend its interrogatory responses and produce this coming week a fully prepared 30(b)(6) witness on all trade dress claims it is pursuing as MGA itself stipulated it must do.

**I.   MGA CONCEDES THAT IT IS REFUSING TO PRODUCE A PREPARED 30(b)(6) WITNESS ON ITS TRADE DRESS CLAIMS AS REQUIRED BY THE STIPULATION**

Just as MGA made clear earlier this week for the first time, MGA's Opposition reiterates that it has no intention of complying with the stipulation that it produce its 30(b)(6) designee(s) on its trade dress claims by July 21. MGA thus confirms that it has designated its sole trade dress witness, Ninette Pembleton, to testify only "regarding its trapezoidal packaging claims." (Opp. at 1).[2] But MGA has also asserted trade dress claims against Mattel based on all Bratz female fashion

---

[1] Stipulation Regarding Supplemental Briefing Regarding Category 26 of Mattel Inc.'s Notice of Rule 30(B)(6) Deposition of MGA Entertainment, Inc., dated June 26, 2010. (Docket No. 8185).

[2] MGA repeatedly states that Larian is also designated on portions of Mattel's Topic 26 (Opp. at 1, 4), but that is misleading. MGA fails to mention that Larian is only designated to discuss the "the **non**-trade dress aspects of unfair competition." See June 21, 2010 email from A. Hurst to M. Zeller (emphasis added).

-1-
MATTEL'S REPLY ISO EX PARTE APPLICATION

dolls[3] and other packaging elements,[4] Bratz themes and concepts,[5] Bratz Petz plush toys[6] and packaging,[7] Bratz play sets,[8] Bratz accessories,[9] Bratz styling heads,[10] 4-Ever Best Friends dolls[11] and packaging,[12] Alien Racers,[13] the Little Mommy line of products,[14] tag lines,[15] and television commercials.[16]  Far from being "as-yet-undisclosed trade dress infringement claims" as MGA characterizes them (Opp. at

---

[3] See MGA Entertainment, Inc.'s Supplemental Response to Interrogatory No. 2 of Mattel, Inc.'s First Set of Interrogatories re Claims of Unfair Competition, dated June 21, 2007, at 5.

[4] Id. at 13.  MGA has alleged that Mattel's packaging infringes other elements besides trapezoidal shape, such as the transparent and open style, the *tout-ensemble* style, and ribbon-style slogan.  Id.

[5] Id. at 14-16 (identifying the "Wintertime Wonderland," "Formal Funk," "Sun-Kissed Summer," and "Forever Diamondz" themes and concepts).

[6] Id. at 16.

[7] Id. at 17.

[8] Id. at 16; see also MGA Complaint at 19:22-27 ("Mattel's 'Jammin' in Jamaica' 'Guava Gulch Tiki Lounge' playset also contained elements remarkable similar to MGA's 'Sun-Kissed Summer' playset."); id. at 20:6-8, 20:9-18.

[9] MGA Complaint at 20:4-5 ("Mattel even stooped so low as to mimic 'BRATZ' accessories and related products in order to further create consumer confusion in the marketplace."); id. at 19:13-18, 20:9-18.

[10] See MGA Entertainment, Inc.'s Supplemental Response to Interrogatory No. 2, at 17.

[11] Id. at 17.

[12] Id. at 18.

[13] Id. at 19.

[14] Id. at 18.

[15] MGA Complaint at 22:4-7 ("At one point in time, Mattel also used a portion of the 'BRATZ' dolls' now-famous trademarked tag line 'The Girls With a Passion for Fashion' on Mattel's website for its 'Diva Starz' dolls, asking its website users: 'Do you have a passion for fashion?'").

[16] MGA Complaint at 20:1-3 ("Mattel also began running television commercials for its 'My Scene' dolls bearing a remarkable similarity to 'BRATZ' commercials, combining live action with animated sequences set to similar sounding pop music and lyrics."); id. at 20:9-18.

3), they are all recited in MGA's operative complaint or its most recent supplemental interrogatory response.

MGA asks that its pleadings reciting this litany of trade dress claims also be ignored based solely on a letter that, as MGA does not dispute, is not a proper amendment of its pleadings or interrogatory responses. Undoubtedly, MGA is trying to keep its options open later to disavow the letter and sandbag Mattel. But the letter, in any event, fails to clarify MGA's trade dress claims. For example, the letter states that MGA will not pursue trade dress claims based on "Bratz dolls." It does not indicate, however, whether this also extends to all the other alleged Bratz-related trade dress called out in its complaint or interrogatory responses, such as Bratz packaging elements apart from the packaging shape, themes, play sets, accessories, styling heads, tag lines, television commercials and Bratz Petz.

MGA argues that Mattel has known Pembleton's designation as its trade dress witness for weeks (Opp. at 1), but that is beside the point. It ignores that Mattel still does not know which trade dress claims MGA is actually asserting and which it is not. Mattel has repeatedly tried to clarify what trade dress claims MGA is still pursuing and made clear that it is seeking to obtain 30(b)(6) testimony on all of them. On June 4, Mattel requested that MGA supplement its interrogatory responses concerning the identity of trade dress claims. MGA ignored Mattel's letter. After MGA executed a binding stipulation on June 26 stating it "will produce witnesses on Category 26" without any topic limitations, it reversed course and later stated that Pembleton's testimony would be limited the "trapezoidal packaging aspects of [Category] 26." The Court has previously rejected MGA's attempts to place such unilateral limitations on depositions neither agreed to by Mattel nor endorsed by the Court.[17] Given the inconsistency between the stipulation and MGA's unilateral limitation, Mattel inquired on July 14 whether Pembleton would

---

[17] June 14, 2010 Order at 9 n.2 (Docket No. 8104).

provide testimony regarding trade dress claims based on "Bratz playsets, accessories and related products, Petz, styling heads, tag lines or television commercials."[18]  It was not until July 16, 2010 that MGA confirmed that Pembleton would only testify regarding trapezoidal packaging.[19]  MGA did not "consistently maintain" that Pembleton would only testify regarding trapezoidal packaging.  (Opp. at 1).

MGA's plea for more delay—that Mattel should wait and brief this issue on July 26—misses the mark as well.  MGA confirmed on Friday and now in its Opposition that it intends to produce its sole trade dress witness, Ms. Pembleton, on only a narrow subset of the claims reflected in its discovery responses.  Mattel, by the stipulation of the parties that followed the Court's June 14 Order, is entitled to a witness on *all* of MGA's trade dress claims this coming week.[20]  Neither the Court nor Mattel will be in any different position on July 26 to address these issues than

---

[18] July 14, 2010 letter from T. Buchakjian to A. Hurst and T. McConville.

[19] MGA's complains about the timing of Mattel's application, but this application was necessitated by the fact that MGA did not respond to Mattel's emails on Wednesday and Thursday, delayed a meet and confer scheduled for 2 p.m. on Friday, and only later Friday afternoon announced that it was producing Pembleton on one trade dress claim and refused to confirm one way or another whether MGA intended to assert other claims.  MGA never requested that Mattel agree to a briefing schedule allowing it additional time to respond to the *ex parte*, which Mattel would have provided if asked.  Furthermore, MGA ignores that MGA itself brought an *ex parte* at 5 a.m. only recently.

[20] There is nothing "unprecedented" about requiring MGA to amend its interrogatory responses to identify the claims it intends to assert against Mattel. (Opp. at 3).  Although the stipulation states that the parties may submit a brief detailing alleged deficiencies on or before July 26, 2010, *ex parte* relief is warranted because MGA refuses to provide 30(b)(6) testimony regarding *any* of its trade dress claims except one, and has thereby announced its intention to violate the stipulation. MGA stipulated that it would provide testimony regarding all claims, and Mattel is entitled to know the scope of those claims before it deposes a witness on a portion of them.  If there are deficiencies regarding that testimony, then Mattel will address them in the July 26 briefing.

they are today, and absent relief Mattel will not be able to examine MGA's trade dress witness in light of the full scope of MGA's trade dress allegations.

MGA's claims have been pending since 2005. Mattel is entitled to binding, definite answers regarding MGA's trade dress claims so it may obtain discovery and prepare its defense. If MGA is not pursing its trade dress claims related to Bratz, Acceleracers, and Little Mommy lines of products, as it asserts in its opposition (Opp. at 3), then it will not be prejudiced amending its interrogatory responses to accurately reflect the scope of its claims, as it is required to do by Rule 26(e), before Mattel deposes MGA's 30(b)(6) designee on trade dress claims on July 21. Nor does MGA have any excuse for not designating a fully prepared 30(b)(6) designee by July 21 as it stipulated to do.

## II. MGA'S NEW ARGUMENTS THAT IT IS ENTITLED TO IMPOSE A UNILATERAL STAY ON ITS DISCOVERY OBLIGATIONS PENDING OTHER COURT RULINGS ARE MERITLESS.

MGA's trade dress claims have been pending since 2005, and the time for discovery on them is now. In an effort to avoid its obligations under Rule 26(e) and to buy yet more time before it commits to which trade dress claims are in and which are out, MGA now argues, for the first time, that it should not have to even *identify* its trade dress claims and supplement its interrogatory responses "until both this Court and the Ninth Circuit issue final rulings regarding the state of Mattel's pleadings." (Opp. at 1). This Court's pending ruling on the motions to dismiss *Mattel's* Fourth Amended Answer and Counterclaims could have nothing to do with *MGA's* trade dress claims at issue here.

MGA's effort to rely on the pending Ninth Circuit appeal for its discovery refusals is similarly misplaced. There is no stay of discovery in this case, and indeed the Court has stated that this case will proceed to trial almost immediately after the Ninth Circuit rules. As recited in MGA interrogatory responses, the full sweep of the trade dress claims asserted against Mattel involve **hundreds** of

-5-
MATTEL'S REPLY ISO EX PARTE APPLICATION

products and packages—running 14 single-spaced pages of product listings alone. If MGA is pursing them, Mattel is entitled to discovery and allowing MGA to continue with its coy refusals to clarify which of these trade dress claims it is pursuing will only cause further delay, deny Mattel discovery, and prejudice Mattel's ability to prepare a defense.[21]  In contrast, MGA can hardly claim prejudice if ordered to "formalize its disclosure" consistent with its own representations to Mattel and the Court.  (Opp. at 3).

MGA also has no right to grant itself a unilateral stay on discovery based on its newly minted excuse that it is waiting for one or more Court rulings as it attempts to do here.  If MGA believed it had any grounds for such a stay, it was obligated to make a motion on that basis.  MGA did not do so.  Quite the opposite.  When Mattel moved to compel 30(b)(6) testimony on Category 26 months ago, MGA said nothing to either Mattel or the Court about waiting for the Ninth Circuit.  Then, after the June 14 Order, MGA entered into the stipulation that required it to produce its designee(s) on its trade dress claims by no later than July 21—again, saying nothing about any contemplated delays in that discovery based on the Ninth Circuit appeal.

Nor, in any event, does the Ninth Circuit appeal justify MGA's discovery stonewalling and delays here.  While the pending Ninth Circuit appeal may be relevant to any number of legal questions in the case, it can have no bearing on the *facts* underlying MGA's claims, which is what the deposition and interrogatory discovery at issue here seeks.  As such, regardless of any future ruling by the Ninth Circuit, MGA can and should be required to disclose those facts, as is consistent with the very purpose of discovery.

---

[21] Of course, if even the threshold issues of the identification and factual bases of MGA's trade dress claims that are the subject of Mattel's discovery here is delayed, then the inevitable follow-up discovery on them will be delayed even further.

## **Conclusion**

For the foregoing reasons, Mattel respectfully requests that its application be granted in full.

DATED: July 18, 2010

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By /s/ Michael T. Zeller
 Michael T. Zeller
 Attorneys for Mattel, Inc.