**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

Case No. CV04-9049 DOC (RNBx)                                          Date: July 19, 2010

Title: MATTEL, INC. V. MGA ENTERTAINMENT, INC.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Kathy Peterson | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFFS:         ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT                                          NONE PRESENT

PROCEEDING (IN CHAMBERS): ORDER DENYING MATTEL'S EX PARTE APPLICATION RE MGA'S TRADE DRESS INFRINGEMENT CLAIMS [8306]

Before the Court is Mattel, Inc. ("Mattel")'s *ex parte* Application to compel MGA Entertainment, Inc. to Specify Trade Dress Infringement Claims Prior to the Deposition of 30(b)(6) Witness Ninette Pembleton and to Compel Designation of 30(b)(6) Witness on any Undesignated Trade Dress Claims (the "Application"). After considering the moving and opposing papers, the Court DENIES the Application.

MGA's Complaint alleges that Mattel engaged in trade dress infringement. The parties agree that this claim encompasses Mattel's alleged infringement of MGA's trapezoidal packaging, which has the effect of illuminating the packaged product. The scope of MGA's claim is otherwise unclear. For example, counsel for MGA has, via e-mail, withdrawn trade dress claims related to Bratz, Acceleracers, and Little Mommy. However, MGA has failed to formalize the "withdrawal" of such claims through amendment under Fed. R. Civ. P. 15(a) or supplemented interrogatory responses under Fed. R. Civ. P. 26(e).

The Application must be denied, but not because MGA has license to unilaterally (and conditionally) narrow and broaden its claims as the strategic environment shifts under its feet. Mattel has sought discovery into "[t]he identity and factual bases for MGA's claimed trade dress that it has sued on, the reasons for actual or contemplated changes thereto and the bases for MGA's allegations

that such trade dress is famous or has acquired secondary meaning."[1]  Mattel has not sought discovery into just trapezoidal packaging.  Nor has Mattel limited its discovery into one or two lines of products.  MGA never moved for a protective order to limit the scope of Mattel's discovery into MGA's trade dress infringement claims.  It is therefore very surprising to the Court that the parties have, without permission, limited the scope of the discovery request through informal e-mails that are not part of the record.  Without more, these e-mails do not absolve MGA of its obligation to either produce a witness as to the entirety of Mattel's topic or move for a protective order with this Court.

   MGA responds that "until both this Court and the Ninth Circuit issue final rulings regarding the state of Mattel's pleadings[] MGA will not engage in multiple needless amendments of pleadings and discovery."  This represents yet another expectation unbeknownst to the Court.  The relevance of Mattel's claims to MGA's claims is difficult to ascertain.  If each party could simply amend its pleadings upon the dismissal of one or more claims filed by the other party, it would result in the sort of "tit-for-tat" litigation procedure lamented by MGA in the first line of its opposition.  The issue of whether MGA should be granted leave to amend its pleading *after* substantive rulings are issued by this Court and the Ninth Circuit need not be resolved at this time.  Nevertheless, it has been made very clear to the parties that the time for discovery will not last long – if at all – after the Ninth Circuit issues its disposition.

   The parties should complete discovery on all relevant claims apace.  Mattel's Application is moot to the extent it seeks clarification of MGA's trade dress infringement claims.  Those claims are adequately identified in MGA's Complaint and its interrogatory responses, neither of which has been formally amended or supplemented.  The Application is therefore DENIED.

   The Clerk shall serve this minute order on all parties to the action.

---

[1] As previously noted by the Court, this formulation is not itself a deposition topic, but is meant to summarize a number of prior deposition topics.  The instant Order does not opine upon whether this formulation either faithfully or accurately summarizes the prior topics upon which it purports to be based.