**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

Case No. CV04-9049 DOC (RNBx)                                                          Date: July 19, 2010

Title: MATTEL, INC. V. MGA ENTERTAINMENT, INC.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

    Kathy Peterson                                        Not Present
Courtroom Clerk                                     Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS: ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT                                NONE PRESENT

PROCEEDING (IN CHAMBERS): ORDER GRANTING IN PART AND DENYING IN PART MATTEL'S MOTION FOR PROTECTIVE ORDER [8304]

      Before the Court is Mattel, Inc. ("Mattel")'s Motion for Protective Order against Mattel having to produce its internal research reports regarding unreleased Mattel products, including but not limited to Bratz 2010 and "Monster High" (the "Motion"). After considering the moving and opposing papers, the Court GRANTS IN PART AND DENIES IN PART the Motion.

      The parties have scheduled the resumed deposition of former Mattel executive, Sujata Luther, for July 26, 2010. In anticipation of that deposition, MGA has sought discovery into Mattel's market research logbooks, as well as Mattel's market research. On July 15. 2010, Mattel produced to MGA its research logbooks and, one day later, MGA requested that Mattel produce certain identified market research reports.

      Mattel argues that certain reports sought by MGA include sensitive future market research, including research into the so-called "Bratz 2010" and "Monster High" product lines. The Court has previously restricted MGA's discovery into such research, on the grounds that Mattel's present conclusions about the "Bratz 2010" and "Monster High" product lines does not reasonably bear upon the market impact of the Bratz-line between 1998 and 2000.

      The reasoning behind the Court's prior restriction does not apply here. MGA previously sought to depose Mattel employee Timothy Kilpin about Mattel's plans for the Bratz 2010 and Monster

High product lines, as well as market research conducted in anticipation of the release of both product lines.  MGA defended its contemplated discovery by arguing that Mattel's intentions for its two forthcoming doll lines could rebut: (1) Mattel's potential claim that it would have capitalized upon the "Bratz" line conceived by Carter Bryant in or around 1998; and (2) Mattel's potential claim that MGA's wrongful development and sale of the Bratz line cannibalized Mattel's own product offerings.  The Court rejected such arguments, noting that Mattel's present intentions for the Bratz line – as developed by MGA – do not reflect upon its exploitation of the Bratz concept between 1998 and 2002.

Here, by contrast, MGA does not seek direct discovery into either "Bratz 2010" or "Monster High."  The market research reports identified by MGA, *see generally* Kieckhefer Decl., are, at best, tangentially related to "Bratz 2010."  Moreover, though MGA's discovery may encompass the same type of information – *i.e.*, market research into "Monster High" – MGA notes that Mattel has put at issue hundreds of products, including "Monster High," whose sales allegedly suffered as a result of MGA's Bratz sales.  The Court's April 9, 2010 Order did not address the issue head-on because, at that time, it was uncontested that "Monster High" had not been released by Mattel.  That is no longer the case; MGA has offered reliable evidence that Mattel has sold the "Monster High" product.  *See id.* Information about the market for the "Monster High" product line is relevant to Mattel's damages and otherwise inaccessible to MGA.  The Court finds the instant circumstances materially different than the circumstances that gave rise to the April 9, 2010 Order.

Finally, MGA does not contest that it is not entitled to Mattel's research into the "Bratz 2010" line.  MGA instead requests that Mattel be allowed to redact only those portions of the research reports that relate to the unreleased Bratz line of dolls.

The Motion is GRANTED only insofar as Mattel seeks to exclude information about the "Bratz 2010" line from its forthcoming production of research reports.  The information about "Bratz 2010" shall be excluded through redaction.  The Motion is otherwise DENIED.  Mattel shall complete its production on or before 5:00 p.m. on July 20, 2010.

The Clerk shall serve this minute order on all parties to the action.