**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**<u>CIVIL MINUTES - GENERAL</u>**

Case No. CV 04-9049 DOC (RNBx)                                                Date: July 14, 2010

Title: MATTEL, INC. v. MGA ENTERTAINMENT, INC.

---

DOCKET ENTRY
   [I hereby certify that this document was served by first class mail or Government messenger service, postage prepaid, to all counsel (or parties) at their respective most recent address of record in this action on this date.]
                                                                    Date:_____  Deputy Clerk: _____

---

PRESENT:

<u>THE HONORABLE DAVID O. CARTER, JUDGE</u>

   <u>Kathy Peterson</u>                                             <u>Not Present</u>
   Courtroom Clerk                                                Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:  ATTORNEYS PRESENT FOR DEFENDANTS:

   NONE PRESENT                                                   NONE PRESENT

---

PROCEEDING (IN CHAMBERS): ORDER OVERRULING MATTEL'S OBJECTIONS TO DISCOVERY MASTER'S RULINGS ON DEPOSITION QUESTIONS REGARDING PRODUCT PACKAGING

   Before the Court is Mattel, Inc. ("Mattel")'s Objections to Discovery Master's Rulings on Deposition Questions Regarding Product Packaging (the "Objections"). The Court OVERRULES the Objections.

   Paragraph 110 of MGA's Complaint alleges that: "Mattel has deliberately and, indeed, repeatedly adopted, imitated and mimicked the make-up, appearance, features, trade dress, and image of MGA's products, packaging and advertising, including its repackaging and refreshing of older Mattel toys. Mattel's actions were and are done with the intent to deceive consumers, cause confusion and mistake, and interfere with the ability of consumers to identify the source of goods by appearance and packaging. . . ." Compl. ¶ 110. The allegation arises out of MGA's use of distinctive trapezoidal shaped packaging for Bratz dolls; the shape of the packaging captures more light than traditionally rectangular product packaging and thereby illuminates the product. MGA contends that Mattel started using trapezoidal packaging on its own products in an attempt to wrongfully mimic MGA's packaging.

The allegation does not identify any Mattel products by name, though

On June 18, 2010, MGA deposed Mattel 30(b)(6) designee Timothy Kilpin ("Kilpin"). MGA asked Kilpin about a relatively new line of Mattel products called "Toy Story 3" not specifically identified by MGA's 2005 pleading. Mattel objected on the grounds that: (1) MGA never noticed Kilpin to be deposed on Mattel's "Toy Story 3" line; and (2) the "Toy Story 3" line was not relevant to any of MGA's claims because MGA's Complaint does not identify the line of dolls.

The Discovery Master overruled Mattel's objections and allowed MGA to take discovery into the "Toy Story 3" line. Mattel appeals the Discovery Master's decision and this Court overrules Mattel's objections.

First, Mattel argues that discovery into the "Toy Story 3" line is inequitable. Earlier this year, the Court denied Mattel's request to file an amended pleading expressly identifying Bratz as a trade secret alleged to have been misappropriated by MGA. The Court then denied a follow up "Motion to Confirm" filed by Mattel, which sought to confirm that the Bratz line of dolls was nevertheless at issue. Neither order ruled that discovery may not be sought into a product line not expressly put at issue in a pleading.

Second, Mattel argues that discovery into the "Toy Story 3" line violates principles of reciprocity on the grounds that MGA has long resisted discovery into product lines not specifically identified by Mattel's pleading. Mattel's example is MGA's efforts to resist discovery into the "Moxie" product line, which did not appear in Mattel's now-superceded Third Amended Answer and Counterclaims. However, seeking discovery into entirely new claims based on certain product lines is distinct from seeking discovery into new product lines that provide evidence of existing claims.

A simple example illuminates the flaw in Mattel's logic. Paragraph 95 of Mattel's Fourth Amended Answer and Counterclaims alleges that "Larian [has] destroyed [relevant documents]." FAAC ¶ 95. The paragraph proceeds to identify nine instances in which Larian, MGA, or various associates, have deleted or destroyed relevant evidence. However, Mattel has sought discovery into other potential instances of spoliation. *See, e.g.*, Mattel's Motion to Compel Re MGA Mexico's Document Retention and Destruction. MGA's spoliation of documents is clearly at issue and no party has argued that Mattel should only be allowed discovery into those instances of spoliation of which it is aware. Nor has Mattel been so restricted.

Unlike Mattel's attempted Bratz trade secret claims, MGA does claim that an entirely new type of product packaging has been at issue all along. MGA merely seeks discovery into the potential infringement of a style of dress (trapezoidal packaging) always at issue. The Discovery Master's ruling was not in error.

For the foregoing reasons, the Objections are OVERRULED.

The Clerk shall serve this minute order on all parties to the action.