**SCHEPER KIM & HARRIS LLP**
DAVID C. SCHEPER (State Bar No. 120174)
dscheper@scheperkim.com
ALEXANDER H. COTE (State Bar No. 211558)
acote@scheperkim.com
601 W. Fifth Street, 12th Floor
Los Angeles, CA 90071
Telephone: (213) 613-4655
Facsimile: (213) 613-4656

**LAW OFFICES OF MARK E. OVERLAND**
MARK E. OVERLAND (State Bar No. 38375)
100 Wilshire Blvd., Suite 950
Santa Monica, CA 90401
Telephone: (310) 459-2830
Facsimile: (310) 459-4621
Email: mark@overlaw.net

Attorneys for
Carlos Gustavo Machado Gomez

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, | CASE NO. CV 04-9049 SGL (RNBx) |
| Plaintiff, | **CARLOS GUSTAVO MACHADO GOMEZ'S OPPOSITION TO MATTEL INC.'S MOTION FOR AN ORDER COMPELLING COMPLETE RULE 26 DISCLOSURES, RESPONSES TO INTERROGATORIES AND PRODUCTION OF DOCUMENTS BY CARLOS GUSTAVO MACHADO GOMEZ; DECLARATION OF ALEXANDER H. COTE IN SUPPORT THEREOF** |
| v. | |
| MATTEL, INC, | |
| Defendant. | |
| AND CONSOLIDATED CASES | |
| | Consolidated with CV 04-9059 and CV 05-2727 |
| | Date: TBD<br>Time: TBD<br>Place: Courtroom 9D |
| | **Phase 2:**<br>Discovery Cut-off: TBD<br>Pre-trial Conference: TBD<br>Trial Date: TBD |

## I. INTRODUCTION

Mattel's motion essentially boils down to four issues: (A) the validity of Mr. Machado's assertion of his Fifth Amendment right to be free from self incrimination in response to certain document requests, interrogatories, requests for admissions and Rule 26 disclosures, (B) other objections raised by Mr. Machado to the document requests and requests for admissions, which are unspecified by Mattel, (C) Mr. Machado's purported failure to provide a privilege log in response to the document requests and (D) Mr. Machado's purported failure to respond to a set of interrogatories. Each of Mattel's arguments are discussed below.

### A.  Mr. Machado's Assertion of His Right Against Self Incrimination

In responding to certain discovery requests, Mr. Machado asserted his right against self incrimination, under the Fifth Amendment to the United States Constitution. In support of his assertions, Mr. Machado has relied in part on the pending criminal prosecution in Mexico for the same conduct alleged in this case. Mattel now seeks an order overruling Mr. Machado's assertion of that right and requiring him to answer the pending discovery.

This Court has previously confronted Mr. Machado's assertion of his Fifth Amendment right in connection with his refusal to answer deposition questions posed by Mattel. At oral argument before the Court on January 19, 2010, counsel for Mr. Machado claimed that, under *United States v. Balsys*, 524 U.S. 666 (1998), Mattel's use of this Court's discovery process in the continuing criminal prosecution in Mexico, rendered "fear of foreign prosecution tantamount to fear of a criminal case brought by the Government itself." *United States v. Balsys*, 524 U.S. at 699.

The Court rejected Mr. Machado's argument in a written order dated March 15, 2010. (Docket No. 7657.) The Court concluded that *Balsys* leaves open the possibility that Mr. Machado might have a Fifth Amendment privilege, due to

1 the unique position of Mattel as prosecutor in the criminal case in Mexico.[1]
2 However, the Court discounted that risk in the instant case because "Mattel's
3 counsel has made good faith and credible representations that this litigation is *not*
4 *mere subterfuge for the enhancement of Machado's criminal prosecution in*
5 *Mexico.*" (Docket No. 7657 at 2:16-18 (emphasis added).) Accordingly, the Court
6 ordered Mr. Machado to appear at his deposition and answer questions
7 notwithstanding his Fifth Amendment claim.

8  Mattel has recently completely undermined the representations to this Court
9 that resulted in the March 15 denial of Mr. Machado's Fifth Amendment assertion.
10 On July 14, 2010, *after* representing to the Court that it would not use civil
11 discovery materials obtained in this case in the Mexican prosecution and *after*
12 conducting Mr. Machado's deposition over four days, Mattel disclosed that it
13 anticipated moving "for leave to obtain from the Court certain discovery materials
14 *for use in the criminal proceedings in Mexico.*" (Cote Decl. Ex. A at 1 (emphasis
15 added).) These "certain discovery materials" include the transcript of
16 Mr. Machado's deposition.[2] (*Id.* at 2.) That is, Mattel seeks to do *exactly* what it
17 promised the Court it would *not* do: use Mr. Machado's deposition testimony
18 against him in the criminal case in Mexico.

19  In the present motion, Mattel again seeks an order overruling Mr. Machado's
20 assertion of his Fifth Amendment privilege in response to certain document
21 requests, interrogatories, and requests for admissions. Since it is now clear Mattel

---

[1] The deposition of Mattel's Mexican attorney Francisco Javier Tiburcio Celorio established that, under Mexican Law, Mattel initiated and maintains the criminal prosecution in Mexico. Mattel attorneys have prepared the criminal complaint and assisted in obtaining a search warrant for MGAE Mexico offices, have filed prosecution motions, opposed motions by the criminal defendants and prosecuted appeals in support of the Mexican prosecution.

[2] Mattel also seeks to use the deposition of Mariana Trueba in the Mexico criminal case. Ms. Trueba, who is a citizen and resident of Mexico, appeared for deposition in California after the Court overruled her Fifth Amendment claim.

3

*will* attempt to use those materials against Mr. Machado in the criminal case in Mexico, the Court should deny the motion as it relates to Mr. Machado's assertion of his Fifth Amendment right against self incrimination.

### B. Mattel's Request to Overrule Unspecified Objections

Mattel also argues that Mr. Machado's objections to certain discovery responses – including its document requests[3] and requests for admissions[4] – should be overruled. Notably, Mattel never identifies the specific objections it takes issue with, never explains why it believes the objections are not proper, and provides no authority for its position. Nor can Mr. Machado provide the Court with any guidance on the dispute, because Mattel did not meet and confer regarding Mr. Machado's objections, other than those based on Fifth Amendment.

Nor can the Court conclude that Mr. Machado's objections are somehow improper just on Mattel's say-so. For example, Mattel complains of boilerplate objections to its recent requests for admissions, but Mr. Machado made only three objections to Mattel's set of *235* requests for admissions. Those objections were: (1) the Fifth Amendment right to be free from self incrimination, (2) an objection to Mattel's convoluted and technical definition of "INTERNET"[5] and (3) objections to a handful of requests for admissions on the ground of vagueness. The latter objection was made where the request asked Mr. Machado to admit facts about a communication contained within a particular exhibit attached to the requests, but where the referenced exhibit contained multiple communications, making a response

---

[3] See, *e.g.*, Motion at 6:5-6 ("These [unspecified] objections do not justify the continuing withholding of relevant documents.")

[4] See, *e.g.*, Motion at 12:17-18 ("Instead, he objected to each and everyone one the Requests with [unspecified] boilerplate objections…")

[5] Mattel defined "internet" to mean "the combination of computer facilities and electromagnetic transmission media, and related equipment and software, comprising the interconnected worldwide network of computer networks that employ the Transmission Control Protocol/Internet Protocol or any predecessor and/or successor protocol to transmit the information." Mr. Machado objected to this arcane and technical definition, as it requires knowledge that is beyond the ken of a lay witness.

1  to the request impossible.

2  Similarly, Mattel seeks to overrule objections to *82* requests for documents,
3  yet Mattel never explains why Mr. Machado's objections to Mattel's discovery
4  requests are improper. Mattel apparently expects Mr. Machado and the Court to
5  individually address objections to the document requests, without a clue as to why
6  Mattel believes the objections are improper. Mattel, as moving party, "bears the
7  burden of informing the Court of the basis for [its] motion to compel. It is not
8  sufficient to offer a general argument that Defendant's responses were evasive and
9  incomplete without elaborating on how each response was evasive or incomplete."
10 *Williams v. Woodford*, 2010 WL 2490951 (E.D. Cal. 2010). While Mr. Machado
11 embraces his burden of establishing the propriety of any objection he has asserted, it
12 is not an appropriate use of resources to force the Court and Mr. Machado to guess
13 at the basis for Mattel's motion.

14 Again, Mattel's motion illustrates the hazards of rushing to Court without
15 meeting and conferring first. Had Mattel bothered to discuss Mr. Machado's non
16 Fifth Amendment objections with his counsel, the foregoing issues likely could have
17 been resolved – or at least intelligently briefed. If Mattel has a basis of disputing
18 Mr. Machado's objections, it should do so in a subsequent motion, but only after
19 meeting and conferring regarding those objections.

20       C.    <u>Mr. Machado's Purported Failure to Provide a Privilege Log</u>

21 Mattel complains that Mr. Machado has not produced a privilege log in
22 response to its requests for documents. Mattel argues that Mr. "Machado should be
23 compelled to provide a privilege log for all communications *prior to November 20*,
24 2006, the date that Mattel sought leave to add Machado as a named defendant."
25 (Mot. at 8:16-18 (emphasis added).) Had Mattel bothered to meet and confer on this
26 issue, it would have learned that Mr. Machado has not claimed attorney-client
27 privilege or work product protection for *any* communications pre-dating
28 November 20, 2006. Accordingly, there is nothing to log. Mattel is simply wasting

1 the Court's time with an artificial discovery dispute that could have been resolved
2 by meet and confer.

### D. Mr. Machado's Purported Failure to Respond to Supplemental Interrogatories

Mattel correctly notes that Mr. Machado did not provide responses to its January 9, 2008 Supplemental Interrogatories. However, Mattel fails to mention that on February 4, 2008 the Court ordered that "[a]ll discovery related to Phase 2, other than certain individual depositions that may be related to both Phase 1 and Phase 2, is STAYED until further order of the Court." (Docket No. 1931.) As a result of the order, Mr. Machado's counsel wrote to Mattel on February 8, 2008, noting that, in light of the stay, no response was due to these interrogatories. (Cote Decl. Ex. B.)

Once again, Mattel never met and conferred on its present request for responses to these interrogatories and never raised this issue until it filed the instant motion. The purpose of the meet and confer requirement is for the parties to resolve minor issues without wastefully consuming judicial resources. This motion perfectly illustrates the point. Had Mattel raised the issue, Mr. Machado would have responded to the interrogatories in a timely fashion. Having now been apprised of Mattel's request, Mr. Machado will provide interrogatory responses shortly.

## II. CONCLUSION

Mattel has revealed that it intends to use civil discovery in this case against Mr. Machado in the criminal case in Mexico, despite its representations in open court to the contrary. Because Mattel is the prosecutor in the Mexico criminal proceedings, Mr. Machado's Fifth Amendment privilege should be sustained under *Balsys*. With respect to the other items raised in the motion, Mattel has failed to meet and confer regarding the issues raised and has failed to establish that it is

/ / /
/ / /
/ / /

entitled to any additional discovery responses from Mr. Machado. Accordingly, the motion should be denied in its entirety.

DATED: July 19, 2010

SCHEPER KIM & HARRIS LLP
ALEXANDER H. COTE

By: /s/
Alexander H. Cote
Attorneys for
CARLOS GUSTAVO MACHADO GOMEZ

LAW OFFICES OF MARK E. OVERLAND
MARK E. OVERLAND

By: /s/
Mark E. Overland

## DECLARATION OF ALEXANDER H. COTE

I, ALEXANDER COTE, declare as follows:

1. I am an attorney at Scheper Kim & Harris LLP. I have personal knowledge of the facts set forth herein, except as to those stated on information and belief and, as to those, I believe them to be true. If called as a witness, I could and would competently testify to the matters stated herein.

2. Attached hereto as Exhibit A is a true and correct copy of a July 14, 2010 letter from Jon Corey, counsel for Mattel, to me and Mark Overland, counsel for Mr. Gustavo Machado, and to counsel for MGA Entertainment, Inc.

3. Attached hereto as Exhibit B is a true and correct copy of a February 8, 2008 letter from me to Jon Corey and B. Dylan Proctor, counsel for Mattel, Inc.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 19th day of July, 2010 at Los Angeles, California.

_____/s/_____
ALEXANDER H. COTE

# Exhibit A

**quinn emanuel** trial lawyers | los angeles
865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543 | TEL: (213) 443-3000 FAX: (213) 443-3100

July 14, 2010

**VIA ELECTRONIC MAIL**

Annette Hurst
Orrick Herrington & Suttcliffe, LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105

Thomas McConville
Orrick Herrington & Suttcliffe, LLP
4 Park Plaza, Suite 1600
Irvine, CA 92614-2258

William Molinski
Orrick, Herrington & Sutcliffe LLP
777 South Figueroa Street
Suite 3200
Los Angeles, CA 90017-5855

Mark Overland
Law Offices of Mark E Overland
100 Wilshire Boulevard, Suite 950
Santa Monica, CA 90401

Alexander Cote
Scheper Kim & Harris LLP
One Bunker Hill
601 West Fifth Street, 12th Floor
Los Angeles, California 90071

Re:   Mattel, Inc. v. MGA Entertainment, Inc. et al.

Dear Counsel:

I write to request a meeting of counsel in anticipation of a motion for leave to obtain from the Court certain discovery materials for use in the criminal proceedings in Mexico and for an apostille of the following materials.

1.   Transcripts of the deposition of Ms. Susanna Kuemmerle, both in her personal capacity

**quinn emanuel urquhart & sullivan, llp**
NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111-4788 | TEL (415) 875-6600 FAX (415) 875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, 5th Floor, Redwood Shores, California 94065-2139 | TEL (650) 801-5000 FAX (650) 801-5100
CHICAGO | 500 W. Madison Street, Suite 2450, Chicago, Illinois 60661-2510 | TEL (312) 705-7400 FAX (312) 705-7401
LONDON | 16 Old Bailey, London EC4M 7EG, United Kingdom | TEL +44(0) 20 7653 2000 FAX +44(0) 20 7653 2100
TOKYO | Akasaka Twin Tower Main Bldg., 6th Floor, 17-22 Akasaka 2-Chome, Minato-ku, Tokyo 107-0052, Japan | TEL +81 3 5561-1711 FAX +81 3 5561-1712
MANNHEIM | Erzbergerstraße 5, 68165 Mannheim, Germany | TEL +49(0) 621 43298 6000 FAX +49(0) 621 43298 6100

       and as MGA de Mexico's corporate designee for purposes of Rule 30(b)(6)
2.    Transcripts of the deposition of Mr. Gustavo Machado
3.    Transcripts of the deposition of Mr. Pablo Vargas
4.    Transcripts of the deposition of Ms. Mariana Trueba

These are in addition to the copy of the CD containing stolen Mattel trade secrets that was produced by MGA at Bates-number MGA 3815506 as to which the parties have already met and conferred.

Best regards,

*[signature: Jon Corey]*

Jon Corey

cc:   John Quinn
      Michael Zeller

# Exhibit B

# OVERLAND BORENSTEIN SCHEPER & KIM LLP

Alexander H. Cote
(213) 613-4660
acote@obsklaw.com

February 8, 2008

**VIA FACSIMILE AND U.S. MAIL**

Jon Corey
B. Dylan Proctor
Quinn Emanuel Urquhart Oliver & Hedges LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017

    Re:    *Bryant v. Mattel, Inc.*, and consolidated actions under Case No. CV 04-09049

Counsel:

    On January 9, 2008, Mattel served its "Supplemental Interrogatories" on, *inter alia*, my client, Gustavo Machado. Subsequently, on February 4, 2008 the Court ordered that "[a]ll discovery related to Phase 2, other than certain individual depositions that may be related to both Phase 1 and Phase 2, is STAYED until further order of the Court." (*See* the Court's February 4, 2008 Order at 3.) As your colleague John Quinn conceded at the February 4, 2008 hearing preceding the Order, all of Mattel's claims against Mr. Machado relate exclusively to Phase 2.

    In light of this stay and Mr. Quinn's admission that Mr. Machado has no role in Phase 1, Mr. Machado will not be responding to the Supplemental Interrogatories at this time. Mr. Machado expressly reserves his right to respond to the Supplemental Interrogatories, and to assert any objections thereto, at an appropriate time after the stay is lifted by the Court.

    Please do not hesitate to contact me if you have any questions or concerns.

Very truly yours,

Alexander H. Cote
OVERLAND BORENSTEIN SCHEPER & KIM LLP

cc:    Thomas J. Nolan, Esq.
        Michael Page, Esq.