1    MELINDA HAAG (State Bar No. 132612)
     mhaag@orrick.com
2    ANNETTE L. HURST (State Bar No. 148738)
     ahurst@orrick.com
3    WARRINGTON S. PARKER III (State Bar No. 148003)
     wparker@orrick.com
4    ORRICK, HERRINGTON & SUTCLIFFE LLP
     The Orrick Building
5    405 Howard Street
     San Francisco, CA 94105
6    Telephone:  415-773-5700
     Facsimile:   415-773-5759
7
     WILLIAM A. MOLINSKI (State Bar No. 145186)
8    wmolinski@orrick.com
     ORRICK, HERRINGTON & SUTCLIFFE LLP
9    777 South Figueroa Street, Suite 3200
     Los Angeles, CA  90017
10   Telephone:  213-629-2020
     Facsimile:   213-612-2499
11
     THOMAS S. MCCONVILLE (State Bar No. 155905)
12   tmcconville@orrick.com
     ORRICK, HERRINGTON & SUTCLIFFE LLP
13   4 Park Plaza, Suite 1600
     Irvine, CA 92614-2258
14   Tel: (949) 567-6700/Fax: (949) 567-6710

15   Attorneys for MGA Parties

16            UNITED STATES DISTRICT COURT

17            CENTRAL DISTRICT OF CALIFORNIA

18                  SOUTHERN DIVISION

| | |
|---|---|
| 19  CARTER BRYANT, an individual | Case No. CV 04-9049 DOC (RNBx) Consolidated with Case No. CV 04-9059 |
| 20        Plaintiff, | Case No. CV 05-2727 |
| 21      v. | Hon. David O. Carter |
| 22  MATTEL, INC., a Delaware corporation, | **MGA PARTIES' OBJECTIONS TO MATTEL, INC.'S MOTION FOR PROTECTIVE ORDER REGARDING PRODUCTION OF RESEARCH REPORTS** |
| 23 | |
| 24        Defendant. | **PUBLIC VERSION** |
| 25  AND CONSOLIDATED ACTIONS | Date: TBD |
| 26 | Time: TBD Courtroom:  9D |
| 27 | |
| 28 | |

# INTRODUCTION

Mattel concedes that it has no objection to MGA's requests for production regarding 1996-2006 market research reports, and, therefore, such reports must be produced on the requested date of July 20, 2010. The only portion of MGA's requests for production to which Mattel objects address marketing research documents from 2008, 2009 and 2010 that allegedly refer to what Mattel contends are "unreleased and irrelevant products, such as 'Monster High,' 'Mattel's Bratz 2010,' and other products Mattel plans to release in 2010." Mattel, however, declines to specify a single document which actually contains such references. For this reason alone, Mattel fails to fulfill its burden of proof that entry of a specific protective order is warranted in these circumstances.

Mattel's motion must also be denied with regard to "Monster High" as both of its arguments regarding the alleged necessity for entry of a protective order regarding this product are demonstrably false. First, Mattel claims that Monster High is an unreleased product. Yet the offers for sale at Amazon, TRU, Target, and Walmart, prove Monster High is currently available for sale to the consuming public. Next, Mattel claims Monster High is irrelevant. Yet the marketing and sales information regarding Monster High, an older girl doll product, bears directly on the issue of "cannibalization"—that is, the expected effect of Monster High's sales on Barbie or other Mattel product lines—which is directly relevant to the issue of whether Bratz took sales from Mattel's products, as Mattel alleges.

Finally, with respect to Bratz 2010 and other products that Mattel plans to release later in 2010, MGA respectfully submits that it had no intention to select information pertaining to 2010 as-yet unreleased products. For all research reports that may contain information regarding 2010 as-yet unreleased products, MGA requests that Mattel simply redact such information from the production.

# ARGUMENT

I. **THE PROTECTIVE ORDER MUST BE SUMMARILY DENIED AS MATTEL HAS NOT SPECIFIED WHICH REPORTS IT IS MOVING AGAINST.**

As discussed in Mattel's moving papers,  the Court ordered MGA to identify, via requests for production, the research reports MGA seeks to have produced.  July 14, 2010 Order Granting in Part and Denying in Part MGA's Ex Parte Application at 2.  MGA provided a highlighted list to Mattel, specifying the precise reports it requested for production. *See* Declaration of L. Kieran Kieckhefer ("Kieckhefer Decl.") Exs. A & B.[1]  Mattel was afforded the opportunity to move for a protective order; it did so.  However, while Mattel notes that MGA has sought "dozens of marketing research documents from 2008, 2009, and 2010 that concern unreleased and irrelevant products, such as 'Monster High,' Mattel's unreleased version of Bratz ("Bratz 2010"), and other products Mattel plans to release in 2010," Mattel's motion for a protective order fails to identify which specific reports they seek to protect from production.

A party seeking a protective order has a "heavy burden" to show why discovery should be denied. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975).  Mattel has not met this "heavy burden" necessary to show entitlement to entry of a protective order in this instance.   While one may assume that Mattel intended to move for a protective order regarding <u>all</u> reports that MGA has selected from 2008, 2009, and 2010, nowhere does Mattel specify that.  In fact, Mattel's language seems to indicate the contrary: that only <u>some</u> of the reports selected by MGA in the 2008, 2009, and 2010 timeframe contain information that Mattel would find objectionable. *See* Mattel, Inc.'s Notice of Motion and Motion for Protective Order Regarding Bratz 2010 and Other Unreleased Products at 2-3 ("However,

---

[1] Due to the volume of pages comprising Mattel's logbooks, and as Mattel has only moved against marketing research documents from 2008, 2009 and 2010, MGA has only provided the pages of reports that it has selected from 2008, 2009, and 2010 for the Court's view.

1    MGA ... seek[s] information regarding sensitive or irrelevant Mattel product

2    research, *including* sensitive information about Mattel's future plans for Bratz and

3    other unreleased products.")(emphasis added).

4              In fact, many of MGA's selections do not, by any reasonable stretch of

5    the imagination, appear to include any information about Mattel's future plans for

6    Bratz 2010 and other unreleased products.  For example, MGA selected the "Girls

7    Tracking Study for 2008."  Kieckhefer Decl. Ex. A at 11.  ███████████████

8    ████████████████████████████████████████████████████████

9    ██████████████████████████████████████████████████

10   ████████████████████████████████████████████

11   ███████████████████████████████████████████████████████

12   ███████████████████████████████████████████████████████

13   ████████████  ██  ████████████ Nothing about the title of this document, ██

14   ████████████████████████████████████████████████████

15   █████████████ would indicate to MGA that such report would contain information

16   concerning unreleased products.  Accordingly, as this document is a 2008 report, it

17   would appear to fall within Mattel's requested protective order even though it may

18   not have any objectionable content regarding as-yet unreleased products.

19             Accordingly, as Mattel has failed to identify the specific set of reports

20   underlying the basis for its request for a protective order, Mattel's request must be

21   denied.

22   **II.   MATTEL'S ARGUMENTS WITH REGARD TO MONSTER HIGH**

23   **        SHOULD BE DENIED AS MONSTER HIGH HAS BEEN RELEASED**
     **        FOR PURCHASE TO THE PUBLIC.**

24             Not only should Mattel's request for a protective order be denied for

25   failure to specify *any* particular document, Mattel's claims as to Monster High

26   specifically have no merit as Monster High is currently on the market.  Kieckhefer

27   Decl. Exs. C-F.   Mattel's interrogatory responses indicate that it is claiming

28   damages spanning a nearly ten year period across almost its entire line of products



1  sold from 2001 through 2010.

8       Monster High is targeted to the older girl market.  Accordingly,

9  marketing and research reports about Monster High would contain information

10  about the relevant older girl market.  Further, such marketing and research reports

11  would contain information regarding whether sales of Monster High are expected to

12  or perceived to cannibalize Mattel's sales of its other fashion doll products.  This

13  information is directly relevant to Mattel's claims of lost profits.  If Monster High

14  sales are cannibalizing, or are expected to cannibalize Barbie or other Mattel

15  fashion doll sales, such loss of sales cannot be attributable to Bratz.

16       Accordingly, Mattel's request for a protective order regarding any

17  Monster High research report should be denied in its entirety.

18  **III.   MGA HAD NO INTENTION TO HIGHLIGHT ANY MARKETING**

19  **REPORTS REGARDING MATTEL'S FUTURE PLANS FOR BRATZ AND OTHER UNRELEASED PRODUCTS.**

20       MGA is <u>not</u> requesting any information pertaining to Mattel's

21  unreleased products.  As the Court can see from the attached logbooks, Kieckhefer

22  Decl. Ex. A, very little information can be gleaned regarding the substance of the

23  reports from the title of the document found on the logbooks.  MGA is extremely

24  mindful of this Court's recent Order Denying Ex Parte Application to Compel

25  Production of Documents and Testimony Concerning Marketing of Bratz 2010 and

26  Monster High, and did not intend to disobey or circumvent such order.  Dkt. 7708.

27  As Mattel was required to produce all requested marketing and research logbooks

28  by July 14, 2010 at 8 p.m. and MGA was required to select the reports that it

- 4 -

1    requested for review by 3 p.m. the following day, MGA had less than a day to

2    review hundreds of pages of Mattel's logbooks.  Accordingly, MGA highlighted all

3    documents that it believed would contain relevant and responsive information.  In

4    the event that, upon review by Mattel, a selected report contains information

5    pertaining to Bratz 2010 or other unreleased products, MGA requests that Mattel

6    redact such information from production.

7                                   **CONCLUSION**

8              For the foregoing reasons, MGA respectfully requests that Mattel's

9    motion for entry of a protective order be denied and Mattel be ordered to produce

10   all documents identified by MGA, with permissible redactions only for as-yet

11   unreleased 2010 product information.

15   Dated:  July 19, 2010                Respectfully submitted,

16                                        ORRICK, HERRINGTON & SUTCLIFFE LLP

18   By: _____

19                                        L. Kieran Kieckhefer
                                          Attorneys for MGA ENTERTAINMENT, INC.,
                                          MGA ENTERTAINMENT HK, LTD., MGA de
20                                        MEXICO, S.R.L. de C.V., and ISAAC LARIAN