MELINDA HAAG (State Bar No. 132612)
mhaag@orrick.com
ANNETTE L. HURST (State Bar No. 148738)
ahurst@orrick.com
WARRINGTON S. PARKER III (State Bar No. 148003)
wparker@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building, 405 Howard Street
San Francisco, CA 94105
Tel. (415) 773-5700/ Fax: (415) 773-5759

WILLIAM A. MOLINSKI (State Bar No. 145186)
wmolinski@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA 90017
Tel. (213) 629-2020/Fax: (213) 612-2499

THOMAS S. MCCONVILLE (State Bar No. 155905)
tmcconville@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
4 Park Plaza, Suite 1600
Irvine, CA 92614-2258
Tel: (949) 567-6700/Fax: (949) 567-6710

Attorneys for MGA Parties

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | Case No. CV 04-9049-DOC (RNBx)<br>Consolidated with: Case No. CV 04-9059 and Case No. CV 05-2727<br><br>**MGA PARTIES' OPPOSITION TO MOTION TO ENFORCE AND COMPEL DOCUMENTS RELATED TO THE MARLOWS**<br><br>Date:  TBD<br>Time:  TBD<br>**Phase 2**<br>Discovery:  None Set<br>Pretrial Conference: None Set<br>Trial Date:  None Set |

# INTRODUCTION

The only reason that the motion was filed was due to Mattel's failure to abide by this Court's meet and confer requirements. When Mattel raised the issue in a meet and confer, the MGA Parties responded that they would assess whether the production, handled by prior counsel, required supplementing. Rather, than await a response or seek the MGA Parties' position, Mattel filed its motion to compel. For this reason as well the motion should be denied.

In any case, the MGA Parties have agreed to supplement the production of documents relating to the Marlows that are responsive to the document requests that are referenced in Mattel's motion. For this reason, the MGA Parties asked that Mattel withdraw its motion, but Mattel has refused.

This Court need not weigh in on Mattel's motion. It should be denied.

# STATEMENT OF FACTS

### A. The Parties Meet And Confer And The MGA Parties Respond By Stating That They Will Review Mattel's Request.

On June 15, 2010, lead counsel met and conferred regarding Mattel's claim that there was some deficiency in the production of documents relating to the Marlows. In response, the MGA Parties agreed that they would determine whether the production, which was handled by prior counsel, required supplementing. McConville Decl. ¶ 2 and Exhibit A.

Prior to this date, in a motion before Judge Smith on May 25, 2010, Mattel claimed that there were documents missing from the Marlow. This motion was filed before Judge Smith without a meet and confer. Moreover, while that motion stated that there were documents that had not been produced, Mattel did not identify the documents at issue or identify the document requests at issue. The MGA Parties' opposition to the motion so noted. McConville Decl. ¶ 3.

Only on June 14, 2010, one day prior to the meet and confer referenced above did Mattel begin to indicate how it was that Mattel believed that the

production relating to the Marlows was somehow deficient. *Id.* And as noted, at the meet and confer, the MGA Parties responded by stating that they would make inquiry into the matter.

### B. Mattel Does Not Await A Response And Files Its Motion To Compel And The MGA Parties Agree To Supplement The Production.

Rather than await a response from the MGA Parties or inquire further into the matter, Mattel filed its present motion to compel.

Following the filing of the motion to compel, the MGA Parties responded to Mattel by stating that the MGA Parties would supplement their production of documents relating to the Marlows that would be responsive to the document requests identified in Mattel's motion. McConville Decl. ¶ 5 and Exhibit A.

The MGA Parties asked that Mattel withdraw its motion in light of this. Mattel has refused. *Id.*

### ARGUMENT

Just over a month ago, this Court ordered that the parties meet and confer prior to the filing of any motion. Dkt. No. 8085 (June 7, 2010 Order). The Court noted that the lack of a meet and confer "has resulted in dozens of needless discovery motions." *Id.* at 1. And so here. Mattel mentioned at a June 15, 2010 meet and confer that it had an issue with the production of documents relating to the Marlows. The MGA Parties responded that they would look into Mattel's claim. Without further inquiry or obtaining any additional response from the MGA Parties, Mattel filed its motion.

In light of this, the filing of the motion violates both the spirit and letter of this Court's June 7 Order. And the motion should be denied for this reason alone.

Additionally, the motion is moot. The MGA Parties have agreed to supplement their production.[1] The motion seeks to have the Court embroiled in a dispute that it need not involve itself.

---

[1] Mattel has attached to its motion Appendix C, which it claims represents

## **CONCLUSION**

For the foregoing reasons, MGA asks that Mattel's motion should be denied.

Respectfully submitted,

Dated: July 21, 2010          ORRICK, HERRINGTON & SUTCLIFFE LLP

By: */s/ Thomas S. McConville*
Thomas S. McConville
Attorneys for MGA Parties

---

documents produced by the Marlows but not by MGA.  Appendix C is not an accurate list of documents produced by the Marlows and not produced by the MGA Parties.  It includes documents that have in fact been produced by the MGA Parties.  It also includes documents that would not be in MGA's possession, such as a document forwarded by Peter Marlow to Veronica Marlow.