MELINDA HAAG (State Bar No. 132612)
mhaag@orrick.com
ANNETTE L. HURST (State Bar No. 148738)
ahurst@orrick.com
WARRINGTON S. PARKER III (State Bar No. 148003)
wparker@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building, 405 Howard Street
San Francisco, CA 94105
Tel. (415) 773-5700/ Fax: (415) 773-5759

WILLIAM A. MOLINSKI (State Bar No. 145186)
wmolinski@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA 90017
Tel. (213) 629-2020/Fax: (213) 612-2499

THOMAS S. MCCONVILLE (State Bar No. 155905)
tmcconville@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
4 Park Plaza, Suite 1600
Irvine, CA 92614-2258
Tel: (949) 567-6700/Fax: (949) 567-6710

Attorneys for MGA Parties

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware Corporation<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS. | Case No. CV 04-9049-DOC (RNBx)<br><br>Consolidated with:<br>CV 04-9059<br>CV 05-2727<br><br>**DECLARATION OF THOMAS S. MCCONVILLE IN SUPPORT OF MGA PARTIES' OPPOSITION TO MOTION TO ENFORCE AND COMPEL DOCUMENTS RELATED TO THE MARLOWS**<br><br>Date:       TBD<br>Time:      TBD<br>**Phase 2**<br>Discovery:                 None Set<br>Pretrial Conference: None Set<br>Trial Date:   None Set |

# DECLARATION OF THOMAS S. MCCONVILLE

I, Thomas S. McConville, declare as follows:

1. I am a member of the Bar of the State of California and admitted to practice before this Court, and a partner with the law firm of Orrick, Herrington & Sutcliffe LLP, lead counsel for Phase 2 to MGA Entertainment, Inc. ("MGAE"), MGA Entertainment HK, Ltd. ("MGA HK"), MGAE De Mexico, S.R.L. De C.V. ("MGAE Mexico"), and Isaac Larian (collectively, the "MGA Parties"). I have personal knowledge of the facts set forth in this declaration. If called as a witness, I could and would testify competently to such facts under oath.

2. On June 15, 2010, Annette Hurst and I met and conferred with Mattel regarding with Mattel lead counsel concerning their claim that there was some deficiency in the production of what Mattel termed "the Marlow documents." We responded that we would look into the matter. Attached as Exhibit A is a true and correct copy of the email exchange that Annette Hurst had with Mattel lead counsel concerning the "Marlow documents."

3. While I understand that Mattel claimed that there was some deficiency in the Marlow production before Judge Smith in a May 25, 2010 filing, I also understand that Mattel's motion before Judge Smith did not indicate any particulars of the deficiency. I understand that only on June 14, 2010, the day before the meet and confer, did Mattel begin to identify the documents about which it was concerned.

4. Following the meet and confer, without awaiting the MGA Parties' response or making further inquiry, Mattel filed the motion to compel at issue.

5. As lead counsel said they would, MGA lead counsel looked into the matter and agreed to supplement the production. We asked that Mattel withdraw its motion as moot and for failing to adequately meet and confer. Mattel refused.

I declare under penalty of perjury that the foregoing is true and correct and that this Declaration was executed this 21st day of July 2010, at San Francisco, California.

                                                 /s/ *Thomas S. McConville*
                                                 Thomas S. McConville

2

McConville Decl. ISO Opp to MTC Marlow Docs
CV 04-9049 SGL (RNBx)

# EXHIBIT A

## Parker, Warrington

**From:** Hurst, Annette
**Sent:** Tuesday, July 20, 2010 12:37 PM
**To:** Michael T Zeller; Dylan Proctor
**Cc:** John Quinn; McConville, Thomas; Parker, Warrington
**Subject:** RE: Marlow Documents

Mike:

With all due respect, your description below bears absolutely no relationship to our recollection of events or our notes of our various discussions. Certainly, your assertion regarding what is pending before Judge Smith is incorrect. In fact, if this issue was already pending before Judge Smith as you now seem to assert, then it would be wholly inappropriate for Mattel to file a second motion regarding the same subject matter with Judge Carter.

Our records and memories reflect that we told you that we would "look into" your request regarding the Marlow documents. You did not wait for us to do so. In fact, this is a prime example of Mattel's hypocrisy with respect to meet and confer. Five minutes ago we got an email from you indicating that Mattel was still working on getting us answers on numerous issues that have been outstanding for weeks, including my repeatedly reiterated demand to inspect the original of Carter Bryant's agreement. I take it that under your view of things, we should simply go ahead and move to compel.

We did look into and work on your request regarding the Marlow documents, and our response is that we agree that further review and production is required. Continuing with a motion in the face of such a response, after an obviously inadequate meet and confer, is completely unjustified conduct. Accordingly, MGA will seek sanctions for the fees it incurs in preparing its opposition.

Annette

---

**From:** Michael T Zeller [mailto:michaelzeller@quinnemanuel.com]
**Sent:** Monday, July 19, 2010 4:51 PM
**To:** Hurst, Annette; Dylan Proctor
**Cc:** John Quinn; McConville, Thomas; Parker, Warrington
**Subject:** RE: Marlow Documents

Thank you for your email. MGA's deficient Marlow production was the subject of several prior meet and confers, including among lead counsel on June 15, 2010. MGA stated in those discussions that it believed it had done an adequate search for Marlow documents, produced all documents in its possession, custody, or control, and would not conduct supplemental searches. MGA further stated that any unproduced Marlow documents may have been destroyed due to MGA's regular document retention policies.

Moreover, the subject of the unproduced Marlow documents has been before Judge Smith for weeks in the context of Mattel's Motion to Compel the MGA Parties to Perform Searches Consistent with the Requirements of Fed. R. Civ. P. 34, which was filed on May 25, 2010. MGA opposed the motion on June 7, arguing its Marlow production was sufficient. And just days ago, in its July 12 supplemental opposition to that motion, MGA argued to Judge Smith that it was not obligated to produce those Marlow documents because they purportedly were not responsive to Mattel's document requests.

In light of these facts, Mattel will not agree at this point to withdraw the motion based on an unspecified "further review and production" by MGA. If MGA describes more specifically what "further review and production" it will be doing and by when, however, then we are happy to consider the

Exh. A, Page 3

matter further. But, of course, whether or not MGA choses to provide sufficient detail, MGA has the power to conduct a sufficient search and produce responsive/compelled documents before the motion is decided, at which time Mattel would consider whether and to what extent that production moots the motion.

**Michael T Zeller**
*Partner,*
Quinn Emanuel Urquhart & Sullivan, LLP

865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
213.443.3180 Direct
213.443.3000 Main Office Number
213.443.3100 Fax
michaelzeller@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** Hurst, Annette [mailto:ahurst@orrick.com]
**Sent:** Monday, July 19, 2010 2:43 PM
**To:** Michael T Zeller; Dylan Proctor
**Cc:** John Quinn; McConville, Thomas; Parker, Warrington
**Subject:** Marlow Documents

Mike & Dylan:

We're not sure why Mattel was of the view that meet and confer had concluded with respect to the Marlow documents. In all events, we have reviewed the motion to compel and attachments as well as MGA's past productions, and we agree that further review and production should be made. We are in the process of doing that and have been working on it for several days. I suggest that we stipulate to withdraw this motion without prejudice until we make a further production and you can evaluate whether it is sufficient.

Annette



ORRICK

**ANNETTE L. HURST**
*Partner*

**ORRICK, HERRINGTON & SUTCLIFFE LLP**
SAN FRANCISCO

*tel* (415) 773-4585
*fax* (415) 773-5759
ahurst@orrick.com

www.orrick.com

"EMF <orrick.com>" made the following annotations.
----------------------------------------------------------------------
======================================================

7/21/2010

Exh. A, Page 4

IRS Circular 230 disclosure:
To ensure compliance with requirements imposed by the IRS,
we inform you that any tax advice contained in this
communication, unless expressly stated otherwise, was not
intended or written to be used, and cannot be used, for
the purpose of (i) avoiding tax-related penalties under
the Internal Revenue Code or (ii) promoting, marketing or
recommending to another party any tax-related matter(s)
addressed herein.

===============================================================

NOTICE TO RECIPIENT:  THIS E-MAIL IS  MEANT FOR ONLY THE
INTENDED RECIPIENT OF THE TRANSMISSION, AND MAY BE A
COMMUNICATION PRIVILEGED BY LAW.  IF YOU RECEIVED THIS E-
MAIL IN ERROR, ANY REVIEW, USE, DISSEMINATION,
DISTRIBUTION, OR COPYING OF THIS E-MAIL IS STRICTLY
PROHIBITED.  PLEASE NOTIFY US IMMEDIATELY OF THE ERROR BY
RETURN E-MAIL AND PLEASE DELETE THIS MESSAGE FROM YOUR
SYSTEM. THANK YOU IN ADVANCE FOR YOUR COOPERATION.

For more information about Orrick, please visit
http://www.orrick.com/
===============================================================
=========================================================================

7/21/2010

Exh. A, Page 5