QUINN EMANUEL URQUHART & SULLIVAN, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>MGA ENTERTAINMENT, INC., a California corporation, et al.,<br><br>Defendants.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04–9049 DOC (RNBx)<br>Consolidated with<br>Case No. CV 04–09059<br>Case No. CV 05–02727<br><br>**DISCOVERY MATTER**<br><br>Hon. David O. Carter<br><br>**NOTICE OF MOTION AND MOTION OF MATTEL, INC. TO COMPEL THE PRODUCTION OF DOCUMENTS REGARDING THE MGA PARTIES' UNCLEAN HANDS DEFENSE; AND**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>Date: TBD<br>Time: TBD<br>Place: Courtroom 9D<br><br>**Phase 2**<br>Discovery Cut–off: TBD<br>Pre–trial Conference: TBD<br>Trial Date: TBD |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, on a date and at a time to be determined by the Court, before the Honorable David O. Carter, plaintiff Mattel, Inc. ("Mattel") will, and hereby does, move the Court, pursuant to <u>Federal Rules of Civil Procedure</u> 26, 34 and 37, to compel MGA Entertainment, Inc., MGA Entertainment (HK) Limited, MGAE de Mexico, S.R.L. de C.V., and Isaac Larian (collectively, "MGA") to produce all non-privileged documents responsive to Mattel's Fourth Set of Requests for the Production of Documents and Things dated October 26, 2007, Nos. 88-89, and Mattel's Sixth Set of Requests for the Production of Documents and Things dated December 12, 2007, Nos. 89-90, 209-221, 225, & 412-17.

This Motion is made on the grounds that the requests identified above seek relevant, discoverable information, which MGA has no proper basis to withhold from production. The documents sought are directly relevant, in particular, to MGA's allegations of unclean hands in defense to Mattel's claims.

This Motion is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, the attached Appendix containing the disputed requests, the records and files of this Court, any matters of which the Court may take judicial notice, and such further evidence and argument as may be presented at or before the hearing on this matter.

## **Statement of Compliance**

On June 4, 2010 and June 14, 2010, Mattel attempted to resolve the matters herein with MGA, but no agreement was reached. Lead counsel met and conferred regarding the instant motion on June 14, 2010 and July 19, 2010.

DATED: July 21, 2010		QUINN EMANUEL URQUHART & SULLIVAN, LLP


			By /s/ Michael T. Zeller
			    Michael T. Zeller
			    Attorneys for Mattel, Inc.

## MEMORANDUM OF POINTS AND AUTHORITIES

### Preliminary Statement

MGA has asserted an affirmative defense of unclean hands that accuses Mattel of acquiring purportedly confidential MGA information by improper means. Mattel served MGA with requests to produce documents it intends to rely on to support this defense as well as documents relevant to MGA's claim that the information contained in the accused Mattel documents was, in fact, MGA information that MGA owned and kept confidential. MGA refuses to comply.

The documents are clearly relevant, as MGA itself put them at issue. Yet MGA refuses to produce or identify even the information it claims Mattel improperly obtained, let alone other documents relating to its assertions that Mattel's alleged acquisition of information relating to MGA was wrongful and that the information was MGA's confidential information. Not only is the relevance of this discovery patently obvious as a result of MGA's own allegations, but MGA recently obtained discovery on nearly identical issues from Mattel after arguing to the Court that Mattel's possession of MGA's ostensibly confidential information is central to MGA's defense. MGA should be compelled to produce documents without further delay.

### Factual Background

<u>MGA's Unclean Hands Defense</u>. MGA has asserted twenty-two affirmative defenses, including unclean hands.[1] The unclean hands defense is based on, among other allegations, Mattel's purported efforts to:

---

[1] Second Affirmative Defense, MGA Parties' Answer and Affirmative Defenses to Mattel, Inc.'s Second Amended Answer and Counterclaims, page 20-21 (Dkt. No. 1005); Second Affirmative Defense, MGA Parties' Answer and Affirmative Defenses to Mattel, Inc.'s Third Amended Answer and Counterclaims, page 21 (Dkt. No. 5798).

- "monito[r], 'sp[y] on,' or gai[n]knowledge of MGA's trade secrets, non-public information, non-public activities, unreleased products, and product development";

- "Mattel's wrongfully obtaining MGA's costs and sales information through Mattel-employed category managers at retailers";

- "induc[e] non-party customers to breach confidentiality agreements with MGA and divulge non-public information about MGA's unreleased products"; and

- "threate[n] and attempting to intimidate employees into going to work for MGA; Mattel's hiring of a former MGA employee, Tina Patel (MGA's brand manager for Bratz), and attempting to gain confidential information about MGA from this former employee."[2]

<u>Mattel Requests That MGA Produce Documents Supporting Its Unclean Hands Defense.</u>  On October 26 and December 12, 2007, Mattel served MGA with, respectively, its Fourth and Sixth Sets of Requests for Documents and Things (collectively, "RFPs").  These requests sought, among other things, documents MGA intends to rely on to support its allegations of unclean hands.  (Sixth Set of RFP Nos. 412-17.)  They also included documents relating to the alleged protected nature of the MGA information Mattel allegedly acquired, such as:

- Documents relating to MGA's efforts to keep its alleged trade secrets and/or confidential information secret (Fourth Set of RFP Nos. 88-89);

- Documents "showing what steps, if any, [MGA] took to preserve, protect and safeguard the confidentiality of the 'trade secrets, non-public information, non-public activities, unreleased products, and product development' information that MATTEL allegedly 'monitor[ed], 'sp[ied] on' or gain[ed] knowledge of.'" (Sixth Set of RFP No. 209);

- Documents showing that MGA's allegedly stolen trade secrets derived value from their secret nature (Sixth Set of RFP No. 210);

- Documents showing that MGA's allegedly stolen trade secrets were, in fact, secret (Sixth Set of RFP No. 211);

---

[2]  <u>Id.</u> at 21-23.

- Documents showing that MGA's allegedly stolen trade secrets were either used by or disclosed by Mattel (Sixth Set of RFP No. 212);

- Documents identifying to whom Mattel disclosed the allegedly stolen trade secrets (Sixth Set of RFP No. 213), and whether Mattel made such disclosures under confidentiality agreements (Sixth Set of RFP No. 214);

- Documents identifying who MGA believed stole or monitored its trade secrets (Sixth Set of RFP No. 215), and/or provided such secrets to Mattel (Sixth Set of RFP No. 216);

- Documents regarding MGA's efforts to prevent Mattel from monitoring MGA's non-public, confidential information (Sixth Set of RFP No. 217);

- Documents referring to the value of MGA's alleged trade secrets (Sixth Set of RFP No. 218);

- Documents referring to any harm MGA suffered by Mattel's allegedly improper acquisition of its alleged trade secrets (Sixth Set of RFP No. 219);

- Documents referring to the creation of MGA's alleged trade secrets (Sixth Set of RFP No. 220), and any contracts related thereto (Sixth Set of RFP No. 221); and

- Documents relating to any other person's use of MGA's alleged trade secrets besides Mattel (Sixth Set of RFP No. 225).

The text of the requests on which Mattel is moving is attached hereto as Appendix A.[3]

MGA Refuses To Produce. MGA's responses to the relevant RFPs agreed to produce "all non-privileged, responsive documents in its possession, custody or control, if any, that MGA is able to locate following a reasonably diligent search"[4] as to all the RFPs at issue now, except for Fourth Set of RFP Nos. 88-89 and Sixth Set of RFP Nos. 220 and 225. However, the documents MGA subsequently identified as responsive to this defense contained no confidential information, as demonstrated in a 30(b)(6)

---

[3] Consistent with the Court's standing directive in this case, Mattel will provide the underlying supporting documentation for this motion promptly upon the Court's instruction to do so.

[4] See MGA's Responses to Mattel's Sixth Set of Requests For the Production of Documents and Things Nos. 89-90, 209-221, 22, & 412-17.

deposition on MGA's affirmative defenses, including the unclean hands defense. There, MGA's designee on the topic could not identify *any* confidential MGA information in the documents MGA has claimed included MGA confidential information.[5]

On January 12, 2010, Mattel's counsel sent a letter to MGA's counsel detailing MGA's deficiencies with respect to these RFPs. In the months since Mattel first sent that letter, the parties have met and conferred several times regarding MGA's document production, both in discussions and via letter, including a June 30, 2010 letter in which Mattel specifically requested the documents set forth above. The most recent meet and confers were held on June 14, 2010 and July 19, 2010 between lead counsel as ordered by the Court.[6] MGA has repeatedly refused to produce the requested documents or confirm that it is not withholding additional responsive documents. In particular, MGA remarkably asserted during the meet and confer that documents concerning its alleged ownership of the information it claims was improperly obtained and documents concerning whether or not the information was actually kept confidential were "irrelevant." This refusal includes even those documents MGA previously agreed to produce.

MGA has reiterated that it intends to prove its unclean hands defense by assertions that Mattel improperly obtained MGA's ostensibly confidential documents and information.[7] For example, MGA has argued that Mattel's acquisition of alleged confidential MGA information is "directly relevant to MGA's defense to Mattel's trade secret claims to the extent that the testimony sought will show that Mattel obtained and

---

[5] Transcript of Deposition of Stephen Schultz dated June 21, 2010, at 1390:10-1391:4, 1391:21-1392:20, 1394:4-1395:6, 1396:23-1397:8.
[6] Docket No. 8079, at 3.
[7] See, e.g., Docket 8113, at 14 ("Mattel's possession of MGA confidential information is directly relevant to MGA's claim of unfair competition and unclean hands defense.").

used MGA information of the same sort Mattel has claimed is a trade secret."[8]  Based on this argument, Mattel was ordered to produce witnesses on Mattel's receipt of non-public and confidential information about competitors' products, Mattel's acquisition of MGA's confidential information, and Mattel's consumer research into MGA's products,[9] among other instances.

### Argument

### I. THE REQUESTS SEEK RELEVANT DOCUMENTS

MGA recently argued to the Court that "Mattel's possession of MGA confidential information is directly relevant to MGA's claim of unfair competition and unclean hands defense."[10]  In so arguing, MGA confirmed that it is putting its own allegedly confidential information at issue, including whether such information was actually owned by MGA and whether it was actually kept confidential by MGA.  Yet, MGA is refusing to comply even with requests for documents directly relating to—or even supposedly supporting—its unclean hands defense, including the documents that MGA alleges Mattel improperly acquired or those relating to whether MGA's information was even maintained as confidential.  There is no basis for this.  Indeed, MGA's duties to produce such documents are automatic.  See Fed. R. Civ. P. 26(a)(1)(A)(ii).  MGA must identify and produce all the allegedly stolen confidential information and documents immediately.

In addition, Mattel is entitled to the other documents it seeks to test and defend against MGA's allegations.  To prevail on its defense, MGA must demonstrate, *inter alia*, that the information Mattel obtained was confidential and directly relevant to this lawsuit, and that MGA was somehow injured by Mattel's possession of the information. See Alcatel USA, Inc. v. DGI Tech., Inc., 166 F.3d 772, 796-97 (5th Cir.

---

[8]   See id., at 4.
[9]   Docket No. 8113, at 5-9, 10-15; see also Docket No. 8133, at 4-6 (authorizing a 30(b)(6) deposition of Mattel on these topics).
[10]  Docket No. 8113, at 14.

1999) (party asserting an unclean hands defense must demonstrate it was injured by the alleged conduct); Emergency Care Research Institute, 2007 WL 2702455, at *5 (E.D. Pa. Sep. 12, 2007) (unclean hands will apply only where information obtained was legitimately confidential in nature, and conduct in obtaining information was "unconscionable"); MicroStrategy, Inc. v. Business Objects, S.A., 331 F. Supp. 2d 396, 419 (E.D. Va. 2004) (unclean hands will only apply where information obtained by plaintiff directly pertains to the events at issue in the case).[11]  Unclean hands requires no small showing. "The doctrine of unclean hands requires unconscionable, bad faith, or inequitable conduct." Mendoza v. Ruesga, 169 Cal.App.4th 270, 279 (2008). "Not every wrongful act constitutes unclean hands." Kendall-Jackson Winery, Ltd. v. Superior Court ,76 Cal. App. 4th 970, 979 (1999) (unclean hands only properly invoked against "conduct that violates conscience, or good faith, or other equitable standards of conduct"). Mattel needs the documents it is seeking to respond to MGA's defense. In fact, recognizing their relevance, MGA originally agreed to produce documents responsive to all the requests at issue other than Fourth Set of RFP Nos. 88-89 and Sixth Set of RFP Nos. 220 and 225, but then did not do so. All the documents should be compelled.

## II. NONE OF MGA'S OBJECTIONS HAS MERIT

MGA's objections are all boilerplate. MGA has not justified its refusal to produce documents, despite its burden to do so. See Paulsen v. Case Corp., 168 F.R.D. 285, 289 (C.D. Cal. 1996) (responding party bears burden of justifying refusal to produce relevant documents). In the parties' meet and confers, MGA has offered no evidence that it will be unduly burdened in making this production and instead offered only meritless assertions that the Requests sought irrelevant information, even

---

[11]  Additionally, information regarding whether the measures MGA took to protect confidentiality of its secrets are directly relevant to whether Mattel's measures were reasonable. The parties have briefed this issue previously.

though MGA itself put these matters squarely at issue. Although MGA claims that the requests seek proprietary and confidential information, there is a protective order in place that alleviates those concerns. See Nat'l Academy of Recording Arts & Sciences, Inc. v. On Point Events, LP, 256 F.R.D. 678, 683 (C.D. Cal. 2009); U.S. ex rel. Englund v. Los Angeles County, 2006 WL 734892, at *2 (E.D. Cal. Mar. 23, 2006). Indeed, the Court, the current Discovery Master, and the former Discovery Master have all ruled that the Protective Order is sufficient to address any alleged confidentiality concerns.[12]

### Conclusion

Based on the foregoing, the Court should compel MGA to produce, without objection, all non-privileged documents responsive to Mattel's Fourth Requests for Production Nos. 88-89, and Sixth Requests for Production Nos. 89-90, 209-221, 225 and 412-17.

DATED: July 21, 2010        QUINN EMANUEL URQUHART & SULLIVAN, LLP

By /s/ Michael T. Zeller
   Michael T. Zeller
   Attorneys for Mattel, Inc.

---

[12] July 2, 2007 Order, at 3 (Docket No. 608); Phase 2 Discovery Matter Order No. 6, dated March 13, 2009, at 7 (Docket No. 5018).