QUINN EMANUEL URQUHART & SULLIVAN, LLP
   John B. Quinn (Bar No. 090378)
   johnquinn@quinnemanuel.com
   Michael T. Zeller (Bar No. 196417)
   michaelzeller@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:   (213) 443-3000
Facsimile:    (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>MGA ENTERTAINMENT, INC., a California corporation, et al.,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 DOC (RNBx)<br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>DISCOVERY MATTER<br><br>Hon. David O. Carter<br><br>MATTEL'S REPLY IN SUPPORT OF MOTION TO ENFORCE AND COMPEL MGA ENTERTAINMENT, INC. AND ISAAC LARIAN TO PRODUCE DOCUMENTS RELATED TO THE MARLOWS; AND<br><br>DECLARATION OF MICHAEL T. ZELLER<br><br>Date:   TBD<br>Time:   TBD<br>Place:  Courtroom 9D<br><br>Phase 2<br>Discovery Cut-off:   TBD<br>Pre-trial Conference:   TBD<br>Trial Date:   TBD |

00505.07975/3591670.1

**<u>Preliminary Statement</u>**

1
2        Faced with incontrovertible evidence that it has violated prior Orders and that
3   its document production is grossly deficient, MGA's only response is to claim that
4   Mattel did not sufficiently meet and confer prior to bringing its motion.  MGA's
5   contention is false.  As set forth in the concurrently filed Zeller Declaration, the issues
6   were discussed at two meet and confers between lead counsel (including at one that
7   occurred under Judge Smith's auspices), and MGA's counsel stated at both that MGA
8   would not search for or produce additional Marlow-related documents.  And MGA's
9   claim that it purportedly told Mattel it was assessing the need to supplement is refuted
10  by the parties' correspondence, by MGA's own subsequent conduct, and by MGA's
11  own subsequent statements to Judge Smith.  Indeed, while MGA ignores additional
12  meet and confers on the Marlow production issue, MGA concedes that lead counsel
13  for Mattel met and conferred concerning the Marlow production on June 15—well
14  before this motion was brought on July 14.  Yet, MGA does not claim that it ever
15  updated Mattel on its "assessment" or made any supplemental production.

16       MGA does not contest the merits of Mattel's motion.  It does not dispute that
17  the requests seek relevant, discoverable documents, many of which were previously-
18  ordered produced, or that the Marlow production reveals that MGA has not met its
19  production obligations.  Even now faced with this motion, MGA still refuses to offer
20  Mattel a date certain by which it would make a full production.  The law is clear—
21  including from prior Orders in this litigation—that such amorphous promises of future
22  compliance are insufficient.  Mattel is entitled to an Order requiring production by a
23  given date and ensuring that any subsequently discovered documents are in fact
24  produced.

**I.   <u>MGA AND LARIAN SHOULD BE ORDERED TO PRODUCE ALL</u>**
      **<u>RESPONSIVE DOCUMENTS</u>**

27       MGA does not dispute that Mattel is entitled to the requested documents or that
28  its production is woefully incomplete, even though it had previously been ordered on

six of the eight requests for production at issue.  On this basis alone, Mattel is entitled to an Order compelling MGA and Larian to make a complete production.  As this Court has previously ruled, a party's concession that it has produced or will produce additional responsive documents is reason to grant a motion to compel.  See Hearing Tr., dated March 10, 2010, Vol. 1, at 21:1-15 (THE COURT: "So there's absolutely no reason for me, then, not to grant MGA's motion, so I set the precedent and I set the standard.  And I'm going to deem, based on Mr. Zeller's representation that [the requested production] has been completed, therefore, MGA's motion is granted . . . ."); Id., Vol. 3, at 5:12-22 (THE COURT: "Mattel represented that it has already produced all documents encompassed by the MGA Parties' request.  With an abundance of caution, and to create a standing precedent that all later-discovered documents be produced by Mattel, the Court grants the request.").  MGA should be ordered to produce responsive documents by a date certain for these same reasons.

## II.   MGA'S REPRESENTATIONS CONCERNING PRIOR MEET AND CONFERS ARE INACCURATE

As discussed in more detail in the concurrently-filed Declaration of Michael T. Zeller, lead counsel for the parties fully met and conferred on two occasions prior to Mattel filing its motion to compel.  At both meet and confer sessions (including one where Judge Smith was present), MGA affirmatively refused to search for or produce additional Marlow-related documents.  At no time during that process did MGA promise to supplement or even state that it would consider supplementing its production.  The clearest evidence that MGA did not promise to "assess" its existing production at the June 15 meet and confer is the radio silence that followed.  At no point in the month prior to Mattel's motion did MGA send a communication purporting to update Mattel on the progress of its "assessment."  This is because, of course, no such assessment was occurring.

This is further confirmed by other MGA briefing filed after that June 15 meet and confer.  On May 25, 2010, Mattel filed a motion before the Special Master

1   seeking oversight of MGA's searches for electronic documents and inspection of a

2   number of important MGA hard drives.  Although that motion did not seek to compel

3   the Marlow communications at issue here, Mattel called out several instances of

4   MGA's failure to adequately search for and produce Marlow-related documents as

5   evidence of the inadequacy of MGA's search and production efforts in this case.[1]  Just

6   two days before Mattel filed this motion to enforce and compel,[2] MGA filed a

7   supplemental opposition to the motion pending before Judge Smith.  In response to

8   Mattel's points about MGA's deficient production of Marlow-related documents,

9   MGA did not state that it was in the process of supplementing its production—or that

10  it was even "assessing" its production.  Far from it.  MGA instead insisted that Mattel

11  was not entitled to the Marlow documents because the documents were not responsive

12  to Mattel's document requests.[3]  This argument to Judge Smith confirmed yet again

13  that MGA was refusing to supplement its Marlow production or otherwise produce the

14  Marlow documents that Mattel had identified.

15         And, even now, after Mattel filed this motion, MGA still has provided no date

16  certain for production or promised that it would fully produce all the documents that

_____

17      [1]   See Mattel's Motion to Compel MGA Parties to Perform Searches for

18  Documents Consistent with the Requirements of Fed. R. Civ. Proc. 34, dated May

19  25, 2010, at 14-15.

        [2]   Where a motion to enforce a prior Court Order is brought, the Discovery

20  Master and other courts have held that the issue may be addressed *sua sponte*,

21  without any meet and confer.  See Discovery Master Order No. 70, dated October

    15, 2009, at 9 (finding that Mattel had adequately met and conferred with OmniNet,

22  but nonetheless noting that "whether OmniNet complied with Order No. 27 is an

23  issue that I may address sua sponte irrespective of whether Mattel properly met and

    conferred with OmniNet") (citing 3COM Corp. v. Elec. Recovery Specialists, 2002

24  WL 570636, at *2 (N.D. Ill. April 15, 2002) ("There is no necessity for a Local Rule

25  37.2 conference when the discovery dispute deals with a party's failure to comply

    with an order requiring discovery responses.")).

26      [3]   See MGA Parties' Response to the Supplemental Declaration of Dylan Proctor

27  in Support of Mattel, Inc.'s Motion to Compel MGA Parties to Perform Searches for

    Documents Consistent with the Requirements of Fed. R. Civ. Proc. 34, dated July

28  12, 2010, 15-16.

1    are responsive to the Requests and Orders that are the subject of this motion.[4]   Indeed,

2    MGA does not even deign to tell the Court about what actual efforts it undertook to

3    "assess" its Marlow-related production in the month after the first meet and confer,

4    which further belies MGA's *post-hoc* claims that it had intended to comply all along.

## Conclusion

6        For the foregoing reasons, Mattel's motion should be granted in its entirety.

7    DATED:  July 21, 2010                QUINN EMANUEL URQUHART &
                                          SULLIVAN, LLP

9                                         By /s/ Michael T. Zeller

10                                           Michael T. Zeller
                                             Attorneys for Mattel, Inc.

---

[4]    Failure to provide a date certain for production is grounds for a motion to compel.  <u>See</u> Discovery Master Order No. 70, dated October 15, 2009, at 4 (finding adequate meet and confer where counsel "indicate[ed] that Omni 808 and Vision Capital were in the process of searching for additional materials but failed to provide a date certain by which such documents would be produced.").