QUINN EMANUEL URQUHART & SULLIVAN, LLP
  John B. Quinn (Bar No. 090378)
  (johnquinn@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>MGA ENTERTAINMENT, INC., a California corporation, et al.,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 DOC (RNBx)<br>Consolidated with<br>Case Nos. CV 04-09059 & CV 05-02727<br><br>Hon. David O. Carter<br><br>DECLARATION OF MICHAEL T. ZELLER IN SUPPORT OF MATTEL, INC.'S REPLY IN SUPPORT OF MOTION TO ENFORCE AND COMPEL MGA ENTERTAINMENT, INC. AND ISAAC LARIAN TO PRODUCE DOCUMENTS RELATED TO THE MARLOWS<br><br>Hearing Date: TBD<br>Time: TBD<br>Place: Courtroom 9D<br><br>**Phase 2**<br><br>Discovery Cutoff: TBD<br>Pre-trial Conference: TBD<br>Trial: TBD |

00505.07975/3591671.1

Case No. CV 04-9049 DOC (RNBx)
ZELLER DECLARATION ISO MATTEL'S MOTION TO ENFORCE AND COMPEL MGA AND LARIAN TO
PRODUCE DOCUMENTS RELATED TO THE MARLOWS

# DECLARATION OF MICHAEL T. ZELLER

I, Michael T. Zeller, declare as follows:

1. I am a member of the bar of the States of California, New York and Illinois and a partner at Quinn Emanuel Urquhart & Sullivan, LLP, attorneys for Mattel, Inc. ("Mattel"). I make this declaration of personal, firsthand knowledge, and if called and sworn as a witness, I could and would testify competently hereto.

2. Contrary to MGA's contentions, lead counsel met and conferred on two occasions regarding MGA's deficient production of Marlow-related documents. In fact, as discussed below, one of those meet and confers occurred under the auspices of Judge Smith, the Special Master. As also discussed below, at no time did MGA during these meet and confers promise, or even suggest, that it would supplement its Marlow-related production. To the contrary, MGA's counsel specifically refused to do so. Moreover, even after Mattel filed its motion to compel and MGA for the first time offered to supplement its production, MGA neither has provided any date certain for any such production nor has stated that it would produce all of the documents that Mattel has sought on the subject.

3. On June 10, 2010, I sent a letter to MGA's counsel, Annette Hurst and Tom McConville, asking for lead counsel to meet and confer on, among other topics, deficiencies in MGA's production of Marlow-related documents and emails. This letter identified specific document requests to which the missing documents were responsive—the same document requests identified in Mattel's subsequent motion to compel—and provided Bates-numbered examples of documents that were produced by a third party and that MGA should have produced, but had failed to produce. The relevant excerpt from my June 10, 2010 letter is as follows:

> **XI. Documents from the Marlow Production Responsive to Prior Discovery Requests**
>
> MGA has clearly not produced all documents related to its communications with and employment of Veronica Marlow, Peter Marlow, Ana Cabrera, Beatriz Morales, and Maria Elena Salazar. The Court has previously compelled at least two requests for documents

specifically addressing former Mattel employees such as these individuals. Request 60 of Mattel's First Set to MGA regarding unfair competition seeks "[a]ll DOCUMENTS RELATING TO the hiring, engagement, or retention by YOU of any current or former MATTEL employee or contractor since January 1, 1999 . . . ." Request 137 seeks "[a]ll DOCUMENTS . . . including but not limited to all COMMUNICATIONS between YOU and any present or former employees or contractors of MATTEL." Mattel has propounded other requests on MGA that are specifically related to Marlow and not limited to a particular time period.[1] Request 17 of Mattel's First Set to MGA seeks "[a]ll DOCUMENTS that REFER OR RELATE TO any agreement or contract between YOU and Veronica Marlow, including without limitation all COMMUNICATIONS that REFER OR RELATE thereto." Request 5 of Mattel's Fourth Set to MGA seeks "[a]LL DOCUMENTS received by YOU, directly or indirectly, from Veronica Marlow . . . RELATING TO MATTEL, or any MATTEL product, plan, client, customer, current or former MATTEL employee, sales, advertising, marketing, analysis, tool or procedure." MGA's communications with Marlow referring or relating to any current Mattel employee would also be responsive to Request 41 of Mattel's Fifth Set (Phase 2).

MGA is obligated to produce all documents responsive to these requests, including the many documents contained in the Marlow production that are clearly in MGA's possession but have not yet been produced. Moreover, Exhibit 8947 (MGA 3797015-17) from Paula Garcia's deposition discusses MGA's efforts to hire three seamstresses away from Mattel, though Garcia claimed she did not know to whom the email referred. Additional responsive emails will likely shed light on the identity of these seamstresses and the veracity of Garcia's deposition testimony. Such documents have never been produced by MGA even though they are responsive to the above requests. See, e.g., KMW-M 03007 (April 28, 2005 email from MGA employee Dennis Soai to Marlow, Garcia, and Salazar, among others).

4. On June 15, 2010, lead counsel for Mattel, John Quinn and I, and lead counsel for MGA, Annette Hurst and Tom McConville, conducted a meet and confer on a variety of outstanding discovery issues. One of those issues that was

---

[1] *Note: This footnote is reproduced as it appeared in my June 10, 2010 letter to lead counsel for MGA:* Mattel has propounded similar requests on Larian, two of which have been compelled. Request 84 of Mattel's First Set to Larian seeks "[a]ALL DOCUMENTS RELATING TO any actual, potential, proposed, considered or contemplated agreement or contract between YOU or MGA and Veronica Marlow or her FAMILY MEMBERS . . . and all COMMUNICATIONS relating thereto." Request 85 seeks "[a]LL DOCUMENTS RELATING TO any payments of money or the transfer of anything of value to Veronica Marlow or her FAMILY MEMBERS."

discussed among lead counsel was the Marlow production, as raised in my June 10, 2010 letter. During this conference call, Annette Hurst stated that MGA had conducted a thorough search for responsive documents and communications related to the Marlows and stated, without qualification, that MGA would not agree to supplement that response or do a further search for additional responsive documents. MGA's counsel further stated that, due to the date range of many of the Marlow communications, some of the missing communications may have been previously deleted pursuant to MGA's "normal document retention policies."

5. Also during this conference call, I specifically raised the issue of Exhibit 8947, an email which MGA executive Paula Garcia had testified possibly referred to then-current Mattel design employees *other than* the three hired by the Marlows. Counsel for MGA stated that would investigate that particular issue, but at no time did counsel for MGA ever state they would supplement or even investigate supplementation of their production of documents related to the Marlows, as Mattel had requested. Despite MGA's statement during the meet and confer that it would investigate the facts regarding Exibit 8947, MGA has never provided any update or response as to the issues raised by that Exhibit.

6. Because no progress had been made during the lead counsel meet and confer on June 15, 2010, Mattel referenced the issue of MGA's insufficient Marlow production again in a letter to the Electronic Discovery Special Master, dated June 21, 2010. I sent this letter to the Special Master and lead counsel for MGA in advance of the parties' in-person meet and confer session with the Special Master on June 22, 2010. Again, the letter specifically identified relevant requests for production to which Mattel believed MGA had not adequately responded. The following is the relevant portion of my June 21, 2010 letter to the Special Master:

> **XVI. <u>Documents from the Marlow Production Responsive to Prior Discovery Requests</u>**
>
> A critical area of this case as to which MGA has provided only a paltry amount of discovery is MGA's bribery of Mattel sample makers to

surreptitiously work for MGA while employed by Mattel. It was revealed, shortly before the Phase 1 trial, that MGA used a purported independent contractor, Veronica and Peter Marlow, to pay at least three Mattel sample makers, Ana Cabrera, Beatriz Morales, and Maria Elena Salazar, to work on Bratz while at Mattel up through at least 2005. These matters are referenced throughout Mattel's pleading and are the subject of multiple claims. Nearly all the documents that have been produced in this regard, however, have come from Marlow, and not MGA. In fact, Marlow has produced more than 400 emails on these issues that have mgae.com email addresses, but which were not produced by MGA. MGA denied knowledge that Mattel sample makers were being used to work on Bratz at the Phase 1 trial. The documents Mattel now seeks may shed light on that issue.

MGA should be ordered to produce (1) all documents and communications regarding Veronica Marlow, Peter Marlow, Ana Cabrera, Beatriz Morales, and Maria Elena Salazar, as well as (2) all documents and communications regarding payments to any of them or to sample makers or seamstresses more generally, as well as (3) all documents and communications regarding sample makers or seamstresses and Bratz prior to 2005. Such documents will go directly to Mattel's claims of commercial bribery by MGA, among others, and are clearly discoverable. MGA has already been ordered to produce at least some such documents, but clearly has not. Accordingly, a further order should issue.[2]

---

[2] *NOTE: This footnote is reproduced here as it appeared in my June 21, 2010 letter to the Special Master*: Requests for production that bear on this issue include: 1) Request 60 of Mattel's First Set to MGA regarding unfair competition (compelled by Discovery Master Order dated August 13, 2007), which seeks "[a]ll DOCUMENTS RELATING TO the hiring, engagement, or retention by YOU of any current or former MATTEL employee or contractor since January 1, 1999 . . . ." 2) Request 137 (compelled by Discovery Master Order dated August 13, 2007), which seeks "[a]ll DOCUMENTS . . . including but not limited to all COMMUNICATIONS between YOU and any present or former employees or contractors of MATTEL." 3) Request 17 of Mattel's First Set to MGA seeks "[a]ll DOCUMENTS that REFER OR RELATE TO any agreement or contract between YOU and Veronica Marlow, including without limitation all COMMUNICATIONS that REFER OR RELATE thereto." 4) Request 5 of Mattel's Fourth Set to MGA seeks "[a]LL DOCUMENTS received by YOU, directly or indirectly, from Veronica Marlow . . . RELATING TO MATTEL, or any MATTEL product, plan, client, customer, current or former MATTEL employee, sales, advertising, marketing, analysis, tool or procedure." 5) Request 84 of Mattel's First Set to Larian (compelled by Discovery Master Order dated December 31, 2007) seeks "[a]LL DOCUMENTS RELATING TO any actual, potential, proposed, considered or contemplated agreement or contract between YOU or MGA and Veronica Marlow or
(footnote continued)

7. During the course of the parties' day-long meet and confer under the supervision of the Special Master on June 22, 2010, the subject of MGA's insufficient productions, both as to the Marlows and as to a number of other topics, was discussed. During the meeting, MGA again refused to supplement its Marlow production or indeed *any* of its prior productions.

8. Because of these repeated refusals by lead counsel for MGA, Mattel had no choice but to move to compel the Marlow documents, and the Court's Order requiring a lead counsel meet and confer in advance of a motion to compel had been more than satisfied by the multiple discussions related to MGA's deficient Marlow production.

9. Lead counsel for Mattel and the MGA Parties conducted an additional telephonic meet and confer on July 8, 2010. During this conference call, which was over an hour in length, counsel for MGA did not mention any planned or intended supplemental production of Marlow documents or any additional investigation as to the Marlow production issues. Indeed, counsel for MGA never once mentioned its deficient Marlow production. I did not raise the issue, because, as stated, MGA had repeatedly refused to supplement its production and I believed the matter was ripe for a motion to compel.

10. Mattel filed its motion to compel related to the Marlow documents on July 14, 2010. Lead counsel for Mattel and the MGA Parties conducted another

---

her FAMILY MEMBERS . . . and all COMMUNICATIONS relating thereto." 6) Request 85 (compelled by Discovery Master Order dated December 31, 2007) seeks "[a]LL DOCUMENTS RELATING TO any payments of money or the transfer of anything of value to Veronica Marlow or her FAMILY MEMBERS." 7) Request 41 of Mattel's Fifth Set (Phase 2), which seeks "All COMMUNICATIONS between YOU and any PERSON, including without limitation internal MGA COMMUNICATIONS, REFERRING OR RELATING TO any CURRENT MATTEL EMPLOYEE."

1  telephonic meet and confer on the morning of July 19, 2010. Although Mattel's motion
2  to compel the Marlow documents had been filed five days prior to this meet and confer,
3  counsel for MGA again made no mention of any planned or intended supplemental
4  production or investigation as to the Marlow documents, and indeed did not mention
5  the Marlow production or Mattel's motion to compel at all.

6        11.    At 2:43 p.m. on July 19, 2010—several hours after the meet and
7  confer described above, and five days after Mattel had filed its motion to compel the
8  Marlow documents—Annette Hurst sent me an email claiming for the first time that
9  MGA did not believe the parties' meet and confer with respect to the Marlow
10 documents had concluded and claimed that MGA agreed "that further review and
11 production should be made." This was the first time MGA had ever stated it agreed to
12 further review or supplement the Marlow production. I responded to Ms. Hurst's July
13 19, 2010 email on the same day. In that email, I informed Ms. Hurst (as I would have
14 had MGA raised the issue at any time prior to July 19) that Mattel would consider any
15 proposal for supplemental production by MGA. I stated that although Mattel would not
16 withdraw its motion based on a promise for an unspecified "further review and
17 production," Mattel would consider any specific proposal for a supplemental
18 production. I further stated that Mattel would consider withdrawing the motion to the
19 extent called for by any actual supplemental production by MGA.

20       12.    On July 20, 2010, Ms. Hurst responded to my July 19, 2010 email.
21 Despite the request in my July 19 email, Ms. Hurst refused to give any additional
22 information concerning a supplemental production in light of MGA's admission that
23 "further review and production is required." On July 21, 2010, my partner, Dylan
24 Proctor, responded to Ms. Hurst and again requested further information concerning
25 any supplemental production by MGA. Counsel for MGA has never responded. In
26 addition to failing to provide any information about a purported "further review and
27 production," MGA has not produced a single document purporting to supplement its
28 Marlow production. Moreover, even after Mattel filed its motion to compel and MGA

Case 2:04-cv-09049-DOC-RNB   Document 8347-1   Filed 07/21/10   Page 8 of 8   Page ID
 #:267599

1  for the first time offered to supplement its production, MGA neither has provided any
2  date certain for any such production nor has stated that it would produce all of the
3  documents that Mattel has sought on the subject.
4
5        I declare under penalty of perjury under the laws of the United States of
6  America that the foregoing is true and correct.
7        Executed on July 21, 2010, at Los Angeles, California.
8
9        /s/ Michael T. Zeller
         Michael T. Zeller
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

00505.07975/3591671.1
-7-   Case No. CV 04-9049 DOC (RNBx)
ZELLER DECLARATION ISO MATTEL'S MOTION TO ENFORCE AND COMPEL MGA AND LARIAN TO
PRODUCE DOCUMENTS RELATED TO THE MARLOWS