1   MELINDA HAAG (State Bar No. 132612)
    mhaag@orrick.com
2   ANNETTE L. HURST (State Bar No. 148738)
    ahurst@orrick.com
3   WARRINGTON S. PARKER III (State Bar No. 148003)
    wparker@orrick.com
4   ORRICK, HERRINGTON & SUTCLIFFE LLP
    The Orrick Building, 405 Howard Street
5   San Francisco, CA 94105
    Tel. (415) 773-5700/ Fax: (415) 773-5759
6
7   WILLIAM A. MOLINSKI (State Bar No. 145186)
    wmolinski@orrick.com
8   ORRICK, HERRINGTON & SUTCLIFFE LLP
    777 South Figueroa Street, Suite 3200
    Los Angeles, CA  90017
9   Tel. (213) 629-2020/Fax: (213) 612-2499

10  THOMAS S. McCONVILLE (State Bar No. 155905)
    tmcconville@orrick.com
11  ORRICK, HERRINGTON & SUTCLIFFE LLP
    4 Park Plaza, Suite 1600
12  Irvine, CA 92614-2258
    Tel: (949) 567-6700/Fax: (949) 567-6710
13  Attorneys for MGA Parties

14              UNITED STATES DISTRICT COURT
                CENTRAL DISTRICT OF CALIFORNIA
15                    SOUTHERN DIVISION

| | |
|---|---|
| 16  CARTER BRYANT, an individual, | Case No. CV 04-9049-DOC (RNBx) |
| 17        Plaintiff, | Consolidated with: |
| 18        v. | Case No. CV 04-9059<br>Case No. CV 05-2727 |
| 19  MATTEL, INC., a Delaware corporation, | Hon. David O. Carter |
| 20        Defendant. | [PUBLIC VERSION] MGA'S NOTICE OF MOTION AND MOTION TO COMPEL MATTEL TO PRODUCE ROBERT A. ECKERT ON TOPIC 9 OF MGA'S NOTICE OF DEPOSITION AND PRODUCE DOCUMENTS RELATED TO MATTEL LICENSES |
| 21 | |
| 22  AND CONSOLIDATED ACTIONS | |
| 23 | |
| 24 | Date:    TBD |
| 25 | Time:    TBD<br>Place:   Courtroom 9D |
| 26 | **Phase 2** |
| 27 | Discovery Cut-off:       TBD<br>Pre-Trial Conference:   TBD |
| 28 | Trial Date:              TBD |

1  TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD;

2  PLEASE TAKE NOTICE THAT, at a date and time to be set by the Court,

3  MGA Entertainment, Inc. ("MGA") will and hereby does move for an order

4  compelling Mattel to produce Robert A. Eckert on Topic 9 of MGA's April 27,

5  2010 notice of deposition and for production of documents related to Mattel's

6  Barbie licenses from 2001.

7  This Motion is made on the grounds that Bob Eckert, who testified on Topic

8  9 of MGA's notice of deposition was woefully unprepared. The documents related

9  to Mattel's licenses are directly relevant to MGA's unfair competition claim,

10  unclean hands defense and its defense against Mattel's damages claim. This motion

11  is based on this Notice, the accompanying Memorandum of Points and Authorities,

12  all other pleadings and papers on file in this matter, and such further evidence and

13  argument as may be presented at the hearing on this motion.

14  ## Statement of Compliance

15  Lead counsel met and conferred regarding the instant motion on several days,

16  including at least July 8, July 19, July 20, 2010.

17

18  Respectfully submitted,

19

20  Dated: July 26, 2010                    ORRICK, HERRINGTON & SUTCLIFFE LLP

21

22

23  By: _____
                                                    Sugithra Somasekar
24                                                  Attorneys for MGA Parties

25

26

27

28

- 1 -

MGA'S MTC MATTEL TO PRODUCE ROBERT A. ECKERT ON
TOPIC 9 OF NOTICE OF DEPOSITION RE MATTEL LICENSES
CASE NO. 04-9049 DOC (RNBx)

**INTRODUCTION**

On June 7, 2010, the Court granted MGA's motion to compel on Topic 9 of its notice of deposition, which sought communications between Mattel and its licensees regarding potential or actual licenses with MGA.  The Court ordered Mattel to either designate a 30(b)(6) witness or to produce Bob Eckert and/or Neil Friedman to testify as to Mattel's practice of communicating with its licensees about actual or potential MGA licenses, ███████████

██████████████████

████████

Mattel produced Mr. Eckert on June 16.  Mr. Eckert was completely unprepared and lacked adequate knowledge on the designated topic.  He had not talked to the relevant people, nor reviewed relevant documents.  He had not even done a reasonable investigation of the November 28, 2006 email exchange ████████

██████████████████

████████  Accordingly, MGA respectfully requests that Mattel be ordered to produce Mr. Eckert on Topic 9 of MGA's April 27, 2010 notice of deposition.  At a minimum, Mr. Eckert should be prepared and compelled to testify about the facts behind the November 28, 2006 email exchange, and the specific instances of Mattel communications with licensees and third parties identified by MGA.  Further, Mattel should be compelled to produce documents related to its Barbie licenses from 2001 as they are directly relevant to MGA's unfair competition claim, unclean hands defense and Mattel's damages claim.

**STATEMENT OF FACTS**

**I.   THE COURT FOUND THAT TOPIC 9 "UNDISPUTABLY SEEKS RELEVANT INFORMATION"**

On April 27, 2010, MGA served Mattel with a Notice of Deposition that identified 27 topics.  Topic No. 9 sought communications between Mattel and its

- 1 -

MGA'S MTC MATTEL TO PRODUCE ROBERT A. ECKERT ON
TOPIC 9 OF NOTICE OF DEPOSITION RE MATTEL LICENSES
CASE NO. 04-9049 DOC (RNBx)

1  licensees or potential licensees regarding potential or actual licenses with MGA. [1]

2  As part of its unclean hands defense and unfair competition claim, MGA has

3  alleged that Mattel had a policy of not doing business with MGA licensees and

4  terminated or threatened to terminate its licenses if they did business with MGA.

5  Topic 9 is relevant to these claims. [2]  Specifically, MGA cited a November 28,

6  2006 email exchange among ████████████████████████████████████

7  ████████████████████████████████████████████████████████

8  ████████████████████████████████████

9      The Court found that this document and Topic 9 was "undisputably" relevant

10  and ordered Mattel to either designate a 30(b)(6) witness to testify on this topic or

11  to produce Bob Eckert and/or Neil Friedman to testify as to Mattel's practice of

12  communicating with its licenses about actual or potential MGA licenses. [3]

13  **II.   THE NOVEMBER 28, 2006 "KILL" OR "LET SLIDE" EMAIL**

14  ████████████████████████████████████████████████████████

15  ████████████████████████████████████████████████████████

16  ████████████████████████████████████████████████████████

17  ████████████████████████████████████████████████████████

18  ████████████████████████████████████████████████████████

19  ████████████████████████████████████████████████

20  ████████████████████████████████████████████████

21  ████████████████████████████████████████████████

22  ████████████████████████████████████████████████████████

23  ████████████████████████████████████████████████

24  ████████████████████████████████████

25  [1] Dkt. 8079 at 10.
26  [2] Dkt. No. 7984 at 14.
   [3] Dkt. No. 8079 at 10-11.
27  [4] A copy of this email is attached as Exhibit A to the Declaration of Sugithra Somasekar in Support of MGA's Motion to Compel Mattel to Produce Robert A.
28  Eckert on Topic 9 of MGA's Notice of Deposition and Documents Related to Mattel Licenses ("*Somasekar Decl.*").

- 2 -

MGA'S MTC MATTEL TO PRODUCE ROBERT A. ECKERT ON
TOPIC 9 OF NOTICE OF DEPOSITION RE MATTEL LICENSES
CASE NO. 04-9049 DOC (RNBx)

**ARGUMENT**

I.  **MATTEL'S WITNESS BOB ECKERT WAS WOEFULLY UNPREPARED.**

The Court ordered Mattel to either designate a 30(b)(6) witness or to produce Bob Eckert and/or Neil Friedman to testify as to Mattel's practice of communicating with its licenses about actual or potential MGA licenses. [5]  Mattel produced Mr. Eckert on June 16.  Mattel had a duty to prepare its witness to fully and unevasively answer questions about the designated subject matter.  *Great Am. Ins. Co. of NY v. Vegas Construction Co.*, 251 F.R.D. 534, 539 (D. Nev. 2008); *see also Taylor v. Shaw*, 2007 WL 710186, at \*1 (D. Nev. Mar. 7, 2007)(noting obligation "to produce one or more Rule 30(b)(6) witnesses who are thoroughly educated about the noticed deposition topics with respect to any and all facts known to it or its counsel").

Mattel's witness, Bob Eckert, was completely unprepared.  He did not speak to the relevant people, did not review relevant documents, and did not gather relevant information.  Mr. Eckert did not speak with any licensees to prepare for his deposition. [6]  Mr. Eckert also did not also review any documents produced by MGA on this topic, including documents reflecting Mattel's threats to its licensees to not license MGA products. [7]  Mr. Eckert also did not have adequate knowledge of Mattel's practice of communicating with its licensees or potential licensees regarding MGA licenses – he did not know whether Mattel had terminated or threatened to terminate its license if they did business with MGA or if Mattel had told licensees that it preferred them to do business only with Mattel. [8, 9]

At the very least, Eckert should have done a reasonable investigation of the November 28, 2006 email exchange █████████████████████████

---

[5] Dkt. No. 8079 at 10-11.
[6] *Somasekar Decl.*, Ex. B at 7:17-22.
[7] *Id.* at 7:8-12; 25:14-46:18
[8] *Id.* at 16:7-17:16
[9] *Id.* at 24:21-25:3

1   ██████████████████████████████████ He

2   did not.  Eckert did not even speak to Mandana Sadigh or Neil Friedman, the two

3   key Mattel personnel involved in this email exchange even though they were

4   currently employed by Mattel. [10] While Mr. Eckert spoke to Ellen Brothers, the

5   third Mattel executive involved in the email exchange, he did not ask her anything

6   about the facts related to the email exchange – ████████████████████

7   █████████████████████████████████████████

8   █████████████████████████████████████████

9   ████████████████████████ [11]

10      In short, Mr. Eckert was completely unprepared on the designated topic and

11  he failed to even do a reasonable investigation of the November 18, 2006 email

12  exchange.  MGA is entitled to a knowledgeable witness and Mattel should be

13  compelled to prepare and produce Mr. Eckert for deposition on Topic 9 as ordered

14  previously by the Court.

15  **II.   AT A MINIMUM, MATTEL MUST PREPARE AND PRODUCE MR.
        ECKERT TO TESTIFY ABOUT THE NOVEMBER 28, 2006 EMAIL**

16  **AND THE SPECIFIC COMMUNICATIONS IDENTIFIED BY MGA.**

17      At a minimum, Mr. Eckert must be compelled to prepare and testify on the

18  following specific issues.

19      •   **The November 28, 2006 Email Exchange.**  The November 28, 2006

20  email is undisputably relevant and encompassed within Topic 9.  MGA is entitled

21  to know the facts behind this email exchange - what was communicated by whom

22  and why.  As described above, Mr. Eckert failed to perform even the most basic

23  investigation on this email exchange.  He must be compelled to do so and testify.

24      •   **Specific Instances of Mattel's Communications/Threats to**

25  **Licensees and Third Parties Identified by MGA.**   MGA has produced a number

26  of documents reflecting that Mattel threatened its licensees or third parties to not

27  _____

28  [10] _Id._ at 5: 9-18.
    [11] _Id._ at 10:19-11:21.

- 4 -

1   license MGA products or do business with MGA. [12]  Mr. Eckert was questioned on
2   approximately ten such documents and he  testified that he did not review these
3   documents and conduced no investigation as to whether Mattel had communicated
4   with these licensees identified by MGA or the content of such communications. [13]
5   Mattel should be compelled to investigate these specific communications with
6   licensees and third parties identified by MGA.  While granting MGA's motion to
7   compel Mattel on Topic 9, the Court expressed concern about the scope and
8   "potential overbreadth" of this topic as the term "communications" appeared to
9   include innocuous spreadsheets that merely detail MGA licenses. [14]  Requiring
10  Mattel to investigate the specific instances identified by MGA resolves any such
11  concerns about overbreadth.  This information is directly relevant to MGA's
12  unclean hands defense and its unfair competition claim and MGA is entitled to a
13  knowledgeable witness on this issue.
14          •    **Whether Any Mattel Licensee Was Terminated On Account of**
15  **Being a MGA licensee As Identified in the Bain document.**   In 2004, Mattel
16  retained Bain & Co. to work on a project titled "Project Doll."  As part of this
17  project, Bain compiled a list of MGA domestic and international licensees. [15]  The
18  purpose of this list – whether it was compiled for enforcing Mattel's policy of not
19  doing business with MGA licensees is directly relevant to MGA's unclean hands
20  defense and unfair competition claim.  Mr. Eckert was unable to answer why this
21  list was compiled and whether Mattel had circulated this list and instructed its
22  employees to not do business with them. [16]  Mattel should be compelled to
23  investigate and testify on the purpose of this list and whether any Mattel licensee on
24  the list had been terminated because of being a MGA licensee.  MGA is entitled to
25  this information.

26  [12] *Somasekar Decl.*, Ex. C-L.
    [13] *Somasekar Decl.*, Ex. B at 25:15-46:18.
27  [14] Dkt. No. 8079 at 10-11.
    [15] *Somasekar Decl.*, Ex. M.
28  [16] *Somasekar Decl.*, Ex. B at 18:13-21:25.

MGA'S MTC MATTEL TO PRODUCE ROBERT A. ECKERT ON
TOPIC 9 OF NOTICE OF DEPOSITION RE MATTEL LICENSES
CASE NO. 04-9049 DOC (RNBx)

## III. MATTEL SHOULD BE COMPELLED TO PRODUCE DOCUMENTS RELATED TO LICENSING OF BARBIE FROM 2001 TO PRESENT

Mattel's licensing files are relevant to MGA's unclean hands defense and unfair competition claim and Mattel's damages. MGA has alleged that Mattel had a policy of not doing business with MGA licensees and terminated or threatened to terminate its licensees if they did business with MGA. The November 28, 2006 email exchange shows that ███████████████████████████████ ██████████████████████████████ Thus, documents related to Mattel's Barbie licenses are relevant to show if there was such a policy, and if Mattel had enforced this policy by terminating or threatening to terminate its licensees for licensing Bratz. These documents are also relevant to Mattel's expansive damages claim, which include Mattel's licensing revenues since 2001.

Documents related to Mattel's Barbie licenses from 2001 to the present are responsive to MGA's Request for Production No. 210 which seeks documents related to Mattel's intellectual property licensing agreements from 1995. [17] Mattel responded to this request by merely objecting. [18] MGA is entitled to this information as it is directly relevant to its claim and defenses and Mattel should be compelled to produce all licensing files related to Barbie licenses from 2001 to the present.

//

//

//

---

[17] The full text of RFP 210 reads: All DOCUMENTS, as identified and described by MATTEL's CEO, Robert Eckert, during his deposition of December 16, 17, and 18, 2009 (12/18/09 Eckert Depo Tr. 711:10-713:2), from 1995 to present, comprising MATTEL's intellectual property license agreements, royalty agreements, and any royalty reports resulting therefrom, between MATTEL and all manufacturers, suppliers, distributors, retailers or licensees, and any CORRESPONDENCE RELATING or REFERRING thereto. 1/5/2010 MGA's Fourth Set of Phase 2 Requests For Production Of Documents And Things To Mattel.

[18] 2/4/2010 Mattel's Objections and Responses to Fourth set of Request for Production of Documents at 19.

- 6 -

MGA'S MTC MATTEL TO PRODUCE ROBERT A. ECKERT ON
TOPIC 9 OF NOTICE OF DEPOSITION RE MATTEL LICENSES
CASE NO. 04-9049 DOC (RNBX)

1

## CONCLUSION

2    For the foregoing reasons MGA hereby respectfully requests that the Court

3   order Mattel to produce Mr. Eckert on Topic 9 of MGA's April 27, 2010 notice of

4   deposition and produce documents related to its Barbie licenses from 2001 to the

5   present.

6

7   Dated:  July 26, 2010

Respectfully submitted,

ORRICK, HERRINGTON & SUTCLIFFE LLP

8

9

By:  _____

10                            Sugithra Somasekar
      Attorneys for MGA ENTERTAINMENT, INC.,
11   MGA ENTERTAINMENT HK, LTD., MGA de
      MEXICO, S.R.L. de C.V., and ISAAC LARIAN

12

13   OHS West:260957495.3

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MGA's MTC MATTEL TO PRODUCE ROBERT A. ECKERT ON
TOPIC 9 OF NOTICE OF DEPOSITION RE MATTEL LICENSES
CASE NO. 04-9049 DOC (RNBx)