QUINN EMANUEL URQUHART & SULLIVAN, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  michaelzeller@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>MGA ENTERTAINMENT, INC., a California corporation, et al.,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 DOC (RNBx)<br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>Hon. David O. Carter<br><br>**REPLY IN SUPPORT OF MATTEL, INC.'S MOTION FOR AN ORDER COMPELLING COMPLETE RULE 26 DISCLOSURES, RESPONSES TO INTERROGATORIES AND PRODUCTION OF DOCUMENTS BY CARLOS GUSTAVO MACHADO GOMEZ** |

**[Public Redacted Version]**

Date: TBD
Time: TBD
Place: Courtroom 9D

**Phase 2**
Discovery Cut-off: TBD
Pre-trial Conference: TBD
Trial Date: TBD

**Preliminary Statement**

For three years now, Mattel has repeatedly met and conferred with Mr. Machado to resolve his objections to discovery requests. Time and again, Machado has invoked the Fifth Amendment, and only the Fifth Amendment, to avoid compliance with Mattel's discovery requests. The Court had overruled Machado's Fifth Amendment objection and compelled him to testify at deposition, finding that Machado has no such right. Mr. Machado nevertheless again invokes his non-existent Fifth Amendment rights to excuse his refusal to respond meaningfully to interrogatories, requests for production, requests for admission and to provide meaningful Rule 26 disclosures. Machado argues that the Court's prior Order on this subject do not apply because some of his testimony may be used in connection with the Mexico criminal prosecution.

Nothing has changed to warrant revisiting, yet again, the Court's ruling that Machado cannot invoke rights against self-incrimination in this jurisdiction. Mattel's request to use Machado's deposition in that foreign prosecution is consistent with Mattel's previous position: that is, the purpose of this civil action against Machado is the recovery of damages for injuries suffered in the United States. This lawsuit is hardly "subterfuge" in order to use a deposition in a foreign proceeding. As to this issue, the Opposition is silent, other than to describe Mattel's position incorrectly.

Without legal support for this latest attempt to block long-outstanding discovery, the Opposition attempts to revive Machado's objections to Mattel's discovery requests. The parties have met and conferred at length on the requests at issue. Machado long ago abandoned the objections raised here and indeed agreed to supplement his discovery responses once his Fifth Amendment objections were resolved by the Court. With trial looming, this last ditch effort to rely upon a "handful" of vagueness objections, not to mention the claim that the definition of "INTERNET" is beyond his understanding, should be rejected. Mattel respectfully submits that such delaying tactics must now end, and the Motion should be granted.

**Argument**

## I. THE COURT'S PRIOR RULINGS DISALLOWING MACHADO'S FIFTH AMENDMENT INVOCATION SHOULD NOT BE DISTURBED.

The Opposition is premised on Machado's continued reliance on the Fifth Amendment. As set forth in the Motion, this Court ruled that "Machado cannot avail himself of the Fifth Amendment due to the Supreme Court's holding in Balsys." Dkt No. 7657 at 2. In Balsys, the Supreme Court held that concerns over a foreign prosecution cannot give rise to a valid Fifth Amendment claim. United States v. Balsys, 524 U.S. 666, 666 (1998). The Supreme Court considered the costs and benefits of extending the privilege to extraterritorial prosecutions, but determined that "extending protection as Balsys requests would change the balance of private and governmental interests that has seemingly been accepted for as long as there has been Fifth Amendment doctrine." Balsys, 524 U.S. at 693.

Machado argues that the possible use of his deposition testimony requires this analysis to be reconsidered. In the dicta upon which Machado relies, the Balsys Court left open the application of its ruling to a case in which there was extensive cooperation between U.S. and foreign prosecutors. Balsys, 524 U.S. at 699 ("Whether such an argument should be sustained may be left at the least for another day, since its premises do not fit this case."). In the twelve years since, however, no federal district or appellate court, and no state supreme court, has ever found such an exception to exist. United States v. Alvarez, 489 F. Supp. 2d 714, 721-22 (W.D. Tex. 2007) ("Defendants accurately state that the Supreme Court proscribed this defense when asserting the right against self incrimination. However, Defendants cite only dicta to argue that the defense may exist. Defendants omit vitally important language that expressly forecloses this authority as purely dicta and not stare decisis. Thus, the Balsys Court did not create an exception, rather it posed a hypothetical question, and expressly denied the defense asserted by Defendants in the instant case.") (internal citations omitted); Valenzuela v. United States, 286 F.3d 1223, 1229 (11th Cir. 2002)

("We also agree with the magistrate judge and the district court that there is simply nothing in the record to support a finding that the investigation by Italy was so jointly and cooperatively conducted with the United States as to allow petitioners to take advantage of dicta in Balsys that may allow individuals to claim that "fear of foreign prosecution [is] tantamount to fear of a criminal case brought by the Government itself."); In re Impounded, 178 F.3d 150, 155 (3d Cir. 1999) ("[t]he language in Balsys is conditional rather than prescriptive (i.e., 'could be said,' 'could be argued') and sets forth a hypothetical situation reserved 'for another day,' rather than a set of rules which a court can readily apply to determine whether an investigation is such that the protections of the Fifth Amendment should apply. . . even when we employ Justice Souter's explication in Balsys as our guide, we conclude that instances of contacts with overseas nationals, or requests for documents in foreign countries, in this case, even when combined with the selections of the speeches cited by appellants, are not sufficient to demonstrate a 'joint prosecution' in the meaning contemplated by Balsys.")  If this Court found such an exception here, it would be the first.

The facts here do not justify such an extraordinary holding. There is no evidence of cooperation between the United States Attorney's office and prosecutors in Mexico. To the contrary, the U.S. Attorneys' office has represented that it has no interest in prosecuting Machado.[1] Indeed, this Court's finding that no prosecuting authority in the United States has any interest in or is pursuing an investigation or prosecution against Machado in the United States was the lynchpin of its prior rulings[2] That remains true, and renders the Balsys dicta entirely inapplicable.

Mattel's invocations of its rights under 28 U.S.C. § 1782 is not a substitute for or an equivalent to the sort of joint prosecution efforts contemplated by Balsys.

---

[1] Letter from U.S. Attorney George S. Cardona to David C. Scheper, dated November 19, 2009. ("This letter serves to advise you that Gustavo Machado is not a target or a subject in any criminal matter related to Mattel pending in the United States Attorney's Office in the Central District of California.")

[2] Hearing Tr. Dated January 19, 2010 at 6:22-7:1.

"Section 1782(a) provides that a federal district court 'may order' a person 'resid[ing]' or 'found' in the district to give testimony or produce documents 'for use in a proceeding in a foreign or international tribunal . . . upon the application of any interested person.'" <u>Intel Corp. v. Advanced Micro Devices, Inc.</u>, 542 U.S. 241 (2004). Like any victim of a crime in any country, Mattel is most assuredly cooperating with the prosecutors in Mexico to see that justice is done. But Mattel is the victim, not the prosecutor:



-4-

Finally, Machado's argument that Mattel induced this Court to rule by misrepresenting its intentions is simply false. (Opp. at 3). Mattel will make the same representation again: the instant action against Machado is not mere subterfuge for the enhancement of proceedings in Mexico. Mattel is vigorously pursuing its civil claims against Mr. Machado and the MGA Parties. Given that primary purpose, the use in Mexico of information obtained in this action is at most collateral to the latter, which is far from "mere subterfuge for the enhancement of Machado's criminal prosecution in Mexico." (Opp. at 3). This litigation is, and has always been, intended to vindicate Mattel's rights in the United States. Mattel's recent request for leave to use deposition testimony in the prosecution in Mexico is not inconsistent with prior representations, or a "subterfuge" of any kind. Mattel has obtained significant admissions, including Machado's admission that he stole Mattel documents, that some of those contained Mattel trade secrets, that they were in the offices of MGA Mexico, and that evidence was spoliated.[6] The fact that these admissions may be of interest in Mexico is of no consequences to the ruling sought by this Motion, in which the issue is not Machado's testimony, but his failure to respond to discovery requests and initial disclosures.

## II. MATTEL HAS MET AND CONFERRED ON ALL ISSUES

The Opposition attacks Mattel's alleged failure to meet and confer. This last ditch argument from Machado is frivolous. Since November 2007, Mattel and Machado have met and conferred repeatedly. Not once during those efforts did Machado raise or address any of the objections he now seeks to revive, and this latest argument is intended to obstruct and delay.

Notably, in the most recent, July 2, 2010 meet and confer between lead counsel, Machado did not raise any of the non-Fifth Amendment issues discussed in this opposition, despite being informed of Mattel's intended motion to compel. In fact, Mattel's counsel stated during the meet and confer his understanding, and Machado's

---

[6] See Report of Electronic Discovery Special Master, dated July 12, 2010.

counsel agreed, that the only objection Machado was raising to the discovery was based on the Fifth Amendment. As the party resisting discovery, Machado has a duty to raise and explain his objections to Mattel's discovery in the meet and confer process. See E.E.O.C. v. Ian Schrager Hotels, Inc., 2000 WL 307470 at *3, (C.D. Cal. May 8, 2000) ("The party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections."). Consequently, it is Machado, not Mattel, who has failed to adequately meet and confer regarding these issues, and his effort to sandbag Mattel by belatedly seeking to revive the objections here for the first time should be rejected.

<u>Mattel's Requests for Production.</u> Mattel thoroughly met and conferred on Mattel's Requests for Production. On November 29, 2007, Mattel offered a detailed response to Machado's objections to Mattel First Set of Requests for Documents and Things.[7] That six-page letter included a discussion of improper and/or unavailable General and Specific Objections made by Machado.[8] Machado responded only by offering to meet and confer in person.[9] At the in-person meet and confer, Machado's counsel raised Machado's Fifth Amendment objections only, not addressing Mattel's remaining concerns regarding the other objections. During subsequent efforts to meet and confer, Machado relied only on his Fifth Amendment objection.

Tellingly, Machado made clear that he was abandoning any prior objection other than the Fifth Amendment: he agreed unambiguously to supplement his discovery responses once the Court resolved his Fifth Amendment objections.[10]

---

[7] Letter from Jon Corey to Alexander Cote, dated November 29, 2007.
[8] Id.
[9] Letter from Alexander Cote to Messrs. Zeller, Corey, Webster, Proctor, and Hauss, dated December 3, 2007.
[10] Email from Alexander Cote to Jon Corey and Mark Overland, dated December 22, 2009 (when discussing the reasons behind Machado's refusal to withdraw his Fifth Amendment invocations, "Mr. Machado will be willing to supplement his discovery responses after the foregoing concerns are resolved by the Court….").

1 | Machado's attempt to revive those abandoned objections makes a nullity of the meet
2 | and confer process and should not be rewarded by further delay.

<u>Mattel's Requests for Admissions</u>. In the Opposition, Machado argues that Mattel has failed to adequately meet and confer regarding Mattel's First Set of Requests for Admissions to Machado. Mattel served Machado with 235 requests for admissions to which Machado provided no substantive responses, instead objecting to Mattel's definition of "INTERNET," and other attenuated vagueness objections, in addition to the Fifth Amendment. (Opp. at 4). Mattel's requests seek admissions relevant to Mattel's RICO claims, such as an admission as to whether a communication was transmitted over the internet or crossed a state line to which Machado's non-Fifth Amendment objections are simply inapplicable. For example, Request No. 3 asks Machado to admit that "Exhibit 1 is a COMMUNICATION that was transmitted using the INTERNET," which Machado objected to as vague and ambiguous because the referenced exhibit contains multiple communications and because of uncertainty as to the definition of INTERNET. Exhibit 1 is an email chain between Larian and Machado, Vargas, and Trueba. That there are 2 emails within the chain is irrelevant to an admission or denial that the emails were transmitted using the internet. As for the INTERNET, Mattel's definition of it as a worldwide network that transfers information using the Transmission Control Protocol/Internet Protocol leaves no room for confusion.. Machado's belatedly revived objections are frivolous and should be overruled.

<u>Machado's Failure to Produce a Privilege Log</u>. The Opposition overlooks Mattel's repeated meet and confers regarding Machado's failure to produce a privilege log, including at the most recent July 2, 2010 meet and confer among lead counsel. For example, on February 11, 2010, Mattel reminded Machado of his obligations to produce a privilege log and urged him to comply with Discovery Matter Order No. 22, in which Machado was ordered to produce a privilege log or risk waiver of his

privileges.[11] In opposition, Machado refused to produce a privilege log "until required to do so."[12] Again, the only objection raised was the Fifth Amendment. Not once did Machado indicate – as he now implausibly claims – that he had no documents to log. To the contrary, during the meet and confer on July 2, Machado flatly refused to log withheld documents. Machado should be ordered to produce a privilege log of all documents and communications prior to November 2006 that are being withheld.

<u>Machado's Failure to Supplement his Interrogatory Responses</u>. Machado also argues that Mattel failed to meet and confer on Mattel's supplemental interrogatories. Not so. On December 21, 2009 Mattel reminded Machado of his obligation to supplement his interrogatory responses,[13] but Machado declined to do so, again citing only the Fifth Amendment.[14] On February 11, 2010, Mattel again reminded Machado,[15] but he failed to do so. The subject was then the subject of a meet and confer among lead counsel on July 2. Machado has been a party to this action since November 2006 and, like any litigant, must comply with the <u>Federal Rules</u> by supplementing his discovery responses. <u>Fed. R. Civ. P.</u> 26(e). That responsibility lies with Machado alone. At the very least, Machado must supplement his initial disclosures based on the testimony that he has provided and on the information provided to <u>Rule</u> 30(b)(6) witnesses. Such information has already been revealed and cannot be protected from further disclosure under the guise of the Fifth Amendment. <u>Rogers v. U.S.</u>, 340 U.S. 367, 373 (1951) ("where [in]criminating facts have been voluntarily revealed, the privilege cannot be invoked to avoid disclosure of the details."). Machado may not "pick and choose what aspects of a particular subject to

---

[11] Letter from James Webster to Alexander Cote, dated February 11, 2010.
[12] Letter from Alexander Cote to James Webster and Jon Corey, dated February 25, 2010.
[13] Letter from Jon Corey to Alexander Cote, dated December 21, 2009.
[14] Email from Alexander Cote to Jon Corey and Mark Overland, dated December 22, 2009.
[15] Letter from James Webster to Alexander Cote, dated February 11, 2010.

discuss," as such a rule would be "a positive invitation to mutilate the truth a party offers to tell." Mitchell v. U.S., 526 U.S. 314, 322 (1999). "The privilege is to suppress the truth, but that does not mean that it is a privilege to garble it." U.S. v. St. Pierre, 132 F.2d 837, 840 (2d. Cir. 1942). The question of Machado's Fifth Amendment right as posed to the Court is and must be a binary one – either Machado has a Fifth Amendment right or he does not.

In sum, the arguments in the Opposition as to Mattel's efforts to meet and confer are clearly without merit. Mattel has, on numerous occasions attempted to resolve outstanding disputes regarding the discovery responses at issue, including most recently at the July 2 meet and confer among lead counsel. Each attempt was met by Machado's continued invocation of Fifth Amendment rights - despite the Court's rulings that he had no such right. Machado's belated attempt to revive objections that he made clear he was no longer relying upon to avoid compliance with his discovery obligations should be rejected.

## Conclusion

Mattel respectfully requests that its Motion be granted in its entirety.

DATED: July 26, 2010

QUINN EMANUEL URQUHART & SULLIVAN. LLP

By /s/ Michael T. Zeller /MK
Michael T. Zeller
Attorneys for Mattel, Inc.