QUINN EMANUEL URQUHART & SULLIVAN, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  michaelzeller@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017–2543
Telephone:  (213) 443–3000
Facsimile:   (213) 443–3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation,<br><br>            Plaintiff,<br><br>      vs.<br><br>MGA ENTERTAINMENT, INC., a California corporation, et al.,<br><br>            Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04–9049 DOC (RNBx)<br>Consolidated with<br>Case No. CV 04–09059<br>Case No. CV 05–02727<br><br>Hon. David O. Carter<br><br>**MATTEL, INC.'S REPLY IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF DOCUMENTS WITHHELD BY MGA ENTERTAINMENT, INC. UNDER PURPORTED COMMON INTEREST PRIVILEGE WITH OMNI 808 INVESTORS, LLC**<br><br>Date:  TBD<br>Time:  TBD<br>Place:  Courtroom 9D<br><br>Discovery Cut–off:  TBD<br>Pre–trial Conference:  TBD<br>Trial Date:  TBD |

00505.07975/3597202.1

## Preliminary Statement

MGA admits it is withholding an undisclosed number of documents pursuant to a purported "common interest" privilege between it and Omni 808. Yet MGA continues to refuse to provide *any* information about those documents that would substantiate a claim that they are privileged in the first place or that a common interest "anti-waiver exception" applies to protect the privilege despite the disclosure of those documents to Omni 808. It is MGA's burden to make both those showings as to all withheld documents. It has not done so – or even tried to. MGA should therefore be compelled to promptly produce the withheld documents to Mattel or provide them to the Court for an *in camera* review.

## Argument

MGA does not dispute that, as the party asserting privilege, it bears the burden of demonstrating that the privilege applies. In the context of the "common interest" privilege, that entails showing both that (a) the withheld documents are privileged in the first instance, and (b) the anti-waiver exception applies. See, e.g., In re Syncor Erisa Litig., 229 F.R.D. 636, 645 (C.D. Cal. 2005) (common interest privilege extension "presupposes the existence of an otherwise valid underlying privilege"). MGA does not make either showing. It does not describe the types of documents, identify the authors or recipients, state the subject matters or provide the nature of the underlying privilege being asserted. Indeed, MGA does not identify any of the documents it is withholding or state how many (or even roughly how many) they are.[1] It has failed to meet its burden of showing that the documents are privileged.

---

[1] MGA's argument that the preparation of a log describing the withheld documents would tax its allegedly "scarce resources" suggests that it is withholding a substantial number of documents. (Opp. at 5-6). MGA's unsubstantiated suggestions of poverty do nothing to excuse its failures to meet its burden here as the law requires. In fact, MGA has publicly stated that it is seeking "billions" of dollars on its claims alone in this case.

1    Nor has MGA met its burden of demonstrating that the common interest anti-
2 waiver exception applies.  Instead, MGA argues that because it and Omni 808 entered
3 into a "joint defense agreement" in April 2010, it has *carte blanche* to unilaterally
4 withhold any and all documents, from as far back as December 2008, pursuant to that
5 agreement.  (Opp. at 3 ("Thus, under the terms of the agreement entered into between
6 MGA and Omni 808, a joint defense exists and shields from disclosure the
7 communications between the two which fall under the terms of the agreement.")).  Of
8 course, merely asserting that it shares a common interest (or joint defense) privilege
9 with Omni 808, in a purported joint defense agreement or elsewhere, does not make it
10 so.  MGA still bears the burden of demonstrating that the documents it is withholding
11 are, in fact, privileged, and that the disclosure of those documents to Omni 808 was
12 made in furtherance of a common legal interest between them.  MGA has not made
13 those showings.[2]

14    MGA also argues that because it theoretically *could have* disclosed
15 communications to Omni 808 in furtherance of a common legal interest, it should be
16 presumed that all withheld documents were properly withheld on that basis.  (Opp. at 4-
17 5).  Again, this argument attempts to eviscerate entirely MGA's burden of
18 demonstrating both privilege and common interest.  Mattel does not dispute that as an
19 abstract matter, circumstances could exist that would protect from disclosure privileged
20 communications that are shared between parties sharing a common legal interest.

---

[2] MGA is evasive about whether it is withholding communications between the respective principals of MGA and Omni 808.  It argues repeatedly that it "never ***told*** Mattel it was withholding" any such documents.  (Opp. at 1, emphasis added).  Mattel disagrees with that.  But in any event, the issue is not what MGA said during meet and confer discussions, but rather whether MGA actually is withholding such communications – the basis for which would be suspect, at best, under the common interest doctrine.  Absent any descriptive information concerning the documents it is withholding, neither Mattel, nor the Court, has any way of confirming that, and MGA has failed to carry its burden to prove that any such communications can properly be withheld.

00505.07975/3597202.1

-2-
MATTEL'S REPLY IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF DOCUMENTS WITHHELD
UNDER PURPORTED COMMON INTEREST PRIVILEGE

MGA just has not shown that to be the case here as required.  It does not even describe the nature of the "common legal interest" it shared with Omni 808, including by explaining how those parties could have shared a common legal interest as far back as December 2008, more than a year before Omni 808 was added as a defendant to this case and at a time when both parties were taking pains to proclaim the independence and "arm's length" nature of their relationship.  MGA also has not explained how any of the withheld communications furthered a common legal interest between MGA and Omni 808, assuming there was one in the first place.  MGA's conclusory and blanket common interest assertions fail.

MGA further attempts to avoid its burden by noting that the parties have previously agreed that they need not identify post-lawsuit privileged documents on a privilege log.  That is beside the point.  Mattel is not seeking a privilege log by this motion – it is seeking the compelled production of documents or at least the provision of those documents to the Court for an *in camera* review.  MGA does not address those forms of relief actually requested by Mattel.  In any event, Mattel's agreement with MGA did not absolve MGA of the burden of demonstrating that the post-filing documents it is withholding are privileged, through a privilege log or otherwise, when challenged to do so, particularly as to MGA's communications with third parties.  Mattel also never waived its right to challenge privilege over withheld documents, regardless of when they were created.  Indeed, MGA's position here is flatly inconsistent with its prior arguments and with prior Orders in this case, given that MGA itself has successfully compelled both the *in camera* review and production of ***post***-litigation communications.[3]  The logging agreement between Mattel and MGA is no basis to deny this motion.

---

[3] See Order Regarding Discovery Matters, dated January 26, 2010, Dkt. No. 7434, at 6-10 (compelling production of documents to Court for *in camera* review, including categories of documents that include post-filing communications).

Finally, MGA argues that a privilege log is unnecessary here because it would be of no "material benefit" to Mattel.  (Opp. at 6, citing <u>In re Imperial Corp. of America</u>, 174 F.R.D. 475, 478 (S.D. Cal. 1997); <u>SEC v. Thrasher</u>, 1996 WL 125661, at *1 (S.D.N.Y. 1996)).  But MGA's authorities make clear that even where circumstances exist that render the preparation of a formal, document-by-document privilege log unnecessary or unduly burdensome, the party claiming privilege still must satisfy its burden by providing substantial descriptive information about the withheld documents, in sworn affidavits and other written representations.  See <u>In re Imperial Corp. of America</u>, 174 F.R.D. at 478-479 (where potentially "millions" of privileged documents were generated post-litigation, "the creation of a document-by-document privilege log of documents of that magnitude is unreasonable and overly burdensome"; however, party claiming privilege still required to provide detailed information about the withheld documents on a categorical basis); <u>SEC v. Thrasher</u>, 1996 WL 125661, at *1 (compelling disclosure of "an identification of the time period encompassed by the withheld documents," "a listing of the individuals who were authors or addressees or were copied on the documents," and "a representation by counsel as to whether all of the documents either (a) were prepared to assist in anticipated or pending litigation or (b) contain information reflecting communications between (i) counsel or counsel's representatives and (ii) the client or the client's representatives, for the purpose of facilitating the rendition of legal services to the client").  MGA has flatly refused to provide *any* descriptive information about the withheld documents, even on a categorical basis.  MGA's authorities do not support its wholly unsubstantiated withholding of documents.

In sum, MGA has failed to meet its burden of demonstrating privilege over the documents it is withholding under an assertion of a purported common interest with Omni 808.  Instead, it raises a variety of arguments for why it should not be required to meet that burden.  MGA's position has no support in law, and its refusal to provide *any* specific descriptive information about the documents it is withholding, including even

the number of such documents, only tends to confirm that MGA is improperly withholding evidence on this basis. MGA should be compelled to produce to Mattel all documents it is withholding under an assertion of a purported common interest privilege with Omni 808, or, alternatively, to provide those documents to the Court for an *in camera* review.

## Conclusion

Mattel respectfully requests that its Motion be granted in its entirety.

DATED: July 26, 2010

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By /s/ Michael T. Zeller
Michael T. Zeller
Attorneys for Mattel, Inc.

00505.07975/3597202.1

-5-
MATTEL'S REPLY IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF DOCUMENTS WITHHELD UNDER PURPORTED COMMON INTEREST PRIVILEGE