QUINN EMANUEL URQUHART & SULLIVAN, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  michaelzeller@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:   (213) 443-3000
Facsimile:    (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>MGA ENTERTAINMENT, INC., a California corporation, et al.,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 DOC (RNBx)<br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>DISCOVERY MATTER<br><br>Hon. David O. Carter<br><br>MATTEL, INC.'S NOTICE OF MOTION AND RENEWED MOTION TO COMPEL MGA ENTERTAINMENT, INC. TO PRODUCE A PROPERLY PREPARED 30(B)(6) WITNESS FOR FURTHER DEPOSITION TESTIMONY REGARDING MGA'S TRADE DRESS CLAIMS; AND<br><br>MEMORANDUM OF POINTS AND AUTHORITIES<br><br>Date:   TBD<br>Time:   TBD<br>Place:  Courtroom 9D<br><br>Phase 2<br>Discovery Cut-off:   TBD<br>Pre-trial Conference:   TBD<br>Trial Date:   TBD |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, on a date and at a time to be determined, before the Honorable David O. Carter, plaintiff Mattel, Inc. ("Mattel") will, and hereby does, move the Court, pursuant to Federal Rules of Civil Procedure 26, 30 and 37 to compel MGA Entertainment, Inc. ("MGA") to produce a properly prepared 30(b)(6) witness for further deposition testimony regarding MGA's trade dress claims.

Since MGA has only agreed to provide 30(b)(6) testimony regarding *one* trade dress claim—trapezoidal packaging—on July 29, 2010, Mattel requests that the Court issue an order on Mattel's Motion to Compel MGA Entertainment, Inc. to Produce 30(b)(6) Witnesses, which was held in abeyance as to Category 26, and order MGA to produce a properly prepared 30(b)(6) witness for **all** trade dress claims identified in MGA's Complaint and interrogatory responses.

Mattel brings this motion pursuant to the Court's June 14, 2010 Order that "the parties shall submit supplemental briefing as to whether MGA has produced a 30(b)(6) witness as to the issues encompassed in category 26."  The deadline for filing the supplemental briefing was extended by stipulation of the parties until July 26, 2010. Despite Mattel's repeated attempts to obtain 30(b)(6) testimony regarding all of MGA's trade dress claims, MGA has failed to produce or even designate any 30(b)(6) witness on its trade dress claims other than trapezoidal packaging and thus has ignored the Court's July 19, 2010 Order stating that "[t]he parties should complete discovery on all relevant claims apace . . . . Those claims are adequately identified in MGA's Complaint and its interrogatory responses, neither of which has been formally amended or supplemented."

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the records and files of this Court, and all other matters of which the Court may take judicial notice.

**Certification of Compliance**

Pursuant to the Court's June 7, 2010 Order, lead counsel for the parties met and conferred on the issues raised in this motion on July 8, 2010 and further met and conferred on July 16, 2010. After the Court issued its July 19, 2010 Order, Mattel's lead counsel asked to further meet and confer on July 21 and 22, but MGA's lead counsel did not respond.

DATED: July 26, 2010               QUINN EMANUEL URQUHART &
                                   SULLIVAN, LLP

                                   By /s/ Michael T. Zeller
                                      Michael T. Zeller
                                      Attorneys for Mattel, Inc.

# MEMORANDUM OF POINTS AND AUTHORITIES

## Preliminary Statement

Mattel submits this supplemental briefing, pursuant to the Court's June 14 Order,[1] to report that MGA has only agreed to produce a 30(b)(6) designee to testify regarding only *one* trade dress claim—trapezoidal packaging—despite the fact that the topics in Mattel's 30(b)(6) deposition notices clearly extend to *all* trade dress claims MGA is asserting against Mattel. Mattel therefore renews its April 27 motion to compel as to the trade dress component of Category 26 and asks the Court to order MGA to produce 30(b)(6) witnesses as to all of its trade dress claims by July 30, 2010.[2]

## Statement of Facts

**MGA's Trade Dress Allegations.** MGA has asserted trade dress claims based on all Bratz female fashion dolls and packaging, Bratz themes and concepts, Bratz Petz plush toys and packaging, Bratz play sets, Bratz accessories, Bratz styling heads, 4-Ever Best Friends dolls and packaging, Alien Racers, the "Little Mommy" line of products, tag lines, and television commercials.[3] MGA lists 14 single-spaced pages of SKU numbers of products that it claims Mattel has copied or infringed. As the Court recognized in its July 19 Order, MGA's trade dress claims "are adequately identified

---

[1] See Order Granting in Part and Denying in Part Mattel's Motion to Compel MGA Entertainment, Inc. to Produce 30(b)(6) Witnesses, dated June 14, 2010, at 10 (Docket No. 8104).

[2] See Mattel, Inc.'s Motion to Compel MGA Entertainment, Inc. to Produce 30(b)(6) Witnesses, dated April 27, 2010, at 19 (Docket No. 7786).

[3] See Mattel, Inc.'s Reply in Support of Ex Parte Application to Compel MGA Entertainment, Inc. to Specify Trade Dress Claims Prior to the Deposition of Rule 30(b)(6) Witness Ninette Pembleton and to Compel Designation of 30(b)(6) Witness on any Undesignated Trade Dress Claims, dated July 18, 2010, at 1-2 (Docket No. 8309).

in MGA's Complaint and interrogatory responses, neither of which have been formally amended or supplemented."[4]

**Mattel's 30(b)(6) Deposition Notices to MGA.** Given the breadth of MGA's allegations, Mattel has repeatedly sought 30(b)(6) testimony regarding the identity and factual bases for MGA's trade dress claims. Topic 4 of Mattel's First Phase 2 Notice of Deposition to MGA, dated January 26, 2010, seeks "[t]he factual basis for the claims YOU are alleging or asserting in this ACTION against MATTEL." Mattel's Fourth Notice of Deposition to MGA, dated January 9, 2008, contains several Topics specifically related to MGA's trade dress claims:

- Topic 25 seeks testimony on "MATTEL's alleged copying, infringement or dilution of the CONTESTED MGA PRODUCTS or any claimed embodiment thereof."

- Topic 26 seeks "all other facts RELATING TO any claim made by YOU against MATTEL or the CONTESTED MATTEL PRODUCTS, and the IDENTITY of all PERSONS with knowledge thereof."

- Topic 29 seeks "[w]hen, and under what circumstances, YOU became aware that Mattel had created, designed, developed, sold, offered for sale or licensed the CONTESTED MATTEL PRODUCTS."

- Topic 49 seeks "[t]he factual basis for YOUR claim that any of the CONTESTED MGA PRODUCTS have acquired secondary meaning or are famous."

- Topic 50 seeks "[t]he factual basis for YOUR claim that any of MATTEL's actions have caused actual dilution."

- Topic 52 seeks "[t]he factual basis for YOUR claim that Mattel "serially imitated and copy-catted [sic] the look of MGA products, trade dress, trademarks, themes, idea, advertising and packaging."

- Topic 54 seeks "[t]he identification of YOUR alleged trade dress in connection with the CONTESTED MGA PRODUCTS, including without limitation with respect to 'themes,' and the factual bases for YOUR claims that YOU have any legally protected interest in such trade dress."

- Topic 58 seeks "[t]he factual basis for YOUR claim that MATTEL has infringed, diluted or otherwise violated any trade dress that YOU contend YOU own in the CONTESTED MGA PRODUCTS."

---

[4] See Order Denying Mattel's Ex Parte Application re MGA's Trade Dress Infringement Claims, dated July 19, 2010, at 2 (Docket No. 8317).

Mattel summarized these trade dress topics in Category 26 of its March 2 letter to MGA, which sought 30(b)(6) testimony regarding "[t]he factual bases supporting or contradicting MGA's claims and allegations."[5] Category 26(k) seeks "[t]he identity and factual bases for MGA's claimed trade dress that it has sued on, the reasons for actual or contemplated changes thereto and the bases for MGA's allegations that such trade dress is famous or has acquired secondary meaning." Category 26(m) seeks testimony regarding "Mattel's alleged copying, infringement or dilution of the MGA products or trade dress that MGA bases its claims on and MGA's first awareness thereof."

MGA has never moved for a protective order regarding these topics, nor could it, because information concerning the identity and factual bases for MGA's affirmative claims against Mattel are indisputably relevant and proper topics for 30(b)(6) examination. In response to Mattel's March 2 letter, MGA stated in its March 24 letter that "MGA's 30b6 witness [Samir Khare] therefore will offer factual testimony supporting trade dress claims on trapezoidal packaging and 4Ever Best Friends."[6] MGA stated by letter that it was withdrawing trade dress claims based on "Acceleracers," "Bratz dolls," and the "Little Mommy" line of products. It did not mention the other trade dress claims identified in its Complaint and interrogatory responses.

**MGA's Unprepared 30(b)(6) Witness.** When he testified on March 25, 2010, Mr. Khare was inadequately prepared regarding even the two trade dress claims—trapezoidal packaging and 4-Ever Best Friends—that MGA acknowledged were at issue in its March 24 letter. Khare stated that he was not prepared to testify regarding whether MGA was leaving its options open to assert trade dress claims with respect to Bratz dolls.[7] He also could not answer whether specific examples of trade dress

---

[5] See March 2, 2010 letter from M. Zeller to A. Hurst and T. McConville, at 5-6.
[6] See March 24, 2010 letter from A. Hurst to M. Zeller, at 1.
[7] MGA 30(b)(6) Dep. Tr. (Samir Khare) at 497:18-488:5 (March 25, 2010).

claims remained at issue or whether MGA had abandoned them, such as those relating to Bratz Petz, Bratz playsets, Bratz accessories, and television commercials.[8]

After MGA ignored Mattel's request to resume Khare's deposition as MGA had promised,[9] Mattel filed a motion to compel additional 30(b)(6) testimony from MGA, including testimony regarding trade dress claims described in Category 26.[10]  MGA responded that Mattel's motion was premature because it had agreed to continue the deposition.[11]  On June 14, 2010, the Court held in abeyance Mattel's April 27 motion to compel with regard to Category 26 because MGA promised it would provide a knowledgeable 30(b)(6) witness, and the Court ordered supplemental briefing on or before June 26, 2010 regarding whether MGA provided adequate testimony .[12]  That June 26 deadline was later extended to July 26, 2010 by stipulation of the parties.[13]  In the Stipulation, MGA further acknowledged that "MGA will produce witnesses on Category 26."[14]

Although Mattel's noticed deposition topics unambiguously extend to all of MGA's trade dress claims, MGA has designated only one additional witness—Ninette Pembleton—on this subject and limited Pembleton's testimony to the "trapezoidal packaging aspects of [Category] 26."[15]  After repeated delays by MGA due to its failure to produce packaging summaries and binders related to its trapezoidal

---

[8] Id. at 489:21-490:490:24-491:5.
[9] See April 8, 2010 email from M. Zeller to A. Hurst.
[10] See Mattel, Inc.'s Motion to Compel MGA Entertainment, Inc. to Produce 30(b)(6) Witnesses, dated April 27, 2010, at 19 (Docket No. 7786).
[11] See MGA's Opposition to Mattel's Motion to Compel Further MGA 30(b)(6) Deposition, dated May 4, 2010, at 6, 20 (Docket No. 7803).
[12] Docket No. 8104 at 10.
[13] See Stipulation Regarding Supplemental Briefing Regarding Category 26 of Mattel Inc.'s Notice of Rule 30(b)(6) Deposition of MGA Entertainment, Inc., dated June 26, 2010, at 2 (Docket No. 8185).
[14] Id.
[15] See June 21, 2010 email from A. Hurst to M. Zeller; see also June 18, 2010 email from A. Hurst to M. Zeller; June 25, 2010 letter from M. Zeller to A. Hurst.

packaging claims,[16] Ms. Pembleton's deposition is currently scheduled for July 29, 2010.[17]

**Mattel's *Ex Parte* Application.** On July 19, 2010, the Court denied as moot Mattel's ex parte application to compel MGA to specify its trade dress claims prior to Pembleton's deposition and to compel designation of a 30(b)(6) witness on undesignated trade dress claims because "[t]hose claims are adequately identified in MGA's Complaint and its interrogatory responses, neither of which has been formally amended or supplemented."[18] The Court clarified that MGA's March 2 letter purporting to informally withdraw certain trade dress claims "***do[es] not absolve*** MGA of its obligation to either produce a witness as to the entirety of Mattel's topic or move for a protective order with this Court."[19]

Accordingly, consistent with the Court's instruction that "[t]he parties should complete discovery on all relevant claims apace,"[20] Mattel requested on July 20 and 21 to meet and confer with MGA concerning whether Larian, Pembleton, Khare, or some other designee will provide 30(b)(6) testimony on MGA's other trade dress claims.[21] MGA never answered Mattel's inquiry. Instead, it reaffirmed that Pembleton would only provide testimony regarding MGA's trapezoidal packaging claim, and it did not identify designees or offer deposition dates for any other trade dress claims.[22]

---

[16] MGA states that the delay is due to "data changes [that] appear to have been inadvertently entered due to an MIS operation." See July 19, 2010 email from D. Mingrone to M. Zeller.

[17] See July 22, 2010 email from D. Mingrone to M. Zeller.

[18] Docket No. 8317 at 2.

[19] Id. (emphasis supplied).

[20] Id.

[21] See July 20, 2010 email from M. Zeller to D. Mingrone and A. Hurst; July 21, 2010 email from M. Zeller to D. Mingrone and A. Hurst.

[22] See July 22, 2010 email from D. Mingrone to M. Zeller.

**Argument**

### I. MGA SHOULD BE COMPELLED TO PROVIDE 30(B)(6) TESTIMONY REGARDING ALL TRADE DRESS CLAIMS IDENTIFIED IN ITS COMPLAINT AND INTERROGATORY RESPONSES

Mattel respectfully renews its April 27 motion as to Category 26, pursuant to the Court's June 14 Order permitting supplemental briefing regarding whether MGA has produced a 30(b)(6) witness as to the issues encompassed by Category 26. MGA has not. Mattel has noticed deposition topics seeking 30(b)(6) testimony from MGA concerning the identity and factual bases for all trade dress claims asserted by MGA. In its July 19, 2010 Order, the Court made clear that MGA has an obligation to produce a witness on all trade dress claims identified in MGA's Complaint and interrogatory responses. And indeed MGA acknowledged in the June 26 Stipulation that it would provide witnesses on Category No. 26. Despite all of this and despite its repeated promises for months now to produce fully prepared designees on Category 26, MGA has failed and refused to provide 30(b)(6) testimony regarding any MGA trade dress claim other than its trapezoidal packaging claim.

The Court previously held Mattel's motion to compel MGA to produce 30(b)(6) witnesses in abeyance as to Category 26 because MGA had "promised to produce a knowledgeable witness."[23] Since MGA has not done so, Mattel renews its motion and asks the Court to order MGA to immediately produce a 30(b)(6) witness on all its trade dress claims, or supplement its interrogatory responses to identify the trade dress claims that MGA intends to assert by July 30, 2010.[24]

MGA's refusal to provide the factual bases for its trade dress claims is causing unwarranted delay and seriously prejudicing Mattel's ability to prepare its defense.

---

[23] Docket No. 8104 at 10.

[24] This supplemental briefing and renewed motion is limited to the trade dress component of Category 26 because MGA has indicated it will not produce any other 30(b)(6) witnesses on this subject. Mattel reserves its rights to bring other deficiencies to the Court's attention after the completion of Pembleton's and Larian's 30(b)(6) testimony on Category 26.

MGA has publicly stated that it will seek "billions" of dollars on its affirmative claims, yet it continues to ignore the Court's July 19 Order and Mattel's repeated requests to provide 30(b)(6) testimony regarding these claims. Mattel cannot proceed with selecting and preparing its defenses or experts without this basic information. MGA's stalling must come to an end; Mattel is entitled to know the facts supporting the trade dress claims that MGA is asserting against it. Since MGA does not have license "to unilaterally (and conditionally) narrow and broaden its claims as the strategic environment shifts under its feet,"[25] a Court Order requiring binding 30(b)(6) testimony on all of MGA's trade dress claims is necessary.

## Conclusion

Mattel requests that the Court grant in full the relief requested in this motion.

DATED: July 26, 2010        QUINN EMANUEL URQUHART &
                            SULLIVAN, LLP


                            By  /s/ Michael T. Zeller
                                Michael T. Zeller
                                Attorneys for Mattel, Inc.

---

[25] Docket No. 8317 at 1.

-7-
MATTEL'S RENEWED MOTION TO COMPEL 30(B)(6) TESTIMONY RE MGA'S TRADE DRESS CLAIMS