Robert C. O'Brien (SBN 154372)
ARENT FOX LLP
555 West Fifth Street, 48th Floor
Los Angeles, CA 90013-1065
Telephone: 213.629.7400
Facsimile: 213.629.7401
obrien.robert@arentfox.com

Discovery Master

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>CONSOLIDATED WITH MATTEL, INC. v. BRYANT and MGA ENTERTAINMENT, INC. v. MATTEL, INC. | Case No. CV 04-09049 DOC (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-2727<br><br>**PHASE 2 DISCOVERY MATTER**<br><br>**DISCOVERY MASTER REPORT AND RECOMMENDATION RE *IN CAMERA* REVIEW** |

## I. PROCEDURAL BACKGROUND

In various motions and papers filed in the latter part of 2009, MGA and Mattel each asserted that the other had improperly designated and withheld as privileged thousands of non-privileged documents (the "Challenged Documents"). Having determined that these various challenges should be consolidated and resolved by means of a single, comprehensive *in camera* review, I issued Order No. 86 on December 3, 2009. Pursuant to that Order, the parties were directed to provide me with a copy of the other's privilege log(s) highlighted to identify each and every Challenged Document.

On January 12, 2010, Mattel submitted several binders containing copies of MGA's privilege logs highlighted to identify the documents that I was requested to review *in camera*. Two days later, I conducted a hearing regarding issues related to my *in camera* review of the Challenged Documents. During that hearing, I requested that Mattel clarify its January 12, 2010 submission by indicating which highlighted entries involved insufficient descriptions (as opposed to entries that Mattel believed were not privileged on their face).

In response, on January 19, 2010 Mattel submitted a letter that provided the information I requested, together with enclosures designating thousands of additional Challenged Documents that had not been challenged in Mattel's January 12 submission. Mattel had not previously requested or obtained leave to designate further Challenged Documents after the parties' initial mutual exchange pursuant to Order No. 86.[1]

Having never provided leave, I excluded the additional documents designated by Mattel from my *in camera* review and the findings set forth in Order No. 98. In so doing, I indicated my conclusion (without explicitly so stating) that the

---

[1] In the period between January 19, 2010 and the issuance of Order No. 98 approximately five months later, Mattel did not take up the matter again by raising the issue at a subsequent hearing or submitting a request that I rule on MGA's objection to Mattel's January 19, 2010 submission.

1  documents had not been timely designated and included in the parties' concurrent
2  exchange of logs designating Challenged Documents.
3     On July 8, 2010, Mattel submitted a letter renewing its request that I conduct
4  an *in camera* review of the additional documents listed in its January 19, 2010
5  submission. MGA submitted a letter opposing that request on July 22, 2010, and
6  Mattel submitted a "reply" letter the next day.
7     Having considered the parties' submissions, I refer the matter to the Court
8  with the following recommendation.

## II. RECOMMENDED DISPOSITION

10     I respectfully recommend that the Court deny Mattel's request for an *in*
11 *camera* review of the additional documents designated in Mattel's January 19, 2010
12 submission on the following grounds:

13     1.   The additional documents were not designated in the initial exchange;
14     2.   Mattel did not further request in a pleading that the Discovery Master
15 issue a ruling on the scope of the *in camera* review (i.e., on the issue of whether the
16 review would include the additional Challenged Documents designated by Mattel)
17 during the five months the review was in process;
18     3.   The Discovery Master has now completed the extensive review of
19 both parties' Challenged Documents and issued Orders disposing of the parties'
20 respective claims regarding the Challenged Documents; and

21 //
22 //
23 //
24 //
25 //
26 //
27 //
28 //

4.  Undertaking a further *in camera* review at this point in the proceedings would defeat the purpose and intent of Order No. 86, which was to finally and comprehensively resolve all challenges based on privilege sufficiently in advance of trial to permit the parties to complete discovery and prepare for trial in an orderly and efficient manner.

Dated:  July 28, 2010                    Respectfully submitted,


By:   /s/ Robert C. O'Brien
      ROBERT C. O'BRIEN
      Discovery Master