# EXHIBIT A



# ORRICK

ORRICK, HERRINGTON & SUTCLIFFE LLP
THE ORRICK BUILDING
405 HOWARD STREET
SAN FRANCISCO, CALIFORNIA 94105-2669

tel +1-415-773-5700
fax +1-415-773-5759

WWW.ORRICK.COM

July 14, 2010

Warrington S. Parker
(415) 773-5740
wparker@orrick.com

**VIA EMAIL**

Hon. James Smith
JAMS
500 N. State College Blvd.
14th Floor
Orange, CA 92868

Re:   MGA v. Mattel

Dear Judge Smith:

What follows is the MGA Parties' position on the search of ArchiveOne, and the matters regarding that search that are currently at issue given the conference calls of July 7, 2010 and July 12, 2010. This following is not intended to limit or supplant the MGA Parties' submissions and arguments to date concerning ArchiveOne. Moreover, the MGA Parties reserve the right to further expound on the issues set forth below and respond to additional issues raised.

1. As noted by the MGA Parties and as established by the declarations submitted when this issue was first raised in December 2009 and January 2010, ArchiveOne functions as an email backup system. It cannot be considered reasonably accessible under Fed. R. Civ. P. 26(b)(2)(B). *See* Jan. 11, 2010 Submission to Judge Smith.

2. That the information contained on ArchiveOne cannot be considered reasonably accessible is confirmed by the work of ILS which has been trying to run search terms across ArchiveOne for the last month and a half. By all estimates, that work has revealed that ArchiveOne is not a system that is reasonably accessible. The MGA Parties therefore hereby request a formal report of the Rule 706 expert ILS regarding the nature and results of their efforts to search ArchiveOne to date, including their investigation of the capabilities of the ArchiveOne system both directly at MGA and with the vendor of the software, and whether the performance of the software is consistent with the vendor's representations made in the software manuals. At the time such report is submitted, MGA will consider whether cross-examination also is necessary.

3. Once the Rule 706 expert report is issued, the parties will be in a much better position to address the issues under the *Zubulake* framework. As you know, it is MGA's view that ArchiveOne is a backup. That ArchiveOne is the equivalent of a backup is underscored by the proposal currently being considered. Rather than run search terms across the entirety of ArchiveOne, which was the ordered procedure, the current suggestion is that ILS pull all of the custodial data for identified


ORRICK

Hon. James Smith
July 14, 2010
Page 2

custodians from ArchiveOne. That custodial data will be pulled without regard to search terms. And then, the proposal contemplates that the custodial data will be loaded into a separate search engine by ILS who will then run search terms. In other words, due to the nature of ArchiveOne and because it is the equivalent of a backup tape, the proposal contemplates restoring data, removing it to a search engine and then producing the result. This is what one would need to do with a backup tape. ArchiveOne is a backup tape in all but name.

4. There continues to be no showing or finding that the benefits of searching ArchiveOne outweigh the cost and burden of conducting a search of ArchiveOne. First, as demonstrated by the MGA Parties, because not all custodians are connected to ArchiveOne, documents have been produced in full form. The MGA Parties demonstrated this empirically, when Mattel first raised the ArchiveOne issue. Of the 10 documents identified by Mattel, six documents were produced in full form. The remaining four were irrelevant to the case--and Mattel did not dispute this. Second, the MGA Parties have always agreed to pull from ArchiveOne specific documents identified by Mattel that are relevant to this case.

5. Relatedly, if any search of ArchiveOne continues, and in light of the above, a fee and cost-shifting finding is warranted.

6. In terms of providing a list of those custodian on ArchiveOne, Mattel is not entitled to any such list, as Judge Smith's email of July 12, 2010, indicates. *See F.T.C. v. Foster*, 2007 WL 1827099 *4 (D.N.M. June 11, 2007) ("Under the Federal Rules of Civil Procedure, the FTC has no obligation, or right, to direct the conduct of Giant's discovery process, such as defining the number or identity of custodians to be searched.").

7. In theory, the MGA Parties have no objection were ILS to maintain (unreviewed) in a vault the data it pulls from ArchiveOne. One problem, however, is that MGA is involved in other litigation, including the Bel Air proceeding in NY to which Mattel is also a party. Mattel is already trying to use discovery here in the United States to circumvent the restrictions on discovery in the Mexican criminal proceedings. By creating any data vault, the Court would be exposing MGA to further and future litigation regarding subpoenas and other requests for the contents. Inevitably, moreover, Mattel will claim that something that should have been done was not done. The proposed standards for any future access to the vault should be set forth in advance, so that MGA has a meaningful opportunity to evaluate exactly what it would be agreeing to if it were to agree to establish a vault. At a minimum, an order establishing the detailed conditions for access, providing for the protection of the attorney-client privilege and any relevant privacy privileges, providing for the eventual disposal of the data without any claim by some third party that such a disposal is spoliation, and indemnification by Mattel for expenses associated with the defense of third party requests for access,


ORRICK

Hon. James Smith
July 14, 2010
Page 3

should be addressed. An order would have to be entered making clear that the data is not intended to be and shall not be under any circumstances subject to any discovery process in any other case.

Moreover, any proposal that would give ILS access to the data pulled or that requires some bate-stamping procedure is completely unwarranted. The proposal implicates the MGA Parties' attorney-client privilege and work-product. Mattel has not established any default on the part of MGA's current counsel in the review and production of documents, nor could it do so. The point of creating this data set is presumably so that it can be reviewed anew (another problem). But putting aside the lack of justification for doing that even historically where our main problem is that we simply cannot certify exactly what prior counsel has done, there certainly is no justification for allowing a third party to review documents or provide some review tracking mechanism based on the performance of MGA's current counsel. Frankly, the suggestion is highly offensive.

8. Mattel's assertion that MGA's review should be limited to privilege review is offensive for similar reasons. Mattel is not entitled to force MGA to produce masses of completely irrelevant material, especially where the parties are competitors. Rule 26 has a relevance requirement. No set of search terms can mechanically be applied without human review. Indeed, the mechanical application of search terms is neither necessary, nor even sufficient, to meet a party's discovery obligations. Moreover, Mattel's search terms are not narrowly tailored to obtain only those documents that are relevant to this case. The documents pulled by these search terms include many matters unrelated to this case. Moreover, while Mattel claims that the protective order is sufficient to protect the MGA Parties' interest, Mattel has shown itself perfectly willing time and again to seek to de-designate under the protective order completely irrelevant materials for the purpose of trying to embarrass MGA and hamper its relationship with its customers. In fact, Mattel has recently made a number of such requests for de-designation. These parties are competitors, and Mattel will use whatever advantage it can obtain. The protective order is not protection against future use by Mattel of irrelevant materials. Finally, in this regard, while Mattel claims that MGA agreed to all but a limited set of search terms, that is simply not valid.



# ORRICK

Hon. James Smith
July 14, 2010
Page 4

9. Mattel claims that documents should not be de-duplicated if there are multiple copies of the same document. This proposal is both unwarranted and is a deviation from the way in which the parties have produced documents to date in this case. Both sides have consistently objected to the production of identical documents. Without de-duplication, the burden of review increases exponentially. There is no basis for forcing MGA to re-review any of these documents, but there is certainly no basis for forcing MGA to do so in the most burdensome and expensive possible fashion.

Very truly yours,

/s Warrington S. Parker III


Warrington S. Parker III