1  MELINDA HAAG (State Bar No. 132612)
   mhaag@orrick.com
2  ANNETTE L. HURST (State Bar No. 148738)
   ahurst@orrick.com
3  WARRINGTON S. PARKER III (State Bar No. 148003)
   wparker@orrick.com
4  ORRICK, HERRINGTON & SUTCLIFFE LLP
   The Orrick Building, 405 Howard Street
5  San Francisco, CA 94105
   Tel. (415) 773-5700/ Fax: (415) 773-5759
6
   WILLIAM A. MOLINSKI (State Bar No. 145186)
7  wmolinski@orrick.com
   ORRICK, HERRINGTON & SUTCLIFFE LLP
8  777 South Figueroa Street, Suite 3200
   Los Angeles, CA 90017
9  Tel. (213) 629-2020/Fax: (213) 612-2499

10 THOMAS S. McCONVILLE (State Bar No. 155905)
   tmcconville@orrick.com
11 ORRICK, HERRINGTON & SUTCLIFFE LLP
   4 Park Plaza, Suite 1600
12 Irvine, CA 92614-2258
   Tel: (949) 567-6700/Fax: (949) 567-6710
13
   Attorneys for MGA Parties and IGWT 826 Investments
14 LLC

15              UNITED STATES DISTRICT COURT
              CENTRAL DISTRICT OF CALIFORNIA
16                 SOUTHERN DIVISION

17 CARTER BRYANT, an individual,    | Case No. CV 04-9049-DOC (RNBx)
                                    | Consolidated with No. CV 04-9059 and
18        Plaintiff,                | No. CV 05-2727
19        v.                        | Hon. David O. Carter
20 MATTEL, INC., a Delaware         | [PUBLIC VERSION] NOTICE OF
   corporation,                     | MOTION AND MOTION FOR
21                                  | PROTECTIVE ORDER FROM
          Defendant.                | MATTEL, INC.'S NOTICE OF
22                                  | DEPOSITION OF IGWT 826
                                    | INVESTMENTS LLC PURSUANT TO
23 AND CONSOLIDATED ACTIONS         | FED. R. CIV. P. 30(B)(6)
24                                  | Date: TBD
                                    | Time: TBD
25                                  | Dept: Courtroom 9D
26
27
28

                              NOTICE OF MOTION & MOTION FOR PROTECTIVE ORDER
                              CASE NO. CV 04-9049-DOC (RNBx)

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on a date to be determined by the Court or as soon thereafter as the matter may be heard before The Honorable David O. Carter, located at 411 West Fourth Street, Santa Ana, California, IGWT 826 Investments LLC will, and hereby does, move this Court pursuant to Federal Rule of Civil Procedure 26(c)(1)(A) for a protective order as to Topics 1-20 of Mattel, Inc.'s Amended Notice of Deposition of IGWT 826 Investments LLC Pursuant to Federal Rule of Civil Procedure 30(b)(6).

This Motion is made on the grounds that Topics 1-16 and 18-20 in Mattel's Notice of Deposition are unreasonably duplicative and cumulative of prior testimony. Further, Topic 17 is vague and ambiguous and Topic 20 is impermissibly overbroad and unduly burdensome.

This motion is based upon this Notice of Motion, the attached Memorandum of Points and Authorities, the Declaration of Mark P. Wine, and exhibits thereto, the Proposed Protective Order filed herewith, and the pleadings and records on file herein, and on such oral argument as may be presented by the parties at the hearing.

NOTICE OF MOTION & MOTION FOR PROTECTIVE ORDER
CV 04-9049 DOC (RNBx)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Certification of Compliance**

Counsel for MGA met and conferred telephonically with Mattel's counsel regarding Mattel's 30(b)(6) deposition notice of IGWT 826 Investments LLC and this Motion on multiple occasions: July 20, July 26, and July 27, 2010.  The parties have been unable to reach resolution.

Dated:    July 30, 2010                         MARK P. WINE
                                                Orrick, Herrington & Sutcliffe LLP


                                        By:   _____
                                                     MARK P. WINE
                                                Attorneys for MGA Parties

1

# TABLE OF CONTENTS

2

Page

3 INTRODUCTION ........................................................................................1

4 FACTUAL BACKGROUND .........................................................................2

5 ARGUMENT ...............................................................................................3

6     I.   TOPICS 1-6 SEEK TESTIMONY DUPLICATIVE AND
        CUMULATIVE OF PRIOR TESTIMONY. ......................................3

7

8     II.  TOPICS 7-10 AND 15-16 SEEK TESTIMONY DUPLICATIVE
        AND CUMULATIVE OF PRIOR TESTIMONY.................................5

9     III. TOPIC 11 IS NON-SENSICAL UNDER THE
        CIRCUMSTANCES AS WELL AS  DUPLICATIVE AND
10          CUMULATIVE OF PRIOR TESTIMONY. ......................................9

11    IV. TOPIC 12-14 SEEK TESTIMONY DUPLICATIVE AND
        CUMULATIVE OF PRIOR TESTIMONY. ......................................9
12

13    V.   TOPIC 17 IS NOTE REASONABLY PARTICULARIZED, AND
        IS VAGUE AND AMBIGUOUS.........................................................10

14    VI. TOPICS 18 AND 19 ARE DUPLICATIVE AND
        CUMULATIVE OF PRIOR TESTIMONY. ......................................10
15

16    VII. TOPIC 20 IS IMPROPER, NOT REASONABLY
        PARTICULARIZED, OVERBROAD, AND UNDULY
        BURDENSOME...............................................................................11
17

18 CONCLUSION..........................................................................................12

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF AUTHORITIES

## STATE CASES

Page

*CSX Transp., Inc. v. Vela,*
    2007 WL. 3334966 (S.D. Ind. Nov. 8, 2007)..........................................................3

*Gossar* v. *Soo Line Railroad Co.,*
    2009 WL. 3570335 (S.D. Ind. Oct. 27, 2009).....................................................3, 5

*MedImmune, LLC* v. *PDL Biopharma, Inc.,*
    2010 WL. 2382262 (N.D. Cal. June 10, 2010)......................................................8

*United States* v. *Boeing Co.,*
    2010 WL. 1408596 (D. Kan. April 1, 2010) ........................................................8

*Weilbacher* v. *Progressive Northwestern Ins. Co.,*
    2007 WL. 4698984 (D. Alaska. May 23, 2007)......................................................3

## FEDERAL STATUTES

Fed. R. Civ. P. 26(c)(1)(A) ......................................................................................1

Fed. R. Civ. P. 26(b)(2) ...........................................................................................3

Fed. R. Civ. P. 30(b)(6) .......................................................................................1, 3

# TABLE OF AUTHORITIES

**Page**

## STATE CASES

*CSX Transp., Inc.* v. *Vela,*
    2007 WL. 3334966 (S.D. Ind. Nov. 8, 2007)....................................................3

*Gossar* v. *Soo Line Railroad Co.,*
    2009 WL. 3570335 (S.D. Ind. Oct. 27, 2009)............................................3, 5

*Innomed Labs, LLC v. Alza Corp.,*
    211 F.R.D. 237, 240 (S.D.N.Y. 2002).............................................11, 12

*MedImmune, LLC* v. *PDL Biopharma, Inc.,*
    2010 WL. 2382262 (N.D. Cal. June 10, 2010) ..............................................8

*Reed* v. *Bennet,*
    193 F.R.D. 689, 692 (D. Kan. 2000).........................................................11, 12

*Southern Boston Management Corp. v. BP Prods. North American Inc.,*
    2006 WL 162916, at *1-2 (S.D.N.Y. Jan 19, 2006).........................11, 12

*United States* v. *Boeing Co.,*
    2010 WL. 1408596 (D. Kan. April 1, 2010) ..................................................8

*Weilbacher* v. *Progressive Northwestern Ins. Co.,*
    2007 WL. 4698984 (D. Alaska. May 23, 2007)...............................................3

## FEDERAL STATUTES

Fed. R. Civ. P. 26(b)(2) .......................................................................................3

Fed. R. Civ. P. 30(b)(6) ...................................................................................1, 3

Fed. R. Civ. P. 26(c)(1)(A) ..................................................................................1

OHS West:260962022.3
22161-2006 S7S/S7S

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

**INTRODUCTION**

This Court "instructed Mattel to gather all of the facts relevant to its claims arising out of the Omni-Wachovia transaction" before filing its Fourth Amended Answer and Counter-claims (FAAC).  Dkt. # 7712 at 8.

Justified by this Court's order, Mattel engaged in what this Court has acknowledged was discovery that was "staggering in its scope" and included nearly 50 depositions. *Id.* at 6.  For example, Mattel deposed  Isaac Larian, John Woolard, Steve Schulz, Neil Kadisha, Joseph Moinian, Arsalan Gonzini, David Nazarian, and Leon Neman on such topics as the individuals involved in IGWT 826, sources of funding for IGWT 826, formation and governance of IGWT 826, the relationship between Isaac Larian, Angela Larian, Shirin Makabi, and Jahangir Eli Makabi and IGWT 826, and transactions between IGWT and Omni 808, MGA and Isaac Larain. [1]  Isaac Larian and others testified about IGWT 826's transactions and agreements with various individuals and entities involved in Omni's acquisition of the Wachovia debt and the relationship between IGWT 826 and Omni 808.

Now Mattel wants to do it all again.  For example, Topics 1-6 of Mattel's deposition notice seek testimony regarding the individuals involved in IGWT 826, sources of funding for IGWT 826, formation and governance of IGWT 826, and the relationship between Isaac Larian, Angela Larian, Shirin Makabi, and Jahangir Eli Makabi, and IGWT 826. Topics 7-10 and 15-16 seek testimony regarding IGWT 826's transactions and agreements with various individuals and entities involved in Omni's acquisition of the Wachovia debt and the relationship between IGWT 826 and Omni 808.

Not only does Mattel want to re-do that discovery, it adds Topics already covered by a 30(b)(6) witness—such as the any fee or indemnity agreement

---

[1] Due to its voluminous nature, deposition transcripts cited herein have not been attached.  If the Court requests, MGA will lodge the relevant deposition transcripts and/or transcript excerpts.

1   between IGWT 826 and MGA.

2       Finally, when not already covered, the Topics are just overbroad.  For

3   example, Topic 20 asks for a 30(b)(6) witness to identify every single document

4   that "refers or relates" to every other Topic set forth in the notice.  That is simply

5   abusive.  There have been tens of thousands of documents produced in this case on

6   these topics and there is no apparent reason for this Topic other than harassment.

7                       **FACTUAL BACKGROUND**

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23   _____
    [2] 8/28/2009 Kadisha Depo. Tr. at 152:5-153:4.
24   [3] 12/10/2009, Larian Depo. Tr. at 530:13-532:22; 8/28/2009 Kadisha Depo. Tr. at
    77:20-88:4, 132:19-135:12; 165:10-167:24.
25   [4] 12/10/2009, Larian Depo. Tr. at 530:13-532:22, 601:9-602:23; 1/18/2010 Larian
    Depo. Tr. at 1249:19-1253:2; 8/28/2009 Kadisha Depo. Tr. at 77:20-88:4, 132:19-
26   135:12; 165:10-167:24.
    [5] 12/10/2009, Larian Depo. Tr. at 547:17-548:14; 8/28/2009 Kadisha Depo. Tr. at
27   77:20-88:4, 132:19-135:12.
    [6] 12/10/2009, Larian Depo. Tr. at 553:2-3.
    [7] 12/10/2009, Larian Depo. Tr. at 554: 19-23.
28   [8] 12/10/2009, Larian Depo. Tr. at 552:2-23.

- 2 -

1  ███████████████████████████████

2  █████████████████████████████████████

3  █████████████████████████████████████

4  █████████████████████████████████████

5  █████████████████████████████████████

6  ████████████████████

7                    **ARGUMENT**

8        The topics in Mattel's notice of deposition of IGWT 826 unreasonably

9  duplicate discovery already sought and obtained by Mattel. [12] A party is not

10  entitled to unreasonably cumulative or duplicative discovery. Fed. R. Civ. P.

11  26(b)(2)(a Court may limit discovery if "the discovery sought is unreasonably

12  cumulative or duplicative" or "if the party seeking discovery has had ample

13  opportunity to obtain the information by discovery in the action"). Courts grant a

14  protective order when a party seeks Rule 30(b)(6) deposition on matters that have

15  already been answered in discovery. *Gossar v. Soo Line Railroad Co.*, 2009 WL

16  3570335, at *5 (S.D. Ind. Oct. 27, 2009) (granting protective order for 30(b)(6)

17  deposition topic that would be "unduly duplicative" of individual deposition); *CSX*

18  *Transp., Inc. v. Vela*, 2007 WL 3334966, at *3 (S.D. Ind. Nov. 8, 2007) (granting

19  motion for protective order where party sought Rule 30(b)(6) deposition on matters

20  the noticed party had previously answered in discovery because additional

21  testimony is unduly burdensome); *Weilbacher v. Progressive Northwestern Ins.*

22  *Co.*, 2007 WL 4698984, at *2 (D. Alaska. May 23, 2007)(granting protective order

23  where further discovery in the form of deposition testimony or interrogatory would

24  be unnecessarily duplicative).

25  ────────────────────
   [9] Ex. B to the Declaration of Mark P. Wine In Support of IGWT 826's Motion for
26  Protective Order From Mattel's Notice of Deposition of IGWT 826 Investments
   LLC Pursuant to F.R.C.P. 30(b)(6) ("*Wine Decl.*") at 40-42.
27  [10] 8/28/2009 Kadisha Depo. Tr. at 273:8-276:5.
   [11] 8/28/2009 Kadisha Depo. Tr. at 273:8-276:5.
28  [12] A copy of Mattel's notice of deposition of IGWT 826 Investments LLC is
   attached as Ex. A to the *Wine Decl.*.

## I.   TOPICS 1-6 SEEK TESTIMONY DUPLICATIVE AND CUMULATIVE OF PRIOR TESTIMONY.

Topics 1-6 of Mattel's deposition notice seek testimony regarding the individuals involved in IGWT 826, sources of funding for IGWT 826, formation and governance of IGWT 826, and the relationship between Isaac Larian, Angela Larian, Shirin Makabi, and Jahangir Eli Makabi, and IGWT 826. Specifically, Topics 1-2 seek the identity of individuals involved in IGWT 826 - its officers, directors, shareholders, investors, members, employees, agents, persons who have an interest or control over IGWT 826, and persons who have provided IGWT 826 with funding. Topic 3 seeks information about the formation, governance, and purpose of IGWT 826. Topics 4-5 seek information about the relationship between Isaac Larian, Angela Larian, Shirin Makabi, and Jahangir Eli Makabi, and IGWT 826. Topic 6 seeks information about the sources of funding for IGWT 826.[13] Mattel has already had ample testimony as to each of these topics and there is simply nothing more to be gleaned by further deposition on these thoroughly examined topics.



---

[13] Topics 1-6 as drafted read:
   **Topic 1:** The IDENTITY of YOUR officers, directors, shareholders, investors, members, employees and agents.
   **Topic 2:** The IDENTIFY of all PERSONS who have had any direct or indirect interests in or control over YOU or have provided YOU with funding or loans, whether directly, indirectly, through intermediaries or otherwise.
   **Topic 3:** YOUR formation and governance, the purpose and timing thereof, and the nature, extent and location of your business operations.
   **Topic 4:** The timing, nature and extent of LARIAN'S relationship to, and direct and indirect control over, YOU.
   **Topic 5:** The timing, nature and extent of MAKABI's relationship to, and direct or indirect control over, YOU.
   **Topic 6:** YOUR sources of funding, including without limitation the IDENTIFY of all PERSONS who have offered to provide or provided funding to YOU, the amounts, timing and nature if such funding, and LARIAN's relationship to the source of such funding.
[14] 12/10/2009, Larian Depo. Tr. at 551:12-553:20; 554:19-555:7.

NOTICE OF MOTION & MOTION FOR PROTECTIVE ORDER
CV 04-9049 DOC (RNBx)

[text redacted] Mattel had its opportunity to question Mr. Larian on these topics and it did so over a span of four days.  There is simply nothing more to be gleaned by further deposition on Topics 1-6 and they are merely cumulative and duplicative of prior testimony.  *See e.g., Gossar v. Soo Line Railroad Co.*, 2009 WL 3570335, at *5 (S.D. Ind. Oct. 27, 2009) (granting protective order for 30(b)(6) deposition topic that would be "unduly duplicative" of individual deposition).

[15] 12/10/2009, Larian Depo. Tr. at 552:2-23.
[16] Ex. B to *Wine Decl.*
[17] 12/10/2009, Larian Depo. Tr. at 554:19-23; 1/18/2010 Larian Depo. Tr. at 1160:2-1161:13.
[18] 12/10/2009, Larian Depo. Tr. at 547:17-548:14; 554:24-555:3.
[19] 12/10/2009, Larian Depo. Tr. at 601:9-602:23.
[20] 12/10/2009, Larian Depo. Tr. at 601:9-602:23; 1/18/2010 Larian Depo. Tr. at 1249:19-1253:2.
[21] 12/10/2009, Larian Depo. Tr. at 552:2-23.

NOTICE OF MOTION & MOTION FOR PROTECTIVE ORDER
CV 04-9049 DOC (RNBx)

## II.   TOPICS 7-10 AND 15-16 SEEK TESTIMONY DUPLICATIVE AND CUMULATIVE OF PRIOR TESTIMONY.

Topics 7-10 and 15-16 seek testimony regarding IGWT 826's transactions and agreements with various individuals and entities involved in Omni's acquisition of the Wachovia debt and the relationship between IGWT 826 and Omni 808. Specifically, Topics 7-10 seek testimony regarding transactions, payments and transfers involving IGWT 826, Omni 808 and MGA, including the $60 million provided by IGWT 826 to Omni 808, the $40 secured delayed draw demand note between MGA and Omni 808, and any transfer of funds, security interest or intellectual property in Bratz.  Topic 15 seeks testimony regarding agreements, contracts or transactions between IGWT 826 and Larian, Makabi, Omni 808, alleged Omni 808 investors, Farahnik, or Mashian.  Topic 16 is a catchall topic that attempts to cover all investments and business dealings involving IGWT 826 and Larian, Makabi, Omni 808, alleged Omni 808 investors, Farahnik, or Mashian to the extent it is not covered by any other topic. [22]  Each and every aspect of these

---

[22] Topics 7, 8, 9, 10, 15, and 16 as drafted read:

**Topic 7:** Completed, proposed and/or contemplated transactions involving OMNI 808 and COMMUNICATIONS regarding such transactions, including without limitation YOUR $60 million loan to OMNI 808, the Amended and Restated Subordinated Promissory Note for $60 million executed by OMNI 808 and the $40 million Senior Promissory Note executed between YOU and OMNI 808.

**Topic 8:** Completed, proposed and/or contemplated transactions involving MGA and COMMUNICATIONS regarding such transactions, including without limitation OMNI 808's $60 million loan to MGA, the $40 million Secured Delayed Draw Demand Note (the "Draw Demand Note") executed between MGA and OMNI 808, and/or the $6 million in funding provided by OMNI 808 to MGA pursuant to the Draw Demand Note.

**Topic 9:** YOUR relationship with MGA and OMNI 808, including without limitation the nature, timing and amounts of payments made or allegedly owned by MGA to OMNI 808 and/or by OMNI 808 to YOU, or vice versa.

**Topic 10:** The direct or indirect, actual, promised, proposed, owed or prospective transfer of any item of value (including any funds, security interest, loan interest, forgiveness of indebtedness and/or the intellectual property in Bratz) involving YOU, on the one hand, and LARIAN, MGA and/or OMNI 808, on the other.

**Topic 15:** YOUR actual or contemplated agreements, contracts and/or transactions with LARIAN, MGA, MAKABI, OMNI 808, THE ALLEGED OMNI 808 INVESTORS, FARAHNIK, and/or MASHIAN, including without limitation the timing thereof, the negotiations and COMMUNICATIONS that REFER OR RELATE thereto, and any actual or proposed amendments thereto.

NOTICE OF MOTION & MOTION FOR PROTECTIVE ORDER
CV 04-9049 DOC (RNBx)

1   topics have been explored by Mattel at length with numerous individuals, including

2   Issac Larian, John Woolard, Neil Kadisha and other members of Omni 808.

3       Mr. Larian has testified in detail about IGWT's transactions with Omni 808,

4   and with the Omni 808 investors. [23] Mr. Larian has also testified about any

5   payment or transfer of value from IGWT 826 to MGA and Omni 808. Indeed, he

6   testified in detail about the two transfers of $60 million and $6 million from IGWT

7   826 to Omni 808. He also confirmed that there have been no other payments from

8   IGWT 826 to Omni 808. [24, 25] Neil Kadisha, a member of Omni 808, also testified

9   at length about the transactions and transfers between IGWT 826 and Omni 808. [26]

10  Mr. Larian also testified about transfers from IGWT 826 to the members of Omni

11  808. [27] He also testified about transfers from MGA to Omni 808 or to the members

12  of Omni 808. [28] Mr. Kadisha also testified about any transactions or transfers from

13  MGA to Omni 808 and the reverse, any transfers from Omni 808 to MGA. [29]

14  MGA's designee, Mr. Woolard has testified regarding the transactions between

15  IGWT 826 and Omni 808, including any payments from MGA to IGWT 826 and

16  from MGA to Omni 808. [30] Indeed, Mr. Woolard testified for half a day

17  exclusively on this topic. [31] Additionally, Mattel has also deposed many of the

18  Omni 808 members, including Neil Kadisha, Joseph Moinian, Arsalan Gonzini,

19  David Nazarian, and Leon Neman about Omni 808's acquisition of the Wachovia

20

21  **Topic 16:** To the extent not covered by any other Topic, all other completed,

22  proposed and/or contemplated investments or business dealings in which you
    participated or contemplated participating that also involve LARIAN, MGA,

23  MAKABI, KADISHA, OMNI 808, THE ALLEGED OMNI 808 INVESTORS, FARAHNIK, and/or MASHIAN.
    [23] 12/11/2009 Larian Depo. Tr. at 860:24-863:21; 12/11/2010 Larian Depo. Tr. at

24  1001:1-1042:19; 1/18/2010 Larian Depo. Tr. at 1111:9- 1171:6.
    [24] 12/10/2009, Larian Depo. Tr. at 547:17-548:14; 554:24-555:3.

25  [25] 12/10/2009, Larian Depo. Tr. at 601:9-602:23.
    [26] 8/28/2009 Kadisha Depo. Tr. at 77:20-88:4; 132:19-135:12; 165:10-167:24.

26  [27] 4/12/2010 Larian Depo. Tr. at 2015:2-2030:22.
    [28] 1/18/2010 Larian Depo. Tr. at 1293:23-1296:18.

27  [29] 8/28/2009 Kadisha Depo. Tr. at 184:4-193:5; 195:16-198:21; 200:10-209:2.
    [30] 3/26/2010 Woolard Depo. Tr. at 786:2-10; 788:20-789:11.

28  [31] 3/26/2010 Woolard Depo. Tr.

1   debt, its sources of funding, IGWT 826, and related transactions. [32]

2        Further, at least three individuals, Mr. Larian, Mr. Woolard, and Mr. Kadisha

3   have testified at length about any security or collateral used to securitize Omni's

4   loan. [33] ████████████████████████████████████████████████████

5   ████████████████████████████████████████████████████████████

6   ████████████████████████████████████████████████████████████

7   ██████████████████████   In short, Mattel has had the opportunity to explore every

8   aspect from every angle on the transactions and transfers involving IGWT 826,

9   Omni 808, MGA, and Larian and it has done so.

10        Further, to the extent Topic 15 and 16 seeks testimony regarding agreements

11   and communications between IGWT 826 and Fred Mashian or Leon Farahnik, it is

12   simply not relevant.  Neither Mashian nor Farahnik were involved with IGWT 826.

13   Indeed, Fred Mashian has testified that he has "never" heard of a company called

14   IGWT, IGWT 826 Investments, or IGWT Group. [35]  He further testified that he has

15   "no information" about the funding for Omni 808's acquisition of Wachovia debt. [36]

16   Similarly, Mr. Farahnik testified that he had "never" heard of IGWT 826

17   Investments of IGWT Group. [37]  He further testified that he had no business

18   transactions with Isaac Larian other than the three business transactions he

19   identified, none of which have anything to do with IGWT 826. [38]  He also testified

20   that he had no business transactions with Angela Larian, Shirin Makabi, or Eli

21   Makabi, the trustees of the members of IGWT 826. [39]

22   [32] *See* 8/28/2009 Kadisha Depo.Tr.; 3/22/2010 Moinian Depo Tr.; 5/11/2010
    Gonzini Depo Tr; 1/13/2010 David Nazarian Depo Tr; 8/14/2009 Neman Depo. Tr.
23   [33] 12/11/2009 Larian Depo. Tr. at 1033:12-1034:7; 1/18/2010 Larian Depo. Tr. at
    1112:2-1116:12; 4/12/2010 Larian Depo. at 2129:14-2130:6; 1/6/2010 Woolard
24   Depo. Tr. at 205:20-213:5; 3/26/2010 Woolard Depo. Tr. at 842:18-843:8; 865:13-
    874:3; 8/28/2009 Kadisha Depo. Tr. at 210:14-228:21.
25   [34] 1/6/2010 Woolard Depo. Tr. at 205:20-213:5; 3/26/2010 Woolard Depo. Tr. at
    842:18-843:8; 865:13-874:3.
26   [35] 9/10/2009 Mashian depo. Tr. at 87:6-17.
    [36] *Id.* at 205:22-206:5.
27   [37] 5/24/2010 Farahnik Depo. Tr. at 115:8-11.
    [38] *Id.* at 76:14-77:11.
28   [39] *Id.* at 98:1-17.

NOTICE OF MOTION & MOTION FOR PROTECTIVE ORDER
CV 04-9049 DOC (RNBX)

1    Therefore, to the extent it may be deemed relevant, Mattel already has all the

2    testimony with respect to any relationship between Farahnak, Mashian and IGWT

3    826 as noted above. *See United States v. Boeing Co.*, 2010 WL 1408596, at *2 (D.

4    Kan. April 1, 2010) (granting protective order where relevance of 30(b)(6) topic is

5    "extremely tenuous."); *MedImmune, LLC v. PDL Biopharma, Inc.*, 2010 WL

6    2382262, at *1 (N.D. Cal. June 10, 2010) (granting protective order as to 30(b)(6)

7    topic on grounds that topic is not relevant or reasonably calculated to lead to the

8    discovery or admissible evidence.) These is simply nothing more to be gleaned by

9    further deposition on this thoroughly examined topic.

10   **III.   TOPIC 11 IS NON-SENSICAL UNDER THE CIRCUMSTANCES AS
11        WELL AS DUPLICATIVE AND CUMULATIVE OF PRIOR
          TESTIMONY.**

12          Topic 11 seeks testimony on IGWT 826's first knowledge or awareness of

13   any lawsuit between Mattel and MGA and/or Isaac Larian. [40] ▮▮▮▮▮▮▮▮▮▮

14   ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

15   ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

16   ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

17   Evidently, Mr. Larian has known of this lawsuit since the first day of IGWT 826's

18   existence.  In light of this, this topic is cumulative and a waste of time.

19   **IV.   TOPIC 12-14 SEEK TESTIMONY DUPLICATIVE AND
20        CUMULATIVE OF PRIOR TESTIMONY.**

21          Topics 12 and 14 seek testimony regarding IGWT 826's claim of common

     interest privilege, or fee or indemnity or joint defense agreement with any entity.
22
     Topic 13 is broader and seeks testimony regarding all communications of IGWT
23
     826 with Omni 808, alleged Omni 808 investors, Mashian and Farahnik, including
24
     any claim of common interest privilege as to such communications. [42]
25

26   [40] **Topic 11** as drafted reads: YOUR first knowledge and/or awareness of any
     lawsuit, litigation or other dispute between MATTEL and LARIAN and/or MGA.
27   [41] 12/10/2009, Larian Depo. Tr. at 552:2-23.
     [42] Topics 12, 13, and 14 as drafted reads:
28          **Topic 12:** The facts on which YOU are basing any claimed common interest
     privilege in this action.

1      MGA's 30(b)(6) designee, Craig Holden has already provided testimony on

2    these topics.  He testified about the joint defense agreement between IGWT 826

3    and MGA relating to this litigation. [43]  He also testified about the joint defense

4    agreement between MGA and Omni 808. [44]  He testified that there was no fee

5    agreement between MGA and IGWT 826. [45] ███████████████████████

6    ██████████████████████████████████████████████████████████

7    ████████████████████████████  Therefore, Mattel has obtained

8    sufficient testimony as to these topics, and these topics are cumulative.

9        Further, as explained above, to the extent Topic 13 seeks communications

10   between IGWT 826 and Fred Mashian or Leon Farahnik, it is simply not relevant.

11   Mattel has also obtained any information there is to get by deposing Mr. Mashian

12   and Mr. Farahnik.

13   **V.**    **TOPIC 17 IS NOT REASONABLY PARTICULARIZED, AND IS**

14          **VAGUE AND AMBIGUOUS.**

15        Topic 17 seeks testimony regarding certain U.C.C. Financing

16   Statements that were purportedly attached as Exhibit 1. [47]  The referenced exhibit

17   was not found as Exhibit 1. [48]  As such, without the exhibit, it is impossible to

18   understand what statements are being referred to, and the topic is vague and

---

19   **Topic 13:** YOUR COMMUNICATIONS with OMNI 808, THE ALLEGED
OMNI 808 INVESTORS, MASHIAN and/or FARAHNIK, including without

20   limitation the facts on which YOU are basing any privilege claimed by YOU as to
such COMMUNICATIONS.

21       **Topic 14:** Any fee, indemnity, joint defense and/or common interest
agreements between any PERSON or entity, including but not limited to LARIAN,

22   OMNI 808 and/or MGA, and YOU, including without limitation the meaning and
scope of and the reasons for such agreements.

23   [43] 7/8/2010 Holden Depo at 2955:11-2958:8; 2970:22-2978:17; *See also* Ex. C to
*Wine Decl.* ("Joint Defense and Information Sharing Agreement").

24   [44] *Id.* at 2962:10-2965:2.
[45] *Id.* at 2955:7-10.

25   [46] 12/11/2009 Larian Depo. at 1032:6-23.
[47] Topic 17 as drafted reads:

26       **Topic 17:** The U.C.C. Financing Statements and amendments attached as
Exhibit 1 and/or the security interests allegedly reflected therein, including without

27   limitation LARIAN's participation therein and the IDENTITY of all other
PERSONS who authorized or were otherwise involved in their preparation and

28   filing.
[48] *See* Ex. A to the *Wine Decl.*

      NOTICE OF MOTION & MOTION FOR PROTECTIVE ORDER
CV 04-9049 DOC (RNBx)

1   ambiguous.  Failure to describe the deposition topics with sufficient particularity

2   prevents counsel from adequately identifying and preparing corporate witness.

3   *Southern Boston Management Corp. v. BP Prods. North American Inc.*, 2006 WL

4   162916, at *1-2 (S.D.N.Y. Jan 19, 2006); *Innomed Labs, LLC v. Alza Corp.*, 211

5   F.R.D. 237, 240 (S.D.N.Y. 2002); *Reed v. Bennet*, 193 F.R.D. 689, 692 (D. Kan.

6   2000).

7   **VI.   TOPICS 18 AND 19 ARE DUPLICATIVE AND CUMULATIVE OF**

8   **PRIOR TESTIMONY.**

9           Topic 18 and 19 seek testimony regarding IGWT's preservation,

10  searches, and collection of documents, including any spoliation or concealment of

11  documents. [49] ████████████████████████████████████████████████

12  ████████████████████████████████████████████████████████████████

13  ████████████████████████████████████████████████████████████████

14  ████████████████████  Mattel has already obtained extensive testimony with regard to

15  MGA's preservation and collection efforts and these topics are merely cumulative.

    [51]

16

17  **VII.  TOPIC 20 IS IMPROPER, NOT REASONABLY PARTICULARIZED,**

    **OVERBROAD, AND UNDULY BURDENSOME.**

18          Topic 20 seeks testimony on the identity of documents related to topics 1-19.

19  [52] Mattel wants a deponent to identify every single document that refers or relates

20

21  _____
    [49] Topic 18 and 19 as drafted reads:

22          **Topic 18:** YOUR intentional spoliation and/or concealment of
    DOCUMENTS or other evidence in connection with this ACTION.

23          **Topic 19:** YOUR preservation of, searches for, collections of and
    productions of DOCUMENTS in connection with this ACTION, including without

24  limitation which sources of information and STORAGE DEVICES YOU have
    searched for responsive DOCUMENTS in connection with this ACTION (and

25  which YOU have not) and YOUR search methods in connection with those
    searches.

26  [50] 12/10/2009 Larian Depo. at 753:18-758:1.
    [51] For example, Lisa Tonnu has been deposed twice, on September 24, 2007 and

27  recently on June 25, 2010, as to MGA's preservation, collection and any alleged
    spoliation of documents.

28  [52] **Topic 20** as drafted reads: The IDENTITY of DOCUMENTS that REFER OR
    RELATE TO the subject matters of Topics 1 through 19.

1   to the prior 19 topics in its notice.  This is simply abusive.  There have been tens of

2   thousands of documents produced on these topics by MGA, the IGWT entities,

3   Omni 808 and numerous third parties. [53]  There is simply no apparent reason for

4   this Topic asking for a deponent to identify each and every one of these documents

5   other than harassment.  This is impermissibly overbroad and not a proper 30(b)(6)

6   topic.  Mattel has had ample opportunity to serve requests for production and

7   interrogatories that would better address this topic.  Indeed, Mattel has done so and

8   MGA has produced responsive documents.  Requiring a deponent to identify each

9   and every document related to 19 broad topics amounting to thousands of

10  documents is improper, overbroad, and overly burdensome.

11        Further, this Topic is also not reasonably particularized.  Rule 30(b)(6)

12  notices must identify with "reasonable particularity" the matters for examination.

13  Fed. R. Civ. P. 30(b)(6).  Failure to describe the deposition topics with sufficient

14  particularity prevents counsel from adequately identifying and preparing corporate

15  witness.  *Southern Boston Management Corp. v. BP Prods. North American Inc.*,

16  2006 WL 162916, at *1-2 (S.D.N.Y. Jan 19, 2006); *Innomed Labs, LLC v. Alza*

17  *Corp.*, 211 F.R.D. 237, 240 (S.D.N.Y. 2002); *Reed v. Bennet*, 193 F.R.D. 689, 692

18  (D. Kan. 2000).  This Topic seeks testimony on the identity of documents related to

19  topics 1-19, tens of thousands of documents and is not reasonably particularized.

20  Further, the term "IDENTIFY" is not defined in Mattel's deposition notice in terms

21  of "DOCUMENTS".  Thus, this topic is also vague and ambiguous.

## CONCLUSION

22        For the foregoing reasons, IGWT 826 requests that the Court grant a

23  protective order as to Topics 1-20 of Mattel's notice of deposition of IGWT 826

24  Investments LLC pursuant to 30(b)(6).

25

26

27

28  _____
[53] *See Wine Decl.*, ¶ 5.

NOTICE OF MOTION & MOTION FOR PROTECTIVE ORDER
CV 04-9049 DOC (RNBx)

1

2   Dated:    July 30, 2010

3                                                        MARK P WINE
                                                         Orrick, Herrington & Sutcliffe LLP
4

5                                                        By: _____
                                                                    Mark P. Wine
6                                                        Attorneys for MGA Parties and IGWT 826
                                                                  Investments LLC.
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 13 -                      NOTICE OF MOTION & MOTION FOR PROTECTIVE ORDER
                            CV 04-9049 DOC (RNBx)