# Exhibit A

1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
   John B. Quinn (Bar No. 090378)
2  (johnquinn@quinnemanuel.com)
   Michael T. Zeller (Bar No. 196417)
3  (michaelzeller@quinnemanuel.com)
   Jon D. Corey (Bar No. 185066)
4  (joncorey@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
5  Los Angeles, California 90017-2543
   Telephone: (213) 443-3000
6  Facsimile: (213) 443-3100

7  Attorneys for Mattel, Inc.

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10                   SOUTHERN DIVISION

11 | MATTEL, INC., a Delaware corporation, | CASE NO. CV 04-9049 DOC (RNBx) |
|---|---|
|   | Consolidated with |
| Plaintiff, | Case No. CV 04-09059 |
|   | Case No. CV 05-02727 |
| vs. |   |
|   | AMENDED NOTICE OF DEPOSITION OF IGWT 826 INVESTMENTS LLC PURSUANT TO <u>FEDERAL RULE OF CIVIL PROCEDURE</u> 30(B)(6) |
| MGA ENTERTAINMENT, INC., a Delaware corporation, |   |
| Defendant. |   |
| AND CONSOLIDATED ACTIONS |   |

00505.07975/3596068.1

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on August 2, 2010, beginning at 8:00 a.m. Mattel, Inc. ("Mattel") will take the deposition upon oral examination of defendant IGWT 826 Investments LLC at 600 West Santa Ana Blvd., Suite 910, Santa Ana, CA 92701.  Pursuant to Fed. R. Civ. P. 30(b)(6), IGWT 826 Investments LLC shall designate one or more officers, directors, managing agents or other persons who consent to testify on its behalf concerning each of the topics set forth in Exhibit A hereto.

PLEASE TAKE FURTHER NOTICE that the deposition will take place before a duly authorized notary public or other officer authorized to administer oaths at depositions, and will continue from day to day, Saturdays, Sundays and legal holidays excepted, until completed.

PLEASE TAKE FURTHER NOTICE that, pursuant to Fed. R. Civ. P. 30(b)(2), the deposition will be videotaped.  Mattel also reserves the right to use Livenote or other technology for real-time transcription of the testimony.

DATED: July 23, 2010        QUINN EMANUEL URQUHART & SULLIVAN, LLP

By /s/ Michael T. Zeller
   Michael T. Zeller
   Attorneys for Mattel, Inc.

# EXHIBIT A

1. "YOU," "YOUR" or "IGWT 826" means IGWT 826 Investments LLC, any of its current or former employees, officers, directors, agents, representatives, attorneys, parents, subsidiaries, divisions, affiliates, predecessors-in-interest and successors-in-interest, and any other PERSON acting on its behalf, pursuant to its authority or subject to its control.

2. "MATTEL" means Mattel, Inc., any of its current or former employees, officers, directors, agents, representatives, attorneys, parents, subsidiaries, divisions, affiliates, predecessors-in-interest and successors-in-interest, and any other PERSON acting on its behalf, pursuant to its authority or subject to its control.

3. "OMNI 808" means Omni 808 Investors, LLC, any of its current or former employees, officers, directors, agents, representatives, attorneys, parents, subsidiaries, divisions, affiliates, predecessors-in-interest and successors-in-interest, and any other PERSON acting on its behalf, pursuant to its authority or subject to its control.

4. "LARIAN" means Isaac Larian, Angela Larian, any trust or business that Isaac Larian or Angela Larian control directly or indirectly, in whole or in part, including without limitation, The Larian Living Trust, The Isaac E. Larian Qualified Annuity Trust, the Angela Larian Qualified Annuity Trust, and IGWT Group, LLC, any subsidiary, affiliate, predecessor or successor of any such trust or business, and any other PERSON acting on behalf of Isaac Larian, Angela Larian or any trust or business entity in which Isaac Larian or Angela Larian has an interest.

5. "MGA" means MGA Entertainment, Inc., any of its current or former employees, officers, directors, agents, representatives, attorneys, parents, subsidiaries, divisions, affiliates, predecessors-in-interest and successors-in-interest, and any other PERSON acting on its behalf, pursuant to its authority or subject to its control.

6. "MAKABI" means Shirin Larian Makabi, Jahangir Eli Makabi, any trust or business that Shirin Larian Makabi or Jahangir Eli Makabi control directly or indirectly, in whole or in part, including without limitation, The Jahangir Eli Makabi Qualified Annuity Trust and The Shirin Larian Makabi Qualified Annuity Trust, any subsidiary, affiliate, predecessor or successor of any such trust or business, and any other PERSON acting on behalf of Shirin Larian Makabi or Jahangir Eli Makabi or any trust or business entity in which Shirin Larian Makabi or Jahangir Eli Makabi has an interest.

7. "KADISHA" means Neil Kadisha, any of his current or former agents, representatives, attorneys, employees, partners, joint ventures, predecessors-in-interest and successors-in-interest, and any other PERSON acting on his behalf, pursuant to his authority or subject to his control.

8. "VISION CAPITAL" means Vision Capital, LLC, any of its current or former employees, officers, directors, agents, representatives, attorneys, parents, subsidiaries, divisions, affiliates, predecessors-in-interest and successors-in-interest, and any other PERSON acting on its behalf, pursuant to its authority or subject to its control.

9. "LEON NEMAN" means Leon Neman, any trust or business in which Leon Neman has an interest, including without limitation Neman Brothers & Associates, any subsidiary, affiliate, predecessor or successor of any such trust or business, and any other person acting on behalf of Leon Neman or any trust or business entity in which Leon Neman has an interest.

10. "LEXINGTON" means Lexington Financial Limited, a Nevis Corporation, any of its current or former employees, officers, directors, agents, representatives, attorneys, parents, subsidiaries, divisions, affiliates, predecessors-in-interest and successors-in-interest, and any other PERSON acting on its behalf, pursuant to its authority or subject to its control.

1  11. "MASHIAN" means Fred Mashian and any PERSON acting on his
2  behalf, pursuant to his authority or subject to his control.
3  12. "FARAHNIK" means Leon Farahnik, any trust or business in which
4  Leon Farahnik has an interest, any subsidiary, affiliate, predecessor or successor of any
5  such trust or business, and any other person acting on behalf of Leon Farahnik or any
6  trust or business entity in which Leon Farahnik has an interest.
7  13. "SAMHOUI" means the "Mr. Samhoui" identified in Leon Neman's
8  deposition testimony and/or the Perviz/Perry Samouhi identified in Fred Mashian's
9  deposition testimony as the alleged principal of Lexington Financial Limited.
10  14. "THE ALLEGED OMNI 808 INVESTORS" means KADISHA,
11  Ben Nazarian, Joseph Moinian, LEON NEMAN, Arsalan Gozini, David Nazarian,
12  Gold Leaf Investments, LP, Moinian Development Group, LLC, VISION CAPITAL,
13  David and Angella Nazarian Family Trust, Arsalan Gozini Charitable Lead Annuity
14  Trust and Elahe Pezeshkifar as the Trustee of the Arsalan Gozini Charitable Lead
15  Annuity Trust, Omni TMG, LLC, OmniNet Capital, LLC, LEXINGTON, SAMHOUI,
16  any other PERSON that provided funding to any of the foregoing, directly or indirectly,
17  in connection with the purported purchase of MGA debt, all of their past or present
18  employees, officers, agents, representatives, attorneys, consultants, independent
19  contractors, any predecessors or successors in interest, and any other PERSON acting
20  on their behalf, pursuant to their authority or subject to their control.
21  15. "DIGITAL INFORMATION" means any information created or
22  stored digitally, including but not limited to electronically, magnetically or optically.
23  16. "STORAGE DEVICE" means any computer hard drive, memory,
24  USB device, tape, storage array or any other device or medium that allows a user,
25  whether permanently, temporarily or otherwise, to create, generate, transmit, copy,
26  retain, store or maintain DIGITAL INFORMATION.
27  17. "IDENTITY" or "IDENTIFY" means the following:
28

(a) With reference to an individual, means such individual's name, current or last known business title, current or last known business affiliation, current or last known relationship to YOU, current or last known residential and business address, and current or last known telephone number.

(b) With reference to an entity or governmental organization, means such entity's or organization's name, present or last-known address, and present or last-known telephone number and the IDENTITY of each individual who has served or participated as a contact for or on behalf of such entity or organization.

18. "PERSON" or "PERSONS" means all natural persons, partnerships, corporations, joint ventures and any kind of business, legal or public entity or organization, as well as its, his or her agents, representatives, employees, officers and directors and anyone else acting on its, his or her behalf, pursuant to its, his or her authority or subject to its, his or her control.

19. "RELATING TO" or "REFER OR RELATE TO" means constituting, embodying, containing, referring to, commenting on, evidencing, regarding, discussing, describing, mentioning, reflecting, expressing, pertaining to, concerning, supporting, contradicting, negating, revoking or otherwise relating to in any manner.

20. "DOCUMENT" or "DOCUMENTS" means all "WRITINGS" and "RECORDINGS" as those terms are defined in Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of Evidence, including, but not limited to, all writings and records of every type and description including, but not limited to, contracts, agreements, correspondence, memoranda, letters, facsimiles, electronic mail ("e-mail"), records of telephone conversations, handwritten and typewritten notes of any kind, statements, reports, minutes, recordings, transcripts and summaries of meetings, voice recordings, pictures, photographs, drawings, computer cards, tapes, discs, printouts and records of all types, studies, instruction manuals, policy manuals and statements, books, pamphlets, invoices, canceled checks and every other device or

medium by which or through which information of any type is transmitted, recorded or preserved.

21. "COMMUNICATION" or "COMMUNICATION" means any transmittal and/or receipt of information, whether such was oral or written, and whether such was by chance, prearranged, formal or informal, and specifically includes, but is not limited to, conversations in person, telephone conversations, electronic mail (including instant messages and text messages), voicemail, letters, memoranda, statements, media releases, magazine and newspaper articles, and video and audio transmissions.

22. The singular form of a noun or pronoun includes within its meaning the plural form of the noun or pronoun so used, and *vice versa*; the use of the masculine form of a pronoun also includes within its meaning the feminine form of the pronoun so used, and *vice versa*; the use of any tense of any verb includes also within its meaning all other tenses of the verb so used, whenever such construction results in a broader request for information; and "and" includes "or" and *vice versa*, whenever such construction results in a broader disclosure of documents or information.

### Topics of Examination

1. The IDENTITY of YOUR officers, directors, shareholders, investors, members, employees and agents.

2. The IDENTITY of all PERSONS who have had any direct or indirect interest in or control over YOU or have provided YOU with funding or loans, whether directly, indirectly, through intermediaries or otherwise.

3. YOUR formation and governance, the purpose and timing thereof, and the nature, extent and location of YOUR business operations.

4. The timing, nature and extent of LARIAN's relationship to, and direct or indirect control over, YOU.

5. The timing, nature and extent of MAKABI's relationship to, and direct or indirect control over, YOU.

6. YOUR sources of funding, including without limitation the IDENTITY of all PERSONS who have offered to provide or provided funding to YOU, the amounts, timing and nature of such funding, and LARIAN's relationship to the source of such funding.

7. Completed, proposed and/or contemplated transactions involving OMNI 808 and COMMUNICATIONS regarding such transactions, including without limitation YOUR $60 million loan to OMNI 808, the Amended and Restated Subordinated Promissory Note for $60 million executed by OMNI 808 and the $40 million Senior Promissory Note executed between YOU and OMNI 808.

8. Completed, proposed and/or contemplated transactions involving MGA and COMMUNICATIONS regarding such transactions, including without limitation OMNI 808's $60 million loan to MGA, the $40 million Secured Delayed Draw Demand Note (the "Draw Demand Note") executed between MGA and OMNI 808, and/or the $6 million in funding provided by OMNI 808 to MGA pursuant to the Draw Demand Note.

9. YOUR relationship with MGA and OMNI 808, including without limitation the nature, timing and amounts of payments made or allegedly owed by MGA to OMNI 808 and/or by OMNI 808 to YOU, or vice versa.

10. The direct or indirect, actual, promised, proposed, owed or prospective transfer of any item of value (including any funds, security interest, loan interest, forgiveness of indebtedness and/or the intellectual property in Bratz) involving YOU, on the one hand, and LARIAN, MGA and/or OMNI 808, on the other.

11. YOUR first knowledge and/or awareness of any lawsuit, litigation or other dispute between MATTEL and LARIAN and/or MGA.

12. The facts on which YOU are basing any claimed common interest privilege in this action.

13. YOUR COMMUNICATIONS with OMNI 808, THE ALLEGED OMNI 808 INVESTORS, MASHIAN and/or FARAHNIK, including without limitation the facts on which YOU are basing any privilege claimed by YOU as to such COMMUNICATIONS.

14. Any fee, indemnity, joint defense and/or common interest agreements between any PERSON or entity, including but not limited to LARIAN, OMNI 808 and/or MGA, and YOU, including without limitation the meaning and scope of and the reasons for such agreements.

15. YOUR actual or contemplated agreements, contracts and/or transactions with LARIAN, MGA, MAKABI, OMNI 808, THE ALLEGED OMNI 808 INVESTORS, FARAHNIK, and/or MASHIAN, including without limitation the timing thereof, the negotiations and COMMUNICATIONS that REFER OR RELATE thereto, and any actual or proposed amendments thereto.

16. To the extent not covered by any other Topic, all other completed, proposed and/or contemplated investments or business dealings in which you participated or contemplated participating that also involve LARIAN, MGA, MAKABI, KADISHA, OMNI 808, THE ALLEGED OMNI 808 INVESTORS, FARAHNIK, and/or MASHIAN.

17. The U.C.C. Financing Statements and amendments attached as Exhibit 1 and/or the security interests allegedly reflected therein, including without limitation LARIAN's participation therein and the IDENTITY of all other PERSONS who authorized or were otherwise involved in their preparation and filing.

18. YOUR intentional spoliation and/or concealment of DOCUMENTS or other evidence in connection with this ACTION.

19. YOUR preservation of, searches for, collections of and productions of DOCUMENTS in connection with this ACTION, including without limitation which sources of information and STORAGE DEVICES YOU have searched for responsive

1  DOCUMENTS in connection with this ACTION (and which YOU have not) and
2  YOUR search methods in connection with those searches.
3            20.    The IDENTITY of DOCUMENTS that REFER OR RELATE TO
4  the subject matters of Topics 1 through 19.

1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
    John B. Quinn (Bar No. 090378)
2   johnquinn@quinnemanuel.com
    Michael T. Zeller (Bar No. 196417)
3   michaelzeller@quinnemanuel.com
    Jon D. Corey (Bar No. 185066)
4   joncorey@quinnemanuel.com
    865 South Figueroa Street, 10th Floor
5  Los Angeles, California 90017-2543
   Telephone: (213) 443-3000
6  Facsimile: (213) 443-3100

7  Attorneys for Mattel, Inc.

8              UNITED STATES DISTRICT COURT
9             CENTRAL DISTRICT OF CALIFORNIA
10                    SOUTHERN DIVISION

11

12  MATTEL, INC., a Delaware          CASE NO. CV 04-9049 DOC (RNBx)
    corporation,                      Consolidated with
13                                    Case No. CV 04-09059
              Plaintiff,              Case No. CV 05-02727
14
         vs.
15                                    **PROOF OF SERVICE**
    MGA ENTERTAINMENT, INC., a
16  California corporation, et al.,

17            Defendant.

18  AND CONSOLIDATED ACTIONS
19

00505.07209/3583564.1

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017.

On July 23, 2010, I served true copies of the following documents described as: (1) AMENDED NOTICE OF DEPOSITION OF IGWT 826 INVESTMENTS LLC PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(B)(6); and (2) AMENDED NOTICE OF DEPOSITION OF MGA ENTERTAINMENT, INC. PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(B)(6) (Second Phase 2 Notice) on the parties in this action as follows:

| | |
|---|---|
| Orrick, Herrington & Sutcliffe LLP<br>William A. Molinski<br>777 S. Figueroa Street, STE 3200<br>Los Angeles, CA 90017<br>wmolinski@orrick.com | *Attorneys for the MGA Parties* |
| Orrick, Herrington & Sutcliffe LLP<br>Annette L. Hurst<br>The Orrick Building<br>405 Howard Street<br>San Francisco, CA 94104<br>ahurst@orrick.com | *Attorneys for the MGA Parties* |
| Skadden, Arps, Slate, Meagher & Flom LLP<br>  Thomas J. Nolan, Esq.<br>  Jason Russell, Esq.<br>300 South Grand Avenue, Suite 3400<br>Los Angeles, CA  90071<br>  tnolan@skadden.com<br>  jrussell@skadden.com | **Attorneys for** *the MGA Parties*<br><br><br>Telephone: 213.687.5000<br>Facsimile: 213.687.5600 |
| Law Offices of Mark E. Overland<br>  Mark E Overland<br>100 Wilshire Blvd., Suite 950, Santa Monica, CA 90401<br>  mark@overlaw.net | **Attorneys for** *Carlos Gustavo Machado Gomez*<br><br>Telephone: 310 459-2830<br>Facsimile: 310 459-4621 |

00505.07209/3583564.1

-2-

Case No. CV 04-9049 SGL (RNBx)
PROOF OF SERVICE
Exhibit A - Page 13

| Bingham McCutchen LLP<br>Todd Gordinier, Esq.<br>Peter Villar, Esq.<br>600 Anton Boulevard, 18th Floor<br>Costa Mesa, CA 92626<br>todd.gordinier@bingham.com | **Attorneys for *Omni 808 Investors, LLC*** |
|---|---|

**BY MAIL:** I enclosed the foregoing into sealed envelope(s) addressed as shown above, and I deposited such envelopes in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on July 23, 2010, at Los Angeles, California.

*/s/ Dina Comaduran*
Dina Comaduran