1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
      John B. Quinn (Bar 090378)
2      johnquinn@quinnemanuel.com
      Michael T. Zeller (Bar 196417)
3      michaelzeller@quinnemanuel.com
   865 South Figueroa Street, 10th Floor
4  Los Angeles, California 90017-2543
   Telephone:  (213) 443-3000
5  Facsimile:   (213) 443-3100

6  Attorneys for Mattel, Inc. and Mattel de
   Mexico, S.A. de C.V.

7

                  UNITED STATES DISTRICT COURT
8
                 CENTRAL DISTRICT OF CALIFORNIA
9
                      SOUTHERN DIVISION
10

11 | MATTEL, INC., a Delaware         | CASE CV 04-9049 DOC (RNBx)
   | corporation,                     | Consolidated with
                                       | Case CV 04-09059
12 |              Plaintiff,           | Case CV 05-02727

13 |     vs.                          | Hon. David O. Carter

14 | MGA ENTERTAINMENT, INC., a       | [PUBLIC REDACTED] MATTEL,
   | California corporation, et al.,  | INC.'S OPPOSITION TO MGA
15 |                                  | ENTERTAINMENT, INC.'S MOTION
   |              Defendants.         | TO COMPEL MATTEL TO PRODUCE
16 |                                  | FULLY PREPARED 30(B)(6) WITNESS
   |                                  | (TOPIC 11, MGA'S APRIL 27, 2010
17 | AND CONSOLIDATED ACTIONS         | NOTICE OF DEPOSITION OF
   |                                  | MATTEL INC.)
18
                                        [Declaration Of Keith Storie Filed
19                                      Concurrently]

20                                      Date:  TBD
                                        Time:  TBD
21                                      Courtroom:  9D

22                                      **Phase 2**
                                        Discovery Cut-off:  TBD
23                                      Pre-trial Conference:  TBD
                                        Trial Date:  TBD
24

25

26

27

28
00505.07975/3609670.1

MATTEL'S OPP TO MGA'S MOTION TO COMPEL FURTHER 30(B)(6) TESTIMONY ON TOPIC 11

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT........................................................................................1

FACTUAL BACKGROUND ...........................................................................................2

ARGUMENT ....................................................................................................................4

I.      THE PREPARATION OF MATTEL'S DESIGNEE SATISFIED THE
        OBLIGATION UNDER RULE 30(B)(6) ............................................................4

II.     EACH OF MGA'S FOUR OBJECTIONS TO MR. STORIE'S
        PREPARATION FAILS........................................................................................5

CONCLUSION .................................................................................................................9

# TABLE OF AUTHORITIES

Page

## Cases

Banks v. Office of the Senate Sergeant-at-Arms,
    241 F.R.D. 370 (D.D.C., 2007).................................................................4, 9

Mitsui & Co. v. Puerto Rico Water Resources Authority,
    93 F.R.D. 62 (D. Puerto Rico, 1981) ...................................................4, 5, 6

Reichhold, Inc. v. U.S. Metal Refining Co.,
    2007 WL 1428559 (D.N.J., 2007) ...............................................................4

Sprint Communications Co., L.P. v. Theglobe.com, Inc.,
    236 F.R.D. 524 (D.Kan., 2006) (if Rule 30(b)(6)...........................................5

Wilson v. Lakner,
    228 F.R.D. 524 (D. Md., 2005)................................................................4, 6

## Statutes

Fed.R.Civ.P. 30(b)(6)................................................................2, 4, 5, 9

## Preliminary Statement

MGA's claim that Keith Storie was not fully prepared is grounded in neither fact nor law. Mr. Storie was obligated to educate himself adequately on information *reasonably available* to Mattel regarding Topic 11 of MGA's Third Rule 30(b)(6) Deposition Notice to Mattel, which he did. Topic 11 seeks testimony on the circumstances of the acquisition of information regarding MGA and/or its products reflected in 25 Mattel documents, mostly emails. Mr. Storie's preparation involved a complete review of the documents, interviews with 23 current and former employees in the United States and abroad who were authors and recipients of the documents and an outside lawyer, and a review of transcript excerpts where MGA questioned deponents about these documents and the source of the information in them. During the interviews, Mr. Storie asked about the circumstances under which the information related to MGA was obtained and whether the person remembered the source or any other discussion on the subject.

Each of MGA's claimed deficiencies fails to withstand scrutiny. First, MGA claims deficiency because Mr. Storie did not interview two authors – one former employee, who MGA (with Mattel's assistance) recently deposed in depth, and one current employee who MGA had already examined at length regarding the emails at issue. Second, MGA faults Mr. Storie for not engaging in a document review of the interviewees' files. But Mr. Storie conducted extensive interviews, and even asked the interviewees for any other recollections related to the subject matter. MGA faults Mr. Storie for not asking a former employee to review his files for further information, although this former employee testified when deposed by MGA that he took no files when he left Mattel. Third, MGA argues that the preparation was inadequate because Mr. Storie did not interview co-workers who "may" have been involved in the preparation of the documents. However, all but two of the documents are emails and there is no indication their drafting was a group effort. Last, MGA claims that Mr. Storie should have interviewed third parties who provided information to Mattel to

MATTEL'S OPP TO MGA'S MOTION TO COMPEL FURTHER 30(B)(6) TESTIMONY ON TOPIC 11

1   determine the "original source" of the information.  But that is not what Topic 11

2   seeks.  Mr. Storie investigated the circumstances under which Mattel acquired the

3   information – chasing down the sources of the sources from whom Mattel obtained

4   information is outside the scope of the topic as well as Mattel's obligations under Rule

5   30(b)(6).

6                                **Factual Background**

7          Topic 11 in MGA's Third Rule 30(b)(6) Deposition Notice seeks "a complete

8   explanation of the precise circumstances in which Mattel acquired all of the

9   information concerning MGA and/or MGA's products" found in a list of 25 exhibits

10  attached to the Notice.  Mattel designated Keith Storie, Vice President of Finance, on

11  this Topic.  In preparation for his deposition, Mr. Storie gathered information from 23

12  individuals, 21 of whom he interviewed personally and two of whom who were

13  interviewed by Tim Kilpin, who relayed the information to Mr. Storie.[1]  Mr. Storie's

14  interviewees included nine former employees, among them the CEO of Heinz's

15  European Division.[2]  When interviewing these individuals, Mr. Storie asked about the

16  circumstances in which the information related to MGA was obtained,  whether the

17  person remembered the source, and any other discussion about the subject matter of

18  the documents.[3]  In all cases, the interviewees reviewed the documents before the

19  interview.[4]  Mr. Storie also reviewed the deposition transcripts of four current and

20  former Mattel employees who had previously testified extensively on some of the

21  documents referenced in Topic 11.[5]

22

23  ───────────────
    [1]  Declaration of Keith M. Storie in Support of Mattel, Inc.'s Opposition to
24  MGA's Motion to Compel Mattel to Produce Fully Prepared 30(b)(6) Witness
    (Topic 11, MGA's April 27, 2010 Notice of Deposition of Mattel Inc.) (hereafter
25  "Storie Declaration"), ¶ 3.
26  [2]  Storie Declaration, ¶ 4.
    [3]  Storie Declaration, ¶ 3.
27  [4]  Storie Declaration, ¶ 3.
28  [5]  Storie Declaration, ¶ 3.

MATTEL'S OPP TO MGA'S MOTION TO COMPEL FURTHER 30(B)(6) TESTIMONY ON TOPIC 11

1    Twenty-three of the 25 documents attached to Topic 11 are emails, one is a

2  handwritten note, and one is a presentation.  Many of the emails were sent by the same

3  author or were received by overlapping groups of recipients.[6]  Mr. Storie interviewed

4  the authors of a large number of the original emails containing information regarding

5  MGA and/or its products.[7]  The only exceptions were a few emails authored by Janet

6  Han, who left Mattel for MGA, a few by individuals who have been examined

7  extensively about such emails at their respective depositions, an email from a Mattel

8  distributor which on its face shows how Mattel obtained the information, and an email

9  provided to Mattel by its outside attorney who obtained it during discovery in another

10  matter involving one of the authors.[8]  As to these exceptions, Mr. Storie interviewed

11  many of the recipients.[9]

12    Mr. Storie also interviewed the author of the handwritten note (Exhibit 12), the

13  only other person identified in the note and Russell Arons, the custodian from whose

14  files the note was produced.[10]  As for the presentation (Exhibit 5), Mr. Storie

15  interviewed the co-author who was responsible for the girls' section (where most of

16  the references to MGA products are found), and reviewed the deposition transcript of

17  Mr. Bousquette, who was asked about the document.[11]  In addition, another co-author,

18  Mr. Villasenor, has since testified at length about this document at his deposition.[12]

19

20

21 _____

[6]  Storie Declaration, ¶ 3.  Thus, for example, while Tim Kilpin counts as one of
22  the 23 interviews conducted as part of Mr. Storie's preparation, Mr. Kilpin sent or
   received no less than 17 of the emails attached to Topic 11.  Exhibit A to Mr.
23  Storie's accompanying declaration includes an exhibit-by-exhibit break down of the
24  individuals interviewed as part of his preparation.
   [7]  Storie Declaration, ¶¶ 7-25.
25  [8]  Storie Declaration, ¶¶ 7-25.
26  [9]  Storie Declaration, ¶¶ 7-25.
   [10]  Storie Declaration, ¶ 14.
27  [11]  Storie Declaration, ¶ 9.
28  [12]  Villasenor Dep. Tr. dated 07/12/2010, at 141:10- 142:25; 152:23-169-16.

3

1

## Argument

2  **I.    THE PREPARATION OF MATTEL'S DESIGNEE SATISFIED THE**

3  **OBLIGATION UNDER RULE 30(B)(6)**

4          Rule 30(b)(6) requires a corporate designee to "testify as to matters known or

5  *reasonably available* to the organization."  (emphasis added)  It does not require

6  "absolute perfection in preparation – it speaks after all of matters known or

7  'reasonably available to the organization'...." Wilson v. Lakner, 228 F.R.D. 524, 572

8  (D. Md., 2005).  And it does not require Mr. Storie to conduct a detailed independent

9  investigation beyond what is reasonably known to Mattel.  "That, in essence, would be

10  to investigate Plaintiff's case for him." Banks v. Office of the Senate Sergeant-at-

11  Arms, 241 F.R.D. 370, 375 (D.D.C. 2007).  An oft-cited standard of satisfactory Rule

12  30(b)(6) preparation is "a conscientious good-faith endeavor" to designate and prepare

13  knowledgeable persons. Mitsui & Co. v. Puerto Rico Water Resources Authority, 93

14  F.R.D. 62, 67 (D. Puerto Rico, 1981).

15          Mr. Storie's preparation involved closely reviewing the 25 exhibits attached to

16  Topic 11 and interviews with 23 individuals, among whom were current and former

17  employees most intimately involved with the documents on which MGA sought

18  testimony.[13]  He also reviewed relevant deposition transcript excerpts where MGA

19  had questioned authors, recipients and custodians about a number of these

20  documents.[14]  Reviewing prior fact witness testimony is an adequate way of preparing

21  a Rule 30(b)(6) witness. See Sprint Communications Co., L.P. v. Theglobe.com, Inc.,

22

---

23  [13]   Mr. Storie conducted 21 of such interviews personally.  Another two were
conducted by Mr. Kilpin, who then relayed the information to Mr. Storie.  These
24  interviews are part of Mr. Storie's preparation, since Rule 30(b)(6) "does not require
that the corporate designee personally conduct interviews, and requires only that he
25  testify as to matters known or reasonably available to the organization." Reichhold,
26  Inc. v. U.S. Metal Refining Co., 2007 WL 1428559, at *8 (D.N.J., 2007) (rejecting
argument that witness was not properly prepared because he did not personally
27  conduct interviews).
28  [14]   Storie Declaration, ¶ 3.

4

1 236 F.R.D. 524, 528 (D.Kan., 2006) (if <u>Rule</u> 30(b)(6) deponent has no personal

2 knowledge, he can prepare by reviewing prior fact witness testimony, documents, or

3 deposition exhibits); <u>see also</u> <u>Mitsui & Co.</u>, 93 F.R.D. at 67 (the obligation of a Rule

4 30(b)(6) designee is to answer "fully, completely, unevasively, the questions posed by

5 [propounding party] as to the relevant subject matters.") Mr. Storie's preparation was

6 a "conscientious good-faith endeavor" to provide Mattel's extent of knowledge on

7 Topic 11. <u>Id.</u>

8 **II.    EACH   OF   MGA'S   FOUR   OBJECTIONS   TO   MR.   STORIE'S**

9 **PREPARATION FAILS**

10      MGA offers four categories of shortcomings to support its claim that Mr. Storie

11 was "woefully unprepared." Motion at 5. These purported deficiencies ignore salient

12 facts and find no support in law.

13      <u>First</u>, MGA claims that Mr. Storie's preparation was inadequate because he

14 "made no effort to speak to or meet with a number of the individuals whose names

15 appear[s] on the documents" referenced in Topic 11. MGA points out that Mr. Storie

16 did not speak to Sal Villasenor, author of Exhibit 22 (Dep. Ex. 8670) and a former

17 Mattel employee, who is represented by counsel.  However, when Mr. Storie was

18 being prepared for his deposition, MGA was arranging to depose Mr. Villasenor

19 himself. Mr. Villasenor was subsequently deposed and testified in detail about this

20 document.[15] Mr. Storie also interviewed six of the recipients of Mr. Villasenor's email

21 and two deposition excerpts of former Mattel employees who were examined by

22 MGA about this email.[16] Similarly, not interviewing Mr. Totzke regarding Exhibit 2

23 (Dep. Ex. 7795) is not a deficiency. MGA has deposed Mr. Totzke at length about the

24 source of the information in that exhibit, and Mr. Storie reviewed the relevant

25

26

27 ────────────────
[15] <u>See</u> Villasenor Dep. Tr. dated 07/12/2010, at 233:20 - 247:12.
28 [16] Storie Declaration, ¶ 22.

1 | deposition transcript excerpts.[17]  In addition, both recipients of the email, Andrew

2 | Alderman and Geoff Massingberd, were interviewed.[18]   Mr. Storie gathered

3 | information from 23 individuals, including most of the authors of the original emails

4 | with MGA information, and reviewed dozens of pages of deposition transcripts on the

5 | topics. MGA's examples, far from establishing any deficiencies in preparation, make

6 | clear that this was a conscientious good-faith endeavor to provide corporate testimony.

7 | See Mitsui & Co., 93 F.R.D. at 67; see also Lakner, 228 F.R.D. at 572 ("absolute

8 | perfection in preparation" is not required).

9 |     Second, MGA claims that Mr. Storie's preparation is somehow defective

10 | because he did not engage in a review of the files of the authors or recipients of the

11 | emails in Topic 11.   Mr. Storie answered MGA's noticed inquiry into the

12 | ████████████████████████████████████████████████████

13 | ██████████████████ MGA claims that despite Mr. Storie's clear testimony on the

14 | noticed topic, his preparation is deficient because Mr. Storie did not ask Mr. Kilpin,

15 | the author of the email at issue██████████████████████████████

16 | ████████████████████████████████████████████████████

17 | ████████████████████████████████████████████████████

18 | However, it may not expand the scope of the topic after the fact only to support its

19 | deficiency argument.  Similarly, Mr. Storie did testify fully on the noticed topic of

20 | Mattel's acquisition ██████████████████████████████████

21 | ████████████████████████████████████████████████████

22 | ████████████████████████████████████████████████████

23 | ████████████████████████████████████████████████████

24 |

25 |

26 | [17]  Storie Declaration, ¶ 7; See Totzke Dep. Tr., dated 1/19/2010, at 537-543 and
27 | 548-561.
  [18]  Storie Declaration, ¶ 7.
28 |   [19]  See Storie Dep. Tr. dated 6/30/2010 at 1744:15-1748:17.

MATTEL'S OPP TO MGA'S MOTION TO COMPEL FURTHER 30(B)(6) TESTIMONY ON TOPIC 11

1 ███████████████████████████████████████████████████████

2 ███████████████████████████████████████████████████████

3        MGA also claims that Mr. Storie's preparation on Exhibit 4 (Dep. Ex. 8748) and

4 Exhibit 7 (Dep. Ex. 9205) was deficient because Mr. Storie did not conduct a

5 document review.  Motion at 5.   MGA laments that Mr. Storie did not ask Mr.

6 Zablow to check his "files" for further information, but MGA well knows there are no

7 files to check.  When deposed by MGA, Mr. Zablow testified that he took no files

8 upon leaving Mattel.[21]  While focusing on phantom files, MGA disregards the actual

9 preparation:  Mr. Storie gathered information known to all six recipients of Exhibit 7

10 (personally interviewing four of them)[22] and interviewed most of the recipients of

11 Exhibit 4, inquiring in his interviews not only about the information reflected in the

12 email but also on anything else they recalled on the topic.[23]  Mr. Storie also reviewed

13 Mr. Zablow's testimony on Exhibit 7[24] and Mr. Kilpin's testimony on Exhibit 4.[25]

14        Third, MGA claims that Mr. Storie "made no effort to speak with co-workers of

15 the authors or recipients who may have been involved in the preparation of the

16 documents."  Motion at 6.  Twenty-three of the 25 exhibits attached to Topic 11 are

17 emails, many consisting of no more than a few lines.  There is no indication that these

18 emails were drafted as a team effort.  Mr. Storie personally interviewed 21 authors and

19 recipients of these emails.  Expanding efforts to cover purported co-workers who

20 "may have been involved" in the preparation of these emails is an extrapolation which

21 is not within his duties as a designee.

22

23 ─────────────────────
[20]  Storie Dep. Tr. dated 6/30/2010 at 1644:12-1663:5.

24 [21]  See Zablow Dep. Tr. dated 01/25/2008 at 54:15-18.

25 [22]  Storie Declaration, ¶ 11.
[23]  Storie Declaration, ¶ 8.

26 [24]  Storie Declaration, ¶ 11; see Zablow Dep. Tr. dated 01/25/2008 at 172:18-

27 178:8 (testifying on Exhibit 7, marked during his deposition as Dep. Ex. 2114).
[25]  Storie Declaration, ¶ 8; see Kilpin Dep. Tr., dated 4/8/2010 at 534:8-547:25

28 (testifying on Exhibit 4).

1    MGA's example again disproves rather than supports its argument. MGA faults

2    Mr. Storie for not interviewing former Mattel employees Sal Villasenor and Kelly

3    Osier regarding how Mattel acquired the information in Exhibit 5 (Dep. Ex. 8769).

4    However, ███████████████████████████████████████████████████████████

5    ███████████████████████████████████████████████████████████████████

6    ███████████████████████████████████████████████████████████████████

7    ███████████████████████████████████████████████████████████████████

8    ███████████████████████████████████████████████████████████████████

9    ███████████████████████████████████████████████████████████████████

10   ███████████████████████████████████████████████████████████████

11   __Last__, MGA states that Mr. Storie's preparation was deficient because he did not

12   interview the "individuals who were thought to be the original source of the

13   confidential information." Motion at 6. This argument disregards the facts. ███████

14   ███████████████████████████████████████████████████████████████████

15   ███████████████████████████████████████████████████████████████████

16   ███████████████████████████████████████████████████████████████████

17   ███████████████████████████████████████████████████████████████████

18   █████████████████████████████████████████████████████████.[30]   Mr.

19

20   [26]   Villasenor Dep. Tr. dated 07/12/2010, at 141:10- 142:25; 152:23-169-16.

21   [27]   Storie Declaration, ¶ 9.
     [28]   Storie Declaration, ¶ 9.

22   [29]   __See__ Storie Dep. Tr. at 1625:3-1644:10.

23   [30]   Storie Dep. Tr. at 1690:13-1691:11 (███████████████████████████████

24   ███████████████████████████████████████████████████████████

25   ███████████████████████████████████████████████████████████

26   ███████████████████████████████████████████████████████████

27   ███████████████████████████████████████████████████████████

28   ███████████████████████████████████████████████████████████

MATTEL'S OPP TO MGA'S MOTION TO COMPEL FURTHER 30(B)(6) TESTIMONY ON TOPIC 11

1 │ Kislevich is not a Mattel employee.[31]  Topic 11 required Mr. Storie to testify about the

2 │ circumstances of Mattel's acquisition of the information, which he did.  It did not

3 │ require him to research how third parties obtained any information they passed on to

4 │ Mattel.  Interviewing Mr. Kislevich is certainly beyond the scope of the topic as

5 │ noticed.  In addition, MGA's argument seeks to impose a burden on Mattel not

6 │ supported by Rule 30(b)(6).  Mr. Storie testified as to the information reasonably

7 │ available to Mattel – Mr. Franke's knowledge on the circumstances of acquisition.

8 │ Interviewing third parties whose relevant knowledge, if any, is not within the bounds

9 │ of what is known or reasonably known to Mattel, amounts to Mattel "investigat[ing]

10 │ Plaintiff's case for him."  Banks, 241 F.R.D. at 375.

11 │ **Conclusion**

12 │ For the foregoing reasons, Mattel respectfully requests that the Court deny

13 │ MGA's Motion.

14 │

15 │ DATED: July 30, 2010      QUINN EMANUEL URQUHART & SULLIVAN. LLP

16 │

17 │ By /s/ Michael T. Zeller

18 │     Michael T. Zeller
   │     Attorneys for Mattel, Inc. and Mattel de

19 │     Mexico. S.A. de C.V.

20 │

21 │

22 │

23 │

24 │

25 │

26 │

27 │ )

28 │ [31] Storie Declaration, ¶ 12.

9