MELINDA HAAG (State Bar No. 132612)
mhaag@orrick.com
ANNETTE L. HURST (State Bar No. 148738)
ahurst@orrick.com
WARRINGTON S. PARKER III (State Bar No. 148003)
wparker@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building, 405 Howard Street
San Francisco, CA 94105
Tel. (415) 773-5700/ Fax: (415) 773-5759

WILLIAM A. MOLINSKI (State Bar No. 145186)
wmolinski@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA 90017
Tel. (213) 629-2020/Fax: (213) 612-2499

THOMAS S. McCONVILLE (State Bar No. 155905)
tmcconville@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
4 Park Plaza, Suite 1600
Irvine, CA 92614-2258
Tel: (949) 567-6700/Fax: (949) 567-6710

Attorneys for MGA Parties and IGWT 826 Investments LLC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS<br><br>**REDACTED, PUBLIC COPY** | Case No.  CV 04-9049-DOC (RNBx)<br>Consolidated with No. CV 04-9059 and No. CV 05-2727<br><br>Hon. David O. Carter<br><br>**NOTICE OF MOTION AND MOTION FOR PROTECTIVE ORDER FROM MATTEL, INC.'S NOTICE OF DEPOSITION OF MGA ENTERTAINMENT, INC. PURSUANT TO FED. R. CIV. P. 30(B)(6) (SECOND PHASE 2 NOTICE)**<br><br>Date:  TBD<br>Time: TBD<br>Dept: Courtroom 9D |

1    TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2         PLEASE TAKE NOTICE that on a date to be determined by the Court or as

3    soon thereafter as the matter may be heard before The Honorable David O. Carter,

4    located at 411 West Fourth Street, Santa Ana, California, MGA Entertainment, Inc.

5    ("MGA") will, and hereby does, move this Court pursuant to Federal Rule of Civil

6    Procedure 26(c)(1)(A) for a protective order as to Topics 1-3 and 6-16 of Mattel,

7    Inc. ("Mattel")'s Amended Notice of Deposition of MGA Pursuant to Federal Rule

8    of Civil Procedure 30(b)(6) (Second Phase 2 Notice) ("Second Notice").

9         This Motion is made on the grounds that the aforementioned topics in

10   Mattel's Second Notice are overbroad, unduly burdensome, duplicative and

11   cumulative of Mattel's previous 30(b)(6) deposition notices and MGA's prior

12   30(b)(6) testimony; seek discovery that is neither relevant to the claims and

13   defenses in this action nor reasonably calculated to lead to the discovery of

14   admissible evidence; and attempt to circumvent previous Orders of this Court

15   limiting 30(b)(6) topics from Mattel's previous deposition notices.

16        This motion is based upon this Notice of Motion, the attached Memorandum

17   of Points and Authorities, the Declaration of Mark P. Wine, and exhibits thereto,

18   the Proposed Protective Order filed herewith, and the pleadings and records on file

19   herein, and on such oral argument as may be presented by the parties at the hearing.

20

21

22

23

24

25

26

27

28

NOTICE OF MOTION & MOTION FOR PROTECTIVE ORDER
CASE NO. CV 04-9049-DOC (RNBx)

## Certification of Compliance

Counsel for MGA met and conferred with Mattel's counsel regarding Mattel's Amended Notice of Deposition Pursuant to Fed. R. Civ. P. 30(b)(6) (Second Phase 2 Notice) and this Motion by written correspondence on July 21 and 26, 2010, and telephonically on July 20 and 27, 2010. The parties have been unable to reach resolution.


Dated:    July 30, 2010

MARK P. WINE
Orrick, Herrington & Sutcliffe LLP

By: _____
MARK P. WINE
Attorneys for MGA Parties

# TABLE OF CONTENTS

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ............................................1

INTRODUCTION ............................................................................................1

BACKGROUND ..............................................................................................2

ARGUMENT ...................................................................................................6

I.     TOPIC 1 ENCOMPASSES SUBJECT MATTER THAT THIS
       COURT HAS DEEMED IRRELEVANT AND IS ALSO
       DUPLICATIVE OF MGA'S PRIOR 30(B)(6) TESTIMONY ......................7

II.    TOPICS 2, 3 AND 7 SEEK TESTIMONY THAT IS DUPLICATIVE
       AND CUMULATIVE OF TESTIMONY FROM MGA'S AND MGA
       MEXICO'S INDIVIDUAL AND CORPORATE WITNESSES .................8

III.   TOPIC 6 SEEKS INFORMATION AS TO SUBJECT MATTER ON
       WHICH MGA HAS ALREADY PROVIDED 30(B)(6) TESTIMONY .....11

IV.    MGA HAS ALREADY PROVIDED A CORPORATE WITNESS TO
       TESTIFY AS TO TOPIC 8 OF MATTEL'S SECOND NOTICE ...............12

V.     TOPICS 9-14 ARE DUPLICATIVE AND CUMULATIVE OF
       MGA'S PRIOR 30(B)(6) TESTIMONY .................................................13

VI.    TOPIC 15 SEEKS IRRELEVANT AND DUPLICATIVE
       TESTIMONY REGARDING MGA'S PRESERVATION OF BRATZ-
       RELATED ASSETS ............................................................................16

VII.   TOPIC 16 IS IRRELEVANT AND UNDULY BURDENSOME .............17

CONCLUSION...............................................................................................18

# TABLE OF AUTHORITIES

## FEDERAL CASES

*CSX Transp., Inc. v. Vela,*
    2007 WL 3334966, at *3 (S.D. Ind. Nov. 8, 2007) .................................. 6

*Cummings v. General Motors Corp.,*
    2002 WL 32713320, at *6 (W.D. Okla. June 18, 2002) ...................... 6

*Gossar v. Soo Line Railroad Co.,*
    2009 WL 3570335, at *5 (S.D. Ind. Oct. 27, 2009) ........................... 10

*Mattel, Inc. v. MGA Entertainment, Inc., et al,*
    No. 09-55673, slip op. at 10549 (9th Cir. July 22, 2010) ................... 16

*MedImmune, LLC v. PDL Biopharma, Inc.,*
    2010 WL 2382262, at *1 (N.D. Cal. June 10, 2010) .......................... 7

*United States v. Boeing Co.,*
    2010 WL 1408596, at *2 (D. Kan. April 1, 2010) .............................. 7

*United States v. Columbia Broadcasting System, Inc.,*
    666 F.2d 364 (9th Cir. 1982) ................................................... 6

## FEDERAL STATUTES

Fed. R. Civ. P. 26(b)(2)(C) ........................................................ 17

Fed. R. Civ. P. 26 ................................................................. 6

Fed. R. Civ. P. 30(b)(6) ....................................... 1-2, 4-6, 11, 14-15

OHS West:260958157.2
22161-2006 GL2/GL2

# MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

Mattel's Second 30(b)(6) Deposition Notice[1] retreads old ground with a litany of deposition topics for which MGA has already provided testimony through multiple 30(b)(6) witnesses. The Second Notice seeks, for a second (and, in some cases, third) time, deposition testimony on the proceedings in Mexico against Machado, Trueba, and Vargas (Topic 2); intercompany transactions between MGA and MGAE de Mexico (Topics 3 and 7); MGA's affirmative defense of unclean hands (Topic 6); MGA's shareholder distributions (Topic 9); the Wachovia credit facility (Topics 12 and 13); and actual and contemplated transactions between MGA and Omni 808 (Topics 10 and 11).[2] All of these topics have been the subject of prior depositions in this case.

Simply put, none of this is new matter and, as set forth in detail below, Mattel has had multiple opportunities to depose, and indeed garnered ample testimony from MGA's corporate witnesses on these specific topics. Moreover, to the extent the topics cover any new ground, it is subject matter of a wholly irrelevant nature. Finally, certain topics of Mattel's Second Notice attempt to circumvent the Court's June 14 Order limiting the scope and time allotted for prior deposition topics. Accordingly, MGA respectfully submits that good cause exists for the Court to grant a protective order as to Topics 1-3 and 6-16.[3]

---

[1] *See Declaration of Mark Wine In Support Of Motion For Protective Order From Mattel's Notice Of Deposition Of MGA Pursuant To Fed. R. Civ. P. 30(B)(6)* ("Wine Decl."), ¶2, Ex. A (Mattel's Amended Notice Of Deposition Pursuant To Fed. R. Civ. P. 30(B)(6) (Second Phase 2 Notice) ("Second Notice"), served on July 23, 2010).

[2] Due to its voluminous nature, deposition transcripts cited herein have not been attached. If the Court requests, MGA will lodge the relevant deposition transcripts and/or transcript excerpts.

[3] By parties' stipulation, and without waiving its objections, MGA agreed to provide a witness as to Topics 4, 5, and 17 of Mattel's Second Notice at a mutually agreeable date and time. Wine Decl., ¶3, Ex. B (7/28/10 Letter from Wine to Kidman). These topics are not subject to the instant motion for a protective order.

# BACKGROUND

Since March 2005, Mattel has served six 30(b)(6) notices of depositions of MGA, containing 237 topics (not including sub-topics), and three 30(b)(6) notices of deposition of MGAE de Mexico, containing 96 topics (not including sub-topics).[4]  In all, MGA has provided over 187 hours of 30(b)(6) testimony (not including 30(b)(6) testimony from MGAE de Mexico and MGA Canada).  For the 70 topics noticed in Mattel's First, Second, and Third (Phase One) deposition notices, there is no dispute that MGA has already provided ample and complete testimony.  For purposes of illustration, topics pertinent to the instant motion are listed below alongside the specific deponent and date of deposition.

| **Mattel's 30(b)(6) Deposition Topic** | **Deposition** |
| --- | --- |
| **Second (Phase 1) 30(b)(6) Notice** | |
| **Topic 40**: The preservation, collection, destruction, removal, transfer, loss or impairment of YOUR DOCUMENTS and DIGITAL INFORMATION since January 1, 1999 that REFER OR RELATE TO MATTEL … that YOU received in any manner from any PERSON who was at the time an employee of MATTEL or who had previously been an employee of MATTEL. | MGA 30(b)(6) Deposition Transcript of Lisa Tonnu, Vols. 1 and 2, dated (respectively) July 19 and Sept. 24, 2007. |

---

[4] In Phase 1, Mattel served four 30(b)(6) Deposition Notices on MGA: Mattel's 30(B)(6) Deposition Notice, served Feb. 16, 2005 (containing 8 topics); Mattel's Second 30(B)(6) Deposition Notice, served Feb. 1, 2007 (containing 46 topics); Mattel's Third 30(B)(6) Deposition Notice, served June 5, 2007 (containing 16 topics); and Mattel's Fourth 30(B)(6) Deposition Notice, served Jan. 9, 2008 (containing 102 topics).

In Phase 2, Mattel served (thus far) two 30(b)(6) Deposition Notices on MGA: Mattel's First 30(B)(6) Deposition Notice, served Jan. 26, 2009 (containing 48 topics); and Mattel's Amended 30(B)(6) Deposition Notice, served July 23, 2010 (containing 17 topics).

Mattel also served a total of three 30(b)(6) Deposition Notices on MGAE de Mexico:  Mattel's (First Phase 1) 30(B)(6) Notice of Deposition of MGAE de Mexico, served Jan. 9, 2008 (containing 59 topics); Mattel's (First Phase 2) 30(B)(6) Notice of Deposition, served Dec. 23, 2009 (containing 20 topics); Mattel's Amended (Second Phase 2) 30(B)(6) Notice of Deposition, served July 20, 2010 (containing 17 topics).

| Mattel's 30(b)(6) Deposition Topic | Deposition |
|---|---|
| **Topic 42**: YOUR DIGITAL INFORMATION data backup policies, practices and procedures from January 1, 1999 to the present, including without limitation the location and specifications of any media used to preserve YOUR DIGITAL INFORMATION and the software, if any, used to preserve YOUR DIGITAL INFORMATION. | MGA 30(b)(6) Deposition Transcript of Ken Lockhart, Vols. 1 and 2, dated (respectively) June 14 and 15, 2007. |
| **Topic 46**: YOUR policies, practices and procedures regarding the use of transportable media that contain or are capable of containing DIGITAL INFORMATION, including but not limited to floppy discs, compact discs, DVDs, USB drives, portable hard drives, digital cameras and PDAs. | MGA 30(b)(6) Deposition Transcript of Ken Lockhart, Vols. 1 and 2, dated (respectively) June 14 and 15, 2007. |

### Third (Phase 1) 30(b)(6) Notice

| | |
|---|---|
| **Topic 4**: Each of YOUR EMPLOYEE AGREEMENTS since January 1, 1995, including without limitation the meaning, validity and enforcement of such EMPLOYEE AGREEMENTS. | MGA 30(b)(6) Deposition Transcript of Samir Khare, Vol. 3, dated January 25, 2008 |
| **Topic 5**: Any requirement or practice by YOU, at any time since January 1, 1995, that YOUR employees sign or execute EMPLOYEE AGREEMENTS. | MGA 30(b)(6) Deposition Transcript of Samir Khare, Vol. 3, dated January 25, 2008 |
| **Topic 11**: Payments of money or any other item of value that YOU have made to, for or on behalf of Isaac Larian or any FAMILY MEMBER of Isaac Larian since January 1, 1999, including without limitation (a) the amounts of such payment and the equivalent dollar value of each of item of value, (b) the dates of such payment, (c) the IDENTITY of each recipient of such payment, (d) the IDENTITY of each bank or financial institution account to which such payment was made and (e) the reasons for each such payment. | MGA 30(b)(6) Deposition Transcript of Lisa Tonnu, Vol. 4, dated January 17, 2008. |

1　　　　With regard to Mattel's Fourth (Phase 1) and First (Phase 2) deposition

2　notices, MGA designated and prepared four witnesses on 38 topics.  As to the 150

3　remaining topics, Mattel filed a motion to compel on April 27, 2010.[5]  On June 14,

4　the Court granted Mattel's motion to compel as to certain "categories of topics,"[6]

5　denied Mattel's motion for others, and also held in abeyance five categories.[7]  With

6　respect to some categories for which Mattel's motion was granted, the Court

7　imposed restrictions as to the scope of the category and amount of time which

8　Mattel was allotted.  In compliance with the Court's June 14 Order, MGA provided

9　corporate witnesses to testify as to all of the categories identified in the Order.  The

10　categories relevant to the instant motion are listed below.

| **Court's June 14 Order** | **Disposition/Deponent** |
| --- | --- |
| **Category 7**:  MGA's communications with law enforcement – excluding any communications between MGA Mexico and MGA Mexico's past and present employees, concerning the alleged theft of trade secrets from MGA Mexico's offices. | **Granted;** see MGA 30(b)(6) Deposition Transcript of Craig Holden, Vol. 7, dated June 23, 2010. |
| **Category 8**:  MGA's payments to or through vendors, attorneys and others in Mexico relating to any actual or potential investigation or prosecution of MGA or its employees. | **Granted;** see MGA 30(b)(6) Deposition Transcript of Dennis Jolicoeur, Vol. 9, dated June 25, 2010. |
| **Category 10**:  The search and seizure of documents by Mexican authorities from MGA's Mexico City offices and related communications. | **Granted;** see MGA 30(b)(6) Deposition Transcript of Isaac Larian, Vol. 11, dated July 7, 2010. |
| **Category 17**:  The actual or contemplated assignment of IP rights to Omni or any Bratz rights to any person. | **Granted;** see MGA 30(b)(6) Deposition Transcript of Dennis Jolicoeur, Vol. 8, dated June 24, 2010. |

---

[5] Mattel's Motion To Compel MGA To Produce 30(B)(6) Witnesses, Docket No. 7786, filed on April 27, 2010.
[6] Mattel grouped together the disputed 150 deposition topics into 28 categories, not including sub-topics.  Wine Decl., ¶4, Ex. C ("3/2/2010 Letter from Zeller to Hurst").
[7] Order Granting In Part And Denying In Part Mattel's Motion To Compel MGA To Produce 30(b)(6) Witnesses ("June 14 Order"), Docket No. 8104, filed on June 14, 2010.

| Court's June 14 Order | Disposition/Deponent |
|---|---|
| **Category 22**:  MGA's support for and investment in Bratz, including as compared to before and after the acquisition of Little Tikes, Zapf and Smoby and before and after the development of Moxie and BFC, and any cannibalization of actual or planned Bratz designs, shelf space, licenses or other resources for Moxie. | **Held in Abeyance** |
| **Category 28**:  The factual basis for MGA's affirmative defenses. | **Granted, but limited to three (3) hours;** see MGA 30(b)(6) Deposition Transcript of Stephen Schultz, Vol. 5, dated June 21, 2010. |
| **Categories 23 and 24**:  MGA's solvency or lack thereof at or around the time of Omni 808 Investors, LLC's purported purchase of the Wachovia debt. | **Granted, but limited to one (1) hour;** see MGA 30(b)(6) Deposition Transcript of Stephen Schultz, Vol. 5, dated June 21, 2010. |
| **Category 26**:  The factual bases supporting or contradicting MGA's claims and allegations. | **Held in Abeyance;** pursuant to parties' agreement, continued Deposition of Isaac Larian Scheduled for August 12, 2010. |

On July 9, 2010, Mattel served its Notice of Deposition of MGA Pursuant to Fed. R. of Civ. P. 30(b)(6)(Second Phase 2 Notice), containing seventeen topics, most of which cover substantially the same topics as those in Mattel's prior deposition notices and testimony by MGA's 30(b)(6) witnesses.  Pursuant to a meet and confer on July 20, Mattel agreed to grant a four-day extension to MGA to respond to the notice.  On July 23, 2010, pursuant to the agreement, Mattel served an amended Second Notice, setting the deposition date for July 30, 2010.  MGA timely served its objections to Mattel's Second Notice on July 29, 2010.[8]

Mattel's Second Notice is the subject of this motion.

//

//

//

---

[8] Wine Decl., ¶5, Ex. D (MGA's Objections To Mattel's Second Notice)

- 5 -

# ARGUMENT

Federal Rule of Civil Procedure 26 provides that "[a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending." Fed. R. Civ. P. 26(c). A Court may issue a protective order to "protect a party from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Protective orders provide a safeguard for parties and other persons in light of the otherwise broad reach of discovery. Fed. R. Civ. P. 26(c), Advisory Comm. Notes (1970); *United States v. Columbia Broadcasting System, Inc.*, 666 F.2d 364, 368-369 (9th Cir. 1982).

Under Rule 26(b), a Court may limit the frequency and/or extent of discovery if it determines that:

(i)     the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;

(ii)    the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or

(iii)   the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2)(C)(i)-(iii). Consistent with the edicts of Rule 26, federal courts have issued protective orders as to 30(b)(6) deposition notices where topics were duplicative of previous 30(b)(6) deposition testimony. *CSX Transp., Inc. v. Vela*, 2007 WL 3334966, at *3 (S.D. Ind. Nov. 8, 2007) (granting motion for protective order where party sought Rule 30(b)(6) deposition on matters the noticed party had previously answered in discovery); *Cummings v. General Motors Corp.*, 2002 WL 32713320, at *6 (W.D. Okla. June 18, 2002) (issuing protective order where Rule 30(b)(6) notice was duplicative of other notices). Further, courts have also found good cause to issue protective orders for 30(b)(6) deposition topics that seek testimony that would not be relevant to any claim or defense in the case.

*MedImmune, LLC v. PDL Biopharma, Inc.*, 2010 WL 2382262, at *1 (N.D. Cal. June 10, 2010) (issuing protective order as to 30(b)(6) deposition topic on grounds that topic is not relevant or reasonably calculated to lead to the discovery of admissible evidence).

## I.   TOPIC 1 ENCOMPASSES SUBJECT MATTER THAT THIS COURT HAS DEEMED IRRELEVANT AND IS ALSO DUPLICATIVE OF MGA'S PRIOR 30(B)(6) TESTIMONY.

Good cause exists to grant a protective order as to Topic 1 of the Second 30(b)(6) Notice because, *first*, it seeks testimony that is so overbroad as to encompass irrelevant subject matter, and *second*, it is unduly burdensome in that it is duplicative and cumulative of prior MGA 30(b)(6) testimony.  Topic 1 seeks testimony on the following subject:

> **Topic No. 1**:  Any and all unauthorized or illegal downloading or copying of INTELLECTUAL PROPERTY, including Mattel's INTELLECTUAL PROPERTY, to CDs or other STORAGE DEVICES by YOU.

This topic is so broad and ill-defined that it is unclear what issue (if any) in this litigation is being referenced. As a result, to provide any witness in response to this topic would require MGA to guess as to its meaning. Standing alone, this reason is a sufficient basis for issuing a protective order.

To the extent that this topic seeks testimony regarding the downloading or copying of *non-Mattel* intellectual property, it is irrelevant to any claim or defense in this action.  This Court has already so held.[9]  *See also United States v. Boeing Co.*, 2010 WL 1408596, at *2 (D. Kan. April 1, 2010) (granting protective order where relevance of 30(b)(6) topic is "extremely tenuous").

---

[9] See Order Sustaining In Part And Overruling In Part Tiongo's Objections To Discovery Master Rulings; Overruling Mattel's Objections to Discovery Master Rulings, Docket No. 7947, dated May 23, 2010, at 8. ("[T]he Court simply notes that Mattel does not allege that Larian and MGA marshaled file sharing software to effectuate the grand scheme of trade secret misappropriation and copyright infringement alleged in the FAAC.")

Further, to the extent that Topic 1 seeks testimony with respect to Mattel's intellectual property, MGA has already provided 30(b)(6) testimony as to its general policies and practices on this subject matter.[10]   Additionally, Mattel has taken the depositions of each individual that it has alleged committed "unauthorized or illegal downloading or copying" of Mattel's intellectual property in the Fourth Amended Answer and Counterclaims ("FAAC").  In particular, Mattel's FAAC allege that Gustavo Machado, Mariana Trueba, and Pablo Vargas transferred Mattel confidential and proprietary information to a CD (FAAC, ¶ 55); Janine Brisbois copied Mattel trade secret and proprietary information onto a USB thumb drive, which she accessed while in MGA's employ (FAAC, ¶¶ 61-62); and Jorge Castilla transferred Mattel trade secrets and confidential information to a personal digital assistant after accepting a position at MGA (FAAC, ¶ 75).  These individuals have already been deposed by Mattel, often for multiple days each.  Thus, the entire universe of potentially relevant testimony on Topic 1 has already been given.  In this regard, Topic 1 is duplicative and cumulative of prior deposition testimony. *MedImmune*, 2010 WL 2382262, at *2 (granting protective order as to 30(b)(6) deposition topic for which 30(b)(6) testimony had already been provided).

## II.   TOPICS 2, 3 AND 7 SEEK TESTIMONY THAT IS DUPLICATIVE AND CUMULATIVE OF TESTIMONY FROM MGA'S AND MGA MEXICO'S INDIVIDUAL AND CORPORATE WITNESSES.

Topics 2, 3 and 7 of Mattel's Second 30(b)(6) Notice concern MGA Mexico's financial obligations, as well as MGA's "involvement" in the Mexican proceedings against Gustavo Machado, Mariana Trueba, and Pablo Vargas.  Good cause exists for the Court to issue a protective order as to these topics because they are duplicative and cumulative of 30(b)(6) testimony from both MGA's and MGA Mexico's corporate witnesses.

---

[10] MGA 30(b)(6) Deposition Transcript of Ken Lockhart, Vol. 1, dated June 14, 2007.

NOTICE OF MOTION & MOTION FOR PROTECTIVE ORDER
CASE NO. CV 04-9049-DOC (RNBx)

The relevant topics seek testimony on the following subjects:

**Topic No. 2**: The nature and extent of YOUR involvement in the MEXICAN PROCEEDINGS, including without limitation the IDENTITY and roles of PERSONS involved on YOUR behalf.

**Topic No. 3**: The nature and extent of MGA MEXICO's commercial, financial or other obligations that YOU satisfied or helped satisfy from 2004 and [sic] the present.

**Topic No. 7**: The source and amount of funding YOU used for the creation, operations and payments of expenses and other obligations of MGA MEXICO before March 31, 2005[.]

With regard to Topic 2, both MGA and MGA Mexico have already provided ample 30(b)(6) testimony regarding the proceedings against Machado, Trueba, and Vargas.[11] Indeed, the Court recently granted Mattel's motion to compel MGA's 30(b)(6) testimony regarding "MGA's communications with law enforcement" and "[t]he search and seizure of documents by Mexican authorities from MGA's Mexico City offices and related communications."[12] MGA complied with the Court's Order, and on June 23 and July 7, 2010, provided corporate witnesses to testify on these topics.[13] To the extent that the term "YOUR involvement" implicates MGA's payment of attorneys' fees in relation to the Mexican proceedings, MGA designated Dennis Jolicoeur as its corporate witness to testify on this topic.[14] ██████████████████████████████████████████████████████████████████████████████████████████[15] Mattel has also deposed individuals Machado,

---

[11] *See* MGA 30(b)(6) Deposition Transcript of Isaac Larian, Vol. 11, dated July 7, 2010; MGAE de Mexico 30(b)(6) Deposition Transcripts of Susana Kuemmerle, Vols. 1-3 and 7, dated (respectively) December 7-9, 2009; May 5, 2010; MGAE de Mexico 30(b)(6) Deposition Transcript of Louis Small, Vols. 4-6, dated (respectively) December 12, 2009, January 15, and March 17, 2010.

[12] Order Granting In Part And Denying In Part Mattel's Motion To Compel MGA To Produce 30(B)(6) Witnesses, Docket No. 8104, filed on June 14, 2010 ("June 14 Order"), at 5.

[13] *See* MGA 30(b)(6) Deposition Transcript of Craig Holden, Vol. 7, dated June 23, 2010; MGA 30(b)(6) Deposition Transcript of Isaac Larian, Vol. 11, dated July 7, 2010.

[14] *See* MGA 30(b)(6) Deposition Transcript of Dennis Jolicoeur, Vols. 9 and 12, dated (respectively) June 25 and July 8, 2010.

[15] *See* MGA 30(b)(6) Deposition Transcript of Craig Holden, Vol. 7 dated June 23, 2010 at 1710:25-1713:6; 1765:9-1766:7.

1   Trueba, and Vargas, and have had ample opportunity to ask them questions

2   regarding MGA's "involvement," if any, in the proceedings in Mexico.[16]  Good

3   cause exists to issue a protective order as to this topic because any further

4   deposition of MGA would be duplicative of testimony already obtained by Mattel.

5   *See Gossar v. Soo Line Railroad Co.*, 2009 WL 3570335, at *5 (S.D. Ind. Oct. 27,

6   2009) (granting protective order for 30(b)(6) topic on grounds that it would be

7   "unduly duplicative" of individual deposition testimony).

8           With respect to Topics 3 and 7, which essentially cover the same subject

9   matter, the Court, in its June 14 Order, ordered MGA to provide a corporate witness

10  to testify on "MGA's payments to or through vendors, attorneys and others in

11  Mexico relating to any actual or potential investigation or prosecution of MGA or

12  its employees."[17]  On June 25 and July 8, 2010, Dennis Jolicoeur, MGA's CFO and

13  30(b)(6) witness, provided testimony on this topic.[18]

14          Further, these topics are virtually identical to Topics 2 and 5 from Mattel's

15  Amended Second (Phase 2) Notice of 30(b)(6) Deposition of MGA Mexico.[19]  At

16  its core, these topics seek testimony regarding intercompany financial transactions

17  between MGA and MGA Mexico.  To the extent that it has not already received

18  _____

    [16] *See* Deposition Transcripts of Carlos Gustavo Machado, Vols. 1-6, dated
19  (respectively) October 14, 2008, January 19 and April 21-24, 2010; Deposition
    Transcripts of Mariana Trueba, Vols. 1-4, dated (respectively) January 20 and May
20  20-22, 2010; Deposition Transcripts of Pablo Vargas, Vols. 1-4, dated
    (respectively) June 16-19, 2010; Deposition Transcript of Susana Kuemmerle, Vol.
21  1, dated January 28, 2008.
    [17] *See* June 14 Order, at 5.
22  [18] *See* MGA 30(b)(6) Deposition Transcript of Dennis Jolicoeur, Vols. 9 and 12,
    dated (respectively) June 25 and July 8, 2010.
23  [19] Topics 2 and 5 of Mattel's Amended Second (Phase 2) Notice of 30(B)(6)
    Deposition of *MGA Mexico* seek testimony on the following:

24      **Topic 2**:  The nature and extent of YOUR commercial, financial or
25      other obligations that MGA satisfied or helped satisfy between 2004
        and the present.

26      **Topic 5**:  The source and amount of funding used by YOU for
        creation, operations and payments of expenses and other obligations
27      before March 31, 2005, including but not limited to (1) any transfers of
        value from MGA to YOU[.]

28

NOTICE OF MOTION & MOTION FOR PROTECTIVE ORDER
CASE NO. CV 04-9049-DOC (RNBx)

testimony on this subject matter, Mattel is not entitled to depose both MGA and

MGA Mexico's 30(b)(6) witnesses on that which essentially comprises the same set

of financial transactions.  Such testimony would be duplicative and cumulative.  To

the extent that the intercompany transactions between MGA and MGA Mexico are

relevant, Dennis Jolicoeur has already testified on this topic.[20]  Any further

deposition would either be duplicative and cumulative of the 30(b)(6) testimony

already given, or would encroach upon subject matter wholly irrelevant to any

claim or defense in this action.  As such, a protective order against Topics 2, 3 and

7 is warranted.

## III.    TOPIC 6 SEEKS INFORMATION AS TO SUBJECT MATTER ON WHICH MGA HAS ALREADY PROVIDED 30(B)(6) TESTIMONY.

Topic 6 is directed towards MGA's affirmative defense of unclean hands and

seeks testimony as to the following:

> **Topic No. 6**:  The facts known by each witnesses who YOU have identified as having knowledge of facts concerning, or on which YOU intend to rely to support, YOUR unclean hands affirmative defense.

Good cause exists for a protective order as to Topic 6 because, pursuant to

the June 14 Order, MGA has already provided a 30(b)(6) witness to testify about

the "factual basis for MGA's affirmative defenses."[21]  Further, MGA's counsel has

already stipulated with Mattel's counsel that Isaac Larian will provide deposition

testimony on "the factual bases supporting or contradicting MGA's claims and

allegations" when Mr. Larian's 30(b)(6) deposition continues on August 12, 2010.[22]

In this regard, Topic 6 is both duplicative and premature.[23]

---

[20] See MGA 30(b)(6) Deposition Transcript of Dennis Jolicoeur, Vols. 9 and 12, dated (respectively) June 25 and July 8, 2010.
[21] *See* MGA 30(b)(6) Deposition Transcript of Stephen Schultz, Vol. 5, dated June 21, 2010.
[22] Wine Decl., ¶6, Ex. E (7/14/10 E-mail from Hurst to Zeller) (confirming additional day for Isaac Larian's deposition on August 12, 2010 to complete remaining designated 30(b)(6) topics, including Category 26, or "the factual bases supporting or contradicting MGA's claims and allegations.")
[23] In relation to Topic 6, MGA notes that pending before the Court is MGA's Motion To Compel Mattel To Produce Fully Prepared 30(b)(6) Witness (Topic 11,

NOTICE OF MOTION & MOTION FOR PROTECTIVE ORDER
CASE NO. CV 04-9049-DOC (RNBx)

## IV. MGA HAS ALREADY PROVIDED A CORPORATE WITNESS TO TESTIFY AS TO TOPIC 8 OF MATTEL'S SECOND NOTICE

Topic 8 of Mattel's Second Notice is directed to the origin of the name of MGA's product line, "Moxie," and seeks testimony regarding the following:

> **Topic 8**:  YOUR selection of the name 'Moxie' for a line of fashion dolls, including without limitation the solicitation or submission of such name by third parties and any other process by which YOU received and/or selected such name.

Good cause exists for the Court to issue a protective order as to Topic 8 because it is completely duplicative of 30(b)(6) testimony already provided by MGA.  Specifically, On June 21, 2010, MGA's corporate witness, Schuyler Bacon, testified at length on the origins of the "Moxie" name.



MGA's April 27, 2010 Notice Of Deposition Of Mattel), filed on July 22, 2010.  In



MGA 30(b)(6) Deposition Transcript of Schuyler Bacon, Vol. 6, dated June 21, 2010 at 1608:9-1609:25; 1616:25-1617:12.[24]  During Ms. Bacon's 30(b)(6) deposition, MGA's counsel did not prevent Mattel from asking questions regarding this topic.  Mattel has had ample opportunity to depose MGA's corporate witness on this topic.  Accordingly, a protective order should be granted as to Topic 8.

## V.    TOPICS 9-14 ARE DUPLICATIVE AND CUMULATIVE OF MGA'S PRIOR 30(B)(6) TESTIMONY.

Topics 9 through 14 of Mattel's Second Notice are presumably directed to Mattel's counterclaims relating to allegations of civil RICO violations, fraudulent transfers, and prohibited distributions.  Good cause exists for a protective order as to these topics because MGA has already provided ample 30(b)(6) testimony on each of the topics below:

**Topic 9**:  All distributions of money or property made by YOU to YOUR shareholders, family members of YOUR shareholders, or entities owned or controlled by YOUR shareholders from January 2004 to the present.

**Topic 10**:  All actual or contemplated exchanges of money, property or property interests, including security interests in property and payments of interest or principal, between MGA, on the one hand, and

---

[24] *See also* Depo. Tr. of Schuyler Bacon, Vol. 6, dated June 21, 2010 at 1511:7-12; 1619:7-18.

NOTICE OF MOTION & MOTION FOR PROTECTIVE ORDER
CASE NO. CV 04-9049-DOC (RNBx)

OMNI 808 or any of OMNI 808's past or present members, on the other hand, since January 2008.

**Topic 11**: Actual and contemplated agreements, contracts and transactions between MGA and OMNI 808, including without limitation the reasons therefor and the negotiation thereof.

**Topic 12**: The uses of funds drawn down from any credit facility, or other similar agreement, between YOU and Wachovia, whether before or after the assignment of Wachovia's interests to OMNI 808, including but not limited to the IDENTITY of any PERSON, other than YOU, who received any such funds, directly or indirectly.

**Topic 13**: Any consideration by YOU to purchase or otherwise acquire any or all of the Wachovia credit facility, or other similar agreement, from Wachovia, and any efforts undertaken in connection therewith.

**Topic 14**: YOUR ability between January 2004 and the present to satisfy YOUR debts as they came due, including but not limited to COMMUNICATIONS among and between some or all of LARIAN, PERSONS in YOUR finance, accounting and tax departments, YOUR auditors, and YOUR creditors regarding this topic.

With respect to Topic 9, Mattel has *twice* noticed MGA on the topic of MGA's shareholder distributions and dividends.[25]  In response, MGA designated Lisa Tonnu and Stephen Schultz as its corporate witnesses, each providing 30(b)(6) testimony spanning a total of three days.[26]  In this regard, Mattel's counsel has had ample opportunity to ask its questions and, indeed, spent considerable time inquiring about the ████████████████████████████████████ ██████ .[27]  This topic is clearly duplicative of previous 30(b)(6) depositions, and intended to harass.

---

[25] *See* Topic 11 of Mattel's Third Notice Of Deposition Of MGA Pursuant To Fed. R. Civ. P. 30(B)(6), dated June 5, 2007; *see also* Topic 10 of Mattel's First Notice Of Deposition Of MGA Pursuant To Fed. R. Civ. P. 30(B)(6), dated January 26, 2010.
[26] *See* MGA 30(b)(6) Deposition Transcript of Lisa Tonnu, Vol. 2, dated September 24, 2007; MGA 30(b)(6) Deposition Transcript of Lisa Tonnu, Vol 4, dated January 17, 2008; MGA 30(b)(6) Deposition Transcript of Stephen Schultz, Vol. 4, dated March 26, 2010.
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████

- 14 -

1    Similarly, with regard to Topics 10 through 13, Mattel has had plenty of

2    opportunities to depose MGA's corporate witnesses as to the Wachovia loan and

3    MGA's transactions with Omni 808.  On March 26, 2010, John Woolard testified as

4    MGA's corporate witness on "MGA's knowledge regarding the Omni/IGWT

5    transactions and regarding any non-privileged information concerning consideration

6    of bankruptcy."[28] █████████████████████████████████████

7    ███████████████████████████████████████████████████████

8    ███████████████████████████████████████████████████

9    ████[31]  Prior to that, Mr. Woolard had already testified for two days, in his

10   individual capacity, as to ███████████████████████████████████████

11   ███████████████████████████████████████[32]

12   Further, Mattel has deposed several individuals who would have had personal

13   knowledge as to MGA's transactions involving the Wachovia credit facility and

14   Omni 808's acquisition thereof, including ████████████████████████████

15   ███████████████████████ Indeed, Mattel has all of the information

16   concerning Wachovia and Omni 808, not only through the extensive deposition

17   testimony of all the players involved, but also through the agreements themselves,

18   all of which have been produced.  There is simply nothing further to be gained by

19   allowing Mattel to (once again) depose MGA on these topics.

20   Finally, Topic 14 concerns MGA's ability to satisfy its debts as they came

21   due, which in short, is synonymous with insolvency.  Uniform Fraudulent Transfer

22   Act §2(b)(1984) ("A debtor who is generally not paying his [or her] debts as they

23   become due is presumed to be insolvent.")  In the Court's June 14 Order, MGA was

24   required to provide a witness to testify for **one hour** with regard to its "solvency or

---

[28] MGA 30(b)(6) Deposition Transcript of John Woolard, Vol. 3, dated March 26, 2010.
[29] *Id.* at 789:4-798:1.
[30] *Id.* at 809:21-823:15.
[31] *Id.* at 842:18-843:17; 873:13-874:3.
[32] See Deposition Transcript of John Woolard, Vol. 1-2, dated (respectively) January 6 and 8, 2010.

NOTICE OF MOTION & MOTION FOR PROTECTIVE ORDER
CASE NO. CV 04-9049-DOC (RNBX)

lack thereof." On June 21, 2010, Stephen Schultz testified as MGA's 30(b)(6)

witness on this subject. Thus, Mattel's attempt to re-depose MGA on this topic is

both duplicative and in contravention of the Court's express limitation. As with the

other topics, good cause exists for the Court to grant a protective order.

## VI. TOPIC 15 SEEKS IRRELEVANT AND DUPLICATIVE TESTIMONY REGARDING MGA'S PRESERVATION OF BRATZ-RELATED ASSETS.

Topic 15 of Mattel's Second Notice is directed to MGA's efforts to preserve

Bratz-related assets, a topic that is no doubt related to the constructive trust

imposed in Phase 1. Topic 15 reads as follows:

> **Topic 15**: YOUR activities and efforts to preserve or enhance BRATZ-related assets, or the value of BRATZ-related assets, from January 2004 to the present.

In view of the Ninth Circuit opinion vacating the constructive trust, the

testimony sought by Mattel is no longer relevant. *See Mattel, Inc. v. MGA*

*Entertainment, Inc., et al*, No. 09-55673, slip op. at 10549 (9th Cir. July 22, 2010).

Even if MGA's efforts to preserve Bratz-related assets were still relevant, a

protective order is warranted for two reasons. First, Mattel has already individually

deposed former and current MGA employees Didier Pietri, Paula Garcia, and -- to a

lesser extent -- Isaac Larian on this topic.[33] Second, in the Court's June 14 Order,

the Court held in abeyance Mattel's motion to compel 30(b)(6) testimony

concerning "MGA's support for and investment in Bratz, including as compared to

before and after the acquisition of Little Tikes, Zapf, and Smoby and before and

after the development of Moxie and BFC, and any cannibalization of actual or

planned Bratz designs, shelf space, licenses or other resources for Moxie."[34]

---

[33] Deposition Transcript of Didier Pietri, Vol. 1, dated March 8, 2010; Deposition Transcript of Paula Garcia, Vol. 5, dated April 21, 2010; Deposition Transcript of Isaac Larian, Vol. 7, dated January 20, 2010.
[34] June 14 Order, at 8.

NOTICE OF MOTION & MOTION FOR PROTECTIVE ORDER
CASE NO. CV 04-9049-DOC (RNBx)

1   Mattel's Topic 15 is an improper attempt to circumvent the Court's directive.

2   Accordingly, good cause exists to grant a protective order as to Topic 15.

3   **VII.   TOPIC 16 IS IRRELEVANT AND UNDULY BURDENSOME**

4

5   Topic 16 of Mattel's Second Notice concerns MGA's form agreements

6   between MGA and its employees or independent contractors from 1975 to the

7   present, and seeks testimony regarding the following:

8   **Topic 16**:  Each form of agreement in use by MGA from 1975 to the present between MGA and its employees or independent contractors that MGA contends governs (a) the ownership or assignment of any original works of authorship or inventions of its employees or independent contractors, and/or (b) the use, disclosure, or protection of information that MGA considers to be confidential to which its employees or independent contactors were privy[.]

9

10

11

12   The relevance of Topic 16 is extremely tenuous, at best, as neither MGA nor

13   Mattel have raised an issue of any former MGA employee absconding with MGA's

14   trade secret and/or proprietary information.  As such, to require MGA to designate

15   and prepare a 30(b)(6) witness to testify as to employment agreements going back

16   35 years would be unduly burdensome.  Indeed, Rule 26 permits a court to limit

17   discovery where "the burden or expense of the proposed discovery outweighs its

18   likely benefit … the parties' resources, the importance of the issues at stake in the

19   action, and the importance of the discovery in resolving the issue."  Fed. R. Civ. P.

20   26(b)(2)(C)(iii).  MGA's efforts to protect its intellectual property from its own

21   employees and independent contractors are of no moment in the instant litigation.

22   Good cause exists to issue a protective order as to Topic 16 because the burden of

23   preparing a witness on this expansive subject would severely outweigh any benefit

24   Mattel could hope to gain from MGA's testimony.

25   ///

26   ///

27   ///

28   ///

NOTICE OF MOTION & MOTION FOR PROTECTIVE ORDER
CASE NO. CV 04-9049-DOC (RNBx)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## CONCLUSION

For the foregoing reasons, and good cause existing, the MGA Parties request that the Court grant this motion for a protective order as to Topics 1-3 and 5-16 of Mattel's Second (Phase 2) Notice of 30(b)(6) Deposition.

Dated:    July 30, 2010

MARK P. WINE
Orrick, Herrington & Sutcliffe LLP

By:    _____
                MARK P. WINE
            Attorneys for MGA Parties

- 18 -