MELINDA HAAG (State Bar No. 132612)
mhaag@orrick.com
ANNETTE L. HURST (State Bar No. 148738)
ahurst@orrick.com
WARRINGTON S. PARKER III (State Bar No. 148003)
wparker@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building, 405 Howard Street
San Francisco, CA 94105
Tel. (415) 773-5700/ Fax: (415) 773-5759

WILLIAM A. MOLINSKI (State Bar No. 145186)
wmolinski@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA  90017
Tel. (213) 629-2020/Fax: (213) 612-2499

THOMAS S. MCCONVILLE (State Bar No. 155905)
tmcconville@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
4 Park Plaza, Suite 1600
Irvine, CA 92614-2258
Tel: (949) 567-6700/Fax: (949) 567-6710

Attorneys for MGA Parties

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware Corporation<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS<br><br><span style="color:red">REDACTED, PUBLIC COPY</span> | Case No. CV 04-9049 DOC (RNBx)<br>Consolidated with: CV 04-9059 & CV 05-2727<br><br>Hon. David O. Carter<br><br>**DECLARATION OF MARK P. WINE IN SUPPORT OF NOTICE OF MOTION AND MOTION FOR PROTECTIVE ORDER FROM MATTEL, INC.'S NOTICE OF DEPOSITION OF MGA ENTERTAINMENT, INC. PURSUANT TO FED. R. CIV. P. 30(B)(6) (SECOND PHASE 2 NOTICE)**<br><br>Date:        TBD<br>Time:        TBD<br>Courtroom:  TBD<br>**Phase 2** |

I, Mark P. Wine, declare:

1.    I am a member of the bar of the State of California, admitted to practice before this Court, and an attorney with the law firm of Orrick, Herrington & Sutcliffe LLP, counsel for the MGA Parties.  I make this declaration based on personal knowledge unless otherwise expressly stated, in which case, it is based on information and belief.  If called and sworn as a witness, I could and would testify competently as follows.

2.    Attached hereto as **Exhibit A** is a true and correct copy of Mattel's Amended Notice of Deposition of MGA Pursuant to Fed. R. Civ. P. 30(b)(6) (Second Phase 2 Notice), served on July 23, 2010.

3.    Attached hereto as **Exhibit B** is a true and correct copy of a letter from me to Mattel's counsel, Scott Watson, dated July 29, 2010, regarding topics in Mattel's Second Notice which MGA will offer a 30(b)(6) witness.  This document is designated Confidential and is being **Filed Under Seal** pursuant to the protective order.

4.    Attached hereto as **Exhibit C** is a true and correct copy of a letter from Mattel's counsel, Mike Zeller, to my co-counsel, Annette Hurst and Tom McConville, dated March 2, 2010,  regarding the prioritization of 30(b)(6) topics from Mattel's prior deposition notices.  This document is designated Confidential – Attorneys' Eyes Only and is being **Filed Under Seal** pursuant to the protective order.

5.    Attached hereto as **Exhibit D** is a true and correct copy of MGA's Objections To Mattel Inc.'s Amended Notice of Deposition of MGA Pursuant to Fed. R. Civ. P. 30(b)(6) (Second Phase 2 Notice), served on July 29, 2010.

6.    Attached hereto as **Exhibit E** is a true and correct copy of an e-mail message from my co-counsel, Annette Hurst, to Mattel's counsel, Mike Zeller, dated July 14, 2010, agreeing to produce Isaac Larian on August 12, 2010 for an additional day of 30(b)(6) deposition to cover Topics 10, 15 and 26 of the Court's

DECL. OF MARK P. WINE  ISO MGA'S
MOTION FOR PROTECTIVE ORDER
CV-04-09049 DOC (RNBx)

1 | June 14 Order.

2 |         I declare under penalty of perjury under the laws of the United States

3 | that the foregoing is true and correct.

4 |         Executed on July 30, 2010, in Irvine, California.

5 |

6 | _____

7 | Mark P. Wine

# Exhibit A

1   QUINN EMANUEL URQUHART & SULLIVAN, LLP
     John B. Quinn (Bar No. 090378)
2      (johnquinn@quinnemanuel.com)
     Michael T. Zeller (Bar No. 196417)
3      (michaelzeller@quinnemanuel.com)
     Jon D. Corey (Bar No. 185066)
4      (joncorey@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
5   Los Angeles, California  90017-2543
   Telephone:   (213) 443-3000
6   Facsimile:   (213) 443-3100

7   Attorneys for Mattel, Inc.

8                   UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10                        SOUTHERN DIVISION

11   MATTEL, INC., a Delaware            CASE NO. CV 04-9049 DOC (RNBx)
     corporation,                        Consolidated with
12                                       Case No. CV 04-09059
                 Plaintiff,              Case No. CV 05-02727
13
          vs.
14                                       AMENDED NOTICE OF DEPOSITION OF
   MGA ENTERTAINMENT, INC., a            IGWT   826   INVESTMENTS   LLC
15   Delaware corporation,               PURSUANT  TO  FEDERAL  RULE  OF
                                         CIVIL PROCEDURE 30(B)(6)
16               Defendant.

17
   AND CONSOLIDATED ACTIONS
18

19

20

21

22

23

24

25

26

27

28

00505.07975/3596068.1

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on August 2, 2010, beginning at 8:00 a.m. Mattel, Inc. ("Mattel") will take the deposition upon oral examination of defendant IGWT 826 Investments LLC at 600 West Santa Ana Blvd., Suite 910, Santa Ana, CA 92701.  Pursuant to Fed. R. Civ. P. 30(b)(6), IGWT 826 Investments LLC shall designate one or more officers, directors, managing agents or other persons who consent to testify on its behalf concerning each of the topics set forth in Exhibit A hereto.

PLEASE TAKE FURTHER NOTICE that the deposition will take place before a duly authorized notary public or other officer authorized to administer oaths at depositions, and will continue from day to day, Saturdays, Sundays and legal holidays excepted, until completed.

PLEASE TAKE FURTHER NOTICE that, pursuant to Fed. R. Civ. P. 30(b)(2), the deposition will be videotaped.  Mattel also reserves the right to use Livenote or other technology for real-time transcription of the testimony.

DATED: July 23, 2010            QUINN EMANUEL URQUHART & SULLIVAN, LLP


                                By /s/ Michael T. Zeller
                                   Michael T. Zeller
                                   Attorneys for Mattel, Inc.

-2-

## **EXHIBIT A**

1.    "YOU," "YOUR" or "IGWT 826" means IGWT 826 Investments LLC, any of its current or former employees, officers, directors, agents, representatives, attorneys, parents, subsidiaries, divisions, affiliates, predecessors-in-interest and successors-in-interest, and any other PERSON acting on its behalf, pursuant to its authority or subject to its control.

2.    "MATTEL" means Mattel, Inc., any of its current or former employees, officers, directors, agents, representatives, attorneys, parents, subsidiaries, divisions, affiliates, predecessors-in-interest and successors-in-interest, and any other PERSON acting on its behalf, pursuant to its authority or subject to its control.

3.    "OMNI 808" means Omni 808 Investors, LLC, any of its current or former employees, officers, directors, agents, representatives, attorneys, parents, subsidiaries, divisions, affiliates, predecessors-in-interest and successors-in-interest, and any other PERSON acting on its behalf, pursuant to its authority or subject to its control.

4.    "LARIAN" means Isaac Larian, Angela Larian, any trust or business that Isaac Larian or Angela Larian control directly or indirectly, in whole or in part, including without limitation, The Larian Living Trust, The Isaac E. Larian Qualified Annuity Trust, the Angela Larian Qualified Annuity Trust, and IGWT Group, LLC, any subsidiary, affiliate, predecessor or successor of any such trust or business, and any other PERSON acting on behalf of Isaac Larian, Angela Larian or any trust or business entity in which Isaac Larian or Angela Larian has an interest.

5.    "MGA" means MGA Entertainment, Inc., any of its current or former employees, officers, directors, agents, representatives, attorneys, parents, subsidiaries, divisions, affiliates, predecessors-in-interest and successors-in-interest, and any other PERSON acting on its behalf, pursuant to its authority or subject to its control.

6.      "MAKABI" means Shirin Larian Makabi, Jahangir Eli Makabi, any trust or business that Shirin Larian Makabi or Jahangir Eli Makabi control directly or indirectly, in whole or in part, including without limitation, The Jahangir Eli Makabi Qualified Annuity Trust and The Shirin Larian Makabi Qualified Annuity Trust, any subsidiary, affiliate, predecessor or successor of any such trust or business, and any other PERSON acting on behalf of Shirin Larian Makabi or Jahangir Eli Makabi or any trust or business entity in which Shirin Larian Makabi or Jahangir Eli Makabi has an interest.

7.      "KADISHA" means Neil Kadisha, any of his current or former agents, representatives, attorneys, employees, partners, joint ventures, predecessors-in-interest and successors-in-interest, and any other PERSON acting on his behalf, pursuant to his authority or subject to his control.

8.      "VISION CAPITAL" means Vision Capital, LLC, any of its current or former employees, officers, directors, agents, representatives, attorneys, parents, subsidiaries, divisions, affiliates, predecessors-in-interest and successors-in-interest, and any other PERSON acting on its behalf, pursuant to its authority or subject to its control.

9.      "LEON NEMAN" means Leon Neman, any trust or business in which Leon Neman has an interest, including without limitation Neman Brothers & Associates, any subsidiary, affiliate, predecessor or successor of any such trust or business, and any other person acting on behalf of Leon Neman or any trust or business entity in which Leon Neman has an interest.

10.     "LEXINGTON" means Lexington Financial Limited, a Nevis Corporation, any of its current or former employees, officers, directors, agents, representatives, attorneys, parents, subsidiaries, divisions, affiliates, predecessors-in-interest and successors-in-interest, and any other PERSON acting on its behalf, pursuant to its authority or subject to its control.

00505.07975/3596068.1

-4-

11.     "MASHIAN" means Fred Mashian and any PERSON acting on his behalf, pursuant to his authority or subject to his control.

12.     "FARAHNIK" means Leon Farahnik, any trust or business in which Leon Farahnik has an interest, any subsidiary, affiliate, predecessor or successor of any such trust or business, and any other person acting on behalf of Leon Farahnik or any trust or business entity in which Leon Farahnik has an interest.

13.     "SAMHOUI" means the "Mr. Samhoui" identified in Leon Neman's deposition testimony and/or the Perviz/Perry Samouhi identified in Fred Mashian's deposition testimony as the alleged principal of Lexington Financial Limited.

14.     "THE ALLEGED OMNI 808 INVESTORS" means KADISHA, Ben Nazarian, Joseph Moinian, LEON NEMAN, Arsalan Gozini, David Nazarian, Gold Leaf Investments, LP, Moinian Development Group, LLC, VISION CAPITAL, David and Angella Nazarian Family Trust, Arsalan Gozini Charitable Lead Annuity Trust and Elahe Pezeshkifar as the Trustee of the Arsalan Gozini Charitable Lead Annuity Trust, Omni TMG, LLC, OmniNet Capital, LLC, LEXINGTON, SAMHOUI, any other PERSON that provided funding to any of the foregoing, directly or indirectly, in connection with the purported purchase of MGA debt, all of their past or present employees, officers, agents, representatives, attorneys, consultants, independent contractors, any predecessors or successors in interest, and any other PERSON acting on their behalf, pursuant to their authority or subject to their control.

15.     "DIGITAL INFORMATION" means any information created or stored digitally, including but not limited to electronically, magnetically or optically.

16.     "STORAGE DEVICE" means any computer hard drive, memory, USB device, tape, storage array or any other device or medium that allows a user, whether permanently, temporarily or otherwise, to create, generate, transmit, copy, retain, store or maintain DIGITAL INFORMATION.

17.     "IDENTITY" or "IDENTIFY" means the following:

(a)     With reference to an individual, means such individual's name, current or last known business title, current or last known business affiliation, current or last known relationship to YOU, current or last known residential and business address, and current or last known telephone number.

(b)     With reference to an entity or governmental organization, means such entity's or organization's name, present or last-known address, and present or last-known telephone number and the IDENTITY of each individual who has served or participated as a contact for or on behalf of such entity or organization.

18.     "PERSON" or "PERSONS" means all natural persons, partnerships, corporations, joint ventures and any kind of business, legal or public entity or organization, as well as its, his or her agents, representatives, employees, officers and directors and anyone else acting on its, his or her behalf, pursuant to its, his or her authority or subject to its, his or her control.

19.     "RELATING TO" or "REFER OR RELATE TO" means constituting, embodying, containing, referring to, commenting on, evidencing, regarding, discussing, describing, mentioning, reflecting, expressing, pertaining to, concerning, supporting, contradicting, negating, revoking or otherwise relating to in any manner.

20.     "DOCUMENT" or "DOCUMENTS" means all "WRITINGS" and "RECORDINGS" as those terms are defined in Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of Evidence, including, but not limited to, all writings and records of every type and description including, but not limited to, contracts, agreements, correspondence, memoranda, letters, facsimiles, electronic mail ("e-mail"), records of telephone conversations, handwritten and typewritten notes of any kind, statements, reports, minutes, recordings, transcripts and summaries of meetings, voice recordings, pictures, photographs, drawings, computer cards, tapes, discs, printouts and records of all types, studies, instruction manuals, policy manuals and statements, books, pamphlets, invoices, canceled checks and every other device or

medium by which or through which information of any type is transmitted, recorded or preserved.

21.    "COMMUNICATION" or "COMMUNICATION" means any transmittal and/or receipt of information, whether such was oral or written, and whether such was by chance, prearranged, formal or informal, and specifically includes, but is not limited to, conversations in person, telephone conversations, electronic mail (including instant messages and text messages), voicemail, letters, memoranda, statements, media releases, magazine and newspaper articles, and video and audio transmissions.

22.    The singular form of a noun or pronoun includes within its meaning the plural form of the noun or pronoun so used, and *vice versa*; the use of the masculine form of a pronoun also includes within its meaning the feminine form of the pronoun so used, and *vice versa*; the use of any tense of any verb includes also within its meaning all other tenses of the verb so used, whenever such construction results in a broader request for information; and "and" includes "or" and *vice versa*, whenever such construction results in a broader disclosure of documents or information.

## Topics of Examination

1.    The IDENTITY of YOUR officers, directors, shareholders, investors, members, employees and agents.

2.    The IDENTITY of all PERSONS who have had any direct or indirect interest in or control over YOU or have provided YOU with funding or loans, whether directly, indirectly, through intermediaries or otherwise.

3.    YOUR formation and governance, the purpose and timing thereof, and the nature, extent and location of YOUR business operations.

4.    The timing, nature and extent of LARIAN's relationship to, and direct or indirect control over, YOU.

5.     The timing, nature and extent of MAKABI's relationship to, and direct or indirect control over, YOU.

6.     YOUR sources of funding, including without limitation the IDENTITY of all PERSONS who have offered to provide or provided funding to YOU, the amounts, timing and nature of such funding, and LARIAN's relationship to the source of such funding.

7.     Completed, proposed and/or contemplated transactions involving OMNI 808 and COMMUNICATIONS regarding such transactions, including without limitation YOUR $60 million loan to OMNI 808, the Amended and Restated Subordinated Promissory Note for $60 million executed by OMNI 808 and the $40 million Senior Promissory Note executed between YOU and OMNI 808.

8.     Completed, proposed and/or contemplated transactions involving MGA and COMMUNICATIONS regarding such transactions, including without limitation OMNI 808's $60 million loan to MGA, the $40 million Secured Delayed Draw Demand Note (the "Draw Demand Note") executed between MGA and OMNI 808, and/or the $6 million in funding provided by OMNI 808 to MGA pursuant to the Draw Demand Note.

9.     YOUR relationship with MGA and OMNI 808, including without limitation the nature, timing and amounts of payments made or allegedly owed by MGA to OMNI 808 and/or by OMNI 808 to YOU, or vice versa.

10.     The direct or indirect, actual, promised, proposed, owed or prospective transfer of any item of value (including any funds, security interest, loan interest, forgiveness of indebtedness and/or the intellectual property in Bratz) involving YOU, on the one hand, and LARIAN, MGA and/or OMNI 808, on the other.

11.     YOUR first knowledge and/or awareness of any lawsuit, litigation or other dispute between MATTEL and LARIAN and/or MGA.

12.     The facts on which YOU are basing any claimed common interest privilege in this action.

13.     YOUR COMMUNICATIONS with OMNI 808, THE ALLEGED OMNI 808 INVESTORS, MASHIAN and/or FARAHNIK, including without limitation the facts on which YOU are basing any privilege claimed by YOU as to such COMMUNICATIONS.

14.     Any fee, indemnity, joint defense and/or common interest agreements between any PERSON or entity, including but not limited to LARIAN, OMNI 808 and/or MGA, and YOU, including without limitation the meaning and scope of and the reasons for such agreements.

15.     YOUR actual or contemplated agreements, contracts and/or transactions with LARIAN, MGA, MAKABI, OMNI 808, THE ALLEGED OMNI 808 INVESTORS, FARAHNIK, and/or MASHIAN, including without limitation the timing thereof, the negotiations and COMMUNICATIONS that REFER OR RELATE thereto, and any actual or proposed amendments thereto.

16.     To the extent not covered by any other Topic, all other completed, proposed and/or contemplated investments or business dealings in which you participated or contemplated participating that also involve LARIAN, MGA, MAKABI, KADISHA, OMNI 808, THE ALLEGED OMNI 808 INVESTORS, FARAHNIK, and/or MASHIAN.

17.     The U.C.C. Financing Statements and amendments attached as Exhibit 1 and/or the security interests allegedly reflected therein, including without limitation LARIAN's participation therein and the IDENTITY of all other PERSONS who authorized or were otherwise involved in their preparation and filing.

18.     YOUR intentional spoliation and/or concealment of DOCUMENTS or other evidence in connection with this ACTION.

19.     YOUR preservation of, searches for, collections of and productions of DOCUMENTS in connection with this ACTION, including without limitation which sources of information and STORAGE DEVICES YOU have searched for responsive

1   DOCUMENTS in connection with this ACTION (and which YOU have not) and

2   YOUR search methods in connection with those searches.

3          20.    The IDENTITY of DOCUMENTS that REFER OR RELATE TO

4   the subject matters of Topics 1 through 19.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-10-

NOTICE OF DEPOSITION
Exhibit A - Page 11

QUINN EMANUEL URQUHART & SULLIVAN, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  michaelzeller@quinnemanuel.com
  Jon D. Corey (Bar No. 185066)
  joncorey@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017–2543
Telephone: (213) 443–3000
Facsimile: (213) 443–3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation,<br><br>            Plaintiff,<br><br>      vs.<br><br>MGA ENTERTAINMENT, INC., a California corporation, et al.,<br><br>            Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04–9049 DOC (RNBx)<br>Consolidated with<br>Case No. CV 04–09059<br>Case No. CV 05–02727<br><br>**PROOF OF SERVICE** |

Case No. CV 04–9049 DOC (RNBx)
PROOF OF SERVICE
Exhibit A - Page 12

# PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen years and not a party to the within action; my business address is 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017.

On July 23, 2010, I served true copies of the following documents described as:  **(1) AMENDED NOTICE OF DEPOSITION OF IGWT 826 INVESTMENTS LLC PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(B)(6); and (2) AMENDED NOTICE OF DEPOSITION OF MGA ENTERTAINMENT, INC. PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(B)(6) (Second Phase 2 Notice)**

on the parties in this action as follows:

| | |
|---|---|
| Orrick, Herrington & Sutcliffe LLP<br>William A. Molinski<br>777 S. Figueroa Street, STE 3200<br>Los Angeles, CA 90017<br>wmolinski@orrick.com | *Attorneys for the MGA Parties* |
| Orrick, Herrington & Sutcliffe LLP<br>Annette L. Hurst<br>The Orrick Building<br>405 Howard Street<br>San Francisco, CA 94104<br>ahurst@orrick.com | *Attorneys for the MGA Parties* |
| Skadden, Arps, Slate, Meagher & Flom LLP<br>    Thomas J. Nolan, Esq.<br>    Jason Russell, Esq.<br>300 South Grand Avenue, Suite 3400<br>Los Angeles, CA  90071<br>tnolan@skadden.com<br>jrussell@skadden.com | **Attorneys for *the MGA Parties***<br><br><br>Telephone:  213.687.5000<br>Facsimile:  213.687.5600 |
| Law Offices of Mark E. Overland<br>    Mark E Overland<br>100 Wilshire Blvd., Suite 950, Santa Monica, CA 90401<br>    mark@overlaw.net | **Attorneys for *Carlos Gustavo Machado Gomez***<br>Telephone:  310 459-2830<br>Facsimile:  310 459-4621 |

-2-

Case No. CV 04-9049 SGL (RNBx)
PROOF OF SERVICE
Exhibit A - Page 13

| Bingham McCutchen LLP<br>Todd Gordinier, Esq.<br>Peter Villar, Esq.<br>600 Anton Boulevard, 18th Floor<br>Costa Mesa, CA 92626<br>todd.gordinier@bingham.com | **Attorneys for** *Omni 808 Investors, LLC* |
|---|---|

**BY MAIL:** I enclosed the foregoing into sealed envelope(s) addressed as shown above, and I deposited such envelopes in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on July 23, 2010, at Los Angeles, California.

_____
Dina Comaduran

EXHIBIT B

Name & Address:
Mark P. Wine (Bar No. 189,897)
Orrick, Herrington & Sutcliffe LLP
4 Park Plaza, Suite 1600
Irvine, CA 92614
Telephone: (949) 567-6700
Facsimile: (949) 567-6710

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| CARTER BRYANT, | CASE NUMBER: |
|---|---|
| PLAINTIFF(S) | CV 04-9049-DOC (RNBx) |
| v. | |
| MATTEL, INC., a Delaware Corporation, | **NOTICE OF MANUAL FILING** |
| DEFENDANT(S). | |

PLEASE TAKE NOTICE:

The above-mentioned cause of action has been designated as an electronically filed case. In accordance

with General Order 08-02 and Local Rule 5-4 the following document(s) or item(s) will be manually

filed. **List Documents:** Notice of Motion and Motion for Protective Order from Mattel, Inc.'s Notice of Deposition of MGA Entertainment, Inc. Pursuant to Fed.R.Civ.P. 30(b)(6) (Second Phase 2 Notice); Declaration of Mark P. Wine in Support of Notice of Motion and Motion for Protective Order From Mattel, Inc.'s Notice of Deposition of MGA Entertainment, Inc. Pursuant to Fed.R.Civ.P. 30(b)(6) (Second Phase 2 Notice) w/Exhibits A-E; Application to File Under Seal; Proposed Order Granting The MGA Parties' Application to File Under Seal

**Document Description:**

☐ Administrative Record

☐ Exhibits

☐ Ex Parte Application for authorization of investigative, expert or other services pursuant to the Criminal Justice Act [see Local Civil Rule 79-5.4, Documents to be excluded, (h)]

☑ Other  See above list.

**Reason:**

☑ Under Seal

☐ Items not conducive to e-filing (i.e., videotapes, CDROM, large graphic charts)

☐ Electronic versions are not available to filer

☑ Per Court order dated  January 4, 2005

☐ Manual Filing required (*reason*):

| July 30, 2010 | /s/Mark P. Wine |
|---|---|
| Date | Attorney Name |
| | MGA Parties |
| | Party Represented |

Note:   File one Notice in each case, each time you manually file document(s).

EXHIBIT C

Name & Address:
Mark P. Wine (Bar No. 189,897)
Orrick, Herrington & Sutcliffe LLP
4 Park Plaza, Suite 1600
Irvine, CA 92614
Telephone: (949) 567-6700
Facsimile: (949) 567-6710

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| CARTER BRYANT, | CASE NUMBER: |
|---|---|
| PLAINTIFF(S) | CV 04-9049-DOC (RNBx) |
| v. | |
| MATTEL, INC., a Delaware Corporation, | **NOTICE OF MANUAL FILING** |
| DEFENDANT(S). | |

PLEASE TAKE NOTICE:

The above-mentioned cause of action has been designated as an electronically filed case. In accordance with General Order 08-02 and Local Rule 5-4 the following document(s) or item(s) will be manually filed. **List Documents:** Notice of Motion and Motion for Protective Order from Mattel, Inc.'s Notice of Deposition of MGA Entertainment, Inc. Pursuant to Fed.R.Civ.P. 30(b)(6) (Second Phase 2 Notice); Declaration of Mark P. Wine in Support of Notice of Motion and Motion for Protective Order From Mattel, Inc.'s Notice of Deposition of MGA Entertainment, Inc. Pursuant to Fed.R.Civ.P. 30(b)(6) (Second Phase 2 Notice) w/Exhibits A-E; Application to File Under Seal; Proposed Order Granting The MGA Parties' Application to File Under Seal

**Document Description:**

☐  Administrative Record

☐  Exhibits

☐  Ex Parte Application for authorization of investigative, expert or other services pursuant to the Criminal Justice Act [see Local Civil Rule 79-5.4, Documents to be excluded, (h)]

☑  Other  See above list.

**Reason:**

☑  Under Seal

☐  Items not conducive to e-filing (i.e., videotapes, CDROM, large graphic charts)

☐  Electronic versions are not available to filer

☑  Per Court order dated  January 4, 2005

☐  Manual Filing required (*reason*):

| July 30, 2010 | /s/Mark P. Wine |
|---|---|
| Date | Attorney Name |
| | MGA Parties |
| | Party Represented |

Note:   File one Notice in each case, each time you manually file document(s).

EXHIBIT D

1  MELINDA HAAG (State Bar No. 132612)
   mhaag@orrick.com
2  ANNETTE L. HURST (State Bar No. 148738)
   ahurst@orrick.com
3  WARRINGTON S. PARKER III (State Bar No. 148003)
   wparker@orrick.com
4  ORRICK, HERRINGTON & SUTCLIFFE LLP
   The Orrick Building, 405 Howard Street
5  San Francisco, CA 94105
   Tel. (415) 773-5700/ Fax: (415) 773-5759
6
   WILLIAM A. MOLINSKI (State Bar No. 145186)
7  wmolinski@orrick.com
   ORRICK, HERRINGTON & SUTCLIFFE LLP
8  777 South Figueroa Street, Suite 3200
   Los Angeles, CA  90017
9  Tel. (213) 629-2020/Fax: (213) 612-2499
10 THOMAS S. McCONVILLE (State Bar No. 155905)
   tmcconville@orrick.com
11 ORRICK, HERRINGTON & SUTCLIFFE LLP
   4 Park Plaza, Suite 1600
12 Irvine, CA 92614-2258
   Tel: (949) 567-6700/Fax: (949) 567-6710
13
   Attorneys for MGA Parties
14

15                UNITED STATES DISTRICT COURT

16                CENTRAL DISTRICT OF CALIFORNIA

17                       SOUTHERN DIVISION

18 | CARTER BRYANT, an individual,    | Case No.  CV 04-9049-DOC (RNBx)
19 |           Plaintiff,             | Consolidated with: Case No. CV 04-9059 and Case No. CV 05-2727
20 |      v.                          | Hon. David O. Carter
21 | MATTEL, INC., a Delaware         | **OBJECTIONS TO MATTEL INC.'S AMENDED NOTICE OF DEPOSITION OF MGA ENTERTAINMENT, INC. PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(B)(6)**
   | corporation,                     |
22 |           Defendant.             | **(Second Phase 2 Notice)**
23 |                                  |
24 | AND CONSOLIDATED ACTIONS         |
25
26
27
28

Exhibit D - Page 26

1    MGA Entertainment, Inc., MGA Entertainment HK, LTD., MGA de Mexico,

2    S.R.L. de C.V., and Isaac Larian (collectively "MGA"), hereby object to the

3    Amended Notice of Deposition of MGA Entertainment, Inc. served by Mattel on

4    July 23, 2010 (the "Notice"), as follows:

5    <h2 style="text-align:center">GENERAL OBJECTIONS</h2>

6      1. MGA objects to the Topics for Examination in the Notice to the extent

7    they seek information not relevant to a claim or a defense of a party, and not

8    reasonably calculated to lead to the discovery of admissible evidence.

9      2. MGA further objects to the Topics for Examination in the Notice to

10   the extent they seek, or may be interpreted to seek, the disclosure of information

11   protected by an evidentiary privilege or a right of privacy, including but not limited

12   to the privilege for attorney-client communications, attorney work product, a

13   person's right of privacy protected by the United States Constitution, the California

14   Constitution, or applicable common law, and any applicable rule, regulation or

15   statutory authority protecting, among other things, personal information from

16   disclosure.

17     3. MGA further objects to the Topics for Examination in the Notice to

18   the extent they are unduly burdensome. A specific objection that a topic is "unduly

19   burdensome" means that the topic is unreasonably cumulative or duplicative, or

20   seeks information that is publicly available or available from some another source

21   that is more convenient, less burdensome or less expensive, or that the burden or

22   expense of providing the requested discovery outweighs its benefits.

23     4. MGA further generally objects to the Topics for Examination in the

24   Notice to the extent they are overbroad. A specific objection that a topic is

25   "overbroad" means that the topic seeks, in substantial part, information that is not

26   relevant to a claim or defense in the pending action or does not appear reasonably

27   calculated to lead to the discovery of admissible evidence.

28

Exhibit D - Page 27
OBJECTIONS TO SECOND (PHASE 2) NOTICE OF
30(B)(6) DEPOSITION OF MGA
CV 04-09049 DOC (RNBx)

5.     MGA further objects the Topics for Examination in the Notice to the extent they are vague, ambiguous or so unintelligible that MGA Entertainment Canada cannot reasonably respond.

6.     MGA further objects to the Topics For Examination in the Notice to the extent they impose any duty or obligation greater than provided for in the Federal Rules of Civil Procedure or the Local Rules of the United States District Court for the Central District of California.

7.     Nothing contained in these objections constitutes or shall be construed as an admission or acknowledgment that the Topics for Examination in the Notice or any testimony elicited thereunder is relevant, material or admissible at trial.

## SPECIFIC OBJECTIONS TO TOPICS FOR EXAMINATION

Without waiving any of the above general objections, and incorporating each of them by reference into each response below, MGA responds more specifically to Topics For Examination in the Notice as follows:

## TOPIC FOR EXAMINATION NO. 1:

Any and all unauthorized or illegal downloading or copying of INTELLECTUAL PROPERTY, including Mattel's INTELLECTUAL PROPERTY, to CDs or other STORAGE DEVICES by YOU.  In connection with this topic YOU shall, without limitation, IDENTIFY any PERSON involved in such downloading or copying, the INTELLECTUAL PROPERTY downloaded or copied, IDENTIFY the DOCUMENTS and COMMUNICATIONS RELATING TO that INTELLECTUAL PROPERTY and any actions, including without limitation disciplinary action, taken in connection with or in response to such downloading or copying.

Exhibit D - Page 28

OBJECTIONS TO SECOND (PHASE 2) NOTICE OF
30(B)(6) DEPOSITION OF MGA
CV 04-09049 DOC (RNBx)

**MGA'S RESPONSE NO. 1:**

MGA incorporates by reference its General Objections as though set forth in full herein. MGA specifically objects to this topic for examination as overbroad and unduly burdensome in that the downloading and/or copying of *non-Mattel* intellectual property is not relevant to any claim or defense in this action, and is not reasonably calculated to lead to the discovery of admissible evidence. *See Order Sustaining In Part And Overruling In Part Tiongo's Objections To Discovery Master Rulings*, Docket No. 7947, filed May 23, 2010. MGA further objects to this topic to the extent that is cumulative and duplicative of prior 30(b)(6) deposition topics and/or testimony. MGA also objects to this topic as vague as to the use of the terms, "unauthorized" and, as defined by Mattel, "intellectual property". MGA further objects to this topic to the extent that it seeks, or may be interpreted to seek, the disclosure of information protected by an evidentiary privilege or a right of privacy, including but not limited to the privilege for attorney-client communications and attorney work product.

**TOPIC FOR EXAMINATION NO. 2:**

The nature and extent of YOUR involvement in the MEXICAN PROCEEDINGS, including without limitation the IDENTITY and role of PERSONS involved on YOUR behalf.

**MGA'S RESPONSE NO. 2:**

MGA incorporates by reference its General Objections as though set forth in full herein. MGA specifically objects to this topic for examination as vague and overbroad with regards to the use of the term "involvement" without any limitation. MGA further objects to this topic to the extent that it seeks information not relevant to any claim or defense in this action, and is not reasonably calculated to lead to the discovery of admissible evidence. MGA further objects to this topic as being cumulative and duplicative to prior 30(b)(6) topics and/or testimony. MGA also objects to this topic as being duplicative to current 30(b)(6) topics and/or testimony

1  for MGA Mexico, especially since MGA has provided a 30(b)(6) witness who has

2  already testified on this topic. MGA further objects to this topic to the extent that it

3  seeks, or may be interpreted to seek, the disclosure of information protected by an

4  evidentiary privilege or a right of privacy, including but not limited to the privilege

5  for attorney-client communications and attorney work product.

6  **TOPIC FOR EXAMINATION NO. 3:**

7  The nature and extent of MGA MEXICO's commercial, financial or other

8  obligations that YOU satisfied or helped satisfy from 2004 and the present.

9  **MGA'S RESPONSE NO. 3:**

10  MGA incorporates by reference its General Objections as though set forth in

11  full herein. MGA specifically objects to this topic for examination as overbroad.

12  MGA further objects to this topic to the extent that it seeks information not relevant

13  to any claim or defense in this action, and not reasonably calculated to lead to the

14  discovery of admissible evidence. MGA further objects to this topic as being

15  duplicative as to prior 30(b)(6) topics and./or testimony. MGA further objects to

16  this topic as being duplicative as to current 30(b)(6) topics and/or testimony for

17  MGA Mexico. MGA further objects to this topic as vague and ambiguous as to the

18  use of the terms, "other obligations", "satisfied" or "helped satisfy".

19  **TOPIC FOR EXAMINATION NO. 4:**

20  Any and all of YOUR CONFIDENTIAL INFORMATION that YOU claim

21  is contained in Deposition Exhibit 8810, bates stamped M 1241745 - M1241813;

22  Deposition Exhibit 8677, bates stamped M 0951650 - M 0951764; Deposition

23  Exhibits 7795, bates stamped M 0933415; Deposition Exhibits 8747, bates stamped

24  M 0941091 - M 09410912; Deposition Exhibit 8748, bates stamped M 0941278;

25  Deposition Exhibit 8679, bates stamped M 0297397 - M 0297605; Deposition

26  Exhibit 2114, bates stamped M 0082032; bates stamped document M 0943492;

27  bates stamped document M 0937971; Deposition Exhibit 2107, bates stamped M

28  0082020 - M 0082021; bates stamped document M 0082026; Deposition Exhibit

1   8666, bates stamped M 0949654 - M 0949656; bates stamped document M

2   0937972 - M 0937973; Deposition Exhibit 8760, bates stamped M 0943386;

3   Deposition Exhibit 8668, bates stamped M 0949669; Deposition Exhibit 8669,

4   bates stamped M 0940887; Deposition Exhibit 8671, bates stamped M 0949698;

5   Deposition Exhibit 8758, bates stamped M 0941541 - M 0941542; Deposition

6   Exhibit 8670, bates stamped M 0949732 – M 0949734; Deposition Exhibit 8672,

7   bates stamped M 0949731; bates stamped document M 0940479.  This Topic

8   includes without limitation:

9       a.      each specific piece of YOUR CONFIDENTIAL INFORMATION that

10   YOU contend appears in each DOCUMENT listed above;

11      b.      the creator or source of any CONFIDENTIAL INFORMATION that

12   YOU contend appears in each DOCUMENT listed above;

13      c.      the CONFIDENTIAL INFORMATION that YOU contend appears in

14   each DOCUMENT listed above that YOU claim was provided to or shared with

15   any unauthorized PERSON or PERSONS who was not an employee of MGA at the

16   time they accessed the DOCUMENT;

17      d.      the IDENTITY of any non-MGA employee PERSON or PERSONS

18   with whom YOU contend the CONFIDENTIAL INFORMATION in each

19   DOCUMENT listed above was shared or provided;

20      e.      the IDENTITY of any agreement or undertaking or obligation that any

21   non-MGA employee PERSON or PERSONS had to possess and/or not to disclose

22   YOUR CONFIDENTIAL INFORMATION;

23      f.      the facts on which YOU claim support YOUR claim, if any, that

24   MATTEL wrongfully or improperly obtained YOUR CONFIDENTIAL

25   INFORMATION in the DOCUMENTS listed above;

26      g.      the factual basis for YOUR claim of ownership of the

27   CONFIDENTIAL INFORMATION YOU claim is contained in the DOCUMENTS

28   listed above; and

Exhibit D - Page 31
OBJECTIONS TO SECOND (PHASE 2) NOTICE OF
30(B)(6) DEPOSITION OF MGA
CV 04-09049 DOC (RNBx)

1        h.     DOCUMENTS and COMMUNICATIONS RELATING TO the

2   foregoing.

3   **MGA'S RESPONSE NO. 4:**

4        MGA incorporates by reference its General Objections as though set forth in

5   full herein.  MGA specifically objects to this topic on the grounds that it seeks

6   information that is not within MGA's possession as to subtopics (c), (d) and (e).

7   MGA further objects to this topic as it is overbroad as to subtopic (h).   Subject to

8   and without waiving the foregoing General and Specific Objections, MGA will

9   produce a witness to testify on all topics except Topic No. 4, subpart (h), on a

10   mutually agreeable date and at a mutually agreeable location.

11   **TOPIC FOR EXAMINATION NO.  5:**

12        To the extent not covered by Topic 4, for YOUR INTELLECTUAL

13   PROPERTY or CONFIDENTIAL INFORMATION that YOU allege MATTEL

14   wrongfully took or possessed, the IDENTITY of the PERSON or PERSONS who

15   currently own or at any time owned or had any ownership interest in that property,

16   the factual basis for such claim of ownership and the time period that each

17   PERSON or PERSONS owned or had an ownership interest in such property.

18   **MGA'S RESPONSE NO. 5:**

19        MGA incorporates by reference its General Objections as though set forth in

20   full herein.  MGA specifically objects to this topic as vague, overbroad, and unduly

21   burdensome as to its use of the terms, "at <u>any</u> time owned", "had <u>any</u> ownership

22   interest," and "intellectual property," as defined by Mattel.  Subject to and without

23   waiving the foregoing General and Specific Objections, MGA will produce a

24   witness to testify on this topic on a mutually agreeable date and at a mutually

25   agreeable location.

26

27

28

Exhibit D - Page 32
OBJECTIONS TO SECOND (PHASE 2) NOTICE OF
30(B)(6) DEPOSITION OF MGA
CV 04-09049 DOC (RNBx)

**TOPIC FOR EXAMINATION NO. 6:**

The facts known by each of the witnesses who YOU have identified as having knowledge of facts concerning, or on which YOU intend to rely to support, YOUR unclean hands affirmative defense.

**MGA'S RESPONSE NO. 6:**

MGA incorporates by reference its General Objections as though set forth in full herein. MGA specifically objects to this topic on the grounds that it seeks information that is not within MGA's possession. MGA further objects to this topic as it is overbroad and unduly burdensome. MGA further objects to this topic as being duplicative as to prior 30(b)(6) topics and testimony offered by Stephen Schultz, MGA's 30(b)(6) witness. MGA further objects to this topic as premature and likely duplicative, as Isaac Larian is already scheduled to offer testimony on this topic at his continued 30(b)(6) deposition on August 12, 2010, pursuant to agreement by the parties.

**TOPIC FOR EXAMINATION NO. 7:**

The source and amount of funding YOU used for the creation, operations and payments of expenses and other obligations of MGA MEXICO before March 31, 2005, including but not limited to (1) any transfers of value from YOU or any of YOUR affiliates to MGA MEXICO, including the amount, date, source company, source account holder and source account numbers; (2) the identification of the bank or banks and any account or accounts (by number) used by YOU to hold and/or disperse funds for any purpose; and (3) any transfers of value from YOU or any of YOUR affiliates on MGA MEXICO's behalf to any creditor of MGA MEXICO, including the amount, date, source company, source account holder, and source account number of any such transfer and the identity of any such creditor.

**MGA'S RESPONSE NO. 7:**

MGA incorporates by reference its General Objections as though set forth in full herein. MGA specifically objects to this topic for examination as vague,

Exhibit D - Page 33
OBJECTIONS TO SECOND (PHASE 2) NOTICE OF
30(B)(6) DEPOSITION OF MGA
CV 04-09049 DOC (RNBx)

1  ambiguous, overbroad and unduly burdensome as to its use of the terms, "<u>other</u>
2  obligations," "affiliates," "disperse funds for <u>any</u> purpose," and "<u>any</u> creditor of
3  MGA Mexico". MGA further objects to this topic to the extent that it seeks
4  information not relevant to any claim or defense in this action, and not reasonably
5  calculated to lead to the discovery of admissible evidence. MGA further objects to
6  this topic as being duplicative as to prior 30(b)(6) topics and testimony. MGA
7  further objects to this topic as being duplicative as to current 30(b)(6) topics and
8  testimony for MGA Mexico. MGA further objects to this topic as being duplicative
9  of Topic No. 3.

10 **TOPIC FOR EXAMINATION NO. 8:**

11     YOUR selection of the name "Moxie" for a line of fashion dolls, including
12 without limitation the solicitation or submission of such name by third parties and
13 any other process by which YOU received and/or selected such name.

14 **MGA'S RESPONSE NO. 8:**

15     MGA incorporates by reference its General Objections as though set forth in
16 full herein. MGA specifically objects to this topic to the extent that it seeks
17 information not relevant to any claim or defense in this action, and not reasonably
18 calculated to lead to the discovery of admissible evidence. MGA further objects to
19 this topic as being duplicative as to prior 30(b)(6) testimony offered by Schuyler
20 Bacon, MGA's 30(b)(6) witness.

21 **TOPIC FOR EXAMINATION NO. 9:**

22     All distributions of money or property made by YOU or YOUR shareholders,
23 family members of YOUR shareholders, or entities owned or controlled by YOUR
24 shareholders from January 2004 to present. Without limitation, this Topic includes
25 the distributions reflected on Exhibit X to MATTEL's Fourth Amended Answer
26 and Counterclaims, including the purpose of the distributions, the source(s) of the
27 funds used for the distributions, the process for authorizing the distributions and the
28 DOCUMENTS that reflect the distributions.

Exhibit D - Page 34
OBJECTIONS TO SECOND (PHASE 2) NOTICE OF
30(B)(6) DEPOSITION OF MGA
CV 04-09049 DOC (RNBx)

1    **MGA'S RESPONSE NO. 9:**

2         MGA incorporates by reference its General Objections as though set forth in

3    full herein.  MGA specifically objects to this topic as being duplicative of prior

4    30(b)(6) testimony offered by Lisa Tonnu and Stephen Schultz.  MGA further

5    objections to this topic as being overbroad and unduly burdensome.  MGA further

6    objects to this topic as to its use of the terms, use of the terms, "distributions by

7    shareholders" and "purpose of the distributions," in that the topic seeks information

8    not in the possession of MGA, and is also not relevant to any claim or defense in

9    this action, and not reasonably calculated to lead to the discovery of admissible

10   evidence.

11   **TOPIC FOR EXAMINATION NO.  10:**

12         All actual or contemplated exchanges of money, property or property

13   interests, including security interests in property and payments of interest or

14   principal, between MGA, on the one hand, and OMNI 808 or any of OMNI 808's

15   past or present members, on the other hand, since January 2008.

16   **MGA'S RESPONSE NO. 10:**

17         MGA incorporates by reference its General Objections as though set forth in

18   full herein.  MGA specifically objects to this topic as being duplicative of prior

19   30(b)(6) testimony offered by Lisa Tonnu and Stephen Schultz.  MGA further

20   objects to this topic as being overbroad.  MGA further objects to this topic to the

21   extent that it seeks information not relevant to any claim or defense in this action,

22   and not reasonably calculated to lead to the discovery of admissible evidence as to

23   "distributions by shareholders" and "purpose of the distributions".  MGA further

24   objects to this topic to the extent that it seeks, or may be interpreted to seek, the

25   disclosure of information protected by an evidentiary privilege or a right of privacy,

26   including but not limited to the privilege for attorney-client communications and

27   attorney work product.

28

Exhibit D - Page 35
OBJECTIONS TO SECOND (PHASE 2) NOTICE OF
30(B)(6) DEPOSITION OF MGA
CV 04-09049 DOC (RNBx)

**TOPIC FOR EXAMINATION NO. 11:**

Actual and contemplated agreements, contracts and transactions between MGA and OMNI 808, including without limitation the reasons therefore and the negotiation thereof.

**MGA'S RESPONSE NO. 11:**

MGA incorporates by reference its General Objections as though set forth in full herein. MGA specifically objects to this topic as being duplicative of prior 30(b)(6) testimony offered by John Woolard and Stephen Schultz. MGA further objections to this topic as being overbroad. MGA further objects to this topic to the extent that it seeks information not relevant to any claim or defense in this action, and not reasonably calculated to lead to the discovery of admissible evidence as to "contemplated agreements". MGA further objects to this topic to the extent that it seeks, or may be interpreted to seek, the disclosure of information protected by an evidentiary privilege or a right of privacy, including but not limited to the privilege for attorney-client communications and attorney work product.

**TOPIC FOR EXAMINATION NO. 12:**

The uses of funds drawn down from any credit facility, or other similar agreement, between YOU and Wachovia, whether before or after the assignment of Wachovia's interests to OMNI 808, including but not limited to the IDENTITY of any PERSON, other than YOU, who received any such funds, directly or indirectly.

**MGA'S RESPONSE NO. 12:**

MGA incorporates by reference its General Objections as though set forth in full herein. MGA specifically objects to this topic as being duplicative of prior 30(b)(6) testimony offered by John Woolard and Stephen Schultz. MGA further objections to this topic as being overbroad. MGA further objects to this topic to the extent that it seeks information not relevant to any claim or defense in this action, and not reasonably calculated to lead to the discovery of admissible evidence as to "any credit facility" without any type of temporal limitation to this topic. MGA

OBJECTIONS TO SECOND (PHASE 2) NOTICE OF
30(B)(6) DEPOSITION OF MGA
CV 04-09049 DOC (RNBx)

1  further objects to this topic as vague and overbroad as to receipt of funds "directly

2  or indirectly". MGA further objects to this topic to the extent that it seeks, or may

3  be interpreted to seek, the disclosure of information protected by an evidentiary

4  privilege or a right of privacy, including but not limited to the privilege for

5  attorney-client communications and attorney work product.

6  **TOPIC FOR EXAMINATION NO. 13:**

7      Any consideration by YOU to purchase or otherwise acquire any or all of the

8  Wachovia credit facility, or other similar agreement, from Wachovia, and any

9  efforts undertaken in connection therewith.

10  **MGA'S RESPONSE NO. 13:**

11      MGA incorporates by reference its General Objections as though set forth in

12  full herein. MGA specifically objects to this topic as being duplicative of prior

13  30(b)(6) testimony offered by John Woolard and Isaac Larian. MGA further

14  objections to this topic as being overbroad as no time limit is imposed on this topic.

15  MGA further objects to this topic as vague. MGA further objects to this topic to

16  the extent that it seeks information not relevant to any claim or defense in this

17  action, and not reasonably calculated to lead to the discovery of admissible

18  evidence as to "consideration". MGA further objects to this topic as vague and

19  overbroad as to receipt of funds "directly or indirectly". MGA further objects to

20  this topic to the extent that it seeks, or may be interpreted to seek, the disclosure of

21  information protected by an evidentiary privilege or a right of privacy, including

22  but not limited to the privilege for attorney-client communications and attorney

23  work product.

24  **TOPIC FOR EXAMINATION NO. 14:**

25      YOUR ability between January 2004 and the present to satisfy YOUR debts

26  as they came due, including but not limited to COMMUNICATIONS among and

27  between some or all of LARIAN, PERSONS in YOUR finance, accounting and tax

28  departments, YOUR auditors, and YOUR creditors regarding this topic.

- 11 -

**MGA'S RESPONSE NO. 14:**

MGA incorporates by reference its General Objections as though set forth in full herein. MGA specifically objects to this topic for examination as it is duplicative with regards to insolvency; as per the Court's June 14 Order, Mattel is entitled to only <u>one</u> hour of testimony on this topic, which Stephen Schultz already provided during his 30(b)(6) deposition testimony. MGA further objects to this topic to the extent that it calls for expert analysis/testimony.

**TOPIC FOR EXAMINATION NO.  15:**

YOUR activities and efforts to preserve or enhance BRATZ-related assets, or the value of BRATZ-related assets, from January 2004 to the present.

**MGA'S RESPONSE NO. 15:**

MGA incorporates by reference its General Objections as though set forth in full herein. MGA specifically objects to this topic to the extent that it seeks information not relevant to any claim or defense in this action, and not reasonably calculated to lead to the discovery of admissible evidence as the constructive trust regarding Bratz has been vacated by the Ninth Circuit.

**TOPIC FOR EXAMINATION NO.  16:**

Each form of agreement in use by MGA from 1975 to the present between MGA and its employees or independent contractors that MGA contends governs (a) the ownership or assignment of any original works of authorship or inventions of its employees or independent contractors, and/or (b) the use, disclosure, or protection of information that MGA considers to be confidential to which its employees or independent contractors were privy, including without limitation:

a.    MGA's understanding of the meaning of each and every term of each such form of agreement in use during the applicable time period;

b.    The consideration for each term of each such form of agreement in use during the applicable time period;

Exhibit D - Page 38
OBJECTIONS TO SECOND (PHASE 2) NOTICE OF
30(B)(6) DEPOSITION OF MGA
CV 04-09049 DOC (RNBx)

c.      The categories of employees at MGA who signed, or were expected to sign, each such form of agreement;

d.      The total number of employees in each category who signed, or were expected to sign, each such form of agreement;

e.      The identity of the drafter(s) of each such form of agreement;

f.      The reasons for all changes in the form of agreement over time;

g.      Any practices or procedures in use at MGA for the disclosure of original works of authorship or inventions pursuant to each such form of agreement;

h.      MGA's practices or procedures with respect to requiring employees to sign revised forms of such agreements after such employees were employed and whether MGA offered any additional or new consideration therefore;

i.      MGA's waiver or modification for any employee of any term of any form of agreement encompassed by this topic.

**MGA'S RESPONSE NO. 16:**

MGA incorporates by reference its General Objections as though set forth in full herein. MGA specifically objects to this topic for examination to the extent it seeks information not relevant to a claim or a defense of a party, and is therefore unduly burdensome as it is not reasonably calculated to lead to the discovery of admissible evidence.

**TOPIC FOR EXAMINATION NO. 17:**

A complete explanation of the precise circumstances in which MGA acquired all of the information concerning MATTEL and/or MATTEL's products found in the following DOCUMENTS:

(a)      MGA 0074458 – 0074459;

(b)      MGA 0151823 – 0151828;

(c)      MGA 4472793 – 4472795;

(d)      MGA 0518309 – 0518310;

Exhibit D - Page 39
OBJECTIONS TO SECOND (PHASE 2) NOTICE OF
30(B)(6) DEPOSITION OF MGA
CV 04-09049 DOC (RNBx)

| | (e) | MGA 4481214; |
|---|---|---|
| | (f) | MGA 4022082; |
| | (g) | MGA HK 0002979; |
| | (h) | MGA 0142603 – 0142604; |
| | (i) | MGA 0032021 – 0032022; |
| | (j) | MGA 4472780 – 4472781; |
| | (k) | MGA MGA 0226762 – 0226763; |
| | (l) | MGA 4050033 – 4050035; |
| | (m) | MGA 0254471 – 0254472; |
| | (n) | MGA 0413289 – 0413291; |
| | (o) | MGA 0459225 – 0459226; |
| | (p) | MGA 4051111; |
| | (q) | MGA 1116983 – 1116984; |
| | (r) | MGA 0225742 – 0225745; |
| | (s) | MGA 4368749 – 4368751; |
| | (t) | MGA 257081; and |
| | (u) | MGA 4319341. |

**MGA'S RESPONSE NO. 17:**

MGA incorporates by reference its General Objections as though set forth in full herein. MGA specifically objects to this topic for examination to the extent it seeks information not relevant to a claim or a defense of a party, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing General and Specific Objections, MGA will produce a witness to testify on this topic on a mutually agreeable date and at a mutually agreeable location.

Exhibit D - Page 40

1    Dated:    July 29, 2010              ORRICK, HERRINGTON & SUTCLIFFE LLP

2
                                         By:    _____
3                                                         Mark P. Wine
                                                    Attorneys for MGA Parties
4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Exhibit D - Page 41
OBJECTIONS TO SECOND (PHASE 2) NOTICE OF
30(B)(6) DEPOSITION OF MGA
CV 04-09049 DOC (RNBx)

# DECLARATION OF SERVICE

I declare I am a resident of the State of California and over the age of eighteen years, and not a party to the within action; my business address is USA Legal Networks, Inc., 800 West 1st Street, Suite 200-B, Los Angeles, California 90012.

On July 29, 2010, I served the following documents:

**OBJECTIONS TO MATTEL INC.'S AMENDED NOTICE OF DEPOSITION OF MGA ENTERTAINMENT, INC. PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(B)(6) (Second Phase 2 Notice)**

[X]      by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below:

Counsel for Mattel. Inc.
John B. Quinn, esq.
johnquinn@quinnemanuel.com
Michael T. Zeller, Esq.
michaelzeller@quinnemanuel.com
Brett D. Proctor, Esq.
dylanproctor@quinnemanuel.com
Jon D. Corey, Esq.
joncorey@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA  90017-2543
Telephone: (213) 443-3000
Facsimile:  (213) 443-3100

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 29, 2010, at Los Angeles, California.

Vicente Exposito                                    USA Legal Networks, Inc.

OHS West:260690921.1                    - 1 -

Exhibit D - Page 42

# PROOF OF SERVICE

I, Maria Mercado-Navarro, declare:

I am more than eighteen years old and not a party to this action.  My business address is Orrick, Herrington & Sutcliffe LLP, 777 South Figueroa Street, Suite 3200, Los Angeles, California 90017.

On July 29, 2010, I served the following document(s):

**OBJECTIONS TO MATTEL INC.'S AMENDED NOTICE OF DEPOSITION OF MGA ENTERTAINMENT, INC. PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(B)(6) (Second Phase 2 Notice)**

☒      By placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

☐      By depositing a true and correct copy of the document(s) listed above with Fed Ex in Los Angeles, California, enclosed in a sealed envelope.

☐      (by Electronic Mail), I caused such documents to be transmitted by electronic mail to the offices of the addressee.

## SEE ATTACHED SERVICE LIST

I am employed in the county from which the mailing occurred.  On the date indicated above, I placed the sealed envelope(s) for collection and mailing at this firm's office business address indicated above.  I am readily familiar with this firm's practice for the collection and processing of correspondence for mailing with the United States Postal Service.  Under that practice, the firm's correspondence would be deposited with the United States Postal Service on this same date with postage thereon fully prepaid in the ordinary course of business.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 29, 2010, at Los Angeles, California.

*Maria Mercado-Navarro*

Maria Mercado-Navarro

Exhibit D - Page 43

# PHASE 2 DISCOVERY SERVICE LIST

Counsel for Carlos Gustavo Machado Gomez
Alexander H. Cote, Esq.
acote@scheperkim.com
SCHEPER KIM & HARRIS LLP
601 W. 5th Street, 12th Floor
Los Angeles, CA 90017
Telephone: (213) 613-4655
Facsimile:  (213) 613-4656

Mark E. Overland, Esq.
mark@overlaw.net
Law Offices of Mark E. Overland
100 Wilshire Boulevard, Suite 950
Santa Monica, CA 90401
Telephone:  (310) 459-2830
Facsimile:  (310) 459-4621

Additional Counsel:
Jason D. Russell, Esq.
jason.russell@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand Ave., Suite 3400
Los Angeles, CA 90071-3144
Telephone:  (213) 687-5000
Facsimile:  (213) 687-5600

Counsel for Limited Intervenor, Omni 808 Investors LLC
Peter N. Villar, Esq.
Peter.villar@bingham.com
BINGHAM MCCUTCHEN LLP
600 Anton Blvd., 18th Floor
Costa Mesa, CA 92626-1924
Telephone:  (714) 830-0600
Facsimile:  (714) 830-0700

EXHIBIT E

**Barker, Madeline**

---

| | |
|---|---|
| **From:** | Hurst, Annette |
| **Sent:** | Wednesday, July 14, 2010 11:37 AM |
| **To:** | Michael T Zeller |
| **Cc:** | O'Brien.Robert@ARENTFOX.COM; Mingrone, Denise |
| **Subject:** | 30b6 Deposition on Topics 10, 15 and 26 |

Mike:

MGA will agree to produce Mr. Larian for one additional day for Mattel's completion of the topics.  Our
view is that topic 5 is completed.  Frankly, my view is that topic 10 is completed as well, but to avoid
controversy the witness will study his topic 10 materials again before the resumed deposition as you have
requested.

We have a lot of scheduling issues to find the additional day.  I am restricted in my ability to travel for the
next couple of weeks due to child care obligations.  After that, Mr. Larian is on vacation and I am on
vacation.  Accordingly, the first date we can do this is August 12.  I do not know your schedule and
whether that will work for you, or whether it will work for Mr. O'Brien.

I understand that you do not agree that one additional day is sufficient, but our view on that is that you
should take the additional day and then we will see where we are after two full days on the four topics.  In
the event of motion practice (which we hope will not be necessary), MGA reserves its position to insist
that Mattel has already had adequate time on deposition topics 5, 10, 15 and 26 and that the deposition is
completed.

Please advise as to your availability for the August 12 date.  Thank you.

Annette Hurst



**ORRICK**

**ANNETTE L. HURST**
*Partner*

**ORRICK, HERRINGTON & SUTCLIFFE LLP**
SAN FRANCISCO

*tel* (415) 773-4585
*fax* (415) 773-5759
ahurst@orrick.com

www.orrick.com

Exhibit E - Page 45

7/14/2010