QUINN EMANUEL URQUHART & SULLIVAN, LLP
John B. Quinn (Bar No. 090378)
johnquinn@quinnemanuel.com
Michael T. Zeller (Bar No. 196417)
michaelzeller@quinnemanuel.com
Jon D. Corey (Bar No. 185066)
joncorey@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

MATTEL, INC., a Delaware corporation,

Plaintiff,

vs.

MGA ENTERTAINMENT, INC., a California corporation, et al.,

Defendants.

AND CONSOLIDATED ACTIONS

CASE NO. CV 04-9049 DOC (RNBx)
Consolidated with
Case No. CV 04-09059
Case No. CV 05-02727

Hon. David O. Carter

**MATTEL, INC.'S OBJECTIONS TO THE DISCOVERY MASTER'S JULY 28, 2010 REPORT AND RECOMMENDATION RE *IN CAMERA* REVIEW**

Date: TBD
Time: TBD
Place: Courtroom 9D

**Phase 2**
Discovery Cut-off: TBD
Pre-trial Conference: TBD
Trial Date: TBD

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on a time and date to be set by the Court, in the Courtroom of the Honorable David O. Carter, located at 411 West Fourth Street, Santa Ana, California 92701, plaintiff Mattel, Inc. ("Mattel") will, and hereby does, move the Court to overrule portions of the Discovery Master's July 28, 2010 Report and Recommendation (Dkt. No. 8401) (the "Report") relating to the MGA Parties' ("MGA") failure to substantiate its privilege assertions regarding email "chains" that, contrary to the Discovery Master's prior orders, have never been properly and fully logged on MGA's privilege logs. Mattel respectfully requests that the Court order all email chains from MGA's privilege logs that have not been logged in full and have not been submitted to the Discovery Master for *in camera* review be reviewed *in camera* either by the Discovery Master or such other officer as the Court may designate, and, if appropriate based on that review, produced to Mattel.

This Motion is made on the grounds that the Discovery Master's Report is in error and, if allowed to stand, would apply a different standard to the parties in a manner that would be fundamentally unfair.

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the documents concurrently lodged with the Court and all other matters of which the Court may take judicial notice.

//

//

## Certification

On January 14, 2010, and at other times thereafter counsel for Mattel and MGA met and conferred regarding the dispute addressed herein, but the matter was not resolved, and the parties then briefed the matter before the Discovery Master in July 2010.

DATED: August 2, 2010

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By /s/ Michael T. Zeller
Michael T. Zeller
Attorneys for Mattel, Inc.

## **Preliminary Statement**

The Discovery Master has issued a Report and Recommendation that is fundamentally flawed—it treats the parties differently on the identical issue of whether email "chains" withheld by a party as privileged should be reviewed *in camera*. As to Mattel's withheld email chains, the Discovery Master ordered *in camera* review. As to MGA's, he did not.

The issue here is simple. MGA obtained a ruling, over Mattel's objections, that a withheld email chain that is not separately logged—*i.e.*, a chain of multiple emails that is logged only once on a privilege log, without separately identifying the participants to the various emails in the chain—properly should be reviewed *in camera*. The Discovery Master reviewed more than 400 Mattel emails *in camera* on the basis that they were email "chains" that did not have each email in the chain separately identified on the privilege log. Five days after the Discovery Master issued that ruling, Mattel sought to have MGA's not-separately-logged email chains subjected to the same scrutiny. This was more than six months ago, in January 2010. The Discovery Master then ruled on July 28, 2010 that MGA's withheld chains should not be reviewed at all because Mattel requested that they be reviewed five days too late back in January. That ruling is erroneous and should be overruled.

Mattel's objections seek evenhanded application of the law in this case and nothing more. They should be sustained.

## **Background**

MGA has long used its claims of privilege—scattered across 15 different privilege logs, which together contain well over 10,000 entries—to improperly shield from or delay disclosure of responsive, non-privileged documents. After Mattel brought several successful challenges and MGA complained about the burden of having

to defend its privilege assertions, the Discovery Master ordered the parties to conduct a comprehensive re-review of and revision to their respective privilege logs.[1]

MGA Only Revises A Small Subset Of Its Privilege Withholdings. In particular, in Order No. 73, the Discovery Master ordered the parties, as Mattel understood it, to review their privilege logs and revise each of them as needed or to provide a single, comprehensive, updated log. Mattel did that; MGA did not. Instead of reviewing and revising each of the many logs that it had previously produced or producing a single comprehensive revised log, MGA unilaterally selected a subset of entries from its prior logs, modified them and combined them into a new log (the "December Log"), and served that new log while ignoring the rest. Thus, the December Log served by MGA did not reflect all or even most of the documents it had withheld—instead, MGA continued to withhold many thousands of other documents based on its years-old privilege log entries. Because the other logs had been prepared by prior counsel, MGA's counsel at the Orrick firm stated in early January 2010 that they could not, consistent with Rule 11, attest to the accuracy of those withholdings and refused to adopt those assertions or incorporate them into the newly revised December Log.

Mattel Challenges MGA's Non-Compliance. Mattel raised this issue in a challenge to MGA's withholdings submitted to the Discovery Master on January 12, 2010, and also in the hearing that followed two days later.[2] In particular, Mattel pointed to MGA's non-compliance with Order No. 73 and made clear that, given MGA's approach, the specific challenges to MGA's withholdings that Mattel made on

---

[1] See Discovery Matter Order No. 73 (Dkt. No. 7375), dated Oct. 30, 2009, at 2-3; Discovery Matter Order No. 86 (Dkt. No. 7381), dated Dec. 3, 2009, at 2.

[2] See January 12, 2010 Letter from M. Searcy to R. O'Brien ("Jan. 12 Letter") at 1-2; January 14, 2010 Hearing Transcript ("Jan. 14 Hearing Tr.") at 24:10-25:8.

January 12 were necessarily incomplete. Mattel expressly reserved the right to challenge further entries once the status of MGA's compliance had been resolved.[3]

The Discovery Master Recognizes MGA's Non-Compliance And Permits Mattel Further Challenge. At the January 14 hearing, the Discovery Master agreed with Mattel that Order No. 73 had contemplated a comprehensive revision to the parties privilege logs: "[W]hat my expectation was, is that there would be one new privilege log that covered – covered the whole waterfront. . . . [W]hat Mattel is referring to is they were hoping to get one log [from MGA] that had everything on it. That's what I had hoped to get as well."[4] Nevertheless, because Order No. 73 was "not clear," the Discovery Master concluded that he was "not going to hold [MGA] to it."[5] In response, Mattel noted that it had not been able to make a "comprehensive" challenge to the entries on MGA's older logs in light of MGA's approach and requested that it be "able to challenge those documents," emphasizing that "those have to be part of the *in camera* review."[6] MGA agreed that they were subject to challenge ("They are."), as did the Discovery Master ("That's fair.").[7]

The Discovery Master Articulates A New Rule Regarding Email "Chains" And Directs The Parties To Submit Additional Lists. At the hearing, the Discovery Master requested that both parties submit further lists identifying the entries that they were challenging due to either an insufficient description or their non-compliance with Order No. 73's requirements as to "what needs to be placed on a privilege log."[8]

At that time, MGA—which had never formally challenged Mattel's privilege log in Phase 2—argued that Mattel's failure to separately log each subsidiary email on a

---

3 See Jan. 12 Letter at 2-3 (discussing MGA's non-compliance with Order No. 73 and noting that because of this "there may be some improper entries that Mattel has not identified . . . and Mattel reserves the right to challenge such entries in the future.").

4 Jan. 14 Hearing Tr. at 25:16-19, 25:25-26:2.

5 Id. at 25:22-23, 26:3.

6 Id. at 26:22-24.

7 Id. at 26:25-27:1.

8 Id. at 11:20-12:10.

chain was contrary to Order No. 73: "Certainly the e-mail string category, in our view, is a failure to comply with the order."[9] Nothing in Order No. 73 discussed email "chains" or "strings" or purported to provide any guidance, much less any specific requirements, as to how chains should be treated on the parties' privilege logs. Nevertheless, at the hearing, the Discovery Master ruled—***for the first time***—that all parts of an email chain must be fully logged.[10] This was based in large part on MGA's (erroneous) claim that Mattel had challenged MGA's logs on this same basis.[11] ***Based on Mattel's asserted non-compliance with this newly articulated rule, the Discovery Master ordered the bulk of the entries on Mattel's privilege log reviewed* in camera**.[12]

The Parties Submit Their Additional Lists. Mattel had not challenged MGA's entries as being improperly logged email chains prior to the January 14 hearing. But given the Discovery Master's holding that all email chains must be separately logged and that a failure to separately log them mandates *in camera* review, Mattel immediately challenged the many email chains on MGA's older privilege logs that had not been separately logged in the required manner (the entries that MGA's counsel said it could not certify were privileged consistent with Rule 11). Mattel submitted the additional list on January 19, a mere five days after the new rule was announced.[13] The letter identified the entries from MGA's logs which were insufficiently described or otherwise non-compliant with Order No. 73, and specifically identified which of the

---

9 Id. at 13:12-13.

10 Id. at 14:12-25; 21:16-21 (ordering email chains reviewed *in camera* as documents "improperly logged on the privilege log").

11 See id. at 14:12-21.

12 See id. at 14:12-21, 19:12-21:21 (holding that email chains on Mattel's privilege log that were not separately logged would be reviewed *in camera* based on the Discovery Master's decision to "give [MGA] the benefit . . . because the MGA -- or the Mattel privilege log . . . did not break out the e-mail strings" and further holding "I'm not going to order a document produced because it was improperly logged on the privilege log. That's why I'm going to take a look at all the documents.").

13 See January 19, 2010, Letter from M. Searcy to R. O'Brien.

thousands of entries that MGA had not reviewed or revised were described as email "chains," and which therefore remained non-compliant.

Later that day, MGA objected to this submission orally to the Discovery Master. The Discovery Master stated that he would give MGA an opportunity to formally respond to the challenges and would thereafter rule: "I'm going to give M.G.A. an opportunity to respond in a very short fashion. . . . I will take a look at that letter; I'm going to take a look at the letter that Mattel submitted, and then I'll make a decision on how we're going to proceed from there."[14] However, ***MGA then chose not to submit any objection or response to Mattel's challenges***, conceding that these challenged entries were properly the subject of the Discovery Master's *in camera* review and waiving any right to contest their review.

The Unlogged Email Chains Are Not Addressed In Discovery Master Order No. 98. Several months passed, during which the Discovery Master proceeded to conduct an *in camera* review of the parties' withheld documents. Given that MGA had failed to submit an objection to Mattel's list challenging MGA's unlogged email chains, as requested by the Discovery Master, and because the Discovery Master had made no subsequent ruling on the issue, Mattel understood that these documents were part of the *in camera* review. However, on July 1, 2010, when the Discovery Master issued Order No. 98, Mattel discovered that these documents were not addressed by the Order and therefore had not been reviewed and apparently were not going to be. Mattel then raised the matter with the Discovery Master and repeated its request that these unlogged email chains be subject to *in camera* review.[15] In response, MGA did not dispute that there were thousands of email chains that it had not fully logged; did not dispute that the rule of this case, obtained by MGA, is that such a failure requires their *in camera* inspection; and did not offer any justification as to why it had failed to submit an

---

[14] January 19, 2010 Hearing Transcript ("Jan. 19 Hearing Tr.") at 44:4-20; 46:15-19.

[15] See July 8, 2010, Letter from B. Proctor to R. O'Brien.

objection when the Discovery Master gave it leave to do so six months before.[16] Instead, MGA argued that Mattel allowed the issue to "lapse" and that further *in camera* review was not warranted because MGA had unilaterally "long since moved on" from these matters.[17] After Mattel submitted a response,[18] the Discovery Master issued the underlying Report at issue here.

**Argument**

## I. MGA'S UNLOGGED EMAIL CHAINS SHOULD BE SUBJECT TO *IN CAMERA* REVIEW

### A. Basic Fairness Demands That The Parties Be Treated Consistently On The Same Issues

Different rules of law are being applied to the parties. Simple fairness demands that a promulgated rule for obtaining *in camera* review of documents withheld on a privilege log be applied equally to all parties. Nevertheless, the Discovery Master has applied an MGA-proposed rule to subject hundreds of Mattel entries to *in camera* inspection while refusing to apply the same rule when requested by Mattel.

It is undisputed that MGA is withholding thousands of email chains that have not been separately logged and which MGA never even examined pursuant to Order No. 73; *documents that the Orrick firm said it could not even represent were privileged since they had not reviewed them*. It is also undisputed that the law of this case is that a failure to separately log email chains is improper, and a violation which alone justifies their *in camera* review.[19] MGA itself demanded this rule for email chains on Mattel's privilege log,[20] which Mattel opposed, stating that it did not understand that to be the law.[21] The Discovery Master adopted MGA's view and actually reviewed all email

---

16 See Jan. 19 Hearing Tr. at 44:5-14.

17 See July 21, 2010 Letter from A. Hurst to R. O'Brien.

18 See July 22, 2010 Letter from B. Proctor to R. O'Brien.

19 See Jan. 14 Hearing Tr. at 14:12-25; 21:16-21.

20 See id. at 13:12-13, 14:12-21.

21 See id. at 19:16-20:7.

chains on Mattel's log *in camera*.[22] Mattel asks merely that the rules of the game apply equally to all of the players: MGA's not-separately-logged email chains should be subjected to the same scrutiny to which Mattel's not-separately-logged email chains were subjected.

**B. There Has Been No Waiver By Mattel**

The Discovery Master's Report recommends that there be no such review effectively on waiver grounds. The recommendation is unsupported. First, Mattel can hardly be faulted for the fact that these email chains were not specifically designated in the initial January 12 letter to the Discovery Master. It was MGA, not Mattel, that failed to review and fully log thousands of entries from its prior logs or incorporate them into its December 22 Log as contemplated by Order No. 73. That is why Mattel raised this as the very first issue in its initial letter to the Discovery Master, making clear that there were thousands of MGA entries which Mattel could not challenge because they had not even been reviewed or revised as required by Order No. 73.[23] Mattel specifically and expressly reserved its right to designate further challenged entries, without contradiction.[24] At the January 14 hearing, Mattel then again raised the issue of MGA's failure to comply with Order No. 73 by reviewing its older privilege logs; the Discovery Master agreed with Mattel's interpretation of Order No. 73 as requiring a comprehensive revision, but nevertheless concluded that he would not hold MGA to its requirements.[25] But that ruling did not mean that these entries that MGA failed to review were henceforth entirely insulated from judicial scrutiny, as the Discovery Master has now ruled. Indeed, that is exactly why Mattel reiterated its belief that these documents "have to be part of the *in camera* review"—to which both MGA

---

[22] See Jan. 14 Hearing Tr. at 14:12-25; 21:16-21; see generally Report.

[23] See Jan. 12 Letter at 1-2.

[24] See Jan. 12 Letter at 2-3.

[25] See Jan. 14 Hearing Tr. at 25:16-26:3.

and the Discovery Master agreed.[26] Thus, five days later, on January 19, as requested by the Discovery Master, Mattel submitted lists identifying those entries that were non-compliant with Order No. 73, including the email chains that had not been reviewed or fully logged which are now at issue. There was no default by Mattel in raising these issues.

Next, the Discovery Master suggests that Mattel was at fault because it "did not further request in a pleading that the Discovery Master issue a ruling on the scope of *in camera* review . . . during the five months the review was in process."[27] Mattel had no cause, and certainly no obligation, to make such a renewed request ***because Mattel had already requested such a ruling***—Mattel asked that these documents be part of the *in camera* review, which is all it had to do.[28] Indeed, that request went unopposed by MGA. The Discovery Master had given MGA leave to submit objections to Mattel's request, and said he would rule after he received those objections.[29] *Mattel* can hardly be blamed for *MGA's* failure to submit any such objections. After MGA failed to submit any opposition, Mattel understood that the Discovery Master was proceeding to review these documents *in camera,* and Mattel renewed its request for a ruling as soon as it learned that he was not. There is no basis for the conclusion that Mattel somehow waived its rights in these circumstances; neither MGA nor the Discovery Master has cited any authority supporting such a finding.

---

[26] See id. at 26:22-27:1.

[27] Report at 2.

[28] To the extent that the Report suggests a formal "pleading" is required, that is incorrect—the governing stipulation that was entered by the District Court provides that matters may be raised "by formal motion or letter brief, at the moving party's option," and the parties' practice has frequently litigated matters before the Discovery Master by letter brief, with the Discovery Master's blessing. See Discovery Matter Order No. 1, dated Feb. 12, 2009 (Dkt. No. 5027), at 2 (quoting Stipulation on the Appointment of a Discovery Master, dated Dec. 6 (Dkt. No. 107), 2006, at ¶ 5).

[29] Jan. 19 Hearing Tr. at 44:4-20; 46:15-19.

Finally, the Report states that the Discovery Master has already "completed the extensive review . . . disposing of the parties respective claims," and that further *in camera* review would defeat the purpose of the Orders which was to "finally and comprehensively resolve all challenges[.]"[30] The review process is not complete, however—Order No. 98 on its face permitted MGA to provide further information regarding hundreds of entries, and just days ago MGA lodged another 10 volumes of documents for *in camera* review (documents that it had failed to provide the Discovery Master initially).[31] Moreover, nothing in either Order No. 73 or 86 indicates that all privilege challenges not made on January 12 would be precluded. Even if they had said that, fact discovery has not closed, and the Discovery Master does not have the authority to close it.

In all events, the Discovery Master's waiver ruling ignores the sequence of events here. The first time a ruling was issued in this case that a failure to separately log email chains mandates their *in camera* review was on January 14. Mattel challenged the MGA entries at issue on the basis of this new rule of law five days later, more than six months ago as of now. Neither MGA nor the Discovery Master disputes the rule of law (the Discovery Master adopted it at MGA's request), and MGA does not deny that it failed to review and revise thousands of email chains which must be subjected to review under this rule. To refuse to apply the rule solely on waiver grounds in these circumstances, as the Discovery Master recommends, would be erroneous.

**Conclusion**

For the foregoing reasons Mattel respectfully requests that the Court order the Discovery Master, or such other officer as the Court may designate, to review *in camera* all email chains listed on any of the MGA Parties' privilege logs which (1)

---

[30] Report at 2-3.

[31] See July 21, 2010, Letter from K. Kieckhefer to R. O'Brien; see also Discovery Matter Order No. 98, dated July 1, 2010, at 19.

have not been separately logged in the manner required by the Discovery Master and (2) have not previously been reviewed *in camera*.

DATED: August 2, 2010

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By /s/ Michael T. Zeller
Michael T. Zeller
Attorneys for Mattel, Inc.