**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California  90017 | TEL: (213) 443-3000  FAX: (213) 443-3100

WRITER'S DIRECT DIAL NO.
**(213) 443-3112**

WRITER'S INTERNET ADDRESS
**dylanproctor@quinnemanuel.com**

July 8, 2010

<u>VIA MESSENGER AND E-MAIL</u>

Discovery Master Robert C. O'Brien, Esq.
Arent Fox LLP
555 West Fifth Street, 48th Floor
Los Angeles, CA 90013-1065

Re:   <u>Mattel, Inc. v. MGA Entertainment, Inc. et al.</u>

Dear Discovery Master O'Brien:

I write regarding the Discovery Master's review of MGA's privilege logs.

During the January 14, 2010 hearing on the parties' privilege logs, the Discovery Master requested that Mattel identify entries on MGA's privilege logs that Mattel was challenging due to their non-compliance with the requirements of Order No. 73.  Mattel submitted that list to the Discovery Master five days later.  <u>See</u> January 19, 2010 Letter from M. Searcy to R. O'Brien.  Mattel's Enclosure No. 1 to that letter identified, and requested *in camera* review of, numerous entries from MGA's older privilege logs that had not been reviewed and supplemented as required by Order No. 73 and/or failed to comply with the requirement—articulated by MGA and adopted by the Discovery Master at the January 14 hearing—that all email chains be logged in full.  <u>See</u> Hearing Tr., dated January 14, 2010, at 13:2-13, 14:8-15:1; Order No. 73.  A duplicate copy of Mattel's January 19, 2010 letter and Enclosure No. 1 is included herewith for the Discovery Master's convenience.

MGA purported to object to this submission orally at a January 19 hearing before the Discovery Master, and the Discovery Master stated that he would give MGA an opportunity to respond to the challenges and would thereafter rule.  <u>See</u> January 19, 2010 Hearing Tr. at 44:4-20; 46:15-19 ("I'm going to give M.G.A. an opportunity to respond in a very short fashion. . . . I will take a look at that letter; I'm going to take a look at the letter that Mattel submitted, and then I'll make a

decision on how we're going to proceed from there."). However, MGA then chose not submit any objection or response to Mattel's challenges, conceding that these challenged entries are properly the subject of the Discovery Master's *in camera* review.

Based upon a review of the recently issued Order No. 98, it appears that the entries identified by Mattel in Enclosure No. 1 have not been reviewed *in camera* by the Discovery Master. There also does not appear to be any discussion of these entries, or their status, in the Order. Mattel recognizes that the Discovery Master's *in camera* review is ongoing and that Order No. 98 contemplates further review of MGA's privilege claims upon consideration of additional information from MGA. However, out of an abundance of caution, Mattel respectfully renews its request that the Discovery Master review the entries previously challenged in Enclosure No. 1. In particular, as the Discovery Master knows, MGA obtained an order for *in camera* review of privileged Mattel email chains based solely on the fact that each email in the chains had not been separately logged.  See Hearing Tr., dated January 14, 2010, at 13:2-13, 14:8-15:1. The email chains withheld by MGA which have not been separately logged should be subjected to the same scrutiny.

Thank you for your continuing attention to this matter.

Respectfully submitted,

/s/ B. Dylan Proctor

B. Dylan Proctor

00505.07975/3566394.2