

ORRICK, HERRINGTON & SUTCLIFFE LLP
THE ORRICK BUILDING
405 HOWARD STREET
SAN FRANCISCO, CALIFORNIA 94105-2669

tel +1-415-773-5700
fax +1-415-773-5759

WWW.ORRICK.COM

July 21, 2010

Annette L. Hurst
(415) 773-4585
ahurst@orrick.com

***VIA ELECTRONIC MAIL***

Robert C. O'Brien, Esq.
555 West Fifth Street, 48th Floor
Los Angeles, CA 90013-1065

Re: Carter Bryant v. Mattel, Inc., and consolidated cases

Dear Mr. O'Brien,

I write in response to Mr. Proctor's July 8, 2010 letter regarding Mattel's January 19, 2010 submission.

Mattel's January 19 submission was improper. Mattel was given every opportunity to object to any entry on any of MGA's privilege logs by January 12, 2010. Mattel did so in its January 12 submission, and did not highlight the new entries of its January 19 submission. Mattel is bound by its deliberate tactical choice, especially though not exclusively, where, as here, Mattel's effort to undo that tactical choice causes prejudice to MGA.

The Discovery Master set a January 12 deadline for seeking *in camera* review. In its January 12 submission, Mattel highlighted thousands of entries, all of which have since been reviewed. Mattel also made a tactical decision, however, not to highlight other entries that *might* reflect email chains. Mattel chose not to highlight those entries so that it could argue at the January 14 hearing that it was not required to log email chains. Mattel lost its purely hypocritical argument at the January 14 hearing. The Discovery Master accordingly determined to conduct an in camera review of all of MGA's requested entries on Mattel's logs. Then, Mattel tried to take back its tactical decision not to seek review of the additional entries on MGA's logs. It did so by serving a completely new, untimely and unauthorized letter request for privilege review of thousands of additional entries on January 19. The Discovery Master properly ignored this procedurally improper request, and now that Mattel insists that it be addressed, should make clear that this tactical move by Mattel in violation of court-ordered deadlines and to the prejudice of MGA was denied.

At the January 14 hearing, the Discovery Master ordered that Mattel divide its January 12 submission into two categories of objections—substantive (not privileged at all from the description) and procedural (inadequately logged)—and submit that identification on January 19. Rather than simply characterize its prior submission into the buckets as ordered, Mattel served an entirely new submission. Nothing about the Discovery Master's January 14 order requiring Mattel to clarify its prior submission could possibly be interpreted as an authorization to serve, after the





deadline, an entirely new submission requesting an *in camera* review of thousands of additional entries.

Moreover, Mattel was fully aware prior to its January 12 submission that MGA took the view it was not required to re-review each and every document identified in all privilege logs ever served by MGA, but only to review those where the descriptions appeared inadequate under the standards which had been ordered by the Discovery Master. No later than the January 7 meet and confer between the parties, (which at least Mr. Proctor, Ms. Hutnyan, and Mr. Krug attended on behalf of Mattel), MGA expressly discussed its interpretation that Order 73 did not require the parties to re-review each and every document on their prior logs. Mattel acknowledged that it had understood MGA's position at the January 14 hearings, when Mr. Krug expressly opined that MGA had essentially "taken a subset of the entries in the prior log[s] and revised the descriptions." Jan. 14, 2010 Hearing Tr. at 24:10-25:8. The Discovery Master noted that Order 73 was ambiguous, that the Order "did not require one new, big log" and that MGA's log was to be considered "a supplemental log." *Id.* at 25:16-26:5.

On a number of prior meet and confer occasions before the January 7 call, MGA had demanded of Mattel, orally and in writing, that it also separately log its email chains as it had forced MGA to do. This demand was reiterated during the January 7 meet and confer, the first call which *both* of Mattel's privilege teams (offensive and defensive) attended. To MGA's astonishment on that call, Ms. Hutnyan refused to separately log email chains, despite the fact that Mr. Proctor had previously demanded that MGA do so. And, this was after MGA had put in an enormous effort reviewing all previous logs for facially identifiable email chain entries and supplemented them to the tune of 13,500 new lines in the December log. Mattel's two privilege log teams apparently realized the total inconsistency of their positions after the January 7 meet and confer. Mattel then made a tactical decision not to highlight certain entries on its submission of MGA's logs by the January 12 deadline. Those were entries that *might* reflect multiple emails. Mattel was trying to maintain for the hearing its hypocritical position that it was not required to do what it had forced MGA to do.

The Discovery Master then correctly rejected Mattel's hypocritical position. Jan. 14, 2010 Hearing Tr. at 19:16-21:2. Shortly thereafter, the Discovery Master ordered Mattel to provide the supplemental information breaking its requested review into buckets as described above, with a deadline of doing so of January 19. Mattel's January 19 submission, however, was not limited to the required effort to categorize its previously highlighted entries. Instead, Mattel tried to double the number of entries that it had submitted by the January 12 deadline, arguing for the first time that the newly highlighted entries were improperly logged email threads. This was both a transparent attempt to undo a tactical decision, and a clearly unauthorized late submission for *in camera* review.





The Discovery Master made clear to both parties that the January 12 submission and the following *in camera* review was to be the end of the privilege log disputes. MGA spent thousands of hours re-reviewing privileged documents, breaking out email chains, revising the privilege logs, and coding and assembling the disputed documents for *in camera* review. Mattel then tried to double the number of entries it wanted reviewed on January 19. MGA believes that many of these entries are duplicates of what was already re-logged. Had Mattel identified these entries at any time during the meet and confer process, MGA at least could have determined whether they should be re-logged at the same time as the other documents. Instead, Mattel tried to play both sides of the fence. Even had Mattel identified these new entries by the original deadline of January 12, MGA would at least have been able to determine as part of a holistic review for in camera submission which were entire or partial duplicates of other entries. But the sheer act of submitting this new, unauthorized and unsolicited list of entries that nearly doubles the January 12 submission, and then waiting six months while the Discovery Master reviewed everything else, makes that impossible. MGA relied upon the finality of the Discovery Master's set of orders, and it was entitled to do so.

Moreover, Mattel's request is procedurally and substantively ridiculous. Mattel has not established with its January 19 letter submission (which is also a procedurally improper motion for additional *in camera* review) that the newly additional entries are facially inadequate under Rule 26, that they are not privileged, or anything else warranting additional a massive amount of *in camera* review.

It would be grossly inefficient for both MGA and the Discovery Master to require this additional review now. Moreover, it would be unduly burdensome and expensive to MGA, which has long since moved on to the many other tasks required by this case. Indeed, the principal attorney responsible for supervising the original email log review is no longer even available to work on the case. Not to mention that Mattel will shift to MGA the burden of paying for half of the Discovery Master's fees for another massive review, when this entire situation was created by Mattel's hypocrisy and deliberate tactical choices in light of that hypocrisy.

In short, Mattel's initial request for the in camera review of thousands of new log entries on January 19 was untimely, procedurally improper in that it put no one on notice of legal grounds for relief. Even if granted at the time it would have resulted in undue burden and expense to MGA. But allowing the issue to lapse and then raising it more than six month later *after* the original deadline, after the entire *in camera* review is completed, only multiplies the impropriety, unfairness, and burden. Mattel's request should be denied in its entirety.

Very truly yours,

Annette L. Hurst /lkk

Annette L. Hurst