**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL (213) 443-3000 FAX (213) 443-3100

WRITER'S DIRECT DIAL NO.
(213) 443-3112

WRITER'S INTERNET ADDRESS
dylanproctor@quinnemanuel.com

July 22, 2010

**VIA E-MAIL**

Discovery Master Robert C. O'Brien, Esq.
Arent Fox LLP
555 West Fifth Street, 48th Floor
Los Angeles, CA 90013-1065

Re:   <u>Mattel, Inc. v. MGA Entertainment, Inc. et al.</u>

Dear Discovery Master O'Brien:

I write in response to MGA's July 21, 2010 letter asking the Discovery Master not to review MGA privilege log entries challenged by Mattel.

It may be fruitful to begin with what appears to be undisputed. It is undisputed that MGA is withholding thousands of email chains that have not been separately logged and which MGA never even examined pursuant Order No. 73; documents that the Orrick firm said it could not represent were privileged under Rule 11 since they had not reviewed them. It is also undisputed that the law of this case is that a failure to separately log email chains is improper, and a violation which alone justifies their *in camera* review. MGA disputes neither of these points. In fact, MGA hardly offers a word on the merits of Mattel's request for *in camera* review. Given these undisputed facts, we submit that *in camera* review is not only appropriate but required.

Rather than oppose on the merits, MGA argues for a sort of procedural default – an odd argument given that discovery is ongoing in this case and that it was MGA, not Mattel, who conceded on this issue six months ago. Nevertheless, according to MGA, Mattel had to raise its challenges by January 12; since the challenges were raised a week after that, the argument goes, MGA's thousands of improperly withheld documents can never be compelled. The flaws in this argument are numerous.

First, MGA's premise – that Mattel tactically delayed bringing these challenges – is simply false. Mattel brought the challenges at issue literally as soon as it was established – at MGA's urging -- that each link of an email chain must be separately logged and that a failure to do so justifies *in camera* review. MGA once again claims that Mattel had urged such a rule in the past, but once again cannot point to a single letter, motion or transcript remotely supporting that claim. MGA gives no cite because it did not happen.[1] This was, instead, a position that MGA took in its January 12 submission, and one that the Discovery Master adopted. Mattel raised its challenges based on this new rule five days later, which hardly can be viewed as delay.[2]

Second, even assuming Mattel unduly delayed bringing these challenges and should have brought them a week earlier, that hardly justifies the draconian remedy that MGA seeks – an order shielding its withheld documents from judicial scrutiny altogether. There is no discovery cutoff, and Mattel brought these challenges more than six months ago. The law does not support MGA's attempts to erect a procedural bar that insulates its documents from production in this context. See, e.g., Lanard Toys Ltd. v. Novelty, Inc., 2010 WL 1452527, at *6 (9th Cir. April 13, 2010) (holding that district court properly allowed expert designated after deadline to testify; "Among the factors that may properly guide a district court in determining whether a violation of a discovery deadline is justified or harmless are: (1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of the trial; and (4) bad faith or willfulness involved in not timely disclosing the evidence."); Intex Recreation Corp. v. Team Worldwide Corp., 471 F. Supp. 2d 11 (D.D.C. 2007) (hearing motion to compel production of withheld privileged documents filed after discovery cutoff).

This is especially true given the lack of prejudice to MGA. MGA struggles to articulate prejudice, claiming that Mattel has allowed this issue to "lapse" and that MGA has "long since moved on" from these matters. The only "lapse" here is MGA's. It avoided the obligation to review and fully log thousands of documents by its unilateral limiting interpretation of Order No. 73, and then, after Mattel objected to its practices, ignored the Discovery Master's instruction to its lead counsel to respond to Mattel's January 19, 2010 letter—a failure which MGA does not now even acknowledge, must less attempt to explain, and which is either a waiver or a concession. (There is no small irony in this regard; according to MGA, Mattel's "delay" of one week means MGA's withheld documents are insulated from review forever, but MGA's failure to oppose a motion for *in camera* review for more than 6 months should simply be ignored.)

And as for Mattel alleged "lapse," it is unclear what more MGA thinks Mattel was supposed to do. Mattel brought a challenge to MGA's withheld documents. MGA demanded that the

---

[1] Mattel previously argued that attachments to emails had to be logged separately from the emails themselves, but *never* argued that each email in a chain had to be separately logged, let alone that a failure to separately log emails in a chain justified *in camera* review.

[2] As for the accusations of "hypocrisy," if that word fits the actions of anyone it is those of MGA, not Mattel. MGA chose not to fully log thousands of documents, many of which its own logs describe as "email chains," while complaining that Mattel's log was deficient for that precise failure. Mattel never made such inconsistent arguments.

challenge be stricken. The Discovery Master gave MGA leave to make a submission making its case. MGA then did nothing. Mattel reasonably assumed, in light of this, that the *in camera* review of these communications **had been ongoing** for the past six months; it was only when Order No. 98 issued that Mattel learned the review had not been ongoing, and Mattel then promptly reminded the Discovery Master of the issues. Mattel has acted diligently – within a matter of days at the most – throughout this process. MGA has not.

At bottom, what MGA asks is that the rules of the game apply only in its favor: Mattel's not-separately-logged email chains must be subjected to the Discovery Master's scrutiny (and they were), but MGA's not-separately-logged email chains must not be. MGA's demand for inconsistency should be rejected. The balance of the documents challenged by Mattel should be added to the slate for *in camera* review.

Thank you for your continuing attention to this matter.

Respectfully submitted,

/s/ B. Dylan Proctor

B. Dylan Proctor

00505.07975/3592281.2

00505.07975/3592281.2