QUINN EMANUEL URQUHART & SULLIVAN, LLP
  John B. Quinn (Bar 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar 196417)
  michaelzeller@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:  (213) 443-3000
Facsimile:   (213) 443-3100

Attorneys for Mattel, Inc. and Mattel de Mexico, S.A. de C.V.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation,<br><br>             Plaintiff,<br><br>     vs.<br><br>MGA ENTERTAINMENT, INC., a California corporation, et al.,<br><br>             Defendants.<br><br>AND CONSOLIDATED ACTIONS | CASE CV 04-9049 DOC (RNBx)<br>Consolidated with<br>Case CV 04-09059<br>Case CV 05-02727<br><br>Hon. David O. Carter<br><br>**MATTEL INC.'S OPPOSITION TO MGA'S MOTION TO COMPEL INSPECTION OF ORIGINALS OF CARTER BRYANT'S EMPLOYMENT AGREEMENT WITH MATTEL AND MATTEL'S COPYRIGHT APPLICATIONS FOR ANY BRATZ-RELATED WORK AND FOR SANCTIONS**<br><br>Date:  TBD<br>Time:  TBD<br>Courtroom:  9D<br><br>**Phase 2**<br>Discovery Cut-off:  TBD<br>Pre-trial Conference:  TBD<br>Trial Date:  January 11, 2011 |

00505.07975/3611870.3

**Preliminary Statement**

MGA claims it has been unable to inspect Bryant's Inventions Agreement ("the Agreement"). This is false. In fact, Mattel made it available for inspection years ago during Phase 1 discovery. Moreover, after MGA recently asked to inspect the document again, Mattel told MGA that it would make the Agreement as well as the copyright registrations available for inspection. While Mattel was tracking down the documents, and apparently unwilling to take "yes" for an answer, MGA precipitously filed this wasteful motion. Indeed, even though Mattel informed MGA last week that the requested documents were now available for inspection at any time convenient for MGA,[1] Mattel has heard nothing from MGA in response. MGA's motion, including its sanctions request, is without merit and should be denied.

**Argument**

MGA's motion is based on a false premise. As Mattel has repeatedly informed MGA during both Phase 1 and Phase 2 discovery, Mattel does not have the original of the Agreement. However, Mattel made its best copy of the Agreement available for inspection during Phase 1 discovery, and MGA inspected it long ago. Then, after MGA asked to inspect that copy yet again during Phase 2 discovery, Mattel agreed to make it available for MGA's inspection, along with the copyright registrations MGA asked to inspect as well.[2] Despite knowing that proposed dates for inspection would be forthcoming, and while Mattel was locating the best available copies of the documents, MGA hastily filed this motion. And, compounding its waste of this Court's resources by this motion, MGA has not even bothered to respond at all to

---

[1] Email from James Webster to Diane Rutowski, dated July 30, 2010. In accordance with the Court's instructions, Mattel is not providing copies of correspondence or other documents with this Opposition. Mattel will promptly produce supporting materials upon the Court's direction.

[2] There are likewise no "originals" of the registrations to inspect. As MGA is fully aware, the signed versions of the copyright applications that ripened into the copyright registrations at issue were, as required, submitted to the Copyright Office. What Mattel is making available are therefore the best available copies.

1  Mattel since Mattel informed it last week that the best copies of the documents had
2  been located and were now available for inspection at any time convenient for MGA.
3       Straining to justify its needless motion, MGA asserts that Mattel deliberately
4  produced a copy of the Agreement that is "illegible" or can't be read "without a
5  magnifying glass."  Yet, this newly minted assertion cannot be squared with MGA's
6  years of litigation and motion practice where it made no such claim.  To the contrary,
7  copies of it were attached to Mattel pleadings that MGA answered, without any
8  suggestion it could not read them.[3]  MGA even moved for summary judgment on the
9  Agreement's terms, again without any indication that it was unaware or could not read
10 any of the terms.[4]   Nor is there any dispute that the copies used on summary
11 judgment, at trial and on appeal by the parties are true and correct copies of the
12 original.[5]
13      Accordingly, none of the authorities cited by MGA regarding the withholding
14 of documents is applicable here.  Mattel has not engaged in "repeated refusal to
15 produce legible copies" nor has it "intentionally produced copies of each so poor that
16 critical details cannot be made out."  MGA's belated cries of illegibility are not only
17 red herrings, given that the best copies have been and again are being made available
18 to MGA, but factually disingenuous as shown by MGA's own conduct over the course
19 of years in this litigation and apparently manufactured to trump up a baseless
20 sanctions request.
21      MGA's demand for sanctions is frivolous for another reason.  MGA has
22 delayed—and continues to delay—in providing its originals for inspection for time

---

[3] See, e.g., Mattel's Second Amended Answer and Counterclaims, dated July 12, 2007, Ex. A (Docket No. 653).

[4] See MGA Parties' Motion for Partial summary Judgment, dated March 7, 2008, at 47 (Docket No. 2575).

[5] Contrary to MGA's claim, there was no "finding" by the Ninth Circuit that the copy of Agreement is illegible.  Notwithstanding Judge Trott's comment during oral argument, the Agreement and its terms were discussed by the Ninth Circuit in its recent Order.

periods that dwarf those at issue for the Agreement or the registrations. For example, on December 20, 2009, Mattel requested that MGA make available for inspection and photographing a mere five tangible items (marked as exhibits 7511, 7512, 7515, 7616 and 7517) at the Eckert deposition.[6] After MGA ignored that request, Mattel again wrote on January 6, 2010.[7] On February 24, MGA agreed to make available for inspection the requested exhibits.[8] However, numerous items were not provided by MGA at the inspection, including Exhibits 7511, 7515 and 7517 that MGA claimed were "inadvertently omitted from the inspection," and Exhibit 7512 which "had been misplaced since the Eckert deposition."[9] The Court commented on MGA's failure to provide the items, stating: "I have been very forbearing up to this point as we caught up with the case, and now the nonsense stops."[10] All told, MGA did not make the four tangibles it still had available for inspection until March 2010—four months after Mattel's request.

Yet, with MGA, the nonsense with its delays in providing originals did not stop. As another example, on June 7, 2010, the Court compelled MGA to produce "all calendars used by Isaac Larian for the month of March 2004."[11] On July 1, counsel for MGA made available Outlook calendar pages for March 11 through 30, but omitted them for March 1 through 10—thus missing critical pages from March 2004 when Larian was meeting with Gustavo Machado.[12] On July 8, 2010—more than ten days *before* MGA requested an inspection of the Carter Bryant agreement at issue here—Mattel requested an inspection of Larian's compelled Outlook calendars. After

---

[6] Letter from Tamar Buchakjian to Annette Hurst, dated December 20, 2009.
[7] Letter from Tamar Buchakjian to Annette Hurst, dated January 6, 2009.
[8] Email from Julian Dunn to Jon Corey, Michael T. Zeller and Dylan Proctor, dated February 24, 2010.
[9] Letter from Julian Dunn to Mathew A. Korhonen, dated March 10, 2010.
[10] March 10, 2010 Hearing Tr. at 29:2-4.
[11] Docket No. 8079 at 17-18.
[12] See Letter from Michael T. Zeller to Annette Hurst and , dated July 1, 2010.

repeated requests, MGA only finally made the calendars available during the week of July 23, 2010.

Similarly, MGA delayed providing for inspection the originals of materials that ostensibly support its packaging claim. MGA initially stated that it would make those originals available for inspection on June 30, 2010.[13] MGA nevertheless then unilaterally postponed the inspection and told Mattel it would have access "between July 17 and July 20."[14] MGA nevertheless delayed further and again postponed the inspection on July 19, 2010.[15] It was not until the week of July 27, 2010 that MGA eventually made the originals available.[16]

In short, MGA's sanctions request is meritless. If anything, MGA should be sanctioned for burdening this Court with needless motion practice and for asserting frivolous arguments.

## Conclusion

For the foregoing reasons, Mattel respectfully requests that the Court deny MGA's Motion in its entirety.

DATED:  August 3, 2010         QUINN EMANUEL URQUHART &
                               SULLIVAN. LLP


                               By /s/ Michael T. Zeller
                                  Michael T. Zeller
                                  Attorneys for Mattel, Inc. and Mattel de
                                  Mexico. S.A. de C.V.

---

[13] Email from Denise Mingrone to Michael Gray, dated June 25, 2010.
[14] Email from Thomas McConville to Michael T. Zeller, Scott Watson and Dylan Proctor, dated July 1, 2010.
[15] Email from Denise Mingrone to Michael T. Zeller and Tamar Buchakjian, dated July 19, 2010.
[16] Email from Denise Mingrone to Michael T. Zeller and Buchakjian, dated July 20, 2010.