MELINDA HAAG (State Bar No. 132612)
mhaag@orrick.com
ANNETTE L. HURST (State Bar No. 148738)
ahurst@orrick.com
WARRINGTON S. PARKER III (State Bar No. 148003)
wparker@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105
Telephone: 415-773-5700
Facsimile: 415-773-5759

WILLIAM A. MOLINSKI (State Bar No. 145186)
wmolinski@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA 90017
Telephone: 213-629-2020
Facsimile: 213-612-2499

Attorneys for MGA Parties

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | Case No. CV 04-9049 DOC (RNBx)<br>Consolidated with:<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>**[DISCOVERY MATTER]**<br>**Phase 2 - Hon. David O. Carter**<br>**MGA PARTIES' OPPOSITION TO MATTEL, INC.'S RENEWED MOTION TO COMPEL MGA ENTERTAINMENT, INC. TO PRODUCE A PROPERLY PREPARED 30(B)(6) WITNESS FOR FURTHER DEPOSITION TESTIMONY REGARDING MGA'S TRADE DRESS CLAIMS**<br><br>Date: TBD<br>Time: TBD<br>Place: Courtroom 9D<br><br>Discovery Cut-off: TBD<br>Pretrial Conference: TBD<br>Trial Date: TBD |

## INTRODUCTION

Mattel's motion should be denied as premature and unfounded in light of the fact that MGA had previously agreed to produce at least two additional 30(b)(6) witnesses on its affirmative claims—one who testified three days after Mattel filed its motion, the other scheduled for August 12. Failing to wait until this testimony is complete before rushing to Court, Mattel's renewed motion to compel is simply another strike from Mattel's arsenal of motions against MGA that grossly mischaracterizes MGA's position. MGA respectfully requests that the Court deny Mattel's motion and defer any further consideration of motion practice on this matter until *after* all of MGA's designees on MGA's affirmative claims have completed their scheduled depositions. Only once Mattel has deposed all of MGA's designees on MGA's affirmative claims can it assess the preparedness of MGA's witnesses and the adequacy of the testimony provided by MGA. If, at that time, Mattel still feels there are deficiencies, MGA is and will remain available to meet and confer in an effort to resolve any remaining concerns that Mattel may have. Any motion prior to the completion of this process is premature and represents merely another frivolous attempt by Mattel to swamp MGA with defensive motion practice in an effort to obscure and avoid Mattel's own discovery obligations.

## RESPONSE TO MATTEL'S STATEMENT OF FACTS

### A. Mattel Serves Broad And Expansive Discovery That Is Not Reasonably Particular.

As Mattel notes, on March 2, 2010, Mattel sent MGA a letter in which listed 28 "categories" of testimony along with sub-categories.[1] These "categories" and sub-categories comprise 120 topics previously at issue in deposition notices and at least 11 new topics.[2] Among these is Category 26 and its 17 sub-categories,

---
[1] *See* 3/2/2010 letter from M. Zeller to A. Hurst and T. McConville; 3/9/2010 letter from M. Phillips to M. Zeller.
[2] *Id.*

- 1 -

MGA'S OPPO TO MATTEL'S RENEWED MTC MGAE TO PRODUCE PREPARED 30(B)(6) WITNESS FOR FURTHER DEPO RE MGA'S TRADE DRESS CLAIMS CV-04-9049 DOC (RNBX)

which seek generally 30(b)(6) testimony regarding "[t]he factual bases supporting or contradicting MGA's claims and allegations."[3]  MGA has repeatedly asked Mattel to prioritize and narrow the scope of the topics on which it seeks testimony, yet Mattel has not done so.[4]  As this Court has recognized, Category 26 and its 17 sub-categories are "quite broad" and expansive.  Dkt. # 8104 at 2.  Since that time MGA and Mattel have engaged in meet and confer efforts over Mattel's categories, and MGA has and continues to offers witnesses on those topics that remain relevant and at issue in this lawsuit.

### B. MGA Has Produced And Is Continuing To Produce Witnesses On Its Affirmative Claims.

First, Samir Khare was designated by MGA on its affirmative claims and testified for a full day on March 25, 2010.  Counsel for Mattel used this day to explore MGA's trade dress claims with respect to its 4-Ever Best Friends products and trapezoidal packaging.  During this deposition, counsel for MGA acknowledged that it intended to provide Mattel with additional information and to provide at least one additional witness on the topic.  Nevertheless, before MGA had an opportunity to provide such a witness, Mattel rushed to file its first motion to compel on April 27, 2010.  As MGA argued in opposition, Mattel's motion was premature and unfounded.  Dkt. # 7803 at 5, 6, 14, 20.  On June 14, 2010 the Court agreed with MGA that Mattel's motion was premature, issuing an order holding in abeyance further consideration of the motion while MGA continued to provide witness(es) on its affirmative claims, while at the same time suggesting that Category 26, as articulated, may be impermissibly broad.  Dkt. # 8104 at 2, 10.

MGA provided its second witness on its affirmative claims, on July 7, 2010.  Specifically, Isaac Larian was designated to testify on MGA's unfair competition claim.  Despite Mr. Larian's designation and a full day of testimony,

---

[3] *Id.*
[4] 3/9/2010 letter from M. Phillips to M. Zeller; 3/21/2010 letter from A. Hurst to M. Zeller.

1  counsel for Mattel failed to ask Mr. Larian a single question regarding any topic
2  articulated by Mattel in Category 26. Nevertheless, as MGA intends to comply
3  fully with its discovery obligations, MGA agreed that Mr. Larian's deposition
4  would continue on August 12, 2010.
5        Throughout this time, MGA and Mattel continued to meet and confer
6  regarding a date to resume the 30(b)(6) deposition on MGA's trade dress claims.
7  The parties settled upon the mutually agreeable date of July 29, 2010 for the
8  deposition. However, despite depositions on topics that would fall within Mattel's
9  Category 26 scheduled for July 29 and August 12 and the ongoing this meet and
10 confer effort, Mattel hastily filed this motion on July 26, 2010.
11       Three days after Mattel filed this motion, Mattel's third day of
12 deposition MGA's affirmative claims came on July 29, 2010. Counsel for Mattel
13 deposed MGA witness Ninette Pembleton for nearly nine hours on the record
14 regarding portions of MGA's trade dress claims, specifically its trapezoidal
15 packaging claim. Declaration of Diana Rutowski ("Rutowski Decl."), ¶ 2.
16       Finally, and as discussed above, Isaac Larian remains scheduled to
17 testify on August 12, designated on aspects of MGA's affirmative claims and
18 allegations that fall within Mattel's Category 26.

## ARGUMENT

**I. MATTEL'S MOTION SHOULD BE DENIED AS PREMATURE AND UNFOUNDED.**

Mattel's motion to compel is premature and should be denied because Mattel did not conclude the deposition of MGA witnesses offered on its affirmative claims before moving to compel. *See, e.g.*, *Golez v. Kerry, Inc.*, 2008 WL 4950017 (N.D. Cal. 2008) ("had plaintiff's counsel permitted the deposition to continue, he could have moved to compel specific testimony if defendant's witnesses were not sufficiently responsive to plaintiff's deposition notices"). A motion to compel should only be used as a last resort, "intended to ensure that only unresolvable

discovery disputes are brought before the Court." *Scanlon v. Life Insurance Co. of North America*, 2008 U.S. Dist. LEXIS 108045, *14-15 (W.D. Wash. 2008) (denying a motion to compel as premature because "Plaintiff has failed to show that she attempted to confer in good faith to resolve the specific discovery issue in dispute," even though the parties had previously conferred on the topic and Defendant offered to produce further information subject to a "confidentiality agreement").

Here, not only did Mattel move before deposing all of MGA's designees on its affirmative claims, but Mattel did not and could not have held a meaningful meet and confer with MGA regarding any topics that Mattel still considered inadequate or outstanding. Mattel's motion is premature and wasteful of the resources of the parties and the Court.

## II. MGA HAS AND WILL OFFER 30(B)(6) WITNESSES ON ALL AFFIRMATIVE CLAIMS THAT IT IS ASSERTING.

To the extent that MGA is asserting and intends to continue to assert an affirmative claim in this action, MGA has and will prepare and produce a witness on that claim and the facts relevant thereto. MGA has never wavered from this position and has kept Mattel apprised of the claims it is asserting and the witnesses it is designating on those claims. Yet, Mattel's improperly broad and burdensome "categories" seek far more than what is relevant and at issue in this lawsuit.

While a party may notice a corporation for deposition pursuant to Fed. R. Civ. P. 30(b)(6), the scope of such a notice may not be unbounded. *See* Dkt. # 8104 at 2.[5] For example, the notice of deposition must describe with "reasonable particularity" the topics subject to examination, and such depositions are further subject to the limitations of Fed. R. Civ. P. 26(b)(2)(C). Thus, a court shall limit

---

[5] *See also* 3/2/2010 letter from M. Zeller to A. Hurst and T. McConville; 3/9/2010 letter from M. Phillips to M. Zeller.

- 4 -

the frequency or extent of discovery that: (i) is unreasonably cumulative, duplicative, or burdensome; (ii) is dilatory; or (iii) fails a balancing test that weighs the burden or expense of the discovery sought against its benefit, in light of the specific facts of the case. *See* Fed. R. Civ. P. 26(b)(2)(C)(i)-(iii).

Mattel's Category 26 and its 17 sub-categories clearly fail to describe with reasonable particularity the scope of the testimony sought, and they are unreasonably burdensome. *See* Dkt. # 8104 at 2. MGA has offered and is continuing to prepare and produce witnesses on reasonably particular topics within this "category" and its "sub-categories," to the extent that they seek information relevant to the claims asserted by MGA.

### III.  MATTEL SEEKS TO DROWN MGA IN PAPER AND TO AVOID ITS OWN DISCOVERY OBLIGATIONS.

Mattel's motion must been seen for what it is—part of its ceaseless attempt to drown MGA in defensive motion practice in an effort to blow smoke over Mattel's failure to meet its own discovery obligations. Mattel itself has not yet produced corporate designees on topics 16, 17, 18 and 22, despite the fact that Mattel's motion for a protective order as to these topics was denied on June 18, 2010. Dkt. # 8133 at 5-6. Nevertheless, to the extent that Mattel has offered dates and deponents for these topics, and assuming the depositions go forward as scheduled, MGA intends to await the testimony of Mattel's designees before meeting and conferring and filing a motion to compel. MGA raises this issue not in an effort to turn Mattel's motion into "tit-for-tat" request, as is Mattel's modus operandi, but rather to indicate that both parties' are continuing to prepare and produce witnesses pursuant to the Court's orders. Mattel's motion is premature and does not warrant consideration until this process is complete.

///

///

**CONCLUSION**

For the foregoing reasons, MGA respectfully requests that the Court deny Mattel's motion in its entirety as premature and unfounded.

Dated: August 3, 2010

Respectfully submitted,

ORRICK, HERRINGTON & SUTCLIFFE LLP

By: _/s/ Diana M. Rutowski_
Diana M. Rutowski
Attorneys for MGA ENTERTAINMENT, INC., MGA ENTERTAINMENT HK, LTD., MGA de MEXICO, S.R.L. de C.V., and ISAAC LARIAN

- 6 -

MGA'S OPPO TO MATTEL'S RENEWED MTC MGAE TO PRODUCE PREPARED 30(B)(6) WITNESS FOR FURTHER DEPO RE MGA'S TRADE DRESS CLAIMS CV-04-9049 DOC (RNBX)