QUINN EMANUEL URQUHART & SULLIVAN, LLP
  John B. Quinn (Bar No. 090378)
  (johnquinn@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:   (213) 443-3000
Facsimile:   (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation,<br><br>            Plaintiff,<br><br>      vs.<br><br>MGA ENTERTAINMENT, INC., a California corporation,<br><br>            Defendants.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 DOC (RNBx)<br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>Hon. David O. Carter<br><br>**MATTEL, INC.'S NOTICE OF MOTION AND MOTION TO COMPEL COMMUNICATIONS RELATING TO MATTEL EMPLOYEES;**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:   TBD<br>Time:   TBD<br>Place:  Courtroom 9D<br><br>**Phase 2**<br>Discovery Cut-off:  TBD<br>Pre-trial Conference:  TBD<br>Trial Date: January 11, 2011 |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, on a date and at a time to be determined by the Court, before the Honorable David O. Carter, plaintiff Mattel, Inc. ("Mattel") will, and hereby does, move the Court, pursuant to Federal Rules of Civil Procedure 34 and 37 to compel MGA Entertainment, Inc. ("MGA") to produce all documents responsive to Request Nos. 39-49 of Mattel, Inc.'s Fifth Set of Requests for Documents and Things to MGA Entertainment, Inc. (Phase 2) (collectively "the Requests") and to overrule all of the MGA Parties' objections to the Requests. The Requests seek relevant, discoverable information, which MGA has no proper basis to withhold from production.

This Motion is based on this notice of motion, the accompanying memorandum of points and authorities, the records and files of this Court, and all other matters of which the Court may take judicial notice.

## Statement of Compliance

On March 18, 2010 and March 29, 2010, and two dates prior, Mattel attempted to resolve the matters herein with MGA, but no agreement was reached. Lead counsel met and conferred regarding the instant motion on July 8, 2010 and July 30, 2010, but could not resolve it.

DATED: August 3, 2010            QUINN EMANUEL URQUHART &
                                 SULLIVAN, LLP


                                 By /s/ Michael T. Zeller
                                    Michael T. Zeller
                                    Attorneys for Mattel, Inc.

# MEMORANDUM OF POINTS AND AUTHORITIES

## Preliminary Statement

Mattel has long sought documents related to its claims that MGA engaged in a pattern of targeting Mattel through its employees, including by bribing Mattel employees, attempting to extract trade secrets or confidential information from them, and otherwise interfering with their contractual and other obligations to Mattel. MGA continues to refuse to produce critical documents in this regard. At issue here are MGA communications either with or about Mattel employees, their access to confidential information and documents they provided to MGA. Such communications are highly relevant to Mattel's claims, including its RICO, trade secret, interference with contract, and aiding and abetting breach of duty of loyalty claims, to show the pattern of intentional, unlawful targeting of Mattel that Mattel has alleged. MGA should be compelled to produce them without further delay.

Communications between MGA and Persons who were Mattel Employees at the time: Request Nos. 39, 40, and 47-49 of Mattel's Fifth Set of Requests for Documents and Things (Phase Two) ("the Requests") ask for documents relating to communications between, on the one hand, MGA or Nick Contreras[1] and, on the other hand, any Mattel employee, including communications referring or relating to Mattel (RFP Nos. 39-40); documents that Mattel employees sent to MGA (No. 47); and documents discussing meetings between MGA or Contreras and any Mattel employee (Nos. 48-49). Such documents are relevant to Mattel's allegations that MGA engaged in a pattern of using and inducing Mattel employees to steal Mattel

---

[1] Contreras, who is mentioned in some of the requests, is a former Mattel employee who joined MGA and then, while at MGA, approached an existing Mattel employee and asked her to download Mattel trade secrets for his use at MGA from Mattel's computers onto a thumb drive. Mattel, Inc.'s Fourth Amended Answer and Counterclaims ("FAAC"), dated April 12, 2010, ¶¶ 79-81; Susan Kim Depo. 43:19-44:9, 47:19-59:12.

trade secrets and interfered with the contractual and common-law duties that Mattel's employees owe to Mattel. Clearly MGA's communications with Mattel employees are likely to lead to the discovery of admissible evidence.

<u>Communications about Mattel Employees:</u>  Request Nos. 41-46 seek MGA documents and communications about Mattel employees, including communications about Mattel employees that included either MGA or Contreras (Nos. 41-42); communications about hiring Mattel employees away and/or paying them bribes (Nos. 43-45); and communications regarding the access that Mattel employees had to Mattel documents, information, intellectual property, or materials (Nos. 46). These requests are obviously likely to lead to the discovery of admissible evidence.

MGA's refusals to produce these highly salient documents are improper. It should be compelled to do so.

## Factual Background

All of the requests at issue here focus on MGA's communications with and about Mattel employees.[2] They seek:

- All COMMUNICATIONS between YOU/CONTRERAS and any CURRENT MATTEL EMPLOYEE, including without limitation COMMUNICATIONS REFERRING OR RELATING TO MATTEL, or to any DOCUMENTS, information, materials or intellectual property REFERRING OR RELATING TO MATTEL.[3]

---

[2]  Pursuant to the Court's Orders, Mattel is not attaching the materials cited herein, but will promptly provide them to the Court upon request.

[3]  Mattel, Inc.'s Fifth Set of Requests for Documents and Things to MGA Entertainment, Inc., (Phase 2), Request Nos. 39-49, dated December 24, 2009, at Nos. 39-40. "CURRENT MATTEL EMPLOYEE" is defined as "any PERSON employed by MATTEL at the time of a COMMUNICATION and any of his/her current or former agents, representatives, attorneys, employees, predecessors-in-interest and successors-in-interest, and any other PERSON acting on his/her behalf, pursuant to his/her authority or subject to his/her control."  See <u>id.</u>, Definition J, at 4.

1
2
3
- All COMMUNICATIONS between YOU and any PERSON, including without limitation internal MGA COMMUNICATIONS, REFERRING OR RELATING TO any CURRENT MATTEL EMPLOYEE.[4]

4
5
6
- All COMMUNICATIONS between CONTRERAS and any PERSON REFERRING OR RELATING TO any CURRENT MATTEL EMPLOYEE.[5]

7
8
- All DOCUMENTS REFERRING OR RELATING TO any actual or contemplated PAYMENT to any CURRENT MATTEL EMPLOYEE.[6]

9
10
11
- All DOCUMENTS REFERRING OR RELATING TO the actual or contemplated hiring, engagement or retention of any CURRENT MATTEL EMPLOYEE by YOU.[7]

12
13
- All DOCUMENTS REFERRING OR RELATING TO any CURRENT MATTEL EMPLOYEE'S actual or contemplated employment with YOU.[8]

14
15
16
17
- All DOCUMENTS REFERRING OR RELATING TO any CURRENT MATTEL EMPLOYEE'S access to DOCUMENTS, information, intellectual property or materials REFERRING OR RELATING TO MATTEL.[9]

18
19
- All DOCUMENTS provided, sent or transmitted by any CURRENT MATTEL EMPLOYEE to YOU and/or CONTRERAS.[10]

20
21
- All DOCUMENTS REFERRING OR RELATING TO any meeting or discussions between YOU and any CURRENT MATTEL EMPLOYEE.[11]

---

[4] Mattel, Inc.'s Fifth Set of Requests for Documents and Things to MGA Entertainment, Inc., (Phase 2), No. 41.
[5] Id., No. 42.
[6] Id., No. 43.
[7] Id., No. 44.
[8] Id., No. 45.
[9] Id., No. 46.
[10] Id., No. 47.

- All DOCUMENTS REFERRING OR RELATING TO any meeting or discussions between CONTRERAS and any CURRENT MATTEL EMPLOYEE after October 19, 2004.[12]

Mr. Contreras, who is the subject of many of these requests, is a former Mattel employee who left Mattel in 2004 and stole dozens of trade secret documents which he took with him to MGA.[13] Mr. Contreras also contacted at least one current Mattel employee after he began working for MGA and asked her to steal additional trade secret information for him by downloading them from Mattel computers onto a thumb drive.[14]

In response to all of these requests, MGA served boilerplate objections and refused to produce *any* responsive documents.[15]

## Argument

### I. MATTEL'S REQUESTS SEEK RELEVANT INFORMATION

#### A. MGA's Communications With Then-Mattel Employees, or About Meetings With Then-Mattel Employees, Are Relevant.

Mattel's Request Nos. 39 and 40 seek communications between MGA or Contreras and Mattel employees, including communications that refer to Mattel or its intellectual property. Request No. 47 seeks documents Mattel employees actually passed on to MGA or Contreras, and Nos. 48 and 49 seek records of in-person meetings between Mattel employees and MGA or Contreras. These requests are all highly relevant to Mattel's allegations that MGA induced Mattel employees

---

[11] Id., No. 48.
[12] Id., No. 49.
[13] FAAC, ¶¶ 79-81.
[14] See id.; Susan Kim Depo. 43:19-44:9, 47:19-59:12.
[15] MGA Entertainment, Inc.'s Objections and Responses to Mattel Inc.'s Fifth Set of Requests, dated January 25, 2010. The only exception is Request No. 40; as to that MGA said it will produce responsive documents only to the extent they were between Contreras and Omar Busailah, a particular Mattel employee.

to steal confidential or trade secret information.  Communications between MGA and then-current Mattel employees are indisputably relevant to show MGA's efforts to induce Mattel employees to steal information, its pattern of interfering with Mattel employees' obligations and its targeting of Mattel and its employees.  Documents sent by Mattel employees to MGA are obviously discoverable, and records of meetings between MGA and Mattel employees likewise clearly are discoverable.  Undoubtedly MGA will claim at trial that, contrary to Mattel's allegations,[16] there was no pattern of unlawful targeting of Mattel through its employees.  The documents Mattel seeks here will likely show just the opposite.  Indeed, as the Court is aware, MGA itself has put its communications at issue by touting that it supposedly told Mattel employees not to bring any Mattel information with them to MGA.[17]  Mattel – and the Court and the jury – are entitled to know the full story about MGA's communications, not just the one-sided, self-serving version offered by MGA's conclusory pronouncements.  Full and robust discovery into those communications is the only way to test MGA's assertion and for the truth to be revealed.  The documents should be compelled.

### B. MGA's Communications Regarding Mattel Employees and Efforts to Hire and Pay Them.

Request Nos. 43, 44, and 45 seek documents related to payments and employment MGA made, offered or planned to make to Mattel employees.  "[T]he promise of greatly increased salaries, plus substantial bonuses," go to "the heart of

---

[16] FAAC, ¶¶ 36-90, see also id. ¶122 (MGA and other enterprise members "engaged in a scheme to unlawfully compete with Mattel, by stealing the trade secrets and confidential and proprietary information of Mattel, by depriving Mattel of the honest services of its employees, by infringing on Mattel's rights, by concealing its wrongdoing and reaping the benefits of such unlawful competition against Mattel, and by obstructing efforts by Mattel and the Court to address and remedy this wrongdoing").

[17] E.g., 30(b)(6) Schuyler Bacon Depo. 1683:17-1684:7.

1  […] the issue of misappropriation." <u>Telex Corp. v. IBM Corp.</u>, 510 F.2d 894, 928-
2  29 (10th Cir. 1975).  Mattel has alleged MGA gave former Mattel employees
3  significant pay raises, in addition to substantial bonuses, to lure them to join MGA.
4  Evidence of MGA's actual or contemplated payments to Mattel employees, offers of
5  employment and the like is relevant to show the pattern of unlawful targeting of
6  Mattel alleged in Mattel's pleading.

7  　　　Similarly, Request No. 46 seeks documents that will show MGA's interest in,
8  and knowledge of, the types of confidential information possessed by Mattel's
9  employees.  This is critical to show that it was no accident that so many Mattel
10 employees stole Mattel confidential information and trade secrets when they left for
11 MGA, but instead that those thefts were solicited by MGA.  Request Nos. 41 and 42
12 seek MGA communications about Mattel employees, which again is relevant to
13 show MGA's targeting of Mattel employees.

14 　　　Taken together, these requests seek to defeat what clearly will be an MGA
15 trial theme.  MGA has argued that the thefts of Mattel trade secrets were the acts of
16 unauthorized individuals, who coincidentally all left for MGA.  MGA will deny any
17 knowledge of these thefts and certainly will deny that it directly targeted Mattel.
18 This is precisely why the evidence Mattel seeks is so crucial—MGA's
19 communications with and about Mattel employees and the information they have
20 access to will refute MGA's denials of knowledge and intent, and will help to show
21 precisely the pattern of misconduct that Mattel has alleged.

## II. MGA'S BOILERPLATE OBJECTIONS SHOULD BE OVERRULED

MGA relies on boilerplate objections in response to each of Mattel's Requests, objecting to definitions,[18] claiming the requests are overbroad, seek irrelevant, and privileged information, and claiming that the information is available to Mattel. None of these objections has merit.

Boilerplate objections are improper. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("[G]eneral or boilerplate objections such as 'overly burdensome and harassing' are improper—especially when a party fails to submit any evidentiary declarations supporting such objections."); Walker v. Lakewood Condominium Owners Ass'n, 186 F.R.D. 584, 587 (C.D. Cal. 1999) ("Boilerplate, generalized objections are inadequate and tantamount to not making any objection at all.").

MGA's objections also fail on the merits. As shown above, these requests seek highly relevant information. MGA's objection that the requests seek documents already in Mattel's possession misses the point. There is no reason to believe Mattel possesses all the documents at issue. Moreover, even if some of the documents called for by the requests were originally created at Mattel, the fact that MGA possesses them is itself significant, and the rules still require MGA to produce them. Moreover, much of what Mattel seeks are MGA communications (including internal MGA communications) *about,* not just *with*, Mattel employees, and MGA is

---

[18] MGA objects to the defined terms "REFERRING OR RELATING TO". Yet, MGA is taking inconsistent positions here. Mattel has been ordered to produce document "referring or relating to" certain topics. E.g., Dkt No. 7434 at 3, 10 (Order dated January 26, 2010, ordering Mattel to produce documents "referring or relating to fee and/or indemnity agreements concerning Carter Bryant and/or Pablo Vargas" and "all documents referring or relating to NHB.") (emphasis added). Furthermore, MGA was not able, during the course of meet and confer discussions, to point to one single word in that definition that MGA believed to be improper. Letter from B. Dylan Proctor to William Molinski dated April 9, 2010, p. 2 n.1.

known to have communicated with Mattel employees who long ago left Mattel at their personal email addresses; only MGA, not Mattel, has access to the documents at issue here. Nor are the requests overbroad, they are limited to communications with or about then-current Mattel employees, which are relevant and likely to lead to the discovery of admissible evidence. MGA's other objections are equally untenable.

## Conclusion

For the foregoing reasons, Mattel respectfully requests that the Court: (1) compel MGA to produce all documents responsive to Mattel's Fifth Set (Phase 2) of Requests for Production of Documents and Things, Request Nos. 39-49, and (2) overrule all of the MGA Parties' objections to the Requests.

DATED: August 3, 2010          QUINN EMANUEL URQUHART &
                               SULLIVAN, LLP


                               By /s/ Michael Zeller
                                  Michael T. Zeller
                                  Attorneys for Mattel, Inc.