# EXHIBIT A

## TO

**DECLARATION OF ALEXANDER H. COTE IN SUPPORT OF CARLOS GUSTAVO MACHADO GOMEZ'S OPPOSITION TO MATTEL INC.'S CROSS-MOTION FOR DISCOVERY**

CV 04-9049 DOC - 1/19/2010 - Volume I

1

1        UNITED STATES DISTRICT COURT

2       CENTRAL DISTRICT OF CALIFORNIA

3    HONORABLE DAVID O. CARTER, JUDGE PRESIDING

4            - - - - - - -

5   CARTER BRYANT,                    )
                                      )
6          Plaintiff,                 )
                                      )
7      vs.                            )  No. CV 04-9049 DOC
                                      )     Volume I
8   MATTEL, INC.,                     )
                                      )
9          Defendant.                 )
    _____ )

10

11

12

13       REPORTER'S TRANSCRIPT OF PROCEEDINGS

14           Status Conference

15          Santa Ana, California

16         Tuesday, January 19, 2010

17

18

19

20   Debbie Gale, CSR 9472, RPR
     Federal Official Court Reporter
21   United States District Court
     411 West 4th Street, Room 1-053
22   Santa Ana, California 92701
     (714) 558-8141
23

24   04cv9049 Mattel 2010-01-19 V1

25

1    **APPEARANCES OF COUNSEL:**

2

     FOR INTERVENER DEFENDANT MGA ENTERTAINMENT, INC.:
3
              ORRICK, HERRINGTON & SUTCLIFFE, LLP
4             BY:  THOMAS S. McCONVILLE
                   Attorney at Law
5        4 Park Plaza
         Suite 1600
6        Irvine, California 92614
         (949) 567-6700
7

8

9    FOR DEFENDANT MATTEL, INC.:

10            QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
              BY:  MICHAEL T. ZELLER
11                 JOHN QUINN
                   Attorneys at Law
12       865 South Figueroa Street
         10th Floor
13       Los Angeles, California 90017
         (213) 443-3000
14

15

     FOR COUNTER DEFENDANT CARLOS GUSTAVO MACHADO GOMEZ :
16
              SCHEPER KIM & OVERLAND LLP
17            BY:  MARK E. OVERLAND
                   ALEXANDER H. COTE
18                 Attorneys at law
         601 West 5th Street
19       12th Floor
         Los Angeles, CA 90071-2025
20       213-613-4655
         Email: moverland@scheperkim.com
21       Email: acote@scheperkim.com

22

23

24

25

DEBBIE GALE, U.S. COURT REPORTER

CV 04-9049 DOC — 1/19/2010 — Volume I

3

1    **APPEARANCES OF COUNSEL (Continued):**

2

3    FOR MATERIAL WITNESS MARIANA TRUEBA:

4            BIENERT MILLER & KATZMAN, PLC
             BY:  Thomas H. Bienert, Jr.
5                 Attorney at Law
             115 Avenida Miramar
6            Suite A
             San Clemente, California 92672
7            (949)369-3700

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

CV 04-9049 DOC – 1/19/2010 – Volume I

4

1

**I N D E X**

2    **PROCEEDINGS**                                          **PAGE**

3    Status Conference                                      5

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

DEBBIE GALE, U.S. COURT REPORTER

CV 04-9049 DOC - 1/19/2010 - Volume I

5

|  |  |
|---|---|
| | 1 |
| | 2 |
| | 3 |
| 08:38 | 4 |
| 08:39 | 5 |
| 08:39 | 6 |
| 08:39 | 7 |
| 08:39 | 8 |
| 08:39 | 9 |
| 08:39 | 10 |
| 08:39 | 11 |
| 08:39 | 12 |
| 08:39 | 13 |
| 08:39 | 14 |
| 08:39 | 15 |
| 08:39 | 16 |
| 08:39 | 17 |
| 08:39 | 18 |
| 08:39 | 19 |
| 08:39 | 20 |
| 08:39 | 21 |
| 08:39 | 22 |
| 08:39 | 23 |
| 08:40 | 24 |
| 08:40 | 25 |

**SANTA ANA, CALIFORNIA, TUESDAY, JANUARY 19, 2010**

**Volume I**

(8:38 a.m.)

THE COURT:  We'll take the matter of Mattel v. MGA
Entertainment for just a few moments, counsel, see if I can
get you out of the way.  Your appearances.

MR. McCONVILLE:  Tom McConville.

MR. QUINN:  John Quinn on behalf of Mattel.

MR. ZELLER:  Mike Zeller for Mattel.

THE COURT:  Good morning.  And Mr. Overland's here
also.

And we have Mr. Machado -- and Mr. Machado, I
assume, is here.

MR. OVERLAND:  He is, Your Honor.

THE COURT:  And, Counsel, your positions
concerning this.

MR. BIENERT:  Your Honor, may I just say, 'cause I
simply want to take this at the same time -- I'm Thomas
Bienert, on behalf of a witness, Ms. Trueba, who is
similarly situated in Mexico and due to come in later in the
week.  So we filed a similar proposed order.

THE COURT:  Okay.  Now, Counsel, so you make a
good record, what's Mattel's position on this?

I'm trying to get you out of the way this morning;
otherwise, you're going to be here later.

DEBBIE GALE, U.S. COURT REPORTER

CV 04-9049 DOC - 1/19/2010 - Volume I

6

| | | |
|---|---|---|
| 08:40 | 1 | MR. QUINN:  Yes.  Appreciate that, Your Honor. |
| 08:40 | 2 | Your Honor, this request for an order under |
| 08:40 | 3 | Section 6003 for immunity, it's -- under any circumstances, |
| 08:40 | 4 | this is an extraordinary type of relief.  And this is a |
| 08:40 | 5 | unique situation in that it's being requested in a civil |
| 08:40 | 6 | case.  And it's not being requested by the government.  If |
| 08:40 | 7 | you read the language of the Rule 6003, it really says the |
| 08:40 | 8 | government has to make this request and it has to be cleared |
| 08:40 | 9 | through main justice. |
| 08:40 | 10 | But what really troubles us about the proposed |
| 08:40 | 11 | order, Your Honor, is this:  The order seeks "use" immunity |
| 08:40 | 12 | with respect to any proceeding not only in this country but |
| 08:40 | 13 | in Mexico.  And there's a United States Supreme Court case |
| 08:40 | 14 | which we think is on point, Your Honor, the *Bayliss* |
| 08:40 | 15 | *(phonetic)* case, which we cited to the Court, that involved |
| 08:40 | 16 | an alleged Nazi war criminal who was concerned that his |
| 08:41 | 17 | testimony might be used against him in Lithuania.  And the |
| 08:41 | 18 | U.S. Supreme Court said, no, that's -- the Fifth Amendment |
| 08:41 | 19 | doesn't reach that far.  It relates only to this sovereign, |
| 08:41 | 20 | i.e., the United States. |
| 08:41 | 21 | As a practical matter, if the order was signed as |
| 08:41 | 22 | requested, it would grant complete immunity for these |
| 08:41 | 23 | witnesses not to tell the truth.  I mean, by its terms, the |
| 08:41 | 24 | Mexican authorities couldn't even be informed about what |
| 08:41 | 25 | testimony had been given here.  I think for reasons of |

DEBBIE GALE, U.S. COURT REPORTER

CV 04-9049 DOC - 1/19/2010 - Volume I

7

| 08:41 | 1 | comity, as well, Your Honor, this Court shouldn't enter an |
| 08:41 | 2 | order basically sealing for all time and precluding any use |
| 08:41 | 3 | of testimony made in this proceeding with respect to |
| 08:41 | 4 | proceedings in Mexico. |
| 08:41 | 5 | So, Your Honor, we are a little bit troubled by |
| 08:41 | 6 | the request.  It doesn't seem to fall within the four |
| 08:41 | 7 | corners of the Rule 6003.  We think it comes very, very late |
| 08:41 | 8 | in this proceeding.  It's gone on for a couple of years. |
| 08:42 | 9 | THE COURT:  Why did I get it this late?  I'm not |
| 08:42 | 10 | finding fault.  I'm just curious.  Remember, I'd asked you |
| 08:42 | 11 | to contact Mr. Overland.  Mr. Overland was going to get you |
| 08:42 | 12 | the order.  What happened here?  Because I'm trying not to |
| 08:42 | 13 | inconvenience you.  What occurred? |
| 08:42 | 14 | MR. QUINN:  I don't know exactly what -- |
| 08:42 | 15 | THE COURT:  That's probably 'cause you weren't |
| 08:42 | 16 | here. |
| 08:42 | 17 | MR. QUINN:  -- Mr. Zeller knows. |
| 08:42 | 18 | THE COURT:  Mr. Zeller? |
| 08:42 | 19 | MR. ZELLER:  We asked -- you'll recall, we asked |
| 08:42 | 20 | Mr. Overland/Mr. Cote to agree upon a schedule.  That didn't |
| 08:42 | 21 | happen.  We filed our objections within about 48 hours of |
| 08:42 | 22 | when that order was lodged. |
| 08:42 | 23 | THE COURT:  Okay.  Thank you very much. |
| 08:42 | 24 | Mr. Overland Overland. |
| 08:42 | 25 | MR. OVERLAND:  Your Honor, this isn't really a |

DEBBIE GALE, U.S. COURT REPORTER

CV 04-9049 DOC - 1/19/2010 - Volume I

8

| 08:42 | 1 | motion for anything.  I thought that everybody wanted |
| 08:42 | 2 | Mr. Machado to testify.  Mr. Machado had taken the Fifth |
| 08:42 | 3 | Amendment previously.  And in order to prevent coming back |
| 08:43 | 4 | to the Court with every question, my feeling was that, if |
| 08:43 | 5 | the Court granted Mr. Machado use and derivative use |
| 08:43 | 6 | immunity which is consistent with the assertion of the Fifth |
| 08:43 | 7 | Amendment, then everybody could listen to Mr. Machado's |
| 08:43 | 8 | testimony. |
| 08:43 | 9 | Now, with respect to the Mexican proceedings, |
| 08:43 | 10 | counsel cites the *Balsys* case, but *Balsys* says, at pages 688 |
| 08:43 | 11 | and 689 -- I'm sorry -- 698 and 699, the Supreme Court said |
| 08:43 | 12 | that, regardless of the application of the Fifth Amendment |
| 08:43 | 13 | in a foreign proceeding, if there is cooperative conduct |
| 08:43 | 14 | between the prosecution -- a United States prosecutor and |
| 08:43 | 15 | the foreign prosecutor, then, in effect, the Fifth Amendment |
| 08:44 | 16 | would be applicable. |
| 08:44 | 17 | And on January 12 and 13th, we took the deposition |
| 08:44 | 18 | of Mr. Francisco Tiburcio.  Mr. Tiburcio is a lawyer in a |
| 08:44 | 19 | 160-man firm or person firm hired by Mattel.  And the |
| 08:44 | 20 | Mexican prosecution is not like the prosecution here in the |
| 08:44 | 21 | United States.  This is a crime -- and this is all according |
| 08:44 | 22 | to Mr. Tiburcio's deposition -- this is a crime that cannot |
| 08:44 | 23 | be prosecuted by the State.  And the prosecution cannot be |
| 08:44 | 24 | initiated by the State.  This is a nonviolent offense, which |
| 08:44 | 25 | according to Mexican law, can only be prosecuted by the |

DEBBIE GALE, U.S. COURT REPORTER

CV 04-9049 DOC - 1/19/2010 - Volume I

9

| | | |
|---|---|---|
| 08:44 | 1 | aggrieved party, i.e., Mattel. And that's exactly what's |
| 08:44 | 2 | been happening with respect to the Mexican prosecution. |
| 08:44 | 3 | Mr. Tiburcio, according to his deposition, who was |
| 08:45 | 4 | hired by Mattel, was one of the firm's attorneys -- and the |
| 08:45 | 5 | firm's name is Bashan, B-A-S-H-A-N, Ringe, R-I-N-G-E and |
| 08:45 | 6 | Correa, C-O- double R-E-A. He is one of the attorneys that, |
| 08:45 | 7 | in fact, prepared the accusation which is presented to the |
| 08:45 | 8 | prosecution in order to initiate the prosecution. So this |
| 08:45 | 9 | was a prosecution initiated by Mattel in Mexico. He |
| 08:45 | 10 | presented the complaint with approximately 3600 pages of |
| 08:45 | 11 | attachments, having investigated the case, in order for the |
| 08:45 | 12 | prosecution to proceed. After he did this -- and this was |
| 08:45 | 13 | done on April 6th of 2005. After he filed this, then he |
| 08:46 | 14 | sought an arrest warrant for the three defendants. |
| 08:46 | 15 | What he did in connection with this, and also as a |
| 08:46 | 16 | basis for an eventual indictment, was personally present |
| 08:46 | 17 | witnesses before the public prosecutor in support of the |
| 08:46 | 18 | prosecution. So -- and since the filing of the indictment, |
| 08:46 | 19 | the participation of Mattel in pushing forward the |
| 08:46 | 20 | prosecution doesn't stop. Mr. Tiburcio and his firm, on |
| 08:46 | 21 | behalf of Mattel, in connection with that prosecution has |
| 08:46 | 22 | filed motions, has opposed motions by the defense, has |
| 08:46 | 23 | appealed rulings by the court, has appealed all the way to |
| 08:46 | 24 | the Mexican Supreme Court. And that continues. So they are |
| 08:47 | 25 | involved as co-prosecutors, if not the main prosecutors in |

CV 04-9049 DOC - 1/19/2010 - Volume I

10

| | | |
|---|---|---|
| 08:47 | 1 | the Mexican prosecution. |
| 08:47 | 2 | And I can understand why they want to use this |
| 08:47 | 3 | information in Mexico.  It's because they, in effect, are |
| 08:47 | 4 | the prosecutors in Mexico.  And this is exactly what *Balsys* |
| 08:47 | 5 | was talking about, where there is a cooperative venture |
| 08:47 | 6 | between the two prosecutions, then the Fifth Amendment is |
| 08:47 | 7 | applicable. |
| 08:47 | 8 | And if they want to use this in Mexico, then we're |
| 08:47 | 9 | just gonna claim the Fifth Amendment.  So, absent a court |
| 08:47 | 10 | order, Mr. Machado is not gonna testify.  If they really |
| 08:47 | 11 | want the testimony, rather than an adverse inference |
| 08:47 | 12 | eventually because Mr. Machado has taken the Fifth -- if |
| 08:47 | 13 | they really want the testimony, they'll agree to this |
| 08:47 | 14 | because they, in effect, are the prosecutors in Mexico. |
| 08:48 | 15 | THE COURT:  Thank you very much. |
| 08:48 | 16 | Now, Counsel, I've got a number of in-custodies. |
| 08:48 | 17 | If this is brief, I'll hear your argument. |
| 08:48 | 18 | MR. McCONVILLE:  We don't oppose the order, and |
| 08:48 | 19 | would urge the Court to enter it. |
| 08:48 | 20 | MR. BIENERT:  Your Honor, I would just add, so |
| 08:48 | 21 | your honor knows the context of my client, she's not a |
| 08:48 | 22 | defendant in this case, Ms. Trueba, but she is one of the |
| 08:48 | 23 | three Mexican witnesses.  She is one of the people who is |
| 08:48 | 24 | facing the criminal charge pushed by Mattel in Mexico.  And, |
| 08:48 | 25 | of course, as I understand it, Mattel's position is there's |

DEBBIE GALE, U.S. COURT REPORTER

CV 04-9049 DOC - 1/19/2010 - Volume I

11

| | | |
|---|---|---|
| 08:48 | 1 | venue here for the same nucleus of facts. That's why they |
| 08:48 | 2 | brought their case here and the other part of the case that |
| 08:48 | 3 | went forward. |
| 08:48 | 4 | THE COURT: Okay. Now, I need to take some other |
| 08:48 | 5 | in-custodies so I can have the marshals clear out. And I |
| 08:48 | 6 | never want to denigrate a civil matter. But, unfortunately, |
| 08:48 | 7 | I've got to put you off a little bit. |
| 08:48 | 8 | When can you come back? Can you do anything |
| 08:48 | 9 | productive in the next hour or hour and a half? |
| 08:48 | 10 | MR. OVERLAND: Well, the Machado deposition is |
| 08:48 | 11 | scheduled, so we're waiting for this ruling. |
| 08:48 | 12 | THE COURT: So nothing's going forward right now? |
| 08:49 | 13 | MR. OVERLAND: Not with respect to Mr. Machado. |
| 08:49 | 14 | THE COURT: Is that correct? |
| 08:49 | 15 | MR. QUINN: We do actually have the Isaac Larian |
| 08:49 | 16 | deposition going on. |
| 08:49 | 17 | THE COURT: So that, at least, is going on. Then |
| 08:49 | 18 | why don't you come back and see me in about an hour. |
| 08:49 | 19 | Let me see if I can move the in-custodies out, |
| 08:49 | 20 | 'cause I can free up my marshal resources. Okay? |
| 08:49 | 21 | All right. Thank you very much. |
| 08:49 | 22 | *(Pause in the proceedings at 8:49 a.m.)* |
| 10:23 | 23 | *(Proceedings resumed at 10:26 a.m.)* |
| 10:26 | 24 | THE COURT: On Mattel/MGA, what's really being |
| 10:26 | 25 | said to the Court by Mr. Overland is the subtlety of the |

CV 04-9049 DOC - 1/19/2010 - Volume I

12

10:27   1   threat that, if immunity is not granted, Mr. Machado will

10:27   2   continue to take the Fifth because it has some kind of

10:27   3   application to the proceedings in Mexico; and, therefore, my

10:27   4   guess is that there's some possibility of Mr. Machado not

10:27   5   participating -- and I'm guessing at this -- in the

10:27   6   remainder of the deposition, and simply leaving town, in a

10:27   7   sense.

10:27   8             First of all, the Fifth Amendment applies to the

10:27   9   United States.  It is not extraterritorial.  We could have

10:27   10   made that decision last week.  But the *Balthazar* case does

10:27   11   caution that, in a situation like this, where a proceeding

10:27   12   is taking place -- and Mattel controls this situation,

10:27   13   apparently, or at least brought the situation down in

10:27   14   Mexico -- that you really do control your own future.

10:28   15             So why can't this simply extend to Mexico?  I

10:28   16   don't understand why that agreement can't be reached between

10:28   17   the parties.  In other words, Mattel is driving forward, so

10:28   18   be it, in Mexico.  Why can't you limit or can't you

10:28   19   stipulate to this in terms of your proceedings in Mexico?

10:28   20   Because if you don't, the end result's going to be that,

10:28   21   although I'm threatening an adverse inference or the Fifth

10:28   22   Amendment may be known -- and it still may be -- then it's a

10:28   23   little bit of an open book in that regard because you are

10:28   24   controlling these proceedings in Mexico.

10:28   25             So -- no, just a moment before you rise to the

DEBBIE GALE, U.S. COURT REPORTER

CV 04-9049 DOC - 1/19/2010 - Volume I

13

| | | |
|---|---|---|
| 10:28 | 1 | occasion -- I'm not looking for legal argument.  I'm looking |
| 10:28 | 2 | for just simply a "yes" or a "no."  You control the |
| 10:28 | 3 | situation.  And I would think that you'd want information |
| 10:29 | 4 | from Mr. Machado.  But that's not my problem.  I can wrestle |
| 10:29 | 5 | with whether I'm going to give an adverse inference or |
| 10:29 | 6 | whether I'm going to let the jury know whether the Fifth |
| 10:29 | 7 | Amendment's been taken by your client.  But that's an open |
| 10:29 | 8 | book where you control it now. |
| 10:29 | 9 | MR. QUINN:  Your Honor, as to the U.S., there's no |
| 10:29 | 10 | issue.  As to Mexico, Your Honor, we don't accept the |
| 10:29 | 11 | characterization that's been made to the Court about how we |
| 10:29 | 12 | control the Mexican proceedings. |
| 10:29 | 13 | THE COURT:  Oh, I understand that. |
| 10:29 | 14 | MR. QUINN:  But, you know, the issue here, |
| 10:29 | 15 | Your Honor, is it creates a potential that basically |
| 10:29 | 16 | Mr. Machado can say one thing in this forum and can say |
| 10:29 | 17 | another thing down in Mexico.  That proposed order says that |
| 10:29 | 18 | this testimony here is not to be disclosed to anybody. |
| 10:29 | 19 | Now we've had discussion in this court about |
| 10:29 | 20 | protective orders and how too much has been under seal, and |
| 10:29 | 21 | all the rest of it.  This strikes me as kind of an unusual |
| 10:30 | 22 | circumstance where, in a civil case, a witness is coming |
| 10:30 | 23 | saying, "Here are the conditions on which I'm prepared to |
| 10:30 | 24 | testify.  And one of 'em is:  Nobody ever is told anything |
| 10:30 | 25 | about what my testimony is."  That's what the last paragraph |

CV 04-9049 DOC - 1/19/2010 - Volume I

14

10:30  1   of that proposed order says.

10:30  2            It's a license, Your Honor -- it creates a

10:30  3   situation where it's a license for him to say anything he

10:30  4   wants here and anything he wants there with impunity.

10:30  5            THE COURT:  But what he says here is controlling

10:30  6   in this lawsuit.  What I don't understand is:  What he says

10:30  7   here is controlling.  Why do I care what he says in Mexico?

10:30  8   Why is this jury, in front -- I mean, that's not going to

10:30  9   come into this proceeding.  What he says here is important

10:30  10  at this deposition for this jury in the United States.  If

10:30  11  he is wants to go down and perjure himself in Mexico, that's

10:30  12  his problem.

10:30  13           MR. QUINN:  Well, I submit, Your Honor, that

10:30  14  Mattel -- I just asked the Court to accept the hypothesis

10:31  15  that Mattel is a victim in Mexico; that a victim in Mexico,

10:31  16  like a victim in the U.S., has certain rights and

10:31  17  participates in a --

10:31  18           THE COURT:  I know that.  But you're

10:31  19  controlling -- I know that you don't like the word

10:31  20  "control."  But when you bring these duality proceedings,

10:31  21  then you've got to make some choice.

10:31  22           Now, I'm not going to make the choices for you

10:31  23  down in Mexico.  It certainly would be a benefit here.  And

10:31  24  he's going to have to come back and testify, by the way.  So

10:31  25  I would expect Mr. Machado would be back at the time of

**DEBBIE GALE, U.S. COURT REPORTER**

CV 04-9049 DOC - 1/19/2010 - Volume I

15

| | | |
|---|---|---|
| 10:31 | 1 | trial because I'm probably not going to be using depositions |
| 10:31 | 2 | at the time of trial.  Okay?  Or you can just -- well, you |
| 10:31 | 3 | can decide what you want to do. |
| 10:31 | 4 | But you brought it in both jurisdictions.  I have |
| 10:31 | 5 | no complaint about that.  But I'm not going to intercede |
| 10:31 | 6 | down in Mexico.  And it just seems to me the only thing I |
| 10:31 | 7 | care about is what he's saying here in this deposition and |
| 10:31 | 8 | what gets in front of this jury. |
| 10:32 | 9 | MR. QUINN:  Your Honor, we're not asking the Court |
| 10:32 | 10 | to intercede in Mexico.  We think the proposed order, |
| 10:32 | 11 | though, that provides that no party to this action can |
| 10:32 | 12 | disclose any of his testimony in this case to anyone is |
| 10:32 | 13 | pretty extraordinary.  At the end it says, "including but |
| 10:32 | 14 | not limited to any proceedings in Mexico." |
| 10:32 | 15 | I mean, how many times -- I'm trying to think |
| 10:32 | 16 | whether, in my career, I've ever seen a situation in a civil |
| 10:32 | 17 | action where Court's entertained the possibility of entering |
| 10:32 | 18 | an order that testimony is not going to be disclosed to |
| 10:32 | 19 | anybody at any time for any purpose. |
| 10:32 | 20 | THE COURT:  Okay.  I'll see you in an hour. |
| 10:32 | 21 | Unfortunately, that's the way I've got to operate with a |
| 10:32 | 22 | criminal calendar I didn't expect you in at 7:30 with this |
| 10:32 | 23 | particular issue.  I thought it was resolved. |
| 10:32 | 24 | So now we'll just go at my speed and that's the |
| 10:32 | 25 | best we can do. |

CV 04-9049 DOC - 1/19/2010 - Volume I

16

| 10:32 | 1 | Thank you very much.  We will see you at 11:30. |
| 10:32 | 2 | (Proceedings recessed at 10:32 a.m.) |
| 10:32 | 3 | (Further proceedings reported by Jane Sutton |
| 10:32 | 4 | in Volume II.) |
| 10:32 | 5 | -oOo- |
| 10:32 | 6 | |
| | 7 | |
| | 8 | |
| | 9 | |
| | 10 | |
| | 11 | |
| | 12 | |
| | 13 | |
| | 14 | |
| | 15 | |
| | 16 | |
| | 17 | |
| | 18 | |
| | 19 | |
| | 20 | |
| | 21 | |
| | 22 | |
| | 23 | |
| | 24 | |
| | 25 | |

DEBBIE GALE, U.S. COURT REPORTER

-oOo-


CERTIFICATE


        I hereby certify that pursuant to Section 753,

Title 28, United States Code, the foregoing is a true and

correct transcript of the stenographically reported

proceedings held in the above-entitled matter and that the

transcript page format is in conformance with the

regulations of the Judicial Conference of the United States.


Date:   January 25, 2010



                        _____
                        DEBBIE GALE, U.S. COURT REPORTER
                        CSR NO. 9472, RPR

SACV 04-9049-DOC - 01/19/2010 - Vol. II

1

1          UNITED STATES DISTRICT COURT

2          CENTRAL DISTRICT OF CALIFORNIA

3      HONORABLE DAVID O. CARTER, JUDGE PRESIDING

4                  - - - - - - -

5

6   CARTER BRYANT,                    )
                                      )
7           Plaintiff,                )
                                      )
8       vs.                           ) No. SACV 04-9049-DOC
                                      )     Volume II
9   MATTEL, INC.,                     )
                                      )
10          Defendant.                )
    _____ )

11

12

13

14      REPORTER'S TRANSCRIPT OF PROCEEDINGS

15              Status Conference

16            Santa Ana, California

17          Tuesday, January 19, 2010

18

19

20

21
    Jane C.S. Rule, CSR 9316
22  Federal Official Court Reporter
    United States District Court
23  411 West 4th Street, Room 1-053
    Santa Ana, California 92701
24  (714) 558-7755

25  10-01-19 MattelV2

JANE C.S. RULE, CSR NO. 9316 - U.S. COURT REPORTER

2

1     **APPEARANCES OF COUNSEL:**

2

3     FOR INTERVENOR DEFENDANT MGA ENTERTAINMENT, INC.:

4            ORRICK, HERRINGTON & SUTCLIFFE, LLP
            BY:  THOMAS S. MC CONVILLE
5                 Attorney at Law
            4 Park Plaza Suite 1600
6             Irvine, California 92614
            (949) 567-6700

7

8             - AND -

9             ORRICK, HERRINGTON & SUTCLIFFE, LLP
            BY:  ANNETTE L. HURST
10                Attorney at Law
           405 Howard Street
           San Francisco, California 94105
11           (415) 773-5700

12

13     FOR DEFENDANT MATTEL, INC.:

14            QUINN, EMANUEL, URQUHART, OLIVER & HEDGES
          By:  JOHN B. QUINN
15               MICHAEL T. ZELLER
              Attorneys at Law
16           865 South Figueroa Street
          10th Floor
          Los Angeles, California 90017-2543
17          (213) 443-3000

18

19     FOR COUNTER-DEFENDANT CARLOS GUSTAVO MACHADO GOMEZ:

20            SCHEPER, KIM & OVERLAND, LLP
          By:  MARK E. OVERLAND
21               ALEXANDER H. COTE
              Attorneys at Law
22           One Bunker Hill
          601 West Fifth Street
23           12th Floor
          Los Angeles, California 90071
24          (213) 613-4680

25

JANE C.S. RULE, CSR NO. 9316 - U.S. COURT REPORTER

SACV 04-9049-DOC - 01/19/2010 - Vol. II

3

1    APPEARANCES OF COUNSEL (Continued):

2

3    FOR MATERIAL WITNESS MARIANA TRUEBA:

4

5            BIENERT, MILLER, WEITZEL & KATZMAN
             By:  THOMAS H. BIENERT, JR.
                  Attorney at Law
6            115 Avenida Miramar
             San Clemente, California 92672
7            (949) 369-3700

8

9    ALSO PRESENT:

10           JILL THOMAS, Asst. General Counsel, Mattel, Inc.

11           ISAAC LARIAN, CEO, MGA Entertainment

12           JEANNE PISONI, General Counsel, MGA Entertainment

13           PATRICK FRAIOLI, Attorney, Court-Appointed Monitor

14

15

16

17

18

19

20

21

22

23

24

25

JANE C.S. RULE, CSR NO. 9316 - U.S. COURT REPORTER

SACV 04-9049-DOC - 01/19/2010 - Vol. II

4

| 1 | **I N D E X** |
|---|---|
| 2 | |
| 3 | |
| 4 | STATUS CONFERENCE |
| 5 | |
| 6 | |
| 7 | |
| 8 | |
| 9 | |
| 10 | |
| 11 | |
| 12 | |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |

JANE C.S. RULE, CSR NO. 9316 - U.S. COURT REPORTER

5

1          **SANTA ANA, CALIFORNIA, TUESDAY, JANUARY 19, 2010**

2                                **VOLUME II**

3                              **(12:15 p.m.)**

4          THE COURT:  Okay.  Counsel, one question for

5    Mr. Overland.

6          What did the United States Attorneys' Office

7    represent to you?  In other words, we have the letter, and

8    in conjunction with that, do you fear -- or have a fear of

9    prosecution in any U.S. jurisdiction that is founded in fact

10   at this time?

11         MR. OVERLAND:  I am not sure what the Court means

12   "founded in fact," whether there is a --

13         THE COURT:  Strike that.  I'm going to now strike

14   "founded in fact."

15         Do you have any fear of prosecution in any U.S.

16   jurisdiction?

17         MR. OVERLAND:  Yes.

18         THE COURT:  Which one?

19         MR. OVERLAND:  California and Arizona.

20         THE COURT:  Which district?

21         MR. OVERLAND:  State.

22         THE COURT:  State.  Based upon what

23   representation?

24         MR. OVERLAND:  Based on the fact that discovery

25   has shown that some of the information that was allegedly

SACV 04-9049-DOC - 01/19/2010 - Vol. II

6

1  taken by Mr. Machado was stored in computers, Mattel

2  computers in El Segundo and in Phoenix, and both --

3              THE COURT:  What state prosector has represented

4  to you or --

5              MR. OVERLAND:  None.

6              THE COURT:  Is there any information about an

7  indictment, you being targeted, any grand jury summons,

8  anything?

9              MR. OVERLAND:  No.

10             THE COURT:  So, in other words -- well, okay.

11  This is the ruling of the Court, then:

12             Mr. Overland, who is counsel for Machado, has

13  indicated that his client intends to invoke the Fifth

14  Amendment during today's deposition testimony.  In the civil

15  context, the privilege against self-incrimination may only

16  be invoked when the person invoking the privilege reasonably

17  believes that his disclosures could be used in a criminal

18  prosecution or that the disclosures could lead to evidence

19  that could be used in a criminal prosecution.

20             The Court cites Doe v. Rudy Lanzer v. Glanzer at

21  232 F.3d 1258, 1263 (9th Cir. 2000).

22             This Court considers the Fifth Amendment privilege

23  unavailable to Mr. Machado in light of the disclosure by the

24  U.S. Attorneys Office for the Central District of

25  California, that it does not contemplate bringing a criminal

1    action against Mr. Machado.

2          Based on the Ballas (phonetic) case, the Court

3    considers the privilege unavailable with respect to four

4    jurisdictions.  Therefore, the Court denies Mr. Machado's

5    proposed order.  But the Court further warns the parties

6    that the deposition of Mr. Machado should not be used as an

7    evidence-gathering mechanism for the criminal prosecution of

8    Mr. Machado in Mexico.  If any such prosecution is pending

9    and/or directed or participated in by Mattel, this is

10   especially so in light of the supreme court's statement in

11   Ballas that, quote, "Cooperative conduct between the United

12   States and foreign nations could not develop to a point at

13   which a claim could be made for recognizing fear of foreign

14   prosecution under the self-incrimination clause as

15   traditionally understood," end of quote.

16         This situation is not identical in that the United

17   States prosectors are not working with Mexican authorities.

18   However, this may be a distinction without a difference,

19   because the supreme court was concerned with the mere

20   funneling of information obtained in a case in a United

21   States court for the benefit of a foreign prosecution.

22   Certainly, a fear of self-incrimination would exist in such

23   a circumstance.  At this time, however, the Court is not

24   clear on the extent of Mattel's cooperation with Mexican

25   authorities, and so Mr. Machado's immunity is speculative.

8

```
 1    This Court has ample tools in the back end if it determines
 2    that Mattel later misuses the testimony of Mr. Machado,
 3    therefore the proposed order is denied.
 4              Counsel, goodbye.
 5              MR. BIENERT:  Your Honor, may I inquire based on
 6    my client?
 7              THE COURT:  Are you seeking direction from the
 8    Court?  Do what you will.
 9              MR. BIENERT:  I'm assuming it would be the same
10    ruling as --
11              THE COURT:  Do what you will.  I'll resolve that
12    at the time.
13              MR. BIENERT:  Fair enough, your Honor.
14              THE COURT:  Okay.  I'm giving all of the parties
15    the first opportunity.
16              MR. BIENERT:  Thank you, your Honor.
17              THE COURT:  Then I'll deal with it when it's
18    before me.
19              All right.  Thank you very much, counsel.
20              (Recess.)
21                            -oOo-
22
23
24
25
```

9

```
 1                        -oOo-

 2                     CERTIFICATE

 3

 4       I hereby certify that pursuant to Section 753,

 5  Title 28, United States Code, the foregoing is a true and

 6  correct transcript of the stenographically reported

 7  proceedings held in the above-entitled matter and that the

 8  transcript page format is in conformance with the

 9  regulations of the Judicial Conference of the United States.

10

11  Date:  January 21, 2010

12

13

14       _____

15       JANE C.S. RULE, U.S. COURT REPORTER
         CSR NO. 9316

16

17

18

19

20

21

22

23

24

25
```