QUINN EMANUEL URQUHART & SULLIVAN, LLP
  John B. Quinn (Bar No. 090378)
  (johnquinn@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:  (213) 443-3000
Facsimile:   (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| MATTEL, INC., a Delaware corporation,<br><br>    Plaintiff,<br><br>    vs.<br><br>MGA Entertainment, Inc., a California corporation, et al.,<br><br>    Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 DOC (RNBx)<br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>Hon. David O. Carter<br><br>STIPULATION RE: EXPERT DISCOVERY FOR PHASE 2 |
|---|---|

00505.07975/3268627.2

STIPULATION RE: EXPERT DISCOVERY

IT IS HEREBY STIPULATED AND AGREED, by and between Mattel, Inc., Mattel de Mexico, S.A. de C.V., MGA Entertainment, Inc., MGA Entertainment (HK) Limited, MGAE de Mexico, S.R.L. de C.V., Isaac Larian, and Carlos Gustavo Machado Gomez (for purposes of this Stipulation and Order, each of which is a "Party" and all of which are collectively referred to herein as "the Parties") as follows:

1. The Parties agree to modify the requirements of Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure with respect to required disclosures concerning any experts testifying in connection with the above-captioned Litigation (the "Litigation"), and the scope of any documents or information concerning or created by any expert witness retained by any of the Parties in the litigation ("Experts") that may be subject to discovery in (a) the Litigation or (b) in any other proceeding where any person may seek production of documents or information concerning or created by such Expert in connection with the Litigation ("Other Proceeding"), are modified and limited as set forth below.

2. Notwithstanding anything to the contrary in Rule 26(a)(2)(B) or any other law, rule or regulation provided by any federal, state, regulatory, judicial, arbitral, local or foreign authority, the Parties agree that they will produce, as part of each Expert's Rule 26 Report ("Expert Report"), or contemporaneously with that Expert Report, the following information or documents, in addition to the Expert Report itself:

(a) any data, materials, factual or legal assumptions, or other information considered by the Expert or on which the Expert has relied or intends to rely in forming the opinions expressed in the Expert Report;

(b) a complete statement of the qualifications of the Expert, including a list of all publications authored by the Expert within the preceding ten (10) years;

(c) a complete statement of the compensation paid or to be paid to the Expert in connection with his/her work in the Litigation; and

(d) a listing of any other cases in litigation, arbitration, or administrative proceeding, in which the Expert has provided an Expert Report, or has testified as an expert at trial or by deposition, within the preceding four (4) years, and any deposition, hearing, arbitration or trial transcripts of the Expert's testimony in such proceedings which are in his or her possession, custody or control.

3. With regard to the production of any data, materials or other information pursuant to paragraph 2(a) above that have been previously disclosed or produced in this action, such as documents produced in discovery or other discovery-related documents, the Parties need not reproduce or re-disclose the above materials so long as they identify any documents that may be identified by Bates number, and identify any documents that cannot be identified by Bates number with sufficient particularity that they are easily accessible to Parties receiving the Expert Report.

4. With regard to any third-party materials that may be among the data, materials or other information produced pursuant to paragraph 2(a), a complete copy of such materials shall be provided, not just a copy of those portions considered or relied upon by the Expert.

5. Notwithstanding anything to the contrary in <u>Fed. R. Civ. P.</u> 26(a)(2)(B), or case law, the following materials pertaining to Experts ("Excluded Information") shall NOT be subject to disclosure and shall not be admissible in connection with the Litigation or any Other Proceeding:

a. any notes, comments, edits, or drafts of materials, summaries, charts, illustrative documents, exhibits, declarations, affidavits, reports, preliminary or intermediate programs, preliminary or intermediate calculations, preliminary or intermediate computations, preliminary or intermediate data runs prepared by the Expert, or by persons working under their supervision;

b. all written or oral communications, including but not limited to letters, emails, facsimiles, conferences, telephone calls, between the

Expert and/or persons working under his or her supervision, on the one hand, and the Party or Parties on whose behalf the Expert has been engaged, including but not limited to such Party's or Parties' outside or in-house counsel, and/or persons working under the supervision of the Party's or Parties' outside or in-house counsel, on the other hand, <u>provided, however</u>, that any communications on which the Expert intends to rely shall be produced and disclosed; and

        c.     any documents relating to the items which need not be disclosed as set forth in paragraph 5(a) and (b).

The Parties agree that Excluded Information shall be treated as attorney work product and will be subject to the protections from disclosure in the Litigation or in any Other Proceeding that attorney work product enjoys under the <u>Federal Rules of Civil Procedure</u> and the <u>Federal Rules of Evidence</u>.

6. The Parties agree that there will be no inquiries at depositions, hearings, or at trial into the existence of or nature of the Excluded Information, whether by the Parties or any non-parties.

7. The terms of this Stipulation and Order shall remain in effect during and after the conclusion of this Litigation.

8. The Parties believe that this Stipulation and Order does not conflict with the Order on Stipulation Re: Expert Discovery for Phase I, dated March 11, 2008 or with the Stipulated Protective Order dated January 4, 2005. However, to the extent there exist any inconsistencies between this Stipulation and Order and these earlier Orders, the terms of this Stipulation and Order shall govern.

9. The Parties agree that deposition subpoenas will not be required. Upon service of a notice of deposition to the Party advancing an Expert, the Parties will cooperate in promptly scheduling the deposition of that Expert. Experts located outside of this District shall be deposed in Santa Ana, California unless the Parties agree otherwise in writing.

10.     Nothing herein shall limit or waive any Party's rights to object for any reason to the:  (a) admission into evidence of any summary, report, affidavit, or testimony from the opposing Party's Expert; or (b) qualification of any person to serve or testify as an expert witness.  Nothing herein shall be deemed a waiver of any rights or privileges by any Party except as set forth expressly herein.

IT IS SO STIPULATED.

DATED: August 5, 2010

/s/ Diane C. Hutnyan
Diane C. Hutnyan
Quinn Emanuel Urquhart & Sullivan LLP
Attorneys for Mattel, Inc.

DATED: August 5, 2010

/s/ Annette L. Hurst
Annette L. Hurst
Orrick, Herrington & Sutcliffe LLP
Attorneys for MGA Entertainment, Inc., MGA Entertainment (HK) Limited, MGAE de Mexico, S.R.L. de C.V., and Isaac Larian

DATED: August 5, 2010

/s/ Mark E. Overland
Mark E. Overland
The Law Offices of Mark E. Overland
Attorneys for Carlos Gustavo Machado Gomez