MELINDA HAAG (State Bar No. 132612)
mhaag@orrick.com
ANNETTE L. HURST (State Bar No. 148738)
ahurst@orrick.com
WARRINGTON S. PARKER III (State Bar No. 148003)
wparker@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building, 405 Howard Street
San Francisco, CA 94105
Tel. (415) 773-5700/ Fax: (415) 773-5759

WILLIAM A. MOLINSKI (State Bar No. 145186)
wmolinski@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA  90017
Tel. (213) 629-2020/Fax: (213) 612-2499

THOMAS S. McCONVILLE (State Bar No. 155905)
tmcconville@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
4 Park Plaza, Suite 1600
Irvine, CA 92614-2258
Tel: (949) 567-6700/Fax: (949) 567-6710

Attorneys for MGA Parties and IGWT 826 Investments LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | Case No.  CV 04-9049-DOC (RNBx)<br><br>Consolidated with:<br>Case CV 04-9059<br>Case CV 05-2727<br><br>Hon. David O. Carter<br><br>**NOTICE OF MOTION AND MOTION FOR PROTECTIVE ORDER RE MATTEL'S FIRST PHASE 2 NOTICE OF DEPOSITION OF MGA  MEXICO**<br><br>Date:  TBD<br>Time: TBD<br>Place: TBD |

1   TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2   PLEASE TAKE NOTICE that on a date to be determined by the Court or as

3   soon thereafter as the matter may be heard before The Honorable David O. Carter,

4   located at 411 West Fourth Street, Santa Ana, California, MGA de Mexico S.R.L.

5   de C.V. ("MGA Mexico") will, and hereby does, move this Court for a protective

6   order as to Topics 1-20 of Mattel Inc.'s First Phase 2 Notice of Deposition of MGA

7   Mexico dated December 23, 2009.

8   This Motion is made pursuant to Rule 26(c) of the Federal Rules of Civil

9   Procedure and the Court's inherent authority to control discovery proceedings in

10   this case.  This Motion is based on this Notice of Motion, the attached

11   Memorandum of Points and Authorities, the pleadings and records on file in this

12   action, and on such oral argument as may be presented by the parties at the hearing.

13

14   **Certification of Compliance**

15   Counsel for MGA and Mattel exchanged meet and confer letters regarding

16   Mattel, Inc.'s First Phase 2 Notice of Deposition of MGA de Mexico S.R.L. de

17   C.V. on June 30 and July 8, 2010.  Counsel for MGA and Mattel also conferred

18   telephonically on August 3, 2010.  The parties were unable to reach a resolution.

19

20   Dated:    August 5, 2010          ORRICK, HERRINGTON & SUTCLIFFE LLP

21

22   By:        /s/  William A. Molinski

23                   WILLIAM A. MOLINSKI
                     Attorneys for MGA Parties
24                   and IGWT 826 Investments LLC

25

26

27

28

1

# TABLE OF CONTENTS

2

**Page**

3   INTRODUCTION ........................................................................................... 1

4   FACTUAL BACKGROUND............................................................................ 1

ARGUMENT ................................................................................................... 6

5

6   I.   THE TOPICS IN MATTEL'S FIRST PHASE 2 NOTICE ARE DUPLICATIVE OR TOPICS ON WHICH MATTEL HAS HAD AMPLE OPPORTUNITY TO DEPOSE WITNESSES ................................. 7

7        A.   Mattel's Request For Information Concerning Bratz Sales In Mexico Is Duplicative Of Prior 30(b)(6) Deposition Topics................ 7

8

9        B.   Mattel's Request For Information Concerning MGA Mexico's Entry Into The Market Is Duplicative Of Prior 30(b)(6) Deposition Topics ......................................................................... 9

10       C.   Mattel's Request For Information Concerning MGA Mexico's Entry Into The Market Is Duplicative Of Prior 30(b)(6) Deposition Topics ....................................................................... 10

11

12       D.   Mattel's Request For Information Concerning MGA Mexico's Entry Into The Market Is Duplicative Of Prior 30(b)(6) Deposition Topics ....................................................................... 11

13

14       E.   Mattel's Request For Information Concerning MGA Mexico's Entry Into The Market Is Duplicative Of Prior 30(b)(6) Deposition Topics ....................................................................... 13

15

16       F.   Mattel's Request For Information Concerning MGA Mexico's Entry Into The Market Is Duplicative Of Prior 30(b)(6) Deposition Topics ....................................................................... 13

17       G.   Mattel's Request For Information Concerning MGA Mexico's Entry Into The Market Is Duplicative Of Prior 30(b)(6) Deposition Topics ....................................................................... 13

18

19  II.   THE TOPICS IN MATTEL'S FIRST PHASE 2 NOTICE ARE VASTLY OVERBROAD AND BURDENSOME...................................... 15

20  III.  MATTEL HAS WAIVED ANY RIGHT TO COMPEL TESTIMONY UNDER THE FIRST PHASE 2 NOTICE ................................................ 16

21  IV.   CONCLUSION……………………………………………………………18

22

23

24

25

26

27

28

1

## CASES

2

*CSX Transp., Inc.* v. *Vela*,
  2007 WL. 3334966 (S.D. Ind. Nov. 8, 2007)....................................................6

3

*Cummings* v. *General Motor Corp.*,
  2002 WL. 32713320 (W.D. Okla. June 18, 2002) .............................................6

4

*Gault* v. *Nabisco Biscuit Co.*,
  184 F.R.D. 620 (D. Nev. 1999) .................................................................16, 17

5

6

*Kendrick* v. *Heckler*,
  778 F.2d 253 (5th Cir. 1985) .............................................................................16

7

*U.S. ex rel Fargo* v. *M&T Mortg. Corp.*,
  235 F.R.D. 11 (D.D.C. 2006) ............................................................................15

8

9

## STATUTES

10

Fed. R. Civ. Proc.
  Rule 26 (b)(2)(C)(i)-(iii) ....................................................................................6
  Rule 26(c) ...........................................................................................................6
  Rule 26(c)(1)(A) .................................................................................................6
  Rule 30(b)(6)  ................................................................................3, 6, 12, 15

11

12

13

## ADDITIONAL AUTHORITY

14

The Rutter Group, Federal Civil Procedure Before Trial, ¶ 11.2353 (2010) ..........16

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

Mattel has recently announced to MGA that it intends to seek to enforce a 30(b)(6) deposition notice served last December on MGA Mexico (the "First Phase 2 Notice"). The First Phase 2 Notice of Deposition of MGA Mexico that Mattel has dredged up from last year is entirely duplicative and cumulative of extensive 30(b)(6) testimony Mattel has already obtained from MGA Mexico. The law does not allow a party to serve a new notice that repeats the same subject matter as a prior 30(b)(6) notice simply because it forgot to ask certain questions the first time around. And yet that is exactly what Mattel is seeking to do here.

Mattel has already deposed MGA Mexico on 59 wide-ranging topics that took seven days, with 52 hours on the record to complete. Now Mattel wants to ***repeat of all of those same topics***, only with slightly different language. Mattel has had ample opportunity to obtain the information it seeks.

Finally, Mattel has waived any right it may have had to enforce the First Phase 2 Notice. The Notice was served on December 22, 2009 and Mattel took no action to enforce or compel MGA Mexico to make a witness available on those topics. During Mattel's six-month delay, various MGA Mexico witnesses were deposed on the very same broad topics at issue here. It would be unduly burdensome and harassing to make those same witnesses sit through yet another round of depositions simply because Mattel has now thought up some new questions to ask. MGA Mexico respectfully requests a order precluding Mattel from compelling compliance with the First Phase 2 Notice.

### FACTUAL BACKGROUND

Mattel has served three separate Rule 30(b)(6) notices on defendant MGA Mexico. The one at issue here is labeled "Notice of Deposition of MGA de Mexico, S.R.L. de C.V. Pursuant to Federal Rule of Civil Procedure (30(B)(6), (First Phase 2 Notice)" (the "First Phase 2 Notice"), but it is actually the second

30(b)(6) notice served on MGA Mexico.  The first notice was served on January 9, 2008, before the stay of Phase 2 discovery (the "Phase 1 Notice").  The Phase 1 Notice contained 59 broad topics that covered everything from Mattel's trade secret claims, to document spoliation, to MGA Mexico's finances, management and operation.  It also included a catch-all topic for "the factual bases for YOUR affirmative defenses."  The Phase 1 Notice also asked for a person knowledgeable about every sale of Bratz dolls in Mexico, MGA Mexico's profits, losses, revenues, net worth, forecasts, market share, and even customer returns and rebates.  It also included numerous topics concerning every aspect of MGA Mexico's and MGA's relationship with Machado, Trueba and Vargas, and every aspect of their work with MGA Mexico.  In short, there was little that Mattel could have asked MGA Mexico that was not encompassed by the 59 topics in the Phase 1 Notice.

MGA Mexico timely served objections to the Phase 1 Notice and on January 18, 2008, prior to the original noticed date, filed a motion for a protective order.  Dkt. # 1660.  Shortly thereafter, Judge Larson issued an order staying all Phase 2 discovery and, thus, the protective order was not ruled upon.  Dkt. # 1931.

In late 2009, Mattel renewed its request for a deponent for its Phase 1 Notice.  *See* 11/2/09 Letter from Dylan Proctor to William Molinski.  MGA renewed its objections, but ultimately decided to make a witness available on all 59 topics, rather than to renew its motion for a protective order.  *See* 11/9/09 Letter from William Molinski to Dylan Proctor.  MGA Mexico identified Susana Kuemmerle, who had managed the MGA Mexico office from 2004 to 2010 as its corporate designee.  Indeed, no one other than Ms. Kuemmerle would have more knowledge of MGA Mexico's operations and sales since she was involved in starting up the operation, hiring its first employees and running the operation until it closed its doors in 2010.  Ms. Kuemmerle had previously been deposed for a full day in her individual capacity.

1   At the start of Ms. Kuemmerle's deposition, counsel for MGA Mexico made

2   clear that she was being offered on all 59 topics in their entirety.  *See* Kuemmerle

3   Depo. at 43:7-45:16.  Mattel, for its part, repeated its prior refusal to narrow any of

4   the topics in any way.  *Id.*  Ms. Kuemmerle proceeded to testify to her extensive

5   efforts to prepare for the deposition, including reviewing detailed financial, sales

6   and marketing data, interviewing IT people, finance people and sales people,

7   reviewing pleadings and discovery filed in this action and drawing from her own

8   knowledge as the long-time manager of MGA Mexico.  Kuemmerle Depo. at

9   45:17-46:15 (review of marketing information), 375:21-376:21 (reviewed personnel

10   files and contracts and interviewed head of IT to gain full knowledge of systems

11   and support for MGA Mexico); 545:16-18 (reviewed financial documents) 574:24-

12   575:4 (review of corporate structure).  In all, Ms. Kuemmerle was deposed as MGA

13   Mexico's corporate designee for three days, for a total of **33 hours** on the record,

14   including a remarkable 17 hour day that started at 8:00 a.m. and ended after 1:00

15   a.m. the next morning.

16   At the conclusion of the deposition, Mattel contended that Ms. Kuemmerle

17   was not adequately prepared on 7 of the 59 topics from the Phase 1 Notice.  *See*

18   12/11/09 Letter from Jon Corey to William Molinski.  For many of the 59

19   overbroad topics noticed by Mattel, Mattel asked few questions, despite insisting

20   that Ms. Kuemmerle be prepared to testify on those topics.  For the 7 topics on

21   which Mattel claimed Ms. Kuemmerle was not prepared, MGA Mexico agreed to

22   produce, and did produce, additional documents to satisfy Mattel's concerns on

23   most of those topics, which related primarily to MGA Mexico's finances.  That left

24   only 2 topics that Mattel claimed required further testimony.  Those topics related

25   to the search and seizure of MGA Mexico's offices in 2005 and how MGA Mexico

26   came into possession of a CD that included certain Mattel documents.

27   On those 2 topics, MGA Mexico was ordered to make a second witness

28   available.  MGA Mexico made Louis "Bud" Small available, who was a former FBI

1    agent and Inspector General for the U.S. Government Printing Office.  MGA

2    Mexico designated Mr. Small on the 2 topics identified by Mattel and five other

3    topics where he would add to the information provided by Ms. Kuemmerle.

4    Mr. Small proceeded to interview each and every current and former employee of

5    MGA Mexico, except Machado, Trueba and Vargas to be able to testify to any

6    knowledge the company had on those remaining 7 topics.  Mr. Small was deposed

7    for nine hours on December 12, 2009, and another 10 hours on January 15, 2010.

8          After seven days and 52 hours worth of deposition testimony between

9    Ms. Kuemmerle and Mr. Small, Mattel again complained that MGA Mexico was

10   not adequately prepared.  This time, Mattel's complaint focused on a narrow  subset

11   of topics relating to the CD seized by the authorities.  *See* 2/16/10 Mattel Inc.'s

12   Submission Re Discovery Issues at 2-3 [Dkt. No. 7506].  The Court granted limited

13   relief finding that "[t]he issue here is not whether Mr. Small was prepared (he

14   was)…." *See* 2/25/10 Order at 2 [Dkt. No. 7575].  The Court further limited

15   Mattel's questioning relating to its alleged trade secrets to another 4 hours

16   regarding the Mexican law enforcement's collection of documents at MGA Mexico.

17   *Id*.  The only issue with Mr. Small, in fact, was that he had not obtained information

18   from Mr. Machado and Ms. Trueba because of Fifth Amendment concerns.

19   Mr. Small appeared on March 17, 2010 and provided 3.5 hours of testimony after

20   having studied the depositions of Mr. Machado and Ms. Trueba and having spoken

21   to them.  Ms. Kuemmerle appeared on May 5, 2010 and provided an additional 2.5

22   hours of testimony.  Thus, after 58 hours of deposition testimony from Ms.

23   Kuemmerle and Mr. Small over nine days between 2009 and 2010, Mattel finally

24   relented and allowed the deposition of MGA Mexico to conclude.

25         In addition to the corporate deposition of MGA Mexico, Mattel has also had

26   the opportunity to depose numerous former MGA Mexico employees in their

27   individual capacities.  For example, Mattel has deposed: Ms. Kuemmerle in her

28   personal capacity (1 day), Mr. Machado (6 days), Ms. Trueba (4 days), and

- 4 -

1    Mr. Vargas (4 days).  Additionally, Mattel has sought information regarding MGA

2    Mexico from many MGA witnesses.  For example, when deposing MGA's

3    President, Isaac Larian, issues related to MGA Mexico have been raised in all but

4    one of his nine depositions.

5         Meanwhile, after Ms. Kuemmerle had been deposed for three days and

6    Mr. Small for one, and after the parties had spent significant time and effort

7    meeting and conferring over the Phase 1 Notice, Mattel served its First Phase 2

8    Notice on MGA Mexico.  This First Phase 2 Notice was tactically served on

9    December 23, 2010, during the holiday hiatus announced by the Court.  This is the

10   Notice that is the subject of this Motion.  In that Notice, Mattel unilaterally set

11   another deposition for MGA Mexico on January 15, 2010.  On January 7, 2010,

12   counsel for MGA Mexico wrote to Mattel's counsel informing Mattel that there

13   was already the deposition of Mr. Small scheduled for January 15, 2010, and that

14   MGA Mexico would identify an individual for the First Phase 2 Notice and provide

15   alternate dates of availability.  *See* 1/7/10 email from W. Molinski to J. Corey.

16   However, since the Court had not yet resolved the issue of how to count multiple

17   30(b)(6) notices addressed to the same party, MGA Mexico informed Mattel that it

18   would need confirmation that Mattel would consider the new notice to constitute an

19   additional deposition for purposes of the 25 deposition limit.  MGA Mexico

20   informed Mattel that MGA would raise the "counting" issue with the Court if

21   Mattel would not so agree.  *Id*.

22        Mattel did not respond to MGA Mexico's counsel's communication.  Nor did

23   Mattel re-notice the First Phase 2 Notice or make any effort to obtain dates for that

24   deposition until June 30, 2010 – – more than five months and many depositions

25   later.

26   / / /

27   / / /

28   / / /

**ARGUMENT**

MGA Mexico is entitled to a protective order pursuant to Federal Rule of Civil Procedure 26.  Protective orders are issued to "protect a party from annoyance, embarrassment, oppression, or undue burden or expense."  Fed. R. Civ. P. 26(c).  A protective order should issue where the moving party can show that:

(1)     the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;

(2)     the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or

(3)     the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Fed. R. Civ. P. 26 (b)(2)(C)(i)-(iii).

MGA Mexico can show all three here.  MGA Mexico is entitled to a protective order because the deposition notice seeks testimony on topics that are duplicative of previous topics.  *CSX Transp., Inc. v. Vela*, 2007 WL 3334966, at *3 (S.D. Ind. Nov. 8, 2007) (granting motion for protective order where party sought Rule 30(b)(6) deposition on matters the noticed party had previously answered in discovery); *Cummings v. General Motor Corp.*, 2002 WL 32713320, at *6 (W.D. Okla. June 18, 2002) (issuing protective order where Rule 30(b)(6) notice was duplicative of previous notices).  Moreover, Mattel has had ample opportunity to question witnesses on the topics in the First Phase 2 Notice – – and has, in fact, done so.  Finally, the burden on MGA Mexico from having to locate, prepare and make witnesses available for a duplicative round of depositions is substantial.  This is particularly true here, where the prejudice to MGA Mexico could have been mitigated had Mattel acted promptly in seeking to enforce the current deposition notice.

## I.   THE TOPICS IN MATTEL'S FIRST PHASE 2 NOTICE ARE DUPLICATIVE OR TOPICS ON WHICH MATTEL HAS HAD AMPLE OPPORTUNITY TO DEPOSE WITNESSES

### A.   Mattel's Request For Information Concerning Bratz Sales In Mexico Is Duplicative Of Prior 30(b)(6) Deposition Topics

Topics 1, 2, 3 and 4 of the First Phase 2 Notice ask for information concerning MGA Mexico's sale of Bratz products in Mexico.  Specifically, these topics ask for:

1.   YOUR COMMUNICATIONS with the top 10 RETAILERS in Mexico regarding MGA or BRATZ between January 1, 2004 and December 31, 2004.

2.   All orders received by YOU between January 1, 2004 and December 31, 2004, including, without limitation: (i) the date received, (ii) the quantity purchased by product, (iii) the agreed price by product, (iv) the delivery date, and (v) any applicable discount.

3.   All AGREEMENTS between YOU and any RETAILER that REFER OR RELATE TO any transaction between YOU and such RETAILER between January 1, 2004 and December 31, 2005, including without limitation all trade terms offered to the RETAILERS.

4.   All COMMUNICATIONS with RETAILERS or other potential customers between January 1, 2004 and December 31, 2005, including, without limitation: (i) presentations made to RETAILERS or other potential customers, and (ii) negotiations of AGREEMENTS, orders, or trade terms with RETAILERS or potential customers.

These topics, however, have already been the subject of extensive 30(b)(6) depositions are duplicative of previous topics on which witnesses have been produced.  Specifically, the Phase 1 Notice, for which Mattel questioned MGA Mexico witnesses for 52 hours of deposition, included the following topics:

45.   YOUR sales, profit and cash flow projections or forecasts for BRATZ PRODUCTS, including without limitation BRATZ DOLLS.

38.   The product name, product number and SKU of each BRATZ PRODUCT, including without limitation each BRATZ DOLL, sold by YOU or YOUR licensees, and the number of units of each sold by YOU or YOUR licensees.

39.   YOUR cost of goods sold, unit cost and other costs for each BRATZ PRODUCT, including without limitation BRATZ DOLLS, sold by YOU or YOUR licensees.

40.     YOUR revenues and profits, including gross, net and incremental profits, from the sale of each BRATZ PRODUCT sold by YOU or YOUR licensees.

41.     The number of units of each BRATZ PRODUCT sold by YOU or YOUR licensees, the identity of each customer to whom YOU or YOUR licensees have ever sold any BRATZ PRODUCT, and the revenues and profits that YOU have earned therefrom by customer.

42.     Customer returns to YOU of BRATZ PRODUCTS, including without limitation BRATZ DOLLS, sold or distributed by YOU or YOUR licensees.

43.     Customer rebates or credits given by YOU or YOUR licensees to customers in connection with BRATZ PRODUCTS, including without limitation BRATZ DOLLS.

For topic 1 in the First Phase 2 Notice – – communications with retailers, including sales presentations and negotiations – – this would fit squarely within topic 45 from the prior Phase 1 Notice.  MGA Mexico's sales of Bratz in Mexico, necessarily would include sales presentations and negotiations.  Ms. Kuemmerle, as the MGA Mexico designated witness on MGA Mexico's sales, was, in fact, questioned extensively about MGA Mexico's communications with retailers.  *See* Kuemmerle Depo. at 96:21-98:9 (discussions with retailers that Mattel had removed MGA products from shelves); 153:4-14 (describing sales meetings with retailers); 158:5-25 (describing written presentations to retailers); 190:11-192:15 (describing communications with retailers complaining about Mattel's negative press campaign against MGA); 194:20-195:10 (retailers told MGA Mexico that Mattel promised to put MGA Mexico out of business).  Moreover, Mattel has deposed Mr. Vargas, who was the head of MGA Mexico's sales, for multiple days.  Mr. Vargas – – who is under Mattel's control and who will not cooperate with MGA Mexico – – is the person who had the most direct contact with retailers.  Mattel has also deposed Mr. Machado and Ms. Trueba, who led marketing efforts with retailers, about their communications with retailers.

Similarly, MGA Mexico's sale agreements with retailers (topic 3) and its orders for Bratz (topic 2) are obviously encompassed within Mattel's prior broader

topic of all sales of Bratz products in Mexico (Phase 1 Notice topic 45).  Topics 2 and 3 are also encompassed within previous topics 41 (the total units sold of Bratz) and topics 42 and 43 (customer returns and rebates).  And again, Ms. Kuemmerle was deposed extensively on these topics, as was Machado, Vargas and Trueba.

**B.      Mattel's Request For Information Concerning MGA Mexico's Entry Into The Market Is Duplicative Of Prior 30(b)(6) Deposition Topics**

Topic 5 of the First Phase 2 Notice relates to MGA Mexico's entry into the Mexican market in April 2004.  This topic was covered extensively in the prior MGA Mexico 30(b)(6) deposition and is duplicative of numerous prior topics from the Phase 1 Notice, including:

9.      COMMUNICATIONS between YOU and any of the FORMER MATTEL EMPLOYEES prior to April 20, 2004, including without limitation any and all DOCUMENTS any of the FORMER MATTEL EMPLOYEES transmitted to or shared with YOU prior to April 20, 2004.

10.     COMMUNICATIONS between YOU and any of the FORMER MATTEL EMPLOYEES RELATING TO MATTEL or any MATTEL product, potential product, business plan, line list, DOCUMENT or pricing.

11.     COMMUNICATIONS between any of the FORMER MATTEL EMPLOYEES and LARIAN, Thomas Park and/or Susanna Kuemmerle prior to April 20, 2004.

16.     COMMUNICATIONS RELATING TO YOUR market planning and product development RELATING TO the toy market in Mexico prepared, created, sent or transmitted, whether in whole or in part, by MACHADO, TRUEBA and/or VARGAS at any time prior to April 30, 2005.

17.     COMMUNICATIONS between YOU and any PERSON RELATING TO the departure or resignation from MATTEL of any current or FORMER MATTEL EMPLOYEE or MATTEL contractor.

18.     The job responsibilities of each FORMER MATTEL EMPLOYEE in the first six months after each joined MGA.

50.     YOUR corporate structure since January 1, 2004, including without limitation YOUR relationship with MGA Entertainment, Inc., to MGA Entertainment Mexico, Inc. and the IDENTITY of YOUR officers, directors, shareholders and employees.

1   Again, Ms. Kuemmerle, who was the person primarily responsible for

2   launching MGA Mexico's entry into the Mexican market was deposed extensively

3   on those topics. Kuemmerle Depo. at 329:9-358:7. Moreover, the decision to enter

4   the Mexico market was made by Mr. Larian, who was also deposed extensively on

5   his decision to enter the Mexican market.

6   **C.   Mattel's Request For Information Concerning MGA Mexico's Entry Into The Market Is Duplicative Of Prior 30(b)(6) Deposition Topics**

7

8   Topic 6 of the First Phase 2 Notice relates to the allegation made by various

9   witnesses that Mattel may have planted information at MGA Mexico that was

10  found during the raid. The topic of the raid, what as found during the raid and all of

11  the circumstances surrounding the raid was covered extensively by prior topics and

12  testified to at length by Mr. Small. Specifically, Mr. Small was designated on the

13  following topics from the Phase 1 Notice:

14      5.   The seizure of DOCUMENTS by Mexican authorities from YOUR
15           office in Mexico City, Mexico, including but not limited to the
             IDENTITY, of such DOCUMENTS and YOUR PRESERVATION of
16           any MATTEL authored DOCUMENT after the execution of the search
             warrant by Mexican authorities.

17      6.   COMMUNICATIONS RELATING TO the search of YOUR office in
18           Mexico City, Mexico that was conducted by Mexican authorities.

19      7.   The IDENTITY of all DOCUMENTS received by YOU, directly or
             indirectly, from any FORMER MATTEL EMPLOYEE authored by or
20           for the benefit of MATTEL, or RELATING TO MATTEL or any
             MATTEL product, plan, client, customer, current or former MATTEL
21           employee, sales, advertising, marketing, analysis, tool or procedure.

22  To testify on these topics, Mr. Small interviewed every current and former

23  MGA Mexico employee who was present during the raid and who was willing to

24  talk to him. He asked those witnesses about everything they saw, knew or heard

25  about the raid, what was found during the raid and how the CD and documents

26  found during the raid got there. Mattel also questioned Ms. Kuemmerle about the

27  raid, since she had also spoken to a number of employees present that day in

28

Motion For Protective Order Re Mattel's 1st Phase 2
Notice Of Deposition Of MGA Mexico
CASE NO. CV 04-9049-DOC (RNBx)

Mexico.  Kuemmerle Depo. at 245:10-282:13.  Mattel has exhausted MGA

Mexico's knowledge on this topic.

**D.**   **Mattel's Request For Information Concerning MGA Mexico's Entry Into The Market Is Duplicative Of Prior 30(b)(6) Deposition Topics**

Topics 8, 13, 14 and 15 of the First Phase 2 Notice address the employment

relationship between MGA Mexico and Machado, Trueba and Vargas.

Specifically, those topics ask for:

> 8.   Whether MACHADO, VARGAS and/or TRUEBA were YOUR managing agents, including, without limitation: (i) their authorization to exercise judgment or discretion in YOUR corporate matters, (ii) their involvement in the hiring, retention, engagement, promotion, disciplining, evaluating, reviewing, management, supervision, instruction, firing or termination of YOUR employees, officers, consultants, contractors or vendors; (iii) their involvement in any contracts and/or AGREEMENTs executed on YOUR behalf; (iv) their involvement in any decisions regarding the management, rules, polices, practices or procedures of YOUR business or operations; (v) their involvement in advertising, press releases, public relations or any other public statements made on YOUR behalf; (vi) their involvement in any COMMUNICATIONS with third parties made on YOUR behalf; (vii) their travel on YOUR behalf; (viii) their involvement in YOUR business operations, management, finances, practices, policies or procedures, sales or potential sales, including their responsibilities, assignments, duties, and functions; and (ix) their purchases and/or purchasing decisions and/or sales or licensing and/or sales or licensing decisions made on YOUR behalf.

> 13.   YOUR decision to terminate the employment of MACHADO, VARGAS or TRUEBA.

> 14.   COMMUNICATIONS relating to YOUR decision to terminate the employment of MACHADO, VARGAS or TRUEBA, including but not limited to COMMUNICATIONS with officers, directors, shareholders, employees or agents of MGA ENTERTAINMENT related thereto.

> 15.   DOCUMENTS relating to YOUR decision to terminate the employment of MACHADO, VARGAS or TRUEBA.

Those topics, likewise, are subsumed within the Phase 1 Notice and the

subject of extensive questioning.  Specifically, Ms. Kuemmerle was designated for

and deposed extensively about the following topics from this Phase 1 Notice:

> 4.   The hiring, engagement or retention by YOU of any current or former MATTEL employee or contractor, including but not limited to the terms of all employment agreements and agreements RELATING TO

confidentiality or the invention, authorship, or ownership of any concept or product.

9.    COMMUNICATIONS between YOU and any of the FORMER MATTEL EMPLOYEES prior to April 20, 2004, including without limitation any and all DOCUMENTS any of the FORMER MATTEL EMPLOYEES transmitted to or shared with YOU prior to April 20, 2004.

16.    COMMUNICATIONS RELATING TO YOUR market planning and product development RELATING TO the toy market in Mexico prepared, created, sent or transmitted, whether in whole or in part, by MACHADO, TRUEBA and/or VARGAS at any time prior to April 30, 2005.

17.    COMMUNICATIONS between YOU and any PERSON RELATING TO the departure or resignation from MATTEL of any current or FORMER MATTEL EMPLOYEE or MATTEL contractor.

18.    The job responsibilities of each FORMER MATTEL EMPLOYEE in the first six months after each joined MGA.

19.    The content, meaning and authenticity of each personnel file maintained or created by YOU RELATING TO any FORMER MATTEL EMPLOYEE.

20.    Any and all agreements between YOU and any of the FORMER MATTEL EMPLOYEES, including all drafts of such agreements and COMMUNICATIONS related thereto.

21.    Compensation, money or any other item of value paid by YOU to any FORMER MATTEL EMPLOYEE, whether directly or indirectly, or paid to any PERSON for the benefit of or RELATING TO any FORMER MATTEL EMPLOYEE.

22.    Any promotions, raises, bonuses, monetary incentives, payments, awards, transfers, warnings, admonishment, discipline, reprimands, demotions or terminations of or received by any of the FORMER MATTEL EMPLOYEES while employed by YOU.

23.    Any agreements, contracts, offers, promises, proposals or requests RELATING TO the indemnification of or by any of the FORMER MATTEL EMPLOYEES or the payment of legal fees by or for any of the FORMER MATTEL EMPLOYEES.

Moreover, Ms. Kuemmerle was asked extensively about the responsibilities of Machado, Trueba and Vargas.  Kuemmerle Depo. at 365:5-371:10, and about the decision to terminate their employment.  *Id*. at 23:11-24:22.  Ms. Kuemmerle was never instructed not to answer these questions as being outside the scope of her deposition, and she provided meaningful and responsive answers.  Machado,

Trueba and Vargas were also deposed extensively about their responsibilities and their departure from MGA Mexico.

**E.    Mattel's Request For Information Concerning MGA Mexico's Entry Into The Market Is Duplicative Of Prior 30(b)(6) Deposition Topics**

Topics 9, 16, 17, 18 and 19 ask for identifying information and custodial information for hundreds of documents.  Putting aside the inappropriateness of using a 30(b)(6) deposition for this purpose (see subsection II below), there is no reason why Mattel could not have asked MGA Mexico's prior 30(b)(6) witnesses about these documents under the numerous broad topics encompassed by the Phase 1 Notice.

**F.    Mattel's Request For Information Concerning MGA Mexico's Entry Into The Market Is Duplicative Of Prior 30(b)(6) Deposition Topics**

Topics 10 and 11 address any investigation into the hiring and/or theft of trade secrets by Machado, Trueba and Vargas.  Prior topics 1 through 15 from the Phase 1 Notice cover every aspect of the hiring of these individuals and any communications or facts surrounding their alleged theft of trade secrets.  Again, Mattel questioned Ms. Kuemmerle and several others about these topics and at no point was she instructed not to answer these questions.  Kuemmerle Depo. at 496-497.

**G.    Mattel's Request For Information Concerning MGA Mexico's Entry Into The Market Is Duplicative Of Prior 30(b)(6) Deposition Topics**

Topic 12 addresses communications with government authorities concerning the alleged theft of trade secrets by MGA Mexico and MGA.  Specifically, topic 12 is:

> 12.    All COMMUNICATIONS between YOU and any governmental authority, including, without limitation law enforcement authorities or governmental officials, concerning any of the following topics:
>
> a.    The substance of all or part of any allegation of MATTEL's Amended Answer and Counterclaims, Second Amended Answer and Counterclaims, or Third Amended Answer and

Counterclaims, irrespective of the time the COMMUNICATION occurred with respect to the filing of such pleading.

    b.    The investigation or prosecution by MEXICO law enforcement authorities of VARGAS, TRUEBA, MACHADO, LARIAN, MAKABI, or YOU.

    c.    The investigation by UNITED STATES law enforcement authorities of CASTILLA, BRAWER, or YOU.

    d.    The investigation by CANADA law enforcement authorities of BRISBOIS or YOU.

    e.    The proposed or actual investigation, indictment or prosecution by any law enforcement authority in any country of YOU.

To the extent this topic addresses communications concerning the alleged theft by Machado, Vargas and Trueba, it is covered by the following prior topics from the Phase 1 Notice, which cover not only communications with law enforcement, but communications with anyone concerning the alleged theft of trade secrets:

    8.    COMMUNICATIONS with any PERSON RELATING TO YOUR receipt, reproduction, copying, storage, transmission, transfer, retention, destruction, deletion or use of any DOCUMENTS, data and/or information, including but not limited to any compilation of information, that was prepared, made, created, assembled or compiled by or for MATTEL and that YOU received, directly or indirectly, from any FORMER MATTEL EMPLOYEE.

    9.    COMMUNICATIONS between YOU and any of the FORMER MATTEL EMPLOYEES prior to April 20, 2004, including without limitation any and all DOCUMENTS any of the FORMER MATTEL EMPLOYEES transmitted to or shared with YOU prior to April 20, 2004.

Mattel has beat this horse into the ground, with extensive questioning to Ms. Kuemmerle, Mr. Small, Mr. Larian and many others. *See, e.g.* Kuemmerle Depo. at 245:1-281:25; Larian Depo at 690:16 – 700:15, 1531:4 – 1537:9, 2751:4 – 2762:7, 2807:3 – 2813:18; Small Depo. (*passim*).

/ / /

/ / /

/ / /

## II. THE TOPICS IN MATTEL'S FIRST PHASE 2 NOTICE ARE VASTLY OVERBROAD AND BURDENSOME

Putting aside the duplicative nature of most, if not all, of the First Phase 2 Notice, many of the topics are also vastly overbroad or unduly burdensome.

Topic 1 asks for a witness to be prepared to discuss every communication MGA Mexico employees had with retail customers for a two year period. To have a witness identify and memorize every such communication would be a gargantuan task. Moreover, every such communication could not possibly be relevant to the dispute. There is no relevance for example, of communications over scheduling sales meetings, discussions over sales performance of Bratz or efforts to collect on invoices. Mattel makes no effort to limit the topic to communications related to any Mattel trade secrets.

Topics 3 and 4 are equally overbroad asking for a witness to testify to every sales transaction and every product order.

Topic 5 asks broadly for every aspect of MGA Mexico's entry into the market, even as to aspects of the business in which Machado, Trueba and Vargas had no involvement.

Topic 7 asks for information related to alleged smuggling of goods into Mexico based on a 2006 email between Mr. Larian and Ms. Kuemmerle. Not only does this have no relevance whatsoever to the claims in the case – – which involves alleged trade secret theft two years prior to the email – – but Mattel has already questioned both the sender of the email, Mr. Larian, and its recipient, Ms. Kuemmerle, about its contents. *See* Kuemmerle Depo. at 865:14-869:14; Larian Depo. at 623:15-626:20, 648:22-649:25, 652:13-654:19..

Topic 9 asks for a person to authenticate signatures on dozens of documents. Topics 16-20 ask for custodial information on hundreds of other documents. Having a witness conduct an investigation into hundreds of documents and to memorize the results of that investigation are not proper uses of a 30(b)(6)

deposition. *See U.S. ex rel Fargo v. M&T Mortg. Corp.*, 235 F.R.D. 11, 25 (D.D.C. 2006)("there must be a limit to the specificity of the information the deponent can reasonably be expected to provide"); Fed. R. Civ. P. 30(b)(6) (testimony limited to information known or reasonably available to corporate entity). These requests are also burdensome and oppressive on their face given the effort involved. Moreover, many of the identified documents have no relevance to the claims and include such information as a 2004 pop culture report and a 2002 NPD report. *See*, *e.g*., MGA 0105105 – MGA 0105139 and MGA 0105094 - MGA. 105104.

## III. MATTEL HAS WAIVED ANY RIGHT TO COMPEL TESTIMONY UNDER THE FIRST PHASE 2 NOTICE

A party can waive its right to seek to compel certain discovery by not promptly moving to enforce that discovery or particularly where the delay causes prejudice to the other party. As The Rutter Group, Federal Civil Procedure Before Trial, ¶ 11.2353 (2010) notes:

> "In any event, the motion [to compel] should be made within a reasonable time . . . Otherwise the court may find there has been a waiver (especially if the moving party was aware of the deficiency earlier and failed to move promptly or the opposing party would be prejudiced . . .")

*See also*, *Gault v. Nabisco Biscuit Co.*, 184 F.R.D. 620, 622 (D. Nev. 1999) ("If a moving party has unduly delayed, the court may conclude that the motion to compel is untimely."); *Kendrick v. Heckler*, 778 F.2d 253 (5th Cir. 1985) (party will have waived right to compel discovery if it delays and delay causes prejudice to non-moving party.)

MGA Mexico was ready, willing and able in January, 2010 to make a witness available pursuant to the First Phase 2 Notice. With an obvious conflict with the date noticed, MGA Mexico awaited Mattel's response on its position with respect to how the deposition would be counted, and then, Mattel's availability on

1   alternate dates.  Mattel's counsel, however, never responded and never sought to

2   engage MGA Mexico in setting a date.

3        Mattel then sat on any rights it may have had to enforce its notice for almost

4   six months.  During that time, MGA Mexico made multiple witnesses available

5   who would have been the individuals most knowledgeable about the topics.  This

6   included Susana Kuemmerle, Gustavo Machado and Mariana Trueba.  Had Mattel

7   notified MGA Mexico of its desire to move forward with the First Phase 2 Notice,

8   MGA Mexico would have and could have designated those witnesses to testify on

9   those topics.

10       MGA Mexico no longer exists, except in shell form.  It has closed its offices

11  and laid off all, but a couple of employees who now operate out of their houses in

12  Mexico.  Susana Kuemmerle is no longer employed by MGA Mexico or under its

13  control.  Neither is Gustavo Machado or Mariana Trueba employed by MGA

14  Mexico.  And Pablo Vargas is now under Mattel's control.  To obtain the

15  information encompassed by the First Phase 2 Notice will now require MGA

16  Mexico to track down former employees, convince these former employees to

17  travel to California from Mexico or elsewhere – – when they have done so already

18  – – and to answer questions Mattel could have asked them the first time here.

19       Under these circumstances, Mattel has waived any right it may have had to

20  obtain testimony pursuant to the First Phase 2 Notices.  *See Gault v. Nabisco Co.*,

21  184 F.R.D. at 622.  Mattel's own failure to respond to communications concerning

22  the scheduling of the deposition and utter failure for six months to seek to enforce

23  the Notice precludes any enforcement of the First Phase 2 Notice now.  This is

24  particularly true given the obvious prejudice to MGA Mexico from having to now

25  present a witness when timely enforcement would have avoided that prejudice.

26  / / /

27  / / /

28  / / /

Motion For Protective Order Re Mattel's 1st Phase 2
Notice Of Deposition Of MGA Mexico
CASE NO. CV 04-9049-DOC (RNBx)

1    **IV.    <u>CONCLUSION</u>**

2           For all of the foregoing reasons, MGA Mexico respectfully requests that a

3    protective order be entered as to topics 1 through 20 of Mattel's First Phase 2

4    Deposition Notice of MGA de Mexico.

5

6    Dated:    August 5, 2010                    Orrick, Herrington & Sutcliffe LLP

7

8                                               By:      /s/  William A. Molinski

9                                                   William A. Molinski
                                                   Attorneys for MGA Parties
10                                                 and IGWT 826 Investments LLC.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28