MELINDA HAAG (State Bar No. 132612)
mhaag@orrick.com
ANNETTE L. HURST (State Bar No. 148738)
ahurst@orrick.com
WARRINGTON S. PARKER III (State Bar No. 148003)
wparker@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building, 405 Howard Street
San Francisco, CA 94105
Tel. (415) 773-5700/ Fax: (415) 773-5759

WILLIAM A. MOLINSKI (State Bar No. 145186)
wmolinski@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA 90017
Tel. (213) 629-2020/Fax: (213) 612-2499

THOMAS S. McCONVILLE (State Bar No. 155905)
tmcconville@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
4 Park Plaza, Suite 1600
Irvine, CA 92614-2258
Tel: (949) 567-6700/Fax: (949) 567-6710

Attorneys for MGA Parties and IGWT 826 Investments LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | Case No. CV 04-9049-DOC (RNBx)<br>Consolidated with No. CV 04-9059 and No. CV 05-2727<br><br>Hon. David O. Carter<br><br>**NOTICE OF MOTION AND MOTION FOR PROTECTIVE ORDER FROM MATTEL, INC.'S SECOND PHASE 2 NOTICE OF DEPOSITION OF MGA MEXICO PURSUANT TO FED. R. CIV. P. 30(B)(6)**<br><br>Date: TBD<br>Time: TBD<br>Dept: Courtroom 9D |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on a date to be determined by the Court or as soon thereafter as the matter may be heard before The Honorable David O. Carter, located at 411 West Fourth Street, Santa Ana, California, MGA Mexico will, and hereby does, move this Court pursuant to Federal Rule of Civil Procedure 26(c)(1)(A) for a protective order as to Topics 1-17 of Mattel, Inc.'s Amended Notice of Deposition of MGA de Mexico S.R.L. de C.V. Pursuant to Federal Rule of Civil Procedure 30(b)(6) (Second Phase 2).

This Motion is made on the grounds that Topics 1-16 and 18-20 in Mattel's Notice of Deposition are unreasonably duplicative and cumulative of prior testimony. Further, Topic 17 is vague and ambiguous and Topic 20 is impermissibly overbroad and unduly burdensome.

This motion is based upon this Notice of Motion, the attached Memorandum of Points and Authorities, and the pleadings and records on file herein, and on such oral argument as may be presented by the parties at the hearing.

**Certification of Compliance**

Counsel for MGA met and conferred telephonically with Mattel's counsel regarding Mattel, Inc.'s Amended Notice of Deposition of MGA de Mexico S.R.L. de C.V. Pursuant to Federal Rule of Civil Procedure 30(b)(6) (Second Phase 2) and this Motion on August 3, 2010. The parties have been unable to reach resolution.

Dated:   August 5, 2010                    Orrick, Herrington & Sutcliffe LLP


                                           By:    /s/ William A. Molinski
                                                  WILLIAM A. MOLINSKI
                                                  Attorneys for MGA Parties

# TABLE OF AUTHORITIES

**Page(s)**

INTRODUCTION ...................................................................................................... 1

FACTUAL BACKGROUND..................................................................................... 1

ARGUMENT.............................................................................................................. 3

I. TOPICS 4 AND 13 SEEK DUPLICATIVE AND CUMULATIVE TESTIMONY REGARDING MGA MEXICO'S RELATIONSHIP WITH MACHADO, TRUEBA AND VARGAS........................................... 5

II. TOPICS 2, 5, AND 15 SEEK DUPLICATIVE AND CUMULATIVE TESTIMONY REGARDING MGA MEXICO'S FINANCES...................... 8

III. TOPICS 6-11 ARE DUPLICATIVE AND CUMULATIVE OF PRIOR TOPICS REGARDING DIGITAL INFORMATION AND DOCUMENT COLLECTION. ........................................................................................ 9

IV. TOPICS 1, 3, AND 14 SEEK TESTIMONY ON TOPICS PREVIOUSLY NOTICED BY MATTEL RELATING TO JURISDICTION AND ARE VAGUE AND OVERBROAD. ..................... 11

V. TOPIC 12 SEEKS DUPLICATIVE AND CUMULATIVE TESTIMONY RELATING TO THE MEXICO CRIMINAL PROCEEDINGS AND IS VAGUE. ............................................................ 13

VI. TOPIC 16 SEEKS DUPLICATIVE AND CUMULATIVE TESTIMONY REGARDING MGA MEXICO'S AFFIRMATIVE DEFENSE OF UNCLEAN HANDS. ............................................................ 13

VII. TOPIC 17, SEEKING TESTIMONY REGARDING MGA MEXICO EMPLOYMENT AGREEMENTS, IS NOT RELEVANT AND BURDENSOME. .................................................................................. 14

CONCLUSION........................................................................................................ 15

**CASES**

*CSX Transp., Inc.* v. *Vela*,
　2007 WL. 3334966 (S.D. Ind. Nov. 8, 2007)..............................................4, 7, 8, 9

*Cummings* v. *General Motor Corp.*,
　2002 WL. 32713320 (W.D. Okla. June 18, 2002) ...........................4, 7, 9, 10, 12

*Gossar* v. *Soo Line Railroad Co.*,
　2009 WL. 3570335 (S.D. Ind. Oct. 27, 2009)................................4, 7, 11, 12, 13

*McCormick-Morgan, Inc.* v. *Teledyn Indus.*,
　134 F.R.D. 275 (N.D. Cal. 1991) ....................................................4, 7, 11, 13, 14

*MedImmune, LLC* v. *PDL Biopharma, Inc.*,
　2010 WL. 2382262 (N.D. Cal. June 10, 2010) .................................................. 15

*SmithKline Beecham Corp.* v. *Apotex Corp.*,
　2000 WL. 116082 (N.D. Ill. Jan. 24, 2000) ...................................................4, 14

*United States* v. *Boeing Co.*,
　2010 WL. 1408596 (D. Kan. April 1, 2010) ..................................................... 15

**STATUTES**

Fed. R. Civ. P.
　Rule 26 (b)(2)(C)(i)-(iii)........................................................................................3
　Rule 26(c) .............................................................................................................3
　Rule 30(b)(6) ....................................................................................1, 11, 14, 15

# MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

Mattel's Second Phase 2 notice of deposition of MGA de Mexico S.R.L. de C.V. ("MGA Mexico") demands testimony on a list of topics on which Mattel has already had the opportunity to obtain and already has received ample testimony and discovery. In fact, the first Rule 30(b)(6) notice that Mattel served on MGA Mexico contained 59 topics, many of which relate to the exact same issues contained in the notice that is now at issue between the parties. Mattel's current notice merely takes the same topics and re-words those topics so as to create the illusion of being "new" topics. What is even more egregious is that Mattel insisted when it deposed MGA Mexico pursuant to its first notice that MGA Mexico witnesses be prepared on each and every one of those topics without limitation. MGA Mexico took Mattel at its word and prepared its witnesses on each of those topics and made them available for almost 60 hours of deposition. Whether Mattel failed to inquire regarding those topics or believes that the testimony it received was insufficient is of no moment now. Mattel had the opportunity to ask a prepared MGA Mexico witness about the topics at the depositions it took more than six months ago. Moreover, at this stage in discovery, Mattel has had more than two weeks to depose each of the former MGA Mexico employees that have the most first-hand knowledge regarding the claims and issues in this case. It is against this background that MGA Mexico seeks a protective order. It requests the Court's protection to avoid being re-deposed on topics on which Mattel has already had the opportunity to obtain corporate testimony and has obtained ample discovery.

## FACTUAL BACKGROUND

Mattel has served three separate Rule 30(b)(6) notices on defendant MGA Mexico. The most recent of these and the one at issue in the motion, Mattel's second Phase 2 notice of deposition ("Second Phase 2 Notice"), was served on July 9, 2010, and contains 17 different topics, as well as many subtopics. MGA

- 1 -  NOTICE OF MOTION & MOTION FOR PROTECTIVE ORDER
CASE NO. CV 04-9049-DOC (RNBX)

1   Mexico objected to the Second Phase 2 Notice on July 30, 2010.  Mattel's first
2   notice of deposition to MGA Mexico ("First Notice") included 59 topics.
3        In late 2009, almost two-years after Mattel served its First Notice, Mattel
4   demanded testimony on all of the 59 topics included in it.  While MGA Mexico
5   thought that many of the topics in the First Notice were overbroad, it nevertheless,
6   prepared and produced witnesses to testify on all of the 59 topics included in
7   Mattel's original notice.[1]  Ms. Susanna Kuemmerle appeared as a corporate
8   representative on behalf of MGA Mexico on December 7, 2009 through December
9   9, 2009, and provided approximately 33 hours of testimony on behalf of MGA
10  Mexico.  Even though Ms. Kuemmerle was designated on all 59 topics, Mattel
11  never asked Ms. Kuemmerle about many of the topics included in the First Notice.
12  This was in spite of Mattel's own insistence that a witness be produced on all 59 the
13  topics and MGA Mexico making her available for more than 30 hours.  At the
14  conclusion of the deposition, Mattel claimed only that she was not prepared on a
15  limited set of topics related to how MGA came to possess a copy of the CD seized
16  by the Mexican authorities.  On December 12, 2009 and January 15, Mr. Bud Small
17  then supplemented Ms. Kuemmerle's appearance to discuss issues related to
18  Mattel's alleged trade secrets, as a designated on Topics 1-3, 5-8 and a portion of
19  27.  Mattel deposed Mr. Small for nine hours on the first day and 10 hours on the
20  second day.
21       After those 52 hours of deposition, Mattel complained to the Court that MGA
22  Mexico witnesses were not adequately prepared to discuss the subset of topics
23  relating to the CD seized by the authorities.  (2/16/10 Mattel Submission Re
24  Discovery Issues, Dkt. No. 7506, at 2-3.)  The Court only granted Mattel's motion
25  in part, finding that "[t]he issue here is not whether Mr. Small was prepared (he
26  was)", and limiting Mattel's further questioning relating to its alleged trade secrets

---

[1] In fact, MGA Mexico moved in 2008 for a protective order on the First Notice that had never been ruled upon, but ultimately decided to provide a witness on the each of the topics included in the First Notice.

1  to another 4 hours regarding the Mexican law enforcement's collection of

2  documents at MGA Mexico.  (2/25/10 Order, Dkt. No. 7575, at p. 2.)  Mr. Small

3  appeared on March 17, 2010 and provided 3.5 hours of testimony.  Ms. Kuemmerle

4  appeared on May 5, 2010 and provided an additional 2.5 hours of testimony.  Thus

5  addressing and resolving Mattel's concerns regarding MGA's corporate testimony

6  provided on the topics included in the First Notice and the Court's order on the

7  same.

8  In addition to these corporate depositions, Mattel has had the opportunity to

9  depose numerous former MGA Mexico employees.  Mattel has deposed:

10  Ms. Kuemmerle (1 day), Mr. Machado (6 days), Ms. Trueba (4 days), and

11  Mr. Vargas (4 days).  Together, these individuals provided almost 70 hours of

12  testimony.  Additionally, Mattel has sought information regarding MGA Mexico

13  from many MGA witnesses.  For example, when deposing MGA's President, Isaac

14  Larian, issues related to MGA Mexico have been raised in all but one of his 9

15  depositions.  Collectively, Mattel has had ample opportunity to gather information

16  about MGA Mexico through both corporate and individual depositions.

17  **ARGUMENT**

18  MGA Mexico is entitled to a protective order pursuant to Federal Rule of

19  Civil Procedure 26.  Protective orders are issued to "protect a party from

20  annoyance, embarrassment, oppression, or undue burden or expense."  Fed. R. Civ.

21  P. 26(c).  A protective order should issue where the moving party shows that:

22  (1)  the discovery sought is unreasonably cumulative or duplicative, or can
23  be obtained from some other source that is more convenient, less
    burdensome, or less expensive;

24  (2)  the party seeking discovery has had ample opportunity to obtain the
25  information by discovery in the action; or

26  (3)  the burden or expense of the proposed discovery outweighs its likely
    benefit, considering the needs of the case, the amount in controversy,
27  the parties' resources, the importance of the issues at stake in the
    action, and the importance of the discovery in resolving the issues.

28  Fed. R. Civ. P. 26 (b)(2)(C)(i)-(iii).

|   |   |
|---|---|
| 1 | MGA Mexico can show all three here.  MGA Mexico is entitled to a |
| 2 | protective order because the current deposition notice seeks testimony on topics that |
| 3 | are duplicative of previously noticed deposition topics.  *CSX Transp., Inc. v. Vela*, |
| 4 | 2007 WL 3334966, at *3 (S.D. Ind. Nov. 8, 2007) (granting motion for protective |
| 5 | order where party sought Rule 30(b)(6) deposition on matters the noticed party had |
| 6 | previously answered in discovery); *Cummings v. General Motor Corp.*, 2002 WL |
| 7 | 32713320, at *6 (W.D. Okla. June 18, 2002) (issuing protective order where Rule |
| 8 | 30(b)(6) notice was duplicative of previous notices).  MGA Mexico is also entitled |
| 9 | to a protective order because the testimony sought in many of the topics could be |
| 10 | provided in a manner that is less burdensome and less expensive.  *SmithKline* |
| 11 | *Beecham Corp. v. Apotex Corp.*, 2000 WL 116082, at *9 (N.D. Ill. Jan. 24, 2000) |
| 12 | (refusing to compel a corporate deposition where the "party could readily have |
| 13 | obtained the same information in a more efficient manner").  Furthermore, MGA |
| 14 | Mexico should be granted a protective order because Mattel has had ample |
| 15 | opportunity to obtain the information by discovery in the action.  Not only has it |
| 16 | deposed MGA Mexico witnesses that were prepared to address these topics on |
| 17 | seven different occasions, it has had more than 2 weeks to depose the key MGA |
| 18 | Mexico employees who have knowledge and information about the fact of this case. |
| 19 | *Gossar v. Soo Line Railroad Co.*, 2009 WL 3570335, at *5 (S.D. Ind. Oct. 27, |
| 20 | 2009) (granting protective order for 30(b)(6) topic on grounds that it would be |
| 21 | "unduly duplicative" of individual deposition testimony); *McCormick-Morgan, Inc.* |
| 22 | *v. Teledyn Indus.*, 134 F.R.D. 275, 286 (N.D. Cal. 1991) (holding that there is no |
| 23 | reason to allow discovery of the same information through multiple discovery |
| 24 | devices). |
| 25 | The burden and expense of this duplicative and marginally additional |
| 26 | discovery is highlighted by the fact that MGA Mexico is a foreign corporation.  At |
| 27 | that it is a small Mexican entity that has drastically reduced its staff and close its |
| 28 | office since the initiation of this litigation.  Given that Mattel knew about the |

reduction of MGA Mexico personnel and has previously forced multiple MGA Mexico witnesses travel to Southern California for deposition, it would be unfair to allow Mattel to force further duplicative discovery in Southern California at its whim.

Additionally, it has become apparent recently that there is a further concern regarding Mattel's discovery requests aimed at MGA Mexico – Mattel is impermissibly using civil discovery in this case to bolster its criminal proceedings in Mexico against Machado, Trueba, and Vargas, and to attempt to revive its charges against Isaac Larian and others that were previously rejected by courts in Mexico. *See* Mattel Opp. to MGA Motion for Protective Order (Dkt. No. 8366). This ulterior and impermissible motive is but another reason why Mattel should not be allowed a second bite at the apple on topics on which it has or could have previously obtained testimony.

### I. TOPICS 4 AND 13 SEEK DUPLICATIVE AND CUMULATIVE TESTIMONY REGARDING MGA MEXICO'S RELATIONSHIP WITH MACHADO, TRUEBA AND VARGAS

In Mattel's Second Phase 2 Notice, topics 4 and 13 relate to MGA Mexico's employment relationship with Gustavo Machado, Mariana Trueba, and Pablo Vargas. Topic No. 4 demands testimony regarding, "The timing, nature and extent of MGA Mexico's relationship with Gustavo Machado, Mariana Trueba, and Pablo Vargas." Topic No. 13 is broader and seeks testimony about "MGA Mexico's knowledge of and communications relating to the obligations of Mattel employees to Mattel, including confidentiality and ownership of inventions." Mattel has already obtained detailed testimony regarding these two topics from both MGA Mexico corporate representatives, as well as former MGA Mexico employees.

Mattel obtained testimony regarding MGA Mexico's employment relationship with Machado, Trueba, and Vargas from Ms. Kuemmerle's corporate testimony. In fact, at least a dozen of the topics on which Ms. Kuemmerle was designated to testify from the First Notice relate to these employment relationships.

For example:

**Topic 4:** The hiring, engagement or retention by YOU of any current or former MATTEL employee or contractor, including but not limited to the terms of all employment agreements and agreements RELATING TO confidentiality or the invention, authorship, or ownership of any concept or product;

**Topic 9:** COMMUNICATIONS between YOU and any of the FORMER MATTEL EMPLOYEES prior to April 20, 2004, including without limitation any and all DOCUMENTS any of the FORMER MATTEL EMPLOYEES transmitted or shared with YOU prior to April 20, 2004;

**Topic 10:** COMMUNICATIONS between YOU and any of the FORMER MATTEL EMPLOYEES RELATING TO MATTEL or any MATTEL product, potential product, business plan, line list, DOCUMENT or pricing;

**Topic 11:** COMMUNICATIONS between any of the FORMER MATTEL EMPLOYEES and LARIAN, Thomas Park, and/or Susanna Kuemmerle prior to April 20, 2004;

**Topic 12:** Travel to Los Angeles, California by any of the FORMER MATTEL EMPLOYEES between January 1, 2004 and April 20, 2004;

**Topic 13:** The content, meaning, and authenticity of e-mail messages, including attachments and metadata, sent from or received by YOU to or from the e-mail address <plot04@aol.com>;

**Topic 14:** The content, meaning, and authenticity of e-mail messages, including attachments and metadata, sent from or received at the e-mail address <argentrade@aol.com> to or from the e-mail address <plot04@aol.com>;

**Topic 15:** The content, meaning, and authenticity of e-mail messages, including attachments and metadata, sent from or received at the e-mail address <argentrade@aol.com> to or from any of the FORMER MATTEL EMPLOYEES;

**Topic 18:** The job responsibilities of each FORMER MATTEL EMPLOYEE in the first six months after each joined MGA;

**Topic 19:** The content, meaning and authenticity of each personnel file maintained or created by YOU RELATING TO any FORMER MATTEL EMPLOYEE;

**Topic 20:** Any and all agreements between YOU and any of the FORMER MATTEL EMPLOYEES, including all drafts of such agreements and COMMUNICATIONS related thereto;

**Topic 21:** Compensation, money or any other item of value paid by YOU to any FORMER MATTEL EMPLOYEE, whether directly or indirectly, or paid to any PERSON for the benefit of or RELATING TO any FORMER MATTEL EMPLOYEE; and

**Topic 22:** Any promotions, raises, bonuses, monetary incentives, payments, awards, transfers, warnings, admonishment, discipline, reprimands, demotions or terminations of or received by any of the FORMER MATTEL EMPLOYEES while employed by YOU.

Given the number of topics in Mattel's First Notice that relate to the issue of MGA Mexico's relationship with the three former Mattel employees, including topics specifically regarding MGA Mexico's knowledge of their contractual obligations to Mattel, there is no justification for Mattel's additional request for testimony on these issues in its Second Phase 2 Notice. *See CSX Transp., Inc.*, 2007 WL 3334966, at *3 (granting motion for protective order where party sought Rule 30(b)(6) deposition on matters the noticed party had previously answered in discovery); *Cummings*, 2002 WL 32713320, at *6 (issuing protective order where Rule 30(b)(6) notice was duplicative of previous notices). Furthermore, Mattel did spend a great deal of time asking Ms. Kuemmerle about these topics. For example, Mattel introduced almost 40 email communications from the <ploto4@yahoo.com> email address during her deposition, questioned her regarding the personnel files of each of these employees, and inquired about their duties at MGA Mexico.

Additionally, Mattel has deposed Machado, Trueba, and Vargas, as individuals, collectively for two full weeks. *See Gossar*, 2009 WL 3570335, at *5 (S.D. Ind. Oct. 27, 2009) (granting protective order for 30(b)(6) topic on grounds that it would be "unduly duplicative" of individual deposition testimony); *McCormick-Morgan, Inc.*, 134 F.R.D. at 286 (holding that there is "no reason to permit the parties in this case to pursue the kind of information [at issue] through more than one discovery device"). Any information Mattel has not already obtained about the relationship between MGA Mexico and these three employees would be minimal at best, and does not justify the burden Mattel seeks to impose by demanding further testimony on such a broad and limitless topic as "the timing, nature, and extent of MGA Mexico's relationship" with Machado, Trueba and Vargas.

## II. TOPICS 2, 5, AND 15 SEEK DUPLICATIVE AND CUMULATIVE TESTIMONY REGARDING MGA MEXICO'S FINANCES.

Mattel's Second Phase 2 Notice demands testimony on three topics relating to MGA Mexico's finances: Topic 2: "The nature and extent of YOUR commercial, financial, or other obligations that MGA satisfied or helped satisfy between 2004 and the present"; Topic 5: "The source and amount of funding used by YOU for creation, operations and payments of expenses and other obligations before March 31, 2005 . . . ."; Topic 15: "YOUR net worth, currently and as of December 2009 or the close of your fiscal year 2009, any and all calculations thereof, and all bases and sources for determining YOUR net worth." Again, the topics are duplicative of discovery that has already been requested by Mattel in this action and MGA Mexico should be awarded a protective order.

Mattel's First Notice to MGA Mexico sought testimony regarding MGA Mexico's finances in at least four different areas:

**Topic 40:** YOUR revenues and profits . . .;

**Topic 44:** YOUR cost allocation procedure;

**Topic 47:** YOUR net worth on a yearly basis from January 1, 2004 to the present; and

**Topic 48:** YOUR monthly, quarterly and annual financial reports, including financial statements (both audited and unaudited) from January 1, 2004 through the present, inclusive.

MGA Mexico designated Ms. Kuemmerle on these topics and Mattel did not move to compel further testimony on any of these topics. Further, MGA has provided a corporate witness on topics relating to MGA Mexico finances. Denis Jolicoeur testified regarding "MGA's payments to or through vendors, attorneys or others in Mexico relating to any actual or potential investigation or prosecution of MGA or its employees." Thus, collectively, Mattel has had the opportunity to question persons with knowledge about specific facts relating to MGA Mexico's finances. *See CSX Transp., Inc.*, 2007 WL 3334966, at \*3 (granting motion for protective

order where party sought Rule 30(b)(6) deposition on matters the noticed party had previously answered in discovery); *Cummings*, 2002 WL 32713320, at *6 (issuing protective order where Rule 30(b)(6) notice was duplicative of previous notices).

Further, Mattel's deposition topics improperly seek expert testimony regarding MGA Mexico's finances. MGA Mexico has produced its underlying financial records, with which Mattel will be able to obtain expert evaluation of MGA Mexico's finances at the appropriate time. MGA Mexico should not be compelled to then interpret these records at a corporate deposition, such as making representations about MGA Mexico's "net worth", as though MGA Mexico or its employees are financial experts. Rather, the more efficient use of resources would be to reserve further testimony on these topics for experts.

### III. TOPICS 6-11 ARE DUPLICATIVE AND CUMULATIVE OF PRIOR TOPICS REGARDING DIGITAL INFORMATION AND DOCUMENT COLLECTION.

Topics 6-11 seek testimony regarding the electronic media used by Kuemmerle, Machado, Trueba, and Vargas, as well as alleged spoliation of evidence. Topics 6, 7, 8, and 9 demand information about the "location and identification of" the hard drives, images of hard drives, removable media (such as USB sticks), and images of removable media that were used by Kuemmerle, Machado, Trueba, and Vargas. Topics 10 and 11 seek testimony regarding MGA Mexico's knowledge of intentional spoliation of documents in this action, and Machado, Trueba, and Vargas' knowledge of the same. Testimony from a MGA corporate representative on these topics would be duplicative and unnecessarily burdensome.

MGA Mexico provided Bud Small as a witness on three occasions to discuss topics relating to electronic media and alleged spoliation of evidence. MGA Mexico also produced Susana Kuemmerle on those same topics. *See CSX Transp., Inc.*, 2007 WL 3334966, at *3 (granting motion for protective order where party sought Rule 30(b)(6) deposition on matters the noticed party had previously

answered in discovery); *Cummings*, 2002 WL 32713320, at *6 (issuing protective order where Rule 30(b)(6) notice was duplicative of previous notices).  These topics included:

> **Topic 2:** YOUR receipt, reproduction, copying, storage, transmission, transfer, retention, destruction, deletion or use of any DOCUMENTS, data and/or information, including but not limited to any compilation of information, that was prepared, made, created, generated, assembled or compiled by or for MATTEL and that was not publicly available at the time of YOUR receipt of such DOCUMENT, date and/or information
>
> **Topic 5:** The seizure of DOCUMENTS by Mexican authorities from YOUR office in Mexico City, Mexico, including but not limited to the IDENTITY of such DOCUMENTS and YOUR PRESERVATION of any MATTEL authored DOCUMENT after the execution of the search warrant by Mexican authorities; and
>
> **Topic 26:** COMMUNICATIONS between YOU and any PERSON RELATING TO the retention, destruction, transfer, or use of any information or DOCUMENTS known to or possessed by any current or former MATTEL employee or contractor.

In fact, it was on these issues as they relate to Mattel's trade secret allegations that Mattel moved to compel further MGA Mexico testimony. Accordingly, the Court's February 25 order granting, in part, Mattel's motion to compel testimony regarding its alleged trade secrets should preclude Mattel from seeking further testimony on these issues.  In its order, this Court found that MGA Mexico had properly prepared its witnesses, but needed to provide additional testimony only regarding the Mexican authorities collection of documents from MGA Mexico and only for four hours.  Dkt No. 7575.  MGA Mexico more than complied with that order, providing two witnesses for six hours.  Mattel should not be allowed to circumvent that order by propounded a new deposition notice on the same topics.

Not only has Mattel been able to depose both Mr. Small and Ms. Kuemmerle on those topics, it also has deposed Machado, Trueba, and Vargas about the alleged spoliation of documents.  That testimony belies Mattel's insinuations that others at MGA Mexico have any first-hand knowledge regarding the alleged spoliation of documents by MGA Mexico.  In fact, Mr. Vargas' testimony claims that any such

1  activity was conducted at his home, prior to the filing of this lawsuit, and was not
2  done at the direction of anyone at MGA Mexico. 6/17/10 P. Vargas Depo. Tr. at
3  pp. 255-256. Accordingly, even if MGA Mexico were to provide corporate
4  testimony on the issue, the best it could do would be to direct Mattel to the
5  testimony already given by the individuals Mattel alleges to have first-hand
6  knowledge of the alleged spoliation. Such testimony would be the definition of
7  cumulative and offers no new information to Mattel. *See Gossar*, 2009 WL
8  3570335, at *5 (S.D. Ind. Oct. 27, 2009) (granting protective order for 30(b)(6)
9  topic on grounds that it would be "unduly duplicative" of individual deposition
10 testimony); *McCormick-Morgan, Inc.*, 134 F.R.D. at 286 (holding that there is "no
11 reason to permit the parties in this case to pursue the kind of information [at issue]
12 through more than one discovery device").

13 As to the topics requesting identification of electronic materials within the
14 possession of Kuemmerle, Machado, Trueba, and Vargas, there is no need for
15 deposition testimony on the topic, as MGA Mexico is willing to provide a list of
16 such electronic material in lieu of designating a deponent on this topic. Given that
17 the information sought can be adequately provided in that form, corporate
18 testimony on the topic is unnecessary and presents an unjustified burden.

19 **IV. TOPICS 1, 3, AND 14 SEEK TESTIMONY ON TOPICS PREVIOUSLY NOTICED BY MATTEL RELATING TO**
20 **JURISDICTION AND ARE VAGUE AND OVERBROAD.**

21 Topics 1, 3, and 14 seek testimony regarding MGA Mexico's activities in the
22 United States, its relationship with Isaac Larian, and its use of "instrumentalities of
23 interstate commerce". These topics are objectionable for three reasons: (1) Mattel
24 has previously sought testimony on these topics; (2) Mattel has had ample
25 discovery on these topics; and (3) these topics are vague and overbroad.

26 Mattel's first Rule 30(b)(6) deposition notice to MGA Mexico included
27 requests for testimony on several topics relating to these jurisdictional issues
28 including:

- 11 -  NOTICE OF MOTION & MOTION FOR PROTECTIVE ORDER
CASE NO. CV 04-9049-DOC (RNBx)

**Topics 37:** The factual basis for YOUR affirmative defenses; and

**Topic 50:** YOUR corporate structure since January 1, 2004, including without limitation YOUR relationship with MGA Entertainment, Inc., to MGA Entertainment Mexico, Inc. and the IDENTITY of YOUR officers, directors, shareholders and employees.

As with the other topics, Mattel could have moved to compel testimony on these topics, had it explored these topics in during the multiple days on which Ms. Kuemmerle and Mr. Small testified as corporate witnesses and found MGA Mexico's witnesses lacking. However, Mattel is not entitled to demand that MGA Mexico prepare witnesses on specific topics, neglect to explore those topics when given the opportunity to, and then later request the same information in a subsequent deposition notice. *See Cummings*, 2002 WL 32713320, at *6 (issuing protective order where Rule 30(b)(6) notice was duplicative of previous notices).

Moreover, Mattel has been able to ask individual MGA Mexico employees about these topics. *See Gossar*, 2009 WL 3570335, at *5 (S.D. Ind. Oct. 27, 2009) (granting protective order for 30(b)(6) topic on grounds that it would be "unduly duplicative" of individual deposition testimony). Most importantly, Mattel has deposed Machado, Trueba, and Vargas, as well as their supervisor, Kuemmerle. Moreover, regarding Isaac Larian's relationship with MGA Mexico, Mattel has questioned the person most knowledgeable about such relationship, Mr. Larian himself, about MGA Mexico in all but one of his 9 depositions. When this individual testimony is combined with the fact that this topic was included in Mattel's First Notice, there is no reason why Mattel should be allowed to demand more testimony on these topics.

Further, the current topics are vague and overbroad. It is not clear what specific information about these broad topics Mattel is seeking and would expect MGA Mexico's corporate representative to be prepared on. MGA Mexico's "use of the instrumentalities of interstate commerce" could relate to any number of aspects of its business, from its use of telephone and internet service, to the shipment of

toys from one part of the world to another. Given the breadth of the topics, it is apparent that Mattel actually has had the opportunity to seek deposition testimony relating to these topics, both through corporate and individual witnesses. Therefore, Mattel has had the opportunity to obtain testimony on these topics and there is no justification for Mattel being able to command further testimony on such seemingly boundless topics.

## V. TOPIC 12 SEEKS DUPLICATIVE AND CUMULATIVE TESTIMONY RELATING TO THE MEXICO CRIMINAL PROCEEDINGS AND IS VAGUE.

Topic 12 seeks testimony regarding "Efforts by MGA MEXICO or MGA to dissuade, prevent or interfere with any potential settlement or settlement of the Mexican Proceedings between MATTEL and Machado, Trueba, or Vargas."

In the first instance, the topic is not relevant to any of the claims in the case. Unlike Mattel, who controls the criminal proceedings in Mexico, MGA Mexico has no influence over either the criminal proceedings or over Machado, Trueba and Vargas. Further, MGA Mexico has not "interfered" with the Mexican Proceedings. Mattel has deposed Machado, Trueba, and Vargas each on this issue and no one has identified any actions on behalf of MGA Mexico designed to "interfere" with the Mexican proceedings. Accordingly, the testimony that Mattel obtained from the three individuals on this topics is the extent of the information available on this topics. To require further testimony by MGA Mexico as an entity would be redundant and unnecessary. *See Gossar*, 2009 WL 3570335, at *5 (granting protective order for 30(b)(6) topic on grounds that it would be "unduly duplicative" of individual deposition testimony); *McCormick-Morgan, Inc.*, 134 F.R.D. at 286 (holding that there is "no reason to permit the parties in this case to pursue the kind of information [at issue] through more than one discovery device").

## VI. TOPIC 16 SEEKS DUPLICATIVE AND CUMULATIVE TESTIMONY REGARDING MGA MEXICO'S AFFIRMATIVE DEFENSE OF UNCLEAN HANDS.

Topic 16 demands testimony about "all MGA MEXICO intellectual property

or confidential information that MGA MEXICO alleges MATTEL wrongfully possessed or obtained" including "the identity of the person who owned . . . the property" and "the factual basis for such claim of ownership" and "the time period that each person or persons owned . . . the property."

The only relevance of this topic could be in relation to MGA Mexico's affirmative defense of unclean hands. However, Mattel has already had the opportunity to depose Ms. Kuemmerle on Topic 37 of Mattel's first Rule 30(b)(6) notice: "The factual basis of YOUR affirmative defenses", as well as Topic 32: "YOUR efforts to maintain the secrecy of YOUR claimed trade secrets." Furthermore, the response to Mattel's Interrogatory No. 3, in Mattel's Fourth Set of Interrogatories will set forth all information regarding MGA Mexico confidential information that MGA Mexico currently has reason to believe was wrongfully obtained by Mattel. Cumulatively then, Mattel has had the opportunity to seek deposition testimony on this topic and is being provided substantive discovery on the issue in response to its interrogatory requests. *See McCormick-Morgan, Inc.*, 134 F.R.D. at 286 (holding that there is "no reason to permit the parties in this case to pursue the kind of information [at issue] through more than one discovery device"); *see also SmithKline Beecham Corp.*, 2000 WL 116082, at *9. Accordingly, there would be only minimal value to requiring MGA Mexico to designate a witness on this topic. This minimal value is negated by Mattel's decision not to seek this information in its earlier 30(b)(6) depositions when it insisted the topic be included.

### VII. TOPIC 17, SEEKING TESTIMONY REGARDING MGA MEXICO EMPLOYMENT AGREEMENTS, IS NOT RELEVANT AND BURDENSOME.

Topic 17 of Mattel's Second Phase 2 Notice concerns MGA Mexico's form employment agreements and seeks testimony regarding "Each form of agreement in use by MGA MEXICO from 1975 to the present between MGA and its employees or independent contractors that MGA MEXICO contends governs (a) the ownership

or assignment of any original works of authorship or inventions of its employees or independent contractors, and/or (b) the use, disclosure, or protection of information that MGA MEXICO considers to be confidential to which its employees or independent contractors were privy". The topic then goes on to list 9 subtopics on which testimony is sought but not limited to.

In the first instance, there is no showing of relevance of MGA Mexico's agreements with its employees, as there are no allegations that MGA Mexico's employees left with MGA Mexico confidential or trade secret information that was provided to Mattel. Even if there was or the topic was relevant in some other way, MGA has provided corporate testimony regarding MGA Mexico's employment agreements with Machado, Trueba, and Vargas. (*See*, *e.g.*, Topics 4, 20 First Rule 30(b)(6) Notice, Section I *supra*.) Because the topic is neither relevant and Mattel has already had the opportunity to take testimony on it, MGA Mexico should not be compelled to provide an additional witness on the topic now. *See United States v. Boeing Co.*, 2010 WL 1408596, at *2 (D. Kan. April 1, 2010) (granting protective order where relevance of 30(b)(6) topic is "extremely tenuous."); *MedImmune, LLC v. PDL Biopharma, Inc.*, 2010 WL 2382262, at *1 (N.D. Cal. June 10, 2010) (granting protective order as to 30(b)(6) topic on grounds that topic is not relevant or reasonably calculated to lead to the discovery or admissible evidence.)

## CONCLUSION

For the foregoing reasons, MGA Mexico requests that the Court grant a protective order as to Topics 1-17 of Mattel's Second Phase 2 Notice of Deposition of MGA de Mexico pursuant to Federal Rule of Civil Procedure 30(b)(6).

Dated:   August 5, 2010                              Orrick, Herrington & Sutcliffe LLP


By:     /s/ William A. Molinski
William A. Molinski
Attorneys for MGA Parties and IGWT 826 Investments LLC.

- 15 -   NOTICE OF MOTION & MOTION FOR PROTECTIVE ORDER
CASE NO. CV 04-9049-DOC (RNBX)