QUINN EMANUEL URQUHART & SULLIVAN, LLP
  John B. Quinn (Bar No. 090378)
  (johnquinn@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
  865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:   (213) 443-3000
Facsimile:   (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation, | CASE NO. CV 04-9049 DOC (RNBx) |
| Plaintiff, | Consolidated with Case Nos. CV 04-09059 and CV 05-02727 |
| vs. | Hon. David. O. Carter |
| MGA ENTERTAINMENT, INC., a California corporation, et al., | MATTEL, INC.'S OPPOSITION TO MGA PARTIES' OBJECTION TO REPORT AND RECOMMENDATION DATED JULY 19, 2010 |
| Defendant. | |
| AND CONSOLIDATED ACTIONS | Date:   TBD
Time:   TBD |
| | **Phase 2**
Discovery: TBD
Pre-trial Conference:  TBD
Trial Date:  January 11, 2011 |

00505.07975/3611816.4

# <u>TABLE OF CONTENTS</u>

<u>Page</u>

PRELIMINARY STATEMENT ...............................................................................1

ARGUMENT ......................................................................................................12

I.     THE COURT SHOULD REJECT MGA'S OBJECTION ...........................12

    A.    MGA Waived Its Objections and Improperly Seeks Reconsideration ........................................................................12

    B.    ArchiveOne Is Reasonably Accessible ..................................13

    C.    The July 19 Report Correctly Adopted ILS's Proposal to Expedite the Ordered Search Process ...................................15

    D.    The July 19 Report Correctly Found Good Cause .............................16

II.    MGA SHOULD BE SANCTIONED ..........................................................19

CONCLUSION .................................................................................................20

1

## **TABLE OF AUTHORITIES**

2

**Page**

3

### **Cases**

4

Cunningham v. Hamilton County,
    527 U.S. 198 (1999)..................................................................20

5

6

Regents of Univ. of Cal. v. Micro Therapeutics, Inc.,
    507 F. Supp. 2d 1074 (N.D. Cal. 2007) ................................................13

7

Smith v. Frank,
    923 F.2d 139 (9th Cir. 1991) ................................................................12

8

9

Tai Ham v. Selectron Int'l Optronics, LLC,
    324 Fed. App'x 583 (9th Cir. 2009) ....................................................12

10

U.S. v. Shetty,
    130 F.3d 1324 (9th Cir. 1997) ..............................................................13

11

12

U.S. v. Torf,
    357 F.3d 900 ........................................................................................12

13

14

Zubulake v. UBS Warburg, LLC,
    217 F.R.D. 309 (S.D.N.Y. 2003)....................................................14, 15

15

### **Statutes**

16

Fed. R. Civ. P. 37(a)(5).................................................................................20

17

Local Rule 7-18 ............................................................................................12

18

19

20

21

22

23

24

25

26

27

28

## **Preliminary Statement**

The Special Master's July 19 Report was at least the *eighth* time MGA has either been ordered to search ArchiveOne or expressly agreed to do so.  Yet, MGA refuses to comply with those Orders and now improperly seeks belated reconsideration of them, re-raising literally every argument rejected over the past six months, including arguments that were waived or time-barred long ago.  A timeline of the relevant Orders and briefs illustrates the point:

- **January 21, 2010**—Judge Smith recommends MGA be "ordered to make available the ArchiveOne database for forensic examination by ILS."

- **March 8, 2010**—MGA stipulates that "[t]he Court-appointed experts shall examine the MGA Parties' ArchiveOne system."

- **March 10, 2010**—The Court enters Orders on the March 8 Stipulation, including the protocol for MGA's review of ArchiveOne search results.

- **March 11, 2010**—The Court enters an Order on the January 21 Report.

- **March 17, 2020**—MGA files a report with the Special Master stating it is "agreeing to certain terms" for the search of ArchiveOne.

- **May 8, 2010**—Judge Smith orders that ILS "conduct an independent search of the ArchiveOne database to retrieve e-mails having discovery relevance forthwith utilizing the search terms agreed upon by the parties."

- **July 12, 2010**—MGA files a brief with Judge Smith promising that "*ArchiveOne will be searched for documents relevant to this case.*"

- **July 19, 2010**—Judge Smith rules again that ArchiveOne is reasonably accessible, good cause exists to search it, and recommends ILS search ArchiveOne using a custodian-based approach.

The July 19 Report itself was necessitated by MGA's refusals to comply with the prior Reports and Orders.  MGA has gone so far as to block the Court-appointed expert from performing ordered tasks.  As the Special Master found on July 2, 2010, some two weeks before the July 19 Report, "MGA has set aside the results of the searches ILS is conducting in ArchiveOne, *and will not permit ILS to remove those results from MGA's*

*site*." During the conference with Judge Smith on that issue, MGA flatly declared that it would not comply with the prior Orders requiring a search of ArchiveOne until the Special Master issued yet another Report on ArchiveOne—a tactic designed by MGA to manufacture grounds to belatedly and improperly challenge the prior, unappealed Reports requiring the search.

The prior Reports and Orders—and MGA's own stipulation to the ArchiveOne search that MGA fails to even mention here—resolved literally every substantive argument MGA raises here.  MGA claims that ArchiveOne is not "reasonably accessible" and is too burdensome and costly to search, but it made the exact same arguments leading up to the January 21 Report, and the Special Master rejected them. MGA also argued previously that its production of the first 1,000 characters of responsive emails was sufficient, based on the frivolous contention that Mattel could scour MGA's document production and supposedly divine from the fragments that were produced which emails are important enough to warrant a full production from MGA.  The Special Master rejected that argument as well, ruling that "[t]o assume text that has discovery relevance would . . . be contained in the 1,000 characters . . . is unsupported by common sense and logic."  Indeed, accepting MGA's argument would not only allow MGA to defy the dozens of prior Court Orders compelling it to produce documents (which obviously were in no way conditioned on Mattel first specifically identifying the emails it wants on an individual, email-by-email basis), but would turn discovery into a guessing game.

MGA also argues there are too many ordered search terms, but ignores that *MGA stipulated to them*.  The ordered search currently underway is solely using the parties' "Agreed Upon Search Terms."  The Special Master also reviewed and approved of the terms, ordering ILS to proceed with "search and retrieval of e-mail from the ArchiveOne database utilizing the ArchiveOne *Agreed Upon Search Terms*."  Indeed, the agreed upon terms approved in the May 8 Report are virtually identical to those for

the Larian hard drives, which this Court ruled "are narrowly defined, encompass relevant issues, and do not otherwise impose an undue burden upon MGA."[1]

MGA presents no facts or law justifying reconsideration of these prior rulings, but instead simply misrepresents them. MGA claims that "there has been no finding ... that good cause exists to require a search of ArchiveOne," but the July 19 Order held *exactly that*. Because the Special Master has confirmed that ArchiveOne is reasonably accessible (as he found months earlier), no good cause finding was even required. Nonetheless, the Special Master ruled that, "in the alternative," even if inaccessible, these "circumstances *would trigger the 'good cause' exception set forth in the Rule*." The Special Master so ruled because ArchiveOne is an active and critical repository of relevant evidence. ArchiveOne holds every MGA email that is 1) older than 90 days, and 2) longer than 1,000 characters. Yet, incredibly, MGA has *never* searched it. As Judge Smith noted, "the greater portion of potentially relevant information would be contained in the e-mail that was more than 90 days old, the full text of which can only be found in the ArchiveOne database."[2] It is no surprise that the search process is time consuming and the results numerous—the search is uncovering, for the very first time, untold numbers of relevant MGA emails that MGA has withheld in violation of multiple prior Court Orders over the years compelling their production.

The search of ArchiveOne was ordered months ago. MGA, after repeatedly agreeing to the ordered search, now steadfastly refuses to comply and is forcing needless motion practice seeking reconsideration of multiple prior Reports and Orders. Had MGA simply complied with the initial January 21 Report (or indeed any of the dozens of discovery Orders entered against it in this case) and searched ArchiveOne, the search would already be finished. Far from concerned with the purported time and cost of an ArchiveOne search, MGA has spent far more effort and money resisting it

---

[1]   Amended Order Granting Mattel's Proposed Search Terms for Larian Hard Drive [Dkt. No. 7860], at 2.

[2]   January 21 Report and Recommendation, at 3.

1   and has forced Mattel to incur substantial fees enforcing the Orders.  Not only should

2   MGA's objections be rejected, but sanctions against MGA are appropriate.

### Statement of Facts

4   **MGA Has Never Searched Its Emails That Are Older Than 90 Days and**

5   **Longer than 1,000 Characters.**  MGA installed the ArchiveOne system in January

6   2007 "to allow a more robust record-keeping solution around [MGA's] e-mail

7   records."[3]  From January 2007 through today, every MGA email older than 90 days is

8   automatically transferred to the ArchiveOne system.[4]  A "truncated" version of the

9   email, consisting of the first 1,000 characters only, remains in the user's mailbox.

10  MGA claims that "the first 1,000 **words** remain" in the user's mailbox (Mot. at 3), but

11  that is false.  The declaration MGA cites, and the January 21 Report, reflect that the

12  truncated version in fact consists only of the first 1,000 **characters**.[5]  The difference is

13  critical; the remainder of the email (i.e., everything after the first 1,000 characters),

14  along with any and all attachments, has not been searched or produced, even though it

15  may well contain relevant information.[6]  Using a link in the truncated version of the

16  email, MGA employees can access from ArchiveOne the full email and all attachments

17  at the mere click of a button in the ordinary course of business.[7]  Despite this, MGA has

18  never searched these emails or attachments for responsive documents in this case.

---

[3]   Ken Lockhart 30(b)(6) Depo. Tr., dated June 14, 2007, at 86:18-92:12.  MGA claims in its Motion that it installed ArchiveOne, "prior to being sued by Mattel" (Mot. at 1), but *MGA* filed suit against Mattel in this action on April 13, 2005.

[4]   Lockhart 30(b)(6) Depo. Tr., dated June 14, 2007, at 86:18-92:12; see also id., at 90:14-91:7 (testifying that at the time ArchiveOne was installed, it would have captured emails dating back approximately two years, i.e., to at least 2005).  MGA has since claimed that some employees, apparently including Isaac Larian, are not included in ArchiveOne, but MGA has repeatedly refused to state which employees are in the database and which are not.  Nor has MGA stated whether these excluded employees' emails have been preserved at all.  Mattel reserves its rights as to any destruction of these employees' emails, including Mr. Larian's.

[5]   See Second Supplemental Rubin Declaration, ¶ 6 ("1,000 characters of the email body" appear in the user's Exchange mailbox); January 21 Report and Recommendation, at 3 (truncated portion consists "of 1,000 characters of the e-mail").

[6]   See Motion at 3 (stating that "after 90 days, an e-mail and any attachments are transferred" to ArchiveOne).

[7]   See Motion at 3; MGA Parties' Response to Dec. 24, 2009 Report and Recommendation of Electronic Discovery Special Master, dated Jan. 11, 2010, at 3-8.

1   Instead, MGA has only searched "the e-mails and attachments that were not older than

2   90 days. Any e-mail (and attachments) older than 90 days was searched *in the*

3   *truncated version only.*"[8]

4       **Mattel Moves to Compel a Search of ArchiveOne.** In November 2009, when

5   Judge Smith was appointed Special Master for eDiscovery, one of the first issues

6   Mattel raised was MGA's apparent failure to search its emails for relevant evidence.[9]

7   In response to Mattel's concerns, the Special Master issued a December 24, 2009

8   Report with specific questions to MGA regarding the ArchiveOne system.[10] Through

9   MGA's responses to the Special Master's questions, MGA revealed for the first time

10   that neither MGA nor any of its subsidiaries had ever searched the ArchiveOne email

11   system for responsive documents.[11]

12       **MGA Opposes Mattel's Motion, Arguing That ArchiveOne Should Not Be**

13   **Searched for All the Same Reasons It Raises Here.** In opposing Mattel's motion

14   seeking to compel production from ArchiveOne, MGA argued that emails in its

15   ArchiveOne system "are not readily accessible" and that "[r]etrieval is a timely and

16   costly process."[12] Contrary to MGA's claims here that such issues have never been

17   resolved (Mot. at 12), MGA also expressly argued that "the cost and burden" of

18   searching ArchiveOne outweighed "[t]he benefit to Mattel."[13] MGA further absurdly

19   argued, as here (Mot. at 3), that the first 1,000 characters of a responsive email are a

20

21

22

23   [8]   January 21 Report and Recommendation at 3 (emphasis added).
      [9]   See Mattel, Inc.'s Submission Regarding Electronic Discovery Issues, dated Nov.
24   18, 2009; Mattel, Inc.'s Motion to Compel Regarding Electronic Discovery Issues, dated Dec. 7, 2009.
25       [10]   Report and Recommendation of Electronic Discovery Special Master, dated Dec. 24, 2009, at 3-4 [Dkt. No. 7407].
26       [11]   See MGA Parties' Response to Dec.24, 2009 Report and Recommendation of Electronic Discovery Special Master, dated Jan. 11, 2010, at 3-8.
27       [12]   See The MGA Parties' Opposition to Mattel, Inc.'s Motion to Compel Regarding Electronic Discovery Issues, dated Dec. 11, 2009, at 12.
28       [13]   Id. at 18.

sufficient production because Mattel should be able to gauge "the merit and importance of a document" from the first 1,000 characters.[14]

**The Special Master Rejects MGA's Arguments and Recommends a Full Search of ArchiveOne.**  In the January 21 Report and Recommendation, the Special Master addressed and rejected each of MGA's arguments and ordered a search of ArchiveOne by the Court-appointed forensic experts, ILS.[15]  The Special Master began by rejecting MGA's argument that producing only 1,000 characters of responsive documents was sufficient.  As stated in the January 21 Report:

> Common experience indicates e-mail documents frequently are several pages long and address multiple subjects, while the 1,000 characters that are contained in the truncated e-mail amounts to not more than 10 lines of text.  To assume text that has discovery relevance would always, or even mostly likely be contained in the 1,000 characters contained in the truncated e-mail that was searched by MGA in responding to discovery is unsupported by common sense and logic.  There is, of course, the additional possibility that the MGA user may have deleted the truncated version that remained with MGA after the full e-mail was archived. If that was done then the only copy of such an email would be the archived copy contained in ArchiveOne.[16]

The Special Master's last point is critical.  In addition to withholding emails from character 1,001 onward, MGA has withheld emails that employees deleted from their mailboxes or hard drives, despite the fact that the email remains resident in MGA's ArchiveOne system.

As to MGA's argument that searching ArchiveOne was too costly and burdensome, the Special Master noted that ArchiveOne was specifically ***designed*** to be "fully searchable and not subject to the limitations identified by MGA."[17]  The Special Master recommended "that MGA be ordered to make available the ArchiveOne

---

[14]   MGA Parties' Response to Dec. 24, 2009 Report and Recommendation of Electronic Discovery Special Master, dated Jan. 11, 2010, at 8.

[15]   January 21 Report and Recommendation, at 3-5.

[16]   Id. at 4.

00505.07975/3611816.4

database for forensic examination by ILS" and that the Court-appointed experts would work with the parties and the Special Master to "determine the specific format criteria to be utilized in retrieving and cataloguing the results of the search to be conducted."[18]

**MGA Elects Not to Object to the ArchiveOne Portion of the January 21 Report.**  MGA never objected to the Special Master's ruling that ArchiveOne be searched.  Indeed, on February 2, 2010, MGA objected to the January 21 Report's ruling that the Larian hard drives should be searched, but did ***not*** object to the ruling that ArchiveOne should be searched.[19]

**MGA Stipulates to ILS's Search of ArchiveOne and the Court Enters an Order on the Stipulation.**  Far from objecting, MGA stipulated to the ordered search of ArchiveOne.  On March 8, 2010, the parties submitted a Stipulation Regarding Schedule for Compliance with the Electronic Discovery Special Master's January 21, 2010 Report and Recommendation.[20]  In that Stipulation, MGA agreed that "[t]he Court-appointed experts shall examine the MGA Parties' ArchiveOne system" and further that "[t]he Court-appointed experts shall deliver any and all documents, if any, located pursuant to this examination to counsel for the MGA Parties."[21]

**The Court Enters Orders on the March 8 Stipulation.**  On March 10, 2010, the Court held a hearing on, among other things, the March 8 Stipulation.  Again, MGA raised no objection to the search of ArchiveOne.  To the contrary, counsel for MGA stated at the hearing that so long as MGA had sufficient "time to review [the search results], ***we wouldn't object to that***."[22]  The Court further entered an order granting Mattel's proposed language as to paragraph 2(E) of the March 8 Stipulation, which provides that "the MGA Parties shall . . . (2) produce to counsel for Mattel a log of all

---

[17] Id. at 4.
[18] Id. at 5.
[19] See MGA's Objection to Recommendation No. 5 of January 21, 2010 Electronic Discovery Special Master's Report and Recommendation, dated Feb. 2, 2010 [Dkt. No. 7467].
[20] Dkt. No. 7623.
[21] Id. at ¶¶ 2(C), 2(D).
[22] Hearing Tr., dated March 10, 2010, at 48:6-24 (emphasis added).

documents withheld as privileged, and (3) *produce to counsel for Mattel all other documents located by the Court-appointed experts from the ArchiveOne system.*"[23] Immediately after ruling on the ArchiveOne stipulation, the Court admonished the parties that prompt compliance with Orders was expected and that seeking reconsideration would result in sanctions.[24]

**The Court Enters an Order on the January 21 Report.**  On March 11, 2010, the day after the Court entered orders on the procedure for the ArchiveOne search, described above, the Court entered an Order approving of the Special Master's January 21, 2010 Order.[25]  The Order approved of the Special Master's rulings requiring a search of ArchiveOne in its entirety.[26]

**The Special Master Orders ArchiveOne Be Searched with the Parties' Agreed-Upon Search Terms.**  Pursuant to these prior Orders and Stipulations, the parties engaged in extensive meet and confer discussions regarding the search terms to be run on ArchiveOne.  On March 17, 2010, the MGA Parties submitted a Joint Report to the Special Master concerning the parties' negotiations on search terms, in which MGA acknowledged it was "agreeing to certain terms" to be run on ArchiveOne.[27]  Pursuant to the Special Master's instructions, on March 23, 2010, the parties submitted reports with proposed ArchiveOne search terms.  Mattel submitted two lists of terms—Exhibit C consisted of terms to which MGA had agreed during the meet and confer process; Exhibit D consisted of terms to which MGA objected.[28]

---

[23]   Dkt. No. 7623, at ¶ 2(E); Hearing Tr., dated March 10, 2010, at 48:6-24 (granting Mattel's proposed language as to ¶ 2(E)).  The Court also rejected MGA's proposed language that would have permitted it to conduct relevance and privacy reviews, ordering instead that, as called for in Mattel's language for ¶ 2(E), all nonprivileged documents resulting from the searches will be produced.  Dkt. No. 7623, at ¶ 2(E).
[24]   March 10, 2010 Hearing Tr., at 50:1-8.
[25]   Order on Report and Recommendation of Electronic Discovery Special Master, dated March 11, 2010 [Dkt. No. 7636], at 3-5.
[26]   Id.
[27]   See Joint Brief of Mattel and the MGA Parties Re Status of Meet and Confer Process Re ArchiveOne Search Terms, dated March 17, 2010.
[28]   See Mattel's Letter re Status of Negotiations Regarding Brawer Hard Drive and ArchiveOne Search Terms, dated March 23, 2010, at 4.

MGA's submission, on the other hand, attempted to re-litigate the ArchiveOne search order.[29]  As here, MGA offered no new facts or argument, but merely pointed (in violation of the <u>Local</u> <u>Rules</u>) to its prior briefing "concerning the difficulty with obtaining documents from ArchiveOne and the time consumed by any such endeavor" and stated that "there should be no order requiring a search of ArchiveOne."[30]  MGA then identified the specific search terms to which it objected, none of which appeared on Mattel's agreed-upon search term list.[31]

On May 8, 2010, the Special Master again rejected MGA's arguments regarding the searchability of ArchiveOne and ordered that "ILS shall proceed immediately with the independent search and retrieval of e-mail from the ArchiveOne database utilizing the ArchiveOne Agreed Upon Search Terms contained in Exhibit 'A' attached hereto."[32]  As to the disputed search terms, the Special Master ordered Mattel to prioritize them, with the Special Master to determine which of those additional search terms to run.[33]  Unlike the January 21 Report, the May 8 Report was a self-executing Order, stating that it was "final" and that "Court approval will not be required."[34]

**<u>MGA Elects Not to Object to the ArchiveOne Search Order.</u>**  MGA objected to the portion of the May 8 Report addressing the Larian hard drives.[35]  However, as

---

[29]   <u>See</u> MGA Parties' Objections to Proposed ArchiveOne Search Terms, dated March 23, 2010.

[30]   <u>Id.</u> at 1-2.

[31]   <u>Id.</u> at 2-6.  The search term list for ArchiveOne is an exact duplicate of terms this Court ordered be run on Larian's hard drives; the only difference is that the Larian hard drive search term list contained *additional* terms not included in the ArchiveOne list. <u>Compare</u> Letter from S. Kidman to the Special Master, dated March 23, 2010, Exhibit C (list of Agreed Upon ArchiveOne Search Terms), <u>with</u> Mattel, Inc.'s Submission Re Search Terms Pursuant to the Court's April 10, 2010 Order, dated April 16, 2010 [Dkt. No. 7730], Exhibit A (listing the Undisputed ArchiveOne Search Terms among those to be run on the Larian hard drives); <u>see also</u> Amended Order Granting Mattel's Proposed Search Terms for Larian Hard Drives, dated May 13, 2010 [Dkt.No. 7860] (ruling that the search terms listed in Exhibit A, <u>supra</u>, be run on Larian's hard drives).

[32]   May 8 Report and Recommendation, at 4.

[33]   <u>Id.</u>

[34]   <u>Id.</u>

[35]   <u>See</u> MGA's Objection to Electronic Discovery Special Master's Report and Recommendation (May 8, 2010), dated May 12, 2010 [Dkt. No. 7851].

1  with the January 21 Report, MGA did *not* object, and has never objected, to the

2  ArchiveOne portion of the May 8 Report.

3  **MGA Obstructs ILS's Attempts to Export the ArchiveOne Search Results.**

4  ILS commenced running the ordered searches on ArchiveOne in June 2010.  Although

5  Mattel has not been privy to the details of the search process, the Special Master

6  recently informed Mattel of the following:

> ILS (Diane Barry) has advised me that MGA has set aside the
> results of the searches ILS is conducting in ArchiveOne, *and will
> not permit ILS to remove those results from MGA's site*.  I also
> understand that Mr. [Parker] has discussed this with Ms. Barry,
> and the issue is MGA would like to take custody of and
> responsibility for the data from this point, rather than turning it
> over to ILS.  In light of the controversy surrounding access to the
> ArchiveOne database it would seem best that the search results
> remain in the custody of ILS with MGA being given full access
> for purposes of conducting its privilege review.[36]

14  MGA apparently still refuses to turn over any search results to ILS for processing.

15  **ILS Proposes A More Efficient Search Method for the Ordered Search.**

16  Although running the search terms across ArchiveOne is proceeding and ILS has stated

17  that it could be completed under the existing search protocol, ILS recently proposed a

18  more efficient method of searching the database.  Thus, on June 22, 2010, ILS proposed

19  that instead of running the search terms directly in MGA's ArchiveOne database, ILS

20  would first export each custodian's ArchiveOne mailbox to ILS's third-party search

21  tool before the search terms are run.  This would greatly expedite the search process

22  and resolve the search result custody issues that currently hamper the process.  MGA

23  initially agreed to this approach and even offered to provide a list of custodians to

24  expedite the process, but MGA has since reneged.

25  **MGA Demands a New Report for the Purpose of Re-Raising Untimely and**

26  **Rejected Objections to the ArchiveOne Search.**  On July 12, 2010, the parties had a

---

[36]  Email from the Special Master to the parties, dated July 2, 2010.

1  conference call with the Special Master to discuss ILS's proposal to expedite the

2  ArchiveOne search process.  During this call, counsel for MGA stated that MGA

3  continued to object to *any* search of ArchiveOne, and would refuse to cooperate with

4  the search unless and until the Special Master issued another written Report requiring

5  MGA to do so.  MGA expressly stated that the reason it insisted on another Report was

6  so that MGA could raise an objection with the Court to the search of ArchiveOne.  The

7  Special Master requested briefing.

8        In its July 14, 2010 submission, MGA cited to its "December 2009 and January

9  2010" briefing, and re-stated its prior arguments that ArchiveOne is not "reasonably

10  accessible" and that "the cost and burden of conducting a search of ArchiveOne"

11  outweigh the benefits.[37]  As here, MGA never claimed it had not actually agreed to the

12  search terms for ArchiveOne; instead, it claimed only that Mattel's claim that MGA did

13  so agree is "not valid."[38]  MGA also argued that the Court's Order that MGA's review

14  of the search results will be "limited to privilege"[39] is "offensive."[40]

15  **<u>The Special Master Rejects MGA's Arguments and Adopts ILS's Proposal.</u>**

16  In the July 19 Report, the Special Master once again rejected MGA's argument that

17  ArchiveOne was a "backup tape" that was not "reasonably accessible."  The Special

18  Master held, as he did in the January 21 Report, that "ArchiveOne clearly consists of

19  active files, is subject to recovery by random search techniques, and should not be

20  characterized as 'not reasonably accessible.'"[41]

21        MGA now falsely claims that "there has been no finding, and Mattel has not met

22  its burden of showing, that good cause exists" to search ArchiveOne (Mot. at 14).

---

23  [37]  Letter from W. Parker to the Special Master, dated July 14, 2010, at 1-2.
24  [38]  <u>Id.</u> at 3.
     [39]  <u>See</u> Hearing Tr., dated March 10, 2010, at 48:6-24 (entering an order as to
25  Mattel's proposed language, which states that "the MGA Parties shall (1) complete a
    review of the documents for privileged MGA Party information; (2) produce to counsel
26  for Mattel a log of all documents withheld as privileged; and (3) produce to counsel for
    Mattel all other documents located by the Court-appointed experts from the
27  ArchiveOne system").
     [40]  Letter from W. Parker to the Special Master, dated July 14, 2010, at 3.
28  [41]  July 19 Report, at 4.

1   Indeed, MGA asserts that "the Special Master made no such finding." Id.  That is

2   patently false.  Although he ruled ArchiveOne was accessible, and therefore no good

3   cause need be shown, the Special Master made an express finding that, even if

4   ArchiveOne was an inaccessible source (and it is not), good cause exists here:  "To

5   classify ESI maintained and accessed in the ordinary course of business for all purposes

6   as being 'not reasonably accessible for purposes of discovery would appear to be

7   contrary to the intent of FRCP Rule 26, *or, in the alternative such circumstances*

8   *would trigger the 'good cause' exception set forth in the Rule, where the Court may*

9   *allow such discovery notwithstanding the inaccessible nature of the data.*"[42]

10  **Argument**

11  **I.    THE COURT SHOULD REJECT MGA'S OBJECTION**

12     **A.    MGA Waived Its Objections and Improperly Seeks Reconsideration**

13       The Special Master's January 21 Report, the Court's March 11 Order on the

14  January 21 Report, the parties' March 8 Stipulation, the Court's March 10 Order on the

15  Stipulation, the Special Master's May 8 Report, and the July 19 Report all addressed

16  the same issue:  ArchiveOne is an accessible repository of emails that MGA can access

17  in the ordinary course of business and must be searched for relevant evidence.  MGA's

18  belated attempts now to challenge the Special Master's prior rulings is improper and

19  untimely.  U.S. v. Torf, 357 F.3d 900, 910 (9th Cir. 2004) ("The failure to object in the

20  district court to a magistrate judge's finding of fact waives a challenge to that

21  finding.").[43]  Similarly, MGA's attempt to seek reconsideration of this Court's prior

22  Orders is improper and should be rejected.  See Local Rule 7-18 ("No motion for

23  reconsideration shall in any manner repeat any oral or written argument made in

24  support of or in opposition to the original motion."); Tai Ham v. Selectron Int'l

25  Optronics, LLC, 324 Fed. App'x 583, 585 (9th Cir. 2009) ("[T]he effect of [defendants'

---

[42] Id. at 4.

[43] "Failure to object to special master's findings and conclusions is treated identically to failure to object to magistrate's findings and conclusions." Smith v. Frank, 923 F.2d 139, 141 n.1 (9th Cir. 1991).

1    motion] was to seek reconsideration of the court's prior ruling . . . and as such, was

2    both untimely and not based on a proper ground for reconsideration."). Further, MGA

3    is bound by the Stipulation signed by its lead counsel agreeing that ArchiveOne would

4    be searched.  See Regents of Univ. of Cal. v. Micro Therapeutics, Inc., 507 F. Supp. 2d

5    1074, 1080 (N.D. Cal. 2007) ("Unless rejected by the Court, once the parties have

6    reached and relied on [a stipulation], the Court may refuse to allow a party to withdraw

7    from the stipulation."); U.S. v. Shetty, 130 F.3d 1324, 1329 (9th Cir. 1997) (rejecting

8    request for relief because it "ignores the fact that both [defendant] and his counsel

9    stipulated to the facts" at issue).

10              **B.    ArchiveOne Is Reasonably Accessible**

11           MGA's primary argument here is the same argument it raised in December 2009

12   when seeking to avoid a search of ArchiveOne—that ArchiveOne is purportedly

13   "inaccessible" and should be treated like a "back-up tape." Mot. at 9. Confirming the

14   point, MGA's Motion is littered with citations to its prior briefing, an admission that it

15   is improperly and belatedly raising these rejected arguments again. See, e.g., Mot. at 3

16   (citing 1/11/10 Rubin Decl. three times); id. at 4 (citing 12/11/09 Rubin Decl., MGA's

17   1/11/10 response brief, and MGA's 12/11/09 opposition brief).

18           Months ago, MGA had urged that ArchiveOne emails "are not readily accessible

19   in the ordinary course of business" and that "[r]etrieval is a timely and costly process.[44]

20   The January 21 Report—fully adopted in the Court's March 11 Order on the Report[45]—

21   rejected MGA's arguments, ruling that ArchiveOne is designed "to be fully searchable

22   and not subject to the limitations identified by MGA." To the extent facts concerning

23   ArchiveOne had not yet been fully developed, the Special Master ordered "that an

24   independent search of ArchiveOne should be conducted by ILS to address the issue of

25   whether archived e-mails that have discovery relevance can be retrieved."

26   

27   _____
[44]   See MGA Opposition to Mattel's Motion to Compel Regarding Electronic
     Discovery Issues, dated Dec. 11, 2009, at 12.

28   [45]   Dkt. No. 7636.

1    ILS did precisely that.  ILS contacted the manufacturers of ArchiveOne, received

2    instruction manuals, demos and online support concerning the operation and search

3    capabilities of ArchiveOne.[46]  Although MGA refuses to accept the conclusion of ILS

4    and the Special Master, they concluded ArchiveOne is reasonably accessible and MGA

5    therefore is obligated to search it without any "good cause" showing.  Indeed, the July

6    19 Report is based on large part on the Special Master's repeated, earlier conclusion

7    that ArchiveOne is an active, accessible database that can and should be searched.[47]

8        Attempting to contrive a "legal error," MGA claims that, although the Special

9    Master never actually cited to <u>Zubulake v. UBS Warburg, LLC</u>, 217 F.R.D. 309

10   (S.D.N.Y. 2003) in support of his repeated conclusions that ArchiveOne is reasonably

11   accessible, he somehow "was influenced" by it, and, without ever actually applying the

12   case, somehow *misapplied* it "sub silentio."  <u>See</u> Mot. at 10-11.  Any misapplication of

13   <u>Zubulake</u> is entirely of MGA's invention.  Neither the January 21 Report, the May 8

14   Report, nor the July 19 Report ever cite <u>Zubulake</u>.  Instead, the July 19 Report correctly

15   discusses <u>Rule</u> 26(b)(2)(B), explains in detail why ArchiveOne is a reasonably

16   accessible source consisting of active, readily searchable data, and concludes that even

17   if inaccessible, there is good cause to search it.

18       There is no error in that analysis, just as there was no error in the January 21

19   Report, when the Special Master ruled that MGA must "make available the ArchiveOne

20   database for forensic examination by ILS using the search terms . . . agreed upon by the

21   parties."  And even if that conclusion was error, MGA waived any error by both failing

22   to object to it and expressly stipulating to it.  And in any event, the January 21 Report

23   has been entered as an Order by the Court.[48]  Nor was there error in the May 8 Report,

24

---

25   [46]  <u>See</u> Dkt. No. 7492, at 5 (itemized bill reflecting ILS's work on ArchiveOne).

26   [47]  MGA's tardy request for a formal <u>Rule</u> 706 report from ILS (Mot. at 19) is frivolous.  Notably, MGA does not even request a finding as to the searchability of ArchiveOne (nor could it, since both ILS and the Special Master have already made that finding).  Rather, MGA requests a factual recitation of the steps ILS has taken to date.  <u>Id.</u>  <u>Rule</u> 706 does not contemplate such a report.  ILS's findings have been made and are set forth in the Special Master's Reports.

27   [48]  Dkt. No. 7636.

28

when the Special Master ruled that "ILS shall proceed immediately with the independent search and retrieval of e-mail from the ArchiveOne database."  MGA waived any error when it elected not to object to that portion of the May 8 Report.

Moreover, MGA never disputes that ArchiveOne is properly described as "active, online data," which <u>Zubulake</u> described as the "*most* accessible" type of data storage, where "access frequency is high and the required speed of access is very fast."  <u>Zubulake</u>, 217 F.R.D. at 318.  ArchiveOne is just that—active, online data that is accessed on a daily basis, instantaneously, by any and all MGA employees.  MGA claims that the data in ArchveOne must be "manipulated to be usable" (Mot. at 11), but that is false.  MGA employees use the data every day by clicking on links in their emails to reveal the full portion of their emails older than 90 days.

Emails that are reasonably accessible to every single MGA employee at the click of a button cannot be inaccessible for purposes of litigation.  As the Special Master correctly held, "to classify ESI maintained and accessed in the ordinary course of business for all purposes as being 'not reasonably accessible' for purposes of discovery would appear to be contrary to the intent of FRCP Rule 26."[49]  In its zeal to concoct legal error by the supposed misapplication of an unapplied case, MGA misses the point: ArchiveOne is reasonably accessible to MGA in the ordinary course of business, so it is therefore reasonably accessible for purposes of discovery.

C.   <u>The July 19 Report Correctly Adopted ILS's Proposal to Expedite the Ordered Search Process</u>

Although MGA is attempting to misuse the July 19 Report as a basis to re-hash and re-litigate its prior, long-waived objections to searching ArchiveOne at all, the July 19 Report actually deals with the protocol ILS developed for a more expedited and efficient method of searching ArchiveOne.  Contrary to MGA's claims, the new search protocol ordered in the July 19 Report does not involve "restoring" or "manipulating"

---

[49]   July 19 Report, at 4.

data.  In fact, the protocol is exactly what litigants do all the time to gather and search for documents in discovery:  the active files in ArchiveOne (just like the active files from any other electronic source), will be loaded into a third-party software platform so that keyword searches can be run more quickly and documents quickly exported in a production-ready format.  The July 19 Report never once uses the word "restore," except to note that *unlike ArchiveOne*, "backup tapes . . . involv[ed] the complete restoration of the server that was backed up, thereby creating active files that can be searched for."[50]  Here, there is nothing to restore; the data is already active.  As the Special Master has reiterated, "the ESI resident in ArchiveOne *clearly consists of active files*, is subject to recovery by random search techniques, and should not be characterized as 'not reasonably accessible.'"[51]

The reason for the new protocol described in the July 19 Report is simple—to increase speed and efficiency using standard production techniques.  Although ILS has stated that it could complete the search using the current protocol, using more robust third-party search and production tools will increase the speed of the search and production.   MGA's argument that loading documents into third-party discovery software somehow constitutes "restoring and manipulating" the data such that it is inaccessible in the first place turns the discovery process and the July 19 Report on its head.  The data will be identical, and remains as active and searchable as it was to begin with.  Employing an even more efficient, speedier method for searching cannot be reason to stop the search from taking place at all.

### D.   The July 19 Report Correctly Found Good Cause

MGA claims "there has been no finding . . . that good cause exists to require a search of ArchiveOne," incorrectly stating that the "Special Master made no such finding."  Mot. at 14.  But the July 19 Report expressly made a good cause finding: "To classify ESI maintained and accessed in the ordinary course of business for all

---

[50]   July 19 Report at 3.
[51]   Id. at 4.

1   purposes as being 'not reasonably accessible' for purposes of discovery would appear

2   to be contrary to the intent of FRCP Rule 26, ***or, in the alternative such circumstances***

3   ***would trigger the 'good cause' exception set forth in the Rule, where the Court may***

4   ***allow such discovery notwithstanding the inaccessible nature of the data.***"[52]  MGA's

5   claim about the lack of a good cause finding is thus false.

6        MGA's argument fails on the merits as well.  As the Special Master ruled, good

7   cause plainly exists here.  Satisfying the first <u>Rule</u> 26(b)(2)(C) factor, the request at

8   issue is perfectly clear:  MGA must permit ILS to conduct a search of ArchiveOne with

9   ordered search terms.  Second, contrary to MGA's claims (Mot. at 14-15), the emails

10  are not available from any other source.  "[T]he full text of [the emails] *can only be*

11  *found in the ArchiveOne database*."[53]  As to the third through fifth factors, the Special

12  Master ruled that "the greater portion of potentially relevant information" is likely in

13  emails that only reside in ArchiveOne.[54]

14       MGA claims that, by using the truncated, 1,000-character-long emails MGA has

15  produced, Mattel should "point to specific documents and explain why [they] should be

16  produced in full form."[55]  But Mattel is not required to undertake such guesswork.

17  MGA is and long has been compelled to produce relevant documents, including from

18  ArchiveOne, but it has never done so.  Mattel is scarcely required to scour MGA's

19  documents for truncated emails and then divine from those incomplete emails which

20  ones are important and which ones are not.  MGA tellingly cites no authority for such a

21  proposition.  And, in any event, the endeavor would be futile since it still would

22  exclude any and all emails whose relevant material appears *after* the first 1,000

23  characters, which MGA has not produced even in truncated form.  As the Special

24  Master ruled: "To assume text that has discovery relevance would always, or even most

25

26  _____

    [52] <u>Id.</u> at 4 (emphasis added).

27      [53] January 21, 2010 Report and Recommendation, at 3 (emphasis added).

    [54] <u>Id.</u>

28      [55] MGA's Response to December 24 Report and Recommendation, dated Jan. 11, 2010, at 7.

1   likely be contained in the 1,000 characters contained in the truncated e-mail that was
2   searched by MGA in responding to discovery is unsupported by common sense and
3   logic."[56] As the Special Master further observed, also missing from MGA's production
4   are any MGA emails that have been retained only in ArchiveOne.[57]

5        MGA argues that because some of the documents "were produced by MGA in
6   response to other discovery requests," it should not be required to search ArchiveOne.[58]
7   This is exactly backward.  MGA has long been required by dozens of Court Orders to
8   produce relevant discovery.  It was obligated, but failed, to include searches of and
9   productions from ArchiveOne as part of its compliance with those Orders.  Thus, far
10  from excusing MGA, MGA's long-standing (and long concealed) failures to search
11  ArchiveOne constitute violations of long-standing Court discovery Orders.[59]

12       MGA requests cost shifting for the search of ArchiveOne, but that is improper
13  for several reasons.  First, the Special Master correctly concluded ArchiveOne is
14  reasonably accessible, and cost-shifting is not appropriate for reasonably accessible
15  sources.  In any event, MGA again ignores that the Special Master and the Court
16  entered Orders on the issue.  The January 21 Report (adopted by the Court on March
17  11) states that "[t]he costs associated with the forensic review by ILS should be subject
18  to reallocation based on the results of the examination."[60]  When the examination is

---

[56]  January 21 Report at 4.
[57]  January 21 Report, at 4 ("There is, of course, the additional possibility that the MGA user may have deleted the truncated version that remained with MGA after the full e-mail was archived.  If that was done then the only copy of such an email would be the archived copy contained in ArchiveOne.").
[58]  MGA's Opposition to Mattel's Motion to Compel Re Electronic Discovery Issues, dated Dec. 11, 2009, at 18; Mot. at 5.
[59]  As its supposed evidence, MGA notes it produced four of the six examples Mattel initially provided (in fact, Mattel identified more than 10,800 examples just in MGA Mexico's production), and claims the others it produced are "irrelevant." Mot. at 5.  As MGA admits, however, "Mattel claimed that *10,828* of the . . . pages of documents MGA Mexico produced 'are only partial e-mail strings.'" Mot. at 4.  To date, of the over 10,800 truncated emails (and the countless more that remain uncovered), MGA can only proclaim it has produced *four* complete emails.  Mot. at 5.
[60]  January 21 Report at 5.

1   complete, the Special Master will determine which party should bear the costs of the

2   search.  There is no basis for reconsidering that procedure.

3   **II.    MGA SHOULD BE SANCTIONED**

4          Mattel moved to compel a search of ArchiveOne over eight months ago, and the

5   Special Master ordered that ArchiveOne be searched over six months ago.  This Court

6   ordered the same nearly five months ago.  Indeed, there are literally dozens of Orders in

7   this litigation against MGA that long ago compelled it to produce critical documents.

8   Yet to this day, Mattel has not received a single document from ArchiveOne.  MGA for

9   years simply failed to search it—or even disclose that it was refusing to search it.  Then,

10  after MGA's failure to search ArchiveOne came to light, it engaged in serial motion

11  practice in order to prevent the search from starting, and then to slow or now stop the

12  search after it started.  Indeed, when all else failed, MGA openly defied the Court and

13  the Special Master, seizing the Court-ordered ArchiveOne search results and refusing to

14  turn them over to the Court-appointed experts.[61]  Now, MGA has forced yet another

15  motion on the exact same issues litigated and resolved against it over six months ago.

16         Along the way, MGA's stock-in-trade has been misrepresentations.  On July 12,

17  2010, MGA told the Special Master that it did not object to the ArchiveOne search,

18  stating *ArchiveOne will be searched for documents relevant to this case.*"[62]  Two days

19  later, MGA sent a letter to the Special Master objecting to the search.[63]  Indeed, MGA

20  recently opposed Mattel's motion to compel additional email communications with the

21  Marlows by claiming it has "agreed to supplement" and produce the emails.[64]  But

22

23  _____
    [61]  See July 2, 2010 Email from the Special Master to the parties.

24  [62]  See MGA Parties' Response to the Supplemental Declaration of Dylan Proctor in Support of Mattel, Inc.'s Motion to Compel MGA Parties to Perform Searches for

25  Documents Consistent with the Requirements of Fed. R. Civ. Proc. 34, dated July 12, 2010, at 17 ("As MGA has already explained, MGA's 'ArchiveOne' system was not

26  searched owing to a dispute between the parties.  That dispute has been resolved and ArchiveOne will be searched for documents relevant to this case.").

27  [63]  Letter from W. Parker to the Special Master, dated July 14, 2010.
    [64]   See MGA Parties' Opposition to Motion to Enforce and Compel Documents

28  Related to the Marlows, dated July 21, 2010 [Dkt. No. 8341], at 2.

MGA refuses to search ArchiveOne, where virtually all of those emails will be located since they are more than 90 days old.[65]

MGA is refusing to comply with multiple Court Orders, Special Master Reports, and its own stipulations. Accordingly, the Court should impose monetary sanctions, and the MGA Parties should be ordered to pay $10,000 as partial reimbursement for the fees and costs Mattel has incurred in opposing MGA's frivolous objections to searching ArchiveOne. See Fed. R. Civ. P. 37(a)(5) (if disclosure is ordered following a motion, "the court must," absent substantial justification for the non-disclosure, "require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees"); see also Cunningham v. Hamilton County, 527 U.S. 198, 207-210 (1999) (approving monetary sanction award against non-party attorney under Rule 37(a)). MGA has already been ordered *five times* to permit a search of ArchiveOne. There can be no justification for its continuing non-compliance. And, of course, this Motion is nothing more than an improper motion for reconsideration that not only seeks to re-litigate previously settled issues in an untimely fashion, but also violates both this Court's directive against such motions[66] and the Local Rules' requirements for them. Sanctions should issue.

## Conclusion

Over six months after the Special Master recommended a full search of ArchiveOne, Mattel has not received a single email pursuant to that search. The Court should Order a full search of ArchiveOne, set a date certain for production, and sanction MGA.

---

[65] The Motion is full of additional misrepresentations. MGA claims that the first 1,000 **words** of truncated emails are visible (Mot. at 3), but in fact only the first 1,000 **characters** are visible. MGA claims it identified full versions "four of the six" examples of truncated emails, but ignores the 10,800 others Mattel identified, and the countless more that remain unproduced. MGA also misrepresented the July 19 Report, claiming it "made no finding" of good cause (Mot. at 14), even though the Report clearly contains an express finding of good cause.

[66] March 10, 2010 Hearing Tr., at 50:1-8.

1  DATED:  August 5, 2010              QUINN     EMANUEL     URQUHART    &
                                       SULLIVAN, LLP
2

3

4                                        By/s/ Michael T. Zeller
                                             Michael T. Zeller
5                                            Attorneys for Mattel, Inc.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-21-
MATTEL'S OPPOSITION TO MGA OBJECTIONS TO SPECIAL MASTER'S JULY 19 REPORT