UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>MGA ENTERTAINMENT, INC., a California corporation, et. al.,<br><br>Defendants. | CASE NO. CV 04-9049 DOC (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>Hon. David O. Carter<br><br>ORDER ON STIPULATION RE: EXPERT DISCOVERY FOR PHASE 2 |
| AND CONSOLIDATED ACTIONS | |

ORDER

Based on the concurrently filed Stipulation Re Expert Discovery for Phase 2,

IT IS HEREBY ORDERED:

1. The requirements of Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure with respect to required disclosures concerning any experts testifying in connection with the above-captioned Litigation (the "Litigation"), and the scope of any documents or information concerning or created by any expert witness retained by any of the Parties in the litigation ("Experts") that may be subject to discovery in (a) the Litigation or (b) in any other proceeding where any person may seek production of documents or information concerning or created by such Expert in connection with the Litigation ("Other Proceeding"), are modified and limited as set forth below.

2. Notwithstanding anything to the contrary in Rule 26(a)(2)(B) or any other law, rule or regulation provided by any federal, state, regulatory, judicial, arbitral, local or foreign authority, the Parties shall produce, as part of each Expert's Rule 26 Report ("Expert Report"), or contemporaneously with that Expert Report, the following information or documents, in addition to the Expert Report itself:

(a) any data, materials, factual or legal assumptions, or other information considered by the Expert or on which the Expert has relied or intends to rely in forming the opinions expressed in the Expert Report;

(b) a complete statement of the qualifications of the Expert, including a list of all publications authored by the Expert within the preceding ten (10) years;

(c) a complete statement of the compensation paid or to be paid to the Expert in connection with his/her work in the Litigation; and

(d) a listing of any other cases in litigation, arbitration, or administrative proceeding, in which the Expert has provided an Expert Report, or

has testified as an expert at trial or by deposition, within the preceding four (4) years, and any deposition, hearing, arbitration or trial transcripts of the Expert's testimony in such proceedings which are in his or her possession, custody or control.

3.   With regard to the production of any data, materials or other information pursuant to paragraph 2(a) above that have been previously disclosed or produced in this action, such as documents produced in discovery or other discovery-related documents, the Parties need not reproduce or re-disclose the above materials so long as they identify any documents that may be identified by Bates number, and identify any documents that cannot be identified by Bates number with sufficient particularity that they are easily accessible to Parties receiving the Expert Report.

4.   With regard to any third-party materials that may be among the data, materials or other information produced pursuant to paragraph 2(a), a complete copy of such materials shall be provided, not just a copy of those portions considered or relied upon by the Expert.

5.   Notwithstanding anything to the contrary in Fed. R. Civ. P. 26(a)(2)(B), or case law, the following materials pertaining to Experts ("Excluded Information") shall NOT be subject to disclosure and shall not be admissible in connection with the Litigation or any Other Proceeding:

   a.   any notes, comments, edits, or drafts of materials, summaries, charts, illustrative documents, exhibits, declarations, affidavits, reports, preliminary or intermediate programs, preliminary or intermediate calculations, preliminary or intermediate computations, preliminary or intermediate data runs prepared by the Expert, or by persons working under their supervision;

   b.   all written or oral communications, including but not limited to letters, emails, facsimiles, conferences, telephone calls, between the Expert and/or persons working under his or her supervision, on the one hand, and the Party or Parties on whose behalf the Expert has been engaged, including but not

1 limited to such Party's or Parties' outside or in-house counsel, and/or persons
2 working under the supervision of the Party's or Parties' outside or in-house counsel,
3 on the other hand, <u>provided, however</u>, that any communications on which the Expert
4 intends to rely shall be produced and disclosed; and

        c.    any documents relating to the items which need not be disclosed as set forth in paragraph 5(a) and (b).

Excluded Information shall be treated as attorney work product and will be subject to the protections from disclosure in the Litigation or in any Other Proceeding that attorney work product enjoys under the <u>Federal Rules of Civil Procedure</u> and the <u>Federal Rules of Evidence</u>.

6. There will be no inquiries at depositions, hearings, or at trial into the existence of or nature of the Excluded Information, whether by the Parties or any non-parties.

7. The terms of this Order shall remain in effect during and after the conclusion of this Litigation.

8. To the extent there exist any inconsistencies between this Order and the Order on Stipulation Re: Expert Discovery for Phase I, dated March 11, 2008 or with the Stipulated Protective Order dated January 4, 2005, the terms of this Order shall govern.

9. Deposition subpoenas will not be required. Upon service of a notice of deposition to the Party advancing an Expert, the Parties will cooperate in promptly scheduling the deposition of that Expert. Experts located outside of this District shall be deposed in Santa Ana, California unless the Parties agree otherwise in writing.

//
//
//
//

10. Nothing herein shall limit or waive any Party's rights to object for any reason to the: (a) admission into evidence of any summary, report, affidavit, or testimony from the opposing Party's Expert; or (b) qualification of any person to serve or testify as an expert witness. Nothing herein shall be deemed a waiver of any rights or privileges by any Party except as set forth expressly herein.

DATED:   August 6, 2010

_____
Hon. David O. Carter
United States District Judge