MELINDA HAAG (State Bar No. 132612)
mhaag@orrick.com
ANNETTE L. HURST (State Bar No. 148738)
ahurst@orrick.com
WARRINGTON S. PARKER III (State Bar No. 148003)
wparker@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105
Telephone: 415-773-5700
Facsimile: 415-773-5759

WILLIAM A. MOLINSKI (State Bar No. 145186)
wmolinski@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA 90017
Telephone: 213-629-2020
Facsimile: 213-612-2499

THOMAS S. MCCONVILLE (State Bar No. 155905)
tmcconville@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
4 Park Plaza, Suite 1600
Irvine, CA 92614-2258
Tel: (949) 567-6700/Fax: (949) 567-6710

Attorneys for MGA Parties and IGWT 826 Investments LLC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br>AND CONSOLIDATED ACTIONS | Case No. CV 04-9049 DOC (RNBx)<br><br>Consolidated with:<br>Case No. CV 04-9059<br>Case No. CV 05-2727<br><br>Hon. David. O. Carter<br><br>**DECLARATION OF DIANE GORDON-GOVEIA PURSUANT TO AUGUST 3, 2010 COURT ORDER** |

I, Diane Gordon-Goveia, declare as follows:

1. I am the President of MGA Entertainment Canada Inc. Except where noted below, I have personal knowledge of the facts set forth in this Declaration. If called as a witness, I could and would competently testify hereto.

2. On February 3, 4 and 5, 2010, I was deposed in the above-referenced lawsuit as a corporate designee of MGA Entertainment Canada Inc.

3. To prepare for my deposition, I reviewed a file from my office concerning the hiring of Janine Brisbois at MGA Canada. In that file were various documents concerning Ms. Brisbois' offer of employment at MGA Canada. Also in that file were emails between MGA in-house counsel and myself discussing certain legal issues surrounding Ms. Brisbois' hiring, including her benefits and maternity leave.

4. At my deposition I was asked if I had reviewed any documents to prepare for my deposition. I mentioned the file referenced above and confirmed that some of the documents in that file had refreshed my recollection as to certain dates. I am not certain which specific documents in that file refreshed my recollection, but it could have been the email communications with MGA's in-house counsel.

5. I understand that Mattel has requested and the Court has ordered the production of all documents, including email communications with MGA in-house counsel, that I reviewed to prepare for my deposition.

6. To comply with the Court's order, I provided to counsel for MGA all email communications with MGA in-house counsel that were contained in the file that I reviewed to prepare for my deposition. I understand that those email communications will be produced to counsel for Mattel. I am informed and believe that the remaining contents of that file have already been produced to counsel for Mattel.

///

7. With the production of the email communications with MGA in-house counsel referenced above, I am not aware of any other documents or email communications that I reviewed to prepare for my deposition that have not already been produced to counsel for Mattel in this case.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed this 6th day of August, 2010, in Toronto, Canada.

_____
Diane Gordon-Goveia