
QUINN EMANUEL URQUHART & SULLIVAN, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  michaelzeller@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc. and
Mattel de Mexico, S.A. de C.V.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation, <br><br> Plaintiff, <br><br> vs. <br><br> MGA ENTERTAINMENT, INC., a California corporation, et al., <br><br> Defendant. <br><br> AND CONSOLIDATED ACTIONS <br><br> **PUBLIC REDACTED VERSION** | CASE NO. CV 04-9049 DOC (RNBx) <br> Consolidated with <br> Case No. CV 04-09059 <br> Case No. CV 05-02727 <br><br> DISCOVERY MATTER <br><br> Hon. David O. Carter <br><br> MATTEL, INC.'S REPLY IN SUPPORT OF RENEWED MOTION TO COMPEL MGA ENTERTAINMENT, INC. TO PRODUCE A PROPERLY PREPARED 30(B)(6) WITNESS FOR FURTHER DEPOSITION TESTIMONY REGARDING MGA'S TRADE DRESS CLAIMS <br><br> Date: TBD <br> Time: TBD <br> Place: Courtroom 9D <br><br> Phase 2 <br> Discovery Cut-off: TBD <br> Pre-trial Conference: TBD <br> Trial Date: January 11, 2011 |

**Preliminary Statement**

Although the trial is only five months away, MGA still refuses to provide 30(b)(6) testimony regarding *all* of its trade dress claims. MGA tries to justify its sandbagging by arguing that has "agreed to produce at least two additional 30(b)(6) witnesses on its affirmative claims," but Pembleton only testified regarding one trade dress claim—trapezoidal packaging—and Larian has only been designated to testify on "the ***non-trade dress aspects*** of unfair competition." (emphasis supplied). Although Larian is scheduled to resume his deposition on August 12, MGA unequivocally stated that his testimony on Category 26 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

Mattel's motion to compel 30(b)(6) testimony regarding MGA's trade dress claims is not premature because Khare's and Pembleton's past testimony is inadequate, Larian's future testimony regarding *non*-trade dress claims is irrelevant, and MGA has refused to designate any other witnesses on this subject. MGA has identified dozens of trade dress claims in its Complaint and interrogatory responses, but it has only provided 30(b)(6) testimony on two—trapezoidal packaging and 4-Ever Best Friends. After the Court issued its July 19 Order stating that MGA's March 24 letter "does not absolve MGA of its obligation to . . . produce a [30(b)(6)] witness," MGA refused to respond when asked whether Larian or some other designee would testify regarding MGA's other trade dress claims. MGA has refused to meet and confer on this issue, not Mattel. Mattel respectfully requests that the Court grant Mattel's renewed April 27 motion to compel MGA to produce 30(b)(6) witnesses on all of its trade dress claims.

**Argument**

**I. MGA HAS NOT OFFERED 30(B)(6) TESTIMONY REGARDING ALL ITS TRADE DRESS CLAIMS**

MGA argues that Mattel's motion is premature because Mattel did not wait until after Pembleton and Larian testified regarding MGA's "affirmative claims"

(Opp. at 3), but MGA has stated since June 21, 2010 that these two witnesses would only provide testimony on ***one*** trade dress claim. MGA has always maintained that Pembleton's testimony would be limited to the "trapezoidal packaging" trade dress claim and Larian's testimony would be limited to the "non-trade dress aspects of unfair competition."[1] MGA suggests otherwise to the Court so that it can continue its strategy of non-disclosure and delay, which seriously prejudices Mattel.

MGA complains that Mattel should have waited to file its motion until after Pembleton's deposition on July 29, 2010 (Opp. at 3), but MGA made crystal clear at Pembleton's earlier July 7 deposition that she would only provide testimony on one trade dress claim. Indeed, when Mattel tried to ask her about anything else, MGA admonished Mattel to avoid questions ███████████████████ ████████████████████████████████████ MGA's suggestion that Mattel could have obtained testimony regarding other trade dress claims from Pembleton is false.

Contrary to MGA's suggestion (Opp. at 3), Larian's upcoming testimony on August 12 is completely irrelevant to Mattel's motion to compel 30(b)(6) testimony on MGA's *trade dress* claims. During Larian's July 7 deposition, MGA unequivocally stated that Larian would not provide *any testimony* regarding MGA's trade dress claims, at the current deposition or any future one:



---

[1] See June 21, 2010 email from A. Hurst to M. Zeller.

[2] ███████████████████████████████████████

███████████████

MGA's argument that Larian's August 12 deposition is somehow relevant to the resolution of this motion is factually inaccurate and represents yet another stalling tactic to avoid its discovery obligations. Mattel "failed to ask Mr. Larian a single question" regarding MGA's trade dress claims because MGA stated at the beginning of his deposition that these questions were off-limits. (Opp. at 3).

MGA acknowledged at Larian's July 7 deposition that MGA had only provided testimony regarding two trade dress claims out of the dozens listed in its Complaint and interrogatory responses— Khare testified regarding 4-Ever Best Friends and trapezoidal packaging, and Pembleton supplemented Khare's inadequate testimony on the latter.[4] Since Larian's deposition, MGA has refused to identify additional trade dress claims ███████████████████████████████████ even after the Court stated in its July 19 Order that "[t]he parties should complete discovery on all relevant claims apace."[5]

## II. MGA HAS REFUSED TO MEET AND CONFER IN GOOD FAITH, NOT MATTEL

MGA states that it "will remain available to meet and confer in an effort to resolve any remaining concerns that Mattel may have" (Opp. at 1), but MGA has completely ignored Mattel's efforts to obtain 30(b)(6) testimony regarding MGA's other trade tress claims. The day after the Court issued its July 19 Order, Mattel asked MGA to "confirm that Ms. Pembleton will be testifying as MGA's 30(b)(6) designee on all of MGA's trade dress claims as identified in MGA's Complaint and its interrogatory responses. Alternatively, please identify MGA's designee on MGA's trade dress claims that will not be covered by Ms. Pembleton and provide prompt

---

[3] ████████████████████████████████████████████████████

[5] See Order Denying Mattel's Ex Parte Application re MGA's Trade Dress Infringement Claims, dated July 19, 2010 at 2 (Docket No. 8317).

dates for that deposition."[6] That same day, Mattel inquired whether MGA is now "designating Larian on some or all of the MGA trade dress claims that Pembleton will not be addressing or be producing Khare (actually prepared this time) on those trade dress claims."[7] MGA never responded. The next day, in an effort to avoid motion practice, Mattel asked MGA whether "lead counsel available to meet and confer on this and the other issues . . . . John Quinn and I are generally available this afternoon and tomorrow afternoon."[8] Again, MGA did not respond. MGA's argument that "Mattel did not and could not have held a meaningful meet and confer with MGA" regarding the trade dress claims is untrue. (Opp. at 5). MGA refused to meet and confer on this issue over the past two months, not Mattel.

MGA's representation that it "has kept Mattel apprised of the claims it is asserting and the witnesses it is designating on those claims" (Opp. at 4) is demonstrably false. Even in its opposition, MGA is equivocal regarding the trade dress claims it is asserting against Mattel. It states that "[t]o the extent that MGA is asserting and intends to continue to assert an affirmative claim in this action, MGA has and will prepare and produce a witness." (Opp. at 4) (emphasis supplied). This begs the question that Mattel has been asking all along—what trade dress claims does MGA "intend[] to continue to assert"? MGA should make up its mind; Mattel is entitled to know now.

### III. MGA'S OVERBREADTH ARGUMENT IS A RED HERRING

In its opposition, MGA repeatedly complains that Category 26, which addresses MGA's affirmative claims, contains "17 sub-categories" (Opp. at 1-2, 5), but this argument is a red herring because Mattel's motion only seeks to compel deposition

---

[6] See July 20, 2010 email from T. Buchakjian and D. Mingrone, A. Hurst, and T. McConville.

[7] See July 20, 2010 email from M. Zeller to D. Mingrone, A. Hurst, and T. McConville.

[8] See July 21, 2010 email from M. Zeller to D. Mingrone, A. Hurst, and T. McConville.

1 | testimony on MGA's trade dress claims—Categories 26(k) and 26(m)—and MGA has
2 | only provided testimony on two such claims. There is nothing "unduly burdensome"
3 | about Mattel's request for "[t]he identity and factual bases for MGA's claimed trade
4 | dress that it has sued on, the reasons for actual or contemplated changes thereto and
5 | the bases for MGA's allegations that such trade dress is famous or has acquired
6 | secondary meaning." (Opp. at 5). This deposition topic is clearly a "topic[] that
7 | remain[s] relevant and at issue in this lawsuit" (Opp. at 2), and MGA does not argue
8 | otherwise. Furthermore, Mattel's repeated efforts to meet and confer on MGA's trade
9 | dress claims demonstrates that Mattel has attempted to "prioritize" the topics on which
10 | it seeks 30(b)(6) testimony. (Opp. at 2).

### IV. MATTEL HAS COMPLIED WITH ITS DISCOVERY OBLIGATIONS

MGA argues that Mattel's motion is an attempt to "blow smoke" over Mattel's failure to produce corporate designees on Topics 16, 17, 18, and 22. (Opp. at 5). In addition to being irrelevant to Mattel's present motion, it is completely untrue. MGA does not dispute that it has refused to designate 30(b)(6) witnesses on *any* of its trade dress claims other than trapezoidal packaging and 4-Ever Best Friends. Other than Larian, who is designated to testify regarding the *non-trade dress aspects* of unfair competition, there are no other 30(b)(6) witnesses designated to testify regarding MGA's affirmative claims, and no depositions appear on the horizon, for the reasons previously explained. In contrast, Mattel has designed 30(b)(6) witnesses on *all the Topics identified by MGA*—16, 17, 18, and 22[9]—and has actively attempted to schedule these depositions, but MGA has refused to take them. Mattel offered Tim

---

[9] See June 25, 2010 email from M. Zeller to A. Hurst ("Writing further to your question here about the topic designations, we previously informed MGA of the following designations and had offered dates for the witnesses: Storie on topic 11 on 6/30, DaCosta on topic 18 on 6/29 or 6/30, and Kilpin on topics 16 and 17 on dates to be determined after he returns to town. Also, we designated Akakian on topic 22 on a date which we offered and MGA rejected and is to propose alternative dates.").

Kilpin on Topics 16 and 17 on August 6, but MGA never responded.[10] For Topic 18, Mattel offered to make Rebecca DaCosta available for deposition on June 22, but MGA rejected this offer.[11] In order to accommodate MGA's counsel, Mattel then offered DaCosta on June 29 and 30, but MGA rejected those dates as well.[12] This is not the first time MGA has made misleading statements to the Court regarding Topic 18. MGA previously attempted to deny that Mattel made numerous offers on Topic 18—offers which were flatly ignored—and Mattel had to address these falsehoods in a supplemental declaration.[13] After rejecting Mattel's offer to produce Patrick Akakian to testify on June 21 regarding Topic 22,[14] MGA has shown no interest in proposing an alternative date.[15] Mattel is "continuing to prepare and produce witnesses pursuant to the Court's orders" (Opp. at 5), but MGA is refusing to take the depositions. Furthermore, Mattel recently attempted to resolve issues related to deposition time without Court intervention, but MGA again ignored Mattel.[16] In short, MGA's lead counsel has engaged in a pattern of ignoring Mattel's efforts to resolve discovery disputes. The Court should reject MGA's attempt to blame Mattel for its own foot-

---

[10] See July 23, 2010 email from M. Zeller to A. Hurst.
[11] See June 21, 2010 email from D. Hutnyan to A. Hurst; June 21, 2010 email from A. Hurst to D. Hutnyan.
[12] See June 22, 2010 email from D. Hutnyan to A. Hurst.
[13] See Supplemental Declaration of Diane C. Hutnyan in Support of Mattel, Inc.'s Opposition to MGA Parties' Ex Parte Application (1) To Compel Mattel Logbooks and Consumer Research in Advance of Resumed Deposition of Sujata Luther on July 26, 2010; (2) For Permission to Submit Entirety of Luther Transcript in Excess of 50 Pages of Exhibits in Support of Application; and (3) For Sanctions (July 14, 2010).
[14] See June 17, 2010 email from M. Zeller to A. Hurst.
[15] See June 21, 2010 email from D. Proctor to A. Hurst ("Also, Annette, I understand from mike that you want to push back topic 22 until after you get back. What would be the first day you're availalbe [sic] for that / when do you return? I'll try to get a date so we can add that to the stip as well.").
[16] See July 27, 2010 email from M. Zeller to A. Hurst and T. McConville.

dragging, and it should compel MGA to provide 30(b)(6) witnesses on all its trade dress claims, just like Mattel has offered for MGA's Topics 16, 17, 18, and 22.

### Conclusion

Although it identified dozens of trade dress claims in its Complaint and interrogatory responses, MGA has only provided 30(b)(6) witnesses on two of those claims, and it has refused to designate further 30(b)(6) witnesses on any others. Given the rapidly approaching trial date, it is imperative that Mattel obtain binding 30(b)(6) testimony regarding all of MGA's trade dress claims in order to prepare its defense. Consequently, Mattel respectfully requests that the Court grant Mattel's renewed motion to compel as to the trade dress component of Category 26 and order MGA to produce 30(b)(6) witnesses on all its trade dress claims promptly.

DATED: August 6, 2010

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By  *Michael T. Zeller (TSS)*
    Michael T. Zeller
    Attorneys for Mattel, Inc.