ANNETTE L. HURST (State Bar No. 148738)
ahurst@orrick.com
WARRINGTON S. PARKER III (State Bar No. 148003)
wparker@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
405 Howard Street
San Francisco, CA 94105
Telephone:  415-773-5700
Facsimile:   415-773-5759

WILLIAM A. MOLINSKI (State Bar No. 145186)
wmolinski@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA  90017
Telephone:  213-629-2020
Facsimile:   213-612-2499

THOMAS S. MCCONVILLE (State Bar No. 155905)
tmcconville@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
4 Park Plaza, Suite 1600
Irvine, CA 92614-2258
Tel: (949) 567-6700/Fax: (949) 567-6710

Attorneys for MGA Parties and
IGWT 826 Investments LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | Case No. CV 04-9049 DOC (RNBx)<br><br>Consolidated with:<br>Case No. CV 04-9059<br>Case No. CV 05-2727<br><br>**[PUBLIC VERSION] MGA'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO COMPEL MATTEL TO PRODUCE FULLY PREPARED 30(b)(6) WITNESS (TOPIC 11, MGA'S APRIL 27, 2010 NOTICE OF DEPOSITION OF MATTEL INC.)**<br><br>Date:   TBD<br>Time:   TBD<br>Place:   Courtroom 9D |

# INTRODUCTION

As established in MGA's Motion, Mr. Storie was not adequately prepared on Topic 11 of MGA's Notice of Deposition pursuant to Federal Rule of Civil Procedure 30(b)(6). He failed to speak with – or make any effort to contact – a number of individuals whose names appeared on the documents referenced in Topic 11.[1] He made no effort to review documents beyond those attached to the deposition notice and did not ask anyone to review their own files on the subject. He also failed to speak with anyone else who may have knowledge about Mattel's acquisition of MGA's confidential information.

In its Opposition, Mattel raises a number of reasons why its preparation of Mr. Storie was sufficient. But those reasons fail. First, Mattel seems to have deliberately avoided Mr. Storie's contacting Mr. Villasenor, even though Mattel had an agreement requiring Mr. Villasenor to cooperate with it. Also, Mattel's repeated argument that MGA's deposition of Mr. Villasenor and another witness was a cure for Mr. Storie's shortcomings ignores the purpose of a 30(b)(6) deposition: to bind Mattel. Second, Mr. Storie's half-hearted attempts to prepare for the deposition without reviewing documents beyond those referenced in Topic 11 or interviewing others who potentially had relevant information fell short of the preparation required under 30(b)(6). Third, Mr. Storie made no effort to speak with the source of the information regarding MGA's upcoming Tokyo Teens line, although the source was formerly affiliated with Mattel.

Mattel's failure to properly prepare Mr. Storie is clear and MGA respectfully requests that this Court order Mattel to prepare Mr. Storie as required by F.R.C.P. 30(b)(6).

///

///

---

[1] Topic 11 sought testimony regarding: "[a] complete explanation of the precise circumstances in which Mattel acquired all of the information concerning MGA and/or MGA's products found" in exhibits attached to the deposition notice.

## ARGUMENT

Throughout its Opposition, Mattel defends Mr. Storie's failure to interview Mr. Villasenor, the author of Exhibit 22 (Depo. Ex. 8670), in preparation for the 30(b)(6) deposition. Mattel's justification for Mr. Storie's failure to interview him is that Mr. Villasenor was represented by counsel and, in any event, was going to be deposed by MGA. Opp., p. 3:17-18, 5:17-20, 8:4-5. Neither reason is sound.

First, the fact that Mr. Villasenor has counsel is irrelevant. Although Mattel presumably mentions Mr. Villasenor's counsel to leave the impression that he was inaccessible to Mattel, [REDACTED] .") Had Mattel wished to prepare Mr. Storie by having him speak with Mr. Villasenor, it could have. It did not and the failure to interview him was unjustified.

Mattel also makes much of the fact that Mr. Villasenor was deposed after Mr. Storie's 30(b)(6) deposition and leaves the impression that this cures Mr. Storie's shortcomings. Opp. p. 5:19-20. But this cannot be the basis for Mr. Storie's failure to interview Mr. Villasenor because it ignores the purpose of a 30(b)(6) deposition. MGA's 30(b)(6) deposition on Topic 11 was to create testimony binding on Mattel. *See Sanders v. Circle K. Corp.*, 137 F.R.D. 292, 294 (D.Ariz. 1991); *Mitchell Engineering v. City and County of San Francisco*, 2010 WL 455290, *1 (N.D. Cal. 2010) ("'A deposition pursuant to Rule 30(b)(6) is substantially different from a

witness's deposition as an individual. A 30(b)(6) witness testifies as a representative of the entity, his answers bind the entity and he is responsible for providing all the relevant information known or reasonably available to the entity.'" (quoting *Sabre v. First Dominion Capital, LLC*, 2001 WL 1590544, *1 (S.D.N.Y. 2001). The MGA parties were entitled to testimony from Mattel's designated representative on this subject. Mr. Villasenor was not Mattel's designated representative, is not a current employee or agent of Mattel, and cannot bind Mattel on Topic 11. His later testimony is not a substitute for Mattel's failure to adequately prepare its corporate designee.[2] Indeed, Mattel used this same argument to justify deposing MGA Mexico a fourth time just so that the witness could speak with Mr. Machado, and testify to his conversations on behalf of the company. *See* Dkt. No. 7692, p. 4 ("MGA Mexico argues that Mattel should be content with deposing Machado. [. . .] Mattel is entitled to *MGA Mexico's* binding corporate testimony as a party to this case." (Emphasis in original.))

Mattel also defends Mr. Storie's failure to review the files of the authors and recipients of the emails referenced in Topic 11, arguing that such a review was beyond the scope of Topic 11. Opp. p. 6:9-19. But this argument avoids the point raised in the Motion. Mr. Storie testified numerous times that few of those interviewed had any recollection of the Topic 11 emails or how they acquired MGA's confidential information.[3] Rather than make any effort to refresh their recollection, or review other sources of information to prepare on Topic 11, Storie

---

[2] Similarly, Mattel defends Mr. Storie's preparation regarding an email authored by Mr. Totzke by noting that Mr. Totzke was deposed on the same email and Mr. Storie reviewed his testimony. Opp. p. 5:22-6:1. Again, Mattel's argument ignores the purpose of a 30(b)(6) deposition: to develop evidence which binds Mattel.

[3] *See e.g.* Storie Depo. p. 1680:6-1683:13 (Mr. Storie spoke with several individuals whose names appeared on an email, but they did not recall the email, were unaware of the source of the information, and did not recall subsequent discussions regarding the information contained in the email. In addition, Mr. Storie did not ask the individuals to take additional steps to determine where the information came from and was unaware of any efforts by them to determine the source of the information.)

took at face value their lack of recollection of events taking place years before, and did nothing to refresh their recollections. This was not good enough to satisfy Rule 30(b)(6). *International Assn. of Machinists and Aerospace Workers, supra.*, 390 F.Supp.2d 479, 487, citing *U.S. v. Taylor*, 166 F.R.D. 356, 362 (M.D.N.C. 1996) ("Rule 30(b)(6) explicitly requires [an organization] to have persons testify on its behalf as to all matters known or reasonably available to it and, therefore, implicitly requires such persons to review all matters known or reasonably available to it in preparation for the Rule 30(b)(6) deposition. *This interpretation is necessary in order to make the deposition a meaningful one and to prevent the 'sandbagging' of an opponent by conducting a half-hearted inquiry before the deposition but a thorough and vigorous one before the trial.*" (Emphasis added.))[4]

Mr. Storie's failure to speak with co-workers of the authors and recipients of the documents related to Topic 11 is another example of his lack of preparation. Mattel argues that "[t]here is no indication that these emails were drafted as a team effort." Opp. p. 7:17-18. Once again, Mattel made a half-hearted attempt at determining the source of the information. Interviews of co-workers might not have been necessary if Mr. Storie had acquired information from the authors and recipients of the documents in the first place – but he did not. It is clear that Mattel and Mr. Storie happily accepted their answers of "I don't recall" instead of conducting a meaningful inquiry with them – and if necessary, with co-workers – to fully prepare to testify on Topic 11. *See e.g.*, n. 3, *supra.* That is not good enough to satisfy his obligations as a 30(b)(6) designee. *See In re Vitamins Antitrust Litigation*, 216 F.R.D. 168, 172 (D.C.D.C. 2003) (corporation "obligated to

---

[4] Mattel also claims that Mr. Zablow had no files to check because he's testified he did not take files from Mattel when he left. Opp. p. 7:7-8. Left unanswered is why didn't Mr. Storie's preparation include a review of Mr. Zablow's files which presumably remain in Mattel's custody? Review of those documents was certainly within the scope of Mr. Storie's obligations as a 30(b)(6) designee. *U.S. v. Taylor, supra.*, 166 F.R.D. at 361 (corporate designee required to review reasonably available documents.)

produce one or more witnesses who were thoroughly educated about the noticed deposition topics with respect to any and all facts know to [it] or its counsel").

Finally, Mattel argues that its inquiry as to Exhibit 9 (Depo. Ex. 9206) was sufficient because Mr. Storie spoke with Mr. Franke, the author of the email, and learned that Andy Kislevich was the source of the information in the email.[5] Mattel excuses its failure to contact Mr. Kislevich because he was a third party. Opp. p. 9:2-4, 8-10. However, Mattel admits that it had some professional relationship with Mr. Kislevich where he provided services to Mattel. ▌

▌[6] Mattel had an obligation to prepare Mr. Storie as to the source of the information and that source was someone who had a relationship to Mattel. *See U.S. v. Taylor, supra.*, 166 F.R.D. at 361 (corporation obligated to prepare its designee "to the extent matters are reasonably available, whether from documents, past employees, or other sources.") ▌

▌ Storie Depo. p. 1695:1-17. Plainly, this is another example of Mattel's failure to properly prepare Mr. Storie as its 30(b)(6) designee.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

---

[5] Exhibit 9 (Depo. Ex. 9206) ("▌")

[6] *See also* Storie Depo. at 1691:19-21 ("▌")

## CONCLUSION

For the foregoing reasons, MGA respectfully asks that the Court compel Mattel to provide a properly educated 30(b)(6) witness on Topic 11.

Dated: August 6, 2010

ORRICK, HERRINGTON & SUTCLIFFE LLP

By: _____
WILLIAM A. MOLINSKI
Attorneys for MGA PARTIES and,
IGWT 826 Investments LLC