QUINN EMANUEL URQUHART & SULLIVAN, LLP
  John B. Quinn (Bar 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar 196417)
  michaelzeller@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation,<br><br>        Plaintiff,<br><br>vs.<br><br>MGA ENTERTAINMENT, INC., a California corporation, et al.,<br><br>        Defendants.<br><br>AND CONSOLIDATED ACTIONS<br><br><br>**[PUBLIC VERSION]** | CASE CV 04-9049 DOC (RNBx)<br>Consolidated with<br>Case CV 04-09059<br>Case CV 05-02727<br><br>Hon. David O. Carter<br><br>**MATTEL, INC.'S OPPOSITION TO IGWT 826 INVESTMENTS LLC'S MOTION FOR A PROTECTIVE ORDER REGARDING NOTICED 30(B)(6) DEPOSITION TOPICS**<br><br>Date: TBD<br>Time: TBD<br>Courtroom: 9D<br><br>**Phase 2**<br>Discovery Cut-off: TBD<br>Pre-trial Conference: TBD<br>Trial Date: January 11, 2011 |

00505.07975/3612962.3

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ............................................................................1

FACTUAL BACKGROUND ..............................................................................1

    A.    The Omni-Wachovia Transaction ..................................................1

    B.    Mattel's Efforts To Obtain Discovery From IGWT ........................3

ARGUMENT .....................................................................................................4

I.    IGWT HAS FAILED TO ESTABLISH GOOD CAUSE FOR THE PROTECTIVE ORDER IT SEEKS. ...............................................................4

    A.    IGWT Cannot Avoid Its 30(b)(6) Obligations By Pointing to Prior Testimony of Other Witnesses. ...........................................4

    B.    The Noticed Topics Are Not Unduly Duplicative or Cumulative of Prior Testimony (Topic Nos. 1-16, 18-20) ...................................6

    C.    IGWT's Remaining Objections Lack Merit (Topic Nos. 17, 20)..... 14

II.    MATTEL'S NEED FOR THE REQUESTED DISCOVERY FAR OUTWEIGHS ANY BURDEN TO IGWT.................................................. 15

CONCLUSION .............................................................................................. 16

# TABLE OF AUTHORITIES

**Page**

## Cases

<u>Appleton Papers, Inc. v. George A. Whiting Paper Co.</u>,
No. 08-0016, 2009 WL 2870622 (E.D. Wis. Sept. 2, 2009) ................ 6, 9, 11, 12

<u>Cipollone v. Liggett Group, Inc.</u>,
785 F.2d 1108 (3d Cir. 1986)...................................................................4, 8

<u>Great Am. Ins. Co. of NY v. Vegas Constr. Co., Inc.</u>,
251 F.R.D. 534 (D. Nev. 2008)...........................................................................6

<u>Mitchell Eng'g v. City and County of San Francisco</u>,
No. 08-4022, 2010 WL 455290 (N.D. Cal. Feb. 2, 2010)........................... *passim*

<u>Motsinger v. Flynt</u>,
119 F.R.D. 373 (M.D.N.C. 1988) .....................................................................7

<u>Oakes v. Halvorsen Marine Ltd.</u>,
179 F.R.D. 281 (C.D. Cal. 1998) .....................................................................4

<u>Sanders v. Circle K Corp.</u>,
137 F.R.D. 292 (D. Ariz. 1991) .....................................................................5

<u>SEC v. Dowdell</u>,
No. 01-0116, 2002 WL 1969664 (W.D. Va. Aug. 21, 2002)..........................15

<u>Sullivan v. Prudential Ins. Co.</u>,
233 F.R.D. 573 (C.D. Cal. 2005) ...............................................................14, 15

<u>Turner Broad. Sys., Inc. v. Tracinda Corp.</u>,
175 F.R.D. 554 (D. Nev. 1997).......................................................................15

<u>U.S. v. Taylor</u>,
166 F.R.D. 356 (M.D.N.C. 1996) ......................................... 5, 9, 11, 13

<u>UniramTech., Inc. v. Monolithic Sys. Tech., Inc.</u>,
No. 04-1268, 2007 WL 915225 (N.D. Cal. Mar. 23, 2007) ...............................8

## Statutes

<u>Fed. R. Civ. P. 26(b)(1)</u>...............................................................4, 11, 12

<u>Fed. R. Civ. P. 30(b)(6)</u>............................................................... *passim*

MATTEL'S OPPOSITION TO IGWT 826 INVESTMENTS LLC'S MOTION FOR PROTECTIVE ORDER

## Preliminary Statement

IGWT 826 Investments LLC's ("IGWT") Motion for Protective Order relates to Mattel's ongoing efforts to obtain discovery relating to Omni 808's acquisition of the Wachovia debt and related transactions and agreements with parties including IGWT.  This discovery is highly relevant to Mattel's RICO allegations, including that MGA, Larian and IGWT, among others, engaged in a scheme to defraud Mattel through concealment of assets, as well as obstruction of justice.  Moreover, the legitimacy of MGA's alleged debt to Omni 808 is directly relevant to damages, including punitive damages, because it significantly bears on MGA's net worth.  The Ninth Circuit opinion issued on July 22, 2010 and the Court's August 2, 2010 Order on Motions to Dismiss fully support these continued allegations and IGWT remains a named defendant in these proceedings.  IGWT has refused to produce a witness to testify on any of the noticed topics and claims it is entitled to a blanket protective order because the topics are "duplicative" and "cumulative" among other complaints.

IGWT's Motion is based on misrepresentations and omissions and should be denied.  Mattel is entitled to IGWT's binding corporate testimony on the topics in the 30(b)(6) notice and it is undisputed that IGWT has not yet been deposed in this case.  IGWT misleadingly claims the testimony Mattel seeks is duplicative of other prior testimony, but in doing so misrepresents the status of discovery and scope of testimony provided by Mr. Larian and others.  Because IGWT has failed to meet its burden of demonstrating good cause and the balance of interests weighs in favor of allowing Mattel to proceed with the deposition, IGWT's Motion should be denied.

## Factual Background

### A.   The Omni-Wachovia Transaction

Mattel has alleged that MGA entered into a Credit Agreement with a syndicate of banks led by Wachovia bank, pursuant to which MGA received a senior revolving credit facility in an aggregate available amount for borrowing up to $400

-1-

million.[1]  Between 2004 and 2008, MGA paid out distributions and/or dividends to Mr. Larian and his family in the amount of at least $489 million, much of it from the Credit Facility.[2]  By May 2008, Wachovia concluded Mr. Larian had been engaging in "de-facto liquidation" of MGA.[3]

In response to measures taken by Wachovia and in an effort to conceal MGA's ill-gotten gains from Mattel, Mr. Larian engaged in a scheme to use a front to buy the Credit Facility from Wachovia at a massive discount.[4]  On August 12, 2008, Omni 808 was formed for the special purpose of acquiring the Credit Facility from Wachovia.[5]  Although funding for the Omni-Wachovia acquisition purportedly came from various investors, Counter-defendants later admitted that Mr. Larian and his family members provided the majority of funds used for the transaction -- at least $60 million and maybe more.[6]

Mr. Larian and his family members made a purported $60 million loan to Omni 808 through IGWT, an entity Mr. Larian formed the day after the Phase 1 trial ended on August 27, 2008.[7]  These funds were, in whole or in part, generated by Mr. Larian and MGA's wrongful conduct towards Mattel and were transferred through conduits Mr. Larian controlled in order to conceal their true source.[8]

On September 3, 2008, Omni 808, MGA and Wachovia entered into a Master Assignment and Exchange Agreement whereby Wachovia assigned approximately $291.5 million of its interest in the Credit Facility to Omni 808 for a payment of

---

[1]  FAAC ¶ 97.
[2]  FAAC ¶ 98.
[3]  FAAC ¶ 98.
[4]  FAAC ¶ 99.
[5]  FAAC ¶ 103.
[6]  FAAC ¶¶ 103-105.
[7]  FAAC ¶ 105.
[8]  FAAC ¶ 105.

1    approximately $110 million.[9]  The same day, Omni 808 undertook in a promissory

2    note to pay back IGWT the principal sum of $60 million.[10]

3        On October 16, 2008, Mr. Larian, MGA and their co-conspirators entered into

4    another series of fraudulent transactions:  (i) Omni 808 executed an Amended and

5    Restated Subordinated Promissory Note regarding IGWT's $60 million loan, (ii)

6    MGA and Omni 808 executed a Secured Delayed Draw Demand Note by which

7    Omni 808 agreed to provide additional funds to MGA, and (iii) Omni 808 and

8    IGWT executed a Senior Promissory Note with a face value of $40 million.[11]

9        **B.    Mattel's Efforts To Obtain Discovery From IGWT**

10       Mattel began propounding discovery regarding the Omni-Wachovia

11   transaction the day after the Phase Two discovery stay was lifted.[12]  MGA refused to

12   produce any responsive documents and moved to quash Mattel's subpoenas to

13   parties involved in the transaction, including Omni 808 and IGWT.[13]  The

14   Discovery Master denied MGA's motion to quash the subpoenas and granted in part

15   and denied in part Mattel's motion to compel production of documents by third

16   parties including IGWT.[14]  After Mattel learned more details about the Omni-

17   Wachovia transaction, Mattel moved for reconsideration which the Discovery

18   Master granted.[15]  On April 12, 2010, Mattel filed its Fourth Amended Answer and

19   Counterclaims naming IGWT as a counter-defendant.[16]

20

---

21   [9]   FAAC ¶ 106.
     [10]  FAAC ¶ 106.
22   [11]  FAAC ¶ 112.
     [12]  See Mattel's First Set of Phase Two Document Requests to MGA and Larian,
23   January 7, 2009; see also January 6, 2009 Order (Dkt. No. 4640) (lifting the Phase 2
24   discovery stay).  Mattel served document subpoenas on the other parties involved
     two days later.  See Mattel's subpoenas to Omni 808 and IGWT, January 9, 2009.
25   [13]  See MGA's and Larian's Responses to Phase 2 Discovery, February 6, 2009;
26   MGA's Motion to Quash Receiver Subpoenas, February 3, 2009 (Dkt. No. 4760).
     [14]  Discovery Matter Order No. 3, March 10, 2009, at 6, 30 (Dkt. No. 4992).
27   [15]  Discovery Matter Order No. 27, May 6, 2009, at 39 (Dkt. No. 5365).
     [16]  See FAAC ¶ 18.
28

MATTEL'S OPPOSITION TO IGWT 826 INVESTMENTS LLC'S MOTION FOR PROTECTIVE ORDER

1    On July 9, 2010, Mattel served a 30(b)(6) Notice of Deposition on IGWT that

2  set forth twenty topics for examination (the "Notice").[17]  At the request of IGWT's

3  counsel, Mattel continued the date of deposition and served IGWT with the

4  Amended Notice of Deposition on July 23, 2010 ("the Amended Notice").[18]  The

5  Amended Notice mirrors the original Notice, but continued the deposition from July

6  28, 2010 to August 2, 2010.  On July 26, 2010, IGWT informed Mattel it intended

7  to seek a protective order as to all topics in the Amended Notice.[19]

8                          **Argument**

9  **I.    IGWT HAS FAILED TO ESTABLISH GOOD CAUSE FOR THE**

10     **PROTECTIVE ORDER IT SEEKS.**

11     Mattel served IGWT with a 30(b)(6) deposition notice setting forth twenty

12  topics for examination with reasonable particularity.  IGWT has refused to produce

13  a witness for any of the topics and now seeks a blanket protective order to prevent

14  Mattel from obtaining IGWT's binding corporate testimony.  IGWT's "[b]road

15  allegations of harm, unsubstantiated by specific examples or articulated reasoning,

16  do not satisfy the Rule 26(c) test."  Cipollone v. Liggett Group, Inc., 785 F.2d 1108,

17  1121 (3d Cir. 1986).  IGWT has failed to meet its burden of demonstrating good

18  cause and its motion for a protective order should be denied.

19          **A.    IGWT Cannot Avoid Its 30(b)(6) Obligations By Pointing to Prior**

20              **Testimony of Other Witnesses.**

21     IGWT does not seriously dispute the relevance of the deposition topics nor

22  could it.  See Fed. R. Civ. P. 26(b)(1); see also Oakes v. Halvorsen Marine Ltd., 179

23  F.R.D. 281, 283 (C.D. Cal. 1998) ("A request for discovery should be considered

24

25  [17]   See Mattel's Notice of Deposition of IGWT 826 Investments LLC Pursuant to Federal Rule of Civil Procedure 30(b)(6), July 9, 2010.

26  [18]   See Mattel's Amended Notice of Deposition of IGWT 826 Investments LLC Pursuant to Federal Rule of Civil Procedure 30(b)(6), July 23, 2010.

27

28  [19]   July 26, 2010 Letter from Mark P. Wine, counsel for IGWT, to Scott L. Watson, counsel for Mattel.

1  relevant if there is any possibility that the information sought may be relevant to the

2  subject matter of this action.").[20]  IGWT remains a named defendant in these

3  proceedings and the topics concern discovery that is highly relevant to Mattel's

4  RICO allegations, including that MGA, Larian and IGWT engaged in a scheme to

5  defraud Mattel through concealment of assets and obstruction of justice, including

6  conduct relating to the Omni-Wachovia transaction.[21]  Instead, IGWT's principal

7  argument is that the deposition topics are duplicative of testimony Mattel has

8  already obtained from *lay witnesses and MGA's 30(b)(6) witnesses*.  (Mot. at 3.)

9  IGWT asserts that Mattel should be content with these depositions, and points to

10  cherry-picked prior testimony in an attempt to avoid its obligations under Rule

11  30(b)(6).  (Mot. at 3-9, 11.)  IGWT's position is untenable.

12       Mattel is entitled to obtain IGWT's binding corporate testimony.  See, e.g.,

13  Order dated July 2, 2007 at 4 (Dkt. No. 608) ("The purpose behind Rule 30(b)(6) is

14  to create testimony that will bind the corporation.") (citing Sanders v. Circle K

15  Corp., 137 F.R.D. 292, 294 (D. Ariz. 1991)); Mitchell Eng'g v. City and County of

16  San Francisco, No. 08-4022, 2010 WL 455290, at *1 (N.D. Cal. Feb. 2, 2010) ("A

17

---

18  [20]   Although IGWT asserts topics directed to IGWT's dealings with Fred

19  Mashian or Leon Farahnik are "simply not relevant" (Mot. at 8, 10), their prior
   testimony and denials do not preclude further inquiry by Mattel.

20  [21]   The Court recently denied a motion to dismiss Mattel's second counterclaim
   (Conspiracy to Violate RICO) alleged against IGWT and others.  See August 2,

21  2010 Order at 41 (Dkt. No. 8423).  The Court upheld Mattel's alleged scheme "to

22  obstruct the judicial process and thwart the verdicts of the jury and Orders of the
   Court, including by failing to preserve Mattel's property," and the scheme "to

23  nefariously conceal assets . . . through false or fraudulent pretenses." Id. at 10-11.

24  Even if unconsummated, the contemplated agreements are relevant to MGA's
   scheme to conceal assets via the Omni transaction because "mere 'intent to deprive

25  the victim of money or property' . . . can give rise to a claim under the mail fraud

26  and/or wire fraud statutes." Id. at 11.  The Court's August 2 Order and the Ninth

27  Circuit opinion issued on July 22, 2010 fully support Mattel's continued RICO
   allegations.  Moreover, IGWT's motion, filed on July 30, 2010, is silent as to the

28  Ninth Circuit opinion.

30(b)(6) witness testifies as a representative of the entity, his answers bind the entity and he is responsible for providing all the relevant information known or reasonably available to the entity."); U.S. v. Taylor, 166 F.R.D. 356, 361 (M.D.N.C. 1996) ("The designated witness is 'speaking for the corporation,' and this testimony must be distinguished from that of a 'mere corporate employee' whose deposition is not considered that of the corporation . . ."); Great Am. Ins. Co. of NY v. Vegas Constr. Co., Inc., 251 F.R.D. 534, 539 (D. Nev. 2008) ("[A] corporation has a duty to make a conscientious, good-faith effort to designate knowledgeable persons for Rule 30(b)(6) depositions and to prepare them to fully and unevasively answer questions about the designated subject matter.").

Contrary to IGWT's assertions, the fact that certain topics addressed at a 30(b)(6) deposition may overlap to some extent with prior testimony by other witnesses does not exempt IGWT from deposition under Rule 30(b)(6) or render the topics unduly duplicative. See Mitchell Eng'g, 2010 WL 455290, at *1 ("Even if the general topics to be addressed at the 30(b)(6) deposition will overlap to some extent, the questions asked and the answers given might not."). Indeed, even if some of the corporate designee's testimony is a "re-hash of what's been covered elsewhere," it is "the testimony of the corporation itself, and for that reason alone it may not be duplicative." See Appleton Papers, Inc. v. George A. Whiting Paper Co., No. 08-0016, 2009 WL 2870622, at *2 (E.D. Wis. Sept. 2, 2009).

**B.    The Noticed Topics Are Not Unduly Duplicative or Cumulative of Prior Testimony (Topic Nos. 1-16, 18-20)**

IGWT's claim that certain noticed topics are "duplicative" or "cumulative" also fails because IGWT misrepresents both the status of discovery and scope of the prior testimony. (Mot. at 1.) It is undisputed that Mattel has not yet obtained IGWT's binding corporate testimony on any topic. Moreover, Phase 2 discovery is

ongoing and many questions regarding the Omni-Wachovia transaction remain

unanswered.[22]  Indeed, as the Court stated in its April 10, 2010 Order:

> "Not only was the extent of Larian's participation in the purported Wachova-Omni transaction not disclosed to Mattel prior to the filing of the [Third Amended Answer and Counterclaims, dated May 22, 2009], but the recent depositions of several Omni investors, including Joseph Monian, Arsalon Gozini, and Larian, as well as other individuals familiar with the purported transaction, like Brian Wing, show that many questions remain unanswered and several answers were only first provided during depositions.  The Court has conducted a privilege review of thousands of documents produced by MGA *for the first time* in March 2010 that relate directly to the purported transaction and to which Mattel was denied access prior to the TAAC."[23]

IGWT points to the testimony of witnesses such as Mr. Kadisha and MGA's

30(b)(6) designees -- Craig Holden, John Wollard, and Lisa Tonnu -- but no claim

has been made that these witnesses have authority to testify on behalf of IGWT and

no representation was ever made, on the record or otherwise, that they were

providing 30(b)(6) testimony for IGWT.  In addition, documents relevant to Mattel's

RICO allegations and IGWT's role in the Omni-Wachovia transaction -- including

the December 1, 2008 Promissory Note and May 19, 2009 Amended and Restated

Promissory Note, in excess of five million dollars and executed for the benefit of

IGWT -- were produced for the first time just months ago.[24]

For these reasons and as set forth below, IGWT has failed to demonstrate the

topics are unreasonably duplicative or cumulative, as it must, and does not meet its

---

[22]   IGWT misleadingly implies that discovery is closed.  (Mot. at 1.)  Discovery remains open, no discovery deadline has ever been set, and the Court has never prohibited Mattel from taking further discovery into issues relating to the Omni-Wachovia transaction.  The Court's April 10, 2010 Order recognized "no discovery deadlines have been set" (Dkt. No. 7712 at 6), and the Court's August 2, 2010 Order expressly directed the parties to meet and confer regarding the discovery cutoff (Dkt. No. 8434 at 1).

[23]   April 10, 2010 Order at 7 (Dkt. No. 7712) (emphasis in original).

[24]   See SG00001-84 at SG0022-24, SG0027-32 (May 6, 2010 production by Mr. Gozini pursuant to Mattel's subpoena).

1  burden of showing good cause.[25]  See Motsinger v. Flynt, 119 F.R.D. 373, 378

2  (M.D.N.C. 1988) ("Absent a strong showing of good cause and extraordinary

3  circumstances, a court should not prohibit altogether the taking of a deposition.");

4  UniramTech., Inc. v. Monolithic Sys. Tech., Inc., No. 04-1268, 2007 WL 915225, at

5  *2 (N.D. Cal. Mar. 23, 2007) (proper inquiry is not whether the noticed topic is

6  duplicative, but whether it is *unreasonably duplicative*") (emphasis in original);

7  Cipollone, 785 F.2d at 1121.

8             **1.    Topic Nos. 1-6**

9        IGWT objects to Topic Nos. 1-6 on the ground that Mattel has already

10  obtained "ample" testimony on these matters from Mr. Larian at his December 10,

11  2009 and January 18, 2010 depositions.[26]  (Mot. at 4.)  That is not the relevant

12  _____

13  [25]   The cases IGWT relies upon are inapposite.  In Gossar v. Soo Line R.R., the
    30(b)(6) topic sought reported observations of a train accident and plaintiff could
14  depose crew and employees who witnessed the accident.  Id. at *6.  That is not the
    case here.  In CSX Trans., Inc. v. Vela, unlike here, sworn interrogatory responses
15  disclosed the *same* information sought regarding an accident site.  No. 06-0112,
16  2007 WL3334966, at *3 (S.D. Ind. Nov. 8, 2007).  Finally, in Weilbacher v.
    Progressive Northwestern Ins., unlike this case, discovery was limited because
17  plaintiff's argument was primarily one of contract interpretation.  No. 05-0204, 2007
18  WL 4698984, at *2 (D. Ala. May 23, 2007).
    [26]   Topic No. 1 seeks:  The IDENTITY of YOUR officers, directors,
19  shareholders, investors, members, employees and agents.
20     Topic No. 2 seeks:  The IDENTITY of all PERSONS who have had any direct or
    indirect interest in or control over YOU or have provided YOU with funding or
21  loans, whether directly, indirectly, through intermediaries or otherwise.
22     Topic No. 3 seeks:  YOUR formation and governance, the purpose and timing
    thereof, and the nature, extent and location of YOUR business operations.
23     Topic No. 4 seeks:  The timing, nature and extent of LARIAN's relationship to,
24  and direct or indirect control over, YOU.  The term "LARIAN" includes Isaac
    Larian, Angela Larian, and any trust or business they control directly or indirectly.
25  See Amended Notice at 3.
26     Topic No. 5 seeks:  The timing, nature and extent of MAKABI's relationship to,
    and direct or indirect control over, YOU.  The term "MAKABI" includes Shirin
27  Larian Makabi, Jahangir Eli Makabi, and any trust or business they control directly
28  or indirectly.  See Amended Notice at 4.

1   standard and IGWT ignores basic facts that directly contradict its claims.  It is

2   undisputed that Mr. Larian has never testified on behalf of IGWT as a 30(b)(6)

3   witness.  Even if Mr. Larian owns or controls IGWT, his prior individual testimony

4   is not the same as binding corporate testimony.  See Mitchell Eng'g, 2010 WL

5   455290, at *1; Taylor, 166 F.R.D. at 361.  Not only is Mattel is entitled to depose a

6   30(b)(6) witness educated to testify about specific topics, see Great Am. Ins. Co. of

7   NY, 251 F.R.D. at 539, Mr. Larian either wasn't prepared to answer many questions

8   regarding IGWT or didn't know the answer.[27]  Moreover, discovery of the Omni-

9   Wachovia transaction was far from complete when Mr. Larian was deposed in

10  December 2009 and January 2010, and indeed relevant documents were produced

11  just months ago.[28]  Contrary to IGWT's assertions, some overlap between the topics

12  and certain portions of Mr. Larian's prior testimony as a lay witness would be

13  unsurprising and does not render the topics unduly duplicative.  See Mitchell Eng'g,

14  2010 WL 455290, at *1; Appleton Papers, Inc., 2009 WL 2870622, at *2.

15      Topic No. 6 seeks:  YOUR sources of funding, including without limitation the

16  IDENTITY of all PERSONS who have offered to provide or provided funding to

17  YOU, the amounts, timing and nature of such funding, and LARIAN's relationship
    to the source of such funding.

18  [27]  See, e.g., December 10, 2009 Larian Dep. 550:24-551:4

19                                                                                    ; 602:16-603:21

20      ; 751:16-752:2

21      ; 752:22-753:25

22      ; January 18, 2010 Larian Dep. 1160:2-5

23                                                      ; April 12, 2010 Larian Dep.
    1997:13-1998:25

24

25      ; 2018:20-2020:15

26                                                                          ; 2028:25-
    2029:4

27      ; 2030:14-22

28  [28]  See, e.g., SG00001-84 at SG0022-24, SG0027-32.

2. **Topic Nos. 7-10 and 15-16**

IGWT objects to Topic Nos. 7-10 and 15-16 on similar grounds, claiming that Mattel has already explored "[e]ach and every aspect of these topics . . . at length with numerous individuals," including Mr. Larian, Mr. Woolard, Mr. Kadisha and members of Omni 808.[29]  (Mot. at 6-7).  IGWT further contends that to the extent Topic Nos. 15 and 16 seek testimony regarding IGWT's dealings with Mr. Mashian or Mr. Farahnik, "it is simply not relevant."  (Mot. at 8.)

---

[29]  Topic No. 7 seeks:  Completed, proposed and/or contemplated transactions involving OMNI 808 and COMMUNICATIONS regarding such transactions, including without limitation YOUR $60 million loan to OMNI 808, the Amended and Restated Subordinated Promissory Note for $60 million executed by OMNI 808 and the $40 million Senior Promissory Note executed between YOU and OMNI 808.

Topic No. 8 seeks:  Completed, proposed and/or contemplated transactions involving MGA and COMMUNICATIONS regarding such transactions, including without limitation OMNI 808's $60 million loan to MGA, the $40 million Secured Delayed Draw Demand Note (the "Draw Demand Note") executed between MGA and OMNI 808, and/or the $6 million in funding provided by OMNI 808 to MGA pursuant to the Draw Demand Note.

Topic No. 9 seeks:  YOUR relationship with MGA and OMNI 808, including without limitation the nature, timing and amounts of payments made or allegedly owed by MGA to OMNI 808 and/or by OMNI 808 to YOU, or vice versa.

Topic No. 10 seeks:  The direct or indirect, actual, promised, proposed, owed or prospective transfer of any item of value (including any funds, security interest, loan interest, forgiveness of indebtedness and/or the intellectual property in Bratz) involving YOU, on the one hand, and LARIAN, MGA and/or OMNI 808, on the other.

Topic No. 15 seeks:  YOUR actual or contemplated agreements, contracts and/or transactions with LARIAN, MGA, MAKABI, OMNI 808,THE ALLEGED OMNI 808 INVESTORS, FARAHNIK, and/or MASHIAN, including without limitation the timing thereof, the negotiations and COMMUNICATIONS that REFER OR RELATE thereto, and any actual or proposed amendments thereto.

Topic No. 16 seeks:  To the extent not covered by any other Topic, all other completed, proposed and/or contemplated investments or business dealings in which you participated or contemplated participating that also involve LARIAN, MGA, MAKABI, KADISHA, OMNI 808, THE ALLEGED OMNI 808 INVESTORS, FARAHNIK, and/or MASHIAN.

MATTEL'S OPPOSITION TO IGWT 826 INVESTMENTS LLC'S MOTION FOR PROTECTIVE ORDER

1    IGWT cannot rely on the prior testimony of lay witnesses and MGA's

2    30(b)(6) witness to satisfy its duty to produce a corporate designee or designees

3    specifically prepared to testify on the noticed topics.  See Great Am. Ins. Co. of NY,

4    251 F.R.D. at 539.  Nor can IGWT claim that such testimony adequately addresses

5    all of the matters set forth in Topic Nos. 7-10 and 15-16.  As previously discussed,

6    Mr. Larian either was not prepared to or simply did not answer many questions

7    relevant to these topics during his prior depositions.[30]  The same is true for the other

8    witnesses IGWT identifies.[31]  In addition, most of the depositions IGWT cites

9    occurred at a time when discovery of the Omni-Wachovia transaction was far from

10   complete, and discovery regarding Mattel's RICO allegations is ongoing.  See April

11   10, 2010 Order at 7 (Dkt. No. 7712).  IGWT has failed to demonstrate the topics are

12   unduly duplicative or cumulative and its motion should be denied.  See Mitchell

13   Eng'g, 2010 WL 455290, at *1; Appleton Papers, Inc., 2009 WL 2870622, at *2.

14   Similarly, Mr. Mashian and Mr. Farahnik's prior testimony and denials do not

15   preclude Mattel from questioning IGWT on these topics and IGWT has provided no

16   authority to the contrary.  See Fed. R. Civ. P. 26(b)(1) ("Parties may obtain

17   discovery regarding any nonprivileged matter that is relevant to any party's claim or

18   defense . . .").

19

20

21

22

---

[30]   See, e.g., Larian Dep. 550:24-551:4; 602:16-603:21; 751:16-752:2; 752:22-
753:25, December 10, 2009; Larian Dep. 1160:2-5, January 18, 2010; Larian Dep.
1997:13-1998:25; 2018:20-2020:15; 2028:25-2029:4; 2030:14-22, April 12, 2010
[31]   See, e.g., August 28, 2009 Kadisha Dep. 79:19-80:18 ███████████████
████████████████████████████████████████ ; March 26, 2010
Woolard Dep. 896:9-897:15 ██████████████████████
████████████████ ; 899:6-900:4 █████████
████████████████████████████████████████████████.

### 3.     Topic No. 11

IGWT asserts that Topic No. 11 is cumulative and "a waste of time."[32]   (Mot.
at 9.)   IGWT is wrong.   Mattel is entitled to IGWT's binding corporate testimony on
its first knowledge or awareness of any lawsuit or dispute between Mattel and MGA
or Mr. Larian for purposes of its RICO claims.   See Mitchell Eng'g, 2010 WL
455290, at *1; Taylor, 166 F.R.D. at 361.   This is true even if Mr. Larian and his
family members own or control IGWT unless IGWT will stipulate it is simply the
alter ego of Mr. Larian.

### 4.     Topic Nos. 12-14

IGWT objects to Topic Nos. 12-14 on the ground that MGA's 30(b)(6)
designee, Craig Holden, has already provided testimony on these topics.[33]   (Mot. at
10.)   IGWT further contends that to the extent Topic No. 13 seeks testimony
regarding communications between IGWT and Mr. Mashian or Mr. Farahnik, such
testimony is not relevant and Mattel has already deposed these individuals.   (Mot. at
10.)   IGWT offers no support for its claim that testimony by MGA's 30(b)(6)
witness exempts IGWT from its duty to provide binding corporate testimony.
Mattel is entitled to depose IGWT regarding its basis for any claim of common
interest privilege, and any fee, indemnity, joint defense or common interest
agreement it may have with any person, regardless of MGA's prior testimony,

---

[32]   Topic No. 11 seeks:   YOUR first knowledge and/or awareness of any lawsuit,
litigation or other dispute between MATTEL and LARIAN and/or MGA.
[33]   Topic No. 12 seeks:   The facts on which YOU are basing any claimed
common interest privilege in this action.
   Topic No. 13 seeks:   YOUR COMMUNICATIONS with OMNI 808, THE
ALLEGED OMNI 808 INVESTORS, MASHIAN and/or FARAHNIK, including
without limitation the facts on which YOU are basing any privilege claimed by
YOU as to such COMMUNICATIONS.
   Topic No. 14 seeks:   Any fee, indemnity, joint defense and/or common interest
agreements between any PERSON or entity, including but not limited to LARIAN,
OMNI 808 and/or MGA, and YOU, including without limitation the meaning and
scope of and the reasons for such agreements.

1  because IGWT is a separate party to this litigation and its answers may differ from

2  those of MGA.  See Mitchell Eng'g, 2010 WL 455290, at *1; Appleton Papers, Inc.,

3  2009 WL 2870622, at *2.  Moreover, as previously discussed, the prior testimony

4  and denials of Mr. Mashian and Mr. Farahnik do not preclude Mattel from seeking

5  this discovery from IGWT.  See Fed. R. Civ. P. 26(b)(1).

6  **5.   Topic Nos. 18 and 19**

7  IGWT asserts that Topic Nos. 18 and 19 are duplicative and cumulative of

8  prior testimony.[34]  (Mot. at 11.)  Again, IGWT's conclusory arguments fail to

9  demonstrate good cause.  Mr. Larian's prior testimony ███████████████

10  ███████  does not preclude Mattel from seeking IGWT's binding corporate

11  testimony regarding any evidence of spoliation by IGWT, and its efforts to preserve,

12  search for, and produce responsive documents and information in this case.  See

13  Mitchell Eng'g, 2010 WL 455290, at *1; Taylor, 166 F.R.D. at 361.  Nor should the

14  Court give any weight to IGWT's contention that Mattel has already obtained

15  sufficient testimony from MGA's 30(b)(6) witness, Lisa Tonnu, at her September

16  24, 2007 and June 25, 2010 depositions.  (Mot. at 11.)  The September 24, 2007

17  deposition occurred ***before the Omni-Wachovia transaction***.  Moreover, Ms. Tonnu

18  has never testified on behalf of IGWT about its efforts to preserve, search for, or

19  produce responsive documents or information, or any evidence of spoliation by

20  IGWT.

21

22

23

24

---

[34]   Topic No. 18 seeks:  YOUR intentional spoliation and/or concealment of DOCUMENTS or other evidence in connection with this ACTION.

Topic No. 19 seeks:  YOUR preservation of, searches for, collections of and productions of DOCUMENTS in connection with this ACTION, including without limitation which sources of information and STORAGE DEVICES YOU have searched for responsive DOCUMENTS in connection with this ACTION (and which YOU have not) and YOUR search methods in connection with those searches.

## C.   IGWT's Remaining Objections Lack Merit (Topic Nos. 17, 20).

IGWT contends Topic No. 17 is "not reasonably particularized" and "vague and ambiguous" because the referenced U.C.C. financing statements were not attached to the Amended Notice.[35]  (Mot. 10-11.)  This argument borders on frivolous.  IGWT knows what financing statements are at issue here.  In any event, to clear up any ambiguity, Mattel has attached copies the statements to this filing in Appendix A.

IGWT further contends Topic No. 20 is "not reasonably particularized," "overbroad," and "unduly burdensome" because it requests that IGWT's 30(b)(6) designee identify documents that refer or relate to Topic Nos. 1-19.[36]  (Mot. at 11-12.)  Specifically, IGWT asserts this topic is unduly burdensome because the phrase "refer or relate" would require IGWT to prepare a witness to "identify every single document that refers or relates to the prior 19 topics" and "tens of thousands of documents."  (Mot. at 11-12.)  IGWT is wrong.  Topic No. 20 is reasonably particularized because it relates to a discrete list of subjects and IGWT is only required to provide "all the relevant information known or reasonably available to [it]."  See Mitchell Eng'g, 2010 WL 455290, at *1.  Moreover, the phrase "refer or relate" by itself is not objectionable, as demonstrated both by the parties' routine use of it in discovery requests, and prior Court orders requiring MGA to produce documents responsive to requests containing the same or similar language.[37]

---

[35]  Topic No. 17 seeks testimony on:  The U.C.C. Financing Statements and amendments attached as Exhibit 1 and/or the security interests allegedly reflected therein, including without limitation LARIAN's participation therein and the IDENTITY of all other PERSONS who authorized or were otherwise involved in their preparation and filing.

[36]  Topic No. 20 seeks:  The IDENTITY of DOCUMENTS that REFER OR RELATE TO the subject matters of Topics 1 through 19.

[37]  See, e.g., January 26, 2010 (Dkt. No. 7434) at 5; June 7, 2010 Order (Dkt. No. 8079) at 4-5; July 8, 2010 Order (Dkt. No. 8233) at 8.

MATTEL'S OPPOSITION TO IGWT 826 INVESTMENTS LLC'S MOTION FOR PROTECTIVE ORDER

## II.   **MATTEL'S NEED FOR THE REQUESTED DISCOVERY FAR OUTWEIGHS ANY BURDEN TO IGWT.**

IGWT bears the burden of showing a particular and specific need for the protective order. Sullivan v. Prudential Ins. Co., 233 F.R.D. 573, 575 (C.D. Cal. 2005). Even if a party makes such a showing, the court must still balance the interests in allowing discovery against the relative burden to the parties. Id. Here, because the burden of producing a 30(b)(6) designee or designees to testify on behalf of IGWT is not undue, the balance of interests tips in favor of denying IGWT's motion and allowing the highly relevant discovery Mattel seeks.

IGWT asks the Court to enter a protective order for all twenty topics in the Amended Notice but fails to identify any specific burden associated with producing a 30(b)(6) designee or designees to testify on its behalf. IGWT cannot have it both ways -- if it is true, as IGWT contends, that all relevant testimony on the noticed topics has already been provided by other witnesses with knowledge of IGWT, the burden of preparing a witness or witnesses to testify on its behalf would not be undue.

Mattel seeks binding corporate testimony from IGWT relating to the Omni-Wachovia transaction. Such testimony is highly relevant to Mattel's claims, including its RICO conspiracy claim against IGWT. Mattel has alleged that MGA, Larian and IGWT, among others, engaged in a scheme to defraud Mattel through concealment of assets and obstruction of justice, and the Court's August 2, 2010 Order and the recent Ninth Circuit opinion fully support these continued allegations. Balanced against Mattel's ability to show specific predicate acts in support of its RICO allegations, the expense of preparing a 30(b)(6) designee or designees to testify on a discrete number of topics is not unduly burdensome. See, e.g., SEC v. Dowdell, No. Civ. A. 01-0116, 2002 WL 1969664, at *3 (W.D. Va. Aug. 21, 2002) ("undue expense is rarely enough to justify issuing a protective order providing that a deposition not be taken"); Turner Broad. Sys., Inc. v. Tracinda Corp., 175 F.R.D.

554, 556 (D. Nev. 1997) (showing that discovery may involve "inconvenience and expense" is insufficient to establish good cause for protective order); <u>Sullivan</u>, 233 F.R.D. at 575.  Because the balance of interests weighs heavily in Mattel's favor, IGWT's motion for a protective order should be denied.

<u>**Conclusion**</u>

For the foregoing reasons, Mattel respectfully requests that the Court deny MGA's Motion.

DATED:  August 6, 2010          QUINN EMANUEL URQUHART & SULLIVAN. LLP


                                By _*Michael J. Zeller /KJM*_
                                   Michael T. Zeller
                                   Attorneys for Mattel. Inc.

# APPENDIX A

**09-7202782461**

**07/17/2009 15:54**

**FILED**

CALIFORNIA
SECRETARY OF STATE

SOS

21729770003  UCC 1 FILING

## UCC FINANCING STATEMENT
FOLLOW INSTRUCTIONS (front and back) CAREFULLY

A. NAME & PHONE OF CONTACT AT FILER (optional)

B. SE

P6-0000-058-2

**CL@S**
INFORMATION SERVICES

WWW.CLASINFO.COM
2020 HURLEY WAY, SUITE 350
SACRAMENTO, CA 95825
TEL:916.564.2000 / 800.552.5696
FAX:916.564.2100

account number  1036 AmWood

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S EXACT FULL LEGAL NAME – insert only one debtor name (1a or 1b) – do not abbreviate or combine names

| 1a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| MGA Entertainment Inc. | | | | |
| 1b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | | SUFFIX |

| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 16380 Roscoe Boulevard, Suite 200 | Van Nuys | CA | 91460 | USA |

| 1d. SEE INSTRUCTIONS | ADD'L INFO RE ORGANIZATION | 1e. TYPE OF ORGANIZATION | 1f. JURISDICTION OF ORGANIZATION | 1g. ORGANIZATIONAL ID #, if any | |
|---|---|---|---|---|---|
| | | Corporation | California | 1068282 | ☐ NONE |

2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME – insert only one debtor name (2a or 2b) – do not abbreviate or combine names

| 2a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| | | | | |
| 2b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | | SUFFIX |

| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| | | | | |

| 2d. SEE INSTRUCTIONS | ADD'L INFO RE ORGANIZATION DEBTOR | 2e. TYPE OF ORGANIZATION | 2f. JURISDICTION OF ORGANIZATION | 2g. ORGANIZATIONAL ID #, if any | |
|---|---|---|---|---|---|
| | | | | | ☐ NONE |

3. SECURED PARTY'S NAME (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) – insert only one secured party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| Omni 808 Investors LLC | | | | |
| 3b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | | SUFFIX |

| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 9420 Wilshire Boulevard, Suite 400 | Beverly Hills | CA | 90212 | USA |

4. This FINANCING STATEMENT covers the following collateral:

All of Debtor's right, title and interest in all personal property assets, now existing or hereafter arising or acquired.

| 5. ALTERNATIVE DESIGNATION (if applicable) | ☐ LESSEE/LESSOR | ☐ CONSIGNEE/CONSIGNOR | ☐ BAILEE/BAILOR | ☐ SELLER/BUYER | ☐ AG. LIEN | ☐ NON-UCC FILING |
|---|---|---|---|---|---|---|

| 6. ☐ This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS. Attach Addendum (if applicable) | 7. Check to REQUEST SEARCH REPORT(S) on Debtor(s) [ADDITIONAL FEE]   [optional] | ☐ All Debtors   ☐ Debtor 1   ☐ Debtor 2 |
|---|---|---|

8. OPTIONAL FILER REFERENCE DATA

CA - SOS

A/73095615.1/3009108-0000335082

Exhibit 6592
Mashian
9/10/09  1
J'ana Siegers, CSR 10845

09-7202782603
07/17/2009 15:54
FILED
CALIFORNIA
SECRETARY OF STATE
SOS

21729770004   UCC 1 FILING

**UCC FINANCING STATEMENT**
FOLLOW INSTRUCTIONS (front and back) CAREFULLY

A. NAME & PHONE OF CONTACT AT FILER (optional)

B. SEND ACKNOWLEDGMENT TO: (Name and Address)

P6-0000-058-2

CL@S
INFORMATION SERVICES
WWW.CLASINFO.COM
8020 NULLEY WAY, SUITE 350
SACRAMENTO, CA 95825
TEL:916.564.7000 / 800.252.1694
FAX:915.564.7000

account number   1036AMIC1UD

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S EXACT FULL LEGAL NAME – insert only one debtor name (1a or 1b) – do not abbreviate or combine names

| 1a. ORGANIZATION'S NAME | | | | | | |
|---|---|---|---|---|---|---|
| MGA Entertainment (Mexico), Inc. | | | | | | |
| 1b. INDIVIDUAL'S LAST NAME | | FIRST NAME | | MIDDLE NAME | | SUFFIX |
| 1c. MAILING ADDRESS | | CITY | STATE | POSTAL CODE | | COUNTRY |
| 16380 Roscoe Boulevard, Suite 200 | | Van Nuys | CA | 91460 | | USA |
| 1d. SEE INSTRUCTIONS | ADD'L INFO RE ORGANIZATION | 1e. TYPE OF ORGANIZATION | 1f. JURISDICTION OF ORGANIZATION | | 1g. ORGANIZATIONAL ID#, if any | |
| | | Corporation | California | | 2643976 | ☐NONE |

2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME – insert only one debtor name (2a or 2b) – do not abbreviate or combine names

| 2a. ORGANIZATION'S NAME | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | | |
| 2b. INDIVIDUAL'S LAST NAME | | FIRST NAME | | MIDDLE NAME | | SUFFIX |
| 2c. MAILING ADDRESS | | CITY | STATE | POSTAL CODE | | COUNTRY |
| 2d. SEE INSTRUCTIONS | ADD'L INFO RE ORGANIZATION DEBTOR | 2e. TYPE OF ORGANIZATION | 2f. JURISDICTION OF ORGANIZATION | | 2g. ORGANIZATIONAL ID#, if any | ☐NONE |

3. SECURED PARTY'S NAME (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) – insert only one secured party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | | | | |
|---|---|---|---|---|---|---|
| Omni 808 Investors LLC | | | | | | |
| 3b. INDIVIDUAL'S LAST NAME | | FIRST NAME | | MIDDLE NAME | | SUFFIX |
| 3c. MAILING ADDRESS | | CITY | STATE | POSTAL CODE | | COUNTRY |
| 9420 Wilshire Boulevard, Suite 400 | | Beverly Hills | CA | 90212 | | USA |

4. This FINANCING STATEMENT covers the following collateral:

**All of Debtor's right, title and interest in all personal property assets, now existing or hereafter arising or acquired.**

5. ALTERNATIVE DESIGNATION (if applicable) ☐ LESSEE/LESSOR ☐ CONSIGNEE/CONSIGNOR ☐ BAILEE/BAILOR ☐ SELLER/BUYER ☐ AG. LIEN ☐ NON-UCC FILING

6. ☐ This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS. Attach Addendum [if applicable]

7. Check to REQUEST SEARCH REPORT(S) on Debtor(s) [ADDITIONAL FEE] [optional] ☐ All Debtors ☐ Debtor 1 ☐ Debtor 2

8. OPTIONAL FILER REFERENCE DATA

CA - SOS

A/73095615.1/3009108-0000335082


Exhibit 6593
Mashian
9 /10 / 09   1   pgs
J'ana Siegers, CSR 10845

## UCC FINANCING STATEMENT

FOLLOW INSTRUCTIONS (front and back) CAREFULLY

**A. NAME & PHONE OF CONTACT AT FILER (optional)**
FRED MASHIAN
3102747001

**B. SEND ACKNOWLEDGMENT TO:** (Name and Address)

```
FRED MASHIAN
9255 SUNSET BOULEVARD
SUITE 830
LOS ANGELES, CA 90069
USA
```

DOCUMENT NUMBER: 18230930002
FILING NUMBER: 08-7170410109
FILING DATE: 09/28/2008 14:33
IMAGE GENERATED ELECTRONICALLY FOR WEB FILING

**THE ABOVE SPACE IS FOR CA FILING OFFICE USE ONLY**

**1. DEBTOR'S EXACT FULL LEGAL NAME** - insert only one debtor name (1a or 1b) - do not abbreviate or combine names

| 1a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| VISION CAPITAL, LLC, A DELAWARE LIMITED LIABILITY COMPANY | | | | |
| OR 1b. INDIVIDUAL'S LAST NAME | FIRST NAME | | MIDDLE NAME | SUFFIX |
| 1c. MAILING ADDRESS | CITY | | STATE | POSTAL CODE | COUNTRY |
| 1525 SOUTH BROADWAY | LOS ANGELES | | CA | 90015 | USA |
| 1d. SEE INSTRUCTIONS | ADD'L DEBTOR INFO | 1e. TYPE OF ORGANIZATION | 1f. JURISDICTION OF ORGANIZATION | 1g. ORGANIZATIONAL ID#, if any |
| | | LLC | DE | 4589295 | ☐ NONE |

**2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME** - insert only one debtor name (2a or 2b) - do not abbreviate or combine names

| 2a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| OR 2b. INDIVIDUAL'S LAST NAME | FIRST NAME | | MIDDLE NAME | SUFFIX |
| 2c. MAILING ADDRESS | CITY | | STATE | POSTAL CODE | COUNTRY |
| 2d. SEE INSTRUCTIONS | ADD'L DEBTOR INFO | 2e. TYPE OF ORGANIZATION | 2f. JURISDICTION OF ORGANIZATION | 2g. ORGANIZATIONAL ID#, if any |
| | | | | | ☐ NONE |

**3. SECURED PARTY'S NAME** (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) - insert only one secured party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| LEXINGTON FINANCIAL LIMITED, A NEVIS COMPANY | | | |
| OR 3b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| 33-35 DAWS LANE | LONDON | | NW7 4SD | GBR |

**4. This FINANCING STATEMENT covers the following collateral:**

ALL OF DEBTOR'S RIGHT, TITLE AND INTEREST IN MEMBERSHIP INTERESTS OF OMNI 808 INVESTORS, LLC, A CALIFORNIA LIMITED LIABILITY COMPANY,
SECRETARY OF STATE FILING #200722610026.

| 5. ALT DESIGNATION: ☐ LESSEE/LESSOR ☐ CONSIGNEE/CONSIGNOR ☐ BAILEE/BAILOR ☐ SELLER/BUYER ☐ AG. LIEN ☐ NON-UCC FILING | | |
|---|---|---|
| 6. ☐ This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS   Attach Addendum [if applicable] | 7. Check to REQUEST SEARCH REPORT(S) on Debtor(s) [ADDITIONAL FEE]   [optional] ☐ All Debtors ☐ Debtor 1 ☐ Debtor 2 | |

**8. OPTIONAL FILER REFERENCE DATA**

FILING OFFICE COPY



Exhibit 6508
Neman
8-14-09
J'ana Siegers, CSR 10845