1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
     John B. Quinn (Bar 090378)
2    johnquinn@quinnemanuel.com
     Michael T. Zeller (Bar 196417)
3    michaelzeller@quinnemanuel.com
   865 South Figueroa Street, 10th Floor
4  Los Angeles, California 90017-2543
   Telephone: (213) 443-3000
5  Facsimile: (213) 443-3100

6  Attorneys for Mattel, Inc. and Mattel de Mexico, S.A. de C.V.

7              UNITED STATES DISTRICT COURT

8            CENTRAL DISTRICT OF CALIFORNIA

9                 SOUTHERN DIVISION

| | |
|---|---|
| 10  MATTEL, INC., a Delaware corporation,<br>11<br><br>Plaintiff,<br>12<br><br>vs.<br>13<br>14  MGA ENTERTAINMENT, INC., a California corporation, et al.,<br>15<br>Defendants.<br>16<br>17  AND CONSOLIDATED ACTIONS | CASE CV 04-9049 DOC (RNBx)<br>Consolidated with<br>Case CV 04-09059<br>Case CV 05-02727<br><br>Hon. David O. Carter<br><br>[PUBLIC REDACTED] MATTEL, INC.'S OPPOSITION TO MGA'S MOTION TO COMPEL MATTEL TO PRODUCE ROBERT A. ECKERT ON TOPIC 9 OF MGA'S NOTICE OF DEPOSITION AND PRODUCE DOCUMENTS RELATED TO MATTEL LICENSES<br><br>Date: TBD<br>Time: TBD<br>Courtroom: 9D<br><br>**Phase 2**<br>Discovery Cut-off: TBD<br>Pre-trial Conference: TBD<br>Trial Date: January 11, 2011 |

18

19

20

21

22

23

24

25

26

27

28

00505.07975/3623001.1

1

# TABLE OF CONTENTS

2

**Page**

3

4  PRELIMINARY STATEMENT...........................................................................1

5  FACTUAL BACKGROUND ..............................................................................2

6  ARGUMENT ......................................................................................................4

7  I.    MATTEL FULLY COMPLIED WITH THE COURT'S JUNE 10
       ORDER REGARDING TOPIC NO. 9...........................................................4

8  II.   MGA'S REQUEST FOR ALL DOCUMENTS RELATING TO
9        MATTEL'S BARBIE LICENSES FROM 2001 TO THE PRESENT IS
       PROCEDURALLY IMPROPER AND UNDULY BURDENSOME............8

10  CONCLUSION ................................................................................. 11

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-i-

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## TABLE OF AUTHORITIES

Page

### Statutes

Fed. R. Civ. P. 26(b)(2)(C) ................................................................. 8, 9

### Miscellaneous

Local Rule 7-18................................................................................... 5, 6

1                              **Preliminary Statement**

2         MGA characterizes its motion as one to compel Robert Eckert to testify on

3 Topic No. 9 of MGA's Third Notice of Deposition.  However, in actuality, it is a

4 motion for reconsideration of the Court's June 10, 2010 Order.  The Court previously

5 noted that MGA's Topic No. 9 was "potentially overbroad" as drafted, especially in its

6 definition of "communications."  In carefully weighing the parties' arguments, the

7 Court ordered Mattel to "either designate a 30(b)(6) witness to testify as to the topic or

8 produce Bob Eckert and/or Neil Friedman to testify as to Mattel's practice—if any—of

9 communicating with its licensees about actual or potential MGA licensees."[1]  Mattel

10 opted to do the latter and produced Mr. Eckert, who testified that ████████████

11 ████████████████████████████████████████████████████████

12 ████████████████████████████████████████████████████████

13 ████████████████████████████████████████████████████████

14 Now MGA seeks reconsideration of the Court's prior ruling in the form of an order

15 compelling Mr. Eckert to testify as a 30(b)(6) on the originally noticed Topic.  MGA's

16 attempt to re-litigate this issue is improper and should be denied.  Mattel fully

17 complied with the Court's Order.

18         In addition, totally unrelated to Topic No. 9 but apparently loaded into this

19 motion to falsely suggest some connection with Mr. Eckert's testimony, MGA seeks

20 the production of all "documents related to [Mattel's] Barbie licenses from 2001 to the

21 present."[2]  The relief sought is unrelated to Topic No. 9 and massively overbroad.  At

22 no time during the parties' meet and confer in advance of MGA's motion did MGA

23 state that it would seek this requested relief.  Complying with such a massively

24 overbroad request would be unduly burdensome: it is not even clear what would

25 constitute all "documents related" to the thousands upon thousands of Barbie licenses

26 Mattel has entered into from 2001 to the present.  Indeed, the request is broader than

27     [1]  See June 10, 2010 Order, Docket No. 8079, at 11 (emphasis added).

28     [2]  See Motion at 7.

MGA's original 30(b)(6) topic, which the Court noted was "potentially overbroad" and could call for testimony regarding even "innocuous spreadsheets that merely detail MGA's licenses."[3]   Even if this request were appropriate, which it plainly isn't, and had been the subject of meet and confer, which it was not, Mr. Eckert would not be the appropriate witness to testify regarding the thousands of Barbie licenses since 2001.  MGA's belated, overbroad document request should be denied.

### Factual Background

MGA serves its Third Phase 2 Notice of Deposition of Mattel.  On April 27, 2010, MGA served Mattel with its third notice of deposition in Phase 2.[4]   The Notice sought testimony on 27 topics and numerous "sub-topics," meaning the Notice actually sought testimony on some 98 topics.[5]   One of these topics was Topic No. 9, which sought a designee regarding, "Communications between Mattel and its licensees and/or potential licensees regarding potential or actual licenses with MGA, including but not limited to any and all discussions concerning Bratz and 4-Ever Best Friends."[6]

On May 17, 2010, Mattel moved for protective order regarding MGA's Third Notice, including on Topic 9.[7]   On June 10, 2010, the Court ruled on Mattel's motion.[8]  With respect to Topic No. 9, the Court noted that the topic was "potentially overbroad" as written, especially in its definition of "communications."[9]   The Court ultimately ordered Mattel to "either designate a 30(b)(6) witness to testify as to the topic or produce Bob Eckert and/or Neil Friedman to testify as to Mattel's practice – if

---

[3]   See Order at 11.
[4]   See MGA's Third Phase 2 Notice.
[5]   Id.
[6]   Id.
[7]   See Mattel's Motion for Protective Order re MGA's Third Notice of Deposition of MGA, dated May 17, 2010, Docket No. 7858.
[8]   See Court's June 10 Order.
[9]   Id. at 10.

1  any – of communicating with its licensees about actual or potential MGA licenses."[10]
2  In addition to Mr. Eckert, the Court compelled Mattel to produce witnesses on a
3  number of topics from the Third Notice but limited the total, cumulative testimony of
4  all witnesses to 32 hours.[11]

5       <u>Mattel produces Bob Eckert to testify consistent with the Court's Order.</u>  On
6  June 16, 2010, Mattel produced Bob Eckert to testify regarding Mattel's practice—if
7  any—of communicating with its licensees about actual or potential MGA licenses.

8  ████████████████████████████████████████████████

9  ████████████████████████████████████████████████

10 ████████████████████████████████████████████████

11 ████████████████████████████████████████████████

12 ████████████████████████████████████████████████

13 ███████████  To testify regarding Mattel's practice with respect to licenses, Mr. Eckert
14 spoke to the Senior Vice President of Barbie Marketing who is responsible for
15 licensing who confirmed that Mr. Eckert's understanding of Mattel's licensing practice
16 was correct.[16] ████████████████████████████████████

17 ████████████████████████████████████████████████

18 ████████████████████████████████████████████████

19 ████████████████████████████████████████████████

20 ████████████████████████

21

---

22  [10]  <u>Id.</u> at 10-11.
23  [11]  <u>Id.</u> at 19.
    [12]  <u>See</u> 30(b)(6) Deposition Transcript of Robert Eckert ("Eckert Tr."), dated
24  June 16, 2010, at 15:21-16:18.
25  [13]  <u>Id.</u>
    [14]  <u>Id.</u> at 35:3-36:1.
26  [15]  <u>Id.</u>
    [16]  <u>Id.</u> at 4:20-5:8, 5:19-22, 14:2-15:13.
27  [17]  <u>Id.</u> at 9:4-12, 10:5-6:21.
28  [18]  <u>Id.</u> at 13:7-17.

1       The parties meet and confer regarding MGA's anticipated motion to compel a
2  witness on Topic No. 9. After Mr. Eckert's deposition, MGA sought further testimony
3  regarding Topic No. 9.[19] The parties met and conferred on multiple occasions. At no
4  point in time, did MGA state that it planned to move for the production of documents
5  relating to Barbie licenses from 2001 to the present. That subject was never the
6  subject of a meet and confer among lead counsel.

7 **Argument**

8  **I.    MATTEL FULLY COMPLIED WITH THE COURT'S JUNE 10**
9       **ORDER REGARDING TOPIC NO. 9**

10       MGA styles its motion as a "motion to compel" Mr. Eckert on Topic No. 9, but
11  this title is erroneous. What MGA in fact has brought is an improper motion for
12  reconsideration of the Court's prior ruling regarding Mattel's motion for protective
13  order. Per its June 10 Order, after considering the potential overbreadth of the topic as
14  drafted and having weighed the parties' arguments, the Court gave Mattel a choice.
15  Mattel could "either designate a 30(b)(6) witness to testify as to the topic or produce
16  Bob Eckert and/or Neil Friedman to testify as to Mattel's practice—if any—of
17  communicating with its licensees about actual or potential MGA licensees."[20] Mattel
18  opted to do the latter—produce Bob Eckert regarding Mattel's practice with respect to
19  its licensees. Mr. Eckert was fully prepared on Mattel's practices—both based on his
20  personal knowledge and based on discussions with the Senior Vice President of
21  Barbie Marketing. ████████████████████████████████

22 ████████████████████████████████████████████

23 ██████████████████████████████████████████████

24

25

---

26  [19]  Motion at 1:15-16.
27  [20]  See June 10, 2010 Order at 11 (emphasis added).
    [21]  See 30(b)(6) Deposition Transcript of Robert Eckert ("Eckert Tr."), dated
28  June 16, 2010, at 15:21-16:18.

1 ██████████████████████████████████████████████

2 ██████████████████████████████████████████████

3 ██████████████████████████████████████████████

4 ████████████

5     MGA has apparently decided that it does not like the answers, so it seeks

6 reconsideration of the Court's prior ruling regarding Mattel's motion for protective

7 order. The Court has made abundantly clear its position on motions for

8 reconsideration, however:

9     "Now, orders are going to start coming out quickly now by the Court, and I will

10     memorialize them since sometimes there has been some disagreement. There

11     are no motions for reconsideration. My motions are clear, so that nonsense

12     stops also. Motions for clarification, no. There is no need to clarify my orders.

13     Sanctions will follow from this point forward. I am informing both parties for

14     the second time tonight. The third time I will simply act."[25]

15 MGA's improper attempt to re-litigate an issue on which the Court already ruled

16 should be denied.

17     MGA cannot meet the legal standard for reconsideration. See Local Rule 7-18.

18 MGA presents no new facts or law and shows no failure to consider material facts.

19 Rather, MGA relies upon the same email correspondence that it used to justify Topic

20 No. 9 in its original opposition to Mattel's motion for protective order.[26]

21     MGA's original topic was based on MGA's flawed reading of email

22 correspondence between Mr. Eckert and Mattel's Ellen Brothers and Neil Friedman

23 from November 28, 2006. ████████████████████████████

24

25   [22] Id.

26   [23] Id. at 35:3-36:1.

  [24] Id.

27   [25] March 10, 2010 Hearing Tr., Vol. 3, at 50:1-8.

28   [26] MGA Parties' Opposition to Mattel's Motion for Protective Order; and Cross Motion to Compel, Docket No. 7943, dated May 21, 2010, at 14:9-12.

1

2

3

4

5 ████████████████████ MGA has now had the opportunity to examine Mr.

6 Eckert on two separate occasions about the email correspondence in question. And

7 while MGA has repeatedly claimed this email suggests some impropriety, the

8 evidence does not bear this out. ████████████████

9

10 ████████████

11     MGA tries to characterize Mr. Eckert as unprepared on Topic No. 9. But that

12 simply is not what the Court ordered, and Mr. Eckert was fully prepared on the subject

13 of Mattel's relevant practice as ordered by the Court. Mr. Eckert not only had

14 personal knowledge of the subject, but he spoke to the Senior Vice President of Barbie

15 Marketing who is responsible for licensing. She confirmed Mr. Eckert's own,

16 personal understanding of Mattel's practice.[29] ████████

17

18

19

20

21     In its motion, MGA offers conjecture, on the one hand, that an alleged policy of

22 not doing business with MGA licensees was a "directive issued from Mattel's officers

23 at the highest level."[32] MGA then argues conversely that Mattel's CEO was

24

25 [27] See Exhibits 8971 and 8972.

26 [28] Id. at 9:4-12, 10:5-6:21.

[29] Id. at 4:20-5:8, 5:19-22, 14:2-15:13.

27 [30] Id. at 9:4-12, 10:5-6:21.

[31] Id. at 13:7-17.

28 [32] Motion at 2:22-24.

00505.07975/3623001.1

1  unprepared to address the existence of any such policy because he failed to talk to any
2  Mattel licensees or various other Mattel employees who reported to Mr. Eckert.[33]  As
3  Mattel's senior-most officer Mr. Eckert would obviously be aware of a "directive"
4  coming from the "highest level."  And if he somehow was not, surely Mattel's Senior
5  Vice President of Barbie Marketing who is responsible for licensing would be.  No
6  further investigation by Mr. Eckert was necessary.  Mattel simply does not have the
7  "directive" that MGA speculates exists.

8       The questions to which Mr. Eckert did not know the answers at his most recent
9  deposition were outside the scope of the topic as limited by the Court's Order.  ████
10 ████████████████████████████████████████████████████████████████████████████
11 ████████████████████████████████████████████████████  It is ironic that
12 MGA complains that <u>Mattel's</u> witness was unprepared on this topic, as <u>MGA</u> refused
13 to provide a witness about these very allegations allegedly communicated by third
14 parties to MGA until compelled by the Court to do so and has yet to provide a fully
15 prepared witness.[35] ████████████████████████████████████████
16 ████████████████████████████████████████████████████████████████████████████
17 ████████████████████████████████████████████████████████████████████████████
18
19
20

---

[33]  <u>See</u> Motion at 3:16-4:9.
[34]  <u>See, e.g.,</u> Eckert Tr. at 44:25-46:15.
[35]  <u>See</u> Court's June 14, Order, Docket No. 8104, at 8 ("Category 28 seeks '[t]he factual basis for MGA's affirmative defenses.' MGA argues it will produce a witness but asks the Court to deny as premature. But Mattel noticed the topic for deposition for a date on which MGA failed to produce a prepared witness. The Court finds the motion neither untimely nor inappropriate and GRANTS the Motion as to Category 28.").  MGA alleged hundreds of pages of affirmative defenses, among them that third parties allegedly communicated to MGA that Mattel was intimidating licensees.  MGA's Court-ordered designee on this topic, Steve Schultz, was unprepared.  The parties have been engaged in meet and confer regarding that deposition.

1 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ There is

2 no reason Mr. Eckert would know the answer to these questions, and he was not

3 obligated to testify about these rumors, innuendo or conjecture by the plain language

4 of the Court's June 10 Order.

## II.   MGA'S REQUEST FOR ALL DOCUMENTS RELATING TO MATTEL'S BARBIE LICENSES FROM 2001 TO THE PRESENT IS PROCEDURALLY IMPROPER AND UNDULY BURDENSOME

8 MGA's attempt to piggyback an overbroad document request for all documents

9 "related to [Mattel's] Barbie licenses from 2001 to the present" onto its motion on

10 Topic No. 9 is improper and should be denied.

11 *First*, MGA failed to meet and confer with Mattel regarding this aspect of its

12 motion in advance of filing its motion.  At no point during the parties multiple meet

13 and confers regarding the instant motion did MGA state its intent to seek the

14 production of these documents wholly unrelated and well beyond the subject matter of

15 Topic No. 9.  Thus, MGA's motion in this respect is procedurally improper and in flat

16 violation of the Court's Order that lead counsel for each party meet and confer in

17 advance of any motion being filed.[37]

18 *Second*, MGA's request for "documents related to [Mattel's] Barbie licenses

19 from 2001 to the present" is overbroad and unduly burdensome.  Under Fed. R. Civ.

20 P. 26(b)(2)(C), a court may limit discovery where "the burden or expense of the

21 proposed discovery outweighs its likely benefit."[38]  The substantial burden of

22

23 [36] See Eckert Tr. at 21:20-25; see also Deposition of Robert Eckert, Vol. 8 ("Eckert Tr. Vol. 8"), dated April 28, 2010 at 1508:9-1509:10.

24 [37] See June 7, 2010 Order, Docket No. 8085, at 1 ("the Court hereby ORDERS

25 that all four lead counsel shall meet and confer before the filing of any subsequent written motions or *ex parte* Applications").

26 [38] The full text of the rule states: "The frequency or extent of use of the

27 discovery methods otherwise permitted under these rules and by any local rule shall be limited by the court if it determines that: (i) the discovery sought is unreasonably

28 cumulative or duplicative, or is obtainable from some other source that is more

1  producing all documents "***related to*** [Mattel's] Barbie licenses from 2001 to the

2  present" far outweighs the probative value of any such documents.  MGA makes no

3  attempt to explain how this massively overbroad range of documents "related to " an

4  already sweeping topic would be relevant to this lawsuit.  With respect to MGA's

5  allegation that "Mattel had a policy of not doing business with MGA licensees and

6  terminated or threatened to terminate licensees if they did business with MGA"[39],

7  Mattel has produced and continues to produce documents relating to MGA's unfair

8  competition claims.  To the extent Mattel will assert damages claims based on any

9  loss of Barbie licensing revenue since 2001, Mattel has produced documents reflecting

10  Mattel's Barbie licensing revenue since 2001.  MGA provides no explanation in its

11  Motion as to why it needs every scrap of paper "related to" the licensing agreements

12  of its primary competitor's number one product for the last 10 years.  Therefore, this

13  aspect of MGA's motion should be denied.

14        Since January 1, 2001, Mattel has entered into more than ▮▮▮ Barbie licenses

15  worldwide, pursuant to which Mattel has licensed out certain rights related to the

16  Barbie brand.[40]  Such licenses are referred to as "out-licenses."  In addition, Mattel

17  also has licensing agreements related to Barbie, pursuant to which Mattel has licensed

18  in certain rights from other companies, so-called "in-licenses."[41] ▮▮▮▮▮▮▮▮

19  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

20

21  convenient, less burdensome, or less expensive; (ii) the party seeking discovery has
   had ample opportunity by discovery in the action to obtain the information sought;

22  or (iii) the burden or expense of the proposed discovery outweighs its likely benefit,
   taking into account the needs of the case, the amount in controversy, the parties'

23  resources, the importance of the issues at stake in the litigation, and the importance

24  of the proposed discovery in resolving the issues. The court may act upon its own

25  initiative after reasonable notice or pursuant to a motion under Rule 26(c)." Fed. R. Civ. P. 26(b)(2)(C).

26  [39]  Motion at 6.

27  [40]  See Declaration of Jeffrey Korchek ("Korchek Dec."), dated August 10, 2010 and filed concurrently herewith, at ¶3.

28  [41]  Id.



1

2

3

4                    Documents "related" to Mattel's Barbie

5 licenses would include anything from

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22 ————————————

23 [42] Id.

 [43] Id.

24 [44] Id.

 [45] Korchek Dec. ¶4.

25 [46] Korchek Dec. ¶5.

26 [47] Id.

 [48] Id.

27 [49] Id.

 [50] Id.

28

1  ██████████████████████████████████████████████

2  ██████████████████████████████████████████████

3  ██████████████████████████████████████████████

4  ██████████████████████████████████████████████

5  ██████████████████████████████████████████████

6  ██████████████████████████████████████████████

7  ████████████████████ The limited relevance of these documents does not justify the

8  disclosure of this sensitive information to a competitor or the substantial burden of

9  collecting, reviewing and producing all "documents relating to Mattel's Barbie

10  licenses since 2001."

## Conclusion

12      For the foregoing reasons, Mattel respectfully requests that the Court deny

13  MGA's Motion.

15  DATED: August 9, 2010      QUINN EMANUEL URQUHART &
                                     SULLIVAN. LLP

17  By _____

18                   Michael T. Zeller
19                   Attorneys for Mattel, Inc. and Mattel de
                                     Mexico. S.A. de C.V.

---

[51] Id.
[52] See Korchek Dec. ¶4.
[53] Id.