ANNETTE L. HURST (State Bar No. 148738)
ahurst@orrick.com
WARRINGTON S. PARKER III (State Bar No. 148003)
wparker@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105
Telephone:   415-773-5700
Facsimile:    415-773-5759

WILLIAM A. MOLINSKI (State Bar No. 145186)
wmolinski@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA  90017
Telephone:   213-629-2020
Facsimile:    213-612-2499

THOMAS S. MCCONVILLE (State Bar No. 155905)
tmcconville@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
4 Park Plaza, Suite 1600
Irvine, CA 92614-2258
Tel: (949) 567-6700/Fax: (949) 567-6710

Attorneys for MGA Parties

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | Case No. CV 04-9049 DOC (RNBx)<br>Consolidated with Case No. CV 04-9059 and Case No. CV 05-2727<br><br>**STIPULATION OF THE PARTIES REGARDING PRE-TRIAL DATES AND BRIEFING SCHEDULES**<br><br>Discovery Cut-off:  TBD<br>Pretrial Conference: TBD<br>Trial Date: January 11, 2011<br>Judge:  Hon. David O. Carter |

**STIPULATION**

WHEREAS the Court issued an order on August 2, 2010, directing the parties to meet and confer in an attempt to reach a stipulation as to all pre-trial dates and briefing schedules in advance of the January 11, 2011 trial date. (Docket No. 8434). The parties met and conferred on August 9, 2010.

WHEREAS, as a result of the meet and confer, the parties have agreed on dates for summary judgment, expert reports, motions *in limine*, and the final pretrial conference as follows:

Summary Judgment

| Motions | October 18, 2010 |
| --- | --- |
| Oppositions | November 8, 2010 |
| Replies | November 18, 2010 |

Expert Discovery

| Opening Reports | November 1, 2010 |
| --- | --- |
| Responsive Reports | December 1, 2010 |
| Conclude Expert Depositions | December 17, 2010 |

Motions *in Limine*

| Motions | December 20, 2010 |
| --- | --- |
| Oppositions | December 28, 2010 |
| Replies | January 3, 2011 |

Pretrial Conference:    January 4, 2011

WHEREAS the parties further agreed that trial briefs, proposed jury instructions, voir dire, and special verdict forms are due January 4, 2011.

WHEREAS the parties agreed that, for any other pre-trial filings not listed in this stipulation, the Federal Rules of Civil Procedure and accompanying local rules would apply.

- 2 -

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

WHEREAS the parties also agreed that Mattel's filing concerning Bratz and Jade as trade secret claims will be filed by August 16, 2010; MGA's opposition will be filed by August 23, 2010; Mattel's reply will be filed on August 30, 2010. The parties agreed that, if after reviewing Mattel's motion MGA requires additional time for its opposition, Mattel would be amenable to a reasonable extension.

WHEREAS the parties were unable to reach agreement on the discovery cut off for fact discovery. As a result, the MGA parties' proposed schedule is set forth in Attachment A and Mattel's proposed schedule is set forth in Attachment B. Mr. Machado concurs with the schedule submitted by the MGA parties.

It is so stipulated.

| | | |
|---|---|---|
| 1 | | |
| 2 | Dated: August 9, 2010 | ORRICK, HERRINGTON & SUTCLIFFE LLP |
| 3 | | |
| 4 | | By: /s/ Thomas S. McConville |
| 5 | | Thomas S. McConville<br>Attorneys for MGA ENTERTAINMENT, INC., MGA ENTERTAINMENT HK, LTD., MGA de MEXICO, S.R.L. de C.V., and ISAAC LARIAN |
| 6 | | |
| 7 | Dated: August 9, 2010 | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
| 8 | | |
| 9 | | By: /s/ Scott Watson |
| 10 | | Scott Watson<br>Attorneys for Mattel, Inc. and Mattel de Mexico, S.A. de C.V. |
| 11 | | |
| 12 | Dated: August 9, 2010 | SCHEPER KIM & OVERLAND LLP |
| 13 | | |
| 14 | | By: /s/ Alexander Cote |
| 15 | | Alexander Cote<br>Attorneys for Gustavo Machado |

# Attachment A

## Attachment A: MGA Parties' Proposed Discovery Schedule

In disregard of the Court's prior orders, lead counsel for Mattel did not participate in the meet and confer regarding a pre-trial schedule. Further, counsel that did participate in the conference for Mattel failed to state the objections to MGA's proposed discovery cut-off date currently argued to the Court. Nonetheless, Mattel has litigated this matter for six years and has had more than ample opportunities to file any and all discovery requests needed. Further, this Court has repeatedly admonished the parties to finish discovery because it will close once the Ninth Circuit rules. If Mattel failed to heed the Court's instructions, it cannot now complain that it has not had enough time.

Based on the numerous motions to compel pending, it is clear that it is Mattel that has withheld critical documents – information that should have been provided during Phase 1 and only now reveals their true business plan: to steal competitive information by sneaking into MGA showrooms and obtaining MGA confidential information through improper means. Despite knowing that Mattel has failed to abide by its discovery obligations, MGA understands that discovery must close now.

MGA's fact discovery schedule adheres to the Court's demands and provides ample time to permit the parties to achieve what is necessary:

prepare for trial on January 11, 2011. MGA requests that the Court enter the following fact discovery schedule:

| DISCOVERY METHOD | END DATE |
| --- | --- |
| Interrogatories/RFAs | No additional requests |
| Requests for Production of Documents | August 16, 2010 |
| Motions to Compel for Any Outstanding Discovery Requests | September 23, 2010 |
| Oppositions to Any Motions to Compel | September 30, 2010 |
| Reply Briefs to Any Discovery Motions to Compel | None permitted |
| Depositions | October 1, 2010 |
| Hearing on Discovery Motions | October 7, 2010 |

# Attachment B

# ATTACHMENT B

## I. MATTEL'S POSITION ON WAIVER OF SUBSTANTIVE RIGHTS

In agreeing that the schedule set forth above is proper, Mattel does not intend to waive, and expressly reserves, all rights and arguments it may have, including any rights it may have under Federal Rule of Civil Procedure 56.

## II. MATTEL'S POSITION ON FACT DISCOVERY DEADLINES

MGA informed Mattel for the first time at 5:36 p.m. on August 9, 2010 that MGA requests an immediate end to service of requests for admission and interrogatories, requests a separate cut-off for requests for production on August 16, and requests a fact discovery motion cut-off on September 23. Because MGA waited until this late hour to announce its position on fact discovery deadlines, Mattel has not had sufficient time to compile a comprehensive list of outstanding fact discovery issues that will require follow-up discovery and requests a full opportunity to do so before the Court sets a cut-off date.

It is no coincidence MGA requests August 16, 2010 as the cut-off for service of discovery requests—MGA's Answer is due on August 16. MGA's proposed cut-off would thus prevent discovery into any new affirmative defenses MGA pleads in its Answer. In particular, the Court has stated the inquiry into crime-fraud issues surrounding the withholding of the Larian-O'Connor email will not be open for discovery until MGA's Answer is filed. Moreover, at MGA's request, the Court delayed ruling on Mattel's other pending crime-fraud motion until at least August 16. MGA's transparent attempt to avoid discovery into crime-fraud and any other new affirmative defenses by closing fact discovery before those issues are even ripe for discovery cannot be permitted.

MGA also is currently delaying other fact discovery by refusing to comply with multiple discovery orders calling for critical information, much of which will

be time-consuming to collect. For example and without limitation, MGA remains out of compliance with the Court's Order requiring a search of Larian's hard drives; refuses to state the reasons for the months-long delay in this production; and has stated it will not be complete before August 30, 2010. MGA's proposed cut-off would end fact discovery long before its production of these critical documents. Indeed, MGA's first production from the Larian hard drives on July 26, 2010 revealed many highly relevant but previously unproduced documents that will require follow-up discovery.

Further, MGA has not complied with the Special Master's July 19 Report requiring searches of MGA's ArchiveOne email database, which the Court-appointed experts have stated will be a time-consuming process. MGA also has not complied with the Special Master's July 5 Report requiring production of email communications with former Mattel employees and all electronic information related to Bratz prior to January 2001. MGA's production of that critical material is sure to reveal new information that will necessitate follow-up discovery. In addition, the Court's August 3 Order does not require completion of MGA's trade secret-related productions until August 14.

Mattel recognizes the need for an expeditious schedule and requests prompt and certain compliance dates from MGA for these outstanding discovery issues. In all events however, fact discovery should not be cut off before crime-fraud discovery commences or before MGA's long-overdue productions in response to these Orders, thus foreclosing essential follow-up discovery.

Accordingly, Mattel proposes the following fact discovery deadlines:

September 15, 2010—Last day to serve written discovery.

October 22, 2010—Last day to commence a fact deposition.

October 29, 2010—Fact discovery cut-off.