ANNETTE L. HURST (State Bar No. 148738)
ahurst@orrick.com
WARRINGTON S. PARKER III (State Bar No. 148003)
wparker@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
405 Howard Street
San Francisco, CA 94105
Telephone: 415-773-5700/Facsimile: 415-773-5759

WILLIAM A. MOLINSKI (State Bar No. 145186)
wmolinski@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA 90017
Telephone: 213-629-2020/Facsimile: 213-612-2499

THOMAS S. MCCONVILLE (State Bar No. 155905)
tmcconville@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
4 Park Plaza, Suite 1600
Irvine, CA 92614-2258
Telephone: 949-567-6700/Facsimile: 949-567-6710

Attorneys for MGA Parties and IGWT 826 Investments LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | Case No. CV 04-9049 DOC (RNBx)<br><br>Consolidated with:<br>Case No. CV 04-9059<br>Case No. CV 05-2727<br><br>Hon. David O. Carter<br><br>**MGA'S OPPOSITION TO MATTEL, INC.'S MOTION TO COMPEL COMMUNICATIONS RELATING TO MATTEL EMPLOYEES**<br><br>Date: TBD<br>Time: TBD<br>Place: Courtroom 9D<br><br>Trial Date: January 11, 2011 |

## INTRODUCTION

Mattel's Motion To Compel Communications Regarding Mattel Employees ("Motion") should be denied. Mattel's requests are overly broad, unduly burdensome and not specific enough for MGA to find responsive documents.

Mattel seeks to compel any and all communications with or about Mattel employees ever. Mattel has thousands of employees all over the world. It is therefore impossible for MGA to identify, let alone produce, all documents relating to every time someone from MGA has communicated about or with someone who happened to have worked for Mattel at some point in their career. Even if MGA could identify responsive documents, Mattel's requests are unduly burdensome. To justify its request, Mattel simply argues that it has not received "any responsive documents", but the hundreds of thousands of documents that MGA has produced in this case belie this argument. Based on all of the discovery that it has received, Mattel can hardly claim that it has not received "any responsive documents" regarding Mattel employees. Mattel's inadequate showing of necessity or relevance fails to establish good cause to bury MGA with even more overbroad and unduly burdensome requests. Accordingly, the Motion should be denied.

## ARGUMENT

### I.   THE REQUESTS ARE OVERLY BROAD AND UNDULY BURDENSOME.

Mattel seeks to compel production in response to requests numbers 39-49 from its Fifth Set of Requests for Documents and Things To MGA Entertainment, Inc. (Phase 2) ("Requests"), served Christmas Eve 2009. In its Motion, Mattel groups the Requests under two categories, each of which are overly broad. The first category is Mattel's Requests for communications between MGA and persons who were Mattel employees at the time of the communication.

Requests 39[1], 40[2] and 47-49[3] are overly broad because Mattel has thousands of employees worldwide. The responsive documents would encompass thousands of documents that would be irrelevant to this lawsuit. For example, Request Nos. 39, 40 and 47 would require MGA to produce every communication or document exchanged between a Mattel employee and an MGA employee or contractor or Nick Contreras, regardless of subject matter or relevancy to the case. Request Nos. 48 and 49 would require MGA to produce every document that refers to any discussion between a Mattel employee and MGA or Contreras, regardless of subject matter or relevancy to the case. Even if it were possible for MGA to know who is a Mattel employee and be able to identify every document that relates to any communication with a Mattel employee, such a task would be unduly burdensome, especially given that none of the Requests are limited to time.

Likewise, the second category of documents is overly broad. Mattel describes its second category of Requests as communications about Mattel employees. Requests Nos. 41-46[4] seek MGA documents and communications

---

[1] **Request No. 39:** "All COMMUNICATIONS between YOU and any CURRENT MATTEL EMPLOYEE, including without limitation COMMUNICATIONS REFERRING OR RELATING TO MATTEL, or to any DOCUMENTS, information, materials or intellectual property REFERRING OR RELATING TO MATTEL."

[2] **Request No. 40:** "All COMMUNICATIONS between CONTRERAS and any CURRENT MATTEL EMPLOYEE, including without limitation COMMUNICATIONS REFERRING OR RELATING TO MATTEL, or to any DOCUMENTS, information, materials or intellectual property REFERRING OR RELATING TO MATTEL."

[3] **Request No. 47**: "All DOCUMENTS provided, sent or transmitted by any CURRENT MATTEL EMPLOYEE to YOU and/or CONTRERAS."
**Request No. 48:** "All DOCUMENT REFERRING OR RELATING TO any meeting or discussions between YOU and any CURRENT MATTEL EMPLOYEE."
**Request No. 49**: "All DOCUMENTS REFERRING OR RELATING TO any meeting or discussion between CONTRERAS and any CURRENT MATTEL EMPLOYEE after October 19, 2004."

[4] **Request 41:** "All COMMUNICATIONS between YOU and any PERSON including without limitation internal MGA COMMUNICATIONS, REFERRING OR RELATING TO any CURRENT MATTEL EMPLOYEE."
**Request 42:** All COMMUNICATIONS between CONTRERAS and any PERSON REFERRING OR RELATING TO any CURRENT MATTEL

- 2 -

about Mattel employees. MGA has no systematic way to identify whether a particular communication is *about* any of the thousands of Mattel employees worldwide. Even if possible, it would be a monumental task for MGA to identify responsive documents because the documents themselves would not necessarily reveal whether or not the person discussed was a Mattel employee.

Moreover, Mattel's defined terms result in Requests that are even more broad and burdensome. For example, Mattel defines "MGA" "YOU" and "YOUR" to include not only MGA's employees, but also people and entities associated with MGA such as its contractors, joint venturers, partners, agents and any other person acting on its behalf.[5] To compile a comprehensive list of every person who would meet Mattel's definition of "MGA" over an unspecified period of time alone would be a large task, let alone to find all communications between "MGA" and an unidentified Mattel employee. This definition significantly broadens the scope of the already overbroad and unduly burdensome Requests.

The terms "REFERRING OR RELATING TO" as defined by Mattel are similarly overbroad. Mattel defines the phrase to mean "any and all of the

---

EMPLOYEE.
  **Request 43:** All DOCUMENTS REFERRING OR RELATING TO any actual or contemplated PAYMENT to any CURRENT MATTEL EMPLOYEE.
  **Request 44:** All DOCUMENTS REFERRING OR RELATING TO the actual or contemplated hiring, engagement or retention of any CURRENT MATTEL EMPLOYEE by YOU.
  **Request 45:** All DOCUMENTS REFERRING OR RELATING TO any CURRENT MATTEL EMPLOYEE'S actual or contemplated employment with YOU.
  **Request 46:** All DOCUMENTS REFERRING OR RELATING TO any CURRENT MATTEL EMPLOYEE'S access to DOCUMENTS, information, intellectual property or materials REFERRING OR RELATING TO MATTEL.
[5] Definition A of the Requests defines "MGA," "YOU" and "YOUR" to mean "MGA Entertainment, Inc. and any PERSON acting directly or indirectly by, through, under or on behalf of MGA Entertainment, Inc., including but not limited to current or former directors, officers, agents, attorneys, employees, partners, joint venturers, contractors, accountants, or representatives of MGA Entertainment, Inc. and any current or former corporation, partnership, association, trust, parent, subsidiary, division, affiliate, predecessor-in-interest and successor-in-interest of MGA Entertainment, Inc., and any other PERSON acting on its behalf."

following terms and their synonyms" and proceeds to list 29 additional terms[6] that MGA is supposed to interchange with the defined phrase. To understand a Request, MGA not only must analyze the Request with 29 alternate terms, but also, know and then apply the synonyms for those terms. The definition further enlarges the scope of the already overbroad and unduly burdensome Request.

## II. MATTEL FAILS TO DESCRIBE WITH REASONABLE PARTICULARITY THE DOCUMENTS THAT IT SEEKS.

Mattel's document Requests are not sufficiently specific to enable MGA to undertake a search for responsive documents. Federal Rules of Civil Procedure, Rule 34(b) provides that a document request "must describe with reasonable particularity each item or category of items to be inspected." The Requests seek either communications with or about "any CURRENT MATTEL EMPLOYEE." To illustrate, RFPs 39, 40 and 47 seek all communications or documents sent between MGA or Contreras and any CURRENT MATTEL EMPLOYEE. Mattel has thousands of employees around the world. Mattel's definition of "CURRENT MATTEL EMPLOYEE" is broad and includes current and former employees.[7] However, MGA has no way to know who is a CURRENT MATTEL EMPLOYEE, let alone find and locate every communication worldwide between an MGA employee and a CURRENT MATTEL EMPLOYEE.

As another example, RFPs 41 and 42 seek all communications between MGA or Contreras ***and anyone*** regarding any CURRENT MATTEL EMPLOYEE. The parties to these communications would be unidentifiable. Also,

---

[6] "REFERRING OR RELATING TO," "REFER OR RELATE TO" "RELATING" RELATING TO," or "REFERS TO" means any and all of the following terms and their synonyms: refer to, discuss, constitute, evidence, pertain to, mention, support, undermine, disprove, refute, contradict, negate, bear on, amend, revise, modify, touch on, contain, embody, reflect, identify, state, deal with, concern, comment on, summarize, respond to, relate to, or describe. *See* Requests, Definition N, at 5.
[7] "CURRENT MATTEL EMPLOYEE" is defined as "any PERSON employed by MATTEL at the time of the COMMUNICATION" and any of his/her current or former agents, representatives, attorneys, employees, predecessors-in-interest and successors-in-interest, and any other PERSON acting on his/her behalf, pursuant to his/her authority or subject to his/her control." *See* Requests, Definition J, at 4.

it would be impossible to search for the subject matter, namely an unidentified Mattel employee.

Likewise, MGA would not be able to find responsive documents to RFPs 43-46, and 48-49 relating to "actual or contemplated" hiring, "actual or contemplated" paying, meeting or talking with Mattel employees or a Mattel employee's access to information relating to Mattel. To respond to RFP 43 for example, MGA would need to be able to identify every time someone with MGA contemplated paying someone at Mattel, and then find the documents that relate to that contemplation. With the large number of MGA employees and contractors etc., even if such an undertaking was possible, it would be overly burdensome to interview each MGA person to determine whether he or she contemplated paying someone, and then verifying whether the contemplated payee was a CURRENT MATTEL EMPLOYEE.

Mattel's Requests lack the requisite specificity to permit MGA to identify the documents that it must produce. As a result, the Requests are improper under Rule 34(b) and the motion to compel must be denied.

### III. MATTEL FAILS TO ESTABLISH GOOD CAUSE FOR ITS NEED FOR SUCH OVERBROAD AND UNDULY BURDENSOME REQUESTS.

Mattel fails to provide good cause to resurrect these eleven overly broad and burdensome Christmas Eve 2009 Requests. It argues that the Requests seek relevant information and will result in the production of admissible evidence. Yet, this is hardly good cause to insist that MGA respond to such unduly burdensome requests. Such broad requests are likely to result in the production of countless irrelevant documents. Moreover, Mattel already has targeted its Requests to obtain the information that it seeks. Before and since Christmas Eve 2009, Mattel has obtained extensive discovery specifically targeting a number of former Mattel employees that work for MGA. Mattel received numerous responsive

documents and deposed many witnesses, including MGA employees and former Mattel employees that now work for MGA. Mattel has asked these witnesses about their communications with MGA and the witnesses have freely provided their testimony. Based on all of the discovery that it has received in the last seven months and over the course of the entire case, Mattel can hardly claim that it has not received "any responsive documents" regarding Mattel employees.

Moreover, Mattel has had more than seven months to tailor and narrow its Requests based on the information that it has learned. Mattel has propounded and obtained additional discovery. It can hardly claim now that it has been unable to obtain "critical documents" because MGA objected to these eleven requests over seven months ago. Rather, Mattel now seeks to bury MGA by resurrecting its overly broad and overly burdensome document requests. Mattel's Motion should be denied because it has failed to show good cause in support of its motion to compel.

## IV. CONCLUSION

For the reasons set forth above, the Motion should be denied.

Dated: August 10, 2010

ORRICK, HERRINGTON & SUTCLIFFE LLP

By: */s/ William A. Molinski*
William A. Molinski
Attorneys for MGA Parties and
IGWT 826 Investments LLC


# CERTIFICATE OF SERVICE

I hereby certify that on this date I electronically filed **MGA'S OPPOSITION TO MATTEL, INC.'S MOTION TO COMPEL COMMUNICATIONS RELATING TO MATTEL EMPLOYEES** with the clerk of court for the United States District Court, Central District of California, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

Dated: August 10, 2010                               */s/ Josette Romero*
                                                          Josette Romero

OHS West:260967314.2