ANNETTE L. HURST (State Bar No. 148738)
ahurst@orrick.com
WARRINGTON S. PARKER III (State Bar No. 148003)
wparker@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building, 405 Howard Street
San Francisco, CA 94105
Tel. (415) 773-5700/ Fax: (415) 773-5759

WILLIAM A. MOLINSKI (State Bar No. 145186)
wmolinski@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA  90017
Tel. (213) 629-2020/Fax: (213) 612-2499

THOMAS S. McCONVILLE (State Bar No. 155905)
tmcconville@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
4 Park Plaza, Suite 1600
Irvine, CA 92614-2258
Tel: (949) 567-6700/Fax: (949) 567-6710

Attorneys for MGA Parties and IGWT 826 Investments LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>                 Plaintiff,<br><br>          v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>                 Defendant.<br><br>AND CONSOLIDATED ACTIONS | Case No.  CV 04-9049-DOC (RNBx)<br><br>Consolidated with:<br>Case No. CV 04-9059<br>Case No. CV 05-2727<br><br>**NOTICE OF MOTION AND MOTION TO COMPEL DOCUMENTS FROM MATTEL INC. CONCERNING MATTEL'S THEFT OF COMPETITORS' CONFIDENTIAL INFORMATION**<br><br>Date:          TBD<br>Time:         TBD<br>Place:        TBD<br><br>Trial Date:   January 11, 2011 |

**Public Redacted Version**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on a date to be determined by the Court or as soon thereafter as the matter may be heard before The Honorable David O. Carter, located at 411 West Fourth Street, Santa Ana, California, MGA Entertainment Inc. ("MGA") will, and hereby does, move this Court for an order compelling Mattel Inc. ("Mattel") to produce documents concerning theft of competitors' confidential information.

Specifically, MGA moves for an order compelling production and overruling Mattel's objections to:

(1)     Request No. 323 from MGA's Seventh Set of Phase 2 Requests for Production to Mattel, dated June 18, 2010;

(2)     Request Nos. 16, 17, 31, 114 and 115 from MGA's First Set of Phase 1 Requests for Production to Mattel, dated November 22, 2006;

(3)     Request No. 476 from MGA's Fifth Set of Phase 1 Requests for Production to Mattel, dated August 3, 2007; and

(4)     Request No. 737 from MGA's Seventh Set of Phase 1 Requests for Production to Mattel, dated November 29, 2007.

This motion is based upon this Notice of Motion, the attached Memorandum of Points and Authorities, the pleadings and records on file in this action, and on such oral argument as may be presented by the parties at any hearing on this matter.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### Certification of Compliance

Counsel for MGA sent a meet and confer letter to counsel for Mattel on July 15, 2010, to which Mattel responded on July 23, 2010.  Lead counsel met and conferred over these requests on July 28, 2010.  The parties have been unable to reach resolution.


Dated:      August 10, 2010          ORRICK, HERRINGTON & SUTCLIFFE LLP


By: _____
                WILLIAM A. MOLINSKI
                Attorneys for MGA Parties and
                IGWT 826 Investments LLC.

1

# TABLE OF CONTENTS

2

**Page**

3  MEMORANDUM OF POINTS AND AUTHORITIES ..........................................1

4  INTRODUCTION ...........................................................................................1

   FACTUAL BACKGROUND..............................................................................2

5      A.  ███████████████████████████████████..................2

6      B.  ██████████████████████
           .....................................................4

7      C.  █████████████████████████████.........6

8      D.  █████████████████████████ 
           ...................8

9      E.  ██████████████████████████
           ...........9

10     F.  ████████████████████████████
           ............11

11     G.  █████████████████
           .......................13

12

13     H.  ██████████████████████████████
           ..............14

14

   ARGUMENT......................................................................................................15

15     A.  This Court Should Set A Date Certain For Production Of
           Documents Identified By Villasenor That Mattel Agreed To

16         Produce.........................................................................................15

17     B.  Mattel Should Be Compelled To Produce Documents
           Concerning Its Practice Of Stealing From Competitors.....................19

18

19         1.  Mattel Should Be Compelled To Produce All Documents
               Concerning Its Theft Of MGA Information .............................19

20         2.  Mattel Should Be Compelled To Produce Documents
               Related To Its Pattern And Practice Of Stealing

21             Competitive Information .......................................................21

   CONCLUSION....................................................................................................23

22

23

24

25

26

27

28

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

### INTRODUCTION

3

After four long years of discovery, MGA has finally identified the group of

4

individuals at Mattel whose job for the past 18 years was ████████████

5

████████████████████████████████████████

6

████████████████████████████████████████

7

On July 12, 2010, MGA deposed Sal Villasenor, ████████████

8

██████████████    ██████████████████

9

████████████████████████████████████

10

████████████████████████████████

11

████████████████████████████████████████

12

████████████████████████████████████

13

████████████████████████████████████████████

14

████████████████████████████████████████

15

████████████████████

16

On the literal eve of his deposition and since his shocking admissions at

17

deposition, ████████████████████████████████

18

████████████████████████    But based on his testimony, Mattel

19

has produced only the tip of the iceberg.  Mattel did not produce a single document

20

from Mr. Villasenor until July 7, 2010 – – even though this information had been

21

requested in 2006 in MGA's *first* document request to Mattel.  And even now

22

Mattel has refused to produce relevant and responsive information concerning this

23

illegal, although apparently wide-spread practice at Mattel.

24

---

[1] The document is clearly responsive to requests dating back to the start of the case since it shows Mattel's knowledge of Bratz in January 2001 – – an issue pivotal to the statute of limitations defense in Phase 1.  *See* Molinski Decl., Ex. 1 (MGA First Set of Phase 1 Requests at No. 17 ("All documents referring or relating to Bratz or any awareness by Mattel of "Bratz," prior to the January, 2001 Hong Kong Toy Fair"); and No. 16 "All Documents referring or relating to the Bratz themes before they were advertised or otherwise made publicly available").  Mattel produced the cover memo for this report in January 2008, but inexplicably did not produce the 2001 report itself until the eve of Mr. Villasenor's deposition.

- 1 -

Ntc of Motion & Motion to Compel Documents Concerning
Mattel's Theft Of Competitors' Confidential Information
CV 04-9049 DOC (RNBx)

1        Mattel has kept this illegal practice a secret long enough.  It should be

2    compelled to produce all documents responsive to the Requests set forth herein.

3    Further, because of Mattel's concealment of these documents for more than three

4    years, MGA requests that Mattel be required to certify compliance with these

5    Requests.  Finally, MGA requests the right to inspect the library on the 9th Floor at

6    Mattel in El Segundo.

7                       **FACTUAL BACKGROUND**

8    **A.** ████████████████████████████████

9    ████████████████████████████████████████

10   █████████████████  MGA had been attempting to locate and depose

11   Mr. Villasenor for some time.  Mattel finally agreed to make him available for

12   deposition on July 9, 2010.

13       It became clear at Mr. Villasenor's deposition that Mattel has done

14   everything it could to keep him away from this litigation.  ███████████████

15   ████████████████████████████████████████████

16   ████████████████████████████████████████████

17   █████████████████████████████████████

18   ████████████████████████████████████████████

19   ██████████████████████████████████████

20   ████████████████████████████████████████████

21   ████████████████████████████████████████████

22   ████████████████████████████████  *See* Declaration of

23   William A. Molinski in Support of Motions to Compel filed concurrently herewith

24   ("Molinski Decl."), Ex. 11 (Deposition of Villasenor at 21:19-21; 57:22-25; 253:4-

25   255:7).

26       Documents produced on August 7,2010, show ███████████

27   ████████████████████████████████████████

28   Counsel:



Molinski Decl., Ex. 34.  His lawyer then wrote to Mattel that

Molinski Decl., Ex. 35 (emphasis added).

Yet, Mattel did not identify Mr. Villasenor in any Rule 26 Disclosures or interrogatory responses.  Nor did Mattel ever search his files for responsive documents until the eve of his deposition.  Mr. Villasenor testified that

Molinski Decl., Ex. 11 (245:13-246:17).  The first time Mattel produced any documents from Mr. Villasenor's files was on July 7, 2010.

**B.** ██████████████████████████████████████████████████
██████████████

On July 7, 2010, two business days before MGA was to depose Mr. Villasenor, Mattel for the first time produced a document reflecting ████████
██████████████████████████████████████████████████████████
█████████████████ Molinski Dec., ¶ 9, Ex. 16. ██████████████████
██████████████████████████████████████████████████████
██████████████████████████████████████████████████████
██████████████████████████████████████████████████████████
████████████████████████████████████████████████
█████████ *Id.*

What Mr. Villasenor then testified to at his deposition concerning this document and Mattel's conduct was nothing short of shocking. He conceded that ██████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
█████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
██████████████████████████████████████████
█████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████
███████████████████████████████████
███████████████████████████



Molinski Decl., Ex. 11 (44:4-45:24).

. . .

*Id.*, Ex. 11 (46:24-47:3).[2]

Mr. Villasenor conceded that

*Id.*, Ex. 11 (162:21-163:1).

. . .

. . .

_____

[2] Objections and lawyer colloquy are omitted from the deposition excerpts but can be seen in the deposition pages attached as Exhibit 11 to the Molinski Declaration.

- 5 -

Ntc of Motion & Motion to Compel Documents Concerning
Mattel's Theft Of Competitors' Confidential Information
CV 04-9049 DOC (RNBx)

1    named Sharon Rahimi.

2    *Id.*, Ex. 11 (70:10-19).

3    ███████████████████████████████████████████████████

4    ███████████████████████████████████████ Molinski Decl., Ex.

5    11 (66:25-67:3; 90:5-91:6). ██████████████████████████

6    ███████████████████████████████████████████████████████

7    ██████████████████████████████████████████████

8    ███████████  *Id.*, Ex. 11 (60:18-24).

9    **C.**  ███████████████████████████████████████

10   ████████████████████████████████████████████

11   ███████████████████████████████████████████████

12   █████████████████████████████

13   ████████████████████████████████████████

14   ██████████████████████████████████████

15   ███████████████████████████████████████████

16   ████████████████████████████████████████████

17   ███████████████████████████████████████

18   ████████████████████████████████████

19   ██████████████████████████████████████████

20   ████████████████████████████████████

21   ██████████████████████████████████

22   █████████████████████████████████████████

23   ████████████████████████████████████████

24   █████████████████████████████

25   Molinski Decl., Ex. 11 (80:15-81:22).

26

27   ████████████████████████████████████████

28   ██████████████████████████████████████



*Id.*, Ex. 11 (83:16-22).

. . .

And Mr. Villasenor admitted that

*Id.*, Ex. 11 (326:24-327:4).

Molinski Dec., Ex. 1 (Requests 16 and 17 of MGA's First Set Phase 1 Requests for Production to Mattel).

**D.** ████████████████████████████████████████████
████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████████

██   ████████████████████████████████████

     ████████████████████████████████████

██   ███████████████

Molinski Decl., Ex. 11 (116:13-18).

   In fact, Mr. Villasenor testified that ██████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████

██   ████   ████████████████████████████████████

██   ████   ████████████████████████████████

██   ██   ████████████████████████

██   ██   ████████████████████████████

██   ██   ██████████████████████████

██   ██   ██████████████████████████

██   ██   ████████████████

*Id.*, Ex. 11 (94:3-19).

██   ██   ██████████████████████████

██   ██   ████████████████████

██      ████████████████████████████

██   ██   ██████████████████████

██   ██   ████████████

*Id.*, Ex. 11 (91:20-92:7).

1    Mr. Villasenor testified that ███████████████████████████

2    ███████████████████████████████████████████████████

3    ███████████████████████████████████████████████████

4    Molinski Decl., Ex. 11 (46:6-13; 58:23-59:3; 68:7-14; 71:4-72:11). ████████

5                                                          *Id.*, Ex. 11

6    (67:4-15). ████████████████████████████████████████████

7                                                          *Id.*, Ex. 11

8    (333:15-334:7).

9    ██████████████████████████████████████████████████

10   ███████████████████████████████████████████████████

11   ████████████████████████████████  Molinski Decl., Ex. 11 (58:6-15). ███████

12   █████████████████████████████████████████████████

13                                                       *Id.* Ex. 11

14   (63:17-25; 58:6-15). ███████████████████████████████████████

15   ███

16   ███████████████████████████████████████████████

17   ████████████████████████████████████████████

18   ██████████████

19   Molinski Decl., Ex. 11 (63:7-10); *see also*, *id.*, Ex. 11 (62:17-24).

20   ██████████████████████████████████████████████████

21   █████████████████████████████████████████████████

22                                                     *Id.*, Ex. 11

23   (65:16-25).

24   **E.**   ███████████████████████████████████████████

25   █████████████████████████

26   ██████████████████████████████████████████████

27   ███████████████████████████████████████████████████

28   ████████████████████████████████████████████



Molinski Decl., Ex. 11 (97:5-7:231:1-17).

*Id.*, Ex. 11 (34:21-35:7).

*Id.*, (35:8-21).

1    Molinski Decl., Ex. 11 (153:19-155:17).

10    Molinski Decl., Ex. 11 (142:18 – 143:9).

18    **F.**



Molinski Decl., Ex. 11 (47:11-49:9).

*Id.*, Ex. 11 (146:23-147:8).

*Id.*, Ex. 11 (152:3-8).

*Id.*, Ex. 11 (143:11-144:5).

*Id.*, Ex. 11 (149:13-151:16).

*Id.*, Ex. 11 (49:20-50:10; 73:2-18).

1  ███████████████████████████████████████████████████

2  ███████████   Id., Ex. 11 (327:13-20).   ██████████████████████████

3  █████████████████████████████   *Id*., Ex. 11 (49:15-19).   ████████████

4  ████████████████████████████████████████████████

5  ██████████████████████████████████████

6  ████████████████████████████████████████████

7  ███████

8  **G.**   ██████████████████████████████████████

9  █████████████████████████████

10   Numerous witnesses have corroborated Mr. Villasenor's testimony of Mattel

11  █████████████████████████████████████   Sujata

12  Luther, a Senior Vice President at Mattel, testified that   ████████████████

13  █████████████████████████████████████████████

14  █████████   Molinski Decl., Ex. 12 (Luther Depo. 165:6-167:15).  She also

15  admitted to   ██████████████████████████████████

16  ██████████████████████████████████████████████

17  *Id*.  Ron Brawer also testified to   █████████████████████████████████

18  █████████   *Id*., Ex. 15 (Brawer Depo.  640:23-641:6).  Gustavo Machado

19  acknowledged that   █████████████████████████████

20  ████████████████████████████████████████████████

21  █████████████████████████████████████████   *Id*.,

22  Ex. 13 (Machado Depo. 1159:3-1170:7).

23   Mattel has also produced some – albeit far from a library's worth – of

24  documents reflecting its having obtained confidential information about MGA's

25  products, including future launch plans, unreleased products, pricing and

26  advertising plans.  Molinski Decl., Ex. 26   ████████████████████████

27  █████████████████████████████████████████; *Id*., Ex. 27

28  ████████████████████████████████████████████████

- 13 -

1 ██████████████████████████████████████████████; *Id*., Ex.

2 28 █████████████████████████████████████████████████████

3 ████████████████████████████████████████████████

4 ██████     What is apparent from these documents is that Mattel was making every

5 effort to obtain information about MGA's future products, plans and pricing.  As

6 Villasenor admitted, ████████████████████████████████████████

7 █████████████████████████████████████     *Id.*

8 **H.**  ████████████████████████████████████████████

9 ██████

10     On Saturday, August 7, 2010 – – four years after MGA first sought

11 information concerning ████████████████████████████████████

12 ████████ – – Mattel produced documents from Mr. Villasenor's files that

13 confirm everything he testified to.  Mattel produced:

14 • ████████████████████████████████████████████

15 ██████████████████████

16 • █████████████████████████████████████████████

17 ██████████████████████████

18 • ████████████████████████████████████████████████

19 ███████████████████████████████████████████████

20 ███████████████████████████

21 • ███████████████████████████████████████████████

22 ████████████████████████████████████████████

23 █████████████████████████████████████████

24 ████████████████████████████████████████

25 ██████████████████████

26 • ██████████████████████████████████████████████

27 ████████████████████████████████████████████

28 ████████████████████████████████████████████

1

2

3

4

5

6

7   •

8

9   In short, the documents show that everything he said about ██████████████

10  ████████████████████████████████████████████████████████

11  ███████████████████████ Mattel and Quinn Emanuel have known about this

12  since 2006, knew MGA had requested documents on this very practice and simply

13  did not produce those documents.

14  **ARGUMENT**

15          Against this back drop of ████████████████████████████████████

16  █████████████████████████, MGA has requested additional

17  documents from Mattel.  Molinski Decl., Ex. 37.  While Mattel has grudgingly

18  agreed to produce some of this information, it has refused to produce much of this

19  information.  *Id.*, Ex. 25.  It is apparent that Mattel is stalling in hopes that an

20  imminent discovery cut-off may save it from having to produce this highly relevant

21  and damaging information.  Mattel should be compelled to produce this information

22  immediately.

23  **A.    This Court Should Set A Date Certain For Production Of Documents
24        Identified By Villasenor That Mattel Agreed To Produce**

25  ████████████████████████████████████████████████████████

26  ███████████████████████████████████ MGA wrote to Mattel on

27  July 15, 2010, demanding certain documents be produced that were both responsive

28  to prior requests and directly relevant to MGA's claims of unfair competition and

defense of unclean hands.  Molinski Decl., Ex. 24.  Indeed, it is hard to imagine more relevant information to Mattel's claim that MGA misappropriated certain Mattel price lists and new product information than the fact that ███████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

The specific requests calling for this information are as follows:

**Request 323** (MGA's Seventh Set of Requests for Production (Phase 2) served 6-8-10):
All DOCUMENTS referring or relating to any practice of anyone at MATTEL of visiting the showrooms of competitors during any Hong Kong or New York Toy Fair(s), including but not limited to how MATTEL gained admittance to any competitors' showrooms as well as how MATTEL controls access to its own showrooms.
Molinski Decl., Ex. 5.

**Request 16** (MGA's First Set of Requests For Production served 11-22-06):
All DOCUMENTS REFERRING OR RELATING TO the "BRATZ" themes including but not limited to "Forever Diamondz," "Rock Angelz," "Bratz Rodeo," "Wild Life Safari," "Bratz Passion 4 Fashion," "Formal Funk," "Funky Fashion Makeover," "Wintertime Wonderland," and "Sun Kissed Summer" before they were advertised or otherwise made publicly available.
*Id.*, Ex. 1.

**Request 17** (MGA's First Set of Requests for Production served 11-22-06):
All DOCUMENTS REFERRING OR RELATING TO "BRATZ," or showing any awareness by MATTEL of "BRATZ," prior to the January 2001 Hong Kong toy fair.
*Id.*, Ex. 1.

**Request 31** (MGA's First Set of Requests for Production served 11-22-06):
All DOCUMENTS REFERRING OR RELATING TO whether MATTEL had access to any exhibits, displays or show rooms containing any of MGA's "BRATZ" lines prior to its release to the public.
*Id.*, Ex. 1.

**Request 114** (MGA's First Set of Requests for Production served 11-22-06):
All DOCUMENTS tending to support or refute any of the denials, allegations or statement in YOUR ANSWER, not produce din response to another Request.
*Id.*, Ex. 1.

**Request 115** (MGA's First Set of Requests for Production served 11-22-06):
All DOCUMENTS tending to support or refute YOUR affirmative defenses to the COMPLAINT, not produced in response to another Request.
*Id.*, Ex. 1.

**Request 476** (MGA's Fifth Set of Requests for Production served 8-3-07):
All DOCUMENTS RELATING TO YOUR efforts, or knowledge of any efforts by any PERSONS, worldwide to monitor, "spy on" or gain knowledge of MGA'S trade secrets, non-public information, non-public activities, unreleased products, and product development, including but not limited to:
a.      DOCUMENTS REFERRING OR RELATING TO YOUR COMMUNICATIONS or contacts with MGA'S current or former employees or contractors about MGA or its business, including, but not limited to, any tape recordings of such COMMUNICATIONS;
b.      DOCUMENTS REFERRING OR RELATING TO YOUR use or attempts to use confidential informants, spies, or moles within MGA, including, but not limited to, any tape recordings of MGA employees or contractors;
c.      DOCUMENTS REFERRING OR RELATING TO YOUR knowledge of any MGA product before its release to the public or of any other non-public information about MGA, its business or its products;
d.      DOCUMENTS REFERRING OR RELATING TO YOUR access, or attempts to gain access, to MGA showrooms, Plan-o-Grams, merchandising displays, Toy Fair displays on false pretenses (including, but not limited to, by using fake business cards);
f.      DOCUMENTS REFERRING OR RELATING TO YOUR access to MGA's products or showroom at any Toy Fair (including Hong Kong Toy Fair, New York Toy Fair, Dallas Toy Fair, or Nurember Toy Fair);
h.      YOUR access to MGA's confidential product and pricing information through "competitive management agreements" or "category management agreements" with retailers; and
i.      YOUR access to MGA's confidential product and pricing information form non-public sources and/or through non-public means.
*Id.*, Ex. 2.

**Request No. 737** (MGA's Seventh Set of Requests for Production (Phase 1) served 11-29-07):
All DOCUMENTS REFERRING OR RELATING TO market research and competitive studies and analyses prepared or conducted by YOU with respect to the fashion doll market. *Id.* Ex. 3.

Molinski Decl., Exhs. 1–3.

- 17 -



[REDACTED]

**B.**   **Mattel Should Be Compelled To Produce Documents Concerning Its Practice Of Stealing From Competitors**

Further, Mattel, did not agree to produce all of the relevant information identified by Mr. Villasenor that MGA demanded.  This information is clearly covered by the above-identified requests and Mattel should be compelled to produce this information.

**1.**   **Mattel Should Be Compelled To Produce All Documents Concerning Its Theft Of MGA Information**

While Mattel has agreed to produce certain documents related to MGA that Mattel has stolen, it has refused to produce other information responsive to these Requests related to its theft of MGA's information.  Molinski Decl., Ex. 25.

Specifically:

(1)   [REDACTED]

(2) ██████████████████████████████

██████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

███████████████████

(3) ████████████████████████████████

██████████████████████████████

██████████████████████████████████████

███████████████████

(4) ██████████████████████████████████████

██████████████████████████████████████

██████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

██████████████████████████████████████

██████████████████████████████████████

██████████████████████████████████████

██████████████████████████

(5) ████████████████████████████████████

████████████████████████

In short, it is clear that Mattel has not made a diligent search for documents or has intentionally withheld relevant documents.

Each of these types of documents would be responsive to Request Nos. 323, 16, 17, 31, 114, 115 and 476 referenced above, since they relate to Mattel's practice of ████████████████████████████████████████████

█████████ Mattel should have, in fact, completed an exhaustive review of all of the files of █████████████████████████ when Mattel received MGA's First Requests for Production in 2006, that explicitly asked for documents concerning

1    such improper access to MGA information.  That Mattel failed to search the files of

2    the very group tasked with this conduct, ███████████████████████████████████

3    ███████████████████████████████████████████████████████████████

4    sought to conceal this information from MGA.  Mattel should be required to

5    conduct a review of this group's file without further delay, and any other

6    documents responsive to the above requests.  Given Mattel's failure to produce this

7    information earlier, MGA asks that Mattel be required to certify compliance with

8    these requests.

9         **2.    Mattel Should Be Compelled To Produce Documents Related To
              Its Pattern And Practice Of Stealing Competitive Information**
10

11       Moreover, Mattel has refused to produce any documents evidencing ███████

12   ███████████████████████████████████████████████████████████████

13   ███████████████████████████████████████ Molinski Dec., Ex. 25.

14   Information stolen by Mattel on other competitors is highly relevant to this action

15   for a number of reasons.

16       First, it shows a pattern and practice by Mattel of stealing competitors'

17   confidential information, which is both relevant and admissible to show that Mattel

18   stole such materials from MGA.  Fed. Rule of Evidence 406 provides:

19            Evidence of the habit of a person or of the routine practice
              of an organization, whether corroborated or not and
20            regardless of the presence of eyewitnesses, is relevant to
              prove that the conduct of the person or organization on a
21            particular occasion was in conformity with the habit or
              routine practice.
22

23   *See also*, *Mobile Exploration v. Cajun Const. Serv.*, 45 F.3d 96, 99 (5th Cir. 1995)

24   ("routine practice is highly probative . . . [and] particularly persuasive in the

25   business context.")

26   ███████████████████████████████████████████████████████████████

27   ███████████████████████████████████████████████████████████████

28   ███████████████████████████████████████████████████████████████

1  ████████████████████████████████████████████████████████

2  ████████████████████████████████████████████  Molinski

3  Decl., Ex. 11 (40:15-19).  It is apparent that Mattel will claim that, while Mattel

4  may have done this to other competitors, it did not do this to MGA.  ████

5  ████████████████████████████████████████████████████████

6  ████████████████████████████████████████████████████████

7  ████████████████████████████████████████████████████████

8  ████████████████████████████████████████

9      Second, this conduct is directly relevant to Mattel's trade secret claims

10  against MGA.  Mattel has asserted that former Mattel employees, including

11  Machado, Vargas, Brawer and others took with them both Mattel price lists and

12  information concerning not-yet-launched Mattel product lines.  Mattel, in fact,

13  claims that both Brawer and Machado had knowledge *in their heads* of certain

14  upcoming ████████████████████████████████████████

15  ████  Molinski Decl., Ex. 14 (Mattel Supplemental Response to MGAE de

16  Mexico's Interrogatory Nos. 1-11, at 300).  If, in fact, ████████████████

17  ████████████████████████████████████, it is directly

18  relevant to MGA's unclean hands defense since it shows ████████████

19  ████████████████████████  Indeed, Mattel's admitted

20  conduct is far worse than anything it accuses MGA of – ████████████████

21  ████████████████████████████████████████  MGA's

22  unclean hands defense, in fact, is premised on this very conduct:

23  ████████████████████████████████████████

24  ████████████████████████████████████████

25  ████████████████████████████████████████

26  ████████████████████████████████████████

27  ██████████████████████████

28



1    Even more significantly, this evidence could disprove the prima facie

2  elements of Mattel's trade secret claim.

14    Molinski Decl., Ex. 14 (Storie Depo. 233:20-234:9, 235:22-236:6,

15  242:2-25).

18    An element of proving the existence of a trade secret is that Mattel has taken

19  reasonable measure to protect the confidentiality of the information.  If Mattel fails

20  to educate its employees on what Mattel trade secrets are and has created a culture

21  where confidentially is meaningless, then Mattel has failed to show the existence of

22  reasonable measures of protecting its information.

23                                    **CONCLUSION**

24    For the foregoing reasons, Mattel should be compelled to produce all

25  documents responsive to the following Requests:

26    Request 323 from MGA's Seventh Set of Phase 2 Requests for Production to

27  Mattel Inc. (Phase 2);

28

1    Requests 16, 17, 31, 114 and 115 from MGA's First Set of Phase 1 Requests
2    for Production to Mattel Inc.;
3    Request 476 from MGA's Fifth Set of Phase 1 Requests for Production to
4    Mattel Inc.; and
5    Request 737 from MGA's Seventh Set of Phase 1 Requests for Production to
6    Mattel Inc.
7    Mattel should also be compelled to certify compliance with these Requests
8    due to its failure to timely produce these documents in 2007, as was required.
9    Finally, MGA requests that it be permitted inspection of Mattel's 9th Floor
10   library, where the witnesses and documents show competitive information was
11   stored.

12   Dated:    August 10, 2010          ORRICK, HERRINGTON & SUTCLIFFE LLP

13

14

15   By: _____
16            William A. Molinski
             Attorneys for MGA Parties and
17           IGWT 826 Investments LLC.