ANNETTE L. HURST (State Bar No. 148738)
ahurst@orrick.com
WARRINGTON S. PARKER III (State Bar No. 148003)
wparker@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building, 405 Howard Street
San Francisco, CA 94105
Tel. (415) 773-5700/ Fax: (415) 773-5759

WILLIAM A. MOLINSKI (State Bar No. 145186)
wmolinski@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA 90017
Tel. (213) 629-2020/Fax: (213) 612-2499

THOMAS S. McCONVILLE (State Bar No. 155905)
tmcconville@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
4 Park Plaza, Suite 1600
Irvine, CA 92614-2258
Tel: (949) 567-6700/Fax: (949) 567-6710

Attorneys for MGA Parties and IGWT 826 Investments LLC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | Case No. CV 04-9049-DOC (RNBx)<br><br>Consolidated with:<br>Case No. CV 04-9059<br>Case No. CV 05-2727<br><br>**NOTICE OF MOTION AND MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND FURTHER RESPONSES TO MGA'S FIRST SET OF DOCUMENT REQUESTS TO MATTEL MEXICO CONCERNING MATTEL MEXICO'S POSSESSION OF COMPETITORS' CONFIDENTIAL INFORMATION**<br><br>Date:      TBD<br>Time:     TBD<br>Place:    TBD<br><br>Trial Date: January 11, 2011<br><br>**Public Redaction Version** |

1  TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2  PLEASE TAKE NOTICE that on a date to be determined by the Court or as
3  soon thereafter as the matter may be heard before The Honorable David O. Carter,
4  located at 411 West Fourth Street, Santa Ana, California, MGA Entertainment
5  ("MGA") will, and hereby does, move this Court for an order compelling Mattel
6  Mexico ("Mattel") to produce documents and provide further responses to certain
7  requests from MGA's First Set of Phase 2 Requests for Production to Mattel
8  Mexico, dated June 8, 2010.

9  Specifically, MGA moves for an order compelling the production of
10 documents and overruling Mattel's objections to:

11 (1) Request Nos. 1, 2, 3, 4, 9, 29, 30, 33 and 50 ("Competitive
12 Intelligence" requests) from MGA's First Set of Phase 2 Requests for Production to
13 Mattel Mexico.

14 These Requests form a subset of MGA's First Set of Requests to Mattel
15 Mexico and all relate to Mattel Mexico's access, possession and use of
16 competitively sensitive information.

17 This Motion is made pursuant to Rule 34 of the Federal Rules of Civil
18 Procedure and the Court's inherent powers. The aforementioned requests seek non-
19 privileged, discoverable evidence under Rule 26 of the Federal Rules of Civil
20 Procedure, and Mattel's objections thereto are meritless.

21 This motion is based upon this Notice of Motion, the attached Memorandum
22 of Points and Authorities, the pleadings and records on file in this action, and on
23 such oral argument as may be presented by the parties at any hearing on this matter.
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

- 1 -

1 | **Certification of Compliance**

2 | Counsel for MGA sent a meet and confer letter to counsel for Mattel on
3 | July 30, 2010, to which Mattel responded on August 6, 2010. Lead counsel for the
4 | parties also met and conferred on July 28, 2010 on this topic. The parties have been
5 | unable to reach resolution.

7 | Dated: August 10, 2010        ORRICK, HERRINGTON & SUTCLIFFE LLP

9 | By: /s/ William A. Molinski
10 | WILLIAM A. MOLINSKI
   | Attorneys for MGA Parties

- 2 -

Notice Of Motion & Motion To Compel MGA
Entertainment's 1st Set Of Requests For Production
CASE NO. CV 04-9049-DOC (RNBx)

# MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

From the recent testimony of Sal Villasenor, a former member of Mattel's ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Mattel Mexico was engaged in this same illegal conduct in Mexico. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

MGA has demanded the production of various categories of documents concerning Mattel Mexico's possession and use of confidential information belonging to MGA and other competitors. Mattel Mexico has refused to produce any such information, serving MGA with only objections even though the Court recently declared that MGA would be entitled to "expansive and demanding discovery" against Mattel Mexico.

The information requested is indisputably relevant on multiple levels. Mattel's possession of confidential MGA price lists, product lists and marketing plans is directly relevant to MGA's claim of unfair competition. That claim is premised, in large part, on the very conduct at issue here: ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Mattel's practice of routinely accessing its

- 1 -

Notice Of Motion & Motion To Compel MGA
Entertainment's 1st Set Of Requests For Production
CASE NO. CV 04-9049-DOC (RNBx)

competitors' price lists and catalogues, including those of MGA Mexico is also relevant to MGA's unclean hands defense since Mattel Mexico has hypocritically claimed that MGA wrongfully obtained Mattel Mexico price lists and product lists.

Finally, this information is directly relevant to Mattel Mexico's trade secrets claim. To the extent Mattel Mexico encouraged its employees to obtain its competitors' price lists and catalogues, a jury can and should find that Mattel Mexico cannot claim any reasonable expectation in the confidentiality of its price lists and catalogues.

Mattel Mexico should be compelled immediately to produce documents responsive to Requests 1, 2, 3, 4, 9, 29, 30, 33 and 50 of MGA's First Set of Phase 2 Requests for Production to Mattel Mexico.[1]

## FACTUAL BACKGROUND

### A. MATTEL'S PATTERN AND PRACTICE OF USING FALSE INFORMATION TO STEEL COMPETITORS' TRADE SECRETS

MGA has long heard rumors of Mattel employees using fake business cards with fake names and businesses to sneak into competitors' private showrooms at toy fairs to steal confidential information about the competitors' future products and plans. MGA requested documents in this practice in its first requests served in 2006, but received no responsive documents. *See* Declaration of William A. Molinski in Support of Motions to Compel filed concurrently herewith ("Molinski Decl."), Ex. 1 (Request Nos. 16, 17 and 31 of MGA's First Set of Requests for Production served on November 22, 2006).

Then in July 9, 2010, the Mattel damn broke. On the eve of the deposition of Sal Villasenor, [REDACTED]

---

[1] These requests form a subset of MGA's First Set of Phase 2 Requests to Mattel Mexico. MGA is filing another motion to compel that addresses other requests within MGA's First Set of Phase 2 Requests to Mattel Mexico.

- 2 -

Notice Of Motion & Motion To Compel MGA Entertainment's 1st Set Of Requests For Production
CASE NO. CV 04-9049-DOC (RNBx)

1
2
3
4
5      At his deposition, Mr. Villasenor admitted to ███████████
6  ███████████████████████████████████████████████████████
7  ███████████████████████████████████████████████████████
8  ██████  Molinski Decl., Ex. 11 (Villasenor Depo. at 44:4-45:24, 70:10-19,
9  326:24-327:4). ███████████████████████████████████████
10 ███████████████████████████████████████████████████████
11 █████████████████████████████████████████████████ *Id.*
12 (46:24-47:3, 94:3-19).  As Mr. Villasenor explained:

███████████████████████
███████████████████████
███████████████████████
███████████████████████
███████████████████████

18 *Id.* (91:20-92:7).
19      Mr. Villasenor testified that his entire group knew about this practice:

███████████████████████
███████████████████████
███████████████████████

23 *Id.* (116:13-18). ████████████████████████████████
24 ████████████████████████████████████████ *Id.* (91:20-
25 92:7, 94:3-19, 116:13-18).
26 ███████████████████████████████████████████
27 ███████████████████████████████████████████████████████
28 ███████████████████████████████████████████████████████

1  ████████████████████████████████████████████████████
2  ████████████████████████████████████████████████████
3  ███████████████████████████████████ Molinski Decl., Ex. 11
4  (153:19-155:17). ████████████████████████████████████
5  ████████████████████████████████████████████████████
6  ██████████████████████████████████████████████
7  ████████████████████████████████████████████████████
8  ██████████████████████████████████████████████
9  ████████████████████████████████████████████████████
10 █████████████████████████████████████ *Id*. (47:11-49:9; 146:23-
11 147:8; 143:11-144:5).
12 ████████████████████████████████████████████████
13 ██████████████████████████████████████████
14 ███████████████████████████████████ Molinski Decl., Ex. 11 (59:8-
15 21). ██████████████████████████████████████████████
16 ████████████████████████████████████████████ Id.
17 (58:6-22). And Mattel accuses MGA of stealing trade secrets. Hello kettle, it's the
18 pot.

### B. MATTEL MEXICO ENGAGED IN THIS SAME PRACTICE OF STEELING COMPETITORS' TRADE SECRETS

Mattel's use of clandestine means to gain competitors' information was not limited to the United States. Extensive evidence shows that Mattel Mexico engaged in this same practice:

- ████████████████████████████████████████████████
  ████████████████████████████████████████████████
  ████████████████████████████████████████████████
  ██████████████████████████████████

- ████████████████████████████████████████████████

- 4 -

Notice Of Motion & Motion To Compel MGA Entertainment's 1st Set Of Requests For Production
CASE NO. CV 04-9049-DOC (RNBx)

- ████████████████████

Mattel's practice of spying on and stealing confidential competitors' information was part of Mattel's worldwide culture. Mattel's worldwide success was the result of its having gained unfair advantages over its competitors by knowing in advance what these competitors planned to do before it became public – in Mr. Villasenor's words, by ███████████████ to find out what competitor's planned to do. Molinski Decl., Ex. 11 (Villasenor Depo. 137:3-6). Anyone not engaging in this practice would, as Mr. Villasenor testified, ████████ ████████ *Id*. (92:5-7).

## II. MATTEL MUST PRODUCE DOCUMENTS RESPONSIVE TO ITS PRACTICE OF SPYING ON COMPETITOR SHOWROOMS USING FALSE PRETENSES.

MGA seeks to compel documents responsive to the following requests:

**Request 1:** All DOCUMENTS and COMMUNICATIONS in YOUR possession, custody, or control that refer or relate to any MGA, Inc. or MGAE de Mexico, S.R.L. de C.V. product, plan, or business information from 2002 to 2006.

**Request 2:** All competitor price lists in YOUR possession from 2002 to the present, including but not limited to competitor price lists from Hasbro and MGAE de Mexico.

**Request 3:** All DOCUMENTS and COMMUNICATIONS that refer or relate to any of YOUR competitor's price lists from 2002 to the present.

**Request 4:** All DOCUMENTS and COMMUNICATIONS that refer or relate to the Hasbro price list (MGA 3815506.017033 – MGA 3815506.017248) in YOUR possession in early 2004 as identified at the deposition of Gustavo Machado in this action.

**Request 9:** All COMMUNICATIONS between and among Gustavo Machado, Ricardo Ibarra, and/or Gabriel Zalzman referring to or discussing

- 5 -

Notice Of Motion & Motion To Compel MGA Entertainment's 1st Set Of Requests For Production
CASE NO. CV 04-9049-DOC (RNBx)

a competitor's retail or wholesale pricing of products from January 1, 2003 to April 19, 2004.

**Request 29:** All competitor product line lists or product line offerings in YOUR possession, custody, or control from 2002 to the present.

**Request 30:** All DOCUMENTS and COMMUNICATIONS referring or relating to expected, anticipated, or not-yet-announced product offerings by YOUR competitors in Mexico from 2002 to the present.

**Request 33:** All DOCUMENTS and COMMUNICATIONS that refer or relate to YOUR receipt, reproduction, copying, storage, transmission, retention, destruction, deletion or use of any document prepared by a competitor that identifies the competitor's products in the planning, design or development phase.

**Request 50:** All DOCUMENTS and COMMUNICATIONS that refer or relate to YOUR knowledge of MGA's low-priced fashion dolls for fall of 2005 prior to the fall of 2005, as referred to in document M 0273633, including all DOCUMENTS or COMMUNICATIONS provided to Matte Wicklin by her "contact in the Mattel Mexico office."

*See* Molinski Decl., Ex. 4.

Mattel Mexico served only objections to each of these requests and refused to produce any responsive documents. This is true even though this Court, in allowing Mattel to belatedly add Mattel Mexico as a party in 2010, said:

> The MGA Parties also argue that Mattel's delay, which may also refer to Mattel Mexico's delay, will "necessitate entirely new discovery directed to this new counter-claimant." MGA Opp. at 13. *The Court will not restrict such discovery and, indeed, will subject Mattel Mexico and perhaps even Mattel to expansive and demanding discovery as a result of the added Mattel Mexico claims.* (Emphasis added).

Dkt. # 7712 at 9. Mattel Mexico ignored this warning, serving only objections to each of the above requests in MGA's First Request for Production to Mattel Mexico. Molinski Decl., Ex. 9.

These documents are directly relevant to MGA's unfair competition claim, as well as to Mattel Mexico's trade secrets claim and MGA's defenses to that claim, including its unclean hands defense.

MGA's unfair competition claim is premised upon Mattel gaining an unfair competitive advantage over MGA through a "wide-array of tortious, unfair and

- 6 -

Notice Of Motion & Motion To Compel MGA Entertainment's 1st Set Of Requests For Production
CASE NO. CV 04-9049-DOC (RNBx)

1  anticompetitive practices." Docket No. 2_05_CV_02727 (MGA Complaint, ¶ 32).

2  Mattel through Mr. Villasenor, has now admitted to ███████████████

3  ████████████████████████████████████████████████████████

4  ███████████████████████████████████████████ From the evidence

5  produced to date, it is apparent that Mattel Mexico had not fallen far from its

6  parental tree in adopting this same practice in Mexico. ███████████████

7  ████████████████████████████████████████████████████████

8  ████████████████████████████

9  MGA has also asserted an unclean hands defense. Docket No. 5798 (MGA

10 Parties Second Affirmative Defense). This defense is expressly predicated on:

11
> Mattel's monitoring, "spying on," or gaining knowledge
12 of MGA's trade secrets, non-public information, non-
> public activities, unreleased products, and product
13 development; gaining access, or attempts to gain access,
> to MGA showrooms, Plano-Grams, merchandising
14 displays, or Toy Fair displays or false pretenses . . . .
> Mattel's inducing non-party customs to breach
15 confidentiality agreements with MGA and divulge non-
> public information about MGA's unreleased
16 products . . . .

17 Docket No. 5798 (MGA Parties Second Affirmative Defense at 21:28-22:7).

18 The documents requested by Requests 1, 2, 3, 4, 9, 29, 30, 33 and 50 seek

19 documents that are directly related to this defense. Each of these Requests seeks

20 information related to Mattel Mexico's knowledge, possession and use of MGA and

21 other competitors' price list, product information, and marketing plans.[2] The

22 Requests are tied directly to information already disclosed during discovery.

23

24 ───────────────

25 [2] As set forth in more detail in MGA's Motion to Compel Documents Concerning Mattel's Theft of Competitors' Confidential Information at pp. 21-23, Mattel

26 Mexico's theft of information about competitors other than MGA is relevant to prove Mattel Mexico's pattern and practice of engaging in this conduct, which

27 under FRE 406 is admissible to prove Mattel Mexico did this to MGA Mexico as well. This information is also relevant to prove Mattel Mexico's culture of

28 demeaning and disregarding the confidentiality of price lists and line lists, which shows the information was not considered confidential at Mattel.

- 7 -

Notice Of Motion & Motion To Compel MGA
Entertainment's 1st Set Of Requests For Production
CASE NO. CV 04-9049-DOC (RNBx)

1  For example Request No. 2 and 3 ask for price lists in Mattel Mexico's
2  possession, including those of Hasbro and MGA Mexico. (Hasbro is specifically
3  identified because Hasbro distributed MGA products for MGA until 2004 when
4  MGA Mexico was formed, and a document has been produced or discovery already
5  showing a presentation Mattel Mexico made of the upcoming products and prices
6  for Bratz Fall 2004 line). And Request No. 4 asks for all documents and
7  communications concerning that presentation. Indeed, witnesses testified
8
9
10
11  Machado testified that he
12
13  Molinski Decl., Ex. 13
14  (Machado Dep. 1169:25-1171:3). As a result, Request No. 9 seeks documents
15  reflecting any such communications.
16  Requests 29, 30 and 33 ask for documents reflecting Mattel Mexico's
17  knowledge of MGA and other competitors' products before those products were
18  announced to the public. And Request No. 50 directly addresses an email between
19  Mattel employees that describes confidential information about future Bratz lines
20  obtained by                                    Molinski Decl., Ex. 18.
21
22  MGA is entitled to discovery on this document.
23  / / /
24  / / /
25  / / /
26  / / /
27  / / /
28  / / /

- 8 -

## CONCLUSION

For the foregoing reasons, Mattel Mexico should be compelled to produce all documents responsive to Requests Nos. 1, 2, 3, 4, 9, 29, 30, 33 and 50 in MGA's First Set of Requests for Production to Mattel Mexico.

Dated:   August 10, 2010          ORRICK, HERRINGTON & SUTCLIFFE LLP

By: _____
William A. Molinski
Attorneys for MGA Parties and
IGWT 826 Investments LLC.

- 9 -

Notice Of Motion & Motion To Compel MGA
Entertainment's 1st Set Of Requests For Production
CASE NO. CV 04-9049-DOC (RNBx)