ANNETTE L. HURST (State Bar No. 148738)
ahurst@orrick.com
WARRINGTON S. PARKER III (State Bar No. 148003)
wparker@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building, 405 Howard Street
San Francisco, CA 94105
Tel. (415) 773-5700/ Fax: (415) 773-5759

WILLIAM A. MOLINSKI (State Bar No. 145186)
wmolinski@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA 90017
Tel. (213) 629-2020/Fax: (213) 612-2499

THOMAS S. McCONVILLE (State Bar No. 155905)
tmcconville@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
4 Park Plaza, Suite 1600
Irvine, CA 92614-2258
Tel: (949) 567-6700/Fax: (949) 567-6710

Attorneys for MGA Parties and IGWT 826 Investments LLC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>    Plaintiff,<br><br>    v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>    Defendant.<br><br>AND CONSOLIDATED ACTIONS | Case No. CV 04-9049-DOC (RNBx)<br><br>Consolidated with:<br>Case No. CV 04-9059<br>Case No. CV 05-2727<br><br>Hon. David O. Carter<br><br>**NOTICE OF MOTION AND MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND FURTHER RESPONSES TO MGA ENTERTAINMENT'S FIRST SET OF DOCUMENT REQUESTS TO MATTEL MEXICO REGARDING MATTEL MEXICO'S TRADE SECRETS CLAIM**<br><br>Date:    TBD<br>Time:    TBD<br>Place:   TBD<br><br>Trial Date: January 11, 2011 |

**Public Redacted Version**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on a date to be determined by the Court or as soon thereafter as the matter may be heard before The Honorable David O. Carter, located at 411 West Fourth Street, Santa Ana, California, MGA Entertainment ("MGA") will, and hereby does, move this Court for an order compelling Mattel Inc. ("Mattel") to produce documents and provide further responses to certain requests from MGA Mexico's First Set of Requests for Production to Mattel, dated June 8, 2010.

Specifically, MGA moves for an order compelling the production of documents and overruling Mattel's objections to:

(1) Request Nos. 8, 10, 11, 16, 47 and 48;

(2) Request Nos. 19, 20, 21 and 49;

(3) Request Nos. 36, 39, 40, 41 and 42; and

(4) Request No. 46.

This Motion is made pursuant to Rule 34 of the Federal Rules of Civil Procedure and the Court's inherent powers. The aforementioned requests seek non-privileged, discoverable evidence under Rule 26 of the Federal Rules of Civil Procedure, and Mattel's objections thereto are meritless.

This motion is based upon this Notice of Motion, the attached Memorandum of Points and Authorities, the pleadings and records on file in this action, and on such oral argument as may be presented by the parties at any hearing on this matter.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

**Certification of Compliance**

Counsel for MGA sent a meet and confer letter to counsel for Mattel on July 30, 2010. Mattel responded on August 6, 2010. The parties have been unable to reach resolution.

Dated: August 10, 2010          ORRICK, HERRINGTON & SUTCLIFFE LLP

By: _____
WILLIAM A. MOLINSKI
Attorneys for MGA Parties and
IGWT 826 Investments LLC.

- 2 -

NOTICE OF MOTION & MOTION TO COMPEL MGA
ENTERTAINMENT'S 1ST SET OF REQUESTS FOR PRODUCTION
CASE NO. CV 04-9049-DOC (RNBX)

## MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

Mattel, recognizing that it sued on trade secrets it did not own, sought leave of Court this year to add Mattel Mexico as a counter-claimant. MGA opposed this request, in part, because the belated addition of a party would "necessitate entirely new discovery directed to this new counter-claimant." Dkt. No. 7690 (MGA Opp. p. 13). The Court acknowledged the need for new discovery, but permitted leave to add Mattel Mexico. But in allowing this late-comer to the party, the Court said:

> The Court will not restrict such discovery and, indeed, will subject Mattel Mexico and perhaps Mattel to expansive and demanding discovery as a result of the added Mattel Mexico claims.

Dkt. No. 7712, at 9 . Further, the Court noted that Mattel and Mattel Mexico may very well now need to produce discovery as to "what trade secrets at issue are owned by Mattel, as opposed to being owned by one of Mattel's foreign subsidiaries." *Id.*

Despite these stern warnings, when MGA served its very first document request on Mattel Mexico, it was largely met with boilerplate objections and refusals to produce responsive documents. Worse yet, Mattel Mexico even refused to produce documents responsive to the one issue singled out by the Court for discovery: documents and agreements evidencing the ownership of the trade secrets between the various Mattel entities. *See* Declaration of William A. Molinski in Support of Motions to Compel filed concurrently herewith ("Molinski Decl."), Ex. 4 [Mattel Response to Req. Nos. 39 ("All DOCUMENTS and COMMUNICATIONS that refer or relate to agreements between Mattel de Mexico and Mattel Servicios concerning ownership of intellectual property . . .") and 41 ("All DOCUMENTS and COMMUNICATIONS that refer or relate to any agreements between Mattel de Mexico and Mattel Inc. concerning the ownership of intellectual property . . . .")].

- 1 -

NOTICE OF MOTION & MOTION TO COMPEL MGA
ENTERTAINMENT'S 1ST SET OF REQUESTS FOR PRODUCTION
CASE NO. CV 04-9049-DOC (RNBX)

Each of the Requests addressed herein are narrowly tailored to obtain documents directly relevant to Mattel Mexico's claims against the MGA Parties. These request fall within four categories: (1) documents and communications shortly before and after the departure of Machado, Vargas and Trueba concerning their alleged theft of trade secrets and Mattel's investigation into that alleged theft; (2) documents related to Mattel Mexico's failure to maintain adequate measures to protect the confidentiality of its information; (3) Mattel Mexico's relationship with Mattel and other Mattel entities concerning ownership of intellectual property; and (4) Mattel Mexico's threats against customers, advertisers and others if they dared to do business with the nascent MGA Mexico.

Mattel Mexico should be compelled to produce documents responsive to Requests 8, 10, 11, 16, 19, 20, 21, 36, 39, 40, 41, 42, 46, 47, 48 and 49 of MGA's First Set of Requests for Production.

## FACTUAL BACKGROUND[1]

Prior to April, 2004, MGA distributed its products in Mexico through Hasbro. In late 2003, MGA decided that it would be more efficient to distribute its product directly, so sought to establish a subsidiary in Mexico.

In early 2004, Machado, Vargas and Trueba applied for positions with MGA Mexico to help begin its operations in Mexico. Prior to their employment with MGA Mexico, Machado, Vargas and Trueba were employed by Mattel Servicios –– not Mattel Mexico or Mattel Inc. Notably, Mattel Servicios is not a party to this lawsuit. Their employment agreements made clear that any documentation or information provided to them in their jobs was owned by Mattel Servicios.

Machado, Vargas and Trueba resigned from Mattel Servicios on April 19, 2004 and started at MGA Mexico on April 26, 2004. Upon their departure, ███

███

---

[1] Except where noted; the facts set forth herein are taken from MGA's statement of undisputed facts. Dkt. Nos. 7899 and 7900.

1 █████████████████████████████████████████████████████████████

2 ███████████████████████████████████████████████████████

3 █████████████████████████████████████████████████████████████

4 ██████████████████████████████████████████████████████

5 ███████████████████████████████████████████████████████

6 ██████████████████████████ This meeting is the subject of various Requests to

7 which Mattel Mexico has refused to produce documents.

8     Upon agreeing to work for MGA Mexico, all three were told not to bring

9 anything from Mattel to MGA. All three were obligated to sign contracts with

10 MGA Mexico affirming that they would not use at MGA Mexico any confidential

11 information they may have known or had access to at Mattel.

12     Contrary to MGA's instructions, Machado, Vargas and Trueba apparently

13 did collect and remove certain documents from Mattel, which Machado kept on his

14 personal computer. MGA was unaware of this until a raid of MGA Mexico's

15 facilities in October 2005. ████████████████████████████████

16 ████████████████████████████████████████████████████████

17 ██████████████████████, Mattel did not contact either the individuals or MGA to

18 ask for its documents to be returned. Neither did Mattel Mexico or Mattel ever

19 move for an injunction to prevent use of its information. Instead, Mattel has sought

20 to capitalize on these individuals' having taken documents to further "litigate MGA

21 to death," as has been its strategy.

22     Mattel Mexico has failed to produce any evidence that its confidential

23 information was ever used or disclosed at MGA. Indeed, the trial court and

24 appellate court in Mexico have found that there is no evidence of any use of Mattel

25 information at MGA Mexico.

26     On April 10, 2010, Mattel was permitted to amend its counter-claim to add

27 Mattel Mexico. Mattel did this because MGA raised an issue as to whether the

28 trade secrets at issue were owned by Mattel Inc., who was the only counter-

claimant at the time or one of Mattel's foreign subsidiaries. While Mattel sought leave to add Mattel Mexico, it did not seek to add Mattel Servicios, even though it became clear during depositions that Mattel Servicios was Machado, Trueba and Vargas' employer and the owner of any alleged trade secrets. MGA Mexico suspects that Mattel intentionally omitted Mattel Servicios due to the fact that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ If Mattel named Mattel Servicios as the counter-claimant, it would either have to concede, for damage purposes, that Mattel Servicios had revenue and profits, or else it would have no lost profits to claim against MGA. This Mexican shell game is the subject of various requests for which Mattel Mexico has refused to produce documents.

On June 8, 2010, MGA served its First Set of Requests to Mattel Mexico. At Mattel Mexico's request, MGA agreed to a two-week extension of time for Mattel Mexico to answer. On July 20, 2010, Mattel Mexico served its responses to MGA's First Set of Requests. These Responses contain numerous objections and refusals to respond as set forth herein.

## ARGUMENT

### I. MATTEL MUST PRODUCE DOCUMENTS RELATED TO THE ALLEGED MISAPPROPRIATION OF TRADE SECRETS BY MACHADO, TRUEBA AND VARGAS.

The following Requests to Mattel Mexico are directly relevant to Mattel Mexico's trade secrets claims involving the alleged theft of trade secrets by Machado, Trueba and Vargas.

> **Request 8:** All COMMUNICATIONS between and among Mariana Trueba, Gustavo Machado, and/or Pablo Vargas between November 15, 2003 and April 19, 2004.
>
> **Request 10:** All DOCUMENTS and COMMUNICATIONS that refer or relate to the resignation or departure of Gustavo Machado, Mariana Trueba, and Pablo Vargas from YOUR employment.

**Request 11:** All DOCUMENTS extracted by YOU or anyone working for YOU after the resignation of Gustavo Machado, Mariana Trueba and Pablo Vargas from the computers of Gustavo Machado, Mariana Trueba and Pablo Vargas, including all screen shots, all lists of websites visited, and all DOCUMENTS transferred or accessed by Gustavo Machado, Pablo Vargas and Mariana Trueba in the 60 days before resigning from Mattel.

**Request 16:** All DOCUMENTS and COMMUNICATIONS that refer or relate to YOUR investigation into the theft of trade secrets from YOUR offices by Gustavo Machado, Mariana Trueba, and Pablo Vargas.

**Request 47:** All DOCUMENTS and COMMUNICATIONS that refer or relate to final payments due or claimed to be due to Gustavo Machado, Mariana Trueba, and Pablo Vargas from their employment with YOU, including but not limited to DOCUMENTS relating to the processing of final payments, requests for final pay checks, conditions to be placed in final payments and discussions as to whether to issue final pay checks.

**Request 48:** All DOCUMENTS and COMMUNICATIONS concerning the meetings held on April 23, 2004 between YOU and Gustavo Machado, Mariana Trueba and Pablo Vargas.

Molinski Decl., Ex. 4.

Request No. 8 seeks all communications between Trueba, Vargas and Machado for the five months before they resigned. (Compare this with a recent order allowing Mattel all communications at MGA Mexico by the three for the entirety of 2004). MGA Mexico seeks these communications because Mattel has introduced emails between the three more than a month before they resigned whereby they are forwarding documents to each other, so as to suggest that the reason for doing this is to collect documents to take from Mattel Mexico. *See* Molinski Decl., Ex. 21 (Mattel's Supp. Response to MGA de Mexico's Interrogatory Nos. 1-11, p. 281). Machado and Trueba have testified that ▮

▮

▮

Request No. 10 seeks all documents concerning the resignation of Machado, Trueba and Vargas. The relevance of this Request is obvious, and that Mattel Mexico objected to it only suggests that Mattel Mexico is hiding something.

- 5 -

NOTICE OF MOTION & MOTION TO COMPEL MGA ENTERTAINMENT'S 1ST SET OF REQUESTS FOR PRODUCTION
CASE NO. CV 04-9049-DOC (RNBX)

1   Request No. 11's relevance is also obvious. It seeks all documents extracted
2   from the computers of the three individuals, including all screen shots and websites
3   visited and any documents transferred or accessed by the three during the 60 days
4   before departure. Mattel has put this information directly at issue in its
5   interrogatory responses. ███████████████████████████████████████████████
6   ███████████████████████████████████████████████████ Mattel
7   Mexico also claims that the transfer of and access to confidential information in
8   their final weeks suggest theft of that information. MGA Mexico is entitled to
9   show that those individuals had access to even more valuable information that they
10  did not take to show that the selection of documents to take was not related to an
11  effort to benefit MGA.
12      Request No. 16 requests all documents related to Mattel Mexico's
13  investigation into the theft of trade secrets by Machado, Vargas and Trueba. Again,
14  the relevance is obvious, and yet Mattel Mexico refused to produce responsive
15  documents. Indeed, Mattel has already successfully argued that any non-privileged
16  results – – including any facts discovered – – of an investigation into alleged trade
17  secret theft must be produced.
18      Requests Nos. 47 and 48 relate to Mattel Mexico's refusal to issue final
19  paychecks to Machado, et al. and the meeting held on April 23, 2004 ████████
20  ████████████████████████████████████████████████████
21  ████████████████████████████████████████████████████████
22  That Mattel Mexico refused to produce responsive documents is even more
23  troubling given that Mattel cites in its interrogatories to ████████████████
24  ████████████████████████████████████████████████
25  ████████████████ *See* Molinski Decl., Ex. 21 (Mattel's Supp. Resp. To MGA de
26  Mexico's Interrogatory Nos. 1-11). Mattel Mexico cannot cite to that meeting as
27  proof of its claims and then refuse to produce documents related to that meeting.
28

- 6 -

## II. MATTEL MUST PRODUCE DOCUMENTS RELATED TO ITS EFFORTS TO MAINTAIN THE SECRECY OF ITS ALLEGED SECRETS

**Request 19:** All DOCUMENTS and COMMUNICATIONS that refer or relate to any failures to comply with YOUR policies or procedures to maintain the secrecy of YOUR trade secrets.

**Request 20:** DOCUMENTS sufficient to identify any PERSON who failed to comply with YOUR policies or procedures to maintain the secrecy of YOUR trade secrets.

**Request 21:** All DOCUMENTS and COMMUNICATIONS that refer or relate to any warning, admonition, discipline, or any other adverse employment action that YOU have taken toward any of YOUR current or former employees for using or accessing a competitor's confidential or proprietary information, trade secrets, or intellectual property.

**Request 49:** All DOCUMENTS and COMMUNICATIONS that refer or relate to any requirement, policy or need to stamp documents as confidential or otherwise designate documents as confidential.

*See* Molinski Decl., Ex. 4.

Each of these Requests addresses Mattel Mexico's failure to make reasonable efforts to maintain the secrecy of its alleged trade secrets – – a prima facie element of Mattel Mexico's misappropriation claim. Indeed, Mattel has moved to compel compliance with almost identical requests even though MGA has not even asserted a trade secret claim. *See* Mattel Motion to Compel re Unclean Hands, Requests Nos. 88, 89, 220 and 225. (For ease of comparison, Mattel's Requests are attached as Exhibits 20 and 23 to the Molinski Decl.).

## III. MATTEL MEXICO MUST PRODUCE DOCUMENTS CONCERNING ITS RELATIONSHIP WITH MATTEL AND MATTEL SERVICIOS.

**Request 36:** All DOCUMENTS and COMMUNICATIONS that refer or relate to the reason or reasons for the formation of Mattel Servicios, S.A. de C.V., as an entity distinct from Mattel de Mexico, S.A. de C.V.

**Request 39:** All DOCUMENTS and COMMUNICATIONS that refer or relate to any agreements between Mattel de Mexico, S.A. de C.V. and Mattel Servicios, S.A. de C.V. concerning the ownership of intellectual property, including but not limited to the underlying agreement itself, if any.

**Request 40:** All DOCUMENTS and COMMUNICATIONS that refer or relate to any agreements between Mattel de Mexico, S.A. de C.V. and Mattel Servicios, S.A. de C.V.

- 7 -

**Request 41:** All DOCUMENTS and COMMUNICATIONS that refer or relate to any agreements between Mattel de Mexico, S.A. de C.V. and Mattel, Inc. concerning the ownership of intellectual property, including but not limited to the underlying agreement itself, if any.

**Request 42:** All DOCUMENTS and COMMUNICATIONS that refer or relate to any agreements between Mattel, Inc. and Mattel Servicios, S.A. de C.V. concerning the ownership of intellectual property, including but not limited to the underlying agreement itself, if any.

*See* Molinski Decl., Ex. 4.

Each of these Requests is designed to determine which Mattel entity owns to alleged trade secrets at issue. The Court expressly identified this issue as a proper subject for discovery when it allowed Mattel Mexico to become a party. ("The Court recognizes that Mattel and its subsidiary may now be required to produce discovery as to 'what trade secrets at issue are owned by Mattel, as opposed to being owned by one of Mattel's foreign subsidiaries.'")

The Court's observation makes perfect sense since Mattel cannot claim damages for the theft of Mattel Mexico's trade secrets and vice versa. Moreover, neither Mattel nor Mattel Mexico can claim damages or even assert claims based on the theft of trade secrets owned by Mattel Servicios. MGA has, in fact, already moved for summary judgment based on this very issue since it is undisputed that Mattel Servicios does, in fact, own all of the alleged trade secrets at issue. Dkt. No. 7834.

### IV. MATTEL MUST PRODUCE DOCUMENTS EVIDENCING THREATS BY MATTEL MEXICO AGAINST RETAILERS AND OTHERS FOR DOING BUSINESS WITH MGA

**Request 46:** All COMMUNICATIONS between YOU and YOUR customers, distributors, advertisers, advertising agencies, marketing consultants, or public relations firms that refer or relate to MGA, Inc. or MGAE de Mexico, S.R.L. de C.V.

*See* Molinski Decl., Ex. 4.

MGA has asserted as both part of its affirmative claim of unfair competition and its unclean hands defense, that Mattel routinely threatened retailers, advertisers and others to not do business with MGA. Dkt. No. 2_05_CV_02727 (Complaint, ¶

- 8 -

NOTICE OF MOTION & MOTION TO COMPEL MGA ENTERTAINMENT'S 1ST SET OF REQUESTS FOR PRODUCTION CASE NO. CV 04-9049-DOC (RNBx)

76). MGA, in fact, specifically alleged that Mattel "used intimidation to pressure distributors and retailers, *particularly in foreign countries* . . . ." *Id.* (¶ 77). (Emphasis added). Dkt. No. 5798 (MGA Parties Answer and Affirmative Defenses to TAAC, Second Affirmative Defense). Witness testimony and documents already evidence Mattel Mexico threatening advertisers with a loss of business if they do business with MGA and threats to retailers of losing discounts if they buy Bratz dolls. This Request seeks information directly relevant to those claims by MGA.

## CONCLUSION

For the foregoing reasons, Mattel Mexico should be compelled to produce documents responsive to Requests 8, 10, 11, 16, 47, 48 (related to claim of misappropriation), 19, 20, 21 and 49 (Mattel Mexico's efforts to maintain secrecy of trade secrets); 36, 39, 40, 41 and 42 (ownership between Mattel entities of alleged trade secrets); and 46 (Mattel Mexico's threats and intimidation of retailers and others).

Dated: August 10, 2010          ORRICK, HERRINGTON & SUTCLIFFE LLP

By: /s/ William A. Molinski
William A. Molinski
Attorneys for MGA Parties and
IGWT 826 Investments LLC.