ANNETTE L. HURST (State Bar No. 148738)
ahurst@orrick.com
WARRINGTON S. PARKER III (State Bar No. 148003)
wparker@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building, 405 Howard Street
San Francisco, CA 94105
Tel. (415) 773-5700/ Fax: (415) 773-5759

WILLIAM A. MOLINSKI (State Bar No. 145186)
wmolinski@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA 90017
Tel. (213) 629-2020/Fax: (213) 612-2499

THOMAS S. McCONVILLE (State Bar No. 155905)
tmcconville@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
4 Park Plaza, Suite 1600
Irvine, CA 92614-2258
Tel: (949) 567-6700/Fax: (949) 567-6710

Attorneys for MGA Parties and IGWT 826 Investments LLC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | Case No. CV 04-9049-DOC (RNBx)<br><br>Consolidated with:<br>Case No. CV 04-9059<br>Case No. CV 05-2727<br><br>Hon. David O. Carter<br><br>**NOTICE OF MOTION AND MOTION TO COMPEL PRODUCTION OF DOCUMENTS RE MATTEL ALLEGATIONS CONCERNING JANINE BRISBOIS**<br><br>Date:     TBD<br>Time:    TBD<br>Place:    TBD<br><br>Trial Date: January 11, 2011 |

**Public Redacted Version**

1   TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2   PLEASE TAKE NOTICE that on a date to be determined by the Court or as soon thereafter as the matter may be heard before The Honorable David O. Carter, located at 411 West Fourth Street, Santa Ana, California, MGA Entertainment Inc. ("MGA") will, and hereby does, move this Court for an order compelling Mattel Inc. ("Mattel") to produce documents and provide further responses to certain requests from MGA's Seventh Set of Phase 2 Requests for Production to Mattel, dated June 18, 2010.

Specifically, MGA moves for an order compelling production and overruling Mattel's objections to:

(1) Request Nos. 309, 311, 312 and 313 (the "Brisbois Trade Secret" document requests) from MGA's Seventh Set of Phase 2 Requests for Production to Mattel.

This Motion is made pursuant to Rule 34 of the Federal Rules of Civil Procedure and the Court's inherent powers. The aforementioned requests seek non-privileged, discoverable evidence under Rule 26 of the Federal Rules of Civil Procedure, and Mattel's objections thereto are meritless.

This motion is based upon this Notice of Motion, the attached Memorandum of Points and Authorities, the pleadings and records on file in this action, and on such oral argument as may be presented by the parties at any hearing on this matter.

///
///
///
///
///
///
///
///

- 1 -

NOTICE OF MOTION & MOTION TO COMPEL
RE MATTEL ALLEGATIONS CONCERNING JANINE BRISBOIS
CASE NO. CV 04-9049-DOC (RNBx)

1 | **Certification of Compliance**

2   Counsel for MGA sent a meet and confer letter to counsel for Mattel on
3   July 30, 2010, to which Mattel responded on August 6, 2010. The parties were
4   unable to reach a resolution.

6   Dated:   August 10, 2010          ORRICK, HERRINGTON & SUTCLIFFE LLP

8                                     By: _____
9                                         WILLIAM A. MOLINSKI
                                          Attorneys for MGA Parties

## MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

This motion to compel concerns four document requests that relate to Mattel's trade secret allegations against Janine Brisbois and MGA. Specifically, MGA seeks documents about four narrow topics that Mattel identified in its discovery responses as items that Ms. Brisbois allegedly took with her when she left Mattel and later used at MGA.

For its part, MGA denies that it ever acquired or used any Mattel trade secrets through Ms. Brisbois, or that MGA ever directed Ms. Brisbois to take documents with her with her when she left Mattel. Nevertheless, MGA is entitled to whatever documents and evidence that Mattel has to supports its allegations. But Mattel is refusing to produce documents responsive to these requests, and its position in this regard is untenable.

Mattel must be compelled to produce the documents that support its trade secret allegations concerning Ms. Brisbois in this case.

## FACTUAL BACKGROUND

### A.   Mattel's Allegations Concerning Ms. Brisbois

Mattel's Fourth Amended Answer and Counterclaim contends that MGA stole Mattel trade secrets in Canada vis a vis MGA's employment of Janine Brisbois. *See* Docket No. 7714 (FAAC ¶¶ 57-63). Among other things, Mattel insinuates that MGA ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *Id*. (FAAC ¶ 62).

In response to these allegations, MGA asked Mattel to identify each alleged trade secret that MGA supposedly used or acquired through Ms. Brisbois. *See* Declaration of William A. Molinski in Support of MGA Motions To Compel filed concurrently herewith ("Molinski Decl."), Ex. 22 (MGA Phase 1 Interrogatory Nos. 20 and 22). Mattel initially balked, but after a successful motion to compel by

MGA, Mattel finally identified several documents and categories of alleged trade secret information that it claimed MGA had misappropriated through Ms. Brisbois. These included the following:

- ████████████████████████████████████████

- ████████████████████████████████████████

- ████████████████████████████████████████

- ████████████████████████████████████████

*See* Molinski Decl., Ex. 22 (Mattel's Third Supplemental Response To MGA Phase 1 Interrogatory No. 20, at pp. 239-250; Mattel's Third Supplemental Response To MGA Phase 1 Interrogatory No. 22, at pp. 313-319).

### B.  MGA's Requests for Production

On June 18, 2010, MGA propounded document requests concerning the alleged categories of trade secret information that Mattel associated with MGA's hiring of Ms. Brisbois. MGA's requests for production included the following:

**Request No. 309**: Documents and Communications that refer or relate to Mattel Canada's participation in the Children's Miracle Network from 2004 to 2006;

**Request No. 311**: Documents sufficient to show Mattel Canada's organization structure from 2004 to 2006;

**Request No. 312**: Documents sufficient to show Mattel's development and use of its B2B site for Mattel Canada in 2004 and 2005; and

**Request No. 313**: Documents and Communications that refer or relate to Mattel Canada's "Green Friday" promotion with Toys R Us in November 2005.

*See* Molinski Decl., Ex. 5 (MGA's Seventh Set of Requests for Production to Mattel, at pp. 20-21).

1  C.  **Mattel's Response**

2  On July 19, 2010, Mattel responded to these requests with the following

3  boilerplate objection:



12  *See* Molinski Decl., Ex. 10 (Mattel Responses to MGA Seventh Set of Requests for

13  Production, at pp. 32-35).

14  **ARGUMENT**

15  **II.  MATTEL MUST BE COMPELLED TO PRODUCE THE
       DOCUMENTS IT HAS PLACED AT ISSUE WITH ITS**
16  **ALLEGATIONS CONCERNING JANINE BRISBOIS.**

17  The requests at issue are narrowly tailored to seek documents that Mattel has

18  directly placed at issue in its interrogatory responses. Specifically, Mattel has

19  argued in its interrogatory responses that:



| | |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |
| 8 | |
| 9 | |



Mattel cannot argue that its "Green Friday" promotion with Toys R Us, its participation in the Children's Miracle Network, its B2B website, and the organizational structure of its sales force are categories of alleged trade secret information that MGA improperly acquired when it hired Ms. Brisbois, and at the same time deny MGA the right to seek Mattel documents on these topics.

As noted above, MGA's requests are limited not only by relevant subject matter, but also in temporal scope to the time period immediately before and after Ms. Brisbois left Mattel and joined MGA (i.e. September 2005). In this regard, the requests are hardly overbroad, burdensome or oppressive.

As for Mattel's remaining objections, they do not justify the wholesale refusal to produce responsive documents. Mattel makes no effort to identify the prior discovery that it claims these requests duplicate, nor does Mattel explain how or why the requests are somehow not relevant.

It appears that Mattel has simply drawn a line in the sand and is refusing to produce documents that are clearly relevant to the claims at issue in this case. Mattel's position is untenable, and it must be compelled to amend its responses to these requests and produce responsive documents.

# CONCLUSION

For the foregoing reasons, the Court should grant MGA's motion to compel the production of documents and further responses to Request Nos. 309, 311, 312 and 313 of MGA's Seventh Set of Phase 2 Requests for Production to Mattel.

Dated: August 10, 2010            ORRICK, HERRINGTON & SUTCLIFFE LLP

By: /s/ William A. Molinski
William A. Molinski
Attorneys for MGA Parties and
IGWT 826 Investments LLC.