1   ANNETTE L. HURST (State Bar No. 148738)
    ahurst@orrick.com
2   WARRINGTON S. PARKER III (State Bar No. 148003)
    wparker@orrick.com
3   ORRICK, HERRINGTON & SUTCLIFFE LLP
    405 Howard Street, San Francisco, CA 94105
4   Telephone: 415-773-5700 / Facsimile: 415-773-5759

5   WILLIAM A. MOLINSKI (State Bar No. 145186)
    wmolinski@orrick.com
6   ORRICK, HERRINGTON & SUTCLIFFE LLP
    777 South Figueroa Street, Suite 3200
7   Los Angeles, CA 90017
    Telephone: 213-629-2020/ Facsimile: 213-612-2499

8
    THOMAS S. MCCONVILLE (State Bar No. 155905)
9   tmcconville@orrick.com
    ORRICK, HERRINGTON & SUTCLIFFE LLP
10  4 Park Plaza, Suite 1600, Irvine, CA 92614-2258
    Telephone: 949-567-6700/Facsimile: 949-567-6710

11
    Attorneys for MGA Parties

12              UNITED STATES DISTRICT COURT

13              CENTRAL DISTRICT OF CALIFORNIA

14                    SOUTHERN DIVISION

15  CARTER BRYANT, an individual          Case No. CV 04-9049 DOC (RNBx)
                                          Consolidated with: Case No. CV 04-9059
16              Plaintiff,                Case No. CV 05-2727

17      v.                               [PUBLIC VERSION] MGA PARTIES'
                                         OPPOSITION TO MATTEL'S
18  MATTEL, INC., a Delaware             MOTION TO COMPEL RESPONSES
    corporation,                         TO MATTEL'S THIRD SET OF
19                                       INTERROGATORIES AND CROSS-
                                         MOTION FOR PROTECTIVE ORDER
20              Defendant.               RE MATTEL'S THIRD SET OF
                                         INTERROGATORIES;
21  ─────────────────────────────
                                         DECLARATION OF MARK P. WINE;
22  AND CONSOLIDATED ACTIONS             AND

23                                       [PROPOSED] ORDER

24  **PUBLIC REDACTED VERSION**          Date: TBD
                                         Time: TBD
25                                       Place: Courtroom 9D

26                                       **Hon. David O. Carter**
                                         Discovery Cut-off: TBD
27                                       Pretrial Conference: TBD
                                         Trial Date: January 11, 2011
28

# Table of Contents

Page

INTRODUCTION .................................................................................................1

FACTUAL BACKGROUND.................................................................................2

LEGAL STANDARD............................................................................................3

    A. Federal Rules of Civil Procedure 26 ..............................................3

    B. Mootness.........................................................................................5

ARGUMENT ........................................................................................................6

    C. MGA Did Not Waive Its Objections To Mattel's Third Set Of Interrogatories .................................................................................6

    D. Mattel's Interrogatory Nos. 1 to 15 Should Be Stricken and Its Motion to Compel Responses Thereto Should Be Denied As Moot ...............................................................................................8

        1. Interrogatory No. 1:  MGA's Claimed Or Actual Security Interests In Or Relating To Bratz Intellectual Property..............8

        2. Interrogatory Nos. 2 to 13:  MGA's Allocation of Costs and Resources Pertaining To MGA's Bratz and Moxie Girlz ....................................................................................10

        3. Interrogatory Nos. 14 and 15:  MGA's "Net Worth"...............14

E. Mattel's Motion To Compel Responses To Interrogatory Nos. 16 to 18 Should Be Denied Because They Seek Information Not Relevant To Any Claim Or Defense In This Case...............................16

F. MGA's Motion For Protective Order Should Be Granted To Prevent Mattel From Continuing Its Harassing Discovery Tactics ...............................................................................................17

# TABLE OF AUTHORITIES

## FEDERAL CASES

*AET Rail Group, LLC v. Siemens Transp. Systems, Inc.,*
2010 WL. 2649885 (W.D.N.Y. June 30, 2010) ..................................................5

*Alliance for Democracy v. Federal Election Comm'n,*
335 F. Supp. 2d 39 (D.D.C. 2004) ..................................................................5

*Blumenthal v. Drudge,*
186 F.R.D. 236 (D.D.C. 1999) .......................................................................7

*Bohlin v. Brass Rail, Inc.,*
20 F.R.D. 224 (S.D.N.Y. 1957) ......................................................................7

*Brock v. Gerace,*
110 F.R.D. 58 (D.N.J. 1986) ..........................................................................7

*Burlington Insurance Co. v. Okie Dokie, Inc.,*
368 F. Supp. 2d 83 (D.D.C. 2005) ..................................................................7

*Calderon v. Moore,*
518 U.S. 149, 116 S. Ct. 2066, 2067 (1996) ..................................................5

*H.M. Sendi v. Prudential-Bache Securities,*
100 F.R.D. 21 (D.D.C. 1983) ....................................................................5, 14

*Intervest Mortgage Co. v. Skidmore,*
655 F. Supp. 2d 1100 (E.D. Cal. 2009) ........................................................14

*Ocean Atlantic Woodland Corp. v. DRH Cambridge Homes, Inc.,*
262 F. Supp. 2d 923 (N.D.Ill. 2003) ...............................................................4

*Mattel, Inc. v. MGA Entertainment, Inc.,*
No. 09-55673, 2010 WL. 2853761 (9th Cir. July 22, 2010) ...................1, 3, 12

*Peterson v. Seagate U.S. LLC,*
2009 WL. 3430150 (D.Minn. Oct. 19, 2009) ..........................................4, 12, 15

*Richlin v. Sigma Design West, Ltd.,*
88 F.R.D. 634 (E.D. Cal. 1980) ......................................................................5

*Rosenau v. Unifund Corp.,*
646 F. Supp. 2d 743 (E.D. Pa. 2009) ............................................................15

*Se Constructora Maza, Inc. v. Banco de Ponce,*
616 F.2d 573 (1st Cir. 1980) ........................................................................14

*Shenker v. Sportelli,*
83 F.R.D. 365 (E.D.Pa. 1979) .......................................................................16

*Starlight Int'l, Inc. v. Herlihy, Jr.,*
186 F.R.D. 626 (D. Kansas 1999) .............................................................5, 14

ii

*United States v. Columbia Broadcasting System, Inc.*,
   666 F.2d 364 (9th Cir. 1982) ........................................................................4

*Weed Wizard Acquisition Corp. v. A.A.B.B., Inc.*,
   201 F. Supp. 2d 1252 (N.D. Ga. 2002) ........................................................6

**FEDERAL STATUTES**

Fed. R. Civ. P. 26(c) ........................................................................................4

Fed. R. Civ. P. 26(c)(1) ....................................................................................4

**STATE STATUTES**

Cal. Civ. Code § 3439.04(b) ...........................................................................14

MGA'S OPPOSITION TO MOTION TO COMPEL RESPONSES TO
3RD SET OF ROGS; CROSS-MOTION FOR A PROT. OR.
CV-04-9049 DOC (RNBX)

1   TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2          PLEASE TAKE NOTICE that on a date to be determined by the Court

3   or as soon thereafter as the matter may be heard before The Honorable David O.

4   Carter, located at 411 West Fourth Street, Santa Ana, California, MGA

5   Entertainment, Inc. ("MGA") will, and hereby does, move this Court pursuant to

6   Federal Rule of Civil Procedure 26(c)(1)(A) for a protective order as to Mattel, Inc.

7   ("Mattel")'s Third Set of Interrogatories to the MGA Parties (Phase 2) ("Third Set

8   of Interrogatories").

9          This cross-motion is made on the grounds that Interrogatory Nos. 1-15

10  of Mattel's Third Set of Interrogatories are mooted by the Ninth Circuit's opinion,

11  *Mattel, Inc. v. MGA Entertainment, Inc.*, No. 09-55673, 2010 WL 2853761 (9th

12  Cir. July 22, 2010), and this Court's Order on Motions to Dismiss, Docket No.

13  8423, filed on August 2, 2010, dismissing without leave to amend Mattel's

14  Thirteenth, Fourteenth, Fifteenth, and Sixteenth Counterclaims.  This cross-motion

15  is further made on grounds that Mattel's Third Set of Interrogatories seeks

16  information that is not relevant to any claim or defense in this action, and is

17  duplicative and cumulative of MGA's prior 30(b)(6) deposition testimony.

18         This cross-motion is based upon this notice, the attached

19  Memorandum of Points and Authorities, the Declaration of Mark P. Wine, and

20  exhibits thereto, the Proposed Protective Order filed herewith, and the pleadings

21  and records on file herein, and on such oral argument as may be presented by the

22  parties at the hearing.

23

24

25

26

27

28

Certification of Compliance

On July 8, 2010 and July 27, 2010, lead counsel for Mattel and MGA met and conferred regarding the interrogatories addressed herein. On August 5, 2010, counsel for parties exchanged written correspondence regarding MGA's request to withdraw the interrogatories and Mattel's motion to compel responses thereto. The parties have been unable to reach resolution.

Dated:   August 10, 2010                MARK P. WINE
                                        Orrick, Herrington & Sutcliffe LLP


                                        By: _____
                                                MARK P. WINE
                                            Attorneys for MGA Parties

MGA'S OPPOSITION TO MOTION TO COMPEL RESPONSES TO
3RD SET OF ROGS; CROSS-MOTION FOR A PROT. OR.
CV-04-9049 DOC (RNBX)

**INTRODUCTION**

Mattel, Inc. ("Mattel")'s Motion to Compel Responses to its Third Set of Interrogatories ("Motion to Compel") should be denied as moot and MGA's cross-motion for a protective order should be granted.  Despite Mattel's attempts to recast their relevance in light of recent case developments, the subject interrogatories, served on April 8, 2010, seek information pertaining to Mattel's Thirteenth (actual fraudulent transfers), Fourteenth (constructive fraudulent transfers), Fifteenth (prohibited distributions), and Sixteenth (breach of constructive trust) counterclaims.  These counterclaims were rendered moot by the Ninth Circuit's opinion vacating the equitable relief of Phase 1, and later dismissed without leave to amend by this Court on August 2, 2010.[1]  Further, Mattel's Motion to Compel Responses to Interrogatories 16 to 18, all relating to Mattel's allegations of smuggling by MGA, should be denied because Mattel has already received testimony from ███████████████████████████████████████ ████████████████████████████  On this subject, there are no further facts to be discovered.

There can be no justification for allowing Mattel to continue its repetitive, vexatious and unfettered discovery into MGA's proprietary and confidential business information, in view of the fact that the interrogatories at issue do not bear on any claim or defense in this case.  Further, Mattel's newly minted argument that the subject interrogatories are relevant to issues relating to unfair competition, unclean hands, and damages is unavailing and unsupported by any of its allegations in the Fourth Amended Answer and Counterclaims.  Moreover, the information Mattel seeks has either already been provided (in some cases, *multiple* times), or is not information that MGA maintains in the regular course of its business.

The Court has described the breadth of discovery in this case as "staggering

---

[1] *Mattel, Inc. v. MGA Entertainment, Inc.*, No. 09-55673, 2010 WL 2853761 (9th Cir. July 22, 2010); Order On Motions To Dismiss, Docket No. 8423, filed on August 2, 2010 ("August 2 Order").

1  in scope" and previously advised Mattel to complete its Phase 2 discovery before
2  filing its FAAC.[2] That time has now passed. As the Court recently admonished,
3  "[i]t is long past time for Mattel and its lawyers to focus on *this* case."[3] Mattel
4  should not be permitted to seek discovery on counterclaims rendered moot by the
5  Ninth Circuit and dismissed by this Court. MGA's Motion for a Protective Order
6  should be granted, Mattel's Motion to Compel should be denied and the subject
7  interrogatories should be stricken.

8  ### FACTUAL BACKGROUND

9  Mattel served its Third Set of Interrogatories on April 8, 2010.[4] On May 13,
10  Mattel notified MGA that it had not yet received MGA's responses to the subject
11  interrogatories.[5] On the same day, MGA served its Responses to Mattel's Third Set
12  of Interrogatories.[6] On June 4, Mattel sent a letter to MGA requesting, amongst
13  other things, complete responses to its Third Set of Interrogatories the "bulk of"
14  which "seek straightforward numerical information that is relevant to Mattel's
15  ***breach of constructive trust claim***, among others."[7] (emphasis added). Tellingly,
16  in Mattel's June 4 letter, and all correspondence with MGA prior to the date of the
17  Ninth Circuit opinion, the ***only*** claim-based rationale provided by Mattel for
18  requesting MGA's responses to its Third Set of Interrogatories was its breach of
19  constructive trust claim.[8]

20  On June 15, the parties met and conferred on several discovery issues,

21

22  [2] Order Granting In Part And Denying In Part Motion For Leave To File FAAC, Docket No. 7712, filed on April 10, 2010, at 6.
23  [3] Order on Pending Discovery Motions, Docket No. 8459, filed on August 3, 2010, at 11.
24  [4] Third Set of Interrogatories to the MGA Parties (Phase 2), served on April 8, 2010
   [5] Declaration of Mark Wine ISO MGA Parties' Opposition to Motion to Compel
25  Responses to Mattel's Third Set of Interrogatories and Cross-Motion for Protective Order ("Wine Decl."), ¶ 2, Ex. A (5/13/2010 E-mail from Watson to Hurst, et al.).
26  [6] Response of MGA Parties to Mattel, Inc.'s Third Set of Interrogatories (Phase 2), served on May 13, 2010
27  [7] Wine Decl, ¶ 3, Ex. B (6/4/2010 Letter from Proctor to Parker)
   [8] In the same June 4 letter, Mattel rejected MGA's proposal to defer discussion of
28  Mattel's Third Set of Interrogatories until after the Court's hearing on the MGA Parties' motions to dismiss.

2

1    including the supplementation of MGA's responses to Mattel's Third Set of

2    Interrogatories.[9]  On July 1, Mattel sent an e-mail confirming MGA's agreement to

3    supplement its responses to Mattel's Third Set of Interrogatories by producing

4    financial planning and budget documents referenced during the deposition of

5    Patrick Ma.[10]  Two weeks later, on July 14, pursuant to the parties' agreement,

6    MGA produced these documents.[11]

7         On July 22, the Ninth Circuit issued its opinion, *Mattel, Inc. v. MGA*

8    *Entertainment, Inc.*, No. 09-55673, 2010 WL 2853761 (9th Cir. July 22, 2010),

9    thereby vacating the equitable relief from Phase 1 transferring rights in Bratz

10   intellectual property from MGA to Mattel.

11        On July 26, Mattel sent a letter to MGA expressing its dissatisfaction with the

12   documents produced by MGA in response to Mattel's Third Set of Interrogatories.[12]

13   Mattel filed the subject motion to compel responses on July 29.

14        On August 2, the Court issued its Order on Motions to Dismiss, thereby

15   dismissing Mattel's Thirteenth (actual fraudulent transfer), Fourteenth (constructive

16   fraudulent transfer), Fifteenth (prohibited distributions), and Sixteenth (breach of

17   constructive trust) Counterclaims without leave to amend.  The Order also

18   dismissed counter-defendant Omni 808 Investors, LLC.[13]

19                    **LEGAL STANDARD**

20   **A.**   **Federal Rules of Civil Procedure 26**

21        Federal Rule of Civil Procedure 26 provides that "[a] party or any

22   person from whom discovery is sought may move for a protective order in the court

---

[9] Wine Decl., ¶ 4, Ex. C (7/1/2010 E-mail from Watson to Hurst, et al.)

[10] *Id.*

[11] Wine Decl., ¶ 5, Ex. D (7/14/2010 Letter from Williams to Grundy) (notifying Mattel's counsel of production of Patrick Ma documents at MGA2 1737365-897).

[12] Wine Decl., ¶ 6, Ex. E (7/26/2010 Letter from Zeller to Hurst, et al. (incorrectly dated as June 26, 2010), at 2).

[13] On August 5, MGA sent a letter to Mattel requesting it to withdraw its Third Set of Interrogatories and the subject motion to compel responses thereto, on grounds that the discovery requests are mooted by the Ninth Circuit opinion and the Court's August 2 Order.  Wine Decl., ¶ 7, Ex. F (8/5/2010 Letter from Wine to Zeller, et al.).  Mattel replied stating that it would not withdraw its motion.

MGA'S OPPOSITION TO MOTION TO COMPEL RESPONSES TO
3RD SET OF ROGS; CROSS-MOTION FOR A PROT. OR.
CV-04-9049 DOC (RNBX)

where the action is pending." Fed. R. Civ. P. 26(c).  A Court may issue a protective

order to "protect a party from annoyance, embarrassment, oppression, or undue

burden or expense." Fed. R. Civ. P. 26(c)(1).  Protective orders provide a safeguard

for parties and other persons in light of the otherwise broad reach of discovery. Fed.

R. Civ. P. 26(c), Advisory Comm. Notes (1970); *United States v. Columbia*

*Broadcasting System, Inc.*, 666 F.2d 364, 368-369 (9th Cir. 1982).

Under Rule 26(b), a Court may limit the frequency and/or extent of

discovery if it determines that:

    (i)    the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;

    (ii)   the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or

    (iii)  the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2)(C)(i)-(iii).  Consistent with the principles of Rule 26,

federal courts have found good cause to issue protective orders where

interrogatories seek information not relevant to any claim or defense in the case.

*See, e.g., Ocean Atlantic Woodland Corp. v. DRH Cambridge Homes, Inc.*, 262 F.

Supp. 2d 923, 930 (N.D.Ill. 2003) (granting protective order against interrogatories

seeking information regarding communications having "absolutely no relevance to

the subject matter of this lawsuit").  Likewise, courts have declined to compel

responses to interrogatories seeking information that are not kept in the ordinary

course of business. *See Peterson v. Seagate U.S. LLC*, 2009 WL 3430150, at *2

(D.Minn. Oct. 19, 2009) (denying motion to compel responses to interrogatories to

the extent that defendants did not keep such information in their ordinary course of

business).  Additionally, federal courts have issued protective orders in cases where

interrogatories sought information that would be duplicative or cumulative to prior

1    deposition testimony. *See H.M. Sendi v. Prudential-Bache Securities*, 100 F.R.D.

2    21, 22-23 (D.D.C. 1983) (granting protective order as to interrogatories duplicative

3    of prior depositions, and finding that requiring a party to answer would be

4    "burdensome, vexations, oppressive, and totally without justification"); *see also*

5    *Starlight Int'l, Inc. v. Herlihy, Jr.*, 186 F.R.D. 626, 641 (D. Kansas 1999) ("When a

6    party has submitted to the taking of his deposition at the request of his opponent

7    and thereafter he is served with written interrogatories by the same opponent, to the

8    extent that the interrogatories make inquiry into the same particulars covered in the

9    prior deposition, the use of interrogatories is an abuse of discovery procedure and is

10   oppressive within the meaning of Rule 30(d).").[14]

11        **B.   Mootness**

12        It is axiomatic that mootness can arise at any stage of litigation, and that

13   federal courts should not give opinions upon moot questions or abstract

14   propositions. *Calderon v. Moore*, 518 U.S. 149, 150, 116 S. Ct. 2066, 2067 (1996)

15   (per curiam) (quoting *Mills v. Green*, 159 U.S. 651, 653, 16 S. Ct. 132, 133 (1895)).

16   This principle applies equally to all aspects of a case, including the adjudication of

17   discovery motions.  Federal courts, for instance, have denied discovery motions,

18   where the underlying discovery requests have been rendered moot by subsequent

19   orders. *AET Rail Group, LLC v. Siemens Transp. Systems, Inc.*, 2010 WL 2649885,

20   at *2 (W.D.N.Y. June 30, 2010) (denying motion to compel responses to requests

21   for production of documents mooted by summary judgment decision); *Alliance for*

22   *Democracy v. Federal Election Comm'n*, 335 F.Supp.2d 39, (D.D.C. 2004)

23   (denying plaintiff's motion to compel discovery responses as moot, after granting

24

---

25   [14] *See also Richlin v. Sigma Design West, Ltd.*, 88 F.R.D. 634, 640 (E.D. Cal. 1980)
     ("It is clear that the fact that a litigant can engage in successive sets of

26   interrogatories is not a license to engage in 'repetitious, redundant and tautological'
     inquiries.  This Court cannot fathom why such patently unnecessary inquiries

27   should be sanctioned merely because the seeker has chosen two differing successive
     methods, i.e., depositions and then interrogatories or vice versa, as opposed to

28   interrogatories upon interrogatories.") (internal citations omitted).

1   defendant's motion to dismiss); *Weed Wizard Acquisition Corp. v. A.A.B.B., Inc.*,

2   201 F. Supp. 2d 1252, 1264 (N.D. Ga. 2002) (denying plaintiff's motions to compel

3   as moot, after dismissing plaintiff's fraud claim to which the original discovery

4   requests were relevant).

5       Mattel's Motion to Compel should be denied as moot in view of the Ninth

6   Circuit's recent opinion vacating the equitable relief granted in Phase 1, and this

7   Court's August 2 Order dismissing Mattel's Counterclaims 13-16. Likewise, the

8   Court should grant MGA's cross-motion for a protective order as to the subject

9   interrogatories, which seek information not relevant to any claim or defense in this

10  action.

11                            **ARGUMENT**

12  **C.    MGA Did Not Waive Its Objections To Mattel's Third Set Of**
        **Interrogatories.**
13

14      As a preliminary matter, Mattel takes issue with MGA's objections to its

15  Third Set of Interrogatories, served three days late, and insists that MGA has

16  waived its objections.[15] Mattel's argument fails for two reasons.  First, waiver

    would only apply, if at all, to those objections MGA could have asserted on May
17
    10, 2010, the date upon which MGA's responses were originally due.[16]  By way of
18
    this opposition, MGA now raises objections to Mattel's interrogatories on grounds
19
    that the interrogatories are mooted by the Ninth Circuit opinion vacating the
20
    equitable relief from Phase 1 (issued on July 22, 2010) and the Court's Order
21
    dismissing Mattel's Counterclaims 13-16 (filed on August 2, 2010), both events
22
    occurring after May 10, 2010.  MGA could not have raised these objections at that
23
    time, and therefore could not have waived them.
24
        Second, as to MGA's prior objections, the Court should decline to find a
25
    Rule 33(b)(4) waiver because Mattel has suffered no prejudice, and there has not
26
    been undue delay in objecting to Mattel's Third Set of Interrogatories. *See*
27
    ───────────────────────
28  [15] Motion to Compel at 13-17.
    [16] *Id.* at 15.

1    *Burlington Insurance Co. v. Okie Dokie*, Inc., 368 F. Supp. 2d 83, 91 (D.D.C. 2005)

2    (declining to waive objections to defendant's interrogatories, served nine days late,

3    where defendant will suffer no prejudice by the delay and plaintiff has not

4    "demonstrated a patter of misconduct that would warrant the relatively harsh

5    punishment sought at this stage"); *Brock v. Gerace*, 110 F.R.D. 58, 65 (D.N.J.

6    1986) (objections to interrogatories not waived where tardiness not shown to have

7    caused undue delay or prejudice).  MGA's objections were served a mere ***three***

8    days late. *See Blumenthal v. Drudge*, 186 F.R.D. 236, 240 (D.D.C. 1999)

9    (declining to find waiver where objections to interrogatories were served *five to*

10   *nine days late* where the court "likely would have granted a motion for an extension

11   of time had such a request been made in advance of the due date."); *Bohlin v. Brass*

12   *Rail, Inc.*, 20 F.R.D. 224, 225-26 (S.D.N.Y. 1957) (declining to waive objections

13   where discovery responses were served almost two months late).  In view of the

14   fact that no trial date or discovery deadline had been set at the time, it is hard to

15   imagine any prejudice suffered by Mattel.

16        Furthermore, Mattel's statements that MGA failed to respond further to its

17   inquiries regarding the interrogatories are simply false.[17]  Mattel ignores the fact

18   that, during a meet and confer on June 15, 2010, Mattel and MGA agreed that

19   MGA would search for and produce certain documents as a "partial response" to

20   Mattel's Third Set of Interrogatories.[18]  Consistent with that agreement, MGA

21   promptly produced those documents as requested by Mattel.[19]  In reality, Mattel is

22   grounding its waiver argument on an isolated instance in this case when a discovery

23   request got overlooked in the sea of discovery for a few days, and then was

24   promptly rectified.  Mattel has failed to demonstrate any prejudice or bad faith here,

25   and thus, a finding of waiver is unwarranted.

26

---

27  [17] *Id.*
 [18] *See* Wine Decl., ¶ 4, Ex. C (7/1/2010 E-mail from Sarles to Hurst and

28  McConville).
 [19] MGA2 1737365-897 (produced on July 14, 2010).

D.   **Mattel's Interrogatory Nos. 1 to 15 Should Be Stricken and Its
     Motion to Compel Responses Thereto Should Be Denied As Moot**

As set forth below, each of Interrogatory Nos. 1 to 15 of Mattel's Third Set
of Interrogatories are mooted by the Ninth Circuit's recent opinion and this Court's
August 2 Order dismissing Mattel's Thirteenth, Fourteenth, Fifteenth, and Sixteenth
Counterclaims.  Mattel attempts to broadly expand its unfair competition claim and
unclean hands affirmative defense to cover the subject interrogatories.  This
argument, however, is unsupported by any factual allegations in the FAAC, and
moreover, would expand Mattel's claims and defenses to cover virtually any
conduct by MGA or Isaac Larian.  Additionally, the subject interrogatories seek
information that has already been provided through binding 30(b)(6) testimony.
The subject interrogatories should be stricken as moot, and Mattel's Motion to
Compel should be denied.

1.   **Interrogatory No. 1:  MGA's Claimed Or Actual Security
     Interests In Or Relating To Bratz Intellectual Property**

Interrogatory 1 asks MGA to "IDENTIFY any claimed or actual security
interests in or relating to BRATZ intellectual property."[20]  This interrogatory is
obviously directed to Mattel's allegations that MGA purported to transfer a security
interest in the Bratz-related IP to Omni 808, after the equitable relief of Phase 1.[21]
These allegations closely track the language of the interrogatory ("MGA purported
to transfer a security interest in its Bratz-related intellectual property"), and form
the basis of Mattel's fraudulent transfer counterclaims.

In dismissing Mattel's fraudulent transfer counterclaims, this Court held that
"Mattel *never* had a valid property right to the Bratz intellectual property," and, in
any case, "failed to allege a *transfer* that put the Bratz intellectual property beyond

---

[20] Mattel's Third Set of Interrogatories, at 8.
[21] FAAC, at ¶ 207(b).  Notably, the only factual allegations contained in Mattel's
FAAC regarding MGA's "claimed or actual security interests" in Bratz intellectual
property are alleged in support of Mattel's *now-dismissed* Thirteenth and
Fourteenth counterclaims.  *See* FAAC, ¶¶ 107, 116, 207(b).

1   [Mattel's] reach."[22]  MGA's claimed security interests in Bratz intellectual property

2   is not relevant in view of the Ninth Circuit's opinion vacating the equitable relief of

3   Phase 1, and the Court's August 2 Order.

4       Moreover, Mattel has already questioned MGA at a number of depositions

5   about any actual security interests in Bratz intellectual property that MGA might

6   have purportedly granted to Wachvoia and subsequently assigned to Omni 808.  As

7   an illustration, MGA's 30(b)(6) witness, ████████████ provided binding testimony

8   on this very subject:



[22] August 2 Order, at 37, 40 (emphasis added).

9

1
2
3
4
5
6
7
8
9
10
11

The Court found that Mattel never had a valid property right in Bratz intellectual property.  It is abundantly clear from ████████ binding 30(b)(6) testimony that MGA did not transfer security interests in Bratz intellectual property to Omni 808.  As such, the information sought through this interrogatory is both moot and irrelevant.  Mattel's Motion to Compel should be denied as moot, and Interrogatory No. 1 stricken.

**2.  Interrogatory Nos. 2 to 13:  MGA's Allocation of Costs and Resources Pertaining To MGA's Bratz and Moxie Girlz**

Interrogatory Nos. 2 to 13 seek information with respect to the Bratz and Moxie Girlz product lines; namely, MGA's promotional, production, and development costs; product offerings; and the numbers of employees working on each product line.  These interrogatories concern Mattel's allegations that MGA "cannibalized" Bratz and funneled its resources into Moxie Girlz in breach of the constructive trust imposed after Phase 1.[23]  Indeed, on June 4, 2010, Mattel told MGA in a letter that "[t]he bulk of the interrogatories in the Third Set merely seek straightforward numerical information that is relevant to Mattel's ***breach of***

---

[23] FAAC, ¶¶ 91-93.

1   *constructive trust claim,* among others."[24]  Mattel's motion to compel mirrors the

2   language of its letter, but conveniently omits the last clause with regard to the

3   breach of constructive trust claim.[25]  In addition, Mattel's motion to compel cites to

4   Paragraphs 92-93 of the FAAC to support the relevance of its Interrogatory Nos. 1

5   through 13.[26]  The cited portions of the FAAC, however, are directed to Mattel's

6   allegations that MGA diverted resources from Bratz into Moxie Girlz in an effort to

7   reduce the value of Bratz, "the brand that rightly belongs to Mattel."[27]  Despite

8   Mattel's attempt to re-cast the relevance of these interrogatories, the cited

9   paragraphs of the FAAC are clearly directed to Mattel's breach of constructive trust

10  claim.

11       It is beyond questioning that Mattel's breach of constructive trust

12  counterclaim is moot.  In its recent opinion, the Ninth Circuit held that "[t]he very

---

[24] Wine Decl., ¶ 3, Ex. B. (emphasis added).
[25] Motion to Compel, at 3. ("The bulk of the interrogatories in the Third Set seek straight forward numerical information relevant to the parties' claims and potential damages.")
[26] Motion to Compel, at 8, fn 29.
[27] *See* FAAC, ¶¶ 91-92:

> After the jury verdicts and Court's rulings that Mattel is the rightful owner of Bratz ... MGA dramatically decreased its investments in Bratz and instead allocated its resources elsewhere, reducing the value of the brand that rightly belongs to Mattel.  MGA dumped Bratz product on the market with the purpose of maximizing short term gains and the effect of decreasing the value of Bratz ... Following the issuance of the Court's and jury's rulings, MGA launched a new doll line, in 2009, designed to replace Bratz.  MGA cannibalized Bratz to create this line.  MGA used resources that were otherwise dedicated to Bratz to support the new line.  MGA took elements from Bratz, including ideas and designs meant for Bratz, and used them instead on the new line, called "Moxie Girlz."

and FAAC, ¶¶ 231-234 ("Sixteenth Counterclaim, Breach of Constructive Trust"):

> As constructive trustees, [MGA and Larian] were required to preserve [Bratz], and to protect it against destruction or loss in value.  Instead of satisfying those duties, MGA [and] Larian wrongfully permitted an intentionally caused Bratz to lose value.  They failed to act as faithful trustees ... MGA and Larian ... set about to liquidate and devalue Bratz for their own benefit, including through a series of financial transactions that had the actual and intended effect of draining MGA of assets, including assets that were critical to maintaining the value of Bratz and promoting it.

broad constructive trust the district court imposed ***must be vacated*** regardless of whether Bryant's employment agreement assigned his ideas to Mattel." *Mattel, Inc. v. MGA Entertainment, Inc.*, No. 09-55673, 2010 WL 2853761, at *3 (9th Cir. July 22, 2010).  Twelve days later, this Court dismissed Mattel's breach of constructive trust counterclaim, and in so doing held that,

> [T]he order imposing the constructive trust was invalid, because it was overbroad and predicated upon verdicts that were reached after improper instruction.  Mattel never had a valid property right to the Bratz intellectual property, and suffered no damage as a result of Larian/MGA's alleged breach of the constructive trust imposed after Phase 1.[28]

There can also be no serious dispute that Interrogatories 2 to 13, which seek to juxtapose and contrast MGA's expenditures and resources for Bratz and Moxie Girlz in support of its breach of constructive trust counterclaim, are now rendered moot by the Ninth Circuit's opinion and this Court's August 2 Order.

Moreover, with respect to Interrogatory Nos. 2 to 9, Mattel's argument that it is entitled to this information for other reasons unrelated to the now irrelevant breach of constructive trust counterclaim is disingenuous, ▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *See Peterson v.*

---

[28] August 2, Order at 40 (citation omitted).

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

1   *Seagate U.S. LLC*, 2009 WL 3430150, at *2 (D.Minn. Oct. 19, 2009) (denying

2   motion to compel responses to interrogatories to the extent that defendants did not

3   keep such information in their ordinary course of business).  As defined,

4   Interrogatories 2 to 9 seek information regarding MGA's "INVESTMENTS"

5   regarding Bratz and Moxie Girlz.  Mattel's definition of "INVESTMENTS"

6   specifically excludes the costs of goods sold.[30] ████████████████████

7   ███████████████████████████████████████████████████████████████

8   ███████████████████████████████████████████████████████████████

9        Mattel's attempts to characterize its interrogatories as seeking

10  "straightforward identification" and "numerical responses" with respect to the Bratz

11  and Moxie product lines is a transparent ruse.  This is not a general request for the

12  discovery of financial information.  If it were, it would be duplicative of dozens of

13  other discovery efforts by Mattel that have resulted in the production of many

14  thousands of pages of MGA's financial materials in this case.[31]  Rather, Mattel's

15  interrogatories are specifically directed to Mattel's theory that MGA diverted

16  ███████████████████████████████████████████████████████████

17  ███████████████████████████████████████████████████████████

18  ███████████████████████████████████████████████████████████

19  ███████████████████████████████████████████████████████████

20  [30] Third Set, at ¶ 8 ("For the purposes of these Interrogatories, INVESTMENTS do not include costs of good sold.")

21  ███████████████████████████████████████████████████████████

22  ███████████████████████████████████████████████████████████

23  ███████████████████████████████████████████████████████████

24  ███████████████████████████████████████████████████████████

25  ███████████████████████████████████████████████████████████

26  ███████████████████████████████████████████████████████████

27  ███████████████████████████████████████████████████████████

28  ███████████████████████████████████████████████████████████

1   resources from Bratz into Moxie Girlz in an effort to reduce the value of Bratz in

2   breach of the constructive trust -- a claim that has now been dismissed in this case.

3   Mattel's Interrogatories 2 to 13, which seek irrelevant information, should be

4   stricken, and Mattel's Motion to Compel should be denied as moot.

5   ### 3.   Interrogatory Nos. 14 and 15: MGA's "Net Worth"

6   Interrogatory Nos. 14 and 15 seek information regarding MGA's current and

7   historical "net worth" since 2007. These interrogatories are directed to MGA's

8   solvency (or, as alleged by Mattel, lack thereof), an issue which goes directly to the

9   heart of Mattel's Thirteenth (actual fraudulent transfer), Fourteenth (constructive

10  fraudulent transfer) and Fifteenth (prohibited distributions) Counterclaims.[32] Under

11  the Court's August 2 Order, these counterclaims are now dismissed without leave

12  to amend.[33] Accordingly, Mattel's motion should be denied as moot, and the

13  subject interrogatories stricken.

14  Furthermore, these interrogatories should be denied on grounds that they are

15  duplicative of MGA's prior 30(b)(6) testimony. *H.M. Sendi v. Prudential-Bache*

16  *Securities*, 100 F.R.D. 21, 22-23 (D.D.C. 1983); *Starlight Int'l, Inc. v. Herlihy, Jr.*,

17  186 F.R.D. 626, 641 (D. Kansas 1999). In its motion, Mattel argues that MGA has

18  already been ordered to produce documents *referring or relating* to MGA's net

19  worth.[34] Mattel, however, misapprehends MGA's discovery obligations and the

20  Court's prior orders on two points. First, the orders cited by Mattel were issued

21  long before this Court's August 2 Order dismissing Mattel's fraudulent transfer and

22  prohibited distribution counterclaims. Second, to the extent that MGA's "net

23  worth" is still relevant after the dismissal of Mattel's Thirteenth, Fourteenth, and

---

24  [32] Both constructive and fraudulent transfer counterclaims consider "insolvency" as

25  one of the factors in determining if a transfer with fraudulent. Cal. Civ. Code §
    3439.04(b); § 3439.04(a)(2); *see also Intervest Mortgage Co. v. Skidmore*, 655 F.

26  Supp. 2d 1100, 1104-05 (E.D. Cal. 2009). Further, the "balance sheet test," one of
    the generally accepted tests for determining insolvency, requires an analyst to

27  determine the net worth of an entity. *Se Constructora Maza, Inc. v. Banco de
    Ponce*, 616 F.2d 573, 577 (1st Cir. 1980).

    [33] August 2 Order, at 35-41.

28  [34] Motion to Compel, at 9.

1    Fifteenth Counterclaims, the orders cited by Mattel require MGA to produce either

2    documents reflecting MGA's net worth (to the extent any such documents exist) or

3    documents that would underlie a net worth analysis.  MGA, on the other hand, is

4    not required to perform a determination of its own net worth.[35]  This is an area that

5    is clearly within the province of expert analysis and/or testimony.  *See e.g.,*

6    *Rosenau v. Unifund Corp.*, 646 F. Supp. 2d 743, 754 (E.D. Pa. 2009) (holding that

7    the question of net worth would require expert testimony).  ▮▮▮▮▮▮▮▮▮

8    ████████████████████████████████████████████████

9    ████████████████████████████████████████████████

10   ████████████████████████████████████████████████

11   ████████████████████████████████████████████████

12   ████████████████████████  *See Peterson v. Seagate U.S. LLC*, 2009

13   WL 3430150, at *2 (D.Minn. Oct. 19, 2009).

14         Moreover, the subject interrogatories blatantly seek to circumvent the Court's

15   prior order limiting deposition testimony on MGA's net worth.  On April 27, 2010,

16   Mattel sought to compel further 30(b)(6) deposition testimony from MGA with

17   regard to "financial condition, net worth, and potential insolvency."  On June 14,

18   2010, this Court *partially* granted Mattel's motion, ordering MGA to provide a

19   ──────────────────────────────────────────────────
     [35] Furthermore, Mattel's accusation that MGA "suppressed" documents relating to
20   net worth is absurd. ▮▮▮▮

21   ████████████████████████████████████████████████

22   ████████████████████████████████████████████████

23   ████████████████████████████████████████████████

24   ████████████████████████████████████████████████

25   ████████████████████████████████████████████████

26   ████████████████████████████████████████████████

27   [36] *See* MGA 30(b)(6) Deposition Transcript of Lisa Tonnu, Vol. 2, dated Sept. 24,
     2007; see also MGA 30(b)(6) Deposition of Stephen Schultz, Vol. 4, dated March
28   26, 2010.

1   witness to testify for **one** hour with regard to insolvency only .[37]  Mattel now seeks

2   to circumvent the limitations of the Court's June 14 Order by compelling MGA to

3   respond to interrogatories that are not even relevant in the first place.  With respect

4   to Interrogatories 14 and 15, Mattel's Motion to Compel should be denied as moot,

5   and the subject interrogatories stricken.

6        E.    **Mattel's Motion To Compel Responses To Interrogatory Nos. 16**
**to 18 Should Be Denied Because They Seek Information Not**

7           **Relevant To Any Claim Or Defense In This Case.**

8       Interrogatory Nos. 16 to 18 seek information regarding ▮▮▮▮▮▮▮▮▮

9   referenced in MGA2 0327614-615.  Mattel argues that this information is relevant

10   to its unfair competition claim, unclean hands affirmative defense, and MGA's

11   unclean hands affirmative defense.[38]  To the contrary, Mattel's FAAC is completely

12   devoid of any allegation or reference to "smuggling" by MGA.  Moreover, Mattel's

13   cursory citations to the FAAC simply do not support its contention that this issue is

14   relevant.  First, the cited portions provide a bare recitation of legal elements,

15   without any reference to smuggling by MGA (or anyone for that matter).[39]  Second,

16   the only factual allegation referenced in the cited portions of the FAAC is "MGA's

17   commercial bribery of [Carter Bryant]."  Under Mattel's spurious argument, any

18   conduct under the sun, unlimited in temporal scope, by MGA or Isaac Larian could

19   be relevant to its unfair competition counterclaim. Mattel is defining relevance as

20   whatever it finds to be an interesting topic to explore regardless of its lack of

21   apparent relationship to anything else in the case.

22       Even if MGA's objections were waived as to these interrogatories, the Court

23   should still examine the underlying interrogatories for relevance before compelling

24   MGA to respond. *See Shenker v. Sportelli*, 83 F.R.D. 365, 367 (E.D.Pa. 1979)

25   (notwithstanding defendants' untimely objections to interrogatories, finding it

26   _____

27   [37] Order re Mattel's Motion to Compel MGA To Produce 30(b)(6) Witnesses, Docket No. 8104, dated June 14, 2010, at 10.

28   [38] Motion to Compel, at 11.
[39] FAAC, at 24 and 86.

MGA'S OPPOSITION TO MOTION TO COMPEL RESPONSES TO
3RD SET OF ROGS; CROSS-MOTION FOR A PROT. OR.
CV-04-9049 DOC (RNBX)

1  advisable for the court to analyze the discovery requests for relevance before

2  compelling their complete responses).  ███████████████████████████

3  ████████████████████████████████        ████████████████████

4  ███████████████████████ does not justify the inquiries that Mattel seeks,

5  especially in light of the fact that the information sought is irrelevant.  MGA has no

6  additional facts responsive to these interrogatories, and Mattel should not be

7  permitted to continue its never-ending inquiry into matters that are not relevant to

8  any claim or defense in this case.  Mattel's Motion to Compel should be denied.

9      **F.**    <u>**MGA's Motion For Protective Order Should Be Granted To**</u>

10              <u>**Prevent Mattel From Continuing Its Harassing Discovery Tactics.**</u>

11        For the reasons stated above, a protective order as to Mattel's Third Set of

12  Interrogatories is warranted.  Mattel should not be permitted to continue its

13  duplicative, burdensome and unjustified inquiries into matters, which Mattel itself

14  argued were relevant to counterclaims since rendered moot by the Ninth Circuit and

15  dismissed in the Court's August 2 Order.  Furthermore, as much as it wants to

16  pound a square peg into a round hole, Mattel's attempts to hang its irrelevant

17  discovery requests on its unfair competition claim and unclean hands affirmative

18  defense are unavailing.  MGA respectfully submits that its Motion for a Protective

19  Order be granted.

20

21

22

23

24

25

26

27  ████████████████████████████████████████████████████████████

28  ████████████████████████████████████████████████████████████

1

## CONCLUSION

2       For the foregoing reasons, MGA respectfully requests that the Court

3   deny Mattel, Inc.'s Motion to Compel Responses to [Interrogatory Nos. 1-7 and 10-

4   18 of] Mattel's Third Set of Interrogatories to the MGA Parties.

5                 Respectfully submitted

6   Dated:    August  10, 2010    ORRICK, HERRINGTON & SUTCLIFFE LLP

7

8                        By: _____

9                               Mark P. Wine
                             Attorneys for MGA Parties

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28