ANNETTE L. HURST (State Bar No. 148738)
ahurst@orrick.com
WARRINGTON S. PARKER III (State Bar No. 148003)
wparker@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
405 Howard Street
San Francisco, CA 94105
Telephone: 415-773-5700/Facsimile: 415-773-5759

WILLIAM A. MOLINSKI (State Bar No. 145186)
wmolinski@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA 90017
Telephone: 213-629-2020/Facsimile: 213-612-2499

THOMAS S. MCCONVILLE (State Bar No. 155905)
tmcconville@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
4 Park Plaza, Suite 1600
Irvine, CA 92614-2258
Tel: (949) 567-6700/Fax: (949) 567-6710

Attorneys for MGA Parties

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | Case No. CV 04-9049 DOC (RNBx)<br><br>Consolidated with:<br>Case No. CV 04-9059<br>Case No. CV 05-2727<br><br>**MGA'S OPPOSITION TO MATTEL, INC.'S MOTION TO COMPEL RESPONSES TO FIRST SET OF INTERROGATORIES TO THE MGA PARTIES**<br><br>Date: TBD<br>Time: TBD<br>Place: TBD<br><br>Discovery Cutoff: TBD<br>Pre-trial Conference: TBD<br>Trial: January 11, 2011 |

MGA's Opposition to Mattel, Inc.'s Motion to Compel Responses
to First Set of Interrogatories to The MGA Parties
CV-04-9049 DOC (RNBX)

# INTRODUCTION

On July 30, 2010, Mattel, Inc. filed a motion to compel responses to five interrogatories from the First Set (Phase 2) served on the MGA Parties. Mattel claims the interrogatories (Nos. 1-3, 5 and 9) "seek relevant, discoverable information" and there is no proper basis for refusing to answer them. Notice, p. 2:8-10. However, this Court's August 2, 2010 Order on the counter-defendants motions attacking Mattel's counterclaims in the Fourth Amended Answer and Counterclaim ("FAAC") renders irrelevant Mattel's motion to compel responses to Interrogatories 1-3 and 5. Those interrogatories seek information about payments by the MGA Parties that Mattel alleges were fraudulent conveyances, or improper distributions to shareholders, or otherwise undermined Mattel's priority as a creditor of MGA. But the Court's Order dismissed Mattel's claims for fraudulent conveyances and shareholder distributions (Thirteenth through Fifteenth Counterclaims), and found that the same payments or distributions did not cause Mattel any concrete financial harm recoverable under RICO.

The remaining interrogatory, No. 9, is hopelessly overbroad and burdensome, and no response should be ordered. It asks:

> Describe, with specificity, each and every DOCUMENT or other item or matter that was or could have been relevant to this action, or had or could have had any connection with this action, that was destroyed, lost, altered, modified, tampered with, redacted, deleted or otherwise spoliated by or on YOUR behalf (excepting DOCUMENTS which have been redacted for production to MATTEL in this action and clearly marked as such), and IDENTIFY all PERSONS who have or may have knowledge of the foregoing and all DOCUMENTS that REFER OR RELATE to the foregoing.

The supposed significance of Interrogatory No. 9 also has been reduced because of the recent decisions by the Ninth Circuit and this Court. Moreover, Mattel has thoroughly explored this area in various depositions, including a recent 30(b)(6)

///

- 1 -

MGA's Opposition to Mattel, Inc.'s Motion to Compel Responses
to First Set of Interrogatories to The MGA Parties
CV-04-9049 DOC (RNBX)

deposition of MGA. For these and other reasons discussed *infra*, no further response should be ordered.

In sum, Mattel's Motion is without merit and should be denied in its entirety.[1]

## ARGUMENT

A. <u>The Court's 8/2/10 Order Renders Interrogatories 1-3 and 5 Irrelevant.</u>

Interrogatories 1-3 and 5 seek evidence of various payments and distributions by the MGA Parties, and Mattel claims the interrogatories are "directly relevant" to its claims for fraudulent transfers and improper distributions to MGA shareholders (Thirteenth through Fifteenth Counterclaims) *and* its RICO claims (First and Second Counterclaims).[2] *See* Motion, p. 5:20; *see also id*. p. 5:2-6 (payments "made by the MGA Parties with the intent to defraud Mattel as a creditor are relevant to Mattel's claims for fraudulent conveyances and RICO violations"); p. 5:7-16 (elaborating on how challenged payments relate to Thirteenth through Fifteenth Counterclaims); p. 5:16-19 ("fraudulent distributions" are relevant to RICO predicate acts of mail/wire fraud and to RICO conspiracy allegations "that the MGA Parties and Omni 808 conspired to create a financing front to prevent Mattel from recovering the fruits of this lawsuit").

Discovery requests can be rendered irrelevant and moot by intervening court rulings. *See, e.g.*, *AET Rail Group, LLC v. Siemens Transp. Systems, Inc.*, 2010 WL 2649885, at *2 (W.D.N.Y. June 30, 2010) (denying motion to compel responses to requests for production of documents mooted by summary judgment decision); *Alliance for Democracy v. Federal Election Comm'n*, 335 F.Supp.2d 39,

---

[1] In their responses, MGA and MGA HK made several other objections to Mattel's interrogatories, some of which are not addressed in this Opposition. By omitting argument on those objections, MGA and MGA HK does not intend to waive those objections.

[2] As Mattel acknowledges in its Motion, MGA and MGA HK responded to these interrogatories regarding payments and distributions made after August 26, 2008. Motion, p. 5:22-6:5.

(D.D.C. 2004) (denying plaintiff's motion to compel discovery responses as moot, after granting defendant's motion to dismiss); *Weed Wizard Acquisition Corp. v. A.A.B.B., Inc.*, 201 F. Supp. 2d 1252, 1264 (N.D. Ga. 2002) (denying plaintiff's motions to compel as moot, after dismissing plaintiff's fraud claim to which the original discovery requests were relevant).

Here the Court's August 2 order *dismissed* without leave to amend the Thirteenth through Fifteenth Counterclaims (Order, pp. 35-40), and found that Omni 808's acquisition of the Wachovia debt of MGA (*i.e.*, the alleged "financing front") did *not* cause any cognizable RICO injury to Mattel (Order, pp. 22-24). (Indeed, the Court dismissed Omni 808 from this case, without leave to amend. *Id*.) The Court also found that Mattel cannot base a RICO injury upon "concealment of funds obtained as a result of MGA and Larian's alleged RICO violations," or "Mattel's loss of priority as a result of the Omni [Wachovia debt] transaction," or "dissipation of MGA funds," because they "are not 'concrete financial injuries'" and thus "not recoverable under § 1964(c)." Order, pp. 18-19. At this juncture, "Mattel lacks priority because it has no judgment against any of the counter-defendants." Order, p. 19. Thus, Mattel does not have any claim to the assets of the MGA Parties. Order, p. 19 ("[a]ccess to MGA's funds and intellectual property is nothing more than an intangible business interest (if that). Such interests are not recoverable under § 1964(c).").

With respect to the Omni transaction, the Court explained that Mattel's alleged loss of priority as a creditor was not a RICO injury, because "Mattel never did and does not now have an enforceable judgment against MGA due to the Ninth Circuit's rulings with respect to the post-Phase 1 equitable relief." Order, p. 23. The Court also stated that: "Even if Mattel *did* have a judgment, it would not have suffered any concrete financial injury unless it attempted in vain to enforce that judgment." *Id*. No such attempts have been made.

///

- 3 -

MGA's Opposition to Mattel, Inc.'s Motion to Compel Responses
to First Set of Interrogatories to The MGA Parties
CV-04-9049 DOC (RNBX)

Because Mattel has no present claim to the assets of the MGA Parties and no right to priority as a creditor, it cannot base a RICO injury on the payments and distributions (including the Omni transaction) covered in Interrogatories 1-3 and 5. Nor can it charge those payments and distributions (including the Omni transaction) as fraudulent transfers and/or improper distributions to shareholders, because the Court has dismissed those claims without leave to amend.

In short, Mattel's Interrogatories 1-3 and 5 are now irrelevant to the issues to be tried. Its motion to compel responses to those interrogatories should therefore be denied.

### B. Interrogatory No. 9 Re: Spoliation Is Fundamentally Improper.

Interrogatory No. 9 seeks information about alleged evidence spoliation. Spoliation of evidence occurs when evidence is destroyed, altered, or not preserved "for another's use as evidence, in pending or future litigation." *Lewis v. J.C. Penny, Inc.*, 12 F.Supp.2d 1083, 1086 (E.D. Cal. 1998). Mattel's RICO predicate act of evidence tampering (18 U.S.C. §1512(c), FAAC ¶124(c)) requires that the tampering be done "corruptly," and "with the intent to impair the object's integrity or availability for use in an official proceeding." The motion to compel a response to Interrogatory No. 9 should be denied.

First, the Interrogatory is a huge fishing expedition – and would have MGA do the fishing for Mattel. The Interrogatory is devoid of any temporal or subject matter limitation. On the one hand, it reaches for each document that "was or could have been relevant" or "could have had any connection to this action" – *i.e.*, not merely to particular material issues, persons or elements of claims for relief, but to the entire "action," without regard to time. As a result, virtually every business record of the MGA Parties falls within the Interrogatory. On the other hand, the Interrogatory seeks each document that was "destroyed, lost, altered, modified, tampered with, redacted, deleted or otherwise spoliated." Although Mattel's RICO

theory of evidence tampering requires intentional, corrupt, misconduct, Mattel's interrogatory is not limited to such conduct. It includes, *e.g.*, actions taken per document retention policies, or accidentally, or to eliminate extra copies or drafts or print outs of electronic material.

As a result of its unlimited breadth, the Interrogatory requires the MGA Parties to turn their files and records upside down to search for potentially responsive materials. Each past and present employee, each file, and each computer or other device containing business information, would have to be examined in order to prepare an accurate and complete response. That would be a herculean task akin to looking for needles in a huge haystack – without even knowing if any needles are there in the first place.

Second, the Interrogatory is thus also prohibitively burdensome. Given the size of MGA and its subsidiaries, and the many years at issue here, preparing a reasonably complete and accurate response obviously would involve a massive undertaking . This would be expensive, intrusive, and inconvenient at any time – but is particularly so now, since the matter has been set for trial (including, likely, a retrial of most of Phase 1). Moreover, that undertaking would be grossly disproportionate to the potential relevance of any responsive materials that *might* be discovered. After all, Mattel has already identified and extensively focused on several incidents of alleged spoliation;[3] has had years of discovery; has obtained millions of pages of documents; and has deposed or examined numerous witnesses[4]

---

[3] The FAAC alleges spoliation by Farhad Larian, Isaac Larian, Victoria O'Connor, Brian Wing, Carter Bryant, and Gustavo Machado. ¶95.

[4] Mattel already has deposed Isaac Larian for days and examined him at trial (depo: 7-18-06, 3-26-08, 12-10-09, 12-11-09, 12-18-09, 12-19-09, 12-20,09, 4-12-10, and 7-7-10; trial: 6-5-08, 6-6-08, 6-10-08, 6-11-08, 8-6-08, 8-7-08, and 8-15-08). It also has deposed and examined at trial Carter Bryant (depo.: 11-04-04, 11-05-04, 11-08-04, 01-23-08, and 1-24-08; and trial 6-10-08, 6-11-08, 6-12-08, 6-13-08, 06-17-08, 6-18-08, 6-20-08, and 08-08-08) and has entered into a settlement agreement with him. Farhad Larian also has been deposed and testified at trial (depo.: 2-4-08 and 5-6-08; trial 7-1-08); Gustavo Machado has been deposed (10-14-08, 01-19-10, 4-21-10, 4-22-10, 4-23-10 and 4-24-10). Brian Wing has been deposed (2-17-10, 2-18-10, 2-19-10 and 3-6-10), as has Joe Tiongco, MGA's Director of Network

- 5 -   MGA's Opposition to Mattel, Inc.'s Motion to Compel  Responses
to First Set of Interrogatories to The MGA Parties
CV-04-9049 DOC (RNBX)

– including, recently, MGA's representative in a FRCP 30(b)(6) deposition on the precise topic of alleged spoliation of evidence.[5] *See, e.g.*, *H.M. Sendi v. Prudential-Bache Securities*, 100 F.R.D. 21, 22-23 (D.D.C. 1983) (granting protective order as to interrogatories duplicative of prior depositions, and finding that requiring a party to answer would be "burdensome, vexations, oppressive, and totally without justification"); *Starlight Int'l, Inc. v. Herlihy, Jr.*, 186 F.R.D. 626, 641 (D. Kansas 1999) ("When a party has submitted to the taking of his deposition at the request of his opponent and thereafter he is served with written interrogatories by the same opponent, to the extent that the interrogatories make inquiry into the same particulars covered in the prior deposition, the use of interrogatories is an abuse of discovery procedure and is oppressive within the meaning of Rule 30(d).").[6]

Interrogatory No. 9 is just a final blind shot in the dark to see whether anything else that can be exploited by Mattel exists. Whatever benefit Mattel hopes and speculates it may obtain is greatly and patently outweighed by the extreme burden the Interrogatory imposes on the MGA Parties.

Furthermore, that supposed benefit has been substantially reduced (if not extinguished) by the recent decisions of the Ninth Circuit and this Court, which overturned or undermined the Phase 1 verdicts and orders.[7] Mattel argues that

---

Services (5-9-08, 4-30-10 and 5-25-10), who testified regarding Wing's alleged deletion of an email. *See also* Dkt. #7561-1, a 2/25/10 declaration from Mr. Tiongco the same issue.

[5] On June 25, 2010, pursuant to this Court's order (Dkt. #8104, p. 3), Mattel conducted a deposition of Mr. Joliceour of MGA pursuant to FRCP 30(b)(6) on the topic of willful destruction of documents relating to this case. Furthermore, as this Court is well aware, Mattel has pending separate motions dealing with the Larian hard drives, which in part bear on the issues raised in Interrogatory No. 9. In short, Mattel's Interrogatory No. 9 seeks to re-plow the same ground it has covered specifically in depositions.

[6] Due to the volume, deposition and trial transcripts cited here are not attached. If the Court requests, MGA will lodge the relevant transcripts and/or excerpts.

[7] As this Court summarized in its August 2, 2010 Order (p. 40): "The order imposing the constructive trust was invalid, because it was overbroad and predicated upon verdicts that were reached after improper instruction. [Citing Circuit decision.] Mattel never had a valid property right to the Bratz intellectual

spoliation is relevant to its allegation that the MGA Parties concealed the origins of Bratz, hid their wrongdoing, and obstructed these proceedings, *and* relevant to its RICO predicate act of obstruction of justice.  Motion at 8:14-19 (citing FAAC, 95, 123).  But the "origins" of Bratz are now, once again, in dispute (because the Circuit found the employment contract between Carter Bryant and Mattel to be fundamentally ambiguous); the "wrongdoing" of the MGA Parties is equally undecided (because the copyright infringement and contract-based torts are now without support); and the RICO theory of obstruction of justice is unconnected to any possible theory of harm (because the Circuit has found that Mattel was not entitled to the Phase 1 verdicts and orders).[8]

Third, even if a response to the Interrogatory were reasonably achievable (which, as shown above, it is not), the motion to compel should be denied because the Interrogatory seeks to exploit the MGA Parties' legal analysis (contrary to the work product rule).  The MGA Parties' counsel would have to conduct the necessary massive review to identify potentially "spoliated" documents and then determine if they could somehow be deemed "relevant" or "connected" to this action.  The MGA Parties should not be required to have their counsel perform such a broad, amorphous task for Mattel.

Mattel attempts to add weight to its Motion by citing recent developments pertaining to Gustavo Machado's hard drives – the only reference to specific incidents or persons in the Motion or the Interrogatory.  Motion at 9.  But this is much ado about nothing.  Machado and his former employer MGA Mexico are named in the FAAC because of the alleged theft in 2004 of trade secrets from

---

property, and suffered no damage as a result of Larian/MGA's alleged breach of the constructive trust imposed after Phase 1."

[8] It also bears remembering that Mattel's FAAC does not allege that obstruction, evidence tampering, or spoliation caused the jury to return verdicts in Phase 1 that were improperly reduced.  The only harm Mattel ever identified from such conduct was increased attorneys' fees – an element of damages it subsequently waived.  But even if Mattel were to raise such a claim, the verdicts have now been undercut by the Circuit's decision – as has any claim of harm to Mattel from obstruction.

- 7 -   MGA's Opposition to Mattel, Inc.'s Motion to Compel Responses
to First Set of Interrogatories to The MGA Parties
CV-04-9049 DOC (RNBX)

1 Mattel's Mexican subsidiary (now a party to this action). Mattel has long had a
2 copy of the material that Machado supposedly took from Mattel Mexico – and of
3 email traffic between MGA and Machado (and two other employees who defected
4 from Mattel Mexico). The speculation that something unknown to Mattel that may
5 have been deleted from Machado's hard drives might prove more relevant than the
6 volume of material that has actually been produced to Mattel regarding its actual
7 claims cannot justify a wholesale review of all documents of the MGA Parties for
8 other unknown incidents of alleged spoliation.

9       Mattel also argues that it was required to respond to "similar interrogatories
10 to Mattel regarding spoliation." Motion at 8:19-21 (citing Disc. Matter Order No.
11 56, 9/3/09, Dkt. #6591).[9] But the interrogatories MGA served on Mattel concerned
12 "Mattel's *spoliation allegations*." (Mattel's 11/18/09 letter, p. 4, cited at Motion at
13 4, n. 7, italics added.) There is a world of difference between asking a party to
14 identify the information underlying its allegations of spoliation and asking a party
15 to conduct a forensic audit of all of its books, records, files, and data systems to see
16 if any spoliation can be identified. Thus, there is no issue of reciprocal discovery
17 that can justify Mattel's extraordinary Interrogatory No. 9.

18 / / /
19 / / /
20 / / /
21 / / /
22 / / /
23 / / /
24 / / /
25 / / /
26 / / /
27

28 [9] The Court has rejected discovery arguments based on reciprocity. In any event, as shown in text *infra*, Mattel relies on a false reciprocity.

- 8 -   MGA's Opposition to Mattel, Inc.'s Motion to Compel Responses
to First Set of Interrogatories to The MGA Parties
CV-04-9049 DOC (RNBX)

## CONCLUSION

Based on the foregoing, Mattel's motion to compel responses to Interrogatories 1-3, 5 and 9 of its First Set of Interrogatories to the MGA Parties (Phase 2) should be denied in its entirety.

Dated: August 11, 2010

Respectfully submitted,

ORRICK, HERRINGTON & SUTCLIFFE LLP

By: /s/Anthony A. De Corso
ANTHONY A. DE CORSO,
Attorneys for MGA PARTIES

- 9 -

MGA's Opposition to Mattel, Inc.'s Motion to Compel Responses to First Set of Interrogatories to The MGA Parties
CV-04-9049 DOC (RNBX)