# Exhibit 1



ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 MARSH ROAD
MENLO PARK, CALIFORNIA 94025-1015

tel +1-650-614-7400
fax +1-650-614-7401

WWW.ORRICK.COM

September 3, 2009

Diana M. Rutowski
(650) 614-7685
drutowski@orrick.com

**VIA E-MAIL**

Michael T. Zeller
Jon D. Corey
Dylan B. Proctor
Quinn Emanuel Urquhart Oliver & Hedges LLP
865 South Figueroa St., 10th Floor
Los Angeles, CA 90017

Re:   *Carter Bryant v. Mattel, Inc.*, and consolidated cases

Dear Messrs. Zeller, Corey and Proctor:

Pursuant to the Local Rules and Paragraph 5 of the Discovery Master Stipulation, I write to request a meet and confer regarding various entries on Mattel, Inc.'s ("Mattel") privilege log and entries on Lambda Investigations, Inc.'s ("Lambda") privilege log.

When a party wishes to withhold a document as protected by either the attorney-client privilege or work product doctrine, it "must establish the essential elements of the privilege." U.S. v. Construction Products Research, 73 F.3d 464, 473 (2nd Cir. 1996); Fed. R. Civ. P. 26(b)(5)(A)(ii) (a party withholding information as privileged, it must "describe the nature of the documents, communications, or tangible things not produced or disclosed – and do so in a manner that… will enable other parties to assess the claim"). Many entries in Mattel's privilege log lack sufficient information to establish that a privilege applies. For example, a significant number of entries that claim attorney-client privilege do not identify the date of the document, do not identify the recipient of a communication, or identify an author or recipient who does not appear to be an attorney or employee of Mattel. A significant number of entries that claim the work product privilege simply state that the document contains "legal advice regarding potential litigation." Moreover, documents, notes, and attachments are not separately identified on the log. As such, these descriptions are insufficient to enable MGA to asses the claim of privilege or work product protection, as required by the Federal Rules. Accordingly, we identify the following deficiencies and request additional information to evaluate whether or not privilege or work product properly applies.

OHS West:260705298.3

Exhibit 1 - Page 2


ORRICK

Michael T. Zeller, et al.
September 3, 2009
Page 2

## Attorney-Client Privilege

Mattel's Log:

Many entries in connection with which Mattel asserts the attorney-client privilege fail to identify the recipient of the allegedly privileged communication. In order to invoke the protections of attorney-client privilege, however, "a party must demonstrate that there was: (1) a communication between client and counsel, which (2) was intended to be and was in fact kept confidential, and (3) made for the purpose of obtaining or providing legal advice." See e.g., U.S. v. Construction Products Research, at 473. Without identifying all recipients of each communication it is impossible to establish either that the information was communicated between a client and counsel or that the document was kept confidential. Accordingly, Mattel must supplement its privilege log with information to identify all recipient(s) of the following documents if it intends to assert that they are protected by the attorney-client privilege:

- Privilege Log Entry Nos.: 1-7, 12-15, 27, 50, 263, 315, 318, 350, 354-356, 364, 366, 367, 372, 375, 378, 382, 383, 613, 701, 707, 718, 719, 726, 729, 732, 763, 764, 765, 780, 785, 795, 800, 802, 805, 806, 807, 811, 813, 826, 828, 829, 830, 831, 834, 835, 837-844, 848, 851, 852, 862, 866, 867, 876, 884, 896, 897, 906, 907, 920-932, 934, 944, 949-960

There are also several individuals and entities listed as "author" or "recipient" in the privilege log who appear to be neither Mattel attorneys nor employees. Please identify the following individuals and their connection to Mattel so that MGA can assess whether the attorney-client privilege applies: Al Ristuccia, CalExpress, Micheline Tang, George Van Nosdall, Richelle Savage, Jon Reichman.

When providing the additional information requested above, please also explain how the privilege applies to documents wherein neither the author nor recipients are attorneys, including the following:

- Privilege Log Entry Nos.: 70-73, 75, 105-107

Lambda's Log:

Lambda's log also contains entries for which attorney-client privilege is claimed, but the entry is described as "notes" and not as a communication. Please explain how attorney-client privilege applies to the following entries:

- Privilege Log Entry Nos.: 4, 5

OHS West:260705298.3

Exhibit 1 - Page 3


ORRICK

Michael T. Zeller, et al.
September 3, 2009
Page 3

## Work Product Doctrine

<u>Mattel's Log:</u>

Mattel repeatedly claims the protection of the work product doctrine without providing sufficient information about the subject matter of the document to allow MGA to assess the applicability of the doctrine. A claim of protection under the work product doctrine requires a showing that the document was (1) "prepared in anticipation of litigation or for trial" and "by or for another party or its representative." Fed. R. Civ. P. 26(b)(3)(A).

For many entries, Mattel provides no information about the subject matter other than the conclusory assertion that it relates to ongoing or anticipated litigation. For each of these entries, please provide additional information about the subject matter of the communication, nature of the anticipated litigation, and the type of information contained therein, so that MGA can properly determine whether the document has been properly withheld:

- <u>Privilege Log Entry Nos.</u>: 1, 2, 257-259, 261-314, 316-319, 335, 337, 338, 385-428, 430-690, 692-765, 767-799, 801-982.

In connection with other entries, Mattel provides no information whatsoever relating to ongoing or anticipated litigation. For example, the privilege log often explains merely that the document contains "Legal advice regarding contract" or "Legal counsel's notes reflecting legal counsel's mental impressions". These descriptions are inadequate to validate the application of the work product doctrine. See e.g., <u>U.S. v. Construction Products Research</u>, at 473. Where work product is asserted but no litigation is referenced in the document's description, Mattel must either produce such documents or supplement the log to provide sufficient detail to identify the litigation or anticipated litigation in connection with which the document was created. See, <u>Equal Rights Ctr. v. Post Properties, Inc.</u>, 247 FRD 208, 210 (D.D.C. 2008) ("the party claiming the privilege must demonstrate that 'in light of the nature of the document and the factual situation in the particular case, the document can fairly be said to have been prepared or obtained because of the prospect of litigation.'")(citations omitted).

- <u>Privilege Log Entry Nos.</u>: 7, 12-17, 22, 27, 29, 33, 35, 49, 51, 57, 70-75, 85, 104-107, 246-251, 253, 306, 315, 341-350, 354-382, 384, 429, 441, 615, 691, 800, 978, 979, 980, 981, 982

OHS West:260705298.3

Exhibit 1 - Page 4


ORRICK

Michael T. Zeller, et al.
September 3, 2009
Page 4

Lambda's Log:

Every entry on the log states "initiated pursuant to instructions from Mattel's legal counsel," yet no legal counsel from Mattel is identified in log. Please specify how each entry is entitled to protection under the work product doctrine:

- Privilege Log Entry Nos.: 1-15

## Undated Entries

Mattel's Log:

Mattel's privilege log fails to provide dates for certain documents, and occasionally provides incomplete or inaccurate dates. This information is necessary to assess the claim of privilege. Please provide accurate dates for the following documents:

- Privilege Log Entry Nos.: 27, 29, 70-75, 335, 337, 338, 383, 702, 718, 719, 862, 863, 867, 876, 884, 902, 907

Further, on the April 13, 2009 privilege log, the date listed for entry 640 erroneously states "January 33, 3004." Please provide us with the correct date of that document.

Lambda's Log:

Lambda's log also fails to provide dates for certain documents, including documents that are described as a "letter." Please provide accurate dates for the following:

- Privilege Log Entry Nos.: 2, 4, 5, 9

## Multiple Items in a Single Entry

Mattel's Log:

First, in many entries, Mattel identifies documents with attachments, memoranda, enclosures, or handwritten notes, but does not separately log privilege for both the underlying document and for the attached document or notes (e.g. "Email with Attachments," "Memorandum with Enclosure," "Email with Handwritten Notes," "Website Printout with Handwritten Notations"). Documents attached to a privileged communication do not themselves become privileged merely by virtue of


ORRICK

Michael T. Zeller, et al.
September 3, 2009
Page 5

their connection to the privileged document. <u>O'Connor v. Boeing North American</u>, 185 F.R.D. 272, 280 (C.D. Cal. 1999). In fact, where a privileged communication contains an attachment, "the attachment or enclosure must be listed as a separate document on the privilege log; otherwise, such attachment or enclosure must be disclosed." <u>Id</u>. Mattel has on many occasions (<u>e.g.</u> in Mr. Proctor's July 17, 2009 letter to Ms. Lock), pointed out that "handwritten notes" for which neither the author/recipient *nor* the subject matter is provided is insufficient to carry the burden of proving privilege. Mattel cites <u>Federal Election Com'n v. Christian Coalition</u>, 178 F.R.D. 61 70 (E.D. Va. 1998) and <u>Fidelity & Deposit Co. of Maryland v. McCulloch, 168 F.R.D. 516, 523 (E.D. Pa. 1996) for the requirements with respect to "handwritten notes."</u>

Accordingly, for each entry below Mattel must either produce and identify all attachments, underlying documents or notes that are not independently privileged or supplement its privilege log to separately identify each attachment, accompanying document, or notes for which a privilege is claimed, as well as provide sufficient information to substantiate such claim of privilege:

- <u>Privilege Log Entry Nos.</u>: 4, 17, 33, 80, 101, 106, 119, 120, 127, 128, 135, 136, 140, 146-148, 157, 159, 165, 173, 176-178, 183-185, 187, 190, 192, 194, 198-200, 205- 207, 212, 221, 226, 227, 229, 243, 246, 247, 252, 255, 256, 263, 268-271, 279, 289, 290, 297, 298, 302-304, 307, 311, 314, 317, 320, 324, 328, 329, 333, 334, 342, 343, 350, 353, 358, 359, 363, 376, 385, 388, 392, 393, 394, 398, 414, 416, 418, 420, 421, 422, 427, 428, 434, 437, 445, 450, 452, 455, 459-461, 463-467, 471, 472, 476, 477, 479, 481, 482, 484, 486, 487, 490, 491, 492, 495-498, 500, 502, 506, 507, 513, 515-518, 521-528, 532, 533, 535-538, 541, 543, 544, 548, 550, 553, 554, 555, 559-564, 567, 568, 569, 571, 573, 574, 575, 577, 582, 583, 588-595, 599, 600, 602, 603, 604, 607, 608, 612, 615-622, 624-628, 630, 633, 637, 638, 639, 642, 643, 644, 647, 652, 654, 655, 662, 663, 664, 665, 671, 673, 675-678, 681, 682, 683, 685, 688-697, 706, 708, 709, 724, 797, 808, 809, 810, 822, 823, 825, 836, 846, 858, 864, 865, 866, 874, 878, 881, 885, 887, 892, 911, 912, 913, 915, 917, 918, 919, 966

To the extent that an attachment or redacted version has already been produced, please identify it by Bates number.

Second, in several entries, Mattel identifies an "email string containing" communication with legal counsel or counsel's advice. Please separately identify on the log each email in the "email string" for which a privilege is claimed and produce all emails in the string that are not part of the privileged communication. <u>United States v. Chevron Texaco Corp.</u>, 241 F.Supp.2d 1065, 1074–1075 & fn. 6 (N.D. Cal. 2002) (if one message in the strand has been disclosed to someone outside the scope of privilege, the privilege is waived with respect to that message and all attached e-mails).

- <u>Privilege Log Entry Nos.</u>: 28, 30, 41, 44, 47

OHS West:260705298.3

Exhibit 1 - Page 6



**ORRICK**

Michael T. Zeller, et al.
September 3, 2009
Page 6

Lambda's Log:

Similarly, Lambda's privilege log also includes entries such as "typed notes and handwritten notes," "handwritten notes with attachment," "photos with handwritten notes," which appear to contain multiple items in one entry. Lambda must separately log, so that MGA can assess, the basis for its privilege claim with respect to each item in the following entries:

- Privilege Log Entry Nos.: 3, 4, 5

Lambda's privilege log also includes entries that span multiple days; for example, both "notes" and a "videotape" purportedly cover more than a week from September 21, 2004 through October 1, 2004. Please explain how these entries can cover multiple days, and to the extent that they include multiple items, please provide a log with each as a separate entry:

- Privilege Log Entry Nos.: 3, 6, 10, 11, 12

## Underlying Facts

Mattel's Log:

In connection with motion practice in 2007, Mattel represented that a number of entries were related to an anonymous letter received by Mattel in 2002, its investigation of a claim for possible infringement of Toon Teens, or its investigation in connection with other potential claims against Carter Bryant and/or MGA. In an order dated May 15, 2007, the Court relied on Mattel's counsel's representation that Mattel had conducted a reasonable search and produced or identified all documents responsive to requests pertaining to the investigation. Nevertheless, since that motion practice and the resultant court order, Mattel has produced a number of supplemental privilege logs with entries that also fall within the same 2002-2003 time frame as Mattel's ongoing investigations. We therefore request that you identify the entries on Mattel's privilege log that relate to Mattel's investigation of its claims against Bryant and/or MGA, and specifically those entries that were added after Mattel submitted the fourteen documents from its Global Security files for *in camera* review on May 15, 2007.

Further, as you know, underlying factual information is not privileged or work product simply because it was disclosed as part of an investigation conducted by an attorney. See, Upjohn Co. v. U.S., 449 U.S. 383 (1981) ("The privilege only protects disclosure of communications; it does not protect disclosure of the underlying facts by those who communicated with the attorney"). As Mattel acknowledges in the July 17, 2009 letter from Mr. Proctor, "[t]he mere transmission of the

OHS West:260705298.3
Exhibit 1 - Page 7



Michael T. Zeller, et al.
September 3, 2009
Page 7

photographs to counsel does not by itself justify privilege protection." <u>Clavo v. Zarrabian</u>, 2003 WL 24272641, at *1 (C.D. Cal. 2003). Mattel's knowledge of factual information at various points in time is directly relevant to MGA's statute of limitations defense. We therefore request that you explain whether the following privilege log entries, and any others that relate to Mattel's investigation of potential clams against Bryant and/or MGA, contain only legal analysis, or whether they also include underlying factual information that could be disclosed with the judicious use of redactions of the purported privileged and work product aspects of the documents:

- <u>Privilege Log Entry Nos.:</u> 29, 33, 35, 51, 63, 64, 65, 66, 67, 68, 69, 85, 253, 257-259, 261-304, 351-384, 699, 724-725

Because Judge Infante ordered, and Mattel provided, production of documents for *in camera* inspection relating to the 2002 investigations and "NHB," we trust that Mattel would not object to *in camera* review of any documents that are the subject of subsequently added privilege log entries responsive to these topics. Please confirm that Mattel would not object to such review.

<u>Lambda's Log:</u>

For the same reasons as stated above, we request that you explain whether the following privilege log entries contain only legal analysis, or whether they also include underlying factual information that could be disclosed with the judicious use of redactions of the purported privileged and work product aspects of the documents:

- <u>Privilege Log Entry Nos.:</u> 1-15

Please let me know when you are available to meet and confer regarding these issues. We expect Mattel will provide MGA with a revised privilege log correcting the above-mentioned deficiencies promptly after our meet and confer. If Mattel does not agree to do so, MGA will move to compel and may also seek an *in camera* inspection to ascertain whether these communications are privileged in their entirety as Mattel asserts.

Very truly yours,

/s/ Diana Rutowski

Diana M. Rutowski

DMR/ek

OHS West:260705298.3

Exhibit 1 - Page 8