# Exhibit 2

## Barker, Madeline

| | |
|---|---|
| **From:** | Hurst, Annette |
| **Sent:** | Friday, January 08, 2010 11:13 AM |
| **To:** | Diane Hutnyan |
| **Cc:** | Dylan Proctor; Rutowski, Diana; Kieckhefer, L. Kieran; Suzuki, Misasha; 'Susan R. Estrich' |
| **Subject:** | FW: privilege log issues |
| **Attachments:** | 2009.09.03 Ltr from Rutowski to Zeller, Corey,Proctor.pdf |

Diane:

You stated during our meet and confer conference yesterday that in your view Mattel was not "on notice" that MGA expected it to log every entry in an e-mail chain. As I explained yesterday, that assertion was completely insupportable because Mattel has demanded the same of MGA and the case law provides that such logging must occur in order to meet Rule 26 requirements, independent of any "notice" element.

To elaborate further on my comments yesterday, Dylan, Susan Estrich and I sat in a hearing on the privilege logs in December with Discovery Master O'Brien during which I explained, amongst other things, that in some instances prior counsel had not logged each e-mail in a string and we were fixing that problem. Both Dylan and Susan made vociferous comments asserting the impropriety of those omissions, and in response Discovery Master O'Brien pointed out that it was not Orrick's fault and that we were fixing it. Although that portion of the discussion was off the record, I am confident that Discovery Master O'Brien is going to remember it if Mattel tries to come in claiming that it didn't understand it was supposed to log each e-mail independently. In fact, the only way your assertion could possibly be supportable was if the offensive/defensive lawyers on this case never spoke or communicated with one another, which might be true but won't be an excuse.

But it is also not true that Mattel was not "on notice," to the extent that concept has any relevance to Mattel's Rule 26 obligations. In fact, you were precisely on notice of our concern, as reflected in the e-mail below sent to Dylan and copied to you. The e-mail states that it was improper to include multiple items in one entry, and refers to and attaches Ms. Rutowski's earlier letter which included that point with a specific references to e-mail strings and the case law on that issue. So, not to put too fine a point on it, your assertion that Mattel was not "on notice" is either a misrecollection or a bald-faced lie. Only you know which.

Please let us know when Mattel will be providing supplementation identifying every e-mail in each thread. Your failure to do so to date is hampering MGA in its preparation for next week's hearing and will likely prolong these proceedings substantially as we will have no choice but to seek in camera review of every item identified on Mattel's privilege log as an e-mail string.

Annette

---

**From:** Rutowski, Diana
**Sent:** Monday, December 07, 2009 10:13 PM
**To:** 'Dylan Proctor'
**Cc:** 'Michael T Zeller'; 'dianehutnyan@quinnemanuel.com'; Lock, Cynthia; Hurst, Annette
**Subject:** RE: privilege log issues

Dylan,

I'd refer you back to my letter of September 3, 2009 (attached), which points out numerous deficiencies in Mattel's privilege log, virtually none of which are cured by Mattel's October 12, 2009 supplemental log. To give just a few examples:

First, the letter states that the entries fail to establish attorney-client privilege because they fail to identify an author and/or recipient. Looking no further than the first seven entries on Mattel's supplemental log reveals that Mattel has not cured this deficiency.

Exhibit 2 - Page 9

1/8/2010

Second, the letter states that entries fail to establish the protection of the work product doctrine because they fail to identify the subject matter of anticipated or ongoing litigation, or any litigation whatsoever. Again, one need not look beyond the first two entries to see that this deficiency remains.

Third, the letter states that Mattel improperly includes multiple items in a single entry. Again, I would direct you to the first entry on the list in the letter, No. 4, to see that this issue has not been addressed ("Email with handwritten notes and calendar attachment").

These examples are just the tip of the iceberg. The cover letter accompanying the October 12, 2009 log did not specify which entries Mattel revised, but stated that Mattel's review was ongoing and that Mattel was continuing to add additional detail if appropriate to do so with respect to even the revised entries. The letter said that Mattel would send further revisions in the next week or two. Not having received a revised log, we expect that in the log exchanged pursuant to Order No. 73, all of the outstanding issues will be addressed.

Please also see my letter to Mr. Searcy dated September 25, 2009 for a further discussion of the Lambda log.

Regards,
Diana

---

**From**: Dylan Proctor <dylanproctor@quinnemanuel.com>
**To**: Hurst, Annette
**Cc**: Michael T Zeller <michaelzeller@quinnemanuel.com>; Lock, Cynthia; Diane Hutnyan <dianehutnyan@quinnemanuel.com>
**Sent**: Mon Dec 07 20:34:27 2009
**Subject**: RE: privilege log issues

Thanks for the response. Yes, we are attempting to support our assertions in our logs. However, this is the first we've heard, to my knowledge, that MGA thinks the changes we made before are not adequate. I'd invite you or your team to give us at least some examples of those perceived inadequacies when you can so that we can try to address them as we go through this process.

---

**From:** Hurst, Annette [mailto:ahurst@orrick.com]
**Sent:** Monday, December 07, 2009 8:11 PM
**To:** Dylan Proctor
**Cc:** Michael T Zeller; Lock, Cynthia; Diane Hutnyan
**Subject:** RE: privilege log issues

Dylan: I was thinking more along the lines of a list of names and titles because that was a part of the list that was the subject of Order No. 73 and was the subject of our discussion. But we can certainly consider this. It's frankly just a matter of what we can get done. We prioritized producing the documents involving Mr. Larian in light of the deposition schedule, and we may not be able to stop, cull out these particular documents and finish updating the log as to them, and then continue to finish the rest. I'm not even sure these have been on people's radar screens given that they are already being reviewed. Let me talk to our team and get back to you. One remedy might be for us to have the documents ready to go in the redacted form we proposed to Mr. O'Brien where there were multiple communications and some were to be produced, so that we can just produce them right away after he issues his order and you can see them.

I would also like to get some sense that you are demanding the same level of compliance of your team with respect to Mattel's logs. There are many entries, especially but not exclusively on the third party logs such as the Lambda log, that do not identify any particular lawyers. There are many similar issues with the fullness of the descriptions, foundation for the claim of privilege or work product, logging of incomplete series of communications and the like. This needs to be a two-way street. We have sent detailed correspondence in the past identifying all of the issues, and the first set of revised logs we got from Diane Hutnyan made meaningless changes. If that continues, we are going to be in a position of asking for in camera review and production from Mattel of a great many documents on January 11. You have not had the benefit of our briefing on this issue, but I can assure you we are prepared to file substantial motions attacking Mattel's logs and the only reason we have held off to date was because of Order No. 73. We expect Mattel's assurances that it will comply in making this process applicable to both parties.

I will get back to you tomorrow on your requests once we've had a chance to discuss.

Exhibit 2 - Page 10

1/8/2010

**From:** Dylan Proctor [mailto:dylanproctor@quinnemanuel.com]
**Sent:** Monday, December 07, 2009 7:45 PM
**To:** Hurst, Annette
**Cc:** Michael T Zeller
**Subject:** privilege log issues

Annette, I understand from Mike that you have offered to provide non-privileged information about the documents being reviewed pursuant to Order No. 33. We would appreciate receiving the types of information ordered by Order No. 73 (author, recipient, etc) as to each of the documents submitted to the Discovery Master pursuant to Order No. 33 as soon as possible. Is this something you are willing to provide? We would use the information, as you might expect, to attempt to gain a better understanding of the basis for the withholdings, and to better understand the Discovery Master's forthcoming ruling.

Also, that information, which in our view should have been on the logs, will help us decide which, if any, of the documents are appropriately subject to review by Judge Carter. As you know, part of what has been driving this is that the log entries at issue don't reflect attorney participation. If attorneys are in fact on the communications but not reflected on the log entries, this may well assist in at least narrowing the range of communications at issue. To that end, please let us know if you are willing to provide the requested information and, if so, in what time frame you can reasonably do so. Depending on the answers to those questions, we'd also be open to discussing the timing of any request for review by Judge Carter so that we can approach all of this in an orderly fashion.

Best—dylan

===========================================================

IRS Circular 230 disclosure:
To ensure compliance with requirements imposed by the IRS, we inform you that any tax advice contained in this communication, unless expressly stated otherwise, was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding tax-related penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any tax-related matter(s) addressed herein.



===========================================================

NOTICE TO RECIPIENT:  THIS E-MAIL IS  MEANT FOR ONLY THE
INTENDED RECIPIENT OF THE TRANSMISSION, AND MAY BE A
COMMUNICATION PRIVILEGED BY LAW.  IF YOU RECEIVED THIS E-
MAIL IN ERROR, ANY REVIEW, USE, DISSEMINATION,
DISTRIBUTION, OR COPYING OF THIS E-MAIL IS STRICTLY
PROHIBITED.  PLEASE NOTIFY US IMMEDIATELY OF THE ERROR BY
RETURN E-MAIL AND PLEASE DELETE THIS MESSAGE FROM YOUR
SYSTEM. THANK YOU IN ADVANCE FOR YOUR COOPERATION.

For more information about Orrick, please visit
http://www.orrick.com/
===========================================================

Exhibit 2 - Page 11

1/8/2010



ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 MARSH ROAD
MENLO PARK, CALIFORNIA 94025-1015

tel +1-650-614-7400
fax +1-650-614-7401

WWW.ORRICK.COM

September 3, 2009

Diana M. Rutowski
(650) 614-7685
drutowski@orrick.com

**VIA E-MAIL**

Michael T. Zeller
Jon D. Corey
Dylan B. Proctor
Quinn Emanuel Urquhart Oliver & Hedges LLP
865 South Figueroa St., 10th Floor
Los Angeles, CA 90017

Re:   *Carter Bryant v. Mattel, Inc.*, and consolidated cases

Dear Messrs. Zeller, Corey and Proctor:

Pursuant to the Local Rules and Paragraph 5 of the Discovery Master Stipulation, I write to request a meet and confer regarding various entries on Mattel, Inc.'s ("Mattel") privilege log and entries on Lambda Investigations, Inc.'s ("Lambda") privilege log.

When a party wishes to withhold a document as protected by either the attorney-client privilege or work product doctrine, it "must establish the essential elements of the privilege." U.S. v. Construction Products Research, 73 F.3d 464, 473 (2nd Cir. 1996); Fed. R. Civ. P. 26(b)(5)(A)(ii) (a party withholding information as privileged, it must "describe the nature of the documents, communications, or tangible things not produced or disclosed – and do so in a manner that… will enable other parties to assess the claim"). Many entries in Mattel's privilege log lack sufficient information to establish that a privilege applies. For example, a significant number of entries that claim attorney-client privilege do not identify the date of the document, do not identify the recipient of a communication, or identify an author or recipient who does not appear to be an attorney or employee of Mattel. A significant number of entries that claim the work product privilege simply state that the document contains "legal advice regarding potential litigation." Moreover, documents, notes, and attachments are not separately identified on the log. As such, these descriptions are insufficient to enable MGA to asses the claim of privilege or work product protection, as required by the Federal Rules. Accordingly, we identify the following deficiencies and request additional information to evaluate whether or not privilege or work product properly applies.


ORRICK

Michael T. Zeller, et al.
September 3, 2009
Page 2

## Attorney-Client Privilege

Mattel's Log:

Many entries in connection with which Mattel asserts the attorney-client privilege fail to identify the recipient of the allegedly privileged communication. In order to invoke the protections of attorney-client privilege, however, "a party must demonstrate that there was: (1) a communication between client and counsel, which (2) was intended to be and was in fact kept confidential, and (3) made for the purpose of obtaining or providing legal advice." See e.g., U.S. v. Construction Products Research, at 473. Without identifying all recipients of each communication it is impossible to establish either that the information was communicated between a client and counsel or that the document was kept confidential. Accordingly, Mattel must supplement its privilege log with information to identify all recipient(s) of the following documents if it intends to assert that they are protected by the attorney-client privilege:

- Privilege Log Entry Nos.: 1-7, 12-15, 27, 50, 263, 315, 318, 350, 354-356, 364, 366, 367, 372, 375, 378, 382, 383, 613, 701, 707, 718, 719, 726, 729, 732, 763, 764, 765, 780, 785, 795, 800, 802, 805, 806, 807, 811, 813, 826, 828, 829, 830, 831, 834, 835, 837-844, 848, 851, 852, 862, 866, 867, 876, 884, 896, 897, 906, 907, 920-932, 934, 944, 949-960

There are also several individuals and entities listed as "author" or "recipient" in the privilege log who appear to be neither Mattel attorneys nor employees. Please identify the following individuals and their connection to Mattel so that MGA can assess whether the attorney-client privilege applies: Al Ristuccia, CalExpress, Micheline Tang, George Van Nosdall, Richelle Savage, Jon Reichman.

When providing the additional information requested above, please also explain how the privilege applies to documents wherein neither the author nor recipients are attorneys, including the following:

- Privilege Log Entry Nos.: 70-73, 75, 105-107

Lambda's Log:

Lambda's log also contains entries for which attorney-client privilege is claimed, but the entry is described as "notes" and not as a communication. Please explain how attorney-client privilege applies to the following entries:

- Privilege Log Entry Nos.: 4, 5

OHS West:260705298.3

Exhibit 2 - Page 13


ORRICK

Michael T. Zeller, et al.
September 3, 2009
Page 3

## Work Product Doctrine

Mattel's Log:

Mattel repeatedly claims the protection of the work product doctrine without providing sufficient information about the subject matter of the document to allow MGA to assess the applicability of the doctrine. A claim of protection under the work product doctrine requires a showing that the document was (1) "prepared in anticipation of litigation or for trial" and "by or for another party or its representative." Fed. R. Civ. P. 26(b)(3)(A).

For many entries, Mattel provides no information about the subject matter other than the conclusory assertion that it relates to ongoing or anticipated litigation. For each of these entries, please provide additional information about the subject matter of the communication, nature of the anticipated litigation, and the type of information contained therein, so that MGA can properly determine whether the document has been properly withheld:

- Privilege Log Entry Nos.: 1, 2, 257-259, 261-314, 316-319, 335, 337, 338, 385-428, 430-690, 692-765, 767-799, 801-982.

In connection with other entries, Mattel provides no information whatsoever relating to ongoing or anticipated litigation. For example, the privilege log often explains merely that the document contains "Legal advice regarding contract" or "Legal counsel's notes reflecting legal counsel's mental impressions". These descriptions are inadequate to validate the application of the work product doctrine. See e.g., U.S. v. Construction Products Research, at 473. Where work product is asserted but no litigation is referenced in the document's description, Mattel must either produce such documents or supplement the log to provide sufficient detail to identify the litigation or anticipated litigation in connection with which the document was created. See, Equal Rights Ctr. v. Post Properties, Inc., 247 FRD 208, 210 (D.D.C. 2008) ("the party claiming the privilege must demonstrate that 'in light of the nature of the document and the factual situation in the particular case, the document can fairly be said to have been prepared or obtained because of the prospect of litigation.'")(citations omitted).

- Privilege Log Entry Nos.: 7, 12-17, 22, 27, 29, 33, 35, 49, 51, 57, 70-75, 85, 104-107, 246-251, 253, 306, 315, 341-350, 354-382, 384, 429, 441, 615, 691, 800, 978, 979, 980, 981, 982

OHS West:260705298.3

Exhibit 2 - Page 14


ORRICK

Michael T. Zeller, et al.
September 3, 2009
Page 4

Lambda's Log:

Every entry on the log states "initiated pursuant to instructions from Mattel's legal counsel," yet no legal counsel from Mattel is identified in log. Please specify how each entry is entitled to protection under the work product doctrine:

- Privilege Log Entry Nos.: 1-15

## Undated Entries

Mattel's Log:

Mattel's privilege log fails to provide dates for certain documents, and occasionally provides incomplete or inaccurate dates. This information is necessary to assess the claim of privilege. Please provide accurate dates for the following documents:

- Privilege Log Entry Nos.: 27, 29, 70-75, 335, 337, 338, 383, 702, 718, 719, 862, 863, 867, 876, 884, 902, 907

Further, on the April 13, 2009 privilege log, the date listed for entry 640 erroneously states "January 33, 3004." Please provide us with the correct date of that document.

Lambda's Log:

Lambda's log also fails to provide dates for certain documents, including documents that are described as a "letter." Please provide accurate dates for the following:

- Privilege Log Entry Nos.: 2, 4, 5, 9

## Multiple Items in a Single Entry

Mattel's Log:

First, in many entries, Mattel identifies documents with attachments, memoranda, enclosures, or handwritten notes, but does not separately log privilege for both the underlying document and for the attached document or notes (e.g. "Email with Attachments," "Memorandum with Enclosure," "Email with Handwritten Notes," "Website Printout with Handwritten Notations"). Documents attached to a privileged communication do not themselves become privileged merely by virtue of

OHS West:260705298.3

Exhibit 2 - Page 15


ORRICK

Michael T. Zeller, et al.
September 3, 2009
Page 5

their connection to the privileged document. O'Connor v. Boeing North American, 185 F.R.D. 272, 280 (C.D. Cal. 1999). In fact, where a privileged communication contains an attachment, "the attachment or enclosure must be listed as a separate document on the privilege log; otherwise, such attachment or enclosure must be disclosed." Id. Mattel has on many occasions (e.g. in Mr. Proctor's July 17, 2009 letter to Ms. Lock), pointed out that "handwritten notes" for which neither the author/recipient *nor* the subject matter is provided is insufficient to carry the burden of proving privilege. Mattel cites Federal Election Com'n v. Christian Coalition, 178 F.R.D. 61 70 (E.D. Va. 1998) and Fidelity & Deposit Co. of Maryland v. McCulloch, 168 F.R.D. 516, 523 (E.D. Pa. 1996) for the requirements with respect to "handwritten notes."

Accordingly, for each entry below Mattel must either produce and identify all attachments, underlying documents or notes that are not independently privileged or supplement its privilege log to separately identify each attachment, accompanying document, or notes for which a privilege is claimed, as well as provide sufficient information to substantiate such claim of privilege:

- Privilege Log Entry Nos.: 4, 17, 33, 80, 101, 106, 119, 120, 127, 128, 135, 136, 140, 146-148, 157, 159, 165, 173, 176-178, 183-185, 187, 190, 192, 194, 198-200, 205- 207, 212, 221, 226, 227, 229, 243, 246, 247, 252, 255, 256, 263, 268-271, 279, 289, 290, 297, 298, 302-304, 307, 311, 314, 317, 320, 324, 328, 329, 333, 334, 342, 343, 350, 353, 358, 359, 363, 376, 385, 388, 392, 393, 394, 398, 414, 416, 418, 420, 421, 422, 427, 428, 434, 437, 445, 450, 452, 455, 459-461, 463-467, 471, 472, 476, 477, 479, 481, 482, 484, 486, 487, 490, 491, 492, 495-498, 500, 502, 506, 507, 513, 515-518, 521-528, 532, 533, 535-538, 541, 543, 544, 548, 550, 553, 554, 555, 559-564, 567, 568, 569, 571, 573, 574, 575, 577, 582, 583, 588-595, 599, 600, 602, 603, 604, 607, 608, 612, 615-622, 624-628, 630, 633, 637, 638, 639, 642, 643, 644, 647, 652, 654, 655, 662, 663, 664, 665, 671, 673, 675-678, 681, 682, 683, 685, 688-697, 706, 708, 709, 724, 797, 808, 809, 810, 822, 823, 825, 836, 846, 858, 864, 865, 866, 874, 878, 881, 885, 887, 892, 911, 912, 913, 915, 917, 918, 919, 966

To the extent that an attachment or redacted version has already been produced, please identify it by Bates number.

Second, in several entries, Mattel identifies an "email string containing" communication with legal counsel or counsel's advice. Please separately identify on the log each email in the "email string" for which a privilege is claimed and produce all emails in the string that are not part of the privileged communication. United States v. Chevron Texaco Corp., 241 F.Supp.2d 1065, 1074–1075 & fn. 6 (N.D. Cal. 2002) (if one message in the strand has been disclosed to someone outside the scope of privilege, the privilege is waived with respect to that message and all attached e-mails).

- Privilege Log Entry Nos.: 28, 30, 41, 44, 47

OHS West:260705298.3

Exhibit 2 - Page 16


ORRICK

Michael T. Zeller, et al.
September 3, 2009
Page 6

Lambda's Log:

Similarly, Lambda's privilege log also includes entries such as "typed notes and handwritten notes," "handwritten notes with attachment," "photos with handwritten notes," which appear to contain multiple items in one entry. Lambda must separately log, so that MGA can assess, the basis for its privilege claim with respect to each item in the following entries:

- Privilege Log Entry Nos.: 3, 4, 5

Lambda's privilege log also includes entries that span multiple days; for example, both "notes" and a "videotape" purportedly cover more than a week from September 21, 2004 through October 1, 2004. Please explain how these entries can cover multiple days, and to the extent that they include multiple items, please provide a log with each as a separate entry:

- Privilege Log Entry Nos.: 3, 6, 10, 11, 12

## Underlying Facts

Mattel's Log:

In connection with motion practice in 2007, Mattel represented that a number of entries were related to an anonymous letter received by Mattel in 2002, its investigation of a claim for possible infringement of Toon Teens, or its investigation in connection with other potential claims against Carter Bryant and/or MGA. In an order dated May 15, 2007, the Court relied on Mattel's counsel's representation that Mattel had conducted a reasonable search and produced or identified all documents responsive to requests pertaining to the investigation. Nevertheless, since that motion practice and the resultant court order, Mattel has produced a number of supplemental privilege logs with entries that also fall within the same 2002-2003 time frame as Mattel's ongoing investigations. We therefore request that you identify the entries on Mattel's privilege log that relate to Mattel's investigation of its claims against Bryant and/or MGA, and specifically those entries that were added after Mattel submitted the fourteen documents from its Global Security files for *in camera* review on May 15, 2007.

Further, as you know, underlying factual information is not privileged or work product simply because it was disclosed as part of an investigation conducted by an attorney. See, Upjohn Co. v. U.S., 449 U.S. 383 (1981) ("The privilege only protects disclosure of communications; it does not protect disclosure of the underlying facts by those who communicated with the attorney"). As Mattel acknowledges in the July 17, 2009 letter from Mr. Proctor, "[t]he mere transmission of the



**ORRICK**

Michael T. Zeller, et al.
September 3, 2009
Page 7

photographs to counsel does not by itself justify privilege protection." Clavo v. Zarrabian, 2003 WL 24272641, at *1 (C.D. Cal. 2003). Mattel's knowledge of factual information at various points in time is directly relevant to MGA's statute of limitations defense. We therefore request that you explain whether the following privilege log entries, and any others that relate to Mattel's investigation of potential clams against Bryant and/or MGA, contain only legal analysis, or whether they also include underlying factual information that could be disclosed with the judicious use of redactions of the purported privileged and work product aspects of the documents:

- Privilege Log Entry Nos.: 29, 33, 35, 51, 63, 64, 65, 66, 67, 68, 69, 85, 253, 257-259, 261-304, 351-384, 699, 724-725

Because Judge Infante ordered, and Mattel provided, production of documents for *in camera* inspection relating to the 2002 investigations and "NHB," we trust that Mattel would not object to *in camera* review of any documents that are the subject of subsequently added privilege log entries responsive to these topics. Please confirm that Mattel would not object to such review.

Lambda's Log:

For the same reasons as stated above, we request that you explain whether the following privilege log entries contain only legal analysis, or whether they also include underlying factual information that could be disclosed with the judicious use of redactions of the purported privileged and work product aspects of the documents:

- Privilege Log Entry Nos.: 1-15

Please let me know when you are available to meet and confer regarding these issues. We expect Mattel will provide MGA with a revised privilege log correcting the above-mentioned deficiencies promptly after our meet and confer. If Mattel does not agree to do so, MGA will move to compel and may also seek an *in camera* inspection to ascertain whether these communications are privileged in their entirety as Mattel asserts.

Very truly yours,

/s/ Diana Rutowski

Diana M. Rutowski

DMR/ek

OHS West:260705298.3

Exhibit 2 - Page 18