# Exhibit 3

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL: (213) 443-3000 FAX: (213) 443-3100

WRITER'S DIRECT DIAL NO.
**(213) 443-3152**

WRITER'S INTERNET ADDRESS
marshallsearcy@quinnemanuel.com

January 19, 2010

**VIA MESSENGER AND E-MAIL**

Discovery Master Robert C. O'Brien, Esq.
Arent Fox LLP
555 West Fifth Street, 48th Floor
Los Angeles, CA 90013-1065

Re:     Mattel, Inc. v. MGA Entertainment, Inc. et al.

Dear Mr. O'Brien:

Pursuant to the Discovery Master's instructions at last week's hearing and Order Nos. 73 and 86, please find enclosed lists of entries from MGA's privilege logs that remain non-compliant with Order No. 73. For clarity and convenience, we have divided these lists into three parts, enclosed as Enclosure Nos. 1, 2, and 3.

The first list, Enclosure No. 1, identifies entries from MGA's older privilege logs, from 2007 and 2008, that remain non-compliant with Order No. 73 in that they were neither reviewed nor revised in response to that order. There are more than 6,000 such entries, listed in Enclosure No. 1. Of those, approximately 3,230 are e-mail chains that MGA has not broken out and logged on an e-mail-by-e-mail basis as the Discovery Master has determined is required.

The other two lists, Enclosure Nos. 2 and 3, identify 458 entries from the Revised December 22, 2009 log which are also non-compliant with Order No. 73. The first of these, Enclosure No. 2, identifies 423 entries where there are indications that attachments are being withheld, but insufficient information regarding the attachments is provided to enable Mattel or the Court to

assess the privilege claims.[1] The final list, Enclosure No. 3, identifies 35 non-compliant entries with insufficient descriptions, including entries with no author[2] and other deficiencies.[3]

The entries listed in Enclosure Nos. 1-3, which are procedurally defective in that they do not provide adequate information under the Discovery Master's orders, generally do not duplicate the entries listed in Mattel's submission of January 12, 2010, which consisted of documents which Mattel believes merit *in camera* review for identified, substantive reasons. Accordingly, the procedural challenges listed in Enclosure Nos. 1-3 are intended to supplement, not replace, the substantive challenges Mattel made on January 12.

Mattel is also providing by messenger three binders containing MGA's complete privilege logs. In its submission of January 12, Mattel provided only highlighted excerpts of MGA's prior privilege logs. Since Enclosure Nos. 1-3 contain additional entries, Mattel is now providing complete copies of MGA's logs, without changing the highlighting that had been done in connection with the January 12 submission.

Thank you for your continuing attention to this matter.

Respectfully,

/s/ Marshall Searcy

Marshall M. Searcy III
cc:   Annette L. Hurst, Esq.
      William A. Molinski, Esq.
      Warrington Parker, Esq.

---

[1] In some, no information about the attachment is provided. *See, e.g.*, Dec. 22, 2009 Log Entry Nos. 72 ("Email and attachment to outside counsel requesting and reflecting legal advice."); 468 ("Email with attachment reflecting and requesting legal advice from in-house counsel regarding licensing aagreement [sic]."); 543 ("Email with attachment reflecting and discussing legal advice from in-house counsel on trademark registration."); 1076 ("Email with attachment forwarding information and requesting advice from in-house counsel regarding potential intellectual property litigation."). In others, the information that is provided is inadequate. *See, e.g.*, Dec. 22, 2009 Log Entry Nos. 83 ("attachment is corresponding form"); 176 ("attachment is draft distribution agreement"); 287 ("attachment is draft agreement"); 499 ("attachment is draft licensing proposal"); 536 ("attachment is a term sheet"); 544 ("attachment is draft letter"); 1023 ("attachment is draft licensing agreement"); 2161 ("attachment is a memo"); 2774 ("attachment is agreement"); 2782 ("attachment is draft employment agreement").

[2] *See, e.g.*, Dec. 22, 2009 Log Entry No. 56.

[3] *See, e.g.*, Dec. 22, 2009 Log Entry Nos. 634 (no privilege asserted); 606 (draft memo with no author); 744-E, G (no recipient); 932 (no author or recipient); 2044 (recipient listed as "G???f???p??????a??a").