**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**AMENDED* CIVIL MINUTES - GENERAL**

*AMENDED AUGUST 11, 2010 as to page 3, #7, to reflect **Discovery Matter Order No. 90** (corrected from 91 to 90)

Case No. CV 04-9049 DOC (RNBx)                                                      Date: August 10, 2010

Title: MATTEL, INC. v. MGA ENTERTAINMENT, INC.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Kathy Peterson | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFFS: ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT                                           NONE PRESENT

PROCEEDING (IN CHAMBERS): ORDER SETTING PRE-TRIAL DATES

　　　　Pursuant to Court Order, the parties filed a joint stipulation in which the parties agreed to pre-trial dates in anticipation of the January 11, 2011 trial date. The parties' only dispute concerned the close of fact discovery, which MGA and Machado contend should occur relatively immediately but Mattel contends should occur two months from now.

　　　　At the outset, the Court reminds that parties that soon after the transfer of this case in October 2009, the Court granted the parties leave to take 25 depositions *per side*, well over the number allocated under the Federal Rules of Civil Procedure. The Court has also entertained, and largely granted, legion motions to compel written discovery, including hundreds of requests for production that encompass every conceivable angle of every issue in this case. The volume of discovery obtained by both sides has been staggering. Throughout this unprecedented process, the Court instructed the parties, on numerous occasions, in orders and at hearings, that discovery should be completed apace and that discovery would conclude soon after the Ninth Circuit ruled on MGA's appeal of the post-phase 1 injunctive relief. The Court also instructed the parties to complete all depositions by the end of February 2010. This was a reasonable and liberal deadline, imposed and reinforced after extensive argument from the parties submitted in briefing and at dozens of hearings.

We find ourselves nearly six months past that February 2010 deadline and, yet, depositions continue. This is due in large part to the parties' practice of designating (and requesting) dozens of hours of deposition testimony from numerous 30(b)(6) designees, well in excess of the seven hours prescribed by the Federal Rules. The lack of preparation of witnesses *by all parties* has been well-documented, but the discovery process has dragged on long enough that the parties have cured the overwhelming majority of their discovery failures.

The Court is well-aware of the pending discovery disputes, including those issues which the Court has held in abeyance, and has reached the conclusion that further discovery is largely duplicative, subject to two very narrow exceptions: (a) privileged e-mails between Defendant Larian and outside counsel concerning the birth of Bratz; and (b) privileged and work product information about the decision to withhold an e-mail exchange between Larian and a fellow MGA executive. The former issue will be addressed after the parties submit supplementary briefing. The latter will be resolved after MGA files its Answer to Mattel's Fourth Amended Answer and Counterclaims. However, the simple fact that these two issues remain outstanding does not mean that the discovery deadline should be set back two months, as Mattel requests. Even if the Court's resolution of these issues somehow triggers the need for additional written discovery and deposition testimony – an odd policy that would result in a cycle of never-ending discovery, since the depositions and written discovery would predictably lead to more motions to compel, more orders, etc. – that discovery into these two narrow issues could be completed in a matter of weeks.

Finally, the Court's resolution of the discovery motions still pending, including motions concerning ArchiveOne and the Larian hard drives, will not necessitate waves of new discovery.

Accordingly, the Court hereby ORDERS as follows:

1. Mattel's proposed Bratz and Jade claims will be briefed according to the schedule set out in the parties' stipulation;

2. All fact discovery, including written discovery and depositions, shall be completed by October 4, 2010. The parties shall be allowed *one* omnibus motion to compel filed at least three weeks before that date. The motion (and opposition) shall be limited to twenty (20) pages and shall clearly identify and explain the discovery sought to be compelled. No reply briefs in support of the motion to compel shall be permitted. No other motions to compel will be permitted effective the date of this order;

3. The hearing date on motions for summary judgment will be November 15, 2010 at 8:30 a.m. The parties may agree to any briefing schedule so long as the moving papers are filed *after* the October 4, 2010 fact discovery cut-off;

4. Expert Discovery shall be conducted in accordance with the schedule set out in the parties' stipulation;

5. The pre-trial conference is set for January 4, 2011 at 8:30 a.m. and jury selection may commence that week. Briefing on motions in limine shall be completed by December 20, 2010;

6. The hearing on Mattel's pending Motion to compel production of attorney-client communications is scheduled for August 25, 2010 at 5:00 p.m.;

7. The continued hearing on MGA's pending objections to **Discovery Matter Order No. 90** is scheduled for August 25, 2010 at 5:00 p.m. All counsel, including MGA's phase 1 counsel, are ordered to be present and prepared to testify.