QUINN EMANUEL URQUHART & SULLIVAN, LLP
  John B. Quinn (Bar No. 090378)
  (johnquinn@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc. and Mattel de Mexico, S.A. de C.V.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation, et al.,<br><br>Plaintiff,<br><br>vs.<br><br>MGA ENTERTAINMENT, INC., a California corporation, et al.,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 DOC (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br><u>Hon. David O. Carter</u><br><br>MATTEL, INC.'S *EX PARTE* APPLICATION TO STRIKE MGA'S AUGUST 10, 2010 MOTIONS TO COMPEL PURSUANT TO THE COURT'S AUGUST 10, 2010 ORDER AND FOR FAILURE TO MEET AND CONFER PURSUANT TO THE COURT'S JUNE 7, 2010 ORDER; AND<br><br>MEMORANDUM OF POINTS AND AUTHORITIES<br><br>Hearing Date: TBD<br>Time: TBD<br>Place: TBD<br><br>Discovery Cut-off: October 4, 2010<br>Pre-trial Conf: January 4, 2011<br>Trial Date: January 11, 2011 |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Mattel, Inc. and Mattel de Mexico, S.A. de C.V. (collectively, "Mattel") respectfully apply *ex parte*, pursuant to Local Rule 7-19, for an order to strike the following motions filed by MGA Entertainment, Inc. ("MGA") on August 10, 2010 in violation of multiple Court Orders: (1) Notice of Motion and Motion to Compel Production of Documents and Further Responses to MGA Entertainment's First Set of Document Requests to Mattel Mexico Regarding Mattel Mexico's Trade Secrets Claim [Dkt. No. 8505]; (2) Notice of Motion and Motion to Compel Production of Documents Re Mattel Allegations Concerning Janine Brisbois [Dkt. No. 8506]; (3) Notice of Motion and Motion to Compel Documents from Mattel, Inc. Concerning Mattel's Theft of Competitors' Confidential Information [Dkt. No. 8503]; and (4) Notice of Motion and Motion to Compel Production of Documents and Further Responses to MGA's First Set of Document Requests to Mattel Mexico Concerning Mattel Mexico's Possession of Competitors' Confidential Information [Dkt. No. 8504] (collectively, the "August 10 Motions").

Mattel makes this Application on the ground that each of the August 10 Motions was filed in violation of the Court's August 10, 2010 Order [Dkt. No. 8509], which states, "No other motions to compel will be permitted effective the date of this order." Independently, MGA failed to comply with the Court's June 7, 2010 Order requiring a meet and confer between lead counsel prior to filing three of the motions. See Dkt. Nos. 8504, 8505, and 8506. The purported "Certificates of Compliance" for Dkt. Nos. 8505 and 8506 make *no* claim to have been the subject of lead counsel meet and confer. The purported "Certificate of Compliance" for Dkt. No. 8504 incorrectly states that "[l]ead counsel met and conferred on July 28, 2010 on this topic," but the topics at issue in the motion were never discussed. Finally, Dkt. No. 8503 violates the Court's page limits. Accordingly, the Court should order Dkt. Nos. 8503, 8504, 8505 and 8506 be stricken.

This Application is based on this Notice of Application and Application, the accompanying Memorandum of Points and Authorities, the records and files of this Court, and all other matters of which the Court may take judicial notice. Good cause exists to seek this relief on an *ex parte* basis. Mattel cannot bring a noticed motion that would be heard prior to the deadline to respond to the Motions.

**Notice And Meet And Confer**

Pursuant to Local Rule 7-19, on August 11, 2010, Mattel's counsel gave notice of the instant *ex parte* to counsel for the MGA Parties, Annette Hurst and Thomas McConville, Orrick, Herrington & Sutcliffe, LLP; 405 Howard Street, San Francisco, CA, telephone: (415) 773-4585, and email: tmcconville@orrick.com, ahurst@orrick.com. Counsel for MGA did not respond. Furthermore, Mattel repeatedly asked MGA's lead counsel to meet and confer prior to filing this *ex parte* but MGA's counsel failed to do so, as detailed in the accompanying Memorandum of Points and Authorities.

DATED: August 11, 2010        QUINN EMANUEL URQUHART & SULLIVAN, LLP

                                            By /s/ Michael T. Zeller
                                              Michael T. Zeller
                                              Attorneys for Mattel, Inc.

# MEMORANDUM OF POINTS AND AUTHORITIES

## Preliminary Statement

On August 10, 2010, MGA filed four motions to compel discovery from Mattel and Mattel Mexico. These motions violate the Court's August 10, 2010 Order [Dkt. No. 8509] that "[n]o other motions to compel will be permitted effective the date of this order." Each of the August 10 Motions should therefore be stricken for this reason alone. And, in its haste to file these motions, MGA failed—and affirmatively refused—to conduct a lead counsel meet and confer, in express violation of the Court's June 7 Order. Indeed, Dkt. Nos. 8505 and 8506 do not even claim to have been discussed at a lead counsel meet and confer; they instead merely (and misleadingly) claim that the parties "have been unable to reach resolution," despite the lack of a meet and confer. MGA's violation of the meet and confer requirements is not academic since the parties could have resolved and narrowed—and undoubtedly still can resolve and narrow—the issues presented by the motions had MGA not flouted its obligations.

MGA's attempt to file four additional motions "under the wire" is obviously tactical, given that MGA urged the Court to end discovery just the night before. Having filed a statement seeking an immediate end to written discovery, MGA then ran roughshod over the meet and confer requirements and the Court's page limits. And, rather than speak with Mattel about these matters, MGA also failed to meet and confer concerning this ex parte application, despite Mattel's repeated requests.

MGA's August 10, 2010 motions should be stricken.

## Background

**The Court's June 7 Order.** On June 7, 2010, the Court ordered that "all four lead counsel shall meet and confer before the filing of any subsequent written motions or *ex parte* Applications." See Dkt. No. 8085. It also required that "[a]ll future motions and *ex parte* Applications shall contain a certification of compliance" with the Order. Id.

**MGA Refuses to Meet and Confer On the Motions.** On June 8, 2010, MGA served its First Set of Requests to Mattel Mexico (Nos. 1-618).[1] On July 20, 2010, Mattel timely served its responses to the Requests.[2] On June 18, 2010, MGA served its MGA's Seventh Set of Requests for Production (Nos. 286-358).[3] On July 19, 2010, Mattel timely served its responses to the Requests.[4]

On July 27, 2010, lead counsel for the parties met and conferred on several discovery matters, but MGA did not raise any of the issues presented in Dkt. Nos. 8504, 8505 or 8506. Then, on Friday, July 30, 2010, counsel for MGA sent two letters to counsel for Mattel.[5] While these letters raised purported deficiencies asserted by MGA in Dkt. Nos. 8505 and 8506 and requested a conference, they made no proposals as to time and did not request a lead counsel conference in advance of motion practice.[6] On August 5, 2010, Mattel sent an email to MGA proposing a specific time to meet and confer on the issues raised in MGA's letters.[7] MGA ignored this request. Instead, on August 9, 2010, MGA sent notice of an intended ex parte application to file an overlength declaration.[8] In response, Mattel noted that there had been no lead counsel meet and confer on the discovery at issue and stated that Mattel's lead counsel was

---

[1] MGA Entertainment, Inc.'s First Set of Phase 2 Requests For Production of Documents and Things to Mattel Mexico, S.A. de C.V., June 18, 2010.
[2] Mattel Mexico's Response to First Set of Phase 2 Requests for Production of Documents and Things Propounded By MGA Entertainment, July 20, 2010.
[3] MGA Entertainment, Inc.'s Seventh Set of Phase 2 Requests for Production of Documents and Things to Mattel, Inc., June 18, 2010.
[4] Responses of Mattel to MGA Entertainment's Seventh Set of Phase 2 Requests for Production of Documents and Things, July 19, 2010.
[5] July 30, 2010 Letter from counsel for MGA, William A. Molinski, to counsel for Mattel, John B. Quinn, Michael T. Zeller, and Marshall M. Searcy III; July 30, 2010 Letter from counsel for MGA, William A. Molinski, to counsel for Mattel, John B. Quinn, Michael T. Zeller, and Marshall M. Searcy III.
[6] Id.
[7] Email from M. Searcy to W. Molinski, dated August 5, 2010 (proposing meet and confer on August 11, at 5 p.m.).
[8] Email from W. Molinski to M. Zeller, dated August 9, 2010.

available anytime "Wednesday afternoon" for a conference.[9] MGA ignored that request as well.

After ignoring Mattel's repeated requests for a meet and confer, on August 10, 2010, MGA filed the Motions. Two of the motions contain nearly identical "Certifications of Compliance." Neither claims the motion was the subject of a lead counsel meet and confer, however, as required by the June 7 Order:

> "Counsel for MGA sent a meet and confer letter to counsel for Mattel on July 30, 2010. Mattel responded on August 6, 2010. The parties have been unable to reach resolution."[10]

> "Counsel for MGA sent a meet and confer letter to counsel for Mattel on July 30, 2010, to which Mattel responded on August 6, 2010. The parties were unable to reach a resolution."[11]

The other two motions contain misleading Certificates of Compliance as well. The motion at Dkt. No. 8503 states that "[l]ead counsel met and conferred over these requests on July 28, 2010." That is incorrect. On July 27, 2010,[12] lead counsel discussed documents testified to in Sal Villesenor's deposition, and Mattel agreed to produce such documents that relate to MGA. No document requests propounded by MGA were discussed whatsoever at a lead counsel meet and confer or indeed any meet and confer. Similarly, the Certificate of Compliance for Dkt. No. 8504 states that "[l]ead counsel for the parties also met and conferred on July 28, 2010 on this topic." But Dkt. No. 8504 concerns documents and requests related to Mattel Mexico, which have never been discussed at any meet and confer, much less by lead counsel.

**The Court's August 10 Order.** On August 10, 2010, the Court issued an Order stating that "[n]o other motions to compel will be permitted effective the date of this

---

[9] Email from J. Corey to W. Molinski, dated August 9, 2010.
[10] Dkt. No. 8505 at 2.
[11] Dkt. No. 8506 at 2.
[12] Both Dkt. No. 8503 and 8504 incorrectly state that a lead counsel meet and confer took place on July 28, 2010. In fact, there was no lead counsel meet and confer on any issues on that day; there was instead a conference on other matters that took place on July 27, 2010.

order" and further ordering that the parties "shall be allowed *one* omnibus motion to compel" to be filed anytime before September 13, 2010. Dkt. No. 8509 at 2.

**MGA Refuses to Meet and Confer on This Ex Parte.** In addition to ignoring Mattel's repeated requests to meet and confer on its own motions to compel, MGA has failed to meet its obligations to meet and confer on this application. On August 10, 2010, Mattel requested a lead counsel meet and confer with MGA and proposed that it take place any time after 3 p.m. on August 11, 2010.[13] MGA ignored this request. On August 11, 2010, at 10:56 a.m., Mattel sent another email, again requesting a lead counsel meet and confer.[14] MGA did not agree but instead demanded additional information about "the proposed agenda."[15] Mattel replied, providing a list of issues to consider, and again proposing a specific time (4 p.m.) for the call.[16] MGA claimed unavailability at 4 p.m. but offered no alternative times and stated only that MGA would "get back to you on when we'll be available to discuss these matters."[17] Mattel responded and again requested that MGA provide a time that its lead counsel was available for a meet and confer.[18] Over three hours later, MGA suggested a conference on Friday morning, August 13.[19] Mattel responded promptly, again requesting a meet and confer concerning this intended ex parte application.[20] As of this filing, MGA has not responded to that request.

---

[13] Email from J. Sarles to A. Hurst and T. McConville (Messrs. Zeller and Quinn copied), dated August 10, 2010.
[14] Email from J. Sarles to A. Hurst and T. McConville (Messrs. Zeller and Quinn copied), dated August 11, 2010.
[15] Email from A. Hurst to J. Sarles (Messrs. McConville, Zeller, and Quinn copied), dated August 11, 2010.
[16] Email from J. Sarles to A. Hurst and T. McConville (Messrs. Zeller and Quinn copied), dated August 11, 2010.
[17] Email from A. Hurst to J. Sarles (Messrs. McConville, Zeller, and Quinn copied), dated August 11, 2010.
[18] Email from M. Zeller to A. Hurst and T. McConville (Mr. Quinn copied), dated August 11, 2010.
[19] Email from A. Hurst to M. Zeller (Messrs. McConville and Quinn copied), dated August 11, 2010.
[20] Email from M. Zeller to A. Hurst and T. McConville (Mr. Quinn copied), dated August 11, 2010.

## Argument

The Court should strike MGA's August 10 motions under the Court's August 10, 2010 Order [Dkt. No. 8509], which directed that "[n]o other motions to compel will be permitted effective the date of this order." Indeed, that ruling was urged by MGA, who just a day earlier argued to the Court that "***discovery must close now***."[21] The following morning and in its race to file its desired motions, MGA ignored the Court's meet and confer requirements. But the Court's Order precludes precisely this kind of gamesmanship. MGA's August 10 Motions were filed after the Court-ordered deadline and should therefore be stricken.

Independently, MGA did not meet and confer with lead counsel (or indeed any Mattel counsel) before filing these motions. In fact, MGA rejected Mattel's requests to schedule such a conference.[22] An order striking these motions is therefore appropriate for this further reason. See, e.g., Centillium Commc'ns, Inc. v. Atlantic Mut. Ins. Co., 2008 WL 728639, at *1 (N.D. Cal. Mar. 17, 2008) ("Because plaintiff [ ] failed to meet and confer prior to filing its motion, as mandated by this Court's standing order, the Court STRIKES its motion.").

Finally, one of MGA's August 10 motions is significantly overlength. See Dkt. No. 8503. It is 24 pages, in violation of the parties' stipulation and the Court's Order that non-summary judgment motions are limited to 20 pages.[23] This motion should be stricken on that basis as well.

---

[21] Dkt. No. 8495, Attachment A.
[22] See Email from J. Corey to W. Molinski, dated August 9, 2010 (requesting lead counsel meet and confer); Email from J. Sarles to A. Hurst and T. McConville, dated August 10, 2010 (requesting lead counsel meet and confer).
[23] See Hearing Tr., dated November 16, 2009, at 8:23-9:3 ("MS. HURST: Your Honor, for motions other than summary judgment, opening brief of no more than 20 pages. THE COURT: That's acceptable.").

## Conclusion

For the foregoing reasons, Mattel respectfully requests that the Court grant its application to strike.

DATED: August 11, 2010        QUINN EMANUEL URQUHART & SULLIVAN, LLP

By /s/ Michael T. Zeller
　　Michael T. Zeller
　　Attorneys for Mattel, Inc., and Mattel de Mexico, S.A. de C.V.