ANNETTE L. HURST (State Bar No. 148738)
ahurst@orrick.com
WARRINGTON S. PARKER III (State Bar No. 148003)
wparker@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Tel: (415) 773-5700/Fax: (415) 773-5759

WILLIAM A. MOLINSKI (State Bar No. 145186)
wmolinski@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA 90017
Tel. (213) 629-2020/Fax: (213) 612-2499

THOMAS S. MCCONVILLE (State Bar No. 155905)
tmcconville@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
4 Park Plaza, Suite 1600
Irvine, CA 92614-2258
Tel: (949) 567-6700/Fax: (949) 567-6710

Attorneys for MGA Parties

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>　　　　　　　　Defendant.<br><br>AND CONSOLIDATED ACTIONS. | CASE NO. CV 04-9049 DOC (RNBx)<br><br>Consolidated with Case No. 04-9059 and Case No. 05-2727<br><br>**MGA PARTIES' MOTION TO RELEASE MGA FUNDS HELD BY COURT-APPOINTED MONITOR**<br><br>Date: September 13, 2010<br>Time: 8:30 a.m.<br>Place: Courtroom 9D<br><br>Judge: Hon. David O. Carter |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on September 13, 2010, at 8:30 a.m. or as soon thereafter as the matter may be heard before The Honorable David O. Carter, located at 411 West Fourth Street, Courtroom 9D, Santa Ana, California, MGA Entertainment, Inc. ("MGA") will, and hereby does, move this Court for an order directing the previously appointed Monitor, Patrick A. Fraioli, Jr., to release to MGA all MGA funds held or controlled by the Monitor. This Motion is made on the grounds that the funds held or controlled by the Monitor were pursuant to the previously ordered constructive trust, which has now been vacated in its entirety by the Court of Appeal for the Ninth Circuit.

This motion is based upon this Notice of Motion, the attached Memorandum of Points and Authorities, and the pleadings and records on file herein, and on such oral argument as may be presented by the parties at the hearing.

## Certification of Compliance

Counsel for MGA met and conferred with Mattel's counsel regarding the instant Motion To Release MGA Funds Held By Court-Appointed Monitor by correspondence and telephonically. The parties have been unable to reach resolution. Counsel for Mattel indicated that Mattel would not affirmatively stipulate to this motion but stated that Mattel probably would not oppose the motion.

Dated: August 12, 2010

ANNETTE L. HURST
Orrick, Herrington & Sutcliffe LLP

By: /s/ Annette L. Hurst
ANNETTE L. HURST
Attorneys for MGA Parties

# MEMORANDUM OF POINTS AND AUTHORITIES

## PRELIMINARY STATEMENT

The MGA Parties respectfully submit the following motion to release all of MGA's funds held or controlled by the Court-appointed Monitor.  The placement of MGA's funds into escrow under the control of the Monitor was based upon the constructive trust previously imposed on MGA in this case.  On July 22, 2010, the Ninth Circuit Court of Appeal vacated all equitable relief, including the constructive trust and injunction.  Thus, the entire basis for the Monitor's holding of MGA's funds has been vacated.  Accordingly, there are no grounds for the Monitor to continue to hold any MGA funds, and all funds provided to the Monitor for placement into escrow and all interest on such amounts must now be released to MGA.  The following summarizes the relevant events:

On December 3, 2008, the Court issued orders granting injunctive relief and a constructive trust against MGA.  Implementation of these orders was modified in various respects by the Court on January 7, 2009 and April 27, 2009. (DE 4439, 4442, 4443, 4657, 5273)

On May 21, 2009 the Court ordered the filing of an accounting and appointed a Monitor to oversee the implementation of the prior orders granting equitable relief.  (DE 5565).  Pursuant to the May 21, 2009 order, the Monitor was directed to oversee the Bratz Assets subject to the equitable relief and, in order to implement the constructive trust, was directed to collect on a monthly basis the amount of net profits derived from the Bratz Assets and to retain those funds in escrow pending further court order. (DE 5565)

On June 18, 2009, the Court issued an order providing further instruction regarding the scope of accounting and profits subject to placement in escrow. (DE 5740).  Thereafter, MGA made monthly accountings to the Monitor and those funds were placed into an escrow account controlled by the Monitor and upon which interest accrued.

On July 22, 2010, the United States Court of Appeal for the Ninth Circuit vacated all of the previously granted equitable relief, including the constructive trust and the injunction,

which were the sole bases of the Court-ordered accounting and placement of MGA's funds into escrow by the Monitor and the sole basis of any payments by MGA to the Monitor.

Given that the rulings that resulted in MGA's funds being held by the Monitor have now been vacated in their entirety, there is no basis whatsoever for the court-appointed Monitor to continue to retain those funds and they must be released to MGA, with interest. MGA requested that the Monitor release the funds, but the Monitor takes the position that MGA must seek this relief from the Court. MGA has requested that Mattel stipulate to release of the funds, and has met and conferred with counsel for Mattel on this matter. Mattel's counsel would not affirmatively stipulate to the release of funds, but indicated that Mattel probably would not oppose the instant motion. MGA respectfully requests that the Court consider this motion as quickly as possible. Indeed, not only is there no legal basis for the Monitor to continue holding MGA's funds, but MGA continues to struggle and release of the funds is important to ensure the stability of MGA and to prevent further unwarranted injury.

## ARGUMENT

### I. When The Legal Basis For Holding Funds Has Been Vacated, The Funds Must Be Released.

It is settled that where a judgment is vacated, thereby vitiating the legal basis for holding funds to satisfy the judgment, such funds must be released to their rightful owner. *See Graziadei v. Graziadei (In re Graziadei)*, 32 F.3d 1408, 1411 (9th Cir. 1994) (where judgment vacated, funds to satisfy judgment that had been transferred and were held by third-party attorney were ordered to be returned; "when we hold an order void, we must, if requested, undo the effect of that order and restore the parties to the *status quo ante*."). For example, where the Ninth Circuit reversed a judgment against two defendants, the district court subsequently "release[d] the funds previously deposited by Defendants..." *Prach v. Bowen Prop. Mgmt., L.P.*, 2009 U.S. Dist. LEXIS 32716, *5 (E.D. Wash. 2009).

Similarly, where a defendant posts funds in the form of a *supersedeas* bond to satisfy a judgment, pending the outcome of appeal, such funds are to be released to the defendant where the appellate court vacates the underlying award. *See Water Technologies Corp. v. Calco, Ltd.*, 694 F. Supp. 1328 (N.D. Ill. 1988) (ordering escrow agent to release funds posted as *supersedeas* bond by defendant after appellate court vacated award against defendant); *Revlon, Inc. v. Carson Prods. Co.*, 647 F. Supp. 905, 906 (S.D.N.Y. 1986) (same); *Singleton v. Guangzhou Ocean Shipping Co.*, 1996 U.S. Dist. LEXIS 6776 (E.D. La. 1996) (same); *Am. Fed. Group, Ltd. v. Rothenberg*, 1998 U.S. Dist. LEXIS 7832 (S.D.N.Y. 1998) (same).

Accordingly, as discussed further below, all funds held by the Monitor to satisfy the constructive trust must be returned to MGA, with interest, now that the constructive trust has been vacated by the Court of Appeal.

## II. The Holding Of MGA's Funds Was Based On The Constructive Trust, Which The Ninth Circuit Vacated In Its Entirety, Thus The Funds Must Be Released.

On May 21, 2009, the Court appointed a Monitor to oversee the implementation of the equitable relief previously granted by the Court. In particular, to carry out the constructive trust, the Monitor was to receive monthly profit accountings and hold those funds in escrow pending appeal. At that time, the Monitor was directed to:

> collect from MGA, on a monthly basis, the amount of net profits derived by MGA from exploitation of the Bratz Assets during the preceding month, as well as an accounting setting forth the basis for the calculation of the net profits and the supporting documentation establishing such basis. The Monitor shall retain these funds pending further order of the Court.

(DE 5565 at p. 11). The Monitor was empowered to "establish such bank accounts as the Monitor deems necessary or convenient to carry out the Monitor's duties under this Order." (DE 5565 at p. 11).

The parties were directed to "brief ... the issue of the scope of the profits that must be turned over by MGA and held by the Monitor pursuant to these Orders and any other Order of this Court." (DE 5565 at p. 7). On June 18, 2009, the court issued an order providing

5

further instruction regarding the scope of accounting and profits subject to placement escrow. (DE 5740). Thereafter, MGA made monthly accountings to the Monitor and those funds were placed into an escrow account controlled by the Monitor and interest has accrued on those amounts.

On July 22, 2010, the Court of Appeals for the Ninth Circuit issued an opinion ruling that the "imposition of a constructive trust forcing MGA to hand over its sweat equity was an abuse of discretion and must be vacated." (Opinion at p. 10536) The Court of Appeals vacated the injunction transferring the Bratz products and brand to Mattel. The Court of Appeals specifically ruled that imposing a constructive trust on the value of MGA's ongoing labor and efforts was an abuse of discretion. (Opinion at pp. 10534-10536). In other words, the Court specifically ruled that it was error to award the ongoing Bratz profits that have been collected and are being held by the Monitor to carry out the now-vacated constructive trust.

For this reason, there is absolutely no legal basis for the Monitor to continue to hold MGA funds pursuant to the vacated constructive trust and any amounts paid by MGA pursuant to the constructive trust had no legal basis. MGA respectfully requests that the Court issue an order directing the Monitor to release to MGA any and all funds held or controlled by the Monitor, along with interest, pursuant to the equitable relief that has now been vacated in its entirety by the Court of Appeal.

Dated: August 12, 2010

ANNETTE L. HURST
Orrick, Herrington & Sutcliffe LLP

By:  */s/ Annette L. Hurst*
ANNETTE L. HURST
Attorneys for MGA Parties

**CERTIFICATE OF SERVICE**

I hereby certify that on this date I electronically filed **MGA PARTIES' MOTION TO RELEASE MGA FUNDS HELD BY COURT-APPOINTED MONITOR** with the clerk of court for the United States District Court, Central District of California, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

Dated:  August 12, 2010     /s/ *Josette Romero*
                             Josette Romero