ANNETTE L. HURST (State Bar No. 148738)
ahurst@orrick.com
WARRINGTON S. PARKER III (State Bar No. 148003)
wparker@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105
Telephone:   415-773-5700
Facsimile:   415-773-5759

WILLIAM A. MOLINSKI (State Bar No. 145186)
wmolinski@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA  90017
Telephone:   213-629-2020
Facsimile:   213-612-2499

THOMAS S. MCCONVILLE (State Bar No. 155905)
tmcconville@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
4 Park Plaza, Suite 1600
Irvine, CA 92614-2258
Tel: (949) 567-6700/Fax: (949) 567-6710

Attorneys for MGA Parties and IGWT 826

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | Case No. CV 04-9049 DOC (RNBx)<br>Consolidated with: Nos. CV 04-9059 and CV 05-2727<br><br>**MGA PARTIES' EX PARTE APPLICATION TO STRIKE DOCKET NO. 8486 (CORRECTED SUPPLEMENTAL DECLARATION OF MICHAEL T. ZELER IN SUPPORT OF MATTEL, INC.'S OPPOSITION TO MGA PARTIES' OBJECTION TO ITEM 3 OF ELECTRONIC DISCOVERY MASTER'S REPORT AND RECOMMENDATION DATED JULY 5, 2010).**<br><br>Date:     TBD<br>Time:    TBD<br><br>Trial Date:   January 11, 2011 |

# EX PARTE APPLICATION

The MGA Parties hereby move ex parte for the following relief: that the Court order stricken Docket No. 8486, the Corrected Supplemental Declaration of Michael T. Zeller in Support of Mattel, Inc.'s Opposition to the MGA Parties' Objection to Item 3 of the Electronic Discovery Master's Report and Recommendation dated July 5, 2010. The MGA Parties furthermore respectfully request that, if any portion of the search protocol recommended by Item 3 of the July 5, 2010 Report and Recommendation of the Electronic Discovery Special Master is affirmed by this Court, it shall not be read to include any search of MGA's backup tapes.

As described herein, Mattel has been aware of the email that is the basis of the supplemental Zeller declaration for more than three years. Mattel purposefully and inexcusably delayed raising the issue of the backup tapes described by the declaration until after the completion of the briefing that informed the July 5 Report and Recommendation, until after the Report issued, and until after the briefing regarding MGA's objections to Item 3 of the Report concluded. By doing so, Mattel improperly attempts to enlarge the scope of the protocol suggested by Item 3 of the Report. Accordingly, it is urgent that the Court address this matter prior to any decision on the proper scope of the July 5 Report and Recommendation. This application is based on this notice and memorandum and all other matters of which the Court may take judicial notice.

## Statement of Compliance

Pursuant to L.R. 7-3, the MGA gave notice of this Application to counsel for Mattel, Inc., Marshall Searcy Proctor and Michael T. Zeller of Quinn, Emanuel, Urquhart, Oliver & Hedges, LLP (telephone: 213-443-3000; address: 865 South Figueroa Street, 10th Floor, Los Angeles, CA 90017). No resolution was reached by the parties.

-1-                    MGA'S EX PARTE APP. TO STRIKE DKT NO. 8486
                                                      CV-04-9049 DOC (RNBX)

**INTRODUCTION**

Mattel has been aware of the email chain that is the subject of the supplemental Zeller declaration for more than three years. MGA produced the same chain that the Zeller declaration attaches as Exhibit A on June 27, 2007 as MGA 0071549-51. It was not overlooked. Mattel designated the email as Exhibit 5509 at the May 14, 2008 deposition of Samir Khare. Dep. Tr. at 1131:19. After the first trial, on May 25, 2010, *while the parties were briefing the Special Master* on the issues addressed by the July 5 Report and Recommendation, Mattel deposed MGA's Director of Information Technology, Joe Tiongco, about the email. Depo Tr. at 470:19-475:16. In short, Mattel's affectation that the purpose of the Zeller declaration is to "update the Court on facts *recently revealed*" is entirely disingenuous.[1]

The purpose of Mattel's declaration is to improperly enlarge the scope of the July 5 Report and Recommendation. This issue was never raised before Judge Smith, though it obviously could have been. By declining to raise the purported issue of these tapes until after not only the July 5 Report, but even after the briefing on the objections was completed, Mattel unjustifiably and improperly attempts to circumvent every rule governing the notice of motions and proper motion practice. There was no authorization by the Court for Mattel to file the Supplemental Declaration, and it plainly should be stricken.

Moreover, the legal argument contained in the improper declaration is completely inappropriate for a declaration and wrong. A supplemental declaration, even where authorized, is supposed to be limited to factual material. Making new legal arguments is an absurd use of such a filing.

And, the argument of the declaration that backup tapes must be restored is

---

[1] Corrected Supplemental Declaration of Michael T. Zeller In Support Of Mattel, Inc.'s Opposition To Item 3 Of The Electronic Discovery Master's Report and Recommendation, dated July 5, 2010 ("Zeller Declaration") ¶ 2 (emphasis added).

simply wrong. Backup tapes are not considered "reasonably accessible" media under Federal Rule 26(b)(2) and, consequently, their production is not required absent an order from the Court, which Rule 26 provides shall be informed by a consideration of seven relevant factors. 2006 Advisory Committee Notes re Fed. R. Civ. P. 26(b)(2); *Major Tours, Inc.*, 2009 WL 3446761 *2-3. Mattel cannot possibly justify compelling MGA to search the backup tapes at issue. Mattel knew of these tapes long before the Phase I trial. If Mattel actually believed that the tapes were likely to contain evidence relevant to Bratz in 2000 that it did not already have, that issue would have been raised long, long ago, and certainly not after the instant motion to Judge Smith and subsequent objections were fully briefed. Mattel did not believe that restoring the tapes was necessary then, and does not now. Rather, the supplemental Zeller declaration is nothing more than a desperate attempt to inflict as great a burden as possible on MGA as discovery closes and trial approaches.

Moreover, Mattel knows that the backup tapes are not at all likely to contain images of MGA's servers from 2000. Mattel knows that, until at least 2005, MGA recycled its backup tapes on a 90-day rotation. Joe Tiongco Depo. Tr., dated May 25, 2010 at 391:21-392:11; 443:5-20. Therefore, the tapes only contain images of MGA's servers on the last date they were used and snapshots of the servers as they existed in 2000 were overwritten years before any litigation began. But, Mattel doesn't even allege that data has been deleted from MGA's servers since 2005, nor is there any evidence whatsoever that this occurred.

There is nothing to be gained by searching these tapes. The Zeller declaration is not intended to uncover evidence Mattel does not already have, could not do so, and is an improper attempt to circumvent Rule 26. Accordingly, it should be stricken from the record.

# ARGUMENT

## I. MATTEL LAID IN WAIT TO RAISE THE ISSUE OF THE BACKUP TAPES UNTIL ALL BRIEFING RELEVANT TO THE JULY 5 REPORT CONCLUDED.

Mattel waited to raise the issue of archival backup tapes until after the briefing which informed the July 5 Report and Recommendation was concluded, until after the July 5 Report, and even until after the briefing regarding MGA's objections to the Report was finished. Mattel attempts conceals this delay with an outright lie by making a show of breathlessly running to the Court with "recently revealed facts." Zeller Decl. ¶ 2. What Mattel does not tell the Court is that it actually has been in possession of these "recently revealed facts" for more than three years. Mattel also neglects to tell the Court that the "recently revealed facts" were the subject of questioning at two depositions. And, Mattel fails to inform the Court that during four months' of briefing, from March to July of this year, it never once mentioned archival backup tapes.

Mattel has no good cause to belatedly raise the tapes now. If Mattel actually believed that it did not have complete or sufficient evidence regarding Bratz documents from 2000, it would have raised the issue of the backup tapes before the Phase I trial, where such evidence undeniably would have been highly relevant. Mattel was aware of the tapes. And, Mattel was aware of the locations where MGA searched for responsive Electronically Stored Information ("ESI"). *See* Zeller Decl. ¶ 7; Dkt. No. 5996, Ex. 2 at 69-82 (MGA Entertainment, Inc.'s Objections and Responses to Mattel, Inc.'s Supplemental Set of Interrogatories). Mattel knew that MGA had backup tapes, knew that MGA was properly directing its discovery efforts towards reasonably accessible online servers, and evidently was satisfied that restoring tapes was unnecessary.

Nor did Mattel raise the issue of the archival tapes to the Special Master during the briefing that led up to the July 5 Report and Recommendation, despite the fact that Mattel deposed MGA's IT Director regarding the email smack in the

middle of the briefing period. Rather, Mattel complained to the Special Master specifically about two categories of media: the individual hard drives of particular employees and ArchiveOne.

## II. THE JULY 5 REPORT AND RECOMMENDATION WAS NOT ADDRESSED TO ARCHIVAL BACKUP TAPES.

Because Mattel never briefed the issue of searching archival backup tapes to the Special Master, the July 5 Report and Recommendation does not address them. The July 5 Report recommends only a search of "the active file spaces of all available media." By definition, this does not include archival backup tapes. "Active" data is data, like hard drives and online network storage, that is randomly accessible and, hence, searchable. *See Zubulake v. UBS Warburg LLC*, 217 F.R.D. 309, 318 (S.D.N.Y. 2003) (active data is generally provided by magnetic disk); The Sedona Conference Commentary on Preservation, Management and Identification of Sources of Information that are Not Reasonably Accessible at 10-11 (July 2008). Active data such as that resident on hard drives is distinct from backup tapes, which are unsearchable, sequential-access devices that "are not organized for retrieval of individual documents or files [because] … the organization of the data mirror the computer's structure, not the human records management structure." *Zubulake*, 127 F.R.D. at 319. The Corrected Supplemental Declaration was therefore a complete non sequitur that has nothing to do with the substance of the Report or the underlying motion. It was irrelevant and inappropriate.

## III. MGA CANNOT BE COMPELLED TO SEARCH ARCHIVAL BACKUP TAPES BASED ON A LATE, UNAUTHORIZED, INAPPOSITE DECLARATION.

Moreover, the July 5 Report and Recommendation cannot reasonably be read to encompass backup tapes because the factual predicates necessary to compel their search were never laid. Backup tapes are considered "inaccessible" under Rule 26 because they are not searchable and because the cost and the time required to restore them before they are usable are significant. *Zubulake*, 217 F.R.D. at 319-

320; *see also Major Tours, Inc. v. Colorel*, 2009 WL 3446761 (D.N.J. Oct. 20, 2009) (finding that backup tapes and archived emails were inaccessible). Rule 26(b)(2)(B) provides that "[a] party need not provide discovery of electronically stored information from sources that the party identifies as not reasonably accessible because of undue burden or cost" absent a motion to compel. Upon a motion to compel, Mattel would have to show that burdens and cost of producing the backup tapes are justified under a seven-factor analysis that includes (1) the specificity of the discovery request; (2) the quantity of information available from other and more easily accessed sources; (3) the failure to produce relevant information that seems likely to have existed but is no longer available on the more easily accessed sources; (4) the likelihood of finding relevant responsive information that cannot be obtained from other, more easily accessed sources; (5) predications as to the importance and usefulness of the further information; (6) the importance of the issues at stake in the litigation; and (7) the parties resources. 2006 Advisory Committee Notes re Fed. R. Civ. P. 26(b)(2); *Major Tours, Inc.*, 2009 WL 3446761 *2-3.

*None* of this was briefed to or considered by the Special Master in advance of the July 5 Report. By raising the issue of these tapes only now, in a supplemental declaration filed not only after the briefing that led up to the July 5 report, but even after the briefing regarding MGA's objection to that report is complete, Mattel improperly attempts to bypass the federal rules and deprive MGA of its opportunity to oppose production. Moreover, Mattel cannot possibly make a showing that any documents present on these tapes is anything other than duplicative of the pre-2001 Bratz data Mattel already has.

It is doubtful that any tape in MGA's possession contains any image of MGA's servers as they existed in 2000 or 2001. Until 2005, MGA recycled backup tapes on a 90-day rotation. Joe Tiongco Depo. Tr., dated May 25, 2010 at 391:21-392:11; 443:5-20. Because tapes were recycled, they contain only the image of the

servers as of the date the tape was last used. There is no evidence, nor does Mattel even allege, that documents were deleted from MGA's online storage since 2005, and accordingly there is nothing to be gained from requiring MGA to locate and restore such tapes.

Finally, it is unclear whether Mr. Tiongco actually ever searched backup tapes at all. When questioned about where he retrieved the data the email chain refers to, Mr. Tiongco testified that he may have retrieved the Fred Larian email file from a server. Joe Tiongco Depo. Tr., dated May 25, 2010 at 474:19-22 ("Q: So when you say tapes, you may have actually just been referring to somewhere on the server? A: Yes.").

## CONCLUSION

For these reasons, the MGA Parties object to and respectfully request that the Court strike the Supplemental Declaration of Michael T. Zeller from the record.

Dated: August 12, 2010    Respectfully submitted,

ORRICK, HERRINGTON & SUTCLIFFE LLP

By: _____/s/ Bryce W. Baker_____
Bryce W. Baker
Attorneys for MGA Parties and IGWT 826