1    QUINN EMANUEL URQUHART & SULLIVAN, LLP
       John B. Quinn (Bar No. 090378)
2      (johnquinn@quinnemanuel.com)
       Michael T. Zeller (Bar No. 196417)
3      (michaelzeller@quinnemanuel.com)
     865 South Figueroa Street, 10th Floor
4    Los Angeles, California  90017-2543
     Telephone:   (213) 443-3000
5    Facsimile:   (213) 443-3100

6    Attorneys for Mattel, Inc. and Mattel de
     Mexico, S.A. de C.V.

7
                    UNITED STATES DISTRICT COURT
8
                  CENTRAL DISTRICT OF CALIFORNIA
9
                          SOUTHERN DIVISION
10

11   MATTEL, INC., a Delaware              CASE NO. CV 04-9049 DOC (RNBx)
     corporation, et al.,                  Consolidated with
                                           Case Nos. CV 04-09059 & CV 05-02727
12
                                           Hon. David O. Carter
           Plaintiff,
13
                                           OPPOSITION TO MGA PARTIES' EX
14         vs.                             PARTE APPLICATION TO STRIKE
                                           DOCKET NO. 8486 (CORRECTED
15                                         SUPPLEMENTAL DECLARATION
     MGA ENTERTAINMENT, INC., a            OF MICHAEL T. ZELLER IN
16   California corporation, et al.,       SUPPORT OF MATTEL, INC.'S
                                           OPPOSITION TO MGA PARTIES'
17         Defendant.                      OBJECTION TO ITEM 3 OF THE
                                           ELECTRONIC DISCOVERY
18                                         SPECIAL MASTER'S REPORT AND
     AND CONSOLIDATED ACTIONS              RECOMMENDATION DATED JULY
19                                         5, 2010)

20
                                           Hearing Date:   TBD
21                                         Time:           TBD
                                           Place:          TBD
22
                                           **Phase 2**
23
                                           Discovery Cutoff:   October 4, 2010
24                                         Pre-trial Conf:     January 4, 2011
                                           Trial:              January 11, 2011
25

26

27

28

00505.07975/3629970.2
                                               Case No. CV 04-9049 DOC (RNBx)
     OPPOSITION TO MGA EX PARTE APPLICATION TO STRIKE SUPPLEMENTAL ZELLER DECLARATION

1

**Preliminary Statement**

2    The email chain attached to the Supplemental Zeller Declaration shows that

3 MGA has electronic media in the form of backup tapes for the 2000-2001 time period

4 that MGA is fully capable of searching in a matter of hours in the ordinary course of

5 business. MGA does not dispute that fact. Just days ago, MGA itself urged that "***Rule***

6 ***26 . . . defin[es] accessibility in terms of burden and cost.***"[1]  As the email here shows,

7 there is no undue burden or cost in searching these backup tapes—Larian asked them to

8 be searched, and the search was run immediately by MGA's Director of Network

9 Services.  Under <u>Rule</u> 26, the tapes are reasonably accessible, and MGA has been

10 obligated to search these tapes for years, but failed to do so.

11    Unable to refute this point on the merits, MGA attempts a groundless procedural

12 gambit to strike the Zeller Declaration because the email it describes was previously

13 produced. That request not only is peculiar at best, but is irrelevant. MGA's own email

14 proves that MGA has searchable electronic media in the form of backup tapes relating

15 to a critical time period which, without a doubt, have gone unsearched (at least when it

16 comes to complying with the Court's Orders to produce documents). Why MGA

17 believes the timing of production of this email matters is unclear—and ultimately

18 immaterial. It is the email's substance and significance that Mattel sought to bring to

19 the Court's attention, not the timing of its production.

20    MGA's application should be denied.

21

**Argument**

22    MGA's application misapprehends the point of Mattel's supplemental

23 declaration. The email attached to it demonstrates unequivocally that MGA has

24 electronic media from 2000-2001 in the form of email backup tapes and that a single

25 employee was able to search them—by custodian and by keyword—literally in 12

26

27

28

[1]  Reply in Support of MGA's Objection to July 19 Report and Recommendation, at 3 [Dkt. No. 8491].

00505.07975/3629970.2

-1-

Case No. CV 04-9049 DOC (RNBx)

OPPOSITION TO MGA EX PARTE APPLICATION TO STRIKE SUPPLEMENTAL ZELLER DECLARATION

1   hours' time.   That is available, reasonably accessible media under *any* definition.

2   Indeed, it is clearly accessible under MGA's own definition.  Just days ago, in objecting

3   to yet another Special Master Report that has compelled MGA to finally undertake

4   actual, thorough searches for key documents in this case, MGA argued that it is "a false

5   dichotomy that 'active' files are always reasonably accessible under Rule 26 and

6   'inactive' files are not."[2]   Instead, MGA argued, the <u>Rules</u> "defin[e] accessibility in

7   terms of burden and cost."[3]  MGA cannot argue that burden and cost are the touchstone

8   for accessibility when it claims there is burden, and then conversely argue that whether

9   the files are "inactive" is the touchstone to avoid searching easily searchable tapes.[4]

10      MGA claims that the issue of searching all relevant media for documents related

11   to the origins of Bratz was not raised before the Special Master, but that is false.  Mattel

12   specifically requested a "search for *all electronic documents* that refer or relate to Bratz

13   prior to January 1, 2001."[5]   The Special Master specifically ordered a search of all

14   "available media."[6]  As the Zeller Declaration shows, MGA's email backup tapes from

15   the 2000-2001 timeframe are "available media" and thus must be searched.

16      Finally, MGA devotes much ink to the argument that the email at issue was

17   available to Mattel previously.  That is immaterial.  Contrary to MGA's insinuations—

18   made chiefly by misquoting the declaration[7]—Mattel's point is not that the email was

19

20

21      [2]  <u>Id.</u>
        [3]  <u>Id.</u>

22      [4]  MGA claims that its backup tapes are not "likely to contain" the information at issue (App. at 3), but the email proves otherwise.  As the email shows, MGA searched email backup tapes in September 2003 containing emails from the August 2000-2001

23   time period—*years* after the emails were sent.  Moreover, MGA has sworn that it preserved all documents and emails relevant to the litigation, including documents

24   related to "the origin and initial development of 'Bratz'"—exactly the documents at issue here.  Nor does MGA dispute that it possesses the specific tapes requested here.

25      [5]  Mattel's Motion to Compel Electronic Communc'ns With or Relating to Former Mattel Employees and Relating to the Origins of Bratz, dated March 5, 2010, at 19.

26      [6]  July 5 Report and Recommendation, at 5.
        [7]  MGA repeatedly misquotes the declaration, claiming it states that the email at

27   issue was "recently revealed." <u>See</u> App. at 2, 4.  In fact, the declaration states that the facts were "revealed by a recent document produced from the Larian hard drives."

28   Supp. Zeller Decl. at ¶ 2.

1   just produced.  The point is what the email shows—a point to which MGA has no

2   substantive response.  There is no basis for "striking" Mattel's declaration.  MGA's

3   own email should be considered for what it is worth.  That consideration, Mattel

4   submits, shows that these critical tapes should be searched, as was ordered.[8]

5                                   **Conclusion**

6          MGA's Application should be denied.  There is no cause to strike the Zeller

7   Declaration.  In upholding the Special Master's July 5 Report, the Court should confirm

8   that MGA is required to search its email backup tapes for ESI "that refer or relate to

9   Bratz prior to January 1, 2001."

10  DATED:  August 12, 2010         QUINN EMANUEL URQUHART &
                                    SULLIVAN, LLP
11

12

13                                  By:  /s/ Michael T. Zeller
                                         Michael T. Zeller
14                                       Attorneys for Mattel, Inc. and
                                         Mattel de Mexico. S.A. de C.V.
15

16

17

18

19

20  _____

21      [8]      In filing its application here, MGA has once again flouted this Court's
    requirements that it meet and confer before filing ex partes or motions.  Indeed, MGA
22  has apparently decided to completely ignore the Court's June 7, 2010 Order on this
    subject, failing to meet and confer on at least the last *five* motions they have filed.  As
23  set forth more fully in Dkt. No. 8515, on August 11, 2010, Mattel repeatedly requested
    a lead counsel meet and confer, but MGA refused.  Then, at 2:30 p.m. on August 12,
24  2010, knowing that Mattel's lead counsel was conducting Mr. Larian's deposition in
    Santa Ana, MGA suddenly demanded a lead counsel meet and confer "this afternoon."
25  See Email from B. Baker to J. Sarles and M. Zeller, dated August 12, 2010.  Mattel
    promptly responded and stated that its lead counsel was in deposition that afternoon.
26  See Email from M. Zeller to B. Baker, dated August 12, 2010.  At 5:11 p.m., less than
    three hours after requesting a meet and confer it knew could not take place because of
27  Mr. Larian's on-going deposition, MGA hastily filed this application.  The Court
    should disregard this application for this reason alone and order MGA to comply with
28  the June 7, 2010 Order.