ANNETTE L. HURST (State Bar No. 148738)
ahurst@orrick.com
WARRINGTON S. PARKER III (State Bar No. 148003)
wparker@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105
Telephone: 415-773-5700
Facsimile:  415-773-5759

WILLIAM A. MOLINSKI (State Bar No. 145186)
wmolinski@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA 90017
Telephone: 213-629-2020
Facsimile:  213-612-2499

THOMAS S. McCONVILLE (State Bar No. 155905)
tmcconville@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
4 Park Plaza, Suite 1600
Irvine, CA 92614-2258
Tel: (949) 567-6700/Fax: (949) 567-6710

Attorneys for MGA Parties and IGWT 826

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | Case No. CV 04-9049 DOC (RNBx)<br>Consolidated with Case No. CV 04-9059 and Case No. CV 05-2727<br><br>**Hon. David. O. Carter**<br><br>**IGWT 826 INVESTMENTS LLC'S REPLY IN SUPPORT OF MOTION FOR PROTECTIVE ORDER FROM MATTEL'S NOTICE OF DEPOSITION OF IGWT 826 PURSUANT TO FED. R. CIV. P. 30(B)(6)**<br><br>Date: TBD<br>Time: TBD<br>Place: TBD<br><br>Trial Date: January 11, 2011 |

## INTRODUCTION

Mattel is desperately attempting to justify yet another deposition on the transaction between IGWT 826 Investments LLC ("IGWT ") and Omni 808 ("Omni") that occurred in September 2008 despite the fact that this Court's August 2, 2010 Order made it clear that any actions taken after August 12, 2008 did not cause injury to Mattel.  Mattel knows that  IGWT was not formed until August 27, 2008.  As a result, none of IGWT's actions contributed to any harm to Mattel.  Instead of responding to IGWT's request following the August 2 ruling and withdrawing of its notice of 30(b)(6) deposition, Mattel persists in opposing this motion. *See* Declaration of Mark P. Wine In Support of IGWT's Reply In Support of Motion for Protective Order From Mattel's Notice of Deposition of IGWT, Ex. A.  But the effort is futile. This deposition is duplicative and serves no legitimate discovery purpose.

All of Mattel's allegations against IGWT flow from IGWT's funding of Omni to purchase the Wachovia debt in September 2008.  The Court has already dismissed Mattel's fraudulent transfer counterclaims against IGWT and also dismissed Omni from this action.  The Court has also made clear that Mattel suffered no injury in its business or property as a result of the Omni-Wachovia transaction or as a result of any post-August 12, 2008 racketeering act.  As IGWT was not formed until August 27, 2008, there is simply nothing related to IGWT that is relevant to any claim or defense in this action anymore.

Mattel has already taken expansive discovery on every aspect of Omni's purchase of the Wachovia debt and IGWT's funding of it.  To be precise, Mattel has already deposed no fewer than **nine witnesses** just on this issue.  Yet, Mattel wants another deposition on these same topics that have not only been thoroughly examined before, but have also been completely mooted by this Court's August 2 Order and the Ninth Circuit's ruling.  Mattel's insistence on yet another deposition of IGWT on topics that are not only duplicative but have been rendered moot by

this Court's Order is unjustified and made in bad faith.

## ARGUMENT

**I. TOPICS 1-20 OF MATTEL'S NOTICE OF DEPOSITION OF IGWT ARE IRRELEVANT AND MOOTED IN LIGHT OF THE COURT'S AUGUST 2 ORDER AND THE NINTH CIRCUIT'S RULING.**

All of Mattel's allegations against IGWT flow from IGWT's funding of Omni to purchase the Wachovia debt. *See* Dkt. # 7714 (Mattel's Fourth Amended Answer and Counterclaims, hereinafter "Mattel's FAAC"), ¶97-120; Dkt # 8485 (Mattel's Opposition to IGWT 826 Investments LLC's Motion for Protective Order regarding 30(b)(6) Deposition topics, hereinafter "Opposition") at 1-3, 15.

The Court has already dismissed Mattel's fraudulent transfer counterclaims against IGWT and also dismissed Omni from this action. Dkt. # 8423 at 35-38. The Court has also made clear that "none of post-August 12, 2008 racketeering acts directly injured Mattel in its business or property". Dkt. # 8423 at 21-25. The Court further explained that "Mattel never did and does not now have an enforceable judgment against MGA due to the Ninth Circuit's rulings with respect to post-Phase 1 equitable relief. And, without a harm to a specific business or property interest … there is no injury to business or property interest within the meaning of RICO." Dkt. # 8423 at 22-23. IGWT was not formed until August 27, 2008. As a result, there is simply nothing related to IGWT that is relevant to any claim or defense in this action anymore.

**A. IGWT's Acts Are Not Relevant to Mattel's Conspiracy to Violate RICO Claim.**

Mattel's attempts to implicate IGWT in its surviving RICO claims are unavailing. Mattel argues that discovery from IGWT relating to the Omni-Wachovia transaction is relevant to Mattel's conspiracy to violate RICO claim. Opposition at 1, 15. This Court's August 2 Order makes clear that this argument has no merit.

In dismissing Mattel's RICO conspiracy claim against Omni, the Court found

that Omni joined any conspiracy on August 12, 2008, the date of its formation, and was not liable for any act prior to its formation because a conspirator is not liable for acts committed by his co-conspirators before he joined the conspiracy. Dkt. # 8423 at 21-22. Thus, Omni could be held liable only for any injury to Mattel's business or property occurring after August 12, 2008. *Id.* The Court analyzed the various harms alleged by Mattel and held that "none of the post-August 12, 2008 racketeering acts directly injured Mattel in its business or property." *Id.* at 21-25. Therefore, the Court held that Omni could not be held liable and dismissed Mattel's conspiracy to violate RICO claim against Omni. *Id.* The same analysis applies to IGWT.

IGWT was formed on August 27, 2008 – thus that is the earliest date it could have joined any conspiracy. *See* Dkt. # 8446, Ex. B (Operating Agreement of IGWT 826 Investments, LLC) at 17; FAAC, ¶105. Just as Omni, IGWT cannot be held liable for any act committed by its co-conspirators before August 27, 2008. Since the Court has held that none of post-August 12, 2008 racketeering acts injured Mattel in its business or property, Mattel has no viable claim of conspiracy to violate RICO against IGWT. As such, the acts of IGWT, all of which occurred after its formation on August 27, 2008 are not relevant to Mattel's conspiracy to violate RICO Claim.

**B.     IGWT's Acts Are Irrelevant to Mattel's Damages As a Matter of Law.**

Realizing that there are no grounds for relevance on the substantive claims, Mattel contends that information pertaining to IGWT is relevant to damages because the legitimacy of MGA's debt to Omni is relevant to MGA's net worth. Opposition at 1. Mattel does not explain which acts of IGWT harmed Mattel and what theory of relief the damages are related to. Nor does Mattel link IGWT's conduct to any specific claim for damages. This is nothing more than the type of argument you make when you have nothing else to argue. It is without merit.

As the party seeking discovery, Mattel bears the burden of showing relevancy and Mattel has not shown how IGWT is relevant to MGA's net worth or to MGA's damages. *Pacific Gas and Electric Co. v. Lynch*, 2002 WL 32812098, at *1 (N.D.Cal. Aug. 19, 2002). Indeed, Mattel can't. This Court has analyzed the various harms alleged by Mattel and held that "none of the post-August 12, 2008 racketeering acts directly injured Mattel in its business or property." *Id.* at 21-25. IGWT could not act before it was formed on August 27, 2008 and all its post formation acts have already been found to be irrelevant for damages purposes. *Id.*

Mattel's Topics 1-20 in its Notice of Deposition of IGWT seek information related to IGWT, its activities, and transactions [1] – all of which occurred on or after IGWT's formation on August 27, 2008. As the Court has held that Mattel suffered no harm as a result of any racketeering act after August 12, 2008, the information sought in these topics is not relevant to Mattel's RICO or conspiracy to violate RICO claims or to damages. As such, the information sought by Topics 1-20 of Mattel's Notice of Deposition of IGWT 826 have been mooted and rendered irrelevant by this Court's August 2 Order.

## II.  THE DISCOVERY SOUGHT IS ALSO UNREASONABLY DUPLICATIVE AND CUMULATIVE

Recently, the Court noted that the volume of discovery in this case has been "staggering" and noted that further discovery is likely to be "largely duplicative." Dkt. # 8509 at 1-2. As the Court has recognized, Mattel has had expansive discovery over the last several months into the Omni-Wachovia transaction and IGWT's funding of it. Dkt. # 7712 at 6-8. Mattel acknowledges that it has received testimony from Isaac Larian and numerous other individuals on topics 1-11, 12-16, and 18-19, but contends that it is entitled to a corporate designee by IGWT.

---

[1] Topics 1-20 seek information on IGWT's formation, governance, relationship between IGWT and its officers, directors and other members, and its funding (Topics 1-6); transactions, transfers, payments, communications, and agreements involving IGWT (Topics 7-11, 12-17), and preservation or spoliation of documents by IGWT (Topic 18-19).

Opposition at 7-13.  There is simply no need for one more deposition of IGWT as it is merely duplicates discovery already sought and obtained by Mattel. *See Goss v. Soo Line Railroad Co.*, 2009 WL3570335, at *5 (S.D.Ind. Oct. 27, 2009)(granting protective order for 30(b)(6) topic on grounds that it would be unduly duplicative of individual deposition testimony).

Courts have recognized that "common sense teaches that in the case of relatively small, closely-held entities, …, there may be no difference between the knowledge of the entity and the knowledge of the principals." *A.I.A. Holdings v. Lehman Brothers*, 2002 WL 1041356, at *3 (S.D.N.Y. May 23, 2002)  In such cases, "a 30(b)(6) deposition may not be justified where the witnesses' testimony as a 30(b)(6) witness would be identical to his testimony as an individual" as it would be a waste of time and money.  *Id.*  The situation here falls squarely within the reasoning of *A.I.A. Holdings*.  IGWT is a small, closely held company, owned by Isaac Larian and his family members through various trusts.  Given the small, closely held nature of IGWT, Mr. Larian's role as its principal, and his extensive testimony on issues concerning IGWT over a span of four days, there is no justification for another deposition of IGWT.  It is duplicative, cumulative and a waste of time.

Mattel's contention that prior depositions are not sufficient because discovery regarding the Omni-Wachovia transaction is not complete and is ongoing is not only wrong but made in bad faith in light of this Court's August 2 Order.  Opposition at 9, 11.  After months of discovery into the Omni-Wachovia transaction that was described by this Court as "staggering in scope," this Court dismissed all claims related to Omni, including claims related to Mattel's fraudulent transfer allegations, the Omni-Wachovia transaction, and Omni from this action.  There is simply no basis to depose IGWT on topics related to these dismissed claims.

Mattel also contends that Mr. Larian and other deponents such as Kadisha

and Woolard did not answer many questions in their prior deposition. For example, Mattel points out that Mr. Kadisha did not know which IGWT was the lender to Omni 808 and that Mr. Woolard did not know about IGWT funding. Opposition at 11. May be so. Even if Mr. Woolard and Mr. Kadisha lacked knowledge, Mr. Larian testified in detail on these very issues – the funding of IGWT and its funding of Omni. Mattel has obtained ample testimony on these topics and Mattel cannot contend that it needs it from every deponent.

With regard to Topic 17 which sought testimony on certain U.C.C. statements, Mattel provided the referenced U.C.C. statements for the first time with its Opposition. Opposition at 14. These statements relate to financing and security interests of Omni. As discussed above, all claims related to Omni, including claims related to Mattel's fraudulent transfer and the Omni-Wachovia transaction have been dismissed. Omni has also been dismissed from this action and this topic is simply not relevant anymore. Further, Mattel has already obtained testimony on these U.C.C. statements from at least three witnesses - Mr. Mashian, Mr. Neman, and Mr. Gonzini - and another deposition is merely duplicative. *See* 8/14/2009 Neman Depo. Tr. at 146-159; 9/10/2009 Mashian Depo. Tr. at 204-207; 5/11/2010 Gonzini Depo. Tr. at 178-182.

Finally, Topic 20 does not relate to discrete topics as contended by Mattel. Opposition at 14. Rather, it requires a deponent to identify every single document related to 19 broad topics, clearly an overbroad and burdensome topic that is also not reasonably particularized. *In re Independent Service Organizations Antitrust Litigation*, 168 F.R.D. 651, 654 (D. Kan. 1996)(granting protective order where the notice sought a corporate witness to testify about facts supporting numerous paragraphs and affirmative defenses on grounds that the deposition notice was overbroad, unduly burdensome, and seeks duplicative discovery; holding that even under liberal discovery rules, a party was not required to marshal all of its factual proof to prepare a witness).

1
2                              **CONCLUSION**
3       For the foregoing reasons, IGWT requests that the Court grant a protective
4   order as to Topics 1-20 of Mattel's Amended Notice of Deposition of IGWT 826
5   Investments LLC.
6
7   Dated: August 13, 2010           Respectfully submitted,
8                                    ORRICK, HERRINGTON & SUTCLIFFE LLP
9
10                                   By:  _____*/s/ Mark P. Wine*_____
                                                Mark P. Wine
11                                   Attorneys for MGA ENTERTAINMENT, INC.,
                                     MGA ENTERTAINMENT HK, LTD., MGA de
12                                   MEXICO, S.R.L. de C.V., ISAAC LARIAN and
                                     IGWT 826 INVESTMENTS LLC.
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28