ANNETTE L. HURST (State Bar No. 148738)
ahurst@orrick.com
WARRINGTON S. PARKER III (State Bar No. 148003)
wparker@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105
Telephone: 415-773-5700
Facsimile: 415-773-5759

WILLIAM A. MOLINSKI (State Bar No. 145186)
wmolinski@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA 90017
Telephone: 213-629-2020
Facsimile: 213-612-2499

THOMAS S. MCCONVILLE (State Bar No. 155905)
tmcconville@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
4 Park Plaza, Suite 1600
Irvine, CA 92614-2258
Tel: (949) 567-6700/Fax: (949) 567-6710

Attorneys for MGA Parties

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant. | Case No. CV 04-9049 DOC (RNBx)<br>Consolidated with: Case No. CV 04-9059<br>Case No. CV 05-2727<br><br>**[PUBLIC VERSION] MGA PARTIES' REPLY IN SUPPORT OF MOTION FOR PROTECTIVE ORDER FROM MATTEL, INC.'S NOTICE OF DEPOSITION OF MGA ENTERTAINMENT, INC. PURSUANT TO FED. R. CIV. P. 30(B)(6) (SECOND PHASE 2 NOTICE)** |
| AND CONSOLIDATED ACTIONS<br><br>**PUBLIC REDACTED VERSION** | Date: TBD<br>Time: TBD<br>Place: Courtroom 9D<br><br>Trial Date: January 11, 2011 |

## INTRODUCTION

Mattel, Inc. ("Mattel")'s Opposition to MGA Entertainment, Inc. ("MGA")'s Motion for Protective Order From Mattel's Second Rule 30(B)(6) Deposition Notice fails to address, or even acknowledge, the mountains of duplicative and cumulative deposition testimony, both individual and corporate in nature, identified and described in MGA's Motion for Protective Order.[1]  Mattel has taken over 1,006 hours of deposition testimony -- *so far* -- from former and current employees of MGA, MGAE de Mexico, and MGA Canada, as well as independent contractors, consultants, and other third-parties working on their behalf.[2]  Now Mattel wants more.  The Second Rule 30(b)(6) Deposition Notice is a textbook example of vexatious and oppressive discovery, and Mattel knows it.  Enough is enough.

Indeed, the Court is well-aware of the context in which Mattel attempts to compel testimony on what represents Rule 30(b)(6) Topics 220 through 237:

> We find ourselves nearly six months past that February 2010 deadline and, yet, depositions continue.  This is due in large part to the parties' practice of designating (and requesting) dozens of hours of deposition testimony from numerous 30(b)(6) designees, well in excess of the seven hours prescribed by the Federal Rules.  The lack of preparation of witnesses *by all parties* has been well-documented, but the discovery process has dragged on long enough that the parties have cured the overwhelming majority of their discovery failures.  The Court is well-aware of the pending discovery disputes, including those issues which the Court has held in abeyance, and has reached the conclusion that further discovery is largely duplicative, subject to two very narrow exceptions[.][3]

Mattel's Second Phase 2 Notice falls into neither of the two narrow exceptions.  For the reasons set forth in its Motion and herein, MGA respectfully submits that ample and good cause exists as to issue a protective order against Mattel's Second Rule 30(b)(6) Deposition Notice.

---

[1] MGA's Motion for Protective Order, Docket No. 8410, filed on July 30, 2010.
[2] By comparison, MGA has taken 653 hours of deposition testimony.
[3] Amended Order, Docket No. 8514, filed on August 11, 2010 ("August 11 Order"), at 2.

# ARGUMENT

## I. MATTEL FAILS TO REBUT MGA'S SHOWING OF GOOD CAUSE FOR A PROTECTIVE ORDER AGAINST MATTEL'S SECOND RULE 30(B)(6) DEPOSITION NOTICE.

Mattel's opposition relies upon several cases to establish the proposition that individual deposition testimony cannot substitute for corporate testimony.[4] In so doing, Mattel either misses or chooses to ignore the point of this motion. As set forth in MGA's Motion for Protective Order, Topics 1-3 and 6-16 of Mattel's Second Rule 30(b)(6) Deposition Notice are duplicative and cumulative of: (1) MGA's and MGA de Mexico's prior Rule 30(b)(6) testimony; (2) Mattel's prior Rule 30(b)(6) deposition topics, *and* (3) the prior individual testimony of every percipient witness with knowledge as to the allegations in Mattel's FAAC. Mattel simply chooses to ignore the first two reasons why a protective order is warranted, and scantly touches the third. Moreover, the topics are improper because they seek testimony on matters that are wholly irrelevant to any remaining claim or defense in this litigation. Good cause exists for this Court to issue a protective order against Topics 1-3 and 6-16 in Mattel's Second Rule 30(b)(6) Deposition Notice.

### A. Topic 1

Mattel argues that Topic 1, which seeks testimony regarding "unauthorized or illegal downloading or copying of intellectual property," is relevant to show "a corporately-sanctioned scheme to commit wholesale criminal copyright infringement."[5] This argument fails the straight-face test. Mattel bases its allegation upon a single *hearsay* allegation ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬.[6] Even taken at face value, Mattel's allegation of a *single* instance of downloading, unrelated to any

---

[4] Opposition, at 3, 5, and 15.
[5] *Id.* at 4.
[6] The reliability and credibility of Mr. Wing's allegation is suspect, to say the least. ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ Brian Wing Dep. Tr., at 875:8-883:10; 1089:3-1095:21.

allegation in Mattel's FAAC, does not reasonably indicate that additional depositions will lead to the discovery of admissible evidence of "routine practice of an organization" under Federal Rule of Evidence 406.[7] This is simply an attempt to use one irrelevant event to bootstrap more discovery in hopes of finding something that Mattel can use against MGA in a yet to be articulated theory of liability.

. Moreover, Mattel's argument flies in the face of the May 23 Order, in which this Court rejected Mattel's argument that testimony regarding "wholesale criminal copyright infringement" was directly relevant to MGA's preservation and destruction of documents, and further noted that, with respect to *non-Mattel* copyrighted material, "Mattel does ***not*** allege that Larian and MGA marshaled file sharing software to effectuate the grand scheme of trade secret misappropriation and copyright infringement."[8]

Mattel further contends that the language of Topic 1 is "clearly worded" and "unambiguous."[9] It is anything but. First, Mattel does not even bother to define the term "unauthorized" (i.e., unauthorized by whom?). Second, Mattel's definition of "intellectual property" is so vague and overbroad as to render the topic devoid of any reasonable particularity.[10] Similarly, Mattel defines "YOU" to include <u>any</u> current or former MGA employee or <u>any</u> other PERSON acting on MGA's behalf at <u>any</u> time.[11] It is hard to imagine how MGA would even begin to prepare a witness to testify as to Topic 1.

---

[7] Fed. R. Evid. 406; *see also Bell v. Consolidated Rail Corp.*, 299 F. Supp. 2d 795, 800 (N.D. Ohio 2004) ("Rule 406 evidence must rest on an analysis of instances numerous enough to support an inference of systematic conduct and to establish one's regular response to a repeated specific situation.") (internal citations omitted); *see also Strauss v. Douglas Aircraft*, 404 F.2d 1152, 1158 (2nd Cir. 1968) (a single instance of conduct is insufficient to show inference of systematic conduct).
[8] Order, Docket No. 7947, filed on May 23, 2010.
[9] Opposition, at 2.
[10] Mattel's Second Rule 30(B)(6) Deposition Notice, at ¶ 11. ("INTELLECTUAL PROPERTY" means intellectual property of any form, including without limitation information, ideas, DOCUMENTS, trade secrets, copyrights, trademarks, patents, or any other item whose value derives, in whole or in part, from its intellectual, as opposed to its physical, attributes.")
[11] *Id.* at ¶1.

Finally, Mattel argues that Topic 1 would not be duplicative of Ken Lockhart's 30(b)(6) testimony. Mattel, however, ignores the fact that it has already deposed all individuals involved with each and every alleged instance of "illegal downloading or copying" in Mattel's FAAC, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. *See A.I.A. Holdings v. Lehman Bros., Inc.*, 2002 WL 1041356, at *3 (S.D.N.Y. May 23, 2002) (finding 30(b)(6) deposition may not be justified where the 30(b)(6) testimony and topics would be identical to individual testimony); *Goss v. Soo Line Railroad Co.*, 2009 WL 3570335, at *5 (S.D. Ind. Oct. 27, 2009) (granting protective order for 30(b)(6) topic because it would be unduly duplicative of individual deposition). In this regard, a protective order against Topic 1 is warranted.

**B.    Topic 2, 3 and 7**

Mattel argues that Topics 2, 3 and 7, which seek testimony on MGA's "involvement" in the Mexican proceedings and intercompany transactions between MGA and MGA de Mexico, are not *unreasonably* duplicative of prior deposition testimony and topics. Again, Mattel ignores the facts. With respect to Topic 2, MGA has now produced corporate witnesses to testify on (1) "the search and seizure of documents by Mexican authorities from MGA's Mexico City offices and related communications"; (2) "communications with law enforcement officials" in Mexico by or on behalf of MGA; and (3) MGA's payments "to or through vendors, attorneys and others in Mexico relating to any actual or potential investigation or prosecution of MGA or its employees."[13] It simply defies logic to permit Mattel to depose MGA further on its "involvement" (whatever that means) in the Mexican proceedings, when MGA has already provided its complete testimony on this topic.

Similarly, with respect to Topics 3 and 7, MGA has already provided a

---

[12] MGA 30(B)(6) Dep. Tr. of Schuyler Bacon, Vol. 6, dated June 21, 2010
[13] MGA 30(B)(6) Dep. Tr. of Isaac Larian, Vol. 11, dated July 7, 2010; MGA 30(B)(6) Dep. Tr. of Craig Holden, Vol. 7, dated June 23, 2010; MGA 30(B)(6) Dep. Tr. of Dennis Jolicoeur, Vols. 9 and 12, dated June 25 and July 8, 2010.

1  corporate witness to testify on "MGA's payments to or through vendors, attorneys
2  and others in Mexico relating to any actual or potential investigation or prosecution
3  of MGA or its employees."[14] To the extent that Mattel seeks testimony about
4  MGA's payments *unrelated* to any actual or potential investigation, it is clearly
5  overbroad and irrelevant. Moreover, Mattel's argument that intercompany financial
6  transactions are relevant to personal jurisdiction ring hollow. The Court has already
7  spoken on this issue, and any testimony about how MGA charges back MGA
8  Mexico for its office supplies, for example, does not advance the ball for either side
9  on the issue of personal jurisdiction.[15] There is simply no justification for allowing
10 Mattel to depose MGA on matters that it has either already covered in full, or which
11 are not relevant to any claim or defense in this case. Good cause exists for a
12 protective order as to Topics 2, 3 and 7.

### C. Topic 6

14 Topic 6 seeks "the facts known by each of the witnesses who you have
15 identified as having knowledge of facts concerning, or on which you intend to rely
16 to support, your unclean hands affirmative defense." As indicated in MGA's
17 Motion for Protective Order, MGA promised to provide Isaac Larian as a corporate
18 witness to testify on "the factual bases supporting or contradicting MGA's claims
19 and allegations."[16] Indeed, on August 12, Mr. Larian was deposed for hours on a
20 broad range of topics, including but not limited to, MGA's unfair competition
21 claims ████████████████████████████████████████[17]
22 There is no question that this recent and binding testimony is duplicative and
23 cumulative of the testimony sought under Topic 6.
24 Furthermore, Mattel does not dispute in its opposition that it already had an

---

[14] MGA 30(B)(6) Dep. Tr. of Dennis Jolicoeur, Vols. 9 and 12, dated June 25 and July 8, 2010.
[15] Order, Docket No. 8423, filed on August 2, 2010 ("August 2 Order"), at 26-30.
[16] Motion for Protective Order, at 11.
[17] Mr. Larian's Rule 30(b)(6) deposition concluded late in the day on August 12, 2010, and as such, MGA has not yet received the rough transcript. If the Court so desires, MGA will lodge the rough transcript as soon as it receives it.

earlier opportunity to depose MGA's Rule 30(b)(6) witness, Stephen Schultz, on this very topic.[18] Instead, Mattel contends that Mr. Schultz was ill-prepared. Mattel's complaints, however, are misguided, since it should have moved the Court for relief as to its earlier deposition topic on MGA's affirmative defense of unclean hands, instead of improperly propounding duplicative Rule 30(b)(6) topics.[19] The Federal Rules do not permit "mulligans" for Rule 30(b)(6) depositions.  Good cause exists to grant a protective order as to Topic 6.

### D. Topic 8

With respect to Topic 8, Mattel makes the perplexing argument that the testimony of MGA's Rule 30(b)(6) witness, Schuyler Bacon, on the genesis of the product name "Moxie" is not cumulative of Topic 8 (which seeks testimony on the genesis of the product name "Moxie") because Ms. Bacon was originally designated to testify on the theft of trade secrets by Carter Bryant.[20]  This makes no sense.  Mattel's FAAC alleges that Carter Bryant came up with the name "Moxie."[21]  Ms. Bacon provided detailed binding corporate testimony contradicting Mattel's allegation.[22]  Indeed, in its opposition, Mattel admits that Ms. Bacon testified about ███████████████████████████████████████████

███████████████████████████████████████████████████

---

[18] Opposition, at 8.
[19] Moreover, a line of federal cases puts into doubt the appropriateness of Topic 6 in the first place. *See McCormick-Morgan, Inc. v. Teledyne Indus., Inc.*, 134 F.R.D. 275, 285-87, *rev'd on other grounds* (N.D. Cal. 1991) (issuing protective order against 30(b)(6) topic seeking bases of affirmative defenses and finding that "no one human being can be expected to set forth, especially orally in deposition, a fully reliable and sufficiently complete account of all the bases for the contentions made and positions taken"); *In re Independent Service Orgs Antitrust Litigation*, 168 F.R.D. 651, 654 (D. Kansas 1996) (issuing protective order against Rule 30(b)(6) topic seeking testimony on a party's affirmative defenses); *SmithKline Beecham Corp. v. Beecham Group, P.L.C.*, 2000 WL 116082, at *9-10 (N.D. Ill. Jan. 24, 2000) (Rule 30(b)(6) topic seeking testimony on factual bases of an affirmative claim imposes undue burden, and is needlessly duplicative because Defendants will already be receiving the information).
[20] Opposition, at 10.
[21] FAAC, at ¶ 93.
[22] *See* MGA's Motion for Protective Order, at 12-13; MGA 30(B)(6) Dep. Tr. of Schuyler Bacon, Vol. 6, dated June 21, 2010.  Furthermore, MGA's counsel made no objections as to scope during Ms. Bacon's deposition.

1  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.[23]  It is unclear what further testimony Mattel wants from MGA on this matter, and how that testimony would be relevant to Mattel's affirmative claim of trade secret theft *via* Carter Bryant.  Good cause exists for the Court to issue a protective order as to Topic 8.

### E. Topics 9-14

Topics 9-14 are directed to MGA's shareholder distributions and Mattel's allegations that MGA purported to transfer a security interest in Bratz-related intellectual property to Omni 808.  These topics are no longer relevant.  In the Court's August 2 Order, issued *after* MGA filed its opening Motion for Protective Order, the Court dismissed without leave to amend Mattel's fraudulent transfer and prohibited distributions counterclaims.[24]  As a result, Topics 9-14 of Mattel's Second Rule 30(B)(6) Deposition Notice are mooted by the Court's August 2 Order, and are not relevant to any *surviving* claim or defense in this action.

Apart from the now-apparent irrelevance of Topics 9-14, a protective order is warranted because the topics are duplicative and cumulative of prior Rule 30(b)(6) topics and testimony.  Mattel's strained argument to the contrary is unavailing.  First, Mattel argues that "distributions of money made by MGA to MGA's shareholders and family members" (Topic 9, Second Notice) is **not** the same thing as "Payments of money or any other item of value MGA made to Isaac Larian or any family member" (Topic 11, Third Notice).[25]  As the Court is well aware, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.  These topics are completely duplicative.  Second, Mattel incorrectly cites to Topic 10 of its own First Notice, which actually seeks testimony on,[26]

> YOUR distributions and any other PAYMENTS to LARIAN, including without limitation members of his family and any trusts associated with LARIAN, from January 1, 2004 to the present, and any PAYMENTS by LARIAN to YOU in that

---

[23] Opposition, at 10.
[24] August 2 Order, at 35-41.  The Court also dismissed Omni 808 Investors, LLC.
[25] Opposition, at 11.
[26] Mattel erroneously cites to Topic 11 of its own First Rule 30(B)(6) Notice.

time period[.][27]

It is abundantly clear that Topic 9 (Third Notice) and Topic 10 (First Notice) are completely duplicative and cumulative of Mattel's Topic 9 (Second Notice).

With respect to Topics 10-13, Mattel argues that MGA's prior Rule 30(b)(6) testimony was limited to "*actual* payments ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮,"[28] Mattel's complaints are not well-founded. In dismissing Mattel's fraudulent transfer counterclaims, the Court held that the allegation that MGA *purported* to transfer of a security interest in Bratz-related IP is simply not relevant.[29] Furthermore, despite Mattel's complaints about MGA's counsel's objections, MGA's Rule 30(b)(6) witness provided ample testimony on t▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.[30] There is no justification for further deposition testimony on Topics 10-13.

Similarly, Topic 14 retreads old ground on the issue of "insolvency," a subject matter which the Court limited Mattel to **one hour** of testimony.[31] Mattel's argument that Topic 14 additionally seeks testimony on communications with non-legal departments, auditors and creditors is unavailing. Mattel had its chance to ask those questions, and it did not. MGA should not have to carry the burden of providing another witness to satisfy Mattel's never-ending inquisition, particularly when the subject matter is one that calls for expert testimony. Mattel has received all the relevant testimony it is entitled to for Topics 9-14, and a protective order should be issued to protect MGA from Mattel's continuing discovery abuses.

F.   Topic 15

In its August 2 Order, the Court dismissed without leave to amend Mattel's

---

[27] Mattel's First Rule 30(B)(6) Deposition Notice, served January 26, 2010, at 11.
[28] Opposition, at 14.
[29] August 2 Order, at 37.
[30] MGA 30(B)(6) Dep. Tr. of John Woolard, Vol.3, dated March 26, 2010, 842:18-843:17; 869:4-12; 873:13-25.
[31] Order, Docket No. 8104, filed on June 14, 2010 ("June 14 Order"), at 10.

1  Sixteenth Counterclaim for Breach of Constructive Trust.[32]  There can be no serious
2  question that Topic 15 on MGA's "activities and efforts to preserve or enhance
3  Bratz-related assets" is no longer relevant.  Further, as Mattel concedes, the subject
4  matter of Topic 15 is duplicative of Category 22, which was previously held in
5  abeyance in the Court's June 14 Order.[33]  The Court in its August 11 Order, stated
6  that it was "well-aware of the pending discovery disputes, *including those issues*
7  *which the Court has held in abeyance*, and has reached the conclusion that further
8  discovery is largely duplicative, subject to two very narrow exceptions."[34]  The
9  subject matter covered by Topic 15 does not fall within the two exceptions
10  articulated by the Court.  Mattel should not be permitted to waste the Court's and
11  MGA's time and resources on a deposition regarding claims that have already been
12  dismissed.  Good cause exists to issue a protective order as to Topic 15.

### G. Topic 16

14  Mattel's makes two faulty arguments against a protective order for Topic 16,
15  which seeks testimony on employment agreements in use by MGA from 1975 to
16  the present. First, Mattel argues that Topic 16 is relevant to Mattel's trade secret
17  misappropriation claim, and that Mattel is entitled to MGA's testimony, because
18  MGA propounded the same discovery request on Mattel.[35]  As a preliminary
19  matter, Mattel's argument is not well-taken in light of the Court's admonition
20  against the practice of "tit-for-tat" discovery.[36]  In any case, Mattel's argument that
21  it is entitled to depose MGA on the same topic does not hold water in light of the
22  Court's reasoning for permitting MGA's deposition.  In the June 7 Order, the Court
23  explained that "[t]he evolution of Mattel's employment agreements, as well as the
24  manner of their execution, may lead to the discovery of admissible evidence on the
25  issue of whether any misappropriation of trade secrets or confidential information

---

[32] August 2 Order, at 40-41.
[33] June 14 Order, at 8.
[34] August 11 Order, at 2.
[35] *Id.*
[36] *See* March 11, 2010 Hearing Tr., Vol. 3, at 31:8-13.

occurred with Mattel's express or implied consent."[37] The evolution of MGA's employment agreement is not even arguably relevant to any claim or defense in this case. Neither MGA nor Mattel have raised an issue of any former MGA employee absconding with MGA's trade secret and/or proprietary information.

Second, Mattel argues that Topic 16 is relevant to "custom and usage" in the industry.[38] There has been no showing, or even an attempted showing, by Mattel of any "custom and usage" in the industry, nor has any witness from either party testified that such "custom and usage" exists. As such, this legally tenuous argument falls apart in view of the tremendous burden it places on MGA to prepare a witness on over thirty-five years of employment agreements, when the information it seeks is equally available through other discovery methods. Good order exists to issue a protective order as to Topic 16.

## CONCLUSION

For the foregoing reasons, MGA's Motion for a Protective Order should be granted, and MGA should not be required to (once again) provide corporate witnesses to testify on Topics 1-3 and 6-16 of Mattel's Second Rule 30(b)(6) Deposition Notice.

Dated: August 13, 2010

Respectfully submitted,

ORRICK, HERRINGTON & SUTCLIFFE LLP

By: _____
Mark P. Wine
Attorneys for the MGA Parties

---

[37] Order, Docket No. 8079, filed on June 7, 2010, at 8.
[38] Opposition at 19.