
ANNETTE L. HURST (State Bar No. 148738)
ahurst@orrick.com
WARRINGTON S. PARKER III (State Bar No. 148003)
wparker@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105
Telephone: 415-773-5700
Facsimile: 415-773-5759

WILLIAM A. MOLINSKI (State Bar No. 145186)
wmolinski@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA 90017
Telephone: 213-629-2020
Facsimile: 213-612-2499

THOMAS S. McCONVILLE (State Bar No. 155905)
tmcconville@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
4 Park Plaza, Suite 1600
Irvine, CA 92614-2258
Tel: (949) 567-6700/Fax: (949) 567-6710

Attorneys for MGA Parties

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | Case No. CV 04-9049-DOC (RNBx)<br><br>Consolidated with:<br>Case No. CV 04-9059<br>Case No. CV 05-2727<br><br>Hon. David O. Carter<br><br>**[REDACTED] MGA PARTIES' REPLY IN SUPPORT OF MOTION TO COMPEL MATTEL TO PRODUCE ROBERT ECKERT ON TOPIC 9 OF MGA'S NOTICE OF DEPOSITION AND PRODUCE DOCUMENTS RELATED TO MATTEL LICENSES**<br><br>Date: TBD<br>Time: TBD<br>Place: TBD<br><br>Trial Date: January 11, 2011 |

# INTRODUCTION

Mattel's Opposition to MGA's Motion to Compel ("Opposition") mischaracterizes MGA's motion to compel and meet and confer efforts and requires a narrow, untenable reading of the Court's June 7 Order.[1]  On June 7, the Court *granted* MGA's motion to compel topic 9 of its notice of deposition and required Mattel to either designate a 30(b)(6) witness or produce Bob Eckert and/or Neil Friedman to testify as to Mattel's practice of communicating with its licensees about MGA licenses.  Mattel's contention that the questions Mr. Eckert was unable to answer at his deposition were outside the scope of the topic because Mr. Eckert was produced to testify about "Mattel's practice of communicating with its licensees", and not to testify as to topic 9 - "communications between Mattel and its licensees" – misses the point.  MGA's questions are clearly within the scope of the ordered topic in either case and must be answered by Mattel.  Irrespective of Mattel's attempts to misconstrue the issue, Mr. Eckert was simply not prepared adequately.  Mattel's argument to the contrary ignores the scores of questions Mr. Eckert was unable to answer, and fails to address his inadequate investigation and preparation on a key November 28, 2006 email.

Mattel's licensing documents are materially relevant to MGA's unfair competition claims and Mattel's damages claims.  Mattel should have produced these a long time ago.  Indeed, MGA has been trying to obtain these highly relevant documents from Mattel for over six months but Mattel has steadfastly refused.  Mattel's latest ploy is to avoid their production and cloak their suppression behind meet and confer requirements that have plainly been met.  Following the Court's February 25 Order ordering Mattel to produce all documents referenced in Mr. Eckert's deposition, MGA's lead counsel spoke with Mattel's counsel, including Mattel's lead counsel John Quinn and Mike Zeller multiple times regarding Mattel's

---

[1] Mattel appears to inadvertently refer to this as the June 10 Order in its Opposition. Opposition at 1, FN 1 (referring to Dkt. # 8079 as June 10 Order).  Dkt. # 8079 is dated June 7 and was filed on June 7, 2010.

1  failure to produce its license files.  MGA's counsel also attempted to narrow the
2  request in an attempt to resolve the issue.  MGA's counsel also had several
3  telephone calls with John Quinn and exchanged email with John Quinn and Bridget
4  Hauler in an attempt to obtain Mattel's license files.  Mattel steadfastly refused to
5  produce its licenses or any document on this topic.  Realizing the futility of further
6  meet and confer on this issue, MGA's sole recourse was to move to compel.  Mattel
7  should have produced its Barbie licensing files a long time ago and must now be
8  compelled to do so.

**ARGUMENT**

**I.  MGA'S MOTION DOES NOT SEEK RECONSIDERATION OF THE COURT'S JUNE 7 ORDER, RATHER IT SEEKS MATTEL'S COMPLIANCE WITH THE JUNE 7 ORDER.**

12  In its June 7 Order, the Court granted MGA's motion to compel topic 9 of its
13  deposition notice and ordered Mattel to either designate a 30(b)(6) witness or
14  produce Bob Eckert and/or Neil Friedman to testify as to Mattel's practice of
15  communicating with its licensees about actual or potential MGA licenses.  Dkt. #
16  8079 at 10-11.  Mattel produced Mr. Eckert on June 16, but Mr. Eckert was
17  unprepared and had failed to conduct even any reasonable investigation of the
18  November 28, 2006 email exchange involving Bob Eckert and Neil Friedman that
19  the Court has found to be "undisputably" relevant to this issue.  Motion at 3-4.
20  As a result of Mr. Eckert's lack of preparedness, MGA sought further
21  testimony on this topic.  Mattel refused and MGA's sole recourse was to file this
22  motion seeking Mattel's compliance with the June 7 Order.  MGA's motion is not a
23  reconsideration of the Court's June 7 Order and Mattel's attempts to couch it as such
24  are misleading and erroneous.

**II.  MATTEL'S CONTENTION THAT MR. ECKERT WAS PREPARED IS ERRONEOUS.**

Mattel concedes that Mr. Eckert did not know the answers to many questions related to Mattel's communications with its licensees but contends that these

- 2 -

1 questions were outside the scope of the topic on which he was compelled to testify.

2 Opposition at 6-7. Mattel is wrong. Mattel's contention that the questions were

3 outside the scope of the topic because Mr. Eckert was produced to testify about

4 "Mattel's practice of communicating with its licensees", and not to testify as to topic

5 9 - "communications between Mattel and its licensees" is untenable and relies on a

6 tortured and misguided reading of what the Court ordered Mattel to do.

7 ▮

8 ▮

9 ▮ This email communication

10 clearly falls within the scope of the topic and, indeed, the Court found it to be

11 undisputably relevant. Dkt. # 8079 at 10-11. Nonetheless, Mattel contends that

12 MGA must be satisfied with Mr. Eckert's testimony on this email exchange because

13 MGA has questioned him twice about this email. Opposition at 6. Mattel is wrong.

14 Simply because Mattel produced Mr. Eckert and MGA had the opportunity to ask

15 questions does not mean that Mattel fulfilled its obligations to prepare adequately a

16 30b6 witness on this topic. The record clearly shows Mattel failed to prepare Mr.

17 Eckert for this testimony. Motion at 3-4; Dkt. # 8389, Ex. B at 5, 7 (6/16/2010

18 Eckert Depo. Tr. at 5:9-18, 10:19-11:21) ▮

19 ▮

20 ▮

21 ▮

22 ▮

23 ▮

24 ▮

25 ▮ This question remains unanswered due

26 either to Mattel's inadequate preparation or suppression of information. Regardless

27 of which, the issues fall clearly within the scope of the topic that the Court ordered

28 Mr. Eckert or another to prepare and testify.

1    As another example of inadequate preparation, MGA identified ten
2 documents showing that Mattel communicated with certain specific licensees and
3 instructed these licensees not to do business with MGA and/or threatened to
4 terminate their Mattel licenses if they chose to continue to work with MGA.
5 Motion at 3-4.  These communications between Mattel and its licensees show
6 Mattel's policy of communicating with its licensees regarding MGA licenses and
7 are undisputably within the scope of the topic ordered by the Court.  They are not
8 "innocuous spreadsheets that merely detail MGA's licenses" – the kind of
9 documents that the Court expressed concern in relation to potential overbreadth of
10 topic 9.  Dkt. # 8079 at 11.  These communications directly bear upon any Mattel
11 policy of terminating MGA licensees and are clearly within the scope of what
12 Mattel was required to testify. Mattel must be compelled to prepare a witness to
13 discuss specifically these documents.
14    Similarly, MGA identified a document prepared by Bain & Co as part of
15 "Project Doll" identifying all of MGA's domestic and international licensees.  The
16 purpose of this compilation – whether it was used to enforce a Mattel policy of
17 communicating with its licensees regarding MGA licenses – also falls squarely
18 within the scope of the Court-ordered topic.  Again, however, Mr. Eckert was
19 unprepared to testify about this document, an especially surprising result given his
20 intimate involvement in "Project Doll."  MGA is entitled to a knowledgeable
21 witness on these documents and Mattel should be compelled to prepare and produce
22 Mr. Eckert on these issues.

### III. MATTEL'S PRODUCTION OF ITS LICENSES IS LONG OVERDUE AND MATTEL MUST BE COMPELLED TO PRODUCE THEM.

#### A. Mattel Should Not Be Permitted To Hide Relevant Documents Based On Meet and Confer Requirements That Have Been Plainly Met.

27   Mattel's licensing documents are materially relevant to MGA's unfair
28 competition claims as they can show whether Mattel terminated any of its licensees

1   because they conducted business with MGA. Motion at 6.  They are also relevant to

2   Mattel's damages claims as Mattel is claiming damages based on lost licensing

3   revenue. *Id.*  Mattel should have produced these a long time ago.  Indeed, MGA

4   has been trying to obtain these highly relevant documents from Mattel for over six

5   months now but Mattel has steadfastly refused to produce them.  Mattel's latest ploy

6   is to avoid their production and cloak their suppression behind meet and confer

7   requirements that have plainly been met.  Opposition at 1-2, 4, 8.

8       Following Mr. Eckert's deposition, on January 5, 2010, MGA served a

9   document request on Mattel seeking Mattel's licensing agreements and

10  correspondence related to them that had been identified by Mr. Eckert in his

11  deposition.[2]  In its January 26, 2010 Order, the Court granted MGA's motion to

12  compel and ordered Mattel to produce all documents referenced by Mr. Eckert in

13  his deposition.  Dkt. # 7434 at 9.  As Mattel failed to comply, MGA moved to

14  compel again on this issue.  In its February 25 Order, the Court again granted

15  MGA's motion to compel and ordered Mattel to produce all documents referenced

16  by Mr. Eckert in his deposition.  Dkt. # 7591.  In the context of enforcement of this

17  Order, MGA's lead counsel discussed in detail Mattel's failure to produce its

18  licensing documents with John Quinn and Mike Zeller multiple times.  In an

19  attempt to narrow the request, MGA also asked Mike Zeller if Mattel had a license

20  summary that could be used.  Mr. Zeller said that there was no such document.

21  MGA's lead counsel had several phone calls with Mr. Quinn, and an email

22  exchange with Mr. Quinn and Bridget Hauler on the relevancy of Mattel's licensing

23  documents to Mattel's damages claims and Mattel's refusal to produce them.  Mattel

---

[2] The full text of RFP 210 reads: All DOCUMENTS, as identified and described by MATTEL's CEO, Robert Eckert, during his deposition of December 16, 17, and 18, 2009 (12/18/09 Eckert Depo Tr. 711:10-713:2), from 1995 to present, comprising MATTEL's intellectual property license agreements, royalty agreements, and any royalty reports resulting therefrom, between MATTEL and all manufacturers, suppliers, distributors, retailers or licensees, and any CORRESPONDENCE RELATING or REFERRING thereto. 1/5/2010 MGA's Fourth Set of Phase 2 Requests For Production Of Documents And Things To Mattel.

1  steadfastly refused to produce its licenses or any document on this topic and any
2  further meet and confer would have been futile. Realizing the futility of further
3  meet and confer on this issue, MGA's sole recourse was to move to compel.

4      **B.**    **Mattel Has Not Demonstrated That Producing Barbie Licensing Documents Would be Unduly Burdensome.**
5

6      Mattel does not dispute the relevance of Barbie licensing documents.
7  Instead, Mattel contends that it would be unduly burdensome to produce them.
8  Opposition at 8-10. Mattel bears the burden of establishing undue burden. *Del*
9  *Campo v. American Corrective Counseling Services, Inc.*, 2007 WL 4287335, at *2
10 (N. D. Cal. Dec. 5, 2007)(the party resisting discovery on the basis of undue burden
11 must meet the burden under Fed. R. Civ. P. 26(c) governing the issuance of
12 protective orders). Mattel has failed to establish undue burden.

13 [REDACTED]
14 [REDACTED]
15 [REDACTED]
16 [REDACTED]
17 [REDACTED] Opposition at 10. This is simply not enough to show undue
18 burden. The fact that there is a large volume of documents stored in multiple
19 locations or various offices is not sufficient reason, in and of itself, to deny
20 discovery on grounds of undue burden. *MacNamara v. City of New York*, 2006 WL
21 3298911, at *16 (S.D.N.Y. Nov. 13, 2006)(refusing to quash a third party subpoena
22 on grounds of undue burden though it imposed a particularly heavy burden because
23 it involved a large number files); *see also Travelers Indem. Co. v. Metropolitan Life*
24 *Ins. Co.*, 228 F.R.D. 111, 114 (D.Conn. 2005)(stating that sheer volume of
25 documents stored in numerous branch offices, sub offices and warehouses in
26 several states, in and of itself not sufficient to quash a subpoena).
27     The Barbie license agreements at issue here are highly relevant to MGA's
28 unfair competition claims and Mattel's damages. Motion at 6. Further, this is

1  discovery that can only be obtained from Mattel.  Thus, the benefit of discovery is
2  very high.  To the contrary, the burden on Mattel is slight.  Mattel has stated that
3  Mattel's licensing group is in El Segundo and it maintains the majority of its license
4  documents in El Segundo.  Opposition at 10.  Further, Mattel has not shown why it
5  is a burden, let alone undue burden for Mattel to search its servers for electronic
6  documents related to its Barbie licenses and agreements.  Mattel has also not shown
7  that any of these documents are inaccessible. *Cartel Asset Management v. Ocwen*
8  *Financial Corporation*, 2010 WL 502721, at *10 (D. Col. Feb. 8, 2010)(denying
9  motion for protective order where attorney's declaration did not establish that the
10 documents were not reasonably accessible).  Further, Mattel' contention that the
11 request is overbroad and unduly burdensome because it uses phrase "related to" is
12 wrong.  Opposition at 9.  The phrase "related to" by itself is not objectionable, both
13 parties have used it routinely in prior discovery requests [3], and the Court has upheld
14 such requests [4].

15 ████████████████████████████████████████
16 ████████████████████████████████████████
17 ██████████████████████████ is totally without merit.  Opposition at 11.
18 There is a protective order in place, and both parties have routinely exchanged
19 highly sensitive information using the appropriate designation.  There is no reason
20 why the protective order is insufficient here, and clearly it is not reason enough to
21 avoid Mattel's discovery obligation.  The slight burden on Mattel to produce its
22 Barbie licensing documents are outweighed by the relevance of the documents,
23 especially in light of the importance of the issue, the scope of discovery in this

---

[3] *See e.g.*, Mattel's First Set of Requests for Documents and Things Re: Claims of Unfair Competition to MGA, Request for Production No. 24:
  All DOCUMENTS RELATING TO any contracts or licenses entered into, negotiated, proposed, or requested RELATING TO any of the CONTESTED MGA PRODUCTS.
[4] *See e.g.*, Dkt. # 7434 at 5; Dkt. # 8079 at 4-5; Dkt. # 8233 at 8.

case,[5] and the damages at issue.

Mattel also contends that Mr. Eckert would not be the appropriate witness to testify regarding all Barbie licenses. Opposition at 2. But, MGA is not seeking Mr Eckert to testify about all Barbie licenses under topic 9. MGA is seeking Mr. Eckert to testify only about Barbie licenses that may have been terminated on account of the licensee doing business with MGA. This is clearly within the scope of the topic of the Court's June 7 Order. Dkt. # 8079 at 11.

## CONCLUSION

For the foregoing reasons MGA hereby respectfully requests that the Court order Mattel to produce Mr. Eckert on Topic 9 of MGA's April 27, 2010 notice of deposition and produce documents related to its Barbie licenses from 2001 to the present.

Dated: August 16, 2010            Respectfully submitted,

ORRICK, HERRINGTON & SUTCLIFFE LLP

By:        /s/ Sugithra Somasekar
                Sugithra Somasekar
Attorneys for MGA ENTERTAINMENT, INC., MGA ENTERTAINMENT HK, LTD., MGA de MEXICO, S.R.L. de C.V., and ISAAC LARIAN

OHS West:260971432.1

---

[5] MGA has produced nearly **600,000** documents totaling over *six million* pages in this case so far.