QUINN EMANUEL URQUHART & SULLIVAN, LLP
  John B. Quinn (Bar No. 090378)
  (johnquinn@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:  (213) 443-3000
Facsimile:   (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>MGA ENTERTAINMENT, INC., a California corporation,<br><br>Defendants.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 DOC (RNBx)<br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br><u>Hon. David O. Carter</u><br><br>**MATTEL, INC.'S REPLY IN SUPPORT OF MOTION TO COMPEL COMMUNICATIONS RELATING TO MATTEL EMPLOYEES;**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:  TBD<br>Time:  TBD<br>Place:  Courtroom 9D<br><br>**Phase 2**<br>Discovery Cut-off:  TBD<br>Pre-trial Conference:  TBD<br>Trial Date: January 11, 2011 |

00505.07975/3626011.5

MATTEL'S REPLY IN SUPPORT OF MOTION TO COMPEL COMMUNICATIONS RE: EMPLOYEES

# MEMORANDUM OF POINTS AND AUTHORITIES

## Preliminary Statement

MGA does not deny that Mattel's requests are relevant to Mattel's claims, including in particular that MGA sought to lure away Mattel employees for the purpose of obtaining Mattel confidential and proprietary information. Instead, MGA argues that because it has produced some responsive documents, it need not produce any more. MGA argues that locating these documents would require it to search the files of all MGA employees for the names of thousands of Mattel employees. This is nonsense. MGA knows which of its employees are responsible for contacting and recruiting knowledgeable Mattel employees. It knows who has the authority to make payments to competitors who may or may not be potential recruits. Nor has MGA met, or even tried to met, its burden of proving any purported undue burden with evidence. MGA has provided no factual or legal basis to avoid providing this basic, relevant discovery, and it should be compelled to make a complete production of documents.

## Argument

### I. MATTEL'S REQUESTS INDISPUTABLY SEEK SPECIFIC INFORMATION REGARDING EFFORTS TO HIRE AND PAY MATTEL EMPLOYEES

MGA seeks to avoid Mattel's Requests by mischaracterizing them as overbroad and therefore unduly burdensome. Regarding overbreadth, MGA does not provide adequate evidence to support such a finding and misstates the requests in order to exaggerate their scope. It is MGA that must prove, through the submission of affidavits or other evidence, that the requests are unduly burdensome, as MGA has previously argued itself and as has been held in this case. E.g., Dkt. No. 5088 at 19-20 (Discovery Master Order No. 11); Jackson v. Montgomery Ward & Co., Inc, 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate

the nature and extent of the burden, usually by affidavit or other reliable evidence."). Not only does MGA's undue burden argument fail because it is unproven, but it is facially implausible. For example, MGA has refused to even produce documents that come from "mattel.com" email addresses,[1] which should be easy enough to locate by electronic searches.

MGA states that Request Nos. 41-46 seek "communications about Mattel employees." (Opp. at 2-3). In fact, Mattel's requests are far more tailored. Request Nos. 43-45 involve offers of payment or employment that MGA either made or planned to make to Mattel employees. These Requests seek:

- All DOCUMENTS REFERRING OR RELATING TO any actual or contemplated PAYMENT to any CURRENT MATTEL EMPLOYEE.
- All DOCUMENTS REFERRING OR RELATING TO the actual or contemplated hiring, engagement or retention of any CURRENT MATTEL EMPLOYEE by YOU.
- All DOCUMENTS REFERRING OR RELATING TO any CURRENT MATTEL EMPLOYEE'S actual or contemplated employment with YOU.[2]

MGA argues that there are too many Mattel employees who might be discussed in such documents and that the documents could be scattered anywhere in the company. This argument, however, defies common sense. MGA cannot mean to suggest that it attempted to pay or hire away many or most of Mattel's employees. There are only a handful of people at MGA who would have the ability to make payments or offers of employment, and asking them to locate documents on these matters is neither burdensome or difficult. In fact, it is required. See A. Farber &

---

[1] Letter from B. Dylan Proctor to William Molinski dated April 9, 2010, at 2-3.
[2] Mattel, Inc.'s Fifth Set of Requests for Documents and Things to MGA Entertainment, Inc., (Phase 2), dated December 24, 2009, at Nos. 43-45.

1  Partners, Inc. v. Garber, 234 F.R.D. 186, 190 (C.D. Cal. 2006) (quoting National
2  Ass'n of Radiation Survivors v. Turnage, 115 F.R.D. 543, 554-56 (N.D. Cal. 1987))
3  ("A reasonable inquiry into the factual basis of a party's discovery responses ...
4  requires, at a minimum, a reasonable procedure to distribute discovery requests to
5  all employees and agents of the party potentially possessing responsive information,
6  and to account for the collection and subsequent production of the information to the
7  opposing party.") (brackets omitted).  Contrary to what precedent requires, MGA
8  has neither submitted an affidavit nor any evidence showing that such a search
9  would be unduly burdensome.  MGA cannot avoid discovery on the basis of
10 unsupported assertions that discovery is burdensome.

11        Similarly, Request No. 46 seeks documents regarding whether MGA knew
12 which Mattel employees had access to confidential information:  "All
13 DOCUMENTS REFERRING OR RELATING TO any CURRENT MATTEL
14 EMPLOYEE'S access to DOCUMENTS, information, intellectual property or
15 materials REFERRING OR RELATING TO MATTEL."  Again, MGA should be
16 able to identify which MGA personnel might have responsive documents on such a
17 targeted request.  Indeed, MGA's only argument for burden is that it would have a
18 difficult time determining whether a particular document related to a Mattel
19 employee. (Opp. at 3).  But asking basic questions during document inspection and
20 collection could dispose of this supposed problem, and MGA is obligated to make
21 such reasonable inquiries.  See Garber, 234 F.R.D. at 190.

22        MGA objects to the defined terms "YOU," "YOUR" and "REFERRING OR
23 RELATING TO" in Mattel's Requests, but provides no explanation of what an
24 appropriately narrowed version of those definitions would be.  MGA instead
25 complains that it must analyze "29 additional terms," ignoring that the list of terms
26 in that definition clarifies what "REFERRING OR RELATING TO" means.
27
28

Moreover, MGA well understands what these terms mean—MGA itself has often used them.[3]  And as Mattel pointed out in its motion (Mot. at 8) and MGA concedes by its silence, the Court has compelled numerous requests, including MGA requests, using these very terms.  See e.g., Dkt No. 7434 at 3, 10; Dkt. No. 8079 at 4-5; Dkt. No. 8233 at 8.

Even if the Court were to agree that these terms should be narrowed, MGA does not explain why it should be permitted to avoid producing documents that are in the custody or control of persons who are legally part of MGA, and that it can obtain through a reasonable investigation.  See Playboy Enterprises, Inc. v. Welles, 60 F.Supp.2d 1050, 1052-53 (S.D. Cal. 1999) (stating that Rule 34 requires parties to produce documents in their possession, custody or control).  MGA provides no authority for the proposition that its contractors are exempt from discovery, and indeed, the Garber case refers specifically to "all employees *and agents*."  Garber, 234 F.R.D. at 190 (emphasis added).

## II. MATTEL'S REQUESTS ARE SET FORTH WITH SUFFICIENT PARTICULARITY AND ARE HIGHLY RELEVANT

MGA argues, without authority, that the very existence of thousands of Mattel employees means that Mattel's requests are not particular enough, pointing to Request Nos. 39, 40, 41, 42 and 47.  (Opp. at 4).  MGA does not make any serious attempt to argue that the requested documents are irrelevant.  (Opp. at 5-6).  Mattel

---

[3]  See, e.g., MGA's First Set of Phase 2 Requests for Production at 3-4 ("MATTEL," "YOU," or "YOUR" means the Mattel, Inc. and any of its past or present officers, directors, employees, parents, subsidiaries, divisions, affiliates, predecessors-in-interest, and joint venture partners. . . . "REFERRING OR RELATING TO" and "REFLECTING" should be construed in the broadest possible sense to mean concerning, consisting of, referring to, relating to, describing, discussions, constituting, evidencing, containing, reflecting, mentioning, pertaining to, citing, summarizing, analyzing or bearing any logical or factual connection with the matter discussed.).

has made it clear what communications it is requesting and with whom, but MGA insists on misconstruing the requests. For example, with regard to Request No. 42, MGA admits that it has not tried to locate communications between its own employee Contreras and Mattel employees but insists that it would not even know how to conduct such a search. (Opp. at 4). This assertion is specious. As a first step, MGA would be able to locate these communications by asking Mr. Contreras for them and running electronic searches of his computer hard drives and other media containing his email accounts.

With Request Nos. 43-46 and 48-49, MGA argues that it would have to interview every MGA employee to determine which of its many employees had ever considered hiring or paying Mattel employees. (Opp. at 5). Again, this is groundless exaggeration. As stated above MGA knows who was involved in recruiting employees from Mattel. It can speak with those persons to determine if they have documents and also run electronic searches of their computer hard drives and other media containing their email accounts. Clearly, however, MGA has failed to do so. Indeed, MGA essentially argues that because it theoretically might have to look in some remote nook or cranny of the company for documents or other information that might in some equally theoretical (and wholly unproven) sense become burdensome, it is exempt from looking anywhere and from asking anyone for the documents–no matter how obvious or easy or relevant a source that may be. That illogical claim has no basis in law or fact.

Mattel has alleged, and has obtained evidence in spite of MGA's obstruction, that MGA engaged in a pattern of recruiting Mattel employees and bribing them to steal trade secrets. MGA has responded that it is some sort of coincidence that so many of its employees all engaged in the same highly profitable misconduct, supposedly in the face of its most pointed instructions. And now MGA seeks to prevent production of the very documents that would prove that it is not a coincidence, but rather MGA that is the driving force behind this conduct. Because

1  the requests seek highly relevant information, and MGA has failed to prove the
2  requests are unduly burdensome, MGA should be required to produce the
3  documents.

### III. MGA'S BOILERPLATE OBJECTIONS ARE INVALID

In its opposition, MGA does not defend its boilerplate objections or its objection that Mattel possesses the relevant documents. It accordingly has conceded that those objections are improper and cannot form the basis for withholding relevant discovery. Cf. Jacobeit v. Rich Township High School District 227, 673 F. Supp. 2d 653, 659 (N.D. Ill. 2009) (failure to respond to arguments in motion is waiver). See also Garber, 234 F.R.D. at 188 (boilerplate objections improper); Walker v. Lakewood Condominium Owners Ass'n, 186 F.R.D. 584, 587 (C.D. Cal. 1999) (same).

### Conclusion

For the foregoing reasons, Mattel respectfully requests that the Court grant Mattel's motion to compel.

DATED: August 16, 2010          QUINN EMANUEL URQUHART &
                                SULLIVAN, LLP


                                By /s/ Michael Zeller
                                   Michael T. Zeller
                                   Attorneys for Mattel, Inc.