QUINN EMANUEL URQUHART & SULLIVAN, LLP
  John B. Quinn (Bar No. 090378)
  (johnquinn@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:  (213) 443-3000
Facsimile:  (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>MGA ENTERTAINMENT, INC., a California corporation,<br><br>Defendants.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 DOC (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>Hon. David O. Carter<br><br>MATTEL, INC.'S NOTICE OF MOTION AND MOTION FOR ORDER CONFIRMING PENDENCY OF TRADE SECRET MISAPPROPRIATION CLAIM BASED ON THEFT OF BRATZ<br><br>Hearing Date: TBD<br>Time: TBD<br>Place: Courtroom 9D<br><br>Discovery Cut-off: October 4, 2010<br>Pre-trial Conference: January 4, 2011<br>Trial Date: January 11, 2011 |

00505.07975/3633840.1

1    TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2    PLEASE TAKE NOTICE that, at such date and time as the Court may order, in

3  the Courtroom of the Honorable David O. Carter, located at 411 West Fourth Street,

4  Santa Ana, California 92701, plaintiff Mattel, Inc. ("Mattel") will, and hereby does,

5  renew its Motion to Confirm Pendency of Trade Secret Misappropriation Claim Based

6  on Theft of Bratz ("Motion to Confirm"), and specifically move for an Order either

7  confirming that Mattel's pending claim for trade secret misappropriation encompasses

8  the theft of Bratz-related trade secrets, or in the alternative permitting Mattel to amend

9  its Fourth Amended Answer and Counterclaims ("FAAC") to include a claim for

10  misappropriation of Bratz-related trade secrets.

11    Mattel makes this Motion on the grounds that such claim is encompassed by

12  Mattel's prior pleadings, MGA has long recognized that Mattel is pursuing a claim for

13  theft of Bratz-related trade secrets, and MGA has taken extensive discovery into the

14  claim and its purported defenses thereto.  Mattel respectfully submits that, because

15  Mattel long ago provided notice that the claim is at issue in this case and because it is

16  encompassed by Mattel's prior pleadings, no formal amendment to add the claim

17  should be necessary; and an amendment, should it be needed, is proper under Rule 15

18  because there has been no prejudice, no undue delay, no bad faith, and the amendment

19  is not futile.

20    The amendments that Mattel would propose to make to its FAAC, consistent

21  with the above, are attached hereto as Exhibit A, consisting of a "redline" version of the

22  single page of the FAAC that would be modified.  Mattel will submit a complete

23  version of the FAAC with the proposed modifications upon the Court's direction.

24    This Motion is based on this Notice of Motion and Motion, the accompanying

25  Memorandum of Points and Authorities, the briefing and related documents filed in

26  support of and in opposition to Mattel's Motion to Confirm (Dkt. Nos. 7801, 7801-1,

27  7850 and 7850-1), the Court's April 10, 2010 Order Granting In Part and Denying In

28  Part Motion for Leave to File Fourth Amended Answer and Counterclaims (Dkt. No.

7712), the Court's May 13, 2010 Order Denying Mattel's Motion to Confirm (Dkt. No. 7853), the records and files of this Court, any matters of which the Court may take judicial notice, and such further evidence and argument as may be presented at or before the hearing on this matter.

### Statement of Compliance

Lead counsel discussed these issues on April 22, 2010, July 27, 2010, and other dates, but did not reach a resolution.


DATED:  August 16, 2010             QUINN EMANUEL URQUHART &
                                    SULLIVAN. LLP


                                    By /s/ John B. Quinn
                                        John B. Quinn
                                        Attorneys for Mattel. Inc.

# <u>TABLE OF CONTENTS</u>

<u>Page</u>

PRELIMINARY STATEMENT ............................................................................ 1

ARGUMENT ..................................................................................................... 2

I.    MATTEL SHOULD BE PERMITTED TO PURSUE ITS CLAIM FOR MISAPPROPRIATION OF BRATZ-RELATED TRADE SECRETS .................................................................................................. 2

II.    THE COURT SHOULD GRANT LEAVE TO AMEND, TO THE EXTENT IT IS REQUIRED, TO ADD THE BRATZ MISAPPROPRIATION CLAIM ................................................... 3

    A.    No Prejudice Would Result From Adding The Claim ........................... 4

        1.    Mattel Long Ago Put MGA On Notice of This Claim ................ 5

        2.    Extensive Discovery Into the Claim Has Been Taken ................. 7

        3.    Trying the Claim Now Will Not Lead To Inefficiencies ........... 10

        4.    Mattel Would Be Prejudiced If Amendment Were Not Permitted ................................................................................ 10

    B.    Mattel Did Not Unduly Delay In Pursuing The Claim ........................ 11

    C.    There Is No "Bad Faith" or "Futility" .................................................. 12

CONCLUSION ................................................................................................ 13

1

## <u>TABLE OF AUTHORITIES</u>

2

<u>Page</u>

3

### <u>Cases</u>

4

<u>DCD Programs, Ltd. v. Leighton</u>,
   833 F.2d 183 (9th Cir. 1987) ................................................................... 4, 11
5

6

<u>Eminence Capital, LLC v. Aspeon, Inc.</u>,
   316 F.3d 1048 (9th Cir. 2003) .................................................................. 4
7

<u>Febus-Cruz v. Sauri-Santiago</u>,
   652 F. Supp. 2d 166 (D. Puerto Rico 2009) ............................................. 4
8

9

<u>Howey v. United States</u>,
   481 F.2d 1187 (9th Cir. 1973) .................................................................. 4, 12
10

11

<u>Islamic Republic of Iran v. Boeing Co.</u>,
   771 F.2d 1279 (9th Cir. 1985) .................................................................. 11
12

<u>Mattel, Inc. v. MGA Entertainment, Inc.</u>,
   No. 09-5567 (9th Cir. July 22, 2010) ....................................................... 3
13

<u>Miller v. Rykoff-Sexton, Inc.</u>,
   845 F.2d 209 (9th Cir. 1988) .................................................................... 12

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-ii-

MATTEL, INC.'S MOTION TO CONFIRM PENDENCY OF TRADE SECRET MISAPPROPRIATION CLAIM
BASED ON THEFT OF BRATZ

## MEMORANDUM OF POINTS AND AUTHORITIES

### Preliminary Statement

In its opposition to Mattel's Motion for Leave to File a Fourth Amended Answer and Counterclaims ("Motion for Leave"), MGA argued that Mattel should not be permitted to "add" a "new" claim for trade secret misappropriation based on MGA's theft of Bratz-related trade secrets. That argument was premised on mischaracterizations of the record. Mattel long ago provided notice to MGA that its pending trade secret claim encompassed allegations concerning the theft of Bratz – an irrefutable fact that MGA did not disclose to the Court. The Court declined leave to add the claim in its Order on the Motion for Leave but also stated, however, that "Mattel may file for leave to add claims related to the Bratz and Jade lines after the Ninth Circuit issues a ruling on the MGA Parties' appeal."[1] The Court later confirmed, when denying both Mattel's subsequent Motion to Confirm Pendency of Trade Secret Misappropriation Claim Based on Theft of Bratz and MGA's Cross-Motion To Strike Allegations of FAAC, that "many of the Court's concerns as to the viability of the Bratz-related trade secret claims may be affected by the Ninth Circuit's disposition of Phase 1."[2]

Under the Ninth Circuit's ruling, claims for liability (although not necessarily all findings) tried in Phase 1 will be retried as part of a single trial that will no longer be phased. Mattel respectfully submits that now, more than ever, it clearly should be permitted to pursue its claim for misappropriation of Bratz-related trade secrets. The Court's previously-expressed "concern that allowing Bratz-related trade secret claims to proceed may result in Phase 2 factual determinations at odds with the Phase 1 jury's findings"[3] is no longer an issue given that Bratz-related claims must be retried. Moreover, it has long been clear to all parties that Mattel sought to pursue a claim for

---

[1] Dkt. No. 7712, dated April 10, 2010, at 10.
[2] Dkt. No. 7853, dated May 13, 2010, at 3.
[3] Id. at 2.

00505.07975/3633840.1

misappropriation of Bratz-related trade secrets, and – as the Court already found – "both parties have conducted considerable discovery into potential Bratz-related trade secret claims during both phases of this lawsuit."[4]  In light of the Ninth Circuit's ruling, Mattel hereby renews its Motion to Confirm, and respectfully requests that the Court authorize Mattel to proceed with a claim for misappropriation of Bratz-related trade secrets including, to the extent necessary, by granting Mattel leave to amend its FAAC.

## **Argument**

## I.   **MATTEL SHOULD BE PERMITTED TO PURSUE ITS CLAIM FOR MISAPPROPRIATION OF BRATZ-RELATED TRADE SECRETS**

Mattel had believed, for years, that it had already adequately alleged a claim for misappropriation of Bratz-related trade secrets.  The parties actively litigated the claim. Mattel repeatedly referenced the claim, including in briefing and in pre-Phase 1 trial submissions, before it sought leave to file the Third and Fourth Amended Answers and Counterclaims.[5]  Mattel also described the claim in detail when it was first required to provide interrogatory responses detailing its misappropriation of trade secrets claim.[6] Mattel did not seek to add the claim to the Third Amended Counterclaims, and did not discuss adding the claim in its Motion for Leave to file the Fourth Amended Counterclaims, because, in Mattel's view, the claim already was at issue.

Mattel recognizes the Court's ruling that the claim was not encompassed within Mattel's prior pleading.  In light of the Ninth Circuit's ruling, however, there is no reason not to permit Mattel to pursue the claim now.  The Court previously expressed a "concern that allowing Bratz-related trade secret claims to proceed may result in Phase

---

[4]   Id. at 3.
[5]   See, e.g., April 18, 2008 draft proposed PTCO, at 18, 23-24, Declaration of Scott L. Watson ("Watson Dec."), Dkt. No. 7801-1 at Ex. 1; Mattel's Proposed Jury Instructions, April 1, 2008, at 46-51, Watson Dec., Dkt. No. 7801-1 at Ex. 2.
[6]   See Mattel, Inc.'s First Supplemental Objections and Responses To Interrogatory nos. 20-23 and 28 In MGA Entertainment, Inc.'s Second Set of Interrogatories, July 31, 2009, at 16-18, Watson Dec., Dkt. No. 7801-1 at Ex. 5.

2 factual determinations at odds with the Phase 1 jury's findings."[7]  That risk no longer exists in light of the Ninth Circuit's ruling, which requires a retrial of much of Phase 1.[8]  Accordingly, the Court's prior stated basis for not permitting Mattel to pursue this claim – that "such claims should have been properly brought prior to Phase 1 and that their late addition poses the risk of at least partially inconsistent verdicts"[9] – no longer is an obstacle to amendment.  The Court has made clear that there will be no bifurcation at trial of "Phase 1" and "Phase 2" claims but instead that all claims will be tried together.  Thus, Mattel's misappropriation of Bratz trade secrets claim can and should be tried with the other Bratz-related claims to be retried.[10]

## II.  THE COURT SHOULD GRANT LEAVE TO AMEND, TO THE EXTENT IT IS REQUIRED, TO ADD THE BRATZ MISAPPROPRIATION CLAIM

Mattel previously has explained why, until the Court's recent Orders, it believed and understood that it already had a claim for misappropriation of Bratz-related trade secrets pending.[11]  In light of the Court's ruling that the claim was not properly pleaded previously, Mattel respectfully requests leave to amend its pleading to clarify the pendency of this claim.

Rule 15(a) mandates that leave to amend "shall be freely given when justice so requires," and its "policy of favoring amendments to pleadings should be applied with

---

[7]  Dkt. No. 7853, dated May 13, 2010, at 2.

[8]  See Mattel, Inc. v. MGA Entertainment, Inc., No. 09-5567, slip op. at 10548-49 (9th Cir. July 22, 2010).  As Mattel will explain in further detail in its ordered response regarding the effect of the Ninth Circuit ruling, certain factual findings made by the jury should, and indeed must, remain in effect.  But there will be no risk of verdicts of the second jury inconsistent with those findings, whether the misappropriation of Bratz trade secrets claim is added or not, because the second jury will not be asked to reconsider any facts found by the Phase 1 jury that remain intact.

[9]  Dkt. No. 7712, dated April 10, 2010, at 10.

[10]  Indeed, it has always been Mattel's position that MGA's theft of Bratz should be tried *jointly* with MGA's other thefts.  See, e.g., Jan. 8, 2007 Hearing Tr., at 8:3-9:17, Watson Decl., Dkt. No. 7801-1 at Ex. 7 (Mattel arguing that "the whole episode with respect to Mr. Bryant and the original creation of Bratz was just one of a series of events which have happened," and that all of the alleged thefts of Mattel trade secrets and information constitute a "pattern of racketeering activity . . . that has to be addressed in one proceeding").

[11]  See Motion to Confirm, Dkt. No. 7801, at 2-11.

MATTEL, INC.'S MOTION TO CONFIRM PENDENCY OF TRADE SECRET MISAPPROPRIATION CLAIM BASED ON THEFT OF BRATZ

1  extreme liberality." <u>DCD Programs, Ltd. v. Leighton</u>, 833 F.2d 183, 185-186 (9th Cir.
2  1987) (citation and internal quotation omitted).[12]  As discussed below, none of the four
3  factors "commonly used to determine the propriety of a motion for leave to amend" –
4  bad faith, undue delay, prejudice to the opposing party, or futility of amendment – is
5  present here.  <u>Id</u>.

6      On the other hand, Mattel would be severely prejudiced if this claim – which
7  Mattel indisputably provided notice of long ago – were not added.  MGA has made
8  clear that it intends to argue that Mattel's *other* state law claims relating to Bratz are
9  preempted by California's Uniform Trade Secrets Act ("CUTSA").  It would hardly be
10  fair or equitable for MGA to at once be permitted to urge preemption of Mattel's other
11  claims based on CUTSA while opposing Mattel's efforts to pursue the CUTSA claim
12  that MGA argues has preemptive effect.

13      **A.    <u>No Prejudice Would Result From Adding The Claim</u>**

14      Prejudice is the "touchstone" of the leave to amend analysis.  <u>Eminence Capital,</u>
15  <u>LLC v. Aspeon, Inc.</u>, 316 F.3d 1048, 1052 (9th Cir. 2003) (citation omitted) ("Absent
16  prejudice, or a strong showing of any of the [other] factors, there exists a presumption
17  under <u>Rule</u> 15(a) in favor of granting leave to amend."); <u>Howey v. United States</u>, 481
18  F.2d 1187, 1191 (9th Cir. 1973) ("Only where prejudice is shown or the movant acts in
19  bad faith are courts protecting the judicial system or other litigants when they deny
20  leave to amend a pleading.").  Clearly, there will be no prejudice to MGA from the
21  addition of this claim.

22      MGA argued before that it will be prejudiced because adding a Bratz-related
23  trade secret misappropriation claim to the case "now that the parties have engaged in
24

25  _____
26      [12]  <u>Rule</u> 15 clearly applies to this Motion.  No <u>Rule</u> 16 deadline for filing motions
   for leave to amend has been entered, which means that amendments are governed by
27  <u>Rule</u> 15, not <u>Rule</u> 16.  See <u>Febus-Cruz v. Sauri-Santiago</u>, 652 F. Supp. 2d 166, 167 n.1
   (D. Puerto Rico 2009) (analyzing motion for leave to amend under <u>Rule</u> 15 where
28  scheduling order had issued but no deadline to move for leave to amend had been set).
   Moreover, Mattel sought the same relief it seeks now in its Motion to Confirm, which
      (footnote continued)

discovery practice on all of the Phase 1 issues and nearly all of the Phase 2 trade secret issues will necessitate yet another massive round of discovery regarding this new trade secret claim."[13]  As the Court has already found, however, "[t]he fact remains that both parties have conducted considerable discovery into potential Bratz-related trade secret claims during both phases of this lawsuit."[14]  Moreover, whether it believes it has taken adequate discovery or not, Mattel long ago put it on notice of this claim, and MGA therefore has had an extensive opportunity to take discovery into it.  Adding the claim will cause no undue prejudice to MGA, and is required to avoid substantial unfair prejudice to Mattel.

### 1.   <u>Mattel Long Ago Put MGA On Notice of This Claim</u>

Even assuming for present purposes that it was uncertain from the face of Mattel's prior pleadings that Mattel's trade secret claim includes Bratz-related trade secrets, any uncertainty was categorically eliminated in April 2008, when the parties exchanged drafts of a joint Phase 1 Pre-Trial Conference Order ("PTCO").  Explicitly recognizing the overlap between its trade secret claim *as it relates to Bratz* and other Phase 1 issues, Mattel proposed in multiple drafts of the PTCO to include *that part* of its trade secret claim in Phase 1.[15]  Mattel's proposed jury instructions at that time further confirmed that its trade secret claim encompassed the theft of Bratz trade secrets.[16]   In fact, Mattel proposed six separate instructions in support of a misappropriation of Bratz-related trade secrets claim.[17]   MGA objected to these instructions on the grounds that "Mattel does not assert a claim for misappropriation of

---

was filed months ago.  In any case, <u>Rule 16</u>'s "good cause" standard clearly would be satisfied as well for the same reasons discussed below.

[13]   <u>See</u> MGA Opp. to Motion Motion for Leave , dated April 5, 2010, Dkt. No. 7690 at 17.

[14]   Dkt. No. 7853, at 3.

[15]   <u>See</u> April 18, 2008 draft proposed PTCO, at 18, 23-24, Watson Dec., Dkt. No. 7801-1 at Ex. 1; <u>see generally</u> Motion to Confirm, Dkt. No. 7801, at 5-7.

[16]   Mattel's Proposed Jury Instructions, April 1, 2008, at 46-51 (emphasis added), Watson Dec., Dkt. No. 7801-1 at Ex. 2.

[17]   <u>Id.</u> at 47.

1   trade secrets *in Phase One*."[18]  MGA also filed a motion *in limine* to preclude evidence

2   of Mattel's Phase 2 claims, arguing that Mattel's proposed jury instructions "spend

3   pages setting out the elements of a claim for Misappropriation of Trade Secrets" – i.e.,

4   the claim for misappropriation of Bratz-related trade secrets – "that *will not be tried*

5   *until Phase Two*."[19]  These multiple submissions and filings unequivocally provided

6   MGA with notice that Mattel intended to pursue a trade secret claim based on Bratz-

7   related information stolen by MGA.

8          Mattel then reaffirmed its intent to pursue a Bratz-related trade secret claim as

9   soon as Phase 2 discovery commenced in January 2009.  On February 13, 2009, the

10  parties submitted briefing concerning "whether the Court should enter judgment under

11  Rule 54(b)."[20]  Mattel argued that judgment under Rule 54(b) was not appropriate

12  "because of the substantial overlap between the issues and claims in Phase 1 and Phase

13  2."[21]  Such a substantial overlap was inevitable, Mattel stated, because it "*is pursuing*

14  *in Phase 2 a misappropriation of trade secrets claim against MGA based in part on*

15  *the theft of the Bratz designs*," which claim "clearly overlaps with Phase 1 issues."[22]

16         All this shows that MGA has long known that Mattel's trade secret claim

17  encompasses Bratz-related trade secrets.  Its prior representations that "Mattel did not

18  identify Bratz or Jade as trade secrets at any point until July 2009" and "it was not until

19  September 2009 in its interrogatory responses that Mattel first claimed that Bratz and

20  Jade were trade secrets" – representations that MGA relied on to show alleged

21  prejudice – were far from accurate.[23]

22

---

23  [18]  MGA's Objections to Mattel's Proposed Jury Instructions, April 16, 2008, at 72-
    83 (emphasis added), Watson Dec., Dkt. No. 7801-1 at Ex. 3.
24  [19]  MGA's Motion *in Limine* No. 6, April 14, 2008, Dkt. No. 3132 at 5 n.4
    (emphasis added),
25  [20]  Memorandum of Mattel, Inc. Regarding Entry of Judgment Pursuant to Rule
    54(B) and Phase 1, February 13, 2009, Dkt. 4835, at 1.
26  [21]  Id.
    [22]  Id. at 5 (emphasis added).
27  [23]  See MGA Parties' Opposition to Mattel's Motion for Leave to File Fourth
    Amended Answer and Counterclaims, dated April 5, 2010, Dkt. No. 7690 at 3, 4, 16. It
28  was in July 2009 that Mattel responded to MGA interrogatories asking it to "identify
       (footnote continued)

00505.07975/3633840.1

### 2.   <u>Extensive Discovery Into the Claim Has Been Taken</u>

The Court's finding that "both parties have conducted considerable discovery into potential Bratz-related trade secret claims during both phases of this lawsuit" is correct.[24]   The MGA Parties argued in April 2008 that they "did not focus their discovery efforts on Mattel's misappropriation of trade secrets claim on the understanding that it was a Phase 2 claim and because they were never informed by Mattel that this claim related to ownership of Bratz."[25]   But the ownership and theft of Bratz was the primary focus of Phase 1 discovery, and MGA certainly has had no shortage of opportunity to take discovery into this claim in Phase 2.

And MGA has done so.  It has taken extensive discovery on ownership of Bratz issues (in both phases of discovery) and on trade secret protection issues.[26]   Its witnesses have testified at length about how it used, or allegedly did not use, Carter Bryant's designs and works, including as recently as last week.[27]   In fact, MGA has repeatedly relied on the pendency of Mattel's Bratz-related trade secret claim to obtain extensive discovery into it.  For example, at the December 17, 2009 deposition of Mattel's CEO, MGA's counsel asserted to the Discovery Master:  "Well, let me say this.  It's part of Phase 2.  ***They have made a trade secret misappropriation claim based on Bratz***.  Let me say that again.  ***There is a trade secret misappropriation claim in Phase 2 with an allegation of willful misappropriation of trade secrets against***

_____

with specificity each alleged trade secret" at issue in the case by identifying, expressly, "[a]ll information relating to any ideas, designs, conceptions, or names for Bratz".  <u>See</u> Mattel, Inc.'s First Supplemental Objections and Responses To Interrogatory nos. 20-23 and 28 In MGA Entertainment, Inc.'s Second Set of Interrogatories, July 31, 2009, at 4, 16-18, Watson Dec., Dkt. No. 7801-1 at Ex. 5.   MGA has not argued that Mattel's interrogatory responses were untimely or incomplete, and they were not.

[24]   Dkt. No. 7853, at 3.

[25]   Amended Final Pre-Trial Conference Order for Phase 1 Trial, May 23, 2008, at 17, Watson Dec., Dkt. No. 7801-1 at Ex. 4.

[26]   <u>See, e.g.</u>, Deposition Transcripts of Alan Kaye, Ann Driskill, Cassidy Park, Lily Martinez, Lissa Freed, Sandy Yonemoto, Teresa Newcomb, Sheila Kyaw, Maureen Tafoya, Robert Eckert, Laura Owens, and Keith Storie.

[27]   <u>See</u> Deposition Transcript of Dennis Jolicoeur [30(b)(6)], dated August 9, 2010.

MATTEL, INC.'S MOTION TO CONFIRM PENDENCY OF TRADE SECRET MISAPPROPRIATION CLAIM BASED ON THEFT OF BRATZ

1   ***MGA Entertainment and Mr. Larian based on Bratz***."[28]  MGA made the same point

2   even earlier in October 2009 in a motion to compel its document requests, arguing that

3   its requests sought relevant information because they "***relate . . . to Mattel's alleged***

4   ***trade secrets in 'Bratz.'***"[29]  At another earlier deposition, MGA's counsel, again in the

5   context of seeking answers to questions, invited Mattel to "[f]eel free to withdraw the

6   trade secret claims on Bratz and then we won't have to do this."[30]

7        MGA also has taken extensive discovery into its purported timeliness defenses to

8   this claim.  In addition to taking mountains of discovery on these issues in Phase 1,

9   MGA asked numerous witnesses in Phase 2, hundreds of times in total, about Mattel's

10   2002 investigation into whether or not Bratz infringed an unreleased Mattel product

11   called "Toon Teens."[31]  MGA also examined witnesses at length about the timing and

12   substance of their communications with Danny K. H. Yu, an attorney in Hong Kong

13   who MGA claims is relevant to the timing of Mattel's discovery of its Bratz-related

14   counterclaims.[32]  All of this questioning was obviously designed to set up a timeliness

15   defense to the misappropriation of Bratz claim now at issue since these subjects were

16   relevant at the time of the questioning, if at all, to no claims at issue in Phase 2 *other*

17   *than* the misappropriation of Bratz claim.

18        MGA's motion for the issuance of Letters of Request for Judicial Assistance

19   regarding the deposition of and documents from Danny K. H. Yu makes this

20   abundantly clear.  In that motion, filed almost a year ago, MGA claimed it needed this

21   discovery to further its timeliness defenses to "***Mattel's counterclaim for***

---

28   Robert Eckert Dep., December 17, 2009, at 488:7–490:5, Watson Dec., Dkt. No. 7801-1 at Ex. 6 (emphasis added).

29   MGA's Reply in Support of Motion to Compel Further Responses to MGA's Requests for Production of Documents, October 29, 2009, Dkt. 7066, at 17 (emphasis added).

30   Jaime Elias Dep., November 18, 2009, at 732:14-732:16.

31   See, e.g., Michael Moore Dep., February 17 and 18, 2010; see also Richard De Anda Dep., January 27 and 28, 2010 (56 hits total); Robert Normile Dep., February 15, 2010 (32 hits); Robert Eckert Dep., February 22, 2010 (22 hits).

1  *misappropriation of purported trade secrets in BRATZ*."[33]  MGA argued that the

2  discovery it sought, which concerned information that purportedly was available to

3  Mattel in 2002 and 2003 (more than three years before Mattel moved for leave to file

4  the Counterclaims in 2006) was relevant because "[w]hether or not Mattel discovered

5  or, by the exercise of reasonable diligence, should have discovered *the alleged*

6  *misappropriation of purported trade secrets in 'Bratz' more than three years before*

7  *putting them at issue in this litigation*, is directly at issue in connection with MGA's

8  statute of limitations defense to the trade secret misappropriation counterclaim."[34]

9  MGA claimed that it "has reason to believe that" the discovery it sought "will reveal

10  highly relevant evidence in this litigation, and specifically evidence that may show

11  *Mattel's trade secret counterclaim based on 'Bratz'* (and any other state law tort

12  claims based on 'Bratz') is time-barred."[35]  The Discovery Master granted MGA's

13  motion, noting that "the [Third Amended Counterclaims] alleges that the MGA Parties

14  engaged in a massive and pervasive theft of Mattel's confidential and trade secret

15  information" and that the discovery MGA sought – which specifically concerned Bratz-

16  related trade secrets – could be relevant to its defense of that claim.[36]

17       MGA has taken extensive discovery on this claim and its purported defenses to

18  it.  Any assertion by of prejudice that MGA may make based on its claimed need to

19  take "another massive round of discovery" into Mattel's misappropriation of Bratz

20  claim would be disingenuous.

21

22

---

23  [32]  See, e.g., Michael Moore Dep., February 18, 2010 at 423:12–429:18, 430:25–
24  441:13, 445:7–460:12; Robert Normile Dep., February 15, 2010, at 185:24–192:21,
     197:2–202:4, 204:24–210:20, 214:2–219:22, 221:23–224:11.
     [33]  MGA Parties' Notice and Application for Issuance of Letter of Request for
25  Judicial Assistance Re: Danny K.H. Yu and Bird & Bird, September 4, 2009, Dkt. No.
     6589, at 2 n.1 (emphasis added).
26  [34]  Id. at 2-3 (emphasis added).
     [35]  Id. at 5 (emphasis added).
27  [36]  Discovery Master Order No. 77, November 9, 2009, at 2, 5.  Although MGA
28  purported to "reserve[] its right," in a footnote to its argument, to later assert that
     Mattel's claim for misappropriation of Bratz trade secrets had not been "adequately
     (footnote continued)

### 3.   <u>Trying the Claim Now Will Not Lead To Inefficiencies</u>

In addition to requiring no additional discovery, trying the Bratz aspect of Mattel's trade secret claim at the schedule trial will not lead to inefficiencies or additional burdens on the Court or the parties.  Even before the Ninth Circuit's ruling, the theft of Bratz trade secrets was already at issue in the Phase 2 trial in connection with Mattel's RICO claims.  Indeed, since it first raised its RICO claims in 2006, Mattel has included the theft of Mattel's "confidential, proprietary and otherwise valuable" property as a factual basis for its RICO and RICO conspiracy claims.[37]  And now, Bratz-related claims tried in Phase 1 will be retried.  Accordingly, including the Bratz-related trade secret claim will lead to no additional burdens or inefficiencies at trial.

### 4.   <u>Mattel Would Be Prejudiced If Amendment Were Not Permitted</u>

MGA moved to dismiss Mattel's state law tort claims on the grounds that they are preempted by CUTSA.[38]  MGA argued that "Mattel has stated its trade secret misappropriation claim so broadly that it clearly preempts all of its other state law claims relating to its former employees."[39]  The state law claims that MGA is seeking to preempt include allegations about MGA's and its employees' theft of Bratz-related intellectual property.[40]  Thus, MGA's argument is that Mattel's non-CUTSA state-law claims related to Bratz are preempted by a CUTSA claim related to Bratz that MGA now asserts never was and never can be in the case.  That argument is inequitable, to say the least.  It would be unfair to allow MGA to argue, as it surely will again, that

---

pled and/or asserted by November 20, 2006," Dkt. 6589, at 3-4 n.4, that is irrelevant at this point; the fact is that MGA took the discovery it thought it needed.

[37]  <u>See</u> Mattel, Inc.'s First Amended Complaint (later filed as Mattel's Answer and Counterclaims), dated November 20, 2006, ¶¶ 91-93, 99-101.

[38]  <u>See</u> MGA Motion to Dismiss U.S.-Based Trade Secret and Employee Law Tort Claims, dated May 10, 2010, Dkt. No. 7897 at 21-22.

[39]  <u>Id.</u> at 22.

CUTSA preempts Mattel's state-law claims based on Bratz while at the same time not permitting Mattel to plead a CUTSA claim based on Bratz in the first place.

## B.    Mattel Did Not Unduly Delay In Pursuing The Claim

Nor has there been any undue delay here.  Delay can be relevant because it can be unfair for a party to spring new claims at the last minute, causing prejudice to the other parties.  But here, as shown above, Mattel gave notice of the very claims now at issue years ago.  Indeed, Mattel gave specific notice of the claim at the latest by early 2008 when the parties exchanged Phase 1 pre-trial documents, and MGA has repeatedly relied on the existence of Mattel's Bratz-related trade secret claim to obtain discovery. That Mattel did not earlier formally amend its pleading to add a Bratz-related trade secret claim does not reflect delay, but rather that Mattel believed that the claim was already at issue in the Counterclaims, which includes (and always had included) numerous allegations about MGA's theft of Bratz proprietary information.[41]

Mattel has continued to act diligently to seek to pursue its Bratz-related trade secret claim since the Court issued its April 10 ruling denying Mattel leave to add that claim.  Mattel promptly filed its Motion to Confirm on May 4, 2010.  Now, consistent with the Court's earlier rulings, Mattel is promptly seeking leave again following the Ninth Circuit's July 22, 2010 ruling on Phase 1 issues.  Mattel has been diligent in pursuing its Bratz-related trade secret claim.

In any event, even if MGA could show delay, "delay, by itself, is insufficient to justify denial of leave to amend."  DCD Programs, 833 F.2d at 18 ("delay alone no matter how lengthy is an insufficient ground for denial of leave to amend.") (citation omitted)); see also Islamic Republic of Iran v. Boeing Co., 771 F.2d 1279, 1287 (9th Cir. 1985) (two-year delay between discovery of the counterclaims and moving to

---

[40]    See, e.g., FAAC ¶¶ 159-162, 166-168, 173-174, 179-181, 186-187, 192-194, 201-204.
[41]    See, e.g., Mattel, Inc.'s Amended Answer and Counterclaims, dated January 12, 2007, ¶¶ 1-2, 21-36.

1   amend did not, by itself, necessitate denial of leave to amend); Howey, 481 F.2d at

2   1191 ("Only where prejudice is shown or the movant acts in bad faith are courts

3   protecting the judicial system or other litigants when they deny leave to amend a

4   pleading.").

5   ## C.   There Is No "Bad Faith" or "Futility"

6   The other factors that may counsel against allowing an amendment are not

7   present here.  Mattel has not acted in bad faith with respect to its Bratz-related trade

8   secret claim.  Instead, it has unambiguously indicated its intent to pursue a Bratz-related

9   trade secret claim since before the Phase 1 trial; it identified "Bratz" as a trade secret

10  the first time it was asked to do so in discovery; it promptly moved for leave to add the

11  claim (or to confirm the pendency of the claim) once the Court ruled that the claim was

12  not already pending; and it did not "choose" not to disclose the claim for any strategic

13  reason.[42]

14  Finally, MGA has not claimed – nor could it credibly do so – that Mattel's Bratz-

15  related trade secret claim is futile.  Ninth Circuit law dictates that "a proposed

16  amendment is futile only if *no set of* facts can be proved under the amendment to the

17  pleadings that would constitute a valid and sufficient claim or defense." Miller v.

18  Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988) (reversing denial of leave to

19  amend answer) (citation omitted) (emphasis added).  That is not the case here.  These

20  factors therefore do not counsel against amendment.

21

22

---

23  [42]  Nothing MGA has cited establishes that Mattel intentionally excluded Bratz from its trade secret claim.  Contrary to MGA's argument, Mattel did not "disclaim"

24  Bratz as a trade secret on the eve of trial.  (MGA Opp. to Motion for Leave, dated April 5, 2010, Dkt. No. 7690 at 3).  Rather, Mattel disclaimed a copyright claim based on the

25  term "Bratz" "because there's doctrine that says short phrases and statements couldn't be copyright[ed]." May 23, 2008 Hearing Tr., at 79-80.  Nowhere in the cited exchange

26  did Mattel discuss its trade secret claims at all.  Further, Mattel's March 2, 2007 letter concerning its trade secret claim (id. at 8) did not purport to include an exhaustive

27  listing of Mattel's trade secrets; its language makes clear that the Bates numbers listed were not exhaustive.  Finally, at the March 19, 2007 hearing cited by MGA (id.), Mattel

28  merely acknowledged that its trade secret damages were continuing through 2006, not that the claim dated back only to 2004.

In sum, for the past two years MGA has repeatedly acknowledged that Mattel is pursuing a claim for theft of Bratz-related trade secrets.  MGA clearly intends to seek summary judgment of Mattel's *other* state law claims as allegedly preempted by the CUTSA claim that Mattel has sought and continues to seek to bring.  It would be wholly unfair to permit MGA to make such arguments while precluding Mattel from bringing a CUTSA claim.  Mattel should be permitted to pursue its claim for theft of Bratz-related trade secrets.

### Conclusion

For the reasons discussed above, the Court should grant Mattel's motion in its entirety.

DATED:  August 16, 2010          QUINN EMANUEL URQUHART & SULLIVAN, LLP


                                 By /s/ John B. Quinn
                                    John B. Quinn
                                    Attorneys for Mattel, Inc.

MATTEL, INC.'S MOTION TO CONFIRM PENDENCY OF TRADE SECRET MISAPPROPRIATION CLAIM BASED ON THEFT OF BRATZ