ANNETTE L. HURST (State Bar No. 148738)
ahurst@orrick.com
WARRINGTON S. PARKER III (State Bar No. 148003)
wparker@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
405 Howard Street
San Francisco, CA 94105-2669
Tel: (415) 773-5700/Fax: (415) 773-5759

WILLIAM A. MOLINSKI (State Bar No. 145186)
wmolinski@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA 90017
Tel: (213) 629-2020/Fax: (213) 612-2499

THOMAS S. MCCONVILLE (State Bar No. 155905)
tmcconville@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
4 Park Plaza, Suite 1600
Irvine, CA 92614-2258
Tel: (949) 567-6700/Fax: (949) 567-6710

Attorneys for MGA Parties and IGWT 826 Investments
LLC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>                 Plaintiff,<br><br>          v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>                 Defendant.<br><br>AND CONSOLIDATED ACTIONS | Case No. CV 04-9049 SGL (RNBx)<br>Consolidated with: Case No. CV 04-9059 and Case No. CV 05-2727<br><br>**Honorable David O. Carter**<br><br>**IGWT 826 INVESTMENTS, LLC'S REPLY TO FOURTH AMENDED ANSWER AND COUNTERCLAIMS, INCLUDING AFFIRMATIVE DEFENSES**<br><br>**Trial Date: January 11, 2011** |

## REPLY TO COUNTERCLAIMS

Mattel, Inc. ("Mattel")'s Fourth Amended Answer and Counterclaims ("FAAC") contravenes Rule 8(a) of the Federal Rules of Civil Procedure in multiple respects.  For example, in many places, the FAAC improperly mixes factual averments with argumentative rhetoric.  The FAAC also includes a selective recitation of alleged historical facts and dozens of allegations improperly made "on information and belief" which are in fact pure speculation, much of which is both irrelevant and inflammatory in tone and content.  In addition, many of the allegations of the FAAC are overly broad, vague or conclusory and include terms which are undefined and which are susceptible to different meanings.  Accordingly, by way of a general response, all allegations are denied unless specifically admitted, and any factual averment admitted is admitted only as to the specific facts and not as to any conclusions, characterizations, implications or speculations which are contained in the averment or in the FAAC as a whole.  These comments and objections are incorporated, to the extent appropriate, into each numbered paragraph of this Reply to Counterclaims.

In addition, headings in pleadings are used by both parties for organizational purposes and ease of reading, and are not to be considered averments to which any response is required.  If headings are to be considered allegations to which a response is required, IGWT 826 Investments, LLC ("IGWT 826") hereby denies all allegations contained in any of Mattel's headings.

Based upon the allegations in the FAAC, IGWT 826 understands it to be accused only of the claims involving actual and constructive fraudulent transfer, which claims were dismissed pursuant to the Court's Order of August 2, 2010 (Docket No. 8423).  To the extent IGWT 826 is accused of other claims, either directly or through the acts of other counter-defendants, IGWT 826 denies those allegations and, to the extent applicable, incorporates the responses and affirmative defenses of those other counter-defendants.

1          1.      To the extent that the terms "co-conspirators" and "conspiracy,"

2   as used by Mattel, is intended to include IGWT 826, IGWT 826 denies the

3   allegations in the fourth, fifth and sixth sentences of paragraph 1.  As to the

4   remaining allegations, IGWT 826 is without sufficient basis to admit or deny the

5   allegations made of paragraph 1, and on that basis, denies them.

6          2.      IGWT 826 is without sufficient basis to admit or deny the

7   allegations made of paragraph 2, and on that basis, denies them.

8          3.      IGWT 826 is without sufficient basis to admit or deny the

9   allegations made of paragraph 3, and on that basis, denies them.

10         4.      IGWT 826 is without sufficient basis to admit or deny the

11  allegations made of paragraph 4, and on that basis, denies them.

12         5.      IGWT 826 is without sufficient basis to admit or deny the

13  allegations made of paragraph 5, and on that basis, denies them.

14         6.      To the extent that the term "co-conspirators," as used by Mattel,

15  is intended to include IGWT 826, IGWT 826 denies the allegations in the first and

16  third sentences of paragraph 6.  As to the remaining allegations, IGWT 826 is

17  without sufficient basis to admit or deny the allegations made of paragraph 6, and on

18  that basis, denies them.

19         7.      IGWT 826 admits that the Court has federal question jurisdiction

20  over this action, but denies that any federal or state statute implicated by the

21  Counterclaims applies to the extraterritorial conduct alleged in the Counterclaims.

22  IGWT 826 also denies supplemental jurisdiction exists as to Mattel's state law

23  claims.

24         8.      IGWT 826 admits that venue is proper in this District as to

25  IGWT 826.  As to all other parties, IGWT 826 is without sufficient basis to admit or

26  deny that venue is proper, and on that basis, denies it.

27         9.      IGWT 826 admits the allegations set forth in paragraph 9.

28

IGWT 826'S REPLY TO COUNTERCLAIMS
CV 04-9049 DOC (RNBx)

10.     IGWT 826 admits that Mattel de Mexico, S.A. de C.V. is an entity existing under the laws of Mexico with a principal place of business in Mexico City, Mexico.  The remaining allegations set forth in paragraph 10 are denied.  And, IGWT 826 objects to Mattel's practice of lumping Mattel and Mattel Mexico throughout the pleading under the name "Mattel."  Mattel's lumping makes it impossible to respond to the allegations in any meaningful way.  It was Mattel's burden to specify when it meant Mattel, Inc. and when it meant another legal entity. Having failed to do so, it is not IGWT 826's job to parse the pleading for it.

11.     IGWT 826 admits the allegations contained in the first sentence of paragraph 11.  IGWT 826 is without sufficient basis to admit or deny the remaining allegations set forth in paragraph 11, and on that basis, denies them.

12.     IGWT 826 is without sufficient basis to admit or deny that Bryant currently resides in the State of Missouri, and on that basis, denies that allegation.  IGWT 826 denies all of the remaining allegations set forth in paragraph 12, in part, because of the definition of "Mattel."

13.     IGWT 826 admits the allegations set forth in the first sentence of paragraph 13 and deny the remaining allegations set forth in paragraph 13.

14.     IGWT 826 admits the allegations set forth in the first sentence of paragraph 14 and deny the remaining allegations set forth in paragraph 14.

15.     IGWT 826 admits the allegations set forth in paragraph 15.

16.     IGWT 826 is without sufficient basis to admit or deny the allegations made of paragraph 16, and on that basis, denies them.

17.     IGWT 826 admits the allegations set forth in the first sentence of paragraph 17, and denies the remainder.

18.     IGWT 826 admits that it is a limited liability company organized and existing under the laws of the State of California formed on August 27, 2008, and denies the remainder of the allegations set forth in paragraph 18.

19.     IGWT 826 admits that at the time of its formation, Isaac Larian, as trustee of the Larian Living Trust and the Isaac E. Larian Qualified Annuity Trust, was a member of IGWT 826.  IGWT 826 denies the remainder of the allegations set forth in paragraph 19.

20.     Paragraph 20 is a statement of Mattel's legal position, to which no response is necessary.  To the extent that a response is required, IGWT 826 denies the allegations set forth in paragraph 20.

21.     IGWT 826 is without sufficient basis to admit or deny the allegations set forth in paragraph 21, and on that basis, denies them.

22.     IGWT 826 is without sufficient basis to admit or deny the allegations set forth in paragraph 22, and on that basis, denies them.

23.     IGWT 826 admits the allegations of the first sentence of paragraph 23 and denies the remainder, in part, because of the definition of Mattel.

24.     IGWT 826 is without sufficient basis to admit or deny the allegations set forth in paragraph 24, and on that basis, denies them.

25.     IGWT 826 is without sufficient basis to admit or deny the allegations set forth in paragraph 25, and on that basis, denies them.

26.     IGWT 826 is without sufficient basis to admit or deny the allegations set forth in paragraph 26, and on that basis, denies them.

27.     IGWT 826 is without sufficient basis to admit or deny the allegations set forth in paragraph 27, and on that basis, denies them.

28.     To the extent that the term "others," as used by Mattel, includes IGWT 826, IGWT 826 denies the allegations set forth in the second sentence of paragraph 28.  As to the remaining allegations, IGWT 826 is without sufficient basis to admit or deny the allegations set forth in paragraph 28, and on that basis, denies them.

29.     IGWT 826 is without sufficient basis to admit or deny the allegations set forth in paragraph 29, and on that basis, denies them.

30.     IGWT 826 is without sufficient basis to admit or deny the allegations set forth in paragraph 30, and on that basis, denies them.

31.     IGWT 826 is without sufficient basis to admit or deny the allegations set forth in paragraph 31, and on that basis, denies them.

32.     IGWT 826 is without sufficient basis to admit or deny the allegations set forth in paragraph 32, and on that basis, denies them.

33.     IGWT 826 is without sufficient basis to admit or deny the allegations set forth in paragraph 33, and on that basis, denies them.

34.     IGWT 826 is without sufficient basis to admit or deny the allegations set forth in paragraph 34, and on that basis, denies them.

35.     IGWT 826 is without sufficient basis to admit or deny the allegations set forth in paragraph 35, and on that basis, denies them.

36.     IGWT 826 is without sufficient basis to admit or deny the allegations set forth in paragraph 36, and on that basis, denies them.

37.     IGWT 826 is without sufficient basis to admit or deny the allegations set forth in paragraph 37, and on that basis, denies them.

38.     IGWT 826 is without sufficient basis to admit or deny the allegations set forth in paragraph 38, and on that basis, denies them.

39.     IGWT 826 is without sufficient basis to admit or deny the allegations set forth in paragraph 39, and on that basis, denies them.

40.     IGWT 826 is without sufficient basis to admit or deny the allegations set forth in paragraph 40, and on that basis, denies them.

41.     IGWT 826 is without sufficient basis to admit or deny the allegations set forth in paragraph 41, and on that basis, denies them.

42.     IGWT 826 is without sufficient basis to admit or deny the allegations set forth in paragraph 42, and on that basis, denies them.

43.     IGWT 826 is without sufficient basis to admit or deny the allegations set forth in paragraph 43, and on that basis, denies them.

44.     IGWT 826 is without sufficient basis to admit or deny the allegations set forth in paragraph 44, and on that basis, denies them.

45.     IGWT 826 is without sufficient basis to admit or deny the allegations set forth in paragraph 45, and on that basis, denies them.

46.     IGWT 826 is without sufficient basis to admit or deny the allegations set forth in paragraph 46, and on that basis, denies them.

47.     IGWT 826 is without sufficient basis to admit or deny the allegations set forth in paragraph 47, and on that basis, denies them.

48.     IGWT 826 is without sufficient basis to admit or deny the allegations set forth in paragraph 48, and on that basis, denies them.

49.     IGWT 826 is without sufficient basis to admit or deny the allegations set forth in paragraph 49, and on that basis, denies them.

50.     IGWT 826 is without sufficient basis to admit or deny the allegations set forth in paragraph 50, and on that basis, denies them.

51.     IGWT 826 is without sufficient basis to admit or deny the allegations set forth in paragraph 51, and on that basis, denies them.

52.     IGWT 826 is without sufficient basis to admit or deny the allegations set forth in paragraph 52, and on that basis, denies them.

53.     IGWT 826 is without sufficient basis to admit or deny the allegations set forth in paragraph 53, and on that basis, denies them.

54.     IGWT 826 is without sufficient basis to admit or deny the allegations set forth in paragraph 54, and on that basis, denies them.

55.     IGWT 826 is without sufficient basis to admit or deny the allegations set forth in paragraph 55, and on that basis, denies them.

56.     IGWT 826 is without sufficient basis to admit or deny the allegations set forth in paragraph 56, and on that basis, denies them.

57.     IGWT 826 is without sufficient basis to admit or deny the allegations set forth in paragraph 57, and on that basis, denies them.

58.     IGWT 826 is without sufficient basis to admit or deny the allegations set forth in paragraph 58, and on that basis, denies them.

59.     IGWT 826 is without sufficient basis to admit or deny the allegations set forth in paragraph 59, and on that basis, denies them.

60.     IGWT 826 is without sufficient basis to admit or deny the allegations set forth in paragraph 60, and on that basis, denies them.

61.     IGWT 826 is without sufficient basis to admit or deny the allegations set forth in paragraph 61, and on that basis, denies them.

62.     IGWT 826 is without sufficient basis to admit or deny the allegations set forth in paragraph 62, and on that basis, denies them.

63.     IGWT 826 is without sufficient basis to admit or deny the allegations set forth in paragraph 63, and on that basis, denies them.

64.     IGWT 826 is without sufficient basis to admit or deny the allegations set forth in paragraph 64, and on that basis, denies them.  IGWT 826 also denies the allegations set forth in paragraph 64, in part, because of the definition of Mattel.

65.     IGWT 826 is without sufficient basis to admit or deny the allegations set forth in paragraph 65, and on that basis, denies them.  IGWT 826 also denies the allegations of paragraph 65, in part, because of the definition of Mattel.

66.     IGWT 826 is without sufficient basis to admit or deny the allegations set forth in paragraph 66, and on that basis, denies them.  IGWT 826 also denies the allegations of paragraph 66, in part, because of the definition of Mattel.

67.     IGWT 826 is without sufficient basis to admit or deny the allegations set forth in paragraph 67, and on that basis, denies them.  IGWT 826 also denies the allegations set forth in paragraph 67, in part, because of the definition of Mattel.

68.     IGWT 826 is without sufficient basis to admit or deny the allegations set forth in paragraph 68, and on that basis, denies them.  IGWT 826 also denies the allegations of paragraph 68, in part, because of the definition of Mattel.

69.     IGWT 826 is without sufficient basis to admit or deny the allegations set forth in paragraph 69, and on that basis, denies them.  IGWT 826 also denies the allegations of paragraph 69, in part, because of the definition of Mattel.

70.     IGWT 826 is without sufficient basis to admit or deny the allegations set forth in paragraph 70, and on that basis, denies them.  IGWT 826 also denies the allegations of paragraph 70, in part, because of the definition of Mattel.

71.     IGWT 826 is without sufficient basis to admit or deny the allegations set forth in paragraph 71, and on that basis, denies them.  IGWT 826 also denies the allegations of paragraph 71, in part, because of the definition of Mattel.

72.     IGWT 826 is without sufficient basis to admit or deny the allegations set forth in paragraph 72, and on that basis, denies them.

73.     IGWT 826 is without sufficient basis to admit or deny the allegations set forth in paragraph 73, and on that basis, denies them.

74.     IGWT 826 is without sufficient basis to admit or deny the allegations set forth in paragraph 74, and on that basis, denies them.

75.     IGWT 826 is without sufficient basis to admit or deny the allegations set forth in paragraph 75, and on that basis, denies them.

76.     IGWT 826 is without sufficient basis to admit or deny the allegations set forth in paragraph 76, and on that basis, denies them.

77.     IGWT 826 is without sufficient basis to admit or deny the allegations set forth in paragraph 77, and on that basis, denies them.

78.     IGWT 826 is without sufficient basis to admit or deny the allegations set forth in paragraph 78, and on that basis, denies them.

79.     IGWT 826 is without sufficient basis to admit or deny the allegations set forth in paragraph 79, and on that basis, denies them.

80.     IGWT 826 is without sufficient basis to admit or deny the allegations set forth in paragraph 80, and on that basis, denies them.

81.     IGWT 826 is without sufficient basis to admit or deny the allegations set forth in paragraph 81, and on that basis, denies them.

82.     IGWT 826 is without sufficient basis to admit or deny the allegations set forth in paragraph 82, and on that basis, denies them.

83.     IGWT 826 is without sufficient basis to admit or deny the allegations set forth in paragraph 83, and on that basis, denies them.

84.     IGWT 826 is without sufficient basis to admit or deny the allegations set forth in paragraph 84, and on that basis, denies them.

85.     IGWT 826 is without sufficient basis to admit or deny the allegations set forth in paragraph 85, and on that basis, denies them.

86.     IGWT 826 is without sufficient basis to admit or deny the allegations set forth in paragraph 86, and on that basis, denies them.

87.     IGWT 826 is without sufficient basis to admit or deny the allegations set forth in paragraph 87, and on that basis, denies them.

88.     IGWT 826 is without sufficient basis to admit or deny the allegations set forth in paragraph 88, and on that basis, denies them.

89.     IGWT 826 is without sufficient basis to admit or deny the allegations set forth in paragraph 89, and on that basis, denies them.

90.     IGWT 826 is without sufficient basis to admit or deny the allegations set forth in paragraph 90, and on that basis, denies them.

91.     IGWT 826 is without sufficient basis to admit or deny the allegations set forth in paragraph 91, and on that basis, denies them.

92.     IGWT 826 is without sufficient basis to admit or deny the allegations set forth in paragraph 92, and on that basis, denies them.

93.     IGWT 826 is without sufficient basis to admit or deny the allegations set forth in paragraph 93, and on that basis, denies them.

94.     To the extent that the term "co-conspirators," as used by Mattel, is intended to include IGWT 826, IGWT 826 denies the allegations in paragraph 94. As to the remaining allegations in paragraph 94 not directed to IGWT 826, IGWT 826 is without sufficient basis to admit or deny the allegations, and on that basis, denies them.

95.     To the extent that the term "co-conspirators," as used by Mattel, is intended to include IGWT 826, IGWT 826 denies the allegations in paragraph 95. As to the remaining allegations in paragraph 95 not directed to IGWT 826, IGWT 826 is without sufficient basis to admit or deny the allegations, and on that basis, denies them.

96.     IGWT 826 is without sufficient basis to admit or deny the allegations set forth in paragraph 96, and on that basis, denies them.

97.     IGWT 826 is without sufficient basis to admit or deny the allegations set forth in paragraph 97, and on that basis, denies them.

98.     IGWT 826 is without sufficient basis to admit or deny the allegations set forth in paragraph 98, and on that basis, denies them.

99.     IGWT 826 is without sufficient basis to admit or deny the allegations set forth in paragraph 99, and on that basis, denies them.

100.     IGWT 826 is without sufficient basis to admit or deny the allegations set forth in paragraph 100, and on that basis, denies them.

101.     IGWT 826 is without sufficient basis to admit or deny the allegations set forth in paragraph 101, and on that basis, denies them.

102.     IGWT 826 is without sufficient basis to admit or deny the allegations set forth in paragraph 102, and on that basis, denies them.

103.     IGWT 826 is without sufficient basis to admit or deny the allegations set forth in paragraph 103, and on that basis, denies them.

104.     To the extent that the term "co-conspirators," as used by Mattel, is intended to include IGWT 826, IGWT 826 denies the allegations in the first

1   sentence of paragraph 104.  As to the remaining allegations in paragraph 104, IGWT

2   826 is without sufficient basis to admit or deny the allegations, and on that basis,

3   denies them.

4          105.    IGWT 826 denies the allegations as set forth in the first sentence

5   of paragraph 105.  IGWT 826 admits that it loaned approximately $60 million to

6   Omni 808 for the purchase of the Wachovia debt, and that the funds for such loan by

7   IGWT 826 were supplied by trusts established by members of the Larian and

8   Makabi families.  IGWT 826 also admits that it was formed on August 27, 2008

9   with the knowledge and consent of Isaac Larian; that Shirin Makabi is Isaac

10  Larian's sister and Jahangir Eli Makabi is Isaac Larian's brother-in-law; that Shirin

11  Makabi and Jahangir Eli Makabi, as trustees, are members of IGWT 826; and that,

12  at the time of formation, IGWT 826 was registered at the home address of Shirin

13  Makabi and Jahangir Eli Makabi.  As to the remaining allegations in paragraph 105,

14  IGWT 826 denies them.

15         106.    IGWT 826 admits the allegations of paragraph 106.

16         107.    To the extent that the term "co-conspirators," as used by Mattel,

17  is intended to include IGWT 826, IGWT 826 denies the allegations in the first and

18  third sentences of paragraph 107.  As to the remaining allegations in paragraph 107,

19  IGWT 826 is without sufficient basis to admit or deny the allegations, and on that

20  basis, denies them.

21         108.    To the extent that the term "co-conspirators," as used by Mattel,

22  is intended to include IGWT 826, IGWT 826 denies the allegations in paragraph

23  108.  As to the remaining allegations in paragraph 108 that are not directed to IGWT

24  826, IGWT 826 is without sufficient basis to admit or deny the remaining

25  allegations, and on that basis, denies them.

26         109.    IGWT 826 is without sufficient basis to admit or deny the

27  allegations set forth in paragraph 109, and on that basis, denies them.

28

110.   To the extent that the term "co-conspirators," as used by Mattel, is intended to include IGWT 826, IGWT 826 denies the allegations in the first sentence of paragraph 110.  IGWT 826 is also without sufficient basis to admit or deny the remaining allegations set forth in paragraph 110, and on that basis, denies them.

111.   To the extent that the term "co-conspirators," as used by Mattel, is intended to include IGWT 826, IGWT 826 denies the allegations in the last sentence of paragraph 111.  IGWT 826 is also without sufficient basis to admit or deny the remaining allegations set forth in paragraph 111, and on that basis, denies them.

112.   IGWT 826 admits that IGWT 826 and Omni 808 executed an Amended and Restated Subordinated Promissory Note regarding IGWT 826's $60 million loan.  IGWT 826 admits that on October 16, 2008, MGA and Omni 808 executed a Secured Delayed Draw Demand Note, with a potential maximum loan value of up to $40 million, through which Omni 808 agreed to provide additional funds to MGA.  IGWT 826 admits that on October 16, 2008, IGWT 826 and Omni 808 executed a Senior Promissory Note with a potential maximum loan value of up to $40 million.  To the extent that the term "co-conspirators," as used by Mattel, is intended to include IGWT 826, IGWT 826 denies the remaining allegations of paragraph 112.

113.   IGWT 826 admits that the Secured Delayed Draw Demand Note provided a potential maximum loan value of up to $40 million in credit for MGA, subject to conditions.  IGWT 826 admits that on or about October 17, 2008, IGWT 826 loaned $6 million to Omni 808 pursuant to the terms of the Senior Promissory Note and the Secured Delayed Draw Demand Note.  Except as expressly admitted herein, IGWT 826 denies the allegations of paragraph 113.

114.   To the extent that the term "co-conspirators," as used by Mattel, is intended to include IGWT 826, IGWT 826 denies the allegations in the first

1    sentence of paragraph 114.  As to the remaining allegations in paragraph 114, IGWT

2    826 is without sufficient basis to admit or deny the allegations, and on that basis,

3    denies them.

4            115.    IGWT 826 is without sufficient basis to admit or deny the

5    allegations set forth in paragraph 115, and on that basis, denies them.

6            116.    To the extent that the term "co-conspirators," as used by Mattel,

7    is intended to include IGWT 826, IGWT 826 denies the allegations in the last

8    sentence of paragraph 116.  As to the remaining allegations in paragraph 116, IGWT

9    826 is without sufficient basis to admit or deny the allegations, and on that basis,

10   denies them.

11           117.    To the extent that the term "co-conspirators," as used by Mattel,

12   is intended to include IGWT 826, IGWT 826 denies the allegations in the third

13   sentence of paragraph 117.  As to the remaining allegations in paragraph 117, IGWT

14   826 is without sufficient basis to admit or deny the allegations, and on that basis,

15   denies them.

16           118.    IGWT 826 is without sufficient basis to admit or deny the

17   allegations set forth in paragraph 118, and on that basis, denies them.

18           119.    IGWT 826 is without sufficient basis to admit or deny the

19   allegations set forth in paragraph 119, and on that basis, denies them.

20           120.    IGWT 826 is without sufficient basis to admit or deny the

21   allegations set forth in paragraph 120, and on that basis, denies them.

22           121.    IGWT 826 is without sufficient basis to admit or deny the

23   allegations set forth in paragraph 121, and on that basis, denies them.

24           122.    IGWT 826 incorporates its responses to paragraphs 1 through

25   121.

26           123.    IGWT 826 denies the allegations of paragraph 123.

27           124.    IGWT 826 denies the allegations of paragraph 124.

28           125.    IGWT 826 denies the allegations of paragraph 125.

1    126.   IGWT 826 denies the allegations of paragraph 126.

2    127.   IGWT 826 denies the allegations of paragraph 127.

3    128.   IGWT 826 incorporates its responses to paragraphs 1 through

4    127.

5    129.   IGWT 826 denies the allegations of paragraph 129.

6    130.   IGWT 826 denies the allegations of paragraph 130.

7    131.   IGWT 826 denies the allegations of paragraph 131.

8    132.   IGWT 826 denies the allegations of paragraph 132.

9    133.   IGWT 826 incorporates its responses to paragraphs 1 through

10   132.

11   134.   IGWT 826 denies the allegations of paragraph 134.

12   135.   IGWT 826 denies the allegations of paragraph 135.

13   136.   IGWT 826 denies the allegations of paragraph 136.

14   137.   IGWT 826 denies the allegations of paragraph 137.

15   138.   IGWT 826 denies the allegations of paragraph 138.

16   139.   IGWT 826 denies the allegations of paragraph 139.

17   140.   IGWT 826 denies the allegations of paragraph 140.

18   141.   IGWT 826 denies the allegations of paragraph 141.

19   142.   IGWT 826 denies the allegations of paragraph 142.

20   143.   IGWT 826 incorporates its responses to paragraphs 1 through

21   143.

22   144.   IGWT 826 denies the allegations of paragraph 144.

23   145.   IGWT 826 denies the allegations of paragraph 145.

24   146.   IGWT 826 denies the allegations of paragraph 146.

25   147.   IGWT 826 denies the allegations of paragraph 147.

26   148.   IGWT 826 denies the allegations of paragraph 148.

27   149.   IGWT 826 incorporates its responses to paragraphs 1 through

28   148.

150.    IGWT 826 denies the allegations of paragraph 150.

151.    IGWT 826 denies the allegations of paragraph 151.

152.    IGWT 826 denies the allegations of paragraph 152.

153.    IGWT 826 denies the allegations of paragraph 153.

154.    IGWT 826 denies the allegations of paragraph 154.

155.    IGWT 826 denies the allegations of paragraph 155.

156.    IGWT 826 denies the allegations of paragraph 156.

157.    IGWT 826 denies the allegations of paragraph 157.

158.    IGWT 826 denies the allegations of paragraph 158.

159.    IGWT 826 incorporates its responses to paragraphs 1 through 158 by reference.  IGWT 826 further notes that the Court has already held this claim *at least* partially preempted by Mattel's trade secret misappropriation claim.

160.    IGWT 826 denies the allegations of paragraph 160.

161.    IGWT 826 denies the allegations of paragraph 161.

162.    IGWT 826 denies the allegations of paragraph 162.

163.    IGWT 826 denies the allegations of paragraph 163.

164.    IGWT 826 denies the allegations of paragraph 164.

165.    IGWT 826 denies the allegations of paragraph 165.

166.    IGWT 826 incorporates its responses to paragraphs 1 through 165 by reference.

167.    IGWT 826 denies the allegations of paragraph 167.

168.    IGWT 826 denies the allegations of paragraph 168.

169.    IGWT 826 denies the allegations of paragraph 169.

170.    IGWT 826 denies the allegations of paragraph 170.

171.    IGWT 826 denies the allegations of paragraph 171.

172.    IGWT 826 denies the allegations of paragraph 172.

173.    IGWT 826 incorporates its responses to paragraphs 1 through 172 by reference.

174.  IGWT 826 denies the allegations of paragraph 174.

175.  IGWT 826 denies the allegations of paragraph 175.

176.  IGWT 826 denies the allegations of paragraph 176.

177.  IGWT 826 denies the allegations of paragraph 177.

178.  IGWT 826 denies the allegations of paragraph 178.

179.  IGWT 826 incorporates its responses to paragraphs 1 through 178 by reference.

180.  IGWT 826 denies the allegations of paragraph 180.

181.  IGWT 826 denies the allegations of paragraph 181.

182.  IGWT 826 denies the allegations of paragraph 182.

183.  IGWT 826 denies the allegations of paragraph 183.

184.  IGWT 826 denies the allegations of paragraph 184.

185.  IGWT 826 denies the allegations of paragraph 185.

186.  IGWT 826 incorporates its responses to paragraphs 1 through 185 by reference.

187.  IGWT 826 denies the allegations of paragraph 187.

188.  IGWT 826 denies the allegations of paragraph 188.

189.  IGWT 826 denies the allegations of paragraph 189.

190.  IGWT 826 denies the allegations of paragraph 190.

191.  IGWT 826 denies the allegations of paragraph 191.

192.  IGWT 826 incorporates its responses to paragraphs 1 through 191 by reference.

193.  IGWT 826 denies the allegations of paragraph 193.

194.  IGWT 826 denies the allegations of paragraph 194.

195.  IGWT 826 denies the allegations of paragraph 195.

196.  IGWT 826 denies the allegations of paragraph 196.

197.  IGWT 826 denies the allegations of paragraph 197.

198.  IGWT 826 denies the allegations of paragraph 198.

199.    IGWT 826 denies the allegations of paragraph 199.

200.    IGWT 826 denies the allegations of paragraph 200.

201.    IGWT 826 incorporates its responses to paragraphs 1 through 200 by reference.

202.    IGWT 826 denies the allegations of paragraph 202.

203.    IGWT 826 denies the allegations of paragraph 203.

204.    IGWT 826 denies the allegations of paragraph 204.

205.    IGWT 826 notes that this claim has been dismissed without leave to amend and therefore no response is required.  To the extent any response is required, IGWT 826 incorporates its responses to paragraphs 1 through 204 by reference.

206.    To the extent any response is required to this dismissed claim, IGWT 826 denies the allegations of paragraph 206.

207.    To the extent any response is required to this dismissed claim, IGWT 826 denies the allegations of paragraph 207.

208.    To the extent any response is required to this dismissed claim, IGWT 826 denies the allegations of paragraph 208.

209.    To the extent any response is required to this dismissed claim, IGWT 826 denies the allegations of paragraph 209.

210.    To the extent any response is required to this dismissed claim, IGWT 826 denies the allegations of paragraph 210.

211.    To the extent any response is required to this dismissed claim, IGWT 826 denies the allegations of paragraph 211.

212.    To the extent any response is required to this dismissed claim, IGWT 826 denies the allegations of paragraph 212.

213.    To the extent any response is required to this dismissed claim, IGWT 826 denies the allegations of paragraph 213.

214.    IGWT 826 notes that this claim has been dismissed without leave to amend and therefore no response is required.  To the extent any response is required, IGWT 826 incorporates its responses to paragraphs 1 through 213 by reference.

215.    To the extent any response is required to this dismissed claim, IGWT 826 denies the allegations of paragraph 215.

216.    To the extent any response is required to this dismissed claim, IGWT 826 denies the allegations of paragraph 216.

217.    To the extent any response is required to this dismissed claim, IGWT 826 denies the allegations of paragraph 217.

218.    To the extent any response is required to this dismissed claim, IGWT 826 denies the allegations of paragraph 218.

219.    To the extent any response is required to this dismissed claim, IGWT 826 denies the allegations of paragraph 219.

220.    To the extent any response is required to this dismissed claim, IGWT 826 denies the allegations of paragraph 220.

221.    To the extent any response is required to this dismissed claim, IGWT 826 denies the allegations of paragraph 221.

222.    To the extent any response is required to this dismissed claim, IGWT 826 denies the allegations of paragraph 222.

223.    To the extent any response is required to this dismissed claim, IGWT 826 denies the allegations of paragraph 223.

224.    IGWT 826 notes that this claim has been dismissed without leave to amend and therefore no response is required.  To the extent any response is required, IGWT 826 incorporates its responses to paragraphs 1 through 223 by reference.

225.    To the extent any response is required to this dismissed claim, IGWT 826 denies the allegations of paragraph 225.

226.    To the extent any response is required to this dismissed claim, IGWT 826 denies the allegations of paragraph 226.

227.    To the extent any response is required to this dismissed claim, IGWT 826 denies the allegations of paragraph 227.

228.    To the extent any response is required to this dismissed claim, IGWT 826 denies the allegations of paragraph 228.

229.    To the extent any response is required to this dismissed claim, IGWT 826 denies the allegations of paragraph 229.

230.    To the extent any response is required to this dismissed claim, IGWT 826 denies the allegations of paragraph 230.

231.    IGWT 826 notes that this claim has been dismissed with leave to amend and therefore no response is required.  To the extent any response is required, IGWT 826 incorporates its responses to paragraphs 1 through 230 by reference.

232.    To the extent any response is required to this dismissed claim, IGWT 826 denies the allegations of paragraph 232.

233.    To the extent any response is required to this dismissed claim, IGWT 826 denies the allegations of paragraph 233.

234.    To the extent any response is required to this dismissed claim, IGWT 826 denies the allegations of paragraph 234.

235.    To the extent any response is required to this dismissed claim, IGWT 826 denies the allegations of paragraph 235.

236.    To the extent any response is required to this dismissed claim, IGWT 826 denies the allegations of paragraph 236.

237.    To the extent any response is required to this dismissed claim, IGWT 826 denies the allegations of paragraph 237.

238.    IGWT 826 incorporates its responses to paragraphs 1 through 237 by reference.

239.    IGWT 826 denies the allegations of paragraph 239.

IGWT 826's REPLY TO COUNTERCLAIMS
CV 04-9049 DOC (RNBx)

240.    IGWT 826 agrees that the Court should make a declaration as to the true owner of Bratz—MGA.  Otherwise, the allegations of paragraph 240 are denied.

241.    IGWT 826 agrees that the Court should make a declaration as to the true owner of Bratz—MGA.  Otherwise, the allegations of paragraph 241 are denied to the extent any further response is required.

242.    IGWT 826 denies that Mattel has any rights as a creditor, or otherwise, and denies the allegations of paragraph 242 to the extent any further response is required.

243.    IGWT 826 agrees that the Court should make a declaration as to the true owner of the trademark Moxie Girlz—MGA.  Otherwise, the allegations of paragraph 243 are denied to the extent any further response is required.

## **AFFIRMATIVE DEFENSES**

Without admitting any wrongful conduct on the part of IGWT 826 or any other Counter-Defendant, and without admitting that Mattel suffered any loss, damage, or injury, IGWT 826 hereby alleges the following affirmative defenses to the remaining Counterclaims that have not already been dismissed by the Court.  By designating the following as affirmative defenses, IGWT 826 does not in any way waive or limit any defenses which are or may be raised by their denials, allegations, and averments set forth herein.  IGWT 826 also does not, by alleging any affirmative defense, admit that Mattel does not have the burden of proof for any or all facts and/or legal conclusions underlying any of those defenses.  These defenses are pled in the alternative, and are raised to preserve the rights of IGWT 826 to assert such defenses, and are raised without prejudice to their ability to raise other and further defenses.

Additionally, as noted above, IGWT 826 has objected to Mattel's definition of Mattel throughout its counterclaims to include Mattel Mexico.  The only claim reasonably pled by Mattel Mexico as a plaintiff, as opposed to by Mattel Inc., is the trade secret misappropriation claim.  These affirmative defenses are pled accordingly.

If, however, Mattel intended to plead more than the trade secret claim on behalf of Mattel Mexico, then IGWT 826 hereby asserts all such additional defenses against any other claim of Mattel Mexico as may be applicable at law or in equity.

Finally, based upon the allegations in the FAAC, IGWT 826 understands it to be accused only of the claims involving actual and constructive fraudulent transfer, which claims were dismissed pursuant to the Court's Order of August 2, 2010 (Docket No. 8423).  To the extent IGWT 826 is accused of other claims, either directly or through the acts of other counter-defendants, IGWT 826 denies those allegations and, to the extent applicable, incorporates the responses and affirmative defenses of those other counter-defendants.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

Mattel and Mattel Mexico's counterclaims fail to state a claim against IGWT 826 upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Unclean Hands)

Mattel and Mattel Mexico's counterclaims are barred in whole or in part by Mattel and Mattel Mexico's unclean hands and wrongful acts.

## THIRD AFFIRMATIVE DEFENSE

### (Laches)

Mattel and Mattel Mexico's counterclaims are barred by the doctrine of laches.

## FOURTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

Mattel and Mattel Mexico's counterclaims are barred by the applicable statutes of limitations, including but not limited to, 17 U.S.C. § 507(b), and Code of Civil Procedure §§ 337, 339, 343 and 338(c).

1

## FIFTH AFFIRMATIVE DEFENSE

2

### (Acts or Omissions of Others)

3    Mattel and Mattel Mexico's damages, if any, were not caused by IGWT 826

4  and are not attributable to any unlawful acts or omissions of IGWT 826.

5

## SIXTH AFFIRMATIVE DEFENSE

6

### (Estoppel)

7    Mattel's counterclaims are barred in whole or in part by the doctrine of

8  estoppel.

9

## SEVENTH AFFIRMATIVE DEFENSE

10

### (Acquiescence)

11   Mattel's counterclaims are barred in whole or in part by its own acquiescence.

12

## EIGHTH AFFIRMATIVE DEFENSE

13

### (Failure to Mitigate)

14   IGWT 826 denies that Mattel or Mattel Mexico suffered any damages, but

15  even if they did, then they also failed to take reasonable steps to mitigate those

16  purported damages.

17

## NINTH AFFIRMATIVE DEFENSE

18

### (Comparative Fault)

19   IGWT 826 denies that Mattel or Mattel Mexico suffered any damages, but

20  even if they did, any recovery by Mattel or Mattel Mexico is barred or must be

21  reduced as a result of their comparative fault.

22

## TENTH AFFIRMATIVE DEFENSE

23

### (Duplicative Recovery)

24   If the Court does not vacate the Phase 1 verdicts in their entirety as IGWT 826

25  believes is required by the July 22, 2010 Ninth Circuit Opinion, then any monetary

26  recovery by Mattel on the counterclaims in Phase 2 is barred as duplicative of the

27  Phase 1 verdicts, and must be setoff against them.

28

**ELEVENTH AFFIRMATIVE DEFENSE**

(Waiver)

Mattel's counterclaims are barred in whole or in part by waiver.

**TWELFTH AFFIRMATIVE DEFENSE**

(Illegal Conduct/Fraud)

Mattel's claims are barred in whole or in part by Mattel's own illegal conduct and/or fraud.

**THIRTEENTH AFFIRMATIVE DEFENSE**

(Competition Privilege/Justification)

Mattel's counterclaims are barred in whole or in part on the grounds that the acts of IGWT 826 were lawful competition or justified.

**FOURTEENTH AFFIRMATIVE DEFENSE**

(Good Faith)

Mattel's counterclaims are barred in whole or in part because IGWT 826 acted in good faith.

**FIFTEENTH AFFIRMATIVE DEFENSE**

(Lack of Authority)

Mattel's counterclaims are barred in whole or in part on the grounds that to the extent any person committed an unlawful or tortious act, the person lacked authority to commit such act on behalf of IGWT 826.

**SIXTEENTH AFFIRMATIVE DEFENSE**

(Lack of Standing)

Mattel's counterclaims are barred in whole or in part by its lack of standing.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

(Joinder in Defenses of Co-Defendants)

IGWT 826 hereby adopts and incorporates by reference any and all other affirmative defenses that have been or will be asserted by any other defendant or counter-defendant (including Bryant) in this litigation to the extent that defendants

1  may share in such affirmative defenses.

2  **EIGHTEENTH AFFIRMATIVE DEFENSE**

3  (*Res Judicata* and Collateral Estoppel (Fed. R. Civ. Proc. 8(c)(1))

4      If the Court does not vacate the Phase 1 verdicts in their entirety as MGA

5  believes is required by the July 22, 2010 Ninth Circuit Opinion, then Mattel's Phase 2

6  counterclaims are barred in whole or in part by the doctrines of *res judicata* and

7  collateral estoppel as a result of the Phase 1 proceedings.

8  **NINETEENTH AFFIRMATIVE DEFENSE**

9  (Lack of Jurisdiction)

10      Mattel's claims, including without limitation its claims based upon alleged

11  extra-territorial acts, are barred in whole or in part by lack of subject matter

12  jurisdiction.

13  **TWENTIETH AFFIRMATIVE DEFENSE**

14  (Spoliation of Evidence and Obstruction of Justice)

15      Mattel's claims are barred in whole or in part by Mattel's spoliation of

16  evidence and obstruction of justice.

17  **TWENTY-FIRST AFFIRMATIVE DEFENSE**

18  (Undiscovered Defenses)

19      IGWT 826 has insufficient basis or information upon which to form a belief as

20  to whether additional defenses are available.  IGWT 826 reserves the right to assert

21  any further or additional defenses upon receiving more complete information

22  regarding the matters alleged in the Counterclaims, through discovery or otherwise.

23

24      WHEREFORE, IGWT 826 Investments, LLC ("IGWT 826") prays for relief as

25  follows:

26      a.    On the Reply, that judgment be entered in favor of IGWT 826 and

27  against Counterclaimants Mattel and Mattel Mexico on the FAAC and that the FAAC

28  be dismissed without leave to amend;

1    b.    On the Reply, that IGWT 826 recover its costs of suit;

2    c.    On the Reply, that IGWT 826 recover its attorneys fees pursuant to

3  statute under 17 U.S.C. 505 and Cal. Civ. Code 3426.4;

4    d.    On the Reply, a declaration that MGA is the true owner of the Bratz

5  intellectual property and Moxie Girlz trademarks;

6    e.    On all pleadings in these consolidated actions, that Mattel be ordered to

7  pay the full costs of this action, including all fees paid to Court-ordered Monitors,

8  Discovery Masters, and Rule 706 Experts; and

9    f.    That IGWT 826 be awarded such other and further relief as the Court

10 may deem just and proper.

11

12  Dated:  August 16, 2010          ORRICK, HERRINGTON & SUTCLIFFE LLP

13

14                                By:   _/s/ Annette L. Hurst_____
                                        Annette L. Hurst
15                                Attorneys for the MGA Parties and IGWT 826
                                        Investments, LLC
16

17

18

19

20

21

22

23

24

25

26

27

28

1

## **DEMAND FOR JURY TRIAL**

2       IGWT 826 Investments, LLC respectfully requests a jury trial on all issues

3  triable thereby.

4

5  Dated:  August 16, 2010            ORRICK, HERRINGTON & SUTCLIFFE LLP

6

7                                    By:        */s/ Annette L. Hurst*
                                               Annette L. Hurst
8                                     Attorneys for the MGA Parties and IGWT 826
                                               Investments, LLC
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28