ANNETTE L. HURST (State Bar No. 148738)
ahurst@orrick.com
WARRINGTON S. PARKER III (State Bar No. 148003)
wparker@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
405 Howard Street, San Francisco, CA 94105
Telephone:  415-773-5700 / Facsimile:  415-773-5759

WILLIAM A. MOLINSKI (State Bar No. 145186)
wmolinski@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA  90017
Telephone:  213-629-2020/ Facsimile:  213-612-2499

THOMAS S. MCCONVILLE (State Bar No. 155905)
tmcconville@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
4 Park Plaza, Suite 1600, Irvine, CA 92614-2258
Telephone:  (949) 567-6700/Facsimile:  (949) 567-6710

Attorneys for IGWT 826 INVESTMENTS, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual<br><br>    Plaintiff,<br><br>    v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>    Defendant. | Case No. CV 04-9049 DOC (RNBx)<br>Consolidated with: Case No. CV 04-9059<br>Case No. CV 05-2727<br><br>**IGWT 826 INVESTMENTS, LLC'S NOTICE AND MOTION FOR JUDGMENT ON THE PLEADINGS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| AND CONSOLIDATED ACTIONS | Date:  September 13, 2010<br>Time: 8:30 a.m.<br>Place: Courtroom 9D<br><br>**Hon. David O. Carter**<br><br>Trial Date: January 11, 2011 |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on Monday, September 13, 2010 at 8:30 a.m. in Courtroom 9D of the United States Court House located at 411 West Fourth Street, Santa Ana, California, the Honorable David O. Carter presiding, IGWT 826 Investments, LLC ("IGWT"), will, and hereby does, move for a judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) as to the Second and Seventeenth Counterclaims of Mattel, Inc. ("Mattel") as set forth in its Fourth Amended Answer and Counterclaims filed on April 12, 2010..

IGWT hereby requests that the Court grant its Motion for Judgment on the Pleadings, without leave to amend, and dismiss Mattel's Second Counterclaim (for RICO Conspiracy, 18 U.S.C. § 1962(d)) against IGWT in its entirety, with prejudice, on the following grounds:

1.      Mattel has not alleged injury sufficient to confer upon it standing to bring its Second Counterclaim for Conspiracy to Violate RICO.

2.      The Court's reasoning in its Order dismissing Mattel's counterclaim against Omni for Conspiracy to Violate RICO, applies equally to warrant dismissal of the same counterclaim against IGWT.

IGWT hereby requests that the Court grant its Motion for Judgment on the Pleadings, without leave to amend, and dismiss Mattel's Seventeenth Counterclaim (for Declaratory Judgment) against IGWT in its entirety, with prejudice, for lack of a substantial controversy between Mattel and IGWT.

IGWT's Motion for Judgment on the Pleadings is based on this Notice, the accompanying Memorandum of Points and Authorities, any matter of which the Court takes judicial notice, the pleadings in this action, such further evidence and argument as may be presented at or before the hearing on this matter.

1
2
3

## CERTIFICATE OF COMPLIANCE

4
5

    Pursuant to L.R. 7-3, counsel for the parties met and conferred by telephone regarding the substantive basis for this motion on May 4, 2010.

6
7

Dated:  August 16, 2010           Respectfully submitted,

8

           ANNETTE L. HURST
           Orrick, Herrington & Sutcliffe LLP

9
10

           By:     */s/*Annette L. Hurst

11

              ANNETTE L. HURST
              Attorneys for Plaintiff

12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IGWT 826 INVESTMENTS, LLC'S NOTICE AND MOTION FOR JUDGMENT ON THE PLEADINGS; MPA ISO THEREOF

I.    **INTRODUCTION**

Counter-defendant IGWT 826 Investments ("IGWT") is named only in the Second Counterclaim (Conspiracy to Violate RICO) and the Seventeenth Counterclaim (Declaratory Relief).  The claims against IGWT and the dismissed counter-defendant Omni 808 ("Omni") arise out of relatively recent events.  Mattel alleges that in an effort to maintain control over MGA's "ill-gotten gains" and Mattel's intellectual property, to frustrate the jury's verdicts and the Court's orders, and to hinder and defraud creditors, Isaac Larian arranged to have a Wachovia credit facility and agreement purchased in August 2008 ("the Wachovia debt"). Fourth Amended Answer and Counterclaims ("FAAC") ¶¶ 99, 107, 113.  Omni was formed on August 12, 2008, and purchased the Wachovia debt using money from others—the source of funds for which are unknown.  *Id.* ¶¶ 103, 108.  Initially, Mr. Larian and Omni denied Mr. Larian's involvement and used shell corporations, such as Vision Capital and Lexington Financial and IGWT, to hide Mr. Larian's involvement.  *Id.* ¶¶ 104-05, 108-09.  The FAAC also alleges there was a side letter that gave Omni MGA's intellectual property rights, which, according to Mattel, was an attempt to encumber the Bratz intellectual property rights and prevent Mattel from obtaining them.  *Id.* ¶ 107.  Other than those allegations, Mattel fails to identify any overt acts or agreements by IGWT (which was not formed until 8/27/08, *Id.* ¶18) and completely omits IGWT when it lists the alleged racketeering activity.  *See id.* ¶124 (a)-(f) (charging all counter-defendants except IGWT with the commission of various predicate acts).

In response to the FAAC, the counter-defendants filed various motions attacking the pleadings.  Among those attacks was Omni's Motion to Dismiss which argued, among other things, that Mattel lacked standing to bring an action under 18 U.S.C. § 1964(c) because it had not suffered the requisite injury to its business or property. Similarly, IGWT argued that Mattel's claimed injuries are either speculative and non-existent, or legally unavailable, barring the same action

1    under 18 U.S.C. § 1964(c) as to IGWT.  Dkt. No. 7896, 26:8-35:12; Dkt. No. 7958,

2    14:1-18:19.  On August 2, 2010, this Court issued its Order on the Motions to

3    Dismiss ("Order") which, among other rulings, dismissed Omni from the

4    Conspiracy to Violate RICO claim based upon Mattel's lack of standing, and

5    dismissed Omni from the Declaratory Relief Claim for lack of a substantial

6    controversy between Mattel and Omni. IGWT timely filed its reply and affirmative

7    defenses responding to the FAAC on August 16, 2010.

8            IGWT is named in the RICO conspiracy claim and its position in

9    Mattel's RICO case is indistinguishable from that of an alleged co-conspirator:

10   Omni.  As set forth below, Mattel's claim against IGWT fails as well.  IGWT was

11   not created until August 27, 2008 (FAAC ¶ 105), which was after Omni was

12   created.  Thus, IGWT did not engage in and is not alleged to have engaged in any

13   activities prior to its creation, and none of the few alleged racketeering activities

14   occurring after its creation have been found to have caused Mattel any injury to its

15   business or property.  Because IGWT's alleged participation in a RICO conspiracy

16   did not cause injury Mattel, there is no actual controversy between IGWT and

17   Mattel.

18           In short, IGWT's role in the supposed RICO is materially

19   indistinguishable from Omni and, therefore, it too should be dismissed without

20   leave to amend.  It may be that given the number of movants and the complexity of

21   issues in the recent motions to dismiss and/or for summary judgment, IGWT failed

22   to make clear the similarity between its status and Omni's and/or the precise

23   grounds for its dismissal.  Now that a trial date and deadlines for various pre-trial

24   tasks have been set, dismissal of IGWT will save substantial time, energy and

25   resources. Hence, the present Motion.

26   **II.**    **ARGUMENT**

27        **A.**    **Legal Standard Governing Motions for Judgment on the Pleadings**

28           "After the pleadings are closed but within such time as not to delay the

1  trial, any party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c).  A

2  motion for judgment on the pleadings can be functionally equivalent to a motion to

3  dismiss under  Rule 12(b) (6), the only difference being the timing of the motions.

4  *Dworkin v. Hustler Magazine, Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989)  (affirming

5  judgment on the pleadings to dismiss claims)

6         Similar to its obligations under Rule 12(b) of the Federal Rules of

7  Civil Procedure, a district court should grant judgment on the pleadings under Rule

8  12(c) "when the moving party clearly establishes on the face of the pleadings that

9  no material issue of fact remains to be resolved and that it is entitled to judgment as

10  a matter of law." *George v. Pacific-CSC Work Furlough*, 91 F.3d 1227, 1229 (9th

11  Cir. 1996) (citations omitted) (affirming judgment on the pleadings).  Judgment on

12  the pleadings is proper when taking all the allegations in the pleadings as true, the

13  moving party is entitled to judgment as a matter of law.  *GE Engine Servs. UNC*

14  *Holding I, Inc. v Century Indem. Co.* 250 F Supp 2d 1237, 1240 (C.D. Cal. 2001)

15  *aff'd GE Engine Servs. UNC Holding I, Inc. v. Century Indem. Co.*, 53 Fed Appx

16  812 (9th Cir. 2002).

17       **B.     Mattel Lacks Standing to Bring this Action Against IGWT**
         **Because Mattel Has Not Been Injured By Any of IGWT's Conduct**

18

19       Mattel's Conspiracy to Violate RICO claim against IGWT fails

20  because Mattel has not suffered any injury to its business or property as a result of

21  any RICO violation by IGWT.  That defect also forecloses Mattel's Declaratory

22  Relief Counterclaim, which is based on the same, non-injurious conduct.  Where, as

23  here, a declaratory relief claim, is "entirely commensurate with the relief sought

24  through . . . other causes of action," it is "duplicative and unnecessary" and must be

25  dismissed.  *See Mangindin v. Wash. Mut. Bank*, 637 F.2 Supp. 2d 700, 707-08

26  (N.D. Cal. 2009).

27       Civil RICO requires that a plaintiff was "injured in his business or

28  property by reason of a violation of section 1962." 18 U.S.C. § 1964(c).  A RICO

1    plaintiff "only has standing if, and can only recover to the extent that, he has been

2    injured in his business or property by the conduct constituting the violation."

3    *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 (1985).  The civil RICO plaintiff

4    must plead and prove "some direct relation between the injury asserted and the

5    injurious conduct alleged."  *Holmes v. Securities Investor Prot. Corp.*, 503 U.S.

6    258, 268 (1992).  "A link that is 'too remote,' 'purely contingent,' or 'indire[t]' is

7    insufficient."  *Hemi Group, LLC v. City of New York*, 130 S.Ct. 983, 989 (2010).  A

8    RICO claim is not ripe for adjudication where the injury is speculative and based on

9    contingent events that have not yet occurred.  *Lincoln House, Inc. v. Dupre*, 903

10   F.2d 845, 847 (1st Cir. 1990); *see also* Order, p. 23 citing *Lincoln House*

11   ("'rejecting claimed injury based on 'hypothetical inability to recover from

12   [defendant], *if*, [plaintiff] obtains a judgment, in some amount, in pending

13   [action].'" (emphasis in original).  "[A] defendant's alleged actions in fraudulently

14   transferring and concealing his assets does not result in an injury to a plaintiff's

15   property until such time as the plaintiff has an actual judgment in hand."  *Kaplan v.

16   Reed*, 28 F.Supp.2d 1191, 1205 (D. Colo. 1998) (rejecting RICO claim).

17              Here, the only basis of Mattel's claim against IGWT is its alleged

18   involvement in providing funds to assist in Omni's purchase of the Wachovia debt.

19   FAAC ¶¶ 97-120.  According to Mattel, the intended purpose of the counter-

20   defendants' purchasing the Wachovia debt was to "frustrate Mattel's ability to

21   recover from MGA money and property rightfully belonging to Mattel."  FAAC, ¶

22   115.  These allegations fail to establish Mattel's standing against IGWT.  First, as

23   this Court found, "Mattel never did and does not now have an enforceable judgment

24   against MGA due to the Ninth Circuit's rulings with respect to the post-Phase 1

25   equitable relief."  Order, p. 23.  Second, even if Mattel had a judgment, "it would

26   not have suffered any concrete financial injury unless it attempted in vain to enforce

27   that judgment."  *Id.*, citing *Lincoln House*.  For these reasons, Mattel lacks standing

28   to bring a RICO claim against IGWT because it was not "injured in his business or

IGWT 826 INVESTMENTS, LLC'S NOTICE AND MOTION
FOR JUDGMENT ON THE PLEADINGS; MPA ISO
THEREOF

1  property by reason of a violation of section 1962." 18 U.S.C. § 1964(c).

2  **C.    This Court Has Already Found that Mattel's Counterclaims**
   **Against Omni Failed, and the Court's Rationale Applies Equally**
3  **to IGWT**

4      IGWT's position in Mattel's RICO case is indistinguishable from that

5  of Omni which was *dismissed* by the Court for failure to state a claim, due to a lack

6  of standing (RICO injury). That dismissal turned on three factors. First, the Court

7  found "[t]he key fact is that Omni joined the conspiracy when Omni was formed on

8  August 12, 2008" (Order, p. 21), and ruled that Omni could be liable for injuries

9  caused by any co-conspirator's foreseeable racketeering acts that were committed

10 *after* August 12, 2008 (*id*., p. 22). Second, the Court concluded that "none of the

11 post-August 12, 2008 racketeering acts directly injured Mattel in its business or

12 property." *Id*., p. 22. Third, the Court also specifically found that Omni was

13 linked by Mattel only to the acquisition of MGA's Wachovia debt – a transaction

14 the Court found did not inflict a RICO injury upon Mattel. Order, pp. 22-24.

15     IGWT should be dismissed from action because it is identically

16 situated to Omni with respect to the three factors noted above. First, IGWT was

17 created on August 27, 2008 (FAAC ¶¶ 18, 105), *i.e. after* Omni was created (FAAC

18 ¶¶ 17, 103) and, thus cannot be liable for any injury caused by any alleged

19 racketeering acts committed before August 2008. Second, the Court already has

20 found that "none of the post-August 12, 2008 racketeering acts directly injured

21 Mattel in its business or property." Order, p. 22. Thus, IGWT could not have

22 caused Mattel any RICO harm. Third, IGWT was created specifically to carry out

23 the Wachovia debt acquisition (FAAC ¶ 105), which the Court has found did not

24 inflict a RICO injury on Mattel. (Order, p. 18-19 (Mattel's alleged loss of priority

25 as a result of the Omni transaction are not "concrete financial injuries" recoverable

26 under 18 U.S.C. § 1964(c)); Order, p. 23 ("Omni's dealings with Wachovia,

27 MGA/Larian, and IGWT allegedly resulted in Mattel's loss of priority. However,

28 Mattel never did and does not now have an enforceable judgment against MGA due

to the Ninth Circuit's ruling with respect to post-Phase 1 equitable relief.")

Furthermore, Mattel does not allege that IGWT engaged in any other activities, much less activities that could have caused Mattel harm.  The Complaint alleges numerous predicate acts against all of the counter-defendants *except* IGWT.  FAAC ¶ 124(a) (predicate act of mail fraud alleged against MGA, Larian, MGA HK, Bryant, Machado); ¶ 124(b) (predicate act of wire fraud alleged against MGA, Larian, MGA HK, MGA de Mexico, Bryant, Machado); ¶ 124(c) (predicate act of spoliation and concealment of evidence alleged against MGA, Larian, Bryant, Machado); ¶ 124(d) (predicate act of obstruction of justice alleged against MGA, Larian, Bryant); ¶ 124(e) (predicate act of interstate and foreign travel alleged against MGA, Larian); ¶ 124(f) (predicate act of criminal copyright infringement alleged against MGA, Larian, MGA HK, MGA de Mexico, Bryant, Machado).

In short, IGWT's role in the supposed RICO is materially indistinguishable from Omni and, therefore, it too should be dismissed from the Second Counterclaim without leave to amend.

### D.   Mattel Fails to State a Claim for Declaratory Relief Against IGWT.

A request for declaratory relief will not create a cause of action that otherwise does not exist.  Rather, an actual, present controversy must be pleaded "between the parties having adverse legal interests, of sufficient immediacy and reality to warrant issuance of a declaratory judgment." *Spokane Indian Tribe v. United States*, 972 F.2d 1090, 1092 (9th Cir. 1992) (quoting *Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941).

Mattel asks this Court for a declaration about ownership interests in Bratz, rights to the Moxie Girlz name or mark, and Mattel's priority status as MGA's creditor.  FAAC, ¶¶ 238-243.   As already shown in detail, Mattel's own allegations establish that it lacks standing to request any relief: the allegations merely substantiate that IGWT's alleged participation in a RICO conspiracy did not

1  cause Mattel injury.   Further, Mattel never did and does not now have an

2  enforceable judgment against MGA.  Because Mattel cannot establish an actual

3  controversy between it and IGWT, and because its declaratory relief counterclaim

4  seeks relief duplicative of its other counterclaim (Conspiracy to Violate RICO), its

5  counterclaim for declaratory relief is an impermissible request for an advisory

6  opinion.  Because Mattel is not legally entitled to seek relief, Mattel's Seventeenth

7  Counterclaim for Declaratory Relief must be dismissed.

8  **III.   CONCLUSION**

9         For the foregoing reasons, IGWT respectfully requests that this Court

10  grant IGWT's Motion for Judgment on the Pleadings.

11                      Respectfully submitted:

12  Dated:      August 16, 2010       ORRICK, HERRINGTON & SUTCLIFFE LLP

13

14                      By:_____*/s/ Annette L. Hurst*_____

15                         Annette L. Hurst
             Attorneys for IGWT 826 Investments, LLC

16

17  OHS West:260971982.1
22161-2006 MPW/MPW

18

19

20

21

22

23

24

25

26

27

28