ANNETTE L. HURST (State Bar No. 148738)
ahurst@orrick.com
WARRINGTON S. PARKER III (State Bar No. 148003)
wparker@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
405 Howard Street
San Francisco, CA  94105-2669
Tel: (415) 773-5700/Fax: (415) 773-5759

WILLIAM A. MOLINSKI (State Bar No. 145186)
wmolinski@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA  90017
Tel. (213) 629-2020/Fax: (213) 612-2499

THOMAS S. MCCONVILLE (State Bar No. 155905)
tmcconville@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
4 Park Plaza, Suite 1600
Irvine, CA 92614-2258
Tel: (949) 567-6700/Fax: (949) 567-6710

Attorneys for MGA Parties

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | Case No.  CV 04-9049 SGL (RNBx)<br>Consolidated with:  Case No. CV 04-9059 and Case No. CV 05-2727<br><br>**Honorable David O. Carter**<br><br>**ISAAC LARIAN'S REPLY TO FOURTH AMENDED ANSWER AND COUNTERCLAIMS, INCLUDING AFFIRMATIVE DEFENSES**<br><br>**Trial Date:  January 11, 2011** |

# REPLY TO COUNTERCLAIMS

Mattel, Inc. ("Mattel")'s Fourth Amended Answer and Counterclaims ("FAAC") contravenes Rule 8(a) of the Federal Rules of Civil Procedure in multiple respects.  For example, in many places, the FAAC improperly mixes factual averments with argumentative rhetoric.  The FAAC also includes a selective recitation of alleged historical facts and dozens of allegations improperly made "on information and belief" which are in fact pure speculation, much of which is both irrelevant and inflammatory in tone and content.  In addition, many of the allegations of the FAAC are overly broad, vague or conclusory and include terms which are undefined and which are susceptible to different meanings.  Accordingly, by way of a general response, all allegations are denied unless specifically admitted, and any factual averment admitted is admitted only as to the specific facts and not as to any conclusions, characterizations, implications or speculations which are contained in the averment or in the FAAC as a whole.  These comments and objections are incorporated, to the extent appropriate, into each numbered paragraph of this Reply to Counterclaims.

In addition, headings in pleadings are used by both parties for organizational purposes and ease of reading, and are not to be considered averments to which any response is required.  If headings are to be considered allegations to which a response is required, Isaac Larian ("Larian") hereby denies all allegations contained in any of Mattel's headings.

1. The allegations set forth in paragraph 1 are denied.
2. The allegations set forth in paragraph 2 are denied.
3. The allegations set forth in paragraph 3 are denied.
4. The allegations set forth in paragraph 4 are denied.
5. The allegations set forth in paragraph 5 are denied.
6. The allegations set forth in paragraph 6 are denied.

7.     Larian admits that the Court has federal question jurisdiction over this action, but denies that any federal or state statute implicated by the Counterclaims applies to the extraterritorial conduct alleged in the Counterclaims. Larian also denies supplemental jurisdiction exists as to Mattel's state law claims.

8.     Larian admits that venue is proper in this District as to all parties other than MGAE de Mexico.  As to MGAE de Mexico, venue is improper because the Court lacks personal jurisdiction.

9.     Larian admits the allegations set forth in paragraph 9.

10.     Larian admits that Mattel de Mexico, S.A. de C.V. is an entity existing under the laws of Mexico with a principal place of business in Mexico City, Mexico.  The remaining allegations set forth in paragraph 10 are denied.  And, Larian objects to Mattel's practice of lumping Mattel and Mattel Mexico throughout the pleading under the name "Mattel."  Mattel's lumping makes it impossible to respond to the allegations in any meaningful way.  It was Mattel's burden to specify when it meant Mattel, Inc. and when it meant another legal entity.  Having failed to do so, it is not Larian's job to parse the pleading for it.

11.     Larian admits the allegations contained in the first two sentences of paragraph 11 and deny the remaining allegations set forth in paragraph 11.

12.     Larian is without sufficient basis to admit or deny that Bryant currently resides in the State of Missouri, and on that basis, denies that allegation. Larian denies all of the remaining allegations set forth in paragraph 12, in part because of the definition of "Mattel."

13.     Larian admits the allegations set forth in the first sentence of paragraph 13 and deny the remaining allegations set forth in paragraph 13.

14.     Larian admits the allegations set forth in the first sentence of paragraph 14 and deny the remaining allegations set forth in paragraph 14.

15.     Larian admits the allegations set forth in paragraph 15.

16.     Larian admits the allegations set forth in paragraph 16.

1    17.    Larian admits the allegations set forth in the first sentence of

2  paragraph 17, and denies the remainder.

3    18.    Larian admits that IGWT 826 Investments, LLC ("IGWT 826")

4  is a limited liability company organized and existing under the laws of the State of

5  California formed on August 27, 2008, and denies the remainder of the allegations

6  set forth in paragraph 18.

7    19.    Larian denies the allegations set forth in paragraph 19.

8    20.    Paragraph 20 is a statement of Mattel's legal position, to which

9  no response is necessary.  To the extent that a response is required, Larian denies the

10  allegations set forth in paragraph 20.

11    21.    Larian denies the allegations of paragraph 21, in part because of

12  the definition of Mattel.

13    22.    Larian denies the allegations set forth in paragraph 22.

14    23.    Larian admits the allegations of the first sentence of paragraph

15  23 and denies the remainder, in part because of the definition of Mattel.

16    24.    Larian denies the allegations of paragraph 24, in part because of

17  the definition of Mattel.

18    25.    Larian denies the allegations set forth in paragraph 25.

19    26.    Larian denies the allegations set forth in paragraph 26.

20    27.    Larian denies the allegations set forth in paragraph 27.

21    28.    Larian denies the allegations set forth in paragraph 28.

22    29.    Larian denies the allegations set forth in paragraph 29.

23    30.    Larian denies the allegations set forth in paragraph 30.

24    31.    Larian denies the allegations set forth in paragraph 31.

25    32.    Larian admits the allegations set forth in paragraph 32.

26    33.    Larian denies the allegations set forth in paragraph 33.

27    34.    Larian denies the allegations set forth in paragraph 34.

28    35.    Larian denies the allegations set forth in paragraph 35.

ISAAC LARIAN'S REPLY TO COUNTERCLAIMS
CV 04-9049 DOC (RNBx)

36.     Larian admits that in or about early 2004, MGA decided to form a new corporation, MGAE de Mexico, S.R.L. de C.V., to conduct business in Mexico, admits that MGAE de Mexico hired three employees who had worked for Mattel subsidiary Mattel Servicios located in Mexico, and denies the remaining allegations set forth in paragraph 36.

37.     Larian denies the allegations of paragraph 37.

38.     Larian denies the allegations of paragraph 38.

39.     Larian denies the allegations of paragraph 39.

40.     Larian denies the allegations of paragraph 40.

41.     Larian denies the allegations of paragraph 41.

42.     Larian denies the allegations of paragraph 42.

43.     Larian denies the allegations of paragraph 43.

44.     Larian denies the allegations of paragraph 44.

45.     Larian denies the allegations of paragraph 45.

46.     Larian denies the allegations of paragraph 46.

47.     Larian denies the allegations of paragraph 47.

48.     Larian denies the allegations of paragraph 48.

49.     Larian denies the allegations of paragraph 49.

50.     Larian denies the allegations of paragraph 50.

51.     Larian denies the allegations of paragraph 51.

52.     Larian denies the allegations of paragraph 52.

53.     Larian denies the allegations of paragraph 53.

54.     Larian denies the allegations of paragraph 54.

55.     Larian denies the allegations of paragraph 55.

56.     Larian denies the allegations of paragraph 56.

57.     Larian denies the allegations of paragraph 57.

58.     Larian denies the allegations of paragraph 58.

59.     Larian denies the allegations of paragraph 59.

60. Larian admits that on September 26, 2005, Janine Brisbois ("Brisbois") resigned from Mattel Canada, that she took a position as Vice President of National Accounts at MGAE Canada, and denies the remaining allegations set forth in the first sentence and the remainder of paragraph 60.

61. Larian admits that Brisbois spoke with Larian by telephone on or about the evening of September 22, 2005 and denies the remainder of paragraph 61.

62. Larian denies the allegations of paragraph 62.

63. Larian denies the allegations of paragraph 63.

64. Larian admits that Ron Brawer ("Brawer") resigned from Mattel, and that after the period of his notice, came to work for MGA. Larian admits that Tyco Toys hired Brawer on April 22, 1996, and denies the remaining allegations set forth in paragraph 64, in part because of the definition of Mattel.

65. Larian denies the allegations of paragraph 65, in part because of the definition of Mattel.

66. Larian admits that Brawer became MGA's Executive Vice President of Sales and Marketing, admits that Brawer was responsible for sales worldwide, admits that Brawer had responsibility for MGA's accounts with some of the same retailers that Brawer worked with while at Mattel, and denies the remaining allegations of paragraph 66.

67. Larian admits that Brawer stated during his exit interview that he had returned all confidential proprietary information to Mattel and denies the remaining allegations of paragraph 67.

68. Larian admits that MGA hired Jorge Castilla ("Castilla") on or around March 13, 2006. Larian denies the remaining allegations of paragraph 68, in part because of the definition of Mattel.

69. Larian denies the allegations of paragraph 69.

70. Larian denies the allegations of paragraph 70.

71. Larian denies the allegations of paragraph 71.

72.     Larian denies the allegations of paragraph 72.

73.     Larian denies the allegations of paragraph 73.

74.     Larian denies the allegations of paragraph 74.

75.     Larian denies the allegations of paragraph 75.

76.     Larian admits that Castilla, before he came to work at MGA, turned over to FBI agents a storage media from his personal digital device.  Larian denies the remaining allegations set forth in paragraph 76.

77.     Larian denies the allegations of paragraph 77.

78.     Larian denies the allegations of paragraph 78.

79.     Larian denies the allegations of paragraph 79.

80.     Larian denies the allegations of paragraph 80.

81.     Larian denies the allegations of paragraph 81.

82.     Larian denies the allegations of paragraph 82.

83.     Larian denies the allegations of paragraph 83.

84.     Larian denies the allegations of paragraph 84.

85.     Larian denies the allegations of paragraph 85.

86.     Larian denies the allegations of paragraph 86.

87.     Larian denies the allegations of paragraph 87.

88.     Larian denies the allegations of paragraph 88.

89.     Larian denies the allegations of paragraph 89.

90.     Larian denies the allegations of paragraph 90.

91.     Larian denies the allegations of paragraph 91.

92.     Larian denies the allegations of paragraph 92.

93.     Larian denies the allegations of paragraph 93.

94.     Larian denies the allegations of paragraph 94.

95.     Larian denies the allegations of paragraph 95.

96.     Larian denies the allegations of paragraph 96.

97.     Larian admits the allegations of paragraph 97 with the exception of the word "purported" in the last sentence, which is denied.

98.     Larian denies the allegations of paragraph 98.

99.     Larian denies the allegations of paragraph 99.

100.    Larian denies the allegations of paragraph 100.

101.    Larian admits that Leon Neman is Larian's brother-in-law and a former director of MGA.  Larian admits that Larian and Neil Kadisha, and their respective wives, are social friends.  Larian admits that Joseph Moinian could be considered a friend of Larian by virtue of his participation in Omni 808's rescue of MGA from Wachovia's foreclosure.  Other than as expressly admitted, the allegations of paragraph 101 are denied.

102.    Larian denies the allegations set forth in the first sentence of paragraph 102.  Larian admits that in a letter dated July 29, 2008 from Omninet Capital, LLC to Wachovia Bank, Omninet stated that "Isaac Larian will have a non-voting limited interest in the Loan Acquisition, but will not directly or indirectly control the acquired Obligations."

103.    Larian admits that Omni 808 entered into a Limited Liability Company Agreement on or around August 31, 2008, and that Omni 808 received funding from its members in the amounts as stated therein.  Other than as expressly admitted, the remaining allegations of paragraph 103 are denied.

104.    Larian denies the allegations of paragraph 104.

105.    Larian denies the allegations of the first sentence of paragraph 105.  Larian admits that IGWT 826 loaned approximately $60 million to Omni 808 for the purchase of the Wachovia debt, and that the funds for such loan by IGWT 826 were supplied by trusts established by members of the Larian and Makabi families.  Larian also admits that IGWT 826 was formed on August 27, 2008 with the knowledge and consent of Isaac Larian; that Shirin Makabi is Isaac Larian's sister and Jahangir Eli Makabi is Isaac Larian's brother-in-law; that Shirin Makabi

and Jahangir Eli Makabi, as trustees, are members of IGWT 826; and that IGWT 826 was registered at the home address of Shirin Makabi and Jahangir Eli Makabi. As to the remaining allegations in paragraph 105, Larian denies them.

106.    Larian admits the allegations of paragraph 106.

107.    Larian denies the allegations of paragraph 107.

108.    Larian denies the allegations of paragraph 108.

109.    Larian denies the allegations of paragraph 109.

110.    Larian denies the allegations set forth in the first sentence of paragraph 110.  Larian admits that he sent the three e-mail messages cited therein, but denies that the e-mail messages reflect any legal obligation to pay back any of the Omni 808 members.  As to the remaining allegations in paragraph 110, Larian denies them.

111.    Larian admits that in December 2008, a wire transfer for the amount of $5,065,753.42 was sent to a trust held by Arsalan Gozini, and that such transfer was a loan.  As to the remaining allegations in paragraph 111, Larian denies them.

112.    Larian denies the allegations in the first sentence of paragraph 112.  Larian admits that on October 16, 2008 IGWT 826 and Omni 808 executed an Amended and Restated Subordinated Promissory Note regarding IGWT 826's $60 million loan.  Larian admits that on October 16, 2008, MGA and Omni 808 executed a Secured Delayed Draw Demand Note, with a potential maximum loan value of up to $40 million, through which Omni 808 agreed to provide funds to MGA.  Larian admits that on October 16, 2008, IGWT 826 and Omni 808 executed a Senior Promissory Note with a potential maximum loan value of up to $40 million.  As to the remaining allegations in paragraph 112, Larian denies them.

113.    Larian admits that the Secured Delayed Draw Demand Note provided for a potential maximum loan value of up to $40 million in credit for MGA, subject to conditions.  Larian admits that on or about October 17, 2008,

MGA made a request for funds, IGWT 826 loaned $6 million to Omni 808, and Omni 808 loaned MGA $6 million pursuant to the terms of the Senior Promissory Note and the Secured Delayed Draw Demand Note.  Except as expressly admitted herein, MGA denies the allegations of paragraph 113.

114.   Larian denies the allegations of paragraph 114.

115.   Larian admits that Omni 808 sent a letter to the Court, and that the contents of the letter are as set forth therein.  Larian denies the remaining allegations of paragraph 115.

116.   Larian denies the allegations of paragraph 116.

117.   Larian denies the allegations of paragraph 117.

118.   Larian denies the allegations of paragraph 118.

119.   Larian denies the allegations of paragraph 119.

120.   Larian denies the allegations of paragraph 120.

121.   Larian denies the allegations of paragraph 121.

122.   Larian incorporates his responses to paragraphs 1 through 121.

123.   Larian denies the allegations of paragraph 123.

124.   Larian denies the allegations of paragraph 124.

125.   Larian denies the allegations of paragraph 125.

126.   Larian denies the allegations of paragraph 126.

127.   Larian denies the allegations of paragraph 127.

128.   Larian incorporates his responses to paragraphs 1 through 127.

129.   Larian denies the allegations of paragraph 129.

130.   Larian denies the allegations of paragraph 130.

131.   Larian denies the allegations of paragraph 131.

132.   Larian denies the allegations of paragraph 132.

133.   Larian incorporates his responses to paragraphs 1 through 132.

134.   Larian denies the allegations of paragraph 134.

135.   Larian denies the allegations of paragraph 135.

136. Larian denies the allegations of paragraph 136.

137. Larian denies the allegations of paragraph 137.

138. Larian denies the allegations of paragraph 138.

139. Larian denies the allegations of paragraph 139.

140. Larian denies the allegations of paragraph 140.

141. Larian denies the allegations of paragraph 141.

142. Larian denies the allegations of paragraph 142.

143. Larian incorporates his responses to paragraphs 1 through 143.

144. Larian denies the allegations of paragraph 144.

145. Larian denies the allegations of paragraph 145.

146. Larian denies the allegations of paragraph 146.

147. Larian denies the allegations of paragraph 147.

148. Larian denies the allegations of paragraph 148.

149. Larian incorporates his responses to paragraphs 1 through 148.

150. Larian denies the allegations of paragraph 150.

151. Larian denies the allegations of paragraph 151.

152. Larian denies the allegations of paragraph 152.

153. Larian denies the allegations of paragraph 153.

154. Larian denies the allegations of paragraph 154.

155. Larian denies the allegations of paragraph 155.

156. Larian denies the allegations of paragraph 156.

157. Larian denies the allegations of paragraph 157.

158. Larian denies the allegations of paragraph 158.

159. Larian incorporates his responses to paragraphs 1 through 158 by reference. Larian further notes that the Court has already held this claim at least partially preempted by Mattel's trade secret misappropriation claim.

160. Larian denies the allegations of paragraph 160.

161. Larian denies the allegations of paragraph 161.

162. Larian denies the allegations of paragraph 162.

163. Larian denies the allegations of paragraph 163.

164. Larian denies the allegations of paragraph 164.

165. Larian denies the allegations of paragraph 165.

166. Larian incorporates his responses to paragraphs 1 through 165 by reference.

167. Larian denies the allegations of paragraph 167.

168. Larian denies the allegations of paragraph 168.

169. Larian denies the allegations of paragraph 169.

170. Larian denies the allegations of paragraph 170.

171. Larian denies the allegations of paragraph 171.

172. Larian denies the allegations of paragraph 172.

173. Larian incorporates his responses to paragraphs 1 through 172 by reference.

174. Larian denies the allegations of paragraph 174.

175. Larian denies the allegations of paragraph 175.

176. Larian denies the allegations of paragraph 176.

177. Larian denies the allegations of paragraph 177.

178. Larian denies the allegations of paragraph 178.

179. Larian incorporates his responses to paragraphs 1 through 178 by reference.

180. Larian denies the allegations of paragraph 180.

181. Larian denies the allegations of paragraph 181.

182. Larian denies the allegations of paragraph 182.

183. Larian denies the allegations of paragraph 183.

184. Larian denies the allegations of paragraph 184.

185. Larian denies the allegations of paragraph 185.

186.    Larian incorporates his responses to paragraphs 1 through 185 by reference.

187.    Larian denies the allegations of paragraph 187.

188.    Larian denies the allegations of paragraph 188.

189.    Larian denies the allegations of paragraph 189.

190.    Larian denies the allegations of paragraph 190.

191.    Larian denies the allegations of paragraph 191.

192.    Larian incorporates his responses to paragraphs 1 through 191 by reference.

193.    Larian denies the allegations of paragraph 193.

194.    Larian denies the allegations of paragraph 194.

195.    Larian denies the allegations of paragraph 195.

196.    Larian denies the allegations of paragraph 196.

197.    Larian denies the allegations of paragraph 197.

198.    Larian denies the allegations of paragraph 198.

199.    Larian denies the allegations of paragraph 199..

200.    Larian denies the allegations of paragraph 200.

201.    Larian incorporates his responses to paragraphs 1 through 200 by reference.

202.    Larian denies the allegations of paragraph 202.

203.    Larian denies the allegations of paragraph 203.

204.    Larian denies the allegations of paragraph 204.

205.    Larian notes that this claim has been dismissed without leave to amend and therefore no response is required.  To the extent any response is required, Larian incorporates his responses to paragraphs 1 through 204 by reference.

206.    To the extent any response is required to this dismissed claim, Larian denies the allegations of paragraph 206.

1    207.    To the extent any response is required to this dismissed claim,

2    Larian denies the allegations of paragraph 207.

3    208.    To the extent any response is required to this dismissed claim,

4    Larian denies the allegations of paragraph 208.

5    209.    To the extent any response is required to this dismissed claim,

6    Larian denies the allegations of paragraph 209.

7    210.    To the extent any response is required to this dismissed claim,

8    Larian denies the allegations of paragraph 210.

9    211.    To the extent any response is required to this dismissed claim,

10   Larian denies the allegations of paragraph 211.

11   212.    To the extent any response is required to this dismissed claim,

12   Larian denies the allegations of paragraph 212.

13   213.    To the extent any response is required to this dismissed claim,

14   Larian denies the allegations of paragraph 213.

15   214.    Larian notes that this claim has been dismissed without leave to

16   amend and therefore no response is required.  To the extent any response is required,

17   Larian incorporates his responses to paragraphs 1 through 213 by reference.

18   215.    To the extent any response is required to this dismissed claim,

19   Larian denies the allegations of paragraph 215.

20   216.    To the extent any response is required to this dismissed claim,

21   Larian denies the allegations of paragraph 216.

22   217.    To the extent any response is required to this dismissed claim,

23   Larian denies the allegations of paragraph 217.

24   218.    To the extent any response is required to this dismissed claim,

25   Larian denies the allegations of paragraph 218.

26   219.    To the extent any response is required to this dismissed claim,

27   Larian denies the allegations of paragraph 219.

28

1    220.    To the extent any response is required to this dismissed claim,

2    Larian denies the allegations of paragraph 220.

3    221.    To the extent any response is required to this dismissed claim,

4    Larian denies the allegations of paragraph 221.

5    222.    To the extent any response is required to this dismissed claim,

6    Larian denies the allegations of paragraph 222.

7    223.    To the extent any response is required to this dismissed claim,

8    Larian denies the allegations of paragraph 223.

9    224.    Larian notes that this claim has been dismissed without leave to

10   amend and therefore no response is required.  To the extent any response is required,

11   Larian incorporates his responses to paragraphs 1 through 223 by reference.

12   225.    To the extent any response is required to this dismissed claim,

13   Larian denies the allegations of paragraph 225.

14   226.    To the extent any response is required to this dismissed claim,

15   Larian denies the allegations of paragraph 226.

16   227.    To the extent any response is required to this dismissed claim,

17   Larian denies the allegations of paragraph 227.

18   228.    To the extent any response is required to this dismissed claim,

19   Larian denies the allegations of paragraph 228.

20   229.    To the extent any response is required to this dismissed claim,

21   Larian denies the allegations of paragraph 229.

22   230.    To the extent any response is required to this dismissed claim,

23   Larian denies the allegations of paragraph 230.

24   231.    Larian notes that this claim has been dismissed without leave to

25   amend and therefore no response is required.  To the extent any response is required,

26   Larian incorporates his responses to paragraphs 1 through 230 by reference.

27   232.    To the extent any response is required to this dismissed claim,

28   Larian denies the allegations of paragraph 232.

233.    To the extent any response is required to this dismissed claim, Larian denies the allegations of paragraph 233.

234.    To the extent any response is required to this dismissed claim, Larian denies the allegations of paragraph 234.

235.    To the extent any response is required to this dismissed claim, Larian denies the allegations of paragraph 235.

236.    To the extent any response is required to this dismissed claim, Larian denies the allegations of paragraph 236.

237.    To the extent any response is required to this dismissed claim, Larian denies the allegations of paragraph 237.

238.    Larian incorporates his responses to paragraphs 1 through 237 by reference.

239.    Larian admits that there is an actual controversy created by Mattel's claim to ownership of Bratz.  Otherwise, the allegations of paragraph 239 are denied.

240.    Larian agrees that the Court should make a declaration as to the true owner of Bratz—MGA.  Otherwise, the allegations of paragraph 240 are denied.

241.    Larian agrees that the Court should make a declaration as to the true owner of Bratz—MGA.  Otherwise, the allegations of paragraph 241 are denied to the extent any further response is required.

242.    Larian denies that Mattel has any rights as a creditor, or otherwise, and denies the allegations of paragraph 242 to the extent any further response is required.

243.    Larian agrees that the Court should make a declaration as to the true owner of the trademark Moxie Girlz—MGA.  Otherwise, the allegations of paragraph 243 are denied to the extent any further response is required.

**AFFIRMATIVE DEFENSES**

Without admitting any wrongful conduct on the part of Larian or any other Counter-Defendant, and without admitting that Mattel suffered any loss, damage, or injury, Larian hereby alleges the following affirmative defenses to the remaining Counterclaims that have not already been dismissed by the Court.  By designating the following as affirmative defenses, Larian does not in any way waive or limit any defenses which are or may be raised by their denials, allegations, and averments set forth herein.  Larian also does not, by alleging any affirmative defense, admit that Mattel does not have the burden of proof for any or all facts and/or legal conclusions underlying any of those defenses.  These defenses are pled in the alternative, and are raised to preserve the rights of Larian to assert such defenses, and are raised without prejudice to their ability to raise other and further defenses.

Additionally, as noted above, Larian has objected to Mattel's definition of Mattel throughout its counterclaims to include Mattel Mexico.  The only claim reasonably pled by Mattel Mexico as a plaintiff, as opposed to by Mattel Inc., is the trade secret misappropriation claim.  These affirmative defenses are pled accordingly.  If, however, Mattel intended to plead more than the trade secret claim on behalf of Mattel Mexico, then Larian hereby asserts all such additional defenses against any other claim of Mattel Mexico as may be applicable at law or in equity.

**FIRST AFFIRMATIVE DEFENSE**

(Failure to State a Claim)

Mattel and Mattel Mexico's counterclaims fail to state a claim against Larian upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

(Unclean Hands)

Mattel and Mattel Mexico's counterclaims are barred in whole or in part by Mattel and Mattel Mexico's unclean hands and wrongful acts.

**THIRD AFFIRMATIVE DEFENSE**

(Laches)

Mattel and Mattel Mexico's counterclaims are barred by the doctrine of laches.

**FOURTH AFFIRMATIVE DEFENSE**

(Statute of Limitations)

Mattel and Mattel Mexico's counterclaims are barred by the applicable statutes of limitations, including but not limited to, 17 U.S.C. § 507(b), and Code of Civil Procedure §§ 337, 339, 343 and 338(c).

**FIFTH AFFIRMATIVE DEFENSE**

(No Direct Infringement)

Because MGA is not a direct infringer by reason of the defenses set forth in its Reply, Larian cannot be held liable for inducement to infringe, contributory infringement, or vicarious infringement.

**SIXTH AFFIRMATIVE DEFENSE**

(Spoliation of Evidence and Obstruction of Justice)

Mattel's claims are barred in whole or in part by Mattel's spoliation of evidence and obstruction of justice.

**SEVENTH AFFIRMATIVE DEFENSE**

(Acts or Omissions of Others)

Mattel and Mattel Mexico's damages, if any, were not caused by Larian and are not attributable to any unlawful acts or omissions of Larian.

**EIGHTH AFFIRMATIVE DEFENSE**

(Estoppel)

Mattel's counterclaims are barred in whole or in part by the doctrine of estoppel.

**NINTH AFFIRMATIVE DEFENSE**

(Acquiescence)

Mattel's counterclaims are barred in whole or in part by its own acquiescence.

## TENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

Larian denies that Mattel or Mattel Mexico suffered any damages, but even if they did, then they also failed to take reasonable steps to mitigate those purported damages.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Comparative Fault)

Larian denies that Mattel or Mattel Mexico suffered any damages, but even if they did, any recovery by Mattel or Mattel Mexico is barred or must be reduced as a result of their comparative fault.

## TWELFTH AFFIRMATIVE DEFENSE

### (Good Faith Improver)

Larian denies that Mattel is entitled to any equitable relief or profits, but even if it is, MGA is a good faith improver to any idea or property conveyed to Mattel and is entitled to be compensated for the value of that improvement as a condition of any transfer.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Setoff)

To the extent that Larian contributed to the value of anything that is requested to be transferred, Larian is a good faith improver and, to the extent that Larian has been harmed by Mattel's wrongful injunction, Larian is entitled to a setoff of any damages or other monetary relief awarded to Mattel.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Duplicative Recovery)

If the Court does not vacate the Phase 1 verdicts in their entirety as Larian believes is required by the July 22 Ninth Circuit Opinion, then any monetary recovery by Mattel on the counterclaims in Phase 2 is barred as duplicative of the Phase 1 verdicts, and must be setoff against them.

1

## FIFTEENTH AFFIRMATIVE DEFENSE

2

### (Waiver)

3

Mattel's counterclaims are barred in whole or in part by waiver.

4

## SIXTEENTH AFFIRMATIVE DEFENSE

5

### (Information Readily Ascertainable)

6

Larian cannot be liable for misappropriation of information that was readily

7

ascertainable by proper means at the time of the alleged acquisition or use.

8

## SEVENTEENTH AFFIRMATIVE DEFENSE

9

### (Illegal Conduct/Fraud)

10

Mattel's claims are barred in whole or in part by Mattel's own illegal conduct

11

and/or fraud.

12

## EIGHTEENTH AFFIRMATIVE DEFENSE

13

### (Competition Privilege/Justification)

14

Mattel's counterclaims are barred in whole or in part on the grounds that the

15

acts of Larian were lawful competition or justified.

16

## NINETEENTH AFFIRMATIVE DEFENSE

17

### (Employee Right Of Mobility)

18

In violation of California law and public policy, as reflected, e.g., in California

19

Business & Professions Code section 16600, Mattel is seeking, through its claims and

20

its interpretations of employee contracts to unlawfully restrain employee mobility.

21

Mattel's interpretation of its Inventions Agreement and its attempt to obtain specific

22

relief based upon that Agreement violates Business and Professions Code §16600.

23

## TWENTIETH AFFIRMATIVE DEFENSE

24

### (Mattel's Bad Faith Claim Of Misappropriation)

25

Mattel's claims of misappropriation of trade secrets are brought and have been

26

maintained in bad faith.

27

28

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Good Faith)

Mattel's counterclaims are barred in whole or in part because Larian acted in good faith.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Lack of Authority)

Mattel's counterclaims are barred in whole or in part on the grounds that to the extent any person committed an unlawful or tortious act, the person lacked authority to commit such act on behalf of MGA, and therefore such acts cannot be imputed to Larian.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Lack of Standing)

Mattel's counterclaims are barred in whole or impart by its lack of standing.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Joinder in Defenses of Co-Defendants)

Larian hereby adopts and incorporates by reference any and all other affirmative defenses that have been or will be asserted by any other defendant or counter-defendant (including Bryant) in this litigation to the extent that defendants may share in such affirmative defenses.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Preemption by California Uniform Trade Secrets Act)

Mattel's state law counterclaims are preempted by the California Uniform Trade Secrets Act ("CUTSA"), Cal. Civ. Code § 3426 *et seq.*, because they are based on the same nucleus of facts as Mattel's Fourth Counterclaim for Misappropriation of Trade Secrets under the CUTSA.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Preemption by Copyright Act)

Some or all of Mattel's claims are preempted by the Copyright Act, 17 U.S.C.

1  §§ 101 *et seq.*

2  ## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

3  (*Res Judicata* and Collateral Estoppel (Fed. R. Civ. Proc. 8(c)(1))

4  If the Court does not vacate the Phase 1 verdicts in their entirety as Larian

5  believes is required by the July 22 Ninth Circuit Opinion, then Mattel's Phase 2

6  counterclaims are barred in whole or in part by the doctrines of *res judicata* and

7  collateral estoppel as a result of the Phase 1 proceedings.

8  ## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

9  (Lack of Jurisdiction)

10  Mattel's claims, including without limitation its claims based upon alleged

11  extra-territorial acts, are barred in whole or in part by lack of subject matter

12  jurisdiction.

13  ## TWENTY-NINTH AFFIRMATIVE DEFENSE

14  (Undiscovered Defenses)

15  Larian has insufficient basis or information upon which to form a belief as to

16  whether additional defenses are available.  Larian reserves the right to assert any

17  further or additional defenses upon receiving more complete information regarding

18  the matters alleged in the Counterclaims, through discovery or otherwise.

19  ## PRAYER FOR RELIEF

20  WHEREFORE, Isaac Larian ("Larian") prays for relief as follows:

21  a.      On the Reply, that judgment be entered in favor of Larian and against

22  Counterclaimants Mattel and Mattel Mexico on the FAAC and that the FAAC be

23  dismissed without leave to amend;

24  b.      On the Reply, that Larian recover its costs of suit;

25  c.      On the Reply, that Larian recover its attorneys fees pursuant to statute

26  under 17 U.S.C. 505 and Cal. Civ. Code 3426.4;

27  d.      On the Reply, a declaration that MGA is the true owner of the Bratz

28  intellectual property and Moxie Girlz trademarks;

e.       On all pleadings in these consolidated actions, that Mattel be ordered to pay the full costs of this action, including all fees paid to Court-ordered Monitors, Discovery Masters, and Rule 706 Experts; and

f.       That Larian be awarded such other and further relief as the Court may deem just and proper.


Dated:  August 16, 2010                    ORRICK, HERRINGTON & SUTCLIFFE LLP


By:  _____ */s/ Annette L. Hurst*_____ __
                    Annette L. Hurst
     Attorneys for the MGA Parties and IGWT 826
                  Investments, LLC

1

## **DEMAND FOR JURY TRIAL**

2

Isaac Larian respectfully requests a jury trial on all issues triable thereby.

3

4   Dated:  August 16, 2010        ORRICK, HERRINGTON & SUTCLIFFE LLP

5

6                        By: _____*/s/ Annette L. Hurst*_____

7                             Annette L. Hurst
                 Attorneys for the MGA Parties and IGWT 826

8                           Investments, LLC

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28