1   QUINN EMANUEL URQUHART & SULLIVAN, LLP
      John B. Quinn (Bar No. 090378)
2      (johnquinn@quinnemanuel.com)
      Michael T. Zeller (Bar No. 196417)
3      (michaelzeller@quinnemanuel.com)
      Jon D. Corey (Bar No. 185066)
4      (joncorey@quinnemanuel.com)
    865 South Figueroa Street, 10th Floor
5   Los Angeles, California  90017-2543
    Telephone:  (213) 443-3000
6   Facsimile:   (213) 443-3100

7   Attorneys for Mattel, Inc. and
    Mattel de Mexico, S.A. de C.V.

8

9                UNITED STATES DISTRICT COURT

10            CENTRAL DISTRICT OF CALIFORNIA

11                    SOUTHERN DIVISION

12  | MATTEL, INC., a Delaware corporation, | CASE NO. CV 04-9049 DOC (RNBx) |
    | | Consolidated with |
13  | | Case No. CV 04-09059 |
    | | Case No. CV 05-02727 |
14  | Plaintiff, | |
    | | Hon. David O. Carter |
    | vs. | |
15  | | **MATTEL, INC.'S OPPOSITION TO** |
16  | MGA ENTERTAINMENT, INC., a California corporation, et al., | **MGA MEXICO'S MOTION FOR PROTECTIVE ORDER FROM** |
17  | | **MATTEL, INC.'S SECOND PHASE 2** |
    | Defendant. | **NOTICE OF DEPOSITION OF MGA** |
18  | | **MEXICO PURSUANT TO FED. R. CIV.** |
    | AND CONSOLIDATED ACTIONS | **P. 30 (B)(6)** |
19  | | |
20  | | Date:    TBD |
    | | Time:    TBD |
    | | Place:   Courtroom 9D |
21
22                                    **Phase 2**
                                       Discovery Cut-off:        October 4, 2010
23                                     Pre-trial Conference:     January 4, 2011
                                       Trial Date:                  January 11, 2011
24

25

26

27

28

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ..................................................................................... 1

STATEMENT OF FACTS ............................................................................................ 1

ARGUMENT ............................................................................................................... 2

I.      TESTIMONY OF LAY WITNESSES IS NOT A SUBSTITUTE FOR TESTIMONY BINDING UPON A CORPORATE PARTY ........................... 2

II.     THE TOPICS IN MATTEL'S SECOND PHASE 2 NOTICE ARE NOT UNREASONABLY DUPLICATIVE ....................................................... 4

     A.    Topic Nos. 1, 3 and 14:  Isaac Larian's Role with MGA Mexico and Personal Jurisdiction ................................................................. 4

     B.    Topic Nos. 2, 5:  MGA's Financial Assistance of MGA Mexico ........... 6

     C.    Topic Nos. 6-9:  Location and Identification of Certain Hard Drives and Computer Memory Related Items ....................................... 7

     D.    Topic Nos. 10-11:  MGA Mexico's Knowledge of Spoliation or Concealment of Evidence ................................................................... 9

     E.    Topic No. 12:  MGA Mexico's Efforts to Interfere with Mattel's Settlement with Certain Defendants in the Mexico Proceeding ........... 10

     F.    Topic No. 13: MGA Mexico's Knowledge of Former Mattel Employees' Obligations to Mattel ......................................................... 11

     G.    Topic No. 15:  MGA Mexico's Most Recent Net Worth ...................... 12

     H.    Topic No. 16:  Ownership of MGA Mexico's Alleged Intellectual Property ............................................................................................. 13

     I.    Topic No. 17 Seeks Relevant and Easily Accessible Information Concerning MGA Mexico's Agreements Governing Ownership of Original Works and Inventions and the Use of Information that MGA Mexico Believes to Be Confidential .................................. 16

III.    MGA MEXICO'S DEPOSITION IS NOT PRECLUDED BY THE AUGUST 10, 2010 ORDER SETTING PRE-TRIAL DATES ..................... 18

CONCLUSION ........................................................................................................ 18

# TABLE OF AUTHORITIES

**Page**

## Cases

Appleton Papers Inc. v. George A. Whiting Paper Co.,
    2009 WL 2870622 (E. D. Wis. 2009) ..................................................... 3

Cipollone v. Liggett Group, Inc.,
    785 F.2d 1108 (3d Cir. 1986) ............................................................. 17

CSX Trans., Inc. v. Vela
    No. 06-0112, 2007 WL3334966 (S.D. Ind. Nov. 8, 2007) ............................... 3, 4

Cummings v. General Motor Corp.,
    2002 WL 32713320 (W.D. Okla. June 18, 2002) ........................................ 5

DVD Copy Control Ass'n Inc. v. Bunner,
    116 Cal. App. 4th 241 (2004) ............................................................. 16

Gossar v. Soo Line R.R. Co.,
    2009 WL 3570335 (S.D. Ind. Oct. 27, 2009) ......................................... 3, 4

McCormick-Morgan, Inc., v. Teledyne Indus., Inc.,
    134 F.R.D. 275 (N.D. Cal. 1991) ..................................................... 3, 15

MedImmune, LLC v. PDL Biopharma, Inc.,
    2010 WL 2382262 (N.D. Cal. June 10, 2010) .......................................... 17

Mitchell Eng'g v. City and County of San Francisco,
    2010 WL 455290 (N.D. Cal. Feb. 2, 2010) ............................................. 3

Oakes v. Halvorsen Marine Ltd.,
    179 F.R.D. 281 (C.D. Cal. 1998) ....................................................... 10

Religious Tech. Ctr., v. Netcom On-line Communication Servs., Inc.,
    923 F. Supp. 1231 (N.D. Cal. 1995) ................................................... 16

Smithkline Beecham Corp., et al. v. Apotex Corp., et al,
    2000 WL 116082 (N.D. Ill. Jan. 24, 2000) ............................................. 15

U.S. v. City of Torrance,
    164 F.R.D. 493 (C.D. Cal. 1995) ........................................................ 5

UniRAM Tech., Inc. v. Monolithic Sys. Tech., Inc.,
    2007 WL 915225 (N.D. Cal. Mar. 23, 2007) ......................................... 2, 4

United States v. Boeing Co.,
    2010 WL 1408596 (D. Kan. Apr. 1, 2010) ............................................. 17

1

<u>Wilkins v. Maricopa County,</u>
  2010 WL 2231909 (D. Ariz. June 2, 2010) ........................................................ 10

2

3

**<u>Statutes</u>**

4

<u>Cal. Civ. Code</u> § 3426.1(b)(1) ........................................................................... 12

5

<u>Cal. Civ. Code</u> § 3426.1(b)(2)(B)(iii) ................................................................ 12

6

<u>Cal. Civ. Code</u> § 3426.1 (d)(2) ......................................................................... 16

7

<u>Cal. Civ. Code</u> § 3426.3 (a) ............................................................................... 6

8

<u>Fed. R. Civ. P.</u> 26(b)(1) ................................................................................... 10

9

<u>Fed. R. Civ. P.</u> 30(b)(6) ................................ 1, 3, 4, 5, 6, 9, 10, 12, 14, 15, 17, 18

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

### Preliminary Statement

None of MGA Mexico's three arguments justify the protective order that it seeks. First, MGA Mexico argues that Mattel has deposed a prior corporate designee for days. This is true.  Mattel needed those "days" of testimony due to MGA Mexico's obstructionism, lack of preparation and willful disregard of information about the search of its offices and the Mattel documents found there.  Mattel obtained three orders compelling their additional testimony.  Dkt Nos. 7337, 7575, 7762.

Second, MGA Mexico argues that because the prior deposition of MGA Mexico's designee took so long, the topics in Mattel's Second Phase 2 Notice are necessarily duplicative.  Again, MGA Mexico is wrong.  Whether a topic seeks duplicative testimony requires a topic by topic examination.  As Mattel explains below, the topics in the Second Phase 2 Notice are not duplicative.

Finally, MGA Mexico argues that it should be excused from providing a corporate designee because Mattel has deposed lay witnesses whose testimony touched upon the subjects in the Second Phase 2 Notice.  MGA Mexico cites no duplicative specific lay witness testimony.  More importantly, MGA Mexico does not agree that the testimony of Machado, Vargas, Trueba and Kuemmerle (in her individual capacity) is binding upon it.  Absent such an agreement or finding, by definition their testimony is not duplicative.  Mattel, as the law provides and as the Court has ruled, is entitled to testimony from a corporate designee that binds MGA Mexico.

MGA Mexico's Motion should be denied and a designee compelled to testify.

### Statement of Facts

Mattel Notices the Deposition of MGA Mexico.  On July 9, 2010, Mattel served its Notice of Deposition of MGA de Mexico S.R.L. de C.V. Pursuant to Federal Rule of Civil Procedure 30(b)(6) (Second Phase 2 Notice) (the "Initial Notice").  At MGA Mexico's request to allow the parties to have additional time to meet and confer on the noticed topics, Mattel served its Amended Notice of Deposition of MGA de Mexico

S.R.L. de C.V. Pursuant to <u>Federal Rule of Civil Procedure</u> 30 (b) (6) (Second Phase 2 Notice) (the "Amended Notice") on July 19, 2010, noticing the deposition for August 3, 2010.[1]  MGA Mexico served its objections to the Initial Notice on July 28, 2010.  MGA never served objections to the Amended Notice.

<u>MGA Failed to Comply With the Court-Ordered Lead Counsel Meet and Confer Requirements Prior to Bringing Its Motion.</u>  Pursuant to the Court's June 7, 2010 Order, "all four lead counsel shall meet and confer before the filing of any . . . written motions."[2]  Here, no such meeting occurred.[3]  MGA Mexico's "Certification of Compliance" does not include a statement confirming compliance with the Court's June 7, 2010, Order, contrary to the Order's express direction.[4]

**<u>Argument</u>**

**I.    TESTIMONY OF LAY WITNESSES IS NOT A SUBSTITUTE FOR TESTIMONY BINDING UPON A CORPORATE PARTY**

The primary basis for MGA Mexico's Motion is that testimony sought would be duplicative.  The <u>Rules</u>, however, permit a protective order only when the discovery sought is "*unreasonably* cumulative or duplicative."  <u>Rule</u> 26(b)(2)(C)(i) (emphasis added); <u>see</u> <u>also</u> <u>UniRAM Tech., Inc. v. Monolithic Sys. Tech., Inc.</u>, 2007 WL 915225 at *2 (N.D. Cal. Mar. 23, 2007) (proper inquiry is not whether the noticed topic is duplicative, but whether it is "*unreasonably* duplicative") (emphasis in original).

---

[1]    Attachment A.

[2]    Order Directing Meet and Confer Efforts Between Lead Counsel, June 7, 2010, Dkt. No. 8085.

[3]    The haste with which MGA México's motion was filed is apparent from the Notice of Motion.  The Notice claims the motion is made on the grounds that "Topics 1-16 and 18-20 in Mattel's Notice of Deposition are unreasonably duplicative . . . and Topic 20 is impermissibly overbroad . . .."  (Notice of Motion at 1:9-12).  Mattel's Notice, however, contains only Topic Nos. 1-17.  The "grounds," therefore, for MGA Mexico's motion are nonexistent.

[4]    Order Directing Meet and Confer Efforts Between Lead Counsel, June 7, 2010, Dkt. No. 8085, pp. 1-2.

MGA Mexico argues that Mattel is not entitled to depose an MGA Mexico designee because Mattel asked questions within the scope of the topics to Machado, Vargas, and Trueba.[5]  (Motion at 7).  The Motion provides no citation to any allegedly duplicative testimony, leaving its argument without factual support.  The Court should not permit MGA Mexico to try to remedy this omission with new evidence on reply.

Independently, MGA Mexico does not agree that the testimony of Machado, Vargas or Trueba is binding upon it.[6]  It is therefore not duplicative.  "Even if the general topics to be addressed at the 30(b)(6) deposition will overlap to some extent [from prior individual depositions], the questions asked and the answers given might not."  Mitchell Eng'g v. City and County of San Francisco, 2010 WL 455290 at *1 (N.D. Cal. Feb. 2, 2010) (granting motion to compel 30(b)(6) testimony regardless of potential for overlap with prior individual testimony); see Appleton Papers Inc. v. George A. Whiting Paper Co., 2009 WL 2870622 *2 (E. D. Wis. 2009) ("Corporate designees are commonly produced, and no doubt some of their testimony may be a re–hash of what's been covered elsewhere, but their testimony is the testimony of the corporation itself, and for that reason alone it may not be duplicative.").  Mattel is entitled to a corporate designee.

MGA Mexico's cases, Gossar, McCormick-Morgan, and CSX Transport, are distinguishable.  In McCormick-Morgan, Inc., v. Teledyne Indus., Inc., 134 F.R.D. 275, 286-87 (N.D. Cal. 1991), the court ordered that neither party be deposed concerning the bases for the other's contentions but instead provide responses to contention interrogatories, noting that "[p]atent cases turn peculiarly on a conceptually dense

---

[5]  MGA Mexico claims multiple days of depositions by various witnesses, but neglects to mention that Machado spent two days of those refusing to answer any questions under non-existent Fifth Amendment rights and Trueba did so for one of those days as well.  In addition, MGA, not Mattel, was the questioning party for some of those days.

[6]  Mattel will establish that it is as a matter of law, but that is an issue beyond the scope of this Motion.

dynamic between physical objects, words in claims, and principles of law."  In contrast, the Court has prioritized deposition testimony in this case.[7]  In Gossar v. Soo Line R.R. Co., 2009 WL 3570335, *6 (S.D. Ind. Oct. 27, 2009), the Magistrate Judge granted a protective order because the propounded Rule 30(b)(6) testimony was neither proper nor efficient.  Id. at *6.  In CSX Trans., Inc. v. Vela, unlike here, sworn interrogatory responses disclosed the same information sought regarding an accident site. No. 06-0112, 2007 WL3334966, at *3 (S.D. Ind. Nov. 8, 2007).

## II.   THE TOPICS IN MATTEL'S SECOND PHASE 2 NOTICE ARE NOT UNREASONABLY DUPLICATIVE

### A.   Topic Nos. 1, 3 and 14:  Isaac Larian's Role with MGA Mexico and Personal Jurisdiction

Topic No. 1 seeks:

The timing, nature and extent of YOUR business dealings, operations and activities in and contacts with the United States, including without limitation the State of California and the Central District of California, from 2004 to the present.

Topic No. 3 seeks

The timing, nature and extent of LARIAN's relationship to, and direct or indirect control over, YOU.

Topic No. 14 seeks:

YOUR uses of the instrumentalities of interstate commerce.

Topic No. 1 is not unreasonably duplicative.  See UniRAM, 2007 WL 915225, at *2.  MGA Mexico points to not one piece of Rule 30(b)(6) testimony uttered by a designee regarding MGA Mexico's contacts with this District.  The best that MGA Mexico conjures is Topic No. 37, the factual basis for its affirmative defenses.  MGA Mexico, at the time of the deposition on Topic No. 37, had thirty-four affirmative

[7]   August 3, 2010 Order, Dkt. No. 8459 at 5 ("The Court has long prioritized depositions over written discovery for the very reason that testimonial evidence about MGA's use of Mattel trade secrets is less costly and burdensome and, in addition, narrowly tailored to the subject matter.").

defenses alleged.[8]  Now, MGA Mexico claims Mattel missed its chance.[9]  That, however, is not the law.  Mattel is entitled to obtain evidence on these issues – that is the purpose of discovery.[10]

MGA Mexico refuses to provide testimony on Topic No. 3 because, it alleges, "Mattel has previously sought testimony on these topics," and Mattel has had "ample discovery on these topics." (Motion at 11:23-25).  Not so.  Topic No. 3, regarding Larian's day-to-day relationship with and control over MGA Mexico, relates to Mattel's alter ego[11] and RICO conspiracy claims.  Knowledge of the legal relationship between and corporate structure of MGA vis-a-vis MGA Mexico – the testimony sought in Topic No. 50 – sheds little light on Larian's practical, day-to-day conduct, leadership, and direction over MGA Mexico.  MGA Mexico has never provided a witness on that subject.

---

[8]  MGA Mexico Tr. 839:21-842:2; Dep. Exh. 6815 ("MGA's Supplemental Response to Mattel, Inc.'s Second Amended Supplemental Interrogatory Regarding Defendants' Affirmative Defenses").

[9]  Cummings v. General Motor Corp., 2002 WL 32713320, *6 (W.D. Okla. June 18, 2002), does not apply here.  In the cited portion of the case the plaintiffs served a facially defective deposition notice identifying deponents by category "designers and release engineers" and that purported to identify them as persons that the deponent must produce to provide deposition testimony binding on the corporation.  Id.  In other words, the notice was not enforceable.  In dicta, the Court held that the defective notice was also duplicative because the defendants had proven and plaintiffs conceded that a corporate representative responding to a prior Rule 30(b)(6) notice would have provided responsive information.  Here, defendants have offered no such proof and Mattel makes no such concession.  Mattel seeks, through a proper Rule 30(b)(6) deposition notice, MGA Mexico's testimony on subjects not previously sought nor obtained.

[10]  U.S. v. City of Torrance, 164 F.R.D. 493, 495 (C.D. Cal. 1995) ("The purpose of discovery is to remove surprise from trial preparation so the parties can obtain evidence necessary to evaluate and resolve their dispute.")

[11]  MGA Mexico admits and Kuemmerle testified most recently that MGA Mexico was basically winding down its business, i.e., making it judgment proof.  Motion at 4:26-27 (discussing staff reduction and office closure); Kuemmerle Tr. at 936:8-16.

MGA Mexico claims that Topic No. 14 is "vague and overbroad." (Motion at 12:24-13:1). Not so. "Instrumentalities of interstate commerce" is a well-understood phrase. Indeed, MGA objected to an identical topic on these grounds in a notice directed to MGA. The Court properly overruled that objection.[12]

## B.   Topic Nos. 2, 5:  MGA's Financial Assistance of MGA Mexico

Topic No. 2 seeks:

The nature and extent of YOUR commercial, financial or other obligations that MGA satisfied or helped satisfy between 2004 and the present.

Topic No. 5 seeks:

The source and amount of funding used by YOU for creation, operations and payments of expenses and other obligations before March 31, 2005, including but not limited to (1) any transfers of value from MGA to YOU, including the amount, date, source company, source account holder and source account number; (2) the identification of the bank or banks and any account or accounts (by number) used by YOU to hold and/or disperse funds for any purpose; and (3) any transfers of value from MGA on YOUR behalf to any creditor of YOU, including the amount, date, source company, source account holder, and source account number of any such transfer and the identity of any such creditor.

MGA Mexico's sole complaint is that these Topics are cumulative and duplicative of prior Rule 30(b)(6) deposition topics. (Motion at 8). As explained previously, MGA Mexico cannot show that these topics are *unreasonably* cumulative or duplicative. Topic Nos. 2 and 5 seek testimony regarding the cost savings realized by MGA and MGA Mexico due to the hiring Mattel personnel who brought with them Mattel trade secrets. If MGA and MGA Mexico saved money by hiring persons who stole and used Mattel trade secrets to start up MGA Mexico, i.e., unjustly enriching them, then those are damages that Mattel may seek to recover.[13] See Cal. Civ. Code § 3426.3 (a). Mattel has not taken testimony on this topic.

---

[12]   June 14, 2010 Order, Dkt. No. 8104 at 7.
[13]   Mattel attempted to reach an agreement on Topic No. 5. MGA Mexico told Mattel that it might be possible to have a deponent testify about payments and the flow of money to and from parent and subsidiary. MGA Mexico said that it would consider having someone testify on that limited topic. Mattel's counsel stated that this issue could possibly be resolved by talking to MGA Mexico's accounting department and

MGA Mexico claims that prior Topic Nos. 40, 44, and 48 cover Topic Nos. 2 and 5. For the benefit of the Court, Mattel reproduces the complete topics here in full rather than the snippets quoted by MGA:

> Topic No. 40: YOUR revenues and profits, including gross, net and incremental profits, from the sale of each BRATZ PRODUCT sold by YOU or YOUR licensees.

> Topic No. 44: YOUR cost allocation procedures.

> Topic No. 48: YOUR monthly, quarterly and annual financial reports, including financial statements (both audited and unaudited) from January 1, 2004 through the present, inclusive.

These topics go to the profitability of MGA Mexico, including the profits it earned on individual products, not financial relationships, loans, support, capital, and flow of funds, etc. between the two parties, MGA and MGA Mexico. Mattel seeks that information by Topic Nos. 2 and 5.

## C.   Topic Nos. 6-9:  Location and Identification of Certain Hard Drives and Computer Memory Related Items

Topic No. 6 seeks:

The location and identification of all KUEMMERLE, MACHADO, VARGAS and TRUEBA hard drives from computers provided by or known to MGA.

Topic No. 7 seeks:

The location and identification of all images of KUEMMERLE, MACHADO, VARGAS and TRUEBA hard drives from computers provided by or known to MGA, including the date that the image was created.

Topic No. 8 seeks:

The location and identification of all KUEMMERLE, MACHADO, VARGAS and TRUEBA USB drives, portable hard drives and removable media that were connected at any time to any MATTEL or MGA computer.

perhaps having a witness testify about those numbers. MGA Mexico agreed to get back to Mattel on whether that would be possible. MGA Mexico's counsel never responded.

Topic No. 9 seeks:

> The location and identification of all images of KUEMMERLE, MACHADO, VARGAS and TRUEBA USB drives, portable hard drives and removable media, including the date that each image was created.

Mattel will accept MGA Mexico's offer to provide "a list" of the "electronic materials that are or were within the possession of Kuemmerle, Machado, Trueba, and Vargas" if the list includes the information requested: for each hard drive, image or media location, identifying number, date created, owner or custodial party, and whether connected to Mattel or MGA computer. (Motion, 11:13-16). A mere listing, however, is not enough. Mattel should be entitled to inquire about the list. The Court has indicated a preference for deposition testimony over written discovery.[14]

MGA Mexico complains that Topic Nos. 6-9 are cumulative and duplicative. (Motion at 9). MGA Mexico makes no showing that these topics are *unreasonably* cumulative or duplicative. Mattel has never sought nor received testimony from MGA Mexico regarding the location, collection or imaging of the requested media. MGA Mexico claims that these Topics are duplicative of topics on which Mr. Small was deposed. Not so. MGA Mexico designated Mr. Small to testify concerning Topic Nos. 1, 2, 3, 5, 6, 7, 8 and 27 (to a "limited extent") in Mattel's prior notice to MGA Mexico. Small Tr. 1012:17-1013:13. These Topics concern MGA Mexico's knowledge of Mattel products, its knowledge, receipt or use of Mattel information, and the documents seized by the Mexican authorities. These Topics do not cover the location and identification of witness hard drives.

The topics listed by MGA Mexico for which it claims it designated Ms. Kuemmerle do not address the specifics of Topic Nos. 6-9. Although Ms. Kuemmerle was asked basic questions about the CDs and USB drives, she had little to no responsive information.[15] The topics are not duplicates.

---

[14] August 3, 2010 Order, Dkt. No. 8459 at 5.
[15] Kuemmerle Tr. 270:15-21, 279:10-282:12, 1634:14-1645:1.

MGA Mexico claims that the Court's February 25, 2010 order compelling additional MGA Mexico <u>Rule</u> 30(b)(6) testimony precludes Mattel from pursuing these topics.  But the subject matter of that order was limited to the Mattel information discovered in MGA Mexico's offices.  Dkt. No. 7575 at 2.  The Order did not address pre-search or post-search location or identification of witnesses' media.

### D.   <u>Topic Nos. 10-11:  MGA Mexico's Knowledge of Spoliation or Concealment of Evidence</u>

Topic No. 10 seeks:

YOUR knowledge of intentional spoliation and/or concealment of DOCUMENTS and other evidence in connection with this action, including the destruction of MATTEL information on or after the day on which it was searched for.

Topic No. 11 seeks:

MACHADO, VARGAS and TRUEBA's knowledge of intentional spoliation and/or concealment of DOCUMENTS and other evidence in connection with this action, including the destruction of MATTEL information on or after the day a search warrant was executed at YOUR offices.

Mattel has no testimony from MGA Mexico regarding spoliation of evidence.  When asked, MGA Mexico disclaimed knowledge of any spoliation.[16]  Yet, Mattel knows from later testimony that such spoliation occurred.  Vargas destroyed stolen Mattel documents at his house.[17]  Machado destroyed stolen Mattel documents at his house.[18]  Machado deleted stolen Mattel electronic files off of his computer.[19]  Machado conveniently lost the USB drive or drives used to steal Mattel's trade secrets.[20]  Machado donated the laptop used to store the stolen Mattel trade secrets to his father, who rendered it unreadable then disposed of it.[21]  MGA Mexico designees testified to none of this.  Mattel is entitled to a corporate designee on these topics.

---

[16]  MGA Mexico Tr. 942:19-24 (Kuemmerle as 30(b)(6) designee).
[17]  Vargas Tr. 255:9-256:3.
[18]  Machado Tr. 782:22-783:2.
[19]  Machado Tr. 224:1-225:16; Vargas Tr. 250:23-252:16, 254:4-255:8.
[20]  Machado Tr. 218:10-12.
[21]  Machado Tr. 219:17-222:13.

00505.07975/3636752.1

### E.   Topic No. 12:  MGA Mexico's Efforts to Interfere with Mattel's Settlement with Certain Defendants in the Mexico Proceeding

Topic No. 12 seeks:

Efforts by YOU or MGA to  dissuade, prevent or interfere with any potential settlement or settlement of the MEXICAN PROCEEDINGS between, on the one hand, MACHADO, VARGAS and/or TRUEBA, and, on the other hand, MATTEL.

MGA Mexico argues that Topic No. 12 is "not relevant to any of the claims in the case."  (Motion at 13:12).  The noticed topic seeks information relevant to at least witness tampering, RICO, and bias.  See Fed. R. Civ. P. 26(b)(1); see also Oakes v. Halvorsen Marine Ltd., 179 F.R.D. 281, 283 (C.D. Cal. 1998) ("A request for discovery should be considered relevant if there is any possibility that the information sought may be relevant to the subject matter of this action.") (citation omitted).

MGA Mexico objects to providing testimony on this topic because "MGA México has no influence over either the criminal proceedings or over Machado, Trueba and Vargas," and "MGA Mexico has not 'interfered' with the Mexican Proceedings." Motion at 13:13-15.  Mattel does not have to take MGA Mexico at its word.  Mattel is entitled to take discovery to see if evidence supports its denials.  See Wilkins v. Maricopa County, 2010 WL 2231909, at *4 (D. Ariz. June 2, 2010) (ordering additional discovery to allow one party to test another party's claim and noting that "a party's credibility is always relevant.").

MGA Mexico knows what it, and its agents, did.  It has paid Mexican lawyers Cesar Prieto[22] and others at Franco & Franco[23] for activities in Mexico.  During the deposition of Mr. Machado, when asked about threats or interference by MGA, including threats to not settle with Mattel, he was instructed not to answer questions

---

[22]   MGA Entertainment, Inc.'s Ex Parte Application for Leave to File Declaration of Cesar Prieto in Opposition to Mattel's Motion to Amend Protective Order, Dkt. No. 6834, Exhibit A.

[23]   MGA Mexico 30(b)(6) deposition, December 7, 2009, at 29:7-13.

based on privilege.[24]  Here, however, MGA Mexico makes no claim of privilege in its motion for protective order, and has therefore waived.[25]

MGA Mexico asserts that it should be excused from providing a corporate designee to testify on Topic No. 12 because "Mattel has deposed Machado, Trueba, and Vargas each on this issue and no one has identified any actions on behalf of MGA Mexico designed to 'interfere' with the Mexican proceedings."  (Motion at 13:16-18). Again, MGA Mexico points to no such testimony.  MGA Mexico summarily claims, "[a]ccordingly, the testimony that Mattel obtained from the three individuals on this topics [sic] is the extent of the information available on this topics [sic]."  (Motion at 13:18-20).  MGA Mexico fails to explain how individuals would know the full extent of MGA Mexico's acts.  And, again, individual witnesses cannot replace a corporate designee.

**F.    Topic No. 13: MGA Mexico's Knowledge of Former Mattel Employees' Obligations to Mattel.**

Topic No. 13 seeks:

YOUR knowledge of and COMMUNICATIONS RELATING TO the obligations of MATTEL employees to MATTEL, including without limitation with respect to confidentiality and ownership of inventions.

MGA Mexico's sole objection to this topic is that it is cumulative and duplicative, conceding its relevance.  (Motion at 5).[26]  Topic No. 13 is not duplicative, much less unreasonably duplicative.  Mattel seeks testimony regarding MGA Mexico's knowledge of the obligations that Machado, Trueba, and Vargas owed to Mattel.  MGA Mexico's knowledge of Machado, Vargas, and Trueba's obligations to Mattel is not remotely duplicative of the thirteen deposition topics listed on pages 6-7 of MGA Mexico's motion.  Those topics relate to Machado, Vargas and Trueba's relationship

---

[24]  Machado Tr. 1105:24-1106:5.

[25]  Although MGA Mexico did raise a potential privilege objection in its objections to Mattel's Notice, this is insufficient under the circumstances of MGA Mexico's motion for protective order.  By not raising the issue, MGA Mexico has waived it.

[26]  Based on prior testimony of MGA Mexico Rule 30(b)(6) designees, Topic No. 4 is moot and Mattel does not seek additional testimony on it at this time.

1  *with MGA Mexico*, work *at MGA Mexico*, and payments *by MGA Mexico*.  Those topics

2  do not cover what MGA Mexico knew about their obligations to Mattel.

3  MGA Mexico's knowledge of their obligations to Mattel is directly relevant to

4  the RICO and trade secret theft claims.  For example, if MGA Mexico obtained a

5  Mattel trade secret with knowledge that it was acquired in violation of those

6  obligations, that knowledge is relevant to Mattel's claim for theft of trade secrets.  Cal.

7  Civ. Code § 3426.1(b)(1) ("Acquisition of a trade secret of another by a person who

8  knows or has reason to know that the trade secret was acquired by improper means…").

9  Further, MGA Mexico's knowledge of any duty to Mattel is also directly relevant.  Cal.

10 Civ. Code § 3426.1(b)(2)(B)(iii) ("At the time of disclosure or use, knew or had reason

11 to know that his or her knowledge of the trade secret was  . . . derived from or through a

12 person who owed a duty to the person seeking relief to maintain its secrecy or limit its

13 use.").[27]

14 ### G.      Topic No. 15:  MGA Mexico's Most Recent Net Worth

15 Topic No. 15 seeks:

16 YOUR net worth, currently and as of December 2009 or the close of
17 YOUR fiscal year 2009, any and all calculations thereof, and all bases and
   sources for determining YOUR net worth.

18 Topic No. 15 is not duplicative of Topic No. 47, which calls for YOUR net worth on a

19 yearly basis from January 1, 2004 to the present.  MGA Mexico's net worth is relevant

20 to Mattel's punitive damages.[28]  MGA Mexico's most recent net worth – that going to

21

22 [27]  Also, MGA recently produced an email showing Isaac Larian specifically sought
23 to know the obligations owed to Mattel by a former Mattel employee who he had just
   recruited to MGA Canada.  This recent production, compelled by the Court despite
24 MGA's claim of attorney-client privilege, shows that MGA was conscious that Mattel
   employees owed important duties to Mattel.
25 [28]  Topic No. 15 seeks deposition testimony concerning MGA Mexico's net worth
26 as of December 2009.  MGA Mexico complained that this topic was duplicative of
   information concerning MGA Mexico's net worth previously obtained from Susanna
27 Kuemmerle during her deposition as MGA Mexico's Rule 30(b)(6) witness.  Mattel's
28 counsel explained that Ms. Kuemmerle could not have testified about MGA Mexico's

the year end 2009 – is needed.  This cannot be duplicative because MGA Mexico designee Susana Kuemmerle could not testify as to MGA Mexico's net worth through the close of 2009 because that information was not yet prepared.  As of Ms. Kuemmerle's deposition (and through today), no year-end 2009 financials for MGA Mexico have been produced.[29]  This information is particularly important to Mattel's belief that MGA and Larian are shrinking MGA Mexico to make it judgment proof.  MGA Mexico, although smaller, still exists and testimony concerning year-end 2009 financials is necessary and discoverable.

MGA Mexico also claims that its finances are appropriate for only expert testimony.  (Motion at 9:4-5).  An ultimate opinion on damage will be rendered by an expert, but that does not preclude fact discovery.  Indeed, it compels fact discovery because experts will need those facts form their expert opinions.

### H.    Topic No. 16:  Ownership of MGA Mexico's Alleged Intellectual Property

Topic No. 16 seeks:

For all of YOUR INTELLECTUAL PROPERTY or CONFIDENTIAL INFORMATION that YOU allege MATTEL wrongfully possessed or obtained, the IDENTITY of the PERSON or PERSONS who currently own or at any time owned or had any ownership interest in that property, the factual basis for such claim of ownership and the time period that each PERSON or PERSONS owned or had an ownership interest in such property.

---

financial information for year-end 2009 because at the time of her deposition such information was apparently unavailable.  Mattel's Counsel also explained that an accounting person would be necessary to discuss MGA Mexico's balance sheet, and its back-up information, and the balance sheet's line items.  Finally, counsel explained that the deposition concerning year-end 2009 financial information could be a short deposition, depending on the documents that MGA Mexico would produce.  MGA Mexico's counsel stated that while he did not want to do depositions piecemeal by topic, in the interest of compromise he would look into the financial documents and information that MGA Mexico possesses and discuss with Mattel's counsel whether the provision of such documents, if any exist, would perhaps resolve this issue.  MGA Mexico's counsel never responded to Mattel's counsel.

[29]   MGA Mexico Tr. 545:16-546:9, December 9, 2009 (counsel for MGA Mexico describing financials provided, including only up to 2008).

1   MGA Mexico does not dispute that Topic No. 16 seeks relevant information.  MGA

2   Mexico claims that responsive information would have been provided by Kuemmerle in

3   her deposition as MGA Mexico's Rule 30(b)(6) witness (again with no evidence of such

4   testimony provided) in response to topics concerning "The factual basis of YOUR

5   affirmative defenses" and "YOUR efforts to maintain the secrecy of YOUR claimed

6   trade secrets."  (Motion at 14:6-9).  The topic has nothing to do with MGA's efforts to

7   preserve trade secrets.  Nor does ownership of allegedly stolen information go to the

8   factual basis of MGA's affirmative defenses.

9        MGA Mexico asks the Court to excuse it from providing testimony because "the

10  response to Mattel's Interrogatory No. 3, in Mattel's Fourth Set of Interrogatories will

11  set forth all information regarding MGA Mexico confidential information that MGA

12  Mexico currently has reason to believe was wrongfully obtained by Mattel."  (Motion at

13  14:10-13).[30]  First, MGA Mexico's interrogatory response, served on August 13, 2010,

14  after MGA promised that it would answer all interrogatories, does not identify any

15  "wrongfully obtained information," so Mattel could have had no opportunity to get

16  testimony, much less get testimony on information that MGA Mexico has not

17  disclosed.  Instead, the responses consists of almost 3 full pages of objections, followed

18  by a page and half of short statements regarding the MGA parties' policies to protect

19  their trade secrets, people allegedly with knowledge thereof and a short bullet point list

20

21

22

---

23  [30]  Mattel's Interrogatory No. 3 asks: "Describe in detail all efforts YOU have made
    and measures YOU have taken since January 1, 2000, to protect the confidentiality of
24  YOUR alleged confidential information and/or the secrecy of YOUR alleged trade
    secret information, including without limitation any of the DOCUMENTS and/or
25  information discussed in YOUR response to Interrogatory No. 1 that YOU contend are
    or were confidential and/or trade secrets, including without limitation by describing all
26  changes to YOUR policies or practices regarding the protection of confidential and/or
    trade secret information, the timing of such changes, and the timing of YOUR
27  implementation of any measures discussed in YOUR response."
28

with the titles of allegedly responsive documents.[31]  The MGA parties' interrogatory response does not satisfy the information sought by Topic No. 16.

Second, the premise of the argument is wrong.  Mattel is entitled to explore the information and details beyond what is simply stated in an interrogatory.[32]  MGA Mexico provides no authority for its position that it may be excused from providing relevant deposition testimony because it served a facially deficient response to an interrogatory that does not mirror the noticed deposition topic.  <u>See</u> August 3, 2010 Order on Pending Discovery Motions at 5, Docket No. 8459 ("The Court has long prioritized depositions over written discovery for the very reason that testimonial evidence about MGA's use of Mattel trade secrets is less costly and burdensome and, in addition, narrowly tailored to the subject matter.")[33]

---

[31]  Response Of MGA Parties To Mattel, Inc.'s Fourth Set of Interrogatories at 24-28.

[32]  Discovery Master order during deposition, Mattel 30(b)(6) deposition, December 16, 2009, at 179:9-18.

[33]  MGA México's case law is inapposite.  <u>See</u> <u>McCormick-Morgan, Inc., v. Teledyne Indus., Inc.</u>, 134 F.R.D. 275, 286-87  (N.D.Cal 1991) (ordering that neither the party in a patent-related lawsuit be deposed concerning the bases for the other's contentions but instead provide responses to contention interrogatories, noting that "[p]atent cases turn peculiarly on a conceptually dense dynamic between physical objects, words in claims, and principles of law.  Understanding that dynamic, and describing the relationships that serve as the bases for a given parties' contentions, is something best done by patent lawyers, and best done after at least most other discovery has been completed."  Such is not the case in this litigation.) ; <u>and</u> <u>Smithkline Beecham Corp., et al. v. Apotex Corp., et al</u>, 2000 WL 116082 at *9 (N.D. Ill. Jan. 24, 2000) (holding that, in response to a <u>Rule</u> 30 (b)(6) deposition topic concerning plaintiff's responses to interrogatories and requests for production, the area of inquiry "improperly trespasses into areas of work product and attorney-client privilege" and defendants could obtain the same information in a less intrusive manner by propounding interrogatories.)  This Court has specifically found that Rule 30(b)(6) testimony is more efficient that written discovery. Docket No. 8459.  <u>SmithKline</u> does not apply here.

I.     **Topic No. 17 Seeks Relevant and Easily Accessible Information Concerning MGA Mexico's Agreements Governing Ownership of Original Works and Inventions and the Use of Information that MGA Mexico Believes to Be Confidential**

Topic No. 17 is relevant to Mattel's trade secret misappropriation claim. MGA sought and obtained testimony regarding Mattel's employment agreements starting in 1975. See Dkt. 8079 at 8. This topic is the mirror image of that discovery. The Court found that these employment agreements were relevant to Mattel's trade secret misappropriation claim, and that the evolution of the employment agreements may lead to the discovery of admissible evidence. Id. Topic No. 17 is similarly relevant. One element of trade secret theft is that the information was "the subject of efforts that are reasonable under the circumstances to maintain its secrecy." See Cal. Civ. Code § 3426.1 (d)(2). MGA Mexico's efforts with respect to its own confidential information are relevant to demonstrate that Mattel's trade secret protection efforts were "reasonable under the circumstances." The reasonableness of Mattel's efforts is not a stand-alone inquiry. "The secrecy requirement is generally treated as a relative concept…." DVD Copy Control Ass'n Inc. v. Bunner, 116 Cal. App. 4th 241, 251 (2004). The steps taken by others to protect their confidential information are relevant to assessing the reasonableness of a party's efforts to protect its own information. See Religious Tech. Ctr., v. Netcom On-line Communication Servs., Inc., 923 F. Supp. 1231, 1254 (N.D. Cal. 1995) (determining that plaintiffs' security efforts were reasonable under the circumstances based upon review of security precautions taken by other, similar entities). MGA Mexico's efforts to protect its confidential information through employment agreements are thus relevant to establishing the reasonableness of Mattel's efforts, and to countering MGA Mexico's attacks on Mattel's practices. This topic is also relevant to MGA Mexico's unclean hands defense, as it shows what information MGA Mexico considers confidential and whether the information that MGA Mexico claims was taken by Mattel was indeed protected as confidential by MGA Mexico.

1    MGA Mexico then contends that "[e]ven if . . . the topic was relevant in some

2   other way, MGA has provided corporate testimony regarding MGA Mexico's

3   employment agreements with Machado, Trueba and Vargas." (Motion at 15:9-11).[34]

4   But this statement does not show that MGA Mexico provided testimony on Topic No.

5   17.    On its face, Topic No. 17 is more comprehensive than merely the employment

6   agreements of three of MGA Mexico's employees.[35]

7    In addition, MGA Mexico's claim that Topic No. 17 is unduly burdensome is

8   unsubstantiated by specific examples or articulated reasoning.  This does not satisfy the

9   Rule 26 test for a protective order.  See Cipollone v. Liggett Group, Inc., 785 F.2d

10   1108, 1121 (3d Cir. 1986).  MGA Mexico has shown no burden (indeed it only uses the

11   word "burdensome" in its heading and provides no supporting argument), let alone an

12   undue burden in light of what is at issue in this case.

13
14   [34]   MGA Mexico's case law ignores the relevance of Mattel's request.  United States
     v. Boeing Co., 2010 WL 1408596 *2-3 (D. Kan. Apr. 1, 2010) (In a false claims action,
15   the Court granted a protective order motion in part because it agreed with the moving
     party that Rule 30(b)(6) testimony requiring a defendant to read a "ten-year old
16   performance appraisals that have already been produced" had extremely limited
     relevance.  This is not the case, where the information sought is highly relevant, as
17   discussed herein.); MedImmune, LLC v. PDL Biopharma, Inc., 2010 WL 2382262 *1
18   (N.D. Cal. June 10, 2010) (In a patent action, granting a protective order, in part, on the
     grounds that the "claimed relevance" of testimony about plaintiff's "license agreements
19   with any third parties relating to humanized antibody products and methods" was "very
     attenuated."    Again, the testimony on Topic No. 17 provides highly relevant
20   information in this trade secrets matter, as discussed herein.  See also Dkt. 8079 at 8.).
21   [35]   MGA Mexico cites two previously noticed deposition topics (as opposed to the
22   specific testimony) – Topic Nos. 4 and 20 of Mattel's initial Rule 30(b)(6) Notice to
     MGA Mexico – for the proposition that  MGA Mexico already provided responsive
23   testimony.  Topic No. 4 seeks: "The hiring, engagement or retention by YOU of any
24   current or former MATTEL employee or contractor, including but not limited to the
     terms of all employment agreements and agreements RELATING TO confidentiality or
25   the invention, authorship, or ownership of any concept or product" and Topic No. 20
26   seeks "Any and all agreements between YOU and any of the FORMER MATTEL
     EMPLOYEES, including all drafts of such agreements and COMMUNICATIONS
27   related thereto."  These topics are limited to only Mattel employees and are again less
28   comprehensive than Topic No. 17.

## III.   MGA MEXICO'S DEPOSITION IS NOT PRECLUDED BY THE AUGUST 10, 2010 ORDER SETTING PRE-TRIAL DATES

Based on argument presented by MGA in another brief,[36] Mattel anticipates that MGA Mexico will argue that the Court's August 10, 2010 Order Setting Pre-Trial Dates renders dead letter all discovery that Mattel has propounded upon MGA.  Docket No. 8509.  The Order provided that:

> The Court is well-aware of the pending discovery disputes, including those issues which the Court has held in abeyance, and has reached the conclusion that further discovery is largely duplicative, subject to two very narrow exceptions: (a) privileged e-mails between Defendant Larian and outside counsel concerning the birth of Bratz; and (b) privileged and work product information about the decision to withhold an e-mail exchange between Larian and a fellow MGA executive. . . . Finally, the Court's resolution of the discovery motions still pending . . . will not necessitate waves of new discovery.  Id. at 2.

The Order did not clear the table of all pending discovery or discovery motions.  As discussed above, Mattel seeks limited, non-duplicative deposition testimony from MGA Mexico.  If MGA Mexico provides a properly prepared witness to testify on those Topics, then that will not "necessitate waves of new discovery."

## Conclusion

For the foregoing reasons, Mattel respectfully requests that the Court deny MGA Mexico's motion for protective order and compel MGA Mexico to produce a fully prepared Rule 30(b)(6) witness to testify concerning Topic Nos. 1-3, 5-17 in Mattel's Second Phase 2 Notice.

DATED:  August 17, 2010                  QUINN EMANUEL URQUHART & SULLIVAN. LLP


                                         By  /s/ Jon Corey
                                             Jon Corey
                                             Attorneys for Mattel, Inc. and Mattel de Mexico, S.A. de C.V.

---

[36]  See MGA Parties' Reply In Support of Motion for Protective Order from Mattel, Inc.'s Notice of Deposition of MGA Entertainment, Inc. Pursuant to Fed. R. Civ. P. 30(B)(6) (Second Phase 2 Notice), Dkt. No. 8572 at 1.