1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
     John B. Quinn (Bar No. 090378)
2     (johnquinn@quinnemanuel.com)
     Michael T. Zeller (Bar No. 196417)
3     (michaelzeller@quinnemanuel.com)
     Jon D. Corey (Bar No. 185066)
4     (joncorey@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
5  Los Angeles, California 90017-2543
   Telephone: (213) 443-3000
6  Facsimile: (213) 443-3100

7  Attorneys for Mattel, Inc. and Mattel
   de Mexico, S.A. de C.V.

8                 UNITED STATES DISTRICT COURT

9               CENTRAL DISTRICT OF CALIFORNIA

10                    SOUTHERN DIVISION

11

12 MATTEL, INC., a Delaware            CASE NO. CV 04-9049 DOC (RNBx)
   corporation,                        Consolidated with
                                       Case No. CV 04-09059
13          Plaintiff,                 Case No. CV 05-02727

14      vs.                            Hon. David O. Carter

15 MGA ENTERTAINMENT, INC., a          **MATTEL, INC.'S OPPOSITION TO
   California corporation, et al.,     MGA MEXICO'S MOTION FOR
16                                     PROTECTIVE ORDER REGARDING
            Defendant.                 MATTEL'S FIRST PHASE 2 NOTICE
17                                     OF DEPOSITION; AND**

18 AND CONSOLIDATED ACTIONS            **DECLARATION OF JON COREY**

19                                     Date:   TBD
                                       Time:   TBD
20                                     Place:  Courtroom 9D

21                                     Phase 2
                                       Discovery Cut-off:     October 4, 2010
22                                     Pre-trial Conference:  January 4, 2011
                                       Trial Date: January 11, 2011

23

24

25

26

27

28

MATTEL'S OPP. TO MGA MEXICO'S MOTION FOR PROT. ORDER RE 1ST PHASE 2 DEPOSITION NOTICE

1

## TABLE OF CONTENTS

2

**Page**

3   MEMORANDUM OF POINTS AND AUTHORITIES ........................................... 1

4   PRELIMINARY STATEMENT ........................................................................... 1

5   STATEMENT OF FACTS ................................................................................... 1

6   ARGUMENT ....................................................................................................... 4

7   I.    MGA MEXICO MUST PROVIDE A WITNESS ON THE NOTICED TOPICS ................................................................................................... 4

8

9   II.   MATTEL WAIVED NO RIGHTS ................................................................ 5

10  III.  THE TOPICS ARE PROPER, AS MGA MEXICO'S COUNSEL CONCEDED BY AGREEING TO PROVIDE A WITNESS ON THEM ........................................................................................................ 7

11

12        A.    Topic Nos. 1-4:  Communications with, Agreements with and Presentations to Mexico Retailers .......................................... 7

13        B.    Topic No. 5:  MGA's Entry Into the Mexico Market ............................ 9

14        C.    Topic No. 6:  MGA Mexico's Claim that Mattel or the Mexican Police Planted Evidence During the Search ......................... 10

15

16        D.    Topic No. 7:  MGA Mexico's Smuggling of Goods Into Mexico At Larian's Direction ................................................................. 10

17        E.    Topic No. 8:  Machado, Vargas & Trueba as Agents of MGA Mexico ......................................................................................... 12

18

19        F.    Topic No. 9:  Identification of Carlos Aguirre's Initials on Hard Copy Documents Seized During the Search of MGA Mexico's Offices ................................................................................ 13

20

21        G.    Topic Nos. 10-11:  Investigation Into the Theft of Mattel Trade Secrets by Machado, Vargas & Trueba ................................. 13

22        H.    Topic No. 12:  Communication with Law Enforcement ..................... 14

23        I.    Topic Nos. 13-15:  MGA Mexico's Termination of Machado, Vargas & Trueba ........................................................................... 16

24

25        J.    Topic No. 16:   Privileged Document ................................................. 16

26        K.    Topic Nos. 17-20:  Identity of Person with Custody of Mattel's Stolen Trade Secrets .......................................................... 16

27  IV.  MGA MEXICO'S DEPOSITION IS NOT PRECLUDED BY THE AUGUST 10, 2010 ORDER SETTING PRE-TRIAL DATES ..................... 16

28

1

## TABLE OF AUTHORITIES

2
                                                                                    **Page**

3
                                              **Cases**

4    A.C. Aukerman Co. v. R.L. Chaides Const. Co.,
         1993 WL 379548 (N.D. Cal. Sept. 13, 1993) ....................................................... 11
5
     E.E.O.C. v. ABM Indus., Inc.,
6        2008 WL 2872407 (E.D. Cal. July 24, 2008) ....................................................... 4

7    Gault v. Nabisco Biscuit Co.,
         184 F.R.D. 620 (D. Nev. 1999) .......................................................................... 5, 6
8
     Kendrick v. Heckler,
9        778 F.2d 253 (5th Cir. 1985) .................................................................................. 6

10   McGeorge v. Van Benschoten,
         1988 WL 163063 (D. Ariz. Dec. 8, 1988).......................................................... 11
11
     New England Carpenters Health Benefits Fund v. First Databank, Inc.,
12       242 F.R.D. 164 (D. Mass. 2007) ............................................................................ 4

13   Revolution Eyewear, Inc. v. Aspex Eyewear, Inc.,
         2008 WL 6873811 (C.D. Cal. Jan. 3, 2008).......................................................... 11
14
     Richmark Corp. v. Timber Falling Consultants,
15       959 F.2d 1468 (9th Cir. 1992)................................................................................ 5

16
                                            **Statutes**

17   Fed. R. Civ. P. 30(b)(6) ........................................................................... 1, 3, 5

18   Fed. R. Civ. P. 37(d)(2) ............................................................................... 4

19   Fed. R. Civ. P. 45(d)(1) ............................................................................... 6

20

21                                     **Other Authorities**

22   Fed. Prac. Guide: Civ. Proc. Before Trial, § 11:1413 (Rutter's Group 2010)............. 5

23

24

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

### Preliminary Statement

MGA Mexico refuses to comply with its obligations under the <u>Rules</u>. Mattel properly served a notice of deposition on MGA Mexico. MGA Mexico never objected to the notice before the January 15, 2010 noticed date. Nor did it move for a protective order before the January 15, 2010 noticed date. Having failed to do so, MGA Mexico was unquestionably aware of its obligations to produce its designees for deposition. Months before, the MGA Parties themselves had persuaded Discovery Master O'Brien that the law required the noticed party to move for a protective order before the noticed date to preserve any objection. Far from doing so, however, MGA Mexico conceded the propriety and relevance of the topics and offered to produce a prepared witness. Now, post hoc, MGA Mexico unjustifiably refuses to provide any witness to testify on the topics in Mattel's Notice. Its motion for a protective order is grossly tardy and cannot absolve its earlier failure. The Court should compel MGA Mexico to provide a witness to testify on the topics in Mattel's Notice.

### Statement of Facts

<u>Mattel Notices the Deposition of MGA Mexico</u>. On December 23, 2009, Mattel served a Notice of Deposition of MGAE de Mexico, S.R.L. de C.V. pursuant to <u>Federal Rule of Civil Procedure</u> 30(b)(6) (First Phase 2 Notice) (the "Notice").[1] Mattel noticed the deposition for January 15, 2010.[2]

<u>The Noticed Topics Seek Discoverable Information</u>. Topic Nos. 1-4 seek testimony regarding communications with, agreements with, orders received from pricing, trade terms, presentations to customers and potential customers for the limited period of time after Machado, Vargas and Trueba began working at MGA Mexico, and no later than December 31, 2005. These topics seek information directly related to

---

[1]   December 22, 2009 Notice of Deposition of MGAE de Mexico (First Phase 2 Notice), attached as Exhibit A to the Corey Declaration.

[2]   <u>Id</u>. at 2.

-1-

1  trade secret use and damages.  Mr. Vargas, from whom MGA Mexico has attempted to

2  smear and distance itself because he has told the truth about the theft and use of Mattel

3  trade secrets, testified that at MGA he used information stolen from Mattel to solicit

4  orders from customers of Mattel in Mexico and to undercut Mattel's pricing and terms

5  for customers in Mexico.[3]

6       Topic No. 5 seeks testimony regarding MGA Mexico's entry into the toy market

7  in Mexico.

8       Topic No. 7 seeks testimony regarding an e-mail message from Mr. Larian to

9  Ms. Kuemmerle that she smuggled unauthorized goods into Mexico through a "Laredo

10  guy."[4]

11       Topic No. 8 seeks testimony on the facts underlying Mattel's allegation in its

12  counterclaims that Machado, Vargas and Trueba were agents of MGA Mexico, an

13  allegation that MGA Mexico and Machado did not admit in their respective Answers.[5]

14       Topic Nos. 10-11 seeks testimony regarding the investigation of MGA Mexico

15  into the facts and circumstances of the hiring of Machado, Vargas and Trueba and their

16  theft of trade secrets, including but not limited to the identity of witnesses, interviews,

17  notes, recordings, among other things, and any reports or documents prepared in

18  connection with such investigations.  These Topics parallel Topic Nos. 1-5 in MGA's

19  Notice of Deposition of Mattel, on which Mattel was compelled.

20       Topic No. 12 seeks information regarding communications with law enforcement

21  concerning the trade secret theft and other wrongdoing.  The Court has previously held

22  communications with law enforcement to be discoverable.[6]  MGA Mexico denies that

23  any written communications with law enforcement authorities exist, so Mattel seeks

24  testimony regarding any verbal communications with law enforcement.

25

26  [3]  See e.g. Vargas Tr. 168:8-172:1, 390:16-391:19, 414:12- 418:17.
27  [4]  MGA2 0327614; see Answer of MGA Mexico.
    [5]  See FAAC § III (B); see also FAAC, ¶ 134.
28  [6]  Dkt. 7434 at 5:12-17.

1    Topic Nos. 17-20 seek the identity of the person or persons who had custody of

2  the stolen trade secrets that MGA Mexico produced in to Mattel in this case.  In a

3  motion resolved in Discovery Master Order No. 56, MGA and Mattel cross-moved for

4  information regarding the custodian of documents that had been produced.[7]  For the

5  Mexico-related Mattel trade secret documents that have been produced, the custodial

6  information that was provided was oblique, to say the least.  No person was identified

7  as a custodian.  Instead, the identified custodians were "Scanned Set" and "RICO Case

8  Files".  These topics seek to identify the person or persons who had custody of the

9  stolen Mattel trade secrets.

10    MGA Mexico Agrees to Provide A Witness on the Noticed Topics.  On

11  January 7, 2010, William Molinski, counsel for MGA Mexico wrote that he would

12  "identify an individual for you for this second notice[[8]] and will let you know dates of

13  availability."[9]  Mr. Molinski asked whether Mattel considered this a second deposition

14  of MGA Mexico for counting purposes and said that he would raise the counting issue

15  with the Court.  Although there were hearings on January 11, 2010 and January 12,

16  2010, MGA Mexico did not raise the counting issue at either hearing.

17    MGA Mexico Preserves No Objection, but Refuses to Provide a Witness.

18  January 15, 2010, the noticed date, came and went.  MGA Mexico did not produce a

19  witness.  MGA Mexico did not serve objections.  MGA Mexico did not move for a

20  protective order.  MGA Mexico knew that it had to do so to preserve any objections,

21  however.  MGA had successfully argued to Discovery Master O'Brien months before

22  that a party in receipt of a Rule 30(b)(6) notice had to move for a protective order

23  before the noticed date to preserve any objection to a notice or the topics of testimony

24  requested.  See Discovery Matter Order No. 71 at 7:10-13 ("MGA claims that Mattel's

---

25    [7]  Discover Matter Order No. 56 at 1-10 (Docket No. 6591-1).

26    [8]  This is a reference to the MGA Mexico Rule 30(b)(6) Notice that Mattel
     served in Phase 1.

27    [9]  January 7, 2010 e-mail from W. Molinski to J. Corey, Corey Declaration

28  Exhibit B.

MATTEL'S OPP. TO MGA MEXICO'S MOTION FOR PROT. ORDER RE 1ST PHASE 2 DEPOSITION NOTICE

1   failure to appear for the deposition without moving for a protective order violates

2   Federal Rule of Civil Procedure 37(d)(2)") (citing MGA briefs).  Discovery Master

3   O'Brien, based on the interpretation of Rule 37(d)(2) urged by MGA, held that

4   "[b]ecause Mattel did not have a pending motion for a protective order on file when it

5   failed to appear, it must produce a witness or witnesses to testify on the topics set forth

6   in the Deposition Notice." Id. at 7:22-24 (citing New England Carpenters Health

7   Benefits Fund v. First Databank, Inc., 242 F.R.D. 164, 166 (D. Mass. 2007);

8   E.E.O.C. v. ABM Indus., Inc., 2008 WL 2872407, *2 (E.D. Cal. July 24, 2008)).

9          Notwithstanding its clear obligations under the Orders in this case that the MGA

10  Parties insisted on and its prior commitment to provide a witness, MGA Mexico now

11  refuses to produce a witness on the noticed topics.

12                                          **Argument**

13  **I.      MGA MEXICO MUST PROVIDE A WITNESS ON THE NOTICED**

14          **TOPICS**

15          As MGA argued to the Discovery Master, and as the Discovery Master found in

16  a order that is now binding law of the case on the MGA Parties, "[b]ecause Mattel did

17  not have a pending motion for a protective order on file when it failed to appear, it must

18  produce a witness or witnesses to testify on the topics set forth in the Deposition

19  Notice." Discovery Matter Order No. 71 at 7:10-13 ("MGA claims that Mattel's failure

20  to appear for the deposition without moving for a protective order violates Federal Rule

21  of Civil Procedure 37(d)(2)") (citing MGA briefs).  Discovery Master O'Brien, based

22  on an interpretation of Rule 37(d)(2) advocated by MGA, held that "[b]ecause Mattel

23  did not have a pending motion for a protective order on file when it failed to appear, it

24  must produce a witness or witnesses to testify on the topics set forth in the Deposition

25  Notice." Id. at 7:22-24.

26          Because MGA Mexico did not move for a protective order before January 15,

27  2010, the noticed date for the deposition, it was obligated to appear.  It did not.  To the

28  contrary, it had promised to produce designees but then failed to do so.  Indeed, it was

1    not until more than six months after the noticed date that MGA Mexico served

2    objections.  Even assuming that objections to a <u>Rule</u> 30(b)(6) notice were the proper

3    vehicle to preserve objections -- and they are not as the Discovery Master also ruled at

4    MGA's insistence -- MGA Mexico waived any such objections by failing to serve them

5    in a timely manner.  They are a nullity.  <u>See</u> <u>Richmark Corp. v. Timber Falling</u>

6    <u>Consultants</u>, 959 F.2d 1468, 1473 (9th Cir. 1992) ("It is well established that a failure to

7    object to discovery requests within the time required constitutes a waiver of any

8    objection.") (citing <u>Davis v. Fendler</u>, 650 F.2d 1154, 1160 (9th Cir. 1981)).

9    **II.    <u>MATTEL WAIVED NO RIGHTS</u>**

10          MGA Mexico argues that Mattel "sat on any rights it may have had to enforce its

11   notice for almost six months."  (Motion at 17:3-4)  This is incorrect.  Here, MGA

12   Mexico, not Mattel, waived its rights by not seeking a protective order.  The Notice

13   compelled MGA Mexico to comply or to bring itself into compliance.  <u>Fed. R. Civ. P.</u>

14   30(b)(6) ("In its notice . . . a party may name as the deponent a . . . corporation . . . The

15   named organization <u>must</u> then designate one or more officers, directors, or managing

16   agents, or designate other persons who consent to testify on its behalf . . .") (emphasis

17   added); Schwarzer, Tashima & Wagstaffe, <u>Fed. Prac. Guide: Civ. Proc. Before Trial</u>,

18   § 11:1413 (Rutter's Group 2010) ("If the notice of deposition or subpoena served on the

19   entity sufficiently describes the matters on which questions will be asked, the entity is

20   under a duty to designate and produce 'one or more officers, directors, or managing

21   agents, or designate other persons who consent to testify on its behalf ... ' [FRCP

22   30(b)(6)] If the entity is a party, <u>the deposition notice itself compels such production</u>.")

23   (emphasis added).  Mattel did not have any obligation to move to compel or remind

24   MGA Mexico of its failure.  The onus to comply was always on MGA Mexico.

25          The cases relied upon by MGA Mexico do not relate to a party's failure to object

26   to a <u>Rule</u> 30(b)(6) notice.  And, to the extent applicable, those cases support Mattel, not

27   MGA Mexico.  In <u>Gault v. Nabisco Biscuit Co.</u>, 184 F.R.D. 620, 622 (D. Nev. 1999),

28   the court held that "[a] motion to compel filed during the discovery period would rarely

-5-

1   be considered untimely."   The Court found that a motion to compel responses to

2   interrogatories and requests for production was untimely in its case, however, because

3   the motion was filed seventy-six days after the close of discovery and 136 days after

4   plaintiff received defendant's responses because to "require additional discovery after

5   the court's decision on [defendant's] motion for summary judgment, and on the eve of

6   trial would cause a delay which the court finds inappropriate and unnecessary."  Unlike

7   in Gault, MGA Mexico waived any objections by not filing a motion for a protective

8   order; discovery is not closed; and the parties are not on the eve of the Court's decision

9   on summary judgment, let alone the eve of trial.   Any delay in MGA Mexico's

10  testimony is its own fault.

11         In Kendrick v. Heckler, 778 F.2d 253, 258 (5th Cir. 1985), the appellate court

12  vacated the district court's decision setting aside the magistrate's order that allowed

13  plaintiffs to move for an order to compel production of documents after deposition of a

14  nonparty witness was completed.  The Court also held that plaintiffs' failure to file a

15  motion to compel production until eight months after the deposition did not prevent

16  them from obtaining order compelling production under Rule 45(d)(1).  The Court

17  found a motion to be permissible particularly when the nonparty deponent showed no

18  prejudice or unnecessary burden from the delay and the motion to compel production

19  was filed before the discovery cut-off.  Here, a party's deposition is at issue – MGA

20  Mexico – and any "delay" is due to MGA Mexico's failure to comply with its

21  obligations under the Rules, namely to provide the promised dates and witnesses. The

22  only prejudice—that MGA is turning MGA Mexico into a judgment-proof shell—is of

23  MGA Mexico's own creation (let alone unfounded), not due to any alleged delay on

24  Mattel's part.  As the Court knows, Mattel (and the MGA parties) have been actively

25  engaged in discovery for months.

26         MGA Mexico also contends that, because it believes it is winding down and

27  turning itself into a judgment proof shell, that it will need to "track down former

28  employees," which would be burdensome.  This makes no sense.  Moreover, MGA

-6-

1  Mexico designees Small and Kuemmerle had no problem finding and talking to former

2  MGA Mexico employees within the past couple of months.  There is no burden here.

3  MGA Mexico's argument that this self-created situation independently shows that

4  Mattel waived its rights to seek deposition testimony is neither supported by law nor

5  commonsense and indeed misapprehends basic waiver principles.  Motion at 17:10-18.

6  **III.   THE TOPICS ARE PROPER, AS MGA MEXICO'S COUNSEL**

7  **CONCEDED BY AGREEING TO PROVIDE A WITNESS ON THEM**

8       Although the Court need not reach the issue of the propriety of the topics because

9  MGA waived any objections, they are proper, as MGA Mexico conceded when it

10 offered to provide a witness on them.  Mattel seeks discoverable information; it is not

11 standing on technicalities to obtain this relief.

12      **A.     Topic Nos. 1-4:  Communications with, Agreements with and**

13            **Presentations to Mexico Retailers**

14      Topic No. 1 seeks:

15      YOUR COMMUNICATIONS with the top 10 RETAILERS in Mexico
       regarding MGA or BRATZ between January 1, 2004 and December 31,
16      2004.

17      Topic No. 2 seeks:

18      All orders received by YOU between January 1, 2004 and
       December 31, 2004, including, without limitation: (i) the date received,
19      (ii) the quantity purchased by product, (iii) the agreed price by product,
       (iv) the delivery date, and (v) any applicable discount.
20
       Topic No. 3 seeks:
21
       All AGREEMENTS between YOU and any RETAILER that REFER
22      OR RELATE TO  any transaction between YOU and such RETAILER
       between January 1, 2004 and December 31, 2005, including without
23      limitation all trade terms offered to the RETAILERS.

24      Topic No. 4 seeks:

25      All COMMUNICATIONS with RETAILERS or other potential
       customers between January 1, 2004 and December 31, 2005, including,
26      without limitation: (i) presentations made to RETAILERS or other
       potential customers, and (ii) negotiations of AGREEMENTS, orders, or
27      trade terms with RETAILERS or potential customers.

28

-7-

1    These topics are not duplicative of prior Topic Nos. 38-43 and 45.  Those topics,

2    set forth in the Motion on pages 7-8, relate to financial information reported on

3    spreadsheets.  They specifically sought, by product: sales projections and forecasts,

4    sales, costs of goods sold, revenues, customer identity, customer returns and customer

5    rebates and credits.  Topic Nos. 1-4 seek different testimony.  They seek testimony

6    regarding the communications, agreements, orders, and presentations to customers in

7    Mexico (almost all Mattel customers) in the first year or so that MGA Mexico operated.

8    For example, Mr. Vargas testified that he, with Ms. Kuemmerle's knowledge, tried to

9    make sure that the sales terms offered to new MGA Mexico customers beat Mattel's in

10   Mexico.[10]  He was able to do so because he had stolen a sheet with the most recent

11   sales terms.[11]  In short, the testimony sought by Topic Nos. 1-4 goes to use of the stolen

12   Mattel trade secrets.[12]  Topic Nos. 38-43 and 45 have nothing to do with use.  They

13   relate exclusively to damages.

14        Contrary to MGA Mexico's contention, these Topics have not been the subject of

15   "extensive" depositions.  (Motion at 7:18-19.)  The deposition testimony MGA Mexico

16   cites proves that.  See Kuemmerle Tr. 96:21-98:9 (discussing MGA Mexico's belief that

17   Mattel merchandisers were keeping MGA product, and not only Bratz, in the back of

18   the store ); 153:4-14 (affirming that when someone from Wal-Mart Mexico would go to

19   line previews in L.A., Ms. Kuemmerle would attend the previews); 158:5-25 (stating

20   that a  presentation was given to customers); 190:11-192:15 (discussing talks with

21   customers in response to a media article that people at MGA Mexico were going to be

22   laid off); and 194:20-195:10 (discussing Ms. Kuemmerle's "personal belief" that people

23   _____

[10]   Vargas Tr. 414:12-420:4.

24   [11]   Id.

[12]   MGA Mexico's claim that Topic No. 1 is "overbroad" because it requires a
25   witness to be prepared "to discuss every communication MGA Mexico employees
26   had with retail customers for a two year period" is flawed in its premise.  Motion,
     15:5-6.  Topic No. 1 seeks a narrow subset of information for a limited group of
27   retailers in Mexico for a one year period.  MGA Mexico's claim that Topic Nos. 3
28   and 4 are "equally overbroad" also falls flat.  Id. at 15:13-14.

1  from Mattel were telling customers about the "legal situation" in Mexico and a

2  customer's alleged communication of the same to Ms. Kuemmerle).  Motion at 8:13-21.

3  Such testimony does not include the testimony sought by Topic Nos. 1-4.

### B.    Topic No. 5:  MGA's Entry Into the Mexico Market

Topic No. 5 seeks:

YOUR entry into the toy market in MEXICO including, without limitation: (i) the decision to do so, (ii) the establishment of MGAE de Mexico, S.R.L. de C.V., (iii) establishment of customer relationships, pricing, market planning and product line selection in the toy market in MEXICO from 2003 to the present, and (iv) the involvement of MACHADO, TRUEBA, and/or VARGAS therein.

Mattel agrees that it has covered the involvement of Machado, Trueba and Vargas in MGA's entry into the Mexico toy market.  Accordingly, Mattel is not pursuing subtopic 5(iv) further.

MGA Mexico argues that Topic No. 5 is duplicative of prior Topic Nos. 9-11, 16-18.  See Motion at 9.  They are not.  On the face of those topics their scope is limited to Machado, Vargas and Trueba.  In contrast, Topic No. 5 seeks testimony within the possession of al MGA Mexico officers, employees and agents.    Mattel, however, has not had testimony of MGA Mexico regarding the other subtopics, including the decision to enter the market, the establishment of MGA Mexico, and the establishment of customer relationships, pricing, market planning and product line selection.  See Topic No. 5(i)-(iii).  Nor does MGA suggest that Mattel has.

Topic No. 50, related to MGA Mexico's corporate structure, has no bearing on market entry decisions and efforts.  See Motion at 9:25-28.    The purportedly "duplicative" Kuemmerle testimony cited by MGA relates to three conversations, all of which occurred before Machado and the others resigned from Mattel.  Those conversations all related to recruiting and interviewing Machado, Vargas and Trueba, including the Larian interviews with Machado at the New York Toy Fair and Machado and the others at the W Hotel in Mexico.  See Kuemmerle Tr. at 329:9-358:7; Motion at 10:3.  None of those conversations relate to the decision to enter the Mexico market,

1  creating MGA Mexico, or efforts by MGA Mexico to penetrate the Mexico market

2  once established.  Those conversations necessarily predate the subject matter of the

3  requested topics.

4        Finally, unless Mr. Larian was a MGA Mexico designee or MGA Mexico is

5  agreeing that his testimony is binding upon MGA Mexico – and MGA Mexico has

6  made neither claim -- the references to his testimony is insufficient.  See Motion at

7  10:3-5.[13]

8        **C.    Topic No. 6:  MGA Mexico's Claim that Mattel or the Mexican Police**

9        **Planted Evidence During the Search**

10       Topic No. 6 seeks:

11       All facts supporting YOUR suggestion that MATTEL planted or placed,
         or had any role or knowledge of the planting or placement of, any object
12       or other type of evidence at YOUR offices, buildings, or any of your other
         property, or with any of YOUR employees.
13
         The Court need not rule on this Topic given the testimony of MGA Mexico
14
   designee, Mr. Small, that during his interviews of all MGA Mexico personnel, he
15
   was unable to find any testimony or evidence that Mattel or the Mexican Police
16
   planted any evidence located during the search of MGA Mexico's Offices.  MGA
17
   Mexico (Small) Tr. at 1302:3-10.  This Topic is further moot in light of Machado,
18
   Vargas and Trueba's testimony admitting to possessing the information located
19
   during the search in the offices of MGA Mexico before the search.[14]
20
         **D.    Topic No. 7:  MGA Mexico's Smuggling of Goods Into Mexico At**
21
         **Larian's Direction**
22
         In an e-mail message to Ms. Kuemmerle, Larian directs her to smuggle goods
23
   from the United States into Mexico using a "Laredo guy" and to cease any further
24

25  _____

   [13]   MGA Mexico's claim that Topic No. 5 is overbroad is unfounded.  Motion at
26  15:15-17.  Topic No. 5 addresses a specific, tailored area of information, namely
   MGA Mexico's entry into the Mexican toy market.
27  [14]   See e.g. Trueba Tr. 241:15-242:20, 258:10-19; Vargas Tr. 236:9-237:13,
28  333:14-335:4; Machado Tr. 993:20-994:19.

-10-

1    emails on the subject[15]--obviously for the purpose of avoiding the creation of any

2    additional incriminating evidence of this activity.  Larian's direction that Kuemmerle,

3    on behalf of MGA Mexico, commit a crime, avoid tariffs in Mexico (30%), and take

4    steps to avoid further documentary evidence of their misconduct constitutes unfair

5    competition against Mattel and is relevant to MGA and Larian's intent, willfulness and

6    lack of mistake in their "deny it if it is not in writing approach" and to Larian's

7    credibility.

8          Further and independently, as the Court knows, MGA deliberately elected to

9    place alleged illegal business conduct in foreign countries at issue.  Based on its

10   allegations of bribery of officials in Mexico and Canada, MGA obtained orders

11   compelling Mattel to provide extensive deposition testimony.[16]  The "Laredo Guy"

12   smuggling email provides evidence that MGA Mexico has engaged in illegal conduct

13   similar to that it falsely accused Mattel of, potentially involving Bratz and other

14   products at issue in this case, which is relevant to and prohibitive of MGA Mexico's

15   equitable affirmative defense of unclean hands as well as Mattel's own unclean hands

16   defense against MGA Mexico.[17]  MGA Mexico should be ordered to provide testimony

17   about the email and the identity of "the Laredo Guy."

18

19   _____

     [15]   MGA 2 0327614.
20   [16]   See Hearing Tr., dated Nov. 16, 2009, at 4:10-7:23 (compelling Mattel to
     identify all individuals it had paid in Mexico, among other information, in response
21   to MGA's false allegations that Mattel had engaged in bribery in Mexico); see also
     Hearing Tr., dated Sept. 22, 2009, at 64:8-70:11 (cross-examination of Mattel
22   investigator concerning MGA's false allegations of bribery in Canada).
     [17]   See, e.g., Revolution Eyewear, Inc. v. Aspex Eyewear, Inc., 2008 WL
23   6873811, at *9 (C.D. Cal. Jan. 3, 2008) (finding defendant did not establish its
     equitable affirmative defense because it sought equity with unclean hands and
24   holding "'[one] who seeks equity must do equity.'"); A.C. Aukerman Co. v. R.L.
     Chaides Const. Co., 1993 WL 379548, at *5-6 (N.D. Cal. Sept. 13, 1993)
25   (precluding three affirmative defenses based on the defendant's unclean hands and
     holding that "[a]n age old maxim of equity applies here: 'He who seeks equity must
26   do equity'"); McGeorge v. Van Benschoten, 1988 WL 163063, at *6-7, *10 n.10 (D.
     Ariz. Dec. 8, 1988) ("[E]quitable defenses would be subject to the 'unclean hands'
27   doctrine; 'he who wants equity, must do equity.' . . . So, even if the elements of these
     affirmative defenses happened to be satisfied, they still should not bar
28   Mrs. McGeorge's suit.").

MATTEL'S OPP. TO MGA MEXICO'S MOTION FOR PROT. ORDER RE 1ST PHASE 2 DEPOSITION NOTICE

1    MGA Mexico argues that Mattel has testimony on this point.  But Mattel does

2  not have testimony from a MGA Mexico designee.  Larian was never designated as a

3  MGA Mexico designee.  Kuemmerle was, but in response to Mattel's brief questioning

4  on this e-mail, MGA Mexico objected that the questioning was beyond the scope of

5  Mattel's first notice no fewer than twelve times over four pages.[18]

6          **E.       Topic No. 8:  Machado, Vargas & Trueba as Agents of MGA Mexico**

7          Topic No. 8 seeks:

8          Whether MACHADO, VARGAS and/or TRUEBA were YOUR
           managing agents, including, without limitation:  (i) their authorization to
9          exercise judgment or discretion in YOUR corporate matters, (ii) their
           involvement in the hiring, retention, engagement, promotion, disciplining,
10         evaluating, reviewing, management, supervision, instruction, firing or
           termination of YOUR employees, officers, consultants, contractors or
11         vendors; (iii) their involvement in any contracts and/or AGREEMENTs
           executed on YOUR behalf; (iv) their involvement in any decisions
12         regarding the management, rules, polices, practices or procedures of
           YOUR business or operations; (v) their involvement in advertising, press
13         releases, public relations or any other public statements made on YOUR
           behalf; (vi) their involvement in any COMMUNICATIONS with third
14         parties made on YOUR behalf; (vii) their travel on YOUR behalf;
           (viii) their involvement in YOUR business operations, management,
15         finances, practices, policies or procedures, sales or potential sales,
           including their responsibilities, assignments, duties, and functions; and
16         (ix) their purchases and/or purchasing decisions and/or sales or licensing
           and/or sales or licensing decisions made on YOUR behalf.

17
         Topic No. 8 seeks the facts showing that Machado, Vargas and Trueba were
18
   acting on behalf of MGA Mexico.  This topic is unquestionably relevant, given MGA
19
   Mexico's efforts to distance itself from their theft of Mattel trade secrets at every turn.
20
   Mattel seeks testimony, binding upon MGA Mexico, that Machado, Vargas and Trueba
21
   acted, and always acted, as agents of MGA Mexico.[19]
22
         The Topics cited by MGA as calling for purportedly duplicative testimony
23
   neither subsume nor overlap with the testimony called for in Topic No. 8.  They seek
24
   testimony regarding employment and indemnification agreements (Topic Nos. 4, 20,
25

26    [18]    Kuemmerle Tr. at 865:14-869:14.
      [19]    See MGA's Supplemental Response to Mattel, Inc.'s Second Amended
27  Supplemental Interrogatory Regarding Defendants' Affirmative Defenses, § X "Lack
28  of Authority", 250:13-251:13.

MATTEL'S OPP. TO MGA MEXICO'S MOTION FOR PROT. ORDER RE 1ST PHASE 2 DEPOSITION NOTICE

23); pre-hiring communications (Topic Nos. 9, 16); contents of personnel files (Topic No. 19); job responsibilities in the first six months (Topic No. 18); and compensation and employee promotions or reprimands (Topic Nos. 21-22).  Asking how much a person was paid, whether he or she was ever reprimanded or the terms of an indemnification agreement does not provide with Mattel with facts regarding Machado, Vargas or Trueba's agency relationship with MGA Mexico during their entire tenure with MGA Mexico.

**F.**     **Topic No. 9: Identification of Carlos Aguirre's Initials on Hard Copy Documents Seized During the Search of MGA Mexico's Offices**

Topic No. 9 seeks:

The IDENTITY of the PERSON(S) whose signature or initials appears on DOCUMENTS Bates-stamped MGA 0139534-MGA 0139552; MGA 0139553-MGA 0139568; MGA 0139664-MGA 0139730; MGA 0139731-MGA 0139746; MGA 0139747-MGA 0139748; MGA 0139749-MGA 0139768; MGA 0139769-MGA 0139792; MGA 0139793-MGA 0139815; MGA 0139931-MGA 0139948; MGA 0140007-MGA 0140029; MGA 0140128-MGA 0140147; MGA 0140148-MGA 0140166; MGA 0140282-MGA 0140348; MGA 0140349-MGA 0140366.

The subject matter of Topic No. 9—the identity of the initials placed on the documents located during the search of MGA Mexico's offices—was the subject of prior motion practice and orders before the Court.  This Topic is therefore moot.

**G.**     **Topic Nos. 10-11:   Investigation Into the Theft of Mattel Trade Secrets by Machado, Vargas & Trueba**

Topic No. 10 seeks:

YOUR investigation of the facts and circumstances concerning the hiring of and/or theft of trade secrets by MACHADO, VARGAS or TRUEBA, including the IDENTITY of any PERSON who conducted any such investigation, the witnesses interviewed, and any work product, reports, notes, transcripts, recordings, or other DOCUMENTS prepared by or for the benefit of any PERSON who conducted such an investigation.

Topic No. 11 seeks:

Any investigation of the facts and circumstances concerning the hiring of and/or theft of trade secrets by MACHADO, VARGAS or TRUEBA, including the IDENTITY of any PERSON who conducted any such investigation, the witnesses interviewed, and any work product, reports,

MATTEL'S OPP. TO MGA MEXICO'S MOTION FOR PROT. ORDER RE 1ST PHASE 2 DEPOSITION NOTICE

notes, transcripts, recordings, or other DOCUMENTS prepared by or for the benefit of any PERSON who conducted such an investigation.

Topic Nos. 10-11 are unique. Mattel has never asked any MGA Mexico witness about any after-the-fact investigation conducted into the accused conduct of Machado, Vargas and Trueba. Asking about after-the-fact investigations is fair game. MGA deposed Mattel designee Jaime Elias about the investigations that Mattel conducted into the theft for days.[20] The Court overruled MGA's objections that everything related to its own investigations were privileged. See Docket No. 7717 at 4 n.1 ("To the extent that MGA discovered facts about the underlying trade secret allegations during these investigations, those facts—as well as the source of such facts—are properly discoverable."). After the Vargas deposition, Mattel now knows that an investigation was conducted into the thefts of Mattel trade secrets, including witness interviews that were conducted and as to which memoranda (as yet unproduced) were prepared.[21] Counsel for MGA Mexico questions Mr. Vargas by reading verbatim from a memorandum prepared by MGA's prior counsel, O'Melveny and Myers of an interview with Mr. Vargas.[22] MGA Mexico has never prepared a witness to testify on the subject of these investigations, much less a witness prepared with the benefit of facts obtained during the course of those investigations. MGA Mexico should be compelled to produce a fully prepared witness on these topics.

### H.   Topic No. 12:  Communication with Law Enforcement

Topic No. 12 seeks:

All COMMUNICATIONS between YOU and any governmental authority, including, without limitation law enforcement authorities or governmental officials, concerning any of the following topics:

a.      The substance of all or part of any allegation of MATTEL's Amended Answer and Counterclaims, Second Amended Answer and Counterclaims, or Third Amended Answer and Counterclaims, irrespective of the time the COMMUNICATION occurred with respect to the filing of such pleading.

---

[20] See Elias Transcript, totaling over 840 pages, *passim.*
[21] See e.g. Vargas Tr., 569:13-18, 584:11-22.
[22] Id.

MATTEL'S OPP. TO MGA MEXICO'S MOTION FOR PROT. ORDER RE 1ST PHASE 2 DEPOSITION NOTICE

b.      The investigation or prosecution by MEXICO law enforcement authorities of VARGAS, TRUEBA, MACHADO, LARIAN, MAKABI, or YOU.

c.      The investigation by UNITED STATES law enforcement authorities of CASTILLA, BRAWER, or YOU.

d.      The investigation by CANADA law enforcement authorities of BRISBOIS or YOU.

e.      The proposed or actual investigation, indictment or prosecution by any law enforcement authority in any country of YOU.

Topic No. 12 seeks information from a party designee regarding communications with law enforcement related to the trade secret theft and other wrongdoing. The Court has previously held communications with law enforcement to be discoverable.[23] MGA Mexico's sole claim is that Mattel has previously asked about communications between MGA Mexico representatives and law enforcement. The testimony that it relies upon, however, deals with recollections or knowledge of the search of MGA Mexico, whether MGA has disregarded Mattel employees' or former employees' obligations to Mattel, MGA's policies about employees bringing information from their former employers, and MGA Mexico's knowledge of Mattel's former employees' agreements with Mattel, for example. MGA Mexico relies on testimony from Isaac Larian, despite the fact that Mr. Larian has never been a corporate designee for MGA Mexico. Again, MGA Mexico does not concede that Mr. Larian's testimony is binding on MGA Mexico. Mattel has neither inquired of MGA Mexico nor received MGA Mexico's testimony about its communications with law enforcement officials regarding the theft. Motion at 14:23-25. MGA Mexico's denial that it has had any written communications with law enforcement authorities, an obvious falsehood, further justifies this topic.[24]

---

[23]   Dkt. 7434 at 5:12-17.

[24]   MGA Mexico has apparently produced no documents in response to the Court's Order to produce all communications by or on behalf of any of the MGA Parties with law enforcement in Mexico. Id.

MATTEL'S OPP. TO MGA MEXICO'S MOTION FOR PROT. ORDER RE 1ST PHASE 2 DEPOSITION NOTICE

1    **I.    Topic Nos. 13-15:    MGA Mexico's Termination of Machado,**
2    **Vargas & Trueba**

3    Given the testimony provided by MGA Mexico designee Kuemmerle regarding
4    the termination of Machado, Vargas and Trueba, which testimony was substantially
5    corroborated during their depositions, the Court need not rule on these Topics.

6    **J.    Topic No. 16:   Privileged Document**

7    Topic No. 16 relates to a document determined by the Court to be privileged.[25]
8    This Topic is therefore moot in light of the Court's privilege ruling.

9    **K.    Topic Nos. 17-20: Identity of Person with Custody of Mattel's Stolen**
10   **Trade Secrets**

11   Topic Nos. 17-20 are not burdensome in the least.  They seek the identity of the
12   person or persons who had custody of the stolen trade secrets that MGA Mexico
13   produced in to Mattel in this case.  In a motion resolved in Discovery Master Order
14   No. 56, MGA and Mattel cross-moved for information regarding the custodian of
15   documents that had been produced.[26]  For the Mexico-related Mattel trade secret
16   documents that MGA produced, the custodial information that was provided was
17   oblique, to say the least.  No person was identified as a custodian.  Instead, the
18   identified custodians were "Scanned Set" and "RICO Case Files".  These topics seek to
19   identify the person or persons who had custody of the stolen Mattel trade secrets, in
20   other words the identity of the person or person whose files are associated with
21   "Scanned Set" and "RICO Case Files."

22   **IV.   MGA MEXICO'S DEPOSITION IS NOT PRECLUDED BY THE**
23   **AUGUST 10, 2010 ORDER SETTING PRE-TRIAL DATES**

24   Based on argument presented by MGA in other briefs, Mattel anticipates that
25   MGA Mexico will argue that the Court's August 10, 2010 Order Setting Pre-Trial Dates

26

27   [25]   This document was attached as Exhibit B to the Notice but, consistent with
the Court's direction, Mattel does not continue to possess that document.
28   [26]   Discovery Matter Order No. 56 at 1-10 (Docket No. 6591-1).

MATTEL'S OPP. TO MGA MEXICO'S MOTION FOR PROT. ORDER RE 1ST PHASE 2 DEPOSITION NOTICE

1    renders dead letter all discovery that Mattel has propounded upon MGA.[27]  The Order

2    did not clear the table of all pending discovery.  As discussed above, Mattel seeks

3    limited, non-duplicative deposition testimony from MGA Mexico.  If MGA Mexico

4    provides a properly prepared witness to testify on those Topics, then that will not

5    "necessitate waves of new discovery."  Indeed, MGA's arguments on this score are not

6    even consistent with its own conduct, which has included serving discovery requests

7    after the August 10 Order and demanding on repeated occasions the actual production

8    of additional discovery after the August 10 Order.[28]  MGA's self-serving, one-way-

9    street approach to discovery should be rejected.

10                               **Conclusion**

11        For the foregoing reasons, Mattel respectfully requests that the Court compel

12   MGA Mexico to provide a fully prepared witness on Topic Nos. 1-5, 7-8, 10-12 and

13   17-20.

14   DATED:  August 17, 2010        QUINN EMANUEL URQUHART &
                                    SULLIVAN. LLP
15

16                                 Bv  /s/ Jon Corey
17                                    Jon Corey
                                      Attorneys for Mattel, Inc. and Mattel
18                                    de Mexico. S.A. de C.V.

19

20

21        [27]   Docket No. 8509.  The Order provided that: "The Court is well-aware of the

22   pending discovery disputes, including those issues which the Court has held in
     abeyance, and has reached the conclusion that further discovery is largely duplicative,
23   subject to two very narrow exceptions: (a) privileged e-mails between Defendant Larian
     and outside counsel concerning the birth of Bratz; and (b) privileged and work product
24   information about the decision to withhold an e-mail exchange between Larian and a
     fellow MGA executive.  . . . Finally, the Court's resolution of the discovery motions
25   still pending . . . will not necessitate waves of new discovery."  Id. at 2.
26        [28]   Just yesterday, for example, MGA insisted to the Discovery Master that the
27   parties meet and confer next week to schedule additional depositions and to discuss
28   additional discovery that MGA wants during the month of September.