1  ANNETTE L. HURST (State Bar No. 148738)
   ahurst@orrick.com
2  WARRINGTON S. PARKER III (State Bar No. 148003)
   wparker@orrick.com
3  ORRICK, HERRINGTON & SUTCLIFFE LLP
   405 Howard Street, San Francisco, CA 94105
4  Telephone: 415-773-5700 / Facsimile: 415-773-5759

5  WILLIAM A. MOLINSKI (State Bar No. 145186)
   wmolinski@orrick.com
6  ORRICK, HERRINGTON & SUTCLIFFE LLP
   777 South Figueroa Street, Suite 3200
7  Los Angeles, CA 90017
   Telephone: 213-629-2020/ Facsimile: 213-612-2499

8  THOMAS S. MCCONVILLE (State Bar No. 155905)
9  tmcconville@orrick.com
   ORRICK, HERRINGTON & SUTCLIFFE LLP
10 4 Park Plaza, Suite 1600, Irvine, CA 92614-2258
   Telephone: 949-567-6700/Facsimile: 949-567-6710

Attorneys for the MGA Parties

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | Case No. CV 04-9049 DOC (RNBx)<br>Consolidated with: Case No. CV 04-9059<br>Case No. CV 05-2727<br><br>**MGA PARTIES' REPLY IN SUPPORT OF CROSS-MOTION FOR PROTECTIVE ORDER RE MATTEL'S THIRD SET OF INTERROGATORIES**<br><br>Date: TBD<br>Time: TBD<br>Place: Courtroom 9D<br><br>**Hon. David O. Carter**<br>Fact Discovery Cut-off: October 4, 2010<br>Pretrial Conference: January 4, 2011<br>Trial Date: January 11, 2011 |

# INTRODUCTION

In its opposition to MGA's cross-motion for a protective order relating to Mattel's Third Set of Interrogatories,[1] Mattel wrongly asserts that this Court *must* find a waiver of MGA's right to move for a protective order as to Mattel's Third Set of Interrogatories because MGA did not file its motion before the due date for the discovery responses.[2] This, however, is not the law. Moreover, Mattel's contention is not even supported by the cases cited in Mattel's Opposition. Under the correct legal standard, as set forth herein, MGA's cross-motion for a protective order was timely and seasonable, and good cause exists to issue a protective order against Mattel's Third Set of Interrogatories.[3]

# ARGUMENT

## A.   Timeliness Under Federal Rule of Civil Procedure 26

Federal Rule of Civil Procedure 26 provides that "[a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending." Fed. R. Civ. P. 26(c). While the express language of Rule 26 does not set limits within which a motion for protective order must be made, there is an implicit requirement that the motion be timely or seasonable. *Berry v. Baca*, 2002 WL 1777412, at *2 (C.D. Cal. 2002); *Brittain v. Stroh Brewery Co.*, 136 F.R.D. 408, 413 (M.D.N.C. 1991). Even if a party moves for a protective order after the due date for the discovery, a court may still consider the motion timely if there is good cause. *Brittain*, 136 F.R.D. at 413 (motion for protective order timely where defendant served objections to written discovery requests, and then moved

---

[1] Mattel's Combined Reply in Support of Mattel's Motion to Compel Responses to Mattel's Third Set of Interrogatories to the MGA Parties (Phase 2) and Response to MGA's Improper Cross-Motion for a Protective Order, filed on August 16, 2010 ("Mattel's Opposition").
[2] *Id*. at 12.
[3] Mattel's attempt to pre-emptively "strike any MGA *sur-reply* purportedly in support of the untimely cross-motion" is improper and attempts to mislead the Court as to the nature of this Reply brief. Mattel's Opposition, at 14. MGA submits this Reply in support of its Cross-Motion for a Protective Order, pursuant to Fed. R. Civ. P. Rules 7 and 26(c) and L.R. 7-10, and addresses *only* issues raised in opposition to MGA's Cross-Motion.

for a protective order in response to plaintiffs' motion to compel). Absent extraordinary circumstances, the outside limit within which a motion for a protective order may be made is the time set for the response to a motion to compel written discovery. *Lexington Ins. Co. v. Swanson*, 2007 WL 1287938, at *2 (W.D. Wash. May 1, 2007) (citing to 6 *Moore's Federal Practice* at § 26.102).

### B. MGA's Cross-Motion for a Protective Order is Timely

MGA's Cross-Motion for a Protective Order regarding Mattel's Third Set of Interrogatories is timely, and therefore not improper, for three reasons. First, unlike the cases cited by Mattel, MGA acted in good faith in responding to Mattel's Third Set of Interrogatories. MGA served its objections to Mattel's Third Set of Interrogatories.[4] During the four weeks after, MGA continued to negotiate in good faith with Mattel regarding supplementing its discovery responses, and in fact, did supplement its responses.[5] *See Brittain v. Stroh Brewery Co.*, 136 F.R.D. 408, 413 (M.D.N.C. 1991).

Second, two intervening events affecting the relevancy of the subject interrogatories occurred *after* the due date for MGA's responses. On July 22, the Ninth Circuit issued its opinion vacating the equitable relief of Phase 1, and, on August 2, this Court issued an order dismissing Mattel's Thirteenth, Fourteenth, Fifteenth, and Sixteenth Counterclaims.[6] Both these events occurred *after* May 10, 2010, the due date for responses for Mattel's Third Set of Interrogatories, and therefore, MGA could not have moved for a protective order any sooner. Third, there was no undue delay in moving, as MGA's Cross-Motion for a Protective Order came just eight days after the Court's August 2 Order in response to Mattel's

---

[4] Response of MGA Parties to Mattel's Third Set of Interrogatories (Phase 2), served in May 13, 2010.
[5] MGA Parties' Opposition to Mattel's Motion to Compel Responses to Mattel's Third Set of Interrogatories and Cross-Motion for Protective Order re Mattel's Third Set of Interrogatories ("MGA's Cross-Motion"), filed on August 10, 2010 at 2-3.
[6] *Mattel, Inc. v. MGA Entertainment, Inc.*, No. 09-55673, 2010 WL 2853761 (9th Cir. July 22, 2010); Order On Motions To Dismiss, Docket No. 8423, filed on August 2, 2010

Motion to Compel. *Cf. Ayers v. Continental Cas. Co.*, 240 F.R.D. 216 (N.D.W.Va. 2007) (denying motion for protective order where motion was not filed for *six* months and moving party had not asserted objections in its discovery responses).

### C. Mattel's Argument Is Incorrect and Unsupported By The Cases Cited In Its Reply

Mattel's argument to the contrary simply ignores these facts. Worse yet, Mattel is wrong on the law. The cases cited in Mattel's Opposition do not support Mattel's proposition that a party *automatically* waives its right to move for a protective order if it fails to file a motion prior to the due date for the discovery response. The cases cited by Mattel are inapposite.[7] Moreover, two of the cases cited by Mattel expressly contravene Mattel's proposition. *See Lexington Ins. Co. v. Swanson*, 2007 1287938, at *2 (W.D. Wash. May 1, 2007) ("[T]he outside limit within which a motion for a protective order for written discovery may be made is the time set for the response to a motion to compel written discovery."); *Maxey v. General Motors Corp.*, 1996 WL 692222, at *2 (N.D. Miss. Nov. 18, 1996) (holding that a motion for a protective order should be filed before discovery responses due, but a court is "not required to deny outright the defendant's motion as untimely, however"). In any case, in each of the cited cases where a motion for protective order was found to be untimely, the court still reached the merits of the

---

[7] *United States v. Int'l Bus. Machines*, 70 F.R.D. 700 (S.D.N.Y. 1976) (denying motion for a protective order regarding document requests where moving party did not object to subpoena and had already produced the requested documents); *Lexington Ins. Co. v. Swanson*, 2007 WL 1287938 (W.D.Wash. May 1, 2007) (same); *Garrett v. McNutt*, 2009 WL 339600 (E.D. Cal. Oct. 20, 2009) (denying motion for protective order where moving party did not object to deposition notice and failed to appear at the deposition); *In re Air Crash Disaster at Detroit Metro. Airport*, 130 F.R.D. 627 (E.D. Mich. 1989) (same); *Maxey v. General Motors Corp.*, 1996 WL 692222 (N.D.Miss. Nov. 18, 1996) (denying motion for protective order where party did not assert objections in its response, and filed its motion two days before the expiration of discovery deadline); *United States v. Panhandle E. Corp.*, 118 F.R.D. 346 (D. Del. 1988) (denying motion for protective order for documents that the court had already ordered party to produce); *Ehrlich v. Inc. Vill. of Sea Cliff*, 2007 WL 1593241 (E.D.N.Y. June 1, 2007) (same); *Ayers v. Continental Cas. Co.*, 240 F.R.D. 216 (N.D.W.Va. 2007) (denying motion for protective order where motion was not filed for six months and party had not asserted objections in its discovery responses).

1  motion. Mattel's misstatement of law should be disregarded, and accordingly, the
2  Court should find that MGA has not waived its right to move for a protective order
3  regarding Mattel's Third Set of Interrogatories.

## **CONCLUSION**

5  For the foregoing reasons, MGA respectfully requests that the Court grant the
6  MGA Parties' Cross-Motion for a Protective Order Regarding Mattel's Third Set of
7  Interrogatories.

Respectfully submitted

Dated:   August 19, 2010         ORRICK, HERRINGTON & SUTCLIFFE LLP

By:  _____*/s/ Mark P. Wine*_____
            Mark P. Wine
            Attorneys for MGA Parties