QUINN EMANUEL URQUHART & SULLIVAN, LLP
  John B. Quinn (Bar No. 090378)
  (johnquinn@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc. and Mattel de Mexico, S.A. de C.V.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation, et al.,<br><br>Plaintiff,<br><br>vs.<br><br>MGA ENTERTAINMENT, INC., a California corporation, et al.,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 DOC (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>Hon. David O. Carter<br><br>**MATTEL, INC.'S SUPPLEMENT RE: *EX PARTE* APPLICATION TO STRIKE MGA'S AUGUST 10, 2010 MOTIONS TO COMPEL PURSUANT TO THE COURT'S AUGUST 10, 2010 ORDER AND FOR FAILURE TO MEET AND CONFER PURSUANT TO THE COURT'S JUNE 7, 2010 ORDER**<br><br>Hearing Date: TBD<br>Time: TBD<br>Place: TBD<br><br>Discovery Cut-off: October 4, 2010<br>Pre-trial Conf: January 4, 2011<br>Trial Date: January 11, 2011 |

00505.07975/3641146.3

MATTEL'S EX PARTE APPLICATION

**Preliminary Statement**

Mattel submits this supplement because MGA improperly noticed its August 10 Motions in direct contravention of the Court's August 10 Order and in a tactical effort to usurp the Court's authority by attempting to force Mattel to substantively respond to those Motions before the Court decides the Motions' propriety (or lack thereof) on Mattel's pending *ex parte*. Docket No. 8515. In addition to violating the Court's August 10 Order, three of the Motions seek discovery related to MGA's belatedly asserted trade secret claim. MGA's failure to identify its claimed trade secrets with particularity as required by C.C.P. § 2019 constitutes a further and new basis to grant Mattel's *ex parte* application to strike MGA's August 10 Motions and amended notices.

**Argument**

On August 19, MGA purported to notice for hearing the four motions that are the subject of Mattel's earlier *ex parte* application to strike.[1] This was yet another direct flouting of the Court's Order that "[n]o other motions to compel will be permitted the effective date of this Order," which was August 10, 2010.[2] And, even though these motions are the subject of a pending *ex parte*, MGA demanded that Mattel agree to a briefing schedule.[3] MGA apparently believes that it is entitled to usurp, at its whim and on its own timetable, the Court's review of Mattel's *ex parte* application and seek to force Mattel to respond before the Court can rule. Mattel will, of course, file oppositions if and only if the *ex parte* is denied or if otherwise directed by the Court. But MGA's unilateral attempt to render Mattel's application moot should be rejected.[4]

---

[1] Docket Nos. 8616, 8617, 8618, and 8619.
[2] Docket No. 8509.
[3] On August 17, 2010, MGA demanded that Mattel file its oppositions by August 20, 2010 and threatened to "notice the hearing to correspond to this proposal." August 17, 2010 Email from W. Molinski to M. Zeller.
[4] And MGA did not even notice the Motions in accordance with the Rules. Instead, MGA's amended notices violate (1) Local Rule 6-1 by failing to provide 28 days notice and (2) the Court's Standing Order by noticing the hearing on a Tuesday. The first proper hearing date, even if the motions were authorized, would be Monday, September 20. MGA's unauthorized amended notices should be rejected for these reasons as well.

Four days after Mattel filed its reply in support of its *ex parte* application to strike the August 10 Motions, MGA filed its new "compulsory counterclaim-in-reply". It is now obvious that MGA's primary motivation in hastily and improperly filing at least three of the August 10 Motions was to obtain discovery in support of the trade secret claim MGA planned to assert only days later (but had never informed Mattel or the Court were going to be filed). Three of MGA's August 10 Motions seek information directly relevant to this new trade secret claim.[5] The trade secret discovery sought by those three Motions, however, is barred until MGA identifies its trade secrets with specificity. See Advanced Modular Sputtering, Inc. v. Superior Court, 132 Cal. App. 4th 826, 834-835 (2005) ("Where, as here, [the] cause of action is factually dependent on the misappropriation allegation, discovery can commence only after the allegedly misappropriated trade secrets have been identified with reasonable particularity, as required by [C.C.P.] section 2019.210."); Computer Economics, Inc. v. Gartner Group, Inc., 50 F. Supp. 2d 980, 992 (S.D. Cal. 1999) (applying this rule in federal court). MGA's reference in its August 16 pleading to "documents, photographs, catalogs, and other information stolen from MGA by Mattel" scarcely serves to identify MGA's purported trade secrets with sufficient particularity. Advanced Modular, 132 Cal. App. 4th at 835 (identification of trade secrets must "distinguishing the trade secrets 'from matters of general knowledge in the trade or of special knowledge of those persons . . . skilled in the trade'"). Nor has MGA identified the alleged trade secrets with specificity anywhere else.

---

[5] These three August 10 Motions are: (1) MGA's Motion to Compel Documents from Mattel, Inc. Concerning Mattel's Theft of Competitors' Confidential Information [Docket No. 8503]; (2) MGA's Motion to Compel Production of Documents and Further Responses to MGA's First Set of Document Requests to Mattel Mexico Concerning Mattel Mexico's Possession of Competitors' Confidential Information [Docket No. 8504]; and (3) MGA's Motion to Compel Production of Documents and Further Responses to MGA Entertainment's First Set of Document Requests to Mattel Mexico regarding Mattel Mexico's Trade Secrets Claim [Docket No. 8505].

Ironically, MGA has previously asserted C.C.P. § 2019 in this proceeding and made this precise argument as a basis for refusing discovery regarding Mattel's trade secret claims.[6] MGA's failure to identify its trade secrets with particularity provides an additional, independent basis to strike those three motions or at least refuse to consider them until MGA has brought itself into compliance with its obligations.

For the foregoing reasons, Mattel respectfully requests that the Court grant its application to strike the August 10 Motions and the amended notices.

DATED: August 20, 2010          QUINN EMANUEL URQUHART &
                                SULLIVAN, LLP


                                By /s/ Michael T. Zeller
                                   Michael T. Zeller
                                   Attorneys for Mattel, Inc., and Mattel de
                                   Mexico, S.A. de C.V.

---

[6] See Memorandum of Points and Authorities in Support of MGA Entertainment, Inc. and Isaac Larian's Joint Motion to Dismiss Mattel's Amended Answer and Counterclaims, dated February 12, 2007, at 15-19.