ANNETTE L. HURST (Bar No. 148738)
ahurst@orrick.com
WARRINGTON S. PARKER III (Bar No. 148003)
wparker@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105
Telephone: +1-415-773-5700
Facsimile: +1-415-773-5759

WILLIAM A. MOLINSKI (Bar No. 145186)
wmolinski@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA 90017
Telephone: +1-213-629-2020
Facsimile: +1-213-612-2499

THOMAS S. MCCONVILLE (State Bar No. 155905)
tmcconville@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
4 Park Plaza, Suite 1600
Irvine, CA 92614-2258
Tel: (949) 567-6700/Fax: (949) 567-6710

Attorneys for the MGA Parties and
IGWT 826 Investments LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>MGA ENTERTAINMENT, INC., a California corporation, et al.,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 DOC (RNBx)<br><br>Consolidated with:<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>Honorable David O. Carter<br><br>**MGA PARTIES' RESPONSE TO MATTEL'S SUPPLEMENT TO EX PARTE APPLICATION TO STRIKE MGA'S AUGUST 10, 2010 MOTIONS**<br><br>Trial Date: January 11, 2011 |

## INTRODUCTION

Mattel's "Supplement" to its *ex parte* application is both a contravention of Court rules and a further effort to avoid producing key documents concerning its corporate espionage. MGA was forced to notice its four motions to compel because Mattel refused to stipulate to a briefing schedule – – again in contravention of Court rules. This "Supplement" follows on the heals of an improper "reply" to the *ex parte*, that is also not permitted by Court rules. Finally, Mattel's reliance on Cal. Code of Civ. Proc. 2019.210 is yet another effort to both avoid its discovery obligations and to distract attention from its years of withholding documents. MGA requests that a hearing be held on these four motions on September 14, 2010, as noticed or at another date – – before or after that date – – that is convenient to the Court.

## FACTS

MGA filed four motions to compel on August 10, 2010. On August 11, 2010, the Court issued an order that precluded any further motions to compel until an omnibus motion to be filed in September.[1]

Assuming Mattel would stipulate in good faith to a briefing schedule for these four motions, MGA did not set a hearing date for the motions. Desperate to avoid having these motions heard, Mattel filed a meritless *Ex Parte* Application to Strike MGA's August 10, 2010 Motions, that sought to distract attention from the gravity of its suppression of documents and, instead to focus attention on procedural issues, rather than the merits. MGA opposed that *ex parte* application, and Mattel then filed an improper "reply" to that opposition.

/ / /

/ / /

/ / /

---

[1] The Order is effective August 10, 2010. It is unclear, however, whether it applies retroactively to all motions filed on the effective date, or just to motions filed after the order was issued.

- 1 -

MGA Parties' Response To Mattel's Supplement To *Ex Parte* App To Strike MGA's August 10, 2010 Motions
CV 04-9049 DOC (RNBx)

1   On August 17, 2010 at 10:20 a.m., counsel for MGA wrote to Mattel's counsel requesting that Mattel stipulate to a briefing schedule on the four motions. MGA asked that Mattel respond by the close of business or MGA would be forced to notice the motions for the earliest hearing date. Mattel did not respond to this email.

On August 19, 2010, MGA again asked in writing and called Mattel's counsel, asking them to agree to a schedule for the motions. Again, Mattel ignored these requests – – not even having the courtesy to respond.

Having heard nothing from Mattel, MGA noticed its motions for hearing.

## ARGUMENT

### I. MATTEL'S IMPROPER "SUPPLEMENT" IS AN EFFORT TO DETRACT ATTENTION FROM ITS SUPPRESSION OF KEY EVIDENCE

Mattel is desperate to the avoid having to produce documents withheld for four years concerning its practice of spying on its competitors. Mattel's "Supplement" to *Ex Parte*, filed in direct contravention of this Court's rules, is just one further example of Mattel's desperation.

On August 10, 2010 – – one day *before* the Court ordered a halt to motions to compel – – MGA and MGA Mexico filed four motions to compel Mattel to produce documents. The most significant of these motions – – MGA's Motion to Compel Documents from Mattel Concerning Mattel's Theft of Competitors' Confidential Information – – asked for documents that Mattel agreed to produce in 2007, but that MGA has now discovered were intentionally hidden from production. MGA now knows that Mattel has successfully withheld a treasure trove of documents evidencing its practice, employed for at least 15 years, of sneaking into competitors' private showrooms using false names and business cards.

On the eve of the deposition of Sal Villasenor – – knowing Villasenor would admit to this widespread practice of corporate espionage – – Mattel hurriedly produced a handful of documents responsive to the 2006 requests that Mattel

- 2 -

MGA Parties' Response To Mattel's Supplement To *Ex Parte* App To Strike MGA's August 10, 2010 Motions
CV 04-9049 DOC (RNBx)

1  should have long ago produced. Upon demand by MGA after the deposition,
2  Mattel produced a few more documents identified by Villasenor, including his fake
3  business cards and expense report for reimbursement of phony business cards. But
4  Mattel has refused to produce the vast majority of responsive documents that MGA
5  now knows exist.

6  Also included in the four motions to compel filed on August 10, 2010 are
7  two motions directed to Mattel Mexico. Mattel Mexico was permitted into this case
8  in May, 2010, but on the condition it would need to respond to "expansive and
9  demanding discovery." Dkt. No. 7712, at 9. Despite the Court's admonition,
10 Mattel Mexico served largely objections to MGA's first set of document requests.

11 MGA noticed these motions when Mattel refused to stipulate to a briefing or
12 hearing schedule. Should the Court grant Mattel's *ex parte* application to strike,
13 Mattel will be relieved of responding to these motions at this time and these
14 motions will become part of the omnibus motion. However, given that the motions
15 were filed before the order precluding the filing of motions to compel, and given
16 the gravity of the issues and Mattel's inordinate delay in producing documents
17 responsive to these motions, MGA had every right to notice these motions. Mattel
18 should not be allowed to avoid filing responses simply by its refusal to agree to a
19 briefing schedule.

20 **II.    MATTEL'S RELIANCE ON CCP 2019.210 IS IMPROPER**

21 Mattel's attempts to use Cal. Code of Civ. Proc. 2019.210 as a reason for not
22 providing documents it agreed to produce four years ago. This is an obvious
23 attempt to create as much delay and as many roadblocks as Mattel can muster to
24 avoid having to produce this damaging evidence.

25        **A.    The Requested Discovery Is Relevant To MGA's Previously
                  Alleged Unfair Competition Claim and Unclean Hands Defense**
26

27 MGA propounded its requests for documents concerning Mattel's improper
28 access to competitors' showrooms in 2006 – – four years before it asserted its

1  recent trade secrets claims.  Mattel agreed to produce documents responsive to
2  those requests because Mattel knew that its acts of corporate espionage were
3  relevant to the unfair competition claims asserted in 2005, and to MGA's unclean
4  hands defense.  Indeed, MGA's unclean hands defense specifically identifies
5  Mattel's use of false identities to gain competitors' confidential information as a
6  basis for the defense.

7  Mattel cannot now refuse to respond to discovery requests and motions
8  concerning this practice because that discovery may also relate to the recent trade
9  secret claim – – even, if, arguendo, there was a basis for applying CCP 2019.210 to
10 that claim.  Section 2019.210 only applies to discovery on trade secret claims; it
11 does not allow a party to refuse discovery on other claims.

### B. MGA Has Identified Its Trade Secrets With Specificity

13 Moreover, MGA's description of the trade secrets stolen by Mattel is more
14 than specific enough to meet Section 2019.210.  In its Reply to Mattel's Fourth
15 Amended Answer and Counterclaims, MGA describes in excruciating detail the
16 information taken by Mattel employees from MGA's private showrooms, namely,
17 the pictures, descriptions, prices and other information contained within the various
18 Mattel toy fair reports about MGA products.  *See* Dkt. # 8583, ¶ 305 ("Trade
19 Secrets Materials" shall mean the documents, photographs, catalogs, and other
20 information stolen from MGA by Mattel, as well as by Rahimi, including but not
21 limited to the information concerning MGA in the annual Mattel NYTF reports
22 from 2000 and 2006 related to MGA's unreleased products.")  MGA also describes
23 exactly what information was stolen.  *Id.* ¶ 6-22.  MGA further identifies the
24 particular 54 products about which Mattel took trade secret information and the
25 particular documents in which the trade secret information is set forth.  This more
26 than meets the requirement of Section 2019.210.  *See*, *Advanced Modular*
27 *Sputtering, Inc. v. Sup. Ct.*, 132 Cal. App. 4th 826 (2005).  Indeed, MGA's
28 identification of its trade secrets is far more developed from the start than is

- 4 -

MGA Parties' Response To Mattel's Supplement To *Ex Parte* App To Strike MGA's August 10, 2010 Motions
CV 04-9049 DOC (RNBx)

1 | Mattel's allegations concerning its purported trade secrets, where Mattel continues
2 | to refer to vague notions such as "knowledge of forecasting systems," "sales data"
3 | and "pricing information." *See*, e.g., Mattel FAAC, ¶ 36-93, 134.  Mattel, in fact,
4 | successfully resisted MGA's efforts to enforce Section 2019.210 on broad,
5 | overreaching descriptions of its alleged trade secrets.

7 | Dated:    August 23, 2010             ORRICK, HERRINGTON & SUTCLIFFE LLP

9 |                                       By:   /s/ *William A. Molinski*
10 |                                             William A. Molinski
                                                Attorneys for MGA Parties and IGWT
11 |                                             Investments LLC