QUINN EMANUEL URQUHART & SULLIVAN, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  michaelzeller@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:  (213) 443-3000
Facsimile:  (213) 443-3100

Attorneys for Mattel, Inc. and
Mattel de Mexico, S.A. de C.V.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>MGA ENTERTAINMENT, INC., a California corporation, et al.,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 DOC (RNBx)<br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>Hon. David O. Carter<br><br>**MATTEL, INC.'S OPPOSITION TO IGWT 826 INVESTMENTS, LLC'S MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>Date:    September 13, 2010<br>Time:    8:30 a.m.<br>Place:   Courtroom 9D<br><br>**Phase 2**<br>Discovery Cut-off:   October 4, 2010<br>Pre-trial Conference:   January 4, 2011<br>Trial Date:   January 11, 2011 |

**TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ................................................................................ 1

STATEMENT OF FACTS ......................................................................................... 1

ARGUMENT .............................................................................................................. 2

I.    MATTEL STATES A VALID RICO CONSPIRACY CLAIM AGAINST IGWT ............................................................................................ 3

II.    MATTEL HAS STATED A VALID DECLARATORY RELIEF CLAIM AGAINST IGWT ........................................................................... 8

CONCLUSION ........................................................................................................... 9

# TABLE OF AUTHORITIES

**Page**

**Cases**

In re American Principals Holdings, Inc. Securities Litigation,
  1987 WL 39746 (S.D.Cal. 1987) .................................................................. 4

American States Ins. Co. v. Kearns,
  15 F.3d 142 (9th Cir. 1994) ......................................................................... 8

Beck v. Prupis,
  529 U.S. 494 (2000) ................................................................................ 3, 7

Beltz Travel Serv., Inc. v. Int'l Air Transport Assoc.,
  620 F.2d 1360 (9th Cir. 1980) .................................................................... 4

Boyle v. United States,
  129 S. Ct. 2237 (2009) ................................................................................ 7

Calde Co. v. Schultz,
  779 F. Supp. 392 (N.D. Tex. 1991) ............................................................. 5

De La Torre v. Icenhower,
  2010 WL 2925690 (S.D.Cal. 2010) ............................................................ 4

Industrial Bldg. Materials, Inc. v. Interchemical Corp.,
  437 F.2d 1336 (9th Cir. 1971) .................................................................... 4

Levine v. United States,
  383 U.S. 265 (1966) .................................................................................... 7

In re Lower Lake Erie Iron Ore Antitrust Litig.,
  710 F. Supp. 152 (E.D. Pa. 1989) ............................................................... 5

National Organization for Women, Inc. v. Scheidler,
  1997 WL 610782 (N.D.Ill. 1997) ................................................................ 7

Oki Semiconductor v. Wells Fargo Bank,
  298 F.3d 768 ............................................................................................... 3

Platt Elec. Supply, Inc. v. EOFF Elec., Inc.,
  522 F.3d 1049 (9th Cir. 2008) .................................................................... 1

Salinas v. US,
  522 U.S. 52 (1997) ...................................................................................... 3

Scholes v. Moore,
  150 F.R.D. 133 (N.D. Ill. 1993) .................................................................. 5

Sec. Investor Prot. Corp. v. Vigman,
  908 F.2d 1461 (9th Cir. 1990) .................................................................... 3

Smith v. Berg,
    247 F.3d 532 (3d Cir. 2001) .................................................................................. 1

U.S. v. Castillo,
    814 F.2d 351 (7th Cir. 1987) ................................................................................. 5

U.S. v. Ellerman,
    411 F.3d 941 (8th Cir. 2005) ................................................................................. 5

U.S. v. Shelton,
    669 F.2d 446 (7th Cir. 1982) ................................................................................. 5

United States v. Blackmon,
    839 F.2d 900 (2d Cir. 1988) .................................................................................. 5

United States v. Edwards,
    945 F.2d 1387 (7th Cir. 1991) ............................................................................... 5

United States v. Lothian,
    976 F.2d 1257 (9th Cir. 1992) ............................................................................... 6

United States v. Lynch,
    699 F.2d 839 (7th Cir. 1982) ................................................................................. 5

United States v. O'Campo,
    973 F.2d 1015 (1st Cir. 1992) ............................................................................... 6

United States v. Read,
    658 F.2d 1225 (7th Cir. 1981) ............................................................................... 5

United States v. Spudic,
    795 F.2d 1334 (7th Cir. 1986) ............................................................................... 5

Williamson v. Gen. Dynamics Corp.,
    208 F.3d 1144 (9th Cir. 2000) ............................................................................... 2

**Statutes**

18 U.S.C. § 1962(d) ...................................................................................................... 2

18 U.S.C. § 1964(c) ...................................................................................................... 2

Cal. Civ. Code § 3439.01 .............................................................................................. 8

Pub. L. No. 91-452, § 904(a) ........................................................................................ 7

**Preliminary Statement**

In denying IGWT's and the MGA Parties' motion to dismiss Mattel's RICO conspiracy claims, the Court found that "Mattel has alleged detailed facts to sustain its claim that each conspirator" – including IGWT – adopted the goal of furthering or facilitating the operation or management of the alleged enterprise. Order at 20. IGWT did not challenge Mattel's standing to raise a RICO conspiracy claim against it at that time, and the Court rejected the challenges to Mattel's RICO pleading that it did make.

Seizing on the Court's dismissal of Omni, IGWT argues that it too should be dismissed for lack of standing. As its critical premise, it argues that it cannot be liable for the injurious acts of its co-conspirators that occurred before it joined the conspiracy in August 2008. But that overlooks well-established law that, for purposes of a conspiracy claim, a conspirator *can* be liable for acts of the conspiracy that occurred before the conspirator joined. Moreover, IGWT is not, as it claims, "indistinguishable" from Omni. Even if certain acts of the conspiracy that pre-dated August 2008 were not reasonably foreseeable to Omni, those acts were *actually known* to IGWT, which merely is an extension of Isaac Larian. It would be inequitable to allow Larian's shell company, used to further the fraudulent acts against Mattel, to escape liability.

IGWT's motion should be denied.

**Statement of Facts[1]**

Larian created IGWT on August 27, 2008 -- the day after the Phase 1 trial ended and the jury had awarded $100 million in damages against defendants. FAAC ¶ 18; 105. IGWT is Larian's alter ego. Id. ¶ 19. MGA and IGWT first denied this, but they can deny it no longer. See August 2, 2010 Order, Dkt. 8423 (hereafter "Order") at 20-

---

[1] In reviewing a judgment on the pleadings, a court "accept[s] as true all well-pleaded facts in the complaint and construe them in the light most favorable to the nonmoving party." Platt Elec. Supply, Inc. v. EOFF Elec., Inc., 522 F.3d 1049, 1052 (9th Cir. 2008) (internal citations omitted).

21 (noting "the nature of the uncontested relationships between the alleged co-conspirators").  Larian created IGWT to further his scheme to secretly purchase MGA's debt, which was part of an elaborate scheme to obstruct justice and further the frauds committed against Mattel.  FAAC ¶¶ 97-116.

In furtherance of the debt purchase transaction, Larian, through IGWT, "loaned" $60 million, or more than 50% of the total purchase price of the debt, to Omni to purchase the debt.  Id. ¶ 104.  IGWT also provided a purported line of credit to MGA and through Omni called the "Draw Demand Note."  Id. ¶¶ 112-113.  Both of these were mechanisms for Larian to siphon money out of MGA and into his pockets.  Id. ¶¶ 105, 112-113.  Moreover, Larian, through IGWT, purported to obtain "first position" secured debt with respect to the funds Larian loaned MGA, thus effectively converting the illegal proceeds of MGA's conduct into Larian's purportedly secured debt.  Id. ¶ 113.

In the FAAC, Mattel has pled a claim for conspiracy to violate RICO under 18 U.S.C. § 1962(d) and § 1964(c), alleging, among other things, that Larian, MGA, IGWT and others, acting in concert, conspired to violate § 1962(d) by furthering, promoting, and facilitating the Criminal Enterprise detailed in paragraphs 28-29, 31-32, 35-36, 48-57, and 60-120 in violation of § 1962(c).  Id. ¶ 129.  As a result of this conspiracy in which IGWT participated and joined, Mattel sustained injury to its business or property, including injury by reason of the predicate acts constituting the pattern of racketeering activity.  Id. ¶ 132.

## Argument

IGWT is entitled to judgment on the pleadings only if it "appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle it to relief."  Williamson v. Gen. Dynamics Corp., 208 F.3d 1144, 1149 (9th Cir. 2000) (reversing dismissal).  IGWT's motion fails under this standard.

## I. MATTEL STATES A VALID RICO CONSPIRACY CLAIM AGAINST IGWT

IGWT argues that Mattel's RICO conspiracy claim should be dismissed as to IGWT for lack of standing because Mattel "has not suffered any injury to its business or property as a result of any RICO violation by IGWT." Motion at 3. This is incorrect.

Most of the pleading requirements at issue here have been established. It is also established that Mattel has satisfied them. Thus, the Court has already found that Mattel "has alleged detailed facts to sustain its claim that each conspirator adopted the goal of furthering or facilitating the operation or management of the associated-in-fact enterprise." Order at 18-19. Mattel also successfully alleged both a conspiracy and injury from predicate acts committed by the conspirators. Id. at 20. There is no need, as the Court recognized, to prove injury caused by *each* conspirator; instead, "[a] civil RICO 'plaintiff [may] sue co-conspirators who might not themselves have violated one of the substantive provisions of § 1962' pursuant to the well-established rule that a conspirator can be held 'vicariously liable for the underlying tort[s]' committed by his co-conspirators.'" Id. at 21 (citing Beck v. Prupis, 529 U.S. 494, 500-507 (2000)).[2] It is well-established that all RICO conspirators are liable for the acts of their co-conspirators, regardless of whether their individual actions proximately caused the plaintiff's injuries. See, e.g., Salinas v. US, 522 U.S. 52, 64 (1997) ("so long as they share a common purpose, conspirators are liable for the acts of their co-conspirators."); Oki Semiconductor v. Wells Fargo Bank, 298 F.3d 768, 775 ("If a RICO conspiracy is demonstrated, all conspirators are liable for the acts of their co-conspirators"); Sec. Investor Prot. Corp. v. Vigman, 908 F.2d 1461, 1468 (9th Cir. 1990) (holding RICO conspirators jointly and severally liable for the damage inflicted by the conspiracy

---

[2]  See also Smith v. Berg, 247 F.3d 532, 537 (3d Cir. 2001) ("The plain implication of the standard set forth in Salinas is that one who opts into or participates in a conspiracy is liable for the acts of his co-conspirators which violate section 1962(c) even if the defendant did not personally agree to do, or to conspire with respect to, *any* particular element") (emphasis in original).

reflects the notion that "a conspiracy is not to be judged by dismembering it and viewing its separate parts, but only by looking at it as a whole") (rev'd on other grounds); <u>Beltz Travel Serv., Inc. v. Int'l Air Transport Assoc.</u>, 620 F.2d 1360, 1367 (9th Cir. 1980) (in a civil conspiracy, "[a]ll conspirators are jointly liable for the acts of their co-conspirators").

IGWT does not appear to take issue with any of this. Instead, citing the Court's prior Order and little else, IGWT claims that the Court already found that (1) the alleged injurious acts occurring after August 2008 did not yield standing, and (2) Omni cannot be held liable for acts pre-dating its joinder in the conspiracy and pre-dating its creation. Since IGWT was created at about the same time as Omni, the argument goes, it too cannot be liable.

The critical premise for this syllogism – that IGWT cannot be liable based on acts pre-dating its joinder in the conspiracy – is not correct. In fact, the Ninth Circuit has held that a conspirator *can* be liable for acts committed prior to his entry into the conspiracy. <u>Industrial Bldg. Materials, Inc. v. Interchemical Corp.</u>, 437 F.2d 1336, 1343 (9th Cir. 1971) ("One who enters a conspiracy late, with knowledge of what has gone before, and with the intent to pursue the same objective, may be charged with preceding acts in furtherance of the conspiracy."); <u>see also</u> <u>De La Torre v. Icenhower</u>, 2010 WL 2925690, *2 (S.D.Cal. July 22, 2010) (denying motion to dismiss, finding that "[e]ven if [defendant] only entered into the conspiracy at a late stage, he can still be held liable for the preceding conspiratorial acts"); <u>In re American Principals Holdings, Inc. Securities Litigation</u>, 1987 WL 39746, *19 n.20 (S.D.Cal. July 9, 1987) (liability as a co-conspirator can extend to the damages proximately caused before defendant joined, since a rule to the contrary "ignore[s] the nature of liability as a co-conspirator. Once the requisite agreement is established, it is the acts of one's co-conspirators for which each co-conspirator is vicariously liable. Where there is an underlying civil wrong … the timing of the agreement is irrelevant") (emphasis added).

Similarly, other circuits have held that "as a matter of conspiracy law...a Johnny-come-lately may be liable for acts committed before he joined" the conspiracy. See United States v. Edwards, 945 F.2d 1387, 1395 (7th Cir. 1991). Indeed, any "member of a conspiracy is liable for the acts of another co-conspirator if done in furtherance of the agreed upon conspiracy, even if acts may have been performed before the member joined the conspiracy." U.S. v. Castillo, 814 F.2d 351, 355 (7th Cir. 1987).[3] "By joining the conspiracy, [defendant] participated in, and is liable for, all prior co-conspirators' actions that furthered the conspiracy." U.S. v. Ellerman, 411 F.3d 941, 948 (8th Cir. 2005); see also In re Lower Lake Erie Iron Ore Antitrust Litig., 710 F.Supp. 152, 153-54 (E.D. Pa. 1989) (conspirators can be held liable for prior acts of co-conspirators); Calde Co. v. Schultz, 779 F.Supp. 392, 400 (N.D. Tex. 1991) ("Indeed, upon joining a fraudulent conspiracy, each defendant becomes liable for the prior conduct of the earlier conspirators, and remains liable for the subsequent conduct of the other conspirators.") (citation omitted).

Accordingly, the critical premise for IGWT's syllogism is in error. IGWT argues that it should be dismissed because it cannot be liable for any acts of the conspiracy that occurred before it joined the conspiracy. The law is to the contrary.

The authorities cited in the Court's prior Order (which IGWT chooses not to even cite, let alone discuss) do not alter this conclusion. Rather, they too stand for the proposition that, for purposes of a conspiracy count, a conspirator *can* be liable for acts committed prior to his entry into the conspiracy, while he may not incur liability for these acts as substantive offenses. For example, in United States v. Blackmon, the

---

[3] See also U.S. v. Shelton, 669 F.2d 446, 454 (7th Cir. 1982) ("Each 'conspirator is liable for overt acts of every other conspirator done in furtherance of the conspiracy, whether the acts occurred before or after he joined the conspiracy.'") (quoting United States v. Read, 658 F.2d 1225, 1230 (7th Cir. 1981); United States v. Spudic, 795 F.2d 1334, 1337 (7th Cir. 1986) (same); United States v. Lynch, 699 F.2d 839, 842 & n. 2 (7th Cir. 1982) (same); Scholes v. Moore, 150 F.R.D. 133, 135-36 (N.D. Ill. 1993) ("we assume here that Moore would be liable for all damages caused by any acts in furtherance of the conspiracy, even those committed before he joined").

Second Circuit vacated a conviction *as to the substantive counts* of wire fraud based on co-conspirators' acts occurring prior to the defendant's joinder in the conspiracy. 839 F.2d 900, 910 (2d Cir. 1988). However, "for purposes of conviction for conspiracy (as opposed to conviction for substantive offenses), a coconspirator is liable for acts committed in furtherance of the conspiracy prior to his entry into the conspiracy." Id.; see id. at 911 ("*As applied to the conspiracy count*, the judge's instruction on retroactivity was . . . correct and could not have misled the jury.") (emphasis added). Similarly, while the First Circuit ruled that the defendant had no "liability for prior *substantive* offenses committed in furtherance of the conspiracy" in United States v. O'Campo, it also recognized that a party *may* be chargeable with having adopted the acts of his co-conspirators before he joined the conspiracy for purposes of liability *as a conspirator*. 973 F.2d 1015, 1023-1024 (1st Cir. 1992) ("While we recognize that a party may be chargeable with having adopted the acts of his co-conspirators before he joined the conspiracy for purposes of criminal liability as a conspirator, this responsibility does not extend to criminal liability for prior substantive offenses committed in furtherance of the conspiracy").

United States v. Lothian, 976 F.2d 1257 (9th Cir. 1992), is no different. The Ninth Circuit stated there that "a defendant cannot be held liable for substantive offenses committed before joining or after withdrawing from a conspiracy." Id. at 1262. However, the facts of the case implicated neither liability for pre-occurring acts nor even a conspiracy claim; instead, the court considered "the application *of the withdrawal defense to substantive fraud offenses outside the context of conspiracy law*." Id. at 1261 (emphasis added). In that context – while addressing neither a conspiracy claim nor a claim based on pre-joinder injurious acts – the court's statement that liability "for substantive offenses" cannot be predicated on pre-joinder conduct is unremarkable. As the discussion in the pages above clearly shows, if *liability for*

1  *substantive offenses* cannot be based on pre-joinder conduct, *liability for conspiracy*
2  clearly can.[4]

3  Mattel's counterclaim against IGWT is for RICO conspiratorial liability, not substantive RICO acts. A civil RICO "plaintiff [may] sue co-conspirators who might not themselves have violated one of the substantive provisions of § 1962' pursuant to the well-established rule that a conspirator can be held 'vicariously liable for the underlying tort[s]' committed by his co-conspirators." Order at 21 (citing Beck, 529 U.S. at 500-507). IGWT can be liable for pre-joinder injurious acts of the conspiracy and should not be dismissed.

In any event, IGWT cannot rely, as it does, simply on the Court's prior dismissal of Omni. The Court found that Mattel had failed to demonstrate standing to raise a RICO conspiracy claim as to Omni on the basis that it could not reasonably foresee the injurious predicate acts which happened prior to Omni joining the conspiracy. But IGWT is Larian's alter ego; the prior acts were actually known by IGWT. FAAC ¶ 19. IGWT is an instrument used by Larian as part of the fraud against Mattel. Id. ¶¶ 104-108, 112-113. It would be inequitable to dismiss it. The RICO statute "provides that its terms are to be 'liberally construed to effectuate its remedial purposes.'" Boyle v. United States, 129 S.Ct. 2237, 2242 (2009) (quoting Pub. L. No. 91-452, § 904(a), 84 Stat. 947 (1970)). IGWT's reasoning would condone the dismissal of an entity created by a long-standing member of the conspiracy for the purpose of continuing and facilitating the wrongful acts of the conspiracy. This would neither effectuate the RICO statute's remedial purposes nor would it serve justice.

---

[4] Moreover, the authority that Lothian cites, Levine v. United States, 383 U.S. 265, 266 (1966), "predates the enactment of RICO and thus, has little, if any, application to the instant [RICO] case." National Organization for Women, Inc. v. Scheidler, 1997 WL 610782, *15 (N.D.Ill. 1997) (holding that "cases interpreting RICO have held that a defendant who later joins an enterprise can be linked to the enterprise's previous predicate acts") (internal quotations omitted). To Mattel's knowledge, Lothian has never been cited for the proposition that no civil RICO liability can attach for acts occurring before a conspirator joined in a conspiracy.

## II. MATTEL HAS STATED A VALID DECLARATORY RELIEF CLAIM AGAINST IGWT

IGWT moves to dismiss Mattel's declaratory relief claim on the grounds that no actual controversy exists between it and Mattel, and further because this claim seeks duplicative relief. As to IGWT, Mattel's declaratory relief claim seeks a judicial declaration that "any and all encumbrances, security interests or rights of priority that [IGWT] purports to hold senior or preferred to Mattel's rights as a creditor of MGA are invalid and/or are equitably subordinated to Mattel's rights as a creditor of MGA." FAAC ¶ 242. Even assuming (contrary to fact and law) that Mattel lacks standing to pursue a RICO conspiracy claim against IGWT, that does not imply that no actual controversy exists between IGWT and Mattel with respect to whether IGWT's claimed security interest in MGA money or property is legitimate and senior to Mattel's claims as a creditor. Likewise, even assuming, as IGWT notes, "Mattel never did and does not now have an enforceable judgment against MGA" (Motion at 7, quoting without citation Order at 23), that too does not mean that no actual dispute exists between Mattel and IGWT with respect to their respective statuses as creditors of MGA. California law expressly recognizes that contingent judgment creditors have rights to protect their interests as creditors. See Cal. Civ. Code § 3439.01 ("creditor" for purposes of the CUFTA is a "person who has a claim," and a "claim" is a "right to payment, whether or not the right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured").

Mattel's declaratory relief claim properly seeks to enforce those rights and, Mattel submits, presents a "case of actual controversy" such that it is ripe for adjudication. American States Ins. Co. v. Kearns, 15 F.3d 142, 143 (9th Cir. 1994). The claim also is not duplicative of Mattel's RICO conspiracy claim, as it seeks different relief (and of course it clearly would not be duplicative if the RICO conspiracy claim is dismissed as IGWT urges).

## Conclusion

For the foregoing reasons, IGWT's Motion should be denied.

DATED: August 23, 2010         QUINN EMANUEL URQUHART & SULLIVAN, LLP

By /s/ Michael T. Zeller
   Michael T. Zeller
   Attorneys for Mattel, Inc. and Mattel de Mexico, S.A. de C.V.