ANNETTE L. HURST (State Bar No. 148738)
ahurst@orrick.com
WARRINGTON S. PARKER III (State Bar No. 148003)
wparker@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building, 405 Howard Street
San Francisco, CA 94105
Tel. (415) 773-5700/ Fax: (415) 773-5759

WILLIAM A. MOLINSKI (State Bar No. 145186)
wmolinski@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA 90017
Tel. (213) 629-2020/Fax: (213) 612-2499

THOMAS S. McCONVILLE (State Bar No. 155905)
tmcconville@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
4 Park Plaza, Suite 1600
Irvine, CA 92614-2258
Tel: (949) 567-6700/Fax: (949) 567-6710

Attorneys for MGA Parties and IGWT 826 Investments LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | Case No. CV 04-9049-DOC (RNBx)<br><br>Consolidated with:<br>Case No. CV 04-9059<br>Case No. CV 05-2727<br><br>**REPLY IN SUPPORT OF MGA MEXICO'S MOTION FOR PROTECTIVE ORDER FROM MATTEL, INC.'S FIRST PHASE 2 NOTICE OF DEPOSITION OF MGA MEXICO PURSUANT TO FED. R. CIV. P. 30(B)(6)**<br><br>Date: TBD<br>Time: TBD<br>Place: TBD<br><br>Trial Date: January 11, 2011 |

Reply in Support of MGA Mexico's Mtn for Protective Order
from Mattel's 1st Phase 2 Ntc of Depo of MGA Mexico
CV 04-9049 DOC (RNBx)

## INTRODUCTION

As soon as this case was transferred to Judge Carter, the parties were informed that discovery needed to proceed with diligence and haste. If the topics in the First Phase 2 Notice of Deposition to MGA Mexico were critical to Mattel's case, it should have pursued the topics in accordance with those Court instructions. Instead, Mattel decided to lay a discovery trap. It served its First Phase 2 Notice of Deposition of MGA Mexico in December 2009 and ignored MGA Mexico's correspondence trying to set a date for the deposition in January 2010, allowing all MGA Mexico fact witnesses to be deposed before springing the notice back into action at the close of the discovery period. Mattel's intention is clear. It wants a second bite at the apple for those issues that it believes it did not get a good enough sound bite from MGA Mexico witnesses the first time around. Further, Mattel wants to use corporate depositions to illicit legal positions from MGA Mexico. However, neither of these purposes are proper uses of discovery and MGA Mexico should be granted a protective order to prevent the harassing discovery now sought by Mattel.

## ARGUMENT

### I. MATTEL IS MERELY SEEKING A SECOND BITE AT THE APPLE

Mattel cannot dispute the overlap between its First Notice of Deposition served on MGA Mexico, which included 59 topics on which MGA Mexico prepared and produced a witness for testimony, and its First Phase 2 Notice of Deposition at issue in this motion. Mattel attempts to avoid the import of this overlap by arguing that Mattel did not seek testimony from MGA Mexico's witness on specific areas. However, the issue is not whether Mattel actually sought testimony, it is whether Mattel's previous topics required MGA Mexico to prepare a witness on a topic even if that area went unexplored.

Moreover, Mattel admits in its opposition that it did in fact have the opportunity to depose MGA Mexico (as well as former MGA Mexico employees)

about the topics at issue in the First Phase 2 Notice. For example, for Topic 5, "Mattel agrees that it has covered the involvement of Machado, Treuba and Vargas in MGA's entry into the Mexico toy market." Mattel Opposition to MGA Mexico's Motion for Protective Order re 1st Phase 2 Deposition Notice ("Opp."), p. 9 [Dkt. No. 8599]. For Topics 13-15, Mattel admits that it obtained testimony from "MGA Mexico designee Kuemmerle regarding the termination of Machado, Vargas, and Trueba" and furthermore that Machado, Vargas, and Trueba were all deposed about the same issues. *Id.* at 16. Similarly, for Topic 6, Mattel admits that Machado, Trueba, and Vargas have already provided testimony relevant to the topic of the search of MGA Mexico's offices by Mexican authorities. *Id.* at p. 10. Even where Mattel does not admit that it has obtained all of the necessary testimony, it cites to depositions that demonstrate it has had the opportunity to obtain testimony from the relevant parties. *See id.* at 12 (Topic 7, acknowledging previous testimony of Larian as well as testimony from Kuemmerle, as a MGA Mexico designee); 13 (Topic 8, admitting obtaining previous corporate testimony relating to the topic); 15 (Topic 12, discussing testimony of previous corporate witness and Larian).

These Mattel admissions demonstrate that Mattel is not seeking fact discovery from MGA Mexico, but rather it wants to have a corporate representative rehash previous testimony in the hopes of getting better sound bites and more insight into MGA Mexico's legal theories. This improper purpose is illustrated by the fact that Mattel is now dropping several topics from its notice. For example, for Topic 6, Mattel claims that Mr. Small "was unable to find any testimony of evidence that Mattel or the Mexican Police planted any evidence located during the search of MGA Mexico's office" and, apparently happy with that testimony, Mattel states that it does not need more testimony on the topic. Opp. at 10. Mattel's selection of topics on which it is happy not to seek duplicative corporate testimony demonstrates that it is not participating in the discovery process in good faith, but

- 2 -

Reply in Support of MGA Mexico's Mtn for Protective Order
from Mattel's 1st Phase 2 Ntc of Depo of MGA Mexico
CV 04-9049 DOC (RNBx)

rather intends to harass MGA Mexico to provide corporate testimony on the same topics until Mattel is happy with the manner in which the facts are stated.[1]

The Court should not entertain Mattel's selective demand for further corporate testimony. The fact remains that Mattel had the opportunity to obtain testimony on the facts at issue in this case from MGA Mexico when it demanded that a witness be prepared on all 59 of the topics in Mattel's First Notice. Moreover, Mattel *has* obtained testimony about the facts at issue in the case. Mattel's desire to rehash what has already been provided by MGA Mexico should not be entertained and MGA Mexico should be granted a protective order.

## A. Topics 1-4

Mattel argues that its current Topics 1-4, relating to sales of Bratz in Mexico, are distinguishable from its previous seven topics on which it obtained testimony regarding the sale of Bratz in Mexico. Mattel argues that the current topics relate to MGA Mexico's "use" of Mattel's alleged trade secrets and that the previous topics "relate to financial information." Opp. at 8. However, Mattel's characterization of these topics is incorrect. The current topics do not relate to "use" of alleged trade secrets, but rather go generally to MGA Mexico's sale of Bratz.[2] Moreover, the previous topics were not limited to "financial information," but rather, were broad

---

[1] Mattel states that the Court "need not rule" on the various topics on which it states that it no longer seeks testimony. However, Mattel's dropping of these topics after the meet and confer process and after the filing of a motion for protective order amounts to a non-opposition of the motion as to those topics. Accordingly, the Court should grant MGA Mexico's protective order as to Topics 6, 9, 13-16 based upon Mattel's non-opposition.

[2] Even if the Topics did go to "use," as explained in MGA's Motion, Topics 1-15 of Mattel's First Notice to MGA Mexico covered all aspects of trade secret misappropriation, including topics related to use. Motion for Protective Order at 13 [Dkt. No. 8465]; Topic 2 (MGA Mexico's "*use* of any documents, data and/or information . . . that was prepared, made, created, generated, assembled or compiled by or for Mattel"), Topic 3 (MGA Mexico's "*use* of any Mattel line list or other document prepared by Mattel identifying Mattel products in the planning, design or development phase"), Topic 8 (MGA Mexico's communications relating to its "*use* of any documents, data and/or information . . . that was prepared, made, created, generated, assembled or compiled by or for Mattel").

1 in scope, demanding information about the Bratz line generally. The breadth of the
2 previous topics swallows the current topics.
3      Whether Mattel is correct in its additional argument that a MGA Mexico
4 designee was not asked about the topics as currently phrased is inapposite. The key
5 is that the topics in the First Notice would have allowed Mattel to elicit the
6 information currently sought and MGA Mexico previously prepared its witnesses to
7 testify about the topics at Mattel's insistence. Accordingly, MGA Mexico should
8 be granted a protective order for Topics 1-4.

**B.  Topic 5**

10      Mattel similarly mischaracterizes the overlap between its current Topic 5 and
11 its previous Topics 9-11. While it admits that it has been able to take testimony
12 regarding "the involvement of Machado, Trueba, and Vargas in MGA's entry into
13 the Mexico toy market," it claims that it was not previously able to obtain
14 testimony regarding the establishment of MGA Mexico generally. Opp. at 9.
15 However, to have obtained testimony about the former is to have obtained
16 testimony about the latter. That is, Machado, Vargas, and Trueba, along with
17 Susanna Kuemmerle, were the people who got the MGA Mexico operation up and
18 running, so it is unclear what additional testimony Mattel is seeking.
19      Certainly MGA Mexico, as the entity that was created by MGA to sell MGA
20 products in Mexico, does not have knowledge about the "decision to enter the
21 [Mexico] market" – that was something that was decided by MGA before MGA
22 Mexico was created. Opp. at 9. To the extent Mattel is seeking information
23 regarding "the establishment of MGA Mexico and the establishment of customer
24 relationships, pricing, marketing planning and product line selection," its admission
25 that it has obtained testimony regarding the involvement of Mattel Mexico's
26 original employees Machado, Trueba, and Vargas is an admission that it has been
27 able to obtain testimony on this topic. Opp. at 9. Furthermore, to the extent Mattel
28 claims that it needs "testimony within the possession of al [sic] MGA Mexico

- 4 -

Reply in Support of MGA Mexico's Mtn for Protective Order
from Mattel's 1st Phase 2 Ntc of Depo of MGA Mexico
CV 04-9049 DOC (RNBx)

1  officers, employees, and agents," the time to obtain that testimony has come and
2  gone. Opp. at 9. Mattel should have moved to compel further testimony based on
3  lack of preparation if it felt that MGA Mexico had not adequately prepared Ms.
4  Kuemmerle to testify on these topics when they were previously propounded.
5  Accordingly, MGA Mexico should be granted a protective order for Topic 5.

### C. Topic 7

Mattel's insistence on MGA Mexico testimony on "smuggling" is illustration of just how harassing this deposition is intended to be. Mattel recently amended its counter claims and made no mention of the alleged "smuggling" in relation to any of its claims. Nevertheless, Mattel continues to harass MGA and MGA Mexico about the issue, coming up with red herring arguments about its tangential relevance. If the topic were relevant to the case, then Mattel should have included it in its counterclaims. Its failure to do so demonstrates its lack of relevance.

Furthermore, Mattel admits that it previously asked Ms. Kuemmerle, when she was sitting as the MGA Mexico designee, about the topic. Opp. at 12. Whether or not MGA Mexico objected to the questions, Ms. Kuemmerle, the only recipient of the email, responded to Mattel's questions about the topic. Accordingly, Mattel has had opportunity to ask MGA Mexico about the issue. In fact, it has asked the only person at MGA Mexico with personal knowledge about the issue. Further testimony would merely be duplicative and harassing and MGA Mexico should be granted a protective order for Topic 7.

### D. Topic 8

Mattel contends that Topic 8, which seeks information about the terms of Machado, Trueba, and Vargas' employment at MGA Mexico, is wholly separate from the previous nine topics that it propounded also directed at the terms of Machado, Trueba, and Vargas' employment at MGA Mexico. However, the previous nine topics were stated very broadly, for example, Topic 19 sought information about "the job responsibilities" of Machado, Trueba, and Vargas at

- 5 -

Reply in Support of MGA Mexico's Mtn for Protective Order
from Mattel's 1st Phase 2 Ntc of Depo of MGA Mexico
CV 04-9049 DOC (RNBx)

MGA Mexico, Topic 20 sought testimony about "any and all agreements" between MGA Mexico and Machado, Trueba, or Vargas, "including all draft of such agreements and communications related thereto," and Topic 4 MGA Mexico's "hiring, engagement or retention . . . of any current or former Mattel employee . . . including but not limited to the terms of all employment agreements and agreements relating to confidentiality or the invention, authorship, or ownership of any concept or product." Given the breadth of these previous topics, it is hard to understand how Mattel believes that Topic 8 is not duplicative of these topics. In fact, Topic 8 appears to be an attempt to completely rehash all information previously provided by MGA Mexico, as well as Machado, Vargas, and Trueba, about their employment with MGA Mexico.

Mattel contends that Topic 8 is different and critical because it relates to the issue of whether Machado, Vargas, and Trueba were "agents" of MGA Mexico. Opp. at 12. However, Mattel's contention that the issue of agency is relevant falls flat. These three are alleged to have misappropriated trade secrets. No element of trade secret misappropriation relates to whether the alleged misappropriators were agents. Cal. Civ. Code §§ 3426 *et seq.* The harassing nature of this broad topic is only highlighted by the fact that it is undisputed that Machado, Vargas, and Trueba were employees of MGA Mexico. Thus, Mattel's demand for testimony about whether they were "agents" is wholly unnecessary and should not be permitted.

E. **Topics 10-11**

Mattel's continued demand for testimony relating to Topics 10 and 11, which specifically go to MGA Mexico's investigation of the trade secret allegation, shows disrespect for the previous rulings of this Court and for the attorney-client privilege. Mattel's contention is not, nor could it be, that is has not been allowed discovery into the facts regarding the alleged misappropriation. Rather, Mattel argues that it is entitled to know about "the after-the-fact investigation" and that "asking about the after-the-fact investigation is fair game." Opp. at 14. Mattel goes on to claim

- 6 -

Reply in Support of MGA Mexico's Mtn for Protective Order
from Mattel's 1st Phase 2 Ntc of Depo of MGA Mexico
CV 04-9049 DOC (RNBx)

that it is entitled to the production of attorney work-product in the form of notes taken during the investigation. *Id.* Mattel's claims are outrageous and run wholly counter to black letter law that attorney investigations are privileged, *Baker v. General Motors Corp.*, 209 F.3d 1051, 1054 (8th Cir. 2000) (notes and memoranda of an attorney from a witness interview are opinion work product entitled to almost absolute immunity and can be discovered only in very rare and extraordinary circumstances); *see also O'Connor v. Boeing N. Am., Inc.*, 216 F.R.D. 640, 643 (C.D. Cal 2003) ("[n]otes and memoranda of an attorney…from a witness interview are opinion work product entitled to almost absolute immunity."), and this Court's ruling that MGA's internal investigations are not discoverable, Dkt. No. 7717 at 4. As Mattel does not claim it has been prevented from discovering facts relating to its trade secret allegations, MGA Mexico must be granted a protective order for its privileged investigation of the alleged trade secret misappropriation. *Upjohn Co. v. United States*, 449 U.S. 383, 394-95 (1981) (holding privileged notes of defendant corporation's attorneys' interviews of employees regarding alleged payment of bribes); *see also Admiral Insurance Co. v. United States Dist. Ct.*, 881 F.2d 1486 (9th Cir. 1988) (interview of employee involved in alleged securities fraud, civil RICO, and common law violations by defendant corporation's attorney is protected by privilege); *United States v. Rowe*, 96 F.3d 1294, 1297 (9th Cir. 1996) (corporation's attorneys' fact-finding pertaining to legal advice is protected by privilege).

### F. Topic 12

Mattel previously sought testimony regarding "communications with any person" relating to the alleged trade secret misappropriation. Yet, Mattel insists that its current Topic 12, seeking communications with law enforcement relating to the alleged trade secret misappropriation somehow was not contained within "communications with any person" relating to the alleged trade secret misappropriation, as set forth in Topic 8 of the First Notice. Mattel cannot have it

both ways. It cannot propound sweeping topics covering all communications about a topic, and then seek to propound more narrowly tailored topics seeking testimony about just some communications about the same topic. Mattel had the opportunity to ask about communications with law enforcement when MGA Mexico previously produced Mr. Small to testify as a corporate representative – AND IT DID SO. *See* Small Depo. *passim*. After having asked questions relating to communications with law enforcement at previous MGA Mexico corporate depositions, Mattel cannot now assert that the previous topic did not include communications with law enforcement and it has not had an opportunity to take testimony on this issue. MGA Mexico should be granted a protective order from further corporate testimony on Topic 12.

### G. Topics 17-20

While baldly asserting that identification of the custodians of hundreds of documents is not burdensome in the least, Mattel fails to justify the need for MGA Mexico's testimony about the custodial information. This issue should be resolved between the parties without forcing a deponent to perform rote memorization of custodial information. Mattel could have resolved this issue through a meet and confer letter or through an interrogatory. MGA Mexico should not be granted a protective order for Topic 17-20 because preparing a witness for rote recitation is a poor use of MGA Mexico's resources during the limited time that remains for fact discovery.

## II. MATTEL'S UNDUE DELAY JUSTIFIES MGA MEXICO'S MOTION FOR PROTECTIVE ORDER

In an attempt to deflect attention from its undue delay in pursuing discovery, Mattel argues that MGA waived its right to file a motion for protective order by previously agreeing to provide witnesses on the topics at issue in the Notice in January, 2010. However, a party's agreement to provide discovery at one time does not preclude that party from seeking a protective order should the circumstances

- 8 -

Reply in Support of MGA Mexico's Mtn for Protective Order
from Mattel's 1st Phase 2 Ntc of Depo of MGA Mexico
CV 04-9049 DOC (RNBx)

change such that the discovery previously agreed to becomes unduly burdensome or otherwise objectionable. See e.g. *Gault v. Nabisco Biscuit Co.*, 184 F.R.D. 620, 622 (D. Nev. 1999) ("holding that a party waives its rights to discovery through undue delay."); *Kendrick v. Heckler*, 778 F.2d 253 (5th Cir. 1985) (holding that a party will have waived right to compel discovery if it delays and delay causes prejudice to non-moving party.)

Here, two things changed to make testimony on the topics included in the notice no longer appropriate. First, Mattel appeared to have dropped its Notice by never responding to correspondence from MGA Mexico on the topic. It is of note that Mattel makes no attempt to explain its lack of communication on the topic. Nor does Mattel provide any justification for its eight-month delay is seeking testimony on the topics at issue. Second, in that eight month period, Mattel deposed not only MGA Mexico witnesses on topics squarely within the Notice but also the relevant fact witnesses from MGA Mexico. Mattel's decision to seemingly drop its Notice while proceeding with this discovery precluded MGA Mexico from appointing various fact witnesses as MGA Mexico's corporate representative, where appropriate. Given Mattel's dilatory, bad faith tactics, MGA's change in position and request for current protective order is justified.

Dated:   August 26, 2010           ORRICK, HERRINGTON & SUTCLIFFE LLP

By:   /s/ William A. Molinski
      WILLIAM A. MOLINSKI
      Attorneys for MGA Parties and
      IGWT 826 Investments LLC.

OHS West:260976538.2

- 9 -

Reply in Support of MGA Mexico's Mtn for Protective Order from Mattel's 1st Phase 2 Ntc of Depo of MGA Mexico
CV 04-9049 DOC (RNBx)