ANNETTE L. HURST (State Bar No. 148738)
ahurst@orrick.com
WARRINGTON S. PARKER III (State Bar No. 148003)
wparker@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building, 405 Howard Street
San Francisco, CA 94105
Tel. (415) 773-5700/ Fax: (415) 773-5759

WILLIAM A. MOLINSKI (State Bar No. 145186)
wmolinski@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA 90017
Tel. (213) 629-2020/Fax: (213) 612-2499

THOMAS S. McCONVILLE (State Bar No. 155905)
tmcconville@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
4 Park Plaza, Suite 1600
Irvine, CA 92614-2258
Tel: (949) 567-6700/Fax: (949) 567-6710

Attorneys for MGA Parties and IGWT 826 Investments LLC

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | Case No.  CV 04-9049-DOC (RNBx)<br><br>Consolidated with:<br>Case No. CV 04-9059<br>Case No. CV 05-2727<br><br>**REPLY IN SUPPORT OF MGA MEXICO'S MOTION FOR PROTECTIVE ORDER FROM MATTEL, INC.'S SECOND PHASE 2 NOTICE OF DEPOSITION OF MGA MEXICO PURSUANT TO FED. R. CIV. P. 30(B)(6)**<br><br>Date:       TBD<br>Time:      TBD<br>Place:     TBD<br><br>Trial Date:   January 11, 2011 |

Reply in Support of MGA Mexico's Mtn for Protective Order
from Mattel's 2nd Phase 2 Ntc of Depo of MGA Mexico
CV 04-9049 DOC (RNBx)

# INTRODUCTION

Only by recasting MGA Mexico's arguments as something they are not is Mattel able to offer any response to MGA Mexico's motion for a protective order.

MGA Mexico's primary argument for why a protective order should issue is not that the *testimony* from the prior MGA Mexico 30(b)(6) deposition was duplicative of the topics in the current notice. It is that the **topics** described in that prior notice are duplicative of the current notice. MGA Mexico has already prepared and provided a witness on the very same topics identified in the current notice, albeit with slightly different language. Indeed, the prior notice was so broad that it covered not only the topics in the current notice, but a multitude of other issues.

Mattel chose to describe the topics for testimony in its previous notice in the broadest manner possible. After Mattel refused to narrow those topics in any way, MGA Mexico prepared and presented a witness to testify on those topics. On many of those topics, Mattel questioned the witness extensively; on other topics, it chose not to do so. At the conclusion, Mattel claimed the witness was not fully prepared on a limited subset of topics relating to the raid of MGA Mexico, and Mattel was given the opportunity to redepose MGA Mexico on those topics.

What Mattel seeks to do through its current notice, and what the Court should prevent by issuing a protective order, is to get a second bite at the apple on topics that MGA Mexico already presented a witness to testify on simply because Mattel chose not to seek testimony on all of its previous topics at that time.

# FACTS

Mattel has already taken the deposition of MGA Mexico, through its designee Susanna Kuemmerle, on 59 broad topics based on Mattel's first notice of deposition to MGA Mexico ("First Notice"). At the conclusion of that MGA Mexico 30(b)(6) deposition, Mattel claimed that she was not fully prepared on only seven topics: topics 1, 2, 3, 5, 6, 8, and 27. These topics related solely to the raid

Reply in Support of MGA Mexico's Mtn for Protective Order
from Mattel's 2nd Phase 2 Ntc of Depo of MGA Mexico
CV 04-9049 DOC (RNBx)

of MGA Mexico's office and MGA Mexico's possession of a CD containing, among other things, Mattel information. Mattel's counsel made clear that these were the only topics of the original 59 topics for which MGA Mexico's witness was not prepared.

On March 29, 2010, Jon Corey wrote:

> Mattel's position should be clear, given that we have set forth in letters, before the Discovery Master and before the Court, but I will reiterate it. MGA Mexico has not provided a witness adequately prepared to testify regarding Topic Nos. 1, 2, 3, 5, 6, 8 or 27. I will not provide you with an outline of subsequent questioning, as you have refused to do that in the past with respect to Mattel Rule 30(b)(6) witnesses. . . . .

Then, to emphasize this point, he wrote again on May 3, 2010:

> I have had an opportunity to review my materials on the Rule 30(b)(6) deposition of the MGA Mexico. Mattel expects Ms. Kuemmerle to be prepared to address the deficiencies in the prior testimony that she gave and that Mr. Small provided on Topic Nos. 1-3, 5-8 and 27 in Mattel's January 9, 2008 Notice, and to have reviewed any additional information or evidence that was not previously available. . . . .

At no time has Mattel claimed that Ms. Kuemmerle was not prepared on the other 51 topics.

MGA Mexico was thus surprised to see that Mattel's Second Phase 2 Deposition Notice to MGA Mexico ("Second Notice") contained topics that overlapped with the topics included in the First Notice.

## ARGUMENT

Mattel does not dispute the fact that the topics in the current notice are merely subsets of broader topics in the First Notice. Nor does Mattel deny that MGA Mexico prepared and presented a witness on those broader topics. Finally, Mattel does not dispute that the witness was fully prepared to testify on all but the subset of topics on which further testimony was already provided, namely the narrow subset of topics dealing with the raid of MGA Mexico on which Ms. Kuemmerle and Mr. Small provided additional testimony. Instead, Mattel asserts that since it did not extensively question the witness on all 59 topics, it should be

permitted to repropound notices that capture those topics it did not fully cover.

Mattel asserts that absent previous testimony on the topic, MGA Mexico cannot

establish undue burden. This, however, misses the thrust of MGA Mexico's

argument. The issue of burden relates to MGA Mexico's previous efforts in

preparing and providing Mattel with a corporate witness that could testify on the

same topics that are now at issue.

## I.   TOPIC NOS. 1, 3, AND 14 RELATE TO AN AFFIRMATIVE DEFENSE[1]

Mattel admits that Topics 1, 3, and 14 relate to "MGA Mexico's contacts

with this District" and issues of "personal jurisdiction." Mattel already demanded

testimony from MGA Mexico relating to its "lack of jurisdiction" affirmative

defense when it insisted that a witness be prepared to testify about the factual basis

for all of MGA Mexico's affirmative defenses. *See* Topic No. 37 (First Notice).

Mattel's argument that the fact that MGA Mexico has thirty-four affirmative

defenses means that Mattel may now seek testimony regarding a specific

affirmative defense and only highlights the impropriety of Mattel's discovery

practices. Mattel was the master of its topics in the First Notice. It had the option

of specifying each piece of testimony that it sought regarding MGA Mexico's

affirmative defenses or broadly asking for all facts and information relating to all of

MGA Mexico's affirmative defenses. Having chosen the latter and insisted that

MGA Mexico prepare a witness to testify on that broad topic, Mattel cannot now

change its mind and propound more narrow categories relating to MGA Mexico's

affirmative defenses as it has done with Topics 1, 3, and 14.

## II.   TOPICS 2 AND 5 RELATE TO MGA MEXICO'S FINANCES

Mattel attempts to finesse a distinction between the MGA Mexico finance

topics included in its Second Notice (Topics 2, 5) and the topics relating to MGA

---

[1] MGA Mexico's motion for protective order must be granted as to Topic 4, which Mattel does not discuss in its opposition and thereby does not oppose.

Mexico's finances in the First Notice (Topics 40, 44, 48). In order to create this distinction, Mattel mischaracterizes the Topics at issue in the Second Notice, asserting that the Topics relate to "cost savings realized by MGA Mexico through hiring Mattel personnel." Opp. at 6. However, Topics 2 and 5 focus on the financial relationship between MGA and MGA Mexico and do not relate to the hiring of Mattel personnel in any manner. Topic 2 (MGA's satisfaction of MGA Mexico's commercial and financial obligations); Topic 5 (MGA Mexico's funding sources). The information about the financial relationship between MGA and MGA Mexico could have been obtained in response to Topic 48 from its First Notice, which demanded testimony relating to "monthly, quarterly and annual financial reports" and "financial statements." Accordingly, despite Mattel's attempt to recast the nature of its current Topics, MGA Mexico should not be required to produce another witness to discuss MGA Mexico's finances.

## III.    TOPICS 6-9 RELATE TO COMPUTER LOCATIONS

The limitless nature of Mattel's discovery demands are perfectly illustrated by Mattel's discussion of Topics 6-9, which seek information about the location of computers used by Machado, Trueba, Vargas, and Kuemmerle. MGA Mexico has offered to provide a list setting forth the "location and identification" of all computer materials used by Machado, Trueba, Vargas, and Kuemmerle, obviating the need for a witness to appear on the topic. In true Mattel fashion, when MGA Mexico gives an inch, Mattel takes a mile. Mattel states that it "will accept MGA's offer to provide a list," then sets out a half dozen items that must be included in the list (that are not included in the Topics as written) and further changes the terms of MGA Mexico's offer by stating that "A mere listing, however is not enough" and Mattel is "entitled to inquire about the list." Opp. at 8. MGA Mexico offered a list as a way to avoid having to prepare a testifying witness on the Topics (which are duplicative of several topics from the First Notice). Mattel's refusal to accept that

offer and its demand for more information than covered by the Topics as written demonstrates that it seeks only to waste time with this MGA Mexico deposition.

## IV.    TOPICS 10-11 RELATE TO ALLEGED SPOLIATION

Mattel admits that it specifically asked MGA Mexico about the issue of spoliation, covered by Topics 10 and 11, in its earlier corporate deposition. Opp. at 9. Mattel did not like the answer that MGA Mexico gave, however, and, despite having failed to move to compel further testimony on the earlier topics, argues that MGA Mexico should be forced to provide testimony again. Mattel's argument boils down to an argument that its view of the facts is inconsistent with MGA Mexico's testimony. While Mattel is entitled to its view of how MGA Mexico should have answered the questions previously posed, the fact remains that MGA Mexico has answered Mattel's questions regarding spoliation and Mattel has not moved to compel further testimony on the issue. This ends the inquiry. Mattel has had the opportunity to seek responsive corporate testimony. Its failure to follow up on those topics in accordance with the Rules of Civil Procedure do not permit it to propound duplicative topics for corporate testimony. If Mattel's view that it can reissue demands for corporate testimony until such testimony is in accord with Mattel's own view of the case were the rule, then corporate deposition demands in this case truly would be limitless.

## V.    TOPIC 12 RELATES MGA MEXICO'S INVOLVEMENT IN THE MEXICO PROCEEDINGS

Mattel's suggestion that MGA Mexico waived its attorney-client privilege protections relating to Topic 12 by seeking a protective order is not only nonsensical, it is wholly unsupported by law and is evidence of why Mattel's repeated demands for duplicative testimony on the same topic should not be entertained by the Court. Mattel's strategy is to ask for the same discovery as many times as possible and in as many ways as possible with the hope that at some point in the mindless repetition of the same response, MGA Mexico will not assert each

and every objection and will somehow have "waived" the liberal protections afforded by the attorney-client privilege.  MGA Mexico's motion for a protective order does not waive its privilege objections.  Especially when, as Mattel admits in its opposition, MGA Mexico has previously asserted attorney-client privilege objections to testimony on this issue *and* MGA Mexico specifically asserted this objection in its written objections to this Topic.  Opp. at 10-11.  Furthermore, Mattel's opposition does not explain how this topic is relevant.  Given the lack of relevance and Mattel's harassing intent behind the topic, as well as the fact that it encompasses information protected by the attorney-client privilege, MGA Mexico should be granted a protective order on Topic 12.

## VI.   TOPIC 13 RELATES TO MGA MEXICO'S RELATIONSHIP WITH MACHADO, TRUEBA, AND VARGAS

Mattel argues that Topic 13 seeks information about "MGA's knowledge of Machado, Vargas, and Trueba's obligations to Mattel."  Mattel then argues that the 13 deposition topics previously propounded do not relate to this issue because they relate to the relationship between MGA Mexico and Machado, Vargas, and Trueba. Mattel is trying to create a disconnect that does not exist.  To establish that "MGA Mexico [had] knowledge of [Machado's, Trueba's, and Vargas'] obligations to Mattel" requires testimony that MGA Mexico found out, as a result of its relationship with Machado, Trueba, and Vargas, that the three had obligations to Mattel.  Opp. at 11.  Testimony about these obligations to Mattel certainly fell within Topic 4 from the First Notice, which sought testimony regarding "the hiring, engagement, or retention by [MGA Mexico] of any current or former Mattel employee or contractor," and Topic 9 from the First Notice, which sought testimony regarding "Communications between [MGA Mexico] and any of the former Mattel employees prior [to their employment with MGA Mexico], including without limitation any and all documents any of the former Mattel employees transmitted or shared with MGA Mexico prior [to their employment with MGA

Mexico]." Motion at 6.  It was Mattel's obligation to ask MGA Mexico's witness about Topic 13 when it previously deposed MGA Mexico on Topics 4 and 9, as well as other various topics relating to MGA Mexico's relationship with Machado, Trueba, and Vargas.

## VII.  TOPIC 15 SEEKS EXPERT TESTIMONY REGARDING NET WORTH

Topic 15 demands information relating to MGA Mexico's net worth.  In the first instance, Mattel admits that Topic 47 of the First Notice included a demand for testimony about net worth.  Mattel's decision to propound that topic earlier in the discovery process does not permit it to repropound the same topic at the close of discovery.  If Mattel's version of permissible discovery were adopted, then all topics could be repropounded as the case continued on the theory that new facts will have developed, especially with respect to financial issues.  The Court should not endorse such a piecemeal approach to discovery.

Additionally, Mattel admits that this issue is properly within the province of expert opinion, but nevertheless insists that MGA Mexico must provide the "facts" on which an expert will base his or her opinion.  In this instance, the ultimate opinion that an expert will offer will be MGA Mexico's net worth.  Accordingly, Mattel's argument that MGA Mexico's testimony as to the same ultimate issue will somehow supply the facts necessary for the analysis is disingenuous at best.  MGA Mexico does not have a duty to provide its own corporate testimony about a topic on which Mattel admits it will offer expert testimony; rather, MGA Mexico may provide its own expert opinion on the topic at the appropriate time.

## VIII.  TOPIC 16 RELATES TO MGA MEXICO'S TRADE SECRETS

Mattel does not dispute that any information about MGA Mexico's ownership of intellectual property or confidential information could have *and should have* been asked of Ms. Kuemmerle when she appeared as MGA Mexico's 30(b)(6) witness on the broad topics of MGA Mexico's affirmative defenses and

1    MGA Mexico's trade secret practices.  Instead, Mattel says that MGA Mexico has

2    not shown that Mattel actually asked questions on the Topic.  MGA Mexico does

3    not need to demonstrate that Mattel actually asked questions about this Topic, but

4    rather that it fell within the previous broad topics, which Mattel refused to narrow

5    and took nearly 70 hours of testimony on.  Unable to refute that, Mattel instead uses

6    smoke and mirrors to claim that the information is of the utmost importance to its

7    case.  If this was true, then Mattel should have asked for information on the issue

8    when it previously had a corporate witness available to it.  MGA Mexico should be

9    granted a protective order so that it will not have to prepare a second witness on the

10   same issues.

11   ## IX.   TOPIC 17 RELATES TO MGA MEXICO'S EMPLOYMENT AGREEMENTS

12

13        Mattel's argument that MGA Mexico must provide a witness to testify about

14   all of its employment agreements boils down to its assertion that because Mattel

15   had to produce a witness to testify on the topic, MGA Mexico must as well.  This is

16   not true.  Mattel's employment agreements are directly relevant to Mattel's claims

17   of breach of contract.  There, the terms of Mattel's employment contract and how

18   they changed over time is relevant to issues of contract interpretation.  The terms of

19   MGA Mexico's employment agreements have no bearing on how Mattel's

20   contracts will be interpreted.  Mattel's assertion that the topic goes to *Mattel's* trade

21   secret claim is also nonsensical.  There is no connection between MGA's

22   employment contracts and Mattel's efforts to keep its alleged trade secret

23   information confidential.  (Additionally, even if that relevance argument carried the

24   day, MGA Mexico's protective order should still be granted as Mattel has already

25   had the opportunity to question MGA Mexico about MGA Mexico's "efforts to

26   maintain the secrecy of [it's] claimed trade secrets" in response to Topic 32 of the

27   First Notice.)  Moreover, even if there were some tangential relevance of the topic,

28   Mattel's tit-for-tat discovery strategy demonstrates that it is not actually interested

Reply in Support of MGA Mexico's Mtn for Protective Order
from Mattel's 2nd Phase 2 Ntc of Depo of MGA Mexico
CV 04-9049 DOC (RNBx)

in the topic, but rather wants to impose the same discovery obligations on MGA Mexico (as well as MGA, on whom it has also propounded this exact same topic). Finally, Mattel ignores the fact that it had the opportunity to obtain information relating to this topic and that it did, in fact, obtain information about the employment agreements between MGA Mexico and Machado, Vargas, and Trueba. Given the tangential relevance and the previous testimony provided, MGA Mexico should not be forced to prepare a witness on this burdensome topic.

## CONCLUSION

For the foregoing reasons, MGA Mexico requests that the Court grant a protective order as to Topics 1-17 of Mattel's Second Phase 2 Notice of Deposition of MGA de Mexico pursuant to Federal Rule of Civil Procedure 30(b)(6).

Dated:      August 26, 2010            ORRICK, HERRINGTON & SUTCLIFFE LLP


By:      /s/ William A. Molinski
_____
WILLIAM A. MOLINSKI
Attorneys for MGA Parties and
IGWT 826 Investments LLC.

Reply in Support of MGA Mexico's Mtn for Protective Order
from Mattel's 2nd Phase 2 Ntc of Depo of MGA Mexico
CV 04-9049 DOC (RNBX)