QUINN EMANUEL URQUHART & SULLIVAN, LLP
  John B. Quinn (Bar No. 090378)
  (johnquinn@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:  (213) 443-3000
Facsimile:   (213) 443-3100

Attorneys for Mattel, Inc. and Mattel de Mexico, S.A. de C.V.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation, et al.,<br><br>Plaintiff,<br><br>vs.<br><br>MGA ENTERTAINMENT, INC., a California corporation, et al.,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 DOC (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br><u>Hon. David O. Carter</u><br><br>MATTEL, INC.'S REPLY IN SUPPORT OF *EX PARTE* APPLICATION FOR ORDER GRANTING EXPEDITED DISCOVERY ON MGA'S PURPORTED "COMPULSORY COUNTERCLAIMS-IN-REPLY"<br><br>Hearing Date: TBD<br>Time:               TBD<br>Place:              TBD<br><br>Discovery Cut-off: October 4, 2010<br>Pre-trial Conf:       January 4, 2011<br>Trial Date:           January 11, 2011 |

00505.07975/3653052.6

MATTEL'S REPLY ISO *EX PARTE* APPLICATION RE EXPEDITED DISCOVERY

Mattel believes that MGA's claims are not properly brought in this action, as it will demonstrate on appropriate motions. But if they are to be litigated here, only expedited discovery from MGA can begin to mitigate the severe prejudice to Mattel stemming from MGA's eleventh-hour sandbagging. MGA's opposition does not even argue, let alone show, otherwise. Thus, MGA cannot dispute that good cause exists for expedited discovery from MGA because, under normal discovery deadlines and the Court's Order setting pre-trial dates,[1] Mattel would be unable to (1) serve any written discovery that could be included in its final omnibus motion to compel; (2) serve any follow-up discovery requests due before the discovery cut-off; (3) question MGA's previously scheduled deposition witnesses regarding documents allegedly supporting these claims; (4) identify, locate, subpoena and depose other witnesses with knowledge of MGA's claims; and (5) prepare the summary judgment motions due in a few weeks. Mattel App. at 8. To the contrary, MGA concedes that Mattel is entitled to "reasonable discovery on its counterclaims-in-reply timed to coincide with the existing case deadlines." MGA Opp. at 2, 10.

Indeed, given the scope of the claims asserted against Mattel and the breadth and vagueness of MGA's allegations, expedited discovery from MGA is necessary just to *identify* MGA's claims, let alone defend against them. Although MGA purported to describe its alleged trade secrets for the first time in an August 24, 2010 notice pursuant to Cal. Code Civ. Proc. § 2019.210, that identification was patently inadequate. MGA contends that purported trade secrets were stolen at unspecified toy fairs over an undifferentiated period of several years; states that its trade secrets include unspecified aspects of "appearance," "operation," and "intended play patterns" for products that include entire *product lines*, such as Alienracers and Bratz; and fails to identify what specific information in the documents it cites reflects MGA's purported trade secrets.[2]

---

[1] Docket No. 8514 at 2-3.
[2] Notice by MGA Entertainment, Inc. of Trade Secret Designation Pursuant to Cal. Code Civ. Proc. § 2019.210 (August 24, 2010).

Mattel explained the defects in MGA's purported notice in writing to MGA on August 24, 2010,[3] but MGA has not even responded. Mattel is entitled to discovery to defend against MGA's claims, and MGA will provide only what is ordered (if that, as the history of this case shows). An Order providing for the expedited discovery that Mattel seeks should issue so that Mattel can at least attempt to take the discovery into MGA's new claims that it needs to take within the schedule set by the Court.

To avoid full and fair discovery into its belated claims, MGA seeks to (1) limit its production to one of the three claims it asserts, (2) limit its production to four categories of documents, (3) extend the expedited discovery deadline to September 17, 2010, and (4) make its production contingent on Mattel's production. Opp. at 11. Each of these limitations is groundless.

MGA ignores that Mattel is entitled to discovery regarding MGA's RICO and "wrongful injunction" claims; its offer of a paltry four categories of documents regarding its trade secret claims is plainly inadequate to defend against MGA's broad allegations. MGA apparently seeks billions and alleges that "at various times from 1992"—an almost 20 year period—Mattel was associated-in-fact with a RICO enterprise that appears to include Mattel's subsidiaries and independent contractors "including at least" Bain & Company, a Mexican law firm, and attorneys at Quinn Emanuel, and MGA apparently sees to rely on six federal statutes.[4] As to details, however, MGA offers little—Mattel needs discovery even to figure out what MGA actually contends is at issue. Likewise, for its "wrongful injunction" claim, MGA makes vague references to "benefits lost" by MGA and "benefits gained" by Mattel, leaving Mattel to guess what MGA is referring to.[5] Given the sweep of these claims, and the myriad discovery issues they implicate, Mattel is entitled to all the discovery it

---

[3] August 24, 2010 email from M. Zeller to A. Hurst and T. McConville.
[4] Docket No. 8583 at ¶ 314.
[5] Id. at ¶ 321.

has propounded, not just the four narrow categories of documents related solely to the trade secrets claim offered by MGA.

Further, although MGA proposes a September 17, 2010 production date, MGA gives no reason why it cannot comply with Mattel's request for production of discovery responses within five days of the Court's Order on this *ex parte* or for production of 30(b)(6) deposition witnesses on the noticed topics on or before September 7, 2010. MGA likewise makes no attempt to substantiate any claim of undue burden—nor can it, in light of its tactical delay and its own decision to allege broad, last-minute claims. Accordingly, MGA has failed to sustain its burden of proof on this issue,[6] and should be ordered to respond to the requests in full.

As for MGA's demand that discovery into its claims be contingent on discovery from Mattel, the Court has repeatedly rejected, including at MGA's own insistence, the conditioning of a party's discovery obligations on another's party's compliance.[7] MGA's about-face on this issue when it comes to its eleventh-hour claims is not only unfair and unprincipled, but precluded by principles of judicial estoppel.

---

[6] See Discovery Matter Amended Order No. 11, dated Mar. 31, 2009, at 18-19 (Docket No. 5093) (MGA Parties did not meet "their burden of demonstrating that answering the requested interrogatories is overly burdensome" because they did "not provide any supporting declaration or specific evidence to support their assertion of burden"); Order Granting In Part and Denying In Part Mattel's Motion to Compel Production of Documents by MGA [and] Denying Request for Monetary Sanctions, dated Aug. 13, 2007, at 14 (Docket No. 804) ("MGA has not carried its burden of establishing that it would be unduly burdensome to comply with these requests."); Order Granting Mattel's Motion to Compel Production of Documents and Interrogatory Responses by MGA, dated May 15, 2007, at 12-14 (Docket No. 487) (overruling MGA's objections where it "failed to substantiate any of its objections with supporting declarations or legal authorities").

[7] See, e.g., May 25, 2010 Order Overruling in Part and Sustaining in Part Objections to Discovery Matter Order Nos. 89/91, at 3 (Docket No. 7961) ("As an initial matter, the Court agrees that idle demands for reciprocity are neither a proper basis for objecting to Discovery Master Orders nor the standard by which the Court must evaluate discovery requests."); June 14, 2010 Order Granting MGA's Ex Parte Application to Compel Documents from Mattel Custodian Sonata Luther Prior to her June 17 Deposition, at 3 (Docket No. 8106) (stating that the "request for reciprocity is academic—the Court need not address it in resolving the instant Motion").

MGA dedicates most of its opposition to issues that are not material here. In fact, ten of the twelve pages MGA offers focus on how Mattel and Quinn Emanuel supposedly concealed the facts supporting MGA's claims. MGA Opp. at 1-10. This is false, as will be shown in due course on Mattel's motions against MGA's claims.[8] More important for now, however, MGA's smear campaign does nothing to contradict that expedited discovery from MGA is necessary and appropriate. While MGA's delay is part of the reason why the claims should not be allowed by the Court at all, as Mattel will show in its Rule 12 and related motions, Mattel is entitled to discovery on these new claims whether MGA unreasonably delayed in asserting them or not.

There can be no doubt that Mattel must be granted a full opportunity to defend against the serious allegations and claims lodged against it. There also can be no doubt that expedited discovery is needed if Mattel is going to be able to take full and complete discovery into these new claims in light of impending case deadlines. And there can be no doubt that MGA planned to foreclose Mattel discovery into its claims. Even setting aside MGA's delay for years in filing these claims (as Mattel will show elsewhere), MGA sought, and obtained, a pre-trial scheduling order designed to thwart discovery into its new claims knowing, but concealing from Mattel and the Court, that the claims were coming. MGA's gamesmanship should not be rewarded. Mattel is entitled to discovery to defend itself. The expedited discovery it seeks from MGA should be ordered.

## **Conclusion**

For the foregoing reasons, Mattel respectfully requests that the Court grant *its ex parte* application.

---

[8] Nor are MGA's tactics of asserting false claims of evidence destruction against Mattel new. After an evidentiary hearing, Judge Larson rejected MGA's prior accusations as "rhetoric laced with hyperbole." August 27, 2007 Order Denying Motion for Terminating Sanctions, at 4 ("Many of MGA and Bryant's allegations . . . are nothing more than rhetoric laced with hyperbole . . . . Although counsel impressed upon the Court MGA's conviction of the righteousness of its cause, such overzealous conviction as witnessed by the Court at the hearing is no substitute for proof.").

| | |
|---|---|
| DATED: August 30, 2010 | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
| | By /s/ Michael T. Zeller |
| | Michael T. Zeller |
| | Attorneys for Mattel, Inc., and Mattel de Mexico, S.A. de C.V. |