ANNETTE L. HURST (State Bar No. 148738)
ahurst@orrick.com
WARRINGTON S. PARKER III (State Bar No. 148003)
wparker@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
405 Howard Street, San Francisco, CA 94105
Telephone: 415-773-5700 / Facsimile: 415-773-5759

WILLIAM A. MOLINSKI (State Bar No. 145186)
wmolinski@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA 90017
Telephone: 213-629-2020/ Facsimile: 213-612-2499

THOMAS S. MCCONVILLE (State Bar No. 155905)
tmcconville@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
4 Park Plaza, Suite 1600, Irvine, CA 92614-2258
Telephone: (949) 567-6700/Facsimile: (949) 567-6710

Attorneys for IGWT 826 INVESTMENTS, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | Case No. CV 04-9049 DOC (RNBx)<br>Consolidated with: Case No. CV 04-9059<br>Case No. CV 05-2727<br><br>**IGWT 826 INVESTMENTS, LLC'S REPLY IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>Date: September 1, 2010<br>Time: 5:00 p.m.<br>Place: Courtroom 9D<br><br>**Hon. David O. Carter**<br><br>Trial Date: January 11, 2011 |

# I. INTRODUCTION

Counter-Defendant IGWT 826 Investments ("IGWT") has moved for judgment on the pleadings as to Mattel's Second Counterclaim (RICO conspiracy, 18 U.S.C. §§ 1962(d) and 1964(c)) and Seventeenth Counterclaim (declaratory relief). The Motion established that IGWT's situation is indistinguishable from that of Omni 808's – which was dismissed from the RICO conspiracy claim in the August 2, 2010 Order for Mattel's lack of standing, *i.e.* injury. Moreover, the Court also dismissed Mattel's declaratory relief claim against Omni for lack of any actual controversy. Mattel's Opposition ("Opp.") presents no good reason why IGWT's Motion should not be granted in its entirety.

To prop up its RICO conspiracy claim against IGWT, Mattel has concocted the entirely new argument that although it never suffered any RICO injury while IGWT (created on August 27, 2008) was an alleged member of the conspiracy, IGWT should be held liable for the injurious racketeering acts of co-conspirators occurring *before* IGWT joined the conspiracy – indeed, before IGWT even existed. *See* § II A, *infra*. That argument rests on a studied disregard of the reasoning and rulings of the Court's August 2 Order on the issue of RICO injury and standing to sue. That argument also rests on a disregard of the difference between criminal liability for a conspiracy and criminal liability for the substantive offenses of co-conspirators, as well as the difference between criminal conspiracy and civil conspiracy generally. Suffice it to say, IGWT cannot be held retroactively substantively liable for the wrongs of co-conspirators before it joined a conspiracy – and Mattel cannot state a claim for RICO conspiracy against IGWT.

Nor can Mattel distinguish IGWT's situation from that of Omni 808 by alleging that IGWT is the alter ego of Isaac Larian, and thus would be inequitable to dismiss IGWT. *See* §II B, *infra*. This issue is a red herring, because the alter ego doctrine (properly understood) would hold *Mr. Larian* liable for the acts of IGWT – not *vice versa* – and, in any event, IGWT has not caused Mattel any

harm cognizable under RICO. There is nothing inequitable about dismissing a party against whom no valid claim is, or can be, pleaded.

Finally, Mattel's claim for declaratory relief is equally faulty. The Court dismissed Omni from Mattel's declaratory relief claim, and IGWT is in a situation that is indistinguishable from Omni's. Mattel wishes to create the required 'actual controversy' by asserting that it and IGWT are creditors of MGA and dueling for priority. But the Court already has found that Mattel is *not* a creditor of MGA; indeed, the Court has even dismissed Mattel's fraudulent transfer claims that rested on its supposed status as an actual or potential creditor of MGA. In short, Mattel has no creditor status, no actual controversy over creditor priority, and no valid claim for declaratory relief. The Seventeenth Counterclaim should be dismissed as to IGWT, without leave to amend.

## II.  ARGUMENT

### A.  Mattel Cannot Hold IGWT Liable For Alleged Misconduct That Occurred *Before* It Joined A Conspiracy – Or Even Existed.

The Motion established that Mattel lacks standing to pursue a RICO conspiracy claim against IGWT, because it admits IGWT was not created until August 26, 2008 and the Court has already found (in dismissing Omni 808 from the RICO conspiracy claim) that Mattel suffered no cognizable RICO injuries on or after August 12, 2008 (the date of Omni 808's creation). Mtn., §II C (citing August 2, 2010 Order, pp. 21-24).[1] In a futile attempt to keep its claim afloat, Mattel engages in a legal and chronological sleight of hand: it argues that IGWT is responsible for the acts of its alleged co-conspirators, and the resulting injuries to

---

[1] Mattel claims – without citation – that "[t]he Court found that Mattel had failed to demonstrate standing to raise a RICO conspiracy claim as to Omni on the basis that it could not reasonably foresee the injurious predicate acts *which happened prior to Omni joining the conspiracy*." Opp. at 7:11-13 (italics added). IGWT cannot find such a comment in the Court's August 2, 2010 Order, which focused consistently and exclusively on the lack of allegations of harm to Mattel's business or property *after* Omni's creation on August 12, 2008. *See* Order at 22:18 – 25:28 and discussion in text *infra*.

1 | Mattel, which occurred *before* IGWT joined the RICO conspiracy – indeed even
2 | *before* it existed.  Opp. at 3:10-12 ("Mattel also successfully alleged both a
3 | conspiracy and injury from predicate acts committed by the conspirators.  There is
4 | no need . . . to prove injury caused by *each* conspirator"); 4:12-15 ("the Ninth
5 | Circuit has held that a conspirator **can** be liable for acts committed prior to his entry
6 | into the conspiracy"); 7:89-9 ("IGWT can be liable for pre-joinder injurious acts of
7 | the conspiracy and should not be dismissed") (emphases in original).

8 |    It might seem contrary to common sense and due process that a
9 | defendant could be held responsible for actions of others that occurred before the
10 | defendant agreed with those others to commit one or more crimes.  In fact, the law
11 | *is* to the contrary – as this Court held in its August 2, 2010 Order granting Omni
12 | 808's motion to dismiss Mattel's RICO claim.  Order at 22:1-17 (noting that a
13 | conspirator cannot reasonably foresee his co-conspirator's "commission of overt
14 | acts *prior* to his entry into the unlawful agreement" and "a conspirator is not liable
15 | for the substantive acts committed by his co-conspirators before he joined the
16 | conspiracy").[2]  Mattel oddly takes IGWT to task (Opp. at 5:18-19) for not citing or
17 | discussing the authorities cited by the Court on this issue – which *support* IGWT's
18 | position – while entirely ignoring the Court's analysis and ruling, which eviscerate
19 | Mattel's current argument.

20 |    As Mattel acknowledges, the authorities relied on by this Court in its
21 | August 2 Order explicitly hold that a defendant has *no* liability for prior substantive
22 | offenses committed by co-conspirators.  Opp. at 5:20 – 7:2 , discussing *United*
23 | *States v. Lothian*, 976 F.2d 1257 (9th Cir. 1992), *United States v. O'Campo*, 973

---

[2] The Court's ruling is consistent with Instruction 8.25 of the current (updated July 2010) Ninth Circuit Manual of Model Jury Instructions (Criminal), "LIABILITY FOR SUBSTANTIVE OFFENSE COMMITTED BY CO-CONSPIRATOR (*PINKERTON* CHARGE)," provides in pertinent part that, "you may find the defendant guilty of [specify crime] as charged in Count [ ] of the indictment if . . . Fourth, *the defendant was a member of the same conspiracy at the time the offense charged in Count [ ] was committed*; and Fifth, the offense fell within the scope of the unlawful agreement and *could reasonably have been foreseen* to be a necessary or natural consequence of the unlawful agreement."  (Both emphases added.)

F.2d 1015, 1023 n.5 (1st Cir. 1992), and *United States v. Blackmon*, 839 F.2d 900, 910-11 (2d Cir. 1988) (cited at Order, 22:1-11). *Lothian* well summarizes the key principles in this circuit:

> In addition to being a crime in itself, conspiracy also determines the scope of a defendant's criminal liability for substantive offenses committed in furtherance of a conspiracy. A defendant is criminally liable for any underlying substantive offenses committed by co-conspirators during the defendant's membership in the conspiracy. On the other hand, a defendant cannot be held liable for substantive offenses committed before joining or after withdrawing from a conspiracy.

976 F.2d at 1262.[3]

To circumvent those authorities (and the Court's reasoning and ruling in the August 2 Order), Mattel now argues that "for purposes of a conspiracy count, a conspirator *can* be liable for acts committed prior to his entry into the conspiracy, while he may not incur liability for these acts as substantive offenses." Opp. at 5:20-22 (italics in original). This is a (confusing) distinction without a difference.

The actual, meaningful, distinction made by the foregoing cases (which Mattel ignores because it sinks Mattel's claim against IGWT) is between liability for the crime of *conspiracy* (the criminal agreement itself, *e.g.* 18 U.S.C. § 317 or § 1962(d)) and liability for *substantive criminal offenses* (the criminal objects of the agreement, *e.g.* fraud, narcotics trafficking). To prove the defendant joined a conspiracy, the prosecution can offer evidence of actions and statements by co-conspirators before the defendant joins the conspiracy, but the defendant is not substantively liable for those prior actions and statements:

> one who joins an ongoing conspiracy is deemed to have adopted the prior acts and declarations of coconspirators, made after the formation and in furtherance of the conspiracy. This

---

[3] Mattel acknowledges the foregoing statement from *Lothian*, and makes a weak effort to distinguish it on its facts, which concerned withdrawal (not joinder) and a wire fraud scheme (not a conspiracy charge). But limiting co-conspirator liability to the duration of a defendant's "membership" necessarily limits liability to the period after one joins a conspiracy. Moreover, "[b]ecause withdrawal from a conspiracy is closely akin to withdrawal from a mail or wire fraud scheme, we begin with the withdrawal defense as it applies to a charge of conspiracy." *Id*. at 1261.

> presumptive adoption of prior acts and declarations, however, is relevant principally to issues of co-conspirator hearsay; proof of the scope of the conspiracy; and proof of an overt act in cases, unlike this drug conspiracy, where proof of such an act is necessary. The presumptive adoption of the acts of co-conspirators does not automatically extend to substantive responsibility for those prior acts, as *Pinkerton* and its progeny make clear.  Quotations, citations omitted.]

*O'Campo*, 973 F.2d at 1023 n.5 (8/2/10 Order at 22:1-5; Opp. at 6:9-16).  *See also* 8/2/10 Order at 22:10-11 ("Prior acts may still be considered for the purposes of *conspiratorial liability,*" citing *O'Campo* at 1022-23); *Blackmon*, 839 F.2d at 908-09 (8/2/10 Order at 22:10 (discussing trial court's instructional error resulting from "confusion," regarding liability for prior acts, between liability for conspiracy and liability for substantive offenses – precisely Mattel's error here).

In other words, to prove the crime of conspiracy, *i.e.* that a defendant has joined with others in a criminal agreement of a specific scope and purpose, a plaintiff can offer evidence of actions taken and statements made by co-conspirators *before* the defendant joined.  Nonetheless, the late-joining defendant is *not* retroactively substantively liable for any prior crimes of those co-conspirators. But as noted above, it is precisely retroactive substantive liability for prior injurious predicate acts that Mattel seeks to impose upon IGWT.

Mattel also overlooks that whereas there is criminal liability for a conspiracy even if no substantive offense is ever completed, there is *civil* liability for a conspiracy (including a civil RICO conspiracy) only if a tort causing actual harm has been committed against the plaintiff.  A wrongful agreement *per se* cannot harm business or property.  *See* 18 U.S.C. §1964(c) (civil RICO claim can be brought only if plaintiff injured in its business or property); *Beck v. Prupis*, 529 U.S. 494, 501-02 & n. 6 (2000) ("mere violation" of section 1962(d) suffices for criminal liability, but not for civil claim).  *See also* 8/2/10 Order at 22:15-17 (noting that a conspiracy is not "'independently actionable'" under RICO).  In a civil RICO conspiracy case such as this one, the injury must be inflicted by RICO predicate

acts or substantive violations of RICO. *See Beck*, 529 U.S. at 505 ("we conclude that injury caused by an overt act that is not an act of racketeering or otherwise wrongful under RICO, . . . is not sufficient to give rise to a cause of action under § 1964(c) for a violation of § 1962(d)."). But as noted above, this Court already has correctly held that a defendant cannot be held retroactively liable for the prior substantive offenses of his co-conspirators. Thus, Mattel's attempt to hold IGWT responsible for the "pre-joinder injurious acts" of alleged co-conspirators must fail.[4]

---

[4] In making its confused argument for retroactive substantive liability, Mattel relies on *Industrial Bldg. Materials, Inc. v. Interchemical Corp.*, 437 F.2d 1336, 1343 (9th Cir. 1971), and two district court cases that rely on *Industrial* (and thus add no weight to its analysis). *Industrial* concerned whether "two successive parent corporations" could both be held liable for the wrongdoing of a wholly owned subsidiary that the first sold to the second. The facts here are quite different. More important, *Industrial* lacks any rational analysis, fails to address the difference between criminal and civil liability for conspiracy, and has no supporting authority. It relies upon *United States v. Bausch & Lomb Optical Co.*, 34 F. Supp. 267 (S.D.N.Y. 1940), which did not even address the issue of retroactive liability, and *Rayco Mfg. Co. v. Dunn*, 234 F. Supp. 593, 598 (N.D. Ill. 1964), which came to a conclusion *opposed* to *Industrial*'s – and *Mattel's*: "'It is one thing to say that an acquiring corporation may be responsible for the debts and liabilities of an acquired company; but that is a far cry from the startling thesis that, by virtue of the acquisition, the acquiring company, nunc pro tunc, committed the acts underlying said debts and liabilities of the acquired firm.'"

The two district court decisions cited by Mattel that relied on *Industrial* offer no additional analysis and no support to Mattel's theory of retroactive liability. Neither addresses the difference between criminal and civil liability for conspiracy. In *De La Torre v. Icenhower*, No. 09-01161, 2010 WL 2925690, *3 (S.D. Cal. July 22, 2010), the court's reference to liability for "preceding conspiratorial acts" was *dicta*, because the court inferred that the defendant was a part of the conspiracy from its inception, given that he engaged in significant actions to complete the real estate scam. 2010 WL 2925690, *3. *In re Am. Principals Holdings, Inc. Sec. Litig.*, No. 653, 1987 WL 39746, *8 & n.10 (S.D. Cal. July 9, 1987), an unreported and un-citable case, involved a complex class action securities fraud. The court simply stated the timing of the conspiratorial agreement was "irrelevant" to determining the liability of co-conspirators. That is, at best, an oversimplification of the law.

The remainder of Mattel's authorities (Opp. at 5:1-14 & n. 3) are from other circuits (mainly the Seventh), mostly criminal cases and, more significantly, do not explain how a late-joining co-conspirator could have reasonably foreseen the prior acts of others. None of those cases provide any basis to suggest this Court erred in rejecting retroactive substantive liability for a civil RICO co-conspirator. In fact, one of them, *United States v. Spudic*, 795 F.2d 1334, 1337, 1339 (7th Cir. 1986) (Opp. at 5, n.3), does distinguish between a criminal conspirator's liability for prior overt acts of his co-conspirators, and his liability for "substantive crimes" – the latter of which requires proof that he was a member of the conspiracy at the time of

In sum, contrary to Mattel's insistence, IGWT cannot be held liable for the acts or wrongs of co-conspirators that were committed *before* IGWT was created on August 27, 2008 (and presumably immediately joined the alleged RICO conspiracy). Moreover, Mattel does not dispute that the Court already has found that Mattel suffered no RICO injuries *after* that time. Mtn. at 5:10-12, quoting Order at 22 ("'none of the post-August 12, 2008 racketeering acts directly injured Mattel in its business or property.'"). As a result, IGWT is in the same situation as the now-dismissed Omni 808: Mattel cannot identify a true RICO injury occurring after IGWT's creation, and IGWT cannot be held liable for any earlier RICO injuries caused by co-conspirators. Thus, Mattel cannot state a valid RICO conspiracy claim against IGWT and the IGWT should be awarded judgment on the pleadings as to the Second Counterclaim (RICO conspiracy).

### B. Mattel Cannot Abuse The Alter Ego Doctrine To State A RICO Conspiracy Claim Against IGWT.

In a last gasp effort to distinguish IGWT from Omni 808 (and to avoid another dismissal), Mattel stresses that "IGWT is Larian's alter ego; the prior acts [of co-conspirators] were actually known by IGWT." Opp. at 7:14-15. Mattel claims it would be "inequitable" in those circumstances to dismiss IGWT, and would be contrary to the remedial purposes of RICO. Opp. at 7:15-17. But this argument rests on a shell game, not on equity or remediation.

First, although Mattel's complaint contains a conclusory reference to alter ego status (FAAC, ¶19),[5] it does not link that doctrine to a theory of retroactive substantive liability against anyone (let alone IGWT), and does not plead IGWT's knowledge of prior injurious predicate acts of its alleged co-conspirators.[6] Mattel's argument is just an *ad hoc* attempt to avoid dismissal.

---

the substantive crime. This is consistent with the *Lothian*, *O'Campo* and *Blackmon* cases (cited in text, *supra*) that the Court cited in its August 2, 2010 Order.
[5] IGWT does not address whether (assuming the alter ego doctrine applied here) Mattel has pleaded sufficient facts to support it. *See Neilson v. Union Bank of Cal.*, 290 F. Supp. 2d 1101, 1116 (C.D. Cal. 2003).
[6] In contrast, Mattel did plead Omni 808's knowledge of the RICO enterprise's

1  Second, under the alter ego doctrine, Mr. Larian might be held liable for the actions of IGWT, but IGWT would not be liable for the actions of Mr. Larian – let alone actions he took before IGWT even existed. *See, e.g.*, *Neilson v. Union Bank of Cal.*, 290 F. Supp. 2d 1101, 1115 (C.D. Cal. 2003):

> "The terminology 'alter ego' or 'piercing the corporate veil' refers to situations where there has been an abuse of corporate privilege, because of which the equitable owner of a corporation will be held liable for the actions of the corporation" [quoting *Roman Catholic Archbishop of San Francisco v. Superior Court*, 15 Cal. App. 3d 405, 411 (1971)].

Thus, Mattel is twisting the alter ego principle *and* the relevant chronology in its desperate gambit to keep IGWT in the RICO conspiracy claim.

Third, as established in the Motion (and undisputed in the Opposition): "IGWT was created specifically to carry out the Wachovia debt acquisition (FAAC, ¶ 105) which the Court has found did not inflict a RICO injury on Mattel" and "Mattel does not allege that IGWT engaged in any other activities, much less activities that could have caused Mattel harm." Mtn. at 5:22-24, 6:2-3. Because IGWT did not inflict any harm on Mattel, dismissing IGWT (and leaving Mattel to seek its remedies against Mr. Larian) is not at all inequitable under the alter ego doctrine or contrary to RICO's remedial purposes. Mattel is not entitled to any remedy against an entity that has done it no harm.

### C. Mattel Cannot Use Declaratory Relief To Revivify Dead Claims.

Notwithstanding the evident demise of its RICO claim against IGWT, Mattel insists there remains a live controversy between it and IGWT which supports a declaratory relief action, because the parties dispute their respective security interests in MGA money or property.[7] Mattel explains that "even

---

scheme to aid MGA in "unfairly and wrongfully competing with Mattel," and Omni's knowledge of a pattern of racketeering and agreement to assist the enterprise's unlawful objectives. FAAC, ¶ 130. But those allegations did not prevent the dismissal of Mattel's claim against Omni 808.

[7] Although Mattel's Seventeenth Counterclaim also sought declaratory relief as to its rights to Bratz and Moxie Girlz (¶¶ 239-40, 243) (*see also* 8/2/10 Order at 40;14-16), the Opposition does not attempt to defend those defective aspects of the claim.

1   assuming" it lacks an enforceable judgment against MGA (which it certainly does),
2   it is still a creditor of MGA under California law. Opp. at 8:9-18 (citing CUFTA,
3   Cal. Civ. Code § 3439.01). Mattel is dead wrong. Notwithstanding Mattel's
4   claimed status as a potential creditor of MGA, this Court's August 2, 2010 Order
5   drove a stake through the heart of Mattel's claims against Omni 808 (both RICO
6   *and* declaratory relief), and IGWT's legal position is indistinguishable from
7   Omni's in both respects. Since there is no live controversy between Mattel and
8   IGWT either, there is no basis for declaratory relief and the Seventeenth Counter-
9   claim should be dismissed as to IGWT. *See* Mtn. at 6:18-23 (citing *Spokane Indian*
10  *Tribe v. United States*, 972 F.2d 1090, 1092 (9th Cir. 1992) (declaratory relief
11  requires identification of "adverse legal interests, of sufficient immediacy and
12  reality").

13              First, Mattel cannot cure its lack of RICO standing by pleading
14  declaratory relief. As the Court ruled in dismissing Mattel's similar claim against
15  Omni, "Mattel and Omni do not have adverse legal interests since (1) Omni's
16  alleged participation in a RICO conspiracy did not cause Mattel injury; and (2)
17  Omni purchased a senior secured interest in a credit facility to which Mattel *never*
18  had a priority." Order at 40:21-23 (italics in original). IGWT's situation is
19  indistinguishable from Omni's in both respects. (Indeed, Mattel's Opposition does
20  not even try to show otherwise.) As shown in section A, above, IGWT was
21  involved in the same alleged RICO conspiracy and did not cause Mattel any injury,
22  and IGWT was involved in the same debt acquisition and credit line transactions as
23  Omni (FAAC, ¶¶ 103-07, 112-13) – in which Mattel *never* had a creditor priority.
24  Thus, Mattel's declaratory relief claim against IGWT is as defective as its
25  (dismissed) claim against Omni.[8]

---

Thus, Mattel should be deemed to have conceded the lack of merit to those aspects.
[8] Mattel also argues that declaratory relief is proper, because it does not duplicate its RICO claim (particularly "if the RICO conspiracy claim is dismissed as IGWT urges"). Opp. at 8:26-28. This is sophistry. On the one hand, as noted in text, *supra*, the Court cited Mattel's lack of RICO injury in dismissing the declaratory

- 9 -    IGWT 826 INVESTMENTS, LLC'S REPLY IN SUPPORT OF
MOTION FOR JUDGMENT ON THE PLEADINGS
CASE NO. CV 04-9049 DOC (RNBx)

Second, Mattel cannot avoid dismissal by relying on CUFTA to create a dispute between creditors which warrants declaratory relief. The Court dismissed Mattel's CUFTA claims –as to all counterclaimants and without leave to amend – in its August 2 Order (at 35:14 – 38:11). Thus, there is no actual clash of genuine creditor interests between Mattel and IGWT. That is, even assuming *arguendo* that IGWT has creditor rights with respect to MGA, Mattel surely does not. Mattel's insistence to the contrary ("Mattel's declaratory relief claim properly seeks to enforce those [creditor] rights," Opp. at 8:23) is merely an attempt to circumvent the Court's adverse ruling by changing the title of Mattel's legal theory. That attempt is doomed to fail. Lacking a live controversy, Mattel has a dead claim for declaratory relief.

## III.   CONCLUSION

For the foregoing reasons, IGWT respectfully requests that this Court grant IGWT's Motion for Judgment on the Pleadings on the ground that Mattel fails to state a claim for relief against IGWT in its Second Counterclaim (RICO conspiracy) or in its Seventeenth Counterclaim (declaratory relief).

Respectfully submitted:

Dated:   August 30, 2010         ORRICK, HERRINGTON & SUTCLIFFE LLP


By:   */s/ Annette L. Hurst*
Annette L. Hurst
Attorneys for IGWT 826 Investments, LLC

---

relief claim against Omni. On the other hand, if Mattel's RICO claim against IGWT is also dismissed for lack of injury, that lack confirms there is *no* actual controversy of the sort needed for a declaratory relief claim.