QUINN EMANUEL URQUHART & SULLIVAN, LLP
John B. Quinn (Bar No. 090378)
johnquinn@quinnemanuel.com
Michael T. Zeller (Bar No. 196417)
(michaelzeller@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc. and Mattel de Mexico, S.A. de C.V.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>MGA ENTERTAINMENT, INC., a California corporation, et al.,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 DOC (RNBx)<br>Consolidated with<br>Case Nos. CV 04-09059 & CV 05-02727<br><br>Hon. David O. Carter<br><br>**MATTEL, INC.'S NOTICE OF MOTION AND MOTION OBJECTING TO PORTIONS OF DISCOVERY MASTER ORDER NO. 99; AND**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Hearing Date: TBD<br>Time: TBD<br>Place: TBD<br><br>**Phase 2**<br><br>Discovery Cutoff: October 4, 2010<br>Pre-trial Conference: January 4, 2010<br>Trial: January 11, 2011 |

1  TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

2  PLEASE TAKE NOTICE that, on a date and at a time to be determined by
3  the Court, before the Honorable David O. Carter, plaintiff Mattel, Inc. ("Mattel")
4  will, and hereby does, object to and move for an order overruling portions of
5  Discovery Master Order No. 99.

6  This Motion is made on the grounds that Discovery Master Order No. 99
7  erroneously (1) increases the number of depositions allotted by the Court; (2)
8  schedules the further deposition of Robert Eckert without good cause; (3) schedules
9  the further deposition of Sal Villasenor without good cause; (4) denies Mattel the
10 opportunity to depose Ana Cabrera and Beatriz Morales on questions they
11 improperly refused to answer on Fifth Amendment grounds; (5) expands the time
12 limitation set by the Court's June 7, 2010 Order with respect to MGA's deposition of
13 Mattel on its Third Notice; and (6) grants MGA excessive time to conduct its
14 deposition of Mattel on the 10 topics in its Fourth Notice.

15 This Motion is based on this Notice of Motion, the accompanying
16 Memorandum of Points and Authorities, the records and files of this Court, any
17 matters of which the Court may take judicial notice, and such further evidence and
18 argument as may be presented at or before the hearing on this matter.

19 **Certification Pursuant to Rule 37-1 and the Court's Order (Dkt. No. 8085)**

20 On August 23, 2010, counsel for Mattel and MGA met and conferred on the
21 issues presented by the Discovery Master's Order No. 99, but were unable to
22 resolve the matter.

23

24 DATED: August 30, 2010          QUINN EMANUEL URQUHART &
                                   SULLIVAN, LLP
25

26
                                   By /s/ Michael T. Zeller
27                                    Michael T. Zeller
                                      Attorneys for Mattel, Inc.
28

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ...................................................................................... 1

ARGUMENT .................................................................................................................... 2

I. ORDER NO. 99 IMPROPERLY INCREASES THE ALLOTTED NUMBER OF DEPOSITIONS FROM 25 TO 29 ............................................. 2

    A. The Court Has Made Clear Its Intention to Only Grant 25 Depositions Per Side ................................................................................... 2

    B. MGA Must Obtain Leave of Court to Exceed the 25 Limit Imposed by the Court ...................................................................................... 3

    C. The Three Omni Depositions Should Not Count Against Mattel ........... 5

II. THE DISCOVERY MASTER'S RULING THAT THE CABRERA AND MORALES DEPOSITIONS WOULD EXCEED MATTEL'S LIMIT IS ERRONEOUS ........................................................................................ 6

III. MGA HAS MADE NO SHOWING OF GOOD CAUSE THAT ADDITIONAL DEPOSITION TIME WITH ECKERT IS REQUIRED ......... 8

IV. MGA HAS MADE NO SHOWING OF GOOD CAUSE THAT ADDITIONAL DEPOSITION TIME WITH VILLASENOR IS REQUIRED ................................................................................................................ 9

V. MGA HAS MADE NO SHOWING OF GOOD CAUSE THAT IT NEEDS THREE DAYS TO DEPOSE MATTEL'S 30(B)(6) DESIGNEES ON ITS THIRD AND FOURTH NOTICES .......................... 11

    A. The Court Limited the Deposition of Mattel's 30(b)(6) on MGA's Third Notice to 32 hours ..................................................................... 11

    B. Order No. 99 Improperly Expands the Time Set by the Court's June 7 Order for Mattel's Deposition on MGA's Third Notice ........... 11

    C. MGA's Fourth Notice of Deposition Does Not Require More Than Two Days ................................................................................................. 12

CONCLUSION .............................................................................................................. 13

# TABLE OF AUTHORITIES

**Page**

### Cases

Archer Daniels Midland Co. v. Aon Risk Servs., Inc. of Minn.,
  187 F.R.D. 578 (D. Minn. 1999) .................................................................. 3

Authentec, Inc. v. Atrua Technologies, Inc.,
  2008 WL 5120767 (N.D. Cal. 2008) ........................................................... 3

Bell v. Fowler,
  99 F.3d 262 (8th Cir. 1996) ......................................................................... 3

Pratt v. Archstone Willow Glen Apartments,
  2009 WL 2032469 (N.D. Cal. 2009) ........................................................ 8, 9

### Statutes

Fed. R. Civ. P. 26(b)(2)(C) ............................................................................. 4

Fed. R. Civ. P. 30 ....................................................................................... 3, 8

## MEMORANDUM OF POINTS AND AUTHORITIES

### Preliminary Statement

The Discovery Master scheduled what was originally set as an "informal meet and confer" regarding outstanding deposition issues on August 23, 2010. However, at this informal meet and confer, the Discovery Master proceeded to consider discovery demands made by MGA and to make rulings. Not only were these matters not the subject of any pending motion by MGA or briefing by the parties before the Discovery Master, but MGA's impromptu demands for this discovery before the Discovery Master was a plain effort to circumvent this Court's August 10, 2010 Order limiting further discovery motions to a single omnibus motion.

Furthermore, even though this Court has set the number of additional Phase 2 depositions at 25 and recently reiterated that this was the limit, the Discovery Master increased MGA's allotment to 29 depositions. MGA had no pending motion to increase the number, demonstrated no basis for increasing the number for MGA and indeed ignored that MGA itself had vigorously insisted to this Court that even 25 additional depositions were far too many. Similarly, the Discovery Master expanded the time limitation set by the Court's June 7, 2010 Order with respect to MGA's deposition of Mattel on its Third Notice and gave MGA excessive time to conduct the deposition of Mattel on the 10 topics in its Fourth Notice 30(b)(6) notice.

The Discovery Master also incorrectly scheduled further depositions of two individuals without good cause. In fact, MGA did not even proffer any explanation as to why another day of deposition with Sal Villasenor was appropriate or demonstrate why MGA's prior, on-the-record concessions that the Villasenor deposition was in fact closed should have been disregarded. Conversely, with no motion or briefing on the issue and without even having reviewed the relevant deposition transcripts, the Discovery Master denied Mattel the opportunity to move to compel Ana Cabrera and Beatriz Morales to answer questions to which they improperly invoked the Fifth Amendment privilege at their depositions, even though

Mattel made clear that this was a matter it intended to raise with this Court when it filed its motion to compel on September 13, 2010.

Mattel objects to the portions of Order No. 99 with respect to these erroneous rulings and requests that they be overruled.

## Argument

### I. ORDER NO. 99 IMPROPERLY INCREASES THE ALLOTTED NUMBER OF DEPOSITIONS FROM 25 TO 29

#### A. The Court Has Made Clear Its Intention to Only Grant 25 Depositions Per Side

MGA concedes that it has taken at least 24 depositions; Mattel believes that the number is in fact 26.[1] Order No. 99 increases MGA's number of depositions to 29. Order No. 99 at 1:13-16. This was in error. As the Court observed in its recent Order setting discovery cutoff, "soon after the transfer of this case in October of 2009, the Court granted the parties leave to take 25 depositions per side, well over the number allocated under the Federal Rules of Civil Procedure."[2] At hearings just this past week, the Court twice again emphasized that it had set the number of depositions at 25 and observed that MGA had advocated that no or virtually no

---

[1] MGA concedes it has taken the deposition of the following 24 witnesses: Robert Eckert, Mattel 30(b)(6), Gabriel Zalzman, Bob Normile, Gene Murtha, Francisco Tiburcio, Steve Totzke, Richard De Anda, Margo Eldridge, Michael Moore, Erica Ashbrook, Matt Bousquette, Neil Friedman, Ricardo Ibarra, Tim Kilpin, Gerald Cleary, Doug Wadleigh, Roberto Isaias, Russell Arons, Tom Debrowski, Tina Varu (Patel), Sal Villasenor, Sujata Luther and Hugo Valencia. In addition, MGA has also taken the deposition of Pablo Vargas, see Deposition of Pablo Vargas, dated June 19, 2010, Vol. 4 ("Vargas Tr."), and Brian Wing, whom MGA separately subpoenaed, see MGA's Subpoena to Testify at a Deposition in a Civil Action to Brian Wing, dated February 19, 2010, thereby putting MGA at 26 total depositions.

[2] Order Setting Pre-Trial Dates, dated August 10, 2010, (Docket No. 8509). See also 12/17/09 Hearing Tr. at 35:7-10 (COURT: "You only have 25 depos apiece. Remember, you wanted 50 and they wanted five or something? *I thought 25 was a nice number and that we only need 25 depos, that's it*.") (emphasis added).

additional depositions be permitted. Nevertheless, and contrary to its positions taken before the Court, MGA advocated to the Discovery Master that it should be allowed additional depositions, largely to take discovery in support of its newly pleaded claims. MGA should not be permitted to take depositions in this case beyond the 25 limit – especially since it was MGA which so vigorously took the position at the outset that there should be no or very few Phase 2 depositions. Indeed, MGA's request to the Discovery Master for additional discovery was a circumvention of the Court's Order that the parties "shall be allowed *one* omnibus motion to compel filed at least three weeks" before the October 4, 2010 discovery cut-off date.[3] Order No. 99 should be overruled for this reason alone.

### B. MGA Must Obtain Leave of Court to Exceed the 25 Limit Imposed by the Court

Under Rule 30, the burden is on a "party seeking to exceed the presumptive number of depositions [to] make *a particularized showing* of the need for the additional discovery." Authentec, Inc. v. Atrua Technologies, Inc., 2008 WL 5120767 at *1 (N.D. Cal. 2008) (emphasis added); see also Bell v. Fowler, 99 F.3d 262, 271 (8th Cir. 1996) (where plaintiff "presented no good reason why additional depositions were necessary. . . [t]he district court committed no abuse of discretion" in denying leave to do so); Archer Daniels Midland Co. v. Aon Risk Servs., Inc. of Minn., 187 F.R.D. 578, 586 (D. Minn. 1999) ("In practical terms, a party seeking leave to take more depositions. . . than are contemplated by the Federal Rules or by the Court's Scheduling Order, must make a particularized showing of why the discovery is necessary."). Even with a showing of particularized need, in assessing the motion for leave to take additional depositions, the Court must consider (i) whether the discovery sought is unreasonably cumulative or duplicative or can be

---

[3] Order Setting Pre-Trial Dates, dated August 10, 2010 (Docket No. 8509) (emphasis in original).

obtained from some other source that is more convenient, less burdensome or less expensive, (ii) whether the party seeking discovery has had ample opportunity to obtain the information, or (iii) whether the burden outweighs the likely benefits. Fed. R. Civ. P. 26(b)(2)(C). If any of these three factors is met, the discovery must be limited. Id.

MGA brought no motion to expand the number of depositions, nor can it meet the standards to do so. As the Court recently reiterated, the "Court [] instructed the parties to complete all depositions by the end of February 2010. This was a reasonable and liberal deadline, imposed and reinforced after extensive argument from the parties submitted in briefing and at dozens of hearings."[4] Mattel has selected, taken and scheduled its depositions based on the number set by the Court. MGA should have as well. Yet, MGA now seeks additional depositions beyond the limit relating to its newly asserted cross-claims. This is even though MGA has known of its purported trade secret theft claims since at least 2004[5] – well before Phase 2 discovery began, such that it had every opportunity to allocate depositions within the existing limits if it wished to take deposition on those claims. Having deliberately chosen to expend its depositions on other topics and having chosen to sandbag Mattel with these last-minute claims, MGA scarcely should not now be relieved of its tactical choices and permitted additional discovery relating to them. And MGA certainly should not be allowed additional discovery on those belatedly asserted claims before a ruling on Mattel's responsive pleadings. Mattel will demonstrate that these newly-pleaded claims are improper and thus they cannot be a basis for additional depositions for this further reason as well.[6]

---

[4] Order Setting Pre-Trial Dates, dated August 10, 2010, (Docket No. 8509)
[5] Deposition Transcript of Ron Brawer, dated January 26, 2010 ("Brawer Tr.") at 643:8-646:10.
[6] At a minimum, the Court should hold off, as it has already indicated it would, on any discovery by MGA into these new claims until after dispositive motions
   (footnote continued)

Because MGA has used up all its depositions (or at most has one left), Mattel objects to the portions of Order No. 99 that schedule the depositions of Mr. Turetsky, Mr. Ozier, Ms. Rahimi or Mr. Bossick.[7] To the extent MGA claims any additional depositions relate to its new amended answer and counterclaims, MGA had ample opportunity to plan for and reserve its depositions for that purpose.

### C. The Three Omni Depositions Should Not Count Against Mattel

Order No. 99 improperly counts against Mattel the three Omni-related depositions taken prior to the Court's order granting each side 25 depositions. Order No. 99 at 1:17-21. When the Court granted the parties leave to take 25 depositions per side, it did not count against Mattel the three Omni-related depositions already taken, even though MGA tried to argue that they should count. The Court contemplated including them, but ultimately decided not to count those against Mattel. It is unfair to retroactively count those against Mattel now, especially in the face of the Court's prior ruling that Mattel relied on. Therefore, in the event MGA moves for leave to increase the number of depositions and the Court grants such leave, the three Omni-related deposition taken prior to the 25 limit set by the Court should not count against Mattel.

---

concerning MGA's new pleading have been filed. MGA itself has vigorously fought off discovery into claims "that have not passed legal scrutiny." See e.g., Deposition Transcript of Didier Pietri, dated March 8, 2010 ("Pietri Tr.") at 149:20-150:3 ("MS. HURST: Okay. I'm going to stop the witness there. Moxie is not part of this lawsuit, and I'm not going to permit questioning about Moxie. There's not an allegation in the existing pleadings that concerns Moxie in any way. Mattel has elected to defer filing of its new pleadings. ***Those have not passed legal scrutiny***. Under Iqbal & Twombly, ***you're not allowed to take discovery on matters that aren't in the case***.") (emphasis added).

[7] Moreover, Mr. Bossick has critical health problems and is undergoing medical treatments that preclude him from being deposed for the foreseeable future. Upon the Court's direction, Mattel will submit an in camera declaration from his treating physician providing details on his medical condition, which are obviously confidential.

## II. THE DISCOVERY MASTER'S RULING THAT THE CABRERA AND MORALES DEPOSITIONS WOULD EXCEED MATTEL'S LIMIT IS ERRONEOUS

On December 28, 2007, after months of delay that forced Mattel to bring an *ex parte* application to compel her appearance, an MGA vendor, Veronica Marlow, to whom MGA paid millions of dollars, finally sat for deposition.[8] Contradicting earlier, sworn denials by MGA, Ms. Marlow testified at her deposition that, in addition to Carter Bryant, three more Mattel employees secretly worked on Bratz for *years* and were paid for their work while employed by Mattel.[9] This included Ana Cabrera, a long-time employee whom Mattel had trusted and promoted to a supervisory position, Beatriz Morales and Maria Salazar.[10] After Ms. Marlow's deposition, Ms. Cabrera admitted in an interview with Mattel that she had worked on more than *70* Bratz doll products while a Mattel employee; Ms. Morales to working on *50*. Both admitted knowing this was wrong.[11] Ms. Cabrera and Ms. Morales continued to simultaneously work for Mattel and on Bratz even after learning about the present litigation involving Carter Bryant's similarly secret work with MGA while he was employed by Mattel.[12] Both admitted that, with the

---

[8] Ms. Marlow, who introduced Carter Bryant to MGA, was present at his first pitch to MGA and has since received millions of dollars from MGA as an alleged finder's fee. Deposition Transcript of Veronica Marlow, dated December 28, 2007 ("Marlow Tr.") at 113:10-114:3, 115:10-122:3; Deposition Transcript of Carter Bryant, dated November 4, 2004 ("Bryant Tr.") at 157:19-158:3. Ms. Marlow also worked on MGA's Bratz product line through 2005. She was involved with the development of Bratz from its inception, and is one of the few people to whom Bryant claims he showed his Bratz illustrations prior to presenting them to MGA. Bryant Tr. at 46:22-47:8.

[9] Marlow Tr. at 306:14-308:1, 363:15-365:17.

[10] Id.

[11] Transcript of the interview of Ana Cabrera, dated January 2, 2008 ("Cabrera Tr. Vol. I") at 117:10-118:8; transcript of the interview of Beatriz Morales, dated January 14, 2008 ("Morales Tr.") at 24:14-25:14, 27:11-17.

[12] Cabrera Tr. Vol. I at 39:25-40:20, 46:3-22.

assistance of MGA vendors, they tried to hide their tracks by receiving cash payments under false names and false social security numbers.[13]

Judge Larson subsequently granted Mattel leave to take the depositions of Ana Cabrera and Beatriz Morales.[14] When deposed, both refused to answer certain questions on Fifth Amendment grounds. In the Omnibus Motion to be filed with the Court on September 13, 2010 in accordance with the procedure the Court set, Mattel intends to move to overrule those invocations and compel the witnesses to answer. Order No. 99 erroneously concludes that the depositions of Ms. Cabrera and Ms. Morales would cause Mattel to exceed the permissible number of depositions and therefore "recommend[s] that the depositions not be allowed." Order No. 99 at 5:25-6:1. It was error for the Discovery Master to prejudge this issue, without the benefit of briefing. If the Court concludes that Ms. Cabrera and Ms. Morales improperly invoked the Fifth Amendment, their further depositions pursuant to the Court's order should not be counted against Mattel a second time since those depositions were already the subject of pre-existing Orders compelling them and were already counted again earlier deposition limits set by the Court. Order No. 99 thus, in effect, double-counts these depositions solely on the ground that bringing witnesses back to answer questions they should have answered in the first place is a second deposition. That has no basis in law or logic. The Court should overrule Order No. 99 to the extent that it denies Mattel the opportunity to seek relief from this Court on the Fifth Amendment issues and to compel Ms. Cabrera and Ms. Morales to answer the questions they improperly invoked on.

---

[13] Cabrera Tr. Vol. I at 118:3-119:23; Morales Tr. at 115:2-20.
[14] Order Re Various Pending Motions and Application Following Status Conference, dated April 10, 2008 (Docket No. 3031); Mattel, Inc.'s Ex Parte Application (1) To Compel Depositions of Ana Cabrera, Beatriz Morales, and Maria Salazar; (2) For Guidance as to Evidence Received from Ana Cabrera; and (3) For Sanctions; and Memorandum of Points and Authorities, dated April 4, 2008 (Docket No. 2975).

## III. MGA HAS MADE NO SHOWING OF GOOD CAUSE THAT ADDITIONAL DEPOSITION TIME WITH ECKERT IS REQUIRED

With respect to any additional deposition time MGA is seeking with Mr. Eckert on Topic 9 of MGA's Third Notice of Deposition, dated April 27, 2010, there is already a pending motion for this Court's consideration.[15] As for any additional time MGA is seeking in his individual capacity, it cannot show any good cause for more deposition time, as required. Pratt v. Archstone Willow Glen Apartments, 2009 WL 2032469, at *1 (N.D. Cal. 2009) ("A party seeking a court order to extend the examination must show 'good cause' to justify such an order.") (citations omitted); Advisory Committee Notes to 2000 Amendments to F. R. Civ. P. 30(d) ("The party seeking a court order to extend the examination, or otherwise alter the limitations, is expected to show good cause to justify such an order"). Mattel has produced Mr. Eckert for eight sessions of deposition to date – the same number of times as Larian.[16] In contrast to Larian, whose name appears on hundreds of thousands of documents, Mr. Eckert's relevance to the issues in the case is marginal at best. Mr. Eckert has been thoroughly deposed on every conceivable issue in this case – whether he has relevant knowledge or not. He has also been

---

[15] That motion has been fully briefed. See MGA's Notice of Motion and Motion to Compel Mattel to Produce Robert A. Eckert on Topic 9 of MGA's Notice of Deposition and Produce Documents Related to Mattel Licenses, dated July 26, 2010 (Docket No. 8377); Mattel, Inc.'s Opposition to MGA's Motion to Compel Mattel to Produce Robert A. Eckert on Topic 9 of MGA's Notice of Deposition and Produce Documents Related to Mattel Licenses, dated August 9, 2010 (Docket No. 8489).

[16] Mr. Eckert was deposed for deposition once in Phase 1 and has been deposed for seven more sessions to date in Phase 2. See Eckert Tr. Vol. 1 at 1; Eckert Tr. Vol. 2 at 1; Eckert Tr. Vol. 3, dated December 17, 2009, at 1; Eckert Tr. Vol. 4, dated December 18, 2009; Eckert Tr. Vol. 5 at 1; Eckert Tr. Vol. 6, dated February 23, 2010, at 1; Eckert Tr. Vol. 7, dated April 27, 2010, at 1; Eckert Tr. Vol. 8, dated April 28, 2010, at 1.

endlessly deposed on issues that have no relevance to this case whatsoever.[17]  To the extent MGA seeks to depose him on any of their new claims in its amended answer and "counterclaims-in-reply" that is not only improper, but premature.  Moreover, any additional testimony would be cumulative because Mr. Eckert has been deposed endlessly on those issues as well.  For example, Eckert has testified about his practice with respect to emails and how they were saved;[18] he was asked about the "Bratz brief";[19] and was examined at length about the Bain report.[20]  Any additional deposition of Mr. Eckert would be unreasonably duplicative.  MGA has had ample opportunity to examine Mr. Eckert in the eight days it has had with him—seven of which were in this phase.

The Court should overrule Order No. 99 to the extent that it purports to require any additional deposition time with Mr. Eckert.

### IV. MGA HAS MADE NO SHOWING OF GOOD CAUSE THAT ADDITIONAL DEPOSITION TIME WITH VILLASENOR IS REQUIRED

MGA has made no showing to support additional deposition time with Sal Villasenor – nor can it.  See Pratt, 2009 WL 2032469, at *1.  Mr. Villasenor was examined for a full day of deposition only last month.  At the end of that day, MGA's counsel expressly closed the deposition:

> [MGA's Counsel] MR. MOLINSKI:  I have no further questions.
>
> [Mattel's Counsel] MR. GORDON:  I have no questions.

---

[17]  For example, MGA wasted hours, if not days, on irrelevant topics such as Mattel's involvement in another legal dispute involving lead.  See, e.g., Eckert Depo. Tr. Vol. 3 at 558:18-669:24; Eckert Depo. Tr. Vol. 4 at 716:15-720:23.
[18]  See, e.g., Eckert Depo. Tr. Vol. 2 at 224:10-226:17.
[19]  See, e.g., Eckert Depo. Tr. Vol. 7 at 1202:11-1208:20.
[20]  See, e.g., Eckert Depo. Tr. Vol. 8 at 1504:4-1539:14.

> [Counsel for the witness] MR. BARRERA: Okay. The deposition's over?
>
> MR. MOLINSKI: **The deposition is over**.[21]

There is no basis for reopening the deposition. MGA's counsel did not claim he did not have sufficient time to examine the witness; indeed, he made it clear he had nothing else to ask. Having elected to end the deposition, MGA cannot complain that it requires additional time.

To the extent MGA claims that Mr. Villasenor's testimony is relevant to its new "counterclaims-in-reply," that is again not only improper, but premature. Moreover, Mr. Villasenor has already been fully examined on those topics. For example, Mr. Villasenor was questioned at length about access to competitors' showrooms at Toy Fairs[22] and about MGA's claims that he and others obtained competitive information about MGA using false identification.[23] He was examined fully on the circumstances of his resignation from Mattel[24] as well as on the source of the information contained in over two dozen exhibits. MGA has been given, and has fully utilized, the opportunity to examine Mr. Villasenor on every topic even marginally relevant to its claims and defenses—a fact admitted by MGA's counsel when he stated that he had "no further questions" and closed the deposition.

The Court should overrule Order No. 99 to the extent that it requires any additional deposition time with Mr. Villasenor.

---

[21] Deposition Transcript of Sal Villasenor, dated July 12, 2010 ("Villasenor Tr.") at 334:10-13 (emphasis added).
[22] See, e.g., Villasenor Tr. at 66-91, 177-181.
[23] Villasenor Tr. at 58-72, 139, 325-326.
[24] Villasenor Tr. at 58-66.

## V. MGA HAS MADE NO SHOWING OF GOOD CAUSE THAT IT NEEDS THREE DAYS TO DEPOSE MATTEL'S 30(B)(6) DESIGNEES ON ITS THIRD AND FOURTH NOTICES

### A. The Court Limited the Deposition of Mattel's 30(b)(6) on MGA's Third Notice to 32 hours

MGA served Mattel with its Third Notice of Deposition on April 27, 2010 ("Third Notice"). Mattel moved for a protective order.[25] On June 7, 2010, the Court granted in part and denied in part Mattel's Motion for a Protective Order.[26] The Court's June 7, 2010 Order limited the deposition of Mattel's 30(b)(6) designee(s) on MGA's Third Notice to 32 hours. The Court stated: "Mattel designee(s) combined time in deposition *shall not exceed 32 hours*."[27] MGA has used up over 31 of its 32 hours, and has approximately 41 minutes remaining to complete that deposition.[28]

### B. Order No. 99 Improperly Expands the Time Set by the Court's June 7 Order for Mattel's Deposition on MGA's Third Notice

Order No. 99 inappropriately expands the time limit imposed by the Court's June 7, 2010 Order for the deposition of Mattel's 30(b)(6) designee(s) on MGA's Third Notice. Order No. 99 schedules three days for MGA to complete its deposition of Mattel on its April 27, 2010 notice and to conduct the deposition of Mattel on its July 9, 2010 Notice. Order No. 99 at 5:3-8. Therefore, the way it's

---

[25] Mattel, Inc.'s Notice of Motion and Motion for Protective Order from the MGA Parties' Notice of Deposition of Mattel, Inc. (Third Phase 2 Notice), dated May 17, 2010 (Docket No. 7858).
[26] Order dated June 7, 2010 (Docket No. 8079).
[27] Order dated June 7, 2010 (emphasis added) (Docket No. 8079).
[28] MGA deposed Robert Eckert for 1 hour and 30 minutes; Buzyby for 3 hours and 20 minutes; Tim Kilpin for 5 hours and 45 minutes; Alan Kaye for 7 hours and 25 minutes; Kim Graham for 1 hour and 25 minutes; James Ward for 55 minutes; Bill Ganey for 2 hours and 25 minutes; Lori Pantel for 1 hour and 26 minutes; and Keith Storie for 7 hours and 8 minutes.

written, Order No. 99 allows MGA to exceed the 32 hours permitted by the Court to depose Mattel on its Third Notice.

MGA's raising this issue with the Discovery Master was a circumvention of this Court's August 10, 2010 Order that limited the parties to an omnibus discovery motion. Furthermore, the Court set a firm time limit on this deposition. MGA has not shown any need to expand that time limit. The Court should enforce its June 7, 2010 order and compel MGA to complete its examination of Mattel on its April 27, 2010 notice within the 32 hours.[29]

### C. MGA's Fourth Notice of Deposition Does Not Require More Than Two Days

Order No. 99 schedules three days of deposition for Mattel's designee on MGA's Third Notice and its July 9, 2010 Notice of Deposition ("Fourth Notice").[30] Order No. 99 at 5:3-8. Because MGA has only 41 minutes left to complete the deposition of Mattel on its Third Notice, Order No. 99 permits MGA three days to

---

[29] To the extent MGA argues that additional time is required because the Court granted additional topics from the Third Notice in its June 18, Order, that is wrong. Nowhere in the June 18, 2010 Order did the Court expand MGA's time limit to depose Mattel on its Third Notice. See June 18, 2010 Order at 4-6 (Docket No. 8133). All the order did was rule on supplemental briefing on Topics it had already required in its June 7, 2010 Order. See June 7, 2010 Order at 9-13 (discussing Topic Nos. 5-8, 11, 16-18, 22 and 25) and June 18, 2010 Order at 4-6 (discussing Topic Nos. 5-8, 11, 16-18, 22 and 25). In fact, the June 7, 2010 Order contemplated that additional topics would be compelled. See June 7, 2010 Order at 14 ("All supplemental briefing directed by the instant Order shall be filed by – and a courtesy copy shall be hand delivered to Chambers by – 12:00p.m. PST on June 14, 2010. The Court shall issue a ruling on the remaining topics by that evening. Mattel shall produce its 30(b)(6) designee(s) in compliance with the instant Order as well as the Court's forthcoming June 14, 2010 Order, on or before June 16, 2010. . . the parties may not renegotiate the June 16, 2010 deadline for Mattel to produce its 30(b)(6) designee. Finally, the Mattel designee(s) combined time in deposition shall not exceed 32 hours.") Yet, it set a time limit on the deposition, which the further order did not alter.

[30] The July 9, 2010 notice was erroneously labeled MGA's Third Notice. On July 16, 2010 MGA served a corrected Second Amended Notice of Deposition of Mattel, Inc. (Fourth Phase 2 Notice), dated July 16, 2010 ("Fourth Notice").

depose Mattel on its Fourth Notice on 10 topics.[31]  In contrast, Mattel has the same amount of time to depose MGA on its August 11, 2010 Notice which has over 70 topics.  Order No. 99 at 5:12-14.  Again, MGA's raising this issue with the Discovery Master was a circumvention of this Court's August 10, 2010 Order that limited the parties to an omnibus discovery motion.  Order No. 99 should be overruled for that reason alone.  MGA also has not shown any good cause for why three days is required for it to complete the deposition of Mattel on the 10 topics in its Fourth Notice.  Mattel objects to Order No. 99 to the extent it compels Mattel's deposition for three days on MGA's Fourth Notice.

## Conclusion

For the foregoing reasons, Mattel respectfully requests that the Court overrule Order No. 99 in that it erroneously (1) increases the number of depositions allotted by the Court; (2) requires the further deposition of Robert Eckert; (3) requires the further deposition of Sal Villasenor; (4) denies Mattel the opportunity to depose Ms. Cabrera and Ms. Morales; (5) expands the time limitation set by the Court's June 7, 2010 Order with respect to the number of hours allotted for MGA's deposition of Mattel on its Third Notice, and (6) allows MGA excessive time to conduct its deposition of Mattel on the 10 topics in its Fourth Notice.

DATED:  August 30, 2010        QUINN EMANUEL URQUHART & SULLIVAN, LLP

By /s/ Michael T. Zeller
   Michael T. Zeller
   Attorneys for Mattel, Inc.

---

[31] MGA withdrew two of the 13 topics from its Fourth Notice, agreed to limit 8 of the remaining topics, and agreed to Mattel's proposal for a documentary list instead of deposition testimony with respect to Topic No. 13.  See August 19, 2010 E-mail from T. McConville to M. Searcy, copying S. Watson (regarding narrowing of Topic Nos. 3-5); and July 20, 2010 E-mail from T. McConville to S. Watson (regarding MGA's withdrawal of Topic Nos. 1-2, narrowing of topics 6-12, and agreement to a written list instead of testimony on Topic No. 13).