QUINN EMANUEL URQUHART & SULLIVAN, LLP
  John B. Quinn (Bar No. 090378)
  (johnquinn@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc. and Mattel de Mexico, S.A. de C.V.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>MGA ENTERTAINMENT, INC., a California corporation,<br><br>Defendants.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 DOC (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>Hon. David O. Carter<br><br>MATTEL, INC.'S REPLY IN SUPPORT OF MOTION FOR ORDER CONFIRMING PENDENCY OF TRADE SECRET MISAPPROPRIATION CLAIM BASED ON THEFT OF BRATZ<br><br>Hearing Date: September 3, 2010<br>Time: 1:30 p.m.<br>Place: Courtroom 9D<br><br>Discovery Cut-off: October 4, 2010<br>Pre-trial Conference: January 4, 2011<br>Trial Date: January 11, 2011 |

00505.07975/3648153.3

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ..................................................................................1

ARGUMENT ..............................................................................................................1

I.   MGA WILL NOT BE PREJUDICED BY INCLUDING MATTEL'S BRATZ TRADE SECRET CLAIM IN THE NEXT TRIAL ..........................1

    A.   MGA Has Long Been On Notice of Mattel's Bratz Trade Secret Claim ..................................................................................................2

    B.   Including Mattel's Bratz Trade Secret Claim In the Next Trial Will Not Require MGA to "Reshape" Its Trial Strategy ........................6

    C.   MGA's Prejudice Argument Based on Preemption Is Without Merit .....................................................................................................7

II.   MATTEL WILL BE PREJUDICED IF IT CANNOT PURSUE ITS BRATZ-RELATED TRADE SECRET CLAIM ................................................8

III.   MGA FAILS TO ESTABLISH ANY FACTORS THAT WOULD SUPPORT THE DENIAL OF LEAVE TO AMEND .........................................9

CONCLUSION ........................................................................................................10

00505.07975/3648153.3

-i-

MATTEL, INC.'S REPLY IN SUPPORT OF MOTION FOR ORDER CONFIRMING PENDENCY OF TRADE
SECRET MISAPPROPRIATION CLAIM BASED ON THEFT OF BRATZ

# TABLE OF AUTHORITIES

**Page**

### Cases

Acri v. International Ass'n of Machinists & Aerospace Workers,
  781 F.2d 1393 (9th Cir. 1986) ...................................................................9

Balboa Ins. Co. v. Trans Global Equities,
  218 Cal. App. 3d 1327 (1990) ..................................................................10

Beverly Hills Bancorp v. Hine,
  752 F.2d 1334 (9th Cir. 1984) ...................................................................9

Cavalier v. Jim Henson Co., Inc.,
  2000 WL 33968969 (C.D. Cal., April 03, 2000).......................................10

Chodos v. West Publishing Co., Inc.,
  292 F.3d 992 (9th Cir. 2002) .....................................................................9

Eminence Capital, LLC v. Aspeon, Inc.,
  316 F.3d 1048 (9th Cir. 2003) ...................................................................8

Firoozye v. Earthlink Network,
  153 F. Supp. 2d 1115 (N.D. Cal. 2001) ...................................................10

Royal Ins. Co. of America v. Southwest Marine,
  194 F.3d 1009 (9th Cir. 1999) ...................................................................9

### Statutes

Cal. Code Civ. Proc. § 2019.210................................................................10

00505.07975/3648153.3

-ii-
MATTEL, INC.'S REPLY IN SUPPORT OF MOTION FOR ORDER CONFIRMING PENDENCY OF TRADE SECRET MISAPPROPRIATION CLAIM BASED ON THEFT OF BRATZ

## Preliminary Statement

MGA does not dispute, or even address, Mattel's central points as to why it should be permitted to pursue its Bratz-related trade secret claim. It does not dispute that it has known for years that Mattel has been pursuing that claim. It also does not dispute that, as the Court already found, it has taken "considerable discovery into potential Bratz-related trade secret claims during both phases of this lawsuit."[1] And it does not respond to Mattel's argument that the Ninth Circuit's ruling has eliminated the Court's previously-expressed concerns that including Mattel's Bratz trade secret claim in the next trial may result in inconsistent jury findings or duplicative proceedings. MGA has not established that it would suffer any prejudice from allowing Mattel to pursue its Bratz trade secret claim.

MGA also does not respond to Mattel's showing that Mattel *will* be prejudiced if it cannot pursue its Bratz trade secret claim. MGA has taken inconsistent and inequitable positions to attempt to avoid that claim. It has tried, and does not deny that it will try again, to obtain the dismissal of Mattel's state law claims that turn in any part on the theft of Bratz by arguing that those claims are preempted by the very same CUTSA claim that MGA argues Mattel cannot pursue in the first place. MGA also argues elsewhere that all Bratz-related issues need to be retried, while at the same time arguing here that it would be duplicative and inefficient to include Mattel's Bratz-related trade secret claim in the next trial. Mattel should be permitted to raise its Bratz-related trade secret claim.

## Argument

### I.  MGA WILL NOT BE PREJUDICED BY INCLUDING MATTEL'S BRATZ TRADE SECRET CLAIM IN THE NEXT TRIAL

MGA admits that prejudice is the "most important factor in deciding a motion to amend." Opp. at 7. Yet it fails to show that it will be prejudiced. Thus, to the extent

---

[1] Dkt. No. 7853, at 3.

an amendment is necessary to allow Mattel to pursue a claim for theft of Bratz-related trade secrets, the Court should permit such amendment.

### A. MGA Has Long Been On Notice of Mattel's Bratz Trade Secret Claim

While MGA rehashes at length its argument that Mattel's Bratz trade secret claim was not encompassed by Mattel's prior pleadings (see Opp at 4-7, 14-16) – an argument Mattel disputes but that, in any event, the Court has already considered – MGA does not dispute that Mattel put it on notice years ago that Mattel intended to pursue that claim. The evidence of this is overwhelming and irrefutable. It includes Mattel's express efforts to include a claim for misappropriation of Bratz trade secrets in the Phase 1 trial, including by submitting proposed jury instructions for the claim and referencing it in its proposed joint pretrial order. See Mot. at 5-6. Then, immediately after Phase 2 discovery commenced, Mattel again stated its intent to pursue its Bratz trade secret claim, and it identified "Bratz" trade secrets in its discovery responses on the first occasion it was required to do so. Id. at 6.

MGA has no response to these facts, so it ignores them. In fact, knowing for years of Mattel's Bratz trade secret claim, MGA has, unsurprisingly, already taken immense discovery into this claim – and at a bare minimum had ample opportunity to pursue it. Such discovery includes:

- On July 31, 2009, in its response to MGA's interrogatories asking it to "identify with specificity each alleged trade secret,"[2] Mattel identified, expressly, "[a]ll information relating to any ideas, designs, conceptions, or names for Bratz," and also included a list of documents containing such trade secrets.[3]

- MGA has investigated its purported timeliness defenses to Mattel's Bratz trade secret claims by, among other things, asking numerous witnesses

---

[2] See Mattel, Inc.'s First Supplemental Objections and Responses to Interrogatory Nos. 20-23 and 28 In MGA Entertainment, Inc.'s Second Set of Interrogatories, July 31, 2009, at 4, Declaration of Scott L. Watson ("Watson Dec."), Dkt. No. 7801-1 at Ex. 5.

[3] Id. at 16-18.

00505.07975/3648153.3

-2-
MATTEL, INC.'S REPLY IN SUPPORT OF MOTION FOR ORDER CONFIRMING PENDENCY OF TRADE SECRET MISAPPROPRIATION CLAIM BASED ON THEFT OF BRATZ

about Mattel's 2002 investigation into whether or not Bratz infringed an unreleased Mattel product called "Toon Teens".[4]

- MGA examined Mattel in-house attorneys Michael Moore and Robert Normile at length about the timing and substance of each of their communications with Danny K. H. Yu, an attorney in Hong Kong whom MGA claims had information concerning the timing of Mattel's discovery of its Bratz-related counterclaims, including Mattel's Bratz-related trade secret claim.[5]

- MGA has extensively examined more than a dozen witnesses, in both phases of discovery, on ownership of Bratz and trade secret protection issues.[6]

MGA also has repeatedly and expressly relied on the pendency of Mattel's Bratz-related trade secret claim to obtain additional discovery, including at depositions and in motions to compel.[7] Based on such evidence, the Court already found that MGA has conducted "*considerable discovery into potential Bratz-related trade secret claims*

---

[4] See Michael Moore Dep., February 17 and 18, 2010; see also Richard De Anda Dep., January 27 and 28, 2010; Robert Normile Dep., February 15, 2010; Robert Eckert Dep., February 22, 2010.

[5] See Michael Moore Dep., February 18, 2010 at 423:12–429:18, 430:25–441:13, 445:7–460:12; Robert Normile Dep., February 15, 2010, at 185:24–192:21, 197:2–202:4, 204:24–210:20, 214:2–219:22, 221:23–224:11.

[6] See, e.g., Deposition Transcripts of Alan Kaye, Ann Driskill, Cassidy Park, Lily Martinez, Lissa Freed, Sandy Yonemoto, Teresa Newcomb, Sheila Kyaw, Maureen Tafoya, Robert Eckert, Laura Owens, and Keith Storie.

[7] See, e.g., Robert Eckert Dep., December 17, 2009, at 488:7–490:5, Watson Dec., Dkt. No. 7801-1 at Ex. 6 (MGA's counsel arguing: "They have made a trade secret misappropriation claim based on Bratz. Let me say that again. There is a trade secret misappropriation claim in Phase 2 with an allegation of willful misappropriation of trade secrets against MGA Entertainment and Mr. Larian based on Bratz."); MGA's Reply in Support of Motion to Compel Further Responses to MGA's Requests for Production of Documents, October 29, 2009, Dkt. 7066, at 17; Jaime Elias Dep., November 18, 2009, at 732:14-732:16; MGA Parties' Notice and Application for Issuance of Letter of Request for Judicial Assistance Re: Danny K.H. Yu and Bird & Bird, September 4, 2009, Dkt. No. 6589, at 5 (MGA claiming that it "has reason to believe that" the discovery it sought through the motion "will reveal highly relevant evidence in this litigation, and specifically evidence that may show *Mattel's trade secret counterclaim based on 'Bratz'* (and any other state law tort claims based on 'Bratz') is time-barred") (emphasis added).

*during both phases of this lawsuit.*"[8] MGA ignores that finding and all the evidence that supports it. MGA's claim that it needs additional discovery should be rejected.[9]

Recognizing that it cannot show a need for more discovery on the claim that Mattel actually proposes to raise, MGA tries to reinterpret that claim into something it is not, claiming that it presents, or might present, a wholly "new theory" of trade secret liability about which MGA has taken no discovery at all. (Opp. at 8-10). That argument lacks merit. The limited amendments Mattel proposes to make to the FAAC, as identified in the "red-line" comparison document attached as Exhibit A to Mattel's motion, are the same amendments it proposed to make in March 2010, when it first submitted its proposed FAAC.[10] MGA did not argue before that Mattel was trying to insert a "new theory" into the case, and it is disingenuous for it to do so now after having been on notice of those proposed amendments for several months.

In any event, there is no "new theory." Mattel's theory of trade secret liability with respect to Bratz-related trade secrets is set forth in more than a dozen detailed paragraphs of substantive factual allegations in the FAAC.[11] Mattel has made those allegations since it first asserted counterclaims in January 2007.[12] Mattel does not

---

[8] Dkt. No. 7853, at 3 (emphasis added).

[9] It also is inequitable for MGA to claim prejudice from the discovery deadline for which it advocated at a time when it knew that Mattel's Bratz-related trade secret claim might still be added to the case. Indeed, in the same stipulation in which MGA agreed to a briefing schedule for this motion concerning the possible addition of Mattel's Bratz-related trade secret claim, MGA also argued that discovery should close *immediately*. See Stipulation of the Parties Regarding Pre-Trial Dates and Briefing Schedules, dated August 9, 2010, Dkt. No. 8495 at Attachment A, p. 4. MGA took that position with full knowledge that Mattel might be permitted to pursue its Bratz-related trade secret claim. Nonetheless, in advocating for an immediate end to discovery, MGA did not reserve any rights to take discovery on that claim if it were added. MGA knew then that it would not need any additional discovery. Its claim to the contrary now should be rejected.

[10] *Compare* Mattel's [Proposed] Fourth Amended Answer and Counterclaims, Dkt. No. 7676-1 at 72-73 *with* Mot. Ex. A.

[11] See FAAC ¶¶ 23-35.

[12] See Amended Answer and Counterclaims, dated January 12, 2007, at ¶¶ 21-36.

propose to change or amend those allegations in any manner. Indeed, the only amendment Mattel proposes to make is a simple clarification that "Bratz" products and designs are included in the definition of "trade secret."[13] As Mattel has explained repeatedly, that proposed "amendment" is merely a clarification that the same intellectual property thefts that it has long identified are also part of Mattel's trade secret misappropriation claim. MGA's argument that this limited amendment is a "hopelessly vague" theory of trade secret liability that has never been disclosed before is an erroneous attempt to concoct an argument for why it needs more discovery. The Court should reject it.[14]

Further, Mattel has never "disavowed" that Bratz is a trade secret. Opp. at 6. Mattel has already demonstrated that the cherry-picked and incomplete evidence MGA cites actually has no bearing on whether Mattel claims trade secret protection over Bratz.[15] For example, in one excerpt MGA cites, Mattel disclaimed a *copyright* claim based solely on the term "Bratz" "because there's doctrine that says short phrases and statements couldn't be copyright."[16] At another hearing cited by MGA, Mattel acknowledged that its trade secret damages were continuing through 2006, not that the claim dated back only to 2004.[17] Further, Mattel's March 2, 2007 letter concerning its trade secret claim did not purport to include an exhaustive listing of Mattel's trade

---

[13] See Mot., Ex. A.
[14] Moreover, MGA's claim that it has taken "no discovery" on the "theory" that Mattel considered using "'Brats' in connection with its 2000 Diva Starz project" is refuted by the record. Opp. at 9. In fact, MGA has already examined multiple witnesses, including multiple Mattel 30(b)(6) witnesses, at length and for years concerning Mattel's consideration and use of that term in connection with the Diva Starz project. See, e.g., Kislap Ongchangco [30(b)(6)] Dep. Tr., April 24, 2007, at 200:23-214:4, 234:17-237:19; Joni Pratte [30(b)(6)] Dep. Tr., June 1, 2007, at 36:10-38:8, 67:10-70:10; Adrienne Fontanella Dep. Tr., Jan. 16, 2008, at 137:21-138:14, 150:2-12; Ivy Ross Dep. Tr., Jan. 17, 2008, at 108:22-109:19, 241:4-244:9.
[15] See Mattel's Motion to Confirm Pendency of Trade Secret Misappropriation Claim Based on Theft of Bratz, May 4, 2010, Dkt. No. 7801, at 12 n. 35.
[16] See May 23, 2008 Hearing Tr., at 79-80.
[17] See March 19, 2007 Hearing Tr., at 12:17-13:14 (Dkt. No. 7691-2 at 9-10).

00505.07975/3648153.3

-5-
MATTEL, INC.'S REPLY IN SUPPORT OF MOTION FOR ORDER CONFIRMING PENDENCY OF TRADE
SECRET MISAPPROPRIATION CLAIM BASED ON THEFT OF BRATZ

secrets; its language makes clear that the Bates numbers listed were not exhaustive.[18] MGA does not address those points, but instead simply restates its initial positions as though Mattel has not responded to them.[19] MGA's arguments remain unpersuasive.

### B. Including Mattel's Bratz Trade Secret Claim In the Next Trial Will Not Require MGA to "Reshape" Its Trial Strategy

MGA also argues that if Mattel's Bratz-related trade secret claim is added now, it will be prejudiced by having to "reshape its trial strategy at the eleventh hour." Opp. at 7. MGA does not support that claim of prejudice at all, let alone with any specific information concerning how it will be required to change its trial strategy, or why it would have inadequate time to do so. Moreover, the basic facts and evidence at the upcoming trial will be substantially the same, whether or not Mattel has an explicit Bratz trade secret claim. Furthermore, just days ago, MGA argued that the Ninth Circuit's ruling requires a "clean slate" at the next trial.[20] While the Court has yet to decide the precise impact of the Ninth Circuit's ruling on the upcoming trial, it is clear that the issue of who ultimately owns Bratz will need to be tried again. As such, it is the Ninth Circuit's ruling, and not Mattel's limited amendment to its trade secret claim, that will require MGA to "reshape its trial strategy." This prejudice argument fails as well.

---

[18] See Dkt. No. 7691-1.

[19] In the only citation to the record MGA did not raise before, MGA argues that Mattel "flatly den[ied]" that Bratz was a trade secret in its opposition to MGA's Renewed Motion for Partial Judgment as a Matter of Law. Opp, at 7. Mattel did no such thing. Rather, in response to MGA's attempt in Phase 1(b) to argue CUTSA preemption, Mattel argued that the state law tort claims that MGA sought to preempt were broader and more expansive than Mattel's CUTSA claim because they did not "depend on proof" that "Bratz" was a trade secret, but also turned on, among other things, the meaning of the parties' contractual rights, the existence and breach of fiduciary duties, and other factual and legal issues that are irrelevant to a CUTSA claim. See Dkt. No. 4683, dated January 12, 2009, at 8-10. MGA's misleading citation to isolated words taken out of context is again unpersuasive.

[20] MGA Parties' Response to Order Dated August 6, 2010 Re Effect Of Ninth Circuit Opinion, dated August 20, 2010, Dkt. No. 8626 at 3.

### C. MGA's Prejudice Argument Based on Preemption Is Without Merit

Finally, MGA rehashes its argument that it will be prejudiced by being "unfairly requir[ed] to litigate a claim that would have preempted much of Mattel's Phase 1 state law claims and avoided the equitable relief" that Mattel was granted in Phase 1. Opp. at 7. It argues further that "MGA could have avoided substantial expense and harm had Mattel pleaded Bratz and Jade as a trade secret prior to the Phase 1 trial." Opp. at 11.[21] That argument ignores all the evidence showing that Mattel tried vigorously to include its Bratz-related trade secret claim *in the Phase 1 trial*. See Mot. at 5-6. MGA also ignores that it *did* argue preemption in Phase 1 even though, according to MGA, Mattel did not have a CUTSA claim based on Bratz at that time.[22] Accordingly, MGA's argument that it was unable to argue preemption based on Mattel's "tactical" decision not to raise a Bratz-related CUTSA claim in Phase 1 is groundless.

MGA's claimed prejudice also is belied by its own positions and arguments. MGA argued preemption in Phase 1 and again in its recent motion to dismiss.[23] Neither time did MGA argue that Mattel's state law claims "would be" preempted if Mattel were to add a Bratz-related CUTSA claim. Rather, it argued that Mattel's state law claims *were preempted*. Thus, by MGA's own reasoning, its preemption argument is

---

[21] MGA's claim that the "draconian injunctive relief . . . was devastating to its business" is unsubstantiated rhetoric. Opp. at 12. For all practical purposes, the terms of Judge Larson's permanent injunction against MGA (enjoining the manufacturing and selling of Bratz, impounding inventory, implements and molds, and recalling Bratz products) never were in effect. While the stay of the permanent injunction was technically not in effect between April 27, 2009 and December 9, 2009, the manufacture, distribution and sale of Bratz products were never enjoined, and the recall of Bratz products pursuant to the injunction was never implemented because the injunction was stayed before the date when it was to become effective.

[22] See MGA Parties' Motion for Partial Judgment as a Matter of Law for Phases 1A and 1B, dated December 22, 2008, Dkt. No. 4496 at 7-8.

[23] See id.; MGA Parties' Motion to Dismiss and/or for Summary Adjudication Regarding U.S.-based Trade Secret and Employee-Based State Law Tort Claims, dated May 10, 2010, Dkt. No. 7897 at 21-24 (arguing that "Mattel has stated its trade secret misappropriation claim so broadly that it clearly preempts all of its other state law claims relating to its former employees").

00505.07975/3648153.3

-7-
MATTEL, INC.'S REPLY IN SUPPORT OF MOTION FOR ORDER CONFIRMING PENDENCY OF TRADE SECRET MISAPPROPRIATION CLAIM BASED ON THEFT OF BRATZ

viable even if Mattel's CUTSA claim does not expressly include Bratz. Although MGA's preemption arguments failed, that was not because, as MGA suggests, Mattel had not raised a CUTSA claim based on Bratz. Any "prejudice" MGA suffered by not obtaining a preemption ruling is not the fault of Mattel.

In sum, MGA has failed to show that it would suffer any prejudice if Mattel's Bratz-related trade secret claim is included in the next trial. Absent prejudice to MGA, Mattel should be granted leave to add that claim. See Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (citation omitted) ("Absent prejudice, or a strong showing of any of the [other] factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend.").

## II. MATTEL WILL BE PREJUDICED IF IT CANNOT PURSUE ITS BRATZ-RELATED TRADE SECRET CLAIM

Mattel explained in its motion why it would be unfair to prevent Mattel from raising its CUTSA claim based on Bratz while also allowing MGA to argue that Mattel's state law claims are preempted by that very same CUTSA claim. MGA does not respond to that argument, and it notably does not dispute that it intends to argue again that Mattel's state law claims are preempted by CUTSA, whether or not Mattel is permitted to raise a CUTSA claim based on Bratz. MGA's gamesmanship to ensure that Mattel cannot recover for MGA's theft of Bratz-related trade secrets under *any* theory is highly prejudicial to Mattel and should not be rewarded.

It also is inequitable for MGA to argue, as it has recently, that the Ninth Circuit's ruling requires "a complete new trial" and a "clean slate,"[24] while, at the same time, arguing that Mattel cannot include its Bratz-related trade secret claim in the next trial. In light of the Ninth Circuit's ruling, the Court's previously-expressed concerns about including Mattel's Bratz trade secret claim in the next trial, including possible

---

[24] MGA Parties' Response to Order Dated August 6, 2010 Re Effect Of Ninth Circuit Opinion, dated August 20, 2010, Dkt. No. 8626 at 1, 3.

00505.07975/3648153.3

-8-
MATTEL, INC.'S REPLY IN SUPPORT OF MOTION FOR ORDER CONFIRMING PENDENCY OF TRADE SECRET MISAPPROPRIATION CLAIM BASED ON THEFT OF BRATZ

inconsistent jury findings and duplicative proceedings, are eliminated because claims focusing on who owns Bratz must be retried. MGA knows this, which is why it fails to address the impact of the Ninth Circuit's ruling on the status of Mattel's Bratz trade secret claim. Mattel would be highly prejudiced by a broad retrial of issues related to Bratz ownership that does not include Mattel's Bratz trade secret claim.

Moreover, without addressing the impact of the Ninth Circuit's ruling on Mattel's Bratz trade secret claim, MGA argues that Mattel's proposed amendment is an impermissible *reaction to* that ruling. Opp. at 13-14. That argument makes no sense, as Mattel has sought to raise its Bratz-related trade secret claim since years *before* the Ninth Circuit ruled – in fact, since long before the orders the Ninth Circuit ruled on had even been issued. See Mot. at 5-9. MGA's argument that Mattel is simply trying to "change a legal theory after a loss on appeal" (Opp. at 13) is not supported by the record, or by the cases that MGA cites,[25] and should be rejected.

### III. MGA FAILS TO ESTABLISH ANY FACTORS THAT WOULD SUPPORT THE DENIAL OF LEAVE TO AMEND

In addition to failing to show prejudice, MGA does not establish any of the other factors – delay, bad faith or futility – that might justify the denial of Mattel's request for

---

[25] Because Mattel's motion is not a "reaction to" the Ninth Circuit's ruling, or an effort to address the viability of its claims in light of that ruling, the authorities MGA cites are inapposite. MGA's descriptions of the cases it cites also are misleading. In Chodos v. West Publishing Co., Inc., 292 F.3d 992 (9th Cir. 2002), for example, the court did not deny a motion to amend because, as MGA suggests, the motion was brought to avoid an adverse summary judgment ruling while summary judgment motions were pending, but rather because the amendment was dilatory. Id. at 1003. Likewise, in Royal Ins. Co. of America v. Southwest Marine, 194 F.3d 1009 (9th Cir. 1999), the court did not focus on the fact that the proposed amendment was made after summary judgment, but rather on the fact that the claims could have been pleaded earlier. Id. at 1017. MGA's other authorities are distinguishable as well. See Acri v. International Ass'n of Machinists & Aerospace Workers, 781 F.2d 1393, 1398 (9th Cir. 1986) (denying motion for leave after counsel for moving party admitted that the late amendment was a tactical choice); Beverly Hills Bancorp v. Hine, 752 F.2d 1334, 1337 (9th Cir. 1984) (denying leave to amend where remand was limited and where court of appeals had previously denied trustee's request for leave to amend).

leave to amend. It does not discuss "bad faith" at all – and there is none. It also does not discuss futility, instead saying that it will "defer and address that issue" at a later time. Opp. at 16, n.4.[26] While MGA does rehash its argument that Mattel delayed in seeking to raise its Bratz-related trade secret claim, it ignores all the evidence Mattel has cited demonstrating that even if Mattel's Bratz trade secret claim was not encompassed by its earlier pleadings, Mattel nevertheless has tried for years to raise that claim, during both phases of the case, including by filing multiple motions to add the claim or confirm its pendency. See Mot. at 11-12. Mattel does not respond to that evidence, and it fails to show delay, let alone prejudicial delay. Mattel should be permitted to raise its Bratz-related trade secret claim.

### Conclusion

Mattel respectfully requests that the Court grant Mattel's motion.

DATED: August 30, 2010

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By /s/ John B. Quinn
John B. Quinn
Attorneys for Mattel, Inc.

---

[26] Although not within the context of arguing "futility," MGA argues that to the extent Mattel's CUTSA claim based on Bratz includes "designs," the claim is preempted by the Copyright Act. (Opp. at 8). That is incorrect. See Balboa Ins. Co. v. Trans Global Equities, 218 Cal. App. 3d 1327, 1350 (1990) (Copyright Act does not preempt state claims based upon trade secret law); Firoozye v. Earthlink Network, 153 F.Supp.2d 1115, 1130 (N.D. Cal. 2001) (where action "for disclosure and exploitation of trade secrets require[s] a status of secrecy, not required for copyright," action is not preempted); Cavalier v. Jim Henson Co., Inc., 2000 WL 33968969, *3 (C.D. Cal., April 03, 2000) (same). Indeed, MGA itself recently identified the "appearance" of various of its allegedly unreleased products as among the purported trade secrets that it claims were misappropriated by Mattel. See Notice by MGA of Trade Secret Designation Pursuant to Cal. Code Civ. Proc. § 2019.210, dated August 24, 2010, at 1.