**SCHEPER KIM & HARRIS LLP**
DAVID C. SCHEPER (State Bar No. 120174)
dscheper@scheperkim.com
ALEXANDER H. COTE (State Bar No. 211558)
acote@scheperkim.com
601 W. Fifth Street, 12th Floor
Los Angeles, CA 90071
Telephone: (213) 613-4655
Facsimile:  (213) 613-4656

**LAW OFFICES OF MARK E. OVERLAND**
MARK E. OVERLAND (State Bar No. 38375)
mark@overlaw.net
100 Wilshire Blvd., Suite 950
Santa Monica, CA 90401
Telephone: (310) 459-2830
Facsimile:  (310) 459-4621

Attorneys for
Carlos Gustavo Machado Gomez

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| CARTER BRYANT,<br><br>　　　Plaintiff,<br><br>　　v.<br><br>MATTEL, INC,<br><br>　　　Defendant.<br><br>AND CONSOLIDATED CASES. | CASE NO. CV 04-9049 DOC (RNBx)<br><br>Consolidated with CV 04-9059 and CV 05-2727<br><br>**RESPONSE TO MATTEL, INC.'s REPORT PURSUANT TO THE COURT'S AUGUST 3, 2010 ORDER**<br><br>Judge:  Hon. David O. Carter<br><br>**Phase 2:**<br>Discovery Cut-off: October 4, 2010<br>Pre-trial Conference: January 4, 2011<br>Trial Date: January 11, 2011 |

Mattel's unsolicited *Report Pursuant To The Court's August 3, 2010 Order Re: Machado's Non-Fifth Amendment Objections To Mattel's Discovery Requests* (Docket No. 8654) asks the Court to overrule unspecified objections, for unknown reasons, so that the Court can then order Mr. Machado to produce documents he does not have. It is hard to imagine a more frivolous request. The relief sought in Mattel's "report" should be denied.

In support of its "report," Mattel argues that during a telephonic conference, Mr. Machado's counsel "promised" to withdraw his valid objections to Mattel's document requests. That is simply untrue. Rather, during the conference Mr. Machado's counsel advised Mattel that although Mr. Machado stood by his objections, the discussion was moot because Mr. Machado had no further responsive documents to produce.[1] In response, Mattel's counsel agreed that no further discussion was required.[2]

Although Mattel now complains about Mr. Machado's supplemental responses, these responses merely reflect the agreement reached on the telephone. For example, Mr. Machado's supplemental responses to Requests Nos. 57, 67, 80 and 82 state that Mr. Machado will produce responsive and non-privileged documents in his possession. But as Mattel already knows, he has none. Request Nos. 56 and 68 seek documents related to Mr. Machado's supposed sabotage of

---

[1] Excluding communications between Mr. Machado and the undersigned counsel. The parties have long agreed and the discovery master has ordered that communications between clients and their trial counsel about this case need not be produced or logged in this case.

[2] To further assuage Mattel's concerns, Mr. Machado's counsel informed Mattel that if Mr. Machado later discovered responsive documents, they would be produced promptly. If they were withheld from production for any reason (*i.e.* on the basis of any of Mr. Machado's objections), Mr. Machado would advise Mattel of that fact and the objection relied on. To date, no new documents have been found.

---

1
RESPONSE TO MATTEL, INC's REPORT PURSUANT TO THE COURT'S AUGUST 3, 2010 ORDER

Mattel's computers and his supposed trip to Los Angeles in early 2004. The supplemental responses clearly state that Mr. Machado did not sabotage Mattel's computers and that he did not make the described trip. Obviously, Mr. Machado has no documents related to events that never took place.

Mattel's "report" also offers no justification for the relief sought. For example, Mattel offers no basis for overruling Mr. Machado's assertion of the attorney client privilege or his overbreadth objection to a request for documents related to email accounts he used *seven years* before he resigned from Mattel. Indeed, during the telephonic meet and confer, counsel for Mr. Machado asked Mattel's counsel to identify the specific objections Mattel disagreed with, and the reasons why. All Mattel's counsel could muster was that he "did not think very much" of some objections, but could not say which objections merited this faint dispraise. Counsel's vague and unspecified feelings are not a sufficient basis for overruling any of Mr. Machado's reasonable and valid objections.

For the foregoing reasons, Mr. Machado respectfully requests that the relief sought in Mattel's "report" be denied.

DATED: September 1, 2010    Respectfully submitted,

SCHEPER KIM & HARRIS LLP
DAVID C. SCHEPER
ALEXANDER H. COTE

LAW OFFICES OF MARK E. OVERLAND
MARK E. OVERLAND


By: _____/s/ *Alexander H. Cote*_____
    Alexander H. Cote
    Attorneys for Carlos Gustavo Machado Gomez