QUINN EMANUEL URQUHART & SULLIVAN, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc. and Mattel de
Mexico, S.A. de C.V.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>MGA ENTERTAINMENT, INC., a California corporation, et al.,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 DOC (RNBx)<br>Consolidated with<br>Case Nos. CV 04-09059 & CV 05-02727<br><br>Hon. David O. Carter<br><br>**REPLY IN SUPPORT OF MATTEL, INC.'S MOTION OBJECTING TO PORTIONS OF DISCOVERY MASTER ORDER NO. 99**<br><br>Hearing Date: TBD<br>Time: TBD<br>Place: TBD<br><br>**Phase 2**<br><br>Discovery Cutoff: October 4, 2010<br>Pre-trial Conference: January 4, 2010<br>Trial: January 11, 2011 |

00505.07975/3663498.6

REPLY ISO MATTEL, INC.'S MOTION OBJECTING TO PORTIONS OF ORDER NO. 99

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT .................................................................................. 1

ARGUMENT ............................................................................................................... 2

I. THE COURT SHOULD STAY DISCOVERY INTO MGA'S NEW "COUNTERCLAIMS-IN-REPLY" PENDING RESOLUTION OF MATTEL'S DISPOSITIVE MOTIONS REGARDING THESE CLAIMS .......................................................................................................... 2

    A. Mattel Should Have an Equal Opportunity to Discovery on MGA's New "Counterclaims-in-reply" ................................................ 2

    B. MGA Miscalculates the Number of Depositions it has Taken ............... 4

    C. MGA Concedes that the Court did not Count the Three Omni Depositions Against Mattel's 25 Deposition Limit ................................ 4

    D. Mattel Has Not Withheld Evidence ....................................................... 5

II. MATTEL IS ENTITLED TO DEPOSE MORALES AND CABRERA FURTHER IN LIGHT OF THEIR IMPROPER INVOCATIONS OF THE FIFTH AMENDMENT ................................................................................ 6

III. MGA DOES NOT DISPUTE THAT IT HAS NO GOOD CAUSE FOR ADDITIONAL DEPOSITION TIME WITH ECKERT ................................. 6

IV. MGA DOES NOT DISPUTE THAT IT CLOSED THE DEPOSITION OF VILLASENOR .................................................................................................. 8

V. MGA HAS NOT SHOWN GOOD CAUSE FOR THREE ADDITIONAL DAYS TO DEPOSE MATTEL WITNESSES ON ITS THIRD AND FOURTH NOTICES ............................................................................ 10

    A. MGA Does Not Dispute that the Court Limited the Deposition of Mattel's 30(b)(6) on MGA's Third Notice to 32 hours ......................... 10

    B. MGA Does Not Dispute that the Fourth Notice of Deposition Does Not Require More Than Two Days ............................................. 11

CONCLUSION .......................................................................................................... 12

# TABLE OF AUTHORITIES

**Page(s)**

### Cases

Duff v. Gibbons, ,
   2006 WL 3698266 (9th Cir. 2006) ........................................................................ 2

Pratt v. Archstone Willow Glen Apartments,
   2009 WL 2032469 (N.D. Cal. 2009) ................................................................. 7, 8

White v. Regents of University of California,
   1999 WL 638454 (9th Cir. 1999) ......................................................................... 3

### Miscellaneous

Advisory Committee Notes to 2000 Amendments to F. R. Civ. P. 30(d) ................... 7

# MEMORANDUM OF POINTS AND AUTHORITIES

## Preliminary Statement

At the September 1, 2010 hearing, the Court seemed tentatively inclined to permit the parties the additional number of depositions recommended by Discovery Matter Order 99. Although Mattel believes that MGA must move for leave for additional depositions, if additional depositions are granted, the Court should either stay discovery into MGA's new "counterclaims-in-reply" pending resolution of Mattel's motion to dismiss those claims or expedite discovery for **all** parties into those claims. MGA has known of its purported trade secret theft claims since at least 2004 – well before Phase 2 discovery began. MGA's efforts to engage in one-way discovery at the eleventh hour on its improper "counterclaims-in-reply" is severely prejudicial to Mattel. The Court should either stay discovery on these claims pending resolution of Mattel's motion to dismiss or grant Mattel's request for expedited discovery so that Mattel can defend itself.

Moreover, to the extent additional depositions are granted, the numbers should be counted in accordance with the Court's prior rulings. MGA does not dispute that the three depositions Mattel took prior to the Court's setting the 25 deposition limit did not count against Mattel. It is unfair to retroactively count those against Mattel in the face of the Court's prior ruling (and MGA's concession to it), on which Mattel relied. MGA also does not dispute that it has taken the depositions of Pablo Vargas and Brian Wing, bringing to 27 its total depositions to date. Therefore, at most MGA has only two depositions left.

MGA has not shown good cause for why it needs additional deposition time with Mr. Eckert or Mr. Villasenor. Mr. Eckert has been deposed for eight days in his individual capacity. MGA cannot point to any subject matter on which it has not already had ample time to depose him. As for Mr. Villasenor, MGA closed his deposition and points to no new evidence that was not covered before.

With respect to the Cabrera and Morales depositions, MGA does not dispute that Mattel is entitled to move to have their improper invocations overruled. Order No. 99 erroneously denies Mattel the opportunity to seek relief from this Court on the Fifth Amendment issues; the Court should compel Ms. Cabrera and Ms. Morales to answer questions on which they improperly invoked.

Lastly, MGA does not dispute that the Court limited the deposition of Mattel's 30(b)(6) on MGA's Third Notice to 32 hours. Nor does it dispute that its Fourth Notice does not require more than two days. The Court should overrule portions of Order No. 99 to the extent it grants MGA excessive time to conduct these depositions.

**Argument**

**I. THE COURT SHOULD STAY DISCOVERY INTO MGA'S NEW "COUNTERCLAIMS-IN-REPLY" PENDING RESOLUTION OF MATTEL'S DISPOSITIVE MOTIONS REGARDING THESE CLAIMS**

**A. Mattel Should Have an Equal Opportunity to Discovery on MGA's New "Counterclaims-in-reply"**

At the September 1, 2010 hearing, the Court indicated its inclined to grant the parties additional depositions. Mattel requests that the Court stay, as it already indicated it would, discovery into MGA's new claims pending resolution of Mattel's dispositive motions.[1] The Court has ample authority to stay discovery into MGA's belatedly asserted claims pending resolution of Mattel's motion to dismiss. Duff v. Gibbons, 2006 WL 3698266, at *1 (9th Cir. 2006) ("[T]he district court did not abuse its discretion by staying discovery pending resolution of the defendant's motions to dismiss."); see also White v. Regents of University of California, 1999 WL 638454, at * 2 (9th Cir. 1999) (no abuse of discretion where the district court

---

[1] Mattel will be filing responsive motions to MGA's purported "Compulsory Counterclaims-in-reply" on September 7, 2010.

stayed discovery pending the resolution of the defendant's motion to dismiss) (citations omitted).

Mattel will demonstrate that these newly-pleaded claims are improper; until the Court passes on them, they do not provide a legitimate basis for additional discovery. MGA's claim that this is a "novel proposition," Opp. at 7, is contradicted by its own prior arguments. MGA itself previously advocated this exact proposition at the Didier Pietri deposition when it attempted to block Mattel's efforts to obtain discovery on claims that it perceived had "not passed legal scrutiny."[2] MGA should not be permitted to pursue belatedly-added and improperly asserted claims, while simultaneously blocking Mattel's efforts to defend against them.

Moreover, as stated in its Motion, Jerome Bossick has critical health problems and is undergoing medical treatments that preclude him from being deposed for the foreseeable future. Upon the Court's direction, Mattel will submit an *in camera* declaration providing details on his medical condition and ongoing treatment. MGA is unreasonably insisting that this deposition go forward despite the fact that Mattel has informed MGA that Mr. Bossick has a serious medical condition that prevents him from testifying. MGA indicates that it only needs Mr. Bossick's deposition for questioning regarding the "Bratz brief." Opp. at 5. This document was produced over three years ago on May 30, 2007.[3] Multiple witnesses, including Mattel's CEO Robert Eckert, have already testified at length about it.[4] MGA has not been denied an opportunity to inquire about the "Bratz brief" – indeed, it has done so on numerous occasions. Any additional discovery –

---

[2] See e.g., Deposition Transcript of Didier Pietri, dated March 8, 2010 ("Pietri Tr.") at 149:20-150:3.
[3] See May 30, 3007 Letter from T. Alger to D. Torres et al. (transmittal letter for documents bates-stamped M 007495-0098686).
[4] See, e.g., Eckert Depo. Tr. Vol. 7 at 1202:11-1208:20; see also Kilpin Vol. 3 at 823:8-839:14; Storie 30(b)(6) Vol. 7 at 1769:21-1800:8; Sujata Luther Vol. 1 at 137:15-143:25, 149:6-159:12, 169:16-173:1; Russell Arons Vol. 1 at 54:10-61:11; Matthew Turetzky Vol. 1 at 108:21-112:1 (rough transcript).

especially that of a very sick man – would not only be cumulative and duplicative, but extremely burdensome.

Accordingly, the Court should stay the depositions of Shahin Rahimi, and Kelly Osier pending resolution of Mattel's forthcoming motion to dismiss, and reject MGA's request to depose Mr. Bossick until his health permits. In the event the Court decides not to stay discovery, Mattel requests that the Court grant its previously filed request for expedited discovery so that it has a fair and equal opportunity for discovery into MGA's belatedly asserted "counterclaims-in-reply."

### B. MGA Miscalculates the Number of Depositions it has Taken

To date, MGA has taken 27 depositions. At the August 23, 2010 meet and confer, MGA conceded that it has taken at least 24 depositions.[5] Since then, it has deposed Matt Turetsky.[6] In its Opposition, MGA does not dispute that it has also taken the depositions of Pablo Vargas and Brian Wing[7] – putting it at 27 depositions. MGA has at most only 2 depositions.

### C. MGA Concedes that the Court did not Count the Three Omni Depositions Against Mattel's 25 Deposition Limit

MGA admits that "[t]he three depositions that Mattel had already taken were not counted towards Mattel's depositions limit." Opp. at 3. Yet, MGA argues that

---

[5] At the meet and confer on August 23, 2010, MGA conceded it has taken the depositions of the following 24 witnesses since October 2009: Robert Eckert, Mattel 30(b)(6), Gabriel Zalzman, Bob Normile, Gene Murtha, Francisco Tiburcio, Steve Totzke, Richard De Anda, Margo Eldridge, Michael Moore, Erica Ashbrook, Matt Bousquette, Neil Friedman, Ricardo Ibarra, Tim Kilpin, Gerald Cleary, Doug Wadleigh, Roberto Isaias, Russell Arons, Tom Debrowski, Tina Varu (Patel), Sal Villasenor, Sujata Luther and Hugo Valencia.

[6] See Deposition Transcript of Matt Turetsky ("Turetsky Tr."), dated September 2, 2010.

[7] MGA has taken the deposition of Pablo Vargas, see Deposition of Pablo Vargas, dated June 19, 2010, Vol. 4 ("Vargas Tr."), and Brian Wing, whom MGA separately subpoenaed, see MGA's Subpoena to Testify at a Deposition in a Civil Action to Brian Wing, dated February 19, 2010. See Deposition of Brian Wing, Vol. 4, dated March 6, 2010 ("Wing Tr.").

they should now count against Mattel's total – be it 25 or 29.[8]  Given MGA's concession, it is unfair to retroactively count those against Mattel now, in contradiction of the Court's prior ruling on which Mattel relied.  Therefore, the three Omni-related depositions taken prior to the 25 limit set by the Court should not count against Mattel.

### D. Mattel Has Not Withheld Evidence

MGA falsely accuses Mattel of withholding evidence.  MGA claims that it only recently learned about the allegations in its counterclaims-in-reply after the testimony of Sal Villasenor.  While Mattel will respond more fully to these allegations elsewhere, for purposes of this issue, Mattel notes that MGA's claim is incorrect.  Ron Brawer, an MGA executive since 2004, testified that he personally worked with and had knowledge of Villasenor and his alleged activities prior to October 2004.[9]  Moreover, in 2006, Brawer and another MGA executive, Gustavo Machado, interviewed Villasenor for a job at MGA and spoke about his work at Mattel with admiration.[10]  MGA can scarcely claim that it did not know about these claims. MGA offers no explanation for why it failed to seek Mr. Villasenor's deposition until six years after the commencement of this litigation.  MGA has known of its purported trade secret theft claims since at least 2004[11] – well before

---

[8] MGA states that "[e]arlier this year, MGA requested that it be granted three depositions to make its count equitable with Mattel's, and the Court granted MGA's request, essentially granting each side twenty-eight (28) depositions total." Opp. at 2. Mattel disagrees that the Court ever increased the deposition limit to 28. In fact, the Court reiterated in its August 10, 2010 Order that it only granted the parties 25 depositions per side. See August 10, 2010 Order (Docket No. 8509) ("[T]he Court reminds the parties that soon after the transfer of this case in October 2009, the Court granted the parties leave to take 25 depositions *per side*, well over the number allocated under the Federal Rules of Civil Procedure.") (emphasis in original). Notably, MGA does not cite to any supporting evidence for its proposition.
[9] See Deposition Transcript of Ron Brawer, Vol. 2, dated January 26, 2010, ("Brawer Tr., Vol. 2"), January 26, 2010, at 643:8-647:4.
[10] See DE 9335; MGA2 0150736.
[11] Brawer Tr. Vol. 2 at 643:8-646:10.

Phase 2 discovery began, and had every opportunity to allocate depositions to that inquiry within the existing limits.

## II. MATTEL IS ENTITLED TO DEPOSE MORALES AND CABRERA FURTHER IN LIGHT OF THEIR IMPROPER INVOCATIONS OF THE FIFTH AMENDMENT

MGA argues that the Phase 1 depositions of Ms. Morales and Ms. Cabrera should be treated the same as the depositions of individuals such as Mr. Eckert and Mr. Bousquette, but this misses the point. Neither Mr. Eckert nor Mr. Bousquette invoked the Fifth Amendment at any point in their respective depositions. In contrast, Ms. Morales and Ms. Cabrera repeatedly and improperly invoked the Fifth Amendment, including in response to multiple questions directly relevant to Mattel's claims.[12] Both invoked the Fifth Amendment in response to questions about how they worked with MGA vendor Veronica Marlow to conceal work on Bratz, including by accepting payments under false names and false social security numbers.[13] MGA does not deny that Mattel is entitled to move to have these improper invocations overruled. Opp. at 9:1-7. The Court should overrule Order No. 99 to the extent that it denies Mattel the opportunity to seek relief from this Court on the Fifth Amendment issues and should compel Ms. Cabrera and Ms. Morales to answer the questions in response to which they improperly invoked.

## III. MGA DOES NOT DISPUTE THAT IT HAS NO GOOD CAUSE FOR ADDITIONAL DEPOSITION TIME WITH ECKERT

MGA argues that pursuant to Order No. 99, "it is incumbent on Mattel to obtain a protective order if it seeks to avoid Mr. Eckert's deposition." Opp. at 10.

---

[12] See Mattel's Fourth Amended Answer and Counterclaims, dated April 12, 2010, at ¶86.
[13] See, e.g., Deposition Tr. of Ana Cabrera, dated May 8, 2008, at 83:11-13, 176:21-5, 177:8-11, 179:8-11, 179:21-23, 180:3-5, 180:17-19, 181:3-6, 181:17-21, 184:11-12 and 187:5-6; see also Deposition Tr. of Beatriz Morales, dated April 29, 2008, at 180:22-181:2, 189:2-4, 191:13-16, 197:21-23, 198:22-23, 200:2-6, 200:18-19, 207:10-12 and 214:11-14.

Apparently MGA believes more paper is needed to address this issue. Mattel disagrees, although it will of course file further motions if the Court prefers. But in any event, nothing excuses MGA from its burden to show good cause for why it needs any more deposition time in addition to the eight days he has already testified in his personal capacity. Pratt v. Archstone Willow Glen Apartments, 2009 WL 2032469, at *1 (N.D. Cal. 2009) ("A party seeking a court order to extend the examination must show 'good cause' to justify such an order.") (citations omitted); Advisory Committee Notes to 2000 Amendments to F. R. Civ. P. 30(d) ("The party seeking a court order to extend the examination, or otherwise alter the limitations, is expected to show good cause to justify such an order"). Having failed to show any good cause, Order No. 99 should be overruled to the extent it purports to require any additional deposition time with Mr. Eckert.

MGA's only argument seems to be that Mr. Eckert should be required to sit for as long as Mr. Larian. Opp. at 9. Yet MGA neglects to inform the court that during Phase 2, Mr. Eckert has in fact testified for a longer period than Mr. Larian.[14] Under this calculation, it is Mattel, not MGA, that should get additional deposition time. Moreover, MGA does not dispute that it has already deposed Mr. Eckert on the issues in its purported "counterclaims-in-reply" – making any additional testimony further cumulative and duplicative. Nor does MGA dispute that it has had ample opportunity to depose Mr. Eckert in the eight days of deposition with him. The few examples MGA provides of testimony it seeks are on areas on which MGA has already deposed him. As stated in Mattel's Motion (Motion at 9), Mr. Eckert was deposed at length regarding the "Bratz brief"[15] and testified about his practice

---

[14] Mr. Eckert has testified for a total of 44 hours and 37 minutes in Phase 2. In contrast, Mr. Larian has testified for 41 hours and 40 minutes – which doesn't even account for the huge amounts of time wasted by Mr. Larian and his counsel.

[15] See, e.g., Eckert Depo. Tr. Vol. 7 at 1202:11-1208:20.

with respect to emails and how they were saved.[16] He also testified about the "What Happened to Barbie" email.[17] MGA has no legitimate reason for additional deposition time with Mr. Eckert.

## IV. MGA DOES NOT DISPUTE THAT IT CLOSED THE DEPOSITION OF VILLASENOR

MGA does not dispute that it has already examined Mr. Villasenor for a full day at the end of which it closed the deposition.[18] MGA argues rather that Mattel must move for a protective order. Of course, again, Mattel can do so if the Court prefers. But, this does not relieve MGA from the burden of showing good cause for *additional* deposition time with Mr. Villasenor. See Pratt, 2009 WL 2032469, at *1.

MGA's argument that the production of new documents entitles it to more time with Mr. Villasenor is wrong in light of the facts. MGA makes no claims, nor can it, that Mr. Villasenor has not been examined on any subject matter in any of these documents on which it seeks to examine him. As stated in Mattel's motion, Mr. Villasenor was already questioned at length about access to competitors' showrooms at Toy Fairs[19] and about MGA's claims that he and others obtained competitive information about MGA using false identification.[20] Any additional testimony would be cumulative.

Document production has been ongoing for years. That additional documents were produced on topics that Mr. Villasenor has already testified about is not sufficient good cause for additional time with him at this stage. By that reasoning, every witness in this case would have to be deposed for additional time. MGA itself continues to produce documents regarding key witnesses. Most recently, the Court

---

[16] See, e.g., Eckert Depo. Tr. Vol. 2 at 224:10-226:17.
[17] See, e.g., Eckert Tr., Vol. 7, at 1212:1-1224:10.
[18] Deposition Transcript of Sal Villasenor, dated July 12, 2010 ("Villasenor Tr.") at 334:10-13 ("MR. MOLINSKI: **The deposition is over**.") (emphasis added).
[19] See, e.g., Villasenor Tr. at 66-91, 177-181.
[20] Villasenor Tr. at 58-72, 139, 325-326.

has ordered the production of key Larian documents from Archive One. Since Larian's last deposition in his individual capacity on April, 12, 2010 – over 4 months ago – MGA has produced more than 35,000 documents with his name on them.[21] MGA also has not completed the production of documents from Larian's hard drives, which it was compelled to do and represented it would complete by the end of August.[22] Additionally, after years of withholding, MGA has only just recently produced key documents and hard drives for additional witnesses in this case – including Jorge Castilla and Veronica Marlow.[23] By MGA's reasoning, Mattel would be entitled to additional time with all of those witnesses even though only a month remains until the discovery cutoff. As MGA has argued in analogous situations,[24] it is bound by its choices. It took and adjourned the deposition of Mr. Villasenor when it did. It cannot now complain that some documents have been produced after his depositions. As the Court has noted on various occasions, depositions have to end at some point. Moreover, as it is clear MGA seeks to depose Mr. Villasenor on its new claims (even though it has already covered that ground), Mattel requests that the court stay the deposition pending resolution of Mattel's pleadings.

---

[21] This does not include MGA's recent production of the nearly 50,000 documents produced on August 31, 2010, which Mattel has not had an opportunity to review.

[22] Amended Order Granting Mattel's Proposed Search Terms for Larian Hard Drive; Staying Larian Hard Drive Obligations, dated May 13, 2010 (Docket No. 7860); August 9, 2010 E-mail from Annette Hurst to Michael Zeller, et. al. ("We will complete production on the Larian hard drives by the end of August); see also August 31, 2010 Letter from Michael Zeller to Discovery Master Robert C. O'Brien.

[23] At a recent hearing, the Court admonished MGA for not producing these Marlow documents earlier.

[24] See, e.g., MGA Parties' Opposition to Motion for Additional Time to Conduct the Deposition of Isaac Larian; Notice and Cross-Motion for Protective Order Limiting the Scope of Examination at Further Deposition of Mr. Larian, dated July 24, 2009 (Docket No. 6037) (arguing that it was a "deliberate tactical choice to depose Mr. Larian so early in the case [without the full production of MGA's documents], and one the Court (per Magistrate Judge Block) specifically cautioned Mattel would be taken into account in connection with any subsequent claim for further time with the witness.").

## V. MGA HAS NOT SHOWN GOOD CAUSE FOR THREE ADDITIONAL DAYS TO DEPOSE MATTEL WITNESSES ON ITS THIRD AND FOURTH NOTICES

### A. MGA Does Not Dispute that the Court Limited the Deposition of Mattel's 30(b)(6) on MGA's Third Notice to 32 hours

The Court's June 7, 2010 Order limited the deposition of Mattel's 30(b)(6) designee(s) on MGA's Third Notice to 32 hours. MGA does not dispute that pursuant to the Court's Order, it only has 41 minutes left. MGA claims that "new evidence" entitles it to additional time on its Third Notice. However, as demonstrated above, this evidence was not new to MGA.[25] It has known since at least 2004 about these allegations and has instead chosen to sit on them. Furthermore, MGA's raising this issue with the Discovery Master was a circumvention of this Court's August 10, 2010 Order that limited the parties to an omnibus discovery motion. The Court set a firm time limit on this deposition, and MGA has not shown any need to expand that time limit.

To the contrary, MGA admits that it has already examined Mattel 30(b)(6) designee Keith Storie regarding the practices that MGA alleges. In addition to Mr. Storie, MGA has already deposed numerous Mattel executives and former Mattel executives regarding MGA's claims and defenses, including Mattel's CEO Bob Eckert over the course of nine volumes of deposition[26], Mattel General Counsel Robert Normile over the course of two volumes of deposition[27], Mattel executives Neil Friedman, Tim Kilpin, Thomas Debrowski, and Alan Kaye collectively over 11 volumes of deposition,[28] and former Mattel executives Matt

---

[25] Supra Argument §I.D.
[26] See Deposition Transcripts of Robert Eckert, Vols. 1-8, Deposition Transcript of Mattel 30(b)(6) Designee Robert Eckert.
[27] See Deposition Transcripts of Robert Normile, Vols. 1-2.
[28] See Deposition Transcripts of Neil Friedman, Volumes 1-2, Deposition Transcripts of Tim Kilpin, Volumes 1-3, Deposition Transcript of Mattel 30(b)(6)
(footnote continued)

Bousquette, Adrienne Fontanella, Ivy Ross and Sujata Luther collectively over five volumes of deposition.[29]  To date, Mattel executives and former executives have sat for more than a month of deposition over the course of which MGA has had countless opportunities to examine these witnesses regarding MGA's claims and defenses.  In addition to these executives, MGA has also deposed numerous Mattel 30(b)(6) designees over the course of days of deposition.  Additional testimony at this point is duplicative and unduly burdensome – especially in light of the impending discovery cut-off.  The Court properly limited the deposition of Mattel's 30(b)(6) designee(s) on MGA's Third Notice to 32 hours total.  This limit should be enforced.

### B. MGA Does Not Dispute that the Fourth Notice of Deposition Does Not Require More Than Two Days

MGA does not meet its burden to show good cause as to why it needs three days on the ten topics in its Fourth Notice – the same amount of time given to Mattel to cover more than 70 topics.  MGA's raising this issue with the Discovery Master was a circumvention of this Court's August 10, 2010 Order that limited the parties to an omnibus discovery motion.  Order No. 99 should be overruled for that reason alone.  In addition, MGA makes no argument as to why it needs any time, let alone three days, on its Fourth Notice.  Opp. at 11-12.  Therefore, Mattel objects to Order No. 99 to the extent it compels Mattel's deposition for three days on MGA's Fourth Notice.

---

Designee Tim Kilpin, Deposition Transcripts of Thomas Debrowski, Volumes 1-2, Deposition Transcript of Alan Kaye, Volumes 1-2, Deposition Transcript of Mattel 30(b)(6) Designee Alan Kaye, Volume 1.

[29] See Deposition Transcripts of Matt Bousquette, Volumes 1-2; Deposition Transcript of Adrienne Fontanella, Volumes 1; Deposition Transcript of Ivy Ross, Volume 1; Deposition Transcript of Sujata Luther, Volume 1.

## Conclusion

For the foregoing reasons, Mattel respectfully requests that its motion be granted.

DATED: September 3, 2010
QUINN EMANUEL URQUHART & SULLIVAN, LLP

By /s/ Michael T. Zeller
Michael T. Zeller
Attorneys for Mattel, Inc.