QUINN EMANUEL URQUHART & SULLIVAN, LLP
  John B. Quinn (Bar 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar 196417)
  michaelzeller@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc. and Mattel de Mexico, S.A. de C.V.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation, and Mattel de Mexico, S.A. de C.V., a Mexico business entity<br><br>Plaintiffs,<br><br>vs.<br><br>MGA ENTERTAINMENT, INC., a California corporation, et al.<br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE CV 04-9049 DOC (RNBx)<br>Consolidated with<br>Case CV 04-09059<br>Case CV 05-02727<br><br>Hon. David O. Carter<br><br>**MATTEL, INC.'S OPPOSITION TO MGA'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND FURTHER RESPONSES TO MGA ENTERTAINMENT'S FIRST SET OF DOCUMENT REQUESTS TO MATTEL MEXICO REGARDING MATTEL MEXICO'S TRADE SECRET CLAIMS**<br><br>Date: TBD<br>Time: TBD<br>Courtroom: 9D<br><br>**Phase 2**<br>Disc. Cut-off: October 4, 2010<br>Pre-trial Conf.: January 4, 2011<br>Trial Date: January 11, 2011 |

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................................ 1

FACTUAL BACKGROUND...................................................................................... 1

ARGUMENT ............................................................................................................... 3

I. MGA FILED ITS MOTION IN VIOLATION OF THE COURT'S MEET AND CONFER ORDER AND IT SHOULD BE DENIED ON THAT GROUND ALONE. ................................................................................ 3

II. TO THE EXTENT THAT MATTEL HAS NOT PRODUCED DOCUMENTS, ITS OBJECTIONS SHOULD BE SUSTAINED. ............... 3

    A. Topic No. 8: All Communications Between Machado, Vargas & Trueba While At Mattel. ........................................................................ 4

    B. Request Nos. 10, 47, and 48: Documents Related to the Resignation of Machado, Trueba, and Vargas from Mattel Mexico.......................................................................................................... 5

    C. Request No. 11: Documents Accessed by Machado, Trueba and Vargas Prior to Their Resignation From Mattel, and Documents Created By Mattel Mexico's Subsequent Legal Investigation. ............ 6

    D. Request No. 16: Documents that Relate to Mattel Mexico's Investigation of the Theft of Trade Secrets by Machado, Trueba, and Vargas............................................................................................... 7

III. MATTEL ALREADY PRODUCED DOCUMENTS AND WITNESSES RELATED TO MATTEL MEXICO'S EFFORTS TO MAINTAIN ITS TRADE SECRETS. ................................................................ 8

    A. Request Nos. 19, 20, 21: Documents Regarding Mattel Mexico's Failure to Comply with Policies Regarding Maintaining Confidentiality of Trade Secret Documents. ........................................ 8

    B. Request No. 49: Documents and Communications that Relate to Mattel Mexico Policies to Mark Documents as Confidential............... 9

IV. MATTEL ALREADY PRODUCED DOCUMENTS AND WITNESSES REGARDING THE RELATIONSHIP BETWEEN MATTEL MEXICO AND MATTEL SERVICIOS. ...................................... 9

    A. Request No. 36: Documents and Communications Regarding the Reasons for the Formation of Mattel Servicios. ................................ 10

    B. Request No. 40: Agreements Between Mattel Mexico and Mattel Servicios. ................................................................................ 10

    C.    Request Nos. 39, 41 and 42:   Intellectual Property Agreements Between Mattel Entities. ................................................................................... 10

V.    MGA'S REQUEST NO. 46 IS OVERLY BROAD AND SEEKS HIGHLY SENSITIVE BUSINESS INFORMATION NOT RELEVANT TO ANY MGA CLAIM OR DEFENSE. ............................... 11

    A.    MGA's Request No. 46 Is Overbroad and Unduly Burdensome. ....... 11

    B.    Information From Other Competitors Is Irrelevant to MGA's Unclean Hands Defense. .................................................................... 14

# TABLE OF AUTHORITIES

Page

## Cases

Alcatel USA, Inc. v. DGI Tech., Inc.,
  166 F.3d 772 (5th Cir. 1999) .................................................................................. 14

Centillium Commc'ns, Inc. v. Atl. Mut. Ins. Co.,
  2008 WL 728639 (N.D. Cal. Mar. 17, 2008) ......................................................... 3

Finkelstein v. Guardian Life Insur. Co. of Am.,
  2008 WL 2095786 (N.D. Cal. May 14, 2008) ................................................. 4, 12

Friend v. Time Mfg. Co.,
  2006 WL 2135807 (D. Ariz. July 28, 2006) ......................................................... 13

Gaston v. Pleasant Valley State Prison,
  250 Fed. Appx. 783 (9th Cir. 2007) ...................................................................... 13

Green v. Seattle Art Museum,
  2007 WL 4561168 (W.D. Wash. Dec. 21, 2007) .................................... 4, 5, 9, 12

J.W. v. City of Oxnard,
  2008 WL 4810298 (C.D. Cal. Oct. 27, 2008) ....................................................... 13

Newman v. Checkrite California, Inc.,
  912 F. Supp. 1354 (E.D. Cal. 1995) ...................................................................... 14

O'Connor v. Boeing N. Am., Inc.,
  2005 WL 6035256 (C.D. Cal. Aug. 9, 2005) ........................................................ 13

Perfect 10, Inc. v. Cybernet Ventures, Inc.,
  213 F. Supp. 2d 1146 (C.D. Cal. 2002) ................................................................ 14

Sporck v. Peil,
  759 F.2d 312 (3d Cir. 1985) ..................................................................................... 7

U.S. ex. rel. Bagley v. TRW, Inc.,
  212 F.R.D. 554 (C.D. Cal. 2003) ............................................................................. 7

## Statutes

Fed. R. Civ. Proc. 26(b)(2)(e)(iii) ............................................................................. 11

Fed. R. Evid. 406, Advisory Committee Notes ....................................................... 14

## Preliminary Statement

Two months ago, MGA served over 600 requests for documents and things to Mattel de Mexico, S.A. de C.V. ("Mattel Mexico"). MGA would have the Court believe that Mattel Mexico refuses to provide discovery. Not so. MGA's motion seeks documents that have already been produced, that Mattel Mexico has agreed to produce or that do not exist, as Mattel demonstrates below.

## Factual Background

<u>Vargas and Machado Testified as to the Use of Mattel Mexico Trade Secret Information at MGA</u>. Machado, Vargas and Trueba have each admitted to stealing Mattel confidential information that would be useful for them as they started MGA Mexico. They used stolen Mattel information to prepare presentations for Mr. Larian, including one prepared in the United States with MGA representative Ms. Kuemmerle. Mr. Vargas testified that he, with MGA representative Susan Kuemmerle's knowledge, tried to make sure that the sales terms offered to new MGA Mexico customers beat Mattel's in Mexico.[1] He was able to do so because he had stolen a sheet with Mattel's most recent sales terms.[2] Mr. Vargas testified that Ms. Kuemmerle was aware that the former Mattel employees were using Mattel Mexico information as part of their MGA Mexico work.[3] Moreover, Mr. Machado did not deny that he told Ms. Kuemmerle about the Mattel information while they were creating early MGA business plans.[4] This is the same timeframe during which Mr. Vargas recalls specifically that Ms. Kuemmerle knew they were working from Mattel Mexico information to create MGA business plans. Then, after the search of the offices in MGA Mexico in October 2007, Vargas and Machado proceeded to destroy Mattel documents that they had in their possession.

---

[1] Vargas Tr. 414:12-420:4.
[2] <u>Id.</u>
[3] Vargas Tr. at 103:19-104:21; <u>Id.</u> at 106:10-109:11; <u>Id.</u> at 380:14-381:12.
[4] Machado Tr. at 241:9-242:242:6

<u>MGA Served its Requests For Production on Mattel Mexico</u>. On June 8, 2010, MGA served Mattel Mexico with its first set of six hundred and eighteen requests for documents and things. After agreeing to an extension of time to respond, Mattel Mexico served its objections and responses on July 20, 2010.[5] Many of those requests, including several in the current motion, asked for documents that had long ago been produced. Along with proper objections to the requests, Mattel Mexico informed MGA that many documents sought had been previously produced.[6]

<u>Lead Counsel Never Met and Conferred Before MGA Filed Its Motion.</u> MGA sent a letter to Mattel on July 30 regarding these requests and Mattel responded on August 6. (Motion at 2). In addition, Mattel sent an e-mail message to MGA on August 9, 2010 stating that no meet and confer between lead counsel had occurred on the issue of document requests to Mattel Mexico as required by the Court's order, and stating that lead counsel was available two days hence.[7] MGA replied by email the same day, refusing to wait two days to comply with the Court's order regarding meet and confers between lead counsel.[8] Consequently, there was no meet and confer between lead counsel on this motion as directed by the Court's June 7, 2010 Order.

---

[5] See accompanying declaration of Jon D. Corey and its Exhibit 1. Mattel provides these pages because MGA did not submit them to the Court with its motion or with its declaration of W. Molinski.

[6] <u>See</u>, <u>e.g.</u>, Mattel Mexico's responses to MGA Request Nos. 10, 11, 16, 47, 48.

[7] Email from J. Corey to W. Molinski on August 9, 2010 ("Neither Mr. Zeller nor Mr. Quinn, however, have participated in a meeting of counsel regarding MGA's requests for production regarding Mattel Mexico or documents related to the claim involving the alleged theft of trade secrets by Brisbois, as Judge Carter has required before any motion to compel is filed.").

[8] Email from W. Molinski to J. Corey on August 9, 2010 ("I received Mr. Searcy's email (which, I note, was sent a week after our request to meet and confer). He did not suggest a meet and confer with Mike or John, but I am happy to do so. We are not willing, however, to wait until Wednesday when we have made our position clear in letters dated 10 days ago, to which no substantive response has been received.").

On August 11, Mattel filed an *ex parte* application to strike MGA's motion for failure to meet and confer and for violating the Court's August 10, 2010 Order prohibiting further motions to compel.[9] On September 1, the Court denied Mattel's *ex parte* and ordered Mattel to file any opposition by September 3.[10]

## Argument

### I. MGA FILED ITS MOTION IN VIOLATION OF THE COURT'S MEET AND CONFER ORDER AND IT SHOULD BE DENIED ON THAT GROUND ALONE.

MGA refused to meet and confer with Mattel's lead counsel before filing its motion. MGA thus filed this motion in direct violation of the Court's Order that lead counsel meet and confer before any motion to compel is filed. See June 7, 2010 Order, Docket No. 8085, at 1 ("[T]he Court hereby ORDERS that all four lead counsel shall meet and confer before the filing of any subsequent written motions or *ex parte* Applications"). As Mattel has pointed out, this is not a first for MGA;[11] it has apparently stopped complying with this Order. The motion should be denied on this ground alone. See, e.g., Centillium Commc'ns, Inc. v. Atl. Mut. Ins. Co., 2008 WL 728639, at *6 (N.D. Cal. Mar. 17, 2008) (striking a party's motion for failure to follow court's order mandating meet and confer prior to filing).

### II. TO THE EXTENT THAT MATTEL HAS NOT PRODUCED DOCUMENTS, ITS OBJECTIONS SHOULD BE SUSTAINED.

MGA's motion, filed in a rush along with three other motions on August 10, 2010, includes virtually no specifics about Mattel's production under the specific requests, virtually no specifics as to why Mattel's prior production and other discovery responses are deficient, no argument addressing Mattel's objections, and no authority.

---

[9] Mattel, Inc.'s *Ex Parte* Application to Strike MGA's August 10, 2010 Motions to Compel Pursuant to the Court's August 10, 2010 Order and for Failure to Meet and Confer Pursuant to the Court's June 7, 2010 Order, Dkt. No. 8515.
[10] Hearing Tr. at 5:17-6:22.
[11] See, e.g., Dkt. Nos. 8598 and 8599.

MGA's vague and conclusory motion should be denied. <u>Green v. Seattle Art Museum</u>, 2007 WL 4561168, at *2 (W.D. Wash. Dec. 21, 2007) (denying motion to compel documents in part because movant failed to "identify the specific responses which he believes to be deficient, his grounds for objecting, or the statutory or case law which supports his position.").

### A. Topic No. 8: All Communications Between Machado, Vargas & Trueba While At Mattel.

MGA's Request No. 8 seeks all communications between Machado, Trueba, and Vargas for the five-month period prior to their resignations from Mattel Mexico. MGA argues this discovery is relevant to rebut Mattel's allegations that the three sent emails to each other to collect Mattel files to steal when they left. (Motion at 5). Both Trueba and Machado testified that Trueba forwarded emails with attached Mattel files to Machado so he could put them on a flash drive to take when they resigned from Mattel Mexico.[12] They also testified that they directly placed Mattel files onto the USB drive from their own computers and emails.[13] They admitted that they selected the Mattel files they thought would be most useful at MGA, then took them and used them.[14] In light of these stark admissions, MGA's relevance predicate fails. <u>Finkelstein v. Guardian Life Insur. Co. of Am.</u>, 2008 WL 2095786, at * 2 (N.D. Cal. May 14, 2008) (denying as overbroad a discovery request where the information at issue had already been established). Unlike Mattel's request for these employees' communications while at MGA, which are directly relevant to use of Mattel's trade secrets and which this Court ordered produced, the communications sought by MGA seek to challenge facts that are undisputed. Moreover, Mattel has already searched for and produced all communications between the three which emerged from appropriate

---

[12] Machado Tr. at 1012:11-1013:4; <u>Id.</u> at 1013:15-18; Trueba Tr. at 262:13-18; <u>Id.</u> at 535:12-536:4; <u>Id.</u> at 548:14-20.
[13] Trueba Tr. at 241:25-242:20; <u>Id.</u> at 243:2-15; Vargas Tr. at 422:10-15.
[14] Machado Tr. at 204:5-12; Trueba Tr. at 241:15-24; <u>Id.</u> at 261:8-12; Vargas Tr. at 155:19-22; <u>Id.</u> at 176:2-7; <u>Id.</u> at 334:25-335:4; <u>Id.</u> at 379:13-23.

00505.07975/3647562.3

-4-
MATTEL'S OPP TO MGA'S MOTION TO COMPEL RE MATTEL MEXICO TRADE SECRET CLAIMS

key-word searches geared to the issues in this case, rather than unrelated communications. Should MGA insist on further searches, nonetheless, Mattel stands willing to perform them.

## B. Request Nos. 10, 47, and 48: Documents Related to the Resignation of Machado, Trueba, and Vargas from Mattel Mexico.

MGA falsely claims that Mattel has not produced documents regarding the resignation of Machado, Trueba, and Vargas, or documents relating to the post-resignation meeting with Mattel Mexico regarding their final paychecks. MGA goes so far as to say that solely because Mattel Mexico filed objections as part of its discovery responses, "Mattel Mexico is hiding something." (Motion at 5). Mattel Mexico is not hiding anything – it already produced the information and multiple Mattel witnesses have given testimony regarding their resignations.[15] Mattel produced the personnel files of each of the three, where documents relating to their resignations are reasonably expected to be located. Mattel also produced the post-resignation documents that each was asked to sign,[16] the documents that each refused to sign because they knew they had stolen Mattel Mexico documents. MGA does not identify a single deficiency in Mattel's previous productions for Request No. 10 and its request should be denied. Green, 2007 WL 4561168, at *2.

Even more than documents, Machado, Trueba, and Vargas have testified as to the post-resignation meeting with Mattel Mexico, the last paycheck, and the statement offered to the three.[17] These witnesses testified as to the discovery sought here by

---

[15] See, e.g., Elias Tr. at 407:12-410:24; Zalzman at 121:20-133:19; Isaias at 365:10-369:22; Ibarra Tr. at 175:19-198:11 (objections omitted).

[16] M0128584-M0128585 (document offered to Trueba by Mattel Mexico); M0128582-M0128583 (document offered to Machado by Mattel Mexico); M0128586-M0128587 (document offered to Vargas by Mattel Mexico).

[17] See, e.g., Machado Tr. at 511:11-516:11; Trueba Tr. at 289:1-292:5; Id. at 698:11-699:3; Vargas Tr. at 771:17-772:14 (objections omitted).

MGA – that is, the facts regarding Mattel Mexico's offering of a statement to the three whereby they would confirm that they had not stolen any Mattel Mexico documents. Of course, the three refused to sign the statement because they knew they had already taken multiple Mattel Mexico trade secret documents through Machado's USB drive. Other than the meeting itself with Machado, Trueba, and Vargas regarding their last pay check and the statements Mattel asked them to sign, the communications and documents on Mattel Mexico's side are all privileged because they were conducted and created by Mattel Mexico's counsel. There are no other responsive non-privileged documents.

### C. Request No. 11: Documents Accessed by Machado, Trueba and Vargas Prior to Their Resignation From Mattel, and Documents Created By Mattel Mexico's Subsequent Legal Investigation.

Regarding this Request, Mattel Mexico long ago produced its 799-page investigation report.[18] This report includes non-privileged documents sought here – screen shots, lists of websites visited, and documents accessed by Machado, Trueba, and Vargas during their final days at Mattel Mexico. Further, MGA has all of the raw information available to them to review such information as websites visited and documents accessed, because Mattel offered for inspection the hard drives of Machado, Vargas and Trueba. Mattel made these available to MGA in August 2009[19] and so stated in its discovery responses and objections. To the extent MGA seeks documents identified by counsel during counsel's investigation, that is protected by both the attorney-client privilege and the work product doctrine, as Mattel Mexico has properly objected. See Sporck v. Peil, 759 F.2d 312, 315 (3d Cir. 1985); U.S. ex. rel. Bagley v. TRW, Inc., 212 F.R.D. 554, 564 (C.D. Cal. 2003).

---

[18] Exh. 6658.
[19] See August 18 and August 26, 2009 letters between W. Molinski and B. D. Proctor arranging for hard drive inspection protocols.

### D. Request No. 16: Documents that Relate to Mattel Mexico's Investigation of the Theft of Trade Secrets by Machado, Trueba, and Vargas.

MGA falsely represents to the Court that Mattel Mexico has "refused to produce responsive documents" responsive to this request. Mattel produced *the* approximately 800 page file created during the investigation of the theft of Vargas, Machado and Trueba.[20] Mattel has produced the criminal complaint filed in Mexico and all of the documents supporting and associated therewith (thousands of pages) reflecting Mattel's investigation.[21] Mattel has produced other supplemental documents related to Mattel Mexico's investigation.[22] MGA knows this, given that they spent days deposing Mattel's witnesses, including Mattel's criminal counsel in Mexico, regarding this investigation and the investigation file.[23]

To the extent that MGA seeks the impressions of counsel or communications among and between in-house and outside counsel, that information is protected by both the work product doctrine and the attorney-client privilege. As with the other categories, Mattel Mexico is not hiding anything. The facts and factual documents were produced. MGA is not entitled to the protected aspects of Mattel Mexico's investigation.

---

[20] Exh. 6658, Mattel Mexico's 799-page investigation file on the theft of trade secrets by Machado, Trueba, and Vargas.

[21] See, e.g., Exhs. 7671, 6711, and 7777.

[22] See, e.g., Exh. 6656 ("Mattel Mexico Machado Hard Drive Review"); Exhibits 6662 through 6673 (documents relating to forensic examination of hard drives from Mattel Mexico); Exhibits 7667 and 7670 (appearances in Mexico court with accompanying details about Mattel Mexico's investigations).

[23] See, e.g., Elias Tr. at 377:14-403:16; Id. at 507:3-521:4; Id. at 664:9-666:21; De Anda Tr. at 592:22-594:1; Tiburcio Tr. at 47:14-55:5 and 128:11-132:1 (testifying as to Exh. 7667 and 7670).

### III. MATTEL ALREADY PRODUCED DOCUMENTS AND WITNESSES RELATED TO MATTEL MEXICO'S EFFORTS TO MAINTAIN ITS TRADE SECRETS.

#### A. Request Nos. 19, 20, 21: Documents Regarding Mattel Mexico's Failure to Comply with Policies Regarding Maintaining Confidentiality of Trade Secret Documents.

MGA seeks documents showing the identity of people who failed to comply with Mattel's secrecy requirements. Mattel has produced voluminous documents and deposition testimony about the theft of Mattel Mexico trade secrets by Machado, Trueba, and Vargas. Mattel Mexico is not presently aware of other such employees and MGA has cited to no discovery from Mattel Mexico to indicate that other such incidents occurred. Mattel Mexico will supplement its responses to so state.

To the extent MGA contends that Mattel Mexico must interview and/or investigate every single current and former Mattel Mexico employee to determine whether anyone ever at any time did not follow Mattel Mexico's policy, such a request is manifestly overbroad. The Court rejected a similarly overbroad request by MGA in its September 17, 2007 Order (Docket No. 989). There, the Court rejected the MGA's contention that Mattel was required to "review documents relating to all of its many thousands of current and former employees in order to find evidence that an employee" created a toy at the request of someone other than Mattel.[24] The Court found that "[e]ven if Mattel succeeded in finding such documents, the burden and expense of conducting such a search outweigh the likely benefit of the documents."[25] MGA's Request Nos. 20 and 21 are overbroad by the same logic.

---

[24] September 17, 2007 Order at 15.
[25] Id.

### B. Request No. 49: Documents and Communications that Relate to Mattel Mexico Policies to Mark Documents as Confidential.

MGA again seeks to mislead the Court by implying that Mattel Mexico has not produced such documents. To the contrary, Mattel Mexico is aware of two such documents and has produced versions of both.[26] Not only has Mattel Mexico produced documents evidencing Mattel Mexico's policies but it has also provided multiple witnesses on this subject. For example, Mssrs. Ibarra, Zalzman, and Isaias all testified regarding Mattel Mexico policies and practices regarding the marking of documents as confidential.[27] Mattel Mexico has also produced documents, such as Mattel Mexico's conflict of interest manual, that address the marking of documents as confidential.[28]

### IV. MATTEL ALREADY PRODUCED DOCUMENTS AND WITNESSES REGARDING THE RELATIONSHIP BETWEEN MATTEL MEXICO AND MATTEL SERVICIOS.

As with most of the other documents on which MGA moves to compel, Mattel and Mattel Mexico already produced the responsive documents. MGA does not identify a single deficiency in Mattel's previous productions for Request Nos. 36, 39, 40, 41, or 42. MGA merely recites its document requests and says the discovery is relevant. MGA does not say that Mattel has not produced documents or that Mattel refuses to produce such documents. MGA's request should be denied. Green, 2007 WL 4561168, at *2 (denying motion to compel documents in part because movant

---

[26] Id.; Exh. 6405, Mattel Mexico's Code of Conduct that was discussed at Machado's deposition at 889:2-891:10.
[27] See, e.g., Ibarra Tr. at 137:20-144:24; Zalzman Tr. at 89:4-91:13; Isaias Tr. at 211:14-24 (objections omitted).
[28] See, e.g., Mattel Mexico's conflict of interest manual signed in March 2002 by Machado (Exh. 6404), Vargas (M0128510-M 0128511), and Trueba (M0256374 –M0256384 ).

fails to "identify the specific responses which he believes to be deficient, his grounds for objecting, or the statutory or case law which supports his position.").

### A. Request No. 36: Documents and Communications Regarding the Reasons for the Formation of Mattel Servicios.

Mattel Mexico is only aware of one document responsive to this request, which was produced.[29] It is the formation document for Mattel Servicios. So far, Mattel Mexico has not found any further documents or communications relating to this document. Mattel will amend its response to reflect this. Had MGA simply conducted the Court-ordered meet and confer, the document could have been discussed without a wasteful motion. Mattel Mexico also agrees to produce any further responsive, non-privileged documents or communications that it may locate in the future.

### B. Request No. 40: Agreements Between Mattel Mexico and Mattel Servicios.

Regarding Request No. 40, there is only a single agreement between the two entities which was already produced as M 1751824 – M 1751827. Mattel's counsel provided this agreement to counsel for MGA on February 23, 2010 at the deposition of Mattel designee Keith Storie. Mattel located no communications related to this 1993 agreement. Mattel will amend its response to reflect this.

### C. Request Nos. 39, 41 and 42: Intellectual Property Agreements Between Mattel Entities.

Regarding Request No. 39, there are no written agreements concerning intellectual property between Mattel Mexico and Mattel Servicios. Similarly for Request No. 42, there are no written agreements concerning intellectual property between Mattel, Inc. and Mattel Servicios. Regarding Request No. 41, which concerns agreements between Mattel and Mattel Mexico regarding intellectual

---

[29] See M 1751804 – M 1751823.

property, Mattel long ago produced the requested 1994 agreement and it was discussed as an exhibit at the deposition of Mattel's 30(b)(6) designee Mr. Storie.[30] Mattel located no communications regarding this 16-year old contract. Mattel will amend its responses to reflect this. Again, MGA moves to compel documents that were already produced and examined at deposition.

## V. MGA'S REQUEST NO. 46 IS OVERLY BROAD AND SEEKS HIGHLY SENSITIVE BUSINESS INFORMATION NOT RELEVANT TO ANY MGA CLAIM OR DEFENSE.

MGA's Request No. 46 seeks *every* communication *ever* made between Mattel Mexico and its "customers, distributors, advertisers, advertising agencies, marketing consultants, or public relations firms" that relates to MGA or MGA Mexico. Mattel Mexico is a direct competitor to MGA and MGA Mexico. Arguably every single communication made by Mattel Mexico to any customer, retailer, or advertiser "relates" to sales efforts to promote Mattel products over any product of its competition, including products of MGA or MGA Mexico.

### A. MGA's Request No. 46 Is Overbroad and Unduly Burdensome.

MGA argues its request is necessary to uncover "threats to retailers, advertisers, and others not to do business with MGA." (Motion at 8). Request No. 46 is significantly overbroad and unduly burdensome in that the efforts to collect, search, review, and produce this volume of communications significantly outweigh any probative value for MGA's stated purpose. See Rule 26(b)(2)(C)(iii). The unlimited production of such communications from the beginning of Mattel Mexico to today would be unreasonable in the amount of time and resources necessary to collect, review, and produce, and should thus be rejected as overbroad.[31] In its May 2007

---

[30] Exh. 8571; Storie Tr. at 808:9-809:12; Id. at 824:7-24; Id. at 836:7-837:7.
[31] See, e.g., April 19, 2007 Order at 6-7 (Dkt. No. 411); May 22, 2007 Order at 18-19); September 12, 2007 Order at 15, 19-20 (Dkt. No. 989). Other courts have

Order, the Court rejected nearly identical MGA requests demanding "production of all documents relating to business dealings between any licensee, supplier, manufacturer, retailer, distributor, or merchandiser and MGA."[32]  The Court ruled that MGA's requests were "grossly overbroad, requiring production of documents that merely mention MGA, Larian, Bratz, or other MGA products, regardless of whether or not they have anything to do with the claims and defenses in the case."[33]  MGA now hopes to push those requests through under Request No. 46 by compelling all communications between Mattel and any customer, distributor, advertiser, advertising agency, marketing consultants, or public relations firms that relate to MGA or MGA Mexico.  Request No. 46 is "grossly overbroad" for the same reasons the court considered in May 2007 – they require "production of documents that merely mention MGA, Larian, Bratz, or other MGA products, regardless of whether or not they have anything to do with the claims and defenses in the case."

Likewise, in its April 2007 Order, the Court found that MGA tried to use a single example (a commercial for Mattel product Polly Pocket in front of an escalator) as a basis to compel "not just commercials, but 'each image, character, logo, doll, toy, accessory, product and packaging that has ever been manufactured, marketed, or sold by Mattel [… and all] focus group documents [… and ] 'market research' referring or relating to Polly Pocket and which also relate to Bratz, MGA, or Alien Racers…."[34]  Similarly, MGA now seeks to compel an identical laundry list of every single communication Mattel ever had with an incredibly broad range of third parties solely on the basis of a document they allege (but do not identify in their motion or cited complaint paragraphs) suggests Mattel threatened someone to not do business with MGA.

---

also rejected such overbroad discovery requests.  See, e.g., Green, 2007 WL 4561168 at *2; Finkelstein, 2008 WL 2095786 at * 2.

[32] May 22, 2007 Order at 18-19.
[33] Id.
[34] April 19, 2007 Order at 6-7.

MGA neatly mislabels this request in its conclusion as "Mattel Mexico's threats and intimidation of retailers and others." (Motion at 9). Instead, Request No. 46 is designed to obtain every single communication from Mattel Mexico to every single customer, retailer, and advertising agency ever made. Such knowledge would give Mattel Mexico's direct competitor an unprecedented, unreasonable, and unwarranted archive of Mattel's entire Mexico business. MGA Mexico and its employees already cherry-picked their favorite Mattel Mexico documents years ago. They should not get the rest through overbroad discovery requests. Trying to package all such information as if it proves some "habit" of intimidation is unfounded, overbroad, and insufficient on its face. See Gaston v. Pleasant Valley State Prison, 250 Fed. Appx. 783, 784 (9th Cir. 2007) (affirming exclusion of "evidence of habit that did not involve reflexive or semi-automatic behavior"); J.W. v. City of Oxnard, 2008 WL 4810298, at *8-9 (C.D. Cal. Oct. 27, 2008) (ruling inadmissible habit evidence of prior wrong that did not "go toward proving his 'regular response to a specific situation,' as it fails to provide any evidence of behavior that was 'reflexive' or that occurred with 'regularity'").[35] O'Connor v. Boeing N. Am., Inc., 2005 WL 6035256, at *31 (C.D. Cal. Aug. 9, 2005) (evidence offered to show that a company repeatedly engaged in improper conduct did not satisfy the habit exception to the rule that character evidence is inadmissible because the company's "actions were not reflexive and do not have the required specificity to be considered a habit").

---

[35] See also Friend v. Time Mfg. Co., 2006 WL 2135807, at *10 (D. Ariz. July 28, 2006) (excluding evidence of habit that was not "frequent enough to qualify as habit" and did not "show that Friend's actions were 'semi-automatic,' such as 'the habit of going down a particular stairway two stairs at a time, or of giving the hand-signal for a left turn, or of alighting from railway cars while they are moving'"); Fed. R. Evid. 406, Advisory Committee Notes ("A habit, on the other hand, is the person's regular practice of meeting a particular kind of situation with a specific type of conduct, such as the habit of going down a particular stairway two stairs at a time, or of giving the hand-signal for a left turn, or of alighting from railway cars while they are moving. The doing of the habitual acts may become semi-automatic.") (citation omitted).

### B. Information From Other Competitors Is Irrelevant to MGA's Unclean Hands Defense.

MGA also urges that such documents are relevant to its "unclean hands" defense. (Mot. at 8) But the law is clear that the only conduct relevant to unclean hands is misconduct between the parties. In fact, on August 9, 2010, *one day before filing this motion*, MGA argued to the Court that actions taken by a party against a non-party to the lawsuit are irrelevant to any alleged defense of unclean hands.[36] See Alcatel USA, Inc. v. DGI Tech., Inc., 166 F.3d 772, 796-97 (5th Cir. 1999) ("To invoke the doctrine [of unclean hands] a defendant must show that he was injured by the plaintiff's wrongful acts."); Perfect 10, Inc. v. Cybernet Ventures, Inc., 213 F. Supp. 2d 1146, 1189 (C.D. Cal. 2002) ("The unclean hands doctrine may apply when the alleged misconduct occurs in a transaction directly related to the matter before the court and the conduct affects the equitable relationship between the litigants."); Newman v. Checkrite California, Inc., 912 F. Supp. 1354, 1376 (E.D. Cal. 1995) ("with regard to the equitable defense of unclean hands, that an equitable bar to relief applies 'only if the inequitable conduct occurred in a transaction directly related to the matter before the court and affects the equitable relationship between the litigants.' . . . . Accordingly, these defendants may not rely upon alleged inequitable conduct directed to the [nonparties]") (citation omitted). MGA's Motion to compel should be denied on this ground as well.

///
///
///
///

---

[36] MGA Parties' Opposition To Mattel, Inc.'s Motion To Compel The Production Of Documents Regarding The MGA Parties' Unclean Hands Defense at 8, filed under seal August 9, 2010.

<u>Conclusion</u>

For the foregoing reasons, Mattel respectfully requests that the Court deny MGA's Motion.

DATED: September 3, 2010        QUINN EMANUEL URQUHART & SULLIVAN, LLP

By <u>/s/ *Michael T. Zeller*</u>
Michael T. Zeller
Attorneys for Mattel, Inc. and Mattel de Mexico, S.A. de C.V.