# EXHIBIT 1

1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
   John B. Quinn (Bar No. 090378)
2  johnquinn@quinnemanuel.com
   Michael T. Zeller (Bar No. 196417)
3  (michaelzeller@quinnemanuel.com)
   Jon D. Corey (Bar No. 185066)
4  (joncorey@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
5  Los Angeles, California 90017-2543
   Telephone: (213) 443-3000
6  Facsimile: (213) 443-3100

7  Attorneys for Mattel, Inc. and Mattel de
   Mexico, S.A. de C.V.

8

9                  UNITED STATES DISTRICT COURT

10               CENTRAL DISTRICT OF CALIFORNIA

11                      SOUTHERN DIVISION

12  | MATTEL, INC., a Delaware corporation, | CASE NO. CV 04-9049 DOC (RNBx) |
    |---|---|
13  | | Consolidated with |
    | Plaintiff, | Case No. CV 04-09059 |
14  | | Case No. CV 05-02727 |
15  | vs. | Hon. David O. Carter |
16  | MGA ENTERTAINMENT, INC., a California corporation, et al., | **MATTEL DE MEXICO, S.A. DE C.V.'S RESPONSE TO FIRST SET** |
17  | Defendants. | **OF PHASE 2 REQUESTS FOR PRODUCTION OF DOCUMENTS** |
18  | AND CONSOLIDATED ACTIONS | **AND THINGS PROPOUNDED BY MGA ENTERTAINMENT, INC.** |

19

20

21

22  PROPOUNDING PARTY:   MGA ENTERTAINMENT, INC.

23  RESPONDING PARTY:    MATTEL DE MEXICO, S.A. DE C.V.

24  SET NO.:             ONE (NOS. 1-618)

25

26

27

28

1  that any such documents or tangible things exist, or that they are in Mattel's

2  possession, custody or control.

## RESPONSE TO REQUESTS FOR PRODUCTION OF
## DOCUMENTS AND THINGS

**REQUEST FOR PRODUCTION NO. 1:**

7      All DOCUMENTS and COMMUNICATIONS in YOUR possession,

8  custody, or control that refer or relate to any MGA, Inc. or MGAE de Mexico,

9  S.R.L. de C.V. product, plan, or business information from 2002 to 2006.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

11      Mattel objects to this Request on the grounds that (i) it is duplicative of prior

12  discovery, in part; (ii) it seeks documents that are not relevant to any party's claim

13  or defense nor is it reasonably calculated to lead to the discovery of admissible

14  evidence; (iii) it is overly broad, unduly burdensome and oppressive in that it seeks

15  all documents and communications in the possession, custody or control of Mattel

16  that refer or relate to any product, plan or business information of  MGA, Inc. or

17  MGA de Mexico, S.R.L. de C.V., significant competitors of Mattel; (iv) it is vague

18  and ambiguous, specifically with respect to the terms "plan" and "business

19  information"; (v) it is overbroad as to time; (vi) it seeks privileged documents,

20  including documents protected from disclosure by the attorney-client privilege and

21  the work product doctrine; and (vii) it is compound.

**REQUEST FOR PRODUCTION NO. 2:**

24      All competitor price lists in YOUR possession from 2002 to the present,

25  including but not limited to competitor price lists from Hasbro and MGAE de

26  Mexico.

1   **RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

2       Mattel objects to this request on the grounds that (i) it is vague and

3   ambiguous; (ii) it seeks documents that are not relevant to any party's claim or

4   defense nor is it reasonably calculated to lead to the discovery of admissible

5   evidence; (iii) it is overbroad as to time; and (iv) it is compound.

6

7   **REQUEST FOR PRODUCTION NO. 3:**

8       All DOCUMENTS and COMMUNICATIONS that refer or relate to any of

9   YOUR competitor's price lists from 2002 to the present.

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

11      Mattel objects to this request on the grounds that (i) by seeking "all

12  documents and communications" it is overly broad, unduly burdensome and

13  oppressive; (ii) it seeks documents that are not relevant to any party's claim or

14  defense nor is it reasonably calculated to lead to the discovery of admissible

15  evidence; (iii) it is overbroad as to time; (iv) it may seek privileged documents,

16  including documents protected from disclosure by the attorney-client privilege and

17  the work product doctrine; (v) it is compound; and (vi) it is vague and ambiguous.

18

19  **REQUEST FOR PRODUCTION NO. 4:**

20      All DOCUMENTS and COMMUNICATIONS that refer or relate to the

21  Hasbro price list (MGA 3815506.017033 – MGA 3815506.017248) in YOUR

22  possession in early 2004 as identified at the deposition of Gustavo Machado in this

23  action.

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

25      Mattel objects to this request on the grounds that (i) by seeking "all

26  documents and communications that refer or relate to" a specific topic, it is overly

27  broad, unduly burdensome and oppressive; (ii) it seeks documents that are not

28  relevant to any party's claim or defense nor is it reasonably calculated to lead to the

1  discovery of admissible evidence; (iii) it is overbroad as to time; (iv) it may seek

2  privileged documents, including documents protected from disclosure by the

3  attorney-client privilege and the work product doctrine; and (v) it is vague,

4  ambiguous and unintelligible in that the document identified is not a Hasbro price

5  list nor does it contain a Hasbro price list.

6

7  **REQUEST FOR PRODUCTION NO. 5:**

8      All DOCUMENTS and COMMUNICATIONS that refer or relate to the

9  information seized by Mexican authorities on October 27, 2005 from MGAE de

10  Mexico's offices.

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

12      Mattel objects to this request on the grounds that (i) by seeking "all

13  documents and communications" that refer or relate to the information contained in

14  the thousands of pages of documents seized by Mexico authorities form MGAE de

15  Mexico's offices, the request is overly broad, unduly burdensome and oppressive;

16  (ii) it seeks documents that are not relevant to any party's claim or defense nor is it

17  reasonably calculated to lead to the discovery of admissible evidence; (iii) it is

18  overbroad as to time; (iv) it seeks privileged documents, including documents

19  protected from disclosure by the attorney-client privilege and the work product

20  doctrine; (vii) it is compound; and (viii) it is vague and ambiguous.

21

22  **REQUEST FOR PRODUCTION NO. 6:**

23      All DOCUMENTS and COMMUNICATIONS that refer or relate to the

24  search warrant executed on October 27, 2005 on MGAE de Mexico's offices,

25  including all DOCUMENTS that relate to YOUR efforts to obtain the search

26  warrant and YOUR knowledge of the search and seizure.

27

28

1   documents which Mattel will produce only in accordance with the Protective Order
2   in this case; (vii) it is compound; and (viii) it is vague and ambiguous.

3

4   **REQUEST FOR PRODUCTION NO. 8:**

5        All COMMUNICATIONS between and among Mariana Trueba, Gustavo
6   Machado, and/or Pablo Vargas between November 15, 2003 and April 19, 2004.

7   **RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

8        Mattel objects to this request on the grounds that (i) by seeking "all
9   communications between and among Mariana Trueba, Gustavo Machado, and/or
10  Pablo Vargas" it is overly broad, unduly burdensome and oppressive; (ii) it seeks
11  documents that are not relevant to any party's claim or defense nor is it reasonably
12  calculated to lead to the discovery of admissible evidence; (iii) it is overbroad as to
13  time; (iv) it may seek privileged documents, including documents protected from
14  disclosure by the attorney-client privilege and the work product doctrine; (v) it seeks
15  documents that  Mattel has already produced in discovery in this case; (vi) it seeks
16  confidential, proprietary and trade secret documents that Mattel will produce only in
17  accordance with the Protective Order in this case; (vii) it is compound; and (viii) it
18  is vague and ambiguous.

19

20  **REQUEST FOR PRODUCTION NO. 9:**

21       All COMMUNICATIONS between and among Gustavo Machado, Ricardo
22  Ibarra, and/or Gabriel Zalzman referring to or discussing a competitor's retail or
23  wholesale pricing of products from January 1, 2003 to April 19, 2004.

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

25       Mattel objects to this request on the grounds that (i) it is vague and
26  ambiguous as to "referring to or discussing a competitor's retail or wholesale pricing
27  of products"; (ii) it seeks documents that are not relevant to any party's claim or
28  defense nor is it reasonably calculated to lead to the discovery of admissible

1   evidence because, among other reasons, it seeks documents unrelated to any party to
2   this action; (iii) it may seek privileged documents, including documents protected
3   from disclosure by the attorney-client privilege and the work product doctrine; (iv) it
4   seeks documents that Mattel has already produced in discovery in this case; (vi) it
5   seeks confidential, proprietary and trade secret documents that Mattel will produce
6   only in accordance with the Protective Order in this case; (vii) it is compound; and
7   (viii) it is vague and ambiguous.

8

9   **REQUEST FOR PRODUCTION NO. 10:**

10       All DOCUMENTS and COMMUNICATIONS that refer or relate to the
11   resignation or departure of Gustavo Machado, Mariana Trueba, and Pablo Vargas
12   from YOUR employment.

13   **RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

14       Mattel objects to this request on the grounds that (i) by seeking "all
15   documents and communications that refer or relate to" it is overly broad, unduly
16   burdensome and oppressive; (ii) it seeks documents that Mattel has previously
17   produced in discovery in this case; (iii) it seeks confidential information which
18   Mattel which will only produce in accordance with the Protective Order in this case;
19   (iv) it seeks documents that are not relevant to any party's claim or defense nor is it
20   reasonably calculated to lead to the discovery of admissible evidence; (v) it is
21   overbroad as to time; (vi) it seeks privileged documents, including documents
22   protected from disclosure by the attorney-client privilege and the work product
23   doctrine; (vii) it is compound; and (vii) it seeks documents containing information
24   protected from disclosure by the privacy laws of the United States of Mexico, the
25   United States of America and the State of California.

26       Notwithstanding the foregoing general and specific objections, Mattel
27   responds that it has previously produced the personnel files of Ms. Trueba, Mr.

28

1  Machado and Mr. Vargas that it has located after a diligent search and reasonable
2  inquiry.

3

4  **REQUEST FOR PRODUCTION NO. 11:**

5      All DOCUMENTS extracted by YOU or anyone working for YOU after the
6  resignation of Gustavo Machado, Mariana Trueba and Pablo Vargas from the
7  computers of Gustavo Machado, Mariana Trueba and Pablo Vargas, including all
8  screen shots, all lists of websites visited, and all DOCUMENTS transferred or
9  accessed by Gustavo Machado, Pablo Vargas and Mariana Trueba in the 60 days
10  before resigning from Mattel.

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

12      Mattel objects to this request on the grounds that (i) by seeking "all
13  documents" it is overly broad and unduly burdensome and seeks documents that is
14  irrelevant to this litigation; (ii) it seeks documents in the possession, custody and
15  control of third parties; (iii) it seeks documents that  Mattel has already produced in
16  discovery in this case; (iv) it seeks confidential, proprietary and trade secret
17  documents which Mattel will only produce in accordance with the Protective Order
18  in this case; and (v) it seeks documents protected by the attorney-client privilege and
19  attorney work-product doctrine and the consultant privilege.

20      Notwithstanding the foregoing general and specific objections, Mattel
21  responds that it has made available to MGA the hard drives of Machado, Vargas and
22  Trueba.

23

24  **REQUEST FOR PRODUCTION NO. 12:**

25      All DOCUMENTS comprising the personnel files of Gabriel Zalzman,
26  Ricardo Marra, Roberto Isaias, Simon Watt, Yeira Fierro, and Ricardo Honda.

27

28

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Mattel objects to this request on the grounds that (i) it seeks confidential information that Mattel will produce only in accordance with the Protective Order in this case; and (ii) it seeks privileged documents, including documents protected from disclosure by the attorney-client privilege and the work product doctrine.

Notwithstanding the foregoing general and specific objections, at a mutually agreeable date and time Mattel will produce, to the extent not already produced, those non-privileged responsive documents located after a diligent search and reasonable inquiry.

**REQUEST FOR PRODUCTION NO. 16:**

All DOCUMENTS and COMMUNICATIONS that refer or relate to YOUR investigation into the theft of trade secrets from YOUR offices by Gustavo Machado, Mariana Trueba, and Pablo Vargas.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Mattel objects to this request on the grounds that (i) by seeking "all documents and communications that refer or relate to" the ongoing investigation of the theft of Mattel's trade secrets, the request is overly broad, unduly burdensome and oppressive; (ii) it seeks documents that are not relevant to any party's claim or defense nor is it reasonably calculated to lead to the discovery of admissible evidence; (iii) it is overbroad as to time; (iv) it seeks privileged documents, including documents protected from disclosure by the attorney-client privilege and the work product doctrine; and (vii) it is compound.  Mattel further objects to this request on the grounds that its investigation of the facts underlying this action is ongoing and not complete, that discovery is not complete, that the MGA Parties and third-parties have not complied with their discovery obligations, having refused to produce all responsive documents, to provide full and complete responses to interrogatories, to provide adequately prepared corporate designees, have failed to comply with orders of the Court and Discovery Masters.  Accordingly, Mattel

1  reserves the right to supplement its production of documents responsive to this
2  request and to amend this response as documents and facts are discovered.

3       Notwithstanding the foregoing general specific objections, Mattel has
4  previously produced the non-privileged documents making up the Mattel Security
5  Department's file related to the theft of trade secrets by Machado, Vargas and
6  Trueba and any communications both law enforcement authorities related to this
7  subject.

8

9  **REQUEST FOR PRODUCTION NO. 17:**

10       All COMMUNICATIONS between YOU and Pablo Vargas from April 20,
11  2004 to the present.

12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

13       Mattel objects to this request on the grounds that (i) it seeks confidential,
14  proprietary and trade secret information that Mattel will produce only in accordance
15  with the Protective Order in this case; (ii) it seeks documents that are not relevant to
16  any party's claim or defense nor is it reasonably calculated to lead to the discovery
17  of admissible evidence.

18       Notwithstanding the foregoing general and specific objections, at a mutually
19  agreeable time and place, Mattel will produce, to the extent not previously
20  produced, all communications with Pablo Vargas from April 20, 2004 to the date of
21  these responses that refer or relate to any fee or indemnity agreements, or any
22  demand for payment or indemnification, if any.

23

24  **REQUEST FOR PRODUCTION NO. 18:**

25       YOUR phone records from April 19, 2004 though April 30, 2004.

26  **RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

27       Mattel objects to this request on the grounds that (i) it is vague and
28  ambiguous as to "phone records"; (ii) it seeks confidential, proprietary and trade

1   secret information that Mattel will produce only in accordance with the Protective

2   Order in this case; (iii) it seeks documents protected by the attorney-client privilege

3   and attorney work-product doctrine; and (iv) it seeks documents that are not relevant

4   to any party's claim or defense nor is it reasonably calculated to lead to the

5   discovery of admissible evidence.

6

7   **REQUEST FOR PRODUCTION NO. 19:**

8        All DOCUMENTS and COMMUNICATIONS that refer or relate to any

9   failures to comply with YOUR policies or procedures to maintain the secrecy of

10  YOUR trade secrets.

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

12       Mattel objects to this request on the grounds that (i) by seeking "all

13  documents and communications that refer or relate to" any failure to comply with

14  policies and procedures regarding preserving the confidentiality of Mattel trade

15  secrets, including the ongoing investigation of the theft of Mattel's trade secrets by

16  Machado, Vargas and Trueba, among others, the request is overly broad, unduly

17  burdensome and oppressive; (ii) it seeks documents that are not relevant to any

18  party's claim or defense nor is it reasonably calculated to lead to the discovery of

19  admissible evidence; (iii) it is overbroad as to time; (iv) it seeks privileged

20  documents, including documents protected from disclosure by the attorney-client

21  privilege and the work product doctrine; (v) it is compound; and (vi) it is vague and

22  ambiguous.

23

24  **REQUEST FOR PRODUCTION NO. 20:**

25       DOCUMENTS sufficient to identify any PERSON who failed to comply with

26  YOUR policies or procedures to maintain the secrecy of YOUR trade secrets.

27

28

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

2      Mattel objects to this request on the grounds that (i) it seeks documents that

3  are not relevant to any party's claim or defense nor is it reasonably calculated to

4  lead to the discovery of admissible evidence; (ii) it is overbroad as to time; (iii) it

5  seeks privileged documents, including documents protected from disclosure by the

6  attorney-client privilege and the work product doctrine; (iv) it is compound; (v) it

7  seeks documents containing information protected from disclosure by the privacy

8  laws of the United States of Mexico, the United States of America and the State of

9  California; and (vi) it is vague and ambiguous.

10

11  **REQUEST FOR PRODUCTION NO. 21:**

12      All DOCUMENTS and COMMUNICATIONS that refer or relate to any

13  warning, admonition, discipline, or any other adverse employment action that YOU

14  have taken toward any of YOUR current or former employees for using or accessing

15  a competitor's confidential or proprietary information, trade secrets, or intellectual

16  property.

17  **RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

18      Mattel objects to this request on the grounds that (i) it seeks documents that

19  are not relevant to any party's claim or defense nor is it reasonably calculated to

20  lead to the discovery of admissible evidence; (ii) it is overbroad as to time; (iii) it

21  seeks privileged documents, including documents protected from disclosure by the

22  attorney-client privilege and the work product doctrine; (iv) it is compound; and (v)

23  it seeks documents containing information protected from disclosure by the privacy

24  laws of the United States of Mexico, the United States of America and the State of

25  California; and (vi) it is vague and ambiguous.

26

27

28

1   provide adequately prepared corporate designees, and have failed to comply with

2   orders of the Court and Discovery Masters.  Accordingly, Mattel reserves the right

3   to supplement its production of documents responsive to this request and to amend

4   this response as documents and facts are discovered.

5       Notwithstanding the foregoing general and specific objections, at a mutually

6   agreeable time and place, Mattel will produce, to the extent not previously

7   produced, non-privileged, responsive documents.

8

9   **REQUEST FOR PRODUCTION NO. 29:**

10      All competitor product line lists or product line offerings in YOUR

11  possession, custody, or control from 2002 to the present.

12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

13      Mattel objects to this request on the grounds that (i) it is overbroad as to time;

14  (ii) it is vague and ambiguous, including as to "product line offerings"; (iii) it seeks

15  documents that are not relevant to any party's claim or defense nor is it reasonably

16  calculated to lead to the discovery of admissible evidence because, among other

17  reasons, it seeks documents unrelated to any party to this action; (iv) it may seek

18  privileged documents, including documents protected from disclosure by the

19  attorney-client privilege and the work product doctrine; (v) it seeks documents that

20  Mattel has already produced in discovery in this case; (vi) it seeks confidential,

21  proprietary and trade secret information which Mattel will only produce in

22  accordance with the Protective Order in this case; and (vii) it is compound.

23

24  **REQUEST FOR PRODUCTION NO. 30:**

25      All DOCUMENTS and COMMUNICATIONS referring or relating to

26  expected, anticipated, or not-yet-announced product offerings by YOUR

27  competitors in Mexico from 2002 to the present.

28

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

Mattel objects to this request on the grounds that (i) it is overbroad as to time; (ii) it is vague and ambiguous; (iii) it seeks documents that are not relevant to any party's claim or defense nor is it reasonably calculated to lead to the discovery of admissible evidence because, among other reasons, it seeks documents unrelated to any party to this action; (iv) it may seek privileged documents, including documents protected from disclosure by the attorney-client privilege and the work product doctrine; (v) it seeks documents that Mattel has already produced in discovery in this case; (vi) it seeks confidential, proprietary and trade secret information which Mattel will only produce in accordance with the Protective Order in this case; and (vii) it is compound.

**REQUEST FOR PRODUCTION NO. 31:**

All of YOUR product or product line offerings, or contemplated or proposed product or product line offerings from 2002 to the present, including but not limited to any changes or amendments or contemplated or proposed changes or amendments thereto.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

Mattel objects to this request on the grounds that (i) it is overbroad as to time; (ii) it is vague and ambiguous, including as to "product line offerings"; (iii) it seeks documents that are not relevant to any party's claim or defense nor is it reasonably calculated to lead to the discovery of admissible evidence; (iv) it may seek privileged documents, including documents protected from disclosure by the attorney-client privilege and the work product doctrine; (v) it seeks documents that Mattel has already produced in discovery in this case; (vi) it seeks confidential, proprietary and trade secret information which Mattel will only produce in accordance with the Protective Order in this case.

1 **REQUEST FOR PRODUCTION NO. 32:**

2      All DOCUMENTS and COMMUNICATIONS that refer or relate to YOUR

3 receipt, reproduction, copying, storage, transmission, retention, destruction, deletion

4 or use of any competitor's line list.

5 **RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

6      Mattel objects to this request on the grounds that (i) it is overbroad as to time;

7 (ii) it is vague and ambiguous; (iii) it seeks documents that are not relevant to any

8 party's claim or defense nor is it reasonably calculated to lead to the discovery of

9 admissible evidence; and (iv) it may seek privileged documents, including

10 documents protected from disclosure by the attorney-client privilege and the work

11 product doctrine.

12

13 **REQUEST FOR PRODUCTION NO. 33:**

14      All DOCUMENTS and COMMUNICATIONS that refer or relate to YOUR

15 receipt, reproduction, copying, storage, transmission, retention, destruction, deletion

16 or use of any document prepared by a competitor that identifies the competitor's

17 products in the planning, design or development phase.

18 **RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

19      Mattel objects to this request on the grounds that (i) it is overbroad as to time;

20 (ii) it is vague and ambiguous; (iii) it seeks documents that are not relevant to any

21 party's claim or defense nor is it reasonably calculated to lead to the discovery of

22 admissible evidence; and (iv) it may seek privileged documents, including

23 documents protected from disclosure by the attorney-client privilege and the work

24 product doctrine.

25

26

27

28

1 | documents that are not relevant to any party's claim or defense nor is it reasonably
2 | calculated to lead to the discovery of admissible evidence; (iv) it seeks privileged
3 | documents, including documents protected from disclosure by the attorney-client
4 | privilege and the work product doctrine; and (v) it seeks confidential, proprietary
5 | and trade secret information which Mattel will produce only in accordance with the
6 | Protective Order in this case; and (vi) it is duplicative of Request for Production No.
7 | 34.

8 |       Notwithstanding the foregoing general and specific objections, Mattel
9 | responds that, at a mutually acceptable time and place, it will produce, to the extent
10 | not already produced, an organization chart or charts sufficient to show the
11 | relationship between the responding party, Mattel, Inc. and Mattel Servicios
12 | between 2004 and the date of these responses, to the extent that such organization
13 | charts may be located after a diligent search and reasonably inquiry.

14 |

15 | **REQUEST FOR PRODUCTION NO. 36:**

16 |       All DOCUMENTS and COMMUNICATIONS that refer or relate to the
17 | reason or reasons for the formation of Mattel Servicios, S.A. de C.V., as an entity
18 | distinct from Mattel de Mexico, S.A. de C.V.

19 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

20 |       Mattel objects to this request on the grounds that (i) by seeking "all
21 | documents and communications that refer or relate to" a subject it is overly broad,
22 | unduly burdensome and oppressive; (ii) it is overbroad as to time; (iii) it seeks
23 | documents that are not relevant to any party's claim or defense nor is it reasonably
24 | calculated to lead to the discovery of admissible evidence; (iv) it seeks privileged
25 | documents, including documents protected from disclosure by the attorney-client
26 | privilege and the work product doctrine; and (v) it seeks confidential, proprietary
27 | and trade secret information which Mattel will produce only in accordance with the
28 | Protective Order in this case.

1

2 **REQUEST FOR PRODUCTION NO. 37:**

3    DOCUMENTS sufficient to identify Mattel de Mexico, S.A. de C.V.'s net

4 worth on a yearly basis for each year from 2002 to the present.

5 **RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

6    Mattel objects to this request on the grounds that (i) it is overly broad as to

7 time; (ii) it seeks confidential and proprietary information; and (iii) it seeks

8 documents that are not relevant to any party's claim or defense nor is it reasonably

9 calculated to lead to the discovery of admissible evidence.

10

11 **REQUEST FOR PRODUCTION NO. 38:**

12    DOCUMENTS sufficient to identify Mattel Servicios, S.A. de C.V.'s net

13 worth on a yearly basis for each year from 2002 to the present.

14 **RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

15    Mattel objects to this request on the grounds that (i) it is overly broad as to

16 time; (ii) it seeks confidential and proprietary information; and (iii) it seeks

17 documents that are not relevant to any party's claim or defense nor is it reasonably

18 calculated to lead to the discovery of admissible evidence.

19 **REQUEST FOR PRODUCTION NO. 39:**

20    All DOCUMENTS and COMMUNICATIONS that refer or relate to any

21 agreements between Mattel de Mexico, S.A. de C.V. and Mattel Servicios, S.A. de

22 C.V. concerning the ownership of intellectual property, including but not limited to

23 the underlying agreement itself, if any.

24 **RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

25    Mattel objects to this request on the grounds that (i) by seeking "all

26 documents and communications that refer or relate to" a specific topic, it is overly

27 broad, unduly burdensome and oppressive; (ii) it is overbroad as to time; (iii) it

28 seeks documents that are not relevant to any party's claim or defense nor is it

1  reasonably calculated to lead to the discovery of admissible evidence; (iv) it seeks
2  privileged documents, including documents protected from disclosure by the
3  attorney-client privilege and the work product doctrine; (v) it seeks confidential,
4  proprietary and trade secret information that Mattel will produce only in accordance
5  with the Protective Order in this case; and (vi) it is vague and ambiguous.

6

7  **REQUEST FOR PRODUCTION NO. 40:**

8      All DOCUMENTS and COMMUNICATIONS that refer or relate to any
9  agreements between Mattel de Mexico, S.A. de C.V. and Mattel Servicios, S.A. de
10  C.V.

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

12      Mattel objects to this request on the grounds that (i) by seeking "all
13  documents and communications that refer or relate to" a specific topic, it is overly
14  broad, unduly burdensome and oppressive; (ii) it is overbroad as to time; (iii) it
15  seeks documents that are not relevant to any party's claim or defense nor is it
16  reasonably calculated to lead to the discovery of admissible evidence; (iv) it seeks
17  privileged documents, including documents protected from disclosure by the
18  attorney-client privilege and the work product doctrine; (v) it seeks confidential,
19  proprietary and trade secret information that Mattel will produce only in accordance
20  with the Protective Order in this case; and (vi) it is vague and ambiguous.

21

22  **REQUEST FOR PRODUCTION NO. 41:**

23      All DOCUMENTS and COMMUNICATIONS that refer or relate to any
24  agreements between Mattel de Mexico, S.A. de C.V. and Mattel, Inc. concerning the
25  ownership of intellectual property, including but not limited to the underlying
26  agreement itself, if any.

27

28

1 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

2 |      Mattel objects to this request on the grounds that (i) by seeking "all

3 | documents and communications that refer or relate to" a specific topic, it is overly

4 | broad, unduly burdensome and oppressive; (ii) it is overbroad as to time; (iii) it

5 | seeks documents that are not relevant to any party's claim or defense nor is it

6 | reasonably calculated to lead to the discovery of admissible evidence; (iv) it seeks

7 | privileged documents, including documents protected from disclosure by the

8 | attorney-client privilege and the work product doctrine; (v) it seeks confidential,

9 | proprietary and trade secret information that Mattel will produce only in accordance

10 | with the Protective Order in this case; and (vi) it is vague and ambiguous.

11 |

12 | **REQUEST FOR PRODUCTION NO. 42:**

13 |      All DOCUMENTS and COMMUNICATIONS that refer or relate to any

14 | agreements between Mattel, Inc. and Mattel Servicios, S.A. de C.V. concerning the

15 | ownership of intellectual property, including but not limited to the underlying

16 | agreement itself, if any.

17 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

18 |      Mattel objects to this request on the grounds that (i) by seeking "all

19 | documents and communications that refer or relate to" a specific topic, it is overly

20 | broad, unduly burdensome and oppressive; (ii) it is overbroad as to time; (iii) it

21 | seeks documents that are not relevant to any party's claim or defense nor is it

22 | reasonably calculated to lead to the discovery of admissible evidence; (iv) it seeks

23 | privileged documents, including documents protected from disclosure by the

24 | attorney-client privilege and the work product doctrine; (v) it seeks confidential,

25 | proprietary and trade secret information that Mattel will produce only in accordance

26 | with the Protective Order in this case; and (vi) it is vague and ambiguous.

27 |

28 |

**REQUEST FOR PRODUCTION NO. 45:**

All DOCUMENTS and COMMUNICATIONS and tangible things that refer or relate to YOUR allegations as set forth in the FAAC, including but not limited to DOCUMENTS upon which YOU intend to rely to support those allegations.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

Mattel objects to this request on the grounds that (i) it seeks documents that Mattel has previously produced in discovery in this case; (ii) it seeks confidential, proprietary and trade secret information that Mattel will produce only in accordance with the Protective Order in this case; (iii) it seeks documents protected from disclosure by the attorney-client privilege and attorney work-product doctrine, including the consulting expert privilege; (iv) it is overbroad as to time; (v) by seeking "all documents and communications" it is overly broad and unduly burdensome and seeks documents that are irrelevant to this litigation; (vi) it is compound; and (vi) it is vague and ambiguous. Mattel further objects to this request on the grounds that its investigation of the facts underlying this action is ongoing and not complete, that discovery is not complete, that the MGA Parties and third-parties have not complied with their discovery obligations, having refused to produce all responsive documents, to provide full and complete responses to interrogatories, to provide adequately prepared corporate designees, have failed to comply with orders of the Court and Discovery Masters. Accordingly, Mattel reserves the right to supplement its production of documents responsive to this request, if any, and to amend this response as documents and facts are discovered.

**REQUEST FOR PRODUCTION NO. 46:**

All COMMUNICATIONS between YOU and YOUR customers, distributors, advertisers, advertising agencies, marketing consultants, or public relations firms that refer or relate to MGA, Inc. or MGAE de Mexico, S.R.L. de C.V.

1 **RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

2    Mattel objects to this request on the grounds that (i) by seeking "all

3 communications ", it is overly broad, unduly burdensome and oppressive; (ii) it is

4 overbroad as to time; (iii) it seeks documents that are not relevant to any party's

5 claim or defense nor is it reasonably calculated to lead to the discovery of

6 admissible evidence; (iv) it seeks confidential, proprietary and trade secret

7 information that Mattel will produce only in accordance with the Protective Order in

8 this case; (v) it seeks documents protected from disclosure by the attorney-client

9 privilege and attorney work-product doctrine, including the consulting expert

10 privilege; and (vi) it is vague and ambiguous.

11

12 **REQUEST FOR PRODUCTION NO. 47:**

13    All DOCUMENTS and COMMUNICATIONS that refer or relate to final

14 payments due or claimed to be due to Gustavo Machado, Mariana Trueba, and Pablo

15 Vargas from their employment with YOU, including but not limited to

16 DOCUMENTS relating to the processing of final payments, requests for final pay

17 checks, conditions to be placed in final payments and discussions as to whether to

18 issue final pay checks.

19 **RESPONSE TO REQUEST FOR PRODUCTION NO. 47:**

20    Mattel objects to this request on the grounds that (i) by seeking "all

21 documents and communications that refer or relate to" it is overly broad, unduly

22 burdensome and oppressive; (ii) it seeks documents that Mattel has previously

23 produced in discovery in this case; (iii) it seeks confidential information which

24 Mattel which will only produce in accordance with the Protective Order in this case;

25 (iv) it seeks documents that are not relevant to any party's claim or defense nor is it

26 reasonably calculated to lead to the discovery of admissible evidence; (v) it is

27 overbroad as to time; (vi) it seeks privileged documents, including documents

28 protected from disclosure by the attorney-client privilege and the work product

1  doctrine; (vii) it is compound; (viii) it seeks documents containing information
2  protected from disclosure by the privacy laws of the United States of Mexico, the
3  United States of America and the State of California; and (ix) it is vague and
4  ambiguous.

5      Notwithstanding the foregoing general and specific objections, Mattel
6  responds that it has previously produced the personnel files of Ms. Trueba, Mr.
7  Machado and Mr. Vargas that it has located after a diligent search and reasonable
8  inquiry.

9

10  **REQUEST FOR PRODUCTION NO. 48:**

11      All DOCUMENTS and COMMUNICATIONS concerning the meetings held
12  on April 23, 2004 between YOU and Gustavo Machado, Mariana Trueba and Pablo
13  Vargas.

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**

15      Mattel objects to this request on the grounds that (i) by seeking "all
16  documents and communications" it is overly broad, unduly burdensome and
17  oppressive; (ii) it seeks documents that Mattel has previously produced in discovery
18  in this case; (iii) it seeks confidential information which Mattel which will only
19  produce in accordance with the Protective Order in this case; (iv) it seeks documents
20  that are not relevant to any party's claim or defense nor is it reasonably calculated to
21  lead to the discovery of admissible evidence; (v) it is overbroad as to time; (vi) it
22  seeks privileged documents, including documents protected from disclosure by the
23  attorney-client privilege and the work product doctrine; (vii) it is compound; (viii) it
24  seeks documents containing information protected from disclosure by the privacy
25  laws of the United States of Mexico, the United States of America and the State of
26  California; and (ix) it is vague and ambiguous.

27      Notwithstanding the foregoing general and specific objections, Mattel
28  responds that it has previously produced the personnel files of Ms. Trueba, Mr.

1 | Machado and Mr. Vargas that it has located after a diligent search and reasonable
2 | inquiry.

3

4 | **REQUEST FOR PRODUCTION NO. 49:**

5 | All DOCUMENTS and COMMUNICATIONS that refer or relate to any
6 | requirement, policy or need to stamp documents as confidential or otherwise
7 | designate documents as confidential.

8 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 49:**

9 | Mattel objects to this request on the grounds that (i) by seeking "all
10 | documents and communications that refer or relate to" a specific topic it is overly
11 | broad and unduly burdensome; (ii) it is overbroad as to time; (iii) it seeks documents
12 | that  Mattel has already produced in discovery in this case; (iv) it seeks confidential,
13 | proprietary and trade secret information that Mattel will produce only in accordance
14 | with the Protective Order in this case; (v) it seeks documents that are not relevant to
15 | any party's claim or defense nor is it reasonably calculated to lead to the discovery
16 | of admissible evidence; and (vi) it seeks privileged documents, including documents
17 | protected from disclosure by the attorney-client privilege and the work product
18 | doctrine.

19

20 | **REQUEST FOR PRODUCTION NO. 50:**

21 | All DOCUMENTS and COMMUNICATIONS that refer or relate to YOUR
22 | knowledge of MGA's low-priced fashion dolls for fall of 2005 prior to the fall of
23 | 2005, as referred to in document M 0273633, including all DOCUMENTS or
24 | COMMUNICATIONS provided to Matte Wicklin by her "contact in the Mattel
25 | Mexico office."

26 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 50:**

27 | Mattel objects to this request on the grounds that (i) by seeking "all
28 | documents and communications that refer or relate to" it is overly broad, unduly

1  burdensome and oppressive; (ii) it seeks documents that are not relevant to any
2  party's claim or defense nor is it reasonably calculated to lead to the discovery of
3  admissible evidence; (iii) it is overbroad as to time; and (iv) it seeks privileged
4  documents, including documents protected from disclosure by the attorney-client
5  privilege and the work product doctrine

6

7  **REQUEST FOR PRODUCTION NO. 51:**

8       All DOCUMENTS that YOU contend prove or that YOU will rely on at trial
9  to prove that the document identified at MGA 3815506.00001 – MGA
10  3815506.000022 derives independent economic value from not being generally
11  known to the public or any other person who can obtain economic value from their
12  use.

13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 51:**

14       Mattel objects to this request on the grounds that (i) it seeks documents that
15  Mattel has previously produced in discovery in this case; (ii) it seeks confidential,
16  proprietary and trade secret information that Mattel will produce only in accordance
17  with the Protective Order in this case; and (iii) it seeks documents protected from
18  disclosure by the attorney-client privilege and attorney work-product doctrine,
19  including the consulting expert privilege.  Mattel further objects to this request on
20  the grounds that its investigation of the facts underlying this action is ongoing and
21  not complete, that discovery is not complete, that the MGA Parties and third-parties
22  have not complied with their discovery obligations, having refused to produce all
23  responsive documents, to provide full and complete responses to interrogatories, to
24  provide adequately prepared corporate designees, have failed to comply with orders
25  of the Court and Discovery Masters.  Accordingly, Mattel reserves the right to
26  supplement its production of documents responsive to this request and to amend this
27  response as documents and facts are discovered.

28

1  including the consulting expert privilege.  Mattel further objects to this request on

2  the grounds that its investigation of the facts underlying this action is ongoing and

3  not complete, that discovery is not complete, that the MGA Parties and third-parties

4  have not complied with their discovery obligations, having refused to produce all

5  responsive documents, to provide full and complete responses to interrogatories, to

6  provide adequately prepared corporate designees, have failed to comply with orders

7  of the Court and Discovery Masters.  Accordingly, Mattel reserves the right to

8  supplement its production of documents responsive to this request and to amend this

9  response as documents and facts are discovered.

10        Notwithstanding the foregoing general and specific objections, at a mutually

11  agreeable time and place, Mattel will produce, to the extent not previously

12  produced, non-privileged, responsive documents.

13  DATED: July 20, 2010          QUINN EMANUEL URQUHART &
14                                SULLIVAN, LLP

15

16                                By  /s/  Michael Zeller
17                                    Michael T. Zeller
18                                    Attorneys for Mattel, Inc. and Mattel de
                                     Mexico, S.A. de C.V.
19

20

21

22

23

24

25

26

27

28

1

## PROOF OF SERVICE

2

I am employed in the County of Los Angeles, State of California.  I am over

3

the age of eighteen years and not a party to the within action; my business address is

865 South Figueroa Street, 10th Floor, Los Angeles, California  90017-2543.

4

On July 20, 2010, I served true copies of the following document(s) described

5

as **MATTEL DE MEXICO, S.A. DE C.V.'S RESPONSE TO FIRST SET OF**

6

**PHASE 2 REQUESTS FOR PRODUCTION OF DOCUMENTS AND**

**THINGS PROPOUNDED BY MGA ENTERTAINMENT, INC.** on the

7

interested parties in this action as follows:

8

| | |
|---|---|
| Orrick, Herrington & Sutcliffe LLP<br>William A. Molinski<br>777 S. Figueroa Street, Ste. 3200<br>Los Angeles, CA 90017-5855<br>wmolinski@orrick.com | *Attorneys for the MGA Parties* |
| Law Offices of Mark E. Overland<br>Mark E Overland<br>100 Wilshire Blvd., Suite 950,<br>Santa Monica, CA 90401<br>mark@overlaw.net | *Attorneys for Carlos Gustavo<br>Machado Gomez* |
| Bingham McCutchen LLP<br>Todd Gordinier, Esq.<br>Peter Villar, Esq.<br>600 Anton Boulevard, 18th Floor<br>Costa Mesa, CA 92626<br>todd.gordinier@bingham.com | *Attorneys for Omni 808 Investors,<br>LLC* |

9

10

11

12

13

14

15

16

17

18

19

**BY MAIL:** I enclosed the foregoing into sealed envelope(s) addressed as shown

20

above, and I deposited such envelope(s) in the mail at Los Angeles, California.  The

21

envelope was mailed with postage thereon fully prepaid.

22

I declare that I am employed in the office of a member of the bar of this Court

at whose direction the service was made.

23

24

Executed on July 20, 2010, at Los Angeles, California.

25

26

Susan Truong

27

28

00505.07975/3589182.1

MATTEL DE MEXICO'S RESPONSE TO FIRST SET OF PHASE 2 REQUESTS FOR PRODUCTION