QUINN EMANUEL URQUHART & SULLIVAN, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  michaelzeller@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:   (213) 443-3000
Facsimile:    (213) 443-3100

Attorneys for Mattel, Inc. and Mattel de
Mexico, S.A. de C.V.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation, | CASE NO. CV 04-9049 DOC (RNBx) Consolidated with Case No. CV 04-09059 Case No. CV 05-02727 |
| Plaintiff, | |
| vs. | Hon. David O. Carter |
| MGA ENTERTAINMENT, INC., a California corporation, et al., | **MATTEL MEXICO'S OPPOSITION TO THE MGA PARTIES' MOTION TO COMPEL DOCUMENTS FROM MATTEL MEXICO CONCERNING MATTEL MEXICO'S POSSESSION OF COMPETITORS' CONFIDENTIAL INFORMATION** |
| Defendant. | |
| AND CONSOLIDATED ACTIONS | |

Date:    TBD
Time:    TBD
Place:   Courtroom 9D

**Phase 2**
Discovery Cut-off:   October 4, 2010
Pre-trial Conference:   January 4, 2011
Trial Date:   January 11, 2011

00505.07975/3638224.6

MATTEL. MEXICO'S OPPOSITION TO MGA PARTIES' MOTION TO COMPEL RE: COMPETITORS

1

# <u>TABLE OF CONTENTS</u>

2

<u>Page</u>

3

4

PRELIMINARY STATEMENT ................................................................................. 1

5

ARGUMENT ........................................................................................................... 2

6

I.    MGA'S REQUESTS SEEK DISCOVERY UNBOUNDED BY THE
      CLAIMS OR DEFENSES AT ISSUE ................................................................ 2

7

8

      A.    Request No. 1, seeking all documents from Mattel Mexico
            regarding MGA or MGA Mexico, is overbroad ................................... 3

9

      B.    Request for Production Nos. 2, 3, 9, 29, 30 and 33 All Seek
            Irrelevant Information Regarding Non-Parties ................................... 4

10

11

      C.    To the Extent that Request Nos. 2, 3, 4 and 50 Seek Information
            Regarding MGA, MGA's Motion Should Be Denied ........................... 6

12

      D.    Request No. 9 Is Overbroad and Irrelevant ...................................... 6

13

      E.    Request Nos. 29, 30 and 33 are Overbroad and Irrelevant ................ 7

14

      F.    Request No. 50 Does Not Seek Relevant Information ........................ 8

15

CONCLUSION ....................................................................................................... 9

16

17

18

19

20

21

22

23

24

25

26

27

28

MATTEL. MEXICO'S OPPOSITION TO MGA PARTIES' MOTION TO COMPEL RE: COMPETITORS

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF AUTHORITIES

**Page**

**Cases**

Alcatel USA, Inc. v. DGI Tech., Inc.,
   166 F.3d 772 (5th Cir. 1999) ............................................................................ 5

Perfect 10, Inc. v. Cybernet Ventures, Inc.,
   213 F. Supp. 2d 1146 (C.D. Cal. 2002) ........................................................... 5

Starsight Telecast v. Gemstar Dev. Corp.,
   1995 U.S. Dist. LEXIS 22006 (N.D. Cal. Aug. 11, 1995) ............................... 6

## Preliminary Statement

With this Motion, MGA seeks every document that Mattel Mexico has regarding MGA and all other competing toy companies in Mexico. These requests are overbroad on their face. The Discovery Master and the Court have rejected MGA's earlier efforts to compel Mattel to produce all documents related to Bratz, for reasons that apply equally to the requests at issue. The right to discovery is not unlimited.

The limitation to documents regarding competitors is not a limitation at all. There is nothing inherently unfair, unethical or even unusual about a company possessing information about its competitors. MGA has not asserted any claims against Mattel Mexico, and the unclean hands defense does not extend to conduct with third parties. As for the information in Mattel Mexico's possession that relates to MGA's claims and defenses, it has all been produced, or will be in coming days. The one exception that MGA emphasizes, a Hasbro price list that Machado procured and testified about – and that Mattel, despite best efforts, has been unable to find – has no bearing here: the prices for Bratz dolls set unilaterally by Hasbro were proprietary to Hasbro, not MGA. It was Hasbro's excessive prices that led MGA to fire Hasbro, and recruit Machado and his colleagues to set up a direct sales subsidiary. Moreover, even taking MGA's claims (including their most recent) at face value, price lists and pricing information are irrelevant. Its unclean hands defense does not mention price lists; MGA's interrogatory responses do not suggest that Mattel (much less Mattel Mexico) stole price lists and, its new trade secret theft claim, even if considered at this premature point in time, does not include price lists and pricing information among the allegedly stolen Trade Secrets materials.

Finally, MGA claims to have "extensive evidence" showing that that Mr. Villasenor's practices of obtaining information from toy fairs using false identification information extends to Mattel Mexico. Not so. The responsible person at Mattel Mexico, Ricardo Ibarra, denied having knowledge of such practices. The only Mattel Mexico specific evidence that MGA cites is Matte Wicklin's information, allegedly

from Mattel Mexico, that in fall 2005 MGA would be introducing Bratz dolls with lower price points and Candy, Sports, Dynamite and Party themes.   But this information was hardly confidential: in ASM's February 19, 2005 public report on MGA's New York toy fair showroom (which was produced from Mr. Larian's records), ASM reported:  "Starting this year, however, they've [MGA] introduced a new 9.99 price point, a simple basic doll with fashion and a few accessories."  And, the report continued, MGA had introduced or would be introducing Bratz dolls with the themes "Candy," "Sports," "Party" and "DynaMite."  Passing on information that MGA provided to the press is innocent, and hardly provides a basis for the unlimited discovery MGA seeks here.  MGA's motion should be denied.

**Argument**

I.   **MGA'S REQUESTS SEEK DISCOVERY UNBOUNDED BY THE CLAIMS OR DEFENSES AT ISSUE**

MGA Mexico touts its "discovery" of Mr. Villasenor as justifying broad discovery into Mattel Mexico practices.  Setting aside the problems addressed by Mattel in its Opposition to MGA's Motion to Compel  Concerning Mattel's Theft of Competitors' Confidential Information, filed concurrently  and incorporated here by reference, MGA has not suggested, nor can it, that such conduct extended to Mattel Mexico or should be a basis for discovery from Mattel Mexico.

With its Motion, MGA seeks to compel Mattel Mexico to produce Mexico-specific documents.  It claims that these documents are relevant to MGA's unfair competition claim, but MGA has never sued Mattel Mexico (as opposed to Mattel) for unfair competition.  MGA has asserted new counterclaims in reply. Mattel expects MGA to tout those as a basis for relevance on reply.  Again, however, MGA did not name Mattel Mexico as a defendant in those claims.  The only Mexico-specific issues in this case relate to Mattel's claims of trade secret theft and related misconduct, and MGA's possible defenses to those claims.  Mattel

Mexico is in the process of producing all documents related to those claims, a process which will be complete by October 4.

### A.    Request No. 1, seeking all documents from Mattel Mexico regarding MGA or MGA Mexico, is overbroad[1]

MGA's Request for Production No. 1 seeks "All DOCUMENTS and COMMUNICATIONS in YOUR possession, custody, or control that refer or relate to any MGA, Inc. or MGAE de Mexico, S.R.L. de C.V. product, plan, or business information from 2002 to 2006." It is facially overbroad. MGA has been a significant competitor of Mattel in Mexico, selling hundreds of different products that generated tens of millions of dollars in revenue.[2] Mattel Mexico has third-party industry reports, tracks competitors retail pricing, marketing practices, product introductions, shelf space, newspaper advertisements, etc. regarding its competitors, including MGA. Such documents, plainly within the scope of this request, are not tethered to or limited by any claim or defense. At the inception of the litigation, MGA propounded similarly overbroad requests upon Mattel seeking all documents relating to Bratz. The prior Discovery Master properly sustained Mattel's overbreadth objection precisely because they were not limited to any claim or defense. He ruled that "[t]his category of requests is clearly overbroad, requiring production of documents that merely mention MGA, Larian, Bratz or other MGA

---

[1]    See accompanying declaration of Jon D. Corey and its Exhibit 1. Mattel provides these pages because MGA did not submit them to the Court with its motion or with its declaration of W. Molinski.

[2]    Mexico Sales by Item for 2007 (MGA 3815443 - MGA 3815497); Mexico Sales by SKU for 2006 (MGA 3815338 - MGA 3815393); Mexico Sales by SKU for 2005 (MGA 3815287 - MGA 3815308); Mexico Sales by SKU for 2004 (MGA 3815264 - MGA 3815274) and MGA's Consolidated Statement of Operations for the Seven Months Ending July 31, 2007 (MGA 3713507 - MGA 3713538); MGA's Consolidated Statement of Operations for the Twelve Months Ending December 31, 2006 (MGA 3710834 - MGA 3710851); MGA;s Consolidated Statement of Operations for the Twelve Months Ending December 31, 2005 (MGA 43710565 - MGA 3710583).

1   products, regardless of whether or not they have anything to do with the claims and

2   defenses in this case."[3]  The same rule should govern here.  Mattel Mexico has and

3   will continue to produce all documents potentially relevant to MGA's claims or

4   defenses in this litigation.  More than that should not be required.

5       **B.**    **Request for Production Nos. 2, 3, 9, 29, 30 and 33 All Seek**

6            **Irrelevant Information Regarding Non-Parties**

7            With these requests, MGA seeks documents from Mattel Mexico

8   related to competitors of Mattel other than MGA.  To the extent that they do so,

9   Mattel's overbreadth and relevance objections should be sustained.  The requests

10  read:

11      Request for Production No. 2:

12      All competitor price lists in YOUR possession from 2002 to the
        present, including but not limited to competitor price lists from Hasbro
13      and MGAE de Mexico.

14      Request for Production No. 3:

15      All DOCUMENTS and COMMUNICATIONS that refer or relate to
        any of YOUR competitor's price lists from 2002 to the present.
16
        Request for Production No. 9:
17
18      All COMMUNICATIONS between and among Gustavo Machado,
        Ricardo Ibarra, and/or Gabriel Zalzman referring to or discussing a
        competitor's retail or wholesale pricing of products from January 1,
19      2003 to April 19, 2004.

20      Request for Production No. 29:

21      All competitor product line lists or product line offerings in YOUR
        possession, custody, or control from 2002 to the present.
22
        Request for Production No. 30:
23
24      All DOCUMENTS and COMMUNICATIONS referring or relating to
        expected, anticipated, or not-yet announced product offerings by
        YOUR competitors in Mexico from 2002 to the present.
25
        Request for Production No. 33:
26

27      [3]   Order dated May 22, 2007, Granting in Part and Denying in Part MGA's
        Motion to Compel Documents Responsive to First Set of Requests for Production of
28      Documents Dated November 22, 2006 (Infante, J.) at 17:14-16.

1       All DOCUMENTS and COMMUNICATIONS that refer or relate to
2  YOUR receipt, reproduction, copying, storage, transmission, retention,
   destruction, deletion or use of any document prepared by a competitor
3  that identifies the competitor's products in the planning, design or
   development phase.

4       MGA urges the Court to compel Mattel Mexico to produce documents

5  "responsive to its practice of spying on competitor showrooms using false pretenses"

6  (Mot. at 5). According to MGA, Mattel Mexico should have to produce any material

7  it ever obtained from competitor showrooms—such as price lists or catalogs—because

8  such information is relevant to its allegations that Mattel misappropriated trade secrets

9  from MGA.

10       These discovery requests are hopelessly overbroad. First, the only allegations

11  as to which this information is even potentially relevant are those in its newest

12  counterclaim. This Court has yet to decide whether those claims were properly filed,

13  or whether they should simply be dismissed. To insist on a massive search at this

14  point, on that basis alone, is premature.

15       Moreover, even as to those claims, these requests are overbroad and, ultimately,

16  irrelevant. As argued in Mattel Inc.'s Opposition to the MGA Parties' Motion to

17  Compel Documents Concerning Mattel's Theft of Competitors' Confidential

18  Information, the MGA documents sought are not confidential; Mr. Villasenor himself

19  testified that he never entered an MGA showroom or obtained its confidential

20  information by this means; and the claim that this evidence would show a

21  "propensity" to steal competitors' information, and thus MGA's, fails under the

22  standards of the Federal Rules of Evidence. As to Mattel Mexico, the claim is even

23  more attenuated, since these practices did not even extend to Mattel Mexico, nor are

24  MGA's newest claims asserted against Mattel Mexico. And, again as in the

25  concurrently filed Opposition, MGA itself has repeatedly acknowledged that the only

26  conduct relevant to unclean hands is misconduct *between the parties*. See Alcatel

27  USA, Inc. v. DGI Tech., Inc., 166 F.3d 772, 796-97 (5th Cir. 1999); Perfect 10, Inc. v.

28  Cybernet Ventures, Inc., 213 F. Supp. 2d 1146, 1189 (C.D. Cal. 2002); MGA's Oppn.

1  to Mattel's Mot to Comp. Prod. of Documents re:  Unclean Hands Defense, Dkt #

2  8488 at 8:9-14 (citing Starsight Telecast v. Gemstar Dev. Corp., 1995 U.S. Dist.

3  LEXIS 22006, *11 (N.D. Cal. Aug. 11, 1995).

4      **C.    To the Extent that Request Nos. 2, 3, 4 and 50 Seek Information**

5           **Regarding MGA, MGA's Motion Should Be Denied**

6           These requests, when limited to the parties, seek MGA price lists (and

7  price lists of Hasbro when it distributed Bratz in Mexico) and related

8  communications.  The short answer here is that Mattel has looked and has located

9  no responsive documents.  Mattel will amend its responses to indicate this.  While

10  Mr. Machado testified that he obtained a Hasbro price list prior to leaving Mattel,

11  that list was created by Hasbro, not MGA; although Mattel has not been able to

12  locate a copy of the list, MGA can hardly claim prejudice: not only did it know what

13  was on the list, but it was its dissatisfaction with Hasbro that led it to fire Hasbro

14  and sell Bratz directly through MGA Mexico.[4]

15      **D.    Request No. 9 Is Overbroad and Irrelevant**

16       Request No. 9 seeks discussions among Mattel Mexico's head of sales, Roberto

17  Isaias, and Gustavo Machado about retail or wholesale pricing of any competitors

18  products from January 1, 2003 through April 19, 2004.[5]   The request for all

19

20  _____

21   [4]   Request No. 4  seeks "All DOCUMENTS and COMMUNICATIONS that refer or relate to the Hasbro price list (MGA 3815506.017033 – MGA

22  3815506.017248) in YOUR possession in early 2004 as identified at the deposition of Gustavo Machado in this action."  MGA characterizes the documents bearing

23  Bates stamps MGA 3815506.017033 – MGA 3815506.017248 as "the Hasbro price

24  list."  However, the document referenced is a slide presentation covering the latest trends across the entire toy industry.  Nothing in the presentation resembles a price

25  list.  The public source for the Hasbro data included in the presentation is identified,

26  *e.g.*, Nielsen, Scantrack.  It is entirely unclear what, if anything, MGA is seeking here.

27   [5]   Request for Production No. 9:  All COMMUNICATIONS between and among

28  Gustavo Machado, Ricardo Ibarra, and/or Gabriel Zalzman referring to or discussing

1  communications "regarding competitors" is facially overbroad and irrelevant, as
2  discussed above.

3        Moreover, Hasbro distributed Bratz in Mexico before mid-2004, but any retail
4  or wholesale pricing of Bratz in Mexico was Hasbro's sole decision, not MGA's.[6]  To
5  the extent that Request No. 9, seeks communications regarding Hasbro's retail or
6  wholesale pricing of Bratz products in Mexico, those communications are irrelevant.
7  The Court should sustain the objections and deny the Motion for the reasons set forth
8  in Part I.C.

9      **E.**      **Request Nos. 29, 30 and 33 are Overbroad and Irrelevant**

10  These requests read:

11  Request for Production No. 29:

12  All competitor product line lists or product line offerings in YOUR
13  possession, custody, or control from 2002 to the present.

13  Request for Production No. 30:

14  All DOCUMENTS and COMMUNICATIONS referring or relating to
15  expected, anticipated, or not-yet announced product offerings by
16  YOUR competitors in Mexico from 2002 to the present.

16  Request for Production No. 33:

17  All DOCUMENTS and COMMUNICATIONS that refer or relate to
18  YOUR receipt, reproduction, copying, storage, transmission, retention,
19  destruction, deletion or use of any document prepared by a competitor
    that identifies the competitor's products in the planning, design or
20  development phase.

20  Even as limited to MGA (as opposed to all competitors), these requests remain
21  overbroad, and untethered to any claim or defense.  Mattel Mexico, of course, has
22  information regarding MGA's products being sold in Mexico, reported sales
23  purchased from third-parties, advertisements, marketing information, press releases,
24  etc.  To require Mattel to produce all documents in its possession about a major
25  competitor without regard to any claim or defense is unfair.

26  ___

27  a competitor's retail or wholesale pricing of products from January 1, 2003 to April
    19, 2004.
28      [6]   Isaac Larian Dep. Tr. Vol. 2 at 321:23-324:2; 326:22-329:13; 330:10-333:16.

**F.** **Request No. 50 Does Not Seek Relevant Information**

Request No. 50 seeks "All DOCUMENTS and COMMUNICATIONS that refer or relate to YOUR knowledge of MGA's low-priced fashion dolls for fall of 2005 prior to the fall of 2005, as referred to in document M 0273633, including all DOCUMENTS or COMMUNICATIONS provided to Matte Wicklin by her 'contact in the Mattel Mexico Office.'"

First, Mattel Mexico does not know and has not been able to find out who, at Mattel Mexico, Ms. Wicklin refers to as her "source." Other than this e-mail message, Mattel has not located other responsive documents.

Second, this information would only be potentially relevant to MGA's unclean hands defense if MGA could credibly or reasonably suggest that the information in Ms. Wiklin's e-mail message is confidential. It is not.

Ms. Wicklin's alleged source at Mattel Mexico in May 2005 reports that in fall 2005 MGA would be introducing Bratz dolls with lower price points and Candy, Sports, Dynamite and Party themes. MGA took no steps to keep this information secret. It was widely published. MGA representatives at toy fair, or "guides" disclosed this information to toy industry press, including ASM, at the New York Toy Fair. In ASM's February 19, 2005 public report on MGA's New York Toy Fair showroom (which was produced from Mr. Larian's records), ASM reported exactly what Ms. Wicklin did: "Starting this year, however, they've [MGA] introduced a new 9.99 price point, a simple basic doll with fashion and a few accessories." And, the report continued, MGA had introduced or would be introducing Bratz dolls with the themes "Candy," "Sports," "Party" and "DynaMite." Passing on information that MGA provided to the press at a toy fair refutes any suggestion that this information is confidential. Accordingly, this information is irrelevant and the Motion should be denied.

1

## Conclusion

2          For the foregoing reasons, the MGA Parties' motion should be denied in all

3  respects.

4

5  DATED:  September 3, 2010          QUINN EMANUEL URQUHART &
                                     SULLIVAN, LLP
6

7
                                     By  /s/ Michael T. Zeller
8                                        Michael T. Zeller
                                         Attorneys for Mattel, Inc. and Mattel de
9                                        Mexico, S.A. de C.V.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

00505.07975/3638224.6

MATTEL. MEXICO'S OPPOSITION TO MGA PARTIES' MOTION TO COMPEL RE: COMPETITORS