QUINN EMANUEL URQUHART & SULLIVAN, LLP
  John B. Quinn (Bar 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar 196417)
  michaelzeller@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc. and Mattel de Mexico, S.A. de C.V.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation,<br><br>           Plaintiff,<br><br>    vs.<br><br>MGA ENTERTAINMENT, INC., a California corporation, et al.,<br><br>           Defendants.<br><br>AND CONSOLIDATED ACTIONS | CASE CV 04-9049 DOC (RNBx)<br>Consolidated with<br>Case CV 04-09059<br>Case CV 05-02727<br><br>Hon. David O. Carter<br><br>**MATTEL, INC.'S OPPOSITION TO MGA'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS RE MATTEL ALLEGATIONS CONCERNING JANINE BRISBOIS**<br><br>Date: TBD<br>Time: TBD<br>Courtroom: 9D<br><br>**Phase 2**<br>Discovery Cut-off: October 4, 2010<br>Pre-trial Conference: January 4, 2011<br>Trial Date: January 11, 2011 |

00505.07975/3665687.1

MATTEL'S OPPOSITION TO MGA'S MOTION TO COMPEL DOCUMENTS RE BRISBOIS

**Preliminary Statement**

MGA's characterization of its document requests as involving only "four narrow topics" relating to Mattel's trade secret allegations against Ms. Brisbois is inaccurate. Rather, the requests are wildly overbroad and call for documents that have no bearing at all on Mattel's allegations concerning Ms. Brisbois' thefts and disclosures of trade secrets and confidential information. Indeed, MGA's requests would serve only to require Mattel to disclose even more of its confidential and trade secret information to a competitor. This concern is significant: it took only five days for a document Mattel produced with the designation "Confidential-Attorneys' Eyes Only" to end up in the hands of MGA's CEO, Isaac Larian, who brought it to his deposition on August 12, 2010 to read it into the record. Moreover, Mattel has already produced documents and deposition testimony, and has agreed to provide even more, concerning the trade secrets at issue in this motion that render MGA's requests unduly duplicative and burdensome. MGA's requests are improper; its motion to compel should be denied.[1]

**Factual Background**

On June 18, 2010, MGA served Mattel with its seventh set of requests for production in Phase 2. These requests included numbers 309, 311, 312, and 313, which are the subject of this motion. Those requests read as follows:

- **REQUEST NO. 309:** All DOCUMENTS and COMMUNICATIONS that refer or relate to Mattel Canada's participation in the Children's Miracle Network from 2004 through 2006.

- **REQUEST NO. 311:** DOCUMENTS sufficient to show Mattel Canada's organizational structure from 2004 to 2006.

- **REQUEST NO. 312:** DOCUMENTS sufficient to show MATTEL's development and use of its B2B site for Mattel Canada in 2004 and 2005.

---

[1] Further, had MGA met and conferred with Mattel before filing this motion, Mattel could have explained its objections and, potentially, avoided this motion. MGA's failure to meet and confer, as required by the Court, is a sufficient basis in itself to deny this motion.

- **REQUEST NO. 313:** All DOCUMENTS and COMMUNICATIONS that refer or relate to Mattel Canada's "Green Friday" promotion with Toys R Us in November 2005.

See Declaration of William A. Molinski in Support of MGA Motions to Compel ("Molinski Decl."), Ex. 5 at 20-21. Notably, MGA appears to intentionally misquote request nos. 309 and 312 in its motion by omitting that those requests call for "***All*** documents and communications" responsive to the requests. See Mot. at 2 (emphasis added). Of course, MGA was attempting, through these misquotations, to make its requests appear to be more narrow and focused than they actually are.

Mattel objected to these requests as, among other things, overbroad, irrelevant, and calling for trade secret documents that had already been produced. See Molinski Decl., Ex. 10 at 32-34.

As Mattel explained in its August 11, 2010 *Ex Parte* Application to Strike MGA's August 10, 2010 Motions to Compel, MGA filed this motion without meeting and conferring with lead counsel for Mattel. See Dkt. No. 8515 at 2-3.

## Argument

### I. MGA'S MOTION SHOULD BE DENIED FOR MGA'S FAILURE TO MEET AND CONFER

On June 7, 2010, the Court ordered that "all four lead counsel shall meet and confer before the filing of any subsequent written motions or *ex parte* Applications." See Dkt. No. 8085. The Court also required that "[a]ll future motions and *ex parte* Applications shall contain a certification of compliance" with the Order. Id. Even apart from being a violation of the Court's explicit Order, a failure to meet and confer is grounds to strike a motion to compel. See, e.g., Centillium Commc'ns, Inc. v. Atlantic Mut. Ins. Co., 2008 WL 728639, at *1 (N.D. Cal. Mar. 17, 2008) ("Because plaintiff [ ] failed to meet and confer prior to filing its motion, as mandated by this Court's standing order, the Court STRIKES its motion.").

1    Here, MGA did not meet and confer with lead counsel (or any Mattel
2 counsel) before filing this motion to compel.  MGA does not state otherwise in its
3 "Certificate of Compliance," which notes that the parties exchanged
4 correspondence, but does not reference a meet and confer among lead counsel.  Mot.
5 at 2.  MGA also fails to note that it ignored Mattel's request for such a conference.
6 MGA's failure to comply with the Court's Order foreclosed any possibility of
7 resolving this dispute without burdening the Court with unnecessary motion
8 practice.  MGA's motion should be denied for this reason alone.

## II. MGA'S REQUESTS FOR DOCUMENTS ARE OVERBROAD, IRRELEVANT, AND DUPLICATIVE

11    Federal Rule of Civil Procedure 26(b) provides that parties may obtain
12 discovery that is relevant to any party's claim or defense, subject to the court's duty
13 to limit the frequency or extent of discovery if (i) the discovery sought is
14 unreasonably cumulative or duplicative, (ii) the party seeking discovery has had
15 ample opportunity to obtain the information by discovery in the action, or (iii) the
16 burden or expense of the proposed discovery outweighs its likely benefit.  See Fed.
17 R. Civ. P. 26(b)(2)(C)(i)-(iii); see also Nugget Hydroelectric, L.P. v. Pacific Gas &
18 Elec. Co., 981 F.2d 429, 439 (9th Cir. 1992) (a discovery request is unnecessarily
19 burdensome and overbroad where compelling party fails to make "a specific
20 showing that the burdens of production would be minimal and that the requested
21 documents would lead to relevant evidence"); Epstein v. MCA, Inc., 54 F.3d 1422,
22 1424 (9th Cir. 1995) (per curium) (holding that district court abused its discretion by
23 granting motion to compel irrelevant discovery requests).  MGA's requests are
24 improper under Rule 26.
25    MGA argues that its requests are "narrowly tailored to seek documents that
26 Mattel has directly placed at issue in its interrogatory responses."  Mot. at 3.  But it is
27 clear from those very interrogatory responses, which MGA cites in its motion (Mot. at
28 3-4), that MGA's claim is incorrect.  Mattel's interrogatory responses do not put "at

issue" all conceivable information concerning the promotional programs or business development plans – such as Mattel's partnership with the Children's Miracle Network, the Business-to-Business website or its "Green Friday" promotion – that Mattel claims were the subject matter of trade secret information stolen by Ms. Brisbois and disclosed to MGA. Rather, what is at issue is Ms. Brisbois' theft of specific documents pertaining to those programs, the contents of *those* documents, including the reasons why *those* documents are trade secrets or confidential, and the circumstances surrounding Ms. Brisbois' disclosure of such confidential information to MGA. MGA's requests for *all information* concerning the subject matters of the documents stolen by Ms. Brisbois are not "narrowly tailored" to discover that information.

For example, Ms. Brisbois took with her to MGA documents that included specific details of Mattel's partnership with, and promotion of, the Children's Miracle Network with Wal-Mart. See Mot. at 4. The fact that Mattel has alleged the theft of valuable trade secret and confidential information concerning the Children's Miracle Network does not entitle MGA to every document that "refer[s] or relate[s] to Mattel Canada's participation in the Children Miracle Network from 2004 through 2006." See Molinski Decl., Ex. 5 (MGA's Request for Production No. 309). MGA's broad requests for "all" such documents do not relate in any way to the aspects of that program that are trade secrets or confidential to Mattel, and are not limited to the documents that Mattel alleges were stolen by Ms. Brisbois and disclosed to MGA (which, of course, MGA already has). Notably, MGA nowhere explains why it purportedly needs all documents on this subject; it does not.

Similarly, MGA's request no. 312, which pertains to Mattel's trade secret misappropriation claims relating to Mattel's Business to Business website, seeks documents showing Mattel's development and use of the "B2B" site. But MGA offers no argument, and no reason to think, that either Mattel's development or its use of the website over the two year period covered by the request would be pertinent to

either Mattel's claim that specific information relating to that website was stolen (information regarding Mattel's strategies for handling small retailers) or to any defenses to that claim.  MGA's theft of specific trade secret information relating to the a website does not entitle it to a massive production of documents showing – generically, and with no connection to the stolen trade secrets – the development and use of that website.   Mattel's claim does not put at issue every detail about how the B2B site was developed (which would necessarily include potentially hundreds of technical documents, manuals, and communications that have no relation to the case).  Moreover, MGA's "sufficient to show" language does nothing to narrow this request because, as the request reads now, Mattel would still be required to produce documents "sufficient to show" each "use" of the site.  The request is overbroad and improper.

Mattel's allegations concerning "Green Friday" relate to Ms. Brisbois' knowledge of Mattel's promotional plans with Toys R Us in November 2005 and her unauthorized disclosure of those plans to MGA – which, in turn, used that information to undercut Mattel's high-profile promotion at Toys R Us during one of the most important sales periods leading up to Christmas.  <u>See</u> Mot. 8506 at 3.  Request no. 313 seeks "all documents and communications" that "refer or relate" to Mattel Canada's "Green Friday" promotion with Toys R Us in November 2005.  Again, MGA's request is overly broad because it encompasses a wide array of documents that have no connection to Mattel's allegations concerning the theft of confidential information concerning Green Friday.  MGA's theft of specific trade secret information on this subject, like the others discussed above, does not entitle it to a production of all information on the subject.

Finally, MGA has not provided, and cannot provide, any justification for why it needs documents sufficient to show the identity of every single Mattel Canada employee – including even, for example, its maintenance staff – from 2004 to 2006.  <u>See</u> Mot. at 2-4; Molinski Decl., Ex. 5 (MGA's Request for Production No. 311).  The

1 request is irrelevant and overbroad.  The theft of organizational structure information 2 does not entitle MGA to more (indeed, all) organizational structure information. 3 MGA again offers no argument for why it purportedly needs this information, and it 4 does not.

5       In addition to being overbroad and seeking irrelevant information, MGA's 6 requests also straightforwardly seek more Mattel trade secret and confidential 7 information.  Mattel should not be required to produce such information, particularly 8 where there is no demonstrated need, in light of MGA's demonstrated refusal to 9 preserve the confidentiality of information disclosed by Mattel in this litigation as 10 required by the Protective Order.  Larian Depo. Tr. 3757:8-3761:24, M 1679755.

11       Finally, the production MGA seeks is also unnecessarily duplicative of 12 discovery Mattel has already provided and agreed to provide concerning its claims 13 based on Mr. Brisbois' theft of Mattel confidential information, including the 14 information responsive to the following requests for documents:

- **REQUEST NO. 42**:  All DOCUMENTS REFLECTING that BRISBOIS and/or MGA used trade secrets stolen from MATTEL for MGA's benefit, as alleged in lines 12-14 on page 38 of MATTEL's Supplemental Responses and Objections to MGA's First Set of Interrogatories.  See Mattel, Inc.'s Second Supplemental Responses and Objections to MGA Entertainment, Inc.'s First Set of (Phase 2) Requests for Production of Documents and Things.

- **REQUEST NO. 43:**  All DOCUMENTS REFLECTING that any documents allegedly taken by BRISBOIS from MATTEL were given to MGA by BRISBOIS. Id.

- **REQUEST NO. 48:**  The hard drive(s) or any mirror image thereof (including but not limited to any mirror image on any server or storage device) from any and all computers assigned by MATTEL to BRISBOIS for use during the last year of her employment with MATTEL.  Id.

- **REQUEST NO. 64:**  DOCUMENTS sufficient to identify with specificity any alleged trade secret owned by MATTEL that YOU contend was misappropriated by or on behalf of MGA, except for any BRATZ INJUNCTION EXHIBITS.  Id.

- **REQUEST NO. 66:**  All DOCUMENTS REFLECTING any damage, loss or injury caused to MATTEL by reason of any alleged misappropriation by MGA of any of MATTEL'S alleged trade secrets,

except for any BRATZ INJUNCTION EXHIBITS, that YOU allege in YOUR COUNTERCLAIMS.  Id.

- **REQUEST NO. 99:**  ALL DOCUMENTS that constitute or REFER OR RELATE to any analysis of Janine Brisbois' "thumb" drive referred to in YOUR OPERATIVE COUNTERCLAIMS, including but not limited to any analysis by or on behalf of KPMG.  See Mattel, Inc.'s Supplemental Responses to Request Nos. 88, 89, 99-104 and 111 of MGA Entertainment, Inc.'s Second Set of Phase 2 Requests for Production of Documents and Other Tangible Things.

- **REQUEST NO. 104:**  YOUR entire personnel file (except health care specific information, social security numbers, tax identification numbers, dates of birth, bank account numbers, and checking account numbers) for Janine Brisbois ("Brisbois"), including but not limited to ANY employment agreements between YOU and Brisbois, ANY confidentiality or non disclosure agreements signed by Brisbois, and ANY other DOCUMENTS signed by Brisbois that concern the use, confidentiality, and disclosure of MATTEL's TRADE SECRETS.  Id.

- **REQUEST NO. 287:**  All DOCUMENTS and COMMUNICATIONS supporting, referring or contradicting YOUR claim that [the documents misappropriated by Ms. Brisbois] has independent economic value to MATTEL and/or its competitors as described by YOU in response to Interrogatory No. 20.  See Responses of Mattel, Inc. to MGA Entertainment, Inc.'s Seventh Set of Phase 2 Requests for Production of Documents and Things.

- **REQUEST NO. 288:**  All DOCUMENTS that YOU contend prove or that YOU will rely on at trial to prove that YOU suffered any harm caused by MGA's use and/or disclosure of any information contained within the document identified as [the documents Ms. Brisbois misappropriated].  Id.

- **REQUEST NO. 289:**  All DOCUMENTS that YOU contend prove or that YOU will rely on at trial to prove that MGA benefited from the use and/or disclosure of any information contained within the document identified as [the documents Ms. Brisbois misappropriated].  Id.

- **REQUEST NO. 301:**  All DOCUMENTS and COMMUNICATIONS that refer or relate to the practice, requirement or need for stamping or otherwise designating DOCUMENTS or information as confidential, proprietary or trade secret, including COMMUNICATIONS concerning the requirement set forth in MATTEL's employee handbooks or codes of conduct for designating materials as confidential.  Id.

- **REQUEST NO. 314:**  All DOCUMENTS and COMMUNICATIONS that refer or relate to any promotions done by MGA in November or December 2005 with Toys R Us in Canada.  Id.

In addition to those documents, MGA has obtained extensive deposition testimony relating to all Mattel's trade secret claims regarding Ms. Brisbois, including

two full days with Steve Totzke, Ms. Brisbois' supervisor at Mattel.  See, e.g., Totzke Tr. 517-522 (relating to Children's Miracle Network); 99-100, 103-106, 116-120, 222 and 611 (relating to Mattel's organizational structure in Canada); and 298-300 (relating to Mattel's "Green Friday" promotion).

Thus, MGA already has taken significant discovery concerning Mattel's trade secret misappropriation allegations about Ms. Brisbois.  Mattel's objections to producing documents responsive to MGA's overly broad, unduly burdensome and irrelevant requests in this motion should be upheld.

### Conclusion

For the foregoing reasons, the Court should deny MGA's motion in full.

DATED:  September 3, 2010     QUINN EMANUEL URQUHART &
SULLIVAN. LLP


By /s/
Michael T. Zeller
Attorneys for Mattel, Inc. and Mattel de Mexico. S.A. de C.V.