ANNETTE L. HURST (State Bar No. 148738)
ahurst@orrick.com
WARRINGTON S. PARKER III (State Bar No. 148003)
wparker@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building, 405 Howard Street
San Francisco, CA 94105
Tel. (415) 773-5700/ Fax: (415) 773-5759

WILLIAM A. MOLINSKI (State Bar No. 145186)
wmolinski@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA 90017
Tel. (213) 629-2020/Fax: (213) 612-2499

THOMAS S. McCONVILLE (State Bar No. 155905)
tmcconville@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
4 Park Plaza, Suite 1600
Irvine, CA 92614-2258
Tel: (949) 567-6700/Fax: (949) 567-6710

Attorneys for MGA Parties

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | Case No. CV 04-9049-DOC (RNBx)<br><br>Consolidated with:<br>Case No. CV 04-9059<br>Case No. CV 05-2727<br><br><u>Hon. David O. Carter</u><br><br>**MGA'S CORRECTED OBJECTIONS TO SEPTEMBER 1, 2010 ORDER OF DISCOVERY MASTER HANSEN RE CONTINUED DEPOSITION OF ISAAC LARIAN**<br><br>Date:   TBD<br>Time:   TBD<br>Place:  TBD<br><br>Trial Date:  January 11, 2011 |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, on a date to be determined by the Court or as soon as counsel may be heard in the Courtroom of the Honorable David O. Carter, located at 411 West Fourth Street, Room 1053, Santa Ana, California 92701, MGA Entertainment Inc. ("MGA") will, and hereby does, move the Court to overrule the order of Discovery Master Hansen on September 1, 2010, concerning the continued deposition of Isaac Larian as MGA's 30(b)(6) corporate designee.

This Motion is based on this Notice, the accompanying Memorandum of Points and Authorities, all matters cited to herein, the pleadings and records on file in this action, and on all other evidence the Court may consider in resolving this Motion.

<u>Statement Of Compliance</u>

The parties met and conferred and stated their position on the record at the deposition of Mr. Larian on September 1, 2010.

Dated: September 7, 2010          ORRICK, HERRINGTON & SUTCLIFFE LLP

                                  By:    /s/ William A. Molinski
                                         WILLIAM A. MOLINSKI
                                         Attorneys for MGA Parties

- 1 -

MGA's Corrected Objections To 09-01-2010 Discovery Master Order Re Continued Deposition of Isaac Larian
CV 04-9049 DOC (RNBx)

# OBJECTIONS TO DISCOVERY MASTER ORDER

MGA Entertainment Inc. hereby objects to the order of Discovery Master Hansen on September 1, 2001, which requires Mr. Larian to appear for another three hours of deposition testimony as MGA's 30(b)(6) corporate designee.

## I. INTRODUCTION

Since January 1, 2010, Mr. Larian has been deposed for more than fifty hours over the course of seven days. Prior to that, Mr. Larian sat for deposition for four additional days, and was examined at trial for another seven days. All told, Mr. Larian has been examined at deposition and at trial for eighteen days, and still Mattel is not done.

Mr. Larian has been asked the same questions over and over again. He has been badgered, harassed, taunted and insulted. Mr. Larian has no doubt sought to defend himself at these depositions which have been contentious and sometimes outright hostile. But what Mr. Larian has not done is refuse to answer a single question on the topics on which he was designated.

Mattel has used multiple 30(b)(6) depositions, not to question Mr. Larian on the 30(b)(6) topics on which he was designated, instead, Mattel has abused the designation of Mr. Larian to ask questions on subjects bearing no relationship to his designations. Mr. Larian's most recent 30(b)(6) deposition on September 1, 2010 was particularly noteworthy because Michael Zeller questioned Mr. Larian for over an hour on whether he improperly leaked news of MGA's new counterclaims-in-reply to the media.

If Mattel had sought efficiently to obtain information on the designated topics, and run out of time, then it may make sense to bring Mr. Larian back for the final three hours suggested by the Discovery Master. But there is no justification for allowing Mattel what is, in effect, a seventeenth day of deposition of Mr. Larian.

- 2 -

MGA's Corrected Objections To 09-01-2010 Discovery Master Order Re Continued Deposition of Isaac Larian
CV 04-9049 DOC (RNBx)

## II. BACKGROUND

Most recently, Mr. Larian was designated as a 30(b)(6) deponent on the following four topics from Mattel's 3/2 Letter re MGA 30(b)(6) deposition topics:

**Topic 5**: MGA's knowledge of and communications relating to the obligations of Mattel employees to Mattel, including without limitation with respect to confidentiality and ownership of inventions.

**Topic 10**: The search and seizure of documents by Mexican authorities from MGA's Mexico City offices and related communications. . . .

**Topic 15**: MGA's copying or use of Mattel products, packaging or designs, and MGA's knowledge of any Mattel product prior to its disclosure to the public or retailers.

**Topic 26**: The factual bases supporting or contradicting MGA's claims and allegations.[1]

Mr. Larian's first day on these topics was on July 7, 2010. Mr. Larian was prepared to testify on all four topics. Mattel's lawyer, Michael Zeller, however, spent most of the day on a single topic – – Topic 5. Mr. Larian was not questioned at all on Topic 15.

In relation to Topic 5, Mr. Larian testified – – as he had testified at trial – – that MGA did not see Carter Bryant's employment agreement until Mattel filed its complaint in this action. 7/7/10 MGA 30b6 Depo. (I. Larian) at 2593:24-2594:3. Despite this unequivocal testimony, Mr. Zeller repeatedly interrogated Mr. Larian on what MGA understood Mattel's contracts to mean – – a pure legal question. *See, e.g., id.* at 2613:7-2616:18, 2651:21-2652:6, 2739:17-2740:6. Mr. Zeller asked MGA's understanding of other Mattel employee contracts, as well. In total, Mr.

---

[1] This topic contained 15 subtopics and three different MGA 30b6 witnesses have testified on the topic, including Mr. Larian. Even excluding the three days on which MGA has made Mr. Larian available, Matte has had nearly 15 hours to examine witnesses on the topic.

- 3 -

MGA's Corrected Objections To 09-01-2010 Discovery
Master Order Re Continued Deposition of Isaac Larian
CV 04-9049 DOC (RNBx)

1  Zeller spent at least five and a half hours asking Mr. Larian about these various
2  contracts.
3      Despite Mattel's obvious lack of productivity during Mr. Larian's first
4  30(b)(6) deposition, MGA agreed to bring Mr. Larian back for a second day.  At
5  that second day of deposition, Mr. Zeller announced that he was starting on Topic
6  26 – – MGA's claims against Mattel.  But after spending less than an hour on
7  Mattel's possession of MGA confidential information, Mr. Zeller turned to
8  questions about MGA's alleged possession of Mattel information.  Mr. Larian was
9  not designated on topics concerning Mattel's trade secret claims and he had not
10 read or prepared for questions on the series of emails shown to him on that topic.
11     Mr. Zeller then turned to the issue of whether various Mattel employees – –
12 Cabrera, Morales and Salazar – – had worked for MGA while employed by Mattel.
13 8/12/10 MGA 30(b)(6) Depo. (I. Larian) at 3900-3911.  Mr. Larian was not
14 designated on any topic related to that claim, and in fact, MGA had designated
15 another witness on a topic squarely on that issue.  *See* Topic 2 of 3/2 Letter from
16 M. Zeller to A. Hurst ("Payments by MGA or its vendors to or for any former
17 Mattel employees, or for any person while employed by Mattel, MGA's knowledge
18 thereof, the reasons therefor and communications relating thereto . . . including
19 without limitation to or for Bryant, Brawer, Salazar, Morales and Cabrera.").
20     Mr. Zeller then turned back to the off-topic issue of MGA's alleged theft of
21 trade secrets, spending at least another hour on that subject.  Again, this was true
22 even though Mr. Larian had not been designated on topics concerning Mattel's
23 trade secret claim.  All total, Mattel spent less than two hours on topics for which
24 Mr. Larian had been designated.
25     Pursuant to an Order by the Discovery Master, Mr. Larian was made
26 available for a final day of 30(b)(6) deposition on September 1, 2010.  Mattel
27 claimed it wanted Mr. Larian back to complete Topic 26 – – MGA's claims against
28 Mattel.  Again, however, Mattel spent little if any time on Topic 26.

- 4 -

MGA's Corrected Objections To 09-01-2010 Discovery
Master Order Re Continued Deposition of Isaac Larian
CV 04-9049 DOC (RNBx)

1. Mr. Zeller was again the deposing attorney.  Over objections of being outside the scope, Mr. Zeller spent the first part of the deposition asking Mr. Larian about two outdated Mattel documents that had been produced by MGA.  Not surprisingly, Mr. Larian had not seen the documents or reviewed them for his preparation on Topic 26, since the documents had noting to do with that topic.  This, of course, did not prevent Mattel from spending a considerable amount of time on these documents.

2. Mattel spent the next hour or so of the deposition asking Mr. Larian if he had leaked news of MGA's new claims-in-reply to the media.  Again, it did not matter to Mattel that this subject was outside of the topics on which Mr. Larian was there to testify.

3. The balance of the deposition was spent either repeating lines of questioning from prior depositions or asking about topics outside of the scope of the deposition.  Indeed, the only time spent on Topic 26 – – the reason he was asked back – – was during the last 20 minutes of the deposition.

4. Mr. Larian's deposition ended at 4:00 p.m. because the Court had ordered him to appear at 5:00 p.m. that day in the event there were remaining questions on Mattel's pending crime-fraud motion.  The Discovery Master ruled that Mr. Larian should be made available for three additional hours because he had to end early to be in Court – – a factor outside of his control.

**ARGUMENT**

During the three days of 30(b)(6) deposition of Mr. Larian, Mattel has asked Mr. Larian very few questions on the topics on which he was designated.  Instead, Mattel has used the 30(b)(6) depositions to harass and attack Mr. Larian on every subject except those on which he was designated.

This, of course, was Mattel's strategy.  Mattel had no interest in examining Mr. Larian on Mattel's bad acts – – for which Mr. Larian had spent days preparing

- 5 -

MGA's Corrected Objections To 09-01-2010 Discovery Master Order Re Continued Deposition of Isaac Larian
CV 04-9049 DOC (RNBx)

and reviewing documents.  Instead, Mattel sought to surprise Mr. Larian with topics off-subject, for which he would not be prepared.

      Enough is enough.  Mattel should not be permitted to further extend its personal deposition of Mr. Larian in the guise of a 30(b)(6) deposition.  Three days for four topics would have been more than enough if Mattel actually sought to depose Mr. Larian on those topics.  Mattel should not be permitted any further deposition of Mr. Larian.

Dated:    September 7, 2010      ORRICK, HERRINGTON & SUTCLIFFE LLP

      By:    /s/ William A. Molinski
          WILLIAM A. MOLINSKI
          Attorneys for MGA Parties

- 6 -

MGA's Corrected Objections To 09-01-2010 Discovery
Master Order Re Continued Deposition of Isaac Larian
CV 04-9049 DOC (RNBx)