1  ANNETTE L. HURST (State Bar No. 148738)
   ahurst@orrick.com
2  WARRINGTON S. PARKER III (State Bar No. 148003)
   wparker@orrick.com
3  ORRICK, HERRINGTON & SUTCLIFFE LLP
   The Orrick Building, 405 Howard Street
4  San Francisco, CA 94105
   Tel. (415) 773-5700/ Fax: (415) 773-5759
5
   WILLIAM A. MOLINSKI (State Bar No. 145186)
6  wmolinski@orrick.com
   ORRICK, HERRINGTON & SUTCLIFFE LLP
7  777 South Figueroa Street, Suite 3200
   Los Angeles, CA 90017
8  Tel. (213) 629-2020/Fax: (213) 612-2499

9  THOMAS S. McCONVILLE (State Bar No. 155905)
   tmcconville@orrick.com
10 ORRICK, HERRINGTON & SUTCLIFFE LLP
   4 Park Plaza, Suite 1600
11 Irvine, CA 92614-2258
   Tel: (949) 567-6700/Fax: (949) 567-6710
12
   Attorneys for the MGA Parties
13

14              UNITED STATES DISTRICT COURT
                CENTRAL DISTRICT OF CALIFORNIA
15                    SOUTHERN DIVISION

16 | CARTER BRYANT, an individual,      | Case No. CV 04-9049-DOC (RNBx)
17 |                                    | Consolidated with: Case No. CV 04-9059
   |         Plaintiff,                 | and Case No. CV 05-2727
18 |                                    |
   |      v.                            | Hon. David O. Carter
19 |                                    |
   | MATTEL, INC., a Delaware           | **DECLARATION OF DENNIS**
20 | corporation,                       | **JOLICOEUR IN RESPONSE TO THE**
   |                                    | **REPORT AND RECOMMENDATION**
21 |         Defendant.                 | **OF THE ELECTRONIC DISCOVERY**
   |                                    | **SPECIAL MASTER, DATED AUGUST**
22 | AND CONSOLIDATED ACTIONS           | **19, 2010**
23 |                                    | Trial Date:       January 11, 2011

I, Dennis Jolicoeur, declare as follows:

1. I have overall supervisory authority for Information Technology for MGA Entertainment. An employee of human resources and an employee of the information technology department under my direction confirmed the facts set forth below. If called as a witness, I could and would testify competently to such facts under oath.

2. I am providing this declaration in response to Items 2 and 3 of the Report and Recommendation of the Electronic Discovery Special Master, dated August 19, 2010.

# ITEM 2: MGA CANNOT PROVIDE AN IMAGE OF ANY EMAIL SERVER THAT HOSTED CARTER BRYANT'S MAILBOX

3. Carter Bryant's mailbox, while active, was maintained on the then-current MGA e-mail server, MGAMAIL.

4. When MGAMAIL was installed, it was capable of handling the volume of email generated by MGA. Over time as MGA expanded, the volume of email sent to and from MGA increased and MGAMAIL became unable to adequately handle the workload. In or about February 2008, MGA purchased a new, more powerful server, which it named EXBE01.

5. Between February and October 2008, MGA began migrating email accounts to the new email server. During the period while active email accounts were being consolidated to the new server, both email servers were concurrently in use. By October 2008, MGA had transferred all active mailboxes and all of their contents to the new server and MGA ceased using MGAMAIL.

6. As part of the data migration process, inactive mailboxes were not transferred to the new server, but were instead copied to .pst files and stored in an archive. Carter Bryant's email account was among the inactive mailboxes archived, on or about August 1, 2008.

7. After MGA finished migrating active mailboxes to the new server, on

or about October 16, 2008 MGAMAIL was recycled and renamed EXCOM01. During this process, MGAMAIL/EXCOM01's drive was formatted and the server's operating system was reinstalled.

8. Over the following months, MGA configured EXCOM01 to act as an Exchange Journaling server, which stores archival copies of emails sent to and from MGA. On or about February 2, 2009, EXCOM01 was brought online and has been in continuous use since.

9. Accordingly, MGA is not capable of providing a forensic image of any email server on which Carter Bryant's mailbox was maintained suitable for the purposes set out by the August 19, 2010 Report and Recommendation of the Electronic Discovery Special Master.

## ITEM 3: MGA DOES NOT HAVE POSSESSION OF ANY IMAGE OF DIDI BROWN'S HARD DRIVE

10. Didi Brown's last day of employment at MGA was July 3, 2003, approximately nine months before Mattel filed its complaint against Carter Bryant.

11. MGA did not begin preserving the hard drives of departing rank-and-file employees until March 2007, shortly after Mattel filed its counterclaims against MGA. Before then, MGA's standard practice was to copy any .pst files and the contents of the ex-employee's "My Documents" folder from the ex-employees hard drive to a CD or to a network location and then reformat and reuse the hard drive. Accordingly, MGA is not in possession of Didi Brown's hard drive and cannot provide a forensic image to ILS.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 7th day of September, 2010, at Van Nuys, California.

Dennis Jolicoeur