ANNETTE L. HURST (State Bar No. 148738)
ahurst@orrick.com
WARRINGTON S. PARKER III (State Bar No. 148003)
wparker@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building, 405 Howard Street
San Francisco, CA 94105
Tel. (415) 773-5700/ Fax: (415) 773-5759

WILLIAM A. MOLINSKI (State Bar No. 145186)
wmolinski@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA 90017
Tel. (213) 629-2020/Fax: (213) 612-2499

THOMAS S. McCONVILLE (State Bar No. 155905)
tmcconville@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
4 Park Plaza, Suite 1600
Irvine, CA 92614-2258
Tel: (949) 567-6700/Fax: (949) 567-6710

Attorneys for MGA Parties

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | Case No. CV 04-9049-DOC (RNBx)<br><br>Consolidated with:<br>Case No. CV 04-9059<br>Case No. CV 05-2727<br><br>**REPLY IN SUPPORT OF MGA MOTION TO COMPEL PRODUCTION OF DOCUMENTS RE JANINE BRISBOIS**<br><br>Date:  September 14, 2010<br>Time:  8:30 a.m.<br>Place:  Courtroom 9D<br><br>Trial Date: January 11, 2011 |

Mattel opposes MGA's motion to compel on two narrow grounds—neither of which is significant. First, Mattel claims that the requests are "wildly" overbroad, call for documents that have "no bearing" on Mattel's trade secret allegations, and are duplicative of prior requests. The facts suggest otherwise.

Request Nos. 309, 311, 312 and 313 concern four topics that *Mattel* (not MGA) placed at issue by identifying them as trade secrets that Ms. Brisbois allegedly misappropriated when she left Mattel.[1] Mattel has not yet explained how or why these topics are actionable or fall within the ambit of California's Uniform Trade Secret Act. All MGA knows is that they have been identified in interrogatory responses as within the factual bases of Mattel's trade secret claims. MGA requested the production of documents about these topics within a narrow time frame before and after Ms. Brisbois' departure from Mattel, but Mattel balked. The requests are calculated to lead to the discovery of admissible evidence as to whether or not these topics—or any aspect of them—can be protected as California trade secrets. Many aspects of these topics are public by their very nature (e.g. the fact that Mattel has a Business to Business website, a Green Friday promotion with Toys R Us, a sales organization, or that it participates in the Children's Miracle Network in Canada). That is one of the reasons why MGA propounded this discovery in the first place—to test Mattel's trade secret allegations concerning these ambiguous topics.

Mattel also claims that this motion should be denied because of inadequate meet and confer efforts. This argument fails because MGA gave Mattel ample opportunity to explain its position through meet and confer correspondence. MGA also made itself available for a telephonic conference prior to the filing of this motion. Mattel was not interested in these opportunities. MGA requests that its motion be granted.

---

[1] The four topics are: (1) Mattel's participation in the Children's Miracle Network, (2) Mattel's sales organizational structure, (3) Mattel's Business to Business (or "B2B") website, and (4) Mattel's Green Friday promotion with Toys R Us.

# ARGUMENT

## I. MGA'S MOTION TO COMPEL SHOULD BE GRANTED

### A. The Requests Seek Relevant Documents

Document Request Nos. 309, 311, 312 and 313 concern topics that Mattel has directly accused MGA of misappropriating vis-à-vis its employment of Janine Brisbois. Specifically the requests are based on allegations made by Mattel in interrogatory responses concerning Mattel's trade secret allegations against MGA. Because they are based on Mattel's own allegations, the requests could not be more relevant and/or likely to lead to the discovery of admissible evidence in this case.

For example, Request No. 309 seeks "All Documents and Communications that refer or relate to Mattel Canada's participation in the Children's Miracle Network from 2004 to 2006." MGA did not pull this request out of thin air. The request is derived from Mattel's response to Interrogatory No. 22, which asked Mattel to state the complete factual basis for its trade secret allegations in this case. In that response, Mattel alleged that: "Evidence shows that MGA adopted a charity partnership program with the Children's Miracle Network after Brisbois joined the MGA team. Considering the breadth of the stolen documents related to Mattel's partnership with the Children's Miracle Network and Wal-Mart—which span the entirety of the program's creation, from ideation to final steps—the evidence indicates that Brisbois stole this concept from Mattel and used it at MGA." Molinski Decl., Ex. 22 (Mattel's Third Supplemental Response to MGA Phase 1 Interrogatory No. 22, at 318:27-319:4).

Similarly, Request No. 311 seeks "Documents sufficient to show Mattel Canada's organization structure from 2004 to 2006." This request is important because, in Mattel's discovery responses, Mattel alleges that "Ms. Brisbois also provided MGA with descriptions and documentation of Mattel's organizational structure for its sales team." Molinski Decl., Ex. 22 (Mattel's Third Supplemental Response to MGA Phase 1 Interrogatory No. 22, at 317:22-23). MGA is not clear

1  how Mattel's structure for its sales team is a trade secret, but in any event, this
2  document request is clearly intended to discover information related to that
3  allegation.  At a minimum, documents responsive to this request would be relevant
4  to determining whether the information that Ms. Brisbois allegedly provided to
5  MGA regarding Mattel's sales structure was economically valuable at the time it
6  was provided to MGA.  That would depend in part on the factual accuracy of the
7  information Ms. Brisbois allegedly provided.  MGA cannot evaluate that accuracy
8  until Mattel provides the requested documents.

9  Likewise, Request No. 312 seeks "Documents sufficient to show Mattel's
10  development and use of B2B [Business to Business] website for Mattel Canada in
11  2004 and 2005."  Again, Mattel (not MGA) placed this topic at issue by alleging
12  among other things that, "Emails show that Brisbois gave MGA information
13  regarding Mattel's B2B site with MGA employees and emailed organization charts
14  for Mattel Canada's sales department and Mattel Canada as a whole to MGA
15  employees."  Molinski Decl., Ex. 22 (Mattel's Third Supplemental Response to
16  MGA Phase 1 Interrogatory No. 22, at 318:6-10).   Like the allegations regarding
17  its sales structure, Mattel cannot claim that its B2B website is somehow part of its
18  trade secret case, and at the same time deny MGA discovery on this topic.  The
19  relevance of the subject matter speaks for itself.

20  Lastly, Request No. 313 seeks "All Documents and Communications that
21  refer or relate to Mattel Canada's "Green Friday" promotion with Toys R Us in
22  November 2005."  In its written discovery responses, Mattel alleges that:
23  "Ms. Brisbois also used information that she knew about Mattel's planned 'Green
24  Friday" promotion with Toys R Us to intercede with Toys R Us on MGA's behalf
25  and effectively prevented Mattel from doing a high-profile promotion with Toys R
26  Us in November 2005."  Mattel has never explained what exactly MGA is supposed
27  to have done with respect the "Green Friday" promotion with Toys R US, but
28  certainly MGA's request is designed to elicit documents and information relevant to

1  that inquiry.  Mattel cannot claim that its Green Friday promotion is part of this
2  case, but then not agree to produce documents about it.

3  **B.     Mattel's Objections Should Be Overruled**

4    For its part, Mattel does not argue that it has no obligation whatsoever to
5  produce documents concerning the topics identified in the requests.  Indeed,
6  Mattel's acknowledgment that it has already produced select documents and
7  communications concerning Ms. Brisbois' alleged trade secret theft shows the
8  inherent relevance of MGA's requests.  Opposition at 6:11-7:25.  Rather, Mattel
9  objects that the requests as phrased are overbroad, duplicative and burdensome.
10 None of these objections has real merit.

11   As for over breadth, all of the requests are limited in time to the specific
12 period for which documents are most relevant.  For example, Request No. 313 is
13 limited to documents concerning the "Green Friday" promotion with Toys R Us for
14 November 2005.  This date was chosen because Ms. Brisbois left Mattel in 2005
15 and Toys R Us' "Green Friday" promotion occurs only once per year in
16 November.[2]  Request Nos. 309, 311 and 312 are likewise limited to the years before
17 and after Ms. Brisbois left Mattel (i.e. 2004 to 2006).  By voluntarily restricting the
18 temporal scope of its requests, MGA has taken the wind out of Mattel's over
19 breadth argument.

20   As for burden, Mattel has not presented any competent evidence
21 substantiating such an objection.  Moreover, even if there were some burden in
22 collecting and producing documents responsive to the requests, there has certainly
23 been no showing that that burden outweighs the significant relevance of these
24 requests.  Mattel argues that it would have to produce "hundreds" of documents
25 responsive to Request No. 312 (Opposition at 5:7-8), but the complexity and
26 magnitude of previous productions in this case make this complaint ring hollow.
27 Further, Request Nos. 311 and 312 are limited to "sufficient to show" documents.

28 ---
[2] The Friday after Thanksgiving is known as "Green Friday" at Toys R Us.

- 4 -

Reply ISO MGA MTC Production of Documents
Re Janine Brisbois
CV 04-9049 DOC (RNBx)

MGA intentionally phrased these requests to limit the burden associated with their production and collection.

As for duplication, Mattel does not claim that it has produced all relevant documents within the scope of MGA's topics. Indeed, the fact that it resisting these requests through motion practice shows that previous production efforts are not all-inclusive. MGA simply requests that all responsive documents be produced to the extent Mattel has not already done so.

### C. MGA Has Adequately Met And Conferred

Unable or unwilling to attack MGA's motion on its merits, Mattel grasps at procedure. Specifically, Mattel claims that MGA did not meet and confer prior to the filing of this motion. This is the same argument that Mattel raised *ex parte* to excuse itself from having to deal with this motion. The Court previously rejected that application and the Court should reject the argument again here, as the facts surrounding the parties' meet and confer efforts belie Mattel's claims.

On July 30, 2010, MGA sent a detailed letter addressing MGA's Seventh Set of requests for production. In that letter, MGA specifically requested production of the above referenced documents. Pursuant to stipulation and court order, Mattel was required to meet and confer within five court days of receiving this letter, but Mattel did not do so. Instead, on August 5, 2010, Mattel sought to delay the meet and confer process by another six days. MGA was unwilling to delay the process that far, but again offered to meet and confer with Mattel on August 9, 2010. Mattel declined this invitation.

In the end, MGA gave Mattel more than ten days notice before filing this motion. Rather than respond substantively to MGA's letter, Mattel sought unnecessarily to delay the meet and confer process so that it would drag past August 10. MGA was unwilling to allow this to happen, and gave Mattel one last opportunity to meet and confer prior to the filing of this motion on August 9. Mattel declined all of these invitations to meet and confer, and this motion to

1  compel followed.  This is not a sufficient basis to deny the motion on procedural
2  grounds.  MGA respectfully requests that it be granted.

Dated:    September 8, 2010         ORRICK, HERRINGTON & SUTCLIFFE LLP


                              By:   /s/ William A. Molinski
                                    William A. Molinski
                                    Attorneys for MGA Parties and
                                    IGWT 826 Investments LLC.