ANNETTE L. HURST (State Bar No. 148738)
ahurst@orrick.com
WARRINGTON S. PARKER III (State Bar No. 148003)
wparker@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building, 405 Howard Street
San Francisco, CA 94105
Tel. (415) 773-5700/ Fax: (415) 773-5759

WILLIAM A. MOLINSKI (State Bar No. 145186)
wmolinski@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA 90017
Tel. (213) 629-2020/Fax: (213) 612-2499

THOMAS S. McCONVILLE (State Bar No. 155905)
tmcconville@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
4 Park Plaza, Suite 1600
Irvine, CA 92614-2258
Tel: (949) 567-6700/Fax: (949) 567-6710

Attorneys for MGA Parties

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>　　　　　Plaintiff,<br><br>　　　　v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>　　　　　Defendant.<br><br>AND CONSOLIDATED ACTIONS | Case No. CV 04-9049-DOC (RNBx)<br><br>Consolidated with:<br>Case No. CV 04-9059<br>Case No. CV 05-2727<br><br>Hon. David O. Carter<br><br>**REPLY IN SUPPORT OF MGA MOTION TO COMPEL PRODUCTION OF DOCUMENTS RE MATTEL MEXICO TRADE SECRET CLAIM**<br><br>Date:　　September 14, 2010<br>Time:　　8:30 a.m.<br>Place:　　Courtroom 9D<br><br>Trial Date:　January 11, 2011 |

**TABLE OF CONTENTS**

**Page**

ARGUMENT ..................................................................................................................... 1

I. THE COURT SHOULD COMPEL THE PRODUCTION OF DOCUMENT RELATED TO ALLEGED MISAPPROPRIATION OF MATTEL TRADE SECRETS BY MACHADO, TRUEBA AND VARGAS ........................................................................................................... 1

II. THE COURT SHOULD COMPEL THE PRODUCTION OF DOCUMENTS RELATED TO MATTEL'S EFFORTS TO MAINTAIN THE SECRECY OF ITS ALLEGED SECRETS ....................... 5

III. THE COURT SHOULD COMPEL THE PRODUCTION OF DOCUMENTS RELATED TO THE RELATIONSHIP BETWEEN MATTEL AND MATTEL SERVICIOS ........................................................... 7

IV. THE COURT SHOULD COMPEL THE PRODUCTION OF DOCUMENTS EVIDENCING THREATS BY MATTEL MEXICO AGAINST RETAILERS AND OTHERS FOR DOING BUSINESS WITH MGA ................................................................................................. 9

V. MGA HAS ADEQUATELY MET AND CONFERRED ........................... 10

VI. CONCLUSION ................................................................................................. 11

- i -

REPLY ISO MGA MOTION TO COMPEL PRODUCTION OF
DOCUMENTS RE MATTEL MEXICO TRADE SECRET CLAIMS
CASE NO. CV 04-9049-DOC (RNBx)

Mattel continues its obstinate refusal to provide substantive responses to relevant document requests. Grasping at everything from procedure to unfulfilled promises to amend responses, Mattel has done everything it can to avoid responding to these requests. The time has come for Mattel's delay to end.

The Requests at issue seek important documents related to key defenses and allegations asserted by MGA in this case. From communications between Machado, Trueba and Vargas in their last five months at Mattel, to Mattel's investigation of alleged trade secret theft by these individuals, to the content of their computers in the last sixty days at Mattel, each of the Requests is calculated to lead to the discovery of admissible evidence.

In response, Mattel asserts the same boilerplate objections and attempts to justify a refusal to affirm under oath that all non-privileged documents responsive to these requests have been produced. As set forth below, Mattel's objections are without merit and do not justify its refusal to produce documents or substantively respond. MGA respectfully requests that its motion to compel be granted.

**ARGUMENT**

**I. THE COURT SHOULD COMPEL THE PRODUCTION OF DOCUMENT RELATED TO ALLEGED MISAPPROPRIATION OF MATTEL TRADE SECRETS BY MACHADO, TRUEBA AND VARGAS**

Following the Court's order of April 10, 2010, which authorized MGA to take extensive discovery regarding Mattel Mexico [Dkt No. 7712], MGA propounded the following requests for production to Mattel Inc.:

**Request 8:** All COMMUNICATIONS between and among Mariana Trueba, Gustavo Machado, and/or Pablo Vargas between November 15, 2003 and April 19, 2004.

**Request 10:** All DOCUMENTS and COMMUNICATIONS that refer or relate to the resignation or departure of Gustavo Machado, Mariana Trueba, and Pablo Vargas from YOUR employment.

**Request 11:** All DOCUMENTS extracted by YOU or anyone working for YOU after the resignation of Gustavo Machado, Mariana Trueba and Pablo Vargas from the computers of Gustavo Machado, Mariana Trueba and Pablo

- 1 -

REPLY ISO MGA MOTION TO COMPEL PRODUCTION OF DOCUMENTS RE MATTEL MEXICO TRADE SECRET CLAIMS
CASE NO. CV 04-9049-DOC (RNBx)

> Vargas, including all screen shots, all lists of websites visited, and all DOCUMENTS transferred or accessed by Gustavo Machado, Pablo Vargas and Mariana Trueba in the 60 days before resigning from Mattel.
>
> **Request 16:** All DOCUMENTS and COMMUNICATIONS that refer or relate to YOUR investigation into the theft of trade secrets from YOUR offices by Gustavo Machado, Mariana Trueba, and Pablo Vargas.
>
> **Request 47:** All DOCUMENTS and COMMUNICATIONS that refer or relate to final payments due or claimed to be due to Gustavo Machado, Mariana Trueba, and Pablo Vargas from their employment with YOU, including but not limited to DOCUMENTS relating to the processing of final payments, requests for final pay checks, conditions to be placed in final payments and discussions as to whether to issue final pay checks.
>
> **Request 48:** All DOCUMENTS and COMMUNICATIONS concerning the meetings held on April 23, 2004 between YOU and Gustavo Machado, Mariana Trueba and Pablo Vargas.

Molinski Declaration filed August 8, 2010 in support of MGA motions to compel ("Molinski Decl."), Ex. 4.

In response to each of these requests, MGA received the same boilerplate objections:

> Mattel objects to this request on the grounds that (i) it is overly broad, unduly burdensome and oppressive; (ii) it seeks documents that are not relevant to any party's claim or defense nor is it reasonably calculated to lead to the discovery of admissible evidence; (iii) it is overbroad as to time; (iv) it may seek privileged documents, including documents protected from disclosure by the attorney-client privilege and the work product doctrine; (v) it seeks documents that Mattel has already produced in discovery in this case; (vi) it seeks confidential, proprietary and trade secret documents that Mattel will produce only in accordance with the Protective Order in this case; (vii) it is compound; and (viii) it is vague and ambiguous.

Molinski Decl., Ex. 9. Mattel's objections to these requests stands in direct contrast to the response MGA received to the overwhelming majority of its other requests, wherein Mattel agreed to produce "responsive, non-privileged" without qualification. *See*, *e.g.*, Mattel's Responses to Request For Production Nos. 51-618.

That Mattel knows how to respond substantively to a request for production by agreeing to produce responsive documents but did not do so for these particular requests only highlights MGA's uncertainty as to whether Mattel is withholding relevant documents and information. Either Mattel is refusing to produce

- 2 -

REPLY ISO MGA MOTION TO COMPEL PRODUCTION OF DOCUMENTS RE MATTEL MEXICO TRADE SECRET CLAIMS
CASE NO. CV 04-9049-DOC (RNBx)

responsive documents, or there is some other reason why Mattel cannot agree to produce documents to the extent not previously produced. Either way, MGA is entitled to an order compelling Mattel to amend its response to these requests and to produce responsive documents to resolve this ambiguity once and for all. As set forth below, the relevance of these requests cannot seriously be questioned.

For example, Request No. 8 seeks all communications between Machado, Trueba and Vargas for the five month period before they resigned from Mattel (i.e. between November 15, 2003 and April 19, 2004). Mattel itself acknowledges the relevance of this request by noting that these individuals regularly exchanged emails with one another before they left Mattel. Opposition at 4:11-17. To date, however, Mattel has conducted only limited searches for certain communications between these individuals and has not produced all email communications between them for the specified five month period. Opposition at 4:23-5:3. MGA seeks these communications because, according to Mattel, Machado, Trueba and Vargas exchanged emails prior to their departure for the specific purpose of taking documents from Mattel. MGA wants to test this assertion by showing that they often exchanged emails with one another for legitimate purposes—namely, to help each another and not to facilitate the theft of confidential information. Mattel seems to understand the need for documents responsive to this request because it "stands willing to perform" further searches for responsive documents should it be ordered to do so. Opposition at 5:2-3. Given the importance of these communications to the issues in dispute in this litigation, as well as the Court's previous orders compelling the production of email communications by former Mattel employees within specified time periods, Mattel's unconditional agreement to produce responsive documents must be compelled.

Likewise, Request No. 10 seeks another category of documents that are unquestionably relevant and likely to lead to the discovery of admissible evidence. Specifically, Request No. 10 seeks all documents concerning the resignation of

- 3 -

REPLY ISO MGA MOTION TO COMPEL PRODUCTION OF DOCUMENTS RE MATTEL MEXICO TRADE SECRET CLAIMS
CASE NO. CV 04-9049-DOC (RNBX)

Machado, Trueba and Vargas from Mattel.  In response to this request, Mattel notes that it has produced the personnel files for these individuals, but for some unexplained reason, Mattel is unable or unwilling to affirm that it has produced *all* non-privileged documents responsive to this request.  Mattel's reluctance to make a simple affirmation to a straight forward request for production is inexplicable.  To the extent not already produced, Mattel must produce all non-privileged documents responsive to this request.

Request No. 11 is also obvious.  It seeks all documents extracted from the computers of Machado, Trueba and Vargas, including all screen shots and websites visited and any documents transferred or accessed by the three during the 60 days before departure.  In response to this request, Mattel cryptically states that it has "made available" the hard drives of Machado, Trueba and Vargas.  But Mattel refuses to unequivocally state that it has produced all documents responsive to this request on those hard drives or elsewhere on Mattel's computers.  That some responsive documents may exist on a hard drive that Mattel claims MGA has access to does not absolve Mattel of its discovery obligations.  This request is particularly important because Mattel has claimed that Machado used a wiping software on his computer called "Washer Pro" prior to his departure from Mattel.  And Mattel claims that these individuals sent confidential information to each another in their final weeks at Mattel, which Mattel believes suggests theft.  MGA is entitled to show that those individuals had access to even more valuable information that they did not take.  The temporal scope of this request is limited to 60 days, and there is no reason by Mattel cannot unconditionally agree to produce documents responsive to this request.

Request No. 16 is also clear.  It seeks documents related to Mattel Mexico's investigation into the theft of trade secrets by Machado, Trueba and Vargas.  In response to this request, Mattel claims that it has produced select documents from its Security Department file as well as communications with law enforcement.  But

- 4 -

REPLY ISO MGA MOTION TO COMPEL PRODUCTION OF
DOCUMENTS RE MATTEL MEXICO TRADE SECRET CLAIMS
CASE NO. CV 04-9049-DOC (RNBX)

Mattel refuses to state unequivocally that it has produced *all* non-privileged documents responsive to this request. As for privilege, the Court has already ruled that any non-privileged results of an investigation into alleged trade secret theft – – including any facts discovered – – must be produced. Mattel therefore has no excuse for its ambiguous response to this request.

Finally, Requests Nos. 47 and 48 relate to Mattel Mexico's refusal to issue final paychecks to Machado, Trueba and Vargas, and to the meeting held on April 23, 2004 wherein Mattel Mexico promised final checks, but then failed to deliver due to the individuals' refusal to sign one-sided agreements. In response to these requests, Mattel noted that it has produced the personnel files for these individual, but the scope of these requests obviously includes more than just what is in their personnel files. That Mattel refuses to state an unqualified agreement to produce responsive documents is even more troubling given that Mattel cites in its interrogatories to the meeting and the refusal of the individuals to sign documents at the meeting as evidence of alleged misappropriation. *See* Molinski Decl., Ex. 21 (Mattel's Supp. Resp. To MGA de Mexico's Interrogatory Nos. 1-11). Mattel Mexico cannot cite to that meeting as proof of its claims and then refuse to produce documents related to that meeting.

## II. THE COURT SHOULD COMPEL THE PRODUCTION OF DOCUMENTS RELATED TO MATTEL'S EFFORTS TO MAINTAIN THE SECRECY OF ITS ALLEGED SECRETS

Pursuant to Rule 34 and the Court's order of April 10, 2010 [Dkt No. 7712], MGA also served a number of requests concerning Mattel's efforts, if any, to preserve the confidentiality of its alleged trade secret information. As the Court well knows, this subject is critically important to MGA's defense in this case as Mattel cannot prevail on a misappropriation claim unless it can demonstrate sufficiently reasonable efforts to maintain the secrecy of its alleged trade secret information. Accordingly, MGA propounded the following requests to Mattel:

- 5 -

REPLY ISO MGA MOTION TO COMPEL PRODUCTION OF
DOCUMENTS RE MATTEL MEXICO TRADE SECRET CLAIMS
CASE NO. CV 04-9049-DOC (RNBx)

**Request 19:** All DOCUMENTS and COMMUNICATIONS that refer or relate to any failures to comply with YOUR policies or procedures to maintain the secrecy of YOUR trade secrets.

**Request 20:** DOCUMENTS sufficient to identify any PERSON who failed to comply with YOUR policies or procedures to maintain the secrecy of YOUR trade secrets.

**Request 21:** All DOCUMENTS and COMMUNICATIONS that refer or relate to any warning, admonition, discipline, or any other adverse employment action that YOU have taken toward any of YOUR current or former employees for using or accessing a competitor's confidential or proprietary information, trade secrets, or intellectual property.

**Request 49:** All DOCUMENTS and COMMUNICATIONS that refer or relate to any requirement, policy or need to stamp documents as confidential or otherwise designate documents as confidential.

*See* Molinski Decl., Ex. 4.

In response to each of these requests, MGA received the same hackneyed objections:

> Mattel objects to this request on the grounds that (i) it is overly broad, unduly burdensome and oppressive; (ii) it seeks documents that are not relevant to any party's claim or defense nor is it reasonably calculated to lead to the discovery of admissible evidence; (iii) it is overbroad as to time; (iv) it may seek privileged documents, including documents protected from disclosure by the attorney-client privilege and the work product doctrine; (v) it seeks documents that Mattel has already produced in discovery in this case; (vi) it seeks confidential, proprietary and trade secret documents that Mattel will produce only in accordance with the Protective Order in this case; (vii) it is compound; and (viii) it is vague and ambiguous.

In its opposition papers, Mattel claims that it has produced documents responsive to the alleged failure by Machado, Trueba and Vargas to preserve the confidentiality of Mattel trade secret information, but it has not investigated or produced documents as to whether other Mattel Mexico employees may have failed to follow Mattel policy. To the extent that other employees failed to follow policy (besides Machado, Trueba and Vargas), MGA is entitled to this information because it may lead to the discovery of admissible evidence as to whether Mattel suspected other former employees of stealing trade secret information, but did nothing about it. Indeed, Mattel requested, and MGA agreed to produce, the very same information to Mattel concerning other incidents at MGA where employees

- 6 -

REPLY ISO MGA MOTION TO COMPEL PRODUCTION OF
DOCUMENTS RE MATTEL MEXICO TRADE SECRET CLAIMS
CASE NO. CV 04-9049-DOC (RNBX)

were accused of violating MGA confidentiality policy.  As noted in multiple papers filed in this case, one of MGA's defenses is that Mattel is prosecuting its trade secret claims not because it believes (or has any evidence to support an argument) that MGA actually used confidential Mattel information, but rather because of a strategy to litigate MGA to death.

Request 49 is particularly relevant as it refers to Mattel's policy (or lack thereof) for requiring documents be stamped confidential.  More than 90% of the documents Mattel claims MGA Mexico employees took from Mattel are not stamped or designated in any was as confidential, even though Mattel's handbooks suggest that it is required.  MGA is entitled to all documents concerning the policy and any enforcement of it.

In short, to the extent Mattel Mexico knows of other instances (besides Machado, Trueba and Vargas) where there was an alleged failure to follow Mattel policy and preserve confidentiality, or can discover such other instances through a reasonable inquiry, MGA is entitled to those documents given their relevance as discussed above.   Mattel has already moved to compel compliance with almost identical requests against MGA.  *See* Molinski Decl., Exs. 20 and 23.

### III. THE COURT SHOULD COMPEL THE PRODUCTION OF DOCUMENTS RELATED TO THE RELATIONSHIP BETWEEN MATTEL AND MATTEL SERVICIOS

In its order of April 10, 2010, the Court expressly authorized "expansive and demanding" discovery as to what trade secrets are owned by Mattel, as opposed to being owned by one of Mattel's foreign subsidiaries.  Dkt. No. 7712 at 9.

As a result, MGA propounded a series of document requests that were designed to explore this area.  Those requests are:

> **Request 36:**  All DOCUMENTS and COMMUNICATIONS that refer or relate to the reason or reasons for the formation of Mattel Servicios, S.A. de C.V., as an entity distinct from Mattel de Mexico, S.A. de C.V.
>
> **Request 39:**  All DOCUMENTS and COMMUNICATIONS that refer or relate to any agreements between Mattel de Mexico, S.A. de C.V. and Mattel Servicios, S.A. de C.V. concerning the ownership of

- 7 -

REPLY ISO MGA MOTION TO COMPEL PRODUCTION OF
DOCUMENTS RE MATTEL MEXICO TRADE SECRET CLAIMS
CASE NO. CV 04-9049-DOC (RNBX)

1 intellectual property, including but not limited to the underlying agreement itself, if any.

**Request 40:** All DOCUMENTS and COMMUNICATIONS that refer or relate to any agreements between Mattel de Mexico, S.A. de C.V. and Mattel Servicios, S.A. de C.V.

**Request 41:** All DOCUMENTS and COMMUNICATIONS that refer or relate to any agreements between Mattel de Mexico, S.A. de C.V. and Mattel, Inc. concerning the ownership of intellectual property, including but not limited to the underlying agreement itself, if any.

**Request 42:** All DOCUMENTS and COMMUNICATIONS that refer or relate to any agreements between Mattel, Inc. and Mattel Servicios, S.A. de C.V. concerning the ownership of intellectual property, including but not limited to the underlying agreement itself, if any.

*See* Molinski Decl., Ex. 4.

Unfortunately, in response to each of these requests, Mattel served the same tired objections:

Mattel objects to this request on the grounds that (i) it is overly broad, unduly burdensome and oppressive; (ii) it is overbroad as to time; (iii) seeks documents that are not relevant to any party's claim or defense nor is it reasonably calculated to lead to the discovery of admissible evidence; (iv) it may seek privileged documents, including documents protected from disclosure by the attorney-client privilege and the work product doctrine; (v) it seeks confidential, proprietary and trade secret documents that Mattel will produce only in accordance with the Protective Order in this case; (vi) it is compound; and (vii) it is vague and ambiguous.

After MGA filed this motion to compel, Mattel finally conceded the error of its ways by providing a substantive response to these requests. Specifically, Mattel identified the documents that Mattel previously produced that are responsive to these requests, and affirmatively stating that it is unable to locate any other responsive documents. Opposition at 10-11. Mattel further claimed that it would amend its response to each request to reflect these representations, but to date, MGA still has not received any amended responses. *Id.* Given the relevance of these requests and Mattel's admission that a substantive response is appropriate, the Court should compel Mattel to follow through on its promise and amend its response to these requests.

- 8 -

REPLY ISO MGA MOTION TO COMPEL PRODUCTION OF DOCUMENTS RE MATTEL MEXICO TRADE SECRET CLAIMS
CASE NO. CV 04-9049-DOC (RNBx)

## IV. THE COURT SHOULD COMPEL THE PRODUCTION OF DOCUMENTS EVIDENCING THREATS BY MATTEL MEXICO AGAINST RETAILERS AND OTHERS FOR DOING BUSINESS WITH MGA

MGA's final request for production in this set concerns one of MGA's key defenses to this litigation—that Mattel Mexico intentionally interfered with MGA's ability to compete fairly in Mexico. To that end, MGA propounded the following request:

> **Request 46:** All COMMUNICATIONS between YOU and YOUR customers, distributors, advertisers, advertising agencies, marketing consultants, or public relations firms that refer or relate to MGA, Inc. or MGAE de Mexico, S.R.L. de C.V.

*See* Molinski Decl., Ex. 4. Mattel, however, responded with its usual boilerplate objections:

> Mattel objects to this request on the grounds that (i) it is overly broad, unduly burdensome and oppressive; (ii) it is overbroad as to time; (iii) seeks documents that are not relevant to any party's claim or defense nor is it reasonably calculated to lead to the discovery of admissible evidence; (iv) it seeks confidential, proprietary and trade secret documents that Mattel will produce only in accordance with the Protective Order in this case; (v) it seeks documents protected from disclosure by the attorney-client privilege and attorney work-product doctrine; and (vi) it is vague and ambiguous.

In its opposition, Mattel does not explain how or why the request calls for the production of privileged communications or information, nor does Mattel argue that it is vague and ambiguous. Instead, Mattel hangs its hat on an over breadth and relevance argument that simply holds no water. First Mattel claims that the request as phrased is overbroad because it would include every communication between Mattel Mexico and its customers, distributors, advertisers, marketing consultants and public relations firms. But this is not true. Only communications that expressly refer or relate to MGA or MGA Mexico are included in the scope of this request. All other communications would be excluded. Mattel's attempt to expand the scope of this request to "everything under the sun" fails.

- 9 -

REPLY ISO MGA MOTION TO COMPEL PRODUCTION OF
DOCUMENTS RE MATTEL MEXICO TRADE SECRET CLAIMS
CASE NO. CV 04-9049-DOC (RNBX)

1   Mattel also argues that the request is somehow irrelevant, but a simple review
2   of MGA's reply allegations and affirmative claims in this case reveals this is not
3   true. Indeed, MGA has expressly asserted as part of its unfair competition and its
4   unclean hands defense that Mattel routinely threatened retailers, advertisers and
5   others to not do business with MGA. Dkt. No. 2_05_CV_02727 (Complaint, ¶ 76).
6   MGA, in fact, specifically alleged that Mattel "used intimidation to pressure
7   distributors and retailers, *particularly in foreign countries . . . .*" *Id.* (¶ 77).
8   (Emphasis added). Dkt. No. 5798 (MGA Parties Answer and Affirmative Defenses
9   to TAAC, Second Affirmative Defense). Witness testimony and documents already
10  evidence Mattel Mexico threatening advertisers with a loss of business if they do
11  business with MGA and threats to retailers of losing discounts if they buy Bratz
12  dolls. This Request seeks information directly relevant to these claims. Mattel has
13  no excuse for not producing this information.

14  **V.    MGA HAS ADEQUATELY MET AND CONFERRED**

15  Mattel includes a throw-away argument that MGA did not properly meet and
16  confer prior to the filing of this motion. Mattel raised this same argument in its *ex*
17  *parte* application to excuse itself from having to deal with this motion. The Court
18  rejected that application previously, and the Court should reject this same argument
19  now because the facts leading up to this motion belie Mattel's claim.

20  Specifically, on July 30, 2010, MGA sent a detailed letter requesting
21  production of documents responsive to MGA First Set of Requests for Production
22  to Mattel Mexico. That letter referenced the aforementioned requests and explained
23  MGA's position as to each. Pursuant to stipulation and court order, Mattel was
24  required to meet and confer within five court days of receiving this letter, but
25  Mattel did not do so. Instead, on August 5, 2010, Mattel sent an email asking if it
26  could delay the meet and confer process until August 11. As it turned out, this
27  would have been after the motion cut-off set by the Court on August 10. MGA
28  offered to meet and confer with Mattel about this motion on August 9, 2010, but

- 10 -

REPLY ISO MGA MOTION TO COMPEL PRODUCTION OF
DOCUMENTS RE MATTEL MEXICO TRADE SECRET CLAIMS
CASE NO. CV 04-9049-DOC (RNBX)

1  Mattel again declined—opting instead for a date that would have fallen after the
2  August 10 cut off.
3       In the end, MGA gave Mattel more than ten days notice before filing this
4  motion. Rather than respond substantively to MGA's letter, Mattel sought
5  unnecessarily to delay the meet and confer process so that it would drag past the
6  August 10 motion cut-off. MGA was unwilling to allow this to happen, and gave
7  Mattel one last opportunity to meet and confer prior to the filing of this motion on
8  August 9. Mattel declined these opportunities to meet and confer, and this motion
9  to compel followed. These facts are not a sufficient basis to deny the motion on
10 procedural grounds.

11 **VI.**   **CONCLUSION**
12      For the foregoing reasons, MGA requests that its motion to compel be
13 granted.

15 Dated:    September 8, 2010      ORRICK, HERRINGTON & SUTCLIFFE LLP

17                                      By:   /s/ William A. Molinski
18                                           William A. Molinski
                                          Attorneys for MGA Parties

- 11 -

REPLY ISO MGA MOTION TO COMPEL PRODUCTION OF DOCUMENTS RE MATTEL MEXICO TRADE SECRET CLAIMS
CASE NO. CV 04-9049-DOC (RNBx)