ANNETTE L. HURST (State Bar No. 148738)
ahurst@orrick.com
WARRINGTON S. PARKER III (State Bar No. 148003)
wparker@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building, 405 Howard Street
San Francisco, CA 94105
Tel. (415) 773-5700/ Fax: (415) 773-5759

WILLIAM A. MOLINSKI (State Bar No. 145186)
wmolinski@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA  90017
Tel. (213) 629-2020/Fax: (213) 612-2499

THOMAS S. McCONVILLE (State Bar No. 155905)
tmcconville@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
4 Park Plaza, Suite 1600
Irvine, CA 92614-2258
Tel: (949) 567-6700/Fax: (949) 567-6710

Attorneys for the MGA Parties

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | Case No.  CV 04-9049-DOC (RNBx)<br>Consolidated with No. CV 04-9059 and No. CV 05-2727<br><br><u>Hon. David O. Carter</u><br><br>**[REDACTED] NOTICE OF MOTION AND MOTION FOR PROTECTIVE ORDER FROM MATTEL, INC.'S NOTICE OF DEPOSITION OF MGA ENTERTAINMENT, INC. PURSUANT TO FED. R. CIV. P. 30(B)(6) (THIRD PHASE 2 NOTICE)**<br><br>Date:          TBD<br>Time:          TBD<br>Place:         TBD<br><br>Discovery Cut-Off:          October 4, 2010<br>Pre-trial Conference:       January 4, 2011<br>Trial Date:                       January 11, 2011 |

1

2

**TABLE OF CONTENTS**

**Page**

3   INTRODUCTION ..................................................................................................... 1

4   BACKGROUND ....................................................................................................... 1

5   ARGUMENT ............................................................................................................ 2

6   I.   TOPICS 1-3 AND 29 ARE OVERBROAD, BURDENSOME, AND
         DUPLICATIVE OF MGA'S PRIOR 30(B)(6) TESTIMONY. ................... 3

7   II.  TOPIC 4 IS DUPLICATIVE AND UNDULY BURDENSOME. .............. 4

8   III. TOPIC 5 IS DUPLICATIVE AND CUMULATIVE OF PRIOR
         DEPOSITION TESTIMONY. .................................................................. 5

9   IV.  TOPICS 6-11 SEEK INFORMATION THAT IS NOT RELEVANT
         AND ALSO DUPLICATIVE OF PRIOR TESTIMONY ........................... 6

10  V.   TOPICS 12-14 AND 31 ARE DUPLICATIVE AND
         CUMULATIVE AS TO PRIOR DEPOSITION TESTIMONY ................. 8

11
12  VI.  TOPIC 15 SEEKS TESTIMONY THAT IS NOT RELEVANT AND
         IS DUPLICATIVE OF PRIOR DEPOSITION TESTIMONY ................. 10

13  VII. TOPICS 21-28 ARE IRRELEVANT, OVERBROAD AND
         DUPLICATIVE OF PRIOR 30(B)(6) DEPOSITION TESTIMONY ....... 10

14  VIII. TOPIC 30 IS IRRELEVANT, OVERBROAD AND UNDULY
         BURDENSOME ...................................................................................... 12

15  IX.  TOPIC 32 IS NOT RELEVANT TO ANY CLAIM OR DEFENSE
         IN THIS LITIGATION ........................................................................... 13

16
17  X.   TOPIC 33 IS DUPLICATIVE OF PRIOR MGA 30(B)(6)
         DEPOSITION TESTIMONY ................................................................... 13

18  XI.  TOPICS 34-40 SEEKS TO CIRCUMVENT THE COURT'S
         PROTECTIVE ORDER AND IS ALSO IRRELEVANT,
         OVERBROAD AND BURDENSOME ...................................................... 15

19
20  XII. TOPIC 41 IS DUPLICATIVE OF PRIOR TESTIMONY ....................... 16

21  XIII. TOPICS 52-61 ARE IRRELEVANT, OVERBROAD,
          DUPLICATIVE AND CUMULATIVE TO PRIOR TESTIMONY ........ 17

22  XIV. TOPIC 62 IS IRRELEVANT, OVERBROAD AND
         BURDENSOME, AND ALSO DUPLICATIVE OF MGA'S PRIOR
         TESTIMONY .......................................................................................... 18

23
24  XV.  TOPICS 63-74 ARE OVERBROAD, BURDENSOME, AND
         DUPLICATIVE AND CUMULATIVE OF PRIOR TESTIMONY ........ 19

25  CONCLUSION........................................................................................................ 20

26

27

28

1

2

# TABLE OF AUTHORITIES

Page

3

## FEDERAL CASES

4

*United States* v. *Columbia Broadcasting System, Inc.*,
666 F.2d 364 (9th Cir. 1982) ........................................................2

5

*CSX Transp., Inc.* v. *Vela*,
2007 WL. 3334966 (S.D. Ind. Nov. 8, 2007) ...............................3

6

7

*Cummings* v. *General Motors Corp.*,
2002 WL. 32713320 (W.D. Okla. June 18, 2002) .........................3

8

*MedImmune, LLC* v. *PDL Biopharma, Inc.*,
2010 WL. 2382262 (N.D. Cal. June 10, 2010).............................3

9

10

## FEDERAL STATUTES

11

Fed. R. Civ. P. 26(b)(2)(C)(i)-(iii).................................................3

12

Fed. R. Civ. P. 26(c) .....................................................................2

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on a date to be determined by the Court or as soon thereafter as the matter may be heard before The Honorable David O. Carter, located at 411 West Fourth Street, Santa Ana, California, MGA Entertainment, Inc. ("MGA") will, and hereby does, move this Court pursuant to Federal Rule of Civil Procedure 26(c)(1)(A) for a protective order as to Topics 1-15, 21-41, and 52-74 of Mattel, Inc. ("Mattel")'s Notice of Deposition of MGA Pursuant to Federal Rule of Civil Procedure 30(b)(6) (Third Phase 2 Notice) ("Third Phase 2 Notice").

This Motion is made on the grounds that the aforementioned topics in Mattel's Second Notice are overbroad, unduly burdensome, duplicative and cumulative of Mattel's previous 30(b)(6) deposition notices and MGA's prior 30(b)(6) testimony; seek discovery that is neither relevant to the claims and defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence; and attempt to circumvent previous Orders of this Court limiting 30(b)(6) topics from Mattel's previous deposition notices.

This motion is based upon this Notice of Motion, the attached Memorandum of Points and Authorities, the Declaration of Mark P. Wine, and exhibits thereto, the Proposed Protective Order filed herewith, and the pleadings and records on file herein, and on such oral argument as may be presented by the parties at the hearing.

## Certification of Compliance

Discovery Master Order 99 sets forth a deposition schedule for the remaining depositions in this case and requires a party to move and obtain a protective order prior to the date of the deposition to prevent the deposition from going forward. Accordingly, MGA moves for a protective order with regard to certain topics of Mattel's Third Phase 2 Notice of Deposition, for which MGA's 30(b)(6) deposition has been scheduled for three days from September 27-29.  In light of the directive set forth in Discovery Master Order 99, MGA asserts that no separate meet and confer is required prior to bringing this motion.

Dated:    September 10, 2010          MARK P. WINE
                                      Orrick, Herrington & Sutcliffe LLP

                                      By: _____
                                              MARK P. WINE
                                          Attorneys for MGA Parties

1    **INTRODUCTION**

2         To date, Mattel has served at least eight 30(b)(6) notices of depositions of

3    MGA, containing *332 topics* (not including sub-topics), and four 30(b)(6) notices

4    of deposition of MGAE de Mexico, containing *106 topics* (not including sub-

5    topics).  MGA has provided over *300 hours* of 30(b)(6) testimony (not counting

6    30(b)(6) testimony from MGAE de Mexico and MGA Canada).  Not satisfied

7    with the staggering volume of 30(b)(6) testimony it has already received, Mattel

8    now seeks further 30(b)(6) testimony on an additional *seventy four (74) topics* in

9    its Third Phase 2 Deposition Notice,[1] the majority of which predictably retreads

10   old ground with deposition topics for which MGA already provided testimony.[2]

11        None of the topics that are the subject of this motion cover new territory.

12   As set forth in detail below, Mattel had multiple opportunities to depose, and

13   indeed garnered ample testimony from MGA's corporate witnesses on these very

14   topics.[3]  Moreover, to the extent these topics cover any new ground, it is subject

15   matter of a wholly irrelevant nature.  Finally, certain topics of Mattel's Third

16   Phase 2 Notice attempt to circumvent prior Orders of the Court.  Accordingly,

17   MGA respectfully submits that good cause exists for the Court to grant a

18   protective order as to Topics 1-15, 21-41, and 52-74.

19   **BACKGROUND**

20        Since March 2005, Mattel has served eight 30(b)(6) notices of depositions

21   of MGA encompassing a total of *332 topics* (not including sub-topics).[4]  In all,

---

22   [1] *See Declaration of Mark Wine In Support Of Motion For Protective Order From
23   Mattel's Notice Of Deposition Of MGA Pursuant To Fed. R. Civ. P. 30(B)(6)*
     ("Wine Decl."), ¶2, Ex. A (Mattel's Notice Of Deposition Pursuant To Fed. R.
24   Civ. P. 30(B)(6) ("Third Phase 2 Notice"), served on August 11, 2010.
     [2] MGA will provide a witness as to Topics 16-20 and 42-51 of Mattel's Third
25   Phase 2 Notice.  As set forth in Order No. 99, Dkt. #8642, the deposition of these
     uncontested topics will take place on Sept. 27-29.  MGA will serve objections to
26   all topics in Mattel's Third Phase 2 Notice prior to the depositions.
     [3] Due to its voluminous nature, deposition transcripts cited herein have not been
27   attached.  If the Court requests, MGA will lodge the relevant deposition
     transcripts and/or transcript excerpts.
28   [4] **Mattel's Phase 1 30(b)(6) Notices to MGA**: Mattel's First Notice served Feb.
     16, 2005 (8 topics); Mattel's Second Notice, served Feb. 1, 2007 (46 topics);

NOTICE OF MOTION & MOTION FOR PROTECTIVE ORDER
CASE NO. CV 04-9049-DOC (RNBx)

1   MGA has provided *over 300 hours* of 30(b)(6) testimony.  Mattel now seeks

2   further 30(b)(6) testimony on an additional *seventy four (74) topics* in its Third

3   Phase 2 Notice.  The topics that are the subject of this motion are plainly

4   duplicative of prior 30(b)(6) topics and testimony and/or seek to circumvent the

5   prior Orders of this Court.[5]  The subject topics consist of MGA's market research

6   and sales forecasts (Topics 1-3, 29, 41, 63-74), ArchiveOne (Topic 4), MGA's

7   indemnification agreement with Carter Bryant (Topic 5), design and development

8   of Bratz products (Topics 6-11), MGA's hiring practices including hiring of

9   former Mattel employees (Topics 12-15, 31), former MGA employee Shirin

10  Salemnia (Topics 21-28), communications with third parties (Topic 30), MGA's

11  activities in toy fairs (Topic 32), knowledge of Mattel's trade secrets (Topic 33,

12  62), MGA employment agreements (Topics 34-40), and former employee Ryan

13  Tumaliuan (Topics 52-61).  These topics are the subject of this motion.

## ARGUMENT

15      "A party or any person from whom discovery is sought may move for a

16  protective order in the court where the action is pending."  Fed. R. Civ. P. 26(c).

17  A Court may issue a protective order to "protect a party from annoyance,

18  embarrassment, oppression, or undue burden or expense."  Fed. R. Civ. P.

19  26(c)(1).  Protective orders provide a safeguard for parties and other persons in

20  light of the otherwise broad reach of discovery. Fed. R. Civ. P. 26(c), Advisory

21  Comm. Notes (1970); *United States v. Columbia Broadcasting System, Inc.*, 666

22  F.2d 364, 368-369 (9th Cir. 1982).  A Court may limit the frequency and/or extent

23  of discovery if it is unreasonably cumulative or duplicative, if the party has had

---

Mattel's Third Deposition Notice, served June 5, 2007 (16 topics); Mattel's Fourth Deposition Notice, served Jan. 9, 2008 (102 topics).
**Mattel's Phase 2 30(b)(6) Notices to MGA**:  Mattel's First Deposition Notice, served Jan. 26, 2009 (48 topics); Mattel's Amended 30(b)(6) Deposition Notice, served July 23, 2010 (17 topics); Mattel's Third Notice served on August 11 (74 topics); Mattel's [Fourth] Notice served on August 25 (24 topics).
[5] *See, e.g.*, September 2 Order, Dkt. # 8684 (granting MGA's Motion for Protective Order for topics noticed by Mattel in its Second Phase 2 Notice.)

NOTICE OF MOTION & MOTION FOR PROTECTIVE ORDER
CASE NO. CV 04-9049-DOC (RNBx)

1   ample opportunity to obtain the information, or the burden outweighs the likely

2   benefit of discovery.  Fed. R. Civ. P. 26(b)(2)(C)(i)-(iii).

3       Federal courts issue protective orders as to 30(b)(6) deposition notices

4   where topics were duplicative of previous deposition testimony.  *CSX Transp.,*

5   *Inc. v. Vela*, 2007 WL 3334966, at *3 (S.D. Ind. Nov. 8, 2007) (granting motion

6   for protective order where party sought Rule 30(b)(6) deposition on matters the

7   noticed party had previously answered in discovery); *Cummings v. General*

8   *Motors Corp.*, 2002 WL 32713320, at *6 (W.D. Okla. June 18, 2002) (issuing

9   protective order where Rule 30(b)(6) notice was duplicative of other notices).

10  Further, courts have also found good cause to issue protective orders for 30(b)(6)

11  deposition topics that seek testimony that would not be relevant to any claim or

12  defense in the case.  *MedImmune, LLC v. PDL Biopharma, Inc.*, 2010 WL

13  2382262, at *1 (N.D. Cal. June 10, 2010) (issuing protective order as to 30(b)(6)

14  deposition topic on grounds that topic is not relevant or reasonably calculated to

15  lead to the discovery of admissible evidence).

16  **I.    TOPICS 1-3 AND 29 ARE OVERBROAD, BURDENSOME, AND**
    **DUPLICATIVE OF MGA'S PRIOR 30(B)(6) TESTIMONY.**
17

18      Topics 1-3 and 29 seek testimony (again) from MGA with respect to

19  market research "conducted by or on behalf of MGA," and MGA's knowledge of

    the parties' respective market shares.  Even apart from the overbroad and unduly
20
    burdensome nature of the topics, good cause exists to issue a protective order
21
    because, *first*, these topics are duplicative of previously propounded 30(b)(6)
22
    topics and 30(b)(6) deposition testimony, and *second*, the Court has already held
23
    that Mattel is not entitled to *re*-depose MGA on this subject.
24
        Topics 1-3 and 29 are duplicative of previous 30(b)(6) topics.  Market
25
    research was the subject of Topics 16 (MGA's market research in its products
26
    from 2001), 17 (market research relating to Bratz and other products), and 18
27
    (market research relating to Bratz and My Scene) in Mattel's First Phase 2
28

1   Notice,[6] as well as Categories 12(e) and 26(e) from Mattel's March 12 Letter.[7]

2   Moreover, MGA has already prepared and provided two corporate witnesses, Sam

3   Khare and Isaac Larian, to testify on this subject matter.[8]  As recently as last

4   month, Mr. Larian testified as to MGA's practice and uses for market share data

5   received from NPD, the frequency of MGA's review of NPD data, and MGA's

6   historical use of NPD data.[9]  In short, this territory has already been covered

7   *twice*, and to the extent that Mattel complains that it has not asked all of its

8   questions on this subject matter, Mattel only has itself to blame.  Mattel has had

9   ample opportunity to depose two fully prepared MGA corporate witnesses on this

10  topic, and it should not be allowed a "third" bite at the apple.  Good cause exists

11  for a protective order as to Topics 1-3 and 29.[10]

12  **II.    TOPIC 4 IS DUPLICATIVE AND UNDULY BURDENSOME.**

13          Topic 4 seeks information related to MGA's ArchiveOne - its functions,

14  operations, purpose, search capabilities, custodians contained, and custodians

15  excluded. As the Court knows, ArchiveOne issues have been the subject of

16  extensive briefings by both parties before Special Master Smith and this Court.[11]

17  This is the result of a decision Mattel made many months ago – namely, that

18  Mattel wished the Electronic Discovery Special Master to order and control the

19

20  [6] Wine Decl. Ex. C. at 29.
    [7] Wine Decl. Ex. B. at 20, 22.
21  [8] 3/25/2010 Khare 30(b)(6) Depo. Tr.; 8/12/2010 Larian 30(b)(6) Depo. Tr.
    [9] 8/12/2010 Larian 30(b)(6) Depo. Tr. at 3841-3849.
22  [10] Apart from their duplicative nature, good cause exists for a protective order as
    to these topics because the Court has already held that Mattel is not entitled to
23  further deposition testimony on this subject.  In its March 12 Letter, Mattel set
    forth twenty-eight (28) separate "Categories" of deposition topics to MGA,
24  including as sub-topics of Categories 12 and 26, market research and market
    share. Wine Decl. Ex. B. at 20, 22. The March 12 Letter later became the subject
25  of Mattel's Motion to Compel.  *See* Dkt. #s 7786, 7775, 7803, 7804, 7855.  On
    June 14, the Court issued an Order significantly narrowing each of Mattel's
26  Categories of deposition topics to MGA, including Categories 12 and 26, and did
    not compel MGA to provide further testimony on market research or market
27  share. Dkt. # 8104 at 9, 10.  In this regard, Topics 1-3 and 29 of Mattel's Third
    Notice attempts to vitiate the Court's June 14 Order, and Mattel should not be
28  permitted to do so.
    [11] Dkt. # 8407, 8420, 8467, 8491, 8492; 8420.

1    search of ArchiveOne.  As a result, the Electronic Discovery Special Master made

2    findings regarding ArchiveOne and then conducted various searches of

3    ArchiveOne. Therefore, the Court, the Special Master and Mattel are acutely

4    aware of ArchiveOne, its features, search capabilities, and functionalities through

5    the numerous briefings and proceedings that have been ongoing for months.

6         In addition, this Court has now issued orders pertaining to ArchiveOne and

7    what searches should be run. [12]  In other words,  Mattel's Topic 4 is duplicative of

8    the  proceedings before the Special Master and this Court.  It seeks to circumvent

9    the procedures on which Mattel demanded, and in light of those procedures,

10   findings and hearings, is irrelevant and preempted.

11   **III.    TOPIC 5 IS DUPLICATIVE AND CUMULATIVE OF PRIOR DEPOSITION TESTIMONY.**

12

13        Topic 5 seeks testimony on MGA's indemnification agreement with Carter

14   Bryant and MGA's submissions to the Internal Revenue Service (IRS) regarding

     its indemnification of Carter Bryant's legal fees.  MGA's agreements with Carter

15   Bryant including any indemnity agreement has been the subject of extensive

16   testimony and motion practice in both Phase 1 and 2.[13]

17        In compliance with the Court's January 26, 2010 Order, MGA searched and

18   produced its fee and/or indemnity agreements with Carter Bryant.  Mattel once

19   again sought these agreements from the IRS through a subpoena to the IRS as

20   these agreements had been submitted to the IRS by MGA in relation to MGA's tax

21

22

23   _____

     [12] Dkt. # 8690.

24   [13] *See e.g.*, Topic 18, 23, and Topic 24 in Mattel's Second Notice of Deposition of
     MGA served on February 1, 2007 (Topic 18 reads: Your agreements and contracts

25   with Bryant, including without limitation the timing thereof, the negotiations,
     drafts and COMMUNICATIONS that REFER OR RELATE thereto, and any

26   actual or proposed amendments thereto.  Topic 23 reads: The payment of royalties
     to, for or on behalf of BRYANT made by or for YOU or on YOUR behalf,

27   including the timing, manner and amounts of such payments and the reasons
     therefore.  Topic 24 reads: Any indemnification and fee arrangement that You

28   and/or BRYANT has sought, proposed, requested, or obtained in connection with
     this ACTION.

1   treatment of its legal expenses.  This issue was extensively briefed[14] and the Court

2   granted MGA's motion to quash Mattel's subpoena to the IRS on July 8, 2010.[15]

3   The July 8 Order required MGA to produce documents submitted to the IRS

4   relating to its agreement with Carter Bryant and all communications with the IRS

5   referring to any legal fees paid for Carter Bryant.  Pursuant to the Court's July 8

6   Order, MGA produced all such documents to Mattel.

7       Further, MGA's 30(b)(6) witness Craig Holden testified on



17       Mattel has obtained the relevant documents and testimony on every

18   aspect of any indemnification agreement between MGA and Bryant, and there is

19   nothing more to be gleaned by another duplicative 30(b)(6) deposition.

20   **IV.   TOPICS 6-11 SEEK INFORMATION THAT IS NOT RELEVANT**
21   **AND ALSO DUPLICATIVE OF PRIOR TESTIMONY.**

22       Topics 6-11 seek testimony relating to the creation, design and

23   development of MGA's Bratz Head Gamez, Bratz Hollywood, and Bratz Secret

24   Date, as well as MGA's knowledge of Mattel's My Scene Swappin' Styles theme,

---

[14] See Dkt. #s 7856, 7857, 7990, 8031, 8032, 8033, 8053, 8048, 8074.
[15] Dkt. # 8233.
[16] 7/8/2010 Holden Depo. Tr. at 2886-3012.
[17] *Id.* at 2901-2918; 2926-28; 2932-2941; 2949-52.
[18] 12/10/2009 Larian Depo. Tr. at 731:22-735:11.
[19] 6/25/2010 Tonnu Depo. Tr. at 2235-2240.

NOTICE OF MOTION & MOTION FOR PROTECTIVE ORDER
CASE NO. CV 04-9049-DOC (RNBx)

1    Mattel's My Scene Hollywood theme, and My Scene Mystery Date concepts.

2    Mattel has alleged that Ron Brawer misappropriated Mattel's My Scene Swappin'

3    Style, Hollywood, and Mystery Date themes for use in MGA's Bratz Head

4    Gamez, Bratz Hollywood, and Bratz Secret Date are products.[20]  Each of these

5    topics are duplicative of prior depositions and prior topics noticed by Mattel.

6         Mattel has sought testimony relevant to any contested MGA product

7    including MGA's Bratz Head Gamez, Bratz Hollywood, and Bratz Secret Date

8    numerous times.[21]  Notably, in its June 14, 2010 Order, the Court denied Mattel's

9    motion to compel Category 14 of Mattel's Fourth Notice (origins, creation and

10   development of MGA's 2005 and 2006 product lines) noting that this topic was

11   duplicative and cumulative of other Phase 2 discovery, including Category 12

12   which sought information related to Mattel's trade secret allegations. MGA

13   designated Mr. Ron Brawer as its 30(b)(6) witness on Mattel's trade secret

14   misappropriation allegations and Mr. Brawer testified on MGA's knowledge (or

15   lack thererof) regarding documents and internal Mattel information allegedly

16   taken by former Mattel employees, and where such information was kept.[22]

17        Further, in addition to his 30(b)(6) testimony, Mr. Brawer has testified no

18   fewer than four times in an individual capacity.[23]  He has been questioned

19   extensively on all the products listed in Topics 6-11.[24]  In addition to Mr. Brawer,

20   Mattel has also questioned Mr. Larian and Paula Garcia on multiple occasions on

---

21   [20] Mattel's Third Suppl. Objections and Responses to Interrogatory No. 20 at 253.
22   [21] See e.g., Mattel's Second Notice in Phase Topic 2 (circumstances under which
     Bratz or Bratz came to MGA's attention) served on 2/1/2007; and Topics 1-2 and
23   4-5 of Mattel's Fourth Notice (the origins, creation, and development of MGA's
     2005 and 2006 product lines) and Category 14 of Mattel's March 2, 2010 Letter.
24   Mark Wine Decl. Ex. B at 4.
     [22] 3/24/2010 Brawer Depo Tr. at 271-279; 323-334; 346-370.
25   [23] See R. Brawer Depos. dated 2/5/2008, 1/26/2010, 3/4/2010, 3/5/2010, and
     3/24/2010.
26
     [24] See 3/11/2010 Brawer Depo. Tr. at 321:13-322:324:11 (Bratz Head Gamez and
27   MyScene Swappin' Styles); 455: 19-23 (Mattel interchangeable dolls); 456:8-
     457:10 (Bratz Hollywood and My Scene Hollywood); 457:11-458:11 (Bratz
28   Secret Date and Mattel mystery date theme).

NOTICE OF MOTION & MOTION FOR PROTECTIVE ORDER
CASE NO. CV 04-9049-DOC (RNBx)

1    these very same topics.[25]  In light of the extensive testimony provided to date,

2    good cause exists for grant of a protective order for Topics 6-11.

3    **V.    TOPICS 12-14 AND 31 ARE DUPLICATIVE AND CUMULATIVE
          AS TO PRIOR DEPOSITION TESTIMONY.**

4           Topics 12-14 and 31 seek testimony from MGA with respect to its hiring of

5    former Mattel employees, a topic that has been exhaustively covered by multiple

6    deponents.  These topics are duplicative of previously propounded 30(b)(6) topics

7    and deposition testimony, and in any case, the Court has already held that Mattel

8    is not entitled to re-depose MGA on this subject.

9           *First*, Topic 31 seeks testimony regarding MGA's recruiting or hiring of

10   Mattel employees, and is entirely duplicative of Mattel's Fourth Notice, Topic 38

11   (communications between MGA and any person relating to the departure of a

12   former Mattel employee), Topics 43-47 (MGA's communications with former

13   Mattel employees Pablo Vargas, Janine Brisbois, Ron Brawer, Carlos Machado,

14   and Marian Trueba prior to their joining MGA)[26] and Topic 99 (job

15   responsibilities of former Mattel employees at MGA), as well as Category 4 and

16   12(a)-(d) from Mattel's March 12 Letter.[27]  MGA prepared and provided two

17   corporate witnesses, Mr. Brawer and Schuyler Bacon on this subject.  Mr. Brawer

18   testified extensively on these topics including MGA's communications with

19   former Mattel employees Nick Contreras, Dan Cooney, Jorge Castilla and Ron

20   Brawer.[28]  Further, in response to the Court's June 14 Order, MGA prepared and

21

22   [25] *See* 1/19/2010 Larian Depo. Tr. at 16:70-1671-18 (Design of Bratz Head
     Gamez and Mr. Brawer's role, if any); 1674: 2-7 (Development of Head Gamez);
23   1681:17-1682:23 (Bratz Swappin' Styles); 1682:24-1687:7 (Bratz Hollywood);
     1/20/2010 Larian Depo. Tr. at 1725:7-22 (origin of Bratz Games); 4/21/2010
24   Garcia Depo. Tr. at 1638:3-15 (Bratz Head Games); 1639:21-22 (Bratz
     Hollywood); 1640:9-25 (Mattel Swappin' Styles and dissimilarity with Bratz
25   products); 1644:13-24 (Brawer's non-involvement with Head Gamez); 1645:13-3;
     1646:12-22 (Brawer's non-involvement in Bratz Hollywood).
26   [26] Wine Decl. Ex. D at 42.
     [27] Wine Decl. Ex. B at 19, 20.
27   [28] 3/24/2010 Brawer Depo. Tr. at 271-279; 323-334; 346-370; 309-313; 395-399;
     313-314; 346-347; 381-383.  Moreover, Mr. Brawer also testified as to Cooney's
28   first contact with MGA, his interactions with MGA and why he chose to come to

NOTICE OF MOTION & MOTION FOR PROTECTIVE ORDER
CASE NO. CV 04-9049-DOC (RNBx)

1    produced Schuyler Bacon on Categories 4 and 12 of Mattel's March 12 Letter,

2    and Mattel deposed her on Vargas, Machado, Trueba, and Brisbois (and their

3    departures from Mattel), as well as MGA's initial contact with former Mattel

4    employees; circumstances surrounding their joining MGA; whether they had been

5    told not to bring any information from Mattel; and former Mattel employees,

6    Cabrera, Morales, and Salazar.[29]   There simply is no justification for another

7    deposition on Topic 31.[30]

8         *Second*, Topic 12 similarly seeks testimony on MGA's hiring practices, and

9    is grossly overbroad and encompasses irrelevant information, as Mattel has not

10   alleged any claim based on MGA's hiring policies.  Further, to the extent MGA's

11   hiring of former Mattel employees is relevant to this case, it is duplicative of

12   numerous prior deposition topics and deposition testimony as discussed above.[31]

13        *Third*, Topic 13 seeks testimony of MGA's hiring of certain former Mattel

14   employees - Omar Busailah, Ricardo Abundis, Janine Brisbois, Jorge Castilla,

15   Dan Cooney, Nick Contreras, Alice Kao, Ken Kauffman, Jill Hatch, Ron Rae, Jim

16   Huntely, Patrick Potgiesser and Thomas Pfau.  As explained above, this Topic is

17   duplicative of prior deposition topics and prior deposition testimony.[32]   Further,

18   with regard to Omar Busailah,  Ken Kauffman, Patrick Potgiesser or Thomas Pfau

19

20   MGA, as well as the reason for Contreras joining MGA.
     [29] 6/21/2010 Bacon Depo. Tr. at 1507-1508; 1521-1605; 1639-1648; 1624-1639.
21   [30] Besides, Mattel had already exhaustively deposed Ms. Bacon *during Phase 1*
     on MGA's hiring practices, including the following specific topics: (1) MGA's
22   hiring practices, including how MGA identified potential hires, its internal hiring
     and decision making process; (2) whether MGA had a policy of targeting Mattel
23   employees and its hiring of former Mattel employees; (3) MGA's hiring of
     Ricardo Abundis, Janine Brisbois, Jorge Castilla, Dan Cooney, Nick Contreras,
24   Alice Kao, Ron Rae, and Jim Huntley; (4) whether any former Mattel employees
     gave contact information for other Mattel employees; (5) any names of former
25   Mattel employees that Mr. Brawer gave her; (6) whether anyone at MGA had
     Mattel confidential information; (7) MGA's admonitions to all new former Mattel
26   employees to not bring over any Mattel confidential or proprietary information;
     (9) salary and bonus determinations were made for new hires including former
27   Mattel employees.  9/27/2007 Bacon Depo. Tr. at 12-209;
     [31] 3/24/2010 Brawer Depo. Tr.; 9/27/2007 Bacon Depo. Tr; 6/21/2010 Bacon
28   Depo. Tr.
     [32] *Id.*

NOTICE OF MOTION & MOTION FOR PROTECTIVE ORDER
CASE NO. CV 04-9049-DOC (RNBx)

1    listed in Topic 13, they are not relevant to any allegation in this litigation as they

2    are not identified in any operative pleading, discovery response nor linked to any

3    factual allegation.  As such, testimony on these individuals is simply irrelevant.

4    Likewise, Topic 14 seeks testimony on Brawer's involvement in MGA's hiring of

5    former Mattel employees.  As explained above, both Mr. Brawer and Ms. Bacon

6    have already provided extensive testimony on this topic.[33]

7 8  ## VI.   TOPIC 15 SEEKS TESTIMONY THAT IS NOT RELEVANT AND IS DUPLICATIVE OF PRIOR DEPOSITION TESTIMONY.

9          Topic 15 seeks testimony regarding Ricardo Abundis' duties and

10   responsibilities at MGA.  This Topic is irrelevant to any allegation in this case.

11   Mr. Abundis is not identified in any operative pleading, nor has Mattel linked him

12   to any misconduct or allegation related to his employment and responsibility at

13   MGA.  Further, this Topic is duplicative of prior deposition testimony.  As set

14   forth above, Ms. Bacon testified extensively on the hiring of Mr. Abundis and his

15   position at MGA.[34]  Mr. Larian also testified about Mr. Abundis' job

16   responsibility at MGA.[35]  Further, to the extent Mr. Abundis is alleged to have

17   been involved in MGA's hiring of former Mattel employees, this topic has been

18   extensively testified to by Mr. Brawer and Ms. Bacon as discussed above.

19   ## VII.  TOPICS 21-28 ARE IRRELEVANT, OVERBROAD AND DUPLICATIVE OF PRIOR 30(B)(6) DEPOSITION TESTIMONY.

20         Topics 21-28 seek testimony regarding a former MGA employee, Shirin

21   Salemnia.  Prior to working at MGA, Ms. Salemnia was a temporary employee at

22   Mattel for approximately six months.  According to deposition testimony in this

23   case from the former head of Mattel Security, Mattel investigated whether she

24   conveyed any proprietary information from Mattel to MGA and found no

25   evidence to support such a claim.[36]  Nonetheless, Mattel has deemed her

---

[33] *Id.*
[34] 9/27/2007 Bacon Depo. Tr. at 40-45; 84-85; 115; 147-161; 182-185.
[35] 1/19/2010 Larian Depo. Tr. at 1480-84; 1537-38.
[36] 1/27/10 De Anda Depo. Tr. at 539-540.

NOTICE OF MOTION & MOTION FOR PROTECTIVE ORDER
CASE NO. CV 04-9049-DOC (RNBx)

1    important enough to its case to ask MGA to produce a witness on eight topics

2    related to her employment by MGA. This discovery is harassing in nature and

3    should be prevented by the entry of a protective order.

4         Specifically, Topic 21 seeks testimony on all communications with

5    Salemnia prior to February 17, 2003. Salemnia joined MGA in approximately

6    2003 following her brief temporary employment at Mattel. Topics 22-25 and 27-

7    28 seek information about her tenure at MGA, including her position,

8    responsibilities, any payment made to her, performance, personnel file, and any

9    investigation related to her.  Topic 26 seeks information on MGA's knowledge of

10   any Mattel product that may have been shared by Salemnia.

11        These topics are simply irrelevant to any allegation in this case.  Since

12   2007, just in Phase 1, Mattel has questioned at least eleven deponents about Ms.

13   Salemnia.  Just in Phase 1, Mattel questioned eight deponents, including Paula

14   Garcia,  Kerri Brode, Lisa Tonnu, Nick Contreras, Sam Khare, Margaret Leahy,

15   Elise Cloonan, and Schuyler Bacon about Salemnia.[37]  More recently, in Phase 2,

16   three more people, Ron Brawer, Edmond Lee, and Paula Garcia were again

17   questioned about Ms. Salemnia.[38]  Despite being the topic in numerous

18   depositions over three years, Salemnia is not identified in any operative pleading

19   in this case.  Mattel has not linked her to any misconduct, claim or allegation in

20   this litigation.  Yet, Mattel has chosen to notice eight more topics on Ms.

21   Salemnia.  Mattel has had ample testimony on Ms. Salemnia and a protective

22   order is warranted to prevent Mattel's continuing fishing expedition.

23

24

25

---

26   [37] *See e.g.*, 8/20/2007 Khare Depo. Tr. at 161-162; 8/15/2007 Brode Depo. Tr. at
     107-117; 9/7/2007 Bacon Depo. Tr. at 151-152; 10/10/2007 Garcia Depo. Tr. at
27   979-994; 12/12/2007 Leahy Depo. Tr. at 91; 12/14/2007 Cloonan Depo. Tr. at
     273; 1/8/2008 Contreras Depo. Tr. at 231-232; 1/17/2008 Tonnu Depo. Tr. at 779.
28   [38] *See for example*, 2/25/2010 Lee Depo. Tr. at 1079-80; 4/22/2010 Garcia Depo.
     Tr. at 1842-45; 1899-900; 3/4/2010 Brawer Depo. Tr. at 691-715.

NOTICE OF MOTION & MOTION FOR PROTECTIVE ORDER
                                         CASE NO. CV 04-9049-DOC (RNBx)

## VIII. <u>TOPIC 30 IS IRRELEVANT, OVERBROAD AND UNDULY BURDENSOME.</u>

Topic 30 seeks testimony on any communications that refer to Mattel or to *any Mattel product* with third parties, including communications with any existing *or potential* manufacturers, distributors, licensees, and employees, as well as MGA's own employees, agents, licensees, manufacturers, distributors, and designers in Hong Kong.  This Topic is, on its face, grossly overreaching, and particularly burdensome and oppressive in light of the extensive deposition testimony given to date in this case.  This Topic overbroadly seeks all MGA communications regarding Mattel and its products without regard to any claim, defense, or allegation in this case, without regard to any time period, and without regard to any product at issue.  Preparation of a 30(b)(6) witness on this Topic would be unduly burdensome, if not impossible, and Mattel's request is the very type of conduct the Court warned might occur.[39]

To the extent this Topic is relevant, it is duplicative of Topic 6 (communications with any person including retailer or distributor about contested Mattel products) and Topic 27 (communications with Mattel about products at issue) of Mattel's Fourth Phase 2 Notice.  These topics were eventually incorporated into Category 26 (factual bases supporting or contradicting MGA's claims and allegations) and addressed by this Court, so any further depositions on this topic would be duplicative and contrary to the Court's orders regulating discovery in this case.[40]  Most recently, both Sam Khare and Isaac Larian testified as MGA's corporate designees with regard to this Topic.  Accordingly, good cause exists to grant a protective order as to this duplicative topic.[41]

---

[39] See Dkt. # 7573 ("In short, the Court is concerned with the potential that Mattel will waste deposition time on sweeping and irrelevant discovery, only to request additional time at the eleventh hour.")
[40] *See* Dkt. # 8104, 10.
[41] *See e.g..,*  3/25/2010 30(b)(6) Khare Depo. Tr.; 8/12/2010 30(b)(6) Larian Depo. Tr. at 3836:4-3839:12; 4114:15-4117:21.

## IX.   TOPIC 32 IS NOT RELEVANT TO ANY CLAIM OR DEFENSE IN THIS LITIGATION.

Topic 32 is pure and simple harassment.  Without any factual basis, Mattel requests that MGA prepare a witness to testify about MGA's activities at toy industry fairs and trade shows, including its accessing of booths of other toy manufacturers using fake identification and MGA's security policies for its booth. This Topic is not relevant to any claim or defense in this litigation.  Rather, it is MGA that has alleged that Mattel employees sneak into private showrooms in toy fairs using fake identification based on the recent testimony by a former Mattel employee, Sal Villasenor.  Mattel cannot simply turn this around and seek testimony on this topic from MGA when it has no facts to support this request and no claim or allegation related to MGA's activities in toy fairs and trade shows.

Further, to the extent Mattel claims any relevance, it has already received testimony on this very topic from Mr. Larian, MGA's 30(b)(6) witness at a deposition taken less than two weeks ago.[42]  Specifically, Mattel questioned Mr. Larian on August 12, 2010 as to whether MGA has obtained any information from Mattel showrooms or from toy fairs, knowledge of MGA of any of its employees accessing Mattel showrooms, use of any false identification by MGA employees to access Mattel showrooms, and whether such conduct was ethical.[43] Further, he was also questioned on what steps MGA took to keep its information confidential at toy fairs.  Mr. Larian provided full responses to Mattel's questions. Thus, good cause exists for a protective order on this Topic as it seeks irrelevant information and is also duplicative of prior 30(b)(6) testimony.

## X.   TOPIC 33 IS DUPLICATIVE OF PRIOR MGA 30(B)(6) DEPOSITION TESTIMONY.

Topic 33 seeks testimony on MGA's knowledge of documents that Mattel identified as their trade secrets in their Supplemental Response to Interrogatory

---

[42] 8/12/2010 Larian Depo. Tr. at 3762-3824; 3861-64.
[43] *Id.*

1   No. 20 in Mattel's Third Supplemental Objections and Responses to MGA's

2   Second Set of Interrogatories.  In its supplemental response to Interrogatory No.

3   20, Mattel identified documents allegedly taken by Jorge Castilla, Dan Cooney,

4   Nick Contreras, and Carter Bryant.  This Topic is duplicative and unduly

5   burdensome as MGA has already provided ample 30(b)(6) testimony on Mattel's

6   trade secret allegations, and specifically has provided a 30(b)(6) witness to testify

7   on this very topic.  These topics are duplicative of topics 33, 35, 40-41, 63, and 79

8   of Mattel's 4th Phase 1 Deposition Notice served on September 1, 2008 [44], and

9   Category 12 of Mattel's March 2 Letter (documents and internal Mattel

10  information taken by former Mattel employees, MGA's knowledge of it, any use

11  or disclosure by MGA, and where such information was located or kept).[45]

12      MGA's 30(b)(6) witness Ron Brawer provided ample testimony on these

13  issues with regard to Castilla, Cooney, and Contreras.  For example, Mr. Brawer

14  testified as to Mattel's trade secret allegations regarding Castilla, the documents

15  that he allegedly took from Mattel, and why Castilla chose to come to MGA.[46]

16  Similarly, he also testified regarding Mattel's trade secret allegations with regard

17  to Cooney and Contreras, including why each chose to come to MGA,

18  communications with MGA before they joined MGA, and documents on Cooney's

19  computer.[47]  Subsequently Mattel moved to compel MGA on Topic 12.  In its

20  June 14, 2010 Order, the Court recognized that MGA has already provided

21  testimony with regard to Castilla, Cooney, and Contreras, and excluded them

22  from further deposition requiring MGA to produce a witness with regard to

23  alleged trade secret theft by Machado, Trueba, Brisbois, Bryant, Salazar, Cabrera,

24  and Morales.  The Court further limited MGA's testimony on Topic 12 to four

25  hours.  MGA produced Schuyler Bacon on June 21, 2010 on Topic 12.[48]  Mattel's

---

[44] Mark Wine Decl. Ex. D at 41, 42, 44, 46
[45] Mark Wine Decl. Ex. B at 20.
[46] 3/24/2010 Brawer Depo. Tr. at 271-279; 323-334; 346-370.
[47] Id. at 309-313; 395-399; 313-314; 346-347; 381-383.
[48] 6/21/2010 Bacon Depo. Tr. at 1507:24-1508:11.

NOTICE OF MOTION & MOTION FOR PROTECTIVE ORDER
CASE NO. CV 04-9049-DOC (RNBx)

1   counsel had ample opportunity to question MGA's corporate witness on any

2   Mattel internal information allegedly taken by Carter Bryant.  Thus, Mattel's

3   attempt to re-depose MGA on this topic is both duplicative and a contravention of

4   the Court's limitation set forth in its June 14 Order.  Accordingly, good cause

5   exists for the Court to grant a protective order.

6   **XI.   TOPICS 34-40 SEEKS TO CIRCUMVENT THE COURT'S PROTECTIVE ORDER AND IS ALSO IRRELEVANT,**

7   **OVERBROAD AND BURDENSOME.**

8         Topics 34-40 seek testimony concerning MGA's employment agreements;

9   MGA's understanding of any clauses therein relating to the assignment of

10  ownership of inventions and other intellectual property created by its employees;

11  and MGA's practices and procedures relating thereto.[49]  Good cause exists for the

12  Court to grant a protective order because these topics mirror a previous 30(b)(6)

13  topic for which the Court *already* granted a protective order.

14        Topics 34-40 of the subject notice are both cumulative and duplicative of

15  Topic 16 of Mattel's Second Notice.[50]  Topic 16 seeks testimony on:

16        **Topic 16**:  Each form of agreement in use by MGA from 1975 to the

17        present between MGA and its employees or independent contractors that MGA contends governs (a) the ownership or assignment of any original works of authorship or inventions of its employees or independent

18        contractors, and/or (b) the use, disclosure, or protection of information that MGA considers to be confidential to which its employees or

19        independent contactors were privy[.]

20        It is beyond dispute that Topics 34-40 of the Third Notice and Topic 16 of

21  the Second Notice cover the same subject matter and would elicit from MGA's

22  corporate witnesses virtually identical testimony.  MGA moved for a protective

23  order on Topic 16 of Mattel's Second Notice.[51]  On September 2, the Court

24  granted MGA's motion for a protective order as to Topic 16, rejecting Mattel's

25  arguments that MGA's testimony on this burdensome topic was necessary, and

26  _____

27  [49] MGA also objects to Topics 34-40 as overbroad and unduly burdensome on grounds that Mattel fails to specify any temporal limitation as to the subject matter.

28  [50] Dkt. # 8448, Ex. A at 11-12.
    [51] Dkt. # 8447.

NOTICE OF MOTION & MOTION FOR PROTECTIVE ORDER
CASE NO. CV 04-9049-DOC (RNBx)

1   holding that, to the extent that MGA's employment agreements are even relevant,

2   "[MGA's] agreements speak for themselves."[52]  Mattel should not be permitted to

3   circumvent the directive of the Court by propounding deposition topics on which

4   the Court has already deemed improper.  In this regard, good cause exists for a

5   protective order as to Topics 34-40.[53]

6   **XII.   TOPIC 41 IS DUPLICATIVE OF PRIOR TESTIMONY.**

7        Topic 41 seeks testimony on forecasts and projections of Bratz revenues,

8   profits and growth rates from 2008 to the present.  Topic 41 does not lend itself to

9   testimony, and the information can be more easily made available through

10  documents.  The Court has previously endorsed less burdensome means of

11  discovery through documents where applicable.[54]  Morever, the Court narrowed

12  Mattel's expansive discovery requests with regard to MGA's forecasting systems

13  and limited such discovery to 6 months before and after a former Mattel employee

14  started work at MGA or other limitations.[55]  Further, testimony regarding its

15  forecasted or projected revenue is the subject of expert testimony.

16       Moreover, Topic 41 is duplicative of Mattel's Fourth Phase 1 Notice Topic

17  11(sales forecasts of contested MGA products), 24 (sales forecasts of contested

18  Mattel products), and 100 (forecasting software since 2005) and First Phase 2

19  Notice Topic 23 (supply chain and sales forecasting), 24 (forecast portal), 26

20  (forecasting software), and 27(sales forecasting processes).[56]

21       Mattel has already received testimony from Nicole Coleman on MGA's

22  forecasting systems and methodologies.[57]  In addition to Ms. Coleman, Jorge

23  ------

24  [52] Dkt. # 8684 at 4.
    [53] Apart from the aforementioned reasons, a protective order is warranted for
    Topics 34-40 because these topics are also duplicative of prior 30(b)(6) topics
25  noticed in Phase 1.  For example Mattel's Third Notice of 30(b)(6) Deposition of
    MGA (Phase 1) served June 6, 2007, seeks testimony as to MGA's employment
26  agreements since January 1, 1995 (Topic 4) and MGA's policies requiring
    employees to sign or execute employee agreements (Topic 5).
27  [54] Dkt. # 8684 at 4.
    [55] Dkt. # 8459 at 4-5.
28  [56] Mark Wine Decl. Ex. D at 38, 40, 48; Ex. C at 29, 30.
    [57] 1/5/10 Coleman Depo. Tr.; 1/8/2010 Coleman Depo. Tr.

- 16 -

1    Castilla and Dennis Jolicoeur also testified on MGA's forecasts.[58]  Thus, Topic 41

2    is also duplicative of prior deposition topics and deposition testimony.

3    **XIII.  TOPICS 52-61 ARE IRRELEVANT, OVERBROAD, DUPLICATIVE
     AND CUMULATIVE TO PRIOR TESTIMONY.**

4          Topics 52-61 seek testimony related to Ryan Tumaliuan. ████████████

5    ███████████████████████████████████████████████████████████████████

6    ███████████████████████████████████████████████████████████████████

7    ███████████████████████████████████████████████████████████████████

8    ███████████████████████████████████████████████████████████████████

9    ██████████████████████████████████████████████████  The lack of

10   substance around this set of ten topics is best illustrated by the fact that Mattel

11   makes no mention of Mr. Tumaliuan in any operative pleading in this case.  This

12   matter is simply a fabrication in search of evidentiary support where none exists.

13         Specifically, Topics 52-53 seek testimony as to communications with

14   Tumaliuan.  Topics 54-57, 59-60 seek information related to Tumaliuan's

15   employment at MGA, including his position, job responsibilities, performance,

16   any payment made to him, his personnel file, his departure, and any investigation

17   of him.  Topic 58 seeks information about the circumstances surrounding his

18   departure from Mattel and Topic 61 seeks information about MGA's knowledge

19   of Tumaliuan's simultaneous employment with MGA and Mattel.

20         These Topics are simply a fishing expedition with no factual basis as to

21   their relevance to this litigation.  Despite the voluminous record in this case,

22   Tumaliuan has not been identified in any operative pleading or discovery response

23   as being relevant to any claim or defense in this litigation.  To the extent there is

24   any marginal relevance, Mr. Larian in his role as MGA's 30(b)(6) witness was

25   already questioned on Mr. Tumaliuan at his deposition on August 12, 2010.[59]

26   ███████████████████████████████████████████████████████████████████

27   ───────────────────────────────
     [58] 10/22/08 Castilla Depo. Tr. at 349-352; 9/2/10 Jolicoeur Depo. Tr. (Rough) at
     98-114; 133-36; 160-64.

28   [59] 8/12/10 Larian Depo. Tr. at 3911:12-3925:10
     ───────────────────────────────

[black redaction box] Mattel has already

obtained MGA's 30(b)(6) testimony from Isaac Larian on Mr. Tumaliuan and there is simply nothing more to be gleaned from another duplicative deposition.

## XIV.   TOPIC 62 IS IRRELEVANT, OVERBROAD AND BURDENSOME, AND ALSO DUPLICATIVE OF MGA'S PRIOR TESTIMONY.

Topic 62 seeks testimony regarding MGA's work on several projects that Jorge Castilla was involved in, including MGA's forecasting portal, demand planning process, inventory management systems, data warehousing, forecast reporting systems, and Axapta systems.  First, this topic is grossly overbroad as to encompass irrelevant subject matter as it seeks testimony on MGA's own development of its internal systems and processes such as its forecasting systems, demand planning process and inventory management systems, which have nothing to do with this litigation.  To the extent Mattel argues that this Topic is relevant to its trade secret allegations with respect to Jorge Castilla, this Topic is duplicative and MGA has already provided 30(b)(6) testimony on this issue.

This topic is duplicative of topics 33, 35, 40-41, 63, and 79 of Mattel's 4th Phase 1 Deposition Notice served on September 1, 2008 [61] and Category 12 of Mattel's March 2 Letter [62].  MGA's 30(b)(6) designee Ron Brawer provided 30(b)(6) testimony on Mattel's trade secret allegations, and provided detailed testimony on Mattel's trade secret related topics including MGA's knowledge of any Mattel internal information taken from Mattel by Jorge Castilla, any use or disclosure to MGA of any Mattel internal information taken by Jorge Castilla, and

---

[60] Mark Wine Decl. Ex. E (MGA2 1756419-420) (E-mail from Larian to Caspi, dated June 10, 2003)
[61] Mark Wine Decl. Ex. D at 41, 42, 44, 46.
[62] Mark Wine Decl. Ex. B at 20 .

1  knowledge of where such information may be stored or present.[63]  Indeed, when

2  Mattel subsequently moved to compel further 30(b)(6) testimony on Topic 12, the

3  Court limited further deposition to alleged trade secret theft by individuals other

4  than Castilla because Mattel had already received testimony on any trade secret

5  allegation with respect to Jorge Castilla.[64]

6       This topic is also duplicative of numerous topics related to inventory and

7  supply chain issues.[65]  Nicole Coleman, former MGA's Vice-President of Sales

8  Operations and Mr. Castilla's supervisor at MGA, testified in detail about Mr.

9  Castilla's work at MGA, specifically regarding his work on the projects identified

10  by Mattel in Topic 62 such as the inventory systems, demand planning processes

11  etc.[66]  She further testified about MGA's forecasting systems and demand

12  planning systems.[67]  The Court granted Mattel's Motion to compel documents

13  regarding MGA's forecasting systems and processes and all such documents have

14  been produced.[68]  Good cause exists for a protective order as to Topic 62.

15  **XV.  TOPICS 63-74 ARE OVERBROAD, BURDENSOME, AND**
16  **DUPLICATIVE AND CUMULATIVE OF PRIOR TESTIMONY.**

17       Topics 63-74 seek testimony on MGA's average weekly fill rates, average

18  weekly instock percentages, and average weekly weeks of supply with retailers

19  Toys R'Us, Walmart, Kmart, and Target from 2001 to present.  First, Topics 63-

20  74 seek purely statistical information and do not lend themselves to 30(b)(6)

21  testimony.  The information sought is more easily made available through

22  documents.  Thus, it is unduly burdensome to prepare a 30(b)(6) witness on nearly

23  ten years of weekly statistical data.  The Court has previously endorsed less

24  burdensome means of discovery through documents where applicable.[69]

25  [63] 3/24/2010 Brawer Depo. Tr. at 271-279; 323-334; 346-370.
26  [64] Dkt. 8104 at 9 (Category 12)
[65] Mark Wine Decl. Ex C at 12-14 (First Phase 2 Notice, Topics 20, 23-27, 29-30)
27  [66] 1/8/2010 Coleman Depo. Tr. at 354-428:20; 581:7-623:6.
[67] 1/5/10 Coleman Depo. Tr.; 1/8/2010 Coleman Depo. Tr.
28  [68] Dkt. 8459 at 4-5.
[69] Dkt. # 8684 at 4.

- 19 -

Further, these topics are duplicative of numerous topics related to inventory and supply chain issues.  See for example, Mattel's First Phase 2 Notice dated 1/26/2010, Topic 20 (inventory levels), 23 (forecasting and supply chain), 24(forecast portal), 25 (planning process), 26 (planning, inventory, shipping software), 27 (forecasting processes), 29 (analyses of planning and forecasting) and 30 (analyses and commentary from third parties/customers regarding in-stock performance). [70]  Mattel has already received testimony from numerous deponents on this issue.  For example, Nicole Coleman, MGA's former Vice President of Sales Operations testified regarding fill rates[71] and instock percentages[72].  She specifically answered questions about MGA's sales forecasting system and the factors used for sales forecasting for various customers such as Walmart.[73]  Mr. Brawer testified about inventory at retailers including weekly supplies of inventories.[74]  As such, these Topics are duplicative of prior deposition testimony.

## CONCLUSION

For the foregoing reasons, and good cause existing, the MGA Parties request that the Court grant this motion for a protective order as to Topics 1-15, 21-41, and 52-74 of Mattel's Third Notice.

Dated:     September 10, 2010

Orrick, Herrington & Sutcliffe LLP

By: _____
                MARK P. WINE
            Attorneys for MGA Parties

---

[70] Mark Wine Decl. Ex. C at 12-14.
[71] 1/8/2010 Coleman Depo. Tr. at 388:20-391:2; 474:16-486:20; 1/5/2010 Coleman Depo. Tr. at 176:16-182:22.
[72] 1/5/2010 Coleman Depo. Tr. at 176:16-186:22.
[73] Id. at 64-86.
[74] 7/1/2010 Brawer Depo. Tr. at 1517:4-1519:5.