QUINN EMANUEL URQUHART & SULLIVAN, LLP
  John B. Quinn (Bar No. 090378)
  (johnquinn@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>MGA ENTERTAINMENT, INC., a California corporation, et al.,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 DOC (RNBx)<br>Consolidated with<br>Case Nos. CV 04-09059 & CV 05-02727<br><br>Hon. David O. Carter<br><br>**[PUBLIC REDACTED] SUPPLEMENTAL RESPONSE REGARDING MGA'S MOTION TO COMPEL DOCUMENTS REGARDING MATTEL'S THEFTS OF CONFIDENTIAL COMPETITOR INFORMATION**<br><br>Hearing Date: TBD<br>Time: TBD<br>Place: TBD<br><br>**Phase 2**<br><br>Discovery Cutoff: TBD<br>Pre-trial Conference: TBD<br>Trial: TBD |

Misrepresenting the record in this case, MGA submitted earlier today a belated Supplemental Declaration of Annette L. Hurst Regarding MGA's purported Motion to Compel Documents Regarding Mattel's Thefts of Competitor Information. The "Supplemental Declaration" is misleading both about document production in this case and about statements during last night's hearing.

MGA asserts that at yesterday's hearing Mattel's counsel stated Mr. Villasenor had nothing to do with MGA. In fact, in correcting MGA's shrill rhetoric and erroneous factual claims at the hearing, Mattel's counsel accurately recited that Mr. Villasenor, as well as MGA executive Ron Brawer, testified that Mr. Villasenor had not used false identification to enter MGA showrooms.[1] The information that Mr. Villasenor obtained pertaining to MGA was from a trade fair in Pomona that he testified was open to the public.[2] Furthermore, as Mattel's counsel accurately recited, MGA's own executives, including Isaac Larian, have admitted under oath that MGA information provided to retailers is not confidential.[3] MGA's CFO, Dennis Jolicouer, specifically testified that ███████████████████████████████████████[4]

There is no indication from the email touted by MGA and attached as Exhibit A to MGA's Supplemental Declaration that Mr. Villasenor obtained any MGA price list or catalog from an MGA showroom or through any other improper means. Further,

---

[1] See Deposition Transcript of Sal Villasenor, at 74:20-21; Deposition Transcript of Ron Brawer, Vol. 2, at 641:22-24.
[2] See Villasenor Depo., at 168:14-23.
[3] See, e.g., Deposition Transcript of Isaac Larian [30(b)(6)], Vol. 15, at 3867:5-9 ███████████████████████████████████████
[4] See Deposition Transcript of Dennis Jolicoeur [30(b)(6)], Vol. 18, at 4984:23-4988:6 ███████████████████████████████████████

despite what MGA strains to suggest, there has been no concealment that Mattel had price lists and catalogs from MGA, which is what MGA says the emails shows. Mattel has produced MGA catalogs and price lists it has located after a reasonable search.[5] MGA's own prior submissions confirm this. Even apart from the undisputed fact that two MGA executives knew since at least 2004 of Mr. Villasensor's activities,[6] MGA's Reply (Dkt. No. 8710 at 6:1-11) previously cited and attached to the Molinski Declaration (Dkt. No. 8706, Exh. C) an email from Mr. Villasenor to Mr. Bousquette that contained ***virtually identical language*** to the language in the email attached to the Hurst Declaration. A simple side-by-side comparison of the text of the emails shows the falsity of MGA's latest claim:

| In the email attached as Exhibit A to the Supplemental Declaration, Villasenor wrote: | In the email attached as Exhibit C to the Molinski Declaration submitted with MGA's Reply, Villasenor wrote: |
|---|---|
|  | |

---

[5] MGA catalogs, including catalogs with Mr. Villasenor identified as the Custodian, were produced on July 7 (M 1663256- M 1663271, M 1663272 - M 1663275), August 6 (M 0110726), and August 7, 2010 (M 1681274 - M 1681340, M 1681341 - M 1681372, M 1681373 - M 1681463). MGA price lists, including price lists with Mr. Villasenor identified as the Custodian, were produced on March 26 (M 1241612- M 1241626, M 1242038 - M 1242045, M 1242046 - M 1242056), July 7 (M 1663721 - M 1663776, M 1664944- M 1664957, M 1664958- M 1664966), July 10 (M 1665998- M 1666013), and August 7, 2010 (M 1681272- M 1681273, M 1681269 – M 1681271).

[6] See Docket No. 8583 at ¶ 14; Brawer Depo., Vol. 2 , at 640:25-641:6; 645:14-18.

[redacted image block]

Accordingly, MGA is using the email it located last night as a pretext to burden this Court and Mattel with further argument, which is improper. In fact, it only serves to underscore that MGA continues to ignore the actual dispute on its motion: that its requests for documents about companies *other than* MGA are overbroad and seek irrelevant information. What MGA touts as a supposed new revelation does nothing to change that.

Also seeking to avoid defending the actual requests at issue, MGA makes an inappropriate, after-thought request for an Order to Show Cause. MGA attempts to suggest that Mattel's search terms were somehow used to screen Villasenor documents during the search of Mr. Bousquette's hard drive, but that is false. The Court will recall that Mattel previously offered to run search terms selected by MGA on Mr. Bousquette's hard drives. See March 9, 2010 Hearing Transcript, at 19:11-20. That did not happen only because, as is its practice, MGA refused to do that which it demanded of Mattel: MGA refused to run search terms provided by Mattel for MGA witnesses.

Similarly without merit are MGA's persistent attempts to mischaracterize the bare, unremarkable fact that Mattel – like MGA – continues to produce documents as evidence that documents were withheld. MGA was the party that chose to actively pursue discovery regarding Villasenor until only this year, even though it has been well aware of his activities since at least as early as 2004 through its executives, Mr. Machado and Mr. Brawer. In contrast to the single e-mail MGA relies on – which is cumulative of another email MGA already had as shown above – MGA has produced

literally hundreds of thousands of documents after the depositions of key witnesses in this case.[7] MGA also only recently produced hundreds of thousands of pages from the hard drives of Isaac Larian, even though that production has been repeatedly ordered for years. Indeed, MGA has produced more than 1.4 ***million*** pages in the past four weeks alone. And, ironically, MGA itself still has not produced complete documents concerning even Mr. Villasenor, including the documents regarding its efforts to hire him to work for MGA, despite repeated promises that such documents would be produced.

DATED: September 10, 2010         QUINN EMANUEL URQUHART &
                                  SULLIVAN. LLP


                                  By /s/ Michael T. Zeller
                                     Michael T. Zeller
                                     Attorneys for Mattel, Inc.

---

[7] This includes ***tens of thousands*** of documents from witnesses such as Jorge Castilla, Paula Garcia, Heather Polk (on August 27, 2010), Ron Brawer, Janine Brisbois, Nick Contreras, Dan Cooney, Margaret Leahy, Gustavo Machado, Mariana Trueba, Pablo Vargas, and Nicole Coleman (on August 20, 2010).