ANNETTE L. HURST (State Bar No. 148738)
ahurst@orrick.com
WARRINGTON S. PARKER III (State Bar No. 148003)
wparker@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building, 405 Howard Street
San Francisco, CA 94105
Tel. (415) 773-5700/ Fax: (415) 773-5759

WILLIAM A. MOLINSKI (State Bar No. 145186)
wmolinski@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA 90017
Tel. (213) 629-2020/Fax: (213) 612-2499

THOMAS S. McCONVILLE (State Bar No. 155905)
tmcconville@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
4 Park Plaza, Suite 1600
Irvine, CA 92614-2258
Tel: (949) 567-6700/Fax: (949) 567-6710

Attorneys for MGA Parties

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant. | Case No. CV 04-9049-DOC (RNBx)<br><br>Consolidated with:<br>Case No. CV 04-9059<br>Case No. CV 05-2727<br><br>Hon. David O. Carter<br><br>**NOTICE OF MOTION AND MOTION FOR PROTECTIVE ORDER RE DEPOSITION OF RON BRAWER**<br><br>Date: TBD<br>Time: TBD<br>Place: Courtroom 9D<br><br>Trial Date: January 11, 2011 |
| AND CONSOLIDATED ACTIONS | |

**<u>TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:</u>**

PLEASE TAKE NOTICE that, on a date to be determined by the Court or as soon thereafter as the matter may be heard before The Honorable David O. Carter, located at 411 West Fourth Street, Santa Ana, California, MGA Entertainment Inc. "MGA" will, and hereby does, move this Court pursuant to Federal Rule of Civil Procedure 26(c)(1)(A) for a protective order regarding the deposition of Ron Brawer, currently scheduled for September 23, 2010.

This Motion is made on the grounds that Mr. Brawer has already been deposed for more than 45 hours over the course of six days. A seventh day of deposition is not necessary and would be duplicative of previous testimony.

This motion is based upon this Notice, the attached Memorandum of Points and Authorities, and the pleadings and records on file herein, and on such oral argument as may be presented by the parties at any hearing.

**Certification of Compliance**

Counsel for MGA met and conferred with Mattel's counsel regarding the deposition of Ron Brawer on numerous occasions in 2010.

Dated: September 17, 2010

Orrick, Herrington & Sutcliffe LLP

By: /s/ William A. Molinski
WILLIAM A. MOLINSKI
Attorneys for MGA Parties

# MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

Since 2008, Ron Brawer has been deposed six times in this case—for more than forty-five hours. Mattel has asked Mr. Brawer every conceivable question about the facts of this case—both in an individual capacity and as a 30(b)(6) witness. But Mattel still wants more.

In a knee-jerk reaction to MGA seeking only a *second* day of deposition testimony from Sal Villasenor—one of the central figures to MGA's counterclaims—Mattel requested an unprecedented *seventh* day of deposition testimony from Mr. Brawer. Mattel did not provide a reason for its belated request, and MGA is not aware of any other than a desire to harass MGA and annoy Mr. Brawer, who is now a third-party witness.

One year ago, Mattel made a motion for additional time to depose Ron Brawer. After briefing and oral argument, Discovery Master O'Brien gave Mattel an additional seven hours to complete its deposition. MGA more than complied with this order by making Mr. Brawer available for a deposition on five separate occasions in 2010 for a total of 37 hours, including 29 hours in his individual capacity.

With the close of discovery rapidly approaching, there is no reason for Mr. Brawer to sit through yet another day of deposition. Mattel has had ample opportunity to question this witness. There are no questions that Mattel could not have asked during the previous six opportunities to examine this witness. MGA respectfully requests that a protective order be entered prohibiting this deposition.

/ / /

/ / /

/ / /

/ / /

/ / /

## FACTUAL BACKGROUND

### A. Previous Depositions

As set forth below, Mattel has already deposed Ron Brawer six times in this case:

| | Deposition Date | Duration | Individual or 30(b)(6) |
|---|---|---|---|
| 1 | February 5, 2008 | 7 hours 13 minutes | Individual |
| 2 | January 26, 2010 | 8 hours 6 minutes | Individual |
| 3 | March 4, 2010 | 7 hours 7 minutes | Individual |
| 4 | March 5, 2010 | 6 hours 56 minutes | Individual |
| 5 | March 24, 2010 | 8 hours 24 minutes | 30(b)(6) |
| 6 | July 1, 2010 | 7 hours 11 minutes | Individual |

### B. Prior Motion Practice

In August of 2009, Mattel filed a motion for additional time to take the deposition of Ron Brawer. *See* Mattel Motion To Compel Further Deposition of Ronald Brawer (filed August 7, 2009 with Discovery Master O'Brien). After briefing and oral argument, Discovery Master O'Brien granted the motion and gave Mattel an additional 7 hours of deposition time. *See* Discovery Master O'Brien Order No. 63, at p. 14. Thereafter, MGA made Mr. Brawer available for deposition on five separate occasions.

### C. Mattel's Latest Request

At a discovery conference in August 2010, Mattel requested a seventh day of deposition testimony from Mr. Brawer. Mattel's request came minutes after MGA asked for a second day of deposition from Sal Villasenor. Mattel did not provide any explanation for wanting to take yet another day of deposition from Mr. Brawer. Nor did Mattel identify any questions that it did not cover or could not have covered with previous questioning of Mr. Brawer.

## ARGUMENT

Federal Rule of Civil Procedure 26 provides that "[a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending." Fed. R. Civ. P. 26(c). A Court may issue a protective order to "protect a party from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Protective orders provide a safeguard for parties and other persons in light of the otherwise broad reach of discovery. Fed. R. Civ. P. 26(c), Advisory Comm. Notes (1970); *United States v. Columbia Broadcasting System, Inc.*, 666 F.2d 364, 368-369 (9th Cir. 1982).

Under Rule 26(b), a Court may limit the frequency and/or extent of discovery if it determines that:

> (1) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>
> (2) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
>
> (3) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Fed. R. Civ. P. 26 (b)(2)(C)(i)-(iii).

All three criteria are met here. First, the discovery sought by Mattel is unreasonably cumulative because Mattel has already received and taken six days of deposition testimony from Mr. Brawer. During those six days, Mattel has asked Mr. Brawer every conceivable question about this case, including his employment at Mattel and his employment at MGA. Mattel has even asked about the lawsuit that Mattel filed individually against Mr. Brawer in 2004 but later dropped because it had no evidence that Mr. Brawer actually misappropriated anything. There is nothing new to cover with respect to Mr. Brawer's knowledge of this case.

Second, Mattel has had ample opportunity to take discovery from Mr. Brawer. As noted above, Mattel has already questioned Mr. Brawer for more

than forty-five hours. Mattel has also taken individual discovery from Mr. Brawer by requesting and receiving a forensic examination of his family's home computer. Mattel spared no expense prying into the life of Mr. Brawer and his family in this case. Mattel can hardly complain that it has not been given ample opportunity to take discovery from this witness.

Third, the burden and expense of taking a seventh day of deposition testimony from a third-party witness hardly justifies the time, money and effort that could be devoted to other, more pressing endeavors in this case. With only a few weeks left before the discovery cut-off, Mattel cannot explain what is so important about making Mr. Brawer sit for another seven hours of deposition testimony. Given the timing of Mattel's request (on the heels of MGA's request to take a second day of Sal Villasenor), the need for another deposition of Mr. Brawer is trivial at best.

**CONCLUSION**

For the foregoing reasons, MGA requests that the Court enter a protective order prohibiting any further deposition testimony from Ron Brawer.

Dated: September 17, 2010 Orrick, Herrington & Sutcliffe LLP

By: /s/ William A. Molinski
William A. Molinski
Attorneys for MGA Parties