**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

Case No. CV 04-9049 DOC (RNBx)                                         Date: September 17, 2010

Title: MATTEL, INC. v. MGA ENTERTAINMENT, INC.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

   Kathy Peterson                              Not Present
Courtroom Clerk                             Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS: ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT                             NONE PRESENT

PROCEEDING (IN CHAMBERS): ORDER OVERRULING MATTEL, INC.'S OBJECTIONS TO DISCOVERY MATTER ORDER NO. 99 [DOCKET 8657]

       Before the Court are Mattel, Inc. ("Mattel")'s Objections to Discovery Matter Order No. 99 (the "Objections"). After considering the moving, opposing, and replying papers, the Court SUSTAINS IN PART AND OVERRULES IN PART the Objections.

       Following the transfer of this case to this Court's docket, the Court permitted both Matetl and MGA to conduct 25 depositions. In recent weeks, MGA has requested additional depositions, which it claims are necessary to obtain discovery on its purported counterclaims-in-reply.

       On August 23, 2010, the parties informally met and conferred with the Discovery Master present, in an attempt to resolve disagreements concerning pending depositions. Following that meet and confer, the Discovery Master issued Order No. 99, which "recommend[s] that the Court permit each side to take a total of twenty-nine (29) depositions for Phase 2 of this case." The Discovery Master concluded that, as of the date of his order, Mattel had taken 26 depositions and MGA had taken 24 depositions. Thus, he recommended that the Court permit MGA to take an additional five depositions and permit Mattel to take an additional three depositions. Mattel objects.

       First, Mattel argues that the Discovery Master incorrectly calculated the number of depositions that Mattel had already taken. Specifically, Mattel objects to the Discovery Master's "inclu[sion] of three (3) depositions of 'Omni' witnesses prior to the" transfer of the case. Mattel

argues that the Discovery Master's decision to count the three Omni depositions against Mattel contravened a prior decision of this Court. However, the Court never ruled on whether the three Omni depositions would be counted towards the 25 permitted by the Court's order. And counting the three pre-transfer depositions is equitable, since only Mattel had conducted depositions prior to the transfer of the case, and Mattel shouldn't profit from the timing of the transfer of this action to this Court's docket – an administrative matter that was in neither party's control.

Second, Mattel argues that the Discovery Master erred by permitting both parties, and specifically MGA, to exceed the 25 deposition limit. However, at the September 1, 2010 hearing on pending discovery disputes, the Court already concurred with the Discovery Master's reasoning. Specifically, the Court noted that the additional depositions ordered by the Discovery Master were necessary, in light of MGA's claimed need to obtain discovery into Mattel's supposed theft of competitors' trade secrets.

Mattel responds that the Court should stay the depositions pending its ruling on Mattel's pending Motion to Dismiss and/or Strike MGA's counterclaims-in-reply. Though the Court had stayed certain written discovery into the counterclaims-in-reply, MGA has since represented that the underlying issues – *i.e.*, the activities of Mattel's Competitive Intelligence Department – are relevant to other claims and affirmative defenses. In light of MGA's representation, the Court sees no basis on which to continue restricting discovery into these issues, especially in light of the fact that the parties have not completed the briefing on Mattel's substantive motions and the discovery cut off looms.

Third, Mattel objects to the Discovery Master's recommendation that the Court permit additional deposition time with Villasenor, Eckert, and Bossick. Mattel's objection is moot as to Villasenor, since the parties have already completed his continued deposition. Mattel's objection is also moot as to Eckert, since the Court has already ruled that MGA is entitled to an additional four hours (and no more) with Mr. Eckert.

Nevertheless, Mattel's objection to the deposition of Mr. Bossick is meritorious. As Mattel argued to the Court in its briefing and at oral argument, Mr. Bossick's health precludes him from attending a deposition. MGA responds by implying that the topic on which it seeks to depose Mr. Bossick is so "critically important," that his medical concerns should be cast aside. This is not the first time that MGA's counsel has attempted to downplay personal hardships suffered by other parties and counsel in this lawsuit. *See, e.g.*, Order Granting Mattel's *ex parte* Application re Discovery Matter Orders No. 89/91. At deposition, MGA's counsel apparently recognized the incredible burden that would befall Mr. Bossick were this Court to compel his deposition. Counsel withdrew MGA's request to depose Mr. Bossick and, instead, requested that Mattel produce documents relevant to the "Bratz Brief." This request for documents is GRANTED. In addition, MGA can ask Mr. Eckert about the "Bratz Brief" at his continued deposition. Mattel's Objection to the Discovery Master's Order scheduling Bossick's deposition is SUSTAINED.

   Fourth, Mattel objects to the Discovery Master's recommendation that Mattel not be allowed to depose Ana Cabrera and Beatriz Morales. Both individuals had been compelled to attend depositions by Judge Larson, who previously presided over this case. Mattel alleges that Cabrera and Morales are former Mattel employees who were bribed by MGA vendor Veronica Marlow to work on the Bratz line of dolls even during their employment with Mattel. Cabrera and Morales invoked their Fifth Amendment privilege against self-incrimination at their phase 1 depositions. The Discovery Master recommended that the Court prevent Mattel from deposing the two individuals, since their depositions would exceed the 29 (now allotted to Mattel). Mattel responds that "their further depositions . . . should not be counted against Mattel a second time since those depositions were already the subject of pre-existing Orders." However, those "pre-existing Orders" concerned phase 1 discovery. It has long been the practice of the parties (and the Court) to "double-count" depositions of individuals who were already deposed in Phase 1, like Larian and Eckert. Nevertheless, Mattel has shown a need for the two depositions that is critical and time sensitive, in light of the relevance of the Ninth Circuit's July 22, 2010 opinion. Accordingly, Mattel's Objections to the Discovery Master's recommendation that Mattel not be allowed depose Cabrera and Morales are SUSTAINED. Mattel shall be permitted to depose each individual for four hours.

   Fifth, Mattel objects to the Discovery Master's recommendation that each side be permitted co-equal time to depose the other side's 30(b)(6) designees. However, Mattel's argument ignores the breadth of the topics listed in MGA's Fourth Notice of Deposition. Mattel's objections are OVERRULED.

   The Clerk shall serve this minute order on all parties to the action.