ANNETTE L. HURST (State Bar No. 148738)
ahurst@orrick.com
WARRINGTON S. PARKER III (State Bar No. 148003)
wparker@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
405 Howard Street
San Francisco, CA 94105-2669
Tel: (415) 773-5700/Fax: (415) 773-5759

WILLIAM A. MOLINSKI (State Bar No. 145186)
wmolinski@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA 90017
Tel. (213) 629-2020/Fax: (213) 612-2499

THOMAS S. MCCONVILLE (State Bar No. 155905)
tmcconville@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
4 Park Plaza, Suite 1600
Irvine, CA 92614-2258
Tel: (949) 567-6700/Fax: (949) 567-6710

Attorneys for MGA Parties

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware Corporation<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS. | Case No. CV 04-9049-DOC (RNBx)<br><br>Consolidated with:<br>Case No. CV 04-9059<br>Case No. CV 05-2727<br><br>**DECLARATION OF THOMAS S. McCONVILLE IN RESPONSE TO THE ORDER TO SHOW CAUSE DATED SEPTEMBER 20, 2010; EXHIBITS**<br><br>Trial:   January 4, 2011 |

I, Thomas S. McConville, declare as follows:

1. I am an attorney at the law firm of Orrick, Herrington & Sutcliffe LLP, counsel of record for the MGA Parties in the above-captioned action. I am a member in good standing of the State Bar of California and am admitted to practice before this Court. I have personal knowledge of the facts set forth in this declaration unless otherwise expressly stated, in which case it is on information and belief. If called as a witness, I could and would testify competently to such facts under oath.

2. On July 30, 2010, counsel for MGA sent 2 letters to counsel for Mattel requesting a meet and confer on the motions which are the subject of the Court's order to show cause. Attached hereto as **Exhibit 1** are true and correct copies of the meet and confer letters sent by Orrick, Herrington & Sutcliffe LLP to Quinn Emanuel dated July 30, 2010.

3. On Thursday, August 5, 2010, counsel for Mattel sent an email response, stating Mattel's availability for a meet and confer on August 11, 2010. Attached hereto as **Exhibit 2** is a true and correct copy of the email response sent by Quinn Emanuel to Orrick, Herrington & Sutcliffe LLP dated August 5, 2010.

4. The parties had previously scheduled a meet and confer for August 9, 2010 to discuss the case schedule, and also to discuss whether any stipulations could be reached between the parties concerning the Phase 1 verdict in light of the Ninth Circuit's ruling, as required by the Court in a prior order. In MGA's view, this meet and confer required the participation of lead counsel.

5. In advance of the August 9, 2010 meet and confer, I advised counsel for Mattel, attorney Scott Watson of the Quinn Emanuel firm, that MGA viewed the August 9, 2010 meet and confer as requiring lead counsel from Mattel to participate. Mr. Watson advised that he was not certain that lead counsel for Mattel could participate, and that Mattel did not view the scheduled meet and confer as requiring the participation of lead counsel. It is my understanding the one lead

counsel for Mattel was on a plane to New York for another court hearing related to this litigation, though MGA's counsel, who also had to participate in the New York proceeding scheduled a late night flight to participate in the August 9, 2010 meet and confer. It is my further understanding that Mattel's other lead counsel was in trial on August 9, 2010.

6. In an August 9, 2010, email exchange, counsel for MGA advised counsel for Mattel that it intended to file motions which are the subject of the Court's order to show cause. In that email exchange, counsel for MGA advised counsel for Mattel that the meet and confer requirement established by the Court's June 7, 2010 order would be satisfied by the previously scheduled meeting of counsel set for August 9, 2010. By August 9, 2010, more than a week had already passed since MGA had sent its request for a meet and confer on these topics. Attached hereto as **Exhibit 3** is a true and correct copy of the email exchange between Orrick, Herrington & Sutcliffe LLP and Quinn Emanuel dated August 9, 2010.

7. On August 9, 2010, lead counsel for MGA participated in a meet and confer with counsel for Mattel. However, lead counsel for Mattel was not on the meet and confer. It was MGA's intention to raise on the August 9, 2010 the issues which are the subject of the Court's order to show cause.

8. As the Court had previously advised the parties on numerous occasions that discovery would close soon after the Ninth Circuit's ruling, MGA did not want to delay any further its discovery motions. Further, as evidenced by the attached exhibits, MGA had been attempting to schedule a meet and confer with Mattel since July 30, 2010.

9. MGA's counsel attempted in good faith to hold a lead counsel meet and confer prior to filing its motions which are the subject of the order to show cause. The Court's June 7, 2010 order did not have a mechanism for forcing compliance with the meet and confer. We did not think it prudent to wait any

longer in light of the Court's repeated statements of its intention to close discovery shortly after the Ninth Circuit's ruling.

10. In sum, I did not hold a lead counsel meet and confer, though it was not through lack of effort. We thought a lead counsel meet and confer would take place on August 9, 2010, but it did not.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 21st day of September, 2010, at Irvine, California.

*/s Thomas S. McConville*
Thomas S. McConville