

ORRICK

ORRICK, HERRINGTON & SUTCLIFFE LLP
777 SOUTH FIGUEROA STREET
SUITE 3200
LOS ANGELES, CALIFORNIA 90017-5855

tel +1-213-629-2020
fax +1-213-612-2499

WWW.ORRICK.COM

*VIA E-MAIL AND U.S. MAIL*

July 30, 2010

William A. Molinski
(213) 612-22546
wmolinski@orrick.com

John B. Quinn, Esq.
Michael T. Zeller, Esq.
Marshall M. Searcy III, Esq.
QUINN EMANUEL URQUHART & SULLIVAN, LLP
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017

Re:   MGA v. Mattel, Inc.

Dear Counsel:

I write to request a meet and confer regarding Mattel's Responses to MGA's Seventh Set of Requests For Production that were served on July 19, 2010. As set forth below, Mattel is refusing to produce documents responsive to a number of requests that are directly relevant to the claims and defenses at issue in this case. MGA hereby requests that Mattel withdraw its objections to these requests and provide amended responses that comply with the Rules of Civil Procedure. Please let me know your availability for a telephone conference regarding these issues.

Trade Secret Requests

Mattel is refusing to produce documents concerning several requests that directly relate to Mattel's trade secret allegations in this case. Specifically, Request Nos. 286, 290, 291 and 292 seek documents and communications that evidence, refer or reflect the creation and source of information for documents that Mattel has identified as containing its alleged trade secrets. The documents that are the subject of these requests are identified by bates range and were listed in Mattel's Third Supplemental Response To MGA Phase 1 Interrogatory No. 20 (served on January 11, 2009). That interrogatory asked Mattel to identify its alleged trade secret documents in this case. Mattel has placed these documents at issue by listing them in its discovery response, and MGA merely seeks documents that evidence, refer or reflect the creation and source of information for these documents. The requested documents are relevant among other reasons because they may lead to the discovery of admissible evidence concerning ownership and the alleged confidential nature of Mattel's alleged trade secret documents. Mattel must therefore produce these documents.

Request Nos. 309, 311, 312, and 313 also seek documents related to Mattel's trade secret allegations—specifically as they relate to Janine Brisbois. For example, Request Nos. 309 and 313 seek documents and communications that refer or relate to Mattel Canada's participation in the Children's Miracle Network and to Mattel's Canada's Green Friday promotion with Toys R Us. These topics were identified by Mattel in the "Janine Brisbois" section of Mattel's Third

Exhibit 1, Page 4


ORRICK

Marshall M. Searcy III, Esq.
July 30, 2010
Page 2

Supplemental Response To MGA Phase 1 Interrogatory No. 20. *See* pages 239-244, 250. *See also* Mattel's Third Supplemental Response To MGA Phase 1 Interrogatory No. 22, at pages 318-319. Mattel accuses Ms. Brisbois of using "confidential information" related to the Children's Miracle Network and the Green Friday Promotion in those discovery responses. MGA therefore seeks documents related to those topics among other reasons to determine what (if any) information was "confidential" and whether it can be protected as a trade secret under California law.

Competitor Showroom Request

Request No. 323 seeks documents related to Mattel's practice of visiting competitor showrooms at the New York and Hong Kong Toy Fairs. This topic was the subject of extensive testimony at the recent deposition of Sal Villasenor, wherein he admitted that members of Mattel's Competitive Intelligence Department regularly used fraud and deceit, including the use of false names and fake employers, to gain access to competitor showrooms. Mr. Villasenor further testified that members of the Competitive Intelligence Department would then memorialize and present their ill-gotten information to senior management at Mattel in the form of written reports and annual presentations that were also videotaped.

Mattel has already conceded the relevance of this request by agreeing to produce several categories of documents referenced during Mr. Villasenor's deposition. *See* July 23, 2010 Letter from Marshall Searcy to William Molinski. In light of this concession, Mattel's refusal to produce documents responsive to this request is untenable. Mattel must supplement its response to this request to be consistent with its position on this issue.

Moxie Request

Request No. 322 seek documents related to the status of the name "Moxie" as Mattel's trade secret information. Mattel has belatedly asserted a trade secret claim regarding the name "Moxie" in its Fourth Amended Counter-Claim. As Judge Carter has expressed, MGA is entitled to discovery regarding Mattel's newly asserted claims. Mattel has no basis to withhold documents within its possession relating to its claim that "Moxie" is its trade secret information. Mattel must therefore amend its responses and produce responsive documents.

MGA Trade Dress and Unfair Competition Claim Requests

Request Nos. 324, 325, 326, 327, 328, 329, 330 and 335 seek documents related to MGA's trade dress and unfair competition claim against Mattel—specifically Mattel's use of trapezoidal packaging. Among other things, these requests seek documents related to: the creation, design and development of trapezoidal packaging by Mattel; Mattel products marketed and/or sold in trapezoidal packaging; the adoption of trapezoidal packaging by Mattel; trademark, copyright, patent or other clearance searches for trapezoidal packaging by Mattel; Mattel's awareness of any trademark or trade dress


**ORRICK**

Marshall M. Searcy III, Esq.
July 30, 2010
Page 3

registrations or design patents for trapezoidal packaging; and the marketing, first commercial use or sale, sales and profitability of Mattel products with trapezoidal packaging.

These requests are relevant because, as the Court has found, MGA's trade dress infringement claims with respect to Mattel's use of trapezoidal packaging are squarely within the case. Thus, MGA is entitled to discovery into the various aspects of Mattel's use of trapezoidal packaging sought by these requests, as it is relevant at least to Mattel's infringement, willfulness, and MGA's damages. Mattel must therefore amend its responses and produce responsive documents.

Damage Requests

Request Nos. 320, 332, 333 and 334 seek documents related to Mattel's purported damages in this case. Specifically, these requests seek an exemplar of each and every Mattel product that Mattel contends sustained damage in any way by MGA's alleged conduct, as well as documents that refer or relate to calculations regarding the value of the Bratz name to Mattel, lost sale opportunities to Mattel by products using the Bratz name, and market research or analysis regarding the Bratz product line.

Despite the Ninth Circuit's recent ruling, Mattel continues to assert rights to MGA's Bratz property. To the extent Mattel is claiming damages in connection with that property, it must produce the discovery to support its claims—including documents responsive to the aforementioned requests and exemplars of Mattel products alleged harmed by MGA conduct. Mattel has no legitimate basis for refusing these basic discovery requests.

Wee 3 Friends Requests

Request Nos. 347, 348, 349, 350, 352, 353, 354, 355, 356, 357, 358 359, 360, and 361 all seek documents related to the Wee 3 Friends product line. Among other things, these requests seek documents relating to the development, manufacturing, marketing, advertising, and sales of Mattel's Wee 3 Friends product, as well as the decision to discontinue the product line and not to run television advertising for the line. These documents are relevant to MGA's trade dress infringement claim against Wee 3 Friends, MGA's investigation of below cost pricing with respect to Wee 3 Friends as an element of its unfair competition claim, and Mattel's claimed damages with respect to its Wee 3 Friends product. For example, the requested documents are reasonably calculated to lead to admissible evidence regarding Mattel's rush to launch its Wee 3 Friends product line at great expense in response to MGA's announcement of its 4-Ever Best Friends product in an effort to


ORRICK

Marshall M. Searcy III, Esq.
July 30, 2010
Page 4

prevent MGA's 4-Ever Best Friends from gaining a foothold and then to drive it from the shelves altogether. Mattel must therefore amend its responses to these requests and produce responsive documents.

Very truly yours,

*[signature]*

William A. Molinski

WAM



ORRICK, HERRINGTON & SUTCLIFFE LLP
777 SOUTH FIGUEROA STREET
SUITE 3200
LOS ANGELES, CALIFORNIA 90017-5855

tel +1-213-629-2020
fax +1-213-612-2499

WWW.ORRICK.COM

VIA E-MAIL AND U.S. MAIL

July 30, 2010

William A. Molinski
(213) 612-2256
wmolinski@orrick.com

John B. Quinn, Esq.
Michael T. Zeller, Esq.
Marshall M. Searcy III, Esq.
QUINN EMANUEL URQUHART & SULLIVAN, LLP
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017

Re:   MGA v. Mattel, Inc.

Dear Counsel:

I write to request a meet and confer regarding the Responses of Mattel de Mexico, S.A. de C.V. ("Mattel Mexico") to MGA's 1st Set of Requests for Production that were served on July 20, 2010. As noted below, Mattel is refusing to produce documents responsive to a number of requests that are directly relevant to the claims and defenses at issue in this case. MGA hereby requests that Mattel withdraw its objections to these requests, provide amended responses that comply with the Federal Rules of Civil Procedure, and produce responsive documents. Please let me know your availability for a telephone conference regarding these issues.

Competitive Intelligence Requests

Mattel Mexico is refusing to produce documents responsive to a number of requests that concern Mattel Mexico's efforts to gather intelligence about its competitors and their products. Request Nos. 1, 2, 3, 4, 9, 29, 30, 32, 33 and 50 collectively seek documents and communications that refer or relate to competitive intelligence regarding MGA business plans, strategies and products, as well as any competitor price lists, competitor wholesale and retail pricing, and competitor product line offerings. As you know, it is no secret that Mattel and Mattel Mexico collected and maintained documents memorializing confidential competitor information. Among other examples, Gustavo Machado referenced a Hasbro price list that Mattel Mexico had in its possession, while Sal Villasenor testified in detail about Mattel Inc.'s practice of using false business cards to gain unauthorized access to competitor showrooms. Documents and communications that refer or relate to these activities are relevant because they demonstrate a pattern and practice by Mattel and Mattel Mexico of unfair competition. MGA therefore requests that these documents be produced.

Raid Requests

Request Nos. 5 and 6 collectively seek documents and communications that refer or relate to the search warrant and information seized by Mexican authorities from the offices of MGA de Mexico on October 27, 2005. Notwithstanding the obvious relevance of these requests to the allegations in

Exhibit 1, Page 8



**ORRICK**

John B. Quinn, Esq.
Michael T. Zeller, Esq.
Marshall M. Searcy III, Esq.
July 30, 2010
Page 2

this case, Mattel Mexico is refusing to confirm the production of all non-privileged documents that are responsive to these requests. Mattel Mexico has no basis for objecting to these requests and must amend its responses to confirm production.

<u>MTV Requests</u>

Request Nos. 7, 8, 9, 10, 13, 16, 18, 47 and 48 collectively seek documents and communications that relate to Mattel Mexico's employment of Gustavo Machado, Mariana Trueba and Pablo Vargas. Specifically, these requests seek: inbound and outbound email communications of MTV between November 15, 2003 and April 19, 2004; communications between and among MTV between November 15, 2003 and April 19, 2004; documents and communications that refer or relate to the resignation of MTV from Mattel Mexico; documents and communications that refer or relate to Mattel's investigation of MTV for alleged trade secret theft; documents and communications that refer or relate to Mattel Mexico's final payments to MTV; and documents and communications concerning the meetings held between Mattel Mexico and MTV on April 23, 2004.

These requests are relevant, among other reasons, because they will lead to the discovery of admissible evidence concerning the types of projects that MTV were working on as well as the kind of information that they were exposed to in their last six months at Mattel Mexico. The requests will also lead to the discovery of admissible evidence concerning the circumstances surrounding their departure from Mattel Mexico as well as when Mattel Mexico first suspected that MTV had retained documents. Mattel has no legitimate basis for objecting since the subject matter of these requests is so central to the facts and allegations in this case. Mattel must produce amended responses and documents.

<u>Trade Secret Confidentiality Requests</u>

Request Nos. 19, 20, 21, 22, 23, 24 and 49 collectively seek documents and communications that refer or relate to Mattel Mexico's efforts (if any) to maintain the secrecy of its alleged trade secret information. As you know, California does not afford trade secret protection to information unless it is the subject of reasonable efforts to maintain its secrecy. These requests seek documents and communications that bear on this fundamental element of trade secret protection. Specifically, these requests seek agreements between Mattel Mexico and MTV concerning the handling of trade secret information; documents and communications that refer or relate to failures to comply with Mattel Mexico policy and procedures regarding trade secret information; and documents and communications that refer or relate to any policy for stamping materials as containing trade secret information. Mattel Inc. has already been compelled to produce many of these same categories of documents. There is no reason why Mattel Mexico should not also produce documents responsive to these requests.



**ORRICK**

John B. Quinn, Esq.
Michael T. Zeller, Esq.
Marshall M. Searcy III, Esq.
July 30, 2010
Page 3

Corporate Structure and Financial Requests

Mattel Mexico has also refused to produce documents concerning its corporate structure, finances, and relationship to Mattel Inc. Requests Nos. 36, 37, 38, 39, 40, 41, and 42 collectively seek documents and communications that refer or relate to: the formation of Mattel Servicios, S.A. de C.V. ("Mattel Servicios); the finances of Mattel Mexico and Mattel Servicios since 2002; and agreements between Mattel Inc., Mattel Mexico and Mattel Servicios concerning the ownership of intellectual property.

As you know, ownership of trade secret information is a prerequisite to a claim for misappropriation under California's Uniform Trade Secret Act. It is MGA's contention that Mattel Servicios (not Mattel Mexico) is the rightful owner of certain alleged trade secret documents at issue in this case. MGA therefore seeks documents that bear on this ownership distinction and these requests are narrowly tailored at gathering important discovery. Mattel Mexico must therefore amend its responses and produce responsive documents.

Document Retention and Evidence

Request Nos. 43 and 45 seek documents and communications that refer or relate to Mattel Mexico's efforts to preserve and collect responsive documents, as well as documents upon which Mattel Mexico plans to rely on at trial. Mattel Mexico is a separate party to this case and as such has a duty to preserve, collect and produce responsive documents. These requests are designed to ensure compliance with this duty, and to make sure that Mattel Mexico has not destroyed potentially relevant information. Mattel Mexico must therefore amend its responses and produce documents responsive to these requests.

Products and Communications

Request Nos. 31 and 46 collectively seek documents and communications that refer or relate to Mattel Mexico's product line offerings from 2002 to the present, as well as documents and communications that refer or relate to communications between Mattel Mexico and third parties related to MGA. These requests are relevant because they will lead to the discovery of admissible


ORRICK

John B. Quinn, Esq.
Michael T. Zeller, Esq.
Marshall M. Searcy III, Esq.
July 30, 2010
Page 4

evidence concerning Mattel Mexico's alleged damages. Mattel Mexico has no legitimate basis for objecting to these quests and should therefore amend its responses and produce responsive documents.

Very truly yours,

William A. Molinski

WAM/