# APPENDIX

**I.**     **MATTEL IS ENTITLED TO DISCOVERY REGARDING MGA'S NEWLY PLED TRADE SECRET CLAIMS**

    **A.**     **Mattel's Discovery Seeks Basic Information**

        **1.**     **Discovery Requests Identifying Trade Secrets/Confidential Information (RFPs 1, 64, Interrogatories 1, 2 and 4, Deposition Topics 1, and 3-5)**

REQUEST FOR PRODUCTION NO. 1:

    All DOCUMENTS, including any photographs, videos, or tangible items, that contain, reflect or depict the ALLEGED TRADE SECRET MATERIALS or UNRELEASED PRODUCT INFORMATION.

REQUEST FOR PRODUCTION NO. 64:

    All DOCUMENTS that contain, reflect or depict MGA's CONFIDENTIAL INFORMATION.

INTERROGATORY NO. 1:

    Identify, with particularity, each of the UNRELEASED PRODUCTS, each of the ALLEGED TRADE SECRET MATERIALS, and all CONFIDENTIAL INFORMATION that YOU contend that MATTEL misappropriated from YOU.

INTERROGATORY NO. 2:

    IDENTIFY all DOCUMENTS that contain trade secrets that YOU contend that MATTEL misappropriated from YOU, and IDENTIFY with particularity, including on a document-by-document basis where possible, the information contained within each such DOCUMENT that YOU claim constitutes the trade secrets that YOU contend that MATTEL misappropriated from YOU.

INTERROGATORY NO. 4:

    For each trade secrets that YOU contend that MATTEL misappropriated from YOU, state all facts supporting YOUR contention that each such trade secret has independent value from not being generally known to the public or to other PERSONS who can obtain economic benefit from their disclosure.

DEPOSITION TOPIC NO. 1:

    Identification of each trade secret that YOU contend that Mattel misappropriated from YOU.

DEPOSITION TOPIC NO. 3:

All facts, if any, showing that each allegedly misappropriated trade secret has or had independent value from not being generally known to the public and the value of each such trade secret.

DEPOSITION TOPIC NO. 4:

How YOU developed each trade secret that YOU contend MATTEL misappropriated from YOU, including but not limited to YOUR ownership of each such trade secret, the identity of each PERSON who developed each such trade secret, and the costs incurred by YOU in creating each trade secret.

DEPOSITION TOPIC NO. 5:

How YOU used each such trade secret in the normal course of YOUR business, including but not limited to the IDENTITY of each PERSON who knew of or had access to each such trade secret, and how YOU obtained value or increased revenue or profitability from the use of each such trade secret.

## 2. Discovery Requests Concerning the Secrecy of MGA's Alleged Trade Secret Information (RFPs 2, 17, 20, 30-32, 48, 65-66, Interrogatories 5-7, 12, Deposition Topics 6, 8)

REQUEST FOR PRODUCTION NO. 2:

All DOCUMENTS that REFER OR RELATE TO any and all obligations, duties, understandings or agreements that each PERSON who, at any time, viewed or possessed the ALLEGED TRADE SECRET MATERIALS, not to use or disclose that information, and/or to keep each trade secret confidential.

REQUEST FOR PRODUCTION NO. 17:

All non-disclosure or confidentiality agreements between YOU and YOUR customers or potential customers.

REQUEST FOR PRODUCTION NO. 20:

All DOCUMENTS that REFER AND RELATE TO the manner and method by which YOUR catalogs, price lists and new product information were distributed to any PERSON at any time between 1992 and the present, including the timing of such distribution.

REQUEST FOR PRODUCTION NO. 30:

All DOCUMENTS REFERRING OR RELATING TO any PUBLIC DISCLOSURE of the UNRELEASED PRODUCTS before the product was first offered for sale by a retailer, including but not limited to any DOCUMENTS REFERRING OR RELATING TO when each such disclosure was made, to whom each such disclosure was made, and which product was disclosed.

REQUEST FOR PRODUCTION NO. 31:

All DOCUMENTS REFERRING OR RELATING TO all PUBLIC DISCLOSURES of any description or depiction of the UNRELEASED PRODUCTS or of any other UNRELEASED PRODUCT INFORMATION before the product was first offered for sale by a retailer, including but not limited to any DOCUMENTS REFERRING OR RELATING TO when each such disclosure was made, to whom each such disclosure was made, and the information that was disclosed.

REQUEST FOR PRODUCTION NO. 32:

All DOCUMENTS identifying the date each UNRELEASED PRODUCT was first offered for sale by a retailer.

REQUEST FOR PRODUCTION NO. 48:

All DOCUMENTS REFERRING OR RELATING TO the steps and procedures that MGA takes to keep MGA'S CONFIDENTIAL INFORMATION confidential.

REQUEST FOR PRODUCTION NO. 65:

All DOCUMENTS REFERRING OR RELATING TO the steps and procedures that MGA takes to keep the ALLEGED TRADE SECRET MATERIALS confidential.

REQUEST FOR PRODUCTION NO. 66:

All DOCUMENTS REFERRING OR RELATING TO any PUBLIC DISCLOSURE of the CONFIDENTIAL INFORMATION you allege MATTEL misappropriated, including but not limited to any DOCUMENTS REFERRING OR RELATING TO the timing or plans for such a disclosure, the individual or group to whom the disclosure was made, and the item that was disclosed.

INTERROGATORY NO. 5:

For each trade secrets that YOU contend that MATTEL misappropriated from YOU, IDENTIFY all PERSONS outside of MGA, including but not limited to members of the press, trade associations, contractors, retailers, distributors, agents, agencies, public relations firms, advertisers, producers, production companies, media buyers, and the general public, to whom it was disclosed by YOU or who otherwise obtained access to it, and when that disclosure or initial access occurred.

INTERROGATORY NO. 6:

For each trade secrets that YOU contend that MATTEL misappropriated from YOU, state all facts supporting YOUR contention that each such trade secret was not known or readily ascertainable by others in the toy industry, including retailers or members of the press.

INTERROGATORY NO. 7:

Describe with particularity all steps, efforts, policies, procedures, means, measures, agreements and practices undertaken or employed by YOU at any time between 1992 and the present to preserve as confidential or otherwise maintain the secrecy of the trade secrets that YOU contend MATTEL misappropriated from YOU, including but not limited to when each was implemented, modified or ceased, why it was implemented, modified or ceased, and by whom it was implemented, modified or ceased, and IDENTIFY all PERSONS with knowledge of such facts and all DOCUMENTS that REFER OR RELATE TO such facts.

INTERROGATORY NO. 12:

Identify with specificity all means, methods, practices, policies, agreements and procedures used by YOU at any time to limit access to any showroom or display of YOURS at any toy fair between 1992 and the present, including but not limited to when each such means, method, practice, policies, agreements and procedures were implemented, were modified, were ceased, were disallowed, or were not enforced, and IDENTIFY all PERSONS with knowledge of such facts and all DOCUMENTS that REFER OR RELATE TO such facts.

DEPOSITION TOPIC NO. 6:

Whether and when each trade secret that YOU contend that MATTEL misappropriated from YOU was disclosed to any PERSON outside of MGA, including but not limited to (a) to whom it was disclosed, (b) when it was disclosed for the first time, and (c) the IDENTITY of any and all written agreements that obliged the PERSON to whom it was disclosed to keep it confidential.

DEPOSITION TOPIC NO. 8:

All steps, efforts, policies, procedures, means, measures, agreements, obligations, understandings and practices undertaken by YOU at any time between 1992 and the present to preserve as confidential or maintain the secrecy of each of the trade secrets that YOU contend MATTEL misappropriated from YOU.

DEPOSITION TOPIC NO. 10:

Any and all means, methods, practices, policies and procedures used by YOU at any time to limit access to any showroom or display of YOURS at any toy fair between 1992 and the present, including but not limited to when each such means, method, practice, policies and procedure were implemented, were modified, were ceased, or were disallowed.

3.    **Discovery Requests Regarding Evidence of Mattel's Alleged Thefts and MGA's Knowledge Thereof (RFPs 4, 43, 44, 53-54, 67-69, 72, 76-77, Interrogatories 3, 16, Deposition Topics 2, 7, 9, 17-18, 21)**

**REQUEST FOR PRODUCTION NO. 4:**

All DOCUMENTS that YOU may use at trial to prove YOUR allegations that MATTEL devised a scheme or artifice to defraud MGA (and others) of their trade secrets and other confidential information in order to acquire and maintain an unlawful competitive advantage.

**REQUEST FOR PRODUCTION NO. 43:**

All DOCUMENTS that tend to support or refute YOUR assertions, including but not limited to those in paragraphs 14, 15, and 20, in YOUR REPLY TO THE FOURTH AMENDED ANSWER, regarding the MATTEL personnel that were aware of the alleged misappropriation of ALLEGED TRADE SECRET MATERIALS or UNRELEASED PRODUCT INFORMATION.

**REQUEST FOR PRODUCTION NO. 44:**

All DOCUMENTS REFERRING OR RELATING TO YOUR allegations that MATTEL concealed the misappropriation of ALLEGED TRADE SECRET MATERIALS or UNRELEASED PRODUCT INFORMATION.

**REQUEST FOR PRODUCTION NO. 53:**

ALL DOCUMENTS REFERRING TO OR RELATING TO BRAWER's knowledge of MATTEL's alleged misappropriation of MGA'S UNRELEASED PRODUCT INFORMATION or the ALLEGED TRADE SECRET MATERIALS.

**REQUEST FOR PRODUCTION NO. 54:**

All DOCUMENTS REFERRING OR RELATING TO COMMUNICATIONS between BRAWER and MGA regarding any aspect of MATTEL's alleged misappropriation of MGA'S UNRELEASED PRODUCT INFORMATION or the ALLEGED TRADE SECRET MATERIALS, as alleged in the REPLY TO THE FOURTH AMENDED ANSWER.

**REQUEST FOR PRODUCTION NO. 67:**

All DOCUMENTS REFERRING OR RELATING TO YOUR allegations that MATTEL misappropriated any CONFIDENTIAL INFORMATION.

**REQUEST FOR PRODUCTION NO. 68:**

All DOCUMENTS REFERRING OR RELATING TO YOUR allegations that MATTEL concealed the alleged theft of the CONFIDENTIAL INFORMATION.

**REQUEST FOR PRODUCTION NO. 69:**

All DOCUMENTS REFERRING OR RELATING TO any involvement of THE MARKET INTELLIGENCE GROUP in the alleged theft of any CONFIDENTIAL INFORMATION.

1  REQUEST FOR PRODUCTION NO. 72:

2      ALL DOCUMENTS REFERRING TO OR RELATING TO BRAWER's
3  knowledge of MATTEL's alleged misappropriation of MGA'S
   CONFIDENTIAL INFORMATION.

4  REQUEST FOR PRODUCTION NO. 76:

5      All COMMUNICATIONS between YOU (including YOUR agents and
   attorneys) and law enforcement authorities in Mexico, Canada or the United
6  States, including but not limited to the United States Attorney's Office, the
   Department of Justice and any national, regional, state or local authorities,
7  concerning any of the allegations in YOUR REPLY TO THE FOURTH
   AMENDED ANSWER or any other alleged taking of confidential MGA
8  information by MATTEL or persons currently or formerly employed by
   MATTEL.

9  REQUEST FOR PRODUCTION NO. 77:

10
11     All DOCUMENTS that REFER OR RELATE TO COMMUNICATIONS
   between YOU (including YOUR agents and attorneys) and law enforcement
   authorities in Mexico, Canada or the United States, including but not limited
12  to the United States Attorney's Office, the Department of Justice and any
   national, regional, state or local authorities, that REFER OR RELATE TO
13  any of the allegations in YOUR REPLY TO THE FOURTH AMENDED
   ANSWER or any other alleged taking of confidential MGA information by
14  MATTEL or persons currently or formerly employed by MATTEL.

15  INTERROGATORY NO. 3:

16     For each trade secrets that YOU contend that MATTEL misappropriated from
   YOU, state the complete factual basis for YOUR contention that MATTEL
17  misappropriated each such trade secret, and IDENTIFY all PERSONS with
   knowledge of such facts and all DOCUMENTS that REFER OR RELATE
18  TO such facts.

19  INTERROGATORY NO. 16:

20     State all facts supporting YOUR contention that any PERSON "criminally
   infringe[d] copyrights in the distribution of that stolen information on a
21  worldwide basis throughout MATTEL and its foreign subsidiaries," including
   but not limited to the identification of the copyrighted work, the PERSON
22  who misappropriated the copyrighted work, the PERSONS to whom the
   copyrighted work was allegedly distributed, any copying of any alleged
23  copyrighted work by any PERSON, and any use of that copyrighted work,
   and IDENTIFY all PERSONS with knowledge of such facts and all
24  DOCUMENTS that REFER OR RELATE TO such facts.

25

26  DEPOSITION TOPIC NO. 2:

27     The factual basis for YOUR claim that MATTEL misappropriated trade
   secrets from YOU, including but not limited to when and how YOU first
28  learned about each alleged act of misappropriation, the IDENTITY of each

and every PERSON who YOU believe misappropriated each trade secret, when such trade secret was misappropriated, where the trade secret was located when it was misappropriated, how it was misappropriated, and whether the misappropriation was wrongful.

DEPOSITION TOPIC NO. 7:

For each trade secret that YOU contend that MATTEL misappropriated from YOU, all facts that YOU believe show that MATTEL used or disclosed or acquired such trade secret.

DEPOSITION TOPIC NO. 9:

All facts supporting your allegation that MATTEL stole information from Bandai, B-Bel, Inc., Binney & Smith, Blue Box, Cadaco, Ceaco, Chicco, Crayola, Creativity for Kids, Decipher, DSI, Empire, Endless Games, Equity Marketing, Famosa, Get Real Girl, Giochi Preziosi, Gund, Hamilton Toys, Hasbro, Irwin Toys, Jada Toys, Jakks Pacific, Justoys, Kessel, K'NEX, Leapfrog, Lego, Madam Alexander, Maisto, McFarlane, Mealgy, Megablocks, Miss Party Surprise, Nikko, NKOK, NSI, NZ Toys, Ohio Art, Playhut, Playmates, Pressman, Radica, Razor, Robert Anner, Schure, Simba, Spin Master, Sindy, Tacmay, Tecnitoys, Juguetes, Thinkway, Tiger Electronics, Today's Kids, Tomy, Toy Biz, Toy Max, Trendmaster, Uncle Milton, V Tech, Wham-O, Wild Planet, Wizards of the Coast, Wow Wee Toys, X Concepts and Zapf Creation, including but not limited to (a) the identification of the information stolen, (b) the date that it was stolen, (c) the location from which it was stolen, (d) whether the location was secure, had limited access, or was generally open to the public or PERSONS working in the Toy Industry, (e) the PERSON or PERSONS who stole the information, (f) whether the stolen information was confidential or generally available to the public or within the industry, (g) the method by which the information was stolen, (h) whether MATTEL used or disclosed the information, (g) whether MATTEL obtained any benefit from the information, (h) any harm suffered by MGA due to the alleged theft, and (i) any harm suffered by any of the identified companies due to the alleged theft.

DEPOSITION TOPIC NO. 17:

YOUR knowledge of MATTEL's Market Intelligence Department and Sal Villasenor, including but not limited to when YOU first learned of the Market Intelligence Department and the conduct that you allege the personnel of that department engaged in, witnesses interviewed, documents identified and reviewed, witnesses that you attempted to contact or contacted, records of any such investigation, notes of any interviews conducted during such investigation, recordings (audio or visual) of any such interviewed, and memoranda that refer or relate to any such investigation.

DEPOSITION TOPIC NO. 18:

The factual basis for the allegation YOUR Answer and Affirmative Defenses to Mattel, Inc.'s Second Amended Answer and Counterclaims that MATTEL was engaged in "monitoring, 'spying on' or gaining knowledge of MGA's trade secrets, non-public information, non-public activities, unreleased products, and product development, gaining access, or attempts to gain access, to MGA showrooms, Plan-o-Grams, merchandising displays, Toy Fair

displays on false pretenses," including but not limited to (a) the identity of the PERSON or PERSONS who provided YOU with the factual information supporting that allegation, (b) any and all aspects of the investigation conducted by YOU or on YOUR behalf, including but not limited to (i) witnesses interviewed, (ii) documents identified and reviewed, (iii) witnesses that you attempted to contact or contacted, (iv) records of any such investigation, (v) notes of any interviews conducted during such investigation, (vi) recordings or records (audio or visual or manual) of any such interview, and (vii) memoranda that refer or relate to any such investigation.

<u>DEPOSITION TOPIC NO. 21:</u>

All COMMUNICATIONS between YOU (including YOUR agents and attorneys) and law enforcement authorities in Mexico, Canada or the United States, including but not limited to the United States Attorney's Office, the Department of Justice and any national, regional, state or local authorities, concerning any of the allegations in YOUR REPLY TO THE FOURTH AMENDED ANSWER or any other alleged taking of confidential information by MATTEL or PERSONS currently or formerly employed by MATTEL.

### 4.   <u>Discovery Regarding Damages from Alleged Theft of Trade Secrets (RFPs 70-71, 89, Interrogatories 8-10)</u>

<u>REQUEST FOR PRODUCTION NO. 70:</u>

DOCUMENTS sufficient to show the revenue and profits derived by YOU from the CONFIDENTIAL INFORMATION.

<u>REQUEST FOR PRODUCTION NO. 71:</u>

All DOCUMENTS REFERRING OR RELATING TO damages suffered by MGA due to MATTEL's alleged theft of MGA'S CONFIDENTIAL INFORMATION, including but not limited to MARKET RESEARCH, INVESTIGATIVE REPORTS, and memoranda concerning actual damages.

<u>REQUEST FOR PRODUCTION NO. 89:</u>

All DOCUMENTS REFERRING OR RELATING TO harm to MGA caused by MATTEL's alleged misappropriation of ALLEGED TRADE SECRET MATERIALS.

<u>INTERROGATORY NO. 8:</u>

For each trade secrets that YOU contend that MATTEL misappropriated from YOU, state, with particularity, any and all costs incurred by YOU to create each trade secret.

<u>INTERROGATORY NO. 9:</u>

For each trade secrets that YOU contend that MATTEL misappropriated from YOU, state, with particularity, all harm suffered by MGA from such alleged misappropriation.

INTERROGATORY NO. 10:

For each trade secrets that YOU contend that MATTEL misappropriated from YOU, state, with particularity, all benefits derived or gained by MATTEL from such alleged misappropriation.

**B.     Mattel Is Entitled To Discovery Regarding MGA's Contentions That Mattel "Defrauded" MGA Of "Unreleased" Products**

**1.     Basic Information Regarding Unreleased Products (RFPs 1, 33, 38, 61, 62)**

REQUEST FOR PRODUCTION NO. 1:

All DOCUMENTS, including any photographs, videos, or tangible items, that contain, reflect or depict the ALLEGED TRADE SECRET MATERIALS or UNRELEASED PRODUCT INFORMATION.

REQUEST FOR PRODUCTION NO. 33:

All DOCUMENTS REFERRING OR RELATING TO the theme, appearance, operation, intended play pattern or packaging of any UNRELEASED PRODUCTS that YOU contend were misappropriated, copied or otherwise used by MATTEL, before that theme, appearance, operation, intended play pattern or packaging was PUBLICLY DISCLOSED.

REQUEST FOR PRODUCTION NO. 38:

All UNRELEASED PRODUCT INFORMATION, including but not limited to any product catalogs, sell sheets or product information sheets that REFER OR RELATE TO the UNRELEASED PRODUCTS.

REQUEST FOR PRODUCTION NO. 61:

All tangible objects, including sculpts, prototypes, models and samples REFERRING OR RELATING TO each UNRELEASED PRODUCT.

REQUEST FOR PRODUCTION NO. 62:

All testimony, transcripts, declarations, affidavits and other sworn written statements of any other type by or from YOU or made on YOUR behalf that REFER OR RELATE TO any UNRELEASED PRODUCT, other than those previously filed and served in this ACTION or in which MATTEL's counsel in this ACTION was in attendance.

1

2      **2.      Evidence Regarding the Release of MGA's Products Or**

3      **Product Information (RFPs 19, 30-33, Deposition Topic 11)**

4

5   REQUEST FOR PRODUCTION NO. 19:

6      For each product identified in Paragraph 3 of YOUR REPLY TO THE
       FOURTH AMENDED ANSWER that YOU did not release to market, all
7      DOCUMENTS that REFER OR RELATE TO why YOU did not release each
       such product to market.

8   REQUEST FOR PRODUCTION NO. 30:

9
       All DOCUMENTS REFERRING OR RELATING TO any PUBLIC
10     DISCLOSURE of the UNRELEASED PRODUCTS before the product was
       first offered for sale by a retailer, including but not limited to any
11     DOCUMENTS REFERRING OR RELATING TO when each such
       disclosure was made, to whom each such disclosure was made, and which
12     product was disclosed.

13  REQUEST FOR PRODUCTION NO. 31:

14     All DOCUMENTS REFERRING OR RELATING TO all PUBLIC
       DISCLOSURES of any description or depiction of the UNRELEASED
15     PRODUCTS or of any other UNRELEASED PRODUCT INFORMATION
       before the product was first offered for sale by a retailer, including but not
16     limited to any DOCUMENTS REFERRING OR RELATING TO when each
       such disclosure was made, to whom each such disclosure was made, and
17     which product was disclosed.

18  REQUEST FOR PRODUCTION NO. 32:

19     All DOCUMENTS identifying the date each UNRELEASED PRODUCT
       was first offered for sale by a retailer.

20  DEPOSITION TOPIC NO. 11:

21     The IDENTITY of each UNRELEASED PRODUCT that YOU did not bring
22     to the market, including but not limited to the reasons why each such product
       was not brought to market and when MGA made the decision not to bring that
23     product to market.

24     **3.      Evidence Regarding the Creation/Design of Unreleased**

25     **Products (RFPs 23, 24, 29, 56)**

26

27

28

**REQUEST FOR PRODUCTION NO. 23:**

All DOCUMENTS REFERRING OR RELATING TO the origins and sources of inspiration of the UNRELEASED PRODUCTS.

**REQUEST FOR PRODUCTION NO. 24:**

All DOCUMENTS REFERRING OR RELATING TO the conception, creation, reduction to practice, design and development of the UNRELEASED PRODUCTS, including but not limited to design drawings, sculpts, internal memos, MARKET RESEARCH, and approval memos.

**REQUEST FOR PRODUCTION NO. 29:**

All DOCUMENTS REFERRING OR RELATING TO the origin, conception, creation or development of the themes of any UNRELEASED PRODUCTS that YOU contend were misappropriated, copied or otherwise used by MATTEL, including but not limited to DOCUMENTS showing when and how they were first conceived and any awareness by MGA of similar or proposed MATTEL themes.

**REQUEST FOR PRODUCTION NO. 56:**

DOCUMENTS, including but not limited to organizational charts, sufficient to IDENTIFY (by name and job function) all current and former MGA personnel and/or freelancers comprising the primary team that worked on the creation, design and development of the UNRELEASED PRODUCTS.

**4.      Evidence of Similarity Between Unreleased MGA Products and Mattel's Products  (RFPs 34-37, 41, 42)**

**REQUEST FOR PRODUCTION NO. 34:**

All DOCUMENTS REFERRING OR RELATING TO any similarity or dissimilarity between any MATTEL product packaging and any UNRELEASED PRODUCT packaging.

**REQUEST FOR PRODUCTION NO. 35:**

All DOCUMENTS REFERRING OR RELATING TO any similarity or dissimilarity between any MATTEL product and any UNRELEASED PRODUCT including without limitation, themes, accessories, features, operations, and play patterns.

**REQUEST FOR PRODUCTION NO. 36:**

All DOCUMENTS REFERRING OR RELATING TO whether the appearance of any MATTEL product or packaging copies, replicates, or in any way imitates the appearance of any UNRELEASED PRODUCT or packaging.

00505.07975/3694077.1

REQUEST FOR PRODUCTION NO. 37:

All DOCUMENTS REFERRING OR RELATING TO actual or potential consumer confusion between any MATTEL product or packaging and any UNRELEASED PRODUCT or packaging.

REQUEST FOR PRODUCTION NO. 41:

All DOCUMENTS tending to support or refute MGA's claims, if any, that any MATTEL product or packaging copies, replicates, or in any way imitates the appearance of any UNRELEASED PRODUCT or packaging.

REQUEST FOR PRODUCTION NO. 42:

All COMMUNICATIONS between YOU and any third party, including but not limited to a customer, supplier, retailer, distributor, or member of the press, REFERRING OR RELATING TO any MATTEL product or packaging that copies, replicates, or in any way imitates the appearance of any UNRELEASED PRODUCT or packaging.

**5.   Evidence Regarding Unreleased Products (RFPs 26-28)**

REQUEST FOR PRODUCTION NO. 26:

All DOCUMENTS REFERRING OR RELATING TO the design, development, themes, conception or creation of the packaging or artwork of the UNRELEASED PRODUCTS, including without limitation, the motivation, purpose, or inspiration for the packaging artwork.

REQUEST FOR PRODUCTION NO. 27:

All DOCUMENTS REFERRING OR RELATING TO the development of any claimed product design trade dress or packaging trade dress of the UNRELEASED PRODUCTS, including but not limited to the total image, design and appearance of the UNRELEASED PRODUCTS, as well as features of the UNRELEASED PRODUCTS such as size, shape, color, color combinations, texture or graphics, or anything else MGA claims to be its proprietary trade dress of the UNRELEASED PRODUCTS, and any changes thereto.

REQUEST FOR PRODUCTION NO. 28:

DOCUMENTS sufficient to show any position MGA has taken with respect to its claimed trade dress in connection with any of the UNRELEASED PRODUCTS, including but not limited to internal COMMUNICATIONS, COMMUNICATIONS with third parties, trademark applications and related DOCUMENTS, filings in judicial proceedings or regulatory filings.

**6.    Evidence Regarding Intellectual Property Rights Asserted for Unreleased Products (RFPs 7, 59, 60, 73-75, Interrogatory 16, Deposition Topic 14)**

REQUEST FOR PRODUCTION NO. 7:

All DOCUMENTS that YOU may use at trial to prove YOUR allegations that MATTEL willfully infringed the copyrights of MGA or third persons through knowing violations of the Copyright Act in the deliberately unauthorized reproduction, distribution and public display of photographs and other depictions of its competitors' products for purposes of commercial advantage and private financial gain.

REQUEST FOR PRODUCTION NO. 59:

ALL DOCUMENTS and COMMUNICATIONS REFERRING OR RELATING TO any demand, claim or lawsuit by MGA (other than this ACTION) alleging infringement of MGA's intellectual property rights in any UNRELEASED PRODUCT.

REQUEST FOR PRODUCTION NO. 60:

ALL DOCUMENTS and COMMUNICATIONS REFERRING OR RELATING TO any demand, claim or lawsuit against MGA (other than this ACTION) alleging that any UNRELEASED PRODUCT infringes the intellectual property rights of another PERSON.

REQUEST FOR PRODUCTION NO. 73:

All DOCUMENTS REFERRING OR RELATING TO copyrights registered to MGA REFERRING OR RELATING TO the UNRELEASED PRODUCTS, including but not limited to DOCUMENTS made in preparation of the registrations and COMMUNICATIONS with the United States Copyright Office concerning the registrations.

REQUEST FOR PRODUCTION NO. 74:

All DOCUMENTS that tend to support or refute YOUR claim to copyrights registered to MGA REFERRING OR RELATING TO the UNRELEASED PRODUCTS.

REQUEST FOR PRODUCTION NO. 75:

All DOCUMENTS REFERRING OR RELATING TO attempts by MGA to copyright any aspect of the UNRELEASED PRODUCTS, including but not limited to DOCUMENTS made in preparation of the registrations and COMMUNICATIONS with the United States Copyright Office concerning the registrations.

INTERROGATORY NO. 16:

State all facts supporting YOUR contention that any PERSON "criminally infringe[d] copyrights in the distribution of that stolen information on a worldwide basis throughout MATTEL and its foreign subsidiaries," including but not limited to the identification of the copyrighted work, the PERSON who misappropriated the copyrighted work, the PERSONS to whom the copyrighted work was allegedly distributed, any copying of any alleged copyrighted work by any PERSON, and any use of that copyrighted work, and IDENTIFY all PERSONS with knowledge of such facts and all DOCUMENTS that REFER OR RELATE TO such facts

DEPOSITION TOPIC NO. 14:

The factual basis for YOUR allegation that MATTEL "criminally infringe[d] copyrights in the distribution of that stolen information on a worldwide basis throughout MATTEL and its foreign subsidiaries," including but not limited (a) the identification of the copyrighted work, (b) the PERSON who misappropriated the copyrighted work, (c) the PERSONS to whom the copyrighted work was allegedly distributed, (d) any copying of any alleged copyrighted works by any PERSON, and (e) any use of that copyrighted work.

## 7.   **Evidence Regarding Market For Unreleased Products (RFPs 25, 39, 57, 58, 63, 84-87)**

REQUEST FOR PRODUCTION NO. 25:

All DOCUMENTS REFERRING OR RELATING TO any MARKET RESEARCH, projections or plans pertaining to the release of the UNRELEASED PRODUCTS to the market.

REQUEST FOR PRODUCTION NO. 39:

All studies, analyses, presentations or investigations, including internal studies, analyses, presentations or investigations, REFERRING OR RELATING TO actual or potential market competition between any MATTEL product and any UNRELEASED PRODUCT.

REQUEST FOR PRODUCTION NO. 57:

All business plans, forecasts, budgets and projections prepared by YOU in connection with each of YOUR UNRELEASED PRODUCTS.

REQUEST FOR PRODUCTION NO. 58:

All DOCUMENTS and COMMUNICATIONS REFERRING OR RELATING TO the marketing or promotion of any UNRELEASED PRODUCT.

REQUEST FOR PRODUCTION NO. 63:

All DOCUMENTS REFERRING OR RELATING TO any survey, focus group, consumer research or other MARKET RESEARCH (whether conducted by MGA or any third party) concerning any UNRELEASED PRODUCTS.

REQUEST FOR PRODUCTION NO. 84:

DOCUMENTS sufficient to show the market share of any UNRELEASED PRODUCT sold by YOU or YOUR licensees from 1992 to present.

REQUEST FOR PRODUCTION NO. 85:

All DOCUMENTS that analyze, discuss or refer to any change in market share of any UNRELEASED PRODUCT sold by YOU or YOUR licensees from 1992 to the present including, without limitation, the reasons for any such change in market share.

REQUEST FOR PRODUCTION NO. 86:

DOCUMENTS sufficient to show that target audience or age group for each of the UNRELEASED PRODUCTS.

REQUEST FOR PRODUCTION NO. 87:

All MARKET RESEARCH that REFERS OR RELATES TO any MATTEL products YOU contend compete with any UNRELEASED PRODUCTS.

## 8.   Evidence Regarding Damages Caused By Mattel's Alleged Misappropriation of Unreleased Products (RFPs 40, 78-82, 88, 90, 91)

REQUEST FOR PRODUCTION NO. 40:

DOCUMENTS sufficient to determine total sales, revenue, royalties, costs of goods sold and any other costs incurred in arriving at net profits for the UNRELEASED PRODUCTS.

REQUEST FOR PRODUCTION NO. 78:

DOCUMENTS sufficient to identify by product name, product number and SKU each UNRELEASED PRODUCT sold by YOU or YOUR licensees.

REQUEST FOR PRODUCTION NO. 79:

DOCUMENTS sufficient to show, by product number or SKU, the number of units of each UNRELEASED PRODUCT sold by YOU or YOUR licensees.

REQUEST FOR PRODUCTION NO. 80:

00505.07975/3694077.1

DOCUMENTS sufficient to show, by product number or SKU, the gross and net revenue received by YOU from the sale of each UNRELEASED PRODUCT sold by YOU or YOUR licensees.

REQUEST FOR PRODUCTION NO. 81:

DOCUMENTS sufficient to show, by product number of SKU, YOUR cost of goods sold, unit cost and other costs for each UNRELEASED PRODUCT sold by YOU or YOUR licensees.

REQUEST FOR PRODUCTION NO. 82:

DOCUMENTS sufficient to show, by product number or SKU, YOUR gross and net profits from the sale of each UNRELEASED PRODUCT sold by YOU or YOUR licensees.

REQUEST FOR PRODUCTION NO. 88:

All DOCUMENTS REFERRING OR RELATING TO the commercial success or recognition of the UNRELEASED PRODUCTS, including, without limitation, MARKET RESEARCH.

REQUEST FOR PRODUCTION NO. 90:

ALL DOCUMENTS REFERRING OR RELATING TO harm to MGA caused by MATTEL'S alleged misappropriation of MGA'S UNRELEASED PRODUCT INFORMATION.

REQUEST FOR PRODUCTION NO. 91:

ALL DOCUMENTS REFERRING OR RELATING TO damages suffered by MGA due to MATTEL's alleged infringement of MGA's copyrights.

II.   **MATTEL IS ENTITLED TO DISCOVERY REGARDING MGA'S NEWLY PLED CLAIM THAT MATTEL GAINED ACCESS TO TOY FAIRS UNDER FALSE PRETENSES**

A.   **Discovery Regarding Which Toy Fairs Are at Issue and Who Was Present at the Corresponding Showrooms (RFPs 12, 13, 16)**

REQUEST FOR PRODUCTION NO. 12:

DOCUMENTS sufficient to IDENTIFY each toy fair at which you had a display or showroom at any time from 1992 to the present.

REQUEST FOR PRODUCTION NO. 13:

00505.07975/3694077.1

All DOCUMENTS identifying the PERSONS who entered or viewed YOUR showroom or display at any toy fair occurring between 1992 and the present, including but not limited to all business cards, sign-in sheets, forms, records, or information received or collected at any such toy fair.

REQUEST FOR PRODUCTION NO. 16:

All visual records of all of any portion of YOUR display and/or showroom at any toy fair occurring between 1992 and the present, including but not limited to photographs, drawings, renderings, and videos.

**B.**   **Evidence That Mattel Employees Used False Pretenses To Access Showrooms (RFPs 10, 22 Interrogatory 11, Deposition Topic 18)**

REQUEST FOR PRODUCTION NO. 10:

All DOCUMENTS that REFER OR RELATE TO YOUR knowledge of persons at MATTEL or on behalf of MATTEL allegedly obtaining access to your showrooms or displays at any toy fair under false pretenses, including but not limited to DOCUMENTS showing when you first learned of such facts.

REQUEST FOR PRODUCTION NO. 22:

All DOCUMENTS that REFER AND RELATE TO YOUR allegation that Mattel gained access using false pretenses to the private showrooms of toy companies other than MGA.

INTERROGATORY NO. 11:

For each company identified in paragraph 16 of YOUR REPLY COUNTER-CLAIMS other than MGA, state with particularity all facts supporting YOUR contention that MATTEL took information from that company at any toy fair, including the New York Toy Fair.

DEPOSITION TOPIC NO. 18:

The factual basis for the allegation YOUR Answer and Affirmative Defenses to Mattel, Inc.'s Second Amended Answer and Counterclaims that MATTEL was engaged in "monitoring, 'spying on' or gaining knowledge of MGA's trade secrets, non-public information, non-public activities, unreleased products, and product development, gaining access, or attempts to gain access, to MGA showrooms, Plan-O-Grams, merchandising displays, Toy Fair displays on false pretenses," including but not limited to (a) the identity of the PERSON or PERSONS who provided YOU with the factual information supporting that allegation, (b) any and all aspects of the investigation conducted by YOU or on YOUR behalf, including but not limited to (i) witnesses interviewed, (ii) documents identified and reviewed, (iii) witness that you attempted to contact or contacted, (iv) records of any such investigation, (v) notes of any interviews conducted during such

investigation, (vi) recordings or records (audio or visual or manual) of any such interview, and (vii) memoranda that refer or relate to any such investigation.

**C.** **Evidence Concerning Whether MGA Treated Information At Toy Fairs As Confidential (RFPs 14, 15, 18, 47, Interrogatory 12, Deposition Topic 10)**

REQUEST FOR PRODUCTION NO. 14:

All DOCUMENTS that REFER OR RELATE TO YOUR efforts to limit or restrict the access or entry of any PERSON or PERSONS to YOU display or showroom at any toy fairs any time from 1992 to the present.

REQUEST FOR PRODUCTION NO. 15:

All agreements, including but not limited to non-disclosure agreements or confidentiality agreements, that require any PERSON who entered or viewed all or any portion of YOUR showroom or display at any toy fair between 1992 and the present not to disclose or use information viewed, photographed, recorded in video, received or heard.

REQUEST FOR PRODUCTION NO. 18:

All DOCUMENTS offered to or given to or available to any PERSON who entered YOUR showroom or viewed YOUR display at any toy fair between 1992 and the present, including but not limited to catalogs, price lists, photos, drawings, PRODUCTS, samples, press kits, CDs, DVDs, term sheets, shipping information, and advertising, marketing or promotional information.

REQUEST FOR PRODUCTION NO. 47:

All DOCUMENTS REFERRING OR RELATING TO how access to UNRELEASED PRODUCT INFORMATION at Toy Fairs is restricted, limited, controlled, including but not limited to DOCUMENTS CONTAINING MGA's policy with respect to confidential information, sign-in and sign-out sheets for access to confidential information, logs of PERSONS who access confidential information, and procedures for accessing confidential information.

INTERROGATORY NO. 12:

Identify with specificity all means, methods, practices, polices, agreements and procedures used by YOU at any time to limit access to any showroom or display of YOURS at any toy fair between 1992 and the present, including but not limited to when each such means, method, practice, policies, agreements and procedures were implemented, were modified, were ceased, were disallowed, or were not enforced, and IDENTIFY all PERSONS with

knowledge of such facts and all DOCUMENTS that REFER OR RELATE TO such facts.

DEPOSITION TOPIC NO. 10:

Any and all means, methods, practices, policies and procedures used by YOU at any time to limit access to any showroom or display of YOURS at any toy fair between 1992 and the present, including but not limited to when such means, method, practice, policies and procedure were implemented, were modified, were ceased or were disallowed.

**D.   Evidence Regarding When MGA Learned Of Mattel's "Market Intelligence Group" (RFPs 52, 55, Deposition Topics 17, Requests for Admission 16-26)**

REQUEST FOR PRODUCTION NO. 52:

All DOCUMENTS REFERRING TO OR RELATING TO YOUR contacts with THE MARKET INTELLIGENCE GROUP at any time when they were not employed by YOU, including but not limited to any efforts by YOU to hire them or use their services.

REQUEST FOR PRODUCTION NO. 55:

All DOCUMENTS REFERRING  OR RELATING TO COMMUNICATIONS between YOU and BRAWER regarding the MARKET INTELLIGENCE GROUP.

DEPOSITION TOPIC NO. 17:

YOUR knowledge of MATTEL's Market Intelligence Department and Sal Villasenor, including but not limited to when YOU first learned of the Market Intelligence Department and the conduct that you allege the personnel of that department engaged in, witnesses interviewed, documents identified and reviewed, witnesses that you attempted to contact or contacted, records of any such investigation, notes of any interviews conducted during such investigation, records of any such investigation, notes of any interviews conducted during such investigation, recordings (audio or visual) of any such interviewed, and memoranda that refer or relate to any such investigation.

REQUEST FOR ADMISSION NO. 16:

Admit that prior to October 5, 2004, Sal Villasenor told Ronald Brawer that Mr. Villasenor used false identification at toy fairs.

REQUEST FOR ADMISSION NO. 17 :

Admit that prior to October 5, 2004, Sal Villasenor told Ronald Brawer that Mr. Villasenor used false identification at toy fairs to obtain information about competitors.

REQUEST FOR ADMISSION NO. 18:

Admit that prior to October 5, 2004, Sal Villasenor showed Ronald Brawer catalogs obtained from other companies' toy fair showrooms.

REQUEST FOR ADMISSION NO. 19:

Admit that while a MATTEL executive, Ronald Brawer had access to information obtained using false identification at toy fairs.

REQUEST FOR ADMISSION NO. 20 :

Admit that prior to October 5, 2004, Ronald Brawer knew that Sal Villasenor had used false identification to collect competitors' information at toy fairs.

REQUEST FOR ADMISSION NO. 21:

Admit that prior to October 5, 2004, Ronald Brawer believed that Sal Villasenor had used false identification to collect competitors' information at toy fairs.

REQUEST FOR ADMISSION NO. 22:

Admit that prior to October 5, 2004, Ronald Brawer suspected that Sal Villasenor had used false identification to collect competitors' information at toy fairs.

REQUEST FOR ADMISSION NO. 23:

Admit that prior to October 5, 2004, Ronald Brawer was on notice that Sal Villasenor claimed to have used false identification to collect competitors' information at toy fair.

REQUEST FOR ADMISSION NO. 24:

Admit that by August 3, 2007, YOU believed that MATTEL had either gained access or had attempted to gain access to MGA showrooms, Plan-O-Grams, merchandising displays, and/or Toy Fair displays on false pretense.

REQUEST FOR ADMISSION NO. 25:

Admit that by August 3, 2007, YOU suspected that MATTEL had either gained access or had attempted to gain access to MGA showrooms, Plan-O-Grams, merchandising displays, and/or Toy Fair displays on false pretense.

REQUEST FOR ADMISSION NO. 26:

Admit that by August 3, 2007, Ron Brawer informed YOU that MATTEL had either gained access or had attempted to gain access to MGA showrooms, Plan-o-Grams, merchandising displays and/or Toy Fair displays on false pretense.

**III.**   **MATTEL IS ENTITLED TO DISCOVERY ON UNSPECIFIED ACTS OF FRAUDULENT CONDUCT/POTENTIAL PREDICATE ACTS BY MATTEL AND ITS AGENTS**

**A.**   **Evidence Regarding MGA's Allegations That Mattel Took Vargas's Lawyer To The Woodshed (RFP 21, Interrogatory 13, Deposition Topic 12)**

REQUEST FOR PRODUCTION NO. 21:

All DOCUMENTS THAT REFER OR RELATE TO COMMUNICATIONS between YOU, or anyone acting in YOUR behalf, and Pablo Vargas San Jose, or anyone acting on his behalf, between June 1, 2009 and the present.

INTERROGATORY NO. 13:

State all facts supporting YOUR contention that "Mattel's Mexican attorney, with the full knowledge of Mattel's in-house counsel and Quinn Emanuel partner, took Vargas's lawyer out to the woodshed and made it clear that MATTEL was not happy with Vargas's testimony, effectively threatening Vargas's pardon," including but not limited to the alleged source of such information, and IDENTIFY all PERSONS with knowledge of such facts and all DOCUMENTS that REFER OR RELATE TO such facts.

DEPOSITION TOPIC NO. 12:

The factual basis for your statement that "MATTEL's Mexican attorney, with the full knowledge of MATTEL's in-house counsel and Quinn Emanuel partner took, took Vargas's lawyer out to the woodshed and made it clear that MATTEL was not happy with Vargas's testimony, effectively threatening Vargas's pardon," including but not limited to the alleged source of such information.

**B.**   **Evidence Regarding Spoliation or Other Interference with Justice (RFPs 5, 6, Interrogatories 17, 18, Deposition Topic 15, 16)**

REQUEST FOR PRODUCTION NO. 5:

All DOCUMENTS that YOU may use at trial to prove YOUR allegations that MATTEL corruptly altered, destroyed, and/or concealed many documents, and attempted to do so with respect to many more, with the intent to impair their availability for use in an official proceeding.

REQUEST FOR PRODUCTION NO. 6:

All DOCUMENTS that YOU may use at trial to prove YOUR allegations that MATTEL corruptly impeded, obstructed or influenced the due administration of justice, including by lying under oath and by corruptly inducing the Court to enter a wrongful injunction.

INTERROGATORY NO. 17:

State all facts supporting the contention in paragraph 4 of YOUR REPLY TO THE FOURTH AMENDED ANSWER that any PERSON acted to "conceal suppress and destroy evidence of that theft in this litigation through alteration and concealment of documents, tampering and obstruction of justice (including witnesses lying under oath," and IDENTIFY all PERSONS with knowledge of such facts and all DOCUMENTS that REFER OR RELATE TO such facts.

INTERROGATORY NO. 18:

For each PERSON who allegedly lied under oath, as referenced in paragraph 4 of YOUR REPLY TO THE FOURTH AMENDED ANSWER, state all facts supporting that contention, including but not limited to the identification of the PERSON, the alleged perjurious testimony, the factual basis for that testimony being perjurious, when YOU discovered that the testimony was perjurious, and IDENTIFY all PERSONS with knowledge of such facts and all DOCUMENTS that REFER OR RELATE TO such facts.

DEPOSITION TOPIC 15:

The factual basis for YOUR allegation that any PERSON acted to "conceal, suppress and destroy evidence of that theft in this litigation through alteration and concealment of documents, tampering and obstruction of justice (including witnesses lying under oath)."

DEPOSITION TOPIC 16:

All facts supporting YOUR claim that any PERSON lied under oath, including but not limited to (a) the identification of the PERSON, (b) the alleged perjurious testimony, (c) the factual basis for YOUR allegation that the testimony was perjurious, and (d) when YOU discovered that the testimony was perjurious.

## IV.  MATTEL IS ENTITLED TO DISCOVERY ON MGA'S RICO ALLEGATIONS

### A.  Evidence Regarding MGA's RICO allegations (Interrogatory 20)

INTERROGATORY NO. 20:

As to each occasion on which MGA contends a RICO predicate was committed as alleged in the Second Counterclaims of YOUR REPLY TO THE FOURTH AMENDED ANSWER: (a) IDENTIFY the RICO predicate

act (by statute) and state all facts regarding the acts and omissions establishing that RICO predicate act.  (If you contend the same acts and omissions established the commission of more than one RICO predicate act, IDENTIFY all of those RICO predicate acts.); (b) IDENTIFY which PERSONS employed by or associated with which RICO enterprise(s) committed that RICO predicate act; (c) state all facts which you contend demonstrate that Mattel know of, participated in, or directed the commission of that RICO predicate act; (d) state all facts which you contend demonstrate that Quinn Emanuel know of, participated in, or directed the commission of that RICO predicate act; (e) state all facts regarding how that RICO predicate act proximately caused injury(s) to MGA's business or property; (f) state all facts regarding how MGA has calculated or estimated the monetary damages for each type of injury to its business or property proximately caused by that RICO predicate act (and if it has not, why not); and (g) IDENTIFY all PERSONS MGA believes have knowledge of the information requested in this Interrogatory.

**B.    Evidence Regarding Predicate Acts (Interrogatory 14, Deposition Topic 13)**

INTERROGATORY NO. 14:

For each predicate act identified in YOUR REPLY TO THE FOURTH AMENDED ANSWER, state the complete factual basis supporting YOUR contention that MATTEL or its alleged agents, including but not limited to Quinn Emanuel, Basham Ringe Y Correa, Bain & Company, and Sharon Rahimi, committed each such predicate act, and IDENTIFY all PERSONS with knowledge of such facts and all DOCUMENTS that REFER OR RELATE To such facts.

DEPOSITION TOPIC NO. 13:

For each predicate act identified in YOUR REPLY TO THE FOURTH AMENDED ANSWER, the facts that YOU believe show such predicate acts were committed by or were attempted by:  MATTEL, Quinn Emanuel, Basham Ringe y Correa, Bain & Company, Sharon Rahimi or any other PERSON, including but not limited to (a) when each predicate act was committed, (b) by whom each was committed, and (c) the effect of such act on YOU.

**V.    MATTEL IS ENTITLED TO DISCOVERY REGARDING MGA'S CLAIMED DAMAGES  (RFPS 83, 92, INTERROGATORY 15, 19, DEPOSITION TOPICS 19, 20.1, REQUESTS FOR ADMISSION 1-15)**

REQUEST FOR PRODUCTION NO. 83:

All of YOUR monthly, quarterly and yearly financial statements, whether audited or unaudited, from 1992 to 2000.

REQUEST FOR PRODUCTION NO. 92:

All DOCUMENTS that YOU may use at trial to establish damages for YOUR counterclaims in YOUR REPLY TO THE FOURTH AMENDED ANSWER.

INTERROGATORY NO. 15:

State all facts supporting YOUR contention that YOU were harmed or injured by reason of any conduct by MATTEL at issue in YOUR REPLY TO THE FOURTH AMENDED ANSWER, including but not limited to how each alleged act by MATTEL caused specific harm to YOU; and the amount of harm that YOU contend to have been caused by each such act, including but not limited to any lost profits YOU claim to have suffered, and the timing and payee of any out-of-pocket loss YOU incurred, and IDENTIFY all PERSONS with knowledge of such facts and all DOCUMENTS that REFER OR RELATE TO such facts.

INTERROGATORY NO. 19:

State all facts which support YOUR contention, if YOU so contend, that YOU have suffered harm, damage or injury as a result of any act or omission of MATTEL, and IDENTIFY all PERSONS with knowledge of such facts and all DOCUMENTS that REFER OR RELATE TO such facts.

DEPOSITION TOPIC NO. 19:

The facts supporting YOUR contention that YOU have been harmed or injured by reason of any conduct by MATTEL at issue in YOUR REPLY TO THE FOURTH AMENDED ANSWER, including but not limited to (a) how each alleged act by MATTEL caused specific harm to YOU, and (b) the amount of harm that YOU contend to have been caused by each such act, including but not limited to the amount, timing and payee of any out of pocket loss that YOU claim to have suffered.

DEPOSITION TOPIC NO. 20.1:[1]

The facts that support YOUR belief that MATTEL has been unjustly enriched as a result of any act or omission of MATTEL at issue in YOUR REPLY TO THE FOURTH AMENDED ANSWER, including but not limited to how MATTEL benefitted from each trade secret that YOU claim was misappropriated.

REQUEST FOR ADMISSION NO. 1:

---

[1]  There are two Deposition Topic Nos. 20.  In order to distinguish the two topics, Mattel has designated the first one Deposition Topic No. 20.1 and the second one Deposition Topic No. 20.2.

Admit that the INJUNCTION was stayed by Judge Larson until April 27, 2009.

REQUEST FOR ADMISSION NO. 2:

Admit that the INJUNCTION was stayed by the Ninth Circuit on December 9, 2009.

REQUEST FOR ADMISSION NO. 3:

Admit that the sale of BRATZ products were never prohibited by the INJUNCTION.

REQUEST FOR ADMISSION NO. 4:

Admit that the manufacture of BRATZ products was never prohibited by the INJUNCTION.

REQUEST FOR ADMISSION NO. 5:

Admit that by court order the duties of the Temporary Receiver included preserving the BRATZ brand and assets to the best of his abilities and maximizing the profits derived therefrom.

REQUEST FOR ADMISSION NO. 6:

Admit that BRATZ inventory and molds used to make BRATZ dolls were never impounded as a result of the INJUNCTION.

REQUEST FOR ADMISSION NO. 7:

Admit that BRATZ products were never recalled from retailers as a result of the INJUNCTION.

REQUEST FOR ADMISSION NO. 8:

Admit that MGA was permitted to sell and retailers and distributors were permitted to purchase Spring 2009 line BRATZ products.

REQUEST FOR ADMISSION NO. 9:

Admit that MGA was permitted to sell and retailers and distributors were permitted to purchase Fall 2010 line BRATZ products.

REQUEST FOR ADMISSION NO. 10:

Admit that MGA was permitted to sell and retailers and distributors were permitted to purchase Spring 2010 line BRATZ products.

REQUEST FOR ADMISSION NO. 14:

Admit that MGA sold some BRATZ products for the Spring 2010 season.

**REQUEST FOR ADMISSION NO. 15:**

Admit that MGA sold some BRATZ products for the Fall 2010 season.

**VI.    MATTEL IS ENTITLED TO DISCOVERY REGARDING THE COUNTERCLAIMS AND POTENTIAL AFFIRMATIVE DEFENSES**

**A.    Discovery Requests Related to Counterclaims (RFPs 3, 8, 9, 11, 45, 46, 49)**

**REQUEST FOR PRODUCTION NO. 3:**

All DOCUMENTS that YOU may use at trial to prove YOUR allegations that MATTEL knowingly engaged in "numerous criminal acts," and in doing so, injured MGA in its business or property.

**REQUEST FOR PRODUCTION NO. 8:**

All DOCUMENTS that YOU may use at trial to prove YOUR counterclaims in YOUR REPLY TO THE FOURTH AMENDED ANSWER.

**REQUEST FOR PRODUCTION NO. 9:**

All DOCUMENTS that REFER OR RELATE TO when YOU first learned of any facts forming the basis of each of the allegations in YOUR counterclaims in YOUR REPLY TO THE FOURTH AMENDED ANSWER.

**REQUEST FOR PRODUCTION NO. 11:**

All DOCUMENTS that REFER OR RELATE TO YOUR investigation of YOUR counterclaims in YOUR REPLY TO THE FOURTH AMENDED ANSWER, including but not limited to notes, memoranda, tape recordings, video recordings, witness statements, declarations, affidavits, document collections, witness identifications, witness statement summaries, files or other records that REFER OR RELATE thereto.

**REQUEST FOR PRODUCTION NO. 45:**

DOCUMENTS sufficient to IDENTIFY all PERSONS who had knowledge or any awareness of any of the facts alleged in YOUR REPLY TO THE FOURTH AMENDED ANSWER, including DOCUMENTS sufficient to IDENTIFY of what the knowledge consisted and when it was acquired.

**REQUEST FOR PRODUCTION NO. 46:**

DOCUMENTS sufficient to IDENTIFY all PERSONS who were employed by MGA or worked for MGA at any time, who had knowledge or any awareness of any of the facts alleged in YOUR REPLY TO THE FOURTH

AMENDED ANSWER, including DOCUMENTS sufficient to IDENTIFY of what the knowledge consisted and when it was acquired.

REQUEST FOR PRODUCTION NO. 49:

All DOCUMENTS REFERRING OR RELATING TO any investigation, surveillance, inspection, inquiry, survey, or analysis into the activities, including but not limited to electronic and computer related activities, alleged in YOUR counterclaims in YOUR REPLY TO THE FOURTH AMENDED ANSWER.

**B.    Discovery Requests Related to Potential Affirmative Defenses (RFP 50, 51, Deposition Topic 20.2)**

REQUEST FOR PRODUCTION NO. 50:

All DOCUMENTS RELATING TO YOUR efforts, or knowledge of any efforts by any PERSONS, worldwide to monitor, "spy on" or gain knowledge of MATTEL's trade secrets, non-public information, non-public activities, unreleased products, and product development, at toy fairs, including, but not limited to:

a.      DOCUMENTS REFERRING OR RELATING TO YOUR COMMUNICATIONS or contacts with MATTEL's current or former employees, contractors, or customers about MATTEL or its business, including, but not limited to, any tape recordings of such COMMUNICATIONS;

b.      DOCUMENTS REFERRING OR RELATING TO YOUR knowledge of any MATTEL product before its release to the public or of any other non-public information about MATTEL, its business or its products;

c.      DOCUMENTS REFERRING OR RELATING TO YOUR access, or attempts to gain access, to MATTEL showrooms, Plan-o-Grams, merchandising displays, or other Toy Fair displays on false pretenses (including, but not limited to, by using fake business cards);

d.      DOCUMENTS REFERRING OR RELATING TO YOUR access to MATTEL's products or showroom at any Toy Fair (including Hong Kong Toy Fair, New York Toy Fair, Dallas Toy Fair, or Nuremberg Toy Fair) since 1992 inclusive;

e.      YOUR access to MATTEL's confidential product and pricing information through retailers; and

f.      YOUR access to MATTEL's confidential product and pricing information from any other non-public sources and/or through non-public means.

1    REQUEST FOR PRODUCTION NO. 51:

2          DOCUMENTS sufficient to IDENTIFY all retailer or distributor personnel
     that YOU met at or in, or picked up at, the Doubletree Hotel next to
3    MATTEL's El Segundo headquarters at any time since 1992.

4    DEPOSITION TOPIC 20.2:

5          How the following DOCUMENTS came to be in YOUR possession and
     YOUR use, possession, storage, preservation, transmittal, copying, and
6    dissemination of each of them:

7
                 MGA2 1811215 - MGA2 1811297
8
                 MGA2 1811298 - MGA2 1811374
9
                 MGA2 1811375 - MGA2 1811457
10
                 MGA2 1811458 - MGA2 1811511
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

00505.07975/3694077.1

-28-