QUINN EMANUEL URQUHART & SULLIVAN, LLP
  John B. Quinn (Bar No. 090378)
  (johnquinn@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc., and Mattel de Mexico, S.A. de C.V.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>MGA ENTERTAINMENT, INC., a California corporation, et al.,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 DOC (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>Hon. David O. Carter<br><br>**MATTEL, INC.'S SUPPLEMENTAL BRIEF REGARDING JURISDICTIONAL ISSUES PURSUANT TO THE SEPTEMBER 23, 2010 ORDER**<br><br>Discovery Cut-off:  October 4, 2010<br>Pre-trial Conf:  January 4, 2011<br>Trial Date:  January 11, 2011 |

# **TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ................................................................................. 1

RELEVANT PROCEDURAL HISTORY ................................................................. 1

ARGUMENT ............................................................................................................. 2

I.  JURISDICTION OVER ALL MATTERS ON APPEAL REMAINS VESTED WITH THE NINTH CIRCUIT PENDING DISPOSITION OF MATTEL'S PETITION FOR REHEARING AND REHEARING EN BANC ........................................................................................................ 2

II. THE COURT SHOULD DEFER RULING ON MGA'S MOTION FOR NEW TRIAL AND RENEWED MOTION TO UNSEAL JUROR INTERVIEW TRANSCRIPTS ............................................................................. 4

# TABLE OF AUTHORITIES

**Page**

**CASES**

Dayton Indep. Sch. Dist. v. U.S. Mineral Prods. Co.,
    906 F.2d 1059 (5th Cir. 1990) ................................................................. 4

Griggs v. Provident Consumer Disc. Co.,
    459 U.S. 56 (1982) .................................................................................. 2

Kyocera Corp. v. Prudential-Bache Trade Servs., Inc.,
    341 F.3d 987 (9th Cir. 2003) ................................................................. 3

Mariscal-Sandoval v. Ashcroft,
    370 F.3d 851 (9th Cir. 2004) ................................................................. 3

Matter of Thorp,
    655 F.2d 997 (9th Cir. 1981) ......................................................... 2, 4, 5

**STATUTES**

Fed. R. App. P. 41(d)(1) ............................................................................ 2, 3, 5

**OTHER AUTHORITIES**

Circuit Advisory Committee Note to Rules
    35-1 to 35-3 at (2) .................................................................................. 5

Wright & Miller, Fed. Prac. and Proc.
    § 3987 (4th ed. 2010) ............................................................................. 3

**Preliminary Statement**

The filing of Mattel's Petition for Rehearing and Rehearing En Banc automatically stayed the issuance of the Ninth Circuit mandate. The Ninth Circuit has not yet ruled on Mattel's Petition nor issued any order to lift or otherwise modify the stay. As a result, jurisdiction over issues encompassed within the appeal remains vested with the Ninth Circuit, and this Court currently lacks authority to issue a ruling on MGA's Motion for New Trial. To avoid any jurisdictional issue and ensure appropriate deference to the Ninth Circuit's decision making process, and consistent with the Federal Rules of Appellate Procedure, the Court should defer ruling on MGA's Motion for New Trial until after the disposition of Mattel's Petition and until after the Ninth Circuit's mandate has issued.

**Relevant Procedural History**

On July 22, 2010, the Ninth Circuit issued its opinion. [C.A. Nos. 09-55673 & 09-55812, Dkt. Nos. 145 & 103]. The same day, the Ninth Circuit issued its order denying MGA's motion to unseal transcripts of juror interviews. [C.A. Nos. 09-55673 & 09-55812, Dkt. Nos. 146 & 104].

On August 6, 2010, this Court vacated Judge Larson's prior orders concerning trial structure, and directed the parties to submit briefs by August 20, 2010 on what action the Court should take in light of the Ninth Circuit opinion. [Dkt. No. 8470]. The August 6 Order expressly instructed the parties to assume for purposes of their briefing only, and in order to promote the speedy resolution of these issues, that Mattel's contemplated petition for rehearing and rehearing en banc and any subsequent petition for a writ of certiorari to the Supreme Court would not be granted.

On August 12, 2010, Mattel timely filed the Petition for Rehearing and Rehearing En Banc. [C.A. Nos. 09-55673 & 09-55812, Dkt. Nos. 152 & 110]. Less than one week later, on August 18, 2010, the Ninth Circuit ordered MGA to file a Response to Mattel's Petition. [C.A. Nos. 09-55673 & 09-55812, Dkt. Nos. 153 & 111].

On August 20, 2010, the parties submitted briefing pursuant to the August 6 Order [Dkt. Nos. 8626, 8628]. Thereafter, MGA filed a Motion for New Trial on all claims and defenses tried in Phase 1 and Renewed Motion to Unseal Juror Interview Transcripts [Dkt. No. 8673], which the Court heard on September 3 and September 4, 2010.

On September 8, 2010, MGA filed its Opposition to Mattel's Petition. [C.A. Nos. 09-55673 & 09-55812, Dkt. Nos. 155 & 113]. As of the date of this filing, the Ninth Circuit has not yet issued its ruling on Mattel's Petition.

## Argument

### I. JURISDICTION OVER ALL MATTERS ON APPEAL REMAINS VESTED WITH THE NINTH CIRCUIT PENDING DISPOSITION OF MATTEL'S PETITION FOR REHEARING AND REHEARING EN BANC

As this Court recognized, "the general rule is that jurisdiction over any matters involved in [a pending] appeal is immediately transferred from the district court to the court of appeals . . . until the mandate has been issued by the court of appeals." Matter of Thorp, 655 F.2d 997, 998 (9th Cir. 1981). Until such time, "[t]he district court is divested of authority to proceed further with respect to such matters, except in aid of the appeal, or to correct clerical mistakes, or in aid of execution of a judgment that has not been superseded." Id. See also Griggs v. Provident Consumer Disc. Co., 459 U.S. 56, 58 (1982) ("[A] federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously."). This rule seeks to avoid the confusion and waste of judicial resources that would inevitably flow from having two courts address the same issues at the same time. See Matter of Thorp, 655 F.2d at 998.

Mattel's filing of the Petition for Rehearing and Rehearing En Banc effected a stay of the issuance of the Ninth Circuit's mandate with respect to issues within the appeal. See Fed. R. App. P. 41(d)(1) ("The timely filing of a petition for panel rehearing, petition for rehearing en banc, or motion for stay of mandate, stays the mandate until disposition of the petition or motion unless the court orders otherwise.").

See also Rutter Group Practice Guide, Ninth Circuit Civil Appellate Practice 11:118 (2010) ("Unless otherwise ordered by the court, filing a timely petition for rehearing *suspends finality* of the Ninth Circuit's decision and *stays issuance of the mandate*. This keeps the appellate process open and prevents the district court from regaining jurisdiction over the appealed case.") (emphasis in original); 16AA Wright & Miller, Fed. Prac. and Proc. § 3987 (4th ed. 2010) ("So long as issuance of the mandate remains stayed by a timely petition for rehearing, the case is 'pending' in the court of appeals").[1]

Because the Ninth Circuit mandate has been stayed by virtue of Mattel's Petition, the Ninth Circuit retains jurisdiction over matters subject to the appeal. See 16AA Wright & Miller, Fed. Prac. and Proc. § 3987 (4th ed. 2010) ("Until the mandate issues . . . the case ordinarily remains within the jurisdiction of the court of appeals and the district court lacks power to proceed further with respect to the matters involved with the appeal."). See also Kyocera Corp. v. Prudential-Bache Trade Servs., Inc., 341 F.3d 987, 995 (9th Cir. 2003) (en banc) (en banc court "assumes jurisdiction over the entire case"). The scope of the stay is therefore defined by the appeal and not by the matters raised in Mattel's Petition. See, e.g., Mariscal-Sandoval v. Ashcroft, 370 F.3d 851, 856 (9th Cir. 2004) (Ninth Circuit retains jurisdiction "[u]ntil the mandate issues" and may modify or rescind the opinion). As the Ninth Circuit has not yet ruled on Mattel's Petition nor issued any further order to lift or modify the stay of mandate, the stay remains in effect.

---

[1] Fed. R. App. P. 41(b) provides that "[t]he court's mandate must issue 7 days after the time to file a petition for rehearing expires, or 7 days after entry of an order denying a timely petition for panel rehearing, petition for rehearing en banc, or motion for stay of mandate, whichever is later."

## II. THE COURT SHOULD DEFER RULING ON MGA'S MOTION FOR NEW TRIAL AND RENEWED MOTION TO UNSEAL JUROR INTERVIEW TRANSCRIPTS

MGA's new trial motion is inextricably intertwined with – and indeed directly depends upon – the issues addressed on appeal by the Ninth Circuit. The motion cannot be decided until jurisdiction over the matters on appeal is vested in this Court. See Dayton Indep. Sch. Dist. v. U.S. Mineral Prods. Co., 906 F.2d 1059, 1063 (5th Cir. 1990) ("When one aspect of a case is before the appellate court on interlocutory review, the district court is divested of jurisdiction over that aspect of the case."). For example, in Dayton, the Fifth Circuit cautioned that "[a] district court does not have the power to 'alter the status of the case as it rests before the Court of Appeals'" and held that by granting plaintiffs' motion to amend, the district court significantly changed the status of pending appeals and acted outside its authority. Dayton, 906 F.2d at 1063.

The same holds true here and warrants deferral of the issuance of any ruling on MGA's Motion for New Trial. Throughout these proceedings, MGA has argued the Ninth Circuit opinion warrants vacating the Phase 1 jury verdicts in their entirety and ordering a new trial as to all claims and findings. See Dkt. No. 8673 at 20-28. MGA contends that legal errors at issue on appeal were predicates for legal elements of "all of the other key instructions," and "creeping" errors identified in the Ninth Circuit opinion pervaded or "infected" the Court's jury instructions on all claims. See id. As a result, this Court lacks jurisdiction to decide MGA's motion until the Ninth Circuit mandate issues. See Matter of Thorp, 655 F.2d at 998. Deferring the ruling is necessary to avoid the risk of impinging on the Ninth Circuit's authority, the needless waste of judicial resources, and the risk of prejudice to Mattel.

MGA has also "renewed" its request to unseal juror interview transcripts on the ground that alleged juror misconduct provides an independent basis for a new trial. See Dkt. No. 8673 at 30. Because the Court lacks jurisdiction to rule on MGA's New Trial

Motion, however, any ruling on MGA's motion to unseal juror interview transcripts would also be premature.

If the Ninth Circuit concludes that it is warranted, the court may modify and reissue the opinion. See Rutter Group Practice Guide, Ninth Circuit Civil Appellate Practice 11:3 (2010). In the event the Ninth Circuit panel grants rehearing, the panel will so advise the other members of the Court, and Mattel's Petition for Rehearing En Banc shall be deemed rejected without prejudice to renewal after the panel completes action on rehearing. See Circuit Advisory Committee Note to Rules 35-1 to 35-3 at (2). Alternatively, the Ninth Circuit panel may grant rehearing en banc. See id. On the other hand, should the Ninth Circuit decline to grant the Petition, the mandate is expected to issue 7 days after entry of the order unless the Ninth Circuit orders otherwise. Fed. R. App. P. 41(b). At such time, jurisdiction would be transferred back to this Court, and further proceedings will be appropriate. See Matter of Thorp, 655 F.2d at 998.

DATED: September 24, 2010     QUINN EMANUEL URQUHART & SULLIVAN. LLP

By /s/ Michael T. Zeller
   Michael T. Zeller
   Attorneys for Mattel, Inc.