ANNETTE L. HURST (State Bar No. 148738)
ahurst@orrick.com
WARRINGTON S. PARKER III (State Bar No. 148003)
wparker@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building, 405 Howard Street
San Francisco, CA 94105
Tel. (415) 773-5700/ Fax: (415) 773-5759

WILLIAM A. MOLINSKI (State Bar No. 145186)
wmolinski@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA 90017
Tel. (213) 629-2020/Fax: (213) 612-2499

THOMAS S. MCCONVILLE (State Bar No. 155905)
tmcconville@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
4 Park Plaza, Suite 1600
Irvine, CA 92614-2258
Tel: (949) 567-6700/Fax: (949) 567-6710

Attorneys for MGA Parties

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware Corporation<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | Case No. CV 04-9049 DOC (RNBx)<br><br>Consolidated with: CV 04-9059, CV 05-2727<br><br>**MGA'S PARTIES RESPONSE REGARDING JURISDICTION TO GRANT NEW TRIAL MOTION (Dkt. 8770)**<br><br>**Trial Date: January 11, 2010** |

# MGA'S RESPONSE TO SEPTEMBER 23, 2010 MINUTE ORDER RE JURISDICTION TO GRANT MOTION FOR NEW TRIAL

The MGA Parties respond to the Court's September 23, 2010 minute order as follows.

1. Of the many issues addressed by the Ninth Circuit in its July 22 Opinion, Mattel raised only the virtual identity issue as a basis for its petition for rehearing and suggestion for rehearing en banc ("petition"). Mattel did not challenge the remainder of the panel opinion.

2. The Ninth Circuit's panel opinion presently has precedential value and is therefore binding. *See United States v. Gomez-Lopez*, 62 F.3d 304, 306 (9th Cir. 1995) (refusing to ignore precedential effect of en banc opinion while mandate was stayed to allow filing of petition for certiorari). It is therefore a proper basis upon which to grant a new trial, because it reflects a change in law directly pertinent to this case. *See Manasen v. California Dental Servs.*, 638 F.2d 1152 (9th Cir. 1979) (reversing previously granted summary judgment due to change in law).

3. For all practical purposes, all of those portions of the Ninth Circuit's opinion that have not been challenged by Mattel are final. In theory, however, the opinion could change until such time as the mandate issues. *See*, *e.g.*, *Carver v. Lehman*, 558 F.3d 869 (9th Cir. 2009).

4. The MGA Parties believe that the Court technically has jurisdiction to act on the motion, but acknowledge that this is an unusual situation and that a District Court ordinarily prefers to await issuance of the mandate. The MGA Parties have no objection to a slight delay in ruling on the motion for new trial in anticipation of the denial of the pending petition. The Court could avoid dealing with the jurisdictional issue altogether in that fashion. MGA will proceed to brief its summary judgment motions under all theories in the meantime and does not seek any delay on this basis.

| | | |
|---|---|---|
| Dated: | September 24, 2010 | Respectfully submitted,<br>ORRICK, HERRINGTON & SUTCLIFFE LLP<br><br>By: */s/ Annette L. Hurst*<br>    Annette L. Hurst<br>    Attorneys for MGA Parties |