ANNETTE L. HURST (State Bar No. 148738)
ahurst@orrick.com
WARRINGTON S. PARKER III (State Bar No. 148003)
wparker@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
405 Howard Street
San Francisco, CA 94105-2669
Tel: (415) 773-5700/Fax: (415) 773-5759

WILLIAM A. MOLINSKI (State Bar No. 145186)
wmolinski@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA 90017
Tel. (213) 629-2020/Fax: (213) 612-2499

THOMAS S. MCCONVILLE (State Bar No. 155905)
tmcconville@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
4 Park Plaza, Suite 1600
Irvine, CA 92614-2258
Tel: (949) 567-6700/Fax: (949) 567-6710

Attorneys for MGA Parties

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>MGA ENTERTAINMENT, INC., a California corporation, et al.,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | Case No. CV 04-09049 DOC (RNBx)<br>Consolidated with:<br>Case Nos. CV 04-09059 & CV 05-02727<br><br>**Hon. David O. Carter**<br><br>**MGA'S OPPOSITION TO MATTEL'S MOTION TO COMPEL DISCOVERY IN RESPONSE TO MATTEL'S REQUESTS FOR DISCOVERY CONCERNING MGA'S REPLY COUNTERCLAIMS**<br><br>Date: TBD<br>Time: TBD<br>Dept: TBD<br><br>**Phase 1**<br>**Discovery Cut-off: October 4, 2010**<br>**Pre-trial Conference: January 4, 2011**<br>**Trial Date: January 11, 2010** |

**INTRODUCTION**

Mattel once again complains about the limited time it has been provided to complete discovery on MGA's Counterclaims-in-Reply. Mattel made the same argument in seeking expedited discovery, which the Court properly rejected. Mattel simply cannot complain about a situation it created. For five years Mattel has successfully hidden from view the activities of its Market Intelligence Group and that group's secretive conduct in sneaking into competitors' showrooms to steal trade secret information.

Mattel, in fact, is continuing to hide key documents today, all while claiming that MGA should have discovered Mattel's bad acts sooner. On September 23, 2010 – – the day before Mattel filed this Motion – – Mattel's former employee, Sal Villasenor, produced a treasure trove of hot documents evidencing Mattel's serial theft of trade secrets. None of these Mattel documents have been produced by Mattel, so if Villasenor had not kept copies of these records, MGA would have never known they existed. Included in these documents were phony business cards – – not produced by Mattel – – where Villasenor not only used a fake toy store name, but used a made-up name, Anthony Villa. Also included are fake press credentials, fake toy fair badges and several email requests from senior Mattel executives asking Villasenor for copies of stolen competitive catalogs. There is even a request for a stolen catalog from Mattel's legal department!

But most notable in this production is a Mattel memo that instructs Mattel employees on how to steal competitors' trade secrets and get away with it. The memo starts by describing which toy fairs are best for gaining competitive trade secrets, concluding that the Nuremberg Toy Fair is a good one to attend where "its best to go as a U.S. retailer since you will not be asked as many questions (i.e., where is your store, etc.)." The memo has a section entitled "What You Need" that includes "a carrying case to carry all the catalogs and price lists" and "Business Cards – – you can get them from Kinkos." The memo even tells employees what to

put on their fake business cards, including a phone number where "you can either put down your home phone or make up a fake number. Just don't put down your Mattel number." This remarkable users guide to trade secret misappropriation has not been produced by Mattel, nor have any of these other key documents. Any limitation on Mattel's time to conduct discovery is directly due to Mattel's five year's of success – – and continuing efforts – – to keep this information about its corporate espionage from MGA and the Court.

With respect to Mattel's discovery, it is truly remarkable that after insisting on deposing Isaac Larian for sixteen days, and making motion after motion to bring him back, Mattel now claims he cannot provide meaningful information. Mattel's theft of MGA trade secrets dates back to at least 1998 and extended to at least 2006. Mr. Larian is uniquely suited, and may be the only MGA employee who can testify to the breadth of information from this time period requested by Mattel. MGA has grudgingly designated Mr. Larian because time does not permit searching out and educating a multitude of other employees to testify on these topics.

As for the written discovery, Mattel filed this Motion before receiving MGA's responses. Had Mattel waited to see those responses, it would have seen that (1) MGA is agreeing to produce all documents responsive to 85 of the 92 requests, and agreeing to produce with only slight limitation, documents responsive to another 5 requests, thus leaving only 2 requests for which MGA has objected to the breadth, relevance or scope; (2) MGA is providing substantive answers to all requests for admission on which it possesses the requisite knowledge; (3) MGA is providing complete response to 18 of the 20 interrogatories, only objecting to 2 interrogatories that are overbroad and burdensome; and (4) MGA is agreeing to make a witness, Mr. Larian, available on all 21 topics in Mattel's 30(b)(6) notice. MGA offered Mr. Larian for testimony on October 1, 2010, but that date had to be moved to October 4, 2010 due to the Discovery Master's schedule.

# ARGUMENT

## A. Requests for Production

Despite the breadth of many of these requests, MGA has agreed to produce all documents responsive to 85 of the 92 Requests. As indicated previously, MGA has been searching for and collecting much of the requested information even before these Requests were served. This includes all of the documents relating to the development of the unreleased products about which Mattel stole trade secret information. This also includes all documents reflecting MGA's efforts to keep confidential the information in its showrooms that Mattel stole. MGA plans to begin producing this information immediately with production completed prior to Mr. Larian's deposition.

MGA has limited its agreement to produce documents responsive to Requests Nos. 17, 20, 38, 61 and 83. This is because these Requests, as worded, were vastly overbroad and burdensome. For example, Request No. 17 seeks "all non-disclosure or confidentiality agreements between YOU and YOUR customers or potential customers." This request contains no temporal limits and calls for the production of potentially thousands of documents not even directly related to the claims at issue. As a result, MGA agrees to produce to Mattel exemplars of these agreements.

Similarly, Request No. 20 asks MGA to produce, "ALL DOCUMENTS that REFER AND RELATE TO the manner and method by which YOUR catalogs, price lists and new product information were distributed to any PERSON at any time between 1992 and the present, including the timing of such distribution." To require MGA to search eighteen years worth of records is unduly burdensome since the information sought bears no direct relation to the claims at issue. Mattel fails to limit its request to the claims and defenses at issue, namely, dissemination of non-public information. MGA, therefore, agrees to produce the manner and method by which its catalogs, price lists and new product information were distributed prior to the public release of the products.

**B.     Interrogatories**

MGA has provided detailed response to all but 2 Interrogatories. MGA objected only to the following Interrogatories:

**INTERROGATORY NO. 5**:

> For each trade secrets that YOU contend that MATTEL misappropriated from YOU, IDENTIFY all PERSONS outside of MGA, including but not limited to members of the press, trade associations, contractors, retailers, distributors, agents, agencies, public relations firms, advertisers, producers, production companies, media buyers, and the general public, to whom it was disclosed by YOU or who otherwise obtained access to it, and when the disclosure or initial access occurred.

**INTERROGATORY NO. 8**:

> For each trade secrets that YOU contend that MATTEL misappropriated from YOU, state, with particularity, any and all costs incurred by YOU to create each trade secret.

The reason MGA objected to Interrogatory No. 5 was because it is vastly overbroad and burdensome. The Interrogatory would require MGA to determine every person or entity to whom it disclosed images or samples of its unreleased product since 1999. MGA shows its upcoming line to numerous retailers and licensees each year at the toy fair. To assemble a list of all such persons or entities would be a massive undertaking. Moreover, there is little or no relevance to the information. The retailers are invited to showrooms to see products and are expected not to disclose this information. They do not sneak in using fake business cards. That MGA invited certain guests to see its upcoming line does not justify Mattel's use of deception to gain entry to their showrooms. Moreover, MGA is lacking a witness

1  available so the very same issue in the 30(b)(6) deposition or MGA's new claims
2  and this request is more suitable for this mechanism.
3      MGA objected to Interrogatory No. 8 because it too was vastly overbroad
4  and burdensome.  MGA has agreed to produce all documents reflecting the
5  development of the Unreleased Products to cull through those documents for cost of
6  development of those products would be a huge undertaking.  Moreover, MGA is
7  not obligated to make such calculations when this effort will likely be the subject of
8  expert testimony.

9      **C.**    **Requests For Admissions**
10      MGA has provided substantive responses, admitting or denying each
11  Request, in all instances where it possesses knowledge. MGA lacks the requisite
12  knowledge with respect to those requests directed to information outside the scope
13  of Mr. Ronald Brawer's job responsibilities while employed at MGA.

14      **D.**    **MGA 30(b)(6) Deposition**
15      MGA agreed to make a witness available on all topics in Mattel's notice.
16  MGA indicated that Mr. Larian would be available on October 1, 2010.  Due to
17  scheduling issues with the Discovery Master, the parties agreed to move that
18  deposition to October 4, 2010.

19
20  Dated:   September 25, 2010   ORRICK, HERRINGTON & SUTCLIFFE LLP
21
22      By:    *s/ William A. Molinski*
    William A. Molinski
23      Attorneys for MGA Parties

24  OHS West:260995842.1

25
26
27
28

- 5 -  MGA'S OPPOSITION TO MATTEL'S MOTION TO COMPEL DISCOVERY
CV 04-9049 DOC (RNBx)