Robert C. O'Brien (SBN 154372)
ARENT FOX LLP
555 West Fifth Street, 48th Floor
Los Angeles, CA  90013-1065
Telephone:  213.629.7400
Facsimile:   213.629.7401
obrien.robert@arentfox.com

Discovery Master

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>            Plaintiff,<br><br>       v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>            Defendant.<br><br>CONSOLIDATED WITH<br>MATTEL, INC. v. BRYANT and<br>MGA ENTERTAINMENT, INC. v. MATTEL, INC. | Case No.  CV 04-09049 DOC (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-2727<br><br>**PHASE 2 DISCOVERY MATTER ORDER NO. 103 REGARDING ISSUES REMANDED TO THE DISCOVERY MASTER PURSUANT TO COURT'S SEPTEMBER 20, 2010 ORDER** |

## I. INTRODUCTION

On September 20, 2010, the Court issued an order (the "Order") sustaining MGA's objections to Discovery Master Order No. 90 regarding certain Requests for Admission propounded by Mattel on MGA and Mr. Larian (the "Requests") and remanding certain issues to the Discovery Master for further consideration. To assist him in deciding the issues remanded for his consideration, the Discovery Master issued Discovery Master Order No. 101 on September 20, 2010 directing the parties to submit further briefing addressing the individual Requests on a case-by-case basis. The parties submitted their briefs and supporting materials on September 23, 2010.

The Discovery Master has now reviewed the Requests on a case-by-case basis as well as the parties' submissions, and rules as set forth below.

## II. DISCUSSION

Applying the Court's analysis set forth in the Order to the individual Requests, the Discovery Master finds that each of the Requests implicates information protected by the attorney-client privilege. For instance, the Requests asking whether the subject e-mail reflects legal advice (Request Nos. 18-23 to Mr. Larian) would (assuming the answer is "yes") necessarily disclose the substance of that advice.

Moreover, the Requests (e.g., Request No. 3) that Mattel characterizes as merely seeking an admission that MGA or Mr. Larian knew a fact (i.e., the existence of a Court order) would, under the reasoning set forth in the Order, likely implicate attorney-client communications. Although it is true that the mere communication of a fact by an attorney to his client is not privileged, to require MGA and Mr. Larian to extricate a fact communicated by their attorneys from the context of the entire communication (which is privileged) would, under the reasoning and authorities set forth in the Order, implicate the attorney-client privilege.

Moreover, even assuming that the subject Requests did not implicate the attorney-client privilege, but only involved attorney work product, Mattel has not adequately demonstrated a compelling need for responses that justifies overcoming the qualified protection afforded to work product. Given the fact that the subject e-mail exchange between Mr. Larian and Ms. O'Conner is now in the possession of Mattel, and given that the chronology of events relating to the delayed production of that e-mail is, in large part, already a matter of record, as well as Mr. Larian's deposition testimony concerning the e-mail, Mattel will still able to present evidence at trial supporting its theory that the subject e-mail supports its claims of obstruction of justice and perjury, even without compelling MGA to respond to the Requests.

## III. DISPOSITION

Based on the foregoing, Mattel's motion to compel responses to the Requests is DENIED in all respects.

Dated: September 25, 2010           Respectfully submitted,

By: /s/ Robert C. O'Brien
ROBERT C. O'BRIEN
Discovery Master

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 2 -

[Case No. CV 04-09049 DOC (RNBx)]

LA/335374.1