QUINN EMANUEL URQUHART & SULLIVAN, LLP
  John B. Quinn (Bar No. 090378)
  (johnquinn@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017–2543
Telephone:  (213) 443–3000
Facsimile:   (213) 443–3100

Attorneys for Mattel, Inc. and
Mattel de Mexico, S.A. de C.V.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation,<br><br>                Plaintiff,<br><br>        vs.<br><br>MGA ENTERTAINMENT, INC., a California corporation, et al.,<br><br>                Defendant. | CASE NO. CV 04–9049 DOC (RNBx)<br>Consolidated with<br>Case No. CV 04–09059<br>Case No. CV 05–02727<br><br>Hon. David O. Carter<br><br>**[PUBLIC REDACTED] MATTEL, INC.'S OBJECTIONS TO DISCOVERY MASTER ORDER NO. 103** |
| AND CONSOLIDATED ACTIONS | Date:    TBD<br>Time:    TBD<br>Place:   Courtroom 9D<br><br>Discovery Cut–off: October 4, 2010<br>Pre–trial Conf.:     January 4, 2011<br>Trial Date:           January 11, 2011 |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, on a date to be determined by the Court, in the Courtroom of The Honorable David O. Carter, located at 411 West Fourth Street, Santa Ana, California 92701, plaintiff Mattel, Inc. ("Mattel") will, and hereby does, move the Court to overrule the Discovery Master's Order No. 103, dated September 25, 2010, and to compel Mr. Larian to respond to RFA Nos. 3, 8–25, 36–41 and MGA to respond to RFA Nos. 3–5, 8–22, 33–38. This Motion is made pursuant to Federal Rule of Civil Procedure 72(a) on the grounds that the Discovery Master's Order, which denied the entirety of Mattel's motion to compel responses to Requests for Admission to MGA and Mr. Larian, failed to apply the proper legal standards and thus resulted in an erroneous ruling.

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, any matters of which the Court may take judicial notice, and such further evidence and argument as may be presented at or before the hearing on this matter.

### Statement of Compliance

Lead counsel for the parties met and conferred about the issues herein on August 25, 2010 and multiple other times since October 2009.

DATED: September 28, 2010          QUINN   EMANUEL   URQUHART   & SULLIVAN. LLP


By  /s/ Michael T. Zeller
    Michael T. Zeller
    Attorneys for Mattel. Inc.

## Preliminary Statement

Discovery Matter Order No. 103 relies upon an erroneous legal standard and is inconsistent with the law of the case with respect to material issues such as the applicability of the Holmgren compelling need exception to the discoverability of attorney work product.  As the Court recognized in its September 20 Order, part of the reason for the erroneous conclusions in Order No. 90 was the MGA Parties' prior failure to address the requests on a request–by–request basis.  MGA and Mr. Larian provided inadequate supplemental briefing to the Discovery Master that did not address each Request meaningfully, contributing, again, to an erroneous ruling.

Mattel respectfully requests that the Court overrule Order No. 103.

## Background

On September 20, 2010, the Court vacated Discovery Master Order No. 90 and remanded to the Discovery Master for reconsideration.[1]  The Court's Order observed that the Discovery Master may conclude some "of the RFAs at issue, do not require the disclosure of privileged communications or attorney work product."[2]  The Court also recognized that the "compelling need" exception to the work product doctrine may apply and held that the Discovery Master may conclude "that information protected by the work product doctrine may be discovered as a result of Mattel's compelling need for the materials."[3]  The Court's Order found that "[t]he Discovery Master's errors can be attributed to MGA's failure to properly support its objections[,]" namely, that the MGA Parties' prior briefing "inexplicably failed to address the Requests for Admission on a request–by–basis."[4]  The Discovery Master subsequently ordered supplemental briefing addressing the propriety of the RFAs on

---

[1]  Court's Sept. 20, 2010 Order, at 13:6–7 (Dkt. No. 8753).
[2]  Id. at 13:19–21.
[3]  Id. at 13:10–12.
[4]  Id. at 12:28–13:2.

1  a request–by–request basis.[5]  On September 25, 2010, the Discovery Master issued

2  Discovery Matter Order No. 103, which denied Mattel's motion as to all Requests at

3  issue.

### Argument

4

5  I.  **MGA'S SUPPLEMENTAL BRIEFING AGAIN DID NOT**

6  **MEANINGFULLY ADDRESS THE RFAS ON A REQUEST–BY–**

7  **REQUEST BASIS, WHICH RESULTED IN AN ERRONEOUS ORDER**

8         Although the directives from the Court and the Discovery Master regarding

9  the supplemental briefing were clear, MGA and Mr. Larian both submitted over–

10  length briefs that did not meaningfully address the RFAs on a request–by–request

11  basis as ordered.  As the Court is aware, there are two sets of RFAs at issue: a set

12  directed to Mr. Larian and a set directed to MGA.  In the set propounded on Mr.

13  Larian, the definition of "YOU" does not include Mr. Larian's attorneys—a

14  difference from the set propounded on MGA, which does include attorneys in the

15  definition of "YOU."  This renders privilege concerns markedly different between

16  the sets.  However, MGA's and Mr. Larian's supplemental briefing ignored this

17  critical difference.  And most of the arguments that MGA and Mr. Larian did make

18  were identical to one another – cut and paste jobs.  Thus, MGA and Mr. Larian

19  inhibited the Discovery Master's ability to properly assess each request and whether

20  it called for privileged information, and they ignored the critical fact that the RFAs

21  to Mr. Larian do not even request attorney knowledge in response.

22         More specifically, the following RFAs propounded on Mr. Larian plainly do

23  not and could not implicate privilege concerns in light of the definition of "YOU":

24  _____

25  [5]  In light of the Court's familiarity with these issues, Mattel does not want to

26  burden the Court with duplicative briefing and therefore states its positions in

   summary form herein.  Mattel respectfully incorporates by reference the full

27  arguments made to the Discovery Master in Mattel's September 23, 2010

   supplemental brief, attached hereto as Exhibit A, which shows why nearly all of the

28  RFAs at issue do not seek privileged information or work product in any way.

- RFA No. 3:  Admit that YOU knew, prior to May 27, 2008, that YOU had been compelled by Court Order to produce to Mattel in this litigation the document attached hereto as Exhibit 1.

- RFA No. 8:  Admit that the document attached hereto as Exhibit 1 is protected by the attorney–client privilege.

- RFA No. 14:  Admit that YOU knew the document attached hereto as Exhibit 1 never was protected by the attorney–client privilege.[6]

Ignoring the different definitions of "YOU," Mr. Larian made the same argument in response to these RFAs as MGA did to the similar RFAs directed at it.  It is simply wrong to say that a request that Mr. Larian admit his knowledge, such as above, seeks privileged information.

## II.   MGA'S AND MR. LARIAN'S CONCLUSORY ARGUMENTS FAIL

### A.   MGA's And Mr. Larian's Conclusory Assertions Regarding The Attorney–Client Privilege Do Not Meet Their Burden To Sustain The Privilege

In their supplemental briefing to the Discovery Master, MGA and Mr. Larian repeatedly argued that the requests call for attorney–client privileged information because they seek "to have [MGA/Mr. Larian] include in its response any advice it obtained from counsel."  It is MGA's and Mr. Larian's burden to sustain the privilege as to the information sought by each request.  This lone, generic argument, made without evidentiary support and provided in response to nearly all of the requests at issue, does not meet that burden.  These unsubstantiated and generic responses are not sufficient to allow MGA and Mr. Larian to avoid undisputedly relevant discovery.

In fact, the following Requests do not even arguably call for privileged information:

---

[6]  See also RFA Nos. 9–17, 36–41.

-3-

- RFA No. 9 to Mr. Larian:  Admit that the document attached hereto as Exhibit 1 is protected by the work product doctrine.
- RFA No. 24 to Mr. Larian:  Admit that YOU stated, prior to August 21, 2009, that the portion of the document attached hereto as Exhibit 1 containing the email exchange between YOU and Victoria O'Connor reflects legal advice.[7]
- RFA No. 4 to MGA:  Admit that MGA knew the document attached hereto as Exhibit 1 was not produced to Mattel prior to the commencement of the Phase 1 trial in this matter.
- RFA No. 8 to MGA:  Admit that the document attached hereto as Exhibit 1 is protected by the attorney–client privilege.

**B.**   **MGA's And Mr. Larian's Sole Claim Regarding Mattel's Inability To Meet The *Holmgren* "Compelling Need" Standard Fails On Its Face And Contradicts This Court's Prior Application Of That Standard**

Both MGA and Mr. Larian argue that Mattel cannot meet the "compelling need" standard required to obtain attorney work product because Mattel has been provided with discovery on the information sought through the prior deposition testimony of Mr. Larian.  Neither MGA nor Mr. Larian provide any citations to this alleged testimony.  That is because, with respect to the information sought by many, if not all, of the RFAs at issue, such deposition testimony does not exist.

For example, Mr. Larian answered ███████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████

---

[7]  As Mattel made clear in its supplemental briefing, this RFA and well as RFA No. 25 to Mr. Larian are only seeking to ascertain whether Mr. Larian made such a statement excluding privilege statements made to his attorneys.

[8]  Larian Depo. Tr. at 2379:17–21.

1   ████████████████████████████████████████████████

2   ████████████   But this testimony does not establish that Mattel does not have a

3   "compelling need" to obtain an answer to an unrelated question—"that there was no

4   basis for withholding from production in this litigation the document attached hereto

5   as Exhibit 1 on the grounds of [attorney–client privilege/work product privilege.]"[10]

6   Moreover, Order No. 103 failed to take into account the discussion of the

7   "compelling need" standard in the Court's March 11, 2010 Order Regarding the

8   Deposition Testimony of Michael Moore.   The Court held that the "compelling

9   need" standard was met because Mr. Moore "possesse[d] knowledge about Mattel's

10  internal decision–making and state of mind, which is directly relevant to the MGA

11  Parties' defenses and affirmative claims[,]" thus he was ordered to provide

12  responsive testimony notwithstanding that doing so would otherwise invade the

13  work product privilege.[11]

14  As set forth in more detail in Mattel's September 23, 2010 supplemental brief

15  to the Discovery Master, Mattel's need for the information sought by many of the

16  RFAs at issue is far greater than MGA's need for Mr. Moore's testimony; the

17  admissions go directly to an element of Mattel's claims – intent.[12]   Mattel cannot

18  obtain this information from any other source.   ████████████████████████

19  ████████████████████████████████████████████████

20  ████████████   these requests are the least invasive way of obtaining this necessary

21  information.

22

23

24

25    [9]  Id. at 2385:8–12.
26    [10]  RFAs To MGA, Nos. 16, 17.
27    [11]  Court's March 11, 2010 Order, at 7–8 (Dkt. No. 7632).
28    [12]  See Court's September 20, 2010 Order, at 7 (Dkt. No. 8753) (recognizing
      Mattel's obstruction claims require scienter).

III. **THE DISCOVERY MASTER'S ORDER PROVIDES AN ERRONEOUS RECITATION OF THE LAW AND CONTRADICTS THE ESTABLISHED LAW OF THE CASE**

Order No. 103 also rests on an erroneous legal conclusion: "[a]lthough it is true that the mere communications of a fact by an attorney to his client is not privileged, to require MGA and Mr. Larian to extricate a fact communication by their attorneys from the context of the entire communications (which is privileged) would, under the reasoning and authorities set for in the Order, implicate the attorney–client privilege."[13] If this were accurate, it would gut the well–established principle that facts do not become privileged simply because they are communicated by an attorney. Indeed, the only way that such facts are actually discovered is by engaging in some level of "extrication."

The RFAs do not require MGA or Mr. Larian to disclose privileged communications; they require them to respond with facts in their knowledge. Throughout this litigation in a host of various situations, the requirement that facts, even if conveyed by an attorney, must be disclosed in discovery has been applied in repeated rulings in this case.[14] The Discovery Master's Order relies on an erroneous legal standard and contradicts settled law of the case.

---

[13]   Order No. 103, at 1:23–28.
[14]   See, e.g., August 14, 2007 Discovery Master Order Overruling Privilege Instructions at Garcia Deposition, at 12, 16 (noting that attorney–client privilege protection "extends only to communications; however, it does not extend to the facts underlying privileged communications" and overruling MGA's privilege instructions to certain questions because "[t]he questions did not require Ms. Garcia to reveal the content of an attorney–client communication. Rather, the questions posed called for disclosure of underlying facts to which Mattel is entitled"); see also Upjohn Co. v. United States, 449 U.S. 383, 389 (1981) ("The privilege only protects disclosure of communications; it does not protect disclosure of the underlying facts by those who communicated with the attorney[.]"); AMCO Ins. Co. v. Madera Quality Nut LLC, 2006 WL 931437, at *18 (E.D. Cal. 2006) ("[I]t is only the communications that are subject to attorney–client privilege, and not the

1
## Conclusion

2       For the foregoing reasons, Mattel respectfully requests that the Court overrule

3  Discovery Master Order No. 103.

4     DATED:  September 28, 2010       QUINN     EMANUEL     URQUHART    &
                                       SULLIVAN, LLP
5

6                                      By  /s/ Michael T. Zeller
                                           Michael T. Zeller
7                                          Attorneys for Mattel, Inc.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25  foundational  facts  concerning  the  communication,  or  the  underlying,  independent
    facts."); Resolution Trust Corp. v. Dabney, 73 F.3d 262, 266 (10th Cir. 1995)
26  ("Because the work product doctrine is intended only to guard against divulging the
    attorney's strategies and legal impressions, it does not protect facts concerning the
27  creation of work product or facts contained within work product"); Garcia v. City of
    El Centro, 214 F.R.D. 587, 591 (S.D. Cal. 2003) (same).
28

# EXHIBIT A

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California  90017-2543 | TEL: (213) 443-3000  FAX: (213) 443-3100

WRITER'S DIRECT DIAL NO.
**(213) 443-3180**

WRITER'S INTERNET ADDRESS
**michaelzeller@quinnemanuel.com**

September 23, 2010

**VIA ELECTRONIC MAIL**

Robert C. O'Brien, Esq.
Arent Fox LLP
555 West Fifth Street, 48th Floor
Los Angeles, CA 90013

Re:   Mattel v. MGA

Dear Mr. O'Brien:

Pursuant to the Court's September 20, 2010 Order (Dkt. No. 8753) and your subsequent request for supplemental briefing, Mattel submits this letter brief.  In light of the Court's Order, there are certain RFAs that Mattel is no longer pursuing.  The RFAs that Mattel seeks further responses to are discussed below.

**Requests For Admission to Isaac Larian**.   The following RFAs propounded on Mr. Larian remain proper under the Court's Order, and Mr. Larian should be ordered to answer them. Mattel notes, as relevant to all of these Requests, that the definition of "YOU" in the Requests to Larian do *not* include his counsel, thereby minimizing any theoretical risk that a privilege could be impacted by the Requests.

- REQUEST FOR ADMISSION NO. 3:  Admit that YOU knew, prior to May 27, 2008, that YOU had been compelled by Court Order to produce to Mattel in this litigation the document attached hereto as Exhibit 1.

**quinn emanuel urquhart & sullivan, llp**

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York  10010-1601 | TEL (212) 849-7000  FAX (212) 849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California  94111-4788 | TEL (415) 875-6600  FAX (415) 875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, 5th Floor, Redwood Shores, California  94065-2139 | TEL (650) 801-5000  FAX (650) 801-5100
CHICAGO | 500 W. Madison Street, Suite 2450, Chicago, Illinois  60661-2510 | TEL (312) 705-7400  FAX (312) 705-7401
LONDON | 16 Old Bailey, London EC4M 7EG, United Kingdom | TEL +44(0) 20 7653 2000  FAX +44(0) 20 7653 2100
00505.07975/3709232. Akasaka Twin Tower Main Bldg., 6th Floor, 17-22 Akasaka 2-Chome, Minato-ku, Tokyo 107-0052, Japan | TEL +81 3 5561-1711  FAX +81 3 5561-1712
MANNHEIM | Erzbergerstraße 5, 68165 Mannheim, Germany | TEL +49(0) 621 43298 6000  FAX +49(0) 621 43298 6100

This RFA merely seeks an admission that Mr. Larian knew a fact.  Even if that fact was communicated to him by an attorney, that does not make it privileged.  Upjohn Co. v. United States, 449 U.S. 383, 389 (1981) ("The privilege only protects disclosure of communications; it does not protect disclosure of the underlying facts by those who communicated with the attorney[.]"); see also AMCO Ins. Co. v. Madera Quality Nut LLC, 2006 WL 931437, at *18 (E.D. Cal. 2006) ("[I]t is only the communications that are subject to attorney–client privilege, and not the foundational facts concerning the communication, or the underlying, independent facts."); Resolution Trust Corp. v. Dabney, 73 F.3d 262, 266 (10th Cir. 1995) ("Because the work product doctrine is intended only to guard against divulging the attorney's strategies and legal impressions, it does not protect facts concerning the creation of work product or facts contained within work product"); Garcia v. City of El Centro, 214 F.R.D. 587, 591 (S.D. Cal. 2003) (same); Nutmeg Ins. Co. v. Atwell, Vogel & Sterling A Div. of Equifax Services, Inc., 120 F.R.D. 504, 509 (W.D. La. 1988) ("The courts have consistently held that the work–product concept furnishes no shield against discovery, by interrogatories or by deposition, *of the facts* that the adverse party's lawyer has learned, or the persons from whom he has learned such facts...") (citing 8 Wright & Miller, Fed. Practice and Procedure § 2023 (1970) (emphasis in the original)).  Thus, this RFA does not seek privileged information and Mr. Larian should be ordered to respond without objection.

The following RFAs ask Mr. Larian to admit or deny whether a document which has been produced in this litigation is, or is not, protect by the attorney–client or work product privilege:

- **REQUEST FOR ADMISSION NO. 8:** Admit that the document attached hereto as Exhibit 1 is protected by attorney–client privilege.

- **REQUEST FOR ADMISSION NO. 9:** Admit that the document attached hereto as Exhibit 1 is protected by the work product doctrine.

- **REQUEST FOR ADMISSION NO. 10:** Admit that the document attached hereto as Exhibit 1 is not protected by attorney–client privilege.

- **REQUEST FOR ADMISSION NO. 11:** Admit that the document attached hereto as Exhibit 1 is not protected by the work product doctrine.

- REQUEST FOR ADMISSION NO. 12: Admit that the document attached hereto as Exhibit 1 never was protected by attorney–client privilege.

  REQUEST FOR ADMISSION NO. 13: Admit that the document attached hereto as Exhibit 1 never was protected by the work product doctrine.

- REQUEST FOR ADMISSION NO. 36: Admit that the document corresponding to Entry No. 557 on MGA'S REVISED JANUARY 23, 2008 PRIVILEGE LOG is protected by attorney–client privilege.

- REQUEST FOR ADMISSION NO. 37: Admit that the document corresponding to Entry No. 557 on MGA'S REVISED JANUARY 23, 2008 PRIVILEGE LOG is protected by the work product doctrine.

- REQUEST FOR ADMISSION NO. 38: Admit that the document corresponding to Entry No. 557 on MGA'S REVISED JANUARY 23, 2008 PRIVILEGE LOG is not protected by attorney–client privilege.

- REQUEST FOR ADMISSION NO. 39: Admit that the document corresponding to Entry No. 557 on MGA'S REVISED JANUARY 23, 2008 PRIVILEGE LOG is not protected by the work product doctrine.

- REQUEST FOR ADMISSION NO. 40: Admit that the document corresponding to Entry No. 557 on MGA'S REVISED JANUARY 23, 2008 PRIVILEGE LOG never was protected by attorney–client privilege.

- REQUEST FOR ADMISSION NO. 41: Admit that the document corresponding to Entry No. 557 on MGA'S REVISED JANUARY 23, 2008 PRIVILEGE LOG never was protected by the work product doctrine.

The fact of whether a party believes that a document is privileged is not in and of itself privileged. See Fox v. Cal. Sierra Fin. Servs., 120 F.R.D. 520, 524 (N.D. Cal. 1988) ("information identifying a communication for which a claim of privilege is made is not itself privileged"); Markwest Hydrocarbon, Inc. v. Liberty Mutual Ins. Co., 2007 WL 1106105, at *4 (D. Colo. 2007) ("questions related to the existence of attorney–client communications" are not privileged"); New Jersey v. Sprint Corp., 2009 WL 1917412, at *18 (D. Kan. 2009) ("Questions regarding the existence, extent, or waiver of an attorney–client privilege or work product immunity are not themselves privileged or protected."). Indeed, if it were, a privilege log would itself be privileged since such a log reveals a party's contentions about what documents are privileged. Mr. Larian's beliefs about whether the document is or is not privileged, and whether it ever was privileged, are discoverable. Moreover, these contentions are highly relevant, and

there is a compelling need to discover them even if there were some applicable privilege, given
the document's initial withholding and Mattel's affirmative claims in this actions based on that
withholding, as discussed further below.  Indeed, Judge Carter found that the RFAs as a whole
were relevant to "Mattel's RICO counterclaims."[1]

  The following RFAs seek admissions about Mr. Larian's knowledge:

-  <u>REQUEST FOR ADMISSION NO. 14</u>: Admit that YOU knew the document attached
  hereto as Exhibit 1 never was protected by attorney–client privilege.

-  <u>REQUEST FOR ADMISSION NO. 15</u>: Admit that YOU knew the document attached
  hereto as Exhibit 1 never was protected by the work product doctrine.

-  <u>REQUEST FOR ADMISSION NO. 16</u>: Admit that there was no basis for withholding
  from production in this litigation the document attached hereto as Exhibit 1 on grounds of
  attorney–client privilege.

-  <u>REQUEST FOR ADMISSION NO. 17</u>: Admit that there was no basis for withholding
  from production in this litigation the document attached hereto as Exhibit 1 on grounds of
  the work product doctrine.

  Mr. Larian's knowledge is not privileged.  As noted above, "YOU" is defined only as Mr.
Larian, not including his attorneys.  The RFAs merely seek information regarding a non–
lawyer's knowledge.  On their face, these RFAs cannot be said to seek privileged information.

  The following RFAs ask Mr. Larian to admit whether a portion of a produced document
consisting of communications between non–lawyers reflects legal advice:

-  <u>REQUEST FOR ADMISSION NO. 18</u>: Admit that the portion of the document attached
  hereto as Exhibit 1 containing the email exchange between YOU and Victoria O'Connor
  reflects legal advice.

-  <u>REQUEST FOR ADMISSION NO. 19</u>: Admit that the portion of the document attached
  hereto as Exhibit 1 containing the email exchange between YOU and Victoria O'Connor
  did not reflect legal advice.

---

[1]  Court's Sept. 20, 2010 Order, at 7:8–9 (Dkt. No. 8753).

- <u>REQUEST FOR ADMISSION NO. 20</u>: Admit that YOU believed, prior to May 27, 2008, that the portion of the document attached hereto as Exhibit 1 containing the email exchange between YOU and Victoria O'Connor reflects legal advice.

- <u>REQUEST FOR ADMISSION NO. 21</u>: Admit that YOU believed, prior to May 27, 2008, that the portion of the document attached hereto as Exhibit 1 containing the email exchange between YOU and Victoria O'Connor did not reflect legal advice.

- <u>REQUEST FOR ADMISSION NO. 22</u>: Admit that YOU have never believed that the portion of the document attached hereto as Exhibit 1 containing the email exchange between YOU and Victoria O'Connor reflects legal advice.

- <u>REQUEST FOR ADMISSION NO. 23</u>: Admit that YOU knew that the portion of the document attached hereto as Exhibit 1 containing the email exchange between YOU and Victoria O'Connor did not reflect legal advice.

███████████████████████████████████████

████████████ so any objection that these requests ask for a legal conclusion is meritless, and he likewise cannot claim that answering these RFAs would disclose privileged information.  And, indeed, the RFAs do not seek to discover the contents of any privileged communications – they merely seek to discover whether *known* communications produced by MGA itself reflect legal advice according to MGA, as relevant to multiple issues in this case, including Mattel's affirmative obstructions claims.

Two RFAs ask Mr. Larian about whether he made certain statements in non–privileged contexts:

- <u>REQUEST FOR ADMISSION NO. 24</u>: Admit that YOU stated, prior to August 21, 2009, that the portion of the document attached hereto as Exhibit 1 containing the email exchange between YOU and Victoria O'Connor reflects legal advice.

- <u>REQUEST FOR ADMISSION NO. 25</u>: Admit that YOU stated, prior to August 21, 2009, that the portion of the document attached hereto as Exhibit 1 containing the email exchange between YOU and Victoria O'Connor did not reflect legal advice.

Mattel does not seek to discover any previously undisclosed privileged communications through these RFAs.  Rather, Mattel merely seeks to ascertain whether Mr. Larian made such a

---

[2]   <u>See</u> Larian Depo. Tr. at 2372:22–2373:7.

statement *excluding* privileged statements made to his attorneys, such as a statement made to Mattel in Mr. Larian's privilege log. As clarified, there are no privilege issues here since statements made in the presence of or to third parties are not privileged. See, e.g., Griffith v. Davis, 161 F.R.D. 687, 698 (C.D. Cal. 1995) ("Voluntary disclosure of a privileged communication to third person destroys confidentiality and constitutes a waiver of the privilege."). These RFAs do not seek privileged information.

**Requests For Admission To MGA**. The following RFAs propounded on MGA remain proper under the Court's Order, and MGA should be ordered to respond without objection.

- REQUEST FOR ADMISSION NO. 3: Admit that MGA knew, prior to May 27, 2008, that MGA had been compelled by Court Order to produce to Mattel in this litigation the document attached hereto as Exhibit 1.

This RFA seeks MGA's knowledge of a fact. Even if that fact was communicated by an attorney, that does not make it privileged. Upjohn Co., 449 U.S. at 389 ("The privilege only protects disclosure of communications; it does not protect disclosure of the underlying facts by those who communicated with the attorney"); see supra p. 2.

MGA may argue that this request invades work product by seeking an attorney's beliefs. That argument fails – the request seeks *MGA's* beliefs regardless of source, not its attorney's beliefs; an admission or denial will answer only what *MGA* knew, and will not reveal who at MGA (i.e., lawyers or non–lawyers) knew that. Thus, there is no work product issue here. The purpose of the work product doctrine is to "promote the adversary system by enabling attorneys to prepare cases without the fear that their work product will used against their clients." Westinghouse Elec. Corp. v. Republic of the Philippines, 951 F.2d 1414, 1428 (3d Cir. 1991); see also United States v. Nobles, 422 U.S. 225, 238 (1975) ("At its core, the work product doctrine shelters the mental processes of the attorney, providing a privileged area within which he can analyze and prepare his client's case."); Hickman v. Taylor, 329 U.S. 495, 512 (1947) (basing work product protection on attorney's need to "prepare his legal theories and plan his strategy without undue interference"); Admiral Ins. Co. v. U.S. Dist. Court, 881 F.2d 1486, 1494 (9th Cir. 1989) ("The conditional protections afforded by the work product rule prevent exploitation of party's efforts in preparing litigation."). These concerns are not implicated by these RFAs. Mattel is seeking MGA's beliefs on issues directly relevant to Mattel's claims. The

RFAs are directed to and were sent to MGA, not its counsel. The fact that the source of MGA's knowledge may be its attorneys does not mean that *MGA* may refuse to answer these RFAs on work product grounds.

Even if there were some work product issue, the information nonetheless should be disclosed because Mattel has a substantial need for it and is unable to obtain it from other means. See Fed. R. Civ. P. 26(b)(3). As the Ninth Circuit held in Holmgren v. State Farm Mut. Auto. Ins. Co., "opinion work product may be discovered and admitted when mental impressions are at issue in a case and the need for the material is compelling." Holmgren, 976 F.2d 573, 577 (9th Cir. 1992). In Holmgren, the court found both elements were met because "the 'strategy, mental impressions and opinion of [the insurer's] agents concerning the handling of the claim are directly at issue'" and "Holmgren's need for the exhibits was compelling[,]" which can be established by showing that the information is not available elsewhere. Id.; see also E.E.O.C. v Safeway Store, Inc., 2002 WL 31947153, at *7 (N.D. Cal. Sept. 16, 2002) (compelling production of information protected by work product doctrine because it "goes to [defendant's] state of mind, an element directly relevant to" plaintiff's claim and defendant "has not identified any substitute for this information").

Mattel meets this standard here. Mattel has alleged that MGA has engaged in a pattern of concealing evidence, allegations that are part of Mattel's obstruction of justice and perjury claims. Mattel has specifically alleged that the withholding of the Larian–O'Connor email furthered MGA's obstruction of justice, as relevant to Mattel's RICO claims. See FAAC, ¶¶ 95–96, 124. Whether MGA knew this document was compelled and nonetheless withheld it is directly relevant to Mattel's claim that MGA improperly concealed the documents. See United States v. Rasheed, 663 F.2d 843, 852 (9th Cir. 1981) (holding that "concealment of documents can fall within the prohibition of" obstruction of justice). MGA's knowledge of whether the document was compelled by court order is undisputedly relevant. Judge Carter found that obstruction of justice "requires scienter."[3] This RFA goes directly to that element, and thus MGA's knowledge and beliefs – whether held by MGA's counsel or anyone else at MGA – are directly at issue as part of Mattel's RICO claims. Additionally, there is no other means for

---

[3]   Court's Sept. 20 Order, at 7:11.

Mattel to obtain this information.  MGA and Mr. Larian have stated that its counsel was responsible for document production and privilege determinations.[4]  The basic factual questions Mattel has asked through RFAs are the *least* invasive way of obtaining information on these issues (especially when compared to the decision of MGA, for its part, to subpoena Mattel's outside counsel, Jon Corey).  As in Holmgren, Mattel has met both elements – the discovery is directly relevant to an element of one of its claims and it cannot obtain the evidence from other means.

Judge Carter previously found that that the "compelling need" standard was met when the Court ordered Michael Moore, Mattel in–house counsel, to testify about his work–product impressions regarding copyrighted works Mattel has registered.[5]  Judge Carter stated that Mr. Moore was a "necessary witness [because] he possesses knowledge about Mattel's internal decision–making and state of mind, which is directly relevant to the MGA Parties' defenses and affirmative claims."[6]  And thus, "the disclosure of his opinion work product is supported by the compelling need for such materials under Holmgren."[7]  Mattel's need for the information at issue here is far greater – the information at issue in these RFAs goes directly to an element of its claims and cannot be obtained from another source.  See E.E.O.C., 2002 WL 31947153, at *7.  MGA's beliefs about the Larian–O'Connor email, and why it was withheld, are directly at issue.  Those beliefs cannot be shielded merely because they may have been informed by counsel.

- REQUEST FOR ADMISSION NO. 4: Admit that MGA knew the document attached hereto as Exhibit 1 was not produced to Mattel prior to the commencement of the Phase 1 trial in this matter.

---

[4]  See MGA's Supp. Response to RFA Nos. 6, 7, dated Dec. 7, 2009 ("MGA admits that decisions regarding the production of documents and determinations regarding the applicability of the attorney–client privilege as it pertains to documents have been made by outside counsel for MGA and Mr. Larian."); see also ███████████████████████████████████████████████████████████████████████████████

[5]  See Court's March 11, 2010 Order, at 7–8 (Dkt. No. 7632).

[6]  Id. at 8:22–23.

[7]  Id. at 8:24–25.

This RFA seeks MGA's knowledge of a fact. Even if that fact was communicated to MGA by an attorney, that does not make it privileged. Upjohn Co., 449 U.S. at 389; see also AMCO Ins. Co., 2006 WL 931437, at *18; Resolution Trust Corp., 73 F.3d at 266; Garcia, 214 F.R.D. at 591; Nutmeg Ins. Co., 120 F.R.D. at 509. And although the definition of MGA includes its attorneys, Mattel has found no authority to support an assertion that an attorney's knowledge of a fact such as whether a document was produced in litigation is protected by any privilege. Thus, this RFA does not seek privileged information or work product.

- REQUEST FOR ADMISSION NO. 5: Admit that MGA knew, at the time of the commencement of the Phase 1 trial in this matter, that the document attached hereto as Exhibit 1 was relevant to issues to be tried by the jury in the Phase 1 trial.

As with RFA No. 3, Mattel has a compelling need for the information sought by this RFA and cannot obtain it elsewhere. If MGA knew the Larian–O'Connor email was relevant but nevertheless intentionally withheld it, that would strongly support Mattel's claims of obstruction of justice. MGA cannot hide behind its lawyers to shield that knowledge. Thus, the Holmgren standard for disclosure of work product is satisfied, as discussed supra. Mattel's narrowly–tailored RFA should be compelled.

The following RFAs seek to discover whether MGA believes or contends that the Larian–O'Connor email is privileged.

- REQUEST FOR ADMISSION NO. 8: Admit that the document attached hereto as Exhibit 1 is protected by attorney–client privilege.

- REQUEST FOR ADMISSION NO. 9: Admit that the document attached hereto as Exhibit 1 is protected by the work product doctrine.

- REQUEST FOR ADMISSION NO. 10: Admit that the document attached hereto as Exhibit 1 is not protected by attorney–client privilege.

- REQUEST FOR ADMISSION NO. 11: Admit that the document attached hereto as Exhibit 1 is not protected by work product doctrine.

- REQUEST FOR ADMISSION NO. 12: Admit that the document attached hereto as Exhibit 1 never was protected by attorney–client privilege.

- REQUEST FOR ADMISSION NO. 13: Admit that the document attached hereto as Exhibit 1 never was protected by work product doctrine.

- REQUEST FOR ADMISSION NO. 14: Admit that MGA knew the document attached hereto as Exhibit 1 never was protected by attorney–client privilege.

- REQUEST FOR ADMISSION NO. 15: Admit that MGA knew the document attached hereto as Exhibit 1 never was protected by the work product doctrine.

- REQUEST FOR ADMISSION NO. 33: Admit that the document corresponding to Entry No. 557 on MGA'S REVISED JANUARY 23, 2008 PRIVILEGE LOG is protected by attorney–client privilege.

- REQUEST FOR ADMISSION NO. 34: Admit that the document corresponding to Entry No. 557 on MGA'S REVISED JANUARY 23, 2008 PRIVILEGE LOG is protected by the work product doctrine.

- REQUEST FOR ADMISSION NO. 35: Admit that the document corresponding to Entry No. 557 on MGA'S REVISED JANUARY 23, 2008 PRIVILEGE LOG is not protected by attorney–client privilege.

- REQUEST FOR ADMISSION NO. 36: Admit that the document corresponding to Entry No. 557 on MGA'S REVISED JANUARY 23, 2008 PRIVILEGE LOG is not protected by the work product doctrine.

- REQUEST FOR ADMISSION NO. 37: Admit that the document corresponding to Entry No. 557 on MGA'S REVISED JANUARY 23, 2008 PRIVILEGE LOG never was protected by attorney–client privilege.

- REQUEST FOR ADMISSION NO. 38: Admit that the document corresponding to Entry No. 557 on MGA'S REVISED JANUARY 23, 2008 PRIVILEGE LOG never was protected by the work product doctrine.

The fact of whether a produced document is privileged is not in and of itself privileged information.  See Fox, 120 F.R.D. at 524 ("information identifying a communication for which a claim of privilege is made is not itself privileged"); Markwest Hydrocarbon, Inc., 2007 WL 1106105, at *4 ("questions related to the existence of attorney–client communications" are not privileged"); New Jersey v. Sprint Corp., 2009 WL 1917412, at *18 ("Questions regarding the existence, extent, or waiver of an attorney–client privilege or work product immunity are not themselves privileged or protected."). Nor are a party's contentions about whether a document is privileged themselves privileged – whether or not those contentions and beliefs are informed (or formed) by counsel—as the existence of privilege logs shows.  MGA produced this document. Mattel is entitled to know if it has voluntarily produced a document it claims is a privileged

document or instead is claiming the document is unprivileged.  These RFAs do not seek privileged information in any way.

- **REQUEST FOR ADMISSION NO. 16**: Admit that there was no basis for withholding from production in this litigation the document attached hereto as Exhibit 1 on grounds of attorney–client privilege.

- **REQUEST FOR ADMISSION NO. 17:** Admit that there was no basis for withholding from production in this litigation the document attached hereto as Exhibit 1 on grounds of the work product doctrine.

MGA withheld the Larian–O'Connor email for years, including throughout the Phase 1 trial.  Mattel's obstruction of justice claim is, in part, predicated on the improper withholding of this document.  Whether MGA believed it had a proper basis for withholding this document goes to the heart of Mattel's obstruction claim.  Again, Mattel has no other method to obtain this information.  Thus, Mattel meets the Holmgren standard, and MGA should be ordered to answer this RFA without objection.  Indeed, MGA has itself directly put its counsel's beliefs in this regard at issue by claiming that its outside counsel, and not MGA or Mr. Larian, makes determinations regarding the applicability of the attorney–client privilege and the work product doctrine as it pertains to documents.[8]

The following RFAs ask MGA to admit or deny a factual statement regarding a produced document:

- **REQUEST FOR ADMISSION NO. 18**: Admit that the portion of the document attached hereto as Exhibit 1 containing the email exchange between Isaac Larian and Victoria O'Connor reflects legal advice.

- **REQUEST FOR ADMISSION NO. 19:** Admit that the portion of the document attached hereto as Exhibit 1 containing the email exchange between Isaac Larian and Victoria O'Connor does not reflect legal advice.

---

[8]   See MGA's Suppl. Response to RFA Nos. 6, 7, dated Dec. 7, 2009 ("MGA admits that decisions regarding the production of documents and determinations regarding the applicability of the attorney–client privilege as it pertains to documents have been made by outside counsel for MGA and Mr. Larian.").

- REQUEST FOR ADMISSION NO. 20: Admit that MGA knew that the portion of the document attached hereto as Exhibit 1 containing the email exchange between Isaac Larian and Victoria O'Connor did not reflect legal advice.

As shown above, such factual statements are not privileged, even if communicated by attorneys. See supra. MGA produced this document. Mattel is entitled to know if it has voluntarily produced a document it claims is a privileged document or instead is claiming the document is unprivileged. To the extent MGA claims that such responses would implicate the work product doctrine, and sufficiently substantiates that burden, the information should nonetheless be disclosed because Mattel meets the Holmgren standard, as explained above.

- REQUEST FOR ADMISSION NO. 21: Admit that MGA stated, prior to August 21, 2009, that the portion of the document attached hereto as Exhibit 1 containing the email exchange between Isaac Larian and Victoria O'Connor reflects legal advice.

- REQUEST FOR ADMISSION NO. 22: Admit that MGA stated, prior to August 21, 2009, that the portion of the document attached hereto as Exhibit 1 containing the email exchange between Isaac Larian and Victoria O'Connor did not reflect legal advice.

These RFAs does not seek privileged information and MGA should be ordered to respond without objection. Mattel does not seek to discover any privileged communications through these RFAs. Rather, Mattel merely seeks to ascertain MGA made such a statement *excluding* privileged statements made to his attorneys, such as a statement made to Mattel in MGA's privilege log. As clarified, there are no privilege issues here since statements made in the presence of or to third parties are not privileged. See, e.g., Griffith v. Davis, 161 F.R.D. 687, 698 (C.D. Cal. 1995) ("Voluntary disclosure of a privileged communication to third person destroys confidentiality and constitutes a waiver of the privilege."). These RFAs do not seek privileged information.

Mattel respectfully requests that MGA and Mr. Larian be compelled to admit or deny the above RFAs.

Very truly yours,

/s/ Michael T. Zeller

Michael T. Zeller

cc:    Annette Hurst, Esq.
       Tom McConville, Esq.