

ANNETTE L. HURST (State Bar No. 148738)
ahurst@orrick.com
WARRINGTON S. PARKER III (State Bar No. 148003)
wparker@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building, 405 Howard Street
San Francisco, CA 94105
Tel. (415) 773-5700/ Fax: (415) 773-5759

WILLIAM A. MOLINSKI (State Bar No. 145186)
wmolinski@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA 90017
Tel. (213) 629-2020/Fax: (213) 612-2499

THOMAS S. MCCONVILLE (State Bar No. 155905)
tmcconville@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
4 Park Plaza, Suite 1600
Irvine, CA 92614-2258
Tel: (949) 567-6700/Fax: (949) 567-6710

Attorneys for MGA Parties

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware Corporation<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | Case No. CV 04-9049 DOC (RNBx)<br><br>Consolidated with: CV 04-9059, CV 05-2727<br><br>**MGA'S SUPPLEMENTAL BRIEF IN RESPONSE TO MINUTE ORDER (Dkt. 8834)**<br><br>**Trial Date: January 11, 2010** |

MGA'S SUPPLEMENTAL BRIEF RE RELATION BACK
OF COUNTERCLAIMS-IN-REPLY
CV-04-9049 DOC (RNBx)

MGA hereby submits its further supplemental brief in response to the Court's September 29, 2010 Minute Order (Dkt. #8834).

In the Ninth Circuit, an amended pleading completely supersedes the prior pleadings except for purposes of evaluating relation back. *FDIC v. Jackson*, 133 F.3d 694, 702 (9th Cir. 1997). Mattel amended with leave of court. MGA moved to dismiss, and after that motion was decided, responded within the period allowed by Rule 15 with its answer to the counterclaims and its included counterclaims-in-reply. The Supreme Court has held that due process requires Rule 15 to be interpreted to permit a party to timely plead in response to an amended pleading. *See Nelson v. Adams USA Inc.*, 529 U.S. 460 (2000).

*Jos. Bancroft & Sons v. M. Lowenstein & Sons. Co.*, 50 F.R.D. 415 (D. Del. 1970) holds that such a response to a newly amended counterclaim may interpose any proper counterclaims-in-reply, and that Rule 13(f) requiring prior leave to amend for omitted counterclaims need not be followed as to the counterclaims-in-reply. Although Rule 13(f) has since been abrogated and Rule 15(a) now governs all pleading amendments including omitted counterclaims,[1] other courts have likewise held that a response to an amended pleading is not itself an amended pleading, and therefore does not require prior leave of court. *Precision Replacement Parts Corp. v. Auto Glass Components, Inc.*, 2005 WL 2045837 (W.D. Wash. 2005) (following *Bancroft*); *Am. Home Prods. Corp. v. Johnson & Johnson*, 111 F.R.D. 448, 453 (S.D.N.Y. 1986) ("When AHP filed its amended complaint, McNeil was entitled as of right to file a responsive pleading"); *Deutsch v. Health Ins. Plan of Greater New York*, 573 F.Supp. 1443, 1445 (S.D.N.Y. 1983) ("an answer to an amended complaint is not itself an amended pleading").

As far as we have been able to locate, this issue has not been directly addressed by the Ninth Circuit, any other circuit, or this Court. A few other district courts, however, have taken what they term a more "moderate" approach,

---

[1] *See* 2009 Advisory Committee Notes to Rule 13.

1  permitting new matter in response to amended pleadings only where such new
2  matter is directly responsive to the new matter of the amended pleading.  *See, e.g.*,
3  *Nolan v. City of Yonkers*, 1996 WL 120685, *4 (S.D.N.Y. 1996) ("Defendants do
4  not have a right to assert new counterclaims unrelated to the amendment in the
5  answers . . . in the same way that they had a right to assert counterclaims in their
6  original answer").

7       Mattel was permitted leave to amend to add factual allegations and to cure
8  defects in its RICO claims.  Mattel was permitted to conduct many months of
9  discovery in aid of its claims before amending them.  During that period, Mattel
10 took dozens of days of depositions on wide ranging issues and MGA and others
11 were forced to produce millions of pages of documents.  In July 2010, two material
12 events occurred that changed the landscape for MGA's claims:  the Ninth Circuit's
13 opinion on July 22, 2010, and the discovery of documents and testimony proving
14 Mattel's scheme to defraud MGA and the rest of the toy industry of confidential
15 information.  In the meantime, Mattel had been permitted to amend, and MGA
16 interposed its new counterclaims-in-reply when due.  Had Mattel not amended, then
17 MGA would have brought a motion to amend and supplement.  But Mattel did
18 amend, and MGA accordingly was not only permitted to, but entitled to, respond.

19      MGA respectfully submits that this Court should follow the common sense
20 reading of Rules 7, 8, 13 and 15 reflected in *Bancroft* and *Deutsch*.  MGA's answer
21 and counterclaims-in-reply was not an "amended" pleading in the ordinary sense
22 that term is understood.  Rather, it was MGA's first response to Mattel's Fourth
23 Amended Answer and Counterclaims.  And, Mattel amended at its own peril.
24 While the Court surely has the right to control its docket and procedures, Mattel
25 cannot be heard to complain that it was prejudiced by being permitted to amend its
26 pleading and then drawing a response made in the ordinary course.  Mattel got all
27 of the benefit of the amendment, and now it wishes to avoid the burden.  That is not
28 and should not be the law; it is not just.

| | |
|---|---|
| Dated: September 29, 2010 | Respectfully submitted,<br>ORRICK, HERRINGTON & SUTCLIFFE LLP<br><br>By: */s/ Annette L. Hurst*<br>        Annette L. Hurst<br>     Attorneys for MGA Parties |