QUINN EMANUEL URQUHART & SULLIVAN, LLP
  John B. Quinn (Bar No. 090378)
  (johnquinn@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc. and Mattel de Mexico, S.A. de C.V.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation, et al.,<br><br>Plaintiff,<br><br>vs.<br><br>MGA ENTERTAINMENT, INC., a California corporation, et al.,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 DOC (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br><u>Hon. David O. Carter</u><br><br>MATTEL, INC.'S SUPPLEMENTAL SUBMISSION REGARDING MGA'S PURPORTED COMPULSORY COUNTERCLAIMS IN REPLY<br><br>Discovery Cut-off:   October 4, 2010<br>Pre-trial Conf:       January 4, 2011<br>Trial Date:           January 11, 2011 |

**Preliminary Statement**

The Court has directed the parties' attention to Joseph Bancroft & Sons Co. v. M. Lowenstein & Sons, Inc., 50 F.R.D. 415 (D. Del. 1970), a case that permitted the plaintiff to add counterclaims-in-reply in response to a defendant's amendment of its counterclaims. Bancroft upheld the filing of a compulsory counterclaim in reply even though the claim had originally be omitted "by inexcusable neglect," relying on the now-superseded Rule 13(f) and finding that "[n]o prejudice to defendant appears, and no claim of surprise is made." Our research makes clear that Bancroft represents a minority view on the ability of a party to plead a compulsory counterclaim in response to an amendment that does *not* itself elicit the new claims; the majority rule, in this Circuit and elsewhere, requires a party to seek leave to amend in such cases. But in all events, MGA's counterclaims in reply do not arise out of the same transaction or occurrence as Mattel's claims; and Mattel has shown that the very standards applied in Bancroft, which depend on the absence of prejudice or surprise, compel rejection of these claims.

**I.  A PLAINTIFF WHO FAILS TO PLEAD A COMPULSORY COUNTERCLAIM-IN-REPLY CANNOT USE A DEFENDANT'S UNRELATED AMENDMENT TO ITS COUNTERCLAIMS TO JUSTIFY ADDING THE COUNTERCLAIM-IN-REPLY BELATEDLY**

Mattel has elsewhere argued that MGA's claims relating to alleged acts involving some 44 third parties and to purported trade secrets that are factually distinct from those at issue in Mattel's claims do not meet the test for compulsory counterclaims. But for purposes of addressing the question raised by the Court, even if it is assumed that MGA's counterclaims are compulsory, they were equally compulsory when MGA answered Mattel's Second Amended Answer and Counterclaims in 2007 and answered Mattel's Third Amended Answer and Counterclaims in 2009 without asserting these claims. MGA offered no response to this point in its opposition and can offer no response now. Mattel's trade secret and RICO claims have been on file since Mattel first brought its counterclaims.

According to MGA, its counterclaims-in-reply are compulsory because the trade

secrets that Mattel alleges were stolen were in fact stolen by Mattel from other competitors. But the changes to Mattel's trade secrets claim have been infinitesimal. Likewise, Mattel's RICO claim was contracted to eliminate predicate acts in the FAAC, not expanded to give rise to new compulsory counterclaims. MGA's arguments for its claim being compulsory would apply, to the extent they apply at all, to Mattel's Second Amended Answer and Counterclaims answered by MGA in 2007[1] and to Mattel's Third Amended Answer and Counterclaims answered by MGA in 2009.[2] If MGA's counterclaims-in-reply are compulsory now, they were compulsory three years ago.[3]

Accordingly, MGA clearly failed to heed the requirement that it assert its purported compulsory counterclaims in its first responsive pleading. Fed. R. Civ. P. 13(a) ("A pleading must state as a counterclaim any [compulsory] claim that—at the time of its service—the pleader has against an opposing party"); Bayer CropScience, LP v. Booth, 2005 WL 2095765, at *1 (M.D. Ga. Aug. 29, 2005) ("Rule 13(a) requires defendants to plead compulsory counterclaims in their first responsive pleading"). A party that fails to assert a compulsory counterclaim in its first responsive pleading may seek leave under Rule 15 to amend its answer to add the omitted counterclaim, but such leave to amend is regularly denied, including as to compulsory counterclaims. See, e.g., Ralston-Purina Co. v. Bertie, 541 F.2d 1363, 1367 (9th Cir. 1976) (affirming denial of leave to amend answer to add compulsory counterclaim because "the record on appeal does not reflect any reasonable explanation of this delay"); McLemore v. Landry, 898

---

[1] Answer and Affirmative Defenses of MGA Entertainment Inc., MGA Entertainment (Hk) Limited, and MGAE de Mexico S.R.L. de C.V. to Mattel, Inc.'s Second Amended Answer and Counterclaims (August 13, 2007).
[2] MGA Parties' Answer and Affirmative Defenses to Mattel, Inc.'s Third Amended Answer And Counterclaims (June 29, 2009).
[3] Even MGA's own arguments show this. According to MGA, its counterclaims-in-reply are compulsory because its trade secret claims arise from the same transactions that Mattel alleges regarding MGA's systematic theft of trade secrets from Mexico, Canada and the United States by hiring various Mattel employees. Yet those same arguments would apply to Mattel's Second Amended Answer and Counterclaims answered by MGA in 2007 and to Mattel's Third Amended Answer and Counterclaims answered by MGA in 2009. Just as Mattel's FAAC alleges and claims that MGA systematically stole Mattel's trade secrets from Mexico, Canada, and the United States, so too did Mattel's SAAC and TAAC.

F.2d 996, 1003 (5th Cir. 1990) (affirming denial of leave to add compulsory counterclaim).[4]

While no appellate court has squarely addressed whether counterclaims filed in response to an amended complaint pursuant to Rule 15 must be permitted as of right or only with leave of court, see Elite Entertainment, Inc. v. Khela Bros. Entertainment, 227 F.R.D. 444, 446 (E.D. Va. 2005), the view adopted in Bancroft that a party can amend its answer and add counterclaims or affirmative defenses as a matter of right, regardless of the nature of the change in the amended complaint, has been adopted only by a minority of the district courts.  See Turbomin AB v. Base-X, Inc., 2009 WL 2870968, at *2 (W.D. Va. Sept. 2, 2009) (describing the "permissive" approach).  The majority of courts, in the Ninth Circuit and elsewhere, have explicitly declined to follow the Bancroft approach.  See Chrysler Corp. v. Fedders Corp., 540 F. Supp. 706, 716 (S.D.N.Y. 1982) (declining to follow permissive approach adopted in Bancroft); Grubaugh v. DeCosta, 1999 WL 137640, at *16 (Ariz. Ct. App. 1999) (noting that federal courts have declined to follow Bancroft); Snake River Equip. Co. v. Christensen, 691 P.2d 787, 793 (Idaho Ct. App. 1984) (same).  Rather, these courts have held that a party may file an amended response without leave "only when the amended complaint changes the theory or scope of the case, and then, the breadth of the changes in the amended response must reflect the breadth of the changes in the amended complaint." St. Paul Fire and Marine Ins. Co. v. Onvia, Inc., 2007 WL 1575955, at *1-2 (W.D. Wash. May 29, 2007).  When one party amends its claims and the other seeks to add new defenses or counterclaims in response, an amendment is permitted, if at all, "***only when the amended complaint changes the theory or scope of the case and the newly asserted***

---

[4] See also Technographics, Inc. v. Mercer Corp., 142 F.R.D. 429, 431 (M.D. Pa. 1992) (denying leave to add compulsory counterclaim where the plaintiff would have been prejudiced by the addition and it would have required additional discovery and delayed the trial); Preferred Meal Sys. v. Save More Foods, Inc., 129 F.R.D. 11, 13 (D. D.C. 1990) (denying leave to add compulsory counterclaim and noting "no explanation or justification whatsoever for his lengthy delay and for his failure to set up this compulsory counterclaim when he filed his Answer").

*defense responds to the changes in the amended complaint.*" Synopsys, Inc. v. Magma Design Automation, Inc., 2007 WL 420184 at *2 (N.D. Cal. Feb. 6, 2007) (emphasis added). As the Synopsis court explained:

> Rule 15 does not directly address when new affirmative defenses or counterclaims may be included in an answer to an amended complaint, and the Court has not located an opinion by the Ninth Circuit or, for that matter, any other circuit, addressing the issue. To the extent district courts have had occasion to consider and decide the issue, however, this Court agrees with the Eastern District of Virginia that an answer containing new defenses or counterclaims ***"may be filed without leave only when the amended complaint changes the theory or scope of the case, and then, the breadth of the changes in the amended response must reflect the breadth of the changes in the amended complaint."* . . . *Consequently, where an amended complaint does not "expand the scope or theory of the case, defendants are not entitled to raise without cause additional claims they failed to raise previously or to expand the scope of the case."***

Synopsys, Inc. v. Magma Design Automation, Inc., No. C-04-3923 MMC, Slip Op. at 4-5 (N.D. Cal. Dec. 19, 2005) (Dkt. No 459) (emphasis added; internal citations omitted).

Other courts in the Ninth Circuit are in accord. See Kreidler v. Pixler, 2009 WL 529590, at *1-2 (W.D. Wash. March 2, 2009) ("Defendants' newly-raised affirmative defenses are not related to or in response to plaintiff's amendments. Rather, they are directed towards other issues. Accordingly, defendants should have sought leave of Court to assert the new affirmative defenses.") As the St. Paul Fire court explained:

> [T]his approach is predominant in the caselaw and consistent with Rule 15's requirement that an amended pleading must "plead in response" to the amended pleading. 227 F.R.D. at 446-47 (citing 3 James W. Moore, et al., Moore's Federal Practice § 15.17[6] (3d ed. 1997); see also E.E.O.C. v. Morgan Stanley & Co., Inc., 211 F.R.D. 225, 227 (S.D.N.Y. 2002) ("If every amendment, no matter how minor or substantive, allowed defendants to assert counterclaims or defenses as of right, claims that would otherwise be barred or precluded could be revived without cause. This would deprive the Court of its ability to effectively manage the litigation").

St. Paul Fire and Marine Ins. Co., 2007 WL 1575955, at *1 -2 ("RMS's new counterclaim for injunctive relief is not related to St. Paul's new defenses, it seeks for the first time to regulate future conduct, and RMS could have asserted the claim for

injunctive relief at any time during the litigation. Accordingly, RMS should have sought leave of Court to assert the new counterclaim, but it did not.").

Similarly, courts in other Circuits, in declining to follow the Bancroft approach, have criticized its permissive view because it allows a party to unreasonably expand the scope of the case without leave to amend. Wechsler v. Hunt Health Sys., Ltd., 186 F. Supp. 2d 402, 415 (S.D.N.Y. 2002) (holding that defendant should have obtained leave of court before submitting an amended answer that asserted "new claims, defenses, and allegations that were not in response to the amended complaint"); Elite, 227 F.R.D. at 447 ("To be sure, defendants are entitled to file an amended counterclaim 'in response to' plaintiffs' amended complaint if they wish to clarify and simplify the factual allegations contained therein or to remove claims previously alleged. What they may not do as of right, however, is amend their counterclaim to bring new claims never previously alleged.").

In line with the majority of courts both in and out of this Circuit, this Court should adopt the approach articulated in Synopsys that newly asserted matter may only be pled in response to an amended complaint without leave of court where it "responds to the changes in the amended complaint."

## II. MGA'S ALLEGED IGNORANCE OF THE FACTS WHEN IT FIRST RESPONDED TO MATTEL'S COUNTERCLAIMS DOES NOT AFFECT THAT CONCLUSION

The court in Joseph Bancroft & Sons applied former Rule 13(f) to conclude that "[l]eave should be granted to plead omitted counterclaims, even though omitted by inexcusable neglect, 'when justice requires.'" 50 F.R.D. at 419 (citing Fed. R. Civ. P. 13(f); Smith Contracting Corp. v. Trojan Const. Co., 192 F.2d 234, 236 (10th Cir. 1951)). That is not the standard that applies here.

As an initial matter, Rule 13(f) was abrogated on December 1, 2009 because it was "largely redundant and potentially misleading." Fed. R. Civ. P. 13 Adv. Com. Notes; see High Voltage Beverages, L.L.C. v. Coca-Cola Co., 2010 WL 2342458, at *1 n.2 (W.D.N.C. Jun. 8, 2010) (Rule 13(f) abrogated "because it was redundant and caused

confusion"). The Advisory Committee expressly provided that following the abrogation of Rule 13(f), an "amendment to add a counterclaim will be governed by Rule 15." Fed. R. Civ. P. 13 Adv. Com. Notes.

Even when Rule 13(f) was effective, the "standards in this Circuit governing a motion for leave to file a counterclaim pursuant to Federal Rule of Civil Procedure 13(f) [were] the same as those governing a motion for leave to amend a pleading under Rule 15(a)." TCGIvega Information Techs. PVT, Ltd. v. Karna Global Techs., Inc., 2007 WL 2214064, at *1 (N.D. Cal. Jul. 30, 2007) (citations omitted) (analyzing motion for leave to file counterclaim under Rule 15(a) standard). Thus, in this Circuit, requests for leave to amend a counterclaim are, and have been, governed by Rule 15(a). Rule 15(a) does not permit amendments that reflect "inexcusable neglect." See Forty-Niner Sierra Resources, Inc. v. Subaru of America, Inc., 416 F. Supp. 2d 861, 872 (E.D. Cal. 2004) (leave to amend under 15(a) denied where plaintiff's neglect in failing to amend earlier was "inexcusable"). The court's analysis in Joseph Bancroft & Sons is therefore inapplicable.

Joseph Bancroft & Sons is also distinguishable because the court found "[n]o prejudice to defendant appears, and no claim of surprise is made." Joseph Bancroft & Sons, 50 F.R.D. at 419. Here, Mattel has made detailed and specific showings of prejudice and surprise.[5] Even if the standards applied in Joseph Bancroft & Sons were applicable, and they are not, those standards would not justify granting leave in these circumstances. MGA had every opportunity to assert its counterclaims when it filed its Answer to Mattel's Second Amended Answer and Counterclaims on August 13, 2007. *In that very pleading* MGA specifically identified "Mattel's efforts to undermine MGA's business" by "monitoring, 'spying on' or gaining knowledge of MGA's trade secrets, non-public information, non-public activities, unreleased products, and product development; [and] gaining access, or attempts to gain access, to MGA showrooms,

Plan-o-Grams, merchandising displays, Toy Fair displays on false pretenses."[6] Further, *ten days before* serving that pleading, MGA served a request for production seeking "DOCUMENTS REFERRING OR RELATING TO YOUR access, or attempts to gain access, to MGA showrooms, Plan-o-Grams, merchandising displays, Toy Fair displays on false pretenses (including, but not limited to, by using fake business cards)."[7] Indeed, MGA's August 16, 2010 pleading affirmatively alleges that Machado and Brawer had knowledge of these claims when they joined MGA *in 2004*. Nothing prevented MGA from asserting compulsory counterclaims when it first answered Mattel's counterclaims, as required by Rule 13(a). MGA simply chose not to. That choice amounts to undue delay under Rule 15(a) and has prejudiced Mattel. See IXYS Corp. v. Advanced Power Tech., Inc., 2004 WL 135861, at *4 (N.D. Cal. Jan. 22, 2004) ("Undue delay has occurred when a party has filed a motion for leave to amend long after it should have become aware of the information that underlies that motion."). MGA's choice to delay should not be rewarded now.

### III. MGA'S RELATION BACK ARGUMENTS ARE MISGUIDED

Although it failed to raise the argument in its opposition to Mattel's motion to dismiss, MGA argues in its September 29, 2010 supplemental brief that "the counterclaims-in-reply relate back to MGA's original Complaint filed April 27, 2005 in the 05-2727 matter" (Dkt. No. 8833 at 1:3-4.) In making this argument, MGA intentionally muddles the distinction between relation back to *MGA's* April 2005 Complaint and relation back to *Mattel's* January 2007 Answer and Counterclaims so it can advocate a relation back rule that does not exist. Although it concedes that the facts supporting its new claims *are not found* in its April 2005 Complaint, MGA argues that

---

[5] Mattel's Motion to Strike and/or Dismiss MGA's Purported "Compulsory Counterclaims-In-Reply, Dkt. No. 8703, at 13-18.
[6] Answer and Affirmative Defenses of MGA Entertainment, Inc., MGA Entertainment (HK) Limited, and MGA De Mexico S.R.L. De C.V. to Mattel's Second Amended Answer and Counterclaims, dated August 13, 2007, at 20-21 (Dkt. No. 807).
[7] Request No. 476 of MGA's Fifth Set of Requests for the Production of Documents and Things, dated August 3, 2007.

its claims nevertheless relate back to *MGA's Complaint* because they are compulsory to *Mattel's Answer and Counterclaims*. In other words, MGA argues that compulsory counterclaims-in-reply automatically relate back to the initial complaint even if the facts underlying those claims first appear in a responsive pleading. That is not the law, and it does not "make sense" (Dkt. No. 8833 at 1:21) because it conflicts with the basic policy of the relation back doctrine.[8]

MGA's trade secret claim relates back to its April 2005 Complaint only if it (1) rests on the same general set of facts, (2) involves the same injury, and (3) refers to the same instrumentality. Norgart v. Upjohn Co., 21 Cal. 4th 383, 408 -409 (1999). A similar standard applies to MGA's RICO claim. Friedman v. 24 Hour Fitness USA, Inc., 580 F. Supp. 2d 985, 997 (C.D. Cal. 2008) (holding that a newly asserted RICO claim does not relate back: "Courts look at whether the new claim is based on the same operative facts and whether defendant can be said to have been on notice of the claim"). MGA *concedes* that the facts underlying its trade secret and RICO claims were not alleged in its April 2005 Complaint when it states those facts "*would have formed* part of the factual basis of that claim had MGA known of the evidence" (Dkt. No. 8833 at 1:21-24.) (emphasis added.) MGA's claimed ignorance is false because it had actual knowledge of these claims when Machado and Brawer joined MGA in 2004. In any event, MGA's purported lack of knowledge would be relevant only to accrual of MGA's claims, not to whether they relate back to an earlier pleading devoid of the underlying

---

[8] See Davaloo v. State Farm Ins. Co., 135 Cal. App. 4th 409, 415 (2005) ("The requirement that the complaint allege ultimate facts forming the basis for the plaintiff's cause of action is central to the relation-back doctrine and the determination whether an amended complaint should be deemed filed as of the date of the original pleading."); Cloud v. Northrop Grumman Corp., 67 Cal. App. 4th 995, 1007 (1998) ("The policy behind statutes of limitations is to put defendants on notice of the need to defend against a claim in time to prepare a fair defense on the merits. This policy is satisfied when recovery under an amended complaint is sought on the same basic set of facts as the original pleading."); Martell v. Trilogy Ltd., 872 F.2d 322, 327 (9th Cir. 1989) (when evaluating relation back under Rule 15(c) "the district court should have analyzed the two pleadings to determine whether they share a common core of operative facts sufficient to impart fair notice of the transaction, occurrence, or conduct called into question").

facts.

Unable to defend this position, MGA makes the novel and unsupported argument that its counterclaims-in-reply relate back to MGA's initial pleading (April 2005 Compliant) because they are compulsory to Mattel's responsive pleading (January 2007 Answer and Counterclaims). Such bootstrapping is impermissible. MGA cites Sidney v. Superior Court, 198 Cal. App. 3d 710, 714 (1988), for the proposition that a "cross-claim" (i.e. a compulsory counterclaim) relates back to the "original complaint," but all Sidney holds is that a compulsory counterclaim relates back to the pleading setting forth the transaction or occurrence giving rise to the compulsory claim. See id. ("Such a cross-complaint need only be subject-matter related to the plaintiff's complaint—i.e., arise out of the same occurrence—to relate back to the date of filing the complaint for statute of limitation purposes.") Cases applying this rule recognize that compulsory counterclaims relate back to the pleading setting forth the same transaction, which is not necessarily the initial pleading. See Rubin v. Valicenti Advisory Services, Inc., 236 F.R.D. 149, 157 (W.D.N.Y. 2006) (holding that a compulsory counterclaim related back to a third-party complaint alleging the "same transactions and occurrences," not to the original complaint). MGA recognized this when it previously cited Sidney and argued that its new claims relate back to Mattel's 2007 Answer and Counterclaims, not MGA's 2005 Complaint. (Dkt. No. 8747 at 27:17-28:6.) MGA has taken flatly inconsistent positions on this issue.

## Conclusion

For the foregoing reasons, Mattel respectfully requests that the Court grant its motion to strike and dismiss.

1  DATED: September 29, 2010     QUINN EMANUEL URQUHART &
                                 SULLIVAN. LLP
2

3
                                 By /s/ John B. Quinn
4                                   John B. Quinn
                                    Attorneys for Mattel, Inc., and Mattel de
5                                   Mexico. S.A. de C.V.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-10-
MATTEL, INC.'S SUPPLEMENTAL SUBMISSION REGARDING MGA'S PURPORTED COMPULSORY COUNTERCLAIMS IN REPLY