QUINN EMANUEL URQUHART & SULLIVAN, LLP
John B. Quinn (Bar No. 090378)
johnquinn@quinnemanuel.com
Michael T. Zeller (Bar No. 196417)
michaelzeller@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017–2543
Telephone: (213) 443–3000
Facsimile: (213) 443–3100

Attorneys for Mattel, Inc. and Mattel de Mexico, S.A. de C.V.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

MATTEL, INC., a Delaware corporation,

Plaintiff,

vs.

MGA ENTERTAINMENT, INC., a California corporation, et al.,

Defendant.

AND CONSOLIDATED ACTIONS

CASE NO. CV 04–9049 DOC (RNBx)
Consolidated with
Case No. CV 04–09059
Case No. CV 05–02727

**DISCOVERY MATTER**

Hon. David O. Carter

**[PUBLIC REDACTED VERSION] MATTEL, INC.'S OBJECTIONS TO THE DISCOVERY MASTER'S PRIVILEGE RULINGS DURING THE SEPTEMBER 26, 2010 DEPOSITION OF RON BRAWER**

Date: TBD
Time: TBD
Place: Courtroom 9D

**Phase 2**
Discovery Cut-off: October 4, 2010
Pre-trial Conference: January 4, 2011
Trial Date: January 11, 2011

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ........ 1

STATEMENT OF FACTS ........ 2

ARGUMENT ........ 5

I. THE GENERAL SUBJECT MATTER OF A CONVERSATION WITH AN ATTORNEY IS NOT PRIVILEGED ........ 5

II. MGA HAS WAIVED ANY PRIVILEGE REGARDING THIS LINE OF QUESTIONING ........ 8

CONCLUSION ........ 10

# TABLE OF AUTHORITIES

**Page**

## Cases

Chevron Corp. v. Pennzoil Co., 974 F.2d 1156 (9th Cir. 1992) .......... 8, 9

Handgards, Inc. v. Johnson & Johnson, 413 F. Supp. 926 (N.D. Cal. 1976) .......... 9

Hernandez v. Tanninen, 604 F.3d 1095 (9th Cir. 2010) .......... 8

Murdoch v. Castro, 609 F.3d 983 (9th Cir. 2010) .......... 7

Southern California Hous. Rights Ctr. v. Los Feliz Towers Homeowners Ass'n, No. 04-2716, 2005 WL 3954720 (C.D. Cal. Apr. 25, 2005) .......... 6

Weil v. Inv./Indicators, Research & Mgmt., 647 F.2d 18 (9th Cir. 1981) .......... 8

## Statutes

Fed. R. Civ. P. 26(b)(5) .......... 1, 6

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on a date to be determined, in the Courtroom of the Honorable David O. Carter, located at 411 West Fourth Street, Santa Ana, California 92701, plaintiff Mattel, Inc. ("Mattel") will, and hereby does, move the Court to overrule portions of the Discovery Master's rulings upholding MGA's counsel's instructions not to answer during the deposition of Ron Brawer, including with respect to the questions set forth in Appendix A. This Motion is made on the grounds that the Discovery Master's rulings erroneously upheld instructions not to answer questions relating to the general subject matter of Mr. Brawer's conversation with MGA's counsel upon leaving Mattel in 2004 that are directly relevant to Mattel's statute of limitations and laches defenses, among other issues. Specifically, Mattel seeks an Order overruling the Discovery Master's rulings sustaining counsel's instructions not to answer the line of questioning at 1995:12-1996:13, 1996:14-2008:25, and 2015:7-2020:9 of the transcript of the September 26, 2010 deposition of Ron Brawer.

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, any matters of which the Court may take judicial notice, and such further evidence and argument as may be presented at or before the hearing on this matter.

**Statement of Compliance**

Lead counsel for the parties met and conferred on the issues presented herein on September 27, 2010.

DATED: September 29, 2010

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By /s/ Michael T. Zeller
Michael T. Zeller
Attorneys for Mattel, Inc. and Mattel de Mexico, S.A. de C.V.

**Preliminary Statement**

At the September 13, 2010 deposition of Sal Villasenor, Discovery Master O'Brien overruled Mattel's instruction not to answer a question seeking the general subject matter of a conversation between Mr. Villasenor and Mattel's counsel on privilege grounds. In doing so, the Discovery Master held that such a question asking for general subject matter simply did not implicate or invade privilege. However, at the September 26, 2010 deposition of Ron Brawer, Discovery Master Hansen upheld MGA's counsel's instructions not to answer a nearly identical question seeking the general subject matter of a conversation between Mr. Brawer and MGA's counsel. That ruling not only was inconsistent with the prior ruling in this case, but was erroneous. Under the Federal Rules, the *subject matter* of a communication with counsel—as distinguished from the contents of the communication—is not privileged. This basic principle is embodied in Rule 26(b)(5) and is exemplified by the requirement that a privilege log must contain a sufficient description of the subject matter of the allegedly privileged communication such that the basis for the privilege can be assessed.

Additionally, Discovery Master Hansen's ruling was in error for the independent reason that any privilege with respect to this issue was waived both by Mr. Brawer during the deposition and by MGA in pleading that it was not aware of Mr. Villasenor's activities until July of this year. In response to other questions, Mr. Brawer affirmatively attempted to suggest (with caveats and carve-outs) that [REDACTED] Mattel is entitled to test the veracity of this statement, which is relevant to the issue of whether MGA's recently-filed counterclaims-in-reply are time-barred. Indeed, MGA's counsel attempted to affirmatively rely upon precisely this testimony at the September 27 hearing. MGA has repeatedly asserted that it only recently became aware of Mr. Villasenor's activities—a claim that would be directly contradicted by an affirmative answer to the question of

whether [redacted] but that Mattel was blocked at deposition from even asking.

For all of these reasons, the Discovery Master's rulings upholding the instructions not to answer should be overruled.

## Statement of Facts

Discovery Master O'Brien overrules Mattel's objections at the Villasenor deposition. At Sal Villasenor's September 13, 2010 deposition, MGA questioned Mr. Villasenor regarding [redacted] Over Mattel's objections, Discovery Master O'Brien ordered Mr. Villasenor to identify the general subject of the conversation:

[redacted]

Discovery Master O'Brien explained his rationale for the ruling that the subject matter of a communication with counsel is not privileged as follows:

[redacted]

[1] See Deposition Tr. of Sal Villasenor, dated September 13, 2010, at 704:8-25.



Discovery Master O'Brien again made his ruling that the subject matter of the communication is not privileged explicit:


[3]

<u>Discovery Master Hansen upholds MGA's mirror-image objection at the Brawer deposition.</u> At the September 26, 2010 deposition of Ron Brawer, Mattel's counsel asked a mirror-image question regarding the subject matter of [redacted] [redacted] However, Discovery Master Hansen—inconsistent with the earlier ruling on the very same issue—upheld MGA's counsel's instructions not answer:

---

[2] Villasenor Depo Tr. at 710:15-711:19 (emphasis added).

[3] Villasenor Depo Tr. at 712:6-24 (emphasis added).



[redacted]

Although he was directed to the transcript reflecting the contrary ruling by Discovery Master O'Brien, Discovery Master Hansen sustained the objection.[5] He concluded that the question MGA posed at the Villasenor deposition was [redacted][6] He also added:

[redacted]

4 Deposition Tr. of Ron Brawer, dated September 26, 2010, at 1995:12-1996:13.
5 See Brawer Depo Tr. at 1996:14-2008:25.
6 Brawer Depo Tr. at 2003:13:19.



[redacted]

As the deposition progressed, Mr. Brawer also later affirmatively claimed that [redacted]:

[redacted]

Counsel for Mattel pointed out that, even assuming there was ever a privilege, this constituted a waiver with respect to the question of whether [redacted], but Discovery Master Hansen continued to uphold the instructions not to answer this line of questioning.[9]

Each of the questions at issue in this appeal, along with the applicable instructions, are reproduced in Appendix A.

## Argument

## I. THE GENERAL SUBJECT MATTER OF A CONVERSATION WITH AN ATTORNEY IS NOT PRIVILEGED

It is well established that the general subject matter of an allegedly privileged communication is not privileged. The Federal Rules of Civil Procedure expressly

---

[7] Brawer Depo Tr. at 2003:20-2004:5. [redacted] See Brawer Depo Tr. at 2003:6-12. [redacted] See Villasenor Depo Tr. at 711:22-713:2.

[8] Brawer Depo Tr. at 2013:4-15.

[9] See Brawer Depo Tr. at 2015:7-2020:9.

dictate that in order to establish that a communication is privileged, the party claiming privilege must reveal enough regarding the subject matter of the conversation that the privileged nature of the communication can be established. When a party withholds information otherwise discoverable by claiming that it is privileged, the party "shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection." Fed. R. Civ. P. 26(b)(5). This Rule is embodied by the universal practice of requiring parties to state the subject matter of withheld communications in a privilege log with sufficient particularity. See, e.g., Southern California Hous. Rights Ctr. v. Los Feliz Towers Homeowners Ass'n, No. 04-2716, 2005 WL 3954720, at *4 (C.D. Cal. Apr. 25, 2005) ("[D]efendants' privilege log is inadequate. . . . it insufficiently describes the subject matter of such communications").

This is precisely what Discovery Master O'Brien ruled: [10] In contrast, Discovery Master Hansen's ruling is contrary to law regarding privileged communications and contrary to the precedent set by Discovery Master O'Brien. The general subject matter of the communication between Mr. Brawer and MGA's lawyers in 2004 is discoverable, and Mattel is entitled to sufficient particularity to assess MGA's claim of privilege. See Fed. R. Civ. P. 26(b)(5). This is true whether the subject matter is , or any other topic. There is no question that Mr. Brawer can answer without disclosing the substance of what was said by or to MGA's attorneys.[11] Nor does the fact that Mr. Brawer met with MGA's attorneys, without more, uphold a claim of privilege. As Discovery Master O'Brien explained, privilege

---

[10] See Villasenor Depo Tr. at 704:8-25.

[11] See Villasenor Depo Tr. at 704:19-25.

does not automatically attach to all communications with counsel.[12] Thus, Discovery Master Hansen's principal bases for sustaining MGA's privilege objection fail.

Further, Discovery Master Hansen was mistaken with regard to the basis for Discovery Master O'Brien's ruling at the deposition of Mr. Villasenor. Contrary to Mr. Hansen's suggestion, there was no dispute that the privilege attached to the meeting with Mr. Villasenor. [redacted][14] MGA has never appealed the Discovery Master's rulings or challenged those assertions. Because the time to do so has expired, those rulings are final.

Moreover, it is manifestly unfair to allow MGA to inquire into the general subject matter of Mr. Villasenor's communications with counsel but bar Mattel from inquiring whether [redacted] was the general subject of communication between Mr. Brawer and MGA's counsel. Mattel did not seek the substance of the communication, only the subject. This is entirely proper. As the Ninth Circuit recently explained, "the attorney-client privilege does not 'create a broad 'zone of silence' over' the subject matter of the communication. 'The privilege only protects disclosure of [the] communications [themselves]' . . ." Murdoch v. Castro, 609 F.3d 983, 995 (9th Cir. 2010) (internal citations omitted). The Court should overrule Discovery Master Hansen's ruling upholding the instructions not to answer.

---

12 See Villasenor Depo Tr. at 710:15-711:19.

13 See Villasenor Depo Tr. at 425:22-426:1 [redacted]

14 See Villasenor Depo Tr. at 425:22-426:1, 429:19-430:14, 431:14-432:1.

## II. MGA HAS WAIVED ANY PRIVILEGE REGARDING THIS LINE OF QUESTIONING

Regardless of whether the subject matter of the conversation between Mr. Brawer and MGA's attorneys was privileged, MGA waived any such privilege because 1) Mr. Brawer affirmatively represented that [REDACTED] and 2) MGA's counterclaims-in-reply are premised on the claim that MGA did not become aware of Mr. Villasenor's activities until Mr. Villasenor's deposition in July of this year. Mattel must be allowed to test the veracity of these claims.

Disclosing a privileged communication or raising a claim that requires disclosure of a protected communication results in waiver as to all other communications on the same subject. Hernandez v. Tanninen, 604 F.3d 1095, 1100 (9th Cir. 2010); Weil v. Inv./Indicators, Research & Mgmt., 647 F.2d 18, 24 (9th Cir. 1981) ("[V]oluntary disclosure of the content of a privileged attorney communication constitutes waiver of the privilege as to all other such communications on the same subject."); Chevron Corp. v. Pennzoil Co., 974 F.2d 1156, 1162 (9th Cir. 1992) ("Where a party raises a claim which in fairness requires disclosure of the protected communication, the privilege may be implicitly waived.").

Mr. Brawer stated in his deposition that [REDACTED][15] This affirmative statement that [REDACTED] puts directly at issue that very question, and Mattel is entitled to cross-examine the witness on this assertion. Otherwise, as is transparently the case here, Mr. Brawer will be allowed to make the self-serving statement that [REDACTED] but be protected from being cross-examined on the

[15] Brawer Depo Tr. at 2013:11-15.

veracity of that statement. Such sword and shield uses of the privilege are improper. See Handgards, Inc. v. Johnson & Johnson, 413 F. Supp. 926, 929 (N.D. Cal. 1976) ("[A] party may not insist on the protection of the attorney-client privilege for damaging communications while disclosing other selected communications because they are self-serving."). And, serving to underscore the point, MGA's counsel not only failed to object or seek to strike Mr. Brawer's unilaterally selective testimony, but actually sought to rely upon it in this case at the September 27 hearing.

Additionally, MGA's counterclaims-in-reply are premised on the assertion that MGA was not aware of Mr. Villasenor's activities until July of 2010.[16] An essential element of Mattel's defense to these claims is that MGA—and its attorneys—have known about Mr. Villasenor's activities since at least 2004 when Mr. Brawer joined MGA, and therefore the claims based on those activities are barred by, among other things, the statute of limitations.[17] The question whether [REDACTED] is therefore directly related to an essential element of Mattel's defenses to the counterclaims-in-reply. MGA counterclaims-in-reply, then, "in fairness requir[e] disclosure of the protected communication," and MGA has waived any privileges with respect to these communications. Chevron Corp., 974 F.2d at 1162. Accordingly, Discovery Master Hansen's rulings upholding MGA's counsel's instructions not to answer questions regarding the subject matter of Brawer's communication with MGA's attorneys upon joining MGA in 2004 should be overruled.

---

16 MGA's counterclaims-in-reply allege that MGA "***just discovered*** after the deposition testimony of Sal Villasenor on July 12, 2010 [that] . . . for at least fifteen years from 1992 through 2006, a series of Mattel employees in its 'market intelligence' department, with the knowledge, approval, and financial support of their bosses and the executives of the company, willfully and deliberately misrepresented themselves to gain entry into the private showrooms of Mattel's competitors at trade shows, armed with cameras and video recorders." See Docket No. 8583 at ¶ 6 (emphasis added).

17 See Mattel's Motion to Strike and/or Dismiss MGA's Counterclaims-In-Reply, filed September 7, 2010 (Docket No. 8703).

## Conclusion

For the foregoing reasons, Mattel respectfully requests that the Court overrule the Discovery Master's rulings upholding the instructions not to answer during Mr. Brawer's September 26, 2010 deposition as detailed in the notice of motion.

DATED: September 29, 2010

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By /s/ Michael T. Zeller
Michael T. Zeller
Attorneys for Mattel, Inc. and Mattel de Mexico, S.A. de C.V.

# APPENDIX A

# [FILED UNDER SEAL]