UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARTER BRYANT,<br><br>    Plaintiff(s),<br><br>v.<br><br>MATTEL, INC.,<br><br>    Defendant(s).<br>_____ | CASE NO. CV 04-9049 DOC (RNBx)<br><br>**O R D E R** RE OMNIBUS<br>**DISCOVERY MOTIONS** |

Before the Court are the parties' omnibus discovery motions. After considering the moving and opposing papers, the Court rules as follows. A minute order explaining the reasons for some of the Court's rulings will follow. A number of the Court's rulings on discovery disputes concerning MGA's counterclaims in reply may be subject to reconsideration following the October 4, 2010 hearing.

    1.    Mattel's request for the inspection and scanning of early Bratz sculpts is GRANTED as to those sculpts that are not in the custody of either this Court or Mattel.

2. Mattel's request that MGA be ordered to conduct new searches with revised search terms is DENIED.

3. Mattel's request that MGA be ordered to search its email back up tapes is DENIED.

4. Mattel's request for discovery related to contract interpretation is GRANTED as to RFPs 1-5 and RFP 103. Mattel's request is otherwise denied or stricken as moot in light of MGA's representations of compliance.

5. Mattel's request for production of documents concerning MGA's financial condition is DENIED.

6. Mattel's request that MGA be ordered to produce documents responsive to RFPs 87 and 88, which concern employee personnel files, is DENIED.

7. Mattel's request that MGA be ordered to certify its production of relevant documents from the Larian hard drive images is GRANTED.

8. Mattel's request that MGA be ordered to produce a "long withheld indemnity agreement and truthful 30(b)(6) testimony" on the subject of MGA's indemnification agreements with Bryant is DENIED.

9. Mattel's request that its expert be allowed access to former MGA employees' computer media to search for evidence of spoliation is DENIED.

10. Mattel's request for an inspection of the Brawer hard drive is DENIED.

11. Mattel's request for the production of the native files of documents already produced by MGA is DENIED.

12. Mattel's request that MGA be ordered to produce documents responsive to RFPs 1, 3, 5-6, 16-21, 24-25, 29, and 40 is DENIED.

13. Mattel's request that MGA be ordered to produce documents in response to Mattel's amended requests for production re Jorge Castilla is DENIED.

14. Mattel's request that MGA be ordered to respond to requests for admission re Jorge Castilla is DENIED.

15. Mattel's request that MGA be ordered to respond to requests for admission re

Janine Brisbois is DENIED.

16. Mattel's request that MGA be ordered to produce documents responsive to RFP Nos. 93-94 from Mattel's Twelfth Set of RFPs to MGA is GRANTED.

17. Mattel's request that MGA be ordered to produce documents responsive to RFP Nos. 43-55 of Mattel's Third Set of Requests for Production to MGA is GRANTED.

18. Mattel's request that MGA be ordered to produce documents concerning its indemnification agreement with Ron Brawer is GRANTED but Mattel's implied request that the Court overrule MGA's attorney-client privilege objections is DENIED.

19. Mattel's request that MGA be ordered to produce a Larian email concerning Mattel intellectual property rights that is referenced in MGA2 1738614 is DENIED.

20. Mattel's request that MGA be ordered to produce any presentations delivered to Larian by Machado, Vargas, and/or Trueba is GRANTED.

21. Mattel's request that MGA be ordered to produce a witness statement made by Vargas to MGA's prior counsel is HELD IN ABEYANCE. MGA may have put this privileged communication at issue by inducing Vargas to testify about some portions of the communication, but not others, and fairness indicates that Mattel be entitled to the full context of Vargas' statement. Mattel shall submit for the Court's *in camera* review the relevant excerpts of deposition testimony and MGA shall submit for the Court's *in camera* review the privileged transcript at issue.

22. Mattel's request that MGA be ordered to produce documents responsive to RFP Nos. 1-20 from Mattel's Fourteenth Set of RFPs to MGA is GRANTED.

23. Mattel's request that MGA be ordered to further respond to Mattel's First Set of Requests for Admission (Phase 2) is DENIED.

24. Mattel's request that MGA be ordered to produce Michael Fan and/or Ray Black for deposition is DENIED.

3

25. Mattel's request that MGA be ordered to produce Ana Cabrera and Beatriz Morales for deposition is DENIED.

26. MGA's request that Mattel be ordered to produce relevant documents from the 38 custodians referenced in footnote 1 of MGA's Motion is GRANTED.

27. MGA's request that the Court compel Bousquette and Villasenor to produce relevant documents in response to MGA's subpoena is GRANTED.

28. MGA's request that Mattel be ordered to produce responsive documents concerning Villasenor, Turetsky, Rahimi, Plunkett, Shore, Osier, Vollero, Lange, Chang, Sadigh and Snyder is GRANTED subject to the limitations already imposed on such discovery in the Court's September 17, 2010 Order.

29. MGA's request that Bossick and Mattel be ordered to produce all documents concerning the Bratz Brief, the "What Happened to Barbie Email," and the issues discussed therein, is GRANTED.

30. MGA's request that ILS conduct a review of Mattel's collection database using the terms "B Box," "Villasenor," and "Rahimi," is DENIED.

31. MGA's request that Mattel be required to search its "email security system" with 25 search terms is DENIED.

32. MGA's request that Mattel be ordered to produce the videotaped presentations delivered by Villasenor and other members of the Mattel marketing group is GRANTED as to all presentations that refer to MGA *at any time during the presentation*.

33. MGA's request that Mattel produce the personnel files of Villasenor, Lange, Plunkett, Osier, Rahimi, Chang, and Snyder is GRANTED.

34. MGA's request that Mattel be ordered to produce all documents concerning Mattel's decision to hire Rahimi is GRANTED.

35. MGA's request that Mattel be ordered to produce all documents regarding any MGA products used, referenced or relied upon in the annual market intelligence group presentation is DENIED.

|    |     |                                                                                                     |
|----|-----|-----------------------------------------------------------------------------------------------------|
| 1  | 36. | MGA's request that Mattel be ordered to produce all proofs of payment for costs                     |
| 2  |     | incurred in creating "business cards" is DENIED.                                                    |
| 3  | 37. | MGA's request that Mattel be ordered to produce all documents concerning                            |
| 4  |     | retailer names used by members of the market intelligence group is DENIED.                          |
| 5  | 38. | MGA's request that Mattel be ordered to produce all documents responsive to RFP                     |
| 6  |     | 415 (quoted at page 12 of MGA's brief) is GRANTED and is DENIED as to RFP                           |
| 7  |     | 417 (as quoted on the same page).                                                                   |
| 8  | 39. | MGA's request that Mattel be ordered to produce all documents responsive to RFP                     |
| 9  |     | 389, as drafted, is GRANTED.                                                                        |
| 10 | 40. | MGA's request that Mattel be ordered to produce a deponent concerning the                           |
| 11 |     | activities of its market intelligence group is GRANTED.  The deposition shall be                    |
| 12 |     | limited to 4 hours and shall occur on or before October 19, 2010.                                   |
| 13 | 41. | MGA's request that Mattel be ordered to produce Michael Moore for deposition                        |
| 14 |     | concerning the allegations in the counterclaims in reply is DENIED.                                 |
| 15 | 42. | MGA's request that Mattel be ordered to log all privileged communications on                        |
| 16 |     | identified subjects and that post date April 27, 2004 is DENIED.                                    |
| 17 | 43. | MGA's request that Mattel be ordered to produce pre-settlement communications                       |
| 18 |     | between Mattel and/or its counsel and Vargas and/or his counsel is HELD IN                          |
| 19 |     | ABEYANCE.  Counsel shall argue the issue at the October 4, 2010 hearing.                            |
| 20 | 44. | MGA's request that Mattel be ordered to produce identified documents in native                      |
| 21 |     | format is DENIED.                                                                                   |
| 22 | 45. | MGA's request that Mattel be ordered to supplement its interrogatory response                       |
| 23 |     | concerning the substantial similarity of the Bratz works is DENIED.                                 |
| 24 | 46. | MGA's request that Mattel be forced to produce Bryant's hard drive images is                        |
| 25 |     | DENIED.                                                                                             |
| 26 | 47. | MGA's request that Mattel be ordered to produce a designee to testify on topic 26                   |
| 27 |     | of its Notice of Deposition is DENIED.                                                              |
| 28 | 48. | MGA's request that Mattel be ordered to produce photographs taken by its                            |

attorneys at MGA's counsel's offices is DENIED.

49. MGA's request that Mattel be ordered to supplement its production concerning trapezoidal packaging is DENIED.

50. MGA's request that Mattel be ordered to produce all fee agreements is DENIED.

51. MGA's request that Mattel be ordered to supplement its production of consumer research reports addressed in Docket 8318 is DENIED.

52. MGA's request that Mattel be ordered to respond to MGA's Amended Third Set of Requests for Admission is DENIED.

53. MGA's request that Mattel be ordered to respond to MGA's Fourth Set of Requests for Admission is GRANTED.

All obligations imposed by the instant Order unrelated to MGA's counterclaims in reply shall be completed on or before October 7, 2010. Obligations related to MGA's counterclaims in reply are STAYED pending the Court's final resolution of Mattel's Motion to Dismiss and/or Strike MGA's counterclaims in reply. Should the parties require additional time to complete the obligations imposed by the instant Order, they may orally inform the Court of their request at the October 4, 2010 hearing.

IT IS SO ORDERED.

DATED: October 4, 2010

_____
DAVID O. CARTER
United States District Judge