QUINN EMANUEL URQUHART & SULLIVAN, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  michaelzeller@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017–2543
Telephone: (213) 443–3000
Facsimile: (213) 443–3100

Attorneys for Mattel, Inc. and Mattel
de Mexico, S.A. de C.V.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation,<br><br>     Plaintiff,<br><br>     vs.<br><br>MGA ENTERTAINMENT, INC., a California corporation, et al.,<br><br>     Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04–9049 DOC (RNBx)<br>Consolidated with<br>Case No. CV 04–09059<br>Case No. CV 05–02727<br><br>**DISCOVERY MATTER**<br><br>Hon. David O. Carter<br><br>**[PUBLIC REDACTED] MATTEL, INC.'S REPLY IN SUPPORT OF OBJECTIONS TO THE DISCOVERY MASTER'S PRIVILEGE RULINGS DURING THE SEPTEMBER 26, 2010 DEPOSITION OF RON BRAWER**<br><br>Date: TBD<br>Time: TBD<br>Place: Courtroom 9D<br><br>**Phase 2**<br>Discovery Cut-off: October 4, 2010<br>Pre-trial Conference: January 4, 2011<br>Trial Date: January 11, 2011 |

00505.07975/3709246.1

**Argument**

**I.   MATTEL DID NOT RECEIVE ANSWERS TO THE QUESTION OF WHETHER MR. BRAWER DISCUSSED MR. VILLASENOR WITH MGA'S COUNSEL IN 2004**

MGA's assertion that "Mattel received the answer to the question it posed" (Opp'n at 1) is simply incorrect.  As the deposition transcript reflects, Mattel did *not* obtain an answer to the questions it currently moves on—MGA instructed the witness not to answer the questions and the instruction were upheld.   See Brawer Depo Tr. at 1995:23-1996:3;  1999:11-19;  2004:23-2005:3;  2018:25-2020:3.   In fact, MGA's opposition is flatly self-contradictory on this point—it claims, on the one hand, that Mattel received the answer to its questions, but on the other hand that the privilege was not waived as to these questions ████████████████████████████████ ██████████████████████████████████████████ Opp'n at 1 (emphasis added).   Either the question was answered—and the privileged was waived—or it wasn't.  MGA cannot have it both ways.

Moreover, even if Mr. Brawer did provide a heavily qualified response to the questions Mattel seeks answers to, Mattel is entitled to cross-examine the witness on his statement.  As it currently stands, Mr. Brawer was allowed to make this self-serving factual assertion without being cross-examined on it.  While MGA tries to portray that answer as being unintentional, MGA's counsel has now used that statement as a key piece of evidence in its argument to avoid dismissal of the counterclaims-in-reply.  That reliance is scarcely unintentional, and such use of the purported privilege is manifestly unfair.  See Handgards, Inc. v. Johnson & Johnson, 413 F. Supp. 926, 929 (N.D. Cal. 1976) ("[A] party may not insist on the protection of the attorney-client privilege for damaging communications while disclosing other selected communications because they are self-serving.").  And this unfairness is compounded by the fact that MGA's arguments and thus the privilege rulings at the depositions of Mr. Brawer and Mr. Villasenor were not consistent:  contrary to MGA's assertion, Discovery Master

1   O'Brien's ruling was not limited to 

2

3

4

5

6

7                 Villasenor Depo Tr. at 704:8-25. Mr. Brawer should likewise

8   be required to answer the mirror-image question regarding

9

10  **II.**   **MGA IGNORES THAT IT WAIVED ANY PRIVILEGE REGARDING**

11       **THIS LINE OF QUESTIONING BY RELYING ON MR. BRAWER'S**

12       **ANSWERS DURING ARGUMENT**

13       Regardless of whether Mr. Brawer "intentionally" waived any privilege with

14   respect to this line of questioning, MGA's anemic opposition fails to dispute that it

15   waived any privilege itself by 1) putting Mr. Brawer's communications with MGA

16   regarding Mr. Villasenor directly at issue via its pleadings and 2) relying directly on

17   Mr. Brawer's statement to avoid dismissal of its counterclaims-in-reply the very next

18   day at the September 27 hearing.

19       At the September 27 hearing, MGA's counsel relied on Mr. Brawer's testimony

20   on this subject: MGA counsel's read Mr. Brawer's supposedly

21   "privileged" answer that "the only time that [he] ha[s] spoken of Sal Villasenor in the

22   presence of MGA counsel or employees is in the testimony that [he] gave during [his]

23   depositions in January" *into the record*, and then stated: "So the first time that we knew

24   that this operated with respect to MGA was when we got documents shortly before the

25   Villasenor deposition. Prior to that, they could have misrepresented themselves and

26   gone into Hasbro or Connex or LeapFrog or Lego or the many others that they stole

27   from, and there's no way for MGA to know that it's got standing to bring any kind of a

28   claim here, Your Honor." <u>See</u> September 27, 2010 Hearing Tr. at 80:16-81:17. As

1   noted in Mattel's motion, disclosing a privileged communication results in waiver as to
2   all other communications on the same subject.  Weil v. Inv./Indicators, Research &
3   Mgmt., 647 F.2d 18, 24 (9th Cir. 1981) ("[V]oluntary disclosure of the content of a
4   privileged attorney communication constitutes waiver of the privilege as to all other
5   such communications on the same subject."). Any colorable argument that this line of
6   questioning sought privileged information disappeared when MGA relied on this
7   statement at the hearing.  See, e.g., In re Broadcom Corp. Sec. Litig., 2005 WL
8   1403516, *1 (C.D. Cal. Feb.10, 2005) ("The privilege is waived when a litigant puts
9   protected information in issue through some affirmative act for its own benefit.").

10         There can be no doubt that the question of whether Mr. Brawer discussed Mr.
11   Villasenor with MGA's attorneys in 2004 is directly related to Mattel's defenses to the
12   counterclaims-in-reply, including laches and acquiescence.  MGA's counterclaims-in-
13   reply therefore "requir[e] disclosure of the protected communication". Chevron Corp.,
14   974 F.2d at 1162.

**Conclusion**

16         Accordingly, Mattel respectfully requests that the Court overrule the instructions
17   not to answer during Mr. Brawer's September 26, 2010 deposition and compel Mr.
18   Brawer to answer the questions improperly instructed upon.

19

20   DATED:  October 3, 2010          QUINN EMANUEL URQUHART &
21                                    SULLIVAN, LLP
22
23                                    By /s/ Michael T. Zeller
24                                       Michael T. Zeller
                                         Attorneys for Mattel, Inc. and Mattel de
25                                       Mexico, S.A. de C.V.
26
27
28