**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

Case No. CV 04-9049 DOC (RNBx)                                                  Date: October 5, 2010

Title: MATTEL, INC. V. MGA ENTERTAINMENT, INC.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Kathy Peterson | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFFS:   ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT                                                                    NONE PRESENT

PROCEEDING (IN CHAMBERS): ORDER GRANTING MOTION TO QUASH SUBPOENA [Docket 8815]; ORDER GRANTING MOTION TO QUASH SUBPOENA [Docket 8861]; ORDER GRANTING MATTEL'S IN CAMERA REQUEST CONCERNING DEPOSITION

**I.   Mattel's Motion for a Protective Order and to Quash the MGA Parties' Deposition Subpoena of Mattel's Litigation Counsel, Jon Corey [Docket 8861]**

MGA Entertainment, Inc. ("MGAE") and Isaac Larian ("Larian") (collectively "MGA") served Mattel, Inc. ("Mattel")'s outside counsel, Jon Corey, with a subpoena on September 17, 2010. Mr. Corey works for the law firm of Quinn Emanuel Urquhart & Sullivan, which has represented Mattel throughout this lawsuit. Mr. Corey has personally managed large segments of this lawsuit and related matters, including Mattel's assistance of the Mexican government's investigation of MGAE de Mexico ("MGA Mexico") and its former employees for the alleged theft of trade secret information. MGA seeks to depose Mr. Corey about (1) Mattel's involvement in the Mexican investigation; (2) Mr. Corey's knowledge about the activities of Mattel's market intelligence department; and (3) related issues.

Rule 26(c) of the Federal Rules of Civil Procedure provides that the court may issue a protective order against discovery that would cause "annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). The determination of whether a subpoena issued pursuant to Rule 45 must be quashed requires the court to consider similar factors, including whether the subpoena

subjects the responding party to "undue burden." Fed. R. Civ. P. 45(c)(3).

MGA's subpoena seeks discovery that can be obtained from less burdensome sources. Mr. Corey possesses no first hand information about the activities of Mattel's market intelligence department, since he never worked for that group. MGA has already deposed former Mattel employee Sal Villasenor. It has also deposed several other current and former Mattel employees, even including Chief Executive Officer Robert Eckert, about the activities of the market intelligence department. Deposing Mr. Corey about these claims solicits duplicative testimony while exposing Mr. Corey to undue burden, annoyance, and distraction from his representation of Mattel.

MGA also argues that it requires discovery about Mr. Corey's interactions with law enforcement in Mexico. No allegation in this lawsuit conceivably encompasses such conduct. Furthermore, the Court has already examined the scope of Mr. Corey's participation in the Mexican criminal prosecution on an *in camera* basis and concluded that neither Mr. Corey nor Mattel violated the terms of the Stipulated Protective Order.

MGA concludes that Mr. Corey must be deposed about the reasons why Mattel and its attorneys failed to earlier produce documents and information about the activities of Mattel's market intelligence group. MGA's position contradicts its earlier opposition to Mattel being able to conduct discovery into the circumstances in which an email communication between Larian and fellow MGA executive Victoria O'Connor was withheld as privileged. The Court restricted such discovery even though it was indisputable that the withheld email communication — unlike the market intelligence group's conduct — was highly relevant and probative to the phase 1 proceedings. The same logic applies here: counsel's deliberative process during litigation, including discovery, is protected by the work product doctrine and should be shielded from discovery absent a compelling need for the discovery, which MGA has not shown.

Mattel's Motion is GRANTED.

II. **MGA Parties' Motion to Quash Mattel's Subpoena to O'Melveny & Myers LLP or, in the alternative, Motion for Protective Order [Docket 8815]**

On September 8, 2010, Mattel subpoenaed MGA's former counsel, the law firm of O'Melveny & Myers LLP to produce documents relating to: (1) the withholding of relevant, nonprivileged documents from Mattel in this action; (2) "Larian's knowledge about the timing or location of the conception or reduction to practice of Bratz prior to October 4, 2000"; and (3) the withholding of documents concerning the subject matter of the second category.

The subpoena must be quashed because it demands the disclosure of protected privileged and work product material. The Court already ruled, in sustaining MGA's objections to Discovery Matter Order No. 90, that an attorney's deliberate process concerning discovery is protected by the

work product doctrine.  Although Mattel's subpoena also demands the production of documents concerning Larian's knowledge about the timing and location of the conception of reduction to practice of Bratz prior to October 4, 2000 — as to which MGA waived the attorney-client privilege — the subpoena extends well past the scope of the waiver by encompassing, *inter alia*, internal O'Melveny & Myers communication about Larian's knowledge, including communication that did not involve Larian.  Even if the scope of the waiver extended to such communications, it is well-within the Court's discretion to restrict such discovery, which would be duplicative of MGA's email production to date and unduly burdensome to a law firm whose involvement in this lawsuit ended years ago.

        MGA's Motion is GRANTED.

**III.    Mattel's In Camera Motion**

        Mattel's October 4, 2010 *in camera* request concerning the scope of Larian's deposition is GRANTED.

        The Clerk shall serve this minute order on all parties to the action.