QUINN EMANUEL URQUHART & SULLIVAN, LLP
  John B. Quinn (Bar No. 090378)
  (johnquinn@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc., and Mattel de
Mexico, S.A. de C.V.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>MGA ENTERTAINMENT, INC., a California corporation, et al.,<br><br>Defendant.<br><br>_____<br><br>AND CONSOLIDATED ACTIONS<br><br><br>**PUBLIC REDACTED VERSION** | CASE NO. CV 04-9049 DOC (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>Hon. David O. Carter<br><br>**MATTEL, INC.'S SUBMISSION RE SCOPE OF LARIAN DEPOSITION QUESTIONS PURSUANT TO THE COURT'S OCTOBER 5, 2010 ORDER**<br><br>Hearing Date:   TBD<br>Time:   TBD<br>Place:   TBD<br><br>Discovery Cut-off:   October 4, 2010<br>Pre-trial Conf:   January 4, 2011<br>Trial Date:   January 11, 2011 |

1   The Court recently compelled MGA and Larian to produce withheld Larian
2   communications going to the timing of Bryant's creation of Bratz and Larian's
3   knowledge thereof – both core issues in the case. The Court also gave Mattel leave, in
4   advance, to question Mr. Larian about these communications at deposition. That is all
5   that Mattel now seeks to do. Despite the Court's Order, MGA's counsel instructed
6   Larian not to answer *any* questions other than what the source of the information in the
7   recently produced emails was, including even what Mr. Larian meant by his own words
8   in those emails.   Thus, MGA's counsel instructed Larian not to answer a
9   straightforward question about ███████████████████
10  ███████████████████████████████████████ MGA2
11  3302634. Mattel asked Mr. Larian whether this was a reference to ███████
12  ███████████████████. Such questioning is proper; there is no authority
13  for MGA's position that Mattel can only ask questions about the source of Larian's
14  information and that it can properly instruct on questions regarding even what his own
15  statements mean. To the contrary, Mattel is entitled to question Larian about what he
16  meant by this and the other communications that the Court ordered produced, and
17  Mattel is entitled to ask Larian about his true understanding of when Bryant created and
18  developed Bratz. Larian's knowledge and beliefs about the timing of Bryant's creation
19  and development of Bratz are obviously relevant – they go not only to the timing issue
20  itself, but also to the knowledge elements of Mattel's claims, including its claims for
21  intentional interference with contract and aiding and abetting breach of duties, and
22  Larian has previously testified, falsely, about his knowledge and beliefs in this regard.
23  In light of Larian's testimony at the first trial, his true beliefs and knowledge also go
24  directly to Mattel's pleaded claims of obstruction of justice and perjury. Mattel seeks
25  to ask Larian about the compelled emails and his knowledge as revealed by those
26  emails. That is clearly proper, and in fact the Court has already permitted it. The Court
27  should so rule.

28

1   DATED:  October 5, 2010          QUINN EMANUEL URQUHART &
                                     SULLIVAN. LLP
2

3
                                     By /s/ Michael T. Zeller
4                                         Michael T. Zeller
                                          Attorneys for Mattel, Inc.
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28