QUINN EMANUEL URQUHART & SULLIVAN, LLP
  John B. Quinn (Bar No. 090378)
  (johnquinn@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:   (213) 443-3000
Facsimile:    (213) 443-3100

Attorneys for Mattel, Inc., and Mattel de
Mexico, S.A. de C.V.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation,<br><br>                    Plaintiff,<br><br>        vs.<br><br>MGA ENTERTAINMENT, INC., a California corporation, et al.,<br><br>                    Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 DOC (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>Hon. David O. Carter<br><br>**MATTEL, INC.'S NOTICE OF MOTION AND MOTION RE SCOPE OF LARIAN DEPOSITION QUESTIONS PURSUANT TO THE COURT'S OCTOBER 6, 2010 ORDER; AND**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>[Mattel's *In Camera* Submission Regarding Proposed Questions to Isaac Larian lodged concurrently]<br><br>Hearing Date:        TBD<br>Time:                TBD<br>Place:                TBD<br><br>Discovery Cut-off:    October 4, 2010<br>Pre-trial Conf:        January 4, 2011<br>Trial Date:            January 11, 2011 |

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that, on a date and at a time to be determined by the Court, before the Honorable David O. Carter, plaintiff Mattel, Inc. ("Mattel") will, and hereby does, move for an order permitting Mattel to ask the questions in its concurrently lodged *In Camera* Submission Regarding Proposed Questions to Isaac Larian at deposition.

This Motion is made on the grounds that the Court recently compelled MGA and Larian to produce documents which Mattel seeks to question Larian on, and those communications that relate to core issues in the case – including the timing of Bryant's creation of Bratz and Larian's knowledge thereof – are not privileged based upon prior rulings by this Court.

This Motion is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, the records and files of this Court, any matters of which the Court may take judicial notice, and such further evidence and argument as may be presented at or before the hearing on this matter.

DATED:  October 7, 2010

QUINN EMANUEL URQUHART & SULLIVAN. LLP


By /s/ Michael T. Zeller
Michael T. Zeller
Attorneys for Mattel, Inc.

## **MEMORANDUM OF POINTS AND AUTHORITIES**

### **Preliminary Statement**

The Court recently compelled MGA and Larian to produce withheld Larian communications going to the timing of Bryant's creation of Bratz and Larian's knowledge thereof – both core issues in the case.  Mattel is entitled to question Larian about what he meant when he authored the communications that the Court ordered produced, and Mattel is entitled to ask Larian about his true understanding of when Bryant created and developed Bratz.  Larian's knowledge and beliefs about the timing of Bryant's creation and development of Bratz are obviously relevant.  They go not only to the timing issue itself, but also to the knowledge elements of Mattel's claims, including for intentional interference with contract and for aiding and abetting breach of Bryant's duties.  Furthermore, in light of Larian's testimony at the first trial, his true beliefs and knowledge also go directly both to his credibility and to Mattel's pleaded claims of obstruction of justice and perjury.

Mattel accordingly seeks to ask Larian about the compelled emails and his knowledge as revealed by those emails.  MGA nevertheless instructed Larian not to answer questions about the meaning of his emails and took the position at the deposition that no questions other than those asking Larian the source of the information could be asked of him.  Because that was erroneous, Mattel respectfully requests that MGA's limitation be rejected and that the Court approve the proposed questions to Larian which Mattel is lodging herewith *in camera* as authorized previously by the Court.

### **Argument**

The Court has already held that MGA has waived the attorney-client privilege as to the documents on which Mattel seeks to question Larian.  Order Granting In Part and Denying In Part Motion to Compel, (Docket No. 8767) dated September 27, 2010, ("9/27/2010 Order").  The Court explained: "[i]t's only fair that Mattel determine the full scope of Larian's knowledge, as well as the reasonableness of his claimed reliance

1   on Rosenbaum's due diligence, by examining *all* communications, including privileged

2   communications, that MGA received prior to Bryant's employment with MGA.  The

3   scope of the waiver should also extent to later communications that refer to the earlier

4   privileged communications concerning the birth of Bratz, since they (1) reflect the

5   underlying privileged communications that Larian put at issue and (2) reflect Larian's

6   interpretation of the underlying privileged communications that Larian put at issue."

7   Id. at 11:19-25.  Moreover, the Court stated that the content of the "factual information

8   discovered in the course of investigating Bryant's claims" is "highly probative to

9   Larian's knowledge (and state of mind) at or before the time Bryant was hired by

10  MGA."  Id. at 11:3-7.

11      Mattel only seeks to question Mr. Larian about the documents identified in the

12  Court's Order and any non-written communications that provided factual information

13  in the course of investigating Bryant's claims that are within the scope of the waiver.

14  There can be no dispute that such questions are appropriate.  The privilege as to these

15  documents, and the subject matter included therein, has been waived.  Under Federal

16  Rule of Evidence 502, a waiver via disclosure extends to an undisclosed

17  communication whenever:  "(1) the waiver is intentional; (2) the disclosed and

18  undisclosed communications or information concern the same subject matter; and (3)

19  they ought in fairness to be considered together."  Fed. R. Evid. 502(a).  A subject

20  matter waiver should be found where "fairness requires a further disclosure of related,

21  protected information, in order to prevent a selective and misleading presentation of

22  evidence to the disadvantage of the adversary."  Id., advisory comm. notes; see also id.

23  (subject matter waiver applies to "situations in which a party intentionally puts

24  protected information into the litigation in a selective, misleading and unfair manner....

25  [A] party that makes a selective, misleading presentation that is unfair to the adversary

26  opens itself to a more complete and accurate presentation.").

27      MGA thus has no basis to instruct Larian not to answer questions about the

28  documents or the content of the factual matters identified by the Court on privilege

grounds.  Privilege was waived.  And given that Mattel's questions are about the documents and other communications of factual matters for which the Court expressly held the privilege was waived, the questions are clearly within the scope of the waiver.

MGA concedes that Mattel is entitled to ask questions regarding "(1) the facts reflected in the emails, (2) the sources of those facts, (3) the circumstances under which those facts were learned and communications conveying those facts, and (4) with respect to Mr. Rosenbaum, any other communications between him and MGA from 2000 related to the Bryant transaction." MGA's One Paragraph Brief Regarding Larian Emails Issue, dated October 5, 2010, (Docket No. 8888), at 1:2-6.  Mattel should also be able to question Larian regarding the meaning of his words and his interpretation of the communications at issue in the produced documents.  Those "reflect Larian's interpretation of the underlying privileged communications that Larian put at issue," which the Court already ruled are within the scope of the waiver.  9/27/2010 Order at 11:22-25. Mattel is entitled to ask Larian about his true understanding of when Bryant created and developed Bratz.  Larian's knowledge and beliefs about the timing of Bryant's creation and development of Bratz are obviously relevant.  Without question, they go to the timing issue itself as well as to the knowledge elements of Mattel's claims, such as for intentional interference with contract and for aiding and abetting breach of Bryant's duties.  They are also relevant to Mattel's pleaded claims of obstruction of justice and perjury.

## Conclusion

For the foregoing reasons, Mattel respectfully requests that the Court permit Mattel's questions submitted *in camera*.

DATED:  October 7, 2010          QUINN EMANUEL URQUHART & SULLIVAN. LLP


By /s/ Michael T. Zeller
   Michael T. Zeller
   Attorneys for Mattel, Inc.