ANNETTE L. HURST (State Bar No. 148738)
ahurst@orrick.com
WARRINGTON S. PARKER III (State Bar No. 148003)
wparker@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105
Telephone: 415-773-5700
Facsimile: 415-773-5759

WILLIAM A. MOLINSKI (State Bar No. 145186)
wmolinski@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA 90017
Telephone: 213-629-2020
Facsimile: 213-612-2499

THOMAS S. MCCONVILLE (State Bar No. 155905)
tmcconville@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
4 Park Plaza, Suite 1600
Irvine, CA 92614-2258
Tel: (949) 567-6700/Fax: (949) 567-6710

Attorneys for MGA Parties

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant. | Case No. CV 04-9049 DOC (RNBx)<br>Consolidated with Case No. CV 04-9059 and Case No. CV 05-2727<br><br>**MGA PARTIES' EXPEDITED NOTICE OF MOTION AND MOTION TO ALLOW SERVICE OF DEPOSITION SUBPOENA VIA ELECTRONIC MAIL AND/OR POST OFFICE BOX ADDRESS** |
| AND CONSOLIDATED ACTIONS | **Hon. David O. Carter**<br>Date: TBD<br>Time: TBD<br>Dept: Courtroom 9D<br><br>Discovery Cut-off: November 1, 2010<br>Pretrial Conference: January 4, 2011<br>Trial Date: January 11, 2011<br>Judge: Hon. David O. Carter |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that as soon as counsel may be heard, in the Courtroom of the Honorable David O. Carter, located at 411 West Fourth Street, Room 1053, Santa Ana, California 92701, the MGA Parties will, and hereby do, move for an order to allow service of a deposition subpoena via electronic mail and/or post office box addresses on Michele McShane aka Shelly Liebovitz.

This Motion is made on the grounds that the MGA parties have diligently attempted to effect personal service of the deposition subpoena on witness Michele McShane aka Shelly Liebovitz at her last known residence addresses in Southern California but have been unable to locate this witness.

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Denise M. Mingrone, filed concurrently herewith, all matters cited to herein and all other matters of which the Court may take judicial notice.

### Statement of Compliance

Pursuant to L.R. 7-3, the parties, through their lead counsel, met and conferred regarding the issues raised in this Motion on October 6, 2010.

Respectfully submitted,

Dated: October 8, 2010     ORRICK, HERRINGTON & SUTCLIFFE LLP

By:   /s/ *Denise M. Mingrone*
          Denise M. Mingrone
          Attorneys for MGA Parties

## INTRODUCTION

Michele McShane aka Shelly Liebovitz served as in-house counsel for Mattel during the critical 2002 timeframe when Mattel launched its investigation concerning Carter Bryant and his connection to MGA. Ms. McShane later departed Mattel and, due to her unknown location, has never been deposed nor testified in this matter. MGA believes Ms. McShane possesses material information related to the claims and defenses in this litigation but, to date, has been unable to locate her to effect personal service of a deposition subpoena.

As a result, the MGA parties now respectfully seek an expedited order from the Court permitting service of a deposition subpoena on Ms. McShane via electronic mail and/or deposit at a post office box. Expedited relief is warranted in this instance because the remaining depositions in this matter must occur prior to November 1, 2010. In order to effect service via electronic or other non-personal means, additional time will be required.

## LOCAL RULE COMPLIANCE

Pursuant to Local Rule 7-3 and immediately prior to the Court proceeding held on October 6, 2010, lead counsel for both parties met and conferred regarding MGA's request that the Court permit service of the deposition subpoena on Ms. McShane via electronic or other non-personal means. Further, during the hearing, MGA raised this issue and Judge Carter ordered MGA to file a motion seeking such relief. Lead counsel for Mattel was present during this entire proceeding and did not raise any objection.

## BACKGROUND

The MGA parties diligently attempted to secure personal service of a deposition subpoena on Ms. McShane aka Liebovitz over a two month period in March and April, 2010 with no success. Ms. McShane does not appear to have a permanent residence, or even a known temporary residence. According to a posting Ms. McShane made on HouseCarers.com, she continuously travels throughout the

country and abroad to accept house-sitting positions taking care of peoples' homes and pets while they are out of town. Attempts to contact Ms. McShane via this website failed.

Ms. McShane's last known physical address appears to be a home owned by a friend's parents located in Glendale, California. Attempts to locate Ms. McShane at this address in the March and April 2010 timeframe were unsuccessful. Similar attempts to locate Ms. McShane at the homes of various friends in the Glendale and Palm Springs, California areas during the same timeframe failed.

Ms. McShane's posting on HouseCarers.com lists an email address of "info@shellyliebovitz.com." Attempts to contact this posting led to another electronic address of "shellyliebovitz@live.com" however no personal contact with Ms. McShane was ever achieved. There also appears to be a post office box located in a UPS store in Los Angeles located at 5842 Wilshire Blvd., # 399 in Los Angeles, CA 90036 under the name of Michele McShane.

## ARGUMENT

Courts allow non-personal service of a subpoena to secure witness testimony following a party's diligent attempts at personal service. As set forth below, the MGA parties have diligently attempted to effect personal service on Ms. McShane without success. Ms. McShane does not appear to have any physical residence address, nor any permanent living situation. Similar attempts to locate a business address have yielded no success. MGA now seeks the Court's assistance in securing Ms. McShane's appearance to provide deposition testimony.

### I. COURTS PERMIT NON-PERSONAL DEPOSITION SUBPOENA SERVICE WHERE PERSONAL SERVICE ATTEMPTS FAIL

Federal Rule of Civil Procedure 45 does not require hand delivery of a subpoena. *Halawani v. Wolfengarger*, No. 07-15483, 2008 WL 5188813 (E.D. Mich. Dec 10, 2008) (holding that hand delivery is not required by Rule 45). Cases relying on this Rule establish that service of a subpoena can be made by means

1  other than personal service. *Id.; Franklin v. State Farm Fire & Casualty Co.*, No.
2  09-10947, 2009 WL 3152993 (E.D. Mich. Sep 30, 2009) (finding posting of
3  deposition on front door of home or via certified mail appropriate). At least one
4  court has allowed service of a subpoena via electronic means in a situation, such as
5  this, where no physical address is available for a witness. *United States v. Kernell*,
6  No. 3:08-CR-142, 2010 WL  1444624, at *3 (E.D. Tenn. Mar 26, 2010). In *Kernell*,
7  the court permitted service of a subpoena through email or facsimile if after a
8  diligent search the defendant could locate no physical address for the witness.
9      Courts have also permitted electronic service of process pursuant to Rule 4 of
10  the Federal Rules of Civil Procedure. *See, e.g., Rio Props, Inc. v. Rio Int'l Interlink*,
11  284 F.3d 1007, 1017 (9th Cir. 2002) (concluding email service of process not only
12  proper but the method most likely to reach the defendant); *Popular Enterprises,*
13  *LLC v. Webcom Media Group, Inc.*, 225 F.R.D. 560, 562 (E.D. Tenn. Nov 16,
14  2004) (finding that service of process via email was reasonably calculated to
15  apprise defendant of action and permit an opportunity to respond); *In re Int'l*
16  *Telemedia Assocs., Inc.*, 245 B.R, 713, 721 (N.D. Ga. Feb 15, 2000) (email service
17  of process provided defendant with notice of lawsuit).
18      Service of the deposition notice, attached to the Declaration of Denise M.
19  Mingrone as Exhibit A, on Ms. McShane either via her email address listed on the
20  HouseCarers.com site or via her last known post office box address in the Los
21  Angeles UPS store provides the only effective means available to the MGA parties
22  to secure Ms. McShane's deposition testimony. No physical address can be located
23  for Ms. McShane so, absent the Court's issuance of an order allowing electronic
24  and/or post office box service, MGA will be unable to secure this testimony.
25  **II.  MGA HAS MADE DILIGENT ATTEMPTS TO PERSONALLY
          SERVE MICHELE MCSHANE AKA SHELLY LIEBOVITZ**
26
27      As set forth above, the MGA parties attempted to locate Ms. McShane at all
28  known physical addresses for both her and her friends which could be located.

Numerous attempts during the March and April 2010 timeframe were made to effect personal service of a deposition subpoena on Ms. McShane at that time, all to no avail. Attempts to personal contact via the HouseCarers website similarly failed. The MGA parties have no viable means of securing service of their deposition subpoena absent a court order that service may be effected via electronic and/or post office box means.

### III.   CONCLUSION

For the reasons set forth herein, and based upon all other written and oral evidence as may be submitted in furtherance of this request, the MGA parties respectfully request that the Court grant this motion and enter the accompanying proposed order allowing Michele McShane aka Shelly Liebovitz to be served with the accompanying deposition subpoena via her electronic mail addresses and/or post office box.

Dated: October 8, 2010           Respectfully submitted,

ORRICK, HERRINGTON & SUTCLIFFE LLP

By:     */s/ Denise M. Mingrone*
             Denise M. Mingrone
    Attorneys for MGA ENTERTAINMENT, INC.,
    MGA ENTERTAINMENT HK, LTD., MGA de
    MEXICO, S.R.L. de C.V., and ISAAC LARIAN