Court File No.   07-CV-340468 PD1

## *ONTARIO*
## SUPERIOR COURT OF JUSTICE

B E T W E E N:

MATTEL CANADA INC.

- and -

JANINE BRISBOIS, MGA ENTERTAINMENT (CANADA) COMPANY
and MGA ENTERTAINMENT (INC.)

**Defendants**

### STATEMENT OF CLAIM
### Notice of Action issued September 21, 2007

1.  The Plaintiff claims:

    a)  an interim, interlocutory and permanent injunction restraining the Defendants from using, disclosing or disseminating the Plaintiff's trade secrets and confidential and proprietary information;

    b)  an order requiring the Defendants to return to the Plaintiff all of the Plaintiff's trade secrets and confidential and proprietary information in documentary form (including electronic or otherwise) that is in their possession, power and control and to deliver up to the Plaintiff for destruction all documents into which any such information was put and/or used;

    c)  damages in an amount to be determined (particulars of which will be provided prior to trial);

    d)  an accounting and the disgorgement of the Defendants' profits from their unlawful use and disclosure of the Plaintiff's trade secrets and confidential and proprietary information;

    e)  punitive damages in the amount of $5,000,000.00;

Exhibit 6 - Page 47

f) pre-judgment and post-judgment interest in accordance with the *Courts of Justice Act*, R.S.O. 1990, c.C43, as amended;

g) its costs of this action on a substantial indemnity basis; and

h) such further and other relief as this Honourable Court deems just.

**Parties**

2. The Plaintiff, Mattel Canada Inc. ("Mattel Canada"), is a corporation incorporated under the laws of Ontario with its principal place of business in Mississauga. Mattel Canada is a wholly owned indirect subsidiary of Mattel, Inc., a Delaware Corporation ("Mattel USA").

3. Mattel Canada sells and distributes toys, games, dolls and other consumer products.

4. The Defendant, Janine Brisbois ("Brisbois"), is a resident of Queensville, Ontario. Brisbois worked for Mattel Canada beginning in 1999, where she held the position of Director of Sales. Brisbois resigned from Mattel Canada on or about September 26, 2005 to join MGA Canada.

5. The Defendant, MGA Entertainment (Canada) Company ("MGA Canada"), is incorporated pursuant to the laws of Nova Scotia with its principal place of business in Markham, Ontario and carries on business, along with its parent corporation, the Defendant, MGA Entertainment (Inc.) ("MGA USA"), a California corporation, as amongst other things, a manufacturer, vendor and distributor of toys and dolls. The Defendants, MGA Canada and MGA USA, are direct competitors of Mattel Canada in respects relevant hereto.

**The Industry**

6. Mattel Canada operates in a highly competitive industry. Critical to Mattel Canada's success, is its ability to market new products.

7. Mattel Canada has invested substantial amounts of money over many years to develop its business methods and practices, including, without limitation, its marketing and

Exhibit 6 - Page 48

advertising research, plans, methods and processes; its business research and forecasts; its costs, budgets, pricing, target margins, credit terms, deal terms and finances; its product offerings, including, without limitation, with respect to future products; its distribution and sales methods and processes; and its inventory methods and processes.

**Relationship between Mattel Canada and Brisbois and Terms of Employment**

8. Brisbois was a highly trusted employee who was important to the business success of Mattel Canada and was accordingly treated as a key employee. In the course of her employment with Mattel Canada, Brisbois received and had access to highly valuable trade secrets and confidential and proprietary information either owned by Mattel Canada, in whole or in part, or authorized to be used by Mattel Canada (collectively "Confidential Information"). As a result, Mattel Canada was and is particularly vulnerable to any breach by Brisbois of the duties, contractual and otherwise, she owed and continues to owe to it as set out below.

9. When hired by Mattel Canada and thereafter, Brisbois agreed that she would preserve and would not disclose or misuse Confidential Information. In particular, and without limitation, Brisbois agreed to be bound by Mattel Canada's Code of Conduct which provides, in part, as follows:

> "You have access to Mattel's Proprietary Information solely because of your employment with your Employer. You must keep Mattel's Proprietary Information confidential, and you may only use or disclose such information as necessary to perform your job responsibilities in accordance with Mattel's policies. Your obligation to keep Mattel's Proprietary Information confidential will continue after any termination of your employment with your employer ...
>
> ... Mattel takes steps to maintain the secrecy and confidential nature of Mattel's Proprietary Information and, if a competitor discovered Mattel's Proprietary Information, it could significantly damage Mattel and your employer."

10. In addition to her contractual obligations to Mattel Canada, Brisbois held a position of trust and confidence with Mattel Canada. Brisbois owed, and continues to owe, Mattel Canada fiduciary duties that include, but are not limited to, an obligation not to

Exhibit 6 - Page 49

- 4 -

take any actions that would be contrary to Mattel Canada's interests while she was employed by Mattel Canada, not to use or disclose any Confidential Information to any person, including any competitor of Mattel Canada, and not to compete otherwise unfairly with Mattel Canada.

**Unlawful Conduct**

11. Brisbois stole and provided to MGA Canada and MGA USA Confidential Information.

12. Confidential Information stolen by Brisbois and given to MGA Canada and MGA USA included, but was not limited to, documents containing the following:

    a) the price, cost, sales plan and quantity of every Mattel Canada product ordered by every Mattel Canada customer in 2005 and 2006;

    b) the BARBIE television advertising strategy and information concerning sale increases generated by television advertisements;

    c) a competitive analysis of Mattel Canada *vis a vis* its competitors in Canada, including MGA Canada and MGA USA;

    d) an analysis of Mattel Canada's Girls business' sales beginning in 2003 and forecast through 2006;

    e) profit and loss reviews for products sold by Mattel Canada in Wal-Mart, including Mattel Canada's margins and profits for the Canadian market; and

    f) product launch dates and related advertising for all new products to be sold by Mattel Canada in the critical time period between the fall of 2005 and the spring of 2006.

Excluding the value to a competitor of the information contained in these documents, Mattel Canada's cost simply to create them was at least $668,000.00.

Exhibit 6 - Page 50

- 5 -

13. MGA Canada and MGA USA proceeded to access and to use the stolen documents referenced in paragraph 12 above, as well as other Confidential Information that Brisbois provided them.

14. The Confidential Information gave Mattel Canada a significant competitive advantage over its existing and would be competitors, including MGA Canada and MGA USA. As a result of Brisbois' theft and disclosure of Confidential Information and the use of this Confidential Information by Brisbois, MGA Canada and MGA USA, this advantage has now been compromised.

15. MGA Canada and MGA USA induced Brisbois to breach her duties to Mattel Canada, or in the alternative, knew or were wilfully blind to the fact that Brisbois was providing them Confidential Information and are, accordingly, liable for all damages flowing from their tortious conduct and must disgorge their profits arising there from.

16. The Defendants have wrongfully appropriated and used Confidential Information for their own benefit and gain and for the benefit and gain of others without permission from Mattel Canada, as a result of which Mattel Canada has sustained substantial damages, particulars of which will be provided prior to trial.

17. The Defendants' conduct demonstrates a malice and high-handedness that warrants the award of punitive damages.

18. Mattel Canada pleads and relies on Rule 17.02 (a), (g), (h), (i) and (o) of the *Rules of Civil Procedure* for service of the Notice of Action and Statement of Claim outside of Ontario.

19. Mattel Canada pleads and relies on Section 101 of the *Courts of Justice Act*, R.S.O. 1990, c.C43, as amended.

Mattel Canada proposes that this action be tried in Toronto.

Exhibit 6 - Page 51

- 6 -

Date: October 19, 2007

**HEENAN BLAIKIE LLP**
Lawyers
P.O. Box 185, Suite 2600
South Tower, Royal Bank Plaza
Toronto, Ontario M5J 2J4
**L. DAVID ROEBUCK** (LSUC # 12140)
Telephone: (416) 643-6887
Facsimile: (416) 360-8425
**GEORGE J. KARAYANNIDES** (LSUC#: 258450)
Telephone: (416) 360-3521
Facsimile: (416) 360-8425
Solicitors for the Plaintiff

Exhibit 6 - Page 52

MATTEL CANADA INC. and JANINE BRISBOIS et al'

Plaintiff                    Defendants

Court File No: 07-CV-340468 PD1

**ONTARIO**
**SUPERIOR COURT OF JUSTICE**

Proceeding commenced at Toronto

**STATEMENT OF CLAIM**

(Notice of Action issued September 21, 2007)

**HEENAN BLAIKIE LLP**
Lawyers
P.O. Box 185, Suite 2600
South Tower, Royal Bank Plaza
Toronto, Ontario M5J 2J4

**L. DAVID ROEBUCK** (LSUC # 12140)
Telephone: (416) 643-6887
Facsimile: (416) 360-8425

**GEORGE J. KARAYANNIDES** (LSUC#: 258450)
Telephone: (416) 360-3521
Facsimile: (416) 360-8425

Solicitors for the Plaintiff

Exhibit 6 - Page 53

Court File No.

07-CV-340468 PD1

## ONTARIO
### SUPERIOR COURT OF JUSTICE

BETWEEN:

MATTEL CANADA INC.

Plaintiff

- and -

JANINE BRISBOIS, MGA ENTERTAINMENT (CANADA) COMPANY
and MGA ENTERTAINMENT (INC.)

Defendants

### NOTICE OF ACTION

**TO THE DEFENDANT**

**A LEGAL PROCEEDING HAS BEEN COMMENCED AGAINST YOU** by the plaintiff. The claim made against you is set out in the statement of claim served with this notice of action.

**IF YOU WISH TO DEFEND THIS PROCEEDING**, you or an Ontario lawyer acting for you must prepare a statement of defence in Form 18A prescribed by the Rules of Civil Procedure, serve it on the plaintiff's lawyer or, where the plaintiff does not have a lawyer, serve it on the plaintiff, and file it, with proof of service, in this court office, WITHIN TWENTY DAYS after this notice of action is served on you, if you are served in Ontario.

If you are served in another province or territory of Canada or in the United States of America, the period for serving and filing your statement of defence is forty days. If you are served outside Canada and the United States of America, the period is sixty days.

Instead of serving and filing a statement of defence, you may serve and file a notice of intent to defend in Form 18B prescribed by the Rules of Civil Procedure. This will entitle you to ten more days within which to serve and file your statement of defence.

Exhibit 6 - Page 54

- 2 -

IF YOU FAIL TO DEFEND THIS PROCEEDING, JUDGMENT MAY BE GIVEN AGAINST YOU IN YOUR ABSENCE AND WITHOUT FURTHER NOTICE TO YOU. IF YOU WISH TO DEFEND THIS PROCEEDING BUT ARE UNABLE TO PAY LEGAL FEES, LEGAL AID MAY BE AVAILABLE TO YOU BY CONTACTING A LOCAL LEGAL AID OFFICE.

Date: SEPTEMBER 21, 2007           Issued by: M. SAGUARIA
                                              Local Registrar

                                   Address of
                                   Court Office   393 University Avenue
                                                  10th Floor
                                                  Toronto, Ontario
                                                  M5G 1E6

TO:      JANINE BRISBOIS
         3130 Cole Road
         RR # 2
         Queensville, Ontario
         L0G 1R0

AND TO:  MGA ENTERTAINMENT (CANADA) COMPANY
         Suite # 202
         7100 Woodbine Avenue
         Markham, Ontario
         L3R 5J2

AND TO:  MGA ENTERTAINMENT (INC.)
         Suite # 150
         16300 Roscoe Boulevard
         Van Nuyes, California 91400
         United States of America

Exhibit 6 - Page 55

- 3 -

**CLAIM**

The Plaintiff's claim is for:

1. Damages in contract and tort, including but not limited to breach of fiduciary duty, and theft of trade secrets and confidential and proprietary information, arising from the Defendants' unlawful conduct and actions as set out below, including punitive damages, interest and costs.

2. An accounting of the Defendants' profits from their illegal conduct and actions and the disbursement of same.

3. An interim, interlocutory and permanent injunction restraining the Defendants' unlawful conduct and actions as set out below:

4. The Plaintiff, Mattel Canada Inc. ("Mattel Canada"), is a corporation incorporated under the laws of Ontario with its principal place of business in Mississauga. Mattel Canada is a wholly owned indirect subsidiary of Mattel, Inc., a Delaware Corporation ("Mattel USA").

5. Mattel Canada sells and distributes toys, games, dolls and other consumer products.

6. The Defendant, Janine Brisbois ("Brisbois"), worked for Mattel Canada since 1999, where she held the position of Director of Sales. As such, she was privy to Mattel Canada and Mattel USA's trade secrets and proprietary confidential information.

7. The Defendant, MGA Entertainment (Canada) Company ("MGA Canada"), is incorporated pursuant to the laws of Nova Scotia with its principal place of business in Markham, Ontario and carries on business, along with its parent corporation, the Defendant, MGA Entertainment (Inc.) ("MGA USA"), a California corporation, as amongst other things, a manufacturer, vendor and distributor of toys and dolls.

8. Brisbois resigned from Mattel Canada on or about September 26, 2005, to join MGA Canada.

Exhibit 6 - Page 56

- 4 -

9. Without authorization, Brisbois on her own initiative, or at the request or direction of MGA Canada and/or MGA USA, took documents from Mattel Canada containing trade secrets and confidential and proprietary information owned, in whole or in part, or authorized to be used by Mattel Canada. MGA Canada and MGA USA then knowingly proceeded to use those stolen materials and the non-documentary trade secrets and confidential and propriety information of Mattel Canada that Brisbois possessed. Brisbois accessed and modified certain of the stolen Mattel Canada documents while employed by MGA Canada.

10. As a Mattel Canada employee, Brisbois had and continues to have an obligation to preserve and not disclose Mattel Canada's trade secrets and proprietary and confidential information.

11. The trade secrets and confidential and proprietary information stolen by Brisbois and used by her, MGA Canada and MGA USA, gave Mattel Canada a significant competitive advantage over its existing and would be competitors, including MGA Canada and MGA USA. This advantage has now been compromised as a result of the Defendants' unlawful activities.

12. The Defendants have wrongfully converted Mattel Canada property and resources by appropriating them and using them for their own benefit and gain and for the benefit and gain of others without permission from Mattel Canada.

13. The Plaintiff proposes that this action be tried in Toronto.

Date: September 21, 2007

HEENAN BLAIKIE LLP
Lawyers
P.O. Box 185, Suite 2600
South Tower, Royal Bank Plaza
Toronto, Ontario M5J 2J4
L. DAVID ROEBUCK (LSUC # 12140)
Telephone: (416) 643-6887
Facsimile: (416) 360-8425
GEORGE J. KARAYANNIDES (LSUC#: 258450)
Telephone: (416) 360-3521
Facsimile: (416) 360-8425
Solicitors for the Plaintiff

Exhibit 6 - Page 57

Court File No: 07-CL-360 4668PL

ONTARIO
SUPERIOR COURT OF JUSTICE

Proceeding commenced at Toronto

MATTEL CANADA INC. and JANINE BRISBOIS et al

Plaintiff                                Defendants

NOTICE OF ACTION

CERTIFIED TO BE A
TRUE COPY THE
ORIGINATING PROCESS
ISSUED HEREIN
DATED: SEPTEMBER 21, 2007
PER: [signature]
HEENAN BLAIKIE
SOLICITOR FOR THE
AVOCAT POUR LE PLAINTIFF

HEENAN BLAIKIE LLP
Lawyers
P.O. Box 185, Suite 2600
South Tower, Royal Bank Plaza
Toronto, Ontario M5J 2J4

L. DAVID ROEBUCK (LSUC # 12140)
Telephone: (416) 643-6887
Facsimile: (416) 360-8425

GEORGE J. KARAYANNIDES (LSUC# 25845O)
Telephone: (416) 360-3521
Facsimile: (416) 360-8425

Solicitors for the Plaintiff

Exhibit 6 - Page 58