QUINN EMANUEL URQUHART & SULLIVAN, LLP
  John B. Quinn (Bar No. 090378)
  (johnquinn@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc., and Mattel de
Mexico, S.A. de C.V.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation,<br><br>                          Plaintiff,<br><br>        vs.<br><br>MGA ENTERTAINMENT, INC., a California corporation, et al.,<br><br>                          Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 DOC (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>Hon. David O. Carter<br><br>**MATTEL, INC.'S RESPONSE TO THE COURT'S OCTOBER 7, 2010 ORDER TO SHOW CAUSE**<br><br>Hearing Date:      TBD<br>Time:                  TBD<br>Place:               Courtroom 9D<br><br>Discovery Cut-off:   October 4, 2010<br>Pre-trial Conf:       January 4, 2011<br>Trial Date:           January 11, 2011 |

00505.07975/3722692.3

Mattel, Inc. ("Mattel") respectfully responds as follows to the Court's October 7, 2010 Order to Show Cause:

# I.   DOCUMENTS THAT HAVE BEEN PRODUCED

### A.   Document Nos. 4-7 (Brawer Priv 0001, 0008, 0010-0011 and 0012-23 found in Mattel Inv. Case #04-0423)

Document Nos. 4-7 of the Court's Order were separately considered by the Discovery Master in connection with his *in camera* review of entries on Mattel's privilege logs challenged by MGA.  In Order No. 94, the Discovery Master ordered these documents produced in their entirety.[1]  On August 3, 2010, the Court upheld the Discovery Master's ruling with respect to these four documents,[2] and Mattel produced the documents on August 6, 2010.  Document No. 4 (Brawer Priv 0001 found in Mattel Inv. Case #04-0423) was produced at Bates number M 1679223.  Document No. 5 (Brawer Priv 0008 found in Mattel Inv. Case #04-0423) was produced at Bates number M 1679207.  Document No. 6 (Brawer Priv 0010-0011 found in Mattel Inv. Case #04-0423) was produced at Bates numbers M 1679221-22.  And Document No. 7 (Brawer Priv 0012-0023 found in Mattel Inv. Case #04-0423) was produced at Bates numbers M 1679209-20.

# II.   DOCUMENTS WITHHELD AS PRIVILEGED

### A.   Document No. 1 (Privilege Log Entry No. 29 found in Mattel Inv. Case #02-1680)

Entry No. 29 records confidential communications Richard De Anda had in his capacity as head of Mattel Global Security with Mattel in-house counsel Michele McShane, and which were made for the purpose of seeking legal advice.[3]  Additionally,

---

[1]   Phase 2 Discovery Matter Order No. 94 Regarding *In Camera* Review of Mattel Documents Asserted To Be Privileged Pursuant to Order No. 86, dated April 22, 2010, Dkt. No. 7785 at 14.

[2]   Order on Pending Discovery Motions, dated August 3, 2010, Dkt. No. 8459 at 3-4.

[3]   Declaration of Richard De Anda ("De Anda Decl."), dated April 19, 2007, Dkt. No. 422 at ¶ 4.

1  Entry No. 29 has previously been upheld as privileged.  MGA challenged Mattel's

2  redaction of Entry No. 29 before the prior Discovery Master,[4] and the prior Discovery

3  Master rejected each of MGA's challenges, ruling that the redacted material is

4  privileged.[5]  MGA also objected to one of the prior Discovery Master's orders regarding

5  Entry No.29,[6] and Judge Larson also upheld Mattel's assertion of privilege.[7]  These

6  rulings are therefore binding.

7  **B.   Document No. 2 (the first email in the chain found at 02-299 Priv**

8  **0019-0020 in Mattel Inv. Case #02-299)**

9       Even if the first email in this chain is non-privileged, it was forwarded by a

10 subsequent, privileged email, rendering the entire chain privileged.  "[E]ven though one

11 email is not privileged, a subsequent and privileged email which forwards that prior non-

12 privileged email will allow the privilege to attach to the entire chain, including the non-

13 privileged email message."  Rhoads Indus., Inc. v. Bldg. Materials Corp. of Am., 245

14 F.R.D. 238, 240 (E.D. Penn. 2008) (citing Upjohn v. United States, 449 U.S. 383

15 (1981)); Muro v. Target Corp., 250 F.R.D. 350, 363 (N.D. Ill. 2007) ("As Upjohn Co. v.

16 United States makes clear, the fact that non-privileged information was communicated to

17 an attorney may be privileged, even if the underlying information remains protected.");

---

19  [4]  MGA and Bryant's Joint Motion to (1) Compel Production of Certain Documents Withheld Under Claim of Privilege, (2) Attest to the Completeness of its February 2007
20 Production of March 2002 Investigation Documents, and (3) De-Designate Attorneys' Eyes Only Document, dated April 10, 2007, Dkt. No. 396 at 9; MGA's Motion to
21 Compel Regarding Mattel's Privilege Waiver by Claim Assertion, dated December 18, 2007, Dkt. No. 1349 at 9, 10, 18; Joint Motion to Compel an Unredacted Version of
22 M0074400, Mattel's Investigative File 02-299 and the Further Deposition of Richard De Anda, dated January 4, 2008, Dkt. No. 1501 at 7-9.
23  [5]  Order Re In Camera Review of Global Security Files, dated July 10, 2007, Dkt. No. 687 at 4; Order Denying MGA's Motion to Compel Discovery as to Issues as to
24 Which Mattel Has Purportedly Waived the Attorney-Client and Work Product Privileges by Claim Assertion, dated April 25, 2008, Dkt. No. 3284 at 10-11; Order
25 Denying MGA's and Carter Bryant's Joint Motion to Compel an Unredacted Version of M0074400, dated May 9, 2008, Dkt. No. 3562 at 11.
26  [6]  MGA's Motion Objecting to Discovery Master's April 25, 2008 Order Denying MGA's Motion to Compel Discovery on Issues as to Which Mattel has Waived the
27 Attorney-Client and Work Product Privileges by Claim Assertion, dated April 29, 2008, Dkt. No. 3410 at 5, 23.
28

-2-
MATTEL'S RESPONSE TO OCTOBER 7. 2010 ORDER TO SHOW CAUSE

1  see also Barton v. Zimmer, 2008 WL 80647 (N.D. Ind. 2008) ("As applied to emails, this

2  means that even though an email is not privileged, a second email forwarding the prior

3  email to counsel might be privileged in its entirety.").   The Discovery Master has

4  adopted this rule repeatedly,[8] and the Court has upheld the Discovery Master's orders

5  applying this rule over Mattel's objections.[9]  Thus, this is the law of the case.

6  **C.**      **Document No. 3 (Privilege Log Entry No. 33 found in Mattel Inv.**

7  **Case #02-115)**

8      Entry No. 33 is a confidential attorney-client communication in the form of a fax

9  from Lawrence Iser of Greenberg Glusker, outside counsel for Mattel, to Richard De

10  Anda.  The fax, which pertains to a specific legal matter referenced on the cover sheet,

11  contains information provided to Mr. De Anda to facilitate the provision of legal

12  advice.[10]  The prior Discovery Master previously reviewed this document *in camera*

13  after it was challenged by MGA and sustained Mattel's assertion of privilege.[11]  MGA

14  did not appeal this ruling, and it is now binding.

15  DATED:  October 13, 2010        QUINN EMANUEL URQUHART & SULLIVAN. LLP

17                                By /s/ Michael T. Zeller

18                                Michael T. Zeller
                                  Attorneys for Mattel, Inc., and Mattel de
19                                Mexico. S.A. de C.V.

---

[7]   Order Ruling on Discovery Motions, dated May 12, 2008, Dkt No. 3669 at 4-5.
[8]   Phase 2 Discovery Matter Order No. 87, Regarding *In Camera* Review Pursuant to Order No. 33, dated December 7, 2009, Dkt No. 7382 at 3; Phase 2 Discovery Matter Amended Order No. 92, Regarding: *In Camera* Review Pursuant to Order No. 88, dated February 16, 2010, Dkt. No. 7499 at 3-4; Phase 2 Discovery Matter Order No. 98, Regarding *In Camera* Review of MGA Documents Asserted to Be Privileged Pursuant to Order No. 86, dated July 1, 2010, Un-docketed, at 11-12.
[9]   Order Regarding Pending Discovery Motions, dated September 17, 2010, Dkt. No. 8752 at 1; id. at 2-3; Order Overruling Mattel's Objections to Discovery Matter Order No. 92, dated June 17, 2010, Dkt. No. 8132 at 1.
[10]   De Anda Decl. at ¶ 7.
[11]   Order Re In Camera Review of Global Security Files, dated July 10, 2007, Dkt. No. 687 at 4.

00505.07975/3722692.3