QUINN EMANUEL URQUHART & SULLIVAN, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc. and
Mattel de Mexico, S.A. de C.V.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation,<br><br>  Plaintiff,<br><br>  vs.<br><br>MGA ENTERTAINMENT, INC., a California corporation,<br><br>  Defendants.<br><br>AND CONSOLIDATED ACTIONS<br><br>**[Public Redacted]** | CASE NO. CV 04-9049 DOC (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>**Hon. David O. Carter**<br><br>**MATTEL, INC.'S OPPOSITION TO MGA'S EXPEDITED MOTION TO ALLOW SERVICE OF DEPOSITION SUBPOENA VIA ELECTRONIC MAIL AND/OR POST OFFICE ADDRESS**<br><br>Date: TBD<br>Time: TBD<br>Place: Courtroom 9D<br><br>**Phase 2**<br>Discovery Cut-off: October 4, 2010<br>Pre-trial Conference: January 4, 2011<br>Trial Date: January 11, 2011 |

**Preliminary Statement**

General fact discovery has now closed. Nevertheless, MGA files an "expedited" motion requesting leave so that a "critical" witness may be deposed. Nowhere does MGA explain why service of this witness—who it has known about for years and who could of have been deposed in either Phase this litigation—was not raised prior to the close of discovery. MGA admits that it sought Ms. McShane's deposition in March and April, long before it claims it "learned" of the facts underlying its counterclaims in reply.[1] MGA's efforts to depose Ms. McShane last spring and MGA's recent statute of limitations motion make clear that MGA really seeks Ms. McShane's testimony on issues related to the statute of limitations on Mattel's claims. But discovery on that has now closed. MGA should not be permitted to reopen discovery in the face of such inexplicable delay.

Moreover, even if discovery were still open, MGA's request would still be improper. MGA does not know where this witness resides or how to reach her, so it requests that it be permitted to serve her by mail and email at addresses which may or may not be active. The <u>Rules</u> do not permit service by such methods.

**Argument**

**I.  GENERAL FACT DISCOVERY IS NOW CLOSED AND MGA OFFERS NO JUSTIFICATION TO REOPEN DISCOVERY**

According MGA's motion, the deposition of Michele McShane—an attorney who worked at Mattel until 2003—is necessary at this late date because she was employed during a "critical 2002 timeframe" and therefore might "possess[] material information related to the claims and defenses in this litigation . . ." (Mot.

---

[1] MGA's Omnibus Motion to Compel, dated Sept. 16, 2010 (Dkt. No. 8745) at 1 ("■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■").

1   at 2.) In a motion filed just days later, MGA concedes that the real reason it seeks
2   Ms. McShane's testimony is to support its statute of limitations defense: "█
3   ████████████████████████████████████████████████████████████
4   ████████████████████████████████████████████████████████████
5   ████████████████████████████████████████."[2]

6   General fact discovery has now closed[3] and MGA offers no justification as to
7   for reopening it. See Photomedex, Inc. v. Irwin, 2007 WL 2238359, at *2 (S.D. Cal.
8   Aug. 2, 2007) (party must show good cause to obtain discovery after close). MGA
9   has long been aware of Ms. McShane's work at Mattel and has had ample
10  opportunity to seek her deposition in a timely fashion prior to the discovery cutoff.
11  During Phase 1, MGA inquired about her in a number of depositions. See, e.g.,
12  Deposition of Richard De Anda, Vol. 1, dated Dec. 17, 2007, at 183:9-312:6 (asking
13  scores of questions regarding Ms. McShane). Indeed, MGA believed that so much
14  information had been disclosed about Ms. McShane's work that it brought an
15  unsuccessful motion for waiver of the attorney-client privilege regarding certain

---

[2] See MGA's Motion for an Order Finding Waiver of Privilege With Respect to Materials Relevant to MGA's Statute of Limitations Defense and Compelling Production, dated Oct. 12, 2010 (Dkt. No. 8294) at 9-10.

[3] The discovery cutoff for general fact discovery was October 4, 2010. See Amended Minute Order, dated August 11, 2010 (Dkt. No. 8514) at 3 (ordering that "[a]ll fact discovery, including written discovery and depositions, shall be completed by October 4, 2010"). The *only* remaining discovery permitted is limited to MGA's counterclaims in reply—namely, MGA's recent allegations of trade-secret misappropriation and violations of RICO by Mattel—which MGA does not claim Ms. McShane's testimony would be relevant. See Order Granting in Part and Denying in Part Motion to Dismiss, dated Oct. 5, 2010 (Dkt. No. 8892) at 21 (permitting additional discovery "for the limited purpose of allowing discovery on MGA's counterclaims in reply").

investigations conducted at Mattel.[4] Despite the opportunity to pursue Ms. McShane's deposition during Phase 1, MGA did not do so.

During Phase 2, MGA claims that it "diligently" sought Ms. McShane's deposition in March and April of 2010, but was unsuccessful. (Mot. at 2.) Notably, MGA provides no evidentiary support (by way of declaration or other competent evidence) for its claimed diligence or for its factual statements regarding Ms. McShane's current situation. (See Mot. at 2-3.) But even assuming these claims to be true, that still does not justify reopening discovery *now*. Nowhere does MGA explain why—if Ms. McShane's deposition was so "critical"—it waited six months, until *after* the close of discovery, to request leave for alternate service. This should have been resolved months ago or, at the very least, raised in MGA's Omnibus Discovery Motion at the close of discovery.[5] MGA's unexplained delay—whether due to tactics, inadvertence or incompetence—does not justify reopening discovery now. See Photomedex, 2007 WL 2238359 at *2 (holding that there was no good cause to allow deposition after discovery cutoff where party "delayed too long and took no affirmative steps to protect its rights regarding the deposition of this witness").

## II. THE FEDERAL RULES DO NOT PERMIT THE FORMS OF ALTERNATE SERVICE REQUESTED BY MGA

Even if the discovery cutoff had not already passed, MGA's request for leave for alternate service would still be improper. Rule 45(b)(1) provides that "[s]erving

---

[4] See Joint Motion to Compel an Unredacted Version of M0074400, Mattel's Investigative File 02-299 and Further Deposition of Richard De Anda, dated January 4, 2008 (Dkt. No. 1501) at 2 ("De Anda voluntarily disclosed the content of conversations he had with McShane, waiving the attorney-client privilege to these discussions."). The former Discovery Master denied MGA's motion. See Phase 1 Discovery Master Order, dated May 9, 2008 (Dkt. No. 3562) at 3-9.

[5] See MGA's Omnibus Motion to Compel at 1-3 (notice) (requesting production or deposition of numerous witnesses but not Ms. McShane).

a subpoena requires delivering a copy to the named person." Fed. R. Civ. P. 45(b)(1). The "longstanding interpretation" of the language "has been that personal service of subpoenas is required."  9A Charles A. Wright & Arthur R. Miller, FEDERAL PRACTICE & PROCEDURE § 2454 (3d ed. 2010).  Thus a majority of courts will not permit any form of alternate service.  See, e.g., F.T.C. v. Compagnie e Saint-Gobain-Pont-A-Mousson, 636 F.2d 1300, 1312-13 (D.C. Cir. 1980) ("[C]ompulsory process [under Rule 45] may be served upon an unwilling witness only in person.").  However, some courts have adopted a minority position that delivery need not be personal so long as the method used "will ensure the subpoena is placed in the actual possession or control of the person to be served." Firefighters' Inst. for Racial Equality v. City of St. Louis, 220 F.3d 898, 903 (8th Cir. 2000), cert. denied, 532 U.S. 921 (2001) (holding that Rule 45(b)(1) may permit service other than personal delivery, but is not broad enough to include delivery by either "fax or regular mail because the court cannot be assured that delivery has occurred.").

Although the Ninth Circuit has not directly addressed the split in authority, it has previously affirmed a district court's refusal to enforce subpoenas that were improperly sent by mail rather than served personally. See Chima v. U.S. Dept. of Defense, 23 Fed. Appx. 721, 724 (9th Cir. 2001). On that basis, commentators have designated it a majority jurisdiction requiring personal service.  See FEDERAL PRACTICE & PROCEDURE § 2454 n.4 (citing Chima); see also Bank of Oklahoma, N.A. v. Arnold, 2008 WL 482860, at *3 (N.D. Okla. Feb. 20, 2008) (collecting cases, citing Chima).  Likewise, several district courts have rejected alternate service.  See Collagen Nutraceuticals, Inc. v. Neocell Corp., 2010 WL 3719101, 1 (S.D. Cal. Sept. 20, 2010) ("Rule 45 mandates personal service for subpoenas."); Morris v. McGrath, 2009 WL 2912582, at *12 (N.D. Cal. Sep. 9, 2009), vacated on unrelated grounds 2009 WL 4730902 (N.D. Cal. Dec 05, 2009) (quashing subpoena

because "[s]ending a subpoena by first class mail does not accomplish proper service of the subpoena").

MGA's brief glosses over all of this unsettled terrain and, citing to a handful of minority cases, blithely suggests that the Federal Rules provide the alternate relief it seeks. But even if the minority position was applicable here (unlikely given the Ninth Circuit's ruling in Chima), MGA's request would still be improper. While service by certified mail or federal express may be permissible in some limited circumstances, service by email or mail to a P.O. Box as MGA proposes cannot adequately satisfy the Rule 45 delivery requirement. As MGA's own authorities recognize, a departure from the personal service requirement is generally only permitted where the alternate provisions ensure *actual receipt* of the subpoena. See, e.g., Halawani v. Wolfenbarger, 2008 WL 5188813, at *4 (E.D. Mich. Dec. 10, 2008) (permitting service by certified mail because "certified mail may well assure the delivery foreseen by Rule 45"); Franklin v. State Farm Fire & Cas. Co., 2009 WL 3152993, at *2 (E.D. Mich. Sept. 30, 2009) (recognizing that the "majority of courts hold that Rule 45 requires personal service," but permitting service by alternate procedures, including certified mail, that would "reasonably insure actual receipt of the deposition subpoena"); see also Chevron Corp. v. E-Tech Int'l, 2010 WL 3584520, at *7 (S.D. Cal. Sept. 10, 2010) ("[a]lthough some courts have construed Rule 45 to require personal delivery of a subpoena, other courts have allowed service by *certified mail so long as the court can be assured that delivery has occurred.*" (emphasis added; citation omitted).

For this reason, merely mailing a subpoena to a P.O. Box (that may or may not be current) provides no assurance of actual delivery. See, e.g., Adhi Parasakthi Charitable, Med., Edu., & Cultural Soc. of N. Am. v. Township of West Pikeland, 2010 WL 157534, at *3 (E.D. Pa. Jan. 13, 2010) (declining to enforce subpoena that had only been mailed to a P.O. Box); see also The Board of Sapphire Bay Condominiums West v. Simpson, 2010 WL 2521088, at *2 (D.V.I. Jun. 18, 2010)

1 (alternate service not permissible even though corporation only had a P.O. Box for
2 address).

3 Likewise, service by email address (which also may or may not be active) has
4 been rejected by several courts as inadequate to satisfy Rule 45. See, e.g., Sapphire
5 Bay Condos., 2010 WL 2521088 at *2 (rejecting email service for non-party
6 subpoena); Bank of Oklahoma, 2008 WL 482860 at *3 (declining "invitation to
7 interpret Rule 45(b)(1) so broadly as to allow service of a subpoena by email or
8 facsimile . . ."). MGA's reliance on United States v. Kernell, 2010 WL 1444624
9 (E.D. La. Mar. 26, 2010), is misplaced for several reasons. First, Kernell involved a
10 criminal defendant seeking to compel the presence of witnesses at trial under the
11 *Federal Rules of Criminal Procedure* and implicated the defendant's constitutional
12 rights. See Kernell, 2010 WL 1444624 at *1 (discussing Fed. R. Crim. P. 17(d));
13 U.S. CONST. amend. VI. (guaranteeing, *inter alia*, a defendant's rights to "have
14 compulsory process for obtaining witnesses in his favor"). Second, unlike here, the
15 request was unopposed. See Kernell, 2010 WL 1444624 at *1 (noting that the
16 government "had no objection to the request").[6] Third, the Kernell court did not
17 actually authorize email service—it merely suggested that under "limited
18 circumstances" it may be permissible, but held that the defendant had "failed to
19 establish that such circumstances exist." Id. Here, as in Kernell, MGA has not put
20 forth the requisite material "evidencing the nature and extent of unsuccessful
21 attempts at service through non-personal means of physical service," id. at *3, and
22 as in Kernell, MGA's request, resting on vague unsupported claims of "diligence,"
23 should be denied.

---

[6] MGA suggests that Mattel "did not raise any objection" to its request. (Mot. at 2.) As the Court knows, Mattel has not previously had an opportunity to articulate its substantive objections to MGA's request.

Finally, although the Kernell court posited that electronic service could be appropriate in some "limited" circumstances, it made clear that such service could "only be deemed to be effective if the person or entity acknowledges the receipt of the service, for example, through an oral communication, reply email, reply correspondence, or responsive fax." Id.[7] This underscores the fundamental flaw in MGA's request. Unlike, for example, certified delivery to an active address or even an email addressed to a virtual corporation's custodian of records, MGA provides no evidence on which to conclude that this method of service will actually be received by the appropriate person in a timely manner as required by Rule 45. MGA's request should be denied.

### Conclusion

Mattel respectfully requests that the Court deny MGA's motion in its entirety.

DATED: October 13, 2010          QUINN EMANUEL URQUHART & SULLIVAN, LLP


By _____
Michael T. Zeller
Attorneys for Mattel, Inc. and
Mattel de Mexico, S.A. de C.V.

---

[7] MGA's cites several cases permitting electronic service of a complaint under Rule 4. (Mot. at 4.) These cases are inapposite, however, because Rule 4 is "primarily concerned with effectuating notice . . . [and] [t]o that end, the rule provides for a wide range of alternative methods of service," whereas Rule 45 is concerned with "compulsory process" and "may be served upon an unwilling witness only in person." F.T.C., 636 F.2d at 1312-1313. Indeed, when Mattel previously proposed electronic service on Lexington (where, unlike here, there was no question of actual delivery), the Discovery Master rejected these same type of authorities. See Phase 2 Discovery Matter Order No. 8, dated Mar. 16, 2009 (Dkt. No. 5030) at 10-11 (rejecting Mattel's request for electronic service, citing Rio Props., Inc. v.. Rio Int'l Interlink, 284 F.3d 1007, 1014 (9th Cir. 2002)).

Finally, although the Kernell court posited that electronic service could be appropriate in some "limited" circumstances, it made clear that such service could "only be deemed to be effective if the person or entity acknowledges the receipt of the service, for example, through an oral communication, reply email, reply correspondence, or responsive fax." Id.[7] This underscores the fundamental flaw in MGA's request. Unlike, for example, certified delivery to an active address or even an email addressed to a virtual corporation's custodian of records, MGA provides no evidence on which to conclude that this method of service will actually be received by the appropriate person in a timely manner as required by Rule 45. MGA's request should be denied.

### Conclusion

Mattel respectfully requests that the Court deny MGA's motion in its entirety.

DATED: October 13, 2010        QUINN EMANUEL URQUHART & SULLIVAN, LLP

By  Michael T. Zeller /zpk
    Michael T. Zeller
    Attorneys for Mattel, Inc. and
    Mattel de Mexico, S.A. de C.V.

---

[7] MGA's cites several cases permitting electronic service of a complaint under Rule 4. (Mot. at 4.) These cases are inapposite, however, because Rule 4 is "primarily concerned with effectuating notice . . . [and] [t]o that end, the rule provides for a wide range of alternative methods of service," whereas Rule 45 is concerned with "compulsory process" and "may be served upon an unwilling witness only in person." F.T.C., 636 F.2d at 1312-1313. Indeed, when Mattel previously proposed electronic service on Lexington (where, unlike here, there was no question of actual delivery), the Discovery Master rejected these same type of authorities. See Phase 2 Discovery Matter Order No. 8, dated Mar. 16, 2009 (Dkt. No. 5030) at 10-11 (rejecting Mattel's request for electronic service, citing Rio Props., Inc. v.. Rio Int'l Interlink, 284 F.3d 1007, 1014 (9th Cir. 2002)).