QUINN EMANUEL URQUHART & SULLIVAN, LLP
  John B. Quinn (Bar No. 090378)
  (johnquinn@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc. and Mattel de Mexico, S.A. de C.V.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation, et al.,<br><br>          Plaintiff,<br><br>    vs.<br><br>MGA ENTERTAINMENT, INC., a California corporation, et al.,<br><br>          Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 DOC (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>Hon. David O. Carter<br><br>MATTEL, INC.'S *EX PARTE* APPLICATION TO STRIKE MGA'S OCTOBER 12, 2010 MOTION FOR AN ORDER FINDING WAIVER OF PRIVILEGE WITH RESPECT TO MATERIALS RELEVANT TO MGA'S STATUTE OF LIMITATIONS DEFENSE AND COMPELLING PRODUCTION; AND<br><br>MEMORANDUM OF POINTS AND AUTHORITIES<br><br>Hearing Date: TBD<br>Time: TBD<br>Place: TBD<br><br>Discovery Cut-off: October 4, 2010<br>Pre-trial Conf: January 4, 2011<br>Trial Date: January 11, 2011 |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Mattel, Inc. and Mattel de Mexico, S.A. de C.V. (collectively, "Mattel") respectfully apply *ex parte*, pursuant to Local Rule 7-19, for an order to strike MGA Entertainment, Inc.'s ("MGA") Notice of Motion and Motion For An Order Finding Waiver Of Privilege With Respect To Materials Relevant To MGA's Statute of Limitations Defense And Compelling Production, dated October 12, 2010.

Mattel makes this Application on the ground that MGA's motion is untimely and was filed in violation of the Court's August 10, 2010 Order (Dkt. No. 8514) and is an improper motion for reconsideration of a prior Court Order rejecting MGA's prior motion on this subject on the merits. Accordingly, the Court should order MGA's motion stricken.

This Application is based on this Notice of Application and Application, the accompanying Memorandum of Points and Authorities, the records and files of this Court, and all other matters of which the Court may take judicial notice. Good cause exists to seek this relief on an *ex parte* basis. Mattel cannot bring a noticed motion that would be heard prior to the deadline to respond to MGA's motion.

**Notice And Meet And Confer**

Pursuant to Local Rule 7-19, on October 14, 2010, Mattel's counsel gave notice of the instant *ex parte* to counsel for the MGA Parties, Annette Hurst and Thomas McConville, Orrick, Herrington & Sutcliffe, LLP; 405 Howard Street, San Francisco, CA, telephone: (415) 773-4585, and email: tmcconville@orrick.com, ahurst@orrick.com. Lead counsel met and conferred on October 15, 2010. Counsel for MGA indicated that it would oppose this application.

| | | |
|---|---|---|
| 1 | DATED: October 15, 2010 | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
| 2 | | |
| 3 | | |
| 4 | | By /s/ Michael T. Zeller |
| 5 | | Michael T. Zeller<br>Attorneys for Mattel, Inc. |

# MEMORANDUM OF POINTS AND AUTHORITIES

MGA has moved to compel documents based on an alleged waiver of privilege. The motion not only was brought after the relevant fact discovery cutoff, but directly violates the Court's August 10, 2010 Order. It also rehashes, without basis, a motion that MGA brought years ago and that the Court denied. The motion thus is an improper motion for reconsideration as well. It should be stricken.

## Argument

On August 10, 2010, the Court set October 4, 2010 as the cutoff for discovery not related to MGA's counterclaims-in-reply and permitted the parties "*one* omnibus motion" to be filed on September 16.[1] The Court expressly directed that "[n]o other motions to compel will be permitted[.]"[2] The Order could not have been more clear. As the Court is aware, it was MGA who urged the Court to close discovery two months earlier – insisting "that discovery must close now" and begging for an immediate discovery cutoff on August 9.[3] Yet, on the evening of October 12, 2010, MGA filed a motion to compel seeking an order finding waiver of privilege with respect to materials relevant to MGA's statute of limitations defense to Mattel's claims – a matter having nothing to do with MGA's counterclaims-in-reply and indisputably relating to closed discovery.[4] Remarkably, MGA filed this motion, claiming it was left with "no other way to find out" this information critical to its statute of limitations defense, just hours before it filed its summary judgment motion, which argues MGA is entitled to summary adjudication on its statute of limitations defense.

MGA did not seek or obtain leave to file this motion to compel – indeed, it offers no justification at all for filing this motion in violation of the Court's August 10 Order

---

[1] Dkt. No. 8514, at 2 (emphasis in original).
[2] Id.
[3] Dkt. No. 8495.

eight days after general fact discovery closed. Nor does MGA attempt to provide "good cause" for reopening general fact discovery, as is required. See Photomedex, Inc. v. Irwin, 2007 WL 2238359, at *2 (S.D. Cal. Aug. 2, 2007) (party must show good cause to obtain discovery after it closes). This is because there is no justification and no good cause. In fact, MGA's motion is nothing more than a regurgitation of one that MGA has brought more than once in this litigation and that the Court denied. Thus, the motion not only is improper under this Court's Orders, but is an improper motion for reconsideration.

MGA first brought a motion seeking the same relief on January 18, 2008,[5] and the prior Discovery Master denied it on April 25, 2008.[6] MGA then filed with the Court objections to the Discovery Master's April 25 Order, which the Court denied.[7] The Court held that the Discovery Master "issued a well-reasoned order denying MGA's motion to compel[,]" that he "correctly applied the so-called Hearn test" and that "[t]he Court leaves the Order undisturbed."[8] Then, almost two years later on January 20, 2010, MGA raised the issue again with the Discovery Master. On April 21, 2010, the Discovery Master issued Order No. 94 regarding other privilege log disputes at issue and held that this waiver issue MGA purported to raise was not properly before him.[9] However, the Discovery Master expressly reminded MGA that his Order was not "intended to express an opinion as to whether MGA may appropriately seek relief from the Court" on the waiver issue.[10] That was April 21 – yet MGA never attempted to again raise the issue with the Court until now, almost six months later and after general fact discovery has closed.

---

[4] MGA's Motion has not been docketed yet.
[5] Dkt. No. 1667.
[6] Dkt. No. 3284.
[7] Dkt. No. 3410; Dkt. No. 3669.
[8] Dkt. No. 3669, at 4.
[9] Dkt. No. 7785, at 10.

MGA has no basis for moving to compel discovery past the cutoff, especially on a dated issue that the Court has previously rejected. While MGA may argue that fact discovery is still open, it does not encompass matters relevant solely to defenses to Mattel's claims. The Court's Order extending the discovery cutoff to November 1 makes clear that fact discovery only remains open "for the limited purpose of allowing discovery on MGA's counterclaims in reply."[11]

MGA's motion to compel does not relate to MGA's counterclaims. Indeed, MGA's motion makes that abundantly clear, claiming it needs this discovery to rebut Mattel's fraudulent concealment claim that Mattel successfully argued at the Phase 1 trial and "will raise" again "in the upcoming case."[12] Nowhere does MGA claim this is discovery for its counterclaims, nor could it. The motion is seeking communications purportedly related to MGA's statute of limitations defense to *Mattel's* claims. It should be stricken as untimely and in violation of the Court's August 10 Order and in violation of the rules limiting the circumstances in which a motion for reconsideration may be brought. Mattel should not be forced to expend resources responding to facially improper motions during the time that it is opposing summary judgment and completing discovery on MGA's counterclaims-in-reply.

//
//
//
//
//

---

[10] Id. at 10 n.1.
[11] Dkt. No. 8892, at 21.
[12] MGA's Motion, at 2 (not yet docketed).

### Conclusion

For the foregoing reasons, Mattel respectfully requests that the Court grant its application to strike.

DATED: October 15, 2010
QUINN EMANUEL URQUHART & SULLIVAN, LLP

By /s/ Michael T. Zeller
Michael T. Zeller
Attorneys for Mattel, Inc., and Mattel de Mexico, S.A. de C.V.