ANNETTE L. HURST (State Bar No. 148738)
ahurst@orrick.com
WARRINGTON S. PARKER III (State Bar No. 148003)
wparker@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105
Telephone: 415-773-5700
Facsimile: 415-773-5759

WILLIAM A. MOLINSKI (State Bar No. 145186)
wmolinski@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA 90017
Telephone: 213-629-2020
Facsimile: 213-612-2499

THOMAS S. MCCONVILLE (State Bar No. 155905)
tmcconville@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
4 Park Plaza, Suite 1600
Irvine, CA 92614-2258
Tel: (949) 567-6700/Fax: (949) 567-6710

Attorneys for MGA Parties

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | Case No. CV 04-9049 DOC (RNBx)<br>Consolidated with Case No. CV 04-9059 and Case No. CV 05-2727<br><br>**MGA PARTIES' OPPOSITION TO MATTEL, INC.'S *EX PARTE* APPLICATION TO STRIKE MGA'S OCTOBER 12, 2010 MOTION FOR AN ORDER FINDING WAIVER OF PRIVILEGE WITH RESPECT TO MATERIALS RELEVANT TO MGA'S STATUTE OF LIMITATIONS DEFENSE AND COMPELLING PRODUCTION**<br><br>Dept: Courtroom 9D<br>Discovery Cut-off: November 1, 2010<br>Pretrial Conference: January 4, 2011<br>Trial Date: January 11, 2011<br>Judge: Hon. David O. Carter |

**INTRODUCTION**

On the same day that Mattel filed its *ex parte* application to strike, counsel for Mattel stated that Mattel intends to renew its fraudulent concealment allegations in defense to MGA's statute of limitations defense. Mattel also makes a fraudulent concealment argument in its just filed motion for partial summary judgment in order to avoid a statute of limitations bar. And in response to MGA's statute of limitations arguments in its motion for summary judgment, it is expected that Mattel will again assert a fraudulent concealment argument. As noted in MGA's motion, which gives rise to Mattel's *ex parte* application, this is a waiver of any privilege. Mattel cannot, on the one hand, assert concealment and lack of knowledge, and then on the other hand, conceal those facts that bear on its claim of knowledge.

Mattel erroneously contends that MGA's Motion seeks to reopen fact discovery. It does not; rather, it seeks at a minimum complete documents—such as Mattel's investigation files—that Mattel has produced and documents that appear on Mattel's privilege log given Mattel's stated intent to use fraudulent concealment at trial and at summary judgment. Moreover, and for the same reasons, to the extent documents *still* have not been produced by Mattel, a serious concern based on Mattel's delinquent productions, MGA seeks such production.

Mattel further erroneously contends that MGA's Motion seeks reconsideration of orders issued during Phase 1. This is simply incorrect, as Mattel has stated its intent to renew its fraudulent concealment allegations in connection with currently pending claims, including its new claim for trade secret misappropriation with respect to Bratz, which was not involved in Phase 1. However, even if MGA did seek reconsideration, there would be good cause in light of the reams of discovery that MGA has received from Mattel that was never produced in Phase 1—discovery that sheds further light on Mattel's early

- 1 -

MGA'S OPPOSITION TO MATTEL'S EX PARTE APPLICATION TO STRIKE MGA'S MOTION FOR AN ORDER FINDING WAIVER
CV-04-9049 SGL (RNBX)

knowledge of its claims against MGA.

**ARGUMENT**

<u>Mattel Renews Its Fraudulent Concealment Allegations</u>: Mattel now brings a trade secret claim against MGA with respect to Bryant and Bratz, a claim that was not at issue in prior proceedings. In its motion for partial summary judgment Mattel represents that its Bratz trade secret misappropriation claim is timely "[f]or all the same reasons" as Mattel argued that its Phase 1 claims relating to Bratz were timely filed. Mattel's Mot. For Partial Summary Judgment at 60. In connection with its Phase 1 claims, Mattel argued that "Defendants sought actively to conceal Bryant's involvement in Bratz while employed at Mattel, as well as MGA and Larian's culpability, and were successful in doing so." Dkt. #2767 at 27 (Mattel's Opp. to MGA and Bryant's MSJ, March 24, 2008).

MGA also moved for summary judgment based on its statute of limitations defense. The undisputed evidence shows that Mattel was or should have been on notice of its claims against MGA well prior to the statute of limitations period. Yet, more evidence exists—for example, evidence of what Mattel learned and concluded during its 2002 investigation of Bratz, Bryant, MGA and Isaac Larian. Mattel withholds this evidence based on claims of privilege and work product protection. And it is clear that Mattel intends to put this very evidence at issue: during meet and confer on the same day Mattel filed this motion to strike, counsel for Mattel again reiterated its intent to maintain its allegation of fraudulent concealment both at summary judgment and at trial.

<u>Mattel's Recent Production Of Concealed And Suppressed Evidence Renders This Motion Timely</u>: Mattel cannot genuinely argue that MGA's motion regurgitates or rehashes motions filed in 2008 when Mattel itself had not produced critical documents in Phase 1. For example, in opposition to MGA's 2008 Motion for Summary Judgment, Mattel "disputed" that "MGA showed the BRATZ at the New York Toy Fair in February 2001" and that "Mattel employees attended the

- 2 -

MGA'S OPPOSITION TO MATTEL'S EX PARTE APPLICATION TO STRIKE MGA'S MOTION FOR AN ORDER FINDING WAIVER
CV-04-9049 SGL (RNBx)

New York Toy Fair in February 2001. Dkt. #2802 ¶¶ 32, 24. Evidence produced since then demonstrates Mattel's representations to be blatantly false.

MGA's Motion for Summary Judgment details the undisputed facts concerning Mattel's knowledge of its claims before the statute of limitations period, including facts about Mattel's knowledge that were not produced in Phase 1 and came to light only recently. MGA's Mot. For Summary Judgment, filed October 12, 2010, pp. 11-16. Such facts include the testimony of Sal Villasenor, Matthew Turetzky, and others in Mattel's Market Intelligence Group regarding Mattel's knowledge of and efforts in response to Bratz in 2001 and 2002. Such facts also include those set forth in deposition exhibits 9643, 9442, 9441, 9461, 9502, 9444, all of which were produced in the last three months of this six-year saga.[1] Each of these documents was responsive to a September 12, 2007 order in this case compelling Mattel to produce documents relevant to MGA's statute of limitations defense, including documents relating to Mattel's decision to sue or not to sue Bryant, and documents relating to Bryant's involvement with work on Bratz, documents relating to similarities or dissimilarities between Bratz and Mattel property. Dkt. #989. Mattel's tardy production is inexcusable, and cannot shield it from a finding of waiver of privilege any longer.

## CONCLUSION

For the foregoing reasons, Mattel's *ex parte* application to strike should be denied.

---

[1] All of these deposition exhibits have been submitted to the Court in connection with MGA's Appendix of Previously Marked Exhibits in Support of the MGA Parties' Motion for Summary Judgment.

| | | |
|---|---|---|
| 1 | Dated: October 16, 2010 | Respectfully submitted, |
| 2 | | |
| 3 | | ORRICK, HERRINGTON & SUTCLIFFE LLP |
| 4 | | By: _____*/s/ Warrington S. Parker III*_____ |
| 5 | | Warrington S. Parker III<br>Attorneys for MGA ENTERTAINMENT, INC., MGA ENTERTAINMENT HK, LTD., MGA de MEXICO, S.R.L. de C.V., and ISAAC LARIAN |

- 4 -

MGA'S OPPOSITION TO MATTEL'S EX PARTE APPLICATION TO
STRIKE MGA'S MOTION FOR AN ORDER FINDING WAIVER
CV-04-9049 SGL (RNBx)