ANNETTE L. HURST (State Bar No. 148738)
ahurst@orrick.com
WARRINGTON S. PARKER III (State Bar No. 148003)
wparker@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
405 Howard Street
San Francisco, CA 94105-2669
Tel: (415) 773-5700/Fax: (415) 773-5759

WILLIAM A. MOLINSKI (State Bar No. 145186)
wmolinski@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA 90017
Tel. (213) 629-2020/Fax: (213) 612-2499

THOMAS S. MCCONVILLE (State Bar No. 155905)
tmcconville@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
4 Park Plaza, Suite 1600
Irvine, CA 92614-2258
Tel: (949) 567-6700/Fax: (949) 567-6710

Attorneys for MGA Parties

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>     Plaintiff,<br><br>     v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>     Defendant.<br><br>AND CONSOLIDATED ACTIONS. | Case No. CV 04-9049-DOC (RNBx)<br>Consolidated with: Case No. CV 04-9059<br>and Case No. CV 05-2727<br><br><u>Hon. David O. Carter</u><br><br>**MGA PARTIES' *EX PARTE* APPLICATION TO MODIFY STIPULATED PROTECTIVE ORDER TO PERMIT ACCESS TO "AEO" MATERIALS IN SUMMARY JUDGMENT FILINGS; DECLARATION OF THOMAS S. McCONVILLE**<br><br>Date:     TBD<br>Time:     TBD<br>Courtroom: 9D |

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.   INTRODUCTION

The MGA Parties have requested, at different times, that the Court modify the January 4, 2005 Stipulated Protective Order (the "Order") to allow Isaac Larian and MGAl to review materials designated by Mattel as "Attorney's Eyes Only" ("AEO").  The premise for prior motions has always been that the current Order prejudices MGA and Mr. Larian by hampering their ability to prosecute and defend this case.  This Court has denied prior requests made by MGA, but invited MGA to seek modification of the Order at a later time, and on an ex parte basis.  See Order dated June 17, 2010, Document No. 254 in Case No. CV 04-9059 DOC (RNBx).

**Need for Ex Parte Relief:**  MGA seeks relief from the Order to permit it to oppose Mattel's motion for summary judgment.  In that motion, Mattel lists particular items which it claims are trade secrets.  See Mattel's Motion for Summary Judgment, para. 11-14, p. iv-v.  MGA must file its opposition by October 29, 2010.  MGA's outside attorneys do not have the knowledge needed to oppose Mattel's motion, nor to submit declarations, advising the Court why it is Mattel's claims are unsupportable.  That knowledge is uniquely in the hands of MGA and Mr. Larian.  MGA urgently needs the relief requested in this motion because it literally cannot defend itself based on the AEO markings in the summary judgment filings.

Furthermore, when the parties filed summary judgment motions while this case was pending before Judge Larson, the summary judgment filings and related exhibits were ordered unsealed and the AEO designation abolished, with the exception of certain documents which implicated privacy concerns, privileged matters, or protective orders issued in other cases involving MGA.  See Declaration of Thomas S. McConville, Exh. A (Excerpt of Transcript of March 31, 2008 hearing); Exh. B (Minute Order dated March 31, 2008, Dkt. No. 2921); see also Dkt. No. 3209, Joint Report Regarding Under Seal Documents Submitted in Support of the Parties' Motions for Partial Summary Judgment, dated April 18,

1    2008.  When considering this issue, Judge Larson stated that any designation of

2    AEO for documents which had been filed with the Court (as opposed to AEO

3    designations in discovery) would be inconsistent with public access to the

4    information, and implicated First Amendment concerns when considering

5    documents filed with the Court.

6         When MGA requested again on October 15, 2010 that Mattel agree to lift the

7    AEO designation to permit MGA and Mr. Larian access to the materials which are

8    referenced paragraphs 11-14 of Mattel's summary judgment filings – in other

9    words, permitting the same de-designation as was done for the earlier summary

10   judgment motions -- it declined.[1]  Mattel knows that it prejudices MGA and Mr.

11   Larian to deny them access to the summary judgment filings.

12        Finally, the protection afforded by the AEO designation is a waning

13   protection.  As this case approaches its January 4, 2011 trial, Mattel will have to

14   decide what materials it wishes to present at trial and will not be able to do so while

15   maintaining the cloak of an AEO designation.  With only a few months remaining

16   before this AEO protection dissolves entirely, the only continuing purpose it now is

17   now advancing is to prejudice MGA's and Mr. Larian's ability to defend against

18   Mattel's claims.

19   **II.    STATEMENT OF FACTS**

20        **A.    The Parties Entered Into The Protective Order When The Claims
             Were State Law Claims And Mr. Larian Was Not Individually
21           Named.**

22        On January 4, 2005, MGA and Mattel stipulated to the Protective Order.

23   Dkt. No. 54.[2]  At the time, the only parties to the action were Carter Bryant, MGA

24   and Mattel.  The only causes of action then pending were Mattel's claims against

25   Carter Bryant, who Mattel had sued for breach of contract, fiduciary duty, duty of

26   ─────────────────────

27   [1] Counsel for Mattel is Quinn Emanuel, 865 South Figueroa Street, 10th Floor, Los
     Angeles, CA  90017; telephone 213-443-3000; email
28   johquinn@quinnemanuel.com; michaelzeller@quinnemanuel.com.
     [2] Original docket in Case No. CV 04-9059.

loyalty, unjust enrichment and conversion.  Case No. 2:04-09059 Dkt. No.1.  At that stage, MGA had intervened as a defendant in Mattel's action against Bryant. Dkt. No. 37.[3]

The Order also states that "a Party may at any time apply to the Court for modification of this Stipulation and Protective Order pursuant to a motion brought in accordance with the rules of the Court."  Id. at 16.

### B.  Since That Date The Case Has Expanded And Mr. Larian Has Been Sued In His Individual Capacity.

On April 4, 2005, MGA filed its Complaint against Mattel for False Designation of Origin, Unfair Competition, Dilution, and Unjust Enrichment.  Dkt. No. 1.[4]

Since that time, Mattel has filed many additional pleadings, and is now making allegations in its Fourth Amended Answer and Counterclaims.  Dkt. No. 7714.  The FAAC continues to level claims against Mr. Larian as well as MGA and its subsidiaries, including sweeping RICO allegations and theft of trade secrets.

### C.  Judge Larson Ordered that the Summary Judgment Motions and Related Filings Should Be Unsealed.

While the case was pending before Judge Larson, the parties filed motions for summary judgment.  At that time, Judge Larson told the parties that there would be a presumption that all documents related to the summary judgment motions which were filed would be open to the public, and that the AEO designation would not apply:

> But the presumption is going to be that all documents being used in summary judgment, like the presumption that all documents used at a public trial, will be open, subject to a particularized showing of good cause that a particular document needs to be maintained under seal.
>
> . . .
>
> But the presumption is going to be—all the AEO that

---

[3] Id.
[4] Original Docket in Case No. 05-02727 (SGL).

- 3 -

1
2
3
4

> you've been designated, that was pursuant to a discovery-phase protective order. That does not apply to the motion for summary judgment. That's not going to apply. It's going to be lifted for the motion for summary judgment; it's going to be lifted for trial, subject to any further order of this Court that a particular document needs to be under seal.

5    Decl. of McConville, Exh. A, at page 44.

6        On this same point, counsel for Mattel advised Judge Larson that Mattel had

7    "always been operating under the assumption that when trial comes, it's going to be

8    a public trial, unless Mattel can make an evidentiary showing that something should

9    not be part of the public record." Id. at 46. And at a later hearing, counsel for

10   Mattel stated: "We're fine with the Court so ordering the unsealing of the balance

11   of the MSJ documents as of today." Decl. of McConville, Exh. C. (Excerpt of May

12   14, 2008 Hearing Transcript).

13       Judge Larson also issued an Order directing that a the parties submit a joint

14   report concerning which documents should remain under seal in the motions for

15   summary judgment, noting that the First Amendment required a public record for

16   documents and proceedings which are made part of the court record. Decl. of

17   McConville, Exh. B. Pursuant to that Order, the parties submitted a joint report,

18   which maintained the sealing of very few documents, and only those which were

19   subject to a court-order in a different case; were of a private nature; or which were

20   potentially privileged. Dkt. No. 3209. In other words, all but a few documents

21   from the summary judgment motions were unsealed for the public record.

22
23

**D.    The Parties Have Filed their Summary Judgment Motions; Oppositions and Replies Are Scheduled; an additional Summary Judgment Motion Is Scheduled for November 15, 2010.**

24       The last phase before trial is here. The motions for summary judgment, and

25   the related briefings and evidence, will lay out each side's evidence and arguments.

26   This information will be part of the public record come trial. Certain motions filed

27   by Mattel seek summary judgment against Mr. Larian and MGA, yet is designated

28   as AEO, which prohibits meaningful input by them to outside counsel.

EX PARTE APP TO MODIFY STIPULATED PO TO PERMIT
ACCESS TO "AEO" MATERIALS IN SJM FILINGS
CASE NO. CV 04-9049-DOC (RNBX)

## III.   ARGUMENT

The parties have filed summary judgment motions.  In Mattel's motion, it designates as AEO the documents referenced in paragraphs 11-14 of its Notice. Mattel purports that those documents are trade secrets, and derived independent economic value from not being generally known to the public.  <u>See</u> Mattel's Motion for Summary Judgment, p. iv-v.  MGA's outside attorneys cannot respond concerning what was (or was not) generally known concerning the information referenced in paragraphs 11-14, because they didn't and don't work in the toy industry.  Only MGA and Mr. Larian can provide information to oppose Mattel's motion.  But that information is shielded because Mattel has designated it AEO. MGA and Mr. Larian need access, and they need it immediately considering the October 29, 2010 date for opposing Mattel's motion.

Moreover, the unsealing of summary judgment filings is exactly what happened while the case was pending before Judge Larson.  Indeed, Mattel agreed at that time.  These summary judgment motions are no different, and accordingly AEO should be lifted.  The law requires it.  <u>See</u> <u>NBC Subsidiary (KNBC-TV), Inc. v. The Superior Court of Los Angeles County</u>, 20 Cal. 4th 1178 (1999).

### A.   Identity of the Specific Documents For Which MGA Seeks Modification of the Order.

MGA has sought modification of the Order before.  In its order dated June 17, 2010, the Court denied MGA's request to modify the protective order, but did so without prejudice "to MGA's ability to move for such relief as to *specifically identified* information designated Attorney's Eyes Only by Mattel."  Docket No. 254, p. 4 (emphasis in original).  By this motion, MGA and Mr. Larian seek immediate access to the AEO-designated documents referenced in Mattel's Notice in paragraphs 11-14.  This access is required so that MGA and Mr. Larian can assist their outside counsel in establishing whether Mattel's information was readily known in the toy industry at the relevant time.  Outside counsel simply does not

1    have that information.

2        **B.    Based on Judge Larson's Prior Ruling, and Case Law, Mr. Larian**
             **and MGA Should Be Provided Immediate Access to the Entirety**
3            **of the Summary Judgment Filings.**

4        MGA and Mr. Larian also seek access to the other documents which have

5    been marked as AEO, and have been submitted in support of the summary

6    judgment motions.  That list is attached as Exhibit D to the McConville

7    Declaration, and includes the critical documents at issue in this case:  deposition

8    testimony; documents; discovery responses; and declarations.  Access is needed, for

9    example, so that outside counsel can meaningfully understand the inventory and

10   forecasting systems of the toy industry in developing arguments in opposition to

11   Mattel's motion.  See Mattel's Motion at p. 47, and Notice at para. 8, p. ii.

12       MGA's motion is consistent with the prior practice in this case, and to which

13   Mattel agreed during Phase 1.  See Exhs. to McConville Declaration.  That

14   approach is also consistent with the First Amendment, which requires that civil

15   proceedings be public.  In NBC Subsidiary, 20 Cal. 4th 1178 (1999), the California

16   Supreme Court analyzed whether civil trials should be open to the public.

17   Although the opinion ultimately turned on the interpretation of a state statute, the

18   California Supreme Court's analysis of federal law is clear:  the public has a right to

19   civil proceedings based on the First Amendment.  ("A celebrated dictum in a

20   number of high court cases declares broadly that '[a] trial is a public event' and 'that

21   [w]hat transpires in the court room is public property.'" Id. at 1197-1198 quoting

22   Craig v. Harney 331 US 367, 374 (1947); "Indeed, in every lower court opinion of

23   which we are aware that has addressed the issue of First Amendment access to civil

24   trials and proceedings has reached the conclusion that the constitutional right of

25   access applies to civil as well as to criminal trials." Id. at 1208.)

26       If the public must have access, then Mr. Larian and MGA should at least

27   have the same amount of access as the public.

28

1

**C.**   **Mr. Larian and MGA Need Access to the Information in the Summary Judgment Filings to Assist Outside Counsel in Opposing the Motions and Preparing for Trial.**

2

3   As argued in its prior motion concerning modification of the Order, Mr.

4   Larian's and MGA's input is necessary, for a host of reasons.  See MGA Parties'

5   Motion, Dkt. No. 246 in Case No. CV 04-9059 DOC (RNBx).  First, access is

6   necessary to prepare for trial, which is now less than 3 months away.  Second,

7   MGA has suffered a loss of employees since the onset of this litigation, and as a

8   result, institutional knowledge has left as well.  Mr. Larian and former MGA

9   employees are needed to fill in gaps created by departed employees.  Third, Mr.

10   Larian is now a party to this litigation, which was not the case at the time the Order

11   was entered, and needs to be able to defend himself against a host of allegations

12   about which he is obviously the most knowledgeable, which requires access to

13   AEO materials.  Fourth, Mattel is seeking in its summary judgment filings

14   judgment against Mr. Larian and MGA.  Both need to assist outside counsel in

15   opposing these motions.

16   Further, the summary judgment filings, and related evidence, are now part of

17   the Court's record.  Any AEO marking, which was made during the discovery

18   phase, must be justified by the party seeking to maintain that designation.  The First

19   Amendment demands that the public have access to these proceedings.  The

20   summary judgment motions, which will be argued in open court, cannot be

21   maintained as AEO or under seal for the public, not to mention Mr. Larian and

22   MGA, to have meaningful access as required.

23   As to the specific input which MGA's outside counsel seeks from Mr. Larian

24   and MGA, it includes:

25   --Allegations concerning MGA's purported theft of trade secrets:   In addition

26   to the description above concerning public availability and forecasting, Mr. Larian

27   and others at MGA will provide input concerning the specific allegations raised by

28   Mattel relating to the departure from Mattel of certain employees (i.e., Machado,

Ex Parte App To Modify Stipulated PO To Permit
Access To "AEO" Materials In SJM Filings
Case No. CV 04-9049-DOC (RNBx)

Vargas, Trueba, Brisbois, Brawer, Castilla) who purportedly took Mattel confidential information to MGA.  These allegations include that MGA and Mr. Larian directed these departing-Mattel employees to take the purported information. Mr. Larian needs to know all evidence Mattel has to support these allegations to provide a rebuttal for himself and MGA.  This input is necessary to assist with understanding and defending against Mattel's perspective on the departure of the employees, and for determining whether the information which was purportedly taken ever make it to MGA.

    --Allegations concerning MGA's acquisition of Bratz:  Mr. Larian and MGA need to review documents, briefs, and deposition transcripts in the summary judgment filings concerning Mattel's knowledge of Bratz and the work of Carter Bryant at the time Mr. Bryant was working at Mattel to assist in opposing Mattel's motion, and in defending against claims concerning who owns this intellectual property.  Mr. Larian and MGA need to know these critical facts to defend and rebut Mattel's claims concerning the origin of Bratz.

    --Allegations concerning the movement of employees between Mattel and MGA:  Mr. Larian and MGA need to review documents, briefs, and deposition transcripts in the summary judgment filings concerning Mattel's perception of how these employees moved between the companies to defend against allegations raised by Mattel that this was part of a scheme to defraud.  Without knowing Mattel's point of view, Mr. Larian and MGA cannot fully inform and advise outside counsel on specific facts that each may know to defeat Mattel's claims.

    --Allegations concerning how Mattel was harmed by the entry of Bratz into the marketplace:  Mr. Larian and MGA need to review documents, briefs, and deposition transcripts in the summary judgment filings concerning Mattel's perception of the market place for fashion dolls to defend against claimed harm. Again, without knowing Mattel's position, Mr. Larain and MGA cannot fully assist outside counsel in its preparation of an opposition or a defense at trial.

1    In short, Mr. Larian and MGA need to review Mattel's information to know

2 Mattel's position on these critical issues.  Once Mr. Larian and MGA have reviewed

3 the information—from Mattel's perspective—they can assist in both factual and

4 legal defense against Mattel's allegations, including in opposing Mattel's motion for

5 summary judgment.

6        **D.      The Summary Judgment Motions, and Related Filings, Once Part of the Public Record, No Longer Fall under the Protective Order.**

7        The summary judgment filings, and related evidence, are now part of the

8 Court's record.  The AEO designation, as Judge Larson found (and Mattel agreed)

9 must go.  This is a much different analysis than when discussing documents which

10 the parties exchanged in discovery.  Having availed itself of the court system,

11 Mattel cannot shield its documents from the public (or Mr. Larian and MGA)

12 through an AEO designation which was necessary in discovery.

13        The trial will be public.  The summary judgment hearings will be public.

14 The underlying papers, therefore, must also be public.  If Mattel wants to maintain

15 an AEO designation, then it bears the burden of establishing why the documents it

16 has submitted in the court record cannot be available to the public.

17 **IV.    CONCLUSION**

18        For the foregoing reasons, MGA respectfully requests the Court modify the

19 Protective Order to permit Isaac Larian and MGA access to the AEO sections of the

20 summary judgment motions, oppositions, replies, and all supporting evidence

21 submitted by the parties with those filings.

22        Respectfully submitted,

23

24 Dated: October 16, 2010              ORRICK, HERRINGTON & SUTCLIFFE LLP

25

26                                 By:    */s/ Thomas S. McConville*

27                                        Thomas S. McConville
                                         Attorneys for MGA Parties

28