# Exhibit A

1                    UNITED STATES DISTRICT COURT

2                    CENTRAL DISTRICT OF CALIFORNIA

3                         EASTERN DIVISION

4                            - - -

5           HONORABLE STEPHEN G. LARSON, JUDGE PRESIDING

6                            - - -

7    CARTER BRYANT, ET. AL.,              )
                                          )
8                        PLAINTIFFS,      )
                                          )
9              VS.                        )  NO. ED CV 04-09049
                                          )  (LEAD LOW NUMBER)
10   MATTEL, INC., ET. AL.,               )
                                          )
11                       DEFENDANTS.      )
     _____  )
12   AND CONSOLIDATED ACTIONS,            )
                                          )

13

14

15              REPORTER'S TRANSCRIPT OF PROCEEDINGS

16                    RIVERSIDE, CALIFORNIA

17                   MONDAY, MARCH 31, 2008

18                        10:09 A.M.

19

20

21

22

23              THERESA A. LANZA, RPR, CSR
             FEDERAL OFFICIAL COURT REPORTER
24             3470 12TH STREET, RM. 134
             RIVERSIDE, CALIFORNIA  92501
25                   951-274-0844
              WWW.THERESALANZA.COM

Exhibit A - Page 2

1   APPEARANCES:

2   ON BEHALF OF CARTER BRYANT:

3                          KEKER & VAN NEST
                           BY:  MATTHEW M. WERDEGAR
4                          710 SANSOME STREET
                           SAN FRANCISCO, CALIFORNIA  94111-1704
5                          415-391-5400

6
    ON BEHALF OF MATTEL:

7
                           QUINN EMANUEL
8                          BY:  JON COREY
                           865 S. FIGUEROA STREET,
9                          10TH FLOOR
                           LOS ANGELES, CALIFORNIA  90017
10                         213-624-7707

11
    ON BEHALF OF MGA ENTERTAINMENT:

12
                           SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
13                         BY:  THOMAS J. NOLAN
                           BY:  CARL ALAN ROTH
14                         300 SOUTH GRAND AVENUE
                           LOS ANGELES, CALIFORNIA  90071-3144
15                         213-687-5000

16

17

18

19

20

21

22

23

24

25

Page 43

1          THE COURT:  I'M ASKING YOU --

2          MR. NOLAN:  SEE, THEY CAN DO IT AT ANYTIME, AND THEY

3     FILE IT WITH --

4          THEY CAN MAKE THESE SERIOUS ALLEGATIONS IN THE PUBLIC

5     RECORD, AND SOME OF THEM GET REPRODUCED IN NEWSPAPER ARTICLES,

6     YOUR HONOR; SO IT'S EASY FOR THEM TO DO IT IN PAPER.  BUT IN

7     THE COURTROOM, YOUR HONOR, WHEN WE ARE ADDRESSING IT, I THINK

8     IT'S ONLY FAIR THAT I CAN AT LEAST ALERT THE COURT'S ATTENTION

9     TO THE POTENTIAL FOR ABUSE.  AND THAT'S WHY I BELIEVE EVERY

10    AUTHORITY THAT'S EVER LOOKED AT THIS HAS SAID, 'BEWARE OF THE

11    PROTECTIVE ORDER PROCESS, BECAUSE IT CAN BE USED AS AN ABUSE.'

12    AND WE BELIEVE IT HAS BEEN USED AS AN ABUSE.

13         THE COURT:  I'M NOT SUGGESTING THAT IT HAS OR HAS NOT

14    BEEN USED AS AN ABUSE, BUT COME THE MOTION FOR SUMMARY

15    JUDGMENT, IN THREE WEEKS AS YOU INDICATE, IT'S GOING TO COME TO

16    AN END.

17         MR. NOLAN:  GREAT.  SO THAT I UNDERSTAND, YOUR HONOR,

18    WHEN WE MAKE THE ARGUMENT ON THE MOTION FOR SUMMARY JUDGMENT,

19    WE WILL BE ABLE TO, IN AN OPEN COURTROOM, BE ABLE TO REFER TO

20    THE EVIDENCE THAT'S BEEN PRODUCED IN THIS CASE WHICH SUPPORTS

21    OUR CONTENTION THAT SUMMARY JUDGMENT SHOULD BE GRANTED ON

22    BEHALF OF MGA.

23         THE COURT:  ABSOLUTELY, SUBJECT TO ANY GOOD CAUSE

24    SHOWING BY EITHER SIDE THAT A PARTICULAR DOCUMENT OR A

25    PARTICULAR PIECE OF EVIDENCE NEEDS TO BE MAINTAINED IN-CAMERA

Exhibit A - Page 4

Page 44

1    OR UNDER SEAL.  BUT THE PRESUMPTION IS GOING TO BE THAT ALL

2    DOCUMENTS BEING USED IN SUMMARY JUDGMENT, LIKE THE PRESUMPTION

3    THAT ALL DOCUMENTS USED AT THE PUBLIC TRIAL, WILL BE OPEN,

4    SUBJECT TO A PARTICULARIZED SHOWING OF GOOD CAUSE THAT A

5    PARTICULAR DOCUMENT NEEDS TO BE MAINTAINED UNDER SEAL.

6              MR. NOLAN:  FOR THE REASONS IN TERMS OF FUTURE

7    PRODUCTS AND THINGS LIKE THAT.

8              THE COURT:  WHATEVER IT MIGHT BE.  I'M NOT GOING TO

9    SPECULATE OR GIVE AN ADVISORY OPINION AT THIS POINT AS TO WHAT

10   CONSTITUTES GOOD CAUSE.  I'LL CONSIDER THAT ON A CASE-BY-CASE

11   BASIS.  BUT THE PRESUMPTION IS GOING TO BE -- ALL THE AEO THAT

12   YOU'VE BEEN DESIGNATED, THAT WAS PURSUANT TO A DISCOVERY-PHASE

13   PROTECTIVE ORDER.  THAT DOES NOT APPLY TO THE MOTION FOR

14   SUMMARY JUDGMENT.  THAT'S NOT GOING TO APPLY.  IT'S GOING TO BE

15   LIFTED FOR THE MOTION FOR SUMMARY JUDGMENT; IT'S GOING TO BE

16   LIFTED FOR THE TRIAL, SUBJECT TO ANY FURTHER ORDER OF THIS

17   COURT THAT A PARTICULAR DOCUMENT NEEDS TO BE UNDER SEAL.

18              AND I'VE ENCOURAGED YOU, AND I STARTED MAKING THIS

19   ENCOURAGEMENT BACK IN OCTOBER, I BELIEVE, TO BE THINKING ABOUT

20   THIS PROCESS AND MAKING SURE THAT YOU'RE GOING TO BE PREPARED

21   COME SUMMARY JUDGMENT, COME TRIAL, TO DEAL WITH THIS.

22              I TRUST YOU FOLLOWED THE COURT'S ADVICE ON THAT.

23              MR. NOLAN:  YOUR HONOR, WE HAVE.  AND I'M GOING TO

24   STAY ON THIS POINT FOR ONE MORE MINUTE.

25              I WANT TO MAKE CERTAIN THAT MATTEL ALSO HEARS THIS,

Exhibit A - Page 5

Page 45

1    BECAUSE IN MEET AND CONFERS, WHEN WE'RE TALKING ABOUT WHETHER

2    OR NOT 2003 DOCUMENTS OR 2004 DOCUMENTS, DEALING WITH LINES

3    THAT HAVE BEEN SOLD AND ARE PROBABLY NOW BEING SOLD AS RELICS

4    ON EBAY, THERE ARE CLAIMS OF PROPRIETARY KNOWLEDGE WITH RESPECT

5    TO THAT.  WHEN THESE MARKETING PLANS -- AND WHAT WAS GOING ON

6    BETWEEN THE PARTIES IS OF NO RELEVANCE TO THE 2008 PRODUCTION

7    LINE.  THAT'S THE ENCOURAGEMENT THAT WE NEED, YOUR HONOR, TO

8    MOVE THIS ALONG.  OTHERWISE, I FEAR, I FEAR, THAT WE'RE GOING

9    TO HAVE A HEARING -- AND THIS IS ONE I MAY REMIND YOU OF, YOUR

10   HONOR --

11        THE COURT:  FAIR ENOUGH.

12        MR. NOLAN:  -- THE END OF MAY, WHEN WE'RE TRYING TO

13   GET READY FOR TRIAL, THAT WE'RE GOING TO HAVE A MOTION WITH

14   RESPECT TO A LOT OF AEO STUFF THAT IS JUST SIMPLY NOT REALLY

15   PROTECTABLE --

16        THE COURT:  UNDERSTAND WHAT I'M SAYING.  IT'S NOT

17   GOING TO BE AEO AT THAT POINT, UNLESS IT'S BEEN REDESIGNATED AS

18   SUCH BY AN ORDER OF THIS COURT.

19        MR. NOLAN:  YOUR HONOR, THE COURT MAY HAVE THOUGHT

20   ABOUT THIS:  MAYBE THERE SHOULD BE -- FOR EVERY DOCUMENT THAT'S

21   LISTED AS AEO THAT YOU OVERRULE, MAYBE IT SHOULD BE, LIKE, A $2

22   FINE OR SOMETHING.

23        THE COURT:  I UNDERSTAND.  I'M NOT GOING TO OVERRULE

24   ANYTHING, BECAUSE I'M NOT GOING TO LEAVE IT TO THE PARTIES'

25   DISCRETION TO DESIGNATE IT AS AEO FOR PURPOSES -- YOU'RE GOING

Exhibit A - Page 6

1    TO HAVE TO COME TO ME AND SEEK A COURT ORDER DESIGNATING

2    SOMETHING AS AEO.  IT'S GOING TO REVERSE THE PROCESS.

3              MR. NOLAN:  EXCELLENT.  THANK YOU.

4              THE COURT:  MR. COREY?

5              MR. COREY:  LET ME JUST MAKE VERY CLEAR THAT MATTEL

6    UNDERSTANDS THE FIRST AMENDMENT, AND WE'VE ALWAYS BEEN

7    OPERATING UNDER THE ASSUMPTION THAT WHEN TRIAL COMES, IT'S

8    GOING TO BE A PUBLIC TRIAL, UNLESS MATTEL CAN MAKE AN

9    EVIDENTIARY SHOWING THAT SOMETHING SHOULD NOT BE PART OF THE

10   PUBLIC RECORD.

11             THE COURT:  VERY GOOD.

12             MR. COREY:  BUT I JUST WANT TO MAKE SURE THAT I

13   UNDERSTAND WHAT THE COURT IS DOING TODAY.

14             THE COURT:  RIGHT NOW, WE'RE JUST FOCUSING ON THE

15   SETTLEMENT.

16             MR. COREY:  OKAY.  SO TO THE EXTENT THAT THE PARTIES

17   SUBMIT THINGS OR HAVE SUBMITTED THINGS TO AMBASSADOR PROSPER,

18   HE WILL HAVE THE ABILITY TO SHOW SOME OF THOSE

19   ATTORNEYS'-EYES-ONLY THINGS TO PRINCIPALS FOR THE OTHER SIDE

20   DURING THE COURSE OF THE SETTLEMENT CONFERENCE OR MEDIATION, OR

21   WHATEVER WE CALL IT.

22             THE COURT:  AND WHEN WE TALK ABOUT PRINCIPALS, WE'RE

23   TALKING ABOUT THE CEO AND GENERAL COUNSEL.

24             MR. COREY:  AND THE MATERIALS WILL NOT BE LEFT WITH

25   THEM.  AND THEN WE'LL MOVE FORWARD TO THE SUMMARY JUDGMENT

Page 50

1    GROUP THAT WAS NOT INVOLVED IN THE TRIAL PREPARATIONS OR WHO

2    HAD BEEN INVOLVED IN DEALING WITH MS. TOMIYAMA TO ACTUALLY

3    PREPARE AND WRITE THE BRIEF.

4            THE COURT:  SO THIS IS COMING FROM THE SKADDEN ARPS'

5    WASHINGTON, D.C. OFFICE.

6            MR. NOLAN:  RIGHT, YOUR HONOR.

7            BUT ONE OF THE MOST IMPORTANT DECISIONS IS WHO WILL

8    ARGUE THE MOTION.  I DID NOT HAVE ANY SUBSTANTIAL CONTACT,

9    OTHER THAN A CASUAL HELLO, WITH MS. TOMIYAMA.  MY INTENT IS TO

10   STAND BEFORE YOU AND ARGUE THAT MOTION.

11           THE COURT:  VERY WELL.

12           MR. NOLAN:  THANK YOU.

13           THE COURT:  I'LL SEE YOU NEXT MONDAY.

14           MR. COREY:  THANK YOU, YOUR HONOR.

15           THE COURT:  WE'RE GOING TO TAKE A VERY SHORT BREAK

16   FOR THE COURT REPORTER, AND WE'LL RESUME WITH THE REST OF THE

17   CALENDAR.

18                           CERTIFICATE

19

20   I HEREBY CERTIFY THAT PURSUANT TO SECTION 753, TITLE 28, UNITED

     STATES CODE, THE FOREGOING IS A TRUE AND CORRECT TRANSCRIPT OF

21   THE STENOGRAPHICALLY RECORDED PROCEEDINGS HELD IN THE ABOVE-

     ENTITLED MATTER AND THAT THE TRANSCRIPT PAGE FORMAT IS IN

22   CONFORMANCE WITH THE REGULATIONS OF THE JUDICIAL CONFERENCE OF

     THE UNITED STATES.

23

24   _____          _____

     THERESA A. LANZA, CSR, RPR                        DATE

25   FEDERAL OFFICIAL COURT REPORTER

MARCH 31, 2008        ED CV 04-09049-SGL

Exhibit A - Page 8