# Exhibit B

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
3470 Twelfth Street, Riverside, CA 92501
<u>CIVIL MINUTES -- GENERAL</u>

Case No.  CV 04-09049 SGL(RNBx)                              Date: March 31, 2008
Title:    CARTER BRYANT -v- MATTEL, INC.
          AND CONSOLIDATED ACTIONS
=================================================================================

PRESENT: HONORABLE STEPHEN G. LARSON, UNITED STATES DISTRICT JUDGE

    Jim Holmes                                     Theresa Lanza
    Courtroom Deputy Clerk                         Court Reporter

ATTORNEYS PRESENT FOR CARTER                ATTORNEYS PRESENT FOR MATTEL:
BRYANT: Matthew M. Werdegar                 Jon D. Corey

ATTORNEYS PRESENT FOR MGA:
Thomas J. Nolan

PROCEEDINGS:    ORDER GRANTING IN PART AND DENYING IN PART MATTEL'S MOTION
                (DOCKET #2386) FOR REVIEW OF DISCOVERY MASTER'S FEBRUARY
                15, 2008, AND FEBRUARY 20, 2008, ORDERS

                ORDER RE USE OF "ATTORNEY EYES ONLY" DOCUMENTS IN
                SETTLEMENT DISCUSSIONS

                ORDER RE UNDER SEAL DOCUMENTS

## I. Discovery Motion

The Court **GRANTS IN PART AND DENIES IN PART** Mattel's Motion Objecting to Portions of the Discovery Master's February 15 and February 20 Orders.

As to Interrogatories 27-29, the Court leaves undisturbed the Discovery Master's findings regarding burdensomeness. The Court notes, however, that the Discovery Master's conclusion that the interrogatories are overly broad appears to have been based on an erroneous standard of relevancy. By requiring that Mattel "show[] how each and every concept embedded in its multi-faceted definition of 'Bratz invention' is relevant to interpreting the term 'invention' for purposes of enforcing the 'Employee Confidential Information and Inventions Agreement' signed by Bryant," the Discovery Master appears to have applied a higher standard of relevancy than that which should be applied in discovery. See Fed. R. Civ. P. 26(b)(1) (setting forth the discovery relevancy standard). The parties' competing legal arguments regarding the proper interpretation of the Inventions Agreement are yet to be resolved and therefore should not be used to limit discovery on relevant issues.

However, the Court also recognizes that, as the Discovery Master accurately found, responding to these interrogatories is no small undertaking. The interrogatories ask for identification of all Bratz inventions in three different distinct periods of time. The interrogatories themselves broadly define their relevant terms. The interrogatories are made no less burdensome by the requirement that the responding party "identify all personal with knowledge" and identify "all documents which refer or relate to" such facts.

Mattel's offer to limit these interrogatories to alleviate the attendant burden comes too late in the process to be given serious consideration by the Court; the Court's duty at this juncture is to determine whether the Discovery Master's ruling on the interrogatories -- as propounded -- is clearly erroneous or contrary to law.

In the Court's view, the Discovery Master underestimated the weight on the Rule 26(b)(2)(C)(iii) "benefit" side of the scale by applying an inappropriate relevancy standard, but he nevertheless correctly determined that the "burden" side of the scale bears a heavy load. After a re-evaluation by the Court of the benefit of the discovery sought under the discovery relevance standard, seeking to strike the required balance, the Court is led to the same conclusion as was the Discovery Master, and thus finds that the ruling on Interrogatories 27-29 was neither clearly erroneous nor contrary to law.

In light of the financial discovery already produced in these consolidated actions, the Discovery Master's ruling that Interrogatory 39 is cumulative is neither clearly erroneous nor contrary to law.

As to Interrogatory 41, in light of the possibility that casual interactions between MGA and Mattel employees may have constituted "first contact" between former Mattel employees and MGA, the Discovery Master's ruling, which sought to strike a balance between the burden and likely

benefit of such discovery, is neither clearly erroneous nor contrary to law.

The Discovery Master's ruling regarding Interrogatory 46 is neither clearly erroneous nor contrary to law. With that interrogatory, Mattel seeks discovery regarding MGA's dispute with its former counsel related to this action. Mattel's supposition that such discovery may prove to be relevant is, as counsel conceded at oral argument, speculation.

The Court reserves ruling on Interrogatories 48-50, regarding MGA's trade dress claims against Mattel. As recognized by the parties, this is a Phase 2 issue, and the Court denies this part of Mattel's motion without prejudice. Mattel may raise the issue again at an appropriate time after the Court lifts the stay on Phase 2 discovery.

Based on the discovery provided by Carter Bryant, the Discovery Master concluded that Carter Bryant was in substantial compliance with Interrogatory 47. Upon review, the Court is unable to conclude that the Discovery Master's ruling on this issue is clearly erroneous or contrary to law.

The Court **GRANTS** Mattel's motion as to one issue: That MGA be required to identify documents by Bates number. The Court recognizes that this imposes a significant burden, but in striking the balance between burden and benefit, the Court considers, *inter alia*, "the needs of the case." Fed. R. Civ. P. 26(b)(2)(C)(iii). Here, identification by Bates number the documents in response to any party's contention interrogatory is imperative to narrowing the potential for dispute between the parties at trial as to whether a particular document falls into those "identified" in response to a given contention interrogatory. Accordingly, the Court **GRANTS** Mattel's motion on this limited issue. The remainder of Mattel's motion is **DENIED**.

## II. Use of "Attorney Eyes Only" Documents in Mediation

At the request of the Settlement Officer, the Court invited the parties' comments regarding the use of "Attorney Eyes Only" documents during settlement conference. The Court has reviewed the position statements, and makes the following ruling:

With the exception of forward-looking documents (including documents related to future product development, future marketing strategies, and financial projections) and documents related to Isaac Larian's personal family finances, the Settlement Officer shall have the discretion to use documents previously designated as "Confidential" and/or "Attorney Eyes Only" to further settlement discussions. Absent further Order of the Court, anyone participating in settlement discussions with the Settlement Officer are prohibited from taking notes regarding such documents or removing such documents, in any form, from any settlement discussions, or otherwise disclosing the contents of such documents outside the settlement discussions.

The Settlement Officer shall provide all participants of settlement discussions with notice of this order. A failure to comply with this Order shall be punishable as contempt of court.

### III. Under Seal Filings

As the Court has noted on a number of occasions, an inordinate amount of documents have been filed under seal in this case. It is the Court's intention, consistent with its duties under the First Amendment, to order that the entire record in this case be unsealed, subject only to certain exceptions identified by the parties and supported by a showing of good cause.

The parties are ordered to prepare a joint report identifying all documents within the Court record that any party contends should remain under seal following the hearing on the parties' motions for partial summary judgment. The report shall set forth all parties' respective positions regarding all identified documents and shall itself be filed under seal no later than April 18, 2008.

Should the Court order that any document remain under seal, in order to prevent inadvertent disclosure, the party requesting that the document remain sealed will be required to file a notice that provides to the Court all locations of such document in the Court's record by providing the date of filing, the docket number of the filing, any relevant exhibit number, and any relevant page number(s).

**IT IS SO ORDERED.**

## NOTICE PARTY SERVICE LIST

Case No. CV 04-09049 SGL(RNBx)   Case Title Carter Bryant v. Mattel, Inc.

Title of Document   Minute Order of March 31, 2008

| | | | |
|---|---|---|---|
| | Atty Sttlmnt Officer Panel Coordinator | | US Attorneys Office - Civil Division -L.A. |
| | BAP (Bankruptcy Appellate Panel) | | US Attorneys Office - Civil Division - S.A. |
| | Beck, Michael J (Clerk, MDL Panel) | | US Attorneys Office - Criminal Division -L.A. |
| | BOP (Bureau of Prisons) | | US Attorneys Office - Criminal Division -S.A. |
| | CA St Pub Defender (Calif. State PD) | | US Bankruptcy Court |
| | CAAG (California Attorney General's Office - Keith H. Borjon, L.A. Death Penalty Coordinator) | | US Marshal Service - Los Angeles (USMLA) |
| | | | US Marshal Service - Riverside (USMED) |
| | Case Asgmt Admin (Case Assignment Administrator) | | US Marshal Service -Santa Ana (USMSA) |
| | Catterson, Cathy (9th Circuit Court of Appeal) | | US Probation Office (USPO) |
| | Chief Deputy Admin | | US Trustee's Office |
| | Chief Deputy Ops | | Warden, San Quentin State Prison, CA |

| | |
|---|---|
| ✓ | **ADD NEW NOTICE PARTY** (if sending by fax, mailing address must also be provided) |

Name: Ambassador Pierre-Richard Prosper

Firm:

Address (include suite or floor): P.O. Box 581103

Salt Lake City, UT  84158

*E-mail: Prosper.Pierre@Arentfox.com

*Fax No.:

* For CIVIL cases only

| | |
|---|---|
| | Clerk of Court |
| | Death Penalty H/C (Law Clerks) |
| | Dep In Chg E Div |
| | Dep In Chg So Div |
| | Federal Public Defender |
| | Fiscal Section |
| | Intake Section, Criminal LA |
| | Intake Section, Criminal SA |
| | Intake Supervisor, Civil |
| | PIA Clerk - Los Angeles (PIALA) |
| | PIA Clerk - Riverside (PIAED) |
| | PIA Clerk - Santa Ana (PIASA) |
| | PSA - Los Angeles (PSALA) |
| | PSA - Riverside (PSAED) |
| | PSA - Santa Ana (PSASA) |
| | Schnack, Randall (CJA Supervising Attorney) |
| | Statistics Clerk |

| *JUDGE / MAGISTRATE JUDGE (list below):* |
|---|
| |
| |
| |
| |

Initials of Deputy Clerk jh

G-75 (03/07)   NOTICE PARTY SERVICE LIST