QUINN EMANUEL URQUHART & SULLIVAN, LLP
  John B. Quinn (Bar No. 090378)
  (johnquinn@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone:  (213) 443-3000
Facsimile:   (213) 443-3100

Attorneys for Mattel, Inc. and Mattel de Mexico, S.A. de C.V.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation, et al., | CASE NO. CV 04-9049 DOC (RNBx) |
| Plaintiff, | Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727 |
| vs. | Hon. David O. Carter |
| MGA ENTERTAINMENT, INC., a California corporation, et al., | MATTEL, INC.'S REPLY IN SUPPORT OF *EX PARTE* APPLICATION TO STRIKE MGA'S OCTOBER 12, 2010 MOTION FOR AN ORDER FINDING WAIVER OF PRIVILEGE WITH RESPECT TO MATERIALS RELEVANT TO MGA'S STATUTE OF LIMITATIONS DEFENSE AND COMPELLING PRODUCTION |
| Defendant. | |
| AND CONSOLIDATED ACTIONS | |
| | Hearing Date:  TBD<br>Time:             TBD<br>Place:            TBD |
| | Discovery Cut-off:      October 4, 2010<br>Pre-trial Conf:           January 4, 2011<br>Trial Date:               January 11, 2011 |

MGA's opposition utterly ignores the Court's August 10 Order setting a September 16 deadline for motions to compel.[1] The Court extended that cutoff only for motions addressing fact discovery regarding MGA's counterclaims-in-reply, and MGA does not even claim that its current motion relates to those counterclaims-in-reply. Thus, there is no dispute here – MGA's motion flatly violates the Court's Order.

MGA's *post hoc* explanations for that violation are disingenuous at best. First, MGA asserts that its motion is not actually a motion to compel – contrary to the name of the motion and its substance – and that MGA does not "seek[] to reopen fact discovery" but merely seeks "complete documents" regarding Mattel's fraudulent concealment defense, as well as any unproduced documents to the extent they "have not been produced by Mattel." (Opp. at 1.) It is no surprise that MGA called its motion a "motion to compel" – because that is what it is. In fact, a motion to compel another party to produce "complete documents" and to remedy "delinquent productions" by producing withheld documents is, quintessentially, a motion to compel.

Second, MGA argues that it is entitled to the documents it seeks because Mattel has stated its intent to "renew its fraudulent concealment allegations." (Id.) But Mattel has not "renewed" anything; Mattel's fraudulent concealment allegations have continuously been on the books in the case for years. Mattel alleged fraudulent concealment in its 2004 Complaint against Carter Bryant,[2] Mattel raised it at trial and won on it (as the verdict form reflects),[3] and it was and is present in Mattel's Fourth Amended Answer and Counterclaims filed on April 12, 2010.[4] Not once has Mattel taken the position that it was no longer pursuing its fraudulent concealment allegations, nor does MGA cite anything suggesting it has. There is no "renewed" fraudulent

---

[1] Dkt. No. 8514, at 2.
[2] Dkt No. 1, at ¶ 13.
[3] Phase B Verdict Form As Given, at 8 (Dkt. No. 4279).
[4] FAAC, ¶ 2, 29, 30 (Dkt. No. 7733).

1   concealment argument; and as such, the "renewal" of this argument does not justify

2   MGA's delay.

3         Third, MGA claims that Mattel's "recent" production of "reams of discovery"

4   justifies its tardy motion (Opp. at 2-3), but this non-sequitur is entirely unexplained.

5   Merely uttering the name "Villasenor" does not permit MGA to bring motions in

6   violation of Court Orders.  MGA cites no "recently produced" evidence that justifies or

7   even is remotely relevant to its motion – and, proving the lie, none of what it does cite

8   is even *mentioned* in MGA's actual motion to compel.  Moreover, the "recent"

9   discoveries MGA claims it made were made months ago, long *before* the September 16

10  deadline for a final, omnibus motion to compel – so these "discoveries" cannot justify

11  MGA's failure to brief this issue then, as required.[5]  And notably, MGA told Mattel it

12  was going to re-raise the privilege waiver motion it is now pursuing months ago, in

13

14

15  _____

16  [5]  Nor have there been any new discoveries of facts that could be material here.
    As its prime example, MGA claims it just learned – at some unmentioned date – that

17  "Mattel employees attended the New York Toy Fair in February 2001."  (Opp. at 2-
    3.)  That is false.  MGA itself argued on Phase 1 summary judgment – almost three

18  years ago -- that Mattel's knowledge about Bratz from Toy Fairs in early 2001
    constituted notice that started the statute of limitations running, including based on

19  Mattel employees' attendance at MGA's showrooms at Hong Toy Fair in January
    2001, New York Toy Fair in February 2001 and Tokyo Toy Fair shortly thereafter

20  in 2001.  See MGA's Motion for Partial Judgment, dated March 10, 2008 (Dkt. No.
    2572).  This argument was considered by the Court; and MGA lost on its statute of

21  limitations arguments not because Mattel did not know Bratz existed in 2001, but
    because Mattel did not know that Bryant created Bratz at Mattel in 2001.  See

22  Court's Order Re Statute of Limitations Defense, dated May 27, 2008 (Dkt. No.
    3826).  Moreover, MGA's Notice of Trade Secret Designation, served nearly two

23  months ago on August 24, 2010, cited an email from Mr. Villasenor dated February

24  16, 2001 where he attaches a report providing a "brief summation of my
    observations made at this year's New York Toy Fair."  M1679865; see also MGA's

25  Notice of Trade Secret Designation, dated August 24, 2010, at 2.  That email was
    produced on August 7, 2010; it is not "new."

26

27

28

00505.07975/3729734.3

1  August 2010, which further shows that nothing new has happened since the cutoff that

2  triggered this motion.[6]

3    Nothing can change the facts, which are irrefutable and dispositive, that MGA

4  raised the identical issues it is now re-raising – including its waiver arguments based on

5  Mattel's fraudulent concealment allegations – in January 2008, via motion to Discovery

6  Master Infante and on appeal to the Court (MGA lost both rounds);[7] raised them again

7  in January 2010, via letter motion to Discovery Master O'Brien (MGA lost again);[8] and

8  then threatened to raise these same issues yet again, for a third time, in August 2010,

9  but simply chose not to do so.  There is no injustice in not allowing MGA to violate the

10  Court's deadlines to bring a tardy motion that it already brought and lost on twice

11  before and, for some unknown reason, chose not to bring for a third time, after

12  threatening to do so, while discovery was still active.  On the other hand, to let MGA

13  bring the motion now, which it tactically delayed filing until the day it filed summary

14  judgment motions and which it brought without even disclosing the extensive prior

15  briefing, argument, and rulings on this very issue, would be unjust and highly

16  prejudicial to Mattel.  MGA's motion to compel should be stricken.

17  DATED:   October 18, 2010                QUINN EMANUEL URQUHART &

18                                                         SULLIVAN, LLP

19

20                                          By /s/ *Michael T. Zeller*

21                                             Michael T. Zeller
                                             Attorneys for Mattel, Inc., and Mattel de
22                                             Mexico, S.A. de C.V.

23

---

24  [6]   See August 17, 2010 email from A. Hurst to S. Watson, attached hereto as
      Exhibit A.
25
      [7]   See App. at 2; MGA's Motion (Dkt. No. 1667); Discovery Master's Order
26  Denying Motion (Dkt. No. 3284); MGA's Objections (Dkt. No. 3410); Court's
      Order Denying Objections (Dkt. No. 3669).
27
      [8]   See App. at 2; Discovery Master Order No. 94 (Dkt. No. 7785).
28