ANNETTE L. HURST (State Bar No. 148738)
ahurst@orrick.com
WARRINGTON S. PARKER III (State Bar No. 148003)
wparker@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
405 Howard Street
San Francisco, CA 94105-2669
Tel: (415) 773-5700/Fax: (415) 773-5759

WILLIAM A. MOLINSKI (State Bar No. 145186)
wmolinski@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA 90017
Tel. (213) 629-2020/Fax: (213) 612-2499

THOMAS S. MCCONVILLE (State Bar No. 155905)
tmcconville@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
4 Park Plaza, Suite 1600
Irvine, CA 92614-2258
Tel: (949) 567-6700/Fax: (949) 567-6710

Attorneys for MGA Parties

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>MGA ENTERTAINMENT, INC., a California corporation, et al.,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | Case No. CV 04-09049 DOC (RNBx)<br>Consolidated with:<br>Case Nos. CV 04-09059 & CV 05-02727<br><br>**Hon. David O. Carter**<br><br>**SUPPLEMENTAL BRIEF IN OPPOSITION TO MATTEL, INC.'S MOTION TO COMPEL FURTHER DEPOSITION OF MGA 30(B)(6) RE: REMAINING COUNTERCLAIMS-IN-REPLY**<br><br>Date: TBD<br>Time: TBD<br>Dept: Courtroom 9D<br><br>**Discovery Cut-off:     October 4, 2010**<br>**Pre-trial Conference: January 4, 2011**<br>**Trial Date:            January 11, 2010** |

Mattel has argued that MGA witness Isaac Larian was not prepared to testify about MGA's counterclaims-in-reply, and, in particular that he was not prepared on the topics relating to MGA's control of access to its showrooms, because he could not identify such detailed information as (1) the first date MGA used non-disclosure agreements; (2) the names of every retailer given entry to MGA showrooms and (3) what years MGA had issued reports of upcoming products to the press.

Mattel 30(b)(6) witness Keith Storie was deposed on October 19, 2010 on a topic substantially similar to the topic on which Mr. Larian was designated. Deposition of Keith Storie Vol. IX, October 19, 2010, p. 3. (Q: You understand you are here today on Topic 8 in Exhibit 9560? A: That's correct). Specifically, Topic 8 of the April 27, 2010 Notice provides:

> The receipt by Mattel of any non-public and/or confidential information about competitors' products or pricing, product development, advertising plans, marketing plans or research, actual or estimated product costs or sales, including any practice of anyone at Mattel of visiting the showrooms of competitors during any Hong Kong or New York Toy Fair(s), including but not limited to how Mattel gained admittance to any competitors' showrooms *as well as how Mattel controls access to its own showrooms*. (emphasis added).

When asked about Mattel's control of access to its private showrooms, Mr. Storie could not identify (1) when Mattel first employed non-disclosure agreements at its showroom; (2) what retailers were permitted into the showroom; or (3) what years Mattel invited the press into the showrooms.

/ / /
/ / /
/ / /
/ / /

1 | Q. When did Mattel first start requiring visitors to its
2 | showrooms to sign NDAs?
3 | THE WITNESS: If I became aware of that, I don't recall it
4 | now.
5 | Q. Do you have any documents here in the room that would
6 | allow you to testify as to the year that Mattel first started
7 | requiring retailers to sign nondisclosure agreements before
8 | entering its showrooms?
9 | THE WITNESS: I don't believe I do.
10 | Q. Do you know what years Mattel invited members of the
11 | press into its showrooms either at New York Toy Fair or at El
12 | Segundo?
13 | THE WITNESS: I don't know which years, if any.
14 | Q. Do you have any documents here that would enable you
15 | to answer that question?
16 | A. I don't believe so.
17 | THE WITNESS: I don't believe so, no.
18 | Q. Do you know which retailers were invited into Mattel's
19 | New York Toy Fair private showroom in any given year?
20 | THE WITNESS: I don't have any specific information on
21 | individual retailers. (Objections omitted).

Storie De. (Vol. XI) Rough Transcript, October 19, 2010 at 80-81. MGA asked these questions to prove the point of its Opposition to the Motion to Compel further Larian 30(b)(6) testimony that it is patently unreasonable to expect a witness to memorize this type of data. And Mattel's witness obliged by not knowing these answers. At least Mr. Larian brought documents to the deposition which would have enabled Mr. Larian to answer these questions – – if Mattel allowed him to look at the documents. Mr. Storie brought no such documents. Mattel cannot

1 | reasonably expect Mr. Larian to have memorized this information when its own
2 | witnesses have faired no better on the same topics and questions.
3
4 | Dated: October 20, 2010      ORRICK, HERRINGTON & SUTCLIFFE LLP
5
6 |                              By:   */s/ William A. Molinski*
7 |                                    William A. Molinski
                                       Attorneys for MGA Parties