ANNETTE L. HURST (State Bar No. 148738)
ahurst@orrick.com
WARRINGTON S. PARKER III (State Bar No. 148003)
wparker@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
405 Howard Street
San Francisco, CA 94105-2669
Tel: (415) 773-5700/Fax: (415) 773-5759

WILLIAM A. MOLINSKI (State Bar No. 145186)
wmolinski@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA 90017
Tel. (213) 629-2020/Fax: (213) 612-2499

THOMAS S. MCCONVILLE (State Bar No. 155905)
tmcconville@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
4 Park Plaza, Suite 1600
Irvine, CA 92614-2258
Tel: (949) 567-6700/Fax: (949) 567-6710

Attorneys for MGA Parties

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>    Plaintiff,<br><br>    v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>    Defendant.<br><br>AND CONSOLIDATED ACTIONS. | Case No. CV 04-9049-DOC (RNBx)<br>Consolidated with: Case No. CV 04-9059<br>and Case No. CV 05-2727<br><br>Hon. David O. Carter<br><br>**MGA PARTIES' REPLY IN SUPPORT OF *EX PARTE* APPLICATION TO MODIFY STIPULATED PROTECTIVE ORDER TO PERMIT ACCESS TO "AEO" MATERIALS IN SUMMARY JUDGMENT FILINGS**<br><br>Date:        TBD<br>Time:        TBD<br>Courtroom: 9D |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. THERE IS A STRONG PRESUMPTION THAT SUMMARY JUDGMENT FILINGS WILL BE UNSEALED.

The MGA Parties seek to have access for Mr. Larian and MGA to the documents which have been filed (and will be filed in opposition and reply) related to the parties' motions for summary judgment. As the Ninth Circuit stated in Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1179 (9th Cir. 2006):

> We acknowledged explicitly in San Jose Mercury News, 187 F.3d at 1102, and later confirmed in Foltz, 331 F.3d at 1136, that the strong presumption of access to judicial records applies fully to dispositive pleadings, including motions for summary judgment and related attachments. We adopted this principle of disclosure because the resolution of a dispute on the merits, whether by trial or summary judgment, is at the heart of the interest in esuring the "public's understanding of the judicial process and of significant public events." Valley Broadcasting, 798 F.2d at 1294.

If the public has a right to access, then Mr. Larian and MGA—as parties against whom Mattel seeks entry of judgment—must be granted access.

In an earlier phase of this case, during summary judgment, Judge Larson echoed the sentiment of the Ninth Circuit in Kawakana, and directed that the summary judgment motions, and related attachments, be unsealed (with a few exceptions). See Ex Parte Application at 3-4. Mattel agreed to the unsealing of the summary judgment filings: "We're fine with the Court so ordering the unsealing of the balance of the MSJ documents as of today." Id. at 4.

In its Opposition, Mattel does not dispute that Judge Larson unsealed the filings with Mattel's express consent, but rather notes that the unsealing was done after the briefs had been filed. Opp. at 2, 4. Any artificial delay sought by Mattel to remove the AEO designation in the summary judgment-related filings serves only one purpose: to prejudice Mr. Larian and MGA in mounting their defense.

Trial is a few months away.  The proceedings on the parties' claims will be public at that point.[1]  Any delay in granting Mr. Larian and MGA access to the dispositive motions serves no purpose, other than to prejudice Mr. Larian and MGA.

## II. THE DOCUMENTS TO BE SHOWN TO MR. LARAIN AND MGA ARE SPECIFICALLY IDENTIFIED.

As detailed in its ex parte application, MGA's outside counsel seeks to show Mr. Larian and MGA (1) the documents identified in paragraphs 11-14 of Mattel's Notice of Motion[2], and (2) more generally all documents filed by the parties in the course of the summary judgment briefing.  Mattel cites testimony of Mr. Larian wherein he cannot provide a legal definition of a trade secret as a basis for objecting to MGA's application.  Opp. at 6-7.  To be clear:  MGA's outside counsel does not seek Mr. Larian's or MGA's input on the legal definition of a trade secret.  What MGA's outside counsel needs is information concerning what was generally known in the toy industry at the relevant time concerning the information referenced in paragraphs 11-14.  Such information is not known by MGA's outside counsel, and must be learned from Mr. Larian and MGA after showing them Mattel's documents.

Further, and as detailed in its application, MGA's outside counsel needs input from Mr. Larian and MGA concerning allegations raised by Mattel regarding forecasting; the facts and circumstances surrounding the departure from Mattel of specific employees who purportedly took trade secrets; the acquisition of Bratz; the movement of employees; and the entry of Bratz into the marketplace.  See Application at 7-9.  As Mattel concedes:  "Mr. Larian has been at the center of all alleged activities, and he is still with MGA."  Opp. at 8.  MGA's outside counsel

---

[1] If Mattel is seeking a closed trial, MGA objects.
[2] The documents referenced in paragraphs 11-14 can be found as exhibits attached to the declarations Mattel submitted in support of its Motion for Summary Judgment:  Declaration of Laura Owens, exhibits 1-70; Declaration of Bryan Stockton, exhibit 1; Declaration of Steve Totzke, exhibits 1-18; Declaration of Dylan Proctor, exhibits 56, and 100-102; and Declaration of David Traughber, exhibit 1.

needs specific input from Mr. Larian and MGA to oppose summary judgment, and to prepare for the looming public trial. The fact that MGA has outside lawyers representing it does not change the analysis.

Because Mattel opposes the disclosure of information to Mr. Larian and MGA, it bears the heavy burden of showing compelling reasons to support secrecy. "Those who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that 'compelling reasons' support secrecy." Kawakana, 447 F.3d at 1180. Mattel must establish that its AEO designation in the summary judgment-related filings must be maintained. Nowhere in its opposition does Mattel make that showing.[3] Mattel's assertions that some unspecified and unknown number of documents in the summary judgment pleadings are trade secrets cannot satisfy that burden. For example, most of the documents referenced in paragraphs 11-14 date back to 2004 and 2005. What may have been a trade secret 5 years ago cannot be such today, and Mattel offers no argument in support of its assertion. "[C]ourts should not simply take representations of interested counsel on faith." In re Iowa Freedom of Information Council, 724 F.2d 658, 662 (8th Cir. 1984). Further, unless Mattel requests a sealed trial, the information put at issue by Mattel will be part of the public record in a few short months.

### III. MATTEL'S ALLEGATIONS CONCERNING MR. LARIAN ARE FALSE.

Mattel spends the last few pages of its Opposition making allegations that Mr. Larian "trad[ed] on the litigation itself by using information before it became public." Opp. at 10. These bald accusations are false on their face. According to Mattel, Mr. Larian somehow used confidential information during the trial to conduct trades of Mattel stock. THE TRIAL WAS PUBLIC. And certainly Mr.

---

[3] In fact, it is ironic that Mattel alleges that MGA and Mr. Larian stole and used its purported trade secrets, and then claims that MGA and Mr. Larian cannot see them to dispute this allegation.

1 | Larian had no special insight into how the jury would rule.

2 | In truth and in fact, it is Mattel that has taken Mr. Larian's private
3 | information produced during discovery, marked as AEO, and violated the
4 | Protective Order (and this Court's very clear direction) to advance its litigation
5 | interests by filing a state court action against Mr. Larian and MGA, after this Court
6 | dismissed the exact same claims.[4] So Mattel's actions demonstrate that it will use
7 | AEO discovery materials as it wants (and unrelated to this action), yet applies a
8 | double-standard to Mr. Larian and MGA by attempting to deny them access to
9 | AEO to defend themselves in this action.

10 | Further, the inference Mattel seeks to draw concerning the emails it describes
11 | as being sent by Mr. Larian is likewise disprovable. That language it quotes as
12 | attributable to Mr. Larian is information which is publicly available. MGA's
13 | counterclaims in reply are publicly filed. Further, any discussion of the "written
14 | instruction pamphlet on how to steal from you competitors" (Opp. at 11) was part
15 | of an open hearing in this case. See October 6, 2010 Hearing Transcript. Thus,
16 | there is nothing confidential in the language which Mattel cites. See Biovail
17 | Laboratories, Inc. v. Anchen Pharmaceuticals, Inc., 463 F.Supp 2d 1073, 1081
18 | (C.D. Cal. 2006) ("'[P]ortions of documents that are read into the record in an open
19 | proceeding enter the public domain, without regard to whether the documents were
20 | originally filed on the public record, were filed under seal, or were not filed with
21 | the clerk.'" quoting Zenith Radio Corp. v. Matushita Electric Ind. Co., Ltd., 529
22 | F.Supp. 866, 898-99 (E.D. Pa. 1981)). Finally, the emails referenced by Mattel
23 | wherein Mr. Larian requested deposition transcripts don't demonstrate that : (1) Mr.
24 | Larian knew the transcripts he requested were AEO; or (2) that he received them.

---

[4] MGA and Mr. Larian, at the appropriate time, will seek relief from the Court for Mattel's flagrant violation of the protective order and the Court's clear admonitions about using information produced in discovery to advance litigation interests separate from the current litigation. Mattel filed its suit in state court against MGA and Mr. Larian, among others, on September 1, 2010.

Mattel is simply avoiding the point with its misdirected attack: there is a strong presumption that summary judgment filings will be public. Mattel bears the burden of maintaining secrecy. In its opposition, Mattel fails.

## IV. CONCLUSION

For the foregoing reasons, MGA respectfully requests the Court modify the Protective Order to permit Isaac Larian and MGA access to the AEO sections of the summary judgment motions, oppositions, replies, and all supporting evidence submitted by the parties with those filings.

Respectfully submitted,

Dated: October 20, 2010         ORRICK, HERRINGTON & SUTCLIFFE LLP


                                By:   */s/ Thomas S. McConville*
                                      Thomas S. McConville
                                      Attorneys for MGA Parties