QUINN EMANUEL URQUHART & SULLIVAN, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:  (213) 443-3000
Facsimile:  (213) 443-3100

Attorneys for Mattel, Inc., and
Mattel de Mexico, S.A. de C.V.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>MGA ENTERTAINMENT, INC., a California corporation, et al.,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 DOC (RNBx)<br><br>Hon. David O. Carter<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-2727<br><br>**MATTEL, INC.'S RESPONSE TO MGA'S SURREPLY RE MATTEL'S MOTION TO COMPEL FURTHER DEPOSITION OF MGA 30(B)(6) RE: REMAINING COUNTERCLAIMS-IN-REPLY**<br><br>Date:     TBD<br>Time:    TBD<br>Place:    Courtroom 9D<br><br>Discovery Cut-Off:     Oct. 4, 2010<br>Pre-Trial Conference:  Jan. 4, 2011<br>Trial Date:                   Jan. 11, 2011 |

00505.07975/3736528.2

MATTEL, INC.'S RESPONSE TO MGA'S SURREPLY RE MATTEL'S MOTION TO COMPEL FURTHER
DEPOSITION OF MGA 30(B)(6)

1    MGA's surreply distorts the facts, straining to ensure that Mattel obtains little
2 to no discovery into its belated, "billion" dollar counterclaims.  MGA argues that
3 Mattel's 30(b)(6) witness, Mr. Storie, could not answer the same questions Mattel
4 has argued Larian could not answer and was thus unprepared.  (Surreply at 1.)
5 MGA attempts to use this argument "prove the point of its Opposition . . . that it is
6 patently unreasonable to expect a witness to memorize this type of data."  (Id. at 2.)
7 MGA's entirely *post hoc* justification for Larian's patent lack of preparation is
8 spurious for several reasons.

9    As an initial matter, MGA claims the topics on which Larian was designated
10 and the topic on which Mr. Storie was deposed on October 19 were "substantially
11 similar" (and later refers to them as the "same topics").  (Id. at 1-2.)  Not so.  Larian
12 was designated on 22 topics regarding MGA's counterclaims-in-reply as well as
13 four prior topics.  (See Mot. Appx. A.)  These topics relate to, among other things,
14 whether the information at issue in MGA's trade secret counterclaim was subject to
15 reasonable protection and whether it derived independent economic value from not
16 being generally known to the public.  Mr. Storie, on the other hand, was not even
17 designated on Topic 8 in full, as MGA falsely asserts. (Surreply at 1.)  MGA moved
18 to compel a 30(b)(6) witness on Topic 8 in its omnibus motion to compel, but the
19 Court only compelled Mattel to produce a witness "concerning the activities of its
20 market intelligence group" and limited the deposition to "4 hours."[1]  The scope of
21 the topic as narrowed plainly did not require Mattel to prepare Mr. Storie to answer
22 questions such as "[w]hen did Mattel first start requiring visitors to its showrooms to
23 sign NDAs?" (Surreply at 2.)  Indeed, that question not only has nothing to do with
24 Mattel's market intelligence group, but is wholly irrelevant to the case.  MGA, and
25 not Mattel, is the party asserting supposed trade secret claims based on information

---

[1] Order On Omnibus Motions to Compel, dated October 1, 2010, at ¶ 40 (Dkt. No. 8880).

shared at toy fairs and thus whether and when MGA required visitors to sign NDAs at toy fairs is critically relevant to whether MGA has trade secret claims at all. MGA's attempt to compare the depositions of these two witnesses is meritless and misleading.

Moreover, even if MGA's attempts to equate the two depositions had any basis in fact (and it does not), a recent ruling in this case obtained by MGA judicially estops MGA from making this argument. After Vicki Cerritos' recent 30(b)(6) deposition on a document preservation topic, MGA argued that she was unprepared. In its subsequent letter brief to the Discovery Master, Mattel pointed out that MGA's claim of unpreparedness was inconsistent with the preparation of MGA's own 30(b)(6) witness on document preservation. In Order No. 102, the Discovery Master rejected Mattel's argument that MGA's prior 30(b)(6) witness on document preservation topics "displayed a substantially similar degree of unfamiliarity with the designated topics as did Ms. Cerritos, and consequently that MGA is foreclosed from seeking to hold Mattel to higher standard," explaining that "if Mattel was dissatisfied with that testimony, it could have sought relief, as MGA has done here."[2] This type of comparative argument has been rejected in this case, as MGA is fully aware. If MGA truly believes that Mr. Storie was not properly prepared, its recourse is to follow the proper procedures for motions (including by fulfilling the meet and confer requirements that MGA still refuses to comply with) and seek to compel an adequately prepared witness. Tellingly, MGA has brought no such motion. Thus, in no event is the appropriate result to exonerate Larian for his lack of preparation on issues central to MGA's counterclaims, including on the essential elements of MGA's own claims.

---

[2] Order No. 102, dated September 23, 2010, at 1 n.2 (Dkt. No. 8779).

1  Finally, MGA's contention ignores the fact that there were a host of other
2  areas on which Larian was unprepared, as Mattel set forth in its motion.
3  Accordingly, even if Mr. Storie's supposed unpreparedness on the questions MGA
4  cites had any bearing on the present motion -- and it does not -- that does nothing to
5  cure or excuse Larian's wholesale lack of preparation on many other issues, as set
6  forth in Mattel's motion.  MGA, not surprisingly, offers no explanation as to how it
7  even could.

8  MGA's surreply is without merit, and Mattel's motion should be granted.

10 DATED:  October 20, 2010          QUINN EMANUEL URQUHART &
                                     SULLIVAN, LLP

12                                   By /s/ Michael T. Zeller
13                                      Michael T. Zeller
                                        Attorneys for Mattel, Inc.