QUINN EMANUEL URQUHART & SULLIVAN, LLP
 John B. Quinn (Bar No. 090378)
 johnquinn@quinnemanuel.com
 Michael T. Zeller (Bar No. 196417)
 michaelzeller@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:  (213) 443-3000
Facsimile:   (213) 443-3100

Attorneys for Mattel, Inc.
and Mattel de Mexico, S.A. de C.V.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation, and Mattel de Mexico, S.A. de C.V., a Mexico business entity<br><br>Plaintiff,<br><br>vs.<br><br>MGA ENTERTAINMENT, INC., a California corporation, et al.,<br><br>Defendants.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 DOC (RNBx) Consolidated with Case No. CV 04-09059 Case No. CV 05-02727<br><br>Hon. David O. Carter<br><br>**MATTEL, INC.'S NOTICE OF MOTION AND MOTION FOR PROTECTIVE ORDER RE: MGA'S DEPOSITIONS OF FRANKE AND STOCKTON**<br><br>Date:  TBD<br>Time:  TBD<br>Courtroom:  9D<br><br>**Phase 2**<br>Discovery Cut-off:   October 4, 2010<br>Pre-trial Conference:   January 4, 2011<br>Trial Date:  January 11, 2011 |

00505.07975/3733241.6

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on a date and at a time to be determined, in the Courtroom of The Honorable David O. Carter, located at 411 West Fourth Street, Santa Ana, California 92701, plaintiff Mattel, Inc. ("Mattel") will, and hereby does, move the Court pursuant to <u>Federal Rule of Civil Procedure</u> 26 for a protective order regarding MGA Entertainment, Inc.'s ("MGA") notices of deposition for Joe Franke and Bryan Stockton, served on October 15, 2010.

This Motion is made on the grounds that these deposition notices are untimely and barred by this Court's prior Orders because they were served after the close of general fact discovery and do not relate to discovery on MGA's counterclaims-in-reply.  Accordingly, this Court should issue a protective order prohibiting MGA from proceeding with the depositions.  In the alternative, and at a minimum, in the event either deposition is permitted to go forward, the Court should bar MGA from questioning these witnesses on issues beyond those related to the counterclaims-in-reply.

This Motion is based upon this notice of Motion and accompanying memorandum of points and authorities, and all other matters of which the Court may take judicial notice.

### Statement of Compliance

On October 21, 2010, lead counsel met and conferred regarding the instant motion, but could not resolve it.

DATED:  October 21, 2010

QUINN EMANUEL URQUHART & SULLIVAN. LLP

By  /s/ Michael T. Zeller
Michael T. Zeller
Attorneys for Mattel, Inc., and Mattel de Mexico. S.A. de C.V.

## **Preliminary Statement**

On August 10, 2010, the Court set October 4, 2010 as the cutoff for general fact discovery.[1]  The Court directed that "[a]ll fact discovery, including written discovery and depositions, shall be completed by October 4, 2010."[2]  On October 5, the Court extended the discovery cutoff to November 1 only "for the limited purpose of allowing discovery on MGA's counterclaims in reply."[3]  Today, the Court again reiterated that these orders meant exactly what they said.  MGA nevertheless continues to demand general fact discovery after the cutoff.

More specifically, since the close of general fact discovery on October 4, MGA flouted the Court's deadlines and insisted that it be allowed to question Michele McShane on its statute of limitations defense.  MGA also filed an untimely motion to compel Mattel to produce documents related to its statute of limitations defense to Mattel's claims based on an alleged privilege waiver – issues that again were long known to MGA and relate exclusively to matters on which discovery is closed.  As the Court told MGA yet again today when it rejected these belated requests for discovery after the cutoff, "the Court's Orders have been very clear that fact discovery about all issues other than the counterclaims in reply is now closed" and allowing the belated discovery MGA seeks "would run afoul of the October 4, 2010 discovery cut off."[4]

Despite all of this, MGA continues to demand the depositions of yet two more individuals, Mr. Joe Franke and Mr. Bryan Stockton, who MGA's own discovery responses identify as knowledgeable solely about statute of limitations and other issues on which discovery is closed.  Because MGA did not notice their depositions until October 15 after general fact discovery closed and because the deposition notices

---

[1]  Dkt. No. 8514, at 2.
[2]  Id.
[3]  Dkt. No. 8892, at 21.
[4]  Court's October 21, 2010 Order, at 7, 15 (Dkt. No. 8974).

00505.07975/3733241.6

1  thus violate this Court's Orders, a protective order should issue to bar MGA from

2  taking these depositions.

**Argument**

3

**I.    MR. FRANKE AND MR. STOCKTON ARE NOT RELEVANT TO**

4

**THE COUNTERCLAIMS-IN-REPLY**

5

**A.    Mr. Franke's Knowledge, If Any, Extends Only To MGA's Statute**

6

**Of Limitations Defense**

7

8  Mr. Franke has no knowledge relevant to MGA's counterclaims.  MGA's

9  discovery responses confirm this.  According to MGA's Second Supplemental <u>Rule</u>

10  26(a)(1) Disclosures, served on October 4, 2010: "Mr. Franke may possess

11  information relevant to Mattel's serial copying of MGA's distinctive trade dress,

12  trademarks, product packaging, themes, ideas and advertising.  Mr. Franke may

13  further possess knowledge of facts relevant to MGA's statute of limitations and laches

14  defense to Mattel's counterclaims."[5]  Plainly, these are issues related to Mattel's

15  claims, MGA's 2005 complaint, and the defenses thereto.  They have nothing to do

16  with MGA's counterclaims-in-reply.

17  MGA's September 24 responses to interrogatories regarding MGA's

18  counterclaims-in-reply also do not list Mr. Franke as a relevant person in any

19  response.[6]  These interrogatories required MGA to "IDENTIFY all PERSONS with

20  knowledge" of facts related to the "factual basis for YOUR contention that MATTEL

21  misappropriated" each trade secret MGA has put at issue,[7] to "IDENTIFY all

22  PERSONS with knowledge" of all facts regarding "each predicate act identified in

23  YOUR REPLY TO THE FOURTH AMENDED ANSWER,"[8] and to "IDENTIFY all

24  _____

25  [5]  MGA's Second Suppl. <u>Rule</u> 26(a)(1) Initial Disclosures, dated October 4, 2010, at 19.

26  [6]  MGA's Responses to Mattel's First Set of Interrogatories Re: MGA's Counterclaims In Reply, dated September 24, 2010.

27  [7]  <u>Id.</u> at 10, 27.

28  [8]  <u>Id.</u> at 34, 36.

1  PERSONS with knowledge" of all facts "supporting YOUR contention that YOU

2  were harmed or injured by reason of any conduct by MATTEL at issue in YOUR

3  REPLY TO THE FOURTH AMENDED ANSWER,"[9] among others.  Nowhere in

4  MGA's responses to any of the 20 interrogatories does MGA list Mr. Franke as a

5  person with knowledge relevant to any issue related to its counterclaims.

6        MGA's effort to depose Mr. Franke is part of a now pattern by MGA to

7  improperly end-run this Court's Orders by taking general fact discovery after the

8  cutoff.  It is clear, as MGA's own responses admit, that MGA wants to depose Mr.

9  Franke on statute of limitations issues.  Indeed at the hearing on October 4, MGA

10  argued to the Court that Mr. Franke was relevant to MGA's statute of limitations

11  defense.[10]   During meet and confer discussions, this transcript was identified by

12  MGA's counsel as the basis for MGA seeking Mr. Franke's deposition – again

13  confirming that the deposition is being sought on matters for which discovery is

14  closed.  As the Court's October 21 Order held, MGA is not entitled to witnesses on

15  these issues.

16        **B.       Mr. Stockton Likewise Has No Knowledge Related To The**

17              **Counterclaims**

18        Mr. Stockton, the President of Mattel International, likewise has no knowledge

19  relevant to MGA's counterclaims.  MGA's Supplemental <u>Rule</u> 26(a)(1) Disclosures

20  (served October 4) again admit this: "Mr. Stockton may possess information relevant

21  to Mattel's allegations against MGAE de Mexico, S.R.L. de C.V.; Mattel's

22  counterclaims for trade secret misappropriations and RICO and defenses thereto; and

23  Mattel's prosecution of former Mattel employees in Mexico."[11]   And, just like Mr.

24  Franke, Mr. Stockton is listed nowhere in MGA's responses to Mattel's 20

25

26        [9]   <u>Id.</u> at 36, 37.

27        [10]   October 4, 2010 Hearing Tr. at 29:18-31:1.

         [11]   MGA's Second Suppl. <u>Rule</u> 26(a)(1) Initial Disclosures, dated October 4,

28  2010, at 54.

00505.07975/3733241.6

MATTEL. INC.'S MOTION FOR PROTECTIVE ORDER FROM DEPOSITION NOTICES

1   interrogatories regarding MGA's counterclaims-in-reply.[12]  Nor, at any point during

2   the meet and confer discussions and despite Mattel's repeated requests, did MGA

3   identify any knowledge that Mr. Stockton purportedly had pertaining to MGA's

4   counterclaims.

5   **II.**     **MGA HAS NOT MADE THE REQUIRED SHOWING TO TAKE THE**

6   **DEPOSITIONS AFTER THE GENERAL FACT DISCOVERY**

7   **CUTOFF**

8         The deposition notices of Mr. Franke and Mr. Stockton were served 11 days

9   after general fact discovery closed.  MGA did not seek to re-open general fact

10  discovery, much less obtain the Court's permission to serve the deposition notices.

11  Once discovery has closed, "[n]o discovery motion may be filed unless and until

12  discovery has been reopened." Henrikson v. Turbomeca, S.A., 2008 WL 648543, at

13  *2 (E.D. Cal. Mar. 6, 2008) (denying motion to compel on that basis).  In order to re-

14  open discovery, a motion to re-open discovery must be filed and "the motion must

15  demonstrate good cause to re-open discovery."  Id.; see also Photomedex, Inc. v.

16  Irwin, 2007 WL 2238359, at *2 (S.D. Cal. Aug. 2, 2007) (party must show good cause

17  to obtain discovery after it closes).

18        MGA has not made, or even attempted to make, the required showing.  Thus,

19  the belated, additional discovery it seeks is improper and should not be permitted.

20  See, e.g., Yingling v. eBay, Inc., 2010 WL 2382304, at *1 (N.D. Cal. June 10, 2010)

21  (denying motion to compel because plaintiff's had not shown "good cause to re-open

22  discovery" as required once discovery has closed); Rider v. Yates, 2010 WL 2197522,

23  at *2 (E.D. Cal. May 27, 2010) (denying motion for additional discovery, explaining

24  plaintiff "has not shown good cause to justify modification of the discovery and

25  scheduling order and he has not shown any basis as to why the information sought

26  was no inquired of and obtained while discovery in this case was open"); Fogarty v.

27  ───────────────

[12]   MGA's Responses to Mattel's First Set of Interrogatories Re: MGA's

28  Counterclaims In Reply, dated September 24, 2010.

HSM Elec. Protection Servs., 2008 WL 4078802, at *2 (E.D. Cal. Aug. 27, 2008) (denying motion to re-open discovery, noting that the "fact that Defendant failed to fully explore these claims in discovery does not satisfy the good cause requirement").

MGA has had more than ample time to take discovery on Mattel's claims, MGA's 2005 complaint, and the defenses related thereto. General fact discovery is now closed, as the Court has ruled more than once.[13] MGA has provided no explanation for why it could not have deposed these individuals prior to the close of discovery – undoubtedly because there is no explanation. There is no reason, much less good cause, to reopen discovery to allow MGA to take these depositions.

## III.   A PROTECTIVE ORDER IS WARRANTED

As this Court ruled in its October 21 Order, a protective order preventing depositions and other discovery is appropriate where, as here, they seek discovery in violation of this Court's deadlines.[14] MGA has no justification for attempting to depose these individuals after general fact discovery has closed. MGA's belated attempt to obtain discovery it could have obtained during the past several years of discovery, but inexplicably chose not to obtain, should not be permitted. Indeed, MGA necessarily conceded that it was satisfied with the discovery it had obtained as

---

[13]   See October 4, 2010 Order (Dkt. No. 8514); see also October 21, 2010 Order (Dkt. No. 8974).

[14]   "A party may demonstrate good cause, within the meaning of Fed. R. Civ. P. 26(c), to prohibit a deposition by showing it would violate the deadline for discovery" and "[u]nless the deposing party can show cause . . . to extend the deadline, the court will generally grant a protective order against the deposition." Sithon Martime Co. v. Holiday Mansion, 1999 WL 66216, at *1 (D. Kan. Feb. 8, 1999); see also Photomedex, 2007 WL 2238359, at *2 (holding there was no good cause to allow deposition after discovery cutoff where party "delayed too long and took no affirmative steps to protect its rights regarding the deposition of this witness"); Dunkin' Donuts Franchised Restaurants, LLC v. 1700 Church Ave. Corp., 2008 WL 1947079, at *1 (E.D.N.Y. Apr. 24, 2008) (holding subpoena served after discovery cutoff "untimely" because discovery extension was limited and subpoena did not fall within the limitation and that defendant had not established good cause for an extension of discovery).

1  of August 9, when it begged the Court to close discovery that day.  As the Court

2  recognized in denying MGA's untimely attempt to serve Ms. McShane, MGA "has

3  had years to obtain that testimony and only now, on the eve of trial and after the filing

4  of summary judgment motions, does it seeks the Court's leave" to obtain this

5  discovery.[15]  Depositions on issues related to closed discovery "would be untimely,

6  burdensome, and unduly disruptive to the Court's consideration of the voluminous

7  dispositive motions, which raise the *very issues* about which MGA seeks" this

8  discovery.[16]  A protective order is warranted and should be granted.

9       At a minimum, in the event either deposition is permitted to go forward, the

10  Court should bar MGA from questioning these witnesses on issues beyond those

11  related to the counterclaims-in-reply.  MGA should not be permitted to depose these

12  witnesses based on a pretextual claim of relevance to the counterclaims-in-reply and

13  then question them on issues for which discovery is now closed.

14                              **Conclusion**

15       For the foregoing reasons, Mattel respectfully requests that the Court grant

16  Mattel's request for a protective order against the depositions of Mr. Franke and Mr.

17  Stockton.

18

19  DATED:  October 21, 2010           QUINN EMANUEL URQUHART & SULLIVAN. LLP

20

21                                     By /s/ Michael T. Zeller

22                                        Michael T. Zeller
                                          Attorneys for Mattel, Inc., and Mattel de
23                                        Mexico. S.A. de C.V.

24

25

26

27  _____
    [15]  Court's October 21, 2010 Order, at 7 (Dkt. No. 8974).
28  [16]  Id. (emphasis in original).

00505.07975/3733241.6