1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
     John B. Quinn (Bar No. 090378)
2      (johnquinn@quinnemanuel.com)
     Michael T. Zeller (Bar No. 196417)
3      (michaelzeller@quinnemanuel.com)
4  865 South Figueroa Street, 10th Floor
   Los Angeles, California  90017-2543
5  Telephone:   (213) 443-3000
   Facsimile:    (213) 443-3100
6
7  Attorneys for Mattel, Inc. and Mattel de
   Mexico, S.A. de C.V.

8              UNITED STATES DISTRICT COURT

9             CENTRAL DISTRICT OF CALIFORNIA

10                  SOUTHERN DIVISION

11  MATTEL, INC., a Delaware                CASE NO. CV 04-9049 DOC (RNBx)
12  corporation, et al.,
                                            Consolidated with
13                                          Case No. CV 04-09059
                 Plaintiff,                 Case No. CV 05-02727
14
                                            Hon. David O. Carter
15       vs.
                                            MATTEL, INC.'S OPPOSITION TO
16  MGA ENTERTAINMENT, INC., a              DEFENDANT-IN-INTERVENTION
    California corporation, et al.,         MGA ENTERTAINMENT, INC.'S
17                                          MOTION TO CONFIRM DISMISSAL
                                            OF THE 04-9059 ACTION
18               Defendant.

19
                                            Hearing Date: November 16, 2010
20                                          Time:          1:30 pm
    AND CONSOLIDATED ACTIONS                Place:         Courtroom 9D
21
                                            Discovery Cut-off:   October 4, 2010
22                                          Pre-trial Conf:      January 4, 2011
                                            Trial Date:          January 11, 2011
23

24

25

26

27

28

00505.07975/3741013.8

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ...................................................................................4

STATEMENT OF FACTS .........................................................................................5

ANALYSIS..............................................................................................................10

I.     MGA'S MOTION SEEKS RECONSIDERATION OF THE COURT'S MAY 23, 2008 PARTIAL DISMISSAL ORDER AND MAY 27, 2008 STATUTE OF LIMITATIONS ORDER WITHOUT CAUSE......................10

II.    MATTEL'S 2004 ACTION HAS NEVER BEEN, AND CANNOT BE, COMPLETELY DISMISSED. ..........................................................................11

III.   ALL OF MATTEL'S BRATZ-RELATED CLAIMS RELATE BACK TO THE 2004 COMPLAINT. ....................................................................14

CONCLUSION........................................................................................................17

00505.07975/3741013.8

MATTEL'S OPPOSITION TO DEFENDANT-IN-INTERVENTION MGA ENTERTAINMENT, INC.'S MOTION TO CONFIRM DISMISSAL OF 04-9059 ACTION

# TABLE OF AUTHORITIES

**Page**

## Cases

Amaral v. Cintas Corp. No. 2,
  163 Cal. App. 4th 1157 (2008)................................................................................12

Catello v. I.T.T. Gen. Controls,
  152 Cal. App. 3d 1009 (1984)...................................................................................8

Columbus-America Discovery Group v. Atlantic Mut. Ins. Co.,
  974 F.2d 450 (4th Cir. 1992).....................................................................................8

Dist. of Columbia v. Merit Sys. Prot. Bd.,
  762 F.2d 129 (D.C. Cir. 1985)...................................................................................9

Golconda Petroleum Corp v. Petrol Corp.,
  46 F. Supp. 23 (C.D. Cal. 1942)..............................................................................10

Henry v. Vineland Irrigation Dist.,
  140 Cal. 376 (1903)..................................................................................................10

Lamont v. Wolfe,
  142 Cal. App. 3d 375 (1983)....................................................................................12

Miller v. Thomas,
  121 Cal. App. 3d 440 (1981)....................................................................................12

Munoz v. Purdy,
  91 Cal. App. 3d 942 (1979)......................................................................................12

Olle v. Henry & Wright Corp.,
  910 F.2d 357 (6th Cir. 1990).....................................................................................8

Olympic Sports Prods., Inc. v. Universal Athletic Sales Co.,
  760 F.2d 910 (9th Cir. 1985)....................................................................................13

Provencio v. Vazquez,
  258 F.R.D. 626 (E.D. Cal. 2009)..............................................................................13

Raylite Elec. Corp. v. Noma Elec. Corp.,
  170 F.2d 914 (2d Cir. 1948).....................................................................................10

00505.07975/3741013.8

MATTEL'S OPPOSITION TO DEFENDANT-IN-INTERVENTION MGA ENTERTAINMENT, INC.'S MOTION
TO CONFIRM DISMISSAL OF 04-9059 ACTION

Savaglio v. Wal-Mart Stores, Inc.,
   149 Cal. App. 4th 588 (2007)........................................................................ 8

Sch. Dist. No. 1J v. ACandS, Inc.,
   5 F.3d 1255 (9th Cir. 1993) ......................................................................... 8

Schneider v. Dumbarton Developers, Inc.,
   767 F.2d 1007 (D.C. Cir. 1985)................................................................. 11

Siena Court Homeowners Ass'n v. Green Valley Corp.,
   164 Cal. App. 4th 1416 (2008)............................................................... 8, 10

Townsend v. Driver,
   5 Cal. App. 581 (1907) .............................................................................. 10

U.S. v. State of Oregon,
   657 F.2d 1009 (9th Cir. 1981) .............................................................. 8, 9, 12

## **Statutes**

Cal. Code of Civ. Proc. § 387 ............................................................................ 8

Fed. R. Civ. P. 24(a) ........................................................................ 1, 2, 8, 9, 10

00505.07975/3741013.8

MATTEL'S OPPOSITION TO DEFENDANT-IN-INTERVENTION MGA ENTERTAINMENT, INC.'S MOTION
TO CONFIRM DISMISSAL OF 04-9059 ACTION

1

**Preliminary Statement**

2         MGA's one-page motion to confirm dismissal of the 04-9059 action—*i.e.*, the

3   Complaint that Mattel has had on file in this case for the past six and a half years, since

4   April 2004—is meritless and should be denied.  MGA intervened as of right as a

5   defendant in that case years ago, denying factual allegations in its answer-in-intervention

6   that form the basis of the Bratz-related claims that Mattel asserts against MGA.  MGA

7   thus occupies the status of an original defendant in the 04-9059 action.  Mattel's

8   settlement and dismissal of its claims against Bryant—rather than the entire case—does

9   not and cannot affect Mattel's claims against MGA or its status as an original defendant

10   under Rule 24(a).  The Court expressly recognized this in its May 23, 2008 Order when

11   it dismissed the claims against Bryant but specifically *preserved* Mattel's claims against

12   MGA.  Dkt. No. 3811.

13         Though MGA does not disclose its intent, its motion is, in substance, a thinly-

14   veiled motion for reconsideration of the Court's May 23, 2008 partial dismissal Order

15   and its May 27, 2008 statute of limitations Order, which held that the Bratz-related

16   claims against MGA, MGA Hong Kong, and Larian relate back to Mattel's April 2004

17   Complaint.  Although Mattel's FAAC reasserts every claim in the April 2004 Complaint,

18   and MGA's answer-in-intervention denies every allegation underlying Mattel's Bratz-

19   related claims, MGA apparently seeks to "confirm the complete dismissal of the 04-9059

20   action" in order to argue that there is no 2004 pleading to which Mattel's claims may

21   relate back.  Dkt. No. 8922 at 3.  MGA is simply wrong when it says that "the action

22   ended as against [intervenor-defendant] MGA" when "Mattel dismissed all of its claims

23   against Bryant."  Id.  And MGA is simply wrong in its insinuation that Mattel's Bratz-

24   based claims do not relate back to its 2004 pleading.  In all events, the motion to confirm

25   a dismissal that never happened should be denied.[1]

26

27   _____

[1]   Despite the Court's prior admonishments, MGA filed this motion without seeking to
meet and confer or discuss it with counsel in any way, once again violating the Court's
28   Orders.  Dkt. No. 8085.  MGA represents that "Mattel took no position" when "[l]ead
(footnote continued)

1

## Statement of Facts

2     **MGA's December 2004 Intervention.**  On April 27, 2004, Mattel sued Carter

3  Bryant and ten "Doe" defendants in California state court for breach of contract, breach

4  of fiduciary duty, breach of the duty of loyalty, unjust enrichment, and conversion.  Dkt.

5  No. 1 (Case No. 04-09059).  After that case was removed to federal court and assigned

6  Case No. 04-9059, the Court granted MGA's agreed stipulation to intervene in the action

7  as of right on December 7, 2004.  Dkt. No. 36 (Case No. 04-09059).  Since MGA was

8  not given an unconditional right to intervene by federal statute, see Fed. R. Civ. P.

9  24(a)(1), it could only intervene if the Court determined that MGA "claim[ed] an interest

10 relating to the property or transaction that is the subject of the action, and is so situated

11 that disposing of the action may as a practical matter impair or impede [MGA's] ability

12 to protect its interest, unless [Bryant] adequately represent[s] that interest." Fed. R. Civ.

13 P. 24(a)(2).  Based on this standard, MGA stipulated that it "has a significantly

14 protectable interest relating to the subject matter of the action, that the disposition of the

15 action may impair or impede MGA's ability to protect its interest absent intervention,

16 and that MGA's interest is not adequately represented by the existing parties." Dkt. No.

17 36 at 1 (Case No. 04-09059).  In its joinder to Bryant's opposition to Mattel's motion to

18 remand, MGA explained that "MGA intervened in this matter because it believes that its

19 substantial interest in the 'Bratz' property is at stake." See December 22, 2004 Joinder at

20 1.

21     Similarly, in its December 2004 answer-in-intervention to Mattel's 2004

22 Complaint, MGA stated that "[t]his copyright action necessarily implicates MGA's

23 rights, as MGA owns all intellectual property rights in 'Bratz.'" Dkt. No. 37 at 1 (Case

24 No. 04-09059).  While MGA denies that Mattel is entitled to rights in any of MGA's

25 intellectual property, including, without limitation, MGA's copyrights in the 'Bratz' line

26

27 counsel for MGA and Mattel met and conferred regarding the substance of this motion
on Monday, October 11, 2010." Dkt. No. 8922 at 2.  Suffice it to say that Mattel has no
recollection or record of that discussion.

28

MATTEL'S OPPOSITION TO DEFENDANT-IN-INTERVENTION MGA ENTERTAINMENT, INC.'S MOTION
TO CONFIRM DISMISSAL OF 04-9059 ACTION

1  of products, MGA must now intervene in this action to defend its intellectual property

2  rights." See id. at 2.[2]  MGA also denied critical allegations that form the basis for

3  Mattel's Bratz-related claims against MGA and asserted a litany of affirmative defenses.

4  In particular, MGA denied Mattel's allegations that it intentionally interfered with

5  Bryant's contract, aided and abetted Bryant's breach of fiduciary duty, aided and abetted

6  Bryant's breach of the duty of loyalty, and wrongfully converted Mattel's property.

7  MGA also asserted, among others, affirmative defenses of copyright preemption, unclean

8  hands, and statute of limitations:

9  • In paragraph 4, MGA denied that Bryant and the "Doe" defendants "were acting
10   in concert and active participation with each other in committing the wrongful
     acts alleged herein."

11 • In paragraph 14, MGA denied that "Bryant breach his contracts with Mattel and
     violated his duty of loyalty and his fiduciary duties to Mattel," denied that the
12   "Doe" defendants "have unlawfully aided and abetted his violation of such
     duties," and denied that "each of the defendants has been unjustly enriched and
13   engaged in acts of conversion."

14 • In paragraph 18, MGA denied that "Bryant materially breach the foregoing
     contracts with Mattel, in that, among other things, he secretly aiding, assisted and
15   worked for a Mattel competitor during his employment with Mattel, without the
     express written consent of Mattel."
16
   • In paragraphs 23 and 30, MGA denied that "Bryant breach his fiduciary duty to
17   Mattel" and that "breached his duty of loyalty to Mattel" because "while
     employed by Mattel, he secretly aided, assisted and worked for a competitor of
18   Mattel, including without limitation by entering into an agreement with a Mattel
     competitor."
19
   • In paragraphs 24 and 31, MGA denied that it "aided and abetted Bryant" to
20   breach his fiduciary duty and duty of loyalty to Mattel.

21 • In paragraph 42, MGA denied that it "wrongfully converted Mattel property and
     resources by asserting ownership thereto and by appropriating and using Mattel's
22   property and resources for their own benefit and gain and for the benefit and gain
     of others, without the permission of Mattel."
23
   • In paragraphs 23, 30, 36, 41, 42, 43 and its first affirmative defense, MGA
24   alleged that Mattel's claims against Bryant and MGA are preempted by the
     Copyright Act.
25

26

27  [2]  Although Mattel did not assert a copyright claim in its April 2004 Complaint, MGA
    alleges in its answer-in-intervention that "Mattel's purported conversion claim is nothing
28  more than a copyright claim in disguise."  See Dkt. No. 37 at 1 (Case No. 04-09059).

00505.07975/3741013.8

-6-

MATTEL'S OPPOSITION TO DEFENDANT-IN-INTERVENTION MGA ENTERTAINMENT, INC.'S MOTION
TO CONFIRM DISMISSAL OF 04-9059 ACTION

- In its third affirmative defense, MGA alleged that Mattel's claims against Bryant and MGA are barred by unclean hands.

- In its sixth and eighth affirmative defenses, MGA alleged that Mattel's claims against Bryant and MGA are barred by laches and the statute of limitations.

**The Court Instructs Mattel To Formally Add Its Claims Against MGA As Counterclaims to MGA's 2005 Action, But Finds That They Relate Back To Mattel's 2004 Complaint.** On November 20, 2006, Mattel sought leave to amend its April 2004 Complaint to and lodged its proposed First Amended Complaint ("FAC") with the Court. Dkt. Nos. 89, 90. Mattel's FAC substituted MGA, MGA Hong Hong, and Larian as "Doe" defendants in Mattel's April 2004 Complaint. FAC at ¶¶ 8-15. Mattel's amended pleading included the same claims for breach of contract, breach of fiduciary duty, breach of the duty of loyalty, and conversion that were asserted against Bryant in the April 2004 Complaint. FAC at ¶¶ 119, 131, 144, 156. It also included claims for intentional interference with a contract, aiding and abetting breach of fiduciary duty, aiding and abetting breach of the duty of loyalty, and conversion as against the "Doe" defendants MGA, MGA Hong Kong, and Larian. FAC at ¶¶ 124, 139, 152, 156. In addition to re-alleging the state law claims previously asserted in the April 2004 Complaint, Mattel also asserted copyright, trade secret, and RICO claims. FAC at ¶¶ 82-87, 88-105, 106-115.

MGA opposed Mattel's motion for leave based on undue delay by arguing that Mattel's November 2006 FAC presented nothing new. In particular, MGA conceded that Mattel's claims were either identical to the ones in the April 2004 Complaint or based on the same set of facts; according to MGA, the allegations in Mattel's April 2004 Complaint "underlie the copyright infringement and intentional interference contract claims [sic] Mattel now seeks to allege against MGA, Mr. Larian and Bryant," and "Mattel's present theory of copyright infringement is not new at all." See Dkt. 110 at 9, 12.

The Court granted Mattel leave to amend. Dkt. No. 142 at 22. Strictly for

1  administrative convenience related to the phasing of Mattel's claims, instructed Mattel to

2  file its claims as counterclaims to MGA's 2005 Complaint rather than amendments to

3  Mattel's 2004 Complaint.  Dkt. No. 142 at 21-22.  Given MGA's concessions that

4  Mattel's Bratz-related claims against MGA either arose from the same facts or were

5  actually asserted in Mattel's 2004 Complaint, the Court also held, as it granted leave to

6  amend, that Mattel's Bratz-based claims would relate back to Mattel's 2004 Complaint.

7  Dkt. No. 142 at 13-14.  As the Court noted, "[b]y MGA's own admission Mattel's

8  copyright claim arises out of the same conduct or transaction contained in the original

9  complaint filed in April, 2004."  Id.  While the Court ordered Mattel to file its claims as

10  counterclaims in the 05-2727 case, it did so *expressly* based on the caveat that "[n]one of

11  the substantive concerns raised by MGA and Bryant to the present amended complaint,

12  e.g. *statute of limitations*, would appear to be affected if the new claims and defendants

13  were brought as defenses and counterclaims in the 05-2727 case as opposed to the 04-

14  9059 one."  Dkt. No. 142 at 22 (emphasis added).  Mattel filed its Amended Answer and

15  Counterclaims ("AAC") on January 12, 2007, naming MGA, MGA Hong Kong, and

16  Larian as "Doe" defendants and incorporating by reference the FAC.  Dkt. No. 143 at ¶¶

17  8-15; see also id. at 22.

18  **Mattel's And Bryant's May 2008 Settlement And Stipulation.**  Mattel and

19  Bryant settled shortly before the Phase 1 trial.  On May 23, 2008, the Court granted a

20  stipulation between Mattel and Bryant dismissing Mattel's claims against Bryant alone.

21  Dkt. No. 3811.  Three separate times in its dismissal Order, the Court reiterated that

22  Mattel's claims against MGA were *not* affected by the Court's dismissal of Mattel's

23  claims against Bryant:

24  • Paragraph 1: "Mattel's claims and counterclaims against Bryant only (and not
   against MGA Entertainment, Inc., Isaac Larian, MGA Entertainment (HK)

25  Limited, MGAE de Mexico, S.R.L. de C.V., Carlos Gustavo Machado Gomez or
   any fictitious party, collectively hereinafter "the MGA Parties") are hereby

26  dismissed with prejudice."

27

28  • Paragraph 3: "The dismissal of Bryant shall not waive limit or modify in any
   manner, and shall not be construed to waive, limit or modify, Mattel's claims and

00505.07975/3741013.8

1    rights against the MGA Parties or against any entity or person other than Bryant in connection with these consolidated actions or otherwise."

2

3    • Paragraph 9: "Nothing in this Oder is intended to waive, limit or modify in any manner, and shall not be construed to waive, limit or modify, Mattel's claims and

4    rights against the MGA Parties or against any entity or person other than Bryant in connection with these consolidated actions or otherwise."

5

6    Nothing in the Court's May 23, 2008 Order purported to dismiss the entire April 2004

7    Complaint; such dismissal was clearly limited to "Mattel's claims and counterclaims

8    against Bryant only."  Dkt. No. 3811 at ¶ 1.

9         **The Court Finds That Mattel's Phase 1 Bratz-Related Claims All Relate Back**

10   **To The 2004 Complaint.**  After considering more than 100-pages of summary judgment

11   briefing and oral argument on the statute of limitations, the Court held on May 27,

12   2008—four days *after* the claims against Bryant were dismissed—that all Phase 1 Bratz-

13   related state law claims against defendant-intervenor MGA and substituted "Doe"

14   defendants MGA Hong Kong and Larian relate back to the April 2004 Complaint in the

15   04-9059 action that MGA now seeks to dismiss.  As to MGA, the Court held that "the

16   Phase 1 claims against MGA sought to be asserted by Mattel on November 20, 2006,

17   which arise out of the same factual allegations as do the claims asserted by Mattel

18   against Carter Bryant on April 27, 2004, relate back to the date that complaint was filed."

19   Dkt. No. 3826 at 8.  Likewise, "[a]s to the new parties sought be added on November 20,

20   2006 (MGA Entertainment HK Limited and Isaac Larian) . . . the claims against them

21   relate back to the April, 2004, complaint."  Id. at 9.  The Court summarized its prior

22   rulings in its June 4, 2008 Pre-Trial Conference Order:  for "the new claims asserted on

23   November 20, 2006, the Court ruled that all claims (except the copyright claim, upon

24   which the Court found it unnecessary to rule) related back to the filing of Mattel's

25   complaint against Carter Bryant in April, 2004."  Dkt. No. 3917 at 6.

26        **The Parties Take The 04-9059 Case To Trial.**  After Bryant was dismissed, the

27   parties then went to trial, in Phase 1, on Bratz-related claims and defenses, including

28   claims and defenses set forth in the pleadings in the 04-9059 action, such as Mattel's

00505.07975/3741013.8

1 | claims for intentional interference, aiding and abetting, and conversion.  The Court's Pre-

2 | Trial Conference Order—issued after the claims against Bryant were dismissed—

3 | identified Mattel's April 2004 Complaint and MGA's December 2004 answer-in-

4 | intervention as among the "pleadings that raise the issues in Phase 1."  Dkt. No. 3917 at

5 | 1-2.

6 |       **MGA's August 2010 Reply.**  On August 16, 2010, MGA filed its reply to

7 | Mattel's FAAC.  Dkt. No. 8583.  In that reply, MGA denied the same allegations that it

8 | previously had denied in its 2004 answer-in-intervention.  MGA still denies that Bryant

9 | breach his contract, breach his fiduciary duty, and breached his duty of loyalty, Dkt. No.

10 | 8583 at ¶¶ 212, 228, 241, and it still denies that it intentionally interfered or aided and

11 | abetted those breaches.  <u>Id</u>. at ¶¶ 222, 236, 249.  It still denies that it wrongfully

12 | converted Mattel's property.  <u>Id</u>. at ¶ 253.  It still asserts the same affirmative defenses of

13 | copyright preemption, unclean hands, and statute of limitations, among others.  <u>Id</u>. at

14 | Aff. Def. 2, 3, 4, and 28.  MGA has sought summary judgment on several of these issues.

15 | <u>**Analysis**</u>

16 | I.    **MGA'S MOTION SEEKS RECONSIDERATION OF THE COURT'S**

17 | **MAY 23, 2008 PARTIAL DISMISSAL ORDER AND MAY 27, 2008 STATUTE OF LIMITATIONS ORDER WITHOUT CAUSE.**

18 |       On May 23, 2008, the Court dismissed Mattel's claims against Bryant pursuant to

19 | the stipulation and settlement between Mattel and Bryant, confirming that Mattel's

20 | claims against MGA and the other defendants were unaffected by that dismissal.  Dkt.

21 | No. 3811.  Four days *after* the dismissal of those discrete claims, the Court then

22 | reaffirmed its prior January 11, 2007 Order that Mattel's Bratz-related claims against

23 | MGA, MGA Hong Kong, and Larian relate back to Mattel's April 2004 Complaint.  Dkt.

24 | No. 3826.  MGA did not move to "confirm the complete dismissal of the 04-9059

25 | action" when the claims against Bryant were dismissed in May 2008, nor did it argue

26 | that this dismissal affected the Court's relation back analysis.  Indeed, MGA has never

27 | before argued that the entire 2004 case was dismissed because that proposition plainly

28 | conflicts with reality—by the dismissal order's clear terms, the entire action was *not*

1   dismissed.  Dkt. No. 3811 at ¶¶ 1, 3, 9.  MGA has not met the heightened standards it

2   must meet to seek reconsideration of the Court's prior Orders; it presents no new facts,

3   and the two old cases it cites support Mattel's position, not MGA's, as discussed below.

4   See Sch. Dist. No. 1J v. ACandS, Inc., 5 F.3d 1255, 1262 (9th Cir. 1993)

5   ("Reconsideration [of summary judgment] is appropriate if the district court (1) is

6   presented with newly discovered evidence, (2) committed clear error or the initial

7   decision was manifestly unjust, or (3) if there is an intervening change in controlling

8   law.").

9   **II.   MATTEL'S 2004 ACTION HAS NEVER BEEN, AND CANNOT BE, COMPLETELY DISMISSED.**

10         MGA has long been a party to the 2004 case brought by Mattel, at its own choice.

11  Mattel originally sued Bryant and ten "Doe" defendants in California state court.  After

12  Bryant removed that case to federal court, the Court granted MGA's unopposed motion

13  to intervene as of right under Rule 24(a)(2) because "its substantial interest in the 'Bratz'

14  property is at stake."  See December 22, 2004 Joinder at 1.  MGA intervened "as a party

15  to this action," Dkt. No. 3811 at 1, not "for procedural purposes only" as it now claims.

16  Dkt. No. 8922 at 3.  Indeed, it is well established that "intervenors under Fed. R. Civ. P.

17  24(a)(2) . . . enter the suit with the status of original parties and are fully bound by all

18  future court orders."  U.S. v. State of Oregon, 657 F.2d 1009, 1014 (9th Cir. 1981); see

19  Columbus-America Discovery Group v. Atlantic Mut. Ins. Co., 974 F.2d 450, 469 (4th

20  Cir. 1992) ("intervenors of right 'assume the status of full participants in a lawsuit and

21  are normally treated as if they were original parties once intervention is granted.'"); Olle

22  v. Henry & Wright Corp., 910 F.2d 357, 361 (6th Cir. 1990) ("H & W2, as an intervenor,

23  became a party for all purposes.").[3]  Intervenor-defendants like MGA render themselves

24

25  _____

26  [3]   The law is identical under California law.  Mandatory intervention under California
     Code of Civil Procedure § 387 is governed by same standard as Rule 24(a).  Siena Court
     Homeowners Ass'n v. Green Valley Corp., 164 Cal. App. 4th 1416, 1423 (2008).  The

27  intervener becomes a party to the action, with all of the same procedural rights and
     remedies of the original parties.  Savaglio v. Wal-Mart Stores, Inc., 149 Cal. App. 4th

28  588, 602 (2007); Catello v. I.T.T. General Controls, 152 Cal. App. 3d 1009, 1013 (1984).

1   "vulnerable to complete adjudication . . . of the issues in litigation between the intervener

2   [sic] and the adverse party."  State of Oregon, 657 F.2d at 1014.

3           By successfully intervening, MGA obtained certain rights, such as the right to

4   fully participate in discovery as it has done since December 2004.  At the same time,

5   MGA's intervention made it vulnerable to complete adjudication of the issues.  State of

6   Oregon, 657 F.2d at 1014.  After intervening, MGA acted in all respects as an original

7   defendant and fully participated in the 04-9059 action even though it was not named as a

8   party by Mattel until November 2006; the price of such intervention is the possibility that

9   Mattel obtains relief against MGA even after the elimination of the original defendant—

10  Bryant—from the lawsuit.

11          District of Columbia v. Merit Systems Protection Board, 762 F.2d 129, 132 (D.C.

12  Cir. 1985), is instructive.  In that case, the District sued the Merit Systems Protection

13  Board ("MSPB") in D.C. Superior Court, and the case was removed to federal court.  Id.

14  at 131.   Since the case involved his entitlement to attorney's fees, Lee Lendt's

15  unopposed motion to intervene as a defendant under Rule 24(a) was granted.  Id.  After

16  the Court granted MSPB's motion to dismiss based on sovereign immunity, it "dismissed

17  the entire action" rather than just the District's claims against the MSPB.  Id.  The D.C.

18  Circuit reversed, reasoning that "[b]ecause Lendt assumed the status of an original party

19  upon intervention, the district court *was obliged to dispose* of the District's review action

20  against Lendt once it determined that the MSPB could not be named as a respondent in

21  this dispute."  Id. at 132 (emphasis added).

22          Intervenors under Rule 24(a)(2) assume the status of full participants in a
        lawsuit and are normally treated as if they were original parties once
23      intervention is granted . . . . By successfully intervening, a party makes
        herself 'vulnerable to complete adjudication by the federal court of the
24      issues in litigation between the intervenor and the adverse party.' . . . .
        *The "price" of such intervention, we believe, is the possibility that the*
25      *plaintiff will be able to obtain relief against the intervenor-defendant*
        *even if the original defendant is eliminated from the lawsuit.*

26

27

28

MATTEL'S OPPOSITION TO DEFENDANT-IN-INTERVENTION MGA ENTERTAINMENT, INC.'S MOTION
TO CONFIRM DISMISSAL OF 04-9059 ACTION

1    Id. (internal citations omitted) (emphasis added).  The rule is perfectly clear—MGA has

2    been for six years, and remains, a defendant in the 04-9059 case.[4]

3         MGA's 107-year old state court authority is off point.  In Henry v. Vineland

4    Irrigation District, 140 Cal. 376 (1903), the plaintiff voluntarily dismissed ***its entire***

5    ***action*** before trial, so the court determined that any remaining claims against the

6    intervenor-defendant were also extinguished.  Id. at 378 ("The plaintiffs by *dismissing*

7    *their action* ceased their claims, and thereafter there was nothing to resist [by the

8    intervenor-defendant].") (emphasis added).  In contrast, the Court's May 23, 2008 Order

9    only dismissed Mattel's claims against Bryant; it did not dismiss the entire 04-9059

10   action.  Dkt. No. 3811 at ¶¶ 1, 3, 9.  Just four years after Henry was decided, California

11   courts recognized the distinction between dismissing claims and dismissing the entire

12   action in the context of intervention.  In Townsend v. Driver, 5 Cal. App. 581 (1907), the

13   court distinguished Henry and held "[a]fter the court has determined by its order that a

14   party has an interest in the subject-matter of a suit and should be permitted to litigate

15   such interest therein, it is not within the power of the plaintiff . . . to annul such order of

16   the court by dismissing the action as to such parties; and, unless the court vacates the

17   order permitting intervention, the plaintiff, so long as he seeks relief under the action,

18   must meet such issues raised by the complaints in intervention."  Id. at 584.  In

19   Townsend, the "complaints in intervention," like MGA's December 2004 Answer-in-

20   Intervention, simply requested that "plaintiff take nothing and that interveners recover

21   their costs."  Id.  The December 7, 2004 Order granting MGA's motion to intervene

22   being still effective, and "the issues of fact tendered by the complaints in intervention

23   being still undetermined," it is proper for Case No. 04-9059 to proceed against

24   intervenor-defendant MGA, just as in Townsend.[5]  Id.

25   _____

26   [4]   This rule applies regardless of whether the claims against the original defendant are
     involuntarily dismissed by the Court or voluntarily dismissed by stipulation.  Raylite
     Elec. Corp. v. Noma Elec. Corp., 170 F.2d 914, 915 (2d Cir. 1948), overruled on other

27   grounds by Chappell & Co. v. Frankel, 367 F.2d 197, 200 (2d Cir. 1966).
     [5]   The other case MGA cites—Golconda Petroleum Corp v. Petrol Corp., 46 F. Supp. 23

28   (C.D. Cal. 1942)—does not help it either.  Citing Henry and Driver, the court in
     (footnote continued)

00505.07975/3741013.8                          -13-

1    MGA's arguments are particularly disingenuous in light of the clear terms of the

2    Court's Orders.  Contrary to MGA's argument, Mattel did not "settle[] the case"; it

3    settled certain claims asserted against Bryant, and specifically preserved all its claims

4    against MGA.  Dkt. No. 8922 at 3.  Indeed, the Court's dismissal Order could not make

5    this more clear.  Dkt. No. 3811 at ¶¶ 1, 3, 9.  Since MGA intervened as a defendant in the

6    04-9059 action and denied the allegations of Mattel's 2004 Complaint, and the claims

7    against it were never dismissed, there is no basis to dismiss the entire case.  See

8    Schneider v. Dumbarton Developers, Inc., 767 F.2d 1007, 1017 (D.C. Cir. 1985) ("As an

9    intervenor, 2106 subjected itself to the plaintiff's claims against the defendant,

10   notwithstanding plaintiff's failure to amend his complaint to include reference to 2106.").

11   **III.    ALL OF MATTEL'S BRATZ-RELATED CLAIMS RELATE BACK TO
         THE 2004 COMPLAINT.**

12

13   Though MGA shies away from stating its true purpose in its motion, it

14   undoubtedly seeks to confirm a dismissal that never happened (as discussed above) to

15   further its misguided and misleading arguments—which it has weakly saved for reply,

16   despite the many prior rulings of the Court in Mattel's favor—that Mattel's claims do not

17   relate back to the 2004 pleading.  The fact is that they do, and that is so both as to MGA,

18   the defendant-in-intervention in the 2004 case, and as to Larian and MGA Hong Kong,

19   who were substituted as "Doe" defendants in 2006.

20   On June 19, 2006, the Court consolidated the 04-9049 action (Bryant's 2004

21   Complaint against Mattel), the 04-9059 action (Mattel's 2004 Complaint against Bryant),

22   and the 05-2727 action (MGA's 2005 Complaint against Mattel) "for all purposes"

23   because "they involve a number of common issues of law and fact."  Dkt. No. 46 at 1.

24   Since MGA voluntarily intervened in the 04-9059 action on December 2004 and became

25

26   Golconda stated that "where a party is allowed to intervene in an action in aid of either
     side, ***and the original action is dismissed***, intervention also fails."  Id. at 25 (emphasis

27   added).  As explained above, the entire 04-9059 action was not dismissed; only certain
     claims against Bryant were.  The Court should reject MGA's attempt to rely on cases
     where *the plaintiff* voluntarily dismissed the entire case—something that simply did not

28   happen here—to argue that *the Court* should do the same here.

MATTEL'S OPPOSITION TO DEFENDANT-IN-INTERVENTION MGA ENTERTAINMENT, INC.'S MOTION
TO CONFIRM DISMISSAL OF 04-9059 ACTION

1   an original defendant for all purposes, <u>State of Oregon</u>, 657 F.2d at 1014, the Court held

2   previously that Mattel's Bratz-based claims against MGA relate back because they arise

3   from the same general set of facts as Mattel's original claims against Bryant.  Dkt. No.

4   3826 at 8-9; <u>see also</u> <u>Lamont v. Wolfe</u>, 142 Cal. App. 3d 375, 379 (1983).  Indeed,

5   Mattel alleges that MGA intentionally interfered with and aided and abetted the same

6   breaches of contract, fiduciary duty, and duty of loyalty alleged in the 2004 Complaint.

7   Dkt. No. 3826 at 8 (noting MGA's status as an intervenor-defendant and holding that all

8   Bratz-related state law claims against MGA relate back to the 2004 Complaint).

9   Similarly, the claims against Larian and MGA Hong arose from the same general set of

10  facts, and the Court held that those defendants were properly substituted as "Doe"

11  defendants in Mattel's pleading, and that Mattel's Bratz-based claims against them

12  related back to the 2004 Complaint, because Mattel was ignorant of their liability until

13  November 4, 2004.  Dkt. No. 142 at 15-16 n.5; Dkt. No. 3826 at 8-9; <u>see</u> <u>also</u> <u>Miller v.</u>

14  <u>Thomas</u>, 121 Cal. App. 3d 440, 445-46 (1981); <u>Munoz v. Purdy</u>, 91 Cal. App. 3d 942,

15  947 (1979).  The Court then reaffirmed its prior rulings on relation back after the claims

16  against Bryant were dismissed, Dkt. No. 3917 at 6, thus rejecting the argument that

17  MGA now makes over two years later that the entire 04-9059 action, including Mattel's

18  April 2004 Complaint, must be dismissed.

19          The Court's relation back analysis was correct, and MGA provides no authority—

20  let alone new authority—for disturbing those rulings.  Indeed, Mattel's April 2004

21  Complaint has been incorporated by Mattel's FAAC, rendering the initial pleading

22  operative for relation back purposes *regardless* of whether the 2004 action was

23  dismissed or not.  <u>See</u> <u>Amaral v. Cintas Corp. No. 2</u>, 163 Cal. App. 4th 1157, 1199

24  (2008) ("if an amendment is sought after the statute of limitations has run, the amended

25  complaint will be deemed filed as of the date of the original complaint *provided recovery*

26  *is sought in both pleadings on the same general set of facts*.") (emphasis added).

27  Recovery in Mattel's operative Fourth Amended Answer and Counterclaims, insofar as

28  those claims related to Bryant, most certainly seeks recovery on the same general set of

00505.07975/3741013.8

1    facts as its April 2004 Complaint.  See Dkt. No. 1 at ¶ 12 (Case No. 04-9059) ("In late

2    November 2003, Mattel learned that Bryant had secretly aiding, assisted and worked for

3    a Mattel competitor, including without limitation by entering into an agreement with the

4    competitor, during the time Bryant was employed by Mattel . . . .").

5         Finally, and most critically, any suggestion that Mattel's Bratz-based claims do

6    not relate back to its 2004 pleading because Mattel named the MGA parties as

7    defendants in the 05-2727 action would contradict the express bases for the January 11,

8    2007 Order instructing Mattel to denominate its claims as counterclaims.  Mattel sought

9    leave to amend its 2004 Complaint to name these parties as defendants to it.  See Dkt.

10   No. 89 at 13; FAC at ¶¶ 8-15.  The Court, for administrative convenience, instructed

11   Mattel to bring the claims as counterclaims—and it did so based on the ***express***

12   conclusion that statute of limitations issues would be unaffected.  Dkt. No. 142 at 22

13   ("[n]one of the substantive concerns raised by MGA and Bryant to the present amended

14   complaint, e.g. ***statute of limitations***, would appear to be affected if the new claims and

15   defendants were brought at defenses and counterclaims in the 05-2727 case as opposed

16   to the 04-9059 one.") (emphasis added).  It would be improper, and would violate due

17   process, if Mattel were deemed to have lost substantive rights, including relation back

18   rights under California state law, based on the happenstance that the Court, solely for

19   reasons of administrative convenience, required Mattel to denominate its claims as

20   counterclaims in the 05-2727 action rather than as amendments in the 04-9059 action.

21   See Provencio v. Vazquez, 258 F.R.D. 626, 631 (E.D. Cal. 2009) ("California's relation-

22   back rule is inextricably intertwined with its statute of limitations"); Olympic Sports

23   Prods., Inc. v. Universal Athletic Sales Co., 760 F.2d 910, 913 (9th Cir. 1985) ("Statutes

24   of limitations, which dictate the life of state causes of action, are too intimately

25   connected with the substance of the state-created right to be disregarded by the federal

26   courts" and "any application of the Rules of Decision Act which invades that substantive

27   province must be unconstitutional") (citing Guar. Trust Co. v. York, 326 U.S. 99, 109-

28   110 (1945)).

MATTEL'S OPPOSITION TO DEFENDANT-IN-INTERVENTION MGA ENTERTAINMENT, INC.'S MOTION
TO CONFIRM DISMISSAL OF 04-9059 ACTION

1

## **Conclusion**

2          Mattel respectfully requests that the Court deny MGA's motion to confirm

3   dismissal of the 04-9059 action.

4

5   DATED:   October 26, 2010          QUINN EMANUEL URQUHART &
                                       SULLIVAN. LLP

6

7                                      By /s/ Michael T. Zeller

8                                          Michael T. Zeller
                                           Attorneys for Mattel, Inc., and Mattel de
9                                          Mexico. S.A. de C.V.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

00505.07975/3741013.8

-17-