ANNETTE L. HURST (State Bar No. 148738)
ahurst@orrick.com
WARRINGTON S. PARKER III (State Bar No. 148003)
wparker@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
405 Howard Street
San Francisco, CA 94105-2669
Tel: (415) 773-5700/Fax: (415) 773-5759

WILLIAM A. MOLINSKI (State Bar No. 145186)
wmolinski@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA 90017
Tel. (213) 629-2020/Fax: (213) 612-2499

THOMAS S. MCCONVILLE (State Bar No. 155905)
tmcconville@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
4 Park Plaza, Suite 1600
Irvine, CA 92614-2258
Tel: (949) 567-6700/Fax: (949) 567-6710

Attorneys for MGA Parties

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>MGA ENTERTAINMENT, INC., a California corporation, et al.,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | Case No. CV 04-09049 DOC (RNBx)<br>Consolidated with:<br>Case Nos. CV 04-09059 & CV 05-02727<br><br>**Hon. David O. Carter**<br><br>**MGA PARTIES' OPPOSITION TO MATTEL, INC.'S *EX PARTE* APPLICATION FOR ORDER TO COMPEL DISCOVERY OF FORMER MGA PERSONNEL FILES, CONTACT INFORMATION AND DOCUMENTS RE COUNTERCLAIMS IN REPLY**<br><br>Date: TBD<br>Time: TBD<br>Dept: Courtroom 9D<br><br>**Discovery Cut-off:** **November 1, 2010**<br>**Trial Date:** **January 11, 2011** |

## I. INTRODUCTION

Mattel's ex parte purportedly deals with MGA's counterclaims in reply. However, it does not. The documents to which Mattel refers in its ex parte do not show that anyone from MGA ever snuck into Mattel showrooms—which has been the limit which the Court has imposed on discovery into the counterclaims in reply, and is the allegation which MGA has made against Mattel. See e.g. Order dated October 26, 2010. As MGA advised the Court on October 6, 2010, document MGA 2 3120922-24 (cited in ex parte application at 3-4) relates to the activities of an MGA German distributor, Zapf (October 6, 2010 Transcript, p. 23-24). Document MGA 0151823-25 (cited in ex parte application at 4) reflects that Hasbro received information from Mattel, not MGA. The other documents cited in the ex parte application reflect information received from retailers at public shows or from planogram rooms—which Mattel has asserted is not confidential information. Deposition of Mattel 30(b)(6) Keith Storie, October 19, 2010, p. 2316. ("And I guess why I'm unclear is because these planogram rooms are a situation in which another party is able to view a different company's products, which to me seems inconsistent with something being kept confidential.") .

Mattel's ex parte is simply a fishing expedition. The documents referenced in the ex parte have all been produced for months, and some of them for years dating back to 2007. Yet Mattel did not seek to propound additional discovery. Instead, it has now come to the Court seeking burdensome and exceptional ex parte relief, including the harvesting of hard drives. Had these documents been so critical to Mattel, it should have requested the documents in the normal course of discovery, and within time to meet the November 1, 2010 discovery cut off. Mattel did not, and, as demonstrated above, the documents on which Mattel relies to establish its extraordinary relief, do not support its claimed need for discovery into the counterclaims in reply.

1   As for the personnel files it seeks, this Court has already denied Mattel's
2   request for personnel files.  See Order Re Omnibus Discovery Motions dated
3   October 1, 2010.  Mattel's ex parte is simply a motion for reconsideration of that
4   Order.  As with its request to harvest hard drives, Mattel is again on a fishing
5   expedition concerning the personnel files.  Nevertheless, MGA has agreed to
6   produce the personnel files for the witnesses Mattel deposes.  Further, MGA has
7   provided Mattel with contact information it did not have.  Mattel's ex parte on this
8   topic should be denied.

9   Finally, while Mattel did engage in a lead counsel meet and confer
10  concerning the issue of personnel files and contact information, lead counsel for
11  Mattel did not raise with MGA's lead counsel during the meet and confer session
12  the issue of harvesting hard drives or an extension of the November 1, 2010
13  discovery deadline.  This is yet another reason to deny Mattel's ex parte application.

14  **II.   ARGUMENT**

15  **A.   Mattel's Ex Parte Does Not Seek Information Related to MGA's Counterclaims in Reply.**
16

17  The Court has been clear that discovery conducted after October 4, 2010
18  discovery deadline must relate to MGA's counterclaims in reply.  In its ex parte,
19  Mattel sweeps broadly that the information it seeks relates to the counterclaims in
20  reply.  However, upon analyzing the documents to which Mattel cites in its ex
21  parte, Mattel fails.  None of the documents on which Mattel purports to rely have
22  anything to do with MGA "sneaking" into Mattel showrooms.  At most, the
23  documents show that others may have accessed Mattel showrooms, but no one from
24  MGA did.

25  In addition, Mattel has previously asked MGA's 30(b)(6) witnesses about
26  these exact episodes reflected in the emails numbered MGA2 3120922-24 and
27  MGA 0151823-25, who confirmed that MGA did not engage in the conduct
28  referenced in the emails.  See  Deposition of MGA 30(b)(6) Isaac Larian, dated

October 5, 2010, pgs. 6218-6258 (concerning MGA2 3120922-24) ; Deposition of MGA 30(b)(6) Dennis Jolicoeur, dated September 2, 2010, pgs. 4940-4942 (concerning MGA 0151823-25).  Thus, Mattel has conducted discovery on these exact issues, and knows that MGA did not sneak into any Mattel showroom.

    To be clear, MGA's counterclaims in reply allege that, over the course of years, Mattel engaged in a practice of sneaking into MGA showrooms, which are private.  And because they are private, Mattel's Market Intelligence group had to create fake identification, fake businesses, and fake invoices to access these private rooms.  Mattel has produced the fake business cards, and its "How to Sneak Into Showrooms" manual.  Mattel's spying and sneaking spanned the globe.  Multiple Mattel employees have confirmed and participated in this practice, including Sal Villasenor, Matthew Turetzky, Kelly Osier, and Carey Plunkett.  Mattel has no similar evidence concerning MGA's activities, and is now on a "fishing expedition."

    As for the other documents which Mattel cites in its application, those indicate that potentially MGA employees accessed planogram rooms at retailers, or received other information from retailers.  Mattel and its executives have taken the position that information in the hands of retailers, and in particular planogram rooms, cannot be confidential  <u>See</u> Deposition of Mattel 30(b)(6) Keith Storie, dated October 19, 2010, p. 2316; Deposition of Russell Arons, dated April 21, 2010, p. 319, lines 12-14 ("Retailers, once they had information about products, would share them at their discretion."); Deposition of Timothy Kilpin, dated April 8, 2010, p. 418, lines 1-4 ("Our experience with retailers is that it's—it's not particularly confidential once they've seen it and start to planogram it and work with it."); Deposition of Ericka Ashbrook, dated February 3, 2010, p. 46, lines 11-17 ("Q. [Agreement]–between Mattel and Walmart as to whether Mattel's unreleased product will be kept confidential by Walmart as it's displayed in the planogram room? A. As it's displayed, not to my knowledge.").

In any event, information received from retailers is not information taken from Mattel showrooms. That has been the limit the Court has placed on discovery being conducted through November 1, 2010. See October 26, 2010 Order (discovery not permitted on into "evidence relevant to other claims and counterclaims in this expansive litigation"); October 21, 2010 Order at 15 ("[T]he Court's Orders have been very clear that fact discovery about all issues other than the counterclaims in reply is now closed.").

As Mattel has not made a showing in its ex parte that the information it seeks concerns the counterclaims in reply, its application must be denied.

### B. Many of the documents referenced in Mattel's **Ex Parte** were produced years ago, and all documents were produced in time for Mattel to abide by regular methods of discovery.

Mattel makes no showing concerning why it is proceeding on an ex parte basis. Mattel has had most of the information about which it seeks ex parte relief for years. MGA 0151823-25 and MGA 0178922-23, referenced on page 4 of Mattel's application, were produced by MGA on September 17, 2007. MGA 4368749-51, referenced on page 6 of Mattel's application, was produced by MGA on January 28, 2008. MGA2 1763053-54, referenced on page 7 of Mattel's application, was produced by MGA on July 24, 2010. MGA2 2700263, referenced on page 6 of Mattel's application, was produced by MGA on August 31, 2010. And MGA2 3120922-24, referenced on page 4 of Mattel's application, was produced by MGA on September 3, 2010. Further, MGA filed its counterclaims in reply on August 16, 2010. Dkt. No. 8583.

Mattel offers no explanation for why it could not have propounded through the normal course of discovery the information it seeks via its ex parte. It makes no showing why it waited, literally, until the last minute to seek discovery it claims is critical. Mattel has known about some of these documents for years, and all of them for months. It has had MGA's counterclaims in reply for months. MGA

should not be burdened by expedited discovery, into matters that do not relate to the counterclaims in reply, simply because Mattel waited too long. Mattel offers no justification.

Further, Mattel makes no showing about what specific information it does not already have. Mattel has information about each of the persons from whom it seeks its exceptional discovery. MGA has produced literally thousands of documents referencing each of the individuals listed in Mattel's ex parte application at page 6: Lisa Saunders (who Mattel will depose on October 28, 2010) appears in 19,865 documents; Janine Firth appears in 29,649; Sandrine de Raspide appears in 17,691; Patrick Potgiesser (whom Mattel has deposed) appears in 4,692, including 546 documents produced from his custody; and Shawn Brower appears in 3,504. Despite all this, Mattel makes no argument about a particular document or email which is referenced that it does not have. Mattel's ex parte is the exact type of "fishing expedition" which the Court has warned against at this late stage.

Finally, but just as significant, the requested relief Mattel seeks—the harvesting of hard drives—goes well beyond any obligation under the Federal Rules of Civil Procedure, is exceptionally burdensome, and has been objected to by Mattel in the past. Indeed, Mattel does not even cite a particular outstanding document request to which this harvesting would be responsive. For MGA to comply, it would have to (1) locate the relevant hard drives for long-departed employees, and for some of these witnesses, it would include a search of European countries; (2) harvest the information; (3) review the information for responsiveness and privilege; and then (4) produce. Such a process could not realistically be complete in advance of November 1, 2010. It is burdensome, time consuming and costly.

Mattel has waited too long, has made no showing for its delay, and has not identified a particular document it is missing. Mattel's application must be denied.

### C. The Court has previously rejected Mattel's efforts to obtain personnel files.

On September 16, 2010, Mattel filed its Omnibus Discovery Motion which sought, among other things, personnel files, citing to the same DM Order 6 it cites in its ex parte. See Dkt. No. 8801, p. 7-8. Notably, that motion was filed after all of the documents cited in Mattel's application had been produced by MGA. The Court denied Mattel's motion related to personnel files. See Order Re Omnibus Discovery Motions dated October 1, 2010, p. 2, item 6. Though Mattel cites unpublished opinions to support its claim for these personnel files, it fails to cite this Court's prior order denying Mattel's motion to compel on this exact issue.

In addition, MGA has provided contact information to Mattel for Angelika Sternberg (located in Germany), Janine Firth (located in Arkansas), and Sandrine de Raspide (located in Maryland). As for Janet Han, she's a former Mattel employee (ex parte application at 5), so Mattel has her contact information. On a related not, although MGA requested a last-known address from Mattel for Michelle McShane, Mattel has failed to provide it.

Finally, MGA has offered to produce the relevant personnel files for the former employees should Mattel depose them. Indeed, MGA has produced the personnel file for both Mr. Potgiesser and Ms. Saunders, whose depositions have occurred or are scheduled to occur. It has never been the practice, throughout this protracted litigation, to simply produce personnel files for individuals at the request of the other party. The Court has previously denied Mattel's request for personnel files, and Mattel has made no argument or showing why the Court should reconsider its prior ruling.

### D. MGA's objects to the Mattel's request to move the discovery cut off beyond November 1, 2010 to take these depositions, and in any event, Mattel is seeking to expand the number of depositions which the Court has approved.

In its <u>ex parte</u>, Mattel seeks to move the November 1, 2010 discovery cut off to take depositions. MGA objects. These witnesses are literally located all over the world. Mattel has not made any offer of proof concerning the diligence it has undertaken to locate these persons prior to the discovery cut off. That alone is a basis for denying Mattel's request.

Further, the Court has permitted the parties to take up to 4 additional fact witnesses, for testimony totaling 25 hours. <u>See</u> October 6, 2010 Transcript at pages 29-30. Putting aside the issue of whether these witnesses are related to "sneaking into showrooms" (they are not), and also putting aside whether the November 1, 2010 discovery cut off should be extended (it should not), Mattel has only 1 deposition remaining from its allotted 4. Concerning the counterclaims in reply, Mattel has already taken the deposition of Patrick Potgiesser on October 25; it is scheduled to take the deposition of Lisa Saunders on October 28, and Gustavo Machado on November 1. Thus, Mattel only has one additional witness remaining on its counterclaims in reply, and will have limited hours remaining from its allotted 25. To the extent Mattel is requesting that it be permitted to take even more depositions beyond those allowed by the Court, MGA objects.

### E. Mattel's lead counsel never met and conferred with MGA's lead counsel concerning harvesting documents from hard drives or extending discovery cut off.

The Court has been crystal clear that it requires lead counsel to meet and confer on issues prior to seeking relief from the Court. Mattel's lead counsel never met and conferred with MGA's lead counsel on the topics of harvesting documents from hard drives, nor on extending the discovery cut off. The only issue discussed among lead counsel on the subject of this application was personnel files and

contact information. See October 20, 2010 email from S. Watson to A. Hurst and T. McConville ("Finally, Mattel anticipates seeking ex parte relief regarding the last known address of Janet Han and phone numbers and personnel files for the individuals Scott has been discussing with Tom."). Mattel's disregarding of this Court's orders concerning meet and confers is yet another reason to deny its application.

### III. CONCLUSION

Based on the foregoing, MGA respectfully requests that the Court deny Mattel's ex parte application.

Dated: October 27, 2010        ORRICK, HERRINGTON & SUTCLIFFE LLP


                               By: /s/ Thomas S. McConville
                                   Thomas S. McConville
                                   Attorneys for MGA Parties