QUINN EMANUEL URQUHART & SULLIVAN, LLP
  John B. Quinn (Bar No. 090378)
  (johnquinn@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:   (213) 443-3000
Facsimile:    (213) 443-3100

Attorneys for Mattel, Inc. and Mattel de
Mexico, S.A. de C.V.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation, and Mattel de Mexico, S.A. de C.V., a Mexico business entity, | CASE NO. CV 04-9049 DOC (RNBx) |
| | Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727 |
| Plaintiff, | |
| | Hon. David O. Carter |
| vs. | MATTEL, INC.'S *EX PARTE* APPLICATION FOR ORDER TO COMPEL DISCOVERY OF FORMER MGA EMPLOYEE PERSONNEL FILES, CONTACT INFORMATION AND DOCUMENTS RE COUNTERCLAIMS IN REPLY |
| MGA ENTERTAINMENT, INC., a California corporation, et al., | |
| Defendant. | MEMORANDUM OF POINTS AND AUTHORITIES |
| AND CONSOLIDATED ACTIONS | [[Proposed] Order Submitted Herewith] |
| **[PUBLIC REDACTED VERSION]** | Hearing Date:  TBD<br>Time:              TBD<br>Place:            TBD |
| | Pre-trial Conf:          January 4, 2011<br>Trial Date:                January 11. 2011 |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Mattel, Inc. and Mattel de Mexico, S.A. de C.V. (collectively, "Mattel") respectfully apply ex parte, pursuant to Local Rule 7-19, for an Order compelling discovery of former MGA employee personnel files, contact information and documents relevant to MGA's counterclaims-in-reply.

MGA is obstructing Mattel's efforts to take discovery as to MGA's counterclaims-in-reply.  Emails MGA withheld until last month reveal that Shawn Brower, Janine Firth, Lisa Saunders, Patrick Potgiesser, and Sandrine de Raspide were materially involved in MGA's efforts to purloin information from Mattel's confidential toy fair showrooms and displays.  Even though the scant documents that MGA has produced thus far show that each of them was therefore involved in events directly relevant to MGA's own claims, MGA has produced no documents from the computers of these five participants.  Moreover, certain documents from Angelika Sternberg's files were produced in 2008, but none have been produced since.  Thus Mattel requests an order that MGA produce all documents relevant to its counterclaims-in-reply from these custodians.

MGA further should be compelled to provide the personnel files, last known telephone numbers, and last known addresses of four former MGA employees whose names appear on emails showing MGA and Zapf infiltrating Mattel's showrooms and displays at toy fairs and reporting their observations back to Isaac Larian and others at MGA.  Mattel has requested from MGA the personnel files, last known address and last known telephone numbers for Angelika Sternberg, Janine Firth, Janet Han and Sandrine de Raspide (the "Former Employees").  MGA first claimed that it has no last known address for the Former Employees.  It later produced addresses for Ms. Sternberg, Ms. Firth and Ms. de Raspide, but has refused to provide the personnel files or its last known telephone numbers for those three.  MGA has provided Mattel no information about Ms. Han.  In the event Mattel is unable to locate these individuals in time to take

-1-

1  their depositions prior to the discovery cutoff, Mattel asks for leave to take these
2  depositions after November 1.

3       This Application is based on this Notice of Application and Application, the
4  accompanying Memorandum of Points and Authorities, the records and files of this
5  Court, and all other matters of which the Court may take judicial notice.

6  **<u>Notice And Meet and Confer</u>**

7       Pursuant to <u>Local Rule</u> 7-19, on October 19, 2010, Mattel's counsel gave notice
8  of the instant *ex parte* to counsel for the MGA Parties, Annette Hurst and Thomas
9  McConville, Orrick, Herrington & Sutcliffe, LLP; 405 Howard Street, San Francisco,
10  CA, telephone: (415) 773-4585, and e-mail: tmcconville@orrick.com,
11  ahurst@orrick.com.  Lead counsel for the parties met and conferred via telephone on
12  October 21, 2010 to attempt to resolve this issue in advance of the filing of this *ex*
13  *parte*.  No resolution was reached.

14

15  DATED:  October 25, 2010     QUINN EMANUEL URQUHART &
16          SULLIVAN, LLP

17

18       By  /s/ Michael T. Zeller
19        Michael T. Zeller
20        Attorneys for Mattel, Inc. and Mattel de
      Mexico, S.A. de C.V.

21

22

23

24

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

### Preliminary Statement

As the Court is aware, recently produced documents reveal that MGA personnel and affiliates entered Mattel showrooms at toy fairs and reported back to Larian and other MGA executives information about unreleased Mattel products shown at those toy fairs. Even though MGA itself has repeatedly argued to the Court that documents about such incidents should have been produced years ago, MGA withheld these documents until only last month. And, since the time that MGA belatedly disclosed this evidence, MGA has engaged in a strategy of stonewalling that is designed to run out the clock on Mattel's ability to obtain complete discovery into these and any other instances in which MGA gained access to Mattel's showrooms.

Faced with only a few weeks to take discovery into MGA's counterclaims-in-reply, Mattel requested certain basic information about the individuals involved in this conduct—including most notably the last known addresses for former MGA employees and their personnel files. MGA delayed for over a week before providing even last known addresses for any of the former employees (initially claiming, incredibly, it did not have them) and only surrendering addresses for some of them after ensuring Mattel would have no time to locate them and depose them before November 1.

MGA still refuses to produce personnel files for its former employees involved in the efforts to collect information from Mattel at toy fairs: Angelika Sternberg, Janine Firth, Janet Han and Sandrine de Raspide (the "Former Employees"). MGA, having basically ensured Mattel cannot depose them, has said it will only produce the personnel files if and when Mattel subpoenas them. But MGA ignores that the personnel files are relevant even if it has succeeded in avoiding depositions of these witnesses. The evidence shows MGA and Larian had full knowledge of the Former Employees' activities. If the personnel files reflect no

1  punishment for their conduct or, as is more likely, rewards for it, that information is
2  directly relevant to MGA's claims that infiltrating toy fair showrooms is improper
3  and actionable and directly relevant to Mattel's unclean hands defense to those
4  claims.

5        Moreover, MGA has not produced any documents from the computers of Ms.
6  Firth or Ms. de Raspide, or from the computers of its current employees Shawn
7  Brower, Lisa Saunders, and Patrick Potgiesser, even though each of them was
8  involved in the collection of toy fair information.  As for Angelika Sternberg, MGA
9  produced a handful of documents from her computer in 2008, but has not updated its
10  production since then and has not produced her documents relating to MGA's
11  counterclaims-in-reply.  The Court should order MGA to search the drives and files
12  of these individuals and produce all documents responsive to Mattel's requests for
13  production related to MGA's counterclaims-in-reply.

14                               **Background**

15  MGA Obstructs Discovery from former MGA Employees. █████████████████
16  ████████████████████████████████████████████████████████████████████
17  ████████████████████████████████████████████████████████████████████
18  ██████████████████████████████████ On October 12, MGA informed
19  Mattel that certain of these witnesses were no longer employees of MGA.  In
20  response, Mattel asked MGA for the Former Employees' last known addresses,
21  phone numbers, and personnel files.  On October 13, 2010, Mattel wrote to MGA,
22  again asking for the Former Employees' last known addresses and personnel files.
23  In a teleconference on October 15, 2010, MGA refused these requests.  MGA stated
24  it did not possess last known addresses for these individuals, a curious statement
25  given that they are all former MGA employees.  On October 18, MGA again refused
26  Mattel's request to provide personnel files and last known telephone numbers for the
27  Former Employees.  On October 19, MGA finally provided last known addresses,
28

but no personnel files or telephone numbers, for Ms. Sternberg, Ms. Firth and Ms. de Raspide.  MGA has yet to provide Mattel with any information for Ms. Han.

### Argument

## I.  THE COURT SHOULD ORDER MGA TO PROVIDE PERSONNEL FILES, TELEPHONE NUMBERS AND LAST KNOWN ADDRESSES OF THE FORMER EMPLOYEES

Courts routinely order parties to produce the personnel files and last known addresses of its former employees whom their adversaries seek to depose.  See, e.g., Herring v. University of So. Miss., 2010 WL 3023093 (S.D. Miss. 2010) ("If such persons are currently employed by the University of Southern Mississippi, Defendants may provide their university addresses and telephone numbers. If such persons are no longer employed by the university, Defendants shall provide their last known addresses and telephone numbers."); Rodriguez v. Niagara Cleaning Services, Inc., 2010 WL 2573974 (S.D. Fla. 2010) ("The Defendants shall provide the last names and last known addresses of the two witnesses identified as "Susana" and "Marcelo" as identified in the Plaintiffs' Motion to Compel (DE # 142) by noon on June 25, 2010"); Stewart v. Capital Newspapers, Inc., 2010 WL 1508289 (in employment discrimination case, ordering production of names and last known addresses of all promoted employees of same race as plaintiff over ten year period).

Mattel has evidence that each of the Former Employees, while employed at MGA, used the same or similar methods for obtaining competitive information of which Mattel has been accused in MGA's counterclaims-in-reply.

1

2

3

4

5

6

7          Nor did MGA and Larian limit their efforts to obtain from Mattel unreleased

8  product information given to retailers—information that MGA's counterclaims-in-reply

9  squarely now asserts are trade secrets—to infiltrating toy fair showrooms.  MGA and

10  Larian also did so by surreptitiously obtaining information from retailer planogram

11  rooms (also known as layout rooms).

12

13

14

15

16

17

18

19

20

21

22

23

24
_____

25  [1]  MGA2 3120922.

26  [2]  MGA2 3120923-24.

27  [3]  MGA 0151823-25.

28  [4]  Id.

    [5]  MGA 0178922-23.

Mattel has repeatedly sought basic information about the personnel involved in these episodes, including so that it can depose them.  After considerable foot-dragging, MGA provided to Mattel on October 19, 2010 a last known address for Ms. Sternberg, Ms. Firth and Ms. de Raspide.  MGA did not provide Mattel with any information for Ms. Han, and has refused to turn over the personnel files or a last known telephone number for any of the Former Employees.  Mattel is entitled to discovery from MGA that would increase Mattel's chances of locating the Former Employees and obtaining their testimony.

Even if Mattel is unable to depose these individuals, the personnel files are directly relevant and should be produced, so that Mattel and the Court can learn if these employees were ever disciplined (or commended) for spying on Mattel.  The Discovery Master has already ordered MGA to produce personnel files of employees involved in MGA's theft of Mattel's "trade secret and other confidential information that comprise Mattel's intellectual infrastructure."[6]  Mattel has learned that MGA's strategies included covertly discovering what was going on inside Mattel's toy fair displays and showrooms and that the Former Employees played a key role.  Mattel should have access to their personnel files as well.

MGA's refusal to provide the personnel file of Janet Han is particularly inexcusable.  Ms. Han worked for Mattel before she was hired away by MGA, and thus her personnel file should have been produced pursuant to the Discovery Master's order compelling production of "all personnel and vendor files for each person who has worked as an employee of or vendor for [MGA Entertainment] and who also has been at any time an employee or vendor for Mattel."[7]  The Court should compel MGA to

---

[6]   Phase 2 Discovery Matter Order No. 6 at 4 (granting Mattel's motion to compel with respect to Request Nos. 87 and 88).

[7]   Id. at 1.

provide Mattel the personnel files, telephone numbers and last known addresses of the Former Employees.

In the event Mattel cannot locate these individuals in sufficient time to take their depositions by November 1, 2010, Mattel requests that the Court permit these depositions to be taken after the discovery cutoff.

## II. THE COURT SHOULD ORDER MGA TO PRODUCE DOCUMENTS FROM CUSTODIANS WHOSE DOCUMENTS HAVE NOT BEEN PRODUCED

MGA has also failed to produce documents regarding MGA's counterclaims-in-reply from the following custodians involved in the counterclaims in reply: Janine Firth, Sandrine de Raspide, Lisa Saunders, Patrick Potgiesser and Shawn Brower.[8]  All five are critical witnesses to Mattel's defense against MGA's counterclaims-in-reply.  Ms. Firth and Ms. de Raspide's conduct has already been discussed above.  MGA has conceded that Ms. Saunders and Mr. Potgiesser are relevant witnesses regarding its counterclaims-in-reply by agreeing that they must be produced for deposition.  Their hard drives and personnel files are therefore indisputably proper subjects of discovery. ████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

---

[8]  MGA has agreed to produce Saunders and Potgiesser for deposition.
[9]  MGA2 2700263.
[10]  E.g., MGA 4368749-51.

1

2

3

4       MGA has not produced to Mattel a single document from the computers and

5 files of these current and former employees.  MGA should be ordered to produce

6 documents and files from these five custodians responsive to Mattel's requests for

7 production regarding MGA's counterclaims-in-reply.[13]  In addition, certain

8 documents from Angelika Sternberg's files were produced in 2008, but MGA has

9 not produced documents since, including in response to Mattel's requests for

10 documents relating to MGA's counterclaims in reply.  The Court should order MGA

11 to supplement its production from Ms. Sternberg's files and drives to produce

12 documents responsive to Mattel's requests for production regarding MGA's

13 counterclaims-in-reply.[14]  Mattel's requests for access to these files is reasonably

14 calculated to lead to the discovery of admissible evidence as to MGA's

15 counterclaims-in-reply, due to the role of these custodians in MGA's gathering of

16 Mattel toy fair information.

17 **Conclusion**

18       For the foregoing reasons, Mattel respectfully requests that the Court grant its

19 *ex parte* application.

20

21

22

23

---

24   [11]  MGA2 1763053-54.

25   [12]  <u>Id.</u>

   [13]  Mattel Inc.'s Set of Requests for Documents and Things to MGA

26 Entertainment, Inc. Regarding Reply to the Fourth Amended Answer served August

27 25, 2010.

   [14]  <u>Id.</u>

28

1   DATED:   October 25, 2010          QUINN EMANUEL URQUHART &
                                       SULLIVAN, LLP
2

3

4                                      By /s/ Michael T. Zeller
                                          Michael T. Zeller
5                                         Attorneys for Mattel, Inc., and Mattel de
                                          Mexico, S.A. de C.V.
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28