# EXHIBIT 1

MELINDA HAAG (State Bar No. 132612)
mhaag@orrick.com
ANNETTE L. HURST (State Bar No. 148738)
ahurst@orrick.com
WARRINGTON S. PARKER III (State Bar No. 148003)
wparker@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
405 Howard Street
San Francisco, CA  94105-2669
Tel: (415) 773-5700/Fax: (415) 773-5759

WILLIAM A. MOLINSKI (State Bar No. 145186)
wmolinski@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA  90017
Tel. (213) 629-2020/Fax: (213) 612-2499

THOMAS S. MCCONVILLE (State Bar No. 155905)
tmcconville@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
4 Park Plaza, Suite 1600
Irvine, CA 92614-2258
Tel: (949) 567-6700/Fax: (949) 567-6710

Attorneys for MGA Parties

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>                    Plaintiff,<br><br>          v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>                    Defendant.<br><br>AND CONSOLIDATED ACTIONS | Case No.  CV 04-9049-DOC (RNBx)<br><br>Consolidated with: Case No. CV 04-9059 and Case No. CV 05-2727<br><br>**SECOND AMENDED NOTICE OF DEPOSITION OF MATTEL, INC.**<br><br>(Fourth Phase 2 Notice)<br><br>Date:      July 26, 2010<br>Time:      8:00 a.m.<br>Place:     404 West Fourth Street, Suite D<br>           Santa Ana, A  92701 |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that, pursuant to Federal Rule of Civil Procedure 30(b)(6), Plaintiff and Counter-Defendant MGA Entertainment, Inc., and Counter-Defendants MGAE de Mexico S.R.L. de C.V., MGA HK Ltd., and Isaac Larian (collectively, "MGA Parties"), by their attorneys, will take the deposition upon oral examination of Mattel, Inc. ("Mattel") before an officer authorized by law to administer oaths, beginning at 8:00 a.m. on July 26, 2010 and continuing on such dates thereafter as are agreed by the parties or ordered by the Court, at the offices of Orrick, Herrington & Sutcliffe LLP, 404 West Fourth Street, Suite D, Santa Ana, California, 92701.

The deposition will be stenographically recorded by a certified court reporter and may be recorded by videographic and/or audio means pursuant to Rule 30(b)(2) of the Federal Rules of Civil Procedure.  You are invited to have counsel attend and cross-examine as authorized by the Rules of Civil Procedure.

**PLEASE TAKE FURTHER NOTICE** that Mattel is hereby required to designate one or more of its officers, directors, managing agents, or other persons as are most qualified, knowledgeable, and competent to testify on behalf of Mattel as to all matters known or reasonably available to it to testify accurately and completely with respect to each of the following subjects, and for each person designated, to set forth all matters on which the person will testify on behalf Mattel in a written response to be served on or before three (3) business days prior to the deposition:

## DEFINITIONS

1.      As used herein, "4-Ever Best Friends" means any project, product, doll or design ever known by that name (whether in whole or in part) and any product, doll, or design or any portion thereof that is now or has ever been known as, or sold, or marketed under, the name or term "4-Ever Best Friends," "4Ever Best Friends," "Forever Best Friends," or "4EBF" (whether in whole or in part) or that is now or has ever been sold or marketed as part of the "4-Ever Best Friends" line, and each version or iteration of such product, doll, or design or any portion thereof.

2.      As used herein, "Bratz" means any project, product, doll or design ever known by that name (whether in whole or in part) and any product, doll, or design or any portion thereof that is now or has ever been known as, or sold, or marketed under, the name or term "Bratz" (whether in whole or in part) or that is now or has ever been sold or marketed as part of the "Bratz" line, and each version or iteration of such product, doll, or design or any portion thereof.

3.      As used herein, "Bryant" means Carter Bryant, any of his current or former agents, representatives, attorneys, employees, partners, joint ventures, predecessors-in-interest and successors-in-interest, and any other person acting on his behalf, pursuant to his authority or subject to his control.

4.      As used herein, "Brawer" means Ronald Brawer, any of his current or former agents, representatives, attorneys, employees, partners, joint ventures, predecessors-in-interest and successors-in-interest, and any other person acting on his behalf, pursuant to his authority or subject to his control.

5.      As used herein, "Brisbois" means Janine Brisbois, any of her current or former agents, representatives, attorneys, employees, partners, joint ventures, predecessors-in-interest and successors-in-interest, and any other person acting on her behalf, pursuant to her authority or subject to her control.

6.      As used herein, "Cabrera" means Ana Isabel Cabrera, any of her current or former agents, representatives, attorneys, employees, partners, joint

ventures, predecessors-in-interest and successors-in-interest, and any other person acting on her behalf, pursuant to her authority or subject to her control.

7.      As used herein, "Castilla" means Jorge Castilla, any of his current or former agents, representatives, attorneys, employees, partners, joint ventures, predecessors-in-interest and successors-in-interest, and any other person acting on his behalf, pursuant to his authority or subject to his control.

8.      As used herein, "Contreras" means Nicholas Contreras, any of his current or former agents, representatives, attorneys, employees, partners, joint ventures, predecessors-in-interest and successors-in-interest, and any other person acting on his behalf, pursuant to his authority or subject to his control.

9.      As used herein, "Cooney" means Daniel Cooney, any of his current or former agents, representatives, attorneys, employees, partners, joint ventures, predecessors-in-interest and successors-in-interest, and any other person acting on his behalf, pursuant to his authority or subject to his control.

10.      As used herein, "Machado" means Carlos Gustavo Machado Gomez, any of his current or former agents, representatives, attorneys, employees, partners, joint ventures, predecessors-in-interest and successors-in-interest, and any other person acting on his behalf, pursuant to his authority or subject to his control.

11.      As used herein, "Morales" means Beatriz Morales, any of her current or former agents, representatives, attorneys, employees, partners, joint ventures, predecessors-in-interest and successors-in-interest, and any other person acting on her behalf, pursuant to her authority or subject to her control.

12.      As used herein, "Salazar" means Maria Elena Salazar, any of her current or former agents, representatives, attorneys, employees, partners, joint ventures, predecessors-in-interest and successors-in-interest, and any other person acting on her behalf, pursuant to her authority or subject to her control.

13.      As used herein, "Trueba" means Mariana Trueba Almada, any of her current or former agents, representatives, attorneys, employees, partners, joint

1  ventures, predecessors-in-interest and successors-in-interest, and any other person
2  acting on her behalf, pursuant to her authority or subject to her control.

3       14.    As used herein, "Vargas" means Pablo Vargas San Jose, any of his
4  current or former agents, representatives, attorneys, employees, partners, joint
5  ventures, predecessors-in-interest and successors-in-interest, and any other person
6  acting on his behalf, pursuant to his authority or subject to his control.

7       15.    As used herein, "communication" means the transmittal of information
8  by any means and in any form.

9       16.    As used herein, "consolidated proceedings" means the <u>Bryant v.</u>
10  <u>Mattel</u>, CV 04-09049 DOC consolidated action, which comprises the following
11  three previously separate cases:  1) <u>Bryant v. Mattel, Inc.</u>, CV 04-9049; 2) <u>Mattel,</u>
12  <u>Inc. v. Bryant</u>, CV 04-9059; and 3) <u>MGA Entertainment, Inc. v. Mattel, Inc.</u>, CV
13  05-02727.

14       17.    As used herein, "document" means any information maintained in any
15  form, whether tangible or intangible, transitory or permanent, including without
16  limitation e-mail, metadata, data or data compilations.

17       18.    As used herein, "Mattel" means Mattel, Inc., and all of its directors,
18  officers, employees, attorneys, accountants, consultants, representatives, agents,
19  divisions, subsidiaries, or affiliates, past or present, any partnership or joint
20  ventures to which they are a party and all others acting on behalf of Mattel.

21       19.    As used herein, "MGA" means MGA Entertainment, Inc., any of its
22  current or former employees, officers, directors, agents, representatives, attorneys,
23  parents, subsidiaries, divisions, affiliates, predecessors-in-interest and successors-
24  in-interest, and any other person acting on its behalf, pursuant to its authority or
25  subject to its control.

26  ### DEPOSITION TOPICS

27       For purposes of the topics set forth herein, unless otherwise specified
28  the relevant time period is 1985 to the present.  Examination is requested on the

1   following matters:

2       1.      The harm Mattel claims it suffered as a result of defendants' alleged

3   misconduct including purported theft of trade secrets through MGA's employment

4   of Mattel's former employees including:

5           a.   Mattel's assets, resources, property, proprietary or confidential

6                information, trade secrets or intellectual property and value of them

7                that Mattel alleges were converted or diverted by Mattel's former

8                employees and used by defendants;

9           b.   Alleged actual losses suffered by Mattel caused by defendants' alleged

10               misappropriation of trade secrets including the causes of loss, dates of

11               loss and the quantification of loss;

12          c.   Mattel's claim that the name "Moxie" was and is confidential and

13               trade secret Mattel information.

14      2.      Communications between Mattel and its licensees and/or potential

15   licensees regarding potential or actual licenses with MGA including:

16          a.      THQ, Rose Art, Egmont, Early Light, Hart Concepts, Smith &

17   Brooks, Zeon and other Mattel licensees who have or had a business relationship

18   with MGA;

19          b.      Mattel's preferences that its licensees enter exclusivity deals

20   with Mattel;

21          c.      all communications by Mattel to actual and/or potential

22   licensees regarding exclusivity provisions and/or requirements;

23          d.      Mattel's reasons for compiling a list of all MGA licensees,

24   including Mattel's use of this list and the identities of all personnel who compiled

25   this list;

26          e.      Mattel's practices and policies regarding termination of licenses,

27   including all communications with licensees referring to MGA and/or Bratz.

28

3.      Mattel's preservation of, searches for, collections of and productions of documents in connection with this litigation, including without limitation which sources of information and storage devices Mattel has searched, and those which Mattel has not searched, for all responsive documents in this litigation, including Mattel's search methods in connection with these searches.

4.      Mattel's preservation of, searches for, collections of and productions of documents from the following custodians, including without limitation which sources of information and storage devices Mattel has searched, the timeframe over which these sources were searched, and those which Mattel has not searched, for all responsive documents from these custodians:

1.      Randy Adams
2.      Don Aiken
3.      Julie Caravaggio
4.      Karen Cundari
5.      Carol Dail
6.      Oscar De La Vega
7.      Christina De Rosa
8.      Henry Delcastillo
9.      Rick Dellaquila
10.     Tony Di Michele
11.     Mary Domazet
12.     Diane Douglas
13.     Joe Franke
14.     Joan Gaynor
15.     Steve Griffin
16.     Bill Guarisco
17.     Debbie Haag
18.     Jeanne Hanahan
19.     Rob Hollander
20.     Gene Insley
21.     Tom Keefer
22.     Joyce Kelly
23.     Doug Kerner
24.     Al (or Harold) Laumen
25.     Lulu Martinez
26.     Jeff Massingberd

| | | |
|---|---|---|
| 27. | Christine McFarland |
| 28. | John McGrail |
| 29. | Carrie McKenzie |
| 30. | Laura Merchek |
| 31. | Rhonda Misener |
| 32. | Alberto Morales |
| 33. | Brian O'Connor |
| 34. | Kelly Osier |
| 35. | Stephanie Page |
| 36. | Ron Pattani |
| 37. | Carrie Plunkett |
| 38. | Ron Rae (or Ray) |
| 39. | Cynthia Rapp |
| 40. | Dawn Rapp |
| 41. | Oany Ravelo |
| 42. | Brenda Ray-Martin |
| 43. | Deanne Remo |
| 44. | Sandra Robiallard |
| 45. | Steve Ross |
| 46. | Mandana Sadigh |
| 47. | Mark Salop |
| 48. | Alice Satok (Sato) |
| 49. | Julie Scholvin |
| 50. | Michael Shore |
| 51. | Robert Simoneau |
| 52. | Chris Sinclair |
| 53. | Miguel Solorio |
| 54. | Jerry Souza |
| 55. | Gregg Stefanik |
| 56. | Bryan Stockton |
| 57. | Mark Sullivan |
| 58. | Rob Swarts |
| 59. | Steven Tarmichael |
| 60. | Matt Turetzky |
| 61. | Ben Van Dousbergh |
| 62. | Role Van Neerbos |
| 63. | Eveyln Viohl |
| 64. | Drew Vollero |
| 65. | Jim Wagner |
| 66. | Simon Watt |
| 67. | Korine Weiss |

SECOND AMENDED FOURTH PHASE 2
DEPOSITION NOTICE OF MATTEL
CV 04-9049 SGL (RNBx)

68.     Allison Willensky

5.      Any and all efforts by Mattel, or any person acting on behalf of Mattel, to search for, identify, locate, preserve, remove or delete any document, physical or electronic, that contains or contained any portion of any DOCUMENT originating from or authored by MGA, including without limitation any document containing internal MGA information, and the results of such efforts, including the identification of document located and the location, including custodian, file name, storage device and other related storage information where any such document was discovered.

6.      Any and all acts of Machado that form the basis of Mattel's breach of contract claim.

7.      Any and all acts of Brawer, Machado, Trueba, Vargas, Castilla, Contreras, Cooney, Cabrera, Morales, Salazar and other former Mattel employees that form the basis of Mattel's intentional interference with contract claim.

8.      Any and all acts of Machado that form the basis of Mattel's breach of fiduciary duty claim.

9.      Any and all acts of Brawer, Machado, Trueba, Vargas, Castilla, Contreras, and Cooney that form the basis of Mattel's aiding and abetting breach of fiduciary duty claim.

10.     The factual basis for Mattel's claim that Brawer, Machado, Trueba, Vargas, Castilla, Contreras, and Cooney's are fiduciaries to Mattel, including but not limited the factual basis for the claim that they held positions of trust and confidence at Mattel.

11.     Any and all acts of Machado that form the basis of Mattel's breach of duty of loyalty claim.

12.     Any and all acts of Brawer, Machado, Trueba, Vargas, Castilla, Contreras, Cooney, Cabrera, Morales, and Salazar that form the basis of Mattel's aiding and abetting breach of fiduciary duty claim.

13.    Any and all property that is the subject of Mattel's conversion claim.

Dated:  July 16, 2010                    ORRICK, HERRINGTON & SUTCLIFFE LLP


                                         By:    _*s/ Denise M. Mingrone*_____
                                                Denise M. Mingrone
                                                Attorneys for MGA Parties

SECOND AMENDED FOURTH PHASE 2
DEPOSITION NOTICE OF MATTEL
CV 04-9049 SGL (RNBx)