1  ANNETTE L. HURST (State Bar No. 148738)
   ahurst@orrick.com
2  WARRINGTON S. PARKER III (State Bar No. 148003)
   wparker@orrick.com
3  ORRICK, HERRINGTON & SUTCLIFFE LLP
   The Orrick Building
4  405 Howard Street
   San Francisco, CA 94105
5  Telephone: 415-773-5700
   Facsimile:  415-773-5759
6
   WILLIAM A. MOLINSKI (State Bar No. 145186)
7  wmolinski@orrick.com
   ORRICK, HERRINGTON & SUTCLIFFE LLP
8  777 South Figueroa Street, Suite 3200
   Los Angeles, CA 90017
9  Telephone: 213-629-2020
   Facsimile:  213-612-2499
10
   THOMAS S. McCONVILLE (State Bar No. 155905)
11 tmcconville@orrick.com
   ORRICK, HERRINGTON & SUTCLIFFE LLP
12 4 Park Plaza, Suite 1600
   Irvine, CA 92614-2258
13 Tel: (949) 567-6700/Fax: (949) 567-6710

14 Attorneys for MGA Parties

                    UNITED STATES DISTRICT COURT
                   CENTRAL DISTRICT OF CALIFORNIA
                         SOUTHERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | Case No. CV 04-9049 DOC (RNBx)<br>Consolidated with Case No. CV 04-9059 and Case No. CV 05-2727<br><br>**Hon. David O. Carter**<br><br>**MGA PARTIES' EX PARTE APPLICATION FOR AN ORDER TO COMPEL PRODUCTION AND SUPPLEMENTATION OF DOCUMENTS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(E)**<br><br>Trial Date: January 11, 2011 |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that MGA Entertainment, Inc., MGA Entertainment (HK) Limited, MGAE de Mexico S.R.L. de C.V., and Isaac Larian (collectively, the "MGA Parties"), respectfully submit this *ex parte* application for an order to compel Mattel to immediately produce the following documents that are highly relevant to MGA's damages theories:

(1) Mattel's worldwide brand actuals (e.g. sales by SKU) for 2010; and

(2) Mattel's monthly worldwide sales by SKU from 2002 through and including 2006; and

(3) All documents relating to Mattel's negotiations with Kohl's in early 2005, resulting in Mattel's blocking the sale of MGA products at Kohl's for two years.

These documents have been repeatedly sought through discovery requests, including Phase 2 requests dating back to early this year. Mattel has repeatedly refused to produce these documents and supplement their financial document production. The fact that Mattel has continued to withhold these key documents is not only a blatant violation of their discovery obligations under Federal Rule 26(e) but also serves only to prejudice the MGA Parties in preparing accurate damages calculations. This motion is based on this Notice, the accompanying Memorandum of Points and Authorities, the Declaration of Thomas S. McConville, the Declaration of James E. Malackowski, all other pleadings and papers on file in this matter, and such further evidence and argument of which the Court may take judicial notice.

## NOTICE AND MEET AND CONFER

Pursuant to Local Rule 7-19, lead counsel for the parties met and conferred via telephone numerous times, most recently on October 28, 2010, to attempt to resolve this issue in advance of filing this *ex parte*. No resolution was reached.

| | | |
|---|---|---|
| 1 | Dated: October 28, 2010 | ORRICK, HERRINGTON & SUTCLIFFE LLP |
| 2 | | |
| 3 | | By: /s/ Mark P. Wine |
| 4 | | Mark P. Wine |
| | | Attorneys for MGA Parties |

- 2 -

MGA PARTIES' EX PARTE APPLICATION FOR ORDER TO COMPEL PRODUCTION AND SUPPLEMENTATION OF DOCUMENTS PURSUANT TO FRCP 26(E) (RNBX)

# MEMORANDUM OF POINTS AND AUTHORITIES

## PRELIMINARY STATEMENT

MGA has been seeking – and Mattel has been refusing to produce – financial information and information related to damages theories for many months now. In spite of numerous requests for production served, specifically tailored to seek only the information MGA felt was most necessary to support its damages analysis, Mattel has continuously failed to either provide financials or supplement its production in any meaningful way. Repeated attempts to resolve this matter through meet and confers have proved futile. Declaration of Thomas S. McConville ("McConville Decl."), ¶2, 5. MGA is simply seeking three sets of documents: Mattel's worldwide brand actuals (sales by SKU) for 2010, Mattel's monthly worldwide sales by SKU from 2002-2006, and all documents referencing Mattel's deal with Kohl's to block the sale of MGA's products at Kohl's for two years. The first two categories of documents have been the subject of requests for production propounded on Mattel to date. Mattel has an obligation under Federal Rule of Procedure 26(e) to supplement its responses as additional information becomes available – an obligation which Mattel itself has recognized, yet has consistently refused to supplement their production accordingly. McConville Decl., ¶¶3-4. Failure to supplement this information on Mattel's part impedes MGA's damages experts ability to provide a complete analysis of MGA's damages suffered and has denied MGA access to highly relevant information in support of its affirmative claims and defenses against Mattel.

Now, MGA is facing the imminent filing of opening expert reports by November 1, 2010, and Mattel's prolonged failure to provide this highly relevant information has greatly impeded MGA's ability to calculate its certain categories of damages relating to trade dress infringement, unfair competition and trade secret misappropriation. Mattel now has flatly refused to produce or supplement its production of financial documents. Declaration of James A. Malackowski

("Malackowski Decl."), ¶8; McConville Decl., ¶5.  As a result, MGA respectfully requests that the Court order Mattel to immediately supplement its financial document production with regards to the two types of documents stated above.

In addition, with regard to the third category of documents requested, Mattel waited until October 12, 2010 to produce a highly relevant e-mail, which was Bates stamped M 1831124, detailing Mattel's deal with Kohl's in early 2005 which blocked MGA's products from being carried by Kohl's for two years. McConville Decl., ¶6.  This document has direct relevance to MGA's unfair competition claims.  The fact that Mattel waited this long to produce such a relevant and contentious document is further heightened by the fact that Matthew Bousquette, Tim Kilpin, and Russell Arons are all carbon-copied on this email.  All three of these individuals were deposed numerous times by MGA prior to the production of this email, and yet this email was only *just* produced two weeks ago. Mattel should immediately be forced to produce all other information regarding these negotiations that it has so far withheld from MGA, in order for MGA to accurately and fully assess its damages theory of unfair competition.

Due to Mattel's failure to provide highly relevant and necessary data, even at this eleventh hour before the opening expert reports are due, MGA respectfully requests that the Court grant MGA additional time to prepare its expert report in order to incorporate any additional damages-related information that Mattel has been withholding to date.  In the alternative, at a minimum, MGA respectfully requests that the Court afford MGA the opportunity to supplement its opening expert report with any new analysis garnered from Mattel's delayed production.

## BACKGROUND

MGA's 2005 Complaint filed against Mattel included a claim of false designation of origin regarding MGA's packaging trade dress and alleged that Mattel created a product in "packaging that imitated MGA's trapezoidal box."

MGA's Complaint at ¶53.  MGA's claim is bolstered by the fact that at least Barbie Happy Birthday and Toy Story 3, two Mattel products, are sold in trapezoidal packaging, which clearly constitutes a "deliberate and willful violation of MGA's rights in trapezoidal packaging".  MGA Parties' Omnibus Motion to Compel ("Omnibus Motion to Compel") at 18:1-2. (Dkt. No. 8746); Malackowski Decl., ¶7.  Mattel's own Q3 2010 earnings calls indicate that Toy Story 3 products represent a significant volume of sales.  Exhibit A to Malackowski Decl.  Yet, whenever MGA has attempted to seek financial information about Toy Story 3 products through deposition testimony and written discovery, it been continually rebuffed along the way[1].  Indeed, this Court, in overruling Mattel's objections to the ruling allowing deposition questions on trapezoidal packaging and Toy Story 3, had ruled that trapezoidal packaging is at issue and discovery into MGA's infringement claim, as it pertains to Mattel products (including Toy Story 3) is appropriate.  Dkt. No. 8321.  Mattel's continued refusal to produce or supplement its financial document production with documents that speak directly to the heart of MGA's trade dress infringement claims can only be characterized at this late state as willful disregard for fair play in discovery.

Additionally, MGA has propounded a number of Phase 2 RFPs on Mattel, as early as January of this year, requesting the financial documents that it is entitled to in order to accurately calculate its damages in the Phase 2 case.  For example, MGA's Fourth Set of Phase 2 RFPs, served on Mattel on January 5, 2010, include two specific RFPs, RFP No. 200 and RFP No. 212, which directly ask for those documents which are the subject of the instant motion – namely, monthly worldwide sales by SKU.[2]  For example, RFP No. 200(d) asks for "weekly Point-

---

[1] Indeed, MGA has propounded at least **twenty-four** requests for production on Mattel regarding this very issue, as noted in Exhibit 3 of the Declaration of Diana Rutowski attached to the MGA Parties' Omnibus Motion to Compel ("Omnibus Motion to Compel") (Dkt. No. 8746-3).

[2] MGA's Fourth Set of Phase 2 RFPs requested sales data on a weekly and monthly basis.  In an attempt to avoid motion practice, in its meet and confers, MGA agreed to narrow its requests to monthly sales data.  Mattel still refuses to supplement.

of-Sale reports containing sales information originating from Mattel's retailers". RFP No. 212 requests "For each SKU . . . all DOCUMENTS, from 1995 to present, the [sic] reflect on a monthly basis, the number of units sold, the average sales price per unit, gross revenue, average cost of good sold per unit, total cost of goods sold . . . ." MGA's experts need this information in order to determine the harm suffered by MGA from any sales that are diverted from MGA products to Mattel products, other effects in the market (including competitive pricing and the seasonality of toy industry sales), and to consider the possibility of head start damages, a common remedy in trade secret misappropriation cases. Malackowski Decl., ¶6. MGA, recognizing the importance of these documents in terms of damages analysis, has produced MGA's sales by SKU through May 2010 and monthly actual sales by SKU through 2009.[3] In spite of MGA's cooperation, Mattel, however, has steadfastly refused to produce the requested information, even in the light of numerous requests and resulting meet and confer calls between lead counsel.

Finally, Mattel's October 12, 2010 production of an email between Mattel employees regarding Mattel's interference with MGA's relationship with Kohl's, a major retailer, is clearly both relevant to MGA's claim of unfair competition and highly prejudicial due to the lateness of its production. Without additional background information, MGA is unable to accurately assess a key claim in its damages analysis – that of unfair competition. Mattel's ongoing refusal to produce or supplement its production with relevant documentation to this regard cannot be tolerated or condoned.

## ARGUMENT

### I. MATTEL HAS AN ONGOING OBLIGATION UNDER RULE 26(E) TO SUPPLEMENT ITS PRODUCTION.

Federal Rule of Civil Procedure 26(e)(2) requires that:

"[a] party who has made a disclosure under Rule 26(a) – or who has

---

[3] See, e.g., MGA2 2246290-450 (May 2010 year-to-date sales by SKU); MGA2 0579942 (2009 monthly actual sales by SKU).

> responded to an interrogatory, request for production, or request for admission must supplement or correct its disclosure or response in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing . . . ."

California district courts have recognized this requirement to produce under Rule 26(e) as an obligation on the parties to supplement. *Del Campo v. American Corrective Counseling Services, Inc.,* 2010 WL 3744436 at *1 (N.D. Cal., Sept. 20, 2010). This is a *duty* rather than a right. *Luke v. Family Care and Urgent Medical Clinics,* 323 Fed. Appx. 496, 500 (9th Cir. 2009). Additionally, parties have an affirmative duty to produce those documents that are highly probative and relevant, even without specific requests from the other party. *L. Tarango Trucking v. County of Contra Costa,* 202 F.R.D. 614, 622-623 (N.D. Cal. August 27, 2001). Indeed, supplementation pursuant to the Rules "means correcting inaccuracies or filling the interstices of an incomplete report based on information that was not available at the time of the initial disclosure." *Luke,* 323 Fed. Appx. at 500 (citation omitted). Documents typically needed for damages analysis fit squarely into this category, as damage calculations necessarily involve financial information current through the present.

Indeed, MGA has invested a large amount of time and money into trying to force Mattel to produce documents that are highly probative in nature and speak to the heart of MGA's damages analysis and claims in the Phase 2 proceedings, when in fact Mattel is under an *obligation* to produce these documents under the Federal Rules. In spite of this obligation, Mattel's flat refusal to supplement its production has deprived MGA of evidence directly relevant to one of its key Phase 2 claims and also impaired MGA's ability to calculate certain categories of damages. Malackowski Decl., ¶¶6-7. Now, on the eve of the deadline for production of opening expert reports, Mattel has left MGA with no recourse but to appeal this gross inequity one last time through this *ex parte.*

## II. MATTEL IS AWARE OF ITS DISCOVERY OBLIGATIONS AND STILL REFUSES TO COMPLY.

Even more egregious than Mattel's blatant failure to comply with the Federal Rules is Mattel's **_own acknowledgment_** of this ongoing obligation – and _still_ failing to comply with both this Court's rulings and MGA's multiple document requests. In Mattel's Third Supplemental Objections and Responses to MGA's Second Set of Phase 2 Interrogatories, served over nine months ago on January 11, 2010, Mattel inserted the following language after each of its supplemental responses: "Mattel reserves the right to supplement this response and, _consistent with its obligations under Federal Rules of Civil Procedure 26(e), Mattel will supplement this response if Mattel receives additional responsive information._" (emphasis added) Mattel's own statements, therefore, indicate that they are fully aware of their obligations but yet, willingly, are choosing to act in disregard of the Federal Rules, and ignoring MGA's repeated requests for relevant documents directly related to one of MGA's key claims in the case, and therefore directly related to MGA's expert analysis as well. Mattel's admission of its obligation is damning to Mattel; Mattel's continuing failure to comply, however, impedes MGA's ability to understand the full extent of Mattel's trade dress infringement and to determine Mattel's ill-gotten gains. Malackowski Decl., ¶¶6-7. Furthermore, MGA's unfair competition claims cannot be accurately assessed if Mattel continues to withhold crucial information. MGA cannot continue to be unfairly handicapped in this manner.

## III. MATTEL IS WITHHOLDING DOCUMENTS CRUCIAL TO MGA'S EXPERT CALCULATIONS AND ANALYSIS.

MGA's trade dress infringement claims are at the center of MGA's Phase 2 affirmative case. Mattel's failure to produce relevant documents, even in the light of specific and numerous document requests carefully crafted to target the specific documents that MGA needs to fully analyze its claims and Mattel's actions as a result, is highly prejudicial to the ability of MGA's experts to create a

- 8 -

MGA PARTIES' EX PARTE APPLICATION FOR ORDER TO
COMPEL PRODUCTION AND SUPPLEMENTATION OF
DOCUMENTS PURSUANT TO FRCP 26(E) (RNBX)

1  meaningful report. Trapezoidal packaging is at the crux of MGA's trade dress
2  claims. Mattel's failure to produce ***any actuals*** reflecting sales revenue by SKU for
3  2010 impedes MGA's damages experts' ability to calculate certain categories of
4  damages relating to MGA's trade dress claims. Malackowski Decl., ¶7.

5      In accordance with Federal Rule of Civil Procedure 26 (e), these
6  financial documents, which Mattel has repeatedly withheld and to which MGA is
7  entitled, must now be produced through supplementation. Mattel's failure to
8  supplement its document production with ***any monthly actuals reflecting sales***
9  ***revenue by SKU*** deprives MGA's damages experts of direct evidence of sales that
10 were diverted from MGA to Mattel. Malackowski Decl., ¶6. Mattel's continued
11 refusal to cooperate with the rules of discovery and provide MGA with the evidence
12 that it is entitled to under Federal Rules should not be permitted to continue.

13     In addition, Mattel's attempts to withhold information directly relevant
14 to MGA's claims of unfair competition – as is evidenced through Mattel's eleventh
15 hour release of a highly pertinent email relating to interference by Mattel with
16 retailers – cannot and should not be condoned by this Court. Three separate
17 individuals that received this document were already deposed by MGA, and yet
18 Mattel waited until October 12, 2010 to produce this email. As a result, MGA
19 should be entitled to all related documents in order to accurately assess its claim of
20 unfair competition.

21     It is MGA's hope that this Court will hold Mattel to its own
22 acknowledged discovery obligations and provide MGA with this crucial data
23 necessary for MGA to complete its damages analysis. Additionally, due to the fact
24 that Mattel's hugely prejudicial actions – or failure to act – has jeopardized the
25 preparation of MGA's expert report on damages, MGA respectfully requests that
26 the Court grant MGA additional time to prepare its expert report in order to
27 incorporate this crucial data that Mattel has been withholding to date. In the
28 alternative and at a minimum, MGA requests that the Court grant MGA the ability

- 9 -

MGA PARTIES' EX PARTE APPLICATION FOR ORDER TO
COMPEL PRODUCTION AND SUPPLEMENTATION OF
DOCUMENTS PURSUANT TO FRCP 26(E) (RNBX)

1  to supplement its opening expert report when Mattel provides the requested
2  documentation and MGA's experts have had the chance to analyze it for inclusion
3  into their expert report.

## CONCLUSION

For all the foregoing reasons, MGA respectfully requests that the Court grant this *ex parte* application.

Dated: October 28, 2010

Respectfully submitted,

ORRICK, HERRINGTON & SUTCLIFFE LLP

By: /s/ Mark P. Wine
Mark P. Wine
Attorneys for MGA ENTERTAINMENT, INC., MGA ENTERTAINMENT HK, LTD., MGA de MEXICO, S.R.L. de C.V., and ISAAC LARIAN

- 10 -

MGA PARTIES' EX PARTE APPLICATION FOR ORDER TO COMPEL PRODUCTION AND SUPPLEMENTATION OF DOCUMENTS PURSUANT TO FRCP 26(E) (RNBX)