**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

Case No. CV 04-9049 DOC (RNBx)                                                   Date: October 28, 2010

Title: MATTEL, INC. v. MGA ENTERTAINMENT, INC.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Kathy Peterson | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFFS: ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT                                                  NONE PRESENT

PROCEEDING (IN CHAMBERS): ORDER GRANTING IN PART AND DENYING IN PART
MATTEL'S EX PARTE APPLICATION [DOCKET 8991]

      Mattel's ex parte Application [Docket 8991] is granted insofar as it seeks to compel MGA to produce documents relevant to MGA's counterclaims in reply from the hard drives of Shawn Brower, Lisa Saunders, Janine Firth, Patrick Potgiesser, and Sandrine de Raspide. This production necessarily encompasses documents that refer or relate to any efforts by MGA or its foreign associates to gain access to Mattel's showrooms and/or planograms operated by retailers associated with Mattel. Contrary to MGA's argument, the Court's orders proscribing and/or limiting MGA's depositions of McShane, Franke, and Stockton did not limit discovery to the activities of Mattel's market intelligence group. Those orders simply prohibited MGA from using its "suppression of evidence" RICO allegations as a subterfuge through which to conduct discovery into other claims and counterclaims in this litigation, including claims and counterclaims subject to the October 4, 2010 discovery cut-off. Here, Mattel seeks discovery into whether MGA engaged in the same conduct it now complains about: wrongfully obtaining advance information about competitors' forthcoming product lines. Such discovery is relevant to Mattel's unclean hands defense and is also relevant to whether MGA considered the information at its showrooms confidential.

      Documents already produced by MGA demonstrate that the individuals at issue gained access to Mattel's showrooms, as well as "planograms" held by Mattel's retailers, obtained information from about Mattel's product lines, and funneled that information to MGA. For example, two members of a company named Zapf associated with MGA prepared a report from the Nuremberg Toy Fair identifying

Mattel's future product lines.  (Dkt. 8992-1 at 3.)  Ms. Firth — one of the individuals whose files Mattel wants searched — admitted that she could "get in some major trouble" for sharing information with MGA.  (Id. at 5.)  Mr. Brower emailed MGA claiming that he "tried to steal a line list from the [M]attel showroom, but [] was able to get [] a licensee list and marketing one sheet."  (Id. at 8.)  Ms. Saunders sent MGA an email while attending a "planogram" and reported that "Barbie is doing the chat divas for fall 07," and instructed the recipient to "delete this email once you talk to" Larian and Ron Brawer.  (Id. at 12.)

MGA only produced these communications because Larian and/or Paula Garcia were recipients on the emails at issue and MGA has searched Larian and Garcia's hard drives for responsive documents.  Other communications on which Larian was not a recipient, or to which Larian was not carbon copied, may not have been produced, even though there is evidence that Larian did not receive all communications about information obtained about Mattel's product lines.  See, e.g., id. at 9 (email between Gersende Costaz and recipient list that did not include Larian).  Although such communications may have later been "forwarded" to Larian, id., MGA has not confirmed that all such communications were forwarded to an individual whose files MGA has searched for responsive information.  Though MGA objects to the burden caused by having to search the files of these individuals for responsive information, such burden is warranted by (1) the scope of MGA's counterclaims in reply; and (2) the highly probative nature of this information, which might lead a fact-finder to conclude that the activities by Mattel's market intelligence group were so commonplace that no toy manufacturer considered the information in its toy showrooms to be a trade secret.  Furthermore, as Mattel notes, the Court compelled Mattel to search the files of 38 custodians at MGA's request earlier this month.

Mattel's Application is also GRANTED to the extent it seeks the last known address and last known telephone numbers for MGA employees Angelika Sternberg, Janet Han, Sandrine de Raspide and Janine Firth.  These individuals either reported information about Mattel's product lines or were apprised of such information.  See id. at 5, 9.  Mattel is entitled to depose them to determine the extent to which MGA and/or Larian directed the gathering and dissemination of information about Mattel's forthcoming product lines.  Any such deposition(s) must nonetheless be conducted in compliance with the deposition limits stipulated to by the parties and the Court will not expand the number of depositions to which either party is entitled.

Mattel's Application is DENIED to the extent it seeks the personnel files of former MGA employees potentially implicated in MGA's attempts to obtain advance information about Mattel's product lines.  Mattel has failed to sufficiently explain the basis for this burdensome discovery, which Mattel supports with the generic argument that MGA's failure to discipline the employees is relevant to its ratification of the same type of conduct allegedly committed by Mattel's market intelligence group.  Mattel can look elsewhere — e.g., the communications sent by MGA in response — for evidence of MGA's ratification of the individuals' conduct.

Mattel's Application is also DENIED to the extent it seeks an extension to the November 1, 2010 discovery cut-off in order to conduct the depositions of MGA's former employees. These individuals can be deposed before the November 1, 2010 cut-off in a manner observant of existing deposition limits. Allowing depositions after the November 1, 2010 deadline needlessly interferes with the preparation and disposition of the parties' summary judgment motions on the counterclaims in reply, which must be filed by November 15, 2010.

The Clerk shall serve this minute order on all parties to the action.