ANNETTE L. HURST (State Bar No. 148738)
ahurst@orrick.com
WARRINGTON S. PARKER III (State Bar No. 148003)
wparker@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building, 405 Howard Street
San Francisco, CA 94105
Tel: (415) 773-5700/Fax:(415) 773-5759

WILLIAM A. MOLINSKI (State Bar No. 145186)
wmolinski@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA 90017
Tel. (213) 629-2020/Fax: (213) 612-2499

THOMAS S. MCCONVILLE (State Bar No. 155905)
tmcconville@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
4 Park Plaza, Suite 1600
Irvine, CA 92614-2258
Tel: (949) 567-6700/Fax: (949) 567-6710

Attorneys for MGA Parties

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | Case No. CV 04-9049-DOC (RNBx)<br>Consolidated with: CV 04-9059; CV 05-2727<br><br>**DECLARATION OF JAMES E. MALACKOWSKI IN SUPPORT OF MGA'S *EX PARTE* APPLICATION FOR AN ORDER TO COMPEL PRODUCTION AND SUPPLEMENTATION OF DOCUMENTS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(E)**<br><br>**Trial Date: January 11, 2011** |

1  I, James E. Malackowski, under penalty of perjury, declare as follows:

2  1.  I am the Chairman and Chief Executive Officer of Ocean Tomo, LLC, an integrated Intellectual Capital Merchant Banc firm that provides financial products and services related to Intellectual Property expert testimony, valuation, investments, risk management, and transactions. I received a Bachelor of Business Administration with majors in Accountancy and Philosophy from the University of Notre Dame in 1985. I have advised clients and counsel on business valuation issues as well as all phases of the technology transfer process. I have also served as an instructor at several universities on topics such as IP-based market transactions as well as IP finance and management. On more than thirty occasions, I have served as an expert in Federal Court on questions relating to intellectual property economics. I am also a Certified Licensing Professional, a Registered Certified Public Accountant in the State of Illinois, and I am Certified in Financial Forensics.

2.  I make this declaration after reviewing discovery requests and responses made by both MGA Entertainment, Inc. ("MGA") and Mattel, Inc. ("Mattel"), various Orders of this Court, the financial documents produced by Mattel over the course of the past six years, and other relevant documents. If called and sworn as a witness, I could and would testify competently hereto.

3.  Ocean Tomo has been retained by Orrick, Herrington & Sutcliffe LLP, counsel for MGA to perform an analysis of accounting, financial, marketing and other business data in order to identify the range of compensation that would be appropriate for MGA to receive in the event that liability is found against Mattel.

4.  It is my understanding that an expert report reflecting MGA's potential damages is due on November 1, 2010.

5.  Mattel's failure to supplement its incomplete production of financial documents substantially impairs Ocean Tomo's ability to fully calculate damages and test for unknown externalities in at least *two* regards.

- 1 -

6. First, Mattel has failed to supplement its document production with any *monthly actuals reflecting sales revenue by SKU*. As part of its damages analysis, Ocean Tomo will determine the harm suffered by MGA, assuming liability by Mattel, from any sales that are diverted from MGA products to Mattel products. Mattel's monthly actuals reflecting sales revenue by SKU is needed to test MGA's damage analysis for reasonableness and countervailing facts, including the effects of competitive pricing and the seasonality of toy industry sales. Moreover, a remedy in trade secret misappropriation cases is typically awarded for "the length of time the usurpers would have needed to develop the information using available information and art,"[1] typically referred to as head start damages. Mattel's monthly actuals reflecting sales revenue by SKU is needed to fully determine damages in this regard.

7. Second, Mattel has failed to produce *any* actuals reflecting sales revenue by SKU for 2010. It is my understanding that a substantial volume of Mattel products, sold under the "Toy Story 3" brand, utilized trapezoidal packaging, the subject of one of MGA's affirmative claims of trade dress infringement by Mattel. Attached as **EXHIBIT A** is a true and correct copy of Mattel's publicly available 8-K filing, which was downloaded from Mattel's website. Based on my review of this document, Mattel's sales of Toy Story 3, as sold in trapezoidal packaging, represents a significant volume of sales. Mattel's failure to produce documents reflecting such sales impairs Ocean Tomo's ability to account for a significant amount of alleged ill-gotten gains by Mattel.

8. It is my further understanding that the parties have been in discussions for several weeks regarding the production of the specified information, but have now been informed definitively by counsel for Mattel the documents will not be produced and that no supplement of prior productions will be provided to bring

---

[1] Weil, Roman J., Frank, Peter B., Hughes, Christian W., and Wagner, Michael J., Litigation Services Handbook, Fourth Edition, John Whiley & Sons, Inc., 2007, page 20.32.

1 | them current into 2010.

2 |     9.     Finally, if Mattel produces the documents described in my declaration after November 1, 2010, Ocean Tomo should be afforded the opportunity to supplement its expert report to mitigate any prejudice suffered by MGA.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed in San Antonio, Texas on October 28, 2010.

                                            James E. Malackowski