Int. Cl.: 28

Prior U.S. Cls.: 22, 23, 38, and 50

**United States Patent and Trademark Office**

Reg. No. 2,855,370

Registered June 15, 2004

## TRADEMARK
### SUPPLEMENTAL REGISTER



MGA ENTERTAINMENT, INC. (CALIFORNIA CORPORATION)
16730 SCHOENBORN ST.
NORTH HILLS, CA 913436122

FOR: DOLLS AND DOLLS' ACCESSORIES, IN CLASS 28 (U.S. CLS. 22, 23, 38 AND 50).

FIRST USE 5-21-2001; IN COMMERCE 5-21-2001.

THE MARK CONSISTS OF A BOX FOR THE GOODS THAT IS TRANSPARENT AND IN THE SHAPE OF A PYRAMIDAL TRAPEZOID.

SER. NO. 76-310,491, FILED P.R. 9-6-2001; AM. S.R. 11-5-2003.

LOURDES AYALA, EXAMINING ATTORNEY

Exhibit 7 - Page 37

MGA2 1205873

## UNITED STATES PATENT AND TRADEMARK OFFICE

**SERIAL NO**: 76/310491

**APPLICANT**:    MGA ENTERTAINMENT, INC.

**CORRESPONDENT ADDRESS**:

    CAROL WITSCHEL

    WHITE & CASE LLP

    1155 AVENUE OF THE AMERICAS

    NEW YORK NY  10036-2787

**RETURN ADDRESS:**
Commissioner for Trademarks
2900 Crystal Drive
Arlington, VA 22202-3514

If no fees are enclosed, the address should include the words "Box Responses - No Fee."

**MARK**:

**CORRESPONDENT'S REFERENCE/DOCKET NO**:  N/A

**CORRESPONDENT EMAIL ADDRESS**:

Please provide in all correspondence:

1.  Filing date, serial number, mark and
    applicant's name.
2.  Date of this Office Action.
3.  Examining Attorney's name and Law Office number.
4.  Your telephone number and email address.

Serial Number  76/310491

## EXAMINER'S AMENDMENT

In accordance with the authorization granted by Witchsel on 4-01-04,  the application has been AMENDED as indicated below.  Please note that if the identification of goods or services has been amended below, any future amendments must be in accordance with 37 C.F.R. 2.71(a); TMEP section 1402.07(e).  No response is necessary unless there is an objection to the amendment.  If there is an objection to the amendment, the applicant should notify the examining attorney immediately.

The examining attorney has searched the Office records and has found no similar registered or pending mark which would bar registration under Trademark Act Section 2(d), 15 U.S.C. §1052(d).  TMEP §704.02.

MGA is a corporation of  California.

    /Lourdes D. Ayala/

        Lourdes D. Ayala

        Examining Attorney

        Law Office 106

Exhibit 7 - Page 38

MGA2 1205874

703-308-9106 x 225
Fax: 703-746-8106

Exhibit 7 - Page 39

MGA2 1205875

APPLICANT:         ABC International Traders, Inc. d/b/a MGA Entertainment

ADDRESS:           16730 Schoenburn Street
                   North Hills, California 91343

DATE OF FIRST USE:     May 21, 2001

IN COMMERCE:           May 21, 2001

GOODS/SERVICES:        DOLLS AND DOLLS' ACCESSORIES in International Class 28.

TRADEMARK:



**09-06-2001**

U.S. Patent & TMOfc/TM Mail RcptDt #61

White & Case LLP
1155 Avenue of the Americas
New York, New York 10036



76310491
Exhibit 7 - Page 40
MGA2 1205876

Trademark

76310491

Serial Number

## PROSECUTION HISTORY

| Entry | Date | Initials |
|---|---|---|

Exhibit 7 - Page 41

MGA2 1205877



Exhibit 7 - Page 42

MGA2 1205878

Exhibit 7 - Page 43

MGA2 1205879



November 2001
Vol. 45, No. 12



  

 

Exhibit 7 - Page 44

MGA2 1205880

Exhibit 7 - Page 45

MGA2 1205881





Exhibit 7 - Page 46

MGA2 1205882

Exhibit 7 - Page 47

MGA2 1205883



Exhibit 7 - Page 48

MGA2 1205884



Exhibit 7 - Page 49

MGA2 1205885



Exhibit 7 - Page 50

MGA2 1205886

Exhibit 7 - Page 51

MGA2 1205887













Exhibit 7 - Page 52

MGA2 1205888

Exhibit 7 - Page 53

MGA2 1205889






Exhibit 7 - Page 54

MGA2 1205890

Exhibit 7 - Page 55

MGA2 1205891



Exhibit 7 - Page 56

MGA2 1205892



76310491

Exhibit 7 - Page 57

MGA2 1205893

76310491



Exhibit 7 - Page 58

MGA2 1205894



## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

---------------------------------------------------------------X
:
| Mark: | Miscellaneous Design (Box) | : | Examining Attorney: |
| --- | --- | --- | --- |
| | | : | Lourdes D. Ayala |
| Applicant: | MGA Entertainment, Inc. | : | Law Office 106 |
| | | : | |
| Serial No.: | 76/310491 | : | |

---------------------------------------------------------------X

Box RESPONSES NO FEE
Assistant Commissioner of Patents
and Trademarks
2900 Crystal Drive
Arlington, VA 22202-3514

CERTIFICATE OF EXPRESS MAIL UNDER 37 CFR 1.8

"Express Mail" mailing number: EL914768764US
Date of Deposit   November 4, 2003

I hereby certify that this correspondence is being deposited with the United States Postal Service "Express Mail Post Office to Addressee" service under 37 CFR 1.8 on the date indicated above and is addressed to Assistant Commissioner of Patents and Trademarks, Arlington, VA 22202.

Name:   Helen Bruno

Signature:

SIR:

This submission is in response to the Priority Action issued on September 10, 2003.

Due to the Examiner's refusal to register the captioned mark on the Principal Register, the Applicant wishes to amend the application for registration on the Supplemental Register.

In view of the foregoing, the applicant respectfully requests that the application herein proceed to publication.

Respectfully submitted,
WHITE & CASE LLP

Dated: November 4, 2003
New York, New York

By:

Carol A. Witschel
Attorney for the Applicant
1155 Avenue of the Americas
New York, New York 10036
Tel. (212) 819-8578

MGA2 1205895

# Incoming Correspondence Routing Sheet

## To:  TMEG LAW OFFICE 106 – AWAITING RESPONSE DOCKE

**Word Mark:  (Design Mark Only)**

**Serial No: 76310491**



**Mail Date:  11052003**



**Doc. Type:  Responses to Office Actions**

---

# No Fee

**RAM Mail Date: 110503**



Exhibit 7 - Page 60

MGA2 1205896



Examining Attorney: AYALA, LOURDES
Serial Number: 76/310491

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

--------------------------------------------------------------------------X

Mark:        Miscellaneous Design (Box)

Applicant:   MGA Entertainment, Inc.

Serial No.:  76/310491

--------------------------------------------------------------------------X

Examining Attorney:
Lourdes D. Ayala
Law Office 106

Box RESPONSES NO FEE
Assistant Commissioner of Patents
and Trademarks
2900 Crystal Drive
Arlington, VA 22202-3514

CERTIFICATE OF EXPRESS MAIL UNDER 37 CFR 1.8

"Express Mail" mailing number: EL914768764US
Date of Deposit    November 4, 2003

I hereby certify that this correspondence is being deposited with the
United States Postal Service "Express Mail Post Office to Addressee"
service under 37 CFR 1.8 on the date indicated above and is addressed to
Assistant Commissioner of Patents and Trademarks, Arlington, VA
22202.

Name:   Helen Bruno

Signature:

SIR:

   This submission is in response to the Priority Action issued on September 10,

2003.

   Due to the Examiner's refusal to register the captioned mark on the Principal

Register, the Applicant wishes to amend the application for registration on the Supplemental

Register.

   In view of the foregoing, the applicant respectfully requests that the application

herein proceed to publication.

Respectfully submitted,
WHITE & CASE LLP

Dated: November 4, 2003
   New York, New York

By:

Carol A. Witschel
Attorney for the Applicant
1155 Avenue of the Americas
New York, New York 10036
Tel. (212) 819-8578

11-05-2003

U.S. Patent & TMOfc/TM Mail Rcpt Dt #58

Exhibit 7 - Page 61

MGA2 1205897

# MEMORANDUM

DATE: _____ 2 9 _____

TO: _____ SUE _____

LAW OFFICE 106

FROM:  OFFICE OF THE COMMISSIONER FOR TRADEMARKS

RE: REQUEST FOR REINSTATEMENT


ATTACHED IS A REQUEST FOR REINSTATEMENT FOR YOUR CONSIDERATION.

    1) PLEASE MATCH PAPER(S) TO FILE
    2) CONSIDER APPLICANT'S REQUEST

Exhibit 7 - Page 62

MGA2 1205898

# UNITED STATES PATENT AND TRADEMARK OFFICE

**SERIAL NO:** 76/310491

**APPLICANT:** ABC International Traders, Inc.

SEP 1 0 2003

**CORRESPONDENT ADDRESS:**
CAROL WITSCHEL
WHITE & CASE LLP
1155 AVENUE OF THE AMERICAS
NEW YORK NY 10036-2711

**RETURN ADDRESS:**
Commissioner for Trademarks
2900 Crystal Drive
Arlington, VA 22202-3514
**ecom106@uspto.gov**

**MARK:**

**CORRESPONDENT'S REFERENCE/DOCKET NO:** N/A

**CORRESPONDENT EMAIL ADDRESS:**

Please provide in all correspondence

1. Filing date, serial number, mark and applicant's name
2. Date of this Office Action
3. Examining Attorney's name and Law Office number
4. Your telephone number and e-mail address

## PRIORITY ACTION

**OFFICE SEARCH:** The examining attorney has searched the Office records and has found no similar registered or pending mark which would bar registration under Trademark Act Section 2(d), 15 U.S.C. Section 1052(d). TMEP section 704.02.

**TO AVOID ABANDONMENT, WE MUST RECEIVE A PROPER RESPONSE TO THIS OFFICE ACTION WITHIN 6 MONTHS OF OUR MAILING OR E-MAILING DATE.** This case will be given priority as an amended case if you respond to the requirements stated below within two months.

**FOR INQUIRIES OR QUESTIONS ABOUT THIS OFFICE ACTION, PLEASE CONTACT THE ASSIGNED EXAMINING ATTORNEY.**

RE: Serial Number 76/310491

This letter responds to the applicant's communication filed on 7-16-2003.

Upon further review, the following must issue. We apologize for any inconvenience

### _Acquired Distinctiveness Evidence Not Sufficient:_

Since the applicant's mark is not inherently distinctive as applied to the goods, the applicant's allegation of three years' use and marketing/advertising material is insufficient evidence of distinctiveness. The applicant must submit more actual evidence to prove the distinctiveness of the mark in commerce. The Office will decide each case on its own merits. The examining attorney

Exhibit 7 - Page 63

MGA2 1205899

# UNITED STATES PATENT AND TRADEMARK OFFICE

**SERIAL NO**: 76/310491

**APPLICANT**:        ABC International Traders, Inc.

**CORRESPONDENT ADDRESS**:
    CAROL WITSCHEL
    WHITE & CASE LLP
    1155 AVENUE OF THE AMERICAS
    NEW YORK NY 10036-2711

**RETURN ADDRESS**:
Commissioner for Trademarks
2900 Crystal Drive
Arlington, VA 22202-3514
**ecom106@uspto.gov**

**MARK**:

**CORRESPONDENT'S REFERENCE/DOCKET NO**:  N/A

**CORRESPONDENT EMAIL ADDRESS**:

Please provide in all correspondence:

1. Filing date, serial number, mark and applicant's name.
2. Date of this Office Action.
3. Examining Attorney's name and Law Office number.
4. Your telephone number and e-mail address.

## PRIORITY ACTION

OFFICE SEARCH:  The examining attorney has searched the Office records and has found no similar registered or pending mark which would bar registration under Trademark Act Section 2(d), 15 U.S.C. Section 1052(d).  TMEP section 704.02.

**TO AVOID ABANDONMENT, WE MUST RECEIVE A PROPER RESPONSE TO THIS OFFICE ACTION WITHIN 6 MONTHS OF OUR MAILING OR E-MAILING DATE.**  This case will be given priority as an amended case if you respond to the requirements stated below within two months.

**FOR INQUIRIES OR QUESTIONS ABOUT THIS OFFICE ACTION, PLEASE CONTACT THE ASSIGNED EXAMINING ATTORNEY.**

Serial Number  76/310491

This letter responds to the applicant's communication filed on 7-16-2003.

Upon further review, the following must issue. We apologize for any inconvenience

*Acquired Distinctiveness Evidence Not Sufficient:*

Since the applicant's mark is not inherently distinctive as applied to the goods, the applicant's allegation

Exhibit 7 - Page 64
MGA2 1205900

of three years' use and marketing/advertising material is insufficient evidence of distinctiveness. The applicant must submit more actual evidence to prove the distinctiveness of the mark in commerce. The Office will decide each case on its own merits. The examining attorney will consider the following principal factors in this decision: (1) how long the applicant has used the mark; (2) the type and amount of advertising of the mark; and (3) the applicant's efforts to associate the mark with the goods/services.

*See Ralston Purina Co. v. Thomas J. Lipton, Inc.*, 341 F. Supp. 129, 173 USPQ 820 (S.D.N.Y. 1972); *In re Packaging Specialists, Inc.*, 221 USPQ 917 (TTAB 1984); 37 C.F.R. §2.41; TMEP §§1212, 1212.01 and 1212.06 *et seq.* This evidence may include specific dollar sales under the mark, advertising figures, samples of advertising, consumer or dealer statements of recognition of the mark and any other evidence that establishes the distinctiveness of the mark as an indicator of source.

### *Supplemental Register:*

Although the examining attorney has refused registration on the Principal Register, the applicant may amend the application to seek registration on the Supplemental Register. Trademark Act Section 23, 15 U.S.C. Section 1091; 37 C.F.R. Sections 2.47 and 2.75(a); TMEP sections 202.02(b) and 1115.

> /Lourdes D. Ayala/
> Lourdes D. Ayala
> Examining Attorney
> Law Office 106
> 703-308-9106 x 225
> Fax: 703-746-8106
> ECOM: ECOM106@uspto.gov

**How to respond to this Office Action:**

To respond formally using the Office's Trademark Electronic Application System (TEAS), visit **http://www.uspto.gov/teas/index.html** and follow the instructions.

To respond formally via E-mail, visit **http://www.uspto.gov/web/trademarks/tmelecresp.htm** and follow the instructions.

To respond formally via regular mail, your response should be sent to the mailing Return Address listed above and include the serial number, law office and examining attorney's name on the upper right corner of each page of your response.

To check the status of your application at any time, visit the Office's Trademark Applications and Registrations Retrieval (TARR) system at **http://tarr.uspto.gov/**

For general and other useful information about trademarks, you are encouraged to visit the Office's web site at **http://www.uspto.gov/main/trademarks.htm**

Exhibit 7 - Page 65

MGA2 1205901

# TRADEMARK EXAMINATION WORKSHEET

xx  AMENDMENT STAGE       ☐  NO CHANGE       ☐  PUBLICATION/REGISTRATION STAGE

Name: <u>SATCHER, Irma</u>       L.O. 106       Date  07//31/2003       Serial No. 76310494

| INSTRUCTIONS: Place a check mark in the appropriate column and/or box to indicate which data elements have been amended/coded. |
|---|

## Legal Instrument Examiner (LIE)

| | Amended | Data Element | |
|---|---|---|---|
| **Class Data** | | ☐ Prime/International Class | ☐ Goods and Services |
| | | ☐ First Use Date | ☐ First Use in Commerce Date |
| | | ☐ In Another Form | ☐ Certification |
| | | ☐ 1b | ☐ 1a |
| **Mark Data** | | ☐ Word Mark | ☐ Pseudo Mark |
| | | ☐ Mark Drawing Code | ☐ Design Search Code |
| | | ☐ Scan Drawing | |
| **Misc. Mark Data** | ✓ | ☑ Mark Description | ☐ Disclaimer |
| | | ☐ Lining/Stippling | ☐ Name/Portrait/Consent |
| | | ☐ Translation | |
| **Section 2(f)** | ✓ | ☑ Section 2(f) Entire Mark | |
| | | ☐ Section 2(f) Limitation Statement | ☐ Section 2(f) in Part |
| | | ☐ Amended Register | ☐ Amended Register Date |
| **Foreign Reg. Data** | | ☐ Foreign Country | ☐ 44(d)  ☐ 44(e) |
| | | ☐ Foreign Application Number | ☐ Foreign Application Filing Date |
| | | ☐ Foreign Registration Number | ☐ Foreign Registration Date |
| | | ☐ Foreign Registration Expiration Date | ☐ Foreign Renewal Reg. Number |
| | | ☐ Foreign Reg. Renewal Expiration Date | ☐ Foreign Renewal Reg. Date |
| **Owner Data** | | ☐ Owner Name | ☐ DBA/AKA/TA |
| | | ☐ Address 1 | ☐ Address 2 |
| | | ☐ City | ☐ State |
| | | ☐ Zip Code | ☐ Telephone and/or Fax Number |
| | | ☐ Citizenship | ☐ Entity |
| | | ☐ Entity Statement | ☐ Composed of |
| | | ☐ Assignment(s)/Name Change | ☐ E-Mail Address |
| **Amd/Corr Restr.** | | ☐ Concurrent Use | |
| **Prior U.S. Reg.** | | ☐ Prior Registration | |
| **Correspondence** | | ☐ Attorney | ☐ Domestic Representative |
| | | ☐ Attorney Docket Number | ☐ Telephone and/or Fax Number |
| | | ☐ Correspondence Firm Name/Address | ☐ E-Mail Address |

I certify that all corrections have been entered in accordance with text editing guidelines.

*Irma J. Satcher*
LIE

07/31/2003
DATE   AUG 1 3 2003

Other:_____

_____

_____

Exhibit 7 - Page 66

MGA2 1205902

Examining Attorney: AYALA, LOURDES
Serial Number: 76/310491



## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

------------------------------------------------------------------------X
                    :

| | | |
|---|---|---|
| Mark: | Miscellaneous Design (Box) | : |
| | | : |
| Applicant: | MGA Entertainment, Inc. | : |
| | | : |
| Serial No.: | 76/310491 | : |
| | | : |

------------------------------------------------------------------------X

Examining Attorney:
Lourdes D. Ayala
Law Office 106

**07-16-2003**
U.S. Patent & TMOfc/TM Mail Rcpt Dt. #74

Box RESPONSES NO FEE
Assistant Commissioner of Patents
and Trademarks
2900 Crystal Drive
Arlington, VA 22202-3514

---

CERTIFICATE OF EXPRESS MAIL UNDER 37 CFR 1.8

"Express Mail" mailing number:  EV121051306US
Date of Deposit  July 14, 2003

I hereby certify that this correspondence is being deposited with the
United States Postal Service "Express Mail Post Office to Addressee"
service under 37 CFR 1.8 on the date indicated above and is addressed
to Assistant Commissioner of Patents and Trademarks, Arlington, VA
22202.

Name:    Helen Bruno

Signature:

---

SIR:

      This submission is in response to the Priority Action issued on May 16, 2003.

      The Examiner has requested that the Applicant enter language indicating that the mark has acquired distinctiveness through five years of continuous use.  Please note, however, that the Applicant is not declaring that the mark has acquired distinctiveness through 5 years of use but, rather, through notoriety derived from extensive advertising, marketing and sales, as exhibited in our prior office action response.  For your ready reference, we have attached a copy of our prior response dated April 15, 2002.

      37 C.F.R. Rule 2.41 indicates that the Applicant may submit, in support of proof of distinctiveness under 2(f), affidavits or declarations or other appropriate evidence showing

Exhibit 7 - Page 67

MGA2 1205903

duration, extent and nature of use in commerce and advertising expenditures in connection therewith (identifying types of media and attaching typical advertisements). Applicant has submitted such evidence in the office action response filed on April 15, 2002. Furthermore, actual evidence of acquired distinctiveness may be submitted regardless of the length of time the mark has been used. *Ex parte Fox River Paper Corp.*, 99 USPQ 173 (Comm'r Pats. 1953). While the evidence, specifically the sales and advertising figures, demonstrates use only within the last two years, these figures indicate substantial exposure of the Bratz trademark, products and container to the public. Therefore, the mark has acquired distinctiveness, not through the length of time that the mark has been in use but, through the degree of use within the last few years resulting in fame and notoriety in the toy field and its target consumers.

In view of the foregoing, the applicant respectfully requests that the application herein proceed to publication.

Respectfully submitted,
WHITE & CASE LLP

Dated: July 14, 2003
       New York, New York

By: _Carl A. Witschel_____
    Carol A. Witschel
    Attorney for the Applicant
    1155 Avenue of the Americas
    New York, New York 10036
    Tel. (212) 819-8578

Exhibit 7 - Page 68

MGA2 1205904

# WHITE & CASE
### LIMITED LIABILITY PARTNERSHIP

1155 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10036-2787

TELEPHONE: (1-212) 819-8200
FACSIMILE: (1-212) 354-8113

LOS ANGELES
MIAMI
NEW YORK
PALO ALTO
WASHINGTON, D.C.

BERLIN
BRATISLAVA
BRUSSELS
BUDAPEST
DRESDEN
DÜSSELDORF
FRANKFURT
HAMBURG
HELSINKI
ISTANBUL
LONDON
MILAN
MOSCOW
PARIS
PRAGUE
ROME
STOCKHOLM
WARSAW

ALMATY
ANKARA
BANGKOK
BOMBAY/MUMBAI
HO CHI MINH CITY
HONG KONG
JAKARTA
SHANGHAI
SINGAPORE
TOKYO

BAHRAIN
JEDDAH
RIYADH

MEXICO CITY
SÃO PAULO

JOHANNESBURG

DIRECT DIAL: (212) 819-8477
E-MAIL: lweinstein@whitecase.com

April 15, 2002

<u>VIA EXPRESS MAIL</u>   EL297582837US

Assistant Commissioner for Trademarks
Box TTAB, No Fee
2900 Crystal Drive
Arlington, VA 22202-3513

Re:   Serial No. 76/310491
Mark: MISCELLANEOUS DESIGN

Dear Assistant Commissioner for Trademarks:

We submit herewith a Response and Declaration in connection with the above-referenced matter. Please date and stamp the enclosed postcard to acknowledge receipt of this document.

Respectfully submitted,

Lawrence A. Weinstein

<u>Enclosures</u>

cc:   Carol A. Witschel, Esq.
Alan Blum, Esq.

Exhibit 7 - Page 69

MGA2 1205905

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

- - - - - - - - - - - - - - - - - - - - - - - - X

In re Application of      :
 ABC INTERNATIONAL   :
 TRADERS, INC.      :    Lourdes Damaris Ayala
            :    Examining Attorney
            :    Law Office 106
Mark: MISCELLANEOUS DESIGN :
            :
Serial No.:76/310491     :

- - - - - - - - - - - - - - - - - - - - - - - - X

BOX RESPONSES
NO FEE
Assistant Commissioner for Trademarks
2900 Crystal Drive
Arlington, Virginia 22202-3513

## RESPONSE

Applicant ABC International Traders, Inc. ("Applicant") responds to the Office Action

(No. 1) mailed December 14, 2001, as follows:

## AMENDMENT

Applicant requests that the Examining Attorney amend the description of the mark in the

above-referenced application to read:

"The mark consists of a box for the goods that is transparent and in the shape of a

pyramidal trapezoid."

## REMARKS

Applicant seeks to register as a miscellaneous design mark a transparent box, in the shape

of a pyramidal trapezoid, in which the applicant's popular Bratz dolls have been and continue to

4/12/2002 11:31 AM (2K)
NEWYORK 851723 v5 [S96z05I.DOC]

Exhibit 7 - Page 70
MGA2 1205906

be packaged (the "Bratz container"). Because the Bratz container is inherently distinctive as an identification of Applicant's particular goods, a showing of secondary meaning is not required. Two Pesos, Inc. v. Taco Cabana, Inc., 505 U.S. 763, 774 (1992); In re Creative Beauty Innovations Inc., 56 U.S.P.Q.2d. 1203 (TTAB 2000). However, even if the Bratz container is not inherently distinctive, it has acquired distinctiveness. Therefore, the mark is entitled to registration on the Principal Register.

## 1.    The Bratz Container is Inherently Distinctive.

When determining inherent distinctiveness, "the focus of the inquiry is whether or not the trade dress is of such a design that a buyer will immedietely rely on it to differentiate the product from those of competing manufacturers. . . ." Tone Bros., Inc. v. Sysco Corp., 28 F.3d 1192, 1206 (Fed. Cir. 1994). For example, the Trademark Trial and Appeal Board reversed the refusal to register the trade dress of a bath product container described in its application as "concave on one side and convex on the other" because the design was "unique and unusual in the field of cosmetics. . . ." In re Creative, 56 U.S.P.Q.2d at 1204, 1208. Similarly, the trade dress of the Plumber Saver container was found inherently distinctive because "the configuration . . . is unique as a container in the liquid drain cleaner field." In re Days-Ease Home Prods. Corp., 197 U.S.P.Q. 566, 568 (TTAB 1977). Like the Plumber Saver container, the Bratz container, "is extremely eye-catching and would provoke comment from viewers thereof." Id. The Bratz container, a pyramidal trapezoid, is unique in the doll field and has been described in unsolicited media articles as "a unique collectable display package" (a summary of unsolicited media attention is attached as Exhibit 1 to the accompanying Declaration of Isaac Larian ("Larian Decl.")). It "would serve, per se, to identify applicant's product on the shelves of the retail outlets in which it is sold." Id.

Exhibit 7 - Page 71
MGA2 1205907

The transparency of the Bratz container is functional in the sense that its design allows for the display of its contents. However, a trade dress may have functional elements and still be inherently distinctive. Paddington Corp. v. Attiki Importers & Distributors, Inc., 996 F.2d 577, 584 (2d Cir. 1993) ("The No. 12 Ouzo bottle is inherently distinctive" despite "the fact that the bottle is of a style such that it indicates to the observer that it contains a liquid that probably is potable.") Like the bottle in Paddington, the configuration of the Bratz container was "selected from an almost limitless supply of patterns, colors and designs." Id. Nor does the existence of similar elements in the containers of other dolls (such as the Bratz container's transparency and general size) destroy its inherent distinctiveness, as "[o]ne could no more deny protection to a trade dress for using commonly used elements than one could deny protection to a trademark because it consisted of a combination of commonly used letters of the alphabet." Id. The bath products container discussed above was found inherently distinctive despite "evidence that products similar to applicant's are offered for sale in a variety of containers which, based on a two-dimensional view, utilize basic geometric shapes. . . ." In re Creative, 56 U.S.P.Q.2d at 1204. Moreover, "[i]n cases where it is not obvious that the design is commonplace, the examining attorney's obligation under the Trademark Act is to make a prima facie showing that applicant's container configuration is not entitled to registration." Id. at 1205. Here, no such showing was made. The Bratz container is inherently distinctive trade dress.

**2.**     **The Bratz Container Has Secondary Meaning.**

Even if the Trademark Examiner finds that the Bratz container is not inherently distinctive, the trade dress is still registrable on the Principal Register because it has acquired distinctiveness. The specific configuration embodied in the proposed mark, a box that is transparent and in the shape of a pyramidal trapezoid, has been widely advertised and marketed.

Exhibit 7 - Page 72
MGA2 1205908

Advertising and promotional materials include various articles in the press (Larian Decl., Ex. 1); a presence at the Teen Choice Awards covered by an article in Tiger Beat magazine which featured actress Reese Witherspoon holding the Bratz container (Larian Decl., Ex. 2); and promotional photographs featuring the Bratz container in the hands of actress Pamela Anderson Lee and actor David Boreanaz (Larian Decl., Ex. 3). The Bratz container is also pictured in a "Hard-To-Buy-For" magazine feature (Larian Decl., Ex. 4).

Moreover, Applicant has spent a substantial amount of money advertising and promoting the Bratz container. In 2001, Applicant spent over $2,500,000 on television commercials promoting the Bratz dolls and Bratz container (Larian Decl., ¶ 7). For 2002, Applicant has budgeted approximately $5,000,000 in advertising and media costs for the promotion of the Bratz dolls and Bratz container (Larian Decl., ¶ 8).

Applicant's sales in 2001, the first year the doll was offered, exceeded $6,000,000 (Larian Decl., ¶ 9). Given the retail price of about $15 per doll, these sales figures indicate massive exposure of the Bratz container to the public. Given the evidence described above, there can be little doubt that Applicant's box design has demonstrated acquired distinctiveness.

For the foregoing reasons, it is submitted that the present application is in condition for publication and registration, and such action is requested.

Dated:    New York, New York
          April 15, 2002

                                Respectfully submitted,
                                WHITE & CASE

                                By _____
                                    Alan Blum
                                    Attorneys for Applicant
                                    1155 Avenue of the Americas
                                    New York, New York  10036

Exhibit 7 - Page 73

MGA2 1205909

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

In re Application of :
    ABC INTERNATIONAL
    TRADERS, INC. :

               :

Mark: MISCELLANEOUS DESIGN :

Serial No.:76/310491 :

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

Lourdes Damaris Ayala
Examining Attorney
Law Office 106

BOX RESPONSES
NO FEE
Assistant Commissioner for Trademarks
2900 Crystal Drive
Arlington, Virginia 22202-3513

## DECLARATION OF ISAAC LARIAN

1.    I, Isaac Larian, submit this declaration in support of ABC International Traders, Inc.'s ("ABC's") response to Office Action (No. 1), Serial No. 76/310491.

2.    I am President and Chief Executive Officer of ABC. I have personal knowledge of the following facts.

3.    Attached hereto as Exhibit 1 is a true and correct sampling of unsolicited media attention relating to the Bratz dolls and the Bratz container.

4.    Attached hereto as Exhibit 2 is a true and correct copy of an article from the November 2001 issue of Tiger Beat magazine featuring a Bratz doll in its distinctive container.

5.    Attached hereto as Exhibit 3 is a true and correct copy of photographs of celebrities Pamela Anderson Lee and David Boreanaz holding the Bratz container.

Exhibit 7 - Page 74

MGA2 1205910

6.      Attached hereto as Exhibit 4 is a true and correct copy of a "Hard-To-Buy-For" article featuring the Bratz container.

7.      In 2001, ABC spent over $2,500,000 on television commercials promoting the Bratz dolls and Bratz container.

8.      For 2002, ABC has budgeted approximately $5,000,000 in advertising and media costs for the promotion of the Bratz dolls and Bratz container.

9.      ABC's sales of dolls in the Bratz container exceeded $6,000,000 in 2001, the first year they were introduced.

I declare under penalty of perjury that the foregoing is true and correct.


Executed on: ~~March~~ April 8, 2002

Isaac Larian

-2-

Exhibit 7 - Page 75

MGA2 1205911



Exhibit 7 - Page 76

MGA2 1205912



Exhibit 7 - Page 77

MGA2 1205913



Exhibit 7 - Page 78

MGA2 1205914

RECYCLED

Exhibit 7 - Page 79

MGA2 1205915

# TiGER beat

November 2001
Vol. 46, No. 12

## BEHIND THE AWARDS

*TIGER BEAT'S FEARLESS REPORTERS WENT BACKSTAGE AT THE TEEN CHOICE AWARDS TO TELL YOU WHAT YOU COULDN'T SEE ON TV!*

At every awards show, celebs receive tons of thank-you gifts from the event's sponsors. The Teen Choice awards were no exception. Here's what we saw in the "Goody Room" where the stars stopped to pick up their presents.



The only item **Reese Witherspoon** (left) wanted was a Sasha Bratz doll for her 2-year-old daughter.







Exhibit 7 - Page 80
MGA2 1205916



Exhibit 7 - Page 81

MGA2 1205917





Exhibit 7 - Page 82

MGA2 1205918

RECYCLED

Exhibit 7 - Page 83

MGA2 1205919



HARD-TO-BUY-FOR | CHILDREN

Wild Planet Alarm Safe, $20, at FAO Schwarz.

Harry Potter's favorite, Bertie Bott's Every Flavor jelly beans, $4.99, at Bed Bath & Beyond, Blockbuster.

Bratz fashionista doll, $14.95, at Kmart, Amazon.com.

Fiorucci diary, $15, at Fiorucci.

One Man Jam DJ Mixer, $49.95, at FAO Schwarz, Kmart.

Tony Hawk remote-control skater, $60 (requires rechargeable battery pack, $30), at Toys "R" Us.

**SEND A MESSAGE:** William Golding's classic morality tale *Lord of the Flies* ($12, at Shakespeare & Co.) bears some timeless messages about pig-hunting—and playing nice with others. Perfect for the antisocial adolescent in your life.

Exhibit 7 - Page 84

MGA2 1205920



# Incoming Correspondence Routing Sheet
## To:  TMEG LAW OFFICE 106 - AWAITING RESPONSE DOCKET

**Word Mark:  (Design Mark Only)**

**Serial No: 76310491**



**Mail Date:  07162003**



**Doc. Type:  Responses to Office Actions**



---

# No Fee

**RAM Mail Date: 071603**



Exhibit 7 - Page 85

MGA2 1205921

Examining Attorney: AYALA, LOURDES
Serial Number: 76/310491



## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

-----------------------------------------------------------------------X

| | | : |
|---|---|---|
| Mark: | Miscellaneous Design (Box) | : |
| | | : |
| Applicant: | MGA Entertainment, Inc. | : |
| | | : |
| Serial No.: | 76/310491 | : |
| | | : |

-----------------------------------------------------------------------X

Examining Attorney:
Lourdes D. Ayala
Law Office 106

**07-16-2003**

U.S. Patent & TMOfc/TM Mail Rcpt Dt. #74

---

Box RESPONSES NO FEE
Assistant Commissioner of Patents
and Trademarks
2900 Crystal Drive
Arlington, VA 22202-3514

CERTIFICATE OF EXPRESS MAIL UNDER 37 CFR 1.8

"Express Mail" mailing number: EV121051306US
Date of Deposit   July 14, 2003

I hereby certify that this correspondence is being deposited with the United States Postal Service "Express Mail Post Office to Addressee" service under 37 CFR 1.8 on the date indicated above and is addressed to Assistant Commissioner of Patents and Trademarks, Arlington, VA 22202.

Name:   Helen Bruno

Signature:

SIR:

This submission is in response to the Priority Action issued on May 16, 2003.

The Examiner has requested that the Applicant enter language indicating that the mark has acquired distinctiveness through five years of continuous use. Please note, however, that the Applicant is not declaring that the mark has acquired distinctiveness through 5 years of use but, rather, through notoriety derived from extensive advertising, marketing and sales, as exhibited in our prior office action response. For your ready reference, we have attached a copy of our prior response dated April 15, 2002.

37 C.F.R. Rule 2.41 indicates that the Applicant may submit, in support of proof of distinctiveness under 2(f), affidavits or declarations or other appropriate evidence showing

Exhibit 7 - Page 86

MGA2 1205922

duration, extent and nature of use in commerce and advertising expenditures in connection

therewith (identifying types of media and attaching typical advertisements). Applicant has

submitted such evidence in the office action response filed on April 15, 2002. Furthermore,

actual evidence of acquired distinctiveness may be submitted regardless of the length of time the

mark has been used. *Ex parte Fox River Paper Corp.*, 99 USPQ 173 (Comm'r Pats. 1953).

While the evidence, specifically the sales and advertising figures, demonstrates use only within

the last two years, these figures indicate substantial exposure of the Bratz trademark, products

and container to the public. Therefore, the mark has acquired distinctiveness, not through the

length of time that the mark has been in use but, through the degree of use within the last few

years resulting in fame and notoriety in the toy field and its target consumers.

   In view of the foregoing, the applicant respectfully requests that the application

herein proceed to publication.

Respectfully submitted,
WHITE & CASE LLP

Dated: July 14, 2003
   New York, New York

By: _Carl A Witschel_

   Carol A. Witschel
   Attorney for the Applicant
   1155 Avenue of the Americas
   New York, New York 10036
   Tel. (212) 819-8578

Exhibit 7 - Page 87

MGA2 1205923

## WHITE & CASE
LIMITED LIABILITY PARTNERSHIP

1155 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10036-2787

TELEPHONE: (1-212) 819-8200
FACSIMILE:  (1-212) 354-8113

DIRECT DIAL:  (212) 819-8477
E-MAIL:  lweinstein@whitecase.com

LOS ANGELES
MIAMI
NEW YORK
PALO ALTO
WASHINGTON, D.C.

BERLIN
BRATISLAVA
BRUSSELS
BUDAPEST
DRESDEN
DÜSSELDORF
FRANKFURT
HAMBURG
HELSINKI
ISTANBUL
LONDON
MILAN
MOSCOW
PARIS
PRAGUE
ROME
STOCKHOLM
WARSAW

ALMATY
ANKARA
BANGKOK
BOMBAY/MUMBAI
HO CHI MINH CITY
HONG KONG
JAKARTA
SHANGHAI
SINGAPORE
TOKYO

BAHRAIN
JEDDAH
RIYADH

MEXICO CITY
SÃO PAULO

JOHANNESBURG

April 15, 2002

<u>VIA EXPRESS MAIL</u>   EL297582837US

Assistant Commissioner for Trademarks
Box TTAB, No Fee
2900 Crystal Drive
Arlington, VA 22202-3513

Re:   Serial No. 76/310491
Mark: MISCELLANEOUS DESIGN

Dear Assistant Commissioner for Trademarks:

We submit herewith a Response and Declaration in connection with the above-referenced
matter.  Please date and stamp the enclosed postcard to acknowledge receipt of this document.

Respectfully submitted,

Lawrence A. Weinstein

Enclosures

cc:   Carol A. Witschel, Esq.
Alan Blum, Esq.

Exhibit 7 - Page 88

MGA2 1205924

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

```
- - - - - - - - - - - - - - - - - - - - - - - - - - X
In re Application of                :
      ABC INTERNATIONAL              :
      TRADERS, INC.                  :
                                     :         Lourdes Damaris Ayala
                                     :         Examining Attorney
                                     :         Law Office 106
Mark: MISCELLANEOUS DESIGN          :
                                     :
Serial No.:76/310491                 :
- - - - - - - - - - - - - - - - - - - - - - - - - - X
```

BOX RESPONSES
NO FEE
Assistant Commissioner for Trademarks
2900 Crystal Drive
Arlington, Virginia 22202-3513

## RESPONSE

Applicant ABC International Traders, Inc. ("Applicant") responds to the Office Action

(No. 1) mailed December 14, 2001, as follows:

## AMENDMENT

Applicant requests that the Examining Attorney amend the description of the mark in the

above-referenced application to read:

"The mark consists of a box for the goods that is transparent and in the shape of a

pyramidal trapezoid."

## REMARKS

Applicant seeks to register as a miscellaneous design mark a transparent box, in the shape

of a pyramidal trapezoid, in which the applicant's popular Bratz dolls have been and continue to

be packaged (the "Bratz container").  Because the Bratz container is inherently distinctive as an identification of Applicant's particular goods, a showing of secondary meaning is not required. Two Pesos, Inc. v. Taco Cabana, Inc., 505 U.S. 763, 774 (1992); In re Creative Beauty Innovations Inc., 56 U.S.P.Q.2d. 1203 (TTAB 2000).  However, even if the Bratz container is not inherently distinctive, it has acquired distinctiveness.  Therefore, the mark is entitled to registration on the Principal Register.

1.   **The Bratz Container is Inherently Distinctive.**

When determining inherent distinctiveness, "the focus of the inquiry is whether or not the trade dress is of such a design that a buyer will immediately rely on it to differentiate the product from those of competing manufacturers. . . ." Tone Bros., Inc. v. Sysco Corp., 28 F.3d 1192, 1206 (Fed. Cir. 1994).  For example, the Trademark Trial and Appeal Board reversed the refusal to register the trade dress of a bath product container described in its application as "concave on one side and convex on the other" because the design was "unique and unusual in the field of cosmetics. . . ." In re Creative, 56 U.S.P.Q.2d at 1204, 1208.  Similarly, the trade dress of the Plumber Saver container was found inherently distinctive because "the configuration . . . is unique as a container in the liquid drain cleaner field." In re Days-Ease Home Prods. Corp., 197 U.S.P.Q. 566, 568 (TTAB 1977).  Like the Plumber Saver container, the Bratz container, "is extremely eye-catching and would provoke comment from viewers thereof." Id.  The Bratz container, a pyramidal trapezoid, is unique in the doll field and has been described in unsolicited media articles as "a unique collectable display package" (a summary of unsolicited media attention is attached as Exhibit 1 to the accompanying Declaration of Isaac Larian ("Larian Decl.")).  It "would serve, per se, to identify applicant's product on the shelves of the retail outlets in which it is sold." Id.

Exhibit 7 - Page 90

MGA2 1205926

The transparency of the Bratz container is functional in the sense that its design allows for the display of its contents.  However, a trade dress may have functional elements and still be inherently distinctive.  <u>Paddington Corp.</u> v. <u>Attiki Importers & Distributors, Inc.</u>, 996 F.2d 577, 584 (2d Cir. 1993) ("The No. 12 Ouzo bottle is inherently distinctive" despite "the fact that the bottle is of a style such that it indicates to the observer that it contains a liquid that probably is potable.")  Like the bottle in <u>Paddington</u>, the configuration of the Bratz container was "selected from an almost limitless supply of patterns, colors and designs."  <u>Id.</u>  Nor does the existence of similar elements in the containers of other dolls (such as the Bratz container's transparency and general size) destroy its inherent distinctiveness, as "[o]ne could no more deny protection to a trade dress for using commonly used elements than one could deny protection to a trademark because it consisted of a combination of commonly used letters of the alphabet."  <u>Id.</u>  The bath products container discussed above was found inherently distinctive despite "evidence that products similar to applicant's are offered for sale in a variety of containers which, based on a two-dimensional view, utilize basic geometric shapes. . . ."  <u>In re Creative</u>, 56 U.S.P.Q.2d at 1204.  Moreover, "[i]n cases where it is not obvious that the design is commonplace, the examining attorney's obligation under the Trademark Act is to make a prima facie showing that applicant's container configuration is not entitled to registration."  <u>Id.</u> at 1205.  Here, no such showing was made.  The Bratz container is inherently distinctive trade dress.

## 2.  <u>The Bratz Container Has Secondary Meaning.</u>

Even if the Trademark Examiner finds that the Bratz container is not inherently distinctive, the trade dress is still registrable on the Principal Register because it has acquired distinctiveness.  The specific configuration embodied in the proposed mark, a box that is transparent and in the shape of a pyramidal trapezoid, has been widely advertised and marketed.

Exhibit 7 - Page 91

MGA2 1205927

Advertising and promotional materials include various articles in the press (Larian Decl., Ex. 1); a presence at the Teen Choice Awards covered by an article in Tiger Beat magazine which featured actress Reese Witherspoon holding the Bratz container (Larian Decl., Ex. 2); and promotional photographs featuring the Bratz container in the hands of actress Pamela Anderson Lee and actor David Boreanaz (Larian Decl., Ex. 3). The Bratz container is also pictured in a "Hard-To-Buy-For" magazine feature (Larian Decl., Ex. 4).

Moreover, Applicant has spent a substantial amount of money advertising and promoting the Bratz container. In 2001, Applicant spent over $2,500,000 on television commercials promoting the Bratz dolls and Bratz container (Larian Decl., ¶ 7). For 2002, Applicant has budgeted approximately $5,000,000 in advertising and media costs for the promotion of the Bratz dolls and Bratz container (Larian Decl., ¶ 8).

Applicant's sales in 2001, the first year the doll was offered, exceeded $6,000,000 (Larian Decl., ¶ 9). Given the retail price of about $15 per doll, these sales figures indicate massive exposure of the Bratz container to the public. Given the evidence described above, there can be little doubt that Applicant's box design has demonstrated acquired distinctiveness.

For the foregoing reasons, it is submitted that the present application is in condition for publication and registration, and such action is requested.

Dated:    New York, New York
          April 15, 2002

                                        Respectfully submitted,
                                        WHITE & CASE

                                        By _____
                                           Alan Blum
                                           Attorneys for Applicant
                                           1155 Avenue of the Americas
                                           New York, New York  10036

Exhibit 7 - Page 92
MGA2 1205928

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

```
- - - - - - - - - - - - - - - - - - - - - - - - X
In re Application of                            :
     ABC INTERNATIONAL                          :
     TRADERS, INC.                              :
                                                :        Lourdes Damaris Ayala
                                                :        Examining Attorney
Mark: MISCELLANEOUS DESIGN                      :        Law Office 106
                                                :
Serial No.:76/310491                            :
- - - - - - - - - - - - - - - - - - - - - - - - X
```

BOX RESPONSES
NO FEE
Assistant Commissioner for Trademarks
2900 Crystal Drive
Arlington, Virginia 22202-3513

## DECLARATION OF ISAAC LARIAN

1.      I, Isaac Larian, submit this declaration in support of ABC International Traders, Inc.'s ("ABC's") response to Office Action (No. 1), Serial No. 76/310491.

2.      I am President and Chief Executive Officer of ABC.  I have personal knowledge of the following facts.

3.      Attached hereto as Exhibit 1 is a true and correct sampling of unsolicited media attention relating to the Bratz dolls and the Bratz container.

4.      Attached hereto as Exhibit 2 is a true and correct copy of an article from the November 2001 issue of Tiger Beat magazine featuring a Bratz doll in its distinctive container.

5.      Attached hereto as Exhibit 3 is a true and correct copy of photographs of celebrities Pamela Anderson Lee and David Boreanaz holding the Bratz container.

Exhibit 7 - Page 93

MGA2 1205929

6.      Attached hereto as Exhibit 4 is a true and correct copy of a "Hard-To-Buy-For" article featuring the Bratz container.

7.      In 2001, ABC spent over $2,500,000 on television commercials promoting the Bratz dolls and Bratz container.

8.      For 2002, ABC has budgeted approximately $5,000,000 in advertising and media costs for the promotion of the Bratz dolls and Bratz container.

9.      ABC's sales of dolls in the Bratz container exceeded $6,000,000 in 2001, the first year they were introduced.

I declare under penalty of perjury that the foregoing is true and correct.


Executed on:  ~~March~~ *April* 8, 2002                    _____

                                                          Isaac Larian


-2-

Exhibit 7 - Page 94

MGA2 1205930

# MEMORANDUM

DATE: _____ 2 9 _____

TO: _____ SUE _____

LAW OFFICE 106

FROM:  OFFICE OF THE COMMISSIONER FOR TRADEMARKS

RE: REQUEST FOR REINSTATEMENT

ATTACHED IS A REQUEST FOR REINSTATEMENT FOR YOUR CONSIDERATION.

   1)  PLEASE MATCH PAPER(S) TO FILE
   2)  CONSIDER APPLICANT'S REQUEST

Exhibit 7 - Page 95

MGA2 1205931

# UNITED STATES PATENT AND TRADEMARK OFFICE

**SERIAL NO:** 76/310491

**APPLICANT:** ABC International Traders, Inc.

**CORRESPONDENT ADDRESS:**
CAROL WITSCHEL
WHITE & CASE LLP
1155 AVENUE OF THE AMERICAS
NEW YORK NY 10036-2711

MAY **1 6** 20

**RETURN ADDRESS:**
Commissioner for Trademarks
2900 Crystal Drive
Arlington, VA 22202-3514
**ecom106@uspto.gov**

**MARK:**

**CORRESPONDENT'S REFERENCE/DOCKET NO:** N/A

**CORRESPONDENT EMAIL ADDRESS:**

Please provide in all correspondence:

1. Filing date, serial number, mark and applicant's name.
2. Date of this Office Action.
3. Examining Attorney's name and Law Office number.
4. Your telephone number and e-mail address.

# PRIORITY ACTION

**OFFICE SEARCH:** The examining attorney has searched the Office records and has found no similar registered or pending mark which would bar registration under Trademark Act Section 2(d), 15 U.S.C. Section 1052(d). TMEP section 704.02.

**TO AVOID ABANDONMENT, WE MUST RECEIVE A PROPER RESPONSE TO THIS OFFICE ACTION WITHIN 6 MONTHS OF OUR MAILING OR E-MAILING DATE.** This case will be given priority as an amended case if you respond to the requirements stated below within two months.

**FOR INQUIRIES OR QUESTIONS ABOUT THIS OFFICE ACTION, PLEASE CONTACT THE ASSIGNED EXAMINING ATTORNEY.**

RE: Serial Number 76/310491

This letter responds to the applicant's communication filed on 1-21-2003.

The following issues were discussed in communication with Witschel on 5-15-2003.

The applicant has claimed acquired distinctiveness but failed to submit the correct language. See below.

### _Acquired Distinctiveness:_

Exhibit 7 - Page 96

MGA2 1205932

The mark has become distinctive of the goods (or services) through the applicant's substantially exclusive and continuous use in commerce for at least the five years immediately before the date of this statement.

### *Declaration:*

The following is a properly worded declaration under 37 C.F.R. Section 2.20.  At the end of the response, the applicant should insert the declaration signed by someone authorized to sign under 37 C.F.R. Section 2.33(a).

The undersigned, being hereby warned that willful false statements and the like so made are punishable by fine or imprisonment, or both, under 18 U.S.C. 1001, and that such willful false statements may jeopardize the validity of the application or any resulting registration, declares that the facts set forth in this application are true; all statements made of his/her own knowledge are true; and all statements made on information and belief are believed to be true.

_____
(Signature)

_____
(Print or Type Name and Position)

_____
(Date)

*Lourdes D. Ayala*
Lourdes D. Ayala
Examining Attorney
Law Office 106
703-308-9106 x 225
Fax: 703-746-8106
ECOM: ECOM106@uspto.gov

**How to respond to this Office Action:**

To respond formally using the Office's Trademark Electronic Application System (TEAS), visit **http://www.uspto.gov/teas/index.html** and follow the instructions.

To respond formally via E-mail, visit **http://www.uspto.gov/web/trademarks/tmelecresp.htm** and follow the instructions.

To respond formally via regular mail, your response should be sent to the mailing Return Address listed above and include the serial number, law office and examining attorney's name on the upper right corner of each page of your response.

Exhibit 7 - Page 97

MGA2 1205933

To check the status of your application at any time, visit the Office's Trademark Applications and Registrations Retrieval (TARR) system at **http://tarr.uspto.gov/**

For general and other useful information about trademarks, you are encouraged to visit the Office's web site at **http://www.uspto.gov/main/trademarks.htm**

Exhibit 7 - Page 98

MGA2 1205934

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
In re Application of                  :
    ABC INTERNATIONAL           :
    TRADERS, INC.                     :
                         :             Lourdes Damaris Ayala
                          :             Examining Attorney
Mark: MISCELLANEOUS DESIGN      :             Law Office 106
                          :
Serial No.:76/310491                  :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

BOX RESPONSES
NO FEE
Assistant Commissioner for Trademarks
2900 Crystal Drive
Arlington, Virginia 22202-3513

## <u>DECLARATION OF ISAAC LARIAN</u>

1.      I, Isaac Larian, submit this declaration in support of ABC International Traders,

Inc.'s ("ABC's") response to Office Action (No. 1), Serial No. 76/310491.

2.      I am President and Chief Executive Officer of ABC.  I have personal knowledge

of the following facts.

3.      Attached hereto as Exhibit 1 is a true and correct sampling of unsolicited media

attention relating to the Bratz dolls and the Bratz container.

4.      Attached hereto as Exhibit 2 is a true and correct copy of an article from the

November 2001 issue of Tiger Beat magazine featuring a Bratz doll in its distinctive container.

5.      Attached hereto as Exhibit 3 is a true and correct copy of photographs of

celebrities Pamela Anderson Lee and David Boreanaz holding the Bratz container.

Exhibit 7 - Page 99
MGA2 1205935

6.      Attached hereto as Exhibit 4 is a true and correct copy of a "Hard-To-Buy-For" article featuring the Bratz container.

7.      In 2001, ABC spent over $2,500,000 on television commercials promoting the Bratz dolls and Bratz container.

8.      For 2002, ABC has budgeted approximately $5,000,000 in advertising and media costs for the promotion of the Bratz dolls and Bratz container.

9.      ABC's sales of dolls in the Bratz container exceeded $6,000,000 in 2001, the first year they were introduced.

I declare under penalty of perjury that the foregoing is true and correct.


Executed on:  March April 8, 2002          _____

                                            Isaac Larian


-2-

Exhibit 7 - Page 100

MGA2 1205936

Case No.                          Serial/Reg.  *76/310491*

The stamp of the U.S. Patent and Trademark Office hereon
will indicate receipt on the date indicated of:

1.   Application _____          6.   Request for Extension
                                        of Time to Oppose _____

2.   _____specimens _____
                                   7.   Statement of Use _____
3.   Check for _____
                                   8.   _____Extension of
4.   Response to Office                  Time Request to File
     Action _____                 Statement of Use

5.   Affidavit of Use/_____       9.   Other _____
     Renewal

Exhibit 7 - Page 101

MGA2 1205937

Case No.            Serial/Reg. 76/310491

The stamp of the U.S. Patent and Trademark Office hereon will indicate receipt on the date indicated of:

1. Application _____

2. _____ specimens _____

3. Check for _____

4. Response to Office
   Action   ✓

5. Affidavit of Use/_____
   Renewal

6. Request for Extension
   of Time to Oppose _____

04-15-2002

U.S. Patent & TMOfc/TM Mail Rcpt Dt. #61

of
ile

9. Other _____

Exhibit 7 - Page 102

MGA2 1205938

# MEMO TO EXAMINER

TO: EXAMINING ATTORNEY

Re: REINSTATED APPLICATION

This file has been reinstated due to an office error.

**Please take the following action**:

1. *Please do an on-point search as soon as possible* for any application that may have been filed since the filing date of this application, and notify the appropriate examiner of the reinstatement of this application.

2. Either:

    ✓ Review Response

    ___ Have the Office Action re-mailed with a new 6 month response period

Exhibit 7 - Page 103

MGA2 1205939

## UNITED STATES PATENT AND TRADEMARK OFFICE

**SERIAL NO**: 76/310491

**APPLICANT**:        ABC International Traders, Inc.

**CORRESPONDENT ADDRESS**:
        CAROL WITSCHEL
        WHITE & CASE LLP
        1155 AVENUE OF THE AMERICAS
        NEW YORK NY 10036-2711

**RETURN ADDRESS**:
Commissioner for Trademarks
2900 Crystal Drive
Arlington, VA 22202-3514
**ecom106@uspto.gov**

**MARK**:

**CORRESPONDENT'S REFERENCE/DOCKET NO**:  N/A

**CORRESPONDENT EMAIL ADDRESS**:

Please provide in all correspondence:

1. Filing date, serial number, mark and applicant's name.
2. Date of this Office Action.
3. Examining Attorney's name and Law Office number.
   4. Your telephone number and e-mail address.

## PRIORITY ACTION

OFFICE SEARCH:  The examining attorney has searched the Office records and has found no similar registered or pending mark which would bar registration under Trademark Act Section 2(d), 15 U.S.C. Section 1052(d).  TMEP section 704.02.

**TO AVOID ABANDONMENT, WE MUST RECEIVE A PROPER RESPONSE TO THIS OFFICE ACTION WITHIN 6 MONTHS OF OUR MAILING OR E-MAILING DATE**.  This case will be given priority as an amended case if you respond to the requirements stated below within two months.

**FOR INQUIRIES OR QUESTIONS ABOUT THIS OFFICE ACTION, PLEASE CONTACT THE ASSIGNED EXAMINING ATTORNEY.**

Serial Number  76/310491

This letter responds to the applicant's communication filed on 1-21-2003.

The following issues were discussed in communication with Witschel on 5-15-2003.

The applicant has claimed acquired distinctiveness but failed to submit the correct language. See below.

***Acquired Distinctiveness:***

Exhibit 7 - Page 104

MGA2 1205940

The mark has become distinctive of the goods (or services) through the applicant's substantially exclusive and continuous use in commerce for at least the five years immediately before the date of this statement.

### *Declaration:*

The following is a properly worded declaration under 37 C.F.R. Section 2.20. At the end of the response, the applicant should insert the declaration signed by someone authorized to sign under 37 C.F.R. Section 2.33(a).

The undersigned, being hereby warned that willful false statements and the like so made are punishable by fine or imprisonment, or both, under 18 U.S.C. 1001, and that such willful false statements may jeopardize the validity of the application or any resulting registration, declares that the facts set forth in this application are true; all statements made of his/her own knowledge are true; and all statements made on information and belief are believed to be true.

_____
(Signature)

_____
(Print or Type Name and Position)

_____
(Date)


**Lourdes D. Ayala**
*Lourdes D. Ayala*
Examining Attorney
Law Office 106
703-308-9106 x 225
Fax: 703-746-8106
ECOM: ECOM106@uspto.gov

**How to respond to this Office Action:**

To respond formally using the Office's Trademark Electronic Application System (TEAS), visit **http://www.uspto.gov/teas/index.html** and follow the instructions.

To respond formally via E-mail, visit **http://www.uspto.gov/web/trademarks/tmelecresp.htm** and follow the instructions.

To respond formally via regular mail, your response should be sent to the mailing Return Address listed above and include the serial number, law office and examining attorney's name on the upper right corner of each page of your response.

Exhibit 7 - Page 105
MGA2 1205941

To check the status of your application at any time, visit the Office's Trademark Applications and Registrations Retrieval (TARR) system at **http://tarr.uspto.gov/**

For general and other useful information about trademarks, you are encouraged to visit the Office's web site at **http://www.uspto.gov/main/trademarks.htm**

Exhibit 7 - Page 106

MGA2 1205942

# UNITED STATES PATENT AND TRADEMARK OFFICE

**SERIAL NO**: 76/310491

**APPLICANT**:        ABC International Traders, Inc.

**CORRESPONDENT ADDRESS**:
    CAROL WITSCHEL
    WHITE & CASE LLP
    1155 AVENUE OF THE AMERICAS
    NEW YORK NY 10036-2711

**RETURN ADDRESS**:
Commissioner for Trademarks
2900 Crystal Drive
Arlington, VA 22202-3514
**ecom106@uspto.gov**

**MARK**:

**CORRESPONDENT'S REFERENCE/DOCKET NO**:  N/A

**CORRESPONDENT EMAIL ADDRESS**:

Please provide in all correspondence:

1. Filing date, serial number, mark and applicant's name.
2. Date of this Office Action.
3. Examining Attorney's name and Law Office number.
    4. Your telephone number and e-mail address.

## PRIORITY ACTION

OFFICE SEARCH:  The examining attorney has searched the Office records and has found no similar registered or pending mark which would bar registration under Trademark Act Section 2(d), 15 U.S.C. Section 1052(d).  TMEP section 704.02.

**TO AVOID ABANDONMENT, WE MUST RECEIVE A PROPER RESPONSE TO THIS OFFICE ACTION WITHIN 6 MONTHS OF OUR MAILING OR E-MAILING DATE**.  This case will be given priority as an amended case if you respond to the requirements stated below within two months.

**FOR INQUIRIES OR QUESTIONS ABOUT THIS OFFICE ACTION, PLEASE CONTACT THE ASSIGNED EXAMINING ATTORNEY.**

Serial Number  76/310491

This letter responds to the applicant's communication filed on 1-21-2003.

The following issues were discussed in communication with Witschel on 5-15-2003.

The applicant claimed that is mark has acquired distinctiveness but failed to submit the correct language.

Exhibit 7 - Page 107

MGA2 1205943

### _Acquired Distinctiveness:_

The mark has become distinctive of the goods (or services) through the applicant's substantially exclusive and continuous use in commerce for at least the five years immediately before the date of this statement.

### _Declaration:_

The following is a properly worded declaration under 37 C.F.R. Section 2.20.  At the end of the response, the applicant should insert the declaration signed by someone authorized to sign under 37 C.F.R. Section 2.33(a).

The undersigned, being hereby warned that willful false statements and the like so made are punishable by fine or imprisonment, or both, under 18 U.S.C. 1001, and that such willful false statements may jeopardize the validity of the application or any resulting registration, declares that the facts set forth in this application are true; all statements made of his/her own knowledge are true; and all statements made on information and belief are believed to be true.

_____
(Signature)

_____
(Print or Type Name and Position)

_____
(Date)

**Lourdes D. Ayala**
_Lourdes D. Ayala_
Examining Attorney
Law Office 106
703-308-9106 x 225
Fax: 703-746-8106
ECOM: ECOM106@uspto.gov

**How to respond to this Office Action:**

To respond formally using the Office's Trademark Electronic Application System (TEAS), visit **http://www.uspto.gov/teas/index.html** and follow the instructions.

To respond formally via E-mail, visit **http://www.uspto.gov/web/trademarks/tmelecresp.htm** and follow the instructions.

To respond formally via regular mail, your response should be sent to the mailing Return Address listed above and include the serial number, law office and examining attorney's name on the upper right

Exhibit 7 - Page 108

MGA2 1205944

corner of each page of your response.

To check the status of your application at any time, visit the Office's Trademark Applications and Registrations Retrieval (TARR) system at **http://tarr.uspto.gov/**

For general and other useful information about trademarks, you are encouraged to visit the Office's web site at **http://www.uspto.gov/main/trademarks.htm**

Exhibit 7 - Page 109

MGA2 1205945

```
*** User: layala  ***

  #    Total   Dead    Live    Live   Status/  Search
       Marks   Marks  Viewed  Viewed  Search
                       Docs   Images  Duration

 01    6857    N/A       0       0     0:01   1907$[DC]

 02       0      0       0       0     0:01   1 and "28"[cc]

 03    2648    N/A       0       0     0:07   1 and "028"[cc]

 04     209    136       1      73     0:05   3 and ("028"[ic] or a[ic] or
                                              b[ic] or "200"[ic])

 05    3552    N/A       0       0     0:01   070901[DC] OR 261925[DC]

 06      31     17      14      14     0:01   3 and 5


Session started  5/15/03 4:18:04 PM
Session finished 5/15/03 4:20:21 PM
Total search duration 0 minutes 16 seconds
Session duration 2 minutes 17 seconds

Default NEAR limit= 1 ADJ limit= 1


Sent to TICRS as Serial Number: 76310491
Sent to TICRS as Serial Number: 76310491
```

Exhibit 7 - Page 110

MGA2 1205946

```
*** User: layala  ***
```

| #  | Total Marks | Dead Marks | Live Viewed Docs | Live Viewed Images | Status/ Search Duration | Search |
|----|-------------|------------|------------------|--------------------|-------------------------|--------|
| 01 | 6857 | N/A | 0 | 0 | 0:01 | 1907$[DC] |
| 02 | 0 | 0 | 0 | 0 | 0:01 | 1 and "28"[cc] |
| 03 | 2648 | N/A | 0 | 0 | 0:07 | 1 and "028"[cc] |
| 04 | 209 | 136 | 1 | 73 | 0:05 | 3 and ("028"[ic] or a[ic] or b[ic] or "200"[ic]) |
| 05 | 3552 | N/A | 0 | 0 | 0:01 | 070901[DC] OR 261925[DC] |
| 06 | 31 | 17 | 14 | 14 | 0:01 | 3 and 5 |

```
Session started  5/15/03 4:18:04 PM
Session finished 5/15/03 4:20:17 PM
Total search duration 0 minutes 16 seconds
Session duration 2 minutes 13 seconds

Default NEAR limit= 1 ADJ limit= 1


Sent to TICRS as Serial Number: 76310491
```

Exhibit 7 - Page 111

MGA2 1205947

# Incoming Correspondence Routing Sheet

## To: A/C's Office

## Word Mark: (Design Mark Only)

ASST COMMR. FOR
TRADEMARKS
2003 JAN 21  A 10: 44
U.S. PATENT
AND
TRADEMARK OFFICE

**Serial No:** 76310491



**Mail Date:** 01082003

**Doc. Type:** Petition to Reinstate

---

# No Fee

**RAM Mail Date:** 010803



Exhibit 7 - Page 112

MGA2 1205948

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In the Matter of Trademark Application:

| | |
|---|---|
| Applicant: | ABC International Traders, Inc. d/b/a MGA Entertainment |
| Serial No. : | 76/310491 |
| Filed: | September 6, 2001 |
| Trademark: | Miscellaneous Design (Box) |

Assistant Commissioner of Patents
        and Trademarks
2900 Crystal Drive
Arlington, VA 22202

## REQUEST FOR REINSTATEMENT OF APPLICATION

S I R:

This submission is in response to a routine status check of the application which revealed that the application was abandoned on August 12, 2002.

ABC International Traders, Inc. d/b/a MGA Entertainment, the Applicant herein, respectfully requests that the Assistant Commissioner review the following facts and reinstate the above-referenced application:

1. An application to register the referenced trademark was filed on September 6, 2001 under Section 1(a).

2. An Office Action was issued on December 14, 2001. The applicant submitted a timely response on April 15, 2002 addressing the Examiner's issues. Attached is a copy of said

Exhibit 7 - Page 113

MGA2 1205949

response as well as a copy of the postcard stamped by the U.S. Patent & Trademark Office's

Mailroom acknowledging receipt of the response on April 15, 2002.

3.   During a routine status check of the application on the TARR database of the U.S.

Patent & Trademark Office website, it was discovered that the application had been

abandoned on August 12, 2002 for failure to file an office action response by the

requisite deadline.  Although the Applicant has not yet received the Notice of

Abandonment, we wish to request reinstatement immediately to avoid any further

delay in the prosecution of this application.

ABC International Traders, Inc. d/b/a MGA Entertainment has expended a great

deal of time and effort securing its rights to the trademark Miscellaneous Design (Box)

and has an explicit interest in maintaining the application.  Applicant asserts that the

abandonment was issued in error, and accordingly, requests withdrawal of abandonment.

In view of the foregoing, Applicant respectfully requests that this application be

reinstated and proceed to further examination.

Dated:          January 6, 2003

Respectfully submitted,

By:   _Carol Witschel_

Carol Witschel
Attorney for Applicant
White & Case LLP
1155 Avenue of the Americas
New York, NY 10036
(212) 819-8578

Exhibit 7 - Page 114

MGA2 1205950

## DECLARATION OF CAROL WITSCHEL

Carol Witschel declares:

THAT she is the Counsel herein and is authorized to execute this Declaration on behalf of the Applicant;

THAT all statements made herein of her own knowledge are true and that all statements made on information and belief are believed to be true; and further that these statements are made with the knowledge that willful false statements and the like so made are punishable by fine or imprisonment, or both, under Section 1001 of Title 18 of the United States Code and that such willful false statement may jeopardize the validity of the application or document or any registration resulting therefrom.

Declared at New York, New York this 6th day of January 2003.

_____
Carol Witschel

CERTIFICATE OF EXPRESS MAIL UNDER 37 CFR 1.10

"Express Mail" mailing number EV121020391US
Date of Deposit: January 6, 2003

I hereby certify that this correspondence is being deposited with the United States Postal Service "Express Mail Post Office to Addressee" service under 37 CFR 1.10 on the date indicated above and is addressed to Assistant Commissioner of Patents and Trademarks, Arlington, VA 22202.

Name: ___Helen Bruno___

Signature: _____

Exhibit 7 - Page 115

MGA2 1205951

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | |
|---|---|
| In the Matter of Trademark Application: | |
| Applicant: | ABC International Traders, Inc. d/b/a MGA Entertainment |
| Serial No. : | 76/310491 |
| Filed: | September 6, 2001 |
| Trademark: | Miscellaneous Design (Box) |

Assistant Commissioner of Patents
        and Trademarks
2900 Crystal Drive
Arlington, VA 22202

REQUEST FOR REINSTATEMENT OF APPLICATION

S I R:

This submission is in response to a routine status check of the application which revealed that the application was abandoned on August 12, 2002.

ABC International Traders, Inc. d/b/a MGA Entertainment, the Applicant herein, respectfully requests that the Assistant Commissioner review the following facts and reinstate the above-referenced application:

1. An application to register the referenced trademark was filed on September 6, 2001 under Section 1(a).

2. An Office Action was issued on December 14, 2001. The applicant submitted a timely response on April 15, 2002 addressing the Examiner's issues. Attached is a copy of said

Exhibit 7 - Page 116

MGA 1205952

LOS ANGELES
MIAMI
NEW YORK
PALO ALTO
WASHINGTON, D.C.

BERLIN
BRATISLAVA
BRUSSELS
BUDAPEST
DRESDEN
DÜSSELDORF
FRANKFURT
HAMBURG
HELSINKI
ISTANBUL
LONDON
MILAN
MOSCOW
PARIS
PRAGUE
ROME
STOCKHOLM
WARSAW

ALMATY
ANKARA
BANGKOK
BOMBAY/MUMBAI
HO CHI MINH CITY
HONG KONG
JAKARTA
SHANGHAI
SINGAPORE
TOKYO

BAHRAIN
JEDDAH
RIYADH

MEXICO CITY
SÃO PAULO

JOHANNESBURG

# WHITE & CASE
### LIMITED LIABILITY PARTNERSHIP

1155 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10036-2787

TELEPHONE: (1-212) 819-8200
FACSIMILE:  (1-212) 354-8113

DIRECT DIAL: (212) 819-8477
E-MAIL: lweinstein@whitecase.com

April 15, 2002

<u>VIA EXPRESS MAIL</u>    EL297582837US

Assistant Commissioner for Trademarks
Box TTAB, No Fee
2900 Crystal Drive
Arlington, VA 22202-3513

Re:  Serial No. 76/310491
     Mark: MISCELLANEOUS DESIGN

Dear Assistant Commissioner for Trademarks:

We submit herewith a Response and Declaration in connection with the above-referenced matter.  Please date and stamp the enclosed postcard to acknowledge receipt of this document.

Respectfully submitted,

Lawrence A. Weinstein

Enclosures

cc:   Carol A. Witschel, Esq.
      Alan Blum, Esq.

Exhibit 7 - Page 117

MGA2 1205953

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

```
------------------------------X
In re Application of              :
      ABC INTERNATIONAL          :
      TRADERS, INC.              :
                                 :
                                 :
Mark: MISCELLANEOUS DESIGN       :
                                 :
Serial No.:76/310491            :
------------------------------X
```

Lourdes Damaris Ayala
Examining Attorney
Law Office 106

BOX RESPONSES
NO FEE
Assistant Commissioner for Trademarks
2900 Crystal Drive
Arlington, Virginia 22202-3513

### RESPONSE

Applicant ABC International Traders, Inc. ("Applicant") responds to the Office Action

(No. 1) mailed December 14, 2001, as follows:

### AMENDMENT

Applicant requests that the Examining Attorney amend the description of the mark in the

above-referenced application to read:

"The mark consists of a box for the goods that is transparent and in the shape of a

pyramidal trapezoid."

### REMARKS

Applicant seeks to register as a miscellaneous design mark a transparent box, in the shape

of a pyramidal trapezoid, in which the applicant's popular Bratz dolls have been and continue to

be packaged (the "Bratz container").  Because the Bratz container is inherently distinctive as an identification of Applicant's particular goods, a showing of secondary meaning is not required. Two Pesos, Inc. v. Taco Cabana, Inc., 505 U.S. 763, 774 (1992); In re Creative Beauty Innovations Inc., 56 U.S.P.Q.2d. 1203 (TTAB 2000).  However, even if the Bratz container is not inherently distinctive, it has acquired distinctiveness.  Therefore, the mark is entitled to registration on the Principal Register.

1.     **The Bratz Container is Inherently Distinctive.**

When determining inherent distinctiveness, "the focus of the inquiry is whether or not the trade dress is of such a design that a buyer will immedietely rely on it to differentiate the product from those of competing manufacturers. . . ." Tone Bros., Inc. v. Sysco Corp., 28 F.3d 1192, 1206 (Fed. Cir. 1994).  For example, the Trademark Trial and Appeal Board reversed the refusal to register the trade dress of a bath product container described in its application as "concave on one side and convex on the other" because the design was "unique and unusual in the field of cosmetics. . . ." In re Creative, 56 U.S.P.Q.2d at 1204, 1208.  Similarly, the trade dress of the Plumber Saver container was found inherently distinctive because "the configuration . . . is unique as a container in the liquid drain cleaner field." In re Days-Ease Home Prods. Corp., 197 U.S.P.Q. 566, 568 (TTAB 1977).  Like the Plumber Saver container, the Bratz container, "is extremely eye-catching and would provoke comment from viewers thereof." Id.  The Bratz container, a pyramidal trapezoid, is unique in the doll field and has been described in unsolicited media articles as "a unique collectable display package" (a summary of unsolicited media attention is attached as Exhibit 1 to the accompanying Declaration of Isaac Larian ("Larian Decl.")).  It "would serve, per se, to identify applicant's product on the shelves of the retail outlets in which it is sold." Id.

Exhibit 7 - Page 119

MGA2 1205955

The transparency of the Bratz container is functional in the sense that its design allows for the display of its contents.  However, a trade dress may have functional elements and still be inherently distinctive.  Paddington Corp. v. Attiki Importers & Distributors, Inc., 996 F.2d 577, 584 (2d Cir. 1993) ("The No. 12 Ouzo bottle is inherently distinctive" despite "the fact that the bottle is of a style such that it indicates to the observer that it contains a liquid that probably is potable.")  Like the bottle in Paddington, the configuration of the Bratz container was "selected from an almost limitless supply of patterns, colors and designs." Id.  Nor does the existence of similar elements in the containers of other dolls (such as the Bratz container's transparency and general size) destroy its inherent distinctiveness, as "[o]ne could no more deny protection to a trade dress for using commonly used elements than one could deny protection to a trademark because it consisted of a combination of commonly used letters of the alphabet." Id.  The bath products container discussed above was found inherently distinctive despite "evidence that products similar to applicant's are offered for sale in a variety of containers which, based on a two-dimensional view, utilize basic geometric shapes. . . ." In re Creative, 56 U.S.P.Q.2d at 1204.  Moreover, "[i]n cases where it is not obvious that the design is commonplace, the examining attorney's obligation under the Trademark Act is to make a prima facie showing that applicant's container configuration is not entitled to registration." Id. at 1205.  Here, no such showing was made.  The Bratz container is inherently distinctive trade dress.

2.    **The Bratz Container Has Secondary Meaning.**

Even if the Trademark Examiner finds that the Bratz container is not inherently distinctive, the trade dress is still registrable on the Principal Register because it has acquired distinctiveness.  The specific configuration embodied in the proposed mark, a box that is transparent and in the shape of a pyramidal trapezoid, has been widely advertised and marketed.

Exhibit 7 - Page 120

MGA2 1205956

Advertising and promotional materials include various articles in the press (Larian Decl., Ex. 1); a presence at the Teen Choice Awards covered by an article in Tiger Beat magazine which featured actress Reese Witherspoon holding the Bratz container (Larian Decl., Ex. 2); and promotional photographs featuring the Bratz container in the hands of actress Pamela Anderson Lee and actor David Boreanaz (Larian Decl., Ex. 3). The Bratz container is also pictured in a "Hard-To-Buy-For" magazine feature (Larian Decl., Ex. 4).

Moreover, Applicant has spent a substantial amount of money advertising and promoting the Bratz container. In 2001, Applicant spent over $2,500,000 on television commercials promoting the Bratz dolls and Bratz container (Larian Decl., ¶ 7). For 2002, Applicant has budgeted approximately $5,000,000 in advertising and media costs for the promotion of the Bratz dolls and Bratz container (Larian Decl., ¶ 8).

Applicant's sales in 2001, the first year the doll was offered, exceeded $6,000,000 (Larian Decl., ¶ 9). Given the retail price of about $15 per doll, these sales figures indicate massive exposure of the Bratz container to the public. Given the evidence described above, there can be little doubt that Applicant's box design has demonstrated acquired distinctiveness.

For the foregoing reasons, it is submitted that the present application is in condition for publication and registration, and such action is requested.

Dated:    New York, New York
          April 15, 2002

                                        Respectfully submitted,
                                        WHITE & CASE

                                        By _____
                                          Alan Blum
                                          Attorneys for Applicant
                                          1155 Avenue of the Americas
                                          New York, New York 10036

Exhibit 7 - Page 121

MGA2 1205957

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

- - - - - - - - - - - - - - - - - - - - - - - - - - X

In re Application of                              :
    ABC INTERNATIONAL                        :
    TRADERS, INC.                            :
                                 :
                                 :

Mark: MISCELLANEOUS DESIGN                         :
                                 :

Serial No.:76/310491                              :

- - - - - - - - - - - - - - - - - - - - - - - - - - X

Lourdes Damaris Ayala
Examining Attorney
Law Office 106

BOX RESPONSES
NO FEE
Assistant Commissioner for Trademarks
2900 Crystal Drive
Arlington, Virginia 22202-3513

## DECLARATION OF ISAAC LARIAN

1.    I, Isaac Larian, submit this declaration in support of ABC International Traders, Inc.'s ("ABC's") response to Office Action (No. 1), Serial No. 76/310491.

2.    I am President and Chief Executive Officer of ABC. I have personal knowledge of the following facts.

3.    Attached hereto as Exhibit 1 is a true and correct sampling of unsolicited media attention relating to the Bratz dolls and the Bratz container.

4.    Attached hereto as Exhibit 2 is a true and correct copy of an article from the November 2001 issue of Tiger Beat magazine featuring a Bratz doll in its distinctive container.

5.    Attached hereto as Exhibit 3 is a true and correct copy of photographs of celebrities Pamela Anderson Lee and David Boreanaz holding the Bratz container.

Exhibit 7 - Page 122

MGA2 1205958

6.      Attached hereto as Exhibit 4 is a true and correct copy of a "Hard-To-Buy-For" article featuring the Bratz container.

7.      In 2001, ABC spent over $2,500,000 on television commercials promoting the Bratz dolls and Bratz container.

8.      For 2002, ABC has budgeted approximately $5,000,000 in advertising and media costs for the promotion of the Bratz dolls and Bratz container.

9.      ABC's sales of dolls in the Bratz container exceeded $6,000,000 in 2001, the first year they were introduced.

I declare under penalty of perjury that the foregoing is true and correct.


Executed on:  ~~March~~ *April* _8_, 2002

_____
Isaac Larian

-2-

Exhibit 7 - Page 123

MGA2 1205959

RECYCLED

Exhibit 7 - Page 124

MGA2 1205960



Exhibit 7 - Page 125

MGA2 1205961

$2$

RECYCLED

Exhibit 7 - Page 126

MGA2 1205962

# TiGER beat

November 2001
Vol. 46, No. 12

## BEHIND THE AWARDS









Exhibit 7 - Page 127

MGA2 1205963

3

RECYCLED

Exhibit 7 - Page 128
MGA2 1205964





Exhibit 7 - Page 129

MGA2 1205965

4

RECYCLED

Exhibit 7 - Page 130

MGA2 1205966



HARD-TO-BUY-FOR | CHILDREN

Wild Planet Alarm Safe, $20, at FAO Schwarz.

Harry Potter's favorite, Bertie Bott's Every Flavor Jelly beans, $4.99, at Bed Bath & Beyond, Blockbuster.

Bratz fashionista doll, $14.95, at Kmart, Amazon.com.

Fiorucci diary, $16, at Fiorucci.

One Man Jam DJ Mixer, $49.95, at FAO Schwarz, Kmart.

Tony Hawk remote-control skater, $60 (requires rechargeable battery pack, $30), at Toys "R" Us.

SEND A MESSAGE. William Golding's classic morality tale *Lord of the Flies* ($12, at Shakespeare & Co.) bears some timeless messages about pig hunting—and playing nicely with others. Perfect for the antisocial adolescent in your life.

MGA 1105967

Case No. _____                    Serial/Reg.  76/310491

The stamp of the U.S. Patent and Trademark Office hereon will indicate receipt on the date indicated of:

1.  Application _____           6.  Request for Extension
                                        of Time to Oppose _____

2.  _____specimens _____
                                    7.  Statement of Use _____
3.  Check for _____

                                    8.  _____ Extension of
4.  Response to Office                  Time Request to File
    Action _____                  Statement of Use

5.  Affidavit of Use/_____           9.  Other _____
    Renewal

Exhibit 7 - Page 132

MGA2 1205968

Case No. _____                    Serial/Reg. 76/310491

The stamp of the U.S. Patent and Trademark Office hereon
will indicate receipt on the date indicated of:

1.  Application _____          6.  Request for Extension
                                        of Time to Oppose _____

2.  _____ specimens _____

3.  Check for _____                 [barcode]                    _____

4.  Response to Office
    Action _____                        04-15-2002                    of
                                    U.S. Patent & TMOfc/TM Mail Rcpt Dt. #61    ile

5.  Affidavit of Use/_____
    Renewal                         9.  Other _____

Exhibit 7 - Page 133

MGA2 1205969

Side - 1

|  | NOTICE OF ABANDONMENT<br>ISSUE DATE: 08-12-2002 |
|---|---|

The trademark application identified below was abandoned because a response to the Office Action mailed on 12-14-2001 was not received within the 6-month response period.

If the delay in filing a response was unintentional, you may file a petition to revive the application with a fee. If the abandonment of this application was due to USPTO error, you may file a request for reinstatement. Please note that a petition to revive or request for reinstatement **must be received within two months from the issue date of this notice.**

For additional information, go to http://www.uspto.gov/teas/petinfo.htm. If you are unable to get the information you need from the website, call the Trademark Assistance Center at 703-308-9000.

**SERIAL NUMBER:**   76310491

**MARK:**

Side - 2

UNITED STATES PATENT AND TRADEMARK OFFICE
COMMISSIONER FOR TRADEMARKS
2900 CRYSTAL DRIVE
ARLINGTON, VA  22202-3513

FIRST-CLASS
MAIL
U.S POSTAGE
PAID

CAROL WITSCHEL
WHITE & CASE LLP
1155 AVE OF THE AMERICAS
NEW YORK , NY   10036-2711

Exhibit 7 - Page 134

MGA2 1205970

## WHITE & CASE

LIMITED LIABILITY PARTNERSHIP

1155 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10036-2787

TELEPHONE: (1-212) 819-8200
FACSIMILE:  (1-212) 354-8113

LOS ANGELES
MIAMI
NEW YORK
PALO ALTO
WASHINGTON, D.C.

BERLIN
BRATISLAVA
BRUSSELS
BUDAPEST
DRESDEN
DÜSSELDORF
FRANKFURT
HAMBURG
HELSINKI
ISTANBUL
LONDON
MILAN
MOSCOW
PARIS
PRAGUE
ROME
STOCKHOLM
WARSAW

ALMATY
ANKARA
BANGKOK
BOMBAY/MUMBAI
HO CHI MINH CITY
HONG KONG
JAKARTA
SHANGHAI
SINGAPORE
TOKYO

BAHRAIN
JEDDAH
RIYADH

MEXICO CITY
SÃO PAULO

JOHANNESBURG

DIRECT DIAL:  (212) 819-8477
E-MAIL:  lweinstein@whitecase.com

April 15, 2002

<u>VIA EXPRESS MAIL</u>   EL297582837US

Assistant Commissioner for Trademarks
Box TTAB, No Fee
2900 Crystal Drive
Arlington, VA 22202-3513

Re:   Serial No. 76/310491
      Mark: MISCELLANEOUS DESIGN

Dear Assistant Commissioner for Trademarks:

    We submit herewith a Response and Declaration in connection with the above-referenced matter.  Please date and stamp the enclosed postcard to acknowledge receipt of this document.

Respectfully submitted,

Lawrence A. Weinstein

Enclosures

cc:   Carol A. Witschel, Esq.
      Alan Blum, Esq.

Exhibit 7 - Page 135

MGA2 1205971

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

```
- - - - - - - - - - - - - - - - - - - - - - - - - - X
In re Application of                :
     ABC INTERNATIONAL              :
     TRADERS, INC.                  :
                                    :                    Lourdes Damaris Ayala
                                    :                    Examining Attorney
Mark: MISCELLANEOUS DESIGN          :                    Law Office 106
                                    :
Serial No.:76/310491                :
- - - - - - - - - - - - - - - - - - - - - - - - - - X
```

BOX RESPONSES
NO FEE
Assistant Commissioner for Trademarks
2900 Crystal Drive
Arlington, Virginia 22202-3513

## RESPONSE

Applicant ABC International Traders, Inc. ("Applicant") responds to the Office Action

(No. 1) mailed December 14, 2001, as follows:

## AMENDMENT

Applicant requests that the Examining Attorney amend the description of the mark in the

above-referenced application to read:

"The mark consists of a box for the goods that is transparent and in the shape of a

pyramidal trapezoid."

## REMARKS

Applicant seeks to register as a miscellaneous design mark a transparent box, in the shape

of a pyramidal trapezoid, in which the applicant's popular Bratz dolls have been and continue to

be packaged (the "Bratz container"). Because the Bratz container is inherently distinctive as an identification of Applicant's particular goods, a showing of secondary meaning is not required. Two Pesos, Inc. v. Taco Cabana, Inc., 505 U.S. 763, 774 (1992); In re Creative Beauty Innovations Inc., 56 U.S.P.Q.2d. 1203 (TTAB 2000). However, even if the Bratz container is not inherently distinctive, it has acquired distinctiveness. Therefore, the mark is entitled to registration on the Principal Register.

### 1. The Bratz Container is Inherently Distinctive.

When determining inherent distinctiveness, "the focus of the inquiry is whether or not the trade dress is of such a design that a buyer will immedietely rely on it to differentiate the product from those of competing manufacturers. . . ." Tone Bros., Inc. v. Sysco Corp., 28 F.3d 1192, 1206 (Fed. Cir. 1994). For example, the Trademark Trial and Appeal Board reversed the refusal to register the trade dress of a bath product container described in its application as "concave on one side and convex on the other" because the design was "unique and unusual in the field of cosmetics. . . ." In re Creative, 56 U.S.P.Q.2d at 1204, 1208. Similarly, the trade dress of the Plumber Saver container was found inherently distinctive because "the configuration . . . is unique as a container in the liquid drain cleaner field." In re Days-Ease Home Prods. Corp., 197 U.S.P.Q. 566, 568 (TTAB 1977). Like the Plumber Saver container, the Bratz container, "is extremely eye-catching and would provoke comment from viewers thereof." Id. The Bratz container, a pyramidal trapezoid, is unique in the doll field and has been described in unsolicited media articles as "a unique collectable display package" (a summary of unsolicited media attention is attached as Exhibit 1 to the accompanying Declaration of Isaac Larian ("Larian Decl.")). It "would serve, per se, to identify applicant's product on the shelves of the retail outlets in which it is sold." Id.

Exhibit 7 - Page 137

MGA2 1205973

The transparency of the Bratz container is functional in the sense that its design allows for the display of its contents. However, a trade dress may have functional elements and still be inherently distinctive. Paddington Corp. v. Attiki Importers & Distributors, Inc., 996 F.2d 577, 584 (2d Cir. 1993) ("The No. 12 Ouzo bottle is inherently distinctive" despite "the fact that the bottle is of a style such that it indicates to the observer that it contains a liquid that probably is potable.") Like the bottle in Paddington, the configuration of the Bratz container was "selected from an almost limitless supply of patterns, colors and designs." Id. Nor does the existence of similar elements in the containers of other dolls (such as the Bratz container's transparency and general size) destroy its inherent distinctiveness, as "[o]ne could no more deny protection to a trade dress for using commonly used elements than one could deny protection to a trademark because it consisted of a combination of commonly used letters of the alphabet." Id. The bath products container discussed above was found inherently distinctive despite "evidence that products similar to applicant's are offered for sale in a variety of containers which, based on a two-dimensional view, utilize basic geometric shapes. . . ." In re Creative, 56 U.S.P.Q.2d at 1204. Moreover, "[i]n cases where it is not obvious that the design is commonplace, the examining attorney's obligation under the Trademark Act is to make a prima facie showing that applicant's container configuration is not entitled to registration." Id. at 1205. Here, no such showing was made. The Bratz container is inherently distinctive trade dress.

## 2.    The Bratz Container Has Secondary Meaning.

Even if the Trademark Examiner finds that the Bratz container is not inherently distinctive, the trade dress is still registrable on the Principal Register because it has acquired distinctiveness. The specific configuration embodied in the proposed mark, a box that is transparent and in the shape of a pyramidal trapezoid, has been widely advertised and marketed.

Exhibit 7 - Page 138
MGA2 1205974

Advertising and promotional materials include various articles in the press (Larian Decl., Ex. 1); a presence at the Teen Choice Awards covered by an article in Tiger Beat magazine which featured actress Reese Witherspoon holding the Bratz container (Larian Decl., Ex. 2); and promotional photographs featuring the Bratz container in the hands of actress Pamela Anderson Lee and actor David Boreanaz (Larian Decl., Ex. 3). The Bratz container is also pictured in a "Hard-To-Buy-For" magazine feature (Larian Decl., Ex. 4).

Moreover, Applicant has spent a substantial amount of money advertising and promoting the Bratz container. In 2001, Applicant spent over $2,500,000 on television commercials promoting the Bratz dolls and Bratz container (Larian Decl., ¶ 7). For 2002, Applicant has budgeted approximately $5,000,000 in advertising and media costs for the promotion of the Bratz dolls and Bratz container (Larian Decl., ¶ 8).

Applicant's sales in 2001, the first year the doll was offered, exceeded $6,000,000 (Larian Decl., ¶ 9). Given the retail price of about $15 per doll, these sales figures indicate massive exposure of the Bratz container to the public. Given the evidence described above, there can be little doubt that Applicant's box design has demonstrated acquired distinctiveness.

For the foregoing reasons, it is submitted that the present application is in condition for publication and registration, and such action is requested.


Dated:   New York, New York
         April 15, 2002

                                        Respectfully submitted,
                                        WHITE & CASE

                                        By _____
                                        Alan Blum
                                        Attorneys for Applicant
                                        1155 Avenue of the Americas
                                        New York, New York  10036

Exhibit 7 - Page 139

MGA2 1205975

## UNITED STATES PATENT AND TRADEMARK OFFICE

| | PAPER NO. |
|---|---|

| SERIAL NO. | APPLICANT |
|---|---|
| 76/310491 | ABC International Traders, Inc. |

**MARK**

MISCELLANEOUS DESIGN

**ADDRESS**

CAROL WITSCHEL
WHITE & CASE LLP
1155 AVENUE OF THE AMERICAS
NEW YORK NY 10036-2711

| ACTION NO. |
|---|
| 01 |

| MAILING DATE |
|---|
| 12/14/81 |

| REF. NO. |
|---|

**ADDRESS:**
Commissioner for Trademarks
2900 Crystal Drive
Arlington, VA 22202-3513
www.uspto.gov

If no fees are enclosed, the address should include the words "Box Responses - No Fee."

Please provide in all correspondence:

1. Filing Date, serial number, mark and Applicant's name.
2. Mailing date of this Office action.
3. Examining Attorney's name and Law Office number.
4. Your telephone number and ZIP code.

FORM PTO-1525 (5-90)          U.S. DEPT. OF COMM. & TM OFFICE

---

**A PROPER RESPONSE TO THIS OFFICE ACTION MUST BE RECEIVED WITHIN 6 MONTHS FROM THE DATE OF THIS ACTION IN ORDER TO AVOID *ABANDONMENT*.** *For your convenience and to ensure proper handling of your response, a label has been enclosed. Please attach it to the upper right corner of your response. If the label is not enclosed, print or type the* <u>Trademark Law Office No.</u>, <u>Serial No.</u>, *and* <u>Mark</u> *in the upper right corner of your response.*

RE: Serial Number: 76/310491

The assigned examining attorney has reviewed the referenced application and determined the following.

The examining attorney refuses registration on the Principal Register under Trademark Act Sections 1, 2 and 45, 15 U.S.C. Sections 1051, 1052 and 1127, because the proposed mark consists of a nondistinctive configuration of the container or packaging for the goods, namely, the applicant seeks registration of the shape of its box for its dolls. As such, the proposed mark is not registrable on the Principal Register without proof of acquired distinctiveness. *In re Mogen David Wine Corp.*, 372 F.2d 539, 152 USPQ 593 (CCPA 1967); *In re McIlhenny Co.*, 278 F.2d 953, 126 USPQ 138 (CCPA 1960); TMEP section 1202.03(b).

Therefore, in the event of any further prosecution of the application, the applicant must present evidence that the proposed mark has acquired distinctiveness, that is, that it has acquired distinctiveness as a source indicator for the identified goods. This evidence must relate to the promotion and recognition of the specific configuration embodied in the proposed mark and not to the goods in general.

The evidence may consist of examples of advertising or promotional material featuring the proposed mark, dollar figures related to the advertising and promotion of the proposed mark,

Exhibit 7 - Page 140

MGA2 1205976

76/310491                                    -2-

statements of dealer and consumer recognition of the proposed mark and any other evidence that would show that the proposed mark has acquired distinctiveness as a source indicator for the identified goods.

The applicant may also wish to consider amendment to the Supplemental Register in view of this refusal.

### *Other Informalities:*

If the applicant chooses to respond to the refusal to register, the applicant must also respond to the following informalities.

### *Description of Mark:*

The applicant will submit the following description of the mark:  The mark consists of ^.  37 C.F.R. Section 2.37; TMEP section 808.

### *Search:*

The examining attorney has searched the Office records and has found no similar registered or pending mark which would bar registration under Trademark Act Section 2(d), 15 U.S.C. Section 1052(d).  TMEP section 1105.01.

### *Questions:*

If the applicant has any questions or needs assistance in responding to this Office action, please telephone the assigned examining attorney.

*Lourdes D. Ayala*

Lourdes Damaris Ayala
Examining Attorney
LO 106
703-308-9106 X 225

Exhibit 7 - Page 141

MGA2 1205977

| #  | Total Marks | Dead Marks | Live Viewed Docs | Live Viewed Images | Status/ Search Duration | Search |
|----|-------------|------------|------------------|--------------------|-------------------------|--------|
| 01 | 6383 | N/A | 0 | 0 | 0:02 | 1907$[DC] |
| 02 | 1186 | N/A | 0 | 0 | 0:11 | 1 not dead[ld] and "028"[cc] |
| 03 | 71 | 0 | 1 | 71 | 0:04 | 2 and ("028"[ic] or a[ic] or b[ic] or "200"[ic]) |
| 04 | 389 | N/A | 0 | 0 | 0:01 | 210112[DC] |
| 05 | 1494 | N/A | 0 | 0 | 0:02 | 1905$[DC] |
| 06 | 1 | 0 | 1 | 1 | 0:01 | 5 and 4 |
| 07 | 2549 | N/A | 0 | 0 | 0:01 | 260503[DC] |
| 08 | 0 | 0 | 0 | 0 | 0:01 | 4 and 7 |
| 09 | 971 | N/A | 0 | 0 | 0:11 | 7 not dead[ld] and "028"[cc] |
| 10 | 71 | 0 | 1 | 71 | 0:04 | 9 and ("028"[ic] or a[ic] or b[ic] or "200"[ic]) |
| 11 | 1 | N/A | 0 | 0 | 0:01 | 76310491 |
| 12 | 1 | 0 | 1 | 1 | 0:01 | 76310491 |
| 13 | 1494 | N/A | 0 | 0 | 0:01 | 1905$[DC] |
| 14 | 330 | 0 | 1 | 330 | 0:11 | 13 not dead[ld] and "028"[cc] |

Session started  12/3/01 3:20:25 PM
Session finished 12/3/01 3:32:34 PM
Total search duration 0:52 minutes
Session Duration 12:09 minutes

Default NEAR limit= 1 ADJ limit= 1

Exhibit 7 - Page 142

MGA2 1205978

APPLICANT:              ABC International Traders, Inc. d/b/a MGA Entertainment

ADDRESS:                16730 Schoenburn Street
                        North Hills, California 91343


DATE OF FIRST USE:      May 21, 2001

IN COMMERCE:            May 21, 2001

GOODS/SERVICES:         DOLLS AND DOLLS' ACCESSORIES in International Class 28.

TRADEMARK:





**09-06-2001**

U.S. Patent & TMOfc/TM Mail Rcpt Dt #81

White & Case LLP
1155 Avenue of the Americas
New York, New York 10036

Exhibit 7 - Page 143

76310491

# 76310491

TRADEMARK  APPLICATION  SERIAL  NO. _____

U.S. DEPARTMENT  OF  COMMERCE
PATENT  AND  TRADEMARK  OFFICE
FEE RECORD SHEET

09/13/2001 ZCLIFT01 00000177 76310491

01 FC:361                    325.00 OP

PTO-1555
(5/87)

Exhibit 7 Page 144

MGA2 1205980

**WHITE & CASE**
LIMITED LIABILITY PARTNERSHIP

1155 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10036-2787

TELEPHONE: (1-212) 819-8200
FACSIMILE:  (1-212) 354-8113

UNITED STATES
LOS ANGELES
MIAMI
NEW YORK
PALO ALTO
WASHINGTON, D.C.

EUROPE
BRATISLAVA
BRUSSELS
BUDAPEST
FRANKFURT
HELSINKI
ISTANBUL
LONDON
MOSCOW
PARIS
PRAGUE
STOCKHOLM
WARSAW

ASIA
ALMATY
ANKARA
BANGKOK
BOMBAY
HANOI
HO CHI MINH CITY
HONG KONG
SINGAPORE
TOKYO

MIDDLE EAST
JEDDAH
RIYADH

LATIN AMERICA
MEXICO CITY
SÃO PAULO

AFRICA
JOHANNESBURG

September 7, 2001

**VIA EXPRESS MAIL**

Box NEW APP FEE
Assistant Commissioner of Patents and
Trademarks
2900 Crystal Drive
Arlington, VA 22202

| | |
|---|---|
| Applicant: | ABC International Traders, Inc. d/b/a MGA Entertainment |
| Mark: | Miscellaneous Design (Box) |
| Class: | 28 |

> CERTIFICATE OF EXPRESS MAIL UNDER 37 CFR 1.10
>
> "Express Mail" mailing number: EL368281571US
> Date of Deposit:  September 7, 2001
>
> I hereby certify that this correspondence is being deposited with the United States Postal Service "Express Mail Post Office to Addressee" service under 37 CFR 1.10 on the date indicated above and is addressed to Assistant Commissioner of Patents and Trademarks, Arlington, VA 22202.
>
> Name: Helen Bruno
> Signature:

Dear Sirs:

Enclosed is an application to register the above trademark under the Trademark Act of July 5, 1946, as amended by The Trademark Revision Act of 1988, on the Principal Register, and supporting specimens.

Furthermore, we have enclosed a check in the amount of $325.00 for the filing fee. Please charge any deficiencies to Deposit Account No. 23-1705.

Please date and stamp the postcard to acknowledge receipt.

Respectfully submitted,

Helen Bruno
Senior Legal Assistant

Enclosures

Exhibit 7 - Page 145

MGA2 1205981

## APPLICATION FOR TRADEMARK/SERVICE MARK REGISTRATION
## PRINCIPAL REGISTER

MARK:        MISCELLANEOUS DESIGN (BOX)

CLASS:        28

TO THE ASSISTANT COMMISSIONER OF TRADEMARKS:

ABC International Traders, Inc. d/b/a MGA Entertainment, a California Corporation
APPLICANT

16730 Schoenburn Street, North Hills, California 91343
BUSINESS ADDRESS

Applicant is using the mark in commerce as shown in the accompanying drawing on or in connection with DOLLS AND DOLLS' ACCESSORIES in International Class 28 (15 U.S.C. §1051(a)).

Applicant requests registration of the above-identified mark in the United States Patent and Trademark Office on the Principal Register established by Act of July 5, 1946 (15 U.S.C. §1051 et seq.) for the above-identified goods and/or services.

The trademark was first used anywhere on the goods and/or services at least as early as May 21, 2001; was first used on the goods and/or services in commerce at least as early as May 21, 2001.

Applicant encloses one specimen for each international class showing the mark as used in commerce.

### POWER OF ATTORNEY

Applicant hereby appoints Carol Witschel, Alan Blum, Jennifer Hampton and Lance Griffin, attorneys admitted to practice in the State of New York, of the firm of White & Case LLP with offices at 1155 Avenue of the Americas, New York, New York 10036, its attorneys to

Exhibit 7 - Page 146

MGA2 1205982

prosecute this application for registration, with full power of substitution and revocation, to transact all business in the Patent and Trademark Office in connection therewith, and to receive the certificate of registration. **All correspondence regarding this application should be sent to the attention to Carol Witschel, Esq.**

## DECLARATION

The undersigned being hereby warned that willful false statements and the like so made are punishable by fine or imprisonment, or both, under 18 U.S.C. 1001, and that such willful false statements may jeopardize the validity of the application or any resulting registration, declares that he is properly authorized to execute this application on behalf of applicant; he believes the applicant to be the owner of the trademark/service mark sought to be registered, or, if the application is being filed under 15 U.S.C. 1051(b), he believes applicant to be entitled to use such mark in commerce; to the best of his knowledge and belief no other person, firm, corporation or association has the right to use the above identified mark in commerce, either in the identical form thereof or in such near resemblance thereto as to be likely, when used in connection with the goods/services of such other person, to cause confusion, or to cause mistake, or to deceive; and that all statements made of his own knowledge are true and that all statements made on information and belief are believed to be true.

ABC INTERNATIONAL TRADERS, INC.
d/b/a MGA ENTERTAINMENT

By: _____
Name:     Isaac E. Larian
Title:      President & Chief Executive Officer

DATED: _3/17/01_

Exhibit 7 - Page 147

MGA2 1205983

APPLICANT:              ABC International Traders, Inc. d/b/a MGA Entertainment

ADDRESS:                16730 Schoenburn Street
                        North Hills, California 91343

DATE OF FIRST USE:      May 21, 2001

IN COMMERCE:            May 21, 2001

GOODS/SERVICES:         DOLLS AND DOLLS' ACCESSORIES in International Class 28.

TRADEMARK:





**09-06-2001**
U.S. Patent & TMOfc/TM Mail Rcpt Dt #61

White & Case LLP
1155 Avenue of the Americas
New York, New York 10036

Exhibit 7 - Page 148

76310491

prosecute this application for registration, with full power of substitution and revocation, to transact all business in the Patent and Trademark Office in connection therewith, and to receive the certificate of registration. **All correspondence regarding this application should be sent to the attention to Carol Witschel, Esq.**

## DECLARATION

The undersigned being hereby warned that willful false statements and the like so made are punishable by fine or imprisonment, or both, under 18 U.S.C. 1001, and that such willful false statements may jeopardize the validity of the application or any resulting registration, declares that he is properly authorized to execute this application on behalf of applicant; he believes the applicant to be the owner of the trademark/service mark sought to be registered, or, if the application is being filed under 15 U.S.C. 1051(b), he believes applicant to be entitled to use such mark in commerce; to the best of his knowledge and belief no other person, firm, corporation or association has the right to use the above identified mark in commerce, either in the identical form thereof or in such near resemblance thereto as to be likely, when used in connection with the goods/services of such other person, to cause confusion, or to cause mistake, or to deceive; and that all statements made of his own knowledge are true and that all statements made on information and belief are believed to be true.

ABC INTERNATIONAL TRADERS, INC.
d/b/a MGA ENTERTAINMENT

By: _____
Name:     Isaac E. Larian
Title:      President & Chief Executive Officer

DATED: ___3/17/01___

Exhibit 7 - Page 149

MGA2 1205985

## APPLICATION FOR TRADEMARK/SERVICE MARK REGISTRATION
## PRINCIPAL REGISTER

MARK:     MISCELLANEOUS DESIGN (BOX)

CLASS:    28

TO THE ASSISTANT COMMISSIONER OF TRADEMARKS:

    ABC International Traders, Inc. d/b/a MGA Entertainment, a California Corporation
APPLICANT

    16730 Schoenburn Street, North Hills, California 91343
BUSINESS ADDRESS

Applicant is using the mark in commerce as shown in the accompanying drawing on or in connection with DOLLS AND DOLLS' ACCESSORIES in International Class 28 (15 U.S.C. §1051(a)).

Applicant requests registration of the above-identified mark in the United States Patent and Trademark Office on the Principal Register established by Act of July 5, 1946 (15 U.S.C. §1051 et seq.) for the above-identified goods and/or services.

The trademark was first used anywhere on the goods and/or services at least as early as May 21, 2001; was first used on the goods and/or services in commerce at least as early as May 21, 2001.

Applicant encloses one specimen for each international class showing the mark as used in commerce.

## POWER OF ATTORNEY

Applicant hereby appoints Carol Witschel, Alan Blum, Jennifer Hampton and Lance Griffin, attorneys admitted to practice in the State of New York, of the firm of White & Case LLP with offices at 1155 Avenue of the Americas, New York, New York 10036, its attorneys to

Exhibit 7 - Page 150

MGA2 1205986

prosecute this application for registration, with full power of substitution and revocation, to transact all business in the Patent and Trademark Office in connection therewith, and to receive the certificate of registration. **All correspondence regarding this application should be sent to the attention to Carol Witschel, Esq.**

## DECLARATION

The undersigned being hereby warned that willful false statements and the like so made are punishable by fine or imprisonment, or both, under 18 U.S.C. 1001, and that such willful false statements may jeopardize the validity of the application or any resulting registration, declares that he is properly authorized to execute this application on behalf of applicant; he believes the applicant to be the owner of the trademark/service mark sought to be registered, or, if the application is being filed under 15 U.S.C. 1051(b), he believes applicant to be entitled to use such mark in commerce; to the best of his knowledge and belief no other person, firm, corporation or association has the right to use the above identified mark in commerce, either in the identical form thereof or in such near resemblance thereto as to be likely, when used in connection with the goods/services of such other person, to cause confusion, or to cause mistake, or to deceive; and that all statements made of his own knowledge are true and that all statements made on information and belief are believed to be true.

ABC INTERNATIONAL TRADERS, INC.
d/b/a MGA ENTERTAINMENT

By: _____
Name:    Isaac E. Larian
Title:    President & Chief Executive Officer

DATED: _____

Exhibit 7 - Page 151

MGA2 1205987

**WHITE & CASE**
LIMITED LIABILITY PARTNERSHIP

1155 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10036-2787

TELEPHONE: (1-212) 819-8200
FACSIMILE:   (1-212) 354-8113

UNITED STATES
LOS ANGELES
MIAMI
NEW YORK
PALO ALTO
WASHINGTON, D.C.

EUROPE
BRATISLAVA
BRUSSELS
BUDAPEST
FRANKFURT
HELSINKI
ISTANBUL
LONDON
MOSCOW
PARIS
PRAGUE
STOCKHOLM
WARSAW

ASIA
ALMATY
ANKARA
BANGKOK
BOMBAY
HANOI
HO CHI MINH CITY
HONG KONG
SINGAPORE
TOKYO

MIDDLE EAST
JEDDAH
RIYADH

LATIN AMERICA
MEXICO CITY
SÃO PAULO

AFRICA
JOHANNESBURG

September 7, 2001

**<u>VIA EXPRESS MAIL</u>**

Box NEW APP FEE
Assistant Commissioner of Patents and
Trademarks
2900 Crystal Drive
Arlington, VA 22202

| | |
|---|---|
| Applicant: | ABC International Traders, Inc. d/b/a MGA Entertainment |
| Mark: | Miscellaneous Design (Box) |
| Class: | 28 |

CERTIFICATE OF EXPRESS MAIL UNDER 37 CFR 1.10

"Express Mail" mailing number: EL368281571US
Date of Deposit:  September 7, 2001

I hereby certify that this correspondence is being deposited with the United States Postal Service "Express Mail Post Office to Addressee" service under 37 CFR 1.10 on the date indicated above and is addressed to Assistant Commissioner of Patents and Trademarks, Arlington, VA 22202.

Name: Helen Bruno

Signature:

Dear Sirs:

Enclosed is an application to register the above trademark under the Trademark Act of July 5, 1946, as amended by The Trademark Revision Act of 1988, on the Principal Register, and supporting specimens.

Furthermore, we have enclosed a check in the amount of $325.00 for the filing fee. Please charge any deficiencies to Deposit Account No. 23-1705.

Please date and stamp the postcard to acknowledge receipt.

Respectfully submitted,

Helen Bruno
Senior Legal Assistant

<u>Enclosures</u>

Exhibit 7 - Page 152

MGA2 1205988

**76310491**

TRADEMARK APPLICATION SERIAL NO. _____

U.S. DEPARTMENT OF COMMERCE
PATENT AND TRADEMARK OFFICE
FEE RECORD SHEET

09/13/2001 ZCLIFT01 00000177 76310491

01 FC:361                         325.00 OP

PTO-1555
(5/87)

Exhibit 7 - Page 153

MGA2 1205989

APPLICANT:                ABC International Traders, Inc. d/b/a MGA Entertainment

ADDRESS:                  16730 Schoenburn Street
                          North Hills, California 91343

DATE OF FIRST USE:        May 21, 2001

IN COMMERCE:              May 21, 2001

GOODS/SERVICES:           DOLLS AND DOLLS' ACCESSORIES in International Class 28.

TRADEMARK:





**09-06-2001**

U.S. Patent & TMOfc/TM Mail Rcpt Dt #61

White & Case LLP
1155 Avenue of the Americas
New York, New York 10036

Exhibit 7 - Page 354

76310491

MGA2 1205990

09-06-2001
U.S. Patent & TMOfc/TM Mail Rcpt Dt #51



76310491

Exhibit 7 - Page 155

MGA2 1205991