1   ANNETTE L. HURST (State Bar No. 148738)
    ahurst@orrick.com
2   WARRINGTON S. PARKER III (State Bar No. 148003)
    wparker@orrick.com
3   ORRICK, HERRINGTON & SUTCLIFFE LLP
    The Orrick Building
4   405 Howard Street
    San Francisco, CA 94105
5   Telephone:  415-773-5700
    Facsimile:   415-773-5759
6
    WILLIAM A. MOLINSKI (State Bar No. 145186)
7   wmolinski@orrick.com
    ORRICK, HERRINGTON & SUTCLIFFE LLP
8   777 South Figueroa Street, Suite 3200
    Los Angeles, CA  90017
9   Telephone:  213-629-2020
    Facsimile:   213-612-2499
10  THOMAS S. McCONVILLE (State Bar No. 155905)
    tmcconville@orrick.com
11  ORRICK, HERRINGTON & SUTCLIFFE LLP
    4 Park Plaza, Suite 1600
12  Irvine, CA 92614-2258
    Tel: (949) 567-6700/Fax: (949) 567-6710
13
    Attorneys for MGA Parties
14
15              UNITED STATES DISTRICT COURT
                CENTRAL DISTRICT OF CALIFORNIA
16                    SOUTHERN DIVISION
17  CARTER BRYANT, an individual          Case No. CV 04-9049 DOC (RNBx)
                                          Consolidated with Case No. CV 04-9059
18          Plaintiff,                    and Case No. CV 05-2727
19      v.
                                          **Hon. David O. Carter**
20  MATTEL, INC., a Delaware
    corporation,                          **REPLY IN SUPPORT OF MGA
21                                        PARTIES' EX PARTE APPLICATION
            Defendant.                    FOR AN ORDER TO COMPEL
22                                        PRODUCTION AND
                                          SUPPLEMENTATION OF
23                                        DOCUMENTS PURSUANT TO
    AND CONSOLIDATED ACTIONS              FEDERAL RULE OF CIVIL
24                                        PROCEDURE 26(E)**
25
26                                        Trial Date: January 11, 2011
27
28
                                    REPLY ISO MGA PARTIES' EX PARTE APPLICATION FOR
                                    ORDER TO COMPEL PRODUCTION AND SUPPLEMENTATION
                                    OF DOCUMENTS PURSUANT TO FRCP 26(E) (RNBX)

## **PRELIMINARY STATEMENT**

Mattel's opposition to MGA's *ex parte* application requesting supplementation of basic and clearly relevant financial documentation that MGA is *entitled to* under Federal Rule of Civil Procedure 26(e)(2) attempts to obfuscate Mattel's failure to comply with its own discovery obligations while trying to point their finger at MGA at every opportunity possible. The following facts are undisputed. MGA has served requests for production in this case that specifically ask for Mattel's monthly sales data that is directly relevant to MGA's damages with respect to its counterclaims in reply. Mattel has steadfastly refused to either produce or supplement their production with necessary information as required by Rule 26(e). Moreover, Mattel has failed to produce *any* financial documents for the year 2010.

Mattel does not deny that it has the requested documents. Mattel does not dispute that MGA properly requested these documents. Yet, in spite of multiple meet and confers on this very same topic, Mattel has failed to articulate a single valid reason for continuing to withhold these documents. The only argument Mattel has attempted to make in support of its failure to provide these documents is that they are not relevant. MGA's *ex parte* application goes into great detail about how these documents are invaluable to MGA's damages calculations, thereby indicating that by no stretch of the imagination could these documents properly be considered to be not relevant. In sum, Mattel's failure to comply with Rule 26(e), especially when Mattel continues to withhold, without good cause, documents that MGA has requested and needs to rely on for its own damages analysis, cannot continue to be upheld.

REPLY ISO MGA PARTIES' EX PARTE APPLICATION FOR
ORDER TO COMPEL PRODUCTION AND SUPPLEMENTATION
OF DOCUMENTS PURSUANT TO FRCP 26(E) (RNBX))

**ARGUMENT**

**I.    MATTEL HAS A CLEAR RULE 26(E) OBLIGATION TO PROVIDE MGA WITH THE DOCUMENTS REQUESTED.**

Mattel, perhaps sensing that it could not dispute MGA's assertion that Mattel has an ongoing duty to supplement under Rule 26(e) – and in fact failed to cite *any* cases in opposition to MGA's pointing out that Mattel has this affirmative duty – instead chose to focus its arguments on its underlying claim that these documents are not relevant. This argument, seemingly meant only to confuse the true issue at hand, is completely without merit, as the documents that MGA were forced to request in its *ex parte* application are highly relevant to MGA's damages analysis as they pertain to ongoing issues, products, and theories in the case.

**A.    DOCUMENTS RELATED TO MONTHLY SALES BY SKU FROM 2002-2006 ARE HIGHLY RELEVANT TO VARIOUS CLAIMS AND PRODUCTS AT ISSUE.**

Mattel's argument that MGA's request for monthly sales by SKU is not relevant is completely baseless. First, Mattel argues that this request was untimely. There is a need to calculate damages in relation to MGA's Counterclaims in Reply, and this information is crucially important to damage suffered by MGA from Mattel's misappropriation of MGA's trade secrets at toy fairs. This Court, in its Order dated October 5, 2010, recognized the importance of extending necessary discovery related to these Counterclaims in Reply until November 1, 2010. Dkt. No. 8892. Indeed, this type of sales information is critically necessary for computing damages calculations, including "head start" damages calculations, where sales periods need to be examined closely and yearly data will not be sufficient. In addition, the toy industry, as Mattel is aware, is one that is highly tied to seasonal events. As a result, sales figures vary widely not only by year, but by time of year. Yearly aggregate data is simply not sufficient to be able to allow MGA's experts the ability to accurately calculate damages and tailor

- 2 -

1   damages theories appropriately.[1]

2         Additionally, Mattel's arguments that MGA's previous document

3   requests are not relevant because they relate to products no longer at issue are

4   ridiculous.  My Scene and AcceleRaceRs are not out of this case.  In MGA's recent

5   Supplemental Response to Interrogatory No. 1, filed on October 27, 2010, MGA

6   identifies trade secrets with respect to 114 unreleased MGA products that was taken

7   by Mattel from MGA's private showrooms.  Dkt. No. 8993.  This includes trade

8   secrets relating to over seventy Bratz Themes and AlienRacerS.  These products

9   directly compete with Mattel's My Scene and AcceleRaceRS.  As a result, Mattel's

10  allegations that MGA'S RFPs relate to products not at issue is clearly erroneous.

11
12  **B.    DOCUMENTS RELATED TO TOY STORY 3 PRODUCTS ARE CLEARLY RELEVANT AND NECESSARY FOR MGA'S DAMAGES ANALYSIS**

13        MGA has repeatedly asked Mattel for 2010 sales revenue related to

14  Toy Story 3 products.  In spite of this Court ruling that Toy Story 3 products are

15  discoverable – a fact noted by MGA in its *ex parte* application and a fact that

16  Mattel did not attempt to refute – Mattel has continuously stonewalled MGA with

17  regard to these highly relevant documents.  Furthermore and most egregiously,

18  Mattel has ***lied*** to this Court about its production of these documents to date.  In

19  Mattel's Opposition to the MGA Parties' Omnibus Motion to Compel, dated

20  September 22, 2010, Mattel makes the claim that it has already produced over 100

21  pages related to Toy Story 3 products.  Dkt. No. 8818 at 16, fn 46.  Review of the

22  documents that Mattel cited in the footnote to this assertion reveal that only two

23  pages even *mention* Toy Story 3; the rest are Mattel licenses in Europe.  There is no

24  way to easily confuse two pages with "over one hundred" pages of production.

25  Mattel deliberately misrepresented to the court about its production of highly

26

27  [1] MGA specifically asked for *monthly* sales by SKU in its RFPs, such as RFP No. 212 (For each SKU . . . all DOCUMENTS, from 1995 to present, the [sic] reflect

28  on a monthly basis . . . .), rather than the yearly information provided by Mattel, so as to be able to accurately calculate its true damages.

REPLY ISO MGA PARTIES' EX PARTE APPLICATION FOR ORDER TO COMPEL PRODUCTION AND SUPPLEMENTATION OF DOCUMENTS PURSUANT TO FRCP 26(E) (RNBX)

1   relevant documents to date in its Opposition, intending to block MGA from

2   responding to this false allegation. Mattel should be forced to immediately rectify

3   this situation by producing the Toy Story 3 documents that this Court has already

4   ruled to be discoverable and that Mattel is still continuing to withhold, despite

5   assertions to the contrary. By "stonewalling" and then telling false tales about its

6   Toy Story 3 production, Mattel is simply proving that it has something important

7   that it hiding once again.

8   **C.   DOCUMENTS RELATED TO NEGOTIATIONS WITH MATTEL AND KOHL'S WERE IMPROPERLY WITHHELD**

9   **AND SHOULD BE IMMEDIATELY PRODUCED**

10          Finally, Mattel's argument that MGA should be barred from receiving

11  any more documentation about Mattel's negotiations with Kohl's to block MGA

12  from doing business with Kohl's is without merit. Mattel argues that MGA is

13  making this request too late; however, it is **_Mattel_** who originally produced this

14  document on October 12, 2010 – eight days after the October 4, 2010 fact discovery

15  cut-off date. Mattel's late production of this improperly withheld document cannot

16  be rewarded, as it serves only to prejudice MGA, leaving it without sufficient

17  information to truly assess this portion of MGA's unfair competition claim. Mattel

18  must be forced to turn over all documents related to these negotiations immediately

19  so as to no longer unfairly harm MGA's ability to assess its own damages claims.

20  *See, e.g., Inamed Corp. v. Kuzmak,* 275 F.Supp. 1100, 1118 (C. D. Cal., May 28,

21  2002) (holding that failure to disclose information until a point when the other party

22  cannot refute or challenge it is highly prejudicial and constitutes "unfair surprise",

23  where relief is warranted).

24  **II.   MGA HAS COMPLIED WITH ITS DISCOVERY OBLIGATIONS AND SUPPLEMENTED ITS PRODUCTION PURSUANT TO RULE**

25  **26(E).**

26          While Mattel attempts to deflect the arguments made by MGA in its *ex*

27  *parte* application by pointing to MGA's own production, it is worthwhile to note

28  that MGA has complied with its discovery obligations. Indeed, MGA has produced

relevant documents through 2010, including its financial statements.  In addition, MGA plans to supplement its financial production through September of 2010, including sales by SKU, sales by customer, and returns by SKU for Q3 2010, consolidated statement of operations and balance sheets through September 2010, and a spreadsheet indicating entertainment revenue.  Mattel, however, has not produced ***one single*** document which provides financial information in 2010.  This is clearly hugely prejudicial to MGA, and makes it highly difficult for MGA's experts to render an accurate damages analysis.  Mattel complains about the burden on Mattel, a huge, multinational company with sophisticated accounting procedures, to provide this information to MGA in the manner requested; however, MGA has managed to not only pull together this information but also provide it to Mattel.  MGA simply asks that Mattel do the same, and stop stonewalling MGA in its efforts to get the discovery that it is entitled to under the Federal Rules.

## CONCLUSION

For all the foregoing reasons, MGA respectfully requests that the Court grant its *ex parte* application.

Dated:  October 31, 2010

Respectfully submitted,

ORRICK, HERRINGTON & SUTCLIFFE LLP

By:   */s/ Mark P. Wine*
Mark P. Wine
Attorneys for MGA ENTERTAINMENT, INC., MGA ENTERTAINMENT HK, LTD., MGA de MEXICO, S.R.L. de C.V., and ISAAC LARIAN

REPLY ISO MGA PARTIES' EX PARTE APPLICATION FOR ORDER TO COMPEL PRODUCTION AND SUPPLEMENTATION OF DOCUMENTS PURSUANT TO FRCP 26(E) (RNBX)