ANNETTE L. HURST (State Bar No. 148738)
ahurst@orrick.com
WARRINGTON S. PARKER III (State Bar No. 148003)
wparker@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
405 Howard Street
San Francisco, CA 94105
Telephone: 415-773-5700
Facsimile: 415-773-5759

WILLIAM A. MOLINSKI (State Bar No. 145186)
wmolinski@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA 90017
Telephone: 213-629-2020
Facsimile: 213-612-2499

THOMAS S. MCCONVILLE (State Bar No. 155905)
tmcconville@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
4 Park Plaza, Suite 1600
Irvine, CA 92614-2258
Tel: (949) 567-6700/Fax: (949) 567-6710

Attorneys for MGA Parties

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

CARTER BRYANT, an individual

Plaintiff,

v.

MATTEL, INC., a Delaware corporation,

Defendant.

AND CONSOLIDATED ACTIONS

Case No. CV 04-9049 DOC (RNBx)

Consolidated with:
Case No. CV 04-9059
Case No. CV 05-2727

**MGA'S MOTION TO COMPEL MATTEL RE ENTERPRISE VAULT**

Date: TBD
Time: TBD
Place: TBD

Discovery Cut-off: November 1, 2010
Pretrial Conference: January 4, 2011
Trial Date: January 11, 2011
Judge: Hon. David O. Carter

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, on a date and time to be set by the Court, in the Courtroom of the Honorable David O. Carter, located at 411 West Fourth Street, Room 1053, Santa Ana, California 92701, the MGA Parties will, and hereby do, move to compel Mattel Inc. to do the following: (1) produce by November 5, 2010 a list of all custodians whose email is present in Enterprise Vault and the date ranges of email for each such custodian present in the vault; (2) produce all non-privileged, non-private email of custodian Robert Eckert from Enterprise Vault subject to the supervision of the Electronic Discovery Special Master and ILS; (3) produce by November 9, 2010 a 30(b)(6) witness fully prepared to explain (a) all search terms used for all searches in the Vault, or any subpart thereof, that have been made by Mattel to satisfy its discovery obligations in this action (if any) and (b) any other collections or searches of the Vault that have been made by Mattel to satisfy its discovery obligations in this action; (4) permit the Electronic Discovery Special Master and ILS to conduct searches of Enterprise Vault for the list of search terms supplied by MGA as Appendix A hereto, and require Mattel to produce all nonprivileged documents responsive to such search terms by December 1, 2010.

This Motion is made on the grounds that Mattel has not satisfied its Rule 34 obligation to search for and collect documents from its Enterprise Vault e-mail archive, as demonstrated by Mattel's concealment of the existence of that archive from MGA and the Court by serving and filing false and/or misleading documents and testimony.

///

///

Statement of Compliance

Lead counsel for the parties discussed the issues raised in this Motion but did not reach a resolution, and the Court has authorized the filing of this Motion in its order found at Dkt. # 9003.

Dated: November 1, 2010

ORRICK, HERRINGTON & SUTCLIFFE LLP

By: */s/ Annette Hurst*
Annette Hurst
Attorneys for MGA PARTIES.

## INTRODUCTION

Mattel has actively concealed its e-mail archive for the last two and half years of discovery, and despite its Rule 34 obligations has not searched that active and readily searchable archive. Mattel has made a mockery of MGA's right to a fair discovery process. While it's too late now for MGA to depose witnesses with documents and force them to testify accordingly, the Court can at least take some steps to rectify the situation by requiring Mattel to do in November 2010 what it should have done for the last two years.

## STATEMENT OF FACTS

Symantec Enterprise Vault ("SEV") is an archival system that captures all email in Mattel's El Segundo location, including Bob Eckert, on a real time basis and saves it to a database. Moore Depo. 20:5-22:10, 23:6-25:14. SEV comes with a piece of front end software called Discovery Accelerator that facilitates searches of SEV. *Id.* at 20:5-22. Mattel implemented SEV in April 2008 *as a preservation tool for this litigation* (*id.* at 23:9-11, 24:18-21, 42:25-43:4, 44:2-7). The contents of SEV also include the archival material Mattel chose to store in it when first implemented and at any time since; Moore could not explain the initial conditions for loading or anything else about its contents. *Id.* at 23:19-25:14, 43:13-49:9. We know that at least some email prior to 2008 is in the Vault because Mattel searched the Vault for Sujata Luther e-mail under Judge Smith's supervision in August and found emails from her custody (Luther left Mattel in 2006). *Id.* at 194:9-15.

On Jan. 26, 2010, the Discovery Master issued Order No. 89, requiring Mattel to search and produce documents responsive to numerous discovery requests that Mattel had ignored for years. Dkt. # 7396. Order 89 required Mattel to search all of its North American servers, including its email servers. *Id.* at 28. Mattel went ballistic, seeking reconsideration and objecting to the Court that the burden to search its email servers would be enormous. *See* Dkt. # 7523. Mattel relied upon the declaration of Philip Moore, who testified that there was no efficient method to

search Mattel's email servers and it would cost hundreds of thousands of dollars to conduct the searches required by the Discovery Master. Dkt. #7523-1 at 23-26. Apparently relying upon this misleading testimony as to the enormous burden when all the time Mattel had a readily available archive and search tool at hand, the Court permitted Mattel to limit its search to individual hard drives instead of requiring it to search the servers. Dkt. #7961. The Court later required months of searching of MGA's ArchiveOne archive subject to the supervision of Judge Smith and ILS.

MGA finally dragged the existence of SEV out of Mattel during the deposition of Moore on October 4, 2010. Mattel's first 30b6 witness on document preservation, Kawashima, testified that Mattel had considered SEV but was unlikely to implement it because of the expense. Kawashima Depo. at 320:20-322:19. On April 8, 2010, Special Master James Smith ordered Mattel to identify media containing Eckert email. *See Somasekar Decl.* Ex. 1 (apparently this Report and Recommendation was not filed with the Court). Mattel responded and purported to identify all media containing Eckert email. Ex. 9694. The response listed seven hard drives, two servers, and a list of thousands of backup tapes. *See id.* The response did not identify SEV by name, and Mattel's 30b6 witness, Moore, testified unequivocally that the two servers listed on the response were not SEV but rather were Mattel's two active exchange servers. Moore Depo. 63:18-64:8. Then, Judge Smith ordered that backup tapes be restored to search for Eckert email. Dkt. # 8840. Mattel objected, but did not identify SEV as a readily available source of Eckert email. *See* 9/17/2010 Objections. Next, the Court ordered Mattel to restore and search backup tapes for Eckert email, and still Mattel did not identify SEV as a readily available source of Eckert email over the course of multiple late evening hearings to address the Archive One and Eckert backup tape issues.

Next, MGA took the deposition of Mattel on the topics of document preservation, collection and searches. *See* Dkt. # 8998. The first witness, Vickie Cerrito, Mattel's "Intellectual Property Manager," came in with two lists of

hundreds of sources of electronic media that had been preserved for purposes of this litigation; she neither prepared the lists nor understood how they had been prepared nor by whom. Exs. 9690, 9691; Cerrito Depo. at 5:20-6:5, 59:10-60:23. Again, *SEV was not listed*. *See id.* Cerrito testified that the lists were complete as to all sources of electronic media searched for documents in the litigation. Cerrito Depo. at 76:25-77:6. Cerrito did not identify SEV as a source of email, or as a source of media that had been searched. *Id.* at 61:22-62:13. After Cerrito was unable to answer most of the questions, Discovery Master O'Brien terminated the deposition and ordered Mattel to come back with a prepared witness. Order No. 102.

Mattel then produced Philip Moore to testify. Moore is Mattel's Senior Director of Global Information Technology and has been with the company for five years. Moore relied upon the same two lists that Cerrito had brought to her deposition. Moore Depo. at 91:13-92:11. But he also brought an additional list, Ex. 9642. That document was a spreadsheet indicating all of the custodians and all of the sources of documents that had been collected for each custodian. *Id.*; Moore Depo. at 17:18-20:13. Again, the document does not identify SEV as a source of email. But, when asked what were the sources of e-mail that had been searched, Moore for the first time identified Enterprise Vault. Moore Depo. at 20:5-22.

The only reason Moore identified Enterprise Vault was that he was present when the Special Master and ILS supervised the search for Luther documents in August. *Id.* at 24:22-25:8. He could not identify any other instance in which Enterprise Vault had been searched. *Id.* at 24:22-25:14, 66:25-67:5.

> Q: Has Enterprise Vault been used to search for documents in connection with this litigation?
> A: I am only personally aware of one particular instance.
> Q: Prior to August [of 2010], did anyone search Enterprise Vault for documents in connection with this litigation?
> A: [Instruction not to answer based on A-C and/or W-P privilege]
> Q: Are you aware of whether Enterprise Vault – apart from the searches by the discovery master in August, are you aware whether Enterprise vault has ever been searched by Mattel in connection with this litigation?
> A: No.

MGA immediately raised the issues related to Mattel's Enterprise Vault with the Special Master, Hon. James Smith. *See* Somasekar Decl., ¶¶3-7.

**ARGUMENT**

SEV is a readily searchable archive of email implemented by Mattel specifically for purposes of preserving documents for this litigation. Rule 34 plainly requires that SEV be searched for documents. Fed.R.Civ.P. 34(b)(E); *Wingnut Films, Ltd. v. Katja Pictures Corp.*, 2007 WL 2758571, at *13 (C.D.Cal. Sep. 18, 2007); *Qualcomm Inc. v. Broadcom Corp.*, 539 F.Supp.2d 1214, 1247 (S.D.Cal. 2007); *Google, Inc. v. American Blind & Wallpaper Factory, Inc.*, 2007 WL 1848665, at *4 (N.D.Cal. June 27, 2007); *Pension Committee of University of Montreal Pensin Plan v. Banc of America Securities* , 685 F.Supp.2d 456, 488, 491(S.D.N.Y. 2010); 12/7/2009 Mattel's Motion to Compel at 11-12 (arguing that emails in MGA's ArchiveOne are instantly accessible).

Mattel has gone to extraordinary lengths to conceal the existence of SEV. Mattel did not identify it in Rule 26 disclosures; it was never identified in response to any written discovery or during any meet and confer. It was not disclosed in the Moore declaration in support of its Objections to Orders 89 and 91, which asserted that Mattel's email could not be searched. Mattel served a false response to Judge Smith's report requiring identification of Eckert media which omitted the Vault. Even when ordered to restore 400 backup tapes to search for Eckert email, Mattel concealed the Vault. Mattel concealed the Vault throughout Phase 2 discovery process right up until moments before the close of discovery on October 4, 2010.

Mattel made one mistake: it produced Moore as its 30b6 witness. If that had not happened, MGA and the Court never would have known about the Vault. Despite its obvious obligation to search SEV without any order, Mattel has successfully maneuvered to avoid being ordered to search SEV. There is no doubt that Mattel did not search it, as Mattel's 30b6 witness admitted that he could identify *only one time when it was searched*—in August when Judge Smith forced

Mattel to search it pursuant to the Court's order regarding Sujata Luther email. Mattel's overtly deceptive conduct regarding the SEV calls into question the legitimacy of the entire discovery process conducted by MGA. It is now impossible for MGA to depose all of the witnesses whom it previously deposed with the benefit of their documents; indeed, some of them will never be called to account since they are outside the trial subpoena power of the Court.

The Court must rectify this wrong. Mattel must be forced to do now, while there is still time prior to trial, what it should have done during two years of discovery. The contents of SEV must be identified and searched immediately. MGA requests that the Court order Mattel to: (1) produce by November 5, 2010 a list of all custodians whose email is present in SEV and the date ranges of email for each such custodian (*See* Decl. of Samuel S. Rubin In Support of MGA's Motion to Compel Mattel Re: Enterprise Vault, ¶¶4-6, Ex. 1); (2) produce by November 10, 2010 all non-privileged, non-private email of custodian Bob Eckert from SEV subject to the supervision of the Special Master and ILS; (3) produce by November 9, 2010 a 30(b)(6) witness fully prepared to explain (a) all search terms used for all searches in the SEV, or any subpart thereof, made by Mattel to satisfy its discovery obligations in this action (if any) and (b) any other collections or searches of the SEV made by Mattel to satisfy its discovery obligations in this action; (4) permit the Special Master and ILS to conduct searches of SEV for the search terms listed in Appendix A hereto for a list of up to 50 of the custodians identified by Mattel and selected by MGA, and to require Mattel to produce all non-privileged documents responsive to such search terms by December 1, 2010.

Dated: November 1, 2010 ORRICK, HERRINGTON & SUTCLIFFE LLP

By: */s/ Annette L. Hurst*
Annette Hurst
Attorneys for MGA Parties

# Appendix A

1. MGA before April 27, 2004
2. NHB
3. Carter before April 27, 2004
4. Bryant before April 27, 2004
5. Bratz Brief
6. Bratz and "white paper"
7. Bratz and (strategy or plan)
8. operation cast doubt
9. Bain and (MGA or Bratz)
10. "what happened to barbie"
11. moonlight or moonlighting
12. second job
13. secondary employment
14. brats
15. Bratz before April 27, 2004
16. Villasenor and (showroom or catalog or price list)
17. Rahimi and (showroom or catalog or price list)
18. Osier and (showroom or catalog or price list)
19. Plunkett and (showroom or catalog or price list)
20. Snyder and (showroom or catalog or price list)
21. MGA and (showroom or toy fair or NYTF or HKTF)
22. Turetzky and (MGA or Larian or Bratz)
23. Bossick and (MGA or Larian or Bratz)
24. Bousquette and (MGA or Larian or Bratz)
25. Anti-Barbie

26. competitive review
27. competitive intelligence
28. market intelligence
29. Isaac
30. Larian
31. Cannibaliz*
32. Flanker
33. Sauer
34. Wagner
35. Retention
36. Preserv*
37. Delet*
38. "Fix dolls"