QUINN EMANUEL URQUHART & SULLIVAN, LLP
  John B. Quinn (Bar No. 090378)
  (johnquinn@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc., and Mattel de Mexico, S.A. de C.V.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>MGA ENTERTAINMENT, INC., a California corporation, et al.,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 DOC (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>Hon. David O. Carter<br><br>MATTEL, INC.'S OBJECTONS TO THE MGA PARTIES' PROPOSED ORDER GRANTING MOTION FOR NEW TRIAL AND VACATING VERDICTS |

00505.07975/3756686.2

MATTEL'S OBJECTIONS TO [PROPOSED] ORDER

1    Mattel hereby OBJECTS to the MGA Parties' Proposed Order Granting Motion for
2    New Trial and Vacating Verdicts, dated November 1, 2010 (Dkt. No. 9032).

3    On October 29, 2010, this Court ruled on the MGA Parties' motion for new trial
4    and renewed motion to unseal juror interview transcripts (Dkt. No. 9021.)  The Order
5    provides that all Phase 1 claims are to be retried and the Phase 1 jury verdicts are vacated.
6    See Dkt. No. 9021 at 10 (Conversion), 10-11 (Copyright Infringement), 14 (Ownership
7    Issues and Phase 1(A) special verdicts), 17 (Intentional Interference With Contractual
8    Relations), 21 (Aiding and Abetting Breach of Fiduciary Duty), 24 (Aiding and Abetting
9    Breach of Duty of Loyalty), 25 (Fraudulent Concealment), and 26 (Damages, including
10   Punitive Damages).  The Order further provides that the MGA Parties' renewed motion to
11   unseal juror interview transcripts is denied.  (Dkt. No. 9021 at 27.)

12   The October 29 Order directed the MGA Parties to "file a Proposed Order that
13   specifically identifies the phase 1 jury's verdicts and damage awards discussed herein."
14   (Dkt. No. 9021 at 27.)  MGA submitted a proposed order that doubly violates that Order.
15   First, despite the Court's direct instruction to "file a Proposed Order that specifically
16   identifies the phase 1 jury's verdicts and damage awards discussed herein," MGA did no
17   such thing.  Instead, MGA wrote three vague sentences (at page 1:6-12) that, unlike the
18   October 29 Order and contrary to the Court's express instruction, do not even mention the
19   claims or issues presented to the jury, let alone "specifically identify[y] the phase 1 jury's
20   verdicts and damage awards discussed herein".

21   Rather than comply with the Court's instruction, MGA has seized the opportunity to
22   seek additional rulings not issued by the Court, stating that "[i]n addition and consistent
23   with this Court's Order granting the Motion for New Trial, and in order to effectual [sic]
24   that order completely, the Court also hereby vacates those orders and findings giving rise
25   to the errors identified in the Order of October 29, 2010, and vacates those orders and
26   findings that led to or followed Dkt. Nos. 4125 and 4279 and that reflect and/or result
27   from one or more of those same errors . . ." (Proposed Order at 1.)  The proposed order
28   then proceeds to list six separate dispositive summary judgment rulings issued in this case

after extensive briefing and oral argument. There is no basis for this request, and MGA's attempt to sneak additional rulings in through a proposed order should be rejected. MGA did not even seek a new trial on these rulings, see Dkt. No. 8716 (limiting MGA's new trial motion to the matters set forth in the "Verdict Forms"); its failure to do so precludes it, including as a matter of due process, from seeking such relief through its unbriefed proposed order. Indeed, some of the issues on which MGA now disingenuously seeks an order are part of the pending summary judgment motions and briefed at length therein. Page 1 line 13 through the end of the proposed order should be rejected.

For example, MGA seeks an order vacating the prior ruling that "the Inventions Agreement is valid and enforceable." Proposed Order at (a). That agreement was held enforceable in 2006, and then again in 2008. As Mattel shows at length in its summary judgment opposition – where the parties have joined issue on this topic – there is no basis to vacate those rulings. See, e.g., Mattel, Inc.'s Opposition to the MGA Parties' Motion for Summary Judgment in 05-2727, dated October 29, 2010 (Dkt. No. 9013) at 42-43, 57, 63. Certainly nothing in the Court's October 29 Order purports to do so.

Likewise, MGA seeks to vacate the prior ruling as to the meaning of the term "inventions" in the agreement (Proposed Order at (b)), but the prior rulings as to the meaning of that term necessarily are **un**affected by the Ninth Circuit's opinion and the Court's new trial order, except as to the two ambiguities identified by the Ninth Circuit. The Court certainly did not identify *additional* ambiguities not identified by the Ninth Circuit, and the Ninth Circuit itself held that the "drawings and sculpt clearly were 'inventions' as that term is defined in Bryant's employment agreement with Mattel." Amended Slip Op. at 17334 (emphasis in original). The prior rulings on interpretation of the agreement are law of the case except as to the two ambiguities identified by the Circuit. MGA's attempt to vacate those rulings altogether is wrong.

Next, MGA seeks to vacate the ruling that fraudulent concealment is a jury issue (i.e., the ruling rejecting MGA's prior summary judgment motion on that issue) (Proposed Order at (f)). On what grounds? That ruling, made on summary judgment, has not been

impacted by anything in the Court's October 29 Order or the Ninth Circuit opinion.

Last, MGA seeks to undo, with one fell swoop, all prior summary judgment rulings as to Mattel's claims, including such basic, untouched rulings as the ruling that Bryant owed a duty of loyalty. Again, MGA did not move for a new trial on these grounds. While the Court has, in its Order, disapproved of the reasoning underlying the prior rulings that Bryant owed a fiduciary duty and breached his duty of loyalty, there is no basis for extend that disapproval beyond the terms of the Court's Order – and so paragraphs (c), (d), and (e) should be rejected.

MGA's proposed order should be rejected.

DATED: November 2, 2010        QUINN EMANUEL URQUHART &
                               SULLIVAN, LLP


                               By  /s/ Michael T. Zeller
                                   Michael T. Zeller
                                   Attorneys for Mattel, Inc. and Mattel de
                                   Mexico, S.A. de C.V.