QUINN EMANUEL URQUHART & SULLIVAN, LLP
  John B. Quinn (Bar No. 090378)
  (johnquinn@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc., and Mattel de Mexico, S.A. de C.V.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>MGA ENTERTAINMENT, INC., a California corporation, et al.,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 DOC (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>Hon. David O. Carter<br><br>[PUBLIC REDACTED] MATTEL, INC.'S NOTICE OF MOTION AND OMNIBUS MOTION TO ENFORCE AND COMPEL RE COUNTERCLAIMS-IN-REPLY DISCOVERY MATTERS<br><br>Hearing Date: TBD<br>Time: TBD<br>Place: Courtroom 9D<br><br>Discovery Cut-off: October 4, 2010<br>Pre-trial Conf: January 4, 2011<br>Trial Date: January 11, 2011 |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, on a date and at a time to be determined by the Court, before the Honorable David O. Carter, plaintiffs Mattel, Inc. and Mattel de Mexico, S.A. de C.v. (collectively "Mattel") will, and hereby do, pursuant to Federal Rules of Civil Procedure 26, 33, 34, 36 and 37 move for an order :

(1) enforcing the Court's October 21, 2010 Order and requiring MGA to supplement its responses to Mattel, Inc.'s First Set of Interrogatories to MGA Entertainment, Inc. (MGA Reply Counterclaims) dated August 25, 2010.

(2) enforcing the Court's October 21, 2010 Order and requiring MGA to supplement again its responses to Mattel Inc.'s Requests for Admission to MGA Entertainment, Inc. Related to MGA's Reply Counterclaims.

(3) enforcing the Court's October 28, 2010 Order and requiring MGA to provide telephone numbers for Ms. Sternberg, Ms. Han, Ms. deRaspide and Ms. Firth immediately.

(4) compelling MGA to produce documents testified to at the deposition of Lisa Saunders on October 28, 2010 that are clearly relevant to MGA's counterclaims-in-reply but have not been produced, including toy fair master calendars showing third-party access to MGA showrooms, powerpoint presentations to retailers regarding the state of MGA's business, and sell sheets, price lists and price updates regarding the 114 products that are the subject of MGA's trade secret claim.

(5) compelling MGA to produce to the Court for *in camera* review and, if appropriate based on such review, produce to Mattel documents improperly withheld under a claim of privilege relating to the counterclaims-in-reply. Specifically, Mattel seeks *in camera* review of all MGA communications involving Mr. Brawer between 2004-2009 that are responsive to RFP Nos. 52, 53, 54, 55, and 72 of Mattel's Inc.'s Set of Requests for Documents and Things to MGA Entertainment, Inc. Regarding Reply to the Fourth Amended Answer, dated August 25, 2010.

1     (6) compelling Isaac Larian to respond to Mattel's First Set of Requests for Documents and Things to Isaac Larian (Counterclaims-in-Reply) and compelling Larian to produce all responsive, non-privileged documents in his custody, possession or control.

This Motion is based upon this notice of Motion and accompanying memorandum of points and authorities and Appendix, all other pleadings and papers on file in this action, and all other matters of which the Court may take judicial notice.

## Statement of Compliance

Lead counsel for the parties met and conferred on October 28, 2010 and at other times regarding the issues raised by this motion and were unable to reach resolution.

DATED: November 1, 2010

QUINN EMANUEL URQUHART & SULLIVAN. LLP

By /s/ Michael T. Zeller
   Michael T. Zeller
   Attorneys for Mattel. Inc.

# TABLE OF CONTENTS

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ............................................. 1

PRELIMINARY STATEMENT ........................................................................... 1

BACKGROUND .................................................................................................. 2

ARGUMENT ........................................................................................................ 5

I.   MGA'S COMPELLED SUPPLEMENTAL INTERROGATORY RESPONSES DO NOT COMPLY WITH THE OCTOBER 21 ORDER ................................................................................................... 5

II.  MGA'S RESPONSES TO THE REQUESTS FOR ADMISSION ARE ALSO NON-COMPLIANT WITH THE OCTOBER 21 ORDER ................ 10

III. MGA STILL HAS NOT PRODUCED THE TELEPHONE NUMBERS ORDERED ON OCTOBER 28, 2010 .......................................... 10

IV.  THE COURT SHOULD ORDER THE PRODUCTION OF RELEVANT DOCUMENTS IDENTIFIED AT THE DEPOSITION OF LISA SAUNDERS ................................................................................. 11

V.   THE COURT SHOULD REVIEW *IN CAMERA* ALL DOCUMENTS WITHHELD UNDER A CLAIM OF PRIVILEGE THAT RELATE TO BRAWER'S KNOWLEDGE OF VILLASENOR ................................. 12

VI.  LARIAN SHOULD BE COMPELLED TO PRODUCE DOCUMENTS REGARDING HIS TRADES IN AND EFFORTS TO INFLUENCE MATTEL SECURITIES ................................................................................ 13

CONCLUSION ................................................................................................... 15

# TABLE OF AUTHORITIES

**Page**

**Cases**

Reynoso v. Giurbino,
    462 F.3d 1099 .................................................................................................13

**Statutes**

Federal Rule of Civil Procedure 11...............................................................................6

## MEMORANDUM OF POINTS AND AUTHORITIES

### Preliminary Statement

MGA continues to withhold critical discovery relating to its counterclaims-in-reply. It has done so even as to information that this Court has already compelled. MGA should be compelled, again, to produce it without further delay.

<u>MGA's Ordered Interrogatory and RFA Responses.</u> On October 21, the Court ordered MGA to supplement its interrogatory concerning MGA's counterclaims. MGA waited until October 27—two days *after* the deadline set by the Court—to supplement its interrogatory responses, undoubtedly looking to exploit the fact that each day it delayed substantially prejudiced Mattel in light of the imminent November 1 discovery cutoff. The responses MGA finally produced also failed to comply with the Court's Order. For example, the Court required MGA to identify all individuals and entities who had access to MGA's private showrooms. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ The Court also ordered MGA to provide information about its practices of limiting access to these showrooms. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

MGA's ordered responses to Mattel's requests for admissions fare no better. MGA continues to refuse to admit or deny based on knowledge that is indisputably in MGA's possession, despite a Court Order that MGA do exactly that absent a detailed explanation of why it cannot provide such information. The Court should enforce its October 21 Order and compel MGA to provide the required information.

<u>Brawer Communications.</u> Communications from 2004-2009 between Ron Brawer and MGA likely show that MGA was aware of the activities of Sal Villasenor and Mattel's Market Intelligence Group long before MGA alleges. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

-1-
MATTEL'S OMNIBUS MOTION TO COMPEL RE COUNTERCLAIMS IN REPLY

1 ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬. Such information is directly relevant to Mattel's defenses, including laches, relating to MGA's delay in asserting its counterclaims-in-reply. MGA cannot hide its knowledge behind claims of privilege, having publicly declared it just learned of Mr. Villasenor's conduct. The Court should order MGA to submit the communications for *in camera* review and order MGA to produce all non-privileged and/or redacted communications to Mattel within 48 hours.

**Larian RFPs.** On October 15, 2010, Mattel propounded RFPs seeking documents relating to Larian's purchases, sales and short sales of Mattel stock, as well as Larian's communications with others about Mattel stock. Larian refused to respond to these RFPs, either with substantive answers or objections. Because these requests are directly relevant to Larian's financial benefits and therefore his bias as they relate to his testimony concerning the counterclaims-in-reply, they should be produced.

## Background

**The Interrogatories and RFAs.** On August 25, 2010, Mattel propounded basic discovery requests concerning MGA's counterclaims-in-reply, which included interrogatories and requests for admission. On October 21, the Court ruled that MGA's responses to the Interrogatories was inadequate and ordered MGA to provide complete answers to Interrogatory Nos. 1, 2, 4, 8, 12, 19 as propounded and Interrogatory No. 5 with a limitation as to the relevant time period. Dkt. 8974, at 3-5. The Court ordered that MGA serve Mattel its supplemental responses by October 25, 2010. Id. at 6. MGA did not serve its supplemental interrogatory responses until October 27. And, as described in more detail below, the untimely supplemental interrogatory responses were – are still are – grossly inadequate.

The Court also granted Mattel's motion with respect to Requests for Admission 16 through 26, which focus on MGA's knowledge of the activities of the Mattel Competitive Intelligence Group. Id. at 3. Rejecting MGA's objection that it need not investigate information obtained by Mr. Brawer prior to his employment at MGA, the

1  Court held that this lack of knowledge was not a sufficient basis for MGA's objections
2  and that MGA had failed to make a reasonable inquiry. Id. at 3-4.
3  　　　Lead counsel met and conferred on October 28 to discuss the deficiencies in
4  MGA's responses. Confirming that they were in fact deficient, MGA's counsel agreed
5  to supplement its responses to at least two of the interrogatories at issue, which it still
6  has not done despite the impending close of fact discovery on MGA's counterclaims-
7  in-reply. But, even if MGA's counsel provides the information that it represented it
8  would, MGA's responses remain inadequate.
9  　　　**Brawer Communications.** At Ron Brawer's September 26, 2010 deposition
10  Mattel was barred from inquiring into what information Brawer conveyed to MGA
11  regarding the activities of the Mattel Market Intelligence Group, ▓▓▓▓▓
12  ▓▓▓▓▓▓▓▓[1] Later, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
13  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
14  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
15  ▓▓▓▓▓▓▓▓▓[2] Mattel was not given an opportunity to examine this statement.[3]
16  　　　If Brawer's recent testimony is to be believed however, ▓▓▓▓▓▓▓▓
17  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ However, MGA's deficient
18  responses to recent Requests for Admission call this testimony into question. ▓▓▓
19  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
20  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
21  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
22  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓[4] It is clear that Brawer's testimony was
23  not the whole story. In any event, MGA *somehow* acquired knowledge of Villasenor

---

[1] See MGA Entertainment, Inc.'s Supplemental Response to Mattel, Inc.'s Request for Admission Nos. 16-26 Related to MGA's Reply Counterclaims Per the Court's Order on October 21, 2010, dated October 28, 2010 ("MGA's Supplemental RFA Response"); Brawer Depo., Vol. 6, at 2018:25-2020:9.
[2] See Brawer Depo., Vol. 6, at 2013:11-15.
[3] See Brawer Depo., Vol. 6, at 2018:25-2020:9.

and his alleged activities more than two years ago -- since it repeatedly questioned Mattel witnesses about him, dating back to early 2008.[5] And, even before that, MGA alleged these activities as part of its unclean hands defense (in its Answer to Mattel's Second Amended Answer and Counterclaims) in August 2007.[6] Despite these inconsistencies, MGA maintains that it did not learn of Villasenor's conduct and Mattel's activities until July 2010.[7]

**Larian RFPs.** During the 2008 trial, and using non-public and other confidential information in this lawsuit, Larian traded frequently and heavily in the market for Mattel stock. ███████████████████████████
█████████████████████[8]█████████████████████
████████████████████████████████████████████
██████████████████████████████ More recently, Larian also has been exposed in his efforts to manipulate Mattel stock prices by disclosing information from this lawsuit, including information designated as AEO, to analysts and others in the financial media covering Mattel. For example, just a few weeks ago, Larian sent an email to an addressee list of Mattel analysts that included such statements as:

- ██████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████

---

[4] See MGA's Supplemental RFA Response at 4.
[5] See Deposition Transcript of Adrienne Fontanella, dated January 16, 2008 at 203:12-16████████████████████████████████████
████████Deposition Transcript of Matt Bousquette, dated May 17, 2008, at 287:24-288:6████████████████████████████████████
[6] See Docket No. 807 at 20.
[7] See Docket No. 8583 at ¶ 6.
[8] See ██████████████████████████████████████
████████████████████████████████████████████

1 ████████████████████████████████████████████████

2 ██

3 ████████████████████████████████████

4 ████████████████████████

On October 15, 2010, Mattel served its First Set of Requests for Documents and Things to Larian.[11] The Requests sought the production of documents relating to Larian's purchases and sales, including short sales, of Mattel securities. Mattel also requested communications between Larian and any financial analyst or any member of the financial media relating to the value of Mattel stock. Larian has refused to respond, including to even serve objections.

## Argument

### I. MGA'S COMPELLED SUPPLEMENTAL INTERROGATORY RESPONSES DO NOT COMPLY WITH THE OCTOBER 21 ORDER

Even though it violated the deadline set by this Court's October 21 Order and took extra time MGA to prepare its responses—extra time that came at Mattel's detriment—MGA's supplemental responses are inadequate. The Court ordered MGA to supplement its responses to Mattel's Interrogatory Nos. 1, 2, 4, 5, 8, 12, and 19. Each of MGA's responses falls short.

Mattel's Interrogatory No. 1 requests that MGA identify all of the trade secrets allegedly stolen from its showrooms. After first claiming approximately 54 products, MGA Interrogatory answers then ballooned to list 114 separate products. That response, as the Court found, failed to provide adequate identifying information because it referred Mattel generally to 15 reports/documents. Dkt. 8974, at 5. In response, the Court ordered MGA to identify with specificity where in each of the 15

---

[9] Email from Isaac Larian to blind copied list of investment analysts, dated October 15, 2010.
[10] Email from Isaac Larian, dated October 12, 2010.
[11] The Requests are attached as Exhibit A hereto.

documents each of the 114 products at issue is referenced. MGA eventually produced supplemental responses for some—but not all—of the products. At the meet and confer, MGA conceded that it had not identified where a number of products are referenced in the documents, and MGA agreed to provide yet another supplemental response. To date—now nearly a week after the court-ordered deadline of October 25 and even though today is the discovery cutoff with respect to MGA's counterclaims—MGA still has not produced that information.

Interrogatory No. 2 requests that MGA identify documents that contain each of the trade secret and expressly asks that MGA identify with particularity the information contained within each document. Once again, MGA's initial response referred—without any specificity—to the same 15 documents it did in its response to Interrogatory No. 1. The Court found this response inadequate for the same reason MGA's response to Interrogatory No. 1 was inadequate and ordered MGA to identify specifically where in the documents the alleged trade secrets are discussed. Dkt. 8974, at 5. And, as with MGA's supplemental response to Interrogatory No. 1, MGA provided information for only some of the 114 relevant products. During the parties' October 28 meet and confer, MGA promised to provide the rest. Again, MGA has not.

Interrogatory No. 4 requires MGA to explain the basis that each trade secret had independent value from not being generally known to the public. Initially, MGA did not provide a response because it was "still investigating this topic." The Court compelled MGA to respond with any available information, noting that if it had no basis, its allegations were in violation Rule 11. Dkt. 8974 at 5. The supplemental response MGA provides is filled with meaninglessly generic statements, like that the appearance, operation, play pattern and price list of unmarketed toys are all valuable. That neither complies with the Court's Order nor provides Mattel with necessary or sufficient information to understand, let alone defend against, MGA's claim.

Interrogatory No. 5 seeks the identity of the persons outside of MGA to whom MGA trade secrets were disclosed. The Court concluded that this request was "directly

1  relevant" to MGA's efforts to maintain the secrecy of its trade secrets. Dkt. 8974, at 4.
2  But MGA's supplemental responses still refuse to identify a single specific individual
3  in its response. Rather, █████████████████████████████████████████
4  █████████████████████████████████████████████████ As a
5  preliminary matter, nothing in Mattel's interrogatory or the Court's order limits the
6  request to "major toy fairs"—a limitation that MGA tries to place on a number of its
7  responses.[12]  Indeed, ███████████████████████████████████████
8  ████████████████████████████████████████████████████████
9  ████████████████████████████████████████████████████████
10 ████████████████████████████████████████████████████████
11 ████████████████████████████████████████████████████████
12 ████████████████████████████████████████████████████████
13 ████████████████████████████████████████.[14]  MGA, however, has failed to
14 disclose, either in deposition or in interrogatory responses, which of the 114 products
15 have been disclosed and where. ████████████████████████████████
16 ████████████████████████████████████████████████████████
17 ████████████████████████████████████████████████████████

---

[12] See, e.g., MGA's supplemental response to Interrogatory 12, discussed below.
[13] See Saunders Dep. Tr. [ROUGH] at 34:4-7 ███████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████.
[14] See Saunders Dep. Tr. [ROUGH] at 99:4 ██████████████████████
████████████████████████████████████████████████████████
[15] See Saunders Dep. Tr. [ROUGH] at Saunders Dep. Tr. [ROUGH] at 48:23-49:13
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████

[redacted].[16] Yet, MGA's response does not meaningfully identify a single individual or entity to whom its product information at issue was disclosed.

As justification for this complete failure to comply with the Court's order, MGA claims that it [redacted]. That MGA does not maintain records of *every* retailer does not free it from its obligations to identify *any* individual. Nor does that excuse its complete failure to identify any members of the press who MGA invited into its showrooms, particularly given the critical relevance of such information to the lack of confidentiality of MGA's proclaimed trade secrets. MGA should be ordered to disclose this key information without further delay, as ordered by the Court.

Interrogatory No. 8 seeks information concerning costs incurred by MGA to create the trade secrets at issue. MGA does not deny that it has responsive information. Rather, MGA engages in wordplay [redacted] (emphasis added). Notably, MGA does not deny that [redacted]—information that is certainly responsive to this interrogatory. Still, MGA provides nothing more than a statement that [redacted]. That response is inadequate and fails to comply with the Court's Order.

---

[16] See Saunders Dep. Tr. [ROUGH] at 30:21-31:17 ([redacted])

Interrogatory No. 12 seeks information concerning MGA's limitations on the access to its showrooms. MGA's supplemental response—which levels more accusations at Mattel than it does provide responsive information—is non-compliant with this Court's Order. First, MGA once again unilaterally limits its response to "major" toy fairs. MGA's policies at all toy fairs are relevant to MGA's attempts to maintain the secrecy of alleged trade secret materials, not just its policies with respect to "major" ones. If the product information was disclosed at open toy fairs or where few or no limitations on confidentiality were even attempted, it obviously could not have been trade secret. MGA should be required to disclose what, if any, limitations were in place at all the toy fairs where the relevant products were shown. Second, MGA provides the names of just four MGA employees who are knowledgeable about MGA's procedures for restricting access to toy fair showrooms, despite claiming to have restricted access for years. Mattel is entitled to the names of ***all*** such individuals—not just those MGA selectively chooses.

Third, and most glaring, MGA does not identify a ***single*** specific policy aimed at restricting access to toy fairs. MGA asserts only that ████████████ ████████████████████████████████. But that is precisely the statement that the interrogatory seeks information on. MGA provides no explanation of for its tautological statement that ████████████████ MGA claims to ████████████ ████████████████████ MGA does not describe ████████ ████████████████████████████████████████ ████████████████████ Indeed, it does not even identify ████ ████████████████████████████████████ ████ In short, MGA has provided no concrete information.

Interrogatory No. 19 requires MGA to state the basis for its belief that it suffered injury as a result of the alleged conduct of Mattel's market intelligence group. MGA's response is nearly ten pages long, almost all of which is irrelevant. MGA spends five

1  whole pages—more pages than it gives to any other of court-ordered responses—
2  ranting about how Mattel intentionally suppressed evidence. When MGA is not
3  leveling accusations that Mattel suppressed evidence, it offers primarily vague
4  statements that provide no information. For example ████████████████████
5  ████████████████████████████████████████████████████████████████████████
6  ██████████████████████████ but offers no specifics. A complete answer should be
7  compelled, yet again.

## II. MGA'S RESPONSES TO THE REQUESTS FOR ADMISSION ARE ALSO NON-COMPLIANT WITH THE OCTOBER 21 ORDER

In its October 21 Order, the Court also required MGA to supplement its responses to Mattel's Requests for Admission Nos. 16-26 regarding MGA's Reply Counterclaims. MGA's supplemental responses continue to refuse to admit or deny based on knowledge that is indisputably in MGA's possession. As the Court will recall, MGA initially refused to investigate the information sought at all, and the Court ruled "MGA is simply incorrect that it need not investigate information obtained by its employees prior to their term of employment." Dkt. No. 8974. In response, MGA now offers the following response to nearly every RFA at issue: ████████████████████
████████████████████████████████████████████████████████████████████████
██████████████████████████ MGA is obligated to admit or deny the RFAs for itself -- ████████████████████████████████████████████ -- based on knowledge possessed by and obtained from its senior executive. It supplemental responses do not so and therefore fail to comply with the Court's Order.

## III. MGA STILL HAS NOT PRODUCED THE TELEPHONE NUMBERS ORDERED ON OCTOBER 28, 2010

The Court's Order of October 28, 2010 compelled MGA to provide last known addresses and telephone numbers for Angelika Sternberg, Janet Han, Sandrine

1  de Rapside and Janet Firth. (Docket No. 9002 at 2). MGA has not provided telephone
2  numbers for any of these individuals, and should be ordered to do so immediately.[17]

3  **IV.   THE COURT SHOULD ORDER THE PRODUCTION OF RELEVANT**
4  **       DOCUMENTS IDENTIFIED AT THE DEPOSITION OF LISA**
5  **       SAUNDERS**

6  During her deposition on October 28, 2010, Lisa Saunders testified ▮▮▮▮
7  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
8  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
9  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
10 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
11 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.[20]

12 Immediately after the deposition, Mattel asked MGA to produce these
13 documents.[21] Despite the undeniable relevance to MGA's counterclaims, MGA has yet
14 to produce these documents. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
15 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
16 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
17 ▮▮▮▮▮. The powerpoint presentations are directly relevant to causation of damages
18 that MGA seeks on its counterclaims, which MGA has urged is in the billions. Indeed,
19 MGA demanded, and the Court previously compelled, precisely such documents from
20

---

[17] See Email from S. Watson to T. McConville on October 31, 2010 (reiterating request for phone numbers).
[18] See Saunders Depo Tr. [ROUGH] at 41:17-42:4.
[19] See Saunders Depo Tr. [ROUGH] at 137:16-140:16.
[20] See Saunders Depo Tr. [ROUGH] at 69:19-23.
[21] See M. Zeller email to A. Hurst and T. McConville, dated October 28, 2010. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ See Saunders Depo Tr. [ROUGH] at 56:12-21. Mattel has asked MGA to produce these documents. Since the production of documents form Saunders' hard drive has already been ordered by the Court, Mattel expects that MGA will comply with the Court order and produce (footnote continued)

1  Mattel. The unproduced sell sheets, price lists and price list updates regarding the 114
2  products that are the subject of MGA's trade secret misappropriation claim are relevant
3  as well. They include the documents and information that MGA has asserted were
4  misappropriated. They also, at a minimum, reveal the same information that MGA
5  claims was taken from toy fairs, and MGA's distribution of them and efforts to
6  maintain their confidentiality show when, where and how MGA's claimed trade secret
7  information was disclosed. Indeed, earlier today, MGA's 30(b)(6) designee confirmed
8  the relevance of such materials by affirmatively relying on them at deposition. MGA,
9  however, has not produced its sell sheets for all the relevant years and for all of the
10 products at issue, as its designee also admitted earlier today.

    MGA should be compelled to the documents identified by Ms. Saunders.

## V. THE COURT SHOULD REVIEW *IN CAMERA* ALL DOCUMENTS WITHHELD UNDER A CLAIM OF PRIVILEGE THAT RELATE TO BRAWER'S KNOWLEDGE OF VILLASENOR

MGA should be ordered to produce for *in camera* review all communications involving Ron Brawer withheld under a claim of privilege or work product that are responsive to Matte's Counterclaim RFPs Nos. 52, 53, 54, 55 and 72.[23] These requests seek documents relevant to Brawer and MGA's knowledge of the activities of the Mattel market intelligence group and are undeniably relevant—indeed, MGA agreed to produce documents responsive to them, but reserved the right to withhold documents on the grounds of privilege. It now appears MGA is withholding the most relevant documents under a claim of privilege.

At Brawer's deposition, MGA asserted privilege over communications between Brawer and MGA personnel regarding his knowledge of Mr. Villasenor's activities. It appears likely that MGA is also withholding documents reflecting that knowledge on

---

these documents immediately. See October 28, 2010 Order granting in part and denying in part Mattel's Ex Parte Application to Compel, Dkt. 9002 at 1.
[23] The text of these RFPs is attached as Exhibit B.

the same grounds. As the Court noted in the October 21 Order, it "has liberally conducted such [*in camera*] reviews in order to ensure that materials are properly designated as privileged."[24] To the extent communications between Brawer and non-attorney representatives of MGA are responsive to the RFPs and MGA has withheld them on the basis of privilege, an order requiring in camera review is necessary to assess the propriety of these claims and prevent MGA from continuing to conceal discoverable evidence.

Given the inconsistencies in the testimony and discovery responses regarding MGA's and Brawer's knowledge of Villasenor and the Market Intelligence Group, the Court should examine these communications. Especially in light of MGA's practice of channeling clearly non-privileged communications through in-house counsel, the Court should order MGA to submit all 2004-2009 communications involving Brawer responsive to the RFPs for *in camera* review as this is the only way to resolve the serious doubts MGA has created about the purportedly privileged nature of Brawer's communications with in-house counsel.

## VI. LARIAN SHOULD BE COMPELLED TO PRODUCE DOCUMENTS REGARDING HIS TRADES IN AND EFFORTS TO INFLUENCE MATTEL SECURITIES

The extent to which a witness has a financial interest in the outcome of the litigation is critical to their bias and credibility. Reynoso v. Giurbino, 462 F.3d 1099, 1117 (finding it reasonably probable that outcome of trial would have been different had counsel questioned witnesses regarding their financial interest in litigation). Mattel is entitled to discovery to ascertain whether Larian has further financial incentives to shape or bend his testimony even beyond the financial incentives that are currently known. More specifically, Larian has ████████

---

[24] Order on Pending Discovery Disputes, dated October 21, 2010 (Docket No. 8974), at 9 n.3.

[REDACTED][25]

[REDACTED].[26] The jury is entitled to know the full extent to which Larian stands to profit if his and MGA's story is believed, and conversely, how much he and MGA stand to lose if the jury finds him not credible. The full extent of his financial bias can be determined only by compelling documents relating to his more recent trades in Mattel securities.

Independently, this discovery is relevant to Larian's violation of the Protective Order. Larian has disseminated information designated under the Protective Order as Attorneys' Eyes Only ("AEO") to stock analysts evaluating Mattel for the purpose of manipulating the value of Mattel securities. Recently, Larian sent multiple emails to stock analysts right before and after Mattel's Third Quarter Earnings analysts' calls on October 15, 2010, purporting to describe documents that had been designated AEO. This use of confidential information for purposes unrelated to the litigation violates the Protective Order. For example Larian wrote: "[REDACTED][27] The document to which Larian is referring is designated Attorney's Eyes Only. Mattel is entitled to know the extent to which Larian

---

[25] See Opposition to MGA Parties' *Ex Parte* Application to Modify Stipulated Protective Order to Permit Access to AEO Materials in Summary Judgment Filings dated October 16, 2010.
[26] See MGA2 0062195-255 at MGA 0062211-213. See also MGA2 3049742, [REDACTED]
[27] Compare email from Isaac Larian to blind copied list of investment analysts, dated October 15, 2010 with M 1826834-45 (designated Confidential—Attorneys' Eyes Only).

1 | has sought to influence the valuation of Mattel securities by misusing discovery
2 | disclosed in this litigation, in violation of the Protective Order.

### Conclusion

Mattel respectfully requests that its Motion be granted in its entirety.

DATED: November 1, 2010      QUINN EMANUEL URQUHART & SULLIVAN, LLP


By /s/ Michael T. Zeller
   Michael T. Zeller
   Attorneys for Mattel, Inc.