ANNETTE L. HURST (State Bar No. 148738)
ahurst@orrick.com
WARRINGTON S. PARKER III (State Bar No. 148003)
wparker@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building, 405 Howard Street
San Francisco, CA 94105
Tel: (415) 773-5700/Fax: (415) 773-5759

WILLIAM A. MOLINSKI (State Bar No. 145186)
wmolinski@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA 90017
Tel. (213) 629-2020/Fax: (213) 612-2499

THOMAS S. MCCONVILLE (State Bar No. 155905)
tmcconville@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
4 Park Plaza, Suite 1600
Irvine, CA 92614-2258
Tel: (949) 567-6700/Fax: (949) 567-6710

Attorneys for MGA Parties

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | Case No. CV 04-9049 DOC (RNBx)<br><br>Consolidated with:<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>**DEFENDANT-IN-INTERVENTION MGA ENTERTAINMENT, INC.'S REPLY IN SUPPORT OF MOTION TO CONFIRM DISMISSAL OF 04-9059 ACTION**<br><br>Hrg Date: November 16, 2010<br>Time: 1:00 p.m.<br>Courtroom: 9D<br><br>Trial Date: January 11, 2011 |

**INTRODUCTION**

Mattel claims that Judge Larson granted it leave to amend. What Mattel omits is that Judge Larson expressly *denied* Mattel's request to amend the complaint in the 04-9059 action. "In light of the burden allowing Mattel's amendment to proceed would have on this Court's ability to efficiently manage these consolidated matters *denial* of Mattel's request to amend its complaint in the 04-9059 matter is justified." Dkt. #142 at 21:27-22:1 (emphasis added). Mattel was thus ordered to amend its answer and file counterclaims, and that is exactly what it did. *Id*; Dkt. #143. There was never an amended complaint filed and served in the 04-9059 action. The only defendant to that case was Carter Bryant, and Mattel settled with Carter Bryant. A judgment of dismissal should therefore be entered.

As MGA noted in its Motion to Confirm Dismissal, it has a very practical concern. MGA brought its motion for summary judgment to the claims that were actually directed against it. Mattel has played every procedural game in the book in this case, and MGA does not want to hear later that somehow claims still exist against it in case 04-9059 that were otherwise disposed of in 05-2727.

Mattel's opposition has no answer at all to this problem. Instead, Mattel says "do nothing." But 04-9059 is not a complaint that Mattel is litigating and there is no named party on the other side. A judgment has to be entered disposing of the case, and it should be done now before we go to trial so that there is no confusion at all about the status of that action. Yes, MGA was a defendant-in-intervention. But the intervention failed when Mattel dismissed Carter Bryant and that was the end of the case. Mattel's inapposite authorities do not suggest otherwise.

Mattel objects to entry of a judgment of dismissal for ancillary tactical reasons that have nothing to do with the merits of the Motion. Mattel doesn't want the Court to confirm the case is dismissed because it believes that will harm Mattel's relation-back argument. In reality, the present status of that 04-9059

action literally has nothing to do with Mattel's relation-back argument and that is a complete non-sequitur.

Finally, whatever the implications of the requested order, Mattel—not MGA—placed itself in this position. Mattel has jockeyed at every point to put MGA at a procedural disadvantage. Mattel made the decision to settle with Bryant on the eve of trial and dismiss the 04-9059 action as to the only named defendant. MGA did not make that decision, Mattel did. MGA is entitled to dismissal because that is what the case law requires.

## ARGUMENT

### I. THE COURT DENIED MATTEL LEAVE TO AMEND ITS STATE LAW COMPLAINT AND THE ONLY NAMED DEFENDANT HAS BEEN DISMISSED.

#### A. The Court Denied Mattel's Motion For Leave To Amend The State Court Complaint Removed In the 04-9059 Action.

Mattel argues that the Court granted it leave to amend. Opp. at 7. What Mattel carefully elides from that statement is that the Court *denied* Mattel's motion for leave to amend the state law complaint that Bryant removed to this Court in action 04-9059: "In light of the burden allowing Mattel's amendment to proceed would have on this Court's ability to efficiently manage these consolidated matters *denial* of Mattel's request to amend its complaint in the 04-9059 matter is justified." Dkt. #142 at 21:27-22:1 (emphasis added). The Court went on to allow Mattel "to file its proposed amendments, but only insofar as they are pled in the form of an amended answer and counterclaim in the 05-2727 case." *Id.* at 22:13-15.

There is no ambiguity about Judge Larson's order. Mattel was not allowed to amend its 04-9059 complaint to assert any claims for relief against MGA, Isaac Larian, MGA Hong Kong, Gustavo Machado or MGA de Mexico. The only pleading Mattel was permitted to amend was its answer in the 05-2727 action.

1   Mattel's arguments re-cast history, both as to the orders at issue and as to its
2   own actions.  The Court did not deny Mattel's motion for leave to amend the 04-
3   9059 complaint as some mere "administrative convenience."  Opp. at 8.  Judge
4   Larson found that Mattel's proposed amendments were unjustifiably late.  He
5   rejected all of Mattel's proffered reasons for having delayed until 2006 to bring
6   those claims.  Dkt. #142 at 7-8.

7   Moreover, the Court found that Mattel's amendments "do not add substance
8   to the claims contained in its original complaint.  Rather, they would expand the
9   universe . . . stretching well-beyond the questions raised in the original complaint . .
10  . ."  *Id.* at 19.  Continuing in this vein the Court took note of how this expansive
11  new pleading would interfere with adjudication of the case.  *Id.* at 19-21.  The
12  Court proceeded to explain at length how allowing Mattel to amend the complaint
13  in the 04-9059 action would burden the case.  And, citing to *Perrian v. O'Grady*,
14  958 F.2d 192, 195 (7th Cir. 1992), the Court noted that the burden imposed by the
15  amendment was alone grounds to deny the request.  Therefore, this was not some
16  "administrative convenience."  The Court adopted the approach it did so that it
17  could adjudicate the case in light of Mattel's late and broad-reaching amendments.

**B.   Dismissal Of All Claims As To The Only Named Party Warrants Dismissal Of The 04-9059 Action.**

20  Mattel devotes pages to the argument that MGA intervened.  This, according
21  to Mattel, makes MGA a party to the 04-9059 action no matter what Mattel has
22  done with regard to Carter Bryant.  Opp. at 5-7, 11-14.  This is simply wrong.

23  Yes, Mattel settled only with Carter Bryant.  Yes, it reserved its claims
24  against MGA.  And that reservation means that Mattel is not stuck with the ancient
25  common law rule that a release of one tortfeasor has the effect of barring claims
26  against all others.  But the reservation has no bearing at all on the procedural status
27  of the action.

28  Mattel does not even dispute that Larian, MGA HK, MGA de Mexico and

1  Machado are non-parties to the 04-9059 action other than its grossly misleading
2  interpretation of Judge Larson's amendment order.  As to MGA, the intervention
3  failed when Bryant was dismissed.  The only case on point where a plaintiff
4  dismissed its action against the named defendant holds that there is no further
5  action to pursue.  Indeed, even the intervenor has no right to a continuation of the
6  action even if it wishes to keep pursuing the defenses.  *See Henry v. Vineland*
7  *Irrigation Dist.*, 140 Cal. 376, 377 (1903).

8  Mattel claims that *Henry* is "off point" because there, "the plaintiff
9  voluntarily dismissed ***its entire action*** before trial."  Opp. at 13 (emphasis in
10  original).  But that is the very reason it is on point.  As in *Henry*, Mattel dismissed
11  its claims as to the only defendant named in the action.  When it did so, there was
12  no complaint to be pursued against the intervenor, *i.e.*, the complaint does not name
13  the intervenor.

14  Mattel attempts to distinguish *Henry* by pointing to *Townsend v. Driver*, 5
15  Cal. App. 581 (1907), which Mattel claims distinguishes "between dismissing
16  claims and dismissing the entire action in the context of intervention."  Opp. at 13.
17  Plaintiff in *Townsend*, however, did not dismiss all of the named defendants.
18  Instead, plaintiff sought to continue as to some of the named defendants.  5 Cal.
19  App. at 584.  That is a different scenario and the court reached a different result.  *Id.*
20  (distinguishing *Henry* because plaintiff "seeks to maintain his action against certain
21  defendants").

22  Nor are Mattel's other cases relevant, as none of them concern the status of
23  an intervention after settlement between the named parties.  It may be that
24  "'interveners under Fed. R. Civ. P. 24(a)(2) . . . enter the suit with the status of
25  original parties and are fully bound by all future court orders.'"  Opp. at 11 (quoting
26  *United States v. State of Oregon*, 657 F.2d 1009, 1014 (9th Cir. 1981)).  The issue
27  in *State of Oregon* was whether a tribe waived immunity by intervening, an issue
28  having no relation to this case.  In *Columbus-Am. Discovery Group v. Atl. Mut. Ins.*

1  *Co.*, 974 F.2d 450, 469-70 (4th Cir. 1992), the issue was whether the intervenor
2  should be allowed discovery. And in *Olle v. Henry & Wright Corp.*, 910 F.2d 357
3  (6th Cir. 1990), the court did not even purport to address a factual circumstance that
4  we have here.

5  Nor is *District of Columbia v. Merit Systems Protection Board*, 762 F.2d 129,
6  131 (D.C. Cir. 1985), "instructive." Opp. at 12. In fact, it has nothing to do with
7  this case at all. There, Lee Lendt obtained an award of fees from the Merit Systems
8  Protection Board following an appeal from termination from a government
9  position. The District of Columbia petitioned in the District of Columbia Superior
10 Court for review and named the Merits Systems Protection Board as the sole
11 respondent, leaving Lendt out of the action. Following removal, the Merit Systems
12 Protection Board successfully argued that it was not a proper party to the case.
13 And, Lendt intervened and argued that the case should be remanded to Superior
14 Court. The Court of Appeals agreed that the case should be remanded to the
15 Superior Court and that the district court was wrong to dismiss Lendt's claim. To
16 say all that is to show that *Merit Systems Protection Board* is nothing like this case.

17 Finally, *Schneider v. Dumbarton Developers*, 767 F.2d 1007, 1017 (D.C. Cir.
18 1985), Opp. at 14, is inapposite because there, the plaintiff proceeded against the
19 intervenor *and* the named defendants. None of the cases cited by Mattel concern
20 the dismissal pursuant to settlement of the main controversy, leaving behind the
21 intervenor. Here, as to the only named defendant in the 04-9059 complaint there
22 will be no trial. Mattel is seeking no relief *in that case*. Therefore, the action
23 cannot be maintained further and it must be dismissed.

24 **II.    THE RELATION-BACK ISSUE HAS NOTHING TO DO WITH THIS**
25 **MOTION AND IN ALL EVENTS MATTEL MUST ACCEPT THE CONSEQUENCES OF ITS OWN DECISIONS.**

26 Mattel spends much of its Opposition arguing that the 04-9059 action is
27 necessary to its relation back argument. In fact, that is a complete non-sequitur.
28 Putting aside the complete lack of merit to Mattel's relation-back argument (*see*

1  MGA's Opposition to Mattel's Motion for Partial Summary Judgment at 21-27),
2  the *present* status of the 04-9059 action has nothing to do with it. Mattel's relation-
3  back argument rests on the filing of the original Bryant complaint, the motion for
4  leave to amend, and the order re amendment. The later settlement and dismissal
5  have nothing to do with Mattel's relation-back argument. Judge Larson's order was
6  what it was. Either Mattel can relate back its counterclaims in 05-2727 to another
7  action or it cannot. Whether or not that action is dismissed has no bearing on the
8  principle.
9       Finally, Mattel's claim that it will be victimized by a dismissal is absurd.
10 Mattel has at all times manipulated the posture of this case to suit its needs. It
11 decided to file a motion for leave to amend years after it filed its original complaint
12 against Carter Bryant. Indeed, Judge Larson found that it could not justify its
13 delay. Dkt. #142 at 7-8. By objecting to dismissal of the 04-9059 action on the
14 ground that it would harm Mattel's rejoinder to the statute of limitations defense,
15 Mattel is effectively seeking reconsideration of that amendment order. It is far too
16 late. Mattel, not MGA, decided to enter into its sweetheart settlement with Carter
17 Bryant literally days before the trial in Phase 1 was to start. Mattel, not MGA,
18 decided to dismiss all claims against Bryant in the 04-9059 action in order to gain
19 whatever benefit (or avoid whatever burden) with the jury it perceived that decision
20 would reap. Dkt. #3811 (Order of Dismissal Upon Stipulation). Mattel, not MGA,
21 made whatever assessments and accepted whatever risks, and resulting rewards,
22 such decisions would have on this case.
23      Now, having made those decisions all to gain an advantage against MGA in
24 the case, Mattel must live with the consequences that flow. In fact, MGA's motion
25 is well taken whatever else those consequences may be.
26
27
28

**CONCLUSION**

For the foregoing reasons, Defendant-in-Intervention MGA Entertainment, Inc.'s motion should be granted and the Court should enter a judgment of dismissal of the 04-9059 action.

Dated: November 2, 2010         ORRICK, HERRINGTON & SUTCLIFFE LLP

By:  */s/ Warrington S. Parker III*

Attorneys for Defendant-in-Intervention MGA Entertainment, Inc.