ANNETTE L. HURST (State Bar No. 148738)
ahurst@orrick.com
WARRINGTON S. PARKER III (State Bar No. 148003)
wparker@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
405 Howard Street
San Francisco, CA 94105
Telephone: 415-773-5700
Facsimile: 415-773-5759

WILLIAM A. MOLINSKI (State Bar No. 145186)
wmolinski@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA 90017
Telephone: 213-629-2020
Facsimile: 213-612-2499

THOMAS S. MCCONVILLE (State Bar No. 155905)
tmcconville@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
4 Park Plaza, Suite 1600
Irvine, CA 92614-2258
Tel: (949) 567-6700/Fax: (949) 567-6710

Attorneys for MGA Parties

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | Case No. CV 04-9049 DOC (RNBx)<br><br>Consolidated with:<br>Case No. CV 04-9059<br>Case No. CV 05-2727<br><br>**Hon. David O. Carter**<br><br>**MGA'S REPLY IN SUPPORT OF MOTION TO COMPEL RE: ENTERPRISE VAULT**<br><br>Date: TBD<br>Time: TBD<br>Place: TBD<br><br>Trial Date: January 11, 2011 |

**[PUBLIC REDACTED VERSION]**

## INTRODUCTION

Mattel's Opposition (Opp.) confirms that Mattel actively concealed its e-mail archive for the last two and half years of discovery. Mattel does not dispute that it did not identify the Enterprise Vault in its numerous submissions, responses and lists of sources of media. It attempts to avoid this inescapable conclusion by mischaracterizing its 30(b)(6) testimony but the attempt plainly fails as Mr. Moore's testimony could not have been clearer that Mattel did not identify the Vault in its submission regarding the sources of Eckert's emails. The fact that Mattel has gone to extraordinary lengths to conceal the existence of the Vault for all this time is proof enough that Mattel did not search it adequately for this Court to order relief. Mattel argues otherwise, but provides no competent evidence. The Court should require Mattel to run searches on the Vault as requested by MGA. At the very least, MGA is entitled to the list of custodians present in the Vault, the date ranges of the emails present in the Vault, and 30(b)(6) testimony on the searches that have been run on the Vault, in order to test Mattel's assertions that it met its Rule 34 obligations.

## ARGUMENT

### I.   MGA'S MOTION IS TIMELY.

MGA raised the issue of Enterprise Vault as soon as it discovered its existence—which was on the last day of discovery in the deposition of Philip Moore and after the Omnibus MTC deadline. MGA did not know the existence of Mattel's Enterprise Vault until then because Mattel concealed its existence. Nothing in Mattel's Opposition shows otherwise. MGA immediately requested the presence of Electronic Discovery Special Master Judge Smith at the deposition. *See* Dkt. # 9035, Ex. 2 at 7. In the days following there were several sessions with the Court regarding outstanding discovery disputes at which the Vault issue was raised. The Court directed MGA to address the issue with Judge Smith and it did in accordance with his requirements.

1 | MGA's failure to raise the issue at any time before October 4 was due to
2 | Mattel's concealment. Kawashima may have testified that Mattel was considering
3 | implementing the Enterprise Vault (Opp. at 1, 3) but Mattel never once disclosed
4 | that it had actually done so in any written discovery response or any of its other
5 | numerous submissions. Mattel concedes with its silence that it did not identify the
6 | Vault in three separate lists of electronic media that its 30(b)(6) witness testified
7 | *were complete*. Dkt. # 9033 at 3; Ex. 9690; Ex. 9691; 9642. Mattel concedes with
8 | its silence that it failed to identify the Vault in its disclosures, discovery responses,
9 | or during any meet and confer. Dkt. # 9033 at 4. Even when ordered to restore 400
10 | backup tapes to search for Eckert email, Mattel did not identify the Vault as a
11 | readily accessible source of Eckert emails.

To avoid the inescapable conclusion that it deliberately concealed the existence of Vault, Mattel mischaracterizes its own 30(b)(6) witness testimony. Moore's testimony could not have been clearer that the Enterprise Vault was not identified as a source of Eckert's email in Mattel's April 16, 2010 submission:

> Q: Is there anything on Exhibit 9694 [Mattel's April 16, 2010 submission identifying Eckert media] that is associated with Enterprise Vault?
>
> A: *I don't see Enterprise Vault on the document.*
>
> Q: Okay. In paragraph 2, it says, "The following electronic mail data servers contain e-mails from Mr. Eckert's Mattel e-mail box," and *then there are two letter/number designations there beginning with the letter NAESTM. Do you see that?*
>
> A. Yes.
>
> B: *Is that a reference to Enterprise Vault?*
>
> A: *No.*
>
> Q: Okay. Are any of the hard drive serial numbers in paragraph 1 of Exhibit 9694 associated with Enterprise Vault?
>
> A.: *No.*

P. Moore Depo. 63:11-64:8 (emphasis added). Mattel's attempts to confuse the

issue by claiming that MGA created an artificial distinction between active servers and the Vault is plainly ridiculous. Opp. at 2. Mr. Moore's testimony speaks for itself. Remarkably, Mattel continues to insist that its April 19, 2010 submission informed MGA of the existence of Vault, but puts forth no evidence to support its assertion. Opp. at 2. Mattel actively concealed the existence of the Vault up until the discovery cut-off and MGA should not be penalized for Mattel's failure to live up to its discovery obligation.

## II. MGA'S REQUESTED SEARCHES AND INFORMATION REGARDING ENTERPRISE VAULT ARE WARRANTED.

30b6 Moore testified that there had only been a single search of Enterprise Vault once in August 2010 when Judge Smith forced Mattel to search it pursuant to the Court's order regarding Sujatha Luther emails. 30b6 witness Moore was instructed not to answer whether, when and how Mattel had searched the Vault on any other occasions, and then conceded that he did not know anyway. P. Moore Depo. 24:22-25:14, 48:21-49:6, 66:25-67:5.

The 30b6 deposition discovery process is a joke if Mattel is permitted to contravene this testimony with the Gerstner declaration. The privilege objection was obviously unfounded and the witness was unprepared in all events. Now Mattel tries to claim it has conducted adequate searches with a declaration that contains no foundational facts, provides no explanation, and is purely conclusion. Having prevented MGA from cross-examining such assertions with its spurious privilege assertions and unprepared witness, Mattel cannot now offer such testimony.

Moreover, even were the Court willing to consider the Gerstner declaration, it does not dispel any of the concern whether Mattel complied with its obligation to search the Vault. Mattel screamed bloody murder about searching any of its servers in response to Orders 89 and 91, claiming that it had no email search tools. This testimony was at best misleading and at worst false. Now, having objected at every

turn to searching servers such as the Vault, having produced "complete" lists of searched media omitting any reference to the Vault, having concealed the very existence of the Vault, and having instructed its witness not to answer, in the face of all of that the Gerstner declaration comes nowhere close to showing compliance.

Gerstner does not aver that she ran the searches or that she was present when the searches were done. Her declaration does not state when the searches were conducted, who ran them, and what kind of searches were run. She does not identify which custodians were searched or with what terms. Such conclusory statements not supported by foundational facts are not sufficient to demonstrate Mattel's compliance with its Rule 34 obligations in the face of its two and one-half year concealment of the Vault. *Rodriguez v. Provident Life and Accident Inc. Co.*, 2001 WL 291961, at *2 (C.D. Cal. Mar. 2, 2001)(sustaining objection where the statement lacked foundational facts).

Mattel has not even come close to making an adequate showing that it has complied with its Rule 34 obligations as to the Enterprise Vault.

### III. MGA'S SEARCH TERMS ARE REASONABLE.

Singing its same old tune, Mattel tries to avoid discovery with its claim that reciprocity is lacking. Opp. at 4. The Court has rejected this rationale repeatedly.

Moreover, MGA spent literally months working with ILS trying to run Mattel's *seven hundred search terms*, a list that the Court noted was "lengthy" but ordered anyway. Dkt. # 7852; Dkt. # 8690. Only after the Court verified that the searches simply could not be performed and MGA produced six million pages and was forced to review nearly the entirety of ten years of the Larian hard drives did the Court modify MGA's obligations. MGA has repeatedly been ordered to search hard drives, servers and all other manner of burden has been heaped upon it. But Mattel started this fight and is continuing it with extraordinary vigor. Despite the Court's repeated admonitions that experts would be limited, █████████
████████████████████

1  Mattel will not stop until it drives MGA and Isaac Larian out of the toy business.
2  The least it can do is satisfy its Rule 34 obligations.
3  MGA has requested searches of only thirty-eight terms. This is highly
4  reasonable by comparison of the pound of flesh Mattel has extracted from MGA in
5  pursuit of its big payday. To this day, MGA has produced at least four times as
6  many pages of documents as Mattel has in this action. If the searches cannot be
7  run, or the results turn out to be unduly burdensome to review, then Mattel can
8  come back to the Court with a request for protective order—just like MGA did. If
9  reciprocity is relevant here at all, then it requires that the Court enter the requested
10 order.

## CONCLUSION

For the foregoing reasons, the Court should grant MGA's Motion to Compel Mattel Regarding Enterprise Vault.

Dated: November 3, 2010

ORRICK, HERRINGTON & SUTCLIFFE LLP

By: /s/ Annette Hurst
Annette Hurst
Attorneys for MGA Parties

OHS West:261025627.2