QUINN EMANUEL URQUHART & SULLIVAN, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  michaelzeller@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017–2543
Telephone: (213) 443–3000
Facsimile: (213) 443–3100

Attorneys for Mattel, Inc. and Mattel de Mexico, S.A. de C.V.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation,<br><br>              Plaintiff,<br><br>     vs.<br><br>MGA ENTERTAINMENT, INC., a California corporation, et al.,<br><br>              Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04–9049 DOC (RNBx)<br>Consolidated with<br>Case No. CV 04–09059<br>Case No. CV 05–02727<br><br>Hon. David O. Carter<br><br>**MATTEL, INC.'S REPLY IN SUPPORT OF OBJECTIONS TO THE DISCOVERY MASTER'S RULINGS AT THE DEPOSITION OF JOSEPH FRANKE**<br><br>Date:  TBD<br>Time:  TBD<br>Place: Courtroom 9D<br><br>**Phase 2**<br>Discovery Cut-off: October 4, 2010<br>Pre-trial Conference: January 4, 2011<br>Trial Date: January 11, 2011 |

**Preliminary Statement**

MGA argues that its questions to Mr. Franke were "relevant" to its RICO suppression allegations. The Court's October 25 Protective Order, however, expressly barred MGA from seeking discovery from Mr. Franke on these allegations. Moreover, MGA's questions to Mr. Franke amply demonstrate the reason for this and other Court orders: MGA used its RICO evidence suppression allegations as a pretext to question Mr. Franke about statute of limitations issues for which discovery is closed. Because the Discovery Master did not properly apply the Court's Orders, the Discovery Master's rulings should be overruled and Mattel's objections and instructions sustained.

Mischaracterizing the record, MGA asserts that there are other questions ruled upon by the Discovery Master that Mr. Franke should be made to answer. The deposition transcript makes clear, however, that the Discovery Master required counsel for MGA to make a record of the questions at issue in his presence so that Mattel would have them for its objections, and MGA did so—the prior questions are therefore irrelevant. MGA's belated desire to alter the record it made before the Discovery Master should be rejected.

Raising an issue that was not even brought before the Discovery Master, MGA's opposition requests that Mr. Franke be made to answer questions about Veronica Marlow and the sample makers. MGA's belated and procedurally improper request should be denied.

**Argument**

**I. MGA'S OPPOSITION FURTHER CONFIRMS THE QUESTIONS AT ISSUE SQUARELY VIOLATED THE COURT'S ORDERS**

MGA argues that the questions posed to Mr. Franke (related to the fax marked as Exhibit 8154) are relevant to Mattel's purported "efforts to conceal information concerning MGA's statue of limitations defense." (Opp. at 2.) But, as Mattel set forth in its opening brief, questions into these areas are precisely what the Court's

1  Orders prohibited. (Objs. at 8-9.) The October 25 Protective Order expressly ruled
2  that MGA "may not depose Franke . . . about the 'evidence' allegedly suppressed in
3  order to 'further Mattel's claims in this litigation.'" (Dkt. No. 8985). Indeed, in its
4  October 21 Order, the Court had already prohibited the "pretextual attempt by MGA
5  to re-characterize discovery about its statute of limitations defense as 'counterclaims
6  in reply' discovery." (Dkt. No. 8974, at 7.) And, the Court's October 28 Order again
7  confirmed that these previous two Orders proscribed MGA from "using its
8  'suppression of evidence' RICO allegations as a subterfuge through which to conduct
9  discovery into other claims and counterclaims in this litigation, including claims and
10 counterclaims subject to the October 4, 2010 discovery cut-off[,]" including in the
11 deposition of Mr. Franke. (Dkt. No. 9002, at 1.)

12      MGA's questions to Mr. Franke only further demonstrate that MGA is using its
13 concealment allegations as a ruse for taking belated discovery. MGA's questions to
14 Mr. Franke were not aimed at eliciting testimony about "suppression" of evidence, but
15 rather, the questions were specifically aimed at finding information helpful to MGA's
16 statute of limitations defense. For example, MGA asked Mr. Franke if his purpose in
17 obtaining Ms. Ward's resume "was to investigate the possibility that Bratz was
18 designed by Carter Bryant"; whether Mr. Franke's meeting with Ms. Ward was simply
19 to "investigat[e] Mattel's potential claims against Carter Bryant and MGA"; whether
20 he had "any information from any source that suggested to you that Carter Bryant had
21 been working on Bratz"; whether he "believed that Mr. Bryant had been responsible
22 for misappropriating the name Bratz"; and whether he was "part of an investigation
23 into whether Bratz infringed Toon Teens." (Objs. at 3-7.)

24      In fact, the only question that MGA asked that was even arguably related to its
25 spurious RICO evidence suppression allegations regarding the production of Exhibit
26 8154 in this litigation (Franke Depo. Tr. at 62:23-25), also in another way violated the
27 protective order, which held that "Mattel's 30(b)(6) designee is the most appropriate
28 vehicle for the discovery of" information related to MGA's evidence suppression

counterclaim-in-reply allegations. (Dkt. No. 8985.) MGA argues that the Order did not state that 30(b)(6) testimony "is the only vehicle for discovery related to this" (Opp. at 2), but the Order's plain language clearly precluded MGA from asking Mr. Franke, a percipient witness, questions about document production. (See Dkt. No. 8985 ("MGA's attempt to depose *other* individuals about 'relevant' evidence allegedly suppressed . . . circumvents the October 4, 2010 discovery cut-off") (emphasis in original).)

MGA's final purported justification for its improper questions related to its statute of limitations defense is that they relate to a document that was "only recently produced." (Opp. at 2.) As Mattel stated in its brief, this document was produced on May 31, 2010. (Objs. at 8 n.3.) MGA does not dispute this, nor could it, yet it continues to falsely imply that it has not in fact had this document for over five months.

This Court's Orders could not be more clear – MGA cannot ask percipient witnesses about document production and MGA can no longer obtain discovery related to issues for which discovery is now closed. MGA's questions attempted to do both. Mattel's objections and instructions were consistent with the Court's Orders and should be sustained.

## II. THE DEPOSITION TRANSCRIPT DEMONSTRATES THE FALSITY OF MGA'S CLAIM REGARDING THE DISCOVERY MASTER'S RULINGS

MGA claims that the Discovery Master ruled on questions other than the ones Mattel listed in its brief. (Opp. at 3.) This assertion is belied by the record. Once Mattel instructed the witness not to answer MGA's first question regarding Exhibit 8154, counsel for MGA called a lunch break to await the arrival of the Discovery Master. After the lunch break and back on the record, counsel for MGA asked that the Discovery Master "stay and indicate that each question and answer is within the scope of your ruling." (Franke Depo. Tr. at 51:18-25.) The Discovery Master agreed and

1  stated: "what I'm going to do is ask Ms. Hurst to go ahead and ask her questions so
2  that there's a record of the questions that you want answered[.]"  (Id. at 50:9-12.)
3  Counsel for MGA went through her series of questions, then confirmed she was
4  finished making a record of the questions for which MGA contested Mattel's
5  instructions, telling the Discovery Master "Okay.  Let's get you back to the other
6  [deposition]."  (Id. at 74:1-2.)

7        MGA's attempt at a second shot at asking Mr. Franke improper questions to
8  which Mattel instructed and to which MGA did not object to the instructions should
9  be rejected.  Not only does MGA falsely recount what occurred at the deposition, even
10 if the merits are reached, these additional questions are relevant only to closed
11 discovery, and MGA does not even attempt to claim otherwise.  Nor could it; these
12 questions were regarding subject matters such as "moonlighting," document collection
13 in this litigation, Carter Bryant and the scope of Mattel design employees'
14 responsibilities.  (Id. at 14:13-34:23.)

15 **III.  <u>MGA'S ATTEMPT TO GAIN FURTHER TESTIMONY SHOULD BE</u>**
16      **<u>DENIED</u>**

17       MGA also improperly asks the Court to order Mr. Franke to answer additional
18 questions to which Mattel instructed the witness not to answer and that MGA
19 admittedly did not contest or appeal during the deposition.  In fact, these questions
20 were asked almost immediately after counsel for MGA told the Discovery Master she
21 was done making her record and he no longer needed to remain at the deposition to
22 provide rulings.

23       As an initial matter, MGA cannot raise this affirmative request in an opposition
24 – MGA must bring its own motion if it wants to argue, for the first time, the propriety
25 of instructions made at the deposition.  Moreover, MGA did not contest or appeal the
26 instructions to these questions during the deposition, as is the standard practice in this
27 case, and thus it waived the right to contest Mattel's instructions.
28

MGA attempts to justify its improper, untimely request to bring Mr. Franke back so it can question him about "Veronica Marlow and the Mattel seamstresses" by claiming that it only realized Mr. Franke's purported "significance" concerning these matters "after the recently-produced résumé." (Opp. at 3.) But, as Mattel reiterated supra, this document was produced in May 2010; MGA's repeated attempts to mislead the Court about the production of this document should be rejected.

MGA's request only further confirms that it is using the counterclaims-in-reply as a pretext to get discovery on matters as to which discovery closed weeks ago. MGA's baseless request should be denied.

## Conclusion

Mattel's objections and instructions should be sustained.

DATED: November 7, 2010         QUINN EMANUEL URQUHART &
                                SULLIVAN, LLP


                                By /s/ Michael T. Zeller
                                   Michael T. Zeller
                                   Attorneys for Mattel, Inc. and Mattel de
                                   Mexico, S.A. de C.V.