**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

Case No. CV 04-9049 DOC (RNBx)                                   Date: November 9, 2010

Title: MATTEL, INC. v. MGA ENTERTAINMENT, INC.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

|  Kathy Peterson  |  Not Present  |
|---|---|
| Courtroom Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFFS: ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT                                    NONE PRESENT

PROCEEDING (IN CHAMBERS): ORDER DENYING MOTION TO COMPEL MATTEL RE
ENTERPRISE VAULT [DOCKET 9033]

MGA's Motion to Compel Mattel to (1) identify all custodians whose records are stored in Symantec Enterprise Vault; (2) produce all non-privileged Robert Eckert emails stored in Enterprise Vault; (3) search Symantec Enterprise Vault under the supervision of the Special Master for Electronic Discovery [Docket 9033] is DENIED because the discovery sought by MGA is duplicative, overly burdensome, and foreclosed by the Court's Order Sustaining in Part and Overruling in Part Mattel's Objections to Discovery Matter Order Nos. 89/91.

Contrary to MGA's argument, Mattel's Enterprise Vault software is not analogous to MGA's ArchiveOne database.  After MGA employees' emails are shunted to ArchiveOne, they no longer reside on the users' systems.  By contrast, Enterprise Vault "captures all email in Mattel's El Segundo location . . . *on a real time basis and saves it to a database*."  (Mot. at 4 (emphasis added).); *see also* Declaration of Julie Gerstner ¶ 3 (stating that Enterprise Vault contains "one copy of *any* email").  Emails sent to Enterprise Vault in some (or perhaps most) circumstances continue to reside on the custodian's local hard drive.  Mattel has searched relevant users' hard drives for responsive documents and the Court finds no reason to conclude that Enterprise Vault contains any additional relevant communications not already retrieved through Mattel's searches.

MGA is also mistaken about the reasons for the Court's ruling sustaining in part and overruling in part Mattel's Objections to Discovery Matter Order Nos. 89/91, which required Mattel to

searched all North American servers for responsive documents.  MGA speculates that the Court "rel[ied] upon" Mattel's claim that "there was no efficient way to search Mattel's servers and it would cost hundreds of thousands of dollars to conduct the searches" ordered by the Discovery Master.  (Mot. at 5.)  However, the Court's order was expressly based on a different line of reasoning: "It is unclear why all of Mattel's North American servers should be searched for relevant information – either the searches will not yield responsive information or they will yield duplicative information already obtained by searching the files and computers of individuals with knowledge of the Phase 2 issues." (Dkt. 7961 at 5.)  This logic holds true here as well: Mattel has already searched an expansive group of custodians' hard drives for responsive documents and any additional searches of Enterprise Vault would be duplicative.

Furthermore, Enterprise Vault is not reasonably likely to possess responsive documents and a search of the database supervised by the Special Master would represent nothing more than a belated attempt to divert the Court's attention from pending dispositive motions and pre-trial issues. The archive contains messages sent after April 1, 2008 — the date of its implementation at Mattel — and only contains messages prior to that date if those messages were forwarded or replied to after April 1, 2008.  Gerstner Decl. ¶ 3.  The vast majority of the transactions or occurrences giving rise to MGA's claims, its defenses to Mattel's counterclaims, and its counterclaims-in-reply occurred before that date.

MGA's Motion seeks the discovery of irrelevant information, seeks to impose undue burdens on the eve of trial, and runs afoul of prior orders restricting the scope of the electronic discovery obligations in this case.  The Motion falsely compares Mattel's Enterprise Vault, which has conducted a real time copying of messages sent during a time period irrelevant to this litigation, to MGA's ArchiveOne, which has archived the only copy of messages sent during highly relevant time periods.  The Motion is DENIED.

The Clerk shall serve this minute order on all parties to the action.