**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

Case No. CV 04-9049 DOC (RNBx)            Date: November 10, 2010

Title: MATTEL, INC. v. MGA ENTERTAINMENT, INC.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Kathy Peterson | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFFS: ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT            NONE PRESENT

PROCEEDING (IN CHAMBERS): ORDER SUSTAINING OBJECTIONS TO DISCOVERY MASTER'S RULINGS DURING DEPOSITION OF JOSEPH FRANKE [DOCKET 9132]

    Mattel's Objections to the Discovery Master's Rulings During the Deposition of Joseph Franke [Docket 9132] are SUSTAINED. As MGA admits in its briefing, its counsel questioned Mr. Franke about "a document" concerning "MGA's statute of limitations defense." (Opp. at 2.) Though MGA's statute of limitations defense is an issue expressly addressed in the already filed summary judgment motions and therefore subject to the month old October 4, 2010 discovery deadline, MGA argues that its counterclaims-in-reply allege "Mattel's efforts to conceal information concerning MGA's statute of limitations defense." (Opp. at 2.) The Court has thrice rejected MGA's attempt to invoke its "concealment" allegations in a bid to circumvent the discovery cut-off that applies to MGA's statute of limitations defense. (*See* Dkt. 8974 at 7; Dkt. 8985 at 1; *see also* Dkt. 9002.) Indeed, the Court unequivocally restricted MGA from questioning Franke about the suppression of evidence relevant to claims and defenses governed by the October 4 discovery cut-off, noting that: (1) MGA impermissibly intended to use such discovery as a subterfuge through which to re-open discovery into underlying claims and defenses; and (2) MGA had already examined Mattel's 30(b)(6) designee about the alleged concealment. (*See* Dkt. 8985 at 1.)

    MGA's counsel disregarded the Court's restrictions. For example, counsel questioned Franke about whether he "discuss[ed] Carter Bryant during his meeting" with another individual in 2002. (Mot. at 4.) MGA's counsel also asked Franke about whether and when he learned about Bryant's

involvement in the development of the Bratz line of dolls. (*Id.* at 4-5.) This line of questioning clearly ran afoul of the protective order, as the protective order prohibited MGA from questioning Franke about the alleged concealment of evidence relevant to MGA's statute of limitations defense. Even absent that protective order, counsel's line of questioning would have been impermissible, since the vast majority of the questions had nothing to do with "concealment" at all. Most of the questions posed by counsel plainly sought discovery of sole relevance to MGA's statute of limitations defense, thus violating the October 4, 2010 discovery cut-off.

Continued discovery into the issues addressed in the ***pending*** summary judgment motions would, for obvious reasons, interfere with the Court's consideration of those motions. Mattel's Objections are SUSTAINED.

The Clerk shall serve this minute order on all parties to the action.