ANNETTE L. HURST (State Bar No. 148738)
ahurst@orrick.com
WARRINGTON S. PARKER III (State Bar No. 148003)
wparker@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
405 Howard Street, San Francisco, CA 94105
Telephone: 415-773-5700 / Facsimile: 415-773-5759

WILLIAM A. MOLINSKI (State Bar No. 145186)
wmolinski@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA 90017
Telephone: 213-629-2020 / Facsimile: 213-612-2499

THOMAS S. MCCONVILLE (State Bar No. 155905)
tmcconville@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
4 Park Plaza, Suite 1600, Irvine, CA 92614-2258
Telephone: 949-567-6700 / Facsimile: 949-567-6710

Attorneys for MGA Parties

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | Case No. CV 04-9049 DOC (RNBx)<br><br>Consolidated with:<br>Case No. CV 04-9059<br>Case No. CV 05-2727<br><br>Hon. David O. Carter<br><br>**MGA'S NOTICE OF MOTION AND MOTION FOR A PROTECTIVE ORDER RE MATTEL'S NOTICE OF DEPOSITION OF JAMES MALACKOWSKI; AND**<br><br>**[PROPOSED] ORDER**<br><br>Date: TBD<br>Time: TBD<br>Place: Courtroom 9D<br><br>Trial Date: January 11, 2011 |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on a date to be determined by the Court or as soon thereafter as the matter may be heard before The Honorable David O. Carter, located at 411 West Fourth Street, Santa Ana, California, MGA Entertainment, Inc. ("MGA") will, and hereby does, move this Court pursuant to Federal Rule of Civil Procedure 26(c)(1)(A) for a protective order as to Mattel, Inc. ("Mattel")'s Notice of Deposition of James Malackowski, served on November 10, 2010. This motion is made on the grounds that Mattel's deposition notice is intended to harass and impede MGA's damages expert from completing his rebuttal expert report due on December 1; that the deposition notice prejudices MGA's ability to prepare for the imminent summary judgment hearing; that the deposition notice violates the parties' stipulation to jointly schedule all expert depositions in December; that a deposition at this time in particular would impose an undue burden on Mr. Malackowski; and that Mr. Malackowski is not a *fact* witness, the only reason proffered by Mattel for prematurely taking his deposition in violation of the parties' stipulation.

This motion is based upon this notice, the attached Memorandum of Points and Authorities, the Proposed Protective Order filed herewith, and the pleadings and records on file herein, and on such oral argument as may be presented by the parties at the hearing.

**Certification of Compliance**

On November 12, 2010, lead counsel for Mattel and MGA met and conferred telephonically regarding the deposition notice referenced herein.  At that time, one of Mattel's counsel was absent due to sickness.  The parties have been unable to reach resolution.

Dated:      November 14, 2010          ORRICK, HERRINGTON & SUTCLIFFE LLP

By:  _____ */s/ Thomas S. McConville* _____
Thomas S. McConville
Attorneys for MGA Parties

2

**MEMORANDUM OF POINTS AND AUTHORITIES**

**<u>INTRODUCTION</u>**

Mattel is attempting to depose MGA's damages expert, James Malackowski, as a ***fact*** witness despite an agreement before this Court to conduct all expert depositions in December, and a stipulation and order requiring cooperation in the scheduling of all expert depositions, rather than the unilateral selection of dates. This effort is simply a tactical decision by Mattel, employed to harass and distract Mr. Malackowski from responding to Mattel's 3,000 page corrected damages report (served the evening of November 12, 2010) by the December 1st deadline, and to impede MGA in its preparation for the forthcoming summary judgment hearing. A deposition at this time would also impose an undue burden on MGA, as Mr. Malackowski would be prejudiced in his ability to complete his rebuttal expert damages report. To be clear, Mr. Malackowski is not a fact witness, and will provide an expert opinion on the potential damages arising from MGA's claims. His opinion is detailed in his report, served on Mattel on November 1, 2010.

Further, Mattel's request to depose Mr. Malackowski is improper for numerous other reasons. First, it violates the parties' stipulation, *made before the Court and Discovery Master O'Brien*, that all expert depositions would be scheduled for the first two weeks of December. MGA and its experts relied upon Mattel's representation in arranging its schedules around this agreement. Second, the unilaterally noticed date for the deposition violates the Court's Order On Stipulation Re Expert Discovery For Phase 2 which requires cooperation in scheduling expert depositions, not the unilateral selection of dates.[1] Third, the manner in which Mattel involved the Discovery Master, i.e., seeking expedited relief to compel Mr. Malackowki's deposition, violates the Court's clear instructions set forth on October 29 that there would be "***no more ex partes.***" Fourth, even if Mr. Malackowski were a fact witness, which he unequivocally is

---

[1] Dkt. No. 8468, filed on August 6, 2010, ¶ 9.

not, cut-off for fact discovery on MGA's Counterclaims in Reply, was November 1.

In any event, Mr. Malackowski, who resides in Chicago, is unavailable for a deposition on the noticed date.  He has set aside time in December pursuant to the agreement of the parties, but cannot change his schedule on short notice to accommodate Mattel's decision to abrogate the parties' stipulation that depositions would occur during December.[2]  Accordingly, MGA respectfully requests a protective order instructing Mattel to comply with its prior agreement made before this Court that expert depositions occur during the first two weeks in December.

## LEGAL STANDARD

Federal Rule of Civil Procedure 26 provides that "[a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending." Fed. R. Civ. P. 26(c).  A Court may issue a protective order to "protect a party from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1).  Protective orders provide a safeguard for parties and other persons in light of the otherwise broad reach of discovery. Fed. R. Civ. P. 26(c), Advisory Comm. Notes (1970); *United States v. Columbia Broadcasting System, Inc.*, 666 F.2d 364, 368-369 (9th Cir. 1982).

Under Rule 26(b), a Court may limit the frequency and/or extent of discovery if it determines that:

    (i)    the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;

    (ii)   the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or

    (iii)  the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

---

[2] Mattel served its notice of deposition on November 10, setting the deposition date for November 15.  Three business days is not reasonable notice under Fed. R. Civ. P. 30(B)(1).  *See Forstater v. State Farm*, 1992 WL 70402 (E.D.Pa. Mar. 30, 1992); *Lloyd v. Cessna Aircraft Co.*, 430 F. Supp. 25 (E.D. Tenn. 1976).

Fed. R. Civ. P. 26(b)(2)(C)(i)-(iii).  Consistent with Rule 26, courts have granted protective orders to prevent the harassment of expert witnesses.  *See e.g., Hill Holliday Connors Cosmopulos, Inc. v. Greenfield, LLC,* 2010 WL 547179 at *2-3 (D.S.C. Feb. 9, 2010) (issuing protective order for expert deposition, citing to non-moving party's failure to comply with discovery guidelines and reasonable notice).

## ARGUMENT

### A.    PARTIES AGREED BEFORE THE COURT AND THE DISCOVERY MASTER TO JOINTLY SCHEDULE EXPERT DEPOSITIONS FOR DECEMBER.

Mattel's attempt to depose Mr. Malackowski violates the express agreement reached between the parties, *and made before the Court and the Discovery Master*, to conduct all expert depositions in early December.  Indeed, at the October 4 hearing, it was Mattel's counsel who suggested that the parties present a joint schedule for expert depositions to the Discovery Master.

> MR. ZELLER:  If I may make a suggestion on that. What we have been doing in the past with Mr. O'Brien is coming up with a schedule jointly and sharing it with him and jointly, of course, among the parties and then working with Mr. O'Brien.

10/4/10 Hearing Tr. at 57:15-58:15.

At the hearing on October 6, both parties acknowledged their obligation to jointly come up with a schedule for expert depositions.

> MR. ZELLER:  Where it was the further discussion yesterday with Mr. O'Brien is that the parties are compiling their lists and we will provide a joint schedule to the Discovery Master for his, you know, review, inputs, comments, whatever one wants to call it.

10/6/10 Hearing Tr. at 31:19-32:12.

***Thereafter, the parties (with the Court and Discovery Master present but off the record) agreed that all expert depositions would take place during the first two weeks in December, after the service of rebuttal expert reports.***  Indeed, MGA's counsel and its experts relied upon this agreement, and arranged their

1 respective work schedules around this agreement.

2       Instead of complying with the agreement, however, Mattel demanded Mr.

3 Malackowski's deposition on November 9, then served its notice on November 10.

4 To make matters worse, on November 12, Mattel served its *3,000 page* "corrected"

5 expert damages report.  There are eighteen days in between the service of Mattel's

6 corrected expert damages report and the December 1 deadline for responsive

7 reports.  It would take at least one day to prepare for Mr. Malackowski's deposition,

8 another day to attend, and two days to travel to and from the deposition.  Even if it

9 wanted to, it is too late now for MGA to hire another expert to rebut Mattel's

10 damages report, if Mattel is allowed to tie up Mr. Malackowski for a week.  As

11 such, a deposition at this time would disrupt Mr. Malackowski's work and

12 prejudice MGA's ability to respond to Mattel's own expert damages report.

13       This type of abusive discovery tactic, specifically designed to harass an

14 opposing party's expert, is not new to Mattel.  In *Mattel, Inc. v. Walking Mountain*

15 *Productions*, 353 F.3d 792, 813-814 (9th Cir. 2003), Mattel, represented by the

16 same counsel as here, succeeded in intimidating its opponent's expert, the curator

17 of the Guggenheim Museum in New York, into withdrawing as a witness, by

18 serving an overly broad and burdensome subpoena on the expert's *employer*.  *Id.*

19 When Mattel tried the same tactic again with another expert, this time a curator of

20 the San Francisco Museum of Modern Art, a federal district court quashed the

21 subpoena and imposed monetary sanctions on Mattel.  *Id.*  On appeal, the Ninth

22 Circuit upheld the award of sanctions against Mattel's counsel, and noted:

23              Thus, the court found that "a pattern is clear in this case
24       that [Mattel's counsel] files these *oppressive* subpoena
         requests against the employer of anyone who dares to
25       submit a declaration even when it's clear that the
         declaration says the employer is not speaking for the
26       party." The court concluded that the Subpoena was
         "served for the purpose of annoying and harassment and
27       not really for the purpose of getting information."

28

1    *Id.* (emphasis in original).

2         Such is the case here.  To permit this deposition to proceed would impose an

3    undue burden upon Mr. Malackowski, and would also prejudice MGA by impeding

4    its ability to prepare for the upcoming summary judgment hearing.  In any event,

5    based on the parties' prior agreement concerning when expert depositions would

6    occur, Mr. Malackowski is not available on November 15, 2010.

7    **B.     EACH SIDE HAS SUBMITTED MOTIONS FOR SUMMARY
8            JUDGMENT WITHOUT CONDUCTING DEPOSITIONS OF
             EXPERTS.**

9         Mattel complains that it needs Mr. Malackowski's fact testimony for its

10   motion for summary judgment on MGA's Counterclaims in Reply.  As the Court

11   will recall, the first round of motions for summary judgment by the parties were

12   filed on October 12, and oppositions filed on October 29.  Expert declarations were

13   filed in support of those papers by both sides.  These motions came before a single

14   expert report was even served.  Mattel cannot claim it now needs, not only the

15   expert report (served on November 1), but also expert deposition testimony to

16   meaningfully move for summary judgment on MGA's Counterclaims in Reply.

17   Any claim of prejudice by Mattel is belied by the record.

18        Rather, the party prejudiced by Mattel's decision to once again set its own

19   rules is MGA.  Instead of preparing for summary judgment hearings in this case,

20   MGA now has to (1) move for a protective order because Mattel violated its prior

21   agreement regarding experts, and (2) if the Court were to accommodate Mattel's

22   unilateral decision to set depositions, prepare for and defend a deposition.  Taking

23   MGA away from its preparation for the summary judgment hearing, summary

24   judgment filings on MGA's Counterclaims in Reply, expert rebuttal reports, and

25   trial severely prejudices MGA.

26        Further, as it did in opposing MGA's motion for summary judgment, Mattel

27   can prepare and submit expert evidence to rebut any concerns it has with the expert

28   report of Mr. Malackowski.  *See, e.g., Declaration of Michael J. Wagner in Support*

*of Mattel's Opposition to Defendant's Partial Motion For Summary Judgment*, Dkt. No. 9211, served on October 29, 2010.  Mattel served upon MGA the reports of **twenty** separate experts on November 1, 2010, several of which cover overlapping subject matter.  Setting aside the fact that twenty expert reports violates the Court's admonition to limit the number of experts (and imposes an undue burden on MGA), Mattel has the ability, with its army of experts, to challenge whatever conclusions Mr. Malackowski has reached.

## C.   THE COURT HAS CLEARLY STATED:  NO MORE *EX PARTES.*

On October 29, 2010, in an off-the-record session, the Court stated: no more *ex partes*.  The Court said that any additional disputes must be brought by way of noticed motions.  Rather than abide by that directive, Mattel enlisted the Discovery Master to facilitate, in effect, an *ex parte* application to compel Mr. Malackowski's deposition on November 15, 2010.  Again, this is Mattel setting its own rules, and demanding that all others abide by its demands.

Mattel has violated:  (1) the Court's order regarding *ex partes*; (2) its agreement, reached with MGA, where both the Discovery Master and the Court were present, that expert depositions would occur in December; (3) the Court's admonition that the parties (and the Court) should focus its efforts on the summary judgment hearings and trial preparation (Dkt. No. 9258); and (4) the Court's admonitions to limit the use of experts (by designating twenty experts, many of which covering the same topic).  MGA should not be the only party to this litigation that abides by the Court's rulings, including directions made by the Court off-the-record.  This is yet another reason that a protective order should issue, and the parties should schedule the expert depositions in December, as previously agreed.[3]

---

[3] If the Court requires Mr. Malackowski to submit to a deposition prior to the dates in December to which the parties previously agreed, then MGA requests that Mattel be given only one session with Mr. Malackowski, and that he not be subjected to multiple dates, including any date after he submits his rebuttal report, which will be served on December 1, 2010.

### D.   MR. MALACKOWSKI IS A DAMAGES EXPERT, NOT A FACT WITNESS.

The primary reason Mattel provides for demanding Mr. Malackowski's deposition in violation of the parties' stipulation, is that it needs Mr. Malackowski's fact testimony in support of its motion for summary judgment on MGA's Counterclaims in Reply.  To be clear, Mr. Malackowski is an expert retained by the MGA Parties to provide an opinion on the potential damages arising from MGA's affirmative claims, counterclaims in reply, and setoff defense.  Once a witness has been designated as an expert under Rule 26, he or she is subject to being deposed as an expert.  *Compagnie Des Bauxites de Guinee v. Three Rivers Insurance Co.,* 2007 WL 403915 at *3 (W.D. Pa. Feb. 1, 2007).  Mr. Malackowski is not a fact witness, and has no knowledge of any facts in this case independent of documents that have already been produced, deposition and hearing transcripts, discovery responses, and documents that have otherwise been fully disclosed in his expert report.  This point could not be any clearer as evidenced from the below excerpts:

> For each element of damages addressed in this report, I have ***assumed*** that there will be a finding that Mattel is liable with regard to at least that claim.  That assumption is made exclusively for the purpose of calculating potential damages in this matter and in no way represents a legal or factual conclusion by me in that regard.

Corrected Expert Report of James E. Malackowski ("Malackowski Expert Report"), served November 5, 2010, at 13.  Again, the following excerpt makes it abundantly clear that, for the purpose of his analysis, Mr. Malackowski assumes liability, i.e., the fact of damages:

> Ocean Tomo was retained by counsel for MGA Entertainment, Inc. ("MGA") to analyze certain accounting, financial, marketing, and other business data in order to identify the range of compensation that would be appropriate for MGA to receive ***in the event that liability is found against Mattel, Inc. ("Mattel")*** for one or more legal claims.

Malackowski Expert Report at 8.  Just as Mattel's expert did, Mr. Malackowski reviewed produced documents, deposition transcripts, and discovery responses, to

1   calculate the potential damages arising from MGA's claims and defenses.  The

2   documents reviewed by Mr. Malackowski, many of which are documents produced

3   by Mattel, are fully disclosed in Exhibit 2 of his report.  Mattel simply has no

4   grounds to prematurely seek the expert deposition of Mr. Malackowski.

5       **E.   SIMILARLY, MATTEL'S OTHER JUSTIFICATIONS FOR THE PREMATURE DEPOSITION ARE UNAVAILING.**

6       Mattel further concocts a justification for Mr. Malackowski's deposition

7   based on the testimony of MGA's 30(b)(6) witness, Dennis Jolicoeur.  This strained

8   argument is equally unavailing.  First, Mattel contends that it learned of the need to

9   depose Mr. Malackowski to support its summary judgment motion because of

10  deposition testimony provided by Mr. Jolicoeur on November 10, 2010.  This

11  position is demonstrably false, as Mattel first requested Mr. Malackowski's

12  deposition on November 9, 2010—one day before Mr. Jolicoeur's deposition

13  occurred.  Mattel is simply using the 30(b)(6) testimony as pretext for what it truly

14  wants:  to disrupt, burden, prejudice and harass Mr. Malackowski and MGA during

15  this critical time period.

16      Second, Mattel's argument that MGA's 30(b)(6) designee was "relying on"

17  Mr. Malackowski's expert opinion for *fact* of RICO damages is likewise false.  At

18  his deposition, Mr. Jolicoeur testified at length about his knowledge of facts

19  demonstrating MGA's injuries due to Mattel's misconduct, *independent of Mr.*

20  *Malackowski's report.*  Mr. Jolicoeur's reference to Mr. Malackowski's report was

21  to the underlying facts and information summarized therein, and which formed the

22  basis for Mr. Malackowski's opinion.  Any argument to the contrary is specious, at

23  best.  To be clear, Mr. Malackowski's report *quantifies* damages arising from its

24  claims and defenses, and in so doing, ***assumes liability***.[4]  Mr. Malackowski is not

25

26  ───────────────

[4] Mattel's suggestion that MGA somehow enter into a stipulation to avoid producing Mr. Malackowski would only encourage Mattel to continue to violate agreements and Court orders, and MGA will not do that.  No doubt, if Mattel is successful with its efforts to depose Mr. Malackowski in violation of its prior agreements, Mattel will then begin to issue unilateral deposition notices for MGA's remaining experts.  To be clear, MGA is not objecting to the deposition of Mr.

27

28

now and has never been identified as a fact witness for MGA.  Accordingly, MGA respectfully submits that Mattel's request for an expedited and premature deposition of Mr. Malackowski is improper and should be denied.

### CONCLUSION

For the foregoing reasons, MGA respectfully requests that the Court grant MGA's Motion for a Protective Order regarding Mattel, Inc.'s Notice of Deposition of James Malackowski.

Respectfully submitted

Dated:   November  14, 2010       ORRICK, HERRINGTON & SUTCLIFFE LLP

By:  _____ */s/ Thomas S. McConville* _____
                    Thomas S. McConville
                    Attorneys for MGA Parties

Malackowski; it is objecting to Mattel's efforts to violate its prior agreement that the witness be produced in December.

MGA's Motion for a Protective Order re Mattel's
Notice of Deposition of James Malackowski
CV-04-9049 DOC (RNBX)