QUINN EMANUEL URQUHART & SULLIVAN, LLP
  John B. Quinn (Bar No. 090378)
  (johnquinn@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc., and Mattel de Mexico, S.A. de C.V.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation,<br><br>                    Plaintiff,<br><br>          vs.<br><br>MGA ENTERTAINMENT, INC., a California corporation, et al.,<br><br>                    Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 DOC (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br><u>Hon. David O. Carter</u><br><br>**MATTEL, INC.'S RESPONSE TO THE COURT'S NOVEMBER 12, 2010 ORDER TO SHOW CAUSE**<br><br>Hearing Date:   TBD<br>Time:           TBD<br>Place:          Courtroom 9D<br><br>Discovery Cut-off:   October 4, 2010<br>Pre-trial Conf:      January 4, 2011<br>Trial Date:          January 11, 2011 |

Mattel, Inc. ("Mattel") respectfully responds as follows to the Court's November 12, 2010 Order to Show Cause:

During her deposition on October 28, 2010, MGA Vice President Lisa Saunders testified that MGA's shared network drives contain certain documents that are directly responsive to discovery requests regarding MGA's Counterclaims-in-Reply, propounded by Mattel on August 25, 2010. Specifically, Ms. Saunders testified about the existence of toy fair master calendars evidencing third party access to MGA's showrooms,[1] responsive to RFP Nos. 13, 18;[2] power point presentations to retailers providing the reasons or factors contributing to the improvement or decline in relevant product sales,[3] responsive to RFP Nos. 85, 88, 89, 92;[4] and sell sheets, price lists, and price list updates regarding the 114 products that are the subject of MGA's trade secret misappropriation claim,[5] responsive to RFP Nos. 33, 38.[6]

---

[1] See Saunders Depo Tr. at 44:6- 45:20.

[2] REQUEST FOR PRODUCTION NO. 13 ("All DOCUMENTS identifying the PERSONS who entered or viewed YOUR showroom or display at any toy fair occurring between 1992 and the present, including but not limited to all business cards, sign-in sheets, forms, records or information received or collected at any such toy fair."); REQUEST FOR PRODUCTION NO. 18 ("All DOCUMENTS offered to or given to or available to any PERSON who entered YOUR showroom or viewed YOUR display at any toy fair between 1992 and the present, including but not limited to catalogs, price lists, photos, drawings, PRODUCTS, samples, press kits, CDs, DVDs, term sheets, shipping information, and advertising, marketing or promotional information.");

[3] See Saunders Depo Tr. at 136:20- 144:2.

[4] REQUEST FOR PRODUCTION NO. 85 ("All DOCUMENTS that analyze, discuss or refer to any change in market share of any UNRELEASED PRODUCT sold by YOU or YOUR licensees from 1992 to the present including, without limitation, the reasons for any such change in market share."); REQUEST FOR PRODUCTION NO. 88 ("All DOCUMENTS REFERRING OR RELATING TO the commercial success or recognition of the UNRELEASED PRODUCTS, including, without limitation, MARKET RESEARCH."); REQUEST FOR PRODUCTION NO. 89 ("All DOCUMENTS REFERRING OR RELATING TO harm to MGA caused by MATTEL's alleged misappropriation of ALLEGED TRADE SECRET MATERIALS."); REQUEST FOR PRODUCTION NO. 92 ("All DOCUMENTS that YOU may use at trial to establish damages for YOUR counterclaims in YOUR REPLY TO THE FOURTH AMENDED ANSWER.")

[5] See Saunders Depo Tr. at 71:9-21.

[6] REQUEST FOR PRODUCTION NO. 3 ("All DOCUMENTS REFERRING OR RELATING TO the theme, appearance, operation, intended play pattern or packaging
(footnote continued)

These documents were clearly encompassed in the RFPs that related to MGA's counterclaims served on August 25, 2010 and that Mattel had previously repeatedly met and conferred with MGA on. Lead counsel first met and conferred on these requests on September 22, 2010, before Mattel moved to compel on those requests. See Dkt. No. 8775. Lead counsel also conducted an in-person meet and confer regarding MGA's production prior to a hearing the on October 6, 2010, the results of which were reflected in part in a stipulation filed with the Court. Dkt. No. 8921.

Thus, the Saunders deposition merely confirmed deficiencies in MGA's production to RFPs for which lead counsel had already met and conferred more than once.[7] Moreover, promptly after the deposition on October 28, 2010, Mattel's lead counsel again pointed out to MGA's counsel that these documents were relevant to MGA's counterclaims and that Mattel expected MGA to confirm their production.[8] MGA never responded to Mattel's email. Neither did MGA ever respond to emails regarding a meet and confer call scheduled – at MGA's request – for November 1, 2010 to discuss various outstanding discovery issues on the eve of the discovery cutoff.[9]

Last, even if the Court were to conclude that Mattel did not adequately meet and confer on the documents identified in the Saunders deposition, the equities in this case weigh in favor of declining to sanction Mattel and compelling the documents'

---

of any UNRELEASED PRODUCTS that YOU contend were misappropriated, copied or otherwise used by MATTEL, before that theme, appearance, operation, intended play pattern or packaging was PUBLICLY DISCLOSED."); REQUEST FOR PRODUCTION NO. 38 ("All UNRELEASED PRODUCT INFORMATION, including but not limited to any product catalogs, sell sheets or product information sheets that REFER OR RELATE TO the UNRELEASED PRODUCTS.");

[7] This situation is very different from the circumstances under which MGA was sanctioned for failure to meet and confer regarding its four August 10, 2010 motions. See Dkt. No. 8751. There, MGA's counsel admitted that he "did not hold a lead counsel meet and confer, though it was not through lack of effort. We thought a lead counsel meet and confer would take place on August 9, 2010, but it did not." Dkt. No. 8759 at ¶10.

[8] See M. Zeller email to A. Hurst and T. McConville, dated October 28, 2010.

[9] See S. Watson email to A. Hurst dated 10/31/10 (responding to MGA's request for call, proposing a time for the call and asking for call-in information).

production. Mattel had discussed the same RFPs with MGA before and, on Thursday, October 28, 2010, only three days before discovery closed, received confirmation from Saunders that such unproduced documents indeed did exist. Mattel thus was faced with a looming discovery cutoff. Mattel also specifically sought MGA's response to confirm what should have been obvious to MGA: that these documents would be produced. Yet, MGA did not do so. MGA's lead counsel also did not make themselves available for further discussions, including for a call it had itself requested on October 31, 2010. Mattel respectfully submits that its counsel should not be sanctioned in light of these circumstances.

DATED: November 15, 2010         QUINN EMANUEL URQUHART & SULLIVAN. LLP

            By /s/ Michael T. Zeller
               Michael T. Zeller
               Attorneys for Mattel, Inc., and Mattel de Mexico. S.A. de C.V.