QUINN EMANUEL URQUHART & SULLIVAN, LLP
  John B. Quinn (Bar No. 090378)
  (johnquinn@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:  (213) 443-3000
Facsimile:  (213) 443-3100

Attorneys for Mattel, Inc. and Mattel de Mexico, S.A. de C.V.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation, et al.,<br><br>Plaintiff,<br><br>vs.<br><br>MGA ENTERTAINMENT, INC., a California corporation, et al.,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 DOC (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br><u>Hon. David O. Carter</u><br><br>MATTEL, INC.'S SUR-REPLY IN OPPOSITION TO DEFENDANT-IN-INTERVENTION MGA ENTERTAINMENT, INC.'S MOTION TO CONFIRM DISMISSAL OF THE 04-9059 ACTION<br><br>Hearing Date: November 16, 2010<br>Time:             1:30 pm<br>Place:            Courtroom 9D<br><br>Discovery Cut-off:   October 4, 2010<br>Pre-trial Conf:         January 4, 2011<br>Trial Date:              January 11, 2011 |

00505.07975/3777498.5

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................................... 1

ANALYSIS..................................................................................................................... 1

I. MATTEL'S CLAIMS IN THE 04-9059 CASE AND COUNTERCLAIMS IN THE 05-2727 CASE SHOULD BE TRIED IN THE SAME TRIAL ............................................................................................... 1

    A. Judge Larson Consolidated The 04-9059 And 05-2727 Cases For All Purposes—Including Trial—Because They Involve Common Questions Of Law And Fact .................................................................. 1

    B. MGA's Arguments Regarding The Status Of The 04-9059 Case Are Meritless ............................................................................................ 6

II. JUDGE LARSON'S RELATION BACK RULING IS PROPER ..................... 8

    A. Mattel's Bratz-Related State Law Claims In The 05-2727 Case Are Based On The Same Set Of Facts As Mattel's Original Pleading In The 04-9059 Case .................................................................. 8

    B. Judge Larson Properly Held That Mattel's Bratz-Related Counterclaims In The 05-2727 Case Relate Back To The Original Pleading In The 04-9059 Case .................................................................. 9

III. ALTERNATIVELY, THE COURT SHOULD AMEND THE JANUARY 11, 2007 ORDER *NUNC PRO TUNC* TO ALLOW MATTEL TO AMEND ITS COMPLAINT IN THE 04-9059 CASE ........... 13

CONCLUSION............................................................................................................ 15

00505.07975/3777498.5

-i-

MATTEL'S SUR-REPLY IN OPPOSITION TO DEFENDANT-IN-INTERVENTION MGA ENTERTAINMENT, INC.'S MOTION TO CONFIRM DISMISSAL OF 04-9059 ACTION

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

In re Adams Apple, Inc.,
  829 F.2d 1484 (9th Cir. 1987) ..................................................................... 2, 3

Bailey v. Northern Ind. Pub. Serv. Co.,
  910 F.2d 406 (7th Cir. 1990) .......................................................................... 11

Dist. of Columbia v. Merit Sys. Prot. Bd.,
  762 F.2d 129 (D.C. Cir. 1985) ..................................................................... 4, 7

Guar. Trust Co. v. York,
  326 U.S. 99 (1945) ......................................................................................... 14

Henry v. Vineland Irrigation Dist.,
  140 Cal. 376 (1903) ......................................................................................... 7

Investors Research Co. v. U.S. Dist. Court for Cent. Dist. of Cal.,
  877 F.2d 777 (9th Cir. 1989) ........................................................................... 2

Johnson v. Manhattan Ry. Co.,
  289 U.S. 479 (1933) ] .................................................................................... 12

Jones & Guerrero Co., Inc. v. Sealift Pac.,
  650 F.2d 1072 (9th Cir. 1981) ....................................................................... 13

Mac's Shell Service, Inc. v. Shell Oil Products Co. LLC,
  130 S.Ct. 1251 (2010) ...................................................................................... 1

Marcoux v. Shell Oil Products Co. LLC,
  524 F.3d 33 (1st Cir. 2008) ....................................................... 1, 9, 10, 11, 12, 13

Martin v. Henley,
  452 F.2d 295 (9th Cir. 1971) ......................................................................... 13

Norgart v. Upjohn Co.,
  21 Cal. 4th 383 (1999) ..................................................................................... 8

Olympic Sports Prods., Inc. v. Universal Athletic Sales Co.,
  760 F.2d 910 (9th Cir. 1985) ......................................................................... 14

Pan Am. World Airways, Inc. v. U.S. Dist. Court for Cent. Dist. of Cal.,
  523 F.2d 1073 (9th Cir. 1975) ......................................................................... 2

Roberts v. Heim,
  1989 WL 80403 (N.D. Cal. March 22, 1989) ................................................. 2

00505.07975/3777498.5

-ii-
MATTEL'S SUR-REPLY IN OPPOSITION TO DEFENDANT-IN-INTERVENTION MGA ENTERTAINMENT, INC.'S MOTION TO CONFIRM DISMISSAL OF 04-9059 ACTION

Roden v. Empire Printing Co.,
    135 F. Supp. 665 (D. Alaska 1955) ........................................................... 12

Schnabel v. Lui,
    302 F.3d 1023 (9th Cir. 2002) .................................................................. 12

Schneider v. Dumbarton Developers, Inc.,
    767 F.2d 1007 (D.C. Cir. 1985) .............................................................. 4, 7

Sidney v. Superior Court,
    198 Cal. App. 3d 710 (1988) .................................................................... 13

Spanierman Gallery v. Merritt,
    2004 WL 1781006 (S.D.N.Y. August 10, 2004) ...................................... 14

Townsend v. Driver,
    5 Cal. App. 581 (1907) ........................................................................... 7, 8

Trejo v. Village of Itasca,
    2004 WL 2608285 (N.D. Ill. Nov. 16, 2004) .............................. 9, 11, 13

U.S. v. State of Oregon,
    657 F.2d 1009 (9th Cir. 1981) ................................................................ 4, 5

U.S. v. Sumner,
    226 F.3d 1005 (9th Cir. 2000) .................................................................. 13

**Statutes**

Fed. R. Civ. P. 24(a) ........................................................................................ 6

Fed. R. Civ. P. 24(a)(2) ................................................................................ 4, 7

Fed. R. Civ. P. 42(a)(1) .................................................................................... 2

Fed. R. Civ. P. 60(a) ...................................................................................... 13

00505.07975/3777498.5

-iii-

MATTEL'S SUR-REPLY IN OPPOSITION TO DEFENDANT-IN-INTERVENTION MGA ENTERTAINMENT, INC.'S MOTION TO CONFIRM DISMISSAL OF 04-9059 ACTION

**Preliminary Statement**

Mattel respectfully submits this sur-reply pursuant to the Court's November 3, 2010 Order. Dkt. No. 9133. In response to the questions posed in that Order: *First*, Mattel's claims against MGA in the 04-9059 case should not be tried separately from Mattel's counterclaims in the 05-2727 case. Both cases were consolidated for all purposes under Rule 42(a) because they involve common questions of law and fact. Separate trial of the claims would be expensive, duplicative, waste scarce judicial resources, and raise the possibility of inconsistent verdicts. *Second*, the First Circuit recently held in Marcoux v. Shell Oil Products Co. LLC, 524 F.3d 33, 38 (1st Cir. 2008), aff'd in part and rev'd in part on other grounds, Mac's Shell Service, Inc. v. Shell Oil Products Co. LLC, 130 S.Ct. 1251 (2010), that claims in a second case properly may relate back to a pleading in an earlier separate case if the district court so states, as the Court has here. *Third*, even if this Court declines to follow Marcoux, it should nonetheless amend the January 11, 2007 Order *nunc pro tunc* to allow Mattel to amend its Complaint in the 04-9059 case and thus effectuate Judge Larson's ruling that all Bratz-related state law claims relate back to the 04-9059 Complaint. It would be fundamentally unfair to rule that Mattel, which relied in good faith on Judge Larson's instructions regarding how to assert its new claims, is now potentially time-barred from asserting claims based on facts it pleaded in April 2004.

**Analysis**

**I.   MATTEL'S CLAIMS IN THE 04-9059 CASE AND COUNTERCLAIMS IN THE 05-2727 CASE SHOULD BE TRIED IN THE SAME TRIAL**

**A.   Judge Larson Consolidated The 04-9059 And 05-2727 Cases For All Purposes—Including Trial—Because They Involve Common Questions Of Law And Fact**

All of Mattel's claims should be tried at the same time.

Judge Larson consolidated the 04-9059 and 05-2727 cases "for all purposes" on July 19, 2006. Dkt. No. 46 at 1. There is no reason why Mattel's 04-9059 claims against MGA "must" or should be tried separately. Dkt. No. 9133 at 1. "The district court has

00505.07975/3777498.5

-1-
MATTEL'S SUR-REPLY IN OPPOSITION TO DEFENDANT-IN-INTERVENTION MGA ENTERTAINMENT,
INC.'S MOTION TO CONFIRM DISMISSAL OF 04-9059 ACTION

broad discretion under [Rule 42(a)] to consolidate cases pending in the same district." Investors Research Co. v. U.S. Dist. Court for Cent. Dist. of Cal., 877 F.2d 777, 777 (9th Cir. 1989). That discretion is conferred by Rule 42(a)(1), which states that, "[i]f actions before the court involve a common question of law or fact, the court may join for hearing or trial any or all matters at issue in the actions." Fed. R. Civ. P. 42(a)(1); see also Pan Am. World Airways, Inc. v. U.S. Dist. Court for Cent. Dist. of Cal., 523 F.2d 1073, 1080-81 (9th Cir. 1975). Courts will order consolidation if separate trials of related claims would be expensive, duplicative, waste scarce judicial resources, or raise the possibility of inconsistent verdicts. See Roberts v. Heim, 1989 WL 80403, at *1 (N.D. Cal. March 22, 1989) ("In exercising its broad discretion to order consolidation of actions under Rule 42(a), a court must balance the saving of time and effort consolidation would produce against any inconvenience, delay, confusion, or prejudice resulting from consolidation.").

On May 16, 2006, Judge Larson *sua sponte* ordered the parties to show cause why the 05-2727 case "should not be consolidated for all purposes with the two related actions: Bryant v. Mattel, Inc., CV 04-09049 (SGL) (RNBx); Mattel, Inc. v. Bryant, CV 04-09059 (SGL) (RNBx)." Dkt. No. 38 at 1; see also In re Adams Apple, Inc., 829 F.2d 1484, 1487 (9th Cir. 1987) ("trial courts may consolidate cases *sua sponte*"). "Because the Court [] determined that that these actions involve a number of common issues of law and fact, the Court order[ed] that these three cases be consolidated for all purposes" on June 19, 2006. Dkt. No. 46 at 1. MGA "support[ed] consolidation" of the 04-9059 and 05-2727 cases even before Mattel asserted its counterclaims on November 20, 2006, stating that "[a]ll three cases are factually centered on 'Bratz'" and "[c]onsolidation will promote judicial economy, save time, effort, money and resources, prevent redundancy and expedite resolution," and "any risk of inconsistent rulings would be eliminated." Dkt. No. 221 at 1-2 (04-9059). MGA argued that "these actions involve common issues of fact and overlapping issues of law" because "[m]any of the same persons will be witnesses in all three cases, and there will be considerable overlap in discoverable

documents and other evidence." Id. at 2. MGA stated there were "no countervailing reasons not to consolidate." Id. at 6.

After consolidating the three cases, the Court dismissed the 04-9049 case a month later on July 18, 2006. Dkt. No. 63 at 17. In that case, Bryant claimed a reasonable apprehension that Mattel would sue him for copyright infringement of Toon Teens. Id. at 2. Based on Mattel's representation that it "will not maintain that Bratz infringes the copyright in Toon Teens," the Court dismissed Bryant's declaratory relief claim because he "no longer has a reasonable apprehension that he will be subject to liability" on that copyright infringement claim. Id. at 2-4. Despite that dismissal, MGA continues to make the baseless argument that Mattel's purported knowledge of the facts underlying a putative Toon Teens infringement claim triggered the limitations period for the different copyright claim Mattel did bring for infringement of Bratz works that Bryant created during his Mattel employment.

After the 04-9049 case was dismissed, the 04-9059 and 05-2727 cases remained consolidated. While Judge Larson would later enter an order bifurcating the parties' various claims for trial, the Court has since vacated that order. Dkt. No. 8470 at 1. Accordingly, as of today, the claims in both cases remain consolidated for all purposes, including for trial, and properly so. Mattel's claims in the 04-9059 case involve a multitude of common issues of law and fact with Mattel's counterclaims in the 05-2727 case such that consolidation for trial is proper.

Most fundamentally, both the 04-9059 case and Mattel's counterclaims in the 05-2727 case put at issue the rights to Bratz. Mattel asserts a declaratory relief claim in the 05-2727 case that seeks "a declaration of the Court that Counter-defendants have no valid or protectable ownership rights or interests in Bratz, and that Mattel is the true owner of the same," and that "any and all agreements" between Bryant and MGA purporting to assign ownership rights in Bratz is "void and of no effect." Dkt. No. 7714 at ¶¶ 240, 241. In its December 2004 answer-in-intervention to Mattel's 2004 Complaint, MGA stated that "[t]his copyright action necessarily implicates MGA's

rights, as MGA owns all intellectual property rights in 'Bratz.'" Dkt. No. 37 at 1 (Case No. 04-09059). In its January 11, 2007 Order, the Court recognized that "the ownership rights to the Bratz dolls" is the "crown jewel" of the 04-9059 case. Dkt. No. 142 at 20.

Moreover, Mattel has a number of overlapping claims pending in each case. MGA's intervention as a defendant in the 04-9059 case made Mattel's claims and allegations in that case operative as to MGA. See U.S. v. State of Oregon, 657 F.2d 1009, 1014 (9th Cir. 1981) ("intervenors under Fed. R. Civ. P. 24(a)(2) . . . enter the suit with the status of original parties"); Schneider v. Dumbarton Developers, Inc., 767 F.2d 1007, 1017 (D.C. Cir. 1985) ("As an intervenor, 2106 subjected itself to the plaintiff's claims against the defendant, notwithstanding plaintiff's failure to amend his complaint to include reference to 2106."); Dist. of Columbia v. Merit Sys. Prot. Bd., 762 F.2d 129, 132 (D.C. Cir. 1985) ("The 'price' of such intervention, we believe, is the possibility that the plaintiff will be able to obtain relief against the intervenor-defendant even if the original defendant is eliminated from the lawsuit."). MGA intervened in the 04-9059 case as of right "with full awareness of the nature of [Mattel's] claims" against Bryant and the "Doe" defendants, so the fact that MGA was not expressly named as a defendant in the 04-9059 case is irrelevant. Schneider, 767 F.2d at 1017.

Thus, under the terms of the intervention and in light of the allegations Mattel made, the 04-9059 case includes pending claims against intervenor-defendant MGA that remain to be adjudicated, including claims for interference with Bryant's contract, aiding and abetting Bryant's breach of fiduciary duty, aiding and abetting Bryant's breach of the duty of loyalty, and conversion:

- In paragraph 4 of Mattel's 2004 Complaint, Mattel alleges that "at all times relevant herein, defendants, and each of them, were acting in concert and active participation with each other in committing the wrongful acts alleged herein . . . ."

- In paragraph 14, Mattel alleges that "Bryant breached his contracts with Mattel and violated his duties of loyalty and fiduciary duties to Mattel; the other defendants have unlawfully aided and abetted his violation of such duties; and each of the defendants has been unjustly enriched and engaged in acts of conversion."

00505.07975/3777498.5

-4-

MATTEL'S SUR-REPLY IN OPPOSITION TO DEFENDANT-IN-INTERVENTION MGA ENTERTAINMENT, INC.'S MOTION TO CONFIRM DISMISSAL OF 04-9059 ACTION

- In paragraph 18, Mattel alleges that "Bryant materially breached the foregoing contracts with Mattel, in that, among other things, he secretly aided, assisted, and worked for a Mattel competitor during his employment with Mattel . . . ."

- In paragraph 23, Mattel alleges that "Bryant breach his fiduciary duty to Mattel in that, while employed by Mattel, he secretly aided, assisted and worked for a competitor of Mattel, including without limitation by entering into an agreement with a Mattel competitor."

- In paragraph 24, Mattel alleges that "[t]he other defendants, acting with full knowledge of Bryant's obligations to Mattel, aided and abetted Bryant in such conduct."

- In paragraph 30, Mattel alleges that "Bryant breached his duty of loyalty to Mattel in that, while employed by Mattel, he secretly aided, assisted and worked for a competitor of Mattel, including without limitation by entering into an agreement with a Mattel competitor."

- In paragraph 31, Mattel alleges that "[t]he other defendants, acting with full knowledge of Bryant's obligations to Mattel, aided and abetted Bryant in such conduct."

- In paragraph 41, Mattel alleges that Bryant "purported to grant rights to such inventions" "to a competitor during the time of his exclusive Mattel employment" when the "designs" and "intellectual property and intangible property created by Bryant" "were the property of Mattel."

- In paragraph 42, Mattel alleges that "Defendants wrongfully converted Mattel property and resources by asserting ownership thereto and by appropriating and using Mattel's property and resources for their own benefit and gain . . . without the permission of Mattel."

- In the prayer, Mattel requests that the Court "[o]rder defendants to disgorge to Mattel all payments, revenue, profits, monies, royalties and any other benefits derived or obtained by defendants as a result of the conduct described herein."

MGA's December 2004 Answer-in-Intervention denied all of these allegations and asserted a litany of affirmative defenses that are the subject of the current cross-motions for summary judgment. Dkt. No. 37 (04-09059). MGA hyperbolically complains that Mattel "manipulated the posture of this case" and "played every procedural game in the book" (Dkt. No. 9121 at 1, 6), but it is MGA that intervened as of right and participated fully in the 04-9059 case for two years before it was a named defendant. MGA is playing games by seeking the benefits of intervention but not accepting the burden of full adjudication of the issues raised by its Answer-in-Intervention. State of Oregon, 657 F.2d at 1014 (intervention renders party "vulnerable to complete adjudication . . . of the issues in litigation between the intervener [sic] and the adverse party").

00505.07975/3777498.5

-5-
MATTEL'S SUR-REPLY IN OPPOSITION TO DEFENDANT-IN-INTERVENTION MGA ENTERTAINMENT, INC.'S MOTION TO CONFIRM DISMISSAL OF 04-9059 ACTION

Mattel's Counterclaims in the 05-2727 case involve common issues of law and fact because Mattel asserts Bratz-related claims that are either identical or similar to the claims against MGA in the 04-9059 case. Mattel's January 2007 counterclaims substituted MGA, MGA Hong Hong, and Larian as "Doe" defendants in Mattel's April 2004 Complaint. Dkt. No. 143 at ¶¶ 8-15. Those counterclaims included the same claims for breach of contract, breach of fiduciary duty, breach of the duty of loyalty, and conversion that were asserted against Bryant in the April 2004 Complaint. Id. at ¶¶ 119, 131, 144, 156. They included the same claims for intentional interference with a contract, aiding and abetting breach of fiduciary duty, aiding and abetting breach of the duty of loyalty, and conversion against intervenor-defendant MGA, and they included identical claims against "Doe" defendants MGA Hong Kong and Larian. Id. at ¶¶ 124, 139, 152, 156. In addition to re-alleging the state law claims previously asserted in the April 2004 Complaint, Mattel asserted copyright, trade secret, and RICO claims based on Bryant's theft of Bratz. Id. at ¶¶ 82-87, 88-105, 106-115. In its opposition to Mattel's motion for leave to amend, MGA conceded that Mattel's claims were either identical to the ones in the April 2004 Complaint or based on the same set of facts. Dkt. No. 110 at 9, 12. Given the clear legal and factual overlap between Mattel's Bratz-related claims in the 04-9059 and 05-2727 cases, they should be consolidated and tried in the same trial. Indeed, in 2008, the Court recognized in its pre-trial conference order that the consolidated action was going to trial, not just the 05-2727 case. Dkt. No. 3917 at 1-3.

### B. MGA's Arguments Regarding The Status Of The 04-9059 Case Are Meritless

MGA is wrong that "the intervention failed when Mattel dismissed Carter Bryant and that was the end of the case." Dkt. No. 9121 at 1. MGA fails to recognize that the Court dismissed *only* Mattel's claims against Bryant and specifically preserved Mattel's claims against MGA. Dkt. No. 3811 at ¶¶ 1, 3, 9. Mattel's settlement and dismissal of its claims against Bryant—rather than the entire case—does not and cannot affect Mattel's claims against MGA or its status as an original defendant under Rule 24(a).

00505.07975/3777498.5

-6-

MATTEL'S SUR-REPLY IN OPPOSITION TO DEFENDANT-IN-INTERVENTION MGA ENTERTAINMENT, INC.'S MOTION TO CONFIRM DISMISSAL OF 04-9059 ACTION

MGA argues that the "only case on point" is a 107-year old California state court case (Dkt. No. 9121 at 4), but this ignores District of Columbia v. Merit Sys. Prot. Bd., where the D.C. Circuit held that "[t]he 'price' of such intervention, we believe, is the possibility that the plaintiff will be able to obtain relief against the intervenor-defendant even if the original defendant is eliminated from the lawsuit." 762 F.2d at 132. MGA argues that the reservation of rights in the Court's partial dismissal Order served only to prevent MGA's reliance on "the ancient common law rule that a release of one tortfeasor has the effect of barring claims against all others." Dkt. No. 9121 at 3. If that was one effect of the Court's Order, it says nothing about whether intervenor-defendant MGA is considered an original party to the 04-9059 case or whether Mattel still seeks relief against MGA in that action.

MGA insists the facts of District of Columbia v. Merit Sys. Prot. Bd. "are nothing like this case," Dkt. No. 9121 at 5, but the *relevant* facts related to the procedural history are exactly like this case. In District of Columbia v. Merit Sys. Prot. Bd., the original defendant was dismissed, only the intervenor-defendant remained, and the Court held that "[b]ecause Lendt assumed the status of an original party upon intervention, the district court *was obliged to dispose* of the District's review action against Lendt once it determined that the MSPB could not be named as a respondent in this dispute." 762 F.2d at 132 (emphasis added). The same is true of Mattel's claims against MGA in the 04-9059 case. Contrary to MGA's argument, 04-9059 *is* a complaint that Mattel is litigating (Dkt. No. 9121 at 1)—and that MGA is not a "named party" is irrelevant given its intervention under Rule 24(a)(2). Schneider, 767 F.2d at 1017.

MGA cites Henry v. Vineland Irrigation Dist., 140 Cal. 376 (1903), but that case is inapposite because the plaintiff dismissed *the entire action* before trial and no longer sought relief against the named or intervenor defendants. See Townsend v. Driver, 5 Cal. App. 581, 584 (1907) (distinguishing Henry on that basis). MGA argues that Townsend involved a "different scenario and the court reached a different result" because the "plaintiff sought to continue as to some of the named defendants." Dkt. No.

9121 at 4. However, all the named defendants in <u>Townsend</u> either defaulted or were dismissed. See <u>id</u>. at 584 ("The inaction of the defendants in permitting their default does not preclude intervener from his relief."). "After the court has determined by its order that a party has an interest in the subject matter of a suit and should be permitted to litigate such interest therein, it is not within the power of the plaintiff . . . to annul such order of the court by dismissing the action as to such parties, and unless the court vacates the order permitting intervention, the plaintiff, so long as he seeks relief under the action, must meet such issues raised by the complaints in intervention." <u>Townsend</u>, 5 Cal. App. at 584. Here, like in <u>Townsend</u>, the "complaints in intervention" were responsive pleadings that simply denied the allegations of the plaintiff's complaint against the named defendants. <u>Id</u>. Mattel seeks relief in the 04-9059 case against MGA and seeks to meet the issues raised by MGA's December 2004 Answer-in-Intervention, including its denial that it intentionally interfered with Bryant's contract, aided and abetted Bryant's breach of fiduciary duty, aided and abetted Bryant's breach of the duty of loyalty, and converted Mattel's intellectual property. <u>Id</u>. These issues directly overlap with the issues raised by Mattel's Counterclaims.

## II. JUDGE LARSON'S RELATION BACK RULING IS PROPER

### A. Mattel's Bratz-Related State Law Claims In The 05-2727 Case Are Based On The Same Set Of Facts As Mattel's Original Pleading In The 04-9059 Case

Judge Larson correctly held that all of Mattel's Bratz-related state law claims relate back to the original pleading in the 04-9059 case: for "the new claims asserted on November 20, 2006, the Court ruled that all claims (except the copyright claim, upon which the Court found it unnecessary to rule) related back to the filing of Mattel's complaint against Carter Bryant in April, 2004." Dkt. No. 3917 at 6 (Pre-Trial Conference Order). The relation back doctrine requires that the amended complaint (1) rest on the same general set of facts, (2) involve the same injury, and (3) refer to the same instrumentality as the original one. <u>Norgart v. Upjohn Co.</u>, 21 Cal. 4th 383, 408-09 (1999). That standard is met here because Mattel's Bratz-related counterclaims in the

05-2727 case arise out of the same facts, and involve the same injury and instrumentality, as Mattel's 2004 claims. Both sets of claims put at issue the ownership of Bratz and both sets of claims challenge MGA's misconduct in inducing Bryant to work against Mattel's interests and for MGA's. The claims are of a piece; as the Court has held repeatedly over the course of the past four years, they relate back.[1]

### B. Judge Larson Properly Held That Mattel's Bratz-Related Counterclaims In The 05-2727 Case Relate Back To The Original Pleading In The 04-9059 Case

The Court asked "what grounds support the prior district judge's conclusion that the claims in Mattel's answer and counterclaims in the CV 05-2727 action relate back to the claims in the CV 04-9059 pleading." Dkt. No. 9133 at 1 (citing Trejo v. Village of Itasca, 2004 WL 2608285, at *7 (N.D. Ill. Nov. 16, 2004)). The First Circuit recently affirmed an identical relation back ruling. Marcoux, 524 F.3d at 38. In Marcoux, the first case was filed on June 6, 2000. Id. at 38. The district court denied a motion for leave to amend, but explicitly stated that the plaintiffs could file a second case that would, according to the district court, relate back to the June 2000 Complaint in the first case. Id. The second case was filed on July 27, 2001; the claims asserted in the July 2001 Complaint would be timely only if they related back to the June 2000 Complaint in the first case. Id. at 38, 40-41. The district court denied the defendants' motion to dismiss the second case as untimely, and the First Circuit affirmed:

> Our review of the record indicates that the district court denied the motion to add the individual plaintiffs [in the earlier case] only because it granted the plaintiffs a right to file a new action that related back. We further conclude that had the district court allowed the motion to amend, the amended pleading would have related back under Federal Rule of Civil Procedure 15. In the light of this, two powerful reasons lead us to uphold the district court's resolution of this issue: first, all the purposes of Rule 15(c) are satisfied, if not its letter; and second, the district court was in a better position when it placed the case in this posture than we are now to

---

[1] MGA cites the Court's January 11, 2007 Order, which states that Mattel's claims "do not add substance to the claims contained in its original complaint" (Dkt. No. 142 at 19), but the Court was referring to the non-Bratz claims that do not relate back to the original pleading in the 04-9059 case in making that statement. The Bratz-related state law claims do relate back because they are based on the same set of facts, as the Court held in the same Order. Id. at 13-15.

00505.07975/3777498.5

-9-
MATTEL'S SUR-REPLY IN OPPOSITION TO DEFENDANT-IN-INTERVENTION MGA ENTERTAINMENT, INC.'S MOTION TO CONFIRM DISMISSAL OF 04-9059 ACTION

> assess whether the interests of justice are served by permitting this relation back . . . .
>
> The defendants rightly point out that Rule 15 concerns amended pleadings, not new pleadings in separate actions . . . . Acknowledging that the letter of Rule 15 is not met here, we conclude that the rule nonetheless does provide some guidance . . . .
>
> The purpose of statutes of limitations is to avoid the difficulties inherent in litigating matters long past, and to provide repose to potential defendants regarding such matters. The defendants at no time could have expected or enjoyed repose regarding these matters . . . .
>
> And the first litigation was not dismissed until after the second one was filed. No evidence of sandbagging was brought forward, nor do we infer any prejudice to the defendants on this record . . . . The original complaint states the same causes of action, arising from the same events, as the new complaint . . . . Had the motion to amend been granted, and the individual plaintiffs named, relation back would have been within the district court's discretion. The district court, then, properly allowed the relation back of the new case to the previous one, and therefore did not err when it denied the motion to dismiss.

Marcoux, 524 F.3d at 40-43 (internal citations omitted).

The same reasoning applies here. Judge Larson's denial of Mattel's motion for leave to amend the April 2004 Complaint in the 04-9059 case "was accompanied in the same breath by notice" that Mattel's answer and counterclaims in the 05-2727 case arise from the same facts and would relate back to the April 2004 Complaint: "[n]one of the substantive concerns raised by MGA and Bryant to the present amended complaint, e.g. ***statute of limitations***, would appear to be affected if the new claims and defendants were brought at defenses and counterclaims in the 05-2727 case as opposed to the 04-9059 one." Dkt. No. 142 at 22 (emphasis added). Judge Larson denied Mattel's motion for leave to amend the April 2004 Complaint only because he granted Mattel leave to file its January 2007 Answer and Counterclaims that relate back; the Court rejected MGA's futility argument based on its relation back holding. Mattel's April 2004 Complaint in 04-9059 states the same Bratz-related causes of action, arising from the same events, as Mattel's January 2007 Answer and Counterclaims in the 05-2727 case. The 04-9059 case was not dismissed before Mattel's January 2007 Answer and Counterclaims in the 05-2727 case was filed; indeed, both cases are still pending. Had the motion to amend in the 04-9059 case been granted, relation back would be obvious, so MGA could not have

expected or enjoyed repose as to these claims, nor is their evidence of prejudice. Judge Larson's relation back and leave to amend rulings were entirely proper under Marcoux.

If anything, the case for relation back here is even stronger than in Marcoux. Here, it was only based on the burden Mattel's amendment would have on "the Court's ability to efficiently manage these consolidated matters" that leave to amend the 2004 pleading was denied; and the prejudice of such a denial to Mattel was rectified by granting Mattel leave to file its Counterclaims. Dkt. 142 at 21-22. All the grounds for denial of leave identified by MGA were *rejected,* including based on the application of relation back principles. Id. at 13-15. Mattel sought leave to amend its 2004 Complaint. Dkt. No. 89 at 13; FAC at ¶¶ 8-15. It was for the Court's purposes that Mattel's Answer in the 05-2727 case was amended rather than Mattel's Complaint in the 04-9059 case as Mattel had sought—and this was based on the ***express*** provision that statute of limitations issues would be unaffected. And in this case, unlike in Marcoux, both cases were consolidated for all purposes at the time of the relation back finding, which further explains it. Relation back to the original pleading, even more than in Marcoux, is appropriate here.

Trejo v. Village of Itasca, 2004 WL 2608285, at *7 (N.D. Ill. Nov. 16, 2004), and other cases cited by MGA are distinguishable because the court in those cases did not *expressly base* denial of leave to amend in an earlier case based on a conclusion that the same claims in a later case would relate back. In Trejo, the court held that the claims in a *pro se* plaintiff's 2002 complaint did not relate back to his defective notice of removal of his state court criminal prosecution in 2000. Id. at *5. The district court had not previously found and advised the plaintiff that his 2002 complaint would relate back. Nor did the district court make this representation when ruling on a motion for leave to amend in Bailey v. Northern Ind. Pub. Serv. Co., 910 F.2d 406, 413 (7th Cir. 1990), the case cited by Trejo. In Bailey, the Seventh Circuit stated that "Rule 15(c), by its terms, only applies to amended pleadings in the same action as the original, timely pleading," but Marcoux recognized that relation back is proper in the unique circumstances

presented here. 524 F.3d at 41. Moreover, in none of these cases did the court reject relation back to a prior pleading where the two actions had been consolidated for all purposes at the time of the amendment and at the time of consideration of relation back, as here. See Roden v. Empire Printing Co., 135 F. Supp. 665, 667 (D. Alaska 1955) ("When so consolidated the suits are merged and constitute thereafter but one action.").[2]

MGA emphasizes that the Court denied Mattel's motion for leave to amend the April 2004 Complaint in the 04-9059 case, but omits the holding that all Bratz-related claims brought as counterclaims in the 05-2727 case would relate back to the original pleading in the 04-9059 case. Dkt. No. 9121 at 2. MGA also ignores that the Court denied MGA's futility argument based on this relation back holding. Dkt. No. 142 at 13-14. MGA claims that the Court "did not deny Mattel's motion for leave to amend the 04-9059 complaint as some mere 'administrative convenience'" (Dkt. No. 9121 at 3), but in fact MGA conceded just that in its summary judgment separate statement: "The Court required Mattel to file its counterclaims, filed on January 12, 2007, as counterclaims to MGA's April 2005 Complaint in Case No. 05-2727 because . . . the Court considered it a better means of managing the cases." Dkt. No. 9263 at E56.

The Court's leave to amend Order was motivated by a concern that Mattel's additional, non-Bratz claims stretch beyond the questions raised in the original complaint. Dkt. No. 142 at 19-21 ("the crown jewel in this [04-9059] action still remains the ownership rights to the Bratz dolls" and if "the Court were to allow the amended complaint to be filed in the 04-9059 action, such case management would be difficult" because "large portions of MGA's Lanham Act infringement claims" and "some of the defenses and counterclaims set forth as independent claims" by Mattel "may become moot"). That is why the non-Bratz based claims relate back to MGA's claims in the 05-

---

[2] The Ninth Circuit has not decided as a general matter whether consolidated actions retain their separate character. Schnabel v. Lui, 302 F.3d 1023, 1036 (9th Cir. 2002). ("[W]e do not resolve the issue of whether consolidated actions in general regain their separate character under [Johnson v. Manhattan Ry. Co., 289 U.S. 479 (1933) ] and its progeny").

2727 case rather than Mattel's 2004 Complaint, as MGA concedes. <u>Sidney v. Superior Court</u>, 198 Cal. App. 3d 710, 174 (1988). But nothing about the broader claims asserted by Mattel as Counterclaims should undermine the Court's clear ruling that the Bratz-based claims should, and do, relate back to 2004. Dkt. No. 142 at 13-15. The Court's rulings that Mattel's claims for intentional interference, aiding and abetting breach of fiduciary duty, aiding and abetting breach of the duty of loyalty, unfair competition, conversion, and declaratory relief relate back to 2004 and are timely, insofar as they relate to Bryant, are law of the case. There is no basis for upsetting these settled rulings now.[3]

### III. ALTERNATIVELY, THE COURT SHOULD AMEND THE JANUARY 11, 2007 ORDER *NUNC PRO TUNC* TO ALLOW MATTEL TO AMEND ITS COMPLAINT IN THE 04-9059 CASE

The relation back and leave to amend rulings in Judge Larson's January 11, 2007 Order and thereafter were proper under <u>Marcoux</u>. To the extent the Court revisits the issue based on authority such as <u>Trejo</u>, it should grant amendment of Mattel's 04-9059 Complaint *nunc pro tunc* to effectuate Judge Larson's relation back holding.

Although "[t]he power to amend *nunc pro tunc* is a limited one, and may be used only where necessary to correct a clear mistake and prevent injustice," <u>Martin v. Henley</u>, 452 F.2d 295, 299 (9th Cir. 1971), it may be employed to make "the record reflect what the district court actually intended to do at an earlier date, but which it did not sufficiently express or did not accomplish due to some error or inadvertence." <u>U.S. v. Sumner</u>, 226 F.3d 1005, 1009-10 (9th Cir. 2000). Rule 60(a) "may be used to make an order reflect the actual intentions of the court, plus necessary implications." <u>Jones & Guerrero Co., Inc. v. Sealift Pac.</u>, 650 F.2d 1072, 1074 (9th Cir. 1981); <u>see also</u>

---

[3] In all events, Mattel agrees with MGA's concession that whether the 04-9059 case is dismissed *now* has no bearing on whether Mattel's counterclaims in the 05-2727 case can relate back to the 04-9059 Complaint. Dkt. No. 9121 at 6. In <u>Marcoux</u>, the claims in the second case related back to the first even though the first case was dismissed after the second was filed. However, that relation back would be proper even if the 04-9059 case were dismissed does not mean the case *should* be dismissed; Mattel still seeks recovery from MGA in the 04-9059 case.

00505.07975/3777498.5

-13-
MATTEL'S SUR-REPLY IN OPPOSITION TO DEFENDANT-IN-INTERVENTION MGA ENTERTAINMENT, INC.'S MOTION TO CONFIRM DISMISSAL OF 04-9059 ACTION

Spanierman Gallery v. Merritt, 2004 WL 1781006, at *1 n.1 (S.D.N.Y. August 10, 2004) (leave to amend the answer in lead case was deemed to apply to other consolidated cases *nunc pro tunc*).

By holding that Mattel's Bratz-related claims relate back to the 04-9059 Complaint, Judge Larson granted a *de facto* amendment of the pleading as to those claims, which Mattel relied upon. To the extent the Court declines to hold relation back to the original complaint to be proper , the Court should amend the Court's January 11, 2007 Order *nunc pro tunc* to reflect the actual intentions of Judge Larson in holding that Mattel's Bratz-related claims relate back. Specifically, the Court may amend that Order to provide that Mattel has amended its pleading in the 04-9059 case to assert its Bryant-related claims against MGA, MGA Hong Kong, and Larian. The claims unrelated to Bryant or Bratz that do not relate back to the 04-9059 Complaint would still be deemed counterclaims in the 05-2727 case based on Judge Larson's conclusion that they do not arise from the same set of facts as the claims in the 04-9059 Complaint.

If the Court pursues this course of action, which Mattel submits would further the interests of justice should such actions be needed, an amended pleading in the 04-9059 case is unnecessary; the Court may simply amend the January 11, 2007 Order to clarify that all Bryant-related state law claims relate back to the 04-9059 Complaint and are deemed amendments to that pleading. If the Court requires actual amendment of the 04-9059 Complaint, Mattel will do so. This would avoid a situation where Mattel lost its substantive rights to relation back under California state law because the Court, for reasons of its own and expressly without any intent to subject Mattel to a limitations bar, required Mattel to denominate its Bratz-related claims as counterclaims in the 05-2727 action rather than as amendments in the 04-9059 action. See Olympic Sports Prods., Inc. v. Universal Athletic Sales Co., 760 F.2d 910, 913 (9th Cir. 1985) ("Statutes of limitations, which dictate the life of state causes of action, are too intimately connected with the substance of the state-created right to be disregarded by the federal courts" and "any application of the Rules of Decision Act which invades that substantive province

must be unconstitutional") (citing <u>Guar. Trust Co. v. York</u>, 326 U.S. 99, 109-110 (1945)).  It would be unjust, years after Judge Larson's order was issued and after the claims now at issue were tried to a jury once, to apply a limitations bar in the manner urged by MGA.  And it would be particularly unjust to apply such a bar based on a denial of leave entered nearly four years ago when MGA itself was granted leave to amend its pleading less than 2 months ago, after the close of discovery.[4]

## Conclusion

Mattel respectfully requests that the Court deny MGA's motion to confirm dismissal of the 04-9059 action.

DATED:  November 15, 2010          QUINN EMANUEL URQUHART & SULLIVAN, LLP

By /s/ Michael T. Zeller
   Michael T. Zeller
   Attorneys for Mattel, Inc., and Mattel de Mexico, S.A. de C.V.

---

[4] MGA argues that Mattel is "far too late" in "effectively seeking reconsideration of that [January 11, 2007] amendment order" (Dkt. No. 9121 at 6), but it is MGA that filed this motion seeking reconsideration of the Court's Orders after the Court ruled that Mattel's Bratz-related claims against MGA relate back to the 04-9059 Complaint and that Mattel's claims against MGA are preserved.