FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

NOV 1 8 2010

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
    John B. Quinn (Bar No. 090378)
2    (johnquinn@quinnemanuel.com)
    Michael T. Zeller (Bar No. 196417)
3    (michaelzeller@quinnemanuel.com)
4  865 South Figueroa Street, 10th Floor
   Los Angeles, California  90017-2543
5  Telephone:  (213) 443-3000
   Facsimile:  (213) 443-3100
6
7  Attorneys for Mattel, Inc., and Mattel de
   Mexico, S.A. de C.V.

8              UNITED STATES DISTRICT COURT

9             CENTRAL DISTRICT OF CALIFORNIA

10                  SOUTHERN DIVISION

11
    MATTEL, INC., a Delaware          CASE NO. CV 04-9049 DOC (RNBx)
12  corporation,
                                      Consolidated with
13                                    Case No. CV 04-09059
               Plaintiff,            Case No. CV 05-02727
14
                                     Hon. David O. Carter
15       vs.
                                     **MATTEL, INC.'S OPPOSITION TO
16  MGA ENTERTAINMENT, INC., a        MGA'S MOTION FOR A
    California corporation, et al.,   PROTECTIVE ORDER RE
17                                    MATTEL'S NOTICE OF
                                     DEPOSITION OF JAMES
18             Defendant.             MALACKOWSKI**

19
20
    AND CONSOLIDATED ACTIONS         Hearing Date:      TBD
21                                    Time:              TBD
                                     Place:             Courtroom 9D
22
    ~~CONFIDENTIAL-ATTORNEYS'~~       Discovery Cut-off:  October 4, 2010
23  ~~EYES ONLY~~                      Pre-trial Conf:     January 4, 2011
                                     Trial Date:        January 11, 2011
24  ~~FILED UNDER SEAL PURSUANT~~
    ~~TO COURT ORDER~~
25
26
27
28

00505.07975/3771889.4

MATTEL'S OPP. TO MGA'S MOTION FOR PROTECTIVE ORDER RE MALACKOWSKI DEPOSITION

1

## Preliminary Statement

2       MGA has groundlessly refused to produce its expert James Malackowski for
3  deposition, moving for a protective order unjustifiably and solely for purposes of delay.
4  MGA's baseless motion should be denied.

5       MGA claims that Mattel's deposition notice violates an agreement that the
6  parties made to abstain from taking expert depositions before rebuttal expert reports are
7  due on December 1.  Not so.  The parties made no such agreement and the absence of
8  any support for this claim in MGA's motion confirms this.  Indeed, in light of the
9  Court's Order at the November 17 hearing that all Daubert motions must be heard prior
10  to December 22, MGA's demand to preclude expert depositions before December 6 is
11  unworkable.

12      MGA argues that Mr. Malackowski's testimony is not relevant to Mattel's
13  summary judgment motion on the counterclaims because MGA says that Mr.
14  Malackowski is not a fact witness.  However, Mr. Malackowski's report makes clear he
15  is purporting to opine on the fact of damages—a substantive element of MGA's
16  counterclaims.  MGA has offered no other evidence of damages causation.  And
17  notably, while MGA now claims it is not relying on Mr. Malackowski's testimony for
18  summary judgment, it refused to so stipulate during the meet and confer – a meet and
19  confer that MGA tactically refused to engage in for three days after Mattel requested it
20  – thereby ensuring that Mattel would not be able to depose Mr. Malackowski before its
21  summary judgment motion was due.

22      No rule or order precludes Mattel from deposing Mr. Malackowski now, even if
23  he were truly only an expert witness providing nothing more than an opinion on the
24  quantification of damages.  Expert motions in limine must be heard in a month.
25  MGA's baseless refusal to produce Mr. Malackowski for deposition for another three
26  weeks should be rejected and MGA should be ordered to produce him no later than
27  November 26, 2010.

28

-1-

**Argument**

I.  **EXPERT DEPOSITIONS SHOULD COMMENCE PRIOR TO
DECEMBER 6**

MGA claims that "Mattel's attempt to depose Mr. Malackowski violates the express agreement reached between the parties . . . to conduct all expert depositions in early December." (Mot. at 3.) MGA mischaracterizes the off the record discussion at the October 6 hearing – Mattel in no way bound itself to taking all expert depositions in December.  As the Court will recall, the parties discussed whether the Discovery Master was available for expert depositions in December; but neither party agreed only to take depositions at that time.  Indeed, the parties agreed they did not believe they needed the Discovery Master to attend the expert depositions; and thus, had no need (and did not) agree to any binding schedule.

Indeed, the discussion of Daubert motions at the November 17 hearing makes clear that the rule MGA urges is unworkable.  The Court directed the parties that Daubert motions must be heard between December 20 and 22.  With those hearing dates, there is no reason to delay expert depositions.  Even a condensed briefing schedule on Daubert motions necessitates that expert depositions commence before December 6.

The Court's Scheduling Order, which incorporates the parties' stipulation with respect to expert discovery, says nothing about when expert depositions may commence; rather, the only date provided is the date on which expert depositions must conclude.  (See Dkt. Nos. 8945, 8514.)  And, the Federal Rules expressly allow expert depositions to commence once the expert's report has been served, which, in this case, was on November 1.  See Fed. R. Civ. P. 26(b)(5)(A).  The Rule does not require that rebuttal reports be provided before an expert deposition may occur.  Id.; see also Dixon v. Certainteed Corp., F.R.D. 51, 55 (D. Kan. 1996) (rejecting argument that "[b]efore testifying . . . its own experts had no opportunity to review any of the reports of the rebuttal experts," explaining that "[t]he court knows of no rule or principle, however,

1  which precludes depositions of expert witnesses because they have not had the

2  opportunity to review the reports of other experts"); IMRA Am., Inc. v. IPG Photonics

3  Corp., 2010 WL 931885, at *2-3 (E.D. Mich. Mar. 11, 2010) (granting request to

4  depose expert prior to deadline for rebuttal expert reports).  MGA's claim that Mattel's

5  request to depose Mr. Malackowskion November 15 is "premature[]" is baseless.

6      MGA also claims that Mattel's "unilaterally noticed date for the deposition

7  violates the Court's Order On Stipulations Re Expert Discovery" because that

8  stipulation "requires cooperation in scheduling expert depositions, not the unilateral

9  selection of dates." (Mot. at 1.)  MGA's assertion is belied by the facts.  On November

10  9, Mattel asked MGA to produce Mr. Malackowski on or before November 15.  It was

11  *MGA*, not Mattel, who refused to cooperate, refusing to engage in a lead counsel meet

12  and confer for three days after it was requested and offering no justifiable grounds for

13  its refusal to produce Mr. Malackowski before December 6 other than that he had not

14  finished his rebuttal report.

15  **II.   MR. MALACKOWSKI'S REPORT PURPORTS TO OPINE AS TO THE**

16      **FACT OF DAMAGES -- RENDERING HIS TESTIMONY RELEVANT TO**

17      **MATTEL'S SUMMARY JUDGMENT MOTION**

18      MGA claims that Mattel is attempting to depose Mr. Malackowski as a "fact

19  witness," but he "unequivocally is not." (Mot. at 1-2, 7-8.) This argument is irrelevant.

20  Whatever he is, Mattel is entitled to depose him now, as set forth above.

21      Moreover, MGA's claim that Mr. Malackowski "is not a fact witness" but merely

22  an expert witness that "assumed liability, i.e., the fact of damages" is belied by Mr.

23  Malackowski's report.  (See Ocean Tomo Report, at 11 (listing conduct of which

24  Mattel is accused, such as "misappropriating MGA's trade secrets," and stating that

25  "[s]uch activities *resulted in harm* throughout the period 2003 to 2010 continuing into

26  the future")) (emphasis provided).

27      Mattel asked MGA if it was relying on Mr. Malackowski as to the fact of

28  damages during the November 12 meet and confer and MGA refused to answer.

1   Hoping to resolve the matter in a manner acceptable to both parties, Mattel offered to

2   postpone taking Mr. Malackowski's deposition if MGA would simply stipulate that it

3   was not relying on this witness for the <u>fact</u> of damages, as opposed to the <u>quantification</u>

4   of damages. Again, MGA refused. MGA's attempt to "unequivocally" represent now

5   what it refused to represent during the meet and confer demonstrates its disregard for

6   the meet and confer process and the tactical nature of its refusal to produce Mr.

7   Malackowski.

8       Mr. Malackowski's report is the only arguable "evidence" MGA has provided

9   regarding its injury and damages. MGA's interrogatory response on damages provides

10   no concrete allegations or facts regarding MGA's alleged injuries or the causation

11   thereof. MGA's 30(b)(6) designee on MGA's damages[1] testified that he could provide

12   no information on damages causation or the fact of damages beyond what was in Mr.

13   Malackowski's report.[2] In fact, he testified he was "relying on" that report and that he

14   did not independently investigate the issues, presuming the information contained in

15   Mr. Malackowski's report was accurate.[3] MGA claims this is not true – that Mr.

16   Jolicoeur "testified at length about his knowledge of facts demonstrating MGA's

17   injuries due to Mattel's misconduct, independent of Mr. Malackowski's report." (Mot.

18   at 8.) However, the absence of a single citation to this alleged testimony demonstrates

19   the lack of credibility of this assertion.

---

[1]  <u>See</u> August 25, 2010 30(b)(6) Notice, Topic 19: "The facts supporting YOUR contention that YOU have been harmed or injured by reason of any conduct by MATTEL at issue in YOUR REPLY TO THE FOURTH AMENDED ANSWER, including but not limited to (a) how each alleged act by MATTEL caused specific harm to YOU, and (b) the amount of harm that YOU contend to have been caused by each such act, including but not limited to the amount, timing and payee of any out of pocket loss that YOU claim to have suffered."; <u>id.</u>, Topic 20: "The facts that support YOUR belief that MATTEL has been unjustly enriched as a result of any act or omission of MATTEL at issue in YOUR REPLY TO THE FOURTH AMENDED ANSWER, including but not limited to how MATTEL benefitted from each trade secret that YOU claim was misappropriated."

[2]  <u>See</u> Jolicoeur Depo. Tr. (Rough) at 228:4-6 ("I would have to – again, I would – for more an accurate review of exactly what happened I would refer to the expert's report from Ocean Tomo."); <u>id.</u> at 228:22-229:1 (same).

[3]  <u>Id.</u> at 231:12-232:14, 253:2-12.

1    Due to the nature of the issues on which Mr. Malackowski purports to opine,

2 coupled with the holes facially apparent in his report (which are not supplemented by

3 other evidence), Mr. Malackowski's testimony is relevant to Mattel's reply brief and

4 argument of its summary judgment motion.  For example, Mr. Malackowski's report

5 only addresses *three* of the 114 products at issue in MGA's trade secret

6 misappropriation counterclaim. (Ocean Tomo Report, at 1.) He also claims that Mattel

7 obtained an economic advantage (one purportedly worth $24.7 million) with respect to

8 three of its own products due to its alleged trade secret theft of these three products.

9 (Id.) MGA's 30(b)(6) witness, however, testified that there were other products beyond

10 the only three discussed in Mr. Malackowski's report,[4] but he could not name any of

11 these "other" products.[5]  As for the alleged injury caused by Mattel's alleged RICO

12 violations, Mr. Malackowski's report asserts nearly a billion dollars in lost profits, yet it

13 provides no information as to what alleged RICO violations caused these lost profit

14 damages.  (Id. at 2.)  Furthermore, the amount of lost profits he asserts as RICO

15 damages is identical, down to the dollar, to the amount of profits MGA allegedly lost

16 due to Mattel's alleged unfair competition.  (Id. at 4.)[6]

17    MGA claims that Mattel's position regarding its need to depose Mr.

18 Malackowski "is demonstrably false" because while Mattel purportedly claims that Mr.

19 Jolicoeur's 30(b)(6)testimony on November 10 put Mattel on notice of its need, Mattel

20 requested Mr. Malackowski's deposition the day before. (Mot. at 8.) MGA made this

21 argument to the Discovery Master via email on Friday, November 12, and as Mattel

22 explained then, MGA misstates Mattel's position.  Mattel has been entitled to Mr.

[4] Id. at 217:14-19.
[5] Id. at 217:20-218:9.
[6] MGA makes a particularly unconvincing argument that because "the first round" of summary judgment briefing was completed "before a single expert was even served[,]" this somehow demonstrates that Mattel's claim that it needs Mr. Malackowski's testimony for its summary judgment briefing on the counterclaims in reply is baseless. (Mot. at 5.) Obviously, if no party relied on an expert report for any substantive elements of its claims, then there would be no need to depose an unknown expert.

Malackowski's deposition since his report was served on November 1. Mattel sought his deposition when it did because of the representations contained in Mr. Malackowski's report, namely, the statements indicating he was purporting to opine as to the fact of damages. MGA's 30(b)(6) testimony given the day after Mattel made the request merely further confirmed that MGA is purporting to rely on Mr. Malackowski for substantive elements of its counterclaims and that MGA planned on providing no other evidence of the fact of damages.

### III. MGA'S CLAIMS OF PREJUDICE AND UNDUE BURDEN IF REQUIRED TO PRODUCE MR. MALACKOWSKI BEFORE DECEMBER 6 ARE SPECIOUS

MGA spends much time complaining that Mr. Malackowski would not be able to meet the deadline for his rebuttal report if he were required to sit for deposition prior to December 6. (Mot. at 4.) This is nonsense. Mr. Malackowski is a professional expert, the CEO of an entity that has professionals in seven global offices.[7] He has a month to prepare a rebuttal report. MGA cannot complain that Mr. Malackowski's sitting for a day of deposition will render its team of experts unable to complete a report.[8]

MGA falsely implies that Mattel's corrected expert report served on November 12 was somehow markedly different, or much more voluminous, than the report served on November 1, further complicating Mr. Malackowski's task. (Id.) Not so, as MGA is well aware since it received a redlined version of the corrected report. Indeed, the primary change to the report was to include Mr. Larian's name in several places that had inadvertently omitted it.

The fact that MGA's damages expert may have to spend a day or two not working on his rebuttal report, a report he has been given an entire month to write, is

---

[7] Mr. Malackowski's report expressly notes that "[o]ther Ocean Tomo consultants are assisting [him] in this assignment." Ocean Tomo Report at 6.

[8] Indeed, Ocean Tomo touts that "[i]n addition to our experienced testifiers, we staff all engagements with dedicated teams of experienced and knowledgeable professionals." http://www.oceantomo.com/productsandservices/expertservices.

1   far from "abusive" nor does it constitute an "undue burden." (Mot. at 4-5.) Moreover,

2   as the Court made clear in its October 28 Order granting Mattel's *ex parte* application

3   to compel MGA to produce documents related to its counterclaims, any burden

4   imposed on MGA "is warranted by . . . the scope of MGA's counterclaims in reply.

5   (Dkt. No. 9002, at 2.)  MGA's claim that its expert is unavailable for deposition for

6   several weeks merely because he has to draft a rebuttal report is not good cause to issue

7   a protective order.[9]

8       MGA's second claim of prejudice and harassment is that Mattel's deposition

9   request has forced MGA to stop preparing for summary judgment argument and expend

10  its time filing the present protective order motion, and possibly, "prepar[ing] for and

11  defend[ing] a deposition." (Mot. at 5.)  Considering MGA's conduct during the month

12  of October, when summary judgment motions and oppositions were due, this claim is

13  quite remarkable:

14      • On October 9, three days before summary judgment motions were due, MGA

15          filed an untimely "expedited" motion seeking to improperly serve and depose

16          Ms. McShane, which the Court denied (Dkt. No. 8974, at 7);

17      • On October 12, the day summary judgment motions were due, MGA filed an

18          untimely motion to compel regarding Mattel's purported waiver of privilege

19          regarding statute of limitation issues, forcing Mattel to file an *ex parte*

20          application to strike which the Court granted (id. at 6);

21      • On October 15, MGA filed an unsuccessful *ex parte* application requesting

22          modification of the protective order, which Mattel had to oppose during the

23          time it was opposing MGA's summary judgment motion (id. at 14);

24

25  [9]   MGA spends over half a page discussing <u>Walking Mountain, a case</u> that has no
      relevance and serves no purpose other than to make ad hominem attacks on counsel.
26  (Mot. at 4-5.)  And as MGA is well aware, the Discovery Master has previously
      admonished it for repeated cites to <u>Walking Mountain, making clear "we're not</u>
27  <u>litigation that case"</u> and that ad hominem attacks on counsel were improper. (March 4,
      2009 Hrg. Tr. at 57:14-58:2.)
28

00505.07975/3771889.4

1        • On October 21, Mattel was forced to file a motion for protective order

2            regarding MGA's improper attempt to depose Mr. Franke and Mr. Stockton

3            in violation of the general fact discovery cutoff, which the Court granted in

4            material part (Dkt. No. 8985);

5        • On October 28, the day before summary judgment oppositions were due,

6            MGA filed an *ex parte* to compel production of documents, which Mattel was

7            forced to oppose and which the Court denied, yet again, as untimely (Dkt.

8            No. 9024).

9        Not only will MGA not be "severely prejudice[d]" by producing Mr.

10   Malackowski, its claim that it is the only party "that abides by the Court's rulings" is

11   disingenuous at best. (Mot. at 6.) In fact, any prejudice here is to Mattel. Mattel has

12   already been prejudiced by being forced to file its summary judgment motion on the

13   counterclaims without Mr. Malackowski's deposition testimony. Forcing Mattel to

14   reply to MGA's opposition without this witness' highly relevant testimony will only

15   cause further undue prejudice. Moreover, at the November 17 hearing, the Court made

16   clear that expert motions in limine must be fully briefed by December 20 so that the

17   Court may hear oral argument and rule on them by December 22. Mattel should not be

18   groundlessly forced to wait to depose Mr. Malackowski until after December 6.[10]

19   **IV.   MGA'S ARGUMENT THAT MATTEL VIOLATED THE COURT'S ORDER REGARDING _EX PARTIES_ FAILS ON ITS FACE**

20   
21        MGA's last ditch attempt to avoid producing Mr. Malackowski is a

22   disingenuous claim that Mattel has violated the Court's Order prohibiting further *ex*

23   

24   ---

[10]   In a footnote, MGA makes a baseless request that if the Court requires Mr. Malackowski to submit to deposition prior to the due date of rebuttal reports that Mattel

25   be prohibited from any further deposition of Mr. Malackowski, including on any rebuttal report. (Mot. at 6 n.3.) MGA cites no authority for this wholly unjustified

26   demand. Just as Mattel would be entitled to deposition testimony if MGA used another expert to rebut Mattel's damages expert's report, Mattel is entitled to depose Mr.

27   Malackowski on his affirmative report as well as any rebuttal reports. It is MGA's choice to use the same expert to opine on its damages and Mattel's. Doing so does not

28   permit it to limit Mattel's ability to depose him.

1  *partes*. (Mot. at 6.) MGA claims "Mattel enlisted the Discovery Master to facilitate, in

2  effect, an *ex parte* application to compel Mr. Malackowski's deposition." (Id.) This is

3  a distortion of the facts. During Mr. Jolicoeur's 30(b)(6) deposition on November 10 at

4  which the Discovery Master was present, counsel for Mattel raised the issue of his

5  reliance on Mr. Malackowski's report. Mattel explained it had requested that MGA

6  produce Mr. Malackowski for deposition on or before Mattel's summary judgment

7  motion was due, which MGA had refused. MGA then refused to meet and confer on

8  that refusal in order to delay Mattel's ability to file a motion seeking relief. When

9  Mattel brought these circumstances to the Discovery Master's attention, he offered to

10 be present during the lead counsel meet and confer to help facilitate, especially since it

11 involved the scheduling of depositions at which his presence would likely be requested.

12 The Discovery Master had technical problems and was unable to call in to the meet and

13 confer on Friday morning; thus, he asked the parties to provide informal email briefs

14 later that morning. Plainly, Mattel has not filed an *ex parte* with the Court, and it

15 should not be faulted for its decision to accept the Discovery Master's offer to facilitate

16 a meet and confer that MGA had tactically refused to engage in for days.[11]

17                                          **Conclusion**

18          Mattel respectfully requests that its MGA's Motion be denied and that the Court

19 Order MGA to produce Mr. Malackowski for deposition immediately.

20 DATED: November 18, 2010      QUINN EMANUEL URQUHART & SULLIVAN. LLP

21

22                               By */s/ Michael T. Zeller*
23                                  Michael T. Zeller
                                    Attorneys for Mattel, Inc.
24

25

26 [11]      MGA filed objections to the deposition notice of Mr. Malackowski
   simultaneously with its motion for a protective order. (Dkt. No. 9271.) MGA's objects
27 are duplicative of the arguments made in its motion, and Mattel hereby incorporates by
   reference its arguments here as its response to MGA's duplicative objections.
28