ANNETTE L. HURST (State Bar No. 148738)
ahurst@orrick.com
WARRINGTON S. PARKER III (State Bar No. 148003)
wparker@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
405 Howard Street, San Francisco, CA 94105
Telephone: 415-773-5700 / Facsimile: 415-773-5759

WILLIAM A. MOLINSKI (State Bar No. 145186)
wmolinski@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA 90017
Telephone: 213-629-2020 / Facsimile: 213-612-2499

THOMAS S. MCCONVILLE (State Bar No. 155905)
tmcconville@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
4 Park Plaza, Suite 1600, Irvine, CA 92614-2258
Telephone: 949-567-6700 / Facsimile: 949-567-6710

Attorneys for MGA Parties

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | Case No. CV 04-9049 DOC (RNBx)<br><br>Consolidated with:<br>Case No. CV 04-9059<br>Case No. CV 05-2727<br><br>Hon. David O. Carter<br><br>**MGA'S REPLY IN SUPPORT OF MOTION FOR A PROTECTIVE ORDER RE MATTEL'S NOTICE OF DEPOSITION OF JAMES MALACKOWSKI**<br><br>Date: TBD<br>Time: TBD<br>Place: Courtroom 9D<br><br>Trial Date: January 11, 2011 |

# **PRELIMINARY STATEMENT**

Mattel's opposition to MGA's Motion for a Protective Order fails to raise any legitimate reason why it should be allowed to abrogate its agreement with MGA and this Court to conduct expert depositions during the period December 6-17. Mattel bases its opposition to the motion for a protective order on three equally flawed premises:

*First*, Mattel contends that it needs to depose Mr. Malackowski, MGA's damages expert, by November 26 in order to complete its briefing in time for the December 22 hearing on Daubert motions. Mattel's argument is both premature, as parties have not met and conferred on a briefing schedule which the Court directed the parties to do, and meritless, as Mattel's argument would mean that none of the *rebuttal* experts, whose reports will be disclosed on December 1, could be deposed in time for the December 22 hearing on Daubert motions.

*Second*, Mattel insists (again) that Mr. Malackowski's *fact* testimony is needed in support of its motion for summary judgment on MGA's Counterclaims in Reply. This argument fails in view of the following: (1) Mattel *already* filed its motion for summary judgment on November 15; and (2) Mattel's reply is not due until December 13, a date after which Mr. Malackowski will have been deposed. In short, Mattel will suffer no prejudice if it is ordered to comply with the agreement which it sought from and entered into with MGA.

*Third*, Mattel makes the spurious argument that an expedited deposition now would impose no burden upon Mr. Malackowski. There are eleven calendar days remaining for Mr. Malackowski to complete his rebuttal to Mattel's *3,000* page expert damages report. A deposition at this time would tie up Mr. Malackowski for *at least four of those days*, and serve to prejudice MGA. A protective order is warranted to prevent Mattel's attempt to disrupt Mr. Malackowski from finishing his rebuttal report.

To be clear, MGA is not seeking to foreclose the deposition of its damages expert; MGA simply seeks a protective order so that the deposition occur will occur in the timeframe to which the parties agreed, namely, during the period immediately following the completion of rebuttal expert reports, December 6-17. Enough time has been wasted by Mattel's tactic of imposing its rules on everyone to this litigation, and a protective order should be granted ordering Mattel to meet and confer with MGA on setting a schedule for all expert depositions during the previously agreed upon time period.

## ARGUMENT

### A. MATTEL SHOULD BE ORDERED TO COMPLY WITH THE PARTIES' AGREEMENT TO SCHEDULE EXPERT DEPOSITIONS DURING THE AGREED UPON PERIOD.

As set forth in MGA's opening brief, a protective order is warranted because: (1) the parties expressly agreed on October 6 to conduct all expert depositions from December 6-17, *after* the service of rebuttal reports (Mot. at 3-4); and (2) subject to a Stipulation and Order,[1] the parties are required to cooperate on the scheduling of expert depositions (Mot. at 1). Mattel's *unilateral* decision to notice Mr. Malackowski's deposition for a date before the agreed-upon time violates *both* of these agreements.

In response to these facts, Mattel's opposition characterizes the parties' agreement reached on October 6 as a "discussion" about "whether the Discovery Master was available for expert depositions in December." (Opp. at 2.) Mattel twists the facts and begs the question: Why would the parties be discussing the availability of the Discovery Master "*for expert depositions in December*," in the first place, if there was not already an agreement to conduct depositions during that time? To be clear, the parties had an agreement to conduct expert depositions in December, and it was an agreement upon which both MGA and MGA's experts relied. As a result, Mr. Malackowski is entirely engaged in analyzing and

---

[1] Dkt. No. 8468, filed on August 6, 2010, ¶ 9.

2

MGA's Reply ISO Motion for Protective Order re
Notice of Deposition of James Malackowski
CV-04-9049 DOC (RNBX)

responding to Mattel's *3,000 page* expert damages report.  MGA is entitled to have its expert respond fully and completely to Mattel's damages report, and allowing Mr. Malackowski's deposition now would jeopardize his ability to do so.

Moreover, with respect to the Stipulation and Order, any lack of cooperation in scheduling expert depositions is due to Mattel's conduct.  On November 10, Mattel noticed Mr. Malackowski for deposition *on three business days' notice*, and in violation of the parties' agreement.  When MGA reminded Mattel of its obligations, Mattel insisted on a meet and confer on Thursday, November 11.  MGA did so at its earliest opportunity on November 12, *less than twenty-four* after Mattel's request.  In the meantime, Mattel unilaterally sought to have the Discovery Master intervene (Mot. at 6); failed to have both lead counsel attend the meet and confer (Mot. at 2); and provided a basis for Mr. Malackowski's deposition that, as explained below, was entirely bogus.  A protective order is warranted on these grounds alone.

**B.     THE DECEMBER 22 HEARING DATE DOES NOT NECESSITATE MR. MALACKOWSKI'S EXPEDITED DEPOSITION.**

At the November 17 hearing, the Court communicated to the parties that Daubert hearings would be completed by December 22, absent an agreement that experts would not be discussed in opening statements.  Seizing on the opportunity, Mattel now contends that it needs to depose Mr. Malackowski before November 26 in order to timely brief a Daubert challenge before the December 22 hearing.  (Opp. at 2.)  Mattel's argument is premature, in the first place, because the parties have not even met and conferred on the briefing schedule for Daubert motions, which the Court ordered the parties to do.  Mattel cannot argue that it is "unworkable" to take Mr. Malackowski's deposition in early December, if Mattel does not even know *when* it will be filing its Daubert motions.  Moreover, accepting Mattel's argument on its face (i.e., that it needs to depose experts before December 1) would mean that neither party could mount a Daubert challenge against any *rebuttal* experts, since

rebuttal reports are not due until December 1. This is, of course, an implausible result, but one that is inevitably drawn from Mattel's flawed argument.[2] As such, Mattel's argument with respect to the December 22 hearing does not support its purported need for the expedited deposition of Mr. Malackowski.[3]

### C. MATTEL CANNOT USE ITS SUMMARY JUDGMENT MOTION TO JUSTIFY AN EXPEDITED DEPOSITION.

Mattel's argument that it needs *fact* testimony from MGA's damages expert for its summary judgment motion on MGA's Counterclaims in Reply (Opp. at 5) is equally unavailing. First, Mattel has already filed its motion for summary judgment on November 15.[4] In this regard, Mattel's argument is rendered moot. Second, to the extent that Mattel seeks Mr. Malackowski's testimony for its *reply* brief in support of summary judgment, MGA simply notes that Mattel's reply is due on December 13, after the service of rebuttal expert reports.[5] Whatever testimony Mattel *thinks* it needs from Mr. Malackowski, Mattel will have ample opportunity to depose Mr. Malackowski *during the agreed-upon time for expert depositions,* and before its reply brief is due. Mattel cannot use its summary judgment motion as an excuse to seek Mr. Malackowski's expedited deposition.

Moreover, Mattel's stated purpose for wanting Mr. Malackowski's testimony

---

[2] If the Court requires Mr. Malackowski to submit to a deposition *now*, Mattel's argument based on the December 22 hearing undercuts any future need by Mattel to depose Mr. Malackowski a *second* time. As such, MGA requests that, if the Court orders Mr. Malackowski's deposition before December, Mattel be given only one session, and that Mr. Malackowski not be subject to multiple depositions, including on any date after he submits his rebuttal report.
[3] To the extent that Mattel complains that it also needs to defend the depositions of its *twenty* experts during December 6-17, it is a problem of Mattel's own making. Mattel served *twenty* expert reports on MGA, in disregard of the Court's admonitions to the parties to limit the number of experts. MGA submits that a simple solution would be for Mattel to drop all but a handful of experts, and Mattel's concerns about scheduling would be mitigated.
[4] Notably, in its motion for summary judgment, Mattel did not raise the fact that it was seeking Mr. Malackowski's testimony, nor did it reserve the right to supplement its brief on these grounds. Indeed, Mattel's silence on this issue illustrates that it has not suffered, nor will it suffer, any prejudice if it must wait two weeks to depose MGA's damages expert.
[5] See Stipulation Regarding Briefing Schedule On Motions For Summary Judgment Re Counterclaims in Reply, Dkt. No. 9270, filed on 11/13/10.

1  is improper in the first place.  Mattel continues to insist that Mr. Malackowski's
2  report is the only "evidence" MGA has provided on the *fact* of damages.  (Opp. at
3  4.)  Mattel makes this argument even though Mr. Malackowski's report explicitly
4  states that "[f]or each element of damages addressed in this report, I have *assumed*
5  that there will be a finding that Mattel is liable with regard to at least that claim"
6  and "[t]hat *assumption* is made exclusively for the purpose of *calculating* potential
7  damages in this matter and ***in no way represents a legal or factual conclusion by***
8  ***me in that regard***."  (Malackowski Expert Report at 13.)  Mattel attempts to bolster
9  its argument by pointing to purported deficiencies in MGA's discovery responses
10 and Rule 30(b)(6) testimony.  This is completely irrelevant.  Just because *Mattel*
11 does not think MGA has sufficient evidence to prove up its Counterclaims in Reply
12 does not convert MGA's damages expert into a fact witness.  Again, Mattel offers
13 no reason for seeking the expedited deposition of Mr. Malackowski, and a
14 protective order should be granted.

15      **D.  MGA WOULD SUFFER PREJUDICE IF FORCED TO
16          PRODUCE MR. MALACKOWSKI LESS THAN ELEVEN
            DAYS BEFORE HIS REBUTTAL REPORT IS DUE.**

17       Finally, Mattel argues that MGA would suffer no prejudice from Mr.
18 Malackowski spending "a day or two not working on his rebuttal report" because he
19 has been given an entire month to write it.  (Opp. at 6.)  This is incorrect.  As
20 Mattel is well-aware, Mr. Malackowski resides in Chicago.  His deposition in Santa
21 Ana, during this critical time in preparing his rebuttal report *with less than eleven*
22 *days left before the deadline*, would take up *at least* four days (one day of
23 deposition, one day of preparation, and two days of travel).  Furthermore, Mattel's
24 own damages expert, Michael Wagner, served his 3,000 page report on November
25 1.  Nearly two weeks later, on November 12, Mr. Wagner served a "corrected"
26 report, which purported to include a "red-lined version" of the report.[6]  Contrary to

---

[6] MGA's counsel later discovered that the "red-lined version" of Mr. Wagner's corrected expert damages report failed to show all substantive changes from the original version to the corrected version.

1  Mattel's assertion, Mr. Wagner's "corrected" report included a substantive
2  modification to his reasonable royalty numbers, *but failed to include any underlying*
3  *schedules*.  Moreover, on the evening of November 18, Mattel produced an
4  additional *1,136 pages* of documents from Mr. Wagner without any explanation.  It
5  is clear that, as with its deposition notice, Mattel is intent on disrupting Mr.
6  Malackowski as much as possible.

7  MGA is entitled to have Mr. Malackowski prepare his best and complete
8  response to Mattel's $3 billion claim for damages.  Allowing Mattel to take a
9  deposition at this time, after the parties had already agreed to wait until December
10 to conduct expert depositions, would impose an undue burden upon Mr.
11 Malackowski and severely prejudice MGA.  Mattel has advanced no legitimate
12 reason to the contrary.  As such, a protective order against the premature deposition
13 of Mr. Malackowski is warranted.

## CONCLUSION

15  For the foregoing reasons, MGA respectfully requests that the Court
16 grant MGA's Motion for a Protective Order regarding Mattel, Inc.'s Notice of
17 Deposition of James Malackowski.

19                                    Respectfully submitted

20 Dated:   November 19, 2010         ORRICK, HERRINGTON & SUTCLIFFE LLP

22                                    By:   */s/ Thomas S. McConville*
23                                           Thomas S. McConville
                                             Attorneys for MGA Parties