ANNETTE L. HURST (State Bar No. 148738)
ahurst@orrick.com
WARRINGTON S. PARKER III (State Bar No. 148003)
wparker@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
405 Howard Street
San Francisco, CA 94105-2669
Tel: (415) 773-5700/Fax: (415) 773-5759

WILLIAM A. MOLINSKI (State Bar No. 145186)
wmolinski@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA 90017
Tel. (213) 629-2020/Fax: (213) 612-2499

THOMAS S. MCCONVILLE (State Bar No. 155905)
tmcconville@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
4 Park Plaza, Suite 1600
Irvine, CA 92614-2258
Tel: (949) 567-6700/Fax: (949) 567-6710

Attorneys for MGA Parties

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>　　　　　Defendant.<br><br>AND CONSOLIDATED ACTIONS. | Case No. CV 04-9049-DOC (RNBx)<br>Consolidated with: Case No. CV 04-9059 and Case No. CV 05-2727<br><br>Hon. David O. Carter<br><br>**MGA PARTIES' NOTICE OF MOTION AND MOTION TO UNSEAL SUMMARY JUDGMENT-RELATED FILINGS**<br><br>Date:　　TBD<br>Time:　　TBD<br>Courtroom: 9D<br><br>Trial Date: January 11, 2011 |

1 | TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2 |     PLEASE TAKE NOTICE that on a date to be determined by the Court or as soon thereafter as the matter may be heard before The Honorable David O. Carter, located at 411 West Fourth Street, Santa Ana, California, MGA Entertainment, Inc. and its related co-parties ("MGA Parties") will, and hereby do, move this Court to unseal all documents filed in connection with the parties' motions for summary judgment, oppositions and replies. This motion is made on the grounds that the public, and the parties, have a right to review the under seal filings. In addition, trial is approximately one month away, and the information needs to be unsealed for a public trial.

    This motion is based upon this notice, the attached Memorandum of Points and Authorities, the Proposed Order filed herewith, and the pleadings and records on file herein, and on such oral argument as may be presented by the parties at the hearing.

### Certification of Compliance

    At various times, including on a December 1, 2010 teleconference, lead counsel for Mattel and MGA met and conferred regarding whether Mattel would agree to the unsealing of the filings related to summary judgment. The parties have been unable to reach resolution or agreement.

Dated:   December 7, 2010          ORRICK, HERRINGTON & SUTCLIFFE LLP


By:   */s/ Thomas S. McConville*
      Thomas S. McConville
      Attorneys for MGA Parties

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. THERE IS A STRONG PRESUMPTION IN THE NINTH CIRCUIT THAT SUMMARY JUDGMENT FILINGS WILL BE UNSEALED.

The MGA Parties seek to have all the summary judgment-related filings unsealed that have been filed since October 1, 2010. As the Ninth Circuit stated in Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1179 (9th Cir. 2006):

> We acknowledged explicitly in San Jose Mercury News, 187 F.3d at 1102, and later confirmed in Foltz, 331 F.3d at 1136, that the strong presumption of access to judicial records applies fully to dispositive pleadings, including motions for summary judgment and related attachments. We adopted this principle of disclosure because the resolution of a dispute on the merits, whether by trial or summary judgment, is at the heart of the interest in esuring the "public's understanding of the judicial process and of significant public events." Valley Broadcasting, 798 F.2d at 1294.

Thus, the MGA Parties simply seek that which the Ninth Circuit has explicitly acknowledged.

In an earlier phase of this case, during summary judgment, Judge Larson echoed the sentiment of the Ninth Circuit in Kawakana, and directed that the summary judgment motions, and related attachments, be unsealed (with a few exceptions). At that time, Judge Larson told the parties that there would be a presumption that all documents related to the summary judgment motions which were filed would be open to the public, and that the AEO designation would not apply:

> But the presumption is going to be that all documents being used in summary judgment, like the presumption that all documents used at a public trial, will be open, subject to a particularized showing of good cause that a particular document needs to be maintained under seal.
>
> . . .
>
> But the presumption is going to be—all the AEO that you've been designated, that was pursuant to a discovery-phase protective order. That does not apply to the motion for summary judgment. That's not going to apply. It's going to be lifted for the motion for summary judgment; it's going to be lifted for trial, subject to any further order

of this Court that a particular document needs to be under seal.

Docket No. 8951-2 (Exhibits to Declaration of Thomas S. McConville), p. 3-4.

Mattel agreed to the unsealing of the summary judgment filings before Judge Larson: "We're fine with the Court so ordering the unsealing of the balance of the MSJ documents as of today." Docket No. 8951-4, p. 5. Mattel also agreed that it would be a public trial "unless Mattel can make an evidentiary showing that something should not be part of the public record." Docket No. 8951-2 at 7.

To the extent Mattel opposes the unsealing of all information related to the summary judgment motions, it bears the heavy burden of showing compelling reasons to support secrecy. "Those who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that 'compelling reasons' support secrecy." Kawakana, 447 F.3d at 1180. Mattel must establish why its summary judgment-related filings must be maintained under seal. Any blanket assertion by Mattel concerning its trade secrets – particularly those which are almost 5 years old -- cannot satisfy that burden. "[C]ourts should not simply take representations of interested counsel on faith." In re Iowa Freedom of Information Council, 724 F.2d 658, 662 (8th Cir. 1984).

Further, unless Mattel requests a sealed trial – which MGA would oppose – the information put at issue by the parties in the summary judgment related filings will be part of the public record a few weeks from now. And, the hearings on summary judgment were likewise public proceedings. There is no purpose for any further delay in unsealing the summary judgment-related filings, in accord with Kawakana and prior practice in this case.

Unsealing the summary judgment related filings will likewise assist the MGA Parties in preparing for the upcoming trial, including review of relevant documents and witness testimony which will all be part of a public trial in a few short weeks. Any further delay in carrying out the directives of the Ninth Circuit in Kawakana

- 3 -

MGA PARTIES' NOTICE OF MOTION AND MOTION TO UNSEAL SUMMARY JUDGMENT-RELATED FILINGS
CASE NO. CV 04-9049-DOC (RNBx)

1 | will hinder the MGA Parties' efforts at trial.

2 | II. **CONCLUSION**

3 | For the foregoing reasons, the MGA Parties respectfully request that the Court unseal all summary judgment-related documents filed since October 1, 2010.

Respectfully submitted,

Dated: December 7, 2010           ORRICK, HERRINGTON & SUTCLIFFE LLP

By: */s/ Thomas S. McConville*
Thomas S. McConville
Attorneys for MGA Parties