**SCHEPER KIM & HARRIS LLP**
DAVID C. SCHEPER (State Bar No. 120174)
dscheper@scheperkim.com
ALEXANDER H. COTE (State Bar No. 211558)
acote@scheperkim.com
601 W. Fifth Street, 12th Floor
Los Angeles, CA 90071
Telephone:   (213) 613-4655
Facsimile:    (213) 613-4656

**LAW OFFICES OF MARK E. OVERLAND**
MARK E. OVERLAND (State Bar No. 38375)
mark@overlaw.net
100 Wilshire Blvd., Suite 950
Santa Monica, CA 90401
Telephone: (310) 459-2830
Facsimile: (310) 459-4621

Attorneys for Carlos Gustavo Machado Gomez

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| CARTER BRYANT,<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC,<br><br>Defendant.<br><br>AND CONSOLIDATED CASES<br><br>CONFIDENTIAL –<br>ATTORNEYS' EYES ONLY<br>FILED UNDER SEAL<br>PURSUANT TO PROTECTIVE<br>ORDER | **CASE NO. CV 04-9049 DOC (RNBx)**<br><br>**Consolidated with CV 04-9059 and CV 05-2727**<br><br>**GUSTAVO MACHADO'S NOTICE OF MOTION AND MOTION FOR ADDITIONAL TIME TO MOVE *IN LIMINE* TO EXCLUDE THE OPINIONS OF MICHAEL WAGNER; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>**Date**:   TBA<br>**Time**:   TBA<br>**Crtrm**: Honorable David O. Carter<br><br>**Discovery Cut-off:** October 4, 2010<br>**Pre-trial Conf.:**    January 4, 2010<br>**Trial:**                   January 11, 2010 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that at a time and date to be determined by the Court, in the courtroom of the Honorable David O. Carter, located at 411 West Fourth Street, Santa Ana, CA 92701-4516, Carlos Gustavo Machado Gomez will, and hereby does, move for a brief extension to the deadline for moving *in limine* for an order excluding the opinions of Michael Wagner concerning Mr. Machado from trial.

The motion is brought on the grounds that although Mr. Wagner claims that Mr. Machado must pay Mattel millions of dollars of in "unjust enrichment" or "royalties" related to documents he supposedly took from Mattel Servicios, Mattel's counsel refused to permit Mr. Machado's counsel to depose Mr. Wagner until the day motions *in limine* were due.

This motion is based upon this Notice, the attached Memorandum of Points and Authorities, the records and files herein and such other evidence and argument that may be presented to the Court at the hearing.

### Statement of Local Rule 7-3 Compliance

Counsel for Mr. Machado met and conferred with counsel for Mattel on this motion on December 9, 2010.

DATED: December 9, 2010     Respectfully submitted,

SCHEPER KIM & HARRIS LLP
ALEXANDER H. COTE

LAW OFFICES OF MARK E. OVERLAND
MARK E. OVERLAND
By: /s/ *Alexander H. Cote*
    ALEXANDER H. COTE

*/s/ Mark E. Overland*
MARK E. OVERLAND

Attorneys for Carlos Gustavo Machado Gomez

## I. MEMORANDUM OF POINTS AND AUTHORITIES

Mattel has designated Michael Wagner as its "damages expert" in this case. Wagner purports to have calculated "Gustavo Machado's unjust enrichment related to the theft of Mattel trade secrets, confidential information and other documents…" (Wagner Report at 6.) He opines that the total amount of Mr. Machado's unjust enrichment is $6,512,130. (*Id.*) Wagner also opines that Mr. Machado should pay a "royalty" to Mattel for these documents in the amount of $4,341,420.

Despite its attempt to obtain a multimillion dollar judgment against Mr. Machado, Mattel refused to allow Mr. Machado to ask even a single question of Wagner at his December 8, 2010 deposition. Instead, Mattel unilaterally suspended the deposition, and refused to make Mr. Wagner available again until December 10, 2010, the same day as the motion *in limine* deadline in this case. As of the date of this writing, Mr. Wagner's deposition has not yet resumed.

Rule 26(b)(4) of the Federal Rules of Civil Procedure grants every party the right to conduct a deposition of expert witnesses whose testimony may be presented at trial. Mattel's refusal to permit Mr. Machado to conduct that deposition until the very day *in limine* motions are due is a violation of that rule. Indeed, assuming the deposition goes forward on December 10, 2010 as planned, Mr. Machado will not receive even a *rough* copy of the deposition transcript until that evening, at the earliest – the same time motions *in limine* are due.

Unless Mr. Machado is granted additional time to move *in limine* to exclude Mr. Wagner's opinions, he will be denied any meaningful opportunity to challenge Mattel's $6.5 million money grab before trial. Accordingly, Mr. Machado

//

//

1 | respectfully requests that the Court grant him until Monday, December 13, 2010 to
2 | move *in limine* to exclude Mr. Wagner's opinions.

4 | DATED: December 9, 2010          Respectfully submitted,

SCHEPER KIM & HARRIS LLP
ALEXANDER H. COTE

LAW OFFICES OF MARK E. OVERLAND
MARK E. OVERLAND
By:   /s/ *Alexander H. Cote*
       ALEXANDER H. COTE

*/s/ Mark E. Overland*
MARK E. OVERLAND

Attorneys for Carlos Gustavo Machado Gomez