QUINN EMANUEL URQUHART & SULLIVAN, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:  (213) 443-3000
Facsimile:  (213) 443-3100

Attorneys for Mattel, Inc. and
Mattel de Mexico, S.A. de C.V.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>MGA ENTERTAINMENT, INC., a California corporation,<br><br>Defendants.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 DOC (RNBx)<br><br>Consolidated with<br><br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>**Hon. David O. Carter**<br><br>**MATTEL'S NOTICE OF MOTION AND MOTION TO EXCLUDE EVIDENCE, ARGUMENT OR REFERENCE TO THE AVAILABILITY OF ENHANCED DAMAGES, ATTORNEYS' FEES OR INJUNCTIVE RELIEF**<br><br>**MOTION *IN LIMINE* NO. 4**<br><br>Date:  TBD<br>Time:  TBD<br>Place:  Courtroom 9D<br><br>**Phase 2**<br>Discovery Cut-off:  October 4, 2010<br>Pre-trial Conference:  January 4, 2011<br>Trial Date:  January 11, 2011 |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT, on a date to be determined by the Court, plaintiff Mattel, Inc. and Mattel de Mexico, S.A. de C.V. (collectively, "Mattel") will, and hereby does, move *in limine* for an order precluding MGA Entertainment, Inc., MGA Entertainment (HK) Limited, MGAE de Mexico and Isaac Larian and Carlos Gustavo Machado Gomez ("MGA"), and their respective counsel and witnesses, from making any argument or reference to:

(i) the possibility that double or treble damages or attorneys' fees may be recovered for claims brought pursuant to the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1964(c), or under California's Uniform Trade Secret Act ("CUTSA"), Cal. Civ. Code § 3426 *et seq.*;

(ii) the fact that any other supplemental remedies may be imposed by the Court post-trial, including the possibility of a permanent injunction.

This Motion is made pursuant to Federal Rules of Evidence 401, 402 and 403 on the grounds that references to supplemental remedies that may be imposed by the Court are properly excluded because they are irrelevant to a jury's deliberations and may confuse or prejudice the jury.

This Motion is based upon this Notice of Motion and Motion, Memorandum of Points and Authorities in support thereof, all pleadings and papers on file in this action, such other evidence or arguments as may be presented to the Court, and such other matters of which this Court may take judicial notice.

1  **Statement of Compliance**

2  Lead counsel met and conferred regarding the issues presented by Mattel's
3  Motion on December 3, 2010 and did not reach a resolution.

4

5  DATED:  December 10, 2010         QUINN EMANUEL URQUHART &
                                      SULLIVAN, LLP
6

7

8                                     By /s/ John B. Quinn
                                         John B. Quinn
9                                        Attorneys for Mattel, Inc. and Mattel de
                                         Mexico, S.A. de C.V.
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Preliminary Statement**

Defendants should be precluded from making any reference to the possibility that enhanced damages and attorneys' fees may be recovered under RICO or CUTSA, or that any other supplemental remedies may be imposed by the Court post-trial, including the possibility of a permanent injunction. Mattel anticipates that defendants—who have, time and again, argued that Mattel's claims are nothing more than a "frivolous suit[] in search of treble damages"—may refer to these provisions to suggest to the jury that Mattel is seeking a "windfall," or in the hope that the jury will downwardly adjust any eventual damages award because of these enhanced damages or the possibility of a permanent injunction. In fact, defendants did just this, improperly, during the Phase 1 trial. Courts uniformly hold that such references are improper and regularly grant motions *in limine* to guard against such argument at trial. This Court should do the same.

**Argument**

**I.   COURTS UNIFORMLY EXCLUDE REFERENCE TO ENHANCED DAMAGES AND ATTORNEYS' FEES PROVISIONS**

It is well-settled that "[j]uries are [] not to be told . . . [in] RICO cases, that damages will eventually be trebled." In re Exxon Valdez, 229 F.3d 790, 799 (9th Cir. 2000). Every Circuit to have considered the issue, including the Ninth Circuit, has upheld the exclusion of such references. See id.; HBE Leasing Corp. v. Frank, 22 F.3d 41, 45-46 (2d Cir. 1994) ("[r]eference to treble damages and attorneys fees is irrelevant to the jury questions of liability and damages and may tend to confuse or prejudice a jury"); Liquid Air Corp. v. Rogers, 834 F.2d 1297, 1308 n. 7 (7th Cir. 1987) (explaining that information regarding RICO's trebling provision is properly excluded because it "is irrelevant to a jury's deliberations and may confuse or prejudice the jury"), cert. denied, 492 U.S. 917 (1989). Likewise, district courts routinely grant motions *in limine* to prevent reference at trial to enhanced damages. See, e.g., In re Tableware Antitrust Litig., 2007 WL 781960, at *3-4 (N.D. Cal. Mar.

13, 2007) (granting motion *in limine* because the "clear precedent" is that "juries should not be made aware of trebling provisions"); Fujisawa Pharm. Co., Ltd. v. Kapoor, 1999 WL 543166, at *17-18 (N.D. Ill. July 21, 1999) ("RICO's treble damage provision is irrelevant to a jury's deliberations and may confuse or prejudice the jury. Such evidence therefore is properly excluded from the jury.") (internal quotation and citation omitted); Vidosh v. Holsapple, 1987 WL 273164, at *12-13 (E.D. Mich. Feb. 2, 1987) ("[T]o inform the jury of a treble damage provision will cause it to adjust its award accordingly and thus distort its true function of finding damages....").[1]

Time and again, defendants have suggested that Mattel's claims against MGA are improperly motivated—including the implication that it is nothing more than a "frivolous suit[] in search of treble damages."[2] Mattel anticipates that defendants may try the same tack before the jury and may refer to the enhanced damages or attorneys' fees provisions provided by RICO or CUTSA to suggest that Mattel is seeking a "windfall," or in the hopes that the jury will downwardly adjust any damages award. But "[t]he message from these cases is the same: juries are to be

---

[1] Similarly, courts have uniformly concluded that mentioning treble damages to the jury is improper in the antitrust context. See, e.g., 4 Sand, Siffert, Reiss & Batterman, MODERN FEDERAL JURY INSTRUCTIONS, § 84.06, at 84-74 to 75 (1993) ("As in antitrust treble damages cases, it is not appropriate to inform the jury of the trebling and attorneys fee provisions.").

[2] Omni's Opp. to Motion for Leave to File Fourth Amended Answer and Counterclaim, dated April 5, 2010 (Dkt. No. 7689) (quoting Chapman & Cole v. Itel Container Int'l B.V., 865 F.2d 676, 685 (5th Cir. 1989)); see also Machado's Reply in Support of Motion to Dismiss Counterclaim Under Rule 12(b)(6), dated May 24, 2010 (Dkt. No. 7950), at 10 (suggesting that "[r]ather than a federal court action with potential treble damages, plaintiff's remedy is to seek damages from defendants for theft of trade secrets") (quoting Bro-Tech v. Thermax, Inc., 651 F. Supp. 2d 378, 405 n. 205 (E.D. Pa. 2009)); Bryant's Motion to Dismiss Counterclaims, dated Feb. 12, 2007 (Dkt. No. 191) (suggesting that Mattel's action is a "frivolous suits in search of treble damages") (quoting Smith v. Our Lady of the Lake Hosp., 960 F.2d 439, 444 (5th Cir. 1992)).

kept free of any outside influence that might lead them to inflate or reduce their damages award in order to 'secure justice' for the parties." In re Exxon Valdez, 229 F.3d at 799. Consistent with this well-settled law, the Court should preclude defendants from making any reference to the fact that enhanced damages or attorneys' fees could be recovered, post-trial, under RICO, CUTSA or any other legal theory.

## II. COURTS ROUTINELY EXCLUDE REFERENCE TO INJUNCTIVE REMEDIES

Because a court's decision whether to grant injunctive relief is purely an equitable matter, a "jury need not be advised of [a party's] equitable claim." Computer Associates Intern., Inc. v. American Fundware, Inc., 831 F.Supp. 1516, 1530 (D. Colo. 1993). Indeed, because such information is not relevant to the issues to be decided by a jury and because it risks confusion and prejudice, courts routinely grant motions *in limine* to exclude reference to the possibility of injunctive or other equitable relief. See id. (granting motion *in limine* precluding reference to claim for injunctive relief); Ciena Corp. v. Corvis Corp., 352 F. Supp. 2d 526, 529 (D. Del. 2005) (court granted motion *in limine* that "required [party] not to refer to the injunctive remedy in the presence of the jury"); Arthrocare Corp. v. Smith & Nephew, Inc., 2003 WL 1905636, at *1 (D. Del. April 14, 2003) (granting "motion *in limine* to preclude [defendant] from referring to injunctive relief that may be sought as a result of a finding of infringement"); Richards Mfg. Co. v. Thomas & Betts Corp., 2005 WL 6043427, at *1 (D. N.J. Oct. 31, 2005) (granting motion in limine to "bar the introduction of evidence that [a party] has sought injunctive relief").

The need for such an order is acute here. During the Phase I trial, MGA repeatedly argued that the possibility of an injunction favored a lower damages

award.[3] But as Judge Larson recognized (after MGA made such arguments to the jury), the "problem" with testimony implicating "the effect of the injunctive relief is that it turns on legal decisions that the Court is going to have to make and that are, I think, quite frankly, so complicated and beyond the purview of the jury that it would be under 403 improper to introduce those to the jury."[4] Without a limiting instruction from this Court, defendants will once again make irrelevant, confusing and prejudicial arguments to the jury regarding the possibility of a future injunction and its impact on MGA. The Court should not permit this.

## Conclusion

For the foregoing reasons, Mattel respectfully requests that the Court issue an order prohibiting MGA from making any argument or reference to the fact that enhanced damages and attorneys' fees are recoverable under RICO and CUTSA, or any argument or reference to any supplemental remedies that may be imposed by the Court post-trial, including the possibility of a permanent injunction.

DATED: December 10, 2010        QUINN EMANUEL URQUHART & SULLIVAN, LLP

By /s/ John B. Quinn
John B. Quinn
Attorneys for Mattel, Inc. and
Mattel de Mexico, S.A. de C.V.

---

[3] See, e.g., Trial Tr., August 7, 2008, at 6385:3-6387:25 (attempting to elicit testimony from damages expert regarding the impact of a possible injunction on MGA's value); Trial Tr., August 20, 2008, at 8111:20-23 (The Court instructed the jury: "Now, you have heard testimony in this case regarding the prospect of an injunction being issued in this case. It is for the Court to decide what, if any, injunctive relief to order.").

[4] See Trial Tr., August 7, 2008, at 6442:17-22.