QUINN EMANUEL URQUHART & SULLIVAN, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:  (213) 443-3000
Facsimile:  (213) 443-3100

Attorneys for Mattel, Inc. and
Mattel de Mexico, S.A. de C.V.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation,<br><br>            Plaintiff,<br><br>   vs.<br><br>MGA ENTERTAINMENT, INC., a California corporation,<br><br>            Defendants.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 DOC (RNBx)<br><br>Consolidated with<br><br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>**Hon. David O. Carter**<br><br>**MATTEL'S NOTICE OF MOTION AND MOTION TO BIFURCATE CALCULATION OF PUNITIVE DAMAGES**<br><br>**MOTION *IN LIMINE* NO. 6**<br><br>Date:   TBD<br>Time:  TBD<br>Place: Courtroom 9D<br><br>**Phase 2**<br>Discovery Cut-off: October 4, 2010<br>Pre-trial Conference: January 4, 2011<br>Trial Date: January 11, 2011 |

00505.07975/3822777.1

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT, on a date to be determined by the Court, plaintiff Mattel, Inc. and Mattel de Mexico, S.A. de C.V. (collectively, "Mattel") will, and hereby does, move the above-entitled Court *in limine* for an order:

(1) bifurcating any calculation of the amount of punitive damages from the liability and compensatory damages phase of this trial; and

(2) excluding all evidence and argument regarding the parties' financial condition or net worth except if offered during the separate punitive damages phase of the trial.

This Motion is made pursuant to <u>California Civil Code</u> § 3295(d) and <u>Federal Rule of Civil Procedure</u> 42(b) on the ground that bifurcation of punitive damages is both required and proper to promote convenience, avoid prejudice and expedite and economize proceedings.

This Motion is based upon this Notice of Motion and Motion, Memorandum of Points and Authorities in support thereof, all pleadings and papers on file in this action, such other evidence or arguments as may be presented to the Court, and such other matters of which this Court may take judicial notice.

**Statement of Compliance**

Lead counsel met and conferred regarding the issues presented by Mattel's Motion on December 3, 2010 and did not reach a resolution.

DATED: December 10, 2010    QUINN EMANUEL URQUHART & SULLIVAN, LLP

By/s/ John B. Quinn
    John B. Quinn
    Attorneys for Mattel, Inc. and Mattel de Mexico, S.A. de C.V.

00505.07975/3822777.1

-i-
MATTEL'S MIL RE BIFURCATION OF PUNITIVE DAMAGES

**Preliminary Statement**

In its 2005 Complaint, MGA has petitioned this court for punitive damages against Mattel. As a defendant facing a claim for punitive damages, Mattel has a statutory right under California law to have any punitive damages proceedings bifurcated. The result is the same under the Federal Rules; bifurcation of punitive damages will promote efficiency and avoid prejudice. The Court should order the issue of the calculation of punitive damages bifurcated from liability and compensatory damages, and should exclude evidence of the parties' financial condition and net worth from the liability and compensatory damages phase.

**Argument**

**I.   BIFURCATION OF PUNITIVE DAMAGES IS PROPER UNDER CALIFORNIA LAW**

Under California law, a defendant has a statutory right to bifurcation of the punitive damages phase of a trial:

> The court shall, on application of any defendant, preclude the admission of evidence of that defendant's profits or financial condition until after the trier of fact returns a verdict for plaintiff awarding actual damages and finds that a defendant is guilty of malice, oppression, or fraud in accordance with Section 3294. Evidence of profit and financial condition shall be presented to the same trier of fact that found for the plaintiff and found one or more defendants guilty of malice, oppression, or fraud.

Cal. Civ. Code § 3295(d); see also Torres v. Automobile Club of So. Cal., 15 Cal. 4th 771, 777-78 (1997), modified, 16 Cal. 4th 89 (1997). Under Section 3295(d), where a plaintiff claims punitive damages, bifurcation is mandatory upon a defendant's motion, and evidence of the parties' net worth or wealth must then be excluded during the liability phase of trial. See id.

The purpose of this statutory right is to prevent undue prejudice that might otherwise occur were the parties permitted to present evidence or argument related to the parties' financial condition during the liability phase of trial. See id.; Las Palmas Assocs. v. Las Palmas Ctr. Assocs., 235 Cal. App. 3d 1220, 1241 (1991)

1  ("On its face, section 3295, subdivision (d) is a codification of the presumption that evidence of a defendant's wealth can induce fact finders to abandon their objectivity and return a verdict based on passion and prejudice."). Bifurcation of the determination of the amount of punitive damages, including evidence of the value of a party's assets, protects against the premature disclosure of a party's financial condition when punitive damages are sought. See Torres, 15 Cal. 4th at 777. This bifurcation ensures that a jury will determine liability based upon the evidence, not passion, prejudice or contempt for or against any party due to their financial resources. See Las Palmas Assocs., 235 Cal. App. 3d at 1241.

The issues involved in calculating the quantum of punitive damages are entirely distinct from the liability phase. Neither party's claims require proof of either party's net worth, and such evidence and argument is irrelevant to any issues to be determined during the liability phase. Accordingly, as California law requires, calculations of punitive damages should be bifurcated and proof of financial condition and net worth should be excluded from the liability and compensatory damages phase.[1]

---

[1] This Court should apply California law (Cal. Civ. Code § 3295(d)) in deciding this motion because it does not conflict with any federal rule. See, e.g., In re USA Commercial Mortgage Co., 2010 WL 4702341, *2 (D. Nev. Nov. 12, 2010). In USA Commercial Mortgage, the district court granted a motion to bifurcate punitive damages and exclude evidence of the defendants' financial status pursuant to a Nevada statute mandating the bifurcation of punitive damages proceedings. Id. at *2. Rejecting the plaintiff's argument that, under Erie, the Federal Rules applied rather than the Nevada statute, the court held: "The Court finds that the bifurcation statute protects defendants' substantive rights to have liability determined untainted by the prejudice that evidence of wealth can produce." Id. The court explained, "[t]here does not appear to be any federal rule in conflict with the bifurcation statute. Federal Rule of Civil Procedure 42(b) permits the Court to bifurcate trials generally for convenience, to avoid prejudice, or to economize, but the rule does not specifically touch on punitive damages." Id. "Because there is no conflict with any federal rule, the Court will defer to the state bifurcation statute for punitive damages." Id.

## II. BIFURCATION OF PUNITIVE DAMAGES IS PROPER UNDER RULE 42(B)

Federal Rule of Civil Procedure 42(b) provides that the "court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any . . . separate issue or of any number of claims, cross-claims, counterclaims, third party claims, or issues." Courts commonly bifurcate the amount of punitive damages from the balance of the proceeding under Rule 42.  See, e.g., Chism v. CHN Am. LLC, 2009 WL 890523 (E.D. Ark. Mar. 30, 2009) (bifurcating punitive damages); Jones v. Cargill, Inc., 490 F. Supp. 2d 978 (N.D. Iowa, 2007) (same); Rotello v. Clayton Homes of Delaware, Inc., 2006 WL 842931 (E.D. Tenn. Mar. 28, 2006) (same).

Rule 42(b) sets forth three grounds upon which a court may bifurcate claims or issues: to avoid prejudice, to promote expedition and economy, and to further convenience.  The presence of any one of these three factors is sufficient to grant bifurcation.  See Saxion v. Titan C-Mfg., Inc., 86 F.3d 553, 556 (6th Cir. 1996). Here, all three are present.

Bifurcating the calculation of punitive damages and excluding evidence of the parties' financial condition from the liability phase would avoid prejudice.  Many courts have noted the possibility for prejudice inherent in any litigation where a large company is pitted against an opponent with smaller financial resources. Evidence of a party's financial condition may improperly prejudice the jury's determination of liability.  See, e.g., Jones, 490 F. Supp. 2d at 988 ("Bifurcation of trial into separate phases to consider punitive damages apart from liability avoids the potential that evidence pertinent to punitive damages, such as the financial status of Defendant, will improperly prejudice the jury's determination of liability").  MGA

has repeatedly commented on Mattel's size and financial wherewithal[2]; there is every reason to expect MGA to do the same at trial.

Bifurcation would also promote judicial economy and would expedite proceedings. While the parties' net worth is not relevant to liability, proof of such issues will be extremely time consuming. For example, the parties vehemently disagree over the proper valuation of MGA in light of Larian's sharply discounted purchase of over $300 million of debt originally owed by MGA to Wachovia and other lenders; all the complicated issues regarding the Larian-Omni transaction would come to the forefront were MGA's net worth at issue since, as Mattel sees it (MGA disagrees), MGA does not legitimately owe the $300 million plus it claims it owes to Omni given that Omni is backed by MGA's own CEO. This contentious issue has the potential to eclipse the underlying issues of liability; the Court should postpone wading into this morass unless and until the jury's findings make it necessary to do so.

The third factor, convenience, also militates in favor of bifurcating the calculation of punitive damages. The same jury would decide punitive damages, so any additional evidence, such as evidence bearing on financial condition, could neatly be offered in a separate proceeding without inconveniencing the jury or any witnesses. Moreover, to the extent there are any witnesses who will testify solely on financial condition, their testimony may be rendered altogether unnecessary by the jury's liability verdicts, which also furthers convenience interests.

---

[2] See, e.g., MGA's Motion for Terminating Sanctions, dated July 23, 2007 (Dkt. No. 689) at 3 ("Mattel is a large, sophisticated company, with seemingly unlimited resources to conduct scorched-earth litigation. It has retained prominent outside counsel, and more than 30 lawyers have appeared in this case on its behalf."); MGA's Expedited Appeal and Opposition to Motion for Reconsideration of Stay, dated January 11, 2010 (Dkt. No. 7192628, filed in the Ninth Circuit) at 14-15 (arguing that Mattel is "paying battalions of lawyers well over $100 million").

### III. ANY MINIMAL PROBATIVE VALUE OF NET WORTH EVIDENCE IS SUBSTANTIALLY OUTWEIGHED BY THE RISK OF UNDUE PREJUDICE AND DELAY

The admission of financial condition and net worth evidence during the liability phase should be denied under Rule 403, in any case. The probative value of net worth evidence, if any, is outweighed by the risk that the jury will decide issues of liability based on irrelevant evidence; the jury cannot find against Mattel because Mattel is the larger company, but the admission of MGA's arguments may incite it to do so. Moreover, given the direct relevance of the Omni issues to the issue of MGA's net worth – more than 15 witnesses listed on the parties' witness lists are slated to offer testimony on this topic – admission of this evidence threatens to utterly confuse the jury as to the core issues to be tried.

### Conclusion

For the foregoing reasons, Mattel respectfully requests that the Court grant this motion in its entirety.

DATED: December 10, 2010     QUINN EMANUEL URQUHART & SULLIVAN, LLP

By   /s/ John B. Quinn
    John B. Quinn
    Attorneys for Mattel, Inc. and
    Mattel de Mexico, S.A. de C.V.