QUINN EMANUEL URQUHART & SULLIVAN, LLP
  John B. Quinn (Bar No. 090378)
  (johnquinn@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:  (213) 443-3000
Facsimile:   (213) 443-3100

Attorneys for Mattel, Inc., and Mattel de Mexico, S.A. de C.V.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation,<br><br>               Plaintiff,<br><br>       vs.<br><br>MGA ENTERTAINMENT, INC., a California corporation, et al.,<br><br>               Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 DOC (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>Hon. David O. Carter<br><br>**MATTEL'S NOTICE OF MOTION AND MOTION TO EXCLUDE EVIDENCE NOT DISCLOSED IN DISCOVERY RE: "TEST" PROJECT**<br><br>**MOTION *IN LIMINE* NO. 8**<br><br>Hearing Date:   TBD<br>Time:           TBD<br>Place:          Courtroom 9D<br><br>Discovery Cut-off:  October 4, 2010<br>Pre-trial Conf:     January 4, 2011<br>Trial Date:         January 11, 2011 |

00505.07975/3790109.3

MATTEL'S MIL RE "TEST" PROJECT

1  TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2        PLEASE TAKE NOTICE that, on a date to be determined by the Court, Mattel, Inc. and Mattel de Mexico, S.A. de C.V. (collectively, "Mattel") will, and hereby do, move the above-entitled Court for an order precluding MGA Entertainment, Inc., MGA Entertainment (HK) Ltd., MGAE de Mexico, S.R.L. de C.V., Isaac Larian and Carlos Gustavo Machado (collectively "MGA" or the "MGA Parties"), and their respective counsel and witnesses, from introducing any evidence or argument concerning, or making reference to, the allegation that Carter Bryant's work for MGA while he was still employed by Mattel was a "test" project, "tryout" or similar experimental or temporary engagement.

       This Motion is made pursuant to <u>Federal Rule of Procedure</u> 26 and 37 on the grounds that when asked about this issue in an Interrogatory, MGA responded that it was making no such assertion in this action. Thus, any attempt by MGA to introduce such evidence or argument would be in violation of the rules prohibiting false or misleading discovery responses and/or the rules requiring parties to supplement a discovery response when they become aware the response is inaccurate. In either event, the appropriate sanction is exclusion.

       This Motion is based upon this Notice of Motion and Motion, Memorandum of Points and Authorities, all pleadings and papers on file in this action, such other evidence or argument as may be presented to the Court, and such other matters of which this Court may take judicial notice.

## Statement of Compliance

1 | 
2 | Lead counsel met and conferred regarding the issues presented by Mattel's
3 | motion on December 3, 2010 and did not reach a resolution.
4 | DATED: December 10, 2010     QUINN EMANUEL URQUHART & SULLIVAN. LLP

By /s/ John B. Quinn
John B. Quinn
Attorneys for Mattel, Inc. and Mattel de Mexico. S.A. de C.V.

**Preliminary Statement**

MGA has previously attempted to argue, in defense of Mattel's aiding and abetting claims relating to Carter Bryant, that Bryant's work for MGA while he was still employed by Mattel was merely a "tryout" or "test project" as part of his application for employment at MGA. While Bryant claimed this during deposition, MGA denied in response to an interrogatory that Bryant's work was ever a "tryout" or "test" project in order to avoid discovery into such issues (after objecting to the relevance in the first instance). Defendants should not be allowed to argue or introduce evidence at trial that Bryant's work for MGA while he was still employed by Mattel was merely a "tryout" or "test" project since it took the contrary position in discovery.

**Background**

At his deposition in 2004, Bryant testified that the work he did for MGA while he was still employed at Mattel was merely a "test" project as a "tryout" for employment with MGA.[1] MGA, however, disclaimed this in discovery.

After MGA successfully argued that an interrogatory would be less burdensome than a 30(b)(6) deposition on a topic asking MGA to identity of each person who MGA caused or asked to perform any "test project" in consideration of employment,[2] Mattel propounded the following supplemental interrogatory on MGA: "IDENTIFY, fully and completely, each and every TEST PROJECT that YOU caused, had, requested, asked or solicited any PERSON to perform during the time period January 1, 1998 through

---

[1] Bryant Depo. Tr., Vol. 1, dated November 4, 2004, at 178:3-18 ("I did sort of a tryout kind of a project for them. . . . [M]y understanding [was] that this was kind of a test to see how well I would do, you know, with working with the team, working with direction.").

[2] Third Notice of Deposition of MGA Entertainment, Inc. Pursuant to Federal Rule of Civil Procedure 30(b)(6), dated June 5, 2007; Discovery Master Infante's Order Granting In Part And Denying In Part Mattel's Motion to Compel MGA To Produce Witnesses Pursuant to Third Notice of Deposition Under Rule 30(b)(6), dated September 25, 2007 (Dkt. No. 1013).

December 31, 2004, inclusive, and IDENTIFY all PERSONS with knowledge thereof and all DOCUMENTS that REFER OR RELATE TO such TEST PROJECT."[3] "TEST PROJECT" was defined to include "any DESIGN, project, assignment or other work of any kind created, developed, improved upon or performed by any candidate, interviewee, applicant or prospective or potential employee or independent contractor in advance of, in consideration of, or otherwise as part of or in connection with any interview or interviewing process for, employment or contracting or potential employment or contracting of any kind."[4]

On November 19, 2007, MGA served its response to this supplemental interrogatory, after objecting that the interrogatory sought irrelevant information. MGA responded that "MGA does not contend that it caused, had, requested, asked or solicited Bryant to perform a TEST PROJECT."[5] Mattel's motion to compel a further response was denied.[6]

## Argument

### I. MGA SHOULD BE PRECLUDED FROM ARGUING THAT BRYANT'S WORK WAS A "TEST PROJECT" OR "TRYOUT"

In defending against Mattel's aiding and abetting claims, MGA has previously argued that Bryant's work for MGA while he was still employed by Mattel was merely "an informal 'try-out' project for MGA -- an accepted industry hiring practice . . . ."[7]

---

[3] Mattel, Inc.'s Supplemental Interrogatory Pursuant to Order Dated September 25, 2007, dated October 19, 2007.

[4] Id.

[5] MGA's Objections and Responses to Mattel, Inc.'s Supplemental Interrogatory, dated November 19, 2007.

[6] See Discovery Master Infante's Order Denying Mattel's Motion to Compel a Complete Response to Mattel's Supplemental Interrogatory re Test Projects, dated March 10, 2008 (Dkt. No. 2557).

[7] MGA's Opposition to Mattel's Motion for Partial Summary Judgment, dated March 24, 2008 (Dkt. No. 2784) at 20.

However, in discovery, MGA claimed it "does not contend that it caused, had, requested, asked or solicited Bryant to perform a TEST PROJECT."[8]  The Court should preclude MGA from arguing or introducing evidence otherwise now to avoid unfair prejudice to Mattel, which relied on MGA's representations in discovery.

Federal Rule of Civil Procedure 37(a)(4) provides that an evasive or incomplete response to an interrogatory must be treated as a "failure" to respond to the interrogatory.  Under Rule 37(d)(1)(A)(ii), a party that "fails" to answer an interrogatory is subject to sanctions which, under Rule 37(d)(3), include prohibiting a party from "introducing designated matters in evidence."  See Fed. R. Civ. P. 37(b)(2)(A)(ii); Hoffman v. Construction Protective Servs., Inc., 541 F.3d 1175, 1180 (9th Cir. 2008) (motion *in limine* is proper vehicle to seek exclusion of evidence not timely disclosed in pleadings or discovery); see, e.g. GenSci OrthoBiologics v. Osteotech, Inc., 2001 WL 36239743, at *10 (C.D. Cal. Oct. 18, 2001) (granting motion *in limine* to exclude evidence of inequitable conduct because, *inter alia*, party "failed to disclose its intentions regarding inequitable conduct in its responses to interrogatories expressly seeking to elicit such disclosure"); Tech. Licensing Corp. v. Thomson, Inc., 2005 WL 1562225, at *5 (E.D. Cal. June 30, 2005) (granting motion to exclude evidence where party did not supplement response to interrogatory).

Further, Rule 26 states that a party who has responded to an interrogatory "must supplement or correct" its response "in a timely manner if the party learns that in some material respect the . . . response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process . . . ." Fed. R. Civ. P. 26(e)(1)(A). Moreover, "[i]f a party fails to provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information . . . at a trial, unless the failure was substantially justified or is

---

[8] MGA's Objections and Responses to Mattel's Supplemental Set of Interrogatories, dated Nov. 19, 2007, at 2, 7, 9 and 10.

harmless . . . ." Fed. R. Civ. P. 37(c)(1); see also Tech. Licensing Corp. v. Thomson, Inc., 2005 WL 1562225, at *5 (E.D. Cal. June 30, 2005) (granting motion to exclude evidence where party did not supplement response to interrogatory).

Here, MGA has affirmatively disclaimed that Bryant's work for MGA while he was still working for Mattel was a "test" project or a "tryout." If MGA were to attempt to introduce evidence or argument to the contrary, then its interrogatory response was evasive and/or inaccurate. MGA should not be permitted to introduce evidence or argue that that solicited or requested or in any way caused any claimed "test" project work from Bryant given MGA's positions in discovery.

The Court previously agreed and granted Mattel's motion *in limine* on this issue, and nothing has changed since then in this regard.[9]

## Conclusion

For the foregoing reasons, Mattel respectfully requests that the Court preclude defendants from asserting, relying on, making any argument based on, or introducing evidence that Carter Bryant's work for MGA while he was still employed by Mattel was a "test" project, "tryout" or similar experimental or temporary engagement.

DATED: December 10 , 2010        QUINN EMANUEL URQUHART &
                                 SULLIVAN. LLP


                                 By  /s/ John B. Quinn
                                    John B. Quinn
                                    Attorneys for Mattel, Inc. and Mattel de
                                    Mexico. S.A. de C.V.

---

[9] See Final Pre-Trial Conference Order for Phase 1 Trial, dated June 7, 2008 (Dkt. No. 3950) at 16 (precluding evidence regarding "test project").