QUINN EMANUEL URQUHART & SULLIVAN, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:  (213) 443-3000
Facsimile:  (213) 443-3100

Attorneys for Mattel, Inc. and
Mattel de Mexico, S.A. de C.V.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>MGA ENTERTAINMENT, INC., a California corporation,<br><br>Defendants.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 DOC (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>**Hon. David O. Carter**<br><br>**MATTEL'S NOTICE OF MOTION AND MOTION TO EXCLUDE TESTIMONY OF UNDISCLOSED WITNESSES**<br><br>**MOTION *IN LIMINE* NO. 24**<br><br>Date:  TBD<br>Time:  TBD<br>Place:  Courtroom 9D<br><br>**Phase 2**<br>Discovery Cut-off:  October 4, 2010<br>Pre-trial Conference:  January 4, 2011<br>Trial Date:  January 11, 2011 |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT, on a date to be determined by the Court, plaintiff Mattel, Inc. and Mattel de Mexico, S.A. de C.V. (collectively, "Mattel") will, and hereby does, move the Court for an order *in limine* precluding MGA Entertainment, Inc., MGA Entertainment (HK) Ltd., MGAE de Mexico, S.R.L. de C.V., Isaac Larian, and Carlos Gustavo Machado Gomez (collectively, "MGA"), and their respective counsel and witnesses, from offering the testimony of Art Ortega, Mark Oates, Matthew Dubois, Janice Foti, Gustavo Machado, Sr., Steven Olson, and Paul Caldera.

This Motion is made pursuant to Federal Rules of Civil Procedure 26 and 37 on the grounds that Defendants failed to list these witnesses in their initial disclosures or otherwise indicate through discovery that Defendants intended to offer their testimony at trial.

This Motion is based upon this Notice of Motion and Motion, Memorandum of Points and Authorities in support thereof, all pleadings and papers on file in this action, such other evidence or arguments as may be presented to the Court, and such other matters of which this Court may take judicial notice.

**Statement of Compliance**

Lead counsel met and conferred regarding the issues presented by Mattel's Motion on Dec. 3, 2010 and did not reach a resolution.

DATED: December 10, 2010        QUINN EMANUEL URQUHART & SULLIVAN, LLP

By  */s/ John B. Quinn*
   John B. Quinn
   Attorneys for Mattel, Inc. and Mattel de Mexico, S.A. de C.V.

**Preliminary Statement**

On December 6, 2010, after the close of all fact discovery and on the eve of trial, MGA submitted a proposed witness list with at least 10 individuals listed who had never been previously identified in MGA's Rule 26(a) disclosures or discovery responses as individuals on whose testimony defendants would rely. Testimony from these proposed witnesses should be precluded.

**Argument**

**I.    THE FEDERAL RULES PROHIBIT DEFENDANTS FROM OFFERING SURPRISE WITNESSES ON THE EVE OF TRIAL**

The Federal Rules of Civil Procedure mandate that parties disclose the names of individuals the disclosing party may use to support its claims or defenses at trial. Fed. R. Civ. P. 26(a). To encourage complete and timely disclosure, a party who fails to make the required disclosures is "not allowed to use that information or witness to supply evidence . . . at trial," unless they can overcome their burden to show that the failure was "substantially justified" or "harmless." Fed. R. Civ. P. 37(c); see Wong v. Regents of Univ. of Cal., 410 F.3d 1052, 1062 (9th Cir. 2005) (witnesses first disclosed months before trial properly excluded under Rule 37 because delay was without "substantial justification"); see also Kempf v. Barrett Business Services, Inc., 2009 WL 1975439, at *2 (9th Cir. June 22, 2009) (The sanctions for failing "to disclose a witness in accordance with Rule 26(a) are automatic under Rule 37(c) unless the non-disclosing party can show its failure was substantially justified or harmless.").

Rule 37's firm sanctions are "self-executing" in order to provide a strong incentive for "strict" adherence to the early and complete disclosures the Rules envision. See Yeti By Molly, Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1106 (9th Cir. 2001). Courts routinely preclude late-disclosed witnesses by motion *in limine*. See, e.g., Astudillo v. County of Los Angeles, 2005 WL 5957822, at *2 C.D. Cal. April 18, 2005) (excluding 13 previously undisclosed witnesses from

trial); GenSci OrthoBiologics v. Osteotech, Inc., 2001 WL 36239743, at *14 (C.D. Cal. April 14, 2001) (excluding a previously undisclosed witness from trial). The Court should do so here.

MGA's witness list identifies at least 10 individuals (Mattel just received MGA's witness list and is continuing to analyze it) that it has never previously disclosed in its Rule 26 disclosures or other discovery responses as having relevant evidence, much less appearing as potential witnesses at trial. These witnesses are not newly discovered—there is no reason they should not have been disclosed sooner. Gustavo Machado, Sr., *the father of a defendant in this case,* should have been identified as someone defendants would rely on from the outset of this case. Similarly, Paul Caldera, who submitted a declaration on MGA's advertising expenditures in connection with its opposition to Mattel's motion for summary judgment (but had not previously been disclosed as someone MGA would rely on), states that MGA has been a client since July 2006.[1] These delays are not "substantially justified."

Nor is MGA's delay "harmless." Several witnesses, according to MGA's descriptions, would testify on key issues as to which Mattel has repeatedly sought discovery. For example, two newly disclosed witnesses (Art Ortega and Mark Oates) are slated to testify regarding tax matters related to Bryant's "indemnity obligation,"[2] a matter which MGA repeatedly tried to shield from Mattel's discovery attempts.[3] Another, Steven Olson, is a former MGA attorney at O'Melveny & Myers, who will testify regarding his discussions with Pablo Vargas—discussions which MGA previously asserted were shielded by the attorney-client privilege,[4]

---

[1] See Declaration of Paul Caldera, dated Aug. 19, 2010, at ¶ 2.
[2] Joint Witness List of MGA Parties and Machado (Dkt. No. 9322), at 16.
[3] See, e.g., MGA's Motion to Quash Mattel's Subpoena to the Internal Revenue Service, dated May 14, 2010 (Dkt. No. 7856).
[4] Dkt. No. 9322 at 141.

including in opposition to Mattel's final motion to compel,[5] thus preventing Mattel from obtaining discovery into the very interview MGA now seeks to offer at trial. MGA even intends to call a paralegal at its outside law firm, Orrick, apparently to testify concerning discovery and document production in this case.[6]  These witnesses do not appear even in MGA's updated supplemental Rule 26 disclosures served two months ago.[7] MGA's delay has been "harmful and without substantial justification." Oilier v. Sweetwater Union High School Dist., 267 F.R.D. 339, 344 (S.D. Cal. 2010).

## Conclusion

For the foregoing reasons, Mattel respectfully requests that the Court grant this motion in its entirety.

DATED: December 10, 2010     QUINN EMANUEL URQUHART & SULLIVAN, LLP

By  */s/ John B. Quinn*
    John B. Quinn
    Attorneys for Mattel, Inc. and
    Mattel de Mexico, S.A. de C.V.

---

[5] See MGA Parties' Opposition to Motion to Compel Re Pending Discovery Matters Pursuant to the Court's September 9, 2010 Order, dated Sept. 22, 2010 (Dkt. No. 8821) at 18 (arguing that notes from Mr. Olsen's meeting with Mr. Vargas are privileged and that MGA made no "representation as to what exactly Mr. Vargas said during his 2007 interview with O'Melveny attorneys.").
[6] Dkt. No. 9322.
[7] See MGA's Second Supplemental Initial Disclosures Under Rule 26(a)(1), dated October 4, 2010.