ANNETTE L. HURST (State Bar No. 148738)
ahurst@orrick.com
WARRINGTON S. PARKER III (State Bar No. 148003)
wparker@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105
Telephone: 415-773-5700
Facsimile: 415-773-5759

WILLIAM A. MOLINSKI (State Bar No. 145186)
wmolinski@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA 90017
Telephone: 213-629-2020
Facsimile: 213-612-2499

THOMAS S. MCCONVILLE (State Bar No. 155905)
tmcconville@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
4 Park Plaza, Suite 1600
Irvine, CA 92614-2258
Tel: (949) 567-6700/Fax: (949) 567-6710

Attorneys for MGA Parties

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | Case No. CV 04-9049 DOC (RNBx)<br><br>Consolidated with Case No. CV 04-9059 and Case No. CV 05-2727<br><br>**SUPPLEMENTAL BRIEFING PURSUANT TO DECEMBER 13, 2010 COURT ORDER**<br><br>Pretrial Conference: January 4, 2011<br>Trial Date: January 11, 2011<br>Judge: Hon. David O. Carter |

MGA hereby submits its response to the Court's Order Directing Supplemental Briefing, Dkt. #9371. Mattel has not alleged that page 11 of Trial Exhibit 4 was conceived or reduced to practice during the period of Carter Bryant's employment with Mattel and the only evidence is to the contrary.

Mattel did not seek a special finding in Phase 1 that any part of Trial Exhibit 4 was conceived or reduced to practice by Carter Bryant during the period of his employment by Mattel. Page 11 of Exhibit 4 does not appear on the Phase 1A jury verdict form. Dkt. #4125. Nor has Mattel claimed any part of Trial Exhibit No. 4 (Bates numbered Bryant 000238-261) among the documents that "constitute the ideas, designs, conceptions and name of a fashion doll line called Bratz" in its discovery responses served since the Phase 1 trial. *See* Mattel, Inc.'s Third Supp. Obj. and Resp. to Interrogatory Nos. 20-23 and 28 in MGA Entertainment, Inc.'s Second Set of Interrogatories at 6. (This response was filed as part of MGA's Compendium of Written Discovery Responses submitted as part of MGA's summary judgment papers.)

The evidence is that page 11 of Exhibit 4 was created after Carter Bryant left Mattel. Bryant testified as follows as reflected in the November 5, 2004 volume II of deposition (also submitted on the hyperlinked materials as part of MGA's Compendium of Deposition Transcripts submitted as part of MGA's summary judgment papers):

> Q. (By Mr. Quinn) I said we're going to look at documents. I'll ask the reporter to mark as Exhibit 4 another collection of drawings bearing Bates numbers Bryant 238 through 261. Can you identify Exhibit 4 for us?
>
> A. Yes. These were drawings that I created after I had left Mattel's employment. Some of them were created in December and some of them were created in January, I believe.
>
> Q. December 2000 and January 2001?
>
> A. Yes.

| | |
|---|---|
| 1 | Q. Is Exhibit 4 a -- is this a copy of a particular collection of drawings that you created or are these just more random drawings from a certain time period? |
| 2 | |
| 3 | A. These are rather random drawings. Some of them are drawings that I had done for the package design. Some of them are drawings that I had done for a presentation that Paula was giving. |
| 4 | |
| 5 | |
| 6 | Q. Paula was giving to who? |
| 7 | A. I don't recall. I think an internal sales meeting. |
| 8 | Q. So you had different purposes in doing different of these drawings? |
| 9 | A. Yes. |
| 10 | Q. Perhaps you could -- if you would, just page through this and tell us as to each drawing what it was created for. |
| 11 | |
| 12 | A. The first page was created for packaging art. The second page was created for this sales meeting, same with the third page, same with the fourth page, same with the fifth, same with the sixth, same with the seventh, same with the eighth, same with the ninth. The tenth was created for packaging and the remainder of this booklet was package drawings, packaging drawings. |
| 13 | |
| 14 | |
| 15 | |

Bryant Depo. at 303:4-304:9. Mattel did not even ask Bryant about Exhibit 4 at the Phase 1 trial. His deposition testimony is consistent with the fact that the fashions depicted in page 11 of Exhibit 4 much more closely resemble the fashions of the first generation Bratz dolls completed after Bryant left than it does the fashions on Bryant's group drawing in his pitchbook. *Compare* Trial Exhibit Nos. 17547, 17551, 17558, 17560 (lodged with the Court pursuant to Dkt. #9246 ) *with* Trial Exhibit No. 302.0001 (included in MGA's Appendix of Previously Marked Exhibits submitted as part of MGA's summary judgment papers).

    Mattel has not alleged that page 11 of Exhibit 4 was conceived or reduced to practice during the period of Carter Bryant's employment with Mattel.

| | |
|---|---|
| Dated: December_13, 2010 | Respectfully submitted,<br><br>ORRICK, HERRINGTON & SUTCLIFFE LLP<br><br>By: _____*/s/ Diana M. Rutowski*_____<br>Diana M. Rutowski<br>Attorneys for MGA ENTERTAINMENT, INC., MGA ENTERTAINMENT HK, LTD., MGA de MEXICO, S.R.L. de C.V., and ISAAC LARIAN |