ANNETTE L. HURST (State Bar No. 148738)
ahurst@orrick.com
WARRINGTON S. PARKER III (State Bar No. 148003)
wparker@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building, 405 Howard Street
San Francisco, CA 94105
Tel. (415) 773-5700/ Fax: (415) 773-5759

WILLIAM A. MOLINSKI (State Bar No. 145186)
wmolinski@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA 90017
Tel. (213) 629-2020/Fax: (213) 612-2499

THOMAS S. MCCONVILLE (State Bar No. 155905)
tmcconville@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
4 Park Plaza, Suite 1600
Irvine, CA 92614-2258
Tel: (949) 567-6700/Fax: (949) 567-6710

Attorneys for MGA Parties

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | Case No. CV 04-9049-DOC (RNBx)<br>Consolidated with: Case No. CV 04-9059 and Case No. CV 05-2727<br><br>**MGA PARTIES' OBJECTION TO REPORT AND RECOMMENDATION DATED DECEMBER 12, 2010**<br><br>Date:          TBD<br>Time:         TBD<br>Trial Date:   January 4, 2010 |

1     TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2     PLEASE TAKE NOTICE that on a date to be determined by the Court in the Courtroom of the Honorable David O. Carter, located at 411 West Fourth Street, Room 1053, Santa Ana, California 92701, MGA Entertainment Inc., MGA HK Limited, MGAE de Mexico S.R.L. de C.V., and Isaac Larian (collectively, the "MGA Parties" or "MGA") will, and hereby do, move the Court to overrule Electronic Discovery Special Master Report and Recommendation dated December 12, 2010.

This Objection is made to items 3 and 4 of the Report and Recommendation on the following grounds. Mattel intends to call a representative of ILS as a witness at trial. Mattel intends to elicit testimony regarding two reports ILS issued. For that reason, MGA has served a deposition notice on ILS for deposition. MGA objects to the Report and Recommendation because MGA should not incur the costs of paying for ILS' fees in connection with that deposition. At the least, any fees should be split between the parties.

Respectfully submitted,

Dated: December 15, 2010     ORRICK, HERRINGTON & SUTCLIFFE LLP

By:    */s/ Warrington S. Parker III*
       Warrington S. Parker III
       Attorneys for MGA Parties

**OBJECTION TO ELECTRONIC DISCOVERY SPECIAL MASTER REPORT AND RECOMMENDATION (DECEMBER 12, 2010)**

The MGA Parties hereby object to the December 12, 2010, Electronic Discovery Special Master Report and Recommendation and specifically to items 3 and 4 of the Report.[1]

**INTRODUCTION AND SUMMARY OF FACTS**

Mattel intends to call Joseph Thorpe, a representative of International Litigation Services (ILS) as a witness at trial. *See* Dkt. No. 9388 (Mattel's Witness List) at 11. Mattel intends to call ILS as a witness to testify concerning the findings in two reports. These reports have been provided to this Court as Exhibits 142 and 143 to the MGA Parties' Motions in Limine Nos. 7 and 8.[2]

Because Mattel intends to call ILS as a witness, MGA seeks to depose ILS. MGA would not otherwise seek the deposition.

After MGA notified ILS of its intent to depose a representative of ILS, the Electronic Discovery Master issued the December 12, 2010 Report and Recommendation. There are three issues covered by the Report and Recommendation.

Item 1 of the Report and Recommendation limits the scope of any deposition and trial testimony of ILS. To this, MGA does not object although it is not clear from the Report and Recommendation whether questioning regarding the findings set forth in Exhibit 142 and 143 are allowed. MGA mentions this because, if not allowed, this Objection is moot. At present, MGA only seeks to depose ILS on the subject matters of Exhibit 142 and 143.

Item 2 of the Report and Recommendation concerns the form of any deposition notice. To this, MGA does not object.

---

[1] For ease of reference, a copy is attached to this Objection.
[2] MGA has also sought by these motions in limine to exclude these reports and any testimony regarding them.

Items 3 and 4 are the subject of the objections. Items 3 and 4 require MGA, as the deposing party, to both pay for the expert fees and the legal fees of ILS for any deposition.

## ARGUMENT

MGA only seeks to depose ILS because Mattel intends to call ILS as a witness. Under these circumstances, MGA should not be required to bear the burden of paying ILS' expert and legal fees. And certainly, MGA should not alone bear the cost of paying ILS' expert and legal fees. At the least, fees should be split between the parties.

## CONCLUSION

For the foregoing reasons, MGA asks that this Court overrule Items 3 and 4 of the Report and Recommendation of December 12, 2010.

Respectfully submitted,

Dated:   December 15, 2010        ORRICK, HERRINGTON & SUTCLIFFE LLP

By: __/s/ Warrington S. Parker III_____
      Warrington S. Parker III
      Attorneys for MGA Parties

Hon. James L. Smith (Ret.)
JAMS
500 N. State College Blvd.
Suite 600
Orange, CA 92868
Telephone: (714) 939-1300
Fax: (714) 939-8710

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC. A Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>MGA ENTERTAINMENT, INC., A California corporation, et al.,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | Case No. CV 04-9049 DOC (RNBx)<br><br>Consolidated with Case Nos. CV 04-09059 and CV 05-02727<br><br>**REPORT AND RECOMMENDATION OF ELECTRONIC DISCOVERY SPECIAL MASTER RE COURT-APPOINTED E-DISCOVERY CONSULTANT** |

The undersigned having been appointed Special Master to hear and submit reports and recommendations to the Court regarding electronic discovery issues hereby submits the following Report and Recommendation.

1

Case 2:04-cv-09049-DOC-RNB   Document 9391   Filed 12/15/10   Page 6 of 8   Page ID
 #:283176

## REPORT

By Court Order International Litigation Services (ILS) was appointed to serve as an independent e-discovery consultant pursuant to Federal Rules of Evidence Sec. 706. ILS has performed in that capacity for in excess of one year, having been involved in implementing various Court Orders involving the retrieval of electronically stored information and serving as a neutral consultant to the Special Master for E-Discovery. A principal/employee of ILS (for convenience herein ILS and/or any of its principals/employees will be designated collectively as "ILS") has been designated by Mattel as a potential witness at trial of this action. In response to this designation MGA has notified ILS of its intent to depose ILS. This raises several questions:

1. The scope of the proposed deposition and/or testimony at trial.
2. The identity of the individual to be deposed or called as a witness at trial.
3. The costs ILS will incur as a deponent/witness.

Scope of Deposition/Trial Testimony

To the extent ILS engaged in the retrieval and/or publication of ESI it seems clear the parties should be entitled to inquire as to the manner in which that work was done. The weight to be given to evidence is of prime concern to the Court and jury, and the parties should be allowed to inquire in deposition and/or at trial as to the mechanisms and procedures utilized in the retrieval process. ILS, in its capacity as a Court appointed neutral expert, also provided technical advice to the Special Master in regard to technology issues relating to ESI. It would appear that such communications would be beyond the scope of examination either in deposition or trial because the Special Master made no decisions in reliance upon such advice that was binding on any of the parties, and therefore there is no material issue in the case regarding what advice was provided to the Special Master by ILS.

Identity of Witness at Deposition/Trial

December 12, 2010, REPORT AND RECOMMENDATION OF
SPECIAL MASTER (E-Discovery)

It seems likely that any testimony that is properly within the scope of discovery (as discussed above) regarding ILS would require the identification of the percipient witness to be called, or, if a person most knowledgeable is being requested then the notice should be under Section 30(b)(6). Clarification in that regard should be provided.

Witness Fees/Expenses

If ILS is deposed and/or called as a trial witness it seems appropriate it should be compensated for its time in that regard at the rate specified regarding its function as a Court appointed Expert Witness. As to deposition testimony, typically an expert who is deposed is represented in that process by counsel for the designating party, with fees being paid by the deposing party. As a Court appointed neutral expert ILS will have no counsel representing it at the anticipated deposition and will have to retain counsel at its expense. It seems appropriate that ILS be compensated for this expense in addition to its expert witness fees.

The Special Master requests the Court consider these issues and publish an appropriate Order providing direction to the parties as to how the deposition and/or trial testimony of ILS will be implemented. The Special Master provides the following suggestion in that regard.

RECOMMENDATION

The recommendation of the Special Master is accepted and approved. The Court orders the following procedures be complied with in regard to the testimony of ILS:

1. The examination of ILS as a Court-appointed neutral expert in deposition and/or trial shall be limited in scope to the activities of ILS in conducting forensic investigations relating to the retrieval and production of ESI only. No examination shall be permitted regarding any confidential technical advice provided to the Special Master for E-discovery.

2. Any deposition of ILS and/or any ILS principal/employee shall be conducted pursuant to Section 30(b)(6).

3. As to any deposition of a principal/employee of ILS the deposing party shall provide compensation for the time required for the deposition at the rates currently in effect regarding services provided to the Court by ILS as the Court appointed neutral expert.

4. In addition to any fees as provide for in "3." above, the deposing party shall also compensate ILS for reasonable fees incurred by ILS in regard to securing legal counsel to represent ILS at the deposition.

Date: December 12, 2009

James L. Smith
Discovery Referee

**IT IS SO ORDERED.**

Date: December _____, 2010

Hon. David O. Carter
Federal District Court Judge