QUINN EMANUEL URQUHART & SULLIVAN, LLP
  John B. Quinn (Bar No. 090378)
  (johnquinn@quinnemanuel.com)
  William C. Price (Bar No. 108542)
  (williamprice@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:  (213) 443-3000
Facsimile:   (213) 443-3100

Attorneys for Mattel, Inc., and Mattel de Mexico, S.A. de C.V.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation, and Mattel de Mexico, S.A. de C.V., a Mexico business entity,<br><br>Plaintiff,<br><br>vs.<br><br>MGA ENTERTAINMENT, INC., a California corporation, et. al.,<br><br>Defendants.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 DOC (RNBx)<br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>Hon. David O. Carter<br><br>**MATTEL'S OPPOSITION TO MGA PARTIES' OBJECTION TO REPORT AND RECOMMENDATION DATED DECEMBER 12, 2010**<br><br>Hearing Date:   TBD<br>Time:           TBD<br>Place:          Courtroom 9D<br><br>Discovery Cut-off:  October 4, 2010<br>Pre-trial Conf:     January 4, 2011<br>Trial Date:         January 11, 2011 |

1    Mattel respectfully responds to MGA's objection to the Special Master's Report and Recommendation dated December 12, 2010 (the "Recommendation") as follows.

MGA objects to the Special Master's Recommendation that the party taking ILS's deposition should be required to pay the costs associated with the deposition and seeks to impose those costs on Mattel, even though MGA (and not Mattel) intends to depose ILS.  Not only is the objection unsupported by authority, but it is contrary to the practice and MGA's own agreement in this case as well as the Federal Rules.  For years in this litigation, the deposing parties have borne the costs associated with a deposition, and indeed MGA has acknowledged that the deposing party is responsible for the expert fees associated with that deposition. See Email from D. Mingrone (counsel for MGA) to V. Trebicka, M. Searcy (counsel for Mattel), and A. Cote (counsel for Machado), dated December 2, 2010 (confirming agreement to bill the deposing party for expert deposition fees).  Likewise, the default under the Federal Rules is that the party taking the deposition pays the experts' fees.  Fed. R. Civ. P. 26(b)(4)(E) ("Unless manifest injustice would result, the court *must* require that the party seeking discovery (i) pay the expert a reasonable fee for time spent in responding to discovery under Rule 26(b)(4)(A) [regarding depositions of experts].").  The rationale of this rule is obvious: the deposing party is given an incentive to be efficient and avoid wasting time. Imposing these costs on Mattel, which does not seek to depose ILS, would give MGA the perverse incentive to waste time on Mattel's dime.

MGA has provided no persuasive basis for departing from the parties' agreement or the commonsense default rule, much less made a showing of "manifest injustice" that is required to depart from Rule 26.  To the contrary, MGA's entire argument is that because ILS has expert testimony relevant to Mattel's case-in-chief at trial and is therefore listed as a witness, Mattel should bear all the costs.  But that unsupported contention fails, since it would mean that the party designating an expert should pay the expert's fees for deposition—a result that is directly the opposite of the Federal Rules. MGA's argument is also based on a mistaken factual premise.  MGA incorrectly

suggests that ILS's testimony will be limited to only two of the three reports ILS prepared in this case. The first two reports conclude that the MGA hard drives of Brian Wing and Gustavo Machado contain the spoliation-enabling software "BeClean," and that Mr. Wing's hard drives contain evidence of mass deletions during the pendency of this litigation. At *MGA's* insistence, ILS also inspected the hard drives of Mattel's CEO, Robert Eckert, and ILS issued a report concluding there was no evidence of the presence or use of spoliation-enabling software and no evidence of any unusual deletions on Mr. Eckert's hard drives. Mattel has moved *in limine* to exclude any argument that Mattel or Mr. Eckert spoliated evidence, but if Mattel's motion is denied, this report by ILS as to Mr. Eckert's hard drives will be an appropriate subject of trial testimony by ILS—a subject interjected into this case solely by MGA, not Mattel.

The costs associated with MGA's deposition of ILS should remain on MGA, consistent with the Special Master's Recommendation. (Obviously, to the extent that Mattel asks any follow-up questions at the deposition, Mattel will bear the costs associated with that part of the examination.) Mattel respectfully requests that the Court deny MGA's Objection in its entirety.

DATED: December 16, 2010    QUINN EMANUEL URQUHART & SULLIVAN, LLP

By */s/ Michael T. Zeller*
　　Michael T. Zeller
　　Attorneys for Mattel, Inc. and
　　Mattel de Mexico, S.A. de C.V.