MARK L. TUFT (SBN 43146)
mtuft@cwclaw.com
STEPHEN D. KAUS (SBN 57454)
skaus@cwclaw.com
COOPER, WHITE & COOPER LLP
201 California Street, 17th Floor
San Francisco, California 94111
Telephone: (415) 433-1900
Facsimile: (415) 433-5530

Attorneys for Glaser Weil Fink Jacobs Howard & Shapiro LLP

PATRICIA L. GLASER (SBN 056688)
pglaser@glaserweil.com
ANDREW BAUM (SBN 190397)
abaum@glaserweil.com
GLASER, WEIL, FINK, JACOBS, HOWARD & SHAPIRO LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, California 90067
Telephone: (310) 553-3000
Facsimile: (310) 556-2920

Attorneys for the MGA PARTIES

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>MGA ENTERTAINMENT, INC., a California corporation, et al.,<br><br>Defendant. | CASE NO. CV 04-9049 doc (RNBx)<br><br>Assigned to Hon. David O. Carter<br><br>**DECLARATION OF MARK L. TUFT IN SUPPORT OF OPPOSITION TO MATTEL, INC.'S MOTION TO DISQUALIFY GLASER WEIL FINK JACOBS HOWARD & SHAPIRO LLP**<br><br>Hearing Date: December 20, 2010<br>Time: 9:30 a.m.<br>Place: Courtroom 9D<br><br>Discovery Cutoff: October 4, 2010<br>Pre-Trial Conference: January 4, 2011<br>Trial Date: January 11, 2011 |

COOPER, WHITE & COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111

644582.1

CV 04-9049 doc (RNBx)

Declaration of Mark L. Tuft in Support of Opposition to Disqualify

I, MARK L. TUFT, declare as follows:

1. I am an attorney licensed to practice law before the courts in California and am a partner with the law firm of Cooper, White & Cooper LLP in San Francisco, California. My office address is 201 California Street, 17th Floor, San Francisco, CA 94111.

2. This declaration is submitted in support of the opposition to Mattel's motion to disqualify MGA's counsel, Glaser Weil Fink Jacobs Howard & Shapiro LLP ("Glaser Weil") in this action. I have personal knowledge of the matters stated herein, and I could and would competently testify to those matters if called as a witness.

2. I am a Co-Vice Chair of the California State Bar Commission for Revision of the Rules of Professional Conduct and I have been Vice Chair of the State Bar Commission since it was charged with the responsibility to revise the current California Rules of Professional Conduct in 2001.

3. Mattel claims in its motion to disqualify Glaser Weil that in July 2010, the California State Bar rejected "the very rule proposed by Glaser Weil, that ethical walls may screen out conflicted lawyers" and that this shows that the *Kirk* decision[1] is an outlier and is not established law in California. Mattel's claim is wrong. Until recently, California has not had a rule of professional conduct that provides for imputation of a lawyer's conflict of interest to the other members of the disqualified lawyer's law firm. The California Rules Revision Commission recommended adoption of proposed Rule 1.10 on imputation of conflicts of interest. The proposed rule is based on ABA Model Rule 1.10 and permitted limited unconsented screening for lateral attorneys in private practice moving between law firms. After much consideration, the State Bar Board of Governors decided that screening was better

---

[1] *Kirk v. First American Title Ins. Co.*, 183 Cal.App.4th 776 (2010).

COOPER, WHITE & COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111

644582.1

2

1

CV 04-9049 doc (RNBx)

Declaration of Mark L. Tuft in Support of Opposition to Disqualify

1 left to development in the case law, and adopted the imputation aspects of proposed
2 Rule 1.10 as recommended by the Commission without a provision that would have
3 permitted limited unconsented screening in the private law firm sector.
4 Nevertheless, to avoid the implication that lawyers who attempt to erect an ethical
5 wall to avoid disqualification should be subject to discipline, the Board included a
6 comment in the proposed rule that expressly recognizes that whether screening can
7 avoid the consequences of imputation is a matter for case law.

8     4.    The State Bar Board of Governors added Comment [10] to proposed
9 Rule 1.10, which states: "Rule 1.10 leaves open the issue of whether, in a particular
10 matter, use of a timely screen will avoid the imputation of a conflict of interest
11 under paragraph (a) or (b). Whether timely implementation of a screen will avoid
12 imputation of a conflict of interest in litigation, transactional, or other contexts is a
13 matter of case law."

14     5.    By approaching the issue of screening in this manner, the State Bar did
15 not reject or disapprove of the holding in *Kirk* or any other case decision. Instead,
16 the State Bar decided to entrust the case-by-case development of screening and
17 ethical walls to the courts rather than attempt to fashion a one-size-fits-all rule that
18 would have not only civil, but also disciplinary consequences.

19     6.    The proposed Rules of Professional Conduct as approved by the State
20 Bar of California are in the process of being submitted to the California Supreme
21 Court for consideration. The current estimate is that the rules will be submitted to
22 the Court in Spring 2011. The Supreme Court will then consider the proposed rules
23 and recommendations by the State Bar in deciding whether to adopt the proposed
24 rules, including proposed Rule 1.10, with or without modifications. Until then, the
25 recommendations by the Commission and the rules as approved by the California
26 State Bar are proposals that have not yet been acted upon by the California Supreme
27 Court.

28

COOPER, WHITE & COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111

644582.1      2      CV 04-9049 doc (RNBx)
Declaration of Mark L. Tuft in Support of Opposition to Disqualify

1  I declare under penalty of perjury under the laws of the United States of
2  America that the foregoing is true and correct and that this declaration is executed
3  this 15th day of December, 2010 at San Francisco, California.

*Mark L. Tuft*
MARK L. TUFT

COOPER, WHITE & COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111

644582.1                                3                      CV 04-9049 doc (RNBx)
Declaration of Mark L. Tuft in Support of Opposition to Disqualify