MARK L. TUFT (SBN 43146)
  mtuft@cwclaw.com
STEPHEN D. KAUS (SBN 57454)
  skaus@cwclaw.com
COOPER, WHITE & COOPER LLP
201 California Street, 17th Floor
San Francisco, California 94111
Telephone:  (415) 433-1900
Facsimile:   (415) 433-5530

Attorneys for Glaser Weil Fink Jacobs
Howard & Shapiro LLP

PATRICIA GLASER (SBN 056688)
  pglaser@glaserweil.com
ANDREW BAUM (SBN 190397)
  abaum@glaserweil.com
GLASER, WEIL, FINK, JACOBS,
  HOWARD & SHAPIRO LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, California 90067
Telephone:  (310) 553-3000
Facsimile:  (310) 556-2920

Attorneys for the MGA PARTIES

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>MGA ENTERTAINMENT, INC., a California corporation, et al.<br><br>Defendants.<br><br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 doc (RNBx)<br><br>Assigned to Hon. David O. Carter<br><br>**DECLARATION OF ANDREW BAUM IN SUPPORT OF OPPOSITION TO MATTEL, INC.'S MOTION TO DISQUALIFY GLASER WEIL FINK JACOBS HOWARD & SHAPIRO LLP**<br><br>Hearing Date:      December 20, 2010<br>Time:                    9:30 a.m.<br>Place:                  Courtroom 9D<br><br>Discovery Cutoff:   October 4, 2010<br>Pre-Trial Conference:   January 4, 2011<br>Trial Date:                January 11, 2011 |

COOPER, WHITE
& COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111

I, ANDREW BAUM, declare and state as follows:

1.    I am an attorney at law duly licensed to practice before all courts of the State of California, and am an equity partner of the law firm of Glaser Weil Fink Jacobs Howard & Shapiro, LLP ("Glaser Weil").  I make this declaration of personal, firsthand knowledge, and if called and sworn as a witness, I could and would testify competently hereto.

2.    Jill Basinger joined Glaser Weil on November 11, 2010 as in income (non-equity) partner.

3.    Each time a new attorney is conditionally offered employment with the firm, that attorney is required to provide the firm with a list of the clients on whose matters he or she has previously worked.  That list is then reviewed for purposes of determining whether there are any actual or potential conflicts of interest between clients of the firm, on the one hand, and the new attorney, on the other hand.  I am typically the partner at the firm who reviews this list for actual or potential conflicts.

4.    Prior to joining the firm, Ms. Basinger provided the firm with a list of clients whom she had previously represented.  That list indicated, among other things, that Ms. Basinger had previously represented Mattel while she worked at the Quinn Emanuel firm.  I personally reviewed Ms. Basinger's list.  Since our firm had begun performing legal work for the defendants in this action, I recognized the possibility of a potential conflict.  I did not know the nature of the work that Ms. Basinger had performed for Mattel, and so I did not know if there was in fact an actual or potential conflict.  The firm's computerized conflict check system also recognized the possibility of a conflict.

5.    After learning of the possibility of a conflict, I promptly constructed an ethical wall with comprehensive and mandatory screening procedures in order to ensure that any confidential information which Ms. Basinger may have learned in her prior representation of Mattel was not disclosed to any of the Glaser Weil attorneys or staff working on the Mattel/MGA matter.  The ethical wall was put in

COOPER, WHITE & COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111

644611.1                                   1                      CV 04-9049 doc (RNBx)
Declaration of Andrew Baum in Support of Opposition to Motion to Disqualify

1  place when Ms. Basinger joined the firm.  The wall and its provisions are adequate

2  to protect against any disclosure or improper use of any information Ms. Basinger

3  may have regarding her prior work for Mattel.

4        6.    In connection with establishing the ethical wall, I did the following:

5            a.    I spoke to each attorney and staff member who was working on

6  this matter about the ethical wall and advised them that any communications with

7  Ms. Basinger regarding the case were absolutely prohibited, and instructed them to

8  ensure that they do not discuss any aspect of this case with Ms. Basinger.

9            b.    I also spoke with Ms. Basinger in advance of her joining the firm

10  and advised her of the ethical wall.  I did not speak with Ms. Basinger about her

11  prior representation of Mattel.  Instead, I told her she could not discuss this case or

12  her prior representation of Mattel with anyone in the firm.  Ms. Basinger agreed to

13  adhere to the ethical wall and to refrain from discussing this matter or accessing or

14  reviewing any of the firm's records or files for this matter.

15            c.    I drafted a memorandum to all firm personnel notifying them of

16  the ethical wall and instructing all firm personnel to ensure that they scrupulously

17  adhere to the wall, and that anyone failing to do so would be appropriately

18  disciplined as determined by the firm's Managing Partners, including up to dismissal

19  from the firm.  I then sent via email a copy of that memorandum to all firm

20  personnel.  A true and correct copy of that memorandum, along with my cover

21  email, is attached as **Exhibit A** hereto.

22            d.    I also spoke with the manager of our records department and

23  instructed him to place a clear label on all firm files in this matter which indicates

24  that there is a "Screen in Place" with regard to Ms. Basinger.  He subsequently

25  confirmed to me that he had done so, and that he had placed a copy of the ethical

26  wall memo in the firm's files for this matter.

27

28

COOPER, WHITE
& COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111

644611.1                                    2                    CV 04-9049 doc (RNBx)
Declaration of Andrew Baum in Support of Opposition to Motion to Disqualify

e.     I further spoke with our Network Operations Supervisor, who is a Manager in our IT Department to ensure Ms. Basinger would not have access to any electronic files or materials in this matter, and confirmed that she would not.

f.     Finally, I spoke to the firm's Chief Operating Officer and informed him that Ms. Basinger's office should not be located in close proximity to the office of any attorney working on this matter, and that she could not share a secretary with any of the attorneys working on this matter.  The two of us then worked together to locate a suitable office location and secretarial paring.

7.     From time to time thereafter, and continuing to date, I have monitored and reminded firm attorneys and staff about the ethical wall and the need to scrupulously adhere to its requirements.  I am not aware of any instance in which the ethical wall has been breached in any manner whatsoever.  Both Ms. Basinger and the firm have been and are in compliance with the provisions of the ethical wall, and the screening procedures are and will continue to be monitored by the firm.

8.     Ms. Basinger joined Glaser Weil as a non-equity partner.  Her compensation structure is such that she does not share in the firm's profits from this matter.

9.     Ms. Basinger is not supervising any of the attorneys working on this matter.

10.     Attached to this declaration as **Exhibit B** is a true and correct copy of MGA Entertainment, Inc.'s Motion to Compel Further Responses to MGA's Request for Production of Documents.

11.     Glaser Weil has had a significant and on-going relationship with MGA in connection with this matter.  Our billing records reflect that our firm previously represented MGA and Mr. Larian in regards to litigation with Mattel for several months in 2005, from about March 2006 through December 2008 and again from about October 2008 to February 2009.  We began working on the present matter in August of this year and was formally associated into this case as lead trial counsel

COOPER, WHITE
& COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111

644611.1                               3                      CV 04-9049 doc (RNBx)
Declaration of Andrew Baum in Support of Opposition to Motion to Disqualify

1  on November 24. 2010.  The firm also represented MGA and Mr. Larian from about

2  August 2006 through 2009 in a case brought by Art Attacks, Inc. which related to

3  the development and ownership of Bratz.  Because of its prior involvement in this

4  case, on multiple occasions, Glaser Weil has a familiarity with the facts and

5  circumstances, and the claims and disputes, in this case that new counsel coming

6  into the case would not already possess.

7       I declare under penalty of perjury under the laws of the United States of

8  America that the foregoing is true and correct.

9       Executed on December 17, 2010, at Los Angeles, California.

11        /s/ Andrew Baum
          ANDREW BAUM

COOPER, WHITE
& COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111

644611.1                           4                      CV 04-9049 doc (RNBx)
Declaration of Andrew Baum in Support of Opposition to Motion to Disqualify

# EXHIBIT A

**EXHIBIT A**

EXHIBIT A
PAGE    5

**From:**         Andrew Baum
**To:**           All Personnel
**Subject:**      Ethical Wall
**Date:**         Thursday, November 11, 2010 5:36:00 PM
**Attachments:**  721735_1.DOC

Please see the attached memo regarding the ethical wall in place related to Jill Basinger, who starts with the firm on Monday, November 15, 2010.

# Glaser Weil Fink Jacobs
## Howard & Shapiro LLP

# MEMORANDUM

| | | | |
|---|---|---|---|
| **TO:** | All Personnel | | |
| **FROM:** | Andrew Baum | | |
| **DATE:** | November 11, 2010 | **CC:** | Francie Jones |
| **SUBJECT:** | Ethical Wall – Jill Basinger | | |

The purpose of this memorandum is to confirm that there is an "ethical wall" between Jill Basinger, on one side, and all firm attorneys, paralegals and staff, on the other side, with regard to the lawsuits in which we are representing MGA Entertainment, Inc., MGA Entertainment (HK) Limited, MGAE de Mexico, S.R.L. de C.U. and Isaac Larian (collectively "MGA") in litigation with Mattel, Inc., (the "MGA Case").

Jill has been insulated from any and all files, documents, pleadings, and communications regarding the MGA Case. In this regard, firm management has imposed the following directives:

- All firm files regarding the MGA Case will be clearly labeled on the exterior noting that there is a "Screen in Place" with regard to Jill Basinger;

- Jill Basinger agrees not to have any communications in any manner regarding the MGA Case;

- All firm attorneys, paralegals and staff are directed not to discuss the MGA Case both with Jill Basinger or in the presence of Jill Basinger or her assistant, Kathy Heindel;

- Jill Basinger will not access any files or other information (both electronic data and hard copies) pertaining to the MGA Case; and

- A copy of this memorandum will be placed in the firm's file for the MGA Case.

It is very important that the entire firm comply with the above procedures to avoid any potential issues. Anyone violating the prohibitions set forth in this Memo will be appropriately disciplined as determined by the firm's Managing Partners, including up to dismissal from the firm. Feel free to contact me directly if you have any questions.

Thank you for your cooperation.

Andy

721735

MERITAS LAW FIRMS WORLDWIDE

**EXHIBIT A**
**PAGE   7**

# EXHIBIT B

**EXHIBIT B**

EXHIBIT B
PAGE    8

Case 2:04-cv-09049-DOC-RNB   Document 9410   Filed 12/17/10   Page 10 of 45   Page ID
#:283383
Case 2:04-cv-09049-DOC -RNB   Document 6816   Filed 09/23/09   Page 1 of 36   Page ID
#:222607

MELINDA HAAG (State Bar No. 132612)
mhaag@orrick.com
ANNETTE L. HURST (State Bar No. 148738)
ahurst@orrick.com
WARRINGTON S. PARKER III (State Bar No. 148003)
wparker@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA  94105-2669
Telephone:   +1-415-773-5700
Facsimile:   +1-415-773-5759

WILLIAM A. MOLINSKI (State Bar No. 145186)
wmolinski@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA  90017
Telephone:   +1-213-629-2020
Facsimile:   +1-213-612-2499

Attorneys for MGA Parties

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | Case No.  CV 04-9049-SGL (RNBx)<br><br>Consolidated with: Case No. CV 04-9059 and Case No. CV 05-2727<br><br>**DISCOVERY MATTER**<br>[To Be Heard by Discovery Master Robert O'Brien Pursuant to Order of January 6, 2009]<br><br>**MGA ENTERTAINMENT, INC.'S MOTION TO COMPEL FURTHER RESPONSES TO MGA'S REQUESTS FOR PRODUCTION OF DOCUMENTS**<br><br>Date:          TBD<br>Time:          TBD<br>Courtroom:  TBD<br><br>**Phase 2**<br>Discovery Cutoff:    December 11, 2009<br>Pretrial Conference: March 1, 2010<br>Trial Date:             March 23, 2010 |

MTN TO COMPEL FURTHER RESPONSES TO
REQUESTS FOR PRODUCTION OF DOCUMENTS
CV 04-9049 SGL (RNBX)

Case 2:04-cv-09049-DOC -RNB   Document 6816   Filed 09/23/09   Page 2 of 36   Page ID #:222608

# TABLE OF CONTENTS

|  |  | Page |
|---|---|---|
| INTRODUCTION | | 1 |
| STATEMENT OF FACTS | | 1 |
| A. | MGA Served Discovery Prior to Bifurcation and the Stay of Phase 2 Discovery | 1 |
| B. | Mattel's Unwillingness to Engage In a Meet and Confer Dialogue | 3 |
| ARGUMENT | | 6 |
| I. | MATTEL'S OBJECTIONS ARE IMPROPER | 6 |
| A. | Where Mattel Agrees to Produce, Mattel Must Confirm That It Has Produced Or Produce By Date Certain | 7 |
| B. | Mattel Improperly Limits Its Agreement To Produce | 9 |
| | 1. Mattel Improperly Limits to Information that It Unilaterally Deems At Issue | 9 |
| | 2. Mattel Improperly Limits Responses Regarding Particular Custodians to Facts as Alleged by Mattel | 11 |
| C. | Mattel's Wholesale Refusal to Produce Responsive Documents is Improper | 12 |
| | 1. If A Request Is Duplicative, Then Mattel Need Only Confirm That It Has Produced Documents | 13 |
| | 2. Mattel's Boilerplate General and Specific Objections Do Not Justify Its Failure to Produce | 13 |
| | 3. Mattel States That It Simply "Will Not Produce" In Response to Many Proper Requests | 16 |
| II. | MGA'S REQUESTS SEEK INFORMATION DISCOVERABLE IN PHASE 2 | 17 |
| A. | "Bratz" and "My Scene" Products | 17 |
| B. | Serial Copying of Non-Bratz Products | 20 |
| C. | Unfair Competition Through Improper Interference with MGA's Business Relationships | 21 |
| D. | Unfair Competition Through Improper Restraints on Employee Mobility | 22 |
| E. | Knowledge of Claims and Statute of Limitations | 22 |
| F. | Document Retention and Destruction | 25 |
| G. | Damages and Other Relief Sought | 26 |
| H. | Custodians and Subject Matter Identified in Mattel's Initial Disclosures | 28 |
| III. | MATTEL UNILATERALLY LIMITS THE SOURCES FROM WHICH IT IS COLLECTING DOCUMENTS | 29 |
| CONCLUSION | | 30 |

MTN TO COMPEL FURTHER RESPONSES TO
REQUESTS FOR PRODUCTION OF DOCUMENTS
CV 04-9049 SGL (RNBx)

EXHIBIT B
PAGE   10

# TABLE OF AUTHORITIES

## FEDERAL CASES

Page(s)

A. Farber and Partners, Inc. v. Garber,
234 F.R.D. 186, 188 (C.D. Cal. 2006) ....................................................... 13, 15

Bible v. Rio Props., Inc.,
246 F.R.D. 614, 618 (C.D. Cal. 2007) ...................................................... 17

Buckminster v. Prudential Fin., Inc.,
No. 07-C133, 2008 WL 624532, *2 (D. Neb. March 3, 2008) .................... 17

Computer Task Group, Inc. v. Brotby,
364 F.3d 1112, 1117 (9th Cir. 2004) ........................................................ 15

Holiday v. Extex,
447 F. Supp. 2d 1131, 1140 (D. Haw. 2006) ............................................... 6

Jackson v. Montgomery Ward & Co., Inc.,
173 F.R.D. 524, 528-29 (D. Nev. 1997)..................................................... 14

Lamoureux v. Genesis Pharmacy Servs., Inc.,
226 F.R.D. 154, 159 (D. Conn 2004) ........................................................ 7

Miller v. Pancucci,
141 F.R.D. 292, 296 (C.D. Cal. 1992) ....................................................... 6

Mintz v. Dietz & Watson, Inc.,
No. 05-C1470, 2008 WL 5147234 (S.D. Cal. Dec. 5, 2008)........................ 7

Nagele v. Elec. Data Sys. Corp,
193 F.R.D. 94, 109 (W.D.N.Y. 2000) ...................................................... 14

Oakes v. Halvorsen Marine, Ltd.,
179 F.R.D. 281, 283 (C.D. Cal. 1995) ....................................................... 6

Oppenheimer Fund v. Sanders,
437 U.S. 340 (1978) ................................................................................. 10

Orleman v. Jumpking, Inc.,
No. 99-C2522, 2000 WL 1114849, *7 (D. Kan. July 11, 2000).................. 15

Ramirez v. Nicholson,
No. 06-C0546, 2007 WL 2990283, at *2
(S.D. Cal. Oct. 11, 2007)............................................................................ 6

Sanyo Laser Prods. v. Arista Records,
214 F.R.D. 496, 499 (S.D. Ind. 2003)........................................................ 6

Streck, Inc. v. Research & Diagnostic Sys. Inc.,
250 F.R.D. 426, 435 (D. Neb. 2008) .......................................................... 7

- ii -

Case 2:04-cv-09049-DOC-RNB   Document 9410   Filed 12/17/10   Page 13 of 45   Page ID
#:283386
Case 2:04-cv-09049-DOC -RNB   Document 6816   Filed 09/23/09   Page 4 of 36   Page ID
#:222610

1

## TABLE OF AUTHORITIES
### (Cont.)

2

### FEDERAL CASES

3

Page(s)

4

5
St. Paul Reinsurance Co., Ltd. v. Commercial Fin. Corp.,
   198 F.R.D. 508, 514 (N.D. Iowa 2000)...........................................15, 16

6
Sullivan v. Prudential Ins. Co. of America,
   233 F.R.D. 573, 575 (C.D. Cal. 2005) ...........................................17

7

8
Swackhammer v. Sprint Corp. PCS,
   225 F.R.D. 658, 662 (D. Kan. 2004)...............................................16

9
Walker v. Lakewood Condo. Owners Ass'n,
   186 F.R.D. 584, 587 (C.D. Cal. 1999) ...........................................14

10

11

### FEDERAL STATUTES

12

Fed. R. Civ. P. 26..................................................................................6, 17

13
Fed. R. Civ. P. 26(a)(1)(A)(i) .............................................................28

14
Fed. R. Civ. P. 26(b)(1) .......................................................................6, 17

15
Fed. R. Civ. P. 26(b)(2) .......................................................................29, 30

16
Fed. R. Civ. P. 34..................................................................................6

17
Fed. R. Civ. P. 34(b).............................................................................6

18
Fed. R. Civ. P. 34(b)(2)(B)...................................................................8

19

20

21

22

23

24

25

26

27

28

MTN TO COMPEL FURTHER RESPONSES TO
INTERROGATORIES AND RFP
CV 04-9049 SGL (RNBx)

EXHIBIT B
PAGE   12

# NOTICE OF MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, at a hearing before Discovery Master Robert C. O'Brien that will occur on a date and at a time to be determined by the Discovery Master, MGA Entertainment, Inc. ("MGA") will, and hereby does, move the Discovery Master for an order:

(1)     compelling Mattel, Inc. ("Mattel") to produce all relevant, non-privileged documents in Mattel's custody, possession or control which are responsive to the following Requests for Production of Documents served by MGA in Case No. CV 04-9049:

- Set One, Nos. 1-31, 34-36, 40-42, 44-46, 68-92, 93-98, 100, and 105-115;
- Set Two Nos. 116-117, 123-133, 168, 170-173, 176-177 and 180;
- Set Three 182-383;
- Set Four Nos. 384-435, and 437-469;
- Set Five Nos. 471-483, 485, 492-525;
- Set Six Nos. 540-567 and 569;
- Set Seven Nos. 572-590, 594-600, 603, 605-644, 646, 648-657, 674-690, 693-695, 697-735, 741, 743-746, and 748-758;
- [Second] Set Seven Nos. 572(2)-574(2); and
- Set Eight Nos. 770-794;

and responsive to the following requests served by MGA in Case No. CV 04-9059:

- Set One Nos. 1-43, 47, 49-98, 100-167, 170-171, 175-179, 184-185, 189, 191-223, 252-253, 255-257, 272-280, 283, 286-295, 298, 301, 308, 310, 312, 314, 316, 318-319, and 321-322;
- Set Two Nos. 333-349; and
- Set Three Nos. 351-361;

(the "Requests at Issue");

MTN TO COMPEL FURTHER RESPONSES TO RFP
CV 04-9049 SGL (RNBx)

EXHIBIT B
PAGE   13

Case 2:04-cv-09049-DOC-RNB   Document 9410   Filed 12/17/10   Page 15 of 45   Page ID
#:283388
Case 2:04-cv-09049-DOC -RNB   Document 6816   Filed 09/23/09   Page 6 of 36   Page ID
#:222612

1       (2)    compelling Mattel to provide MGA with a privilege log sufficient for

2   MGA to assess the validity of Mattel's privilege claims with respect to all

3   documents withheld on privilege grounds; and

4       (3)    overruling all of Mattel's objections to the Requests at Issue.

5       This Motion is made pursuant to Federal Rules of Civil Procedure 26, 34 and

6   37 and the Order appointing the Discovery Master on the grounds that Mattel has

7   failed to confirm production in response to any of the Requests at Issue, relying

8   instead on a litany of improper objections that lack any merit.

9       This Motion is based on this Notice of Motion and Motion, the

10   accompanying Memorandum of Points and Authorities, the Declaration of Diana

11   Rutowski and Separate Statements filed concurrently herewith, the records and files

12   of this Court, any argument to be presented upon the hearing of this Motion, and all

13   other matters of which the Court may take judicial notice.

14   **Conference of Counsel**

15       The parties met and conferred concerning the issues regarding this motion on

16   August 11, 2009 and dates thereafter.

17

18   Dated: September 23, 2009      ORRICK, HERRINGTON & SUTCLIFFE LLP

19

20                 By: _____/s/ Diana Rutowski_____

21                         Diana Rutowski
                Attorneys for MGA ENTERTAINMENT, INC.,

22                   MGA ENTERTAINMENT HK, LTD., MGA de
                MEXICO, S.R.L. de C.V., and ISAAC LARIAN

23

24

25

26

27

28

- 2 -

## MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

The parties' discovery obligations in this case did not end with the Phase 1 trial. The case is ongoing, and so is each party's duty to produce discoverable information regarding Phase 2 issues. Despite this obligation, Mattel withholds documents, or refuses to confirm full production of documents, central to MGA's claims in Phase 2. After a month of unproductive meet and confer efforts, MGA seeks the Discovery Master's assistance to ensure that Mattel will produce documents in Phase 2 responsive to its requests for production.

At issue in Phase 2 are MGA's affirmative claims that Mattel has engaged in trade dress infringement, as well as a broad variety of unfair trade practices, from serial copying of MGA products, to threatening retailers and suppliers to cease doing business with MGA, to intimidating employees and industry groups in order to prevent MGA from fairly competing. Prior to bifurcation and the stay of Phase 2 discovery, MGA served numerous requests for production relating to Phase 2 claims and defenses. Now, MGA seeks confirmation from Mattel that it has or will produce, and is not withholding, all non-privileged documents responsive to properly propounded requests despite its assertion of improper objections. Mattel refuses to provide any such confirmation. MGA is entitled to discovery in connection with its claims and defenses in Phase 2, and having reached no agreement after a month of delay tactics by Mattel's lawyers, MGA hereby moves for an order compelling Mattel to produce.

## STATEMENT OF FACTS

### A.   <u>MGA Served Discovery Prior to Bifurcation and the Stay of Phase 2 Discovery.</u>

On July 2, 2007, the Court issued an order bifurcating the trial on the issues in the consolidated proceeding into two phases.[1]  While discovery on Phase 1 issues

---

[1] Rutowski Decl. Ex. 14 (Docket Document No. 608)

- 1 -

1    proceeded, on February 4, 2008 the Court issued an order staying discovery relating

2    to Phase 2 issues.[2]  The issues in Phase 2 include MGA's claims of false

3    designation of origin, unfair competition, dilution, unjust enrichment, and damages

4    for these claims.[3]  Mattel also has Phase 2 counterclaims, including, for the

5    purposes of this motion, misappropriation of trade secrets, conversion (non-Bratz),

6    unfair competition, and damages for its Phase 2 claims.[4]  In ruling on motions to

7    compel during the stay of Phase 2 discovery, the Discovery Master and the Court

8    explicitly limited discovery obligations to Phase 1, stating that discovery relating to

9    Phase 2 issues could be sought in Phase 2.[5]  The issues in Phase 1 were tried in

10   2008, and on February 11, 2009, Judge Larson stated unequivocally that discovery

11   for Phase 2 was starting over with a "clean slate."[6]

12          Prior to the stay of Phase 2 discovery, MGA served the following requests on

13   Mattel, and Mattel served the following responses (all attached as exhibits to the

14   Rutowski Decl.):

15   _Bryant v. Mattel, Inc._, Case No. CV 04-9049 SGL (RNBx):[7]
         • MGA's First Set of Requests (1-115) (Nov. 22, 2006), Ex. 18
16           o Mattel's Responses (Jan. 15, 2007), Ex. 19
         • MGA's Second Set of Requests (116-181) (Mar. 27, 2007), Ex. 20
17           o Mattel's Responses (Apr. 26, 2007), Ex. 21
             o Mattel's Supp. Responses (June 22, 2007), Ex. 22
18           o Mattel's Second Supp. Responses (Apr. 17, 2009), Ex. 23
             o Mattel's Third Supp. Responses (Apr. 29, 2009)
19       • MGA's Third Set of Requests (182-383) (Mar. 27, 2007), Ex. 24
             o Mattel's Responses (Apr. 26, 2007), Ex. 25
20           o Mattel's Supp. Responses (June 22, 2007), Ex. 26
         • MGA's Fourth Set of Requests (384-469) (June 6, 2007), Ex. 27

21
22   [2] Docket Document No. 1931.
     [3] See, MGA's Complaint For False Designation of Origin, Affiliation, Association
23   or Sponsorship; unfair Competition; Dilution; and Unjust Enrichment in Case No.
     05-2727 filed April 13, 2005 ("MGA's Complaint"), Rutowski Decl. Ex. 15 at 98-
24   103
     [4] See Mattel Inc.'s Fourth Amended Answer in Case No. 05-2727 and
25   Counterclaims ("Mattel's Fourth Amended Answer"), Rutowski Decl. Ex. 16.
     [5] See, e.g., Docket Document No. 3562 (May 11, 2008) ("[T]he documents are
26   relevant, if at all, to Phase 2 claims and defenses and not to Phase 1. At present,
     Phase 2 discovery is stayed.").
27   [6] Transcript of hearing on February 11, 2009, Rutowski Decl. Ex. 17 at 321.
     [7] These will be referred to as the RFPs from "9049" or "9049 RFPs".  The requests
28   and responses are attached to as exhibits to the Declaration of Diana Rutowski
     ("Rutowski Decl.") only when they pertain to requests at issue in this motion.

MTN TO COMPEL FURTHER RESPONSES TO RFP
CV 04-9049 SGL (RNBx)

Case 2:04-cv-09049-DOC-RNB   Document 9410   Filed 12/17/10   Page 18 of 45   Page ID
#:283391
Case 2:04-cv-09049-DOC -RNB   Document 6816   Filed 09/23/09   Page 9 of 36   Page ID
#:222615

1
       o  Mattel's Responses (July 6, 2007), Ex. 28
   •  MGA's Fifth Set of Requests (470-531) (Aug. 3, 2007), Ex. 29

2
       o  Mattel's Responses (Sept. 4, 2007), Ex. 30
       o  Mattel's Corrected Responses (Jan. 9, 2009), Ex. 31

3
       o  Mattel's Supp. Responses (Apr. 17, 2009)
       o  Mattel's Second Supp. Responses (Apr. 29, 2009)

4
   •  MGA's Sixth Set of Requests (540-571) (Nov. 16, 2007), Ex. 32
       o  Mattel's Responses (Dec. 17, 2007), Ex. 33

5
   •  MGA's Seventh Set of Requests (572-766) (Nov. 29, 2007), Ex. 34.
       o  Mattel's Responses (Dec. 31, 2007), Ex. 35

6
   •  MGA's [Second] Seventh Set of Requests (572-574) (Dec. 21, 2007), Ex.36[8]
       o  Mattel's Responses (Jan. 22, 2008), Ex. 37.

7
   •  MGA's Eighth Set of Requests (770-797) (Dec. 28, 2007), Ex. 38
       o  Mattel's Responses (Jan. 28, 2008), Ex. 39

8
       o  Mattel's Amended Responses (Jan. 30, 2008), Ex. 40

9
_Mattel, Inc. v. Bryant and MGA Entertainment, Inc._, CV 04-9059 NM (RNBx):[9]
   •  MGA's First Set of Requests (1-332) (Jan. 31, 2005), Ex. 41

10
       o  Mattel's Responses (Mar. 2, 2005), Ex. 42
       o  Mattel's Supp. Responses (misc.) (Jan. 5, 2007), Ex. 43

11
       o  Mattel's Second Supp. Responses (misc.) (July 16, 2007), Ex. 44
       o  Mattel's Corrected Second Supp. Responses (misc.) (Aug. 16, 2007), Ex. 45

12
       o  Mattel's Third Supp. Responses (misc.) (January 18, 2008)., Ex. 46

13
   •  MGA's Second Set of Requests (333-350) (Apr. 13, 2005), Ex. 47
       o  Mattel's Responses (May 13, 2005), Ex. 48

14
   •  MGA's Third Set of Requests (351-361) (Feb. 14, 2007), Ex. 49
       o  Mattel's Responses (Mar. 16, 2007), Ex. 50

15  Served prior to the stay of Phase 2 discovery, many of these requests were directed

16  to Phase 2 issues, such as trade dress similarities between "Bratz" and "My Scene"

17  products, the serial copying by Mattel of MGA products, and Mattel's threatening

18  and intimidating of retailers, industry groups, and employees in an effort to

19  interfere unfairly with MGA's business.  MGA is entitled to discovery on these

20  issues in Phase 2.

21      **B.**    **Mattel's Unwillingness to Engage In a Meet and Confer Dialogue.**

22      During Phase 1, the parties engaged in meet and confer efforts regarding

23  many of these requests, and motions to compel were filed targeting requests that

24  seek information relevant to Phase 1 issues.[10]  Despite these efforts, Mattel's

25  [8] MGA served two Seventh Sets of Requests, both including RFPs 572-574.  The
requests from this [Second] Seventh Set will be referred to as 572(2), 573(2) and
26  574(2) to avoid confusion.
[9] These will be referred to as the RFPs from "9059" or "9059 RFPs".
27  [10] The requests subject to prior motions to compel are not part of the present
Motion.  However, MGA anticipates filing a separate motion to confirm
28  compliance with the orders to the extent that they granted MGA's motions to

- 3 -

1    responses to the written requests identified in this Motion remain wholly inadequate

2    and its objections entirely improper in Phase 2.[11]  They range from agreeing to

3    produce "subject to" Mattel's objections, to limiting agreement to produce in an

4    improper way, to affirmatively stating that Mattel will not produce.

5         Once the stay on Phase 2 issues was lifted and Mattel's duty to produce

6    information discoverable in Phase 2 was renewed, MGA again sought confirmation

7    from Mattel that it has or will produce responsive documents, that it is not

8    withholding documents based on its numerous improper objections, and that it will

9    produce in response to those requests where it previously refused to provide

10   responsive materials.  Counsel for MGA sent Mattel a letter on July 28, 2009

11   identifying many of the requests at issue in this motion and requesting a meet and

12   confer conference.  Declaration of Diana Rutowski ("Rutowski Decl.") Ex. 1.

13   Thereafter, the parties engaged in meet and confer efforts over the next three to four

14   weeks, during which counsel for Mattel failed to participate meaningfully as

15   detailed in the Declaration of Diana Rutowski filed in support of this motion.

16        For example, MGA repeatedly asked in writing and during meet and confer

17   teleconferences that Mattel confirm that it has produced the documents that it

18   agreed to produce.  Prior to engaging in any dialogue about Mattel's responses,

19   counsel for Mattel demanded a written showing of relevance with respect to each

20   request by MGA.  Rutowski Decl. ¶ 9.   This is directly contrary to the position

21   Mattel took in connection with its recent Motion to Compel MGA Mexico to

22   Produce Documents and Things:  "Mattel does not have an obligation to

23   preemptively demonstrate the relevance of its requests.  If MGA Mexico believes

24   certain requests are irrelevant, it should articulate why each purportedly irrelevant

---

25   compel in light of Mattel's continuing discovery obligations in Phase 2.  As will be
     detailed in that motion, Mattel has refused to confirm compliance with Phase 1
26   discovery orders, with respect to Phase 2 discovery.

     [11] While this may appear to be a very large number of requests, to put the numbers
27   in context, by the end of Phase 1 discovery Mattel had propounded 2,889 Requests
     for Production, and MGA had produced four million, two hundred thousand pages
28   of documents.

                                        - 4 -                    MTN TO COMPEL FURTHER RESPONSES TO RFP
                                                                      CV 04-9049 SGL (RNBx)


                                                               EXHIBIT B
                                                               PAGE   18

1    request is, in fact, irrelevant." Id. ¶¶ 10-11.  When questioned on this issue, counsel

2    for Mattel confirmed that Mattel was not abandoning that position.  Id. ¶ 12.

3         Nevertheless, when a meet and confer call went forward on August 19, 2009,

4    Mattel refused to "confer."  Id. ¶¶ 13-22.  Mattel refused to confirm whether it was

5    withholding responsive documents based on its objections, absent a relevancy

6    showing by MGA.  Id., ¶¶ 15-17.   In an effort to move the meet and confer

7    forward, counsel for MGA offered to engage in a dialogue on this issue and began

8    to discuss each RFP at issue, pointing out why the documents sought are

9    discoverable in Phase 2.  Id., ¶ 18.  After three requests, it became clear that

10   counsel for Mattel was not going to engage in a dialogue at all, but rather sought to

11   take MGA's deposition on its positions in the case.  Id., ¶ 19.  Though counsel for

12   Mattel had more than three weeks to review the requests and to prepare for the call,

13   they could not or would not articulate a response to any of the requests MGA had

14   put at issue.  Id., ¶¶ 20-21.  Mattel refused to provide any indication as to whether

15   or not it agreed or disagreed with MGA's articulation of relevance.  Id., ¶ 20.

16   Instead, Mattel's counsel stated that it would get back to MGA by some uncertain

17   date.  Id., ¶ 20.  Because Mattel's counsel refused to "meet and confer," MGA

18   declined to continue its unilateral "discussion" of relevance to Phase 2 and ended

19   the call.  Id., ¶ 21.

20        Seriously concerned about Mattel's commitment to continue producing

21   information in Phase 2 responsive to discovery requests previously served, MGA

22   sent Mattel a follow up letter on August 20, 2009.  Id., ¶ 24.  In the letter, MGA

23   identified additional requests seeking information discoverable in Phase 2.  Id., ¶

24   24.  Mattel's response to this letter was unproductive, making it clear that the

25   parties are at an impasse.  Id., ¶ 25.  Mattel has stonewalled MGA's discovery

26   efforts.

27

28

MTN TO COMPEL FURTHER RESPONSES TO RFP
CV 04-9049 SGL (RNBx)

**ARGUMENT**

**I.    MATTEL'S OBJECTIONS ARE IMPROPER.**

MGA's requests for production pursuant to Federal Rules of Civil Procedure 26 and 34 are reasonably calculated to lead to the discovery of admissible evidence in Phase 2.  Fed. R. Civ. P. 26(b)(1).  Courts broadly construe the scope of discovery under Rule 26(b).  See, Ramirez v. Nicholson, No. 06-C0546, 2007 WL 2990283, at *2 (S.D. Cal. Oct. 11, 2007) (Rule 26 "is liberally construed to provide wide-ranging discovery of information necessary for parties to evaluate and resolve their dispute") (citing Oakes v. Halvorsen Marine, Ltd., 179 F.R.D. 281, 283 (C.D. Cal. 1995); Holiday v. Extex, 447 F. Supp. 2d 1131, 1140 (D. Haw. 2006) ("Relevancy, for purposes of Rule 26(b), is a broad concept that is construed liberally. 'Discovery is not limited to the issues raised only in the pleadings, but rather it is designed to define and clarify the issues.'") (citing Miller v. Pancucci, 141 F.R.D. 292, 296 (C.D. Cal. 1992)); Sanyo Laser Prods. v. Arista Records, 214 F.R.D. 496, 499 (S.D. Ind. 2003) ("When the discovery sought appears relevant, the party resisting the discovery has the burden to establish the lack of relevance by demonstrating that the requested discovery is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure.").

The requests at issue in this motion describe with reasonable particularity each item or category of items to be inspected, as required by Rule 34(b).  Fed. R. Civ. P. 34(b).   In response, Mattel must "either state that inspection and related activities will be permitted or state an objection to the request, including the reasons." Id.  "An objection to part of a request must specify the part and permit inspection of the rest." Id.  Mattel has failed to comply with these requirements. As detailed below and in the Separate Statements, Mattel's objections are unfounded.  In granting this motion to compel, the Discovery Master should

- 6 -

1   overrule all of Mattel's objections and order that the requests be answered without

2   objection and that all non-privileged responsive documents be produced.

3       **A.   Where Mattel Agrees to Produce, Mattel Must Confirm That It Has Produced Or Produce By Date Certain.**

4

5       In response to many of the requests at issue, Mattel raises a litany of

6   boilerplate objections and then either agrees to produce non-privileged responsive

7   documents or states that it has produced non-privileged responsive documents.[12]

8   During meet and confer efforts MGA asked Mattel to confirm that (1) it has

9   diligently searched for, collected and produced all non-privileged documents

10  responsive to the request, and (2) it has not narrowed the scope of its investigation,

11  collection or production based on its objections.[13]

12      As the Discovery Master found when granting in part Mattel's Motion to

13  Compel MGA Mexico to Produce Documents and Things, "there is an important

14  distinction between promising to produce documents and actually producing them."

15  Order No. 52, dated August 26, 2009, Rutowski Decl. Ex. 54 at 2484. Mattel

16  argued in support of that motion that an agreement to produce documents is not

17  sufficient to comply with its discovery obligations.  See Mattel's Motion to Compel

18  MGA Mexico To Produce Documents and Things, Rutowski Decl. Ex. 52 (Docket

19  Document No. 5971) at 13:7-14:13.  In Mattel's words, if information has not been

20  disclosed, "then, plainly, it remains to be compelled."  Id. (citing Lamoureux v.

21  Genesis Pharmacy Servs., Inc., 226 F.R.D. 154, 159 (D. Conn 2004); Mintz v.

22  Dietz & Watson, Inc., No. 05-C1470, 2008 WL 5147234 (S.D. Cal. Dec. 5, 2008);

23  Streck, Inc. v. Research & Diagnostic Sys. Inc., 250 F.R.D. 426, 435 (D. Neb.

24  2008)).  The same rule applies to Mattel.

___

25  [12] 9049 RFPs: 17, 42, 46, 68, 75, 89, 92, 105, 114-117, 123-124, 126, 128-129,

26  131-133, 172-173, 188, 385-387, 395, 398, 419, 475, 481, 483, 485, 502, 541-542, 544, 547, 561-562, 583, 586, 605-610, 653-655, 657, 676, 699-703, 716-719, 726-728, 732-733, 757, 785.

27  9059 RFPs: 82-87, 89-90, 96-97, 189, 280, 283, 286-295, 298, 301, 308, 310,

28  312, 314, 316, 318-319, 321-322, 331-332, 338-342, 348-349, 351-361.

[13] See e.g., Rutowski Decl. ¶ 24, Ex. 12 (August 20, 2009 letter to James Webster).

MTN TO COMPEL FURTHER RESPONSES TO RFP
CV 04-9049 SGL (RNBx)

1      Moreover, searching through Mattel's production reveals gross deficiencies

2 with respect to requests in response to which Mattel has agreed to produce.  For

3 example, 9049 RFP 14 seeks documents regarding the creation and development of

4 Mattel "My Scene" Themes, including "My Bling," which is relevant to MGA's

5 claims and defenses in Phase 2.  See, e.g. Supplemental Responses of MGA

6 Entertainment Inc. to Interrogatories 51-55 and 64 Pursuant to Order of April 14,

7 2009, Rutowski Decl. Ex. 53.  A search of Mattel's production shows no document

8 responsive to the search string "My Bling." Rutowski Decl. ¶ 26.  Similarly,

9 Mattel agrees to produce documents in connection with 9059 RFPs 82-90 and 97,

10 which seek documents regarding "Toon Teens."  In 2002 and 2003, Mattel

11 conducted an investigation into whether or not "Bratz" copied "Toon Teens," an

12 issue relevant to at least MGA's statute of limitations and laches affirmative

13 defenses, as well as to Mattel's claim of trade secrets in "Bratz".  Despite this

14 investigation lasting over two years, only seventeen documents in Mattel's

15 production are responsive to the search string "Toon Teens." Id., ¶ 27.

16      As Mattel has not limited its agreement to produce in response to these

17 requests (except for the general statement "subject to and without waiving the

18 foregoing general and specific objections"), Mattel should not be withholding

19 subject to its objections.  Under Rule 34(b)(2)(B), if Mattel intended to withhold

20 documents, it would have had to so state with specificity in its response.  MGA is

21 entitled to confirmation of production of all non-privileged responsive documents,

22 and, as it pointed out during meet and confer efforts, such confirmation is all that is

23 required to end the dispute as to these requests.  In the absence of such confirmation

24 from Mattel, MGA requests that the Court compel Mattel to confirm production of

25 all non-privileged materials (and production, to the extent it has not already

26 occurred), by a date certain.[14]

27 [14] Pursuant to Order 52, which granted Mattel's motion to compel 318 requests in response to which MGA Mexico promised to provide responsive documents

28 without a separate statement by Mattel, MGA does not include these requests in its

MTN TO COMPEL FURTHER RESPONSES TO RFP
CV 04-9049 SGL (RNBX)

EXHIBIT B
PAGE  22

Case 2:04-cv-09049-DOC-RNB   Document 9410   Filed 12/17/10   Page 24 of 45   Page ID
#:283397
Case 2:04-cv-09049-DOC -RNB   Document 6816   Filed 09/23/09   Page 15 of 36   Page ID
#:222621

### B.  Mattel Improperly Limits Its Agreement To Produce.

In response to many of the requests at issue, Mattel states that it will produce documents, but improperly limits its agreement to do so by unilaterally rewriting the terms of the request or agreeing to produce only documents sufficient to show some subset of the requested information.[15]  As with the requests above, MGA has sought from Mattel a representation that it has not narrowed the scope of its investigation, collection or production based on its objections <u>or</u> its rephrasing of the request language in connection with its agreement to produce.  See e.g., Rutowski Decl. ¶ 24, Ex. 12 (August 20, 2009 letter to James Webster).  MGA submits that the Discovery Master need only turn to Mattel's responses to find the limitations on its agreement to produce unsupported and improper.  Nevertheless, for the reasons set forth below and those detailed in the Separate Statements, these requests seek discoverable information in Phase 2 and Mattel should be compelled to produce all responsive non-privileged documents, without limitation.

### 1.  Mattel Improperly Limits to Information that It Unilaterally Deems At Issue.

First, Mattel's boilerplate response to many requests limits production to some subset of matters at issue, as unilaterally defined by Mattel.[16]  Mattel has failed to confirm whether or not it is withholding responsive documents based on its rewriting of MGA's request.  For example, Mattel improperly limits its responses to 9049 RFPs 40-41 (regarding communications with specific entities

---

Separate Statements filed herewith.  However, pursuant to the Discovery Master's Order, MGA does include Separate Statements for the remaining requests subject to this Motion, in response to which Mattel does not agree to produce either all or a subset of discoverable information.  Order No. 52, dated August 26, 2009, Rutowski Decl. Ex. 54 at 2488.

[15] 9049 RFPs: 1-31, 40-41, 44-45, 69-74, 76, 79-81, 83-88, 90-94, 106-112, 168, 171, 182-384, 388-394, 396-397, 300-419, 420-422, 431-432, 452-454, 456-457, 460-463, 466, 516-518, 525, 565, 573, 642-643, 758.
9059 RFPs: 81, 88, 108-109, 132, 136, 333-337.

[16] 9049 RFPs: 1, 17, 40-41, 44-45, 83-88, 90-91, 168, 171, 384, 388-394, 396-397, 400-419, 420-422, 431-432, 452-454, 456-457, 460-463, 466, 525, 758.  9059 RFPs: 333-335.  Mattel's improper limitations in response to these requests are detailed further in the Separate Statements.

MTN TO COMPEL FURTHER RESPONSES TO RFP
CV 04-9049 SGL (RNBx)

EXHIBIT B
PAGE  23

1   about particular awards in the toy industry), to communications "which are alleged

2   in MGA's Complaint." This is clearly an improper limitation, as MGA need not

3   allege a particular communication in its Complaint for such a communication to be

4   discoverable. In <u>Oppenheimer Fund v. Sanders,</u> 437 U.S. 340 (1978), the Supreme

5   Court explained that "[c]onsistently with the notice-pleading system established by

6   the Rules, discovery is not limited to issues raised by the pleadings, for discovery

7   itself is designed to help define and clarify the issues" and "the court should and

8   ordinarily does interpret 'relevant' very broadly to mean matter that is relevant to

9   anything that is or may become an issue in the litigation." <u>Id.</u> at 351 and n.12.

10   Second, Mattel improperly limits a number of its responses to accused

11   products or "aspects of MY SCENE products" that MGA has accused of

12   infringement and/or "aspects of the Bratz products" that MGA claims were

13   infringed.[17] Such limitations are unjustified for a number of reasons. MGA has

14   brought a false designation of origin claim, which includes allegations of trade

15   dress infringement detailed in MGA's interrogatory responses.[18] MGA is entitled

16   to discovery on all aspects of these products, not just those that Mattel deems are at

17   issue. Additionally, MGA has brought an unfair competition claim based on

18   Mattel's serial copying of MGA products. MGA is entitled to discovery on all

19   aspects of the products under this claim as well, and not just its infringement

20   theory.

21   Mattel's boilerplate limitation also renders its response to some of the

22   requests nonsensical. For example, 9049 RFP 13 seeks documents relating to

23   market research, projections or plans pertaining to the release of "My Scene"

24   products. Mattel's response that it will produce documents "relating to the

25   marketing of the aspects of the 'My Scene' products that MGA has accused of

26   infringement" does not make sense – what does it mean to market a particular

---

27   [17] 9049 RFPs: 2, 4-7, 10-31, 69-74, 76, 79- 81, 92, 94, 106-112.

28   [18] <u>See e.g.,</u> Supplemental Responses of MGA Entertainment Inc. to Interrogatories 48 Through 50 dated May 29, 2009, Rutowski Decl. Ex. 55.

- 10 -

1    aspect of a product?  Mattel's limitation to "aspects" of products that it unilaterally

2    deems at issue should be stricken.

3         Third, Mattel limits its agreement to produce in response to additional

4    requests to documents "sufficient to show" some subset of the information

5    requested.[19]   For example, 9049 RFPs 90 and 91 seek information about the

6    commercial success or recognition of "My Scene" and "Bratz", including market

7    research.  Mattel limits its response to documents sufficient to show the overall

8    sales of these products.  Mattel's limitation is too narrow because in addition to

9    overall sales, documents such as market research reports showing the relative

10   success of "My Scene" and "Bratz" would clearly be relevant to MGA's claims and

11   defenses, including MGA's claim that when Mattel's products failed it began to

12   copy MGA's successful products.  Mattel's limitations on these requests are

13   unjustified, and Mattel should be ordered to produce all non-privileged responsive

14   documents.

15        **2.    Mattel Improperly Limits Responses Regarding Particular
               Custodians to Facts as Alleged by Mattel.**
16

17        MGA's Third Set of Requests for Production (182-383) seek production of

18   documents relating to individually named custodians identified in Mattel's Initial

19   Disclosures regarding specific subject matters identified by Mattel in those Initial

20   Disclosures.[20]  Despite the obvious relevance of any document within the category

21   identified by Mattel in its own Initial Disclosures, Mattel has improperly limited its

22   agreement to produce to documents relating to "the facts at issue in this litigation *as*

23   *alleged in Mattel's Initial Disclosures*."  Mattel Supp. Response to Requests No.

24   182-383, Rutowski Decl. Ex. 26.

25   _____

26   [19] 9049 RFPs: 3, 8, 9, 90-91, 565, 642-643.
        9059 RFPs: 88, 336-337.
27   [20] Mattel, Inc.'s Consolidated (1) Initial Disclosures Relating to MGA's Unfair
        Competition Claims, and (2) Second Supplemental Initial Disclosures Relating to
28   Mattel's Claims Against Bryant and MGA, dated January 5, 2007 ("Initial
        Disclosures") are attached as Exhibit 56 to the Rutowski Decl.

                                    - 11 -             MTN TO COMPEL FURTHER RESPONSES TO RFP
                                                       CV 04-9049 SGL (RNBx)

Case 2:04-cv-09049-DOC -RNB   Document 6816   Filed 09/23/09   Page 18 of 36   Page ID #:222624

1      While true that the individual is identified as knowledgeable about specific

2  topics in Mattel's Initial Disclosures, Mattel's obligation to produce does not end

3  with the facts as alleged by Mattel (or even as interpreted by Mattel).  That is, the

4  category of documents that must be produced is responsive documents, regardless

5  of whether a document is supportive of Mattel's factual allegations or any other

6  parties' factual allegations.  Given that the requests are specifically limited to the

7  topics identified in Mattel's Initial Disclosures, Mattel's further limitation to the

8  facts at issue in this litigation *as alleged by Mattel* is merely an escape hatch to

9  allow Mattel to limit its production.  Such a limitation is improper.  See Order

10  Granting Mattel's Motion to Compel Production of Documents and Interrogatory

11  Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

12  MGA might be excluding documents that are responsive to the request based upon

13  its unilateral determination of what is 'relevant' or 'sufficient.'"), Rutowski Decl.

14  Ex. 57 at 2586; Order No. 52, dated August 26, 2009 (requiring production of

15  "responsive" documents, not merely "relevant" documents), Rutowski Decl. Ex. 54

16  (Docket Document No 6437) at 2512.

### C.   Mattel's Wholesale Refusal to Produce Responsive Documents is Improper.

19      In response to more than 400 requests, Mattel raises a host of improper

20  general and specific objections and then fails to agree to produce *any* non-

21  privileged responsive documents.[21]  These requests are reasonably calculated and

22  narrowly tailored to lead to the discovery of admissible evidence in Phase 2.  The

23  Separate Statements set forth in detail why Mattel's particular objections to each

---

[21] 9049 RFPs: 34-36, 77-78, 82, 95-98, 100, 125, 127, 130, 170, 176-177, 180, 423-430, 433-435, 437-451, 455, 458-459, 471-472, 464-465, 467-469, 473-474, 476, 479-480, 482, 492-501, 503-515, 519-524, 540, 543, 545-546, 548-549, 553-560, 563-564, 566-567, 569, 572, 574, 572(2)-574(2), 575-582, 584-585, 587-590, 594-596, 600, 603, 611-641, 644, 646, 648-652, 656, 674-675, 677-695, 697-698, 704-715, 720-725, 729-731, 734-735, 741, 743-746, 748-756, 770-784, 786-794.
  9059 RFPs: 1-43, 49-60, 63-80, 91-95, 98, 100-107, 110-131, 133, 135, 137-167, 170-171, 175-179, 184-185, 189, 191-223, 255-257, 272-279, 344-347.

MTN TO COMPEL FURTHER RESPONSES TO RFP
CV 04-9049 SGL (RNBx)

EXHIBIT B
PAGE   26

1  request are invalid.  In sum, Mattel's cut and paste objections are no more than

2  boilerplate responses served by Mattel in an effort to hinder MGA from obtaining

3  discovery central to its affirmative claims and defenses in Phase 2, and Mattel must

4  be compelled to produce.

### 1. If A Request Is Duplicative, Then Mattel Need Only Confirm That It Has Produced Documents.

7  Mattel objects to many requests as "duplicative of or subsumed within other

8  requests," yet fails to state which requests are allegedly duplicative.[22]  The solution

9  here is simple: Mattel need only confirm that it has produced *all* non-privileged

10  documents.  Mattel's failure to do so is improper for at least two reasons.

11  First, Mattel acknowledges that the request seeks discoverable information,

12  but it fails to provide MGA with confirmation that all responsive information has

13  been or will be collected and produced.

14  Second, Mattel fails to identify what requests are allegedly duplicative or

15  subsumed, thereby preventing MGA from assessing whether the requests <u>are in fact</u>

16  duplicative, or whether Mattel has produced documents in response to the allegedly

17  duplicative request.  To the extent that Mattel is withholding documents in response

18  to the allegedly duplicative requests, Mattel's boilerplate objections to the requests

19  are without merit and cannot support withholding documents as detailed below.  If

20  Mattel has produced all non-privileged responsive information, it must simply state

21  so in response to each request.

### 2. Mattel's Boilerplate General and Specific Objections Do Not Justify Its Failure to Produce.

24  It is well established that boilerplate objections are improper.  <u>A. Farber and</u>

25  <u>Partners, Inc. v. Garber</u>, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("[G]eneral or

26  boilerplate objections such as 'overly burdensome and harassing' are improper –

27

28  [22] 9059 RFPs: 1-16, 35-39, 47-48, 61-62, 72-79, 91-95, 98, 100-107, 110, 165-166, 184-185, 191-192, 196-206, 209, 211-223, 255-257, 272-276, 279, 343.

- 13 -

MTN TO COMPEL FURTHER RESPONSES TO RFP
CV 04-9049 SGL (RNBx)

**EXHIBIT B**
**PAGE    27**

Case 2:04-cv-09049-DOC -RNB   Document 6816   Filed 09/23/09   Page 20 of 36   Page ID #:222626

1    especially when a party fails to submit any evidentiary declarations supporting such

2    objections."); Walker v. Lakewood Condo. Owners Ass'n, 186 F.R.D. 584, 587

3    (C.D. Cal. 1999) ("Boilerplate, generalized objections are inadequate and

4    tantamount to not making any objection at all.").

5         Overly Broad. Among Mattel's boilerplate objections is its objection that the

6    requests are overly broad. Yet, Mattel provides no explanation, let alone with the

7    required particularity, as to why these requests are overly broad. This objection is

8    therefore improper and should be overruled. Order No. 17, dated April 14, 2009,

9    (overruling objections not stated with specificity), Rutowski Decl. Ex. 58 (Docket

10   Document No. 5190) at 2613.

11        Unduly Burdensome. Mattel further objects that the requests are unduly

12   burdensome. Again, Mattel provides no explanation, as required if Mattel were

13   going to withhold documents on this basis. Jackson v. Montgomery Ward & Co.,

14   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

15   request is unduly burdensome must allege specific facts which indicate the nature

16   and extent of the burden, usually by affidavit or other reliable evidence.") (cited in

17   Order No. 11, dated March 31, 2009, Rutowski Decl. Ex. 59 (Docket Document

18   No. 5093) at 2646; Order No. 17, Rutowski Decl. Ex. 58 (Docket Document No.

19   5190) at 2616; Nagele v. Elec. Data Sys. Corp, 193 F.R.D. 94, 109 (W.D.N.Y.

20   2000) (overruling "burdensome" objections because objecting party failed to

21   particularize its basis for the objection). Indeed, the Discovery Master has already

22   overruled objections of this type where the party "has not provided any evidence in

23   connection with its Motion To Compel to support its claim of burden." Order

24   No. 17, Rutowski Decl. Ex. 58 (Docket Document No. 5190) at 2616; see also

25   Order Granting Mattel's Motion to Compel Production of Documents and

26   Interrogatory Responses by MGA, dated May 15, 2007, Rutowski Decl. Ex. 57 at

27   2592 ("Once again, MGA has failed to substantiate any of its objections with

28   supporting declarations or legal authorities").

MTN TO COMPEL FURTHER RESPONSES TO RFP
CV 04-9049 SGL (RNBX)

Case 2:04-cv-09049-DOC-RNB   Document 9410   Filed 12/17/10   Page 30 of 45   Page ID
#:283403
Case 2:04-cv-09049-DOC -RNB   Document 6816   Filed 09/23/09   Page 21 of 36   Page ID
#:222627

1      <u>Confidential/Proprietary/Trade Secret Information</u>.  Mattel also objects that

2    many requests seek purportedly confidential, proprietary or trade secret

3    information. A Protective Order exists in this case, obviating any concern as to

4    protection of privacy rights and/or commercially sensitive information.  <u>See, e.g.</u>,

5    Order dated July 2, 2007 (District Court approved the Discovery Master's finding

6    that the entry of a protective order was sufficient to protect even information of a

7    "particularly sensitive nature" including "the most secretive documents maintained

8    by MGA"), Rutowski Decl. Ex. 14 (Docket Document No. 608) at 64; <u>A. Farber</u>

9    <u>and Partners, Inc.</u>, 234 F.R.D. at 191-92 (C.D. Cal. 2006) ("plaintiff's need for

10    [defendant's] financial documents outweighs [defendant's] claim of privacy,

11    especially when the 'impact' of the disclosure of the information can be protected

12    by a 'carefully drafted' protective order"); <u>Computer Task Group, Inc. v. Brotby</u>,

13    364 F.3d 1112, 1117 (9th Cir. 2004) (failure to provide discovery is inexcusable

14    when a protective order governed production with respect to privileged and

15    confidential documents).

16      <u>In Possession of Others</u>.  To the extent that Mattel seeks to withhold

17    documents because they are in the possession, custody or control of defendants or

18    third parties, or are publicly available, such an objection is without merit.  Mattel is

19    obliged to produce responsive documents in <i>its</i> possession, custody or control, even

20    if it believes that those same documents are also in the possession of MGA and/or

21    third parties.  <u>Orleman v. Jumpking, Inc.</u>, No. 99-C2522, 2000 WL 1114849, *7 (D.

22    Kan. July 11, 2000); <u>St. Paul Reinsurance Co., Ltd. v. Commercial Fin. Corp.</u>, 198

23    F.R.D. 508, 514 (N.D. Iowa 2000).

24      <u>Vague and Ambiguous</u>.  Mattel's objection to terms as vague and ambiguous

25    should be stricken because Mattel fails to provide any explanation.  In addition, "[a]

26    party responding to discovery requests 'should exercise reason and common sense

27    to attribute ordinary definitions to terms and phrases utilized in [discovery].'"

28

MTN TO COMPEL FURTHER RESPONSES TO RFP
CV 04-9049 SGL (RNBx)

1   Swackhammer v. Sprint Corp. PCS, 225 F.R.D. 658, 662 (D. Kan. 2004).  This

2   objection cannot justify non-production.

3        Time and Geographic Scope.  Mattel's objection that requests are not limited

4   in time or geographic scope should be rejected because Mattel has provided no

5   support for this objection.  St. Paul Reinsurance Co., Ltd., 198 F.R.D. at 513

6   (rejecting similar objections, finding that "[t]he plaintiffs'' third objection to CFC's

7   request is based on the ground the it is overbroad and without reasonable limitation

8   in scope or time frame.  Once again, plaintiffs fail to offer any evidence or

9   affidavits in support of these objections.").  Moreover, most of the requests are

10  limited in time by virtue of the fact that they are limited to particular products that

11  have existed only within a discrete time frame.  With respect to geographic scope, it

12  is not incumbent on MGA to limit its requests to a particular geographic scope—

13  Mattel is required to produce all responsive information within its possession,

14  custody or control.

15       Premature.  Mattel's objection that the discovery sought in certain requests is

16  premature, such as discovery relating to damages, rings hollow in light of the fact

17  that expert reports come due shortly.  Responsive documents, irrespective of

18  whether they will also be the subject of expert testimony, must be produced.

19       Such general objections are not a legitimate basis upon which to withhold

20  production, and Mattel should be compelled to produce.

21       **3.    Mattel States That It Simply "Will Not Produce" In Response to Many Proper Requests.**

22

23       In response to many requests, Mattel states that it will not produce non-

24  privileged responsive documents, other than what it has already produced in

25  response to other requests.[23]  This is tantamount to a complete failure to produce

26  because it does not tell MGA whether or not responsive documents have been or

27  _____

28  [23] 9049 RFPs: 543, 545-546, 548-549, 552-553, 555, 557-560, 567, 572, 770-774, 777-784, 786-794.

- 16 -

Case 2:04-cv-09049-DOC-RNB   Document 9410   Filed 12/17/10   Page 32 of 45   Page ID
#:283405
Case 2:04-cv-09049-DOC -RNB   Document 6816   Filed 09/23/09   Page 23 of 36   Page ID
#:222629

1    will be produced, or whether Mattel is seeking to withhold documents based on its

2    objections.  If all non-privileged responsive documents have been produced in

3    response to other requests, then Mattel need only provide that information.  By not

4    doing so, the logical conclusion is that Mattel is withholding documents based on

5    its objections.  As detailed above and in the Separate Statements, Mattel's

6    boilerplate objections to the requests are without merit and cannot support its

7    wholesale statement that it will not produce.  These are properly propounded

8    requests, and Mattel produce all non-privileged, responsive documents.

9    **II.    MGA'S REQUESTS SEEK INFORMATION DISCOVERABLE IN**

10        **PHASE 2**

11        The standard for discovery is liberal – information is discoverable if it

12   "appears reasonably calculated to lead to the discovery of admissible evidence."

13   Fed. R. Civ. P. 26(b)(1).  As Mattel argued in its Motion to Compel MGA Mexico

14   To Produce Documents and Things, "[i]t is insufficient for the party objecting to

15   discovery based on relevance to simply make conclusory allegations that the

16   request is irrelevant."  Rutowski Decl. Ex. 52 (Docket Document No. 5971) at 2376

17   (citing Buckminster v. Prudential Fin., Inc., No. 07-C133, 2008 WL 624532, *2 (D.

18   Neb. March 3, 2008)).  Mattel further acknowledged that "[g]iven the broad reach

19   of discovery under Rule 26, the burden to show why discovery should not be

20   allowed is on the party resisting discovery."  Id., at 2377 (citing Bible v. Rio Props.,

21   Inc., 246 F.R.D. 614, 618 (C.D. Cal. 2007); Sullivan v. Prudential Ins. Co. of

22   America, 233 F.R.D. 573, 575 (C.D. Cal. 2005)).  Nevertheless, MGA sets forth the

23   clear discoverability in Phase 2 of the information requested in the requests in

24   response to which Mattel has expressly limited its agreement to produce or failed to

25   agree to produce below and in the Separate Statements.

26       **A.    "Bratz" and "My Scene" Products.**

27       At the core of this dispute are MGA's "Bratz" and Mattel's "My Scene"

28   product lines.  Information regarding the conception, design and development of

- 17 -

**EXHIBIT B**
**PAGE   31**

1   these products is relevant to numerous of MGA's claims and defenses. MGA's

2   Complaint includes claims for relief based on false designation of origin, such as

3   trade dress infringement, and unfair competition based on Mattel's deliberate

4   poaching upon the commercial magnetism of "Bratz" and intentionally imitating

5   the distinctive features such that the "My Scene" products have progressively

6   become closer and closer to the themes, packaging and overall image of the "Bratz"

7   line.[24]   MGA also has an affirmative claim for dilution.   In addition to MGA's

8   affirmative claims, Mattel's claim for trade secret misappropriation relating to

9   alleged trade secrets in "Bratz" puts various aspects of the "Bratz" and "My Scene"

10  products at issue, in particular their conception and design.[25]   It follows, then, that

11  MGA's affirmative defenses also relate to "Bratz" and Mattel's claimed trade secret

12  rights in connection with "Bratz."[26]

13        Thus, (1) documents relating to the conception and changes in design of "My

14  Scene" products, packaging and advertising; (2) documents relating to the

15  conception and changes in design of "Bratz" products, packaging and advertising;

16  (3) documents relating to Mattel and its employees' and contractors' knowledge of

17  "Bratz"; (4) documents relating to the advertising and marketing of "Bratz" and

18  "My Scene" products; (5) documents relating to the similarities between and

19  confusion that results from "Bratz" and "My Scene" products; (6) documents

20  relating to predecessors of "Bratz" and "My Scene" products; and (7) documents

21  relating to any competitive analyses of the markets for "My Scene" products and

22  "Bratz" products, are highly relevant to MGA's Phase 2 claims and defenses.[27]

23  [24] MGA's Complaint, Rutowski Decl. Ex. 15.
24  [25] Mattel's Fourth Amended Answer, Rutowski Decl. Ex. 16; Mattel's First
    Supplemental Objections and Responses to Interrogatory Nos. 20-23 and 28 in
25  MGA Entertainment, Inc.'s Second Set of Interrogatories (July 31, 2009), Rutowski
    Decl. Ex. 60 at 2683.
26  [26] MGA Parties' Answer and Affirmative Defenses to Mattel, Inc.'s Third
    Amended Answer and Counterclaims ("MGA's Answer"), Rutowski Decl. Ex. 61
27  (Docket Document No. 5798) at 2949-2951, 2955-2957; MGA's Response To
    Mattel, Inc.'s Amended Supplemental Interrogatory Regarding Defendants'
    Affirmative Defenses (August 31, 2009), Rutowski Decl. Ex. 62.
28  [27] As detailed in the Separate Statements, these requests include 9049 RFPs: 1-16,

MTN TO COMPEL FURTHER RESPONSES TO RFP
CV 04-9049 SGL (RNBx)

EXHIBIT B
PAGE   32

Case 2:04-cv-09049-DOC -RNB   Document 6816   Filed 09/23/09   Page 25 of 36   Page ID #:222631

1    Many of the requests for which Mattel has failed to provide an adequate response

2    go to the core of these issues.

3         For example, 9059 RFP 123 seeks documents relating to "Bratz" or "Bratz"

4    intellectual property that Mattel gave or showed to any person working on or

5    involved in the conception, creation, design or development of the "My Scene"

6    styling head.  This request is narrowly tailored to a "My Scene" styling heads and

7    the use or knowledge of "Bratz" in the creation thereof.  The information sought is

8    essential to MGA's claim that Mattel copied and infringed upon MGA's products

9    and intellectual property.  In response to this request, Mattel lists its standard "cut

10   and paste" objection and does not agree to produce any responsive documents.

11        As another example, 9049 RFP 552, seeks reports, studies, presentations,

12   memoranda or other documents that analyzed the effectiveness of television

13   commercials or advertising campaigns for Mattel's "My Scene" products.  Any

14   such analysis is likely to lead to relevant evidence, such as evidence showing that

15   Mattel's "My Scene" advertisements were not commercially successful and its

16   resulting decision to copy "Bratz" advertisements.  In response to this request,

17   Mattel states that "other than those documents produced pursuant to other requests,

18   Mattel *will not produce* documents responsive to this Request."  This is tantamount

19   to a complete failure to produce documents responsive to this request in particular.

20        Mattel's failure to produce documents central to MGA's claims and defenses

21   in Phase 2 is reprehensible.  Mattel must be ordered to produce all responsive non-

22   privileged documents that go to the core of the issues regarding "My Scene" and

23   "Bratz," as detailed for each request in the Separate Statements.

24

25

26   18-31, 69-73, 76-85, 90, 91, 93, 94, 106-113, 125, 127, 130, 168, 171, 420-424,
     430-434, 445, 446, 452-455, 471-474, 525, 540, 549-551, 553, 555, 557, 566-567,
27   597-599, 693, 735, 775-784, 786-788, 792-794; 9059 RFPs: 1-4, 17-19, 26-28, 35-
     37, 47, 71-80, 112-114, 121-123, 165-166, 170, 175, 184-185, 273, 333-337, 343-
28   347.

MTN TO COMPEL FURTHER RESPONSES TO RFP
CV 04-9049 SGL (RNBx)

EXHIBIT B
PAGE  33

## B.    Serial Copying of Non-Bratz Products.

In addition to the issues surrounding "Bratz" and "My Scene," MGA alleges that Mattel has engaged in serial copying of other MGA products.  Allegations of serial copying are set forth both as part of MGA's unfair competition claim as well as in MGA's affirmative defenses.  For example, in its Complaint, MGA alleges that Mattel has deliberately and repeatedly adopted, imitated and mimicked the make-up, appearance, features, trade dress, and image of MGA's products, packaging and advertising, exploiting the goodwill and reputation of MGA.  MGA's Complaint provides some specific examples including Mattel's copying of: MGA's "4-Ever Best Friends" in creating its "Wee 3 Friends" line, MGA's "Mommy's Little" line in creating its "Little Mommy" line, and MGA's "Alien Racers" line in creating its "AcceleRacerS" line.  MGA's unclean hands and competition privilege or justification defenses also allege that Mattel has copied MGA's products, packaging, themes and advertising in connection with its "My Scene", "Diva Starz," "Wee 3 Friends," "Acceleracers," "Polly Pocket," and "Little Mommy" products, just to name a few.[28]

Documents that evidence Mattel's efforts to copy products, advertising, and store displays and layouts are highly relevant to these claims, yet Mattel refuses to provide a complete production.   In response to many of the requests seeking documents about these issues, Mattel limits its agreement to produce to "matters placed at issue in this litigation."[29]  Mattel's limitation to what it determines has been "placed at issue" is far from giving MGA the assurance that all non-privileged, responsive documents have been or will be produced.

In response to other requests, such as 9059 RFP 139, Mattel flat out fails to produce.  This request seeks documents relating to the similarities or differences between "Bratz" and "Diva Starz," but only to the extent that Mattel contends that

---

[28] See MGA's Answer, Rutowski Decl. Ex. 61 (Docket Document No. 5798) at 2949-2951, 2955-2957.
[29] See, e.g., 9049 RFPs 384, 388-394, 396-397, 400 (regarding "Acceleracers"); 401-409 (regarding "Little Mommy"; and 410-418 (regarding "Wee 3 Friends").

MTN TO COMPEL FURTHER RESPONSES TO RFP
CV 04-9049 SGL (RNBx)

1  "Bratz" was derived from "Diva Starz." If Mattel intends to defend against MGA's

2  claim that "My Scene" copies "Bratz" by arguing that instead "Bratz" is derived

3  from "Diva Starz," MGA is entitled to a complete production in response to this

4  request. If Mattel does not intend to raise such a defense to MGA's affirmative

5  claims, it should tell MGA and state that no responsive documents exist for that

6  reason.

7      MGA is entitled to discovery on all aspects of Mattel's serial copying and

8  Mattel's defenses to these claims, and many of its requests are narrowly tailored to

9  seek discovery on these issues.[30]

10  **C.   Unfair Competition Through Improper Interference with MGA's Business Relationships.**

11

12     MGA's Complaint and its affirmative defenses also allege that Mattel has

13  engaged in unfair competition through its improper interference with MGA's

14  business by, for example, threatening retailers and suppliers and the intimidating

15  various industry groups in order to prevent MGA from fairly competing.[31] MGA's

16  affirmative defenses allege that Mattel has engaged in campaigns to create negative

17  publicity or press about MGA, MGA products, Carter Bryant, Isaac Larian or MGA

18  employees; that it has pressured and influenced entities such as NPD Funworld,

19  Children's Advertising Review Unit, Nickelodeon, Zapf Creation AG and Smoby

20  Group in an effort to interfere with MGA's business strategies; and that it spied on

21  MGA in an effort to obtain competitive non-public information through various

22  improper means.[32] MGA is entitled to seek documents reasonably calculated to

23  lead to the discovery of admissible evidence that will support (or refute) its claim

24  that Mattel has improperly sought to interfere with MGA's business relationships

25  _____

26  [30] As detailed in the Separate Statements, these requests include 9049 RFPs: 180, 351-352, 384, 388-394, 396, 397, 399-418, 440-444, 512-515, 556, 611-641, 644, 646, 652, 656, 674, 695, 748-756; and 9059 RFPs: 131-148, 274-276.

27  [31] See, e.g., MGA's Complaint, Rutowski Decl. Ex. 15 at 100-102.

28  [32] MGA's Answer, Rutowski Decl. Ex. 61 (Docket Document No. 5798) at 2949-2952, 2955-2957.

MTN TO COMPEL FURTHER RESPONSES TO RFP
CV 04-9049 SGL (RNBx)

**EXHIBIT B
PAGE   35**

1  and MGA's ability to compete fairly compete in the toy industry.  Many of MGA's

2  requests are narrowly tailored to this issue, and Mattel's objections to such requests

3  are unfounded.[33]

4  **D.    Unfair Competition Through Improper Restraints on Employee**
        **Mobility.**
5

6       As stated in MGA's Complaint, Mattel has used its power and influence to

7  attempt to, if not actually, intimidate and threaten MGA's current and potential

8  employees so as to cause MGA competitive injury.[34]  Mattel's acts have negatively

9  affected employee mobility and MGA's ability to attract, hire and retain

10  employees.[35]  MGA further alleges in its affirmative defenses that Mattel has

11  coerced its employees to accept restrictive covenants and non-compete clauses and

12  engaged in other efforts to prevent prospective MGA employees from accepting

13  offers of employment, thereby draining resources necessary to compete in the

14  marketplace.[36]  Requests directed at evidence of Mattel's improper restraints on

15  employees in the toy industry, either in employee contracts or through intimidation

16  and threats, are reasonably calculated to lead to evidence relevant to these claims.

17  Any relevancy objection to such requests should be overruled.[37]

18  **E.    Knowledge of Claims and Statute of Limitations.**

19       MGA alleges that Mattel had knowledge of its counterclaims against MGA,

20  including its claim for misappropriation of alleged trade secrets in "Bratz," at such

21  an early date that its claims are barred by laches and the statute of limitations.[38]

22

23  [33] As detailed in the Separate Statements, these requests include 9049 RFPs: 34-36, 40-41, 44-45, 95-98, 100, 425-428, 435-439, 447-451, 458-466, 468, 469, 494-501,

24  503-511, 519-524, 574A, 575-580, 584-585, 587, 589, 594-596, 600, 603, 642-643, 648-650, 677-690, 694; and  9059 RFPs: 49-69, 176-179, 196-203, 211-219, 279.

25  [34] MGA's Complaint, Rutowski Decl. Ex. 15 at 101.
    [35] Id. at 98.

26  [36] MGA's Answer, Rutowski Decl. Ex. 61 (Docket Document No. 5798) at 2950, 2956.

27  [37] As detailed in the Separate Statements, these requests include 9049 RFPs: 176-177, 456-457, 467, 477-478,  543, 545, 546,  548, 558, 559, 560, 563, 573, 590,

28  675, 697, 770-774, 790-791; and  9059 RFPs: 255-256.
    [38] MGA's Answer, Rutowski Decl. Ex. 61 (Docket Document No. 5798) at 2951.

MTN TO COMPEL FURTHER RESPONSES TO RFP
CV 04-9049 SGL (RNBx)

1    Mattel amended its pleadings to add its Phase 2 counterclaims on January 12, 2007,

2    having moved to amend its pleadings on November 20, 2006.[39]  The statute of

3    limitations for misappropriation of trade secrets is three years.  Yet, the evidence

4    shows and MGA alleges, that Mattel began actively investigating Bryant's role in

5    creating "Bratz" at least as early as 2001 or 2002—Mattel's internal investigative

6    files confirm that Mattel commenced an official investigation into whether Bryant

7    stole the "Bratz" idea in March 2002.  In mid-2003, additional events further

8    evidence Mattel's first knowledge of Phase 2 claims brought in 2006, such as a

9    <u>Wall Street Journal</u> article regarding Bryant's involvement in "Bratz" quoting

10   Mattel employees, and correspondence between Mattel and Hong Kong lawyers,

11   including Danny Yu, regarding litigation between MGA and Cityworld Limited

12   ("Cityworld") involving Carter Bryant and "Bratz."

13        Accordingly, MGA is entitled to documents in response to requests about

14   Mattel's first knowledge of the facts and claims at issue, about the investigations

15   conducted by Mattel, and about the particular events that MGA has reason to

16   believe were sufficient to put Mattel on notice of its Phase 2 claims.[40]  For example,

17   with respect to Mattel's first knowledge of the facts, 9059 RFPs 220-223 seek

18   communications and documents received by Mattel implying that MGA copied or

19   used Mattel's intellectual property in connection with "Bratz" and any

20   investigations that may have been performed in response to such communications.

21   These requests are narrowly tailored to Mattel's first knowledge of facts asserted in

22   connection with the claims later brought against MGA.  With respect to particular

23   _____

24   [39] MGA does not hereby concede that Mattel's claims at issue in Phase 2 relate
     back to its November 20, 2006 motion to amend, nor that they were properly pled

25   or asserted either at that time or by January 12, 2007.  Rather, MGA has currently
     pending statute of limitations and laches defenses, and it is entitled to discovery on

26   those defenses.  The evidence sought through this Motion is reasonably calculated
     to show the accrual date of Mattel's Phase 2 claims.  MGA is using these dates only

27   by way of example.
     [40] As detailed in the Separate Statements, these requests include 9049 RFPs: 170,

28   476, 482, 572, 758, 789; 9059 RFPs: 88, 91-95, 98, 100-101, 110-111, 167, 191-
     195, 210, 220-223, 252-253, 277-278.

                        - 23 -
                                        CV 04-9049 SGL (RNBx)

1    events, 9059 RFPs 213 and 214 seek communications between Mattel and specific

2    attorneys and entities involved in the litigation between MGA and Cityworld in

3    Hong Kong regarding Carter Bryant and "Bratz." These requests are narrowly

4    tailored to particular communications that MGA contends were sufficient to put

5    Mattel on notice of its Phase 2 claims against MGA. Mattel objects that all of these

6    requests are duplicative and states that it will not re-produce documents. This is

7    wholly insufficient to ensure that Mattel is not withholding non-privileged

8    discoverable information in response to these requests.

9         Notably, Judge Infante granted a prior motion brought by Carter Bryant and

10    MGA to compel on a narrow subset of documents relating to this issue, specifically

11    any investigation that occurred as a result of the receipt of an anonymous letter in

12    August 2002 addressed to Mattel CEO Robert Eckert and alleging that Bryant

13    designed "Bratz" dolls while at Mattel. Order by Judge Infante, dated January 30,

14    2007, Rutowski Decl. Ex. 63 (Docket Document No. 176). Mattel produced

15    documents and a privilege log, and Judge Infante conducted an *in camera* review of

16    some allegedly privileged documents, overruling privilege as to some and

17    sustaining privilege as to others. Order by Judge Infante, dated July 20, 2007,

18    Rutowski Decl. Ex. 64 (Docket Document No. 688). Notably, Mattel has added

19    supplemental entries to its privilege log at least eight times since then, many of

20    which cover the same time frame as the anonymous letter investigation and are

21    described as relating to "potential litigation."[41] From this, it is apparent that not all

22    responsive documents were provided as of the July 20, 2007 order. Prior motion

23    practice on a particular and narrow subset of issues relating to the statute of

24    limitations defense does not relieve Mattel of its obligation to produce and

25    supplement its production with all responsive non-privileged documents in

26

---

27    [41] For example, comparing  Mattel's Supplemental Privilege log dated September

28    18, 2007 (entries 1-251) with Mattel's Supplemental Privilege log dated October 29, 2007 (additional entries 252-334) reveals numerous additional entries within the 2002-2003 time frame relating to "potential litigation." Rutowski Decl. ¶ 82.

MTN TO COMPEL FURTHER RESPONSES TO RFP
CV 04-9049 SGL (RNBx)

1    response to MGA's requests.  In fact, the prior motion practice highlights the

2    relevance of the requested documents to MGA's defenses.

3        If Mattel has completed production in response to these requests, it need only

4    supplement its responses to confirm that it is not withholding any responsive

5    information based on its objections.  To the extent that Mattel has not produced or

6    supplemented its production, it should be ordered to do so.

7    **F.    Document Retention and Destruction.**

8        Several of the requests at issue in this motion relate to Mattel's document

9    retention policies, efforts to institute a litigation hold, and document destruction.[42]

10   These requests seek information relevant to, among other things, MGA's

11   affirmative defense regarding Mattel's spoliation of evidence.[43]

12       During Phase 1, MGA moved for terminating sanctions based alleged

13   destruction and willful spoliation of documents by Mattel.  This motion was

14   denied,[44] but Mattel was ordered to produce a declaration by setting forth its

15   preservation policies in detail.[45]  Mattel submitted an affidavit of Michael Moore.

16   Mattel now uses this affidavit in an effort to circumscribe its obligations to produce

17   documents regarding its document preservation efforts.  For example, 9049 RFPs

18   516-518 seek all documents relating to Mattel's efforts to institute a litigation hold

19   in connection with these consolidated proceedings.  Mattel responds that it will

20   produce one or more affidavits setting forth its preservation efforts and policies

21   with respect to the litigation pursuant to the Court's order denying terminating

22   sanctions.  If the attachments to Mr. Moore's affidavit provide a complete

23   production in response to these requests, then Mattel should respond that all non-

24   privileged responsive documents have been produced.  Otherwise, Mattel should

---

[42] As detailed in the Separate Statements, these requests include 9049 RFPs: 86-88, 480, 492-493, 500, 509, 516-518, 572(2)-574(2).
[43] MGA's Answer, Rutowski Decl. Ex. 61 (Docket Document No. 5798) at 2960-2961.
[44] Rutowski Decl. Ex. 65 (Docket Document No. 895).
[45] Transcript of August 27, 2007 proceedings in front of Judge Larson, Rutowski Decl. Ex. 66 at 3180.

MTN TO COMPEL FURTHER RESPONSES TO RFP
CV 04-9049 SGL (RNBx)

Case 2:04-cv-09049-DOC-RNB   Document 9410   Filed 12/17/10   Page 41 of 45   Page ID
#:283414
Case 2:04-cv-09049-DOC -RNB   Document 6816   Filed 09/23/09   Page 32 of 36   Page ID
#:222638

1  not be able to avoid production through an argumentative affidavit from its in-

2  house counsel.  For example, if there are emails or other documents that reflect how

3  the policies were implemented or lapses in the policies set forth in Mr. Moore's

4  declaration, MGA is entitled to those as well.

5         Other requests, such as 9049 RFPs 492-493, 500 and 509 are tailored to seek

6  specific evidence of retention or destruction by Mattel of the documents of current

7  or former MGA employees, freelancers or contractors, such as Tina Patel,

8  Christopher Hardouin, Margo Eldridge, Charlotte Broussard, and Andrew

9  Gallerani.  As alleged in MGA's Complaint, affirmative defenses, and interrogatory

10  responses, Mattel's hiring of and contracting with former MGA employees and

11  contractors is central to MGA's unfair competition claim and unclean hands

12  defense, which allege that Mattel intimidated employees in the industry and used

13  them to spy on MGA in an effort to gain confidential information about MGA.  If

14  Mattel willfully destroyed any documents evidencing this activity, such spoliation

15  would be highly relevant to MGA's claims and defenses.  These requests are

16  narrowly tailored to seek such documents.

17         Mattel's objections and limitations with respect to requests seeking

18  documents concerning its document preservation policies and/or document

19  destruction are improper, and Mattel should be ordered to produce non-privileged

20  responsive documents.

21  **G.    Damages and Other Relief Sought.**

22         Damages and relief for Phase 2 claims are also at issue in Phase 2, and

23  requests  directed toward either (or both) parties' prayers for relief in Phase 2 seek

24  information discoverable in Phase 2.[46]  MGA's prayer for relief is set forth in its

25  Complaint.[47]  It seeks to enjoin Mattel from using confusingly similar trade dress,

26  ───────────────
[46] As detailed in the Separate Statements, these requests include 9049 RFPs: 74,
27  479, 564, 565, 569, 581-582, 651, 698, 704-715, 720-725, 729-731, 734, 741, 743-
746; and  9059 RFPs: 5-16, 20-25, 29-34, 38-43, 81, 102-109, 115-121, 124-130,
28  149-164, 204-209.
[47] MGA's Complaint, Rutowski Decl. Ex. 15 at 103-104.

- 26 -

1   improperly influencing standard-setting and industry organizations, engaging in

2   unfair competition and unfair business practices and diluting MGA's trade dress.[48]

3   It also seeks damages and profits derived by Mattel for its acts of false designation

4   of origin or affiliation, unfair competition and unfair business practices and

5   dilution. [49]

6       Mattel's prayer for relief, as articulated in its Fourth Amended Answer in

7   Case No. 05-2727 and Counterclaims, which it moved to file on August 17, 2009

8   (after the Phase 1 trial and well into Phase 2) is extremely, and overly, broad.[50]

9   Because Mattel's pleadings seek such broad relief, MGA is entitled to extremely

10   broad discovery on these issues.  For example, Mattel's prayer includes a

11   declaration that MGA has no valid or protectable ownership interests or rights in

12   "Bratz" designs, works or properties made by Bryant during the term of his Mattel

13   employment as well as in all derivatives prepared there from; an accounting of all

14   profits, monies and/or royalties form the exercise of ownership, use, distribution,

15   sales and licensing of "Bratz;" a constructive trust over "Bratz;" actual damages

16   and lost profits; and double damages due to alleged willful misappropriation of

17   Mattel's trade secrets with deliberate intent to injure Mattel's business and approve

18   its own.[51]  Many of the 9059 requests in particular are narrowly tailored to seek

19   categories of documents *only to the extent* that Mattel intends to seek specific relief

20   relating to the documents requested.[52]  The relevancy of the information sought in

21   these requests is self-evident, yet Mattel unreasonably refuses to produce

22   responsive materials.  If Mattel intends to pursue all of relief sought in its pleadings

23   in Phase 2, MGA is entitled to discovery on both the relief MGA seeks as well as

24   Mattel's overly broad prayer for relief.[53]

25   [48] Id.
     [49] Id.
26   [50] Mattel's Fourth Amended Answer, Rutowski Decl. Ex. 16 at 212-214.
     [51] Id.
27   [52] See, e.g., 9059 RFPs 5-16, 20-25, 29-34, 38-43, 102-109, 116-121, 125-130, 149-157, 204-209.
28   [53] Of course, MGA would consider limiting this category of requests if Mattel

MTN TO COMPEL FURTHER RESPONSES TO RFP
CV 04-9049 SGL (RNBx)

**H.    Custodians and Subject Matter Identified in Mattel's Initial Disclosures.**

The relevance and discoverability of the information sought in response to Mattel's Third Set of Requests (9049 RFPs 182-383) is without question.  These requests seek documents based upon individuals and areas of knowledge identified by Mattel in its Initial Disclosures.  For example, Mattel's Initial Disclosures identify Stephanie Cota as a person with knowledge of the development and ownership of intellectual property at issue.  Mattel's Initial Disclosures, Rutowski Decl. Ex. 56 at 2562.  As a result, 9049 RFPs 221 & 222 are directed toward documents "referring or relating to Stephanie Cota's alleged knowledge of '[t]he development and ownership of intellectual property at issue'" and "documents in Stephanie Cota's possession referring or relating to her alleged knowledge of '[t]he development and ownership of intellectual property at issue.'"  Mattel objects to these requests, and indeed every request in 9049, Set Three, on the ground that they "seek[] documents that are not relevant to this action or likely to lead to the discovery of admissible evidence."  Mattel's relevance objection is nonsense.  The requests are limited to the individuals Mattel itself identified as "individuals likely to have discoverable information" and the subject areas specifically set forth by Mattel.  See Fed. R. Civ. P. 26(a)(1)(A)(i).  Mattel itself has provided the rationale for discoverability.

Moreover, the subject matter areas identified by Mattel in its Initial Disclosures are broad and plainly involve Phase 2 issues.[54]  For example, many of the individuals identified in Mattel's Initial Disclosures are alleged to have information about the development and ownership of intellectual property at issue.

limits the relief it seeks in Phase 2.

[54] Mattel's Initial Disclosures do not break out witnesses by case or phase, but instead provide only extremely broad descriptions of their purportedly relevant knowledge.  Mattel cannot hide behind its own broad categorizations to avoid production of documents relating to individuals that it has put at issue and topics that it has defined.

MTN TO COMPEL FURTHER RESPONSES TO RFP
CV 04-9049 SGL (RNBx)

1    Such information is relevant to the parties' claims and defenses regarding "Bratz"

2    and "My Scene," as well as to issues of serial copying, as discussed in Sections II.A

3    and II.B above.  In addition, many individuals are identified by Mattel as having

4    information related to the broad category of MGA's access to Mattel's intellectual

5    property and trade secrets.  Thus, according to Mattel's own Initial Disclosures,

6    these custodians are reasonably likely to have information pertaining to at least

7    MGA's trade dress claim, MGA's unfair competition claim, and MGA's defenses,

8    for example, to Mattel's trade secret misappropriation claim.  As Mattel's Initial

9    Disclosures identify witnesses with information on broad topics that are clearly

10   relevant to Phase 2 issues, MGA is entitled to documents responsive to requests

11   narrowly tailored to Mattel's self-identified witnesses and topics.

12
**III.   MATTEL UNILATERALLY LIMITS THE SOURCES FROM WHICH IT IS COLLECTING DOCUMENTS.**
13

14        It is clear that MGA's concerns regarding Mattel's production are warranted

15   in light of Mattel's recent brief in opposition to MGA's Motion to Compel Further

16   Responses to MGA's First Set of Phase 2 Interrogatories and Second Set of Phase 2

17   Requests for Production.  Rutowski Decl. Ex. 67.  In this brief Mattel included a

18   background section regarding the universe of Mattel documents in which it

19   purportedly sets forth the number of computer servers, employee computers,

20   electronic mail systems and hardcopy documents that it has in its possession.  Id. at

21   3665.  Mattel apparently seeks unilaterally to impose limits on the electronic

22   discovery sources that it must search and from which it must collect documents

23   because it is a large company.  MGA is entitled to discovery of relevant

24   information, and Mattel should be compelled to confirm that it is searching all data

25   sources that are reasonably likely to contain responsive information in connection

26   with MGA's requests.

27        If Mattel seeks to limit its production of electronically stored information

28   pursuant to Federal Rule of Civil Procedure 26(b)(2), the requirements are clear.

MTN TO COMPEL FURTHER RESPONSES TO RFP
CV 04-9049 SGL (RNBx)

1   Mattel must identify as not reasonably accessible because of undue burden or cost

2   the specific sources of electronically stored information from which it does not

3   intend to provide discovery, and make a showing that the information is not

4   reasonably accessible. Fed. R. Civ. P. 26(b)(2). Mattel has not done so in

5   connection with the Phase 2 discovery sought through this motion, and it should be

6   compelled to conduct a reasonable search for responsive materials through all data

7   sources in its possession, custody or control.

8                               **CONCLUSION**

9        For all of the foregoing reasons, MGA respectfully requests that the

10  Discovery Master grant MGA's Motion to Compel in its entirety as requested

11  herein.

12  Dated:  September 23, 2009        ORRICK, HERRINGTON & SUTCLIFFE LLP

13

14                            By: _____/s/ Diana M. Rutowski_____
                                        Diana M. Rutowski
15                              Attorneys for MGA ENTERTAINMENT, INC.,
                                MGA ENTERTAINMENT HK, LTD., MGA de
16                              MEXICO, S.R.L. de C.V., and ISAAC LARIAN

17

18

19

20

21

22

23

24

25

26

27

28

MTN TO COMPEL FURTHER RESPONSES TO RFP
                                        CV 04-9049 SGL (RNBx)

EXHIBIT B
PAGE   44