MARK L. TUFT (SBN 43146)
  mtuft@cwclaw.com
STEPHEN D. KAUS (SBN 57454)
  skaus@cwclaw.com
COOPER, WHITE & COOPER LLP
201 California Street, 17th Floor
San Francisco, California 94111
Telephone: (415) 433-1900
Facsimile: (415) 433-5530

Attorneys for Glaser Weil Fink Jacobs
Howard & Shapiro LLP

PATRICIA GLASER (SBN 056688)
  pglaser@glaserweil.com
ANDREW BAUM (SBN 190397)
  abaum@glaserweil.com
GLASER, WEIL, FINK, JACOBS,
  HOWARD & SHAPIRO LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, California 90067
Telephone: (310) 553-3000
Facsimile: (310) 556-2920

Attorneys for the MGA PARTIES

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation,<br><br>            Plaintiff,<br><br>vs.<br><br>MGA ENTERTAINMENT, a California corporation, et al.,<br><br>            Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 doc (RNBx)<br><br>Assigned to Hon. David O. Carter<br><br>**OBJECTIONS TO AND REQUEST TO STRIKE DECLARATION OF MICHAEL T. ZELLER IN SUPPORT OF MATTEL, INC.'S MOTION TO DISQUALIFY GLASER WEIL**<br><br>Hearing Date:   December 20, 2010<br>Time:           9:30 a.m.<br>Place:          Courtroom 9D<br><br>Discovery Cutoff:    October 4, 2010<br>Pre-Trial Conference: January 4, 2011<br>Trial Date:          January 11, 2011 |

COOPER, WHITE
& COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111

644610.1

CV 04-9049 doc (RNBX)

Objections to and Request to Stike Declaration of Michael Zeller

Glaser Weil Fink Jacobs Howard & Shapiro LLP and Defendant MGA Entertainment, Inc. ("MGA") hereby object to the Declaration of Michael T. Zeller in Support of Mattel's Motion to Disqualify Glaser Weil and request that the portions identified below be stricken:

1. **Paragraph 4, Lines 18-22:** "During her time at Quinn Emanuel, Ms. Basinger billed 1,473.1 hours to multiple Mattel matters. This included nine hours billed directly to the Mattel v. MGA litigation. As part of her work on this matter, Ms. Basinger communicated with Mike Zeller and reviewed confidential Mattel systems and files for potential production."

**Grounds for Objections:** Lack of personal knowledge. Lack of foundation. Lack of relevance; vague and ambiguous; misleading.

**Authorities:**

Lack of Personal Knowledge: FED. R. EVID. 602 ("A witness may not testify to a matter unless evidence is introduced to support a finding that the witness has personal knowledge of the matter.")

Lack of Foundation: FED. R. EVID. 901(a) (proponent of evidence must show "that the matter in question is what the proponent claims" it to be).

Hearsay: FED. R. EVID. 801(a), (c); FED. R. EVID 802 (hearsay inadmissible unless provided for under an exception in the Federal Rules of Evidence, federal statutes, or other Supreme Court rules)

Best Evidence: FED. R. EVID. 1002 (the original writing is required to prove the content of a writing)

Lack of Relevance; Vague and Ambiguous; Misleading: FED. R. EVID. 402 ("Evidence which is not relevant is not admissible."); FED. R. EVID. 403 ("Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury . . . .").

COOPER, WHITE & COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111

644610.1                                     1                          CV 04-9049 doc (RNBx)
Objections and Request to Strike Declaration of Michael Zeller

**Argument:** Mr. Zeller lacks personal knowledge regarding the alleged amount of time Ms. Basinger billed to Mattel matters or her alleged review of documents for potential production in this matter. Mr. Zeller does not provide any factual basis to support his assertion. Mr. Zeller fails to provide billing records to Glaser Weil or the Court to support his assertion. Mr. Zeller's vague and ambiguous summary of the alleged statements contained in the billing records is inadmissible hearsay and not the best evidence of the contents of the billing records.

The amount of time Ms. Basinger billed for other unrelated Mattel matters is irrelevant to Mattel's Motion to Disqualify Glaser Weil as trial counsel in this case. Mr. Zeller fails to provide any factual basis to show that the other Mattel matters for which Ms. Bassinger allegedly billed time are related in any way to the legal or factual issues in this action. As set forth in the Declaration of Jill Basinger in Support of the Opposition to Mattel's Motion to Disqualify Glaser Weil, the vast majority of hours Ms. Basinger spent working on "Mattel" matters were spent working on a case called <u>Mattel v. Burrago</u>, which did not involve, nor was it in anyway related to, the facts or issues in this case. *See* Basinger Decl., ¶ 5. As a result, Mr. Zeller's claim that Ms. Basinger billed 1,473.1 hours to multiple Mattel matters is misleading.

In addition, Mr. Zeller's claim that Ms. Basinger communicated with Mike Zeller as part of her alleged work for this matter is irrelevant, vague and ambiguous, and misleading. Mr. Zeller does not assert that the alleged communications involved discussion of confidential information that is material to the issues in the present litigation. He fails to provide any description of the nature and context of the alleged communications. While Mattel is not obligated to disclose the actual content of the communications, it must make some showing of the nature of the communications and their relationship to the current representation. *See Elliot, supra*, 165 Cal.App.3d at 572 (conclusory statements are insufficient to support disqualification); *see also Manfredi & Levine v. Superior Court* (1998) 66

COOPER, WHITE
& COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111

644610.1

2

CV 04-9049 doc (RNBx)
Objections and Request to Strike Declaration of Michael Zeller

1  Cal.App.4th 1128 (moving party must describe the general nature of the alleged
2  confidential communications, as fully as possible but within the confines of
3  privilege).

   Finally, Mr. Zeller's claim that Ms. Basinger "reviewed confidential Mattel Systems and files" is irrelevant, vague and ambiguous, and misleading. Mr. Zeller does not explain what is meant by "Mattel Systems" or that Ms. Basinger obtained any information not otherwise produced in this litigation that is confidential and material to the issues being litigated.

   2.  Paragraph 5: "In addition, Ms. Bassinger billed 123.3 hours to <u>Viveros v. Mattel</u>, which concerned the origins of Mattel's "Diva Starz" line of products, that overlapped in issues and discovery with the MGA litigation. While working on <u>Viveros</u>, Ms. Basinger was privy to Mattel's litigation strategies with respect to "Diva Starz" and protection of its intellectual property, regularly communicated with in-house counsel for Mattel and was involved in the search for and collection of documents concerning "Diva Starz." Most documents produced in the MGA litigation concerning "Diva Starz," pursuant to MGA discovery requests, were collected and reviewed as part of the <u>Viveros</u> case by Ms. Basinger, among other Quinn Emanuel attorneys. Ms. Basinger also worked on, and discussed strategy regarding, the depositions of witnesses, including the persons who are witnesses in both the <u>MGA</u> and the <u>Viveros</u> cases. As Mattel's lead counsel in <u>Viveros</u>, I regularly communicated with Ms. Basinger on such and other privileged matters."

   **Grounds for Objections:** Lack of personal knowledge. Lack of foundation. Lack of relevance; vague and ambiguous; misleading.

   **Authorities:**

   <u>Lack of Personal Knowledge</u>: FED. R. EVID. 602 ("A witness may not testify to a matter unless evidence is introduced to support a finding that the witness has personal knowledge of the matter.")

   <u>Lack of Foundation</u>: FED. R. EVID. 901(a) (proponent of evidence must

COOPER, WHITE & COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111

644610.1                                3                            CV 04-9049 doc (RNBx)
Objections and Request to Strike Declaration of Michael Zeller

show "that the matter in question is what the proponent claims" it to be).

<u>Hearsay</u>: FED. R. EVID. 801(a), (c); FED. R. EVID 802 (hearsay inadmissible unless provided for under an exception in the Federal Rules of Evidence, federal statutes, or other Supreme Court rules)

<u>Best Evidence</u>: FED. R. EVID. 1002 (the original writing is required to prove the content of a writing)

<u>Lack of Relevance; Vague and Ambiguous; Misleading</u>: FED. R. EVID. 402 ("Evidence which is not relevant is not admissible."); FED. R. EVID. 403 ("Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury . . . .").

**Argument:** Mr. Zeller lacks personal knowledge regarding the amount of time Ms. Basinger billed to the <u>Viveros v. Mattel</u> or Ms. Basinger's alleged exposure to Mattel's litigation strategies, alleged communications with Mattel's in-house counsel, her alleged search for, review and collection of documents concerning "Diva Starz," or her other alleged other work for the <u>Viveros</u> matter. Mr. Zeller does not provide any factual basis to support his assertions. Mr. Zeller fails to provide billing records to Glaser Weil or the Court to support his assertions. Mr. Zeller's vague and ambiguous summary of the alleged statements contained in the billing records is inadmissible hearsay and not the best evidence of the contents of the billing records.

The amount of time Ms. Basinger billed to unrelated Mattel matters is not relevant to Mattel's Motion to Disqualify Glaser Weil as trial counsel in this action. Mr. Zeller fails to set forth any competent facts to support his conclusory statement that the <u>Viveros</u> case "overlapped in issues and discovery with the MGA litigation."

In addition, Mr. Zeller's claims regarding Ms. Basinger's alleged exposure to Mattel's litigation strategies, alleged communications with Mattel's in-

COOPER, WHITE & COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111

644610.1                                    4                           CV 04-9049 doc (RNBx)
Objections and Request to Strike Declaration of Michael Zeller

1  house counsel and Mr. Zeller, her alleged search for, review and collection of
2  documents concerning "Diva Starz," or her other alleged work for Viveros is
3  irrelevant, vague and ambiguous, and misleading. Mr. Zeller does not assert that
4  Ms. Basinger's alleged exposure to litigation strategies, her alleged communications,
5  or her alleged other work for Viveros involved confidential information that is
6  material to the issues in the present litigation. He fails to provide any description of
7  the nature and context of the alleged communications. While Mattel is not obligated
8  to disclose the actual content of the communications, it must make some showing of
9  the nature of the communications and their relationship to the current representation.
10 *See Elliot, supra*, 165 Cal.App.3d at 572 (conclusory statements are insufficient to
11 support disqualification); *see also Manfredi & Levine v. Superior Court* (1998) 66
12 Cal.App.4th 1128 (moving party must describe the general nature of the alleged
13 confidential communications, as fully as possible but within the confines of
14 privilege).

15         For the foregoing reasons, Glaser Weil and MGA respectfully request
16 that the above portions of Mr. Zeller's declaration be stricken and disregarded in
17 connection with Mattel's Motion to Disqualify Glaser Weil.

19 DATED: December 17, 2010          COOPER, WHITE & COOPER LLP

21                                   By: /s/ Stephen D. Kaus
                                         Mark L. Tuft
22                                       Stephen D. Kaus
                                         Attorneys for Glaser Weil

COOPER, WHITE & COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111

644610.1                    5                    CV 04-9049 doc (RNBx)
Objections and Request to Strike Declaration of Michael Zeller