QUINN EMANUEL URQUHART SULLIVAN LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  William C. Price (Bar No. 108542)
  williamprice@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  michaelzeller@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Plaintiffs and Counter-Defendants Mattel, Inc., and Mattel de Mexico, S.A. de C.V.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>MGA ENTERTAINMENT, INC., a California corporation, et al.,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS<br><br>**PUBLIC REDACTED** | CASE NO. CV 04-9049 DOC (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>Hon. David O. Carter<br><br>**MATTEL, INC.'S NOTICE OF MOTION AND MOTION TO COMPEL FURTHER DEPOSITIONS OF MGA EXPERTS DR. YEHUDA BASSOK AND JAMES MALACKOWSKI**<br><br>[[Proposed] Order Submitted Herewith]<br><br>Hearing Date: TBD<br>Time: TBD<br>Place: TBD<br><br>Discovery Cutoff: October 4, 2010<br>Pre-trial Conference: January 4, 2011<br>Trial: January 11, 2011 |

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that, at a time and date to be set by the Court, Mattel, Inc. and Mattel de Mexico, S.A. de C.V. (collectively, "Mattel") will, and do hereby, move for an order to (i) compel the further depositions of MGA Entertainment Inc. ("MGA") experts Yehuda Bassok ("Bassok") and James Malackowski ("Malackowski") and, if necessary, to (ii) allow the depositions to take place after the expert discovery cut-off, at a date and time ordered by the Court. Mattel makes this motion on the grounds that MGA improperly unilaterally terminated the depositions after seven hours and before they were completed, even though this Court has stated that the seven hour rule does not apply to this case.

## Meet and Confer

Lead counsel for the parties met and conferred on this motion on December 13, 2010, but no resolution was reached.

DATED: Decemember 17, 2010

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By /s/ Michael T. Zeller

Michael T. Zeller
Attorneys for Mattel, Inc., and Mattel de Mexico, S.A. de C.V.

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT .................................................................................1

STATEMENT OF FACTS .........................................................................................1

ARGUMENT ..............................................................................................................3

I.    UNDER THIS COURT'S PRIOR ORDERS AND THE RULES, MATTEL IS ENTITLED TO MORE TIME WITH EACH BASSOK AND MALACKOWSKI ...........................................................................3

II.   BECAUSE OF THE NUMBER OF ISSUES INVOLVED AND THE CONDUCT OF THE WITNESS AT DEPOSITION, ADDITIONAL TIME IS NEED TO FAIRLY EXAMINE BASSOK ...................................5

III.  MATTEL NEEDS ADDITIONAL TIME TO COMPLETE MALACKOWSKI'S EXAMINATION ON HIS REBUTTAL REPORT ..........................................................................................................7

CONCLUSION ...........................................................................................................8

## MEMORANDUM OF POINTS AND AUTHORITIES

## PRELIMINARY STATEMENT

MGA improperly cut-off the depositions of two of its purported experts, Yehuda Bassok and James Malackowski, after seven hours. To justify its action, MGA asserted that the Court had not provided that expert depositions could exceed seven hours. MGA is wrong. The Court has ruled on numerous occasions that depositions in this case are not limited to seven hours. In any event, Rule 30 allows for additional time if needed for a fair examination, particularly with respect to expert witnesses.

Mattel would be severely prejudiced if no additional time is obtained. Bassok has submitted a report in which he claims that 77 of Mattel's trade secrets are completely worthless. Mattel has not even been able to cover half of the trade secrets stolen. Mattel is entitled to explore the basis of his opinion on these trade secrets. Moreover, Bassok delayed the deposition by repeatedly changing his testimony – sometimes after conferring with counsel – and refusing to answer the questions as posed. Additionally, Malackowski, who is MGA's purported damages expert, has offered two reports totaling nearly 200 pages in length, and Mattel had only begun to examine him on the second report when the deposition was improperly cut short.

The Court should order MGA to produce these experts for additional deposition time.

## STATEMENT OF FACTS

<u>MGA Terminates Depositions After Seven Hours</u>. MGA has designated Bassok as an ostensible expert in supply chain management, inventory control,

-1-

Case No. 04-09049

MOTION TO COMPEL FURTHER DEPOSITION OF BASSOK AND MALACKOWSKI

forecasting, supply contracts and procurement and negotiations.[1] Bassok's deposition took place on December 9, 2010.[2] After approximately seven hours of testimony, MGA unilaterally terminated the deposition and allowed no further questioning, falsely claiming that the parties had agreed to limit expert depositions to seven hours.[3] Mattel in fact had not agreed to any such limitation, and objected to the termination of the deposition.[4]

Similarly, MGA terminated the December 7, 2010 deposition of its alleged damages expert, James Malackowski, because the deposition had gone for seven hours. Malackowski has offered an opinion on MGA's purported damages for its "billion dollar" Counterclaims-in-Reply totaling 107 pages, and a rebuttal to Mattel's damages expert report of Michael Wagner totaling 87 pages. With the exhibits, these reports collectively number many thousands of pages. Mattel examined Malackowski on his opening report, but had only begun examining him on his rebuttal report when MGA's counsel abruptly and unilaterally terminated the deposition. MGA's counsel stated that he believed Mattel was not entitled to more than seven hours with Malackowski.[5]

<u>MGA Delays a Lead Counsel Meet and Confer</u>. Immediately after the Bassok deposition, on December 8, 2010, counsel for Mattel attempted to arrange a "meet and confer" with respect to MGA's termination of the depositions.[6] Reversing its position, instead of claiming that Mattel had "agreed" to a limit, MGA asserted that the Court had not provided that expert depositions could exceed the seven hour

---

[1] Expert Report of Yehuda Bassok, dated November 16, 2010 ("Bassok Report").
[2] Bassok Depo, at 6:1-20.
[3] Bassok Depo, at 307: 3-12.
[4] Bassok Depo, at 307:3-12.
[5] Malackowski Depo, at 328:25-329:7, 353:24-354:25.
[6] V. Trebicka email to D. Mingrone, dated December 8, 2010.

limit.[7] In addition, MGA refused to participate in a conference until Mattel fulfilled an unrelated requirement that it provide information about its damages expert, Michael Wagner.[8]

Finally, after repeated Mattel requests, MGA participated in a lead counsel meet and confer on December 13, 2010, during which no resolution was reached. A day later, on December 14, 2010, MGA counsel informed Mattel that, as a "compromise," it would offer Bassok and Malackowski for a single hour each. Given the amount of material left to cover with each of these witnesses, Mattel stated that this offer was insufficient.

## ARGUMENT

### I. MATTEL IS ENTITLED TO MORE TIME WITH EACH BASSOK AND MALACKOWSKI

MGA's sole excuse for terminating the depositions prematurely was that Mattel supposedly had agreed that expert depositions were limited to seven hours in this case. There was no such agreement, and MGA has provided no support for that claim because there is none.

Realizing its earlier justification was false, MGA offered another excuse – after the fact – and claimed the Court had limited the depositions to seven hours. That, too, is incorrect. This Court has repeatedly ruled that the seven hour limit does not apply in this case. As provided in its February 22, 2010 Order: "This Court

---

[7] D. Mingrone email to V. Trebicka, dated December 9, 2010 ("As you are aware, there is no agreement or court order to suspend Fed. Rule 30 requirements. Therefore, you were afforded the required seven hours (7) for the Malackowski and Bassok depositions.").

[8] A. Hurst email to V. Trebicka, dated December 13, 2010 ("First, we understand that Mr. Wagner has indicated that he intends to serve a further report. When will that report be served and is Mattel going to produce him for further deposition once it is served? . . . Once we have this information we can evaluate whether we can reach agreement and then schedule a call.")

has allowed both parties to conduct depositions well past the seven hour limit on the basis of the parties' representation - supported by the pleadings - that more time is required to fairly examine certain deponents." Dkt. 7539 at 2. The Court made an identical finding on February 25, 2010 ("complexity of the RICO allegations ... warranted a departure from Rule 30(d)(1)'s seven hour rule," Dkt.7590 at 2) and again on August 8, 2010 (referencing a practice of taking 30(b)(6) depositions "well in excess of the seven hours prescribed" by the rules, Dkt. 8509 at 2-3). No Order of this Court limited the depositions of experts to seven hours – especially for experts such as Malackowski and Bassok who purport to opine on a vast array of matters. MGA's belated argument that the seven hour rule somehow now applies to expert depositions is unavailing.

Even assuming that the Court's prior orders did not expressly govern Bassok and Malackowski's depositions, additional time is warranted under the Rules. Fed. R. Civ. P. 30 provides that "[t]he court must allow additional time consistent with Rule 26(b)(2) if needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination." The Advisory Committee's Notes specifically recognize that with regard to expert witnesses, "there may more often be a need for additional time [for] full exploration of the theories upon which the witness relies." Advisory Committee Notes to Rule 30(d)(2). Certain factors a court may consider in determining whether to order an extension such as "if the witness will be questioned about numerous lengthy documents, or in multi-party cases." Canal Barge Co. v. Commonwealth Edison Co., 2001 WL 817853 at *4 (N.D. Ill. July 19, 2001) (granting additional time where deponent had knowledge regarding the repair work performed on 56 separate barges and where deposition involved need to refer to numerous accompanying documents). In light of the vast amount of material left to cover with each of these witnesses, Mattel is entitled to more time under the Rules.

Further, unlike the fact witnesses in this case – to whom the seven hour rule has not applied – Bassok and Malackowski cannot even claim prejudice by the length of their depositions. After all, Bassok will be paid $400 for each hour of his time, and Malackowski will be paid $595 per hour. Both experts voluntarily agreed to serve as experts and to subject themselves to discovery in those proceedings. Accordingly, like every other witness in this case, Bassok and Malackowski should be ordered to sit for deposition until Mattel has completed its examination.

## II. BECAUSE OF THE NUMBER OF ISSUES INVOLVED AND THE CONDUCT OF THE WITNESS AT DEPOSITION, ADDITIONAL TIME IS NEED TO FAIRLY EXAMINE BASSOK

Bassok's Report addresses a broad swath of information, purporting to opine on each and every one of 77 individual trade secrets, including the Mattel Demand Planning Process (Trade Secret No. 2), Mattel's Enhanced Sales Forecasting Process (Trade Secret No. 3), and the Demand Planning and Sales Planning Modules of Mattel's ISIS Computer System (Trade Secret No. 4), and claiming that none of the information the documents and trade secrets admittedly taken from Mattel's internal systems by Castilla has any value whatsoever.[9] The Bassok Report provides little to no detail explaining his conclusions with regard to each of the trade secrets, relying instead on conclusory statements of "no value." Yet, Mattel did not have an opportunity to question Bassok on even *half* of its trade secrets that were stolen by Castilla.

---

[9] See Bassok Report at 26-28; Transcript of Deposition of Yehuda Bassok, dated December 8, 2010 ("Bassok Dep."), at 182:1-4 (no matter how unsophisticated a direct competitor that acquired these documents was, the documents would be "of no value whatsoever"); 189:8-9 (the documents have "no value at all" as an entire collection); 189:23-190:3 (stolen documents would not have any potential value to a company that also had access to someone familiar with the work reflected in them); 193:4-9 ("Based on the documents, I'm saying that they don't provide any value, and all the rest, in my opinion, is irrelevant.").

Even for the trade secrets on which Mattel was able to question Bassok, Mattel was not able to fully explore his contradictory answers. For example, in addressing M 0924427-469, a 42-page document that lays out in great detail enhancements to Mattel's global sales planning systems, the Bassok Report states only that "[t]he information in [this document] is generic. The screens are typical. They do not provide valuable information to a system designer who wants to build a forecasting system." Bassok Report, ¶41. And yet, when shown the same document at the deposition, Bassok could not even remember seeing it before.[10] In light of the amount of material addressed by the Report and the limited explanation of the Report's conclusions, more time is required to explore the basis of Bassok's opinions.

Mattel also requires additional time to examine Bassok on belatedly-produced documents considered by him in forming opinions. Indisputably, MGA produced documents relating to Bassok's opinion for the first time at his deposition.[11] Furthermore, during his deposition, Bassok admitted that he had failed to produce a reference upon which he based his conclusion.[12] After the conclusion of the deposition, MGA finally produced this 550-page document. The late production, combined with MGA's refusal to allow additional time, prejudices Mattel by denying it the opportunity depose him on materials pertinent to his opinions.

To make matters worse, in the time that Mattel had with Bassok, much of it was wasted by Bassok's evasive testimony. Rather than answer questions, Bassok caused further delay by adding argument and extraneous testimony to many of his

---

[10] Bassok Depo, 195:16-21 ("I have seen documents similar to this. I'm not sure that I've seen this one, but I've seen many documents similar.").
[11] Bassok Depo, 264:22-24 ("Q: And they were just produced today those are the ones you produced today correct? Mr. Rorie: I produced them today.").
[12] Bassok Depo, 113:22-1114:8.

responses.[13]  Having to backtrack and reexamine the same area of testimony needlessly prolonged the deposition and unfairly deprived Mattel of the full measure of time allotted under the Federal Rules.

In addition, during the deposition, Bassok changed his testimony multiple times, requiring counsel to reexamine the basis of his testimony.[14]  At one point in the deposition, Bassok testified that all of the information taken by former Mattel employee Jorge Castilla were, in fact, trade secrets.  However, after taking a break and conferring with counsel, Bassok reversed himself.[15]  Because the deposition was cut short, Mattel did not have enough time to probe this striking reversal of testimony.  Accordingly, Mattel should be accorded additional time to complete its examination.

### III. MATTEL NEEDS ADDITIONAL TIME TO COMPLETE MALACKOWSKI'S EXAMINATION ON HIS REBUTTAL REPORT

Additional time with Malackowski is likewise warranted pursuant to this Court's orders and Rule 30.  Malackowski has offered two expert reports in the case totaling hundreds of pages and including many thousands of pages of exhibits.  The reports set out the bases upon which MGA claims damages, including the purported thefts of 114 separate trade secrets, alleged trade dress infringement, alleged unfair

---

[13] See, generally, Bassok Depo, at 120:4-122:5 (refusing to answer questions regarding value of sales planning enhancements); id. at 260:7-261:2 (arguing with counsel over relevance); id. at 131:16-132:10 (directing counsel to look at his papers in lieu of answering question); id. at 220:24-221:15 (answering question with story about classroom and students).

[14] See, generally, Bassok Depo, at 86:15-87:5 (adding to his prior testimony after conferring with counsel); 92:20-93:1 (changing testimony from "minimal impact" to no impact); see id. at 97:13-98:19.

[15] Bassok Depo, at 246:18-21 ("Q: Okay. Mattel as you know told you by way of the Owens declaration that its materials were trade secrets. Do you believe that they're trade secrets? A: Of course."); cf. 270:19-25 (reversing himself after conferring with counsel).

competition, and numerous alleged RICO violations. Mattel spent a day of Malackowski's deposition on his opening expert report, in which he purports to quantify damages for MGA's counterclaims-in-reply, totaling in excess of half a billion dollars damages. Malackowski Report at 1-4.

Mattel's counsel had just begun examining Malackowski on his rebuttal report when MGA's counsel announced that Malackowski would walk out of the deposition after exactly seven hours.[16] MGA's counsel did not contest that Mattel had not had an opportunity to fully examine Malackowski on the rebuttal report, but instead erroneously claimed only that the "seven hour rule" was in effect in this case and terminated the deposition.[17] However, MGA's counsel also admitted that Malackowski simply had not planned to be available and therefore the deposition could not be continued the next day.[18] There can be no legitimate dispute that Mattel was not able to adequately examine Mr. Malackowski on his rebuttal report; MGA's only reason was counsel's erroneous understanding that a seven hour time limit had been imposed in this case.

## CONCLUSION

Based on the foregoing reasons, Mattel respectfully requests that this court enter an order compelling each of MGA's experts, Yehuda Bassok and James Malackowski, to sit for deposition until completed.

---

[16] See Malackowski Depo, at 342:7-343:21.
[17] Malackowski Depo, at 353:24-354:25 (" ▮ ").
[18] See Malackowski Depo, at 328:25-329:7 (" ▮ ").

DATED: December 17, 2010

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By /s/ Michael T. Zeller
Michael T. Zeller
Attorneys for Plaintiffs and Counter-Defendants Mattel, Inc., and Mattel de Mexico, S.A. de C.V.