QUINN EMANUEL URQUHART & SULLIVAN, LLP
  John B. Quinn (Bar No. 090378)
  (johnquinn@quinnemanuel.com)
  William C. Price (Bar No. 108542)
  (williamprice@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc., and Mattel de Mexico, S.A. de C.V.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>MGA ENTERTAINMENT, INC., a California corporation,<br><br>Defendants.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 DOC (RNBx)<br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>Hon. David O. Carter<br><br>**MATTEL'S OPPOSITION TO MGA'S MOTION *IN LIMINE* NO. 3 TO PRECLUDE EVIDENCE RELATING TO MGA'S LEGAL REPRESENTATION**<br><br>Date: TBD<br>Time: TBD<br>Place: Courtroom 9D<br><br>**Phase 2**<br>Discovery Cut-off: October 4, 2010<br>Pre-trial Conf: January 4, 2011<br>Trial Date: January 11, 2011 |

**Memorandum of Points and Authorities**

Mattel agrees with MGA that references to a party's size or the number of its law firms, made to show its wealth or to bias, are improper. Mattel likewise agrees with MGA that "should jurors hear about the verdict of Phase I or resulting injunction and constructive trust, they may give them undue weight, creating the possibility that this case will be decided on evidence not properly before the jury." Mot. at 26. But if MGA is permitted to introduce the Court's injunction orders (despite its own requests for their exclusion), and if MGA is permitted to argue that Mattel misconduct led to injunction orders that allegedly caused MGA's damages, MGA's own statements about what actually caused its damages are clearly relevant. Indeed, those statements, made in the MGA/O'Melveny litigation, are damning admissions that clearly are admissible.

In its malpractice counterclaim against its former counsel in this case (<u>O'Melveny & Myers LLP v. MGA Entertainment, Inc.</u>, Los Angeles County Superior Court, Case No. BC441593 ("the O'Melveny litigation")), MGA represented to the court that "the injunctive relief that was provided by Judge Larson had a decimating effect on MGA" and that MGA's analysis "**would point to O'Melveny as the cause of that damage**."[1] The jury is entitled to hear this highly probative evidence of what actually caused MGA's claimed $300 plus million in losses based on the "wrongful injunction."

## I. MATTEL AGREES THAT REFERENCE TO THE INJUNCTION SHOULD BE EXCLUDED

MGA argues "should jurors hear about the verdict of Phase I or resulting injunction and constructive trust, they may give them undue weight, creating the possibility that this case will be decided on evidence not properly before the jury."

---

[1] November 12, 2010 Hearing Transcript in <u>O'Melveny & Myers LLP v. MGA Entertainment, Inc.</u>, Los Angeles County Superior Court, Case No. BC441593, at 4.

Mot. at 26.  Mattel agrees that any reference to the Phase I injunction orders should be excluded.  As Mattel has shown, such prior orders and verdicts are inadmissible. See Mattel's Motions *in Limine* Nos.  3 (to exclude evidence, argument or reference to initial trial verdict, judgment and appeal) & 5 (to exclude evidence, argument, or reference to (1) an alleged wrongful injunction as an element of damages for MGA's affirmative claims; and (2) layoffs, harm to consumer or other alleged adverse consequences of a verdict for Mattel).

## II. THE O'MELVENY LITIGATION IS RELEVANT TO MGA'S CLAIMS FOR DAMAGES BASED ON THE INJUNCTION

If MGA is permitted to pursue its wrongful injunction claims, the O'Melveny litigation will become highly relevant to this litigation.  MGA states that "[g]iven the divergent nature of the claims in the O'Melveny Litigation and this case, no aspect of the O'Melveny Litigation relates to or touches upon the questions the jury must address."  Mot. at 22.  ***But MGA has accused O'Melveny of causing the very same injuries it accuses Mattel of causing***.

MGA argued in court just last month that O'Melveny – not Mattel – is the cause of MGA's injuries:

> The injunctive relief that was provided by Judge Larson had a decimating effect on MGA, which, if all the pieces are correct in our analysis or in our theory of O'Melveny's malpractice, ***would point to O'Melveny as the cause of that damage***.[2]

MGA specifically identified O'Melveny's failure to "fully prepare and disclose all the required experts,"[3] as well as O'Melveny's decision to bifurcate the trial, as the source of MGA's damages:

---

[2]  November 12, 2010 Hearing Transcript in O'Melveny & Myers LLP v. MGA Entertainment, Inc., Los Angeles County Superior Court, Case No. BC441593  at 4 (emphasis added).

[3]  Id. at 3.

> In our complaint, we allege that O'Melveny negligently pushed this bifurcation of the trial. And that was a significant reason why the jury found in favor of Mattel to the tune of $100 million, and Judge Larson issued his equitable relief.[4]

It does not matter, as MGA asserts, that these MGA statements have not yet been proved. Mot. at 24. They are MGA admissions of the causes of its injuries. They are MGA statements that someone other than Mattel caused the very same injuries that MGA says Mattel caused. MGA cites authority that references to "unrelated" litigation can be barred from trial, but that hardly applies here. Larian has testified that this litigation and the injunction were the sole causes of MGA's damages.[5] MGA's admissions that O'Melveny, not Mattel, caused those same damages are related to this litigation and clearly admissible. See, e.g., LWT, Inc. v. Childers, 19 F. 3d 539 (10th Cir. 1994) (inconsistent allegations contained in prior pleadings are admissible as evidence in subsequent litigation); 5 Wright & Miller § 1283, at 541-542 ("allegations asserted in an earlier lawsuit may be introduced by the adversary as evidence in [a] second action").

MGA cites unpublished, off-point cases for the proposition that "[u]nrelated malpractice suits are not probative of any of the issues in this case." Mot. at 23. Most of the time that is true. In the case at bar it isn't. MGA's own positions in the two cases shows how intertwined and *related* they actually are.

Nor does the collateral source rule bar reference to the O'Melveny litigation. MGA has not "been reimbursed or received payments for the same injury" from O'Melveny. Davis v. Odeco, Inc., 18 F.3d 1237, 1243 (5th Cir. 1994) ("[t]he collateral source rule is a substantive rule of law that bars a tortfeasor from reducing the quantum of damages owed to a plaintiff by the amount of recovery the plaintiff

---

[4] Id., at 9.
[5] See Deposition Transcript of Isaac Larian Larian, Vol. 5, dated January 18, 2010, at 1274:11-20; Deposition Transcript of Isaac Larian, Vol. 6, dated January 19, 2010, at 1436:8-14, 1467:2-8, 1497:4-12, 1448:20-1448:25.

*receives from other sources of compensation*") (emphasis added).  Moreover, the collateral source rule does not bar evidence that is offered for purposes other than showing an alternate source of compensation—for example, to cast doubt on a plaintiff's credibility as to causation.  See Watson v. Taylor, 477 F. Supp. 2d 1129, 1134 (D. Kan. 2007) ("evidence of a collateral source may be admissible to attack a plaintiff's credibility as to causation"); Clausen v. Sea-3, Inc., 21 F.3d 1181, 1193 (1st Cir. 1994) ("Courts have allowed defendants to introduce evidence of collateral payments . . . to rebut misleading testimony given on direct examination").  The collateral source rule has no application where, as here, the evidence is being offered to show that MGA claims in other litigation that other actors caused its alleged damages.  See Grand Acadian, Inc. v. Fluor Corp., 2010 WL 1253530, *3 (W.D. La. 2010) (denying motion *in limine* to preclude evidence related to other litigation in which plaintiff claimed another actor caused its damages because the litigation was "relevant to the issues of intervening/superseding cause and comparative fault" and noting "the collateral source rule is inapplicable here because of the inconsistency of [plaintiff's] positions regarding fault in the two lawsuits" which raised questions about plaintiff's credibility); Higgins v. Martin Marietta Corp., 752 F. 2d 492, 497 (10th Cir. 1985) (collateral source rule did not bar statements related to workman's compensation that cast doubt on plaintiff's credibility where plaintiff had previously claimed another source of his injuries). This is not a joint tortfeasor case.  It is a case where MGA has identified an intervening cause of its harm, which breaks the link of causation, particularly under RICO.  See Hemi Group, LLC v. City of N.Y., 130 S. Ct. 983, 990-91(2010); Anderson v. Ayling, 396 F. 3d 265, 270 (3d. Cir. 2005) (holding there was an insufficient nexus between alleged RICO injury and defendants in part because defendants' actions were "filtered through [a] long chain of intervening causes").  It would be error to exclude from the jury the intervening causes of MGA's claimed damages that MGA itself has identified.

1  Finally, any prejudice that would result to MGA would be of its own making.
2  MGA has argued in open court that two sets of actors, engaging in distinct conduct,
3  are the source of MGA's damages. The jury is entitled to hear about these
4  inconsistent arguments. There is, of course, a correct solution to all of this:
5  exclude, as MGA invites, any reference to alleged damages due to the injunction
6  altogether. See Mot. at 26. But short of that, the O'Melveny litigation has a clear
7  bearing on this case, and MGA's admissions in it are admissible here.

9  DATED: December 19, 2010         QUINN EMANUEL URQUHART &
                                    SULLIVAN, LLP

                                    By   */s/ John B. Quinn*
                                         John B. Quinn
                                         Attorneys for Mattel, Inc. and
                                         Mattel de Mexico, S.A. de C.V.