QUINN EMANUEL URQUHART & SULLIVAN, LLP
John B. Quinn (Bar No. 090378)
(johnquinn@quinnemanuel.com)
William C. Price (Bar No. 108542)
(williamprice@quinnemanuel.com)
Michael T. Zeller (Bar No. 196417)
(michaelzeller@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc., and Mattel de Mexico, S.A. de C.V.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation, and Mattel de Mexico, S.A. de C.V., a Mexico business entity,<br><br>Plaintiff,<br><br>vs.<br><br>MGA ENTERTAINMENT, INC., a California corporation, et. al.,<br><br>Defendants.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 DOC (RNBx)<br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>Hon. David O. Carter<br><br>**MATTEL'S OPPOSITION TO MGA PARTIES' MOTION *IN LIMINE* NO. 15 TO PRECLUDE REFERENCES TO PRIOR PROCEEDINGS**<br><br>Hearing Date: TBD<br>Time: TBD<br>Place: Courtroom 9D<br><br>Discovery Cut-off: October 4, 2010<br>Pre-trial Conf: January 4, 2011<br>Trial Date: January 11, 2011 |

## Argument

The Court should grant MGA's Corrected Motion *in Limine* No. 15, which seeks to exclude all reference to the "Prior Orders", as set forth in Exhibit A to MGA's Motion. Mattel has requested in its Motion *in Limine* No. 3, among other things, the exact same relief—no references by either party to the outcome of the initial trial, verdicts, injunctive orders, or appeal of this action. Both motions should be granted.

MGA may attempt to argue that its motion was a mistake (precluding, as it does, reference to the injunction orders on which MGA basis hundreds of millions of dollars in purported damages). MGA's "corrected" Motion *in Limine* No. 15, served one day after the deadline for motions *in limine*, altered the text of the motion in an attempt to seek exclusion of all prior rulings *except* the Court's injunctive relief, but in the end, still seeks the same relief as the original motion—no reference to the injunction orders. <u>Compare</u> MGA's Motion *in Limine* No. 15, dated December 10, 2010, at 4 (requesting the court "exclude references to any (1) prior judgment, order, finding of fact, conclusion of law, jury verdicts, and awarded of damages and other remedies; and (2) equitable relief and remedies ordered *pendente lite* or post-trial, including injunctive relief and appointment of a receiver, monitor, auditor, and master in the prior Phase I trial") <u>with</u> MGA's Corrected Motion *in Limine* No. 15, dated December 11, 2010, at 4 (requesting the Court exclude "[a]ny reference to any of the prior Jury Verdict, along with the orders relating to, and the reports from, the Forensic Auditor, Temporary Receiver and Monitor . . . [and] preclude exposing the jury to the Prior Orders"). Thus, although MGA made cosmetic changes to its "corrected" Motion *in Limine* No. 15, in the end they request the same relief. Indeed, Exhibit A to both the original and "corrected" Motion *in Limine* No. 15, which lists the orders MGA seeks to exclude, both include the Court's December 3, 2008 injunctive orders.

To the extent MGA is permitted to reference the injunction orders, Mattel must be permitted to reference the underlying jury verdicts and summary judgment rulings, on which the injunction orders were based. MGA cannot be permitted to bring a one-

1  sided attack on the injunction orders, seeking hundreds of millions of dollars, while at
2  the same time keeping the jury from hearing the numerous legitimate reasons those
3  orders were entered, including the prior jury verdicts and summary judgment rulings.
4         To be clear, Mattel firmly believes that none of this is relevant to the re-trial, and
5  all references to prior orders should be excluded, as both parties have requested in these
6  motions *in limine*. Only if MGA is permitted to attack the prior injunction orders will
7  the full panoply of prior verdicts and orders need to be placed at issue.

9  DATED: December 19, 2010        QUINN EMANUEL URQUHART & SULLIVAN. LLP

                                   By /s/ John B. Quinn
                                      John B. Quinn
                                      Attorneys for Mattel, Inc. and
                                      Mattel de Mexico, S.A. de C.V.