QUINN EMANUEL URQUHART & SULLIVAN, LLP
John B. Quinn (Bar No. 090378)
johnquinn@quinnemanuel.com
William C. Price (Bar No. 108542)
(williamprice@quinnemanuel.com)
Michael T. Zeller (Bar No. 196417)
(michaelzeller@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc. and
Mattel de Mexico, S.A. de C.V.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation, and Mattel de Mexico, S.A. de C.V., a Mexico business entity,<br><br>Plaintiffs,<br><br>vs.<br><br>MGA ENTERTAINMENT, INC., a California corporation, et al.,<br><br>Defendants.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 DOC (RNBx)<br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>Hon. David O. Carter<br><br>**MATTEL, INC.'S OPPOSITION TO MGA'S MOTION *IN LIMINE* NO. 16 TO EXCLUDE REFERENCES TO CLAIMS AND DEFENSES NO LONGER AT ISSUE**<br><br>Hearing Date: TBD<br>Time: TBD<br>Place: Courtroom 9D<br><br>Discovery Cut-Off  October 4, 2010<br>Pre-trial Conference: January 4, 2011<br>Trial: January 11, 2011 |

# MEMORANDUM OF POINTS AND AUTHORITIES

## Preliminary Statement

In its sweeping, overbroad motion, MGA seeks to preclude all evidence, argument or other reference at trial to claims and defenses "no longer at issue" in this case, including references to Mattel's claims against Omni 808 Investors, LLC ("Omni") and IGWT 826 ("IGWT 826"). Though it talks about dismissed claims, MGA's real motive in bringing this motion is clear: to exclude all evidence relating to MGA's scheme to obstruct justice by its bogus "Omni" financial shenanigans. Mattel's claims against Omni and IGWT 826 have been dismissed, but evidence of MGA's fraudulent scheme remains relevant both to Mattel's RICO claims against the MGA Parties (which have not been dismissed) and, even more directly, to the calculation of MGA's net worth as relevant to punitive damages (since this evidence shows that MGA is actually $300 million richer than MGA will claim). Such evidence is therefore admissible under Federal Rules of Evidence 401 and 402.

MGA also seeks to preclude evidence relating to the prior acts of Neil Kadisha, a primary investor in Omni who is likely to be called at trial. Because evidence relating to Mr. Kadisha's prior acts is probative of his character for truthfulness, it is admissible pursuant to Rule 608(b)(1).

Mattel agrees that gratuitous references to dismissed claims and defenses should be excluded (such as, for example, MGA's dismissed and waived unconscionability defense). Likewise, evidence that goes *only* to dismissed claims and defenses is irrelevant to jury issues and should be excluded (such as, for example, MGA's arguments about the adhesiveness of Mattel's contracts). But evidence that goes to a jury issue, like MGA's purported transactions with Omni, is not inadmissible simply because it once was also relevant to a claim that has since been dismissed. MGA's overbroad motion should be denied.

**Argument**

**I.  MGA'S VAGUE AND OVERBROAD MOTION FAILS FOR LACK OF SPECIFICITY**

MGA vaguely asks the Court to exclude any evidence, argument or references relating to "*claims and defenses that are no longer at issue in this action.*"  Mot. at 9 (emphasis added).  MGA's broad motion should be denied because it fails to identify with specificity any "evidence" that it seeks to preclude.  MGA has therefore failed to establish that any, let alone all, such evidence would be inadmissible on all potential grounds.  See, e.g., Colton Crane Co., LLC v. Terex Cranes Wilmington, Inc., 2010 WL 2035800, at *1 (C.D. Cal. May 19, 2010) ("motions in limine must identify the evidence at issue and state with specificity why such evidence is inadmissible.  In fact, motions in limine should rarely seek to exclude broad categories of evidence, as the court is almost always better situated to rule on evidentiary issues in their factual context during trial."); Nat'l Union v. L.E. Myers Co. Group, 937 F. Supp. 276, 287 (S.D.N.Y. 1996) (a motion in limine cannot be granted where it "lacks the necessary specificity with respect to the evidence to be excluded"); City of Grass Valley v. Newmont Mining Corp., 2008 WL 544388, at *5 (E.D. Cal. Feb. 26, 2008) ("Evidence should only be excluded in an in limine proceeding 'when the evidence is clearly inadmissible on all potential grounds.'") (citation omitted); Fresenius Med. Care Holdings, Inc., v. Baxter Intern., Inc., 2006 WL 1646113, at *3 (N.D. Cal. June 12, 2006) ("[E]vidence is excluded on a motion in limine only if the evidence is clearly inadmissible for any purpose.").  Because MGA does not identify the evidence it seeks to preclude, but rather vaguely refers to evidence of "claims and defenses no longer at issue" and does not show that any such evidence would be inadmissible on all possible grounds, its motion fails.

## II. EVIDENCE RELATING TO MGA'S TRANSACTIONS WITH IGWT 826 AND OMNI IS RELEVANT TO MATTEL'S RICO CLAIMS

The facts that Mattel brought RICO counterclaims against Omni and IGWT 826 and fraudulent transfer claims against Omni, IGWT 826, and the MGA Parties, and that those claims have been dismissed may not be relevant, but evidence relating to these MGA transactions certainly is. Notwithstanding the dismissal of Omni and IGWT 826 as defendants, evidence of Larian's and MGA's scheme to defraud Mattel remains directly relevant to Mattel's RICO claims against the MGA Parties – and MGA makes no argument to the contrary. In fact, in the same Order in which it dismissed Omni from the case, the Court expressly recognized that the same scheme to "transfer the ill-gotten gains from such thefts and wrongs, secret MGA assets and purportedly obtain priority over Mattel" that gave rise to Mattel's claims against Omni (and IGWT 826) also "can give rise to a claim under the mail fraud and/or wire fraud statutes." Order on Motions to Dismiss, August 2, 2010, Dkt. 8423 at 11. Mattel's allegations in its Fourth Amended Answer and Counterclaims further demonstrate that the "Omni transaction" (that is, Omni's purported 2008 acquisition of MGA's debt to Wachovia and related transactions) is directly relevant to Mattel's RICO claims. See FAAC ¶¶ 94-116, 122-137.

Moreover, this evidence is directly relevant to MGA's net worth, which is an issue for the jury regarding punitive damages. MGA's use of sham entities such as Omni 808 and IGWT 826 to conceal MGA's and Larian's assets could create the false appearance that MGA owes hundreds of millions of dollars to Omni 808, thus ostensibly reducing MGA's and Larian's net worth. Mattel should be able to introduce evidence of the true structure of Omni 808, including Larian's undisclosed agreements to "repay" members of Omni 808 for their investments, to show that, in fact, MGA's purported debt to Omni 808 is a sham debt actually "owed" to MGA's own CEO. This evidence will be relevant to the jury's determination of MGA's true

net worth at the time of trial for sake of calculating an appropriate measure of punitive damages. See Adams v. Murakami, 54 Cal. 3d 105, 115-116 (1991) (evidence of a defendant's net worth is a prerequisite to an award of punitive damages).

Accordingly, evidence relating to Larian's secretive involvement in the Omni transaction remains relevant. MGA has also failed to establish that evidence relating to MGA's fraudulent transactions with Omni and IGWT 826 would be unduly prejudicial under Rule 403. Even if such evidence would be *harmful* to MGA, it nevertheless is admissible because it is directly relevant to Mattel's RICO claims. MGA does not argue otherwise. See, e.g., Brazos River Authority v. GE Ionics, Inc., 469 F.3d 416, 427 (5th Cir. 2006) ("'Unfair prejudice' as used in Rule 403 is not to be equated with testimony that is merely adverse to the opposing party. Virtually all evidence is prejudicial; otherwise it would not be material. The prejudice must be 'unfair.'"). MGA's motion to exclude all references to such evidence (rather than just references to dismissed *claims* based on such evidence) should be denied.[1]

---

[1] MGA's authorities do not hold otherwise, as they did not concern the situation in which evidence that was relevant to claims or issues that were dismissed from a case remained relevant to extant claims. See 3Com Corp. v. Realtek Semiconductor Corp., 2008 WL 783383, at *4 (N.D. Cal. Mar. 28, 2008) (granting plaintiff's motion to exclude evidence relating to patents that plaintiff voluntarily withdrew from the case because "reference to voluntarily withdrawn claims could improperly lead the jury to think that [plaintiff's] claims [we]re weak generally"); William Hablinkis Architecture v. Amir Constr., Inc., 2005 WL 4658149, at *8-9 (C.D. Cal. Feb. 27, 2005) (precluding plaintiff from introducing evidence or argument that was solely relevant to issues that had been disposed of on summary adjudication on the ground that introducing any such evidence at trial would be tantamount to rearguing issues that already had been adjudicated).

## III. EVIDENCE AND ARGUMENT RELATING TO NEIL KADISHA'S PRIOR ACTS IS NOT INADMISSIBLE CHARACTER EVIDENCE

MGA also contends that any evidence or argument relating to Neil Kadisha – a primary investor in Omni – such as evidence relating to a prior civil action for breach of trust and breach of the duty of loyalty against Kadisha, Uyzel v. Kadisha, 188 Cal. App. 4th 866 (2010), constitutes improper character evidence. In Uyzel, the California Court of Appeal largely affirmed the trial court's judgment finding Kadisha liable for breach of trust. Kadisha breached his duties as a trustee by using trust funds to buy real estate and stock, secretly enriching himself in the process to the detriment of the trust beneficiaries. As the Court of Appeal detailed, the trial court's statement of decision "characterized Kadisha's conduct as trustee as egregious, stating: 'Throughout Kadisha's trusteeship, he acted in bad faith and in total derogation of his fiduciary duties. There can be no doubt that Kadisha knew that what he did was wrong—he did exactly what DeCastro advised him not to do and then tried to cover up his misconduct.'" 188 Cal. App. 4th at 884-85.

Kadisha will likely testify at trial. Federal Rule of Evidence 608(b)(1) provides that "[s]pecific instances of the conduct of a witness . . . may . . . in the discretion of the court, if probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness (1) concerning the witness' character for truthfulness or untruthfulness." Fed. R. Evid. 608(b)(1). Here, Kadisha's prior acts, such as those at issue in Uyzel v. Kadisha relating to Kadisha's improper financial transactions and bad faith attempts to cover up his misconduct, are directly probative of his character for veracity. Cf. United States. v. Jackson, 882 F.2d 1444, 1446 (9th Cir. 1989) ("[E]vidence of a witness' participation in fraudulent transactions is probative of truthfulness."). Consequently, evidence of Kadisha's prior acts probative of his character for truthfulness is properly admissible under

1 Rule 608(b)(1) as relevant to credibility. The blanket exclusion order that MGA
2 seeks would be improper.

### Conclusion

4     For the foregoing reasons, Mattel respectfully requests that the Court deny
5 MGA's Motion *In Limine* No. 16 in its entirety.

7 DATED: December 19, 2010    QUINN EMANUEL URQUHART &
    SULLIVAN, LLP

    By /s/ John B. Quinn
       John B. Quinn
       Attorneys for Mattel, Inc. and
       Mattel de Mexico, S.A. de C.V.