QUINN EMANUEL URQUHART & SULLIVAN, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  William C. Price (Bar No. 108542)
  (williamprice@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:  (213) 443-3000
Facsimile:   (213) 443-3100

Attorneys for Mattel, Inc. and
Mattel de Mexico, S.A. de C.V.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>MGA ENTERTAINMENT, INC., a California corporation, et al.,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 DOC (RNBx)<br>Consolidated with<br>Case Nos. CV 04-09059 & CV 05-02727<br><br>Hon. David O. Carter<br><br>**MATTEL'S OPPOSITION TO MGA'S MOTION *IN LIMINE* NO. 25 TO EXCLUDE REPORT AND TESTIMONY OF RALPH OMAN**<br><br>Hearing Date:      TBD<br>Time:               TBD<br>Place:              Courtroom 9D<br><br>Discovery Cut-off:      October 4, 2010<br>Pre-trial Conference:   January 4, 2011<br>Trial:                  January 11, 2011 |

# <u>TABLE OF CONTENTS</u>

<u>Page</u>

PRELIMINARY STATEMENT ................................................................................ 1

I.    THE BULK OF PROFESSOR OMAN'S OPINIONS ARE
      UNCHALLENGED AND THEREFORE SHOULD BE ADMITTED ........... 3

      A.    MGA Does Not Dispute That Professor Oman's Opinions
            Regarding U.S. Copyright Office Practices Will Assist the Jury ........... 3

      B.    It is Undisputed that Professor Oman Qualifies as an Expert on
            the Practices of the U.S. Copyright Office ............................................. 5

II.   MGA'S EXCLUSION ARGUMENTS ARE MERITLESS ........................... 6

      A.    Professor Oman Does Not Offer Legal Conclusions .............................. 6

      B.    Professor Oman Is Qualified To Opine On Hong Kong
            Registration Practices and Hong Kong Law ........................................... 8

      C.    Descriptive Words Such as "Wholly" and "Largely" are Not
            Newly Coined and Undefined Terms ..................................................... 11

      D.    Professor Oman's Experience Qualifies Him to Describe How
            Sophisticated Companies Register Copyrights ....................................... 11

CONCLUSION ................................................................................................. 12

1

## <u>TABLE OF AUTHORITIES</u>

2

<u>Page</u>

3

### <u>Cases</u>

4    <u>Application of Chase Manhattan Bank,</u>
5        191 F. Supp. 206 (S.D.N.Y. 1961) ............................................................ 10

6    <u>Cobb v. Dawson,</u>
        No. 5:06-cv-066 (HL), 2007 WL 4373255 (M.D. Ga 2007) ................................ 3
7
8    <u>In re Initial Public Offering Sec. Litig.,</u>
        174 F. Supp. 2d 61 (S.D.N.Y. 2001) .................................................... 10

9    <u>Inter Med. Supplies, Ltd. v. EBI Med. Sys., Inc.,</u>
10        181 F.3d 446 (3d Cir. 1999) ........................................................ 10

11   <u>Martinez v. Sakurai Graphic Sys. Corp.,</u> No. 04 C 1274, 2007 WL 2570362 (N.D.
        Ill. Aug. 30, 2007) ........................................................................ 10
12
13   <u>Mesfun v. Hagos,</u> No. CV 03-02182 MMM (RNBx),
        2005 WL 5956612 (C.D. Cal. Feb. 16, 2005) ............................................... 6, 12

14   <u>Pegasus Imaging Corp. v. Allscripts Healthcare Solutions, Inc.,</u>
15        2010 WL 497720 (M.D. Fla. Feb. 9, 2010) ................................................ 3

16   <u>U.S. v. Cordoba,</u>
        194 F.3d 1053 (9th Cir.  1999) ..................................................... 5, 12
17
18   <u>U.S. v. Schiff,</u>
        538 F. Supp. 2d 818 (D.N.J. Mar. 19, 2008) ........................................ 3, 10

19   <u>United States v. Chang,</u>
20        207 F.3d 1169 (9th Cir. 2000) ..................................................... 10

21

### <u>Statutes</u>

22   17 U.S.C. § 106 .................................................................................... 4

23   <u>Fed. R. Evid.</u> 702 ................................................................................ 3, 5, 6

24   <u>Fed. R. Civ. Proc.</u> 44.1 .......................................................................... 10

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

### Preliminary Statement

MGA's motion to exclude testimony by Ralph Oman is a cut-and-paste job from its largely unsuccessful Phase 1 motion.  In Phase 1, the Court permitted Professor Oman to testify to the "practices and procedures of the U.S. Copyright Office and to testify with respect to registration practices in general, including in Hong Kong."[1]  Hoping for a different outcome now, MGA purports to attack Professor Oman's report on six separate bases (in its preliminary statement), but in fact only raises four limited arguments in its Motion—three of which are identical to the arguments raised in Phase 1.  And MGA makes no argument at all about most of Professor Oman's opinions.

The limited challenges MGA makes address the fringe of Professor Oman's report.  First, MGA claims that Oman's report offers improper "legal conclusions," but MGA offers just two examples, neither of which is in fact a legal opinion. Second, MGA contends that Oman is not qualified to opine on foreign litigation filings, which is contrary to the Court's ruling in Phase 1 (allowing him to testify to Hong Kong registration practices), and wrong.  Third, MGA asserts that Oman's report is filled with "undefined" terms, yet it only identifies two such terms— "largely non-original" and "wholly original"—each of which is used exactly once in the 22 page report and each of which is immaterial to Oman's opinions (and not a basis for excluding them).  Fourth, MGA contends that Professor Oman holds "sophisticated" companies to a heightened standard, but he actually does no such thing – so this too is a red herring that does not support exclusion of any, let alone all, Oman's opinions.  The Court should permit Professor Oman to testify with respect to all the opinions contained in his report.

---

[1]   Trial Tr., July 21, 2008, PM session, at 5237:7-10.

## Summary of Professor Oman's Report

Professor Oman is the former head of the U.S. Copyright Office.  His report provides context and significance to a number of statements made by the parties in their copyright registrations, which were submitted to the U.S. Copyright Office, and other actions by the parties related to their respective registrations of Bratz works, including that:

- MGA's pre-litigation copyright registrations of the Bryant designs that Mattel claims it owns, which did not list any preexisting works, necessarily entail representations by MGA that those works were original in light of Copyright Office procedures;[2]

- MGA's pre-litigation copyright registrations of Bratz dolls, which listed Bryant's designs as preexisting works, necessarily entail representations that the Bratz dolls released by MGA are derivative of Bryant's designs;[3]

- Mattel's copyright registrations of Bryant's designs, which indicated that Mattel owned the designs "by assignment," are not inconsistent with Mattel's claim to ownership of the works as works made for hire;[4] and

- Two-dimensional drawings of Bratz dolls can serve as the basis for copyright registration of three-dimensional dolls under both U.S. and Hong Kong law.[5]

Based on his extensive experience, including as the former head of the Copyright Office, Professor Oman's qualifications to testify on these subjects are unchallenged.   And in light of the importance of MGA's admissions in its

---

[2]   Expert Report of Ralph Oman, dated October 29, 2010, ("Oman Report") at 19.

[3]   Oman Report at 8-10.

[4]   Oman Report at 15-17.

[5]   Oman Report at 10, 17-19.

registrations and the complexity of those registrations, expert testimony to explain them will be helpful to the jury.

<u>Argument</u>

**I.**     <u>**THE BULK OF PROFESSOR OMAN'S OPINIONS ARE UNCHALLENGED AND THEREFORE SHOULD BE ADMITTED**</u>

    **A.**     <u>**MGA Does Not Dispute That Professor Oman's Opinions Regarding U.S. Copyright Office Practices Will Assist the Jury**</u>

MGA does not challenge most of Professor Oman's opinions, such as those listed above.  Expert testimony is admissible if it may "assist the trier of fact to understand the facts already in the record, even if all it does is put those facts in context."  <u>U.S. v. Schiff</u>, 538 F. Supp. 2d 818, at 844, n. 26 (D.N.J. Mar. 19, 2008); <u>Cobb v. Dawson</u>, No. 5:06-cv-066 (HL), 2007 WL 4373255, at *3 (M.D. Ga 2007) (same); <u>Fed. R. Evid.</u> 702.   Professor Oman's opinions on Copyright Office procedures and forms are relevant and would be helpful to the jury.  In the first trial, the Court noted in denying MGA's motion to preclude Professor Oman from testifying on these topics that it could "see a benefit to the jury" from having this type of testimony.[6]  Other courts have found his testimony on such practices useful as well.  <u>See, e.g.</u>, <u>Pegasus Imaging Corp. v. Allscripts Healthcare Solutions, Inc.</u>, 2010 WL 497720, at *9 (M.D. Fla. Feb. 9, 2010) (relying on Professor Oman's report to determine if party sought to mislead Copyright Office).

Here, Professor Oman's testimony will be helpful to the jury on any number of issues.  For example, MGA itself has registered with the Copyright Office some of the works Mattel claims were infringed, without identifying on its applications for registration any "preexisting works."[7]  As Professor Oman can explain, those

---

[6]   Trial Tr., July 21, 2008, PM session, at 5237:19-20.

[7]   <u>See</u> Declaration of B. Dylan Proctor In Support Of Mattel, Inc.'s Motion For Partial Summary Judgment, dated October 12, 2010, Dkt. 9048, Exhs. 39-41.

MGA registrations reveal a representation by MGA that the works are original, which is an important issue to be addressed by the jury because originality is a primary criterion for copyright protectability.[8]   The significance of MGA's own registrations of Mattel's works may not be self-evident to lay persons, especially given MGA's *post hoc* denials that the registrations have any relevance,[9] and the issue warrants expert assistance.

As another example, when MGA registered the Bratz dolls, which Mattel claims infringe Bryant's designs, MGA listed Bryant's designs as preexisting works.[10]   Although MGA plans to deny this,[11] Professor Oman can explain that these MGA registrations reflect admissions by MGA that the Bratz dolls are derivative of Bryant's designs, and hence are infringing of those designs if Mattel owns them.   See 17 U.S.C. § 106 (copyright owner has exclusive right to create derivative works).

Additionally, MGA has claimed that Mattel's registrations reflect admissions that Bryant's works were not works-made-for-hire.[12]   Professor Oman can explain that, actually, the registrations say no such thing.[13]   This testimony directly refutes MGA's argument that, because Mattel indicated on the forms that it owned Bryant's

---

[8]   Oman Report at 19.

[9]   See MGA Parties' Objections and Response To Mattel's Statement of Genuine Issues Relating to the MGA Parties' Motion for Summary Judgment, Dkt. 9250, at 142-143.

[10]   See Declaration of Michael T. Zeller In Support Of Mattel's Opposition To The MGA Parties' Motion For Summary Judgment, dated October 29, 2010, Dkt. 9187, Exhs. 128-135.

[11]   See Oman Report at 21 (noting MGA's claim that in registering the drawings, it was simply intending to register the packaging for Bratz dolls, but not the dolls themselves).

[12]   See, e.g., MGA Parties' Reply In Support Of Motion For Summary Judgment, Dkt. 9250, at 21.

[13]   Oman Report at 15-16.

drawings "by assignment," Mattel could not have also owned these drawings as works-made-for-hire.

In most circumstances expert testimony is not needed to explain or interpret a party's admissions. But copyright registrations forms reflect a sufficiently nuanced, esoteric area about which Oman's testimony will be helpful to the jury in seeking to understand the parties' relevant assertions on these forms. Nowhere does MGA even argue otherwise.

**B.    It is Undisputed that Professor Oman Qualifies as an Expert on the Practices of the U.S. Copyright Office**

It is undisputed that Professor Oman is a qualified expert on these topics. Rule 702 permits an expert witness "qualified . . . by knowledge, skill, experience, training, or education" to testify "when specialized knowledge will assist the trier of fact to understand the evidence or determine a fact in issue." Id. Professor Oman served for eight years as the Register of Copyrights—the chief United States government official responsible for administering the United States copyright system. Among his responsibilities, Professor Oman: (1) supervised the work of the corps of examiners and ruled on the copyrightability of works; (2) supervised the revision of official Copyright Office publications that set forth the registration and deposit procedures for works of the visual arts, including drawings and dolls; (3) acted as the principal advisor to the United States Congress on copyright legislation; and (4) helped draft the Copyright Revision Act of 1976—the current copyright statute.[14] Professor Oman's many years of experience as Register of Copyrights qualify him as an expert with respect to the United States Copyright Office practices and procedures, the copyright registration process and forms, and any anomalies therein. See, e.g., U.S. v. Cordoba, 194 F.3d 1053, 1060 (9th Cir.

---

[14]   Oman Report at 1-3.

1    1999) (finding witness qualified based purely on his experience); <u>Mesfun v. Hagos</u>,

2    No. CV 03-02182 MMM (RNBx), 2005 WL 5956612, at *4 (C.D. Cal. Feb. 16,

3    2005) (citation omitted) (holding that experience is "one among the five different

4    ways to demonstrate an expert is qualified"); <u>see also</u> <u>Rule</u> 702.   In fact, MGA

5    admits that Professor Oman's area of expertise includes "U.S. Copyright Office

6    practice and procedure."[15]  This is, thus, undisputed.  The Court permitted Oman's

7    testimony on these topics in Phase 1.  The Court should do the same here

8    **II.   MGA'S EXCLUSION ARGUMENTS ARE MERITLESS**

9          MGA relies on four discrete arguments as to why Professor Oman's report

10   should be excluded, claiming that: (1) his report contains "several instances" of

11   improper legal conclusions; (2) he improperly opines on "foreign litigation filings";

12   (3) his opinions are based on "confusing, newly coined, and undefined terms"; and

13   (4) he purportedly holds "sophisticated companies" to a heightened burden and

14   standard of care with respect to copyright registration.[16]  As set forth below, each of

15   these grounds is unfounded.

16         **A.     Professor Oman Does Not Offer Legal Conclusions**

17         MGA seeks to exclude Professor Oman's report in its entirety, but concedes

18   that most of the report is not based on improper legal conclusions.  To the contrary,

19   MGA claims that Professor Oman has opined on matters of law only in "several

---

21   [15]  Mot. at 7.

22   [16]  Mot. at 7.  In its preliminary statement, MGA identifies two other grounds
     but fails to take up those arguments in the Motion itself.  The two other grounds are:

23   "(5) his opinions are based on a demonstrably incorrect understanding of the facts;
     and (6) Oman states opinions about MGA's subjective intent based on supposed

24   'anomalies' in MGA's copyright registrations . . ."  In any event, passing reference
     in the preliminary statement cannot be grounds for excluding Professor Oman's

25   report.  MGA provides no examples where Professor Oman's understanding of the

26   facts is purportedly incorrect or where he allegedly opines on MGA's subjective

27   intent in an improper way.

1    instances."[17]   MGA then identifies just two such alleged instances in the entire 22

2    page report, and neither of those fits the description.

3         The first opinion MGA challenges as a legal conclusion is Professor Oman's

4    reference on page 16 of his report that Mattel established *prima facie* evidence of its

5    copyright by registering it with the Copyright Office.  This is not a legal conclusion,

6    as MGA contends, but a well known reason why people register with the Copyright

7    Office.  Indeed, this statement appears in a section entitled "The Importance of the

8    Registration Certificates."  Professor Oman is qualified to testify to the purpose of

9    registration certifications issued by the Copyright Office, which is all he has done.

10        Indeed, in the very same paragraph that Professor Oman asserts that

11   registration can serve as *prima facie* evidence of validity, he stresses that it is the

12   Court—not him or the U.S. Copyright Office—that ultimately decides a copyright's

13   validity.  He states that the application form for registration "has no bearing on the

14   court's inquiry on the merits" and that "only one opinion matters" to determine

15   copyright ownership "and that is the court's."[18]   Statements such as these belie

16   MGA's assertion that Professor Oman purports to offer improper legal conclusions

17   in this specific instance or generally.

18        The second and only other opinion that MGA challenges on this ground is

19   Professor Oman's opinion that two-dimensional drawings of dolls can serve as the

20   basis for copyright registration of three-dimensional dolls.[19]   MGA argues that, to

21   reach this conclusion, Oman must assume the very issue contested in this case—that

22   the Bratz dolls are virtually identical or substantially similar to the drawings.[20]   Not

23   so.  Professor Oman is well-within the scope of his expertise to offer testimony that

24

25   [17]   Mot. at 7.

26   [18]   Oman Report at 16.

27   [19]   Oman Report at 17-18.

28   [20]   Mot. at 9.

1  it is "well established" that the Copyright Office will register claims to copyrights in

2  three-dimensional embodiments based on drawings.[21]  Similarly, he is qualified to

3  testify on the criteria the U.S. Copyright Office uses when deciding whether to issue

4  a copyright registration for dolls based on such two-dimensional drawings.  Thus,

5  when he notes that a three-dimensional doll only needs to capture the "persona" of

6  the corresponding two-dimensional drawing to obtain registration and need not be

7  an "exact replica," he is not replacing the role of the Court, as MGA contends, but

8  properly opining on the procedures and practices of the U.S. Copyright Office.

9  Thus, even as to the two isolated examples MGA identifies, Professor Oman does

10  not offer any improper legal conclusions.

11  **B.**   **Professor Oman Is Qualified To Opine On Hong Kong**

12      **Registration Practices and Hong Kong Law**

13      MGA argues that Professor Oman is not competent to opine on the substance

14  of affidavits filed by MGA representatives in Hong Kong.  However, the only

15  justification MGA provides for excluding such testimony is that Professor Oman has

16  not previously testified or served as an expert witness in a lawsuit pending in Hong

17  Kong.[22]  That does not mean he cannot testify competently on such matters.  To the

18  contrary, in the first trial the Court correctly allowed him to "testify with respect to

19  registration practices in general, including in Hong Kong," despite MGA's identical

20  challenge in this regard.[23]

21      Professor Oman's expertise also allows him to testify competently to Hong

22  Kong practices and law.  While Professor Oman was the Register of Copyrights, he

23  acted as the principal advisor to the United States Department of State on

24  international copyright matters, including drafting, negotiating and implementing

25  _____

26  [21]  Oman Report at 17.

27  [22]  Mot. at 9-10.
    [23]  Trial Tr., July 21, 2008, PM session, at 5237:7-10.

28

international copyright treaties.[24]  As part of those responsibilities, Professor Oman worked closely with the Hong Kong member of the British delegation to the World Intellectual Property Organization and became familiar with Hong Kong copyright law.[25]  He has subsequently: (1) given lectures in Hong Kong and elsewhere regarding Hong Kong copyright law; (2) worked on papers regarding comparative analysis of Hong Kong and U.S. copyright law; and (3) regularly reviews literature involving issues of Hong Kong copyright law.[26]  That provides a sufficient basis for Professor Oman's opinions.

Nor is there any legitimate dispute as to relevance here.  Based on his knowledge of Hong Kong registration practices and copyright law, Professor Oman opines that registration certificates for two-dimensional drawings of dolls (such as Bryant's) are important because they can serve as the basis for claiming infringement of three-dimensional dolls under both U.S. and Hong Kong copyright regimes.[27]  He observes that MGA has relied on that principle in suing for copyright infringement in Hong Kong.[28]  He observes that MGA also claimed in Hong Kong proceedings that Bryant's drawings were "original."[29]  Professor Oman's opinions regarding the relevant positions MGA took about the works at issue in this case prior to the commencement of this litigation are admissible, whether those positions were taken in the U.S. or in Hong Kong litigation.[30]  But those positions require expert assistance to be understood and put in context.  Professor Oman's testimony would provide that assistance, and would thus be helpful to the jury.  See, e.g.

---

[24]  Oman Report at 1-2.
[25]  See Dkt. No. 3368, Exh. 86 ("Oman Dec."), ¶ 2.
[26]  Oman Dec., ¶ 3.
[27]  Oman Report at 18-19, see also Oman Dec., ¶¶ 2-4.
[28]  Oman Report at 18.
[29]  Oman Report at 19.
[30]  Oman Report at 18-19.

1   <u>Schiff</u>, 538 F. Supp. 2d 818, at 844, n. 26 (expert testimony may "assist the trier of

2   fact to understand the facts already in the record, even if all it does is put those facts

3   in context").   Professor Oman's opinions regarding MGA's admissions in Hong

4   Kong are admissible.

5          Likewise, Professor Oman's opinions regarding the content of Hong Kong

6   law are also admissible.   Despite MGA's contentions otherwise, expert testimony

7   regarding foreign law can be proper.   <u>See, e.g.</u>, <u>Inter Med. Supplies, Ltd. v. EBI</u>

8   <u>Med. Sys., Inc.</u>, 181 F.3d 446, 459 (3d Cir. 1999) ("[E]xpert testimony is the most

9   common way to determine foreign law. . . .") (citation omitted); <u>In re Initial Public</u>

10   <u>Offering Sec. Litig.</u>, 174 F.Supp.2d 61, 65 (S.D.N.Y. 2001) (same); <u>see also</u> <u>Fed. R.</u>

11   <u>Civ. Proc.</u> 44.1 (the court, in determining foreign law, may consider any relevant

12   material or source, including testimony, whether or not submitted by a party or

13   admissible under the Federal Rules of Evidence").[31]   Notably, as Professor Oman

14   can explain, under Hong Kong law a work must be "original" to be protectable, and

15   Hong Kong courts apply substantially the same standards in determining whether a

16   work is "original" as U.S. courts.[32]   Regardless, whether or not the opinions on

17

18 _____

19     [31]   The cases offered by MGA to the contrary are inapposite.  Both <u>United States</u>

20   <u>v. Chang</u>, 207 F.3d 1169 (9th Cir. 2000), and <u>Martinez v. Sakurai Graphic Sys.</u>
<u>Corp.</u>, No. 04 C 1274, 2007 WL 2570362 (N.D. Ill. Aug. 30, 2007), merely stand

21   for the truism that an expert cannot offer opinions outside the scope of his expertise.
As already discussed, Professor Oman is clearly qualified to opine on Hong Kong

22   registration practices and copyright law.  The court in <u>Application of Chase</u>
<u>Manhattan Bank</u>, 191 F.Supp. 206, 209-210 (S.D.N.Y. 1961), disallowed testimony

23   regarding foreign law because it was offered by a party's lawyers, ***not*** an expert, and
there was no supporting affidavit.  The court also specifically noted that testimony

24   regarding foreign law "may be done by sworn affidavits."  <u>Id.</u> at 210.  Here, the

25   evidence regarding foreign law is being offered by an expert, not Mattel's lawyers;
and it is being offered *via* sworn affidavit.  Accordingly, this case actually weighs in

26   favor of admitting Professor Oman's testimony.

27     [32]   Oman Dec. ¶ 4.

28

1  substantive Hong Kong law reach the jury, Professor Oman's opinions on **MGA's**
2  **statements** in Hong Kong, and how to interpret them, are clearly proper.

3      **C.      Descriptive Words Such as "Wholly" and "Largely" are Not Newly**
4              **Coined and Undefined Terms**

5      Next, MGA argues that Professor Oman's opinions should be excluded in its
6  entirety because he uses the descriptive terms "wholly" original and "largely" non-
7  original in one paragraph of his 22-page report.  This argument is absurd.  Professor
8  Oman does not assign any value or importance to the terms "wholly original" or
9  "largely non-original."  Nor does he base his opinion on some distinction between a
10  "wholly original" work and a "largely non-original" work.  Instead, Professor Oman
11  explains that "it is common sense that because the drawings were registered as
12  'original' works of art, MGA's registrations of the drawings reflect that MGA
13  believes that the drawings are original."[33]  Under MGA's unsupported reasoning,
14  any word used by an expert that is not in Black's Law Dictionary would have to be
15  stricken.  That cannot be.  Professor Oman's testimony would be helpful to the jury
16  by putting the facts regarding the Bratz copyright registrations and MGA's
17  "originality" representations to the Copyright Office into context, and explaining
18  their significance.

19      **D.      Professor Oman's Experience Qualifies Him to Describe How**
20              **Sophisticated Companies Register Copyrights**

21      Last, MGA takes issue with Professor Oman's statement that, "I note that in
22  my experience sophisticated companies such as MGA generally do not make
23  mistakes in their copyright applications."  MGA's claim that this statement creates a
24  "heightened burden and standard of care" for sophisticated businesses is baseless.[34]
25  Professor Oman nowhere opines that the U.S. Copyright Office requires

26
27  [33]  Oman Report at 19.
28  [34]  Mot. at 12.

1 sophisticated companies to submit mistake-free applications, or even applications
2 with fewer mistakes than individuals, or that sophisticated companies are otherwise
3 held to a higher legal standard.  Instead, he simply describes, based on his
4 experience, what sophisticated companies like MGA[35] actually do when registering
5 claims of copyright.[36]  Experience based on practice is appropriate grounds to
6 support an expert opinion.  <u>See, e.g.</u>, <u>Cordoba</u>, 194 F.3d at 1060 (finding witness
7 qualified based purely on his experience); <u>Mesfun</u>, 2005 WL 5956612, at *4
8 (holding that experience is "one among the five different ways to demonstrate an
9 expert is qualified").  MGA's straw man argument that the law does not support a
10 "heightened burden" is beside the point.  No one argued otherwise.

## Conclusion

12      For the foregoing reasons, Mattel respectfully requests that the Court deny
13 MGA's Motion *in Limine* No. 25 in its entirety.

15 DATED:  December 19, 2010          QUINN EMANUEL URQUHART &
16                                    SULLIVAN, LLP

18                               By  /s/ John B. Quinn
19                                   John B. Quinn
                                     Attorneys for Mattel, Inc. and
20                                   Mattel de Mexico, S.A. de C.V.

---

[35]  Professor Oman describes MGA as a "sophisticated" company because it is a manner of describing business entities "that have teams of legal experts or legal technicians who know the system, know the law and do these things [<u>i.e.</u>, copyright registrations] on a daily basis."  Deposition of Ralph Oman, dated March 31, 2008, at 31:14-17.  It is undisputed that MGA is such a corporation.
[36]  Oman Report at 20.