QUINN EMANUEL URQUHART & SULLIVAN, LLP
  John B. Quinn (Bar No. 090378)
  (johnquinn@quinnemanuel.com)
  William C. Price (Bar No. 108542)
  (williamprice@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443 3000
Facsimile: (213) 443 3100
Attorneys for Mattel, Inc. and
Mattel de Mexico, S.A. de C.V.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation, and Mattel de Mexico, S.A. de C.V., a Mexico business entity,<br><br>Plaintiffs,<br><br>vs.<br><br>MGA ENTERTAINMENT, INC., a California corporation, et al.,<br><br>Defendants.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 DOC (RNBx)<br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>Hon. David O. Carter<br><br>**MATTEL, INC.'S OPPOSITION TO MGA'S MOTION *IN LIMINE* NO. 35 TO EXCLUDE TESTIMONY REGARDING ALLEGED "UNPROTECTABLE" ELEMENTS**<br><br>Hearing Date: TBD<br>Time: TBD<br>Place: Courtroom 9D<br><br>Discovery Cut-off: October 4, 2010<br>Pre-trial Conf: January 4, 2011<br>Trial Date: January 11, 2011 |

# MEMORANDUM OF POINTS AND AUTHORITIES

## Preliminary Statement

MGA argues in its *Motion in Limine* No. 35 that Mattel should be "precluded from seeking to introduce purported similarities of unprotectable elements." MGA's request reflects a gross misapprehension of the Ninth Circuit's "extrinsic/intrinsic" test for copyright infringement as even "unprotectable" elements of copyrighted and challenged works may be relevant to both parts of that test. Moreover, "unprotectable" elements of copyrighted works are relevant to any number of additional issues in the case, both related to Mattel's copyright infringement claim and its trade secret misappropriation and other claims, so no evidence can be excluded in any case. Moreover, even if evidence of "unprotectable" elements were irrelevant, MGA has failed to identify any specific "evidence" that should be excluded. MGA's misguided motion should be denied.

## Argument

### I. "UNPROTECTABLE" ELEMENTS OF COPYRIGHTED WORKS ARE RELEVANT TO MULTIPLE ISSUES IN THE CASE

MGA is wrong that evidence of "unprotectable" elements is irrelevant. One need look no further than the Ninth Circuit's articulation of the "extrinsic/intrinsic" test for copyright infringement in this case to understand this. The Ninth Circuit explained that "[a]t the initial 'extrinsic' stage, we examine the similarities between the copyrighted and challenged works and *then* determine whether the similar elements are protectable or unprotectable." Mattel, Inc. v. MGA Entertainment, Inc., 616 F.3d 904, 913 (9th Cir. 2010) (emphasis added). Thus, any "unprotectable" elements are not "filtered out" until after ***all*** similarities, including similarities among "unprotectable" elements such as ideas, are identified and examined. See Apple Computer, Inc. v. Microsoft Corp., 35 F.3d 1435, 1442 (9th Cir. 1994) (the "extrinsic" test "objectively considers whether there are substantial similarities in *both* ideas and expression") (emphasis in original); Aliotti v. R. Dakin

& Co., 831 F.2d 898, 901 (9th Cir. 1987) ("even unprotectable material should be considered when determining if there is substantial similarity of expression"); Metcalf v. Bochco, 294 F.3d 1069, 1074 (9th Cir. 2002) ("the presence of so many generic similarities and the common patterns in which they arise [can help to] satisfy the extrinsic test"); Jada Toys, Inc. v. Mattel, Inc., 518 F.3d 628, 637 (9th Cir. 2008) (reversing district court's grant of summary judgment because it "did not conduct an objective test as to both ideas and expression as required under the extrinsic test"). Because *all* similarities between copyrighted and challenged works are relevant to the "extrinsic" test, MGA's argument that not a word about "unprotectable" elements may even be uttered in connection with the extrinsic test is simply wrong. Moreover, MGA's insinuation that the extrinsic test is solely for the Court and that the jury only considers the intrinsic test is also simply wrong as a matter of law. See, e.g., Cavalier v. Random House, Inc., 297 F.3d 815, 824 (2002) (jury must consider "evidence under both the extrinsic and intrinsic tests").

"Unprotectable" elements are also relevant to the intrinsic test. To perform that test, the jury applies the standard for infringement that was "determined at the 'extrinsic' stage" to decide "whether an ordinary reasonable observer would consider the copyrighted and challenged works substantially similar (or virtually identical)." Mattel, 616 F.3d at 914. Even unprotectable elements are considered in evaluating whether "the total concept and feel of the works [are] substantially similar" under the intrinsic test. Three Boys Music Corp. v. Bolton, 212 F.3d 477, 485 (9th Cir. 2000); see also Express, LLC v. Fetish Group, Inc., 424 F. Supp. 2d 1211, 1228 (C.D. Cal. 2006) ("[T]he intrinsic test requires that the work's elements be viewed as a whole.") (citations omitted). Likewise, under the virtual identity test discussed by the Ninth Circuit on appeal in connection with the sculpts, the question is whether there is virtual identity of the works when viewed "overall," including any unprotected elements. See Mattel, 616 F.3d at 915 n.9, 917.

Accordingly, MGA's argument that "the jury is not permitted to consider" unprotectable elements (Mot. at 37) is based on a misunderstanding of the extrinsic/intrinsic test. To the contrary, the jury must consider evidence under both the extrinsic and intrinsic tests, and "unprotectable" elements may be relevant to both tests.

"Unprotectable" elements of the copyrighted works at issue here are also relevant to several other issues related to Mattel's copyright infringement claim, including (i) a determination of *factual copying* (see Shaw v. Lindheim, 919 F.2d 1353, 1363 (9th Cir. 1990) ("Even if none of these [common] plot elements is remarkably unusual in and of itself, the fact that both scripts contain all of these similar events gives rise to a triable question of substantial similarity of protected expression."); Melville B. Nimmer & David Nimmer, Nimmer on Copyright § 13.01[B] (2010) (in determining whether defendant factually copied from plaintiff's work, it is appropriate to consider "similarities [that] negate defendant's claim of independent creation. Those similarities may inhere in constituents that are themselves original or in unoriginal ingredients.")); (ii) infringement based on MGA's copying of the *original arrangement or compilation of elements* in Bryant's Bratz drawings (see, e.g., Feist Publications, Inc. v. Rural Tel. Serv., Co., 499 U.S. 340, 348 (1991) ("even a directory that contains absolutely no protectable written expression, only facts, meets the constitutional minimum for copyright protection if it features an original selection or arrangement."); Apple Computer, 35 F.3d at 1446 ("Nor does it mean that infringement cannot be based on original selection and arrangement of unprotected elements.")); and (iii) MGA's infringement of the *Bratz characters*, see, e.g., Walt Disney Prods. v. Air Pirates, 581 F.2d 751, 754 (9th Cir. 1978) (character rights are copyrightable component parts of the overall graphical works for which copyright was registered); Lone Wolf McQuade Assocs. v. CBS, Inc., 961 F. Supp. 587, 594 (S.D.N.Y. 1997) (a character can be protected as a compilation of character traits that individually are unprotected by copyright).

Further, even apart from Mattel's copyright infringement claim, references to alleged "unprotectable" elements will be necessary to litigate Mattel's other claims. For example, the jury will decide whether MGA used the Mattel's trade secrets when it used Bryant's designs; even elements that are "unprotectable" for copyright purposes were trade secrets that MGA is liable for using. MGA's use of those alleged unprotectable elements is part of the claim that is to go to the jury. The Court should reject MGA's argument that all references to "unprotectable" elements should be excluded.

## II. MGA HAS FAILED TO IDENTIFY ANY "UNPROTECTABLE" ELEMENTS OF THE WORKS THAT EVEN COULD BE EXCLUDED

Even if MGA could show that "unprotectable" elements are irrelevant, MGA has failed to provide (in its one-and-a-half page motion or otherwise) any basis on which this Court could determine, preemptively, what exactly could be excluded as pertaining to "unprotectable" elements. MGA's motion therefore fails for vagueness. See, e.g., Colton Crane Co., LLC v. Terex Cranes Wilmington, Inc., 2010 WL 2035800, at *1 (C.D. Cal. May 19, 2010) (rejecting vague, broad motion *in limine*). MGA fails to describe the specific evidence it seeks to preclude, which is fatal.

Moreover, what little MGA does say in this regard misstates the law regarding the scope of copyright protection that applies to dolls. It argues that certain purported "elements" of Bratz works, such as "body proportions and postures (poses)" and "big head or big feet," have been "expressly held" to be "unprotectable" as a matter of law. Mot. at 36-37 (citing Ninth Circuit's recent opinion). That is not what the Ninth Circuit held. Even if the "*idea*" or "*concept*" of "depicting a young, fashion-forward female with exaggerated features, including an oversized head and feet, is . . . unoriginal as well as an unprotectable *idea*" (Mattel, 616 F.3d at 915), the *particularized expressions of such ideas* are fully protectable – and the Ninth Circuit certainly did not hold otherwise. Indeed, it is

well-established, in this Circuit and others, that such *expressions* of ideas *are* subject to copyright protection.  See, e.g., Satava v. Lowry, 323 F.3d 805, 812-13 (9th Cir. 2003) ("An artist may . . . protect the original expression he or she contributes to these ideas.  An artist may vary the pose, attitude, gesture, muscle structure, facial expression, coat, or texture of animal.  An artist may vary the background, lighting, or perspective.  Such variations, if original, may earn copyright protection."); Aliotti, 831 F.2d at 900-901 ("[T]he eye style and stitching of the Ding-A-Saurs are not dictated by the idea of stuffed dinosaur dolls and thus constitute protectable expression"); Mattel v. Goldberger Doll Mfg. Co., 365 F.3d 133, 135-36 (2d Cir. 2004) (Barbie's face protected by copyright, including particularized expression of an upturned nose, bow lips, and widely spaced eyes); Fisher-Price, Inc. v. Well-Made Toy Mfg. Corp., 25 F.3d 119, 124 (2d Cir. 1994) ("Our de novo comparison of the dolls' protectible features convinces us that an ordinary observer would consider them substantially similar.  Both sport the same bright, painted eyes, the same skyward gaze, the same knobby nose, and the same cherubic smile.  Both have oversized heads that feature soft vinyl faces and curly tufts of hair peeking out beneath lace-frilled hoods.  These dolls do not merely share features that are common to all dolls; they contain virtually identical expressions of those features.").[1]  MGA's argument that particularized expressions of the Bratz dolls –

---

[1]  See also, e.g., Durham Indus., Inc. v. Tomy Corp., 630 F.2d 905, 915-17 (2d Cir. 1980) (among other features, court compared similarity of proportion of head to body, shape of face, separation of eyes, skin tone, eye color, eye lashes, shape of nose, size of mouth, length of body, tilt of head); Austin Prods., Inc. v. F.D.F. Design Studio, Inc., 1990 WL 198741, at *4-5 (E.D.N.Y. Nov. 2, 1990) (considering stance, body shape, pose, and facial expression three dimensional figures); Original Appalachian Artworks, Inc. v McCall Pattern Co., 649 F. Supp. 832, 835 (N.D. Ga. 1986) (considering head proportion, flatness of face, shape of eyes, separation of eyes, shape of nose, body shape, torso, shoulders, belly button, elbows, knees, and ankles Cabbage Patch Kids); Fisher-Price Toys v. My Toy Co.,
   (footnote continued)

1  the same expressions that MGA has contended give it its "unique" appearance[2] – are
2  entitled to no copyright protection at all is unsupported by law.

3       In any case, as noted, the extrinsic test is for the jury to apply. See Kouf v.
4  Walt Disney Pictures & Television, 16 F.3d 1042, 1045 (9th Cir. 1994) ("[A] jury
5  may not find substantial similarity without evidence on both the extrinsic and
6  intrinsic tests"). Accordingly, the jury will have to determine which similarities
7  between Bryant's works and the Bratz dolls reflect basic, unprotectable ideas, and
8  which reflect protectable expression. The evidence cannot be excluded in advance.

### III. MGA'S REQUEST FOR RELIEF IS UNWORKABLE

10       Finally, MGA has offered no proposal at all, let alone anything workable, for
11  how, as a practical matter, the Court could preemptively prevent witnesses from
12  testifying concerning "unprotectable" elements of works, whatever those may be.
13  Mattel's copyrighted works cannot be "redacted" – they must be introduced as a
14  whole, including whatever unprotected elements they contain. Witnesses are going
15  to talk about the works as a whole; that is inevitable. MGA's request for the
16  wholesale exclusion of references to "unprotectable" elements of Bratz copyrighted
17  works is utterly impracticable and should be rejected for this reason as well.

### Conclusion

19       For the foregoing reasons, Mattel respectfully requests that the Court deny
20  MGA's Motion *in Limine* No. 35 in its entirety.

---

24  385 F. Supp. 218, 220-22 (S.D.N.Y. 1974) (considering body size, body shape,
25  arms, legs, hands, feet, spacing of eyes, nose, smile, cheeks, and size/shape of head dolls).
26    [2] See TX 13520-15 (MGA 2001 business plan stating: "The Bratz[] are unique
27  in many ways; their eyes are big with a hint of animé style; their lips are more pronounced, their feet and heads are oversized.").

| | | |
|---|---|---|
| 1 | DATED: December 19, 2010 | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
| 2 | | |
| 4 | | By /s/ John B. Quinn |
| 5 | |    John B. Quinn |
| 6 | |    Attorneys for Mattel, Inc. and Mattel de Mexico, S.A. de C.V. |