QUINN EMANUEL URQUHART & SULLIVAN, LLP
  John B. Quinn (Bar No. 090378)
  (johnquinn@quinnemanuel.com)
  William C. Price (Bar No. 108542)
  (williamprice@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc. and
Mattel de Mexico, S.A. de C.V.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>MGA ENTERTAINMENT, INC., a California corporation, et al.,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 DOC (RNBx)<br>Consolidated with<br>Case Nos. CV 04-09059 & CV 05-02727<br><br>Hon. David O. Carter<br><br>**MATTEL'S OPPOSITION TO MGA'S MOTION *IN LIMINE* NO. 36 TO EXCLUDE TESTIMONY AND REPORT BY MATTEL EXPERT FRANK KEISER;**<br><br>[Declaration of James D. Judah filed concurrently]<br><br>Hearing Date: TBD<br>Time: TBD<br>Place: TBD<br><br>Discovery Cut-off: October 4, 2010<br>Pre-trial Conf: January 4, 2011<br>Trial: January 11, 2011 |

# MEMORANDUM OF POINTS AND AUTHORITIES

## Preliminary Statement

MGA argues that the expert report of Frank Keiser and his testimony should be excluded. MGA's request is based on three points: 1) that the Keiser's report and testimony will not assist the jury; 2) that Keiser's scans will only apply to the Ninth Circuit's "intrinsic test"; and 3) that Keiser is not qualified to render his expert opinion. Each point is incorrect. Keiser's testimony and the 3D scans he has made, which compare the works Mattel owns and the infringing works, will assist the jury in comparing the scanned objects. MGA's motion should be denied.

## Argument

### I. KEISER'S REPORT AND TESTIMONY WILL ASSIST THE JURY IN COMPARING BRATZ DOLLS AND SCULPTS

Despite MGA's assertions to the contrary, MGA is perfectly aware of the relevance of the 3D scans made by Keiser. Keiser stated in his expert report that "the three-dimensional scan can . . . be used to measure objects and to compare certain features of objects."[1] Also, in its witness list Mattel explained the expected relevance of Keiser's testimony: "Isolating shape from size and color facilitates comparison between shapes of Bratz sculpts and Bratz production dolls."[2]

This is precisely why the 3D scans offered by Keiser will benefit the jury. In the case of a doll head, viewing the shape of the head without the distraction of paint, makeup, and hair will assist the jury in identifying specific elements of the works that may be subject to comparison, and assist them in identifying the similarities between different works. The scans by Keiser are not "manipulated" in

---

[1] Expert Report of Frank Keiser, dated November 1, 2010 ("Keiser Report"), at 3.
[2] Mattel, Inc.'s Corrected Witness List, dated November 30, 2010, Dkt. 9310, at 11.

any way, as MGA claims. The scans are simply three-dimensional images of the items, shown without hair and color, similar to how a black and white photograph does not show color. MGA's feigned ignorance as to the relevance of Keiser's testimony does not support exclusion.

## II. KEISER'S 3D SCANS ARE RELEVANT TO THE "EXTRINSIC" TEST AND DO NOT NEED TO BE FILTERED

MGA is wrong that Keiser's analysis could apply only to the "intrinsic" test for copyright infringement. The entire premise for this argument appears to be that Keiser's scans depict "entire dolls and objects." Mot. at 38. This is simply wrong. Keiser's scans depict a number of doll parts, accessories, and incomplete dolls, as well as entire dolls.[3] And in any case, the "extrinsic" test, which requires analytic dissection of the elements of the copyrighted and challenged works, does not literally require that the works be chopped up into pieces before they are analyzed, and it does not even figuratively require that until after the first part of the test is conducted. Rather, the extrinsic test initially considers works as a whole to evaluate the "similarities between the copyrighted and challenged works." Mattel, Inc. v. MGA Entertainment, Inc., 616 F.3d 904, 913 (9th Cir. 2010). It is only after those similarities are identified that analytic dissection is performed to "determine whether the similar elements are protectable or unprotectable." Id. Thus, any "unprotectable" elements are not "filtered out" until *after* any similarities are identified and examined. See Apple Computer, Inc. v. Microsoft Corp., 35 F.3d

---

[3] See, e.g., Declaration of James Judah In Support Of Mattel's Opposition to MGA's Motion *In Limine* No. 36 to Exclude Testimony and Report by Mattel Expert Frank Keiser, dated December 19, 2010, Exhibits 1-2. The exhibits are two-dimensional examples of the three-dimensional scans created by Keiser, in this case depicting a doll's head, and a full doll. The items depicted in these scans are depicted in the photographs that are Exhibits 9 and 26 to the Keiser Report, respectively.

1435, 1442 (9th Cir. 1994) (the "extrinsic" test "objectively considers whether there are substantial similarities in *both* ideas and expression") (emphasis in original); Aliotti v. R. Dakin & Co., 831 F.2d 898, 901 (9th Cir. 1987) ("even unprotectable material should be considered when determining if there is substantial similarity of expression").  Keiser's scans are therefore directly relevant to the extrinsic test as they will help the jury identify whether there are sufficient similarities between the elements of the works.  Expert testimony is regularly admitted for this purpose. See, e.g., R.F.M.A.S., Inc. v. So, ---F. Supp. 2d ----, 2010 WL 4341331, at *32 (S.D.N.Y. Oct. 12, 2010) (allowing expert testimony to assist jury in "understanding the evidence" of "similarities that are probative of copying" and to provide a "trained eye" to enable jury to "identify the similarities between two designs on his or her own"); KB Home v. Antares Homes, Ltd., 2007 WL 1893370, at *10 (N.D. Tex. June 28, 2007) (allowing expert testimony on "the issue of substantial similarity" that would "aid and assist the jury in deciphering the [architectural] plans and considering whether they are substantially similar").

Moreover, MGA's arguments are particularly wrong given that Keiser's scans are of three dimensional sculpts.  Under the virtual identity test discussed by the Ninth Circuit on appeal in connection with the sculpts, the relevant question is whether there is virtual identity of the works when viewed "overall," including any unprotected elements, or substantial similarity of their protected expression.  See Mattel, 616 F.3d at 915 n.9, 917.  MGA has conceded this.[4]  Accordingly, Keiser's scans of the sculpts – even if they include "unprotectable" elements – will assist the jury and are relevant.

MGA's argument that Keiser's analysis is relevant only to the "intrinsic" test is wrong, and does not support exclusion.

---

[4] See MGA's Opposition to Petition for Rehearing and Rehearing En Banc, September 8, 2010, at 19-20

### III. MGA'S CLAIM THAT KEISER LACKS THE REQUISITE EXPERTISE IS INACCURATE AND MERITLESS

As Keiser outlined in his report, he has worked with 3D scanners since 1998, and has scanned objects for a number of companies, ranging from Hyundai, Kia, Mitsubishi, BMW, Mazda, Boeing, and NASA, to examine pieces of the Columbia space shuttle.[5] For a number of years, Keiser worked for the U.S. distributor of his 3D scanning equipment, so that he could "further study the process of three-dimensional scanning."[6] After his work at NASA, officials from Boeing offered Keiser equipment, to help him start his three-dimensional scanning business in 2003.[7] Keiser testified in his deposition that he has scanned "maquettes", or small scale models, for Disney, for use in the company's theme parks.[8] He also testified that he has scanned models for NASCAR, and memorabilia for Star Wars.[9]

Tellingly, MGA has offered no evidence that Keiser is not considered an expert, if not *the* expert, in his field, or that Keiser's experience with models and larger items does not translate to the scanning of dolls or toys. The scans, which are three-dimensional images, can be analogized to photographs. It would be absurd to disqualify an expert photographer from opining on photographs taken by him or her, even if the photographer was new to the subject matter depicted in the images. MGA's request is no less absurd.

### Conclusion

For the foregoing reasons, Mattel respectfully requests that the Court deny MGA's Motion *in Limine* No. 36 in its entirety.

---

[5] Keiser Report at p. 1-2.
[6] Id.
[7] Id. at 2.
[8] Deposition Transcript of Frank Keiser, dated April 11, 2008 ("Depo. Tr."), at 24:14-25:2.
[9] Depo. Tr. at 30:14-16, 28:15-29:3.

1

2  DATED: December 19, 2010        QUINN EMANUEL URQUHART &
3                                                          SULLIVAN, LLP

4

5                                                           By /s/ John B. Quinn
                                                                John B. Quinn
6                                                               Attorneys for Mattel, Inc. and
                                                                Mattel de Mexico, S.A. de C.V.
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28