QUINN EMANUEL URQUHART & SULLIVAN, LLP
  John B. Quinn (Bar No. 090378)
  (johnquinn@quinnemanuel.com)
  William C. Price (Bar No. 108542)
  (williamprice@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:  (213) 443-3000
Facsimile:   (213) 443-3100

Attorneys for Mattel, Inc., and Mattel de Mexico, S.A. de C.V.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation, and Mattel de Mexico, S.A. de C.V., a Mexico business entity,<br><br>Plaintiff,<br><br>vs.<br><br>MGA ENTERTAINMENT, INC., a California corporation, et. al.,<br><br>Defendants.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 DOC (RNBx)<br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>Hon. David O. Carter<br><br>**MATTEL'S RESPONSE TO MGA'S CORRECTED MOTION *IN LIMINE* NO. 41 TO EXCLUDE EVIDENCE OF LARIAN'S WEALTH AND TO BIFURCATE TRIAL**<br><br>Hearing Date:   TBD<br>Time:                TBD<br>Place:               Courtroom 9D<br><br>Discovery Cut-off:   October 4, 2010<br>Pre-trial Conf:         January 4, 2011<br>Trial Date:              January 11, 2011 |

## Memorandum of Points and Authorities

MGA's lengthy motion is a waste of the Court's time. Mattel proposed, during the parties' meet and confer, that the parties stipulate to bifurcate the calculation of punitive damages and exclude net worth evidence from the liability phase. Mattel then sent a draft stipulation to MGA to that effect. MGA ignored it. So, Mattel proceeded to file a motion seeking that relief, see Mattel Mot. No. 6, and, perplexingly, MGA did the same. Only because of MGA's refusal to even respond to Mattel's proposed stipulation is the Court's intervention now needed.

In all events, as Mattel has argued, Mattel agrees bifurcation of punitive damages calculations is proper. MGA Mot. at 8-13. Mattel agrees that a party's wealth and size should not be considered by the jury in assessing liability. MGA Mot. at 4-7. And Mattel agrees that how much a party spends on litigation is inadmissible. MGA Mot. at 6. Mattel has argued for all of this. See Mattel MIL Nos. 2, 6, 15.

However, should MGA be given free rein to turn the trial into a sideshow in the manner it seeks, Mattel may be forced to introduce evidence of Larian's wealth to respond. For example, if MGA argues to the jury that Mattel has used this case to "litigate MGA to death" – something it should not be permitted to do – Mattel will have to respond, and Larian's financial wherewithal is part of that response; it helps show that MGA's claim that this case reflects a large corporation bullying a smaller competitor is simply false. And of course, if MGA is permitted to introduce evidence of the parties' financial condition during the liability phase, then Mattel should be able to respond with its own evidence on such issues.

Last, MGA argues that in the punitive damages phase only "current" evidence of its net worth is relevant. It is premature to make such a ruling now. In fact, MGA has refused to produce current net worth information, and in the last trial sought to sandbag Mattel by producing such information belatedly. The net worth information that will actually be introduced before the jury can and should be determined after the need for a punitive damages phase, and the relevance of net worth information, becomes clear.

DATED: December 19, 2010

QUINN EMANUEL URQUHART & SULLIVAN. LLP

By /s/ John B. Quinn
John B. Quinn
Attorneys for Mattel, Inc. and
Mattel de Mexico, S.A. de C.V.