**SCHEPER KIM & HARRIS LLP**
DAVID C. SCHEPER (State Bar No. 120174)
dscheper@scheperkim.com
ALEXANDER H. COTE (State Bar No. 211558)
acote@scheperkim.com
601 W. Fifth Street, 12th Floor
Los Angeles, CA 90071
Telephone:   (213) 613-4655
Facsimile:   (213) 613-4656

**LAW OFFICES OF MARK E. OVERLAND**
MARK E. OVERLAND (State Bar No. 38375)
mark@overlaw.net
100 Wilshire Blvd., Suite 950
Santa Monica, CA 90401
Telephone: (310) 459-2830
Facsimile: (310) 459-4621

Attorneys for Carlos Gustavo Machado Gomez

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>                  Plaintiff,<br><br>        v.<br><br>MATTEL, INC,, a Delaware corporation,<br><br>                  Defendant.<br><br>AND CONSOLIDATED ACTIONS. | CASE NO. CV 04-9049 DOC (RNBx)<br><br>Consolidated with:<br>Case No. CV 04 9059<br>Case No. CV 05-2727<br><br>**GUSTAVO MACHADO'S OPPOSITION TO MATTEL'S MOTION *IN LIMINE* NO. 17 TO EXCLUDE EVIDENCE OF OR ARGUMENT CONCERNING THE CREATION OF MATTEL SERVICIOS, S.A. DE C.V.**<br><br>**DATE: TBD**<br>**TIME:  TBD**<br>**PLACE: Courtroom 9D**<br><br>**Discovery Cut-off:** October 4, 2010<br>**Pre-trial Conf.:**    January 4, 2010<br>**Trial:**                January 11, 2010 |

## I. INTRODUCTION

Mattel's Motion *in Limine* No. 17 is an attempt to tell the jury only half a story. The half Mattel wants the jury to hear is that even though Mr. Machado worked for Mattel Servicios ("Servicios"), Mattel de Mexico was really his employer for all practical purposes, because Servicios employees "perform all the services required" by Mattel de Mexico. (Motion *in Limine* No. 17 at 2:4.) Accordingly, Mattel will argue, it is fair to hold Mr. Machado liable to Mattel de Mexico as if it were his true employer.

The half Mattel wants to conceal from the jury is this: employers in Mexico are required to share profits with their employees. In order to avoid this law, Mattel formed two subsidiaries in Mexico: Mattel de Mexico to earn the profits (without any employees) and a wholly owned subsidiary, Servicios, to pay the employees (without any profits). (Motion at 2:3-4; *see also* Mattel MSJ Opp. 16:4-5 ("Mattel [de] Mexico, not Mattel Servicios, markets and sells toys in Mexico").) With every paycheck, Mattel tells its Mexican employees that Servicios and Mattel de Mexico are distinct entities. The jury should hear the reason for Servicios' existence before deliberating on whether Mattel's effort to conflate the two companies in this case is fair and equitable. Accordingly, Mr. Machado respectfully requests that Mattel's Motion *in Limine* No. 17 be denied.

## II. LEGAL ARGUMENT

"Ordinarily, a corporation is regarded as a legal entity, separate and distinct from its stockholders, officers and directors, with separate and distinct liabilities and obligations." *Sonora Diamond Corp. v. Superior Court*, 83 Cal. App. 4th 523, 538 (2000). Disregarding the corporate veil is proper only where "there [would] be an inequitable result if the acts in question are treated as those of the corporation alone." *Id.* "No one characteristic governs, but the courts must look at all the circumstances to determine whether the doctrine should be applied." *Id.* at 539.

Accordingly, the jury is entitled to hear evidence on every "characteristic" tending to prove that Mattel's use of Servicios led to "inequitable results," including Mattel's use of Servicios to avoid paying Mattel's employees in Mexico. Indeed, the purpose of the alter ego doctrine is to prevent "the corporate form [from being] used to perpetrate a fraud, *circumvent a statute*, or accomplish some other wrongful or inequitable purpose." *Id.* (emphasis added) (*citing Robbins v. Blecher*, 52 Cal. App. 4th 886, 892 (1997)). Evidence that Mattel *actually* used Servicios to "circumvent a statute" or for other inequitable purposes is clearly relevant to the inquiry before the jury. Fed. R. Evid. 402.

Indeed, Mattel recognized the relevance of Servicios' purpose in its summary judgment briefing. Mr. Machado argued on summary judgment that his sole employer was Servicios, who is not a party to this action. Mattel responded that "the ***sole purpose*** of Mattel Servicios and its employees is to provide services for Mattel Mexico." (*Id.* at 16:3-4 (emphasis added).) Mattel cannot have it both ways: it cannot simultaneously introduce evidence of Servicios' "sole purpose" and at the same time contend that Servicios' purpose is irrelevant.[1] Having told half the story on Servicios, Mattel cannot prevent the jury from hearing the rest.

For the same reasons, Mattel's "unfair prejudice" argument fails. Admittedly, Mattel's bilking of its Mexican employees is prejudicial, but it is not *unfairly* prejudicial because it is evidence of Mattel's use of Servicios to achieve "inequitable results." *See U.S. v. Hankey*, 203 F.3d 1160, 1172 (9th Cir. 2000) ("Relevant evidence is inherently prejudicial; but it is only unfair prejudice, substantially outweighing probative value, which permits exclusion of relevant matter under Rule 403"). The jury cannot determine if Mattel used Servicios to

---

[1] Mattel also made clear its intent to take this question to the jury. (Mattel MSJ Opp. at 16:26 (Mr. Machado's so-called "inconsistency makes clear that this is at least a jury question"); 31:21-22 ("[a]t a minimum, the claim should be tried to a jury").)

1  "circumvent a statute or accomplish some other wrongful or inequitable purpose"
2  without hearing the evidence that *it did exactly that*. Similarly, Mattel cannot argue
3  that Servicios' sole purpose was providing services for Mattel de Mexico, without
4  also facing the evidence that this arrangement was intended to cheat its employees.
5  Any inflammation of the jury on this point is the inevitable result of Mattel's effort
6  to bilk its employees, but that is no reason to keep relevant evidence from trial.

### III.  CONCLUSION

For the foregoing reasons, Mr. Machado respectfully requests that Mattel's Motion *in Limine* No. 17 be denied.

DATED: December 20, 2010   Respectfully submitted,

        SCHEPER KIM & HARRIS LLP
        ALEXANDER H. COTE

        LAW OFFICES OF MARK E. OVERLAND
        MARK E. OVERLAND
        By: /s/ *Alexander H. Cote*
            ALEXANDER H. COTE

        /s/ *Mark E. Overland*
        MARK E. OVERLAND

        Attorneys for Carlos Gustavo Machado Gomez