QUINN EMANUEL URQUHART & SULLIVAN, LLP
  John B. Quinn (Bar No. 090378)
  (johnquinn@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc. and Mattel de Mexico, S.A. de C.V.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation, and Mattel de Mexico, S.A. de C.V., a Mexico business entity<br><br>Plaintiffs,<br><br>vs.<br><br>MGA ENTERTAINMENT, INC., a California corporation, et al.,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 DOC (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>Hon. David O. Carter<br><br>**MATTEL, INC.'S NOTICE OF MOTION AND MOTION TO COMPEL ATTENDANCE OF CARTER BRYANT AT TRIAL**<br><br>Hearing Date:   TBD<br>Time:   TBD<br>Place:   TBD<br><br>Pre-trial Conference:   January 4, 2011<br>Trial:   January 18, 2011 |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, on a date and at a time to be set by the Court, before the Honorable David O. Carter, located at 411 West Fourth Street, Santa Ana, California, 92701, plaintiff Mattel, Inc. ("Mattel") will, and hereby does, move the Court for an order compelling Carter Bryant to appear at trial and to produce all responsive, non-privileged documents in his custody, possession or control.

Mattel brings this Motion on the grounds that Bryant is a party subject to the jurisdiction of this Court; in his May 18, 2008 Settlement Agreement with Mattel, Bryant agreed to testify at trial upon 48 hours' notice; Bryant has not responded to requests by Mattel that he confirm he will appear at trial; Mattel has corresponded with Bryant's current and prior counsel, and received no response; Bryant has no legitimate basis for refusing to appear at trial; and the Court has ongoing personal jurisdiction over Bryant.

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the records and files of this Court, and all other matters of which the Court may take judicial notice.

**Certification of Compliance with the Court's June 6, 2010 Order**

Lead counsel for Mattel and MGA met and conferred on this issue on December 20, 2010, in compliance with the Court's June 6, 2010 Order. To the best of Mattel's knowledge, Bryant is not currently represented by counsel. Mattel gave notice of this motion to Bryant in a letter, dated November 29, 2010, sent to both Bryant and his former counsel. Mattel has received no response to that letter.

DATED:   December 22, 2010

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By _____
Michael T. Zeller
Attorneys for Mattel, Inc.

# **TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ................................................................................ 1

BACKGROUND .......................................................................................................... 2

ARGUMENT ................................................................................................................ 4

I.     THIS COURT SHOULD TO COMPEL BRYANT TO ATTEND TRIAL ................................................................................................................ 4

      A.    This Court Has Authority To Compel Bryant To Appear At Trial ........ 4

      B.    This Court Has Ongoing Jurisdiction Over Bryant in This Action, and Can Compel Him to Appear As a Party Despite the Dismissal of Claims Against Him ............................................................ 6

      C.    Mattel Will Be Disadvantaged At Trial If Bryant Does Not Appear and Provide Live Testimony ................................................................ 7

CONCLUSION ............................................................................................................. 8

**TABLE OF AUTHORITIES**

Page

**Cases**

Dacanay v. Mendoza,
   573 F.2d 1075 (9th Cir. 1978) .................................................................... 7

Davies v. Grossmont Union High School Dist.,
   930 F.2d 1390 (9th Cir. 1991) .................................................................... 5

Ellis v. Hollister, Inc.,
   2006 WL 1132377 (E.D. Cal. 2006) .......................................................... 8

Hagestad v. Tragesser,
   49 F.3d 1430 (9th Cir. 1995) ...................................................................... 4

J & J Sports Prods., Inc. v. Chai,
   2010 WL 2991479 (E.D. Cal. 2010) .......................................................... 5

Kokkonen v. Guardian Life Ins. Co. of America,
   511 U.S. 375 (1994) ................................................................................... 4

Maysonet-Robles v. Cabrero,
   323 F.3d 43 (1st Cir. 2003) ........................................................................ 6

Morris v. City of Hobart,
   39 F.3d 1105 (10th Cir. 1994) .................................................................... 5

Polaroid Corp. v. Casselman,
   213 F. Supp. 379 (S.D.N.Y. 1962) ............................................................. 8

Schnabel v. Lui,
   302 F.3d 1023 (9th Cir. 2002) .................................................................... 6

Shillitani v. United States,
   384 U.S. 364 (1966) ................................................................................... 5

Spallone v. United States,
   493 U.S. 265 (1990) ................................................................................... 5

Square D Co. v. Breakers Unlimited, Inc.,
   2009 WL 1702078 (S.D. Ind. 2009) ........................................................... 7

In re Suchy,
   786 F.2d 900 (9th Cir. 1982) ...................................................................... 4

TNT Marketing, Inc. v. Agresti,
   796 F.2d 276 (9th Cir. 1986) .............................................................. 4, 5, 6

UACC Midwest, Inc. v. City of Santa Cruz,
   2007 WL 174416 (N.D. Cal. 2007) ............................................................ 7

U.S. v. Yida,
  498 F.3d 945 (9th Cir. 2007) .................................................................................. 8

York Intern. Corp. v. RVD Heating & Air Conditioning,
  2009 WL 33423 (E.D. Cal. 2009) ........................................................................ 7

**Miscellaneous**

7 Moore's Federal Practice § 32.28 ............................................................................ 8

# MEMORANDUM OF POINTS AND AUTHORITIES

## Preliminary Statement

As the Court is aware, Carter Bryant is an individual defendant and central figure in this litigation. A critical component of Mattel's May 18, 2008 Settlement Agreement with Bryant (the "Agreement") was that he would appear at trial and testify live in the action. With the re-trial of Phase 1 issues, Mattel sought his commitment to appear at trial. Neither Bryant nor his former counsel has responded to Mattel's inquiries.

Bryant, as a party-defendant and one-time claimant, is unquestionably subject to this Court's jurisdiction. Furthermore, in accordance with the Agreement, the Court's May 23, 2008 stipulated Order dismissing the monetary claims against Bryant provides that Bryant "shall" appear to testify at the Phase 1 trial during Mattel's case-in-chief. In that Order, the Court expressly retained jurisdiction to enforce the terms of the Agreement and to bind Bryant to adhere to any order, judgment, or decree made against MGA relating to MGA's rights in Bratz. Each of the jury's findings from the Phase 1 trial has been vacated, and this Court has ordered the "full retrial of all phase 1 claims."[1] Given the Ninth Circuit's reversal of certain rulings during Phase 1, Bryant's prior testimony during the Phase 1 trial cannot suffice for purposes of the pending trial. Further, in consideration of the uniform preference of courts for live testimony as a far superior basis for fact-finding, particularly where, as here, credibility is involved, the key role of Bryant in Mattel's claims against MGA, and Bryant's continuing status as an interested person who will be bound by the judgments entered in this trial, Mattel would be severely disadvantaged if denied the opportunity to question Bryant before the jury.

Therefore, Mattel respectfully requests that the Court exercise its authority to compel Bryant to appear to testify at trial in this action.

---

[1] Dkt. No. 9021 at 27.

**Background**

<u>The Settlement Agreement.</u>   On May 18, 2008, before the trial of Phase 1(a) issues that began on May 20, 2008, Mattel and Carter Bryant entered into a Settlement Agreement, resulting in the dismissal of the claims between Mattel and Bryant.[2]   In the Agreement, Bryant agreed to appear as a witness in Mattel's case in chief:

> <u>Bryant's Agreement to Appear at Trial in Mattel's Case-In-Chief.</u>
> Bryant agrees to appear as a witness during Mattel's case-in-chief in Phase 1(a) and Phase 1(b) of the trial upon 48 (forty-eight) hours' written notice to Bryant's counsel.   The effectiveness of this Agreement is in no manner conditioned upon the substance of any testimony to be given by Bryant at trial or otherwise, and there is no agreement between Mattel and Bryant regarding how Bryant will testify, or what he will say, during the trial between Mattel and the MGA Parties, or in any other proceeding.[3]

This provision was reiterated in the Stipulation of Dismissal of Carter Bryant, executed in tandem with the Settlement Agreement.[4]

On May 23, 2008, Judge Larson entered an Order of Dismissal Upon Stipulation, which incorporated Bryant's agreement and the parties' stipulation into the following Order: "Bryant has agreed to appear and, upon reasonable notice, Bryant shall appear to testify at trial in Phase 1(a) and Phase 1(b) during Mattel's

---

[2]   Dkt. No. 7371 (Order Lifting Protective Order Designations With Respect to Settlement Agreement Between Carter Bryant and Mattel, December 18, 2009).
[3]   M 0932045-46 (Settlement Agreement).
[4]   M 0932062 (Exhibit A to Settlement Agreement, Stipulation of Dismissal of Carter Bryant, ¶ 5).

case-in-chief."[5]  Pursuant to both the Stipulation and Order, this Court retains jurisdiction to enforce the terms of the Agreement:

> This Order of dismissal is being entered pursuant to the terms and conditions of the Settlement between Mattel and Bryant.  This Court retains jurisdiction to enforce the terms of the Settlement and that a violation of any term of the Settlement shall be a violation of this Order of dismissal.[6]

The Ninth Circuit's Opinion. On July 22, 2010, the Ninth Circuit entered an order vacating the equitable relief granted by the District Court following the Phase 1 trial.  Following the Ninth Circuit's decision, MGA moved for a new trial of all issues previously tried during the 2008 trial, termed "phase 1" by Judge Larson.[7] On October 29, 2010, this Court granted that motion and ordered the "full retrial of all phase 1 claims."[8]

Mattel Provides Notice of Trial to Bryant Under The Settlement Agreement. In anticipation of the January 2011 trial, on November 8, 2010, Mattel wrote a letter to Bryant requesting that he confirm that he intended to honor the terms of the Agreement and appear at trial.  Mattel sent a copy of the letter to Bryant's last known counsel, Peter H. Bonis,[9] and former counsel, Christa M. Anderson of Keker & Van Nest, LLP.[10]  Neither Bryant nor counsel responded to the letter.

---

[5]  Dkt. No. 9021, Order of Dismissal Upon Stipulation, dated May 23, 2008 ("Dismissal Order"), ¶ 6.

[6]  Id., ¶ 8; see also Stipulation of Dismissal, ¶ 7 (M 0932062).  In addition, the Settlement Agreement provides that the United States District Court for the Central District of California "shall have sole and exclusive jurisdiction in any dispute concerning or arising from this Agreement."  Id., ¶ 16 (M 0932052).

[7]  See Motion for New Trial; Renewed Motion to Unseal Juror Interview Transcripts, dated August 31, 2010 (Dkt. No. 8669).

[8]  Dkt. No. 9021 at 27.

[9]  Several months after the dismissal of Bryant from the case, on November 5, 2008, Mr. Bryant filed a notice of substitution of counsel.  Dkt. No. 4404.  On

Consequently, on November 29, 2010, Mattel again wrote to Bryant, requesting that he confirm by December 3, 2010 that he would appear as a witness at trial. The letter stated: "If you do not respond to this letter in a timely fashion, Mattel will be forced to conclude that you do not intend to honor paragraph 3 of the Settlement Agreement, and will promptly file a motion to compel your attendance at trial." Again Mattel sent a copy of the letter to Bryant's counsel; however, neither Bryant nor his counsel responded to the letter.

## Argument

### I.  THIS COURT SHOULD TO COMPEL BRYANT TO ATTEND TRIAL

#### A.  This Court Has Authority To Compel Bryant To Appear At Trial

A district court has "inherent power to enforce the agreement in settlement of litigation before it." TNT Marketing, Inc. v. Agresti, 796 F.2d 276, 278 (9th Cir. 1986) ("breach of the agreement entitled the nonbreaching party to specific performance or an award of unliquidated damages, as appropriate"); In re Suchy, 786 F.2d 900, 902-903 (9th Cir. 1982). Where, as here, "the parties' compliance with the terms of the settlement or the court's retention of jurisdiction over the settlement are included in the terms of the dismissal order" (Hagestad v. Tragesser, 49 F.3d 1430, 1433 (9th Cir. 1995)), "a breach of the agreement [is] a violation of the order, and ancillary [subject matter] jurisdiction to enforce the agreement [] therefore exist[s]." Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375,

---

November 13, 2008, Judge Larson entered an order that Peter H. Bonis be substituted as Bryant's attorney of record in place of Keker & Van Nest. See Order Re Specially-Appearing Non-Party Carter Bryant's Notice of Substitution of Counsel, dated November 13, 2008 (Dkt. No. 4421).

[10] Pursuant to the Agreement, notices relating thereto must be sent to Bryant at 617 West Silsby, Springfield, Missouri 65807, Fax: (417) 864-6771, with a copy to John Keker and Christa M. Anderson, Keker & Van Nest. Settlement Agreement, ¶ 14 (M 0932051-52). Accordingly, although Keker & Van Nest is no longer counsel of record for Bryant under the November 13, 2008 substitution of counsel order, Mattel provided written notice to Ms. Anderson to fulfill the notice obligations of the Agreement.

381 (1994); see also Morris v. City of Hobart, 39 F.3d 1105, 1110 (10th Cir. 1994) ("A district court can retain [subject matter] jurisdiction over a settlement agreement if the order of dismissal shows an intent to retain jurisdiction or incorporates the settlement agreement."). A district court's enforcement power includes the authority to award the non-breaching party specific performance of the agreement. TNT Marketing, 796 F.2d at 278; see also J & J Sports Prods., Inc. v. Chai, 2010 WL 2991479, at *1 (E.D. Cal. 2010).

Further, "courts have inherent power to enforce compliance with their lawful orders through civil contempt." Spallone v. United States, 493 U.S. 265, 276 (1990) (quoting Shillitani v. United States, 384 U.S. 364, 368 (1966)); see also Davies v. Grossmont Union High School Dist., 930 F.2d 1390, 1393 (9th Cir. 1991) ("district courts have power to enforce their own orders and to adjudge anyone in civil contempt who wilfully violates such orders.") "Where contempt consists of a refusal to obey a court order to testify at any stage in judicial proceedings, the witness may be confined until compliance." Shillitani, 384 U.S. at 370. The Ninth Circuit has noted that a district court may enforce a settlement agreement "in contempt proceedings for violation of a court order approving the settlement and commanding or enjoining particular conduct." TNT Marketing, 796 F.2d at 278.

As part of the Agreement, Bryant agreed to appear "as a witness during Mattel's case-in-chief in Phase 1(a) and Phase 1(b) of the trial upon 48 (forty-eight) hours' written notice to Bryant's counsel."[11] This Court has determined that "[a]ll phase 1 claims must be retried."[12] Therefore, Bryant's obligation to testify at trial has been triggered and he is required to appear. Bryant should be ordered to appear to testify at trial or required to show cause why he should not be held in contempt

---

[11] M 0932045-46 (Settlement Agreement, ¶ 3).
[12] Dkt. No. 9021.

for failing to comply with the Agreement and Order's trial attendance requirement. See TNT Marketing, 796 F.2d at 278.

### B. This Court Has Ongoing Jurisdiction Over Bryant in This Action, and Can Compel Him to Appear As a Party Despite the Dismissal of Claims Against Him

Judge Larson previously confirmed that the dismissal of claims against Bryant did not constitute a dismissal that would deprive Mattel of the right to enforce valid Court orders against Bryant.[13] Indeed, Bryant never asserted in the suit a defense that the Court lacked personal jurisdiction over him[14] and has long since waived any such contention. See Schnabel v. Lui, 302 F.3d 1023, 1034 (9th Cir. 2002) (party "waive[s] any defense of lack of personal jurisdiction, insufficiency of process, or insufficiency of service of process, by failing to raise the defense in its first motion under Rule 12(b)."). Furthermore, when a party was subject to jurisdiction at the time of filing of the action, jurisdiction continues to be proper when the action is tried. See Maysonet-Robles v. Cabrero, 323 F.3d 43, 49 (1st Cir. 2003) ("[T]he concept that federal jurisdiction attaches at the time when the action is commenced and cannot be ousted by later developments" is "well established" for "personal jurisdiction").

In fact, the only logical reading of the Agreement giving rise to the Order is that, although the claims against Bryant were dismissed, he was not removed from the case as a party. Specifically, the Court "retains jurisdiction to enforce the terms of the Settlement," which include the requirements that Bryant testify in this case. Moreover, the Order on dismissal mandates that Bryant will be bound by any grant

---

[13] See Dkt. No. 5611 ([Redacted] Minute Order dated June 6, 2008), at 5 ("Bryant bought himself relief from further suit, he did not procure repose from meeting his existing obligations from prior discovery orders entered in this case.").

[14] See Carter Bryant's Answer to Plaintiff's Unverified Complaint, May 14, 2004.

of injunctive relief issued by the Court following trial. See Dismissal Order, at ¶ 8 ("Any such MGA Bratz Injunction shall be binding on Bryant to the same extent as it is binding on the MGA Parties, or any of them."); see also Dacanay v. Mendoza, 573 F.2d 1075, 1078 (9th Cir. 1978) ("[I]t is equally well settled in the usual litigation context that courts have inherent power summarily to enforce a settlement agreement with respect to an action pending before it; the actual merits of the controversy become inconsequential."); York Intern. Corp. v. RVD Heating & Air Conditioning, 2009 WL 33423, *1 (E.D. Cal. 2009) ("Where an action is still pending or the federal court otherwise has jurisdiction, a party may seek to enforce a settlement agreement."); Square D Co. v. Breakers Unlimited, Inc., 2009 WL 1702078, *2 (S.D. Ind. 2009) ("In this case, the rules do not expressly provide that attendance at trial can be secured only by a subpoena, and the notion that the Court has the inherent authority to order a party to appear and testify—or, in the case of a corporation, to order it to produce a witness to testify on its behalf—seems rather uncontroversial.").

In sum, given the Court's "broad equitable power to enforce settlement agreements" (UACC Midwest, Inc. v. City of Santa Cruz, 2007 WL 174416, at *3 (N.D. Cal. 2007)), the 2008 dismissal of claims against Bryant does not deprive the Court of jurisdiction over him; in addition to its power to enforce the Agreement and Order, the Court retains jurisdiction to require him to appear and testify at trial.

### C. Mattel Will Be Disadvantaged At Trial If Bryant Does Not Appear and Provide Live Testimony

Courts have uniformly recognized that the testimony of a live witness is superior to that of recorded testimony or reading from a transcript:

> Underlying both the constitutional principles and the rules of evidence is a preference for live testimony. Live testimony gives the jury (or other trier of fact) the opportunity to observe the demeanor of the witness while testifying. William Blackstone long ago recognized this

virtue of the right to confrontation, stressing that through live testimony, "and this [procedure] only, the persons who are to decide upon the evidence have an opportunity of observing the quality, age, education, understanding, behavior, and inclinations of the witness." Transcripts of a witness's prior testimony, even when subject to prior cross-examination, do not offer any such advantage, because "all persons must appear alike, when their [testimony] is reduced to writing."

U.S. v. Yida, 498 F.3d 945, 950-951 (9th Cir. 2007) (citations omitted); see also Ellis v. Hollister, Inc., 2006 WL 1132377, *4 (E.D. Cal. 2006) ("If possible, courts prefer live testimony where there are vital issues of fact hinge of credibility.") (citing Los Angeles Memorial Coliseum Commission v. National Football League, 89 F.R.D. 497, 501 (C.D. Cal. 1981)); Polaroid Corp. v. Casselman, 213 F. Supp. 379, 382 (S.D.N.Y. 1962) ("Depositions, deadening and one-sided, are a poor substitute for live testimony especially where, as here, vital issues of fact may hinge on credibility."); 7 Moore's Federal Practice § 32.28 ("beyond the precise words used by the witness, the witness's tone of voice, facial expressions, and movement all contribute to a visual language, which is often more significant to the fact-finder than words alone.").

As the key actor in the facts underlying Mattel's Bratz-related claims, a party in this action, and a person bound to comply with any order, judgment or decree this Court may enter relating to Bratz, Bryant may not be permitted to sit on the sidelines. Having negotiated for the benefit of live testimony from Bryant as a condition of settlement, Mattel is entitled to the enforcement of that obligation.

## Conclusion

For the foregoing reasons, Mattel respectfully requests that the Court compel Carter Bryant to appear at trial in this action.

| | | |
|---|---|---|
| 1 | DATED:   December 22, 2010 | QUINN EMANUEL URQUHART & SULLIVAN, LLP |

By _/s/ Michael T. Zeller_
Michael T. Zeller
Attorneys for Mattel, Inc.