QUINN EMANUEL URQUHART & SULLIVAN, LLP
  John B. Quinn (Bar No. 090378)
  (johnquinn@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc. and
Mattel de Mexico, S.A. de C.V.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation,<br><br>            Plaintiff,<br><br>      vs.<br><br>MGA ENTERTAINMENT, INC., a California corporation, et. al.,<br><br>            Defendants.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 DOC (RNBx)<br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>Hon. David O. Carter<br><br>MATTEL'S RESPONSE TO GLASER WEIL'S OBJECTIONS TO DISCOVERY MASTER'S DECEMBER 28, 2010 REPORT AND RECOMMENDATION RE: RELEASE OF TRANSCRIPTS<br><br>Date:        TBD<br>Time:       TBD<br>Place:       Courtroom 9D<br><br>Trial Date:    January 11, 2011 |

MGA's former counsel, the law firm of Glaser Weil, seeks the release of Ms. Basinger's *in camera* testimony about Mattel's privileged communications and work product that was given with only the Court and Mattel's counsel present, and the *in camera* presentation of Mattel's counsel that likewise involved privileged communications and protected work product. The Discovery Master's December 28, 2010 Report and Recommendation properly released only the first portion of Ms. Basinger's *in camera* testimony when no counsel was present. Glaser Weil's objections to the Report and Recommendation should be rejected for several reasons.

First, Glaser Weil has no right to the transcripts that it seeks. As MGA's own counsel has explained, courts must "avoid[] the ironic result of disclosing the former client's confidences and secrets through inquiry into the actual state of the lawyer's knowledge" in disqualification proceedings. Tuft, et al., California Practice Guide at § 4:199.1. The price of bringing a disqualification motion cannot be the *further* disclosure of Mattel's confidential information, and indeed the Court took steps to protect Mattel's privileged information when it held proceedings *in camera*. Glaser Weil's request to obtain these *in camera* transcripts flies in the face of the Court's determination to hold proceedings *in camera* to begin with – a determination that Mattel has relied on. As the Court ruled in MGA's favor previously, that is alone sufficient to defeat a request such as this. Order Overruling Amended Objections to Certain Portions of Discovery Order No. 73 and Denying Mattel Inc.'s Request for Relief, dated December 7, 2009 at 7 (Dkt. 7332) (rejecting Mattel request to obtain MGA's *in camera* submissions to Discovery Master even though they did not contain privileged MGA information).

Glaser Weil argues that the "general subject" of the communications at issue can be disclosed without invading privilege. But even a partial disclosure would be improper, as MGA itself has argued when successfully defending the confidentiality of its own *in camera* submissions. MGA Parties' Opposition to Mattel, Inc.'s

Amended Objections to Certain Portions of Discovery Order No. 73, dated November 23, 2009 at 7 (Dkt. 7301) (arguing that the release to Mattel of documents prepared by MGA for the Discovery Master would be inequitable). Moreover, MGA has successfully argued that the attorney-client privilege precludes inquiry even into the general subject of an attorney-client communication. See Order on Pending Discovery Disputes, dated October 21, 2010 at 8 (Dkt. 8974) (finding that the Discovery Master properly "restricted Mattel from inquiring into the subject matter of Brawer's conversation with MGA's counsel"). Glaser Weil has no right to the information that it seeks.

Second, MGA agreed to and acquiesced in the Court's decision to conduct *in camera* proceedings. See, e.g., R.T. Re Motion to Disqualify Glaser Weil, Vol. I, dated December 20 2010 at 6:19-7:23 (explaining, without objection, that hearing will proceed *in camera*); R.T., Vol. III, dated December 20 2010 at 42: 2-5 (The Court: "Do you want that to be in camera, or do you care if it's in open court?" Ms. Glaser: "I would prefer it be in camera, your Honor."). If Glaser Weil ever had a right to the communications it now seeks, that right was waived by Glaser's affirmative request that the proceedings be held *in camera*. Tellingly, MGA is not now offering to release the transcripts of the *in camera* proceedings to which Mattel has not been privy. The one-sided disclosure that Glaser Weil seeks is plainly neither fair nor proper.

Last, Glaser Weil has no standing and no legitimate need for the information in any case. It is settled law that a disqualified law firm does not have standing to appeal its own disqualification. Matter of Grand Jury Subpoena Issued to Chesnoff, 62 F.3d 1144, 1145-46 (9th Cir. 1995) (dismissing appeal of disqualification order because attorney cannot demonstrate legally cognizable injury). Glaser Weil claims it needs the transcripts to seek review of the disqualification order, but it has no right to seek that review in the first place.

Glaser Weil's objections should be overruled.

DATED: December 31, 2010

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By _____
Michael T. Zeller
Attorneys for Mattel, Inc.