QUINN EMANUEL URQUHART & SULLIVAN, LLP
  John B. Quinn (Bar No. 090378)
  (johnquinn@quinnemanuel.com)
  William C. Price (Bar No. 108542)
  (williamprice@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc., and Mattel de Mexico, S.A. de C.V.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation, and Mattel de Mexico, S.A. de C.V., a Mexico business entity,<br><br>Plaintiff,<br><br>vs.<br><br>MGA ENTERTAINMENT, INC., a California corporation, et al.,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 DOC (RNBx)<br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>Hon. David O. Carter<br><br>**MATTEL'S REPLY IN SUPPORT OF MOTION *IN LIMINE* NO. 9 TO EXCLUDE EVIDENCE OR ARGUMENT RE THE MGA PARTIES' RELIANCE ON ADVICE OF COUNSEL**<br><br>Hearing Date: TBD<br>Time: TBD<br>Place: Courtroom 9D<br><br>Discovery Cut-off: October 4, 2010<br>Pre-trial Conf: January 4, 2011<br>Trial Date: January 11, 2011 |

00505.07975/3886839.1

MATTEL'S REPLY ISO MIL NO. 9 RE RELIANCE ON ADVICE OF COUNSEL

**Preliminary Statement**

MGA does not dispute that it did not plead or otherwise disclose its intent to rely on advice of counsel. MGA does not dispute that it did not allow Mattel to take discovery into the underlying facts of such a defense. Nor does it dispute that relying on advice of counsel effects a privilege waiver. MGA claims, however, that the Court's September 22 Order finding a limited privilege waiver allows it to assert advice of counsel at trial. While MGA may be allowed to present the exact testimony that resulted in the Court's September 22 Order, it may not present any additional argument or evidence or reference to its purported reliance on advice of counsel because it did not disclose the underlying facts during discovery.

MGA chose not to plead advice of counsel. MGA acknowledged the consequences of pleading or otherwise asserting this defense repeatedly, and ultimately chose not to do so. Thus, Mattel has not been allowed to take discovery into the underlying facts. MGA argues that the Court's Order finding a limited waiver was equivalent to the waiver effected when a party affirmatively asserts advice of counsel; therefore, even though it did not affirmatively assert advice of counsel it is nonetheless entitled to assert reliance on counsel's advice at trial. That is wrong. The Court's Order found a limited and narrow waiver; indeed, it resulted in the compelled production of only six emails, three of which were redacted. It was not anywhere near the waiver that would have been effected had MGA disclosed its intent to assert reliance on advice of counsel at trial, which would have allowed Mattel to take discovery into all the relevant underlying privileged facts.

MGA's attempt to bootstrap the Court-ordered limited production of six emails into the right to assert reliance on counsel without providing any other discovery of the sort that is required by such a choice is flatly contrary to law. Advice of counsel effects a broad waiver which would have entitled Mattel to discovery it did not receive. MGA chose not to provide that discovery, which is why it abandoned the defense. If it wishes to present the Larian testimony from the first trial that resulted in the limited

waiver, it may do that. But no more. MGA's attempt to use the Court's September 22 Order to justify its right to put reliance on advice of counsel at issue should be rejected. MGA must live with the consequences of its knowing and tactical choice not to plead or otherwise disclose its intent to rely on advice of counsel.

## Argument

### I. MGA DOES NOT DISPUTE IT HAS NOT PLED OR OTHERWISE DISCLOSED ITS INTENT TO ASSERT ADVICE OF COUNSEL NOR DOES IT DISPUTE THAT PUTTING ADVICE OF COUNSEL AT ISSUE EFFECTS A PRIVILEGE WAIVER

MGA does not dispute that it did not plead or in any way disclose its intent to rely on advice of counsel. Instead, its argues that it did not have to plead advice of counsel as an affirmative defense in order to rely on counsel's advice at trial "because it is not a complete defense to any of Mattel's claims." Opp. at 1. MGA provides only out of circuit authority to support this point, presumably because the law in the Ninth Circuit is not as clear cut. But regardless of whether MGA was required to plead it as an affirmative defense or not, MGA was required to disclose the facts it intends to rely upon advice of counsel at trial. MGA does not contend otherwise. And MGA has not done that. It never disclosed the advice of counsel it purportedly received, or any other relevant facts to an advice of counsel claim with respect to the assignability and ownership of the Bratz works Bryant created.

### II. THE COURT'S SEPTEMBER 22 ORDER DOES NOT ALLOW MGA TO PRESENT A RELIANCE ON COUNSEL DEFENSE AT TRIAL

MGA does not dispute that putting advice of counsel at issue effects a privilege waiver into the underlying facts, nor could it. It has admitted as much to this Court. See, e.g., 3/13/2010 Hearing Tr. at 35:8-13 (MGA's counsel acknowledging that if it put "*in issue* its reliance on advice of counsel . . . disclosure would be required") (emphasis provided). And the law is clear. Indirect injection of advice of counsel, as MGA intends to do here, as opposed to asserting advice of counsel as an

1  affirmative defense, effects the same privilege waiver.  See U.S. v. Bilzerian, 926 F.2d
2  1285, 1292 (2d Cir. 1991) (testimony that defendant "thought his actions were legal"
3  effected privilege waiver) (cited with approval by Chevron Corp. v. Pennzoil Co., 974
4  F.2d 1156, 1162 (9th Cir. 1992)); Cox v. Administrator U.S. Steel & Carnegie, 17 F.3d
5  1386, 1418-19 (11th Cir. 1994) (defendant waived by arguing that it "believed the
6  policy to be lawful[]" even though it denied intent to assert advice of counsel defense);
7  Johnson v. Rauland-Borg Corp., 961 F. Supp. 208, 211 (N.D. Ill. 1997) (defendant
8  waived by referring to its counsel's investigation to show its reasonableness).

9       MGA nonetheless asserts that the Court's September 22 Order finding a
10 limited waiver allows it to present its purported reliance on advice of counsel at trial
11 even though it has never disclosed its intent to do so or allowed discovery into the facts
12 relevant to such defense.  Opp. at 1.  Mattel does not dispute that the Court's September
13 22 Order would allow MGA to present the same testimony that resulted in the
14 September 22 Order, but that is all.  There is no basis for allowing MGA to present any
15 further testimony, evidence or argument, and MGA has provided none.  See Mot. at 2
16 (citing Columbia Pictures Television, Inc. v. Krypton Broad., Inc., 259 F.3d 1186,
17 1195-96 (9th Cir. 2001) (district court properly prohibited defendant from relying on an
18 advice of counsel defense at trial where defendant had refused to allow discovery into
19 underlying facts); Trouble v. Wet Seal, Inc., 179 F. Supp. 2d 291, 304 (S.D.N.Y. 2001)
20 ("A party who intends to rely at trial on the advice of counsel must make a full
21 disclosure during discovery; failure to do so constitutes a waiver of the advice-of-
22 counsel defense.") (internal quotation and citation omitted); Gallatin Fuels, Inc. v.
23 Westchester Fire Ins. Co., 2006 WL 2289789, at *1 (W.D. Pa. Jan. 13, 2006) (granting
24 motion in *limine* to preclude defendant from raising an advice of counsel defense at trial
25 and introducing evidence that defendant withheld as privileged because defendant had
26 not invoked advice of counsel as a defense and had refused to produce documents or
27 disclose information relevant to such a defense during discovery).)
28

The Court's September 22 Order drew a fine line regarding the scope of the waiver, resulting in what MGA itself acknowledges was only a "limited" finding of waiver (Opp. at 1), and resulting in the compelled production of six privileged emails, three of them redacted.  While MGA dismisses as "baseless" Mattel's argument that a full waiver occasioned by invoking the advice of counsel defense would have allowed Mattel much broader access to MGA's communications with all counsel on the subject matter, nowhere does MGA affirm that Mattel did in fact receive all such communications.  Opp. at 5.

Finally, MGA claims that Mattel is not entitled to work product. Opp. at 4.  But MGA's purported contrary authority stands for nothing more than the unremarkable proposition that a "[w]aiver of the attorney-client privilege … does not necessarily lead to waiver of work product immunity." (Id. (citing SNK Corp. of America v. Atlus Dream Entm't Co., 188 F.R.D. 566, 571 (N.D. Cal. 1999).)  That is certainly true: waiver of the attorney-client privilege does not always waive work product protections.  But as Mattel demonstrated in its moving papers, a work product waiver can and does occur when advice of counsel is put at issue. Mot. at 8. MGA has provided no authority showing otherwise.

MGA may be allowed to present the same testimony from Larian that was improperly injected at the prior trial and resulted in the Court's September 22 Order, but MGA should held to that and nothing more.  If MGA is allowed to expand, implicitly or explicitly, its references to its purported reliance on advice of counsel, it will be using the privilege as a sword and a shield, just as it did in the first trial.

## Conclusion

For the foregoing reasons, Mattel respectfully requests that the Court enter an Order precluding MGA from introducing evidence or argument, or asserting or relying on, expressly or impliedly, advice of counsel with respect to the ownership and/or assignability of Bratz beyond the explicit Larian testimony that the Court found resulted in a limited waiver. MGA should also be precluded from asserting reliance on

advice of counsel to any extent with respect to the withholding of the Larian-O'Connor email.

DATED: January 3, 2011

QUINN EMANUEL URQUHART & SULLIVAN. LLP

By /s/ John B. Quinn
John B. Quinn
Attorneys for Mattel, Inc. and Mattel de Mexico. S.A. de C.V.