QUINN EMANUEL URQUHART & SULLIVAN, LLP
  John B. Quinn (Bar No. 090378)
  (johnquinn@quinnemanuel.com)
  William C. Price (Bar No. 108542)
  (williamprice@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc. and
Mattel de Mexico, S.A. de C.V.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation, and Mattel de Mexico, S.A. de C.V., a Mexico business entity,<br><br>Plaintiff,<br><br>vs.<br><br>MGA ENTERTAINMENT, INC., a California corporation, et al.,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 DOC (RNBx)<br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>Hon. David O. Carter<br><br>**MATTEL'S REPLY IN SUPPORT OF MOTION *IN LIMINE* NO. 24 TO EXCLUDE TESTIMONY OF UNDISCLOSED WITNESSES**<br><br>Hearing Date: TBD<br>Time: TBD<br>Place: Courtroom 9D<br><br>Discovery Cut-off: October 4, 2010<br>Pre-trial Conference: January 4, 2011<br>Trial: January 11, 2011 |

**Preliminary Statement.**

MGA's opposition confirms its failures to satisfy Rule 26's disclosure requirements and that those failures were wholly unjustified.  Unlike Mattel, who listed a few witnesses on its Witness List who were not in its disclosures but who had been repeatedly referenced in interrogatory responses (and thus adequately disclosed under Rule 26), MGA's opposition concedes its witnesses were neither listed in its disclosures nor in any written discovery responses.  For a few, MGA strains to point to a lone document or a reference to the witness in one deposition, but that is not adequate disclosure under the law.  For other witnesses, MGA makes the perplexing argument that it is offering them for impeachment only, even though they are listed on MGA's Witness List with descriptions of the affirmative testimony they will provide.

MGA does not even attempt to claim that any of these witnesses are newly discovered, nor could it.  And it does not make any other argument of substantial justification for its failure to disclose these individuals.  MGA intends to call these witnesses to testify about issues central to this case, making its conclusory assertion that Mattel will not be harmed by allowing their testimony incredible on its face.  Mattel's motion should be granted.

**Argument**

**I.  MGA DID NOT SUFFICIENTLY DISCLOSE THE WITNESSES AT ISSUE NOR HAS IT PROVIDED ADEQUATE JUSTIFICATION FOR ITS FAILURE**

MGA disingenuously argues that "Mattel has no serious argument that these witnesses were not disclosed in discovery." (Opp. at 1.)  But MGA's strained attempts to find a name mentioned in a document or referred to in passing in a deposition confirms Mattel's argument -- these individuals were not sufficiently disclosed in discovery.  "Certainly the mere mention of a name in a deposition is insufficient to give notice to the opposing party that defendants intend to present

that person at trial.  To suggest otherwise flies in the fact of the requirements of Rule 26(a) and (e)." <u>Ollier v. Sweetwater Union High School Dist.</u>, 267 F.R.D. 339, 343 (S.D. Cal. 2010).  <u>See also</u> <u>Shimozono v. May Dept. Stores Co.</u>, 2002 WL 34373490, at *19 (C.D. Cal. Nov. 20, 2002) (excluding testimony of undisclosed witnesses, explaining that although the proposed witnesses were "identified on a number of documents during discovery," discovery in the case was "voluminous" and "it is not reasonable to assume that Plaintiffs would be alerted to every person's name in those documents").

MGA's alternative argument that it was not required to disclose these individuals because they are rebuttal or impeachment witnesses is belied by MGA's own description of their affirmative testimony in its Witness List.  And none of these individuals are newly discovered; indeed, MGA's opposition makes clear it has known about many of them for months, some even years.

**A.**     **<u>Janice Foti</u>**

MGA has listed Ms. Foti as a witness who will testify about "MGA's procedures in hiring former Mattel employees"; "MGA's instructions to former Mattel employees not to take Mattel documents or to bring such docs with them"; and "[a] summary of former Mattel employees hired by MGA, their positions and status." (Dkt. No. 9322, at 33.)  MGA concedes she was not listed in its disclosures or any written discovery responses but claims that its submission of one declaration from her and the fact that she formerly worked as a manager in MGA's Human Resource Department "made her knowledge of facts relevant to this case readily apparent." (Opp. at 4.)  Hardly so.

Neither the submission of one declaration nor the fact that Ms. Foti held a position at MGA that *may* have exposed her to relevant information suffices to satisfy <u>Rule</u> 26's disclosure requirements, and MGA has provided no authority otherwise.  Under MGA's reasoning, any person that had been employed at Mattel

or MGA at any time in any position that could have arguably exposed them to relevant facts would be fair game. That is not the law.

Notably, MGA has provided 30(b)(6) testimony on its pre-employment communications with Mattel employees. Its designee, Ms. Schuyler Bacon, did not talk with Ms. Foti to prepare nor did she mention Ms. Foti during her deposition.[1] Moreover, Ms. Bacon *is* listed on MGA's disclosures and her testimony description on MGA's Witness List is *identical* to the one offered for Ms. Foti. (Dkt. No. 9322, at 33.) MGA's eleventh-hour attempt to use Ms. Foti to testify on the same issues as Ms. Bacon, a witness who has been disclosed and deposed, is wholly unjustified and should be rejected.

### B. Gustavo Machado, Sr.

MGA intends to call Machado's father to testify "regarding gift of computer of Gustavo Machado to rebut alleged spoliation." (Dkt. No. 9322, at 39.) MGA concedes he was not disclosed in its disclosures or in any written discovery responses. (Opp. at 5.) MGA argues that because Machado testified, in response to a question about the location of his laptop which he testified he downloaded Mattel information onto, he gave his laptop to his father who subsequently "broke" it, Mr. Machado, Sr. was sufficiently disclosed through discovery. (Id.) Not so. Mentioning someone's name at a deposition is not sufficient. See Ollier, 267 F.R.D. at 343. MGA also claims that he is only on MGA's Witness List "to rebut Mattel's claims of spoliation" because *Mattel* made him relevant. (Opp. at 5.) But MGA has listed Machado's father on its Witness List; it intends to call him to offer affirmative testimony – that is not impeachment or purported rebuttal.

---

[1] MGA claims another 30(b)(6) witness conferred with Ms. Foti in preparation for his deposition (Opp. at 4), but that witness was testifying on an entirely different topics – MGA's payments to Larian and family. .

MGA cannot meet its burden to show that its failure to disclose Machado's father was substantially justified. Machado's reference to his father was during his April 2010 deposition – six months before MGA served its supplemental disclosures. And while MGA claims that counsel for Mattel agreed that Machado need not update his disclosures "to include persons disclosed through other forms of discovery (Opp. at 5), that agreement was nothing more than an agreement to abide by the Rules, which do not consider the mention of someone's name in one deposition adequate disclosure through "other forms of discovery."

### C. Mark Oates and Art Ortega

After vehemently resisting Mattel's attempts to obtain discovery into MGA's obligation to indemnify Bryant, MGA now intends to offer testimony from Art Ortega regarding the "[r]eference to indemnity obligation to Carter Bryant in MGA's tax appeal documents" and from Mark Oates regarding "MGA's communication to the IRS regarding lack of indemnity obligation to Carter Bryant." (Dkt. No. 9322, at 16.) MGA concedes it did not list Mr. Oates or Mr. Ortega on its disclosures or identify them in any written discovery responses but claims they were sufficiently disclosed because they were on *one* document MGA produced pursuant to Court Order. (Opp. at 5-6.)[2] As this Court is aware, millions of documents have been produced in this case – the assertion that the presence of a person's name in one document is sufficient disclosure is contrary to law and belies common sense. See Shimozono, 2002 WL 34373490, at *19. MGA provides nothing demonstrating otherwise.

---

[2] MGA also references Brian Wing's deposition; however, he never mentioned Mr. Oates name and his single reference to Mr. Ortega was hardly sufficient. See Wing Depo. Tr. Vol. 2 at 537:3-7 ("Q. And who's your understanding was in attendance there? A. Lisa Tonnu, I believe Lance Gordon, I believe Mike Denning. I believe Art Ortega. I believe Mike Patton.").

1 　　　　　There is no justification for MGA's failure to disclose these 2 individuals. MGA supplemented its disclosures on October 4, 2010, more than two 3 months after it had been ordered to produce the documents it provided to the IRS 4 relating to MGA's obligation to indemnify Bryant.

### D. Steven Olson

6 　　　　　MGA intends to call O'Melveny attorney Steven Olson to testify about 7 "[s]tatements made by Pablo Vargas regarding lack of any misappropriation of trade 8 secrets." (Dkt. No. 9322, at 40.) As with the other individuals at issue, MGA 9 concedes he was not listed in its disclosures or any written discovery responses. 10 (Opp. at 6-7.) MGA's purported justification for allowing Mr. Olson to testify is 11 that it only intends to call him "in response to Mattel's indication that it will seeks 12 [sic] testimony from Pablo Vargas regarding the alleged 'theft of Mattel trade 13 secrets and MGA's and his use of the stolen information[.]'" (Id. at 7.) Again, this 14 is not impeachment or rebuttal – it is affirmative testimony, as evidenced by the fact 15 that he is on MGA's Witness List with a description of his affirmative testimony.

16 　　　　　Mattel's trade secret theft allegations related to Mr. Vargas have been 17 part of this case since 2006. There is no justification, much less substantial 18 justification, for MGA's failure to disclose Mr. Olson and MGA has not even 19 attempted to provide one.

### E. Matthew Dubois

21 　　　　　MGA intends to call Mr. Dubois, Orrick's litigation support manager, 22 to testify about the "[p]roduction of documents in this litigation including without 23 limitation the number of documents produced, production dates and ESI associated 24 with particular documents." (Dkt. No. 9322, at 17.) MGA concedes he was never 25 disclosed in its disclosures or any written discovery responses – he was never even 26 mentioned in deposition, not that that would be sufficient. MGA's justification for 27 allowing him to testify is a wholly unsupported claim that he would merely be 28 testifying about "facts equally available to Mattel and MGA." (Opp. at 7.) Even if

that is true, it changes nothing.  The Rules require disclosure – MGA did not do so and has provided no justification for its failure.  His testimony should be excluded.

### F. Paul Caldera

MGA claims Mr. Caldera is Beacon Media's custodian of record and because it included Beacon Media in its disclosures, it has satisfied Rule 26.  (Opp. at 3.)  If MGA were only calling Mr. Caldera as a true custodian of record for the sole purpose of authenticating documents, Mattel would not object.  However, MGA's Witness List and opposition make clear that while labeling Mr. Caldera a "custodian of records," MGA intends to have him offer affirmative testimony regarding "MGA's advertising of Bratz."  (Dkt. No. 9322, at 41; see also Opp. at 3.)  MGA should not be allowed to call Mr. Caldera as a substantive witness because he was not disclosed in discovery.

While MGA listed "Beacon Media LLC, its employees and principals" in its disclosures, Rule 26 requires that the disclosures include "the name" of "each individual likely to have discoverable information."  Fed. R. Civ. P. 26(a)(1)(A)(i).  MGA failed to satisfy this requirement and has not provided any justification, much less substantial justification, for its failure.  Indeed, the fact that MGA submitted a declaration from Mr. Caldera dated August 19, 2010 (Opp. at 3) precludes any assertion that MGA only recently discovered Mr. Caldera's identity.

## II. MGA'S CONCLUSORY CLAIM THAT MATTEL WILL NOT BE PREJUDICED BY THESE UNDISCLOSED INDIVIDUALS' TESTIMONY FAILS

Just as MGA cannot show that its failure to disclose these individuals was substantially justified, it likewise cannot show that allowing their testimony at trial would be harmless to Mattel.  Other than conclusory and wholly unsupported assertions that "[t]here is no harm to Mattel" and "Mattel will not be harmed" (Opp. at 4, 6, 7), MGA provides no explanation of how its unjustified failure to disclose these individuals could *not* be prejudicial.  The testimony MGA seeks to elicit from

them goes to central issues in the case, such as Mattel's trade secret claims, Larian's knowledge of Mattel's ownership of Bratz, and MGA's and Larian's aiding and abetting of the former Mattel employees' breaches of their duties of loyalty. Mattel certainly would have deposed and sought documents from many, if not all, of these people had it been put on notice that MGA planned to offer their testimony on these critical issues at trial. MGA did not satisfy Rule 26 and it has demonstrated no basis whatsoever for its failures. Mattel will be prejudiced if these undisclosed witnesses are allowed to testify at trial and MGA has not shown otherwise. Consequently, Rule 37 requires that the Court exclude their testimony at trial.

**Conclusion**

For the foregoing reasons, Mattel respectfully requests that the Court grant Mattel's Motion *in Limine* No. 24 in its entirety.

DATED: January 3, 2011          QUINN EMANUEL URQUHART & SULLIVAN, LLP


By /s/ John B. Quinn
    John B. Quinn
    Attorneys for Mattel, Inc. and
    Mattel de Mexico, S.A. de C.V.