**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**<u>CIVIL MINUTES - GENERAL</u>**

Case No. CV 04-9049 DOC (RNBx)                                         Date: December 30, 2010

Title: MATTEL, INC. v. MGA ENTERTAINMENT, INC.

PRESENT:

<u>THE HONORABLE DAVID O. CARTER, JUDGE</u>

<u>    Kathy Peterson    </u>                                               <u>    Not Present    </u>
Courtroom Clerk                                                                Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:    ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT                                                  NONE PRESENT

PROCEEDING (IN CHAMBERS): ORDER OVERRULING MATTEL'S OBJECTIONS TO DISCOVERY MATTER ORDER NO. 106 [9548]

      Mattel's objections to Discovery Matter Order No. 106 are OVERRULED. The Discovery Master permitted a representative from the German Consulate-General's office to attend the deposition of non-party Zapf Creation AG ("Zapf")'s 30(b)(6) designee. The Court previously compelled Zapf to appear for deposition and testify about its practices, if any, of obtaining information from the showrooms operated by Mattel at international toy fairs. Such conduct, if any, is relevant to Mattel's defense to MGA's counterclaims-in-reply, which allege that members of Mattel's market intelligence group used fraudulent means to gain access to MGA's toy fair showrooms, thereby allegedly valuable obtaining information about MGA's unreleased product lines.

      Zapf is a German company in which Larian exercises an ownership interest. The company asked that a member of the German Consulate-General's office be permitted to attend the deposition of its Fed. R. Civ. P. 30(b)(6) designee and the Discovery Master granted the request over Mattel's objection.

      Contrary to Mattel's argument, the attendance of a member of the German Consulate-General's office does not contradict the Court's prior admonitions that the discovery process not be used as a subterfuge for the advancement of foreign litigation and, specifically, any contemplated or pending civil or criminal actions against former Mattel Servicios employees in Mexico. First, the Discovery Master required that the attending representative agree to be bound by the terms of the

Stipulated Protective Order, which proscribes certain disclosures or uses of confidential or attorneys' eyes only information. Mattel's concern that this Court lacks the authority to enforce the Stipulated Protective Order against another sovereign's representative is purely speculative, and neither the attending representative nor Zapf have provided the Court with any reason to conclude that the representative intends to flout the Order's terms. Second, the information that the attending representative may obtain concerns potential wrongdoing by Zapf, which happens to be the same party that requested the representative's presence at the deposition. Mattel has not pointed to any prejudice it will suffer if the attending representative eventually violates the Stipulated Protective Order by disclosing information learned during the deposition.

      Mattel's concern that the attending representative will attempt to curtail the discovery to which Mattel is entitled under the Federal Rules of Civil Procedure is also speculative. Mattel acknowledges that Zapf has promised to observe American discovery rules.

      The Discovery Master's ruling was predicated upon a concern for international comity. The record does not clearly reflect whether the representative from the German Consulate-General sought to attend at Zapf's request, or of its own volition. Mattel argues that, regardless of the impetus for Zapf's request that the representative attend, depositions are private proceedings, at which outside observers are generally unwelcome. But most of Mattel's authorities expressed concern about the release of confidential information prior to the Court's review, and that risk is not present here in light of the Consulate General being subject to the terms of the Stipulated Protective Order. Moreover, it is unreasonable of Mattel to limit the Discovery Master's concerns about international comity to depositions (which apparently do not occur in Germany). The Discovery Master may have been concerned about the access of American officials to various other stages of the German trial process.

      The Clerk shall serve this minute order on all parties to the action.