```
 1              UNITED STATES DISTRICT COURT

 2              CENTRAL DISTRICT OF CALIFORNIA

 3              SOUTHERN DIVISION AT SANTA ANA

 4         HONORABLE DAVID O. CARTER, JUDGE PRESIDING

 5

 6
     CARTER BRYANT, an individual,     )
 7                                     )
                   PLAINTIFF,          )
 8                                     )
              vs.                      ) CV NO. 04-9049-DOC
 9                                     ) VOLUME III
     MATTEL, INC., a Delaware          )
10   corporation,                      )
                                       )
11                 DEFENDANT.          )
     _____)
12   CONSOLIDATED WITH MATTEL, INC., vs.)
     BRYANT and MGA ENTERTAINMENT, INC. )
13   vs. MATTEL, INC._____)

14

15

16         REPORTER'S TRANSCRIPT OF PROCEEDINGS

17              SANTA ANA, CALIFORNIA

18            TUESDAY, DECEMBER 21, 2010

19                   5:22 P.M.

20

21         DEBORAH D. PARKER, CSR 10342
              OFFICIAL COURT REPORTER
22         UNITED STATES DISTRICT COURT
             411 WEST FOURTH STREET
23                  SUITE 1-053
         SANTA ANA, CALIFORNIA 92701
24              (714) 542-8409
            D.PARKER@IX.NETCOM.COM
25
```

```
 1   APPEARANCES OF COUNSEL:

 2        FOR THE DEFENDANT, MATTEL, INC.:

 3                            MICHAEL ZELLER
                              WILLIAM C. PRICE
 4                            SCOTT L. WATSON
                              JON COREY
 5                            QUINN EMANUEL URQUHART
                              865 SOUTH FIGUEROA STREET
 6                            10TH FLOOR
                              LOS ANGELES, CALIFORNIA 90017
 7                            (213) 443-3000

 8
          FOR THE INTERVENOR, MGA ENTERTAINMENT, INC.:
 9
                              ANNETTE L. HURST
10                            ORRICK, HERRINGTON & SUTCLIFFE, LLP
                              THE ORRICK BUILDING
11                            405 HOWARD STREET
                              SAN FRANCISCO, CALIFORNIA 94105
12                            (415) 773-5740

13                            THOMAS S. MCCONVILLE
                              ORRICK, HERRINGTON & SUTCLIFFE, LLP
14                            4 PARK PLAZA
                              SUITE 1600
15                            IRVINE, CALIFORNIA 92614
                              (949) 567-6700

16

17        ALSO PRESENT:       PATRICIA GLASER
                              ANDREW BAUM
18                            GLASER WEIL FINK JACOBS
                              10250 CONSTELLATION BOULEVARD
19                            19TH FLOOR
                              LOS ANGELES, CALIFORNIA 90067
20                            (650) 614-7682

21
                              JENNIFER L. KELLER
22                            KELLER RACKAUCKAS, LLP
                              18500 VON KARMAN AVENUE
23                            SUITE 560
                              IRVINE, CALIFORNIA 92612
24                            (949) 476-8700

25
```

*DEBORAH D. PARKER, U.S. COURT REPORTER*

```
 1   APPEARANCES OF COUNSEL:

 2       ALSO PRESENT        THOMAS J. NOLAN
         TELEPHONICALLY:     SKADDEN ARPS SLATE MEAGHER & FLOM LLP
 3                           300 S. GRAND AVENUE
                             SUITE 3400
 4                           LOS ANGELES, CALIFORNIA 90071
                             (213) 687-5252
 5

 6

 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

*DEBORAH D. PARKER, U.S. COURT REPORTER*

```
 1           SANTA ANA, CALIFORNIA; TUESDAY, DECEMBER 21, 2010;
 2                           5:22 P.M.
 3                             -oOo-
 4        (Mr. Nolan joins proceedings telephonically.)
 5              THE COURT:  Well, thank you.
 6              Mr. Nolan, are you there?
 7              MR. NOLAN:  I am here.
 8              THE COURT:  This will be very brief.  It's just a
 9   courtesy so you can decide as you go maybe your position is
10   solidified.
11              Well, all parties are now present:  Mattel and
12   MGA.
13              On December 20th, the court granted Mattel's
14   motion to disqualify the Glaser Weil law firm but allow one
15   attorney from that firm, Patricia Glaser, to remain on the
16   case so long as she disassociated her law firm for the
17   pendency with this case.
18              On December 21st, Ms. Glaser represented to the
19   court that the court's prior compromise ruling was
20   inconsistent with precedent and likely to result in
21   reversal.  She accordingly voluntarily withdrew from the
22   case.
23              As a result of these rulings, MGA requested an
24   in-camera hearing.  During that hearing, MGA moved for a
25   continuance of the trial date.  That motion is denied.
```

*DEBORAH D. PARKER, U.S. COURT REPORTER*

1    This court does not look favorably on the thought
2    of wasting the hard workers (sic jurors' time, given the
3    difficult economic environment in this country and
4    particularly this region.
5    This court has also alluded in camera to the
6    failure of the parties to share information with this court
7    in a timely manner.  A complete record of that discussion
8    can be found by the circuit in the record of the in-camera
9    proceedings.
10   Moreover, the expenditure of judicial resources in
11   connection with the preparation for a January 2011 trial
12   date has been enormous, as the parties and their counsel are
13   well aware.  For example, thousands of judicial summons have
14   been sent to prospective jurors who have submitted hundreds
15   of responses that have been screened by the district's
16   diligent jury commissioner's office.  This includes counsel
17   being ordered to appear every day at 3:00 p.m., each day at
18   the jury commissioner's office to scrutinize, excuse jurors,
19   to validate that this was a fair jury pool.  I think
20   Mr. McConville participated.  Mr. Overland was present and
21   Mr. Zeller.  You have the court's accommodation.
22   In addition, for the past several months, the
23   court has prepared its calendar for trial in January of 2011
24   and forward through March and April.  A multitude of
25   criminal cases cannot be further continued under existing

1   law.  The court has adjusted its docket significantly over
2   these many months to accommodate the estimated
3   four-month-long trial that's been estimated, and it would be
4   tremendously wasteful to do so again, as the parties are and
5   were well aware from the court's repeated references to this
6   issue.
7            This court strongly feels that other citizens
8   deserve access to the courts also.  Many of whom have been
9   disenfranchised.
10           The Orrick law firm further moved to withdraw as
11  counsel.  That request is also denied because of the
12  tremendous prejudice that would result from leaving MGA
13  without counsel less than a month prior to trial.
14           Pursuant to 9 U.S.C. Section 16, this court hereby
15  grants both parties the authority to pursue an interlocutory
16  appeal and cross-appeal of the following rulings.
17           Write this down:
18           One, the court's December 21st, 2010 decision not
19  to continue the trial date.
20           Two, the court's December 20th, 2010 decision to
21  exclude the Glaser Weil law firm from this lawsuit but to
22  allow Patricia Glaser to remain as counsel of record.  So,
23  hopefully, we will have a definitive response from the
24  circuit.
25           Three, the court's denial of Orrick Herrington &

```
 1  Sutcliffe's motion to withdraw as counsel.
 2          The Court finds that these rulings are
 3  inextricable from one another and that their joint
 4  resolution -- underlined joint resolution -- is the only way
 5  to assure that this case can be resourcefully managed.
 6          This court, therefore, concludes that the tactical
 7  decision to appeal and/or cross-appeal only one but not all
 8  of these rulings suggest a naked intent to delay the trial
 9  in this case, rather than an honest desire to ensure the
10  effective management and more importantly the fairness of
11  the trial.
12          Therefore, the court will proceed with its trial
13  schedule.  The recent efforts by this court and the parties
14  have been extraordinary.  The parties have participated in
15  over 3,500 jury summons being issued, a pool of over 200
16  jurors being assembled, counsel having working diligently by
17  appearing at the jury commissioner's office each day at
18  3:00 p.m.
19          These parties have continually represented who the
20  lead counsel will be for many months without change.  These
21  parties have represented for many months that the trial
22  would begin in January 2011.  This court even adjusted that
23  schedule from January 5th to allow a questionnaire to allow
24  the parties sufficient time to ask Mr. Larian and allow him
25  to fly back from the Hong Kong toy fair without interfering
```

1  with his business efforts to participate in the selection
2  the following Tuesday, so he had an adequate period of time
3  and Wednesday, with jury selection not beginning until
4  January 13th.
5         Having repeatedly agreed to these dates, these
6  will be the trial dates. The court also -- many of their
7  requests from both counsel but in particular from MGA
8  counsel. All the while MGA, its in-house counsel and its
9  retained counsel, watched these extraordinary efforts but
10 failed to issue any warning to this court while these
11 extraordinary expenditures and consumption of time took
12 place. This is litigation run amok. There are hundreds of
13 millions of dollars that have been paid in attorney's fees
14 to each of these firms and the law firms in this case and
15 the parties and the court have frequently worked until
16 midnight. And even when you left at 10:00 or 11:00, this
17 court worked into the early morning hours. Above all, this
18 case has hindered the public's access to the courts, and it
19 will not continue.
20         A trial date means a trial date. It means who
21 manages this. This is not the British system. The
22 litigants do not drive it. You agreed to these dates.
23 These are the trial dates, unless the circuit sets forth an
24 interlocutory appeal.
25         Now, I looked forward to that interloc. I'm

1 saying to all counsel, without a chilling effect, my
2 response is going to be a strong as your request for
3 continuance. So this is going to be a wonderful, wonderful
4 opportunity to sort out these issues, very quickly.
5         So, Mr. Nolan, I truly hope, sir, you can join us.
6         Ms. Glaser, I hope you can join us.
7         Orrick and Herrington, you're continuing on.
8         Ms. Keller. Ms. Keller.
9         MS. KELLER: Yes, your Honor.
10         THE COURT: Mr. Nolan, thank you for your
11 courtesies.
12         Sir, you have a wonderful vacation.
13         MR. NOLAN: Thank you, your Honor. Thank you for
14 your time.
15         THE COURT: Best to your family. Good night.
16         With that, the court's ruling, are you still
17 willing to become trial counsel?
18         MS. KELLER: Your Honor, I cannot be prepared by
19 that day.
20         THE COURT: So be it.
21         Ms. Pisoni, you may end up being trial counsel.
22 Mr. Larian will be starting trial unless the circuit stops
23 me, and whoever is going to be trial counsel, welcome, but I
24 will be beginning on January 5th.
25         Once again, no counsel are ordered in on January

*DEBORAH D. PARKER, U.S. COURT REPORTER*

1  5th.  The questionnaire will be distributed.  I've been very
2  gracious in granting another week, so all of you can look at
3  that.  We'll start the jury selection on January 13th and,
4  hopefully, we will get a jury that day.
5           Now, we need to go to work next door.  Orrick is
6  ordered to participate.
7           Ms. Keller, you're welcome to participate at any
8  time, but I won't hear -- in fact, you can voluntarily sit
9  with us this evening, and you're invited to.  But later on,
10 if you're coming into the case, I'm going to take the very
11 strong position that if you leave this evening, then you
12 didn't wish to.  So, you know, if you eventually have a
13 chance of coming in, join us next door.  We won't be here
14 very long.  Probably midnight again.  That's your choice.
15          Now, counsel -- Mr. Overland, I want to thank you
16 for your courtesy.  It has little to do with you.
17          Mattel, I could have invited your response.  I
18 just don't know if your response is appropriate.  Trial
19 dates mean trial dates.  Everybody agreed to these dates.
20 These have been known for nine months, or even -- well,
21 strike that -- ever since the circuit handed down their
22 decision.  It's simply a matter of the case management.
23 This court has taken extraordinary efforts in terms of its
24 criminal matters, advancing matters, setting matters back,
25 calling colleagues.

1               Criminal matters deserve access.  Other parties
2    deserve access.  Apparently, both parties seem to believe
3    that you're the end all and be all.  With 350 cases, you're
4    not.  But I'm so looking forward to this litigation, and
5    we're proceeding on the dates that I set forward.
6               Now, I'm going to recess this evening.  It calls
7    for no further comment.  But somebody will be sitting in
8    that chair with Mr. Larian.  And we'll sort that out.  And
9    so will the circuit.
10              Okay.  Well, good evening.  And, now, I'll invite
11   Mr. Zeller.
12              Do you want to participate tonight, Mr. Price?
13              Mr. McConville.  And any other representative you
14   would like to have?  Ms. Hurst.
15              Ms. Glaser, you're more than welcome.  Because
16   here's what may happen.  If the circuit finds --
17              Accept this possibility:  The circuit may find
18   that your position is well taken; and if they do, as I
19   believe that Mattel might have had a slightly better
20   argument, but as I tried to balance the equities that I
21   explained to you in camera, by giving access to you as
22   counsel of choice, in light of what could be argued to be a
23   per se ruling, or rule by the Supreme Court, balancing that
24   equity and trying to give counsel of choice what I thought
25   was a clear record of no disclosure of information,

```
 1  Ms. Basinger, to you.  And I made the record privately.
 2  I'll make that publicly.  No effort on your part for the
 3  disclosure of information.  I don't think that that per se
 4  rule should apply.  I think there has to be an equitable
 5  balance for the fact situation isn't on point.
 6            But what I won't hear is, if your position is
 7  taken by the circuit and you and your law firm are back in,
 8  unless the circuit grants a continuance, you know, we're
 9  starting January 5th.  So you're welcome to join us next
10  door.  But what I won't hear is, *Judge, I'm not ready*
11  *because I didn't participate this evening.  And I just went*
12  *home with your ruling.*
13            You're invited to attend but not ordered, because
14  you're not counsel of record, okay?
15            Good night.  Thank you very much.  You're ordered
16  back.  All the other parties, tomorrow we're going to start
17  again at 9:00 o'clock with day three, four or five, however
18  long we get, but tonight we'll go through day two.
19            MS. KELLER:  Your Honor, I realize I probably
20  don't have standing to speak, but --
21            THE COURT:  You always have standing to speak,
22  because you're standing.
23            MS. GLASER:  There was an AEO request.  There was
24  a motion filed --
25            THE COURT:  I can't hear you.
```

13

```
 1                MS. GLASER:  I'm sorry.  The motion to --
 2                MS. HURST:  The motion to unseal the summary
 3    judgment papers, your Honor.
 4                THE COURT:  You mean my summary judgment ruling
 5    tonight?
 6                MS. GLASER:  There was a motion to set aside for
 7    the summary judgment papers the AEO designation that's
 8    pending.  It's been pending.  And it's relatively important
 9    for Ms. Pisoni, in particular, and Mr. Larian to be able to
10    have access to the documents that were marked AEO that were
11    submitted on summary judgment but generally as well.
12                THE COURT:  Let us get back to that this evening
13    at some point.  You know, this has engaged our full day.
14    Frankly, you would have had the summary judgment ruling
15    tonight.  Until I get eight more hours to read it, there
16    won't be a summary judgment and, perhaps, it would be
17    Christmas Eve.  As you take my time, I'll take your time.
18    So everybody waits in abeyance.  I need about eight more
19    hours to go back through all of the rulings I've made and
20    just see if I still firmly believe in what I've written.
21    And until I get that time -- now, I'll take that up later
22    this evening.
23                Good night.  Okay.  Next door.
24           (At 7:50 p.m., proceedings were adjourned.)
25                              -oOo-
```

```
 1                           CERTIFICATE

 2           I hereby certify that pursuant to Section 753,

 3    Title 28, United States Code, the foregoing is a true and

 4    correct transcript of the stenographically reported

 5    proceedings held in the above-entitled matter and that the

 6    transcript page format is in conformance with the

 7    regulations of the Judicial Conference of the United States.

 8

 9    Date:   December 24, 2010

10

11

12                           _____

13                           Deborah D. Parker, Official Reporter

14

15

16

17

18

19

20

21

22

23

24

25
```

*DEBORAH D. PARKER, U.S. COURT REPORTER*