**SCHEPER KIM & HARRIS LLP**
DAVID C. SCHEPER (State Bar No. 120174)
dscheper@scheperkim.com
ALEXANDER H. COTE (State Bar No. 211558)
acote@scheperkim.com
601 W. Fifth Street, 12th Floor
Los Angeles, CA 90071
Telephone:   (213) 613-4655
Facsimile:    (213) 613-4656

**LAW OFFICES OF MARK E. OVERLAND**
MARK E. OVERLAND (State Bar No. 38375)
mark@overlaw.net
100 Wilshire Blvd., Suite 950
Santa Monica, CA 90401
Telephone: (310) 459-2830
Facsimile: (310) 459-4621

Attorneys for Carlos Gustavo Machado Gomez

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| CARTER BRYANT,<br><br>              Plaintiff,<br><br>        v.<br><br>MATTEL, INC,<br><br>              Defendant.<br><br>AND CONSOLIDATED CASES | **CASE NO. CV 04-9049 DOC (RNBx)**<br><br>**Consolidated with CV 04-9059 and CV 05-2727**<br><br>**GUSTAVO MACHADO'S [PROPOSED] JURY INSTRUCTIONS AND SPECIAL VERDICT FORM**<br><br>**Pre-trial Conf.:** January 4, 2010<br>**Trial:** January 18, 2010 |

Gustavo Machado hereby submits the following proposed jury instructions in this matter. Mr. Machado requests and reserves the right to amend, modify, withdraw and/or supplement the following instructions before or during the trial of this matter. Mr. Machado intends to submit further proposed jury instructions depending upon and based upon rulings issued in connection with motions *in limine* and other pre-trial or trial motions, and the evidence and theories proffered by the parties during the course of the trial.  *See* Fed. R. Civ. P. 51A.

DATED: January 11, 2010        Respectfully submitted,

SCHEPER KIM & HARRIS LLP
ALEXANDER H. COTE

LAW OFFICES OF MARK E. OVERLAND
MARK E. OVERLAND
By:   /s/ *Alexander H. Cote*
     ALEXANDER H. COTE

*/s/ Mark E. Overland*
MARK E. OVERLAND

Attorneys for Carlos Gustavo Machado Gomez

1
2

# TABLE OF CONTENTS

| No. | Description | Page |
|---|---|---|
| CACI 5005 | MULTIPLE PARTIES | 2 |
| SPECIAL 1 | MISAPPROPRIATION OF TRADE SECRETS CLAIM AGAINST GUSTAVO MACHADO | 3 |
| CACI 4401 | MISAPPROPRIATION OF TRADE SECRETS—ESSENTIAL FACTUAL ELEMENTS | 4 |
| CACI 4402 | "TRADE SECRET" DEFINED | 5 |
| CACI 4403 | SECRECY REQUIREMENT | 6 |
| CACI 4412 | "INDEPENDENT ECONOMIC VALUE" EXPLAINED | 7 |
| CACI 4420 | INFORMATION WAS READLILY ASCERTAINABLE BY PROPER MEANS | 8 |
| CACI 4404 | REASONABLE EFFORTS TO PROTECT SECRECY | 9 |
| CACI 4406 | MISAPPROPRIATION BY DISCLOSURE | 11 |
| CACI 4407 | MISAPPROPRIATION BY USE | 12 |
| CACI 4008 | IMPROPER MEANS OF ACQUIRING TRADE SECRET | 13 |
| SPECIAL 2 | SOLE EMPLOYER WAS MATTEL SERVICIOS | 14 |
| SPECIAL 3 | NO DUTY OWED TO MATTEL, INC. OR MATTEL DE MEXICO | 15 |
| CACI 4410 | UNJUST ENRICHMENT | 16 |
| SPECIAL 4 | UNCLEAN HANDS | 17 |
| SPECIAL 5 | MR. MACHADO'S PRESENCE OR ABSENCE DURING TRIAL | 18 |
|  |  |  |
|  | SPECIAL VERDICT FORM | 19 |

CV 04-9049 DOC (RNBx)
GUSTAVO MACHADO'S [PROPOSED] JURY INSTRUCTIONS

**5005.**

**MULTIPLE PARTIES**


There are two parties bringing the same claim against Mr. Machado in this trial: Mattel, Inc., the company in the United States, and Mattel de Mexico, the company in Mexico. You should decide the case of each company separately as if it were a separate lawsuit. Each company is entitled to separate consideration of its own claim and at the same time, each company must carry its own burden of proof.


**Authority:** CACI No. 5505 (modified)

## MACHADO SPECIAL INSTRUCTION NO. 1

## MISAPPROPRIATION OF TRADE SECRETS CLAIM AGAINST

## GUSTAVO MACHADO

The only possible trade secrets Mr. Machado is accused of misappropriating are the documents Mattel, Inc. and Mattel de Mexico claim he took when he resigned from Mattel Servicios. No one is asserting any claim against Mr. Machado as to Carter Bryant's drawings, the disputed ownership of Bratz or any copyrights or trade secrets in Bratz.

**4401**

## MISAPPROPRIATION OF TRADE SECRETS — ESSENTIAL FACTUAL ELEMENTS

To succeed on the claim that Gustavo Machado has misappropriated trade secrets, both Mattel, Inc. and Mattel de Mexico must prove all of the following as to each of its alleged trade secrets:

1. That Mattel, Inc. or Mattel de Mexico owned the specific trade secret;

2. That the specific, alleged trade secret was in fact a trade secret at the time of the alleged misappropriation;

3. That Gustavo Machado improperly used or disclosed the specific trade secret;

4. That Gustavo Machado was unjustly enriched; and

5. That Gustavo Machado's use or disclosure of the specific trade secret was the cause of his unjust enrichment.

Mattel, Inc. and Mattel de Mexico's claims must be considered separately. A finding for or against Mattel, Inc. on one of these elements should not affect your deliberations as to Mattel de Mexico, and vice versa.

**Authority:** CACI No. 4401 (modified)

**4402**

**"TRADE SECRET" DEFINED**

To prove that information is a trade secret, its owner must prove all of the following:

1. As to each alleged trade secret, that the information was secret;

2. As to each alleged trade secret, that the information had actual or potential independent economic value because it was secret; and

3. As to each alleged trade secret, that its owner made reasonable efforts to keep the information secret.

**Authority:** CACI No. 4402 (modified)

**4403**

**SECRECY REQUIREMENT**


The secrecy required to prove that something is a trade secret does not have to be absolute in the sense that no one else in the world possesses the information. The information may be disclosed to Mattel, Inc. or Mattel de Mexico's employees involved in their use of the trade secret as long as they are instructed to keep the information secret. It may also be disclosed to nonemployees if they are obligated to keep the information secret. However, the information must not have been generally known to the public or to people who could obtain value from knowing it.


**Authority:** CACI No. 4403 (2009) (modified)

**4412.**

**"INDEPENDENT ECONOMIC VALUE" EXPLAINED**

Information has independent economic value if it gives its owner an actual or potential business advantage over others who do not know the information and who could obtain economic value from its disclosure or use.

In determining whether information had actual or potential independent economic value because it was secret, you may consider the following:

(a) The extent to which Mattel, Inc. and, separately, Mattel de Mexico obtained or could obtain economic value from its information in keeping it secret;

(b) The extent to which others could obtain economic value from the information if it were not secret;

(c) The amount of time, money, or labor that Mattel, Inc. and, separately, Mattel de Mexico expended in developing its information or Mattel de Mexico expended in developing its information;

(d) The amount of time, money, or labor that was saved by a competitor who used the information;

The presence or absence of any one or more of these factors is not necessarily determinative.

**Authority:** CACI No. 4412 (modified)

**4420**

**INFORMATION WAS READILY ASCERTAINABLE**

**BY PROPER MEANS**

Mr. Machado did not misappropriate any trade secrets if he proves that the information was readily ascertainable by proper means at the time of the alleged use or disclosure.

There is no fixed standard for determining what is "readily ascertainable by proper means." In general, information is readily ascertainable if it can be obtained, discovered, developed, or compiled without significant difficulty, effort, or expense. For example, information is readily ascertainable if it may be purchased from third parties, or is available in trade journals, reference books, or published materials. On the other hand, the more difficult information is to obtain, and the more time and resources that must be expended in gathering it, the less likely it is that the information is readily ascertainable by proper means.

**Authority:** CACI No. 4420 (2009); *Syngenta Crop Protection, Inc. v. Helliker*, 138 Cal. App. 4th 1135, 1172 (2006) ("Information that is readily ascertainable by a business competitor derives no independent value from not being generally known")

## 4404

## REASONABLE EFFORTS TO PROTECT SECRECY

To establish that information is a trade secret, Mattel, Inc. and, separately, Mattel de Mexico, must prove that each made reasonable efforts under the circumstances to keep its information secret. "Reasonable efforts" are the efforts that would be made by a reasonable business in the same situation and having the same knowledge and resources as Mattel, Inc. or Mattel de Mexico, exercising due care to protect important information of the same kind. This requirement applies separately to each alleged trade secret.

In determining whether or not Mattel, Inc. and Mattel de Mexico made reasonable efforts to keep the information secret, you should consider all of the facts and circumstances. Among the factors you may consider are the following:

  a. Whether documents or computer files containing the information were marked with confidentiality warnings;

  b. Whether the owner instructed its employees to treat the information as confidential;

  c. Whether the owner restricted access to the information to persons who had a business reason to know the information;

  d. Whether the owner kept the information in a restricted or secured area;

  e. Whether the owner required employees or others with access to the information to sign confidentiality or nondisclosure agreements;

  f. Whether the owner took any action to protect the specific information, or whether it relied on general measures taken to protect its business information or assets;

  g. The extent to which any general measures taken by the owner would prevent the unauthorized disclosure of the information;

  h. Whether there were other reasonable measures available to the owner that it

1    did not take.

2        The presence or absence of any one or more of these factors is not necessarily

3   determinative.

4

5   **Authority:** CACI No. 4404 (2009) (modified)

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**4406.**

**MISAPPROPRIATION BY DISCLOSURE**

Mr. Machado misappropriated a trade secret by disclosure if he:

1. Disclosed the specific trade secret without its owner's consent; and

2. Acquired knowledge of the specific trade secret by improper means.

**Authority:** CACI No. 4406 (2009) (modified)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**4407**

**MISAPPROPRIATION BY USE**

Mr. Machado misappropriated a trade secret by use if he:

1. Used the specific trade secret without its owner's consent; and

2. Acquired knowledge of the specific trade secret by improper means.

**Authority:** CACI No. 4407 (2009) (modified)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**4408.**

**IMPROPER MEANS OF ACQUIRING TRADE SECRET**

Improper means of acquiring a trade secret or knowledge of a trade secret include, but are not limited to, theft.

**Authority:** CACI No. 4408.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## MACHADO SPECIAL INSTRUCTION NO. 2
## SOLE EMPLOYER WAS MATTEL SERVICIOS

You are instructed that Gustavo Machado, Pablo Vargas and Mariana Trueba were at all relevant times before April 19, 2004, employees of Mattel Servicios, who is not a party to this case. Mr. Machado, Mr. Vargas and Ms. Trueba were not employees of Mattel, Inc. or Mattel de Mexico.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## MACHADO SPECIAL INSTRUCTION NO. 3
## NO DUTY OWED TO MATTEL, INC. OR MATTEL DE MEXICO

You have heard evidence relating to a Conflict Questionnaire (Exhibit ___), a Conflict of Interest Manual (Exhibit ___) and a Code of Ethical Business Conduct (Exhibit ___). You are instructed that these documents were not contracts and therefore imposed no duties on either Gustavo Machado, Pablo Vargas or Mariana Trueba.

**4410.**

**UNJUST ENRICHMENT**

The only damages that Mattel, Inc. or Mattel de Mexico seek from Mr. Machado are based on "unjust enrichment."

Mr. Machado was unjustly enriched if Mattel, Inc. or Mattel de Mexico prove that his misappropriation of Mattel, Inc.'s or Mattel de Mexico's trade secrets caused Mr. Machado to receive a benefit that he otherwise would not have received. In order to arrive at this benefit, you must consider the benefit, if any, received by Mr. Machado from each alleged misappropriated trade secret.

In calculating the amount of any unjust enrichment, do not take into account any amount of Mattel, Inc.'s or Mattel de Mexico's actual loss, if any.

You also must not include in any award of damages any benefit to Mr. Machado that is attributable to factors other than his alleged misappropriation of trade secrets, including specifically any benefit achieved by Mr. Machado as a result of his lawful conduct, hard work, skill, knowledge, investment or ingenuity.

**Authority:** CACI No. 4410 (modified)

## MACHADO SPECIAL INSTRUCTION NO. 4
## UNCLEAN HANDS

Mr. Machado contends that Mattel, Inc. and Mattel de Mexico's unfair conduct bars either company from receiving any relief in this case, under the doctrine of "unclean hands." This rule prevents parties who have acted unfairly or in bad faith in matters related to their claims — parties who have "unclean hands" — from using the courts to benefit from their unfair actions, even if other parties have also acted improperly.

Under the rule of "unclean hands," you should deny Mattel, Inc. and Mattel de Mexico relief on its claim against Mr. Machado if you find that either company acted unfairly or inequitably in matters related to that claim, so that it would be unfair for either company to prevail.

In making that decision, you can consider any type of inequitable conduct by Mattel, Inc. and Mattel de Mexico related to its claim, including any conduct both before and during this litigation, and any conduct towards other parties and witnesses related to its claims in this case. Misconduct does not have to be criminal or illegal for you to consider it. You can consider any type of unfair conduct that violates conscience, good faith, or other equitable standards of conduct.

**Authority:** *Kendall-Jackson Winery, Ltd. v. Superior Court*, 76 Cal. App. 4th 970, 979 (1999) ("[T]he misconduct need not be a crime or an actionable tort. Any conduct that violates conscience, good faith, or other equitable standards of conduct is sufficient cause to invoke the doctrine."); *Fibreboard Paper Prods. Corp. v. East Bay Union of Machinists*, 227 Cal. App. 2d 675, 728-729 (1964).

**MACHADO SPECIAL INSTRUCTION NO. 5**

**MR. MACHADO'S PRESENCE OR ABSENCE DURING TRIAL**

Mr. Machado has not been present during some parts of the trial in this case. You are instructed that you may not consider Mr. Machado's absence from this trial as evidence. His presence or absence during the trial is not to be considered or discussed in your deliberations in any manner.

**SPECIAL VERDICT FORM**

[*The following questions will be posed for each alleged trade secret*.]

**1.  We the jury find the following about Exhibit _____:**

    a.  On the claim for misappropriation of trade secrets based on Exhibit _____, we find for:

       [ ] Gustavo Machado (*Answer no more questions about this Exhibit, go to question number 2.* )

       [ ] Mattel, Inc. (*Answer the remaining questions about this Exhibit.*)

       [ ] Mattel de Mexico  (*Answer the remaining questions about this Exhibit.*)

    b. At the time of the misappropriation, Exhibit ____ was owned by

       [ ] Mattel, Inc.

       [ ] Mattel de Mexico

    c. At the time of the misappropriation, Exhibit ____ was stored in

       [ ] California

       [ ] Mexico

    d. Exhibit _____ concerns

       [ ] the United States market

       [ ] the Mexico market

    e.  We find that Gustavo Machado was unjustly enriched in the amount of $_____ because of his disclosure or use of Exhibit _____.

**2. We the jury find the following about Exhibit _____:**

    a. On the claim for misappropriation of trade secrets based on Exhibit ____, we find for:

        [ ] Gustavo Machado (*Answer no more questions about this Exhibit, go to question number 3.* )

        [ ] Mattel, Inc. (*Answer the remaining questions about this Exhibit.*)

        [ ] Mattel de Mexico  (*Answer the remaining questions about this Exhibit.*)

    b. At the time of the misappropriation, Exhibit ___ was owned by

        [ ] Mattel, Inc.

        [ ] Mattel de Mexico

    c. At the time of the misappropriation, Exhibit ___ was stored in

        [ ] California

        [ ] Mexico

    d. Exhibit ____ concerns

        [ ] the United States market

        [ ] the Mexico market

    e. We find that Gustavo Machado was unjustly enriched in the amount of $_____ because of his disclosure or use of Exhibit _____.

[*etc.*]

**The foreperson must sign and date below.**

    Signed: _____     Dated: _____