ANNETTE L. HURST (State Bar No. 148738)
ahurst@orrick.com
WARRINGTON S. PARKER III (State Bar No. 148003)
wparker@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building, 405 Howard Street
San Francisco, CA 94105
Tel: (415) 773-5700/ Fax: (415) 773-5759

WILLIAM A. MOLINSKI (State Bar No. 145186)
wmolinski@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA 90017
Tel: (213) 629-2020/Fax: (213) 612-2499

THOMAS S. McCONVILLE (State Bar No. 155905)
tmcconville@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
4 Park Plaza, Suite 1600
Irvine, CA 92614-2258
Tel: (949) 567-6700/Fax: (949) 567-6710

Attorneys for MGA Parties

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | Case No. CV 04-9049-DOC (RNBx)<br>Consolidated with Nos. CV 04-9059 and CV 05-2727<br><br>Hon. David O. Carter<br><br>**SPECIAL VERDICT FORM**<br><br>Trial Date: January 11, 2011 |

# SPECIAL VERDICT FORM

We, the Jury, find as follows:

## I. CONTRACT INTERPRETATION

1. Did Mattel, Inc. prove by a preponderance of the evidence that the meaning of the term "inventions" as it appears in paragraph 2 of Exhibit ----, the ---------- 1999 employee invention assignment agreement between Mattel, Inc. and Carter Bryant, includes "ideas?"

     Yes _____     No _____

Please answer Question 2.

2. Did Mattel, Inc. prove by a preponderance of the evidence that the meaning of the term "during my employment" as it appears in paragraph 2 of Exhibit ----, the ---------- 1999 employee inventions assignment agreement between Mattel, Inc. and Carter Bryant, means "at all times during the period of my employment by Mattel, including nights and weekends and when I am not working on projects or tasks assigned to me by Mattel?"

     Yes _____     No _____

Please answer Question 3.

## II. MISAPPROPRIATION OF TRADE SECRETS ("BRATZ")

**Claim by Mattel, Inc. Against MGA Entertainment, Inc. and Isaac Larian**

3. Did Mattel, Inc. prove by a preponderance of the evidence that [the name Bratz] is a trade secret?

     Yes _____     No _____

Please answer Question 4.

4. Did Mattel, Inc. prove by a preponderance of the evidence that [the Bratz doll concept] is a trade secret?

     Yes _____     No _____

If you answered "Yes" to Question 3 or Question 4, please answer Question 5. If you answered "No" to both Question 3 and Question 4, please skip to Question --.

5. Did Mattel, Inc. prove by a preponderance of the evidence that it owned [the name Bratz] on [October --, 2000]?

     Yes _____     No _____

Please answer Question 6.

6. Did Mattel, Inc. prove by a preponderance of the evidence that it owned [the Bratz doll concept] on [October --, 2000]?

Yes _____ No _____

If you answered "Yes" to Question 5 or Question 6, please answer Question 7. If you answered "No" to both Question 5 and Question 6, please skip to Question --.

7(a). Did MGA know or have reason to know that the name Bratz had been acquired through improper means? (Answer Question 7(a) only if you answered "Yes" to Question 3 and Question 5.)

Yes _____ No _____ Not Applicable _____

7(b). Did MGA use the name Bratz when it knew or should have known the name had been acquired through improper means? (Answer Question 7(b) only if you answered "Yes" to Question 3, Question 5 and Question 7(a).)

Yes _____ No _____ Not Applicable _____

8(a). Did MGA know or have reason to know that the Bratz concept had been acquired through improper means? (Answer Question 8(a) only if you answered "Yes" to Question 4 and Question 6.)

Yes _____ No _____ Not Applicable _____

8(b). Did MGA use the Bratz concept when it knew or should have known the name had been acquired through improper means? (Answer Question 8(b) only if you answered "Yes" to Question 4, Question 5 and Questions 8(a).)

Yes _____ No _____ Not Applicable _____

If you answered "Yes" to Question 7(b), or Question 8(b), please answer Question 9. If you answered "No" to Question 7(b) and Question 8(b), please skip to Question --.

9(a). Did Mattel, Inc. prove by a preponderance of the evidence that it was harmed as a result of the misappropriation by MGA Entertainment, Inc. of [the name Bratz]? (Answer Question 9(a) only if you answered "Yes" to Question 3 and Question 5, and "Yes" to Question 7(a).)

Yes _____ No _____ Not Applicable _____

9(b). Did Mattel, Inc. prove by a preponderance of the evidence that it was harmed as a result of the misappropriation by MGA Entertainment, Inc. of [the Bratz doll concept]? (Answer Question 9(b) only if you answered "Yes" to Question 4 and Question 6, and "Yes" to Question 7(c).)

Yes _____ No _____ Not Applicable _____

If you answered "Yes" to Question 9(a) and Question 9(b), please answer Question 10. If you answered "No" to Question 9(a) and Question 9(b) please skip to Question --.

10(a). What is the amount, if any, that Mattel has proved with reasonable certainty by a preponderance of the evidence is sufficient to compensate Mattel for the harm resulting from the misappropriation by MGA Entertainment, Inc. of [the name Bratz]? (Answer Question 10(a) only if you answered "Yes" to Question 8(a).)

$\underline{\hspace{2cm}}$

10(b). What is the amount, if any, that Mattel has proved with reasonable certainty by a preponderance of the evidence is sufficient to compensate Mattel for the harm resulting from the misappropriation by MGA Entertainment, Inc. of [the Bratz doll concept]? (Answer Question 10(b) only if you answered "Yes" to Question 8(c).)

$\underline{\hspace{2cm}}$

Question 11 will record liability questions for Isaac Larian.

12(a). What is the amount, if any, that Mattel has proved with reasonable certainty by a preponderance of the evidence is sufficient to compensate Mattel for the harm resulting from the misappropriation by Isaac Larian of [the name Bratz]? (Answer Question 10(a) only if you answered "Yes" to Question 8(a).)

$\underline{\hspace{2cm}}$

12(b). What is the amount, if any, that Mattel has proved with reasonable certainty by a preponderance of the evidence is sufficient to compensate Mattel for the harm resulting from the misappropriation by Isaac Larian of [the Bratz doll concept]? (Answer Question 10(b) only if you answered "Yes" to Question 8(c).)

$\underline{\hspace{2cm}}$

13. Did Mattel, Inc. prove by a preponderance of the evidence that MGA was unjustly enriched by its misappropriation of [insert trade secrets] and not due to MGA's own efforts, skills and knowledge?

14. Has Mattel proven by a preponderance of the evidence that MGA acted willfully and maliciously in misappropriating [insert]?

Yes _____    No _____    Not Applicable _____

**III. MISAPPROPRIATION OF TRADE SECRETS ("OTHER EMPLOYEES")**

**Claim by Mattel, Inc. against MGA Entertainment, Inc. and Isaac Larian**

15(a). Did Mattel, Inc. prove by a preponderance of the evidence that [identify claimed secrets] is a trade secret of Mattel?

Yes _____    No _____

If you answered "Yes" to any part of Question 15, please answer Question 16. If you answered "No" to all of Question 15, please skip to Question --.

- 3 -

SPECIAL VERDICT FORM
CASE NO. CV 04-9049-DOC (RNBx)

16(a). Did Mattel, Inc. prove by a preponderance of the evidence that it owned [identify claimed secrets] on [date of acquisition or other relevant date]?

Yes _____    No _____

If you answered "Yes" to any part of Question 16, please answer Question 17. If you answered "No" to all of Question 16, please skip to Question --.

17(a). Did Mattel, Inc. prove by a preponderance of the evidence that MGA Entertainment, Inc. misappropriated [identify alleged secrets] by using it at a time when it knew or should have known that the [information] had been acquired through improper means?

Yes _____    No _____    Not Applicable _____

If you answered "Yes" to any part of Question 17, please answer Question 18. If you answered "No" to all of Question 17, please skip to Question --.

18(a). Did Mattel, Inc. prove by a preponderance of the evidence that MGA Entertainment, Inc. was unjustly enriched as a result of the misappropriation of [identify alleged secrets]?

Yes _____    No _____    Not Applicable _____

18(--). Did Mattel, Inc. prove by a preponderance of the evidence that MGA Entertainment, Inc. was unjustly enriched as a result of the misappropriation of [identify alleged secrets]?

Yes _____    No _____    Not Applicable _____

If you answered "Yes" to any part of Question 18, please answer Question 19. If you answered "No" to all of Question 18, please skip to Question --.

19(a). What is the amount, if any, that Mattel has proved with reasonable certainty by a preponderance of the evidence is unjust enrichment of MGA Entertainment, Inc. attributable to the misappropriation of [identify alleged secrets] and not due to MGA's own efforts, skills and knowledge?

$_____

Question 20 will record liability questions for Isaac Larian.

21. Has Mattel proven by a preponderance of the evidence that MGA acted willfully and maliciously in misappropriating [insert]?

Yes _____    No _____    Not Applicable _____

- 4 -

SPECIAL VERDICT FORM
CASE NO. CV 04-9049-DOC (RNBx)

## IV. MISAPPROPRIATION OF TRADE SECRETS

**Claim by MGA Entertainment, Inc. against Mattel, Inc.**

22(a). Did MGA Entertainment, Inc. prove by a preponderance of the evidence that [identify claimed secrets] is a trade secret of MGA?

Yes _____   No _____

If you answered "Yes" to any part of Question 22, please answer Question 23. If you answered "No" to all of Question 22, please skip to Question --.

23(a). Did MGA Entertainment, Inc. prove by a preponderance of the evidence that it owned [identify claimed secrets] on [date of acquisition or other relevant date]?

Yes _____   No _____

If you answered "Yes" to any part of Question 23, please answer Question 24. If you answered "No" to all of Question 23, please skip to Question --.

24(a). Did MGA Entertainment, Inc. prove by a preponderance of the evidence that Mattel, Inc. used [identify alleged secrets] when it knew or should have known that [the information] had been acquired through improper means?

Yes _____   No _____   Not Applicable _____

If you answered "Yes" to any part of Question 24, please answer Question 25. If you answered "No" to all of Question 24, please skip to Question --.

25(a). Did MGA Entertainment, Inc. prove by a preponderance of the evidence that Mattel, Inc. was unjustly enriched as a result of misappropriation of [identify alleged secrets]?

Yes _____   No _____   Not Applicable _____

If you answered "Yes" to any part of Question 25, please answer Question 26. If you answered "No" to all of Question 25, please skip to Question --.

26(a). What is the amount, if any, that MGA Entertainment, Inc. has proved with reasonable certainty by a preponderance of the evidence is unjust enrichment of Mattel, Inc. attributable to the misappropriation of [identify alleged secrets] and not to due to MGA's own efforts skill and knowledge?

$_____

Question 27 will address willful and malicious misappropriation.

## V. AIDING AND ABETTING A BREACH OF THE DUTY OF LOYALTY

**Claim by Mattel, Inc. against MGA Entertainment, Inc. and Isaac Larian**

28(a). Did Mattel prove by a preponderance of the evidence that [list each of the employees] breached [his/her] duty of loyalty to Mattel while employed by Mattel?

      Yes _____      No _____

If you answered "No" to Question 28, skip to Question --.  If you answered "Yes" to Question 28, answer Question 29.

29(a). Did Mattel, Inc. prove by a preponderance of the evidence that MGA Entertainment, Inc. had knowledge that a breach of the duty of loyalty by [name] had been committed or was to be committed?

30(a). Did Mattel, Inc. prove by a preponderance of the evidence that MGA Entertainment, Inc. make a conscious decision to participate in activity designed to assist the breach

      Yes _____      No _____

31(a). Did Mattel, Inc. prove that, with knowledge that a breach had occurred or would occur, MGA Entertainment, Inc. substantially assisted the commission of the breach?

32(a). Did Mattel, Inc. prove by a preponderance of the evidence that the breach would not have occurred in the absence of the actions of MGA Entertainment, Inc.?

33(a). Did Mattel, Inc. prove by a preponderance of the evidence that Mattel, Inc. lost services of [insert name] as a result of the breach?

34(a). What is the amount, if any, that MGA Entertainment, Inc. has proved with reasonable certainty by a preponderance of the evidence is the value of the services of [insert name] Mattel, Inc. lost as a result of the breach?

      $_____

## VI. INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS

36. Did Mattel prove by a preponderance of the evidence that MGA intentionally interfered with the contract between Mattel and Bryant.

      Yes _____      No _____

37. Did Mattel prove by a preponderance of the evidence that MGA intentionally interfered with the contract between Mattel and Cabrera.

      Yes _____      No _____

38. Did Mattel prove by a preponderance of the evidence that MGA intentionally interfered with the contract between Mattel and Salazar.

      Yes _____      No _____

| | |
|---|---|
| 1 | 39. Did Mattel prove by a preponderance of the evidence that MGA intentionally interfered with the contract between Mattel and Morales. |
| 2 | |
| 3 | Yes _____   No _____ |
| 4 | 40. Did Mattel prove by a preponderance of the evidence that MGA intentionally interfered with the contract between Mattel and Tumoulian. |
| 5 | |
| 6 | Yes _____   No _____ |
| 7 | 41. What is the amount, if any, that Mattel has proved with reasonable certainty, by a preponderance of the evidence is sufficient to compensate Mattel for the harm resulting from MGA's intentional interference with the contract between Mattel and Bryant (Answer question __ only if you answered "Yes" to Question __). |
| 8 | |
| 9 | |
| 10 | $_____ |
| 11 | 42. What is the amount, if any, that Mattel has proved with reasonable certainty, by a preponderance of the evidence is sufficient to compensate Mattel for the harm resulting from MGA's intentional interference with the contract between Mattel and Cabrera (Answer question __ only if you answered "Yes" to Question __). |
| 12 | |
| 13 | |
| 14 | $_____ |
| 15 | 43. What is the amount, if any, that Mattel has proved with reasonable certainty, by a preponderance of the evidence is sufficient to compensate Mattel for the harm resulting from MGA's intentional interference with the contract between Mattel and Morales (Answer question __ only if you answered "Yes" to Question __). |
| 16 | |
| 17 | |
| 18 | $_____ |
| 19 | 44. What is the amount, if any, that Mattel has proved with reasonable certainty, by a preponderance of the evidence is sufficient to compensate Mattel for the harm resulting from MGA's intentional interference with the contract between Mattel and Salazar (Answer question __ only if you answered "Yes" to Question __). |
| 20 | |
| 21 | |
| 22 | $_____ |
| 23 | 45. What is the amount, if any, that Mattel has proved with reasonable certainty, by a preponderance of the evidence is sufficient to compensate Mattel for the harm resulting from MGA's intentional interference with the contract between Mattel and Tumoulian (Answer question __ only if you answered "Yes" to Question __). |
| 24 | |
| 25 | |
| 26 | $_____ |
| 27 | |
| 28 | |

## VII. COPYRIGHT INFRINGEMENT

1. Have MGA and Isaac Larian proved that Mattel discovered, or with reasonable diligence should have discovered, that MGA was asserting ownership over a property to which Mattel had a copyright interest before April 27, 2001?

interfered with the contract between Mattel and Tumoulian.

Yes \_\_\_\_\_    No \_\_\_\_\_

*If you answer above is yes, please proceed to question \_\_\_\_.*

2. Do you find that MGA and Larian have proved that Mattel is barred from asserting its copyright claims based on the doctrine of estoppel?

interfered with the contract between Mattel and Tumoulian.

Yes \_\_\_\_\_    No \_\_\_\_\_

*If you answer above is yes, please proceed to question \_\_\_\_.*

3. If the answer to the above two questions is no, for each of the items listed on the chart below, please indicate whether Mattel has proven by a preponderance of the evidence that it, and not MGA or Carter Bryant, is the owner of that item. If you find that MGA and Mattel jointly own any item, please so indicate in the space provided.

**[items to be inserted by exhibit number once Mattel identifies those drawings and sculpts over which it seeks ownership – not sure if they have already provided this information or not]**

*If the answer to this question for all of the items is no, please proceed to question.*

*If you have found that any particular sculpt or drawing of sculpt listed above is owned by Mattel (i.e., you answer "yes" to the above question), with respect each such sculpt or drawing of a sculpt please complete the following question and include on the chart below. You need not complete these questions for any items you find are jointly owned by Mattel and MGA:*

    4. Has Mattel proven by a preponderance of the evidence that the Bratz production sculpt is virtually identical to the sculpt you have found is owned by Mattel?

*If you have found that any particular doll drawing listed above is owned by Mattel, with respect to each such drawing, please complete the following questions and include your responses on the chart below*:

5. _Has Mattel proven by a preponderance of the evidence that the first generation Bratz Cloe doll is substantially similar to the protectable elements of the drawing you have found is owned by Mattel?

6. Has Mattel proven by a preponderance of the evidence that the first generation Bratz Jade doll is substantially similar to the protectable elements of the drawing you have found is owned by Mattel?

7. Has Mattel proven by a preponderance of the evidence that the first generation Bratz Yasmin doll is substantially similar to the protectable elements of the drawing you have found is owned by Mattel?

8. Has Mattel proven by a preponderance of the evidence that the first generation Bratz Sasha doll is substantially similar to the protectable elements of the drawing you have found is owned by Mattel?

9. Has Mattel proven by a preponderance of the evidence that the Ooh La La Cloe doll is substantially similar to the protectable elements of the drawing you have found is owned by Mattel?

10. Has Mattel proven by a preponderance of the evidence that the Formal Funk Dana doll is substantially similar to the protectable elements of the drawing you have found is owned by Mattel?

*Please complete the following chart as you deliberate the above questions on copyright:*

**[INSERT CHART]**

Has Mattel proven by a preponderance of the evidence that Isaac Larian is vicariously liable for copyright infringement?

11. Has Mattel proven by a preponderance of the evidence that Isaac Larian is contributorily liable for copyright infringement?

12. Has Mattel proven by a preponderance of the evidence that MGA HK is vicariously liable for copyright infringement?

13. Has Mattel proven by a preponderance of the evidence that MGA HK is contributorily liable for copyright infringement?

14. If you respond yes in any of the 7 columns on the left of the above chart for any of the works listed, what amount of damages, if any, should be awarded to Mattel?

$_____

15. If you find Isaac Larian vicariously or contributorily liable, what amount of damages, if any, should be awarded to Mattel?

$_____

16. If you find MGA HK vicariously or contributorily liable, what amount of damages, if any, should be awarded to Mattel?

$_____

**VIII. UNFAIR COMPETITION**

1. Has MGA proven by a preponderance of the evidence that Mattel engaged in unfair, illegal or fraudulent conduct toward MGA?

Yes _____   No _____

2. What, if any, amount of restitution will fairly compensate MGA for the unfair, illegal or fraudulent conduct toward MGA?

$_____

You have completed your verdict.  Date and sign this verdict form and return with it to the courtroom.

Dated:_____, 2011       _____
                                             Presiding Juror