ANNETTE L. HURST (State Bar No. 148738)
ahurst@orrick.com
WARRINGTON S. PARKER III (State Bar No. 148003)
wparker@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105
Telephone: 415-773-5700
Facsimile: 415-773-5759

WILLIAM A. MOLINSKI (State Bar No. 145186)
wmolinski@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA 90017
Telephone: 213-629-2020
Facsimile: 213-612-2499

THOMAS S. MCCONVILLE (State Bar No. 155905)
tmcconville@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
4 Park Plaza, Suite 1600
Irvine, CA 92614-2258
Tel: (949) 567-6700/Fax: (949) 567-6710

Attorneys for MGA Parties

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | Case No. CV 04-9049 DOC (RNBx)<br><br>Consolidated with Case No. CV 04-9059 and Case No. CV 05-2727<br><br>**MGA PARTIES' NOTICE OF MOTION AND MOTION *IN LIMINE* NO. 42 TO EXCLUDE MATTEL TRIAL EXS. 293, 391, 476, and 1326; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Trial Date: January 18, 2011<br>Dept: Courtroom 9D<br>Judge: Hon. David O. Carter |

1  TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2      PLEASE TAKE NOTICE that as soon as counsel may be heard, in the

3  Courtroom of the Honorable David O. Carter, located at 411 West Fourth Street,

4  Room 1053, Santa Ana, California 92701, the MGA Parties will, and hereby do,

5  move to exclude Mattel Trial Exhibits 293, 391, 476, and 1326.

6      This Motion is made pursuant to Federal Rules of Evidence, Rules 403, 801,

7  802, 803, 901, and 1002 on the grounds that Mattel Trial Exhibits 293, 391,476,

8  and 1326 (1) cannot be properly authenticated, (2) violate the best evidence rule, (3)

9  are impermissible hearsay and (4) would create a substantial danger of undue

10 prejudice to the MGA Parties.

11     This Motion is based on this Notice of Motion and Motion, the

12 accompanying Memorandum of Points and Authorities, the Declaration of Annette

13 L. Hurst filed concurrently herewith, all matters cited to herein and all other matters

14 of which the Court may take judicial notice.

15                               Statement of Compliance

16     Pursuant to L.R. 7-3, the parties conferred regarding the issues raised in this

17 Motion on January 13, 2011.

18

19

20 Dated: January 13, 2011        Respectfully submitted,

21                                 ORRICK, HERRINGTON & SUTCLIFFE LLP

22

23                                 By:    */s/ Annette L. Hurst*
                                              Annette L. Hurst

24

25                                 Attorneys for MGA ENTERTAINMENT, INC., MGA ENTERTAINMENT HK, LTD., MGA de

26                                 MEXICO, S.R.L. de C.V., and ISAAC LARIAN

27

28

# I.

# **INTRODUCTION**

Mattel seeks to introduce Mattel Trial Exhibits 293, 391, 476, and 1326 ("Mattel Exhibits") in order to show that, while working at Mattel, Carter Bryant was seated next to Paula Garcia Treantafellas. Mattel Trial Exhibit 293 consists of an alleged diagram of the layout of Mattel's Design Center, including a purported seating chart of Mattel's employees. On its face, it appears to have been developed by Seal Furniture and Systems as a "furniture plan" for Mattel's Design Center. Although Ex. 293 was admitted during the prior trial, subsequent testimony from that trial and deposition testimony show it was not properly authenticated as either an accurate diagram of the Mattel's Design Center or a seating chart depicting the seating locations of Mattel employees at the relevant time. *See* Declaration of Annette L. Hurst In Support of Motion in Limine No. 42 to exclude Mattel Trial Exs. 293, 391, and 1326. ("Hurst Decl."), Exs. A – F (Bryant Testimony; Ross Testimony; Martinez Testimony; Cloonan Testimony; Driskill Testimony, and Paula Garcia Treantafellas Testimony). Therefore, despite its use at the original trial, the MGA Parties object to its use at this Trial because: (1) Exhibit 293 cannot be properly authenticated, (2) it does not comply with the best evidence rule, (3) it consists of impermissible hearsay, and (4) its introduction would create a substantial danger of undue prejudice to the MGA Parties as explained further below. *See* Fed. R. Evid. 403, 801, 802, 803 and 901. The MGA Parties further object to the introduction and use of Mattel Trial Exhibits 391, 476, and 1326 on the same grounds, as those documents are later, altered versions of Mattel Trial Exhibit 293 and suffer from the same evidentiary infirmities.

///

///

## II.

## ARGUMENT

**A.   Mattel Cannot Authenticate the Purported Diagram and Seating Chart Embodied Within Exhibit 293.**

Federal Rule of Evidence 901(a) requires authentication in the form of testimony that evidence "is what its proponent claims" as a "condition precedent to admissibility" of that evidence. Fed. R. Evid. 901(a). However, Mattel has not and cannot authenticate the diagram of the Mattel Design Center as accurately depicting the floor layout of that center at the relevant time. It has failed to lay the foundation of who created that diagram, when it was created, for what purpose, and that that diagram was an accurate depiction of the Mattel Design Center floor plan. *See Rhoads v. Virginia-Florida Corp.*, 476 F.2d 83, 84-86 (5th Cir. 1973) (error to admit diagram depicting location of relevant items as direct evidence where no testimony establishing what was depicted, by whom, the manner of the depiction and competency to create same).

Moreover, even if Mattel could establish that the diagram was an accurate depiction of the Mattel Design Center at a relevant time, it has failed to lay a foundation for how or when the names of the various employees came to be on that diagram. Nor has it specifically established the time frame of the seating chart depicted within the diagram. To the contrary, sworn testimony shows that the seating chart is inaccurate and therefore does not correctly depict the seating assignments of the various employees at the Mattel Design Center at any relevant time. *See* Hurst Decl., Exs. A – F (Bryant Testimony; Ross Testimony; Martinez Testimony; Cloonan Testimony; Driskill Testimony, and Treantafellas Testimony). In fact, Mattel has failed to show that the diagram was ever an accurate depiction of the seating arrangements of its employees. As such, it cannot be admitted to show that Carter Bryant sat next to Paula Garcia Treantafellas. *See Schmidt v. Magyari*, 557 F.3d 564, 569 (8th Cir. 2009) (rejecting admissibility of photograph that was

not "an accurate representation of the thing depicted at the relevant time").

**B.     Exhibit 293 Violates the Best Evidence Rule.**

Federal Rules of Evidence, Rule 1002 requires a party who wishes to introduce a writing to produce the original of it, unless there is an exception that applies. No exception applies to Exhibit 293. Because the origin and accuracy of Exhibit 293 are in issue and are challenged, it cannot be admitted unless the original is produced for examination. Because Exhibits 391, 476, and 1326 are derivative of Exhibit 293, they are inadmissible as well unless the best evidence is offered.

**C.     Exhibit 293 Must Be Excluded as Impermissible Hearsay.**

Further, even if Mattel could authenticate the original of Exhibit 293, it is inadmissible because it contains impermissible hearsay evidence. *See* Fed. R. Evid. 801, 802, and 803. Exhibit 293 has Carter Bryant and Paula Garcia Treantafellas' names on it in adjacent spaces. This statement, because it is made in a document, is made by an unknown, unsworn, out-of-court declarant. Moreover, it is offered for the purpose of proving the truth of the matter asserted—that Carter Bryant supposedly sat next to Paula Garcia Treantafellas. This is in direct contravention of the prohibition on hearsay evidence. Fed. R. Evid. 802; *see Rhoads*, 476 F.2d at 86-87 (survey offered to "testify" concerning location of seawall rejected as hearsay). Because Mattel cannot establish that a hearsay exception applies, Exhibit 293 must be excluded.

**D.     Any Evidentiary Value of Exhibit 293 Is Outweighed by the Confusion, Risk of Prejudice, and Potential for Misleading of the Jury That Would Be Caused by Its Introduction.**

Even if the Court were to find that Exhibit 293 is otherwise admissible, any probative value it might possess is substantially outweighed by the confusion, risk of prejudice, and misleading of the jury that would be caused by its introduction. *See* Fed. R. Evid. 403 (allowing for exclusion of otherwise relevant evidence if its "probative value is substantially outweighed by the danger of unfair prejudice, confusion of issues, or misleading the jury . . ."). As noted earlier, the

1  unauthenticated seating chart depicted in Exhibit 293 is inaccurate in its placement
2  of various employees.  *See* Hurst Decl., Exs. A – F (Bryant Testimony; Ross
3  Testimony; Martinez Testimony; Cloonan Testimony; Driskill Testimony, and
4  Treantafellas Testimony).  Therefore, the relatively unimportant potential probative
5  value of generally depicting the office layout of the Mattel Design Center is
6  substantially outweighed by the likelihood that the jury would be misled or
7  confused, thereby prejudicing the MGA Parties because Exhibit 293 incorrectly
8  places Carter Bryant sitting next to Paula Garcia Treantafellas, a comparatively
9  more weighty issue.  *See* Wigmore, WIGMORE ON EVIDENCE § 790 (2010) (noting
10 that writings tend to unduly impress the unconscious mind).  Accordingly, the
11 MGA parties submit that the Court should exclude the introduction of Exhibit 293
12 in accordance with the balancing required by Rule 403.

### E. **Exhibits 391, 476, and 1326 Suffer from the Same Evidentiary Infirmities as Exhibit 293 and Therefore Must Be Excluded.**

As noted above, Exhibits 391, 476, and 1326 are Mattel's counsel's later alterations of Exhibit 293.  As such, they suffer from the same evidentiary infirmities in that Mattel cannot lay a foundation for their authenticity, nor can it establish that they do not violate the hearsay exception or that their probative value is not substantially outweighed by the risk of prejudice, confusing, and misleading the jury.  *See* Fed. R. Evid. 403, 801, 802, 803, and 901.  Therefore, they must be excluded.

## III.

## CONCLUSION

Accordingly, for the reasons established above, the MGA Parties respectfully move this Court *in limine* for an order to exclude from trial all references to and use of Mattel's Trial Exhibits 293, 391, 476, and 1326.

| | | |
|---|---|---|
| 1 | Dated: January 13, 2011 | Respectfully submitted, |
| 2 | | ORRICK, HERRINGTON & SUTCLIFFE LLP |
| 3 | | |
| 4 | | By:  */s/ Annette L. Hurst* |
| 5 | | Annette L. Hurst<br>Attorneys for MGA ENTERTAINMENT, INC., MGA ENTERTAINMENT HK, LTD., MGA de |
| 6 | | MEXICO, S.R.L. de C.V., and ISAAC LARIAN |