| | |
|---|---|
| 1 | Annette L. Hurst, State Bar No. 148738 |
| | Warrington S. Parker III, State Bar No. 148003 |
| 2 | ORRICK, HERRINGTON & SUTCLIFFE LLP |
| | The Orrick Building, 405 Howard Street |
| 3 | San Francisco, California 94105 |
| | Telephone: (415) 773-5700 |
| 4 | Facsimile: (415) 773-5759 |
| 5 | William A. Molinski, State Bar No. 145186 |
| | ORRICK, HERRINGTON & SUTCLIFFE LLP 777 |
| 6 | South Figueroa Street, Suite 3200 |
| | Los Angeles, California 90017 |
| 7 | Telephone: (213) 629-2020 |
| | Facsimile: (213) 612-2499 |
| 8 | |
| | Thomas S. McConville, State Bar No. 155905 |
| 9 | ORRICK, HERRINGTON & SUTCLIFFE LLP |
| | 4 Park Plaza, Suite 1600 |
| 10 | Irvine, California 92614-2258 |
| | Telephone: (949) 567-6700 |
| 11 | Facsimile: (949) 567-6710 |
| 12 | Attorneys for the MGA PARTIES |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | | |
|---|---|---|
| 16 | CARTER BRYANT, an individual | Case No. CV 04-9049-DOC (RNBx) Consolidated with Nos. CV 04-9059 and CV 05-2727 |
| 17 | Plaintiff, | |
| 18 | v. | Hon. David O. Carter |
| 19 | MATTEL Inc., a Delaware corporation | **(1) MGA PARTIES' NOTICE OF MOTION IN LIMINE NO. 7** |
| 20 | Defendant. | |
| 21 | | **(2) MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR MOTION** |
| 22 | | |
| 23 | | **FILED UNDER SEPARATE COVER**: |
| 24 | | |
| 25 | | **(3) DECLARATION OF WILLIAM A. MOLINSKI IN SUPPORT THEREOF** |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that at a date and time determined by the Court, in Courtroom 9D of the above-reference court located at 411 West 4th Street, Santa Ana, California, Defendants MGA Entertainment, Inc., MGA Entertainment (HK) Limited, MGAE de Mexico, S.R.L. de C.V., and Isaac Larian (collectively, the "MGA Parties") will and hereby do move *in limine* pursuant to Federal Rules of Evidence 401, 402, 403, 410, and 803 to exclude any evidence, argument, or other reference at trial relating to the plea agreement entered into by former Mattel employee Jorge Castilla.

This Motion *in limine* is based upon this Notice of Motion and accompanying Memorandum of Points and Authorities, the Declaration of William A. Molinski filed concurrently under separate cover, the records and files of this court, and any other matter of which the court may take judicial notice.

This Motion is made following the conference of counsel pursuant to Local Rule 7-3, which took place on January 13, 2011.

Dated: January 13, 2011         ORRICK, HERRINGTON & SUTCLIFFE LLP


                                By:   */s/ William A. Molinski*
                                      William A. Molinski
                                      Attorneys for MGA Parties

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   PRELIMINARY STATEMENT AND FACTS**

In a shocking turn of events, Mattel has sought to unfairly and irreparably influence the outcome of this civil trial by manipulating the outcome and timing of the criminal prosecution of former Mattel employee Jorge Castilla — a prosecution Mattel instigated. Mattel has taken deliberate steps to ensure that Mr. Castilla was forced to enter into a plea agreement on the eve of this trial to both unfairly prejudice jurors and distort the factual record. And Mattel has further acted to ensure that the existence of that plea agreement was publicized in the *Los Angeles Times*. Even if this hearsay evidence had any probative value—which it does not, for the reasons already discussed in MGA's Motion *in Limine* No. 4 [Dkt. No. 9490]—it is surely prejudicial. No amount of judicial notice is needed to establish that members of this community, from whom the jury will be selected tomorrow, read the *Times* and will invariably be influenced by what Mattel has caused to appear in its pages. The Court should preclude Mattel from introducing any evidence relating to Mr. Castilla's plea agreement.

The background of this Motion is set forth in MGA's Motion in Limine No. 4, dated December 10, 2010 [Dkt. No. 9490]. The additional facts pertinent to this Motion pick up where Motion *in Limine* No. 4 left off, when the Los Angeles District Attorney's office filed charges against Mr. Castilla in August 2010. The District Attorney's office charged Mr. Castilla with two counts, one for improper computer access under California Penal Code 502(c)(1) and another for theft of trade secrets under California Penal Code 499c(b)(1). The second count, for theft of trade secrets, will typically not be pursued absent the use or intent to use trade secrets at a new employer.

Mr. Castilla, through defense counsel at the Law Offices of Mark J. Werksman, sought a plea deal. Early in the process, the District Attorney's office made clear that they would be willing to withdraw the second count because there

1  was no evidence that Mr. Castilla had provided the information to MGA.  Ltr. from
2  Mark M. Hathaway, dated Jan. 12, 2011 (draft plea agreement) attached to Decl. of
3  William A. Molinski at Ex. B.

4       Curiously, Mattel, through its own counsel at Jones Day, participated at the
5  plea discussions as well.  Molinski Dec., Ex. B (Hathaway Ltr.)  Mattel's
6  involvement ostensibly related to its status as the victim of the alleged crimes and
7  its desire to see that any amount of restitution was appropriate.  But Mattel was also
8  involved in shaping the content and wording of the plea agreement.  *Id*.  In
9  particular, Mattel successfully lobbied to omit a statement in the "Factual Basis for
10  Plea" section that provided:  "At the time of this plead, there is no evidence that the
11  items taken were unlawfully used by the defendant in his new employment."  *Id*.
12  (Draft Plea Agr. at 2:3-4, attached to Hathaway Ltr.).

13       Tuesday, Mr. Castilla appeared before the Los Angeles Superior Court for a
14  pretrial hearing.  At that hearing, Mattel accepted a lower than potentially
15  supportable restitution obligation (a little more than $21,000).  *Id.*

16       Mr. Castilla decided, understandably, to take the deal.  In the plea agreement
17  that was executed, he pled guilty to Count one only.  Although Mr. Castilla was not
18  pleading guilty to Count two, his plea agreement nonetheless omitted any reference
19  to the fact that, as the District Attorney's office had itself recognized, none of the
20  information at issue had been provided to MGA.  *Id*.  Final Plea Agr.).

21       By Tuesday afternoon, news of Mr. Castilla's plea was being reported in the
22  *Los Angeles Times*.  In an article entitled, "Former Mattel employee pleads guilty to
23  copying company documents," the *Los Angeles Times* reported information
24  "[a]ccording to a court filing" (the plea agreement) and attributed no other source.
25  Molinski Dec., Ex. A.  However, in accordance with Los Angeles Superior Court
26  procedure, the plea agreement and any filings related to it would have only been
27  available to those present at the court and not to the public generally.  Molinksi
28  Dec., Ex. B (Hathaway Letter).  There was no press present, nor has there been any

press interest in this criminal matter prior to yesterday. *Id.* Likewise, the press did not reach out to MGA or any of its legal team. *Id.* That leaves only one possible source: Mattel.

## II. ARGUMENT

Mattel should not be allowed to sway the jurors in this civil trial before it has even started with evidence produced by its misadventures in unrelated criminal proceedings. Any evidence related to Mr. Castilla's plea agreement is irrelevant, inadmissible as hearsay, and, in all events, unduly prejudicial.

### A. Evidence Concerning Mr. Castilla's Plea Agreement Is Irrelevant.

Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence . . . more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Evidence that is irrelevant is inadmissible. Fed. R. Evid. 402.

Evidence of Mr. Castilla's plea agreement, which related only to Count one for improperly accessing Mattel's computers—without any plea or admission as to Count two that he provided that information to MGA—is wholly irrelevant to the issues in this case. Mr. Castilla will readily acknowledge that he did, in fact, remove documents from Mattel. The issue, of course, as this Court recognized in its summary judgment ruling, is whether Mr. Castilla took any Mattel documents to MGA, particularly where all evidence demonstrates that he turned his only copy of these documents over to the FBI before starting at MGA, the plea agreement adds nothing to this discussion. As such, it is not admissible.

### B. Evidence Concerning Mr. Castilla's Plea Agreement Is Inadmissible Hearsay.

Mr. Castilla's plea agreement is classic hearsay: It is offered for the truth of the matter asserted — that Mr. Castilla took certain information from Mattel — and it does not fall within any hearsay exception. *See In re Slatkin*, 310 B.R. 740, 744 (C.D. Cal. 2004) (holding that a guilty plea is inadmissible hearsay and cannot be

considered on a motion for summary judgment, unless it falls within an exception ) (citing *Blair Foods, Inc. v. Ranchers Cotton Oil*, 610 F.2d 665, 667 (9th Cir. 1980)). Mattel cannot avoid the hearsay rule by arguing that an admission of guilt is a statement against MGA's interest. Even assuming the statement here qualifies as a "statement against MGA's interest," Federal Rule of Evidence 804(b)(3) does not provide a hearsay exception for a statement against interest unless the declarant is unavailable, and there is no indication that Mr. Castilla will be unavailable at trial.

### C. Even If Relevant Or Not Hearsay, Evidence Concerning Mr. Castilla's Plea Agreement Is Highly Prejudicial to MGA.

Even admissible evidence can and should be excluded under Federal Rule of Evidence 403 where its "probative value is outweighed by the danger of unfair prejudice" or if it would lead to undue delay. Fed. R. Evid. 403.

Evidence of Mr. Castilla's plea agreement is highly prejudicial to MGA for at least two reasons. *First*, it was entered into and submitted for approval on the eve of this widely anticipated civil trial; Mattel's efforts to make public the plea agreement mere hours before the jury selection process practically ensures that members of the general public, from whose ranks potential jurors will be pulled, will have been alerted to its existence by the local news media. The timeliness is more than suspect. Common sense dictates that jurors will be influenced by the reports, at a minimum, and perhaps even unfairly prejudiced. Evidence of plea agreements and plea negotiations is widely recognized for its prejudicial effects; as such, its confidentiality is mandated by Federal Rule of Evidence 410 (generally barring admissibility of pleas, plea discussions, and related statements) and Federal Rule of Criminal Procedure 11(f) (same).

*Second*, the plea agreement itself (the contents of which were released to and published by the newspapers) omitted crucial factual representations that, had they been included, would have buttressed MGA's position in this trade secrets case. As

Mattel no doubt intended, their omission misleadingly implicates MGA as part of Mr. Castilla's admitted wrongdoing. Moreover their omission likely is a direct result of Mattel's counsel's extensive involvement in negotiations over the drafting of the plea agreement. Molinski Dec., Ex. B (Hathaway Ltr.). Although the California Penal Code provides for the right of crime victims "to be notified of all sentencing proceedings, and of the right to appear, to reasonably express his or her views, . . . and to have the court consider his or her statements," Cal. Penal Code Section 679.02(a)(3), as well as "[f]or the victim, to be provided with information concerning the victim's right to civil recovery" and the opportunity for restitution, *id.* at 679.02(a)(8), it does *not* provide crime victims with the right to wordsmith plea agreement documents, as Mattel did here, so as to use that agreement in civil litigation.

Indeed, if Mattel prevailed upon this Court to introduce the plea bargain evidence, a mini-trial on the contents of that plea agreement, including the negotiations engaged in to achieve those contents, surely would result. In full defense of its rights, MGA would insist upon complete examination of the long and winding road leading to Mr. Castilla's agreement to the plea; this examination necessarily would entail the subpoenaing of additional trial witnesses (for example, Mr. Castilla's attorney and the peoples' attorney) and usurpation of this Court's — and its jurors' — time. Thus the "undue delay" alone brought on by introduction of the plea agreement militates against offering it into evidence under Rule 403.

Even if Mattel were able to proffer some argument that evidence of the plea agreement carries some probative value, whatever limited probative value there is to the existence of an criminal prosecution is substantially outweighed by the prejudice that MGA will suffer before the very jury chosen to entertain the exact same allegations Mattel brings against MGA. "Where the evidence is of very slight (if any) probative value, it's an abuse of discretion to admit it if there's even a modest likelihood of unfair prejudice or a small risk of misleading the jury."

*United States v. Gonzalez-Flores*, 418 F.3d 1093, 1098-99 (9th Cir. 2005) (citations omitted). MGA's concerns about the introduction of this evidence are serious and legitimate. Mattel accordingly should be excluded from entering evidence of Mr. Castilla's felony conviction, the factual basis for his plea agreement, and any reference to the criminal prosecution whatsoever.

Dated: January 13, 2011    ORRICK, HERRINGTON & SUTCLIFFE LLP

By:    */s/ William A. Molinski*
William A. Molinski
Attorneys for MGA Parties