# EXHIBIT B

| | LAW OFFICES OF | |
|---|---|---|
| MARK J. WERKSMAN<br>MARK M. HATHAWAY*<br>STEVE MEISTER<br>KELLY C. QUINN<br>MELISSA A. WEINBERGER<br>NINA DALY<br>———<br>*CERTIFIED SPECIALIST – TAXATION LAW<br>THE STATE BAR OF CALIFORNIA<br>BOARD OF LEGAL SPECIALIZATION | **MARK J. WERKSMAN**<br>888 West Sixth Street, Fourth Floor<br>Los Angeles, California 90017<br>Telephone (213) 688-0460<br>Facsimile (213) 624-1942 | *ADMITTED IN CALIFORNIA,<br>NEW YORK AND WASHINGTON D.C. |

January 12, 2011

William A. Molinski
Orrick Herrington & Sutcliffe
777 S. Figueroa Street  Ste 3200
Los Angeles, CA  90017

Dear Mr. Molinski,

You requested information concerning the article that appeared in the *Los Angeles Times* this morning, "Former Mattel employee pleads guilty to copying confidential documents."  I assure you that, as Mr. Jorge Castilla's attorneys, we had no prior knowledge of this article.  It would be directly against Mr. Castilla's personal interest for me to comment on or to publicize the entry of his plea.

The information in the *Los Angeles Times* article appears to come directly from the filed plea agreement, which would have only been available in Div. 50 yesterday and not generally available to the public.  I had no contact with the press and no reporters identified themselves at the hearing yesterday.  I have also reviewed the Los Angeles District Attorney's Office website and confirmed that the District Attorney did not issue a press release regarding Mr. Castilla. (See Press Releases, attached.)   A conformed copy of the plea agreement, however, was provided to Mattel's counsel, who was present at the entry of plea hearing yesterday morning.

I am reluctant to discuss details of the plea negotiations with the District Attorney's office because I have generally treated such discussions as confidential.  In short, the Deputy District Attorney offered a plea to the lesser count of unlawful access to a computer for probation with structured community service and restitution to the victim.  The Deputy District Attorney also agreed that if all the probation requirements were completed, the District Attorney would not oppose a motion to reduce the charge to a misdemeanor.  Attached is the draft plea agreement that was circulated.

Exhibit B - Page 3

William A. Molinski
Orrick Herrington & Sutcliffe
January 12, 2011
Page 2

     As to the restitution issue, the Deputy District Attorney put us in contact with Mattel attorney, Mr. Brian A. Sun, to reach an agreement on a restitution amount.  Discussions regarding restitution began in early December.  Over the past month or so there were several conference calls with the Deputy District Attorney, counsel for Mr. Castilla, and counsel for Mattel Inc.  In addition, there were direct discussions and correspondence between my office and Mattel Inc.'s counsel.  Ultimately the restitution amount was resolved on the evening of January 10, 2011, and the Deputy District Attorney placed the restitution amount in the final plea agreement yesterday morning, January 11, 2011.  (See Conformed Plea, attached.)  The resolution of the restitution amount permitted the entry of the plea to go forward without the need to set a restitution hearing.  The restitution was resolved by a separate Consent Agreement, which was signed by counsel and presented to the Deputy District Attorney.  (See Consent, attached.)

     Mattel Inc. did comment on the draft plea agreement in order to correct the spelling of company names and to remove the last sentence of the Factual Basis section, which read, "At the time of this plea, there is no evidence that the items taken were unlawfully used by the defendant in his new employment."  That sentence was removed at the request of Mattel's counsel.

     I hope this satisfies your inquiry about the *Los Angeles Times* article this morning.

                                          Sincerely yours,

                                          MARK M. HATHAWAY