QUINN EMANUEL URQUHART & SULLIVAN, LLP
  John B. Quinn (Bar No. 090378)
  (johnquinn@quinnemanuel.com)
  William C. Price (Bar No. 108542)
  (williamprice@quinnemanuel.com)
   Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:   (213) 443-3000
Facsimile:    (213) 443-3100

Attorneys for Mattel, Inc., and Mattel de Mexico, S.A. de C.V.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation, | CASE NO. CV 04-9049 DOC (RNBx) |
| Plaintiff, | Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727 |
| vs. | Hon. David O. Carter |
| MGA ENTERTAINMENT, INC., a California corporation, et al., | **JOINT [PROPOSED] JURY INSTRUCTIONS** |
| Defendants. | |
| AND CONSOLIDATED ACTIONS | Pre-trial Conference:   January 4, 2011<br>Trial Date:                   January 18, 2011 |

1         Mattel, Inc. and Mattel de Mexico, S.A. de C.V. (collectively, "Mattel"),

2   MGA Entertainment, Inc., MGAE de Mexico S.R.L. de C.V., MGA Entertainment

3   (HK) Limited, and Isaac Larian (collectively, the "MGA Parties"), and Carlos

4   Gustavo Machado Gomez ("Machado") hereby submit the following joint

5   proposed jury instructions in this matter pursuant to Local Rule 51-1.  The parties

6   will submit separately those proposed instructions as to which all parties do not

7   agree.

8         Mattel, the MGA Parties and Machado request and reserve the right to

9   amend, modify, withdraw and/or supplement the following instructions before or

10  during the trial of this matter.

11

12  DATED:  January 15, 2011        QUINN EMANUEL URQUHART & SULLIVAN. LLP

13

14                                    Bv _/s/ Michael T. Zeller_

15                                    Michael T. Zeller
                                      Attorneys for Mattel, Inc. and Mattel de Mexico. S.A. de C.V.

16

17  DATED:  January 15, 2011        ORRICK, HERRINGTON & SUTCLIFFE, LLP

18

19                                      Bv _/s/ Annette L. Hurst_

20                                    Annette L. Hurst
                                      Attorneys for the MGA Parties

21

22  DATED:  January 15, 2011        SCHEPER KIM & HARRIS. LLP

23

24                                      Bv _/s/ Alexander H. Cote_

25                                    Alexander H. Cote
                                      Attorneys for Carlos Gustavo Machado

26

27

28

# TABLE OF CONTENTS

| Number | Title | Source | Page |
|--------|-------|--------|------|
| 1.1A | DUTY OF JURY (COURT READS AND PROVIDES WRITTEN INSTRUCTIONS) | 9th Cir. Civ. Jury Instr. 1.1A (2007). | 1 |
| 1.1B | DUTY OF JURY (COURT READS INSTRUCTIONS ONLY) | 9th Cir. Civ. Jury Instr. 1.1B (2007). | 3 |
| 1.1C | DUTY OF JURY (COURT READS AND PROVIDES WRITTEN INSTRUCTIONS AT END OF CASE) | 9th Cir. Civ. Jury Instr. 1.1C (2007). | 5 |
| 1.3 | BURDEN OF PROOF-PREPONDERANCE OF THE EVIDENCE | 9th Cir. Civ. Jury Instr. 1.3 (2007); Judicial Council of California Civil Jury Instructions (2010) ("CACI"), No. 200. | 7 |
| 1.4 | BURDEN OF PROOF - CLEAR AND CONVINCING EVIDENCE | 9th Cir. Civ. Jury Instr. 1.4 (2007); CACI 201. | 9 |
| 1.6 | WHAT IS EVIDENCE | 9th Cir. Civ. Jury Instr. 1.6 (2007). | 11 |
| 1.7 | WHAT IS NOT EVIDENCE | 9th Cir. Civ. Jury Instr. 1.7 (2007). | 13 |
| 1.8 | EVIDENCE FOR LIMITED PURPOSE | 9th Cir. Civ. Jury Instr. 1.8 (2007). | 15 |
| 1.10 | RULING ON OBJECTIONS | 9th Cir. Civ. Jury Instr. 1.10 (2007). | 17 |
| 1.11 | CREDIBILITY OF WITNESSES | 9th Cir. Civ. Jury Instr. 1.11 (2007). | 19 |
| 1.12 | CONDUCT OF THE JURY | 9th Cir. Civ. Jury Instr. 1.12 (2007). | 21 |
| 1.13 | NO TRANSCRIPT AVAILABLE TO JURY | 9th Cir. Civ. Jury Instr. 1.13 (2007). | 24 |
| 1.14 | TAKING NOTES | 9th Cir. Civ. Jury Instr. 1.14 (2007). | 26 |
| 1.16 | JURY TO BE GUIDED BY OFFICIAL ENGLISH TRANSLATION | 9th Cir. Civ. Jury Instr. 1.16 (2007). | 28 |
| 1.17 | USE OF INTERPRETERS IN COURT | 9th Cir. Civ. Jury Instr. 1.17 (2007). | 30 |
| 1.18 | BENCH CONFERENCES AND RECESSES | 9th Cir. Civ. Jury Instr. 1.18 (2007). | 32 |
| 2.2 | STIPULATIONS OF FACT | 9th Cir. Civ. Jury Instr. 2.2 (2007). | 34 |
| 2.3 | JUDICIAL NOTICE | 9th Cir. Civ. Jury Instr. 2.3 (2007). | 36 |
| 2.4 | DEPOSITION IN LIEU OF LIVE TESTIMONY | 9th Cir. Civ. Jury Instr. 2.4 (2007). | 38 |
| 2.5 | TRANSCRIPT OF | 9th Cir. Civ. Jury Instr. 2.5 (2007). | 40 |

| Number | Title | Source | Page |
|--------|-------|--------|------|
| | TAPE RECORDING | | |
| 2.6 | TRANSCRIPT OF RECORDING IN FOREIGN LANGUAGE | 9th Cir. Civ. Jury Instr. 2.6 (2007). | 42 |
| 2.10 | USE OF INTERROGATORIES OF A PARTY | 9th Cir. Civ. Jury Instr. 2.10 (2007). | 44 |
| 2.11 | EXPERT OPINION | 9th Cir. Civ. Jury Instr. 2.11 (2007). | 46 |
| 2.12 | CHARTS AND SUMMARIES NOT RECEIVED IN EVIDENCE | 9th Cir. Civ. Jury Instr. 2.12 (2007). | 48 |
| 2.13 | CHARTS AND SUMMARIES IN EVIDENCE | 9th Cir. Civ. Jury Instr. 2.13 (2007). | 50 |
| 2.14 | EVIDENCE IN ELECTRONIC FORMAT | 9th Cir. Civ. Jury Instr. 2.14 (2007). | 52 |
| 3.1 | DUTY TO DELIBERATE | 9th Cir. Civ. Jury Instr. 3.1 (2007). | 55 |
| 3.2 | COMMUNICATION WITH COURT | 9th Cir. Civ. Jury Instr. 3.2 (2007). | 57 |
| 3.3 | RETURN OF VERDICT | 9th Cir. Civ. Jury Instr. 3.3 (2007). | 59 |
| 4.1 | CORPORATIONS AND PARTNERSHIPS—FAIR TREATMENT | 9th Cir. Civ. Jury Instr. 4.1 (2007). | 61 |
| 4.2 | LIABILITY OF CORPORATIONS—SCOPE OF AUTHORITY NOT IN ISSUE | 9th Cir. Civ. Jury Instr. 4.2 (2007). | 63 |
| 4.6 | ACT OF AGENT IS ACT OF PRINCIPAL—SCOPE OF AUTHORITY NOT IN ISSUE | 9th Cir. Civ. Jury Instr. 4.6 (2007). | 65 |
| CACI 315 | INTERPRETATION—MEANING OF ORDINARY WORDS | CACI 315. | 67 |
| CACI 316 | INTERPRETATION—MEANING OF TECHNICAL WORDS | CACI 316. | 69 |

**JOINT PROPOSED JURY INSTRUCTIONS**

**1.1A**

**DUTY OF JURY (COURT READS AND**
**PROVIDES WRITTEN INSTRUCTIONS)**

Ladies and gentlemen: You are now the jury in this case. It is my duty to instruct you on the law.

These instructions are preliminary instructions to help you understand the principles that apply to civil trials and to help you understand the evidence as you listen to it.  You will be allowed to keep this set throughout the trial to which to refer.  This set of instructions is not to be taken home and must remain in the jury room when you leave in the evenings.  At the end of the trial, I will give you a final set of instructions.  It is the final set of instructions which will govern your deliberations.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

1

**Authority:**  9th Cir. Civ. Jury Instr. 1.1A (2007).

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-2-

1    **1.1B**

2    **DUTY OF JURY (COURT READS INSTRUCTIONS ONLY)**

3

4         Ladies and gentlemen:  You are now the jury in this case.  It is my duty to

5    instruct you on the law.

6         You must not infer from these instructions or from anything I may say or do

7    as indicating that I have an opinion regarding the evidence or what your verdict

8    should be.

9         It is your duty to find the facts from all the evidence in the case.  To those

10   facts you will apply the law as I give it to you.  You must follow the law as I give

11   it to you whether you agree with it or not.  And you must not be influenced by any

12   personal likes or dislikes, opinions, prejudices, or sympathy.  That means that you

13   must decide the case solely on the evidence before you.  You will recall that you

14   took an oath to do so.

15        In following my instructions, you must follow all of them and not single out

16   some and ignore others; they are all important.

17

18

19

20

21

22

23

24

25

26

27

28

1

**Authority:**  9th Cir. Civ. Jury Instr. 1.1B (2007).

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**<u>1.1C</u>**

**<u>DUTY OF JURY (COURT READS AND PROVIDES</u>**

**<u>WRITTEN INSTRUCTIONS AT END OF CASE)</u>**

Members of the Jury: Now that you have heard all of the evidence, it is my duty to instruct you as to the law of the case.

[Each of you has received a copy of these instructions that you may take with you to the jury room to consult during your deliberations.]

*or*

[A copy of these instructions will be sent with you to the jury room when you deliberate.]

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

05.07209/3915708.2

1

**Authority:**  9th Cir. Civ. Jury Instr. 1.1(C) (2007).

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## 1.3

## BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE

In criminal trials, the prosecution must prove that the defendant is guilty beyond a reasonable doubt.  But in civil trials, such as this one, the party who is required to prove something generally need prove only that it is more likely to be true than not true.

When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

1       **Authority:**   9th Cir. Civ. Jury Instr. 1.3 (2007); Judicial Council of

2 California Civil Jury Instructions (2010) ("CACI"), No. 200.

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## **1.4**

2

## **BURDEN OF PROOF—CLEAR AND CONVINCING EVIDENCE**

3

4       When a party has the burden of proving any claim or defense by clear and

5   convincing evidence, it means you must be persuaded by the evidence that the

6   claim or defense is highly probable.  This is a higher standard of proof than proof

7   by a preponderance of the evidence.

8       You should base your decision on all of the evidence, regardless of which

9   party presented it.  I will tell you specifically which facts must be proved by clear

10   and convincing evidence.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Authority:**  9th Cir. Civ. Jury Instr. 1.4 (2007); CACI 201.

**1.6**

**WHAT IS EVIDENCE**

The evidence you are to consider in deciding what the facts are consists of:

(1)  The sworn testimony of any witness;

(2)  The exhibits which are received into evidence;

(3)  Any facts to which the lawyers have agreed; and

(4)  Interrogatory responses and responses to Requests for Admissions, which are terms I will explain to you shortly.

1

**Authority:**  9th Cir. Civ. Jury Instr. 1.6 (2007) (modified).

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**1.7**

**WHAT IS NOT EVIDENCE**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence.  Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you.

(1)     Arguments and statements by lawyers are not evidence.  The lawyers are not witnesses.  What they have said in their opening statements, [will say in their] closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2)     Questions and objections by lawyers are not evidence.  Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objection or by the court's ruling on it.

(3)     Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.  In addition sometimes testimony and exhibits are received only for a limited purpose; when I [give] [have given] a limiting instruction, you must follow it.

(4)     Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

JOINT [PROPOSED] JURY INSTRUCTIONS

1    **Authority:**  9th Cir. Civ. Jury Instr. 1.7 (2007).

-14-

## **1.8**

## **EVIDENCE FOR LIMITED PURPOSE**

Some evidence may be admitted for a limited purpose only.

When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

[The testimony you are about to hear may be considered only for the limited purpose of [*describe purpose*] and for no other purpose.]

505.07209/3915708.2

1    **Authority:**  9th Cir. Civ. Jury. Instr. 1.8 (2007).

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-16-

**1.10**

**RULING ON OBJECTIONS**

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, the question may be answered or the exhibit received.  If I sustain the objection, the question cannot be answered, and the exhibit cannot be received.  Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence.  That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

1      **Authority**:  9th Cir. Civ. Jury Instr. 1.10 (2007)

# 1.11
## CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.  Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

    (1)    the opportunity and ability of the witness to see or hear or know the things testified to;

    (2)    the witness's memory;

    (3)    the witness's manner while testifying;

    (4)    the witness's interest in the outcome of the case and any bias or prejudice;

    (5)    whether other evidence contradicted the witness's testimony;

    (6)    the reasonableness of the witness's testimony in light of all the evidence; and

    (7)    any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

1

**Authority:**  9th Cir. Civ. Jury Instr. 1.11 (2007).

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-20-

## **1.12**
## **CONDUCT OF THE JURY**

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via e-mail, text messaging, or any Internet chat room, blog, Web site or other feature. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict:  do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address.  A juror who violates these restrictions jeopardizes the fairness of these proceedings [, and a mistrial could result that would require the entire trial process to start over].  If any juror is exposed to any outside information, please notify the court immediately.

1        **Authority:**  9th Cir. Civ. Jury Instr. 1.12 (2007).

605.07209/3915708.2

## **1.13**

## **NO TRANSCRIPT AVAILABLE TO JURY**

During deliberations, you will have to make your decision based on what you recall of the evidence.  You will not have a transcript of the trial.  I urge you to pay close attention to the testimony as it is given.

If at any time you cannot hear or see the testimony, evidence, questions or arguments, let me know so that I can correct the problem.

505.07209/3915708.2

1

**Authority:**  9th Cir. Civ. Jury Instr. 1.13 (2007).

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-25-

## 1.14
## TAKING NOTES

If you wish, you may take notes to help you remember the evidence.  If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case.  Do not let note-taking distract you.  When you leave, your notes should be left in the [courtroom] [jury room] [envelope in the jury room].  No one will read your notes.  They will be destroyed at the conclusion of the case.

Whether or not you take notes, you should rely on your own memory of the evidence.  Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.

1

**Authority:**  9th Cir. Civ. Jury Instr. 1.14 (2007).

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-27-

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## **1.16**

## **JURY TO BE GUIDED BY OFFICIAL ENGLISH TRANSLATION**

Languages other than English may be used during this trial.

The evidence to be considered by you is only that provided through the official court translators.  Although some of you may know Spanish, it is important that all jurors consider the same evidence.  Therefore, you must accept the English translation.  You must disregard any different meaning.

1    **Authority:**  9th Cir. Civ. Jury Instr. 1.16 (2007).

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## 1.17

## USE OF INTERPRETERS IN COURT

You must not make any assumptions about a witness or a party based solely upon the use of an interpreter to assist that witness or party.

1

**Authority:**  9th Cir. Civ. Jury Instr. 1.17 (2007).

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# 1.18

## BENCH CONFERENCES AND RECESSES

From time to time during the trial, it became necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury was present in the courtroom, or by calling a recess.  Please understand that while you were waiting, we were working.  The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we have done what we could to keep the number and length of these conferences to a minimum.  I did not always grant an attorney's request for a conference.  Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

JOINT [PROPOSED] JURY INSTRUCTIONS

1

**Authority:**  9th Cir. Civ. Jury Instr. 1.18 (2007).

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## 2.2

## STIPULATIONS OF FACT

The parties have agreed to certain facts to be placed in evidence.  You should therefore treat these facts as having been proved.

1      **Authority:**  9th Cir. Civ. Jury Instr. 2.2 (2007).

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-35-

**2.3**

**JUDICIAL NOTICE**

The court has decided to accept as proved the fact that [*state fact*], even though no evidence has been introduced on the subject.  You must accept this fact as true.

1      **Authority:**  9th Cir. Civ. Jury Instr. 2.3 (2007).

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**2.4**

**DEPOSITION IN LIEU OF LIVE TESTIMONY**

A deposition is the sworn testimony of a witness taken before trial.  The witness is placed under oath to tell the truth and lawyers for each party may ask questions.  The questions and answers are recorded.  When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.

The depositions of a number of witnesses were taken in this case.  You should consider deposition testimony, presented to you in court in lieu of live testimony, insofar as possible, in the same way as if the witness had been present to testify.

1

**Authority:**  9th Cir. Civ. Jury Instr. 2.4 (2007) (modified).

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## 2.5

2

## TRANSCRIPT OF TAPE RECORDING

3

4          You are about to listen to a tape recording that has been received in

5   evidence.  Please listen to it very carefully.  Each of you has been given a

6   transcript of the recording to help you identify speakers and as a guide to help you

7   listen to the tape.  However, bear in mind that the tape recording is the evidence,

8   not the transcript.  If you hear something different from what appears in the

9   transcript, what you heard is controlling. After the tape has been played, the

10  transcript will be taken from you.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**Authority:**  9th Cir. Civ. Jury Instr. 2.5 (2007).

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**2.6**

**TRANSCRIPT OF RECORDING IN FOREIGN LANGUAGE**

You are about to listen to a tape recording in Spanish.  Each of you has been given a transcript of the recording that has been admitted into evidence.  The transcript is a translation of the foreign language tape recording.

Although some of you may know Spanish, it is important that all jurors consider the same evidence.  Therefore, you must accept the interpreter's translation contained in the transcript and disregard any different meaning.

1          **Authority:**  9th Cir. Civ. Jury Instr. 2.6 (2007) (modified).

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## 2.10

## USE OF INTERROGATORIES OF A PARTY

Evidence was presented to you in the form of answers of one of the parties to written interrogatories submitted by the other side.  These answers have been given in writing and under oath, before the actual trial, in response to questions that were submitted in writing under established court procedures.  You should consider the answers, insofar as possible, in the same way as if they were made from the witness stand by the party that responded to the written interrogatories.

1    **Authority:**  9th Cir. Civ. Jury Instr. 2.10 (2007) (modified).

## 2.11

## EXPERT OPINION

Some witnesses, because of education or experience, are permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony.  You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

1    **Authority:**  9th Cir. Civ. Jury Instr. 2.11 (2007).

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-47-

## 2.12

## CHARTS AND SUMMARIES NOT RECEIVED IN EVIDENCE

Certain charts and summaries not received in evidence have been shown to you in order to help explain the contents of books, records, documents, or other evidence in the case.  They are not themselves evidence or proof of any facts.  If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

1    **Authority:**  9th Cir. Civ. Jury Instr. 2.12 (2007).

-49-

1

## 2.13

2

## CHARTS AND SUMMARIES IN EVIDENCE

3

4      Certain charts and summaries have been received into evidence to illustrate

5   information brought out in the trial.  Charts and summaries are only as good as the

6   underlying evidence that supports them.  You should, therefore, give them only

7   such weight as you think the underlying evidence deserves.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1       **Authority:**  9th Cir. Civ. Jury Instr. 2.13 (2007).

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **2.14**
## **EVIDENCE IN ELECTRONIC FORMAT**

Those exhibits capable of being displayed electronically will be provided to you in that form, and you will be able to view them in the jury room. A computer, projector, printer and accessory equipment will be available to you in the jury room.

A court technician will show you how to operate the computer and other equipment; how to locate and view the exhibits on the computer; and how to print the exhibits. You will also be provided with a paper list of all exhibits received in evidence. (Alternatively, you may request a paper copy of an exhibit received in evidence by sending a note through the bailiff.) If you need additional equipment or supplies, you may make a request by sending a note.

In the event of any technical problem, or if you have questions about how to operate the computer or other equipment, you may send a note to the bailiff, signed by your foreperson or by one or more members of the jury. Be as brief as possible in describing the problem and do not refer to or discuss any exhibit you were attempting to view.

If a technical problem or question requires hands-on maintenance or instruction, a court technician may enter the jury room with the bailiff present for the sole purpose of assuring that the only matter that is discussed is the technical problem. When the court technician or any non-juror is in the jury room, the jury shall not deliberate. No juror may say anything to the court technician or any non-juror other than to describe the technical problem or to seek information about operation of equipment. Do not discuss any exhibit or any aspect of the case.

The sole purpose of providing the computer in the jury room is to enable jurors to view the exhibits received in evidence in this case. You may not use the computer for any other purpose. At my direction, technicians have taken steps to

-52-

1 make sure that the computer does not permit access to the Internet or to any

2 "outside" website, database, directory, game, or other material.  Do not attempt to

3 alter the computer to obtain access to such materials.  If you discover that the

4 computer provides or allows access to such materials, you must inform me

5 immediately and refrain from viewing such materials.  Do not remove the

6 computer or any electronic data from the jury room, and do not copy any such data.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**Authority:**  9th Cir. Civ. Jury Instr. 2.14 (2007).

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-54-

**3.1**

**DUTY TO DELIBERATE**

When you begin your deliberations, you should elect one member of the jury as your presiding juror.  That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so.  Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should.  Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

1

**Authority:**  9th Cir. Civ. Jury Instr. 3.1 (2007).

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-56-

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## 3.2

## COMMUNICATION WITH COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the [marshal] [bailiff], signed by your presiding juror or by one or more members of the jury.  No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court.  If you send out a question, I will consult with the parties before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.  Do not disclose any vote count in any note to the court.

1

**Authority:** 9th Cir. Civ. Jury Instr. 3.2 (2007).

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## 3.3

## RETURN OF VERDICT

A verdict form has been prepared for you.  [*Any explanation of the verdict form may be given at this time.*]  After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.

1    **Authority:**  9th Cir. Civ. Jury Instr. 3.3 (2007).

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **4.1**

## **CORPORATIONS AND PARTNERSHIPS—FAIR TREATMENT**

     All parties are equal before the law and a corporation is entitled to the same fair and conscientious consideration by you as any party.

505.07209/3915708.2

JOINT [PROPOSED] JURY INSTRUCTIONS

1

**Authority:**  9th Cir. Civ. Jury Instr. 4.1 (2007).

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## **4.2**

2

## **LIABILITY OF CORPORATIONS—SCOPE OF**

3

## **AUTHORITY NOT IN ISSUE**

4

5          Under the law, a corporation is considered to be a person.  It can only act

6   through its employees, agents, directors, or officers.  Therefore, a corporation is

7   responsible for the acts of its employees, agents, directors, and officers performed

8   within the scope of authority.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-63-

1      **Authority:**  9th Cir. Civ. Jury Instr. 4.2 (2007).

1

## **4.6**

2

## **ACT OF AGENT IS ACT OF PRINCIPAL—**

3

## **SCOPE OF AUTHORITY NOT IN ISSUE**

4

5
Any act or omission of an agent within the scope of authority is the act or omission of the principal.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**Authority:**  9th Cir. Civ. Jury Instr. 4.6 (2007).

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CACI 315

## INTERPRETATION—MEANING OF ORDINARY WORDS

You should assume that the parties intended the words in their contract to have their usual and ordinary meaning unless you decide that the parties intended the words to have a special meaning.

1    **Authority:**  CACI 315.

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-68-

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CACI 316

## INTERPRETATION—MEANING OF TECHNICAL WORDS

You should assume that the parties intended technical words used in the contract to have the meaning that is usually given to them by people who work in that technical field, unless you decide that the parties clearly used the words in a different sense.

1    **Authority:**  CACI 316.
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28