ANNETTE L. HURST (State Bar No. 148738)
ahurst@orrick.com
WARRINGTON S. PARKER III (State Bar No. 148003)
wparker@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building, 405 Howard Street
San Francisco, CA 94105
Tel: (415) 773-5700/ Fax: (415) 773-5759

WILLIAM A. MOLINSKI (State Bar No. 145186)
wmolinski@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA 90017
Tel: (213) 629-2020/Fax: (213) 612-2499

THOMAS S. McCONVILLE (State Bar No. 155905)
tmcconville@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
4 Park Plaza, Suite 1600
Irvine, CA 92614-2258
Tel: (949) 567-6700/Fax: (949) 567-6710

Attorneys for MGA Parties

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>            Plaintiff,<br><br>     v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>            Defendant.<br><br>AND CONSOLIDATED ACTIONS | Case No.  CV 04-9049-DOC (RNBx)<br>Consolidated with Nos. CV 04-9059 and CV 05-2727<br><br>Hon. David O. Carter<br><br>**MGA PARTIES' MOTION IN LIMINE NO. 42 TO PRECLUDE EVIDENCE REGARDING DISCREDITED TRADE SECRET CATEGORIES**<br><br>Date:       TBD<br>Time:      TBD<br>Dept.:      Courtroom 9D<br>Trial Date: January 11, 2011 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on a date and time to be set by this Court before the Honorable David O. Carter, located at 411 West Fourth Street, Santa Ana, California, the MGA Parties will and hereby do move this Court in limine for an order precluding Mattel from introducing or making reference to five categories of alleged trade secret knowledge purportedly possessed by Jorge Castilla and documents relating thereto that were removed from the case on summary judgment and precluding Mattel from using these discredited trade secret categories for purposes of calculating trade secret damages at trial in this matter. Such evidence should be excluded under Federal Rules of Evidence 401, 402, and 403.

This motion is based on this notice of motion, the accompanying memorandum of points and authorities, the records and files of this Court, and any other matter of which the court may take judicial notice.

This motion is made following the conference of counsel pursuant to Local Rule 7-3.

Dated: January 16, 2011        Respectfully submitted,

WILLIAM A. MOLINSKI
ORRICK, HERRINGTON & SUTCLIFFE LLP


By: _____
        William A. Molinski
        Attorneys for MGA Parties

**INTRODUCTION**

Five categories of information alleged by Mattel to be trade secrets misappropriated by a former employee were removed from this action on summary judgment. Because these categories of information do not relate to issues that remain in the case, they fail to meet the standards of relevance under the Federal Rules of Evidence. Consequently, Mattel should be precluded at trial from referring to or introducing evidence, in documentary or other form, regarding these five discredited trade secret categories. Mattel should also be precluded from using any evidence regarding these discredited trade secret categories to support the calculation of purported damages.

**ARGUMENT**

**I.  REFERENCE TO TRADE SECRET CATEGORIES REMOVED FROM THIS ACTION ON SUMMARY JUDGMENT FOR LACK OF A GENUINE ISSUE OF MATERIAL FACT AND INTRODUCTION OF EVIDENCE RELATED THERETO SHOULD BE PRECLUDED.**

In its Amended Order on Summary Judgment, dated January 5, 2011, ("SJ Order"), the Court ruled that there was no genuine issue of material fact concerning five categories of alleged trade information possessed by Jorge Castilla ("Castilla"). Reference to these five discredited categories and documentation and testimony relating thereto should be precluded from introduction in evidence or use for purposes of damages calculation at trial. SJ Order at 41-48.

In support for its Motion for Partial Summary Judgment, Mattel submitted the Declaration of Laura Owens, dated November 21, 2010, ("Owens Decl."), asserting that Castilla had personal knowledge of seven categories of purported Mattel trade secrets. Only two of these categories survived summary judgment. The five categories of alleged trade secret knowledge that were removed from the case on summary judgment were denominated by Mattel as Castilla Trade Secret Nos. 1, 2, 5, 6, and 7 (the "Discredited Trade Secret Categories"): Castilla Trade Secret No. 1 concerned Mattel's forecasting process; Castilla Trade Secret No. 2

concerned Mattel's demand planning process; Castilla Trade Secret No. 5 concerned Mattel's Manugistics Pilot Program; Castilla Trade Secret No. 6 concerned Mattel's International Data Warehouse ("IDW"); and Castilla Trade Secret No. 7 concerned Mattel's Enterprise Data Warehouse ("EDW").  Owens Decl. ¶¶ 5-21, 31-39.  SJ Order at 41-48.

Mattel should, therefore, be barred from making reference to or introducing testimony or documents and should be barred from using these Discredited Trade Secret Categories (including documents or testimony) to support its damage calculations at trial.  Mattel should not be permitted to introduce documentation or testimony through back door channels to support theories and damages that have already been denied by this Court.

## II. THE DISCREDITED TRADE SECRET DOCUMENTS AND TESTIMONY SHOULD BE EXCLUDED FOR FAILURE TO SATISFY STANDARDS OF RELEVANCE UNDER THE FEDERAL RULES OF EVIDENCE.

Relevant evidence under the Federal Rules of Evidence "means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401.  "Evidence which is not relevant is not admissible." Fed. R. Evid. 401.  Each of the Discredited Trade Secret Categories relates specifically to trade secret theories proffered by Mattel that this Court rejected for failure to demonstrate genuine issue of material fact.  Just as Mattel is barred from introducing testimony regarding these discredited Mattel trade secret theories as a consequence of the Court's SJ Order, so, too, should Mattel be barred from introducing documents that do not relate to any fact that is of consequence in this action.

Because the Discredited Trade Secret Categories do not relate to a viable theory of trade secret misappropriation, those categories and documents do not constitute relevant evidence under Federal Rule of Evidence 401.  They should,

therefore, be precluded under Federal Rule of Evidence 402 from reference or introduction at trial and be barred from use to support any calculation of trade secret damages. *Logan v. Trucks for You, Inc.*, 2002 WL 34453503 *1 (C.D. Cal.) (granting motion *in limine* to exclude evidence regarding issue disposed of on summary judgment excluded as irrelevant pursuant to Fed. R. Evid. 402); *Borger v. City of Hollister*, 2005 WL 6019704 *3 (N.D. Cal.) (granting motion *in limine* to exclude evidence regarding issue disposed of on summary judgment for failure to raise a genuine issue of material fact).

Notwithstanding the irrelevance of the Discredited Trade Secret Categories to any trade secret theory that survived summary judgment, Mattel may nevertheless seek to introduce such testimony and documents on the theory that they purportedly relate to another factual issue in the case. The Court should not, however, permit the introduction of these documents because each of them refers squarely, if not solely, to the trade secret theories that have been removed from the action on summary judgment. Federal Rule of Evidence 403 dictates that "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury …."

Although it is difficult to conceive of any basis to assert the relevance of any of the Discredited Trade Secret Categories, the probative value of any of them as to any such alternative theory of relevance would be substantially outweighed by the prejudice caused to the MGA Parties if these documents regarding the Discredited Trade Secret Categories were introduced to the jury. Accordingly, such documentation must be excluded. *United States v. Gonzalez-Flores*, 418 F.3d 1093, 1098-99 (9th Cir. 2005) ("Where the evidence is of very slight (if any) probative value, it's an abuse of discretion to admit it if there's even a modest likelihood of unfair prejudice or a small risk of misleading the jury.")

## III. INTRODUCTION OF EVIDENCE OF DAMAGES RELATING TO THE TRADE SECRET CATEGORIES REMOVED FROM THIS ACTION ON SUMMARY JUDGMENT SHOULD BE PRECLUDED.

Mattel retained Michael J. Wagner ("Wagner") to opine regarding damages sought by Mattel in this action. In the Corrected Expert Report of Michael J. Wagner, dated November 12, 2010, (the "Wagner Report"), Wagner enumerated costs purportedly incurred by Mattel to develop trade secrets allegedly taken by Castilla. Wagner Report ¶ 413, Figure 31. Dkt. # 9498. Wagner calculated that Mattel's total cost to develop these purported trade secrets was $11,961,161 and that this amount constituted unjust enrichment to the MGA Parties. Id. ¶ 413, Figure 31; ¶ 414. Wagner further opined that a reasonable royalty adequate to compensate Mattel for Castilla's alleged trade secret misappropriation "is 2/3 of the cost to develop, $7,974,127." Id. ¶ 415.

Wagner included among the costs enumerated, however, expenses purportedly incurred by Mattel to develop the Discredited Trade Secret Categories. Specifically, Wagner included the following enumerated costs, each of which refers to a trade secret category that has been removed from this action on summary judgment:

| | |
|---|---|
| Manugistics (Castilla Trade Secret No. 5) | $3,367,311 |
| Sales Planning Original (Castilla Trade Secret No. 2) | $235,600 |
| EDW (Castilla Trade Secret No. 6) | $2,335,000 |
| EDW F&P (Castilla Trade Secret No. 6) | $3,959,820 |
| IDW (Castilla Trade Secret No. 7) | $600,000 |

*Id.* ¶ 413, Figure 31. The total of these costs attributable to development within the Discredited Trade Secret Categories is $10,497,731, two-thirds of which amounts to $6,998,487.

Mattel's unjust enrichment calculation thus improperly includes $10,497,731 attributed by Mr. Wagner to the costs of developing Discredited Trade Secret Categories. Mattel's assertion that the MGA Parties were unjustly enriched by

1  $11,961,161 must be reduced by $10,497,731 to account for the improper inclusion

2  of the costs of development of Discredited Trade Secret Categories in the

3  calculation. Thus, Mattel's assertion of unjust enrichment must be reduced to

4  $1,463,430.

5      In addition, although the MGA Parties do not accept Wagner's opinion that

6  2/3 of the cost to develop a legitimate trade secret constitutes a reasonable royalty

7  adequate to compensate for misappropriation, by Wagner's own reasoning, the

8  assertion that Mattel is entitled to recover $7,974,127 as a reasonable royalty for

9  alleged trade secret misappropriation must be reduced by $6,998,487 to account for

10 the improper inclusion of damages for the Discredited Trade Secret Categories.

11     Thus, the Court should preclude Mattel from introducing documentary or

12 testimonial evidence of damages relating to the five discredited trade secret

13 categories to support either an unjust enrichment or reasonable royalty damages

14 calculation and bar Mattel from asserting unjust enrichment attributable to

15 purported trade secret misappropriation greater than $1,463,430 ($11,961,161

16 minus $10,497,731) and from asserting reasonable royalty damages greater than

17 $975,640 ($7,974,127 minus $6,998,487) after exclusion of the costs attributed by

18 Mr. Wagner to development within the Discredited Trade Secret Categories.

19                          **CONCLUSION**

20     For the foregoing reasons, Mattel should not be permitted at trial to (i) refer

21 to or introduce the Discredited Trade Secret Categories or documents that refer to

22 these categories, (ii) refer to or use such discredited categories or documents to

23 support the calculation of trade secret damages, or (iii) assert unjust enrichment

24 damages attributable to purported trade secret misappropriation greater $1,463,430

25 or reasonable royalty damages attributable to purported trade secret

26 misappropriation greater than $975,640, the amounts of damages that remain under

27 / / /

28 / / /

Mattel's unjust enrichment and reasonable royalty damages theories after exclusion of costs relating to the Discredited Trade Secret Categories.

Dated: January 16, 2011

Respectfully submitted,

WILLIAM A. MOLINSKI
ORRICK, HERRINGTON & SUTCLIFFE LLP

By: _____
William A. Molinski
Attorneys for MGA Parties