ANNETTE L. HURST (State Bar No. 148738)
ahurst@orrick.com
WARRINGTON S. PARKER III (State Bar No. 148003)
wparker@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building, 405 Howard Street
San Francisco, CA 94105
Tel: (415) 773-5700/ Fax: (415) 773-5759

WILLIAM A. MOLINSKI (State Bar No. 145186)
wmolinski@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA 90017
Tel: (213) 629-2020/Fax: (213) 612-2499

THOMAS S. McCONVILLE (State Bar No. 155905)
tmcconville@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
4 Park Plaza, Suite 1600
Irvine, CA 92614-2258
Tel: (949) 567-6700/Fax: (949) 567-6710

Attorneys for MGA Parties

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | Case No. CV 04-9049-DOC (RNBx)<br>Consolidated with Nos. CV 04-9059 and CV 05-2727<br><br>Hon. David O. Carter<br><br>**MGA PARTIES' CORRECTED MOTION IN LIMINE NO. 43 TO PRECLUDE EVIDENCE REGARDING THE ALLEGED THEFT OF NON-TRADE SECRET INFORMATION**<br><br>Date: TBD<br>Time: TBD<br>Dept.: Courtroom 9D<br>Trial Date: January 11, 2011 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on a date and time to be set by this Court before the Honorable David O. Carter, located at 411 West Fourth Street, Santa Ana, California, the MGA Parties will and hereby do move this Court *in limine* for an order precluding Mattel from referring to or introducing documentary or testimonial evidence regarding the copying, taking or attempted copying or taking by former Mattel employees later employed by the MGA Parties of information that is not specifically alleged to be a trade secret. Such evidence should be excluded under Federal Rules of Evidence 401, 402, and 403.

This motion is based on this notice of motion, the accompanying memorandum of points and authorities, the records and files of this Court, and any other matter of which the court may take judicial notice.

This motion is made following the conference of counsel pursuant to Local Rule 7-3.

Dated: January 16, 2011          Respectfully submitted,

WILLIAM A. MOLINSKI
ORRICK, HERRINGTON & SUTCLIFFE LLP


By: _____*/s/ William A. Molinski*_____
William A. Molinski
Attorneys for MGA Parties

- 1 -

MGA CORRECTED MIL NO. 43 TO PRECLUDE EVIDENCE RE
THE ALLEGED THEFT OF NON-TRADE SECRET INFORMATION
CASE No. CV 04-9049-DOC (RNBx)

# INTRODUCTION

In this action, Mattel has alleged that former employees misappropriated purported trade secret documentation belonging to Mattel. The Court, however, found on summary judgment that there was no genuine issue of material fact as to certain categories of alleged trade secrets allegedly misappropriated. This is either because Mattel had abandoned those other trade secrets, such as in the case of Brawer, Contreras and Cooney, or because the Court found certain trade secret claims legally invalid, such as in the case of Castilla. These abandoned and discredited trade secret categories no longer can form the basis for liability for trade secret misappropriation. In view of the extensive allegations of the acquisition or theft of information made by Mattel against former employees in this action – some of which concern viable trade secrets that remain in the case after summary judgment and others for which the Court found no evidence to support a basis for liability – there is a considerable risk that prejudicial, confusing, and duplicative testimony will be introduced into evidence at trial. If the jury is presented with evidence of the alleged theft of information, both trade secret and not, the jury could assume that it is being asked to decide whether any of this information was used even though the Court has already ruled that only a subset is fairly within the case.

Consequently, Mattel should be precluded from referring to or introducing through testimony or documentation evidence of the alleged theft or attempted theft of documentation or information not specifically alleged to constitute a trade secret that remains a basis for liability in this action after the Court's ruling on summary judgment.

- 1 -

MGA CORRECTED MIL NO. 43 TO PRECLUDE EVIDENCE RE
THE ALLEGED THEFT OF NON-TRADE SECRET INFORMATION
CASE NO. CV 04-9049-DOC (RNBx)

# ARGUMENT

## I. EVIDENCE AND REFERENCE TO THE COPYING BY FORMER MATTEL EMPLOYEES LATER EMPLOYED BY THE MGA PARTIES OF INFORMATION THAT IS NOT ALLEGED TO BE A TRADE SECRET SHOULD BE PRECLUDED.

In its Order on Summary Judgment, dated December 22, 2010, ("SJ Order"), the Court ruled that there was no genuine issue of material fact concerning many allegations of trade secret misappropriation by former Mattel employees who subsequently worked for the MGA Parties. By it SJ Order, the Court reduced by a substantial margin the number of instances of alleged misappropriation of trade secrets that are relevant to this action. Mattel should be precluded from referring to the copying or taking of non-trade secret documents or information and from introducing documentary or testimonial evidence of taking or copying of any such document or information not specifically alleged to be a trade secret that survived summary judgment.

In support for its trade secret misappropriation claim against the MGA Parties, Mattel alleged that former employees Ron Brawer ("Brawer"), Nick Contreras ("Contreras"), Jorge Castilla ("Castilla"), Dan Cooney ("Cooney"), Carlos Gustavo Machado Gomez ("Machado"), Pablo Vargas ("Vargas"), Mariana Trueba-Almada ("Trueba"), and Janine Brisbois ("Brisbois") either copied or induced others to copy trade secret information belonging to Mattel. SJ Order at 35-68. Only a fraction of these alleged instances of trade secret misappropriation survived summary judgment. *Id.*

Mattel originally alleged, for example, that Contreras had copied twenty-four (24) categories of trade secrets, but the Court found on summary judgment that Mattel had "abandoned the claim that any of these 24 categories of information constituted trade secrets." *Id*. at. 39-40. Mattel also alleged that Contreras attempted to obtain additional Mattel trade secrets from a Mattel employee, Susan Kim. *Id*. 39-40. But again the Court found that this theory had been abandoned.

1  *Id*. For another example, Mattel alleged that Cooney copied "some of Mattel's files
2  to a folder called Dan's Files," but the Court noted that Mattel identified "only two
3  of those files as trade secrets," both containing some portion of a formula
4  embedded in a Toys R Us spreadsheet. *Id*. at 48. In addition, as the MGA Parties
5  set forth in their Motion In Limine No. 42 to Preclude Evidence Regarding
6  Discredited Trade Secrets, many of the claimed trade secrets involving Castilla
7  have been rejected. *See Id*. at 41-48. Mattel also alleged that Brawer took various
8  trade secret documents from Mattel, including a business plan, contacts and other
9  documents, but Mattel now asserts only a single purported trade secret taken by
10 Brawer: the idea of dolls with swappable heads. *Id*. at 37. The Court recognized
11 that Mattel has "abandoned its counter-claim to the extent predicated on other
12 information allegedly misappropriated by Brawer and MGA." *Id*. at 37, fn. 15.

**II. REFERENCE TO OR EVIDENCE REGARDING THE COPYING OF DOCUMENTS NOT SPECIFICALLY ALLEGED TO BE TRADE SECRETS SHOULD BE EXCLUDED FOR FAILURE TO SATISFY STANDARDS OF RELEVANCE UNDER THE FEDERAL RULES OF EVIDENCE.**

16  Relevant evidence under the Federal Rules of Evidence "means evidence
17 having any tendency to make the existence of any fact that is of consequence to the
18 determination of the action more probable or less probable than it would be without
19 the evidence." Fed. R. Evid. 401. "Evidence which is not relevant is not
20 admissible." Fed. R. Evid. 401. The Court has rejected numerous allegations by
21 Mattel that documents copied by former employees constituted trade secret, finding
22 that Mattel failed to demonstrate a genuine issue of material fact regarding such
23 documents. The Court also found that Mattel alleged the misappropriation of
24 numerous categories of trade secrets without identifying them on a document-by-
25 document basis. Under Federal Rule of Evidence 401, evidence regarding the
26 copying of non-trade secret documents is not relevant to this action and, under
27 Federal Rule of Evidence 402, is not admissible.

28

- 3 -

MGA CORRECTED MIL NO. 43 TO PRECLUDE EVIDENCE RE
THE ALLEGED THEFT OF NON-TRADE SECRET INFORMATION
CASE NO. CV 04-9049-DOC (RNBx)

1   Unless a document allegedly taken by a former Mattel employee is
2   specifically alleged to constitute a trade secret that survived the Court's SJ Order,
3   reference to documentary and testimonial evidence regarding the taking or copying
4   – – or in Contreras' case, the attempted taking of information – – of any such non-
5   trade secret document should be precluded on the grounds of failure to satisfy
6   standards of relevance.  That employees took information that was not a trade secret
7   – – whether it be their personal contacts, employment evaluations, blank templates
8   or other – – is not legally relevant and can lead to significant confusion and
9   prejudice.

10   Notwithstanding the irrelevance of allegations of copying or taking of non-
11   trade secret documents or information to any trade secret misappropriation theory
12   that survived summary judgment, Mattel may nevertheless seek to introduce such
13   evidence on the theory that such alleged copying relates to another factual issue in
14   the case.  Federal Rule of Evidence 403 dictates that "evidence may be excluded if
15   its probative value is substantially outweighed by the danger of unfair prejudice,
16   confusion of the issues, or misleading the jury …."  Given the sheer number the
17   scattershot allegations of copying made by Mattel against many former employees
18   in this case – allegations that include the taking of documents that the Court has
19   rejected as trade secrets and the taking of documents that have not even been
20   specifically identified as trade secrets, exercise of the Court's discretion to exclude
21   prejudicial, confusing, and duplicative evidence is especially appropriate in this
22   case.

23   With respect to Contreras, Mattel has abandoned its claims of
24   misappropriation in their entirety.  Yet Mattel may seek to introduce evidence of his
25   allegedly having attempted to obtain Mattel trade secrets from Susan Kim, a former
26   Mattel employee!  Such claims are no longer relevant and any testimony by
27   Ms. Kim should be precluded.  If such evidence is not precluded, a jury may well
28   insert back into the case claims that Mattel has expressly abandoned.

- 4 -

MGA CORRECTED  MIL NO. 43 TO PRECLUDE EVIDENCE RE
THE ALLEGED THEFT OF NON-TRADE SECRET INFORMATION
CASE NO.  CV 04-9049-DOC (RNBx)

1  Consequently, the Court should preclude Mattel from presenting evidence
2  regarding the copying or taking, or attempted taking of any document other than a
3  document specifically alleged to constitute a trade secret.  Any such reference to the
4  copying or taking of non-trade secret documentation also runs the risk of confusing
5  the jury as to which specific documents among of the documents allegedly copied
6  or taken could form the basis of a viable trade secret misappropriation claim and
7  could lead to unnecessarily duplicative testimony.

## CONCLUSION

For the foregoing reasons, Mattel should not be permitted at trial to refer to or introduce through testimony or documentation evidence concerning the copying of documentation not specifically alleged to constitute a trade secret that remains a basis for liability in this action after the Court's ruling on summary judgment.

Dated: January 16, 2011     Respectfully submitted,

WILLIAM A. MOLINSKI
ORRICK, HERRINGTON & SUTCLIFFE LLP


By: _____*/s/ William A. Molinski*_____
        William A. Molinski
       Attorneys for MGA Parties