ANNETTE L. HURST (State Bar No. 148738)
ahurst@orrick.com
WARRINGTON S. PARKER III (State Bar No. 148003)
wparker@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building, 405 Howard Street
San Francisco, CA 94105
Tel: (415) 773-5700/ Fax: (415) 773-5759

WILLIAM A. MOLINSKI (State Bar No. 145186)
wmolinski@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA 90017
Tel: (213) 629-2020/Fax: (213) 612-2499

THOMAS S. McCONVILLE (State Bar No. 155905)
tmcconville@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
4 Park Plaza, Suite 1600
Irvine, CA 92614-2258
Tel: (949) 567-6700/Fax: (949) 567-6710

Attorneys for MGA Parties

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | Case No. CV 04-9049-DOC (RNBx)<br>Consolidated with Nos. CV 04-9059 and CV 05-2727<br><br><u>Hon. David O. Carter</u><br><br>**MGA'S POCKET BRIEF IN SUPPORT OF TOON TEENS LIMITING INSTRUCTION** |

MGA requests that the Court make a limiting instruction before the testimony of Lily Martinez (Mattel's corporate representative and second witness) explaining that Mattel has no claim of any kind based upon Toon Teens, including specifically no copyright infringement or trade secret misappropriation claim, and that the evidence regarding Toon Teens is offered solely in support of Mattel's argument that Carter Bryant first created his drawings in 1999 rather than in 1998.

The Court has previously ruled that Mattel may not premise a claim on Toon Teens. Dkt. # 63 (July 18, 2006 Order) at 4:11-12 ("A claim by Mattel of copyright infringement based upon the Toon Teens product is barred by counsel's representation") (granting motion to dismiss Bryant's declaratory relief claim based upon representation of counsel).

After the Court relied upon Mattel's representation in granting Bryant's motion to dismiss in 2006, Mattel repeatedly disavowed any intention of making any copyright infringement or trade secret misappropriation claim based on Toon Teens. At the time of the phase 1 trial, Mattel offered exactly the type of instruction sought here:

> MR. QUINN: Right. And I understand the point that the Court is making. And there is no claim made, never has been a claim made that Toon Teens was copied. (5/22/08 Tr. 7:6-8)
>
> MR. QUINN: And, in fact, you know, to avoid jury confusion, I think the jury can be instructed that there is no claim made by Mattel that Mr. Bryant did anything wrongful in copying Toon Teens and that you are to hear that evidence solely for the purpose, that it's only relevant to the issue of timing. (5/22/08 Tr. 7:10-15) (emphasis added)

| | |
|---|---|
| 1 | MR. ZELLER:  Setting all of that aside, however, the problem with their argument is that it is absolutely factually baseless.  The Toon Teens drawings were in fact published in 1999.  They were not solely internal at that point.  They were actually used because Lily Martinez initially did those drawings as the decals for a T-shirt on these dolls.  And so that fashion was public.  It was public before Carter Bryant even left Mattel. (5/22/08 Tr. 28:19-29:1) |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |
| 8 | |
| 9 | |
| 10 | MR. ZELLER:  But what I would like to do, your Honor, is to the extent that the Court has any issue or any question about this argument about the Toon Teens information being internally proprietary.  And that should have given rise to a claim, we'll be happy to put in, and I've already had them -- asked to have them brought over here.  I'll show you the dolls.  They were out in 1999.  They are the Toon Teens drawings. (5/22/08 Tr. 33:12-19) |
| 11 | |
| 12 | |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | MR. QUINN:       You know, the only thing that I can think of that should come in, and this, I think, is crucial, has to come in, is Toon Teens, and Diva Starz.  And that's because they are important as to the timing as to when Carter Bryant did this.  Why, your Honor? We're not -- I've stood up here and said two years ago or whenever it was, we're not making a copyright infringement claim as to Toon Teens.  That was looked at, and there was no such claim. (5/22/08 Tr. 205:3-10) |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

> MR. QUINN: Your Honor, my representation was that we weren't suing for copyright infringement. And I've stood by that representation. We abandoned that claim, but in all our discovery responses, we have consistently said this is relevant to timing. (5/22/08 Tr. 208:1-5)
>
> MR. QUINN: JUST TO BE CLEAR HERE, WE'RE NOT HERE IN COURT TODAY SAYING THAT MR. BRYANT COPIED TOON TEENS AND THAT'S WHAT THIS LAWSUIT IS ABOUT. WE'RE NOT ASSERTING THE CLAIM BECAUSE OF SOME INFRINGEMENT IN RIGHTS TO TOON TEENS BECAUSE OF COPYING TOON TEENS. I AM SHOWING YOU THE TOON TEENS BECAUSE IT HELPS YOU, IT HELPS US ALL, UNDERSTAND WHEN IT WAS THAT MR. BRYANT HAD TO HAVE CREATED THESE DRAWINGS. (5/27/08 Tr. 103:1-7)
> (Phase 1A Opening Statement)

Mattel wishes to offer its evidence regarding Toon Teens as pertinent only to timing. But Mattel is arguing that Bryant copied Toon Teens, using words such as "copied," "borrowed," "mimicked" and the like. The potential for jury confusion is enormous, especially where Mattel's corporate representative sitting at counsel table throughout the trial will be Lily Martinez, the Mattel designer who created Toon Teens.

Additionally, because of this significant potential for confusion and for the members of the jury to form inappropriate views based on assumptions as to the eventual nature of the legal instructions, the instruction should not wait until the

1  end of trial, but should be given before Ms. Martinez testifies (which will also be
2  immediately after Ms. Ross, Mattel's first witness, testifies on the same subject).
3
4  Dated:    January 16, 2011                Respectfully submitted,
5                                            ANNETTE L. HURST
                                             ORRICK, HERRINGTON & SUTCLIFFE
6                                            LLP
7
8
                                             By:    */s/ Annette L. Hurst*
9                                                   ANNETTE L. HURST
                                                    Attorneys for MGA Parties
10