QUINN EMANUEL URQUHART & SULLIVAN, LLP
  John B. Quinn (Bar No. 090378)
  (johnquinn@quinnemanuel.com)
  William C. Price (Bar No. 108542)
  (williamprice@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:   (213) 443-3000
Facsimile:    (213) 443-3100

Attorneys for Mattel, Inc., and Mattel de Mexico, S.A. de C.V.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation, and Mattel de Mexico, S.A. de C.V., a Mexico business entity, <br><br> Plaintiff, <br><br> vs. <br><br> MGA ENTERTAINMENT, INC., a California corporation, et al., <br><br> Defendant. <br><br>_____ <br><br> AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 DOC (RNBx) <br> Consolidated with <br> Case No. CV 04-09059 <br> Case No. CV 05-02727 <br><br> <u>Hon. David O. Carter</u> <br><br> **MATTEL, INC.'S NOTICE OF MOTION AND MOTION IN LIMINE  NO. 26 TO EXCLUDE EVIDENCE OF THE CONTENT OF BRYANT'S SETTLEMENT AGREEMENT WITH MATTEL;** <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** <br><br> Hearing Date:     TBD <br> Time:                  TBD <br> Place:                 Courtroom 9D <br><br> Discovery Cut-off:     October 4, 2010 <br> Pre-trial Conf:           January 4, 2011 <br> Trial Date:                 January 18, 2011 |

00505.07975/3917219.1

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT, on a date to be determined by the Court, Mattel, Inc. and Mattel de Mexico, S.A. de C.V. (collectively, "Mattel") will, and hereby do, move the above-entitled Court for an order precluding MGA Entertainment, Inc., MGA Entertainment (HK) Ltd., MGAE de Mexico, S.R.L. de C.V., Isaac Larian, and Carlos Gustavo Machado Gomez (collectively, "MGA"), and their respective counsel and witnesses, from introducing any evidence or argument concerning, or making reference to the settlement agreement between Mattel and Carter Bryant, dated May 18, 2008.  This motion is made pursuant to Fed. R. Evid. 401, 402, 403 and 408 on the grounds that the settlement agreement is unrelated to the claims or actions by or against Mattel are irrelevant to the jury's deliberations and may confuse or prejudice the jury.

This Motion is based upon this Notice of Motion and Motion, Memorandum of Points and Authorities, all pleadings and papers on file in this action, such other evidence or argument as may be presented to the Court, and such other matters of which this Court may take judicial notice.

**Statement of Local Rule 7-3 Compliance**

Lead counsel met and conferred regarding the issues presented by Mattel's Motion on January 17, 2011 and did not reach a resolution.

DATED: January 17, 2011

QUINN EMANUEL URQUHART & SULLIVAN, LLP


By /s/ Michael T. Zeller
Michael T. Zeller
Attorneys for Mattel, Inc. and Mattel de Mexico, S.A. de C.V.

## MEMORANDUM OF POINTS AND AUTHORITIES

### Preliminary Statement

It is well-settled that settlement agreements are not admissible to show that the defendant that settled is liable for the damages suffered by the plaintiff.  Fed. R. Evid. 408.  MGA nevertheless has indicated that it intends to place the contents of Bryant's settlement agreement before the jury, presumably as part of its purported comparative fault defense to show that Bryant is liable for some portion of the damages suffered by Mattel from MGA's misappropriation of Bratz.[1]  Rule 408 explicitly prohibits that use of a settlement agreement, however.  The settlement agreement also is not relevant to comparative fault, and the jury would be misled by any suggestion otherwise.  The amount of settlement was not tied to Bryant's comparative culpability; it was explicitly tied to his inability to pay more than the settlement amount as a result of his financial insolvency.  And, to the extent MGA seeks to have Mattel's eventual judgment against MGA reduced by the amount paid by Bryant, that is a matter for the Court to determine, not the jury.  Although there is an exception to Rule 408 under which settlement agreements are sometimes introduced to show evidence of witness bias, it does not apply in this case.  Mattel did not pay Bryant anything under this settlement agreement.  Bryant agreed to pay Mattel up to $2 million.  Indeed, under the settlement agreement, the outcome of Mattel's case against MGA does not change Bryant's obligation to pay Mattel at all.  Also, the settlement agreement was not conditioned upon Bryant testifying a certain way.  Thus, the settlement agreement does not give Bryant any incentive to either help or hinder Mattel's case and bias is not an issue.

The terms of the Mattel/Bryant settlement agreement are not relevant to any issue before the jury.  The Court should exclude any such evidence under  Fed. R. Evid. 402, 403 and 408.

---

[1]  The settlement agreement is attached hereto as Attachment A.

-1-

**Statement of Facts**

On May 18, 2008, shortly before the first trial of this action, Mattel reached a settlement with Carter Bryant. The agreement was based upon Bryant's representation that "he is substantially financially insolvent, that MGA has paid him no royalties since those due for the third quarter of 2007, and that he would be unable to satisfy the monetary judgment Mattel seeks."[2] Bryant corroborated these representations by listing his assets and liabilities in paragraph 4(b) of the settlement agreement.[3] Mattel would not have agreed to settle with Bryant were it not for those representations.[4]

The settlement agreement provided that Bryant would pay Mattel $2 million from payments he expected to receive from MGA relating to Bratz.[5] The settlement agreement also requires Bryant to testify at trial, but does not impose any requirements on Bryant regarding the substance of his testimony.[6] The settlement agreement also does not reduce or increase any payment obligations of Bryant according to the results of the trial. Rather, under the settlement agreement, Bryant agrees to be bound to any injunctions entered against the MGA Parties.[7]

**Argument**

**I.  THE SETTLEMENT AGREEMENT IS NOT ADMISSIBLE TO SHOW BRYANT'S COMPARATIVE FAULT**

Under Fed. R. Evid. 408(a), evidence of a settlement agreement is inadmissible to show either that one of the settling parties is liable for damages or the amount of damages. MGA wishes to argue to the jury that its own fault should be reduced by the supposed "comparative fault" of others, including Bryant. Rule 408(a) is clear that evidence that a tortfeasor has settled with a party is not admissible to show that the tortfeasor is liable for

---

[2]  Attachment A at 2.
[3]  Attachment A at 3.
[4]  Attachment A at 2.
[5]  Attachment A at 2.
[6]  Attachment A at 2-3.
[7]  Attachment A at 3.

1  the damages suffered by that party or the amount of damages.  Fed. R. Evid. 408(a).  Rule

2  408(a) provides:

3     **(a) Prohibited uses.**--Evidence of the following is not admissible on behalf

4     of *any* party, *when offered to prove liability for*, invalidity of, *or amount of*

5     *a claim* that was disputed as to validity or amount, or to impeach through a

6     prior inconsistent statement or contradiction:

7     **(1)** furnishing or offering or promising to furnish--or accepting or offering or

8     promising to accept--a valuable consideration in compromising or attempting

9     to compromise the claim

10  See, also, e.g., Young v. Verson Allsteel Press Co., 539 F. Supp. 193, 195-196 (E.D. Pa.

11  1982) (excluding evidence of settlement by plaintiff with joint tortfeasor).

12     In short, MGA is prohibited from introducing the settlement agreement to prove

13  that Bryant is partially liable for the misappropriation of Bratz or the amount of damages

14  Mattel is entitled to.

15  **II.     THE SETTLEMENT AGREEMENT IS NOT RELEVANT TO WITNESS**

16       **BIAS**

17     Fed. R. Evid. 408(b) allows for the introduction of settlement agreements or

18  negotiations on occasion for the limited purpose of proving witness bias.  However, even

19  in those instances, a court must determine if the evidence is relevant to bias and the

20  probative value is outweighed by prejudice, confusion or the consumption of time.  E.g.,

21  Granville, 259 Cal. App. 2d at 304-305 ("we think it is absurd to believe that evidence of

22  money paid to a former plaintiff or a dismissal given to a former defendant necessarily

23  indicates bias when the ex-litigant becomes a witness."; excluding evidence of a co-

24  defendant's settlement as unduly prejudicial under California analogs to Fed. R. Evid. 403

25  and 408).

26     In this instance, the settlement agreement between Bryant and Mattel does not show

27  any bias on the part of Bryant in favor of Mattel.  Mattel did not pay Bryant anything

28  under this settlement agreement.  Instead, the settlement agreement provided that Bryant

would pay Mattel $2 million from payments he expected to receive from MGA relating to Bratz.[8]  The settlement agreement also imposes no restrictions on Bryant's testimony at trial.  It requires Bryant to appear and testify at trial but does not impose any requirements as to the substance of his testimony.[9]  The settlement agreement also does not reduce or increase any payment obligations of Bryant according to the results of the trial.  Indeed, under the settlement agreement, Bryant agrees to be bound to any injunctions entered against the MGA Parties.[10]  Thus, if anything, the settlement agreement provides Bryant an incentive to favor the MGA Parties rather than Mattel.

## III.    THE SETTLEMENT AGREEMENT IS NOT RELEVANT TO DAMAGES

The amount Bryant agreed to pay Mattel under the settlement agreement is also not relevant to damages.  To the extent MGA wishes to have the amount Bryant has agreed to pay Mattel set-off against the amount of Mattel's eventual judgment against MGA, such set-offs are for the Court to do after a verdict is reached, not for the jury to consider in reaching a verdict.  E.g., Albrecht v. Broughton, 6 Cal. App. 3d 173, 178 (1970) (over-turning defense verdict due to introduction of evidence of a co-defendant's settlement).  As the Albrecht court observed:

> Respondent seems to claim a vested interest in having the jury made aware of the fact of a settlement and of its amount.  No doubt respondent's counsel was correct in believing that it was tactically advantageous for him to be able to bring this information to the jury in a case where the evidence on liability was in sharp conflict and the damages were so severe.  There can be no question that it was a great advantage to the defense to be able to let the jury know that appellant's injuries were not wholly uncompensated.  But that advantage is not one which a party is *entitled* to enjoy in the absence of any issue in the determination of which the evidence will be relevant and proper

---

[8]   Attachment A at 2.
[9]   Attachment A at 2-3.
[10]   Attachment A at 3.

1    for the jury to hear. . . .   Indeed, where the evidence is not relevant to any
2    real issue, the advantage sought to be gained by its presentation must be
3    recognized as unfair.  Each side takes the risk that the "picture" of the case
4    seen by the jury may be an unfavorable decisional context.  But neither side
5    is entitled to litigate a nonexistent issue for no purpose other than to alter the
6    decisional context in his favor.  It was error to refuse to accept appellant's
7    admission and to receive evidence of the settlement.

8    Id.  (emphasis in original).

9        Here, too, MGA seeks tactical advantage by letting the jury know that Mattel has an
10   agreement in place with Bryant by which Mattel will receive some compensation for its
11   injuries.  However, as in Albrecht, the fact that MGA desires a tactical advantage does not
12   make a former defendant's settlement agreement relevant or admissible before a jury.

13       Relatedly, MGA might wish to use the settlement agreement to argue that $2
14   million is relevant to the measure of Mattel's damages from MGA's misappropriation of
15   Bratz.  Under Rule 408(a), however, evidence of a settlement is not admissible to prove
16   either liability or "amount of a claim."  Further, the settlement agreement was expressly
17   based on Bryant's representation that "he is substantially financially insolvent, that MGA
18   has paid him no royalties since those due for the third quarter of 2007, and that he would
19   be unable to satisfy the monetary judgment Mattel seeks."[11]  These representations were
20   corroborated by Bryant's listing of his assets and liabilities in paragraph 4(b) of the
21   settlement agreement.[12]  Mattel and Bryant stipulated that Mattel would not have agreed
22   to settle with Bryant were it not for those representations.[13]  The amount of Mattel's
23   settlement with Bryant is, therefore, not relevant to the amount Mattel is entitled to receive

24
25
26
27
28

---

[11]  Attachment A at 2.
[12]  Attachment A at 3.
[13]  Attachment A at 2.

MATTEL'S MIL TO EXCLUDE TERMS OF BRYANT SETTLEMENT AGREEMENT

1   from MGA.  Any suggestion by MGA to the contrary also would be unfairly prejudicial

2   and confusing to the jury and therefore should be barred under <u>Rules</u> 402 and 403 as well.

3   DATED:  January 17, 2011        QUINN EMANUEL URQUHART & SULLIVAN, LLP

By   _____

      Michael T. Zeller
      Attorneys for Mattel, Inc. and Mattel de Mexico, S.A. de C.V.

-6-

MATTEL'S MIL TO EXCLUDE TERMS OF BRYANT SETTLEMENT AGREEMENT

# Attachment A

## SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is entered into by and between Mattel, Inc. ("Mattel") and Carter Bryant ("Bryant"). Mattel and Bryant are each a "Party" and are collectively "the Parties."

WHEREAS, on April 27, 2004, Mattel filed a lawsuit against Bryant in that certain action entitled Mattel, Inc. v. Carter Bryant, et al., Los Angeles County Superior Court Case No. BC 314 398 ("the Mattel State Court Action").

WHEREAS, the Mattel State Court Action was removed to United States District Court on May 14, 2004 in Case No. CV 04-3431 (NM) (RNBx), remanded to state court on August 20, 2004, and removed again to District Court on November 2, 2004 in Case No. CV 04-9059 SGL (RNBx) ("the 9059 Action");

WHEREAS, on November 2, 2004, Bryant asserted various counterclaims against Mattel in the 9059 Action;

WHEREAS, by order filed December 7, 2004, MGA Entertainment Inc. intervened as a defendant in the 9059 Action;

WHEREAS, on November 2, 2004, Bryant filed a lawsuit against Mattel in that certain action entitled Bryant v. Mattel, et al., United States District Court for the Central District of California, Case No. CV 04-9049 SGL (RNBx) ("the 9049 Action");

WHEREAS, on April 13, 2005, MGA Entertainment, Inc. filed a lawsuit against Mattel in that certain action entitled MGA Entertainment, Inc. v. Mattel, Inc., et al., United States District Court for the Central District of California, Case No. CV 05-2727 (SGL) (RNBx) ("the 2727 Action");

WHEREAS, by order filed June 19, 2006, the Court consolidated the 9059 Action, the 9049 Action and the 2727 Action (the Mattel State Court Action, the 9049 Action, the 9059 Action and the 2727 Action shall hereinafter be referred to collectively at "the Action.");

WHEREAS, upon Mattel's motion, the Court dismissed Bryant's claims and counterclaims against Mattel in the 9059 Action and the 9049 Action by Order entered July 18, 2006;

WHEREAS, on November 20, 2006, Mattel moved to amend its claims in 9059 Action against Bryant, MGA Entertainment, Inc. ("MGA"), Isaac Larian ("Larian"), MGA Entertainment (HK) Limited ("MGA Hong Kong"), MGAE de Mexico, S.R.L de C.V. ("MGA Mexico") and Carlos Gustavo Machado Gomez ("Machado") (MGA, Larian, MGA Hong Kong, MGA Mexico and Machado are hereinafter "the MGA Parties");

WHEREAS, by order filed January 12, 2007, the Court granted Mattel's motion for leave to amend its claims but directed that the claims be filed as counterclaims in the 2727 Action;

76052/2509856.1

1

Exhibit 7526

EXHIBIT NO. _____
12/18/09
Wendy S. Schreiber

CONFIDENTIAL – ATTORNEYS' EYES ONLY

M 0932044

TX 07520-00001

WHEREAS, as of the Effective Date of this Agreement (defined below), Mattel is asserting claims against Bryant for copyright infringement, breach of contract, breach of fiduciary duty, conversion, breach of the duty of loyalty, violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), and conspiracy to violate RICO;

WHEREAS, Bryant has represented to Mattel that he is substantially financially insolvent, that MGA has paid him no royalties since those due for the third quarter of 2007, and that he would be unable to satisfy the monetary judgment Mattel seeks; and

WHEREAS, Mattel is entering into this Agreement on the terms herein in reliance upon Bryant's foregoing representations and the other representations contained in this Agreement and would not, but for those representations, enter into this Agreement on the terms set forth herein.

NOW THEREFORE, in consideration of the mutual promises and agreements set forth below, and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties agree to the following:

1.      <u>Effective Date</u>. This Agreement shall become effective upon the occurrence of both of the following conditions: (a) delivery of a fully executed copy of this Agreement, including Exhibits A and B hereto, to Mattel's counsel, Quinn Emanuel Urquhart Oliver & Hedges, LLP ("Quinn Emanuel"); and (b) entry of an Order by the Court pursuant to the Stipulation of Dismissal attached hereto as Exhibit A.

2.      <u>Payment by Bryant to Mattel</u>. Bryant shall pay to Mattel the sum of $2,000,000.00 (Two Million Dollars) (the "Settlement Amount"), which shall be due and payable only as provided by this paragraph. Within 30 days of any Bryant Income being paid (as hereinafter defined), Bryant shall be obligated to pay and shall pay to Mattel 50% (fifty percent) of Bryant Income until such time as the Settlement Amount is paid in full. "Bryant Income" means: (a) all monies received by BT Associates, LLC ("BT Associates") that is owed or due to Carter Bryant and/or Richard Irmen after the Effective Date, and (b) all funds received by Bryant after the Effective Date, whether directly or beneficially, on account of a Bratz Invention (as hereinafter defined). Payment by Bryant to Mattel shall be paid to Mattel at Mattel's address set forth in paragraph 14 below. The Parties understand and acknowledge that, in agreeing to this payment provision, Bryant makes no representations as to whether and to what extent monies will be received by BT Associates, nor does Bryant make any representations about whether or to what extent Bryant will receive any funds on account of a Bratz Invention. Not more than once annually, within 30 days following Mattel's written request therefore provided in the manner set forth in paragraph 14 below, Bryant shall provide to Mattel a current balance sheet and income statement for BT Associates and shall state the amount of funds he has received, if any, as defined in clause (b), above, since the Effective Date.

3.      <u>Bryant's Agreement to Appear at Trial in Mattel's Case-In-Chief</u>. Bryant agrees to appear as a witness during Mattel's case-in-chief in Phase 1(a) and Phase 1(b) of the trial upon 48 (forty-eight) hours' written notice to Bryant's counsel. The effectiveness of this Agreement is in no manner conditioned upon the substance of any testimony to be given by Bryant at trial or otherwise, and there is no agreement between Mattel and Bryant

CONFIDENTIAL – ATTORNEYS' EYES ONLY                    M 0932045

TX 07520-00002

regarding how Bryant will testify, or what he will say, during the trial between Mattel and the MGA Parties, or in any other proceeding.

4.    Bryant's Representations, Warranties and Covenants.  Bryant represents, warrants and covenants the following to Mattel:

(a)    Since the payment Bryant received for royalties for the third quarter of 2007, MGA has not accounted to Bryant or his assignees for, and has not paid, royalties owing to Bryant directly or beneficially pursuant to that certain agreement between Bryant and MGA dated as of September 18, 2000 or otherwise;

(b)    Bryant currently has approximately $40,000 in liquid assets in the form of cash in the bank.  Exclusive of his interest in BT Associates, Bryant has assets in the amount of $7,419,000 and liabilities in the amount of $5,906,000, for a net worth of $1,513,000.  Based on a March 2005 appraisal of Vintage Hills, less a 10% discount and applicable debt, the value of BT Associates is $5,430,000.  BT Associates is developing the Vintage Hills subdivision in Missouri, which is currently under development;

(c)    Bryant makes no claim of present ownership in any Bratz concepts or works (hereinafter "Bratz Invention"), which include, without limitation, all ideas, concepts, designs, drawings, sketches, sculpts, prototypes, models, know-how, discoveries, improvements, names, designations, patentable subject matter, patents, copyrightable subject matter or copyrights, including, without limitation, those works registered with the United States Copyright Office identified in Exhibit C hereto, as well as all other registrations of Bratz Inventions, and any and all other intellectual property of any kind or nature as may exist, or that may exist in the future relating to the above.

(d)    Bryant agrees, promises and covenants to be bound by and to adhere to any order, judgment or decree in favor of Mattel and against the MGA Parties, or any of them, to the extent (and only to the extent) that such order grants or enters in whole or in part any non-monetary relief prohibiting or restricting or otherwise in any way affecting the MGA Parties' right or ability to exploit, profit from, prepare a derivative work based upon, distribute, license, sell, offer for sale, display, manufacture, produce, promote, market or otherwise deal in any Bratz Invention (hereinafter "MGA Bratz Injunction").  Any such MGA Bratz Injunction shall be binding on Bryant to the same extent as it is binding on the MGA Parties, or any of them.  By way of example and not limitation, if an MGA Bratz Injunction remains in force against the MGA Parties, or any of them, pending appeal, it shall likewise remain in force against Bryant pending that appeal; conversely, if an MGA Bratz Injunction is stayed, vacated or overturned as to the MGA Parties, it shall be stayed, vacated or overturned as to Bryant.  Other than as set forth in paragraph 13 below, Bryant waives any and all rights he may have to appeal or otherwise challenge any prior or future order or judgment entered in the Action and waives further findings of fact and conclusions of law in connection therewith.

(e)    Bryant agrees, promises and covenants that he shall retain a controlling interest in BT Associates until such time as the Settlement Amount is paid in full, or until such time as the entirety of the Vintage Hills subdivision is sold, whichever occurs earlier.  Bryant further agrees that he shall use best efforts to generate a profit in BT

CONFIDENTIAL – ATTORNEYS' EYES ONLY                    M 0932046

TX 07520-00003

Associates, and that he will take no action nor permit such action to be taken with respect to BT Associates for the purpose of depriving it of the ability to generate Bryant Income. Bryant further agrees, promises and covenants that until such time as the Settlement Amount is paid in full, other than as Bryant Income, fifty percent of which shall be paid to Mattel, neither he nor Richard Irmen, directly or beneficially, will otherwise be paid or receive any sums from BT Associates including, by way of example and not limitation, loan repayments, salary, draws, loans from BT Associates or otherwise. Notwithstanding the foregoing, nothing in this Agreement shall limit or restrict (a) BT Associates' right or ability to take any actions reasonably necessary to satisfy its current and future financial and business obligations, including without limitation selling its assets, including the Vintage Hills subdivision, or making improvements to its assets in an effort to increase their salability, or (b) BT Associates' right or ability to cease doing business in the event of the sale of its assets. Also notwithstanding the foregoing, nothing in this Agreement shall require Bryant to invest particular amounts of money or time in seeking to generate a profit in BT Associates.

(f)     Bryant agrees, promises and covenants to take any action reasonably necessary to effectuate the terms of this Agreement, including, without limitation, executing such further documents, if any, as may be necessary for the issuance of any non-monetary injunctive or declaratory relief, or any other non-monetary remedy as provided in Exhibit B hereto.

5.     Bryant's Agreement, Promise and Covenant Not To Infringe Upon Any Mattel Bratz Inventions.

(a)     For the purpose of this Agreement, "Mattel Bratz Invention" and "Mattel Bratz Inventions" means every Bratz Invention (i) that it is adjudicated to be owned by Mattel, or (ii) which Mattel and the MGA Parties, or any of them, agree in writing is owned by Mattel. Bryant irrevocably agrees to be bound by any determination in the Action, and/or any written agreement between Mattel and the MGA Parties, or any of them (such as by way of a settlement agreement), as to what concepts, ideas, designs, drawings, sculpts, models, works, know how, improvements, discoveries, inventions or other intellectual property constitute Mattel Bratz Inventions. Furthermore, in any future dispute between Mattel and Bryant, Bryant agrees that he shall not challenge, and that he waives and releases, any challenge as to what constitutes a Mattel Bratz Invention as determined in the Action, and/or as Mattel and the MGA Parties, or any of them, may agree in writing. In any future dispute between Mattel and Bryant, should Bryant contest whether one or more works is a Mattel Bratz Invention as determined in the Action and/or as Mattel and the MGA Parties, or any of them, may agree in writing, the Court shall accept this paragraph as Bryant's conclusive and irrevocable waiver of such challenge and shall disregard such challenge. Mattel shall promptly provide Bryant with notice, pursuant to Paragraph 14, below, of any determination in the Action and/or any written agreement between Mattel and the MGA Parties establishing and/or defining what work or works constitute Mattel Bratz Inventions. For the avoidance of doubt, a determination by the District Court as to what constitutes a Mattel Bratz Invention shall be binding on Bryant unless and until that determination is vacated by the district court or reversed on appeal, or unless stayed pending appeal (in which case said determination would not be binding during the period of stay).

CONFIDENTIAL – ATTORNEYS' EYES ONLY                    M 0932047

TX 07520-00004

(b)     Effective upon the receipt of notice pursuant to Section 5(a) of a determination in the Action and/or any written agreement between Mattel and the MGA Parties, or any of them, establishing and/or defining what work or works constitute Mattel Bratz Inventions, Bryant agrees, promises and covenants that: (a) Bryant will not, anywhere in the world, reproduce, prepare a derivative work based upon, distribute, license, sell, offer for sale, display, manufacture, produce, promote, market or otherwise deal in any such Mattel Bratz Invention; and (b) Bryant will not, anywhere in the world, directly or indirectly assist, encourage, aid or abet any other person or entity in reproducing, preparing a derivative work based upon, distributing, licensing, selling, offering for sale, displaying, manufacturing, producing, promoting, marketing or otherwise dealing in any such Mattel Bratz Invention.

(c)     Bryant agrees that should he violate the provisions of Section 5(b) of this Agreement, Mattel will have no adequate remedy at law and Mattel shall be entitled to court orders granting injunctive relief and/or specific performance for breach of contract, all without Mattel showing irreparable harm, the inadequacy of any remedy at law or the posting of a bond. This right of injunctive relief and specific performance is in addition to any and all other legal and equitable remedies that Mattel may have for such breach or violation.

(d)     Bryant agrees that should he violate the provisions of Section 5(b) of this Agreement, without limiting any of Mattel's other rights or remedies, Mattel shall be entitled to injunctive relief by summary procedure consisting of the filing of the Consent Decree attached hereto and made a part of this Agreement as Exhibit B (the "Consent Decree"). Mattel acknowledges and agrees that it shall not file the Consent Decree unless it contends that Bryant has violated Section 5(b) of this Agreement. Nothing in the foregoing shall prohibit or restrict Bryant from contesting or otherwise defending himself against any claim by Mattel that he has violated the provisions of Section 5(b) of this Agreement or the Consent Decree. The Consent Decree, and the Consent Decree procedure set forth in this Agreement, is non-exclusive of any and all rights and remedies Mattel may have under this Agreement or at law or in equity. Neither the Consent Decree nor the Consent Decree procedure herein, regardless of their invalidity in whole or in part and regardless of whether or not Mattel avails itself of them, shall preclude Mattel from seeking any temporary restraining order, preliminary injunction or permanent injunction through any other procedure.

(e)     In the event the Court in the Action declines continuing jurisdiction to enter the Consent Decree or otherwise enforce the terms of this Agreement, Bryant agrees that in any new action filed by Mattel against him (a "New Mattel Action"), Mattel may re-caption the Consent Decree and file it in the New Mattel Action. If the Court in the New Mattel Action will not act upon the Consent Decree, Mattel shall be entitled to enforce the provisions of this Section 5 in the New Mattel Action by way of temporary restraining order, preliminary injunction or other appropriate procedure and, in such event, all of the provisions of this Section 5 shall apply.

6.     <u>Dismissal of the Action.</u>  Without effecting, modifying, limiting, releasing, discharging or otherwise altering in any manner any of Mattel's claims against any of the MGA Parties or any third party, concurrently with executing this Agreement, the Parties

76052/2509856.1                                          5

CONFIDENTIAL – ATTORNEYS' EYES ONLY                    M 0932048

TX 07520-00005

shall instruct their counsel to execute the Stipulation of Dismissal in the form attached hereto as Exhibit A, which shall be delivered to Mattel's counsel. Mattel's counsel shall promptly, and in any case within twenty-four (24) hours of receiving a fully executed copy of this Agreement, file the Stipulation of Dismissal in the Action. Carter Bryant opposed Mattel's motions for summary judgment and disagrees with certain of the Court's rulings therein. Had this matter continued, Carter Bryant would have challenged those rulings on appeal. Because this settlement will include a dismissal of the action, those appeals will not occur. As a result, Carter Bryant acknowledges that he is bound by those orders and agrees to be bound by any future order, judgment or decree in the circumstances and under the terms set forth in Section 4(d).

7.     Release of Bryant by Mattel. Except as to the obligations created by this Agreement and the Consent Decree, upon the Effective Date, Mattel, on its own behalf and on behalf of its parent companies, representatives, partnerships, corporations, companies, subsidiaries, affiliates, assignees, agents, attorneys, employees, officers, directors, predecessors, successors and assigns, and all others claiming by or through any of the foregoing (the "Mattel Releasors"), forever releases and fully discharge Bryant from any and all Claims, whether known or unknown, apparent or concealed, suspected or unsuspected, arising in tort, contract or otherwise, and whether existing in the past or the present or the future, based upon any conduct or event occurring up to the Effective Date. "Claims" as used in this paragraph include but are not limited to claims that were or could have been alleged in any litigation between Mattel and Bryant filed prior to the Effective Date, as well as any and all other manner of action or actions, cause or causes of action, suits, debts, liens, contracts, agreements, promises, liability, demands, damages, injuries, loss, cost or expense, of any nature whatsoever, known or unknown, fixed or contingent, which the Mattel Releasors, or any of them, now have or may hereafter have against Bryant by reason of any matter, cause, or thing whatsoever from the beginning of time to the Effective Date.

8.     No Third Party Beneficiaries: No Release of the MGA Parties. Notwithstanding any provision of this Agreement, no third party is a beneficiary of this Agreement. Without limiting the generality of the foregoing, nothing herein shall release, compromise, discharge or in any manner diminish Mattel's Claims against the MGA Parties, or any of them, or anyone other than Bryant individually. "Claims" as used in this paragraph include but are not limited to claims as well as any and all other manner of action or actions, cause or causes of action, in law or in equity, suits, debts, liens, contracts, agreements, promises, liability, rights, demands, damages, injuries, loss, cost or expense, of any nature whatsoever, known or unknown, fixed or contingent, or of any other kind.

9.     Release of Mattel by Bryant. Except as to the obligations created by this Agreement, upon the Effective Date, Bryant, on his own behalf and to the extent he has the authority to do so (but without representing that he has any such authority), on behalf of his representatives, partnerships, corporations, companies, affiliates, agents, attorneys, employees, predecessors, successors and assigns, and all others claiming by or through any of the foregoing (the "Bryant Releasors"), forever releases and fully discharges Mattel and each of its parent companies, representatives, partnerships, corporations, companies, subsidiaries, affiliates, predecessors, successors and assigns, and all of the agents, attorneys, employees, past and present officers and directors of the foregoing ("the Mattel Releasees"), from any and all Claims, whether known or unknown, apparent or concealed, suspected or

CONFIDENTIAL – ATTORNEYS' EYES ONLY                         M 0932049

TX 07520-00006

unsuspected, arising in tort, contract or otherwise, and whether existing in the past or the present or the future, based upon any conduct or event occurring up to the Effective Date. "Claims" include but are not limited to the claims that were or could have been alleged in any litigation between Mattel and Bryant filed prior to the Effective Date, as well as any and all other manner of action or actions, cause or causes of action, in law or in equity, suits, debts, liens, contracts, agreements, promises, liability, demands, damages, injuries, loss, cost or expense, of any nature whatsoever, known or unknown, fixed or contingent, which the Bryant Releasors, or any of them, now have or may hereafter have against the Mattel Releasees, or any of them, by reason of any matter, cause, or thing whatsoever from the beginning of time to the Effective Date.

10.     Waiver of Civil Code § 1542.  The Parties acknowledge the risk that subsequent to the execution of this Agreement, they may discover facts or may incur, suffer or discover losses, damage or injuries which are unknown and unanticipated at the time this Agreement is executed, which if known on the date of execution of this Agreement, may have materially affected its decision to give the releases contained in this Agreement. Despite this knowledge and understanding, the Parties, and each of them, hereby assume the risk of such unknown and unanticipated facts and claims and, except as otherwise provided in this Agreement, hereby waive any alleged right to set aside or rescind this Agreement and any and all rights under California Civil Code § 1542 (and similar laws in other jurisdictions), which section has been duly explained to and is understood by each Party, and which reads as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR.

11.     No License.  Notwithstanding any other provision of this Agreement or the Stipulations attached hereto as Exhibits A and B, neither this Agreement nor the Stipulations attached hereto as Exhibits A and B is intended to confer, and shall not be construed to confer, any license or right upon Bryant, or upon any other person or entity, to use Mattel's marks, copyrights, patents, trade secrets or other intellectual property.

12.     Covenant Not to Sue.  The Parties shall not file suit or otherwise assert a claim on account of any released claim.  In the event of a breach of this covenant not to sue, this Agreement shall constitute a complete and absolute defense to such claim.

13.     Bankruptcy of Bryant.  In the event that Bryant becomes a party to any insolvency proceeding pursuant to the United States Bankruptcy Code, whether such proceeding is voluntary or involuntary, and this Agreement or any provision hereof is determined to be a preference or is otherwise set aside, found to be void or voidable, or otherwise unenforceable, then the Agreement shall, at Mattel's option, be deemed rescinded and shall be of no force or effect.  In such event, Mattel may (but is not required to) assert a claim in the bankruptcy court or in any other appropriate forum, in which Mattel seeks all of the damages and other relief sought against Bryant in the Action.  In such event, Bryant

76052/2509856.1                              7

CONFIDENTIAL – ATTORNEYS' EYES ONLY

M 0932050

TX 07520-00007

With copy to:

> John Keker
> Christa M. Anderson
> Keker & Van Nest
> 710 Sansome Street
> San Francisco, CA 94111
> Fax: (415) 397-7188

15.     Confidentiality. The Parties agree to maintain the confidentiality of, and refrain from disclosing, making public, or discussing in any way whatsoever the terms and conditions of this Agreement. Notwithstanding the foregoing, it is understood that as the sole exceptions to this confidentiality provision, (i) the Parties may discuss the Agreement with their attorneys, (ii) the Parties may permit their respective accountants to review this Agreement in connection with the conduct of an audit, and may permit attorney(s), accountant(s) and tax advisor(s) of their choice to review this Agreement in connection with the receipt of advice concerning this Agreement, their rights hereunder, or to answer inquiries with respect thereto, (iii) the Parties may disclose the circumstances of this Agreement and its terms as required by, or in response to, inquiries from any governmental, regulatory or self-regulatory body or agency, or as otherwise required by law, provided that the disclosing Party provide the other Parties fifteen (15) days advance written notice of any disclosure required by law or as much notice as is reasonably practical under the circumstances, (iv) the Parties may disclose information as required in an action to enforce the terms of this Agreement and (v) a Party may disclose the terms and conditions of this Agreement if the Agreement becomes public through no fault of the Party. To the extent the Parties divulge the terms of this Agreement to any of the above-described individuals, they shall advise each such individual of this confidentiality provision and instruct each such individual of the confidential nature of this Agreement and that each such individual must comply with the confidentiality terms of this Agreement and not divulge any of the terms and conditions thereof.

16.     Governing Law. This Agreement shall be governed by and construed in accordance with the laws of the United States of America and the State of California without regard to California's choice of law rules. The Parties agree that the United States District Court for the Central District of California or, if federal jurisdiction is lacking, the Superior Court of the State of California for the County of Los Angeles, shall have sole and exclusive jurisdiction in any dispute concerning or arising from this Agreement and the Parties consent to the jurisdiction of those courts. Nothing contained herein shall be construed so as to require the commission of any act contrary to law, and wherever there is conflict between any provision contained herein and any present or future statute, law, ordinance, or regulation contrary to which the Parties have no legal right to contract, the latter shall prevail but the provision of this document which is affected shall be curtailed and limited only to the extent necessary to bring it within the requirements of the law.

17.     Representations and Warranties.

(a)     Each of the undersigned Parties represents and warrants that with respect to the respective releases given by each Party hereto, no portion of any claim, right,

CONFIDENTIAL – ATTORNEYS' EYES ONLY                    M 0932052

TX 07520-00008

demand, action or cause of action released hereunder, and no portion of any recovery or settlement to which any Party might be entitled based upon any such claim, right, demand, action or cause of action, has been assigned or transferred to any other person, firm or corporation, in any manner, including by way of subrogation, operation of law, attorneys' lien, or otherwise. Further, each of the undersigned Parties represents and warrants that it has the right, power and authority to enter into this Agreement.

(b)     Each of the undersigned Parties represents and warrants that it or he has been represented by legal counsel of its or his choosing in connection with this Agreement and the settlement to which it relates and executes it knowingly and voluntarily after receiving such legal advice, and that, in executing this Agreement, the Parties represent and acknowledge that they have been fully advised by their legal counsel as to their rights and consequences of signing this Agreement. Each of the Parties further represents and acknowledges that it or he fully understands and appreciates the meaning of each of the terms of this Agreement and that it or he understands that it or he may be waiving legal rights or claims by signing this Agreement and that it or he are voluntarily entering into this Agreement with a full and complete understanding of its terms and legal effect and with the intent to be legally bound by this Agreement.

(c)     Each of the undersigned Parties represents and warrants that, in executing this Agreement, it or he has relied solely on the statements expressly set forth herein, and has placed no reliance whatsoever on any statement, representation, or promise of any other Party, or any other person or entity, not expressly set forth herein, or upon the failure of any other Party or any other person or entity to make any statement, representation or disclosure of anything whatsoever. Except as they relate to any representation or warranty contained herein, the discovery by any Party, subsequent to the execution of this Agreement, of any fact not heretofore known to that Party, or that the facts or law upon which any Party relied in executing this Agreement were not as that Party believed it to be, shall not constitute grounds for declaring this Agreement void, avoidable or otherwise unenforceable. This paragraph is intended by the Parties to preclude any claim that any Party was fraudulently induced to enter this Agreement, or was induced to enter this Agreement by a mistake of fact or law, as a result of any statement not contained in this Agreement.

(d)     Each of the undersigned Parties represents and warrants that it has made such investigation as it or he deems necessary or desirable of all matters contained in or related to this Agreement.

18.     General Provisions.

(a)     Full Satisfaction. This Agreement, and the rights and benefits provided by it, are acknowledged by the Parties to be in full and complete settlement and satisfaction of the claims that are released.

(b)     No Admissions. The Parties understand and acknowledge that this Agreement constitutes a compromise and settlement. The fact of this Agreement, its terms and conditions, and any action taken or statements made by the Parties in connection with this Agreement shall never, under any circumstances, be deemed or construed to be: (i) an

CONFIDENTIAL — ATTORNEYS' EYES ONLY

M 0932053

TX 07520-00009

admission of the truth or falsity of the claims asserted in the Action; or (ii) an acknowledgement or admission by either Party of any fault or liability whatsoever.

(c)    <u>Entitled Costs</u>. Each Party shall bear its or his own costs and attorneys' fees, and other fees incurred in connection with this Agreement and the Action.

(d)    <u>Authority</u>. Each person and entity executing this Agreement has full power and authority to do so, and all necessary resolutions and authorizations have been obtained.

(e)    <u>Integration</u>. This Agreement and the Stipulations attached hereto as Exhibits A and B contain the entire and only understanding between the Parties regarding the settlement of the Action and supersede any and all prior and/or contemporaneous oral or written negotiations, agreements, representations and understandings regarding the settlement of the Action. Notwithstanding the foregoing (but without in any way affecting or compromising the full scope of the release of Carter Bryant, as set forth in paragraph 7 above), nothing in this Agreement shall be deemed to supersede or otherwise affect the validity or enforceability of the Confidential Information and Inventions Agreement between Mattel and Bryant or any prior writing which, in Mattel's view, (i) confers upon Mattel ownership and/or other rights in the Bratz Inventions, or ownership and/or other rights in any other idea, concept, design, drawing, sketch, sculpt, prototype, model, know-how, trade secrets, discovery, improvement, name, designation, patentable subject matter, patent, copyrightable subject matter, patent or other intellectual property of any kind; or (ii) obligates Bryant to not use, disclose or disseminate any Mattel trade secret or other confidential or proprietary information. The Parties, and each of them, represent and agree that no promise, statement or inducement has been made that caused it or him to sign this Agreement, other than those expressly set forth in this Agreement. Any and all representations that any Party considers to be material to its or his decision to enter into this Agreement have been included in this Agreement and each Party agrees that any alleged representation not included in this Agreement was not material to its or his decision to enter into this Agreement. This Agreement shall be accepted as conclusive proof that any reliance by any Party on any alleged representation not included in this Agreement shall not be justified. Each Party further agrees that no other Party owes an obligation to disclose any fact or, if such obligation exists, each Party relieves the other Party of such obligation. In any action where any Party contends that any other Party has made any representation, or failed to disclose any fact, and such contention is inconsistent with this paragraph, the court, arbitrator or other tribunal shall summarily dismiss any such claim, even if the applicable law would not support such summary dismissal. Drafts of this Agreement shall not be admissible to aid in the interpretation of this Agreement and the addition or deletion of any word, phrase or provision shall be inadmissible for any purpose.

(f)    <u>Severability</u>. Nothing contained herein shall be construed so as to require the commission of any act contrary to law, and wherever there is conflict between any provision contained herein and any present or future statute, law, ordinance, or regulation contrary to which the Parties have no legal right to contract, the latter shall prevail but the provision of this document which is affected shall be curtailed and limited only to the extent necessary to bring it within the requirements of the law. If any provision

11

CONFIDENTIAL – ATTORNEYS' EYES ONLY

M 0932054

TX 07520-00010

May 18 08 03:17p

of this Agreement is found to be unenforceable, said provision(s) shall be severed from the balance of this Agreement and the balance of this Agreement shall be enforceable.

(g)    Modification. This Agreement may not be altered, amended, or extinguished except by a writing which expressly refers to this instrument and is signed subsequent to the date of this instrument by duly authorized representatives of the respective Parties.

(h)    Counterparts. This Agreement may be executed in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument. Signatures by facsimile and scanned signatures shall be of the same force and effect as if in original ink.

(i)    Headings. The headings and captions used in this Agreement are for convenience only and shall not be deemed to affect in any way the language of the provisions to which they refer.

(j)    Interpretation. This Agreement shall be interpreted as if jointly drafted by the Parties, and no provision shall be interpreted against any Party because such provision was drafted by that Party.

IN WITNESS WHEREOF, the Parties have approved and executed this Agreement on the dates set forth opposite their respective signatures.

AGREED TO:

Dated: May 18, 2008          MATTEL, INC.

                             By _____
                                Robert Normile, General Counsel

Dated: May ___, 2008         _____
                             Carter Bryant

APPROVED AS TO FORM ONLY:

Dated: May ___, 2008         QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

                             By _____
                                Michael T. Zeller
                                Attorneys for Mattel, Inc.

7653/2613909535.1                    12

CONFIDENTIAL – ATTORNEYS' EYES ONLY

M 0932055

TX 07520-00011

of this Agreement is found to be unenforceable, said provision(s) shall be severed from the balance of this Agreement and the balance of this Agreement shall be enforceable.

(g)   Modification.  This Agreement may not be altered, amended, or extinguished except by a writing which expressly refers to this instrument and is signed subsequent to the date of this instrument by duly authorized representatives of the respective Parties.

(h)   Counterparts.  This Agreement may be executed in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.  Signatures by facsimile and scanned signatures shall be of the same force and effect as if in original ink.

(i)   Headings.  The headings and captions used in this Agreement are for convenience only and shall not be deemed to affect in any way the language of the provisions to which they refer.

(j)   Interpretation.  This Agreement shall be interpreted as if jointly drafted by the Parties, and no provision shall be interpreted against any Party because such provision was drafted by that Party.

IN WITNESS WHEREOF, the Parties have approved and executed this Agreement on the dates set forth opposite their respective signatures.

AGREED TO:

Dated: May ___, 2008                    MATTEL, INC.

                                        By _____

                                        Its _____

Dated: May /8, 2008                     _____
                                        Carter Bryant


APPROVED AS TO FORM ONLY:

Dated: May ___, 2008                    QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

                                        By _____
                                        Michael T. Zeller
                                        Attorneys for Mattel, Inc.

CONFIDENTIAL – ATTORNEYS' EYES ONLY                    M 0932056

TX 07520-00012

of this Agreement is found to be unenforceable, said provision(s) shall be severed from the balance of this Agreement and the balance of this Agreement shall be enforceable.

(g)   Modification. This Agreement may not be altered, amended, or extinguished except by a writing which expressly refers to this instrument and is signed subsequent to the date of this instrument by duly authorized representatives of the respective Parties.

(h)   Counterparts. This Agreement may be executed in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument. Signatures by facsimile and scanned signatures shall be of the same force and effect as if in original ink.

(i)   Headings. The headings and captions used in this Agreement are for convenience only and shall not be deemed to affect in any way the language of the provisions to which they refer.

(j)   Interpretation. This Agreement shall be interpreted as if jointly drafted by the Parties, and no provision shall be interpreted against any Party because such provision was drafted by that Party.

IN WITNESS WHEREOF, the Parties have approved and executed this Agreement on the dates set forth opposite their respective signatures.

AGREED TO:

Dated: May ___, 2008          MATTEL, INC.

By_____

Its_____

Dated: May ___, 2008

_____
Carter Bryant

APPROVED AS TO FORM ONLY:

Dated: May _18_, 2008          QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By _Michael T. Zeller_____
Michael T. Zeller
Attorneys for Mattel, Inc.

76052/2509856.1          12

M 0932057

TX 07520-00013

Dated: May 1_, 2008

KEKER & VAN NEST, LLP

By _____
Christa Anderson
Attorneys for Carter Bryant

CONFIDENTIAL – ATTORNEYS' EYES ONLY

M 0932058

TX 07520-00014

Exhibit A

CONFIDENTIAL – ATTORNEYS' EYES ONLY

M 0932059

TX 07520-00015

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  (johnquinn@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
  Timothy L. Alger (Bar No. 160303)
  (timalger@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:  (213) 443-3000
Facsimile:   (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
| Plaintiff, | Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727 |
| vs. | |
| MATTEL, INC., a Delaware corporation, | **STIPULATION OF DISMISSAL OF CARTER BRYANT** |
| Defendant. | **(Rule 41(a)(1), Fed.R.Civ.P.)** |
| AND CONSOLIDATED ACTIONS | Pretrial Conference:  May 19, 2008<br>Time:                        10:00 a.m.<br>Place:                       Courtroom 1<br>Trial Date:               May 27, 2008 |

76052/2509808.1

Case No. CV 04-9049 SGL (RNBx)
STIPULATION OF DISMISSAL OF CARTER BRYANT

CONFIDENTIAL – ATTORNEYS' EYES ONLY

M 0932060

TX 07520-00016

1        Pursuant to <u>Rule</u> 41(a)(1) of the <u>Federal Rules of Civil Procedure</u>, and

2   pursuant to a confidential settlement agreement (the "Settlement") between

3   defendant and counterclaimant Mattel, Inc. ("Mattel") and plaintiff and

4   counterclaim-defendant Carter Bryant ("Bryant"), Mattel and Bryant, by and

5   through their attorneys of record, hereby stipulate as follows, subject to the approval

6   of the Court:

7        1.   Mattel's claims and counterclaims against Bryant only (and not

8   against MGA Entertainment, Inc., Isaac Larian, MGA Entertainment (HK) Limited,

9   MGAE de Mexico, S.R.L. de C.V., Carlos Gustavo Machado Gomez or any

10  fictitious party, collectively hereinafter "the MGA Parties") shall be dismissed with

11  prejudice.

12       2.   As between Mattel and Bryant only, Mattel and Bryant agree that

13  each shall bear its or his own attorneys' fees and costs.

14       3.   In the event of entry of any order, judgment or decree in favor of

15  Mattel and against the MGA Parties, or any of them, Bryant will be bound by and

16  adhere to any such order, judgment or decree to the extent (and only to the extent)

17  that it grants or enters in whole or in part any non-monetary relief prohibiting or

18  restricting or otherwise in any way effecting the MGA Parties' right or ability to

19  exploit, profit from, prepare a derivative work based upon, distribute, license, sell,

20  offer for sale, display, manufacture, produce, promote, market or otherwise deal in

21  any Bratz Invention (hereinafter "MGA Bratz Injunction"). Any such MGA Bratz

22  Injunction shall be binding on Bryant to the same extent as it is binding on the MGA

23  Parties, or any of them. By way of example and not limitation, if an MGA Bratz

24  Injunction remains in force against the MGA Parties, or any of them, pending

25  appeal, it shall likewise remain in force against Bryant pending that appeal;

26  conversely, if an MGA Bratz Injunction is stayed, vacated or overturned as to the

27  MGA Parties, is shall be stayed, vacated or overturned as against Bryant. Other

28  than as set forth in paragraph 13 of the Settlement, Bryant has waived any and all

CONFIDENTIAL — ATTORNEYS' EYES ONLY          M 0932061

TX 07520-00017

1  rights he may have to appeal or otherwise challenge any prior or future order or
2  judgment entered in the Action and waives further findings of fact and conclusions
3  of law in connection therewith.

4          4.      With respect to certain orders in this case, the Settlement
5  provides as follows: "Carter Bryant opposed Mattel's motions for summary
6  judgment and disagrees with certain of the Court's rulings therein. Had this matter
7  continued, Carter Bryant would have challenged those rulings on appeal. Because
8  this settlement will include a dismissal of the action, those appeals will not occur.
9  As a result, Carter Bryant acknowledges that he is bound by those orders and agrees
10  to be bound by any future order, judgment or decree in the circumstances and under
11  the terms set forth in Section 4(d) [of the Settlement]." The provisions of Section
12  4(d) of the Settlement are generally set forth above in paragraph 3 above.

13          5.      Bryant agrees that he shall appear to testify at trial in Phase 1(a)
14  and Phase 1(b) during Mattel's case-in-chief; provided, however, that such
15  agreement to appear is not conditioned in any manner upon the substance of any
16  testimony to be given by Bryant at trial or otherwise, and there is no agreement
17  between Mattel and Bryant regarding how Bryant will testify, or what he will say,
18  during the trial between Mattel and the MGA Parties, or in any other proceeding.

19          6.      Bryant's pending motions are denied as moot.

20          7.      This stipulation of dismissal is being filed pursuant to the terms
21  and conditions of the Settlement between Mattel and Bryant in which Mattel and
22  Bryant agreed that other than as disclosed herein and in the accompanying proposed
23  order, the terms and conditions thereof shall remain confidential. Mattel and Bryant
24  stipulate that this Court retain jurisdiction to enforce the terms of the Settlement and
25  that a violation of any term of the Settlement shall be a violation of the order of
26  dismissal entered pursuant hereto.

27          8.      Nothing in this Stipulation or in the Settlement between Mattel
28  and Bryant is intended to waive, limit or modify in any manner, and shall not be

CONFIDENTIAL – ATTORNEYS' EYES ONLY                          M 0932062

                                                                      TX 07520-00018

1   construed to waive, limit or modify, Mattel's claims and rights against the MGA

2   Parties or against any entity or person other than Bryant in connection with these

3   consolidated actions or otherwise.

4       **IT IS SO STIPULATED.**

5   DATED: May _18_, 2008          QUINN EMANUEL URQUHART OLIVER &

6                                  HEDGES, LLP

7

8       By _Michael T. Zeller_____

        Michael T. Zeller

9       Attorneys for Mattel, Inc.

10  DATED: May ___, 2008           KEKER & VAN NEST, LLP

11

12      By_____

        Christa Anderson

13      Attorneys for Carter Bryant

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

76052/2509801.1

-3-

Case No. CV 04-9049 SGL (RNBx)

STIPULATION OF DISMISSAL OF CARTER BRYANT

1   construed to waive, limit or modify, Mattel's claims and rights against the MGA

2   Parties or against any entity or person other than Bryant in connection with these

3   consolidated actions or otherwise.

4            **IT IS SO STIPULATED.**

5

6   DATED: May ___, 2008            QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

7

8                                   By_____
                                       Michael T. Zeller
9                                      Attorneys for Mattel, Inc.

10  DATED: May _/_, 2008            KEKER & VAN NEST, LLP

11

12                                  By_____
                                       Christa Anderson
13                                     Attorneys for Carter Bryant

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

76052/2509808.1                     -3-          Case No. CV 04-9049 SGL (RNBx)
                                    STIPULATION OF DISMISSAL OF CARTER BRYANT

CONFIDENTIAL – ATTORNEYS' EYES ONLY          M 0932064

TX 07520-00020

1 | QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  | John B. Quinn (Bar No. 090378)
2 | (johnquinn@quinnemanuel.com)
  | Michael T. Zeller (Bar No. 196417)
3 | (michaelzeller@quinnemanuel.com)
  | Jon D. Corey (Bar No. 185066)
4 | (joncorey@quinnemanuel.com)
  | Timothy L. Alger (Bar No. 160303)
5 | (timalger@quinnemanuel.com)
  | 865 South Figueroa Street, 10th Floor
6 | Los Angeles, California  90017-2543
  | Telephone:  (213) 443-3000
7 | Facsimile:  (213) 443-3100

8 | Attorneys for Mattel, Inc.

9 | UNITED STATES DISTRICT COURT

10 | CENTRAL DISTRICT OF CALIFORNIA

11 | EASTERN DIVISION

12 | CARTER BRYANT, an individual,

13 |           Plaintiff,

14 |      vs.

15 | MATTEL, INC., a Delaware corporation,

16 |           Defendant.

17 |

18 | AND CONSOLIDATED ACTIONS

CASE NO. CV 04-9049 SGL (RNBx)

Consolidated with
Case No. CV 04-09059
Case No. CV 05-02727

[PROPOSED] ORDER OF DISMISSAL UPON STIPULATION

Pretrial Conference:  May 19, 2008
Time:                 10:00 a.m.
Place:                Courtroom 1
Trial Date:           May 27, 2008

19
20
21
22
23
24
25
26
27
28

76052/2509807.1
6052/2505373.1

Case No. CV 04-9049 SGL (RNBx)

ORDER OF DISMISSAL UPON STIPULATION

ATTORNEYS' EYES ONLY

M 0932065

TX 07520-00021

1         The Court having received and considered the Stipulation of Dismissal

2   of Carter Bryant (the "Stipulation") entered into between Mattel, Inc. ("Mattel") and

3   Carter Bryant ("Bryant") pursuant to their Settlement Agreement (the "Settlement"),

4   and good cause appearing therefor, the Stipulation is HEREBY APPROVED and it

5   is further HEREBY ORDERED that:

6         1.    Pursuant to <u>Fed. R. Civ. P.</u> 41(a)(1), Mattel's claims and

7   counterclaims against Bryant only (and not against MGA Entertainment, Inc., Isaac

8   Larian, MGA Entertainment (HK) Limited, MGAE de Mexico, S.R.L. de C.V.,

9   Carlos Gustavo Machado Gomez or any fictitious party, collectively hereinafter "the

10  MGA Parties") are hereby dismissed with prejudice.

11        2.    As between Mattel and Bryant only, Mattel and Bryant shall bear

12  each of their respective attorneys' fees and costs.

13        3.    The dismissal of Bryant shall not waive, limit or modify in any

14  manner, and shall not be construed to waive, limit or modify, Mattel's claims and

15  rights against the MGA Parties or against any entity or person other than Bryant in

16  connection with these consolidated actions or otherwise.

17        4.    In the event of entry of any order, judgment or decree in favor of

18  Mattel and against the MGA Parties, or any of them, Bryant will be bound by and

19  adhere to any such order, judgment or decree to the extent (and only to the extent)

20  that it grants or enters in whole or in part any non-monetary relief prohibiting or

21  restricting or otherwise in any way affecting the MGA Parties' right or ability to

22  exploit, profit from, prepare a derivative work based upon, distribute, license, sell,

23  offer for sale, display, manufacture, produce, promote, market or otherwise deal in

24  any Bratz Invention (hereinafter "MGA Bratz Injunction").  Any such MGA Bratz

25  Injunction shall be binding on Bryant to the same extent as it is binding on the MGA

26  Parties, or any of them.  By way of example and not limitation, if an MGA Bratz

27  Injunction remains in force against the MGA Parties, or any of them, pending

28  appeal, it shall likewise remain in force against Bryant pending that appeal;

76052/2509807.1
76052/2505373.1

1          Case No. CV 04-9049 SGL (RNBx)

ORDER OF DISMISSAL UPON STIPULATION

CONFIDENTIAL – ATTORNEYS' EYES ONLY

M 0932066

TX 07520-00022

1   conversely, if an MGA Bratz Injunction is stayed, vacated or overturned as to the

2   MGA Parties, is shall be stayed, vacated or overturned as against Bryant.  Other

3   than as set forth in paragraph 13 of the Settlement, Bryant has waived any and all

4   rights he may have to appeal or otherwise challenge any prior or future order or

5   judgment entered in the Action and waives further findings of fact and conclusions

6   of law in connection therewith.

7           5.     With respect to certain orders in this case, the Settlement

8   provides as follows: "Carter Bryant opposed Mattel's motions for summary

9   judgment and disagrees with certain of the Court's rulings therein.  Had this matter

10  continued, Carter Bryant would have challenged those rulings on appeal.  Because

11  this settlement will include a dismissal of the action, those appeals will not occur.

12  As a result, Carter Bryant acknowledges that he is bound by those orders and agrees

13  to be bound by any future order, judgment or decree in the circumstances and under

14  the terms set forth in Section 4(d) [of the Settlement]."  The provisions of Section

15  4(d) of the Settlement are generally set forth above in paragraph 4 of this Order.

16          6.     Bryant has agreed to appear and, upon reasonable notice, Bryant

17  shall appear to testify at trial in Phase 1(a) and Phase 1(b) during Mattel's case-in-

18  chief; provided, however, that such agreement to appear is not conditioned in any

19  manner upon the substance of any testimony to be given by Bryant at trial or

20  otherwise, and there is no agreement between Mattel and Bryant regarding how

21  Bryant will testify, or what he will say, during the trial between Mattel and the

22  MGA Parties, or in any other proceeding.

23          7.     Bryant's pending motions are denied as moot.

24          8.     This Order of dismissal is being entered pursuant to the terms

25  and conditions of the Settlement between Mattel and Bryant.  This Court retains

26  jurisdiction to enforce the terms of the Settlement and that a violation of any term of

27  the Settlement shall be a violation of this Order of dismissal.

28

CONFIDENTIAL – ATTORNEYS' EYES ONLY

M 0932067

TX 07520-00023

1          9.    Nothing in this Order is intended to waive, limit or modify in any

2    manner, and shall not be construed to waive, limit or modify, Mattel's claims and

3    rights against the MGA Parties or against any entity or person other than Bryant in

4    connection with these consolidated actions or otherwise.

5

6          **IT IS SO ORDERED.**

7

8    DATED:

9                                     STEPHEN G. LARSON

10                                 United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

76052/2509807.1

Case No. CV 04-9049 SGL (RNBx)
ORDER OF DISMISSAL UPON STIPULATION

CONFIDENTIAL – ATTORNEYS' EYES ONLY

M 0932068

TX 07520-00024

# Exhibit B

ATTORNEYS' EYES ONLY

M 0932069

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
     John B. Quinn (Bar No. 090378)
2    (johnquinn@quinnemanuel.com)
     Michael T. Zeller (Bar No. 196417)
3    (michaelzeller@quinnemanuel.com)
     Jon D. Corey (Bar No. 185066)
4    (joncorey@quinnemanuel.com)
     Timothy L. Alger (Bar No. 160303)
5    (timalger@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
6  Los Angeles, California 90017-2543
   Telephone:  (213) 443-3000
7  Facsimile:   (213) 443-3100

8  Attorneys for Mattel, Inc.

9                 UNITED STATES DISTRICT COURT

10              CENTRAL DISTRICT OF CALIFORNIA

11                      EASTERN DIVISION

| | |
|---|---|
| 12  CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
| 13          Plaintiff, | Consolidated with<br>Case No. CV 04-09059 |
| 14      vs. | Case No. CV 05-02727 |
| 15  MATTEL, INC., a Delaware<br>corporation, | **STIPULATION FOR ENTRY OF<br>CONSENT DECREE** |
| 16 | |
| 17          Defendant. | Pretrial Conference:   May 19, 2008<br>Time:                        10:00 a.m. |
| 18  AND CONSOLIDATED ACTIONS | Place:                       Courtroom 1<br>Trial Date:                May 27, 2008 |

19
20
21
22
23
24
25
26
27
28

76052/2509804.1

CONFIDENTIAL – ATTORNEYS' EYES ONLY                    M 0932070

TX 07520-00026

1       This Stipulation for Entry of Consent Decree ("Stipulation") is entered

2   into by and between Mattel, Inc. ("Mattel") and Carter Bryant, each of which is a

3   "Party," and together are "the Parties."

4       WHEREAS, concurrently with the execution of this Stipulation, the

5   Parties have entered into a Settlement Agreement (the "Settlement Agreement"),

6   which provides for, among other things, the execution of this Stipulation.

7       NOW, THEREFORE, in view of the foregoing, it is hereby stipulated

8   by and amongst the Parties hereto, as follows:

9       1.      Concurrently with the execution of this Stipulation, the Parties

10  have executed the Settlement Agreement and have undertaken to perform all

11  provisions thereof.  Among other things, Bryant has agreed in Section 5 of the

12  Settlement Agreement that he will not, anywhere in the world, reproduce, prepare a

13  derivative work based upon, distribute, license, sell, offer for sale, display,

14  manufacture, produce, promote, market or otherwise deal in any Mattel Bratz

15  Invention (as defined in the Settlement Agreement); and (b) that he will not,

16  anywhere in the world, directly or indirectly assist, encourage, aid or abet any other

17  person or entity in reproducing, preparing a derivative work based upon,

18  distributing, licensing, selling, offering for sale, displaying, manufacturing,

19  producing, promoting, marketing or otherwise dealing in any Mattel Bratz

20  Invention.

21      2.      Mattel shall not file with or present to any court this Stipulation

22  or the Consent Decree attached hereto as Exhibit 1 unless it contends that Bryant has

23  violated Section 5 of the Settlement Agreement.

24      3.      In the event Bryant has violated Section 5 of the Settlement

25  Agreement, Bryant hereby consents and stipulates to the entry of the Consent

26  Decree in the form attached hereto as Exhibit 1, including, without limitation, by

27  way of ex parte application after written notice to Bryant in the manner provided in

28  the Settlement Agreement, and in accordance with the rules of the court in which

CONFIDENTIAL – ATTORNEYS' EYES ONLY

M 0932071

TX 07520-00027

1    this Stipulation is filed.  The application for entry of the Consent Decree may be
2    made solely on the basis of a declaration to the Court establishing Bryant's violation
3    of Section 5 of the Settlement Agreement.  The sole issue on any such application
4    for entry of the Consent Decree shall be whether Bryant has violated Section 5 of
5    the Settlement Agreement.  For the avoidance of any issue relating to the specificity
6    of the Consent Decree, the form of which is attached hereto as Exhibit 1, Bryant
7    agrees that Mattel may supplement and amplify paragraph 2 of the Consent Decree
8    to identify the Mattel Bratz Inventions.

9         4.    Each of the Parties represents and warrants that he or it (i) has
10   been or had the opportunity to be represented in this action by an attorney of his or
11   its own choosing, and is so represented; (ii) is fully aware of all of its rights, duties,
12   and obligations under this Stipulation; and (iii) accepts all such rights, duties, and
13   obligations.

14        5.    In the event Bryant has violated Section 5 of the Settlement
15   Agreement, the Parties intend that this Stipulation be filed in the Action (as defined
16   in the Settlement Agreement).  In the event the Court in the Action refuses to retain
17   jurisdiction to consider this Stipulation, the Parties agree that Mattel may file a New
18   Mattel Action (as defined in the Settlement Agreement) and that Mattel may re-
19   caption this Stipulation and the Consent Decree attached hereto as Exhibit 1 with the
20   caption of the New Mattel Action.

21

22

23

24

25

26

27

28

76052/2509804.1

-2-

Case No. CV 04-9049 SGL (RNBx)
STIPULATION FOR ENTRY OF CONSENT DECREE

CONFIDENTIAL – ATTORNEYS' EYES ONLY                                    M 0932072

TX 07520-00028

1      6.    Bryant waives any further findings of fact and conclusions of law

2  and all right to appeal from the entry of the Consent Decree.

3          **IT IS SO STIPULATED.**

4

5  DATED: May _18_, 2008

6                                   CARTER BRYANT

7

8                                   MATTEL, INC.

9

10 DATED: May ___, 2008           By:_____

11                                   Its:

12

13                              **APPROVED AS TO FORM:**

14

15 DATED: May ___, 2008           QUINN EMANUEL URQUHART OLIVER &
                                   HEDGES, LLP
16

17                              By_____

18                                   Michael T. Zeller
                                   Attorneys for Mattel, Inc.
19

20 DATED: May _18_, 2008          KEKER & VAN NEST, LLP

21

22                              By_____
                                   Christa Anderson
23                                   Attorneys for Carter Bryant

24

25

26

27

28

CONFIDENTIAL — ATTORNEYS' EYES ONLY

M 0932073

TX 07520-00029

6.   Bryant waives any further findings of fact and conclusions of law and all right to appeal from the entry of the Consent Decree.

**IT IS SO STIPULATED.**

DATED: May ___, 2008

_____
CARTER BRYANT


MATTEL, INC.

DATED: May 18, 2008       By: _____
                              Robert Normile, General Counsel


**APPROVED AS TO FORM:**

DATED: May ___, 2008      QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP


                          By: _____
                              Michael T. Zeller
                              Attorneys for Mattel, Inc.

DATED: May ___, 2008      KEKER & VAN NEST, LLP


                          By: _____
                              Christa Anderson
                              Attorneys for Carter Bryant

CONFIDENTIAL – ATTORNEYS' EYES ONLY                    M 0932074

TX 07520-00030

1    6.    Bryant waives any further findings of fact and conclusions of law
2  and all right to appeal from the entry of the Consent Decree.

3    IT IS SO STIPULATED.

4

5  DATED: May ___, 2008

6                                    _____
                                     CARTER BRYANT
7

8                                    MATTEL, INC.

9

10 DATED: May ___, 2008              By:_____
11                                   Its:

12

13                          APPROVED AS TO FORM:

14

15 DATED: May _18_, 2008            QUINN EMANUEL URQUHART OLIVER &
                                    HEDGES, LLP
16

17                                  By _Michael T. Zeller_____
18                                     Michael T. Zeller
                                       Attorneys for Mattel, Inc.
19

20 DATED: May ___, 2008             KEKER & VAN NEST, LLP

21

22                                  By_____
                                    Christa Anderson
                                    Attorneys for Carter Bryant
23

24

25

26

27

28

                                    -3-                 Case No. CV 04-9049 SGL (RNBx)
                                          STIPULATION FOR ENTRY OF CONSENT DECREE

76052/2509804.1

CONFIDENTIAL – ATTORNEYS' EYES ONLY

M 0932075

TX 07520-00031

1   QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
      John B. Quinn (Bar No. 090378)
2     (johnquinn@quinnemanuel.com)
      Michael T. Zeller (Bar No. 196417)
3     (michaelzeller@quinnemanuel.com)
      Jon D. Corey (Bar No. 185066)
4     (joncorey@quinnemanuel.com)
      Timothy L. Alger (Bar No. 160303)
5     (timalger@quinnemanuel.com)
    865 South Figueroa Street, 10th Floor
6   Los Angeles, California  90017-2543
    Telephone:   (213) 443-3000
7   Facsimile:   (213) 443-3100

8   Attorneys for Mattel, Inc.

9                 UNITED STATES DISTRICT COURT

10              CENTRAL DISTRICT OF CALIFORNIA

11                     EASTERN DIVISION

12  CARTER BRYANT, an individual,        CASE NO. CV 04-9049 SGL (RNBx)

13              Plaintiff,                Consolidated with
                                          Case No. CV 04-09059
14       vs.                             Case No. CV 05-02727

15  MATTEL, INC., a Delaware             [PROPOSED] CONSENT DECREE
    corporation,
16
                Defendant.               Pretrial Conference:   May 19, 2008
17                                       Time:                  10:00 a.m.
                                         Place:                 Courtroom 1
18  AND CONSOLIDATED ACTIONS            Trial Date:            May 27, 2008

19

20

21

22

23

24

25

26

27

28

76052/2505567.1

                                         Case No. CV 04-9049 SGL (RNBx)
                                              CONSENT DECREE

CONFIDENTIAL – ATTORNEYS' EYES ONLY

M 0932076

TX 07520-00032

The Court having been presented with the Parties' Stipulation for Entry of Consent Decree, the application of Mattel, Inc. for entry of a Consent Decree thereunder, the opposing and reply papers, if any, in connection with such application, and the Court finding good therefor, IT IS HEREBY ORDERED that:

1.     Carter Bryant and all those acting on his behalf or in concert or participation with him, shall be and hereby are, effective immediately, permanently enjoined from engaging in any of the following acts, directly or indirectly:

(a)     reproducing, preparing derivative works based upon, distributing, licensing, selling, offering for sale, displaying, manufacturing, producing, promoting, marketing or otherwise dealing in any Bratz Inventions owned by Mattel ("Mattel Bratz Invention"), or any depiction or imitation thereof or any work or property that is substantially similar thereto.

(b)     directly or indirectly assisting, encouraging, aiding or abetting any other person or entity in reproducing, preparing a derivative work based upon, distributing, licensing, selling, offering for sale, displaying, manufacturing, producing, promoting, marketing or otherwise dealing in any Mattel Bratz Invention"), or any depiction or imitation thereof or any work or property that is substantially similar thereto.

2.     As used herein, "Mattel Bratz Invention" means the following:_____

3.     This Order is effective immediately, without Mattel posting a bond, which shall not be required.

4.     This Court retains jurisdiction to the extent necessary to enforce this Order and to determine any issues that may arise concerning this Order and/or the Parties' Settlement Agreement.

Dated: _____, _____     _____

1

Case No. CV 04-9049 SGL (RNBx)
CONSENT DECREE

76052/2505567.1

CONFIDENTIAL   ATTORNEYS' EYES ONLY

M 0932077

TX 07520-00033

Exhibit C

CONFIDENTIAL – ATTORNEYS' EYES ONLY

M 0932078

TX 07520-00034

## Exhibit C to Settlement Agreement

Mattel's Registrations

1. VA 1-378-648
2. VA 1-378-649
3. VA 1-378-650
4. VA 1-378-651
5. VA 1-378-652
6. VA 1-378-653
7. VA 1-378-654
8. VA 1-378-655
9. VA 1-378-656
10. VA 1-378-657
11. VA 1-378-658
12. VA 1-378-659
13. VA 1-378-660
14. VAu 715-270
15. VAu 715-271
16. VAu 715-273

MGA's Registrations

1. VA 1-090-289
2. VA 1-090-287
3. VA 1-090-288
4. VA 1-090-290
5. VAu 550-696
6. VA 1-148-305

CONFIDENTIAL — ATTORNEYS' EYES ONLY

M 0932079

TX 07520-00035

7.  VA 1-244-684

8.  VA 1-323-035

9.  VA 1-218-489

10.  VA 1-218-490

11.  VA 1-218-487

12.  VA 1-218-488

13.  VA 1-218-491

14.  TX 5-796-439

15.  VA 1-233-104

16.  VA 1-233-273

17.  PAu 2-851-356

18.  VA 1-301-528

19.  VA 1-301-538

20.  VA 1-301-531

21.  VA 1-301-529

22.  VA 1-301-530

23.  VA 1-301-532

24.  VA 1-301-537

25.  VA 1-301-535

26.  VA 1-301-533

27.  VA 1-301-534

28.  VA 1-301-536

29.  VA 1-301-553

30.  VA 1-301-555

31.  PAu 2-975-857

32.  VAu 692-372

76052/2503934.1

CONFIDENTIAL – ATTORNEYS' EYES ONLY

M 0932080

TX 07520-00036

| | |
|---|---|
| 33. | PAu 2-981-730 |
| 34. | VA 1-315-645 |
| 35. | VA 1-315-646 |
| 36. | VA 1-323-022 |
| 37. | VA 1-323-023 |
| 38. | VA 1-323-021 |
| 39. | VA 1-337-265 |
| 40. | VA 1-337-266 |
| 41. | VA 1-339-147 |
| 42. | VA 1-333-582 |
| 43. | VA 1-340-169 |
| 44. | VA 1-340-168 |
| 45. | VA 1-340-165 |
| 46. | VA 1-340-170 |
| 47. | VA 1-340-167 |
| 48. | VA 1-333-583 |
| 49. | VA 1-334-487 |
| 50. | VA 1-334-488 |
| 51. | VA 1-363-662 |
| 52. | VA 1-363-663 |
| 53. | VAu 671-793 |
| 54. | VA 1-354-798 |
| 55. | TX 6-492-591 |
| 56. | PAu 3-087-947 |
| 57. | VA 1-387-658 |
| 58. | VA 1-390-709 |

7G052/2503934.1

3

—————— ATTORNEYS' EYES ONLY

M 0932081

TX 07520-00037

59.   TX 6-526-072

60.   PAu 3-059-454

61.   PAu 3-059-453

62.   PAu 3-096-376

63.   VA 1-405-452

64.   VA 1-405-451

65.   PAu 3-095-707

66.   PAu 3-095-708

67.   PA 1-367-620

68.   VA 1-403-779

69.   VAu 738-465

70.   VAu 738-464

71.   VAu 738-466

72.   TX 6-596-763

73.   PA 1-385-214

74.   VA 1-413-302

75.   VAu 703-161

76.   VA 1-413-305

77.   VA 1-413-304

78.   VA 1-413-303

79.   VA 1-413-308

80.   VA 1-413-309

81.   VA 1-413-307

82.   VA 1-413-306

83.   VA 1-413-310

84.   VA 1-413-311

CONFIDENTIAL – ATTORNEYS' EYES ONLY          M 0932082

TX 07520-00038

| 85.  | VA 1-413-325 |
| 86.  | VA 1-315-647 |
| 87.  | VA 1-323-020 |
| 88.  | TX 5-796-438 |
| 89.  | TX 5-875-431 |
| 90.  | TX 5-796-441 |
| 91.  | TX 5-796-440 |
| 92.  | TX 5-796-443 |
| 93.  | TX 5-817-268 |
| 94.  | TX 5-906-757 |
| 95.  | TX 5-906-825 |
| 96.  | VA 1-334-539 |
| 97.  | VA 1-339-145 |
| 98.  | TX 6-031-812 |
| 99.  | TX 6-081-125 |
| 100. | TX 6-074-648 |
| 101. | TX 6-074-649 |
| 102. | TX 6-031-396 |
| 103. | TX 6-033-433 |
| 104. | TX 6-096-133 |
| 105. | VA 1-323-019 |
| 106. | VA 1-323-018 |
| 107. | TX 5-919-221 |
| 108. | TX 5-919-222 |
| 109. | VA 1-297-403 |
| 110. | VA 1-351-735 |

CONFIDENTIAL — ATTORNEYS' EYES ONLY

M 0932083

TX 07520-00039

111.   VA 1-325-095

112.   VA 1-297-404

113.   VA 1-325-096

114.   TX 6-074-647

115.   V3 5-10D-557

116.   V3 5-12D-633

117.   VA 1-334-537

118.   TX 6-064-533

119.   VA 1-326-745

120.   VA 1-326-746

121.   TX 6-096-895

122.   TX 6-096-897

123.   VA 1-325-094

124.   VA 1-339-146

125.   TX 6-268-892

126.   TX 6-086-651

127.   VA 1-362-258

128.   TX 6-118-254

129.   TX 6-181-489

130.   TX 6-181-490

131.   VA 1-325-331

132.   TX 6-160-361

133.   VAu 635-251

134.   VA 1-324-954

135.   TX 6-268-535

136.   VA 1-334-538

76052/2503934.1

6

CONFIDENTIAL – ATTORNEYS' EYES ONLY

M 0932084

137. VA 1-325-276

138. TX 6-173-595

139. VA 1-339-427

140. TX 6-188-232

141. TX 6-221-546

142. VA 1-366-299

143. VA 1-369-573

144. VAu 664-142

145. TX 6-086-650

146. VA 1-301-554

147. VA 1-375-774

148. TX 6-235-389

149. VA 1-301-552

150. VAu 671-745

151. VA 1-405-450

152. VA 1-387-659

153. TX 6-487-690

154. V 3-542D-781

155. TX 6-355-331

156. TX 6-332-508

157. VAu 635-277

158. TX 6-487-375

159. V 3-549D-025

160. V 3-549D-026

161. V 3-551D-440

76052/2503934.1

7

CONFIDENTIAL — ATTORNEYS' EYES ONLY

M 0932085

TX 07520-00041