QUINN EMANUEL URQUHART & SULLIVAN, LLP
  John B. Quinn (Bar No. 090378)
  (johnquinn@quinnemanuel.com)
  William C. Price (Bar No. 108542)
  (williamprice@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017–2543
Telephone: (213) 443–3000
Facsimile: (213) 443–3100

Attorneys for Mattel, Inc., and Mattel de Mexico, S.A. de C.V.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation, and Mattel de Mexico, S.A. de C.V., a Mexico business entity,<br><br>Plaintiff,<br><br>vs.<br><br>MGA ENTERTAINMENT, INC., a California corporation, et al.,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04–9049 DOC (RNBx)<br>Consolidated with<br>Case No. CV 04–09059<br>Case No. CV 05–02727<br><br><u>Hon. David O. Carter</u><br><br>**MATTEL'S RESPONSE TO MGA'S POCKET BRIEF RE TOON TEENS LIMITING INSTRUCTION**<br><br>Hearing Date: TBD<br>Time: TBD<br>Place: Courtroom 9D<br><br>Discovery Cut–Off: October 4, 2010<br>Pre–trial Conference: January 4, 2011<br>Trial: January 18, 2011 |

**Mattel's Response to MGA's Pocket Brief**

MGA's request for a special instruction to be given in the middle of Mattel's case in chief – between the testimony of Mattel's first and second witnesses – should be denied. There is simply no need to provide a special instruction on the significance of a single piece of evidence. Providing such a stand alone, out of order instruction would unduly impact the jury's consideration of the evidence and highlight that some "special" restrictions apply to it, which is not true. If any instruction is given on this issue, it should be given when the balance of the jury instructions are given at the close of trial to avoid unduly emphasizing this evidence and this instruction to the exclusion of others and to avoid undue interference with Mattel's presentation of its case in chief.

The evidence at issue is "Toon Teens," a Mattel project. As MGA knows and acknowledges, Mattel has never claimed liability based on MGA's infringement of Toon Teens. Nevertheless, Toon Teens is and always has been relevant to this case: the timing of its creation and Bryant's exposure to it is part of what shows that Bryant created Bratz at Mattel, as the last jury found. MGA agrees that Toon Teens is relevant, having urged repeatedly (albeit wrongly) that it is relevant to its statute of limitations defense. See, e.g., MGA's Motion for Summary Judgment, October 12, 2010, at 13-16, 79. Accordingly, there is no dispute that Mattel is entitled to elicit testimony from witnesses, including Lily Martinez, concerning Bryant's access to Mattel's Toon Teens project.

While not disputing admissibility, MGA argues the jury may be "misled" by evidence of Toon Teens and so a special, mid-trial instruction is needed. That cannot be the standard for giving a mid-trial instruction, for if it were there would be no end to such instructions. MGA is going to attempt to mislead the jury in dozens of ways, but Mattel does not anticipate requesting dozens of special jury instructions to be read mid-trial. Instructions generally belong at the beginning and end of the trial; cross-examination can address most issues mid-trial. The jury will be

informed during opening statements and properly instructed after the close of evidence on the issues in the case, including that one of its tasks is to determine whether Mattel owns Bratz and, if so, whether MGA copied or misappropriated it. MGA's speculation that the jury will be confounded by evidence of Toon Teens into believing that Mattel's claim is for infringement or theft of Toon Teens – something that Mattel has never said – is without basis and unjustified.

Although MGA's pocket brief seeks a limiting jury instruction to be read before Ms. Martinez testifies, MGA proposes no such instruction in its brief, and has not proposed such an instruction in its proposed jury instructions either. In any event, a mid-trial limiting instruction is neither necessary nor justified. Should the Court nevertheless wish to provide an instruction on this issue, the instruction should read as follows:

> You will hear evidence about a product called "Toon Teens". To avoid confusion, you are instructed that Mattel has no claims in this case for infringement or theft of Toon Teens. Accordingly, while Toon Teens may be relevant to issues in the case, whether or not Toon Teens was infringed is not relevant to any issue you are to decide. Likewise, whether or not Mattel ever suspected that Toon Teens may have been infringed is not relevant to any issue you are to decide, including any issues regarding the statute of limitations applicable to Mattel's claims, MGA's laches defense, or any of MGA's other defenses relating to when Mattel's claims were brought.

Mattel's claims are not based on infringement of Toon Teens, as MGA wants to instruct the jury. Just as whether Toon Teens was actually infringed is irrelevant, whether Mattel ever suspected it was infringed is equally irrelevant. No instruction should be given at this stage on this issue at all, but if one is given this should be made clear.

| | | |
|---|---|---|
| 1 | DATED: January 17, 2011 | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
| 2 | | |
| 4 | | By /s/ Michael T. Zeller |
| 5 | | Michael T. Zeller |
| | | Attorneys for Mattel, Inc. and |
| 6 | | Mattel de Mexico, S.A. de C.V. |