RUSS, AUGUST & KABAT
Larry C. Russ, State Bar No. 82760
lruss@raklaw.com
Bruce D. Kuyper, State Bar No. 144969
bkuyper@raklaw.com
Nathan D. Meyer, State Bar No. 239850
nmeyer@raklaw.com
12424 Wilshire Boulevard, 12th Floor
Los Angeles, California 90025
Telephone: (310) 826-7474
Facsimile: (310) 826-6991

Attorneys for Non-Party Zapf Creation AG

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware Corporation, et al., <br><br> Plaintiff, <br><br> v. <br><br> MGA ENTERTAINMENT, INC., a California Corporation, et al., <br><br> Defendant. <br><br> AND CONSOLIDATED ACTIONS | Case No. CV 04-9049 DOC (RNBx) <br><br> [Assigned to The Honorable David O. Carter, Dept. 9D] <br><br> Consolidated with: <br> Case No. CV04-09059 <br> Case No. CV05-02727 <br><br> **DECLARATION OF NATHAN D. MEYER IN SUPPORT OF NON-PARTY ZAPF CREATION AG'S OPPOSITION TO MATTEL'S MOTION TO COMPEL** |

## DECLARATION OF NATHAN D. MEYER

I, NATHAN D. MEYER, declare as follows:

1. I am an attorney at Russ, August & Kabat, counsel of record for non-party Zapf Creation, AG ("Zapf") in this matter. I have personal knowledge of each of the facts stated in this declaration and if called upon to testify I could and would truthfully do so.

2. Attached hereto as Exhibit A and incorporated by reference is a letter from Matthias Goetz, Zapf's counsel in Germany, to my colleague Larry Russ, describing the efforts by Zapf to determine what aspects of the subpoena at issue in this case they could comply with without German law.

3. Attached hereto as Exhibit B and incorporated by reference is a true and correct copy of a letter from the Bavarian State Inspectorate for Data Protection to Mr. Goetz, outlining Zapf's obligations under German law.

4. Attached hereto as Exhibit C and incorporated by reference is a true and correct translation of Exhibit B. It provides that Zapf may not search pre-2008 e-mails at all without permission from the users, and that it must pseudonomize any e-mails from 2008 or later. It further makes clear that Zapf would face penalties if it failed to comply with these rules.

5. On November 29, 2010, my colleague, Larry Russ, sent a letter to counsel for Mattel outlining Zapf's efforts to comply with the subpoena. Attached hereto as Exhibit D and incorporated by reference is a true and correct copy of that letter. That letter attached Exhibits A-C to this declaration; for brevity's sake, those exhibits are not re-attached here.

6. Shortly thereafter, Mr. Russ and I met and conferred with Mattel, and ultimately the deposition, originally calendared for December 1, 2010, was continued to December 30, 2010. The Court approved this extension.

7. Mr. Russ also requested that Mattel provide search terms. These terms were provided via e-mail on December 3, 2010.

8.    Shortly after receiving these search terms, Zapf discovered that its software was only able to handle two-term simple searches. For example, Zapf could search for "Mattel and Barbie" but not "Mattel /s Barbie" or "Mattel and Barbie and Nuremberg." Zapf re-organized the search terms provided by Mattel to fit their technological limitations. Attached hereto as Exhibit E is a true and correct copy of Zapf's description of its search process. This was provided to Mattel upon its request.

9.    Upon learning of Zapf's limitations, I informed Mattel's counsel. I explained Zapf's limitations orally to Viola Trebicka, counsel for Mattel on or about December 9, 2010. I also e-mailed Mattel's counsel a written description of these limitations on December 9, 2010. That e-mail is attached hereto as Exhibit F.

10.    I provided the final search terms used by Zapf to Mattel via e-mail on December 14, 2010. A true and correct copy of that e-mail is attached hereto as Exhibit G. I received no response to the provision of these terms.

11.    On December 22, 2010, I served Zapf's responses to Mattel's subpoenas, via e-mail. A true and correct copy of those responses and the transmittal e-mail are attached hereto as Exhibit H. Those responses attached Exhibits A and B to this declaration. (Those additional copies are omitted here for brevity.)

12.    I served Zapf's document production shortly thereafter.

13.    In preparation for the deposition, Zapf interviewed all employees who could have conceivably been involved in toy fairs. A copy of the results of the interviews is attached hereto as Exhibit I. This document was provided to Mattel.

14.    Zapf's 30(b)(6) deposition was held on December 30, 2010. My colleague, Bruce D. Kuyper, defended the deposition.

15.    Mr. Kuyper instructed the deponent not to answer on five occasions, all based on German law prohibiting the disclosure of names. Attached hereto as Exhibit J are excerpts from the Zapf deposition showing those instructions.

Although the deposition transcript was designated confidential by Zapf, these specific questions do not appear to implicate any confidential data of Zapf or anyone else, so they are attached. As this is a public filing, non-pertinent portions of the confidential transcript have been redacted.

16. Mr. Brawer testified, at deposition, that the person that apparently prepared the "M" Booth report, Angelika Sternberg, was on longer affiliated with Zapf. A copy of that testimony is attached hereto as Exhibit K.

17. Attached hereto as Exhibit L is a true and correct copy of a translation of section 206 of the German Penal Code, translated by the German Ministry of Justice. I accessed this translation at http://www.iuscomp.org/gla/statutes/StGB.htm#206 on January 14, 2011.

18. Attached hereto as Exhibit M is a true and correct copy of the list of signatories to the Hague Convention on the Taking of Evidence Abroad, pulled from the Hague Convention on Private International Law website (hcch.net) on January 14, 2011.

I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct to the best of my knowledge.

Executed on this 14th day of January 2011 at Los Angeles, California.

/s/ *Nathan D. Meyer*

# CERTIFICATE OF SERVICE

I hereby certify that the counsel of record who are deemed to have consented to electronic service are being served on January 18, 2011 with a copy of this document titled **DECLARATION OF NATHAN D. MEYER IN SUPPORT OF NON-PARTY ZAPF CREATION AG'S OPPOSITION TO MATTEL'S MOTION TO COMPEL** via the Court's CM/ECF system per Local Rule 5-3.3. Any other counsel of record will be served by electronic mail, facsimile transmission and/or first class mail on this same date.

In addition, counsel for Mattel and MGA were served via e-mail on Friday, January 14, 2011.

Dated:  January 18, 2011                    /s/ *Nathan D. Meyer*
                                            Nathan D. Meyer

3201-01 Master POS - Email.doc