# EXHIBIT D



12424
WILSHIRE
BOULEVARD

SUITE
1200

LOS ANGELES
CALIFORNIA
90025

TELEPHONE
310.826.7474

FACSIMILE
310.826.6991

November 29, 2010

**Via Email**

Scott Watson
Quinn Emanuel Urquhart & Sullivan, LLP
scottwatson@quinnemanuel.com

**Re:   Zapf Subpoena in Mattel/MGA Case**

Dear Mr. Watson:

We are counsel for Zapf Creation, AG and are writing in regard to the subpoena and court order issued in the Mattel/MGA Case regarding our client (Docket No. 9027). Counsel for MGA has indicated that you are the person to contact at Quinn.

Zapf is a German company, was not served in compliance with Hague Convention rules, and is not subject to the Court's jurisdiction here. As such, any statements in this letter are made without waiving the right to contest service. In order to minimize costs, however, Zapf has decided to cooperate with the subpoena to the extent permitted by German law. I am writing to give you an update on the status of compliance, and to request some further information from Mattel.

Zapf expects to complete its search of hard documents relating to Mattel in the next twenty-four hours. No documents responsive to those requests have yet been found. Zapf is still assembling documents relating to security at its showrooms. Obviously, Zapf will only produce such documents marked as attorneys' eyes only pursuant to the protective order we assume has been issued in this case.

As for e-mails, Zapf has spent the past month determining what is permitted under German and EU law, and as explained below, recently began its search due to receiving final



Scott Watson
November 29, 2010
Page 2

confirmation from German authorities this past Friday. In short, Zapf is not permitted to search any pre-2008 e-mails without written permission from the individual senders. Thomas Pfau, who is no longer with Zapf, is expected to provide such permission vis-à-vis 2007 in the next day or so, but Zapf may not compel other former or current employees to permit searches. Zapf may search 2008-2010 e-mails, but only with heavy redaction. That process is expected to be concluded on or about December 8, 2010 (we will keep you updated as to progress). Attached to this letter as evidence of the above are a letter from Matthias Goetz, Zapf's German counsel, outlining his correspondence with the German Authorities, and a letter (in German and translated) from the Bavarian State Inspectorate for Data Protection regarding this case.

In order to expedite this search, we would appreciate it if you could provide search terms to avoid any arguments in the future. The requests do not lend themselves to obvious ones. Zapf is prepared to use any search terms you request (as long as they relate to the requests), with the obvious caveat that broader searches will mean a longer delay before you receive documents. For example, a search that includes the search term "show" by itself is likely to produce thousands of hits, requiring an enormous amount of manpower to review for relevance. Before undertaking the considerable burden of searching post 2008 emails, Zapf requests that Mattel provide it with narrow enough search phrases that are likely to address the most germane subject matter. Please let us know your thoughts on this issue.

Finally, in light of the above, there appears to be no point producing a witness on December 1, 2010, as Mattel will not have the benefit of the documents it has requested. We assume that Mattel would insist that a Zapf witness be produced after the documents have been provided. However, Zapf is not willing or reasonably able to fly a witness to Santa Ana from

Mattel Letter2.doc

RUSS
AUGUST
KABAT
LAWYERS

Scott Watson
November 29, 2010
Page 3

Europe twice in one month, in the middle of Zapf's most crucial selling season (and the first decent Christmas in three years). Accordingly, Zapf will cooperate with Mattel in providing a witness for deposition, if necessary, at a convenient date and time, once Mattel has received and reviewed any documents produced by Zapf. Should Mattel require a Zapf representative to appear on December 1, 2010 in any event, we must have a stipulation from counsel that it will not seek a further deposition after the documents have been produced.

I am available to discuss this matter with you today, as time is of the essence. Kindly contact me as soon as possible, so that we may balance your client's needs against the requirements of German law. Thank you.

Very truly yours,

Russ, August & Kabat

/s/ Larry C. Russ

Larry C. Russ

LCR:lcd
Enclosure
cc:     Warrington Parker

        Thomas McConville

Mattel Letter2.doc