# EXHIBIT H

RUSS, AUGUST & KABAT
Larry C. Russ, State Bar No. 82768
lruss@raklaw.com
Bruce D. Kuyper, State Bar No. 144969
bkuyper@raklaw.com
Nathan D. Meyer, State Bar No. 239850
nmeyer@raklaw.com
12424 Wilshire Boulevard, 12th Floor
Los Angeles, California 90025
Telephone: (310) 826-7474
Facsimile: (310) 826-6991

Attorneys for Defendant
Non Party Zapf Creation AG, Specially Appearing

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware Corporation, et al., <br><br> Plaintiff, <br><br> v. <br><br> MGA ENTERTAINMENT, INC., a California Corporation, et al., <br><br> Defendant. <br><br> AND CONSOLIDATED ACTIONS | Case No. CV 04-9049 DOC (RNBx) [Assigned to The Honorable David O. Carter, Dept. 9D] <br><br> Consolidated with Case No. CV04-09059 Case No. CV05-02727 <br><br> **NON PARTY DEFENDANT ZAPF CREATION AG'S RESPONSES TO PLAINTIFFS' REQUEST FOR PRODUCTION OF DOCUMENTS AND DEPOSITION TOPICS** |

RUSS, AUGUST & KABAT

3201-01 101222 Zapf ResRFP#1.doc

NON PARTY DEFENDANT ZAPF CREATION AG'S RESPONSES TO PLAINTIFFS' FIRST SET OF REQUEST FOR PRODUCTION OF DOCUMENTS

PROPOUNDING PARTY:        MATTEL INC.

RESPONDING PARTY:         NON PARTY ZAPF CREATION AG

SET NUMBER:               ONE

Pursuant to Rule 34 of the Federal Rules of Civil Procedure and the Local Rules for the Central District of California, Non Party Defendant Zapf Creation AG ("ZAPF") hereby responds to Plaintiff Mattel Inc.'s Requests for Production and Deposition Topics (the "Requests") as follows:

## PRELIMINARY STATEMENT

These responses are made without consenting to the jurisdiction of the Court in this action. Zapf contends, and continues to contend, that it has no contacts with the United States, and was not properly served. The responses and objections below are made without consenting to the jurisdiction of the Court here.

The present responses and objections are solely for the purpose of this action. The responses are subject to all objections as to competence, relevance, materiality, propriety and admissibility, and to any and all other objections on any grounds that would require the exclusion of any statements contained herein if such request was asked of, or statements contained herein were made by, a witness present and testifying in court, all of which objections and grounds are expressly reserved and may be interposed at the time of trial.

All of the responses contained herein are based only upon such information and documents that are presently available to and specifically known to Zapf. Zapf discloses only those contentions and documents that are presently known to it.

The following responses are given without prejudice to Zapf's right to produce evidence and any subsequently discovered document or documents or fact or facts which Zapf may later recall. Zapf accordingly reserves the right to change any and all responses herein as additional facts are ascertained, analyses are made, legal research is completed and contentions are made. The responses contained herein are made in a good-faith effort based upon the documents, factual

RUSS, AUGUST & KABAT

1    information and specific legal contentions that are presently known, but should in
2    no way be to the prejudice of Zapf in relation to further discovery, research or
3    further analyses.

4         No incidental or implied admissions are intended by the response below.
5    The fact that Zapf has answered or objected to any request should not be taken as
6    an admission that Zapf accepts or admits the existence of any "facts" set forth or
7    assumed by the request.  The fact that Zapf has answered part or all of any request
8    is not intended to be, and shall not be construed to be, a waiver by Zapf of any part
9    of any objection to the request.

10                        **GENERAL OBJECTIONS**

11        1.     Zapf objects to the Requests Of Documents and to each individual
12   request to the extent they purport to impose on Zapf obligations that differ from or
13   exceed those required by the Federal Rules of Civil Procedure, the Local Rules of
14   the United States District Court for the Central District of California or any order
15   or ruling by the Court in this action.  Zapf shall not comply with any purported
16   obligation not imposed by law.

17        2.     Zapf objects to the Requests to the extent they purport to impose on
18   Zapf obligations that differ from or exceed those permitted by the law of the
19   Federal Republic of Germany.  Zapf further objects to the Requests as calling for
20   the production of private information protected from disclosure by the laws of the
21   Federal Republic of Germany.  Zapf will only produce documents to the extent
22   expressly permitted by German law.  A letter from the German government and
23   translation thereof are attached hereto as **Exhibits A and B**, respectively, and
24   incorporated herein by reference as if fully set forth herein.

25        3.     Zapf objects to the Requests as it has not been properly served via
26   letters rogatory.  However, Zapf has chosen to comply to the extent permitted by
27   German law.

28

RUSS, AUGUST & KABAT

4.     Zapf objects to the Requests and to each individual request to the extent they purport to seek information protected by the attorney-client privilege and/or work product doctrine, or any other applicable privilege or restriction on discovery.  Zapf will not produce information protected by such privileges.

5.     Zapf objects to Plaintiff's Requests and to each individual request to the extent they purport to seek private, confidential, trade secret, proprietary, financial or commercially sensitive information, the disclosure of which could result in substantial competitive injury to Zapf or a breach by Zapf of an obligation to a third party to maintain the confidentiality of information.  Zapf will produce relevant documents subsequent and subject to the entry of a protective order by the Court.

6.     Zapf objects to the Requests and to each individual request to the extent they call for a document that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

7.     Zapf objects to the Requests and to each individual request to the extent they are overbroad in time and/or scope, oppressive, vague, ambiguous, harassing and unduly burdensome.

8.     Zapf incorporates by reference each of the foregoing General Objections set forth herein above into each specific response set forth below as if set forth in full therein.  An answer to a request shall not be construed as a waiver of any applicable or general objection to a request.

## RESPONSES TO REQUEST FOR PRODUCTION

### REQUEST NO. 1:

All DOCUMENTS REFERRING OR RELATING TO any of MATTEL's showrooms or other displays at any toy fair (including without limitation Hong Kong Toy Fair, New York Toy Fair, Dallas Toy Fair, Tokyo Toy Fair, Paris Toy Fair or Nuremberg Toy Fair) (hereinafter "Toy Fair") or any Plano-Grams or layout rooms displaying any MATTEL product.

RUSS, AUGUST & KABAT

RUSS, AUGUST & KABAT

**RESPONSE TO REQUEST NO. 1:**

Zapf objects to this request as unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence as to any party in this case.  Zapf further objects to this request as calling for the production of information barred from production by German law.  Without waiving the above specific and general objections, Zapf has conducted a reasonably diligent search of its paper and electronic records, and Zapf is concurrently producing all responsive non-privileged documents to the extent permitted by German law.

**REQUEST NO. 2:**

All DOCUMENTS REFERRING OR RELATING to YOUR or MGA's access, or attempts to gain access, to any of MATTEL's showrooms or other Toy Fair displays or any Plan-o-Grams or layout rooms displaying any MATTEL product, including without limitation all DOCUMENTS REFERRING OR RELATING TO how YOU and MGA gained access to Mattel's Toy Fair displays in Nuremberg in 2008.

**RESPONSE TO REQUEST NO. 2:**

Zapf objects to this request as unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence as to any party in this case.  Zapf further objects to this request as calling for the production of information barred from production by German law.  Without waiving the above specific and general objections, Zapf has conducted a reasonably diligent search of its paper and electronic records, and Zapf is concurrently producing all responsive non-privileged documents to the extent permitted by German law.

**REQUEST NO. 3:**

DOCUMENTS sufficient to IDENTIFY each of YOUR or MGA's officers, directors, employees or representatives who entered or viewed any of MATTEL's showrooms or other Toy Fair displays or any Plan-o-Grams or layout rooms displaying any MATTEL product.

3201-01 101222 Zapf ResRFP#1.doc

4

RUSS, AUGUST & KABAT

**RESPONSE TO REQUEST NO. 3:**

Zapf objects to this request as unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence as to any party in this case. Zapf further objects to this request as calling for the production of information barred from production by German law. Without waiving the above specific and general objections, Zapf has conducted a reasonably diligent search of its paper and electronic records, and Zapf is concurrently producing all responsive non-privileged documents to the extent permitted by German law.

**REQUEST NO. 4:**

All DOCUMENTS, including without limitation all catalogs, price lists and line lists, obtained from MATTEL's showrooms or other Toy Fair displays or any Plan-o-Grams or layout rooms displaying any MATTEL product.

**RESPONSE TO REQUEST NO. 4:**

Zapf objects to this request as unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence as to any party in this case. Zapf further objects to this request as calling for the production of information barred from production by German law. Without waiving the above specific and general objections, Zapf has conducted a reasonably diligent search of its paper and electronic records, and Zapf is concurrently producing all responsive non-privileged documents to the extent permitted by German law.

**REQUEST NO. 5:**

All DOCUMENTS REFERRING OR RELATING TO any information obtained from MATTEL's showrooms or other Toy Fair displays or any Plan-o-Grams or layout rooms displaying any MATTEL product.

**RESPONSE TO REQUEST NO. 5:**

Zapf objects to this request as unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence as to any party in this case. Zapf further objects to this request as calling for the production of

1   information barred from production by German law.  Without waiving the above
2   specific and general objections, Zapf has conducted a reasonably diligent search of
3   its paper and electronic records, and Zapf is concurrently producing all responsive
4   non-privileged documents to the extent permitted by German law.

5   **REQUEST NO. 6:**

6      All photographs and video of MATTEL's showrooms or other Toy Fair
7   displays or any Plan-o-Grams or layout rooms displaying any MATTEL product.

8   **RESPONSE TO REQUEST NO. 6:**

9      Zapf objects to this request as unduly burdensome and not reasonably
10  calculated to lead to the discovery of admissible evidence as to any party in this
11  case.   Zapf further objects to this request as calling for the production of
12  information barred from production by German law.  Without waiving the above
13  specific and general objections, Zapf has conducted a reasonably diligent search of
14  its paper and electronic records, and no such documents exists.

15  **REQUEST NO. 7:**

16     All DOCUMENTS REFERRING OR RELATING TO YOUR or MGA's
17  efforts, or knowledge of any efforts by any PERSONS worldwide, to monitor,
18  "spy on" or gain knowledge of MATTEL's trade secrets, non-public information,
19  non-public activities, unreleased products, and product development, including,
20  but not limited to:

21     a.    DOCUMENTS REFERRING OR RELATING TO YOUR
22  COMMUNICATIONS or contacts with MATTEL's current or former employees,
23  contractors, or customers about MATTEL or its business, including, but not
24  limited to, any recordings of such COMMUNICATIONS;

25     b.    DOCUMENTS REFERRING OR RELATING TO YOUR knowledge
26  of any MATTEL product before its release to the public or of any other non-
27  public information about MATTEL, its business or its products

28     c.    DOCUMENTS REFERRING OR RELATING TO YOUR access to

RUSS, AUGUST & KABAT

1   MATTEL's confidential product and pricing information through retailers; and

2         d.      DOCUMENTS REFERRING OR RELATING TO YOUR access to

3   MATTEL's confidential product and pricing information from any other non-

4   public sources and/or through nonpublic means.

5   **RESPONSE TO REQUEST NO. 7:**

6         Zapf objects to this request as unduly burdensome and not reasonably

7   calculated to lead to the discovery of admissible evidence as to any party in this

8   case.   Zapf further objects to this request as calling for the production of

9   information barred from production by German law.  Without waiving the above

10  specific and general objections, Zapf has conducted a reasonably diligent search of

11  its paper and electronic records, and Zapf is concurrently producing all responsive

12  non-privileged documents to the extent permitted by German law.

13  **REQUEST NO. 8:**

14        All COMMUNICATIONS with any MGA officer, director, employee or

15  representative, including but not limited to Isaac Larian, regarding MATTEL

16  information obtained from any Toy Fair.

17  **RESPONSE TO REQUEST NO. 8:**

18        Zapf objects to this request as unduly burdensome and not reasonably

19  calculated to lead to the discovery of admissible evidence as to any party in this

20  case.   Zapf further objects to this request as calling for the production of

21  information barred from production by German law.  Without waiving the above

22  specific and general objections, Zapf has conducted a reasonably diligent search of

23  its paper and electronic records, and Zapf is concurrently producing all responsive

24  non-privileged documents to the extent permitted by German law.

25  **REQUEST NO. 9:**

26        All DOCUMENTS, including all photographs and video, REFERRING OR

27  RELATING to any MGA product or information displayed or provided at any Toy

28  Fair.

RUSS, AUGUST & KABAT

3201-01 101222 Zapf ResRFP#1.doc                    7

NON PARTY DEFENDANT ZAPF CREATION AG'S RESPONSES TO PLAINTIFFS' FIRST SET OF REQUEST FOR PRODUCTION OF DOCUMENTS

RUSS, AUGUST & KABAT

1   **RESPONSE TO REQUEST NO. 9:**

2       Zapf objects to this request as unduly burdensome and not reasonably

3   calculated to lead to the discovery of admissible evidence as to any party in this

4   case.

5   **REQUEST NO. 10:**

6       All DOCUMENTS, including but not limited to all appointment books,

7   appointment calendars, sign-in sheets and logs, identifying each of the PERSONS

8   who, at any Toy Fair, entered, accessed or viewed YOUR display or showroom in

9   which MGA products or information were displayed or provided.

10   **RESPONSE TO REQUEST NO. 10:**

11       Zapf objects to this request as unduly burdensome and not reasonably

12   calculated to lead to the discovery of admissible evidence as to any party in this

13   case.  Zapf further objects to this request as calling for the production of

14   information barred from production by German law.  Without waiving the above

15   specific and general objections, Zapf has conducted a reasonably diligent search of

16   its paper and electronic records, and Zapf is concurrently producing all responsive

17   non-privileged documents to the extent permitted by German law.

18

19   **REQUEST NO. 11:**

20       All DOCUMENTS REFERRING OR RELATING TO YOUR or MGA's

21   efforts to limit or restrict the access or entry, at any Toy Fair, of any PERSON or

22   PERSONS to any display or showroom in which MGA products or information

23   were displayed or provided.

24   **RESPONSE TO REQUEST NO. 11:**

25       Zapf objects to this request as unduly burdensome and not reasonably

26   calculated to lead to the discovery of admissible evidence as to any party in this

27   case.  Zapf further objects to this request as calling for the production of

28   information barred from production by German law.  Without waiving the above

RUSS, AUGUST & KABAT

1  specific and general objections, Zapf has conducted a reasonably diligent search of
2  its paper and electronic records, and Zapf is concurrently producing all responsive
3  non-privileged documents to the extent permitted by German law.
4
5  **REQUEST NO. 12:**
6      All DOCUMENTS, including but not limited to non-disclosure agreements
7  or confidentiality agreements, REFERRING OR RELATING to any requirement
8  that any PERSON who entered or viewed, at any Toy Fair, all or any portion of
9  any display or showroom in which MGA products were shown not disclose or use
10  such information, from 1998 to the present. The foregoing request includes such
11  DOCUMENTS pertaining to PERSONS who not only visited or accessed such
12  display or showroom, but each and every PERSON who worked on or in, or
13  otherwise entered or viewed, such display or showroom.
14  **RESPONSE TO REQUEST NO. 12:**
15      Zapf objects to this request as unduly burdensome and not reasonably
16  calculated to lead to the discovery of admissible evidence as to any party in this
17  case.   Zapf further objects to this request as calling for the production of
18  information barred from production by German law.  Without waiving the above
19  specific and general objections, Zapf has conducted a reasonably diligent search of
20  its paper and electronic records, and Zapf is concurrently producing all responsive
21  non-privileged documents to the extent permitted by German law.
22  **REQUEST NO. 13:**
23      All DOCUMENTS REFERRING OR RELATING TO the disclosure of
24  information about MGA products displayed or shown at any Toy Fair to members
25  of the press or the media or to any other PERSON, including without limitation the
26  IDENTITY of each PERSON receiving any such disclosure    (hereinafter,
27  "Recipient") and all DOCUMENTS REFERRING OR RELATING TO ANY
28  requirement that such Recipient keep such information confidential.

**RESPONSE TO REQUEST NO. 13:**

Zapf objects to this request as unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence as to any party in this case.   Zapf further objects to this request as calling for the production of information barred from production by German law.

**REQUEST NO. 14:**

All DOCUMENTS REFERRING OR RELATING TO how access to MGA UNRELEASED PRODUCT INFORMATION at any Toy Fair is restricted, limited or controlled, including but not limited to DOCUMENTS setting forth YOUR or MGA's policy with respect to confidential information, sign-in and sign-out sheets for access to confidential information, logs of PERSONS who access confidential information, and procedures for accessing confidential information.

**RESPONSE TO REQUEST NO. 14:**

Zapf objects to this request as unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence as to any party in this case.   Zapf further objects to this request as calling for the production of information barred from production by German law.  Without waiving the above specific and general objections, Zapf has conducted a reasonably diligent search of its paper and electronic records, and no such documents exist.  Zapf's showroom procedures are not written.

RUSS, AUGUST & KABAT

RUSS, AUGUST & KABAT

## RESPONSES TO EXHIBIT B TOPICS

**REQUEST NO. 1:**

YOUR and MGA's knowledge of the products and other information displayed or distributed at MATTEL's showrooms or other displays at any toy fair (including without limitation Hong Kong Toy Fair, New York Toy Fair, Dallas Toy Fair, Tokyo Toy Fair, Paris Toy Fair or Nuremberg Toy Fair) (hereinafter "Toy Fair") or in any Plan-o-Grams or layout rooms displaying any MATTEL product.

**RESPONSE TO REQUEST NO. 1:**

Zapf objects to this request as unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence as to any party in this case. Zapf further objects to this request as calling for the disclosure of information barred from production by German law. Without waiving the above specific and general objections, Zapf will produce a witness knowledgeable of this issue, who will testify to the extent permitted by German law.

**REQUEST NO. 2:**

YOUR or MGA's access, or attempts to gain access, and method of access to any of MATTEL's showrooms or other Toy Fair displays or any Plan-o-Grams or layout rooms displaying any MATTEL product, including without limitation how YOU and MGA gained access to Mattel's Toy Fair displays in Nuremberg in 2008.

**RESPONSE TO REQUEST NO. 2:**

Zapf objects to this request as unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence as to any party in this case. Zapf further objects to this request as calling for the disclosure of information barred from production by German law. Without waiving the above specific and general objections, Zapf will produce a witness knowledgeable of this issue, who will testify to the extent permitted by German law.

1

**REQUEST NO. 3:**

The IDENTITY of each of YOUR and MGA's officers, directors, employees or representatives who entered or viewed any of MATTEL's showrooms or other Toy Fair displays or any Plan-o-Grams or layout rooms displaying any MATTEL product.

**RESPONSE TO REQUEST NO. 3:**

Zapf objects to this request as unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence as to any party in this case.   Zapf further objects to this request as calling for the disclosure of information barred from production by German law.  Without waiving the above specific and general objections, Zapf will produce a witness knowledgeable of this issue, who will testify to the extent permitted by German law.

**REQUEST NO. 4:**

All DOCUMENTS, including without limitation all catalogs, price lists and line lists, and information that YOU or MGA obtained or received from MATTEL's showrooms or other Toy Fair displays or any Plan-o-Grams or layout rooms displaying any MATTEL product.

**RESPONSE TO REQUEST NO. 4:**

Zapf objects to this request as unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence as to any party in this case.   Zapf further objects to this request as calling for the disclosure of information barred from production by German law.  Without waiving the above specific and general objections, Zapf will produce a witness knowledgeable of this issue, who will testify to the extent permitted by German law.

**REQUEST NO. 5:**

All photographs and video of MATTEL's showrooms or other Toy Fair displays or any Plan-o-Grams or layout rooms displaying any MATTEL product of which YOU or MGA are aware or in possession.

RUSS, AUGUST & KABAT

RUSS, AUGUST & KABAT

**RESPONSE TO REQUEST NO. 5:**

Zapf objects to this request as unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence as to any party in this case. Zapf further objects to this request as calling for the disclosure of information barred from production by German law. Without waiving the above specific and general objections, Zapf will produce a witness knowledgeable of this issue, who will testify to the extent permitted by German law.

**REQUEST NO. 6:**

YOUR and MGA's efforts, or knowledge of any efforts by any PERSONS worldwide, to monitor, "spy on" or gain knowledge of MATTEL's trade secrets, non-public information, non-public activities, unreleased products, and product development, including, but not limited to:

    a.    YOUR and MGA's COMMUNICATIONS or contacts with MATTEL's current or former employees, contractors, or customers about MATTEL or its business, including but not limited to the existence and whereabouts of any recordings of such COMMUNICATIONS;

    b.    YOUR and MGA's knowledge of any MATTEL product before its release to the public or of any other non-public information about MATTEL, its business or its products;

    c.    YOUR and MGA's access to MATTEL's confidential product and pricing information through retailers; and

    d.    YOUR and MGA's access to MATTEL's confidential product and pricing information from any other non-public sources and/or through non-public means.

**RESPONSE TO REQUEST NO. 6:**

Zapf objects to this request as unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence as to any party in this case. Zapf further objects to this request as calling for the disclosure of

3201-01 101222 Zapf ResRFP#1.doc

3

1 information barred from production by German law.  Without waiving the above

2 specific and general objections, Zapf will produce a witness knowledgeable of this

3 issue, who will testify to the extent permitted by German law.

4 **REQUEST NO. 7:**

5      All COMMUNICATIONS YOU have had with any MGA officer, director,

6 employee or representative, including but not limited to Isaac Larian, regarding

7 MATTEL information obtained from any Toy Fair or any Plano-Grams or layout

8 rooms displaying any MATTEL product.

9 **RESPONSE TO REQUEST NO. 7:**

10      Zapf objects to this request as unduly burdensome and not reasonably

11 calculated to lead to the discovery of admissible evidence as to any party in this

12 case.  Zapf further objects to this request as calling for the disclosure of

13 information barred from production by German law.  Without waiving the above

14 specific and general objections, Zapf will produce a witness knowledgeable of this

15 issue, who will testify to the extent permitted by German law.

16 **REQUEST NO. 8:**

17      YOUR knowledge of the display of any MGA product or information at any

18 Toy Fair, including but not limited to the existence and whereabouts of any

19 photographs and video of such displays.

20 **RESPONSE TO REQUEST NO. 8:**

21      Zapf objects to this request as unduly burdensome and not reasonably

22 calculated to lead to the discovery of admissible evidence as to any party in this

23 case.  Zapf further objects to this request as calling for the disclosure of

24 information barred from production by German law.  Without waiving the above

25 specific and general objections, Zapf will produce a witness knowledgeable of this

26 issue, who will testify to the extent permitted by German law.

27

28

RUSS, AUGUST & KABAT

3201-01 101222 Zapf ResRFP#1.doc

4

**REQUEST NO. 9:**

The receipt by YOU and MGA of any non-public and/or confidential information of MATTEL's products or pricing, product development, advertising plans, marketing plans or research, actual or estimated product costs or sales, including any practice of YOU and MGA of visiting the showrooms of MATTEL during any Hong Kong or New York Toy Fair(s), including but not limited to how YOU and MGA gained admittance to MATTEL's showrooms as well as how YOU and MGA control access to their own showrooms.

**RESPONSE TO REQUEST NO. 9:**

Zapf objects to this request as unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence as to any party in this case.   Zapf further objects to this request as calling for the disclosure of information barred from production by German law.  Without waiving the above specific and general objections, Zapf will produce a witness knowledgeable of this issue, who will testify to the extent permitted by German law.

**REQUEST NO. 10:**

PERSONS, who, at any Toy Fair, entered, accessed or viewed any display or showroom of YOURS in which MGA products or information were displayed or provided, including but not limited to PERSONS identified in appointment books, appointment calendars, sign-in sheets and logs.

**RESPONSE TO REQUEST NO. 10:**

Zapf objects to this request as unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence as to any party in this case.   Zapf further objects to this request as calling for the disclosure of information barred from production by German law.  Without waiving the above specific and general objections, Zapf will produce a witness knowledgeable of this issue, who will testify to the extent permitted by German law.

**REQUEST NO. 11:**

Efforts by YOU or known to YOU to limit or restrict the access or entry of any PERSON or PERSONS to any Toy Fair display or showroom in which MGA products or information were displayed or provided.

**RESPONSE TO REQUEST NO. 11:**

Zapf objects to this request as unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence as to any party in this case. Zapf further objects to this request as calling for the disclosure of information barred from production by German law. Without waiving the above specific and general objections, Zapf will produce a witness knowledgeable of this issue, who will testify to the extent permitted by German law.

**REQUEST NO. 12:**

Any requirement that any PERSON who entered or viewed, at any Toy Fair, all or any portion of any display or showroom in which MGA products were shown, not disclose or use such information, from 1998 to the present. This topic includes such requirements pertaining to PERSONS who not only visited or accessed such display or showroom, but each and every PERSON who worked on or in, or otherwise entered or viewed, such display or showroom.

**RESPONSE TO REQUEST NO. 12:**

Zapf objects to this request as unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence as to any party in this case. Zapf further objects to this request as calling for the disclosure of information barred from production by German law. Without waiving the above specific and general objections, Zapf will produce a witness knowledgeable of this issue, who will testify to the extent permitted by German law.

**REQUEST NO. 13:**

The disclosure of information by YOU or known to YOU about MGA products displayed or shown at any Toy Fair to members of the press or the media

RUSS, AUGUST & KABAT

RUSS, AUGUST & KABAT

or to any other PERSON, including without limitation the IDENTITY of each PERSON receiving any such disclosure (hereinafter, "Recipient") and any requirement that such Recipient keep such information confidential.

**RESPONSE TO REQUEST NO. 13:**

Zapf objects to this request as unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence as to any party in this case. Zapf further objects to this request as calling for the disclosure of information barred from production by German law. Without waiving the above specific and general objections, Zapf will produce a witness knowledgeable of this issue, who will testify to the extent permitted by German law.

**REQUEST NO. 14:**

The manner by which YOU or MGA restricted, limited or controlled access to MGA ALLEGED UNRELEASED PRODUCT INFORMATION at any Toy Fair, including but not limited to YOUR or MGA's policy with respect to confidential information, sign-in and sign-out sheets for access to confidential information, logs of PERSONS who access confidential information, and procedures for accessing confidential information.

**RESPONSE TO REQUEST NO. 14:**

Zapf objects to this request as unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence as to any party in this case. Zapf further objects to this request as calling for the disclosure of information barred from production by German law. Without waiving the above specific and general objections, Zapf will produce a witness knowledgeable of this issue, who will testify to the extent permitted by German law.

DATED: December 22, 2010

RUSS, AUGUST & KABAT
Larry C. Russ
Bruce D. Kuyper
Nathan D. Meyer


By: /s/ Nathan D. Meyer
Nathan D. Meyer
Attorneys for Defendant
Non Party Zapf Creation AG

RUSS, AUGUST & KABAT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

3201-01 101222 Zapf ResRFP#1.doc

8

**From:**   Nathan Meyer <nmeyer@raklaw.com>
**Subject:** **Re: Mattel v. MGA (Zapf)**
**Date:**   December 22, 2010 5:36:00 PM PST
**To:**     Viola Trebicka <violatrebicka@quinnemanuel.com>
**Cc:**     Larry Russ <lruss@raklaw.com>, Michael T Zeller <michaelzeller@quinnemanuel.com>, Scott Watson <scottwatson@quinnemanuel.com>, KeiAna Sanderlin <ksanderlin@raklaw.com>, Bruce Kuyper <bkuyper@raklaw.com>
        3 Attachments, 5.3 MB

Viola,

Please find attached Zapf's responses to Mattel's requests.  Documents will follow in about 5 minutes.  Thank you.

-Nate

Nathan D, Meyer
Russ August & Kabat
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA 90025
310 826-7474
310 826-6991 Fax
nmeyer@raklaw.com

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
IRS Circular 230 Notice:  This communication is not intended to be used and cannot be used, for the purpose of avoiding U.S. federal tax-related penalties or promoting, marketing or recommending to another party any tax-related matter addressed herein.
– – – – – – – – – – – – – – – – – – – – – – – – – – – – – –
This communication shall not create, waive or modify any right, obligation or liability, or be construed to contain or be an electronic signature.  This communication may contain information that is legally privileged, confidential or exempt from disclosure, and is intended only for the named addressee(s).  If you are not the intended recipient, please note that any dissemination, distribution, or copying of this communication is prohibited.

On Dec 21, 2010, at 1:39 PM, Viola Trebicka wrote:

> Nate,
>
> We cannot agree to a 5 pm stop beforehand.  We will do our best to finish by a reasonable hour, but, as we discussed over the phone, it may very well be a long day.  Especially with trial around the corner, we have to ensure that we complete our deposition of Zapf and examine on all relevant topics.   Moreover, the November 1, 2010 court order has put no such limitations on Mattel's deposition of Zapf, and the Court has lifted the seven-hour rule for depositions in this case.
>
> Before we agree to an observer from the German consul's office, could you please tell us the purpose of this attendance?
>
> Best,
> Viola
>
> **From:** Nathan Meyer [mailto:nmeyer@raklaw.com]
> **Sent:** Tuesday, December 21, 2010 1:13 PM