1   QUINN EMANUEL URQUHART & SULLIVAN, LLP
       John B. Quinn (Bar No. 090378)
2       johnquinn@quinnemanuel.com
       William C. Price (Bar No. 108542)
3       (williamprice@quinnemanuel.com)
       Michael T. Zeller (Bar No. 196417)
4       (michaelzeller@quinnemanuel.com)
    865 South Figueroa Street, 10th Floor
5   Los Angeles, California  90017-2543
    Telephone:  (213) 443-3000
6   Facsimile:   (213) 443-3100

7   Attorneys for Mattel, Inc. and
    Mattel de Mexico, S.A. de C.V.

8

9                    UNITED STATES DISTRICT COURT

10                  CENTRAL DISTRICT OF CALIFORNIA

11                        SOUTHERN DIVISION

12

13   MATTEL, INC., a Delaware            CASE NO. CV 04-9049 DOC (RNBx)
     corporation, and Mattel de Mexico, S.A.   Consolidated with
14   de C.V., a Mexico entity,           Case No. CV 04-09059
                                         Case No. CV 05-02727
15                   Plaintiffs,
                                         Hon. David O. Carter
16          vs.
                                         **MATTEL'S OPPOSITION TO
17   MGA ENTERTAINMENT, INC., a          MGA'S MOTION *IN LIMINE* NO.
     California corporation, et al.,     43 TO PRECLUDE EVIDENCE
18                                       REGARDING THE ALLEGED
                                         THEFT OF NON-TRADE SECRET
19                   Defendants.         INFORMATION**

20
     _____
21   AND CONSOLIDATED ACTIONS            Hearing Date:         TBD
                                         Time:                 TBD
22                                       Place:                Courtroom 9D

23                                       Pre-trial Conference:  January 4, 2011
                                         Trial:                January 18. 2011
24

25

26

27

28

     MATTEL'S OPPOSITION TO MGA MIL NO. 43 RE THEFT OF NON-TRADE SECRET INFORMATION

## MEMORANDUM OF POINTS AND AUTHORITIES

### Preliminary Statement

The Court has already ruled that the recruitment of Susan Kim by MGA Vice President Nick Contreras and his solicitation of her to steal Mattel trade secrets "is directly relevant to Mattel's allegations and its probative value outweighs its prejudicial effect." See Order on Motions In Limine, dated January 17, 2011, at 7. MGA's arguments to the contrary, repeated in its latest, tardy motion *in limine* – which it filed with no lead counsel meet and confer – should be rejected again for the same reasons.

Indeed, all its arguments in this motion fail for the same reasons. Just as Contreras' efforts to steal Mattel documents is admissible, evidence of the *actual* thefts of non-public Mattel documents by other MGA employees whose conduct is directly at issue at trial – like Cooney, Castilla and Brisbois – is highly relevant even if not *every* document they stole was a trade secret. The full scope of the thefts proves MGA's intent, willfulness, knowledge, plan, modus operandi and lack of mistake. The scope of what was stolen shows that the thefts of trade secrets were not unintentional, unnecessary and contrary to MGA's instructions, as MGA will claim, and were not misguided, inconsequential actions taken by a few individuals, but were part of a concerted plan by MGA to steal all manner of Mattel information – whatever MGA thought would suit its needs. MGA has not cited a single precedent that supports blinding the jury to the full scope of the thefts by the thieves at issue in the case which occurred at the same time as the thefts at issue in the case. It would be wrong to let MGA mislead the jury into thinking that Cooney, for instance, took only one document (for which, MGA will argue, there are innocent explanations), when in fact he took several (there are no innocent explanations for that). Evidence of the theft of non-public Mattel documents by those working with MGA is directly relevant, and it is not unfairly prejudicial. The evidence should be admitted.

**Argument**

I.   **THE COURT HAS REJECTED MGA'S ARGUMENTS REGARDING NICK CONTRERAS AND SUSAN KIM**

MGA's motion rehashes arguments it made in an earlier motion *in limine* to exclude evidence that Nick Contreras, while an MGA manager, solicited Susan Kim to steal Mattel trade secrets and other documents. The Court expressly rejected these arguments.  See Order on Motions In Limine, dated January 17, 2011, at 7.  The Court ruled that "the timing of Contreras' conversation with Kim and MGA's potential knowledge of that conversation may be relevant to whether MGA encouraged Contreras to recruit Kim and solicit Mattel's confidential information. Such conduct may undermine MGA's attempts to separate itself from the alleged misconduct committed by Mattel's departing employees.  The evidence is directly relevant to Mattel's allegations and its probative value outweighs its prejudicial effect."  Id.  The Court should likewise deny MGA's latest motion to exclude this same evidence, including for all the reasons set forth in Mattel's prior opposition.

II.   **EVIDENCE OF OTHER THEFTS IS RELEVANT TO MATTEL'S CLAIMS OF TRADE SECRET MISAPPROPRIATION**

A.   **Evidence of Other Thefts Is Relevant to Prove Intent, Plan, Knowledge, And Absence of Mistake**

Mattel alleges that with MGA's knowledge and active involvement, six former Mattel employees—Ron Brawer, Jorge Castilla, Daniel Cooney, Carlos Gustavo Machado, Pablo Vargas, Mariana Trueba-Almeda and Janine Brisbois—stole Mattel trade secrets and brought them to MGA.  According to MGA, evidence of the copying, downloading and outright theft by these same individuals of non-public information other than the specific trade secrets that form the basis of Mattel's claim is inadmissible.  That is not correct.  Evidence of acts other than those that form the basis of the claim is admissible under Fed. R. Evid. 404(b) to show "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or

absence of mistake or accident."  <u>Fed. R. Evid.</u> 404(b); <u>see</u> <u>also</u> <u>Huddleston v. United States</u>, 485 U.S. 681, 685 (1988) (<u>Rule</u> applies in both civil and criminal cases to permit introduction of evidence of extrinsic acts where such evidence bears upon a relevant issue in the case such as motive, opportunity or knowledge).  This rule equally applies to a claim for trade secret misappropriation.  <u>See</u>, <u>e.g.</u>, <u>Giesiking v. Thomas</u>, 358 B. R. 754, 776 (S.D. Ill. Bkrtcy. 2007) ("a plaintiff may submit evidence that a defendant has stolen trade secrets in the past to show that the defendant had a motive to lie about stealing trade secrets in the present case.").

As the Ninth Circuit held, <u>Rule</u> 404(b) is "a rule of inclusion—not exclusion—which references at least three categories of other 'acts' encompassing the inner workings of the mind: motive, intent, and knowledge."  <u>United States v. Curtin</u>, 489 F.3d 935, 944 (9th Cir. 2007); <u>United States v. Rrapi</u>, 175 F.3d 742, 748 (9th Cir. 1999) ("Unless the evidence of other crimes tends only to prove propensity, it is admissible."); <u>Boyd v. City and County of S.F.</u>, 576 F.3d 938, 947 (9th Cir. 2009) (affirming district court's admission of prior bad acts to the extent they evidence intent, plan, or motive).

Here, the evidence at issue is evidence of the actual thefts of non-public Mattel information by the very same former Mattel employees at issue in this case occurring at the same time as their trade secret thefts at issue in this case.  Their thefts of vast quantities of information just prior to their departure for MGA in addition to the stolen trade secrets shows this was no accident – it was a concerted effort by MGA to have Mattel's employees steal all manner of documents and information to suit MGA's needs.  The scope of the thefts shows intent, knowledge, and lack of mistake, modus operandi and willfulness.  That some taken information is no longer a live trade secret in this lawsuit does not, as MGA argues, render MGA's theft of that information from Mattel irrelevant, particularly when MGA's primary defense is that it allegedly "didn't want" any of this information.  <u>See</u> <u>United States v. Lozano</u>, 623 F.3d 1055, 1059 (9th Cir. 2010) (upholding admission

of prior bad acts relevant to "issues of knowledge and intent"); <u>Howard Opera House Assocs. v. Urban Outfitters, Inc.</u>, 322 F.3d 125, 129 (2d Cir. 2003) (prior instances of wrongdoing admitted as relevant to show that defendant had knowledge of the effects of its actions); <u>Allstead v. Woodford</u>, 2008 WL 5215652, at *5 (E.D. Cal. Dec. 12, 2008) ("Introduction of evidence of prior bad acts for other purposes—for instance, to show intent, knowledge, motive, and modus operandi—is permissible."); <u>United States v. Tsinnijinnie</u>, 91 F.3d 1285, 1288 (9th Cir. 1996) ("Rule 404(b) allows evidence of prior bad acts 'as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.'") (quoting <u>United States v. Hadley</u>, 918 F.2d 848, 850 (9th Cir. 1990)).

For example, Mattel will present evidence at trial that Mr. Cooney downloaded from his Mattel computer and took with him to MGA a document referred to as the "merchant modeling optimization tool," which contained trade secret Mattel formulae designed to ensure that Mattel's product offerings to Toys R Us met the retailer's financial metrics.  Mattel also has evidence that Mr. Cooney downloaded and took to MGA other Mattel documents, which he admits he considered to be confidential and proprietary to Mattel, including at least one that was produced by MGA in discovery with the designation "Mattel, Inc. – Confidential" still in the footer.  <u>See</u>, <u>e.g.</u>, TX 23751.  This evidence undercuts Mr. Cooney's and MGA's defense that they did not understand the nature of the stolen Mattel trade secret and goes directly to the issues of knowledge and intent.  Similarly, like evidence of Mr. Contreras' solicitation of Susan Kim to steal Mattel trade secrets, Mr. Cooney's taking and MGA's production of a Mattel document with the designation "Mattel, Inc. – Confidential" still in the footer "may undermine MGA's attempts to separate itself from the alleged misconduct committed by Mattel's departing employees" (<u>see</u> Order on Motions in Limine, dated January 17,

2011, at 7) and certainly calls into question MGA's repeated assertion that these departing employees were told not to bring any Mattel information with them.[1]

Mr. Castilla downloaded numerous Mattel documents to the "To Take" folder. Many of these documents were downloaded immediately after Mr. Castilla returned to work after each of his two job interviews with MGA.  Like Mr. Contreras' efforts to solicit Susan Kim to steal Mattel trade secrets, the timing of Mr. Castilla's downloading activity relative to his communications is powerful circumstantial evidence that Mr. Castilla acted on the instructions of MGA, even if the downloaded documents are no longer deemed to be trade secrets.  See Order on Motions in Limine, dated January 17, 2011, at 7 ("the timing of Contreras' conversation with Kim and MGA's potential knowledge of that conversation may be relevant to whether MGA encouraged Contreras to recruit Kim and solicit Mattel's confidential information.  Such conduct may undermine MGA's attempts to separate itself from the alleged misconduct committed by Mattel's departing employees.").  The same holds true for Janine Brisbois, who downloaded numerous non-public Mattel documents within hours of speaking by telephone with Isaac Larian about her employment at MGA.

The volume of what was taken after these contacts itself speaks volumes.  That Mattel may prove its trade secret claims through circumstantial evidence is

---

[1]   This evidence of knowledge and intent also goes to the issue of willfulness and malice and therefore is relevant to Mattel's claim for exemplary damages under the California Uniform Trade Secrets Act.  Cal. Civ. Code § 3426.3(c) ("If willful and malicious misappropriation exists, the court may award exemplary damages in an amount not exceeding twice any award made under subdivision (a) or (b)."); cf United State v. Ellett, 278 Fed. Appx. 82, 84-85 (2d Cir. 2008) (affirming admission of prior bad acts under Rule 404(b) as evidence of willfulness in tax evasion context and holding such prior acts were "undoubtedly relevant because it tended to show . . . that he 'knew of [his] duty, and that he voluntarily and intentionally violated that duty.'").

well established.  <u>Droeger v. Welsh Sporting Goods Corp</u>, 541 F.2d 790, 792 (9th Cir. 1976) (holding that circumstantial evidence of trade secret misappropriation "clearly created a question for the jury"); <u>Uniram Tech. v. Taiwan Semiconductor Mfg. Co.</u>, 617 F. Supp. 2d 938 (N.D. Cal. 2007) (quoting <u>Q-Co Indus., Inc. v. Hoffman</u>, 625 F. Supp. 608, 618 (S.D.N.Y. 1985)) ("Misappropriation and misuse can rarely be proved by convincing direct evidence.  In most cases plaintiffs must construct a web of perhaps ambiguous circumstantial evidence from which the trier of fact may draw inferences which convince him that it is more probable than not that what plaintiffs allege happened did in fact take place.").  Withholding  the full scope of what was stolen from the jury's scrutiny would improperly deprive Mattel of key evidence showing that, contrary to all of MGA's claims, it was no mistake that information was taken; it was, on the contrary, MGA's clear design and plan to take from Mattel whatever information it thought would suit it and not accidental or isolated acts of isolated individuals.

## B. Evidence of Other Thefts And Similar Bad Acts Are Not Unfairly Prejudicial Under Rule 403

MGA argues this evidence should be excluded as prejudicial.  "That evidence may decimate an opponent's case is no ground for its exclusion under [Rule] 403.  The rule excludes only evidence where the prejudice is 'unfair'—that is, based on something other than its persuasive weight."  <u>United States v. Cruz-Garcia</u>, 344 F.3d 951, 956 (9th Cir. 2003); <u>see</u> <u>also</u> <u>Brazos River Authority v. GE Ionics, Inc.</u>, 469 F.3d 416, 427 (5th Cir. 2006) ("'[u]nfair prejudice' as used in <u>Fed. R. Evid.</u> 403 is not to be equated with testimony that is merely adverse to the opposing party.  Virtually all evidence is prejudicial; otherwise it would not be material.   The prejudice must be '***unfair***.'") (emphasis added); <u>Costantino v. Herzog</u>, 203 F.3d 164, 174-75 (2d Cir. 2000) ("The unfairness contemplated [by <u>Rule</u> 403] involves some adverse effect beyond tending to prove a fact or issue that justifies admission.").  "In weighing the probative value of evidence against the dangers and considerations

1    enumerated in Rule 403, the general rule is that the balance should be struck in favor

2    of admission."  See Fresenius Med. Care Holdings, Inc., v. Baxter Int'l, Inc., 2006

3    WL 1646113, at *3 (N.D. Cal. June 12, 2006).

4          There is nothing "unfair" about allowing Mattel to introduce evidence that is

5    directly relevant to show intent, knowledge, and lack of mistake and that constitutes

6    the very type of circumstantial evidence that is frequently relied upon to show trade

7    secret misappropriation.  Like the evidence of Mr. Contreras' solicitation of Susan

8    Kim, "the evidence is directly relevant to Mattel's allegations and its probative value

9    outweighs its prejudicial effect." See Order on Motions in Limine, dated January 17,

10   2011, at 7.

11        **C.    MGA's Motion *In Limine* Fails For Lack of Specificity**

12        Finally, MGA's broad motion should be denied because it fails to identify

13   with specificity the actual "evidence" that it seeks to preclude.  MGA has failed to

14   establish that any, let alone all, such evidence would be inadmissible on all potential

15   grounds.  See, e.g., Colton Crane Co., LLC v. Terex Cranes Wilmington, Inc., 2010

16   WL 2035800, at *1 (C.D. Cal. May 19, 2010) ("motions in limine must identify the

17   evidence at issue and state with specificity why such evidence is inadmissible.  In

18   fact, motions in limine should rarely seek to exclude broad categories of evidence,

19   as the court is almost always better situated to rule on evidentiary issues in their

20   factual context during trial."); Nat'l Union v. L.E. Myers Co. Group, 937 F. Supp.

21   276, 287 (S.D.N.Y. 1996) (emphasizing that a motion *in limine* cannot be granted

22   where it "lacks the necessary specificity with respect to the evidence to be

23   excluded"); City of Grass Valley v. Newmont Mining Corp., 2008 WL 544388, at

24   *5 (E.D. Cal. Feb. 26, 2008) ("Evidence should only be excluded in an in limine

25   proceeding 'when the evidence is clearly inadmissible on all potential grounds.'")

26   (citation omitted); Fresenius Med. Care Holdings, 2006 WL 1646113, at *3

27   ("[E]vidence is excluded on a motion in limine only if the evidence is clearly

28   inadmissible for any purpose.").

1

<u>**Conclusion**</u>

2

For the foregoing reasons, Mattel respectfully requests that the Court deny

3

MGA's tardy, improper Motion *In Limine* No. 43 in its entirety.

4

5 DATED:  January 19, 2011          QUINN EMANUEL URQUHART &
                                    SULLIVAN, LLP
6

7

8                                   By  /s/ Michael T. Zeller
                                       Michael T. Zeller
9                                      Attorneys for Mattel, Inc. and
                                       Mattel de Mexico, S.A. de C.V.
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-8-

MATTEL'S OPPOSITION TO MGA MIL NO. 43 RE THEFT OF NON-TRADE SECRET INFORMATION