QUINN EMANUEL URQUHART & SULLIVAN, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  William C. Price (Bar No. 108542)
  (williamprice@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc. and
Mattel de Mexico, S.A. de C.V.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation, and Mattel de Mexico, S.A. de C.V., a Mexico business entity,<br><br>Plaintiffs,<br><br>vs.<br><br>MGA ENTERTAINMENT, INC., a California corporation, et al.,<br><br>Defendants.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 DOC (RNBx)<br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>Hon. David O. Carter<br><br>**MATTEL, INC.'S OPPOSITION TO MGA'S MOTION *IN LIMINE* NO. 42 TO EXCLUDE MATTEL TRIAL EXS. 293, 391, 476, AND 1326**<br><br>Hearing Date: TBD<br>Time: TBD<br>Place: Courtroom 9D<br><br>Trial: January 18, 2011 |

# MEMORANDUM OF POINTS AND AUTHORITIES

## Preliminary Statement

In its tardy Motion *In Limine* No. 42, MGA seeks to exclude Trial Exhibit 293 from evidence at trial. Trial Exhibit 293 is an "as built" architectural plan of the Mattel Design Center. It shows that Carter Bryant sat next to Paula Garcia (Treantafellas) when they both worked at the Mattel Design Center, and should be admitted to show that.

First, Exhibit 293 has been authenticated by the testimony of witnesses during the first phase of the trial in this matter. Moreover, Mattel is prepared to provide a custodian to testify to the authenticity of Exhibit 293. MGA's speculation that the document cannot be authenticated is mistaken.

Second, Exhibit 293 is admissible under the business records exception to the hearsay rule. It has been maintained in the ordinary course of Mattel's business, and has been relied upon by Mattel for its accuracy in depicting the Mattel Design Center and the locations of its employees' workspaces within the Design Center.

Third, the introduction of Trial Exhibit 293 does not violate, or even implicate, the best evidence rule. Indeed, under the rule, Mattel may use a copy of Exhibit 293, especially when the document has been authenticated and MGA has not even argued that the document has been altered in any way.

Fourth, nothing in Federal Rule of Evidence 403 prevents admission of Exhibit 293. The architectural plan's layout showing that Bryant and Garcia sat next to one another is, far from being contradicted by the testimony as MGA asserts, actually corroborated by the testimony of *both* Bryant and Garcia themselves. There is nothing improper about its introduction.

Finally, while MGA also seeks to preclude Trial Exhibits 391, 476 and 1326, it treats them as an afterthought and makes no showing. In fact, *none* of the arguments MGA raises as to Exhibit 293 even arguably applies to these other Exhibits, which reflect the sworn testimony of percipient witnesses given during their depositions in this matter, including Bryant and Garcia. There is no basis to exclude them.

## Argument

### I. TRIAL EXHIBIT 293 IS PROPERLY AUTHENTICATED

Federal Rule of Evidence 901 requires documents to be authenticated through testimony that the evidence "is what its proponent claims". Fed. R. Evid. 901(a). Rule 901(b)(1) "provides that a witness proffering '[t]estimony that a matter is what it is claimed to be' can adequately authenticate a document." U.S. v. Frantz, 2004 WL 5642909, at *4 (C.D. Cal. Apr. 23, 2004); Menlo Logistics, Inc. v. Western Exp., Inc., 2005 WL 2334358, at *6 (N.D. Cal. Sept. 23, 2005) (a finding of authenticity "may be based on testimony of a person with knowledge").

MGA asserts that prior testimony establishes that Exhibit 293 "does not correctly depict the seating assignments of the various employees at the Mattel Design Center at any relevant time." Mot. at 2. MGA's assertion is false. In fact, the bulk of the testimony MGA cites establishes that the seating chart *is* accurate. For example, Ivy Ross testified Exhibit 293 "looks like the floor plans I used to review all the time [that were prepared by the Mattel Facilities Group],"[1] and that her office and the desks of other employees are as she remembered them from that time period.[2] Elise Cloonan, a witness who is affiliated with MGA, likewise

---

[1] Hurst Decl., Exh. B p. 17, 354:5-17.
[2] Id. at p. 18, 355:15-21 ("Q. So the import of your testimony with respect to this floor plan is that it generally displays how bull pens and works centers were set out in the design center; correct? A. Correct. And I recognize some of the names. I know that my office was where I said it is, and there are a few people who I know were where they were.").

testified that she recognized Exhibit 293 "as the layout of the Mattel Design Center at a point"[3] and that the seating chart accurately depicts the location of her desk.[4]

And – most significantly – *Carter Bryant and Paula Garcia independently identified their work areas in the relevant time frame as those depicted in Trial Exhibit 293*. When deposed, Bryant circled the same area where Trial Exhibit 293 places his desk, writing "CB 4" next to the circle to indicate that it was the fourth place he sat when he returned to Mattel in 1999.[5] Bryant confirmed the same thing at trial in the prior proceedings.[6] Likewise, Garcia acknowledged that Trial Exhibit 293 correctly identified her work area at the time; when shown a copy of Exhibit 293 with Bryant's name and others redacted and asked if it correctly depicted where she sat, Garcia answered, "Yes, I believe so."[7]

The only support for the notion that Trial Exhibit 293 "does not correctly depict seating assignments" is the self-serving testimony of both Bryant and Garcia that they did not sit next to each other and, in fact, did not even know each other at Mattel – testimony that is contradicted not only by Exhibit 293, but by the testimony of several former MGA employees, including Jennifer Maurus and Rachel Harris.[8]

---

[3] Hurst Decl., Exh. D p. 26, 224:20-23.
[4] Id. at p. 26-28, 224:24-226:14 ("Q. And 'Cloonan E' is where you sat during that time period? A. Yes.").
[5] Exh. 1326; Carter Bryant Depo Vol. 5, dated January 24, 2008, at 1107:9-18 ("Q. Could you circle that? And that, and let's call that CB 4. A. Okay. Q. During what period of time did you sit in CB 4 location? A. That was when I was in the collector group. Q. And can you tell us chronologically when that was, what year or during what period conclusive? A. That was right when I came back to Mattel for my second stint, so that would have been in '99.").
[6] Hurst Decl., Exh. A pp. 5-6, 2765:7-2766:16.
[7] Deposition of Paula Garcia Vol. 1, dated May 24, 2007, at 82:11-17; see Exhibit 391.
[8] Phase 1 Trial Tr. at 1027:13-1028:15; Deposition of Rachel Harris, dated February 26, 2008, at 166:24-167:4.

Mattel is entitled to use Trial Exhibit 293 to dispute Bryant's and Garcia's self-serving testimony—testimony which is inconsistent with other evidence in this case.

In any event, Mattel is prepared to produce a custodian who will testify that Trial Exhibit 293 is an "as built" architectural floor plan and seating chart of the Mattel Design Center, which was maintained in Mattel's files in the ordinary course of business.[9] There is no requirement – and MGA can point to none – that a document be authenticated by the person that prepared it. Kruse v. State of Hawai'i, 857 F. Supp. 741, 746 (D. Hawai'i 1994) (document properly authenticated by custodian of records who declared that she was familiar with the documents in her capacity as custodian of file and not as preparer of the document).[10] Accordingly, Trial Exhibit 293 may be properly authenticated by Mattel's custodian.

---

[9] Court's have also held that a declaration may be submitted in lieu of a witness. See Mills v. Ramona Tire, Inc., 2009 WL 1456691 t *3 (S.D. Cal. May 22, 2009) (overruling Rule 901 objection where party submitted declaration authenticating the document as a business record); F.T.C. v. Neovi, Inc., 2009 WL 56130, at *10 (S.D. Cal. Jan. 7, 2009) (tax returns were properly authenticated where defendant submitted declaration authenticating them).

[10] Rhoads v. Virginia-Florida, 476 F.2d 83, 84-86 (5th Cir. 1973), relied upon by MGA, is distinguishable. In that case, the court found that a surveyor's map was not properly authenticated where it was prepared by unnamed private surveyors; where there "was not even generalized testimony that the drawings accurately depict[ed] the property or the description and locations of monuments presumably used as starting points"; and, important, where the drawing was *not* kept in the ordinary course of business or authenticated as such by a document custodian. Id. at 84-85. In contrast, Mattel's custodian will testify that Exhibit 293 was maintained in Mattel's files; that it is standard procedure for the Mattel Facilities group to verify the accuracy of the 'as built' plan of the existing facilities, including verifying the names and locations of each Mattel employee noted on the plan, and to make changes to the plan if necessary; and that Mattel depends upon the accuracy with which the plans are labeled, and uses these plans in the ordinary course of business. Mattel's document custodian will more than adequately authenticate the document.

## II. TRIAL EXHIBIT 293 FALLS WITHIN THE BUSINESS RECORDS EXCEPTION TO THE HEARSAY RULE

Under the "business records" exception, Federal Rule of Evidence 803(6) provides that the following types of evidence are excepted from the hearsay rule: "[a] memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record or data compilation, all as shown by the testimony of the custodian or other qualified witness . . . ." Fed. R. Evid. 803(6). The testimony, including that of Mattel's document custodian, will establish that Exhibit 293 is a business record admissible for the truth.

MGA objects that Exhibit 293 cannot be a business record because it was sent to Mattel by Seal Furniture and Systems, Mot. at 2, but it is well settled that Rule 803(6) "does not require that the document actually be prepared by the business entity proffering the document." 30B Fed. Prac. & Proc. Evid. § 7047. Indeed, the Ninth Circuit "has held that records a business receives from others are admissible under Federal Rule of Evidence 803(6) when those records are kept in the regular course of that business, relied upon by that business, and where that business has a substantial interest in the accuracy of the records." MRT Const. Inc. v. Hardrives, Inc., 158 F.3d 478, 483 (9th Cir. 1998).

In Hardrives, 158 F.3d at 483, the Ninth Circuit affirmed a ruling admitting a party's attorney bills in evidence. The bills qualified as business records even though they had not been created by the party introducing them, the Ninth Circuit explained, because "Hardrives received the bills directly from the law firm and maintained the bills in its files. Further, Hardrives relied upon the bills as

statements of fees owed to the law firm. Finally, the record indicates Hardrives had a substantial interest in the accuracy of the bills." Id.

Trial Exhibit 293 qualifies as a business record for similar reasons. The document represents an "as built" architectural floor plan that has been kept in the ordinary course of Mattel's business in the files of Mattel's Facilities Group. As Mattel's custodian is prepared to testify, it is regular practice for the Mattel Facilities Group to create "as built" architectural floor plans for use by Mattel; for example, in connection with proposals for furniture modifications to its existing facilities. After the Facilities Group generates these floor plans, it sends them to vendors, such as, in the case of the Trial Exhibit 293, Seal Furniture. Vendors then use the Mattel-generated floor plans for furniture modifications, and send the floor plans back to Mattel where they are then kept in Mattel's files in the ordinary course of business.

"As built" plans such as Exhibit 293 are labeled by the Mattel Facilities Group with the names of Mattel employees and their work locations within the Mattel Design Center. The plans are labeled with employee names and desk locations to allow Mattel and its department heads to ensure the employees working within their particular departments are in the proper locations for purposes of facilities planning, for security reasons, and for emergency preparedness. Mattel depends upon the accuracy with which the plans are labeled, and uses these plans in the ordinary course of business. Because Mattel has relied upon the accuracy of Trial Exhibit 293, and there other circumstances indicating its trustworthiness, it is properly admissible under Federal Rule of Evidence 803(6).

### III. THE BEST EVIDENCE RULE DOES NOT APPLY

MGA asserts, without analysis, that "Rule 1002 requires a party who wishes to introduce a writing to produce the original of it, unless there is an exception that applies." Mot. at 3. But this is incorrect. Under the best evidence rule, production

of an original is not required where "there is no evidence that there was any alteration" of the original document. U.S. v. Carroll, 860 F.2d 500, 507 (1st Cir. 1988) (duplicates of checks admissible because appellants did not "argue that there was any alteration at the bank level" and thus "the authenticated print of the microfilm provided by the bank is just as good as the check itself"). MGA has not even claimed, much less pointed to any evidence (there is none), that Exhibit 293 has been in any way altered from the original. In these circumstances, "the authenticated [duplicate] is just as good as the [original]." Id.

In any event, MGA's objection is not well taken. Rule 1002 applies only where the contents of a document, as opposed to the facts the document reflects — here, the seating arrangements in the Design Center – are in issue. Nowhere does MGA argue that the contents of Exhibit 293 differ in any way from the original copy. Rather, MGA's only claim is that Exhibit 293 "does not correctly depict the seating assignments of the various employees at the Mattel Design Center at any relevant time." Mot. at 2. MGA will have ample opportunity to prove this factual assertion through examination of witnesses at trial. Conversely, MGA's apparent argument for exclusion of Exhibit 293 – that the original of a document must be produced any time a party contests the facts reflected by the document – would effectively bar the use of copies for the vast majority of documents used at trial, and is contrary to Rule 1002.

## IV. THOUGH IT MIGHT CONTRADICT THE TESTIMONY OF ITS WITNESSES, THE ADMISSION OF TRIAL EXHIBIT 293 WOULD NOT UNFAIRLY PREJUDICE MGA

MGA next argues that because Trial Exhibit 293 purportedly is inaccurate, "any probative value it might possess is substantially outweighed by the confusion, risk of prejudice, and misleading of the jury that would be caused by its introduction." Mot. at 3. But it is not inaccurate: both Carter Bryant and Paula

1  Garcia testified independently that their work areas during the relevant time frame
2  were in the same areas as those depicted in Trial Exhibit 293, as discussed above.
3  MGA can argue the plan is inaccurate if it so chooses, but that is not a basis for
4  wholesale exclusion of the evidence. IGT v. Alliance Gaming Corp., 2008 WL
5  7084608, at *2 (D. Nev. Oct. 21, 2008) (denying motion to exclude because party
6  could point out alleged defects in the evidence through cross-examination).

7  MGA's real complaint is that Trial Exhibit 293 contradicts testimony from
8  MGA witnesses. That Trial Exhibit 293 undermines MGA's factual contentions is
9  not "unfair prejudice" as contemplated by Rule 403. As the Ninth Circuit has
10 recognized, "unfair prejudice" – as distinguished from prejudice – typically refers to
11 evidence which suggests decision on an "emotional" or otherwise improper basis.
12 U.S. v. Ellis, 147 F.3d 1131, 1135 (9th Cir. 1998); see also Buckley v. Evans, 2007
13 WL 2900173, at *4 (E.D. Cal. Sept. 28, 2007) ("unfair prejudice means evidence
14 that though relevant might lead a jury to ignore the facts and the law and decide a
15 case on an emotional basis or for an improper reason"). MGA's objection is
16 unavailing.

## V. TRIAL EXHIBITS 391, 476 AND 1326 ARE ALSO ADMISSIBLE

18  To exclude three other Mattel trial exhibits, MGA argues that "Exhibits 391,
19 476, and 1326 are Mattel's counsel's later alterations of Exhibit 293. As such, they
20 suffer from the same evidentiary infirmities [as Exhibit 293]." Mot. at 4.

21  But the three exhibits at issue are not "counsel alterations." To the contrary,
22 Trial Exhibit 1326 is a copy of Exhibit 293 that contains markings made in
23 deposition by Carter Bryant, indicating where he sat at various times. Similarly,
24 Trial Exhibits 391 and 476 are copies of Exhibit 293 that contain markings made in
25 deposition by Ann Driskill and Paula Garcia Treantafellas indicating where they
26 remember people sitting in the Design Center during the relevant time periods.
27 Garcia testified that Exhibit 391 accurately depicts where she sat in the Design
28

1  Center. These documents thus reflect the sworn testimony of percipient witnesses,
2  and they provide additional information not found in Exhibit 293 – that is, Bryant's
3  and Garcia's own admissions about the seating arrangement in the Design Center.
4  Together, these exhibits directly address (and undermine) MGA's contention that
5  Exhibit 293 does not accurately depict the seating arrangement at the Design Center
6  in the relevant time frame.

7  MGA does not address any of these facts about Exhibits 1326, 391 or 473.
8  Instead, it dismissively claims these Exhibits "suffer from the same evidentiary
9  infirmities" as Exhibit 293. To the contrary, these Exhibits quite clearly suffer *none*
10 of the "evidentiary infirmities" that MGA argues with respect to Exhibit 293. First,
11 the Exhibits are properly authenticated. MGA does not and cannot dispute that they
12 are what Mattel claims – documents marked up by witnesses testifying under oath.
13 Second, the rule against hearsay does not apply, as the markings and testimony were
14 made under oath either at deposition or at trial. Third, the best evidence rule does
15 not apply, as the documents at issue are originals – the exhibits themselves, as
16 marked up at deposition, are original versions of themselves. Fourth, as discussed
17 above, there is nothing unfairly prejudicial about admitting documents that
18 undermine MGA's witnesses' self-serving testimony.

19 In sum, there is no basis to exclude these documents, which refute Bryant's
20 and Garcia's claims that they did not sit next to each other or even know each other
21 at Mattel, and they should be admitted regardless of whether Trial Exhibit 293 is
22 also admitted (as it should be).

## Conclusion

For the foregoing reasons, Mattel respectfully requests that the Court deny MGA's tardy Motion *In Limine* No. 42 in its entirety.

DATED: January 19, 2011         QUINN EMANUEL URQUHART & SULLIVAN, LLP

By /s/ Michael T. Zeller
   Michael T. Zeller
   Attorneys for Mattel, Inc. and
   Mattel de Mexico, S.A. de C.V.