UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No. CV 04-9049 DOC (RNBx)                                                    Date: January 18, 2011

Title: MATTEL, INC. v. MGA ENTERTAINMENT, INC.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

    Kathy Peterson                              Not Present
     Courtroom Clerk                            Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:   ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT                                             NONE PRESENT

PROCEEDING (IN CHAMBERS): ORDER ON PENDING DISCOVERY MOTIONS

    1.    **Mattel's Objections to Discovery Matter Order No. 103**

Mattel's objections to Discovery Matter Order No. 103 are stricken as moot in light of the entry of summary judgment on Mattel's counter-claims for criminal racketeering,

    2.    **Mattel's Motion to Compel Additional Deposition of Yehuda Bassok**

Mattel moved to compel the further depositions of MGA experts Yehuda Bassok and James Malackowski after the expert discovery cut-off. Mattel has since withdrawn its request to further depose Mr. Malackowski. However, Mattel maintains that Bassok should be compelled to submit to further deposition because MGA improperly terminated the deposition after the seven hour limit set by Fed. R. Civ. P. 30(d)(1). Mattel states that it was only partially able to investigate Bassok's expert opinion as to whether 77 categories of documents or information that form the basis for Mattel's third counter-claim qualify as trade secrets. In light of the breadth and import of Bassok's opinion to Mattel's remaining counter-claims, the Court considers a departure from the Federal Rules' 7 hour deposition limit both necessary and fair. *See* Fed. R. Civ. P. 30 ("The court must allow additional time consistent with Rule 26(b)(2) if needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination."). Mattel does not seek duplicative testimony from Bassok; it merely seeks to question Bassok about subject matter not covered during the first deposition. Mattel's motion is granted as to Bassok. Bassok's resumed deposition shall

be limited to five hours and the Discovery Master shall be present.  The deposition shall take place in Santa Ana, California.

### 3. Mattel's Motion to Enforce Court's November 1, 2010 Discovery Order Against Zapf Creation AG and Compel a Fully Prepared Rule 30(b)(6) Witness

Mattel's motion [Docket 9610] is denied.  Mattel fails to explain any disadvantage that flows from Zapf Creations AG's compliance with German privacy law.  The discovery sought by Mattel is also marginally relevant and cumulative of documents and information already produced by Zapf and MGA.  *Cf. Volkswagen v. Valdez*, 909 S.W.2d 900, 903 (Tex. 1995).  Zapf's 30(b)(6) designee appeared for deposition, for which he prepared by interviewing knowledgeable Zapf employees.

### 4. Mattel's Response to the Court's November 12, 2010 Order to Show Cause

On November 12, 2010, the Court ordered Mattel to show cause as to why it should not be sanctioned for failing to meet and confer prior to filing its motion to compel documents identified during the deposition of Lisa Saunders.  In its response, Mattel represents that "promptly after the deposition on October 28, 2010, Mattel's lead counsel again pointed out to MGA's counsel that these documents were relevant to MGA's counterclaims and that Mattel expected MGA to confirm their production."  (Docket 9279 at 2 (citing M. Zeller email to A. Hurst and T. McConville, dated October 28, 2010).)  On the basis of this representation, the Court concludes that Mattel complied with its meet and confer obligations prior to filing its motion to compel the documents identified at the Saunders deposition.  The November 12, 2010 Order to Show Cause is accordingly discharged.

### 5. Omnibus Motions to Compel

By order dated October 4, 2010, the Court resolved a number of pending discovery disputes between the parties.  The Court held two issues in abeyance it now resolves upon further consideration of the parties' briefing, as well as an *in camera* examination of a work-product document that summarizes an MGA attorney's interview of Pablo Vargas.

First, Mattel argues that MGA waived the protections of the work-product doctrine as to a document that summarizes MGA's counsel's interview of Pablo Vargas.  MGA's counsel attempted to impeach Vargas during deposition by referencing his comments during this prior interview.  MGA's counsel thus put the work-product document, as well as Vargas' statements during his prior interview, at issue.  *See United States v. Nobles*, 422 U.S. 225, 239, 95 S.Ct. 2160 (1975).  Since MGA's counsel may "introduce" Vargas' "deposition testimony at trial" for the purposes of impeachment, Mattel would be placed in a "disadvantageous position" if it is unable to access the very document that MGA's counsel relies upon for the purposes of impeachment.  *Compare In re Sims*, 534 F.3d 117, 140-41 (2d Cir. 2008).  Indeed, the fact-finder would be hampered by the inability to review the work-product

interview notes and determine whether the document indeed impeaches Vargas' testimony.  Upon review of the deposition transcript, the Court finds that MGA waived the work-product privilege as to the document used to impeach Vargas.  The scope of the waiver is limited to this document, since MGA's counsel did not refer Vargas to any other privileged document during the deposition.  MGA shall produce the document at issue to Mattel in unredacted form within 24 hours of this order.

Second, MGA argues that Mattel should produce its communications with Vargas and/or Vargas' counsel prior to the settlement of Mattel's claim against Vargas in Mexico.  Evidence of Mattel's settlement communications with Vargas, the central witness for Mattel's allegation of trade secret misappropriation by Machado, "is obviously admissible to show bias or prejudice."  *Zurich American Ins. Co. v. Watts Indus., Inc.*, 417 F.3d 682, 689 (7th Cir. 2005) (citing Advisory Committee's Note, Fed. R. Evid. 408).  Mattel argues that "[u]nsigned, unenforceable and unconsidered drafts that neither impose obligations or require performance are irrelevant to bias," but that is an issue for the fact-finder to resolve.  For instance, drafts of Mattel's settlement agreements may evidence the trajectory and length of the negotiations between Mattel and Vargas, as well as Mattel's willingness to offer Vargas great rewards in response for his eventual cooperation.  MGA's motion is granted as to all drafts of Mattel's settlement negotiations with Vargas.  Mattel shall produce such drafts within one week of this order.

The Clerk shall serve this minute order on all parties to the action.