**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

O

**CIVIL MINUTES - GENERAL**

Case No. CV 04-9049 DOC (RNBx)                                    Date: January 26, 2011

Title: MATTEL, INC. v. MGA ENTERTAINMENT, INC.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

    Kathy Peterson                                  Not Present
Courtroom Clerk                                  Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:  ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT                                                      NONE PRESENT

PROCEEDING (IN CHAMBERS): ORDER GRANTING MGA's MOTION IN LIMINE NUMBER 43 TO EXCLUDE EVIDENCE REGARDING NON-TRADE SECRET INFORMATION AND DISCREDITED TRADE SECRET CATEGORIES

      For years, Mattel claimed as a trade secret almost every document and category of information that its former employees allegedly appropriated. Little more than one week *after* the filing deadline for motions for summary judgment, Mattel precipitously abandoned its trade secret misappropriation claim as to a vast majority of the documents and information. From the argument in its briefing on the motions for summary judgment, it appears that Mattel disclaimed as trade secrets many of its documents in an unsuccessful bid to shield certain state law counterclaims from the California Uniform Trade Secrets Act's supersessive effect.[1] Now that the Court has issued its order on the parties' motions for summary judgment, MGA argues that evidence of the appropriation of disclaimed trade secrets is irrelevant and unduly prejudicial. MGA also argues that the Court should

---

[1] Mattel attempts to limit the preclusive effect of its disclaimer. It argues that some of the information allegedly taken by its former employees "is no longer a live trade secret in this lawsuit." However, the Court granted summary judgment against Mattel on its claims, to the extent predicated upon the alleged misappropriation of information that (1) Mattel disclaimed as a trade secret or (2) did not, as a matter of law, meet the statutory definition of a trade secret. That ruling is preclusive "in this lawsuit" and any other lawsuit filed by Mattel.

exclude evidence of certain categories of information that — as the Court has previously determined — do not qualify as trade secrets.

To prevail on its counterclaim for trade secret misappropriation, Mattel must prove that counter-defendants disclosed, acquired, and/or used the following trade secrets with knowledge that the trade secrets had been obtained through improper means (*e.g.*, bribery, theft, breach of a duty of secrecy): (1) the MyScene Swappin' Styles product concept; (2) the Toys 'R Us Merchant Model Optimization Tool; (3) some categories of information and documents downloaded by Castilla; (4) some categories of information and documents taken by Brisbois; (5) some categories of information and documents taken by Machado; and (6) the Bratz concept and related creative works conceived by Bryant. Neither MGA nor the former employees deny that the former employees retained or downloaded the materials to portable electronic storage devices. MGA instead argues that it never acquired or used Mattel's materials. MGA more importantly argues that Mattel's former employees acted on their own volition and contrary to MGA's instruction.

Evidence of the appropriation of non-trade secret information can be probative of whether an employee wilfully downloaded documents later determined to be trade secrets. But the former employees' intent to download information from Mattel's servers is not at issue in this case. Most of the former employees are not counter-defendants to Mattel's counter-claim for trade secret misappropriation. Moreover, none of Mattel's former employees have argued that they "accidentally" downloaded documents from Mattel's servers by inadvertently clicking their mouses or pressing the wrong button on their keyboards. The remaining disputes are: (1) whether the materials were trade secrets; (2) whether the employees intended to download trade secrets; and (3) whether MGA acquired and/or used the materials. Evidence of the lawful appropriation of non-trade secret information is facially irrelevant to these questions.

Mattel responds by identifying several cases involving the admission of "prior bad act" evidence to prove knowledge or intent. Mattel argues that its employees' acquisition of non-trade secret information shows that their alleged misappropriation of trade secret information "was a concerted effort by MGA to have Mattel's employees steal all manner of documents and information to suit MGA's needs." Mattel's argument is predicated upon a misrepresentation and misapplication of the cases cited in its opposition brief, in which evidence of a *party*'s "prior bad acts" was admitted to prove *that same party*'s knowledge, intent, and wilfulness (one of the cases concerned a habeas petition). *United States v. Lozano*, 623 F.3d 1055, 1059 (9th Cir. 2010) (holding that evidence of the defendant's "prior possession or sale of narcotics was material to issues of knowledge and intent with respect to drug distribution); *Howard Opera House Associates v. Urban Outfitters, Inc.*, 322 F.3d 125, 128-29 (2d Cir. 2003) (holding that "evidence of prior excessive noise problems in Urban Outfitters' other stores . . . tended to show that Urban Outfitters knew that its music had a disruptive effect and insisted it on playing it at excessive levels despite that knowledge"); *United States v. Tsinnijinnie*, 91 F.3d 1285, 1288 (9th Cir. 1996) (holding that "evidence of *prior bad acts*" may serve as "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident")

(quoting *United States v. Hadley*, 918 F.2d 848, 850 (9th Cir. 1990)); *Allstead v. Woodford*, 2008 WL 5215652, at *5 (E.D. Cal. Dec. 12, 2008) (finding no due process violation in state court's admission of "evidence that [the defendant] had been convicted on two prior occasions for possession of methamphetamine").

      None of these cases concerning "prior bad acts" is applicable to the instant facts. **First**, the download of non-trade secret information was not a *prior* act. It is undisputed that Mattel's former employees accessed non-trade secret information at the same time they allegedly accessed trade secrets. **Second**, the download of non-trade secret information is also not a *bad* act. Mattel had no property interest in its non-trade secret materials and information. *See Silvaco Data Sys. v. Intel Corp.*, 184 Cal. App. 4th 210 (2010) ("Without the claimed theft of a trade secret, the complaint would set forth no foundation for any of these claims."). In the absence of a contractual agreement to the contrary, Mattel's former employees were free to appropriate such information for their own use or even for MGA's use. There was nothing wrongful about this conduct. Therefore, unlike "prior bad act" cases, the employees' commission of contemporaneous innocuous acts shows the absence of intent or knowledge: the fact that most of the documents they downloaded weren't trade secrets proves that they didn't intend to target trade secrets. Mattel's case law undercuts its position. **Third**, the download of non-trade secret information was not an *act* of MGA's. The fact that Mattel's former employees downloaded non-trade secret information has nothing to do with MGA's knowledge and intent.[2]

      Mattel seeks to introduce such evidence in order to suggest that the employees did something wrong when they allegedly appropriated Mattel's non-trade secrets. Using the evidence in this manner would be improper, erroneous, and contrary to the Court's ruling on the motions for summary judgment. The evidence may still prove beneficial to MGA because it may establish Mattel's failure to properly mark documents or otherwise instruct its employees about whether particular document(s) were or were not trade secrets. Such evidence also has the potential to show that Mattel's former employees (and potentially MGA) did not intend to misappropriate trade secrets and acted mistakenly to the extent that they did.

      The Court is therefore left in the strange position of deciding a motion in limine that seeks to exclude evidence that benefits the party that seeks its exclusion. The potential for prejudice arises

---

[2] Mattel argues that evidence of the appropriation of non-trade secret information is no different from evidence that former employee Nick Contreras requested that a Mattel intern named Susan Kim appropriate some Mattel documents. However, in denying the exclusion of evidence about the Contreras-Kim converesation, the Court specifically noted the evidence of MGA's knowledge that Contreras would recruit Kim. Such evidence rendered the Contreras-Kim conversation relevant because it could potentially rebut "MGA's attempts to separate itself" from the alleged misconduct of Mattel's former employees. The same is not true here; there is no evidence that MGA was any more aware of the appropriation of non-trade secrets than it was of the alleged misapropriation of trade secrets.

not necessarily from the introduction of the evidence, but from Mattel's improper argument that the download of non-trade secret information was somehow wrongful. There are two solutions: (1) exclusion of this evidence; or (2) admission of the evidence with the limiting instruction that resembles the following: "Mattel was not entitled to keep secret the [specific documents and information that are not trade secrets]. Its former employees did not do anything improper in appropriating such documents and information. The state of California values employee mobility and permits employees to take these types of documents and information with them from job to job. MGA also did nothing wrongful if it acquired or used such documents and information, because the documents and information were not obtained using improper means."

MGA's motion is tentatively granted, but without prejudice to the parties seeking the introduction of such evidence subject to a limiting instruction concerning the former employees' entitlement to access and appropriate non-trade secret information.

The Clerk shall serve this minute order on all parties to the action.