UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No. CV 04-9049 DOC (RNBx)                                          Date: January 27, 2011

Title: MATTEL, INC. v. MGA ENTERTAINMENT, INC.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

   Kathy Peterson                                      Not Present
Courtroom Clerk                                  Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS: ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT                                NONE PRESENT

PROCEEDING (IN CHAMBERS): REGARDING USE OF VIDEOTAPED DEPOSITIONS AT TRIAL

      Rule 32(a) sets limits on the use of depositions at trial. Depositional testimony may be used for any purpose allowed by the Federal Rules of Evidence, including to contradict or impeach the witness' testimony at trial. Due to the growing incidence of videotaped depositions, it is increasingly commonplace that parties seek "to use videotape instead of a cold transcript for purposes of impeachment of critical witnesses." *Fanelli v. Centenary College*, 211 F.R.D. 268, 271 (D.N.J. 2002).

      The district court may nevertheless restrict the use of videotaped depositional testimony in certain circumstances. For instance, the videotape of a deposition may not be used if the "deposition . . . was not noticed as a 'video tape' deposition" or if a party or deponent objected to the use of a video recording device. *Compton v. Torch, Inc.*, 2000 WL 622604, at *3 (E.D. La. May 11, 2000). A court also has the inherent authority to exclude evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue, delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403. For the reasons that follow, Rule 403 compels the denial of Mattel's request to admit the videotaped depositional testimony of Paula Garcia for the purpose of impeachment.

In the excerpt of Garcia's deposition that Mattel seeks to introduce, Garcia provides arguably inconsistent responses to a number of questions about whether she understood Carter Bryant to be employed by Mattel at the time of a September 1, 2000 meeting between MGA and Bryant.  Mattel believes that Garcia altered her response after MGA's counsel interposed an objection, and that her demeanor shows a lack of credibility.  MGA responds that Garcia was confused by the question and her answer was not influenced by the objection.

The parties to this lawsuit have frequently underprepared deponents and deponents have frequently offered vague and evasive answers to basic questions.  And the jury can evaluate and weigh such conduct on the basis of the deposition transcripts.  The video recordings of the deposition add marginal value to the transcripts, and any "demeanor" supposedly evidenced by the depositions may be attributable to the length of the depositions, the misbehavior by counsel, the deponent's frustration with this litigation, or the animus that has developed between the parties over the last seven years.  It is impracticable, unduly prejudicial, and contrary to the court's rulings on the motions in limine to explain to the fact-finder the chronology of this litigation and the many reasons — other than credibility — that may have influenced a particular deponent's demeanor.  The marginal probative value added by video recording of Ms. Garcia's deposition, and, for that matter, any other witness' deposition, is substantially outweighed by its prejudicial effect and its potential to confuse.  The other court to meaningfully address the issue has similarly acknowledged the potential "for mischief" caused by the videotaping of depositions and concluded that "that's what judges are for." *Fanelli*, 211 F.R.D. at 271.  In this case, the court's discretion is properly exercised by disallowing the use of videotaped depositions in light of the potential prejudice and confusion and the adequacy of depositional transcripts.

There is a second reason that video recordings of depositions should not be admitted at this trial.  Because some of the issues in this lawsuit have been tried before, both parties intend to use transcripts of the prior trial for the purposes of impeachment or to contradict a witness' testimony.  But unlike depositions, trials are not video taped.  Thus, allowing the use of videotaped depositions would not only create an inequity and undermine due process, but would illogically emphasize a witness' depositional demeanor, as opposed to its demeanor during a prior trial, where a judge and jury were present.  Once again, the potential for undue prejudice and, more importantly, confusion, compel the exclusion of the video recording of the deposition.

Video recordings of depositions can sometimes supplement the fact-finder's impression of a particular witness' demeanor.  In this case, however, the length, tone, and nature

of the litigation, and not just a particular deponent's impulse to lie, may explain the demeanor observed on a particular video tape. Moreover, the parties will frequently use testimony from the prior trial, and it would be inequitable and illogical to draw undue emphasis to a witness' demeanor during a deposition, while restricting the fact-finder from considering that same witness' demeanor during an actual trial with a judge and jury present. The admission of video recordings creates undue prejudice, confuses the jury, and undermines due process. Mattel's request to introduce a video recording of Garcia's deposition is accordingly denied. The parties shall be restricted to the use of deposition transcripts for the purposes allowed by the Federal Rules of Evidence.

> The Clerk shall serve this minute order on all parties to the action.