**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

Case No. CV 04-9049 DOC (RNBx)                                            Date: January 27, 2011

Title: MATTEL, INC. v. MGA ENTERTAINMENT, INC.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

   Kathy Peterson                                Not Present
Courtroom Clerk                              Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS: ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT                          NONE PRESENT

PROCEEDING (IN CHAMBERS): ORDER ON MATTEL'S MOTION FOR RECONSIDERATION OF ORDER ON MGA'S MOTION IN LIMINE NUMBER 7

       Mattel's motion for reconsideration is denied to the extent it concerns evidence of Carter Bryant's use of Evidence Eliminator.  See Local Rule 7-18.

       1.       Carter Bryant downloaded and installed a program called Evidence Eliminator on to his computer in 2002.  The most recent version of the software purports to eliminate a computer user's internet browsing history, the data a computer user inputs into a web site (*e.g.*, credit card information), the computer's log of files recently accessed, download locations, and folder names.  There is no evidence that any version of the software has the ability to selectively delete user-created files on a particular subject matter, like Bratz.  The program ran continuously from the date of its installation.  On July 12, 2004, two days before his hard drive was forensically imaged *by his own attorneys*, Bryant interacted with the Evidence Eliminator software.

       2.       Bryant's use of Evidence Eliminator is irrelevant.  It does not evidence consciousness of guilt because there is no evidence that the program had the ability to delete relevant material.  See Jinks-Umstead v. England, 2005 WL 3312947, at *4 (D.D.C. Dec. 7, 2005).  Moreover, Bryant's consciousness of guilt is largely irrelevant because he is no longer a counter-defendant to this lawsuit, and (as Mattel has already argued) was not an agent of MGA's.  Finally, Bryant's conduct *after* the termination of his contract with Mattel does not, contrary to Mattel's contention, evidence his understanding of the

       Inventions Agreement at the time he entered into that agreement.  <u>City of Hope Nat'l Med. Ctr. v. Genetech, Inc.</u>, 181 F.3d 142, 155 (2008)

3. In any event, the prejudicial effect of Evidence Eliminator's use substantially outweighs its probative value.  Fed. R. Evid. 403.  The docket does not reflect a "Court Order" that either required Bryant to preserve his hard drive or forbade Bryant from running Evidence Eliminator.  Bryant has testified that he used the program in order to delete certain explicit material, and examination on this issue will result in obvious prejudice, personal embarrassment, and an undue invasion of Bryant's privacy.  It will also interfere with the efficient management of this litigation by opening the door to a mini-trial about the operation of the software, the discovery obligations imposed upon Bryant, and the nature of the explicit material on Bryant's hard drive.

4. Introducing evidence of the program's use would also result in an unacceptable inequity.  Both parties have engaged in misconduct far more egregious that Bryant's use of Evidence Eliminator.  It would be unduly consumptive of time to allow a back and forth between the parties about conduct during discovery.  On the other hand, arbitrarily limiting evidence to Carter Bryant's use of a computer program would paint an unbalanced and incomplete picture.

       The motion therefore denied as to the use of Evidence Eliminator.  The motion is otherwise held in abeyance and the Court's prior ruling remains in place as to all other categories of evidence covered by MGA's seventh motion in limine.

       The Clerk shall serve this minute order on all parties to the action.