# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

Case No. CV 04-9049 DOC (RNBx)                                           Date: January 27, 2011

Title: MATTEL, INC. v. MGA ENTERTAINMENT, INC.

---

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Kathy Peterson | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFFS:     ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT                                                  NONE PRESENT

---

PROCEEDING (IN CHAMBERS): REGARDING (1) MATTEL'S MOTION TO EXCLUDE REFERENCES TO TRADEMARK REGISTRATION; (2) ADMISSION OF EVIDENCE CONCERNING BRATZ THEMES

  Mattel's motion to exclude MGA from eliciting testimony from Ms. Arant concerning trademark registrations is granted for lack of foundation.  The trademark registrations are relevant whether or not the trademarks were used, because the mere fact that the names had been conceived before Carter Bryant thought of them, proves that they weren't all that secret.  Though the documents may be subject to judicial notice — and I want to clarify that MGA has never requested judicial notice of these documents in spite of the Court's invitations to do so — Ms. Arant still lacks any personal knowledge about the subject matter of the documents and has no nexus to the documents.  She has not been designated as an expert and even if she had been, the Court, in its orders excluding the expert testimony of Ralph Oman and John Alex, specifically noted that expert opinion about intellectual property registrations would constitute impermissible legal opinion.  The only proper use of Ms. Arant's testimony is to establish that these are trademark registrations and that they were filed; this testimony could more appropriately come in through another witness or as a result of the court taking judicial notice of these documents.  MGA is not precluded, through proper notice to this court, of pursuing this evidence at a later time.

  The evidence that Mattel seeks to admit concerning MGA's development of Bratz themes is not relevant at this time because of the agreement by the parties that MGA may be able to initially decide the scope of its trade counterclaim in reply.  Mattel would be given the opportunity of rebuttal.

This is an attempted unclean hands affirmative defense that Mattel prematurely seeks to pursue before MGA has submitted its own evidence to the jury.

    The Clerk shall serve this minute order on all parties to the action.