ANNETTE L. HURST (State Bar No. 148738)
ahurst@orrick.com
WARRINGTON S. PARKER III (State Bar No. 148003)
wparker@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building, 405 Howard Street
San Francisco, CA 94105
Tel: (415) 773-5700/ Fax: (415) 773-5759

WILLIAM A. MOLINSKI (State Bar No. 145186)
wmolinski@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA 90017
Tel: (213) 629-2020/Fax: (213) 612-2499

THOMAS S. McCONVILLE (State Bar No. 155905)
tmcconville@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
4 Park Plaza, Suite 1600
Irvine, CA 92614-2258
Tel: (949) 567-6700/Fax: (949) 567-6710

Attorneys for MGA Parties

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | Case No. CV 04-9049-DOC (RNBx)<br>Consolidated with Nos. CV 04-9059 and CV 05-2727<br><br>Hon. David O. Carter<br><br>**MGA'S BRIEF REGARDING WAIVER OF ATTORNEY-CLIENT PRIVILEGE BY ANNA RHEE** |

## I. RHEE WAIVED THE ATTORNEY-CLIENT PRIVILEGE WHEN SHE DIVULGED THE CONTENT OF THEIR CONVERSATION TO MATTEL.

Anna Rhee made the decision to disclose to Mattel communications that she had with her lawyer. That is a waiver. Such a disclosure waives the privilege. *See, e.g.*, *United States v. Ruehle*, 583 F.3d 600, 612 (9th Cir. 2009) ("any voluntary disclosure of information to a third party waives the attorney-client privilege."); *Feldman v. Allstate Ins. Co.*, 322 F.3d 660, 668 (9th Cir. 2003) (rejecting notion that privilege can be waived for one purpose in a case and then regained for another); *United States v. Suarez*, 820 F.2d 1158, 1161 (11th Cir. 1987) ("[I]t has long been held that once waived, the attorney-client privilege cannot be reasserted.").

The fact that Rhee is a witness and Mattel is a party does not change the analysis. *See, Gerber Scientific Int'l v. Roland DGA Corp.*, 2010 WL 2803206, *5 (D. Conn. Sept. 20, 2010) (third-party witness waived protection by disclosing privileged file to party in litigation, despite doing so "in the context of a highly confidential consultancy regarding the defense of a legal action" and despite fact that witness was later hired as an expert by the party); *cf. Hohenwater v. Roberts Pharmaceutical Corp.*, 152 F.R.D. 513, 517 (D.S.C. 1994) (defendant waived privilege by disclosing privileged document to non-party witness).

Nor does this analysis change because Rhee disclosed the communication with some reservation of rights. The law puts the client and her attorney to a choice—disclose or do not disclose. Disclosures accompanied by some notation that the waiver is intended only as to some, but not others, simply does not work. A disclosure works as a waiver. Period, full stop.

That this is so is shown by case after case that has addressed the issue. Although the Ninth Circuit has yet to squarely address the issue, *see United States v. Bergonzi*, 403 F.3d 1048 (9th Cir. 2005), with little exception, every other Circuit

to address the issue has held that a party is not entitled to waive the privilege as to one party, and then claim the privilege as to all others. Indeed, even when the disclosure is accompanied by an express agreement that the waiver is not intended as to all, courts have found that such agreements cannot be enforced. Again, a waiver is a waiver is a waiver. *See In re Syncor ERISA Litig.*, 229 F.R.D. 636, 645-46 (C.D. Cal. 2005) (discussing case law and noting why minority view should be rejected). Parties "cannot be permitted to pick and choose" in their disclosure of protected communications, "waiving the privilege for some and resurrecting the claim of confidentiality to obstruct others, or to invoke the privilege as to communications whose confidentiality he has already compromised for his own benefit." *Permian Corp. v. United States*, 665 F.2d 1214, 1219-22 (D.C. Cir. 1981); *see also In re Columbia/HCA Healthcare Corp. Billing Practices Litig.,* 293 F.3d 289, 302-04 (6th Cir. 2002); *United States v. Mass. Inst. of Tech.,* 129 F.3d 681, 684-86 (1st Cir. 1997); *Genentech, Inc. v. United States Int'l Trade Comm'n,* 122 F.3d 1409, 1415-18 (Fed. Cir. 1997); *In re Steinhardt Partners, L.P.,* 9 F.3d 230, 234-36 (2d Cir. 1993); *Westinghouse Elec. Corp. v. Republic of Philippines,* 951 F.2d 1414, 1423-26 (3d Cir. 1991); *In re Martin Marietta Corp.,* 856 F.2d 619, 623-26 (4th Cir. 1988).

Having disclosed privileged communications to Mattel, Rhee waived the privilege regardless of some purported reservation of rights.

## II. HAVING DISCLOSED THE COMMUNICATION, RHEE HAS WAIVED THE PRIVILEGE AS TO ALL COMMUNICATIONS ON THE SAME SUBJECT.

"It has been widely held that voluntary disclosure of the content of a privileged attorney communication constitutes waiver of the privilege as to all other such communications on the same subject." *Weil v. Investment/Indicators, Research and Mgmt., Inc.*, 647 F.2d 18, 24 (9th Cir. 1981); *United States v. Reyes*, 239 F.R.D. 591, 603 (N.D. Cal. 2006) ("[p]arties cannot be permitted to 'pick and choose' in their disclosure of protected communications, 'waiving the privilege for

some and resurrecting the claim of confidentiality for others'") (internal citations omitted); *Micron Separations v. Pall Corp.*, 159 F.R.D. 361, 363 (D. Mass. 1995) ("the scope [of waiver] must of necessity be somewhat broad and is, in fact, a 'subject matter' waiver—i.e., a waiver of all communications on the same subject matter.")

Accordingly, MGA is entitled to know what Rhee actually told her attorney and furthermore is entitled to any notes, documents, or other indicia memorializing Rhee's communications with her attorney regarding the conversation she alleges she had with Mr. Phoosopha in December 2010. Moreover, MGA is entitled to know when she communicated with her attorney and when her attorney chose to share that information.

### III. THE COMMON INTEREST PRIVILEGE DOES NOT APPLY BECAUSE RHEE AND MATTEL SHARE NO RELEVANT "COMMON INTEREST."

Neither Rhee nor Mattel claimed that the common interest privilege protected the communication to Mattel. With good reason.

Anna Rhee is a witness. She has no stake in this case (or if she has, it has not been disclosed). That means that there cannot be a common interest.

A "common interest" may lie in a matter where allied lawyers and clients are working together in prosecuting or defending a lawsuit or in certain other legal transactions. *Mass. Inst. of Tech.,* 129 F.3d at 685 ("*e.g.* codefendants, insurer and insured, patentee and licensee"); *Union Carbide v. Dow Chemical*, 619 F. Supp. 1036, 1047 (D. Del. 1985) (communications to non-parties can "retain a protective shield if the parties have a common legal interest, such as where they are co-defendants or are involved in or anticipate joint litigation.") (citations omitted); *Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D. 575, 578 (N.D. Cal. 2007) (joint defense "must pertain to the matter in which the parties have a joint legal interest, and the communication must be designed to further that specific legal interest.").

1   That is hardly the case here. Rhee and Mattel share no common legal interest
2   whatsoever. Rhee is not an employee of Mattel. Rhee is not a party to this action,
3   and has not claimed or disclosed a legal interest with Mattel in this action's
4   outcome. It is presumably immaterial to Rhee whether Mattel or MGA prevails.

5   Moreover, whatever Rhee's motive for the disclosure, merely having some
6   reason for the disclosure—whether to verify that she would not be sued or
7   otherwise—does not establish a common interest. An abstract "common interest"
8   is not enough. *See Mass. Inst. of Tech.,* 129 F.3d at 686 (noting that "[i]n some
9   abstract sense, MIT and the audit agency do have a 'common interest' in the proper
10  performance of MIT's defense contracts . . . But this is not the kind of common
11  interest to which the cases refer in recognizing that allied lawyers and clients—who
12  are working together in prosecuting or defending a lawsuit or in certain other legal
13  transactions—can exchange information among themselves without loss of the
14  privilege"); *see also United States v. Bergonzi*, 216 F.R.D. 487, 496-97 (N.D. Cal.
15  2003) (same).

## CONCLUSION

17  For the foregoing reasons, Rhee has waived the attorney-client privilege.

19  Dated: January 28, 2011                Respectfully submitted,

                                           WARRINGTON S. PARKER III
                                           ORRICK, HERRINGTON & SUTCLIFFE
                                           LLP


                                           By:  _____*/s/ Warrington S. Parker*_____
                                                    WARRINGTON S. PARKER
                                                    Attorneys for MGA Parties