QUINN EMANUEL URQUHART & SULLIVAN, LLP
  John B. Quinn (Bar 090378)
  johnquinn@quinnemanuel.com
  William C. Price (Bar 108542)
  williamprice@quinnemanuel.com
  Michael T. Zeller (Bar 196417)
  michaelzeller@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc. and Mattel de Mexico, S.A. de C.V.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation, and Mattel de Mexico, S.A. de C.V., a Mexico business entity<br><br>Plaintiffs,<br><br>vs.<br><br>MGA ENTERTAINMENT, INC., a California corporation, et al.<br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE CV 04-9049 DOC (RNBx)<br>Consolidated with<br>Case CV 04-09059<br>Case CV 05-02727<br><br>Hon. David O. Carter<br><br>**MATTEL, INC.'S AND MATTEL DE MEXICO, S.A. DE C.V.'S OBJECTIONS TO MACHADO'S PROPOSED JURY INSTRUCTIONS**<br><br>Pre-trial Conf.: January 4, 2011<br>Trial Date: January 18, 2011 |

1    Plaintiffs Mattel, Inc. and Mattel de Mexico, S.A. de C.V. (collectively,

2  "Mattel"), hereby object to the disputed proposed jury instructions submitted by

3  Gustavo Machado ("Machado").  Mattel requests and reserves the right to amend,

4  modify, withdraw and/or supplement the following objections during the trial,

5  including based upon subsequent rulings and the evidence and theories proffered by

6  the parties during the course of the trial.

7  DATED:  January 28, 2011          QUINN EMANUEL URQUHART &
                                     SULLIVAN. LLP
8

9                                    By  /s/ Michael T. Zeller
10                                      Michael T. Zeller
                                        Attorneys for Mattel, Inc. and Mattel de
11                                      Mexico. S.A. de C.V.

# TABLE OF CONTENTS

## MATTEL'S OBJECTIONS TO MACHADO'S PROPOSED JURY INSTRUCTIONS

| | |
|---|---|
| 5005 – Multiple Parties | 3 |
| Misappropriation of Trade Secrets Claim Against Gustavo Machado | 5 |
| 4401– Misappropriation of Trade Secrets: Essential Factual Elements | 6 |
| 4402 – "Trade Secret" Defined | 10 |
| 4403– Secrecy Requirement | 11 |
| 4412 – "Independent Economic Value" Explained | 12 |
| 4420 – Information was Readily Ascertainable by Proper Means | 14 |
| 4404 – Reasonable Efforts to Protect Secrecy | 15 |
| 4406 – Misappropriation by Disclosure | 17 |
| 4407 – Misappropriation by Use | 19 |
| 4408 – Improper Means of Acquiring Trade Secret | 21 |
| Sole Employer Was Servicios | 22 |
| No Duty Owed to Mattel, Inc. or Mattel de Mexico | 24 |
| 4410 – Unjust Enrichment | 25 |
| Unclean Hands | 28 |
| Mr. Machado's Presence or Absence During Trial | 31 |

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## MATTEL'S OBJECTIONS TO MACHADO'S PROPOSED JURY INSTRUCTIONS

### GENERAL OBJECTION

Mattel objects to Machado-specific instructions as duplicative and unnecessary. The Court should not give one set of MGA separate instructions and another set for Machado.  That would be repetitive, unnecessary, and would confuse the jury.  <u>Gill v. Manuel</u>, 488 F.2d 799, 802 (9th Cir. 1973) ("This court is in agreement with the rule announced in <u>Flentie v. American Community Stores Corporation</u>, 389 F.2d 80, 83 (8th Cir. 1968): 'Repetitious instructions which place undue emphasis on matters favorable to either side constitute reversible error.'") (hereinafter "Mattel's Repetitive Instruction Objection").

### SPECIFIC OBJECTIONS

### MACHADO'S PROPOSED INSTRUCTION RE MULTIPLE PARTIES

### 5005

### MULTIPLE PARTIES

There are two parties bringing the same claim against Mr. Machado in this trial: Mattel, Inc., the company in the United States, and Mattel de Mexico, the company in Mexico. You should decide the case of each company separately as if it were a separate lawsuit. Each company is entitled to separate consideration of its own claim and at the same time, each company must carry its own burden of proof.

Authority: CACI No. 5505 (modified).

### MATTEL'S OBJECTIONS:

1.      Both MGA and Machado have submitted a multiple parties instruction. There is no reason for two such instructions.  And there is no reason offered by either MGA or Machado to depart from the Ninth Circuit instruction which provides, simply and clearly:

*9th Cir. Civ. Jury Instr. 1.5 (2007)*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*MULTIPLE PARTIES*

*You should decide the case as to each party separately.  Unless otherwise stated, the instructions apply to all parties.*

**Authority:**  *9th Cir. Civ. Jury Instr. 1.5 (2007)*

**MACHADO'S PROPOSED INSTRUCTION RE MISAPPROPRIATION OF TRADE SECRETS**

**MACHADO SPECIAL INSTRUCTION NO. 1**

**MISAPPROPRIATION OF TRADE SECRET CLAIM AGAINST GUSTAVO MACHADO**

The only possible trade secrets Mr. Machado is accused of misappropriating are the documents Mattel, Inc. and Mattel de Mexico claim he took when he resigned from Mattel Servicios. No one is asserting any claim against Mr. Machado as to Carter Bryant's drawings, the disputed ownership of Bratz or any copyrights or trade secrets in Bratz.

**MATTEL'S OBJECTIONS:**

1.      The Court has already summarized the parties' claims by reading a statement of the case to the jury. (Trial Tr. Jan. 13, 2011 at 26:8-28:8.) This further "instruction" does not instruct the jury on the law, but instead asks the Court to simply distance Machado from MGA, MGA Mexico, and Larian. As for making clear that Machado is not accused of misappropriation of the Bratz drawings, Mattel's proposed instruction makes that perfectly clear. See e.g. Mattel's Fourth Amended Proposed Jury Instructions ("Mattel's Proposed Instructions"), "Misappropriation of Trade Secrets – Essential Factual Elements." As for making clear that Machado is not accused of misappropriation of the Bratz drawings, Mattel proposes the following counter-instruction:

*Machado is not accused of misappropriating Carter Bryant's drawings, designs, or other work product created before October 20, 2000.*

**MACHADO'S PROPOSED INSTRUCTION RE ESSENTIAL FACTUAL ELEMENTS OF TRADE SECRET THEFT**

**4401**

**MISAPPROPRIATION OF TRADE SECRETS – ESSENTIAL FACTUAL ELEMENTS**

To succeed on the claim that Gustavo Machado has misappropriated trade secrets, both Mattel, Inc. and Mattel de Mexico must prove all of the following as to each of its alleged trade secrets:

> 1. That Mattel, Inc. or Mattel de Mexico owned the specific trade secret;

> 2. That the specific, alleged trade secret was in fact a trade secret at the time of the alleged misappropriation;

> 3. That Gustavo Machado improperly used or disclosed the specific trade secret;

> 4. That Gustavo Machado was unjustly enriched; and

> 5. That Gustavo Machado's use or disclosure of the specific trade secret was the cause of his unjust enrichment.

Mattel, Inc. and Mattel de Mexico's claims must be considered separately. A finding for or against Mattel, Inc. on one of these elements should not affect your deliberations as to Mattel de Mexico, and vice versa.

Authority:  CACI No. 4401 (modified)

**MATTEL'S OBJECTIONS:**

1.  <u>Wrong Standard</u>.  There is no need for a separate instruction as to these elements as they apply to Machado, as opposed to the other defendants.  Even if there were, Machado's proposed instruction deviates from CACI No. 4401, failing to instruct the jury that Machado can be liable for misappropriation by improper acquisition of a trade secret, not just use or disclosure.  <u>Cal. Civ. Code</u> § 3426.1 ("'Misappropriation' means: Acquisition of a trade secret of another by a person

who knows or has reason to know that the trade secret was acquired by improper means; or Disclosure or use of a trade secret of another…"). It further deviates from CACI No. 4401 because it requires Mattel to prove that Machado was unjustly enriched, rather than, as <u>Cal. Civ. Code</u> § 3426.3 provides, allowing recovery for actual loss or a reasonably royalty. Machado's instruction is also wrong to suggest that "both Mattel, Inc. and Mattel de Mexico must prove all of the following as to each of its alleged trade secrets." Either party may prove the elements of their respective claim as to any trade secret to prevail on a misappropriation claim.

    2.    <u>Possession v. Ownership</u>. Machado's proposed instruction is contrary to law because it purports to require proof that the plaintiff "owns" a misappropriated trade secret. The California Uniform Trade Secret Act requires no proof of actual ownership of the trade secret by the plaintiff. It does not discuss "owners" or "ownership." <u>See</u> <u>Cal. Civ. Code</u> § 3426.1 <u>et seq.</u> Rather, the law provides a remedy if the misappropriation causes actual loss to the plaintiff, unjust enrichment to the defendant or should be remedied by a reasonably royalty. <u>See</u> <u>Cal. Civ. Code</u> § 3426.3. Standing to invoke those remedies arises from harm due to interference with not just ownership rights, but with the right to lawfully possess a trade secret. <u>See</u> <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555, 560-61 (1992) (holding that Article III standing arises from an actual and particularized invasion of a legally protected right).

    MGA agrees with Mattel. In its Motion for Partial Summary Judgment, Mattel moved for summary judgment that Mattel, Inc. and Mattel de Mexico had standing to sue based on misappropriated trade secrets that they possessed. <u>See</u> Mattel's Motion for Partial Summary Judgment at 84-85 (Notice of Manual Filing at Dkt. No. 8927). Neither MGA nor Machado opposed Mattel's relief. In its Opposition, MGA agreed that "the better reading of CUTSA is that rightful possessors, not just owners, have standing to pursue claims of trade secret misappropriation if the claim is otherwise available." MGA Parties' Opposition to

Mattel's Motion for Partial Summary Judgment at 2:14-17 (Notice of Manual Filing at Dkt. No. 9010).  Machado joined in MGA's Opposition, thus joining in this position.  See Joinder in MGA Parties' Opposition To Mattel, Inc.'s Motion for Partial Summary Judgment at 2 (Dkt. No. 9218).

The California Supreme Court has not discussed this question.  But, as MGA recognized, the Federal and California appellate courts that discuss this question routinely and properly hold that a plaintiff may sue based on lawful possession of a trade secret.  See, e.g., DTM Research, L.L.C. v. AT&T Corp., 245 F.3d 327, 332 (4th Cir. 2001) (rejecting claim that under Maryland trade secret statutes, which are virtually identical to CUTSA, that ownership of a misappropriated trade secret is necessary for standing and finding that possession is sufficient); Faiveley Transp. USA, Inc. v. Wabtec Corp., 2010 WL 4860674 at *7 (S.D.N.Y. Nov. 29, 2010) ("The Second Circuit has consistently held, however, that possession of a trade secret is sufficient to confer standing on a party for a claim of trade secret misappropriation.") (citing North Atl. Instruments, Inc. v. Haber, 188 F.3d 38, 43-44 (2d Cir. 1999); Metso Minerals Indus. v. FLSMIDTH-Excel LLC, ___ F. Supp. 2d ___, 2010 WL 1850139, at *8 (E.D. Wis. May 7, 2010) (possession of a trade secret is all that is required to assert trade secret misappropriation) (collecting cases and cited by the Court in Amended Summary Judgment Order at 32 n.13 (Dkt. No. 9600)); Memry Corp. v. Kentucky Oil Technology, N.V., 2006 WL 3734384 *7-8, n. 17 (N.D. Cal. 2006) (concluding that a trade secret misappropriation plaintiff "must, at a minimum, establish that it possesses the trade secrets at issue.") (citing DTM Research, L.L.C. v. AT&T Corp., 245 F.3d 327, 330-33 (4th Cir. 2001) and State Farm Mut. Auto Ins. Co. v. Wier, 2004 WL 2988429 (Cal. Ct. App. 2004)); Durney v. Wavecrest Labs., LLC, 441 F. Supp. 2d 1055, 1062 (N.D. Cal. 2005) (to prove trade secret misappropriation, a trade secret plaintiff must prove that "he possessed a trade secret"); Silvaco Data Sys. v. Intel Corp., 184 Cal. App. 4th 210, 220-21 (2010) ("The sine qua non of a trade secret, then, is the plaintiff's possession

1  of information of a type that can, at the possessor's option, be made known to

2  others, or withheld from them, i.e., kept secret.") (emphasis in original).

3  (Hereinafter "Mattel's Objection re Lawful Possession of Trade Secrets.")

4       For all of these reasons, Mattel respectfully urges that its own proposed

5  instruction, which tracks the requirements of CACI 4401, should be given.  <u>See</u>

6  Mattel's Proposed Instructions, CACI 4401 "Misappropriation of Trade Secrets –

7  Essential Factual Elements," at p. 42.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## MACHADO'S PROPOSED INSTRUCTION DEFINING "TRADE SECRET"

### 4402

### "TRADE SECRET" DEFINED

To prove that information is a trade secret, its owner must prove all of the following:

> 1. As to each alleged trade secret, that the information was secret;
>
> 2. As to each alleged trade secret, that the information had actual or potential independent economic value because it was secret; and
>
> 3. As to each alleged trade secret, that its owner made reasonable efforts to keep the information secret.

## MATTEL'S OBJECTION:

1.      As above, Machado's instruction improperly requires ownership of a trade secret, not possession (e.g. "it's owner must prove"). See Mattel's Objection re Lawful Possession of Trade Secrets.  Machado also materially deviates, with no good cause, from CACI 4402 by adding "[a]s to each alleged trade secret," which misleadingly and incorrectly suggests that if the showing is not met as to *any* trade secret, the claim fails as to *all* trade secrets.

2.      Mattel respectfully requests that the Court adopt Mattel's proposed version of this instruction, which follows CACI 4402.  See Mattel's Proposed Instructions, CACI 4402 "'Trade Secret' Defined."

## MACHADO'S PROPOSED INSTRUCTION RE SECRECY REQUIREMENT

### 4403

### SECRECY REQUIREMENT

The secrecy required to prove that something is a trade secret does not have to be absolute in the sense that no one else in the world possesses the information. The information may be disclosed to Mattel, Inc. or Mattel de Mexico's employees involved in their use of the trade secret as long as they are instructed to keep the information secret. It may also be disclosed to nonemployees if they are obligated to keep the information secret. However, the information must not have been generally known to the public or to people who could obtain value from knowing it.

Authority: CACI No. 4403 (2009) (modified)

## MATTEL'S OBJECTION:

1.      Machado's proposed instruction materially deviates, with no good cause, from CACI 4403.  CACI 4403 provides that a trade secret "may be disclosed to employees involved in [name of plaintiff]'s use of the trade secret as long as they are instructed to keep the information secret."  CACI 4403.  Machado's proposed instruction limits the permitted disclosure to "Mattel, Inc. or Mattel de Mexico's employees,"  meaning that disclosure to an employee of a parent,  subsidiary or other affiliated company, like Mattel Servicios, or Mattel Latin America would vitiate trade secret protection.  That is wrong as a matter of law.

2.      Mattel respectfully requests that the Court adopt Mattel's proposed version of this instruction.  See Mattel's Proposed Instructions, CACI 4403 "Secrecy Requirement."

**MACHADO'S PROPOSED INSTRUCTION RE "INDEPENDENT ECONOMIC VALUE"**

**4412**

**"INDEPENDENT ECONOMIC VALUE" EXPLAINED**

Information has independent economic value if it gives its owner an actual or potential business advantage over others who do not know the information and who could obtain economic value from its disclosure or use.

In determining whether information had actual or potential independent economic value because it was secret, you may consider the following:

(a) The extent to which Mattel, Inc. and, separately, Mattel de Mexico obtained or could obtain economic value from its information in keeping it secret;

(b) The extent to which others could obtain economic value from the information if it were not secret;

(c) The amount of time, money, or labor that Mattel, Inc. and, separately, Mattel de Mexico expended in developing its information or Mattel de Mexico expended in developing its information;

(d) The amount of time, money, or labor that was saved by a competitor who used the information;

The presence or absence of any one or more of these factors is not necessarily determinative.

Authority: CACI No. 4412 (modified)

**MATTEL'S OBJECTIONS:**

1.     Subparagraph (c) of Machado's instruction improperly limits Mattel's trade secret claims to trade secrets that Mattel created.  The law permits Mattel to sue for misappropriation of trade secrets that Mattel lawfully possesses, whether

created by Mattel or not.  <u>See</u> Mattel's Objection re Lawful Possession of Trade Secrets at pg. 9.  As above, Machado's instruction also improperly requires ownership of a trade secret, not possession, and wrongly suggests that "both Mattel, Inc. and Mattel de Mexico must each prove all of the following as to each of its alleged trade secrets."

      2.     Mattel respectfully requests that the Court adopt Mattel's proposed version of this instruction.  <u>See</u> Mattel's Proposed Instructions, CACI 4412 "Independent Economic Value Explained."

1  **MACHADO'S PROPOSED INSTRUCTION AS TO WHETHER**

2  **INFORMATION WAS READILY ASCERTAINABLE BY PROPER MEANS**

3  **4420**

4  **INFORMATION WAS READILY ASCERTAINABLE BY PROPER MEANS**

5       Mr. Machado did not misappropriate any trade secrets if he proves that the

6  information was readily ascertainable by proper means at the time of the alleged use

7  or disclosure.

8       There is no fixed standard for determining what is "readily ascertainable by

9  proper means." In general, information is readily ascertainable if it can be obtained,

10 discovered, developed, or compiled without significant difficulty, effort, or expense.

11 For example, information is readily ascertainable if it may be purchased from third

12 parties, or is available in trade journals, reference books, or published materials.  On

13 the other hand, the more difficult information is to obtain, and the more time and

14 resources that must be expended in gathering it, the less likely it is that the

15 information is readily ascertainable by proper means.

16      Authority: CACI No. 4420 (2009); <u>Sygenta Crop Protection, Inc. v. Helliker</u>,

17 138 Cal. App. 4th 1135, 1172 (2006)("Information that is readily ascertainable by a

18 business competitor derives no independent value from not being generally known")

19 **MATTEL'S OBJECTIONS:**

20      1.      Machado's proposed instruction deviates from CACI 4420 by: (1)

21 omitting "acquisition" as a basis for liability, <u>see</u> Cal. Civ. Code § 3426.1; and (2)

22 by adding the phrase "information is readily ascertainable if it may be purchased

23 from third parties," which is unsupported.

24      2.      Mattel requests that the Court adopt Mattel's proposed version of this

25 instruction.  <u>See</u> Mattel's Proposed Instructions, CACI 4420 "Affirmative Defense –

26 Information was Readily Ascertainable by Proper Means."

27

28

00505.07975/3941335.1

1  **MACHADO'S PROPOSED INSTRUCTION RE REASONABLE EFFORTS**

2  **4404**

3  **REASONABLE EFFORTS TO PROTECT SECRECY**

4      To establish that information is a trade secret, Mattel, Inc. and, separately,

5  Mattel de Mexico, must prove that each made reasonable efforts under the

6  circumstances to keep its information secret. "Reasonable efforts" are the efforts

7  that would be made by a reasonable business in the same situation and having the

8  same knowledge and resources as Mattel, Inc. or Mattel de Mexico, exercising due

9  care to protect important information of the same kind. This requirement applies

10  separately to each alleged trade secret.

11      In determining whether or not Mattel, Inc. and Mattel de Mexico made

12  reasonable efforts to keep the information secret, you should consider all of the facts

13  and circumstances. Among the factors you may consider are the following:

14          a.  Whether documents or computer files containing the

15              information were marked with confidentiality warnings;

16          b.  Whether the owner instructed its employees to treat the

17              information as confidential;

18          c.  Whether the owner restricted access to the information to

19              persons who had a business reason to know the information;

20          d.  Whether the owner kept the information in a restricted or

21              secured area;

22          e. Whether the owner required employees or others with access to

23              the information to sign confidentiality or nondisclosure

24              agreements;

25          f. Whether the owner took any action to protect the specific

26              information, or whether it relied on general measures taken

27              to protect its business information or assets;

28

g. The extent to which any general measures taken by the owner would prevent the unauthorized disclosure of the information;

h. Whether there were other reasonable measures available to the owner that it did not take.

The presence or absence of any one or more of these factors is not necessarily determinative.

Authority: CACI No. 4404 (2009) (modified)

**<u>Mattel's Objections:</u>**

1.     <u>See</u> Mattel's Objection re Lawful Possession of Trade Secrets at pg. 9.

2.     Mattel respectfully requests that the Court instead instruct the jury, as proposed by Mattel, consistent with CACI 4404.  <u>See</u> Mattel's Proposed Instruction CACI 4404 "Reasonable Efforts to Protect Secrecy."

1  **MACHADO'S PROPOSED INSTRUCTIONS RE MISAPPROPRIATION BY**

2  **DISCLOSURE**

3  **4406**

4  **MISAPPROPRIATION BY DISCLOSURE**

5  Mr. Machado misappropriated a trade secret by disclosure if he:

6  1. Disclosed the specific trade secret without its owner's consent; and

7  2. Acquired knowledge of the specific trade secret by improper means.

8

9  **MATTEL'S OBJECTIONS:**

10  1.      Machado's instruction not only requires ownership, as above, but also

11  uses the language "acquired knowledge of the specific trade secret by improper

12  means" from CACI 4406, but omits portions of the CACI instruction that apply in

13  this case and are material to the juror's understanding of the scope of acquisition

14  by "improper means."  The additional sub-parts of the form CACI instruction

15  should be included:

16        *at the time of disclosure, knew or had reason to know that their*

17        *knowledge of the trade secrets came from or through a third party, such*

18        *as a former Mattel employee, and that the third party had previously*

19        *acquired the instruction that trade secrets by improper means; or*

20        *at the time of disclosure, knew or had reason to know that their*

21        *knowledge of the trade secrets was acquired in violation of their duty to*

22        *Mattel or Mattel Mexico to keep the information secret; or*

23        *at the time of disclosure, knew or had reason to know that their*

24        *knowledge of the trade secrets came from or through a third party, such*

25        *as a former Mattel employee, and that the third party had a duty to*

26        *Mattel or Mattel Mexico to keep the information secret.*

27

28

2.     Mattel respectfully requests that the Court instead instruct the jury as proposed by Mattel, consistent with CACI 4406.  <u>See</u> Mattel's Proposed Instructions, CACI 4406 "Misappropriation by Disclosure."

1  **MACHADO'S PROPOSED INSTRUCTIONS RE MISAPPROPRIATION BY**
2  **USE**

3                                          **4407**

4                          **MISAPPROPRIATION BY USE**

5       Mr. Machado misappropriated a trade secret by use if he:

6       1. Used the specific trade secret without its owner's consent; and

7       2. Acquired knowledge of the specific trade secret by improper means.

8       Authority: CACI No. 4407 (2009) (modified)

9  **MATTEL'S OBJECTIONS:**

10      1.      Machado's instruction improperly requires ownership of a trade

11  secret, not possession.  See Mattel's Objection re Lawful Possession of Trade

12  Secrets at pg. 9.

13      2.      Machado's instruction uses the language "acquired knowledge of the

14  specific trade secret by improper means" from the CACI, but excludes other sub-

15  parts of the form instruction that also apply in this case and are material to the

16  jurors' understanding of the scope of acquisition by "improper means," including:

17          *at the time of use, knew or had reason to know that their*
18      *knowledge of the trade secrets came from or through a third party, such*
19      *as a former Mattel employee, and that the third party had previously*
20      *acquired the trade secrets by improper means; or*

21          *at the time of use, knew or had reason to know that their*
22      *knowledge of the trade secrets was acquired under circumstances*
23      *creating a legal obligation to limit use of the trade secrets; or*

24          *at the time of use, knew or had reason to know that their*
25      *knowledge of the trade secrets came from or through a third party, such*
26      *as a former Mattel employee, and that the third party had a duty to*
27      *Mattel or Mattel Mexico to limit use of the trade secrets.*

28

3.     Machado's instruction results in improper repetition.  <u>See</u> Mattel's Repetitive Instruction Objection at pg. 3.

4.     Mattel respectfully requests that the Court adopt Mattel's proposed versions of this instruction, which are properly tailored to each party's claim.  <u>See</u> Mattel's Proposed Instructions, CACI 4407 "Misappropriation by Use" at pages 72, 215.

**MACHADO'S PROPOSED INSTRUCTIONS RE IMPROPER MEANS OF ACQUIRING TRADE SECRET**

**4408**

**IMPROPER MEANS OF ACQUIRING A TRADE SECRET**

Improper means of acquiring a trade secret or knowledge of a trade secret include, but are not limited to, theft.

Authority: CACI No. 4408

**MATTEL'S OBJECTIONS:**

1.      Machado's instruction materially deviates from CACI 4408 without cause, is misleading and understates what "improper means" may be when he omits "bribery, misrepresentation, breach or inducing a breach of a duty to maintain secrecy."  CACI 4408; see Cal. Civ. Code § 3246.1.

2.      Machado's instruction results in improper repetition.  See Mattel's Repetitive Instruction Objection at pg. 3.  Mattel requests that the Court adopt Mattel's proposed version of this instruction.  See Mattel's Proposed Instructions, CACI 4408 "Improper Means of Acquiring Trade Secret."

1 | **<u>MACHADO'S PROPOSED SPECIAL INSTRUCTION RE SOLE</u>**
2 | **<u>EMPLOYER WAS MATTEL SERVICIOS</u>**

**MACHADO'S SPECIAL INSTRUCTION NO. 2**

**SOLE EMPLOYER WAS MATTEL SERVICIOS**

You are instructed that Gustavo Machado, Pablo Vargas and Mariana Trueba were at all relevant times before April 19, 2004, employees of Mattel Servicios, who is not a party to this case.  Mr. Machado, Mr. Vargas and Ms. Trueba were not employees of Mattel, Inc. or Mattel de Mexico.

**<u>MATTEL'S OBJECTIONS:</u>**

1.     That "Machado was employed by Mattel Servicios, S.A. de C.V." is a stipulated fact amongst the parties.  <u>See</u> Amended Final Pre-Trial Conference Order, Stipulated Fact No. 17 ("Machado was employed by Mattel Servicios, S.A. de C.V.").  However, there is no reason to include this stipulated fact in jury instructions on applicable law.  This stipulated fact may be read to the jury, with other stipulated facts, but its repetition in a jury instruction would put the Court's imprimatur on it, which would be improper.  <u>See</u> Mattel's Repetitive Instruction Objection at pg. 3.

2.     This proposed instruction is factually misleading because Vargas and Machado worked on behalf of and for the benefit of Mattel Mexico and Mattel, by their own respective admissions.  <u>See</u> <u>e.g.</u> Machado Dep. Vol. 1 at 20:14-16; 20:23-21:2; 55:11-56:1; Vargas Dep. Vol. 1 at 51:16-22.

3.     The Court has granted Mattel's Motion in Limine to exclude any evidence, argument, testimony, or suggestion relating to the creation of Mattel Servicios, S.A. de C.V.  ("Mattel Servicios") and the reason(s) therefor.  <u>See</u> January 17, 2011 Order at page 21.  As the Court states, "Machado concedes that such evidence is generally irrelevant to any of the pending claims and defenses."  <u>Id</u>.  Machado's identity of the Mattel affiliated entity that formally employed him is not relevant to any pending claim or defense.

1          4.      The proposed instruction's use of "Sole Employer" misleadingly

2  implies that Machado, Vargas, and Trueba had no relationship or involvement with

3  Mattel or Mattel Mexico.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1   <u>**MACHADO'S PROPOSED SPECIAL INSTRUCTION NO. 3 - NO DUTY**</u>

2   <u>**OWED TO MATTEL, INC. OR MATTEL DE MEXICO**</u>

3   **MACHADO SPECIAL INSTRUCTION NO. 3**

4   **NO DUTY OWED TO MATTEL, INC. OR MATTEL DE MEXICO**

5   You have heard evidence relating to a Conflict Questionnaire (Exhibit ____), a

6   Conflict of Interest Manual (Exhibit ____) and a Code of Ethical Business Conduct

7   (Exhibit ____). You are instructed that these documents were not contracts and

8   therefore imposed no duties on either Gustavo Machado, Pablo Vargas or Mariana

9   Trueba.

10  <u>**MATTEL'S OBJECTIONS:**</u>

11  1.   Machado's proposed instruction is directly contrary to the Court's

12  Amended Summary Judgment Order, which found that the Conflict of Interest

13  Manual was an enforceable contract.  <u>See</u> Amended Summary Judgment Order at

14  80-82.  It also is prejudicial, and misleading, particularly in the assertion that the

15  individuals owed "no duties."  Machado, Vargas and Trueba had an undisputed

16  legal duty not to steal, convert or misappropriate Mattel's trade secrets and other

17  property.  <u>See</u> <u>Cal. Civ. Code</u> § 3426.1.

18  2.   This instruction is argumentative.

19

20

21

22

23

24

25

26

27

28

-24-

**MACHADO'S PROPOSED INSTRUCTIONS RE UNJUST ENRICHMENT**

**4410**

**UNJUST ENRICHMENT**

The only damages that Mattel, Inc. or Mattel de Mexico seek from Mr. Machado are based on "unjust enrichment."

Mr. Machado was unjustly enriched if Mattel, Inc. or Mattel de Mexico prove that his misappropriation of Mattel, Inc.'s or Mattel de Mexico's trade secrets caused Mr. Machado to receive a benefit that he otherwise would not have received.

In order to arrive at this benefit, you must consider the benefit, if any, received by Mr. Machado from each alleged misappropriated trade secret.

In calculating the amount of any unjust enrichment, do not take into account any amount of Mattel, Inc.'s or Mattel de Mexico's actual loss, if any.

You also must not include in any award of damages any benefit to Mr. Machado that is attributable to factors other than his alleged misappropriation of trade secrets, including specifically any benefit achieved by Mr. Machado as a result of his lawful conduct, hard work, skill, knowledge, investment or ingenuity.

Authority: CACI No. 4410 (modified)

**MATTEL'S OBJECTIONS:**

1.      Machado's proposed jury instruction misstates the type of damages Mattel seeks against Machado for trade secret misappropriation.  Machado states that "[t]he only damages that Mattel, Inc. or Mattel de Mexico seek from Mr. Machado are based on 'unjust enrichment.'"  Mattel also seeks, however, and is entitled to obtain, a reasonable royalty.  See Corrected Wagner Report at § IV(G)(1).

2.      Machado's proposed instruction deviates from CACI 4410.  In the "Directions for Use," CACI 4410 is to be given with CACI 4409, Remedies for Misappropriation of Trade Secrets, "if unjust enrichment is alleged and supported by the evidence."  Machado did not include an instruction for CACI 4409.  See e.g. Mattel's Proposed Instructions, CACI 4409 ("Remedies for Misappropriation of a

1    Trade Secret").  Machado's Amended CACI 4410 should not be given without

2    CACI 4409.

3         3.    Machado's proposed instruction deviates from the model instruction

4    found in CACI 4410.  The model instruction provides:

> [Name of defendant] was unjustly enriched if
> [his/her/its] misappropriation of [name of
> plaintiff]'s trade secret[s] caused [name of
> defendant] to receive a benefit that [he/she/it]
> otherwise would not have achieved.
>
> To decide the amount of any unjust enrichment, first
> determine the value of [name of defendant]'s benefit
> that would not have been achieved except for
> [his/her/its] misappropriation. Then subtract from
> that amount [name of defendant]'s reasonable
> expenses[, including the value of the [specify
> categories of expenses in evidence, such as labor,
> materials, rents, interest on invested capital]]. [In
> calculating the amount of any unjust enrichment, do
> not take into account any amount that you included
> in determining any amount of damages for [name of
> plaintiff]'s actual loss.]  CACI 4410.

Machado, however, interjects that "[i]n calculating the amount of any unjust enrichment, do not take into account any amount of Mattel, Inc.'s or Mattel de Mexico's actual loss, if any."  This language is prejudicial to Mattel.  One basis for the measure of the benefit to Machado and the claimed reasonable royalty is the investment that Mattel made in the preparation, acquisition, and development of the misappropriated trade secrets.  This theory is well-recognized.  See e.g. Bourns, Inc. v. Raychem Corp., 331 F. 3d 704, 709-10 (9th Cir. 2003) (affirming unjust enrichment damages award for trade secret misappropriation based on development costs avoided based on plaintiff's "'burn rate,' or development cost, on PPTCs was $3 million per year."); Telex Corp. v. IBM Corp., 510 F.2d 894, 932 (10th Cir. 1975); and Ajaxo, Inc. v. E*Trade Group, Inc., 135 Cal. App. 4th 21, 57, 63 (2005).  The Court should not permit Machado to attack and undermine this theory with a misleading jury instruction.

4.     Machado's instruction also provides that "[y]ou must not include in any award of damages any benefit to Mr. Machado that is attributable to factors other than his alleged misappropriation of trade secrets, including specifically any benefit achieved by Mr. Machado as a result of his lawful conduct, hard work, skill, knowledge, investment or ingenuity." CACI 4410 does not include this instruction, and it is biased, argumentative and unnecessary. It is therefore improper. See e.g. Central Microfilm Service Corp. v. Basic/Four Corp., 688 F. 2d 1206, 1219, n. 12 (8th Cir. 1982) (stating that the district court was "well within its discretion" to reject submitted jury instructions that were not "simple, neutral" but were "argumentative instructions which required unjustified commentary on the evidence while all but directed a verdict in favor of [defendant].") (citations omitted). Machado's proposed instruction misstates the applicable causation standard. See CACI 4401; Farhang v. Indian Inst. of Tech., Kharagpur, 2010 WL 3504897, at *6 (N.D. Cal. Sep. 07, 2010 ) (on a motion to dismiss, finding that "one could reasonably infer that [defendant's] conduct was a substantial factor in causing plaintiffs to suffer the alleged damages. The court therefore denies [defendant's] motion to dismiss plaintiffs' trade secret misappropriation claim."). Mattel requests that the Court adopt Mattel's proposed instruction, which properly tracks CACI 4410, to assist the jury in determining whether Mattel is entitled to unjust enrichment as part of its damages for Machado's actions.

5.     Machado's proposed instruction is unnecessary. Mattel included a proposed instruction for CACI 4410 that includes damages as to all defendants. Mattel requests that the Court adopt Mattel's proposed version of this instruction. See Mattel's Proposed Instructions, CACI 4409 "Remedies for Misappropriation of Trade Secret;" CACI 4409 "Trade Secret Damages – Actual Loss;" and CACI 4410 "Trade Secret Damages – Unjust Enrichment."

## MACHADO'S PROPOSED SPECIAL INSTRUCTION NO. 4 RE UNCLEAN HANDS

### MACHADO SPECIAL INSTRUCTION NO. 4
### UNCLEAN HANDS

Mr. Machado contends that Mattel, Inc. and Mattel de Mexico's unfair conduct bars either company from receiving any relief in this case, under the doctrine of "unclean hands." This rule prevents parties who have acted unfairly or in bad faith in matters related to their claims — parties who have "unclean hands" — from using the courts to benefit from their unfair actions, even if other parties have also acted improperly.

Under the rule of "unclean hands," you should deny Mattel, Inc. and Mattel de Mexico relief on its claim against Mr. Machado if you find that either company acted unfairly or inequitably in matters related to that claim, so that it would be unfair for either company to prevail.

In making that decision, you can consider any type of inequitable conduct by Mattel, Inc. and Mattel de Mexico related to its claim, including any conduct both before and during this litigation, and any conduct towards other parties and witnesses related to its claims in this case. Misconduct does not have to be criminal or illegal for you to consider it. You can consider any type of unfair conduct that violates conscience, good faith, or other equitable standards of conduct.

Authority: <u>Kendall Jackson Winery, Ltd. v. Superior Court</u>, 76 Cal. App. 4th, 970, 979 (1999) ("[T]he misconduct need not be a crime or an actionable tort. Any conduct that violates conscience, good faith, or other equitable standards of conduct is sufficient cause to invoke the doctrine."); <u>Fibreboard Paper Prods. Corp. v. East Bay Union of Machinists</u>, 227 Cal. App. 2d 675, 728-729 (1964).

## MATTEL'S OBJECTIONS:

1. Unclean hands is an equitable defense that the Court should decide rather than send it to the jury. <u>See</u> <u>Granite State Ins. Co. v. Smart Modular Techs., Inc.</u>, 76

F.3d 1023, 1027 (9th Cir. 1996) ("A litigant is not entitled to have a jury resolve a disputed affirmative defense if the defense is equitable in nature."); see also Dollar Sys., Inc. v. Avcar Leasing Sys., Inc., 890 F.2d 165, 170 (9th Cir. 1989) (equitable issues may be tried to the court separately from legal issues without infringing the right to jury trial under the Seventh Amendment); Seller Agency Council, Inc. v. Kennedy Ctr. for Real Estate Educ., Inc., 621 F.3d 981, 986 (9th Cir. 2010) (unclean hands is an equitable doctrine that the court has discretion to apply in appropriate cases; it "bars relief to a plaintiff who has violated conscience, good faith or other equitable principles in his prior conduct, as well as to a plaintiff who has dirtied his hands in acquiring the right presently asserted.") (quoting Dollar Sys., Inc., 890 F.2d at 173).

2.    Machado's instruction improperly omits the key requirement that "the alleged misconduct by the plaintiff relate[s] directly to the transaction concerning which the complaint is made." Dollar Sys., Inc., 890 F.2d at 173 (quotation omitted), quoted with approval in Seller Agency Council, Inc., 621 F.3d at 986.

3.    Machado's proposed instruction fails to specify that Machado bears the burden of proving the defense by a preponderance of the evidence.

4.    Machado's proposed instruction is repetitive and unnecessary because it requires a separate instruction from co-defendants, the MGA parties.

5.    Machado provides no authority for his assertion that if the jurors find Mattel, Inc. or Mattel Mexico acted unfairly or inequitably in matters related to the claim at issue, both Mattel, Inc. and Mattel Mexico should be denied relief on their "claims" against Machado.

6.    To the extent the Court decides, over Mattel's objections, to give any "Unclean Hands" instruction, Mattel respectfully requests that the Court give the following instruction:

*UNCLEAN HANDS*

1    *Machado claims that Mattel, Inc. and/or Mattel Mexico should not be able to*
2    *recover damages against Machado in this case because Mattel, Inc. and/or Mattel*
3    *Mexico has "unclean hands" and is undeserving of relief.  To prevail on the*
4    *affirmative defense of unclean hands, Machado must prove by a preponderance of*
5    *the evidence that Mattel, Inc. and/or Mattel Mexico acted unfairly in connection*
6    *with the events at issue in this case and that Mattel, Inc.'s and/or Mattel Mexico's*
7    *conduct relates directly to the transaction or transactions upon which their*
8    *respective claim against Machado is based.*

9    ***Authority:**  Kendall-Jackson Winery Ltd. v. Superior Court, 76 Cal. App. 4th*
10   *970, 978 (1999)("The defense of unclean hands arises from the maxim, 'He who*
11   *comes into Equity must come with clean hands.'  The doctrine demands that a plaintiff*
12   *act fairly in the matter for which he seeks a remedy. He must come into court with*
13   *clean hands, and keep them clean, or he will be denied relief, regardless of the merits*
14   *of his claim.")(internal citations and quotations omitted); Dollar Sys., Inc., 890 F.2d*
15   *at 173 ("It is fundamental to [the] operation of the doctrine that the alleged*
16   *misconduct by the plaintiff relate directly to the transaction concerning which the*
17   *complaint is made")(internal citations and quotations omitted), quoted with approval*
18   *in Seller Agency Council, Inc., 621 F.3d at 986; Jarrow Formulas, Inc. v. Nutrition*
19   *Now, Inc., 304 F.3d 829, 841 (9th Cir. 2002)("[U]nclean hands does not constitute*
20   *misconduct in the abstract, unrelated to the claim to which it is asserted as a*
21   *defense.") (internal quotation omitted).*

22
23
24
25
26
27
28

1 **MACHADO'S PROPOSED SPECIAL INSTRUCTIONS RE NO. 5 RE MR.**

2 **MACHADO'S PRESENCE OR ABSENCE DURING TRIAL.**

3 <b>MACHADO SPECIAL INSTRUCTION NO. 5</b>

4 <b>MR. MACHADO'S PRESENCE OR ABSENCE DURING TRIAL</b>

5   Mr. Machado has not been present during some parts of the trial in this case.

6 You are instructed that you may not consider Mr. Machado's absence from this trial

7 as evidence. His presence or absence during the trial is not to be considered or

8 discussed in your deliberations in any manner.

9 **MATTEL'S OBJECTION:**

10   1. Machado's proposed instruction is improper.  As a party to this

11 litigation, Machado has the right to and should attend at trial.  This proposed

12 instruction implies that it is proper for Machado to do otherwise.  Should Machado

13 not appear at trial, the parties are entitled to comment on that at closing argument.

14 Machado has no right to have the Court put its stamp of approval on his absence

15 from the trial.

16

17

18

19

20

21

22

23

24

25

26

27

28