QUINN EMANUEL URQUHART & SULLIVAN, LLP
  John B. Quinn (Bar No. 090378)
  (johnquinn@quinnemanuel.com)
  William C. Price (Bar No. 108542)
  (williamprice@quinnemanuel.com)
   Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:  (213) 443-3000
Facsimile:   (213) 443-3100

Attorneys for Mattel, Inc., and Mattel de Mexico, S.A. de C.V.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation,<br><br>  Plaintiff,<br><br>  vs.<br><br>MGA ENTERTAINMENT, INC., a California corporation, et al.,<br><br>  Defendants.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 DOC (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>Hon. David O. Carter<br><br>**MATTEL'S OBJECTIONS TO DEFENDANTS' PROPOSED VERDICT FORMS**<br><br>Pre-trial Conference: January 4, 2011<br>Trial Date: January 18, 2011 |

1  Mattel, Inc. and Mattel de Mexico, S.A. de C.V. (collectively, "Mattel")
2  hereby submit the following objections to the proposed verdict forms filed by
3  MGA Entertainment, Inc., MGAE de Mexico S.R.L. de C.V., MGA Entertainment
4  (HK) Limited, and Isaac Larian (collectively, "the MGA Parties"), and Carlos
5  Gustavo Machado Gomez.
6  Mattel requests and reserves the right to amend, modify, withdraw and/or
7  supplement the following objections before or during the trial of this matter.
8  Mattel reserves the right to submit further objections to the MGA Parties' and
9  Machado's proposed verdict forms depending upon and based upon rulings issued
10 in connection with motions and the evidence and theories proffered by the parties
11 during the course of the trial.  Each of Mattel's General Objections is hereby
12 expressly incorporated in full in the objections to specific verdict forms.

DATED:  January 28, 2011            QUINN EMANUEL URQUHART &
                                    SULLIVAN. LLP


                                    By _/s/ Michael T. Zeller_
                                       Michael T. Zeller
                                       Attorneys for Mattel, Inc. and Mattel de
                                       Mexico. S.A. de C.V.

## OBJECTIONS TO MGA PARTIES' PROPOSED VERDICT FORM

In contrast to Mattel's proposed form, which seeks eight general verdicts on eight claims, the MGA Parties' form is an objectionable special verdict form that, among other things, (i) is incomplete and filled with bracketed placeholders such as "[identify claimed secrets]," "[list each of the employees]," and "[insert]"; (ii) would unnecessarily require the jury to answer a currently undefined, but ultimately huge, number of special verdict questions; (iii) is biased toward defendants; and (iv) substantially increases the risk of jury confusion and reversal. See Chlopek v. Federal Ins. Co., 499 F.3d 692, 701 (7th Cir. 2007) (a verdict form must "accurately, adequately, and clearly state the relevant issues and ambiguous, biased, misleading, or confusing questions may warrant reversal") (internal quotes and brackets omitted); Duran v. City of Maywood, 221 F.3d 1127, 1130 (9th Cir. 2000) ("Jury instructions must be formulated so that they fairly and adequately cover the issues presented, correctly state the law, and are not misleading.") (quoting Gilbrook v. City of Westminster, 177 F.3d 839, 860 (9th Cir. 1999)).

In addition to the over 60 questions MGA's form does include, it proposes dozens of other questions that must be answered for *each* of an unidentified, but undoubtedly three-figure number, of trade secrets, employees, and "[items to be inserted by exhibit number]." At a minimum, MGA's proposed special verdict form will require the jury to answer in excess of one thousand questions. It also refers to an as-yet-unidentified "chart" that the jury must complete. Although the chart remains unseen, Question 14 on page 10 refers to "7 columns on the left of the above chart," which suggests there must be more columns on the right, leaving an untold number of cells (possibly hundreds of rows multiplied by 7+ columns) that the jury must complete.

In addition to its incompleteness and over-multiplication of questions to be answered by the jury, MGA's proposed special verdict form contains the following overall flaws:

1. <u>Blank or confusing instructions.</u> – The majority of the questions have instructions for the jury of what it must do if it answers yes or no, but those instructions are either incomplete ("proceed to question ___") or are so difficult that they create a substantial likelihood of jury confusion. For example, to answer question 10(a) on page 3, the jury had to have answered "yes" to question 8(a), but to answer question 8(a), the jury had to have answered "yes" to both Question 4 and Question 6; to answer 6, the jury had to have answered Question 5; and to answer 5, the jury had to have answered "yes" to either Question 3 or Question 4 (if it answered "no" to both, it is instructed to "skip to Question --").

Other questions have similar daisy-chains. The form is so confusing that apparently even its drafters lost track. Question 12(a) on page 3 instructs the jury they are to "Answer 10(a) only if you answered "Yes" to Question 8(a)." Presumably the drafter meant to ask them to answer "12(a)," not "10(a)," but even that is not entirely clear. The numerous blanks and dashes emphasize how hard it is to follow the conditions and contingencies, and "go-to," "skip," "if-you-answer" and "you-need-not-complete" instructions. If the form were ever completed by the drafters, that might clarify things somewhat, but it would more likely lead to additional objections, which Mattel reserves the right to interpose.

2. <u>Multiple questions on the same issues.</u> – The form apparently intends to attach every drawing and sculpt and to ask the jury to decide who owns each one. <u>See</u> Question 3 on page 8. This is *in addition to* questions at the beginning of the form as to, for example, who owns the Bratz doll concept. <u>See</u> Question 6 on page 2. This sort of duplication of questions on the same subject creates an increased risk of inconsistency and confusion.

3. <u>Bias.</u> – The form unnecessarily includes references to the burden of proof, but only as to Mattel's claims, not MGA's affirmative defenses. Even though the jury instructions will adequately cover the point, the form mentions dozens of times Mattel's burden of proof "by the preponderance of the evidence,"

and unnecessarily adds at times "with reasonable certainty." See Form at 4, 5, 6, 7 (five instances). By contrast, the form omits entirely the MGA Parties' burden of proof on their affirmative defenses.

4. <u>Failure to address each of Mattel's claims.</u> – Amid its many questions, MGA's special verdict form fails to account for a number of Mattel's claims, including:

- conversion against Mr. Larian, MGA, and MGA Hong Kong;
- misappropriation of trade secrets against MGA Mexico;
- intentional interference with contractual relations and aiding and abetting breach of the duty of loyalty against Mr. Larian;
- misappropriation of Bratz-related trade secrets and trade secrets unrelated to Bratz against Mr. Larian; and
- to the extent equitable claims are submitted to the jury (they should not be), unfair competition against Mr. Larian, MGA, and MGA Hong Kong.

5. <u>Length.</u> – There is no reason to go element by element for every claim in the form. An element by element approach on eight claims as to hundreds of trade secrets and multiple defendants could yield a verdict form of overwhelming length literally with hundreds or even thousands of questions.

In addition to the above objections, which apply the MGA Parties' special verdict form as a whole, Mattel also objects to the specific questions in the form regarding the following subject areas:

## CONTRACT INTERPRETATION

*The following objections pertain to Section I of the special verdict form – page 1*

Question 1 limits "inventions" to "ideas." Mattel, however, claims ownership of all Bratz-related drawings, designs, sculpts, characters, ideas, concepts, names, and other works that were created by Carter Bryant, in whole or

in part, while he was employed by Mattel.  Further, as explained in Mattel's proposed jury instruction on "Disputed Terms—"Inventions," the "term 'inventions' includes, but is not limited to, all discoveries, improvements, processes, developments, designs, know-how, data computer programs and formulae, whether patentable or unpatentable," and the question for the jury to decide (one among others) is whether "inventions" includes Bryant's Bratz-related works that Mattel claims to own.  <u>See</u> Mattel's Fourth Amended Proposed Jury Instructions (Dkt. No. 9683) at 12.  The MGA Parties' proposed Question 1 does not accurately frame the issue and is therefore misleading.

Similarly, in Question 2 concerning the meaning of the term "at any time during my employment by the Company," the MGA Parties include overly dramatic and argumentative phrasing ("including nights and weekends and when I am not working . . . .") and omit other details, such as the time period involved.

There is no need for special verdicts on contract interpretation.  The jury's contract interpretation findings can be made based upon the jury instructions and incorporated into verdicts on the ownership issues.  The MGA Parties have offered contract interpretation questions that are both unnecessary and inadequate because they will not show who owns the works at issue.

## **MISAPPROPRIATION OF TRADE SECRETS**

*The following objections pertain to Sections II, III, and IV of the special verdict form – pages 1-5*

Questions in the form seek to limit Mattel's claims to "the name Bratz" and "the Bratz doll concept."  <u>See, e.g.</u>, Questions 3, 4, and 5 on page 1.  Mattel claims ownership of all Bratz-related drawings, designs, sculpts, characters, ideas, concepts, names, and any other inventions that were created by Carter Bryant, in whole or in part, while he was employed by Mattel.

  Questions imply that MGA may be liable only if it knew or had reason to know the trade secret was acquired through improper means, and if MGA used the trade secret with such knowledge.  <u>See, e.g.</u>, Questions 7(a)-(b) and 8(a)-(b) on page 2.  The correct legal standards are set forth Mattel's Fourth Amended Proposed Jury Instructions (Dkt. No. 9683) at 42-79.

  Questions imply that Mattel must prove actual use of a trade secret.  Actual use is not required for a claim of trade secret theft.  <u>See</u> Mattel's Fourth Amended Proposed Jury Instructions (Dkt. No. 9683) at 49-50.

  Questions require Mattel to prove MGA was unjustly enriched.  <u>See, e.g.</u>, Question 13 on page 3.  In addition to unjust enrichment, Mattel is allowed to recover damages based on harm to Mattel.  <u>See</u> <u>Cal. Civ. Code</u> § 3426.3.

  Questions imply that Mattel bears the burden of showing the amount of unjust enrichment that is not attributable to MGA's and Larian's own efforts, skill or knowledge.  However, MGA bears the burden of proof for apportionment of profits.  <u>See</u> Mattel's Objection to Defendants' Proposed Instruction Re Trade Secret Misappropriation – Unjust Enrichment, filed concurrently herewith.

  Questions are linked to Mattel's ownership.  <u>See, e.g.</u>, Questions 5 & 6 on pages 1-2 ("Did Mattel, Inc. prove by a preponderance of the evidence that it owned . . .").  The California Uniform Trade Secret Act requires no proof of actual ownership of the trade secret by the plaintiff.  It does not discuss "owners" or "ownership."  <u>See</u> Cal. Civ. Code § 3426.1 et seq.  Rather, the law provides a remedy if the misappropriation causes actual loss to the plaintiff, unjust enrichment to the defendant or should be remedied by a reasonably royalty.  <u>See</u> Cal. Civ. Code § 3426.3.  In its Opposition to Mattel's motion for summary judgment, MGA agreed with Mattel that "the better reading of CUTSA is that rightful possessors, not just owners, have standing to pursue claims of trade secret misappropriation if the claim is otherwise available." MGA Parties' Opposition To Mattel's Motion For Partial Summary Judgment (Notice of Manual Filing Dkt. No. 9010) at 2.

Machado joined in MGA's Opposition, thus joining in this position.  See Joinder In MGA Parties' Opposition To Mattel, Inc.'s Motion For Partial Summary Judgment (Dkt. No. 9218) at 2.

## AIDING AND ABETTING

*The following objections pertain to Section V of the special verdict form – pages 5-6*

The questions misstate the elements for aiding and abetting, as reflected in CACI 3610 and Mattel's Fourth Amended Proposed Jury Instructions.  The elements for aiding and abetting are:  (1) defendants knew that a former employee's conduct constituted a breach of duty; (2) defendants gave substantial assistance or encouragement to the former employee to breach that duty; and (3) defendants' conduct was a substantial factor in causing Mattel harm.  See CACI 3610; Mattel's Fourth Amended Proposed Jury Instructions (Dkt. No. 9683) at 34-35.

In addition, the questions improperly seek to limit Mattel's damages to the value of the "lost services."  See, e.g., Question 33(a) on page 6.  The correct measure is set forth in CACI 3901.  See CACI 3901; Mattel's Fourth Amended Proposed Jury Instructions (Dkt. No. 9683) at 151-52.

## INTENTIONAL INTERFERENCE

*The following objections pertain to Section VI of the special verdict form – pages 6-7*

The form fails to address Mattel's claim that MGA and Larian intentionally interfered with the contract between Mattel and Ronald Brawer.

There is no need to list each employee at issue separately with separate questions for each.  This will needlessly complicate and lengthen the form.

## COPYRIGHT INFRINGEMENT

*The following objections pertain to Section VII of the special verdict form – pages 8-10*

Question 1 implies that accrual of Mattel's copyright claims turns on Mattel's knowledge of MGA's "ownership" claim. As the Court correctly held in 2008, accrual could not occur until Mattel had access to the Bratz works it claims to own so that a substantial similarity analysis could be performed. Dkt. No. 3902 at 4. See also Mattel's Fourth Amended Proposed Jury Instructions (Dkt. No. 9683) at 141-44. Nor is there a need for a special verdict on this issue.

Question 2 is unnecessary because the equitable defense of estoppel is to be tried to the Court, not the jury. See Granite State Ins. Co. v. Smart Modular Techs., Inc., 76 F.3d 1023, 1027 (9th Cir. 1996) ("A litigant is not entitled to have a jury resolve a disputed affirmative defense if the defense is equitable in nature.").

There is no need to list affirmative defenses on the verdict form in any case – even those that are tried to the jury. As to affirmative defenses that properly apply, the jury can be instructed on them and incorporate its ruling on them into a general verdict answer on liability.

Questions 1 and 2 are also examples where defendants do not refer to the standard of proof when they have the burden, although they repeatedly do so when Mattel has the burden.

Question 3 does not describe the "chart."

Question 4 omits key portions of the applicable legal standard. The issue is whether there is virtual identity of the sculpts when viewed "overall," including any unprotectable elements, or substantial similarity as to protectable elements. See Mattel, Inc. v. MGA Entm't,Inc., 616 F.3d 904, 915 n.9 (9th Cir. 2010); see also Amended Order on Summary Judgment Motions (Dkt. No. 9600), at 15-16. This question omits any mention of "overall."

1    Similarly, Questions 5 through 10 omit portions of the applicable legal
2 standard that applies to the drawings.  The questions purport to require items to be
3 "substantially similar to the protectable elements."  However, even unprotectable
4 elements are relevant to the copyright infringement test, including to the "intrinsic
5 test" which considers the "total concept and feel of the works" without filtration.
6 See, e.g., Data East USA, Inc. v. Epyx, Inc., 862 F.2d 204, 208 (9th Cir. 1988).
7 Unprotectable elements also are relevant to Mattel's infringement claim because an
8 original selection and arrangement of unprotectable elements can be copyrighted.
9 Feist Publ'ns, Inc. v. Rural Telephone Serv. Co., Inc., 499 U.S. 340, 348 (1991)
10 ("even a directory that contains absolutely no protectible written expression, only
11 facts, meets the constitutional minimum for copyright protection if it features an
12 original selection or arrangement").  See Mattel's Objection to Defendants'
13 Proposed Instruction Re Test for Copyright Infringement, filed concurrently
14 herewith.
15    In addition, the terms "the sculpt" and "the drawing" in the singular are
16 ambiguous and misleading as to which specific works they refer.  Defendants' works
17 may be infringing if they infringe any or all of Mattel's copyrighted works,
18 including sculpts and drawings.
19    The relevant legal standards and how to apply them belong in the jury
20 instructions.  It is not necessary to try to restate them in a special verdict form, and
21 trying to do so in summary fashion results in misstatement, incomplete statement,
22 or improper emphasis or portions of the applicable legal standards.
23    It would confuse and mislead the jury to go through each infringing work
24 one by one in the verdict form and then make a determination on damages as to
25 each infringing work.  Mattel is also entitled to indirect profits derived from non-
26 infringing works.  See Mattel's Fourth Amended Proposed Jury Instructions (Dkt.
27 No. 9683) at 185-86.
28

Questions 11 through 16 wrongly suggest that Mr. Larian and MGA Hong Kong may be found liable only for contributory or vicarious infringement and that MGA may be found liable only for direct infringement. There is no need, in any case, to separate out theories of infringement liability when a general verdict – liable or not – will fully suffice.

## UNFAIR COMPETITION

*The following objections pertain to Section VIII of the special verdict form – page 10*

This entire section is improper because statutory unfair competition is an equitable claim that should be tried to the Court, not the jury. See Hodge v. Superior Court, 145 Cal. App. 4th 278, 284-85 (2006) (no right to jury trial for Section 17200 cause of action).

The questions are confusing and misleading because they imply MGA need only prove that Mattel engaged in unfair, illegal, or fraudulent conduct "toward" MGA in order to prevail and obtain restitution on its unfair competition claim. As shown at length previously, that is not the correct standard. See, e.g., Mattel's Motion for Partial Summary Judgment (Dkt. No. 8927) at 34-43; Mattel's Reply In Support of Motion for Partial Summary Judgment (Dkt. No. 9173) at 24-27.

Question 2 is inconsistent with the form's other damage questions because it instructs the jury to award restitution that "will fairly compensate" MGA, whereas the MGA Parties' damage questions on Mattel's claims use the phrase "sufficient to compensate" with no mention of "fairness." This question also does not reflect the limited remedies available under the UCL. See, e.g., Mattel's Motion for Partial Summary Judgment (Dkt. No. 8927) at 34-43; Mattel's Reply In Support of Motion for Partial Summary Judgment (Dkt. No. 9173) at 24-27.

**OBJECTIONS TO GUSTAVO MACHADO'S SPECIAL VERDICT FORM**

*Mattel objects to Machado's special verdict form as follows:*

Machado's proposed special verdict form would require the jury to answer an undefined number of questions – each with five subparts.  Like the MGA Parties' form, the Machado form includes blanks that make it difficult to determine its full scope, and Mattel reserves the right to interpose additional objections beyond this and those set for the below.

Machado's proposed verdict form asks the jury to "find for" Gustavo Machado, Mattel, Inc. or Mattel de Mexico.  The phrase "find for" may be confusing to jurors, in that "find for Gustavo Machado" may be interpreted as suggesting that Machado has a claim against Mattel.  He does not.  By contrast, Mattel's proposed verdict form is clear:  "Is Carlos Gustavo Machado Gomez liable to [Mattel/Mattel Mexico] for misappropriation of trade secrets?"  See Mattel's Proposed Verdict Form (Dkt. No. 9619) at 11 & 25.

Machado's proposed verdict form asks whether a particular trial exhibit was "owned" by Machado, Mattel, Inc. or Mattel de Mexico.  Mattel's theft of trade secret claims do not require proof of ownership, only proper lawful possession. See supra at 6-7.

Machado's proposed verdict form asks the jury to answer questions pertaining to the issue of personal jurisdiction.  These questions are moot because Machado stipulated to personal jurisdiction and the Court entered an order thereon. See Stipulation to Set Aside Default Against Carlos Gustavo Machado Gomez and Time to Answer or Move; And Order Thereon (Dkt. No. 692) ("Machado was properly served with the Summons and Counterclaims and shall not contest such service or personal jurisdiction in this action.").

Machado's proposed verdict form asks the jury to find that Machado was "unjustly enriched in the amount of $_____ because of his disclosure or use of Exhibit_____."  This misstates the measure of damages.  Mattel seeks not only

-11-
MATTEL'S OBJECTIONS TO DEFENDANTS' PROPOSED VERDICT FORMS

1  unjust enrichment, but also a reasonable royalty.  See Corrected Wagner Report at
2  § IV(G)(1).  Machado's question improperly limits liability to use or disclosure of
3  Mattel's trade secrets; liability may also attach for Machado's improper acquisition
4  of Mattel's trade secrets.  Cal. Civ. Code § 3426.1.  Mattel's form properly
5  encompasses all damages available for misappropriation based on use, disclosure,
6  or acquisition.  See Mattel's Proposed Verdict Form (Dkt. No. 9619) at 16 & 26;
7  see also Cal. Civ. Code §§ 3426.1, 3426.3.

8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

505.07975/3917782.9

-12-
MATTEL'S OBJECTIONS TO DEFENDANTS' PROPOSED VERDICT FORMS