ANNETTE L. HURST (State Bar No. 148738)
ahurst@orrick.com
WARRINGTON S. PARKER III (State Bar No. 148003)
wparker@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105
Tel: 415-773-5700/Fax: 415-773-5759

WILLIAM A. MOLINSKI (State Bar No. 145186)
wmolinski@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA 90017
Tel: 213-629-2020/Fax: 213-612-2499

THOMAS S. MCCONVILLE (State Bar No. 155905)
tmcconville@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
4 Park Plaza, Suite 1600
Irvine, CA 92614-2258
Tel: (949) 567-6700/Fax: (949) 567-6710

Attorneys for MGA Parties

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | Case No. CV 04-9049 DOC (RNBx)<br><br>**MGA PARTIES' OPPOSITION TO MATTEL INC.'S BRIEF RE MGA'S CONTACT WITH REPRESENTED THIRD-PARTY ANNA RHEE**<br><br>Trial Date: January 11, 2011<br>Judge: Hon. David O. Carter |

Mattel argues that it should be allowed to introduce a purported conversation between a MGA employee and Anna Rhee that occurred in December 2010. Why? Because MGA elicited testimony from Anna Rhee concerning her state of mind and her reasons for asking for an attorney almost *six years ago*, prior to her deposition in February 3, 2005. (The same attorney that represents Rhee now represented her back then). By making that inquiry about Rhee's state of mind and reasons six years ago, MGA could not have opened the door to what took place in December 2010.

Indeed, Mattel's argument makes the point as to why this testimony should not be allowed. Mattel's "opening the door" argument shows just how Mattel intends to use the evidence—to prejudice and confuse the jury. As Mattel does in its papers, Mattel will take Rhee's testimony about her reasons for seeking a lawyer in 2005 and lay that over what Mattel says happened in 2010.

Finally, the fact is that the testimony offered is hearsay over hearsay. It is also offered, as this Court saw, by two witnesses from whom it is virtually impossible to determine what words were exactly spoken. And from the MGA employee, it is virtually impossible to determine what he was asked to say to Rhee—if asked to say anything at all.

In the end, the testimony is extremely prejudicial. MGA did not open any door by asking Rhee why she decided to obtain a lawyer back in 2005. And the testimony is so uncertain as to what was precisely said or directed to be said that the evidence is just simply unreliable.

Dated:   January 29, 2010          ORRICK, HERRINGTON & SUTCLIFFE, LLP


                                   By: */s/ Warrington S. Parker III*
                                        Warrington S. Parker III
                                        Attorneys for MGA Parties