QUINN EMANUEL URQUHART & SULLIVAN, LLP
  John B. Quinn (Bar No. 090378)
  (johnquinn@quinnemanuel.com)
  William C. Price (Bar. No. 108542)
  (williamprice@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:   (213) 443-3000
Facsimile:   (213) 443-3100

Attorneys for Mattel, Inc. and
Mattel de Mexico, S.A. de C.V.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation, and Mattel de Mexico, S.A. de C.V., <br><br> Plaintiff, <br><br> vs. <br><br> MGA ENTERTAINMENT, INC., a California corporation, et al., <br><br> Defendant. <br><br> AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 DOC (RNBx) <br> Consolidated with <br> Case No. CV 04-09059 <br> Case No. CV 05-02727 <br><br> Hon. David O. Carter <br><br> **MATTEL, INC.'S OFFER OF PROOF RE: TESTIMONY AND EVIDENCE OF JANUARY 26, 27 AND 28, 2011** |

Mattel, Inc. and Mattel de Mexico, S.A. de C.V. (collectively, "Mattel"), hereby respectfully submit this offer of proof relating to certain evidence excluded by the Court's evidentiary rulings at trial on January 26, 27, and 28, 2011.

<u>Offer of Proof with Regard to the Testimony of Paula Garcia and Nana Ashong</u>. During MGA's examination of Paula Garcia, MGA elicited extensive testimony concerning MGA's development and promotion of Bratz. This included information concerning various additional Bratz dolls and products beyond the first generation; Bratz doll themes, improvements, brand extensions and slogans (e.g., "The girls with a passion for fashion"); and other alleged contributions which MGA made to the Bratz line and brand. She also testified that MGA's creativity was responsible for the success of Bratz. Her testimony to this effect repeated a theme that MGA set out in its opening. Tr. Trans. 1/18/11 at Vol. 2, 64:3-64:19 (MGA Opening). Ms. Garcia's testimony was ostensibly introduced to establish MGA's own creative capabilities and investment in the product and to bolster MGA's contention that Ms. Garcia would have developed a fashion doll like Bratz without Carter Bryant's designs and other work product.

On re-cross examination, Mattel sought to elicit testimony and exhibits establishing that many of these same measures and contributions (including, for example, the doll themes and the specific referenced slogan) actually originated with Mattel in order to impeach Ms. Garcia's testimony and rebut MGA's now repeated claims that MGA's creativity, efforts and investment were responsible for the success of Bratz.

Similarly, on the direct examination of Nana Ashong, Mattel sought to elicit testimony and offer exhibits establishing that as routine practice MGA referred to Mattel products for ideas and guidance in developing Bratz dolls and that in fact many of the creative contributions to Bratz claimed by MGA actually originated with Mattel.

Mattel would have elicited testimony to the foregoing effect from both Garcia and Ashong.  In addition, Mattel would, through these witnesses, have offered the following exhibits and questioned the witnesses about them: Trial Exhibit 1320, Trial Exhibit 1321, Trial Exhibit 1323, Trial Exhibit 4512, Trial Exhibit 4905, Trial Exhibit 4906, Trial Exhibit 4907, Trial Exhibit 4909, Trial Exhibit 4910, Trial Exhibit 4541KM, Trial Exhibit 11179, and Trial Exhibit 11220.  Mattel would offer evidence that a Mattel product developed prior to Bratz used the tag line "a passion for fashion."

The Court denied Mattel the opportunity to introduce this evidence or at least deferred its introduction until later in the trial.

For clarity of the record, Mattel makes this offer of proof on these subjects. Such evidence is relevant both to rebut MGA's claims that these matters are proof of MGA's creative capabilities and its investment in the Bratz product.  This is true whether or not MGA's conduct, including the referencing or copying of Mattel's prior themes and other elements of Mattel products, is wrongful.  It is also probative of Mattel's Bratz trade secrets claim based on MGA's misappropriation of Bratz. See Order Granting Motion to Confirm, Dkt. No. 8705 at 3 (granting Mattel's motion to confirm its Bratz trade secret claim and noting that "Mattel has identified as a trade secret '[a]ll information relating to any ideas, designs, conceptions, or names for Bratz'").  Finally, this evidence is offered to rebut MGA's defense to Mattel's trade secret claim that MGA would have developed Bratz even without access to Mattel's information.

Offer of Proof with Regard to the Testimony of Carter Bryant.  During the examination of Carter Bryant Mattel sought to elicit testimony from Bryant that all Bratz dolls after the first generation are substantially the same and consist of the same sculpt.  The evidence Mattel seeks to offer includes Bryant's testimony that subsequent Bratz characters are "similar" in appearance to the original designs he

created at Mattel. Bryant Depo., Vol. 5 at 964:20-965:18; also Trial Exhibit 5-43 ("Meet the Bratz!").

The Court denied Mattel's efforts to elicit this testimony or deferred it until later in the case. These matters, however, are directly relevant to Mattel's Bratz trade secret claim based on MGA's misappropriation of Bratz. They are independently relevant to Mattel's copyright claim based on Bratz sculpts that were created while Bryant was a Mattel employee, or that were otherwise derived from sculpt designs owned by Mattel, since such sculpts were used with almost all generations of Bratz dolls. They also are relevant to Mattel's copyright claims in Bryant-created artwork owned by Mattel, since such artwork was used for packaging artwork and in other promotional materials subsequent to the first wave of Bratz dolls. The evidence is further independently relevant to Mattel's claims to indirect profits under copyright as well as to Mattel's lost profits claim on its Bratz trade secret claims.

DATED: January 30, 2011

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By /s/ John B. Quinn
John B. Quinn
Attorneys for Mattel, Inc., and
Mattel de Mexico, S.A. de C.V.