QUINN EMANUEL URQUHART & SULLIVAN, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  William C. Price (Bar No. 108542)
  (williamprice@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc., and Mattel
de Mexico, S.A. de C.V.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation, and Mattel de Mexico, S.A. de C.V., <br><br> Plaintiff, <br><br> vs. <br><br> MGA ENTERTAINMENT, INC., a California corporation, <br><br> Defendant. <br><br> AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 DOC (RNBx) <br> Consolidated with <br> Case Nos. CV 04-09059 and CV 05-02727 <br><br> MATTEL, INC.'S REPLY IN SUPPORT OF BRIEF REGARDING EVIDENCE OF MGA'S CONTACT WITH REPRESENTED THIRD-PARTY ANNA RHEE <br><br> Date: TBD <br> Time: TBD <br> Place: Courtroom 9D <br><br> Trial Date: January 11, 2011 |

## Argument

MGA's opposition does not address or dispute the relevance of MGA's attempt to influence Ms. Rhee's testimony by telling her shortly before trial that she was going to be sued by Mattel and that MGA "knows you lied last time." The evidence is relevant to MGA's and Mr. Larian's knowledge and intent, and also as to Ms. Rhee's credibility as a witness, as discussed in Mattel's brief.

MGA also opened the door. MGA did not merely ask whether Mattel had offered Ms. Rhee a lawyer in 2005, as the opposition argues (Opp. at 1:3-5), but questioned her about whether she still had that lawyer today, and whether she had been given appropriate decision-making authority over the lawyer who represented her at this trial. See Trial Tr., dated January 27, 2011, Vol. 3, at 31:14-24 ("Q: And that lawyer is still with you today? A: Yes."); Trial Tr., dated January 27, 2011, Vol. 1, at 108:5-10. MGA's decision to elicit misleading testimony suggesting Ms. Rhee is *currently* afraid that Mattel might sue her, and suggesting she is represented by counsel that Mattel foisted upon her, opened the door to MGA's 2010 offer of a lawyer, as well as to Ms. Rhee's testimony (offered outside the jury's presence) that in fact, Mattel has never made any threats of suing her.

Nor is the proffered evidence "hearsay over hearsay" (Opp. at 1). Indeed, it is not hearsay at all; the statements are not offered for their truth and they are also statements of a party-opponent. Far from being "unclear," the facts testified to by Ms. Rhee were confirmed by the testimony of Mr. Phoosopha (himself an MGA employee). The statements of Mssrs. Larian and Phoosopha are not offered for their truth. Indeed, the statement that Mattel intends to sue Ms. Rhee is false. Rather, Mr. Larian's instructions to Mr. Phoosopha show Mr. Larian's and MGA's knowledge, intent, and state of mind. Mr. Phoosopha's statements to Ms. Rhee, in turn, are offered not for their truth but to show their impact on Ms. Rhee and the intent and state of mind of both Ms. Rhee and MGA.

Case 2:04-cv-09049-DOC-RNB   Document 9742   Filed 01/30/11   Page 3 of 3   Page ID
#:292748

Mr. Larian's instructions to Mr. Phoosopha are an admission by a party-opponent. See Fed. R. Evid. 801(d)(2)(A) (admission of a party-opponent is not hearsay); United States v. Chong, 98 F. Supp. 2d 1110, 1122 (D. Haw. 1999) (admitting report detailing an attempt to threaten a witness in part because "there is no double hearsay problem because the threat constitutes an admission of a party opponent"); see also United States v. Gibson, 409 F.3d 325, 336-37 (6th Cir. 2005) (upholding district court's admission of testimony over "double hearsay" objection because at each level, the "statements were those of party-opponents and were therefore admissible"). Mr. Phoosopha likewise is an MGA employee and was acting as an agent of Larian and MGA at their express instruction in making his statements to Ms. Rhee. Fed. R. Evid. 801(d)(2)(D). Thus, Mr. Phoosopha's statements are also admissions of a party-opponent. The hearsay rule is wholly inapplicable.

## Conclusion

For the foregoing reasons, Mattel respectfully requests that the Court admit the evidence of MGA's contact with Ms. Rhee regarding her trial testimony.

DATED: January 30, 2011      QUINN EMANUEL URQUHART &
                             SULLIVAN, LLP


                             By /s/ *John B. Quinn*
                                John B. Quinn
                                Attorneys for Mattel, Inc.

00505.07975/3942011.1

-2-
MATTEL'S REPLY ISO BRIEF REGARDING EVIDENCE OF MGA'S CONTACT WITH ANNA RHEE