UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



FILED

JAN 28 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MATTEL, INC., a Delaware corporation,<br><br>    Defendant-counter-claimant - Appellee,<br><br>v.<br><br>MGA ENTERTAINMENT, INC.; et al.,<br><br>    Counter-defendants - Appellants.<br><br>———<br><br>CARTER BRYANT, an individual,<br><br>    Plaintiff-counter-defendant,<br><br>CARLOS GUSTAVO MACHADO GOMEZ, an individual,<br><br>    Counter-defendant. | No. 10-57048<br><br>D.C. No. 2:04-cv-09049-DOC-RNB<br>U.S. District Court for Central California, Los Angeles<br><br>**MANDATE**<br><br>RECEIVED<br>CLERK, U.S. DISTRICT COURT<br><br>JAN 2 8 2011<br><br>CENTRAL DISTRICT OF CALIFORNIA<br>BY _____ DEPUTY |

The judgment of this Court, entered January 06, 2011, takes effect this date.

This constitutes the formal mandate of this Court issued pursuant to Rule 41(a) of the Federal Rules of Appellate Procedure.

FOR THE COURT:

Molly C. Dwyer
Clerk of Court
/s/
Theresa Benitez
Deputy Clerk

**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

FILED

JAN 06 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MATTEL, INC., a Delaware corporation,<br><br>    Defendant-counter-claimant - Appellee,<br><br>    v.<br><br>MGA ENTERTAINMENT, INC.; MGA ENTERTAINMENT (HK) LIMITED, a Hong Kong Special Administrative Region business entity; MGAE DE MEXICO, S.R.L. DE C.V., a Mexico business entity; ISAAC LARIAN, an individual,<br><br>    Counter-defendants - Appellants.<br><br>CARTER BRYANT, an individual,<br><br>    Plaintiff-counter-defendant,<br><br>CARLOS GUSTAVO MACHADO GOMEZ, an individual,<br><br>    Counter-defendant. | No. 10-57048<br><br>D.C. No. 2:04-cv-09049-DOC-RNB<br><br>MEMORANDUM* |

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

page 2

| | |
|---|---|
| MGA ENTERTAINMENT, INC.; MGA ENTERTAINMENT (HK) LIMITED, a Hong Kong Special Administrative Region business entity; MGAE DE MEXICO, S.R.L. DE C.V., a Mexico business entity; ISAAC LARIAN, an individual,<br><br>Plaintiffs - Petitioners,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant - Respondent. | No. 10-80235<br><br>D.C. No. 2:04-cv-09049-DOC-RNB |

Before: **KOZINSKI**, Chief Judge, **TROTT** and **WARDLAW**, Circuit Judges.

**1.** We lack jurisdiction to consider MGA's interlocutory appeal of the district court's disqualification order. See 28 U.S.C. § 1292(b); Couch v. Telescope Inc., 611 F.3d 629, 633 (9th Cir. 2010); Cole v. U.S. Dist. Ct., 366 F.3d 813, 817–18 n.4 (9th Cir. 2004). Nor do we have jurisdiction under the collateral order doctrine. See Richardson-Merrell, Inc. v. Koller, 472 U.S. 424, 440 (1985).

**2.** We deny MGA's petition for a writ of mandamus. See Plata v. Schwarzenegger, 560 F.3d 976, 983 (9th Cir. 2009) (listing factors to consider).

Case 2:04-cv-09049-DOC-RNB Document 9747 Filed 01/28/11 Page 5 of 7 Page ID #:292760

page 3

Most importantly here, the district court's disqualification order was not "clearly erroneous as a matter of law." Id. Timesheets show that Ms. Basinger previously represented Mattel in this case, and her supervising attorney declared under penalty of perjury that he shared trial strategies and other confidential information with her. Ms. Basinger says she can't remember working on the case, but doesn't dispute the evidence to the contrary. In these circumstances, disqualification may indeed have been mandatory under California law. Here's how the Second District Court of Appeal recently put it in Kirk v. First American Title Insurance Co.:

> [V]icarious disqualification should be automatic in cases of a tainted attorney possessing actual confidential information from a representation, who switches sides in the same case . . . . [W]hen a tainted attorney moves from one private law firm to another, the law gives rise to a rebuttable presumption of imputed knowledge to the law firm, which may be rebutted by evidence of effective ethical screening. However, if the tainted attorney was actually involved in the representation of the first client, and switches sides in the same case, no amount of screening will be sufficient, and the presumption of imputed knowledge is conclusive.

108 Cal. Rptr. 3d 620, 637, 649 (Cal. Ct. App. 2010) (Croskey, J.).

This squares with Henriksen v. Great American Savings & Loan, 11 Cal. App. 4th 109 (Cal. Ct. App. 1992). There the Court of Appeal addressed "whether a law firm may continue to represent a client where during the pendency of

page 4

litigation it hires an associate who formerly represented the adverse party in the same proceeding." Id. at 111. It held that "the associate's disqualification results in the vicarious disqualification of the entire law firm . . . . even if the law firm takes measures to insulate the new associate from any involvement in the current litigation." Id. The court summarized the rule it found "to be quite clear cut in California: where an attorney is disqualified because he formerly represented and therefore possesses confidential information regarding the adverse party in the current litigation, vicarious disqualification of the entire firm is compelled as a matter of law." Id. at 117.

What is left unclear is whether the absolute vicarious disqualification rule applies even where the representation of the first client was brief and fairly minor, and the lawyer who switches firms is insulated from the litigation team working for the second client by an ethical wall—as in our case. See Kirk, 108 Cal. Rptr. 3d at 637 n.20. Given the uncertainty as to the status of California law on this subject, the district court wouldn't have been clearly erroneous, whichever course it adopted on the disqualification motion.

Nor do we see any clear abuse of discretion in the court's denial of a continuance on the eve of trial. See Danjaq LLC v. Sony Corp., 263 F.3d 942, 961

page 5

(9th Cir. 2001). None of the circumstances in this case persuade us that mandamus relief is appropriate. See Plata, 560 F.3d at 983.

**3.** MGA's motion to stay the trial is denied as moot.

**Appeal DISMISSED. Petition for writ of mandamus DENIED.**