QUINN EMANUEL URQUHART & SULLIVAN, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  William C. Price (Bar No. 108542)
  williamprice@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  michaelzeller@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:  (213) 443-3000
Facsimile:   (213) 443-3100

Attorneys for Mattel, Inc. and Mattel de Mexico, S.A. de C.V.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation, and Mattel de Mexico, S.A. de C.V., a Mexico business entity,<br><br>Plaintiff,<br><br>vs.<br><br>MGA ENTERTAINMENT, INC., a California corporation, et al.,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 DOC (RNBx)<br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>Hon. David O. Carter<br><br>**MATTEL, INC.'S NOTICE OF MOTION AND MOTION TO COMPEL IMMEDIATE PRODUCTION OF METADATA FOR ALL ITERATIONS OF THE EMAIL CONTAINED IN TRIAL EXHIBIT 22345**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:   TBD<br>Time:   TBD<br>Place:  Courtroom 9D<br><br>Trial Date:  January 11, 2011 |

1  TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2      PLEASE TAKE NOTICE that on a date and time to be determined by the Court, in the courtroom of the Honorable David O. Carter, located at 411 West Fourth Street, Santa Ana, California, 92701, Mattel, Inc. and Mattel de Mexico, S.A. de C.V. (collectively, "Mattel") will, and hereby do, move the Court, pursuant to <u>Federal Rules of Civil Procedure Rules</u> 26 and 37 to compel (a) the immediate production of metadata, exclusive of the communications, contained in Trial Exhibit 22345, an Isaac Larian e-mail message dated January 19, 2008, and all versions, instances, and iterations thereof, whether sent, unsent, or received; and (b) the immediate production to the Court for *in camera* review and to ILS, the Court-appointed experts, of Trial Exhibit 22345 in original native format and all versions, instances and iterations thereof, whether sent, unsent, or received, for the purpose of allowing ILS to determine whether such native files of all versions of Trial Exhibit 22345 are genuine and authentic.

    This Motion is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, all other pleadings and papers on file in this action, any matters subject to judicial notice, and such further evidence or argument as may be presented at or before the hearing on this motion.

### **Statement of Compliance**

    Mattel requested production of this data from the MGA Parties on January 31, 2011, but the MGA Parties failed to respond.

DATED: February 1, 2011    QUINN EMANUEL URQUHART & SULLIVAN, LLP

By /s/ Michael T. Zeller
    Michael T. Zeller

**MEMORANDUM OF POINTS AND AUTHORITIES**

<u>Argument</u>

**I.     METADATA FOR TRIAL EXHIBIT 22345 IS NOT PRIVILEGED AND SHOULD BE PRODUCED TO MATTEL**

MGA, for the first time in papers filed yesterday, claims it has proof that Larian's e-mail note to himself, "Make sure Paula is preped [sic] and doesn't know that Veronica was using Mattel Seamsters," Trial Exhibit 22345, was a "draft" of an email sent to MGA's counsel.  Mattel asked MGA to provide the metadata associated with the various versions of the e-mail to test that assertion.  MGA has refused to provide it, even though it specifically agreed in 2007 to produce such information on request.  <u>See</u> March 29, 2007 Letter Agreement regarding production of native files and metadata.

Metadata is "information about an electronic file, such as the date it was created, its author, when and by whom it was edited, what edits were made and, in the case of e-mail, the history of its transmission."  Barbara J. Rothstein et al., <u>Managing Discovery of Electronic Information</u> at 3 (Fed. Jud. Ctr. 2007).  Metadata is particularly relevant where, as here, MGA has put the authenticity of these emails at issue.  <u>See</u> MGA Parties' Opposition to Mattel Inc.'s Response to MGA's Assertion of Privilege as to MGA2 3121569 at 2-3; <u>Aguilar v. Immigration and Customs Enforcement Div.</u>, 255 F.R.D. 350, 354 (S.D.N.Y. 2008) ("System metadata is relevant, however, if the authenticity of a document is questioned or if establishing 'who received what information and when' is important to the claims or defenses of a party." (quoting <u>Hagenbuch v. 3B6 Sistemi Electronici Industriali S.R.L.</u>, 2006 WL 665005, at *3 (N.D. Ill. Mar. 8, 2006)).  This metadata, if accurate and untampered with, should establish definitively when the e-mails were created, to whom they were sent (if anyone) and when.  For example, metadata may would be able to confirm whether or not Mr. Larian sent and Mr. Holden received the purported e-mail message.  A review of the metadata may resolve questions that

even a cursory inspection of the document raise given the email's unusual spacing and alignment, and given the oddity that a "sent" time is recorded for an apparently unsent email message.

MGA refuses to produce metadata for these emails because it claims the contents of the emails are privileged. Respecting MGA's assertion of privilege, Mattel requested the metadata with any claimed privileged communication redacted. MGA refused. Any non-communicative metadata is not privileged. Indeed, MGA agreed in 2007 to produce metadata upon request, showing it knows it is not privileged. See March 29, 2007 Letter Agreement. The metadata Mattel seeks consists of information like that which must be disclosed on a privilege log: author, time of creation, recipients (if any), date of transmission, record of transmission and the like. Information necessary to justify the privilege is not itself privileged, either as a communication or as attorney work product. See Fed. R. Civ. Proc. 26(b)(5)(A)(ii); B.F.G. of Illinois, Inc. v. Ameritech Corp., 2001 WL 1414468, at *4 (N.D. Ill. Nov. 13, 2001) ("[T]he facts necessary to establish the attorney-client privilege are not themselves privileged."); AMCO Ins. Co. v. Madera Quality Nut LLC, 2006 WL 931437, at *18 (E.D. Cal. Apr. 11, 2006) ("it is only the communications that are subject to attorney-client privilege, and not the foundational facts concerning the communication, or the underlying, independent facts"). Mattel respectfully requests that the Court order MGA produce forthwith the requested metadata for each iteration of TX 22345, consistent with MGA's prior agreement.

## II. MATTEL RESPECTFULLY REQUESTS THAT ALL VERSIONS OF THE EMAIL BE DELIVERED TO ILS FOR EXAMINATION

Independently, the Court can address Mattel's concerns regarding the claim of privilege by ordering MGA to produce the original native files *in camera* for the Court's inspection, and order MGA to produce the original native files to ILS, the Court-appointed forensic experts, for inspection to determine the authenticity,

1  genuineness and legitimacy of the email at issue, TX 22345, and any and all iterations
2  thereof.

### Conclusion

For the foregoing reasons, Mattel respectfully requests that the Court order the immediate production of the requested metadata and order an inspection by ILS to determine the authenticity of all versions of Trial Exhibit 22345.

DATED: February 1, 2011         QUINN EMANUEL URQUHART & SULLIVAN, LLP

By *[signature]*
   Michael T. Zeller
   Attorneys for Mattel, Inc. and Mattel de Mexico, S.A. de C.V.