UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No. CV 04-9049 DOC (RNBx)            Date: February 1, 2011

Title: MATTEL, INC. v. MGA ENTERTAINMENT, INC.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Kathy Peterson | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFFS: ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT            NONE PRESENT

PROCEEDING (IN CHAMBERS): ORDER GRANTING MGA's MOTION IN LIMINE NUMBER 38

    A.    Background

        MGA seeks to exclude the expert opinion of Mattel witness Frank Keiser. Keiser prepared a three-dimensional scan of the original sculpt allegedly created by Bryant. Keiser also prepared three-dimensional scans of so-called "production sculpts" that MGA used as templates for, or incorporated into, the vast majority of the "Bratz" dolls released to market. Using an imaging program, Keiser overlayed the scans of the "production sculpts" on to the scan of the Bryant sculpt, and measured the variations between the sculpts, using a coded color scheme to identify portions of the sculpts that are identical and portions of the sculpts that are different. Keiser's program shows only minor differences between the sculpts. Mattel accordingly argues that Keiser's opinion and graphical presentation are probative of whether the Bratz production sculpts are virtually identical overall to Bryant's sculpt.

    B.    Discussion

        Keiser's opinion and graphical presentation will cause undue confusion to the fact-finder and result in substantial prejudice to MGA. See Fed. R. Evid. 403. He conceded during his cross-examination that his graphical comparison was based upon a distortion of the relative sizes of the two sculpts, and was affected by the program's inability to consistently highlight the absence of similarities

between the sculpts otherwise obvious to the naked eye.  This sort of error is particularly prejudicial, since the exacting "virtual identity overall" standard governs Mattel's claim that the MGA production sculpt infringes Bryant's preliminary sculpt.  *Mattel, Inc. v. MGA Entmn't, Inc.*, 616 F.3d 904, 913 (9th Cir. 2010).  Keiser's technology is not just flawed (by his own admission), but has negative value to the jury's application of the virtual identity standard.

Mattel argues that MGA can expose these weaknesses in Keiser's opinion during cross-examination.  However, Keiser's purported computer rendering, his supposed expertise in the field, and the user friendly nature of his technology will likely induce the jury to give undue weight to his depictions when the actual sculpts should control.  *See U.S. ex rel. Miller v. Bill Harbert Intern. Const., Inc.*, 608 F.3d 871, 895 (D.C. Cir. 2010) ("As Daubert explained, Rule 403 exclusion based on unfair prejudice is particularly important in the case of expert evidence, which can be both powerful and quite misleading because of the difficulty in evaluating it.") (internal quotations omitted); *In re Hanford* Nucle*ar* Reservation Litig*ation, 534 F.3d 986 (9th Cir. 1998) ("The district court has discretion* to exclude evidence when its probative value is substantially outweighed by the danger of misleading the jury or confusing the issues. This is especially true with respect to expert witnesses.") (internal citations omitted).

Keiser has admitted that his expert opinion and computerized depiction is defective on its principal purpose: identifying similarities between Bryant's sculpt MGA's production sculpts in order to aid the fact-finder's determinations as to virtual identity.  More importantly, his opinion is unnecessary, because the jury will already be able to compare the physical sculpts and judge for themselves the existence of similarities between the works.  The court performed this task without the benefit of Keiser's technology in adjudicating the parties' motions for summary judgment.  Mattel can identify no compelling reason why the fact-finder cannot do the same.  MGA's motion is therefore granted.

The Clerk shall serve this minute order on all parties to the action.