UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES - GENERAL

Case No.   CV 04-9049 DOC (RNBx)                                      Date   January 24, 2011

Title   MATTEL INC. -V- MGA ENTERTAINMENT INC., ET AL

Present: The Honorable   David O. Carter, U.S. District Judge

| Julie Barrera | Jane Sutton | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Michael Quinn | Annette Hurst |
| Michael Zeller | Thomas McConville |

Proceedings:   STATUS CONFERENCE

     Cause called.  The following proceedings are closed and transcripts are sealed by order of the Court.  The Court and counsel confer regarding shadow jurors.  The Court discusses Rule 106 and Rule 32(a)(6) as follows:

  Rule 106 of the Federal Rules of Evidence and Rule 32(a)(6) of the Federal Rules of Civil Procedure codify the common law rule of completeness.  Rule 32(a)(6) is specific to depositional testimony and provides that: "If a party offers in evidence only part of a deposition, an adverse party may require the offeror to introduce other parts that in fairness should be considered with the part introduced, and any party may itself introduce any other parts."  Rule 106 vindicates an identical principle as to all evidence admitted over the course of a trial: "When a writing or recorded statement or part thereof is introduced by a party, an adverse party may require the introduction at that time of any other part or any other writing or recorded statement which ought in fairness to be considered contemporaneously with it."  It is immaterial that the party that demands the introduction of "other parts" of a deposition can introduce such materials in its own case in chief or during cross examination.  *See* Advisory Committee Note to Rule 106 ("The rule does not in any way circumscribe the right of the adversary to develop the matter on cross-examination or as part of his own case.").

The district court's decision as to whether "other parts" of a deposition must be considered with the part introduced is reviewed for abuse of discretion.  *See Nanakuli Paving and Rock Co. v. Shell Oil Co., Inc.*, 664 F.2d 772, 783 n. 15 (9th Cir. 1981).

In exercising this discretion, the court may ensure that the rule of completeness does not interfere with the efficient administration of the trial.  For instance, the district court is not "obligated to go through the entire deposition of a witness who had testified at the trial to determine if there are conflicts in the deposition testimony or if the deposition contradicts the courtroom testimony of the witness."  *Paul*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES - GENERAL

*Arpin Van Lines, Inc. v. Universal Transp. Servs.*, 988 F.2d 288, 294 (1st Cir. 1993). "[T]hat is the work of the lawyers." *Id.* However, it would almost certainly constitute an abuse of discretion to *per se* restrict a litigant (or all litigants) from availing itself of Rules 106 and 32(a)(6).

In light of the volume of depositional testimony rendered in this lawsuit, it is not likely that an adverse party can immediately identify every "other part" of a deposition that in fairness should be considered with the part introduced by a party at trial. A sensible approach requires the party seeking to avail itself of Rules 106 and/or 32(a)(6) to so inform the Court at the time the depositional testimony is first introduced and, within a reasonable period of time thereafter, identify the "other parts" of the deposition that "in fairness should be considered with the part introduced."

|  | : | 41 |
|---|---|---|

Initials of Preparer    jcb