UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No. CV 04-9049 DOC (RNBx)                                          Date: February 3, 2011

Title: MATTEL, INC. v. MGA ENTERTAINMENT, INC.

---

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Kathy Peterson | Not Present |
|:---:|:---:|
| Courtroom Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFFS: ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT                                                                       NONE PRESENT

---

PROCEEDING (IN CHAMBERS): FURTHER ORDER REGARDING MATTEL'S MOTION FOR RECONSIDERATION; REGARDING MATTEL'S BRIEF REGARDING THE ADMISSIBILITY OF TRIAL EXHIBIT 13380

      Mattel's motion for reconsideration of the order granting MGA's seventh motion in limine is denied to the extent it concerns evidence about Farhad Larian's alleged destruction of documents. See Local Rule 7-18; see also Fed. R. Evid. 403. In its motion for reconsideration, as well as its separately filed brief regarding the admissibility of Trial Exhibit 13380,[1] Mattel argues that the prejudicial effect of this evidence does not substantially outweigh its probative value. For the reasons that follow, Mattel's motion and separate request concerning TX 13380 are denied.

      Mattel argues that evidence of Farhad's destruction of documents at brother Isaac's direction is relevant to Isaac's "intent, plan, knowledge and lack of mistake with respect to the destruction of the Bratz evidence." But the "destruction of documents" is not an element of any of

---

[1] TX 13380 is an email exchange between Isaac Larian ("Isaac") and Farhad Larian ("Farhad"). In the first email, dated May 24, 2000, Farhad remarks "You have accused me of falsifying documents . . . You instructed me to not provide [certain health insurance termination forms] to Marty and to tell him we could not find the originals." Isaac responds: "Your allegation stated below is false, and self serving, as usual."

Mattel's pending claims.  Even if it were, the email exchange reflected in TX 13380 occurred well before any of the relevant events in this lawsuit, and the exchange has nothing to do with Carter Bryant or the Bratz doll line; it concerns an unrelated litigation.  Farhad's alleged disposal of what Mattel claims is "10-20 boxes" of documents subsequent to an arbitration proceeding in which Farhad claimed that Isaac misled him about the progress of the Bratz brand is likewise irrelevant.  There is nothing in the record to suggest that the boxes of documents that Farhad trashed contained evidence relevant to this litigation.  As the court has elsewhere noted, these proceedings shall not turn into a mini-trial about discovery misconduct but one party or another.  Evidence of Farhad's conduct is irrelevant; even if it were relevant, its prejudicial effect would substantially outweigh its probative value.

   Mattel also argues that Farhad's conduct is relevant to his bias.  Farhad is Isaac's brother and is associated with MGA.  His bias is obvious.  Moreover, the communication reflected in TX 13380 does not establish a fondness between the brothers that shows bias.  To the contrary, in his opening email, Farhad claims he "ignored" Isaac's instruction.

   Mattel likely seeks this evidence for a purpose not mentioned in its brief: reestablishing Farhad's bias after admitting prejudicial evidence about the fact that Farhad sued Isaac.  However, in its order denying without prejudice MGA's first motion in limine, this Court held that *testimony* from the proceeding between the brothers could be used for the purposes of impeachment.  See Fed. R. Evid. 801(d).  It would be unnecessary, and unduly prejudicial, to elicit testimony about the fact that there was a proceeding between Farhad and Isaac.  See Fed. R. Evid. 403.  Indeed, Mattel conceded in its briefing that inconsistent testimony and other statements made during that proceeding can be referenced "without getting sidetracked with the blow-by-blow of the sibling dispute."

   Mattel's motion for reconsideration is denied to the extent it concerns Farhad's conduct, and the court's ruling on the second motion in limine is otherwise unaffected.  MGA's objection to the admission of TX 13380 is sustained.  Moreover, and to perfect the record concerning this Court's ruling on MGA's first motion in limine, Mattel may only admit testimony and statements made during the Larian v. Larian proceeding pursuant to Fed. R. Evid. 801(d).

   The Clerk shall serve this minute order on all parties to the action.