ANNETTE L. HURST (State Bar No. 148738)
ahurst@orrick.com
WARRINGTON S. PARKER III (State Bar No. 148003)
wparker@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building, 405 Howard Street
San Francisco, CA 94105
Tel: (415) 773-5700/ Fax: (415) 773-5759

WILLIAM A. MOLINSKI (State Bar No. 145186)
wmolinski@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA 90017
Tel: (213) 629-2020/Fax: (213) 612-2499

THOMAS S. McCONVILLE (State Bar No. 155905)
tmcconville@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
4 Park Plaza, Suite 1600
Irvine, CA 92614-2258
Tel: (949) 567-6700/Fax: (949) 567-6710

Patricia L. Glaser, State Bar Bo. 056688
Andrew Baum, State Bar No. 190397
GLASER, WEIL, FINK, JACOBS,
 HOWARD & SHAPIRO LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, CA 90067
Telephone: (310) 553-3000
Facsimile: (310) 556-2920

Attorneys for MGA Parties



FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT
DEC 16 2010
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | Case No. CV 04-9049-DOC (RNBx)<br>Consolidated with Nos. CV 04-9059 and CV 05-2727<br><br>Hon. David O. Carter<br><br>**MGA PARTIES'** *FURTHER CORRECTED* **MOTION IN LIMINE NO. 39 RE WORK MADE FOR HIRE THEORY OF OWNERSHIP**<br><br>Date: December 20-22, 2010<br>Time: TBD<br>Dept.: Courtroom 9D<br>Trial Date: January 11, 2011 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

1. **PLEASE TAKE NOTICE** that on December 20, 2010 at a time determined by the Court, in Courtroom 9D of the above-referenced court located at 411 West 4th Street, Santa Ana, California, Defendants MGA Entertainment, Inc., MGA Entertainment (HK) Limited, MGAE de Mexico, S.R.L. de C.V., and Isaac Larian (collectively, the "MGA Parties") will and hereby do move *in limine* to preclude Mattel from pursuing any theory or making any argument that Carter Bryant's drawings were works made-for-hire under the Copyright Act due (1) to Mattel's failure to disclose and/or plead its reliance on such a theory throughout the many years of this litigation, waiting instead until near the close of discovery to do so and; (2) the significant prejudice that would result to MGA if Mattel is allowed to argue a theory that, due to Mattel's untimely disclosure, was not tested by MGA in discovery.

This Motion *in limine* is based upon this Notice of Motion and accompanying Memorandum of Points and Authorities, the Declaration of Andrew Baum filed concurrently under separate cover, the records and files of this court, and any other matter of which the court may take judicial notice.

This Motion is made following the conference of counsel pursuant to Local Rule 7-3, which took place on December 3, 2010.

Dated: December 15, 2010

GLASER, WEIL, FINK, JACOBS,
HOWARD & SHAPIRO LLP

By: _____
Patricia L. Glaser
Andrew Baum
Attorneys for the MGA PARTIES

723561

# TABLE OF CONTENTS

**Page**

ARGUMENT .......... 1

I. MATTEL'S BELATED WORK-MADE-FOR-HIRE THEORY SHOULD BE EXCLUDED IN LIGHT OF MATTEL'S FAILURE TO PLEAD THAT THEORY AND THE SIGNIFICANT PREJUDICE TO MGA OF ITS DISCLOSURE ON THE EVE OF THE DISCOVERY CUTOFF. .......... 1

CONCLUSION .......... 5

# TABLE OF AUTHORITIES

**Page**

## FEDERAL CASES

*Avtec System, Inc. v. Pfeiffer*
  21 F.3d 568 (4th Cir. 2004) .................................................................... 1

*In re Beverly Hills Bancorp.*
  752 F.2d 1334 (9th Cir. 1984) .................................................................. 5

*Community for Creative Non-Violence v. Reid*
  490 U.S. 730 (1989) ................................................................................. 1

*Langman Fabrics v. Graff Californiawear, Inc.*
  160 F.3d 106 (2d Cir. 1998) .................................................................... 1

*Martha Graham Sch. & Dance Foundation, Inc. v. Martha Graham Ctr. of Contemporary Dance, Inc.*
  380 F.3d 624 (2d Cir. 2004) .................................................................... 1

*Twentieth Century Fox Film Corp. v. Entertainment Distributing*
  429 F.3d 869 (9th Cir. 2005) ................................................................... 1

## FEDERAL STATUTES

17 U.S.C. §411 ............................................................................................. 2

# ARGUMENT

## I. MATTEL'S BELATED WORK-MADE-FOR-HIRE THEORY SHOULD BE EXCLUDED IN LIGHT OF MATTEL'S FAILURE TO PLEAD THAT THEORY AND THE SIGNIFICANT PREJUDICE TO MGA OF ITS DISCLOSURE ON THE EVE OF THE DISCOVERY CUTOFF.

Under 17 U.S.C. Sections 101 and 201(b), an employer is considered the statutory author of a work only when it is created within the scope of employment. The applicable test for scope of employment is the three-part test set forth in Restatement Second of Agency Section 228. *See Cmty. for Creative Non-Violence v. Reid*, 490 U.S. 730, 740 (1989) (adopting Restatement test for scope of agency). Under that test, work is done within the scope of employment "only if (a) it is of the kind [the employee] is employed to perform; (b) it occurs substantially within the authorized time and space limits; [and] (c) it is actuated, at least in part, by a purpose to serve the master." RESTATEMENT (SECOND) OF AGENCY §228; *Martha Graham Sch. & Dance Found., Inc. v. Martha Graham Ctr. of Contemporary Dance, Inc.*, 380 F.3d 624, 635-36 (2d Cir. 2004); *Avtec Sys., Inc. v. Pfeiffer*, 21 F.3d 568, 571 (4th Cir. 2004). Thus, whether a work is a work-made-for-hire is a factual question governed by this three-part legal test. *Twentieth Century Fox Film Corp. v. Entertainment Distributing*, 429 F.3d 869, 877 (9th Cir. 2005); *Langman Fabrics v. Graff Californiawear, Inc.*, 160 F.3d 106, 111 (2d Cir. 1998).

Mattel never pled a work-made-for-hire claim. Mattel did not plead work-made-for-hire against Bryant when it sued him in state court on its state law claims. Mattel did not plead that the Bratz drawings were a work-made-for-hire once it was in federal court pursuing Bryant, and then later when it was pursuing MGA and its affiliates through what became the amended counterclaims. In seven separate pleadings from its Bryant Complaint through the [proposed] Fourth Amended Counterclaims, and actual Fourth Amended Counterclaims, Mattel never pled ownership under the doctrine of works made for hire. For years, Mattel never

claimed that Bryant's drawings were works made for hire in any interrogatory response.

Not until nearly the end of discovery in September 2010 after literally hundreds of volumes of deposition had been taken and months after its last pleading amendment, did Mattel assert that Bryant's Bratz drawings were works made for hire. *Compare* Mattel's Supp. Resp. re Ownership of Bratz at 9, dated Sept. 29, 2009 *with* Mattel, Inc.'s Second Supp. Obj. and Resp. to Rog. Nos. 20-23, 28, dated Sept. 10, 2010. Mattel never moved for leave to amend to allege this theory, and the Court has never granted Mattel leave to pursue this theory. Throughout the entire first phase of this case including an appeal, and throughout the entire second phase of the case until September 10, 2010, Mattel relied on the legal and factual theory of transfer by assignment to establish ownership of Bryant's drawings and idea to use the product name Bratz. The words "work made for hire" never appeared anywhere in any Mattel pleading, discovery response or motion.

And, Mattel acted inconsistently with any position that Bryant's Bratz drawings were works-made-for-hire. Mattel sought to establish ownership solely on the basis of the Inventions Agreement throughout the entire phase 1 proceeding. It obtained a summary judgment ruling from Judge Larson on the meaning of that agreement, and then tried the case consistent with that order under the theory of transfer by assignment. At no time did Mattel pursue the theory of work-made-for-hire. No instructions were given to the phase 1 jury on that theory of ownership.

In order to obtain a verdict for copyright infringement, Mattel also had to register its purported copyrights. 17 U.S.C. §411. In obtaining those registrations, Mattel had to answer the question whether the works were works-made-for-hire. The question on the form is not whether Mattel is *claiming* the works as works-made-for-hire, it whether they *are* works-made-for-hire. *See* Baum Decl. Ex. 132 (Exs. 13873, 13874, 13875, 13876, 13877, 13878, 13879, 13880, 13881, 13882, 13883, 13884, 13885, 13886, 13887, 13888). In every instance Mattel answered

this question "no."

Mattel is not entitled, at the eleventh hour, to change its theory of ownership in this case from transfer by assignment to work-made-for-hire. This is an enormous change in position. All of Mattel's design personnel were deposed by MGA without knowledge that a work-made-for-hire claim was in the case. The presence of such a claim would have necessitated a much more searching examination of the structure of Mattel's entire design function and all of Bryant's co-workers in order to ascertain the precise contours of Bryant's work responsibilities. The design people who decided to hire Bryant back in January 1999 as a "Project Designer" in the Barbie Collectibles Group would have been examined about that decision and exactly what he was hired to do. Every assignment ever given Bryant would have been examined. The job responsibilities of every category of worker in Mattel's design function would have been defined and explored. Such a theory would have necessitated a deposition of every Bryant supervisor and many of his co-workers during his second term of employment with Mattel, and the preservation and production of documents by Mattel from all such persons.

Mattel also did not identify Bryant's supervisors and co-workers as witnesses in its Rule 26 disclosures. Mattel did not preserve their evidence. For example, both Ron Longsdorf and Heather Fonseca supervised Bryant during the 1999-2000 period. Neither were identified in Mattel's Rule 26 disclosures. Bryant's boss at the time he left Mattel, Ron Longsdorf, *was never deposed at all* let alone on the issue of whether Bratz was within the scope of Bryant's assignments. *Mattel did not preserve the hard drives of the relevant employees when it filed suit against Bryant.* For example, Mattel did not preserve Longsdorf's computer or produce documents from him. Baum Decl., Ex. 133 (V. Cerrito 30b6 Depo. 20:15-21:7; Ex. 9642).

Mattel was the plaintiff and it was the master of its claims. It obviously

intended to rely solely on the contract at the time it initially filed suit—a tactical decision that was likely part of its years-long effort to avoid copyright preemption that resulted in a trip up and down from the Ninth Circuit before the case even got started. In making that tactical decision, Mattel also chose *not to preserve* all of the evidence related to a work-made-for-hire theory.

It is obviously prejudicial to MGA to be sandbagged with an entirely new theory of ownership, the issue at the very core of the case, three weeks before the close of discovery in a case that has been litigated for six years. Even the interrogatory response that Mattel did serve finally on September 10, 2010 contains no factual explanation of why the Bratz drawings were works-made-for-hire. It contains no explanation of why the three-part Restatement test is met. It offers no identification of facts, documents or witnesses for a work-made-for-hire theory.

On September 10, 2010 when that response was served, MGA had already deposed numerous people who would have been relevant to the theory, was out of depositions, could no longer propound any new written discovery, and had prioritized all of its depositions based on the transfer theory that had been the sole basis of the case for six years. MGA could hardly turn on a dime to litigate an entirely new theory that had never been pled with just three weeks to go in discovery.

Moreover, the presence of such a claim would have dramatically changed the nature of the statute of limitations defense. Bryant was hired with the title "Project Designer" on January 4, 1999 and held that title in the Barbie Collectibles Group during 1999 and 2000. He was never a manager or director level employee. His responsibilities appear to have been that of "preliminary" design—whatever that means, MGA has had little opportunity to inquire. But the assertion that Mattel owned Bryant's work *because it was part of his job duties* is plainly incompatible with an assertion that MGA *concealed Bryant's role in Bratz*. How can a project designer be given a design project of which the employer is unaware? Put simply,

if the Bratz drawings were part of Bryant's projects, then Mattel would have had to know about that work while Bryant was employed by Mattel. Bryant (let alone MGA) could hardly keep secret from Mattel a project that was part of his job. It makes no sense at all.

But MGA has never had discovery to establish what seems obvious: that no one in the Barbie Collectibles Group during that period was ever asked to design a new, non-Barbie doll, and that Bryant in particular was never asked to do so. MGA has not had discovery to test any contrary assumption that Mattel apparently intends to make. Bryant and his colleagues were never deposed on the Restatement test. Bryant is now outside the trial subpoena power of the Court and seemingly unavailable for trial, so that the most important witness in the case on this issue has never been directly asked the question. This is not a problem that MGA can simply undo. The entire case has been litigated on a theory of transfer by written assignment—not that Bratz was an assignment as part of Bryant's actual job duties.

Mattel's change in position is a tactical one designed to increase its options in the face of the Ninth Circuit Opinion. This is plainly impermissible. *See In re Beverly Hills Bancorp.*, 752 F.2d 1334 (9th Cir. 1984). That is especially true where, as here, there is plain and significant prejudice from this eleventh hour tactical maneuver by Mattel.

## CONCLUSION

For the foregoing reasons, Mattel should not be permitted to pursue any theory that Bryant's drawings were works-made-for-hire under the Copyright Act.

Dated: December 15, 2010         GLASER, WEIL, FINK, JACOBS,
                                  HOWARD & SHAPIRO LLP

                                  By: _____
                                      Patricia L. Glaser
                                      Andrew Baum
                                      Attorneys for the MGA PARTIES