**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

Case No. CV 04-9049 DOC (RNBx)                        Date: February 3, 2011

Title: MATTEL, INC. v. MGA ENTERTAINMENT, INC.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Kathy Peterson | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFFS: ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT                              NONE PRESENT

PROCEEDING (IN CHAMBERS): ORDER DIRECTING FILING OF SUPPLEMENTAL BRIEFING IN CONNECTION WITH PROPOSED JURY INSTRUCTIONS

        On or before February 11, 2011, the Mattel parties and the MGA Parties shall file supplemental briefs addressing the scope of Bryant's duties under paragraph 1 of his January 4, 1999 Confidential Information and Inventions Agreement.

1. Bryant's duty of non-disclosure arose under paragraph 1 of the Inventions Agreement, which prohibited Bryant from disclosing information that Mattel possessed through development and acquisition, including information Bryant developed or discovered "*as a result of*" his employment.

2. Mattel may not have been able to acquire information (like ideas and creative blueprints) Bryant discovered or developed absent a valid assignment of such information pursuant to paragraph 2 of the Inventions Agreement.

3. Even assuming paragraph 2 assigned rights (like copyrights) in ideas and works created on nights and weekends, paragraph 1 may not have restricted Bryant from disclosing the information that composed such ideas and works, because such information may not have been developed or discovered as a result of his employment.

MINUTES FORM 11 DOC                                Initials of Deputy Clerk kp
CIVIL - GEN                                                              Page 1 of 2

    4.      The tension between the two paragraphs may be irreconcilable. Under Mattel's reading, paragraph 2 assigned information (like ideas); including information not developed or discovered as a result of Bryant's employment. Such information (<u>e.g.</u>, a formula) may have met the statutory definition of a trade secret, though it may not have been developed or discovered "as a result of" Bryant's employment. Pursuant to paragraph 1 of the agreement, Bryant may not have owed Mattel a duty to "maintain secrecy" of the information, though Mattel would have continued to own any rights associated therewith. <u>See</u> Cal. Civ. Code § 3426.1(a)-(b). For instance, Mattel could own the copyright in Bryant's drawings but Bryant would not have been foreclosed from disclosing the drawings to others unless the drawings were created "as a result" of his employment.

These issues are central to the resolution of Mattel's counter-claim for trade secret misappropriation. The parties are accordingly ordered to submit supplemental briefing concerning these issues, and any related issues, on or before February 11, 2011.

The Clerk shall serve this minute order on all parties to the action.