**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

Case No. SACV 04-9049 DOC (RNBx)            Date: February 4, 2011

Title: MATTEL, INC. v. MGA ENTERTAINMENT, INC.

DOCKET ENTRY
    [I hereby certify that this document was served by first class mail or Government messenger service, postage prepaid, to all counsel (or parties) at their respective most recent address of record in this action on this date.]
                                                         Date:_____ Deputy Clerk: _____

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

    Kathy Peterson                                           Not Present    
Courtroom Clerk                                        Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS: ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT                                     NONE PRESENT

PROCEEDING (IN CHAMBERS): ORDER DENYING MATTEL'S REQUEST TO USE MGA DOCUMENTS [DOCKET 9768]

       Mattel's request to use MGA documents [Docket 9768] is denied. Mattel's request conflates the relevant issue of whether MGA used Bryant's ideas and works with the irrelevant issue of whether some of Mattel's publicly released products were referenced during the production of early Bratz dolls. Mattel seeks to admit email exchanges in which MGA employees discussed the fact that Mattel used or sold (1) "hangtags," or small pieces of plastic that connect a doll (or other product) to a package; (2) dolls with smaller heads than Bratz; (3) a toy convertible car; (4) a doll with bendable knees; (5) twill fabric; and (6) a "hair cap" whose mechanics "was similar to" a hair cap MGA "developed for the hair changing a few months ago," as well as twistable hair and hair color. Notwithstanding the fleeting reference to Mattel's products, these emails generally include MGA's designs, its cost structures, its manufacturing processes, debate about product ideas, specifications for product prototypes, and concerns about the engineering of different doll parts.

Mattel concedes that its publicly released products did not contain trade secret information (they weren't secret) and that MGA's reference to Mattel's products is irrelevant to Mattel's claims. Mattel argues that such evidence should nonetheless be admitted because MGA elicited testimony about its "creative capabilities" from Carter Bryant and Paula Garcia.

To the extent MGA elicited such testimony from Paula Garcia, it was limited to a short inquiry into the recent success of a non-Bratz MGA product. Testimony about the success of this product was admissible because (1) Mattel's counsel had introduced the issue of MGA's creativity during opening statement; and (2) Mattel seeks to recover MGA's recent profits, including MGA's profits over the last two years. The Court nonetheless admonished the parties that they would not be allowed to engage in a mini-trial about their respective creative abilities, which would cause undue confusion to the fact-finder. That MGA (like Mattel) compared its products to its competitor's products is irrelevant to a claim for trade secret misappropriation; and a continued focus on the issue may induce the fact-finder to improperly conclude otherwise.

Contrary to Mattel's contention, MGA did not open the door to this evidence during its February 2, 2011 cross-examination of Carter Bryant. MGA did not ask Bryant about "hangtags"; "convertibles"; the range of movement of arm, hip, and knee joints; die-cutting; or any of the other features discussed in the email exchanges Mattel seeks to admit. MGA instead questioned Bryant about whether his works and ideas — Mattel's claimed trade secrets — contained the information necessary to produce even first generation Bratz dolls. This line of questioning was directly relevant to whether, and to what extent, MGA "used" Mattel's trade secret information. *See* Cal. Civ. Code § 3426.1. Mattel's "rebuttal" evidence is irrelevant to the issue of "use" and muddles the issues.

Mattel's request is denied because the evidence that Mattel seeks to admit is unduly confusing and unduly prejudicial, and therefore subject to exclusion under Fed. R. Evid. 403. The Court's prior ruling remains undisturbed.

The Clerk shall serve this minute order on all parties to the action.