QUINN EMANUEL URQUHART & SULLIVAN, LLP
  John B. Quinn (Bar No. 090378)
  (johnquinn@quinnemanuel.com)
  William C. Price (Bar No. 108542)
  (williamprice@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:   (213) 443-3000
Facsimile:    (213) 443-3100

Attorneys for Mattel, Inc. and
Mattel de Mexico, S.A. de C.V.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation, and Mattel de Mexico, S.A. de C.V., a Mexico business entity, | CASE NO. CV 04-9049 DOC (RNBx) Consolidated with Case No. CV 04-09059 Case No. CV 05-02727 |
| Plaintiff, | Hon. David O. Carter |
| vs. | **MATTEL 'S NOTICE OF COMPLIANCE RE THE COURT'S FEBRUARY 1, 2011 ORDER** |
| MGA ENTERTAINMENT, INC., a California corporation, et al., | |
| Defendant. | |
| AND CONSOLIDATED ACTIONS | |

00505.07975/3951478.2

NOTICE OF COMPLIANCE

1    TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF

2  RECORD, PLEASE TAKE NOTICE that, pursuant to the Court's February 1, 2011

3  order, Mattel, Inc. and Mattel de Mexico, S.A. de C.V. hereby files with the Court:

4    (a)    a document containing the requested information for Bratz-related trade

5  secrets and MGA products, attached as Exhibit A;

6    (b)    a document containing other instances of MGA's and Larian's use of

7  Bratz-related trade secrets, attached as Exhibit B; and

8    (c)    a document containing the information requested by the Court for the

9  non-Bratz trade secrets, attached as Exhibit C.

10    For the convenience of the Court and to assist in the presentation and

11  comprehension of the information requested by the Court, because of the number of

12  products and other items that reflect the misappropriated Bratz trade secrets, in

13  Exhibits A and B Mattel listed the misappropriated trade secrets on the horizontal

14  axis and the MGA products and other uses of those Bratz-related trade secrets on the

15  vertical axis.

16    Mattel files the requested materials with the Court subject to and preserving

17  the following objections:

18    1.    The requested information for MGA documents that "reflect" the use of

19  Mattel's trade secrets does not take into account that liability for misappropriation of

20  trade secrets also accrues through disclosure or improper acquisition of trade secrets.

21  Cal. Civ. Code § 3246.1(b).

22    2.    The request for MGA documents that "reflect" the direct use of

23  Mattel's trade secrets does not take into account that Mattel may provide

24  misappropriation by or through circumstantial evidence or based on credibility

25  determinations of MGA witnesses.   Droeger v. Welsh Sporting Goods Corp., 541

26  F.2d 790, 792 (9th Cir. 1976) (despite defendants' witnesses uncontroverted by

27  direct evidence, circumstantial evidence clearly created a question for the jury);

28  Hanger Prosthetics & Orthotics, Inc. v. Capstone Orthopedic, Inc., 556 F. Supp. 2d

00505.07975/3951478.2

-1-

NOTICE OF COMPLIANCE

1    1122, 1125-26 (E.D. Cal. 2008) (finding genuine issues existed for trade secret

2    misappropriation claim based on circumstantial evidence of theft and use); Uniram

3    Tech. v. Taiwan Semiconductor Mfg. Co., 617 F. Supp. 2d 938 (N.D. Cal. 2007);

4    Computer Sciences Corp. v. Computer Assocs. Int'l, Inc., 1999 U.S. Dist. LEXIS

5    21803 (C.D. Cal. Aug. 12, 1999) (recognizing that misappropriation may be inferred

6    from often ambiguous circumstantial evidence); Joseph E. DiLoreto, Inc. v. O'Neill,

7    1 Cal. App. 4th 149, 161 (1991) (evidence of misappropriation need not be direct,

8    but may be circumstantial, as long as the evidentiary inferences to be drawn are

9    "reasonably deducible from the evidence").  See In re Dana Corp., 574 F.3d 129,

10   155 (2d Cir. 2009) (vacating summary judgment and holding circumstantial

11   evidence permitted an inference that defendant had knowledge of the theft and

12   eventually ratified it by taking advantage of the misappropriation in order to

13   improve its business).

14          4.      The requested  identification of documents that "reflect" the

15   misappropriated trade secrets does not accurately represent the proper causation

16   standard under the California Uniform Trade Secrets Act.  See CACI 4401; Farhang

17   v. Indian Inst. of Tech., Kharagpur, 2010 WL 3504897, at *6 (N.D. Cal. Sep. 07,

18   2010 ) (on a motion to dismiss, finding that "one could reasonably infer that

19   [defendant's] conduct was a substantial factor in causing plaintiffs to suffer the

20   alleged damages. The court therefore denies [defendant's] motion to dismiss

21   plaintiffs' trade secret misappropriation claim.").

22          5.      The charts identify documents by type and category in those

23   circumstances in which Mattel has obtained admissions of the use, disclosure,

24   embodiment or reflection of Mattel trade secrets in certain documents but,

25   notwithstanding Court orders, MGA has not produced them.

26          6.      Mattel is currently unable to provide an image of every product

27   identified on Exhibit A.  MGA agreed in response to discovery that it would

28   produce or make available for inspection a sample of each Bratz product but failed

1   to do so.  Instead, MGA stipulated on the record that the products that were

2   produced "are a representative sample of all Bratz dolls and other MGA products,

3   including licensed products" and that "the MGA Parties will not contend that Mattel

4   has failed to meet its burden in any respect by failing to introduce other Bratz dolls

5   or MGA products, including licensed products."

6          7.     The format requested by the Court limits the amount of particularity

7   that can be identified for each misappropriated trade secret, which has been

8   previously identified in detail in Mattel's interrogatory responses.  Should the Court

9   have any concerns about the level of particularity for any given trade secret that

10  cannot be resolved by reference to the submitted images, Mattel will address any

11  such concern or question.

12         8.     Mattel reserves the right to amend, supplement and/or modify the

13  charts and the submissions and to present additional evidence to the Court and the

14  jury, including circumstantial and credibility evidence supporting its claim for theft

15  of trade secrets.

16

17  DATED:  February 4, 2011          QUINN EMANUEL URQUHART &
                                      SULLIVAN, LLP
18

19

20                                    By /s/ Michael T. Zeller
                                         Michael T. Zeller
21                                       Attorneys for Mattel, Inc. and Mattel de
                                         Mexico, S.A. de C.V.
22

23

24

25

26

27

28

00505.07975/3951478.2

-3-

NOTICE OF COMPLIANCE