```
 1   ANNETTE L. HURST (State Bar No. 148738)
     ahurst@orrick.com
 2   WARRINGTON S. PARKER III (State Bar No. 148003)
     wparker@orrick.com
 3   ORRICK, HERRINGTON & SUTCLIFFE LLP
     The Orrick Building, 405 Howard Street
 4   San Francisco, CA 94105
     Tel. (415) 773-5700/ Fax: (415) 773-5759
 5
     WILLIAM A. MOLINSKI (State Bar No. 145186)
 6   wmolinski@orrick.com
     ORRICK, HERRINGTON & SUTCLIFFE LLP
 7   777 South Figueroa Street, Suite 3200
     Los Angeles, CA  90017
 8   Tel. (213) 629-2020/Fax: (213) 612-2499

 9   THOMAS S. McCONVILLE (State Bar No. 155905)
     tmcconville@orrick.com
10   ORRICK, HERRINGTON & SUTCLIFFE LLP
     4 Park Plaza, Suite 1600
11   Irvine, CA 92614-2258
     Tel: (949) 567-6700/Fax: (949) 567-6710
12
     Attorneys for MGA Parties
13
```

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>   Plaintiff,<br><br>   v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>   Defendant.<br><br>AND CONSOLIDATED ACTIONS | Case No.  CV 04-9049-DOC (RNBx)<br>Consolidated with: Case No. CV 04-9059 and Case No. CV 05-2727<br><br>Hon. David O. Carter<br><br>**OBJECTION TO MATTEL'S OFFER OF PROOF REGARDING REFERENCING MATTEL PRODUCTS IN DEVELOPING BRATZ**<br><br>Trial Date:  January 11, 2011 |

## INTRODUCTION

On February 4, 2011, the Court issued its Order Denying Mattel's Request to Use MGA Documents. Doc. No. 9787. That order addressed Mattel's request that it be permitted to use a handful of MGA documents that purported to show MGA referenced certain Mattel products during the production of early Bratz dolls. Mattel now submits these same emails as its "Offer of Proof," without any analysis or explanation as to what has changed since the Court issued its order 3 days ago. Indeed nothing has, and Mattel's barely disguised improper Motion for Reconsideration should be denied.

## ARGUMENT

As the Court properly held only 3 days ago with regard to these very same emails, "Mattel's request conflates the relevant issue of whether MGA used Bryant's ideas and works with the irrelevant issue of whether some of Mattel's publicly released products were referenced during the production of early Bratz dolls." Doc. No. 9787 at 1. Indeed, "Mattel concedes that its publicly released products did not contain trade secret information (they weren't secret) and that MGA's reference to Mattel's products is irrelevant to Mattel's claims." *Id.* at 2. The Court properly concluded that whether "MGA (like Mattel) compared its products to its competitor's products is irrelevant to a claim for trade secret misappropriation; and a continued focus on the issue may induce the fact-finder to improperly conclude otherwise." *Id.*

Absolutely nothing has changed since the Court issued its order. There has been no change in the facts or the law that in any way upsets the Court's proper conclusion that "the evidence that Mattel seeks to admit is unduly confusing and unduly prejudicial, and therefore subject to exclusion under Fed. R. Evid. 403." *Id.* Mattel's proffered evidence that MGA used Mattel's non-trade secret information for common business purposes will still require the jury to distinguish between reference to other products (which is common in business and permissible) versus

1  copying competitor trade secrets (which is not).  And Mattel's proffered evidence
2  would require MGA to respond with similar evidence of Mattel's copying MGA
3  products, further confusing the relevant issues for the jury.  Mattel's improper
4  motion for reconsideration of the Court's prior order should be denied.

## CONCLUSION

For the foregoing reasons, the Court should deny Mattel's motion and affirm its previous order excluding Mattel's proffered emails.

Respectfully submitted,

Dated: February 7, 2011            ORRICK, HERRINGTON & SUTCLIFFE LLP


By:     *s/ Thomas S. McConville*
         Thomas S. McConville
         Attorneys for MGA Parties