QUINN EMANUEL URQUHART & SULLIVAN, LLP
  John B. Quinn (Bar No. 090378)
   johnquinn@quinnemanuel.com
  William C. Price (Bar No. 108542)
   (williamprice@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
   (michaelzeller@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:  (213) 443-3000
Facsimile:   (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| MATTEL, INC., a Delaware corporation, | CASE NO. CV 04-9049 DOC (RNBx) |
|---|---|
| Plaintiff, | Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727 |
| vs. | |
| MGA ENTERTAINMENT, INC., a California corporation, | Hon. David O. Carter |
| Defendants. | **MATTEL INC.'S NOTICE OF MOTION AND MOTION TO PRECLUDE MGA'S LATE-TENDERED CONTENTIONS THAT MATTEL PRODUCTS USE MGA TRADE SECRETS** |
| AND CONSOLIDATED ACTIONS | |

Date:  TBA
Time:  TBA
Place:  Courtroom 9D

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, on a date to be determined by the Court, plaintiffs Mattel, Inc. and Mattel de Mexico, S.A. de C.V. (collectively, "Mattel") will, and hereby do, move the Court for an Order excluding MGA's contentions and purported evidence that fifty-two additional Mattel's products (listed in Appendix A) ostensibly used information taken from MGA's showrooms.

This Motion is made pursuant to Federal Rules of Civil Procedure 37(b) and (c) and the Court's inherent powers on the grounds that by disclosing the fifty-two Mattel products for the first time mid-trial, MGA has violated the Court's Orders and unfairly prevented Mattel from obtaining discovery into the factual basis for MGA's misappropriation claim.

This Motion is based on this Notice of Motion, the Memorandum of Points and Authorities, the supporting exhibits, the records and files of this Court, and all other matters of which the Court may take judicial notice.

**Statement of Compliance**

Lead counsel met and conferred regarding the issues presented by Mattel's Motion on February 7, 2011, but no resolution was reached.

DATED: February 7, 2011          QUINN EMANUEL URQUHART & SULLIVAN, LLP

By: /s/ Michael T. Zeller
Michael T. Zeller
Attorneys for Mattel, Inc.

00505.07975/3957152.1

-2-

MOTION TO PRECLUDE

## MEMORANDUM OF POINTS AND AUTHORITIES

Months after the close of discovery and weeks into trial, MGA has accused for the first time *fifty-two* additional Mattel products of using alleged MGA trade secret information. Nowhere were these additional products mentioned during the 30(b)(6) testimony of MGA, even though the Court compelled MGA to identify each accused product. Nowhere were these additional products mentioned in MGA's interrogatory responses or other written disclosures. Nowhere were these new MGA claims disclosed at all, until just days ago. MGA should be precluded from sandbagging Mattel by dramatically expanding the scope of its trade secrets claims for the first time mid-trial.

## Factual Background

During the discovery period on MGA's Counterclaims-in-Reply, Mattel repeatedly sought, and this Court compelled, discovery into MGA's factual basis for claiming that Mattel had used MGA new product information allegedly taken from MGA's toy fair showrooms to introduce new products or modify its existing products. Specifically, Topic No. 2 of Mattel's pertinent Rule 30(b)(6) Notice sought MGA corporate testimony on the "factual basis" for MGA's claim that Mattel misappropriated its trade secrets.[1] MGA's first designee, Isaac Larian, was unprepared, and the Court granted Mattel's motion to compel a fully prepared designee. Dkt. No. 8974 at 14. MGA subsequently designated its CFO, Dennis Jolicouer. When asked whether he could "testify as to a single product that Mattel introduced, modified or altered in 2001 to respond to MGA's expected products launches based on information

---

[1] Mattel's Topic No.2, in the Deposition Notice to MGA served on August 25, 2010, reads: "The factual basis for YOUR claim that MATTEL misappropriated trade secrets from YOU, including but not limited to when and how YOU first learned about each alleged act of misappropriation, the IDENTITY of each and every PERSON who YOU believe misappropriated each trade secret, when such trade secret was misappropriated, where the trade secret was located when it was misappropriated, how it was misappropriated, and whether the misappropriation was wrongful."

that Mattel obtained from an MGA toy fair showroom," MGA's corporate designee replied "I can't name a product."[2]  Nor could he name any Mattel products allegedly using MGA purported trade secrets during the years 2002-2010 either, save three Mattel products: (1) "Acceleracers," (2) "My Scene Bling Bling" and (3) "My Scene Chillin' Out"[3]  These were also the only three products that MGA's expert James Malackowski had previously identified in his November 2010 report.[4]  Despite repeated questioning on the topic, Mr. Joliceour identified no other Mattel products that MGA had evidence to show or contended used any of the information from MGA's toy fair showrooms.[5]

MGA's response to interrogatories likwise did not identify other Mattel products as being at issue either.  Mattel's Interrogatory No. 3 sought the "complete factual basis" for the contention that Mattel misappropriated MGA's trade secrets.[6]  MGA's Second Supplemental Responses to Interrogatory No. 3 offered no specific information on any Mattel products MGA alleges used toy fair information.  Mattel's Interrogatory No. 10 required MGA to "state, with particularity, all benefits derived or gained by MATTEL from such alleged misappropriation."[7]  MGA's Second Supplemental

---

[2] Deposition of Dennis Jolicoeur, November 10, 2010 [MGA 30(b)(6) Dep. Vol. 28] at 7022:11-18.
[3] Id. at 7022:20-7026:4.
[4] James Malackowski Expert Report, dated November 1, 2010.
[5] Deposition of Dennis Jolicoeur, November 12, 2010 [MGA 30(b)(6) Dep. Vol. 29] at 7234:16-7234:13.
[6] Mattel's Interrogatory No. 3, served on August 25, 2010, reads: "For each trade secrets that YOU contend that MATTEL misappropriated from YOU, state the complete factual basis for YOUR contention that MATTEL misappropriated each such trade secret, and IDENTIFY all PERSONS with knowledge of such facts and all DOCUMENTS that REFER OR RELATE TO such facts."
[7] Mattel's Interrogatory No. 10, served on August 25, 2010, reads: "For each trade secrets that YOU contend that MATTEL misappropriated from YOU, state, with particularity, all benefits derived or gained by MATTEL from such alleged misappropriation."

Response to this interrogatory simply referred back to its responses to Interrogatory Nos. 1-3, which, in turn, name no specific Mattel products alleged to use MGA new product information taken from toy fairs.

On January 28, 2011, three months after the November 1, 2010 discovery cut-off set by the Court and two weeks into trial, MGA asserted for the first time (through an expert report) that an additional thirty-some Mattel products purportedly used MGA trade secret information.[8] Then, on February 4, 2011, MGA submitted yet another set of Mattel products allegedly using MGA new product information, overlapping in part with the January 28 set identified in Mr. Malackowski's Report but apparently adding yet additional accused products.[9] Combined, MGA appears to have just identified some fifty-two additional Mattel products that allegedly used MGA new product information purportedly misappropriated from MGA's toy fair showrooms[10] -- accused products that were never disclosed by MGA in discovery.

## Argument

MGA's withholding of critical information regarding its trade secret misappropriation claim until mid-trial, in violation of Court Orders, has prejudiced Mattel's ability to defend itself. Mattel had no chance to seek any discovery into MGA's new theory that an additional fifty-two products used its trade secrets. It has obtained no written discovery responses that provide information on that theory, and it has obtained no testimony regarding MGA's new contentions. It has had no opportunity to move for summary judgment on these claims. MGA's tardy contentions and evidence, on which Mattel was unable to take *any* discovery, should be excluded under Rule 37(b)(2), Rule 37(c)(1), and the Court's inherent powers.

---

[8] James Malackowski Expert Report, dated January 28, 2011, Exhibit 52.
[9] MGA's Filing Pursuant to the Court's February 1, 2011 Order.
[10] See Appendix A for a list of these Mattel products.

Under Rule 37(b)(2), exclusion is a proper sanction. See Rule 37(b)(2)(A)(ii) (for violation of court orders, courts may "prohibit[] the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence."). The imposition of sanctions under Rule 37(b)(2) has two requirements: any sanction must be specifically related to the particular claim which was at issue in the order to provide discovery, and it must be "just." Navellier v. Sletten, 262 F.3d 923, 947 (9th Cir.2001) (quoting Ins. Corp. of Ireland, Ltd., v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 707 (1982)). Both requirements are satisfied here. MGA's discovery abuse relates directly to the evidence which it should be prohibited from introducing: MGA's late-disclosed contentions and purported evidence that fifty-two Mattel products use the information allegedly taken from MGA's showrooms. The sanction sought by Mattel is just and commensurate with MGA's abuse. See Navellier, 262 F.3d at 947 (affirming district court's imposition of sanction that was "commensurate with the offensive conduct").

Indeed, even absent any on point Order (and there was such an order),[11] MGA had an affirmative obligation to produce evidence supporting its claims long ago. Pursuant to Rule 26(a), MGA had an obligation to disclose this information in its initial disclosures. See Rule 26(1)(A)(ii)-(iii). MGA had an obligation to supplement its initial disclosures and interrogatory responses "in a timely manner." Rule 26(e)(1)(A). This failure to disclose or supplement is likewise sanctionable under Rule 37(c)(1) unless the failure was "substantially justified" or "harmless" – a burden which rests on MGA. Yeti by Molly, Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1107 (9th Cir. 2001) ("[I]t is the obligation of the party facing sanctions for belated disclosure to show that its failure to comply with [Rule 26] was either justified or harmless....") (quoting Wilson v. Bradlees of New England, Inc., 250 F.3d 10, 21 (1st Cir. 2001)). MGA has failed to show that its its failures are either "substantially justified" or "harmless." Rule

---

[11] Dkt. No. 8974 at 14.

37(c)(1), an "automatic" and "self-executing" sanction, precludes MGA from sandbagging Mattel with its new contentions. Yeti by Molly, 259 F.3d at 1106-07.

At this juncture, only exclusion of the late-disclosed evidence is a commensurate sanction. "Preclusionary orders ensure that a party will not be able to profit from its own failure to comply." U.S. v. Sumitomo Marine & Fire Ins. Co., Ltd., 617 F. 2d 1365, 1369 (9th Cir. 1980); see also Nike, Inc. v. Wolverine World Wide, Inc., 43 F.3d 644, 648-49 (Fed. Cir. 1994) (applying Ninth Circuit law, upheld preclusion of theory of infringement as non-disclosed); Charnis v. Watersport Pro, LLC, 2008 WL 4960433, *7-8 (D. Nev. Nov. 20, 2008) (failure to respond satisfactorily to interrogatories and produce documents merits Rule 37(b) preclusion sanctions). The Ninth Circuit "has recognized as part of a district court's inherent powers the 'broad discretion to make discovery and evidentiary rulings conducive to the conduct of a fair and orderly trial.'" Unigard Sec. Ins. Co. v. Lakewood Eng'g & Mfg Corp., 982 F. 2d 363, 368 (9th Cir. 1992) (quoting Campbell Indus. v. M/V Gemini, 619 F. 2d 24, 27 (9th Cir. 1980); see also DLC Mgmt. Corp. v. Hyde Park, 163 F.3d 124, 135-36 (2d Cir. 1998) (courts have inherent power "to levy sanctions in response to abusive litigation practices") (internal quotations omitted). The Court should not countenance the prejudice Mattel would suffer if MGA were allowed to go to the jury on its just-disclosed new theories and contentions of trade secret misappropriation. Indeed, forcing Mattel to defend against such brand-new, untimely disclosed evidence would violate due process, as it threatens Mattel's right to a fair determination on the merits. See National Corp. Tax Credit Funds v. Potashnik, 2010 WL 457626, at * 4, *10-11 (C.D. Cal. Feb. 4, 2010) ("depriv[ing]" opposing side of material including "responsive documents, and adequate written discovery" resulted in situation where "resolution of this case by a jury would not be on the merits").

## Conclusion

Mattel respectfully requests that Mattel's motion be granted in its entirety.

| | | |
|---|---|---|
| 1 | DATED: February 7, 2011 | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
| 2 | | |
| 3 | | |
| 4 | | By /s/ Michael T. Zeller |
| 5 | | Michael T. Zeller<br>Attorneys for Mattel, Inc. |

00505.07975/3957152.1

-6-

MOTION TO PRECLUDE