ANNETTE L. HURST (State Bar No. 148738)
ahurst@orrick.com
WARRINGTON S. PARKER III (State Bar No. 148003)
wparker@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building, 405 Howard Street
San Francisco, CA 94105
Tel: (415) 773-5700/ Fax: (415) 773-5759

WILLIAM A. MOLINSKI (State Bar No. 145186)
wmolinski@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA  90017
Tel: (213) 629-2020/Fax: (213) 612-2499

THOMAS S. McCONVILLE (State Bar No. 155905)
tmcconville@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
4 Park Plaza, Suite 1600
Irvine, CA 92614-2258
Tel: (949) 567-6700/Fax: (949) 567-6710

Attorneys for MGA Parties

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | Case No.  CV 04-9049-DOC (RNBx)<br>Consolidated with Nos. CV 04-9059 and CV 05-2727<br><br>Hon. David O. Carter<br><br>**MGA'S TRIAL BRIEF IN OPPOSITION TO THE ADMISSION OF FOREIGN LITIGATION** |

## INTRODUCTION

Mattel claims that it should be allowed to drag foreign litigation from opposite ends of the Earth into this Court because "Paula Garcia testified at length" to the changes she and others made to Carter Bryant's sketches in order to transform them into the Bratz dolls.  Dkt. No. 9805, (Mattel's Trial Brief Re Admissions Made by MGA in Other Litigation) at 4.  To hear Mattel tell it, in all of these foreign lawsuits, MGA relied only on Carter Bryant's concept sketches to accuse knock-off dolls of infringing the Bratz, so documents filed in these foreign actions are admissions against interest that should be paraded before the jury.  Not so.

Carter Bryant's drawings unquestionably provided the inspiration for the Bratz.  MGA neither denies this, nor slights Carter Bryant's foundational contribution to the brand MGA built.  But, the Bratz *dolls* were created by the community of skilled specialists who came together at MGA starting in the fall of 2000 to create three-dimensional, functional, commercially successful fashion dolls from Carter Bryant's concept sketches.  The fully-realized Bratz brand is the product of the work of hundreds more designers, marketers, salespersons, copywriters, packaging designers, and dozens more professions.  MGA has rightfully—and successfully—protected its investment and its employees' work by enforcing its intellectual property interests in the Bratz brand.  And, just as Bratz is not the product only of Carter Bryant's 1998 conception of four funky, trendy friends with attitude, MGA has not relied only on its rights in Bryant's conception of the idea to protect its rights in its tangible result.

Additionally, were these various lawsuits introduced, MGA and Mattel will have to litigate this case <u>and</u> all these others.  MGA will be forced to explain why it filed suit, why it pled its cases the way it did and introduced the evidence it did, the substance of foreign law, and so on.  The jury will then be asked to adjudicate this case given the facts before it and under United States law after having been

1  presented facts not before it relevant only to the laws of foreign jurisdictions.  This
2  is unwarranted.

3  <u>**ARGUMENT**</u>

4  **I.**    <u>**MGA'S FOREIGN ACTIONS WERE BROUGHT IN RESPONSE TO**</u>
5  <u>**INFRINGEMENT OF THE BRATZ *DOLLS*.**</u>

6         The *Double Grand* litigation did not arise because someone made a doll that
7  looked too much like copies of concept drawings that were sitting in a file
8  somewhere at MGA.  The Double Grand litigation started after MGA's UK
9  distributor complained that a doll on sale in the UK, the "Mini Trendy Teenz"
10 looked too much like MGA's *Baby Bratz doll*, a doll over which this Court has
11 already found Mattel holds no copyright.  TX 13561-0038; Dkt. No. 9538 at 29.
12 MGA's diligent investigation revealed that the dolls were being manufactured by a
13 Hong Kong Company, Double Grand, who also manufactured more and less
14 closely related products including "Trendy Teenz", "Rockerheadz" dolls and
15 "Rockerheadz" doll pens.

16        MGA brought suit, deploying the full range of its arsenal of intellectual
17 property rights in Bratz.  In 2003, when judgment was entered for MGA, it is true
18 that it was premised on part of this armory, "two design drawings, one of the 'Zoe'
19 model and one of the head only." TX 10176-0002.  But, Mattel declines to mention
20 that Carter Bryant's two drawings of Zoe/Cloe were just one of *five* "Artistic
21 Works" upon which the Hong Kong court's judgment was premised, which also
22 included the work of the MGA's artisans who brought the Bratz to life: "a set of
23 polyurethane samples of the head and body of the mini Bratz doll,"[1] "a picture of
24 the face design of the 'Cloe' model dated 'Fall *2001*'"[2], "one facial drawing of eye

---

[1] The samples were the product of the sequential work of Margaret Leahy and Jessie Ramirez, who respectively made wax models and silicon rubber moulds, each using "her own independent labour, skill, and judgment."  TX 00952-5 to6.
[2] Commissioned from Anna Rhee "with the understanding that all intellectual property rights including copyright shall belong to MGA US."  TX 00952-00007.

design and one pantone colour guide of 'Cloe'", and "the décor master of 'Cloe'".[3] TX 10176-03 (emphasis added).  In fact, the court's summation of MGA's case barely referenced the drawings at all: "[t]he plaintiff's case is that the defendant's Trendy Teenz dolls, Mini Trendy Teenz, Rockerheadz dolls, and Rockerheadz pens are reproductions of a substantial party of its 'Cloe' model's facial decoration and the Mini Trendy Teenz are reproductions of a substantial part of the body and head sculpt of 'Cloe'.  Apparently 'Zoe' in the first picture later became 'Cloe'."  TX 10176-3.

MGA's claims in *Uni-Fortune* were based on a somewhat broader, but essentially similar, collection of not only certain of Carter Bryant's drawings, but also the wax models, shoes, silicon rubber moulds, and facial decorations created by MGA's artisans who created the Bratz *dolls*.  *See* TX 13572-0001.  MGA again relied not merely, or even mainly, on Carter Bryant's drawings, but on a similar combination of concept art and tangible goods in *Union Top*.  TX 13785-003.  And again in *Cityworld*.  *See* TX 13706-2 to 3.

In short, in all of these cases where Mattel claims that MGA brought suit because other's dolls infringed Carter Bryant's drawings, MGA in fact brought suit because these other products infringed on MGA's *dolls*.  And when MGA brought suit against the knock-off products that were destroying the brand that MGA worked so hard to create, it didn't pull punches by declining to assert its rights in Carter Bryant's original 1998 conception of the characters.  MGA used everything rightfully at its disposal.

## II.   INTRODUCING EVIDENCE OF FOREIGN ACTIONS WOULD BE IRRELEVANT, PREJUDICIAL, AND CONFUSING.

The cases that Mattel seeks to enter into evidence are entirely unrelated and irrelevant to the issues before this Court.  None resolve whether Bratz dolls infringe

---

[3] Created by Anna Rhee and subsequently revised by her with the input of Carter Bryant.  TX 00952-00007.

1  Mattel's alleged copyrights.  None are probative of Carter Bryant's relationship
2  with Mattel.  Evidence and arguments from other, unrelated actions are both
3  irrelevant and prejudicial and accordingly not admissible as a general matter.  *See,*
4  *e.g., Janky v. Lake County Convention Center*, 2007 WL 733902, *2 (N.D. Ind.
5  Mar. 7, 2007) (evidence regarding other litigation is irrelevant and prejudicial);
6  *Grant Thornton, LLP v. Federal Deposit Ins. Corp.*, 2007 WL 518421, *1 (S.D.
7  W.Va. Feb. 13, 2007) (evidence of other litigation would delay resolution of instant
8  case and would confuse the issues);  *Saucier v. Coldwell Banker JME Realty*, 2007
9  WL 2898525, *2 (S.D. Miss. Sept 27, 2007) (evidence or references to complaint in
10  other matter excluded as highly confusing and misleading).

11      Moreover, all of the proceedings that Mattel references by its brief were
12  conducted under the laws of foreign jurisdictions: Hong Kong or the United
13  Kingdom.  Clearly and fairly presenting the positions MGA took and the evidence
14  MGA adduced in those cases would require not only an explanation of the
15  circumstances that gave rise to these actions, but also an explanation of the
16  particular laws and procedures of these jurisdictions.  Besides wasting the Court's
17  time with evidence that is ultimately probative of nothing, providing these
18  explanations would only confuse the issues before this Court and this jury, under
19  United States law.

20      Under the law of *this* jurisdiction, the qualities that Mattel alleges that MGA
21  asserted in foreign litigation as the factors that were "unique" to the dolls—"the
22  relative size of the dolls head, the facial decoration, the oversized eyes and mouth,
23  the diminished nose and the removable feet" (Mattel's Trial Br. at 4)—are almost
24  entirely the "exaggerated physical features" that this Court and the Ninth Circuit
25  have already held unprotectable.  Dkt. No. 9538 at 17.  Whether these qualities bore
26  on the result of foreign litigation is patently irrelevant to any issue before this
27  Court.  And, this is only one example of how introducing evidence from foreign
28  litigation under foreign law will confuse the issues before this jury.

1    In sum, Mattel seeks to include these foreign court proceedings to confuse

2  the jury and to distract it from the issues before *this* Court, for instance by

3  introducing testimony from Ken Leung, the aggrieved infringer from the *Double*

4  *Grand* case, and Edmond Yeung, who Mattel wants to put on the stand to testify

5  about at least three other foreign cases.  Dkt. No. 9617 at 15.  Mattel should not be

6  allowed to create a three-ring circus of trials within this trial, each argued according

7  to the laws of a different jurisdiction, each confusing the jury and wasting this

8  Court's time, and each probative of nothing before this Court.

9

10

11  Dated:    February 8, 2011

                                Respectfully submitted,

12                              ANNETTE L. HURST
                                ORRICK, HERRINGTON & SUTCLIFFE
13                              LLP

14

15

16                              By: _____*/s/ Thomas S. McConville*_____
                                    THOMAS S. MCCONVILLE
17                                  Attorneys for MGA Parties

18

19

20

21

22

23

24

25

26

27

28