1   ANNETTE L. HURST (State Bar No. 148738)
    ahurst@orrick.com
2   WARRINGTON S. PARKER III (State Bar No. 148003)
    wparker@orrick.com
3   ORRICK, HERRINGTON & SUTCLIFFE LLP
    The Orrick Building, 405 Howard Street
4   San Francisco, CA 94105
    Tel: (415) 773-5700/ Fax: (415) 773-5759
5
    WILLIAM A. MOLINSKI (State Bar No. 145186)
6   wmolinski@orrick.com
    ORRICK, HERRINGTON & SUTCLIFFE LLP
7   777 South Figueroa Street, Suite 3200
    Los Angeles, CA  90017
8   Tel: (213) 629-2020/Fax: (213) 612-2499

9   THOMAS S. McCONVILLE (State Bar No. 155905)
    tmcconville@orrick.com
10  ORRICK, HERRINGTON & SUTCLIFFE LLP
    4 Park Plaza, Suite 1600
11  Irvine, CA 92614-2258
    Tel: (949) 567-6700/Fax: (949) 567-6710
12

13  Attorneys for MGA Parties

14              UNITED STATES DISTRICT COURT

15              CENTRAL DISTRICT OF CALIFORNIA

16                  SOUTHERN DIVISION

| | |
|---|---|
| 17  CARTER BRYANT, an individual, | Case No.  CV 04-9049-DOC (RNBx) |
| 18              Plaintiff, | Consolidated with Nos. CV 04-9059 and CV 05-2727 |
| 19          v. | Hon. David O. Carter |
| 20  MATTEL, INC., a Delaware corporation, | **MGA PARTIES' MOTION IN LIMINE NO. 44 TO PRECLUDE EVIDENCE REGARDING THE ALLEGED THEFT OF MATTEL'S NEWLY DROPPED TRADE SECRET CLAIMS** |
| 21  | |
| 22              Defendant. | |
| 23  AND CONSOLIDATED ACTIONS | Date:  TBD |
| 24  | Time: TBD<br>Dept.: Courtroom 9D |
| 25  | Trial Date: January 11, 2011 |

26

27

28

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on a date and time to be set by this Court before the Honorable David O. Carter, located at 411 West Fourth Street, Santa Ana, California, the MGA Parties will and hereby do move this Court *in limine* for an order precluding Mattel from referring to or introducing documentary or testimonial evidence regarding the copying, taking or attempted copying or taking by former Mattel employees later employed by the MGA Parties of alleged trade secrets that Mattel had indicated it no longer intends to pursue in this litigation by not identifying these items in its "trade secret charts" submitted pursuant to this Court's February 1, 2011 order, including but not limited to "Jade" as the proposed name for a fashion doll, "Moxie" as the proposed name for a fashion doll line, My Scene theme "Swappin' Styles," and Trial Exhibit 6935 (an excel spreadsheet previously identified as one of Mattel's alleged trade secrets).  Such evidence should be excluded under Federal Rules of Evidence 401, 402, and 403.

This motion is based on this notice of motion, the accompanying memorandum of points and authorities, the records and files of this Court, and any other matter of which the Court may take judicial notice.

This motion is made following the conference of counsel pursuant to Local Rule 7-3.

Dated:  February 8, 2011            Respectfully submitted,

WILLIAM A. MOLINSKI
ORRICK, HERRINGTON & SUTCLIFFE LLP

By:  _____*/s/ William A. Molinski*_____
William A. Molinski
Attorneys for MGA Parties

## INTRODUCTION

In this action, Mattel has alleged that its former employees misappropriated purportedly hundreds of trade secrets belonging to Mattel.  As the case has progressed, however, Mattel has continuously narrowed and paired down its alleged trade secrets.  The most recent example is contained within the "trade secrets chart" ordered to be submitted by the Court last week.  While Mattel has provided two "corrected" copies of these charts since the due date, several previously alleged trade secrets are noticeably absent, including the names "Moxie" and "Jade" (allegedly misappropriated by Carter Bryant), the theme concept for "Swappin' Styles" (allegedly misappropriated by Ron Brawer), and Trial Exhibit 6953 (an excel spreadsheet previously alleged to be a trade secret misappropriated by Jeanine Brisbois).  *See* Dkt. #9803.

These abandoned trade secret categories no longer can form the basis for liability against MGA for trade secret misappropriation.  In view of the extensive allegations of the acquisition or theft of information made by Mattel against former employees, there is a considerable risk that prejudicial, confusing, and duplicative testimony will be introduced into evidence at trial.  If the jury is presented with evidence of the alleged theft of information, both trade secret and not, the jury could assume that it is being asked to decide whether any of this information was used even though Mattel is no longer pursuing these specific items as trade secrets.

This Court has already recognized that Mattel's introduction of evidence regarding dropped or discredited trade secrets "would be improper, erroneous, and contrary to the Court's rulings on the motions for summary judgment."  Dkt. #9714 at p. 3.  For that same reason, Mattel should be precluded from referring to or introducing through testimony or documentary evidence of the alleged theft or attempted theft of information relating to the names "Moxie" and "Jade", the doll-line concept for "Swappin' Styles", and Trial Exhibit 6935.

///

## ARGUMENT

**I.      EVIDENCE AND REFERENCE TO THE COPYING BY FORMER MATTEL EMPLOYEES LATER EMPLOYED BY THE MGA PARTIES OF INFORMATION THAT IS NOT ALLEGED TO BE A TRADE SECRET SHOULD BE PRECLUDED.**

On February 1, 2011, this Court directed each party to identify its trade secrets by preparing charts that "clearly, and with the specificity required under California law, identify each of their claimed trade secrets. . . ." Dkt. #9761. Mattel has submitted three versions of charts in response to this order.  Dkt. #9800, 9801, 9803.  However, four previously alleged trade secrets do not appear in any of these charts:  (1) the name "Moxie"; (2) the name "Jade"; (3) the theme "Swappin' Styles"; and (4) Trial Exhibit 6935 (an Excel spreadsheet). *See id.*  Given that these four alleged trade secrets are no longer within what Mattel has represented to the Court constitute its "claimed trade secrets," Mattel should be precluded from referring to the copying or taking of any of these four previously alleged trade secrets.

The dropping of these trade secrets follows Mattel's pattern of dropping trade secrets throughout the progression of this case.  For example, with respect to Ron Brawer, Mattel alleged that Mr. Brawer misappropriated six trade secrets.  *See* Dkt. #9091 (MGA's Separate Statement in support of Motion for Summary Judgment at pp. 42-55).  However, Mattel has slowly dropped these claims.  First, in May 2010, Mattel conceded that Mr. Brawer's contact list was not its trade secrets.  *See* Dkt. #7923 (LKK Decl., Ex. 76 (May 7, 2010 email from S. Watson to W. Molinski)). In October 2010, in opposition to MGA's motion for summary judgment, Mattel withdrew all but one of its remaining trade secret claims relating to Ron Brawer. *See* Dkt. #9185 (Mattel's Statement of Genuine Issues in opposition to Motion for Summary Judgment at pp. 249-285 (admitting that "Mattel does not allege the Ladder Sales Document, Brawer's Personal Contact List, the My Scene Theme "Goes Hollywood," the My Scene Theme "Mystery Date" or the Proposed Job

1  Position Worksheet contain one or more trade secrets misappropriated by MGA

2  based on the actions of Ron Brawer.").  In ruling on the parties' motions for

3  summary judgment, the Court recognized that Mattel has "abandoned its counter-

4  claim to the extent predicated on other information allegedly misappropriated by

5  Brawer and MGA."  Dkt. #9600 (SJ Order at 37, fn. 15).  This left only the My

6  Scene theme "Swappin' Styles" as the basis for Mattel's trade secret

7  misappropriation claim regarding Mr. Brawer.  *Id.*  Now, with trial underway,

8  Mattel has unceremoniously dropped its claim regarding "Swappin' Styles" as well,

9  not including it within its "claimed trade secrets" submitted (three times) to the

10  Court.  *See* Dkt. ##9800, 9801, 9803.  Mattel has also quietly dropped its trade

11  secret allegations regarding the names "Moxie" and "Jade" and Trial Exhibit 6935

12  (Excel spreadsheet), alleged to be misappropriated by Carter Bryant and Jeanine

13  Brisbois, respectively.

14  **II.      REFERENCE TO OR EVIDENCE REGARDING THE COPYING OF
         INFORMATION NOT SPECIFICALLY ALLEGED TO BE TRADE
15       SECRETS SHOULD BE EXCLUDED FOR FAILURE TO SATISFY
         STANDARDS OF RELEVANCE UNDER THE FEDERAL RULES OF
16       EVIDENCE.**

17           Relevant evidence under the Federal Rules of Evidence "means evidence

18  having any tendency to make the existence of any fact that is of consequence to the

19  determination of the action more probable or less probable than it would be without

20  the evidence."  Fed. R. Evid. 401.  "Evidence which is not relevant is not

21  admissible."  Fed. R. Evid. 401.  Mattel has now dropped its trade secret

22  misappropriation claim with respect to the names "Jade" and "Moxie," the theme

23  "Swappin' Styles," and Trial Exhibit 6935.  *See* Dkt. ##9800, 9801, 9803.  Under

24  Federal Rule of Evidence 401, evidence regarding the copying of non-trade secret

25  documents is not relevant to this action and, under Federal Rule of Evidence 402, is

26  not admissible.

27           Unless information allegedly taken by a former Mattel employee is

28  specifically alleged to constitute a trade secret that Mattel is still asserting in this

1    action, reference to documentary and testimonial evidence regarding the taking or

2    copying of any such non-trade secret information should be precluded on the

3    grounds of failure to satisfy standards of relevance.  That employees took

4    information that was not a trade secret – – whether it be a proposed name for a doll,

5    a future theme, or an excel chart – – is not legally relevant and can lead to

6    significant confusion and prejudice.

7         Notwithstanding the irrelevance of allegations of copying or taking of non-

8    trade secret information to any trade secret misappropriation theory, Mattel may

9    nevertheless seek to introduce such evidence on the theory that such alleged

10   copying relates to another factual issue in the case.  Federal Rule of Evidence 403

11   dictates that "evidence may be excluded if its probative value is substantially

12   outweighed by the danger of unfair prejudice, confusion of the issues, or misleading

13   the jury. . . ."  Given the sheer number of scattershot allegations of copying made

14   by Mattel against many former employees in this case, exercise of the Court's

15   discretion to exclude prejudicial, confusing, and duplicative evidence is especially

16   appropriate in this case.

17        For example, with respect to Brawer, Mattel has now abandoned its claims of

18   misappropriation in their entirety.  Yet Mattel may seek to introduce evidence of

19   Brawer having attended line reviews where Swappin' Styles was allegedly

20   presented, as well as emails discussing MGA's development of its own product

21   with swappable heads.  However, such evidence is no longer relevant and any

22   testimony on these issues should be precluded.  If such evidence is not precluded, a

23   jury may well insert back into the case claims that Mattel has expressly abandoned.

24        Consequently, the Court should preclude Mattel from presenting evidence

25   regarding the copying or taking, or attempted taking of these four formerly alleged

26   trade secrets.  Any such reference to the copying or taking of non-trade secret

27   information runs the risk of confusing the jury as to which specific information

28   among the information taken could form the basis of a viable trade secret

1  misappropriation claim and could lead to unnecessarily duplicative testimony.

2  Accordingly, such testimony is prejudicial and unduly time consuming and must be

3  excluded.

4                                    **CONCLUSION**

5        For the foregoing reasons, Mattel should not be permitted at trial to refer to,

6  or introduce through testimony or documentary evidence concerning, the alleged

7  misappropriation of the names "Jade" and "Moxie," the theme "Swappin' Styles,"

8  and Trial Exhibit 6935, as they are no longer alleged to be a basis for liability in

9  this action in Mattel's identification of its "claimed trade secrets" pursuant to this

10  Court's February 1, 2011 order.

11  Dated:     February 8, 2011          Respectfully submitted,

12                                       WILLIAM A. MOLINSKI
                                         ORRICK, HERRINGTON & SUTCLIFFE LLP
13

14

15                                       By:  _____*/s/ William A. Molinski*_____
                                                    William A. Molinski
16                                             Attorneys for MGA Parties

17

18

19

20

21

22

23

24

25

26

27

28

- 5 -