QUINN EMANUEL URQUHART & SULLIVAN, LLP
  John B. Quinn (Bar No. 090378)
  (johnquinn@quinnemanuel.com)
  William C. Price (Bar No. 108542)
  (williamprice@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:   (213) 443-3000
Facsimile:    (213) 443-3100

Attorneys for Mattel, Inc. and
Mattel de Mexico, S.A. de C.V.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation, and Mattel de Mexico, S.A. de C.V., a Mexico business entity,<br><br>            Plaintiff,<br><br>      vs.<br><br>MGA ENTERTAINMENT, INC., a California corporation, et al.,<br><br>            Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 DOC (RNBx)<br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br><u>Hon. David O. Carter</u><br><br>**MATTEL'S THIRD CORRECTED NOTICE OF COMPLIANCE RE THE COURT'S FEBRUARY 1, 2011 ORDER** |

TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE that, pursuant to the Court's February 1, 2011 order, Mattel, Inc. and Mattel de Mexico, S.A. de C.V. hereby files with the Court:

(a) a document containing the requested information for Bratz-related trade secrets and MGA products, attached as Exhibit A;

(b) a document containing other instances of MGA's and Larian's use of Bratz-related trade secrets, attached as Exhibit B; and

(c) a document containing the information requested by the Court for the non-Bratz trade secrets, attached as Exhibit C.

For the convenience of the Court and to assist in the presentation and comprehension of the information requested by the Court, because of the number of products and other items that reflect the misappropriated Bratz trade secrets, in Exhibits A and B Mattel listed the misappropriated trade secrets on the horizontal axis and the MGA products and other uses of those Bratz-related trade secrets on the vertical axis.

Mattel files the requested materials with the Court subject to and preserving the following objections:

1. The requested information for MGA documents that "reflect" the use of Mattel's trade secrets does not take into account that liability for misappropriation of trade secrets also accrues through disclosure or improper acquisition of trade secrets. Cal. Civ. Code § 3246.1(b).

2. The request for MGA documents that "reflect" the direct use of Mattel's trade secrets does not take into account that Mattel may prove misappropriation by or through circumstantial evidence or based on credibility determinations of MGA witnesses. Droeger v. Welsh Sporting Goods Corp., 541 F.2d 790, 792 (9th Cir. 1976) (despite defendants' witnesses uncontroverted by direct evidence, circumstantial evidence clearly created a question for the jury); Hanger Prosthetics & Orthotics, Inc. v. Capstone Orthopedic, Inc., 556 F. Supp. 2d

1122, 1125-26 (E.D. Cal. 2008) (finding genuine issues existed for trade secret misappropriation claim based on circumstantial evidence of theft and use); <u>Uniram Tech. v. Taiwan Semiconductor Mfg. Co.</u>, 617 F. Supp. 2d 938 (N.D. Cal. 2007); <u>Computer Sciences Corp. v. Computer Assocs. Int'l, Inc.</u>, 1999 U.S. Dist. LEXIS 21803 (C.D. Cal. Aug. 12, 1999) (recognizing that misappropriation may be inferred from often ambiguous circumstantial evidence); <u>Joseph E. DiLoreto, Inc. v. O'Neill</u>, 1 Cal. App. 4th 149, 161 (1991) (evidence of misappropriation need not be direct, but may be circumstantial, as long as the evidentiary inferences to be drawn are "reasonably deducible from the evidence"). <u>See</u> <u>In re Dana Corp.</u>, 574 F.3d 129, 155 (2d Cir. 2009) (vacating summary judgment and holding circumstantial evidence permitted an inference that defendant had knowledge of the theft and eventually ratified it by taking advantage of the misappropriation in order to improve its business).

   4. The requested identification of documents that "reflect" the misappropriated trade secrets does not accurately represent the proper causation standard under the California Uniform Trade Secrets Act. <u>See</u> CACI 4401; <u>Farhang v. Indian Inst. of Tech., Kharagpur</u>, 2010 WL 3504897, at *6 (N.D. Cal. Sep. 07, 2010) (on a motion to dismiss, finding that "one could reasonably infer that [defendant's] conduct was a substantial factor in causing plaintiffs to suffer the alleged damages. The court therefore denies [defendant's] motion to dismiss plaintiffs' trade secret misappropriation claim.").

   5. The charts identify documents by type and category in those circumstances in which Mattel has obtained admissions of the use, disclosure, embodiment or reflection of Mattel trade secrets in certain documents but, notwithstanding Court orders, MGA has not produced them.

   6. Mattel is currently unable to provide an image of every product identified on Exhibit A. MGA agreed in response to discovery that it would produce or make available for inspection a sample of each Bratz product but failed

to do so. Instead, MGA stipulated on the record that the products that were produced "are a representative sample of all Bratz dolls and other MGA products, including licensed products" and that "the MGA Parties will not contend that Mattel has failed to meet its burden in any respect by failing to introduce other Bratz dolls or MGA products, including licensed products."

7. The format requested by the Court limits the amount of particularity that can be identified for each misappropriated trade secret, which has been previously identified in detail in Mattel's interrogatory responses. Should the Court have any concerns about the level of particularity for any given trade secret that cannot be resolved by reference to the submitted images, Mattel will address any such concern or question.

8. Mattel reserves the right to amend, supplement and/or modify the charts and the submissions and to present additional evidence to the Court and the jury, including circumstantial and credibility evidence supporting its claim for theft of trade secrets.

DATED: February 8, 2011        QUINN EMANUEL URQUHART & SULLIVAN, LLP

By */s/ Michael T. Zeller*
   Michael T. Zeller
   Attorneys for Mattel, Inc. and Mattel de Mexico, S.A. de C.V.