QUINN EMANUEL URQUHART & SULLIVAN, LLP
   John B. Quinn (Bar No. 090378)
   (johnquinn@quinnemanuel.com)
   William C. Price (Bar No. 108542)
   (williamprice@quinnemanuel.com)
   Michael T. Zeller (Bar No. 196417)
   (michaelzeller@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:  (213) 443-3000
Facsimile:   (213) 443-3100

Attorneys for Mattel, Inc. and
Mattel de Mexico, S.A. de C.V.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation, and Mattel de Mexico, S.A. de C.V., a Mexico entity,<br><br>                 Plaintiff,<br><br>        vs.<br><br>MGA ENTERTAINMENT, INC., a California corporation,<br><br>                 Defendants.<br>_____<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 DOC (RNBx)<br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br><u>Hon. David O. Carter</u><br><br>**MATTEL INC.'S NOTICE OF MOTION AND MOTION TO EXCLUDE MGA2 3942911-3942966 FROM EVIDENCE**<br><br>Date:                    TBD<br>Time:                    TBD<br>Place:                   Courtroom 9D<br><br>Trial Date:          January 18, 2011 |

1  TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2      PLEASE TAKE NOTICE that, on a date to be determined by the Court,

3  plaintiffs Mattel, Inc. and Mattel de Mexico, S.A. de C.V. (collectively, "Mattel")

4  will, and hereby do, move the Court for an Order excluding MGA2 3942911-

5  MGA2 3942966 from evidence.

6      This Motion is made pursuant to <u>Federal Rules of Evidence</u> 403, <u>Federal</u>

7  <u>Rules of Civil Procedure</u> 37(c) and the Court's inherent powers on the grounds that

8  by producing MGA2 3942911- MGA2 3942966 for the first time mid-trial, MGA

9  has unfairly prevented Mattel from obtaining discovery into the state of MGA's

10  forecasting and inventory management systems in 2009 and 2010.

11      This Motion is based on this Notice of Motion, the Memorandum of Points

12  and Authorities, the supporting exhibits, the records and files of this Court, and all

13  other matters of which the Court may take judicial notice.

14  **Statement of Compliance**

15      Lead counsel met and conferred regarding the issues presented by Mattel's

16  Motion on February 9, 2011, but no resolution was reached.

17

18

19  DATED: February 9, 2011      QUINN EMANUEL URQUHART &

20                                 SULLIVAN, LLP

21

22  By _____

23            Michael T. Zeller
          Attorneys for Mattel, Inc.

24

25

26

27

28

# <u>TABLE OF CONTENTS</u>

<u>**Page**</u>

PRELIMINARY STATEMENT ................................................................................1

ARGUMENT.........................................................................................................2

I.    MGA'S UNTIMELY PRODUCTION SHOULD BE EXCLUDED BECAUSE IT IS UNFAIRLY PREJUDICIAL TO MATTEL........................2

    A.    MGA's Evidence Should Be Excluded Under Rule 403 As Substantially More Prejudicial Than Probative. .....................2

    B.    MGA's Evidence is Improper Under F.R.C.P. 26, F.R.C.P. 37(c)(1) and the Court's Inherent Powers...............................3

CONCLUSION......................................................................................................5

1

# **TABLE OF AUTHORITIES**

2

**Page**

3

## **Cases**

4

5

Campbell Indus. v. M/V Gemini,
   619 F.2d 24 (9th Cir. 1980) ............................................................5

6

Charnis v. Watersport Pro, LLC,
   2008 WL 4960433 (D. Nev. Nov. 20, 2008)..................................5

7

8

DLC Mgmt. Corp. v. Hyde Park,
   163 F.3d 124 (2d. Cir. 1998) ........................................................5

9

Oracle U.S.A., Inc. v. SAP AG,
   264 F.R.D. 541, 557 (N.D. Cal. 2009) .........................................5

10

11

U.S. v. Sumitomo Marine & Fire Ins. Co., Ltd.,
   617 F.2d 1365 (9th Cir. 1980) ......................................................5

12

13

Unigard Sec. Ins. Co. v. Lakewood Eng'g & Mfg Corp.,
   982 F.2d 363 (9th Cir. 1992) ........................................................5

14

Wilson v. Bradlees of New England, Inc.,
   250 F.3d 10 (1st Cir. 2001) ..........................................................4

15

16

Yeti by Molly, Ltd. v. Deckers Outdoor Corp.,
   259 F.3d 1101 (9th Cir. 2001) ......................................................4

17

18

## **Statutes**

19

20

F.R.C.P. 26..........................................................................................4

21

F.R.C.P. 26(a) .....................................................................................4

22

F.R.C.P. 26(1)(A)(ii)-(iii) ....................................................................4

23

F.R.C.P. Rule 37(b) ............................................................................5

24

F.R.C.P. 37(c)(1) ................................................................................4

25

Fed. R. Evid. 403 ................................................................................3

26

27

28

**<u>Preliminary Statement</u>**

Earlier in this litigation, Mattel sought documents commenting on or discussing the performance of MGA's forecasting and inventory management systems up through 2010.[1]  Because Mr. Castilla arrived at MGA in 2006, because even enhancements to these systems and processes typically take a significant amount of time to design and implement, and because there can be significant variation throughout a season, Mattel sought discovery for this time period in order to illuminate the development of any new features or systems and to gain a fair assessment of the performance of those new features or systems.

After first falsely suggesting that MGA's forecasting and inventory management systems were only replaced before Castilla ever appeared at MGA,[2] MGA eventually acknowledged that it had scrapped its forecasting system shortly after Castilla arrived, and, with Castilla's guidance, designed a new "home-grown"[3] system called the Forecast Portal that was implemented in 2008.[4]  Nevertheless, MGA vigorously opposed discovery of any and all materials relating to its forecasting and inventory management systems, processes or performance that were dated after September 13, 2006, arguing that regardless of what changes were made

---

[1]   <u>See</u> Mattel's Third Set of Requests for Documents and Things to MGA Entertainment, dated September 16, 2009; Mattel's Requests for Documents and Things re: Jorge Castilla's Trade Secret Misappropriation to MGA Entertainment, dated July 23, 2010.

[2]   Dkt. No. 7887, at 5 ("In fact, MGA had replaced both its inventory and management systems shortly *before* hiring Castilla.  (The new John Galt forecasting system went live on January 1, 2006 – three months before Castilla's arrival in March, 2006 – and the Axapta inventory system went live on 2006, again, before Castilla was hired.") (emphasis in original).

[3]   Deposition Transcript of MGA 30(b)(6) (Dennis Joliecoeur), dated October 1, 2010, at 6077:12-17 (Q:   And isn't it true that Nicole Coleman testified that it was a homegrown system, the Forecast Portal?  A:   I don't think what I've testified to is in conflict with that at all.  It is a homegrown system.).

[4]   Dkt. No. 8205, at 8.

1   in these systems after Castilla's arrival, such materials were irrelevant because
2   MGA's forecasting performance "actually got worse . . . because of declining sales
3   that led to greater uncertainty in future sales."[5]  As a result, Mattel's discovery was
4   limited to the period up to March 13, 2007.[6]

5          Only after trial started, on January 22, 2011, MGA produced a handful of
6   documents from 2009 through late 2010 regarding the performance of MGA's
7   forecasting and inventory management systems (MGA2 3942911 – MGA2
8   3942966).  Each of these documents purports to evidence deficiencies in MGA's
9   forecasting activities in existence in the 2009-2010 time period.  On Saturday, all
10  but one of these documents were placed on MGA's intended list of exhibits to be
11  used with Mr. Larian, obviously for the purpose of arguing that Castilla and MGA
12  did not benefit from their acquisition and use of Mattel's stolen information.

13         This is improper.  Proper discovery into 2009-2010 was disallowed,
14  preventing Mattel from meaningfully countering the story MGA plans to tell at trial
15  about these hand-picked documents.  The Court should exclude MGA2 3942911 –
16  MGA2 3942966 from evidence.

17                              **Argument**
18  I.    **MGA'S UNTIMELY PRODUCTION SHOULD BE EXCLUDED**
19        **BECAUSE IT IS UNFAIRLY PREJUDICIAL TO MATTEL**
20        A.    **MGA's Evidence Should Be Excluded Under Rule 403 As**
21              **Substantially More Prejudicial Than Probative.**

22         Under Rule 403, "evidence may be excluded if its probative value is
23  substantially outweighed by the danger of unfair prejudice, confusion of the issues,
24  or misleading the jury…."  Fed. R. Evid. 403.  The documents produced by MGA at

---

26   [5]  Dkt. No. 8205, at 7.
27   [6]  See Order on Pending Discovery Motions, dated August 3, 2010, (Dkt. No. 8459), p. 4-6.
28

issue here are certain to be misleading to the jury because Mattel cannot introduce other documents from that period of time or otherwise refute MGA's arguments about the supposed state of MGA's systems and processes in 2009 and 2010.  The jury will necessarily find that MGA's version of the facts is the correct one, not by weighing the relevant evidence, but because no alternative explanation could be offered.

Further, these items have little, if any, probative value.  MGA has argued that business variations created problems with its abilities to accurately forecast that make such materials useless for assessing whether its forecasting systems and processes improved.[7]  That MGA runs out of one doll and has to cancel an order for 5,000 pieces with Wal-Mart, and that Larian comments "We need to forecast better"[8] could occur because someone typed the wrong amount into their system, or because hair supply for that item ran out, or for many other reasons quite unrelated to the new systems and processes MGA installed at Castilla's direction.  Without proper discovery into these documents and into the true state of MGA's processes and systems at the time, these documents prove nothing and only serve to mislead the jury.

## B.   MGA's Evidence is Improper Under F.R.C.P. 26, F.R.C.P. 37(c)(1) and the Court's Inherent Powers.

MGA's eleventh-hour evidence concerning its forecasting and inventory management systems in 2009 and 2010, a time period for which Mattel was unable to take any discovery, should be excluded under Rule 37(c)(1) and the Court's inherent powers.  MGA had an affirmative obligation to produce evidence supporting its defenses to Mattel's claims that it has failed to fulfill.  Pursuant to Rule 26(a), MGA had an obligation to disclose this information in its initial

---

[7]  Dkt. No. 8205, at 7.
[8]  MGA2 3942911-13.

1   disclosures and had an obligation to supplement its initial disclosures "in a timely

2   manner."  See Rule 26(1)(A)(ii)-(iii). MGA has done neither and its failure to

3   disclose or supplement is sanctionable under Rule 37(c)(1) unless the failure was

4   "substantially justified" or "harmless" – a burden which rests on MGA.  Yeti by

5   Molly, Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1107 (9th Cir. 2001) ("[I]t is

6   the obligation of the party facing sanctions for belated disclosure to show that its

7   failure to comply with [Rule 26] was either justified or harmless....") (quoting

8   Wilson v. Bradlees of New England, Inc., 250 F.3d 10, 21 (1st Cir. 2001)).  MGA

9   has failed to show that its failures are either "substantially justified" or "harmless."

10   The most recent of the documents related to MGA's forecasting and inventory

11   management systems is from September of 2010, just weeks before the close of

12   discovery and nearly five months before it was produced by MGA in this action.

13   There is no innocuous explanation to justify production of any of these documents

14   now.    Moreover, MGA cannot make a showing that its late production is harmless,

15   because Mattel now has no opportunity to investigate, seek additional discovery

16   into, or respond to MGA's 2009 and 2010 evidence.

17       Rule 37(c)(1) is an "automatic" and "self-executing" sanction that precludes

18   MGA from sandbagging Mattel with this new evidence.  Yeti by Molly, 259 F.3d at

19   1106-07.  At this juncture, only exclusion of the late-disclosed evidence is a

20   commensurate sanction.  "Preclusionary orders ensure that a party will not be able to

21   profit from its own failure to comply."  U.S. v. Sumitomo Marine & Fire Ins. Co.,

22   Ltd., 617 F. 2d 1365, 1369 (9th Cir. 1980); see also Charnis v. Watersport Pro, LLC,

23   2008 WL 4960433, *7-8 (D. Nev. Nov. 20, 2008) (failure to respond satisfactorily

24   to interrogatories and produce documents merits Rule 37(b) preclusion sanctions).

25   The Ninth Circuit "has recognized as part of a district court's inherent powers the

26   'broad discretion to make discovery and evidentiary rulings conducive to the

27   conduct of a fair and orderly trial.'"  Unigard Sec. Ins. Co. v. Lakewood Eng'g &

28   Mfg Corp., 982 F. 2d 363, 368 (9th Cir. 1992) (quoting Campbell Indus. v. M/V

<u>Gemini</u>, 619 F. 2d 24, 27 (9th Cir. 1980); <u>see</u> <u>also</u> <u>DLC Mgmt. Corp. v. Hyde Park</u>, 163 F.3d 124, 135-36 (2d. Cir. 1998) (courts have inherent power "to levy sanctions in response to abusive litigation practices") (internal quotations omitted).  The Court should not ratify MGA's tactical decision to prejudice Mattel, well into trial, by using this evidence to which Mattel has no opportunity to respond.  <u>See</u> <u>Oracle U.S.A., Inc. v. SAP AG</u>, 264 F.R.D. 541, 557 (N.D. Cal. 2009) (precluding plaintiff from presenting evidence of certain damages where it successfully resisted discovery into those areas by the defendant.)

## <u>Conclusion</u>

For the foregoing reasons, Mattel respectfully requests that the Court grant Mattel's Motion *In Limine* to exclude MGA2 3942911-3942966 from evidence.

DATED:  February 9, 2011      QUINN EMANUEL URQUHART & SULLIVAN, LLP


By   */s/ Michael T. Zeller*
      Michael T. Zeller
      Attorneys for Mattel, Inc. and
      Mattel de Mexico, S.A. de C.V.