ANNETTE L. HURST (State Bar No. 148738)
ahurst@orrick.com
WARRINGTON S. PARKER III (State Bar No. 148003)
wparker@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
405 Howard Street
San Francisco, CA 94105-2669
Tel: (415) 773-5700/Fax: (415) 773-5759

WILLIAM A. MOLINSKI (State Bar No. 145186)
wmolinski@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA 90017
Tel. (213) 629-2020/Fax: (213) 612-2499

THOMAS S. MCCONVILLE (State Bar No. 155905)
tmcconville@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
4 Park Plaza, Suite 1600
Irvine, CA 92614-2258
Tel: (949) 567-6700/Fax: (949) 567-6710

Attorneys for MGA Parties

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>MGA ENTERTAINMENT, INC., a California corporation, et al.,<br><br>    Defendant.<br><br>AND CONSOLIDATED ACTIONS | Case No. CV 04-09049 DOC (RNBx)<br>Consolidated with:<br>Case Nos. CV 04-09059 & CV 05-02727<br><br>**Hon. David O. Carter**<br><br>**MGA PARTIES' OPPOSITION TO MATTEL, INC.'S MOTION TO EXCLUDE MGA2 3942911-3942966 FROM EVIDENCE**<br><br>Date:  TBD<br>Time:  TBD<br>Dept:  Courtroom 9D |

# INTRODUCTION

The pivotal issue concerning Mattel's claim concerning documents taken by Jorge Castilla is whether these documents were ever brought to MGA. As the Court recognized in its summary judgment ruling, the undisputed evidence shows that Castilla surrendered to the authorities the thumb drive containing these documents one week *before* starting at MGA. This fact should end the discussion.

Mattel nonetheless speculates that Castilla may have copied the documents before turning them over to the FBI and brought them to MGA. Mattel's evidence? First, that Isaac Larian complained about MGA's forecasting before Castilla arrived. This theme became clear in the examination of Mr. Larian on exhibits 7056, 7540 and 7544. Second, Mattel argues that MGA installed an improved forecasting system after Castilla's arrival. Indeed, Mattel convinced this Court to deny summary judgment for MGA on the false and misleading claim that MGA implemented a re-hauled forecasting system soon after Castilla's arrival that solved all of MGA's forecasting woes.

The documents Mattel seeks to exclude, MGA2 3942911-3942966 (the "Forecast Documents") directly refute Mattel's claims. Those documents show complaints by Mr. Larian about MGA's forecasting even after Castilla joined MGA. As Mr. Larian testified, he continued to complain about MGA's forecasts well after Castilla joined and as recently as 2010.

Mattel obviously wants to exclude these documents because they undermine Mattel's position. By showing jurors only complaints that pre-date Castilla's hiring, and excluding these post-hiring complaints, Mattel can mislead the jury into believing MGA's forecasts became dramatically better after Castilla joined. Mattel's efforts at keeping this information from jurors should be denied. The documents are highly relevant and directly responsive to Mattel's assertions. The documents allow jurors to view a more complete set of facts and puts the previously introduced exhibits in context. MGA timely produced these documents in response

1  to Mattel's summary judgment papers, its recent expert report and the testimony of
2  Mr. Larian on the stand this week.

## ARGUMENT

### A. The Forecasting Documents Are Highly Relevant

Mattel first argues that the documents showing complaints by MGA about its forecasting after Castilla joined are misleading because there could be alternative explanations for such complaints.  Really?!  Mattel relied on identical complaints about forecasting before Castilla arrived – – and a lack of such complaints after he arrived – – as definitive proof of MGA's use of Mattel's trade secrets.  By precluding complaints after Castilla arrived, Mattel hopes to continue to create a false impression of MGA's forecasting before Castilla arrived.  MGA has every right to introduce the same complaints after he joined to show no dramatic improvements in forecasting that would suggest use of Mattel information.

Mattel would have the Court ignore this evidence and instead invite the Court to continue to rely on misleading inferences it asks be drawn from an incomplete record.  The Court should decline this invitation.  These documents show MGA making the very same complaints about forecasting that Mattel has already introduced into evidence.  Moreover, the complete documents, with attachments, were produced to allow a fulsome examination into these documents.  MGA has also produced, concurrent with the production of these documents, detailed fill rate reports and excess inventory reports that further support the information contained in the Forecast Documents.  No basis exists to exclude these documents.

### B. MGA' Documents Were Timely Produced

Since trial began, Mattel has produced numerous documents that were not produced during discovery.  Many of these newly produced documents were introduced into evidence by Mattel.  If a failure to produce documents during discovery precluded the use of documents at trial, MGA requests all such Mattel exhibits be stricken.

### 1. The Documents Were Produced In Response To Mattel's Expert Report and Position Taken In Summary Judgment

Mattel has introduced the expert report of Professor Nada Sanders who has testified to the value to MGA of the documents taken by Castilla. The Forecasting Documents produced by MGA directly respond and refute Prof. Sander's opinions. Specifically:

- Prof. Sanders refers to complaints made about the accuracy of certain MGA forecasts before Castilla arrived to suggest that MGA's forecasting system was in need of improvement. The Forecasting Documents produced by MGA contain identical complaints made about forecasts after Castilla was hired in April 2006, including in late 2006, 2007, 2009 and even as recent as 2010.

- Prof. Sanders claims that one measure to forecast accuracy is the amount of excess inventory as a percentage of net sales. In her report, Prof. Sanders attaches a chart of data – – not produced during discovery – – showing purported improvements to Mattel's percentage of excess inventory from 2004 to 2010. She argues this shows that Mattel is an industry leader that MGA would want to emulate. The MGA Forecasting Documents include MGA data showing levels of inventory after Castilla joined that can be compared with levels before he joined. Moreover, MGA's data produced with these emails shows MGA's excess inventory hitting its worse level in 2007 – – the first full year after Castilla arrived.

- Prof. Sanders ignores in her report the flip-side of measuring forecast accuracy – – when not enough is forecasted so there is trouble filling customer orders. The Forecasting Documents include MGA fill rate reports showing that for MGA's most significant customer, Wal-Mart, those fill rates got worse after Castilla joined MGA.

1  MGA does not agree that one can draw reasonable inference as to whether Castilla
2  did or did not bring Mattel documents to MGA based solely on whether MGA's
3  forecasting got better or worse – – and certainly not on whether there were isolated
4  complaints about certain forecasts before or after.  But if Mattel intends to ask the
5  jury to make such inferences, which they obviously do, it is important that the jury
6  be presented with an accurate record as to MGA's forecasting accuracy.  Mattel's
7  effort to present an inaccurate and misleading record as to MGA's forecasting
8  accuracy by introducing only documents that pre-date Castilla's arrival is
9  unwarranted.

### 2. The Forecasting Documents And Supplemental Report Were Produced Prior to Mattel's Deposition Of MGA's Forecasting Expert

12  The Court recently ruled that Mattel can depose Prof. Bassok for an
13  additional five hours.  That deposition is scheduled for February 11, 2011.  Mattel,
14  therefore, will have the opportunity to depose Prof. Bassok on the Forecasting
15  Documents.  Mattel will also have the opportunity to question Castilla, his boss
16  Nicole Coleman, Ron Brawer and others who are copied on these emails.  Mattel
17  cannot demonstrate any prejudice from the production of these documents.
18  Certainly, there is no prejudice that would outweigh the prejudice created from
19  allowing Mattel to mislead jurors with an incomplete record.

### CONCLUSION

21  Mattel's request to exclude MGA2 3942911-3942966 should be denied.

Dated:   February 10, 2011         ORRICK, HERRINGTON & SUTCLIFFE LLP


By:   */s/ William A. Molinski*
      William A. Molinski
      Attorneys for MGA Parties