ANNETTE L. HURST (State Bar #148738)
ahurst@orrick.com
WARRINGTON S. PARKER III (State Bar #148003)
wparker@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building, 405 Howard Street
San Francisco, CA 94105
Tel: (415) 773-5700/Fax: (415) 773-5759

WILLIAM A. MOLINSKI (State Bar #145186)
wmolinski@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA  90017
Tel. (213) 629-2020/Fax: (213) 612-2499

THOMAS S. MCCONVILLE (State Bar #155905)
tmcconville@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
4 Park Plaza, Suite 1600
Irvine, CA 92614-2258
Tel: (949) 567-6700/Fax: (949) 567-6710

Attorneys for MGA Parties

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br>——————————————<br>AND CONSOLIDATED ACTIONS | Case #CV 04-9049 DOC (RNBx)<br><br>Consolidated with:<br>Case #CV 04-09059<br>CASE #CV 05-02727<br><br>**MGA PARTIES' REBUTTAL TO MATTEL, INC.'S OFFER OF PROOF REGARDING LARIAN SPOLIATION**<br><br>Date:        TBD<br>Time:        TBD<br>Courtroom:  9D<br><br>Trial Date: January 18, 2011 |

1

### INTRODUCTION

2       This is not Mattel's first motion for reconsideration.  Like the others, it

3  should be rejected.  Mr. Larian has not opened a door.  He answered questions

4  posed by Mattel about the production of documents.  The spoliation claims were—

5  and remain—meritless.  They continue to fail the fundamental legal standard that

6  Mattel acknowledges applies.  Mattel must show "(1) that the party having control

7  over the evidence had an obligation to preserve it at the time it was destroyed; (2)

8  that the records were destroyed with a culpable state of mind and (3) that the

9  destroyed evidence was relevant to the party's claim or defense such that a

10 reasonable trier of fact could find that it would support that claim or defense." *In re*

11 *Napster, Inc. Copyright Litig.*, 462 F. Supp. 2d 1060, 1078 (N.D. Cal. 2006); *see*

12 *also Akiona v. United States*, 938 F.2d 158, 161 (9th Cir. 1991) ("A party should

13 only be penalized for destroying documents if it was wrong to do so, and that

14 requires, at a minimum, some notice that the documents are potentially relevant.");

15 Dkt. No. 9458 (Mattel's Motion *in Limine* No. 15 re Alleged Spoliation by Mattel)

16 at 2.

17

### ARGUMENT

18      **A.      No door has been opened.**

19      Mr. Larian's testimony has not "opened the door" to Mattel's wholly

20 prejudicial allegations of spoliation.  All of the statements Mattel complains of were

21 made in response to questions posed by Mattel to Isaac about which of his

22 documents were produced by his attorneys and when his attorneys produced

23 them—answers Mr. Larian could hardly be expected to know.  Mr. Larian answered

24 these questions to the best of his ability.  And, from his point of view, the answers

25 were entirely warranted.  Counsel has produced nearly a quarter of a million

26 documents from his custody alone over the course of this litigation, totaling more

27 than 850,000 pages.  That astonishing number does not include the additional

28 emails and documents that he turned over to counsel, but which were not produced

MGA'S REBUTTAL TO MATTEL'S OFFER OF PROOF RE
LARIAN SPOLIATION
CASE NO. CV 04 9049-DOC (RNBX)

1    because they were irrelevant or privileged.  It does not include the millions of pages

2    produced by others.  And, as this Court is well aware, the entire contents of his hard

3    drives were exhaustively examined for evidence of spoliation and subsequently

4    searched according to nearly 700 searches designed by Mattel.

5            **B.**      **The "instances of spoliation" Mattel alleges remain baseless.**

6         <u>Brian Wing.</u>  Brian Wing's testimony that Isaac Larian instructed him to ask

7    Joe Tiongco to delete a single email is unsupported by any evidence.  Wing could

8    not recall the subject of the email, could not recall the content of the email, and

9    could not recall to whom the email was addressed.  Dkt. No. 7559 (Deposition

10   Transcripts of Brian Wing) at 615, 617, 628.  After Wing was unable to remember

11   any of these facts, Mattel prompted Wing, '[i]s it the case that you have a—*vague*

12   *recollection* that the general subject matter of the—this email exchange that—you

13   were discussing with Mr. Larian was Mattel?"  *Id.* at 633-34 (emphasis added).

14   Only in response to this prompt, whether he had a "vague recollection" of the

15   email, Wing answered yes.  *Id.*  Mattel then offered Wing a coin-flip: "[d]o you

16   recall whether the email related to the litigation with Mattel or had something else

17   to do with Mattel…?"  *Id.* at 634.  Wing had no idea.

18        Nothing supports Wing's "vague recollection."  Joe Tiongco did not recall

19   Wing ever making such a request.  Dkt. No. 7561-1.  Mr. Tiongco searched his

20   email from the relevant time period and found no email from Brian Wing, nor any

21   email to Brian Wing confirming any such deletion.  *Id.*  Moreover, Tiongco has

22   stated that even had he received such a request, he would not have complied with it,

23   anyway.  *Id.*

24        <u>Larry Falcon.</u>  Larry Falcon was a Vice President of sales.  He was not in

25   MGA's IT department.  He did not maintain MGA's servers.  Mr. Falcon is not

26   accused of stealing trade secrets.  In fact, Mattel alleges nothing against him at all.

27   The fact that Mr. Falcon deleted something is not, without more, probative of

28   anything.  MGA is a multimillion-dollar business that in 2007 employed hundreds

MGA'S REBUTTAL TO MATTEL'S OFFER OF PROOF RE
LARIAN SPOLIATION
CASE NO. CV 04 9049-DOC (RNBx)

1    of people, each of whom generated documents and records in the ordinary course of

2    their employment.  The law does not require MGA to hold on to every single

3    document or scrap of information that its employees generated, only those

4    documents relevant to this litigation.  *Akiona*, 938 F.2d at 161; *In re Napster, Inc.*

5    *Copyright Litig.*, 462 F. Supp. 2d at 1078.

6         There is no indication—anywhere—in the mountain of evidence produced by

7    MGA and Isaac Larian, including TX 22334, that anything was improperly deleted

8    by Larry Falcon.  There is no gap.  There are no documents that suggest Mr. Falcon

9    spoliated any evidence.  Nor has there been any such testimony.  Absent any such

10   evidence, the Falcon email should not be admitted.  *Gates Rubber Co. v. Bando*

11   *Chemical Indus.*, 167 F.R.D. 90, 104 (D. Colo. 1996) ("The burden is on the

12   aggrieved party to establish 'a reasonable possibility, based on concrete evidence

13   rather than a fertile imagination' that access to the [lost material] would have

14   produced evidence favorable to his cause.'") (citations omitted).

15        Mattel asks leave to use TX 22334 not because it is probative of anything,

16   but because of it has been cherry-picked from the hundreds of thousands of

17   documents Isaac produced precisely for its prejudicial effect.

18        Farhad Larian.  Farhad is Isaac Larian's brother.  He is not Isaac Larian.  He

19   is not, and never has been, a party to this case.  After Farhad dropped his lawsuit

20   against Isaac, MGA asked Farhad Larian to return all of the copies of MGA

21   documents he had collected to use in litigation.  Trial Tr. at 3790:16-19.  Instead,

22   Farhad threw away two or three boxes.  Trial Tr. 3787:8-16.  But by doing so,

23   Farhad neither prejudiced Mattel nor spoliated evidence—the documents he

24   allegedly "destroyed" were merely his copies of records otherwise maintained by

25   MGA.  Trial Tr. 3790:9-15.  Farhad threw away the documents before he received a

26   letter from Mattel asking him to preserve his copies of documents.  Trial Tr.

27   3787:8-15.  After he received a letter, he preserved documents as Mattel requested

28   and produced thousands to Mattel during this litigation.  *Id.*  Nobody from MGA

- 3 -

1  told him to throw anything away.  Nobody from MGA encouraged or assisted him.

2  *Id.* at 3792:11-3793:1.  This Court has already ruled that this evidence should not

3  come in.  Dkt. No. 9776.  Nothing has changed.

4  **CONCLUSION**

5     Mattel has presented no reason why the Court should reconsider its prior

6  decisions on Mattel's allegations of spoliation.  Accordingly, Mattel's offer of

7  proof should be denied.

8

9  Dated:  February 10, 2011                    ORRICK, HERRINGTON & SUTCLIFFE

10

11                                   By:  _____/s/ Warrington S. Parker_____

12                                          Warrington S. Parker
                                            Attorneys for MGA Parties

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MGA'S REBUTTAL TO MATTEL'S OFFER OF PROOF RE
LARIAN SPOLIATION
CASE NO. CV 04 9049-DOC (RNBx)