QUINN EMANUEL URQUHART & SULLIVAN, LLP
  John B. Quinn (Bar No. 090378)
  (johnquinn@quinnemanuel.com)
  William C. Price (Bar No. 108542)
  (williamprice@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc. and
Mattel de Mexico, S.A. de C.V.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation, and Mattel de Mexico, S.A. de C.V., a Mexico entity, | CASE NO. CV 04-9049 DOC (RNBx) Consolidated with Case No. CV 04-09059 Case No. CV 05-02727 |
| Plaintiff, | Hon. David O. Carter |
| vs. | **REPLY IN SUPPORT OF MATTEL INC.'S MOTION TO EXCLUDE MGA2 3942911-3942966 FROM EVIDENCE** |
| MGA ENTERTAINMENT, INC., a California corporation, | |
| Defendants. | Date: TBD  Time: TBD  Place: Courtroom 9D |
| AND CONSOLIDATED ACTIONS | Trial Date: January 18, 2011 |

00505.07975/3964369.1

REPLY ISO MATTEL INC.'S MOTION TO EXCLUDE MGA2 3942911-3942966 FROM EVIDENCE

## **Argument**

MGA's Opposition misses the point entirely. Mattel does not argue that forecasting documents from 2009 and 2010 should be excluded because they are irrelevant, or because they were untimely produced. MGA refused to produce them on the basis that they were irrelevant; indeed prevented Mattel from discovery into this entire area; and now, at the last moment, has picked a few favorites it hopes to trick the jury with. Their use under these circumstances is the basis for Mattel's Motion, and MGA's Opposition cannot and does not refute this point.

Certainly, the documents about MGA's forecasting and inventory management systems and processes that Mattel sought in discovery last year, including the handful that MGA has selected for use at trial, *were* relevant because they would have allowed Mattel a view into the features and performance of the systems that Castilla created for MGA *after* his arrival. Nevertheless, at MGA's urging that they were irrelevant, the Court denied Mattel's motion for that discovery. Accordingly, the few documents MGA has unilaterally selected now are just meaningless blips on an otherwise empty record, making them far more prejudicial than probative.

In addition, none of them can serve as a response to complaints about forecasting before Castilla arrived, as MGA claims. The MGA response to those complaints would come from that same time period – in the form of testimony explaining the statements made, or reports showing that those complaints were overblown or anecdotal, etc. MGA has already made all those arguments. But nothing from 2009 or 2010 can have a bearing on what happened years before, especially since MGA has admitted it abandoned those prior systems and installed new ones after Mr. Castilla arrived.

## Conclusion

For the foregoing reasons, Mattel respectfully requests that the Court grant Mattel's Motion *In Limine* to exclude MGA2 3942911-3942966 from evidence.

DATED: February 11, 2011          QUINN EMANUEL URQUHART & SULLIVAN, LLP


By  */s/ Michael T. Zeller*
    Michael T. Zeller
    Attorneys for Mattel, Inc. and
    Mattel de Mexico, S.A. de C.V.

00505.07975/3964369.1

-2-
REPLY ISO MATTEL INC.'S MOTION TO EXCLUDE MGA2 3942911-3942966 FROM EVIDENCE