QUINN EMANUEL URQUHART & SULLIVAN, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  William C. Price (Bar No. 108542)
  (williamprice@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:  (213) 443-3000
Facsimile:  (213) 443-3100

Attorneys for Mattel, Inc. and
Mattel de Mexico, S.A. de C.V.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation, and Mattel de Mexico, S.A. de C.V., a Mexico entity, | CASE NO. CV 04-9049 DOC (RNBx) Consolidated with Case No. CV 04-09059 Case No. CV 05-02727 |
| Plaintiffs, | Hon. David O. Carter |
| vs. | **MATTEL'S OPPOSITION TO MGA'S MOTION IN LIMINE NO. 44 TO PRECLUDE EVIDENCE REGARDING THE ALLEGED THEFT OF MATTEL'S NEWLY DROPPED TRADE SECRET CLAIM** |
| MGA ENTERTAINMENT, INC., a California corporation, et al., | |
| Defendants. | Hearing Date:        TBD Time:                     TBD Place:                    Courtroom 9D |
| AND CONSOLIDATED ACTIONS | Pre-trial Conference:   January 4, 2011 Trial:                          January 18, 2011 |

00505.07975/3959843.6

MATTEL'S OPPOSITION TO MOTION IN LIMINE NO. 44

**Preliminary Statement**

Mattel has not "dropped" its trade secret claims for the name "Jade" or the theme "Swappin Styles."  MGA knows this.  Mattel asserted these trade secrets for years in discovery and, during trial, repeatedly discussed these trade secrets with the Court and MGA's counsel.  On February 7, 2011, when the inadvertent omission of certain trade secrets from the charts that Mattel filed with the Court was brought to the attention of Mattel's counsel, Mr. Zeller reiterated to MGA's counsel that "Jade" and "Swappin' Styles" are trade secrets that Mattel is still claiming as part of its misappropriation claim.  Mattel then filed corrected charts that includes the "Jade" and "Swappin' Styles" trade secrets.  See Dkt. No. 9829.

Mattel made clear it was not asserting a trade secret claim for TX 6935 months ago during the parties' summary judgment briefing.  See Dkt. No. 9252 at 851:13-15.  Mattel also is no longer pursuing the name "Moxie" as a trade secret.  As to "Moxie" and TX 6935, MGA's motion should be denied.  As explained in Mattel's Offer of Proof and Supplemental Brief re MGA's Motion in Limine No. 43 Regarding Theft of Non-Trade Secret Information (Docket No. Dkt. No. 9826), MGA's taking of Mattel's information is relevant whether the information is a trade secret or not.  "Moxie" and TX 6935 are, for example, relevant to proving the MGA defendants' misappropriation, use and willfulness, all elements of Mattel's misappropriation of trade secrets claim.

**Argument**

# I.   MATTEL HAS NOT "DROPPED" ITS TRADE SECRET CLAIMS CONCERNING JADE AND SWAPPIN' STYLES

Mattel has not dropped its trade secret claims for the name "Jade" or the theme "Swappin' Styles."  The sole basis for MGA's argument otherwise is that they were inadvertently omitted from Mattel's response to the Court's February 1, 2011 Order.  Once Mattel recognized the omission, Mattel immediately informed MGA's counsel, Thomas McConville, that it was an error and then filed a corrected

response confirming that the "Jade" and "Swappin' Styles" trade secrets were being asserted.[1]  As part of Mattel's trade secret misappropriation claim, the unauthorized taking of "Jade" and "Swappin' Styles" is highly relevant.  Fed. R. Evid. 402 ("All relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules….").  MGA admits that evidence related to Mattel's allegedly misappropriated trade secrets is relevant and admissible.  (MIL No. 44 at 3:27-4:3).

MGA has no claim of prejudice from the inadvertent omission.  On February 7, 2011, promptly after recognizing the error, Mr. Zeller told Mr. McConville that Mattel had not dropped "Jade" or "Swappin Styles" as trade secrets.  Mattel's continued prosecution of the claims against the MGA defendants for the taking of "Jade" and "Swappin' Styles" will not unduly prejudice MGA.  Mattel has long claimed these as trade secrets.[2]  They were the subject of MGA's Motion for Summary Judgment.  The Court denied MGA's summary judgment motion in relevant part, finding that Mattel's trade secret claim as to "Jade" and "Swappin' Styles" is an issue for the jury to resolve.[3]  In the same order, the Court specifically

---

[1]  See Mattel's Third Corrected Notice of Compliance re: the Court's February 1, 2011 Order, dated Feb. 8, 2011 (Dkt. No. 9829).

[2]  See Mattel, Inc.'s First Supplemental Objections and Responses to MGA Entertainment, Inc.'s Second Set of Interrogatories, dated July 31, 2009, at 16:6-8 ("All information relating to any ideas, designs, conceptions, or names for Bratz, including but not limited to such ideas, designs, conceptions, or names contained in the following documents."); Mattel, Inc.'s Second Supplemental Objections and Responses to MGA Entertainment, Inc.'s Second Set of Interrogatories, dated Sept. 14, 2009, at 20:19-21 (same) and 144:2-145:4 (discussing "Swappin' Styles").  See also Supplemental Objections and Responses to Interrogatory Nos. 20, 22-23 and 28 in MGA Entertainment, Inc.'s Second Set of Interrogatories, dated Oct. 4, 2010, at 7:22 (Jade trade secret) and 218:15-219:4 ("Swappin' Styles" trade secret).

[3]  Amended Summary Judgment Order, dated Jan. 5, 2011 (Dkt. No. 9600). Regarding the name "Jade," the Court found that "MGA's arguments are better addressed to a fact-finder tasked with determining whether the doll names Bratz and
   (footnote continued)

00505.07975/3959843.6

rejected MGA's argument that Mattel's misappropriation claim based on the "Jade" name was "untimely."  The Court found that "the parties have long operated under the understanding that Mattel's trade secret misappropriation counter-claim encompassed the Bratz and Jade names."[4]  In its September 4, 2010 Order Granting Motion to Confirm, the Court rejected a similar argument, finding that "MGA's argument that the Bratz and Jade trade secret claims somehow require new discovery rings shallow" because the "phase 1 record evidences an understanding between counsel that Mattel was asserting that Bratz and Jade were trade secrets." Order at 2:28-3:2, Dkt. No. 8705.

## II.   EVIDENCE REGARDING THE TAKING OF TX 6935 AND MOXIE IS RELEVANT TO MATTEL'S CLAIMS

Mattel made clear that it was not pursuing TX 6935 as a trade secret claim months ago.  This document is a compilation of shelf space pricing and flyer activity for Mattel's products versus those of its competitors.  Ms. Brisbois took it when she resigned from Mattel.  Mattel withdrew this document as a basis for its claim in its Consolidated Separate Statement in Support of its Motion for Partial Summary Judgment dated Nov. 8, 2010 (Dkt. No. 9252) at 851:13-15.  Mattel also is not asserting the name "Moxie" as a misappropriated trade secret for which it seeks damages.

Yet, that does not render these matters irrelevant or inadmissible.  The burden on the party demonstrating relevance is low.  Fed. R. Evid. 401; see Daubert v. Merrill Dow Pharm., Inc., 509 U.S. 579, 587 (1993) (describing Rule 401's standard

---

Jade qualify as trade secrets; in particular, whether the names derive independent value from not being generally known."  Id. at 36:10-12.  Regarding "Swappin' Styles," the Court found that "there is a genuine issue of material fact as to whether Brawer disclosed and MGA improperly acquired knowledge about Mattel's MyScene Swappin' Styles doll."  Id. at 39:17-18.

[4]   Amended Order, dated Jan. 5, 2011 (Dkt. No. at 33:12-15).

of relevance as a "liberal one").   TX 6935 and Moxie remain relevant to Mattel's trade secret misappropriation claims.  Claims for misappropriation of trade secrets are often proved through circumstantial evidence.  "Misappropriation and misuse can rarely be proved by convincing direct evidence.  In most cases plaintiffs must construct a web of perhaps ambiguous circumstantial evidence from which the trier of fact may draw inferences which convince him that it is more probable than not that what plaintiffs allege happened did in fact take place."  Uniram Tech. v. Taiwan Semiconductor Mfg. Co., 617 F. Supp. 2d 938 (N.D. Cal. 2007) (quotation omitted); see also In re Dana Corp., 574 F.3d 129, 155 (2d Cir. 2009) (circumstantial evidence permitted inference that defendant knew of and ratified the theft by taking advantage of the misappropriation to improve its business); Droeger v. Welsh Sporting Goods Corp., 541 F.2d 790, 792 (9th Cir. 1976) (despite lack of direct evidence, circumstantial evidence created jury question); SKF USA Inc. v. Bjerkness, 2010 WL 3155981, at *1 (N.D. Ill. Aug. 9, 2010) (theft of computer files was circumstantial evidence that defendants intended to use trade secrets to divert customers to competing business); Computer Sciences Corp. v. Computer Assocs. Int'l, Inc., 1999 U.S. Dist. LEXIS 21803 (C.D. Cal. Aug. 12, 1999) (misappropriation may be inferred from ambiguous circumstantial evidence).

MGA argues that Mattel should not be able to say a word about the taking of the more than 50 documents Ms. Brisbois took, including TX 6935, to MGA other than the 14 that have been identified as containing trade secrets.  But the sheer volume of the documents downloaded by Ms. Brisbois within hours of speaking with Mr. Larian, including TX 6935, is relevant.[5]  Ms. Brisbois admits she targeted specific documents because they would be useful in the future.[6]  The breadth of her

---

[5]   Deposition Transcript of Janine Brisbois, dated Dec. 9, 2009, at 150:5-25; 226:17-24.

[6]   See, e.g., Brisbois Depo Tr. at 204:16-20, 210:6-10, 211:22-24.

taking, coupled with its proximity to her call with Mr. Larian refutes MGA's claim that it had "no desire" to use Mattel information and undercuts MGA's claims that it instructed Mattel employees not to take anything and understood that they had complied.  It is the same type of information and conduct that the Court has already ruled is relevant to trade secret misappropriation because the jury is entitled to conclude that Mr. Larian's and MGA's reminders are false.  The downloading of 50 documents by Ms. Brisbois shows that her representation that she took nothing with her from Mattel was not an oversight or innocent mistake, but a lie to conceal her wrongful conduct – this is proof of intentional, wrongful conduct by an MGA agent.[7]  See, e.g., Silvaco Data Systems v. Intel Corp., 184 Cal. App. 4th 210, 225 n.7 (2010) ("[Defendant] can of course . . . conduct the entire misappropriation, *vicariously*, e.g., through an agent." (emphasis in original)); Hanger Prosthetics & Orthotics, Inc. v. Capstone Orthopedic, Inc., 556 F. Supp 2d 1122, 1134-35 (E.D. Cal. 2008) (denying summary judgment because, among other things, defendant had offered financial incentives to and had communicated with competitor's employees before their termination of employment); Cal. Civ. Code § 2339.  Such evidence is also relevant to MGA's defense.  It claims to have told Brisbois and the other employees at issues that they were to bring "only their brains."  Proof that Brisbois and the others violated that purported directive, coupled with MGA's lack of action once it learned of it, is directly relevant to refuting MGA's position.  And it is relevant to show that MGA ratified the misconduct of the employees.

The scope of Ms. Brisbois' takings tends to show they were part of a deliberate plan orchestrated by MGA and not isolated occurrences, and it shows willfulness.  MGA insists that it "adopted specific procedures to instruct employees not to take, or to bring, Mattel information, thus demonstrating that it had no desire

---

[7]  Deposition Transcript of Steve Totzke, dated Jan. 18, 2010, at 241:20-242:10.

to use such information."[8]  Mattel should be permitted to respond to that claim by showing the vast breadth of the information that was taken without authorization. See In re Dana Corp., 574 F.3d 129, 155-58 (2d Cir. 2009) (reversing grant of summary judgment and discussing, at length, circumstantial evidence of trade secret theft that court should have considered); Greenberg v. Croydon Plastics Co., Inc., 378 F. Supp. 806, 814 (D.C. Pa. 1974) ("Misappropriation and misuse can rarely be proved by convincing direct evidence. In most cases plaintiffs must construct a web of perhaps ambiguous circumstantial evidence from which the trier of fact may draw inferences which convince him that it is more probable than not that what plaintiffs allege happened did in fact take place.").

Accordingly, Mattel should be permitted to introduce evidence regarding all of the Mattel documents taken by Janine Brisbois, including TX 6935.

## III.   ADMISSION OF EVIDENCE RELATED TO TX 6935 AND MOXIE WOULD NOT BE UNDULY PREJUDICIAL

Based on the Court's contemplated limiting instruction that former Mattel employees departing for a competitor did not do anything improper taking Mattel non-trade secret information, MGA claims it would be prejudicial to mix the taking and use of trade secret information and non-trade secret information.   Mattel addressed this contemplated instruction in its February 8, 2011 Offer of Proof and Supplemental Brief Re MGA's Motion In Limine No. 43 Regarding Theft of Non-Trade Secret Information (Dkt. No. 9826), arguing that "[e]vidence of the full story behind the takings of information tends to show they were part of a deliberate plan orchestrated by MGA, rather than isolated or sporadic episodes and should be

---

[8]   See MGA Parties' Opposition to Mattel's Motion for Partial Summary Judgment, dated Oct. 29, 2010 (Dkt. No. 9219).

MATTEL'S OPPOSITION TO MOTION IN LIMINE NO. 44

00505.07975/3959843.6

admitted without the contemplated limiting instruction." <u>Id.</u> at 2.[9]  As detailed in that brief, even if not actionable as a trade secret claim, the unauthorized accessing of Mattel's computer information is legally prohibited by criminal law, 18 U.S.C. § 1030(a)(2)(c); <u>Cal. Penal Code</u> § 502(c).   The taking of Mattel's non-public information is also prohibited by copyright law.  <u>See</u> 17 U.S.C. § 106; 17 U.S.C. § 506; <u>Quantlab Techs. Ltd. (BVI) v. Godlevsky</u>, 719 F. Supp. 2d 766, 773-774 (S.D. Tex. 2010).  Trade secret law does not preempt the Copyright Act.  <u>See</u> Amended Summary Judgment Order, dated Jan. 5, 2011 (Dkt. No. 9600), at 72-73.

Brisbois and Bryant were prohibited by contract from disseminating Mattel information, whether trade secret or not.  Brisbois was bound by the Mattel, Inc. 2004 Code of Conduct Agreement, which she signed and accepted, agreeing not to disclose "any nonpublic information that you learn, receive, or discovery in connection with your employment that relates to the business of Mattel . . . ."[10] Bryant similarly agreed "not to divulge any company information to unauthorized recipients."[11]   This contractual obligation not to take or disclose Mattel's information exists independent of Mattel's claims for theft of trade secrets.  <u>See</u> <u>Cal. Civ. Code</u> § 3426.7(b)(1) (CUTSA "does not affect . . . contractual remedies, whether or not based upon misappropriation of a trade secret." ); <u>see</u>, <u>e.g.</u>, <u>First Advantage Background Servs. Corp. v. Private Eyes, Inc.</u>, 569 F. Supp. 2d 929, 936 (N.D. Cal. 2008) (cases "based on breach of contract . . . are not preempted by CUTSA"); <u>HiRel Connectors, Inc. v. United States</u>, No. CV 01-11069, 2006 WL 3618008, at *1 n.1 (C.D. Cal. July 18, 2006) (breach of contract claim not preempted under CUTSA); <u>Removable Media Solutions v. AAR Mobility Sys.</u>,

---

[9]   Mattel has already responded to MGA's arguments concerning TX 6395, and the other non-trade secret documents taken by Brisbois, in its Mattel's Offer of Proof and Supplemental Brief.

[10]   Trial Exhibit 6902-2 to -3.

[11]   TX 26.

MATTEL'S OPPOSITION TO MOTION IN LIMINE NO. 44

1  2010 WL 3034219 (E.D. Cal. July 28, 2010) (no preemption under CUTSA for non-

2  disclosure agreement and holding "argument that this implicit preemption extends to

3  contract claims invokes a gross misreading of the caselaw").

4       Brisbois and Bryant did not have the right to take and disseminate non-trade

5  secret Mattel information, to the detriment of Mattel.    Accordingly, Mattel

6  respectfully submits the contemplated limiting instruction – that "former employees

7  did not do anything improper in appropriating such documents or information" –

8  would be legally erroneous and should not be given.  Further, because Bryant's and

9  Brisbois' taking of Mattel information was improper and refutes MGA defenses,

10  MGA would not be unfairly prejudiced by the admission of evidence demonstrating

11  those facts.

12                          **<u>Conclusion</u>**

13       For the foregoing reasons, Mattel respectfully requests that the Court deny

14  MGA's Motion in Limine No. 44.

15

16  DATED:  February 11, 2011          QUINN EMANUEL URQUHART &
                                        SULLIVAN, LLP
17

18                                     By  /s/ *Michael T. Zeller*
19                                          Michael T. Zeller
20                                          Attorneys for Mattel, Inc. and
                                            Mattel de Mexico, S.A. de C.V.
21

22

23

24

25

26

27

28