ANNETTE L. HURST (State Bar No. 148738)
ahurst@orrick.com
WARRINGTON S. PARKER III (State Bar No. 148003)
wparker@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building, 405 Howard Street
San Francisco, CA 94105
Tel: (415) 773-5700/ Fax: (415) 773-5759

WILLIAM A. MOLINSKI (State Bar No. 145186)
wmolinski@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA 90017
Tel: (213) 629-2020/Fax: (213) 612-2499

THOMAS S. McCONVILLE (State Bar No. 155905)
tmcconville@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
4 Park Plaza, Suite 1600
Irvine, CA 92614-2258
Tel: (949) 567-6700/Fax: (949) 567-6710

Attorneys for MGA Parties

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | Case No.  CV 04-9049-DOC (RNBx)<br>Consolidated with Nos. CV 04-9059 and CV 05-2727<br><br>Hon. David O. Carter<br><br>**TRIAL BRIEF REQUESTING CURATIVE INSTRUCTION REGARDING STANDARDS FOR PERSONAL LIABILITY FOR TRADE SECRET MISAPPROPRIATION**<br><br>Trial Date:  January 11, 2011 |

During the direct examination of Mr. Larian on February 10, the Court permitted testimony from Mr. Larian regarding documents purportedly seized from MGA Mexico and allowed that testimony on the basis that Mr. Larian had been a 30(b)(6) witness.

The Court admitted Exhibits 7104, 8149, and 8466 during the examination on the basis of Mr. Larian's prior status as a 30b6 witness, even though the witness testified he was not familiar with them.  The Court further permitted impeaching testimony to be read from the July 7, 2010 deposition transcript and questions asked that were an attack on counsel for having failed to previously provide these documents to Mr. Larian.  During the examination, the Court stated that Mr. Larian was a "principal" regarding these documents.  2/10/11 Vol. 3 Tr. at 7:4-15.

The Court's interjection that Mr. Larian was a "principal" during this examination on purported Mattel Mexico trade secret documents which he had just testified he had never seen was highly prejudicial and was an inaccurate statement of the law.  Mr. Larian's prior status as a 30b6 witness does not make these documents admissible.  *Cincinnati Ins. Co. v. Gray*, 2010 WL 3522954, *7 (S.D. Ind. Sept. 1, 2010) ("[H]earsay is not admissible at trial just because it was provided by a witness speaking for the company at a Rule 30(b)(6) deposition"); *Cooley v. Lincoln Elec. Co.*, 693 F. Supp.2d 767, 790-92 (N.D. Oh. 2010) (same).

More important, Mattel must prove all of the elements of trade secret misappropriation as to Mr. Larian individually in order to hold him liable.  Trade secret misappropriation is an intentional tort.  Mr. Larian's status as a corporate officer cannot be used to hold him vicariously liable on an individual basis.  Cal. Civ. Code §3426.1; CACI 4401; *Frances T. v. Village Green Owners Ass'n*, 42 Cal.3d 490, 504 (1986) ("It is well settled that corporate directors cannot be held vicariously liable for a corporation's torts in which they did not participate.  Their liability, if any, stems from their own tortious conduct, not from their status as directors or officers of the enterprise").  Mr. Larian's status a "principal" is not a

- 1 -

Trial Brief Requesting Curative Instruction Re Standards
For Personal Liability For Trade Secret Misappropriation
Case No.  CV 04-9049-Doc (RNBx)

basis upon which to hold him liable, and the suggestion otherwise at such a critical juncture while Mr. Larian was testifying that he had never seen these documents was legally erroneous and prejudicial.  Indeed, as the Court has previously recognized in its June 14, 2010 Order, "[e]ven the Chief Executive Officers, Isaac Larian and Robert Eckert, understandably lack knowledge about every aspect of their companies over long stretches of time."  Dkt. #8104 at 1.

<u>No witness will testify in this trial that Mr. Larian had anything to do with the Mexico documents</u>.  Every witness deposed on the matter, even Mattel's turncoat Pablo Vargas, has denied that Mr. Larian had anything to do with the acquisition or use of these documents.

Additionally, the attack on Mr. Larian for having failed to read Mattel trade secret documents when counsel expressly declined to provide him with such documents was unfair to Mr. Larian.  Mr. Larian was barred from access to the documents throughout the case because Mattel designated them to be AEO documents containing Mattel confidential information.  MGA and Mr. Larian moved repeatedly for permission to show Mr. Larian AEO documents, and Mattel repeatedly opposed such motions which were then denied.  It was not until the last few months of discovery that the Court issued a blanket order permitting 30(b)(6) witnesses to see AEO documents as necessary to their preparation.  The July 7, 2010 transcript clearly reveals that Mr. Larian was not designated by MGA on the documents themselves, but instead on the topic of MGA's knowledge of the search and seizure.  7/7/10 Tr. 2465:13-15, 2467:7-9, 2471:7-23.  We understand that the Court disagrees with counsel's interpretation of its June 14, 2010 order, but the fault for that (if any) lies with counsel, and should not be a basis to cast doubt on the credibility of Mr. Larian.

Moreover, the standard of care for intellectual property practitioners in trade secret cases dictates that counsel do not provide such documents to a client so as not to give rise to a further argument that the client is "infected" with the trade

1  secret on a going forward basis.  Counsel's decision not to provide such documents
2  to Mr. Larian was both required under the protective order and prudent as a matter
3  of practice.
4      Mattel obviously knew that MGA took the view that Mr. Larian had not been
5  designated on the topic of the CD when it read from another portion of the
6  deposition and sought to mislead the jury as to the scope of Mr. Larian's designated
7  testimony.  Mr. Larian was prepared to testify on the subject of MGA's knowledge
8  of the search and seizure from his own personal knowledge and based on the
9  testimony from two other deposition transcripts.  The suggestion that he was
10 designated to testify about the documents found in the offices, yet they were not
11 provided to him, was inaccurate, misleading, and an unwarranted attack both on
12 Mr. Larian and counsel.  If counsel were wrong regarding the scope of the required
13 testimony, and all of the requisite testimony had not been previously given by other
14 30b6 witnesses, then the remedy for that was further testimony.  The proper remedy
15 was not a misleading and prejudicial attack on the credibility of the witness at trial.
16     Based on the foregoing and MGA's other brief filed today regarding this
17 subject, Mr. Larian requests that Exhibits 7104, 8149, and 8466 be withdrawn from
18 the record until such time, if any, that a proper foundation is laid for their
19 admission. Mr. Larian further requests that the Court give a curative instruction as
20 follows:
21          Mr. Larian is an individual defendant in this action.
22          Neither corporate owners nor corporate officers can be
23          held liable for a corporation's actions in which they did
24          not participate.  Liability, if any, stems from their own
25          tortious conduct, not from their status as owners or
26          officers of the enterprise.  I will instruct you further
27          regarding the standards for trade secret misappropriation
28          at the completion of the evidence.

|    |                                                                                       |
|----|---------------------------------------------------------------------------------------|
| 1  | Mr. Larian's obligation to give testimony as a 30b6                                   |
| 2  | witness is unrelated to the legal standard for liability for                          |
| 3  | trade secret misappropriation.  My comment that Mr.                                   |
| 4  | Larian was a "principal" in regard to these Mexico                                    |
| 5  | documents solely concerned a past deposition.  Both                                   |
| 6  | parties' principals, Mr. Larian and Mr. Eckert, testified as                          |
| 7  | corporate representatives, called 30(b)(6) witnesses, in                              |
| 8  | this case.  A corporate officer cannot be held liable                                 |
| 9  | because he is a principal.  It will be for the jury to decide,                        |
| 10 | after hearing all of the evidence and this Court's                                    |
| 11 | instructions as to the law, whether Mr. Larian can be held                            |
| 12 | personally liable for trade secret misappropriation with                              |
| 13 | regard to the Mexico documents.                                                       |

Dated:   February 11, 2011           Respectfully submitted,

ANNETTE L. HURST
ORRICK, HERRINGTON & SUTCLIFFE LLP


By:   */s/ Annette L. Hurst*
        ANNETTE L. HURST
     Attorneys for MGA Parties

- 4 -

MGA SIDE WITNESS LIST
CASE NO. CV 04-9049-DOC (RNBx)