QUINN EMANUEL URQUHART & SULLIVAN, LLP
  John B. Quinn (Bar No. 090378)
  (johnquinn@quinnemanuel.com)
  William C. Price (Bar No. 108542)
  williamprice@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:  (213) 443-3000
Facsimile:  (213) 443-3100

Attorneys for Mattel, Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation, and Mattel de Mexico, S.A. de C.V., a Mexico business entity<br><br>        Plaintiffs,<br><br>    vs.<br><br>MGA ENTERTAINMENT, INC., a California corporation, et al.<br><br>        Defendants.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 DOC (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>**SECOND AMENDED FINAL PRE-TRIAL CONFERENCE ORDER FOR JANUARY 2011 TRIAL**<br><br>Pretrial Conference:  January 4, 2011<br>Time:<br>Place:<br>Trial Date:              January 18, 2011 |

1    Following pretrial proceedings, pursuant to Rule 16, F.R.Civ.P. and L.R. 16,
2    IT IS ORDERED:

3

4                                          **I.**

5                                     **PARTIES**

6        The parties are:

7        (a)    Plaintiff and Counter-Defendant Mattel, Inc. ("Mattel");

8        (b)    Plaintiff and Counter-Defendant Mattel de Mexico, S.A. de C.V.
9               ("Mattel Mexico");

10       (c)    Defendant and Counter-Plaintiff MGA Entertainment, Inc.
11              ("MGA");

12       (d)    Defendant and Counter-Plaintiff Isaac Larian ("Larian");

13       (e)    Counter-Plaintiff MGA de Mexico S.R.L. de C.V. ("MGA
14              Mexico");

15       (f)    Defendant and Counter-Plaintiff MGA Entertainment (HK)
16              Limited ("MGA HK").

17       (g)    Defendant Carlos Gustavo Machado Gomez ("Machado")

18       Each of these parties has been served and has appeared. All other
19   parties named in the pleadings and not identified in paragraphs (a) through (g) above
20   are now dismissed.

21       The pleadings that raise the issues are:

22       (a)    Complaint filed by Mattel, Inc. (Case No. BC314398) on April
23   27, 2004 in the Superior Court of the State of California for the County of Los
24   Angeles (the "Bryant Case");

25       (b)    Answer to Plaintiff's Unverified Complaint filed by Carter
26   Bryant on May 14, 2004;

27       (c)    Defendant/Cross-Complainant Carter Bryant's Cross-Complaint
28   for (1) Unfair Competition; (2) Rescission; (3) Declaratory Relief; and (4) Fraud,

1   filed by Bryant on September 8, 2004 in the Superior Court of the State of

2   California for the County of Los Angeles;

3         (d)   Notice to Federal Court of Removal of Civil Action from State

4   Court Pursuant to 28 U.S.C. Section 1332(a)(1) and 1331, filed by defendant Carter

5   Bryant on November 2, 2004.  That notice removed the case to federal court on

6   November 2, 2004, where it was assigned Case No. 04-9059;

7         (e)   Stipulation Permitting MGA to Intervene as a Party to This

8   Action and Order, dated December 7, 2004, and MGA's Answer in Intervention.

9         (f)   Complaint filed by MGA Entertainment, Inc. (Case No. CV 05-

10   2727 SGL (RNBx)) on April 13, 2005 in the District Court of the Central District of

11   California (the "MGA Case"), as limited by the Court's Order dated August 25,

12   2005, striking allegations regarding the Brawer litigation;

13         (g)   Second Amended Answer and Counterclaims filed by Mattel,

14   Case No. CV 04-9059 SGL (RNBx) on July 12, 2007 in the District Court of the

15   Central District of California;

16         (h)   Amended Answer and Affirmative Defenses of MGA

17   Entertainment Inc., MGA Entertainment (HK) Limited and MGAE de Mexico

18   S.R.L. de C.V. to Mattel, Inc.'s Second Amended Answer and Counterclaims filed

19   by defendants MGA, MGA HK, and MGA Mexico (collectively, the "MGA

20   Defendants") on September 19, 2007 in the District Court of the Central District of

21   California;

22         (i)   Isaac Larian's Amended Answer and Affirmative Defenses to

23   Mattel, Inc.'s Second Amended Answer and Counterclaims filed by Larian on

24   November 8, 2007 in the District Court of the Central District of California;

25         (j)   Amended Answer and Affirmative Defenses of Carlos Gustavo

26   Machado Gomez's to Mattel, Inc.'s Second Amended Answer and Counterclaims

27   filed by Machado on September 26, 2007.

28

1    (k)    Carter   Bryant's   Second   Amended   Reply   To   Mattel's
2    Counterclaims -Demand For Jury Trial on October 16, 2007;

3    (l)    Isaac Larian's Amended Answer And Affirmative Defenses To
4    Mattel, Inc.'s Second Amended Answer And Counterclaims on November 8, 2007;

5    (m)    Mattel's Third Amended Answer In Case No. 05-2727 And
6    Counterclaims on May 22, 2009;

7    (n)    Amended   Answer   And   Affirmative   Defenses   Of   Counter-
8    Defendant Carlos Gustavo Machado Gomez To Third Amended Counterclaim Of
9    Counter-Claimant Mattel, Inc. on June 29, 2009;

10    (o)    MGA Parties' Answer And Affirmative Defenses To Mattel,
11    Inc.'s Third Amended Answer And Counterclaims on June 29, 2009;

12    (p)    Mattel, Inc.'s Fourth Amended Answer In Case No. 05-2727 And
13    Counterclaims on April 12, 2010;

14    (q)    MGA Entertainment, Inc.'s Reply To Fourth Amended Answer
15    And Counterclaims, Including Affirmative Defenses And Compulsory Counter
16    Claims-In-Reply on August 16, 2010;

17    (r)    Isaac Larian's Reply To Fourth Amended Answer And
18    Counterclaims, Including Affirmative Defenses on August 16, 2010;

19    (s)    MGA De Mexico S.R.L. De C.V.'S Reply To Fourth Amended
20    Answer And Counterclaims, Including Affirmative Defenses on August 16, 2010;

21    (t)    IGWT 826 Investments, LLC's Reply To Fourth Amended
22    Answer And Counterclaims, Including Affirmative Defenses on August 16, 2010;

23    (u)    MGA HK's Reply To Fourth Amended Answer And
24    Counterclaims, Including Affirmative Defenses on August 16, 2010;

25    (v)    Answer And Affirmative Defenses Of Counter Defendant Carlos
26    Gustavo Machado Gomez To Fourth Amended Counterclaims Of Counter-Claimant
27    Mattel, Inc. on August 19, 2010;

28

1       (w)   Mattel, Inc.'s Reply And Answer To Defendant MGA

2   Entertainment, Inc.'s Counterclaims-In-Reply on October 12, 2010; and

3       (x)   Mattel, Inc.'s [Corrected] Reply And Answer To Defendant

4   MGA Entertainment, Inc.'s Counterclaims-In-Reply on October 13, 2010.[1]

5       By Order dated June 19, 2006, the Court consolidated the <u>Bryant</u> case

6   and the <u>MGA</u> case with <u>Bryant v. Mattel, Inc.</u>, Case No. 04-9049.

7

8   Additional Disputed Issues for Resolution

9       **Mattel's Issue:**

10      *Presence of Bryant at Trial*.  Mattel has filed a motion to compel the

11  presence of Carter Bryant at trial.  (December 22, 2010, Dkt. No. 9527).  As a result

12  of the confidential settlement between Mattel and Carter Bryant, Carter Bryant

13  remains bound by all past Orders of this Court (including the Order to appear to

14  testify in person, which is the subject of a pending motion) and will be bound by any

15  injunctive, declaratory or other non-monetary relief relating to Bratz that the Court

16  enters in the future against the MGA parties.  On January 3, 2011, Carter Bryant

17  confirmed via his counsel that he will appear at trial.

18      **The MGA Parties' Issues:**

19      *Identification of Parties*.  The Court has previously indicated that while

20  Mattel will be permitted to go first, it recognizes that both sides have claims and

21  does not regard the labels of "plaintiff" and "defendant" to accurately reflect the

22  overall status of the case.  Accordingly, the MGA parties have requested, and hereby

23  reiterate the request, that the Court refer to the parties as "Claimants" or by name

24  _____

25      [1]  Although the parties have identified all prior pleadings, it is the position of the

26  MGA Parties and Machado that only MGA's April 12, 2005 Complaint, Mattel's

27  Fourth Amended Answer and Counterclaims and all answers thereto are the operative pleadings which govern this action.

28

rather than "plaintiff" and "defendant."  Accordingly, MGA requests that Mattel and its related entities be referred to by name or as "Claimant One" and MGA by name or as "Claimant Two."  Mattel opposes this request, and asserts that in conformity with the Court's prior directions, Mattel be identified as "Plaintiff" and the MGA parties be identified as "Defendants."

## II.
### ABANDONED AND/OR DISMISSED CLAIMS, COUNTERCLAIMS AND DEFENSES

The following claims, counter-claims, or defenses have been dismissed or abandoned:

In March 2010, MGA withdrew (1) "any claim associated with the 'Little Mommy' line of products," (2) "a claim of trade dress infringement against the Acceleracers car," and (3) "a claim of trade dress based on the Bratz dolls." March 24, 2010 Letter from A. Hurst to M. Zeller.

Motions to Dismiss

On August 2, 2010, the Court granted motions to dismiss all Mattel claims against Omni 808 Investors, LLC and IGWT 826.  Order, August 2, 2010, Dkt. No. 8423.  By listing the Court's rulings below, neither Mattel, the MGA parties nor Machado waive any of their rights with regard to the rulings made against them, and reserve all rights to challenge the rulings against them as appropriate.  The following claims were dismissed as part of the August 2, 2010 Order:

1.     Mattel's claim against Omni 808 Investors, LLC for Violation of 18 U.S.C. § 1964(c) Based on Violation of § 1962(d) (RICO Conspiracy) was dismissed.  Dkt. No. 8423 at 25.

2.     Mattel's claim against MGA, MGA Mexico, MGA HK, Larian and Machado for intentional interference with contract was found to be

1    superseded by the California Uniform Trade Secrets Act (CUTSA) to
2    the extent it arose out of Mattel employees' misappropriation of trade
3    secrets.  Dkt. No. 8423 at 35.

4    3.    Mattel's claims against MGA, Larian, Omni and IGWT for violations
5          of California Civil Code §§ 3439.04(a)(1), (a)(2), and 3439.05(a) were
6          dismissed.  Dkt. No. 8423 at 38.

7    4.    Mattel's claim against Larian for violations of California Corporations
8          Code § 501 (Prohibited Distributions) was dismissed.  Dkt. No. 8423 at
9          40.

10   5.    Mattel's claim against Larian and MGA for Breach of Constructive
11         Trust was dismissed.  Dkt. No. 8423 at 40.

12   6.    Mattel's claim against Omni for Declaratory Relief was dismissed.
13         Dkt. No. 8423 at 40.

14         By Order dated September 3, 2010 the Court granted IGWT's Motion
15   for Judgment on the Pleadings dismissing IGWT from this lawsuit.

16                    Additional Disputed Issue for Resolution

17         **The MGA Parties' Position**:

18         On April 10, 2010 the Court denied in part and granted in part Mattel's
19   motion to file its Fourth Amended Answer and Counterclaims.

20         By Order dated September 4, 2010 the Court granted in part and denied
21   in part Mattel's Motion to Confirm Pendency of Trade Secret Misappropriation
22   Claim based on Theft of Bratz. MGA maintains its position and preserves for appeal
23   that it is improper to allow "Bratz" as a trade secret in this matter.

24         **Mattel's Position**:

25         On September 4, 2010, the Court confirmed that Mattel's identification
26   of Bratz as a trade secret was part of Mattel's Fourth Amended Answer and
27   Counterclaim.  Dkt. No. 8705.

28

1    Summary Judgment

2    On December 22, 2010, the Court ruled on summary judgment motions

3    filed by Mattel, MGA, and Machado.  ("SJ Order.")  On January 5, 2011, the Court

4    issued an Amended Order on the summary judgment motions.  ("Amended SJ

5    Order.")  By listing the Court's rulings below, neither Mattel, the MGA parties nor

6    Machado waive any of their rights with regard to the rulings made against them, and

7    reserve all rights to challenge the rulings against them as appropriate.

8    <u>1.</u>  Mattel's Copyright Infringement Claims

9    The Court granted MGA's motion for summary judgment as to

10   copyright infringement by all Bratz dolls subsequent to the first generation,

11   excepting Ooh La la Cloe and Formal Funk Dana.  Amended SJ Order at 24-29.

12   <u>2.</u>  Mattel's Trade Secret Claims

13   - The Court granted MGA's motion for summary judgment of no

14      trade secret misappropriation by Contreras.  Amended SJ Order

15      at 40-42.

16   - The Court dismissed Mattel's trade secret claims relating to

17      Castilla except for those set forth in Mattel's third and fourth

18      categories as described on pages 47-48 of the Amended SJ

19      Order.

20   - The Court found that California law applies to Mattel's Mexico

21      trade secret claims to the extent they arise from conduct by

22      Larian or MGA.  Amended SJ Order at 55-62.

23   <u>3.</u>  Mattel's Fiduciary Duty and Duty of Loyalty Claims

24   - The Court granted MGA's motion as to Mattel's claims for

25      breach of fiduciary duty and aiding and abetting breach of

26      fiduciary duty, finding these claims preempted by the California

27      Uniform Trade Secret Act ("CUTSA").  Amended SJ Order at

28      73-74.

- The Court denied MGA's motion as to Mattel's claims for aiding and abetting breach of duty of loyalty as to Bryant, Salazar, Cabreras and Morales, but granted the motion as to the remaining former employees.  Amended SJ Order at 87-91.

- The Court granted Machado's motion as to Mattel's claim for breach of fiduciary duty.  Amended SJ Order at 79-80.

- The Court granted Machado's motion as to Mattel's claim for breach of duty of loyalty.  Amended SJ Order at 88-89.

4.    Summary Judgment – Mattel's Interference with Contractual Relations, Conversion, and Unfair Competition Claims

- The Court granted portions of MGA's motion as to Mattel's claim for intentional interference with contractual relations, finding the claim was preempted by CUTSA to the extent based on misappropriation of information by MGA and Larian, and denied the motion to the extent based on other conduct. Amended SJ Order at 82-86.  The Court ruled that Mr. Brawer is not part of Mattel's intentional interference with contractual relations claim.  Trial Tr., February 10, 2011 at 50-51.

- The Court granted-in-part and denied-in-part MGA's motion as to Mattel's claim for conversion. Amended SJ Order at 86-87.

- The Court granted MGA's motion as to Mattel's unfair competition claim to the extent that claim is based on misappropriation of Mattel's confidential information, but denied MGA's motion otherwise.  Amended SJ Order at 91.

- The Court granted Machado's motion as to Mattel's claim for conversion.  Amended SJ Order at 86-87.

5. <u>Summary Judgment – Statutes of Limitation</u>

- The Court ruled that Mattel's Bratz-related claims, including its misappropriation of Bratz trade secrets claim, are deemed filed on April 27, 2004. Amended SJ Order at 92. The Court ruled that Mattel's non-Bratz claims are timely to the extent Mexican law does not apply. Trial Tr., February 10, 2011 at 50-51.

6. <u>Summary Judgment – MGA's Trade Dress and Dilution Claims</u>

- The Court granted Mattel's motion for summary judgment as to MGA's trade dress infringement claims based on MGA's trapezoidal packaging and 4-Ever Best Friends product packaging. Amended SJ Order at 97-108.

- The Court granted Mattel's motion for summary judgment as to MGA's trade dress dilution claim. Amended SJ Order at 108-10.

7. <u>Summary Judgment – MGA's Common Law Unfair Competition Claims and Unjust Enrichment Claims</u>

- The Court granted Mattel's motion for summary judgment as to MGA's common law unfair competition claim. Amended SJ Order at 112-13.

- The Court granted Mattel's motion for summary judgment as to MGA's unjust enrichment claim. Amended SJ Order at 113.

- The Court denied Mattel's motion for summary judgment on MGA's unfair competition claims under Cal. Bus. & Prof Code S 17200. Amended SJ Order at 108-09.

8. <u>Summary Judgment – MGA's Affirmative Defenses</u>

- The Court granted summary judgment as to Mattel's motion as to MGA's affirmative defenses of (i) bad faith claim of misappropriation; (ii) good faith; (iii) lack of authority; (iv) lack

of standing; (v) spoliation; and (vi) no direct infringement. Amended SJ Order at 118.

- The Court granted Mattel's motion for summary judgment as to MGA's affirmative defenses of (i) bona fide purchaser for value under 17 U.S.C. § 205(d); (ii) unclean hands (including unclean hands relating to the alleged thefts from toy fairs), to the extent it relates to conduct by Bryant; (iii) abandonment; and (iv) waiver. Amended SJ Order at 117-120.

9.  Summary Judgment – RICO Claims

- The Court granted Mattel's motion for summary judgment as to MGA's RICO claims.  Amended SJ Order at 145-157.

- The Court granted MGA's and Machado's motion for summary judgment as to Mattel's RICO claims.  Amended SJ Order at 120-143.

- The Court granted MGA's and Machado's motion for summary judgment as to Mattel's RICO conspiracy claims.  Amended SJ Order at 143-144.

10.  Summary Judgment – Breach of Contract

- The Court granted Machado's motion for summary judgment as to Mattel's breach of contract claims.  Amended SJ Order at 80-82.

Dismissal of Claims Against Bryant

Pursuant to the confidential settlement between Mattel and Carter Bryant and pursuant to the Stipulation entered as part of that settlement, all claims, counterclaims and defenses as between Mattel and Carter Bryant have been dismissed.

# III.

## JURISDICTION AND VENUE

Federal jurisdiction and venue are invoked upon the following grounds:

This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 17 U.S.C. §§ 101 et seq., and 18 U.S.C. § 1964(c).  This Court has supplemental jurisdiction over Mattel's state law claims pursuant to 28 U.S.C. § 1367.  Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b)-(d), 1391(f) and 1400(a) and 18 U.S.C. § 1965.

# IV.

## TRIAL ESTIMATE

The Court has not set any time limitations and has stated that it will not impose time limitations on any party.  Accordingly, the parties provide the below time estimates solely to conform with the Court's local rules and not as a limitation of how time may be used at trial.

Additional Disputed Issue for Resolution Regarding Time of Trial

**Mattel's Position**:

Mattel estimates that it will require 256 hours to complete its case in chief, not including jury selection, opening statements, or closing arguments.  Mattel further understands that this 256-hour limit may be enlarged upon a showing of good cause to the Court.

**The MGA Parties' Position**:

MGA objects to Mattel's estimate as it would unreasonably require three months' time spent solely on Mattel's case-in-chief.  MGA requests that the Court set time limits of 100 hours per side.

1    **Machado's Position**:

2         Mr. Machado estimates that he will require 25 hours to complete his

3    witness examinations, not including jury selection, opening statements, or closing

4    arguments. Mr. Machado further understands that this 25-hour limit may be

5    enlarged upon a showing of good cause to the Court.

6

7                                    **V.**

8                          **TYPE OF TRIAL**

9         The parties will file and serve jury instructions on January 11, 2011.

10

11        Additional Disputed Issue for Resolution Regarding Jury Trial

12             **Mattel's Position**:

13             The trial is to be a jury trial, except for issues which are not properly

14   tried to jury.  Mattel's positions and arguments are made in its Motion in Limine No.

15   7 to bifurcate trial of equitable claims and defenses.  Mattel's Motion in Limine No.

16   7 was argued and submitted but the Court has not yet entered a ruling.

17             **The MGA parties' Position**:

18             Certain legal and equitable issues overlap and are intertwined such that

19   all issues should be tried by the jury.

20

21                                   **VI.**

22                        **STIPULATED FACTS**

23             The following facts, though stipulated, shall be without prejudice to

24   any evidentiary objection:[2]

25   _____

26        [2]  The parties to this action do not understand the rules to require the recitation

27   of admissions in the Pre-Trial Conference Order for those admissions to be
     introduced at trial.  Therefore, admissions are not included herein.

28        (footnote continued)

**Parties**

1.    Mattel, Inc. is a publicly held corporation formed under the laws of the State of Delaware with its headquarters in El Segundo, California.

2.    Mattel de Mexico, S.A. de C.V. is a corporation formed under the laws of the country of Mexico and is a wholly owned subsidiary of Mattel, Inc.

3.    MGA Entertainment, Inc. is a privately held California corporation.

4.    MGA Entertainment (HK) Limited, a Hong Kong company, and MGAE de Mexico, S.R.L. de C.V., a Mexico corporation, are wholly owned subsidiaries of MGA Entertainment, Inc.

5.    Isaac Larian, an individual, is the CEO and majority shareholder of MGA Entertainment, Inc. and is a resident of California.

6.    Carlos Gustavo Machado Gomez is an individual.

**Bryant's Employment at Mattel**

7.    Carter Bryant first worked for Mattel in the mainline Barbie group from September 1995 to April 1998.

8.    Bryant signed a document titled "Employee Confidential Information and Inventions Agreement," dated November 6, 1995.

9.    Bryant signed a document titled "Conflict of Interest Questionnaire," dated November 6, 1995.

---

The parties' lists of facts herein are not exhaustive.  The parties reserve the right to introduce additional evidence in support of their claims — or in opposition to affirmative defenses — at trial.  In addition, the parties intend to introduce expert evidence not listed below in support of its claims.

10. Bryant left California in December 1997 and moved to Missouri to live with his parents, where he continued to do work for Mattel until April 1998.

11. In late December 1998, Mattel offered Bryant a position in the Barbie Collectibles group.

12. Bryant accepted Mattel's offer, moved back to California, and started work at Mattel on January 4, 1999.

13. Bryant signed a document titled "Employee Confidential Information and Inventions Agreement" dated January 4, 1999.

14. Bryant signed a document titled "Conflict of Interest Questionnaire," incorrectly dated January 4, 1998, instead of 1999.

15. Before Bryant left Mattel, he was asked to and did participate in an exit interview.

16. During his exit interview, Bryant signed a document titled "Proprietary Information Checkout," dated October 19, 2000.

17. Machado was employed by Mattel Servicios, S.A. de C.V.

## VII.

## CLAIMS AND DEFENSES

The parties' respective Claims and Affirmative Defenses are as follows:

### A.   MATTEL INC.'S CLAIMS AND COUNTERCLAIMS

Mattel, Inc. plans to pursue the following claims and counterclaims against MGA, MGA Mexico, MGA Hong Kong, Larian and Machado as indicated:

Claim 1:  Misappropriation of Trade Secrets against MGA, MGA Mexico, MGA Hong Kong, Larian and Machado

Claim 2:  Copyright Infringement against MGA, MGA Hong Kong, and Larian

Claim 3:  Intentional Interference With Contract against MGA and Larian

Claim 4:  Aiding and Abetting Breach of Duty of Loyalty  against MGA and Larian

Claim 5:  Conversion against MGA, MGA Hong Kong and Larian

Claim 6:  Unfair Competition against MGA, MGA Hong Kong, and Larian

Claim 7:  Declaratory Relief against MGA, Larian, MGA Mexico, and MGA Hong Kong

The parties stipulated that contentions of law and fact were not necessary and would not be productive, in light of the parties' exhaustive briefing of the same issues in their cross-motions for partial summary judgment and the fact that the Court has not yet ruled on certain of those cross-motions.  Dkt. No. 9319.

## B.        MGA'S CLAIMS AND COUNTERCLAIMS

MGA plans to pursue the following claims and counterclaims against Mattel as indicated:

Claim 1:  Unfair Competition and Unfair Business Practices in Violation of Cal. Bus. & Prof. Code § 17200 *et seq*.

Claim 2:  Trade Secret Misappropriation—Cal. Civ. Code § 3426 *et seq*.

Additional Disputed Issues for Resolution Regarding Operative Claims

**The MGA Parties' Position**:

The following claims against Mattel remain operative:

3.  False Designation of Origin or Affiliation in Violation of 15 U.S.C. § 1125(a).

4.  Unfair Competition in Violation California Common Law.

5.  Dilution in Violation of 15 U.S.C. § 1125(c); Cal. Bus. & Prof. Code § 14330 and California Common Law.

6.  Unjust Enrichment.

7.  Wrongful Injunction.

**Mattel's Position**:

The Court dismissed or granted summary judgment on the MGA claims listed above as 3-7 and they are no longer operative.

## VIII.

## AFFIRMATIVE DEFENSES

The parties plan to pursue the following affirmative defenses:

**A.**       **MATTEL'S AFFIRMATIVE DEFENSES**

1.  MGA's Complaint fails to state a claim upon which relief can be granted.

2.  MGA has no valid, enforceable or protectable rights or interest in the alleged trade dress or other matters asserted, including without limitation in that MGA has failed to establish that its alleged trade dress is distinctive as to MGA.

3.  MGA's claims, including without limitation MGA's claims based upon alleged extra-territorial acts, are barred in whole or in part by lack of subject matter jurisdiction.

4.  MGA's claims are barred in whole or in part by MGA's unclean hands.

5.    MGA's claims are barred in whole or in part by virtue of Mattel's prior-creation of the elements and other matters asserted in the Complaint.

6.    MGA's claims are barred in whole or in part by its lack of standing.

7.    MGA's claims are barred in whole or in part by the applicable statutes of limitation and the doctrine of laches.

8.    MGA's claims are barred in whole or in part by the doctrines of waiver, estoppel, acquiescence, and abandonment.

9.    MGA's claims are barred in whole or in part by Mattel's constitutional rights of free speech, petitioning and association, including without limitation by the litigation privilege as protected by and/or codified in *inter alia* Section 47(b) of the <u>California Civil Code</u>, the *Noerr-Pennington* doctrine, the common interest privilege and by other privileges.

10.   MGA's claims are barred in whole or in part by Mattel's federal and state constitutional rights of free speech, including without limitation under the First Amendment of the United States Constitution.

11.   MGA's claims are barred in whole or in part by the competitor privilege.

12.   MGA's claims are in whole or in part preempted by the Copyright Act and barred by the *Sears-Compco* doctrine.

13.   MGA's requested relief, including MGA's requests for punitive and/or enhanced damages, are barred in whole or in part because all of Mattel's actions were in good faith.

14.   MGA's damages, if any, were not caused by Mattel and are not attributable to the acts or omissions of Mattel.

Case No. CV 04-9049 DOC (RNBx)
SECOND AMENDED FINAL PRE TRIAL CONFERENCE ORDER

15. MGA's has failed to mitigate its damages, if any.

16. MGA's damages, if any, are barred or must be reduced as a result of their own comparative fault.

17. MGA's claims are barred in whole or in part by MGA's obstruction of justice.

18. MGA's claims are barred in whole or in part because Mattel cannot be liable for misappropriation of information that was public and/or otherwise fails to meet the requirements for trade secret protection.

19. MGA's claims are barred in whole or in part because they were brought and have been maintained in bad faith.

20. MGA's claims are barred in whole or in part by MGA's own fraudulent and/or illegal conduct.

21. MGA's claims are barred in whole or in part on the grounds that to the extent any person committed an unlawful or tortious act, the person lacked authority to commit such an act on behalf of Mattel.

22. MGA's claims are preempted in whole or in part by the California Uniform Trade Secrets Act ("CUTSA"), Cal. Civ. Code § 3426 *et seq*.

23. MGA's claims are barred by virtue of its assertion of the Fifth Amendment to hinder Mattel's ability to take and obtain discovery relating to its counterclaims-in-reply.

**B.**      **MGA'S AFFIRMATIVE DEFENSES**

1. Failure to State a Claim

2. Unclean Hands (partially denied by the Court's SJ Order at 114-16)

3. Laches

4. Statute of Limitations

5. Information Readily Ascertainable

6.      Acts or Omissions of Others

7.      Estoppel

8.      Acquiescence

9.      Failure to Mitigate

10.     Comparative Fault

11.     Good Faith Improver

12.     Setoff

13.     Duplicative Recovery

14.     Joint Authorship

15.     Illegal Conduct/Fraud

16.     Competition Privilege/Justification

17.     Employee Right of Mobility

18.     Joinder in Defenses of Co-Defendants

19.     Preemption by California Uniform Trade Secrets Act

20.     Preemption by Copyright Act

21.     *Res Judicata* and Collateral Estoppel (Fed. R. Civ. Proc. 8(c)(1))

22.     Lack of Jurisdiction

23.     Undiscovered Defenses

C.      **MACHADO'S AFFIRMATIVE DEFENSES**

1.      Mattel's Fourth Amended Answer and Counterclaims fail to state a claim upon which relief can be granted.

2.      Mattel's claims are barred in whole or in part by its unclean hands.

3.      Mattel's claims are barred in whole or in part by the applicable statutes of limitation.

4.      Mattel's claims are barred in whole or in part by Mattel, Inc. and Mattel de Mexico's lack of standing.

5.      Mr. Machado reserves the right to assert undiscovered defenses.

6.      Mr. Machado hereby joins in the defenses of his co-defendants.[3]

<u>Additional Disputed Issue for Resolution</u>

<u>Regarding Operative Affirmative Defenses</u>

**<u>The MGA Parties' Position</u>**:

The following affirmative defenses remain operative.

24.      Common Law Bona Fide Purchaser for Value

25.      Priority Between Conflicting Transfers—17 U.S.C. §205(d)

26.      Waiver

27.      Spoliation of Evidence and Obstruction of Justice

28.      Mattel's Bad Faith Claim of Misappropriation

29.      Good Faith

30.      Lack of Authority

31.      Lack of Standing

## IX.

## <u>DISCOVERY</u>

Discovery is complete, with the exception of (1) the expert depositions of Bassok and Malackowski, for which Mattel filed a motion to compel on

---

[3]   Mr. Machado also asserted defenses of failure to mitigate and acts or omissions of others, which were directed solely to Mattel's damages calculation. As Mattel has abandoned its pursuit of compensatory damages against Mr. Machado, and seeks only unjust enrichment and/or a royalty, Mr. Machado does not presently plan to present these defenses at trial. Similarly, Mr. Machado asserted the defense of supersession by the California Uniform Trade Secrets Act, which the Court upheld on summary judgment, and therefore Mr. Machado need not repeat that defense here.

December 17, 2010 that is pending before the Court (notice of manual filing at Dkt. No. 9414), (2) the discovery issues identified in the parties' joint submission on November 19, 2010 (Dkt. No. 9294), and (3) the document production by Zapf Creation A.G. ("Zapf") and Rule 30(b)(6) deposition of Zapf, compelled by the Court on November 1, 2010 (Dkt. 9027).  Although Zapf presented Mr. Brawer as its designee, Mr. Brawer was unprepared.  Mattel has filed a motion with the Court to compel a prepared Zapf corporate designee.

<u>Additional Disputed Issues for Resolution Regarding Pending Motions</u>

**Mattel's Issue:**

*Carter Bryant*.  Mattel filed a motion to compel the presence of Carter Bryant at the trial.  (December 22, 2010, Dkt. No. 9527.)  The Court held this motion in abeyance after a conference call with Bryant's counsel in which Bryant, through his counsel, agreed to appear at the trial.   January 3, 2010 Hearing transcript.

*Supplemental Expert Report*.  MGA claims that it "reserves its rights to file any amended expert report or motions as required."  Mattel believes that MGA has had sufficient time to serve any such amended expert reports or file related motions, and has waived any right to further supplement or amend its reports.

## X.

## EXHIBITS

All disclosures under F.R.Civ.P. 26(a)(3) have been made.  The joint exhibit list of the parties has been filed under separate cover as required by L.R. 16-6.1.  The parties filed a proposed stipulation regarding exhibit objections with the Court on December 21, 2010.  (Dkt. No. 9505)  Provided the stipulation is approved by the Court, objections to trial exhibits will be discussed on a per witness basis

prior to the presentation of such witnesses and exhibits in accordance with the Court's protocol, and authenticity objections to documents on the exhibit list shall be exchanged in writing on January 6, 2011.

## XI.

## WITNESSES

Witness lists of the parties have been filed with the Court. Mattel filed an amended witness list on December 31, 2010 and MGA and Machado intend to file an amended witness list shortly. Only the witnesses identified in the lists will be permitted to testify (other than solely for impeachment or for rebuttal). Each party intending to present evidence by way of deposition testimony has marked such depositions in accordance with L.R. 16-2.7. For this purpose, the following depositions shall be lodged with the Clerk as required by L.R. 32-1:

Mattel

Arant, Lucy; Armstrong, Bryant; Ashong, Nana; Brawer, Ron; Brisbois, Janine; Brode, Kerri; Bryant, Carter; Bryant, Carter - Gunther-Wahl v. Mattel Deposition; Bryant, Carter - MGA v Art Attacks Trial; Bryant, Carter- Trial Transcript; Bryant, Janet; Cabrera, Ana; Castilla, Jorge; Chui, Sarah; Coleman, Nicole; Contreras, Nick; Cooney, Dan; Farahnik, Leon; Garcia, Paula; Garcia, Paula - Art Attacks v. MGA Deposition; Garcia, Paula - Trial Transcripts; Garcia, Paula (MGA 30(b)(6)); Gillmour, Kami; Gozini, Arsalan; Gronich, Daphne; Harris, Rachel; Kadisha, Neil; Kamarck, Mitchell; Kim, Yoon (Susan); Koch, Andreas; Kuemmerle, Susana; Larian, Farhad; Larian, Isaac; Larian, Isaac - Art Attacks v. MGA Deposition; Larian, Isaac - Larian v. Larian Arbitration; Larian, Isaac - MGA v. Ubisoft Arbitration; Larian, Isaac - Trial; Leah, Marks (MGA 30(b)(6)); Lee, Edmond; Linker,

1   Steve; Ma, Patrick; Machado, Gustavo; Malacrida, Dave; Marlow, Peter;

2   Marlow, Veronica; Mashian, Fred; Maurus, Jennifer (Larian v. Larian);

3   Meyer, Karl; MGA de Mexico 30(b)(6) - Kuemmerle, Susan; Moinian,

4   Joseph; Morales, Beatriz; Myers, Amy; Nazarian, David; Neman, Leon;

5   O'Connor, Victoria; Odom, Sarah; O'Neal, Denise; Pembleton, Ninette;

6   Potgiesser, Patrick; Prince, Jacqueline; Rhee, Anna; Rosenbaum, David;

7   Salazar, Maria; Saunders, Lisa; Tiongco, Joe; Tkacik, Maureen; Trueba,

8   Mariana; Vargas, Pablo; Wang, Anne; Weiss, Jeffrey; Wing, Brian.

9   <u>MGA Parties</u>

10          Arons, A. Russell; Ashbrook, Erika; Bousquette, Matthew;

11  Bradley, Tyler; Bryant, Carter; Bryant, Janet; Bryant, Thomas; Cleary, Gerry;

12  De Anda, Richard; Cooney, Daniel; Driskill, Ann; Eckert, Robert; Galvano,

13  Jeanne; Ganey, Bill; Han, Esther; Hooks, Bryan; Hudnut, Robert; Hyland,

14  Amy; Ibarra, Ricardo; Irmen, Richard; Isaias Roberto; Karol, Sheon; Kaye,

15  Alan; Kerner, Douglas; Kilpin, Timothy; Kuemmerle, Susana; Laughton,

16  David; Luther, Sujata; Moinian, Joseph; Murtha, Eugene; Nordquist, Jill;

17  O'Connor, Victoria; Owens, Laura; Park, Cassidy; Pasko, Rene; Pratte, Joni;

18  Storie, Keith; Tiburcio, Francisco; Tkacik, Maureen; Totzke, Steve; Trueba,

19  Mariana; Turetzky, Matthew; Valencia, Hugo; Vargas, Pablo; Viohl, Evelyn;

20  Wadleigh, Doug; Zablow, Milton; Zalzman, Gabriel.

21          Furthermore, certain depositions have been recently taken or remain to

22  be taken.  The parties will advise the Court of such transcripts to be lodged as they

23  become available and relevant.

24

25          <u>Additional Disputed Issues for Resolution Regarding Witnesses</u>

26          **The MGA Parties' Issues**:

27          MGA has filed an amended witness list.  MGA and Machado also

28  reserve the right to read any and all admissions of all Mattel witnesses into the

record at trial.  Further, Mattel raised for the first time ever the contention that the <u>Vivaros</u> case is related to this case, yet Mattel has not produced all related documents and evidence therefrom.   As a result of Mattel's new admission of relatedness, MGA and Machado reserve their right to seek all appropriate relief and remedies.  The deposition of Ralph Oman remains pending.

**XII**.

**MOTIONS IN LIMINE**

The following law and motion matters and motions in limine are pending or contemplated (where disposed of, the disposition is provided in parentheses).   The hearing and Court's Orders on these motions are set forth in hearing transcripts from January 3 and January 4, 2011.  <u>See</u> Dkt. Nos. 9603, 9604, 9605, 9606, and 9607.   Further, the Court issued orders as to these motions on January 17, 2011 (Dkt. No. 9669) (ruling on multiple motions), January 26, 2011 (Dkt. No. 9714) (MGA's Motion In Limine Number 43), and on January 27, 2011 (Dkt. No. 9716) (MGA'S Motion In Limine Number 7).   To the extent not superseded by the aforementioned rulings, other oral rulings, stipulations, or agreements are as stated in the hearing transcripts for those proceedings.

1.   Gustavo Machado's notice of motion and motion in limine to exclude references to Machado's invocation of privilege against self incrimination.

2.   Gustavo Machado's notice of motion and motion in limine to exclude the deposition testimony of Pablo Vargas.

3.   Gustavo Machado's notice of motion and motion in limine to exclude the opinions of Michael Wagner.

4.   MGA Motion in Limine No. 1: the litigation and/or arbitration proceedings between Farhad Larian ("Farhad" or "Fred") and his brother Isaac Larian ("Isaac").

5.      MGA Motion in Limine No. 2: other legal proceedings to which one of more of the MGA Parties were involved (as litigants or witnesses).

6.      MGA Motion in Limine No. 3: MGA's legal representation, including the number of attorneys or law firms who have represented MGA in the matter or unrelated matters; the fees charged, or owed to, those attorneys or firms; the withdrawal of their prior counsel, or any variation thereof; and any dispute and/or litigations with such attorneys.

7.      MGA Motion in Limine No. 4: references to criminal investigations in the United States.

8.      MGA Motion in Limine No. 5: references to any purported indemnity agreement between Carter Bryant and the MGA Parties.

9.      MGA Motion in Limine No. 6: references to criminal charges in Mexico against Isaac Larian and Jahangir Makabi.

10.     MGA Motion in Limine No. 7: Mattel's allegations that the MGA Parties spoliated evidence.

11.     MGA Motion in Limine No. 8: the expert testimony of Maryman and Associates.

12.     MGA Motion in Limine No. 9: claimed downloading of software and movies by MGA employees.

13.     MGA Motion in Limine No. 10: alleged improper activities at MGA's Chatsworth facilities.

14.     MGA Motion in Limine No. 11: alleged use phthalates in MGA toys.

15.     MGA Motion in Limine No. 12: alleged conversations between Nick Contreras and Susan Kim.

16.     MGA Motion in Limine No. 13: alleged "bad acts" that are unrelated to the litigation, including purported efforts to smuggle by the "Laredo guy"; alleged payments to foreign officials; payments to Chinese workers; and trades by Larian in Mattel stock.

17.    MGA CORRECTED Motion in Limine No. 14: IGWT's purchase of Inventory from MGA.

18.    MGA CORRECTED Motion in Limine No. 15: The prior jury verdicts, along with all orders related to, and reports from, the forensic auditor, temporary receiver and monitor, all of whom were put in place after the earlier trial, as the basis for their appointment has been subsequently reversed by the 9th Circuit and this Court have been subsequently reversed by the 9th Circuit and this Court.

19.    MGA CORRECTED Motion in Limine No. 16: references to claims and defenses no longer at issue, including those claims related to Mattel's RICO claims against Omni 808 Investors, LLC and IGWT.

20.    MGA Motion in Limine No. 17: subjective undisclosed intent of parties to contracts with Mattel.

21.    MGA Motion in Limine No. 18: Robert Hudnut's and Adrienne Fontanella's modifications to their Inventions Agreements.

22.    MGA Motion in Limine No. 19: agreements and practices inconsistent with (Alan) Kaye's admissions as a Mattel 30(b)(6) witness.

23.    MGA Motion in Limine No. 20: certain testimony offered by Mattel expert (Ginger) McRae.

24.    MGA Motion in Limine No. 21: certain testimony offered by Mattel expert (Jeffrey) Breslow. This motion is no longer relevant and may be dismissed as moot as Mattel withdrew Jeffrey Breslow as an expert witness.

25.    MGA Motion in Limine No. 22: proposed testimony offered by Mattel expert (Angel) Gomez.

26.    MGA Motion in Limine No. 23: to exclude any evidence, argument or other reference at trial relating to insurance as it relates to the MGA Parties.

27.     MGA Motion in Limine No. 24: to exclude any evidence, argument or other reference at trial relating to MGA alleged fraudulent concealment of Bryan's involvement in Bratz.

28.     MGA CORRECTED Motion in Limine No. 25: to exclude the report and testimony of (Ralph) Oman.

29.     MGA CORRECTED Motion in Limine No. 26: to exclude the testimony and expert report of (Bruce) Green.

30.     MGA CORRECTED Motion in Limine No. 27: to exclude the testimony and expert report of (John) Alex.

31.     MGA CORRECTED Motion in Limine No. 28: to exclude the "expert" testimony and report of Mattel's purported expert (Jeffrey) Kinrich.

32.     MGA CORRECTED Motion in Limine No. 29: to exclude the expert report proffered by "Market Survey" expert Edward A. Blair, Ph. D.

33.     MGA Motion in Limine No. 30: to exclude from trial all references to and use of the expert damages testimony from Mattel, Inc.'s witness Michael J. Wagner.

34.     MGA FURTHER CORRECTED Motion in Limine No. 31: testimony and report by Mattel's expert Loetz.

35.     MGA FURTHER CORRECTED Motion in Limine No. 32:  testimony and report by Mattel's expert (Kenneth) Hollander.

36.     MGA FURTHER CORRECTED Motion in Limine No. 33:  testimony and report by Mattel's expert, Nicholas Mirzoeff.

37.     MGA FURTHER CORRECTED Motion in Limine No. 34:  testimony and report by Mattel's expert, Heather McComb.

38.     MGA FURTHER CORRECTED Motion in Limine No. 35: preclude Mattel from seeking to introduce purported similarities of unprotectable elements.

39.   MGA FURTHER CORRECTED Motion in Limine No. 36: strike the expert report of Frank Keiser and preclude his testimony.

40.   MGA CORRECTED Motion in Limine No. 37:  to exclude any evidence, argument, or other reference at trial relating to testimony that is beyond Mattel's Interrogatory Response on copying.

41.   MGA CORRECTED Motion in Limine No 38:  for an order excluding testimony by Mattel's previously unidentified trial witnesses, including:

    1.  Chris Palmeri

    2.  Allison Willensky

    3.  Omar Cavassuto

    4.  Alberto Morales

    5.  David Traughber

    6.  Brian Erickson

    7.  Brad Farnsworth

    8.  Scot L. Bontsema

    9.  Tracy Marquis Kierce

    10.  John Gray

    11.  Mike Tsiakaros

42.   MGA FURTHER CORRECTED Motion in Limine No. 39 Re Work Made for Hire Theory of Ownership.

43.   MGA CORRECTED Motion in Limine No. 40: to Exclude Certain Testimony of Brian Wing.

44.   MGA CORRECTED Motion in Limine No. 41:

    1.   to exclude any evidence, argument, or other reference at trial relating to the wealth and assets of Isaac Larian;

    2.   to bifurcate trial so that Mattel's claims against MGA and Larian for punitive damages as a remedy, as to which MGA and Larian's financial condition (net worth) is relevant, are presented to the

jury only after conclusion of the liability phase of the trial and only if, as a result of evidence presented during the liability phase, the jury finds, by clear and convincing evidence, that MGA or Larian intended to commit one or more of the torts fraudulently, maliciously or oppressively."

45.  MGA Parties' Corrected Motion In Limine No. 42 To Preclude Evidence Regarding Discredited Trade Secret Categories

46.  MGA Parties' Corrected Motion In Limine No. 43 To Preclude Evidence Regarding The Alleged Theft Of Non-Trade Secret Information

47.  Mattel Daubert Motion No. 1:  to Preclude MGA From Introducing or Referring to Certain Expert Opinions Not Properly Disclosed Under Rule 26.

48.  Mattel Daubert Motion No. 2:  Mattel's MIL to Exclude Opinions and Testimony of James E. Malackowski.

49.  Mattel Daubert Motion No. 3:  Mattel's MIL to exclude opinions and testimony of Yehuda Bassok.

50.  Mattel Daubert Motion No. 4:  Mattel's motion to exclude opinions and testimony of D. Jan Duffy.

51.  Mattel Daubert Motion No. 5:  Mattel's motion to exclude testimony by Glenn V. Vilppu.

52.  Mattel Daubert Motion No. 6:  Mattel's Motion To Exclude Opinions And Reports Of MGA Expert Erich Joachimsthaler.

53.  Mattel Daubert Motion No. 7:  Mattel's MIL To Exclude Improper Opinions Of Samuel Rubin Regarding Beclean Software And Evidence Eliminator Software.

54.  Mattel Motion in Limine No. 1:  to exclude evidence, argument or reference to whether Mattel would have marketed Bratz.

55.  Mattel Motion in Limine No. 2:  to exclude evidence, argument or reference to Mattel's purpose in filing suit and its alleged use of litigation against competitors as a business strategy.

56.  Mattel Motion in Limine No. 3:  to exclude evidence, argument or reference to initial trial verdict, judgment and appeal.

57.  Mattel Motion in Limine No. 4:  to exclude evidence, argument or reference to the availability of enhanced damages, attorneys' fees or injunctive relief (MGA filed a non-opposition).

58.  Mattel Motion in Limine No. 5:  to exclude evidence, argument, or reference to (1) an alleged wrongful injunction as an element of damages for MGA's affirmative claims; and (2) layoffs, harm to consumer or other alleged adverse consequences of a verdict for Mattel.

59.  Mattel Motion in Limine No. 6:  To Bifurcate Calculation Of Punitive Damages (MGA filed a non-opposition).

60.  Mattel Motion in Limine No. 7:  to bifurcate trial of equitable claims and defenses.

61.  Mattel, Inc.'s Supplemental Brief Regarding And/Or Notice Of Motion And Motion To Reconsider Court's Ruling On Mga's Motion In Limine No. 7

62.  Mattel, Inc.'s Supplemental Brief Regarding And/Or Notice Of Motion And Motion To Reconsider Court's Ruling On Mga's Motion In Limine No. 7

63.  Mattel, Inc.'s Corrected Supplemental Brief Regarding And/Or Notice Of Motion And Motion To Reconsider Court's Ruling On Mga's Motion In Limine No. 7

64.  Mattel Motion in Limine No. 8:  to exclude evidence not disclosed in discovery re: "Test" project.

65. Mattel Motion in Limine No. 9:  to exclude evidence or argument re The MGA Parties' reliance on advice of counsel.

66. Mattel Motion in Limine No. 10:  to exclude evidence, argument or reference to any alleged racial, religious or ethnic bias (MGA filed a qualified non-opposition).

67. Mattel Motion in Limine No. 11:  to exclude evidence and argument that the Mattel-Bryant Inventions Agreement is unconscionable, unfair or otherwise unenforceable, and evidence of other versions of Mattel's inventions agreements.

68. Mattel Motion in Limine No. 12:  to exclude evidence, argument or reference to actions taken by or against Mattel employees not at issue in this case.

69. Mattel Motion in Limine No. 13:  to exclude evidence, argument, or reference to immaterial purported statute of limitations evidence.

70. Mattel Motion in Limine No. 14:  to preclude MGA from denying that its alleged trade secrets were disclosed to the press and retailers.

71. Mattel Motion in Limine No. 15:  to preclude evidence, argument or reference to alleged spoliation of evidence or discovery misconduct by Mattel or its counsel.

72. Mattel Motion in Limine No. 16:  for order precluding testimony and granting adverse inference jury instructions based on Jorge Castilla's invocation of the Fifth Amendment.

73. Mattel Motion in Limine No. 17:  any evidence, argument, testimony, or suggestion relating to the reason for, and the creation of, Mattel Servicios, S.A. de C.V.

74. Mattel Motion in Limine No. 18:  to exclude evidence, argument or reference to Mattel's surveillance or "spying" on its employees, and use of e-mail filter and term NHB.

75.   Mattel Motion in Limine No. 19:  to exclude evidence, argument or
      reference to any mediation or invocation of statutorily mandated
      mediation confidentiality.

76.   Mattel Motion in Limine No. 20:  to preclude arguments that MGA's
      counterclaims in reply allegations support MGA's 2005 complaint.

77.   Mattel Motion in Limine No. 21:  to exclude evidence and argument
      relating to MGA's counterclaims in reply.

78.   Mattel Motion in Limine No. 22:  to exclude reference to purported bad
      acts and prejudicial documents.

79.   Mattel Motion in Limine No. 23:  to exclude evidence, argument or
      reference to MGA'S allegations regarding NPD, CARU, TIA, and
      licensing.

80.   Mattel Motion in Limine No. 24:  to exclude testimony of undisclosed
      witnesses.

81.   Mattel Motion in Limine No. 25:  to exclude evidence and argument
      relating to a prior civil litigation and bankruptcy proceeding involving
      nonparty witness Brian Wing.

<u>MGA's Anticipated Additional Motions</u>

82.   MGA's motion to exclude Wagner damages analysis based on the
      summary judgment order

83.   MGA's motion for reconsideration of summary judgment order on
      relation back

84.   MGA's motion requesting that the deposition testimony of Carter
      Bryant be read into the record if the Court denies Carter Bryant's
      appearance at trial

85.   MGA's motion to certify for reconsideration of the summary judgment
      order regarding copyright preemption of trade secrets

86.    Any and all additional motions *in limine* as now arise as a result of the Court's summary judgment order

MGA continues to maintain and preserve its objections to Bratz as a trade secret in this case.

## XIII.

## BIFURCATION

Bifurcation of the following issues for trial is ordered:   Punitive damages, if any and as appropriate.

## XIV.

## FINAL PRETRIAL CONFERENCE ORDER

The foregoing admissions having been made by the parties, as set forth in Part VI above, and the parties having specified the foregoing issues remaining to be litigated, this Final Pretrial Conference Order shall supersede the pleadings and govern the course of the trial of this cause, unless modified to prevent manifest injustice.

DATED:  February      . 2011

_____
HON. DAVID CARTER

Approved as to form by:

QUINN EMANUEL URQUHART &
SULLIVAN. LLP


By _____
        John B. Quinn, Esq.
        Attorneys for Mattel, Inc.

ORRICK, HERRINGTON & SUTCLIFFE
LLP


By _____
        Annette Hurst, Esq.
        Attorneys for MGA Parties.

SCHEPER KIM & HARRIS LLP


By _____
        Alexander H. Cote, Esq.
        Attorneys for Gustavo Machado