ANNETTE L. HURST (State Bar No. 148738)
ahurst@orrick.com
WARRINGTON S. PARKER III (State Bar No. 148003)
wparker@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105
Telephone:   415-773-5700
Facsimile:   415-773-5759

WILLIAM A. MOLINSKI (State Bar No. 145186)
wmolinski@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA  90017
Telephone:   213-629-2020
Facsimile:   213-612-2499

THOMAS S. MCCONVILLE (State Bar No. 155905)
tmcconville@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
4 Park Plaza, Suite 1600
Irvine, CA 92614-2258
Tel: (949) 567-6700/Fax: (949) 567-6710

Attorneys for MGA Parties

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual<br><br>       Plaintiff,<br><br>     v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>       Defendant.<br><br>AND CONSOLIDATED ACTIONS<br><br>**CONFIDENTIAL—ATTORNEYS' EYES ONLY—FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER** | Case No. CV 04-9049 DOC (RNBx)<br><br>Consolidated with Case No. CV 04-9059 and Case No. CV 05-2727<br><br>**MGA PARTIES' SUPPLEMENTAL BRIEFING IN RESPONSE TO FEBRUARY 3, 2011 ORDER RE PROPOSED JURY INSTRUCTIONS**<br><br>Date:  TBD<br>Time: TBD<br>Dept: Courtroom 9D<br><br>Trial Date: January 18, 2011<br>Judge:  Hon. David O. Carter |

1    The MGA Parties hereby submit their response to the Court's Order

2  Directing Supplemental Briefing, Dkt. #9786.

3    The Court's Order of February 3, 2011 identifies an important flaw in Mattel,

4  Inc.'s ("Mattel") interpretation of the January 4, 1999 Inventions Agreement

5  ("Inventions Agreement") between Mattel and Carter Bryant.  As the Court has

6  pointed out, paragraph 1(a) of the Inventions Agreement makes reference only to

7  "information Bryant developed or discovered *as a result of*' his employment at

8  Mattel."  Dkt. 9786 ("Order Directing Filing of Supplemental Briefing in

9  Connection with Proposed Jury Instructions") at 1 (emphasis in original); *see also*

10  Tx 25 at ¶ 1(a).  There is no mention of information developed or discovered by

11  Mr. Bryant that is not "as a result of" his employment with Mattel.

12    Mattel has never offered an explanation of why the disclosure obligation

13  found in Paragraph 1(a) would be limited if Mattel's interpretation of the ownership

14  provision of the contract is correct.  If the Inventions Agreement had been designed

15  to afford Mattel ownership of information developed or discovered by Carter

16  Bryant, but not "as a result of" his employment, paragraph 1(a) would have referred

17  to all of the fruits of Mr. Bryant's efforts, rather than "information that I may

18  develop or discover *as a result of* my employment with the Company."  There

19  would be no reason to distinguish between information developed or discovered "as

20  a result of" Mr. Bryant's employment and other information he developed or

21  discovered.

22    The Inventions Agreement appears to recognize a category of employee-

23  created information that Mattel purports to own, but that is not subject to a non-

24  disclosure obligation.  In paragraph 1(a), the Inventions Agreement defines the

25  universe of Proprietary Information that an employee must keep confidential.  The

26  first sentence of paragraph 1(a) contains an acknowledgement by Mr. Bryant that

27  Mattel "possesses and will continue to acquire valuable Proprietary Information."

28  Paragraph 1(a) goes on to provide a special note that the Proprietary Information

MGA PARTIES' SUPPLEMENTAL BRIEFING IN RESPONSE TO
2/3/2011 ORDER RE PROPOSED JURY INSTRUCTIONS
CV-04-9049 SGL (RNBx)

1    claimed by Mattel includes certain information developed or discovered as a result
2    of the employee's personal efforts.  But paragraph 1(a) does not refer to all
3    information developed or discovered "at any time during the period of" Mr.
4    Bryant's employment, what Mattel claims it owns.  Instead, the special note
5    conspicuously refers only to information "developed or discovered as a result of
6    [Mr. Bryant's] employment," a category that does not include his Bratz work.
7    Paragraph 1(a) thus suggests that Mr. Bryant does not have a duty to maintain the
8    confidentiality of information he may develop or discover other than "as a result of"
9    his employment with Mattel.

10       Under paragraph 2, however, Mattel claims that it owns "inventions" that are
11   conceived or reduced to practice by an employee "at any time during the period of
12   [his or her] employment," including inventions that are not conceived or reduced to
13   practice "as a result of" his or her employment.  Assumedly, some of the
14   "inventions" would include "information …that derives independent economic
15   value, actual or potential, from not being generally known to the public or other
16   persons" and would be considered Proprietary Information under the definition in
17   paragraph 1(b) had Mattel not limited the definition under paragraph 1(a).
18   Therefore, according to Mattel's interpretation of "during my employment," an
19   employee may develop or discover information that 1) Mattel would purport to
20   own, 2) would be considered Proprietary Information, but 3) an employee would be
21   free to disclose.  As the Court's February 3, 2011 Order states, the tension between
22   paragraph 1(a) and Mattel's ownership position may be irreconcilable.  If the
23   tension is indeed irreconcilable, it must be resolved by construing the Inventions
24   Agreement against Mattel as the drafter.

25       MGA has consistently maintained that the phrase "during my employment
26   with the Company" in paragraph 2(a) means that Mattel acquires ownership of
27   "inventions" only when they are conceived or reduced to practice while Mr. Bryant
28   is working on Mattel projects.  What Mr. Bryant does on his own time on his own

MGA PARTIES' SUPPLEMENTAL BRIEFING IN RESPONSE TO
2/3/2011 ORDER RE PROPOSED JURY INSTRUCTIONS
CV-04-9049 SGL (RNBx)

1    projects is owned by Mr. Bryant.

2            The fact that paragraph 1(a) is restricted to information developed or

3    discovered by Mr. Bryant "as a result of" his employment confirms that MGA's

4    interpretation of the ownership provisions of the Inventions Agreement is correct.

5    The special note in paragraph 1(a) refers only to information developed or

6    discovered "as a result of" Mr. Bryant's work on Mattel projects because that is all

7    that is owned by Mattel.  "During my employment," means "while actively working

8    on the job tasks assigned to me and for which I am paid," and that is why only

9    information that is developed or discovered "as a result of" Mr. Bryant's work on

10   those projects is subject to a confidentiality obligation under paragraph 1(a).

11           The tension observed by the Court will disappear when the Inventions

12   Agreement is interpreted in the way that the MGA Parties have always argued it

13   should be.

14

15   Dated:  February 11, 2011          Respectfully submitted,

16                                      ORRICK, HERRINGTON & SUTCLIFFE LLP

17

18                                      By:  _____/s/ Annette L. Hurst_____
                                                     Annette L. Hurst
19                                      Attorneys for MGA ENTERTAINMENT, INC.,
                                        MGA ENTERTAINMENT HK, LTD., MGA de
20                                      MEXICO, S.R.L. de C.V., and ISAAC LARIAN

21

22

23

24

25

26

27

28

MGA PARTIES' SUPPLEMENTAL BRIEFING IN RESPONSE TO
2/3/2011 ORDER RE PROPOSED JURY INSTRUCTIONS
CV-04-9049 SGL (RNBx)