ANNETTE L. HURST (State Bar No. 148738)
ahurst@orrick.com
WARRINGTON S. PARKER III (State Bar No. 148003)
wparker@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building, 405 Howard Street
San Francisco, CA 94105
Tel: (415) 773-5700/ Fax: (415) 773-5759

WILLIAM A. MOLINSKI (State Bar No. 145186)
wmolinski@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA 90017
Tel: (213) 629-2020/Fax: (213) 612-2499

THOMAS S. McCONVILLE (State Bar No. 155905)
tmcconville@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
4 Park Plaza, Suite 1600
Irvine, CA 92614-2258
Tel: (949) 567-6700/Fax: (949) 567-6710

Attorneys for MGA Parties

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | Case No. CV 04-9049-DOC (RNBx)<br>Consolidated with Nos. CV 04-9059 and CV 05-2727<br><br>Hon. David O. Carter<br><br>**MGA PARTIES' TRIAL BRIEF REGARDING INADMISSIBILITY OF COLLATERAL IMPEACHMENT**<br><br>Trial Date: January 11, 2011 |

The MGA Parties and Isaac Larian respectfully submit the following authorities regarding the improper attempt by Mattel to present collateral testimony to impeach a witness: *U.S. v. Menefee*, 1992 WL 175915, *2 (9th Cir. 1992) ("[A] witness may not be impeached by producing extrinsic evidence of collateral facts to contradict the witness's assertions about those facts. Collateral facts are those which are not relevant to the substantive issues in the case." (citing *Edward W. Cleary, et al.,* McCormick on Evidence § 47 at 110 (3rd ed. 1984))); *State v. Gore*, 299 S.C. 368, 369 (Sup. Ct. of S. Carolina 1989) ("[W]hen a witness denies an act involving a matter collateral to the case in chief, the inquiring party is not permitted to introduce contradictory evidence to impeach the witness."); *United States v. Adams*, 799 F.2d 665, 671 (11th Cir. 1986) (a witness may not be impeached on a collateral matter by extrinsic evidence); Fed. R. Evid. 608(b) (extrinsic evidence may not be used to show specific instances of a witness's conduct for the purpose of attacking the witness's credibility).

Mattel intends to recall Ms. Anna Rhee to the stand solely in an attempt to impeach Mr. Isaac Larian on a collateral matter, namely, whether Mr. Larian instructed Mr. Poottipong Phoosopha to place a phone call to Ms. Rhee to offer her legal assistance in this matter. This proffered testimony is impermissible for three reasons. First, the issue of whether Mr. Larian did or did not ask Mr. Phoosopha to place a telephone call to Ms. Rhee has no relevance to the claims or defenses at issue in this litigation. Mr. Larian's alleged instructions relate solely to a collateral matter.

Second, even if Mr. Larian's instructions to Mr. Phoosopha were somehow relevant to any claim or defense, the proffered testimony of Ms. Rhee does not address – let alone impeach – the purported instructions given by Mr. Larian to Mr. Phoosopha. Rather, Mr. Larian testified consistently with the testimony provided by Mr. Phoosopha.

      Finally, this proffered testimony constitutes double hearsay, as it seeks to relay information allegedly told by Mr. Larian to Mr. Phoosopha and then recounted by Ms. Rhee. On this basis alone, the Court must exclude Ms. Rhee's proffered statements.

Dated:  February 13, 2011  Respectfully submitted,

ANNETTE L. HURST
ORRICK, HERRINGTON & SUTCLIFFE LLP


By:  */s/ Annette L. Hurst*
      ANNETTE L. HURST
      Attorneys for MGA Parties