ANNETTE L. HURST (State Bar No. 148738)
ahurst@orrick.com
WARRINGTON S. PARKER III (State Bar No. 148003)
wparker@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105
Telephone:   415-773-5700
Facsimile:    415-773-5759

WILLIAM A. MOLINSKI (State Bar No. 145186)
wmolinski@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA  90017
Telephone:   213-629-2020
Facsimile:    213-612-2499

THOMAS S. MCCONVILLE (State Bar No. 155905)
tmcconville@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
4 Park Plaza, Suite 1600
Irvine, CA 92614-2258
Tel: (949) 567-6700/Fax: (949) 567-6710

Attorneys for MGA Parties

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | Case No. CV 04-9049 DOC (RNBx)<br><br>Consolidated with Case No. CV 04-9059 and Case No. CV 05-2727<br><br>**MOTION IN LIMINE NO. 45 TO EXCLUDE DALE CENDALI AS A WITNESS**<br><br>Date: TBD<br>Time: TBD<br>Dept: Courtroom 9D<br><br>Trial Date: January 18, 2011<br>Judge:  Hon. David O. Carter |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on a date and time to be set by this Court before the Honorable David O. Carter, located at 411 West Fourth Street, Room 1053, Santa Ana, California 92701, the MGA Parties will and do hereby move this Court *in limine* for an order excluding testimony by Dale Cendali.

This Motion is made on the grounds that Mattel failed to disclose Ms. Cendali as a person with knowledge of facts relevant to this case in accordance with Rule 26 disclosure requirements.

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, other previously filed supporting documents, all matters cited to herein and all other matters of which the Court may take judicial notice.

Dated: February 13, 2011        Respectfully submitted,

ORRICK, HERRINGTON & SUTCLIFFE LLP


By: _____/s/ William A. Molinski_____
           William A. Molinski
        Attorneys for MGA Parties

## INTRODUCTION

Ms. Dale Cendali is a complete surprise witness. Mattel first informed counsel for MGA that it intended to call Dale Cendali, MGA's former counsel in this matter, as a witness more than two weeks after trial proceedings began in this matter. Ms. Cendali was not included on any of the six witness lists previously provided by Mattel. Nor was Ms. Cendali ever identified as a person with knowledge, through initial disclosures or discovery responses. Mattel's attempt to call Ms. Cendali as a witness in this case is in direct violation of this Court's order that, "There will be no surprise witnesses." Dkt. #9669 at p. 15. Accordingly, MGA respectfully requests that Ms. Cendali be excluded from trial.

## STATEMENT OF FACTS

### I. PROCEDURAL HISTORY

As this Court has noted, despite seeking orders that MGA update its Rule 26 disclosures, Mattel neglected to do so itself. Dkt. #9669 at pp. 14-15. Mattel's most recent Rule 26 disclosures were served over four years ago. Dkt. #9478 at p. 5680 (Mattel Inc.'s Consolidated (1) Initial Disclosures Relating to MGA's Unfair Competition Claims, and (2) Second Supplemental Initial Disclosures Relating to Mattel's Claims Against Bryant and MGA, dated January 5, 2007, Ex. 118 to Declaration of Andy Baum in support of MGA's Motions in Limine).

Since its last Rule 26 disclosures, Mattel has filed four separate pleadings in this action (Amended Answer and Counterclaims (January 12, 2007), Second Amended Answer and Counterclaims (July 12, 2007), Third Amended Answer and Counterclaims (May 22, 2009), and Fourth Amended Answer and Counterclaims April 12, 2010)) and MGA has filed its own new counterclaims-in-reply (Counterclaims in Reply (August 16, 2010)). Despite Rule 26, a clear directive from the Discovery Master, the five additional pleadings, and the extensive fact finding done by both sides, Mattel strategically elected not to update its disclosures

at any point in the past four years. As a result, Ms. Cendali is not included in Mattel's disclosures in this case.

Unlike the witnesses at issue in MGA's motion *in limine* No. 38, Ms. Cendali was never identified in <u>any</u> Mattel discovery responses. Thus, Mattel had a duty to supplement its Rule 26 disclosures and identify Ms. Cendali as a person with knowledge of the facts relevant to Mattel's current claims because "additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e).

Notably, Ms. Cendali does not even appear on any of the six witness lists filed by Mattel prior to this trial. Dkt. ##9309, 9310, 9388, 9399, 9567, 9617. As a result, MGA first became aware of the potential for Ms. Cendali to be a witness more than two weeks after trial began.

## ARGUMENT

### II. MATTEL'S FAILURE TO IDENTIFY MS. CENDALI PRECLUDES HER TESTIMONY AT TRIAL

Federal Rule 37(c)(1) prohibits a party from bringing a witness that was not properly disclosed under Rule 26(a). Rule 37(c)(1) was intended to be "a 'self-executing,' 'automatic' sanction to 'provide [] a strong inducement for disclosure of material." *Yeti By Molly Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001) (citing Fed. R. Civ. P. 37 advisory committee's note (1993)). Accordingly, an undisclosed witness is excluded "even absent a showing in the record of bad faith or willfulness." *Id.*

There is no dispute that Mattel did not identify Ms. Cendali in its Rule 26 disclosures. *See* Dkt. #9478 at p. 5680 (Mattel Inc.'s Consolidated (1) Initial Disclosures Relating to MGA's Unfair Competition Claims, and (2) Second Supplemental Initial Disclosures Relating to Mattel's Claims Against Bryant and MGA, dated January 5, 2007, Ex. 118 to Declaration of Andy Baum in support of

MGA's Motions in Limine). Accordingly, Ms. Cendali is excluded from testifying at trial by Rule 37(c)(1).

### A.     Mattel's Non-disclosure Was Not Substantially Justified

A witness who was not disclosed in accordance with Rule 26 requirements may be permitted to testify if the non-disclosing party can show that the non-disclosure was substantially justified. Fed. R. Civ. P. 37(c)(1); *Yeti By Molly Ltd.*, 259 F.3d at 1106. Here, there is no reason why Mattel should not have updated its Rule 26 disclosures to include Ms. Cendali.

Mattel was amending its claims in this case as recently as April. However, Mattel never updated its Rule 26 disclosures to identify persons with knowledge regarding its new trade secret misappropriation claims or to set forth additional fact witnesses that Mattel had discovered relating to its previous claims or defenses. In fact, Mattel last updated its Rule 26 disclosures in January 2007. Dkt. #9478 at p. 5680 (Mattel Inc.'s Consolidated (1) Initial Disclosures Relating to MGA's Unfair Competition Claims, and (2) Second Supplemental Initial Disclosures Relating to Mattel's Claims Against Bryant and MGA, dated January 5, 2007, Ex. 118 to Declaration of Andy Baum in support of MGA's Motions in Limine). In the four years since those disclosures, Mattel has filed four different counterclaim pleadings and MGA has filed counterclaims in reply. There is no reason why Mattel could not have supplemented its Rule 26 disclosures as it amended it claims and defenses in this case. *See Kempf v. Barrett Business Servs.*, 336 Fed. Appx. 658, 2009 WL 1975439 (9th Cir. 2003) (upholding exclusion of witness who "was not timely disclosed in accordance with Rule 26(a)(1)").

### B.     Mattel's Non-Disclosure Was Not Harmless

A witness who was not disclosed in accordance with Rule 26 requirements may be permitted to testify if the non-disclosure was harmless. Fed. R. Civ. P. 37(c)(1). Harm from non-disclosure is presumed under Rule 37(c)(1) (and most certainly occurs when a completely new witness is identified more than two weeks

1 after trial begins) and the burden falls on Mattel, the non-disclosing party, to prove
2 harmlessness. *Yeti By Molly Ltd.*, 259 F.3d at 1107 (holding that "the burden is on
3 the party facing sanctions to prove harmlessness" and finding harm where party
4 disclosed an expert witness, but not substance of expert's testimony, until a month
5 before trial).

6       Permitting Ms. Cendali to testify will be harmful. In the first instance, the
7 timing of Mattel's disclosure of Ms. Cendali as a potential witness causes harm that
8 cannot be remedied. By failing to disclose Ms. Cendali until trial was well
9 underway, Mattel prevented MGA from preparing for Ms. Cendali as a witness.
10 Ms. Cendali was not deposed in this matter, so MGA does not have any knowledge
11 of the facts to which Ms. Cendali would potentially testify. Further, with almost a
12 full month of trial passed, Mattel has not even notified MGA of the topics on which
13 it expects Ms. Cendali will be asked to testify. Nor, given the fact that she is former
14 counsel, is there any topic on which it is apparent that she would be able to give
15 non-privileged testimony. Finally, even if MGA knew the topic on which
16 Ms. Cendali was expected to testify, MGA would not be able to reach out to
17 Ms. Cendali to discuss her potential testimony and properly prepare for trial
18 because MGA is currently in litigation adverse to Cendali. Collectively, these
19 factors make it impossible for MGA to prepare for Ms. Cendali as a witness in this
20 case.
21 / / /
22 / / /
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

## III. CONCLUSION

Rule 37(c) requires that Dale Cendali be excluded from trial in this matter, as Mattel failed to disclose her as a person with knowledge of relevant facts in accordance with Rule 26.

Dated: February 13, 2011

Respectfully submitted,

ORRICK, HERRINGTON & SUTCLIFFE LLP

By: /s/ William A. Molinski
William A. Molinski
Attorneys for MGA Parties