QUINN EMANUEL URQUHART & SULLIVAN, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  William C. Price (Bar No. 108542)
  (williamprice@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:   (213) 443-3000
Facsimile:   (213) 443-3100

Attorneys for Mattel, Inc. and
Mattel de Mexico, S.A. de C.V.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation,<br><br>                    Plaintiff,<br><br>          vs.<br><br>MGA ENTERTAINMENT, INC., a California corporation,<br><br>                    Defendant.<br><br>———————————————<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 DOC (RNBx)<br>Consolidated with<br>Case Nos. CV 04-09059 and CV 05-02727<br><br>MATTEL'S SUPPLEMENTAL BRIEF REGARDING EVIDENCE OF MGA'S CONTACT WITH REPRESENTED THIRD-PARTY ANNA RHEE<br><br>Date:    TBD<br>Time:    TBD<br>Place:  Courtroom 9D<br><br>Trial Date:  January 11, 2011 |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## EVIDENCE OF MGA'S ATTEMPT TO INFLUENCE MS. RHEE'S TESTIMONY IS NOT BARRED BY *RULE* 608(B)

Outside the presence of the jury, the Court heard testimony that on Isaac Larian's instructions, an MGA employee, Pootipong Phoosopha, told represented third-party witness Anna Rhee that MGA "knew" she "lied" at the last trial and that Mattel intended to sue her and offered her MGA's "help."[1]  Testifying before the jury, Mr. Larian admitted that he had offered to provide Ms. Rhee with an attorney but denied having made the other statements to Mr. Phoosopha or otherwise trying to influence Ms. Rhee's testimony.[2]  The jury should hear Ms. Rhee's testimony about Mr. Larian's effort to influence the testimony of a witness.  Such evidence is not collateral impeachment evidence barred by Rule 608(b) because it is not offered to challenge Mr. Larian's credibility.  It is offered for the independent reason of showing MGA's and Mr. Larian's intent and consciousness of guilt, and it is independently relevant to Ms. Rhee's own state of mind and credibility.

The evidence Mattel seeks to introduce is not on a "collateral" matter.  "The general test of whether evidence is collateral is: 'Could the fact, as to which error is predicated, have been shown in evidence for any purpose independently of the contradiction?'"  United States v. Higa, 55 F.3d 448, 452 (9th Cir. 1995) (quotation omitted).  A "collateral contradiction is typically one on a point not related to the matters at issue, but designed to show that the witness' false statement about one thing implies a probability of false statements about the matters at issue."  Id. (citation omitted) (providing illustrative example).

Evidence is not "collateral" under Rule 608(b) unless it is offered "'*solely* for the purpose of attacking the credibility of the witness.'"  United States v. Sanchez-

---

[1]  Mattel's prior submissions on this matter are Docket Nos. 9723 and 9742.

[2]  See February 11, 2011 Trial Tr., Vol. 1,  at 87:2-17, 94:1-18, 96:5-97:5.

MATTEL'S SUPPLEMENTAL BRIEF REGARDING EVIDENCE OF MGA'S CONTACT WITH ANNA RHEE

00505.07975/3966233.4

1  Robles, 927 F.2d 1070, 1078 (9th Cir. 1991), overruled on other grounds by United

2  States v. Heredia, 483 F.3d 913, 923 n.16 (9th Cir. 2007) (citation omitted)

3  (emphasis in original) (approving admission of evidence because it "did not relate to

4  collateral matters and [was] not offered solely to impeach credibility").  Thus, when

5  evidence may implicate a witness's credibility but is independently admissible for

6  another purpose, it will not be excluded as collateral.

7          In United States v. Abel, for example, the Supreme Court found that extrinsic

8  evidence was not barred by Rule 608(b) because it "could properly be found

9  admissible to show bias."  469 U.S. 45, 56 (1984); see also United States v. Blum,

10  62 F.3d 63, 67-68 (2d Cir. 1995) (extrinsic evidence showing that witness had

11  motive to fabricate documents was not inadmissible under Rule 608(b):  "Although

12  this evidence certainly reflects on [the witness's] credibility, that was not its

13  intended purpose . . . .  Rather, what the evidence sought to demonstrate was that

14  [the witness] had a personal motive to fabricate the production logbook having

15  nothing to do with [the defendant's] plight, i.e., to cover up his own thefts.  As

16  evidence directly relevant to showing motive it plainly was admissible under Fed. R.

17  Evid. 404(b)."); Cadena v. Pacesetter Corp., 224 F.3d 1203, 1214 (10th Cir. 2000)

18  (in sexual harassment case, "Rule 608(b) . . . does not require the exclusion of the

19  challenged testimony" when testimony was "not elicited solely 'for the purpose of

20  attacking [witness's] credibility'" but rather also "to demonstrate that [the

21  plaintiff's] decision not to report the harassment . . . was reasonable"); Alford v.

22  Schomig, 254 Fed. Appx. 594, 599 (9th Cir. Nov. 14, 2007) (applying Nevada law)

23  ("Nevada has recognized that '[e]vidence that after a crime a defendant threatened a

24  witness with violence is directly relevant to the question of guilt.  Therefore,

25  evidence of such a threat is neither irrelevant character evidence nor evidence of

26  collateral acts requiring a hearing before its admission.'") (citation omitted).

27

28

1       Mattel does not offer this evidence "solely" to impeach Mr. Larian.  Indeed,

2  Mattel offered it before Mr. Larian ever took the stand.[3]  Mr. Larian's effort to

3  influence Ms. Rhee's testimony is independently admissible to show Mr. Larian's

4  state of mind, knowledge and intent.  See Renteria v. Smalls, 2010 WL 1875642, at

5  *7 (C.D. Cal. Feb. 24, 2010) (in habeas proceeding, "evidence of threats or

6  intimidation made by a defendant against a witness is admissible to show the

7  defendant's consciousness of guilt . . . and the witness's state of mind and is relevant

8  to the evaluation of the witness's credibility even if the threats were not made by the

9  defendant."); see also U.S. v. Ho, 2009 WL 2591344, at *9 (D. Haw. Aug. 20, 2009)

10  (collecting cases and concluding that "[e]vidence that Defendant persuaded J.W. to

11  give false statements regarding the very events that make up the color of law claims

12  is admissible to show consciousness of guilt, and indeed, multiple courts have

13  admitted such evidence under similar circumstances") (citations omitted).  Because

14  the evidence is material apart from challenging Larian's credibility, it is not

15  collateral.  See U.S. v. Phillips, 48 F.3d 1218, at *4 (4th Cir. 1995) (unpublished)

16  ("Extrinsic evidence of past bad acts inadmissible under Rule 608(b) may

17  nonetheless be admissible under Rule 404(b) if offered for a purpose other than to

18  prove bad character or propensity to commit a crime, despite the fact that the

19  evidence comes in after a defendant has denied the conduct under cross-

20  examination.  [citation]  Evidence of witness intimidation is admissible to prove

21  consciousness of guilt under Fed. R. Evid. 404(b), where the evidence is related to

22  the offense charged and is reliable.") (citation omitted).

---

26     [3]  See Mattel's Brief Regarding MGA's Contact With Represented Third-Party
Anna Rhee, dated January 28, 2011, Dkt. No. 9723.

1   Further, the evidence is not collateral because it goes directly to Ms. Rhee's

2   state of mind, credibility and the misleading impression MGA left with the jury.[4]

3   MGA's counsel asked Ms. Rhee if she was "scared," and if she was "afraid Mattel

4   was going to sue you."[5]   Ms. Rhee's response, elicited by MGA: "No, not back

5   then."  Thus, the jury has been left with the false impression—created by MGA's

6   counsel—that Ms. Rhee's testimony was given under the belief that Mattel intends

7   to sue her.  Mattel should be permitted to offer Ms. Rhee's testimony to correct that

8   false impression.[6]

9   The evidence is also admissible under Rule 801(d)(2).  Mr. Larian's

10  instructions to Mr. Phoosopha are an admission by a party opponent.  Mr.

11  Phoosopha likewise is an MGA employee and was acting as an agent of Larian and

12  MGA at their express instruction in making his statements to Ms. Rhee.  See Fed. R.

13  Evid. 801(d)(2)(D).  Thus, Mr. Phoosopha's statements are also admissions of a

14  party opponent.  See Fed. R. Evid. 801(d)(2)(A) (admission of a party-opponent is

15  not hearsay); see also United States v. Chong, 98 F. Supp. 2d 1110, 1122 (D. Haw.

16  1999) (admitting report detailing an attempt to threaten third party in part because

17  "there is no double hearsay problem because the threat constitutes an admission of a

18  party opponent"); United States v. Gibson, 409 F.3d 325, 336-37 (6th Cir. 2005)

19  (upholding district court's admission of testimony over "double hearsay" objection

20  because at each level, the "statements were those of party-opponents and were

21  therefore admissible").

22

23  [4]  See JEFFERSON'S CALIFORNIA EVIDENCE BENCHBOOK § 21.92 (evidence that
    witnesses have been threatened "is relevant to their state of mind and demeanor
24  while testifying" even where defendant "did not personally make the threats, or was
    not even personally linked to the threats.").

25  [5]  See January 27, 2011 Trial Tr., Vol. 3, at 30:6-17.

26
    [6]  See Mattel's Brief Regarding MGA's Contact With Represented Third-Party
27  Anna Rhee, dated January 28, 2011, Dkt. No. 9723.

28

1   DATED:  February 13, 2011          QUINN EMANUEL URQUHART &
2                                      SULLIVAN, LLP

3
4                                      B /s/ John B. Quinn
                                          John B. Quinn
5                                         Attorneys for Mattel, Inc. and Mattel de
                                          Mexico, S.A. de C.V.
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28