QUINN EMANUEL URQUHART & SULLIVAN, LLP
  John B. Quinn (Bar No. 090378)
  (johnquinn@quinnemanuel.com)
  William C. Price (Bar. No. 108542)
  (williamprice@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc. and
Mattel de Mexico, S.A. de C.V.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation, and Mattel de Mexico, S.A. de C.V.,<br><br>Plaintiff,<br><br>vs.<br><br>MGA ENTERTAINMENT, INC., a California corporation, et al.,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 DOC (RNBx)<br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>Hon. David O. Carter<br><br>**MATTEL'S MOTION FOR MISTRIAL OR, IN THE ALTERNATIVE, CURATIVE INSTRUCTION TO THE JURY;**<br><br>**DECLARATION OF JOHN B. QUINN;**<br><br>**DECLARATION OF WILLIAM C. PRICE**<br><br>Hearing Date: TBD<br>Time: TBD<br>Place: Courtroom 9D<br><br>Pre-trial Conf: January 4, 2011<br>Trial Date: January 18, 2011 |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, on a date and at a time to be determined by the Court, plaintiffs Mattel, Inc. and Mattel de Mexico, S.A. de C.V. (collectively, "Mattel") will, and hereby do, move for a mistrial on the grounds that the following comments by Isaac Larian have deprived it of a fair trial:

1. Mattel killed Mr. Larian's father, a statement that the Court has found has no factual basis.

2. Mattel caused Mr. Bryant to have a stroke, a statement that the Court has found has no factual basis.

3. Mattel destroyed Mr. Larian's family.

4. Mattel uses litigation to stifle competition.

5. Mattel owes MGA royalties on trapezoidal packaging.

6. Mr. Price, Mattel's counsel, made "racist remarks" at the previous trial.

7. A newspaper article said Mr. Price's tie was worth "what every jury spends on the weekend taking their families out for Sunday night dinner."

8. Mattel is setting retailer margins, and such conduct is illegal.

9. An insinuation that Mattel Mexico instigated the federal search of MGA Mexico's offices by improper means.

Mattel moves in the alternative that the Court instruct the jury that all of the comments were false.

This Motion is based upon this Notice of Motion and Motion, Memorandum of Points and Authorities in support thereof, the Declarations of John B. Quinn and William C. Price, the trial transcripts, all pleadings and papers on file in this action, such other evidence or arguments as may be presented to the Court, and such other matters of which this Court may take judicial notice.

### Statement of Compliance with Local Rule 7-3

Pursuant to Local Rule 7-3, lead counsel met and conferred regarding the issues presented by Mattel's Motion on February 9, 2011, and times thereafter,

1  including with the Court on February 10, 2011, and did not reach a resolution.  Decl.
2  of John B. Quinn dated February 14, 2011 at ¶¶ 2-3.

4  DATED:  February 14, 2011      QUINN EMANUEL URQUHART &
                                  SULLIVAN, LLP


                                  By */s/ John B. Quinn*
                                     John B. Quinn
                                     Attorneys for Mattel, Inc. and Mattel de
                                     Mexico, S.A. de C.V.

## MEMORANDUM OF POINTS AND AUTHORITIES

<u>Mr. Larian's Pattern of Volunteering Prejudicial and False Comments.</u>  On February 8, 2011, while being examined before the jury, Isaac Larian stated that:

- Mattel killed Mr. Larian's father.[1]

- Mattel caused Carter Bryant to have a stroke, and that he was a "broken man."[2]

- Mattel destroyed Mr. Larian's family.[3]

The Court found that these comments were "non-responsive," "blurt[ed] out," "inappropriate," and "improper."[4]  The Court also recognized that the allegations were baseless, expressly noting that there was no evidence that Mattel killed Mr. Larian's father.[5]  Indeed, Mr. Larian's father had literally no involvement in these proceedings: he was never a party or witness in this case.  The Court further found that there was no evidence that Mr. Bryant had a stroke or that Mattel caused any medical condition.[6]  That evening, on the record, the Court admonished that it was "putting everyone on notice" that another such "fortuitous" comment would "cause, unfortunately, the court to step in."[7]

The next day, February 9, Mr. Larian continued his pattern of volunteering prejudicial and false remarks in the presence of the jury, stating that:

---

[1]  2/8/11 Trial Tr., Vol. 2, at 88:19-89:13.
[2]  2/8/11 Trial Tr., Vol. 2, at 106:23-107:9, 122:4-6.
[3]  2/8/11 Trial Tr., Vol. 2, at 87:16-25.
[4]  2/8/11 Trial Tr., Vol. 3, at 52:14-15, 54:2-16; 2/9/11 Trial Tr., Vol. 3, at 109:25-110:20.
[5]  2/9/11 Trial Tr., Vol. 3, at 109:24-25; 2/10/11 Trial Tr., Vol. 1, at 75:11-12. Nor is there any evidence that Mattel has "destroyed Mr. Larian's family."  Indeed, although Mattel was granted the right to take the deposition of Angela Larian, Mr. Larian's wife, Mattel did not pursue that deposition out of courtesy, and despite the fact that Mattel had depositions remaining at the close of discovery.
[6]  2/9/11 Trial Tr., Vol. 3, at 105:10-20.

- Mr. Price, Mattel's counsel, made "racist remarks" at the previous trial.[8]

- Mattel "uses litigation to stifle competition."[9]

- Mattel owes MGA royalties on trapezoidal packaging.[10]

The Court again found that these remarks were "non-responsive," "volunteered" and "completely gratuitous."[11] It reminded counsel for MGA of its warning the night before "to get these gratuitous comments under control."[12]

In addition to being gratuitous, the comments are false and in violation of the Court's orders. Neither Mr. Price, nor any other Mattel attorney, made a racist remark at the prior trial.[13] Mr. Larian's allegation that Mattel uses litigation in an anti-competitive fashion is a violation of the Court's ruling on Mattel's Motion *in Limine* No. 2.[14] And the Court held on summary judgment that MGA cannot assert any claim against Mattel based on trapezoidal packaging.[15]

Despite the Court's repeated warnings, Mr. Larian's pattern of gratuitous comments continued when his examination resumed on February 10. He again personally attacked Mattel's counsel, claiming that a newspaper article said Mr.

---

[7] 2/8/11 Trial Tr., Vol. 3, at 53:14-17.
[8] 2/9/11 Trial Tr., Vol. 3, at 84:13-85:2.
[9] 2/9/11 Trial Tr., Vol. 3, at 51:15-16, 52:2-3.
[10] 2/9/11 Trial Tr., Vol. 2, at 45:17-23.
[11] 2/9/11 Trial Tr., Vol. 3, at 94:5-95:8, 112:18-23, 114:15-16.
[12] 2/9/11 Trial Tr., Vol. 3, at 112:18-23.
[13] Declaration of William C. Price dated February 11, 2011 at ¶ 2. The remark in question, as identified by Mr. Larian, is clearly not racist at all: "Question: "In fact, you were quoted in that Wall Street Journal article as saying that, right, 'no risk, no reward?'" Answer: "I am not sure if it was the Wall Street Journal, but I have said that before. And again, I apologize for my accent, sir." Question: "No one has asked you to and there is nothing wrong with an accent. Can you tell I'm from the South?" See 2/11/11 Trial Tr., Vol. 3, at 74:12-75:25.
[14] Dkt. No. 9669 at 17-18.

Price's tie was worth "what every jury spends on the weekend taking their families out for Sunday night dinner."[16]  Further, Mr. Larian volunteered to the jury that:

- Mattel is illegally setting retailer margins.[17]

- Mattel Mexico instigated the search of MGA Mexico's offices by Mexican Federal Police by means "I don't want to talk about," falsely suggesting improper influence or bribery.[18]

Again, these volunteered remarks are false, irrelevant, baseless, and prejudicial.  On February 11, the Court instructed the jury that non-responsiveness to questions and "[g]ratuitous information" by a witness may be considered regarding the "credibility and truthfulness of that witness."[19]  However, the Court did not reference Mr. Larian's outbursts specifically.  Nor did the Court instruct the jury that Mr. Larian's remarks were false or irrelevant.

Mr. Larian's Personal Attacks On Mattel and Its Counsel Warrant a Mistrial. Where the jury is exposed to inadmissible and highly prejudicial testimony that cannot be cured by jury instruction, a mistrial must be granted.  See B.K.B. v. Maui Police Dept., 276 F.3d 1091, 1109 (9th Cir. 2002) (holding that inadmissible and prejudicial testimony "deprived Plaintiff of a fair trial" and, despite court's instruction for jury to ignore the testimony, "the district court abused its discretion in denying Plaintiff's motion for a mistrial").  Here, Mr. Larian has told the jury that Mattel killed his father, destroyed his family, and caused Carter Bryant – a "broken man" – to have a stroke.  Mattel has no means to respond to Mr. Larian's claim that Mattel was responsible for his father's death.  But this statement, which the Court has already found is without factual basis, is the kind of impermissible attempt to

---

[15] Dkt. No. 9538 at 104.
[16] 2/10/11 Trial Tr., Vol. 3, at 80:7-18.
[17] 2/10/11 Trial Tr., Vol. 3, at 12:18-20, 13:14-18, 14:23-24.
[18] 2/10/11 Trial Tr., Vol. 3, at 53:19-21.
[19] 2/11/11 Trial Tr., Vol. 1, at 7:81-8:3.

gain sympathy that permanently taints a proceeding. This statement is particularly problematic given that a parent of a juror passed away during trial.[20]

Mr. Larian has also attacked counsel for Mattel, accusing Mr. Price of – among other things – making racist remarks on the record in the first trial. Although Mr. Price was able to examine Mr. Larian on this issue, this does not cure the prejudice of Mr. Larian's radioactive accusation. "Certain courtroom situations are so beyond the pale, so prejudicial, that no amount of voir dire and cautionary instructions can remedy the defect." United States v. Mannie, 509 F.3d 851, 856-57 (7th Cir. 2007) (refusal to grant mistrial was an abuse of discretion when the jury witnessed co-defendant, amongst other disruptive conduct, "verbally assaulting" his attorneys and engaging in physical violence). The nature of Mr. Larian's remarks make them impossible to cure through instruction. Whatever curative instruction may be given, there is no way to ensure that this baseless allegation will not affect the jury. Indeed, MGA's counsel and Mr. Larian magnified the impropriety of these outbursts by Mr. Larian's specific testimony that he "hate[s]" Mattel and its counsel – remarks that served to suggest that Mr. Larian has valid reasons for that hatred.[21]

No instructions to the jury can remove the taint of Mr. Larian's invectives against Mattel and its counsel. See, e.g., Fineman v. Armstrong World Industries, Inc., 980 F.2d 171, 209 (3d Cir. 1992) (mistrial warranted due to "improper and inflammatory remarks" of counsel, including "unadorned, disparaging attack" on opposing counsel because "cautionary instructions given to the jury proved to be insufficient to immunize the jury from the improper and inflammatory remarks"); Draper v. Airco, Inc., 580 F.2d 91, 95 (3d Cir. 1978) (holding trial court erred in refusing to grant a new trial based on the actions of plaintiff's attorney when,

---

[20] 1/19/11 Trial Tr., Vol. 3, at 11:14-17.
[21] 2/11/11 Trial Tr., Vol. 3, at 6:24-7:2.

amongst other conduct, "without provocation or basis in fact, he made several prejudicial, vituperative and insulting references to opposing counsel").

<u>Mr. Larian's Prejudicial and Irrelevant Comments About Mattel's Business Practices Warrant a Mistrial.</u>  Mr. Larian volunteered to the jury that "Mattel uses litigation to stifle competition."[22]  This is a direct violation of the Court's ruling on Mattel's Motion *in Limine* No. 2, in which the Court excluded the "damaging allegation that Mattel prefers to compete through litigation" because "[i]ts prejudicial effect to Mattel far outweighs [its] probative value."[23]  The Court found Mr. Larian's statement to be "a gratuitous comment in a string of gratuitous comments about Mattel's motives in filing this lawsuit, as well as Mattel's anti-competitive tendencies."[24]  After the Court made this finding, Mr. Larian continued his pattern of gratuitous and prejudicial comments about Mattel's business practices, suggesting that Mattel engages in "illegal" conduct by setting retailer margins and that it instigated the search of MGA Mexico's offices by Mexican authorities through improper means – of which there is absolutely evidence.  Mr. Larian also suggested that Mattel owed MGA "royalties" for trapezoidal packaging – in direct contradiction of the Court's ruling at summary judgment.[25]

Even a prompt and forceful instruction is inadequate to cure the prejudice of such repeated prejudicial comments.  <u>See</u>, <u>e.g.</u>, <u>O'Rear v. Fruehauf Corp.</u>, 554 F.2d 1304, 1309 (5th Cir. 1977) (holding trial court's refusal to grant mistrial was abuse of discretion because no cautionary jury instructions could cure prejudicial effect of counsel's repeated improper remarks).

---

[22] 2/9/11 Trial Tr., Vol. 3, at 51:15-16, 52:2-3.
[23] <u>See</u> Dkt. No. 9669 at 17-18.
[24] 2/9/11 Trial Tr., Vol. 3, at 112:18-20.
[25] Dkt. No. 9538 at 104.

<u>In The Alternative, Forceful Curative Instructions Are Required.</u>  In the alternative, Mattel requests that the Court give the jury instructions advising the jury that all the foregoing statements are false.  The Court's generalized instructions given on February 11, that gratuitous and non-responsive statements may be considered in assessing a witness's credibility and truthfulness, are inadequate to cure the volume and nature of the prejudicial comments.

DATED:  February 14, 2011          QUINN EMANUEL URQUHART &
                                   SULLIVAN, LLP


                                   By */s/ John B. Quinn*
                                      John B. Quinn
                                      Attorneys for Mattel, Inc., and
                                      Mattel de Mexico, S.A. de C.V.