# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

Case No. CV 04-9049 DOC (RNBx)                                           Date: February 12, 2011

Title: MATTEL, INC. v. MGA ENTERTAINMENT, INC.

---

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Kathy Peterson | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFFS:        ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT                                                         NONE PRESENT

---

PROCEEDING (IN CHAMBERS): COURT MINUTES FOR FEBRUARY 12, 2011 INFORMAL HEARING

  On Saturday February 12, 2011, the parties appeared before the Court for an initial discussion regarding jury instructions. During the hearing, and in the course of a discussion about the preemptive effect of the Copyright Act on Mattel's counter-claim for trade secret misappropriation, the Court and the parties viewed a video recording of the December 16, 2010 oral argument before an *en banc* panel of the United States Court of Appeals for the Ninth Circuit in <u>Montz v. Pilgrim Films & Television, Inc.</u>, No. 08-56954 (9th Cir.), available at, http://www.ca9.uscourts.gov/media/view_subpage.php?pk_vid=0000006141. The Court and the parties also reviewed a video recording of comments made by the Honorable Alex Kozinski, Chief Judge, United States Court of Appeals for the Ninth Circuit, at the Second Annual Finnegan, Henderson, Farabow, Garrett & Dunner LLP Distinguished Lecture on Intellectual Property, dated September 21, 2006, available at http://media.wcl.american.edu/mediasite/viewer/?peid=a98678f9-cb51-4438-a18f-657c444dd75b.

  On the basis of its preliminary conversation with the parties, the Court flagged the following subjects for further discussion:

  1. In the July 22, 2010 ruling issued in this matter, the Ninth Circuit held that a "narrower" constructive trust may be imposed on the basis of a fact-finder's determination that Bryant assigned his idea for the name "Bratz" to Mattel. That

       ruling cuts in two ways.  On the one hand, it undercuts MGA's argument that the Copyright Act preempts claims based upon the "wrongful acquisition" of an idea, because "wrongful acquisition" is a prerequisite to the entry of a constructive trust.  On the other hand, it undercuts Mattel's claim to a full disgorgement of MGA's unjust enrichment, since a constructive trust is the equitable analogue to, and is based upon the same facts as, a claim for relief under the California Uniform Trade Secrets Act.  Central to this issue is whether a "narrower" constructive trust necessarily parallels a royalty scheme under Cal. Civ. Code § 3426.2(b).

2.     MGA makes the argument that the jury should be instructed to restrict its consideration to "lead time" or "head start" damages.  Courts have adhered to this rule in fashioning injunctive relief.  See Winston Research Corp. v. Minnesota Min. & Mfg. Co., 350 F.2d 134, 142 (9th Cir. 1965).  There is some precedent that the jury can be so instructed, though not in cases where the trade secret defendant was the first to disclose the product.  See, e.g., Russo v. Ballard Medical Prods., 550 F.3d 1004, 1020 (10th Cir. 2008).  Even assuming the trade secret owner would have used the trade secret, such a rule may not account for the continuing benefits of "first use" or "primacy" beyond just the head start over competition — e.g., the ability to claim intellectual property rights (trademarks and copyrights) in misappropriated product names and works, thereby restraining the rightful owner of the trade secret from ever fully realizing the benefits of the product concept, even after it is no longer a secret.

The Clerk shall serve this minute order on all parties to the action.