ANNETTE L. HURST (State Bar No. 148738)
ahurst@orrick.com
WARRINGTON S. PARKER III (State Bar No. 148003)
wparker@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105
Telephone:  415-773-5700
Facsimile:   415-773-5759

WILLIAM A. MOLINSKI (State Bar No. 145186)
wmolinski@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA  90017
Telephone:  213-629-2020
Facsimile:   213-612-2499

THOMAS S. MCCONVILLE (State Bar No. 155905)
tmcconville@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
4 Park Plaza, Suite 1600
Irvine, CA 92614-2258
Tel: (949) 567-6700/Fax: (949) 567-6710

Attorneys for MGA Parties

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | Case No. CV 04-9049 DOC (RNBx)<br><br>Consolidated with Case No. CV 04-9059 and Case No. CV 05-2727<br><br>**MOTION IN LIMINE NO. 46 TO EXCLUDE TESTIMONY OF LISA TONNU CHAN**<br><br>Date:  TBD<br>Time:  TBD<br>Dept:  Courtroom 9D<br><br>Trial Date: January 18, 2011<br>Judge:  Hon. David O. Carter |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on a date and time to be set by this Court before the Honorable David O. Carter, located at 411 West Fourth Street, Room 1053, Santa Ana, California 92701, the MGA Parties will and do hereby move this Court *in limine* for an order excluding testimony by Lisa Tonnu Chan ("Lisa Tonnu").

This Motion is made on the grounds that Mattel's recent trial exhibit list for Tonnu, provided via email to MGA's counsel on the evening of February 14, 2011, includes exhibits that have been clearly excluded by the Court in previous rulings and exhibits for which Tonnu has no personal knowledge, are highly prejudicial to MGA and/or are completely irrelevant. Based on these exhibits, Tonnu's testimony should be excluded in its entirety.

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, other previously filed supporting documents, all matters cited to herein and all other matters of which the Court may take judicial notice.

Dated: February 15, 2011         Respectfully submitted,

                                 ORRICK, HERRINGTON & SUTCLIFFE LLP


                                 By:    */s/ Thomas S. McConville*
                                         Thomas S. McConville
                                         Attorneys for MGA Parties

## INTRODUCTION

Lisa Tonnu, during her employment with MGA from 2005 through 2010, was Director of International Tax and later Vice President of Tax for the company. In other words, Lisa Tonnu was essentially a tax accountant. Her whole job narrowly revolved around understanding the various tax issues of the company. She has no personal knowledge of the copyright or trade secret issues that are at the heart of this case, and she had no day-to-day involvement in the preparation of financial documents regarding MGA. Accordingly, the sixteen documents that Mattel propose to introduce through her, as per Mattel's most recent trial exhibit list, serve only to highlight how irrelevant her testimony could be to any issue in this case . Furthermore, Mattel's proposed exhibits appear to solicit testimony on areas clearly previously excluded by the Court. Mattel's attempts to skirt around the Court's previous rulings should not be condoned by allowing Tonnu to testify on these or any of the other irrelevant documents that Mattel has proposed to use during her testimony at trial.

## ARGUMENT

### I. <u>MATTEL'S EXHIBITS FOR LISA TONNU ATTEMPT AN END RUN AROUND THE COURT'S JANUARY 17, 2011 ORDER ON MOTIONS IN LIMINE</u>

As this Court has noted in its January 17, 2011 Order on Motions in Limine (Dkt. No. 9669), various categories of testimony and evidence should rightfully be excluded from trial, either because of the highly prejudicial effect of such evidence (outweighing any probative value), or because the evidence is irrelevant to the issues at hand. In this same Order, the Court ruled that MGA's motions were granted as to, among other issues, exclusion of evidence regarding the IRS investigation (MGA's Motion in Limine No. 5), exclusion of evidence regarding Omni 808 (at least until the punitive phase) (MGA's Motion in Limine Nos. 14 and 16; MGA's Motion in Limine No. 40), exclusion of reference to prior proceedings

1  (MGA's Motion in Limine No. 15), and exclusion of testimony relating to the
2  forensic auditor (MGA's Motion in Limine No. 40).
3       However, in disregard of that Order, Mattel is attempting to introduce,
4  through Lisa Tonnu, trial exhibits that address all of those aforementioned
5  categories previously excluded by the Court. Two of the trial exhibits that Mattel
6  proposes to use are various reports submitted by Ronald Durkin, the Court
7  appointed forensic auditor after the Phase 1 trial (Exhibits 20145 and 22667).
8  Durkin is clearly part of the prior proceeding, which is excluded, and brings the
9  court itself (as he was a Court-appointed auditor) into the litigation. Additionally,
10 Exhibit 8124, which includes an IRS presentation referencing the alleged Carter
11 Bryant indemnification agreement. The Court's ruling  - excluding this evidence -
12 was clear in its decision to grant MGA's Motion in Limine No. 5 on this *very same*
13 *issue*. Mattel, in perhaps an attempted end run around the Court's orders, is
14 therefore using Lisa Tonnu as a vehicle through which to submit these three
15 exhibits which contain evidence that has previously been excluded almost a month
16 ago through clear statements from the Court.

17 **II.**   **MATTEL'S EXHIBITS FOR LISA TONNU ARE LARGELY**
18       **IRRELEVANT AND ONLY SERVE TO PREJUDICE THE JURY**

19      In addition to the reasons discussed above, Mattel's trial exhibits for Lisa
20 Tonnu are irrelevant, as they relate to financial transactions that have no bearing on
21 the issues at hand. For example, Exhibit 8129, which is an email showing account
22 settlement payments between MGA US, Hong Kong, Co-Op (the international
23 holdings) and Ireland, is not related to any claim or defense that Mattel is alleging –
24 or that has not been excluded – in this case. Another exhibit, Exhibit 8638, a cover
25 note to Ron Durkin attaching a February 9, 2004 letter from Deloitte regarding an
26 audit of MGA's internal controls in 2002, is also completely irrelevant to any issue
27 not previously excluded by this Court. These exhibits, along with an additional *six*
28 exhibits (Exhibits 1354, 1364, 8741, 23913, 23914, and 23945) illustrating

financial transactions, including financial statements related to money transferred in and out of accounts held by various members of the Larian family over time, MGA trial balances, and international distribution deal memos between MGA and its agents, will serve only to either confuse the jury about the true issues at hand, or unfairly prejudice the jury about transactions and finances that are not only lawful and appropriate but are also, as previously stated, irrelevant to any of the claims still remaining in this case.  In addition, Exhibit 654 is a press release from 2006 related to MGA's acquisition of Zapf Creations – again, completely not relevant to any of the issues currently in the case.  All of these irrelevant exhibits, based on the aforementioned analysis, should not be allowed into evidence.

### III.  LISA TONNU IS NOT THE BEST PERSON TO TESTIFY REGARDING ANY ADDITIONAL EXHIBITS

In addition to the categories of excluded and irrelevant exhibits listed above, Mattel includes another five exhibits (Exhibits 515, 12030, 21622, 21829, and 23949) related to MGA's corporate structure.  With the exception of Exhibit 515, which was drawn by Lisa Tonnu, at her deposition, none of these documents were authored by or shown as received by her.  In addition, Exhibit 515 is a crude, hand-drawn sketch of MGA's organizational chart as of the date of her deposition – mid-July of 2007.  This sketch cannot be considered to be the best evidence of MGA's corporate structure.  Finally, Lisa Tonnu is no longer an employee of MGA.  As an ex-employee, Lisa Tonnu cannot be the best person to testify to these exhibits which purport to address MGA's corporate structure – a company that she is no longer a part of.  To eliminate the need for Ms. Tonnu's testimony on MGA's corporate structure, MGA remains willing to enter into a stipulation on the corporate organization.

### IV.  CONCLUSION

Mattel's attempts to submit exhibits previously excluded by the Court, and/or irrelevant to any of the claims still at issue in the case, through an unrelated witness

1  – Lisa Tonnu – should be barred through the exclusion of Lisa Tonnu's testimony
2  on any of these issues.  Furthermore, Mattel's exhibit list only highlights the
3  additional fact that Lisa Tonnu's testimony is irrelevant to any of the claims
4  remaining in this case at this point.

6  Dated:  February 15, 2011           Respectfully submitted,
7                                       ORRICK, HERRINGTON & SUTCLIFFE LLP

                                        By:     */s/ Thomas S. McConville*
                                                 Thomas S. McConville
                                                 Attorneys for MGA Parties