## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

Case No. CV 04-9049 DOC (RNBx)　　　　　　　　　　　　　　　Date: February 16, 2011

Title: MATTEL, INC. v. MGA ENTERTAINMENT, INC.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

　　Kathy Peterson　　　　　　　　　　　　　　　　　Not Present
　　Courtroom Clerk　　　　　　　　　　　　　　　　Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS: ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT　　　　　　　　　　　　　　NONE PRESENT

PROCEEDING (IN CHAMBERS): REGARDING AMENDED ORDER ON MOTIONS FOR SUMMARY JUDGMENT

　　　　Upon review of the full record concerning the parties' prior representations concerning the scope of the trade secret claims, the Court vacates its ruling, in the amended order on the motions for summary judgment, that "Mattel's identification of the Bratz concept as a trade secret must as a matter of basic equity relate back to the original complaint against Bryant . . ." (Docket 9600 at 92:5-9.) Mattel's pleading could not, contrary to the prior district court's conclusion, relate back to a pleading in a different action. *See Bailey v. Northern Ind. Pub. Serv. Co.*, 910 F.2d 406, 413 (7th Cir. 1990). This Court nevertheless adhered to the prior court's ruling, noting that the prior court probably would have allowed Mattel's Bratz-related claims to be pled as amendments to Mattel's original complaint against Carter Bryant, if not for the erroneous ruling on the relation back issue. However, it is critical to note the manner in which the prior court categorized the claims that could relate back to April 2004: "the Phase 1 claims against MGA *sought to be asserted* by Mattel *on November 20, 2006*, which arise out of the same factual allegations as do the claims asserted by Mattel against Carter Bryant on April 27, 2004, relate back to the date that complaint was filed." (Docket 3826 at 8 (emphasis added).)

　　　　The record reveals several reasons why the prior court never would have intended for a trade secret claim based on Bratz to relate back to Mattel's original pleading against Carter Bryant. First, it was not one of the claims "sought to be asserted by Mattel on November 20, 2006." Second, even to the extent Mattel sought to later interject the claim during phase 1, Mattel's counsel expressly

disclaimed the name Bratz as "proprietary" at the phase 1 pre-trial conference. Third, even if Mattel had informed the prior court of its intention (if any) that MGA's acquisition and use of the Bratz concept and works was an implied predicate to the misappropriation claim proposed on November 20, 2006, the claim also expressly included other acts of misconduct by other Mattel employees, and it is questionable whether a fraction of a never-before-pled claim can relate back to a pleading, even when the vast majority of the claim does not "arise out of the conduct, transaction, or occurrence set out — or attempted to be set out" in that original pleading.

       In sum, it is legal error to allow relation back to a pleading in a different action. The only reason this Court would compound this legal error is to give effect to the intent of the prior court. It was always represented, by Mattel, that the prior court understood that Mattel intended to predicate its trade secret misappropriation claim, as proposed on November 20, 2006, upon the misappropriation of the Bratz concept and works. The record may suggest otherwise. Thus, there may no longer be any good cause to compound the prior district court's legal error, at least as to the trade secret misappropriation claim. In fact, it may be prejudicial to issue yet another legally erroneous ruling on the relation back issue. *See Marcoux v. Shell Oil Prods. Co. LLC*, 524 F.3d 33, 38 (1st Cir. 2008).

       The date of filing of Mattel's trade secret misappropriation counter-claim will be determined on the basis of further briefing, on a schedule to be determined by the Court.

       The Clerk shall serve this minute order on all parties to the action.