QUINN EMANUEL URQUHART & SULLIVAN, LLP
   John B. Quinn (Bar No. 090378)
   (johnquinn@quinnemanuel.com)
   William C. Price (Bar No. 108542)
   (williamprice@quinnemanuel.com)
   Michael T. Zeller (Bar No. 196417)
   (michaelzeller@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:   (213) 443-3000
Facsimile:    (213) 443-3100

Attorneys for Mattel, Inc. and Mattel de Mexico, S.A. de C.V.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation, et al., | CASE NO. CV 04-9049 DOC (RNBx) |
| Plaintiff, | Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727 |
| vs. | <u>Hon. David O. Carter</u> |
| MGA ENTERTAINMENT, INC., a California corporation, et al., | **MATTEL'S TRIAL BRIEF REGARDING PROPOSED JURY INSTRUCTIONS FOR MATTEL'S CLAIM OF AIDING AND ABETTING BREACH OF THE DUTY OF LOYALTY** |
| Defendant. | |
| AND CONSOLIDATED ACTIONS | Hearing Date:        TBD<br>Time:                   TBD<br>Place:               Courtroom 9D |
| | Discovery Cut-off:   October 4, 2010<br>Pre-trial Conf:        January 4, 2011<br>Trial Date:              January 18, 2011 |

00505.07975/3970715.1

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ..................................................................................... 1

ARGUMENT ............................................................................................................... 1

I. THE DUTY OF LOYALTY BROADLY APPLIES TO ALL
EMPLOYEES  INCLUDING THOSE WHO ARE NOT
FIDUCIARIES. .................................................................................................. 1

II. THE DUTY OF LOYALTY IMPOSES OBLIGATIONS THAT
ENCOMPASS WITHOUT LIMITATION THE CONDUCT
PROSCRIBED BY LABOR CODE SECTION 2863. ...................................... 5

CONCLUSION ............................................................................................................. 6

00505.07975/3970715.1

-i-

**Preliminary Statement**

Mattel's aiding and abetting breach of the duty of loyalty claim against MGA and Isaac Larian will be tried to the jury. At the hearing on February 15, 2011, questions arose regarding the duty of loyalty in connection with jury instructions. The Court inquired about distinctions between the duty of loyalty and fiduciary duty, and the scope of conduct proscribed by the duty of loyalty. Mattel respectfully submits this brief in order to further address the Court's inquiries.

Although Ninth Circuit and California Supreme Court authority is scarce on these issues, other authorities discussed below set forth the relevant legal standards. California law imposes a duty of undivided loyalty upon *all* employees. Its application is therefore much broader than fiduciary duty, which must be imposed by operation of law or undertaken by agreement. As for the obligations imposed, and the remedies provided, they are distinct from those of a fiduciary (who may or may not be an employee). In addition to specific conduct proscribed by Labor Code Section 2863, Courts applying California law recognize that the duty of loyalty prohibits an array conduct involved, as here, with the unlawful transfer of loyalty to a competitor. Mattel's proposed jury instructions on the duty of loyalty are consistent with these principles and should be adopted.

**Argument**

**I.    THE DUTY OF LOYALTY BROADLY APPLIES TO ALL EMPLOYEES  INCLUDING THOSE WHO ARE NOT FIDUCIARIES.**

An employer is entitled to its employees' undivided loyalty. See Stokes v. Dole Nut Co., 41 Cal. App. 4th 285, 295 (1995) ("an employer has the right to expect the undivided loyalty of its employees"); Fowler v. Varian Assocs., Inc., 196 Cal. App. 3d 34, 41 (1987) ("California law does not authorize an employee to transfer his loyalty to a competitor. During the term of employment, an employer is entitled to its employees' undivided loyalty.") (internal quotation omitted). This is a common law rule, which explained below, is broader than any statutory duties imposed upon employees, such as

1  Labor Code Section 2863.  This duty is breached and may give rise to a cause of action

2  by the employer "when the employee takes action which is inimical to the best interests

3  of the employer."  See Stokes, 41 Cal. App. 4th at 295.  Mattel has found no California

4  Supreme Court or Ninth Circuit cases where the common law duty of loyalty specifically

5  has been at issue.  Lower California courts, however, when discussing the common law

6  duty of loyalty, have relied on principles established by the California Supreme Court in

7  similar contexts.[1]

8        Fiduciary duty law, by contrast, must first be imposed by law or undertaken by

9  agreement.  See GAB Bus. Servs., Inc. v. Lindsey & Newsom Claim Servs., Inc., 83 Cal.

10  App. 4th 409, 416-17 (2000) ("There are two kinds of fiduciary duties-those imposed by

11  law and those undertaken by agreement.  Fiduciary duties are imposed by law in certain

12  technical, legal relationships . . .  A fiduciary duty is undertaken by agreement when one

13  person enters into a confidential relationship with another.").  It would certainly be

14  unusual, to say the least, to find that every employee of a large company is a fiduciary,

15  but every employee owes his employer his "undivided loyalty," independent of the other

16  or different requirements imposed on fiduciaries.  See Hanger Prosthetics & Orthotics,

17  Inc. v. Capstone Orthopedic, Inc., 556 F. Supp. 2d 1122, 1142 (E.D. Cal. 2008) ("All

18

19  ───────────────────

20  [1]   See, e.g., Stokes, 41 Cal. App. 4th at 296, relying for proposition that employer is
    due "undivided" loyalty by its employees on the following California Supreme

21  Court cases: Stockton P. & S. Co. v. Wheeler, 68 Cal.App 592, 601 (1924) (voiding
    city contract for memorial auditorium where councilman also worked for the

22  contractor based on "the self-evident truth, as trite and impregnable as the law of
    gravitation, that no person can, at one and the same time, faithfully serve two

23  masters representing diverse or inconsistent interests with respect to the service to
    be performed." ); Thomson v. Call, 38 Cal.3d 633, 637 (1985) (voiding contract in

24  which councilman conveyed land to city, because"[t]he truism that a person cannot
    serve two masters simultaneously finds expression in California's statutory doctrine

25  that no public official shall be financially interested in any contract made by that
    person or by any body or board of which he or she is a member."); Stigall v. City of

26  Taft, 58 Cal. 2d 565, 570 (1962) (reversing dismissal of taxpayer suit seeking to

27  
28            (footnote continued)

-2-

employees owe a duty of loyalty to their employers").

This duty of loyalty is also rooted in agency law as articulated in the Restatement (Third) of Agency.  "An employee is an agent, and as such 'is required to disclose to [his] principal all information he has relevant to the subject matter of the agency.' " Foley v. Interactive Data Corp., 47 Cal.3d 654, 669 (1988) (quoting 2 Witkin, Summary of Cal. Law (9th ed. 1987) Agency & Employment, § 41, p. 53).  As the Ninth Circuit has previously recognized, the Restatement (Third) of Agency, "uses 'employer' and 'employee' rather than 'master' and 'servant,' Restatement (Third) of Agency, § 2.04, comment a, and defines an employee simply as a type of agent subject to a principal's control."  Schmidt v. Burlington Northern and Santa Fe Ry. Co., 605 F.3d 686, 690 fn3 (9th Cir. 2010) (applying Restatement factors to determine whether a master-servant relationship exists).  The Restatement (Third) of Agency, under "Duties of Loyalty," summarizes the applicable duty:

> Throughout the duration of an agency relationship, an agent has a duty to refrain from competing with the principal and from taking action on behalf of or otherwise assisting the principal's competitors. During that time, an agent may take action, not otherwise wrongful, to prepare for competition following termination of the agency relationship.

REST 3d AGEN § 8.04.  Even – perhaps especially – in situations where the agent is preparing to compete, he has a duty "(1) not to use property of the principal for the agent's own purposes or those of a third party; and (2) not to use or communicate confidential information of the principal for the agent's own purposes or those of a third party."  Id. at § 8.05.  "An employee is an agent, and as such 'is required to disclose to [his] principal all information he has relevant to the subject matter of the agency.' "

---

void plumbing contract for civic center on grounds that councilman on building committee owned the plumbing company).

<u>Foley v. Interactive Data Corp.</u>, 47 Cal.3d 654, 669 (1988) (quoting 2 Witkin, Summary of Cal. Law (9th ed. 1987) Agency & Employment, § 41, p. 53). <u>See</u> <u>also</u> Restatement (Second) of Agency § 393 ("Unless otherwise agreed, an agent is subject to a duty not to compete with the principal concerning the subject matter of his agency."); <u>Huong Que, Inc. v. Luu</u>, 150 Cal. App. 4th 400, 413 (2007) ("In the absence of an agreement to the contrary, appellants, as agents, owed a duty of undivided loyalty, including a duty not to compete, to plaintiffs, their principals.").

Defendants' proposed jury instruction ignore these authorities and conflicts with the rules enforced by California courts. MGA's instruction suggests to the jury that an employee may owe something less than the "undivided loyalty" California law requires. MGA Parties Amended Proposed Jury Instruction (Dkt. No. 9720), at 165 -- providing that "[a]n employee who occupies an executive position with a high level of trust and confidence owes a higher duty of loyalty to his or her employer than an employee who occupies a position of lower trust and confidence." – misstates the law. <u>See Otsuka v. Polo Ralph Lauren Corp.</u>, 2007 WL 3342721, at *3 (N.D. Cal. Nov. 9, 2007) ("Under the Ninth Circuit's analysis, then, the Court holds that the California Supreme Court would likely follow the Restatement to recognize that a lower-level employee, such as a sales clerk or a laborer, owes a duty of loyalty to his employer."). <u>See also</u> <u>Hanger Prosthetics & Orthotics, Inc.</u>, 556 F. Supp. 2d at 1142 (denying summary judgment on breach of duty of loyalty claim an office administrator, as well as the managers, who allegedly acquired employer's confidential information for a competitor). The type of position one holds at a company may affect the amount of harm a disloyal employee can inflict (although secretaries and clerks and cleaners often have the same access to confidential information as their bosses, and have been known to use it),[2] but it does not, as Defendants contend, create a lesser duty of loyalty that would allow the employee to

_____

[2] During the 1978 Term of the United States Supreme Court, an opinion was leaked before it was issued. Suspicion immediately focused on the law clerks. Steps were (footnote continued)

compete with the employer.  "[W]hen a servant becomes engaged in a business which necessarily renders him a competitor, a rival of his master, no matter how much or how little time he devotes to it, he has an interest against his duty."  <u>Puritas Laundry Co. v. Green</u>, 15 Cal. App. 654, 660 (1911).

At oral argument, counsel for MGA also purported to define the duty of loyalty as simply a duty to show up and perform the job functions.  This explanation also misstated the widely accepted understanding of the duty of loyalty.   The Restatement of Agency makes clear that the duty of loyalty is a duty separate from the duty of performance.  <u>See</u> <u>REST 3d AGEN</u> § 8.08 ("Subject to any agreement with the principal, an agent has a duty to the principal to act with the care, competence, and diligence normally exercised by agents in similar circumstances.")  MGA's arguments at the hearing that the duty of loyalty simply means showing up for work is untenable.

## II.    THE DUTY OF LOYALTY IMPOSES OBLIGATIONS THAT ENCOMPASS WITHOUT LIMITATION THE CONDUCT PROSCRIBED BY LABOR CODE SECTION 2863.

The scope of the duty of loyalty under California law is, while not identical to a fiduciary duty, broadly defined.  "The duty of loyalty embraces several subsidiary obligations, including the duty 'to refrain from competing with the principal and from taking action on behalf of or otherwise assisting the principal's competitors,' (Rest. 3d, Agency, § 8.04), the duty 'not to acquire a material benefit from a third party in connection with . . . actions taken . . . through the agent's use of the agent's position' (id., § 8.02), and the duty 'not to use or communicate confidential information of the principal for the agent's own purposes or those of a third party' (<u>id</u>., § 8.05(2))."  <u>See</u> <u>Huong Que, Inc.</u>, 150 Cal. App. 4th at 416 (parenthetical).  <u>See</u> <u>also</u> <u>Bank of America, N.A. v. Immel</u>, 2010 WL 2380877, *2 (N.D. Cal. 2010) ("California law also imposes a duty of loyalty on employees towards their employers.  That duty includes the duty 'not to use or communicate confidential information of the [employer] for the [employee's]

taken.  It was later established that an employee of the print shop had provided the copy
(footnote continued)

1   own purposes or those of a third party.'") (quoting <u>Huong Que, Inc.</u>, 150 Cal. App. 4th at

2   416)).

3          The California Labor Code Section 2863 is an independent source of duties

4   imposed on an employee to "give preference" to the business of the employer.  <u>See</u> <u>Cal.</u>

5   <u>Labor Code</u> § 2863 ("[a]n employee who has any business to transact on his own

6   account, similar to that entrusted to him by his employer, shall always give the

7   preference to the business of the employer").  Nothing in the Labor Code, however,

8   seeks to comprehensively define the type of duty that an employee may have, and how

9   that duty may be breached.  Indeed, none of the foregoing cases discussing the duty of

10  loyalty owed by employees rely upon the provisions of California's Labor Code to

11  establish the duty of loyalty.

12                              <u>Conclusion</u>

13         Mattel respectfully submits the Court should adopt Mattel's proposed jury

14  instructions on breach of the duty of loyalty because they are consistent with the

15  foregoing legal principles and will aid the jury in deciding Mattel's claim against MGA

16  and Isaac Larian for aiding and abetting breach of the duty of loyalty.

17

18  DATED:   February 16, 2010          QUINN EMANUEL URQUHART &
                                        SULLIVAN, LLP
19

20                                      By /s/ Michael T. Zeller
21                                         Michael T. Zeller
                                           Attorneys for Mattel, Inc., and Mattel de
22                                         Mexico, S.A. de C.V.

23

24

25

26

27  _____

28  to a reporter for ABC News.  <u>See</u> ABA Journal Vol. 65, 692 (May 1979).