ANNETTE L. HURST (State Bar No. 148738)
ahurst@orrick.com
WARRINGTON S. PARKER III (State Bar No. 148003)
wparker@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105
Telephone: 415-773-5700
Facsimile: 415-773-5759

WILLIAM A. MOLINSKI (State Bar No. 145186)
wmolinski@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA 90017
Telephone: 213-629-2020
Facsimile: 213-612-2499

THOMAS S. MCCONVILLE (State Bar No.
tmcconville@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
4 Park Plaza, Suite 1600
Irvine, CA 92614-2258
Tel: (949) 567-6700/Fax: (949) 567-6710

Attorneys for MGA Parties

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | Case No. CV 04-9049 DOC (RNBx)<br><br>Consolidated with Case No. CV 04-9059 and Case No. CV 05-2727<br><br>**MGA PARTIES' TRIAL BRIEF REGARDING LABOR CODE SECTION 2863 AND DUTY OF LOYALTY UNDER CALIFORNIA LAW**<br><br>Trial Date: January 18, 2011<br>Judge: Hon. David O. Carter |

1   Pursuant to the Court's request at the charging conference on February 15,
2   2011 regarding Mattel's Counterclaim 10, the below chart summarizes the
3   California Supreme Court cases since 1850 discussing a duty of loyalty. Labor
4   Code Section 2863 was first enacted in 1872 as Section 1888 of the Civil Code, and
5   later repealed and reenacted as Section 2863 of the Labor Code in 1937.

6   As described below, every single case in which the California Supreme Court
7   has discussed a duty of loyalty—both before and after enactment of Civil Code
8   Section 1888 in 1872 and Labor Code Section 2863 in 1937—involved a fiduciary
9   relationship. There is no California Supreme Court authority supporting Mattel's
10  claim that a duty of undivided loyalty arises from California common law for the
11  ordinary employer-employee relationship.

12  Labor Code Section 2863, titled "Performance of the Employer's Business,"
13  states that the employee must give "preference to the business of the employer."
14  By definition, the word "preference" and the remainder of the statutory language
15  "an employee who has any business to transact on his own account" is inconsistent
16  with a duty of undivided loyalty for a non-fiduciary. Far from a duty of undivided
17  loyalty, Section 2863 expressly authorizes the transaction of business by an
18  employee "of the type intrusted [sic] to him by his employer" so long as preference
19  is always given to the performance of services for the employer. In other words,
20  the statute expressly authorizes moonlighting.

21  There is no evidence that Bryant, Salazar, Cabrera, or Morales violated the
22  statutory standard of preference for Mattel in the performance of services. There is
23  no evidence that any of them failed to give preference by performing their duties
24  for Mattel during regular business hours, and judgment as a matter of law should be
25  rendered for the MGA Parties on Counterclaim 10.
26  ///
27  ///
28

| Case | Nature of Relationship | Fiduciary |
|---|---|---|
| *People v. Noriega*, 48 Cal. 4th 517 (2010) | Attorney-Client | Yes |
| *People v. Doolin*, 45 Cal. 4th 390 (2009) | Attorney-Client | Yes |
| *In re Charlisse C.*, 45 Cal. 4th 145 (2008) | Attorney-Client | Yes |
| *People v. Superior Court (Humberto S.)*, 43 Cal. 4th 737, 754 (2008) | Attorney-Client | Yes |
| *People v. Rundle*, 43 Cal. 4th 76 (2008), *overruled on other grounds by People v. Doolin*, 45 Cal. 4th 390, 421 (2009) | Attorney-Client | Yes |
| *People v. Lewis and Oliver*, 39 Cal. 4th 970, 1004 (2006) | Attorney-Client | Yes |
| *People v. Ramirez*, 39 Cal. 4th 398, 400 (2006) | Attorney-Client | Yes |
| *City and County of San Francisco v. Cobra Solutions, Inc.*, 38 Cal. 4th 839 (2006) | Attorney-Client | Yes |
| *Frye v. Tenderloin Housing Clinic, Inc.*, 38 Cal. 4th 23, 37 (2006) | Attorney-Client & Corporate Director | Yes |
| *People v. Dunkle*, 36 Cal. 4th 861 (Cal. 2005), *overruled on other grounds by People v. Doolin*, 45 Cal. 4th 390, 421 (2009) | Attorney-Client | Yes |
| *People v. Roldan*, 35 Cal. 4th 646 (Cal. 2005), *overruled on other grounds by People v. Doolin*, 45 Cal. 4th 390, 421 (2009) | Attorney-Client | Yes |

| Case | Nature of Relationship | Fiduciary |
|---|---|---|
| *People v. Hernandez*, 30 Cal. 4th 835, 853 (2003) | Attorney-Client | Yes |
| *People v. Snow*, 30 Cal. 4th 43, 120 (2003) | Attorney-Client | Yes |
| *Beck v. Wecht*, 28 Cal. 4th 289, 293 (2002) | Attorney-Client | Yes |
| *Musser v. Provencher*, 28 Cal. 4th 274, 286 (2002) | Attorney-Client | Yes |
| *People v. Lawley*, 27 Cal. 4th 102 (2002) | Attorney-Client | Yes |
| *In re Marriage of Bonds*, 24 Cal. 4th 1 (2000), *superseded on other grounds* Cal. Fam. Code § 1615 | Attorney-Client | Yes |
| *People ex rel. Dept. of Corporations v. SpeeDee Oil Change Systems, Inc.*, 20 Cal. 4th 1135, 1146 (1999) | Attorney-Client | Yes |
| *In re Gay*, 19 Cal. 4th 771, 832 (1998) | Attorney-Client | Yes |
| *People v. Frye*, 18 Cal. 4th 894 (1998), *overruled on other grounds by People v. Doolin*, 45 Cal. 4th 390, 421 (2009) | Attorney-Client | Yes |
| *People v. Alvarez*, 14 Cal. 4th 155, 239 (1996) | Attorney-Client | Yes |
| *People v. Sanchez*, 12 Cal. 4th 1 (1995), *overruled on other grounds by People v. Doolin*, 45 Cal. 4th 390, 421 (2009) | Attorney-Client | Yes |
| *People v. Horton*, 11 Cal. 4th 1068 (1995) | Attorney-Client | Yes |

| Case | Nature of Relationship | Fiduciary |
|---|---|---|
| *Flatt v. Superior Court*, 9 Cal. 4th 275 (1994) | Attorney-Client | Yes |
| *Santa Clara County Counsel Attys. Assn. v. Woodside*, 7 Cal. 4th 525, 548 (1994) | Attorney-Client | Yes |
| *Howard v. Babcock*, 6 Cal. 4th 409, 426 (1993) | Law firm partner | Yes |
| *People v. Clark*, 5 Cal. 4th 950, 1001 (Cal. 1993), *overruled on other grounds by People v. Doolin*, 45 Cal. 4th 390, 421 (2009) | Attorney-Client | Yes |
| *People v. Mayfield*, 5 Cal. 4th 142 (1993) | Attorney-Client | Yes |
| *People v. Hardy*, 2 Cal. 4th 86 (1992) | Attorney-Client | Yes |
| *People v. Howard*, 1 Cal. 4th 1132 (1992) | Attorney-Client | Yes |
| *People v. Jones*, 53 Cal. 3d 1115, 1134 (1991) | Attorney-Client | Yes |
| *McKnight v. State Bar*, 53 Cal. 3d 1025 (1991) | Attorney-Client | Yes |
| *People v. Cox*, 53 Cal. 3d 618 (1991), *overruled on other grounds by People v. Doolin*, 45 Cal. 4th 390, 421 (2009) | Attorney-Client | Yes |
| *Stevens v. State Bar*, 51 Cal. 3d 283 (1990) | Attorney-Client | Yes |
| *People v. Lang*, 49 Cal. 3d 991, 1031 (1989) | Attorney-Client | Yes |
| *People v. Bonin*, 47 Cal. 3d 808 (1989) | Attorney-Client | Yes |
| *People v. Ledesma*, 43 Cal. 3d 171, 212 (1987) | Attorney-Client | Yes |

| Case | Nature of Relationship | Fiduciary |
|---|---|---|
| *Frances T. v. Village Green Owners Assn.*, 42 Cal. 3d 490 (1986) | Corporate director | Yes |
| *People v. Mroczko*, 35 Cal. 3d 86, 112 (1983), *overruled on other grounds by People v. Doolin*, 45 Cal. 4th 390, 421 (2009) | Attorney-Client | Yes |
| *Maxwell v. Superior Court*, 30 Cal. 3d 606, 612 (1982), *overruled on other grounds by People v. Doolin*, 45 Cal. 4th 390, 421 (2009) | Attorney-Client | Yes |
| *People v. Johnson*, 26 Cal. 3d 557 (1980) | Attorney-client | Yes |
| *Batson v. Strehlow*, 68 Cal. 2d 662 (1968) | Real estate agent-principal | Yes[1] |
| *Bancroft-Whitney v. Glen*, 64 Cal. 2d 327 (1966) | Corporate officer | Yes |
| *People v. Douglas*, 61 Cal. 2d 430 (1964) | Attorney-client | Yes |
| *People v. Robinson*, 42 Cal. 2d 741 (1954) | Attorney-client | Yes |
| *MacIsaac v. Pozzo*, 26 Cal. 2d 809 (1945) | Joint Venturers | Yes |
| *Langford v. Thomas*, 200 Cal. 192 (1926) | Real estate agent-principal | Yes |
| *Gordon v. Beck*, 196 Cal. 768 (1925) | Real estate agent-principal | Yes |
| *People v. Merchants Protective Corp.*, 189 Cal. 531 (1922) | Attorney-client | Yes |

---

[1] A real estate agent has a fiduciary duty to his/her client. *Skopp v. Weaver*, 16 Cal. 3d 432, 440-41 (1976); *Baston v. Strehlow*, 68 Cal. 2d 662, 676 (1968).

1
2  Dated: February 16, 2011          Respectfully submitted,
3                                    ORRICK, HERRINGTON & SUTCLIFFE LLP
4
5                                    By:      */s/ Annette L. Hurst*
                                            Annette L. Hurst
6                                       Attorneys for MGA Parties
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

- 6 -    MGA PARTIES TRIAL BRIEF RE COUNTERCLAIM 10
         Case No. CV 04-9049-Doc (RNBx)