ANNETTE L. HURST (State Bar No. 148738)
ahurst@orrick.com
WARRINGTON S. PARKER III (State Bar No. 148003)
wparker@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building, 405 Howard Street
San Francisco, CA 94105
Tel: (415) 773-5700/ Fax: (415) 773-5759

WILLIAM A. MOLINSKI (State Bar No. 145186)
wmolinski@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA  90017
Tel: (213) 629-2020/Fax: (213) 612-2499

THOMAS S. McCONVILLE (State Bar No. 155905)
tmcconville@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
4 Park Plaza, Suite 1600
Irvine, CA 92614-2258
Tel: (949) 567-6700/Fax: (949) 567-6710

Attorneys for MGA Parties

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>             Plaintiff,<br><br>        v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>             Defendant.<br><br>AND CONSOLIDATED ACTIONS | Case No.  CV 04-9049-DOC (RNBx)<br>Consolidated with Nos. CV 04-9059 and CV 05-2727<br><br>Hon. David O. Carter<br><br>**MGA'S TRIAL BRIEF IN OPPOSITION TO MATTEL, INC.'S SUBMISSION OF DEPOSITION TESTIMONY OF ISAAC LARIAN WAIVING THE PRIVILEGE AS TO COMMUNICATIONS WITH SKADDEN LAW FIRM REGARDING EXHIBIT 7055** |

MGA's Brief In Opposition to Mattel's Trial Brief
re Waiver As to Exhibit 7055
Case No. CV 04-9049-DOC (RNBx)

1    Mattel claims that the portions of the Larian deposition attached to its Trial

2   Brief establishes that Mr. Larian waived the attorney-client privilege as to his

3   conversations with the Skadden law firm about the withholding of the full email

4   string reflected in Trial Exhibit 7055.  The transcript reflects the opposite.

5    Contained in the same transcript, but not referenced by Mattel, is the

6   following:

7    Q: Did you at any time discuss Exhibit 7055 with anyone

8    at Skadden, specifically prior to the start of the Phase 1

9    trial?

10    A: Not that I recall.  It's possible, yes.  I think I did

11    discuss it with them.

12    Q: And so the record's clear, this is the one that has the

13    whole—the two additional emails?

14    A: Right.

15    Q: And what was that time period when you had those

16    communications?

17    A: I think—what was the time period?  Definitely was

18    before trial.  It was in my office, I remember.  What did

19    you say his name was?  Ken—

20    * * *

21    —Pleven and Marcus and Tom Nolan were there, and we

22    discussed it.  They were asking me questions.

23    **Ms. Hurst: Yeah.  Let's not disclose the substance of**

24    **the discussion.  The facts of it—**

25    **The Witness: Okay.**

26    **Ms. Hurst—who was present, the timing, okay.  Not**

27    **the substance.**

28   4/12/10 Larian Depo. 2387:15-2388:3, 2388:8-15 (emphasis added).

MGA's Brief In Opposition to Mattel's Trial Brief
re Waiver As to Exhibit 7055
Case No. CV 04-9049-DOC (RNBx)

1    Consistent with this instruction, Mr. Larian did not disclose the contents of his

2    communications with the Skadden law firm.

3         Mattel's trial brief is misplaced and wrong.

4

5    Dated:    February 16, 2011              Respectfully submitted,

6                                            WARRINGTON S. PARKER
                                             ORRICK, HERRINGTON & SUTCLIFFE
7                                            LLP

8

9                                            By: _____
                                                    /s/ Warrington S. Parker
10                                               WARRINGTON S. PARKER
                                                 Attorneys for MGA Parties

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MGA's Brief In Opposition to Mattel's Trial Brief
re Waiver As to Exhibit 7055
Case No. CV 04-9049-DOC (RNBx)