ANNETTE L. HURST (State Bar No. 148738)
ahurst@orrick.com
WARRINGTON S. PARKER III (State Bar No. 148003)
wparker@orWrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building, 405 Howard Street
San Francisco, CA 94105
Tel: (415) 773-5700/ Fax: (415) 773-5759

WILLIAM A. MOLINSKI (State Bar No. 145186)
wmolinski@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA  90017
Tel: (213) 629-2020/Fax: (213) 612-2499

THOMAS S. McCONVILLE (State Bar No. 155905)
tmcconville@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
4 Park Plaza, Suite 1600
Irvine, CA 92614-2258
Tel: (949) 567-6700/Fax: (949) 567-6710

Attorneys for MGA Parties

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | Case No.  CV 04-9049-DOC (RNBx)<br>Consolidated with Nos. CV 04-9059 and CV 05-2727<br><br>Hon. David O. Carter<br><br>**MGA'S AMENDED TRIAL BRIEF IN OPPOSITION TO MATTEL, INC.'S SUBMISSION OF DEPOSITION TESTIMONY OF ISAAC LARIAN WAIVING THE PRIVILEGE AS TO COMMUNICATIONS WITH SKADDEN LAW FIRM REGARDING EXHIBIT 7055** |

1    Mattel claims that the portions of the Larian deposition attached to its Trial

2    Brief establish that Mr. Larian waived the attorney-client privilege as to his

3    conversations with the Skadden law firm about the withholding of the full email

4    string reflected in Trial Exhibit 7055.  The transcript portions cited by Mattel do not

5    support a waiver as to communications between Mr. Larian and the Skadden firm.

6    Rather, the answers that were permitted to be given related solely to Mr. Larian's

7    beliefs about which portion of Exhibit 7055 had reminded him of legal advice.

8    4/12/10 Depo. 2372:22-2373:7, 2373:17-23, 2375:2-8.  The answers do not disclose

9    any communications with the Skadden law firm.  And, as to the answers that were

10    given, Mattel expressly agreed that any such answer would not be a waiver of

11    anything other than whatever the answer was.  *Id.*  In all events, as reflected in the

12    transcript, Mr. Larian did not disclose the actual legal advice provided.  4/12/10

13    Depo. 2377:12-2378:22.

14    As for Mr. Larian's communications with the Skadden law firm about

15    Exhibit 7055, those questions were asked at a later point in the deposition.  But

16    Mattel did not reference that section of the transcript in its trial brief.  When asked

17    regarding communications with the Skadden law firm, the privilege was asserted

18    and no answers were given.  Plainly there was no waiver as to communications

19    with Skadden Arps.

20    Q: Did you at any time discuss Exhibit 7055 with anyone

21    at Skadden, specifically prior to the start of the Phase 1

22    trial?

23    A: Not that I recall.  It's possible, yes.  I think I did

24    discuss it with them.

25    Q: And so the record's clear, this is the one that has the

26    whole—the two additional emails?

27    A: Right.

28

MGA's Amended  Brief In Opposition to Mattel's
Trial Brief re  Waiver As to Exhibit 7055
Case No. CV 04-9049-DOC (RNBx)

1    Q: And what was that time period when you had those

2    communications?

3    A: I think—what was the time period?  Definitely was

4    before trial.  It was in my office, I remember.  What did

5    you say his name was?  Ken—

6    * * *

7    —Pleven and Marcus and Tom Nolan were there, and we

8    discussed it.  They were asking me questions.

9    **Ms. Hurst: Yeah.  Let's not disclose the substance of**

10   **the discussion.  The facts of it—**

11   **The Witness: Okay.**

12   **Ms. Hurst—who was present, the timing, okay.  Not**

13   **the substance.**

14   4/12/10 Larian Depo. 2387:15-2388:3, 2388:8-15 (emphasis added).

15       Consistent with this instruction, Mr. Larian did not disclose the contents of

16   his communications with the Skadden law firm.

17       Mattel's trial brief is misplaced and wrong.  MGA and Mr. Larian did not

18   waive by disclosing the contents of any communications with Mr. Nolan or

19   Skadden Arps.

20   ///

21   ///

22

23

24

25

26

27

28

MGA's Amended Brief In Opposition to Mattel's
Trial Brief re  Waiver As to Exhibit 7055
Case No. CV 04-9049-DOC (RNBx)

1    Dated:    February 16, 2011          Respectfully submitted,

2                                          WARRINGTON S. PARKER
                                           ORRICK, HERRINGTON & SUTCLIFFE
3                                          LLP

4

5                                          By: _____ */s/ Warrington S. Parker* _____
6                                                  WARRINGTON S. PARKER
                                                   Attorneys for MGA Parties
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 3 -

MGA's Amended Brief In Opposition to Mattel's
Trial Brief re Waiver As to Exhibit 7055
Case No. CV 04-9049-DOC (RNBx)