**weintraub** genshlea chediak
a law corporation
Laurence M. Berman (State Bar No. 93515)
12400 Wilshire Blvd., Suite 400
Los Angeles, CA 90025
Telephone:   310.979.9998
Facsimile:    916.446.1611

Attorneys for Anna Rhee

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTEL, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>MGA ENTERTAINMENT, INC., a California corporation, et al.,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 DOC (RNBx)<br><br>ANNA RHEE'S BRIEF REGARDING WAIVER OF ATTORNEY CLIENT PRIVILEGE<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>Hon. David O. Carter<br><br>Date: January 28, 2011<br>Time: 5:00 p.m.<br>Dept: 9D |

1

I.   **Introduction.**

The facts communicated by counsel for Anna Rhee to counsel for Mattel do not result in a waiver of the attorney client privilege. First, the communication of the facts provided by Anna Rhee ("Ms. Rhee") to her attorney, Laurence Berman ("Mr. Berman"), to counsel for Mattel Inc. ("Mattel"), did not result in a waiver of privilege. Berman only communicated facts, which had been earlier communicated to Rhee by a MGA employee, Mr. Pootipong Phoosopha ("Mr. Phoosopha"). These facts were not protected by the attorney-client privilege because they are underlying facts, not a confidential communication. The communication of these facts could not result in a waiver of this privilege. Second, even if these facts were a confidential communication protected by the attorney client privilege, there still was no waiver because the email which communicated these facts to Mattel was expressly provided with the understanding that no waiver of the attorney-client privilege was intended by Ms. Rhee. Ms. Rhee is Mr. Berman's client, and is the holder of the privilege for all confidential communications between them. Ms. Rhee must knowingly and voluntarily waive the privilege for any waiver to be effective. Third, even if facts are not protected and a waiver does apply as result of Mr. Berman's communications to Mattel, the waiver is limited to the subject area of communication. In other words, it is limited to the subject matter of the email Mr. Berman sent to counsel for Mattel.

II.   **Factual Summary**

On January 27, 2011, a third party witness, Ms. Rhee, testified that she was contacted by an MGA employee, Mr. Phoosopha, who told Ms. Rhee that Issac [Larian] ("Mr. Larian") asked him to call Ms. Rhee and offer to help her because Mattel was going to sue her. Ms. Rhee also testified that when she responded by questioning why Mattel would sue her since Mattel was giving work to her, Mr. Phoosopha told Ms. Rhee that Mr. Larian knew that Ms. Rhee lied during the last trial because she was scared and that Mr. Larian wanted her to know he would help her.

After allowing opposing counsel to determine if and when Ms. Rhee told her attorney about these statements, the Court asked Ms. Rhee if she wanted to assert the attorney client privilege regarding any communications with her counsel. After Ms. Rhee determined that she wanted to assert the attorney client privilege, the Court adjourned the proceedings to allow the parties to brief the issue of whether or not Ms. Rhee communications with counsel for Mattel results in a waiver of the attorney client communications. The communication of the facts by Mr. Berman to counsel for Mattel to determine if Mattel intended to sue Rhee did not result in the waiver of privilege because only facts were communicated and facts are not protected by the attorney client privilege. Moreover, even if these facts were a confidential communication, Ms. Rhee did not waive the attorney client privilege because these facts were expressly provided to counsel for Mattel based upon the understand that this communication would not result in a waiver of the attorney client privilege. Finally, even if the communication of these facts resulted in a waiver of the attorney client privilege, this waiver was limited to the subject area of these communications, specifically, the conversation between an employee of MGA Entertainment, Inc. ("MGA") and Ms. Rhee.

## II.     Rhee's Communication to Berman Is Not A Waiver Because It Pertained to Underlying Facts and Not Confidential Communications.

The United States Supreme Court has said that communications are not protected by the attorney-client privilege if they simply pertain to underlying facts. *See Upjohn Co. v. U.S.*, 449 U.S. 383, 395 – 396 (1981). Indeed, although a client may be required to testify regarding underlying facts, the attorney's statements about the underlying facts are privileged. *See also U.S. v. Cunningham*, 672 F.2d 1064 (2d Cir. 1982) (holding that the client "may be examined as to any fact but may not, absent a waiver, be compelled to say whether or not he communicated that fact to his counsel"); *U.S. v. El Paso Co.*, 682 F.2d 530, 538 (5th Cir. 1982) (finding that only

evidence of client communications is protected by attorney-client privilege, underlying facts are not protected).

Here, Ms. Rhee already told the Court the underlying facts that she told her attorney, and which her attorney told Mattel in investigating whether Mattel planned to sue her. Ms. Rhee already told the Court that Mr. Phoosopha, a face painter for Defendant MGA, contacted her at the behest of Mr. Larian in order to set her up with an attorney to represent her. Ms. Rhee stated that Mr. Phoosopha told her that Mr. Larian knew that Ms. Rhee lied during the last trial because she was scared and that Mr. Larian wanted her to know he would help her. Ms. Rhee also testified that, according to Mr. Phoosopha, Mattel planned to file a complaint against her.

In telling Mr. Berman these facts, Ms. Rhee did not intend that they be protected by the attorney-client privilege. Rather, she intended that these specific communications be disclosed to Mattel so that Mr. Berman could ascertain whether Mattel indeed planned to file suit against her. "[C]ommunications between client and attorney for the purpose of relaying communication to a third-party is not confidential and not protected by the attorney-client privilege." *U.S. v. Bergonzi*, 216 F.R.D. 487, 493 (N.D. Cal. 2003). Ms. Rhee gave Mr. Berman permission to tell Mattel what Mr. Phoosopha said. Ms. Rhee did this so that Mr. Berman could ascertain the veracity of Mr. Phoosopha's statement, and whether Mattel was actually going to sue Ms. Rhee. Thus, Ms. Rhee's recount of Mr. Phoosopha's statement is not a confidential communication.

**III. Ms. Rhee's Communication to Mr. Berman Is Not A Waiver Because Mr. Berman's Email Demonstrates That Ms. Rhee Did Not Intend To Waive the Privilege.**

Further, the email sent by Mr. Berman explicitly states that the email does not waive Ms.

Rhee's attorney-client privilege.[1] Mr. Berman's email demonstrates that he took affirmative measures to secure protection of the privilege. *See Resolution Trust Corp. v. Dean*, 813 F. Supp. 1426, 1429 (D. Ariz. 1993). Obviously, this evidences a lack of intent by Ms. Rhee to waive the attorney-client privilege. Indeed, Ms. Rhee, who is the holder of the privilege, did not intend to waive it. *See F.D.I.C. v. Fidelity & Deposit Co.*, 196 F.R.D. 375, 380 (S.D.C.A. 2000). Rather, Ms. Rhee merely intended to communicate non-privileged, factual information given to her by a third-party. Therefore, since waiver of the attorney client privilege must be intentional to be effective, and Ms. Rhee did not intend to waive the privilege, MGA cannot show that Ms. Rhee has waived the privilege in this case.

### IV. Even if the Privilege Has Been Waived, Any Waiver is Limited To the Subject Matter of the Email.

Finally, to the extent Mr. Berman's email to Mattel constitutes a waiver, it should be limited to the subject matter of that email. Here, any waiver must be limited to the factual statements Mr. Poosopha made to Ms. Rhee. As this Court has previously noted in this very case:

> The Ninth Circuit has admonished district courts that "[d]isclosure constitutes a waiver of the attorney-client privilege . . . 'only as to communications about the matter actually disclosed.'" *Hernandez*, 604 F.3d at 1100 (*quoting Chevron Corp.*, 974 F.2d at 1162)). Contrary to Mattel, the "matter" disclosed in the September 28, 2000 Rosenbaum email and Larian's phase 1 testimony was not "what MGA knew about when and where Bryant created Bratz." The email evidences "what MGA knew about when and where Bryant created Bratz," but it does not speak to that particular issue. Since Larian's disclosure of attorney-client communications was no broader than the subject matter of the email, the scope of the waiver that results from his testimony parallels the scope of the waiver caused by the Rosenbaum email's disclosure.

*Mattel, Inc. v. MGA Entm't, Inc.*, 2010 U.S. Dist. LEXIS 101641 *29.

//

---

[1] Mr. Berman is in possession of this email in the event the Court wishes to review it *in camera*.

## V. Conclusion.

For these reasons, Ms. Rhee respectfully requests this Court find that she has not waived the attorney-client privilege in this case.

Dated: January 28, 2011

weintraub genshlea chediak

By: /s/ Laurence M. Berman
Laurence M. Berman
Attorney for Anna Rhee

# PROOF OF SERVICE

I am a citizen of the United States, employed in the City and County of Los Angeles, California. My business address is 12400 Wilshire Blvd., Suite 400, Los Angeles, CA 90025. I am over the age of 18 years and not a party to the within action. On today's date, I caused to be served the following:

**ANNA RHEE'S BRIEF REGARDING WAIVER OF ATTORNEY CLIENT PRIVILEGE**

☐ I am readily familiar with the firm's practice of collection and processing correspondence for mailing in the ordinary course of business. Under this practice, correspondence is collected, sealed, postage thereon fully prepaid, and deposited the same day with the U. S. Postal Service.

☐ I caused the above DOCUMENTS to be delivered via email to the addressee(s) set forth below.

☐ I caused the above DOCUMENTS to be served on the parties in this action by causing them to be delivered via Federal Express to the addressee(s) set forth below.

☐ I caused the above DOCUMENTS to be served on the parties in this action by causing them to be delivered via facsimile.

☑ By personally delivering, or causing to be delivered, a true copy thereof to the persons at the addresses set forth below.

| | |
|---|---|
| Scheper Kim & Harris LLP<br>David C. Scheper, Esq.<br>Alexander H. Cote, Esq.<br>601 W. Fifth Street, 12th Floor<br>Los Angeles, CA 90071<br>dscheper@scheperkim.com<br>acote@scheperkim.com<br>**Attorneys for Carlos Gustavo Machado Gomez** | Orrick, Herrington & Sutcliffe LLP<br>Annette L. Hurst<br>The Orrick Building<br>405 Howard Street<br>San Francisco, CA 94104<br>ahurst@orrick.com<br>**Attorneys for the MGA Parties** |
| Quinn Emanuel Urquhart & Sullivan LLP<br>John B. Quinn<br>William C. Price<br>865 S. Figueroa St., 10th Floor<br>Los Angeles, CA 90017<br>johnquinn@quinnemanuel.com<br>**Attorneys for Mattel** | Keller Rackauckas, LLP<br>Jennifer L. Keller<br>18500 Von Karman Avenue,<br>Ste 560<br>Irvine, CA 92612<br>jkeller@prodigy.net<br>**Attorneys for the MGA Parties** |
| Law Offices of Mark E. Overland<br>Mark E. Overland<br>100 Wilshire Blvd., Suite 950<br>Santa Monica, CA 90401<br>moverland@obsklaw.com<br>**Attorneys for the MGA Parties** | |

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on January 28, 2011, in Los Angeles, California.

*/s/ Laurence M. Berman*
Laurence M. Berman