ANNETTE L. HURST (State Bar No. 148738)
ahurst@orrick.com
WARRINGTON S. PARKER III (State Bar No. 148003)
wparker@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building, 405 Howard Street
San Francisco, CA 94105
Tel: (415) 773-5700/ Fax: (415) 773-5759

WILLIAM A. MOLINSKI (State Bar No. 145186)
wmolinski@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA 90017
Tel: (213) 629-2020/Fax: (213) 612-2499

THOMAS S. McCONVILLE (State Bar No. 155905)
tmcconville@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
4 Park Plaza, Suite 1600
Irvine, CA 92614-2258
Tel: (949) 567-6700/Fax: (949) 567-6710

Attorneys for MGA Parties

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | Case No. CV 04-9049-DOC (RNBx)<br>Consolidated with Nos. CV 04-9059 and CV 05-2727<br><br>Hon. David O. Carter<br><br>**MGA'S TRIAL BRIEF IN OPPOSITION TO MATTEL, INC.'S SECOND OFFER OF PROOF REGARDING FOREIGN LITIGATION: "RE: MGA'S ALLEGATIONS THAT OTHER DOLLS ARE 'REPRODUCTIONS' OF THE BRYANT DRAWINGS"** |

# INTRODUCTION

Mattel's Offer of Proof Re: MGA's Allegations That Other Dolls Are 'Reproductions' Of The Bryant Drawings, Dkt. No. 9881, is nothing more than a re-phrasing of Mattel's Trial Brief Re Admissions Made By MGA In Other Litigation, Dkt. No. 9805, filed by Mattel barely a week ago. Nothing has changed in the past week, not even Mattel's argument.

Here are the four reasons why such evidence should not be allowed:

*First*, it will run afoul of the Ninth Circuit's opinion or confuse the jury as to the correct standard resulting in a circumvention of the Ninth Circuit's standard. This is so because Mattel intends to tell the jury that MGA defended its rights by asserting that the Bratz were "unique" because of, among other things, the shape and relative size of their heads, the size and shape of their noses, the size of their feet, and the size and shape of the lips. Dkt. No. 9805 at 3-4 (Mattel's First Offer of Proof); Dkt. No. 9881 at 3-5 (Mattel's Second Offer of Proof). The Ninth Circuit has ruled that these are not protectable elements under United States law.

*Second*, and relatedly, Mattel's motive and intent is to argue that Mattel's claims of similarity must be sound given that MGA has accused products in other cases that bear less resemblance to Bratz and Bryant's drawings. But the measure of Mattel's claim is not whether MGA has accused other products. Whether or not MGA has accused other products does not make it more or less likely that it has done so applying the standard that the Ninth Circuit has specifically articulated should be applied in this case. (In fact, the foreign litigation was litigated before the Ninth Circuit's opinion in this case). In other words, the Ninth Circuit has addressed this specific case and granted guidance as to the standard that should be applied to this case. Offering evidence as to cases in which that standard did not apply does not prove anything. One thing is assured, though, it is bound to confuse the jury.

*Third*, and to underscore the second point, the litigations at issue were filed in foreign jurisdictions where the Ninth Circuit certainly does not hold sway—nor United States law for that matter. Thus, we are twice removed from the relevant legal standard. We are removed from the specific legal standard the Ninth Circuit articulated. We are removed from United States law altogether. As such, we will be on a frolic and detour that stands to lose the jurors. Not only will there need to be evidence that there is a standard articulated by the Ninth Circuit that specifically applies to this case; we will also have to explain to the jury the laws of the foreign jurisdictions.

*Fourth*, and to add to the confusion and prejudice, Mattel actually wishes to misconstrue what was at issue in the foreign litigations. Mattel time and again insists that MGA sued in those foreign jurisdictions solely on Bryant's drawings. This is not so as demonstrated in this brief and in MGA's response to Mattel's first Trial Brief on this issue. *See* Dkt. No. 9825. This just adds another level of prejudice.

All of this will be required because Mattel does not want to actually prove its case by showing the Ninth Circuit standards can be satisfied. It affirmatively wishes to avoid the Ninth Circuit standard by holding up cases in which there is no claim the Ninth Circuit standard was the measure of MGA's claims. That is confusing, prejudicial and seeks to avoid the Ninth Circuit's mandate.

## **ARGUMENT**

Evidence and testimony regarding MGA's Hong Kong and foreign litigation will not assist the trier of fact. It will, in fact, sow delay and confusion. First, whether MGA has identified what it considers to be the "unique" features of Bratz to foreign courts applying the laws of their jurisdiction is irrelevant to the copyright determination to be made by this Court and this jury. The Ninth Circuit and this Court have already held that the features that Mattel says were the basis for MGA's foreign claims, such as the oversize head and feet, are all the sort of exaggerated

physical appearance not protected by United States copyright law. Second, MGA based its claims in these foreign actions not *only* on its interest in Bryant's drawings, as Mattel would have it, but upon the full suite of its rights in the Bratz property, including three-dimensional models and other work performed by MGA artisans. This is hardly inconsistent with MGA's position before this Court. MGA acknowledges that Bryant's drawings were inspiration for what became the Bratz dolls and the Bratz brand. But, the drawings themselves—as they were in these foreign actions and as they are here—are only part of the story. Finally, MGA's position is entirely consistent with the common-sense fact that transforming a two-dimensional concept sketch into a fully-realized, three-dimensional doll necessarily involves judgment, interpretation, and refinement by numerous artists and professionals.

## I. THE FOREIGN LITIGATION IS IRRELEVANT AND CONFUSING WHETHER OR NOT THE SIMILARITY OF THE FIRST-GENERATION DOLLS TO BRYANT'S SKETCHES IS "UNAVOIDABLE."

Mattel intends to tell the jury that MGA defended its rights by asserting that the Bratz were "unique" because of, among other things, the shape and relative size of their heads, the size and shape of their noses, the size of their feet, and the size and shape of the lips. Dkt. No. 9805 at 3-4; Dkt. No. 9881 at 3-5. These certainly are all prominent features of the dolls, likely to stand out to a layperson. But, all of these are elements that both this Court and the Ninth Circuit have held to be unprotectible. *See* Ninth Circuit Op. at 10546-10547; Dkt. No. 9538 at 17; *Mattel, Inc. v. Goldberger Doll Mfg. Co.*, 365 F.3d 133, 136 (2d Cir. 2004) ("An upturned nose, bow lips, and wide eyes are the 'idea' of a certain type of doll face. That idea belongs not to Mattel but to the public domain."). Whether these qualities bore on the result of foreign litigation is irrelevant to any issue before this Court. MGA cannot be held liable for infringement for using these elements under United States law, and whether MGA asserted any such similarities between Bryant's drawings

and knock-off products in Hong Kong or anywhere else will not assist any copyright analysis performed by the trier of fact. Dkt. No. 9538 at 13; *Rother Greeting Cards v. United Card. Co.*, 429 F.2d 1106, 1109, n.3 (9th Cir. 1970) ("Thus, if United had coped only the textual materials, which were note independently copyrightable, United might have been able to do so with impunity."); *see also Situation Management Systems, Inc. v. ASP Consulting LLC*, 560 F.3d 53, 58 (1st Cir, 2009) (requiring evidence of both factual copying and infringement of protected elements).

Evidence of foreign litigation is worse than useless to the jury. Its introduction not only fails to inform the jury's copyright determination, it also creates a substantial risk that the jury will confuse the relevant and irrelevant legal standards and consider evidence that is contrary to United States law. The foreign litigation thereby invites the jury to base its conclusion not on the law of this jurisdiction, but upon the standard applied in Hong Kong.

Moreover, introducing evidence of the proceedings from nearly a half-dozen foreign actions will create a sideshow, requiring the parties not only to litigate their already substantial cases before the Court, but also the substance—and law—of the foreign actions. This is so because what Mattel asks for is the opportunity to tell the jury that, in all of these foreign lawsuits, MGA relied (only) on Carter Bryant's concept sketches to accuse knock-off dolls of infringing the Bratz.

But, as detailed in MGA's Trial Brief In Opposition To The Admission of Foreign Litigation, Dkt. No. 9825, MGA protected its rights to Bratz by rightfully deploying the full range of its intellectual property rights in Bratz. This certainly included MGA's rights in Bryant's sketches, but they were hardly the only—or predominant—rights MGA asserted. Presenting MGA's side of the story, including why it brought suit in these cases, the range of evidence MGA presented to support its case, and explaining how all of this was relevant in the foreign proceeding will waste considerable time. And, this investment of time will not be well-spent

MGA'S BRIEF IN OPPOSITION TO MATTEL'S SECOND OFFER OF PROOF RE FOREIGN LITIGATION
CASE NO. CV 04-9049-DOC (RNBX)

1  educating the jury on the standard it will apply—United States law—it will be
2  squandered merely undoing the prejudice and confusion that will inevitably result
3  from dropping a raft of foreign litigations into an already complicated, months-long
4  domestic action.

5  **II.    MGA'S FOREIGN ACTIONS WERE BROUGHT IN RESPONSE TO INFRINGEMENT OF THE BRATZ *DOLLS*.**
6

7  As explained in MGA's trial brief in response to Mattel's submission on this
8  topic last week, the *Double Grand*, *Cityworld*, *Union Top*, and *Uni-Fortune* actions
9  arose not because someone made a doll that looked too much like copies of concept
10 drawings that were sitting in a file somewhere at MGA, but because foreign
11 manufacturers were knocking off MGA's *dolls*.  Dkt. No. 9825 at 2.  *Double Grand*
12 is representative of these actions.  There, judgment in MGA's favor was based on
13 five distinct "Artistic Works," only one of which was Bryant's sketches.  TX 10176
14 at 2-7; Dkt. No. 9825 at 2-3.  In fact, the court's summation of MGA's case barely
15 mentioned Carter Bryant's drawings: "[t]he plaintiff's case is that the defendant's
16 Trendy Teenz dolls, Mini Trendy Teenz, Rockerheadz dolls, and Rockerheadz pens
17 are reproductions of a substantial party of its 'Cloe' model's facial decoration and
18 the Mini Trendy Teenz are reproductions of a substantial part of the body and head
19 sculpt of 'Cloe'.  Apparently 'Zoe' in the first picture later became 'Cloe'."  TX
20 10176-3.

21 Likewise, the *Cityworld* action was filed after a Bratz distributor "saw a
22 range of dolls called Funky Tweenz being displayed by a Hong Kong company and
23 it looked like the BRTAZ [sic] *dolls*."  TX 13707-6 (emphasis added).  As in
24 *Double Grand*, MGA rightfully defended its interest in the Bratz brand with all of
25 the intellectual property rights available to it, including Carter Bryant's work, but
26 also including the work of Margaret Leahy, Jessie Ramirez, and Anna Rhee.  TX
27 13706 at 2-5.  MGA's actions in *Uni-Fortune* and *Union Top* followed the same
28 pattern, and relied on the same body of various intellectual property rights in the

1  Bratz, not merely Bryant's sketches. *See* TX 13572-0001; TX 13785-003; Dkt. No. 9825 at 3.

## CONCLUSION

In short, in all of these cases where Mattel claims that MGA brought suit because other's dolls infringed Carter Bryant's drawings, MGA in fact brought suit because these other products infringed on MGA's *dolls.* MGA's position in all of these actions was consistent with its position before this Court. And MGA's position in the foreign courts regarding the factors that made Bratz "unique" are not the factors that this Court and this trier of fact will have to assess under United States law. Mattel asks to include these foreign court proceedings to confuse the jury, to distract it from the issues before *this* Court, and to ask it to consider factors that do not bear on *this* case. Accordingly, Mattel's offer of proof should be rejected.

Dated: February 17, 2011

Respectfully submitted,

WARRINGTON S. PARKER
ORRICK, HERRINGTON & SUTCLIFFE LLP


By: _____*/s/ Warrington S. Parker*_____
  WARRINGTON S. PARKER
   Attorneys for MGA Parties