ANNETTE L. HURST (State Bar No. 148738)
ahurst@orrick.com
WARRINGTON S. PARKER III (State Bar No. 148003)
wparker@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
Telephone: 415-773-5700
Facsimile: 415-773-5759

WILLIAM A. MOLINSKI (State Bar No. 145186)
wmolinski@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA 90017
Telephone: 213-629-2020
Facsimile: 213-612-2499

THOMAS S. MCCONVILLE (State Bar No. 155905)
tmcconville@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
4 Park Plaza, Suite 1600
Irvine, CA 92614-2258
Tel: (949) 567-6700/Fax: (949) 567-6710

Attorneys for MGA Parties

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>MGA ENTERTAINMENT, INC., a California corporation, et al.,<br><br>Defendants.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 DOC (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>Hon. David O. Carter<br><br>**OBJECTIONS OF MGA PARTIES AND GUSTAVO MACHADO TO MATTEL, INC.'S AMENDED AND SUPPLEMENTAL PROPOSED JURY INSTRUCTIONS** |

## **GENERAL OBJECTION**

MGA Entertainment, Inc., MGA Entertainment (HK) Limited, MGAE de Mexico, S.R.L. de C.V., and Isaac Larian ("MGA Parties") and Gustavo Machado respectfully submit their objections to Mattel's Supplemental and Amended Proposed Jury Instructions as set forth below.

The MGA Parties and Mr. Machado incorporate herein the General Objections set forth in their Objections to Mattel's Fourth Amended Proposed Jury Instructions.

The MGA Parties' and Mr. Machado's specific objections are set forth below. Mr. Machado joins the objections made by the MGA Parties and makes the separate objections noted below.

Dated: February 17, 2011        Respectfully submitted,

ANNETTE L. HURST
ORRICK, HERRINGTON & SUTCLIFFE LLP


By: ___*/s/ Annette L. Hurst*___
         ANNETTE L. HURST
       Attorneys for MGA Parties

Dated: February 17, 2011        Respectfully submitted,

SCHEPER KIM & HARRIS LLP
ALEXANDER H. COTE

LAW OFFICES OF MARK E. OVERLAND
MARK E. OVERLAND
By:   */s/ Alexander H. Cote*
         ALEXANDER H. COTE


        */s/ Mark E. Overland*
         MARK E. OVERLAND

Attorneys for Carlos Gustavo Machado Gomez

- 1 -

Obj.s of MGA Parties & Gustavo Machado to Mattel's Amended and Supplemental Prop Jury Instructions
Case No. CV 04-9049 DOC (RNBx)

1 | **MATTEL SPECIAL JURY INSTRUCTION NO. 1A**
2 | **PRIOR INCONSISTENT STATEMENTS AND PARTY ADMISSIONS**

Evidence that a witness has made a prior statement under oath that is inconsistent with his testimony may be considered for all purposes. Likewise, evidence of a party's own statement, or a statement made or adopted by a party's employee or agent during the existence of the employment or agency relationship, is offered against that party may be considered for all purposes.

**Authority**: Fed. R. Evid. 801(d)(1) & 801(d)(2); *Harris v. Vector Mktg. Corp.*, 656 F. Supp. 2d 1128, 1133 (N.D. Cal. 2009); *Palmer v. Pioneer Inn Assocs., Ltd.*, 338 F.3d 981, 990 (9th Cir. 2003); *Pope v. Savings Bank of Puget Sound*, 850 F.2d 1345, 1356 (9th Cir. 1988); *Gen. Commc'ns Eng'g, Inc. v. Motorola Commc'ns & Elecs., Inc.,* 421 F. Supp. 274, 281 (N.D. Cal. 1976).

- 1 -

Obj.s of MGA Parties & Gustavo Machado to Mattel's
Amended and Supplemental Prop Jury Instructions
Case No. CV 04-9049 DOC (RNBx)

1 **OBJECTION:**

2

3     Mattel's Supplemental and Amended Proposed Jury Instructions were not
4 preceded or accompanied by an explanation, so it is not clear exactly how Mattel
5 intends to use Special Jury Instruction No. 1A. The MGA Parties assume that
6 Special Instruction No. 1A is a replacement for Mattel's version of Ninth Circuit
7 Instruction 2.8, to which objection has previously been made.
8     The first sentence of Mattel's Special Instruction No. 1A states that evidence
9 of a prior inconsistent statement under oath "may be considered for all purposes."
10 Unless the Court orders otherwise, however, evidence of any statement in evidence
11 "may be considered for all purposes." There is no reason to single out prior
12 inconsistent statements under oath unless there will also be an instruction limiting
13 the effect of prior inconsistent statements that are not made under oath.
14     The version of Ninth Circuit Instruction 2.8 previously submitted by Mattel
15 explicitly noted that prior inconsistent statements are generally not admissible for
16 all purposes. If an instruction on the use of prior inconsistent statements under oath
17 is to be given, the instruction should advise the jury that prior inconsistent
18 statements are generally not admissible for all purposes, before explaining the
19 exception applicable to prior inconsistent statements under oath. The MGA Parties
20 suggest, however, that no instruction is needed.
21     In addition, Mattel's proposed instruction does not adequately paraphrase
22 Federal Rule of Evidence 801(d)(1). The first sentence of Mattel's instruction does
23 not include a specific reference to the requirements of Rule 801(d)(1) that (a) "[t]he
24 declarant testifies at the trial" and (b) "is subject to cross-examination concerning
25 the statement." Because it is possible that evidence of a prior inconsistent
26 statement not meeting these requirements will be offered, the explanation of Rule
27 801(d)(1) should be complete.
28

- 2 -

Obj.s of MGA Parties & Gustavo Machado to Mattel's
Amended and Supplemental Prop Jury Instructions
Case No. CV 04-9049 DOC (RNBx)

The MGA Parties again suggest that if inconsistent statements are to be the subject of an instruction, the following language taken from CACI 5003 should be included.

> Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

The second sentence of Mattel's Special Instruction No. 1A is also inappropriate. There is no reason to tell the jury that "evidence of a party's own statement" may be considered for all purposes. There will be no doubt or confusion on this score, and it is not necessary to instruct the jury in minute detail on everything.

As stated in the previous objection to Mattel's version of Ninth Circuit Instruction 2.8, it is not proper to include a reference to agency in an instruction addressing prior inconsistent statements. As also previously stated, there is no reason to instruct the jury about the admissibility of statements by agents. If a statement by an agent is admitted, it will be received for all purposes, unless the Court orders otherwise. The jury will not believe that any admitted statements by agents are in evidence for other than all purposes in the absence of a limiting instruction. There is no reason to clutter the jury instructions with information that will not be helpful to the jury.

- 3 -

Obj.s of MGA Parties & Gustavo Machado to Mattel's
Amended and Supplemental Prop Jury Instructions
Case No. CV 04-9049 DOC (RNBx)

1     **MATTEL SPECIAL JURY INSTRUCTION NO. 14A**

2     **COPYRIGHT INFRINGEMENT—
3     <u>CERTIFICATE OF COPYRIGHT REGISTRATION</u>**

4

5     Certain certificates of copyright registration have been introduced as
6     evidence in this case. A certificate of copyright registration contains information
7     about the copyrighted work based upon representations that were made by the
8     applicant in the application for registration. A representation in an application for
9     copyright registration that a work is derivative of a pre-existing work is a
10    representation that the work is based on the pre-existing work and incorporates
11    expression contained in the pre-existing work. A work that is derivative of a pre-
12    existing work is infringing if it is created without authorization from the owner of
13    the copyright in the pre-existing work.

14

15    **Authority**: 17 U.S.C. § 101 ("A 'derivative work' is a work based upon one
16    or more preexisting works"); 17 U.S.C. § 106(2) ("the owner of copyright under
17    this title has the exclusive rights . . . to prepare derivative works based upon the
18    copyrighted work"); 37 C.F.R. § 202.3(c) ("All applications submitted for
19    registration shall supply the information required by the particular application and
20    shall include a certification [that] shall consist of . . . [a] declaration that
21    information provided within the application is correct to the best of that party's
22    knowledge"); United Fabrics Int'l, Inc. v. C & J Wear, Inc., --- F.3d ----, 2011 WL
23    222996, at *1 (9th Cir. Jan. 26, 2011) ("A copyright registration is 'prima facie
24    evidence of the validity of the copyright and the facts stated in the certificate.'")
25    (citing 17 U.S.C. § 410(c)).

26
27
28

- 4 -

**OBJECTION:**

The MGA Parties object to this instruction on the grounds that it is merely a disguised attempt to add another instruction on derivative works. Mattel has already offered a derivative works instruction in its version of Ninth Circuit Instruction No. 17.13. Here, Mattel proposes an instruction entitled "Copyright Infringement – Certificate of Copyright Registration" that is in essence another bite at the derivative works apple.

As set forth in the MGA Parties' previous objection to Mattel's derivative works instruction, Mattel has failed to clearly articulate any theory under which it claims infringement by a derivative work. Providing a derivative works instruction in this case (where two standards for copyright infringement already apply) would be confusing, as it makes unclear which standard for copyright infringement should apply and suggests that perhaps another standard is applicable when derivative works are at issue. Mattel's instructions do not make clear that the same standard for copyright infringement applies to derivative works and other works – here, substantial similarity for the drawings and virtual identity for the sculpts.

In addition, if Mattel is claiming infringement by a derivative work based on a theory of combination or compilation, it must be made clear that any such claim is subject to a virtual identity test, regardless of whether a sculpt or drawing is at issue. *See* MGA Parties' Objection to Mattel's Proposed Jury Instruction 17.14, Compilations. The MGA Parties also object to any instructions on derivative works to the extent they are inconsistent with Footnote 9 of the Court's opinion on summary judgment, which granted summary judgment as to all subsequent generation sculpts. *See Mattel, Inc. v. MGA Entertainment, Inc.*, 616 F.3d 904, 915-916 (9th Cir. 2010); Dkt. # 9538 at n.9 (Amended Order on Motions for Summary Judgment).

- 5 -

Obj.s of MGA Parties & Gustavo Machado to Mattel's
Amended and Supplemental Prop Jury Instructions
Case No. CV 04-9049 DOC (RNBx)

If the Court is inclined to give a derivative works instruction, one instruction, based on Ninth Circuit Instruction 17.13, and modified to take into account the MGA Parties' objections, should be sufficient. Mattel's Proposed Instruction 14A is unnecessary and confusing. As part of their instruction based on Ninth Circuit Instruction 17.0, the MGA Parties offer an instruction on registrations that is sufficient to address any issues involving copyright registrations.

- 6 -

Obj.s of MGA Parties & Gustavo Machado to Mattel's
Amended and Supplemental Prop Jury Instructions
Case No. CV 04-9049 DOC (RNBx)

## Instructions for Compensatory Damages

### CACI 4409
### TRADE SECRET DAMAGES—ACTUAL LOSS

One measure of actual loss is lost profits. To recover damages for lost profits, Mattel must prove it is reasonably certain it would have earned profits but for the misappropriation by MGA, MGA Mexico, Mr. Larian and/or Mr. Machado.  To decide the amount of damages for lost profits, you must determine the gross amount Mattel would have received but for the misappropriation and then subtract from that amount the expenses, namely operating costs and production costs, Mattel would have had if the misappropriation had not occurred.

The amount of the lost profits need not be calculated with mathematical precision, but there must be a reasonable basis for computing the loss.

**Authority**: CACI 4409 (modified); CACI 3903N (modified). Mattel has amended this instruction to list specific deductible expenses in conformance with CACI 3903N and to delete the opening sentence, which was repetitive of the instruction regarding "Remedies for the Misappropriation of Trade Secrets."

- 7 -

Obj.s of MGA Parties & Gustavo Machado to Mattel's
Amended and Supplemental Prop Jury Instructions
Case No. CV 04-9049 DOC (RNBx)

**OBJECTION:**

Mattel states that it has deleted the opening sentence of CACI 3903N, but it does not mention that it has also replaced that with a first sentence of its own. The MGA Parties object to both changes. CACI 3903N should be left intact.

Mattel also states that it has added "specific deductible expenses," but that is not a fair assessment of what it has done. Mattel refers generically to "operating costs and production costs," hardly a list of "specific expenses." The CACI 3903N Directions for Use state that "[i]nsertion of specified types of costs to be deducted from gross earnings is optional, depending on the facts of the case." There is no need for a list of expenses, and no reason to offer the vague "operating costs and production costs" when the experts on both sides will address this subject, and the choice of words in the instruction may create a sense that the Court is endorsing the position of one expert or another.

The reference to "the misappropriation by MGA, MGA Mexico, Mr. Larian and/or Mr. Machado" is improperly argumentative. The instructions should not assume misappropriation. Similarly, the instruction should refer to "the defendant's conduct," as does CACI 3903N, rather than "the misappropriation." The more neutral word chosen by the CACI Committee adequately explains what the jury must consider.

The MGA Parties reassert their objection to the separate statement of instructions addressing the trade secret claims by Mattel and MGA.

Mr. Machado joins in the objections of the MGA Parties, and separately objects to this instruction on the following ground(s):

1. References to "Mattel" are compound and confusing. Both Mattel, Inc. (the U.S. company) and Mattel de Mexico (the Mexican subsidiary) have asserted a misappropriation of trade secrets claim against Mr. Machado. The jury must "decide the case of each company separately

- 8 -

Obj.s of MGA Parties & Gustavo Machado to Mattel's
Amended and Supplemental Prop Jury Instructions
Case No. CV 04-9049 DOC (RNBx)

|   |   |   |
|---|---|---|
| 1 |   | as if it were a separate lawsuit…each company must carry its own |
| 2 |   | burden of proof." (*See* Machado's Proposed Jury Instruction No. |
| 3 |   | 5005.) Hereinafter, this objection is the Multiple Claimant Objection. |
| 4 | 2. | The instruction claims that "Mattel must prove *it* is reasonably certain |
| 5 |   | it would have earned profits…" (emphasis added). *Mattel's* reasonable |
| 6 |   | certainty is irrelevant: Mattel must prove actual injury, not prove its |
| 7 |   | belief that it suffered an injury.  The second sentence should read: "To |
| 8 |   | recover damages for lost profits, Mattel must prove *to you with* |
| 9 |   | *reasonable certainty that* it would have earned …" |
| 10 | 3. | Mr. Machado should not be included in this (or any) instruction |
| 11 |   | relating to "actual loss" or "lost profits." Mattel has abandoned any |
| 12 |   | claim of actual loss or lost profits against Mr. Machado and seeks only |
| 13 |   | unjust enrichment.  Moreover, there is no evidence that Mattel suffered |
| 14 |   | any actual loss or lost profits and no "reasonable basis for computing" |
| 15 |   | such a loss as a result of Mr. Machado's conduct. |
| 16 | 4. | Mr. Machado objects generally to these instructions insofar as they fail |
| 17 |   | to explain that "[t]he only possible trade secrets Mr. Machado is |
| 18 |   | accused of misappropriating are the documents Mattel, Inc. and Mattel |
| 19 |   | de Mexico claim he took when he resigned from Mattel Servicios." |
| 20 |   | (*See* Machado's Proposed Special Jury Instruction No. 1.) The |
| 21 |   | instructions also fail to clarify that "[n]o one is asserting any claim |
| 22 |   | against Mr. Machado as to Carter Bryant's drawings, the disputed |
| 23 |   | ownership of Bratz or any copyrights or trade secrets in Bratz." (*Id.*) |

- 9 -

Obj.s of MGA Parties & Gustavo Machado to Mattel's
Amended and Supplemental Prop Jury Instructions
Case No. CV 04-9049 DOC (RNBx)

# CACI 4410

## TRADE SECRET DAMAGES—UNJUST ENRICHMENT

MGA, MGA Mexico, Mr. Larian and/or Mr. Machado were unjustly enriched if their misappropriation of Mattel's trade secrets caused them to receive a benefit that they otherwise would not have achieved.

To decide the amount of any unjust enrichment, first determine the value of the benefit obtained by MGA, MGA Mexico, Mr. Larian and/or Mr. Machado which would not have been achieved except for their misappropriation. Then subtract from that amount their reasonable expenses, such as operating costs and production costs, if any. In calculating the amount of any unjust enrichment, do not take into account any amount that you included in determining any amount of damages for Mattel's actual loss.

**Authority**: CACI 4410 (modified). Mattel has amended this instruction to list specific deductible expenses in conformance with CACI 4410.

- 10 -

Obj.s of MGA Parties & Gustavo Machado to Mattel's
Amended and Supplemental Prop Jury Instructions
Case No. CV 04-9049 DOC (RNBx)

**OBJECTION:**

The first sentence of Mattel's proposed CACI 4410 instruction is a modification of the sentence as it appears in the CACI form. Mattel has modified the sentence to group all of the parties it sues, and to refer to "their" misappropriation causing "them" to receive a benefit "they" would not have received. The use of these plural terms is improper because it groups the defendants in a manner that assumes joint action by "them."

The first sentence of CACI 4410 is itself inadequate. It eliminates the burden of proof applicable to proof of unjust enrichment, and it provides no guidance as to what a "benefit" is for purposes of unjust enrichment. There is no reason to use this generic language because Mattel will not present a generic "benefit" claim at trial. Any instruction on unjust enrichment should be tied to the facts of the case, and should not leave the jury guessing about what a "benefit" is.

As it did with its version of CACI 4409, Mattel has added a reference to "operating costs and production costs," although Mattel refers to expenses "such as" those, rather than "namely" in its version of CACI 4410. This optional language is unnecessary, as explained in the objection to Mattel's version of CACI 4409, and it is not sufficiently precise to assist the jury. The parties' experts will address expenses and which should or should not be considered.

There is no basis for an unjust enrichment instruction addressing Mr. Larian. The evidence will not support a finding that Mr. Larian personally received any benefit from the alleged misappropriation claimed by Mattel, and any "benefit" received by the corporate parties cannot be attributed to Mr. Larian.

The MGA Parties incorporate their prior objections to Mattel's version of CACI 4410, refer the Court to their instruction on unjust enrichment on page 153 of the MGA Parties' Amended Proposed Jury Instructions, and reassert their objection

- 11 -

Obj.s of MGA Parties & Gustavo Machado to Mattel's
Amended and Supplemental Prop Jury Instructions
Case No. CV 04-9049 DOC (RNBx)

1  to the separate statement of instructions addressing the trade secret claims by Mattel
2  and MGA.
3       Mr. Machado joins in the objections of the MGA parties, and separately
4  objects to this instruction on the following ground(s):
5       1.   Multiple Claimant Objection.
6       2.   The jury should be reminded that this is the only remedy Mattel is
7            pursuing against Mr. Machado.
8       3.   The instruction should clarify that the claimant must prove each of
9            these elements for each alleged trade secret. (See Machado's Proposed
10           Jury Instruction 4402.)
11      4.   The instruction fails to advise the jury that they "must not include in
12           any award of damages any benefit to Mr. Machado that is attributable
13           to factors other than his alleged misappropriation of trade secrets,
14           including specifically any benefit achieved by Mr. Machado as a result
15           of his lawful conduct, hard work, skill, knowledge, investment or
16           ingenuity." (Machado's Proposed Jury Instruction 4410.)

- 12 -

Obj.s of MGA Parties & Gustavo Machado to Mattel's
Amended and Supplemental Prop Jury Instructions
Case No. CV 04-9049 DOC (RNBx)

# CACI 4407

## MISAPPROPRIATION BY USE

Mattel misappropriated MGA's trade secrets by use if Mattel:

1. Used MGA's trade secrets without MGA's consent; and
2. Did any of the following:

Acquired knowledge of the trade secrets by improper means; or       At the time of use, knew or had reason to know that its knowledge of MGA's trade secrets came from or through a third party and that the third party had a duty to MGA to keep the information secret.

**Authority**: CACI 4407 (modified). Mattel has amended this instruction to conform with CACI 4407, replacing the word "disclosure" with "use."

- 13 -

Obj.s of MGA Parties & Gustavo Machado to Mattel's
Amended and Supplemental Prop Jury Instructions
Case No. CV 04-9049 DOC (RNBx)

**OBJECTION:**

The MGA Parties reassert their objection to the separate statement of instructions addressing the trade secret claims by Mattel and MGA.

- 14 -

Obj.s of MGA Parties & Gustavo Machado to Mattel's
Amended and Supplemental Prop Jury Instructions
Case No. CV 04-9049 DOC (RNBx)