1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
    John B. Quinn (Bar No. 090378)
2   (johnquinn@quinnemanuel.com)
    William C. Price (Bar No. 108542)
3   (williamprice@quinnemanuel.com)
    Michael T. Zeller (Bar No. 196417)
4   (michaelzeller@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
5  Los Angeles, California 90017-2543
   Telephone: (213) 443-3000
6  Facsimile: (213) 443-3100

7  Attorneys for Mattel, Inc., and Mattel de
   Mexico, S.A. de C.V.

8

FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

JAN 19 2011

CENTRAL DISTRICT OF CALIFORNIA
DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation, and Mattel de Mexico, S.A. de C.V., a Mexico business entity,<br><br>Plaintiff,<br><br>vs.<br><br>MGA ENTERTAINMENT, INC., a California corporation, et al.,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 DOC (RNBx)<br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>Hon. David O. Carter<br><br>**MATTEL'S OPPOSITION TO THE MGA PARTIES' MOTION *IN LIMINE* NO. 7**<br><br>Hearing Date: TBD<br>Time: TBD<br>Place: Courtroom 9D<br><br>Discovery Cut-Off: October 4, 2010<br>Pre-trial Conference: January 4, 2011<br>Trial: January 18, 2011 |

**CONFIDENTIAL-ATTORNEYS'
EYES ONLY**

**FILED UNDER SEAL PURSUANT
TO PROTECTIVE ORDER**

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT .................................................................................... 1

RELEVANT FACTS ..................................................................................................... 2

ARGUMENT .................................................................................................................. 4

I.    CASTILLA'S PLEA-RELATED FACTUAL STATEMENTS ARE ADMISSIBLE .................................................................................................. 4

    A.    Castilla's Factual Admissions Are Relevant Party Admissions ............. 4

    B.    Castilla's Plea-Related Admissions Can Be Used For Impeachment .................................................................................................. 6

    C.    The Admission Of These Statements Would Not Unfairly Prejudice MGA ............................................................................................... 6

II.    THE FINAL JUDGMENT ADJUDGING CASTILLA GUILTY OF A VIOLATION OF CALIFORNIA PENAL CODE SECTION 502(C)(1) IS ADMISSIBLE ........................................................................................... 8

    A.    Evidence Of Castilla's Criminal Conviction Is Admissible Under Federal Rule of Evidence 609(a)(2) ............................................................. 8

    B.    Evidence Of Castilla's Criminal Conviction Is Also Admissible Under Federal Rule of Evidence 609(a)(1) ............................................. 9

    C.    The Evidence of Castilla's Conviction is Admissible under Federal Rule of Evidence 803(22) ....................................................... 10

    D.    Castilla's Criminal Conviction Is Also Admissible Under The Residual Exception To The Hearsay Rule ........................................... 12

# TABLE OF AUTHORITIES

**Page**

**Cases**

In re Balanced Plan Inc.,
  257 B.R. 921 (W.D. Mo. 2001) ................................................................................ 11

Bulletin Displays, LLC v. Regency Outdoor Advertising, Inc.,
  448 F. Supp. 2d 1172 (C.D. Cal. 2006) .................................................................. 12

Demirchyan v. Gonzales
  2010 WL 3521784 (C.D. Cal. Sept. 8, 2010) ........................................................... 6

First National Bank of Louisville v. Lustig,
  96 F.3d 1554 (5th Cir. 1996) .................................................................................. 11

Pendergest-Holt v. Certain Underwriters at Llyod's of London,
  2010 WL 3359528 (S.D. Tex. Aug. 23, 2010) ....................................................... 12

RSBI Aerospace, Inc. v. Affiliated FM Ins. Co.,
  49 F.3d 399 (8th Cir. 1995) .................................................................................... 11

Rozier v. Ford Motor Co.,
  573 F.2d 1332 (5th Cir. 1978) ................................................................................ 11

Scholes v. Lehman,
  56 F.3d 750 (7th Cir. 1995) .................................................................................... 11

Simpson v. Thomas,
  528 F.3d 685 (9th Cir. 2008)) .................................................................................. 9

In re Slatkin,
  310 B.R. 740 (C.D. Cal. 2004) ......................................................................... 11, 13

Tabron v. Grace,
  898 F. Supp. 293 (M.D. Pa. 1995) ........................................................................... 9

United States v. Anchor Mortgage Corp.,
  2010 WL 1882018 (N.D. Ill. May 10, 2010) ......................................................... 12

United States v. Bill Harbert International Construction, Inc.,
  608 F.3d 871 (D.C. Cir. 2010) ................................................................................ 10

United States v. Cruz-Garcia,
  344 F.3d 951 (9th Cir. 2003) .................................................................................... 6

United States v. Ismoila,
  100 F.3d 380 (5th Cir. 1996) .................................................................................. 12

United States v. Seventy Thousand One Hundred Fifty Dollars in United States
    Currency,
    2009 WL 3614871 (S.D. Ohio Oct. 28, 2009) ....................................................... 11

**Statutes**

Cal. Civ. Code §
    § 2307 ..................................................................................................................... 6

Cal. Penal Code
    § 499c(b)(1) ............................................................................................................ 3
    § 502(c)(1) ..................................................................................................... 3, 9, 12
    § 679.02(a)(3) ......................................................................................................... 7

Fed. R. Evid.
    Rule 401 ........................................................................................................... 4, 10
    Rule 403 ........................................................................................................... 1, 10
    Rule 609(a)(1) ...................................................................................................... 1, 9
    Rule 609(a)(2) ................................................................................................. 1, 8, 9
    Rule 801(d)(2) ..................................................................................................... 4, 6
    Rule 801(d)(2)(D) ..................................................................................................... 4
    Rule 803(22) ................................................................................... 1, 10, 11, 12, 13
    Rule 807 ........................................................................................................... 12, 13

**Preliminary Statement**

Jorge Castilla, MGA's agent and employee, pled guilty on January 11 to unauthorized access to computers, computer systems and computer data based on his admitted theft of Mattel's confidential and trade secret information. Contrary to MGA's motion, Mr. Castilla's factual admissions, which formed the basis for his plea, are admissible both to prove the truth of what was said and to impeach his credibility. Castilla admitted that he unlawfully accessed Mattel's computer databases and digitally copied Mattel's proprietary and confidential information after he accepted employment with MGA. These statements are *party admissions*; their relevance to the issues in this case is not even challenged, and the hearsay rules explicitly except them. They are also relevant and admissible as to Castilla's credibility.

The fact of Mr. Castilla's guilty plea itself is also independently relevant and admissible. Because Castilla pleaded guilty to a crime that involved dishonesty, his conviction is highly probative of his credibility as a witness and admissible if he testifies at trial under Federal Rule of Evidence 609(a)(2), without regard to any Rule 403 balance. It is also admissible under Rule 609(a)(1), even if it did not go to trustworthiness, because its probative value outweighs any unfair prejudice. As for MGA's hearsay objection, Federal Rule of Evidence 803(22) provides an exception for evidence of *a final judgment entered upon a plea of guilty* adjudging a person guilty of a crime punishable by imprisonment in excess of one year. That exception applies on its face here.

MGA also ignores the facts. MGA claims that the entry of the plea is somehow a game changer because it was entered on the eve of trial and reported by the press. The plea was a matter of public record. Mattel did not time Castilla's plea, any more than it controlled his decision to admit to his wrongdoing. The hearing was continued from an earlier date at the insistence of the prosecutor and Castilla. Castilla, represented by independent counsel, agreed that the factual

statements in his plea agreement are accurate, as did the prosecutor.  That they do not exculpate MGA is no basis upon which to exclude them.

MGA's Motion should be denied.

### Relevant Facts

Castilla is a manager and agent of defendant MGA.  As he has now admitted, after accepting employment at MGA and before notifying Mattel of his intent to resign, Castilla accessed Mattel's databases and systems without authorization and digitally copied Mattel's confidential, proprietary and trade secret documents onto a device which he took with him.  Castilla first interviewed with MGA on Friday, March 3, 2006.  At that interview, Castilla was given detailed information about the status of MGA's forecasting processes and systems and its problems in those areas.[1]  On Monday, March 6, 2006, Castilla created a folder on his Mattel network–share drive entitled "To Take," and downloaded several highly confidential Mattel files related to such problems into that folder.  On March 8, 2010, Castilla interviewed a second time with MGA officers Ricardo Abundis and Ron Brawer.  The following day, Castilla added 47 additional highly confidential Mattel-owned files into the "To Take" folder.  Castilla returned to Mattel over the weekend, and downloaded all of the files onto his personal digital assistant ("PDA").  Castilla then tried to cover his theft by deleting both the "To Take" folder and the program that he used to transfer the files.

As soon as Mattel learned of the theft, it contacted the FBI.  When FBI agents confronted Castilla about his theft, he initially lied to the FBI agents and denied that he had taken any electronic documents from Mattel.  He later admitted his theft to them.  In August 2010, the Los Angeles District Attorney's office brought charges against Castilla.  Count 1 of the charge was for a violation of California Penal Code

---

[1] Email chain between Castilla and Coleman dated March 6, 2006, bates–stamped as C 00451–56, at C 00451.

section 502(c)(1), and Count 2 of the charge was for a violation of <u>California Penal Code</u> section 499c(b)(1).  In connection with the criminal proceeding, Castilla has been represented by his own defense counsel (though paid for by MGA), Mark J. Werksman.  Mattel, the victim of Castilla's unlawful conduct, has been represented by counsel from Jones Day.

Negotiations relating to Castilla's plea agreement spanned several months. On December 3, 2011, the prosecutor notified Mattel's counsel, Jones Day, that Mattel should be involved an effort to reach an agreement regarding criminal restitution pending a mid-December plea hearing.  Based on the schedule and unavailability of counsel for Castilla and the prosecutor, Mattel understands that the parties continued the mid-December plea hearing to January 11, 2011.

On January 11, 2011, Castilla pleaded guilty to violating section 502(c)(1) of the <u>California Penal Code</u>.  The factual basis for Castilla's plea agreement provides that after accepting employment at MGA, "Castilla accessed the databases and systems of Mattel and digitally copied proprietary and confidential documents and records belonging to Mattel on a file on his shared drive."  The agreement further provides that, "[t]he day before he resigned, he came in on a Sunday and copied the files to a portable storage device.  This copying was not done for any Mattel work purpose, and was done without authorization."  In addition, Castilla admitted in the plea agreement that he "left Mattel's employment stating during a written exit interview that he had not taken any documents," but he was subsequently "interviewed by agents of the Federal Bureau of Investigation, where he admitted the taking."  Castilla's plea agreement was entered into in open court and not filed under seal, and was reported by news organizations.  No one from Mattel provided the plea agreement or the factual information in the agreement to reporters from the <u>Los Angeles Times</u> or any other news publication.

# Argument

## I. CASTILLA'S PLEA-RELATED FACTUAL STATEMENTS ARE ADMISSIBLE

### A. Castilla's Factual Admissions Are Relevant Party Admissions

The factual basis for Castilla's plea agreement contains admissions that are highly probative of Mattel's trade secret misappropriation claims. MGA posits that to be relevant these admissions must be dispositive of every element of Mattel's trade secret misappropriation claim. (Mot. at 3.) MGA's unsupported test is inconsistent with the fundamental rule that evidence is relevant if it has "*any* tendency to make the existence of *any* fact that is of consequence . . . more or less probable than it would be without the evidence." Fed. R. Evid. 401 (emphasis added). It thus suffices that this evidence is directly relevant to establish Castilla's improper acquisition of Mattel's trade secret documents. It is also relevant that Castilla was rewarded by MGA – as were each of the Mattel employees who downloaded items from Mattel on their way out the door − with a significant increase in salary and bonus the day they arrived at MGA. The one thing that all of these former Mattel employees had in common was that when they left Mattel, they took with them trade secret documents that they had wrongfully downloaded.

Under Federal Rule of Evidence 801(d)(2)(D), the admissions of a party-opponent are not hearsay. A party admission is a "statement offered against a party and is . . . (D) a statement by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship . . . ." Fed. R. Evid. 801(d)(2)(D). Because Castilla was acting as MGA's agent and employee when he knowingly accessed Mattel's databases and systems and digitally copied Mattel's proprietary and confidential documents, the admissions contained in the factual basis for Castilla's plea agreement are admissible against MGA under Rule 801(d)(2). In his plea agreement, Castilla admits as follows: "Defendant Castilla, while working at Mattel, Inc., accepted

employment at a competitor company, MGA Entertainment, Inc.  <u>After accepting such employment</u>, defendant Castilla accessed the databases and systems of Mattel and digitally copied proprietary and confidential documents and records belonging to Mattel to a file on his shared drive." (emphasis added).  The position that Castilla accepted with MGA also was not that of a low-level employee, but instead MGA hired him to be a Manager, Sales Planning, with responsibilities that substantially paralleled those that he had at Mattel.  With the benefit of the information that he brought with him, Castilla has used that proprietary and confidential information to improve MGA's sales forecasting and inventory planning.  Just a year and a half after Mr. Castilla arrived at MGA, having taken the blueprint for Mattel's forecasting, inventory management, and data warehouse systems, MGA announced the forecast portal, MGA's own forecasting system, that it had developed in-house. Castilla himself designed and documented the business requirements for the forecast portal, and led the forecast portal's development team, resulting in improvements to MGA's forecasting and inventory management abilities that his supervisor, Nicole Coleman testified were "hugely beneficial" for MGA.  MGA's 30(b)(6) witness on Castilla's work admitted that he was "critical" to the development of the forecast portal.  These improvements were completed in record time, despite MGA's lack of skilled personnel and other obstacles.

The evidence further establishes that Castilla acted based on instructions or suggestions he received from MGA employees during his interviews, was rewarded for doing so, and was thus acting on MGA's behest as its agent. Even if MGA officially instructed Castilla not to engage in these activities, an agency relationship was created when MGA subsequently ratified Castilla's actions by rewarding him with a significant increase in salary and bonus; by not punishing Castilla when it was officially informed of his theft of Mattel's trade secrets; and by paying Castilla's legal fees both in connection with this action and the FBI's investigation into his theft after first securing his cooperation and favorable testimony. <u>Cal. Civ.</u>

1  Code §§ 2307, 2339 (under California law, "[a]n agency may be created, and an
2  authority may be conferred, by a precedent authorization or a subsequent
3  ratification," and a principal is thus responsible for any intentional wrongs of the
4  agent that the principal has either authorized or ratified). Accordingly, Castilla's
5  plea-related admissions constitute party admissions under Rule 801(d)(2).

6     **B.**     **Castilla's Plea-Related Admissions Can Be Used For Impeachment**

7  Castilla's statements are admissible to impeach his testimony as well. See
8  Demirchyan v. Gonzales 2010 WL 3521784, at *15 n.18 (C.D. Cal. Sept. 8, 2010)
9  (hearsay rules do not apply to evidence that is "introduced as impeachment
10 evidence."). Mattel is entitled to use Castilla's prior admissions for the non-hearsay
11 purpose of impeachment.

12     **C.**     **The Admission Of These Statements Would Not Unfairly Prejudice**
13             **MGA**

14  "That evidence may decimate an opponent's case is no ground for its
15 exclusion under [Rule] 403. The rule excludes only evidence where the prejudice is
16 'unfair'-that is, based on something other than its persuasive weight." United States
17 v. Cruz-Garcia, 344 F.3d 951, 956 (9th Cir. 2003). MGA's only argument that this
18 evidence is "unfairly prejudicial" is that the plea "omitted crucial factual
19 representations that, had they been included, would have buttressed MGA's position
20 in this trade secrets case." Mot. at 4. In MGA's view, it seems that any plea
21 agreement entered into by Castilla—MGA's agent and employee—should be
22 excluded as unfairly prejudicial unless it contains material that affirmatively
23 exculpates MGA in this civil action. There is no legal authority for such a
24 proposition, nor does MGA attempt to suggest otherwise.

25  Rather, MGA argues that the omission of supposedly "crucial factual
26 representations" from the plea drafted by the prosecutor and Castilla "likely is a
27 direct result of Mattel's counsel's extensive involvement in negotiations over the
28 drafting of the plea agreement." Mot. at 5 (emphasis). That is absurd, at every

level.  The only evidence that MGA cites is a letter from Castilla's attorney (who is being paid by MGA) to MGA's attorney, stating: "Mattel Inc. did comment on the draft plea agreement in order to correct the spelling of company names and to remove the last sentence of the Factual Basis section [of the plea agreement], which read, 'At the time of this plea, there is no evidence that the items taken were unlawfully used by the defendant in his new employment.'"  Jones Day did request that the sentence be removed because, in fact, there is evidence that the items taken by Castilla were unlawfully used or disclosed for MGA's benefit.  Indeed, this Court has already found that there is a triable issue of fact as to whether Castilla used or disclosed the trade secrets that he stole from Mattel for MGA's benefit.  But in any event the charge to which Castilla pleaded guilty does not require evidence of use, rendering the last sentence irrelevant to the plea.  Even more fundamentally, far from having "extensive involvement in negotiations over the drafting of the plea agreement," (Mot. at 5), Mattel's involvement through its counsel, Jones Day, was —at the prosecutor's request— directed to reaching an agreement regarding criminal restitution that Castilla owed to Mattel, the victim of his unlawful conduct.  See Cal. Penal Code § 679.02(a)(3).  The prosecutor and Castilla worked on drafting the plea agreement.  Castilla was represented by his own independent counsel throughout the criminal proceedings.  If there were something wrong with the facts, Castilla would not have joined in the waivers, concurred in the pleas, and stipulated to a factual basis for the plea, as he did in open court on January 11, 2011.[2]

MGA also argues that the timing of Castilla's plea somehow makes any evidence relating to the plea, including Castilla's factual admissions, unfairly

---

[2] At Castilla's hearing, the Court found as follows: "Court finds the waivers were knowingly, intelligently, understandingly, expressly made by this defendant. Defendant's plea is freely and voluntarily made. There is a factual basis for the plea." Castilla has not challenged any aspect of his plea.

Case 2:04-cv-09049-DOC-RNB   Document 10008   Filed 01/19/11   Page 12 of 18   Page ID
 #:301798


prejudicial. Again, relying on nothing more than speculation, MGA wrongly blames Mattel for the timing of a plea entered into by Mr. Castilla and his independent, MGA-funded attorney. Mattel does not control Judge Horowitz's calendar, nor that of the prosecutor and Mr. Castilla's lawyer. If anyone controls Mr. Castilla and his lawyer, it is MGA. The prosecutor had been negotiating a plea agreement with Mr. Castilla for some time, and an agreement in principle was supposedly reached last fall. On December 3, 2011, the prosecutor notified Mattel's counsel at Jones Day that Mattel should be involved in the effort to reach agreement regarding criminal restitution pending a mid-December plea hearing that had been set by Judge Horowitz. That hearing was apparently continued at the request of the prosecutor and counsel for Mr. Castilla until January 11, 2011. Its timing was in no sense controlled by Mattel. There is no "long and winding road" that MGA must explore that leads to this plea agreement (Mot. at 5), and if there were, it would begin and end in MGA's own backyard.

## II. THE FINAL JUDGMENT ADJUDGING CASTILLA GUILTY OF A VIOLATION OF CALIFORNIA PENAL CODE SECTION 502(C)(1) IS ADMISSIBLE

### A. Evidence Of Castilla's Criminal Conviction Is Admissible Under Federal Rule of Evidence 609(a)(2)

Federal Rule of Evidence 609(a)(2) provides for the automatic admission of evidence of certain types of prior convictions to impeach the credibility of a witness. Such admission is mandated without regard to the usual balance of probative value and prejudicial effect. The key, under the Rule, is whether the crime involved "dishonesty or false statement." Thus ,the rule provides that "evidence that any witness has been convicted of a crime *shall be admitted* if it involved dishonesty or false statement, regardless of the punishment, if it readily can be determined that establishing the elements of the crime required proof or admission of an act of dishonesty or false statement by the witness." Fed. R. Evid. 609 (emphasis added);

Tabron v. Grace, 898 F. Supp. 293, 295 (M.D. Pa. 1995) ("Rule 609(a)(2)...*mandates* that evidence of convictions for crimes of dishonesty or false statement...shall be admitted, [and] contains no Rule 403 qualification.") (emphasis added).  California Penal Code § 502(c)(1) makes it a crime to access without permission a computer system in order to "devise or execute any scheme or artifice to *defraud, deceive, or extort*." (emphasis added).  Proof of Castilla's plea goes directly to the trustworthiness of any testimony he would give.  Mattel is entitled to impeach Castilla with evidence of his criminal conviction, without regard to any purported prejudicial impact of doing so.

### B.  Evidence Of Castilla's Criminal Conviction Is Also Admissible Under Federal Rule of Evidence 609(a)(1)

Federal Rule of Evidence 609(a)(1) provides that, apart from the automatic admission of convictions going to trustworthiness, evidence that a witness has been convicted of a crime punishable by imprisonment in excess of one year shall be admitted if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect.  The elements to consider when determining whether the probative value outweighs the prejudice are: (1) the impeachment value of the prior crime, (2) the remoteness of the prior conviction, (3) the similarity between the past crime and the conduct at issue, (4) the importance of the witness's credibility, and (5) the centrality of witness's credibility.  Simpson v. Thomas, 528 F.3d 685, 690 n.3 (9th Cir.2008).

Here, all of the relevant factors weigh in favor of admitting Castilla's conviction and establish that its probative value greatly outweighs any alleged danger of unfair prejudice.  First, the impeachment value of the conviction is significant where the crime involved dishonesty and thus is directly probative of Castilla's character for veracity.  Second, Castilla pleaded guilty just days ago, obviating any remoteness concern.  Third, Castilla will be testifying about the very same events that led to his criminal conviction, making the conviction very

probative of his credibility.  Finally, Castilla is a key participant in the thefts that form the basis of Mattel claims and is a key witness with regard to Mattel's claims of trade secret misappropriation.

As for ostensible prejudice, although MGA argues that "evidence of plea agreements and plea negotiations is widely recognized for its prejudicial effects" under Federal Rule of Evidence 410, Rule 410 does not apply here where Castilla entered a plea of guilty that has not been withdrawn.  See Fed. R. Evid. 410 (providing generally that evidence of a guilty plea that was later withdrawn, a plea of nolo contendere, or statements made during plea discussions which do not result in a plea of guilty or which result in a plea of guilty later withdrawn are not admissible against the defendant who made the plea or who was a participant in the plea discussions).  In civil cases, district courts routinely decline to exclude on Rule 403 grounds evidence relating to guilty pleas where such evidence falls within an exception to the hearsay rule or constitutes a party admission and is probative of material issues in the case, as is the case here.  See, e.g., United States v. Bill Harbert International Construction, Inc., 608 F.3d 871, 892 (D.C. Cir. 2010) (affirming trial court's admission of guilty plea and plea agreement into evidence where "the recitation of facts admitted to" in the plea agreement was highly probative of material issues and therefore "pose[d] relatively little risk of undue prejudice.").  "[P]roperly admitted but potentially incriminating evidence does not equate to unfairly prejudicial evidence that must be excluded." Id.

### C. The Evidence of Castilla's Conviction is Admissible under Federal Rule of Evidence 803(22)

MGA's hearsay arguments are equally groundless.  Federal Rule of Evidence 803(22) excepts from the hearsay rule "[e]vidence of a final judgment, entered... upon a plea of guilty..., adjudging a person guilty of a crime punishable by... imprisonment in excess of one year, to prove any fact essential to sustain the judgment...," even though the declarant is available as a witness.  Fed. R. Evid.

803(22). See In re Slatkin, 310 B.R. 740, 744-45 (C.D. Cal. 2004) (admitting debtor's plea agreement into evidence to prove the truth of the matter asserted in the agreement, namely that the debtor ran a Ponzi scheme and had the actual intent to defraud his creditors).[3]

Evidence of a conviction is properly admitted in a criminal action under Rule 803(22) provided that it is used "to prove any fact essential to sustain the [underlying] judgment." Such evidence is admissible in civil actions according to the same Rule against parties other than the accused. In re Balanced Plan Inc., 257 B.R. 921, 926 (W.D. Mo. 2001) ("When the judgment of conviction is offered in a civil case . . . there is no restriction as to the parties against whom the evidence is admissible."). See also First National Bank of Louisville v. Lustig, 96 F.3d 1554, 1574 (5th Cir. 1996) (guilty plea admitted against insurance company); Scholes v. Lehman, 56 F.3d 750, 762 (7th Cir. 1995) (guilty plea of Ponzi scheme principal admissible under Rule 803(22) in civil action against persons other than the principal); RSBI Aerospace, Inc. v. Affiliated FM Ins. Co., 49 F.3d 399, 403 (8th Cir. 1995) (guilty plea of employee admissible against employer); Rozier v. Ford Motor Co., 573 F.2d 1332, 1347 (5th Cir. 1978) (guilty plea of driver of automobile that impacted with plaintiff's husband's car was not "excluded by the hearsay rule by virtue of Rule 803(22)" when offered against Ford in a product liability action); United States v. Seventy Thousand One Hundred Fifty Dollars in United States Currency, 2009 WL 3614871, at *4 (S.D. Ohio Oct. 28, 2009) (finding that guilty pleas and the accompanying statements of fact were admissible against the claimant in a civil forfeiture action where they went to essential facts necessary to support a

---

[3] MGA cites In re Slatkin for the proposition that a guilty plea is inadmissible hearsay unless it falls within an exception to the hearsay rule, but the court in that case actually found that evidence of a guilty plea was properly admissible under Federal Rule of Evidence 803(22).

judgment against the claimant); United States v. Anchor Mortgage Corp., 2010 WL 1882018, at *4 (N.D. Ill. May 10, 2010) (admitting employee's guilty plea and factual statements made within his plea agreement against his employer to prove material facts at issue in civil action); Bulletin Displays, LLC v. Regency Outdoor Advertising, Inc., 448 F. Supp. 2d 1172, 1183-84 (C.D. Cal. 2006) (finding that a plea agreement of defendant's agent was "admissible under Federal Rule of Evidence 803(22) and not barred by the hearsay rule").

Under Rule 803(22), evidence of Castilla's criminal conviction is admissible not only to impeach his credibility but also to prove any fact that was essential to sustain Castilla's conviction under California Penal Code section 502(c)(1).  Thus, such evidence is admissible to prove that:  (1) Castilla knowingly accessed the databases and systems of Mattel and digitally copied proprietary and confidential documents and records belonging to Mattel to a file on his shared drive; (2) the copying was not done for any Mattel work purpose, and was done without authorization; and (3) Castilla executed a scheme or artifice to deceive Mattel by leaving Mattel's employment stating during a written exit interview that he had not taken any documents, and then later admitting the unauthorized taking to the FBI.

### D. Castilla's Criminal Conviction Is Also Admissible Under The Residual Exception To The Hearsay Rule

Independently, Federal Rule of Evidence 807 authorizes admission of "statements having circumstantial guarantees of trustworthiness equivalent to those of other enumerated hearsay exceptions, as long as the trial court determines that the statements are sufficiently material, probative, and in the interests of justice." United States v. Ismoila, 100 F.3d 380, 393 (5th Cir. 1996).  Because guilty pleas for felony offenses have circumstantial guarantees of trustworthiness, they may be admitted under Rule 807.  See Pendergest-Holt v. Certain Underwriters at Llyod's of London, 2010 WL 3359528, at *3 (S.D. Tex. Aug. 23, 2010) (admitting executive's plea agreement and rearraignment transcript into evidence against third

1  parties under Rule 807 because the executive "pleaded guilty under oath in open
2  court to three serious criminal charges," thereby making the "factual material in his
3  plea agreement and transcript describing [executive's] personal conduct . . . among
4  the strongest evidence of those matters."); In re Slatkin, 310 B.R. at 744-45 (finding
5  that debtor's guilty plea and plea agreement were admissible under Rule 807 (as
6  well as under Rule 803(22)) where they were made under oath with the advice of a
7  competent attorney and were made "knowingly and voluntarily").

8       Here, Castilla's plea was made under oath with the advice of a competent
9  attorney. Castilla was apprised of his rights and made the plea freely, voluntarily
10 and intelligently. The factual statements that form the foundation of the plea are
11 admissible as party admissions and as the basis for impeachment. But admission of
12 the factual statements does not carry the same weight without admission of the
13 conviction to which they relate, which is why MGA is struggling so mightily to
14 exclude the latter. That is not a measure of the unfair prejudice inherent in the fact
15 of a conviction, but its persuasive force, turning what might otherwise be seen as
16 disputed and disputable factual claims into final judgments carrying the force of
17 law. It is precisely for this reason that it is not enough to merely refer to the
18 findings, as MGA would have it, without informing the jury of their binding context.
19 MGA cannot keep the plea from the jury on the ground that it makes Mr. Castilla's
20 factual admissions look that much worse.

## Conclusion

For the foregoing reasons, Mattel respectfully requests that the Court reject MGA's Motion and permit Mattel to introduce Jorge Castilla's guilty plea, plea agreement and plea-related factual statements into evidence, as appropriate, for both substantive and impeachment purposes.

DATED: January 17, 2011

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By /s/ Michael T. Zeller
   Michael T. Zeller
   Attorneys for Mattel, Inc. and
   Mattel de Mexico, S.A. de C.V.