ANNETTE L. HURST (State Bar No. 148738)
ahurst@orrick.com
WARRINGTON S. PARKER III (State Bar No. 148003)
wparker@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building, 405 Howard Street
San Francisco, CA 94105
Tel: (415) 773-5700/ Fax: (415) 773-5759

WILLIAM A. MOLINSKI (State Bar No. 145186)
wmolinski@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA 90017
Tel: (213) 629-2020/Fax: (213) 612-2499

THOMAS S. McCONVILLE (State Bar No. 155905)
tmcconville@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
4 Park Plaza, Suite 1600
Irvine, CA 92614-2258
Tel: (949) 567-6700/Fax: (949) 567-6710

Attorneys for MGA Parties

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | Case No. CV 04-9049-DOC (RNBx)<br>Consolidated with Nos. CV 04-9059 and CV 05-2727<br><br>Hon. David O. Carter<br><br>**MGA PARTIES' REVISED PROPOSED STATUTE OF LIMITATIONS INSTRUCTION**<br><br>Trial Date: January 11, 2011 |

Pursuant to the Court's direction after the conclusion of the February 15, 2011 conference regarding jury instructions on Mattel's counterclaims 10 and 11, the MGA Parties hereby offer a single unified instruction concerning the statute of limitations defenses to all Mattel and Mattel Mexico counterclaims.

The MGA Parties offer this unitary instruction pursuant to the Court's direction and without waiver of the position that separate statute of limitations instructions pertaining to each claim would be more readily comprehensible to the jury because of the different governing standards for accrual of claims, and would not prejudice Mattel.

Dated: February 19, 2011            Respectfully submitted,

                                    ANNETTE L. HURST
                                    ORRICK, HERRINGTON & SUTCLIFFE LLP


                                    By:    */s/ Annette L. Hurst*
                                           ANNETTE L. HURST
                                           Attorneys for MGA Parties

# STATUTE OF LIMITATIONS—MATTEL'S CLAIMS

The law requires that a claimant file its claims within a defined period of time. MGA Entertainment, Inc., MGA Hong Kong, MGAE de Mexico, Isaac Larian and Gustavo Machado contend that Mattel Inc.'s and Mattel Mexico's claims were not filed within the time set by law. To succeed on this defense, they must prove that either Mattel Inc. or Mattel Mexico did not file its claims in court within the time set by law.

You are instructed that the date of filing of Mattel Inc.'s claims is November 20, 2006 [April 14, 2005].

You are instructed that the date of filing of Mattel Mexico's claims is April 12, 2010 [November 20, 2006] [April 14, 2005].

[MGA Note: Bracketed dates throughout are offered in the alternative depending upon the relation back date adopted by the Court. MGA will submit a separate brief detailing its position regarding the proper relation back date offered in this proposed instruction.]

## Intentional Interference with Contractual Relations

MGA and Isaac Larian contend that Mattel's intentional interference with contractual relations claim was not filed within the time set by law.

To succeed on this defense, MGA and Mr. Larian must prove that the acts that Mattel contends were wrongful occurred by November 20, 2004 [April 14, 2003] (two years prior to the filing date), regardless of whether or not Mattel actually knew or could have known of the acts at the time.

///

///

1                                       Trade Secret Misappropriation

2         [*Bratz Fashion Doll Concept*]

3         MGA and Isaac Larian contend that Mattel's Bratz-based trade secret misappropriation claim was not filed within the time set by law.  To succeed on this defense, MGA or Isaac Larian must prove that the claimed misappropriation of [*the Bratz fashion doll concept (including the idea for the product name Bratz)*] occurred by November 20, 2003 [April 14, 2002] (three years prior to the filing date).

        However, the lawsuit was still filed on time if Mattel proves that before November 20, 2003 [April 14, 2002], Mattel did not discover, nor with reasonable diligence should have discovered, facts that would have caused a reasonable person to suspect that MGA or Isaac Larian had misappropriated the [*Bratz fashion doll concept (including the idea for the product name Bratz)*].

        Mexico

        MGA, MGAE de Mexico, Isaac Larian and Gustavo Machado contend that Mattel Mexico's trade secret misappropriation claim was not filed within the time set by law.  To succeed on this defense, MGA, MGAE de Mexico, Isaac Larian and Gustavo Machado must prove that the claimed misappropriation of [*identify Mexico trade secrets*] occurred by April 12, 2007 [November 20, 2004] [April 14, 2002] (three years prior to the filing date).

        However, the lawsuit was still filed on time if Mattel Mexico proves that before April 12, 2007 [November 20, 2004] [April 14, 2002], Mattel Mexico did not discover, nor with reasonable diligence should have discovered, facts that would have caused a reasonable person to suspect that MGA, MGAE de Mexico, Isaac Larian or Gustavo Machado had misappropriated the [*Mexico trade secrets*].

///

///

## Labor Code §2863

MGA and Isaac Larian contend that Mattel's claim for aiding and abetting a violation of Labor Code §2863 was not filed within the time set by law.

To succeed on this defense, MGA and Mr. Larian must prove that the claimed violation of §2863 occurred by November 20, 2004 [April 14, 2003] (two years prior to the filing date).

However, the lawsuit was still filed on time if Mattel proves that before November 20, 2004 [April 14, 2003], Mattel did not discover, nor with reasonable diligence should have discovered, facts that would have caused a reasonable person to suspect that a violation of §2863 first occurred.

## Conversion

MGA and Isaac Larian contend that Mattel's conversion claim was not filed within the time set by law.

To succeed on this defense, MGA and Mr. Larian must prove that the act of wrongfully taking the tangible property Mattel contends was converted occurred by November 20, 2003 [April 14, 2002] (three years prior to the filing date), regardless of whether or not Mattel actually knew or could have known of the taking at the time.

## Copyright Infringement

MGA, MGA Hong Kong and Isaac Larian contend that Mattel's copyright infringement claim was not filed within the time set by law.

To succeed on this defense, MGA, MGA Hong Kong and Isaac Larian must prove that the claimed infringement of a Mattel copyright began by November 20, 2003 [April 14, 2002] (three years prior to the filing date).

[Additional language offered by MGA only if the Court determines that the discovery rule continues to apply under the Copyright Act despite the Supreme Court's decision in *TRW Inc. v. Andrews*, 534 U.S. 19 (2001). *Compare Polar Bear Prods, Inc. v. Timex Corp.*, 384 F.3d 700 (9th Cir. 2004) (adopting discovery rule but making no mention of *TRW*), *with Auscape Int'l v. Nat'l Geographic Soc'y*, 461 F. Supp. 2d 174 (S.D.N.Y. 2006) (rejecting continuing vitality of discovery rule in light of *TRW*).

[However, the lawsuit was still filed on time if Mattel proves that before November 20, 2003 Mattel did not discover, nor with reasonable diligence should have discovered, facts that would have caused a reasonable person to suspect that MGA, MGA Hong Kong and Isaac Larian had infringed Mattel's copyright.

[If you find that the infringement began by November 20, 2003 , but continued thereafter, Mattel is entitled to recover for infringement that began by November 20, 2003, but continued within the period three years before the filing of its copyright infringement claim on November 20, 2006 and thereafter, if any. Mattel may not recover for acts occurring before November 20, 2003.]

///

///

- 4 -

REVISED STATUTE OF LIMITATIONS INSTRUCTIONS
Case No. CV 04-9049-Doc (RNBx)