QUINN EMANUEL URQUHART & SULLIVAN, LLP
  John B. Quinn (Bar No. 090378)
  (johnquinn@quinnemanuel.com)
  William C. Price (Bar. No. 108542)
  (williamprice@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:  (213) 443-3000
Facsimile:   (213) 443-3100

Attorneys for Mattel, Inc. and
Mattel de Mexico, S.A. de C.V.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation, and Mattel de Mexico, S.A. de C.V.,<br><br>Plaintiff,<br><br>vs.<br><br>MGA ENTERTAINMENT, INC., a California corporation, et al.,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 DOC (RNBx)<br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>Hon. David O. Carter<br><br>**MATTEL'S BRIEF RE NONPRIVILEGED NATURE OF LARIAN'S "MAKE SURE PAULA" INSTRUCTION IN MGA2 3121569** |

## Argument

### I. MR. LARIAN'S INSTRUCTIONS TO ATTORNEYS TO TAKE AN ACTION ARE NOT PRIVILEGED

Mr. Larian's instructions contained in MGA2 3121569 are not privileged because they do not seek legal advice. Rather, Larian instructs his counsel to prepare Ms. Garcia to testify that she does not know a fact. Instructions to attorneys, whether to influence testimony or otherwise, do not seek legal advice and are not privileged. See United States v. Elkin, 731 F.2d 1005, 1008 n.2 (2d Cir. 1984) (client's instruction to attorney to mail a document not privileged: "The attorney-client privilege attaches only to a client's confidential communications to his attorney for the purpose of seeking legal advice.") (overruled on other grounds, as stated in United States v. Ali, 68 F.3d 1468 (2d Cir. 1996)); Rattner v. Netburn, 1989 WL 223059, at *26 (S.D.N.Y. June 20, 1989) (client's instruction to attorney to file an appeal not privileged: "A client's instruction to an attorney to take an action is not privileged."); see generally In re Grand Jury Investigation, 974 F.2d 1068, 1070, 1071 n.2 (9th Cir. 1992) (privilege applies "[w]here legal advice . . . is sought" and "is limited to 'only those disclosures . . . necessary to obtain informed legal advice'") (quoting Fisher v. United States, 425 U.S. 391, 403 (1976)). MGA bears the burden of showing this email reflects a confidential request for legal advice. United States v. Plache, 913 F.2d 1375, 1379 (9th Cir. 1990) (proponent of privilege "has the burden to prove the privilege applies"). It cannot meet that burden here.

### II. MR. LARIAN'S INSTRUCTIONS AS TO WHAT TO SAY IN MS. GARCIA'S DEPOSITION ARE NOT PRIVILEGED

Independently, Mr. Larian's instruction to his counsel as to what Ms. Garcia should say in her deposition is not privileged. Mr. Larian instructed that she should say in her deposition she "doesn't know that Veronica was using Mattel Seamsters." [sic]

"[I]t is well established that communications between an attorney and his client, though made privately, are not privileged if it was understood that the information communicated in the conversation was to be conveyed to others." In re Grand Jury Proceedings, 727 F.2d 1352, 1357-58 (4th Cir. 1984) (quoting United States v. Tellier, 255 F.2d 441, 447 (2d Cir. 1958)); see also United States v. Ruehle, 583 F.3d 600, 611 (9th Cir. 2009) (reversing district court's finding that defendant's statements were protected by attorney-client privilege because "Ruehle's statements to the Irell attorneys were not 'made in confidence' but rather for the purpose of disclosure to outside auditors"); United States v. Lawless, 709 F.2d 485, 487 (7th Cir. 1983) ("When information is transmitted to an attorney with the intent that the information will be transmitted to a third party (in this case on a tax return), such information is not confidential."); Esposito v. United States, 436 F.2d 603, 606 (9th Cir. 1970) (no privilege for communications intended to be relayed to court); Neri v. Hornbeak, 550 F. Supp. 2d 1143, 1171 (C.D. Cal. 2008) (compelling production of corrections to a declaration that client sent to attorney because they were intended to be disclosed at trial and therefore "did not constitute an invasion of the attorney-client privilege"); United States v. Sabbeth, 34 F. Supp. 2d 144, 154 (E.D.N.Y. 1999) ("Sabbeth understood that his comments about no other assets being available as additional collateral would be relayed virtually verbatim to the banks. Under such circumstances, the utterances were not intended to be confidential and the privilege does not attach.").

Here, Mr. Larian's email communication reflected information he intended to be disclosed in Garcia's deposition. Under the above authorities, such a communication is not privileged. Indeed, the exclusion from the privilege of communications intended to be relayed to third parties has been specifically applied to communications to an attorney of proposed testimony. See United States v. Sudikoff, 36 F. Supp. 2d 1196, 1204-05 (C.D. Cal. 1999) ("Therefore, the Court holds that a client's communications of proposed testimony made with the intent

that the lawyer relay the communications to the government are not protected by the lawyer-client privilege.").

That Mr. Larian may not have intended that this specific communication be disclosed is of no moment; what matters is that the email contains the content of an intended disclosure at Garcia's deposition. In re Grand Jury, 727 F.2d at 1357-58 ("communications between an attorney and his client, *though made privately*, are not privileged if it was understood that the information communicated in the conversation was to be conveyed to others") (emphasis added). "[I]f a client communicates information to his attorney with the understanding that the information will be revealed to others, that information *as well as 'the details underlying the data* which was to be published' will not enjoy the privilege." United States v. (Under Seal), 748 F.2d 871, 875 (4th Cir. 1984) (emphasis added). The "details underlying the published data" include "the communications relating the data." Id.

DATED: February 22, 2011      QUINN EMANUEL URQUHART & SULLIVAN. LLP

By */s/ John B. Quinn*
John B. Quinn
Attorneys for Mattel, Inc., and
Mattel de Mexico. S.A. de C.V.