1  ANNETTE L. HURST (State Bar No. 148738)
   ahurst@orrick.com
2  WARRINGTON S. PARKER III (State Bar No. 148003)
   wparker@orrick.com
3  ORRICK, HERRINGTON & SUTCLIFFE LLP
   The Orrick Building
4  405 Howard Street
   San Francisco, CA 94105
5  Telephone:  415-773-5700
   Facsimile:   415-773-5759
6
   WILLIAM A. MOLINSKI (State Bar No. 145186)
7  wmolinski@orrick.com
   ORRICK, HERRINGTON & SUTCLIFFE LLP
8  777 South Figueroa Street, Suite 3200
   Los Angeles, CA  90017
9  Telephone:  213-629-2020
   Facsimile:   213-612-2499
10
   THOMAS S. MCCONVILLE (State Bar No. 155905)
11 tmcconville@orrick.com
   ORRICK, HERRINGTON & SUTCLIFFE LLP
12 4 Park Plaza, Suite 1600
   Irvine, CA 92614-2258
13 Tel: (949) 567-6700/Fax: (949) 567-6710

14 Attorneys for MGA Parties

15                 UNITED STATES DISTRICT COURT
                   CENTRAL DISTRICT OF CALIFORNIA
16                      SOUTHERN DIVISION

17

18 CARTER BRYANT, an individual          Case No. CV 04-9049 DOC (RNBx)
                                         Consolidated with:
19        Plaintiff,                     Case No. CV 04-9059
                                         and Case No. CV 05-2727
      v.
20
                                         **MGA PARTIES' OPPOSITION TO**
   MATTEL, INC., a Delaware              **MATTEL'S MOTION FOR**
21 corporation,                          **MISTRIAL OR, IN THE**
                                         **ALTERNATIVE, CURATIVE**
22        Defendant.                     **INSTRUCTION TO THE JURY**

23 _____        Judge:  Hon. David O. Carter

24 AND CONSOLIDATED ACTIONS              Date:  TBD
                                         Time: TBD
25                                       Dept: Courtroom 9D
                                         Trial Date: January 18, 2011
26

27

28

1

## TABLE OF CONTENTS

2

**Page(s)**

3  INTRODUCTION ......................................................................................................... 1

4  ARGUMENT ............................................................................................................... 1

I.      ANY CLAIMED PREJUDICE HAS BEEN ADDRESSED......................... 1

5

A.      Statements About Mr. Larian's Father And Carter Bryant's
6          Health Were Stricken................................................................................ 2

7      B.      Mr. Larian and Mr. Price Resolved Any Issues Between Them
            Before The Jury.......................................................................................... 3

8      C.      Mr. Larian's Statements About Mattel's Business Practices
            Were Responsive To Questioning And Occurred Without
9          Objection .................................................................................................... 4

D.      The Court Has Issued An Instruction....................................................... 7

10

II.     A MISTRIAL IS NOT WARRANTED ABSENT GREAT
11        URGENCY AND INADEQUACY OF CURATIVE
         INSTRUCTIONS, WHICH IS NOT PRESENT HERE................................. 8

12  III.    THE COURT IS NOT THE FACT-FINDER AND CANNOT
         DECLARE MR. LARIAN'S STATEMENTS FALSE ............................... 11

13  CONCLUSION............................................................................................................. 11

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF AUTHORITIES

**Page(s)**

## FEDERAL CASES

*B.K.B. v. Maui Police Dept.*,
276 F.3d 1091 (9th Cir. 2002).......................................................................2, 9

*Draper v. Airco, Inc.*,
580 F.2d 91 (3d Cir. 1978)................................................................................10

*Fineman v. Armstrong World Indus. Inc.*,
774 F. Supp. 266 (D.N.J. 1991).........................................................................10

*Fineman v. Armstrong World Indus. Inc.*,
980 F.2d 171 (3d Cir. 1992)...........................................................................2, 9

*Maheu v. Hughes Tool Co.*,
569 F.2d 459, 472 (9th Cir. 1977)....................................................................11

*O'Rear v. Freuhauf Corp.*,
554 F.2d 1304 (5th Cir. 1977)..........................................................................10

*Romo v. Hedgpeth*,
2010 WL. 5224141 (C.D. Cal. Nov. 22, 2010)...................................................8

*San Antonio Comm. Hosp. v. S. Calif. Dist. Council of Carpenters*,
125 F.3d 1230 (9th Cir. 1997)............................................................................2

*United States v. Charmley*,
764 F.2d 675 (9th Cir. 1985).............................................................................8

*United States v. Gann*,
732 F.2d 714 (9th Cir. 1984).............................................................................8

*United States v. Mannie*,
409 F.3d 851 (7th Cir. 2007).............................................................................9

*United States v. Rivera*,
43 F.3d 1291 (9th Cir. 1995).............................................................................2

*United States v. Sarkisian*,
197 F.3d 966 (9th Cir. 1999).............................................................................8

## FEDERAL STATUTES

Fed. R. Civ. P. 61............................................................................................1, 8

Fed. R. Evid. 103 .......................................................................................1, 2, 8

Fed. R. Evid. 412 ..............................................................................................9

MGA'S OPP. TO MOTION FOR MISTRIAL
OR CURATIVE INSTRUCTION
CV-04-9049 DOC (RNBx)

**INTRODUCTION**

A declaration of mistrial is a remedy reserved for only the most aggravated circumstances, when the claimed prejudice cannot be remedied by an instruction or otherwise.  The testimony of Mr. Larian cited by Mattel does not satisfy that standard.

Each of the statements at issue either were stricken, were fully explored and resolved before the jury, or were responsive to Mattel's questioning and also fully explored.  Mr. Larian's comments regarding the death of his father and Bryant's health – the only statements at issue to which Mattel contemporaneously objected during Mr. Larian's testimony – were stricken.  *See* Part I.A, *infra*.  The statements regarding racism were the subject of an apology by Mr. Price and Mr. Larian in front of the jury.  *See* Part I.B, *infra*.  The testimony regarding Mattel's litigiousness, royalties on trapezoidal packaging, and retail margins were responsive to the questions asked by Mattel and not subject to objection.  *See* Part I.C, *infra*.  Finally, this Court has issued an instruction about the import of nonresponsive and gratuitous statements, which is how Mattel views these statements.  *See* Part I.D, *infra*.  The case law, including those cases cited by Mattel, instructs that the Court's timely response is sufficient to cure any potentially prejudicial impact.  *See* Part II, *infra*.

Finally, the Court is not the fact finder.  Mattel's request for an instruction that all of Mr. Larian's comments were false improperly usurps the role of the jury. *See* Part III, *infra*.  Mattel's Motion for Mistrial or in the Alternative Curative Instruction to the Jury ("Motion") should be denied in its entirety.

**ARGUMENT**

**I.     ANY CLAIMED PREJUDICE HAS BEEN ADDRESSED.**

A mistrial is not a remedy at which a court may idly arrive.  *See, e.g.*, Fed. R. Civ. P. 61 ("[u]nless justice requires otherwise, no error in admitting or excluding evidence — or any other error by the court or a party — is ground for granting a

- 1 -

1   new trial…  At every stage of the proceeding, the court must disregard all errors

2   and defects that do not affect any party's substantial rights.").  As Mattel's own

3   cases establish (discussed fully in Part II, *infra*), a mistrial is appropriate only when

4   the claimed prejudice cannot be addressed by an instruction or is not appropriately

5   addressed during the trial.  For example, a mistrial may be appropriate when, as in

6   the cases Mattel cites, the "lurid" details of a defendant's sexual fantasies are

7   paraded before the jury, *B.K.B. v. Maui Police Dept.*, 276 F.3d 1091, 1105-1106

8   (9th Cir. 2002), or when counsel over and over again vouches for witnesses,

9   *Fineman v. Armstrong World Indus. Inc.*, 980 F.2d 171 (3d Cir. 1992).  But that is

10  not the case here.  Here, there is an instruction, and any potentially prejudicial

11  impact of Mr. Larian's testimony has been adequately addressed.

12          Moreover, only two statements cited in Mattel's Motion were subject to

13  objection during the examination.  Both times this Court struck the testimony.

14  That, plus this Court's instruction about nonresponsive and gratuitous comments,

15  cured any possible prejudice.  As for the remainder of the statements, there was no

16  timely objection or motion to strike made at the time of the examination by Mattel.

17  Fed. R. Evid. 103 (requiring timely objection or motion to strike on the record);

18  *United States v. Rivera*, 43 F.3d 1291, 1295 (9th Cir. 1995) (objection to testimony

19  in a motion for mistrial untimely where there was no objection during testimony);

20  *San Antonio Comm. Hosp. v. S. Calif. Dist. Council of Carpenters*, 125 F.3d 1230,

21  1238 (9th Cir. 1997) (finding objection at end of witness' direct examination

22  untimely).

23      **A.    Statements About Mr. Larian's Father And Carter Bryant's**
            **Health Were Stricken.**
24

25          Mattel claims that Mr. Larian stated that Mattel killed his father.  The Court

26  promptly struck the statement from the record and ordered the jury to disregard the

27  comment.  2/8/11 Trial Tr. Vol. 2 at 89:9-13.[1]

28  _____
    [1] Mattel also claims that Mr. Larian stated that "Mattel destroyed Mr. Larian's

- 2 -                                        MGA'S OPP. TO MOTION FOR MISTRIAL
                                              OR CURATIVE INSTRUCTION
                                              CV-04-9049 SGL (RNBx)

1    Likewise, Mattel also references Mr. Larian's comments regarding Mr.

2   Bryant's health.  The Court sustained an objection even before Mattel had a chance

3   to object, striking Mr. Larian's statement that Mr. Bryant had a stroke.  2/8/11 Trial

4   Tr. Vol. 2 at 107:10-16.

5    Only these two statements were subject to objection and both were timely

6   stricken.

7    **B.**    **Mr. Larian and Mr. Price Resolved Any Issues Between Them**
          **Before The Jury.**
8

9    Mattel cites two purported statements that Mr. Larian made regarding Mr.

10   Price: first, a statement about Mr. Larian's belief that Mr. Price made a racist

11   remark in the first trial; second, a statement by Mr. Larian about a newspaper article

12   he read that discussed the cost of Mr. Price's ties.  Motion at 1.

13    With respect to the first statement, Mr. Price examined Mr. Larian on the

14   comment that Mr. Larian perceived as racist.  Specifically, Mr. Larian identified the

15   remark previously made by Mr. Price, and Mr. Price read the transcript of that

16   remark into the record.  2/10/11 Trial Tr. Vol. 3 at 75:2-25; Dkt. # 9874-2

17   (Declaration of William C. Price).  The jury has a full record of what was said and

18   Mr. Larian's perception of it, and the jury is capable of considering all of the

19   information that was presented.

20    With respect to the second statement, Mr. Larian stated: "I read a newspaper

21   article that says that your tie is worth what every jury spends on the weekend taking

22   their families out for Sunday night dinner."  2/10/11 Trial Tr. Vol. 3 at 80:8-10.

23   Mr. Larian's report on an article that he read is hardly the type of inflammatory

24   statement that could affect Mattel's substantial rights.  It does not amount to a

25   _____

26   family," when in fact the quote in the record actually states "I destroyed my
     family."  2/8/11 Trial Tr. Vol. 2 at 87:22-23.  This quote is a nonissue.  Moreover,
27   after seven years of litigation, it can come as no surprise that the Larian family
     would have suffered some negative effects from the ongoing ordeal.  A jury is
28   capable of recognizing the context of Mr. Larian's statements and evaluating them
     accordingly.

- 3 -                                MGA'S OPP. TO MOTION FOR MISTRIAL
                                       OR CURATIVE INSTRUCTION
                                         CV-04-9049 SGL (RNBx)

1  verbal assault and campaign of intimidation, as found in the cases cited by Mattel,

2  discussed in Part II, *infra*. In fact, Mattel's counsel did not even object to the

3  statement at the time it was made.

4      Nor were Mr. Larian's comments unprovoked. Mr. Price asked a question

5  about Mr. Larian's "wives' dresses," using the plural form of "wife." 2/9/11 Trial

6  Tr. Vol. 3 at 84:6-18. After reviewing the audio, the Court noted that after Mr.

7  Price made this statement, he chuckled and then apologized. 2/10/11 Trial Tr. Vol.

8  1 at 80:3-25. This was in the wake of Mattel's admission of an exhibit in which

9  Mr. Larian jokingly referred to his "girlfriends." 2/9/11 Trial Tr. Vol. 3 at 84:6-18.

10 Whether intentional or not, Mr. Price's use of the word "wives" in front of Mr.

11 Larian's wife, who was present in the courtroom, was taken with offense by Mr.

12 Larian.

13     In addition, both Mr. Larian and Mr. Price apologized before the jury. Mr.

14 Larian apologized to Mr. Price: "Before you go to the next question, I just want to

15 apologize to you, the member of the jury and the judge, for my outbursts calling

16 you a racist yesterday. I've been married to my wife for 27 years, and I took that

17 personally, and I apologize to you." 2/10/11 Trial Tr. Vol. 3 at 77:19-23. Mr. Price

18 apologized in return, and both agreed to move on: "Q. I understand you taking my

19 mispronunciation personally, and I apologize to you. So can we move on? A. Yes."

20 *Id*. at 77:25-78:3. Mr. Larian reiterated his apology when questioned by counsel for

21 MGA: "Q. And you became upset earlier and had something of an outburst over

22 something that you saw as casting an aspersion on your wife and your relationship;

23 right? A. I did. I apologize for that." 2/11/11 Trial Tr. Vol. 3 at 7:22-25. Any

24 potential impact was resolved with these apologies.

25     **C.    Mr. Larian's Statements About Mattel's Business Practices Were
             Responsive To Questioning And Occurred Without Objection.**

26

27     Mattel next cites to statements that Mr. Larian made about Mattel's business

28 practices, arguing that they warrant a mistrial. Motion at 7. These statements were

- 4 -

1  responsive to Mr. Price's questions and occurred without objection.  They were also

2  fully explored by Mr. Price during Mr. Larian's examination.

3

4       First, Mr. Larian's statement that Mattel "uses litigation to stifle

5  competition," was clearly qualified by "I think."  2/9/11 Trial Tr. Vol. 3 at 51:212-

6  16.  Mr. Larian's "thought" was directly responsive to counsel's questions about

7  MGA's "war with Mattel" and "the lawsuits that have taken place":

8          Q    And in this e-mail, what you are saying is that we are
           at war with Mattel, correct?
9
           A    Yes, this is after you had sued Carter Bryant, sued
10         MGA, sued me personally, we are at war with Mattel.
           Today also we are still at war with Mattel.
11
           Q    So in this e-mail, you weren't talking about
12         competition, you were talking about the lawsuits that have
           taken place?
13
           A    Lawsuit that you filed, I think, is part of a stifling
14         competition, that's what Mattel does, that's what I mean.

15  *Id*. at 51:7-16.  Thereafter, Mattel's counsel had full opportunity to explore this

16  "thought" with Mr. Larian on the stand, without objection by counsel or limitation

17  by the Court.  In fact, a follow up question by Mattel's counsel was "have you used

18  litigation to stifle competition?"  *Id*. 52:5-6; *see also generally id.* at 50:15-52:13.

19  Mr. Larian's "thought" on the matter after seven years of litigation with Mattel was

20  solicited by the line of questioning and should not be grounds for a mistrial.

21       Mattel's argument that Mr. Larian's statement somehow violates the Court's

22  ruling on a motion *in limine* is off base.  The order cited by Mattel does not

23  preclude such testimony by Mr. Larian, but states that "MGA is not limited to

24  arguing about Mattel's litigation motives and conduct, though it may not rely upon

25  independent evidence of such motives and/or conduct," specifically testimony of

26  Ron Brawer regarding Mattel's intent to litigate MGA to death.  Dkt. # 9669 at 17-

27  18.  Here, Mr. Larian's testimony was responsive to a line of questioning by

28  Mattel's counsel and does not run afoul the order.

MGA'S OPP. TO MOTION FOR MISTRIAL
OR CURATIVE INSTRUCTION
CV-04-9049 SGL (RNBx)

1  Second, Mr. Larian's comment regarding royalties on trapezoidal packaging

2  was equally solicited by Mattel's questioning. Mr. Price introduced MGA's design

3  patent for transparent trapezoidal packaging into evidence. 2/9/11 Trial Tr. Vol. 2

4  at 41:8-42:6. It was in a line of questioning about this patent that Mattel's counsel

5  elicited the testimony about which Mattel now complains:

6  
> Q. Okay. For one thing, you understood when you made
> this application as the sole inventor, that if and when the

7  
> patent was issued it would be just in your name, you
> would have the sole rights to collect royalties, for

8  
> example, or to get paid if someone used this sort of
> design?

9  

10  
> A. Yes. And Mattel has used it and they haven't paid us
> royalties; but that's okay.

11  *Id.* at 45:17-23. In fact, Mr. Larian's testimony that it's "okay" is a far cry from

12  stating that "Mattel owes MGA royalties" as Mattel represents. Motion at 4.

13  Mattel then goes on to overstate the Court's summary judgment order on MGA's

14  trade dress claims relating to trapezoidal packaging. Motion at 7 (citing Dkt. #

15  9538 at 104). That summary judgment order precludes MGA from obtaining

16  damages on its trade dress claims. It did not purport to preclude testimony on

17  trapezoidal packaging. More to the point, it did not preclude testimony responsive

18  to questions concerning that packaging by Mattel's counsel.

19  Third, the retailer margin comment about which Mattel now complains

20  (Motion at 5) was similarly elicited by counsel for Mattel. Specifically, Mr. Price

21  asked Mr. Larian whether MGA knows the retailer margin for its own products, to

22  which Mr. Larian responded that MGA does not because he understands setting

23  retailer margins to be illegal. 2/10/11 Trial Tr. Vol. 3 at 13:11-18. Mr. Price then

24  questioned Mr. Larian about a Mattel document that had a column titled "Retailer

25  Margin." *Id.* at 14:19-15:8. Having elicited testimony from Mr. Larian that he

26  believes setting retailer margins to be illegal and then following up with questions

27  about a Mattel document that appears to set "Retailer Margin," Mattel cannot now

28  claim prejudice from Mr. Larian's responses to those questions. Mr. Larian's

- 6 -

MGA'S OPP. TO MOTION FOR MISTRIAL
OR CURATIVE INSTRUCTION
CV-04-9049 SGL (RNBx)

1   responsive remarks were neither gratuitous nor prejudicial.

2   Finally, Mattel argues that Mr. Larian's statement that "I don't want to talk

3   about" Mattel Mexico's instigation of the search of MGA Mexico's offices "falsely

4   suggest[s]" that Mattel used "improper means."  Motion at 5, 7.  The fact that Mr.

5   Larian declined to volunteer information about the instigation of the search during

6   examination by Mattel is hardly prejudicial and does not "falsely suggest" anything,

7   let alone improper means.  Moreover, Mattel's counsel neither objected, nor

8   followed up with any related questions despite the opportunity to fully explore the

9   issue with Mr. Larian before the jury.

10   **D.    The Court Has Given An Instruction.[2]**

11   During a break in Mr. Larian's testimony, the Court indicated its intent to

12   issue instructions to the jury.  2/8/11 Trial Tr. Vol. 3 at 53:12-55:13.  The Court

13   acknowledged that: "This Court has complete faith in this jury to recognize evasive

14   and nonresponsive answers.  Counsel is free to argue on behalf of Mattel or MGA

15   nonresponsiveness bears on credibility.  The Court also informed the parties and the

16   jury early on that I'll continue to instruct the jury to this effect during the trial."

17   2/9/11 Trial Tr. Vol. 3 at 110: 3-9.

18   The Court then specifically cautioned the jury: "Nonresponsiveness to

19   questions propounded to a witness may be considered by you regarding the

20   credibility of that witness or any witness.  Gratuitous information or statements that

21   are nonresponsive to a question may be considered by you concerning the

22   credibility and truthfulness of that witness."  2/11/11 Trial Tr. Vol. 1 at 7:20-25; *id.*

23   at 7:18-8:9.  The Court later reiterated: "Now, remember, I've counseled the jury

24   concerning gratuitous comments or comments designed to invoke sympathy on

25   your part:  You can consider that for credibility.  By the same token, you can

26   consider counsel's questions."  *Id*. at 31:9-13

27

28   _____
[2] MGA does not concede that the Court's instruction was either appropriate or necessary with respect to Mr. Larian's testimony.

- 7 -

1    The Court has sufficiently cured any possible prejudice.  *See* Part II, *infra*.

2    **II.    A MISTRIAL IS NOT WARRANTED ABSENT GREAT URGENCY**
     **AND INADEQUACY OF CURATIVE INSTRUCTIONS, WHICH IS**
3    **NOT PRESENT HERE.**

4    The Rules provide that "[u]nless justice requires otherwise, no error in

5    admitting or excluding evidence — or any other error by the court or a party — is

6    ground for granting a new trial…  At every stage of the proceeding, the court must

7    disregard all errors and defects that do not affect any party's substantial rights."

8    Fed. R. Civ. P. 61; Fed. R. Evid. 103 ("[e]rror may not be predicated upon a ruling

9    which admits or excludes evidence unless a substantial right is affected").

10   The law is clear that "[w]here evidence heard by the jury is later ruled

11   inadmissible, a cautionary instruction is ordinarily sufficient to cure any alleged

12   prejudice to the defendant."  *United States v. Charmley*, 764 F.2d 675, 677 (9th Cir.

13   1985).  Thus, the remedy of a mistrial is only appropriate in situations where a

14   cautionary instruction is unlikely to cure the prejudicial effect of an error."  *Id*.;

15   *United States v. Gann*, 732 F.2d 714 (9th Cir. 1984) (holding that an unresponsive

16   statement by a government witness on cross-examination implicating defendant in a

17   bank robbery " is not a situation of great urgency where a mistrial should have been

18   granted for very plain and obvious cause"); *United States v. Sarkisian*, 197 F.3d

19   966, 980, 982 (9th Cir. 1999) (affirming denial of mistrial where an excused juror

20   made a prejudicial statement against "gypsies" and believed she had received a

21   threat in connection with the case, which she expressed to the other jurors); *Romo v.*

22   *Hedgpeth*, 2010 WL 5224141, *19, 21 (C.D. Cal. Nov. 22, 2010) (affirming

23   magistrate's denial of motion for mistrial following "angry and emotional

24   testimony by the prosecution's 'star witness,' … who accepted a plea deal" because

25   "all of [his] opinions were fully explored, and his biases fully exposed" and were

26   "precisely the kind of statements an admonition could cure").

27   Mattel's cases support this view.  They support the fact that a curative

28   instruction is sufficient.  They further support the fact that the circumstances here

- 8 -

MGA'S OPP. TO MOTION FOR MISTRIAL
OR CURATIVE INSTRUCTION
CV-04-9049 SGL (RNBx)

1   do not warrant a mistrial.

2         In the first case cited by Mattel, *B.K.B. v. Maui Police Dept.*, 276 F.3d 1091

3   (9th Cir. 2002), the Court acknowledged that "'[a] timely instruction from the judge

4   usually cures the prejudicial impact of evidence unless it is highly prejudicial or the

5   instruction is clearly inadequate.'" *Id*. at 1105.  In *B.K.B.*, a plaintiff police officer

6   sued the police department alleging race and sex discrimination, retaliation and

7   infliction of emotional distress.  The defendants offered testimony about plaintiff's

8   sexual fantasies and autoerotic sexual practices that the court found to be "lurid"

9   and violative of Federal Rule of Evidence 412, which provides specific

10  requirements in cases involving sex offenses.  *Id*. at 1105-06.  There is no

11  analogous situation here.

12        In *United States v. Mannie*, 409 F.3d 851(7th Cir. 2007), the Court again

13  acknowledged that "in the vast majority of cases, the trial judge can cure the bias

14  that may develop in jurors' minds by issuing cautionary instructions and conducting

15  *voir dire*."  *Id*. at 856.  However, *Mannie* "involv[ed] a unique set of

16  circumstances" wherein the jury was exposed to the following events, which the

17  court concluded amounted to prejudice against co-defendants accused of being

18  dangerous members of a street gang: "[co-defendant] garbed in prison attire

19  verbally assaulting his attorneys, a campaign of intimidation by members of the

20  gallery, a violent courtroom brawl."  *Id*. at 856-857.  If it had been a tax evasion

21  case, the court noted "it would likely be viewed as less prejudicial."  *Id*.  The

22  *Mannie* set of circumstances were "truly rare" (*id*.) and do not exist here.

23        The other three cases cited by Mattel concerned highly prejudicial conduct of

24  counsel that were incapable of being cured by instruction, not conduct by a witness

25  or party.  In *Fineman v. Armstrong World Indus. Inc.*, 980 F.2d 171 (3d Cir. 1992),

26  plaintiff's trial counsel "improperly testified to his own truthfulness and

27  trustworthiness, supplied 'facts' not in evidence about the credibility of

28  [defendant's] witnesses, accused [defendant's] witnesses of being 'liars' and

- 9 -

MGA'S OPP. TO MOTION FOR MISTRIAL
OR CURATIVE INSTRUCTION
CV-04-9049 SGL (RNBx)

1    'perjurers,' and levied 'an unadorned, disparaging attack' upon defense counsel

2    throughout his summation." *Id*. at 207.   Indeed, the trial court had on multiple

3    times declined to declare a mistrial until it became clear that curative instructions

4    were of no avail because of counsel's "pervasive and flagrant appeals to

5    speculation, sympathy, outrage and revenge from the jury," the cumulative effect of

6    which was "far greater than that experienced by the Court on a day-to-day basis"

7    and resulted in an "indefensible verdict reached by the jury." *Fineman v.*

8    *Armstrong World Indus. Inc*., 774 F.Supp. 266, 274-276 (D.N.J. 1991).   Such is

9    definitively not the case here.

10          In *Draper v. Airco, Inc.*, 580 F.2d 91 (3d Cir. 1978), the Circuit recognized

11   that "the trial judge has considerable discretion in determining whether conduct by

12   counsel is so prejudicial as to require a new trial." *Id*. at 94.   However, in *Draper*

13   the Circuit reversed the district court because plaintiff's counsel breached the rules

14   of proper argument as defined by the Code of Professional Responsibility and case

15   law by: "(1) he attempted to prejudice the jurors through repeated inappropriate

16   references to the defendants' wealth; (2) he asserted his personal opinion of the

17   justness of his client's cause; (3) he prejudicially referred to facts not in evidence;

18   and (4) without provocation or basis in fact, he made several prejudicial,

19   vituperative and insulting references to opposing counsel."

20   *Id*. at 95.   That is not the case here.

21          Finally, in *O'Rear v. Freuhauf Corp.*, 554 F.2d 1304 (5th Cir. 1977), the

22   defense counsel repeatedly referred to a parallel state court proceeding "in

23   deliberate disobedience of the trial court's order forbidding such reference" and the

24   trail judge refused "to permit plaintiff's counsel to respond to these references in

25   final argument." *Id*. at 1306.   In holding that the trial court's error was not

26   harmless, the Circuit found that after defense counsel's prejudicial statements "the

27   judge should have either declared a mistrial *or* allowed [plaintiff's counsel] the

28   opportunity to rebut [defense counsel's] false inferences in his final argument." *Id.*

- 10 -

MGA'S OPP. TO MOTION FOR MISTRIAL
OR CURATIVE INSTRUCTION
CV-04-9049 SGL (RNBx)

1    at 1309 (emphasis added).

2          The cases cited by Mattel do not support its motion for a mistrial.  A mistrial

3    is not warranted, nor is further instruction needed.

4    **III.    THE COURT IS NOT THE FACT-FINDER AND CANNOT
         DECLARE MR. LARIAN'S STATEMENTS FALSE.**

5

6          In light of the above, Mattel's proposed alternative request for an instruction

7    that Mr. Larian's statements are false is unwarranted.  Motion at 8.  This Court has

8    already taken steps to militate against any possible prejudice.  Moreover, as the

9    Ninth Circuit has recognized, even the slightest of suggestions from the Court can

10   usurp the jury's function.  *Maheu v. Hughes Tool Co.*, 569 F.2d 459, 472 (9th Cir.

11   1977).  Having issued an instruction, that is enough.

12                              **CONCLUSION**

13         For the foregoing reasons, MGA respectfully submits that Mattel's Motion

14   for Mistrial or, In the Alternative, Curative Instruction to the Jury should be denied.

15

16   Dated:  February 22, 2011         Respectfully submitted,

17                                     ORRICK, HERRINGTON & SUTCLIFFE LLP

18

19                                     By:  _____*/s Warrington S. Parker*_____
                                              Warrington S. Parker
20                                       Attorneys for MGA ENTERTAINMENT, INC.,
                                         MGA ENTERTAINMENT HK, LTD., MGA de
21                                       MEXICO, S.R.L. de C.V., and ISAAC LARIAN

22

23

24

25

26

27

28

                              - 11 -                MGA'S OPP. TO MOTION FOR MISTRIAL
                                                       OR CURATIVE INSTRUCTION
                                                         CV-04-9049 SGL (RNBx)