QUINN EMANUEL URQUHART & SULLIVAN, LLP
  John B. Quinn (Bar No. 090378)
  (johnquinn@quinnemanuel.com)
  William C. Price (Bar No. 108542)
  (williamprice@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:   (213) 443-3000
Facsimile:    (213) 443-3100

Attorneys for Mattel, Inc., and Mattel de
Mexico, S.A. de C.V.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation, <br><br> Plaintiff, <br><br> vs. <br><br> MGA ENTERTAINMENT, INC., a California corporation, et al., <br><br> Defendants. | CASE NO. CV 04-9049 DOC (RNBx) <br><br> Consolidated with <br> Case No. CV 04-09059 <br> Case No. CV 05-02727 <br><br> Hon. David O. Carter <br><br> **MATTEL, INC.'S SUPPLEMENTAL PROPOSED JURY INSTRUCTION RE PARTY ADMISSIONS** |
| AND CONSOLIDATED ACTIONS | Pre-trial Conference:   January 4, 2011 <br> Trial Date:                January 18, 2011 |

Mattel, Inc. and Mattel de Mexico ("Mattel") hereby submit the following supplemental proposed jury instruction in this matter pursuant to Local Rule 51-1. Mattel submits this supplemental proposed jury instruction in addition to the jury instructions previously submitted jointly by the parties and individually by Mattel. Mattel requests and reserves the right to amend, modify, withdraw and/or supplement the following instruction before or during the trial of this matter.

DATED:  February 22, 2011          QUINN EMANUEL URQUHART &
                                   SULLIVAN. LLP


                                   By  /s/ Michael T. Zeller
                                      Michael T. Zeller
                                      Attorneys for Mattel, Inc. and Mattel de
                                      Mexico. S.A. de C.V.

## MATTEL SPECIAL JURY INSTRUCTION NO. __

## PARTY ADMISSIONS

Evidence of a party's own statement, or a statement made or adopted by a party's employee or agent during the existence of the employment or agency relationship, including but not limited to prior testimony, that is offered against that party may be considered for all purposes regardless of whether the prior statement is inconsistent with the party's testimony.

1    **Authority:**  *Fed. R. Evid.* 801(d)(1) & 801(d)(2); *Harris v. Vector Mktg.*
2    *Corp.*, 656 F. Supp. 2d 1128, 1133 (N.D. Cal. 2009); *Pope v. Savings Bank of*
3    *Puget Sound*, 850 F.2d 1345, 1356 (9th Cir. 1988); *see also U.S. v. DiSantis*, 565
4    F.3d 354, 360 (7th Cir. 2009) (on appeal of criminal conviction:  "DiSantis's prior
5    inconsistent statements in his police report qualified as party admissions, and the
6    district court committed no error in instructing the jury that they could consider
7    those statements for their truth.").

MATTEL. INC.'S SUPPLEMENTAL PROPOSED JURY INSTRUCTION RE PARTY ADMISSIONS