**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

Case No. CV 04-9049 DOC (RNBx)　　　　　　　　　　　　　　Date: February 23, 2011

Title: MATTEL, INC. v. MGA ENTERTAINMENT, INC.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

　　Kathy Peterson　　　　　　　　　　　　　　　　Not Present
　　Courtroom Clerk　　　　　　　　　　　　　　　Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS: ATTORNEYS PRESENT FOR DEFENDANTS:

　　NONE PRESENT　　　　　　　　　　　　　　NONE PRESENT

PROCEEDING (IN CHAMBERS): ORDER DIRECTING ELECTRONIC SUBMISSION OF BRIEFING AND TRANSCRIPTS RELATED TO ENTRY OF CONSTRUCTIVE TRUST FOLLOWING PHASE 1 TRIAL

　　　　On or before February 28, 2011, the Mattel parties and the MGA parties shall lodge thumb drives containing all prior briefing and hearing transcripts concerning Mattel's request for the entry of a constructive trust after the phase 1 trial. On or before February 28, 2011, the parties shall also submit briefing addressing the following issues:

　　　　The constructive trust remedy is the equitable analogue to a claim for trade secret misappropriation; the core elements of the two are the same. The Ninth Circuit held that any constructive trust imposed by this Court must account for the fact that "the value of [the Bratz brand] is overwhelmingly the result of MGA's legitimate efforts," including MGA's "hard work and creativity."

　　　　During the February 21, 2011 hearing on jury instructions, the parties disputed whether these constraints on any constructive trust bind a fact-finder's determination about the extent of MGA's unjust enrichment from the alleged misappropriation of the Bratz works and concepts. Mattel argued that it is entitled to a jury trial on that issue under the Seventh Amendment.

　　　　However, it is well-settled that the province of the jury "is not invaded" where the court issues summary judgment on an issue on which "there is no genuine issue of material fact." *See Diamond Door Co. v. Lane-Stanton Lumber Co.*, 505 F.2d 1199, 1203 & n. 6 (9th Cir. 1974). In

vacating the constructive trust under the deferential abuse of discretion standard of review, did the Ninth Circuit conclude that the equitable relief was based upon (1) "an erroneous legal standard"; and/or (2) "clearly erroneous finding[s] of fact"?  *See Preminger v. Principi*, 422 F.3d 815, 820 (9th Cir. 2005).  If the Ninth Circuit found the district court's factual finding to be "clearly erroneous," did it necessarily find that no reasonable factfinder could have reached the factual findings upon which the constructive trust was predicated?

      The Clerk shall serve this minute order on all parties to the action.