QUINN EMANUEL URQUHART & SULLIVAN, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  William C. Price (Bar No. 108542)
  (williamprice@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc., and
Mattel de Mexico, S.A. de C.V.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>MGA ENTERTAINMENT, INC., a California corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 DOC (RNBx)<br>Consolidated with<br>Case Nos. CV 04-09059 and CV 05-02727<br><br>MATTEL, INC.'S SUPPLEMENTAL BRIEF REGARDING MOTION *IN LIMINE* NO. 15<br><br>Date: TBD<br>Time: TBD<br>Place: Courtroom 9D<br><br>**Phase 2**<br>Pre-trial Conference: January 4, 2011<br>Trial Date: January 11, 2011 |

**Preliminary Statement**

Mattel files this supplemental brief to confirm that MGA may not introduce argument or evidence as to any purported spoliation or email deletions by Mattel or its CEO Robert Eckert. Mattel understands the Court's Order on Mattel's Motion *in Limine* No. 15 to exclude such evidence (Dkt. No. 9669 at 20-21) on the grounds it relates solely to MGA's RICO claims, which were dismissed on summary judgment. Indeed, the Court's motion *in limine* order excluded all of Mattel's spoliation-related evidence on the same basis. Nonetheless, to ensure that MGA does not attempt to ask improper or prejudicial questions in front of the jury under the guise of presenting evidence on its non-RICO claims, Mattel seeks confirmation from the Court.

Since its Order on the motions *in limine*, the Court has issued orders excluding all evidence of document destruction that Mattel has sought to introduce. The Court excluded evidence of Carter Bryant's use of Evidence Eliminator on the grounds it is irrelevant, unduly prejudicial, and would trigger a "back and forth" over discovery misconduct that would be unduly consumptive of time. See Dkt. No. 9716. Similarly, the Court excluded evidence of Farhad Larian's destruction of numerous boxes of materials that he admitted related to early Bratz development on the grounds that document destruction "is not an element of any of Mattel's pending claims." See Dkt. No. 9776. The Court also excluded numerous acts of electronic document destruction with respect to Mr. Larian.

The reasons for excluding Mattel's evidence of spoliation apply with even greater force with regard to Mr. Eckert's emails. Here, there is simply no evidence of any destruction of relevant material—the undisputed evidence establishes that although Mr. Eckert routinely—and reasonably—deleted emails from his desktop to make room for new information, all his emails were preserved in Mattel's email systems. Introduction of this issue into trial would result in a lengthy side show, consisting of extensive testimony on the operation of Mattel's email back-up systems over a multi-year period, testimony from the Court-appointed experts on their

supervision of searches of Mattel's email back-up tapes and their conclusions that there were no improper deletion patterns on Mr. Eckert's hard drives. At the very least, this evidence would open the door to testimony from experts and percipient witnesses concerning MGA's document destruction, including Farhad Larian and Isaac Larian's destruction of documents, MGA's systematic use of "BeClean", as well as Bryant's use of Evidence Eliminator.

## Argument

### I. THERE IS NO EVIDENCE THAT ANY RELEVANT MATERIAL WAS LOST BY VIRTUE OF MR. ECKERT'S EMAIL PRACTICES

On December 16, 2009, Mr. Eckert testified that on his Mattel computer, he "regularly delete[s] e-mails" and "delete[s] the deleted e-mails in order to free up space in my mail box so I can receive more e-mails." Deposition of Robert Eckert, dated December 16, 2009, Vol. 2, at 224:10-18. Mr. Eckert further testified that in order to ensure that his emails are preserved in connection with this case, Mattel "set up a separate set of deleted items, so that when I go in and what I consider 'double-delete' the item to free up space in the mail box, it really isn't double-deleted. . . . there is some other access to my deleted mail." Id. at 225:23-226:7.

Discovery and forensic examinations confirmed Mr. Eckert's testimony on this point. In September 2010, at MGA's insistence, the Court-appointed experts, ILS, conducted examinations of Mr. Eckert's hard drives for the specific purpose of identifying any unusual deletion patterns or deletion software, and found no evidence of any such deletions or software. See Status Report #5 of Special Master Regarding Pending E-Discovery, dated September 17, 2010, Ex. A. Further, the Court-appointed experts conducted searches of Mattel's back-up systems containing Mr. Eckert's emails, using search terms and time periods selected by MGA, and the results were produced to MGA. See Report and Recommendation of Electronic Discovery Special Master, dated August 19, 2010, at 3; Order of Electronic Discovery Special Master Re Eckert Hard Drive Search Terms, dated September 20,

2010. Moreover, Mattel's appropriate efforts to preserve its email back-ups were upheld years ago by this Court.[1] Thus, the speculative and inaccurate allegations MGA seeks to place before the jury have been adjudicated by the Court already.

## II. EVIDENCE OF MR. ECKERT'S EMAIL PRACTICES WAS EXCLUDED BY THE COURT'S JANUARY 17, 2011 ORDER

The Court has already ruled that its summary judgment order "render[ed] irrelevant the vast majority of conduct giving rise" to MGA's spoliation allegations. Dkt. No. 9669 at 20. MGA had specifically pointed to purported deletion of emails by Mr. Eckert as a basis for its now-dismissed spoliation and obstruction claims (see, e.g., MGA's Counterclaim-in-Reply, Dkt. No. 8583, at ¶¶ 33, 34). Although the Court left open the possibility that MGA might be able to come forward with "other acts . . . relevant to MGA's allegation that Mattel fraudulently concealed the market intelligence group's conduct" (Dkt. No. 9669 at 21), there is no connection between Mr. Eckert's purported deletion of email and any alleged concealment of the market intelligence group. Indeed, the Court ruled that MGA's affirmative claims relate back to at least November 20, 2006 (See Amended Order on MGA's Motion for Summary Judgment, et al., Dkt. No. 9600, at 158-60), and there is no evidence of any purported emails deleted by Mr. Eckert that concealed any activities of the market intelligence group prior to that date. Moreover, the Court has rejected Mattel's arguments that evidence of MGA's spoliation is relevant to Mattel's fraudulent concealment allegations.[2] In any event, MGA's allegation as to Mr. Eckert is irrelevant because MGA selected relevant time periods for which it requested that the

---

[1] See Order Denying Motion for Terminating Sanctions, dated August 27, 2007, at 3-4 (Dkt. No. 895).
[2] Mattel, Inc.'s Corrected Supplemental Brief Regarding and/or Notice of Motion and Motion to Reconsider the Court's Ruling on MGA's Motion *in Limine* No. 7, dated Jan. 24, 2011, at 12 (arguing relevance to fraudulent concealment).

back-up tapes containing Mr. Eckert's emails be restored, and received these emails pursuant to a search conducted by the Court-appointed experts.[3]

### III. THE COURT'S EXCLUSION OF MATTEL'S EVIDENCE OF DOCUMENT DESTRUCTION BY THE MGA PARTIES REQUIRES EXCLUSION OF THIS EVIDENCE

Even if MGA's allegations survived the Court's motion *in limine* and summary judgment orders, the reasoning behind the Court's exclusion of other evidence of document destruction dictates that the Court exclude evidence and argument about Mr. Eckert's email practices. The Court has excluded Mattel's evidence (admitted in the first trial) that Carter Bryant ran Evidence Eliminator on his personal computer after a Court order requiring him to comply with his discovery obligations in this case had already issued[4] by manually initiating the program's wiping procedure just two days before his attorneys imaged the computer for discovery in this case. The Court also excluded evidence that Farhad Larian destroyed numerous boxes of documents that he admitted related to early Bratz development,[5] and numerous acts of spoliation committed or directed by Isaac Larian.[6]

In excluding evidence of Farhad Larian's destruction of documents, the Court ruled it was irrelevant because "the 'destruction of documents' is not an element of any of Mattel's pending claims" and because there was insufficient evidence that the destroyed material "contained evidence relevant to this litigation" (Dkt. No. 9776 at

---

[3] See, e.g., Status Report #4 of Special Master Re Pending Discovery Issues, dated September 9, 2010, at 3 ("Mattel has delivered to ILS the back-up tapes covering the two 30-day time periods selected by MGA as ordered by the Court. ILS will begin extraction of Mr. Eckert's email boxes . . . . Because all of the data is now resident in an environment that is 'search friendly' (as contrasted to ArchiveOne)" this process also should be completed in the next few days.") (parenthetical in original).

[4] See Order, dated June 22, 2004, Case No. 04-03431, Dkt. No. 27 (denying Bryant's "Ex Parte Application for an Order Postponing Rule 26 Obligations").

[5] Dkt. No. 9776.

1-2), despite Farhad Larian's own testimony that the destroyed material related to the development of Bratz.[7]  As to Evidence Eliminator, the Court ruled it was "irrelevant" because "there is no evidence that the program had the ability to delete relevant material." Dkt. No. 9716 at 1.  Although Mattel's experts had concluded that Evidence Eliminator does have the ability to delete relevant material,[8] here, unlike with Evidence Eliminator, there is no evidence whatsoever that Mr. Eckert's deletion of emails from his desktop computer could have resulted in the deletion of relevant material.  In fact, all the evidence is to the contrary.  Mr. Eckert testified that his emails were preserved in back-up systems that permitted him to delete emails from his computer without causing permanent loss of those emails.[9]  Further, as discussed in Mattel's motion *in limine* on this issue (Dkt. No. 9458), the Court-appointed experts, ILS, examined and searched Mattel's email back-up tapes to collect relevant emails from Mr. Eckert's custody, using time periods and search terms proposed by MGA.  ILS also examined Mr. Eckert's hard drives and concluded there was *no* evidence of any unusual deletion patterns or deletion software.  See Dkt. No. 9458, at 3 (citing Status Report #5 of Special Master Regarding Pending E-Discovery, dated September 17, 2010, Ex. A).  This is in stark contrast to the

---

[6] See Mattel's Offer of Proof Regarding Larian Spoliation, dated February 10, 2011, Dkt. No. 9843.
[7] See Farhad Larian Depo., dated, February 4, 2008, at 53:10-16, 56:9-57:5, 56:12-57:2, 65:25-67:12.
[8] See, e.g., Menz Depo. Tr., dated December 9, 2010 at 200:22-201:8 (" My opinion would be that people generally buy this product to eliminate evidence but, however, in this particular case the only thing I can say is that it was run.  There's no one that knows what the contents of those files were, if they were or were not evidence, or to make the determination, because that data has been wiped and -- deleted and wiped by the software.  So Carter Bryant, when he ran the software, deprived the courts and Mattel and even MGA from knowing what the contents of those files were, to know if they were evidence or not.").
[9] See Eckert Depo. Tr., dated , at 225:25-226:7 ("[W]hen I go in and what I consider double-delete the item to free up space in the mail box, it really isn't double-deleted.  It is double-deleted as it relates to what I need, which is space in my mail box, but there is some other access to my deleted mail.").

analyses of *MGA's* hard drives, on which the Court-appointed experts found both unusual deletion patterns and deletion software.[10]

The Court also excluded Evidence Eliminator under Rule 403 because, among other things, there was no court order "that either required Bryant to preserve his hard drive or forbade Bryant from running Evidence Eliminator." Dkt. No. 9716 at 2. Likewise, there was no court order specifically requiring Mr. Eckert to personally maintain all his emails on his desktop computer, as opposed to allowing the emails to be preserved on Mattel's email back-up systems, which they were.

The Court further ruled that introduction of Evidence Eliminator would "open[] the door to a mini-trial about the operation of the software, [and] the discovery obligations imposed upon Bryant" (Dkt. No. 9716 at 2). Similarly, the Court excluded evidence of Farhad Larian's destruction of documents because "these proceedings shall not turn into a mini-trial about discovery misconduct." Dkt. No. 9776 at 2. With regard to Mr. Eckert's emails, the mini-trial would be far more expansive than that required to explain Evidence Eliminator or Farhad Larian's destruction of boxes. At a minimum, the evidence here would include: Mattel's and Mr. Eckert's obligations to preserve evidence; the Court's multiple previous orders finding Mattel's email preservations efforts to be proper; the operation of Mr. Eckert's desktop computer and the intricacies of Mattel's back-up email systems; and the Court-appointed experts' analyses of those systems and of Mr. Eckert's hard drives.

Moreover, introduction of the evidence as to Mr. Eckert would entitle Mattel to offer evidence of deletions by MGA and its employees, including MGA's systematic use of the wiping program "BeClean" on hundreds of hard drives during the

---

[10] See Report of Technical Advisor International Litigation Services, Inc., submitted to Special Master James Smith, dated July 12, 2010; Report of Technical (footnote continued)

pendency of this case, MGA's failure to preserve and produce emails in its "ArchiveOne" email system, Farhad Larian's destruction of early Bratz documents, as well as Brian Wing's allegation that Isaac Larian instructed him to delete an email related to Mattel in late 2008, among other evidence of Isaac Larian's and MGA's spoliation of evidence. Indeed, the Court excluded Evidence Eliminator because it would "result in an unacceptable inequity" if the Court were to allow that particular misconduct into evidence, while still excluding "a back and forth between the parties about conduct during discovery." Dkt. No. 9716 at 2. Likewise, if MGA's allegations as to Mr. Eckert were admitted, unacceptable inequity would result unless the Court then permitted Mattel's evidence of document destruction.

## Conclusion

For the foregoing reasons, Mattel respectfully requests that the Court order that MGA and its witnesses are prohibited from arguing or attempting to introduce evidence related to purported deletion of email by Mr. Eckert.

DATED: February 26, 2011    QUINN EMANUEL URQUHART & SULLIVAN, LLP

By /s/ *John B. Quinn*
John B. Quinn
Attorneys for Mattel, Inc.

---

Advisor International Litigation Services, Inc., submitted to Special Master James Smith, dated September 20, 2010.