QUINN EMANUEL URQUHART & SULLIVAN, LLP
  John B. Quinn (Bar No. 090378)
  (johnquinn@quinnemanuel.com)
  William C. Price (Bar No. 108542)
  (williamprice@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc., and Mattel de Mexico, S.A. de C.V.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation, and Mattel de Mexico, S.A. de C.V., a Mexico business entity,<br><br>       Plaintiff,<br><br>    vs.<br><br>MGA ENTERTAINMENT, INC., a California corporation, et al.,<br><br>       Defendant. | CASE NO. CV 04-9049 DOC (RNBx)<br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br><u>Hon. David O. Carter</u><br><br>**MATTEL'S TRIAL BRIEF REGARDING USE OF DEPOSITION TESTIMONY AT TRIAL PURSUANT TO RULE 32(a)(3)** |
| AND CONSOLIDATED ACTIONS | |

**Argument**

Rule 32(a)(3) allows an adverse party to use "for *any purpose* the deposition of a party or anyone who, when deposed, was the party's officer, director, managing agent, or designee under Rule 30(b)(6) or 31(a)(4)." Fed. R. Civ. P. 32(a)(3) (emphasis provided). Notwithstanding the broad language of this rule, the Court has precluded Mattel from reading testimony into the record or using it during examination of a non-expert witness, but has indicated that MGA may use such deposition testimony when examining Mattel experts. 2/25/2011 Trial Tr. Vol. 1 at 166:21-24 (general rule is "no depositions" and "[t]he only exception to that appears – that I've allowed have been experts."). This expert/non-expert distinction is not supported by the language of the Rule or any caselaw or commentary Mattel has located.

Rather, "[t]his provision of Rule 32 should be liberally construed" and while "[t]he trial court has discretion to exclude parts of the deposition that are unnecessarily repetitious . . . it may not refuse to allow the deposition to be used merely because the party is available to testify in person." Wright & Miller, 8A Federal Practice and Procedure, § 2145 (3d ed.); see also Cmty. Counseling Serv., Inc. v. Reilly, 317 F.2d 239, 243 (4th Cir. 1963) (applying former rule, Rule 26(d)(2); "It has been consistently held that the Rule permits a party to introduce, as part of his substantive proof, the deposition of his adversary, and it is quite immaterial that the adversary is available to testify at the trial or has testified there."); C.R. Bard, Inc. v. M3 Sys., Inc., 866 F. Supp. 362, 363 (N.D. Ill. 1994) (denying motion *in limine* that sought to preclude introduction of deposition testimony of officers and other employees citing Rule 32(a)(3) and noting that plaintiff "may introduce the deposition testimony of M3 Systems' officers as substantive proof – regardless of the availability of the officers").

A preclusion on admitting depositions with an exception for expert examinations is contrary to law, as is the Court's ruling that Mattel could not read portions of MGA Canada's 30(b)(6) deposition testimony into the record with Mr. Kinrich. Northern Ins. Co. of New York v. Albin Mfg'g, Inc., 2008 WL 3285852, at *3 n.4 (D.R.I. Aug. 8, 2008)

(holding plaintiff's deposition could be read into the record at the close of trial as it "appropriately may be included as substantive evidence on the record" pursuant to Rule 32(a)(3)).

Mattel requests that the Court allow Mattel to offer deposition testimony that qualifies under Rule 32(a)(3) as substantive proof for any purpose and not only during the examination of an expert, as the Rule provides.

DATED: February 26, 2011        QUINN EMANUEL URQUHART &
                                SULLIVAN, LLP

                                By /s/ Michael T. Zeller
                                   Michael T. Zeller
                                   Attorneys for Mattel, Inc. and Mattel de
                                   Mexico, S.A. de C.V.