ANNETTE L. HURST (State Bar No. 148738)
ahurst@orrick.com
WARRINGTON S. PARKER III (State Bar No. 148003)
wparker@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building, 405 Howard Street
San Francisco, CA 94105
Telephone: (415) 773-5700
Facsimile: (415) 773-5759

WILLIAM A. MOLINSKI (State Bar No. 145186)
wmolinski@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA 90017
Telephone: (213) 629-2020
Facsimile: (213) 612-2499

THOMAS S. McCONVILLE (State Bar No. 155905)
tmcconville@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
4 Park Plaza, Suite 1600
Irvine, CA 92614-2258
Telephone: (949) 567-6700
Facsimile: (949) 567-6710

Attorneys for MGA Parties

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br>　　　　　Plaintiff,<br>　　v.<br>MATTEL, INC., a Delaware corporation,<br>　　　　　Defendant.<br><br>AND CONSOLIDATED ACTIONS | Case No. CV 04-9049-DOC (RNBx)<br><br>Consolidated with:<br>Case No. CV 04-9059<br>Case No. CV 05-2727<br><br>**Hon. David O. Carter**<br><br>**OBJECTIONS OF MGA PARTIES AND GUSTAVO MACHADO TO MATTEL, INC.'S SUPPLEMENTAL PROPOSED JURY INSTRUCTION RE PARTY ADMISSIONS** |

# GENERAL OBJECTION

MGA Entertainment, Inc., MGA Entertainment (HK) Limited, MGAE de Mexico, S.R.L. de C.V., and Isaac Larian ("MGA Parties") and Gustavo Machado respectfully submit their objections to Mattel's Supplemental and Amended Proposed Jury Instructions as set forth below.

The MGA Parties and Mr. Machado incorporate herein the General Objections set forth in their Objections to Mattel's Fourth Amended Proposed Jury Instructions and the Objections of MGA Parties and Gustavo Machado to Mattel, Inc.'s Amended and Supplemental Proposed Jury Instructions.

The MGA Parties' specific objections are set forth below. Mr. Machado joins the objections made by the MGA Parties.

Dated: February 26, 2011

Respectfully submitted,

ANNETTE L. HURST
ORRICK, HERRINGTON & SUTCLIFFE LLP

By: */s/ Annette L. Hurst*
    ANNETTE L. HURST
    Attorneys for MGA Parties

Dated: February 26, 2011

Respectfully submitted,

SCHEPER KIM & HARRIS LLP
ALEXANDER H. COTE

LAW OFFICES OF MARK E. OVERLAND
MARK E. OVERLAND
By: */s/ Alexander H. Cote*
    ALEXANDER H. COTE

    */s/ Mark E. Overland*
    MARK E. OVERLAND

Attorneys for Carlos Gustavo Machado Gomez

# MATTEL SPECIAL JURY INSTRUCTION NO. ___
## PARTY ADMISSIONS

Mattel's Proposal:

Evidence of a party's own statement, or a statement made or adopted by a party's employee or agent during the existence of the employment or agency relationship, including but not limited to prior testimony, that is offered against that party may be considered for all purposes regardless of whether the prior statement is inconsistent with the party's testimony.

**Authority**: Fed. R. Evid. 801(d)(1) & 801(d)(2); *Harris v. Vector Mktg. Corp.*, 656 F. Supp. 2d 1128, 1133 (N.D. Cal. 2009); *Pope v. Savings Bank of Puget Sound*, 850 F.2d 1345, 1356 (9th Cir. 1988); *see also U.S. v. DiSantis*, 565 F.3d 354, 360 (7th Cir. 2009) (on appeal of criminal conviction: "DiSantis's prior inconsistent statements in his police report qualified as party admissions, and the district court committed no error in instructing the jury that they could consider those statements for their truth.").

- 2 -

Objs Of MGA Parties & Gustavo Machado To Mattel's
Amended & Supplemental Prop Jury Instructions
Case No. CV 04-9049 DOC (RNBx)

**OBJECTION:**

The MGA Parties object to this instruction because it is not consistent with Federal Rule of Evidence 801(d).

A statement made by a party's employee or agent is not an adoptive admission under Rule 801(d)(2)(C) or (D) unless 1) the employee or agent making the statement has specific authority from the party to make the statement or 2) the statement is made within the scope of the employment or agency relationship. *See also U.S. v. Bonds*, 608 F.3d 495, 502 (9th Cir. 2010); *Sea-Land Service, Inc. v. Lozen Intern., LLC.*, 285 F.3d 808, 821 (9th Cir. 2002). Mattel's instruction requires that the statement must be made "during the existence of the employment or agency relationship," but omits the crucial requirements that the employee or agent had the specific authority to make the statement, Rule 801(d)(2)(C), or that the statement was made "within the scope of the employment or agency relationship." Rule 801(d)(2)(D).

Mattel misstates Rule 801(d)(2)(B) by stating that a statement "adopted by a party's employee or agent" is an adoptive admission. Under Rule 801(d)(2)(B), only the party may manifest an adoption or belief in the truth of a statement. While corporate parties act through employees or agents, Mattel's instruction does not include a requirement that the employee or agent be acting within the scope of his or her employment or agency. Under Mattel's instruction, any statement adopted by an employee or agent would be admissible, regardless of its connection to the employment or agency relationship.

Mattel has also improperly merged Rule 801(d)(1) and Rule 801(d)(2) in this instruction and, by doing so, improperly omitted the requirements of Rule 801(d)(1) determining when a prior statement by a witness is admissible. Mattel's instruction states that a statement made or adopted by a party's employee or agent, "including but not limited to prior testimony," may be considered "regardless of whether the prior statement is inconsistent with the party's testimony." Rule 801(d)(1),

however, includes the following requirements in order for prior testimony to be considered:

> (A) inconsistent with the declarant's testimony, and was given under oath…, or (B) consistent with the declarant's testimony and is offered to rebut an express or implied charge against the declarant of recent fabrication or improper influence or motive, or (C) one of identification of a person made after perceiving the person….

The proper course is to stick with the language and requirements of the rule.

- 4 -    Objs Of MGA Parties & Gustavo Machado To Mattel's
Amended & Supplemental Prop Jury Instructions
Case No. CV 04-9049 DOC (RNBx)