ANNETTE L. HURST (State Bar No. 148738)
ahurst@orrick.com
WARRINGTON S. PARKER III (State Bar No. 148003)
wparker@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building, 405 Howard Street
San Francisco, CA 94105
Tel: (415) 773-5700/ Fax: (415) 773-5759

WILLIAM A. MOLINSKI (State Bar No. 145186)
wmolinski@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA 90017
Tel: (213) 629-2020/Fax: (213) 612-2499

THOMAS S. McCONVILLE (State Bar No. 155905)
tmcconville@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
4 Park Plaza, Suite 1600
Irvine, CA 92614-2258
Tel: (949) 567-6700/Fax: (949) 567-6710

Attorneys for MGA Parties

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | Case No. CV 04-9049-DOC (RNBx)<br>Consolidated with Nos. CV 04-9059 and CV 05-2727<br><br>Hon. David O. Carter<br><br>**TRIAL BRIEF REGARDING CROSS EXAMINATION OF EXPERTS USING TESTIMONIAL ADMISSIONS OF AN ADVERSE PARTY**<br><br>Trial Date: January 18, 2011 |

From the outset of this action, the Court has used its inherent power, its power to sanction, to enter default, to comment upon the evidence, and to issue adverse inferences, to ensure the attendance in person of all witnesses presently or formerly affiliated with either party so that their credibility could be evaluated by the jury. *See Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991) (inherent power); *Link v. Wabash R.R.*, 370 U.S. 626 (1962) (inherent authority); *Halaco Eng'g Co. v. Costle*, 843 F.2d 376 (9th Cir. 1988) (inherent authority to sanction); *G. Heileman Brewing co. v. Joseph Oat Corp.*, 871 F.2d 648 (7th Cir. 1989) (en banc) (inherent authority to compel attendance at hearings); *Brockton Sav. Bank v. Peat, Marwick, Mitchell & Co.*, 771 F.2d 5 (1st Cir. 1985); *cf. In re Guthrie*, 733 F.2d 634 (4th Cir. 1984).

The Court has not permitted the use of videotaped depositions, finding good cause pursuant to Rule 32(c) that such depositions shall not be played. Such good cause plainly exists because of the procedural history of this action including a prior trial, and in particular the fact that only those portions of testimony solicited by an adverse party during discovery, and not the portions solicited at trial, are available in videotaped form.

The Court has thus required a very high showing of unavailability to admit any deposition testimony, and has otherwise limited deposition admissions to impeachment. The Court has made its authority available to Mattel during its case-in-chief to procure the attendance of witnesses all over the world. Mattel has benefited greatly from this arrangement in procuring witnesses to testify in person during its case. When Mattel sought additional leeway under Rule 32, it was afforded the opportunity to admit certain deposition testimony. Mattel read from the deposition transcript of MGA's Vice-President of Design Paula Garcia during her testimony, and from the transcripts of two journalists as well. In the case of the journalists, Mattel was able to use the transcripts to admit evidence of news articles against MGA.

- 1 -

Trial Brief Re Cross Examination Of Experts Using
Testimonial Admissions Of An Adverse Party
Case No. CV 04-9049-Doc (RNBx)

Consistent with the Court's repeated findings that deposition testimony shall not be used except very sparingly, MGA requested that it be permitted to cross-examine Mattel's experts, and in particular its damages expert Michael Wagner, using testimony of an adverse party admissible under Rule 32(a)(3). MGA proposed that both sides' experts would be subject to the same type of examination—a coequal opportunity. MGA's purpose in making the request was to attack the foundation, bias and credibility of the experts pursuant to Federal Rules of Evidence 703 and 705 without being forced to resort to a series of hypothetical questions. MGA sought only to admit testimony of an adverse party as defined in Rule 32(a)(3) in connection with the cross-examination of experts, which MGA felt was a reasonable exception to the requirement that the Court has employed that all witnesses be present in person to testify. Otherwise, it would be extremely difficult to fairly attack the foundation, credibility and bias of the experts. This is in part because the experts themselves are relying on deposition testimony and hearsay documents. The hypothetical question does not solve the problem of selective and biased reliance by the experts upon only those testimonial admissions and documents helpful to their position. Allowing the adverse testimony to be read to the jury and considered for all purposes makes the most sense for cross-examination under such circumstances.

In response to MGA's request and the Court's order granting the request and permitting <u>both sides</u> the opportunity to cross-examine each other's experts under FRE 703 and 705 with testimony admissible under Rule 32(a)(3), Mattel sought to expand the use of deposition transcripts beyond this very limited exception for cross-examining experts. Rather than cross-examine as to foundation, bias and credibility of an expert under FRE 703 and 705, Mattel sought to admit deposition transcripts as a substitute for calling a witness. MGA objected, noting that this is completely contrary to the procedure that the Court has employed to date.

- 2 -

Trial Brief Re Cross Examination Of Experts Using
Testimonial Admissions Of An Adverse Party
Case No.  CV 04-9049-Doc (RNBx)

1    Mattel would seek to undo the Court's rule against deposition testimony.
2  The Court cannot now fairly withdraw its bully pulpit which has so effectively
3  brought witnesses for live testimony just as MGA is about to embark upon its case.
4  MGA never would have made the request for cross-examination of experts had it
5  imagined that Mattel would seek to undo six weeks of trial practice based on the
6  presence of live witnesses as a result.  MGA, like Mattel, absolutely depends upon
7  the Court's broadest use of its authority to procure adverse witnesses live and not to
8  use deposition testimony as a substitute.  Indeed, given Mattel's very late
9  production of many documents regarding the counterclaims-in-reply long after
10 depositions were taken of nearly all of its witnesses, MGA's entire affirmative case
11 would be jeopardized were the Court to change its rules and practice now and
12 abandon the live witness in favor of deposition testimony.  Witnesses such as Matt
13 Bousquette were never examined in deposition on the issues implicated in the
14 counterclaims-in-reply.  MGA strongly objects to any such change in the practices
15 governing this trial, which would severely prejudice MGA.
16    In short, Mattel has agreed with and has benefited from the Court's very strict
17 interpretation of unavailability of witnesses and its use of its inherent authority to
18 procure the attendance of witnesses such as Carter Bryant and Susana Kuemmerle.
19 MGA sought to rely upon Rule 32(a)(3) as a mechanism for the admission of
20 hearsay solely in connection with the right to confront experts provided by FRE
21 703 and 705—a limited exception to the rule employed by the Court to date.  That
22 limited exception is warranted, but the Court should not revisit wholesale its
23 requirement that witnesses testify in person.  Doing so at this point in the case
24 would severely prejudice MGA

- 3 -

Trial Brief Re Cross Examination Of Experts Using
Testimonial Admissions Of An Adverse Party
Case No.  CV 04-9049-Doc (RNBx)

| | | | |
|---|---|---|---|
| Dated: | February 26, 2011 | Respectfully submitted, | |
| | | ANNETTE L. HURST | |
| | | ORRICK, HERRINGTON & SUTCLIFFE LLP | |

By: _/s/ Annette L. Hurst_
ANNETTE L. HURST
Attorneys for MGA Parties

- 4 -

Trial Brief Re Cross Examination Of Experts Using
Testimonial Admissions Of An Adverse Party
Case No. CV 04-9049-Doc (RNBx)