ANNETTE L. HURST (State Bar No. 148738)
ahurst@orrick.com
WARRINGTON S. PARKER III (State Bar No. 148003)
wparker@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105
Tel: 415-773-5700/Fax: 415-773-5759

WILLIAM A. MOLINSKI (State Bar No. 145186)
wmolinski@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA 90017
Tel: 213-629-2020/Fax: 213-612-2499

THOMAS S. MCCONVILLE (State Bar No. 155905)
tmcconville@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
4 Park Plaza, Suite 1600
Irvine, CA 92614-2258
Tel: (949) 567-6700/Fax: (949) 567-6710

Attorneys for MGA Parties

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | Case No. CV 04-9049 DOC (RNBx)<br>Consolidated with:<br>CV 04-9059<br>CV 05-2727<br><br>**MGA PARTIES' OPPOSITION TO MATTEL INC.'S REQUEST FOR JUDICIAL NOTICE REGARDING CASE PROCEDURAL HISTORY**<br><br>Trial Date: January 11, 2011<br>Judge: Hon. David O. Carter |

## INTRODUCTION

The MGA Parties understand that it is the Court's intention to take notice of particular dates from the procedural history of this litigation. The MGA Parties agree in principle, but object to Mattel's proposal, (Dkt. No. Dkt. No. 10068 (Mattel's Request for Judicial Notice) ("RJN"), to enter pleadings and orders into the record in their entirety as the means of doing so. Many of the documents that Mattel wants to admit into evidence, such as superseded complaints filed in this case and in Mattel's predecessor case against Carter Bryant, consist of unverified, highly prejudicial allegations. These include claims, for instance incendiary RICO and conspiracy allegations, that this Court has since dismissed. Moreover, because allegations contained in pleadings are not evidence, complaints are by rule irrelevant even to the extent that the claims they state remain in suit. For similar reasons, particularly because it is not necessary to enter entire stipulations or orders into evidence in order to take notice of their dates, the MGA Parties object to the entry of the orders proposed by Mattel. Accordingly, the Court should reject Mattel's request for judicial notice.

## ARGUMENT

Mattel asks to enter into evidence various complaints and orders filed during the course of this litigation. RJN Exs. A, D, G. Wholesale entry of these documents is not necessary for the Court to take judicial notice of when they were filed. Mattel admits as much, for instance proposing that the Court take judicial notice of the date of Carter Bryant's first deposition by presenting only the official reporter's cover page of that deposition. Dkt. No. 10068 Ex. B.

Prior complaints have no place in this trial and should not be presented to the jury. Pleadings, simply put, are not evidence. *Mohamed v. Jeppesen Dataplan, Inc.*, 614 F.3d 1070, 1099 n.12 (9th Cir. 2010) ("pleadings are not considered evidence"); *United States v. Zermeno*, 66 F.3d 1058, 1062 (9th Cir. 1995) (assertions in pleadings are not evidence); *Juniper Networks, Inc. v. SSL Services,*

1  *LLC*, 2009 WL 3837266, *3 (N.D. Cal. Nov. 16, 2009) ("It is well established that
2  allegations in pleadings are not evidence."); *Dozier v. Maispace*, 2007 WL 518622,
3  *7 (N.D. Cal. Feb. 13, 2007) ("Assertions in pleadings are not evidence.").  The
4  complaints Mattel seeks to enter comprise unverified, highly prejudicial allegations,
5  including inflammatory RICO and conspiracy claims, that the Court has dismissed.
6  *See, e.g.,* RNJ, Ex. G at TX 22957-00051 to 00056.  Accordingly, they should be
7  excluded under Federal Rule of Evidence 403.  Moreover, they must be excluded as
8  irrelevant under Rule 402.  Relevant evidence is that "having any tendency to make
9  the existence of any fact that is of consequence to the determination of the action
10 more probable or less probable that it would be without the evidence. Fed. R. Evid.
11 401.  Allegations in pleadings are not evidence at all and are, by rule, irrelevant.
12     Finally, neither of Mattel's cases support the proposition that a Court may
13 take judicial notice of the allegations comprising an unverified complaint.  In *Lee v.*
14 *City of Los Angeles*, (RJN at 3), the Ninth Circuit determined that a district court
15 abused its discretion by taking judicial notice of declarations recounting statements
16 allegedly made by the accused to police officers.  250 F.3d. 668, 689 (9th Cir.
17 2001).  In *Reyn's Pasta Bella , LLC v. Visa USA, Inc.*, (RJN at 3), the Ninth Circuit
18 took judicial notice not of a complaint, but of the Plaintiff's briefs in an earlier-filed
19 action and the transcript of a hearing, but only for the limited purpose of
20 determining whether issue preclusion barred the Plaintiff from relitigating claims
21 already settled in the previous action.  442 F.3d 741, 746 (9th Cir. 2006).  Neither
22 case applies here.
23     For the same reasons, the MGA Parties object to entering prior stipulations
24 and orders of the Court into evidence.  RJN, Exs. C, E, F.  These also are
25 unnecessary to the Court's purpose and irrelevant to the issues before the trier of
26 fact.  As with the complaints, there are other avenues available to the Court to take
27 notice of the dates of these documents.
28

## **CONCLUSION**

For the reasons stated above, the Court should reject Mattel's Request for Judicial Notice.

Dated:   February 27, 2011         ORRICK, HERRINGTON & SUTCLIFFE, LLP

By: */s/ Warrington S. Parker III*
    Warrington S. Parker III
    Attorneys for MGA Parties