QUINN EMANUEL URQUHART & SULLIVAN, LLP
  John B. Quinn (Bar No. 090378)
  (johnquinn@quinnemanuel.com)
  William C. Price (Bar. No. 108542)
  (williamprice@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:  (213) 443-3000
Facsimile:   (213) 443-3100

Attorneys for Mattel, Inc. and
Mattel de Mexico, S.A. de C.V.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation, and Mattel de Mexico, S.A. de C.V., <br><br> Plaintiff, <br><br> vs. <br><br> MGA ENTERTAINMENT, INC., a California corporation, et al., <br><br> Defendant. <br><br> AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 DOC (RNBx) <br> Consolidated with <br> Case No. CV 04-09059 <br> Case No. CV 05-02727 <br><br> Hon. David O. Carter <br><br> **MATTEL'S REPLY BRIEF RE NONPRIVILEGED NATURE OF LARIAN'S "MAKE SURE PAULA" INSTRUCTION IN MGA2 3121569** |

**Argument**

An instruction to an attorney is not privileged. MGA has cited *no case* in which an instruction to an attorney was held privileged. Lacking any on-point authority, MGA's argument should be rejected.

MGA's attempts to distinguish Mattel's authorities fail. MGA claims this situation is not "akin" to those in United States v. Elkin, 731 F.2d 1005, 1008 n.2 (2d Cir. 1984), and Rattner v. Netburn, 1989 WL 223059, at *26 (S.D.N.Y. June 20, 1989), because those decisions did not involve "actual participation" in a case. Opp. at 3. That is simply incorrect. The client's instruction to file an appeal in Rattner is participation—the client was communicating to his attorney about the strategy in the case—but it was found not privileged because it was an instruction. In Elkin, the Second Circuit ruled that it "borders on the frivolous" to claim privilege over a client's instruction to his attorney to mail a letter to the government *in the course of representing the client in responding to a criminal investigation*. Elkin, 731 F.2d at 1008-09. Again, the client's instruction to mail a letter to the government responding to its investigation was clearly participation in the case.

These precedents apply here. Larian's one-sentence email is a bare instruction, nothing more. MGA cites cases holding that a client's communications seeking legal advice are privileged (Opp. at 2-4), but that misses the point. Larian's instruction here, like the instructions in Rattner and Elkin, is not privileged because it is not "seeking legal advice" at all, and thus is distinguishable from every case MGA relies upon. See United States v. Johnston, 146 F.3d 785 (10th Cir. 1998) (holding that no privilege attached to communications with an attorney because such communications are only privileged if they "relate to legal advice or strategy *sought by the client*.") (emphasis added); Fisher v. United States, 425 U.S. 391, 403 (1976) (the privilege protects "*only those disclosures necessary to obtain informed legal advice*"); In re Lindsey, 148 F.3d 1100, 1106 (D.C. Cir. 1998) (in order to carry burden of establishing privilege, "the Office of the President had to show that

Lindsey's conversations concerned the seeking of legal advice"); <u>Kandel v. Brother Int'l Corp.</u>, 683 F. Supp. 2d 1076, 1083 (C.D. Cal. 2010) (holding that client's emails responding to attorney's investigative questions were privileged because they were "reflecting [counsel's] legal advice and strategy relating to the Kandel/Lipper litigation") (brackets in original) (all cases cited by MGA).

MGA's belated assertion of work-product over the email is frivolous. <u>See</u> <u>Minebea Co., Ltd. v. Papst</u>, 355 F. Supp. 2d 526, 529 (D.D.C. 2005) ("[W]hile protected work product can, sometimes, be generated by non-attorneys, it cannot be created by a client."). Nor do the cases cited by MGA support a finding of work product here. <u>See</u> <u>Hynix Semiconductor Inc. v. Rambus Inc.</u>, 2008 WL 397350, at *2-4 (N.D. Cal. Feb. 10, 2008) (counsel's witness preparation techniques constitute work product); <u>Holliday v. Extex</u>, 447 F. Supp. 2d 1131, 1139 (D. Haw. 2006) (employee notes collected by counsel were "fact work product"). Indeed, MGA's primary case explains why work product is inapplicable here. <u>In re Grand Jury</u> <u>Subpoena</u>, 357 F.3d 900, 907 (9th Cir. 2004) ("At its core, the work-product doctrine shelters the mental processes of the attorney, . . . [but attorneys] often must rely on the assistance of investigators and other agents . . . It is therefore necessary that the doctrine protect material prepared by agents for the attorney as well as those prepared by the attorney himself."). Mr. Larian's email does not reflect any mental processes of attorneys or their agents or investigators. It is Mr. Larian's bald instruction.

Even accepting MGA's unsupported assertion that bare instructions can be privileged or work product, instructing attorneys to ensure a witness gives false testimony triggers the crime-fraud exception, as Mattel has discussed more fully elsewhere. MGA attempts to spin this email as Mr. Larian's attempt to "participate in developing a case" and "guide counsel's preparation of Paula Garcia for deposition." Opp. at 6. But as Mattel has set forth in prior briefing (see Dkt. No. 10020), if instructing a witness to testify falsely is Mr. Larian's "legal strategy," it is

a fraudulent strategy that is unprotected by privilege or work product. <u>United States v. Zolin</u>, 491 U.S. 554, 563 (1989); <u>In re Grand Jury Proceedings</u>, 87 F.3d 377, 381 (9th Cir. 1996) (privilege does not extend to intended illegality); <u>In re Sealed Case</u>, 162 F.3d 670, 673-74 (D.C. Cir. 1998) (applying crime-fraud exception when defendant consulted attorney "for the purpose of committing perjury"). The plain meaning of Larian's email alone is enough to trigger the exception. <u>Zolin</u>, 491 U.S. at 569, 572 (communications themselves can establish the exception); <u>In re Napster, Inc. Copyright Litig.</u>, 479 F.3d 1078, 1094-95 (9th Cir. 2007) (standard is preponderance of the evidence) (abrogated on other grounds, <u>Mohawk Indus. v. Carpenter</u>, 130 S. Ct. 599 (2009)).

DATED: February 27, 2011

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By  */s/ John B. Quinn*
    John B. Quinn
    Attorneys for Mattel, Inc., and
    Mattel de Mexico, S.A. de C.V.