ANNETTE L. HURST (State Bar No. 148738)
ahurst@orrick.com
WARRINGTON S. PARKER III (State Bar No. 148003)
wparker@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
405 Howard Street
San Francisco, CA 94105-2669
Tel: (415) 773-5700/Fax: (415) 773-5759

WILLIAM A. MOLINSKI (State Bar No. 145186)
wmolinski@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA 90017
Tel. (213) 629-2020/Fax: (213) 612-2499

THOMAS S. MCCONVILLE (State Bar No. 155905)
tmcconville@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
4 Park Plaza, Suite 1600
Irvine, CA 92614-2258
Tel: (949) 567-6700/Fax: (949) 567-6710

Attorneys for MGA Parties

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>MGA ENTERTAINMENT, INC., a California corporation, et al.,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | Case No. CV 04-09049 DOC (RNBx)<br>Consolidated with:<br>CV 04-09059<br>CV 05-02727<br><br>**MGA'S OPPOSITION TO MATTEL'S SUPPLEMENTAL BRIEF REGARDING MOTION IN LIMINE NO. 15**<br><br>Trial Date: January 11, 2011<br>Dept: Courtroom 9D<br>Judge: Hon. David O. Carter |

**INTRODUCTION**

On the eve of Mattel CEO Robert Eckert's testimony, Mattel seeks to "confirm" a mischaracterization of the Court's January 17 Order, which denied Mattel's Motion in Limine No. 15 to the extent that it sought to exclude evidence "relevant to MGA's allegation that Mattel fraudulently concealed the market intelligence group's conduct, thereby tolling the statute of limitations." Mattel now claims that it understands this Order to preclude MGA from questioning Mr. Eckert about his practice of "double deleting" emails from his Mattel inbox.[1]

That simply cannot be. Mattel's opening statements show that Mattel understood precisely the scope and nature of this Court's order. Mattel addressed this issue in its opening statement, which it gave *after* the Court issued this Order, and sought to explain Eckert's double deletion pattern.

In any case, the Court's Order plainly says no such thing. MGA is asserting that Mattel fraudulently concealed the activities of its market intelligence group, including by deleting emails that would have revealed that group's existence and activities had they been retained and produced. Mr. Eckert has admitted to "double deleting" his emails as a matter of course, and MGA is entitled to question him about that practice and about whether he may have deleted emails discussing Mattel's market intelligence group activities.

Mattel's claim that the point is irrelevant because all of Mr. Eckert's emails were retained on backup tapes rings hollow. *Even if* some of Mr. Eckert's emails *may* have been retained on backup tapes, the fact remains that those tapes have remained inaccessible to MGA for all but two 30 day time periods (which were not made available to MGA until September of last year). Sept. 8, 2010 Hearing Trans. at 15:2-23; Aug. 19, 2010 Report and Recommendation of E-Discovery Special Master. The tapes therefore do nothing to call into question the relevance of this evidence. This is in stark contrast to the purported acts of "spoliation" that Mattel

---
[1] MGA would use this evidence during the presentation of its case.

asserts against MGA which, besides being false, have nothing to do with any claims or defenses that remain in the case. Mattel's request to "confirm" should be denied.

## ARGUMENT

### A. Mr. Eckert's Practice of "Double Deleting" His Mattel Emails is Relevant to MGA's Fraudulent Concealment Response to Mattel's Statute of Limitations Defense

The Court's Order on Mattel's Motion in Limine #15 held that, while much of the spoliation evidence Mattel sought to exclude had been rendered irrelevant by the Court's summary judgment rulings, some of Mattel's "acts of suppression may be relevant to MGA's allegation that Mattel fraudulently concealed the market intelligence group's conduct, thereby tolling the statute of limitations." Dkt. No. 9669 at 21. Mr. Eckert's admitted practice of "double deleting" his emails from his Mattel inbox falls squarely within this category.

The activities of Mattel's market intelligence group were well known throughout Mattel, with the annual presentation put on by the group's director Sal Villasenor drawing hundreds of Mattel employees. One can reasonably assume that Mattel's CEO must have at some point received emails discussing the group's activities, and the limited emails we have from Mr. Eckert indicate that this is in fact the case. But the fact remains that the vast majority of Mr. Eckert's emails have never been produced, because Mr. Eckert "double deleted" them from his hard drive. MGA must therefore be permitted to question Mr. Eckert about his practice of "double deleting," and about whether he did this in order to prevent MGA from obtaining information about the group's practices during discovery.

Mattel now seeks to block this line of inquiry by reciting its oft repeated refrain that all of Mr. Eckert's emails were preserved on backup tapes and so could not have been fraudulently concealed. But Mattel admits that to this day it has managed to withhold the contents of those backup tapes from MGA with the exception of *two thirty day periods*, out of the *years* during which Mr. Eckert

admits that he regularly double deleted his emails. Dkt. No. 10077 at 4. And even those tapes were withheld until September of 2010, *after* MGA had managed to uncover the activities of Mattel's market intelligence group, and *after* MGA had asserted its claims based thereon. *Id.* The existence of backup tapes therefore does nothing to negate the relevance of Mr. Eckert's deletions, but instead only highlights the fact that Mr. Eckert has placed evidence beyond discovery.

### B. Mattel Has Already Placed Mr. Eckert's Email Practices Before the Jury

Mattel's assertion that it "understands the Court's Order on Mattel's Motion in Limine No. 15 to exclude" evidence of Mr. Eckert's double deleting practice is particularly disingenuous, because Mattel has already placed this issue in front of the jury. In its opening statement on January 18, the day *after* the Court issued its Order on MIL No. 15, Mattel addressed this issue at length, telling the jury:

> Mr. Eckert, CEO of Mattel, like most business people these days, has a computer. It has a limited capacity hard drive. And if you don't delete things from it -- and you have to double delete. Not only do you delete from the in box, you also have to delete from the delete file. You use up capacity and you can't get new information. So it's a process of constantly deleting.
>
> At Mattel there's a backup system and backup tapes. If things are deleted and double deleted from Mr. Eckert's computer or from anybody else, any other executive's computer there, they are not gone forever. They are still there backed up on the backup tapes. The evidence is -- the evidence is still there.

1/18/2011 Trial Tr. Vol. 1 at 97:17-98:4. Having raised this issue with the jury, Mattel cannot now claim to have "understood" the Court's Order to preclude it.

More importantly, MGA would be severely prejudiced if prevented from addressing this topic after Mattel's assertions in opening. Having heard Mattel claim that all of the emails Mr. Eckert deleted were still available on backup tapes,

- 3 -    MGA'S OPPOSITION TO MATTEL'S SUPPLEMENTAL BRIEF RE MIL NO. 15
CV 04-9049 DOC (RNBx)

1  the jury will be left to assume that MGA either received and reviewed all of those
2  emails but discovered nothing, or else simply slept on its rights by deciding not to
3  review them.  Neither is true, and MGA must be permitted to respond.

### C. Mattel's False Spoliation Allegations Are Not Relevant to Any Claims or Defenses, and so Are Inapposite to the Present Issue

Mattel asserts that allowing evidence of Mr. Eckert's email deletions "would open the door to testimony from experts and percipient witnesses concerning" the various topics of alleged spoliation that the Court has previously excluded.  This assertion is baseless.  The Court properly concluded that none of Mattel's spoliation allegations were relevant to any claims or defenses left at issue in this case.

In addition, as has been briefed over and again, Mattel's allegations are also entirely baseless.  For example, despite Mattel's repeated assertions to the contrary, the evidence is undisputed that ILS found no evidence of spoliation by Mr. Larian on any of his hard drives. *See* TX 6028 (ILS Report finding no evidence of spoliation on any Larian hard drives).  Moreover, Farhad Larian's activities do not relate to Mr. Larian, and in any event, the evidence is undisputed that Farhad Larian honored all real and asserted discovery obligations, and only discarded two boxes of documents *before* this lawsuit was filed.  The Court also properly determined that "there is no evidence that [Bryant's Evidence Eliminator] program had the ability to delete relevant material." Dkt. 9761 at 1.  In sum, Mattel's spoliation claims are completely baseless, as well as entirely unrelated.

///
///
///
///
///
///
///

# CONCLUSION

For the foregoing reasons, Mattel's request to "confirm" should be denied.

Dated: February 28, 2011

Respectfully submitted,

ORRICK, HERRINGTON & SUTCLIFFE LLP

By: */s/ Thomas S. McConville*
THOMAS S. MCCONVILLE
Attorneys for MGA Parties