QUINN EMANUEL URQUHART & SULLIVAN, LLP
  John B. Quinn (Bar No. 090378)
  (johnquinn@quinnemanuel.com)
  William C. Price (Bar No. 108542)
  (williamprice@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc. and Mattel de Mexico, S.A. de C.V.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation, et al.,<br><br>Plaintiff,<br><br>vs.<br><br>MGA ENTERTAINMENT, INC., a California corporation, et al.,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 DOC (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>Hon. David O. Carter<br><br>**MATTEL'S TRIAL BRIEF REGARDING CONSTRUCTIVE TRUST PURSUANT TO THE COURT'S FEBRUARY 23, 2011 MINUTE ORDER**<br><br>Hearing Date: TBD<br>Time: TBD<br>Place: Courtroom 9D<br><br>Discovery Cut-off: October 4, 2010<br>Pre-trial Conf: January 4, 2011<br>Trial Date: January 18, 2011 |

## Introduction

This Court has asked the parties to brief whether the Ninth Circuit's decision vacating the constructive trust was based on (1) an erroneous legal standard and/or (2) clearly erroneous findings of fact, and, if the latter, whether it found that no reasonable factfinder could have reached the factual findings upon which the constructive trust was predicated.[1]

The answer to the Court's first question is that the district court imposed a constructive trust on the Bratz trademark portfolio based on the erroneous legal conclusion that all of the enhancement of value goes to the plaintiff. This legal error, the Court of Appeals held, was an abuse of discretion warranting vacation of the constructive trust. That holding does not limit the facts that could be found on a retrial. In fact, the Court of Appeals expressly left open the possibility not only that the jury could make findings as it sees fit, but that the Court itself could impose a new constructive trust on remand based on "appropriate findings," Mattel, Inc. v. MGA Entm't, Inc., 616 F.3d 904, 917 (9th Cir. 2010) – an acknowledgment that underscores the narrow scope of the panel's opinion on the constructive trust issue.

The answer to the Court's second question is that the Ninth Circuit's decision could not (and was not) based on clearly erroneous findings of fact made by the district court since the district court made no such findings. The district court order supporting the constructive trust did not make any findings about the extent of MGA's sweat equity contributions to Bratz. There were no findings of fact to reverse on this point, and certainly no order issued limiting the jury's future findings on that basis. To be sure, the Ninth Circuit opinion includes statements about the contributions of MGA in the form of sweat equity, but those are not "findings of fact" that constrain Mattel's constitutional right to a jury trial – and they could not do so consistent with the Seventh Amendment.

---

[1] Order Directing Electronic Submission of Briefing And Transcripts Related To Entry of Constructive Trust Following Phase 1 Trial, dated Feb. 23, 2011 (Dkt. No. 10066) ("Order").

**Procedural Background**

The Ninth Circuit opinion stems from MGA's interlocutory appeal of orders granting Mattel equitable relief. See id. at 908. Following the Phase 1 trial, Mattel moved for equitable relief and sought, among other remedies, the imposition of a constructive trust in favor of Mattel on rights to the trademarks for "Bratz" and "Jade". Dkt. No. 4305. Sitting in equity, the district court ruled that Mattel was entitled to ownership of rights to Bratz-related trademarks and copyrights developed and registered after Bryant left Mattel. Id.; see also Dkt. Nos. 4441, 4442 at 5.

The factual findings supporting this constructive trust were few. In fact, Judge Larson did not issue findings of fact and conclusions of law at all. Instead, Judge Larson articulated the view that "because the purpose of a constructive trust is to prevent unjust enrichment, enhancement of value is given to the beneficiary of the constructive trust." Dkt. No. 4439 at 7, citing Haskel Eng'g & Supply Co. v. Hartford Acc. & Indem. Co., 78 Cal. App. 3d 371, 375 (1978). Judge Larson then relied on the jury's finding that the MGA Parties wrongfully acquired the idea for the names "Bratz" and "Jade," along with the idea and drawings for a line of fashion dolls, and concluded "the MGA Parties continue to wrongfully retain them." Id. Judge Larson expressly acknowledged that "[t]he MGA parties enhanced the value of the names by acquiring trademark rights to them," but ruled, based on Haskel, that "California law *requires*, in this instance, that a constructive trust be imposed as to these marks". Id. (emphasis added).

On appeal, the Ninth Circuit ruled that Judge Larson erred in basing his decision on the rule that "enhancement of value [of the property held in trust] is given to the beneficiary of the constructive trust" because this principle "has the greatest force where the appreciation of the property is due to external factors rather than the efforts of the wrongful acquisitor." Mattel, 616 F.3d at 910. The Court ruled the district court was not justified in "transferr[ing] MGA's *entire* Bratz trademark portfolio to Mattel on the ground that the 'enhancement of value [of the property held in trust] is given to the beneficiary of the constructive trust.'" Id. (emphasis added). This legal error, the Ninth

Circuit held, resulted in "Mattel acquir[ing] the fruit of MGA's hard work, and not just the appreciation in value of the ideas Mattel claims it owns." Id.

While it vacated the trust, the Circuit expressly left open the possibility of equitable relief upon retrial of Mattel's claims. See id. at 917 ("Nothing we say here precludes the entry of equitable relief based on appropriate findings."). The Ninth Circuit also made clear it was expressing "no opinion" on the effect of the errors upon retrial "except to say that any further proceedings must be consistent with our decision." Id. at 918. Nowhere in the decision does the Circuit constrain, or say it is constraining, the findings a jury could make on remand.

## Argument

### I. THE CONSTRUCTIVE TRUST WAS VACATED ON LEGAL – NOT FACTUAL – GROUNDS

MGA invites this Court to assign far-reaching preclusive import to the Ninth Circuit's decision to vacate the constructive trust. No such effect is warranted. The opinion vacating the constructive trust is explicitly based on the conclusion that Judge Larson erred in "transferr[ing] MGA's entire Bratz trademark portfolio to Mattel on the ground that the 'enhancement of value [of the property held in trust] is given to the beneficiary of the constructive trust.'" Id. at 910 (emphasis added). The Court concluded that "[t]he district court's imposition of a constructive trust forcing MGA to hand over its sweat equity was an abuse of discretion and must be vacated." Id. at 911. The abuse of discretion was not in ignoring MGA's sweat equity – Judge Larson expressly acknowledged that "[t]he MGA parties enhanced the value of the names by acquiring trademark rights to them," Dkt. No. 4439 at 7 – but rather in "forcing MGA to hand over its sweat equity" based on the erroneous conclusion that the 'enhancement of value [of the property held in trust] is given to the beneficiary of the constructive trust.'" Mattel, 616 F.3d at 910-11.

Application of the abuse of discretion standard requires the reviewing court "to determine that the discretion was not guided by erroneous legal conclusions," Koon v.

United States, 518 U.S. 81, 100 (1996). "[A] district court abuses its discretion when it makes an error of law." Sw. Voter Registration Educ. Project v. Shelley, 344 F.3d 914, 918 (9th Cir. 2003) (en banc) (per curiam). That is what the Ninth Circuit ruled the district court did – it made an error of law – in imposing a constructive trust that "forc[ed] MGA to hand over its sweat equity" in awarding ownership of the entire trademark portfolio to Mattel. Mattel, 616 F.3d at 911.

Assigning legal error to the stated justifications for the constructive trust is as far as the opinion goes. The Ninth Circuit opinion does not determine *how much* sweat equity MGA contributed to the value of the trademark portfolio. Nor did the district court, for that matter, make any such determination, since it considered this issue to be legally irrelevant and made no such findings of fact. Moreover, since the claims before the district court when it fashioned the constructive trust involved claims of copyright, not trade secret misappropriation, Judge Larson necessarily could not have determined – and the Ninth Circuit could not have reversed – any judgment as to the value of MGA's contributions to Mattel's trade secrets.

Indeed, far from constraining the findings of fact a jury could make on remand, the Ninth Circuit's opinion does not even hold that Mattel could never be entitled to a constructive trust. MGA insists that a "constructive trust is off the table," 2/21/11 Tr. Vol. 1 at 34:22, but in fact the Ninth Circuit expressly directed that "[n]othing we say here precludes the entry of equitable relief based on appropriate findings," and that the Court could impose a "narrower constructive trust" after a "proper determination that Mattel owns Bryant's ideas." Mattel, 616 F.3d at 917.

In this regard, the case is analogous to Gertz v. Robert Welch, Inc., 680 F.2d 527, 531-33 (7th Cir. 1982), which rejected the defendant's argument that the issue of actual malice was erroneously submitted to the jury in a second trial because the law of the case doctrine precluded relitigation of that issue. Like MGA here, the defendant in Gertz "point[ed] to several places in the opinion where the Court suggests that actual malice was not proved at the first trial to support its position that the Court decided this issue."

Id. at 532 n.5. Noting "it is critical to determine what issues were actually decided in order to define what is the 'law' of the case" (id. at 533), the Seventh Circuit found "no basis for the position that the issue of actual malice was determined and foreclosed from reconsideration by the Supreme Court's mandate." Id. The court held the prior ruling "*did not establish as a matter of law that actual malice had not and could not be proved. To the contrary, the Court's position on liability opened the door to a different standard for the second trial.*" Id. (emphasis added). Hence, "[t]he trial court on remand did not misconstrue the Court's decision by permitting the parties to litigate the issue of actual malice." Id. at 533-34. The same is true here; the Ninth Circuit held the district court applied an incorrect legal standard which ignored MGA's "sweat equity." As in Gertz, so long as the proper legal standard is applied on remand, Mattel may litigate its claims anew before the jury.

## II. THE NINTH CIRCUIT DID NOT MAKE BINDING FACTUAL DETERMINATIONS THAT WOULD PRECLUDE A JURY TRIAL ON MATTEL'S TRADE SECRET CLAIM OR ON DAMAGES

In reversing Judge Larson's order, the Ninth Circuit stated that "[t]he value added by MGA's hard work and creativity dwarfs the value of the original ideas Bryant brought with him," and that MGA's "efforts significantly raised the profile of the Bratz brand and increased the value of the Bratz trademarks." Mattel, 616 F.3d at 911. Neither was an element of the Court's decision to reverse Judge Larson; indeed, it was Judge Larson's failure to make any findings on those issues at all – because of his legal error – that required reversal. It certainly is not the case that these statements, which were not necessary to the decision at all, were tantamount to an unspoken ruling that no jury could reasonably find otherwise on remand – with respect to a different claim, no less.[2]

---

[2] Indeed, "law of the case" is limited to "law" and does not apply to factual findings, even were such findings made. See Pham v. Terhune, 2008 WL 787123, * 8 (N.D.Cal. 2008) ("Because the Ninth Circuit's conclusion ... is clearly a factual, as opposed to a legal conclusion, the law of the case doctrine does not apply"); Fezzani v. Bear, Stearns & Co., Inc., 2005 WL 5003775, * 2 (S.D.N.Y. 2005) ("the amendments would not be barred by the law-of-the-case doctrine because that doctrine applies merely to the resolution of legal issues; the proposed amendments, however, rely on new factual allegations").

Here, MGA's arguments are especially wrong because it seeks to apply them to Mattel's trade secrets claim. Mattel's trade secret misappropriation claim was not subject to appeal. As Mattel has shown previously, this claim is distinct from Mattel's copyright claim. See Mattel's Trial Brief on Scope of Claim for Misappropriation of Bratz-Related Trade Secrets (Dkt. No. 9882). MGA's arguments that Mattel's trade secret misappropriation claim is foreclosed by statements made by the Ninth Circuit ignore that, even where it applies, "[t]he law of the case doctrine precludes reconsideration only of issues actually decided." Kirkbride v. Cont'l Cas. Co., 933 F.2d 729, 732 (9th Cir. 1991); see also Yesudian ex rel. U.S. v. Howard Univ., 270 F.3d 969, 972 (D.C. Cir. 2001) ("[T]he law of the case doctrine does not apply where an issue was not raised before the prior panel and thus was not decided by it."); U.S. v. Cirami, 563 F.2d 26, 33 (2d Cir. 1977) ("From the proposition that the trial court must adhere to the decision and mandate of the appellate court there is the corollary that upon demand the trial court may consider matters not expressly or implicitly part of the decision of the court of appeals") (citing Gulf Coast Bldg. & Supply Co. v. Int'l Bhd. Of Elec. Workers, Local No. 480, 460 F.2d 105, 107 (5th Cir. 1972)). And for similar reasons, the Ninth Circuit opinion cannot be construed as issuing a "mandate" limiting Mattel's right to try its trade secret claim or seek the full damages to which it is entitled. "Broadly speaking, mandates require respect for what the higher court decided, not for what it did not decide.'" U.S. v. Kellington, 217 F.3d 1084, 1093 (9th Cir. 2000). See McDonnell Douglas Corp. v. U.S., 323 F.3d 1006 (Fed. Cir. 2003) (reversing decision on remand for reading too much into appellate court's prior mandate, construing it "as having disposed of certain issues" which were not necessary to its prior decision).

The most important reason that law of the case and similar doctrine must be cabined is that to do otherwise would deprive litigants of their Seventh Amendment rights. The Ninth Circuit's statements about MGA's sweat equity contributions were made sitting in equity to reverse an equitable ruling affording equitable relief. As the Supreme Court has stated, "[t]he right of jury trial in civil cases at common law is a basic

and fundamental feature of our system of federal jurisprudence which is protected by the Seventh Amendment" and should be "jealously guarded by the courts." Jacob v. City of New York, 315 U.S. 752, 752-53 (1942). Accord Adickes v. S.H. Kress & Co., 398 U.S. 144, 176 (1970) ("The right to confront, cross-examine and impeach adverse witnesses is one of the most fundamental rights sought to be preserved by the Seventh Amendment provision for jury trials in civil cases."). Where a plaintiff seeks both legal and equitable relief for claims that involve common issues, the Seventh Amendment requires the legal claims to be tried first to a jury. See Beacon Theaters, Inc. v. Westover, 359 U.S. 500, 508-09 (1959). See also Dairy Queen, Inc. v. Wood, 369 U.S. 469, 479 (1962) ("Since these issues are common with those upon which respondents' claim to equitable relief is based, the legal claims involved in the action must be determined prior to any final court determination of respondents' equitable claims."); Ross v. Bernhard, 396 U.S. 531, 537-38 (1970) ("where equitable and legal claims are joined in the same action, there is a right to jury trial on the legal claims which must not be infringed either by trying the legal issues as incidental to the equitable ones or by a court trial of a common issue existing between the claims").

A judge deciding equitable claims "based on the same facts" is bound by traditional principles of issue preclusion to follow the jury's factual determinations. Los Angeles Police Protective League v. Gates, 995 F.2d 1469, 1473 (9th Cir. 1993). But the contrary is not true; a jury is not bound by prior determinations made by a judge sitting in equity. See Lytle v. Household Mfg., Inc., 494 U.S. 545, 547 (1990) (Seventh Amendment precludes according collateral-estoppel effect to a district court's determination of issues common to legal and equitable claims where court resolved the equitable claims first because it erroneously dismissed the legal claims); Dairy Queen, Inc., 369 U.S. at 479-80 (district court erred in refusing to grant petitioner's demand for a trial by jury on the factual issues related to alleged breach of contract; "Since these issues are common with those upon which respondents' claim to equitable relief is based, the legal claims involved in the action must be determined prior to any final court

determination of respondents' equitable claims"); <u>Axelrod v. Phillips Acad.</u>, 74 F. Supp. 2d 106, 108 ("The plaintiffs' constitutional right to try their legal claims before a jury was not foreclosed by this Court's ruling on the plaintiffs' equitable claims."); <u>Bowers v. City of Philadelphia</u>, 2008 WL 5234357 (E.D. Pa. Dec. 12, 2008) ("The preliminary injunction findings that we made in this case must not abridge the City's Seventh Amendment right to a 'jury trial on the legal claim, including all issues common to both claims.'") (quoting <u>Lytle</u>, 494 U.S. at 50). Here, where no applicable factual findings were even made by the district court nor reversed by the Court of Appeals, and where the Court of Appeals certainly never dictated what a jury could reasonably find on remand, Mattel cannot be deprived of the constitutional right to a jury trial.

## Conclusion

For the reasons stated, this Court should conclude that the Ninth Circuit's constructive trust decision has no preclusive effect on Mattel's trade secret misappropriation and damages claims and that such claims are properly before the jury.

DATED: February 28, 2011

QUINN EMANUEL URQUHART & SULLIVAN. LLP

By /s/ Michael T. Zeller
Michael T. Zeller
Attorneys for Mattel, Inc., and Mattel de Mexico. S.A. de C.V.

00505.07209/3989524.1

-8-
MATTEL'S TRIAL BRIEF RE CONSTRUCTIVE TRUST PURSUANT TO FEBRUARY 23. 2011 ORDER