ANNETTE L. HURST (State Bar No. 148738)
ahurst@orrick.com
WARRINGTON S. PARKER III (State Bar No. 148003)
wparker@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105
Tel: 415-773-5700/Fax: 415-773-5759

WILLIAM A. MOLINSKI (State Bar No. 145186)
wmolinski@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA  90017
Tel: 213-629-2020/Fax: 213-612-2499

THOMAS S. MCCONVILLE (State Bar No. 155905)
tmcconville@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
4 Park Plaza, Suite 1600
Irvine, CA 92614-2258
Tel: (949) 567-6700/Fax: (949) 567-6710

Attorneys for MGA Parties

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | Case No. CV 04-9049 DOC (RNBx)<br>Consolidated with:<br>CV 04-9059<br>CV 05-2727<br><br>**MGA PARTIES' BRIEF RELATED TO CONSTRUCTIVE TRUST IN RESPONSE TO COURT'S FEBRUARY 23, 2011 ORDER (DKT. NO. 10066)**<br><br>Trial Date: January 11, 2011<br>Judge:  Hon. David O. Carter |

## **INTRODUCTION**

On February 23, 2011, this Court issued an Order directing the parties to submit briefs answering the following issues:

1. "In vacating the constructive trust under the deferential abuse of discretion standard of review, did the Ninth Circuit conclude that the equitable relief was based upon (1) 'an erroneous legal standard'; and/or (2) 'clearly erroneous finding[s] of fact'?"

2. "If the Ninth Circuit found the district court's factual finding to be 'clearly erroneous' did it necessarily find that no reasonable factfinder could have reached the factual findings upon which the constructive trust was predicated?"

Dkt. No. 10066 at 2.

As explained below, the Ninth Circuit did not disagree with the general legal principles the District Court recited. However, given the undisputed facts[1] adduced at trial concerning MGA's development of Bratz and related product lines, the Court concluded that it was an abuse of discretion to impose a constructive trust. The Ninth Circuit reached this result by concluding that the facts did not support the relief granted. Specifically, the Ninth Circuit held that it was unreasonable for the District Court to award Mattel the entire value of the Bratz brand on the theory that MGA misappropriated nothing but ideas that Mattel might own given MGA's contribution to the value of Bratz.

The import of the Ninth Circuit's analysis is plain: Just as it was improper for the District Court to award Mattel the full value of the Bratz brand by way of constructive trust, it would be equally improper to allow a jury to do the same by way of an award of its entire profits under a theory of unjust enrichment.

## **STATEMENT OF FACTS**

### A. **The District Court Finds That MGA Wrongfully Acquired The Idea For The Name Bratz And Bryant's Designs And Awards A Constructive Trust.**

In granting the constructive trust remedy, the District Court observed that "*[t]he parties agree on the elements*, which may be stated as follows: '(1) the

---

[1] Undisputed facts in this context means those facts that Mattel cannot disprove.

existence of a *res* (property or some interest in property); (2) the right of a complaining party to that *res*; and (3) some wrongful acquisition or detention of the *res* by another party who is not entitled to it.'" Dkt. 4439 at 6-7 (quoting *Communist Party v. 522 Valencia, Inc.*, 35 Cal. App. 4th 980, 990 (1995)) (emphasis added).

The District Court's analysis of how these elements applied to the facts of this case was captured in two paragraphs. The first stated a general legal principle concerning constructive trust. "Significantly, because the purpose of a constructive trust is to prevent unjust enrichment, enhancement of value is given to the beneficiary of the constructive trust." *Id.* at 7 (citations omitted).

The second applied that principle to the facts of the case as found by the jury and the District Court in the subsequent Phase 1(c) proceedings. In this regard, the District Court based its constructive trust on the jury's factual finding that MGA wrongfully acquired the idea for the names Bratz and Jade *and* the idea and preliminary drawings for a line of fashion dolls. Moreover, the District Court found that the MGA parties enhanced the value of the names by acquiring trademark rights to them. *Id.*

Applying the law to those facts, the District Court awarded a constructive trust in Mattel's favor. In the District Court's own words:

> Here, the jury found that the MGA parties wrongfully acquired the idea for the names "Bratz" [and "Jade"] along with the idea and preliminary drawings for a line of fashion dolls. . . . In addition to wrongfully acquiring them, the MGA parties continue to wrongfully retain them. The MGA parties enhanced the value of the names by acquiring trademark rights to them. California law requires, in this instance, that a constructive trust be imposed as to these marks. Mattel is the beneficiary of the

constructive trust and MGA's trademarks in "Bratz" and "Jade"

inure to Mattel's benefit.

*Id.* at 7 (citations omitted).

### B. On Appeal, MGA Argues That As A Matter Of Law And Of Fact The Constructive Trust Was Erroneous.

On appeal to the Ninth Circuit, MGA challenged the constructive trust remedy on several grounds.  MGA successfully made two arguments as to why the idea for the names never belonged to Mattel under the Inventions Agreements—namely that the Inventions Agreement did not unambiguously assign ideas or cover work done while a Mattel employee is employed at Mattel.  9th Cir. MGA Opening Brief at 27-33.

Most relevant here, MGA argued that that the constructive trust remedy was invalid, even if Mattel could claim ownership of the idea for the name Bratz, and even if MGA did misappropriate it.  *Id.* at 63-72.  MGA advanced two basic arguments as to why that remedy was improper.  The first was a legal challenge.  "[I]t was improper for the District Court to impose a constructive trust on the 'idea for the name,' because an 'idea' is not a res.'"  *Id.* at 67.

The second was an argument that the facts did not support the award of the constructive trust.  This argument depended on the facts concerning the value MGA placed in Bratz.  As noted by MGA, Bratz were valuable "because MGA invested several hundred million dollars in making the Bratz *brand* what it is today, nurturing the brand by marketing it to scores of licensees, distributors, and retailers and spending millions on advertising."  *Id.* at 70; *see also id.* at 72 ("the value of the trademark was a function largely of MGA's investment of its own independently owned property and its own energies.");  MGA Reply Brief at 58 (same).

Based on these facts, MGA then noted that the law does not support the constructive trust.  As MGA argued, "equity does not allow a plaintiff to capture

1    'the fruits of the defendant's own labors or legitimate efforts.'" *Id.* at 71 (citation

2    omitted).  And "[c]ourts have uniformly concluded that a constructive trust must be

3    tailored to avoid a windfall award of the full value of the defendant's independent

4    investment and sweat equity in the ultimate property, and must parse the growing

5    value of the wrongfully acquired property from the independent value of the

6    defendant's contribution." *Id.* at 59.  It was on this basis that MGA argued that

7    "Mattel was not entitled to the windfall of the entire value of MGA's worldwide

8    trademark rights just because it claims to own the idea for the name Bratz." *Id.* at

9    58.

10

11        **C.    The Ninth Circuit Invalidates The Constructive Trust Based On Its Interpretation Of The Inventions Agreement And The Facts Relating To The Value Placed In Bratz By MGA.**

12

13       The Ninth Circuit invalidated the constructive trust on two bases.  In so

14    doing, the Ninth Circuit did not address MGA's purely legal argument that an idea

15    cannot be a res—and this Court subsequently concluded that was an implicit

16    rejection of this argument.  Dkt. No. 9600 at 9.

17       It held that the District Court erred in ruling as a matter of law that the

18    Inventions Agreement assigned to Mattel ownership of ideas, including the idea for

19    the name Bratz.  Amended Slip Op. at 17330-33. The Ninth Circuit concluded that

20    the Inventions Agreement was ambiguous.  *Id.* at 17331.  It directed the District

21    Court to consider on remand how to resolve the ambiguity.  *Id.*

22       However, as recognized by the Ninth Circuit, the constructive trust had to be

23    vacated regardless of the error in contract interpretation, i.e., "regardless of whether

24    Bryant's employment agreement assigned his ideas to Mattel." *Id.*  The Ninth

25    Circuit started its analysis in this regard by noting the principle that "[w]hen the

26    value of the property held in trust increases significantly because of a defendant's

27    efforts, a constructive trust that passes on the profit of a defendant's labor to the

28    plaintiff usually goes too far." *Id.* at 17332-33.

In applying this principle the Ninth Circuit identified the undisputed facts that rendered the constructive trust invalid. "Even assuming that MGA took some ideas wrongfully, it added tremendous value by turning the ideas into products and, eventually, a popular and highly profitable brand. The value added by MGA's hard work and creativity dwarfs the value of the original ideas Bryant brought with him, even recognizing the significance of those ideas." *Id.* at 17333.

In the same vein, the Ninth Circuit continued to recite the facts supporting this conclusion.

> From the ideas for the names "Bratz" and "Jade," MGA created not only the first generation of Bratz dolls … , but also many other Bratz characters … , as well as subsequent generations of the original four dolls …. MGA also generated other doll lines, such as the Bratz Boyz, Bratz Petz and Bratz Babyz. And it made a variety of Bratz doll accessories, along with several Bratz video games and a movie.

*Id.* at 17333.

Based on these undisputed facts, the Court concluded that a constructive trust extending to all of MGA's fruits and labors was an abuse of discretion. "It is not equitable to transfer this billion dollar brand—the value of which is overwhelmingly the result of MGA's legitimate efforts—because it may have started with two misappropriated names." *Id.* Accordingly, "[t]he district court's imposition of a constructive trust forcing MGA to hand over its sweat equity was an abuse of discretion and must be vacated." *Id.*

/ / /

/ /

/ / /

/ / /

/ / /

# ARGUMENT

**I.   THE NINTH CIRCUIT'S CONCLUSION THAT COULD THE FACTS PRECLUDED MATTEL FROM OBTAINING THE FULL VALUE OF THE BRATZ BRAND PRECLUDES MATTEL FROM SEEKING THE FULL VALUE OF THE BRATZ BRAND THROUGH DAMAGES.**

### A.   The Ninth Circuit Held That The Facts Precluded Mattel From Obtaining The Full Value Of The Bratz Brand.

The Ninth Circuit had the option of overturning the constructive trust on a purely legal basis—MGA's argument that an idea could not be a res.  That is a basis that would have applied only to the constructive trust and not to any of the other legal theories at issue in this case.  Instead, the Ninth Circuit addressed the argument that, on the undisputed facts of this case, it was an abuse of discretion to award Mattel the full value of the Bratz brand.

At no point did the Ninth Circuit say that it disagreed with the District Court's articulation of the governing legal principles.  At most, it emphasized a legal point that the District Court did not credit:  While the District Court observed that "enhancement of value . . . is given to the beneficiary of the constructive trust," Amended Slip Op. at 17332 (quoting District Court), the Ninth Circuit emphasized that the rule is not categorical.  Rather, "[w]hen the value of the property held in trust increases significantly because of a defendant's efforts, a constructive trust that passes on the profit of a defendant's labor to the plaintiff usually goes too far." *Id.* at 17332-33.

The Ninth Circuit's analysis could have ended there.  It could have concluded that the District Court did not adequately give effect to this limitation on the legal principle—or that it was not clear whether the District Court did or did not apprehend the limitation—and remanded to the District Court to apply the correct legal principle.  Instead, the Ninth Circuit went on to apply the legal rule to the facts of this case and conclude that the imposition of a constructive trust was an abuse of discretion. The facts relied on by the Ninth Circuit in arriving at this conclusion were:

MGA PARTIES' BRIEF RE CONSTRUCTIVE TRUST
CV 04-9049 DOC (RNBx)

- that "MGA ... added tremendous value by turning the ideas into products and, eventually, a popular and highly profitable brand";

- that "[t]he value added by MGA's hard work and creativity dwarfs the value of the original ideas Bryant brought with him, even recognizing the significance of those ideas";

- that "[f]rom the ideas for the names 'Bratz' and 'Jade,' MGA created not only the first generation of Bratz dolls ... , but also many other Bratz characters ... , as well as subsequent generations of the original four dolls";

- that "MGA also generated other doll lines, such as the Bratz Boyz, Bratz Petz and Bratz Babyz";

- that MGA also "made a variety of Bratz doll accessories, along with several Bratz video games and a movie"; or

- that "[t]hese efforts significantly raised the profile of the Bratz brand and increased the value of the Bratz trademarks."

*Id.* at 17333.

Based on these facts, the Ninth Circuit concluded that "the value of [the brand] is overwhelmingly the result of MGA's legitimate efforts," and "[t]he district court's imposition of a constructive trust forcing MGA to hand over its sweat equity was an abuse of discretion and must be vacated." *Id.*

If the Ninth Circuit had believed that any factfinder could reach a different conclusion, it would have articulated the correct legal principle and remanded to the District Court to decide how to apply the facts to the law.

**B.    The Ninth Circuit's Holding Applies With Equal Force To Any Effort By Mattel To Claim The Full Value Of The Bratz Brand.**

Mattel's trade secret misappropriation claim is the device by which Mattel seeks to circumvent the Ninth Circuit's ruling. By this device, Mattel is trying to obtain again the full value of the Bratz brand. The Ninth Circuit's analysis blocks any such effort. If it was unreasonable for the District Court to conclude that Mattel is entitled to the full value of the Bratz brand, then it would be unreasonable for any factfinder to so conclude. A jury is no more entitled than a judge to reach

an unreasonable conclusion based on MGA's work and effort to make the Bratz brand valuable.

In this light, this Court is exactly right when it observes that the Seventh Amendment does not require any other conclusion. Dkt. No. 10066 at 1. To be sure, the Seventh Amendment entitles Mattel to have a jury decide on the elements of a claim for damages and on the measure of damages—but only if there are facts justifying the damages and their measure. Where the facts do not support the remedy sought, then Mattel is not entitled to have a jury consider the question. "The court . . . serves the function of establishing the measure of damages, and only then may a jury exercise its discretion to assess damages." *Creek v. Village of Westhaven*, 144 F.3d 441, 447 (7th Cir. 1998); *see also id.* ("A jury's discretion in awarding damages is limited by the parameters of what the law will allow."); *Sengupta v. Morrison-Knudsen Co.*, 804 F.2d 1072, 1077 n.3 (9th Cir. 1986) ("The Constitution only requires that bona fide fact questions be submitted to a jury.") The Ninth Circuit's conclusion that the District Court could not reach that conclusion necessarily means that a jury cannot either. And precluding from the jury from considering an award of unjust enrichment for the full value of the brand is therefore perfectly consistent with the Seventh Amendment. *See, e.g.*, Fed. R. Civ. P. 50, 56.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

1
2

## CONCLUSION

3    In sum, the Ninth Circuit concluded that the fact that MGA placed the
4  overwhelming value in Bratz precluded an award to Mattel of the entire value of the
5  Bratz brand.  Mattel is therefore barred from pursuing any theory that MGA's
6  purported misappropriation of the name or certain designs entitles Mattel to be
7  awarded the full value of the Bratz brand.

8

9  Dated:     February 28, 2011        Respectfully submitted,

10                                     ORRICK, HERRINGTON & SUTCLIFFE, LLP

11

12                                     By:_____ */s/ Warrington S. Parker III*_____
13                                         Warrington S. Parker III
                                           Attorneys for MGA Parties

14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

MGA PARTIES' BRIEF RE CONSTRUCTIVE TRUST
CV 04-9049 DOC (RNBx)