ANNETTE L. HURST (State Bar #148738)
ahurst@orrick.com
WARRINGTON S. PARKER III (State Bar #148003)
wparker@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building, 405 Howard Street
San Francisco, CA 94105
Tel: (415) 773-5700/Fax: (415) 773-5759

WILLIAM A. MOLINSKI (State Bar #145186)
wmolinski@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA 90017
Tel. (213) 629-2020/Fax: (213) 612-2499

THOMAS S. MCCONVILLE (State Bar #155905)
tmcconville@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
4 Park Plaza, Suite 1600
Irvine, CA 92614-2258
Tel: (949) 567-6700/Fax: (949) 567-6710

Attorneys for MGA Parties

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | Case #CV 04-9049 DOC (RNBx)<br><br>Consolidated with:<br>Case #CV 04-09059<br>CASE #CV 05-02727<br><br>**MOTION IN LIMINE NO. 49 TO EXCLUDE CERTAIN OPINIONS OF HEATHER MCCOMB**<br><br>Date:      TBD<br>Time:     TBD<br>Courtroom: 9D<br><br>Trial Date: January 18, 2011 |

## I. MCCOMB MUST BE PRECLUDED FROM EXPANDING HER EXPERT OPINION AT THIS LATE DATE

McComb's expert report focuses solely on the development of the first generation of Bratz dolls. Expert Report of Heather McComb ("McComb Report"), dated October 29, 2010 at 2, 9. Indeed, the list of materials she consulted that she provided with her report identifies only the first four dolls. *Id.* at 2, Ex. 2. She admitted in deposition that her testimony concerned only the first generation dolls. *See* Deposition of Heather McComb, 4/11/2008 at 55:15-20.

Nonetheless, Mattel has submitted numerous exhibits to be used during McComb's testimony that concern Bratz products created long after the first generation of dolls. For example, Mattel has submitted Exhibit 34790, which is a slide presentation of Bratz themes from 2002-2009. Mattel has submitted Exhibit 35114, a group photo of Bratz Babyz, Exhibits 35115, a group photo of Bratz Petz, and Exhibits 35116-17, group photos of Bratz Boyz. Mattel has also submitted photos of non-core characters (Exhibits 35119-20) and photos of Bratz vehicles (Exhibit 35122) and Bratz Playsets (Exhibit 35123). All of these exhibits have nothing to do with the development of the first generation of Bratz dolls—the sole focus of McComb's report.

McComb has not supplemented her report to explain any opinions she might offer regarding products introduced after the first generation of dolls. She has not been deposed on any such opinions. McComb should therefore be precluded from testifying as to any product other than the first four dolls. *See Atmel Corp. v. Info. Storage Devices, Inc.*, 189 F.R.D. 410, 411 (N.D. Cal. 1999) ("Under the normal operation of Rules 26 and 37 of the Federal Rules of Civil Procedure, an expert may not extend his or her direct testimony beyond the opinions and bases disclosed in the Rule 26(a)(2)(B) report and may not, on direct examination, cover new work done thereafter.")

## II. MCCOMB SHOULD BE PRECLUDED FROM USING LEGAL TERMINOLOGY OF COPYRIGHT IN EXPRESSING HER OPINIONS.

Additionally, McComb's report uses a variety of legal terminology regarding her conclusions as to the first generation dolls. She uses the term "strikingly similar," a legal term of art designed to express a degree of similarity from which it would be sufficient to infer access. McComb Report at 9. But access is not disputed by MGA and never has been. Permitting McComb to testify regarding this legal conclusion should not be permitted as she is improperly seeking to instruct the jury on the law. Indeed, McComb's report expresses no proper factual basis upon which she could reach the conclusion of striking similarity—a concept relevant only to copyright law—consistent with the elements of the Ninth Circuit opinion that is the law of this case.

McComb also purports to testify that MGA acted as a "translator" rather than an "author" in creating the first generation dolls. *Id.* at 6. Again, these terms have specific meaning under the Copyright Act. 17 U.S.C. §§101, 102, 106. Indeed, MGA has offered the Ninth Circuit form instruction regarding a definition of authorship specifically in this context. *See* Ninth Circuit Model Civil Jury Instructions § 17.6. McComb's report discloses no discussion of original elements consistent with the Ninth Circuit opinion that could support these conclusions.

## CONCLUSION

For the foregoing reasons, the Court should limit McComb's opinions so that she is not offering opinions on matters not previously disclosed in her report or using the legal lingo of copyright inconsistent with the Ninth Circuit's opinion in this case.

Dated: March 1, 2011     ORRICK, HERRINGTON & SUTCLIFFE LLP

By: */s/ Annette L. Hurst*
Annette L. Hurst
Attorneys for MGA Parties