QUINN EMANUEL URQUHART & SULLIVAN, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  William C. Price (Bar No. 108542)
  (williamprice@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:  (213) 443-3000
Facsimile:   (213) 443-3100

Attorneys for Mattel, Inc., and
Mattel de Mexico, S.A. de C.V.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>MGA ENTERTAINMENT, INC., a California corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 DOC (RNBx)<br>Consolidated with<br>Case Nos. CV 04-09059 and CV 05-02727<br><br>REPLY IN SUPPORT OF MATTEL, INC.'S SUPPLEMENTAL BRIEF REGARDING MOTION *IN LIMINE* NO. 15<br><br>Date:  TBD<br>Time:  TBD<br>Place: Courtroom 9D<br><br>**Phase 2**<br>Pre-trial Conference: January 4, 2011<br>Trial Date: January 11, 2011 |

## Discussion

None of MGA's arguments warrants admitting evidence of Mr. Eckert's email practices. MGA claims they are relevant to fraudulent concealment (Opp. at 2), but ignores that the Court rejected this precise argument in excluding *Mattel's* evidence of MGA's spoliation. See Mattel, Inc.'s Corrected Supplemental Brief Regarding and/or Notice of Motion and Motion to Reconsider the Court's Ruling on MGA's Motion *in Limine* No. 7, dated Jan. 24, 2011, at 12 (arguing relevance of spoliation to fraudulent concealment). Moreover, MGA does not dispute that it has no evidence that any communications relevant to fraudulent concealment (or any other issue in this case) were lost. To the contrary, at the Court's direction, the Special Master and ILS investigated the matter and found no indication that pertinent evidence was lost. Lacking any supporting facts, MGA resorts to complaining that the Court only permitted MGA to search the back-up tapes for "two thirty day periods." Opp. at 2-3. The Court's September 2010 Order regarding the search of the back-up tapes resolved this issue. MGA should not be permitted now to complain to the jury that the Court did not give it enough discovery. The Court has repeatedly refused to allow these kinds of detours into discovery disputes, orders, and compromise searches by the Court-appointed experts. Mattel was subject to similar limitations in the searches of MGA's ArchiveOne email system. MGA received ample discovery into Mr. Eckert's email and has no evidence of any loss of relevant information.

MGA contends Mattel opened the door by referencing Mr. Eckert's email practices in opening statement. Opp. at 3-4. Opening statements are not evidence and the Court has repeatedly held that remarks in opening are not sufficient to open the door. Indeed, it is Mr. Larian who volunteered (falsely) that MGA has produced "everything." Trial Tr., dated Feb. 9, 2011, Vol. 3, at 75:16-76:1 ("We gave you everything, everything, everything that Mattel has asked, and I mean everything."). Despite this outburst, the Court ruled that Mr. Larian had not opened the door to any

of Mattel's evidence of spoliation by MGA. See Trial Tr., dated Feb. 10, 2011, Vol. 1, at 77:24-78:8 ("THE COURT: "The finding of the Court is that the door has not been opened to spoliation, as Mr. Quinn has continually asked for, based on this line of questioning. Even if the door has been opened, I've already rejected the claim of evidence of spoliation up to this point."). If Mr. Larian's testimony did not open the door, surely Mattel's statement in opening did not.

MGA also argues it should be allowed to introduce evidence of Mr. Eckert's email practices, while still excluding all of Mattel's evidence of spoliation by MGA. The Court has already ruled that this kind of one-way street would result in "unacceptable inequity." See Dkt. No. 9716 at 2. If it was unacceptably inequitable to allow Mattel to discuss spoliation without allowing MGA to respond, the reverse must also be true. Introduction of the evidence as to Mr. Eckert would entitle Mattel to offer at least the following evidence:

- Testimony by the Court-appointed experts concerning their findings as to MGA's systematic use of the wiping program "BeClean" on hundreds of hard drives during the pendency of this case;

- Testimony by the Court-appointed experts concerning mass deletions on Brian Wing's hard drives;

- Testimony by the Court-appointed experts concerning MGA's failure to preserve and produce emails in its "ArchiveOne" email system;

- Farhad Larian's destruction of early Bratz documents;

- Carter Bryant's use of Evidence Eliminator after Court orders requiring him to comply with his discovery obligations had issued;

- Brian Wing's allegation that Isaac Larian instructed him to delete an email related to Mattel in late 2008.

## Conclusion

For the foregoing reasons, Mattel respectfully requests that the Court order that MGA and its witnesses are prohibited from arguing or attempting to introduce evidence related to purported deletion of email by Mr. Eckert.

DATED: March 1, 2011

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By /s/ John B. Quinn
  John B. Quinn
  Attorneys for Mattel, Inc.