UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No. CV 04-9049 DOC (RNBx)                                                    Date: March 2, 2011

Title: MATTEL, INC. v. MGA ENTERTAINMENT, INC.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Kathy Peterson | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFFS:   ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT                                                       NONE PRESENT

PROCEEDING (IN CHAMBERS): ORDER REGARDING FOOTNOTE 9 TO AMENDED ORDER
ON MOTIONS FOR SUMMARY JUDGMENT

Footnote 9 to the January 5, 2011 Amended Order on the Motions for Summary Judgment states: "This does not constitute a finding that subsequent generation dolls infringe. The grant of summary judgment on that issue is absolute." The term "this" in the first sentence of footnote 9 refers to the Court's conclusion, in the text, that a reasonable fact-finder could conclude that the Bratz production sculpt (TX 17733) infringed Bryant's concept sculpt (TX 1136) in which Mattel registered a copyright. *See* Dkt. 9600 at 16:11-13. The term "that issue" in the second sentence of footnote 9 refers to the Court's conclusion, in the text, that no reasonable fact-finder could find substantial similarity between the protectable expression in Bryant's concept sketches and all but two subsequent generation Bratz dolls. *Id.* at 28:8-13 (finding genuine issues of material fact as to whether Formal Funk Dana and Ooh La La Cloe infringe Bryant's concept sketches).

This Court, as the law requires, performed an extrinsic analysis comparing "articulable similarities" between the production sculpt (TX 17733) and concept sculpt (TX 1136). *See id.* at 15:3-16:13; *see also Funky Films, Inc. v. Time Warner Entm't Co., L.P.*, 462 F.3d 1072, 1076 (9th Cir. 2006) (describing extrinsic test). The Court found sufficient similarities between the precise angles of the two sculpts' skulls and facial features, abdomens, and arm sway to create a genuine issue of material fact as to substantial similarity of protectable expression and virtual identity overall. Dkt. 9600 at 15:16-16:10. Footnote 9 stated that the Court's findings on the sculpt did not implicate its later determination that all but two subsequent generation Bratz dolls — which unlike the sculpts express the idea of a

"complete young, hip female fashion doll[] with exaggerated features" — did not infringe Bryant's sketches.

Footnote 9 does not, however, preclude a jury finding that the production sculpt (TX 17733) infringes the concept sculpt (TX 1136). To infer this kind of preclusive effect from footnote 9 would render nugatory the Court's extrinsic analysis as to the sculpts. Mattel is entitled to argue that the two sculpts are virtually identical overall, and correspondingly seek the recovery of all available remedies, like the damages enumerated in the Copyright Act, 17 U.S.C. § 504.

It is likewise unreasonable to read footnote 9 to preclude the recovery of any profits by subsequent generation Bratz doll sales, even excluding sales of Ooh La La Cloe and Formal Funk Dana. It may be the case that none of the subsequent generation Bratz dolls incorporated the Bratz production sculpt (TX 17733). But that was not an issue on which either party moved for summary judgment, and indeed, MGA acknowledged that "many thousands of variations of the Bratz dolls" use the production sculpts as a "foundation." *See* MGA Motion for Summary Judgment at 33:19-20. Even if MGA sold sculpts that infringed the copyrighted Bryant sculpt, it may be the case that the vast majority, if not all, of MGA's profits flowed from factors unrelated to the protectable expression in the sculpt, like doll fashions, hairstyles, eye color, and product packaging. *See Mattel*, 616 F.3d at 916. However, neither party moved for summary judgment on the extent to which profits resulted from any sculpt infringement. This issue therefore remains unresolved as well.

In its January 5, 2011 amended order, the Court found a genuine issue of material fact as to whether TX 17733 and TX 1136 were virtually identical overall. That determination did not affect the Court's entry of summary judgment on the issue of whether all but two subsequent generation Bratz dolls infringed Bryant's concept sketches. The summary judgment order does not preclude Mattel from arguing that (1) the Bratz production sculpt infringes the Bryant sculpt; (2) many dolls incorporate the Bratz production sculpt; and (3) some portion of the profit generated from sales of those dolls is attributable to the sculpt infringement.

The Clerk shall serve this minute order on all parties to the action.