QUINN EMANUEL URQUHART & SULLIVAN, LLP
  John B. Quinn (Bar No. 090378)
  (johnquinn@quinnemanuel.com)
  William C. Price (Bar No. 108542)
  (williamprice@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017–2543
Telephone:   (213) 443–3000
Facsimile:    (213) 443–3100

Attorneys for Mattel, Inc., and Mattel de Mexico, S.A. de C.V.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation, and Mattel de Mexico, S.A. de C.V., a Mexico business entity,<br><br>Plaintiff,<br><br>vs.<br><br>MGA ENTERTAINMENT, INC., a California corporation, et al.,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04–9049 DOC (RNBx)<br>Consolidated with<br>Case No. CV 04–09059<br>Case No. CV 05–02727<br><br>Hon. David O. Carter<br><br>**MATTEL INC.'S MOTION FOR ADDITIONAL TIME TO DEPOSE JORGE CASTILLA, OR, IN THE ALTERNATIVE, TO USE CASTILLA'S INVOCATION OF THE FIFTH AMENDMENT FOR IMPEACHMENT**<br><br>Hearing Date:    TBD<br>Time:              TBD<br>Place:             Courtroom 9D<br><br>Discovery Cut–Off:   October 4, 2010<br>Pre–trial Conference: January 4, 2011<br>Trial:                January 18, 2011 |

00505.07975/3995223.1

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT, on a date to be determined by the Court, plaintiffs Mattel, Inc. and Mattel de Mexico, S.A. de C.V. (collectively, "Mattel") will, and hereby do, move the above-entitled Court to permit Mattel an additional day to depose Castilla.

This Motion is made on the grounds that since Castilla's prior deposition on October 22, 2008, at which he invoked the Fifth Amendment more than 500 times, refusing to answer all manner of questions relating to Mattel's trade secret misappropriation and other state law claims, Castilla has pleaded guilty to violating section 502(c)(1) of the California Penal Code, a felony offense.  In light of Castilla's guilty plea, his basis for invoking the Fifth Amendment at his prior deposition—a reasonable apprehension that he would be prosecuted given the then ongoing criminal investigations into his conduct—no longer exists.  Consequently, Mattel is entitled to depose Castilla on all categories of questions to which he invoked the Fifth Amendment at his prior deposition that are material to Mattel's claims in this case.  On February 26, 2011, Mattel was permitted to depose Castilla for 5.5 hours.  Due to the scope and technicality of the issues as to which Castilla previously invoked the Fifth Amendment, the time limitation placed on Castilla's February 26 deposition did not provide Mattel with adequate time to fairly examine Castilla regarding its trade secret misappropriation claim.  Accordingly, Mattel should be granted additional time for Castilla's deposition.

If additional time is not granted for Castilla's continued deposition, Mattel should be entitled to use his prior testimony at trial on subjects on which Mattel was prevented from examining Castilla at his February 2011 deposition, including Castilla's invocation of the Fifth Amendment.

00505.07975/3995223.1

-1-

*MATTEL, INC.'S MOTION FOR ADDITIONAL TIME TO DEPOSE JORGE CASTILLA OR, IN THE ALTERNATIVE, TO USE CASTILLA'S INVOCATION OF THE FIFTH AMENDMENT FOR IMPEACHMENT*

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the records and files of this Court, and all other matters of which the Court may take judicial notice, and such further argument and evidence which may be presented at or before the hearing.

**Certificate Of Compliance**

Mattel and MGA met and conferred regarding continuing the deposition of Jorge Castilla on March 3, 2011, but were unable to reach agreement regarding the issues raised in this motion.

DATED: March 3, 2011            QUINN EMANUEL URQUHART & SULLIVAN, LLP

By /s/ Michael T. Zeller
   Michael T. Zeller
   Attorneys for Mattel, Inc.

00505.07975/3995223.1

-2-
MATTEL, INC.'S MOTION FOR ADDITIONAL TIME TO DEPOSE JORGE CASTILLA OR, IN THE ALTERNATIVE, TO USE CASTILLA'S INVOCATION OF THE FIFTH AMENDMENT FOR IMPEACHMENT

**Statement of Relevant Facts**

Castilla is a manager and agent of defendant MGA. After accepting employment at MGA and before notifying Mattel of his intent to resign, Castilla accessed Mattel's databases and systems without authorization and digitally copied Mattel's confidential, proprietary and trade secret documents onto a device which he took with him.

In August 2010, criminal charges were brought against Castilla. On January 11, 2011, Castilla pleaded guilty to violating section 502(c)(1) of the <u>California Penal Code</u>, a felony offense. When Mattel first deposed Castilla on October 22, 2008, he invoked the Fifth Amendment more than 500 times in response to almost every question regarding Mattel's trade secret misappropriation claim against MGA. On February 26, 2011, Mattel deposed Castilla again. Due to the approximate 5.5-hour time limitation, Mattel was prevented from adequately examining him concerning material issues about which he previously refused to testify. Mattel therefore respectfully requests additional time to examine Mr. Castilla.

**Argument**

**I.     MATTEL IS ENTITLED TO ADDITIONAL TIME TO EXAMINE CASTILLA REGARDING MATERIAL ISSUES AS TO WHICH HE PREVIOUSLY INVOKED THE FIFTH AMENDMENT**

**A.     Castilla Is A Key Participant In The Acts Forming The Basis Of Mattel's Misappropriation Claim**

First, Mattel is entitled to additional time for Castilla's deposition because Castilla is a key participant in the acts that form the basis of Mattel's claim of trade secret misappropriation against MGA. Castilla's central role in the alleged wrongful conduct justifies more time than the approximately 5.5 hours Mattel was given for his February 2011 deposition. Mattel was prevented from examining Castilla about his obligations to maintain the confidentiality of Mattel's trade secret information, the projects on which he worked at Mattel, the contents of virtually all of the trade

secret documents that he took, and Castilla's and MGA's use of the Mattel trade secret documents.

Indeed, MGA was permitted to depose Mattel 30(b)(6) witness Laura Owens for two full days—totaling 15.5 hours—on Topics 1 through 4 alone, which relate to the existence, identity, creation, preparation, compilation and independent value of the Mattel trade secrets that Castilla took. The Discovery Master made it clear that MGA would be permitted to depose Ms. Owens as a matter of right well past any seven hour limitation.[1] Mattel should similarly be afforded sufficient time to examine Castilla on all relevant issues relating to his taking of Mattel's trade secrets.

Mattel would suffer prejudice at trial if it were denied fair opportunity to depose Castilla on critical topics such as the contents of each of the trade secret documents that Castilla took. Castilla will be able to testify at trial about the taken documents' supposed lack of significance or value, and without an opportunity to elicit testimony from Castilla in advance concerning his testimony on the content of each trade secret document, Mattel would be unable to cross-examine him effectively on critical points relating to the documents' trade secret status. For example, at his February 2011 deposition, Castilla testified that in his opinion the International Strategic Plan (one of Mattel's claimed trade secrets) was not a forward looking five-year strategic plan, and Mattel witnesses would be wrong if they testified that it was.[2] When questioned about the basis for his opinion, Castilla revealed that he was just guessing and his opinion was based on pure speculation.[3] Without the opportunity to elicit this type of testimony from Castilla about each trade secret document prior to Castilla's trial testimony, Mattel will be unfairly

---

[1] See Deposition Transcript of Mattel 30(b)(6) Witness (Laura Owens), dated Dec. 14, 2009, Vol. I, at 329:22-330:6.

[2] Rough Deposition Transcript of Jorge Castilla, dated February 26, 2011 ("Rough Tr."), at 186:8-188:1.

[3] Rought Tr. 188:3-15.

1  deprived of the ability to effectively cross-examine him and will face unfair surprise
2  at trial.

3  Moreover, additional time is warranted since the issues on which Castilla is to
4  be examined are technical.  Seventy of the trade secret documents that Castilla took
5  demonstrate and describe the function, method and manner of operation of the
6  forecasting, demand planning, and sales planning systems or processes used by
7  Mattel as of April 2006.  The quality and value of the contents of these documents
8  are very much disputed by MGA.  Given the technical nature of the trade secret
9  documents, additional time is warranted to allow Mattel to elicit Castilla's complete
10 testimony on their contents.  Additional time is particularly appropriate where
11 Mattel has been prevented from obtaining testimony on this issue.  At his October
12 2008 deposition, Castilla invoked the Fifth Amendment in response to all questions
13 concerning the contents of the trade secret documents that he took.[4]  And at
14 Castilla's February 2011 deposition, Mattel was prevented from asking Castilla
15 about the contents of virtually all of these documents.

16 **B.  Castilla's Testimony Is Needed With Respect To His Work At**
17 **MGA Designing Its Forecast Portal and Supporting Data**
18 **Warehouse**

19 Similarly, Castilla's testimony relating to Castilla's and MGA's use of the
20 Mattel trade secret information involves technical issues requiring explanation.
21 Castilla can now testify about MGA's forecasting and inventory management
22 systems and his involvement with the development of the Forecast Portal (one of
23 Castilla's main projects at MGA) and its supporting data warehouse.  Previously,
24 Castilla invoked the Fifth Amendment in response to all manner of questions

---

[4] See, e.g., Deposition Transcript of Jorge Castilla, dated October 22, 2008 ("Castilla Tr."), at 184:14-21; Castilla Tr. 250:13-16; Castilla Tr. 250:17-19; Castilla Tr. 250:20-21; Castilla Tr. 250:22-23.

relating to MGA's use of the trade secrets.[5] Moreover, in September 2010, the Court had ordered MGA to produce a 30(b)(6) witness for deposition on Topic 62, which was about the work Castilla did at MGA. However, MGA's designated witness, Jolicoeur, said he could not speak to Castilla in preparation due to Castilla's having invoked the Fifth Amendment[6] and admitted he had not reviewed even the most basic documents relating to the topic.[7] As a result, this empty-vessel witness[8] was nowhere near prepared to provide the company's knowledge as to Castilla's work.[9] Then MGA produced 750,000 pages of forecasting and inventory management documents in the weeks after the discovery cut-off, preventing any questioning on these documents at all. One of these new documents featured another former Mattel employee at MGA acknowledging, to two other former Mattel employees including Mr. Castilla, that Mr. Castilla's new draft of the MGA Forecast Portal Business Requirements included things they had discussed at Mattel during Mattel's Manugistics pilot program.[10]

### C.  **The Witness Wasted Time**

Additional time is also warranted where the witness wasted time by providing unnecessarily longwinded testimony in response to simple questions on material issues. For example:

---

[5] See, e.g., Castilla Tr. 195:11-14; Castilla Tr. 346:22-347:2; Castilla Tr. 302:12-16; Castilla Tr. 302:17-19; Castilla Tr. 302:20-23; Castilla Tr. 301:6-8; Castilla Tr. 301:14-16.
[6] Deposition Transcript of MGA 30(b)(6) Witness (Jolicoeur), Vol. XXIV, dated October 1, 2010 ("Jolicoeur Tr."), at 5985:21-22; Jolicoeur Tr., at 6015:4-20. See also id. at 6039:18-6040:1 (testifying, "I was instructed not to communicate with Mr. Castilla relative to Topic 62 because he has pleaded the Fifth and, as such, he was off limits.").
[7] Jolicoeur Tr., at 6061:15-6062:9; 6064:16-6065:11; 6068:5-7.
[8] Jolicoeur did not arrive at MGA until November 2009, long after most of Castilla's work at issue was done.
[9] Jolicoeur Tr. at 6010:19-22.

00505.07975/3995223.1

-4-

*MATTEL, INC.'S MOTION FOR ADDITIONAL TIME TO DEPOSE JORGE CASTILLA OR, IN THE ALTERNATIVE, TO USE CASTILLA'S INVOCATION OF THE FIFTH AMENDMENT FOR IMPEACHMENT*

| | | |
|---|---|---|
| 1 | Q. | Okay. Does the -- does the 26th ring a bell in terms of your last day |
| 2 | | of employment at Mattel? |
| 3 | A. | One moment, please. |
| 4 | Q. | Sure. |
| 5 | A. | I believe March 26th is a Thursday, so I believe that it was Friday, |
| 6 | | March 27th would have been my last day but I'm not a hundred |
| 7 | | percent sure. I'm just doing a calculation in my head of two week |
| 8 | | [sic] after I gave notice. |

Rough Tr. 18:12-21.

Another example:

| | | |
|---|---|---|
| Q. | | Can you deny that that was when you were assigned to work on the sales planning enhancements? |
| A. | | I don't know that -- maybe I'm wrong, but I don't -- I don't know that I was ever officially assigned to work on the sales planning enhancements myself. If I remember correctly, a colleague, Fernando Agresti, was assigned to work on that project. |
| Q. | | So if there are documents – |
| A. | | I don't know if I was officially assigned to do so. I know that there was -- if I remember correctly, around the time I was leaving, my boss, Brenda Ray Martin, was -- I believe I had gotten indication somehow that I would be working on that project and be the business leader on that project, but I could be mistaken. I don't want to swear to that. |

Rough Tr. at 88:2-18.

The Discovery Master did allow an extra half hour to make up for the witness' refusal to acknowledge his own court-stamped January 11, 2011 plea agreement, but the time limit just encouraged the witness to unnecessarily lengthen his answers throughout the deposition so as to run out the clock. Mattel is entitled

to additional time for Castilla's continued deposition to make up for the time he wasted.

## II. IN THE ALTERNATIVE, MATTEL IS ENTITLED TO USE CASTILLA'S PRIOR TESTIMONY AT TRIAL ON SUBJECTS ON WHICH MATTEL WAS PREVENTING FROM EXAMINING HIM AT HIS RECENT DEPOSITION

In October 2008, Mattel was permitted to depose Castilla for a full day. This Court has generally not limited depositions to seven hours and has recognized depositions as a preferred vehicle to obtain evidence of use: "The Court has long prioritized depositions over written discovery for the very reason that testimonial evidence about MGA's use of Mattel's trade secrets is less costly and burdensome and, in addition, narrowly tailored to the subject matter."[11]  If additional time is not granted for Castilla's continued deposition, Mattel should be entitled to use his prior testimony at trial on subjects on which Mattel was prevented from examining Castilla at his February 2011 deposition for purposes of impeachment.

---

[11] Dkt. 8459, at 5.

## Conclusion

For the foregoing reasons, Mattel respectfully requests that the Court permit Mattel an additional day for the continued deposition of Castilla. In the alternative, Mattel respectfully requests that the Court allow Mattel to use Castilla's prior testimony, including his invocations of the Fifth Amendment, for impeachment purposes on any subjects that Mattel was precluded from examining him on during his February 2011 deposition.

DATED:  March 3, 2011                QUINN EMANUEL URQUHART &
                                     SULLIVAN, LLP


                                     By /s/ Michael T. Zeller
                                       Michael T. Zeller
                                       Attorneys for Mattel, Inc. and
                                       Mattel de Mexico, S.A. de C.V.

00505.07975/3995223.1

-7-

*MATTEL, INC.'S MOTION FOR ADDITIONAL TIME TO DEPOSE JORGE CASTILLA OR, IN THE ALTERNATIVE,
TO USE CASTILLA'S INVOCATION OF THE FIFTH AMENDMENT FOR IMPEACHMENT*