ANNETTE L. HURST (State Bar No. 148738)
ahurst@orrick.com
WARRINGTON S. PARKER III (State Bar No. 148003)
wparker@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105
Telephone: 415-773-5700
Facsimile: 415-773-5759

WILLIAM A. MOLINSKI (State Bar No. 145186)
wmolinski@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA 90017
Telephone: 213-629-2020
Facsimile: 213-612-2499

THOMAS S. MCCONVILLE (State Bar No. 155905)
tmcconville@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
4 Park Plaza, Suite 1600
Irvine, CA 92614-2258
Tel: (949) 567-6700/Fax: (949) 567-6710

Attorneys for MGA Parties

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | Case No. CV 04-9049 DOC (RNBx)<br>Consolidated with Case No. CV 04-9059 and Case No. CV 05-2727<br><br>**MGA PARTIES' TRIAL MOTION FOR RECONSIDERATION OF THE COURT'S SUMMARY JUDGMENT RULING REGARDING MGA'S SECTION 205(D) DEFENSE; DECLARATION OF DIANA M. RUTOWSKI IN SUPPORT**<br><br>Date: TBD<br>Time: TBD<br>Dept: Courtroom 9D<br>Judge: Hon. David O. Carter<br><br>Trial Date: January 18, 2011 |

# INTRODUCTION

The bona fide purchaser for value rule is intended to protect parties such as MGA—later purchasers who first record a copyright interest taken in good faith, for valuable consideration and without notice of an earlier transfer.  Yet, this Court granted Mattel's motion for summary judgment as to MGA's affirmative defense brought pursuant to 17 U.S.C. § 205(d), finding that MGA had never "recorded" its employment agreement with Bryant.  Dkt. # 9600 at 117-118.  MGA respectfully submits that this ruling was in error because:  (1) MGA registered copyrights identifying (a) Bryant as the author, (b) the creation date of 1998, and (c) ownership by assignment, long before Mattel registered or recorded any copyrights in Bratz; (2) a "Short Term Option" was recorded at the Copyright Office between MGA and Twentieth Century Fox reflecting the assignment from Bryant to MGA; and (3) Mattel had actual notice and is therefore estopped from asserting lack of recordation since recordation is only designed to ensure constructive notice and here Mattel knew of the assignment.  MGA's registrations, Mattel's actual notice, and the Fox assignment all occurred long before Mattel first sought to register and record any interest in the Bratz works in 2006.  And each of these events is independently sufficient to satisfy the recordation requirement of Section 205(d).  At a minimum, whether or not MGA met the recordation requirement of Section 205(d) is a question that revolves around disputed facts properly submitted to the jury.

Moreover, at trial, Mattel has opened the door to MGA's bona fide purchaser for value defense by implying in its questioning of witness after witness that Carter Bryant's representations and warranties to MGA were legally irrelevant to the question of transfer.  But it is exactly a purchaser obtaining these sorts of reps and warranties that Section 205(d) was designed to protect.  Under Section 205(d), these representations and warranties absolutely can have legal effect on the question of ownership.  In light of this questioning, Mattel has misstated the law.  Mattel has

put at issue the very defense that MGA did, in fact, acquire interest in Bratz from Carter Bryant in good faith and without notice under Section 205(d) pursuant to Mr. Bryant's representations and warranties. Mattel should not now be permitted to hide behind the recordation requirement in light of its legal misstatements, especially when it had actual notice of the assignment from Carter Bryant at least by November 2003—indeed, Mr. Eckert admitted as much on the stand during his testimony.

For all of the foregoing reasons and those presented below, MGA should be permitted to present its Section 205(d) bona fide purchaser defense to the jury.

## ARGUMENT

### I. RECONSIDERATION IS WITHIN THE SOUND DISCRETION OF THE TRIAL COURT WHEN THERE IS CLEAR ERROR.

Based on changed circumstances at trial, the Court can, and should, reconsider its earlier summary judgment ruling. *School Dist. No. 1J, Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); *Winkles v. United States*, 2008 WL 755933 *1 & n. 2 (C.D. Cal. Mar. 18, 2008) (quoting *School Dist. No. 1J* and finding that the standard for a motion for reconsideration pursuant to Local Rule 7-18 "is neither materially nor substantively different"); *see also Rodgers v. Watt*, 722 F.2d 456, 460 (9th Cir. 1983) (en banc) (motions to reconsider are committed to the discretion of the trial court).

### II. WHETHER MGA SATISFIED 205(D) MUST BE SUBMITTED TO THE JURY.

As the Court acknowledges, 17 U.S.C. § 205(d) provides, in relevant part, that "[a]s between two conflicting transfers . . . *the later transfer prevails if recorded first* . . . and if taken in good faith for valuable consideration or on the basis of a binding promise to pay royalties, and without notice of the earlier transfer." Dkt. #9600 at 117 (emphasis added); 17 U.S.C. § 205(d). Thus, Section 205(d) lays out four elements required for a later transfer to prevail: (1) recordation

with the Copyright Office first in such a manner as to give Mattel constructive notice of the transfer; (2) executed in good faith; (3) for valuable consideration; and (4) without notice of an earlier transfer. *Id*.

### A. Mattel Opened The Door To MGA's Section 205(d) Defense By Adducing Testimony Purporting to Establish That Bryant's Reps and Warranties Are Irrelevant To The Question Of Transfer.

Through multiple witnesses, Mattel has asked questions purporting to adduce testimony that Carter Bryant's representations and warranties to MGA are irrelevant. For example, counsel for Mattel asked Mr. Rosenbaum, MGA's attorney in the transaction with Mr. Bryant: "Q. So the warranties that you were drafting up that Mr. Bryant was going to make to MGA, those warranties didn't protect MGA from a claim of ownership by a third party such as Mattel?" 2/22/11 Trial Tr. Vol. 1 at 152:5-9 ("A. I don't think that's a correct statement."). In a similar vein, counsel for Mattel asked Mr. Larian "Q. Let me ask you, this is a yes-or-no question, you understood that regardless of the representations and warranties from Mr. Bryant from the seller, that if it turned out Mattel owned them, that they would belong to Mattel and not to you, regardless of what he said, if that were the case?" 2/8/11 Trial Tr. Vol. 2 at 45:21-46:1 ("A . Yes, and Mattel didn't own them."). In fact, Section 205(d) was implemented specifically to protect a later bona fide purchaser for value such as MGA, contrary to the implication of counsel's question. Mattel's line of questioning has opened the door for MGA to argue that the representations and warranties that it obtained from Carter Bryant are exactly what is needed for MGA to have obtained transfer of rights from Mr. Bryant in good faith and without notice of an earlier transfer.

### B. MGA's Registration Listing Bryant As The Author, Creation In 1998, and Ownership By Assignment Satisfy "Recordation".

Mattel moved, and the Court ruled, only on one requirement of Section 205(d)—recordation. Dkt. # 9044 at 72-73 (Mattel's Motion for Partial Summary Judgment, "MPSJ"); Dkt. # 9600 at 117-118 (Amended Order on Summary

Judgment). It is undisputed that the other three elements are properly submitted to a jury, as correctly noted by Judge Larson in the prior phase of this trial: "a trial on the merits is likely to resolve the less complex factual issue of whether MGA acted in good faith and without notice of an earlier assignment of rights," deferring ruling on the issue of recordation until after trial. Dkt. # 3286 at 8. Thus, if this Court concludes upon further examination that there are disputed facts on the recordation issue, it is clear that Mattel's motion on Section 205(d) must be denied.

Recordation is defined in Section 205(c). *See* 3 Nimmer on Copyright § 10.07[A][4]; Mattel's Dkt. # 9044 at 72 (Mattel's MPSJ). Section 205(c) provides that constructive notice is effective if "(1) the document, or material attached to it, specifically identifies the work to which it pertains so that, after the document is indexed by the Register of Copyrights, it would be revealed by a reasonable search under the title or registration number of the work; and (2) registration has been made for the work." 17 U.S.C. § 205(c).

MGA acquired Bryant's copyrights via its agreement with Carter Bryant executed October 4, 2000. TX 15 (MGA's October 4, 2000 Agreement with Carter Bryant).[1] By December 2003, MGA satisfied the notice requirement of Section 205(c), making it the first to record. Specifically, on December 22 and 23, 2003, MGA filed copyright applications for Carter Bryant's Jade, Sasha, Cloe, and Yasmin Drawings as well as the Bratz Group Drawing, all of which registered: VA 1-218-487, VA 1-218-488, VA 1-218-490, VA 1-218-491, VA 1-218-489. TX 505, 507, 509, 511,[2] 513.[3] These registrations <u>list Carter Bryant as the author of the work</u> (Box 2a) and ownership is explicitly claimed by MGA <u>through assignment</u> from Bryant (Box 4). *Id*. They further identify the creation date as 1998 and the publication date as 2001. *Id*. Thus, by December 2003, MGA had filed documents

---

[1] Admitted into evidence at trial on 1/27/11.
[2] TX 505, 507, 509 and 511 were admitted into evidence at trial on 2/16/11.
[3] TX 513 was identified and provided to the Court in connection with MGA's Compendium of Previously Marked Exhibits lodged with its Motion for Summary Judgment , Dkt. No. 9169, filed 11/2/10.

with the Copyright Office that specifically identify the works to which they pertain and obtained registrations for the works. These documents are indexed by the Register of Copyrights and revealed by a reasonable search for each of the search terms "Carter Bryant," "MGA," "Bratz," "Jade," "Sasha," "Cloe," and "Yasmin" within the relevant date period (copyright records are sorted by year of publication, here 2001) . Rutowski Decl. ¶¶ 2-8; Exs. A-G. The resulting records corresponding to the relevant registration numbers provide not only the name of the drawing but also the copyright claimant MGA Entertainment, Inc., the author on the application Carter Bryant, and the dates of creation and publication. *Id*. ¶¶ 9-13; Exs. H-L. As of December 2003, the public was on notice that MGA acquired rights in the Bratz drawings from Carter Bryant by assignment.

Mattel, on the other hand, did not seek registration or recordation of any copyright interest in the Bratz drawings until 2006. TX 13873- TX 13888 (Mattel's 2006 copyright registrations).[4] MGA beat Mattel to the punch.

### C. In April 2004 An Assignment Was Recorded That Reflects MGA's Ownership of Carter Bryant's Works.

The requirement to put the world on constructive notice that MGA had acquired by assignment from Bryant was additionally satisfied by yet another event in April 2004, long before Mattel's registration in 2006. Specifically, on April 28, 2004, a "Short Term Option" was recorded at the Copyright Office between MGA and Twentieth Century Fox, whereby Twentieth Century Fox obtained options to acquire motion picture rights to Bratz as reflected in MGA's copyright registrations, including those listed above. TX 27506.[5] The Short Term Option recites the chain of title from Bryant through MGA to Twentieth Century Fox,

---

[4] These exhibits were identified and provided to the Court in connection with MGA's Compendium of Previously Marked Exhibits lodged with its Motion for Summary Judgment , Dkt. No. 9169, filed 11/2/10.
[5] Rutowski Decl. Ex. M is the certified copy of the Certificate of Recordation. A copy of the Certificate was filed as Exhibit 6 to Dkt. # 9015 (MGA Parties' Request for Judicial Notice in Support of Opposition to Mattel's Motion for Partial Summary Judgment).

1  including the registrations for the works authored by Carter Bryant: VA 1-218-487,
2  VA 1-218-488, VA 1-218-490, VA 1-218-491, VA 1-218-489. *Id.* at 8. As a
3  result, a search of the "Public Catalog" of the Copyright Office reveals the titles and
4  registration numbers of the works authored by Carter Bryant, assigned to MGA,
5  and then recorded in connection with the Short Term Option to Twentieth Century
6  Fox. TX 27254.[6]  The recordation by Twentieth Century Fox yet again satisfied
7  Section 205(d) long before Mattel recorded its purported transfer from Bryant. At a
8  minimum, there exists a disputed issue of fact as to whether MGA can satisfy the
9  recordation requirement under Section 205(d).

### D. Mattel Is Estopped From Arguing It Recorded First Because It Was On Actual Notice of MGA's Copyright Interests.

Separately and independently of the constructive notice afforded by MGA's copyright registrations, Mattel had *actual knowledge* of Bryant's assignment to MGA long before it registered or recorded any interest of its own in 2006. Mattel obtained the drawings and the contract no later than November 2003. 3/1/11 Trial Tr. Vol. 2 at 47:2-18; Dkt. #2767-10, 2767-11 (Declaration of Michael Moore in Support of Mattel, Inc.'s Consolidated Opposition to Defendants' Motions for Partial Summary Judgment and exhibits thereto); *see also* 1/18/11 Trial Tr. Vol. 1 at 50:16-23, 51:7-10. Yet, Mattel now advances a position that is clearly inconsistent with its actual notice. It should be estopped from doing so. "Under the judicial estoppel doctrine, where a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position, especially if it be to the prejudice of the party who has acquiesced in the position formerly taken by him." *New Hampshire v. Maine*, 532 U.S. 742 at 742-743 (2001).

In *New Hampshire*, the Supreme Court identified several factors guiding the

---

[6] The document marked TX 27284 (MGA2 7132044-45) was filed as Exhibit 14 to the Declaration of Melanie D. Phillips in Support of MGA Parties' Opposition to Mattel's Motion for Partial Summary Judgment, dated 10/29/10.

decision to apply judicial estoppel: (1) the party's later position must be clearly inconsistent with the earlier position; (2) the party must have succeeded in persuading a court to adopt the earlier position in the earlier proceeding; and (3) the courts consider "whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." *Id.* at 751.

On the one hand, Mr. Eckert admitted at trial that he saw the Bryant-MGA agreement and "Bratz drawings" by the fall of 2003. 3/1/11 Trial Tr. Vol. 2 at 47:2-18. In opening statement, Mattel's counsel stated that on November 24, 2003, Mattel received "the contract between MGA and Carter Bryant dated as of September 18, 2000, a date when Mr. Bryant was still working as a doll designer for Mattel," and "17 drawings that Mr. Bryant had brought to MGA in the summer of 2000, the original Bratz design drawings." 1/18/11 Trial Tr. Vol. 1 at 50:16-23, 51:7-10. In fact, in the first phase of this case, Mattel also admitted testimony about becoming aware of Bryant's Bratz drawings for the first time in November 2003 in response to MGA's statute of limitations defense on the copyright claim. *See also* Dkt. #2767-10, 2767-11 (Declaration of Michael Moore in Support of Mattel, Inc.'s Consolidated Opposition to Defendants' Motions for Partial Summary Judgment and exhibits thereto). In that phase, Mattel succeeded in defeating MGA's statute of limitations defense (Dkt. # 3902 at 4) and in obtaining a jury verdict in its favor (Dkt. # 4279). Mattel has used and seeks to use its actual notice of Bryant's assignment to MGA of the Bratz drawings in November 2003 to its advantage in this litigation.

On the other hand, Mattel now advances a position that is clearly inconsistent with its actual notice of MGA's copyright interest in Bryant's Bratz works in 2003. Specifically, in an effort to defeat MGA's 205(d) defense, Mattel argues that MGA's 2003 registrations do not constitute recordation or constructive notice of MGA's rights by assignment from Mr. Bryant. This is exactly the kind of situation

estoppels is intended to prevent: "[t]his rule, known as judicial estoppel, 'generally prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase.'" *New Hampshire*, 532 U.S. at 749; *Pegram v. Herdrich*, 530 U.S. 211, 227 (2000); *Yniguez v. State of Ariz.*, 939 F.2d 727 (9th Cir. 1991) ("we will not allow a party to seek an outcome directly contrary to the result he sought and obtained in the district court") (emphasis in original); 18 Moore's Federal Practice § 134.30, p. 134-62 (2011 LexisNexis ed.) ("The doctrine of judicial estoppel prevents a party from asserting a claim in a legal proceeding that is inconsistent with a claim taken by that party in a previous proceeding").

Mattel cannot rely upon its actual notice of the relevant contract to rebut the statute of limitations defense while at the same time seeking to defeat MGA's bona fide purchaser defense by disclaiming that it had constructive notice. Mattel's actual notice as of at least 2003 or 2004, years before Mattel filed for a registration or recordation in 2006, estops it from making any argument that MGA's prior recordation was deficient in any way. At a minimum, MGA is entitled to a trial of the issue.

## CONCLUSION

For the foregoing reasons, MGA respectfully requests that this Court submit the Section 205(d) defense to the jury. A proposed jury instruction for that defense also is attached hereto as an Appendix hereto.

Dated: March 4, 2011

Respectfully submitted,
ORRICK, HERRINGTON & SUTCLIFFE LLP

By: _____*/s/ Diana M. Rutowski*_____
Diana M. Rutowski
Attorneys for MGA ENTERTAINMENT, INC., MGA ENTERTAINMENT HK, LTD., MGA de MEXICO, S.R.L. de C.V., and ISAAC LARIAN