QUINN EMANUEL URQUHART & SULLIVAN, LLP
  John B. Quinn (Bar No. 090378)
  (johnquinn@quinnemanuel.com)
  William C. Price (Bar No. 108542)
  (williamprice@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc. and Mattel de Mexico, S.A. de C.V.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| MATTEL, INC., a Delaware corporation, et al., | CASE NO. CV 04-9049 DOC (RNBx) |
|---|---|
| Plaintiff, | Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727 |
| vs. | Hon. David O. Carter |
| MGA ENTERTAINMENT, INC., a California corporation, et al.,<br><br>Defendant. | **MATTEL'S TRIAL BRIEF RE: ADMISSIBILITY OF COPYRIGHT REGISTRATION CERTIFICATES AND CERTIFICATES OF RECORDATION PURSUANT TO FEDERAL RULES OF EVIDENCE 803(8) AND 902(1)** |
| AND CONSOLIDATED ACTIONS | Hearing Date: TBD<br>Time: TBD<br>Place: Courtroom 9D<br><br>Discovery Cut-off: October 4, 2010<br>Pre-trial Conf: January 4, 2011<br>Trial Date: January 11, 2011 |

00505.07975/3997718.3

MATTEL'S TRIAL BRIEF RE: ADMISSIBILITY OF COPYRIGHT OFFICE PUBLIC RECORDS

## Preliminary Statement

Mattel and MGA have identified a number of copyright registration certificates and certificates of recordation as potential exhibits for trial. In an effort to increase trial efficiency and reduce the occurrence of extraneous argument relating to the admissibility of such evidence, Mattel sought a stipulation regarding the admissibility of both parties' pertinent copyright registration certificates and certificates of recordation. MGA has refused to so stipulate.

Mattel now seeks a determination from this Court regarding the admissibility of the following copyright registration certificates and certificates of recordation, all of which are public records under seal admissible pursuant to Federal Rules of Evidence 803(8) and 902(1):

| | **MATTEL'S EXHIBITS** |
|---|---|
| 13757A | November 6, 2006 Mattel copyright recordation – Copyright VA 1-218-487 (JADE Drawing), VA 1-218-488 (SASHA Drawing), VA 1-218-489 (BRATZ Group Drawing), VA 1-218-490 (CLOE Drawing), VA 1-218-491 (YASMIN Drawing) |
| 13758A | November 6, 2006 Mattel copyright recordation – Carter Bryant's Inventions Agreement |
| 13759A | November 7, 2006 Mattel copyright recordation – Copyright VA 1-378-648, VA 1-378-649, VA 1-378-650, VA 1-378-651, VA 1-378-652, VA 1-378-653, VA 1-378-654, VA 1-378-655, VA 1-378-656, VA 1-378-657, VA 1-378-658, VA 1-378-659, VA 1-378-660, VAu 715-270, VA7 715-271, VAu 715-273, VA 1-218-4887, VA 1-218-488, VA 1-218-489, VA 1-218-490, VA 1-218-491 |
| 13875 | October 30, 2006 Mattel copyright registration – Copyright VA 1-378-650 – Group Drawing of Dolls |
| 13876 | October 30, 2006 Mattel copyright registration – Copyright VA 1-378-651 – Drawing of Doll No. 3 |
| 13877 | October 30, 2006 Mattel copyright registration – Copyright VA 1-378-652 – Drawing of Doll No. 4 |
| 13878 | October 30, 2006 Mattel copyright registration – Copyright VA 1-378-653 – Drawing of Doll No. 5 |
| 13879 | October 30, 2006 Mattel copyright registration – Copyright VA 1-378-654 – Drawing of Doll No. 6 |
| 13881 | October 30, 2006 Mattel copyright registration – Copyright VA 1-378-656 – Drawing of Doll No. 8 |
| 13882 | October 30, 2006 Mattel copyright registration – Copyright VA 1-378-657 – Drawing of Doll No. 9 |

| **MATTEL'S EXHIBITS** | |
|---|---|
| 13883 | October 30, 2006 Mattel copyright registration – Copyright VA 1-378-658 – Drawing of Doll No. 10 |
| 13884 | October 30, 2006 Mattel copyright registration – Copyright VA 1-378-659 – Drawing of Doll No. 11 |
| 13885 | October 30, 2006 Mattel copyright registration – Copyright VA 1-378-660 – Drawing of Doll No. 12 |
| 13886 | October 30, 2006 Mattel copyright registration – Copyright VAu 715-270 – Body Drawing |
| 13887 | October 30, 2006 Mattel copyright registration – Copyright VAu 715-271 – Drawing of Two Dolls |
| 13888 | October 30, 2006 Mattel copyright registration – Copyright VAu 715-273 – Drawing of Heads |
| 13889 | October 30, 2006 Mattel copyright registration – Copyright VAu 960-439 – Doll Sculpt Drawing |
| 13890 | July 25, 2008 Mattel copyright registration – Copyright VAu 964-304 – Bryant Drawings D |
| 13891 | July 25, 2008 Mattel copyright registration – Copyright VAu 964-306 – Bryant Drawings C |
| 13892 | July 25, 2008 Mattel copyright registration – Copyright VAu 964-308 – Bryant Drawings B |
| 13893 | July 25, 2008 Mattel copyright registration – Copyright VAu 964-309 – Bryant Drawings A |
| 13894 | July 25, 2008 Mattel copyright registration – Copyright VAu 964-310 – Bryant Bratz Pitch Materials B |
| 13895 | July 25, 2008 Mattel copyright registration – Copyright VAu 964-311 – Bryant Bratz Pitch Materials A |
| 13896 | July 25, 2008 Mattel copyright registration – Copyright VAu 964-315 – Bryant Drawings E |
| 13897 | July 25, 2008 Mattel copyright registration – Copyright VAu 964-318 – Bryant Drawings F |
| 13898 | July 25, 2008 Mattel copyright registration – Copyright VAu 964-319 – Drawings of Heads |
| 13899 | July 25, 2008 Mattel copyright registration – Copyright VAu 964-320 – Body Drawings |
| 13900 | July 25, 2008 Mattel copyright registration – Copyright VAu 964-321 – Body and Head Sculpture |
| 13912A | August 4, 2008 Mattel copyright recordation – Copyright VAu 964-311, VAu 964-310, VAu 964-309, VAu 964-308, VAu 964-306, VAu 964-304, VAu 964-315, VAu 964-318, VAu 964-319, VAu 964-320, VAu 964-321 |
| 13913A | May 22, 2008 Mattel copyright recordation – Copyright VAu 960-439 |

| | **MGA'S EXHIBITS** |
|---|---|
| 513 | December 22, 2003 MGA copyright registration – Copyright VA 1-218-489 – Bratz Group Drawing |
| 565 | July 24, 2002 MGA copyright registration – Copyright VA 1-148-305– Bratz Doll Sculpture (Female) |
| 10819 | September 9, 2003 MGA copyright registration – Copyright VA 1-244-684 – Bratz Dolls Style Guide – Supplement Fall 2003 / Winter 2004 |
| 10822 | October 14, 2005 MGA copyright registration – Copyright VA 1-323-021 – Bratz Boyz Sculpt (Version 2) |
| 10824 | March 25, 2002 MGA copyright registration – Copyright Vau 550-696 – Bratz Boyz Doll Sculpture (Male) |
| 10825 | July 1, 2005 MGA copyright registration – Copyright Vau 692-372 – Bratz Babyz Sculpts |
| 10837 | January 25, 2006 MGA copyright registration – Copyright VA 1-340-167– Bratz Rock Angelz Packaging Style Guide Fall 2005 |
| 10839 | December 13, 2005 MGA copyright registration – Copyright VA 1-339-147 – Bratz Rock Angelz Dolls – Configuration, Packaging, & Accessories |
| 10843 | August 18, 2005 MGA copyright registration – Copyright VA 1-315-646 – Bratz Petz Fox – Soft Toys, Accessories, Packaging & Configuration |
| 10844 | August 18, 2005 MGA copyright registration – Copyright VA 1-315-645 – Bratz Petz Dogz – Soft Toys, Accessories, Packaging & Configuration |
| 10845 | March 28, 2005 MGA copyright registration – Copyright VA 1-301-538 – Bratz Petz Catz – Soft Toys, Accessories, Packaging & Configuration |
| 10851 | May 17, 2006 MGA copyright registration – Copyright VA 1-363-563 – Lil Bratz Go To The Zoo Styling Guide – Spring 2007 |
| 10852 | May 17, 2006 MGA copyright registration – Copyright VA 1-363-662 – Lil Bratz Go To The Zoo Packaging Styling Guide – Spring 2007 |
| 10860 | February 1, 2006 MGA copyright registration – Copyright VA 1-334-487 – Bratz Campfire Packaging Style Guide Holiday 2005 |
| 10861 | February 1, 2006 MGA copyright registration – Copyright VA 1-334-488 – Bratz Ooh La La Packaging Style Guide Holiday 2005 |
| 10862 | November 1, 2005 MGA copyright registration – Copyright Registration form VA 1-337-265 – Bratz Rock Angelz Fashion Funky Makeover |
| 10863 | November 1, 2005 MGA copyright registration – Copyright VA 1-337-266 – Bratz Funky Fashion Makeover |
| 10864 | January 25, 2006 MGA copyright registration – Copyright VA 1-340-165 – Bratz Passion 4 Fashion Packaging Style Guide Fall 2006 |
| 10865 | January 25, 2006 MGA copyright registration – Copyright VA 1-340-168 – Bratz Genie Magic Style Guide |
| 10866 | January 25, 2006 MGA copyright registration – Copyright VA 1-340-169 – Bratz Genie Magic Packaging Style Guide Spring 2006 |
| 10867 | January 25, 2006 MGA copyright registration – Copyright VA 1-340-170 – |

| | **MGA'S EXHIBITS** |
|---|---|
| | Bratz Passion 4 Fashion Style Guide |
| 10868 | January 8, 2007 MGA copyright registration – Copyright VA 1-390-709 – Bratz Ponyz Show Ponyz Fall 2007 Style Guide |
| 10869 | February 16, 2007 MGA copyright registration – Copyright PAu 3-096-376 – Bratz Passion 4 Fashion Diamondz |

These records are relevant because they establish the dates of the parties' copyright registration or recordation of transfer of various Bratz drawings and works. They fit within the exception provided by Federal Rule of Evidence 803(8) for public records or reports issued by public offices or agencies. Moreover, all of the records are self-authenticating under Federal Rule of Evidence 902(1) because they are domestic public documents under seal.

While the parties have disputed the veracity of statements made by each other in these registrations and recordations, those disputes are irrelevant to the admissibility of the public documents under seal listed above. Mattel is not seeking, at this time, to admit the registrations and recordations for the truth of the factual representations asserted by the parties therein. Instead, Mattel seeks to admit them as evidence establishing merely that the documents were in fact filed and recorded with the Copyright Office on the dates indicated by the Copyright Office—without the need to call a records custodian from the Copyright Office to testify to those ministerial acts. As to that, there is no legitimate dispute; they are properly admitted without extrinsic testimonial support as to their authenticity. The factual assertions made by the parties in the copyright registration certificates will be proven or disproven with independent admissible evidence.

**Argument**

**I. COPYRIGHT REGISTRATION CERTIFICATES AND CERTIFICATES OF RECORDATION ARE ADMISSIBLE UNDER THE PUBLIC RECORDS EXCEPTION TO THE HEARSAY RULE**

Federal Rule of Evidence 803(3) provides an exception to the hearsay rule for:

> Records, reports, statements, or data compilations, in any form, of public offices or agencies, setting forth (A) the activities of the office or agency, or (B) matters observed pursuant to duty imposed by law as to which matters there was a duty to report, excluding, however, in criminal cases matters observed by police officers and other law enforcement personnel, or (C) in civil actions and proceedings and against the Government in criminal cases, factual findings resulting from an investigation made pursuant to authority granted by law, unless the sources of information or other circumstances indicate lack of trustworthiness.

Copyright registration certificates and certificates of recordation issued by the U.S. Copyright Office constitute the types of records covered by Rule 803(8). Under the U.S. Copyright Act, the Copyright Office is required to "issue to [a copyright] applicant a certificate of registration under the seal of the Copyright Office" upon determination that the works sought to be registered are copyrightable matter. 17 U.S.C. § 410(a). The Act also provides that the Register of Copyrights shall issue certificates of recordation upon receipt of the required documentation and fee. 17 U.S.C. § 205(b). Thus, copyright registration certificates and certificates of recordation are records of "matters observed pursuant to duty imposed by law as to which matters there was a duty to report," and are admissible under Rule 803(8). See United States v. Taxe, 540 F.2d 961, 966 (9th Cir. 1976) (citing Fed. R. Evid. 803(8) and holding that "the admission of the [copyright registration] certificates . . . was proper"); Hughes v. United States, 953 F.2d 531, 539-540 (9th Cir. 1992) (holding that IRS Certificates of Assessments and Payments fell under the public records exception to the hearsay rule because they "qualify as '[r]ecords, reports, . . . or data compilations, in any form, of public offices or agencies, setting forth . . . matters observed pursuant to duty imposed by law as to which matters there was a duty to report'") (citing Fed. R. Evid. 803(8)); see also United States v. Anguiano, 1991 WL 27450, at *3 (9th Cir. March 5, 1991)

(holding that California DMV vehicle registration slips fall under the public records exception to the hearsay rule because "[t]he registration of automobiles is clearly a routine, non-adversarial activity of the Department of Motor Vehicles"); Lance v. Freddie Records, Inc., 1993 WL 58790, at *3 (5th Cir. Feb. 17, 1993) ("[t]he admission of the [copyright registration] certificate into evidence was not an abuse of the trial court's discretion" under Rules 803(8) and 902(1)); Eagle Rock Entm't, Inc. v. Coming Home Prods., Inc., 2004 WL 5642002, at *11 n.13 (C.D. Cal. Sept. 1, 2004) (admitting, under the public records exception to the hearsay rule, a printout from the Copyright Office's Registered Works Database, which showed defendant's copyright registration).

"When public records are presumed authentic and trustworthy, the burden of establishing a basis for exclusion falls on the opponent of the evidence." Johnson v. City of Pleasanton, 982 F.2d 350, 352 (9th Cir. 1992). MGA cannot carry its burden of demonstrating that these public records should not be admitted. See id. at 352-53 ("A party opposing the introduction of a public record bears the burden of coming forward with enough negative factors to persuade a court that a report should not be admitted. This rule is 'premised on the assumption that public officials perform their duties properly without motive or interest other than to submit accurate and fair reports.'") (internal citation omitted).

Notably, while these registrations and recordations contain statements made by both the registrants (Mattel and MGA) and the Copyright Office, the Court need not evaluate the truthfulness of the statements made by the parties to admit the documents. Mattel does not seek to admit these registrations and recordations to show the truth of the statements made by Mattel or MGA in them; in fact, Mattel has proven or will prove that many statements of purported fact made by MGA in its copyright registration certificates are false. However, regardless of the assertions made by the parties in the documents, the copyright registration certificates and certificates of recordation are authentic and trustworthy evidence *that the documents were in fact filed and recorded with the Copyright Office*. Mattel thus seeks, at this time, to admit these

documents only for the truth of the matters asserted by the government employees who signed them. There should be no need to subpoena a government employee to testify that (1) the attached copyright registration certificates are claims of copyright for titled works bearing particular registration numbers; (2) the attached certificates of recordation are claims of transfer of copyright filed and recorded on a particular date; and (3) the attached photocopies are true representations of works, copyright assignments, and/or notice of copyright assignments deposited in the Copyright Office on a particular date. Instead, the registrations showing these facts should be admitted as self-authenticating public documents.

## II. COPYRIGHT REGISTRATION CERTIFICATES AND CERTIFICATES OF RECORDATION ARE SELF-AUTHENTICATING

Federal Rule of Evidence 901 provides that documentary evidence must be verified as authentic before being admitted at trial. Rule 902 provides that certain documents are self-authenticating and thus need no extrinsic evidence establishing the document's authenticity. One category of self-authenticating documents is documents bearing an official signature under a government seal or a seal of any governmental office or agency. Fed. R. Evid. 902(1). Copyright registration certificates and certificates of recordation bearing a government seal and signature of a certifying officer, such as those identified in this case, are self-authenticating under Rule 902(1). See Hughes, 953 F.2d at 540 (holding that IRS Forms 4340 and 2866 are self-authenticating because "[a]s long as the document is under seal and bears an appropriate signature, Rule 902(1) is satisfied"); Siegel v. Warner Bros. Entm't Inc., 542 F.Supp.2d 1098, 1121 (C.D. Cal. 2008) (holding that copies of a copyright registration that "clearly reveal[] the seal issued by the United States Copyright Office, signed by the Register of Copyrights" are self-authenticating because "[u]nder Federal Rule of Evidence 902(1), a 'document bearing a seal purporting to be that of the United States . . . or of a . . . department, officer, or agency thereof,'" with "a signature

purporting to be an attestation or execution,' is considered self-authenticated"). Thus, there is no doubt as to the authenticity of these documents and they may be admitted without extrinsic evidence of their authenticity.

## Conclusion

For the foregoing reasons, under Rules 803(8) and 902(1), the parties' copyright registration certificates and certificates of recordation under seal should be admitted as evidence that the documents were in fact filed and recorded with the Copyright Office.

DATED: March 6, 2011  QUINN EMANUEL URQUHART & SULLIVAN, LLP

By /s/ Michael T. Zeller
Michael T. Zeller
Attorneys for Mattel, Inc.