ANNETTE L. HURST (State Bar No. 148738)
ahurst@orrick.com
WARRINGTON S. PARKER III (State Bar No. 148003)
wparker@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105
Telephone: 415-773-5700
Facsimile: 415-773-5759

WILLIAM A. MOLINSKI (State Bar No. 145186)
wmolinski@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA 90017
Telephone: 213-629-2020
Facsimile: 213-612-2499

THOMAS S. MCCONVILLE (State Bar No. 155905)
tmcconville@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
4 Park Plaza, Suite 1600
Irvine, CA 92614-2258
Tel: (949) 567-6700/Fax: (949) 567-6710

Attorneys for MGA Parties

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | Case No. CV 04-9049 DOC (RNBx)<br><br>Consolidated with Case No. CV 04-9059 and Case No. CV 05-2727<br><br>**MOTION TO EXCLUDE TESTIMONY FROM OMAR CAVASSUTO REGARDING ALLEGED MATTEL MEXICO TRADE SECRETS**<br><br>Date: TBD<br>Time: TBD<br>Dept: Courtroom 9D<br><br>Trial Date: January 18, 2011<br>Judge: Hon. David O. Carter |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that before the Honorable David O. Carter, located at 411 West Fourth Street, Room 1053, Santa Ana, California 92701, the MGA Parties will and hereby do this Court for an order excluding testimony by Omar Cavassuto regarding alleged Mattel trade secrets.

This Motion is made on the grounds that Mattel failed to disclose Mr. Cavassuto as a person with knowledge of facts relevant to this case in accordance with Rule 26 disclosure requirements, Mattel failed to disclose Mr. Cavassuto as a witness on this topic in a timely manner, Mattel failed to provide MGA with the exhibits on which it intends to examine Mr. Cavassuto in accordance with the Court's protocol.

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the exhibits attached hereto, all matters cited to herein and all other matters of which the Court may take judicial notice.

Dated: March 8, 2011              Respectfully submitted,

                                     ORRICK, HERRINGTON & SUTCLIFFE LLP

                                     By:    */s/ William A. Molinski*
                                              William A. Molinski
                                            Attorneys for MGA Parties

**ARGUMENT**

Mattel's sham-a-lam continues. On Thursday, February 3, 2011, Mattel stated that they would call Omar Cavassuto for the purpose of admitting a handful Mattel Mexico contract on which Mattel's damages expert, Michael Wagner, relies. Mattel then turned over witness binders, pursuant to the Court's trial protocol containing only those contracts. Further, the parties discussed how much time each side would take with the witness on Sunday, February 6, 2011, all based upon Mattel's representation that Mr. Cavassuto would be testifying regarding those specific Mattel Mexico contracts.

However, on the evening of February 7, 2011, the night before Mr. Cavassuto was to testify, Mattel changed its tune, claiming that Mr. Cavassuto would now testify about the value of all alleged Mattel Mexico trade secrets. To allow such testimony would be prejudicial and unfair. *Yeti by Molly Ltd. v. Outdoor Corp.*, 259 F.3d 1101, 1107 (2001) (holding that "the burden is on the party facing sanctions to prove harmlessness" and finding harm where party disclosed an expert witness, but not substance of expert's testimony, until a month before trial).

First, Mattel's witness list identifies the topic of Mr. Cavassuto's testimony to be "Machado's, Vargas', and Trueba's departures from Mattel Mexico." Ex. A (Dkt. No. 9627 (Mattel's January 11, 2011 Witness List) at p. 20). This topic cannot be stretched to include the purported value of dozens of claimed Mattel trade secrets relating to Mattel Servicios.

Second, even today, the day Mr. Cavassuto is expected to take the stand, Mattel has still failed to identify exactly which alleged trade secrets about which it intends to have Mr. Cavassuto testify. Mattel has produced no supplemental binders including these documents, has cleared no such documents with the Court, and has precluded MGA from preparing a cross-examination regarding those documents.

Finally, and most problematically, MGA was prevented from taking any

discovery regarding Mr. Cavassuto's knowledge regarding the alleged Mattel Servicios trade secrets. Mattel produced Keith Storie as a 30(b)(6) witness regarding its alleged Mattel Servicios trade secrets. To prepare himself to testify on this topic, Mr. Storie only spoke with Roberto Guzman, the marketing manager, and Roberto Isaias, the sales director, regarding the documents allegedly taken from Mattel Servicios. *See* Ex. B (Storie 30(b)(6) at 50:6-9, 50:19-51:2), Ex. C (Ex. 7261). Mr. Storie did not speak with Mr. Cavassuto, who is the finance director of Mattel Servicios, and there was no indication that Mr. Cavassuto had any knowledge of the claimed value of the marketing and sales documents allegedly taken by Machado. Not only has MGA not had any discovery on Mr. Cavassuto's personal knowledge regarding the alleged trade secrets, MGA cannot use any Mattel 30(b)(6) testimony to impeach Mr. Cavassuto's testimony on the stand. To permit such an end-run around discovery taken in this case would be unfair and prejudicial.

## CONCLUSION

MGA Parties respectfully request that Omar Cavassuto not be permitted to testify regarding the factual basis of Mattel's trade secret claims.

Dated: March 8, 2011          Respectfully submitted,

ORRICK, HERRINGTON & SUTCLIFFE LLP

By: _____*/s/ William A. Molinski*_____
William A. Molinski
Attorneys for MGA Parties