ANNETTE L. HURST (State Bar No. 148738)
ahurst@orrick.com
WARRINGTON S. PARKER III (State Bar No. 148003)
wparker@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105
Telephone: 415-773-5700
Facsimile: 415-773-5759

WILLIAM A. MOLINSKI (State Bar No. 145186)
wmolinski@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA 90017
Telephone: 213-629-2020
Facsimile: 213-612-2499

THOMAS S. MCCONVILLE (State Bar No. 155905)
tmcconville@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
4 Park Plaza, Suite 1600
Irvine, CA 92614-2258
Tel: (949) 567-6700/Fax: (949) 567-6710

Attorneys for MGA Parties

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | Case No. CV 04-9049 DOC (RNBx)<br>Consolidated with: Nos. CV 04-9059 and CV 05-2727<br><br>**MGA PARTIES' APPLICATION TO STRIKE DOCKET NOS. 9801, 9803, 9829, 10034**<br><br>Date: TBD<br>Time: TBD<br><br>Trial Date: January 11, 2011 |

**APPLICATION**

The MGA Parties hereby move for the following relief: that the Court order stricken Docket Nos. 9801, 9803, 9829, 10034 which are all "corrected" notices of compliance with this Court's February 1, 2011, resulting in the amendment of Mattel's trade secret claims during the actual trial of these claims.

As described herein, both MGA and Mattel were ordered by this Court to submit charts containing information about all of their alleged trade secrets in this case no later than February 4, 2011. However, despite this Court's deadline, Mattel submitted four "corrected" documents after the February 4, 2011 deadline, Docket Nos. 9801, 9803, 9829, and 10034, each of which has substantially changed its trade secret claims in this case *during the trial of those exact same claims*. By doing so, Mattel has frustrated this Court's order and has continued to make its trade secrets claims a moving target, also frustrating MGA's ability to defend against those claims.

Dated: March 8, 2011          Respectfully submitted,

                              ORRICK, HERRINGTON & SUTCLIFFE LLP


                              By:      */s/ William A. Molinski*
                                   WILLIAM A. MOLINSKI
                                   Attorneys for MGA Parties

## INTRODUCTION AND SUMMARY OF FACTS

At the outset of Mattel's case-in-chief, the Court ordered that both parties submit charts detailing their specific trade secrets still at issue in the case and how each of those trade secrets was allegedly infringed. These charts were due no later than February 4, 2011.

Mattel filed its first trade secret chart just as the clock struck midnight on February 4, 2011. *See* Dkt. No. 9800. Just a few hours later, Mattel started with its "corrected" charts, filing its first "corrected" charts in the wee hours on February 5, 2011. *See* Dkt. No. 9801. The following day, Mattel filed a second "corrected" set of charts. Dkt. No. 9803. After MGA filed a motion to confirm that several trade secrets had been dropped from the case by Mattel, Mattel filed yet a third "corrected" set of charts on February 8, 2011. Dkt. No. 9829. Then, nearly two weeks later, Mattel filed a "clarification" with the Court, allegedly further defining Mattel's claimed "Bratz" trade secrets. Dkt. No. 10034. All the while, MGA was trying to defend against Mattel's ever changing trade secret claims in the on-going jury trial.

## ARGUMENT

Mattel's "corrected" trade secret submissions should all be stricken as untimely and prejudicial. Mattel was ordered to provide the Court all information relating to its alleged trade secrets no later than February 4, 2011. All of Mattel's "corrected" trade secret charts and definitions, filed as late as February 20, 2011, are untimely under that order. *See* Dkt. Nos. 9801, 9803, 9829, 10034.

There can be no doubt that Mattel's attempts to mold its trade secrets claims during an on-going jury trial is prejudicial. The California legislature attempted to put a stop to such tactics when it enacted Section 2019.210 of the Code of Civil Procedure. Section 2019.210 requires the a party's trade secrets be identified *prior to discovery*, with the purpose of: (1) promoting well-investigated claims and dissuading the filing of meritless trade secret complaints; (2) preventing plaintiffs

from using the discovery process as a means to obtain the defendant's trade secret; (3) assisting the court in framing the appropriate scope of discovery and in determining whether plaintiff's discovery requests fall within that scope; and (4) enabling defendants to form complete and well-reasoned defenses. *Perlan Therapeutics, Inc. v. Superior Court*, 178 Cal. App. 4th 1333, 1343 (2009) (quoting *Advanced Modular Sputtering, Inc. v. Superior Court*, 132 Cal. App. 4th 826, 833-34 (2005)).

This fourth purpose – to enable the formation of complete and well reasoned defenses – is particularly important here. Mattel's continuing contouring of its trade secrets *during trial* prevents MGA from forming complete and well-reasoned defenses in front of the jury. Mattel has added trade secrets through it's "corrected" submissions. For example, the name "Jade" was not included as a trade secret claim at issue until the third corrected trade secret submission, nor was the concept for the theme "Swappin' Styles". *Compare* Dkt. Nos. 9801, 9803 *with* Dkt. No. 9829. Further, Mattel has redefined the exact substance of its other trade secret claims in its "corrected" submissions. For example, Mattel's February 20, 2011 submission gives further definition to the two different alleged "Bratz" trade secrets, originally included in the February 5, 2011 trade secret charts. As Mattel has changed not only the trade secrets at issue, but also the particular components of its alleged trade secrets throughout its "corrected" trade secret submissions, MGA has been unable to form complete and well-reasoned defenses to Mattel's trade secret claims.

///
///
///
///
///
///

## CONCLUSION

For these reasons, the MGA Parties request that Docket Numbers 9801, 9803, 9829, and 10034 be stricken.

Dated: March 8, 2011

Respectfully submitted,

ORRICK, HERRINGTON & SUTCLIFFE LLP

By: _/s/ William A. Molinski_
WILLIAM A. MOLINSKI
Attorneys for MGA Parties