**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

Case No. CV 04-9049 DOC (RNBx)                                      Date: March 8, 2011

Title: MATTEL, INC. v. MGA ENTERTAINMENT, INC.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Nancy Boehme | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFFS:            ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT                                                            NONE PRESENT

PROCEEDING (IN CHAMBERS): CIVIL MINUTES FOR MARCH 8, 2011 HEARING

  Following the dismissal of the jury, the Court held a hearing outside the presence of the jury and discussed three issues with counsel. The following is a summary of the Court's remarks, which can be found on the record:

  1. <u>Stipulations Concerning Previously Lodged Thumb Drives</u>: The parties have lodged electronic USB drives (or "thumb drives") with the Court in connection with their previously filed motions for summary judgment, and at various other times. Those submissions were frequently amended and many of the thumb drives were not clearly labeled. In order to ensure that the Court of Appeals receives accurate and well organized copies of all electronic materials lodged with this Court, the parties are ordered to meet and confer and discuss the joint lodging, with the Clerk, of an accurate, clearly labeled, well-organized, and complete collection of all thumb drives previously lodged (as courtesy copies) with the Court. The parties should prepare to lodge these materials immediately prior to the filing of any eventual Notice of Appeal.

  2. <u>Motions Filed Pursuant to Federal Rule of Civil Procedure 50</u>: The parties are instructed to lodge any courtesy copies of briefing and supporting materials on thumb drives; no hard copies shall be delivered to Chambers. To the extent MGA moves for judgment as a matter of law on the counterclaims for aiding and abetting

    breach of duty of loyalty and trade secret misappropriation, it is advised to discuss (1) the existence, if any, of a common law duty of loyalty owed by non-fiduciary employees in California; (2) any acts of trade secret misappropriation, whether suspected or actual, by Mattel employees who left for companies other than MGA during the relevant time period; and (3) whether the Copyright Act preempts only some, but not all, theories of liability under the California Uniform Trade Secrets Act.

3. <u>Mattel's Memorandum Concerning Court's Relation Back Ruling</u>: The parties were directed to the order granting in part and denying in part defendants' motion to dismiss in <u>Doe v. Corporation of the Presiding Bishop of the Church of Jesus Christ of Latter Day Saints</u>, No. 09-351 (D. Idaho) (Carter, J.), in connection with the issue of whether a single claim composed of several predicate acts can be separated for choice of law and statute of limitations purposes.  The Court noted that it will set a briefing schedule on the issue of whether Mattel's trade secret misappropriation counterclaim can and/or should relate, in whole or in part, to Mattel's 2004 Complaint against Carter Bryant.  However, the Court granted MGA leave to file a response to Mattel's March 7, 2011 memorandum, and further granted Mattel leave to file a reply to any MGA response.

The Clerk shall serve this minute order on all parties to the action.