QUINN EMANUEL URQUHART & SULLIVAN, LLP
  John B. Quinn (Bar No. 090378)
  (johnquinn@quinnemanuel.com)
  William C. Price (Bar No. 108542)
  (williamprice@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:  (213) 443-3000
Facsimile:   (213) 443-3100

Attorneys for Mattel, Inc., and Mattel de Mexico, S.A. de C.V.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation, and Mattel de Mexico, S.A. de C.V., a Mexico business entity,<br><br>Plaintiffs,<br><br>vs.<br><br>MGA ENTERTAINMENT, INC., a California corporation, et al.,<br><br>Defendants.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 DOC (RNBx)<br>Consolidated with<br>Case Nos. CV 04-09059 and CV 05-02727<br><br>MATTEL, INC.'S OPPOSITION TO THE MGA PARTIES' MOTION FOR RECONSIDERATION OF THE COURT'S SUMMARY JUDGMENT RULING REGARDING MGA'S SECTION 205(D) DEFENSE<br><br>Date:  TBD<br>Time:  TBD<br>Place:  Courtroom 9D<br><br>**Phase 2**<br>Pre-trial Conference:  January 4, 2011<br>Trial Date:  January 11, 2011 |

**Preliminary Statement**

With Mattel just days from resting its case-in-chief at trial, MGA moves for reconsideration of the Court's three-month old summary judgment ruling disposing of MGA's affirmative defense under 17 U.S.C. § 205(d), without any new facts or law, and based solely on the same arguments MGA raised at summary judgment. MGA's untimely re-hash of its prior arguments is not a proper basis for reconsideration. The motion should be denied on that ground alone.

Even if there were a proper basis for reconsideration, which there plainly is not, the Court should reaffirm its rejection of MGA's affirmative defense under 17 U.S.C. § 205(d) on the basis that MGA admittedly failed to record its purported transfer, as required by the statute. MGA offers no new authority that would undercut the basis for the Court's ruling; indeed, MGA does not cite a single authority in support of its substantive arguments. Lacking any authority, MGA invents an exception to the statute's recordation requirement by urging that its registrations of copyrights—as opposed to recordation of the purported transfer document—are sufficient. But as § 205(c)(2) makes clear on its face, registration is a statutory *prerequisite* to recordation. If MGA were correct that registration could substitute for recording, the recordation requirement itself would be superfluous. Thus, under elementary canons of statutory interpretation, MGA's supposed exception to the recordation requirement cannot be correct.

Under its faulty statutory interpretation, MGA argues that its registrations placed Mattel "on notice" of MGA's claim to ownership of Bratz—but that is irrelevant under § 205(d). As Mattel explained at summary judgment, § 205(d) concerns the rights of subsequent transferees (here, MGA) who record before the prior transferee and "*without notice of the earlier transfer*." Whether Mattel had notice of MGA's purported subsequent transfer has no bearing here. Nor does the Fox Corporation's recordation of its option from MGA have any relevance—Fox, not MGA, recorded the document, and it simply has nothing to do with recording

the purported transfer from Bryant to MGA, which *still* has never occurred and is the transaction that must be recorded under § 205(d).

MGA's argument that Mattel "opened the door" and the jury should decide whether MGA satisfied the recording requirement despite failing to record is frivolous. There is no factual issue. MGA failed to record, as required by the statute, and the statute's requirements, of course, are a legal question for the Court. Mattel has not and cannot open the door to a legally unavailable defense as to which the Court granted summary judgment, and it is not for the jury to accept or reject MGA's made-up exceptions to the statutory requirements. In any event, MGA's attempt to interject the defense at this late stage of the trial is untimely, and would unfairly prejudice Mattel. MGA's motion should be denied.

## Argument

### I.     MGA HAS NO BASIS FOR RECONSIDERATION

This is the second time MGA has moved for reconsideration of the Court's summary judgment ruling, raising the same arguments it made previously and offering no basis for reconsideration other than pure disagreement with the ruling. See Mattel's Opposition to MGA's Motion for Reconsideration of the Court's Summary Judgment Ruling Re Copyright Preemption, Dkt. No. 9952.

MGA itself has asserted previously that "[r]econsideration of a motion is an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources' and 'should not be granted, absent highly unusual circumstances.'"[1]  Under Local Rule 7-18, a motion for reconsideration is only proper where the moving party establishes:

---

[1] MGA Parties' Opposition to Mattel, Inc.'s 3/19/09 Motion for an Order Compelling Production of Communications Purportedly Made in Furtherance of Crimes and Frauds and as to which MGA Has Allegedly Waived Attorney-Client Privilege, dated March 25, 2009, Dkt. 5803 at 11 n.3.

(1) a "material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision";

(2) "the emergence of new material facts or a change of law occurring after the time of such decision"; or

(3) "a manifest showing of a failure to consider material facts presented to the Court before such decision." Local Rule 7-18.

MGA claims that "changed circumstances at trial" are also a basis for reconsideration (Opp. at 2), but the "[l]ocal rules have the 'force of law' and are binding upon the parties and upon the court, and a departure from local rules that affects 'substantial rights' requires reversal." Prof'l Programs Group v. Dep't of Commerce, 29 F.3d 1349, 1353 (9th Cir. 1994) (internal quotation omitted). Thus, a reconsideration motion that does not meet the above requirements should be denied. See, e.g., Rojo v. Bonnheim, 2009 WL 2382420, at *1 (C.D. Cal. July 30, 2009) (denying motion for reconsideration where motion "simply reasserts the same arguments raised" and "previously rejected by the Court"); Stewart v. Wachowski, 574 F. Supp. 2d 1074, 1122 (C.D. Cal. 2005) (denying motion for reconsideration where movant did not identify a "material factual or legal difference that she could not have discovered with due diligence prior to the date the court decided the motions for summary judgment"); U.S. ex rel. Holder v. Special Devices, Inc., 296 F. Supp. 2d 1167, 1168-69 (C.D. Cal. 2003) (similar).

MGA also cites School Dist. No. 1J, Multnomah County v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993), for the proposition that "changed circumstances at trial" can warrant reconsideration (Mot. at 2), but that case upheld a trial court's refusal to reconsider a ruling. And MGA never attempts to explain how "changed circumstances at trial" can allow it to rely on a legally unavailable defense. Mattel's questioning of witnesses on MGA's knowledge of Mattel's ownership of Bratz

cannot open the door to a statutory defense for which, as discussed below, MGA cannot possibly qualify. Moreover, Local Rule 7-18 provides that "[n]o motion for reconsideration shall in any manner repeat any oral or written argument made in support of . . . the original motion."[2] Yet that is precisely what MGA has done here.

MGA's reconsideration motion does not satisfy Local Rule 7-18 and should be denied on that basis alone.

## II. THE COURT CORRECTLY RULED THAT MGA CANNOT AVAIL ITSELF OF § 205(D) AS A MATTER OF LAW

Without offering any new argument or authority, MGA contends the Court erred in rejecting MGA's defense under § 205(d). But the plain language of the statute reveals MGA's errors.

### A. MGA's Mere Registration of Bryant's Works Cannot Satisfy 205(d)'s Requirement that the Work Also Be Recorded

As MGA admits, "section 205(d) lays out four elements required for a later transfer to prevail," the very first of which is "*recordation with the Copyright Office.*" Mot. at 2-3. MGA concedes it has never recorded the purported transfer from Bryant to MGA, and at summary judgment the Court correctly ruled that this defense failed as a matter of law because MGA "has never recorded." Dkt. No. 9600 at 118. The statute's recordation requirement is clear and cannot simply be ignored, as MGA would have it. See Boise Cascade Corp. v. U.S. E.P.A., 942 F.2d 1427, 1432 (9th Cir. 1991) ("Under accepted canons of statutory interpretation, we

---

[2] See also Welch v. Sisto, 2008 WL 4455842, at *1 (E.D. Cal. Oct. 3, 2008) ("A motion for reconsideration is not intended to be used to reiterate arguments, facts and law already presented to the court."); Swoopes v. Doctors Med. Center, 2007 WL 1518074, at *1 (N.D. Cal. May 21, 2007) ("A motion for reconsideration is not a vehicle permitting the unsuccessful party to reiterate arguments previously presented."); Motorola, Inc. v. J.B. Rodgers Mechanical Contractors, 215 F.R.D. 581, 586 (D. Ariz. 2003) (noting that "[a]lmost all of the local rules prohibit motions for reconsideration based on arguments already presented to and rejected by the court").

must interpret statutes as a whole, giving effect to each word and making every effort not to interpret a provision in a manner that renders other provisions of the same statute inconsistent, meaningless or superfluous.").

Section 205(d) provides that "[a]s between two conflicting transfers . . . the later transfer prevails *if recorded first . . . and* if taken in good faith for valuable consideration or on the basis of a binding promise to pay royalties, *and* without notice of the earlier transfer." 17 U.S.C. § 205(d) (emphases added). Because MGA never recorded its alleged transfer instrument—the Bryant/MGA agreement— it has no § 205(d) defense. Id.; see also 3 Nimmer on Copyright § 10.07[A][4] (under Section 205(d), "the prior transferee will be defeated only if the subsequent transfer is not only first recorded, but, further, the contents of such recorded transfer meet the specificity requirements of Section 205(c)(1), and at the time of such recordation there is a registration of the work which is the subject of transfer, as required by Section 205(c)(2)."); Peer Int'l Corp. v. Latin Am. Music Corp., 161 F. Supp. 2d 38, 48 (D. P.R. 2001) ("subsequent transferee must clear several hurdles to prevail," including duly recording transfer before prior transfer is recorded).

As it did at summary judgment, MGA attempts to evade this recordation requirement by claiming it suffices if Mattel had "notice" of MGA's purported transfer. Compare Mot. at 4 with MGA Summary Judgment Opp., Dkt. No. 9219, at 82 (both arguing that "constructive notice" is sufficient). But, in addition to being unsupported by authority, MGA's "notice" argument is literally backwards. The "notice" that is relevant under the statute is the notice of the *subsequent* transferee (here, MGA). See 17 U.S.C. § 205(d) ("the later transfer prevails if recorded first . . . and if taken . . . without notice of the earlier transfer"). The notice of Mattel, the earlier transferee, is irrelevant.

MGA erroneously claims that § 205(c) addresses whether "constructive notice is effective." Mot. at 4. In fact, § 205(c) is entitled "*Recordation* as Constructive Notice" and places additional limits on the type of recordation that is required to

satisfy § 205(d).  In addition to recording the transfer with the Copyright Office (which MGA failed to do here), § 205(c) *further* requires that (1) the recordation itself must "specifically identif[y] the work to which it pertains" *and* "(2) registration has been made for the work."  17 U.S.C. § 205(c); see also In re Peregrine Entm't, Ltd., 116 B.R. 194, 200 n.7 (C.D. Cal. 1990) (Kozinski, J., sitting by designation) ("For a recordation under section 205 to be effective as against third parties, the copyrighted work must *also* have been registered pursuant to 17 U.S.C. §§ 408, 409, 410.  See 17 U.S.C. § 205(c)(2).") (emphasis added).

     Ignoring this, MGA argues that because it merely registered its claimed copyrights, it need not have also recorded the transfer instrument.  Opp. at 4-5.  That is simply incorrect.  Section 205(c) explicitly distinguishes between registration and recordation, and *both* are required for a later transferee to have rights under Section 205(d).  See 17 U.S.C. § 205(d); 3 Nimmer on Copyright § 10.07[A][4] ("the prior transferee will be defeated only if the subsequent transfer *is not only first recorded*, but, further, the contents of such recorded transfer meet the specificity requirements of Section 205(c)(1), *and at the time of such recordation there is a registration of the work which is the subject of transfer,* as required by Section 205(c)(2).") (emphasis added).

     In fact, the statutory scheme makes clear that registration is a *prerequisite* to recordation, showing that they are not, as MGA now urges, in fact one and the same, such that registration is effective to do the work of recordation.  See 17 U.S.C. § 205(c)(2) ("recordation of a document" will qualify for protection under § 205(d) "*only if . . . registration has been made for the work.*").  See also Copyright Office Circular 12:  Recordation of Transfers and Other Documents, at 3 (discussing procedures for recording transfer of copyright or other "documents pertaining to a copyright" such as "[e]xclusive and nonexclusive licenses, contracts, mortgages, powers of attorney, certificates of change of corporate title, wills, and decrees of distribution").  If MGA's argument were correct, § 205(c)(2)'s requirement that

"registration has been made for the work" in order for a recordation to qualify would be rendered surplusage. Indeed, the bulk of § 205 as a whole, speaking as it does in terms of "recordation," not registration, would be rendered superfluous by MGA's argument. Section 205 is about recordation of transfers, while other statutes focus on registrations of copyrights such as those to which MGA points. See, e.g., 17 U.S.C. § 408. Reading the recordation of transfer requirements out of the Copyright Act altogether, as MGA seeks, is obviously not proper. See Boise, 942 F.2d at 1432 ("Under accepted canons of statutory interpretation, we must . . . mak[e] every effort not to interpret a provision in a manner that renders other provisions of the same statute inconsistent, meaningless or superfluous.").

Recordation of the transfer instrument in the manner required by the statutory scheme is required to raise a defense under § 205(d). MGA admits it has never recorded its claimed transfer instrument in any manner, let alone in the required manner. That is the end of the matter.

### B. A Third Party's Recordation of an Option Interest Cannot Satisfy MGA's Statutory Obligation to Record Its Purported Transfer

Seeking refuge in the passive voice, MGA vaguely claims it can avail itself of § 205(d) because "an assignment was recorded." Mot. at 5. That is false. No "assignment" of ownership has ever been recorded by anyone other than Mattel. MGA's claim is also misleading, because MGA has recorded *nothing*; rather, the Twentieth Century Fox Corporation recorded a document reflecting its option to purchase theatrical rights to Bratz. No transfer of ownership *to MGA* has ever been recorded, so by the plain terms of the statute MGA cannot prevail as the subsequent transferee who recorded first. MGA made this exact argument at summary judgment (see Dkt. No. 9219, at 83 (arguing that Twentieth Century Fox's recordation of its option from MGA satisfies MGA's obligation to record its transfer from Bryant)), and lost. As then, MGA has pointed to no authority that would permit it to rely on a third party's recordation of something *other* than a transfer of

ownership to MGA as a basis for invoking § 205(d), which requires recordation of the transfer to MGA itself.

### C. MGA's Estoppel Argument Lacks Any Foundation

In a confusing attempt to apply estoppel where it has no application, MGA argues that it should not be held to § 205(d)'s recordation requirement because Mattel had "actual knowledge" of Bryant's subsequent transfer to MGA when Mattel recorded its prior transfer in 2006. Mot. at 6-7. There is nothing "inconsistent" about enforcing the statute's requirements, on the one hand, and Mattel having notice of Bryant's purported subsequent transfer on the other hand. Rather, this argument seems to be another attempt by MGA to obscure its own status as the *subsequent* transferee. Under the statute, it is *MGA's* notice of Mattel's prior transfer that might have relevance (if MGA had met the threshold requirement of recordation). Mattel's notice of Bryant's *subsequent* purported transfer to MGA is irrelevant to the statute, and certainly not inconsistent with it. The issue here—and the basis for Mattel's summary judgment motion and the Court's summary judgment ruling—is that MGA failed to record its subsequent transfer. MGA is simply confusing two completely different issues.

Nor, for that matter, has Mattel ever argued, much less prevailed on, an issue that is "inconsistent" with enforcement of § 205(d)'s recordation requirement as MGA asserts. MGA has failed to demonstrate any basis for invoking estoppel.

### D. MGA's Attempt to Interject Its Failed Defense At This Late Stage Is Grossly Unfair to Mattel

The timing of MGA's attempt to revive its failed defense is highly suspect. The Court issued its amended summary judgment ruling over three months ago. Trial has been proceeding for nearly two months, and Mattel is approaching the end of its case-in-chief. MGA's lengthy delay in seeking reconsideration is made all the more improper by the lack of any new facts or law. MGA certainly did not need to wait three months to re-hash the exact arguments it made at summary judgment.

1  MGA's belated attempt to revive issues put to rest long before trial began and to
2  disturb the Court's prior ruling without offering any new evidence or law is unfairly
3  prejudicial to Mattel and should be rejected.

### Conclusion

For the foregoing reasons, Mattel respectfully requests that the Court deny MGA's Motion in its entirety.

DATED: March 9, 2011         QUINN EMANUEL URQUHART &
                             SULLIVAN, LLP

                             By /s/ John B. Quinn
                                John B. Quinn
                                Attorneys for Mattel, Inc.